**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| -------------------------------------------------------- x | Chapter 11 | |
| In re: | : | |
| | : | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, et al., | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Objections Due:  July 16, 2012 @ 4:00 p.m. (ET) |
| -------------------------------------------------------- x | | Hearing Date:  N/A |

**FORTY-FIRST MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MAY 1, 2012 THROUGH MAY 31, 2012**

| | |
|---|---|
| Name of Applicant: | Chadbourne & Parke LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | February 20, 2009, nunc pro tunc to December 18, 2008 |
| Period for Which Compensation and Reimbursement is Sought: | May 1, 2012 through May 31, 2012 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary | $270,154.00     (80% of $337,692.50) |
| Amount of Expense Reimbursement is Sought as Actual, Reasonable and Necessary: | $   4,191.40 |

This is a(n):     _x_ Monthly          ____ Interim          ____ Final Application

Prior Applications Filed:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved* | Expenses Approved |
|---|---|---|---|---|---|---|
| 2/25/2009 | 452 | 12/18/08 - 1/31/09 | $1,025,328.00 | $20,199.48 | $820,262.40 | $20,199.48 |
| 3/25/2009 | 809 | 2/1/09 - 2/28/09 | $642,734.00 | $42,979.74 | $514,187.20 | $42,979.74 |
| 4/25/2009 | 1087 | 3/1/09 - 3/31/09 | $663,569.50 | $12,315.26 | $530,855.60 | $12,315.26 |
| 5/26/2009 | 1239 | 4/1/09 - 4/30/09 | $515,864.50 | $8,352.11 | $412,691.60 | $8,352.11 |
| 6/26/2009 | 1649 | 5/1/09 - 5/31/09 | $582,143.25 | $31,011.71 | $465,714.60 | $31,011.71 |
| 7/27/2009 | 1832 | 6/1/09 - 6/30/09 | $726,009.50 | $32,090.07 | $580,807.60 | $32,090.07 |
| 8/25/2009 | 2009 | 7/1/09 - 7/31/09 | $1,453,980.25 | $37,749.39 | $1,163,184.20 | $37,749.39 |
| 9/25/2009 | 2232 | 8/1/09 - 8/31/09 | $1,450,944.50 | $52,216.32 | $1,160,755.60 | $52,216.32 |
| 10/26/2009 | 2430 | 9/1/09 - 9/30/09 | $1,418,350.00 | $40,049.24 | $1,134,680.00 | $40,049.24 |
| 11/25/2009 | 2634 | 10/1/09 - 10/31/09 | $1,670,709.75 | $25,752.36 | $1,336,567.80 | $25,752.36 |
| 12/28/2009 | 2937 | 11/1/09 - 11/30/09 | $1,461,754.00 | $99,575.80 | $1,169,403.20 | $99,575.80 |
| 1/25/2010 | 3197 | 12/1/09 - 12/31/09 | $1,519,536.50 | $72,274.74 | $1,215,629.20 | $72,274.74 |
| 2/25/2010 | 3534 | 1/1/10 - 1/31/10 | $1,960,664.50 | $71,749.46 | $1,568,531.60 | $71,749.46 |
| 3/26/2010 | 3865 | 2/1/10 - 2/28/10 | $1,516,158.50 | $90,806.96 | $1,212,926.80 | $90,806.96 |
| 4/26/2010 | 4160 | 3/1/10 - 3/31/10 | $1,494,305.50 | $110,300.89 | $1,195,444.40 | $110,300.89 |

