**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**FEE EXAMINER'S FINAL REPORT REGARDING THE**
**TENTH QUARTERLY APPLICATION OF JENNER & BLOCK LLP**

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Tenth Quarterly Application of Jenner & Block LLP* [Docket No. 9472] (the "**Fee Application**"). The Fee Application seeks

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (8167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

approval of fees that total $178,556.00 and reimbursement of expenses that total $7,783.24 for

the period from March 1, 2011 through May 31, 2011. Jenner & Block LLP ("**Jenner**") serves

as special counsel to the Debtors for certain litigation matters.

## Background

1.     On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed

subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each filed a

voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Under this Court's *Order*

*Directing Joint Administration Chapter 11 Cases* dated December 10, 2009 [Docket No. 43],

these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

2.     On December 26, 2008, the Debtors filed the *Application for an Order*

*Authorizing Debtors and Debtors in Possession to Retain Jenner & Block LLP as Special*

*Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro*

*Tunc to the Petition Date* [Docket No. 142] (the "**Retention Application**"). By order dated

February 20, 2009, this Court approved the Retention Application (the "**Initial Retention**

**Order**").

3.     On April 28, 2009, the Court entered an Order (the "**Supplemental Retention**

**Order**") [Docket No. 1097] approving the *Debtors' Supplemental Application for an Order*

*Expanding the Scope of the Retention of Jenner & Block LLP as Special Counsel for Certain*

*Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to March 5, 2009*

(the "**Supplemental Retention Application**"). The Supplemental Retention Application sought

clarification of the scope of Jenner's representation to allow Jenner to assist the Debtors with

responding to a subpoena issued by the Department of Labor on March 2, 2009. Jenner

continues to advise and assist the Debtors in connection with the DOL inquiry.

4.      Jenner submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

## Applicable Standards

5.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

6.      The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**").  In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

7.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A).*  In evaluating the amount of reasonable compensation to be awarded, "the court

shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

8.      A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred.  A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules.  Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application.  A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

9.      The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Supplemental Retention Application, the Supplemental Retention Order, the Interim Compensation Order, and all related filings, and provided a Preliminary Report to Jenner for review and comment.  Jenner provided a written response to the Fee Examiner.  After evaluation of the additional information provided by

Jenner, the Fee Examiner submits this Final Report for the Court's consideration.  This Final Report is in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of the applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and will also inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

## DISCUSSION OF FINDINGS

### Technical Requirements

10.    **Reconciliation of Fees and Expenses.**  The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application (**"Fees Requested"** and **"Expenses Requested"**) to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm (**"Fees Computed"** and **"Expenses Computed"**).  The Fee Examiner determined that the Fees Requested exceeded the Fees Computed by $205.00, resulting in an apparent overcharge.  The discrepancy is the result of task hours within several entries that do not equal the time billed for the entry as a whole, which was displayed in **Exhibit A** to the Preliminary Report.  In response to the initial report, Jenner agreed with the discrepancy and agreed to reduce its fees in an amount of $205.00.  Exhibit A is omitted from the report.

The Fee Examiner further determined that there was no discrepancy between the Expenses Requested and the Expenses Computed.  The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

11.    **Block Billing.**  The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment."

*Local Rule 2016-2(d)(vii).* The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[2] With minimal exceptions, Jenner did not block bill time entries.

12.    **Time Increments.** The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv).* The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines* ¶(b)(4)(v). Jenner timekeepers recorded their time in one-tenth hour increments.

**Review of Fees**

13.    **Firm Staffing.** The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines* ¶(b)(1)(iii). The Fee Application provided the names, positions, and hourly rates of the eleven Jenner professionals and paraprofessionals who billed to this matter, consisting of five partners, three associates, and three paralegals. A summary of hours and fees billed by each timekeeper is displayed in **Exhibit B**.[3]

---

[2] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

[3] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the

The firm billed a total of 274.30 hours with associated fees of $178,351.00. The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 220.50 | 80% | $156,505.50 | 88% |
| Associate | 45.70 | 17% | 20,468.50 | 11% |
| Paralegal | 8.10 | 3% | 1,377.00 | * |
| TOTAL | 274.30 | 100% | $178,351.00 | 100% |

\* Less than 1%

The blended hourly rate for the Jenner professionals is $664.82 and the blended hourly rate for professionals and paraprofessionals is $650.20.

14.    **Hourly Rate Increases.**  Jenner did not increase the hourly rates of firm timekeepers during this interim period.

