# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE
## NINTH INTERIM FEE APPLICATION OF REED SMITH LLP

Stuart Maue (the **"Fee Examiner"**) submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the **"Fee Examiner Order"**) in connection with the *Ninth Interim Fee Application of Reed Smith LLP* [Docket No. 8986] (the **"Fee Application"**). The Fee Application seeks

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

approval of fees that total $161,377.50 and reimbursement of expenses that total $1,814.46 for the period from December 1, 2010 through February 28, 2011.  Reed Smith LLP ("**Reed Smith**") serves as special counsel for certain insurance matters to the Debtors and Debtors-in-`Possession.

## Background

1.     On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  Under this Court's *Order Directing Joint Administration Chapter 11 Cases* dated December 10, 2009 [Docket No. 43], these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

2.     On December 26, 2008, the Debtors filed their *Application for an Order Authorizing Debtors and Debtors in Possession to Employ and Retain Reed Smith LLP as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to the Petition Date* [Docket No. 145] (the "**Retention Application**").  By order dated February 3, 2009, this Court approved the retention of Reed Smith [Docket No. 326] (the "**Retention Order**").

3.     Reed Smith submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members under 11 U.S.C. §§ 105(a) and 331* [Docket No. 225] (the "**Interim Compensation Order**").

**Applicable Standards**

4.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.      The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the

time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

7.    A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred.  A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules.  Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application.  A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.    The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to Reed Smith for review and comment.  The firm submitted a written response to the Fee Examiner.  After evaluation and consideration of the additional information provided by Reed Smith, the Fee Examiner submits this Final Report for the Court's consideration.  This Final Report is in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of the applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and will also

inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

### Discussion of Finding

9.    **Reconciliation of Fees and Expenses.**  The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**").  The Fee Examiner determined that the Fees Requested exceed the Fees Computed by $17.00, resulting in an apparent overcharge.  The discrepancy is the result of task hours within one entry that do not equal the time billed for the entry as a whole, as displayed in the table below.  The firm agreed with the Fee Examiner's calculations, in that an inadvertent overcharge occurred and as a result the Reed Smith agreed to reduce its fee requested by $17.00.

| Invoice Number | Timekeeper Name | Entry Date | Rate | Hours Billed | Hours Computed | Hour Difference | Fee Difference |
|---|---|---|---|---|---|---|---|
| 2104924-9 | Lankford | 02/07/11 | $170.00 | 1.30 | 1.20 | 0.10 | $17.00 |
| Total Discrepancy (Overcharge) | | | | | | 0.10 | $17.00 |

The Fee Examiner further determined that there is no discrepancy between the Expenses Requested and the Expenses Computed.  The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

10.    **Block Billing.**[2]  The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local*

---

[2] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing.  Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry.  As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry.  This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

*Rule 2016-2(d)(vii).* The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[3] The Delaware Bankruptcy Court has found that time entries that generally only combine work on one issue, and a conference/communication with the client or opposing counsel on the same issue, while technically blocked billing, will not be objectionable.[4] Reed Smith block billed entries totaling 48.20 hours and $27,924.50 in associated fees. The fees were displayed in **Exhibit A** to the Preliminary Report.[5] However, based upon precedent established by this Court, the Fee Examiner did not identify any objectionable blocked billed entries. Exhibit A is omitted from this report.

11. **Time Increments.** The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv).* The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines* ¶(b)(4)(v). Billing in greater than 0.10 hour increments is a practice that lends itself to the potential of increased rounding of time, thereby increasing the likelihood that the reported time charged is inflated. The Fee Examiner determined that one timekeeper predominantly billed in full or half-hour increments. **Exhibit B**

---

[3] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

[4] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

[5] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

to the Preliminary Report displayed the questioned time entries, which totaled 76.50 hours with $52,437.00 in associated fees. The entries billed in whole or half-hour time increments were bolded and marked with an ampersand and amount to 42.00 hours with associated fees of $28,770.00. The Fee Examiner requested comment on the veracity of the questioned time entries. In response, Reed Smith responded by providing proof that the questioned timekeeper billed time in tenth hour increments when the task or activity justified such billing. However, the questioned time entries were consistent with the type of projects the timekeeper typically allotted certain amounts of time for. Reed Smith further stated that the entries were consistent with the nature of the tasks and the time constraints involved in the timekeepers projects. Based upon the information provided, the Fee Examiner makes no recommendation for a fee reduction. Exhibit B is omitted from this report.

### Review of Fees

12.    **Firm Staffing.** The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii).* The Fee Application provided the names, positions, and hourly rates of the 12 Reed Smith professionals and paraprofessionals who billed to this matter, consisting of 4 partners, 4 associates, 2 paralegals, 1 practice group specialist, and 1 case assistant. A summary of hours and fees billed by each timekeeper is displayed in **Exhibit C**.

The firm billed a total of 321.40 hours with associated fees of $161,360.50.[6]   The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 170.90 | 53% | $104,112.50 | 65% |
| Associate | 125.50 | 39% | 53,295.00 | 33% |
| Paralegal | 7.10 | 2% | 1,136.00 | * |
| Practice Group Specialist | 15.80 | 5% | 2,607.00 | 2% |
| Case Assistant | 2.10 | * | 210.00 | * |
| TOTAL | 321.40 | 100% | $161,360.50 | 100% |

* Less than 1%

The blended hourly rate for the Reed Smith professionals is $531.06 and the blended hourly rate for professionals and paraprofessionals is $502.06.

13.    **Hourly Rate Increases.**   Reed Smith increased the hourly rates of firm timekeepers effective January 1, 2011.

14.    **Timekeepers' Roles.**   A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4).* With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.   Each Reed Smith timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

15.    **Meetings, Conferences, Hearings, and Other Events.** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*),

---

[6] This amount reflects the Fees Computed.

and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*. While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two Reed Smith timekeepers attended the same meeting, conference, hearing, or other event. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 23.00 hours with $13,676.50 in associated fees, were displayed in **Exhibit D** to the Preliminary Report. In each instance where multiple timekeepers attended a meeting, conference, hearing or other event, Stuart Maue identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference). The potentially duplicative and unnecessary timekeepers' entries totaled 11.15 hours with $5,903.00 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested that Reed Smith provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response to the Preliminary Report, Reed Smith first explained that due to the size and complexity of these cases, and the substance of the matters being addressed, the matters often require the attention and collaboration of more than one attorney or an attorney and a paralegal. The firm then addressed, in detail, each of the questioned fee entries by providing additional information regarding the subject matter and roles of each participant. After consideration of the

supplemental information, the Fee Examiner makes no recommendation for a fee reduction. Exhibit D is omitted from this report.

16.    **Intraoffice Conferences.**    Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified intraoffice conferences totaling 6.65 hours with $3,200.25 in associated fees, or approximately 2% of the Fees Computed, which were displayed in **Exhibit E** to the Preliminary Report.  The Fee Examiner observed that in certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference.   The entries describing intraoffice conferences invoiced by two or more firm personnel totaled 4.85 hours with $2,268.25 in associated fees and were highlighted in bold and marked with an ampersand [&] in the exhibit.  The Fee Examiner requested that the firm provide an explanation for the necessity of more than one participant billing for the same intraoffice conference.

In response, Reed Smith provided detailed explanations as to the necessity and appropriateness of the questioned billing entries.  The firm also stated there was only a small percentage of time related to intraoffice conferences and, further, that it properly staffed the Tribune cases and it does not engage in unnecessary internal conferencing.   After due consideration of the firm's informative response and relatively low number of intraoffice conferences, the Fee Examiner makes no recommendation for a fee reduction.  Exhibit E is omitted from this report.

17.    **Complete and Detailed Task Descriptions.**  Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary."  The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each

activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.

      a.    **Vague Communications.** The Fee Examiner identified entries totaling 9.15 hours with $4,215.50 in associated fees in which a conference or other communication did not identify the contact(s) or subject of the communication. This lack of detail hinders a reviewer's ability to determine the reasonableness and necessity of the activity, and is in clear violation of the applicable guidelines. The entries were displayed in **Exhibit F** to the Preliminary Report. The Fee Examiner requested Reed Smith provide the missing detail, as required by the Guidelines. In response to the Preliminary Report, the firm provided the missing participant or subject matter for each of the questioned time entry. The additional information brings the entries into compliance with the Local Rules and UST Guidelines, and accordingly, the Fee Examiner makes no recommendation for a fee reduction. Exhibit F is omitted from this report.

      b.    **Vague Tasks.** The Fee Examiner reviewed the substantive detail of each billing entry and identified 37.50 hours with $22,036.00 in associated fees where the Fee Examiner could not determine the precise nature of the services performed by the timekeeper. The entries were displayed in **Exhibit G** to the Preliminary Report. As reflected in the Local

Rules and UST Guidelines, billing entries must adequately describe the services actually performed to allow a determination of whether the task was staffed appropriately, whether the task involved the exercise of legal judgment, and/or whether the task was duplicated by other timekeepers.[7]   For example, Reed Smith's timekeepers described the activity performed as "followed up," "attention to," "work on," or in one instance, "handled." Such narratives fail to sufficiently describe the activity performed and frustrate a reviewer's ability to fully evaluate the work.  The Fee Examiner requested the firm provide sufficient detail for the entries in question. In response, Reed Smith provided a lengthy exhibit containing the missing detail for each entry questioned by the Fee Examiner.  The supplemental information provided by the firm brings the fee entries into compliance with the Local Rules and UST Guidelines and, as such, the Fee Examiner makes no recommendation for a fee reduction.  Exhibit G is omitted from this report.

18.    **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.  The Fee Examiner identified two fee entries describing what appeared to be the administrative task of preparing a letter submitting invoices for payment.  The questioned tasks totaled 0.30 hour with related fees of $153.00, and were displayed in **Exhibit H** of the Preliminary Report.  In response, Reed Smith clarified the time entries in question.  The additional information substantiated the legal acumen required for the tasks.  As such, the Fee Examiner makes no recommendation for a fee reduction.  Exhibit H is omitted from this report.

---

[7] Vague entries do not allow the court to determine the reasonableness and necessity of the effort expended, and fees may be denied or reduced when insufficiently documented.  *E.g.*, *In re Bennett Funding, Inc.*, 213 B.R. 234, 245-46 (Bankr. N.D.N.Y. 1997).  Entries for legal research must identify the issue and explain the research need.  *In re Fibermark, Inc.*, 349 B.R. 385, 397 (Bankr. D. Vt. 2006).

19.    **Clerical Activities.**  Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel.[8] The Fee Examiner identified entries describing apparent clerical tasks, including but not limited to organizing files (*e.g.*, "review and catalog case correspondence"), compiling, transmitting, and collating documents.   The questioned entries were displayed in **Exhibit I** to the Preliminary Report and totaled 12.70 hours with $2,199.00 in associated fees.

In response, Reed Smith agreed that certain activities constituted clerical work but asserted that other activities questioned by the Fee Examiner constituted substantive work and provided additional information explaining the role of one timekeeper and the nature of certain activities performed.  The result is Reed Smith agreed to a voluntary fee reduction in the amount of $819.00 resulting from reducing the hourly rate for certain time entries to $80.00 per hour. Exhibit I is omitted from this report.

20.    **Travel.**  The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*.  The Fee Examiner did not identify any entries describing travel.

21.    **Reed Smith Retention/Compensation.**   Reed Smith billed 20.00 hours with associated fees of $4,602.00 to prepare the firm's retention documents and applications for compensation, which computes to approximately 3% of the Fees Computed.  The fee entries describing Reed Smith's retention/compensation activities are displayed in **Exhibit J**, which is included in the Final Report for the Court's reference.

---

[8] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates).  These overhead activities may include: mailing; photocopying; word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

**Review of Expenses**

22.    **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*.  The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*.  Reed Smith provided an itemization for its expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

23.    **Photocopies.**  The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii)*.  Reed Smith stated in the Application that the firm's rate for duplication is $0.10 per page.

24.    **Computer Assisted Legal Research.**  The Local Rules provide that computer assisted legal research charges "shall not be more than the actual cost." *Local Rule 2016-2 (e)(iii)*.  The firm billed $922.74 for computer assisted legal research and the Application failed to indicate how the firm calculated this cost.  The Fee Examiner requested that Reed Smith provide additional information regarding the costs associated with the firm's computer assisted

research and how the costs were determined.  Reed Smith verified it only bills for such computer assisted legal research at the actual cost to the firm.

25.  **Local Travel Expenses.**  Reed Smith requested reimbursement of $89.00 for taxi expenses.  The Application did not identify the person incurring the charges or the purpose of such expenses.  The Fee Examiner requested Reed Smith provide the name(s) of the person(s) incurring each expense and the purpose of the charges, which were displayed in **Exhibit K** to the Preliminary Report.  In response, Reed Smith provided the additional information requested that verified the local travel expenses were incurred by firm professionals and that the charges were related to Tribune matters.  Exhibit K is omitted from this report.

## CONCLUSION

The Fee Examiner submits this final report regarding the Application and the fees and expenses discussed above.   The Fee Examiner recommends approval of fees that total $160,541.50 ($161,377.50 minus $836.00) and reimbursement of expenses that total $1,814.46 for the period from December 1, 2010 through February 28, 2011.  The findings are set forth in the summary on the following page.

**REED SMITH LLP**

**SUMMARY OF FINDINGS**

**Ninth Interim Fee Application (December 1, 2010 through February 28, 2011)**

A.    **Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $161,377.50 | |
| Expenses Requested | 1,814.46 | |
| TOTAL FEES AND EXPENSES REQUESTED | | $163,191.96 |
| Fees Computed | $161,360.50 | |
| Expenses Computed | 1,814.46 | |
| TOTAL FEES AND EXPENSES COMPUTED | | $163,174.96 |
| Discrepancy in Fees | $ 17.00 | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $ 17.00 |

B.    **Recommended Fee Allowance and Expense Reimbursement**

| | | |
|---|---|---|
| Fees Requested | $161,377.50 | |
| *Discrepancy in Fees* | *($ 17.00)* | |
| *Agreed Reduction for Clerical Activities* | *(819.00)* | |
| Subtotal | *($836.00)* | |
| RECOMMENDED FEE ALLOWANCE | | $160,541.50 |
| Expenses Requested | $1,814.46 | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 1,814.46 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $162,355.96 |

Respectfully submitted,

**STUART MAUE**

By: _____

    John F. Theil, Esq.
    3840 McKelvey Road
    St. Louis, Missouri  63044
    Telephone:  (314) 291-3030
    Facsimile:  (314) 291-6546
    tribunebkr@smmj.com

    *Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 27th day of June, 2012.

David Klauder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE  19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
William E. Chipman Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE  19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

John D. Shugrue, Esq.
Partner
Reed Smith LLP
10 South Wacker Drive, 40th Floor
Chicago, IL  60606-7507

_____
John F. Theil, Esq.

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

### Reed Smith LLP

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| SAM | Miller, Steven A. | PARTNER | $660.00 | $690.00 | 76.50 | $52,437.00 |
| JDS | Shugrue, John D. | PARTNER | $535.00 | $560.00 | 86.40 | $47,781.50 |
| TPL | Law, Timothy P. | PARTNER | $465.00 | $465.00 | 4.80 | $2,232.00 |
| PRW | Walker-Bright, Paul R. | PARTNER | $510.00 | $535.00 | 3.20 | $1,662.00 |
| No. of Billers for Position: 4 | | Blended Rate for Position: | $609.20 | | 170.90 | $104,112.50 |
| | | | | % of Total: | 53.17% | % of Total: 64.52% |
| LJR | Raines, Lana J. | ASSOCIATE | $430.00 | $450.00 | 83.60 | $37,228.00 |
| TML | Levinson, Thomas M. | ASSOCIATE | $380.00 | $430.00 | 38.60 | $14,873.00 |
| JCF | Falgowski, J. Cory | ASSOCIATE | $390.00 | $410.00 | 1.60 | $646.00 |
| DR | Rosenfield, David M. | ASSOCIATE | $310.00 | $325.00 | 1.70 | $548.00 |
| No. of Billers for Position: 4 | | Blended Rate for Position: | $424.66 | | 125.50 | $53,295.00 |
| | | | | % of Total: | 39.05% | % of Total: 33.03% |
| SS | Somoza, Silvia | PARALEGAL | $125.00 | $130.00 | 5.60 | $708.50 |
| EMC | Callahan, Eileen | PARALEGAL | $285.00 | $285.00 | 1.50 | $427.50 |
| No. of Billers for Position: 2 | | Blended Rate for Position: | $160.00 | | 7.10 | $1,136.00 |
| | | | | % of Total: | 2.21% | % of Total: 0.70% |
| LL | Lankford, Lisa A. | PRAC GROUP SPEC | $160.00 | $170.00 | 15.80 | $2,607.00 |
| No. of Billers for Position: 1 | | Blended Rate for Position: | $165.00 | | 15.80 | $2,607.00 |
| | | | | % of Total: | 4.92% | % of Total: 1.62% |
| MKG | Gowharian, Mahsa | CASE ASSISTANT | $100.00 | $100.00 | 2.10 | $210.00 |
| No. of Billers for Position: 1 | | Blended Rate for Position: | $100.00 | | 2.10 | $210.00 |
| | | | | % of Total: | 0.65% | % of Total: 0.13% |

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

**Reed Smith LLP**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| | Total No. of Billers:  12 | Blended Rate for Report: | $502.06 | | 321.40 | $161,360.50 |

EXHIBIT J

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Falgowski, J | 1.60 | 646.00 |
| Lankford, L | 15.80 | 2,607.00 |
| Shugrue, J | 2.40 | 1,324.00 |
| Somoza, S | 0.20 | 25.00 |
| | 20.00 | $4,602.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Applications | 20.00 | 4,602.00 |
| | 20.00 | $4,602.00 |

EXHIBIT J

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 12/01/10 Wed | Lankford, L 2082298-9/42 | 2.30 | 2.30 | 368.00 | 0.40 1.30 0.60 | F F F | 1 2 3 | MATTER NAME: Fee Applications REVIEWED NARRATIVE EDITS TO RS'S 21ST MONTHLY FEE APPLICATION (.4); REVISIONS/ADDITIONS TO SAME (1.3); E-FILING AND SERVICE OF SAME (.6). |
| 12/02/10 Thu | Falgowski, J 2082298-9/44 | 0.20 | 0.20 | 78.00 | | | 1 | MATTER NAME: Fee Applications MET WITH L. LANKFORD REGARDING CNO REGARDING 20TH MONTHLY FEE APPLICATION. |
| 12/02/10 Thu | Lankford, L 2082298-9/43 | 0.70 | 0.70 | 112.00 | 0.60 0.10 | F F | 1 2 | MATTER NAME: Fee Applications DRAFTED CNO TO RS'S 20TH MONTHLY FEE APPLICATION (.6); CONFERRED WITH C. FALGOWSKI REGARDING SAME (.1). |
| 12/06/10 Mon | Falgowski, J 2082298-9/46 | 0.20 | 0.20 | 78.00 | | | 1 | MATTER NAME: Fee Applications REVIEWED 20TH MONTHLY FEE APPLICATION AND CONFERRED WITH L. LANKFORD REGARDING SAME. |
| 12/06/10 Mon | Lankford, L 2082298-9/45 | 0.50 | 0.50 | 80.00 | 0.10 0.40 | F F | 1 2 | MATTER NAME: Fee Applications CONFERRED WITH C. FALGOWSKI REGARDING CNO TO RS'S 20TH MONTHLY FEE APPLICATION (.1); E-FILE AND SERVICE OF SAME (.4). |
| 12/21/10 Tue | Lankford, L 2082298-9/47 | 0.20 | 0.20 | 32.00 | | | 1 | MATTER NAME: Fee Applications REVIEWED INVOICE FOR 22D MONTHLY FEE APPLICATION. |
| 12/22/10 Wed | Shugrue, J 2082298-9/48 | 0.30 | 0.30 | 160.50 | | | 1 | MATTER NAME: Fee Applications WORKED ON PREPARING 22D MONTHLY FEE APPLICATION. |
| 12/28/10 Tue | Lankford, L 2082298-9/49 | 1.10 | 1.10 | 176.00 | 0.60 0.10 0.40 | F F F | 1 2 3 | MATTER NAME: Fee Applications REVISIONS TO RS'S 22ND MONTHLY FEE APPLICATION (.6); E-MAIL CORRESPONDENCE WITH J. SHUGRUE REGARDING SAME (.1); DRAFTED CNO TO RS'S 21ST MONTHLY FEE APPLICATION (.4). |
| 12/30/10 Thu | Falgowski, J 2082298-9/51 | 0.10 | 0.10 | 39.00 | | | 1 | MATTER NAME: Fee Applications MET WITH L. LANKFORD REGARDING CNO REGARDING 21ST MONTHLY FEE APPLICATION. |
| 12/30/10 Thu | Lankford, L 2082298-9/50 | 3.10 | 3.10 | 496.00 | 0.70 1.60 0.10 0.10 0.60 | F F F F F | 1 2 3 4 5 | MATTER NAME: Fee Applications REVISIONS TO RS'S 22ND MONTHLY FEE APPLICATION (.7); DRAFTED RS'S 8TH INTERIM FEE APPLICATION (1.6); CONFERRED WITH C. FALGOWSKI REGARDING CNO TO RS'S 21ST MONTHLY FEE APPLICATION (.1); REVISIONS TO SAME (.1); E-FILE AND SERVICE OF SAME (.6). |
| 12/30/10 Thu | Shugrue, J 2082298-9/53 | 0.50 | 0.50 | 267.50 | | | 1 | MATTER NAME: Fee Applications WORKED ON NARRATIVE ENTRIES FOR 22D MONTHLY FEE APPLICATION. |

EXHIBIT J
REED SMITH RETENTION/COMPENSATION
Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 12/30/10 Thu | Somoza, S 2082298-9/52 | 0.20 | 0.20 | 25.00 | | | | MATTER NAME: *Fee Applications* <br> 1 REVIEWED AND CATALOGUED CASE CORRESPONDENCE. |
| 01/05/11 Wed | Lankford, L 2096325-9/43 | 0.30 | 0.30 | 51.00 | | | | MATTER NAME: *Fee Applications* <br> 1 REVIEWED FEE APPLICATION DEADLINES AND E-MAIL FOLLOW-UP REGARDING RS'S 22ND MONTHLY AND 8TH INTERIM FEE APPLICATIONS. |
| 01/06/11 Thu | Shugrue, J 2096325-9/44 | 0.30 | 0.30 | 168.00 | | | | MATTER NAME: *Fee Applications* <br> 1 WORKED ON NARRATIVE ENTRIES FOR 22D MONTHLY FEE APPLICATION AND ANALYZED 8TH INTERIM FEE APPLICATION. |
| 01/07/11 Fri | Lankford, L 2096325-9/45 | 2.10 | 2.10 | 357.00 | 0.70 <br> 0.30 <br> 0.10 <br> 0.50 <br> 0.10 <br> 0.40 | F <br> F <br> F <br> F <br> F <br> F | 1 <br> 2 <br> 3 <br> 4 <br> 5 <br> 6 | MATTER NAME: *Fee Applications* <br> 1 REVISIONS TO RS'S 22ND MONTHLY FEE APPLICATION (.7); <br> 2 REVISIONS TO RS'S 8TH INTERIM FEE APPLICATION (.3); <br> 3 ADDITIONAL REVISIONS TO RS'S 22ND MONTHLY FEE APPLICATION (.1); <br> 4 E-FILE AND SERVICE OF SAME (.5); <br> 5 REVISIONS TO RS'S 8TH INTERIM FEE APPLICATION (.1); <br> 6 E-FILE AND SERVICE OF SAME (.4). |
| 01/20/11 Thu | Falgowski, J 2096325-9/47 | 0.10 | 0.10 | 41.00 | | | | MATTER NAME: *Fee Applications* <br> 1 MET WITH L. LANKFORD REGARDING 23D MONTHLY FEE APPLICATION. |
| 01/20/11 Thu | Lankford, L 2096325-9/46 | 1.40 | 1.40 | 238.00 | 1.20 <br> 0.10 <br> 0.10 | F <br> F <br> F | 1 <br> 2 <br> 3 | MATTER NAME: *Fee Applications* <br> 1 DRAFTED RS'S 23RD MONTHLY FEE APPLICATION (1.2); <br> 2 E-MAIL CORRESPONDENCE REGARDING SAME (.1); <br> 3 CONFERRED WITH C. FALGOWSKI REGARDING SAME (.1). |
| 01/31/11 Mon | Lankford, L 2096325-9/48 | 1.40 | 1.40 | 238.00 | 0.70 <br> 0.30 <br> 0.30 <br> 0.10 | F <br> F <br> F <br> F | 1 <br> 2 <br> 3 <br> 4 | MATTER NAME: *Fee Applications* <br> 1 REVISIONS/ADDITIONS TO RS'S 23RD MONTHLY FEE APPLICATION (.7); <br> 2 DRAFTED CNO TO RS'S 22ND MONTHLY FEE APPLICATION (.3); <br> 3 DRAFTED CNO TO RS'S 8TH INTERIM FEE APPLICATION (.3); <br> 4 E-MAIL CORRESPONDENCE REGARDING SAME (.1). |
| 01/31/11 Mon | Shugrue, J 2096325-9/49 | 0.20 | 0.20 | 112.00 | | | | MATTER NAME: *Fee Applications* <br> 1 WORKED ON TEXT FOR INCLUSION IN PREPARING 23D MONTHLY FEE APPLICATION. |
| 02/07/11 Mon | Falgowski, J 2104924-9/28 | 0.20 | 0.20 | 82.00 | | | | MATTER NAME: *Fee Applications* <br> 1 MET WITH L. LANKFORD REGARDING 22D MONTHLY AND 8TH INTERIM FEE APPLICATIONS. |
| 02/07/11 Mon | Lankford, L 2104924-9/27 | 1.30 | 1.20 | 204.00 | 0.80 <br> 0.20 <br> 0.20 | F <br> F <br> F | 1 <br> 2 <br> 3 | MATTER NAME: *Fee Applications* <br> 1 REVISIONS TO RS'S 23RD MONTHLY FEE APPLICATION (.8); <br> 2 REVISIONS TO CNO'S REGARDING RS'S 22ND MONTHLY & 8TH INTERIM FEE APPLICATIONS (.2); <br> 3 CONFERRED WITH C. FALGOWSKI REGARDING SAME (.2). |

~ See the last page of exhibit for explanation

EXHIBIT J

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 02/07/11 Mon | Shugrue, J 2104924-9/29 | 0.60 | 0.60 | 336.00 | | | | *MATTER NAME: Fee Applications*<br>1 PREPARED NARRATIVE TEXT FOR 23D MONTHLY FEE APPLICATION. |
| 02/08/11 Tue | Falgowski, J 2104924-9/31 | 0.80 | 0.80 | 328.00 | 0.40<br>0.30<br>0.10 | F<br>F<br>F | 1<br>2<br>3 | *MATTER NAME: Fee Applications*<br>REVIEWED 5TH INTERIM FEE APPLICATION AND CNOS (.4);<br>REVIEWED FEE EXAMINER'S REPORT AND COMUNICATIONS WITH J. SHUGRUE REGARDING SAME (.3);<br>MET WITH L. LANKFORD REGARDING FEE APPLICATIONS AND RELATED CNOS (.1). |
| 02/08/11 Tue | Lankford, L 2104924-9/30 | 1.50 | 1.50 | 255.00 | 0.10<br>0.60<br>0.80 | F<br>F<br>F | 1<br>2<br>3 | *MATTER NAME: Fee Applications*<br>CONFERRED WITH C. FALGOWSKI REGARDING CNO'S & FEE APPLICATION (.1);<br>REVISIONS TO CNO'S TO RS'S 22ND MONTHLY & 8TH INTERIM FEE APPLICATIONS (.6);<br>REVISIONS TO RS'S 23RD MONTHLY FEE APPLICATION (.8). |
| 02/08/11 Tue | Shugrue, J 2104924-9/32 | 0.30 | 0.30 | 168.00 | | | | *MATTER NAME: Fee Applications*<br>1 ANALYZED FEE AUDITOR PRELIMINARY REPORT. |
| 02/17/11 Thu | Shugrue, J 2104924-9/33 | 0.20 | 0.20 | 112.00 | | | | *MATTER NAME: Fee Applications*<br>1 FURTHER ANALYZED FEE AUDITOR'S LATEST PRELIMINARY REPORT. |
| Total Number of Entries: | 26 | | 20.00 | $4,602.00 | | | | |

EXHIBIT J

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

### SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Falgowski, J | 1.60 | 646.00 |
| Lankford, L | 15.80 | 2,607.00 |
| Shugrue, J | 2.40 | 1,324.00 |
| Somoza, S | 0.20 | 25.00 |
|  | 20.00 | $4,602.00 |

### SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Applications | 20.00 | 4,602.00 |
|  | 20.00 | $4,602.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL