# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) ss. |
| COUNTY OF COOK | ) |

AMY BLUMENTHAL, being duly sworn, deposes and says:

1.  I am a partner of Gould & Ratner LLP (the "Firm"), which maintains offices at 222 North LaSalle Street, Suite 800, Chicago, Illinois 60601.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347);Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

2. This Affidavit is submitted in connection with an Order of the United States Bankruptcy Court for the District of Delaware, entered on January 15, 2009 [Docket No. 227], authorizing the above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors"), to employ and compensate certain professionals in the ordinary course of business during the pendency of these chapter 11 cases.

3. The Firm will represent and advise the Debtors as lawyers in connection with real estate and construction matters with respect to certain aspects of the Debtors' business operations. The Debtors have requested, and the Firm has agreed, to continue to provide such services to the Debtors on a postpetition basis during the course of these chapter 11 cases.

4. Our Firm's current customary rates range from $280 per hour to $525 per hour for partners, from $220 per hour to $290 per hour for associates, and from $170 to $235 per hour for paralegals. In addition, the Firm bills for disbursements and out-of-pocket costs in the amounts incurred, which are not reflected in the hourly rate. The Firm's customary rates are subject to change from time-to-time. In the normal course of its business, the Firm generally revises its billing rates annually and will inform the Debtor of the new rates when they become effective. The Firm's new billing rates will become applicable to this engagement when they become effective.

5. In the ordinary course of its business, the Firm maintains a database for purposes of performing "conflicts checks." The Firm's database contains information regarding not only the Firm's present and past representations, but individuals and entities with which the Firm may have a connection including adverse parties, referral sources and contacts, including without limitation their respective affiliates. I obtained a list of the entities identified in Rule 2014(a) from counsel to the Debtors for purposes of searching the aforementioned database and

determining the connections which the Firm has with such individual and entities. The Firm's search of the database identified the following connections:

AlixPartners, LLP
Alvarez & Marsal North America LLC
AT&T
AT&T (A) [2]
AT&T (B) [2]
Bank of America
Barclays Bank PLC
Barclays Capital
Brown, Thomas F.
Carmax
Citigroup
Cole, Schotz, Meisel, Forman & Leonard, P.A.
Comcast
Comcast Cable
Connor, Kevin J.
Dell
Deloitte & Touche LLP
Deutsche Bank National Trust Company
Deutsche Bank Trust Company Americas
Doherty, Phil
Dunkin Donuts
Equity Group Investments LLC
Ernst & Young
Farber, Steve
Fidelity Investment/Fidelity Mutual Fund Comp
Fidelity Investments
Ford
Ford Dealer Associations
Ford Mazda Factory
FTI Consulting
GE Asset Management Inc.
General Electric Capital Corporation
General Mills
Goldman Sachs & Co.
Grant, Gary
Hoy, LLC
ING Investment Management LLC
J.P. Morgan Chase Bank, N.A.*
Jefferson Pilot Financial Insurance Company
Jenner & Block LLP
JPMorgan Chase Bank, N.A.
JPMorgan Securities, Inc.
Lehman Brothers Commercial Bank
Lehman Brothers Holdings Inc.
Levine Leichtman Capital Partners Inc.
Lloyd's
Loews Corporation
Lufrano, Michael R.
Mayer Brown LLP
McDermott Will & Emery LLP
McDonalds – McDonald's
Merrill Lynch & Co. Inc.
Morgan Stanley
Morgan Stanley Investment Co Niston BV
National City Corporation
New York Life Insurance Company
New York Life Investment Management
O'Brien, Dennis G.
O'Connor, Mike
Pate, William C.
Pension Benefit Guaranty Corporation
Pepsi – Pepsi Cola Various
PricewaterhouseCoopers LLP
Reed Smith LLP
Richards, Layton & Finger, P.A.
Sidley Austin LLP
Southwest Airlines
Subway
Talon Asset Management Inc.
Target Stores
Toyota Dealer Association
Toyota Lexus Dealer Associations
Toyota Local Dealers
U.S. Bank National Association
Verizon Wireless
Verizon Wireless – Cellular
Viacom – Paramount
Washington Mutual
Washington Mutual
Weiner, Michael E.
Wells Capital Management Incorporated
Wells Fargo Bank, N.A.

| | |
|---|---|
| John Hancock A/C 62 JH High Yield Fund | Wells Fargo Bank, N.A. and affiliates |
| John Hancock Financial Services, Inc. | Wells Fargo Foothill Inc. |
| Johnson, Joyce | Williams, David D. |
| Jones Day | Yum Brands – Taco Bell |
| JP Morgan BK Branch – 0802 | |
| JP Morgan Chase Bank, N.A. | |

6. Neither I, nor any partner of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. §504(b).

7. I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c) and applicable law.

8. Neither I, nor any partner of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

9. The Debtors owe the Firm $0.00 for prepetition services. The Firm has no claims against the Debtors.

10. The Firm does not currently hold a retainer from the Debtors.

11. As of the Petition Date, the Firm was not party to a services agreement with the Debtors.

12. If at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 27, 2012

*[signature]*
Affiant

Sworn to and subscribed before me
this 27 day of June, 2012

*[signature]*
Notary Public

OFFICIAL SEAL
LARK MARIE GRAY
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 12-15-2012

4822-9043-1503, v. 2
114480.001