## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### FEE EXAMINER'S FINAL REPORT REGARDING THE
### TENTH INTERIM FEE APPLICATION OF REED SMITH LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Tenth Interim Fee Application of Reed Smith LLP* [Docket No. 9459] (the "**Fee Application**"). The Fee Application seeks

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo. Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

approval of fees that total $270,108.50 and reimbursement of expenses that total $8,401.72 for the period from March 1, 2011 through May 31, 2011. Reed Smith LLP ("**Reed Smith**") serves as special counsel for certain insurance matters to the Debtors and Debtors-in-Possession.

### Background

1.     On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  Under this Court's *Order Directing Joint Administration Chapter 11 Cases* dated December 10, 2009 [Docket No. 43], these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

2.     On December 26, 2008, the Debtors filed their *Application for an Order Authorizing Debtors and Debtors in Possession to Employ and Retain Reed Smith LLP as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to the Petition Date* [Docket No. 145] (the "**Retention Application**").  By order dated February 3, 2009, this Court approved the retention of Reed Smith [Docket No. 326] (the "**Retention Order**").

3.     Reed Smith submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members under 11 U.S.C. §§ 105(a) and 331* [Docket No. 225] (the "**Interim Compensation Order**").

### Applicable Standards

4.     In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense

analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.      The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**").  In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A).* In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect

to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

7.     A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred.  A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules.  Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application.  A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.     The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to Reed Smith for review and comment.  The firm submitted a written response to the Fee Examiner.  After evaluation and consideration of the additional information provided by Reed Smith, the Fee Examiner submits this Final Report for the Court's consideration.  This Final Report is in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of the applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and will also inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

## Discussion of Finding

9.      **Reconciliation of Fees and Expenses.**  The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**").  The Fee Examiner determined that the Fees Computed exceed the Fees Requested by $396.00, resulting in an apparent undercharge.  The discrepancy is the result of task hours within two entries that do not equal the time billed for the entry as a whole and the detail provided for one timekeeper exceeding the amount billed for that timekeeper, as were displayed in **Exhibit A** to the Preliminary Report.  The firm agreed with the Fee Examiner's recomputation and, as a result, agreed to increase its Fees Requested by $396.00.  Exhibit A is omitted from this report.

The Fee Examiner further determined that there is no discrepancy between the Expenses Requested and the Expenses Computed.  The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

10.      **Block Billing.**[2]  The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii).*  The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST*

---

[2] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing.  Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry.  As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry.  This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

*Guidelines* ¶(b)(4)(v).[3]   The Delaware Bankruptcy Court has found that time entries that generally only combine work on one issue, and a conference/communication with the client or opposing counsel on the same issue, while technically blocked billing, will not be objectionable.[4] Reed Smith block billed entries totaling 66.50 hours and $37,851.00 in associated fees.  The fees were displayed in **Exhibit B** to the Preliminary Report.[5]  Based upon the precedent established by this Court, however, the Fee Examiner finds that the firm's block billed entries are not objectionable.

11.   <u>**Time Increments.**</u>  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*.  The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines* ¶(b)(4)(v).  Reed Smith complied with the applicable rules regarding time increments.

12.   <u>**Potential Double Billing.**</u>  The Fee Examiner identified two instances of billing entries that appeared to be duplicative (i.e., on the same date by the same timekeeper with identical descriptions and time increments).  The questioned tasks, totaling 1.80 hours with $810.00 in associated fees, were highlighted in bold and marked with an ampersand [&] in **Exhibit C** to the Preliminary Report.  The Fee Examiner requested that the firm review the

---

[3] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent.  *See id.* at 495 n.7 and cases cited.

[4] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

[5] This Final Report includes exhibits that detail and support the findings discussed herein.  Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit.  The tasks included in a specific category are underlined in the fee exhibits.  For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

entries and either (i) confirm that the tasks were inadvertently billed twice, or (ii) provide an explanation for the duplication.  In response, Reed Smith confirmed that the entries had been inadvertently billed twice and, thus, it agreed to reduce its fee in the amount of $405.00. Exhibit C is omitted from this report.

## Review of Fees

13.    **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*.  The Fee Application provided the names, positions, and hourly rates of the 19 Reed Smith professionals and paraprofessionals who billed to this matter, consisting of 6 partners, 7 associates, 2 paralegals, 2 litigation support analysts, 1 practice group specialist, and 1 case assistant.  A summary of hours and fees billed by each timekeeper is displayed in **Exhibit D**.[6]

The firm billed a total of 577.80 hours with associated fees of $270,504.50.[7]  The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 246.20 | 43% | $148,529.50 | 55% |
| Associate | 260.30 | 45% | 106,570.00 | 39% |
| Paralegal | 21.80 | 4% | 4,864.50 | 2% |

---

[6] This Final Report includes exhibits that detail and support the findings discussed herein.  Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit.  The tasks included in a specific category are underlined in the fee exhibits.  For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

[7] This amount reflects the Fees Computed.

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Litigation Support Analyst | 25.70 | 4% | 6,670.00 | 2% |
| Practice Group Specialist | 21.10 | 4% | 3,587.00 | 1% |
| Case Assistant | 2.70 | * | 283.50 | * |
| **TOTAL** | 577.80 | 100% | $270,504.50 | 100% |

* Less than 1%

The blended hourly rate for the Reed Smith professionals is $503.65 and the blended hourly rate for professionals and paraprofessionals is $468.16.

14.    **Hourly Rate Increases.**  Reed Smith did not increase the hourly rates of firm timekeepers during this interim period.

15.    **Timekeepers' Roles.**  A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*.  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.  On the whole, each Reed Smith timekeeper appeared to perform either core team responsibilities necessary to the engagement; or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.  However, the Fee Examiner requested the firm provide supplemental information regarding the necessity of the billing activities of one partner who billed a total of 3.00 hours with associated fees of $1,410.00, and an associate who billed a total of 0.50 hour with associated fees of $205.00.  The timekeepers' fee entries were displayed in **Exhibit E** to the Preliminary Report.  The Fee Examiner is particularly interested in whether their efforts were necessary and not duplicated by other timekeepers.

In response to the Preliminary Report, Reed Smith explained that the questioned partner was asked to perform discrete tasks based upon his extensive experience and knowledge in a particular area of law.  The firm also explained how the associate's time was not duplicative but,

rather, part of the necessary and proper review and supervision of a paralegal's activities. After consideration of the additional information, the Fee Examiner makes no recommendation for a fee reduction. Exhibit E is omitted from this report.

16.    **Meetings, Conferences, Hearings, and Other Events.** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*. While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two Reed Smith timekeepers attended the same meeting, conference, hearing, or other event. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 42.10 hours with $25,178.50 in associated fees, were displayed in **Exhibit F** to the Preliminary Report. In each instance where multiple timekeepers attended a meeting, conference, hearing or other event, Stuart Maue identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference). The potentially duplicative and unnecessary timekeepers' entries totaled 19.90 hours with $10,575.50 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested that Reed Smith provide what the Local Rules and UST Guidelines mandate -- an

explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response, Reed Smith provided detailed explanations as to each of the questioned entries and timekeepers, which provided extensive information regarding the necessity and appropriateness of the billing entries that were questioned.  After due consideration of Reed Smith's informative response, the Fee Examiner makes no recommendation for a fee reduction. Exhibit F is omitted from this report.

17.    **Intraoffice Conferences.**    Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified intraoffice conferences totaling 15.90 hours with $7,654.50 in associated fees, or approximately 3% of the Fees Computed, which were displayed in **Exhibit G** to the Preliminary Report.  The Fee Examiner observed that in certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference.  The entries describing intraoffice conferences invoiced by two or more firm personnel totaled 10.50 hours with $5,093.00 in associated fees and were highlighted in bold and marked with an ampersand [&] in the exhibit.  The Fee Examiner requested that the firm provide an explanation for the necessity of more than one participant billing for the same intraoffice conference.

In response, Reed Smith provided additional detail regarding the necessity and appropriateness of the questioned intraoffice conferences.  The firm also noted the small percentage of overall time related to intraoffice conferences.  Furthermore, Reed Smith urged that it properly staffed the Tribune matters and did not engage in unnecessary internal conferencing.  Considering the firm's informative response and relatively low number of

questioned fees, the Fee Examiner makes no recommendation for a fee reduction.  Exhibit G is omitted from this report.

18.   **Complete and Detailed Task Descriptions.**  Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary."  The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix).*  The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.  Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v).*

a.   **Vague Communications.**  The Fee Examiner identified entries totaling 3.90 hours with $1,755.00 in associated fees in which a conference or other communication did not identify the contact(s) or subject of the communication.  This lack of detail hinders a reviewer's ability to determine the reasonableness and necessity of the activity, and is in clear violation of the applicable guidelines.  The entries were displayed in **Exhibit H** to the Preliminary Report.  The Fee Examiner requested Reed Smith provide the missing detail, as required by the Guidelines.  In response to the Preliminary Report, the firm provided the missing participant and/or subject matter for each of the questioned time entries.  The additional information brings the entries into compliance with the Local Rules and UST Guidelines and,

accordingly, the Fee Examiner makes no recommendation for a fee reduction. Exhibit H is omitted from this report.

      b.    **Vague Tasks.** The Fee Examiner reviewed the substantive detail of each billing entry and identified 31.70 hours with $18,026.00 in associated fees where the Fee Examiner could not determine the precise nature of the services performed by the timekeeper. The entries were displayed in **Exhibit I** to the Preliminary Report. As reflected in the Local Rules and UST Guidelines, billing entries must adequately describe the services actually performed to allow a determination of whether the task was staffed appropriately, whether the task involved the exercise of legal judgment, and/or whether the task was duplicated by other timekeepers.[8] For example, Reed Smith's timekeepers often described the activity performed as "followed up," "attention to," or "work on." Such narratives fail to sufficiently describe the activity performed and frustrate a reviewer's ability to fully evaluate the work. The Fee Examiner requests the firm provide sufficient detail for the entries in question. Absent revised descriptions that provide the detail required by the Local Rules and UST Guidelines, the Fee Examiner believes a percentage fee reduction is in order and invites comment from Reed Smith regarding an appropriate amount.

      In response to the Preliminary Report, the firm provided an exhibit that contained additional detail for each of the task descriptions in question. The additional information brings the entries into compliance with the Local Rules and UST Guidelines, and accordingly, the Fee Examiner makes no recommendation for a fee reduction. Exhibit I is omitted from this report.

---

[8] Vague entries do not allow the court to determine the reasonableness and necessity of the effort expended, and fees may be denied or reduced when insufficiently documented. *E.g.*, *In re Bennett Funding, Inc.*, 213 B.R. 234, 245-46 (Bankr. N.D.N.Y. 1997). Entries for legal research must identify the issue and explain the research need. *In re Fibermark, Inc.*, 349 B.R. 385, 397 (Bankr. D. Vt. 2006).

19.    **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.  The Fee Examiner identified one fee entry of 0.60 hour describing what appeared to be the administrative task of computer/IT support.  The questioned task with related fees of $144.00 was displayed in **Exhibit J** to the Preliminary Report.  In response, Reed Smith clarified the entry by describing it as coordination with and direction from a firm professional and an outside vendor, which concerned a special database of documents.  The Fee Examiner makes no recommendation for a fee reduction.  Exhibit J is omitted from this report.

20.    **Clerical Activities.**  Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel.[9] The Fee Examiner identified entries describing apparent clerical tasks, including but not limited to organizing files (*e.g.*, "review and catalog case correspondence"), compiling, documents, and retrieving documents from files.  The questioned entries were displayed in **Exhibit K** to the Preliminary Report and totaled 13.40 hours with $1,896.50 in associated fees.  The Fee Examiner invited comment from the firm.

Reed Smith urged that the questioned activities were not clerical in nature.  In support of its position, the firm provided explanations and detail regarding each of the questioned tasks and timekeepers including the nature of the activity and the legal acumen and skill required to perform the activity.  Based on the additional information provided, the Fee Examiner makes no recommendation for a fee reduction, and Exhibit K is omitted from this report.

---

[9] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate."  *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates).  These overhead activities may include: mailing; photocopying; word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

21.    **Travel.** The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. The Fee Examiner identified two entries describing travel. The entries appear to have been billed at full rate. The questioned travel fees were displayed in **Exhibit L** to the Preliminary Report. In response, Reed Smith stated the travel was inadvertently billed at the full billing rate, and therefore, the firm agreed to reduce the related fees by half. The result was an agreed fee reduction of $2,072.00. Exhibit L is omitted from this report.

22.    **Reed Smith Retention/Compensation.** Reed Smith billed 34.80 hours with associated fees of $10,545.00 to prepare the firm's retention documents and applications for compensation, which computes to approximately 4% of the Fees Computed. The fee entries describing Reed Smith's retention/compensation activities are displayed in **Exhibit M**, which is included in the Final Report for the Court's reference.

### Review of Expenses

23.    **Itemization of Expenses.** The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*. The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the

month incurred." *UST Guidelines ¶(b)(5)(iii).*   Reed Smith provided an itemization for its expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

24.    **Photocopies.**   The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii).*  Reed Smith stated in the Application that the firm's rate for duplication is $0.10 per page.

25.    **Travel Expenses – Insufficient Detail.**  Reed Smith categorized the expenses for travel according to the type of expense (*e.g.*, airfare, lodging, taxi, meals).   The descriptions, however, did not provide the information necessary for a determination of the firm's compliance with the UST Guidelines.  All of the questioned travel expenses were displayed on **Exhibit N** to the Preliminary Report.

a.    **Airfare.**  The descriptions for the airfare charges did not include the fare class.  The Fee Examiner requested that Reed Smith provide receipts or other documentation regarding the fare class for all air travel.  Reed Smith verified in its written response that all air travel during this fee period was coach class.   As such, the Fee Examiner makes no recommendation for an expense reduction related to airfare.

b.    **Meals.**  The Fee Examiner has recommended and the Court has followed certain per person ceilings for meals incurred during travel (i.e. breakfast - $15.00, lunch - $25.00, and dinner - $50.00).  The Fee Examiner requested that Reed Smith verify that each of these meals related to travel, provide information regarding the type of meal (breakfast, lunch, or dinner), and the number of attendees for each meal.  Reed Smith provided all the requested information.  After reviewing the additional information and documentation, the Fee Examiner does not make a recommendation for an expense reduction related to meals.

c.    **Lodging.**    The Fee Examiner has recommended and the Court has followed a domestic lodging ceiling of $350.00 per night.  The Fee Examiner requested that Reed Smith provide the number of nights included in each hotel charge.  Reed Smith provided the additional information necessary for the Fee Examiner to make a determination with regard to the expenses charged as lodging. One of the charges was for a conference room expense – not a hotel stay.  The other questioned expense was verified as two nights, and within the ceiling.  With regard to the last expense item, part of it was a proper meal charge, but the remainder was a one night stay that exceeded the ceiling.  Accordingly, the firm agreed with the Fee Examiner's recommendation to reduce its lodging expense in the amount of $59.00.

d.    **Taxi Expenses.**    The Fee Examiner requested that Reed Smith verify that the taxi expenses are travel related and provide receipts or other documentation for all of the charges.  Reed Smith verified in its written response that all taxi expenses were travel related.  The Fee Examiner makes no recommendation for a related expense reduction.  Exhibit N is omitted from this report.

## CONCLUSION

The Fee Examiner submits this final report regarding the Application and the fees and expenses discussed above.   The Fee Examiner recommends approval of fees that total $268,027.50 ($270,108.50 plus $396.00 minus $2,477.00) and reimbursement of expenses that total $8,342.72 ($8,401.72 minus $59.00) for the period from March 1, 2011 through May 31, 2011.  The findings are set forth in the summary on the following page.

**REED SMITH LLP**

**SUMMARY OF FINDINGS**

**Tenth Interim Fee Application (March 1, 2011 through May 31, 2011)**

A.    **Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $270,108.50 | |
| Expenses Requested | 8,401.72 | |
| TOTAL FEES AND EXPENSES REQUESTED | | $278,510.22 |
| Fees Computed | $270,504.50 | |
| Expenses Computed | 8,401.72 | |
| TOTAL FEES AND EXPENSES COMPUTED | | $278,906.22 |
| Discrepancy in Fees | $    396.00 | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $    396.00 |

B.    **Recommended Fee Allowance and Expense Reimbursement**

| | | |
|---|---|---|
| Fees Requested | $270,108.50 | |
| *Discrepancy in Fees* | | *$    396.00* |
| *Agreed Reduction for Double Billing* | | *(405.00)* |
| *Agreed Reduction for Travel Not at Half-Rate* | | *(2,072.00)* |
| Subtotal | | *($2,081.00)* |
| RECOMMENDED FEE ALLOWANCE | | $268,027.50 |
| Expenses Requested | $8,401.72 | |
| *Agreed Reduction for Lodging* | | *($    59.00)* |
| Subtotal | | *($    59.00)* |
| RECOMMENDED EXPENSE REIMBURSEMENT | | $    8,342.72 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $276,370.22 |

Respectfully submitted,

**STUART MAUE**

By: _____

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 27th day of June, 2012.

David Klauder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE  19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
William E. Chipman Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE  19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

John D. Shugrue, Esq.
Partner
Reed Smith LLP
10 South Wacker Drive, 40th Floor
Chicago, IL  60606-7507

_____
John F. Theil, Esq.

**EXHIBIT A**
**DISCREPANCY SCHEDULE**
**REED SMITH LLP**

| Invoice Number | Entry Number | Matter | Timekeeper Name | Entry Date | Rate | Hours Billed | Hours Computed | Fees Billed | Fees Computed | Hour Difference | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2118646-11 | 53 | HR Investigation | Miller | 03/06/11 | $690.00 | 4.00 | 3.00 | $ 2,760.00 | $ 2,070.00 | 1.00 | $ 690.00 |
| 2129498-11 | 69 | HR Investigation | Miller | 04/18/11 | $690.00 | 3.00 | 3.40 | $ 2,070.00 | $ 2,346.00 | (0.40) | $ (276.00) |
| 2118646-05 | | Insurance Counseling (Reorganization/Bankruptcy) | Raines | All Entries | $450.00 | 60.60 | 62.40 | $ 27,270.00 | $ 28,080.00 | (1.80) | $ (810.00) |
| | | | | | | | | Total Discrepancy (Undercharge) | | (1.20) | $ (396.00) |

EXHIBIT B

BLOCK BILLING

Reed Smith LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Bolerjack, B | 3.00 | 1,410.00 |
| Miller, S | 20.00 | 13,800.00 |
| Newman, J | 3.80 | 1,045.00 |
| Raines, L | 4.50 | 2,025.00 |
| Rosenfield, D | 0.60 | 195.00 |
| Shugrue, J | 34.60 | 19,376.00 |
| | 66.50 | $37,851.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| HR Investigation | 41.50 | 24,487.00 |
| Insurance Counseling | 24.40 | 13,169.00 |
| Marsh | 0.60 | 195.00 |
| | 66.50 | $37,851.00 |

EXHIBIT B

BLOCK BILLING

Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 03/01/11 Tue | Miller, S 2118646-11/39 | 7.50 | 7.50 | 5,175.00 | | | | MATTER NAME: HR Investigation |
| | | | | | | | 1 | PREPARED FOR AND PARTICIPATED IN WITNESS INTERVIEWS. |
| 03/01/11 Tue | Shugrue, J 2118646-11/41 | 7.50 | 7.50 | 4,200.00 | | | | MATTER NAME: HR Investigation |
| | | | | | | | 1 | PREPARED FOR AND PARTICIPATED IN WITNESS INTERVIEWS WITH CLIENT, S. MILLER (AT CLIENT REQUEST). |
| 03/02/11 Wed | Raines, L 2118646-5/87 | 2.00 | 1.20 | 540.00 | | | | MATTER NAME: Insurance Counseling |
| | | | | | 0.20 | F | 1 | CORRESPONDENCE WITH DEFENSE COUNSEL FOR INDIVIDUAL DEFENDANTS REGARDING RECENTLY-FILED INSURANCE-RELATED MOTION (.2); |
| | | | | | 0.30 | F | 2 | FOLLOWED UP REGARDING CORRESPONDENCE WITH INSURER (.3); |
| | | | | | 1.20 | F | 3 | PREPARED FOR AND PARTICIPATED IN CALLS WITH DEFENSE COUNSEL FOR INDIVIDUAL DEFENDANTS IN PREFERENCE ACTIONS (1.2); |
| | | | | | 0.30 | F | 4 | REVIEWED LETTER RECEIVED FROM INSURER IN CONNECTION WITH PENDING LAWSUIT (.3). |
| 03/02/11 Wed | Shugrue, J 2118646-11/44 | 4.10 | 4.10 | 2,296.00 | | | | MATTER NAME: HR Investigation |
| | | | | | | | 1 | PRPARED FOR AND PARTICIPATED IN WITNESS INTERVIEWS WITH CLIENT, S. MILLER (AT CLIENT REQUEST). |
| 03/02/11 Wed | Shugrue, J 2118646-5/88 | 1.40 | 1.00 | 560.00 | | | | MATTER NAME: Insurance Counseling |
| | | | | | 1.00 | F | 1 | PREPARED FOR AND PARTICIPATED IN TELEPHONE CONFERENCE WITH COUNSEL FOR INDIVIDUAL DEFENDANTS IN PENDING LITIGATION (1.0); |
| | | | | | 0.40 | F | 2 | COMMUNICATIONS WITH L. RAINES REGARDING VARIOUS FOLLOW UP ITEMS RELATED TO INSURANCE COVERAGE FOR PENDING LAWSUITS (.4). |
| 03/07/11 Mon | Miller, S 2118646-11/55 | 4.90 | 4.90 | 3,381.00 | | | | MATTER NAME: HR Investigation |
| | | | | | | | 1 | FINAL COMPLETION OF KEY DOCUMENTS REVIEW AND CONFERENCE WITH CLIENT. |
| 03/07/11 Mon | Shugrue, J 2118646-11/57 | 3.10 | 3.10 | 1,736.00 | | | | MATTER NAME: HR Investigation |
| | | | | | | | 1 | PREPARED FOR AND PARTICIPATED IN MEETING WITH CLIENT TEAM, S. MILLER REGARDING RESULTS OF INQUIRY TO DATE, FOLLOW UP STEPS, PRELIMINARY RECOMMENDATIONS. |
| 03/16/11 Wed | Raines, L 2118646-5/109 | 4.10 | 2.30 | 1,035.00 | | | | MATTER NAME: Insurance Counseling |
| | | | | | 0.30 | F | 1 | FOLLOWED-UP REGARDING DRAFT LETTER TO INSURER IN CONNECTION WITH DENIAL OF COVERAGE (.3); |
| | | | | | 0.90 | F | 2 | REVISED LETTER PER ADDITIONAL COMMENTS RECEIVED AND FOLLOW-UP REGARDING SAME (.9); |
| | | | | | 2.30 | F | 3 | ATTENTION TO ISSUES RELATED TO INSURANCE-RELATED MOTION FILED IN BANKRUPTCY PROCEEDINGS AND CALL TO VARIOUS DEFENSE COUNSEL FOR INDIVIDUAL DEFENDANTS REGARDING SAME AND PREPARATION FOR DRAFTING OF REPLY BRIEF TO UCC OBJECTION (2.3); |
| | | | | | 0.60 | F | 4 | REVISED DRAFT LETTER TO CARRIER IN CONNECTION WITH COVERAGE DENIAL (.6). |
| 03/17/11 Thu | Shugrue, J 2118646-5/117 | 1.80 | 0.60 | 336.00 | | | | MATTER NAME: Insurance Counseling |
| | | | | | 0.50 | F | 1 | PREPARED FOR HEARING ON COMFORT ORDER MOTION AND PRO HAC VICE ADMISSION IN CONNECTION WITH SAME (.5); |
| | | | | | 0.60 | F | 2 | WORKED ON AND CONFERRED WITH A. MOSS, C. CROSIER REGARDING ISSUES RELATED TO COMFORT ORDER MOTION, ANTICIPATED OBJECTIONS TO SAME, AND PREPARATION OF REPLY BRIEF RELATED TO SAME (.6); |
| | | | | | 0.70 | F | 3 | ANALYZED AND REVISED DRAFT LETTER TO PRIMARY LIABILITY INSURER REGARDING DENIAL OF COVERAGE WITH RESPECT TO PENDING LAWSUITS (.7). |
| 03/21/11 Mon | Miller, S 2118646-11/66 | 0.30 | 0.30 | 207.00 | | | | MATTER NAME: HR Investigation |
| | | | | | | | 1 | ATTENTION TO IT PROJECT; |
| | | | | | | | 2 | ATTENTION TO LOCATING OUTSIDE VENDOR REGARDING SAME. |

~ See the last page of exhibit for explanation

EXHIBIT B

BLOCK BILLING

Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 03/22/11 Tue | Shugrue, J 2118646-5/133 | 9.70 | 5.30 | 2,968.00 | 5.30 | F | 1 | MATTER NAME: Insurance Counseling<br>PREPARED FOR AND PARTICIPATED IN HEARING ON COMFORT ORDER MOTION REGARDING INSURER PAYMENT OF DEFENSE COSTS (5.3); |
| | | | | | 0.70 | F | 2 | COMMUNICATIONS WITH L. RAINES, A. MOSS, CLIENT AND BANKRUPTCY COUNSEL REGARDING PREPARATION OF ORDER IN CONNECTION WITH COURT'S RULING ON COMFORT ORDER MOTION (.7); |
| | | | | | 3.70 | F | 3 | RETURN TRAVEL TO CHICAGO FOLLOWING HEARING (3.7). |
| 03/28/11 Mon | Raines, L 2118646-5/138 | 1.80 | 1.00 | 450.00 | 1.00 | F | 1 | MATTER NAME: Insurance Counseling<br>FOLLOWED-UP IN CONNECTION WITH FINALIZING ORDER TO BE FILED IN BANKRUPTCY COURT AND COMMUNICATION WITH CLIENT AND CARRIERS REGARDING SAME (1.0); |
| | | | | | 0.80 | F | 2 | COORDINATED WITH BANKRUPTCY COUNSEL REGARDING FILING OF ORDER (.8). |
| 03/29/11 Tue | Rosenfield, D 2118646-8/16 | 0.60 | 0.60 | 195.00 | | | 1 | MATTER NAME: Marsh<br>FINALIZED REIMBURSEMENT LETTER TO MARSH; |
| | | | | | | | 2 | CORRESPONDED WITH J. SHUGRUE AND CLIENT REGARDING SAME. |
| 03/30/11 Wed | Miller, S 2118646-11/82 | 0.30 | 0.30 | 207.00 | | | 1 | MATTER NAME: HR Investigation<br>ATTENTION TO E-DISCOVERY ISSUES AND CONFERRED WITH J. SHUGRUE REGARDING SAME. |
| 04/13/11 Wed | Miller, S 2129498-11/59 | 0.50 | 0.50 | 345.00 | | | 1 | MATTER NAME: HR Investigation<br>ATTENTION TO ELECTRONIC DATA ISSUES AND TELEPHONE CONFERENCE WITH CLIENT REGARDING SAME. |
| 04/18/11 Mon | Bolerjack, B 2129498-11/70 | 3.00 | 3.00 | 1,410.00 | | | 1 | MATTER NAME: HR Investigation<br>ANALYZED LEGAL ISSUES IN CONNECTION WITH INVESTIGATION AND COMMUNICATED ANALYSIS TO S. MILLER. |
| 04/19/11 Tue | Miller, S 2129498-11/73 | 6.30 | 4.30 | 2,967.00 | 2.00 | F | 1 | MATTER NAME: HR Investigation<br>CONTINUED EDIT OF CLIENT MEMO (2.0); |
| | | | | | 4.30 | F | 2 | PREPARED FOR, CONDUCTED WITNESS INTERVIEW (4.3). |
| 04/20/11 Wed | Miller, S 2129498-11/75 | 6.50 | 1.70 | 1,173.00 | 3.30 | F | 1 | MATTER NAME: HR Investigation<br>COMPLETED CLIENT MEMO (3.3); |
| | | | | | 0.30 | F | 2 | CONFERENCE WITH CLIENT (.3); |
| | | | | | 0.30 | F | 3 | EDITS TO MEMO (.3); |
| | | | | | 1.70 | F | 4 | PREPARED FOR, CONDUCTED WITNESS INTERVIEW (1.7); |
| | | | | | 0.90 | F | 5 | ATTENTION TO E-MAIL ISSUES (.9). |
| 05/02/11 Mon | Miller, S 2142150-11/68 | 0.50 | 0.50 | 345.00 | | | 1 | MATTER NAME: HR Investigation<br>ATTENTION TO REVIEW OF ELECTRONIC RECORDS AND TELEPHONE CONFERENCE WITH CLIENT REGARDING SAME. |
| 05/04/11 Wed | Shugrue, J 2142150-5/17 | 9.50 | 9.50 | 5,320.00 | | | 1 | MATTER NAME: Insurance Counseling<br>PREPARED FOR AND PARTICIPATED IN MULTI-PARTY MEDIATION OF NEIL AND OTHER PENDING CLAIMS/SUITS WITH JUDGE GROSS. |
| 05/11/11 Wed | Shugrue, J 2142150-5/22 | 1.50 | 1.20 | 672.00 | 1.20 | F | 1 | MATTER NAME: Insurance Counseling<br>PREPARED FOR, TELEPHONE CONFERENCE WITH CLIENT, BK COUNSEL REGARDING NEIL MATTER (1.20); |
| | | | | | 0.30 | F | 2 | WORKED ON DRAFT COMMUNICATION TO INSURERS REGARDING SAME (.30). |

~ See the last page of exhibit for explanation

EXHIBIT B

BLOCK BILLING

Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|------|------|------|------|------|------|------|------|
| 05/19/11 Thu | Shugrue, J 2142150-5/30 | 4.00 | 1.30 | 728.00 | 1.30 | F | 1 | MATTER NAME: Insurance Counseling PREPARED FOR, TELEPHONE CONFERENCE WITH CLIENT, BANKRUPTCY COUNSEL, DEFENSE COUNSEL REGARDING STRATEGY AND APPROACH FOR ONGOING DISCUSSIONS WITH INSURERS CONCERNING SETTLEMENT NEGOTIATIONS ON NEIL AND OTHER UNDERLYING SUITS/CLAIMS AND FURTHER MEDIATION OF SAME (1.3). |
| | | | | | 2.20 | F | 2 | PREPARED, REVISED AND EXCHANGED EMAILS WITH CLIENT, BANKRUPTCY COUNSEL, DEFENSE COUNSEL REGARDING DRAFT COMMUNICATION TO INSURERS AND CO-DEFENDANT COUNSEL REGARDING SAME (2.2). |
| | | | | | 0.50 | F | 3 | ANALYZED AND EXCHANGED EMAILS WITH CLIENT, BANKRUPTCY COUNSEL, DEFENSE COUNSEL REGARDING ARRANGING FURTHER MEDIATION SESSION ON NEIL AND OTHER VARIOUS UNDERLYING CLAIMS/SUITS (.5). |
| 05/26/11 Thu | Newman, J 2142150-11/117 | 3.80 | 3.80 | 1,045.00 | | | 1 | MATTER NAME: HR Investigation REVIEWED EMAILS; |
| | | | | | | | 2 | PREPARED SUMMARY OF RELEVANT DOCUMENTS FOR T. LEVINSON'S REVIEW. |
| 05/31/11 Tue | Shugrue, J 2142150-5/441 | 1.60 | 1.00 | 560.00 | 1.00 | F | 1 | MATTER NAME: Insurance Counseling PREPARED FOR, TELEPHONE CONFERENCE WITH DEFENSE COUNSEL, L. RAINES REGARDING POSSIBLE NEXT STEPS REGARDING PRIMARY INSURER COVERAGE DENIAL REGARDING BK COMPLAINTS (1.0); |
| | | | | | 0.60 | F | 2 | TELEPHONE CONFERENCE WITH CLIENT, BANKRUPTCY COUNSEL, L. RAINES REGARDING SAME (.6). |
| Total Number of Entries: | 24 | | 66.50 | $37,851.00 | | | | |

EXHIBIT B

BLOCK BILLING

Reed Smith LLP

### SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Bolerjack, B | 3.00 | 1,410.00 |
| Miller, S | 20.00 | 13,800.00 |
| Newman, J | 3.80 | 1,045.00 |
| Raines, L | 4.50 | 2,025.00 |
| Rosenfield, D | 0.60 | 195.00 |
| Shugrue, J | 34.60 | 19,376.00 |
| | 66.50 | $37,851.00 |

### SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| HR Investigation | 41.50 | 24,487.00 |
| Insurance Counseling | 24.40 | 13,169.00 |
| Marsh | 0.60 | 195.00 |
| | 66.50 | $37,851.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F       FINAL BILL

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

### Reed Smith LLP

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| JDS | Shugrue, John D. | PARTNER | $560.00 | $560.00 | 133.30 | $74,648.00 |
| SAM | Miller, Steven A. | PARTNER | $690.00 | $690.00 | 90.80 | $62,652.00 |
| AJM | Moss, J. Andrew | PARTNER | $520.00 | $520.00 | 14.00 | $7,280.00 |
| BJB | Bolerjack, Bradley J. | PARTNER | $470.00 | $470.00 | 3.00 | $1,410.00 |
| PRW | Walker-Bright, Paul R. | PARTNER | $535.00 | $535.00 | 2.40 | $1,284.00 |
| TPL | Law, Timothy P. | PARTNER | $465.00 | $465.00 | 2.70 | $1,255.50 |
| No. of Billers for Position: 6 | | Blended Rate for Position: | $603.29 | | 246.20 | $148,529.50 |
| | | | | % of Total: | 42.61% | % of Total: 54.91% |
| LJR | Raines, Lana J. | ASSOCIATE | $450.00 | $450.00 | 119.60 | $53,820.00 |
| TML | Levinson, Thomas M. | ASSOCIATE | $430.00 | $430.00 | 78.30 | $33,669.00 |
| JWN | Newman, Joshua W. | ASSOCIATE | $275.00 | $275.00 | 25.90 | $7,122.50 |
| CMC | Crosier, Clinton M. | ASSOCIATE | $345.00 | $345.00 | 13.40 | $4,623.00 |
| WSW | Weltman, William S. | ASSOCIATE | $310.00 | $310.00 | 14.30 | $4,433.00 |
| DR | Rosenfield, David M. | ASSOCIATE | $325.00 | $325.00 | 8.30 | $2,697.50 |
| JCF | Falgowski, J. Cory | ASSOCIATE | $410.00 | $410.00 | 0.50 | $205.00 |
| No. of Billers for Position: 7 | | Blended Rate for Position: | $409.41 | | 260.30 | $106,570.00 |
| | | | | % of Total: | 45.05% | % of Total: 39.40% |
| EMC | Callahan, Eileen | PARALEGAL | $285.00 | $285.00 | 13.10 | $3,733.50 |
| SS | Somoza, Silvia | PARALEGAL | $130.00 | $130.00 | 8.70 | $1,131.00 |
| No. of Billers for Position: 2 | | Blended Rate for Position: | $223.14 | | 21.80 | $4,864.50 |
| | | | | % of Total: | 3.77% | % of Total: 1.80% |
| JML | Livingston, Judith M. | LIT SUPP ANALYS | $260.00 | $260.00 | 25.10 | $6,526.00 |
| ES | Sanroman, Enrique | LIT SUPP ANALYS | $240.00 | $240.00 | 0.60 | $144.00 |
| No. of Billers for Position: 2 | | Blended Rate for Position: | $259.53 | | 25.70 | $6,670.00 |
| | | | | % of Total: | 4.45% | % of Total: 2.47% |

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Reed Smith LLP**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| LL | Lankford, Lisa A. | PRAC GROUP SPEC | $170.00 | $170.00 | 21.10 | $3,587.00 |
| | No. of Billers for Position:  1 | Blended Rate for Position: | $170.00 | | 21.10 | $3,587.00 |
| | | | | % of Total:  3.65% | % of Total:  1.33% | |
| RC | Chappell, Rhoshanda | CASE ASSISTANT | $105.00 | $105.00 | 2.70 | $283.50 |
| | No. of Billers for Position:  1 | Blended Rate for Position: | $105.00 | | 2.70 | $283.50 |
| | | | | % of Total:  0.47% | % of Total:  0.10% | |
| | Total No. of Billers:  19 | Blended Rate for Report: | $468.16 | | 577.80 | $270,504.50 |

EXHIBIT M

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Falgowski, J | 0.50 | 205.00 |
| Lankford, L | 19.30 | 3,281.00 |
| Raines, L | 7.50 | 3,375.00 |
| Shugrue, J | 6.30 | 3,528.00 |
| Somoza, S | 1.20 | 156.00 |
| | 34.80 | $10,545.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Applications | 34.80 | 10,545.00 |
| | 34.80 | $10,545.00 |

EXHIBIT M

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 03/01/11 Tue | Lankford, L 2118646-9/19 | 1.60 | 1.60 | 272.00 | 0.40 1.00 0.20 | F F F | 1 2 3 | MATTER NAME: Fee Applications DRAFTED CNO TO RS'S 23RD MONTHLY FEE APPLICATION (.4); DRAFTED RS'S 24TH MONTHLY FEE APPLICATION (1.0); E-MAIL CORRESPONDENCE WITH J. SHUGRUE REGARDING SAME (.2). |
| 03/01/11 Tue | Shugrue, J 2118646-9/20 | 0.20 | 0.20 | 112.00 | | | 1 | MATTER NAME: Fee Applications EMAILS WITH L. LANKFORD REGARDING 23RD AND 24TH MONTHLY FEE APPLICATIONS. |
| 03/07/11 Mon | Lankford, L 2118646-9/21 | 1.30 | 1.30 | 221.00 | | | 1 | MATTER NAME: Fee Applications REVIEWED AND EDITED FEE APPLICATIONS. |
| 03/08/11 Tue | Shugrue, J 2118646-9/22 | 0.20 | 0.20 | 112.00 | | | 1 | MATTER NAME: Fee Applications ANALYZED CNO REGARDING 23D MONTHLY FEE APPLICATION AND EMAILED L. LANKFORD, C. FALGOWSKI REGARDING FILING SAME. |
| 03/09/11 Wed | Lankford, L 2118646-9/23 | 1.30 | 1.30 | 221.00 | 0.20 1.10 | F F | 1 2 | MATTER NAME: Fee Applications REVISIONS TO CNO TO RS'S 23RD MONTHLY FEE APPLICATION (.2); REVISIONS TO RS'S 24TH MONTHLY FEE APPLICATION (1.1). |
| 03/09/11 Wed | Shugrue, J 2118646-9/24 | 0.60 | 0.60 | 336.00 | 0.50 0.10 | F F | 1 2 | MATTER NAME: Fee Applications PREPARED NARRATIVE TEXT FOR 24TH MONTHLY FEE APPLICATION (.5); EMAILS WITH L. LANKFORD REGARDING FINALIZING AND FILING SAME (.1). |
| 03/10/11 Thu | Falgowski, J 2118646-9/26 | 0.20 | 0.20 | 82.00 | | | 1 | MATTER NAME: Fee Applications MET WITH L. LANKFORD REGARDING CNOS FOR 23RD/24TH MONTHLIES. |
| 03/10/11 Thu | Lankford, L 2118646-9/25 | 1.50 | 1.50 | 255.00 | 0.20 0.40 0.90 | F F F | 1 2 3 | MATTER NAME: Fee Applications CONFERRED WITH C. FALGOWSKI REGARDING CNO TO RS'S 23RD MONTHLY & RS'S 24TH MONTHLY FEE APPLICATION (.2); FINALIZED CNO TO RS'S 23RD MONTHLY FEE APPLICATION (.4); FINALIZED REVISIONS TO RS'S 24TH MONTHLY FEE APPLICATION (.9) |
| 03/10/11 Thu | Shugrue, J 2118646-9/27 | 0.20 | 0.20 | 112.00 | | | 1 | MATTER NAME: Fee Applications EMAILS WITH L. LANKFORD REGARDING ISSUE RAISED BY FEE AUDITOR REGARDING 6TH INTERIM FEE APPLICATION. |
| 03/12/11 Sat | Shugrue, J 2118646-9/28 | 0.50 | 0.50 | 280.00 | | | 1 | MATTER NAME: Fee Applications ANALYZED FEE AUDITOR'S PRELIMINARY REPORT REGARDING 7TH INTERIM FEE APPLICATION. |
| 03/14/11 Mon | Lankford, L 2118646-9/29 | 0.20 | 0.20 | 34.00 | | | 1 | MATTER NAME: Fee Applications E-MAIL CORRESPONDENCE WITH J. SHUGRUE REGARDING INTERIM APPLICATION |
| 03/14/11 Mon | Shugrue, J 2118646-9/30 | 0.20 | 0.20 | 112.00 | | | 1 | MATTER NAME: Fee Applications EMAILS WITH L. LANKFORD REGARDING INTERIM FEE APPLICATION. |

~ See the last page of exhibit for explanation

EXHIBIT M
REED SMITH RETENTION/COMPENSATION
Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
| 03/15/11 Tue | Lankford, L 2118646-9/31 | 0.80 | 0.80 | 136.00 | | 1 | MATTER NAME: Fee Applications RESEARCH REGARDING COSTS ISSUE RAISED BY FEE AUDITOR. |
| 03/16/11 Wed | Lankford, L 2118646-9/32 | 1.20 | 1.20 | 204.00 | 0.20 F 1.00 F | 1 2 | MATTER NAME: Fee Applications E-MAIL CORRESPONDENCE WITH J. SHUGRUE REGARDING EXAMINER REPORT FOR 6TH INTERIM FEE APPLICATION (.2); REVIEWED ISSUES REGARDING SAME (1.0). |
| 03/16/11 Wed | Shugrue, J 2118646-9/34 | 0.40 | 0.40 | 224.00 | | 1 | MATTER NAME: Fee Applications PREPARED EMAIL TO FEE AUDITOR REGARDING 7TH INTERIM FEE APPLICATION. |
| 03/16/11 Wed | Somoza, S 2118646-9/33 | 0.20 | 0.20 | 26.00 | | 1 | MATTER NAME: Fee Applications REVIEWED AND CATALOGUED EASE CORRESPONDENCE. |
| 03/23/11 Wed | Lankford, L 2118646-9/35 | 0.50 | 0.50 | 85.00 | | 1 | MATTER NAME: Fee Applications ANALYZED FEBRUARY INVOICES IN CONNECTION WITH PREPARING FEE APPLICATION. |
| 03/24/11 Thu | Lankford, L 2118646-9/36 | 1.00 | 1.00 | 170.00 | 0.90 F 0.10 F | 1 2 | MATTER NAME: Fee Applications DRAFTED RS'S 25TH MONTHLY FEE APPLICATION (.9); E-MAIL CORRESPONDENCE WITH J. SHUGRUE REGARDING SAME (.1). |
| 03/31/11 Thu | Lankford, L 2118646-9/37 | 0.10 | 0.10 | 17.00 | | 1 | MATTER NAME: Fee Applications E-MAIL CORRESPONDENCE WITH J. SHUGRUE REGARDING RS'S 25TH MONTHLY FEE APPLICATION. |
| 03/31/11 Thu | Shugrue, J 2118646-9/38 | 0.10 | 0.10 | 56.00 | | 1 | MATTER NAME: Fee Applications EMAILS WITH L. LNAKFORD REGARDING 25TH MONTHLY FEE APPLICATION. |
| 04/06/11 Wed | Shugrue, J 2129498-9/33 | 0.30 | 0.30 | 168.00 | | 1 | MATTER NAME: Fee Applications EMAILS WITH CLIENT REGARDING FORMATTING AND ORGANIZATION OF INVOICES AS RELATED TO BANKRUPTCY MATTERS. |
| 04/07/11 Thu | Raines, L 2129498-9/34 | 1.30 | 1.30 | 585.00 | 0.20 F 1.10 F | 1 2 | MATTER NAME: Fee Applications COMMUNICATIONS WITH J. SHUGRUE AND L. LANKFORD REGARDING REFORMATTING OF INVOICES FOR USE IN FEE APPLICATIONS (.2); ANALYZED INVOICES AND REVISED SAME PER CLIENT (1.1). |
| 04/07/11 Thu | Shugrue, J 2129498-9/35 | 0.20 | 0.20 | 112.00 | | 1 | MATTER NAME: Fee Applications EXCHANGED EMAILS WITH CLIENT REGARDING ORGANIZATION AND FORMAT OF INVOICES FOR USE IN FEE APPLICATIONS. |
| 04/08/11 Fri | Shugrue, J 2129498-9/36 | 0.40 | 0.40 | 224.00 | | 1 | MATTER NAME: Fee Applications ANALYZED AND EXCHANGED EMAILS WITH CLIENT REGARDING INVOICES AND ANALYZED REORGANIZED VERSIONS OF SAME. |
| 04/12/11 Tue | Raines, L 2129498-9/37 | 0.20 | 0.20 | 90.00 | | 1 | MATTER NAME: Fee Applications MET WITH J. SHUGRUE REGARDING FEE APPLICATION PREPARATION. |

~  See the last page of exhibit for explanation

EXHIBIT M

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 04/12/11 Tue | Shugrue, J 2129498-9/38 | 0.20 | 0.20 | 112.00 | | | 1 | *MATTER NAME: Fee Applications*<br>CONFERRED WITH L. RAINES REGARDING REORGANIZATION AND REFORMATTING OF INVOICES FOR USE WITH FEE APPLICATIONS. |
| 04/13/11 Wed | Raines, L 2129498-9/39 | 0.30 | 0.30 | 135.00 | | | 1 | *MATTER NAME: Fee Applications*<br>FOLLOWED UP WITH CLIENT REGARDING REVISION OF INVOICES FOR USE WITH FEE APPLICATIONS.. |
| 04/14/11 Thu | Raines, L 2129498-9/40 | 0.40 | 0.40 | 180.00 | | | 1 | *MATTER NAME: Fee Applications*<br>REVISED INVOICES FOR USE WITH FEE APPLICATIONS. |
| 04/15/11 Fri | Raines, L 2129498-9/41 | 0.60 | 0.60 | 270.00 | | | 1 | *MATTER NAME: Fee Applications*<br>REVISED INVOICES FOR USE WITH FEE APPLICATIONS AND EMAILED J. SHUGRUE REGARDING SAME. |
| 04/15/11 Fri | Shugrue, J 2129498-9/42 | 0.20 | 0.20 | 112.00 | | | 1 | *MATTER NAME: Fee Applications*<br>EXCHANGED EMAILS WITH FEE AUDITOR REGARDING 6TH INTERIM FEE APPLICATION. |
| 04/19/11 Tue | Shugrue, J 2129498-9/43 | 0.20 | 0.20 | 112.00 | | | 1 | *MATTER NAME: Fee Applications*<br>WORKED ON REORGANIZATION AND REFORMATTING OF INVOICES FOR USE WITH FEE APPLICATIONS PURSUANT TO CLIENT REQUEST/INSTRUCTIONS. |
| 04/22/11 Fri | Shugrue, J 2129498-9/45 | 0.20 | 0.20 | 112.00 | | | 1 | *MATTER NAME: Fee Applications*<br>ANALYZED DRAFT OF REVISED/REORGANIZED INVOICE FOR JANUARY WORK. |
| 04/22/11 Fri | Somoza, S 2129498-9/44 | 0.10 | 0.10 | 13.00 | | | 1 | *MATTER NAME: Fee Applications*<br>REVIEWED AND CATALOGUED CASE CORRESPONDENCE. |
| 04/25/11 Mon | Shugrue, J 2129498-9/46 | 0.20 | 0.20 | 112.00 | | | 1 | *MATTER NAME: Fee Applications*<br>CONFERRED WITH L. RAINES REGARDING STATUS AND FOLLOW UP REGARDING INVOICE REORGANIZATION AND REFORMATTING FOR USE WITH FEE APPLICATIONS. |
| 04/26/11 Tue | Raines, L 2129498-9/47 | 0.60 | 0.60 | 270.00 | | | 1 | *MATTER NAME: Fee Applications*<br>REVIEWED UPDATED DRAFT OF INVOICE FOR USE WITH FEE APPLICATIONS AND FINALIZED DRAFT FOR CLIENT. |
| 04/27/11 Wed | Shugrue, J 2129498-9/48 | 0.50 | 0.50 | 280.00 | | | 1 | *MATTER NAME: Fee Applications*<br>PREPARED RESPONSE EMAIL TO FEE AUDITOR REGARDING 7TH INTERIM FEE APPLICATION. |
| 04/28/11 Thu | Shugrue, J 2129498-9/49 | 0.20 | 0.20 | 112.00 | | | 1 | *MATTER NAME: Fee Applications*<br>FINALIZED AND TRANSMITTED EMAIL TO FEE AUDITOR REGARDING RESPONSE TO QUESTIONS ON 7TH INTERIM FEE APPLICATION. |
| 05/02/11 Mon | Falgowski, J 2142150-9/49 | 0.20 | 0.20 | 82.00 | 0.10  F<br>0.10  F | | 1<br>2 | *MATTER NAME: Fee Applications*<br>EMAIL COMMUNICATIONS WITH L. LANKFORD AND J. SHUGRUE REGARDING FEE APPLICATIONS (.1);<br>MET WITH L. LANKFORD REGARDING SAME (.1). |

~  See the last page of exhibit for explanation

EXHIBIT M

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 05/02/11 Mon | Lankford, L 2142150-9/48 | 1.80 | 1.80 | 306.00 | 0.30 | F | 1 | *MATTER NAME: Fee Applications*<br>E-MAIL CORRESPONDENCE WITH J. SHUGRUE, C. FALGOWSKI REGARDING REVISED INVOICES FOR JANUARY, FEBRUARY & MARCH 2011 TIME/COSTS (.3); |
| | | | | | 0.60 | F | 2 | REVIEWED & REVISED 25TH MONTHLY FEE APPLICATION (.6); |
| | | | | | 0.40 | F | 3 | DRAFTED CNO TO 24TH MONTHLY FEE APPLICATION (.4); |
| | | | | | 0.40 | F | 4 | REVIEWED INVOICES FOR 26TH MONTHLY FEE APPLICATION (.4); |
| | | | | | 0.10 | F | 5 | CONFERRED WITH C. FALGOWSKI REGARDING REVISED JANUARY 2011 INVOICE AND AMENDED FEE APPLICATION REGARDING SAME (.1). |
| 05/02/11 Mon | Raines, L 2142150-9/50 | 2.30 | 2.30 | 1,035.00 | 0.40 | F | 1 | *MATTER NAME: Fee Applications*<br>FINALIZED REVISED DRAFT OF FEBRUARY INVOICE AND FOLLOWED UP WITH CLIENT REGARDING SAME (.4); |
| | | | | | 0.30 | F | 2 | FOLLOW UP COMMUNICATIONS WITH CLIENT REGARDING FURTHER REVISIONS (.3); |
| | | | | | 0.70 | F | 3 | FURTHER REVISED FEBRUARY INVOICE (.7); |
| | | | | | 0.60 | F | 4 | REVISED MARCH INVOICE (.6); |
| | | | | | 0.30 | F | 5 | COMMUNICATIONS WITH L. LANKFORD REGARDING STATUS AND FILING OF INVOICES WITH BANKRUPTCY COURT (.3). |
| 05/02/11 Mon | Shugrue, J 2142150-9/51 | 0.50 | 0.50 | 280.00 | | | 1 | *MATTER NAME: Fee Applications*<br>PREPARED NARRATIVE TEXT FOR 25TH MONTHLY FEE APPLICATION. |
| 05/03/11 Tue | Lankford, L 2142150-9/52 | 1.30 | 1.30 | 221.00 | | | 1 | *MATTER NAME: Fee Applications*<br>REVIEWED/DRAFTED 25TH & 26TH MONTHLY FEE APPLICATIONS. |
| 05/04/11 Wed | Raines, L 2142150-9/53 | 0.40 | 0.40 | 180.00 | 0.20 | F | 1 | *MATTER NAME: Fee Applications*<br>FOLLOWED UP WITH CLIENT AND L. LANKFORD REGARDING REVISED INVOICES (.2); |
| | | | | | 0.20 | F | 2 | EMAILS WITH J. SHUGRUE REGARDING SAME (.2). |
| 05/04/11 Wed | Shugrue, J 2142150-9/54 | 0.20 | 0.20 | 112.00 | | | 1 | *MATTER NAME: Fee Applications*<br>ANALYZED AND EXCHANGED EMAILS WITH L. RAINES REGARDING REFORMATTING OF INVOICES IN CONNECTION WITH FEE APPLICATIONS. |
| 05/06/11 Fri | Raines, L 2142150-9/55 | 0.40 | 0.40 | 180.00 | 0.10 | F | 1 | *MATTER NAME: Fee Applications*<br>FOLLOWED UP C. LEEMAN REGARDING REVISED INVOICES (.1); |
| | | | | | 0.10 | F | 2 | FOLLOWED UP WITH L. LANKFORD REGARDING SAME (.1); |
| | | | | | 0.20 | F | 3 | EMAILS WITH J. SHUGRUE REGARDING SAME (.2). |
| 05/06/11 Fri | Shugrue, J 2142150-9/56 | 0.20 | 0.20 | 112.00 | | | 1 | *MATTER NAME: Fee Applications*<br>ANALYZED AND EXCHANGED EMAILS WITH L. RAINES REGARDING SUBMISSION OF FEE APPLICATION USING REFORMATTED INVOICE. |
| 05/10/11 Tue | Somoza, S 2142150-9/57 | 0.90 | 0.90 | 117.00 | | | 1 | *MATTER NAME: Fee Applications*<br>REVIEWED AND CATALOGUED CASE CORRESPONDENCE. |
| 05/13/11 Fri | Lankford, L 2142150-9/58 | 1.10 | 1.10 | 187.00 | 0.40 | F | 1 | *MATTER NAME: Fee Applications*<br>E-MAIL CORRESPONDENCE WITH J. SHUGRUE REGARDING UPDATED INVOICES FOR FEB/MARCH 2011 FEE/COSTS (.4); |
| | | | | | 0.70 | F | 2 | DRAFTED RS'S 26TH MONTHLY & 9TH INTERIM FEE APPLICATIONS (.7). |

~  See the last page of exhibit for explanation

EXHIBIT M

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 05/13/11 Fri | Shugrue, J 2142150-9/59 | 0.40 | 0.40 | 224.00 | | | 1 | *MATTER NAME: Fee Applications* ANALYZED AND EXCHANGED EMAILS WITH L. LANKFORD REGARDING INVOICES FOR MONTHLY FEE APPLICATIONS AS REQUIRED BY CLIENT. |
| 05/20/11 Fri | Raines, L 2142150-9/60 | 0.80 | 0.80 | 360.00 | | | 1 | *MATTER NAME: Fee Applications* REVISED APRIL INVOICE (MARCH TIME) PER CLIENT AND SENT SAME TO L. LANKFORD FOR FURTHER REVISIONS. |
| 05/23/11 Mon | Lankford, L 2142150-9/61 | 1.50 | 1.50 | 255.00 | | | 1 | *MATTER NAME: Fee Applications* REVIEWED REFORMATTED INVOICE OF MARCH 2011 TIME/COSTS AND WORKED ON REVISING FEE APPLICATIONS PER SAME. |
| 05/24/11 Tue | Lankford, L 2142150-9/62 | 0.90 | 0.90 | 153.00 | | | 1 | *MATTER NAME: Fee Applications* DRAFTED RS'S 9TH INTERIM FEE APPLICATION. |
| 05/24/11 Tue | Lankford, L 2142150-9/63 | 0.80 | 0.80 | 136.00 | | | 1 | *MATTER NAME: Fee Applications* REVIEWED REFORMATTED MARCH INVOICE AND WORKED ON REVISING FEE APPLICATIONS PER SAME. |
| 05/24/11 Tue | Raines, L 2142150-9/64 | 0.20 | 0.20 | 90.00 | | | 1 | *MATTER NAME: Fee Applications* FOLLOWED UP WITH L. LANKFORD REGARDING REVISIONS TO APRIL INVOICE. |
| 05/25/11 Wed | Falgowski, J 2142150-9/66 | 0.10 | 0.10 | 41.00 | | | 1 | *MATTER NAME: Fee Applications* MET WITH L. LANKFORD REGARDING 9TH INTERIM FEE APPLICATION. |
| 05/25/11 Wed | Lankford, L 2142150-9/65 | 0.80 | 0.80 | 136.00 | 0.10 0.10 0.10 0.50 | F F F F | 1 2 3 4 | *MATTER NAME: Fee Applications* CONFERRED WITH C. FALGOWSKI REGARDING RS'S 9TH INTERIM FEE APPLICATION (.1); E-MAIL CORRESPONDENCE TO J. SHUGRUE REGARDINS SAME (.1); MESSAGE TO L. RAINES REGARDING MARCH 2011 INVOICE (.1); E-FILED AND SERVED RS'S 9TH INTERIM FEE APPLICATION (.5). |
| 05/31/11 Tue | Lankford, L 2142150-9/67 | 1.60 | 1.60 | 272.00 | | | 1 | *MATTER NAME: Fee Applications* REVIEWED MARCH 2011 INVOICE AND PHONE MESSAGE TO L. RAINES. |
| Total Number of Entries: | 57 | | 34.80 | $10,545.00 | | | | |

EXHIBIT M

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Falgowski, J | 0.50 | 205.00 |
| Lankford, L | 19.30 | 3,281.00 |
| Raines, L | 7.50 | 3,375.00 |
| Shugrue, J | 6.30 | 3,528.00 |
| Somoza, S | 1.20 | 156.00 |
| | 34.80 | $10,545.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Applications | 34.80 | 10,545.00 |
| | 34.80 | $10,545.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL