IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Hearing Date: July 11, 2012 at 10:00 a.m. ET<br><br>Related Docket Nos. 11859, 11940 |

**REPLY MEMORANDUM IN SUPPORT OF MOTION OF HARRY AMSDEN, ROBERT GREMILLION, AND DAVID D. WILLIAMS FOR AN ORDER AUTHORIZING THE DEBTORS TO DEPOSIT THEIR 2010 MANAGEMENT INCENTIVE PLAN AWARDS INTO RABBI TRUSTS**

In response to Movants' Motion, the Committee[1] does not dispute that Movants provided valuable service throughout 2010 that benefitted the Estate. The Committee does not dispute that Movants will lose approximately 40% of their income for that year for no reason relating to their performance. The Committee does not dispute that, if Movants' Motion is denied, they will have been severely undercompensated compared to their peers despite having worked extraordinarily hard. November 10, 2010 hearing on the 2010 MIP Motion, Movants' Motion, Ex. F at 34:7-11 (proffered testimony of President and Chief Executive Officer Eddy Hartenstein stating: "I have never seen a group of people, and I have personally never worked as hard in all my years in business to make this happen. I've asked people to do extraordinary things and they've responded and other business unit leaders in the company have as well."). Instead, the Committee takes the position that because Movants were terminated without cause in 2011, it is somehow fair and equitable to forever deny them the money for which they worked so hard in 2010, and therefore should not even put the money they were awarded by the

---

[1] Capitalized terms have meaning set forth in Movants' Motion [D.I. No. 11859] unless otherwise indicated.

1368455

Compensation Committee in a trust as it has done with other similarly-situated employees. Committee's Objection (the "Objection") [D.I. No. 11940] to Movants' MIP awards is inequitable, without merit and should be overruled for at least two reasons:

*First*, Committee's Objection contradicts its own statements regarding these MIP awards for the Movants at the hearing on the 2010 MIP. At the hearing, Committee recognized that Movants earned their MIP awards and that Committee would have "no problem" if they were to receive them absent a finding of liability in the *FitzSimons* Action. Movants' Motion, Ex. F at 15:16-19. Committee now attempts to change its prior statement and impose arbitrary additional qualifying criteria by claiming that "[i]mplicit in Committee counsel's remarks was that future MIP payments to the Excluded Officers might be proper if—like all other MIP payments—they incentivized current management and created value for the Debtors' estates." Objection at 3. These qualifying conditions are found nowhere in Committee's statements at hearing, and nowhere in the 2010 MIP Order, which expressly provided that the Movants could later seek their MIP payments without prejudice. Court Order dated November 10, 2010 [D.I. No. 6323]. Now that Committee's stated concern has been addressed through Movants' request for only *potential* payment, it should not be permitted to change the terms.[2]

In fact, this "implicit" distinction between former employees and current employees with regard to paying MIP awards has never been raised by Committee and, as set forth in Movants' Motion (and which Committee fails to address in its Objection), is inconsistent with the Committee's prior support of the 2010, 2011, and 2012 MIPs, which expressly provide

---

[2] Indeed, along with the Committee, the U.S. Trustee and the Bridge Agent objected to the 2010 MIP Motion solely with respect to Movants and two current employees at issue in Debtors' Motion [D.I. No. 11860]. Neither the U.S. Trustee nor the Bridge Agent objected to Movants' current Motion.

2

1368455

for *former* employees being permitted to receive their MIP payments even after they are terminated without cause. Movants' Motion at 4.

***Second***, Committee's opposition based on "no benefit to the Estate" is also wrong. Movants provided valuable contribution in 2010—as described in their Affidavits and in the testimony of Debtors' management—that has already benefitted and will continue to benefit the Estate. See Movants' Motion, Exs. C, D, and E. Indeed, granting this Motion would also provide an incentive to existing management, who will need not fear that they will not be paid for the work performed (even if subsequently terminated without cause). This also benefits the Estate.

In addition, denying this motion would defeat the purpose of the MIP, which was to fairly compensate top management, including Movants, for their "herculean efforts" in 2010. Movants' Motion, Ex. F at 33:24-34:2; see 2010 MIP Motion at 19 ("[W]ithout an annual cash incentive bonus, the Company's management team would be severely undercompensated. . . ."). As stated in Movants' Motion, denying Movants' earned MIP awards (even though they are only asking for awards to be held in rabbi trusts) because they are no longer employees would be inequitable as a matter of policy. Cases upon which Committee relies (Objection at 8 n.5) for the proposition that discretionary bonuses and wages should be treated differently do not apply here because they do not deal with approved bonus payments. Here, Movants were promised these bonuses for meeting certain requirements, and then satisfied the requirements, as evidenced by the Compensation Committee's approval of the aggregate amount of $782,500 for the three of them.

Debtors, in their business judgment and through their Compensation Committee, have determined that Movants should be paid their MIP awards. Moreover, Debtors do not

object to this Motion. As stated by Committee, the Court has deferred to Debtors' business judgment and should do so here. Objection at 6-7.

For the foregoing reasons, Movants are entitled to the relief requested and ask that the Order attached as <u>Exhibit A</u> to Movants' Motion be entered and that they receive other relief the Court may deem just and proper.

Dated: July 6, 2012

                                              **CONNOLLY BOVE LODGE & HUTZ LLP**

| John R. McCambridge | Jeffrey C. Wisler (#2795) |
| George R. Dougherty | Marc J. Phillips (# 4445) |
| GRIPPO & ELDEN LLC | The Nemours Building |
| 111 South Wacker Drive | 1007 N. Orange Street |
| Chicago, IL 60606 | P.O. Box 2207 |
| Telephone: (312) 704-7700 | Wilmington, DE 19899 |
| Facsimile: (312) 558-1195 | Telephone: (302) 658-9141 |
| Email: jmccambridge@grippoelden.com | Facsimile: (302) 658-0380 |
|        gdougherty@grippoelden.com | Email: jwisler@cblh.com |
| |        mphillips@cblh.com |

Attorneys for Harry Amsden, Robert Gremillion and David D. Williams

#4911686v1

1368455