# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Related to Docket Nos. 3796, 3989, 11792, 11931, and 11942 |

## DEBTORS' REPLY IN SUPPORT OF DEBTORS' SUPPLEMENTAL OBJECTION TO CLAIMS OF ROBERT HENKE PURSUANT TO SECTIONS 502(B) AND 558 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, hereby file this reply (the "Reply") in support of the Debtors' Supplemental Objection to the Claims of Robert Henke Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

3001, 3003, and 3007, and Local Rule 3007-1 (Docket No. 11792) (the "Supplemental Objection"), filed on June 11, 2012.[2] On June 29, 2012, Mr. Henke filed a response to the Supplemental Objection (Docket No. 11931) (the "Supplemental Response").

## ARGUMENT

1. As to the purported defamation claim that Mr. Henke seeks to assert against the Sun, Mr. Henke offers very little by way of a substantive response to the Debtors' objection that the Henke Claim is time-barred because the underlying Lawsuit was commenced after the expiration of the applicable statute of limitations. Mr. Henke concedes as he must that the Maryland Circuit Court's own records demonstrate that the Lawsuit was commenced on January 12, 2009, more than three months after the expiration of the statute of limitations.[3] Instead, Mr. Henke raises for the first time the argument that the Henke Claim should nonetheless survive disallowance because the Proposed Amended Complaint asserts a claim for fraud, which has a three-year statute of limitations. (See Response at ¶ 12.) For the reasons that follow, even if the Court considers this new argument, the Court should similarly find that the Henke Claim should be disallowed and expunged because it fails to state a claim for relief that could possibly support the $100,000,000 in damages that Mr. Henke seeks, under applicable law.

2. Mr. Henke now alleges the Sun committed fraud because it allegedly made a number of misrepresentations to him "and to his family", which induced him (and them) to cooperate with the Sun and provide information for the Article. (See Proposed Amended

---

[2] Capitalized terms used but not defined herein shall have the meanings assigned to such terms in the Supplemental Objection.

[3] Even if the Court were to consider entertaining Mr. Henke's alternative interpretations of the applicable statute of limitations – that an otherwise valid complaint is "filed" upon mailing by a plaintiff or upon receipt by the court's intake desk – those interpretations are unavailing to Mr. Henke as a matter of fact in this case, where Mr. Henke's entire submission to the Maryland Circuit Court was returned to him as defective, because he failed to properly identify a defendant to the purported complaint, to allow the Maryland Circuit Court to process and serve the complaint. See Supplemental Objection at ¶¶ 7-9.

2

Complaint at ¶ 96.) This caused him "harm", which allegedly was the same "harm to reputation" caused by the allegedly defamatory content of the article. (See Proposed Amended Complaint at ¶ 97, referring to ¶¶ 127-136.)[4] Thus, at bottom, Mr. Henke's newly-asserted fraud claim seeks the same damages as his defamation claim and is grounded on the same complaints about the Sun's reporting, but it seeks to re-cast that claim as one for fraud.

    3. Numerous courts have held that a plaintiff may not, as a matter of law, attempt to do exactly what Henke seeks to do: evade the requirements of defamation claims by re-casting them as a complaint that a reporter fraudulently induced cooperation with the news report. Otherwise the constitutional, statutory, and common law limitations on the law of defamation would essentially be a nullity, since every unhappy subject of a news program could seek to recover all injuries allegedly caused by defamatory reporting merely by alleging that some misrepresentation induced their consent to talk to the reporter. The Proposed Amended Complaint thus fails to state a claim for fraud, for any and all of three independent reasons.

    4. First, the supposed misrepresentations Mr. Henke alleges are far too vague and indefinite to support a claim for fraud. Claims for fraud must allege specific misrepresentations of material facts, not vague, indefinite promises. Lasater v. Guttmann, 5 A.3d 79 (Md. App. 2010); Ragsdale v. Kennedy, 207 S.E.2d 301, 306 (N.C. App. 1974). The alleged statements here -- that the Sun would not discredit him, would not seek proof, would not exploit a juvenile, etc. -- are not specific statements of fact, but are rather exactly the kind of vague, subjective predictions of what a future news article might look like that courts have

---

[4] The specific alleged misrepresentations include representing that the article would be sympathetic, rather than "discredit" Mr. Henke (Proposed Amended Complaint at ¶¶ 98-102); that the Sun would take whatever Mr. Henke had to say at face value without seeking proof (Proposed Amended Complaint at ¶¶ 103-107); an alleged "silent misrepresentation" giving Mr. Henke "the impression" that the Sun would not report about his reasons for leaving the Air Force (Proposed Amended Complaint at ¶¶ 108-110); that the Sun would "never exploit a juvenile" (Proposed Amended Complaint at ¶¶ 111-113); and a final "silent misrepresentation" by not disclosing that its reporter had been to Johns Hopkins University (Proposed Amended Complaint at ¶¶ 114-115).

3

rejected as a basis for a fraud claim. See, e.g., Veilleux v. National Broadcasting Cos., Inc., 206 F.3d 92, 101 (1st Cir. 2000) (allegation that a promised news report would be "positive" is too vague to support a fraud claim). See also Morgan v. Celender, 780 F.Supp 307 (W.D. Pa. 1992) (promise about future content of article is not fraud); Cusack v. 60 Minutes Division of CBS, Inc., 29 Med. L. Rptr. 2067 (N.Y. Co. Sup., June 20, 2001), aff'd, 749 N.Y.S.2d 242 (1st Dept. 2002) (promise that a report would be "fair" to plaintiff is not fraud); Desnick v. American Broadcasting Cos., Inc., 44 F.3d 1345, 1354-55 (7th Cir. 1995) (alleged promise that a report would be "fair and balanced" to plaintiff is not fraud).

        5.       Second, a plaintiff alleging fraud must plead damages proximately caused by reliance on the alleged misrepresentations. Empire Realty Co. Inc. v. Fleisher, 305 A.2d 144, 148 (Md. 1973); Food Lion v. Capital Cities/ABC, 964 F.Supp. 956 (M.D.N.C. 1997), aff'd on other grounds, 194 F.3d 505 (4th Cir. 1999). But here, Mr. Henke's alleged injuries to his reputation were not proximately caused by any reliance on the supposed misrepresentations made by the Sun. Mr. Henke alleges that he was induced to grant interviews and otherwise "cooperate" with the Sun, but there is nothing injurious or alleged to be injurious about sitting for interviews. Rather, his alleged reputational and emotional injuries came not from granting interviews, but rather from the Sun's editorial decisions about how to present all of the information it gathered in an allegedly false, defamatory manner. Redress for those alleged injuries would lie in a claim for defamation, not fraud, and as a result Mr. Henke fails to state a claim. Raskin v. Swann. 454 S.E.2d 809 (Ga. App. 1995) ("even if we were to assume the allegations that the reporter deceived plaintiff and fraudulently induced him to give the interview were truthful . . . . plaintiff's complaint fails to state a claim for which money damages may be awarded"); Ramirez v. Time, Inc., 12 Med. L. Rep. 2230 (Sup. Ct. N.Y. Co. 1986), aff'd, 134

A.D.2d 970 (1st Dept. 1987) (claim that plaintiff was fraudulently induced to grant an interview and suffered emotional injuries as a result does not plead cognizable fraud damages); Food Lion v. Capital Cities/ABC, 964 F.Supp. at 962-63 (allegation that reporters obtained access to plaintiff's premises does not allege reputational injuries proximately caused by the alleged fraud); Frome v. Renner, 1997 WL 33308718 (C.D. Cal. Oct. 1, 1997) (dismissing fraud claim against CBS News reporter who allegedly obtained hidden-camera videotapes through fraud); Homsy v. King Word Ent't, Inc., 1997 WL 52154, *5 (Tex. App. Houston [1st Dist.] 1997) (alleged fraudulent inducement of interview that was videotaped cannot support claims for "nonpecuniary damages for mental anguish resulting from [the reporter's] misrepresentations . . . . [and] pecuniary damages for losses resulting from disclosure of confidential information about himself, his work, and his employer, and from providing filmed footage of himself.").

6.   Finally, as a matter of First Amendment law, Mr. Henke may not evade the requirements of a defamation claim by seeking defamation damages from the publication of a news report through the tort of fraud, the elements of which do not require the pleading and proof of the constitutionally-required elements of defamation. Food Lion v. Capital Cities/ABC, 194 F.3d 505, 522-24 (4th Cir. 1999); Pitts Sales, Inc. v. King World Productions, Inc., 383 F.Supp.2d 1354, 1363 (S.D.Fla. 2005); La Luna Enterprises, Inc. v. CBS Corp., 74 F.Supp.2d 384 (S.D.N.Y. 1999) (allegation that a CBS News reporter misrepresented that a story was about tourism in Miami, when it was about the influence of the Russian mafia in Miami, fails to state a claim for fraud). See also Hustler Magazine v. Falwell, 485 U.S. 46 (1988). In short, Mr. Henke's attempt to avoid the statute of limitations for defamation by re-casting his complaint as one for fraud fails to state a claim, and the Henke Claim must be disallowed and expunged in its entirety.

Dated: Wilmington, Delaware
July 6, 2012

Respectfully submitted,

LEVINE SULLIVAN KOCH & SCHULTZ LLP
Nathan Siegel
Chad Bowman
1899 L Street, NW, Suite 200
Washington, D.C. 20036
Telephone: (202) 508-1184
Facsimile: (202) 861-9888

-and-

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

46429/0001-8669873v1