IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Hearing Date: August 7, 2012 at 10:00 a.m. ET<br>Response Deadline: July 31, 2012 at 4:00 p.m. ET |

## DEBTORS' FIFTY-FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTIONS 502(b), 503, AND 558 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003 AND 3007, AND LOCAL RULE 3007-1

### ("TV GUIDE CLAIMS")

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, hereby file this fifty-fifth omnibus objection (the "Objection"), which Objection covers four (4) proofs of claim filed against Tribune Company ("Tribune") and TMS Entertainment Guides, Inc. ("TMS Entertainment") by TV Guide Online, Inc. and TV Guide Online, LLC (collectively, "TV

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CH1 6417679v.3
46429/0001-8669694v1

Guide"), each asserted in the amount of $5,699,364.00 (plus additional unliquidated pre-petition and post-petition amounts) (collectively, the "TV Guide Claims"), on the basis that neither Tribune nor TMS Entertainment has any liability for such claims and that such claims are substantive duplicates of each other and of two (2) additional claims asserted by TV Guide against Debtor Tribune Media Services, Inc. ("TMS").[2] A list of the TV Guide Claims and the Debtor against which each claim is asserted is attached hereto as Exhibit A. Claim No. 4899 is attached hereto as Exhibit B as a representative sample of the TV Guide Claims.[3]

This Objection is submitted pursuant to sections 502(b), 503, and 558 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). By this Objection, the Debtors request the entry of an order disallowing and expunging each of the TV Guide Claims in its entirety, as indicated in further detail below. The Debtors have reviewed Del. Bankr. LR 3007-1 in connection with the preparation of this Objection, and the Debtors believe that this Objection complies with that Rule. In support of the Objection, the Debtors respectfully state as follows:

## INTRODUCTION

1. Upon review of the TV Guide Claims and the operative facts and law, the Debtors have determined that neither Tribune nor TMS Entertainment has any liability whatsoever to TV Guide. In summary, the TV Guide Claims were each filed on account of pending litigation commenced in 2005 by TV Guide against TMS in the United States District Court for the District of Delaware for alleged patent infringement by TMS in connection with certain television programming listings functionality provided by Zap2It.com, a website operated

---

[2] By this Objection, the Debtors are not objecting to Claim No. 3754 asserted by TV Guide Online, Inc. against TMS or Claim No. 3755 asserted by TV Guide Online, LLC against TMS. The Debtors expressly reserve all of their rights and defenses with respect to Claim Nos. 3754 and 3755.

[3] Copies of all of the TV Guide Claims will be submitted to the Court prior to the hearing on this Objection in accordance with Local Rule 3007-1(e)(iv).

46429/0001-8669694v1

by TMS (the "Patent Litigation"). A copy of the complaint filed in the Patent Litigation is appended to each of the TV Guide Claims. (See Exhibit B.) The complaint lists TV Guide Online, Inc. and TV Guide Online, LLC as plaintiffs, and TMS as the sole defendant. Neither Tribune nor TMS Entertainment are named as parties in the Patent Litigation and there is no allegation made in the complaint or in any of the TV Guide Claims regarding any alleged wrongful conduct by Tribune or TMS Entertainment. Accordingly, the TV Guide Claims should be disallowed and expunged because no basis for recovery from Tribune or TMS Entertainment is stated or supported by such claims, and further because they substantively duplicate each other and the earlier-filed claims of TV Guide against TMS. The Debtors accordingly request that this Court disallow and expunge each of the TV Guide Claims from the claims register to reflect that such claims have no cognizable basis on which to be asserted against either Tribune or TMS Entertainment.

## STATUS OF THE CASE AND JURISDICTION

2.     On December 8, 2008 (the "Petition Date"), Tribune and certain of its subsidiaries, including the Courant, each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[4] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 110 entities.

3.     The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). (Docket Nos. 43, 2333).

4.     The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[4] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

3

46429/0001-8669694v1

5. On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors in the Debtors' chapter 11 cases (the "Committee").

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 502(b), 503, and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1.

## FACTUAL BACKGROUND CONCERNING THE TV GUIDE CLAIMS

7. On June 9, 2009, TV Guide Online, Inc. and TV Guide Online, LLC each filed a proof of claim against TMS in the amount of $5,699,364.00 (plus additional unliquidated pre-petition and post-petition amounts) on account of the Patent Litigation. Those claims were assigned Claim Nos. 3754 and 3755, respectively, by Epiq Bankruptcy Solutions, LLC, the Court-appointed claims agent (the "Claims Agent"). On June 12, 2009, TV Guide Online, Inc. and TV Guide Online, LLC filed the four TV Guide Claims against Tribune and TMS Entertainment, also each in the amount of $5,699,364.00 (plus additional unliquidated pre-petition and post-petition amounts). The TV Guide Claims state that TV Guide believes that Tribune and TMS Entertainment "may be liable as a co-infringer, joint tortfeasor, principal, alter ego or agent of, or due to its relationship with TMS, for the damages resulting from TMS's infringement of the Patent." No other documentation was submitted with the TV Guide Claims to support the assertion of the TV Guide Claims against Tribune or TMS Entertainment. Discovery has been completed in the Patent Litigation, and further activity in the Patent Litigation has been stayed pursuant to 11 U.S.C. § 362.

## RELIEF REQUESTED

8. By this Objection, the Debtors seek entry of an order, pursuant to sections 502(b), 503, and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and

4

Local Rule 3007-1, disallowing and expunging the TV Guide Claims in their entirety on the basis that the TV Guide Claims are facially without merit in that they fail to state a claim for which relief can be granted as against Tribune and TMS Entertainment under applicable non-bankruptcy law and are substantive duplicates of earlier-filed claims of TV Guide against TMS. The Debtors also seek an order authorizing the Claims Agent to expunge the TV Guide Claims from the official claims register maintained in these chapter 11 cases (the "Claims Register") so that the Claims Register accurately reflects the claims outstanding against the Debtors' estates.

## APPLICABLE LAW

9.  This Objection is based on section 502(b)(1) of the Bankruptcy Code, which provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
> (1)  such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1). Section 502(b)(1) recognizes the settled principle that "[c]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450-51 (2007) (citing Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20 (2000)). A claim against the bankruptcy estate, therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be enforceable against the debtor outside of bankruptcy." In re Combustion Eng'g, Inc., 391 F.3d 190, 245 (3d Cir. 2004). In proceedings to determine whether a claim is enforceable against the estate, "[t]he estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other

46429/0001-8669694v1

personal defenses" pursuant to section 558 of the Bankruptcy Code. See 11 U.S.C. § 558. In addition, to the extent any of the TV Guide Claims seek to assert post-petition administrative expense claims against Tribune or TMS Entertainment for damages arising from the Patent Litigation, the Debtors object to such claims pursuant to section 503(b)(1)(A) of the Bankruptcy Code, because, inter alia, such claims do not arise from a transaction with either Tribune or TMS Entertainment at all, let alone one that provided any benefit to either of those entities.[5]

10.    Here, making all reasonable inferences in favor of TV Guide, there is no actionable "right to payment" that could be asserted by TV Guide against Tribune or TMS Entertainment by any of the TV Guide Claims or in the underlying Patent Litigation. To the extent that any liability is owed by the Debtors to TV Guide on account of the Patent Litigation, which the Debtors dispute, such liability could only be asserted against TMS and not against Tribune, TMS Entertainment, or any other Debtor. Neither the underlying Patent Litigation nor the TV Guide Claims assert any factual or legal basis for liability on the part of Tribune or TMS Entertainment. Instead, the TV Guide Claims make only one conclusory statement that Tribune and TMS Entertainment may be co-liable for TV Guide's claims against TMS on various theories that are entirely unsupported, which does nothing to help TV Guide carry its burden of establishing an allowable claim against either of those entities. Neither Tribune nor TMS Entertainment operate Zap2it.com, which is the website operated by TMS that is the subject of the allegations made in the Patent Litigation. Neither Tribune nor TMS Entertainment is named in the Patent Litigation, either as a party or in any count of the complaint filed on account thereof. Accordingly, each of the TV Guide Claims should be disallowed and expunged. TV

---

[5] On March 18, 2011, TV Guide filed six (6) Requests for Payment of Administrative Expense Claims, four (4) of which were filed against Tribune and TMS Entertainment (see Docket Nos. 8423, 8424, 8427, and 8428) (the "TV Guide Admin Requests"). The TV Guide Admin Requests were neither served on the Debtors nor noticed for a hearing. Each seeks the payment of "damages sufficient to compensate TV Guide Online for debtor Tribune Media Services's ("TMS") ongoing infringement of U.S. Patent No. 5,988,078...." (See, e.g., Docket No. 8423, Request for Payment of Administrative Expense Claim of TV Guide Online, LLC, filed against Tribune Company.) For the avoidance of doubt, the Debtors object to the relief requested in each of the TV Guide Admin Requests for the same reasons that they object to the TV Guide Claims, pursuant to section 503 of the Bankruptcy Code.

6

46429/0001-8669694v1

Guide will not be prejudiced by the disallowance and expungement of the TV Guide Claims because it will continue to hold Claim Nos. 3754 and 3755 against TMS, subject to all of TMS's rights and defenses in respect of such claims.

## NOTICE

11. Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the administrative agents for Tribune's prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' postpetition financing facility; (v) TV Guide, through its legal counsel; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

12. No previous application for the relief sought herein has been made to this Court or to any other court.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, pursuant to sections 502(b), 503, and 558 of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, (i) disallowing in full and expunging the TV Guide Claims; (ii) directing the Claims Agent to expunge the TV Guide Claims from the Claims Register; and (iii) granting such other and further as the Court deems just and proper.

Dated: Wilmington, Delaware  
      July 6, 2012

Respectfully submitted,

SIDLEY AUSTIN LLP  
Bryan Krakauer  
Kenneth P. Kansa  
Jillian K. Ludwig  
One South Dearborn Street  
Chicago, Illinois 60603  
Telephone: (312) 853-7000  
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,  
FORMAN & LEONARD, P.A.

By: _____  
Norman L. Pernick (No. 2290)  
J. Kate Stickles (No. 2917)  
Patrick J. Reilley (No. 4451)  
500 Delaware Avenue, Suite 1410  
Wilmington, Delaware 19801  
Telephone: (302) 652-3131  
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND  
DEBTORS IN POSSESSION

46429/0001-8669694v1