**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**FEE EXAMINER'S AMENDED FINAL REPORT REGARDING THE**
**SEVENTH INTERIM FEE APPLICATION OF ZUCKERMAN SPAEDER LLP**

Stuart Maue (the **"Fee Examiner"**) submits this Amended Final Report pursuant to the

*Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and*

*Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket

No. 546] (the **"Fee Examiner Order"**) in connection with the *Seventh Interim Fee Application*

*of Zuckerman Spaeder LLP for Interim Approval and Allowance of Compensation and*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers. Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings. Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance. LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles. Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

*Reimbursement of Expenses.* [Docket No. 9475] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $1,112,522.00 and reimbursement of expenses that total $111,383.98 for the period from March 1, 2011 through May 31, 2011. Zuckerman Spaeder LLP ("**Zuckerman**") serves as Special Counsel to the Official Committee of Unsecured Creditors (the "**Committee**").

### Background

1.      On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2.      On August 13, 2009, the Committee filed the *Application of the Official Committee of Unsecured Creditors of Tribune Company, et al., Pursuant to 11 U.S.C. §§ 328 and 1103 and Fed. R. Bankr. P. 2014, for an Order Authorizing the Employment and Retention of Zuckerman Spaeder LLP as Special Counsel Nunc Pro Tunc to August 6, 2009* [Docket No. 1953] (the "**Retention Application**"). By order dated September 3, 2009, this Court approved the retention of Zuckerman (the "**Retention Order**"). The Retention Order provided that Zuckerman "shall be compensated in accordance with the procedures set forth in section 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, local rules and orders of the court, guidelines established by the Office of the United States Trustee, and such other procedures as may be fixed by order of this Court."

3.    Zuckerman submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the **"Interim Compensation Order"**).

<u>Applicable Standards</u>

4.    In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.    The Fee Examiner reviewed the Fee Application for compliance with Sections 330 and 331 of the Bankruptcy Code (the **"Bankruptcy Code"**), the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the **"Local Rules"**), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.    Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court

shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

7.    A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.    The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to Zuckerman for review and comment. The firm submitted to the Fee Examiner a lengthy and detailed written response to the Preliminary Report. After consideration of the additional information provided by the firm, the Fee Examiner now

issues this amended final report (the **"Final Report"**) "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5.*

## DISCUSSION OF FINDINGS

### <u>Technical Requirements</u>

9.      <u>**Reconciliation of Fees and Expenses.**</u>  The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application (**"Fees Requested"** and **"Expenses Requested"**) to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm (**"Fees Computed"** and **"Expenses Computed"**).  The Fee Examiner determined that the Fees Requested exceed the Fees Computed by $430.00, resulting in an apparent overcharge.  The discrepancy is the result of detail fee entries for two timekeepers which do not sum to the hours and fees requested for those timekeepers, which was displayed in **Exhibit A** to the Preliminary Report.  The firm agreed with the Fee Examiner's computation and apologized for the inadvertent computation error and, accordingly, agreed to reduce its fees by $430.00.  Exhibit A is omitted from this report.

The Fee Examiner further determined that there is no discrepancy between the Expenses Requested and the Expenses Computed.  The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

10.    **Block Billing.**[2] The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*. The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[3] The Delaware Bankruptcy Court has found that time entries that generally only combine work on one issue, and a conference/communication with the client or opposing counsel on the same issue, while technically blocked billing, will not be objectionable.[4] Zuckerman block billed entries totaling 87.80 hours and $53,443.00 in associated fees, which were displayed in **Exhibit B** to the Preliminary Report[5]. Based upon the precedent established by this Court, however, the Fee Examiner finds that the firm's block billed entries are not objectionable. Exhibit B is omitted from this report.

11.    **Time Increments.** The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*. The UST Guidelines further

---

[2] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

[3] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

[4] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

[5] This Amended Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*.    Zuckerman complied with the applicable rules regarding time increments.

### Review of Fees

12.    **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*.    The Fee Application provided the names, positions, and hourly rates of the 22 Zuckerman professionals and paraprofessionals who billed to this matter, consisting of 7 partners, 1 associate, 5 staff attorneys, 1 contract attorney, 3 paralegals, 1 litigation support, 1 library director, 1 assistant library director, 1 library assistant, and 1 paralegal assistant.  A summary of hours and fees billed by each timekeeper is displayed in **Exhibit C**.

The firm billed a total of 2,079.30 hours with associated fees of $1,112,092.00.[6]  The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

---

[6] This amount reflects the Fees Computed.

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 1,363.10 | 65% | $ 906,702.00 | 82% |
| Associate | 329.40 | 16% | 111,996.00 | 10% |
| Staff Attorney | 34.80 | 2% | 10,268.00 | * |
| Contract Attorney | 99.00 | 5% | 26,730.00 | 2% |
| Paralegal | 152.90 | 7% | 39,504.00 | 4% |
| Litigation Support | 1.20 | * | 222.00 | * |
| Library Director/Asst. Library Director/Library Assistant | 56.40 | 3% | 9,870.00 | * |
| Paralegal Assistant | 42.50 | 2% | 6,800.00 | * |
| **TOTAL** | 2,079.30 | 100% | $1,112,092.00 | 100% |

* Less than 1%

The blended hourly rate for the Zuckerman professionals is $578.05 and the blended hourly rate for professionals and paraprofessionals is $534.84.

13. **Hourly Rate Increases.**   Zuckerman did not increase the hourly rates for timekeepers during this interim period.

14. **Timekeepers' Roles.**   A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4).*  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.  Most Zuckerman timekeepers appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.  One timekeeper, however, appeared to bill for getting up to speed on the matter. The questioned timekeeper billed one entry for 0.60 hour and $324.00 in fees to review background documents and correspondence prior to attending a deposition.  The questioned time was displayed in **Exhibit D** to the Preliminary Report.  In response, Zuckerman provided an adequate explanation for the necessity of the billing entry.  Therefore, the Fee Examiner makes no recommendation for a fee reduction.  Exhibit D is omitted from this report.

15.   **Meetings, Conferences, Hearings, and Other Events.**  The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" *Local Rule 2016-2(d)(ix)*, and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v).*  While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more Zuckerman timekeepers attended the same meeting, conference, hearing, or other event, as well as any associated travel activities.  Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 321.50 hours with $220,434.50 in associated fees, were displayed in **Exhibit E** to the Preliminary Report.  In each instance where multiple timekeepers attended a meeting, conference, hearing, or other event, we identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference).  The potentially duplicative and unnecessary timekeepers' entries, including those tasks referencing related travel, total 185.20 hours with $122,217.00 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit.  The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response to the Preliminary Report, Zuckerman stated that as a matter of practice multiple firm attorneys attended events only when necessary and only for the amount of time necessary. The firm provided an explanation of events that occurred during the interim period and the need for more than one attorney to participate at various meetings. The firm then divided the meetings and events into various categories and provided additional information and context. The additional information and context brings the Fee Application into substantial compliance with the Local Rules and UST Guidelines, and accordingly, the Fee Examiner makes no recommendation for a fee reduction. Exhibit E is omitted from this report.

16.    **Intraoffice Conferences.**    Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified billing activities by Zuckerman timekeepers describing intraoffice conferences, totaling 60.30 hours with $31,412.00 in associated fees, or approximately 3% of the total Fees Computed, which was displayed in **Exhibit F** to the Preliminary Report. The Fee Examiner observed that, in certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference. The entries describing intraoffice conferences invoiced by two or more firm personnel totaled 29.80 hours with $14,617.00 in associated fees and were highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested that Zuckerman strive to eliminate unnecessary intraoffice conferencing, and further requests that the firm provide an explanation for the necessity of more than one participant billing for the same intraoffice.

Zuckerman responded to the Fee Examiner's request by asserting that the conferences were necessary to carry out the firm's work plan and accomplish the tasks during the application period and, further, that the meetings were always kept as short as possible. The response

provided specific examples of the necessity of intraoffice discussions, and noted that most of the questioned activities were invoiced by three principal members of the Zuckerman team as evidence that the firm was not enlisting inexperienced personnel who required excessive meetings.    After consideration of Zuckerman's response, the Fee Examiner makes no recommendation for a fee reduction, and Exhibit F is omitted from this report.

17.    **Complete and Detailed Task Descriptions.**  Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary."  The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*.  The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.  Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.

a.    **Vague Communications.**  The Fee Examiner identified entries totaling 1.95 hours with $603.00 in associated fees in which a conference or other communication was not described with sufficient detail. This lack of detail hinders a reviewer's ability to determine the reasonableness and necessity of the activity, and is in clear violation of the applicable guidelines.  The entries were displayed in **Exhibit G** to the Preliminary Report.  The Fee Examiner requested Zuckerman provide the required information.  Zuckerman responded by

providing additional information and context regarding the questioned entries, which brought them into substantial compliance. Thus, the Fee Examiner makes no recommendation for a fee reduction and omits Exhibit G from this report.

        b.    **Other Vague Tasks.**  The Fee Examiner reviewed the substantive detail of each billing entry and identified 5.30 hours with $3,180.00 in associated fees where the Fee Examiner could not determine the precise nature of the services performed by the timekeeper. The entries were displayed in **Exhibit H** to the Preliminary Report. As reflected in the Local Rules and UST Guidelines, billing entries must adequately describe the services actually performed to allow a determination of whether the task was staffed appropriately, whether the task involved the exercise of legal judgment, and/or whether the task was duplicated by other timekeepers.[7]  The Fee Examiner requested Zuckerman provide the required information. The firm responded by providing the missing detail, which brought the entries within compliance. The Fee Examiner makes no recommendation for a fee reduction. Exhibit H is omitted from this report.

        18.    **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The activities that appeared to represent administrative activities totaled 90.00 hours and $22,824.00 in associated fees, and were displayed in **Exhibit I** to the Preliminary Report. In response, Zuckerman provided additional detail and context regarding the majority of the questioned activities, which removed them from the questioned category. With regard to the remaining questioned entries, and without prejudice, Zuckerman and the Fee

---

[7] Vague entries do not allow the court to determine the reasonableness and necessity of the effort expended, and fees may be denied or reduced when insufficiently documented. *E.g., In re Bennett Funding, Inc.*, 213 B.R. 234, 245-46 (Bankr. N.D.N.Y. 1997). Entries for legal research must identify the issue and explain the research need. *In re Fibermark, Inc.*, 349 B.R. 385, 397 (Bankr. D. Vt. 2006).

Examiner reached a compromise whereby the firm agreed to a voluntary fee reduction of $4,089.50. Exhibit I is omitted from this report.

19. **Clerical Activities.** Typically, clerical activities are those tasks that do not require legal acumen and may effectively be performed by administrative assistants, secretaries, or support personnel, and like administrative activities are generally reflected in the hourly rates charged by a firm. In the 3rd Circuit, however, clerical-type activities performed by professionals and/or paraprofessionals are subject to a reduced billing rate. The Fee Examiner reviewed each timekeeper's billing activities and identified certain entries describing clerical-type activities, including but not limited to organizing materials, preparing indexes, and reviewing dockets. The questioned entries were displayed in **Exhibit J** to the Preliminary Report and totaled 56.50 hours with $15,175.00 in associated fees. In response, Zuckerman provided additional explanation and detail regarding certain questioned tasks and timekeepers including the legal acumen and skill involved. The firm, without prejudice, agreed to reduce to $80.00 per hour the rate applied to certain other entries resulting in a voluntary fee reduction in the amount of $6,712.00. The Fee Examiner makes no additional recommendation for a fee reduction, and Exhibit J is omitted from this report.

20. **Travel.** The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. The firm invoiced all travel entries at one-half of the timekeepers' hourly rates in compliance with the Local Rule.

21. **Zuckerman Retention/Compensation.** Zuckerman billed 55.90 hours with associated fees of $16,012.00 to prepare the firm's retention documents and applications for compensation, which computes to approximately 1% of the total Fees Computed. The fee entries

describing Zuckerman's retention/compensation activities are displayed in **Exhibit K**, which is included in the Final Report for the Court's reference.

22.    **Other Firms' Retention/Compensation.**    Zuckerman billed 1.90 hour with associated fees of $908.50 for activities relating to the retention of other firms and compensation, a negligible percentage of the total Fees Computed.  The fee entries are displayed in **Exhibit L**, which is included in the Final Report for the Court's reference.

## Review of Expenses

23.    **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*.  The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*.  Zuckerman provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

24.  **Litigation Expert.**  Zuckerman requested reimbursement of charges by Goldin Associates, LLC ("**Goldin**") totaling $441,503.38.[8]  Prior Fee Applications disclosed that Zuckerman "engaged a litigation expert to assist Zuckerman with insolvency and other financial distress issues."  Zuckerman's Fee Applications did not include Goldin invoices and time entries and, accordingly, the Fee Examiner cannot offer an opinion regarding the propriety of the underlying costs.  The Fee Examiner generally requested from Zuckerman an explanation as to why, given the amount at issue, the retention of these experts should not be subject to Court approval, and why the expert's invoices should not be subject to the Fee Examiner's review and submitted in separate fee applications, pursuant to the Interim Compensation Order.

In response, Zuckerman discussed the expert's retention, role, and fees and provided additional documentation detailing Golden Associates, LLC's activities and costs.  After reviewing the materials, the Fee Examiner makes no recommendation for an expense reduction at this time but will continue to monitor the litigation expert costs through the course of the firm's engagement and Zuckerman's final fee application.  The litigation expert's invoices are not currently subject to the bankruptcy fee review process.  If subject to review, however, the Fee Examiner notes that the litigation expert's invoices would, at a minimum, be questioned for further information.

25.  **Photocopies.**  The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii).*  The firm requested reimbursement for duplication charges at a rate of $0.10 per page, in compliance with the Local Rule.

26.  **Computer Assisted Legal Research.**  The Local Rules provide that computer assisted legal research charges "shall not be more than the actual cost." *Local Rule 2016-2(e)(iii).*

---

[8] Zuckerman inadvertently included this expense in its Sixth Interim Fee Application, which was outside that fee period. So, the expense was reduced from the Sixth Interim Fee Application and is now included in Zuckerman's Seventh Interim Fee Application, which includes fees and expenses incurred in March 2011.

The firm billed $2,389.00 for computer assisted legal research. The Fee Application indicated that "there is no surcharge for computerized research."

27.    **Court Reporters.**    Zuckerman requested reimbursement for court reporters totaling $60,826.50. The descriptions for each of the charges stated that the services were rendered by TSG Reporting, Inc. The Fee Examiner requested that Zuckerman provide additional information regarding the purpose and necessity of the charges that were displayed in **Exhibit M** to the Preliminary Report. Zuckerman provided sufficient information and documentation to justify and prove the necessity and purpose of the charges. Exhibit M is omitted from this report.

28.    **Travel Expenses.**    Zuckerman requested reimbursement of travel expenses totaling $30,886.83. The Fee Examiner requested additional information related to the charges displayed in **Exhibit N** to the Preliminary Report. For all charges, the Fee Examiner requested a detailed description that will allow a proper classification of the charge (airfare, hotel, etc.). For airfare charges, the Fee Examiner requested information regarding the origination, destination, and fare class. For meals, the Fee Examiner requested information regarding the type of meal (breakfast, lunch, etc.) and the name of each attendee. The Fee Examiner has recommended and the Court has followed certain per person ceilings for meals incurred during travel (i.e. breakfast - $15.00, lunch - $25.00, and dinner - $50.00). For hotel charges, the Fee Examiner requested information regarding the location and number of nights. The Fee Examiner has recommended and the Court has followed a domestic lodging ceiling of $350.00 per night.

In response, Zuckerman provided additional information, including an itemization for the questioned expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge, which answered most of the outstanding

questions. However, consistent with the standards applied to other case professionals in the Tribune matters and in other bankruptcy matters in this Court, the Fee Examiner recommends a lodging expense reduction in the amount of $6,718.61 resulting from the travel expenses (travel meals and hotel charges) that exceeded the well-established ceilings. The Fee Examiner and the firm discussed this issue, and while Zuckerman believes the lodging expenses are reasonable, reflect prevailing rates, and are appropriate and fully compensable, on an interim basis – and without waiving the right to request full payment at a final fee hearing – the firm acknowledged the expense reduction will be made and will not contest the reduction at the interim hearing. The Fee Examiner makes no additional recommendation for an expense reduction, and Exhibit N is omitted from this report.

29.    **Local Meals and Transportation.** Zuckerman requested reimbursement for local meals and transportation totaling $911.75. The Fee Examiner requested that Zuckerman provide additional information with regard to these charges, which were displayed in **Exhibit O** to the Preliminary Report, including an explanation for the necessity and purpose of each charge. For the majority of the charges in question, Zuckerman provided adequate information to justify the questioned expenses. However, Zuckerman, without prejudice, did agree to withdraw its request for reimbursement of $82.82 in expenses contained on Exhibit O. Exhibit O is omitted from this report.

## CONCLUSION

The Fee Examiner submits this final report regarding the Fee Application and the fees and expenses discussed above.  The Fee Examiner recommends the approval of fees in the amount of $1,101,290.50 ($1,112,522.00 minus $11,231.50) and reimbursement of expenses in the amount of $546,085.93 ($111,383.98 plus $441,503.38 minus $6,801.43) for the period from March 1, 2011 through May 31, 2011.  The findings are set forth in the summary on the following page.

**ZUCKERMAN SPAEDER LLP**

**SUMMARY OF FINDINGS**

**Seventh Interim Fee Application (March 1, 2011 through May 31, 2011)**

### A.    Amounts Requested and Computed

| | | |
|---|---|---|
| Fees Requested | $1,112,522.00 | |
| Expenses Requested | 111,383.98 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $1,223,905.98 |
| | | |
| Fees Computed | $1,112,092.00 | |
| Expenses Computed | 111,383.98 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $1,223,475.98 |
| | | |
| Discrepancy in Fees | $       430.00 | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $       430.00 |

### B.    Recommended Fee Allowance and Expense Reimbursement

| | | |
|---|---|---|
| Fees Requested | $1,112,522.00 | |
| *Agreed Reduction for Discrepancy in Fees* | | *($    430.00)* |
| *Agreed Reduction for Administrative Activities* | | *(4,089.50)* |
| *Agreed Reduction for Clerical Activities* | | *(6,712.00)* |
| Subtotal | | *($11,231.50)* |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $1,101,290.50 |
| | | |
| Expenses Requested | $111,383.98 | |
| *Agreed Addition of Litigation Expert Fees*[9] | | *$441,503.38* |
| *Agreed Reduction for Travel Expenses* | | *(6,718.61)* |
| *Agreed Reduction for Local Meals and Transportation* | | *(82.82)* |
| Subtotal | | *$434,701.95* |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 546,085.93 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $1,647,376.43 |

---

[9] Zuckerman moved this expense amount, which was initially requested in the previous [6th] Interim Fee Application.

Respectfully submitted,

**STUART MAUE**

By: _____
John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 6th day of July, 2012.

David Klauder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
William E. Chipman Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Andrew N. Goldfarb, Esq.
Zuckerman Spaeder LLP
1800 M Street, NW Suite 1000
Washington, DC 20036-5802

John F. Theil, Esq.

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

**Zuckerman Spaeder**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 1146 | Sottile, James | PARTNER | $362.50 | $725.00 | 509.50 | $356,845.00 |
| 1509 | Goldfarb, Andrew N. | PARTNER | $300.00 | $600.00 | 415.60 | $246,660.00 |
| 947 | Bush, Graeme W. | PARTNER | $425.00 | $850.00 | 180.00 | $151,215.00 |
| 1462 | Torrez, P. Andrew | PARTNER | $585.00 | $585.00 | 160.30 | $93,775.50 |
| 1409 | Naunton, Shawn P. | PARTNER | $590.00 | $590.00 | 51.00 | $30,090.00 |
| 253 | Macauley, Thomas G. | PARTNER | $625.00 | $625.00 | 34.10 | $21,312.50 |
| 1336 | Neish, Laura E. | PARTNER | $540.00 | $540.00 | 12.60 | $6,804.00 |
| | No. of Billers for Position: 7 | Blended Rate for Position: | $665.18 | | 1,363.10 | $906,702.00 |
| | | | | | % of Total: 65.56% | % of Total: 81.53% |
| 1544 | Caridas, Andrew | ASSOCIATE | $340.00 | $340.00 | 329.40 | $111,996.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $340.00 | | 329.40 | $111,996.00 |
| | | | | | % of Total: 15.84% | % of Total: 10.07% |
| 1452 | O'Neill, S. Ashley | STAFF ATTORNEY | $295.00 | $295.00 | 15.50 | $4,572.50 |
| 1450 | Falvello, Nina J. | STAFF ATTORNEY | $285.00 | $285.00 | 7.90 | $2,251.50 |
| 1199 | Hanna, Scott A. | STAFF ATTORNEY | $325.00 | $325.00 | 5.00 | $1,625.00 |
| 1135 | Saffern, David H. | STAFF ATTORNEY | $280.00 | $280.00 | 5.50 | $1,540.00 |
| 1386 | Gainey, Kimberly | STAFF ATTORNEY | $310.00 | $310.00 | 0.90 | $279.00 |
| | No. of Billers for Position: 5 | Blended Rate for Position: | $295.06 | | 34.80 | $10,268.00 |
| | | | | | % of Total: 1.67% | % of Total: 0.92% |
| 1533 | Benjamin, Barlow | CONTRACT ATTY | $270.00 | $270.00 | 99.00 | $26,730.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $270.00 | | 99.00 | $26,730.00 |
| | | | | | % of Total: 4.76% | % of Total: 2.40% |
| 1431 | Medoro, Lisa | PARALEGAL | $265.00 | $265.00 | 125.60 | $33,284.00 |
| 1451 | Hodge, Afton B. | PARALEGAL | $200.00 | $200.00 | 19.30 | $3,860.00 |
| 1054 | Braunstein, Janet M. | PARALEGAL | $295.00 | $295.00 | 8.00 | $2,360.00 |

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL
## COMPUTED AT STANDARD RATES
### Zuckerman Spaeder

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| | No. of Billers for Position: 3 | Blended Rate for Position: | $258.36 | | 152.90 | $39,504.00 |
| | | | | | % of Total: 7.35% | % of Total: 3.55% |
| 1436 | Nguyen, Lam-Anh Ngoc | LITIGATION SUPP | $185.00 | $185.00 | 1.20 | $222.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $185.00 | | 1.20 | $222.00 |
| | | | | | % of Total: 0.06% | % of Total: 0.02% |
| 1034 | Wilson, Kimberley | LIBR DIR/ASSIS | $175.00 | $175.00 | 26.60 | $4,655.00 |
| 1308 | Faubell, Jeanne Trahan | LIBR DIR/ASSIS | $175.00 | $175.00 | 22.80 | $3,990.00 |
| 913 | Welham, Monica D. | LIBR DIR/ASSIS | $175.00 | $175.00 | 7.00 | $1,225.00 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $175.00 | | 56.40 | $9,870.00 |
| | | | | | % of Total: 2.71% | % of Total: 0.89% |
| 279 | Gillig, Diana | PARALEGAL ASST | $160.00 | $160.00 | 42.50 | $6,800.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $160.00 | | 42.50 | $6,800.00 |
| | | | | | % of Total: 2.04% | % of Total: 0.61% |
| | Total No. of Billers: 22 | Blended Rate for Report: | $534.84 | | 2,079.30 | $1,112,092.00 |

EXHIBIT K

ZUCKERMAN RETENTION/COMPENSATION

Zuckerman Spaeder

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Gillig, D | 40.70 | 6,512.00 |
| Macauley, T | 15.20 | 9,500.00 |
| | 55.90 | $16,012.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Retention/Fee Applications | 55.90 | 16,012.00 |
| | 55.90 | $16,012.00 |

EXHIBIT K
ZUCKERMAN RETENTION/COMPENSATION
Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 03/02/11 Wed | Gillig, D 277791/636 | 0.50 | 0.50 | 80.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW TIME DETAIL REGARDING NEXT FEE APPLICATION. |
| 03/03/11 Thu | Gillig, D 277791/640 | 0.40 | 0.40 | 64.00 | F | 1 | MATTER NAME: Retention/Fee Applications FINALIZE REVIEW OF TIME DETAIL. |
| 03/03/11 Thu | Gillig, D 277791/641 | 0.40 | 0.40 | 64.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW AND REVISE TIME DETAIL. |
| 03/03/11 Thu | Macauley, T 277791/637 | 0.30 | 0.30 | 187.50 | F | 1 | MATTER NAME: Retention/Fee Applications FURTHER EDITS TO DECEMBER TIME ENTRIES TO COMPLY WITH LOCAL RULES. |
| 03/03/11 Thu | Macauley, T 277791/638 | 0.90 | 0.90 | 562.50 | F | 1 | MATTER NAME: Retention/Fee Applications FINAL REVIEW OF DECEMBER TIME ENTRIES FOR COMPLIANCE OF LOCAL RULES. |
| 03/03/11 Thu | Macauley, T 277791/639 | 0.30 | 0.30 | 187.50 | F | 1 | MATTER NAME: Retention/Fee Applications DRAFT NOTE TO INTERNAL TEAM REGARDING TIME ENTRIES AND NEED TO CONFORM WITH LOCAL RULES. |
| 03/04/11 Fri | Gillig, D 277791/642 | 2.50 | 2.50 | 400.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW COSTS AND PREPARE ITEMIZED CHART EXHIBIT FOR 17TH MONTHLY FEE APPLICATION. |
| 03/07/11 Mon | Gillig, D 277791/645 | 1.50 | 1.50 | 240.00 | F | 1 | MATTER NAME: Retention/Fee Applications DRAFT 17TH MONTHLY FEE APPLICATION. |
| 03/07/11 Mon | Gillig, D 277791/646 | 0.20 | 0.20 | 32.00 | F | 1 | MATTER NAME: Retention/Fee Applications DRAFT NOTICE AND CERTIFICATE OF SERVICE FOR SAME. |
| 03/07/11 Mon | Gillig, D 277791/647 | 0.10 | 0.10 | 16.00 | F | 1 | MATTER NAME: Retention/Fee Applications ELECTRONICALLY FILE 17TH MONTHLY FEE APPLICATION AND PREPARE SERVICE FOR SAME. |
| 03/07/11 Mon | Macauley, T 277791/643 | 0.90 | 0.90 | 562.50 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW JANUARY TIME ENTRIES FOR PRIVILEGE AND COMPLIANCE WITH LOCAL RULES. |
| 03/07/11 Mon | Macauley, T 277791/644 | 0.30 | 0.30 | 187.50 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW AND EDIT 17TH MONTHLY FEE APPLICATION. |
| 03/10/11 Thu | Macauley, T 277791/648 | 0.80 | 0.80 | 500.00 | F | 1 | MATTER NAME: Retention/Fee Applications CONTINUE REVIEW OF JANUARY TIME DETAIL. |

~ See the last page of exhibit for explanation

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| 03/11/11 Fri | Gillig, D 277791/649 | 4.30 | 4.30 | 688.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW AND REVISE TIME DETAIL REGARDING 18TH MONTHLY FEE APPLICATION. |
| 03/15/11 Tue | Gillig, D 277791/650 | 0.50 | 0.50 | 80.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>MAKE REVISIONS TO TIME DETAIL. |
| 03/17/11 Thu | Gillig, D 277791/651 | 0.40 | 0.40 | 64.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>MORE REVISIONS TO TIME DETAIL REGARDING 18TH MONTHLY FEE APPLICATION. |
| 03/17/11 Thu | Macauley, T 277791/652 | 0.80 | 0.80 | 500.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>FINAL REVIEW OF JANUARY TIME DETAIL FOR PRIVILEGE AND LOCAL RULES ISSUES. |
| 03/18/11 Fri | Gillig, D 277791/653 | 0.40 | 0.40 | 64.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>MAKE FINAL REVISIONS TO TIME DETAIN REGARDING NEXT FEE APPLICATION. |
| 03/21/11 Mon | Gillig, D 277791/656 | 1.40 | 1.40 | 224.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT 18TH MONTHLY FEE APPLICATION. |
| 03/22/11 Tue | Gillig, D 277791/658 | 1.40 | 1.40 | 224.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT 18TH MONTHLY FEE APPLICATION. |
| 03/22/11 Tue | Gillig, D 277791/659 | 1.20 | 1.20 | 192.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>PREPARE COST CHART EXHIBIT FOR 18TH MONTHLY FEE APPLICATION. |
| 03/23/11 Wed | Gillig, D 277791/661 | 0.80 | 0.80 | 128.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>CONTINUE DRAFTING 18TH MONTHLY FEE APPLICATION. |
| 03/23/11 Wed | Gillig, D 277791/662 | 0.20 | 0.20 | 32.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT NOTICE OF APPLICATION AND CERTIFICATE OF SERVICE FOR SAME. |
| 03/23/11 Wed | Gillig, D 277791/663 | 0.10 | 0.10 | 16.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>ELECTRONICALLY FILE SAME. |
| 03/23/11 Wed | Macauley, T 277791/660 | 0.20 | 0.20 | 125.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW 18TH MONTHLY FEE APPLICATION. |
| 03/24/11 Thu | Macauley, T 277791/664 | 0.10 | 0.10 | 62.50 | F | 1 | MATTER NAME: Retention/Fee Applications<br>SPEAK WITH J. GOLDIN REGARDING REIMBURSEMENT OF EXPENSES. |

~  See the last page of exhibit for explanation

EXHIBIT K
ZUCKERMAN RETENTION/COMPENSATION
Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| 03/28/11 Mon | Gillig, D 277791/665 | 1.60 | 1.60 | 256.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW TIME DETAIL REGARDING 19TH MONTHLY FEE APPLICATION. |
| 03/28/11 Mon | Macauley, T 277791/668 | 0.20 | 0.20 | 125.00 | F | 1 | MATTER NAME: Retention/Fee Applications DRAFT NOTE TO K. JENKINS REGARDING EXPENSE INFORMATION. |
| 03/31/11 Thu | Macauley, T 277791/669 | 0.10 | 0.10 | 62.50 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW NOTICE OF DEADLINE FOR FILING NEXT ROUND OF INTERIM FEE APPLICATIONS. |
| 04/05/11 Tue | Macauley, T 278019/485 | 1.40 | 1.40 | 875.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW FEBRUARY TIME DETAIL FOR PRIVILEGE AND LOCAL RULE COMPLIANCE. |
| 04/07/11 Thu | Macauley, T 278019/487 | 0.20 | 0.20 | 125.00 | F | 1 | MATTER NAME: Retention/Fee Applications DRAFT NOTE TO K. JENKINS REGARDING ADDITIONAL INFORMATION NEEDED FOR FEBRUARY TIME ENTRIES TO COMPLY WITH LOCAL RULES. |
| 04/07/11 Thu | Macauley, T 278019/488 | 0.40 | 0.40 | 250.00 | F | 1 | MATTER NAME: Retention/Fee Applications ANALYZE ISSUES REGARDING NEED FOR SUPPLEMENTAL DISCLOSURE. |
| 04/07/11 Thu | Macauley, T 278019/489 | 0.10 | 0.10 | 62.50 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW MEMO TO COMMITTEE REGARDING GOLDIN ISSUES. |
| 04/12/11 Tue | Macauley, T 278019/494 | 0.10 | 0.10 | 62.50 | F | 1 | MATTER NAME: Retention/Fee Applications SPEAK WITH J. GOLDIN REGARDING STATUS OF MOST RECENT MONTHLY FEE APPLICATION. |
| 04/12/11 Tue | Macauley, T 278019/495 | 0.60 | 0.60 | 375.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW AND EDIT FEBRUARY TIME ENTRIES FOR LOCAL RULE COMPLIANCE (BLOCK BILLING). |
| 04/18/11 Mon | Gillig, D 278019/497 | 0.10 | 0.10 | 16.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW DOCKET REGARDING FILE FEE APPLICATIONS. |
| 04/18/11 Mon | Gillig, D 278019/498 | 0.20 | 0.20 | 32.00 | F | 1 | MATTER NAME: Retention/Fee Applications DRAFT CNOS FOR 17TH AND 18TH MONTHLY FEE APPLICATIONS. |
| 04/18/11 Mon | Gillig, D 278019/499 | 0.20 | 0.20 | 32.00 | F | 1 | MATTER NAME: Retention/Fee Applications ELECTRONICALLY FILE CNOS FOR SAME. |
| 04/18/11 Mon | Macauley, T 278019/501 | 0.20 | 0.20 | 125.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW CNOS FOR 17TH AND 18TH MONTHLY FEE APPLICATIONS. |

~ See the last page of exhibit for explanation

EXHIBIT K
ZUCKERMAN RETENTION/COMPENSATION
Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 04/18/11 Mon | Macauley, T 278019/502 | 0.30 | 0.30 | 187.50 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT NOTE TO V. GARLATI REGARDING 17TH AND 18TH MONTHLY FEE APPLICATIONS. |
| 04/19/11 Tue | Gillig, D 278019/503 | 2.10 | 2.10 | 336.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW EXPENSES AND PREPARE COST CHART EXHIBIT FOR 19TH MONTHLY FEE APPLICATION. |
| 04/19/11 Tue | Gillig, D 278019/504 | 1.00 | 1.00 | 160.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT 19TH MONTHLY FEE APPLICATION. |
| 04/19/11 Tue | Macauley, T 278019/505 | 0.20 | 0.20 | 125.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>SPEAK AND REVIEW CORRESPONDENCE WITH J. GOLDIN REGARDING MARCH BILL. |
| 04/20/11 Wed | Gillig, D 278019/506 | 0.20 | 0.20 | 32.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>CONTINUE DRAFTING 19TH MONTHLY FEE APPLICATION. |
| 04/20/11 Wed | Gillig, D 278019/507 | 0.20 | 0.20 | 32.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT NOTICE OF FEE APPLICATION AND CERTIFICATE OF SERVICE REGARDING SAME. |
| 04/20/11 Wed | Macauley, T 278019/508 | 0.40 | 0.40 | 250.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW AND EDIT 19TH MONTHLY FEE APPLICATION. |
| 04/21/11 Thu | Gillig, D 278019/509 | 3.20 | 3.20 | 512.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT 6TH INTERIM FEE APPLICATION. |
| 04/21/11 Thu | Gillig, D 278019/510 | 0.20 | 0.20 | 32.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT NOTICE AND CERTIFICATE OF SERVICE FOR 6TH INTERIM FEE APPLICATION. |
| 04/21/11 Thu | Gillig, D 278019/511 | 0.10 | 0.10 | 16.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT NOTICE OF FILING AND CERTIFICATE OF SERVICE FOR SAME. |
| 04/21/11 Thu | Macauley, T 278019/512 | 0.90 | 0.90 | 562.50 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT NARRATIVE FOR 6TH INTERIM FEE APPLICATION. |
| 04/21/11 Thu | Macauley, T 278019/513 | 0.30 | 0.30 | 187.50 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW AND EDIT 6TH INTERIM FEE APPLICATION. |
| 04/25/11 Mon | Gillig, D 278019/514 | 2.10 | 2.10 | 336.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW MARCH TIME DETAIL. |

~  See the last page of exhibit for explanation

EXHIBIT K
ZUCKERMAN RETENTION/COMPENSATION
Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 04/28/11 Thu | Macauley, T 278019/516 | 1.80 | 1.80 | 1,125.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW AND EDIT MARCH TIME DETAIL FOR PRIVILEGE AND LOCAL RULE COMPLIANCE. |
| 04/29/11 Fri | Gillig, D 278019/517 | 1.00 | 1.00 | 160.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVISE TIME DETAIL FOR 19TH MONTHLY FEE APPLICATION. |
| 05/02/11 Mon | Gillig, D 278714/474 | 2.80 | 2.80 | 448.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVISE TIME DETAIL REGARDING 19TH MONTHLY FEE APPLICATION PERIOD. |
| 05/02/11 Mon | Macauley, T 278714/475 | 0.30 | 0.30 | 187.50 | F | 1 | MATTER NAME: Retention/Fee Applications<br>SPEAK WITH J. GOLDIN AND EXCHANGE NOTES WITH DEBTOR REGARDING STATUS OF 17TH AND 18TH MONTHLY FEE APPLICATION. |
| 05/03/11 Tue | Gillig, D 278714/476 | 1.30 | 1.30 | 208.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>CONTINUE REVISING TIME DETAIL REGARDING NEXT MONTHLY FEE APPLICATION. |
| 05/04/11 Wed | Gillig, D 278714/477 | 1.30 | 1.30 | 208.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVISE TIME DETAIL FOR 19TH MONTHLY FEE APPLICATION. |
| 05/07/11 Sat | Macauley, T 278714/480 | 1.00 | 1.00 | 625.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>FINAL REVIEW AND EDIT OF MARCH TIME ENTRIES REGARDING PRIVILEGE AND COMPLIANCE WITH LOCAL RULES. |
| 05/09/11 Mon | Gillig, D 278714/481 | 0.50 | 0.50 | 80.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVISE TIME DETAIL REGARDING 20TH MONTHLY FEE APPLICATION. |
| 05/09/11 Mon | Macauley, T 278714/482 | 0.20 | 0.20 | 125.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>SPEAK WITH J. GOLDIN REGARDING PAYMENT OF 17TH AND 18TH FEE APPLICATIONS. |
| 05/11/11 Wed | Gillig, D 278714/483 | 2.50 | 2.50 | 400.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW COSTS AND PREPARE EXHIBIT CHART REGARDING 20TH MONTHLY FEE APPLICATION. |
| 05/11/11 Wed | Gillig, D 278714/484 | 0.40 | 0.40 | 64.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT 20TH MONTHLY FEE APPLICATION. |
| 05/12/11 Thu | Gillig, D 278714/485 | 1.30 | 1.30 | 208.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT 20TH MONTHLY FEE APPLICATION. |
| 05/12/11 Thu | Gillig, D 278714/486 | 0.10 | 0.10 | 16.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT NOTICE AND CERTIFICATE OF SERVICE FOR 20TH MONTHLY FEE APPLICATION. |

~  See the last page of exhibit for explanation

EXHIBIT K
ZUCKERMAN RETENTION/COMPENSATION
Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 05/12/11 Thu | Macauley, T 278714/487 | 0.40 | 0.40 | 250.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW AND EDIT 20TH MONTHLY FEE APPLICATION. |
| 05/16/11 Mon | Gillig, D 278714/488 | 1.10 | 1.10 | 176.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW TIME DETAIL REGARDING 21ST MONTHLY FEE APPLICATION. |
| 05/17/11 Tue | Gillig, D 278714/490 | 0.90 | 0.90 | 144.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW TIME DETAIL REGARDING FIRST MONTHLY FEE APPLICATION. |
| 05/17/11 Tue | Macauley, T 278714/491 | 0.90 | 0.90 | 562.50 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW AND EDIT APRIL TIME ENTRIES TO ADDRESS PRIVILEGE AND TO COMPLY WITH LOCAL RULES. |
| 05/26/11 Thu | Macauley, T 278714/494 | 0.60 | 0.60 | 375.00 | F | 1 | MATTER NAME: Retention/Fee Applications FINAL REVIEW AND EDIT OF APRIL TIME DETAIL FOR LOCAL RULE COMPLIANCE. |
| Total | | | 55.90 | $16,012.00 | | | |
| Number of Entries: | 70 | | | | | | |

EXHIBIT K

ZUCKERMAN RETENTION/COMPENSATION

Zuckerman Spaeder

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Gillig, D | 40.70 | 6,512.00 |
| Macauley, T | 15.20 | 9,500.00 |
| | 55.90 | $16,012.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Retention/Fee Applications | 55.90 | 16,012.00 |
| | 55.90 | $16,012.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL

EXHIBIT L
OTHER FIRMS' RETENTION/COMPENSATION
Zuckerman Spaeder

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Gillig, D | 0.60 | 96.00 |
| Macauley, T | 1.30 | 812.50 |
| | 1.90 | $908.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Retention/Fee Applications | 1.90 | 908.50 |
| | 1.90 | $908.50 |

EXHIBIT L  PAGE 1 of  3

EXHIBIT L
OTHER FIRMS' RETENTION/COMPENSATION
Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 03/18/11 Fri | Gillig, D 277791/654 | 0.60 | 0.60 | 96.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW DOCKET REGARDING RETENTION APPLICATIONS. |
| 03/18/11 Fri | Macauley, T 277791/655 | 0.30 | 0.30 | 187.50 | F | 1 | MATTER NAME: Retention/Fee Applications ANALYZE EXPERT RETENTION ISSUES. |
| 04/08/11 Fri | Macauley, T 278019/491 | 0.10 | 0.10 | 62.50 | F | 1 | MATTER NAME: Retention/Fee Applications SPEAK WITH J. SOTTILE REGARDING SCOPE OF CONFLICTS COUNSEL RETENTION. |
| 04/14/11 Thu | Macauley, T 278019/496 | 0.20 | 0.20 | 125.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW DOCKET AND ORDER AUTHORIZING INTERIM COMPENSATION TO PROFESSIONALS. |
| 04/18/11 Mon | Macauley, T 278019/500 | 0.70 | 0.70 | 437.50 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW AND COMMENT ON DRAFT APPLICATION TO RETAIN CONFLICTS COUNSEL. |

Total
Number of Entries:          5

1.90          $908.50

~  See the last page of exhibit for explanation

EXHIBIT L  PAGE 2 of  3

EXHIBIT L

OTHER FIRMS' RETENTION/COMPENSATION

Zuckerman Spaeder

### SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Gillig, D | 0.60 | 96.00 |
| Macauley, T | 1.30 | 812.50 |
| | 1.90 | $908.50 |

### SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Retention/Fee Applications | 1.90 | 908.50 |
| | 1.90 | $908.50 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL

EXHIBIT L  PAGE 3 of  3