IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Hearing Date: August 7, 2012 at 10:00 a.m. ET<br>Response Deadline: July 31, 2012 at 4:00 p.m. ET |

## DEBTORS' OBJECTION TO CLAIM NO. 7104 ASSERTED BY THE DEPARTMENT OF REVENUE FOR THE STATE OF FLORIDA PURSUANT TO SECTIONS 502(b) AND 558 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003 AND 3007, AND LOCAL RULE 3007-1

> The relief sought herein is without prejudice to the Debtors' rights to pursue further substantive or non-substantive objections to the Florida Tax Claim described herein.

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and, collectively, the "Debtors"), by and through their undersigned counsel,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

hereby file this objection (the "Objection") to claim number 7104 (the "Florida Tax Claim"), filed by the Department of Revenue for the State of Florida (the "Florida DOR"), pursuant to sections 502(b) and 558 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3001, 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). By this Objection, the Debtors request the entry of an order disallowing and expunging the Florida Tax Claim, as indicated in further detail below. In support of the Objection, the Debtors rely on the Declaration of Patrick M. Shanahan, Vice President of Tax of Tribune Company (the "Shanahan Declaration"), attached hereto as Exhibit A. In further support of the Objection, the Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 110 entities.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). [Docket Nos. 43, 2333].

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

4. On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors in the Debtors' chapter 11 cases (the "Committee").

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1.

## FACTUAL BACKGROUND TO THE DEBTORS' CLAIMS PROCESS

6. On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs (Docket Nos. 567-789), which were subsequently amended on April 13, 2009 (Docket Nos. 894-957), June 12, 2009 (Docket Nos. 1343-1453), March 2, 2010 (Docket Nos. 3548-3599), May 13, 2010 (Docket No. 4388), and January 28, 2011 (Docket Nos. 7661-7671) (collectively, the "Schedules").[3]

7. On March 25, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date.[4]

8. Written notice of the Bar Date was mailed to, among others, all known creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties

---

[3] Tribune CNLBC, LLC filed its schedules of assets and liabilities and statements of financial affairs on October 12, 2009 (CNLBC Docket Nos. 8 and 9), which were subsequently amended on December 9, 2009 (Docket No. 2779), May 13, 2010 (Docket No 4389), and January 28, 2011 (Docket No. 7665).

[4] The Bar Date for the filing of Proofs of Claim against Tribune CNLBC, LLC was July 26, 2010. See Order Establishing Bar Date for Filing Proofs of Claim in the Tribune CNLBC, LLC Bankruptcy Case and Approving the Form and Manner of Notice Thereof entered on June 7, 2010 (Docket No. 4709).

46429/0001-8670278V1

who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order. In addition to mailing such actual notice, the Debtors also published notice of the Bar Date in the National Editions of The Wall Street Journal and the New York Times and in the Chicago Tribune and Los Angeles Times on May 12, 2009.

9.  To date, approximately 7,130 Proofs of Claim have been filed in these chapter 11 cases. The Proofs of Claim are recorded on the official claims register (the "Claims Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

## RELIEF REQUESTED

10. By the Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 disallowing and expunging the Florida Tax Claim on the basis that, after reconciling the Florida Tax Claim and the supporting materials against their books and records ("Books and Records"), the Debtors have determined that Tribune has no liability for the Florida Tax Claim because of the reasons specified in ¶¶ 14-21 of this Objection. The Debtors also request that any order sustaining the Objection authorize the Claims Agent to modify the Claims Register to comport with the relief requested herein. The Objection complies with Local Rule 3007-1 in all respects.

## BASIS FOR OBJECTION

11. This Objection is based on section 502(b)(1) of the Bankruptcy Code, which provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable

>law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1).

12. The Debtors have diligently reviewed their Books and Records and have undertaken a reasonable investigation of the Florida Tax Claim based on the information provided in the Florida Tax Claim. Based on that review, the Debtors believe that Tribune has no liability for the Florida Tax Claim because the claim fails to establish that any prepetition amounts are due and owing under applicable non-bankruptcy law. Specifically, Tribune has no liability on account of the Florida Tax Claim because the amounts owed to the Florida DOR for the tax years in question have already been paid to the Florida DOR and no further amounts are owed, or any such amounts are exceeded by tax refunds owed by the Florida DOR to Tribune for subsequent years.

13. Section 502(b)(1) of the Bankruptcy Code recognizes the settled principle that "[c]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450-51 (2007) (citing Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20 (2000)). A claim against the bankruptcy estate, therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be enforceable against the debtor outside of bankruptcy." In re Combustion Eng'g, Inc., 391 F.3d 190, 245 (3d Cir. 2004). In proceedings to determine whether a claim is enforceable against the estate, "[t]he estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses" pursuant to section 558 of the Bankruptcy Code. See 11 U.S.C. § 558.

## BASES FOR OBJECTION TO FLORIDA TAX CLAIM

14. The Florida DOR filed the Florida Tax Claim[5] in the amount of $5,750,522.32 for corporate income tax liabilities and related interest charges allegedly owed by Tribune for tax years 2001 and 2003 through 2007. Generally speaking, corporate income taxes in Florida are calculated based upon the taxable income reported for federal income tax purposes. (Shanahan Decl. at ¶ 5.) When a company amends its federal returns or the Internal Revenue Service ("IRS") adjusts the company's taxable income amounts for federal tax purposes, taxpayers are required to file amended Florida returns to reflect the revised federal taxable income amounts. (Id. at ¶ 5.) The Florida DOR is required to recognize any such amendment or adjustment, and adjust the amounts subject to Florida corporate income tax accordingly. (Id. at ¶ 5.)

15. Tribune filed both original (each return, as applicable, an "Original Florida Return") and amended corporate tax returns (each return, as applicable, an "Amended Florida Returns") in Florida in the tax years referenced in the Florida Tax Claim, as well as in years 2000 and 2008 (collectively, the "Florida Tax Returns"). (Id. at ¶ 6.) On December 11, 2006, after the filing of certain of the Original Florida Returns, Tribune made advance tax payments (the "Advance Payments") in anticipation of adjustments (the "Adjustments") that had then been initiated by the IRS to increase the amount of Tribune's taxable federal income. (Id. at ¶ 6.) The Advance Payments were estimated in advance of the Adjustments, and were made to satisfy in advance any increased taxes that could occur in connection with the Adjustments, as well as to

---

[5] In the Debtors' Fifty-Fourth Omnibus (Non-Substantive) Objection to Claims filed on June 11, 2012, the Debtors objected to Claim No. 6472 as having been amended and superseded by Claim No. 7104. With the exception of additional liabilities asserted for tax year 2006 and additional liabilities asserted for each of the other tax years, Claim No. 7104 is substantively identical to Claim No. 6472. In the event that the Debtors' Fifty-Fourth Omnibus (Non-Substantive) Objection to Claims is not sustained as to Claim No. 6472, the Debtors hereby request that such claim be expunged, together with Claim No. 7104, for the same reasons stated in this Objection.

avoid any associated accrued interest and penalties. (Id. at ¶ 6.) Specifically, Tribune made Advance Payments to the Florida DOR in the amounts of (i) $297,205 for tax year 2000; (ii) $273,473 for tax year 2001; (iii) $272,029 for tax year 2002; (iv) $277,658 for tax year 2003; (v) $273,310 for tax year 2004; (vi) $277,012 for tax year 2005. (Id. at ¶ 6.)

16. Tribune ultimately settled the amounts of the Adjustments with the IRS on August 20, 2009 (tax years 2000, 2001 and 2003), July 11, 2010 (tax years 2004 and 2005), and September 9, 2011 (tax years 2006 and 2007) (the "IRS Settlements"). (Id. at ¶ 7.) After the IRS Settlements were finalized in each of the respective years, Tribune filed the Amended Florida Returns, which adjusted the net income that was taxable by the Florida DOR for each relevant tax year. The Amended Florida Returns adjusted the net Florida taxable income as follows: (i) for tax year 2000, from $29,997,335 to $28,744,512; (ii) for tax year 2001, from $40,647,615 to $44,071,846; (iii) for tax year 2002, $60,592,358 to $64,292,164; (iv) for tax year 2003, $75,833,855 to $79,859,015; (v) for tax year 2004, $75,922,595 to $80,148,119; (vi) for tax year 2005, $54,558,667 to $59,466,418; (vii) for tax year 2006, $84,233,271 to $86,796,745; and (viii) for tax year 2007, $9,593,042 to $13,265,821. (Id. at ¶ 7.) Tribune also filed an Amended Florida Return for tax year 2008, entitling it to a tax refund of $1,794,133.00 (the "2008 Tax Refund"). (Id. at ¶ 7.)

17. Although the IRS Settlements resulted in increased taxable income for Tribune in each of the respective tax years (except for tax year 2000), most of the increased liabilities were offset by the Advance Payments. (Id. at ¶ 8.) Furthermore, because the IRS Settlement applicable to tax year 2000 *reduced* Tribune's federal taxable income, Tribune effectively made an overpayment of $366,110.00 (the "Overpayment") to the Florida DOR, as reflected on the applicable Amended Florida Return. (Id. at ¶ 8.) Therefore, Tribune requested

on the Amended Florida Return filed for tax year 2000 that this Overpayment be applied to partially offset tax liabilities for the tax years 2004 through 2007. (Id. at ¶ 8.) After these Advance Payments and the Overpayment, Tribune only had remaining liabilities to the Florida DOR for tax years 2006 and 2007 of $21,266.00 and $35,719.00, respectively. (Id. at ¶ 8.) Taking into account the 2008 Tax Refund, therefore, Tribune has no additional corporate income tax liabilities to the Florida DOR, and in fact is owed a refund. (Id. at ¶ 8.) Specifically, after netting[6] the 2008 Tax Refund[7] with the 2006 and 2007 tax liabilities, Tribune is owed a tax refund of $1,737,148.00. (Id. at ¶ 8.)

18.     However, the Florida Tax Claim asserts tax deficiencies totaling $3,616,170.29, with related interest charges totaling $2,134.352.03. See Florida Tax Claim. While the source of these deficiencies is unclear from the face of the claim, as a preliminary matter, the Florida Tax Claim does not appear to account for the application of the Overpayment, the Advance Payments and, generally, the Amended Florida Returns (which themselves reflect the IRS Settlements). (Id. at ¶ 9.) Even assuming that the Florida Tax Claim has erroneously failed to take into account the applicable Advance Payments and the Overpayment, which together total $1,739,592.00, the Florida Tax Claim appears to assert an additional tax deficiency of $1,876,578.29 (plus interest charges). (Id. at ¶ 9.) Apart from the 2006 and 2007 liabilities totaling $56,985.00, the Debtors have been unable to ascertain the basis for this alleged additional tax liability (Id. at ¶ 9), and, in any event, dispute the validity of the amounts asserted in the Florida Tax Claim, as discussed supra.

---

[6] The Debtors hereby request authorization to setoff Tribune's right to the 2008 Tax Refund against Tribune's tax liabilities for the tax years 2006 and 2007, pursuant to Bankruptcy Code sections 553 and 558.

[7] The Debtors reserve their right pursuant to section 542 of the Bankruptcy Code to file a motion to compel turnover of the 2008 Tax Refund, after the aforementioned netting, to Tribune.

46429/0001-8670278V1

19. In addition to the underlying alleged tax deficiencies, the Florida Tax Claim also alleges $2,134,352.03 in accrued interest on the corporate income tax liabilities. See Florida Tax Claim. As discussed supra, however, because the alleged tax deficiencies have been improperly calculated, and any amounts due and owing are offset by the 2008 Tax Refund, the related interest claims must be similarly disallowed and expunged.[8]

20. The Debtors sent a letter on February 9, 2012 to the Florida DOR attempting to resolve issues related to the Florida Tax Claim. (Id. at ¶ 10.) The Debtors have provided documentation supporting all of the facts set forth herein to a Florida DOR official in Tallahassee, but have been unable to resolve the issues relating to the Florida Tax Claim. (Id. at ¶ 10.)

21. As explained above, the Debtors believe that use of the correct taxable income numbers as reflected in the Amended Florida Returns, including the application of the Advance Payments, the Overpayment, and the 2008 Tax Refund, lead to the conclusion that Tribune in fact is owed a refund. Thus, the Florida Tax Claim should be disallowed and expunged in its entirety.

## RESERVATION OF RIGHTS

22. The Debtors hereby reserve their right to amend, modify, and/or supplement this Objection at any time prior to the hearing on this Objection. The Debtors further reserve their right to adjourn the hearing on this Objection as it pertains to the Florida Tax Claim. In the event that the Debtors so adjourn the hearing, they will state that the hearing on the Objection and/or any response filed in connection therewith and/or all applicable deadlines for

---

[8] In any event, to the extent that the interest is alleged to have accrued post-petition, such interest must be disallowed. See, e.g., In re Metro. Metals, Inc., 217 B.R. 457, 463 (Bankr. M.D. Pa. 1997) ("In fact, interest is not normally allowed to a tax claim in bankruptcy unsecured by estate property."); Matter of Pharmadyne Laboratories, Inc., 53 B.R. 517, 523 (Bankr. D.N.J. 1985) (postpetition interest on prepetition tax debt disallowed); City of New York v. Saper, 336 U.S. 328, 332 (1949) (claim for post-petition interest on pre-petition taxes disallowed).

responsive pleadings have been adjourned on the agenda for the hearing, which agenda will be served on any party affected by such adjournment.

## NOTICE

23.     Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the administrative agents for Tribune's prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' post-petition financing facility; (v) the Florida DOR and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

24.     No previous application for the relief sought herein has been made to this Court or to any other court.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, (i) disallowing and expunging the Florida Tax Claim; (ii) authorizing the Claims Agent to modify the Claims Register to comport with the relief requested herein; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
July 6, 2012

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Kenneth Kansa
Dennis M. Twomey
Steven Robinson
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION

46429/0001-8670278V1