# EXHIBIT A

## Shanahan Declaration

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## DECLARATION OF PATRICK M. SHANAHAN IN SUPPORT OF DEBTORS' OBJECTION TO CLAIM NO. 7104 ASSERTED BY THE DEPARTMENT OF REVENUE FOR THE STATE OF FLORIDA PURSUANT TO SECTIONS 502(B) AND 558 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003 AND 3007, AND LOCAL RULE 3007-1

I, Patrick M. Shanahan, declare as follows:

1.      I am the Vice President of Tax of Tribune Company, one of the debtors and

debtors in possession in the above-captioned chapter 11 cases (each a "<u>Debtor</u>" and, collectively,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

the "Debtors")[2], and the ultimate parent of the other Debtors.  In this position, I am responsible—together with the other members of the Debtors' management—for the management and oversight of the Debtors' restructuring efforts and business operations.  I am generally familiar with the Debtors' day-to-day operations, financing arrangements, tax obligations, business affairs and books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amount thereof owed to their creditors.

2.      I have read the Debtors' Objection to Claim No. 7104 Asserted by the Department of Revenue for the State of Florida Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 (the "Objection"), and am directly, or by and through the Debtors' personnel and advisors, familiar with the information contained therein.  I am authorized to submit this declaration (the "Declaration") in support of the Objection.

3.      All matters set forth in this Declaration are based on: (a) my personal knowledge, (b) my review of relevant documents, (c) my view, based on my experience and knowledge of the Debtors' operations and personnel, (d) information supplied to me by others at the Debtors' request, or (e) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance on the advice of counsel or other advisors to the Debtors.  If called upon to testify, I could and would testify competently to the facts set forth herein.

4.      Considerable time and resources have been expended to review and reconcile the Proofs of Claim filed against the Debtors in these chapter 11 cases.  Upon review of the Debtors' Books and Records, which the Debtors believe to be accurate, and the Florida Tax Claim and supporting documentation attached thereto, the Debtors have determined that the Florida Tax

---

[2] All capitalized terms used but not defined shall have the meaning ascribed to them in the Objection.

46429/0001-8670278V1

Claim is improperly asserted against the Debtors under applicable non-bankruptcy law. Accordingly, the Debtors filed the Objection requesting that the Court disallow the Florida Tax Claim.

5.      Generally speaking, corporate income taxes in Florida are calculated based upon the taxable income reported for federal income tax purposes. When a company amends its federal returns or the Internal Revenue Service ("IRS") adjusts the company's taxable income amounts for federal tax purposes, taxpayers are required to file amended Florida returns to reflect the updated amounts. The Florida DOR is required to recognize any such amendment or adjustment, and adjust the amounts subject to Florida corporate income tax accordingly.

6.      Tribune filed both original (each return, as applicable, an "Original Florida Return") and amended corporate tax returns (each return, as applicable, an "Amended Florida Returns") in Florida in the tax years referenced in the Florida Tax Claim (collectively, the "Florida Tax Returns"). On December 11, 2006, after the filing of certain of the Original Florida Returns, Tribune made advance tax payments (the "Advance Payments") in anticipation of adjustments (the "Adjustments") that had then been initiated by the IRS to increase the amount of Tribune's taxable federal income. The Advance Payments were estimated in advance of the Adjustments, and were made to satisfy, in advance, any increased taxes that could occur in connection with the Adjustments, as well as to avoid any associated accrued interest and penalties. Specifically, Tribune made Advance Payments to the Florida DOR in the amounts of (i) $297,205 for tax year 2000; (ii) $273,473 for tax year 2001; (iii) $272,029 for tax year 2002; (iv) $277,658 for tax year 2003; (v) $273,310 for tax year 2004; (vi) $277,012 for tax year 2005.

7.      Tribune ultimately settled the amounts of the Adjustments with the IRS on August 20, 2009 (tax years 2000, 2001 and 2003), July 11, 2010 (tax years 2004 and 2005), and

3

September 9, 2011 (tax years 2006 and 2007) (the "IRS Settlements").  After the IRS

Settlements were finalized for each of the respective years, Tribune filed the Amended Florida

Returns, which adjusted the net income that was taxable by the Florida DOR for each relevant

tax year.  The Amended Florida Returns adjusted the net Florida taxable income as follows: (i)

for tax year 2000, from $29,997,335 to $28,744,512; (ii) for tax year 2001, from $40,647,615 to

$44,071,846; (iii) for tax year 2002, $60,592,358 to $64,292,164; (iv) for tax year 2003,

$75,833,855 to $79,859,015; (v) for tax year 2004, $75,922,595 to $80,148,119; (vi) for tax year

2005, $54,558,667 to $59,466,418; (vii) for tax year 2006, $84,233,271 to $86,796,745; and

(viii) for tax year 2007, $9,593,042 to $13,265,821. Tribune also filed an Amended Florida

Return for tax year 2008, entitling it to a tax refund of $1,794,133.00 (the "2008 Tax Refund").

       8.      Although the IRS Settlements resulted in increased taxable income for Tribune in

each of the respective tax years (except for tax year 2000), because of the Advance Payments no

additional taxes were owed to the Florida DOR for tax years 2001 and 2003-2005.  Indeed

because the IRS Settlement applicable to tax year 2000 *reduced* Tribune's federal taxable

income, Tribune effectively made an overpayment of $366,110.00 (the "Overpayment") to the

Florida DOR, as reflected on the applicable Amended Florida Return.  Therefore, Tribune

requested on the Amended Florida Return for tax year 2000 that this Overpayment be applied to

offset tax liabilities for the tax years 2004 through 2007.  After these Advance Payments and the

Overpayment, Tribune had remaining liabilities to the Florida DOR for tax years 2006 and 2007

of $21,266.00 and $35,719.00, respectively.  Taking into account the 2008 Tax Refund,

therefore, Tribune has no additional corporate income tax liabilities to the Florida DOR, and in

fact is owed a refund.  Specifically, after netting the 2008 Tax Refund with the 2006 and 2007

tax liabilities, Tribune is owed a tax refund of $1,737,148.00.

4

9.     However, the Florida Tax Claim asserts tax deficiencies totaling $3,616,170.29, with related interest charges totaling $2,134.352.03.  While the source of these deficiencies is unclear from the face of the claim, as a preliminary matter, the Florida Tax Claim does not appear to account for the application of the Overpayment, the Advance Payments and, generally, the Amended Florida Returns (which themselves reflect the IRS Settlements).  Even assuming that the Florida Tax Claim has erroneously failed to take into account the applicable Advance Payments and the Overpayment, which together total $1,739,592.00, the Florida Tax Claim appears to assert an additional tax deficiency of $1,876,578.29 (plus interest charges).  Apart from the 2006 and 2007 liabilities totaling $56,985.00, the Debtors have been unable to ascertain the basis for this alleged additional tax liability.

10.    The Debtors sent a letter on February 9, 2012 to the Florida DOR attempting to resolve issues related to the Florida Tax Claim.  The Debtors have provided documentation supporting all of the facts set forth herein to a Florida DOR official in Tallahassee, but have been unable to resolve the issues relating to the Florida Tax Claim.

11.    As explained above, I believe that use of the correct taxable income numbers as reflected in the Amended Florida Returns, including the application of the Advance Payments, the Overpayment and the 2008 Tax Refund, lead to the conclusion that Tribune does not have any liability to the State of Florida for corporate income taxes and, in fact, is owed a tax refund.

[Remainder of Page Intentionally Left Blank]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6 day of July 2012.

By: Patrick M. Shanahan

CHI 6908532V.10