IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Hearing Date: August 7, 2012 at 10:00 a.m. ET<br>Response Deadline: July 31, 2012 at 4:00 p.m. ET |

**DEBTORS' FIFTY-SIXTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS
PURSUANT TO SECTIONS 502(b) AND 558 OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3001, 3003 AND 3007, AND LOCAL RULE 3007-1**

**("SAFECO CLAIMS")**

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, hereby file this fifty-sixth omnibus objection (the "Objection"), which Objection covers twenty

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-8670294v1

(20) proofs of claim, bearing Claim Nos. 6357 through 6376, filed against Tribune Company ("Tribune") and nineteen (19) other Debtors by claimant Safeco Insurance Company of America ("Safeco"), each asserted in the amount of $19,844,866.20 (with an aggregate total of $396,897,324.00) (collectively, the "Safeco Claims"), pursuant to sections 502(b) and 558 of title 11 of the United States Code (the "Bankruptcy Code") Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). A summary spreadsheet listing each of the Safeco Claims and the Debtor against which each is asserted is attached hereto as Exhibit A. Claim No. 6357 is attached hereto as Exhibit B as a representative sample of the Safeco Claims.[2]

Each of the Safeco Claims was filed on account of sixty-seven (67) bonds issued by Safeco to the Debtors prior to the Petition Date (defined below) (collectively, the "Safeco Bonds"). The Safeco Claims were filed in the face amount of the Safeco Bonds; however, the Debtors have determined that as of the scheduled hearing date for the Objection, only ten (10) of such bonds will remain outstanding, all other bonds having been cancelled or terminated under their terms.[3] Furthermore, the Debtors have determined that no amounts are due and owing to Safeco on account of any of the outstanding Safeco Bonds. The Debtors understand that Safeco filed the Safeco Claims on a protective basis in the event that a claim arose under any of the Safeco Bonds that gave rise to a right of payment to Safeco from the Debtors.

---

[2] Copies of all of the Safeco Claims will be submitted to the Court prior to the hearing on this Objection in accordance with Local Rule 3007-1(e)(iv).

[3] As of the filing date of the Objection, two (2) of the Safeco bonds are active but scheduled to cancel under their own terms prior to the response deadline (July 31, 2012) and the scheduled hearing date (August 7, 2012) for the Objection. Safeco Bond No. 6549661 is scheduled to cancel by its own terms on July 15, 2012 and was issued in the amount of $5,000.00 to cover the notary services of a former employee of the Debtors who retired on November 19, 2010. Safeco Bond No. 6549683 is scheduled to cancel by its own terms on July 26, 2012 and was issued in the amount of $5,000.00 to cover the notary services of a former employee of the Debtors who retired on January 22, 2010.

46429/0001-8670294v1

By this Objection, the Debtors request the entry of an order (i) modifying the amount of each of the Safeco Claims to $182,000.00, which represents the face amount of the ten (10) outstanding Safeco Bonds issued by Safeco to the Debtors and (ii) providing that each of the Safeco Claims, as modified, shall be expunged as of the Effective Date[4] of the plan of reorganization confirmed for the Debtors, subject to Safeco's right to assert a current right to payment on account of one or more of the Safeco Bonds that arose prior to the Effective Date, as indicated in further detail below. In support of the Objection, the Debtors submit the declaration of John Rodden, Vice President of Tribune (the "Rodden Declaration"), a copy of which is attached hereto as Exhibit C. In further support of the Objection, the Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), Tribune and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[5] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 110 entities.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). (Docket Nos. 43, 2333).

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[4] Capitalized terms used, but not defined herein, shall have the meanings ascribed to them in the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (Docket No. 11836) (as may be further amended, modified or supplemented, the "DCL Plan").

[5] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

46429/0001-8670294v1

4.      On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors in the Debtors' chapter 11 cases (the "Committee").

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1.

## FACTUAL BACKGROUND CONCERNING THE SAFECO CLAIMS

6.      On January 15, 2010, Safeco filed the twenty (20) Safeco Claims against twenty (20) individual Debtors, each asserted in the amount of $19,844,866.20.[6] All claims were listed as "contingent" with an asserted basis of "Contract Indemnity." (See Exhibit B.) Appended to each of the Safeco Claims is a statement that sets forth the basis for such claims, being two General Agreements of Indemnity between Safeco and certain Debtor(s), dated August 14, 1986 and November 3, 1986, and common law rights of subrogation, reimbursement, and exoneration arising from losses as a result of bonds issued by Safeco. (Id.)

7.      The Safeco Claims are based on sixty-seven (67) Safeco Bonds, including notary bonds, surety bonds, and customs bonds issued by Safeco in favor of certain Debtors. The aggregate face amount, i.e., the "total penal sum", on each of the sixty-seven (67) Safeco Bonds listed on the Safeco Claims is $19,844,866.20. (See Exhibit B.) Each of the Safeco Claims is asserted on the same basis as the others. As of June 4, 2009, Safeco asserted that of

---

[6] Each of the Safeco Claims amended and superseded a proof of claim filed by Liberty Mutual Insurance Company against the same Debtors in the same amounts on account of the same bonds, which were filed on June 10, 2009. Those claims were amended by Safeco to reflect that the correct name of the creditor was Safeco. (See Exhibit B.) The previously-filed claims were expunged pursuant to the Order Sustaining Debtors' Seventeenth Omnibus Objection (Non-Substantive) to Claims (Docket No. 3802).

the bonds issued, $2,016,866.20 remained active, with the remainder of the claim amounts "relating to other bonds on which Safeco believe[d] it may have future exposure." (Id.)

8. As part of their reconciliation of the Safeco Claims, the Debtors have determined that as of the scheduled hearing date for the Objection, fifty-seven (57) of the Safeco Bonds will been cancelled and/or terminated in accordance with the cancellation/termination provisions contained in the bonds (the "Cancelled Safeco Bonds").[7] (See Rodden Decl. at ¶ 5.) The Cancelled Safeco Bonds have an aggregate face amount of $19,662,866.20. (Id.) The Debtors have also determined that as of the scheduled hearing date for the Objection, ten (10) Safeco Bonds will still be "active" (the "Active Safeco Bonds"), meaning the Debtors could possibly still incur liability to Safeco thereon. (Id.) The Active Safeco Bonds have an aggregate face amount of $182,000.00. (Id.) Based on the Debtors' review of their books and records, the Debtors have incurred no liability to Safeco to date on the Active Safeco Bonds because Safeco has not incurred any losses under such Safeco Bonds. (Id. at ¶ 6.) The Debtors remain current on all annual premium payment obligations to Safeco, which obligations the Debtors have continued to honor in the ordinary course of business following the Petition Date. (Id.)

## RELIEF REQUESTED

9. By this Objection, the Debtors seek entry of an order, pursuant to sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (i) modifying the amount of each of the Safeco Claims to $182,000.00, which represents the face amount of the ten (10) Active Safeco Bonds and (ii) providing that each of the Safeco Claims, as modified, shall be expunged as of the Effective Date of the plan of reorganization confirmed for the Debtors, subject to Safeco's right to assert a current right to

---

[7] The cancellation notices respecting the Cancelled Safeco Bonds have been provided to Safeco in the ordinary course of the Debtors' businesses. Those notices are voluminous, and will be provided to the Court upon the Court's request.

payment on account of one or more of the bonds if such a right to payment were to arise prior to the Effective Date.[8] To implement such relief, the Debtors request that if a non-contingent right to payment in favor of Safeco should arise between the entry of the order sustaining this Objection and the Effective Date, pursuant to Safeco's rights under the Active Safeco Bonds, then Safeco shall be authorized to amend the applicable Safeco Claim to specify the amount due from the Debtors and the basis for such right to payment without requesting further relief from the Court.

10.   Additionally, the Debtors also seek an order authorizing Epiq Bankruptcy Solutions, LLC, the Court-appointed claims agent (the "Claims Agent"), to modify the Safeco Claims on the official claims register maintained in these chapter 11 cases (the "Claims Register") so that the Claims Register accurately reflects the claims outstanding against the Debtors' estates.

## APPLICABLE LAW

11.   This Objection is based on section 502(b)(1) of the Bankruptcy Code, which provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
> (1)   such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1). Section 502(b)(1) recognizes the settled principle that "[c]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating

---

[8] The Debtors expressly reserve their right to file an objection to the Safeco Claims or any further assertion by Safeco of a current right to payment pursuant to section 502 of the Bankruptcy Code, or to exercise their rights under § 502(d) or such other rights of set-off or recoupment authorized by applicable law or by the Plan.

the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450-51 (2007) (citing Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20 (2000)). A claim against the bankruptcy estate, therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be enforceable against the debtor outside of bankruptcy." In re Combustion Eng'g, Inc., 391 F.3d 190, 245 (3d Cir. 2004). In proceedings to determine whether a claim is enforceable against the estate, "[t]he estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses" pursuant to section 558 of the Bankruptcy Code. See 11 U.S.C. § 558.

12. Here, making all reasonable inferences in favor of Safeco, there is no current "right to payment" that could be asserted against the Debtors under any of the Safeco Claims or the underlying Safeco Bonds. Rather, the vast majority of the Safeco Claims are based on the Cancelled Safeco Bonds, for which no liability ever arose in favor of Safeco. The remaining Active Safeco Bonds in the amount of $182,000 give rise only to contingent claims, for which the Debtors have no current liability and on account of which Safeco has no current right to payment as of the date of the scheduled hearing on this Objection.

A. **The Debtors Have No Liability for the Cancelled Safeco Bonds**

13. The Safeco Claims should be disallowed and expunged to the extent that they assert amounts due pursuant to the Cancelled Safeco Bonds, because there is no "right to payment" that could be asserted against the Debtors based on the Cancelled Safeco Bonds. A bond is "2. [a] written promise to pay money or do some act if certain circumstances occur or a certain time elapses; a promise that is defeasible upon a condition subsequent." BLACK'S LAW DICTIONARY 75 (3RD POCKET ED. 2006). The conditions subsequent which would trigger the Debtors' liability on the Cancelled Safeco Bonds, i.e., a loss occurring under the bonds, did not

occur prior to their cancellation and/or termination in accordance with their terms. As the Debtors can no longer incur liability on the Cancelled Safeco Bonds, the amounts corresponding to the Cancelled Safeco Bonds should no longer be reflected in the Safeco Claims and the Safeco Claims should be modified to reflect only those amounts for which the Debtors could have any potential liability, i.e. the face amounts of the Active Safeco Bonds.

> B. **The Safeco Claims Relating to the Active Safeco Bonds Are Contingent and Protective, and Should Be Expunged as of the Effective Date Unless Such Liability Becomes Non-Contingent**

14. The Safeco Claims were filed as protective claims with contingent liabilities predicated on the occurrence of a loss under the Safeco Bonds that would be triggered by a payment by Safeco on account of such Bonds, and a corresponding right of Safeco to recover from the applicable Debtors(s) under Safeco's contractual indemnity and common law rights of subrogation, reimbursement, and exoneration. To the best of the Debtors' knowledge, and based upon the Debtors' review of each of the Active Safeco Bonds, no losses have occurred under the Active Safeco Bonds and the Debtors have incurred no liability to Safeco on any of the Active Safeco Bonds (other than annual premium payments, which the Debtors have continued to satisfy in the ordinary course of their businesses). Accordingly, to the extent the Safeco Claims relate to the Active Safeco Bonds, the amounts asserted therein remain entirely contingent.

15. If a loss under any of the Active Safeco Bonds occurs between the time that the Court enters the order sustaining this Objection and the Effective Date of the confirmed plan of reorganization for the Debtors that gives rise to a non-contingent right to payment in favor of Safeco from one or more of the Debtors, pursuant to Safeco's rights under the Active Safeco Bonds, then Safeco may amend the applicable Safeco Claim to specify the amount due

from the Debtors and the basis for such right to payment without the need for any further relief from the Court. The Debtors reserve all of their rights and defenses to any such amended claims.

16.     If a loss under any of the Active Safeco Bonds occurs after the Effective Date of the confirmed plan of reorganization for the Debtors, then Safeco's rights are similarly preserved by the terms of the DCL Plan. Specifically, the DCL Plan provides, at section 5.7, that all assets of the Debtors shall revest in the Reorganized Debtors upon the occurrence of the Effective Date. Additionally, the DCL Plan provides at section 6.1 that all executory contracts of the Debtors shall be assumed by the Reorganized Debtors unless specifically listed on Exhibit 6.3 to the DCL Plan as a contract to be rejected (see Docket No. 11836). Neither the General Agreements of Indemnity between Safeco and the Debtors nor any of the Active Safeco Bonds have been included on Exhibit 6.3 to the DCL Plan as contracts proposed to be rejected (see Docket No. 11545-Attach. M). Thus, to the extent the General Agreements of Indemnity and the Active Safeco Bonds are considered to be executory contracts, they will be assumed by the applicable Reorganized Debtors as of the Effective Date of the DCL Plan and to the extent the General Agreements of Indemnity and the Active Safeco Bonds are not executory contracts, they are assets of the Debtors that will revest in the Reorganized Debtors upon the Effective Date of the DCL Plan. By operation of the DCL Plan, on the occurrence of the Effective Date, the Reorganized Debtors will assume all payment obligations to Safeco on account of the Active Safeco Bonds (except to the degree that any of the Active Safeco Bonds have been cancelled or terminated pursuant to their own terms following entry of the order granting this Objection but prior to the Effective Date).

17.     Accordingly, given that Safeco's rights under the Active Safeco Bonds are fully protected and preserved if a loss occurs under such Bonds either prior to or following the

Effective Date, Safeco will not be prejudiced by the entry of an order sustaining this Objection to expunge each of the Safeco Claims, as modified, as of such date. Furthermore, the relief requested herein is in the best interests of the Debtors and their other creditors because it will remove, on an immediate basis, $393,257,324.00 in contingent claims from the Debtors' Claim Register, and an additional $3,640,000.00 in contingent claims as of the Effective Date (subject to Safeco's right to assert a non-contingent claim). For all of the reasons set forth herein, the Safeco Claims should be modified to expunge the amounts that relate to the Cancelled Safeco Bonds, or all but $182,000.00 of such claims, and the remaining $182,000.00 should be expunged as of the Effective Date of the plan of reorganization confirmed for the Debtors.

## NOTICE

18.     Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the administrative agents for Tribune's prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' postpetition financing facility; (v) Safeco through its legal counsel; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

19.     No previous application for the relief sought herein has been made to this Court or to any other court.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, pursuant to sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1, (i) modifying the amount of each of the Safeco Claims to $182,000.00; (ii) providing that each of the Safeco Claims, as modified, shall be expunged as of the Effective Date of the plan of reorganization confirmed for the Debtors, subject to Safeco's right to assert a non-contingent right to payment on account of one or more of the Active Safeco Bonds that arose prior to the Effective Date; (iii) directing the Claims Agent to modify the Safeco Claims on the Claims Register; and (iv) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware  
       July 6, 2012

Respectfully submitted,

SIDLEY AUSTIN LLP  
Bryan Krakauer  
Kenneth P. Kansa  
Jillian K. Ludwig  
Michael Gustafson  
One South Dearborn Street  
Chicago, Illinois 60603  
Telephone: (312) 853-7000  
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,  
FORMAN & LEONARD, P.A.

By: _____  
Norman L. Pernick (No. 2290)  
J. Kate Stickles (No. 2917)  
Patrick J. Reilley (No. 4451)  
500 Delaware Avenue, Suite 1410  
Wilmington, Delaware 19801  
Telephone: (302) 652-3131  
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND  
DEBTORS IN POSSESSION

46429/0001-8670294v1