## EXHIBIT C

**In re BRAC**, Case No. 02-12152 (CGC), (Bankr. D. Del. Aug. 3, 2004)

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| BRAC GROUP, INC. | ) | |
| (f/k/a Budget Group, Inc., | ) | |
| | ) | Case No. 02-12152 (CGC) |
| Reorganized Debtor. | ) | Jointly Administered |
| | ) | |

## MEMORANDUM DECISION

William P. Bowden
Gregory Taylor
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899

- and -

Peter J. Antoszyk
Susan A. Simone
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111

Attorneys for the Plan Administrator

Brian J. Markowitz
Office of Michael A. Cardozo
Corporation Counsel of the City of
New York
100 Church Street
New York, NY 10007

Attorney for the New York City
Department of Finance

Dated: August 3, 2004

**CASE, J.**

Before this Court is the Debtor's Amended Seventh Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1 [Docket No. 3989]. Debtor objects to claim number 5225 filed by the City of New York Department of Finance Bankruptcy & Assignment Unit (the "City" or "City of New York") in the approximate amount of $38,000. The objection is that the City's claim is barred because it failed to follow its own assessment and collection procedures in a timely way. The City disagrees and urges that its claim be allowed. After considering all relevant pleadings, oral argument heard on August 2, 2004, and for the reasons set forth below, the Debtor's objection to the City's claim is sustained and the claim will be disallowed.

## BACKGROUND FACTS

The New York City Administrative Code ("NYC Admin. Code") sets out the procedures for collecting unfiled and/or unpaid municipal taxes. Most relevant here are Sections 11-672 "Notice of Deficiency" and 11-674 "Limitations on Assessment." Section 11-672 provides that, upon examination of a return or upon estimation of a tax for which no return has been filed, the city "may file a notice of deficiency" and that a "notice of deficiency shall be mailed by certified or registered mail to the taxpayer . . . ." NYC Admin. Code Sec. 11-672(1). If the taxpayer fails to respond within 90 days, the notice of deficiency "shall be an assessment of the amount of the tax specified." NYC Admin. Code Sec. 11-672(2). Section 11-674 provides that such assessment must occur within three years of the filing of the return or the claim is barred. With exceptions not relevant here, an assessment may not be made unless a notice of deficiency is first issued.

The Debtor filed its disputed tax return in September 2000. This case was commenced

2

on July 29, 2002 and the bar date for filing claims was set for April 30, 2003.  No "notice of

deficiency" was mailed to the debtor prior to September 2003 deadline; however, the City did file

a timely proof of claim on January 17, 2003,[1] paragraph 9 of which states that the City "has made

the assessment set forth herein by way of proof of claim pursuant to the Administrative Code of

the City of NY enacted for the collection of taxes set forth herein." (See Exhibit A to the

Declaration of the City of New York).

The following facts are undisputed: 1) the information contained in the proof of claim is

substantively identical to what would have been contained in a "notice of deficiency", had one

been sent; 2) the proof of claim was received by the Debtor's claims agent but was not sent by

either registered or certified mail; and 3) while the deadline for mailing the "notice of deficiency"

occurred post-petition (September 2003), the notice could have been mailed without violating the

automatic stay or obtaining relief from the stay (11 U.S.C. §§ 362(b)(9)(B) and (D)).

## ANALYSIS

The basic rule in bankruptcy is that parties' rights are defined by applicable non-

bankruptcy law, unless specifically altered in the Bankruptcy Code.  See Butner v. U.S., 440 U.S.

48, 99 S.Ct. 914, 59 L.Ed.2d (1979).  Section 502(b)(2) codifies this rule for purposes of

allowance of claims.[2]  There is no exception in the Bankruptcy Code that excuses a taxing

authority from following its own procedures in the case of a bankruptcy of its debtor.

---

[1] The City had agreed to withdraw three of its four claims.  The remaining claim was in
the amount of $22,000 and assigned claim number 1614.  On December 26, 2003 the claim was
amended to $130,175 (claim number 5103) and again, on or about May 7, 2004 to $38,009
(claim number 5225) for the General Corporate Tax for the fiscal year 1999.

[2] A claim shall be allowed "except to the extent that—(1) such claim is unenforceable
against the Debtor . . . under any . . . applicable law."

Here, it is undisputed that no notice of deficiency was ever sent. Outside of bankruptcy, the City would not have been able to go directly to "assessment" without first going through the "deficiency" stage, yet that is what it did here. The City argues that disallowing its claim at this point would exalt "form over substance."

The difficulty is that the "form" is of the City's own choosing and creation; it has voluntarily subjected itself to a two-step regime and provided a self-imposed limitation on how long it has to go through the first step. It did not meet that time limit here.

New York state law is instructive on the subject. The deficiency and assessment language of the State of New York's Article 27, Section 1081 is identical in substance to the corresponding sections of the NYC Admin. Code. Although the NYC Admin. Code is apparently silent on the effect of bankruptcy, New York State Administrative Rule 3.6.17.6 directly addresses the subject: "The statute of limitations does not suspend when a taxpayer files for bankruptcy. Auditors must ensure that assessments are timely issued and that the Bankruptcy and that the Bankruptcy Unit is informed so that a claim can be timely filed in the Bankruptcy Court. A claim is not the same as an assessment. Each is necessary and distinct." Given the identical nature of the statutory provisions, this rule is persuasive evidence of the intent of the NYC Admin. Code.

The City argues that there is no prescribed form of deficiency notice or of assessment in the NYC Admin. Code so that the language in paragraph 9 of the proof of claim should be given effect. The Court notes, however, that a review of the materials submitted by counsel does not reveal that there is any specific procedure set forth in the NYC Admin. Code stating that assessments may be made in bankruptcy cases through the filing of a proof of claim; likewise,

4

there is no provision stating that the need for a notice of deficiency is suspended in the case of bankruptcy.

Finally, the Bankruptcy Code itself is structured to facilitate the ability of taxing authorities to go through all necessary deficiency and assessment procedures in order to perfect their claims. See 11 U.S.C. § 362(b)(9). This is consistent with the provisions of section 502(b) of the Bankruptcy Code that make state law generally determinative of the validity of a party's claim.

## CONCLUSION

For the foregoing reasons, the Debtor's objection to the claim of the City of New York is sustained and the claim is disallowed. An order is to be submitted under certification of counsel.

_____
Charles G. Case
United States Bankruptcy Judge