IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------x

In re:                                              Chapter 11

TRIBUNE COMPANY et al.,                             Case No. 08-13141 (KJC)

                                                    (Jointly Administered)

                        Debtors.                    **Hearing Date:  (Negative Notice)**
-----------------------------------------------------------x    **Objections Due: July 30, 2012 @ 4:00 p.m.**

## THIRTY-FOURTH MONTHLY APPLICATION OF ZUCKERMAN SPAEDER LLP FOR INTERIM ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Applicant:  Zuckerman Spaeder LLP

Authorized to Provide Professional Services to:  The Official Committee of Unsecured Creditors

Date of Retention:  August 6, 2009 (Order entered September 3, 2009)

Period for which compensation and
reimbursement is sought:  May 1, 2012 through May 31, 2012

Amount of Compensation sought as actual, reasonable, and necessary:  $120,162.00

Amount of Expense Reimbursement sought
as actual, reasonable, and necessary:  $1,328.37

This is Applicant's thirty-fourth monthly fee application.  20.80 hours were expended during the Application Period in preparation of monthly and interim fee applications, and $13,359.00 is the corresponding fee request.

| Name of Professional Person | Position of Applicant | Hourly billing rate (incl. Changes) | Total billed hours* | Total Compensation |
|---|---|---|---|---|
| Graeme W. Bush | Partner, complex business and bankruptcy litigation; admitted 1976 | $ 875.00 | .20 | $ 175.00 |
| James Sottile | Partner, complex insurance and mass tort litigation; admitted 1986 | $ 790.00 | 56.10 | $44,319.00 |
| Andrew N. Goldfarb | Partner, bankruptcy and complex litigation; admitted 1996 | $ 640.00 | 89.20 | $57,088.00 |
| P. Andrew Torrez | Partner, complex litigation; admitted 1997 | $ 610.00 | 14.40 | $8,784.00 |
| Lisa Gehlbach | Paralegal, 4th year | $ 280.00 | 32.00 | $8,960.00 |
| Kimberley Wilson | Library Assistant 7 years' experience | $ 180.00 | .20 | $ 36.00 |

Grand Totals:  192.10 hours and $119,362.00
Blended Rate: $621.35 per hour
*(excludes non-working travel time)

2

## COMPENSATION BY PROJECT CATEGORY

| MATTER | | TOTAL HOURS | TOTAL AMOUNT |
|---|---|---|---|
| 0001 | Bank Claims | 171.60 | $106,195.00 |
| 0002 | Retention/Fee Applications | 20.50 | $13,167.00 |
| 0003 | Non-Working Travel Time (charged ½ time) | 2.50 | 800.00 |
| | Totals: | 194.60 | $120,162.00 |

3

**ITEMIZED EXPENSES**

---

EXPENSES

| | |
|---|---:|
| Outside Duplicating/Printing | $ 193.56 |
| Telephone Reimbursement | $ 78.04 |
| Non-local Travel | $ 285.26 |
| Long Distance Phone Calls | $ 36.96 |
| Postage | $ .45 |
| In-House Photocopy | $ 734.10 |

TOTAL EXPENSES       $1,328.37

4

## NARRATIVE

Pursuant to 11 U.S.C. §§ 330 and 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, the law firm of Zuckerman Spaeder LLP (hereinafter "Zuckerman") hereby moves this Court for an order awarding it reasonable compensation with respect to the above-captioned chapter 11 cases for professional legal services rendered as special counsel to the Official Committee of Unsecured Creditors (the "Committee") in the amount of $120,162.00 together with reimbursement for actual and necessary expenses incurred in the amount of $1,328.37 for the period May 1, 2012, through and including May 31, 2012 (the "Application Period"), and respectfully represents as follows:

1.    Pursuant to an Order entered by this Court on September 3, 2009 (Docket No. 2088) (the "Retention Order"), Zuckerman was employed under a general retainer to serve as special counsel to the Committee in connection with these chapter 11 cases, effective as of August 6, 2009.  The Retention Order authorized Zuckerman to be compensated on an hourly basis and to be reimbursed for the actual and necessary out-of-pocket expenses that it incurred.

2.    During the Application Period, Zuckerman has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with this case.  There is no agreement or understanding between Zuckerman and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in this case.

3.    This Thirty-Fourth Monthly Application seeks compensation for fees of

5

$120,162.00 and reimbursement of expenses of $1,328.37 incurred during the Application Period. In accordance with the factors enumerated in 11 U.S.C. § 330, the amount requested is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

## SUMMARY OF SERVICES RENDERED

4.      During the Application Period, Zuckerman provided services to the Committee, worked closely with the Committee's general bankruptcy counsel and with other parties supporting the Debtor/Committee/Lender proposed plan of reorganization, the plan confirmation process and status of the Committee's *FitzSimons* action in connection with the Tribune LBO-related multidistrict litigation proceeding, and continued discovery and service efforts in connection with *FitzSimons* and the Committee's adversary proceeding against former Tribune lenders in the Bankruptcy Court. The time detail for professional services provided by Zuckerman to the Committee during the Application Period is divided by matter and set forth on Exhibit A hereto.

## DISBURSEMENTS

5.      Zuckerman's list of out-of-pocket disbursements during the Application Period contains categories of charges, including, among other things, facsimile charges, teleconferencing charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without

6

limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, parking and expenses for "working meals." Detail for disbursements is set forth on Exhibit B hereto.

6.    Zuckerman represents that its rate for duplication is $0.10 per page, its effective rate for outgoing facsimile transmissions is $1.00 per page (excluding related long distance transmission charges), there is no charge for incoming facsimile transmissions, and there is no surcharge for computerized research.

WHEREFORE, Zuckerman requests that the Court enter an order allowing Zuckerman $120,162.00 in fees compensation and $1,328.37 for reimbursement of expenses incurred during the Application Period, and granting Zuckerman such other and further relief as is just.

Dated:  July 9, 2012
        Washington, D.C.

ZUCKERMAN SPAEDER LLP

_____
Graeme W. Bush
James Sottile
Andrew N. Goldfarb
1800 M Street, Suite 1000
Washington, DC 20036
Telephone: (202) 778-1800
Facsimile: (202) 822-8106

Counsel to the Official Committee
of Unsecured Creditors

7

## VERIFICATION

Andrew N. Goldfarb, after being duly sworn according to law, deposes and says:

1.    I am a partner with the applicant firm, Zuckerman Spaeder LLP. I am a member

of the bars of the District of Columbia (admitted 1997), California (admitted

2005), and New York (admitted 1996).

2.    I have personally performed the legal services rendered by Zuckerman Spaeder

LLP as special counsel to the Committee and am thoroughly familiar with all

work performed on behalf of the Committee.

3.    The facts set forth in the foregoing Application are true and correct to the best of

my knowledge, information and belief.

Executed on July 9, 2012 in Washington, D.C.

_____
Andrew N. Goldfarb