## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objection Date:** August 1, 2012 at 4:00 p.m. |
| | **Hearing Date:** *Only if Objections are filed* |

## FIFTH MONTHLY FEE APPLICATION OF SNR DENTON US LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD OF MARCH 1, 2012 THROUGH MARCH 31, 2012

| | |
|---|---|
| Name of Applicant: | **SNR Denton US LLP** |
| Authorized to Provide Professional Services to: | **Debtors** |
| Date of Retention: | **December 12, 2011 (<u>nunc</u> <u>pro</u> <u>tunc</u> to November 1, 2011)** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Period for Which Compensation          **March 1, 2012 through March 31, 2012**
and Reimbursement is Sought:

Amount of compensation sought as actual,    **$66,138.50**
reasonable and necessary:

Amount of Expense Reimbursement sought as    **$1,038.40**
actual, reasonable and necessary

This is a(n):    __X__ monthly        _____ interim        _____ final application

Requested Payment Amount:

Fees at 80%                              **$52,910.80**

Expenses at 100%                         **$1,038.40**

Prior Fee Applications[2]:

| | | **Requested** | | | **Approved** | |
| **Application** | **Date Filed** | **Period Covered** | **Fees** | **Expenses** | **Fees** | **Expenses** |
| --- | --- | --- | --- | --- | --- | --- |
| 1st | 1/13/12 | 11/1/2011-11/30/2011 | $36,268.00 | $548.90 | $45,335.00 | $548.90 |
| 2nd | 4/13/12 | 12/1/2011-12/31/2011 | $52,607.20 | $634.40 | Pending | Pending |
| 3rd | 4/13/12 | 1/1/2012-1/31/2012 | $66,291.20 | $161.00 | Pending | Pending |
| 4th | 4/13/12 | 2/1/2012-2/29/2012 | $31,168.80 | $702.51 | Pending | Pending |

---

[2]  As further explained herein, SNR Denton US LLP was originally retained by the Debtors as an Ordinary Course Professional pursuant to the Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business [D.I. 227)] (the "OCP Order").

46429/0001-8687332V1

## FEE SUMMARY FOR THE PERIOD FROM
## MARCH 1, 2012 THROUGH MARCH 31, 2012

| Name of Professional/ Individual | Position, Area of Expertise, Year of Obtaining License to Practice | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Leah Bruno | Partner/Litigation/ Admitted to Illinois Bar in 1999 | $590.00 | 0.30 | $177.00 |
| Samuel Fifer | Partner/Intellectual Property & Technology Group/ Admitted to Illinois in 1974 | $625.00 | 4.60 | $2,875.00 |
| Rosemary L. Gullikson | Partner/ Corporate/ Admitted to Illinois Bar in 1994 | $575 | 4.70 | $2,702.50 |
| James A. Klenk | Partner/ Intellectual Property & Technology Group/ Admitted to Illinois Bar in 1974 | $650.00 | 31.40 | $20,410.00 |
| Natalie J. Spears | Partner/ Litigation/ Admitted to Illinois Bar in 1995 | $575.00 | 25.70 | $14,777.50 |
| Margo Weinstein | Partner/ Litigation/ Admitted to Illinois Bar in 1988 | $650.00 | 4.20 | $2,730.00 |
| Jillian E. Gutman Mann | Managing Associate/Litigation/ Admitted to Illinois Bar in 2005. | $540.00 | 1.50 | $810.00 |
| Jennifer Maree | Managing Associates/ Capital Markets/ Admitted to Capital Markets | $530.00 | 4.20 | $2,226.00 |

3

| Name of Professional/ Individual | Position, Area of Expertise, Year of Obtaining License to Practice | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Justine N. Margolis | Managing Associate/Litigation/ Admitted to Missouri Bar in 2006 | $440.00 | 0.70 | $308.00 |
| Kristen C. Rodriguez | Associate/ Litigation/ Admitted to Illinois Bar in 2009. | $335.00 | 29.90 | $10,016.50 |
| Katherine L. Staba | Associate/ Intellectual Property & Technology Group/ Admitted to Massachusetts Bar in 2009/ Admitted to Illinois Bar in 2010. | $380.00 | 21.50 | $8,170.00 |
| Derek J. Boor | Project Manager/ Litigation Support | $285.00 | 1.0 | $285.00 |
| Elizabeth S. Cobarrubias | Senior Research Analyst/ Library/Research Services | $220.00 | 0.50 | $110.00 |
| Nancy J. Henry | Lead Regional Librarian/ Library/Research Services | $215.00 | 2.30 | $494.50 |
| Lexine A. Sam | Research Analyst/ Library/Research Services | $155.00 | 0.30 | $46.50 |
| | | | | |
| **Grand Total** | | | **132.80** | **$66,138.50** |
| **Blended Rate** | | **$498.03** | | |

## COMPENSATION BY PROJECT CATEGORY FOR THE PERIOD FROM
## MARCH 1, 2012 THROUGH MARCH 31, 2012

| Matter Description | Total Hours | Total Fees |
|---|---|---|
| Roberto Rivera | 1.60 | $756.50 |
| Eddie Johnson | 0.40 | $260.00 |
| Citation to Discover Assets | 1.50 | $810.00 |
| Reporter's Subpoena - Annie Sweeney | 11.40 | $4,426.50 |
| Lee Wongjung Clara Subpoena | 2.40 | $876.00 |
| Chicago Tribune Editorial - General | 17.20 | $9,223.00 |
| Circulation | 2.6 | $671.50 |
| Cheryl Naedler | 22.80 | $11,920.50 |
| Chicago Magazine Editorial | 2.40 | $1,485.00 |
| Christopher Buchanan | 6.60 | $3,885.00 |
| Jennifer Kelley | 29.30 | $13,053.50 |
| [Confidential Matter] | 1.70 | $977.50 |
| [Confidential Matter] | 3.00 | $1,725.00 |
| **TOTAL** | **132.80** | **$66,138.50** |

46429/0001-8687332V1

**EXPENSE SUMMARY FOR THE PERIOD FROM**
**MARCH 1, 2012 TO MARCH 31, 2012**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Messenger Services | Comet Messenger Service, Inc. | $45.90 |
| Duplicating Charges | SNR Denton US LLP | $4.00 |
| Document Reproduction | SNR Denton US LLP | $393.00 |
| Outside Duplicating Charges | | $219.50 |
| Court Costs | | $206.00 |
| Color Copying | SNR Denton US LLP | $24.00 |
| Transcript | Elite Deposition Services LLC | $146.00 |
| **Total** | | **$1,038.40** |

6

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objection Date: August 1, 2012 at 4:00 p.m.** |
| | **Hearing Date:** *Only if Objections are filed* |

## FIFTH MONTHLY FEE APPLICATION OF SNR DENTON US LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FOR THE PERIOD OF MARCH 1, 2012 THROUGH MARCH 31, 2012

SNR Denton US LLP ("SNR Denton"), as special counsel to the Debtors for certain

litigation and transactional matters, hereby respectfully submits this Fifth Monthly Fee

Application of SNR Denton US LLP for Compensation and Reimbursement of Fees and

Expenses as Special Counsel to the Debtors for the Period of March 1, 2012 through March 31,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

2012 (the "Application") pursuant to 11 U.S.C. §§ 327, 331 and 503, Federal Rule of Bankruptcy

Procedure 2016, Rule 2016-2 of the Local Rules for the United States Bankruptcy Court for the

District of Delaware (the "Local Rules"), the Order Pursuant to 11 U.S.C. §§ 105(a) and 331

Establishing Procedures for Interim Compensation and Reimbursement of Expenses of

Professionals [D.I. 225] (the "Administrative Order"), the Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses promulgated by the Executive

Office of the United States Trustees pursuant to 28 U.S.C. § 586(a)(3)(A), and the Order

Appointing Fee Examiner and Establishing Related Procedures for Compensation and

Reimbursement of Expenses for Professionals and Consideration of Fee Applications, dated

March 19, 2009.  By this Application, SNR Denton, as special counsel to the Debtors for certain

litigation and transactional matters in these cases, seeks interim approval and payment of

compensation for legal services performed and expenses incurred during the period commencing

March 1, 2012 through March 31, 2012 (the "Compensation Period").  In support hereof, SNR

Denton respectfully represents the following:

## I.    FACTUAL BACKGROUND

1.      On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions

for relief pursuant to Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*

(the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the

"Court").

2.      The Debtors continue to operate their businesses and manage their properties as

debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

3.      On December 18, 2008, the Office of the United States Trustee for the District of

Delaware (the "UST") appointed the Official Committee of Unsecured Creditors.

2

4.      On December 26, 2008, the Debtors filed the Motion for an Order Authorizing the

Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the

Ordinary Course of Business Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy

Code [D.I. 148] (the "OCP Motion").  In the OCP Motion, the Debtors sought approval of this

Court to employ and retain certain ordinary course professionals to provide services to the

Debtors as necessary for the day-to-day operations of the Debtors' businesses on terms

substantially similar to those in effect prior to the Petition Date.  Exhibit A to the OCP Motion

contained a list of such ordinary course professionals sought to be retained by the Debtors,

including SNR.  On January 15, 2009, this Court granted the OCP Order approving procedures

for the employment, retention, and compensation of the ordinary course professionals.  [D.I.

227.]

5.      On November 23, 2011, the Debtors filed an application for an order authorizing

the employment and retention of SNR Denton as special counsel for certain First Amendment,

publishing, outsourcing and other litigation and transactional matters pursuant to §§ 327(e) and

1107 of the Bankruptcy Code, *nunc pro tunc* to November 1, 2011 [D.I. 10295.] (the "Special

Counsel Application").  The Special Counsel Application was filed for the limited purpose of

converting SNR Denton's retention by the Debtors under this Court's OCP Order into a retention

pursuant to Sections 327(e) and 1103 of the Bankruptcy Code, given that SNR Denton had

exceeded the applicable monthly cap on its services under the OCP Order for multiple

consecutive months, and that the Debtors expect that SNR Denton may continue to exceed that

monthly cap on a regular basis in the future.

6.      On December 12, 2011, this Court entered an order approving the Special

Counsel Application and authorizing the Debtors to employ SNR Denton as special counsel to

3

the Debtors for certain litigation and transactional matters in these cases *nunc pro tunc* to

November 1, 2011 [D.I. 10422] (the "Retention Order").

## II.    BASIS FOR RELIEF REQUESTED

7.      Pursuant to the Administrative Order and Section 331 of the Bankruptcy Code,

SNR Denton seeks interim approval of compensation for professional services rendered, in the

amount of $66,138.50 subject to a twenty percent (20%) holdback, and reimbursement of

expenses in the amount of $1,038.40 for services rendered as special counsel to the Debtors for

certain litigation and transactional matters during the Compensation Period.  Additional

information as required by Local Rule 2016-2(c), (d), and (e) relating to the fees and expenses

requested herein are attached hereto.

## III.    ALLOWANCE OF COMPENSATION

8.      Attached hereto as Exhibit A are the detailed time records for the Compensation

Period.[2]  The time records contain daily time logs describing the time spent by each attorney and

paraprofessional for the Compensation Period.[3]  Attorneys and paraprofessionals of SNR Denton

have expended a total of 132.80 hours in connection with these cases during the Compensation

Period.  The reasonable value of services rendered by SNR Denton to the Debtors during the

Compensation Period is $66,138.50.  Such an amount is a result of SNR Denton's normal hourly

rates for work of this nature.

---

[2]  Certain invoices that constitute Exhibit A contain time entries that have been redacted due to their sensitive and privileged nature.  Upon reasonable request, SNR Denton will provide requesting parties with unredacted copies of such invoices.
[3]  Included as part of the fee requested for approval in this Application are $494.50 of fees incurred by SNR Denton in February 2012 as part of Invoice No. 1376487.  These fees were not included in SNR Denton's Fourth Quarterly Fee Application of SNR Denton US LLP for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Debtors and Debtors in Possession for the Period of February 1, 2012 through February 29, 2012 [D.I. 11371].

4

9.    The following is a summary of the activities performed by SNR Denton attorneys, paralegals and other professionals during the Compensation Period, organized by project category.

a.  **Roberto Rivera  (09721775-0007/ Invoice No. 1376482)**.  During the Compensation Period, SNR Denton defended a Tribune reporter in a defamation lawsuit brought by a public official and addressed related discovery issues.

b.  **Eddie Johnson (09721775-0018/ Invoice No. 1376486)**.  During the Compensation Period, SNR Denton discussed settlement with the Debtors' in-house counsel.

c.  **Citation to Discover Assets (09721775-0011/ Invoice No. 1376484)**.  During the Compensation Period, SNR Denton drafted a response regarding a citation to discover assets and rider.

d.  **Reporter's Subpoena - Annie Sweeney (09721775-0012/Invoice No. 1376485)**. During the Compensation Period, SNR Denton revised a motion to quash a subpoena issued to a reporter in a civil lawsuit and the brief in support of the motion.

e.  **Editorial - General (09721775-1003/ Invoice No. 1376489)**.  During the Compensation Period, SNR Denton .provided general legal advice and vetting review to the Debtors with respect to their publications.

f.  **Lee Wonjung Clara Subpoena (09803290-0005/ Invoice No. 1376491)**.  During the Compensation Period, SNR Denton moved to quash a trial subpoena to a reporter for Chicago magazine who was subpoenaed to testify concerning an article he authored in 2006.

g.  **Circulation (09721775-0070/ Invoice No. 1376487)**.  During the Compensation Period, SNR Denton provided general legal advice to the Debtors regarding circulation and distribution of its newspapers.

h.  **Cheryl Naedler (09721775-0009/ Invoice No. 1376483)**.  During the Compensation Period, SNR Denton reviewed and analyzed the circumstances of the subscription of the newly-added named class representative; researched, prepared and filed its Motion to Dismiss Plaintiffs' First Amended Complaint; and analyzed various settlement and litigation outcomes.

i.  **Chicago Magazine - Editorial (09803290-0004/ Invoice No. 1376490)**.  During the Compensation Period, SNR Denton provided general legal advice and vetting review to the Debtors with respect to its publications.

j.  **Christopher Buchanan (20010074-0001/ Invoice No. 1376492)**.  During the Compensation Period, SNR Denton defended a defamation claim brought by a plaintiff.

k. **Jennifer Kelley, et al. (09723590-0013/ Invoice No. 1368945)**.  During the Compensation Period, SNR Denton defended the Debtors in a lawsuit for intentional infliction of emotional distress, negligent misrepresentation and battery brought by guests on a television pilot talk show, including by preparing for a deposition, preparing a motion for sanctions and argument regarding same and preparing a motion to compel and for fees/sanctions.

l. **[Confidential Matter]  (09722405-0024/ Invoice No. 1371216)**.  During the Compensation Period, SNR Denton reviewed amendments, reviewed summary charts with termination services, drafted emails with analysis of open issues with termination in part, and teleconferenced regarding price and asoption of scope..

m. **[Confidential Matter] (09722405-0068/ Invoice No. 1371219)**.  During the Compensation Period, SNR Denton drafted a master agreement for services and products.

## IV. REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES

10.     By this Application , SNR Denton seeks interim allowance for reimbursement of expenses actually and necessarily incurred in connection with the rendition of its services in the amount of $1,038.40, as further detailed in <u>Exhibit A</u>.  The requested expenses are customarily charged to non-bankruptcy clients of SNR Denton.

11.     The $1,038.40 of expenses is broken down into categories of charges, including, *inter alia*, duplication charges, color copying charges, document reproduction charges, transcript costs, court costs, and messenger services.  SNR Denton's rate for duplication is $0.10 per page.

12.     In addition, because of the nature of the Debtors' businesses and the location of certain key constituents in these cases, travel may have been required for certain matters.  Such travel expenses, such as mileage and tolls, are typically borne by the attorney, then reimbursed by SNR Denton and charged to the appropriate client and matter.  As a result, from time to time, these expenses may not appear on invoices in the months in which they were incurred.

46429/0001-8687332V1

13.     The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and creditors.

14.     To the extent that time or disbursement charges for services rendered or disbursements incurred related to the Compensation Period, but were not processed prior to the preparation of this Application, SNR Denton reserves the right to request additional compensation fro such services, and reimbursement of such expenses in a future application.

## V.     REVIEW OF APPLICABLE LOCAL RULE

15.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with the requirements of Local Rule 2016-2.

## VI.     NO PRIOR REQUEST

16.     No previous application with respect to the relief requested herein has been made to this or any other court.

46429/0001-8687332V1