# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objection Date:** August 1, 2012 at 4:00 p.m. |
| | **Hearing Date:** *Only if Objections are filed* |

## SIXTH MONTHLY FEE APPLICATION OF SNR DENTON US LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD OF APRIL 1, 2012 THROUGH APRIL 30, 2012

| | |
|---|---|
| Name of Applicant: | **SNR Denton US LLP** |
| Authorized to Provide Professional Services to: | **Debtors** |
| Date of Retention: | **December 12, 2011 (<u>nunc pro tunc</u> to November 1, 2011)** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Period for Which Compensation
and Reimbursement is Sought:                    **April 1, 2012 through April 30, 2012**

Amount of compensation sought as actual,        **$17,207.50**
reasonable and necessary:

Amount of Expense Reimbursement sought as       **$331.70**
actual, reasonable and necessary

This is a(n):    __X__ monthly          _____ interim          _____ final application

Requested Payment Amount:

Fees at 80%                         **$13,766.00**

Expenses at 100%                    **$363.69**

Prior Fee Applications[2]:

| | | | Requested | | Approved | |
|---|---|---|---|---|---|---|
| **Application** | **Date Filed** | **Period Covered** | **Fees** | **Expenses** | **Fees** | **Expenses** |
| 1st | 1/13/12 | 11/1/2011-11/30/2011 | $36,268.00 | $548.90 | $45,335.00 | $548.90 |
| 2nd | 4/13/12 | 12/1/2011-12/31/2011 | $52,607.20 | $634.40 | Pending | Pending |
| 3rd | 4/13/12 | 1/1/2012-1/31/2012 | $66,291.20 | $161.00 | Pending | Pending |
| 4th | 4/13/12 | 2/1/2012-2/29/2012 | $31,168.80 | $702.51 | Pending | Pending |
| 5th | 7/12/12 | 3/1/2012-3/31/2012 | $52,910.80 | $1,038.40 | Pending | Pending |

---

[2]  As further explained herein, SNR Denton US LLP was originally retained by the Debtors as an Ordinary Course Professional pursuant to the Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business [D.I. 227)] (the "OCP Order").

46429/0001-8687389V1

**FEE SUMMARY FOR THE PERIOD FROM**
**APRIL 1, 2012 THROUGH APRIL 30, 2012**

| Name of Professional/ Individual | Position, Area of Expertise, Year of Obtaining License to Practice | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Rosemary L. Gullikson | Partner/ Corporate/ Admitted to Illinois Bar in 1994 | $575 | 2.50 | $1,437.50 |
| James A. Klenk | Partner/ Intellectual Property & Technology Group/ Admitted to Illinois Bar in 1974 | $650.00 | 7.90 | $5,135.00 |
| Leslie D. Davis | Partners/ Litigation/ Admitted to Illinois in 1995 | $575.00 | 2.60 | $1,495.00 |
| Natalie J. Spears | Partner/ Litigation/ Admitted to Illinois Bar in 1995 | $575.00 | 5.20 | $2,990.00 |
| Kristen C. Rodriguez | Associate/ Litigation/ Admitted to Illinois Bar in 2009 | $335.00 | 10.00 | $3,350.00 |
| *William Balfour Access Fixed Fee Matter* | | | 19.30 | $2,800.00 |
| **Grand Total** | | | **47.50** | **$17,207.50** |
| **Blended Rate** | | **$362.26** | | |

3

**COMPENSATION BY PROJECT CATEGORY FOR THE PERIOD FROM**
**APRIL 1, 2012 THROUGH APRIL 30, 2012**

| Matter Description | Total Hours | Total Fees |
|---|---|---|
| Roberto Rivera | 5.20 | $1,899.50 |
| William Balfour Access | 19.30 | $2,800.00 |
| SRI Systems Research Citation | 2.70 | $1,560.00 |
| Reporter's Subpoena - Annie Sweeney | 5.30 | $1,775.50 |
| Chicago Tribune Editorial - General | 1.90 | $1,092.50 |
| Cheryl Naedler | 0.30 | $195.00 |
| Chicago Magazine Editorial | 3.30 | $1,897.50 |
| Christopher Buchanan | 7.00 | $4,550.00 |
| [Confidential Matter] | 2.50 | $1,437.50 |
| **TOTAL** | **47.50** | **$17,207.50** |

4

**EXPENSE SUMMARY FOR THE PERIOD FROM**
**APRIL 1, 2012 TO APRIL 30, 2012**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Messenger Services | Comet Messenger Service, Inc. | $72.95 |
| Document Reproduction | SNR Denton US LLP | $22.50 |
| Court Costs | | $206.00 |
| Law Bulletin Access | Law Bulletin Publishing Co. | $30.25 |
| **Total** | | **$331.70** |

5

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Objection Date:** August 1, 2012 at 4:00 p.m.<br>**Hearing Date:** *Only if Objections are filed* |

### SIXTH MONTHLY FEE APPLICATION OF SNR DENTON US LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES ASSPECIAL COUNSEL TO THE DEBTORS FOR THE PERIOD OF APRIL 1, 2012 THROUGH APRIL 30, 2012

SNR Denton US LLP ("SNR Denton"), as special counsel to the Debtors for certain

litigation and transactional matters hereby respectfully submits this Fifth Monthly Fee

Application of SNR Denton US LLP for Compensation and Reimbursement of Fees and

Expenses as Special Counsel to the Debtors for the Period of April 1, 2012 through April 30,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

2012 (the "Application") pursuant to 11 U.S.C. §§ 327, 331 and 503, Federal Rule of Bankruptcy

Procedure 2016, Rule 2016-2 of the Local Rules for the United States Bankruptcy Court for the

District of Delaware (the "Local Rules"), the Order Pursuant to 11 U.S.C. §§ 105(a) and 331

Establishing Procedures for Interim Compensation and Reimbursement of Expenses of

Professionals [D.I. 225] (the "Administrative Order"), the Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses promulgated by the Executive

Office of the United States Trustees pursuant to 28 U.S.C. § 586(a)(3)(A), and the Order

Appointing Fee Examiner and Establishing Related Procedures for Compensation and

Reimbursement of Expenses for Professionals and Consideration of Fee Applications, dated

March 19, 2009. By this Application, SNR Denton, as special counsel to the Debtors for certain

litigation and transactional matters in these cases, seeks interim approval and payment of

compensation for legal services performed and expenses incurred during the period commencing

April 1, 2012 through April 30 2012 (the "Compensation Period"). In support hereof, SNR

Denton respectfully represents the following:

## I.    FACTUAL BACKGROUND

1.    On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions

for relief pursuant to Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*

(the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the

"Court").

2.    The Debtors continue to operate their businesses and manage their properties as

debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

3.    On December 18, 2008, the Office of the United States Trustee for the District of

Delaware (the "UST") appointed the Official Committee of Unsecured Creditors.

2

4.       On December 26, 2008, the Debtors filed the Motion for an Order Authorizing the

Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the

Ordinary Course of Business Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy

Code [D.I. 148] (the "OCP Motion").  In the OCP Motion, the Debtors sought approval of this

Court to employ and retain certain ordinary course professionals to provide services to the

Debtors as necessary for the day-to-day operations of the Debtors' businesses on terms

substantially similar to those in effect prior to the Petition Date.  Exhibit A to the OCP Motion

contained a list of such ordinary course professionals sought to be retained by the Debtors,

including SNR.  On January 15, 2009, this Court granted the OCP Order approving procedures

for the employment, retention, and compensation of the ordinary course professionals.  [D.I.

227.]

5.       On November 23, 2011, the Debtors filed an application for an order authorizing

the employment and retention of SNR Denton as special counsel for certain First Amendment,

publishing, outsourcing and other litigation and transactional matters pursuant to §§ 327(e) and

1107 of the Bankruptcy Code, *nunc pro tunc* to November 1, 2011 [D.I. 10295.] (the "Special

Counsel Application").  The Special Counsel Application was filed for the limited purpose of

converting SNR Denton's retention by the Debtors under this Court's OCP Order into a retention

pursuant to Sections 327(e) and 1103 of the Bankruptcy Code, given that SNR Denton had

exceeded the applicable monthly cap on its services under the OCP Order for multiple

consecutive months, and that the Debtors expect that SNR Denton may continue to exceed that

monthly cap on a regular basis in the future.

6.       On December 12, 2011, this Court entered an order approving the Special

Counsel Application and authorizing the Debtors to employ SNR Denton as special counsel to

the Debtors for certain litigation and transactional matters in these cases *nunc pro tunc* to November 1, 2011 [D.I. 10422] (the "Retention Order").

## II.    BASIS FOR RELIEF REQUESTED

7.       Pursuant to the Administrative Order and Section 331 of the Bankruptcy Code, SNR Denton seeks interim approval of compensation for professional services rendered, in the amount of $17,207.50 subject to a twenty percent (20%) holdback, and reimbursement of expenses in the amount of $331.70 for services rendered as special counsel to the Debtors for certain litigation and transactional matters during the Compensation Period. Additional information as required by Local Rule 2016-2(c), (d), and (e) relating to the fees and expenses requested herein are attached hereto.

## III.    ALLOWANCE OF COMPENSATION

8.       Attached hereto as Exhibit A are the detailed time records for the Compensation Period.[2] The time records contain daily time logs describing the time spent by each attorney and paraprofessional for the Compensation Period. Attorneys and paraprofessionals of SNR Denton have expended a total of 47.50 hours in connection with these cases during the Compensation Period. The reasonable value of services rendered by SNR Denton to the Debtors during the Compensation Period is $17,207.50. Such an amount is a result of SNR Denton's normal hourly rates for work of this nature.[3]

---

[2] Certain invoices that constitute Exhibit A contain time entries that have been redacted due to their sensitive and privileged nature. Upon reasonable request, SNR Denton will provide requesting parties with unredacted copies of such invoices.
[3] Most of the services that SNR Denton renders to the Debtors are billed on an hourly basis. SNR and the Debtors, however, have agreed to a fixed fee arrangement with respect to its work in connection with Matter No. 09721775-0073 - William Balfour Access. Notwithstanding that this is a fixed fee matter, SNR Denton has attached Invoice

9.     The following is a summary of the activities performed by SNR Denton attorneys, paralegals and other professionals during the Compensation Period, organized by project category.

a. **Roberto Rivera  (09721775-0007/ Invoice No. 1381601).**  During the Compensation Period, SNR Denton defended a Tribune reporter in a defamation lawsuit brought by a public official, including by working on motion to compel discovery responses and reviewing and analyzing plaintiff's discovery.

b. **William Balfour Access (09721775-0073/ Invoice No. 1381561).**  During the Compensation Period, SNR Denton represented the Debtors in its intervention in the trial of William Balfour to assert its First Amendment rights to obtain access to evidence admitted during trial.

c. **SRI Systems Research Citation (09721775-0072/ Invoice No. 1381604).**  During the Compensation Period, SNR Denton attended a court hearing on behalf of the Chicago Tribune regarding a citation to discover assets that was served on the Chicago Tribune.

d. **Reporter's Subpoena - Annie Sweeney (09721775-0012/Invoice No. 1381603).**  During the Compensation Period, SNR Denton reviewed and analyzed plaintiff's response brief in opposition to the Debtors' motion to quash a subpoena issued to a reporter in a civil lawsuit and drafted a reply brief, prepared for argument and attended a hearing.

e. **Chicago Tribune Editorial - General (09721775-1003/ Invoice No. 1381605).**  During the Compensation Period, SNR Denton .provided general legal advice and vetting review to the Debtors with respect to their publications.

f. **Chicago Magazine - Editorial (09803290-0004/ Invoice No. 1381606).**  During the Compensation Period, SNR Denton provided general legal advice and vetting review to the Debtors with respect to its publications, and also defended a subpoena of one of the Magazine's reporters.

g. **Cheryl Naedler (09721775-0009/ Invoice No. 1381602).**  During the Compensation Period, SNR Denton analyzed various settlement and litigation outcomes.

h. **Christopher Buchanan (20010074-0001/ Invoice No. 1378237).**  During the Compensation Period, SNR Denton defended a defamation claim brought by a plaintiff and drafted and revised an answer.

---

No. 1381561, which contains the applicable time entries related to such matter during the month of April as part of Exhibit A.

5

i.   **[Confidential Matter]  (09722405-0024/ Invoice No. 1381344)**.  During the Compensation Period, SNR Denton reviewed amendments to exhibits, drafted an analysis of certain positions taken in amendment and responded to questions received from client.

## IV. REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES

10.    By this Application , SNR Denton seeks interim allowance for reimbursement of expenses actually and necessarily incurred in connection with the rendition of its services in the amount of $331.70, as further detailed in Exhibit A.  The requested expenses are customarily charged to non-bankruptcy clients of SNR Denton.

11.    The $331.70 of expenses is broken down into categories of charges, including, *inter alia*, court costs, document reproduction charges, law bulletin access charges and messenger services.  SNR Denton's rate for duplication is $0.10 per page.

12.    In addition, because of the nature of the Debtors' businesses and the location of certain key constituents in these cases, travel may have been required for certain matters.  Such travel expenses, such as mileage and tolls, are typically borne by the attorney, then reimbursed by SNR Denton and charged to the appropriate client and matter.  As a result, from time to time, these expenses may not appear on invoices in the months in which they were incurred.

13.    The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and creditors.

14.    To the extent that time or disbursement charges for services rendered or disbursements incurred related to the Compensation Period, but were not processed prior to the preparation of this Application, SNR Denton reserves the right to request additional compensation fro such services, and reimbursement of such expenses in a future application.

## V.    REVIEW OF APPLICABLE LOCAL RULE

15.    The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with the requirements of Local Rule 2016-2.

## VI.    NO PRIOR REQUEST

16.    No previous application with respect to the relief requested herein has been made to this or any other court.

46429/0001-8687389V1

## CONCLUSION

WHEREFORE, SNR Denton respectfully requests that the Court enter an order: (i) granting the Application and authorizing the allowance of compensation in the amount of $17,207.50 subject to a twenty percent (20%) holdback, for professional services rendered, and reimbursement of actual and necessary expenses in the amount of $331.70; and (ii) granting such other and further relief as this Court deems just and proper.

Dated: July 12, 2012

Respectfully submitted,

*Stefanie L. Wowchuk*

Stefanie L. Wowchuk
SNR DENTON US LLP
233 S. Wacker Drive
Suite 7800
Chicago, IL 60606
Telephone: 312-876-2569
Facsimile:  312-876-7934