# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Objection Deadline: Aug. 1, 2012 at 4:00 p.m. E.T.**<br>**Hearing Date: TBD**<br>**Related to Docket Nos. 1148, 11738, & 11924.** |

## EIGHTH QUARTERLY FEE APPLICATION OF
## LEVINE SULLIVAN KOCH & SCHULZ, LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FOR CERTAIN LITIGATION MATTERS FOR THE PERIOD OF MARCH 1, 2012 THROUGH MAY 31, 2012

| | |
|---|---|
| Name of Applicant: | **Levine Sullivan Koch & Schulz, LLP** |
| Authorized to Provide<br>Professional Services to: | **Debtors** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Date of Retention:                                **September 1, 2010**[2]

Period for Which Compensation             **March 1, 2012 through**
and Reimbursement is Sought:              **May 31, 2012**

Amount of compensation sought as actual,    **$28,303.50**
reasonable and necessary:

Amount of Expense Reimbursement sought as    **$5,927.51**
actual, reasonable and necessary

This is a(n):  _____ monthly      __X__ interim      _____ final application

Prior Interim Fee Applications:[3]

| | | | Requested | | Approved (No Objections Filed) | |
|---|---|---|---|---|---|---|
| Quarter | Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| 1st[4] | 12/29/10 | 8/1/10-8/31/10 | $78,304.00 | $495.01 | $78,304.00 | $495.01 |
| 2nd | 1/12/11 | 9/1/10-11/30/10 | $502,458.50 | $63,147.23 | $502,458.50 | $63,147.23 |
| 3rd | 4/12/11 | 12/1/10-2/28/11 | $59,183.00 | $12,728.37 | $59,183.00 | $12,728.37 |
| 4th | 7/8/11 | 3/1/11-5/31/11 | $81,668.50 | $5,024.30 | $81,668.50 | $5,024.30 |

---

[2] Levine Sullivan Koch & Schulz, LLP was originally retained by the Debtors as an Ordinary Course Professional pursuant to the Order Authorizing the Debtors to Retain, Employ, and Compensation Certain Professionals Utilized by the Debtors in the Ordinary Course of Business [Docket No. 227] (the "OCP Order").

[3] The OCP representation of Debtors by the Levine firm caused the firm's fees to exceed slightly the average Monthly Cap of $50,000 for January-February 2010. The firm submitted an application for payment of the overage, which the Court approved. See Application of Levine Sullivan Koch & Schulz, LLP For Allowance and Payment of Compensation and Reimbursement of Expenses for Services Rendered As Ordinary Course Counsel to the Debtors for Certain Litigation Matters During the Period From February 1, 2010 through February 28, 2010 [Docket No. 4872] and Order Allowing Compensation and Reimbursement of Expenses to Levine Sullivan Koch & Schulz, LLP for Services Rendered as Ordinary Course Counsel to the Debtors for Certain Litigation Matters During the Period from February 1, 2010 through February 28, 2010 [Docket No. 5313].

[4] Although Levine Sullivan Koch & Schulz, LLP was retained as Special Counsel, *nunc pro tunc*, as of September 1, 2010, invoices for August 2010 were not submitted for payment by the Debtors under the OCP Order before the firm's appointment as Special Counsel. Accordingly, upon learning of this, on December 3, 2010, Levine submitted a monthly fee application for expenses and time billed in the month of August 2010 (Docket No. 6714). Levine requested leave to file the First Quarterly Fee Application for the month of August 2010 outside of the 45-day Interim Fee Period ("the Interim Fee Application Deadline") required by the court's Compensation Order, because the firm was unaware, within the time required under the Compensation Order, that its August 2010 invoices had not been previously submitted for payment under the OCP Order. This quarterly application was filed on Dec. 29, 2010 [Docket No. 7341].

| Quarter | Date Filed | Requested | | | Approved (No Objections Filed) | |
|---|---|---|---|---|---|---|
| | | Period Covered | Fees | Expenses | Fees | Expenses |
| 5th | 10/12/11 | 6/1/11-8/31/11 | $145,122.50 | $7,065.09 | $145,122.50 | $7,065.09 |
| 6th | 1/11/12 | 9/1/11-11/30/11 | $59,939.50 | $943.80 | $59,939.50 | $943.80 |
| 7th | 4/12/12 | 12/1/11-2/29/12 | $21,237.50 | $1,358.60 | $21,237.50 | $1,358.60 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: Aug. 1, 2012 at 4:00 p.m. E.T.** |
| | **Hearing Date: TBD** |
| | **Related to Docket Nos. 11498, 11738, & 11924.** |

**EIGHTH QUARTERLY FEE APPLICATION OF**
**LEVINE SULLIVAN KOCH & SCHULZ, LLP FOR ALLOWANCE AND PAYMENT**
**OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF**
**EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FOR CERTAIN LITIGATION**
**MATTERS FOR THE PERIOD OF MARCH 1, 2012 THROUGH MAY 31, 2012**

Levine Sullivan Koch & Schulz, LLP ("<u>Levine</u>"), as special counsel for the

debtors and debtors in possession in the above-captioned chapter 11 cases (each a "<u>Debtor</u>" and

collectively, the "<u>Debtors</u>"), respectfully submits this application (the "<u>Application</u>") to this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1

Court, pursuant to (i) sections 327, 331, and 503 of title 11 of the United States Code (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (iv) the Order Establishing Procedure for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Interim Compensation Order"), as amended; and (v) the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Application (the "Fee Examiner Order") for the allowance and payment of fees in the amount of $28,303.50, and reimbursement of expenses in the amount of $5,927.51  In support of the Application, Levine respectfully states as follows:

## BACKGROUND OF THE CASES

1.      On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.  In all, the Debtors comprise 111 entities.

2.      The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  [Docket Nos. 43, 2333].

3.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

2

4.      On October 21, 2010, this Court entered an Order Authorizing Debtors to Employ and Retain Levine Sullivan Koch & Schulz, LLP as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§§ 327(e) 1107, *nunc pro tunc*, to September 1, 2010 (the "Retention Order") [Docket No. 6062].[3]

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327, 331, and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

## PROCEDURAL BACKGROUND FOR THE APPLICATION

6.      The Interim Compensation Order and the Fee Examiner Order (together, the "Fee Orders"), provide that all professionals retained in these cases pursuant to section 325, 328, or 1103 of the Bankruptcy Code (the "Case Professionals") must file with the Court and provide to the Fee Examiner, monthly applications for interim allowance of compensation for services rendered and reimbursement of expenses incurred, together with the time entries and itemized expenses (the "Monthly Fee Applications"). The notice parties specified in the Fee Orders (the "Notice Parties") have twenty (20) days after service of a Monthly Fee Application

---

[3] Although Levine Sullivan Koch & Schulz, LLP was retained as Special Counsel, *nunc pro tunc*, as of September 1, 2010, invoices for August 2010 were not submitted for payment by the Debtors under the OCP Order before the firm's appointment as Special Counsel. Accordingly, upon learning of this, on December 3, 2010, Levine submitted a monthly fee application for expenses and time billed in the month of August 2010 (Docket No. 6714). Levine requested leave to file the First Quarterly Fee Application for the month of August 2010 outside the 45-day Interim Fee Period ("the Interim Fee Application Deadline") required by the court's Compensation Order, because the firm was unaware, within the time required under the Compensation Order, that its August 2010 invoices had not been previously submitted for payment under the OCP Order. This quarterly application was filed on Dec. 29, 2010 [Docket No. 7341].

to objection to such Monthly Fee Application (the "Objection Deadline").  Upon expiration of

the Objection Deadline, the applicable Case Professional must certify in writing to the Debtors

that no objection or partial objection has been filed with the Court relative to that professional's

Monthly Fee Application, whichever is applicable, whereupon the Debtors are authorized to pay

such professional an amount equal to the lesser of (i) 80% of the fees and 100% of the expenses

requested in the Monthly Fee Application or (ii) 80% of the fees and 100% of the expenses not

subject to an objection.

      7.     Pursuant to the procedures set forth in the Fee Orders, Levine prepared,

filed with the Court, and served upon the Notice Parties and the Fee Examiner Monthly Fee

Applications for each of the three months from March 1, 2012 to May 31, 2012.[4]  Accordingly,

Levine has submitted all of its Monthly Fee Applications as Special Counsel for the Debtors'

chapter 11 cases for this Interim Fee Period.

      8.     In addition to the Monthly Fee Applications, all Case Professionals must

file with the Court and serve on the Notice Parties interim applications for allowance and

compensation and reimbursement of expenses for the amounts sought in the Monthly Fee

Applications filed during such period (a "Quarterly Fee Application Request").  Quarterly Fee

Application Requests must include a summary of the Monthly Fee Applications that are subject

to the request and any other information requested by the Court or required by the Local Rules.

This Application represents the Eighth Quarterly Fee Application Request that Levine has filed

with the Court in connection with these chapter 11 cases.  There is no agreement between Levine

and any other party for the sharing of compensation to be received for the services rendered by

---

[4] [Docket Nos. 11498, 11738, & 11924].

Levine to the Debtors.  All professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of the Debtors.

## SERVICES RENDERED

9.    Levine serves the Debtors as special litigation counsel.  Levine customarily performs various First Amendment, newsroom, media, defamation, privacy, access, copyright, and other litigation matters for Debtors (collectively, the "Litigation Matters").  The Litigation Matters on which Levine represents the Debtors involve allegations of libel or other related causes of action that go to the heart of the Debtors' news business.

10.    A breakdown of the total hours expended by each professional on all matters and a breakdown of amounts sought by each matter category covered herein are included as part of Exhibit A to this Application, as required by Local Rule 2016-2.  A detailed description of the services provided to the Debtors are incorporated by reference to the Monthly Fee Applications for March 2012, April 2012 and May 2012 previously filed with the Court. The following is a summary of the activities performed by Levine's professionals and paralegals during the Eighth Interim Fee Period (which covers March 1, 2012 to May 31, 2012), organized by project category:

A.        **Mitchell v. Baltimore Sun (00499.003)**
           Fees: $258.00                    Total Hours:  .60

11.    During the Application period, Levine attorneys expended time reviewing and revising a description of abandonment of state court-litigation for a bankruptcy court filing; and drafting correspondence to Tribune auditors regarding the current status of litigation against the Baltimore Sun newspaper.

5

B.        **Tribune-General (00499.008)**

        Fees:  $2,606.50        Total Hours:  5.90

        12.     During the Application period, Levine attorneys expended time reviewing copyright issues; communicating with the client regarding proposed Maryland advertising-related litigation and copyright issues; reviewing research materials and files; preparing and submitting copyright registrations for photographs; reviewing client files; and exchanging email with the client regarding the same.

C.        **Tribune-Henke (00499.071)**

        Fees:  $728.00        Total Hours:  1.60

        13.     During the Application period, a Levine attorney expended time reviewing an amended complaint and discussing the complaint with the client.

D.        **Tribune-Fee Application (00499.080)**

        Fees:  $7,129.50        Total Hours:  21.30

        14.     During the Application Period, Levine attorneys expended time drafting, reviewing and revising the nineteenth, twentieth, and twenty-first monthly fee applications and seventh quarterly fee application; reviewing invoices regarding the fee applications; communicating with the fee examiner and local counsel regarding monthly fee applications; revising a response to the Fee Examiner's preliminary report regarding the fourth quarterly fee application; reviewing the Omnibus Order and exhibit regarding the eighth interim fee period; and addressing the Fee Examiner's report.

E.        **LA Times- Access (00499.086)**

        Fees:  $17,581.50        Total Hours:  42.00

        15.     During the Application Period, Levine attorneys expended time selecting local counsel; reviewing articles; conducting legal research regarding bankruptcy court filings; drafting, reviewing and revising objections to a motion to seal a bankruptcy filing exhibit;

6

reviewing the legal and factual record of the case and preparing for an access argument in a bankruptcy hearing; formulating strategy regarding the filing of the motion and the motion hearing; reviewing the agenda for the motion hearing and coordinating with local counsel regarding the same; attending morning and afternoon sessions of bankruptcy motions hearings; reviewing docket orders and analyzing options for renewing the access motion; and corresponding with the client regularly regarding the hearings and case strategy.

## EXPENSES INCURRED

16.     Levine has incurred expenses of $5,927.51 in connection with its services rendered as special counsel to the Debtors during the Eighth Quarterly Fee Period.  These expenses, for filing fees, travel of partner Chad Bowman to Wilmington, Delaware, and the retention of local counsel to assist with the filing of motions in bankruptcy court, represent actual out-of-pocket costs for items incurred exclusively for the direct benefit of the Debtors.  Levine submits that all such expenses are necessary and actual expenses for the performance of its services in these cases.  By this Application, Levine does not seek expenses for routine in-house copying or facsimile transmissions.  A breakdown of the total expenses are included as Exhibit B to this Application.

## REVIEW OF APPLICABLE LOCAL RULE

17.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with the requirements of Local Rule 2016-2.

## NOTICE

18.     Notice of this Application is being served upon the Notice Parties specified in the Fee Orders.  In accordance with the terms of the Fee Orders, Levine respectfully submits that no further notice is required.

7

## NO PRIOR REQUEST

19.     No previous application with respect to the relief requested herein has been made to this or any other Court.


WHEREFORE, after appropriate notice and hearing, Levine respectfully requests that the Court enter an Order: (a) granting the Application and authorizing the allowance of fees in the amount of $28,303.50, and reimbursement of actual and necessary expenses in the amount of $5,927.51; and (b) granting such further relief as this Court deems just and proper.


Dated: July 12, 2012

Respectfully submitted,


_____
Jay Ward Brown
LEVINE SULLIVAN KOCH & SCHULZ, LLP
1899 L Street, NW
Suite 200
Washington, D.C.  20036
Telephone:  202-508-1100
Facsimile:  202-861-9888

8