IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, et al.,[1]

Debtors.

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

Objection Deadline: August 2, 2012
Hearing Date: TBD

**FOURTEENTH INTERIM FEE APPLICATION OF PRICEWATERHOUSECOOPERS LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COMPENSATION AND TAX ADVISORS AND INDEPENDENT AUDITORS TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD MARCH 1, 2012 THROUGH MAY 31, 2012**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1

| Name of Applicant: | PricewaterhouseCoopers LLP ("PwC") |
|---|---|
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | Effective December 8, 2008 by Order Entered March 3, 2009 |
| Period for which Compensation and Reimbursement is Sought: | March 1, 2012 through May 31, 2012 [2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $163,694.40 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $3,294.00 |

This is a: ___ monthly   X   interim

Total time expended for fee application preparation is approximately 22.30 hours and the corresponding compensation requested is $9,115.00.

## SUMMARY OF PREVIOUSLY FILED INTERIM FEE APPLICATIONS

| Interim App No | App Date [Dkt No] | Filing Period | Fees Requested | Expenses Requested | CNO Date [Dkt No] | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|---|
| 1 | 07/15/2009 [1805] | 12/08/2008 02/28/2009 | $776,078.00 | $15,489.89 | 08/17/2009 [1973] | $774,477.00 | $14,260.11 |
| 2 | 07/23/2009 [1806] | 03/01/2009 05/31/2009 | $327,208.00 | $2,480.54 | 08/17/2009 [1974] | $322,635.00 | $1,226.13 |
| 3 | 10/16/2009 [2376] | 06/01/2009 08/31/2009 | $617,876.50 | $3,694.45 | 11/10/2009 [2540] | $615,239.50 | $3,678.45 |
| 4 | 01/15/2010 [3129] | 09/01/2009 11/30/2009 | $376,721.50 | $1,701.50 | 02/08/2010 [3340] | $376,721.50 | $1,701.50 |
| 5 | 04/15/2010 [4069] | 12/01/2009 02/28/2010 | $974,638.00 | $29,647.29 | 05/10/2010 [4297] | $974,638.00 | $29,549.32 |
| 6 | 07/15/2010 [5050] | 03/01/2010 05/31/2010 | $816,524.00 | $3,140.27 | 10/08/2010 [5306] | $803,079.00 | $2,949.57 |
| 7 | 10/15/2010 [5989] | 06/01/2010 08/31/2010 | $581,071.60 | $1,229.76 | 11/15/2010 [6448] | $581,071.60 | $979.76 |
| 8 | 01/11/2011 [7462] | 09/01/2010 11/30/2010 | $758,756.50[3] | $21,149.48 | 01/27/2011 [7649] | $757,942.50 | $21,009.24 |
| 9 | 04/13/2011 [8648] | 12/01/2010 02/28/2011 | $455,869.00 | $20,250.59 | 05/5/2011 [8839] | Pending | Pending |

---

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.
[3] Due to a mathematical error identified within the Twelfth Monthly Fee Application related to the 2009 Consolidated Audit fixed fee, PwC is crediting the Debtors in the amount of $18,000.00. Therefore, the total Amount of Compensation Sought as Actual, Reasonable and Necessary in this Eighth Interim Fee Application has been reduced from $776,756.50 to $758,756.50.

| Interim App No | App Date [Dkt No] | Filing Period | Fees Requested | Expenses Requested | CNO Date [Dkt No] | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|---|
| 10 | 06/30/2011 [9401] | 03/01/2011 05/31/2011 | $429,224.50 | $5,390.77 | 07/22/2011 [9528] | Pending | Pending |
| 11 | 10/14/2011 [9981] | 06/01/2011 08/31/2011 | $564,981.00 | $1,250.00 | 11/07/2011 [1017] | Pending | Pending |
| 12 | 01/12/2012 [10599] | 09/01/2011 12/31/2011 | $740,011.00 | $22,883.95 | 02/03/2012 [10847] | Pending | Pending |
| 13 | 04/13/2012 [11367] | 12/01/2011 02/29/2012 | $542,351.00 | $6,150.08 | 05/07/2012 [11550] | Pending | Pending |
| Total | | | $7,961,310.60 | $134,458.57 | | $5,205,804.10 | $75,354.08 |

## SUMMARY OF FEE APPLICATIONS FOR INTERIM FEE PERIOD

| Monthly App No | App Date [Dkt No] | Filing Period | Fees Requested | Expenses Requested | CNO Date [Dkt No] | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|---|
| 33 | 07/13/2012 [TBD] | 03/01/2012 05/31/2012 | $163,694.40 | $3,294.00 | Pending[4] | Pending | Pending |
| Total | | | $163,694.40 | $3,294.00 | | $0.00 | $0.00 |

## SUMMARY OF HOURS AND COMPENSATION BY PROJECT

| | Hours | Total Compensation |
|---|---|---|
| **Fixed Fee Services** | | |
| 2011 Consolidated Audit | 2,210.00 | $135,000.00 |
| **Subtotal - Fixed Fee Services** | **2,210.00** | **$135,000.00** |
| | | |
| **Hourly Services** | | |
| Claims Consulting Services | 2.00 | $1,000.00 |
| Fresh Start | 30.90 | $15,381.90 |
| Records Management: Phase II | 10.00 | $3,197.50 |
| **Subtotal - Hourly Services** | **42.90** | **$19,579.40** |
| | | |
| **Bankruptcy Requirements and Obligations** | | |
| Monthly, Interim and Final Fee Applications | 22.30 | $9,115.00 |
| **Subtotal - Bankruptcy Requirements and Obligations** | **22.30** | **$9,115.00** |
| | | |
| **Total Hours and Compensation** | **2,275.20** | **$163,694.40** |

---

[4] The objection deadline for the March through May 2012 Monthly Fee Application expires on August 2, 2012.

3

## SUMMARY OF EXPENSES BY PROJECT

| Transaction Type | Total Expenditures |
|---|---:|
| **2011 Consolidated Audit** | |
| Research | $3,294.00 |
| **Subtotal - 2011 Consolidated Audit** | **$3,294.00** |
| **Total Expenditures** | **$3,294.00** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, et al.,[1]

Debtors.

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

Objection Deadline: August 2, 2012
Hearing Date: TBD

## FOURTEENTH INTERIM FEE APPLICATION OF PRICEWATERHOUSECOOPERS LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COMPENSATION AND TAX ADVISORS AND INDEPENDENT AUDITORS TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD MARCH 1, 2012 THROUGH MAY 31, 2012

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

"Bankruptcy Rules"), and the Court's Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Bankruptcy Professionals, entered on or about January 15, 2009 (the "Compensation Order"), PricewaterhouseCoopers LLP ("PwC"), compensation and tax advisors and independent auditors to the Debtors and Debtors in Possession ("Debtors"), hereby submits its Fourteenth Interim Fee Application for Compensation and for Reimbursement of Expenses for the Period from March 1, 2012 through May 31, 2012 (the "Application").

By this Application, PwC seeks an interim allowance of compensation in the amount of $163,694.40 and actual and necessary expenses in the amount of $3,294.00 for a total allowance of $166,988.40 (the "Compensation Amount"), and payment of the unpaid amount of such fees and expenses, for the period March 1, 2012 through May 31, 2012 (the "Interim Fee Period"). In support of this Application, PwC respectfully represents as follows:

## BACKGROUND

1. On December 8, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On December 26, 2008, the Debtors filed the *Application for an Order Authorizing Debtors to Retain and Employ PricewaterhouseCoopers LLP as Compensation and Tax Advisors and Independent Auditors to the Debtors Pursuant to 11 U.S.C. Sections 327(a) and 1107, Nunc Pro Tunc to the Petition Date* (the "Retention Application").

3. On March 2, 2009, the Supplemental Declaration of William T. England was filed which provided final engagement letters, pre-petition payment information, as well as additional

disclosures.

4. On March 3, 2009, this Court approved the retention of PwC as compensation and tax advisors and independent auditors to the Debtors by entering the *Order Authorizing Debtors To Retain And Employ PricewaterhouseCoopers LLP As Compensation And Tax Advisors And Independent Auditors To The Debtors Nunc Pro Tunc To The Petition Date* (the "Retention Order").

5. On March 19, 2009, the Court approved the retention of Stuart Maue, Fee Examiner, to act as special consultant to the Court for professional fee and expense analysis and review (the "Fee Examiner Order").

6. On April 10, 2009, PwC filed a Second Supplemental Declaration of William T. England which expanded the scope of services for the Compensation Engagement Letter.

7. On July 2, 2009, PwC filed a Third Supplemental Declaration of William T. England which disclosed the expansion of the scope of services to include additional procedures for the 2008 Consolidated Audit as well as the Audit Committee approval for the 2009 Consolidated Audit.

8. On February 5, 2010, PwC filed a Fourth Supplemental Declaration of William T. England which disclosed the Second 2008 Audit Addendum for incremental fees to complete the 2008 consolidated audit services and expanding the scope to include the preparation of the tax returns for the Employee Benefit Plan and Employee Stock Ownership Plan.

9. On April 30, 2010, PwC filed a Fifth Supplemental Declaration of William T. England which modifies the scope of the retention of PwC to include certain advisory services in connection with the application of Fresh Start Accounting services. These services were approved by the Court on May 14, 2010.

10. On June 22, 2010, PwC filed a Sixth Supplemental Declaration of William T. England which expanded the scope of services for the 2009 engagement letter and disclosed the new 2010 audit services for the Independent Auditor services.

11. On December 8, 2010, PwC filed a Seventh Supplemental Declaration of William T. England which expanded the scope of services for the 2010 Audit Engagement Letter to perform additional incremental services in order to assess the conclusions set forth in the report of Kenneth H. Klee, Examiner, as well as expanded the scope of services to prepare the 2009 Forms 5500 (Annual Return/Report of Employee Benefit Plan) and to perform an audit of the Employee Stock Ownership Plan and Employee Benefit Plan.

12. On May 13, 2011, PwC filed the Eighth Supplemental Declaration of William T. England which expanded the scope of services for the 2010 Audit Engagement Letter to perform additional incremental services associated with the Television Food Network capital contribution, the transition of certain business processes to Blue Lynx Media, and the DSI, AX/Adit system implementations completed in 2010 as well as expanded the scope of services to perform an integrated audit of the Debtors' consolidated financial statements at December 25, 2011 and for the year then ending and of the effectiveness of the Debtors' internal control over financial reporting as of December 25, 2011.

13. On October 5, 2011, PwC filed the Ninth Supplemental Declaration of William T. England which expanded the scope of services to prepare the 2010 Forms 5500 (Annual Return/Report of Employee Benefit Plan) and to perform an audit of the Employee Stock Ownership Plan and Employee Benefit Plan for benefits at December 31, 2010.

14. On November 4, 2011, PwC filed the Second Supplemental Application for an Order Modifying the Scope of the Retention of PricewaterhouseCoopers LLP to Include Certain

Advisory Services in Connection with Records Management, Payroll Processing, and Operations Management, (the "Supplemental Retention Application").

15. On November 18, 2011, this Court approved the Supplemental Retention Application by issuing the Order Modifying the Scope of the Retention of PricewaterhouseCoopers LLP to Include Certain Advisory Services in Connection with Records Management, Payroll Processing, and Operations Management Pursuant to 11 U.S.C § 327(a) and 1107, Nunc Pro Tunc to November 1, 2011 and Seeking a Limited Waiver of Compliance with Del Bankr. L.R. 2016-2(d), in Accordance with Del. Bankr. L.R. 2016-2(g).

16. On June 12, 2012, PwC filed the Eleventh Supplemental Declaration of William T. England which expanded the scope of services to perform an audit of the Employee Stock Ownership Plan, for the benefits at December 31, 2011, to prepare the 2011 Forms 5500 and related filings for the 2011 Employee Benefit Plan Filings, to perform additional incremental audit services associated with the Blue Lynx Media and other incremental testing procedures related to the 2011, and to perform an integrated audit of the Debtors' consolidated financial statements at December 30, 2012 and for the year then ending and of the effectiveness of the Debtors' internal control over financial reporting as of December 30, 2012.

## RELIEF REQUESTED

17. The Compensation Order authorizing certain professionals and members of the Committee (the "Professional") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Compensation Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made, the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses.

18. PwC has submitted one monthly fee invoice corresponding with the Compensation Amount for services rendered and expenditures incurred on behalf of the Debtors during the Interim Fee Period (collectively, the "<u>Monthly Fee Statement</u>"). Copies of this Monthly Fee Statement representing the services rendered and expenses incurred by PwC during the Application Period have previously been filed with the Court.[2]

    a) On July 13, 2012, PwC submitted its thirty-third Monthly Fee Statement for services and expenditures incurred from March 1, 2012 through May 31, 2012 requesting $163,694.40, in fees and $3,294.00 in expenditures.

19. As stated above, PwC has previously distributed the Monthly Fee Statement for compensation for professional services rendered and reimbursement of disbursements made in these cases during the Interim Fee Period. This Monthly Fee Statement include details of the services provided by PwC to the Debtors, including, in each instance, the identity of the professionals involved in the provision of such services, the dates of service, the time expended, and a brief description of the services sought. As of the date of this submission, there has been no objection to our Monthly Fee Statement. PwC has also submitted the Fee and Expense Detail to the Fee Examiner as required by the Fee Examiner Order.

20. Furthermore, the Compensation Order provides that professionals are to file and service upon fee parties an interim request approximately every three months (the "<u>Quarterly Fee Application Request</u>") for interim Court approval and allowance of the monthly fee applications during the Interim Fee Period covered by the Interim Fee Application. This Application represents PwC's interim fee request for interim approval and payment of the services rendered during the Interim Fee Period:

---

[2] Copies may also be obtained by contacting Andrea Clark Smith, PwC, Suite 1400, 225 South 6th Street, Minneapolis, Minnesota, 55402.

10

| Date Filed and Docket No. | Period Covered | Total Amount Requested | | Total Amount Approved to Date via Certification of No Objection[3] | | Holdback Fees Requested[3] |
|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (@ 80%) | Expenses (@ 100%) | Fees (@20%) |
| 07/13/2012 [TBD] | 03/01/2012 05/31/2012 | $163,694.40 | $3,294.00 | $130,955.52 | $3,294.00 | $32,738.88 |
| Total: | | $163,694.40 | $3,294.00 | $130,955.52 | $3,294.00 | $32,738.88 |

21.   The Interim Fee Application covers the period from March 1, 2012 through May 31, 2012. Although every effort was made to include all fees and expenses from the Compensation Period in this Interim Fee Application, some fees and/or expenses from the Compensation Period might not be included in this Interim Fee Application due to delays in processing time and receipt of invoices for expenses and/or for preparation for the instant application subsequent to the covered period. Accordingly, PwC reserves the right to make further applications for allowance of fees and expenses not included herein. This Interim Fee Application is also made without prejudice to PwC's right to seek further interim allowances and/or a final allowance of compensation in the future in accordance with the Retention Order and the Compensation Order.

22.   Prior to this interim fee application, PwC has submitted thirteen Quarterly Fee Application Requests for services rendered and expenditures incurred on behalf of the Debtors during the previous interim fee periods:

    a)   On July 15, 2009, PwC submitted its first interim fee statement for services and expenditures incurred from December 8, 2008 through February 28, 2009, requesting $776,078.00 in fees and $15,489.89 in expenditures.

    b)   On July 23, 2009, PwC submitted its second interim fee statement for services and expenditures incurred from March 1, 2009 through May 31,

---

[3] The objection deadline for the March through May 2012 Monthly Fee Application expires August 2, 2012.

| | |
|---|---|
| | 2009, requesting $327,208.00 in fees and $2,480.54 in expenditures. |
| c) | On October 16, 2009, PwC submitted its third interim fee statement for services and expenditures incurred from June 1, 2009 through August 31, 2009, requesting $617,876.50 in fees and $3,694.45 in expenditures. |
| d) | On January 15, 2010, PwC submitted its fourth interim fee statement for services and expenditures incurred from September 1, 2009 through November 30, 2009, requesting $376,721.50 in fees and $1,701.50 in expenditures. |
| e) | On April 15, 2010, PwC submitted its fifth interim fee statement for services and expenditures incurred from December 1, 2009 through February 28, 2010, requesting $974,638.00 in fees and $29,647.29 in expenditures. |
| f) | On November 30, PwC submitted its sixth interim fee statement for services and expenditures incurred from March 1, 2010 through May 31, 2010, requesting $816,524.00 in fees and $3,140.27 in expenditures. |
| g) | On October 15, 2010, PwC submitted its seventh interim fee statement for services and expenditures incurred from June 1, 2010 through August 31, 2010, requesting $581,071.60 in fees and $1,229.76 in expenditures. |
| h) | On January 11, 2011, PwC submitted its eighth interim fee statement for services and expenditures incurred from September 1, 2010 through November 30, 2010, requesting $758,756.50 in fees and $21,149.48 in expenditures. |
| i) | On April 13, 2011, PwC submitted its ninth interim fee statement for services and expenditures incurred from December 1, 2010 through February 28, 2011 requesting $455,869.00 in fees and $20,250.59 in expenditures. |
| j) | On June 30, 2011, PwC submitted its tenth interim fee statement for services and expenditures incurred from March 1, 2011 through May 31, 2011 requesting $429,224.50 in fees and $5,390.77 in expenditures. |
| k) | On October 14, 2011, PwC submitted its eleventh interim fee statement for services and expenditures incurred from June 1, 2011 through August 31, 2011 requesting $564,981.00 in fees and $1,250.00 in expenditures. |
| l) | On January 12, 2012, PwC submitted its twelfth interim fee statement for services and expenditures incurred from September 1, 2011 through November 30, 2011 requesting $740,011.00 in fees and $22,883.95 in expenditures. |
| m) | On April 13, 2012, PwC submitted its thirteen interim fee statement for services and expenditures incurred from December 1, 2011 through February 29, 2012 requesting $542,351.00 in fees and $6,105.08 in expenditures. |

23.   No agreement or understanding prohibited by section 504 of the Bankruptcy Code

exists between PwC and any other person for sharing of compensation received or to be received for services rendered in or in connection with these chapter 11 cases, not shall PwC share or agree to share the compensation paid or allowed for the Debtors' estates for such services with any other person in contravention of section 504 of the Bankruptcy Code. No agreement or understanding prohibited by 18 U.S.C. § 155 had been made by PwC.

### CERTIFICATE OF COMPLIANCE AND WAIVER

24. To the best of its knowledge, PwC believes that the Interim Fee Application and the description of services set forth herein of work performed are in compliance with the requirements of Delaware Local Rule 2016-2, the Compensation Order, and the applicable guidelines and requirements of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Executive Office for the United States Trustees.

WHEREFORE, PwC respectfully requests that the Court approves the interim allowance to be made to PwC for the period from March 1, 2012 through May 31, 2012 in the sum of $163,694.40, as compensation for necessary professional services rendered, and the sum of $3,294.00 for reimbursement of actual necessary costs and expenses, for a total of $166,988.40; that the Debtors be authorized and directed to pay to PwC the outstanding amount of such sums; and for such other and further relief as may be just and proper.

Dated: July 13, 2012
Chicago, Illinois

William T. England, Partner
PricewaterhouseCoopers LLP
One North Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 298-2000
*Compensation and Tax Advisor and Independent Auditor to the Debtors*

13