## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Objection Deadline: August 2, 2012 at 4:00 p.m. |

## THIRTY-SECOND MONTHLY FEE APPLICATION OF SEYFARTH SHAW LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS EMPLOYMENT LITIGATION COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD OF MAY 1, 2012 THROUGH MAY 31, 2012

| | |
|---|---|
| Name of Applicant: | **Seyfarth Shaw LLP** |
| Authorized to Provide Professional Services as Employment Litigation Counsel to: | **Debtors** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Date of Professional Retention:                    **January 25, 2010,** *nunc pro tunc* **to February 3, 2009**

Period for Which Compensation                      **May 1, 2012 through May 31, 2012**
and Reimbursement is Sought:

Amount of compensation sought as actual,           **$89,480.40**
reasonable and necessary:

Amount of Expense Reimbursement sought as          **$ 2,993.86**
actual, reasonable and necessary

This is a(n):    __X__ monthly        _____ interim        _____ final application

Requested Payment Amount:

Fees at 80%                                        **$71,584.32**

Expenses at 100%                                   **$ 2,993.86**

Prior Applications:

(The 1st and 2nd Monthly Applications are pursuant to retention as Ordinary Course Professional)

| Application | Date Filed | Period Covered | Requested Fees (80%/Expenses 100%) | Authorized Fees (80%/Expenses (100%) |
|---|---|---|---|---|
| 1st | 11/25/09 | 10/1/09 – 10/31/09 | $99,580.00/$1,516.15 | $99,580.00/$1,516.15 |
| 2nd | 1/25/10 | 11/1/09 – 11/30/09 | $73,156.05/$6,104.99 | $73,156.05/$6,104.99 |
| 3rd | 3/18/2010 | 12/1/09 – 12/31/09 | $76,327.56/$4,631.98 | $76,327.56/$4,631.98 |
| 4th | 3/18/2010 | 1/1/09 - 1/31/09 | $170,504.00/$2,138.26 | $170,504.00/$2,138.26 |
| 5th | 4/16/10 | 2/1/10 - 2/28/10 | $51,770.88/$3,639.94 | $51,770.88/$3,639.94 |
| 6th | 7/21/10 | 3/1/10 - 3/31/10 | $65,184.48/$2,576.54 | $65,184.48/$2,576.54 |
| 7th | 7/21/10 | 4/1/10 - 4/30/10 | $91,239.12/$2,129.92 | $91,239.12/$2,129.92 |
| 8th | 7/21/10 | 5/1/10 - 5/31/10 | $90,254.88/$3,639.94 | $90,254.88/$3,639.94 |
| 9th | 9/28/10 | 6/1/10 - 6/30/10 | $54,318.60/$4,764.48 | $54,318.60/$4,764.48 |
| 10th | 9/28/10 | 7/1/10 - 7/31/10 | $42,801.12/$1,691.74 | $42,801.12/$1,691.74 |

46429/0001-8691220V1

| 11th | 10/8/10 | 8/1/10 - 8/31/10 | $35,688.24/$1,397.78 | $35,688.24/$1,397.78 |
|------|---------|------------------|----------------------|----------------------|
| 12th | 12/2/10 | 9/1/10 - 9/30/10 | $40,642.20/$2,734.56 | $40,642.20/$2,734.56 |
| 13th | 12/2/10 | 10/1/10 - 10/31/10 | $68,541.84/$3,808.29 | $68,541.84/$3,808.29 |
| 14th | 1/14/11 | 11/1/10 - 11/30/10 | $40,495.68/$6,134.27 | $40,495.68/$6,134.27 |
| 15th | 2/10/11 | 12/1/10 - 12/31/10 | $49,191.12/$1,030.68 | $49,191.12/$1,030.68 |
| 16th | 3/18/11 | 1/1/11 - 1/31/11 | $80,465.04/$1,202.14 | $80,465.04/$1,202.14 |
| 17th | 4/6/11 | 2/1/11 - 2/28/11 | $119,792.16/$8,635.04 | $119,792.16/$8,635.04 |
| 18th | 6/14/11 | 3/1/11 - 3/31/11 | $204,991.92/$11,850.21 | $204,991.92/$11,850.21 |
| 19th | 6/21/11 | 4/1/11 - 4/30/11 | $99,075.60/$6,943.23 | $99,075.60/$6,943.23 |
| 20th | 7/14/11 | 5/1/11 - 5/31/11 | $80,606.52/$2,556.36 | $80,606.52/$2,556.36 |
| 21st | 8/15/11 | 6/1/11 - 6/30/11 | $120,984.48/$4,597.78 | $120,984.48/$4,597.78 |
| 22nd | 8/26/11 | 7/1/11 - 7/31/11 | $143,994.60/$3,578.13 | $143,994.60/$3,578.13 |
| 23rd | 10/14/11 | 8/1/11 - 8/30/11 | $103,840.92/$3,817.95 | $103,840.92/$3,817.95 |
| 24th | 11/17/11 | 9/1/11 - 9/30/11 | $67,632.48/$3,121.08 | $67,632.48/$3,121.08 |
| 25th | 11/30/11 | 10/1/11 - 10/31/11 | $120,980.88/3,578.84 | $120,980.88/3,578.84 |
| 26th | 1/10/2012 | 11/1/11 - 11/30/11 | $56,333.88/7,611.87 | $56,333.88/7,611.87 |
| 27th | 3/1/2012 | 12/1/11 - 12/31/11 | $37,376.23/$3,006.60 | $37,376.23/$3,006.60 |
| 28th | 4/9/2012 | 1/1/12 - 1/31/12 | $47,675.48/$301.45 | $47,675.48/$301.45 |
| 29th | 4/9/2012 | 2/1/12 - 2/28/12 | $94,212.60/$2,107.82 | $94,212.60/$2,107.82 |
| 30th | 5/10/2012 | 3/1/12 - 3/30/12 | $91,547.80/$2,096.83 | $91,547.80/$2,096.83 |
| 31st | 6/18/2012 | 4/1/12 - 4/30/12 | $79,170.32/$6,367.75 | $79,170.32/$6,367.75 |

46429/0001-8691220V1

### SUMMARY OF PROFESSIONAL FEES
### FROM MAY 1, 2012 THROUGH MAY 31, 2012

| Professional | Position, Area of Expertise, Year of Obtaining License to Practice | Hourly Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Jeremy Sherman | Partner<br>Labor & Employment<br>Admitted 1976 | $725.00 | 3.40 | $2,465.00 |
| Camille Olson | Partner<br>Labor & Employment<br>Admitted 1983 | $720.00 | 2.90 | $2,088.00 |
| Jon Meer | Partner<br>Labor & Employment<br>Admitted 1989 | $645.00 | .30 | $193.50 |
| Mark Lies | Partner<br>Labor & Employment<br>Admitted 1974 | $640.00 | 9.90 | $6,336.00 |
| Lori O'Hara | Partner<br>Labor & Employment<br>Admitted 1988 | $610.00 | .70 | $427.00 |
| William Schurgin | Partner<br>Labor & Employment<br>Admitted 1986 | $605.00 | .40 | $242.00 |
| Kristin Michaels | Partner<br>Labor & Employment<br>Admitted 1991 | $605.00 | 8.20 | $4,961.00 |
| Gerald Pauling | Partner<br>Labor & Employment<br>Admitted 1992 | $595.00 | .80 | $476.00 |
| John Collins | Partner<br>Labor & Employment<br>Admitted 1980 | $580.00 | 1.30 | $754.00 |
| Noah Finkel | Partner<br>Labor & Employment<br>Admitted 1993 | $575.00 | 1.00 | $575.00 |

46429/0001-8691220V1

| Timothy Hix | Partner<br>Labor & Employment<br>Admitted 2003 | $520.00 | .30 | $156.00 |
|---|---|---|---|---|
| Max Sank | Partner<br>Labor & Employment<br>Admitted 2000 | $410.00 | .50 | $205.00 |
| Natascha Riesco | Associate<br>Labor & Employment<br>Admitted 2007 | $390.00 | 11.20 | $4,368.00 |
| Kyle Petersen | Associate<br>Labor & Employment<br>Admitted 2001 | $385.00 | 6.30 | $2,425.50 |
| Andrew Connor | Paralegal<br>Bankruptcy<br>N/A | $310.00 | 30.90 | $9,579.00 |
| Jennifer McManus | Paralegal<br>Bankruptcy<br>N/A | $290.00 | 9.00 | $2,610.00 |
| Charles MacLeod | Litigation Support<br>N/A | $230.00 | 1.70 | $391.00 |
| Alice Shepro | Case Assistant<br>Bankruptcy<br>N/A | $105.00 | 18.80 | $1,974.00 |
| **TOTAL** | | | **107.60** | **$40,226.00** |
| **10% discount** | | | | **$4,022.60** |
| **TOTAL LESS DISCOUNT** | | | | **$36,203.40** |
| **BLENDED RATE** | | **$376.76** | | |
| Lorraine O'Hara | Partner<br>Labor & Employment<br>Admitted 1988 | $455.00 | 61.90 | $28,164.50 |
| Julia Brodsky | Associate<br>Labor & Employment<br>Admitted 2009 | $455.00 | 36.50 | $16,607.50 |

46429/0001-8691220V1

| | | | | |
|---|---|---|---|---|
| Olia Golinder | Paralegal Litigation N/A | $270.00 | 31.50 | $8,505.00 |
| | | | **129.90** | **$53,277.00** |
| | | | | |
| | | | **237.50** | **$89,480.40** |

\* Note: L. O'Hara, J. Brodsky and O. Golinder are exceptions of not getting a 10% discount due to having a special rate on client/matter 33175-26 and 15827-20.

46429/0001-8691220V1

## COMPENSATION BY PROJECT CATEGORY FOR THE PERIOD
## FROM MAY 1, 2012 THROUGH MAY 31, 2012

| Matter Description | Total Hours | Total Fees |
|---|---|---|
| Baltimore Sun - Labor General (12575-01) | 3.10 | $2,247.50 |
| Baltimore Sun - Teamsters Local Union (12575-304) | 7.90 | $4,779.50 |
| Tribune - Corporate Labor Relations (36377-01) | .30 | $181.50 |
| Tribune - Bankruptcy Fee Application (36377-07) | 61.00 | $15,160.50 |
| Tribune - Labor - General (11089-01) | .40 | $242.00 |
| Tribune - Karen Fisher (11089-38) | 1.30 | $754.00 |
| Tribune - Sal Marchiano v. Betty Ellen (68308-07) | .20 | $46.00 |
| Tribune - Larry Hoff (68308-09) | 1.50 | $345.00 |
| Tribune - JoAnn Parker v. (57634-06) | 1.80 | $702.00 |
| Tribune - Marcia E. Sinclair (57634-07) | 8.00 | $3,284.00 |
| Tribune - Carolyn Rusin (57634-08) | 7.30 | $3,000.50 |
| Tribune - Eric Benton (57634-09) | 9.90 | $6,336.00 |
| Tribune - Chris Neuman (66929-02) | .30 | $193.50 |
| Tribune - General (36078-01) | 2.90 | $2,088.00 |
| Tribune - Michael Cordits (10512-90) | .20 | $78.00 |
| Los Angeles Times - General Matters (33175-01) | .70 | $427.00 |
| Los Angeles Times - Clement, Jayne (33175-20) | .30 | $156.00 |
| Los Angeles Times - Clement, Jayne (Plaintiffs) (33175-23) | .50 | $205.00 |
| **TOTAL** | **107.60** | **$40,226.00** |
| **10 % Discount** | | **$4,022.60** |
| | | **$36,203.40** |
| | | |
| Los Angeles Times - Christino Escandon (33175-26)* | 56.30 | $24,266.00 |
| KTLA-TV - Neil Levine (15827-20)* | 73.60 | $29,011.00 |
| | **129.90** | **$53,277.00** |
| | | |
| **TOTAL** | **237.50** | **$89,480.40** |

*NOTE: THIS MATTER HAS SPECIAL RATES IN LIEU OF A 10% DISCOUNT.

46429/0001-8691220V1

**EXPENSE SUMMARY FOR THE PERIOD**
**MAY 1, 2012 THROUGH MAY 31, 2012**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Long Distance Telephone | | $19.50 |
| Copying @ .10/page | | $156.50 |
| Online Research | | $106.23 |
| Facsimile | | $43.00 |
| Local Travel | | $36.87 |
| Courier Messenger | | $59.62 |
| Overnight Delivery/Local Messenger | J. Collins | $120.86 |
| Attorney Services | | $111.35 |
| Filing Fees | Appearance fees for 4 defendants | $1,160.00 |
| Subpoena Fees | | $259.59 |
| Parking Validations | | $102.00 |
| Process of Service | | $268.25 |
| Docketing Services | Drop off to Judge W. Pauley | $75.00 |
| Other | CDW Computer Center | $25.09 |
| **Total** | | **$2,993.86** |

46429/0001-8691220V1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: August 2, 2012 at 4:00 p.m.** |

## THIRTY-SECOND MONTHLY FEE APPLICATION OF SEYFARTH SHAW LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS EMPLOYMENT LITIGATION COUNSEL TO THE DEBTORS  FOR THE PERIOD OF MAY 1, 2012 THROUGH MAY 31, 2012

Seyfarth Shaw LLP ("Seyfarth"), employment litigation counsel for the debtors and

debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively,

the "Debtors"), respectfully submits this application (the "Application") to this Court, pursuant

to (i) sections 328, 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"),

(ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.
46429/0001-8691220V1

2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (iv) the Order Establishing Procedure for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order"), as amended; and (v) the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Application (the "Fee Examiner Order") for the allowance and payment of fees in the amount of $89,480.40, partially subject to a twenty percent (20%) holdback, and reimbursement of expenses in the amount of $2,993.86.  In support of the Application, Seyfarth respectfully states as follows:

## BACKGROUND OF THE CASES

1.      On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on November 12, 2009.  In all, the Debtors comprise 112 entities.

2.      The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  [Docket Nos. 43, 2333].

3.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee.

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

2

4.      On January 25, 2009, this Court entered the Order Authorizing Debtors to Employ and Retain Seyfarth Shaw LLP as Special Counsel for Certain Employment Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) 1107, *nunc pro tunc* to April 1, 2010 (the "Retention Order").

5.      Pursuant to the Retention Order, Seyfarth is authorized to represent the Debtors as special counsel in connection with litigation matters.

6.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are sections 328, 330, and 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

## RELIEF REQUESTED

7.      Pursuant to the Compensation Order and 331 of the Bankruptcy Code, Seyfarth seeks interim approval of compensation for professional services rendered, in the amount of $89,480.40 partially subject to a twenty percent (20%) holdback, and reimbursement of actual and necessary expenses incurred, in the amount of $ in serving as employment litigation counsel to the Debtors and Debtors in Possession during the period May 1, 2012 through May 31, 2012 (the "Application Period").  Additional information as required by Local Rule 2016-2(c), (d), and (e) relating to the fees and expenses requested herein are provided on the Summary of Fees and Expenses, attached hereto.

## ALLOWANCE OF COMPENSATION

8.      Attached hereto as Exhibit A is a detailed itemization, by project category, of all services performed by Seyfarth with respect to these matters from May 1, 2012 through May 31, 2012.

46429/0001-8691220V1

9.      The following is a summary of the activities performed by Seyfarth attorneys and paraprofessionals during the Application Period, organized by project category.

**A.      Baltimore Sun - Labor - General (12575-01)**

Fees:   $2,247.50          Total Hours: 3.10

10.     During the Application Period, Seyfarth attorneys expended time relating to contracts negotiations and advice.

**B.      Baltimore Sun - Teamsters Local Union (12575-304)**

Fees:   $4,779.50          Total Hours: 7.90

11.     During the Application Period, Seyfarth attorneys expended time analyzing Union's position in the pending grievance matter and providing advice regarding same.

**C.      Tribune - Corporate Labor Relations (36377-01)**

Fees:   $.30               Total Hours: $181.50

12.     During the Application Period, Seyfarth attorneys expended time responding to audit letter.

**D.      Tribune - Bankruptcy Fee Application (36377-07)**

Fees:   $15,160.50         Total Hours: 61.00

13.     During the Application Period, Seyfarth attorneys expended time (i) preparing Seyfarth's Thirtieth Monthly Fee Application; (ii) preparing response to Fee Examiner's Report on Seyfarth's Sixth Interim Fee Application; and (iii) preparing response to Fee Examiner's Report on Seyfarth's Seventh Interim Fee Application.

**E.      Tribune - Labor - General (11089-01)**

Fees:   $242.00            Total Hours: .40

14.     During the Application Period, Seyfarth attorneys expended time relating to general labor relations advice.

4

**F.    Tribune - Karen Fisher (11089-38)**

Fees: $754.00                    Total Hours: 1.30

15.    During the Application Period, Seyfarth attorneys expended time in connection with settlement of the pending case.

**G.    Tribune - Sal Marchiano v. Betty Ellen Berlamino (68308-07)**

Fees:  $46.00                    Total Hours: .20

16.    During the Application Period, Seyfarth professionals expended time in connection with production of documents.

**H.    Tribune - Larry Hoff (68308-9)**

Fees:  $345.00                   Total Hours: 1.50

17.    During the Application Period, Seyfarth professionals expended time in connection with production of documents.

**I.    Tribune - JoAnn Parker v (57634-06)**

Fees:  $702.00                   Total Hours: 1.80

17.    During the Application Period, Seyfarth attorneys expended time relating to audit letter response and preparation for status hearing.

**J.    Tribune - Marcia E. Sinclair (57634-07)**

Fees:  $3,284.00                 Total Hours: 8.00

18.    During the Application Period, Seyfarth professionals expended time in connection with discovery, settlement matters in the pending case and audit letter response.

46429/0001-8691220V1

**K.**     **Tribune - Carolyn Rusin (57634-08)**

    Fees:  $3,000.50                    Total Hours: 7.30

    19.     During the Application Period, Seyfarth professionals expended time in

connection with initial discovery, planning case strategy and attendance at status hearing.

**L.**     **Tribune - Eric Benton (57634-09)**

    Fees:  $6,336.00                    Total Hours: 9.90

    20.     During the Application Period, Seyfarth attorneys expended time relating to labor

relations advice in connection with employee accident.

**M.**     **Tribune - Chris Neuman (66929-02)**

    Fees: $193.50                    Total Hours: .30

    21.     During the Application Period, Seyfarth attorneys expended time relating to audit

letter response.

**N.**     **Tribune - General (36078-01)**

    Fees: $2,088.00                    Total Hours: 2.90

    22.     During the Application Period, Seyfarth attorneys expended time in connection

with response to audit letter.

**O.**     **Tribune - Michael Cordits (10512-90)**

    Fees: $78.00                    Total Hours: .20

    23.     During the Application Period, Seyfarth attorneys expended time relating to audit

letter response.

6

**P.      Los Angeles Times - General Matters (33175-01)**

Fees: $427.00                    Total Hours: .70

24.      During the Application Period, Seyfarth attorneys expended time relating to audit letter response.

**Q.      Los Angeles Times - Clement, Jayne (Plaintiffs) (33175-20)**

Fees: $156.00                    Total Hours: .30

26.      During the Application Period, Seyfarth attorneys expended time in connection with bankruptcy status and potential settlement.

**R.      Los Angeles Times - Clement, Jayne (Plaintiffs) (33175-23)**

Fees: $205.00                    Total Hours: .50

27.      During the Application Period, Seyfarth attorneys expended time in connection with bankruptcy status, potential settlement and audit letter response.

**S.      Los Angeles Times - Christino Escandon (33175-26)**

Fees: $24,266.00                    Total Hours: 56.30

28.      During the Application Period, Seyfarth attorneys expended time relating to discovery, case management and preparation for mediation in the pending case.

**T.      KTLA - TV - Neil Levine (15827-20)**

Fees: $29,011.00                    Total Hours: 73.60

29.      During the Application Period, Seyfarth professionals expended time in connection with discovery and case management in the pending case.

7

## REIMBURSEMENT OF EXPENSES

30.     Included as part of Exhibit A is a description of the costs actually expended by Seyfarth in the performance of services rendered as special employment litigation counsel to the Debtors and Debtors in Possession.  The costs for which reimbursement is requested total $2,993.86.  The breakdown of costs includes the rate for copying charges ($.10/page), online research, long distance telephone, facsimile, messenger, local travel, parking, filing fees, docketing services, subpoena fees and attorney services.

## BASIS FOR RELIEF REQUESTED

31.     Seyfarth serves the Debtors as primary outside employment litigation counsel. Seyfarth customarily performs as employment and labor relations counsel to Debtors in various litigation and adverse matters.

32.     Seyfarth has received no payment and no promises of payment from any source for services rendered in these Chapter 11 cases.  There is no agreement between Seyfarth and any other party for the sharing of compensation to be received for the services rendered by Seyfarth to the Debtors.  All professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of the Debtors.

## REVIEW OF APPLICABLE LOCAL RULE

33.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with the requirements of Local Rule 2016-2.

## NO PRIOR REQUEST

34.     No previous application with respect to the relief requested herein has been made to this or any other Court.

8

WHEREFORE, Seyfarth Shaw LLP respectfully requests that the Court enter an Order: (i) granting the Application and authorizing allowance of compensation in the amount of $89,480.40 subject to a twenty percent (20%) holdback, for professional services rendered, and reimbursement of actual and necessary expenses in the amount of $2,993.86; and (ii) granting such further relief as this Court deems necessary and just.

Dated: July 13, 2012

Respectfully submitted,

Jeremy P. Sherman
SEYFARTH SHAW LLP
131 S. Dearborn Street, Suite 2400
Chicago, IL 60603-5577
Telephone: 312 460-5901
Facsimile: 312 460-7901

#14658315v1