## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Hearing Date: TBD**<br>**Objection Deadline: August 6, 2012**<br>**Related to Docket Nos: 11590, 11832 and 12026** |

## ELEVENTH QUARTERLY FEE APPLICATION OF SEYFARTH SHAW LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS EMPLOYMENT LITIGATION COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION <u>FOR THE PERIOD OF MARCH 1, 2012 THROUGH MAY 31, 2012</u>

| | |
|---|---|
| Name of Applicant: | **Seyfarth Shaw LLP** |
| Authorized to Provide Employment Litigation Professional Services: | **Debtors** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

| Date of Professional Retention: | **January 25, 2010**, *nunc pro tunc* **to March 1, 2009** |

| Period for Which Compensation and Reimbursement is Sought: | **March 1, 2012 through May 31, 2012** |

| Amount of compensation sought as actual, reasonable and necessary: | **$175,380.00 less 10% discount = $157,525.65 + $145,351.50 = $302,877.15** |

| Amount of Expense Reimbursement sought as actual, reasonable and necessary | **$11,458.44** |

This is a(n):    _____ monthly    __X__ interim    _____ final application

The total time expended for fee application preparation for the monthly and quarterly fee applications, including time expended for review and response to fee auditor materials, during the Eleventh Interim Period is approximately 90.40 hours and the corresponding compensation requested is approximately $24,753.50.

Prior Interim Fee Applications

| Quarter | Date Filed | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|---|
| | | | Fees | Expenses | Fees | Expenses |
| 1 | 4/22/10 | 10/1/09 - 1/31/09 | $174,768.55 | $6,971.75 | $174,329.15 | $7,049.75 |
| 2 | 4/22/10 | 12/1/09 - 2/28/10 | $313,576.65 | $12,061.41 | $311,061.35 | 12,061.41 |
| 3 | 7/21/10 | 3/1/10 - 5/31/10 | $308,348.10 | $8,346.40 | $306,129.10 | $8,285.46 |
| 4 | 10/15/10 | 6/1/10 - 8/31/10 | $184,455.50 | $7,854.00 | $166,072.45 | $7,758.88 |
| 5 | 01/14/11 | 9/1/10 - 11/31/10 | $187,099.65 | $12,677.12 | $186,706.65 | $12,548.72 |
| 6 | 4/18/11 | 12/1/10 - 2/28/11 | $311,810.40 | $10,861.87 | $311,608.40 | $10,815.56 |
| 7 | 7/14/11 | 3/1/11 - 5/31/11 | $480,842.10 | $21,350.00 | $478,666.60 | $21,211.93 |
| 8 | 10/14/11 | 6/1/11 - 8/31/11 | $425,026.40 | $11,993.86 | Pending | Pending |
| 9 | 1/13/12 | 9/1/11 - 11/30/11 | $306,184.05 | $11,458.44 | Pending | Pending |
| 10 | 4/13/12 | 12/1/11 - 2/29/12 | $220,075.50 | $11,458.44 | Pending | Pending |

46429/0001-8695241v1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Hearing Date: TBD**<br>**Objection Deadline: August 6, 2012**<br>**Related to Docket Nos: 11590, 11832 and 12026** |

## ELEVENTH QUARTERLY FEE APPLICATION OF SEYFARTH SHAW LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS EMPLOYMENT LITIGATION COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD OF MARCH 1, 2012 THROUGH MAY 31, 2012

Seyfarth Shaw LLP ("Seyfarth"), employment litigation counsel for the debtors

and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and

collectively, the "Debtors"), respectfully submits this application (the "Application") to this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Court, pursuant to Sections 327, 331, and 503 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order"), and the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Application (the "Fee Examiner Order") for the allowance and payment of fees in the amount of $302,877.15 and reimbursement of expenses in the amount of $11,458.44.  In support of the Application, Seyfarth respectfully states as follows:

## BACKGROUND OF THE CASES

1.      On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.  In all, the Debtors comprise 112 entities.

2.      The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  [Docket Nos. 43, 2333].

3.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

2

46429/0001-8695241v1

1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee.

4.     Seyfarth was originally retained as an Ordinary Course Professional with  a monthly cap of $35,000, which was subsequently increased to $50,000.  [Docket No. 544].

5.     In each of October, 2009 and November, 2009 Seyfarth exceeded its $50,000 monthly cap.  Pursuant to the Compensation Order, Seyfarth was required to file monthly fee applications for the applicable months.

6.     In December 2009, it became apparent that Seyfarth was likely to continue to exceed the existing monthly cap on an ongoing basis.  Accordingly, the Debtors determined it would be necessary for Seyfarth to be retained as special counsel for certain employment litigation matters.  Thus on January 8, 2010, the Debtors filed an Application to Retain Seyfarth Shaw LLP as Special Counsel for Certain Employment Litigation Matters.  [Docket No. 3046].

7.     On January 25, 2010, this Court entered the Order Authorizing Debtors and Debtors in Possession to Employ and Retain Seyfarth Shaw LLP as Special Counsel for Certain Employment Litigation Matters Pursuant to 11 U.S.C. §§327(e) and 1107, *nunc pro tunc*, to March 1, 2009 (the "Retention Order").  [Docket No. 3192].

8.     Pursuant to the Retention Order, Seyfarth is authorized to represent the Debtors as special counsel in connection with labor and employment litigation matters.

9.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are sections 327, 331, and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

## PROCEDURAL BACKGROUND FOR THE APPLICATION

10.    The Interim Compensation Order and the Fee Examiner Order (together, the "Fee Orders"), provide that all professionals retained in these cases pursuant to section 327, 328, or 1103 of the Bankruptcy Code (the "Case Professionals") must file with the Court and provide to the Fee Examiner, monthly applications for interim allowance of compensation for services rendered and reimbursement of expenses incurred, together with the time entries and itemized expenses (the "Monthly Fee Application").  The notice parties specified in the Fee Orders (the "Notice Parties") have twenty (20) days after service of a Monthly Fee Application to object to such Monthly Fee Application (the "Objection Deadline").  Upon expiration of the Objection Deadline, the applicable Case Professional must certify in writing to the Debtors that no objection or partial objection has been filed with the Court relative to that professional's Monthly Fee Application, whichever is applicable, whereupon the Debtors are authorized to pay such professional an amount equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application or (ii) 80% of the fees and 100% of the expenses not subject to an objection.

11.    Pursuant to the procedures set forth in the Fee Orders, Seyfarth prepared, filed with the Court, and served upon the Notice Parties and the Fee Examiner Monthly Fee Applications for the periods of December 2011, January 2012 and February 2012, which Monthly Fee Applications are incorporated herein by reference.[3]  Seyfarth has accordingly submitted all of its Monthly Fee Applications for the Debtors' chapter 11 cases for this Eleventh Interim Fee Period.

---

[3] The docket numbers of Seyfarth's Monthly Fee Applications for March 2012, April 2012, and May 2012 are 11590, 11832 and 12026, respectively.

4

12.    In addition to the Monthly Fee Applications, all Case Professionals must file with the Court and serve on the Notice Parties interim applications for allowance of compensation and reimbursement of expenses of the amounts sought in the Monthly Fee Applications filed during such period (a "Quarterly Fee Application Request").  Quarterly Fee Application Requests must include a summary of the Monthly Fee Applications that are the subject of the request and any other information requested by the Court or required by the Local Rules.  This Application represents the Eleventh Quarterly Fee Application Request that Seyfarth has filed with the Court in connection with these chapter 11 cases, and it covers the period from March 1, 2012 through May 31, 2012, both dates inclusive.

## RELIEF REQUESTED

13.    By this Application, Seyfarth Shaw LLP requests that the Court approve the interim allowance and award of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred by Seyfarth as special employment litigation counsel to the Debtors during the Eleventh Interim Fee Period.

14.    The amount of fees sought for services during the Eleventh Interim Fee Period is $302,877.15 representing 717.50 hours in professional and paraprofessional time for such services.  Reimbursement of actual, necessary expenses incurred by Seyfarth during the Eleventh Interim Fee Period in connection with these services is requested in the amount of $11,458.44.  Seyfarth seeks the interim allowance of such compensation, and this Court's authorization for payment of such amounts by the Debtors to Seyfarth, less any amounts previously paid to Seyfarth pursuant to the Monthly Fee Applications for the period covered by this Application and the procedures set forth in the Fee Orders.

15.    Seyfarth has received no payment and no promises of payment from any source for services rendered in these chapter 11 cases.  There is no agreement between Seyfarth and any

46429/0001-8695241v1

other party for the sharing of compensation to be received for the services rendered by Seyfarth to the Debtors.  All professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of the Debtors.

## SERVICES RENDERED

16.    Seyfarth serves the Debtors as primary outside employment litigation counsel. Seyfarth customarily performs employment and labor relations counsel to Debtors in various litigation and adverse matters.

17.    Seyfarth has rendered services to the Debtors in connection with these Chapter 11 cases during the period covered by the Application, in its capacity as special employment litigation counsel.  The services performed by Seyfarth's professionals and paraprofessionals during the period covered by this Application were necessary and have directly contributed to the effective administration of the Debtors' chapter 11 cases.

18.    A breakdown of the total hours expended by each professional on all matters and a breakdown of amounts sought by each matter category covered herein are included as part of Exhibit A to this Application, as required by Local Rule 2016-2.  A detailed description of the services provided to the Debtors is incorporated by reference to the Monthly Fee Applications previously filed with the Court.  The following is a summary of the activities performed by Seyfarth's professionals and paraprofessionals during the Eleventh Interim Fee Period, organized by project category:

**A.     Baltimore Sun – Labor General (12575-01)**

Fees:  $2,671.00            Total Hours: 3.80

19.    During the Application Period, Seyfarth attorneys expended time relating to contracts negotiation and advice.

6

**B.      Baltimore Sun - 2012 Pressroom Negotiations (12575-303)**

Fees:  $9,612.00          Total Hours: 14.40

20.      During the Application Period, Seyfarth attorneys expended time relating to

contracts negotiation and advice.

**C.      Baltimore Sun – Teamsters Local Union (12575-304)**

Fees: $4,779.59          Total Hours: 7.90

21.      During the Application Period, Seyfarth attorneys expended time analyzing

Union's position in the pending grievance matter and providing advice regarding same.

**D.      Baltimore Sun and Morning Call: Pich Pothering Unscheduled (31907-05))**

Fees:  $1,270.50          Total Hours: 2.10

22.      During the Application Period, Seyfarth attorneys expended time preparing for

arbitration in the pending grievance matter.

**E.       Chicago Tribune - JoAnn Parker v. (57634-06)**

Fees:  $2,620.00          Total Hours: 6.70

23.      During the Application Period, Seyfarth attorneys expended time in connection

with Parker's bankruptcy claims and preparation for status hearing.

**F.       Chicago Tribune - Marcia E. Sinclair Harassment (57923-07)**

Fees:  $26,696.50          Total Hours: 64.50

24.      During the Application Period, Seyfarth attorneys expended time in connection

with discovery and settlement matters in the pending case.

**G.      Chicago Tribune – Carolyn Rusin (57634-08)**

Fees:  $9,513.00          Total Hours: 21.70

25.      During the Application Period, Seyfarth attorneys expended time in connection

with reviewing and responding to complaint, preparing case strategy and discovery.

**H.    Chicago Tribune – Michael Cordits (10512-90)**

Fees: $78.00                    Total Hours: .20

26.    During the Application Period, Seyfarth attorneys expended time relating to audit letter response.

**I.    Chicago Tribune - Karen Fisher (11089-38)**

Fees:  $1,798.00                 Total Hours: 3.10

27.    During the Application Period, Seyfarth attorneys expended time in connection with settlement matters.

**J.    Tribune - Bankruptcy Fee Application (36377-07)**

Fees: $24,753.50               Total Hours: 90.40

25.    During the Application Period, Seyfarth attorneys expended time (i) preparing, reviewing, revising and filing Seyfarth's Twenty-Seventh and Twenty-Eighth Monthly Fee Applications; (ii) preparing and revising Seyfarth's Twenty-Ninth Monthly Fee Application; (iii) drafting Seyfarth's Thirtieth Monthly Fee Application; (iv) finalizing and filing Seyfarth's Tenth Quarterly Fee Application; and (v) responding to Fee Examiner's Report on Seyfarth's Fifth, Sixth and Seventh Interim Fee Applications.

**K.    Tribune – Eric Benton (57634-09)**

Fees: $6,336.00               Total Hours: 9.90

During the Application Period, Seyfarth attorneys expended time relating to labor relations advice in connection with employee accident.

46429/0001-8695241v1

**L.      Tribune- Karen Scott v. WPIX (68308-03)**

Fees: $36,867.50          Total Hours: 72.70

29.      During the Application Period, Seyfarth attorneys expended time in connection with case strategy, discovery, motions in limine, responses to opposition to motions in limine and preparing for trial.

**M.      Tribune - Sal Marchiano v. Betty Ellen (68308-07)**

Fees: $3,502.50          Total Hours: 10.00

30.      During the Application Period, Seyfarth attorneys expended time in connection with discovery responses and strategy in the pending case.

**N.      Tribune - Larry Hoff v. WPIX (68308-09)**

Fees: $5,427.00          Total Hours: 15.00

31.      During the Application Period, Seyfarth professionals expended time in connection with stipulation to amend complaint , discovery and motion to dismiss.

**O.      Tribune - General (36078-01)**

Fees: $2,088.00          Total Hours: 2.90

32.      During the Application Period, Seyfarth professionals expended time in connection with audit letter response.

**P.      Tribune - East Coast Properties (36078-11)**

Fees: $3,705.00          Total Hours: 5.70

33.      During the Application Period, Seyfarth professionals expended time in connection with labor relations and contracts matters.

9

**Q.      Los Angeles Times - Labor General (17832-01)**

Fees:  $508.50              Total Hours: .90

34.     During the Application Period, Seyfarth professionals expended time relating to labor relations advice.

**R.      Los Angeles Times - General Matters (33175-01)**

Fees:  $759.50              Total Hours: 1.40

35.     During the Application Period, Seyfarth professionals expended time relating to labor relations advice.

**S.      Los Angeles Times - Clement, Jayne (33175-20)**

Fees:  $156.00              Total Hours: .30

36.     During the Application Period, Seyfarth professionals expended time relating to bankruptcy status and settlement matters.

**T.      Los Angeles Times - Clement, Jayne (Plaintiffs) (33175-23)**

Fees:  $205.00              Total Hours: .50

37.     During the Application Period, Seyfarth professionals expended time relating to bankruptcy status, potential settlement and audit letter response.

**U.      Tribune - Chris Neuman v. Ira Goldstone (66929-02)**

Fees:  $193.50              Total Hours: .30

38.     During the Application Period, Seyfarth professionals expended time relating to audit letter response.

**V.      WGN-TV-IBW, Local 1220 and CLV (12420-12)**

Fees:  $23,272.50           Total Hours: 32.10

28.     During the Application Period, Seyfarth attorneys expended time relating to bankruptcy status and advice.

10

**W.      Sun-Sentinel Company – Jeanette Zarra (10537-47)**

Fees:    $7,016.00              Total Hours: 16.20

29.      During the Application Period, Seyfarth attorneys expended time relating to response to complaint and case strategy.

**X.      Los Angeles Times - Christino Escandon (33175-26)**

Fees: $90,888.00              Total Hours: 214.60

39.      During the Application Period, Seyfarth professionals expended time in connection with case strategy, discovery and preparation for mediation in the pending case.

**Y.      KTLA - TV - Neil Levine (15827-20)**

Fees: $54,463.50              Total Hours: 118.20

40.      During the Application Period, Seyfarth professionals expended time in connection with discovery and case management in the pending case.

<u>**EXPENSES INCURRED**</u>

42.      Seyfarth has incurred expenses of $11,458.44 in connection with its services rendered to the Debtors during the Eleventh Interim Fee Period.  These expenses represent actual out-of-pocket costs for items incurred exclusively for the direct benefit of the Debtors, including, but not limited to, duplicating charges, document delivery and messenger services, long distance telephone and facsimile charges, computer-assisted legal research, travel-related expenses, and in-house document production.  Seyfarth submits that all such expenses are necessary and actual expenses for the performance of its services in these cases.

43.      Computer research is charged on a time, item and/or search-type basis which takes advantage of certain discounts that Seyfarth is able to negotiate with its service providers due to the Firm's size and volume of usage.  The Firm's charges for computerized legal research such as Westlaw or Lexis are based on a rate that recovers no more than the Firm's actual costs.

11

44.     Seyfarth submits that all travel charges incurred during the Eleventh Interim Fee Period were necessary and reasonable under the circumstances.  Seyfarth submits that air travel is charged at the prevailing coach-class rate.

## REVIEW OF APPLICABLE LOCAL RULE

45.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with the requirements of Local Rule 2016-2.  The undersigned further certifies that the Debtors have had an opportunity to review this Application before it was filed with the Court.

## NOTICE

46.     Notice of this Application has been served upon the Notice Parties specified in the Fee Orders.  In accordance with the terms of the Fee Orders, Seyfarth respectfully submits that no further notice is required.

## NO PRIOR REQUEST

47.     No previous application with respect to the relief requested herein has been made to this or any other Court.

12

WHEREFORE, after appropriate notice and hearing, Seyfarth respectfully requests that this Court enter an Order (a) authorizing the allowance of fees in the amount of $302,877.15 and reimbursement of expenses in the amount of $11,458.44; (b) authorizing the Debtors to pay Seyfarth for the professional services rendered and incurrence of necessary costs and expenses during the Application Period that have not yet been paid, and (c) to grant such further relief as is just and proper.

Dated: July 16, 2012                    Respectfully submitted,

                                        Jeremy V. Sherman
                                        SEYFARTH SHAW LLP
                                        131 S. Dearborn Street, Suite 2400
                                        Chicago, Illinois 60603-5577
                                        Telephone: 312-460-5901
                                        Facsimile: 312-460-7901

15

14338693v.1