# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>(Jointly Administered)<br><br>Ref. No. 12069<br><br>Objection Deadline: July 31, 2012 @ 4:00 p.m.<br>Hearing Date: August 7, 2012 @ 10:00 a.m. |

## MOTION OF ZUCKERMAN SPAEDER LLP FOR LEAVE TO FILE UNDER SEAL REDACTED PORTIONS OF THE SUPPLEMENTAL SIXTH AND SEVENTH INTERIM FEE APPLICATION OF ZUCKERMAN SPAEDER LLP FOR INTERIM APPROVAL AND ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AND THE EXHIBITS THERETO

Zuckerman Spaeder LLP ("Zuckerman"), special counsel to the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"), hereby submits this Motion for Leave to File Under Seal Redacted Portions of the Supplemental Sixth and Seventh Interim Fee Application of Zuckerman Spaeder

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); foresalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347) Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspapers Readers Agency, Inc. (7335); North Michigan Production Company (5466), North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

{698.001-W0021683.3}

LLP for Interim Approval and Allowance of Compensation and Reimbursement of Expenses and the Exhibits Thereto (the "Motion to Seal"). In support of the Motion to Seal, Zuckerman respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion to Seal pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases and the Motion to Seal in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b).

2. The statutory predicates for the relief sought herein are sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended or modified, the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9018-1(b) of the Local Rules of the United States Bankruptcy Court District of Delaware (the "Local Rules").

## BACKGROUND

3. On December 8, 2008, (the "Petition Date"), the Debtors commenced these bankruptcy cases by each filing a voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

4. On December 18, 2008, the Office of the United States Trustee for the District of Delaware (the "UST") appointed the Committee. In addition, on December 18, 2008, the Committee met with and selected Chadbourne & Parke LLP as its counsel and Landis Rath & Cobb LLP as its co-counsel. On August 6, 2009, the Committee selected Zuckerman to serve as special counsel to the Committee. On September 3, 2009, the Court entered an order approving the retention of Zuckerman as special counsel to the Committee effective as of August 6, 2009

[Docket No. 2088].

5. On January 15, 2009, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Chapter 11 Professionals and Committee Members* (the "Administrative Order") [Docket No. 225].

6. On April 21, 2011, in accordance with the Administrative Order, Zuckerman filed its *Sixth Interim Fee Application of Zuckerman Spaeder LLP for Interim Approval and Allowance of Compensation and Reimbursement of Expenses* [Docket No. 8730] (the "Sixth Interim").

7. On July 15, 2011, Zuckerman filed its *Seventh Interim Fee Application of Zuckerman Spaeder LLP for Interim Approval and Allowance of Compensation and Reimbursement of Expenses* [Docket No. 9475] (the "Seventh Interim" and together with the Sixth Interim as the "Interim Applications") in accordance with the Administrative Order.

8. In both Interim Applications, Zuckerman sought reimbursement for expenses incurred in connection with its engagement of litigation experts, Navigant Consulting, Inc. ("Navigant") and Goldin Associates, LLC ("Goldin"), who assisted Zuckerman with complex insolvency and other financial distress issues. *See* Sixth Interim, ¶ 14.

9. Contemporaneously with the filing of this Motion to Seal, Zuckerman filed the *Supplemental Sixth and Seventh Interim Fee Application of Zuckerman Spaeder LLP for Interim Approval and Allowance of Compensation and Reimbursement of Expenses* (the "Supplemental Application"). Portions of the Supplemental Application were redacted (the "Redacted Information") to preserve certain privileged and confidential information. Additionally, attached to the Supplemental Application are four exhibits that were filed under seal (the "Exhibits" and together with the Redacted Information, as the "Privileged and Confidential Information"),

which consist of the engagement letters between Zuckerman, Navigant, and Goldin and the invoices (the "Invoices") in support of Navigant's and Goldin's expenses requested in the Interim Applications. As explained in greater detail below, disclosure of the Privileged and Confidential Information would not only abrogate attorney-client privilege but also would potentially provide the Committee's adversaries with an unfair tactical advantage by disclosing attorney work product relating to confidential litigation strategy, research and future litigation tactics.

## RELIEF REQUESTED

10. By this Motion, Zuckerman requests the entry of an order, pursuant to Bankruptcy Code Section 107(b), Bankruptcy Rule 9018, and Local Rule 9018-1(b), authorizing Zuckerman to file a redacted version of the Supplemental Application with the exhibits thereto under seal.

## BASIS FOR RELIEF REQUESTED

11. A bankruptcy court may grant the relief requested herein pursuant to Bankruptcy Code Sections 105(a) and 107(b), Bankruptcy Rule 9018 and Local Rule 9018-1(b). Bankruptcy Code Section 107(b) provides bankruptcy courts with the power to issue orders that will protect entities from potential harm. Specifically, Bankruptcy Code Section 107(b) provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

12. Bankruptcy Rule 9018 defines the procedure by which a party may move for relief under Section 107(b):

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation.

13. Unlike Federal Rule of Civil Procedure 26(c), Section 107(b) does not require a demonstration of "good cause." Rather, if material sought to be protected falls within one of the enumerated categories, "the court is required to protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

14. Courts have found that attorney-client communications and attorney work product are generally regarded as privileged and covered under the protective scope of Section 107(b). *In re 50-Off Stores*, 213 B.R. 646, 655 (Bankr. W.D. Tex. 1997). Specifically, in *In re 50-Off Stores*, the bankruptcy court explained that:

> Section 107(b), by its express terms, affords a bankruptcy judge some authority to prevent [] an obvious injustice by permitting the court to protect an entity "with respect to ... confidential research ... or commercial information." Certainly, a lawyer's work product is one type of "confidential research" that falls within the plain language of the statute's protection. And certainly a client's disclosures made in confidence to its attorneys is one kind of "confidential ... commercial information."

*Id.* (quoting 11 U.S.C. § 107(b)(1)).

15. Zuckerman submits that cause exists for the Court to grant the relief requested herein. The Privileged and Confidential Information is protected by, among other things, the attorney-client privilege, the joint-defense privilege, the common interest privilege and the work

product doctrine. Failure to properly protect these items could be argued to be or otherwise construed as a waiver of any such privilege. Furthermore, disclosure of the Privileged and Confidential Information would provide an unfair advantage to other litigants by giving them an insight into Zuckerman's and the Committee's confidential litigation strategy, research, and future litigation tactics. As noted by the bankruptcy court in *In re 50-Off Stores*, the work product doctrine "'establishes a zone of privacy for strategic litigation planning and prevents one party from piggybacking on the adversary's preparations.'" *Id.* at 656, n.14 (quoting *Garrett v. Metropolitan Life Ins. Co.*, 1996 U.S. Dist. LEXIS 8054, at *7, (S.D.N.Y. 1996)). Disclosure of the material requested to be redacted and sealed in the Supplemental Application would provide the Committee's adversaries with an unfair opportunity to review Zuckerman's privileged and confidential strategic litigation planning and research. As the Committee prepares to transfer to a litigation trustee, as a successor plaintiff, claims that implicate the issues addressed by these experts, the need to protect and preserve the privileged information and work product continues.

16. Accordingly, for the reasons set forth herein, Zuckerman respectfully submits that the relief requested is appropriate and necessary under the circumstances.

## NOTICE AND NO PRIOR REQUEST

17. No prior request for the relief sought in this Motion has been made to this or any other Court.

18. Notice of this Motion has been given to: (a) co-counsel to the Debtors; (b) the UST; (c) John Theil, c/o Stuart Maue; (d) co-counsel to Barclays Bank PLC; (e) co-counsel to the Administrative Agent for the Prepetition Lenders; (f) all parties required to be given notice in the Administrative Order; and (g) those parties who have requested notice pursuant to Bankruptcy Rule 2002. In light of the relief requested, Zuckerman respectfully submit that no

further notice of this Motion is required.

WHEREFORE, Zuckerman requests that the Court: (i) grant the relief requested by the Motion; and (ii) grant such further relief as is just and proper.

Dated: July 20, 2012
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

Graeme W. Bush
James Sottile
Andrew N. Goldfarb
**ZUCKERMAN SPAEDER LLP**
1800 M Street, Suite 1000
Washington, DC 20036
Telephone: (202) 778-1800
Facsimile: (202) 822-8106

*Co-counsel for the Official Committee of Unsecured Creditors*