## ATTACHMENT A

**Confirmation Notice**

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**NOTICE OF (I) EFFECTIVE DATE OF THE FOURTH AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OAKTREE CAPITAL MANAGEMENT, L.P., ANGELO, GORDON & CO., L.P., AND JPMORGAN CHASE BANK, N.A. AND
(II) BAR DATE FOR CERTAIN CLAIMS**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

    **1. Confirmation of the Plan.** On July __, 2012, the Honorable Kevin J. Carey, United States Bankruptcy Judge, entered the Order Confirming Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. ____] (the "Confirmation Order"). Unless

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

otherwise defined herein, capitalized terms used in this notice have the meanings assigned to such terms in the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Plan").

2. **Effective Date of the Plan.** All conditions precedent to occurrence of the Effective Date of the Plan have been satisfied or waived. The Effective Date occurred on _____, 2012.

3. **Bar Date For Professional Fee Claims.** Pursuant to section 9.2 of the Plan, all applications for final allowance of compensation or reimbursement of the fees and expenses of any professional employed pursuant to sections 327 or 1103 of the Bankruptcy Code or otherwise in the Chapter 11 Cases, including any Claims for making a substantial contribution under 503(b)(4) of the Bankruptcy Code, must comply with each of the requirements of section 9.2 of the Plan and must be filed and served on the Reorganized Debtors and their counsel, together with the Bankruptcy Court appointed fee examiner, and the Office of the United States Trustee, not later than sixty (60) days after the Effective Date, unless otherwise ordered by the Bankruptcy Court. **Accordingly, any such application must be filed and served by _____, 2012. Any request for the payment of professional fees and expenses that is not timely filed and served shall be discharged and forever barred and the professional shall be enjoined from commencing or continuing any action, process, or act to collect, offset or recover such amounts.**

4. **Bar Date For Other Fee Claims.**

   a. **Bar Date for Senior Lender Fee/Expense Claims.** Pursuant to section 9.1.1 of the Plan, no later than forty-five (45) days after the Effective Date, each Creditor Proponent shall submit to Reorganized Tribune, the Creditors' Committee and the United States Trustee reasonably detailed statements of the Senior Lender Fee/Expense Claims (which statements shall include descriptions of services provided in summary form without individual time records), and shall concurrently file such statements on the docket in the Chapter 11 Cases. Such statements must comply with each of the requirements of section 9.1.1 of the Plan. **Accordingly, any such statements must be submitted and filed by _____, 2012. Any request for the payment of Senior Lender Fee/Expense Claims that is not timely filed and submitted shall be discharged and forever barred and the Creditor Proponent shall be enjoined from commencing or continuing any action, process, or act to collect, offset or recover such amounts.**

   b. **Bar Date for Bridge Lender Fee/Expense Claims.** Subject to the conditions and limitations of Section 9.1.2 of the Plan, no later than forty-five (45) days after the Effective Date, each Bridge Plan Proponent shall submit to Reorganized Tribune, the Creditors' Committee and the United States Trustee reasonably detailed statements of the Bridge Lender Fee/Expense Claims (which statements shall include descriptions of services provided in summary form without

individual time records), and shall concurrently file such statements on the docket in the Chapter 11 Cases. Such statements must comply with each of the requirements of section 9.1.2 of the Plan. **Accordingly, any such statements must be submitted and filed by _____, 2012. Any request for the payment of Bridge Lender Fee/Expense Claims that is not timely filed and submitted shall be discharged and forever barred and the Bridge Plan Proponent shall be enjoined from commencing or continuing any action, process, or act to collect, offset or recover such amounts.**

  c. **Bar Date for Creditors' Committee Member Fee/Expense Claims.** Pursuant to section 9.1.3 of the Plan, no later than forty-five (45) days after the Effective Date, counsel to the Creditors' Committee shall submit to Reorganized Tribune and the United States Trustee, reasonably detailed statements of the Creditors' Committee Member Fee/Expense Claims, which statements shall include descriptions of services provided in summary form without individual time records. Such statements must comply with each of the requirements of section 9.1.3 of the Plan. **Accordingly, any such statements must be submitted by _____, 2012. Any request for the payment of Creditors' Committee Member Fee/Expense Claims that is not timely submitted shall be discharged and forever barred and the Creditors' Committee and its counsel shall be enjoined from commencing or continuing any action, process, or act to collect, offset or recover such amounts.**

  5. <u>**Bar Date For Rejection Damages Claims.**</u> Pursuant to section 6.1.1 of the Plan, subject to certain specified exceptions, on the Effective Date, all executory contracts or unexpired leases of the Debtors will be deemed assumed in accordance with, and subject to, the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code. Notwithstanding such assumption, Exhibit 6.3 of the Plan sets forth certain executory contracts and leases which shall be rejected pursuant to section 365 of the Bankruptcy Code. If the rejection by a Debtor, pursuant to the Plan, of an executory contract or unexpired lease results in a Claim, then such claim **shall be forever barred and shall not be enforceable against any Debtor or Reorganized Debtor, or the properties of any of them,** unless a Proof of Claim is filed and served upon counsel to the Debtors within thirty (30) days after service of this notice of the Effective Date. **Accordingly, any such statements must be submitted by _____, 2012.**

  6. <u>**Procedures for Changing an Address of Record.**</u> The Reorganized Debtors' obligation to make distributions to Holders of Allowed Claims are subject to section 7.6 of the Plan, and other applicable sections of the Plan. Any notice of a change of address of record shall be sent to the Disbursing Agent, Epiq Bankruptcy Solutions, LLC, at _____.

  7. <u>**Copies of the Plan and the Confirmation Order.**</u> Copies of the Plan and the Confirmation Order may be viewed and downloaded, free of charge, at the following website: http://dm.epiq11.com/TRB/Project. In addition, all documents that are filed with the Bankruptcy Court may be reviewed during regular business hours at the office of the Clerk, United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington Delaware 19801, or at the following website: http://www.deb.uscourts.gov.

Dated: _____, 2012                    BY ORDER OF THE COURT

| | |
|---|---|
| SIDLEY AUSTIN LLP<br>James F. Conlan<br>Bryan Krakauer<br>Kevin T. Lantry<br>Jessica C.K. Boelter<br>One South Dearborn Street<br>Chicago, IL  60603<br>Telephone:  (312) 853-0199<br>Facsimile:  (312) 853-7036 | COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.<br><br>By: _____<br>Norman L. Pernick (No. 2290)<br>J. Kate Stickles (No. 2917)<br>Patrick J. Reilley (No. 4451)<br>500 Delaware Avenue, Suite 1410<br>Wilmington, DE  19801<br>Telephone:  (302) 652-3131<br>Facsimile:  (302) 652-3117 |

Counsel for the Debtors and Debtors in Possession