IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------x
In re:                         :  Chapter 11
                               :
TRIBUNE COMPANY, et al.,       :  Case No. 08-13141 (KJC)
                               :
           Debtors.            :  (Jointly Administered)
                               :
                               :  Hearing Date: (*Expedited Consideration Requested*)
                               :  Objection Deadline: (*Expedited Consideration Requested*)
                               :  Related Docket No. 12080
------------------------------x

## MOTION TO SCHEDULE EXPEDITED HEARING AND SHORTEN NOTICE REGARDING AURELIUS CAPITAL MANAGEMENT, LP'S MOTION FOR A STAY PENDING APPEAL

Appellant Aurelius Capital Management, LP ("Aurelius"), on behalf of its managed entities,[1] by and through its undersigned counsel, hereby moves this Court (the "Motion") pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of the Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order setting an expedited hearing for and shortening the notice period on Aurelius's *Motion for a Stay Pending Appeal Pursuant to Bankruptcy Rule 8005* [D.I. 12080] (the "Stay Motion"), filed contemporaneously herewith. In support of its Motion, Aurelius respectfully represents as follows:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1134. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] Entities managed by Aurelius own a substantial amount of senior and subordinated notes issued by the Tribune Company ("Tribune"). Neither Aurelius nor any of its managed entities owe any fiduciary duties to any party in interest in these cases, nor is Aurelius or any of its managed entities an insider of Tribune or any of its affiliates.

{00653735;v1 }

**BACKGROUND**

2. On July 23, 2012, Aurelius filed a *Notice Of Appeal* (the "Notice of Appeal") with respect to the Court's Order Confirming Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by The Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. dated July 23, 2012 [Docket No. 12074], Memorandum Overruling Objections to Confirmation of the Fourth Amended Plan of Reorganization for Tribune Company and its Subsidiaries and Denying Clarification Motion dated July 13, 2012 [Docket No. 12033], Order Overruling Plan Objections and Denying the Clarification Motion dated July 13, 2012 [Docket No. 12034], and Opinion on Confirmation dated October 31, 2011 [Docket No. 10133] (collectively, the "Order"). The issue on appeal is limited to whether the Bankruptcy Court erred in approving the settlement of valuable estate claims (the "LBO-Related Causes of Action") against the banks and arrangers who financed and facilitated the extremely leveraged buyout (the "LBO") of Debtor Tribune Company in 2007, and the parties who purchased the LBO debt thereafter.

3. Aurelius filed the Stay Motion immediately subsequent to filing the Notice of Appeal.

**RELIEF REQUESTED**

4. Aurelius respectfully requests an order, substantially in the form attached hereto as <u>Exhibit A</u>, pursuant to Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(e), setting an expedited hearing for and shortening the notice period on the Stay Motion to be heard as soon as possible (the "Hearing"), with objections or responses, if any, to the Motion to be filed and served expeditiously.

## BASIS FOR RELIEF REQUESTED

5. Local Rule 9006-1(c)(1) requires that any motion, under Local Rule 2002-1(b), be filed at least fourteen (14) days prior to the hearing scheduled on that motion. Local Rule 9006-1(c)(ii) further provides that the objection deadline for such motion be no later than seven (7) days prior to the hearing. The Bankruptcy Court, however, may shorten these periods if exigent circumstances exist pursuant to Local Rule 9006-1(e).

6. Aurelius respectfully submits that exigent circumstances justify expedited consideration of the Stay Motion. Specifically, the Debtors have indicated that they intend to effectuate the Fourth Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "DCL Plan") as quickly as possible. *See* Hrg. Trans. 6/8/2012, 4964:11-18 ("I think people want to get moving, and quite frankly, look it, it's very, very important to the company to get this decision done quickly, because, as you know, there is a pacing item here to emergence with the FCC, and the sooner we get through this hurdle, the faster we can get through the next.").

7. If the Debtors are able to effectuate the DCL Plan and distribute estate assets prior to the adjudication of Aurelius's appeal, Aurelius may be irreparably harmed if the Debtors are precluded from recovering estate assets that rightfully belong to non-LBO creditors. Additionally, once the DCL Plan is consummated, the proponents of the DCL Plan will likely argue that Aurelius's appeal is equitably moot. Indeed, the doctrine of equitable mootness is invariably invoked after a Chapter 11 plan of reorganization has been confirmed and "substantially consummated." *E.g., Deutsche Bank AG v. Metromedia Fiber Network, Inc. (In re Metromedia Fiber Network, Inc.)*, 416 F.3d 136, 144 (2d Cir. 2005). While Aurelius disputes

that consummation of the DCL Plan would render its appeal equitably moot, there is no question that the DCL Plan proponents will argue to the contrary.

8. Accordingly, Aurelius respectfully requests that the Court schedule an expedited hearing on and allow for shortened notice of the Stay Motion.

## NOTICE

9. Aurelius has provided notice of this Motion to counsel to: (a) the Debtors; (b) the Official Committee of Unsecured Creditors; (c) Deutsche Bank Trust Company Americas; (d) Law Debenture Trust Company of New York; (e) Wilmington Trust Company; (f) Oaktree Capital Management, L.P.; (g) Angelo Gordon & Co., L.P.; (h) JPMorgan Chase Bank, NA; (i) EGI-TRB LLC; (j) TM Retirees; (k) certain directors and officers; (l) all those parties entitled to notice pursuant to Federal Rule of Bankruptcy Procedure 2002; and (m) the Office of the United States Trustee. Aurelius respectfully submits that no further notice of the Motion is required.

## NO PRIOR REQUEST

10. No prior request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, Aurelius respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, pursuant to Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(e), (a) setting an expedited hearing for and shortening the notice period on the Stay Motion and (b) granting such other and further relief as the Court deems necessary and appropriate.

Dated: July 23, 2012
      Wilmington, Delaware

                                      Respectfully submitted,
                                      ASHBY & GEDDES, P.A.

                                      */s/ William P. Bowden*
AKIN GUMP STRAUSS HAUER & FELD LLP   William P. Bowden (I.D. No. 2553)
Daniel H. Golden                              Amanda M. Winfree (I.D. No. 4615)
David Zensky                                   500 Delaware Avenue, P.O. Box 1150
Philip C. Dublin                                Wilmington, DE 19899
Deborah Newman                            (302) 654-1888
One Bryant Park
New York, NY 10036
(212) 872-1000

*Counsel for Aurelius Capital Management, LP*