**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------- x
In re:                             :
                                   : Chapter 11
TRIBUNE COMPANY, et al.,           :
                                   : Case No. 08-13141 (KJC)
         Debtors.                  :
                                   : (Jointly Administered)
                                   :
                                   :
---------------------------------- x

**MOTION TO SCHEDULE EXPEDITED HEARING AND SHORTEN NOTICE
REGARDING LAW DEBENTURE TRUST COMPANY OF NEW YORK'S AND
DEUTSCHE BANK TRUST COMPANY AMERICAS' (A) MOTION FOR LIMITED
STAY PENDING APPEAL OF CONFIRMATION ORDER AND (B) MOTION
FOR CERTIFICATION OF DIRECT APPEAL OF CONFIRMATION ORDER**

Law Debenture Trust Company of New York ("Law Debenture"), as successor indenture trustee under that certain Indenture dated March 19, 1996 between Tribune Company (with its debtor subsidiaries, "Tribune" or the "Debtors") (successor to The Times Mirror Company) and Citibank, N.A. (as amended, the "1996 Indenture"), and Deutsche Bank Trust Company Americas ("DBTCA" and together with Law Debenture, the "Appellants"), successor trustee under (i) that certain indenture dated March 1, 1992, by and between Tribune and Continental Bank, N.A. (as amended, the "1992 Indenture"); (ii) that certain indenture dated January 30, 1995, by and between Tribune and First Interstate Bank of California (as amended, the "1995 Indenture"); and (iii) that certain indenture dated January 1, 1997, by and between Tribune and Bank of Montreal Trust Company (as amended, the "1997 Indenture," and together with the 1992 Indenture, the 1995 Indenture, and the 1996 Indenture, the "Senior Indentures" and the notes and holders of notes issued pursuant to the Senior Indentures, respectively, the "Senior Notes" and "Senior Noteholders"), by their undersigned counsel, hereby move this Court (the

"Motion") pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of the Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order setting an expedited hearing for and shortening the notice period on (A) *Motion of Law Debenture Trust Company of New York and Deutsche Bank Trust Company Americas for Stay Pending Appeal of Confirmation Order* (the "Stay Motion") and (B) *Motion of Law Debenture Trust Company of New York and Deutsche Bank Trust Company Americas pursuant to 28 U.S.C. § 158(d)(2) and Fed. R. Bankr. P. 8001(f) Requesting Certification of Direct Appeal to United States Court of Appeals for Third Circuit of the Unfair Discrimination Issue in the Allocation Disputes Order as Incorporated in the Order and Memorandum Opinion on Confirmation* (the "Certification Motion"), each filed contemporaneously herewith.  In support of their Motion, Appellants respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1134.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On July 23, 2012, Appellants filed their *Notice of Appeal* (the "Notice of Appeal") with respect to the *Order Confirming Fourth Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A.*, dated July 23, 2012 [Dkt. No. 12074] (the "Confirmation Order"). The issue on this appeal is limited to whether the Bankruptcy Court erred in confirming the

2

Fourth Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Plan") because it unfairly discriminates and is unfair and inequitable against the Senior Noteholders (as defined in the Plan) in violation of Section 1129(b)(1) of the Bankruptcy Code.

3. Specifically, there are two issues presented on appeal:

   a. whether the Bankruptcy Court erred as a matter of law in confirming the Plan because the Plan discriminates unfairly against the Senior Noteholders (as defined in the Plan) in violation of Section 1129(b)(1) of the Bankruptcy Code by providing materially lower and disparate treatment to the Senior Noteholders as compared to the treatment of Other Parent Claims with respect to distributions from the estate (before taking into account any reallocations resulting from contractual subordination) and by disregarding the subordination provisions of the PHONES Indenture and the EGI-TRB Subordination Agreement in reallocating distributions otherwise payable to the subordinated debt.

   b. whether the Bankruptcy Court erred as a matter of law in determining that "the SWAP Claim falls within the definition of Senior Indebtedness in the PHONES Indenture" and "within the definition of Senior Obligations under the EGI Subordination Agreement."

4. Immediately subsequent to filing the Notice of Appeal, Appellants filed the Stay Motion and the Certification Motion.

## RELIEF REQUESTED

5. Appellants respectfully request an order pursuant to Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(e) setting an expedited hearing for and shortening the notice period on the Stay Motion and the Certification Motion to be heard as soon as possible (the "Hearing"), with objections or responses, if any, to the Motion to be filed and served expeditiously.

## BASIS FOR RELIEF REQUESTED

6. Local Rule 9006-1(c)(1) requires that any motion, under Local Rule 2002-1(b), be filed at least fourteen (14) days prior to the hearing scheduled on that motion. Local Rule 9006-

1(c)(ii) further provides that the objection deadline for such motion be no later than seven (7) days prior to the hearing. The Bankruptcy Court, however, may shorten these periods if exigent circumstances exist pursuant to Local Rule 9006-1(e).

7. Appellants respectfully submit that exigent circumstances justify expedited consideration of both the Stay Motion and the Certification Motion. Specifically, the exigent circumstances relate to the Debtors' pronouncement that they wish to move to effectuate the Plan as quickly as possible. *See* Hrg. Trans. 6/8/2012, 4964:11-18 ("I think people want to get moving, and quite frankly, look it, it's very, very important to the company to get this decision done quickly, because, as you know, there is a pacing item here to emergence with the FCC, and the sooner we get through this hurdle, the faster we can get through the next.").

8. If the Debtors effectuate the Plan and distribute estate assets to parties who would not be entitled to them if Appellants prevail on their appeal prior to the adjudication of the appeal, then the Debtors and others parties certainly will argue that the appeal is moot. Consequently, Appellants may suffer irreparable harm if the assets under the Plan are distributed and the Debtors are unable to reclaim such assets. *Iowa Utils. Bd. v. FCC*, 109 F.3d 418, 426 (8th Cir. 1996) ("The threat of unrecoverable economic loss, however, does qualify as irreparable harm."). Moreover, as the Third Circuit has never considered the unfair discrimination issue underlying the Confirmation Order, it is critical that Appellants obtain appellate review prior to the effectuation of the Plan. Thus, prompt consideration (and approval) of the Stay Motion and Certification Motion is essential to ensure circuit-level guidance on the important question of bankruptcy law that underlies this appeal and to fulfill the purpose of the direct appeal statute. *See Weber v. United States Tr.*, 484 F.3d 154, 158 (2d Cir. 2007) ("Congress intended [the direct appeal procedure] to facilitate our provision of guidance on pure questions of law. Among the

reasons for the direct appeal amendment was widespread unhappiness at the paucity of bankruptcy-law precedent." (footnote omitted)). This purpose would only be frustrated were the appeal to be dismissed on equitable mootness grounds without this Court determining whether the relief requested in either the Stay Motion or the Certification Motion were warranted.[1]

9. Given the expedited timeframe requested herein and how critical it is that the Court hear the Stay Motion and Certification Motion on an expedited basis, Appellants respectfully request that the Court schedule an expedited hearing and allow for shortened notice as to both the Stay Motion and Certification Motion.

## NOTICE

10. Appellants have provided notice of this Motion to counsel to: (a) the Debtors; (b) the Official Committee of Unsecured Creditors; (c) Wilmington Trust Company; (d) Aurelius Capital Management, LP; (e) Brigade Capital Management, LLC; (f) Davidson Kempner Capital Management LLC; (g) Oaktree Capital Management, L.P.; (h) Angelo Gordon & Co., L.P.; (i) JPMorgan Chase Bank, NA; (j) Citadel Equity Fund, Ltd.; (k) Camden Asset Management LP; (l) EGI-TRB LLC; (m) TM Retirees; (n) Barclays Bank Plc; (o) Waterstone Capital Management L.P.; (p) certain directors and officers; and (q) the Office of the United States Trustee. Appellants respectfully submit that no further notice of the Motion is required.

## NO PRIOR REQUEST

11. No prior request for the relief sought herein has been made to this Court or any other court.

---

[1] Although Appellants do not concede nor believe that consummation of the Plan will render its appeal moot, there is a significant risk that Appellants may be denied their appellate right of review without a stay.

WHEREFORE, Appellants respectfully request that the Court enter an order pursuant to Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(e), (a) setting an expedited hearing for and shortening the notice period on the Stay Motion and the Certification Motion and (b) granting such other and further relief as the Court deems necessary and appropriate.

Dated: July 23, 2012
      Wilmington, Delaware

Respectfully submitted,

| KASOWITZ, BENSON, TORRES & FRIEDMAN LLP | BIFFERATO GENTILOTTI LLC |
|---|---|
| David S. Rosner<br>Sheron Korpus<br>Christine A. Montenegro<br>Matthew B. Stein<br>1633 Broadway<br>New York, New York 10019<br>212-506-1700 | /s/ *Garvan F. McDaniel*<br>Garvan F. McDaniel (I.D. No. 4167)<br>800 N. King Street, Plaza Level<br>Wilmington, Delaware 19801<br>302-429-1900 |

*Counsel for Law Debenture Trust Company of New York, solely in its capacity as successor Indenture Trustee for certain series of Senior Notes*

| McCARTER & ENGLISH, LLP | McCARTER & ENGLISH, LLP |
|---|---|
| David J. Adler<br>245 Park Avenue<br>New York, New York 10167<br>212-609-6800 | /s/ *Katharine L. Mayer*<br>Katharine L. Mayer (I.D. No. 3758)<br>Renaissance Centre<br>405 N. King Street<br>Wilmington, Delaware 19801<br>302-984-6300 |

*Counsel for Deutsche Bank Trust Company Americas, solely in its capacity as successor Indenture Trustee for certain series of Senior Notes*