IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Related to D.I. Nos.: 12082 and 12086 |

**RESPONSE OF THE DCL PLAN PROPONENTS TO THE MOTIONS
OF AURELIUS CAPITAL MANAGEMENT, LP, LAW DEBENTURE TRUST
COMPANY OF NEW YORK, AND DEUTSCHE BANK TRUST COMPANY AMERICA
TO SCHEDULE EXPEDITED HEARINGS AND SHORTEN NOTICE REGARDING
MOTIONS FOR STAY PENDING APPEAL AND MOTION FOR CERTIFICATION OF
DIRECT APPEAL OF CONFIRMATION ORDER**

The debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] the Official Committee of Unsecured Creditors (the "Creditors'

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Committee"), Oaktree Capital Management, L.P. ("Oaktree"), Angelo, Gordon & Co., L.P. ("Angelo Gordon") and JPMorgan Chase Bank, N.A. ("JPMorgan", and together with the Debtors, the Creditors' Committee, Oaktree, and Angelo Gordon, the "DCL Plan Proponents"), by and through their undersigned counsel, hereby respond to the motions of Aurelius Capital Management, LP ("Aurelius"), Law Debenture Trust Company of New York ("Law Debenture") and Deutsche Bank Trust Company America ("DBTCA" and with Aurelius and Law Debenture, the "Plan Objectors") to schedule an expedited hearing and shorten notice (D.I. 12082, 12086) regarding: (i) the Plan Objectors' motions to stay pending appeal the *Order Confirming the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries*, dated July 23, 2012 (the "Confirmation Order") (the "Stay Motions") (D.I. 12080, 12085), and (ii) the motion of Law Debenture and DBTCA for certification of direct appeal of the Confirmation Order (the "Direct Appeal Motion") (D.I. 12084).

The Plan Objectors have taken divergent approaches, and seek conflicting relief, with respect to their appeals of the Confirmation Order. Aurelius seeks to appeal to the District Court, claiming that this Court erred in approving the DCL Plan Settlement as part of confirmation of the DCL Plan. By contrast, Law Debenture and DBTCA seek to appeal the Confirmation Order directly to the Third Circuit – via certification of a direct appeal pursuant to 28 U.S.C. § 158(d)(2) – claiming that the DCL Plan unfairly discriminates against the Senior Notes (the majority of which are held by Aurelius). The Plan Objectors thus seek to have different aspects of the very same order heard on appeal by different courts at different times. They also seek a stay of the Confirmation Order pending resolution of those piecemeal appeals.

---

[2] The defined term "Company" refers to the Debtors and the Subsidiary Non-Debtors.

-8717426v1

In addition, Wilmington Trust Company ("WTC") previously filed two notices of appeal – one filed January 31, 2012 with respect to the Bankruptcy Court's October 31, 2011 Confirmation Order (D.I. 10134) and December 29, 2011 Reconsideration Order (D.I. 10532), and the other filed April 23, 2012, with respect to the Bankruptcy Court's April 9, 2012 Order Regarding Allocation Disputes (D.I. 11338) and accompanying Memorandum Opinion Regarding Allocation Disputes (D.I. 11337) – and is virtually certain to file yet another with respect to Confirmation Order. Like the Plan Objectors, WTC also may seek a stay pending appeal and/or certification of a direct appeal. Others who objected to the DCL Plan also may file notices of appeal and seek similar relief.

As the Court is aware, the DCL Plan Proponents believe that the Debtors' prompt emergence from bankruptcy is in the best interests of creditors and other parties in interest, and the DCL Plan Proponents are working hard to achieve emergence as rapidly as possible. At the same time, no legitimate interest is served by having the Court consider various requests for a stay and/or certification of a direct appeal at different times in piecemeal fashion. Similarly, given that a stay pending appeal would cause massive harm to the bankruptcy estates and parties in interest (as the DCL Proponents will establish in opposing the pending motions), a rushed determination on the Plan Objectors' motions – without affording the DCL Plan Proponents an opportunity to properly develop the record – would be inappropriate.

As a consequence, the DCL Plan Proponents ask for a reasonable period of time in which to enable them to prepare their objections to the pending motions, as well as to enable any other opponents of the DCL Plan to seek similar relief to be heard in conjunction with the pending motions. Specifically, the DCL Plan Proponents propose that the Court enter the following scheduling order to facilitate the orderly consideration of the pending motions and any

3

-8717426v1

other related requests for relief: (i) requiring any party desiring to have an additional motion for stay pending appeal and/or certification of direct appeal of the Confirmation Order (the "Additional Motions") heard on August 7, 2012 to file such Additional Motions by no later than **4:00 p.m. (Eastern) on July 27, 2012**; (ii) requiring the DCL Plan Proponents to file responses to the Stay Motions, the Direct Appeal Motion, and any Additional Motions by **12:00 p.m. (Noon) (Eastern) on August 3, 2012**; (iii) requiring any replies to responses filed by the DCL Plan Proponents to be filed by **4:00 p.m. (Eastern) on August 6, 2012**; and (iv) setting a hearing regarding the Stay Motions, the Direct Appeal Motion, and any Additional Motions to be held at **10:00 a.m. (Eastern) on August 7, 2012** (the next scheduled Omnibus Hearing in these chapter 11 cases).

        The proposed schedule provides an expedited hearing for the pending motions while ensuring that all requests for similar relief filed by July 27 are heard at the same time and providing the DCL Plan Proponents with the opportunity to develop the record (including with respect to the harm that would be caused by a stay pending appeal) and respond to the drastic relief that has been sought. Given the pendency of the review process currently underway at the Federal Communications Commission – a process that is a precondition to effectiveness of the DCL Plan and a gating item to the Debtors' emergence – the proposed schedule causes no prejudice to the Plan Objectors. Finally, the proposed schedule also would provide a hearing regarding the pending motions on an existing date for the next Omnibus Hearing in these chapter 11 cases, reducing inconvenience and potential scheduling conflicts.

-8717426v1

For the foregoing reasons, the DCL Plan Proponents respectfully request that this Court enter an order: (i) requiring any party wishing to have Additional Motions heard on August 7 to file such Additional Motions by no later than July 27, 2012 at 4:00 p.m. (Eastern); (ii) requiring the DCL Plan Proponents to file responses to the Stay Motions, the Direct Appeal Motion and any Additional Motions by 12:00 p.m. (Noon) (Eastern) on August 3, 2012; (iii) requiring any replies to responses filed by the DCL Plan Proponents to be filed by 4:00 p.m. (Eastern) on August 6, 2012; and (iv) setting a hearing regarding the Stay Motions, the Direct Appeal Motion and any Additional Motions to be held at 10:00 a.m. (Eastern) on August 7, 2012.

Dated: Wilmington, Delaware
July 24, 2012

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Jeffrey C. Steen
Candice L. Kline
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Telecopier: (312) 853-7036

James F. Bendernagel, Jr.
Ronald S. Flagg
1501 K St., N.W.
Washington, DC 20005
Telephone: (202) 736-8000
Telecopier: (202) 736-8711

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: */s/ J. Kate Stickles*
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Telecopier: (302) 652-3117

Counsel for Debtors and Debtors in Possession and Certain Non-Debtor Affiliates


CHADBOURNE & PARKE LLP
Howard Seife
David M. LeMay
30 Rockefeller Plaza
New York, New York 10112
Telecopier: (212) 541-5369

-and-

-8717426v1

LANDIS RATH & COBB LLP

By: /s/ *Adam G. Landis*
Adam G. Landis (No. 3407)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telecopier: (302) 467-4450

-and-

ZUCKERMAN SPAEDER LLP
Graeme W. Bush
James Sottile
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Telecopier: (202) 822-8106

Counsel for the Official Committee of Unsecured Creditors

JONES DAY
Bruce Bennett
James O. Johnston
Joshua M. Mester
555 South Flower Street, Fiftieth Floor
Los Angeles, California 90071
Telecopier: (213) 243-2539

-and-

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

By: /s/ *M. Blake Cleary*
Robert S. Brady (No. 2847)
M. Blake Cleary (No. 3614)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telecopier: (302) 571-1253

Counsel for Oaktree Capital Management, L.P. and Angelo, Gordon & Co., L.P.

7

WILMER CUTLER PICKERING
HALE & DORR LLP
Andrew Goldman
399 Park Avenue
New York, New York 10022
Telecopier: (212) 230-8888

Co-Counsel for Angelo, Gordon & Co, L.P.

DAVIS POLK & WARDWELL LLP
Donald S. Bernstein
Damian S. Schaible
450 Lexington Avenue
New York, New York 10017
Telecopier: (212) 701-5800

-and-

RICHARDS LAYTON & FINGER P.A.

By: /s/ Robert J. Stearn, Jr.
Mark D. Collins (No. 2981)
Robert J. Stearn, Jr. (No. 2915)
Drew G. Sloan (No. 5069)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telecopier: (302) 651-7701

Counsel for JPMorgan Chase Bank, N.A