**EXHIBIT B**

**Expense Letter**

July 26, 2012

Tribune Company
435 North Michigan Avenue
Chicago, IL 60611

    Re:    Proposed Senior Secured Asset Based Credit Facility

Ladies and Gentlemen:

Bank of America, N.A. ("Bank") and Merrill Lynch, Pierce, Fenner & Smith Incorporated ("MLPF&S") are pleased to submit a proposal for a $300 million asset-based senior secured credit facility (the "Proposed Facility") to Tribune Company and its subsidiaries (collectively, "you" or "Borrower"). Bank is interested in lending up to $100 million of the Proposed Facility on terms to be mutually agreed. MLPF&S proposes to act as a lead arranger and book manager (in such capacities, "Lead Arranger") for the Proposed Facility, and to use commercially reasonable efforts to form a syndicate of financial institutions ("Lenders") for the facility. The transactions described above are referred to herein as the "Proposal."

This Proposal does not represent an offer, agreement or commitment to lend by Bank or MLPF&S, and is subject to further due diligence, internal credit approval and satisfactory documentation.

Upon your acceptance of this Proposal, Bank and MLPF&S will begin the preliminary due diligence and related efforts necessary to determine whether to proceed with the Proposed Facility, which due diligence may include field examinations, appraisals and other activities and, in addition, will instruct its counsel to commence legal due diligence and documentation. Whether or not the Proposed Facility is consummated, Borrower agrees to reimburse Bank and MLPF&S from time to time on demand for all reasonable, documented out-of-pocket fees and expenses for such activities relating to the Proposed Facility (including, but not limited to, (a) the reasonable documented fees, disbursements and other charges of Skadden, Arps, Slate, Meagher & Flom LLP, as counsel to the Lead Arranger and Bank incurred in connection with the transactions contemplated hereby and (b) due diligence expenses, appraisals and Bank's standard charges for field examinations (including a per diem field examiner charge)); provided that the aggregate amount of all fees and expenses payable by you under this paragraph shall not exceed $225,000 unless you otherwise consent.

You agree to indemnify and hold harmless Bank and MLPF&S and each of their affiliates and their respective officers, directors, employees, agents, advisors and other representatives (each, an "Indemnified Party") from and against (and will reimburse each Indemnified Party as the same are incurred for) any and all claims, damages, losses, liabilities and expenses (including, without limitation, the reasonable and documented fees, disbursements and other charges of counsel) that may be incurred by or asserted or awarded against any Indemnified Party, in each case arising out of or in connection with or by reason of (including, without limitation, in connection with any investigation, litigation or proceeding or preparation of a defense in connection therewith) (a) any matters contemplated by this Proposal or any related transaction or (b) the Proposed Facility or any use made or proposed to be made with the proceeds thereof, except to the extent such claim, damage, loss, liability or expense is found in a final, nonappealable judgment by a court of competent jurisdiction to have resulted from such Indemnified Party's bad faith, gross negligence or willful misconduct. In the case of an investigation, litigation or proceeding to which the indemnity in this paragraph applies, such indemnity shall be effective whether or not such investigation, litigation or proceeding is brought by you, your equity holders or creditors or an Indemnified Party, whether or not an Indemnified Party is otherwise a party thereto and whether or not the transactions contemplated hereby are consummated. You shall not be liable for any settlement of any

proceedings effected without your written consent (which consent shall not be unreasonably withheld, delayed or conditioned), but if settled with your written consent or if there is a final judgment against an Indemnified Party in any such proceedings, you agree to indemnify and hold harmless each Indemnified Party from and against any and all actual losses, claims, damages, liabilities and expenses by reason of such settlement or judgment in accordance with the this paragraph. You also agree that no Indemnified Party shall have any liability (whether direct or indirect, in contract or tort or otherwise) to you or your subsidiaries or affiliates or to your or their respective equity holders or creditors arising out of, related to or in connection with any aspect of the transactions contemplated hereby, except to the extent of direct, as opposed to special, indirect, consequential or punitive, damages determined in a final, nonappealable judgment by a court of competent jurisdiction to have resulted from such Indemnified Party's bad faith, gross negligence or willful misconduct. In addition, except solely as a result of your indemnification obligations set forth above to the extent an Indemnified Party is found so liable to a third party, neither you nor any of your affiliates shall have any liability hereunder (whether direct or indirect, in contract or tort or otherwise) to any Indemnified Party or any of their respective subsidiaries, affiliates, equity holders or creditors arising out of, related to or in connection with any aspect of the transactions contemplated hereby, except to the extent of direct, as opposed to special, indirect, consequential or punitive, damages. Notwithstanding any other provision of this Proposal, no Indemnified Party shall be liable for any damages arising from the use by others of information or other materials obtained through electronic telecommunications or other information transmission systems, other than for direct or actual damages resulting from the bad faith, gross negligence or willful misconduct of such Indemnified Party as determined by a final and nonappealable judgment of a court of competent jurisdiction. For the avoidance of doubt, notwithstanding anything to the contrary in the foregoing, you shall have no liability to any Indemnified Party arising under this Proposal for any damages, losses, liabilities or expenses to the extent arising out of or in connection with or by reason of facts, actions, occurrences or omissions occurring prior to the date of this Proposal, including without limitation in connection with actions commenced or to be commenced with respect to the leveraged buyout transactions consummated by you in 2007.

Notwithstanding anything herein to the contrary, the parties hereto agree and acknowledge that (i) the obligations of the Borrower to pay the fees and expenses contemplated herein and grant the indemnity hereunder are subject to the approval of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") presiding over the Borrower's chapter 11 case, and (ii) upon the entry by the Borrower into any more definitive documentation with Bank, MLPF&S or their affiliates relating to the Proposed Facility and providing for expense reimbursement and indemnification (including, but not limited to, any engagement letter, commitment letter or credit agreement), such documentation shall supersede this Proposal in its entirety, at which time this Proposal shall automatically terminate and be of no further force or effect.

Promptly upon your acceptance of this letter, you hereby agree to use your commercially reasonable efforts to obtain, on an expedited basis, an order of the Bankruptcy Court authorizing the Borrower's acceptance of, and performance under, this letter, which order shall specifically provide, among other things, that Bank and MLPF&S are each entitled to receive the fees and expenses contemplated herein and are entitled to indemnification as provided herein and all claims for such amounts shall be entitled to priority as administrative expense claims under Section 503(b)(1) of the Bankruptcy Code (the "Order").

This Proposal may be executed in counterparts. Delivery of an executed counterpart of this Proposal by telecopier or other electronic (e.g. ".pdf" or ".tif") transmission shall be effective as delivery of a manually executed counterpart of this letter. Borrower's obligations hereunder will survive any termination of this Proposal.

This Proposal shall be governed by the laws of the State of New York. Each of Borrower, Bank and MLPF&S hereby irrevocably waives any and all right to trial by jury in any action, proceeding or

counterclaim (whether based on contract, tort or otherwise) arising out of or relating to this Proposal and all related transactions.

If the preliminary terms of this Proposal are acceptable to you, please sign this letter below and return it to us by 5:00 p.m. (Chicago time) on July 26, 2012. We appreciate the opportunity to offer this Proposal and look forward to working with you.

PROPOSAL LETTER

Sincerely,

**BANK OF AMERICA, N.A.**

By: /s/ John C. McMenamin
Name: John C. McMenamin
Title: Director

**MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED**

By: /s/ John C. McMenamin
Name: John C. McMenamin
Title: Director

[Signature Page]

PROPOSAL LETTER

Accepted and Agreed to as of
the date first written above:

**TRIBUNE COMPANY**

By _____
  Name: Chandler Bigelow
  Title: EVP