**EXHIBIT B**

**PROPOSED ORDER**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>Related to Docket Nos. 9789, 9894, 9996, 10021, and ___ |

ORDER APPROVING STIPULATION BETWEEN DEBTORS AND OHIO
DEPARTMENT OF TAXATION RESOLVING DEBTORS' FORTY-SEVENTH
OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS AS IT RELATES TO CLAIM
NOS. 6655, 6658, 6659, AND 6660 OF OHIO DEPARTMENT OF TAXATION AND
RESOLVING CERTAIN OTHER CLAIMS OF OHIO DEPARTMENT OF TAXATION
AGAINST DEBTORS

This matter having come before the Court on the Debtors' Forty-Seventh

Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code,

Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Docket No. 9789) (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347);Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

"Objection"); and upon consideration of the Objection and the Rodden Declaration, the Certification of Counsel Regarding Resolution of Debtors' Forty-Seventh Omnibus (Substantive) Objection to Claims as it Relates to Claim Nos. 6655, 6658, 6659, and 6660 of the Ohio Department of Taxation ("Ohio DOT"), and the Stipulation Between Debtors And Ohio Department Of Taxation Resolving Debtors' Forty-Seventh Omnibus (Substantive) Objection To Claims As It Relates To Claim Nos. 6655, 6658, 6659, And 6660 Of Ohio Department Of Taxation And Resolving Certain Other Claims Of Ohio Department Of Taxation Against Debtors (the "Stipulation"), which Stipulation reflects the parties' agreement as to the modification, allowance, and treatment of the claims asserted by Ohio DOT against the Debtors (the "Ohio Claims") on the terms set forth therein, a copy of which is attached hereto as Exhibit A; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and sufficient cause appearing therefor; it is hereby

ORDERED that the Stipulation is approved; and it is further

ORDERED that the Ohio Claims shall be modified and/or allowed against the Debtors as more particularly set forth in the Stipulation; and it is further

ORDERED that the Claims Agent is authorized to amend the Claims Register to comport with the entry of this Order; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
_____, 2012

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge

2

# EXHIBIT A

**Stipulation Between Debtors And Ohio Department Of Taxation Resolving Debtors' Forty-Seventh Omnibus (Substantive) Objection To Claims As It Relates To Claim Nos. 6655, 6658, 6659, And 6660 Of Ohio Department Of Taxation And Resolving Certain Other Claims Of Ohio Department Of Taxation Against Debtors

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Related to Docket No. 9789, 9894, and 10022** |

### STIPULATION BETWEEN DEBTORS AND OHIO DEPARTMENT OF TAXATION RESOLVING DEBTORS' FORTY-SEVENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS AS IT RELATES TO CLAIM NOS. 6655, 6658, 6659, AND 6660 OF OHIO DEPARTMENT OF TAXATION AND RESOLVING CERTAIN OTHER <u>CLAIMS OF OHIO DEPARTMENT OF TAXATION AGAINST DEBTORS</u>

This stipulation (the "Stipulation") between Tribune Company ("Tribune"), Tower Distribution Company, WGN Continental Broadcasting Company, Tribune Media Services, Inc., and Times Mirror Payroll Processing Company, Inc. (collectively, the "Subsidiary Parties" and, together with Tribune, the "Debtor Parties"), each debtors and debtors in possession

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347);Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CH1 6358303v.4

in the above-captioned chapter 11 cases, on the one hand, and the State of Ohio Department of Taxation ("Ohio DOT," or the "Claimant"), on the other hand, regarding the modification, allowance, and treatment of certain prepetition and postpetition proofs of claim asserted by the Ohio DOT against the Debtor Parties (the "Ohio Claims"), is entered into by the Debtor Parties and the Ohio DOT (collectively, the "Parties").

## RECITALS

A. On December 8, 2008, Tribune and certain of its affiliates, including each of the Subsidiary Parties (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009 (each date, as applicable, the "Petition Date"). The Debtors' chapter 11 cases are jointly administered for procedural purposes only.

B. The Ohio Claims were filed by the Ohio DOT against the Debtor Parties in the aggregate amount of $56,400.35, for Ohio Commercial Activity Tax ("CAT") asserted to be due for quarterly periods covering January 1, 2007 through March 31, 2010. Tribune files quarterly returns with the State of Ohio for CAT on a combined basis, on behalf of itself and its subsidiaries. The Ohio Claims are summarized as follows:

| Claim No. | Debtor | Total Claimed Amount | Tax Year/Type |
|---|---|---|---|
| 6626 | Tribune Company | $ 10,115.07 | CAT - 10/1/2009 - 12/31/2009 |
| 6656 | Tribune Company | $ 10,112.88 | CAT - 1/1/2010 - 3/31/2010 |
| 6657 | Tribune Company | $ 7,234.48 | CAT - 1/1/2008 - 3/31/2008, 7/1/2007 - 9/30/2007, 1/1/2007 - 3/31/2007 |
| 6659 | Tower Distribution Company | $ 7,234.48 | CAT - 1/1/2008 - 3/31/2008, 7/1/2007 - 9/30/2007, 1/1/2007 - 3/31/2007 |
| 6660 | WGN Continental Broadcasting Company | $ 7,234.48 | CAT - 1/1/2008 - 3/31/2008, 7/1/2007 - 9/30/2007, 1/1/2007 - 3/31/2007 |

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

| 6655 | Tribune Media Services, Inc. | $ 7,234.48 | CAT - 1/1/2008 - 3/31/2008, 7/1/2007 - 9/30/2007, 1/1/2007 - 3/31/2007 |
|------|------------------------------|------------|------------------------------------------------------------------------|
| 6658 | Times Mirror Payroll Processing Company, Inc. | $ 7,234.48 | CAT - 1/1/2008 - 3/31/2008, 7/1/2007 - 9/30/2007, 1/1/2007 - 3/31/2007 |

C. On September 19, 2011, the Debtors filed the Forty-Seventh Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (the "Objection") (Docket No. 9789), which requested the Bankruptcy Court to disallow and expunge certain proofs of claim asserted against the Debtors' estates on the substantive grounds enumerated therein. Pursuant to the notice filed and served with the Objection, responses, if any, to the Objection were required to have been filed with the Court and served no later than 4:00 p.m. on October 12, 2011 (the "Response Deadline").

D. Among the claims identified on Exhibit A to the Objection were four Ohio Claims asserted against the Subsidiary Parties for CAT, each in the amount of $7,234.48, which were assigned Claim Nos. 6655, 6658, 6659, and 6660 by the Bankruptcy Court-appointed claims agent, Epiq Bankruptcy Solutions, LLC (the "Claims Agent"). The Objection sought to expunge the foregoing Ohio Claims against the Subsidiary Parties on the grounds that such claims were duplicative of Claim No. 6657 filed by the Ohio DOT against Tribune for the same amount, on account of the same CAT liability.

E. Prior to the Response Deadline, counsel for the Ohio DOT contacted counsel for the Debtor Parties regarding the Objection to Claim Nos. 6655, 6658, 6659, and 6660. Specifically, counsel for the Ohio DOT that the Debtor Parties were jointly and severally liable for the CAT liability asserted in the Ohio Claims and therefore the Ohio Claims were properly asserted against Tribune and each of the Subsidiary Parties. As a result of that

3

discussion, the Parties agreed to adjourn the hearing on the Objection to pursue a consensual reconciliation and resolution of all of the Ohio Claims against the Debtor Parties.

  F.  Based upon the Parties' further reconciliation of the Ohio Claims against their respective books and records, the Parties have reached an agreement with respect to the allowance and treatment of the Ohio Claims, and have agreed to enter into this Stipulation to resolve the Objection and to document their agreement.

NOW, THEREFORE, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:

### AGREEMENT

  1.  The recitals set forth above are incorporated herein by reference.

  2.  The Parties agree that the Ohio Claims shall be modified as follows: (i) Claim Nos. 6626 and 6656, which each arose postpetition, have been satisfied in full by payments of $7,634.25 and $2,106.96, respectively, made by Tribune in the ordinary course of business; (ii) Claim No 6657 is Allowed, as filed, in the aggregate face amount of $7,234.48, with $6,110.48 of that amount treated an unsecured priority claim pursuant to section 507(a)(8) of the Bankruptcy Code; and (iii) Claim Nos. 6655, 6658, 6659, and 6660 are expunged as duplicative of Claim No. 6657.  Claim No. 6657, and the joint and several liability of the Subsidiary Parties as to Claim Nos. 6655, 6658, 6659, and 6660, have been satisfied in full by Tribune's payment of $7,234.48 pursuant to the order entered by the Court authorizing the Debtors to satisfy on a post-petition basis certain pre-petition tax claims.  The foregoing dispositions of the Ohio Claims are summarized as follows:

| Claim No. | Debtor | Total Claimed Amount | Claim Disposition |
|---|---|---|---|
| 6626 | Tribune Company | $ 10,115.07 | Satisfied in full by payment of $7,634.25 |
| 6656 | Tribune Company | $ 10,112.88 | Satisfied in full by payment of $2,106.96 |
| 6657 | Tribune Company | $ 7,234.48 | Allowed as filed and satisfied in full by payment of $7,234.48 |
| 6659 | Tower Distribution Company | $ 7,234.48 | Expunged |
| 6660 | WGN Continental Broadcasting Company | $ 7,234.48 | Expunged |
| 6655 | Tribune Media Services, Inc. | $ 7,234.48 | Expunged |
| 6658 | Times Mirror Payroll Processing Company, Inc. | $ 7,234.48 | Expunged |

3. The Parties acknowledge and agree that Tribune and/or the Claims Agent may amend the claims register to reflect that (i) Claim Nos. 6626 and 6656 have been satisfied in full; (ii) Claim No. 6657 is Allowed against Tribune and its estate in the amount and with the priority stipulated herein and has been satisfied in full; and (iii) Claim Nos. 6655, 6658, 6659, and 6660 are expunged by agreement of the Parties.

4. The satisfaction of Claim Nos. 6626, 6656, and 6657 is in full and final satisfaction of all claims arising out of or relating to the liabilities asserted in the Ohio Claims. The Ohio DOT further agrees not to file any other or further proofs of claim in any of the Debtors' chapter 11 cases arising out of or relating to the liabilities asserted in the Ohio Claims.

5. Upon satisfaction of all terms as set forth in this Stipulation and upon entry by the Bankruptcy Court of a final order approving the resolution of the Ohio Claims and the Objection, the Debtors and their successors and assigns (including, for the avoidance of doubt, the Reorganized Debtors) and the Ohio DOT and its successors and assigns, agree to be bound by this Stipulation and are hereby released and discharged from any and all claims, charges, complaints, demands, actions, causes of action, suits, rights, liabilities and expenses

5

(including attorney's fees and costs), whether known or unknown, relating to any amounts owed to the Ohio DOT for the taxes, interest, and penalties contained in the Ohio Claims, including but not limited to: 1) any rights the Debtors and/or their successors and assigns may have to request refunds for overpayments made by the Debtors and/or their successors and assigns to the Ohio DOT in connection with the taxes, interest and penalties relating to the Ohio Claims; and 2) any right the Ohio DOT and/or its successors and assigns may have to any additional payment of taxes, interest, and penalties in connection with the Ohio Claims.

      6. This Stipulation constitutes the Parties' entire agreement and supersedes and amends any and all agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof and, except as otherwise expressly provided herein. This Stipulation is not intended to confer upon any other person any rights or remedies hereunder.

      7. The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

      8. This Stipulation may be executed in counterparts, all of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

      9. This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to principles of conflict of laws.

      10. This Stipulation may not be amended without the express written consent of all Parties hereto.

11. The Parties acknowledge that they have each participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either Party on account of such drafting.

12. The Bankruptcy Court shall retain jurisdiction over any and all disputes or other matters arising under or otherwise relating to this Stipulation.

13. All contentions made in this Stipulation are made in furtherance of a proposed settlement and neither the Claimant nor the Debtor Parties admit or concede the validity of any of claims or defenses and nothing herein shall be deemed an admission of fact or law.

[Signature Page Follows]

STIPULATED AND CONSENTED TO AS OF JULY 27, 2012 BY:

STATE OF OHIO
DEPARTMENT OF TAXATION

By: /s/ Donn D. Rosenblum
Donn D Rosenblum (Ohio Sup. Ct #0016552)
Principal Assistant Attorney General of Ohio
150 East Gay Street, 21st Floor
Columbus, OH 43215
Tel: (614) 728-5754
Fax: (877) 591-5768
Donn.Rosenblum@ohioattorneygeneral.gov

July 26, 2012

TRIBUNE COMPANY

By: /s/
Title: VP TAX

Telephone 312-222-3017
Facsimile 312-222-3790

TOWER DISTRIBUTION COMPANY, WGN CONTINENTAL BROADCASTING COMPANY, TRIBUNE MEDIA SERVICES, INC., AND TIMES MIRROR PAYROLL PROCESSING COMPANY, INC.

By: /s/
Title: ASST TREASURER

Telephone: 312-222-3017
Facsimile: 312-222-3790

8