# EXHIBIT A

**Stipulation Between Los Angeles Times Communications LLC and Software AG, Inc. Regarding Resolution of Debtors' Forty-Second Omnibus (Substantive) Objection to Claims as it Relates to Claim No. 5283**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Related to Docket Nos. 8065, 8289, 8471, and 8523 |

## STIPULATION BETWEEN LOS ANGELES TIMES COMMUNICATIONS LLC AND SOFTWARE AG, INC. REGARDING RESOLUTION OF DEBTORS' FORTY-SECOND OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS AS IT RELATES TO CLAIM NO. 5283

This stipulation (the "Stipulation") between Los Angeles Times Communications LLC ("LATC"), a debtor and debtor in possession in the above-captioned chapter 11 cases, and Software AG, Inc. ("Software AG," or the "Claimant") regarding the modification, allowance, and treatment of that certain prepetition proof of claim asserted by Software AG against LATC

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347);Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CH1 6829507v.1

(the "Software AG Claim"), is entered into by LATC and Software AG (collectively, the "Parties").

## RECITALS

A. On December 8, 2008 (the "Petition Date"), Tribune Company and certain of its affiliates, including LATC (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases are jointly administered for procedural purposes only.

B. The Software AG Claim was filed by Software AG against LATC in the amount of $284,327.89, for amounts asserted to be due for software maintenance support services rendered to LATC pursuant to the parties' Agreement for License of Proprietary Software Products dated June 3, 1986 (as amended, the "Agreement").

C. On February 18, 2011, the Debtors filed the Forty-Second Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Docket No. 8065) (the "Objection") with the Court.[2] Pursuant to the notice filed and served with the Objection, responses, if any, to the Objection were required to have been filed with the Court and served no later than 4:00 p.m. on March 15, 2011 (the "Response Deadline").

D. Among the claims identified on Exhibit A to the Objection was the Software AG Claim, which was assigned Claim No. 5283 by the Bankruptcy Court-appointed claims agent, Epiq Bankruptcy Solutions, LLC (the "Claims Agent"). The Objection sought to expunge the Software AG Claim on the grounds that the Agreement expired by its own terms on

---

[2] On March 11, 2011, the Debtors submitted copies of all proofs of claim that were subject to the Debtors' Forty-Second Omnibus (Substantive) Objection to Claims, including the Software AG Claim, as required by Local Rule 3007-1(e)(iv). (Docket No. 8289).

2

November 1, 2008 and was not renewed by LATC, and therefore no prepetition or postpetition amounts were due and owing to Software AG.

    E. On March 21, 2011, after the Response Deadline, Software AG filed a response to the Objection to the extent it related to Claim No. 5283 (Docket No. 8471) (the "Response").[3] In the Response, Software AG disputed the disallowance of Claim No. 5283 and asserted that certain amounts were in fact due by LATC pursuant to the Agreement. The Parties agreed to adjourn the hearing on the Objection to pursue a consensual reconciliation and resolution of the Software AG Claim.

    F. Based upon the Parties' further reconciliation of the Software AG Claim against their respective books and records, the Parties have reached an agreement with respect to the allowance and treatment of the Software AG Claim, and have agreed to enter into this Stipulation to resolve the Objection and to document their agreement.

NOW, THEREFORE, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:

## AGREEMENT

1. The recitals set forth above are incorporated herein by reference.

2. The Parties agree that the Software AG Claim shall be allowed as a general unsecured claim against LATC in the reduced amount of $28,500.

3. Upon the full execution of this Stipulation, the Debtors will file this Stipulation with the Bankruptcy Court together with a proposed form of order requesting that the Bankruptcy Court approve the Stipulation and allow the Software AG Claim against LATC in the modified amount.

---

[3] Claim No. 5283 was originally filed by Software AG. The claim was transferred and assigned by Software AG to Contrarian Funds, LLC on December 2, 2010 (Docket No. 6700). Subsequent to the filing of the Objection, the claim was transferred and assigned back to Software AG on July 25, 2011 (Docket No. 9539).

4. The Parties acknowledge and agree that Software AG does not need to take any further action to seek to allow the Software AG Claim in its modified amount in LATC's chapter 11 case.

5. The Debtors and/or the Claims Agent are authorized to amend the claims register to reflect that the Software AG Claim is to be allowed as set forth herein in Paragraph 2.

6. The Software AG Claim, as modified hereby, shall be satisfied in accordance with the provisions for the satisfaction of general unsecured claims set forth in the chapter 11 plan of reorganization, and any amendments thereto, that is ultimately confirmed for LATC (the "Plan"), when such Plan becomes effective. The satisfaction of the Software AG Claim in accordance with the Plan shall be in full and final satisfaction of all claims arising out of or relating to the liabilities asserted in the Software AG Claim. The Claimant further agrees not to file any other or further proofs of claim in any of the Debtors' chapter 11 cases, or otherwise to assert any claims against any of the Debtors arising from or relating to the liabilities asserted in the Software AG Claim.

7. This Stipulation constitutes the Parties' entire agreement and supersedes and amends any and all agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof except as otherwise expressly provided herein. This Stipulation is not intended to confer upon any other person any rights or remedies hereunder.

8. The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

9. This Stipulation may be executed in counterparts, all of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

10. This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to principles of conflict of laws.

11. This Stipulation may not be amended without the express written consent of all Parties hereto.

12. The Parties acknowledge that each of the Parties has participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either of the Parties on account of such drafting.

13. The Bankruptcy Court shall retain jurisdiction over any and all disputes or other matters arising under or otherwise relating to this Stipulation.

14. All contentions made in this Stipulation are made in furtherance of a proposed settlement and neither the Claimant nor the Debtor Parties admit or concede the validity of any of claims or defenses and nothing herein shall be deemed an admission of fact or law.

[Remainder of Page Intentionally Left Blank]

STIPULATED AND CONSENTED TO AS OF ~~JUNE~~ JULY 24, 2012 BY:

SOFTWARE AG, INC.

By: *W. Stanford Sm*
Title: **W. Stanford Smith**
**Senior Vice President**
Telephone: 703-860-5050
Facsimile: 703-391-8367

LOS ANGELES TIMES
COMMUNCIATIONS LLC

By: *[signature]*
Title: Asst Treasurer
Telephone: 312-222-8613
Facsimile: 312-222-3148

6