# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |
| | Objection Deadline: TBD<br>Hearing Date: TBD |

## MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER MODIFYING (A) ORDER (I) AUTHORIZING THE DEBTORS TO ESTABLISH A DOCUMENT DEPOSITORY AND DIRECTING THE COMMITTEE TO DELIVER CERTAIN DOCUMENTS TO THE DEPOSITORY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 AND (II) ESTABLISHING SETTLEMENT NEGOTIATION PROTECTIONS PURSUANT TO 11 U.S.C. § 105(A); AND (B) PROTECTIVE ORDER

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby submits this motion (the "Motion") for an order modifying (A) Order (I) Authorizing the Debtors to Establish a Document Depository and Directing the Committee to Deliver Certain Documents to the Depository Pursuant to Federal Rule of Bankruptcy procedure 2004 and (II) Establishing Settlement Negotiation Protections Pursuant to 11 U.S.C. § 105(a) (the "Depository Order"); and (B) Protective Order (the "Protective Order").  In support of the Motion, the Committee respectfully represents as follows:

### Jurisdiction and Venue

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 2004.

### Factual Background

2.  On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 112 entities.

3.  Beginning in early 2009, the Committee began its investigation into the series of transactions that returned the Debtors to private ownership in 2007 (the "Leveraged ESOP Transactions"). Certain of the Debtors' creditor constituencies requested access to the discovery (the "Discovery Materials") obtained by the Committee from various third parties (the "Producing Parties") in the course of its investigation.  Because the process of negotiating

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

{698.001-W0021907.3}

2

confidentiality agreements between each party that sought access to the discovery and the numerous Producing Parties became unwieldy and inefficient, on December 9, 2009, the Debtors filed the *Expedited Motion for an Order (I) Authorizing the Debtors to Establish a Document Depository and Directing the Committee to Deliver Certain Documents to the Depository Pursuant to Federal Rule of Bankruptcy Procedure 2004 and (II) Establishing Settlement Negotiation Protections Pursuant to 11 U.S.C. § 105(a)* (the "Depository Motion").

4. Among other things, the Depository Motion sought authority to create a centralized document depository so that parties involved in the negotiation of a resolution of potential causes of action related to the Leveraged ESOP Transactions could have access to the Discovery Materials. Any party that requested access to the document depository was required to execute a confidentiality "Acknowledgement." On December 15, 2009, the Court entered the Depository Order. The Depository Order provides that parties other than the Initial Negotiating Parties may subsequently gain access to the Document Depository upon written notice to the Committee and each of the Producing Parties (the "Notice Procedures"). Each of the Producing Parties, in turn, is entitled to object to the inclusion of any additional party's right to access the Document Depository.

5. The Depository Order further provides for certain protections related to the use of the information in settlement discussions (the "Settlement Procedures") related to the Leveraged ESOP Transactions. The Depository Order provides, in pertinent part:

> any and all communications, whether written or oral, occurring on or after December 7, 2009, between and among the Negotiating Parties, or their representatives, in connection with discussions of the Leveraged ESOP Transactions, whether (a) in connection with the discussion of any plan or plans of reorganization in these cases, or (b) in connection with a discussion among the Negotiating Parties regarding any legal or factual issues related to such plan or plans, or (c) in connection with any analysis or documents prepared by a Negotiating Party or their representatives after

the Petition Date and shared on or after December 7, 2009, between and among the Negotiating Parties, which, at or prior to the time communicated or shared, is designated as a "Settlement Communication" (such communications and materials are referred to herein collectively as the "Settlement Material") shall be deemed confidential and subject to the restrictions contained in this Order. Unless the person who originates such Settlement Material otherwise agrees in writing, the Settlement Material (i) may not be used except in connection with such settlement discussions; (ii) may not be disclosed other than in such settlement discussions except as authorized by the Negotiating Party originating such Settlement Material; and (iii) may not be introduced at any trial or hearing or deposition.

6. In November 2010, the Committee initiated two adversary proceedings related to the Leveraged ESOP Transactions: *The Official Committee of Unsecured Creditors of Tribune Company, et al. v. Dennis J. FitzSimons, et al.*, Adv. Proc. 10-54010 (KJC) (the "Shareholder Action") and *The Official Committee of Unsecured Creditors of Tribune Company, et al. v. JPMorgan Chase Bank, N.A., et al.*, Adv. Proc. 10-53963 (KJC) (the "Lender Action").

7. In connection with the production of discovery in the Shareholder Action, on August 8, 2011, the Court entered the Protective Order [Shareholder Action Docket No. 152]. Among other things, the Protective Order provides that the Committee may only share certain "Highly Confidential" Discovery Materials with "(a) attorneys, clerical, paralegal and secretarial staff employed by Committee Counsel or (b) those Advisors of the ... Committee whose retention has been approved by the Bankruptcy Court." Protective Order, ¶ 5. The Protective Order also requires the consent of a Producing Party prior to the disclosure of any confidential Discovery Material to a third party (collectively, the "Protective Order Procedures").

8. On July 13, 2012, the Court issued the *Memorandum Overruling Objections To Confirmation Of The Fourth Amended Plan Of Reorganization For Tribune Company and Its Subsidiaries And Denying Clarification Motion* [Docket No. 12033] (the "Confirmation Opinion"). In the Confirmation Opinion, the Court approved the confirmation of the Debtors'

Fourth Amended Plan of Reorganization (the "Plan"), subject to certain modifications. Consistent with the Confirmation Opinion, on July 20, 2012, the DCL Plan Proponents (as defined in the Plan), filed an amended and revised Plan. On July 23, 2012, the Court entered the *Order Confirming Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by The Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A.* [Docket No. 12074] (the "Confirmation Order").

9.    The Plan establishes a Litigation Trust pursuant to the "Litigation Trust Agreement." The principal purpose of the Litigation Trust is to continue the prosecution of the Shareholder Action and other claims asserted by the Committee that are not settled by the Plan,[3] and to distribute recoveries to the Trust's beneficiaries. *See* Section 1.4(a) of the Litigation Trust Agreement.

10.   Section 15.2 of the Plan requires "an agreement to be entered into between the Creditors' Committee and the Litigation Trust governing the transfer of certain documents, information and privileges from the [..] Committee to the Litigation Trust."

11.   As a result of the requirements of section 15.2 of the Plan, attached to the Plan as an exhibit is the *Agreement Respecting Transfer of Documents, Information, and Privileges from the Official Committee of Unsecured Creditors by and between the Committee and Litigation Trustee* (the "Committee LT Agreement"). Section II.B of the Committee LT Agreement provides as follows:

---

[3] For example, the Committee severed from the Lender Action claims against Citibank Global Markets Inc. and Merrill Lynch, Pierce Fenner & Smith Inc. (the "Advisors") arising out of their conduct as advisors to Tribune in the LBO. On July 26, 2012, the Judicial Panel on Multidistrict Litigation denied the Advisors' motion to vacate a conditional transfer order, clearing the way for the transfer of the adversary proceeding against the Advisors to the MDL proceeding in the Southern District of New York.

{698.001-W0021907.3}

Production of Documents.

The Creditors' Committee agrees to produce to the Litigation Trustee Documents Relating to the Claims in the possession, custody or control of the Creditors' Committee, and to use commercially reasonable best efforts to provide access to Documents Relating to the Claims[4] in the possession, custody or control of professionals retained by the Creditors' Committee under Section 327 of the Bankruptcy Code, effective on the Effective Date of the Plan, as follows:

1.   As provided in the Confirmation Order, the Creditors' Committee shall, within five business days of entry of the Confirmation Order, file a motion with the Bankruptcy Court seeking modification of the Depository Order and all other applicable orders or agreements to the extent necessary for the Creditors' Committee to a) provide the Litigation Trustee the Documents produced by the Creditors' Committee or any other Person to the Document Depository established and maintained pursuant to the Depository Order and the Documents provided by the Creditors' Committee to the Examiner (except Documents withheld under Section II.B.2.b below), b) provide the Litigation Trustee with access to the Documents Relating to the Claims produced in discovery in connection with the Confirmation Hearing, the Debtors' Chapter 11 cases, and the Trustee Actions; and c) permit the Litigation Trustee to use the Documents described in this sentence for the purposes specified in II.A.4 above. Upon entry of an order by the Bankruptcy Court modifying the Depository Order and all other applicable orders or agreements (the "Approval Order"), access to Documents Relating to the Claims shall include providing the Litigation Trustee with access to the Documents described in the preceding sentence.

12.   The Committee believes that its obligations under the Committee LT Agreement, in particular its obligation to produce certain of the Discovery Material to the Litigation Trustee could be construed to be in conflict with the Depository Order and Protective Order in general, and the Notice, Settlement and Protective Order Procedures in particular. Because the Litigation Trustee will become responsible for prosecuting the Shareholder and Lender Actions upon the effective date of the Plan, the Committee is required to provide the Litigation Trustee with access to the Discovery Material and Settlement Material as provided for in the Committee LT

---

[4] "Documents Relating to the Claims" is defined in the Commiittee LT Agreement as "Documents which relate in full or in part to Tribune Company's 2007 leveraged buy-out transactions, or the transactions or events leading up to it, or the Claims."

{698.001-W0021907.3}

Agreement. Accordingly, the Committee seeks relief from and modification to the Depository Order and Protective Order as set forth herein.

### Relief Requested

13.     The Committee hereby requests that the Court enter an Order pursuant to section 105(a) of the Bankruptcy Code modifying the Depository Order and Protective Order to relieve the Committee and Litigation Trustee of the Notice, Settlement and Protective Order Procedures, as set forth herein.[5]

### Basis for Relief

14.     It is well settled that "[p]ursuant to 11 U.S.C. § 105(a), the court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code." *In re Johns-Manville Corp.*, 91 B.R. 225, 227 (Bankr. S.D.N.Y. 1988); *Travelers Indemnity Co. v. Bailey*, 557 U.S. 137, 129 S. Ct. 2195, 2205 (2009). Here, good cause exists to modify the terms of the Depository Order and Protective Order to waive the Notice Procedures and Protective Order Procedures to allow the Committee to transfer the Discovery Materials to the Litigation Trustee promptly, consistent with the terms of the Committee LT Agreement.

15.     The essential purpose of the Document Depository was to "substantially streamline [the discovery] process and will avoid a costly, time-consuming, and difficult process of negotiating separate access agreements with each of the more than 30 Producing Parties and collecting and assembling such Discovery Documents from the Producing Parties on an

---

[5] In connection with a scheduling confirmation hearing on the Plan, on December 11, 2010, the Court entered the Discovery and Scheduling Order for Plan Confirmation (the "Confirmation Discovery Order") which generally governed the production of discovery for the confirmation hearing (the "Confirmation Discovery"). Paragraph 34 of the Confirmation Discovery Order provides that the Notice Procedures in the Depository Order govern with respect to the production of the Confirmation Discovery. Thus to the extent that the Confirmation Discovery is required to be produced to the Litigation Trustee pursuant to the Committee LT Agreement, the waiver of the Notice Procedures as requested in this Motion will apply to the production of Confirmation Discovery to the Litigation Trustee.

individualized basis by all Negotiating Parties." Depository Motion, ¶ 17. That purpose will be similarly served by modifying the Depository Order for the benefit of the Litigation Trustee.

16.    . Upon the effective date of the Plan, the rights and obligations to prosecute the Shareholder Action, and other actions commenced by the Committee that are not settled by the Plan, will vest in the Litigation Trust. The Litigation Trustee will then be responsible for the prosecution of such actions. It would be inefficient and cumbersome to require the Committee and Litigation Trustee to separately contact and possibly respond to objections from the dozens of Producing Parties, many of who are now defendants in the Shareholder Action, regarding the transfer of the Discovery Materials consistent with the Committee LT Agreement, Plan and Confirmation Order. Modifying the Depository Order as proposed will be an efficient way to give the Litigation Trustee immediate access to the Discovery Materials in the Depository. Further, adjustment of the Protective Order Procedures to permit disclosure to the Litigation Trustee will not prejudice any of the Producing Parties because all other provisions of the Protective Order will remain binding on the Litigation Trustee and inure to the benefit of the Producing Parties.

17.    Likewise, similar cause exists to modify the Depository Agreement to suspend the Settlement Procedures solely to allow the Committee to transfer to the Litigation Trustee any Settlement Material that falls within the scope of what the Committee must turn over pursuant to the Committee LT Agreement. Just as with the Discovery Materials, requiring the Litigation Trustee to obtain the consent of each counterparty to the Settlement Materials would be unduly burdensome. Indeed, prompt transfer of any Settlement Materials to the Litigation Trustee from the Committee could be beneficial in producing more efficient settlement of claims. Accordingly, modification of the Depository Order's restrictions on dissemination and use of

Settlement Materials to allow the Litigation Trustee to access the materials, and use them appropriately to prosecute the Trustee Actions (as defined in the Committee LT Agreement) is appropriate under the circumstances.

### Notice and No Prior Motion

18.   A copy of the Motion has been served upon: (i) the United States Trustee for the District of Delaware; (ii) the Debtors; and (iii) all parties requesting notice under Bankruptcy Rule 2002. The Committee submits that no other or further notice is required.

19.   No previous request for the relief sought in this Motion has been made to this Court or any other court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, the Committee respectfully requests that the Court grant the Motion and grant such other and further relief as is just and proper.

Dated: July 30, 2012
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ *signature*

Adam G. Landis (No. 3407)
Daniel B. Rath (No. 3022)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

Howard Seife
David M. LeMay
**CHADBOURNE & PARKE LLP**
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

- and -

Graeme W. Bush
James Sottile
Andrew N. Goldfarb
**ZUCKERMAN SPAEDER LLP**
1800 M Street, Suite 1000
Washington, DC 20036
Telephone: (202) 778-1800
Facsimile: (202) 822-8106

*Counsel for the Official Committee of Unsecured Creditors*