## EXHIBIT A-1

## DCL PROPOSED ORDER

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>Related to Docket Nos. 12080, 12082, 12084, 12085 and 12086<br>Telephonic Hearing: July 25, 2012 |

### SCHEDULING ORDER WITH RESPECT TO MOTIONS TO STAY PENDING APPEAL OF CONFIRMATION ORDER AND MOTIONS FOR CERTIFICATION OF DIRECT APPEAL OF CONFIRMATION ORDER

This matter having come before the Court on the (i) Motion to Schedule Expedited Hearing and Shorten Notice Regarding Aurelius Capital Management, LP's ("Aurelius") Motion for a Stay Pending Appeal [Docket No. 12082] and (ii) Motion to Schedule Expedited Hearing and Shorten Notice Regarding Law Debenture Trust Company of New York's ("Law Debenture") and Deutsche Bank Trust Company Americas' ("DBTCA") (A) Motion for Limited Stay Pending Appeal of Confirmation Order and (B) Motion for Certification of Direct Appeal of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Confirmation Order [Docket No. 12086] (collectively, the "Motions to Expedite"), and the Court having considered the Response of the DCL Plan Proponents to the Motions to Expedite [Docket No. 12096]; and the Court having held a telephonic hearing on July 25, 2012 at which all parties were given the opportunity to address the pending Motions to Expedite and the scheduling of a hearing on the (i) motions of Aurelius, Law Debenture and DBTCA (the "Stay Motions") for a stay pending appeal of the Order Confirming the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries, dated July 23, 2012 (the "Confirmation Order") [Docket Nos. 12080 and 12085]; and (ii) motion of Law Debenture and DBTCA requesting certification of direct appeal of the Confirmation Order to the United States Court of Appeals for the Third Circuit (the "Direct Appeal Motion") [Docket No. 12084]; and upon the Certification of Counsel; the Court finding that good and sufficient cause appearing therefor, it is hereby:

ORDERED that any party intending to file an additional motion for stay pending appeal and/or certification of direct appeal of the Confirmation Order (the "Additional Motions," and, collectively with the Stay Motions and Direct Appeal Motions, the "Motions")) shall file such motion **no later than August 6, 2012**.

ORDERED that responses (the "Responses"), if any, to the Motions must be filed and served **no later than 4:00 p.m. (Eastern) on August 8, 2012**.

ORDERED that any witnesses who will or may be called by a party who files a Response at the hearing on the Motions and/or whose declarations are included in a Response shall be made available for deposition on **August 10, 2012**.

ORDERED that any replies filed by parties who intend to or may call a witness at the hearing on the Motions and/or which include or are accompanied by witness declarations or the submission of other evidence must be filed and served **no later than 6:00 p.m. on August 14, 2012**; such replies must comply with Bankr. D. Del. R. 7007-2(b)(ii) except as is necessary to

2

address (i) the preferable appeal path of the appeals that are the subject of the Motions and (ii) whether the Court should *sua sponte* certify appeals to the Third Circuit Court of Appeals. For the avoidance of doubt, replies may include arguments, declarations or other evidence specifically rebutting arguments or evidence included in a Response regarding whether a bond is required, and, if so, the amount and reason for such bond, but may not present an affirmative case in support of a proposed amount of a bond different than that requested in the Stay Motions.

ORDERED that any replies which do not include witness declarations must be filed and served **no later than 6:00 p.m. on August 15, 2012** (and must comply with Bankr. D. Del. R. 7007-2(b)(ii) except as is necessary to address (i) the preferable appeal path of the appeals that are the subject of the Motions and (ii) whether the Court should *sua sponte* certify appeals to the Third Circuit Court of Appeals. For the avoidance of doubt, replies may include arguments (but not declarations or other evidence) rebutting arguments or evidence included in a Response regarding whether a bond is required, and, if so, the amount and reason for such bond, but may not present an affirmative case in support of a proposed amount of a bond different from that requested in the Stay Motions.

ORDERED that any witnesses who will or may be called by a party who files a reply at the hearing on the Motions or whose declarations are included in reply filings shall be made available for deposition on **August 16, 2012**.

ORDERED that, responses and replies, must address, among other issues, (i) the merits of the Stay Motions, Direct Appeal Motion, and Additional Motions, (ii) the preferable appeal path, (iii) whether the Court should *sua sponte* certify appeals to the Third Circuit Court of Appeals, and (iv) whether a bond is required, and, if so, the amount and reason for such bond.

ORDERED that, the hearing on the Motions will be held on **August 17, 2012 at 10:00 a.m.**

ORDERED that, this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2012

                                                _____
                                                The Honorable Kevin J. Carey
                                                United States Bankruptcy Judge

DC1 2694627v.3
46429/0001-8728975v3
DC1 2689458v.1