**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                            :

                              :  Chapter 11

TRIBUNE COMPANY, et al.,      :

                              :  Case No. 08-13141 (KJC)

            Debtors.        :  (Jointly Administered)

                              :

                              :  **Re: D.I. 12084, 12087**

                              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**JOINDER OF WILMINGTON TRUST COMPANY, SOLELY IN ITS CAPACITY AS
SUCCESSOR INDENTURE TRUSTEE PURSUANT TO THE PHONES INDENTURE
TO THE MOTION OF LAW DEBENTURE TRUST COMPANY OF NEW YORK
AND DEUTSCHE BANK TRUST COMPANY AMERICAS PURSUANT
TO 28 U.S.C. § 158(d)(2) AND FED. R. BANKR. P. 8001(f) REQUESTING
CERTIFICATION OF DIRECT APPEAL TO UNITED STATES COURT OF
APPEALS FOR THIRD CIRCUIT OF THE UNFAIR DISCRIMINATION ISSUE
IN THE ALLOCATION DISPUTES ORDER AS INCORPORATED IN
THE ORDER AND MEMORANDUM OPINION ON CONFIRMATION**

Wilmington Trust Company ("Wilmington Trust"), solely in its capacity as successor

Indenture Trustee pursuant to an indenture dated April 1, 1999 (the "PHONES Indenture"), by

and through its undersigned counsel, hereby joins (the "Joinder") in the motion (the

"Certification Motion") of Law Debenture Trust Company of New York ("Law Debenture"), as

successor indenture trustee under certain of the Senior Indentures and Deutsche Bank Trust

Company Americas, successor trustee under certain Senior Indentures ("DBTCA," together with

Law Debenture, "Law Debenture/DBTCA" and collectively with Law Debenture and

Wilmington Trust, the "Appellants"), for certification of direct appeal to the United States Court

of Appeals for the Third Circuit (the "Third Circuit"), pursuant to 28 U.S.C. § 158(d)(2) and

Rule 8001(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), of the

*Order Regarding Allocation Disputes* [D.I. 11338] (the "Allocation Disputes Order") as

incorporated in the *Order Confirming Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by The Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A.*, dated July 23, 2012 [D.I. 12074] (the "Confirmation Order").  In support of the Joinder, Wilmington Trust respectfully represents as follows:

## PRELIMINARY STATEMENT AND JOINDER

1.      By separate notice, Wilmington Trust has appealed the Allocation Disputes Order and Confirmation Order as they concern, *inter alia*, issues that are substantially similar to the Unfair Discrimination Issue and Swap Claim Issue appealed by Law Debenture/DBTCA.[1]  As such, Wilmington Trust joins the arguments of Law Debenture/DBTCA in the Certification Motion regarding certification to the Third Circuit of the Unfair Discrimination Issue and the Swap Claim Issue, as presented in Law Debenture/DBTCA's appeal and in Wilmington Trust's appeal.

2.      The appeal of the Unfair Discrimination Issue raises an issue for which there is no precedent regarding the application of the requirement in Section 1129(b)(1) of the Bankruptcy Code that a plan "not discriminate unfairly."   There is also no precedent concerning the application of this requirement in the specific context, present here, where two classes of unsecured claims that otherwise have equal rights and priorities as compared to one another have unequal rights under a subordination agreement applicable to a third creditor class.  As the Bankruptcy Court itself acknowledged, the issue here arises "in an unusual context."  *In re Tribune Co.*, No. 08-13141, 2012 Bankr. LEXIS 1563, at *39 (Bankr. D. Del. Apr. 9, 2012) (quoting *In re Tribune Co.*, 464 B.R. 126, 199 (Bankr. D. Del. 2011)).  In fact, neither the

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

Bankruptcy Court nor any party has been able to cite a single reported decision from the Third Circuit addressing the "not discriminate unfairly" requirement.

3.      In addition to the reasons why the Unfair Discrimination Issue affects the Senior Noteholders as set forth in the Certification Motion, the proper application of PHONES subordination implicates additional reasons, from the PHONES perspective, why the relief sought by the Certification Motion is appropriate.  At its core, as a result of the Bankruptcy Court's determination of the Unfair Discrimination Issue, the Plan will permit certain of Tribune's unsecured creditors to impermissibly benefit from the PHONES subordination even though the PHONES Indenture does not establish such a right.[2]  As a result of the improper application of PHONES subordination, the PHONES are deprived of their contractual right to be subordinated only to certain unsecured creditors while being *pari passu* with other unsecured creditors.[3]

---

[2]    Under the PHONES Indenture, only holders of Other Parent Claims that qualify as holders of "Indebtedness" and "Senior Indebtedness" have a right to benefit from the PHONES subordination.  The Bankruptcy Court's determination that the Plan was confirmable even in the absence of strict compliance with this contractual term in violation of Section 510(a) and 1129(a)(1) is an issue decided without reference to precedent.  Similarly, there is no precedent to re-write the PHONES Indenture to expand the types of claims that qualify as "Indebtedness" and "Senior Indebtedness" entitled to benefit from the contractual subordination.

[3]    Wilmington Trust also contends that the Bankruptcy Court erred in determining the extent of the PHONES subordination under the PHONES Indenture and whether the PHONES are subordinated only concerning distributions of Tribune Company's assets and not subordinated concerning proceeds of chapter 5 avoidance actions.  Wilmington Trust has appealed the Court's determination in its Reconsideration Opinion and the Allocation Disputes Opinion, both as endorsed by the Confirmation Order.  *See* 1:12-cv-00128-GMS (D. Del.); 1:12-mc-00108-GMS (D. Del.) (collectively, the "Subordination Appeals").  While Wilmington Trust does not seek certification of the Subordination Appeals to the Third Circuit, to the extent that the Bankruptcy Court determines that appeals related to the Confirmation Order should be heard by the same court and similarly certified to the Third Circuit for reasons of judicial economy for the purpose of a unified appellate process, Wilmington Trust believes that the following three issues as to which Wilmington Trust has already filed notices of appeal should also be certified to the Third Circuit:

    i.    Whether the Court erred in reconsidering the Original Confirmation Opinion and granting reconsideration where the standard for reconsideration was not satisfied insofar as the noteholder Appellees simply disagreed with a prior decision of the Court and offered no new facts or law justifying reconsideration;

    ii.   Whether the Court erred in holding that the subordination provisions under the PHONES Indenture apply to recoveries of Bankruptcy Code Chapter 5 causes of action obtained by the Litigation Trust from third parties; and

4.      The PHONES are a separate class of creditors materially harmed by the impermissible application of PHONES subordination implicated in the Unfair Discrimination Issue.  While the Certification Motion addresses this from the Senior Noteholders' perspective, the impact on the PHONES is even more meaningful.  The PHONES have a right to be paid right after holders of "Senior Indebtedness" (as defined in the PHONES Indenture) are paid in full (to the extent of distributions subject to subordination).  Therefore, if a portion of the initial Plan distributions are diverted to holders of Other Parent Claims who are not entitled to PHONES subordination, the legitimate holders of "Senior Indebtedness," such as the Senior Noteholders, must receive an additional $29.1 million, plus undetermined additional proceeds from the Litigation Trust, before the PHONES will receive anything.  This significant delay in the PHONES being able to receive a distribution, caused by the large additional sums required to be recovered by the Litigation Trust before the PHONES recover, is material harm to the PHONES, and the unfair discrimination analysis adopted by the Confirmation Opinion does not alleviate that harm.

5.      The diversion of the PHONES' rightful distribution to parties that are not entitled to subordination also could adversely affect the PHONES subrogation rights under PHONES Indenture Section 14.06 to recoup payments turned over to senior creditors.  PHONES Indenture Section 14.06 provides in pertinent part:

> Subject to the payment in full of all Senior Indebtedness, the Holders of the Securities of any series *shall be subrogated to the extent of the payments or distributions made to the holders of such Senior Indebtedness* pursuant to the provisions of this Article Fourteen *to the rights of the holders of such Senior Indebtedness to receive payments or distributions of cash, property or securities applicable to the Senior Indebtedness* until the principal amount, interest or such

---

iii.    Whether the Bankruptcy Court erred in holding that the subordination provisions under the PHONES Indenture apply to proceeds of a settlement of Chapter 5 causes of action against the Senior Lenders, the Bridge Lenders and the Step Two Arrangers under the Fourth Amended DCL Plan, as it may be amended.

other amounts as provided for in Section 3.01, if any, as the case may be, in respect of the Securities of such series shall be paid in full. For purposes of such subrogation, no payments or distributions to the holders of the Senior Indebtedness of any cash, property or securities to which the Holders of the Securities of such series or the Trustee would be entitled except for the provisions of this Article Fourteen, and no payments pursuant to the provisions of this Article Fourteen to the Company or to the holders of Senior Indebtedness by Holders of the Securities of such series or the Trustee, shall, as between the Company, its creditors other than holders of Senior Indebtedness and the Holders of the Securities of such series, be deemed to be a payment or distribution by the Company to or on account of the Senior Indebtedness.

PHONES Indenture, § 14.06 (emphasis added).

6.      The PHONES have a right to have payments from the Debtors to which they are otherwise entitled but for subordination be paid to or for the benefit of the holders of Senior Indebtedness under PHONES Indenture Section 14.02. *See UPIC v. Kinder-Care Learning Ctrs., Inc.,* 793 F. Supp. 448, 460 (S.D.N.Y. 1992); *see also Chicago Title and Trust Co. v. Telco Capital Corp.*, 292 Ill.App.3d 553, 685 N.E.2d 952, 226 Ill.Dec. 497 (App. Ct. Ill. 1997) ("As the court articulated in *UPIC & Co.*, a debenture holder benefits when he collects on a judgment then disgorges the proceeds of that judgment to holders of senior indebtedness because the debenture holder then becomes subrogated to the senior holders' rights."). Although the Plan permits the PHONES to seek subrogation of claims under the PHONES Indenture, there is no contractual subrogation right for debt that is not "Senior Indebtedness." As a result, the PHONES are materially harmed by the diversion of distributions from holders of "Senior Indebtedness" and the application of unfair discrimination concepts to the PHONES claims only exacerbates that harm. Similarly, the PHONES are directly harmed by the Court's finding that the Swap Claim qualifies as "Senior Indebtedness" because such a claim stands to benefit from the PHONES subordination and from plan distributions allocable to the PHONES being redistributed to legitimate holders of "Senior Indebtedness."

7.      For these reasons, Wilmington Trust joins the Certification Motion's request for

the entry of an order, pursuant to 28 U.S.C. § 158(d)(2) and Bankruptcy Rule 8001(f), certifying

the appeal of the Confirmation Order in its entirety, or, if appropriate, solely with respect to the

Unfair Discrimination Issue and the Swap Claim Issue for direct appeal to the Third Circuit.

## APPELLATE ISSUES PRESENTED

8.      There are two issues presented on appeal that Wilmington Trust seeks

certification to the Third Circuit:

> a.  whether the Bankruptcy Court erred in confirming the Plan because the Plan discriminates unfairly against the PHONES Noteholders (as defined in the Plan) in violation of Section 1129(b)(1) of the Bankruptcy Code by giving effect to subordination of the PHONES to certain Other Parent Claims who the PHONES never agreed would be "Senior Indebtedness" with respect to distributions from Tribune Company's assets by disregarding the subordination provisions of the PHONES Indenture in reallocating distributions otherwise payable to the PHONES.[4]

> b.  whether the Bankruptcy Court erred in determining that "the SWAP Claim falls within the definition of Senior Indebtedness in the PHONES Indenture" and "within the definition of Senior Obligations under the EGI Subordination Agreement."

9.      For the reasons stated in the Certification Motion and herein, the Unfair

Discrimination Issue in the Confirmation Order satisfies three separate criteria, each of which

independently mandates certification of the appeal to the Third Circuit.

## NOTICE

10.      Wilmington Trust has provided notice of this Joinder to counsel to: (a) the

Debtors; (b) the Official Committee of Unsecured Creditors; (c) Deutsche Bank Trust Company

Americas; (d) Law Debenture Trust Company of New York; (e) Aurelius Capital Management,

L.P.; (f) Brigade Capital Management, LLC; (g) Davidson Kempner Capital Management LLC;

(h) Oaktree Capital Management, L.P.; (i) Angelo Gordon & Co., L.P.; (j) JPMorgan Chase

---

[4] Although this issue is framed somewhat differently than the way the Unfair Discrimination Issue is presented by Law Debenture/DBTCA (i.e., from the PHONES perspective instead of from the Senior Notes perspective), the substance of this issue is the same.

Bank, NA; (k) Citadel Equity Fund, Ltd.; (l) Camden Asset Management LP; (m) EGI-TRB

LLC; (n) TM Retirees; (o) Barclays Bank Plc; (p) Waterstone Capital Management L.P.; (q)

certain directors and officers; and (r) the Office of the United States Trustee.  Wilmington Trust

respectfully submit that no further notice of the Joinder is required.

### NO PRIOR REQUEST

11.    No prior request for the relief sought herein has been made to this Court or any

other court.

### CONCLUSION

WHEREFORE, Wilmington Trust respectfully request that the Court enter an order

(i) granting the Certification Motion and the Joinder substantially in the form of the proposed

order attached hereto and (ii) granting such other and further relief that the Court deems just and

proper.

Date:  August 2, 2012
       Wilmington, DE                          SULLIVAN · HAZELTINE · ALLINSON LLC

                                               */s/ William D. Sullivan*
                                               William D. Sullivan (No. 2820)
                                               Elihu E. Allinson, III (No. 3476)
                                               901 North Market Street, Suite 1300
                                               Wilmington, DE 19801
                                               Tel: (302) 428-8191

                                               -and-

                                               BROWN RUDNICK LLP
                                               Robert J. Stark
                                               Martin S. Siegel
                                               Gordon Z. Novod
                                               Seven Times Square
                                               New York, NY 10036
                                               Tel: 212-209-4800

                                               Counsel for Wilmington Trust Company, solely in
                                               its capacity as successor Indenture Trustee for the
                                               PHONES Notes