**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
In re:                                                       :
                                                             :  Chapter 11
                                                             :
TRIBUNE COMPANY, et al.,                                     :
                                                             :  Case No. 08-13141 (KJC)
              Debtors.                                       :
                                                             :  (Jointly Administered)
                                                             :
                                                             :  Re: D.I. 12085, 12087
                                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

**JOINDER OF WILMINGTON TRUST COMPANY, SOLELY IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE PURSUANT TO THE PHONES INDENTURE TO THE MOTION OF LAW DEBENTURE TRUST COMPANY OF NEW YORK AND DEUTSCHE BANK TRUST COMPANY AMERICAS FOR STAY PENDING APPEAL OF CONFIRMATION ORDER**

Wilmington Trust Company ("Wilmington Trust"), solely in its capacity as successor Indenture Trustee pursuant to an indenture dated April 1, 1999 (the "PHONES Indenture"), by and through its undersigned counsel, hereby joins (the "Joinder") in the motion (the "Stay Motion") of Law Debenture Trust Company of New York ("Law Debenture"), as successor indenture trustee under certain of the Senior Indentures, and Deutsche Bank Trust Company Americas, successor trustee under certain Senior Indentures ("DBTCA" and together with Law Debenture, "Law Debenture/DBTCA" and collectively with Law Debenture and Wilmington Trust, the "Appellants"), pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), that this Court grant a stay pending appeal of the *Order Regarding Allocation Disputes* [D.I. 11338] (the "Allocation Disputes Order") as incorporated in the *Order Confirming Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by The Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A.*, dated

July 23, 2012 [D.I. 12074] (the "Confirmation Order") issued by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court" or "Court"). In support of the Joinder, Wilmington Trust respectfully represents as follows:

## PRELIMINARY STATEMENT

1. By separate notice, Wilmington Trust has appealed the Allocation Disputes Order and Confirmation Order as they concern, *inter alia*, issues that are substantially the same as the Unfair Discrimination Issue and Swap Claim Issue appealed by Law Debenture/DBTCA.[1] As such, Wilmington Trust joins the arguments of Law Debenture/DBTCA in the Stay Motion regarding the request for a stay pending appeal.

2. The imposition of a stay of the Confirmation Order confirming the Fourth Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (as modified July 20, 2012) [D.I. 12072] (the "Plan" or "DCL Plan") in connection with the appeal of the Confirmation Order is essential to ensure that effective relief is available to the Appellants if such appeal is successful.

3. For the reasons set forth in the Stay Motion, the four prong test set forth in *Haskell v. Goldman, Sachs & Co. (In re Genesis Health Ventures, Inc.*), 367 B.R. 516, 519 (Bankr. D. Del. 2007), to warrant a stay of the Confirmation Order is satisfied. First, there is a strong likelihood that Law Debenture/DBTCA and Wilmington Trust will prevail on the merits of the appeals with respect to the Unfair Discrimination Issue and the Swap Claim Issue. Specifically, the Court's holding in the Allocation Disputes Order that the distributive provisions of the Plan did not have to comport fully with the reallocation provisions of the Subordination

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Stay Motion.

Agreements (as defined in the Stay Motion) to satisfy the requirement that the Plan not discriminate unfairly against the dissenting class of Senior Noteholders and the PHONES Noteholders was erroneous as a matter of law.

4.　　As a result of the Court's decision, the Plan unfairly discriminates against the PHONES noteholders by permitting all unsecured creditors to impermissibly benefit from the PHONES subordination even though many such creditors do not qualify as "Senior Indebtedness" under the PHONES Indenture. The impermissible benefit bestowed upon these creditors denies the PHONES of the benefit of their bargain by delaying the time by which creditors who actually qualify as "Senior Indebtedness" will receive distributions on account of the PHONES' subordination and as a result, jeopardizing the PHONES ability to receive an eventual distribution. The Unfair Discrimination Issue not only deprives the Senior Noteholders of the benefit of subordination, but also impairs the PHONES recovery prospects by increasing the size of the recoveries by Senior Noteholders necessary in order for the PHONES to "be in the money."[2] This dangerous result threatens to stymie lending practices as creditors realize that subordination agreements are unenforceable in cramdown plans.

5.　　Additionally, the Court erred in its Allocation Disputes Memorandum by holding that "the SWAP Claim falls within the definition of Senior Indebtedness in the PHONES Indenture." *See* Stein Declaration, Ex. A, at 21-22 n.19 [D.I. 12087]. Contrary to the Court's holding, however, the Swap Claim lacks the fundamental characteristics of "Indebtedness" as contemplated by the PHONES Indenture as it neither constitutes borrowed money nor

---

[2] Wilmington Trust also contends that the Bankruptcy Court erred in determining the extent of the PHONES subordination under the PHONES Indenture and whether the PHONES are subordinated only concerning distributions of Tribune Company's assets and not subordinated concerning proceeds of chapter 5 avoidance actions. Wilmington Trust has appealed the Court's determination in its Reconsideration Opinion and the Allocation Disputes Opinion, both as endorsed by the Confirmation Order. *See* 1:12-cv-00128-GMS (D. Del.); 1:12-mc-00108-GMS (D. Del.).

obligations represented by notes, bonds, debentures or similar evidences of indebtedness.

6. Second, the PHONES Noteholders may be irreparably harmed if the funds subject to subordination are distributed under the Plan pursuant to the Confirmation Order before the PHONES have an opportunity to obtain appellate review of the Confirmation Order. The Plan proponents intend to "go effective" as soon as possible and to distribute funds to a variety of creditors. Upon a successful appeal, there is a risk that PHONES may be unable to recover all of these funds and, even if they could, would have to incur substantial costs that would ultimately be charged against the distributions to PHONES Noteholders. Also, once the Plan is consummated and the assets are distributed, the DCL Plan Proponents likely will seek to dismiss the appeal on this issue on the grounds of mootness and deprive PHONES Noteholders of any remedy.

7. Third, Wilmington Trust will move to expedite its appeal. Given that the Debtors' bankruptcy cases have been pending for nearly four years, a brief stay will not materially harm any party whatsoever. In fact, according to the DCL Plan Proponents, during the pendency of the Debtors' bankruptcy cases, the value of the Debtors' estates has steadily increased. The balance of hardship weighs in Appellants' favor because there is virtually no harm to the DCL Plan Proponents if a stay is granted and material, if not irreparable, harm to Appellants if a stay is not granted. Therefore, the risk that a short delay to permit appellate review of what Appellants submit are legal errors in the Confirmation Order will harm any party is minimal.

8. Finally, public policy favors Appellants retaining the ability to appeal the Confirmation Order and ensuring the availability of effective relief. The public policy of creating uniformity and encouraging judicial review, as embodied by 28 U.S.C. § 158(d)(2)(A)

(allowing direct appeal to the Courts of Appeals for this precise reason), is further served by granting a stay where an appeal might otherwise be dismissed as equitably moot.  This policy is particularly strong where, like here, there is a decision with no appellate precedent and no directly on point trial court precedent of an issue that has far-reaching implications for the financial markets.  For these reasons, as well as others discussed below, the granting of a limited stay is both necessary and appropriate.

9. For the same reasons as set forth in the Stay Motion, no bond is required.

**REQUESTED RELIEF**

10. Wilmington Trust respectfully request entry of an order issuing a brief stay upon the effectiveness of the Confirmation Order pending resolution of the appeal.

**NOTICE**

11. Wilmington Trust has provided notice of this Joinder to counsel to: (a) the Debtors; (b) the Official Committee of Unsecured Creditors; (c) Deutsche Bank Trust Company Americas; (d) Law Debenture Trust Company of New York; (e) Aurelius Capital Management, L.P.; (f) Brigade Capital Management, LLC; (g) Davidson Kempner Capital Management LLC; (h) Oaktree Capital Management, L.P.; (i) Angelo Gordon & Co., L.P.; (j) JPMorgan Chase Bank, NA; (k) Citadel Equity Fund, Ltd.; (l) Camden Asset Management LP; (m) EGI-TRB LLC; (n) TM Retirees; (o) Barclays Bank Plc; (p) Waterstone Capital Management L.P.; (q) certain directors and officers; and (r) the Office of the United States Trustee.  Wilmington Trust respectfully submit that no further notice of the Joinder is required.

**NO PRIOR RELIEF**

12. No prior request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, for all of the reasons set forth above, Wilmington Trust requests that this Court enter an order (i) staying the Confirmation Order to the extent that it provides for the distribution of those funds subject to the subordination provisions of the Subordination Agreements pending adjudication of the appeal; and (ii) granting such other and further relief as is equitable and proper.

Date: August 2, 2012
      Wilmington, DE

SULLIVAN · HAZELTINE · ALLINSON LLC

*/s/ William D. Sullivan*
William D. Sullivan (No. 2820)
Elihu E. Allinson, III (No. 3476)
901 North Market Street, Suite 1300
Wilmington, DE 19801
Tel: (302) 428-8191

-and-

BROWN RUDNICK LLP
Robert J. Stark
Martin S. Siegel
Gordon Z. Novod
Seven Times Square
New York, NY 10036
Tel: 212-209-4800

Counsel for Wilmington Trust Company, solely in its capacity as successor Indenture Trustee for the PHONES Notes