# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Related to Docket Nos. 11958 and 12089 |

## RESPONSE OF TV GUIDE ONLINE, INC. AND TV GUIDE ONLINE, LLC TO DEBTORS' FIFTY-FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTIONS 502(b) AND 558 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003 AND 3007 AND LOCAL RULE 3007-1

TV Guide Online, Inc. and TV Guide Online, LLC (together, "TV Guide"), by and through its undersigned counsel, hereby files this response (the "Response") to the Debtors' Fifty-Fifth Omnibus (Substantive) Objection to Claims Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 [Docket

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

31452073_7
RLF1 6407165v.1

No. 12089] (the "Objection") and respectfully represents as follows:

## BACKGROUND

### A. The Patent Litigation

1. TV Guide Online, LLC is the owner of U.S. Patent No. 5,988,078 (the "078 Patent"). TV Guide Online, Inc. is the exclusive licensee of the '078 Patent, with the right to bring suit and recover damages for past infringement.

2. Tribune Media Services, Inc. ("TMS") is a supplier of television program listings and movie listings information in the United States. TMS does business as Zap2It and operates the Web site www.Zap2It.com, which is accessible by television viewers within this judicial district and elsewhere.

3. On October 12, 2005, TV Guide commenced suit against TMS in the United States District Court for the District of Delaware for alleged patent infringement by TMS in connection with certain television programming listings functionality provided by the Web site Zap2It.com (the "Patent Litigation"). On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries, including TMS Entertainment Guides, Inc. ("TMS Entertainment") and TMS (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

4. Prior to the Petition Date, TV Guide and TMS had fully briefed claim construction and five motions for summary judgment directed to infringement, noninfringement, invalidity, and two damages-related issues. On December 16, 2008, the Delaware District Court denied all five summary judgment motions without prejudice to renew and stayed the case pending further order of the court.

B. **The TV Guide Claims**

5. On June 9, 2009, TV Guide filed Claim Nos. 3754 and 3755 against TMS (collectively, the "TMS General Unsecured Claims"), each in the amount of $5,699,364.00 (plus additional unliquidated prepetition and postpetition amounts) for damages resulting from TMS's infringement of the '078 Patent in connection with its operation of the Web site Zap2it.com. TV Guide did not know whether Tribune, TMS's parent, or TMS Entertainment, TMS's subsidiary, had any prior or current role in providing or operating the Web site Zap2it.com or the affiliate program that is the subject of the Patent Litigation. Accordingly, as a protective matter, on June 12, 2009, TV Guide filed Claim Nos. 4898 and 4899 against TMS Entertainment and Claim Nos. 4900 and 4901 against Tribune (collectively, the "Non-TMS General Unsecured Claims"), which were substantially identical to the TMS General Unsecured Claims.

6. On March 18, 2011, TV Guide filed six Requests for Payment of Administrative Expense Claims (the "Administrative Claims") for damages incurred as a result of the continuing, postpetition infringement of the '078 Patent. Two of the Administrative Claims were filed against TMS [Docket Nos. 8425 and 8426] (collectively, the "TMS Administrative Claims," and together with the TMS General Unsecured Claims, the "TMS Claims") and four were filed against Tribune and TMS Entertainment [Docket Nos. 8423, 8424, 8427, and 8428] (collectively, the "Non-TMS Administrative Claims," and together with the Non-TMS General Unsecured Claims, the "Non-TMS Claims").

C. **The Objection**

7. On July 24, 2012, the Debtors filed the Objection. The Objection sought to disallow and expunge the Non-TMS Claims on the basis that neither Tribune nor TMS Entertainment has any liability for the Non-TMS Claims and that the Non-TMS Claims are

substantive duplicates of the TMS Claims.

## RESPONSE

8.  A proof of claim is prima facie evidence of the validity and amount of the claim. FED. R. BANK. P. 3001(f). In order to rebut this presumption, an objector must do more than formally object to a claim and must offer "probative evidence" to call the claim into question. In re Equip. Servs., 36 B.R. 241, 244 (Bankr. D. Alaska 1983). "In other words, the objector must show the facts which are evidence of an actual dispute, not just a denial unsupported by clear inferences or direct proof, as to the existence or amount of the debt claimed." Id.

9.  Here, however, the Debtors' Objection presented no direct proof or probative evidence that calls the Non-TMS Claims into question. Instead, the Debtors merely contend that neither the underlying Patent Litigation nor the Non-TMS Claims assert any factual or legal basis for liability on the part of Tribune or TMS Entertainment. As noted above, the Non-TMS Claims are themselves prima facie evidence of their validity and amount. The only "evidence" that the Debtors presented to rebut this presumption is that neither Tribune nor TMS Entertainment is named as a defendant in the Patent Litigation. But the mere fact that TV Guide only proceeded against one entity in the Patent Litigation does not mean there are no claims against other Debtors. Indeed, outside of bankruptcy, nothing would prevent TV Guide from asserting claims in the Patent Litigation against Tribune or TMS Entertainment.

10. In addition, although the Debtors stated in the Objection that neither Tribune nor TMS Entertainment operates the Web site Zap2it.com, the Debtors have refused to meaningfully stipulate to that fact, evidencing the validity of the Non-TMS Claims. The Debtors filed the Non-TMS Claims as a protective measure because of uncertainty surrounding whether Tribune or TMS was liable with TMS in connection with the Patent Litigation. After the Debtors filed

31452073_7
RLF1 6407165v.1

the Objection, TV Guide offered to withdraw the Non-TMS Claims with prejudice in exchange for a representation from the Debtors that since April 2005, TMS – and not Tribune or TMS Entertainment – has been and continues to be the sole provider and operator of the Web site Zap2it.com and the affiliate program that is the subject of the Patent Litigation. The Debtors rejected this offer. Only the Debtors can stipulate as to Tribune's or TMS Entertainment's involvement with and ownership and operation of the Web site Zap2it.com. The Debtors' refusal to do so is itself evidence that the Non-TMS Claims are valid.

## RESERVATION OF RIGHTS

TV Guide expressly reserves the right to amend and/or supplement this Response in response to any reply papers filed by the Debtors or any other party, or in the event of other developments in these chapter 11 cases.

[Remainder of Page Left Intentionally Blank]

31452073_7
RLF1 6407165v.1

## CONCLUSION

WHEREFORE, TV Guide respectfully requests that the Court overrule the Objection.

Dated: August 3, 2012
       Wilmington, Delaware

                                              RICHARDS, LAYTON & FINGER, P.A.

                                              Paul N. Heath (DE No. 3704)
                                              Christopher M. Samis (DE No. 4909)
                                              One Rodney Square
                                              920 North King Street
                                              Wilmington, Delaware 19801
                                              Tel:   (302) 651-7700
                                              Fax:  (302) 651-7701

                                                    -AND-

                                              ROPES & GRAY LLP
                                              Steven T. Hoort (*pro hac vice* pending)
                                              Prudential Tower
                                              800 Boylston Street
                                              Boston, Massachusetts 02199-3600
                                              Tel:   (617) 951-7000
                                              Fax:  (617) 951-7050

                                              Christopher Harnett (*pro hac vice* pending)
                                              Stuart W. Yothers (*pro hac vice* pending)
                                              1211 Avenue of the Americas
                                              New York, NY 10036
                                              Tel:   (212) 596-9000
                                              Fax:  (212) 596-9090

                                              *Attorneys for TV Guide Online, Inc. and TV Guide Online, LLC*

31452073_7
RLF1 6407165v.1