IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re:                                            :    Chapter 11
                                                  :
TRIBUNE COMPANY, *et al.*,                        :    Case No. 08-13141 (KJC)
                                                  :
                    Debtors.                      :    (Jointly Administered)
                                                  :
                                                  :
                                                  :
---------------------------------------------------------------x

**EGI-TRB, LLC'S MOTION FOR CERTIFICATION OF DIRECT APPEAL
TO THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

EGI-TRB, LLC ("EGI-TRB") moves (the "Motion") this Court for certification of a direct appeal to the United States Court of Appeals for the Third Circuit, pursuant to 28 U.S.C. § 158(d)(2) and Federal Rule of Bankruptcy Procedure 8001(f), of the *Order Regarding Allocation Disputes*, dated April 9, 2012 [D.I. 11338] (the "Allocation Order"), as incorporated in the *Order Confirming Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by The Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A.*, dated July 23, 2012 [D.I. 12074] (the "Confirmation Order"). In support of the Motion, EGI-TRB respectfully represents as follows:

**PRELIMINARY STATEMENT**

1.   EGI-TRB is appealing this Court's interpretation of EGI-TRB's subordination agreement and its ruling that EGI-TRB's claims against Tribune Company's bankruptcy estate are subordinated to nearly all other creditors' claims.

2.   This appeal concerns pure issues of law and so is appropriate for direct appeal. *See* 28 U.S.C. § 158(d)(2)(A). In addition, the appealed issue is one on which there is no binding

135030.01600/40202692v.2

Circuit-level authority: whether an agreement that subordinates a creditor's claims solely as to "assets of the Company" also applies to proceeds of avoidance actions – causes of action which do not belong to "the Company" and whose proceeds go to the Company's creditors directly. The appealed issue is also one on which courts can disagree; indeed, when analyzing the PHONES subordination agreement, this Court initially held that chapter 5 avoidance recoveries are outside the scope of a subordination agreement that applies to only "assets of the Company," though the Court ultimately vacated that opinion.

3. Moreover, EGI-TRB's appeal is substantially related to the appeal taken by the Law Debenture Trust Company of New York and Deutsche Bank Trust Company Americas (collectively, "Law Debenture"). In its appeal, Law Debenture challenges this Court's ruling that (in Law Debenture's words) "Section 1129(b)(1) of the Bankruptcy Code neither requires that a plan not unfairly discriminate prior to giving effect to the party contractual rights embodied in a subordination agreement, nor does that provision require a plan to implement fully any such subordination agreement (the "Unfair Discrimination Issue"). [D.I. 12084] (the "Law Debenture Certification Motion"). Law Debenture argues that it is the beneficiary of both the EGI-TRB subordination agreement and the PHONES subordination agreement, and that, pursuant to those agreements, Law Debenture must receive all of the distributions that EGI-TRB or the PHONES would otherwise be entitled to receive. [*See* Law Debenture Certification Motion at 9-19.]

4. Law Debenture further contends that this Court erred in determining that the so-called "SWAP Claim" falls within the definition of "Senior Obligations" under the EGI-TRB subordination agreement. [*See* Law Debenture Certification Motion at 9-19.]

5. The Law Debenture and EGI-TRB appeals thus both involve the interpretation and application of the EGI-TRB subordination agreement. In the event that this Court grants the Law Debenture Certification Motion, this Court should also certify EGI-TRB's appeal directly to the Third Circuit, so that the Third Circuit may resolve overlapping issues in a single appeal. Granting EGI-TRB's Motion will materially advance the resolution of the case and pending appeals concerning the Confirmation Order. *See In re SemCrude, L.P.*, 407 B.R. 82 (Bankr. D. Del. 2009) (certifying appeal directly to the Third Circuit because it would materially advance the resolution of the bankruptcy case).

## FACTUAL BACKGROUND

6. On January 24, 2012, this Court entered an Order identifying several disputes between the parties concerning the allocation of distributions in light of the terms of the EGI-TRB notes, the PHONES notes, and the subordination terms applicable to each instrument.

7. EGI-TRB argued, among other things, that the Article III distributions had to be adjusted to distribute to EGI-TRB a *pro rata* and unsubordinated share of (a) Settlement proceeds and (b) recoveries from actions brought by the Litigation Trust or the Creditors' Trust. *First*, the Settlement proceeds that make up the Article III distributions are not "assets of the Company" – which are the only payments subject to the EGI-TRB subordination agreement. Rather, the Settlement proceeds consist of $120 million of disgorgement proceeds and $400 million of distributions that senior lenders would otherwise be entitled to receive but have agreed to forego in exchange for a release of avoidance claims related to Steps One and Two of the leveraged buy-out. These amounts are necessarily funds that the senior lenders are paying to be released from chapter 5 avoidance claims because this Court (and the Examiner) found that the *only* claims against the settling parties that had a reasonable possibility of success were the

3

chapter 5 avoidance claims against them.  Because chapter 5 avoidance recoveries are not "assets of the Company" pursuant to the Third Circuit's decision, *Official Committee of Unsecured Creditors of Cybergenics Corp. v. Chinery (In re Cybergenics Corp.)*, 226 F.3d 237 (3d Cir. 2000), the Settlement proceeds do not fall with the scope of EGI-TRB's subordination agreement.

8.  *Second*, the Litigation Trust will be funded through the pursuit of chapter 5 avoidance actions and, because proceeds from such actions are not "assets of the Company," distributions from the Litigation Trust also do not fall within EGI-TRB's subordination agreement.

9.  On April 9, 2012, this Court rejected EGI-TRB's arguments and held that EGI-TRB's claims are subordinated as to Settlement proceeds and distributions from the Litigation Trust.  [*See Memorandum Regarding Allocation Disputes*, dated April 9, 2012 [D.I. 11337] (the "Allocation Memorandum").]   Specifically, this Court held that chapter 5 avoidance action recoveries are encompassed by the scope of the EGI-TRB subordination agreement.  [*Id*. at 42-48.]  The Allocation Memorandum was incorporated into the Allocation Order, and this Court's holdings with respect to the subordination issues were implemented in the subsequently-filed *Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by The Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A.*, dated July 23, 2012 [D.I. 11836] (the "Plan").

10.  EGI-TRB objected to the Plan because it improperly subordinated EGI-TRB's claims with respect to Settlement proceeds, Litigation Trust distributions, and other distributions of chapter 5 avoidance action recoveries.


11. This Court overruled EGI-TRB's Plan objections in its *Memorandum Overruling Objections To Confirmation Of The Fourth Amended Plan of Reorganization For Tribune Company And Its Subsidiaries And Denying Clarification Motion And Order Overruling Plan Objections And Denying The Clarification Motion,* dated July 13, 2012 [D.I. 12033] (the "Confirmation Memorandum") and accompanying Confirmation Order.

12. EGI-TRB filed a notice of appeal of the Confirmation Order on August 3, 2012 [D.I. 12177.]

## JURISDICTION AND VENUE

13. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## APPELLATE ISSUE PRESENTED

14. EGI-TRB's appeal raises, without limitation, the following issue: whether this Court erred in confirming the Plan because the Plan improperly subordinates EGI-TRB's claims as to proceeds from chapter 5 avoidance actions and other third-party recoveries.

## RELIEF REQUESTED

15. EGI-TRB respectfully requests entry of an Order, pursuant to 28 U.S.C. § 158(d)(2) and Bankruptcy Rule 8001(f), certifying its appeal of the Confirmation Order for direct appeal to the Third Circuit.

## ARGUMENT

16. Pursuant to 28 U.S.C. § 158(d), this Court must certify a direct appeal to the Third Circuit if any of the following circumstances exist:

(i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, *or* involves a matter of public importance;

(ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; *or*

(iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;

28 U.S.C. § 158(d)(2)(A) (emphasis added).

17. Congress enacted this procedure to address problems related to the "time and cost factors attendant to the [prior] appellate system. . . ." H.R. Rep. No. 109-31, pt. 1, at 148 (2005) *reprinted in* 2005 U.S.C.C.A.N. 88, 206. To that end, each of § 158(d)(2)(A)'s three prongs represents an independent, mandatory ground upon which to grant certification. *See* 28 U.S.C. § 158(d)(2)(B) ("If the court determines that a circumstances specified in clause (i), (ii) or (iii) of subparagraph (A) exists . . . then the court shall make the certification. . . ."); *Simon & Schuster, Inv. v. Advanced Mktg. Servs. (In re Advanced Mktg. Servs.)*, 360 B.R. 429, 433 (Bankr. D. Del. 2007).

18. Only one of the circumstances under section 158(d) must exist to mandate certification. EGI-TRB respectfully submits that at least two of the circumstances exist.

19. *First*, should this Court certify Law Debenture's appeal directly to the Third Circuit, also certifying EGI-TRB's appeal will "materially advance the progress of the case or proceeding in which the appeal is taken." As discussed above, both appeals will require a court to interpret and apply the terms of the EGI-TRB subordination agreement, including specifically what debts qualify as "Senior Obligations" under that agreement. It will save both the judiciary's resources and the parties' resources to resolve both appeals in a single forum – indeed, the Debtors and their fellow plan proponents are the appellees in both appeals – than for two courts to simultaneously but separately consider such overlapping issues.

6

20. *Second*, EGI-TRB's appeal raises "a question of law requiring resolution of conflicting decisions." As this Court recognized in its initial opinion on confirmation, the Third Circuit's *Cybergenics* opinion holds that chapter 5 avoidance actions are not "assets of the Company" or "assets of the Debtor" because such claims belong either to creditors or to the Company bankruptcy estate – in no instance could the prepetition Company assert avoidance actions. *Cybergenics* leads to the conclusion that avoidance action proceeds also cannot be "assets of the Company" and are thus outside the scope of the EGI-TRB subordination agreement.

21. In its Allocation Memorandum, however, this Court determined that ownership of the avoidance actions was not outcome-determinative and that, pursuant to *In re PWS Holding Corp.*, 303 F.3d 308 (3d Cir. 2002), the focus should be on the overall purpose of fraudulent transfer laws and subordination agreement. This Court ruled that avoidance action recoveries will be estate property and that distributions of estate property are distribution "by or on behalf of the Company," thus falling within the terms of the EGI-TRB subordination agreement.

22. EGI-TRB's appeal asks which opinion – *Cybergenics* or *PWS Holding* – applies to the EGI-TRB subordination agreement and distributions from the Litigation Trust (which is not the same as distributions from the estate), and EGI-TRB's appeal therefore raises an issue of law on which there are conflicting decisions.

23. Regardless of whether all issues that may be raised in its appeal warrant certification, at least the foregoing issue does require certification. Accordingly, certification of EGI-TRB's appeal directly to the Third Circuit is appropriate under 28 U.S.C. § 158(d)(2)(A).

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, EGI-TRB respectfully requests that this Court (a) certify EGI-TRB's appeal directly to the Third Circuit, and (b) grant such other relief as may be equitable or just.

Dated: August 6, 2012                                        Respectfully submitted,

BLANK ROME LLP

By: /s/ *David W. Carickhoff*
David W. Carickhoff (DE No. 3715)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464

   and

JENNER & BLOCK LLP
David J. Bradford (admitted *pro hac vice)*
Catherine L. Steege (admitted *pro hac vice*)
353 N. Clark St.
Chicago, IL 60654
Telephone: (312) 222-9350
Facsimile: (312) 527-04844

*Counsel for EGI-TRB, LLC*