# EXHIBIT D

# BOURGON DECLARATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## DECLARATION OF MICHAEL BOURGON IN SUPPORT OF DEBTORS' FIFTY-SEVENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS

I, Michael Bourgon, declare as follows:

1. I am Vice President, Human Resources of Tribune Company ("Tribune"), one of the debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and, collectively, the "Debtors"), and the ultimate parent of the other Debtors. In this position, I am responsible for the implementation, management, and oversight of the Debtors' employment-related policies and programs.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

2.  I have read the Debtors' Fifty-Seventh Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 (the "Objection")[2] and am directly, or by and through the Debtors' personnel and advisors, familiar with the information contained therein and the Exhibits attached thereto. I am authorized to submit this declaration (the "Declaration") in support of the Objection.

3.  All matters set forth in this Declaration are based on: (a) my personal knowledge, (b) my review of relevant documents, (c) my view, based on my experience and knowledge of the Debtors' operations and personnel, (d) information supplied to me by others at the Debtors' request, or (e) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance on the advice of counsel or other advisors to the Debtors. If called upon to testify, I could and would testify competently to the facts set forth herein.

4.  I am familiar with the Debtors' employee benefit plans and programs, including the Tribune Company Cash Balance Pension Plan (formerly known as the "Times Mirror Pension Plan") (the "Pension Plan"), the Tribune Company 401(k) Savings Plan (the "401(k) Plan"), the Tribune Company Benefits Program, the Defined Contribution Retirement Plan, and the other tax-qualified multi-employer pension and welfare plans and union pension plans in which the Debtors participate.

5.  Considerable time and resources have been expended to review and reconcile the proofs of claim (the "Proofs of Claim") filed against the Debtors in these chapter 11 cases. Upon review of the Proofs of Claim filed in these chapter 11 cases and supporting documentation attached thereto, the Debtors have determined that the claims listed on Exhibit A,

---

[2] All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Objection.

2

Exhibit B, and Exhibit C to the Objection and to the proposed form of order are not properly asserted pursuant to section 502(b) and 558 of the Bankruptcy Code, Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure, Local Rule 3007-1, and applicable orders of the Bankruptcy Court.

### A. Assumed Employee Benefit Plan Claims

6. To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, the claims identified on Exhibit A are claims that for which Debtors have determined, after reconciling each of the Proofs of Claim and supporting materials against (i) their books and records and (ii) the terms of the applicable employee benefit plans and programs, they have no liability, based on the proposed assumption of each of the Employee Benefit Plans to which such claims relate, pursuant to the terms of the confirmed Plan. I have reviewed each of the Assumed Employee Benefit Plan Claims, and have determined that of the 259 Assumed Employee Benefit Plan Claims, approximately 239 claims relate to the Pension Plan and/or the 401(k) Plan, in whole or in part, and the remaining 20 claims relate to the Tribune Company Benefits Program, the Defined Contribution Retirement Plan, or the multi-employer pension and welfare plans in which the Debtors participate.

7. The Debtors believe that such claims were filed by each of the respective claimants on a protective basis, in the event that the Debtors elected to terminate the applicable Employee Benefit Plans and deprive the claimants of the benefits to which they are entitled under such Employee Benefit Plans. However, the Debtors have not elected to terminate any of the applicable Employee Benefit Plans. The Employee Benefit Plans to which each of the claims listed on Exhibit A relate will instead be assumed pursuant to the Debtors' confirmed Plan, when such Plan becomes effective.

8.  The payment of retirement and/or health and welfare benefits to participants in the Debtors' Employee Benefit Plans has not been interrupted or affected by the Debtors' chapter 11 bankruptcy proceedings. None of the Employee Benefit Plans is a Debtor in these chapter 11 cases. The benefits paid to participants and beneficiaries by the Pension Plan and the 401(k) Plan, as to which most of the Assumed Employee Benefit Plans relate, are paid through a tax-qualified trust that is not under the Debtors' control. I have been advised that the assets of the Pension Plan and the 401(k) Plan are not assets of the Debtors' estates. Thus, eligible claims for pension benefits based on an employment relationship with the Debtors have been and will continue to be paid by the Pension Plan and the 401(k) Plan, not by any of the Debtors. The same is true for claims arising under others of the Debtors' Employee Benefit Plans, i.e., amounts due to the claimants, if any, on account of retirement and/or health and welfare benefits to which they are entitled under the applicable Employee Benefit Plans will continue to be paid by the applicable Employee Benefit Plan after the effective date of the confirmed Plan.

9.  For these reasons, the Debtors believe, and I agree, that each of the Assumed Employee Benefit Plan Claims should be expunged as of the effective date of the Plan, upon the assumption of the applicable Employee Benefit Plans.

**B. No Liability Benefit Continuation Claims**

10. To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, the claims identified on Exhibit B are claims that for which Debtors have determined, after reconciling each of the Proofs of Claim and supporting materials against (i) their books and records and (ii) the terms of the applicable employee benefit plans and programs, they have no liability, and that the documentation provided in support of the

4

claims does not alter this conclusion by the Debtors. The Debtors believe their books and records to be accurate, and have objected to the No Liability Benefit Continuation Claims for the specific reasons specified on Exhibit B to the Objection.

11. Specifically, thirteen (13) of the No Liability Benefit Continuation Claims listed on Exhibit B to the Objection were filed on account of certain amounts that were listed on the Schedules by Debtors The Morning Call, Inc. and The Hartford Courant Company, solely relating to internal accounting accruals for benefits continuation for former employees who had been severed by those Debtors. To the extent those former employees were eligible for and elected to receive benefit continuation pursuant to (i) the Consolidated Omnibus Budget Reconciliation Act ("COBRA")[3] or (ii) a contractual separation agreement, those benefits were provided to former employees in the ordinary course of business, provided that the claimants paid the applicable premiums, as authorized by the Court. To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, the continuation period provided for under COBRA and/or any contractual separation agreements has now expired, and accordingly no further amounts are due and owing to the claimants on account of these claims by any Debtor.

12. The other six (6) of the No Liability Benefit Continuation Claims listed on Exhibit B hereto pertain to the continuation of certain medical and dental benefits that the claimants were entitled to receive under contractual separation agreements entered into by the claimants and the applicable employer Debtor (i.e., not pursuant to COBRA). The continuation of those benefits was authorized by the Court, and each of the claimants continued to receive the

---

[3] COBRA mandates that employers provide their former employees with the opportunity to receive continued benefits following termination, for a prescribed period of time. The costs associated with continued benefits provided pursuant to COBRA are borne by the former employees. Thus, to the extent that the claimants were entitled to receive continued benefits pursuant to COBRA, the Debtors' obligation was limited to providing benefits, and not premium contributions or other payments to the claimants.

medical and dental benefits to which they were entitled for the full term provided in their separation agreements (as long as they paid their share of the premiums). To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, the continuation period provided in each of those separation agreements has now expired, and accordingly no further amounts are due and owing to the claimants on account of these claims by any Debtor.

**C. No Liability Employee Claims**

13. To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, the claims identified on <u>Exhibit C</u> are claims that for which Debtors have determined, after reconciling each of the Proofs of Claim and supporting materials against (i) their books and records and (ii) the terms of the applicable employee benefit plans and programs, they have no liability, and that the documentation provided in support of the claims does not alter this conclusion by the Debtors. The Debtors believe their books and records to be accurate, and have objected to the No Liability Employee Claims for the specific reasons specified on <u>Exhibit C</u> to the Objection.

14. Specifically, the Debtors' reasons for objecting to the No Liability Employee Claims fall into one or more of the following general categories: (i) the claim is, on its face, a substantive duplicate of one or more other claims filed by or on behalf of the same claimant in respect of the same liabilities; (ii) the claim was filed on account of benefits under one or more of the Debtors' Employee Benefit Plans, and the claimants either (a) received all benefits to which they were entitled, or (b) were not entitled to receive benefits under the applicable terms of the Employee Benefit Plans; and/or (iii) the claim was filed for wages or

other compensation, and the Debtors' records indicate all amounts due to the creditor have been paid, and no further amounts are due and owing.

[Remainder of Page Intentionally Left Blank]

8

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of August 2012.

_____
By: Michael Bourgon