| 5/25/2010 | 4601 | 4/1/10 - 4/30/10 | $918,260.75 | $59,270.50 | $734,608.60 | $59,270.50 |
| 6/25/2010 | 4882 | 5/1/10 - 5/31/10 | $1,331,321.00 | $57,905.29 | $1,065,056.80 | $57,905.29 |
| 7/26/2010 | 5120 | 6/1/10 - 6/30/10 | $1,228,244.00 | $63,110.06 | $982,595.20 | $63,110.06 |
| 8/25/2010 | 5502 | 7/1/10 - 7/31/10 | $1,442,097.00 | $22,233.25 | $1,153,677.60 | $22,233.25 |
| 9/30/2010 | 5849 | 8/1/10 - 8/31/10 | $1,612,125.00 | $121,365.68 | $1,289,700.00 | $121,365.68 |
| 10/25/2010 | 6112 | 9/1/10 - 9/30/10 | $1,519,380.00 | $16,739.39 | $1,215,504.00 | $16,739.39 |
| 11/30/2010 | 6671 | 10/1/10 - 10/30/10 | $1,867,308.75 | $109,128.64 | $1,493,847.00 | $109,128.64 |
| 12/28/2010 | 7332 | 11/1/10 - 11/30/10 | $1,818,619.00 | $296,306.43 | $1,454,895.20 | $296,306.43 |
| 1/28/2011 | 7654 | 12/1/10 - 12/31/10 | $1,337,478.25 | $99,960.19 | $1,069,982.60 | $99,960.19 |
| 2/28/2011 | 8200 | 1/1/11 - 1/31/11 | $2,743,375.25 | $371,451.84 | $2,194,700.20 | $371,451.84 |
| 4/11/2011 | 8615 | 2/1/11 - 2/28/11 | $2,888,765.25 | $162,972.56 | $2,311,012.20 | $162,972.56 |
| 5/5/2011 | 8833 | 3/1/11 - 3/31/11 | $2,499,191.25 | $205,378.89 | $1,999,353.00 | $205,378.89 |
| 6/1/2011 | 9030 | 4/1/11 - 4/30/11 | $1,258,414.50 | $182,352.51 | $1,006,731.60 | $182,352.51 |
| 6/29/2011 | 9381 | 5/1/11 - 5/31/11 | $965,916.25 | $85,787.61 | $772,733.00 | $85,787.61 |
| 7/28/2011 | 9561 | 6/1/11 - 6/30/11 | $728,870.75 | $64,140.29 | $583,096.60 | $64,140.29 |
| 8/25/2011 | 9701 | 7/1/11 - 7/31/11 | $456,759.50 | $60,498.38 | $365,407.60 | $60,498.38 |

| 9/28/2011 | 9840 | 8/1/11 - 8/31/11 | $616,725.50 | $85,166.86 | $493,380.40 | $85,166.86 |
|---|---|---|---|---|---|---|
| 10/25/11 | 10064 | 9/1/11 - 9/30/11 | $450,088.50 | $56,800.73 | $360,070.80 | $56,800.73 |
| 11/23/11 | 10291 | 10/1/11 - 10/31/11 | $402,271.75 | $62,868.51 | $321,774.20 | $62,868.51 |
| 12/27/11 | 10511 | 11/1/11 - 11/30/11 | $676,518.00 | $34,425.04 | $541,214.40 | $34,425.04 |
| 1/31/12 | 10772 | 12/1/11 - 12/31/11 | $452,819.75 | $38,756.34 | $362,255.80 | $38,756.34 |
| 2/27/12 | 11023 | 1/1/12 - 1/31/12 | $547,104.00 | $9,615.03 | $437,683.20 | $9,615.03 |
| 3/27/12 | 11240 | 2/1/12 - 2/29/12 | $644,199.25 | $9,936.28 | $515,420.40 | $9,936.28 |
| 4/26/12 | 11476 | 3/1/12 - 3/31/12 | $592,148.75 | $28,148.76 | $473,719.00 | $28,148.76 |
| 5/25/12 | 11695 | 4/1/12 - 4/30/12 | $315,426.75 | $12,357.38 | $252,341.40 | $12,357.38 |

*Monthly approved fees are subject to holdbacks which were to be reviewed by the Bankruptcy Court following the completion of each quarterly fee application.  Such holdbacks have been reviewed and approved for payment by the Bankruptcy Court as set forth below:

| Interim Fee Period | Dates Covered by Interim Fee Period | Bankruptcy Court Approval Date | Amount Approved |
|---|---|---|---|
| 1 | December 18, 2008 through February 28, 2009 | December 14, 2009 | $326,196.76 |
| 2 | March 1, 2009 through May 31, 2009 | May 18, 2010 | 344,7890.61 |
| 3 | June 1, 2009 through August 31, 2009 | October 22, 2010 | $707,644.89 |
| 4 | September 1, 2009 through November 30, 2009 | August 24, 2011 | $883,274.78 |
| 5 | December 1, 2009 through February 28, 2010 | October 19, 2011 | $966,056.61 |
| 6 | March 1, 2010 through May 31, 2010 | December 12, 2011 | $737,989.71 |
| 7 | June 1, 2010 through August 31, 2010 | February 15, 2012 | $846,680.80 |
| 8 | September 1, 2010 through November 30, 2010 | April 24, 2012 | $1,024,183.85 |

# TRIBUNE COMPANY, et al.

## SUMMARY OF HOURS

### May 1, 2012 through May 31, 2012

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2012 HOURLY RATE | TOTAL HOURS | TOTAL |
|------|------------|-------------------|------------------|-------------|-------|
| **Partner*** | | | | | |
| Howard Seife (1997) | Bankruptcy and Financial Restructuring | 1979 (NY) | $995 | 22.70 | $ 22,586.50 |
| Richard M. Leder (1998) | Tax | 1962 (NY) | $995 | 0.70 | 696.50 |
| David M. LeMay (2001) | Bankruptcy and Financial Restructuring | 1982 (NY) | 925 | 65.10 | 60,217.50 |
| Thomas J. McCormack (1992) | Litigation | 1983 (NY) | 875 | 8.30 | 7,262.50 |
| Sey-Hyo Lee (2000) | Corporate | 1992 (NY) 1994 (DC) | 795 | 0.80 | 636.00 |
| Douglas E. Deutsch (2009) | Bankruptcy and Financial Restructuring | 1997 (NY) | 745 | 57.20 | 42,614.00 |
| Andrew Rosenblatt (2009) | Bankruptcy and Financial Restructuring | 1998 (NY) | 745 | 60.20 | 44,849.00 |
| Scott Berson (2004) | Corporate | 1996 (NY) | 745 | 11.40 | 8,493.00 |
| David Gallai (2008) | Employee Benefits | 2000 (NY) | 705 | 0.90 | 634.50 |
| | | | | | |
| **Counsel:** | | | | | |
| Mark D. Ashley | Litigation | 1995 (NY) | 695 | 31.40 | 21,823.00 |
| Christy L. Rivera | Bankruptcy and Financial Restructuring | 2002 (NY) | 665 | 27.50 | 18,287.50 |
| James A. Stenger | Communications & Technology | 1978 (DC) | 645 | 4.90 | 3,160.50 |
| | | | | | |

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2012 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| **Associate:** | | | | | |
| Young Yoo | Bankruptcy & Financial Restructuring | 2009 (NY) | 565 | 1.70 | 960.50 |
| Eric Daucher | Bankruptcy & Financial Restructuring | 2010 (NY) | 495 | 36.20 | 17,919.00 |
| Marc Roitman | Bankruptcy & Financial Restructuring | 2010 (NY) | 495 | 78.00 | 38,808.00 |
| Michael Distefano | Bankruptcy & Financial Restructuring | 2011 (NY) | 435 | 37.40 | 16,269.00 |
| Jessica Marrero | Bankruptcy & Financial Restructuring | 2011 (NY) | 435 | 37.90 | 16,486.50 |
| | | | | | |
| **Paraprofessionals:** | | | | | |
| David Bava | Bankruptcy & Financial Restructuring | n/a | 295 | 25.90 | 7,640.50 |
| Helen M. Lamb | Bankruptcy and Financial Restructuring | n/a | 295 | 28.30 | 8,348.50 |
| | | | | | |
| **TOTAL:** | | | | **536.90** | **$337,692.50** |

BLENDED RATE:     $628.97

---

\* Includes year elected Partner at firm or joined firm as Partner.

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ------------------------------------------------------ x | Chapter 11 |
| In re: | : |
| | : Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, et al., | : |
| | : Jointly Administered |
| Debtors. | : |
| | : Objections Due: July 16, 2012 |
| | : @ 4:00 p.m.(ET) |
| ------------------------------------------------------ x | Hearing Date:  N/A |

## FORTY-FIRST MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MAY 1, 2012 THROUGH MAY 31, 2012

Chadbourne & Parke LLP ("Chadbourne"), as co-counsel to the Official Committee of Unsecured Creditors (the "Committee") of Tribune Company et al. (collectively, the "Debtors"), hereby submits this Application (the "Application") for approval and allowance of compensation for services rendered in the amount of $337,692.50 (80% of which equals $270,154.00) and reimbursement of expenses incurred in the amount of $4,191.40 during the period commencing May 1, 2012 through and including May 31, 2012 (the "Application Period").  This Application is submitted pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order").  In support of the Application, Chadbourne respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and

1334.  Venue of this proceeding and this Application is proper in this district pursuant to 28

U.S.C. §§ 1408 and 1409.

2.      The statutory bases for relief requested herein are Sections 105(a), 330, 331 and

1103(a) of the Bankruptcy Code.

## BACKGROUND

3.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy

Court for the District of Delaware (the "Bankruptcy Court").  On December 10, 2008, the

Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural

purposes only.

4.      The Debtors have continued in possession of their respective properties and have

continued to operate and maintain their businesses as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

5.      On December 18, 2009, the Office of the United States Trustee appointed the

Committee pursuant to section 1102 of the Bankruptcy Code.

6.      On February 20, 2009, the Bankruptcy Court authorized the employment and

retention of Chadbourne as co-counsel for the Committee, nunc pro tunc to December 18, 2008.

7.      On May 10, 2010, the Bankruptcy Court authorized the appointment of Kenneth

N. Klee, Esquire as Examiner in these Chapter 11 cases.

8.      Plan confirmation hearings for both the DCL Plan and the Noteholder Plan[1]

commenced on March 7, 2011 and continued daily through March 18, 2011.  The next phase of

the confirmation hearings -- which included rebuttal witnesses, non-proponent objections to the

DCL and the Noteholder Plans and certain legal arguments -- resumed on April 12, 2011 and

concluded on April 14, 2011.  Closing confirmation arguments were held on June 27, 2011.

9.      On October 31, 2011, the Court entered its Opinion on Confirmation denying both

the DCL Plan and the Noteholder Plan.  The Opinion noted, however, that should the

proponents of both the DCL Plan and the Noteholder Plan seek to address the flaws identified

by the Court in the Opinion and resubmit otherwise confirmable plans, the Court would be

required to select one plan to confirm.  See Section 1129(c).  The Court stated that, given those

options, it would select the DCL Plan.

10.     On April 17, 2012, the proponents of the DCL Plan filed their Fourth Amended

Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (the "Fourth Amended

DCL Plan").  A hearing on confirmation of the Fourth Amended DCL Plan was held on June 7,

2012 and concluded on June 8, 2012.

---

[1]     The DCL Plan is supported by the Debtors, the Official Committee of Unsecured Creditors, Oaktree
Capital Management, Angelo, Gordon & Co., and JPMorgan Chase Bank (the "DCL Plan
Proponents").  The Noteholder Plan is supported by Aurelius Capital Management, Deutsche Bank
Trust Company Americas, Law Debenture Trust Company of New York and Wilmington Trust
Company (the "Noteholder Plan Proponents").

## COMPENSATION PAID AND ITS SOURCES

11.    All services for which compensation is requested by Chadbourne were performed for or on behalf of the Committee.

12.    During the Application Period, Chadbourne has received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between Chadbourne and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

## FEE STATEMENTS

13.    The fee statement for the Application Period is attached hereto as Exhibit A.  This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period.  To the best of Chadbourne's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2 (the "Guidelines"), and the Compensation Order.

## SUMMARY OF SERVICES

14.    As set forth in the detailed statement of fees attached hereto as Exhibit A, fees incurred by Chadbourne during the Application Period total $337,692.50.  The services rendered by Chadbourne during the Application Period are grouped into specific project categories as set forth in Exhibit A.  The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category.

4

15.    The following is a summary of the activities performed by Chadbourne attorneys and paraprofessionals during the Application Period, organized by project category.

A.    **Bankruptcy General (Matter 002)**

Fees:  $11,042.50          Total Hours:    26.10

16.    During the Application Period, Chadbourne devoted numerous hours to the fulfillment of its professional duties and responsibilities in connection with the administration of these Chapter 11 cases including: (i) meetings with and addressing the inquiries of the Debtors and the Debtors' professionals, other Committee professionals, the United States Trustee and other parties in interest in these cases; (ii) monitoring of incoming correspondence, pleadings, and dockets; (iii) preparing for and attending various omnibus hearings and court conferences on behalf of the Committee; and (iv) disseminating information to the Committee and other various parties-in-interest.  Also, Chadbourne established and maintains an Intralinks account in order to provide a repository for memoranda and pleadings readily accessible by members of the Committee.

17.    Chadbourne's paraprofessionals have also been required to monitor and retrieve all newly filed pleadings from the Bankruptcy Court's docket, prepare and distribute daily status reports, maintain a current case calendar and post Committee-related pleadings and memoranda to Intralinks.  Chadbourne's paraprofessionals supervise the internal management of documents and the distribution of documents both to the professionals at Chadbourne and to the members of the Committee, coordinate receipt of pleadings, correspondence and other documents, assist attorneys in preparation of papers for electronic filing, and respond to third-party requests for documents.

5

**B.**    **Committee Meetings (Matter 003)**

    Fees:  $21,240.50        Total Hours:    32.70

18.    Regular meetings of the Committee (the "Committee Meetings") were held during the Application Period to review the numerous issues regarding the administration of the Debtors' Chapter 11 cases and keep the Committee apprised and updated with respect to key issues.   In particular, the Committee and its professionals continued to review and address pending motions, litigation matters, and provide updates and discuss strategies on the plan confirmation proceedings.

19.    Committee Meetings continue to be the most effective and efficient way of providing a forum for Committee members to express their views and to ensure that all members of the Committee are kept informed of the events occurring in the Debtors' Chapter 11 cases.  Further, minutes are recorded at each Committee Meeting to provide an official record of those meetings.  Chadbourne attorneys prepared for these meetings and spent time, among other things, reviewing materials and drafting agendas, preparing presentation materials, conducting the meetings, and drafting meeting minutes.

**C.**    **Creditor Communications (Matter 004)**

    Fees:  $2,355.00        Total Hours:  4.00

20.    Chadbourne, as counsel to the Committee, is the focal point for creditor inquiries. During the Application Period, Chadbourne attorneys reviewed and responded to inquiries received from unsecured creditors and participated in telephone conferences with members of the Committee to discuss open issues and developments in the Debtors' cases.

D.    **Business Operations (Matter 007)**

      Fees: $10,050.00        Total Hours:  15.00

21.     During the Application Period, professionals from Chadbourne's Communications Media and Technology ("CMT") Group were further engaged in reviewing and addressing issues regarding the FCC exit application process.  Chadbourne's CMT attorneys continued to review, research and comment on amendments to the Debtors' proposed FCC exit applications.  In connection therewith, Chadbourne participated in various conferences with the Debtors' FCC counsel regarding related FCC exit matters.

22.     During the Application Period, Chadbourne attorneys expended time reviewing and analyzing the Debtors' motion to dismiss the Chapter 11 case of Publishers Forest Products Co. of Washington.  Chadbourne also consulted with the Committee's financial advisors regarding their analysis of the facts and the relief sought by the Debtors.  Chadbourne summarized its analysis and recommendations in a written report to the Committee.

23.     In addition, Chadbourne also continued to review weekly operations and financial reports prepared by the Committee's financial advisors.

E.    **Claims Administration/Bar Date (Matter 009)**

      Fees: $14,887.00        Total Hours:  31.80

24.     During the Application Period, Chadbourne continued to expend efforts in connection with the disposition of claims.  Efforts included review of a proposed stipulation between the Debtors and certain retiree claimants (the "Retirees") regarding treatment of

7

additional retiree claims consistent with the terms of the Stipulation Between Debtors and

Retiree Claimants Settling and Allowing Claims, which is embodied in the DCL Plan.

Chadbourne participated in discussions with counsel to the Retirees regarding the facts and

terms of the proposed stipulation and consulted with the Committee's financial advisors

regarding their analysis of the proposed terms.  Chadbourne summarized its analysis in a

detailed report which was subsequently reviewed and discussed with the Committee at a

Committee meeting.

25.    During the Application Period, Chadbourne attorneys expended further time in

reviewing the Debtors' efforts to settle certain claims brought against the Debtors.  In particular,

this work included review and analysis of proposed settlements with Crown Equipment Corp.,

Iron Mountain Information Mgmt. , and Scarborough Research Corp.   Chadbourne preformed a

review of the facts and details of each proposed settlement and consulted with the Committee's

financial advisors regarding their analysis of each settlement.  Chadbourne then summarized its

analyses and recommendations in a memorandum to the Committee.

F.    **Fee/Retention Applications (Matter 010)**

    Fees:  $38,722.00        Total Hours:  85.00

26.    Chadbourne expended further time during the Application Period in compliance

with the Bankruptcy Court's fee procedures in these cases.  Efforts included preparing and filing

Chadbourne's fortieth monthly fee application.  In addition, Chadbourne reviewed and analyzed

quarterly fee applications for the thirteenth interim fee period for all case professionals in these

Chapter 11 cases and prepared a summary analysis for review by the Committee.

27.     During the Application Period, Chadbourne spent considerable time reviewing and analyzing the Fee Examiner's preliminary report concerning Chadbourne's tenth interim fee application and performed related research.  Chadbourne prepared, finalized and submitted a response to address the concerns raised in the Fee Examiner's report.  In addition, Chadbourne reviewed issues raised by the Fee Examiner in connection with Chadbourne's response to the Fee Examiner's preliminary report on Chadbourne's ninth interim fee application and participated in a discussion with the Fee Examiner to address and resolve those concerns.

28.     In continuance of an ongoing process, Chadbourne also expended time on the treatment of ordinary course professionals.  These efforts included the review and analysis of filed affidavits to ensure qualification criteria were satisfied and the monitoring of related spending and monthly fee caps.

**G.     Avoidance Issues (Matter 013)**

Fees:  $2,213.00          Total Hours:  3.40

29.     During the Application Period, Chadbourne attorneys were engaged with follow-up related to the Committee's pending stayed Preference Actions against the Debtors' professionals and certain officers and directors of the Debtors.  Efforts included review of expiring tolling agreements with certain of the Debtors' professionals and conferences with the Committee's co-counsel and Debtors' counsel to coordinate efforts to obtain extensions of those tolling agreements.  In connection therewith, Chadbourne collaborated with the Committee's co-counsel on preparation of a further motion to extend time to effect service.

**H.    Employee Issues (Matter 014)**

Fees:  $16,107.00          Total Hours:  28.20

30.    During the Application Period, Chadbourne attorneys continued to prepare for the hearing on the Debtors' motion for approval of a Management Incentive Plan (the "MIP") for 2012.  Ultimately, the 2012 MIP, which was supported by the Committee, was not objected to by any parties.  An order approving the MIP was therefore entered by the Court on May 4, 2012 on a certification of no objection.

31.    During this time, Chadbourne attorneys were engaged in reviewing two draft motions, one drafted by the Debtors and the other drafted by certain former officers.  The motions seek payment of 2010 MIP awards to five officers who were previously excluded from the 2010 MIP.  The motions request that the payments be made to fund rabbi trusts, on similar terms as the payment of the 2011 and 2012 MIPs to certain Tribune officers.  Chadbourne reviewed and analyzed the relief sought in the motions and consulted with the Committee's financial advisors regarding their analysis of 2010 MIP requests.  Chadbourne summarized its analysis in a detailed memorandum which as discussed with the Committee during a Committee meeting.

10

I.      **Shareholder Claims (Matter 020)**

   Fees:  $13,763.00   Total Hours:  20.80

  32.  During the Application Period, Chadbourne attorneys continued to be engaged in reviewing and responding to developments in the multidistrict litigation which consolidated and transferred the state law constructive fraudulent conveyance lawsuits filed by the Retirees[2] and the Noteholders[3] to the Southern District of New York (*In re Tribune Company Fraudulent Conveyance Litigation*), Master Case No. 12-2296 (S.D.N.Y) (the "MDL Actions").

  33.  During this time, Chadbourne attorneys continued to review and address pending issues in connection with the *FitzSimons* action.  Efforts included continued collaboration with the Committee's co-counsel on preparation of the Committee's motion to dismiss certain claims against defendant shareholders in connection with the *FitzSimons* action.  In addition, as the effort continues to identify further potential defendants in that action, Chadbourne worked with the Committee's co-counsel on preparation of a motion to further extend time to effectuate service on those parties.

---

[2] The Retiree plaintiffs are retirees of The Times Mirror Company, Tribune Company, and/or one or more of 110 affiliates or subsidiaries of Tribune Company.

[3] The named Noteholder plaintiffs are Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of Senior Notes, Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for certain series of Senior Notes, and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes.

**J.**    **Plan Litigation (Matter 021)**

      Fees:  $207,312.50          Total Hours:  289.90

     34.    During the Application Period, Chadbourne attorneys were substantially engaged in preparing for the confirmation hearing scheduled to commence on June 7, 2011.  Chadbourne attorneys participated in frequent meetings and discussions with the Committee's co-counsel and the DCL Plan Proponents regarding case strategy.

     35.    Chadbourne attorneys continued to spend substantial time on reviewing, revising and commenting on numerous iterations of the various plan supplement documents.  In particular, Chadbourne's team of professionals continued to review and research various legal and factual issues raised by the various Litigation Trust agreements and drafted amendments to address those issues.

     36.    In accordance with the Court's confirmation briefing schedule, Chadbourne attorneys, on behalf of the Committee, collaborated with the DCL Plan Proponents on preparation of a joint brief in support of confirmation of the Fourth Amended DCL Plan (the "Confirmation Brief") as well as proposed findings of fact and conclusions of law. Chadbourne's team of professionals researched and drafted specific sections of the briefs and also reviewed and commented on sections of the drafts prepared by the other DCL Plan Proponents.  During this time, various parties-in-interest filed objections to the Fourth Amended DCL Plan.  Chadbourne attorneys reviewed, analyzed and summarized the objections for the Committee's review.  In connection therewith, Chadbourne participated in discussions with the other DCL Plan Proponents regarding proposed modifications to the Fourth Amended DCL Plan to address the various objections raised by the objecting parties.  As part of this

process, with a view of minimizing the number of contested issues to be addressed at the confirmation hearing, the DCL Plan Proponents participated in negotiations with the objecting parties in an effort to reach consensual resolution on the various confirmation objections. Accordingly, Chadbourne attorneys researched, drafted and commented on various further amendments to the Fourth Amended DCL Plan. Chadbourne expended time in response to a Noteholder objection regarding a specific plan provision regarding reimbursement of certain professional fees and expenses. Chadbourne analyzed and researched the issue and prepared a detailed summary and proposed plan modification for the Committee's review. Ultimately, the DCL Plan Proponents addressed the confirmation objections in the Confirmation Brief.

37.    During the Application Period, Chadbourne continued to review and monitor the tabulation of votes. On May 29, 2012, the voting agent filed the tabulation of votes on the Fourth Amended DCL Plan. Chadbourne attorneys prepared a summary analysis of the voting results for review by the Committee.

## ACTUAL AND NECESSARY EXPENSES

38.    A summary of the actual and necessary expenses and daily logs of expenses incurred by Chadbourne during the Application Period in the amount of $4,191.40 is attached hereto as Exhibit B. Chadbourne's standard charge for photocopies is $0.20/per page. For purposes of these Chapter 11 cases, the firm has reduced this charge to $0.10/per page. Chadbourne customarily charges its clients $1.25/per page for out-going facsimile transmissions. For purposes of these cases, the firm has reduced this charge to $1.00/per page.

39.    Due to the national nature of the Debtors' business and the Committee's participation in weekly meetings by telephone, long distance telephone and conference call

services have been required.  In accordance with the Guidelines, in seeking reimbursement for long distance telephone charges, Chadbourne currently charges clients its approximate actual cost paid to its long distance carriers.  Chadbourne utilizes outside vendors for conference call services and requests reimbursement only for the amount billed to Chadbourne by the third-party vendors.

40.    With respect to legal research expenses, Chadbourne has entered into flat-fee contracts with Lexis/Nexis and Westlaw for the provision of online research services.  In order to determine charges to individual clients, the flat fees charged to Chadbourne by Lexis/Nexis and Westlaw are allocated among those clients based on the actual number and scope of searches conducted on behalf of those clients.

41.    The category of meal expenses represents (i) reimbursement of reasonable costs of meals of those Chadbourne attorneys and other employees who worked late into the evenings or on weekends and while travelling (which is consistent with firm policy) and (ii) the catering costs in connection with in-person Committee meetings, settlement meetings and depositions hosted by Chadbourne in which breakfast, lunch and/or other refreshments were served.

42.    In order to meet deadlines and satisfy the demands of these cases, attorneys and other employees of Chadbourne were required to work late in the evenings or on weekends. Consistent with firm policy, reasonable transportation costs were reimbursed as well as paraprofessional overtime.

**VALUATION OF SERVICES**

43.    Attorneys and paraprofessionals of Chadbourne have expended a total of 536.90 hours in connection with the matter during the Application Period.  The nature of the work

14

performed by these persons is fully set forth on Exhibit A attached hereto. These are Chadbourne's normal hourly rates for work of this character. The reasonable value of services rendered by Chadbourne to the Committee during the Application Period is $337,692.50.

44.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed prior to the preparation of this Application, Chadbourne reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

45.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Chadbourne is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, Chadbourne has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Chadbourne respectfully requests that this Court authorize that an allowance be made to Chadbourne pursuant to the terms of the Compensation Order for the period May 1, 2012 through May 31, 2012:  (a) authorizing compensation in the amount of $337,692.50 (80% of which equals $270,154.00) for professional services rendered and reimbursement of expenses incurred in connection therewith in the amount of $4,191.40, for a total of $341,883.90; (b) authorizing and directing the Debtors to remit payment to Chadbourne as set forth herein; and (c) granting such other and further relief as this Court deems just and proper.

Dated:    June 25, 2012
          New York, New York

CHADBOURNE & PARKE LLP

By: _____
     Douglas E. Deutsch
     (A Member of the Firm)

Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, New York  10112
(212) 408-5100

Co-Counsel to The Official Committee of
Unsecured Tribune Company, et al.

16

## VERIFICATION

STATE OF NEW YORK    :
                            : ss:

COUNTY OF NEW YORK  :

Douglas E. Deutsch, after being duly sworn according to law, deposes and says:

(a)     I am a partner with the applicant firm, Chadbourne & Parke LLP, and have been admitted to the bar of the State of New York since 1997.

(b)     I am familiar with the work performed on behalf of the Committee by the lawyers in the firm.

(c)     I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. L.R. 2016-2 and submit that the Application substantially complies with such order.

_____
Douglas E. Deutsch

Sworn to before me this
25th day of June 2012

_____
Francisco Vazquez
Notary Public, State of New York
No. 31-6013920
Qualified in New York County
Commission Expires December 27, 2014

CPAM: 4735671.2