15.    **Timekeepers' Roles.**  A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*.  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.  On the whole, each timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

16.    **Meetings, Conferences, Hearings, and Other Events.**  The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" *Local Rule 2016-2(d)(ix)*, and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm

same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*. While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified several occasions where two Jenner timekeepers attended the same meeting, conference, hearing, or other event. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 54.70 hours with $39,160.00 in associated fees, were displayed in **Exhibit C** to the Preliminary Report. In each instance where multiple timekeepers attended a meeting, conference, hearing or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference). The potentially duplicative and unnecessary timekeepers' entries totaled 30.00 hours with $16,687.50 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

Jenner responded by noting the size and complexity of the matters involved here, as well as the amount of money at stake. The firm also stated that it believed it minimized multiple attendance to only those occasions where it was appropriate and necessary. Finally, Jenner provided additional information detailing the staffing of the matter that was at the heart of the questioned activities. After due consideration of the firm's response, the Fee Examiner makes no recommendation for a fee reduction. Exhibit C is omitted from this report.

17.     **Intraoffice Conferences.**     Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified billing activities by Jenner timekeepers describing intraoffice conferences totaling 14.05 hours with $9,435.00 in associated fees, or approximately 5% of the Fees Computed, as was displayed in **Exhibit D** to the Preliminary Report. The Fee Examiner observed that in certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference. The entries describing intraoffice conferences invoiced by two or more firm personnel total 3.35 hours with $2,272.50 in associated fees and were highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested that Jenner strive to eliminate unnecessary intraoffice conferencing.

Jenner responded by noting the size and complexity of the matters involved here, as well as the amount of money at stake. The firm also stated it believed the number of conferences was kept to a minimum and that those conferences that did occur were necessary and proper. Finally, Jenner provided additional information detailing the attendance at the questioned conferences. Based on the minimal amount of conferences in question and on the firm's response, the Fee Examiner makes no recommendation for a fee reduction. Exhibit D is omitted from this report.

18.     **Complete and Detailed Task Descriptions.**     Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant,

the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*.  The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.  Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v.*

The Fee Examiner identified entries totaling 8.90 hours with $6,620.00 in associated fees in which the task description for a conference or other communication did not identify the participants to or the subject matter of the communication.  This lack of detail hinders a reviewer's ability to determine the reasonableness and necessity of the activity, and is in clear violation of the applicable guidelines.  The questioned entries were displayed in **Exhibit E** to the Preliminary Report.  The Fee Examiner invited comment from Jenner.

Jenner responded by providing enough information to bring the entries within compliance.  As such, the Fee Examiner makes no recommendation for a fee reduction.  Exhibit E is omitted from this report.

19.    **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.  Sidley invoiced one time entry associated with review of invoices for submission to the bankruptcy court, which is a part of operating a law firm.  The Fee Examiner did not identify any administrative activities that were billed in Jenner's interim fee application.

20.    **Clerical Activities.**  Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel[4]

---

[4] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates).  These overhead activities may include: mailing; photocopying,

or otherwise have a market value less than the hourly rate charged by the firm. The Fee Examiner reviewed each timekeeper's billing activities and identified entries describing clerical activities such as assembling and preparing binders or sending documents or pleadings. The entries were displayed in **Exhibit F** to the Preliminary Report and totaled 0.70 hour with $172.00 in associated fees. The firm agreed with the Fee Examiner, in that the entries were both clerical-type activities that should be billed at the rate of $80.00 per hour. The result is a fee reduction of $116.00. Exhibit F is omitted from this report.

21.    **Travel.** The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. The Fee Examiner identified three task descriptions describing non-working travel billed at the timekeepers' full hourly rates, which totaled 9.30 hours with associated fees of $5,865.00. The questioned travel time was set forth in **Exhibit G** to the Preliminary Report. The Fee Examiner invited comment from the firm regarding these charges. In response, Jenner agreed that the time was inadvertently billed at the full rate and that it should have been billed at 50% of regular hourly rates. Thus, Jenner agreed to a fee reduction of $2,932.50. Exhibit G is omitted from this report.

22.    **Jenner Retention/Compensation.** Jenner billed 16.50 hours with associated fees of $6,506.00 to prepare the firm's retention documents and applications for compensation, approximately 4% of the Fees Computed. The fee entries describing Jenner's retention/compensation activities are displayed in **Exhibit H**, which is included in the Final Report for the Court's reference.

---

word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

**Review of Expenses**

23.    **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*.    The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*.  On the whole, Jenner provided an itemization for its expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

24.    **Photocopies.**  The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii)*.  Jenner stated in the Application that the firm's standard rate for duplication is $0.10 per page.  The Fee Examiner requested that Jenner provide additional information regarding the charges in the category:   "Photocopy and Related Expenses," including the method of calculation for these charges.  The charges were displayed in **Exhibit I** to the Preliminary Report.  Jenner verified that its standard charges for scanning, printing and document production range from $0.60 per page for scanning, to $0.10 per page for black and white reproductions/printing.  The Fee Examiner makes no recommendation for an expense reduction.  Exhibit I is omitted from this report.

25.    **Computer Assisted Legal Research.**  The Local Rules provide that computer assisted legal research charges "shall not be more than the actual cost." *Local Rule 2016-2 (e)(iii).*  Jenner stated in the Application that "[w]ith respect to legal research expenses, charges to Jenner by Lexis/Nexis and Westlaw are based on the actual number and scope of searches."

26.    **Vaguely Described Travel Expenses.**  Jenner requested reimbursement for certain out-of-town travel expenses that were displayed in **Exhibit J** to the Preliminary Report. The Fee Examiner requested detailed itemization for these charges including the types of charges incurred (airfare, lodging, etc.) and the amount of each charge.  With regard to meals, the Fee Examiner requested the firm provide the number of attendees for each meal.  In response, Jenner provided the additional detail requested by the firm, which eliminated most of the expenses from the questioned category.  However, the firm agreed to a $405.31 reduction in expenses for travel charges that were in excess of the allowable caps.  Exhibit J is omitted from this report.

## CONCLUSION

The Fee Examiner submits this final report regarding Jenner's Application and the fees and expenses discussed above.  The Fee Examiner recommends the approval of fees in the amount of $175,302.50 ($178,556.00 minus $3,253.50) and reimbursement of expenses in the amount of $7,377.93 ($7,783.24 minus $405.31) for the period March 1, 2011 through May 31, 2011.  The findings are set forth in the summary on the following page.

**JENNER & BLOCK LLP**

**SUMMARY OF FINDINGS**

**Tenth Quarterly Application (March 1, 2011 through May 31, 2011)**

A.    **Amounts Requested and Computed**

| | | |
|---|---:|---:|
| Fees Requested | $178,556.00 | |
| Expenses Requested | 7,783.24 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $186,339.24 |
| | | |
| Fees Computed | $178,351.00 | |
| Expenses Computed | 7,783.24 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $186,134.24 |
| | | |
| Discrepancy in Fees | $    205.00 | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $    205.00 |

B.    **Recommended Fee Allowance and Expense Reimbursement**

| | | |
|---|---:|---:|
| Fees Requested | $178,556.00 | |
| *Agreed Reduction for Discrepancy in Fees* | *($   205.00)* | |
| *Agreed Reduction for Clerical Activities* | *(116.00)* | |
| *Agreed Reduction for Travel* | *(2,932.50)* | |
| Subtotal | *($3,253.50)* | |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $175,302.50 |
| | | |
| Expenses Requested | $7,783.24 | |
| *Agreed Reduction for Travel Expenses* | *($   405.31)* | |
| Subtotal | *($   405.31)* | |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | $   7,377.93 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $182,680.43 |

Respectfully submitted,

**STUART MAUE**

By: _____

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 26th day of June, 2012.

David Klauder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
(Counsel to Creditors' Committee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE  19801
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Stuart M. Brown, Esq.
William E. Chipman Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE  19801-1496
(Co-Counsel to Debtors)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

David J. Bradford, Esq.
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL  60611-7603

_____
John P. Theil, Esq.

-16-

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL
## COMPUTED AT STANDARD RATES
### Jenner & Block LLP

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| DJB | Bradford, David J. | PARTNER | $925.00 | $925.00 | 92.70 | $85,747.50 |
| DAS | Sondgeroth, Douglas A. | PARTNER | $550.00 | $550.00 | 124.10 | $68,255.00 |
| DMK | Kroeger, David M. | PARTNER | $660.00 | $660.00 | 1.80 | $1,188.00 |
| WLS | Scogland, William L. | PARTNER | $850.00 | $850.00 | 0.90 | $765.00 |
| AWV | Vail, Andrew W. | PARTNER | $550.00 | $550.00 | 1.00 | $550.00 |
| No. of Billers for Position: 5 | | Blended Rate for Position: | $709.78 | | 220.50 | $156,505.50 |
| | | | | % of Total: | 80.39% | % of Total:    87.75% |
| MQM | Martin, Michaelene R. | ASSOCIATE | $450.00 | $450.00 | 37.40 | $16,830.00 |
| LSR | Raiford, Landon S. | ASSOCIATE | $435.00 | $435.00 | 7.90 | $3,436.50 |
| DHH | Hixson, David H. | ASSOCIATE | $505.00 | $505.00 | 0.40 | $202.00 |
| No. of Billers for Position: 3 | | Blended Rate for Position: | $447.89 | | 45.70 | $20,468.50 |
| | | | | % of Total: | 16.66% | % of Total:    11.48% |
| MXP | Patterson, Marc A. | PARALEGAL | $170.00 | $170.00 | 6.00 | $1,020.00 |
| MJS | Searer, Matthew J. | PARALEGAL | $160.00 | $160.00 | 1.80 | $288.00 |
| WXH | Hughes, W. Michael | PARALEGAL | $230.00 | $230.00 | 0.30 | $69.00 |
| No. of Billers for Position: 3 | | Blended Rate for Position: | $170.00 | | 8.10 | $1,377.00 |
| | | | | % of Total: | 2.95% | % of Total:    0.77% |
| Total No. of Billers: 11 | | Blended Rate for Report: | $650.20 | | 274.30 | $178,351.00 |

EXHIBIT H

JENNER RETENTION/COMPENSATION

Jenner & Block LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Bradford, D | 1.70 | 1,572.50 |
| Hixson, D | 0.40 | 202.00 |
| Patterson, M | 6.00 | 1,020.00 |
| Ralford, L | 7.90 | 3,436.50 |
| Sondgeroth, D | 0.50 | 275.00 |
| | 16.50 | $6,506.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Applications | 16.50 | 6,506.00 |
| | 16.50 | $6,506.00 |

EXHIBIT H

JENNER RETENTION/COMPENSATION

Jenner & Block LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 03/07/11 Mon | Raiford, L 9199126/1 | 1.00 | 1.00 | 435.00 | 0.60 0.40 | F F | 1 2 | MATTER NAME: Fee Applications (L210) (A103) DRAFTED DECEMBER FEE APPLICATION (.6); DRAFTED JANUARY FEE APPLICATION (.4) |
| 03/08/11 Tue | Patterson, M 9199126/3 | 1.30 | 1.30 | 221.00 | | | 1 | MATTER NAME: Fee Applications (L210) (A103) PREPARED EXHIBITS FOR JENNER & BLOCK'S DECEMBER 2010 FEE APPLICATION. |
| 03/08/11 Tue | Raiford, L 9199126/2 | 0.30 | 0.30 | 130.50 | | | 1 | MATTER NAME: Fee Applications (L210) (A103) EDITED JANUARY FEE APPLICATION. |
| 03/09/11 Wed | Raiford, L 9199126/4 | 0.30 | 0.30 | 130.50 | | | 1 | MATTER NAME: Fee Applications (L210) (A103) EDITED DECEMBER FEE APPLICATION. |
| 03/11/11 Fri | Raiford, L 9199126/5 | 2.80 | 2.80 | 1,218.00 | 1.50 1.30 | F F | 1 2 | MATTER NAME: Fee Applications (L210) (A103) DRAFTED RESPONSE TO FEE EXAMINER'S REPORT RE SIXTH QUARTERLY FEE APP (1.5); DRAFTED RESPONSE TO FEE EXAMINER'S REPORT RE SEVENTH QUARTERLY FEE APP (1.3). |
| 03/14/11 Mon | Raiford, L 9199126/6 | 1.50 | 1.50 | 652.50 | | | 1 | MATTER NAME: Fee Applications (L210) (A103) EDITED RESPONSE TO FEE EXAMINER'S REPORT RE SEVENTH QUARTERLY FEE APPLICATION. |
| 03/16/11 Wed | Patterson, M 9199126/7 | 1.40 | 1.40 | 238.00 | | | 1 | MATTER NAME: Fee Applications (L210) (A103) PREPARED EXHIBITS FOR JENNER & BLOCK'S JANUARY 2011 FEE APPLICATION. |
| 03/21/11 Mon | Bradford, D 9199126/8 | 0.30 | 0.30 | 277.50 | | | 1 | MATTER NAME: Fee Applications (L190) (A104) REVIEWED MULTIPLE FEE PETITIONS AND AFFIDAVITS AND EXECUTED SAME. |
| 03/21/11 Mon | Raiford, L 9199126/9 | 0.30 | 0.30 | 130.50 | | | 1 | MATTER NAME: Fee Applications (L210) (A103) EDITED RESPONSE TO FEE EXAMINER'S RE SEVENTH QUARTERLY FEE APPLICATION. |
| 03/31/11 Thu | Raiford, L 9199126/10 | 0.30 | 0.30 | 130.50 | | | 1 | MATTER NAME: Fee Applications (L210) (A103) PREPARED FEBRUARY FEE APPLICATION. |
| 04/01/11 Fri | Patterson, M 9201706/68 | 1.40 | 1.40 | 238.00 | | | 1 | MATTER NAME: Fee Applications (L210) (A103) PREPARED EXHIBITS FOR JENNER & BLOCK'S JANUARY AND FEBRUARY 2011 FEE STATEMENTS. |
| 04/04/11 Mon | Raiford, L 9201706/69 | 0.50 | 0.50 | 217.50 | | | 1 | MATTER NAME: Fee Applications (L210) (A103) WORKED ON FEE APPLICATION. |
| 04/04/11 Mon | Raiford, L 9201706/70 | 0.60 | 0.60 | 261.00 | | | 1 | MATTER NAME: Fee Applications (L210) (A103) DRAFTED NINTH QUARTERLY FEE APPLICATION. |

~  See the last page of exhibit for explanation

EXHIBIT H

JENNER RETENTION/COMPENSATION

Jenner & Block LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
| 04/05/11 Tue | Raiford, L 9201706/71 | 0.30 | 0.30 | 130.50 | | 1 | MATTER NAME: *Fee Applications* (L210) (A104) CONDUCTED FINAL REVIEW OF JANUARY/FEBRUARY FEE APPLICATION. |
| 04/06/11 Wed | Patterson, M 9201706/72 | 1.90 | 1.90 | 323.00 | | 1 | MATTER NAME: *Fee Applications* (L210) (A103) PREPARED EXHIBITS TO JENNER & BLOCK'S NINTH QUARTERLY FEE APPLICATION. |
| 04/07/11 Thu | Hixson, D 9201706/73 | 0.40 | 0.40 | 202.00 | | 1 | MATTER NAME: *Fee Applications* (L210) (A104) FINALIZED FEE APPLICATION AND SENT TO LOCAL COUNSEL. |
| 04/19/11 Tue | Bradford, D 9201706/74 | 0.30 | 0.30 | 277.50 | | 1 | MATTER NAME: *Fee Applications* (L190) (A103) PREPARED SUPPLEMENTAL DECLARATION. |
| 04/21/11 Thu | Bradford, D 9201706/75 | 0.20 | 0.20 | 185.00 | | 1 | MATTER NAME: *Fee Applications* (L190) (A106) E-MAILS RE DISCLOSURE AFFIDAVIT. |
| 04/26/11 Tue | Bradford, D 9201706/76 | 0.50 | 0.50 | 462.50 | | 1 | MATTER NAME: *Fee Applications* (L190) (A103) DRAFTED DISCLOSURE DECLARATION. |
| 05/24/11 Tue | Bradford, D 9204116/124 | 0.20 | 0.20 | 185.00 | | 1 | MATTER NAME: *Fee Applications* (L190) (A103) COMPLETED DECLARATION RE DISCLOSURE. |
| 05/25/11 Wed | Bradford, D 9204116/125 | 0.20 | 0.20 | 185.00 | | 1 | MATTER NAME: *Fee Applications* (L190) RESPONDED TO D. GOLDEN INQUIRY RE RETENTION. |
| 05/31/11 Tue | Sondgeroth, D 9204116/126 | 0.50 | 0.50 | 275.00 | | 1 | MATTER NAME: *Fee Applications* (L210) (A104) REVIEWED INVOICES RELATED TO TRIBUNE MATTERS TO PREPARE SAME FOR SUBMISSION TO BANKRUPTCY COURT. |
| Total | | | 16.50 | $6,506.00 | | | |
| Number of Entries: | 22 | | | | | | |

~ See the last page of exhibit for explanation

EXHIBIT H

JENNER RETENTION/COMPENSATION

Jenner & Block LLP

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Bradford, D | 1.70 | 1,572.50 |
| Hixson, D | 0.40 | 202.00 |
| Patterson, M | 6.00 | 1,020.00 |
| Raiford, L | 7.90 | 3,436.50 |
| Sondgeroth, D | 0.50 | 275.00 |
| | 16.50 | $6,506.00 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Applications | 16.50 | 6,506.00 |
| | 16.50 | $6,506.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL