**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>                       Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Hearing Date: September 5, 2012 at 1:00 p.m. ET<br>Response Deadline: August 29, 2012 at 4:00 p.m. ET |

**DEBTORS' FIFTY-EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS
PURSUANT TO SECTIONS 502(b) AND 558 OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3001, 3003 AND 3007, AND LOCAL RULE 3007-1**

**("NO LIABILITY TAX CLAIMS")**

> Claimants receiving this objection should locate their name(s) and claim number(s) on **Exhibit A** to this Objection. The grounds for the Objection are set forth herein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1

> **The relief sought herein is without prejudice to the Debtors' rights to pursue further substantive or non-substantive objections to the claims listed on Exhibit A to this Objection.**

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and, collectively, the "Debtors"), by and through their undersigned counsel, submit this fifty-eighth omnibus objection (the "Objection") to certain tax-related claims filed against the Debtors for which no liability is reflected in the Debtors' books and records (collectively, the "No Liability Tax Claims"). The No Liability Tax Claims, each filed by state taxing authorities, are set forth on Exhibit A attached hereto and to the proposed order submitted herewith, and this Objection is submitted pursuant to Sections 502(b) and 558 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3001, 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). By this Objection, the Debtors request the entry of an order disallowing and expunging the No Liability Tax Claims as indicated in further detail below. In support of this Objection, the Debtors rely on the Declaration of John Rodden, Vice President of Tribune Company (the "Rodden Declaration"), attached hereto as Exhibit B. In further support of the Objection, the Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1.   On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 110 entities.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). [Docket Nos. 43, 2333].

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors in the Debtors' chapter 11 cases (the "Committee").

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1.

**FACTUAL BACKGROUND TO THE DEBTORS' CLAIMS PROCESS**

6. On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs (Docket Nos. 567-789), which were subsequently amended on April 13, 2009 (Docket Nos. 894-957), June 12, 2009 (Docket Nos. 1343-1453), March 2, 2010 (Docket Nos. 3548-3599), May 13, 2010 (Docket No. 4388), and January 28, 2011 (Docket Nos. 7661-7671) (collectively, the "Schedules").[3]

---

[3] Tribune CNLBC, LLC filed its schedules of assets and liabilities and statements of financial affairs on October 12, 2009 (CNLBC Docket Nos. 8 and 9), which were subsequently amended on December 9, 2009 (Docket No. 2779), May 13, 2010 (Docket No 4389), and January 28, 2011 (Docket No. 7665).

3

46429/0001-8748184V1

7.   On March 25, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date.

8.   Written notice of the Bar Date was mailed to, among others, all known creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order. In addition to mailing such actual notice, the Debtors also published notice of the Bar Date in the National Editions of the Wall Street Journal and the New York Times and in the Chicago Tribune and Los Angeles Times on May 12, 2009.

9.   To date, approximately 7,136 Proofs of Claim have been filed in these chapter 11 cases. The Proofs of Claim are recorded on the official claims register (the "Claims Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

**RELIEF REQUESTED**

10.   By this Objection, the Debtors seek entry of an order, pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1, disallowing and expunging in their entirety each of the No Liability Tax Claims identified on Exhibit A on the basis that, after reconciling each of the No Liability Tax Claims and supporting materials against their books and records, the Debtors have determined that they are not liable with respect to the claims identified on Exhibit A. Failure to disallow the No Liability Tax Claims would result in the applicable claimants receiving an unwarranted recovery against the Debtors' estates, to the detriment of other creditors in these cases.

46429/0001-8748184V1

## BASIS FOR OBJECTION

I.  **General Basis for Objection**

11. Section 502(b) of the Bankruptcy Code provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1). Section 502(b)(1) recognizes the settled principle that "[c]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450-51 (2007) (citing Raleigh v. Illinois Dep't of Revenue, 530 U.S. 15, 20 (2000)). A claim against the bankruptcy estate, therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be enforceable against the debtor outside of bankruptcy." In re Combustion Eng'g, Inc., 391 F.3d 190, 245 (3d Cir. 2004). In proceedings to determine whether a claim is enforceable against the estate, "[t]he estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses" pursuant to section 558 of the Bankruptcy Code. See 11 U.S.C. § 558.

12. In connection with their review of all Proofs of Claim filed to date against the Debtors' estates, the Debtors have identified four (4) claims, in the aggregate amount of approximately $424,657.92, as No Liability Tax Claims. The Debtors have diligently reviewed their books and records and believe that they are not liable for the No Liability Tax Claims because the Debtors' books and records, which the Debtors believe to be accurate, do not reflect

5

that any prepetition amounts are due and owing on account of the No Liability Tax Claims set forth on <u>Exhibit A</u> for the reasons discussed below and specified on <u>Exhibit A</u> for each respective claim. The Debtors have exhausted all options available to them to consensually resolve the No Liability Tax Claims with the respective taxing authorities. After requesting additional information respecting each of the No Liability Tax Claims, and not receiving sufficient information necessary to agree to the claims, the Debtors filed this Objection.

13. Accordingly, the Debtors object to the allowance of each of the No Liability Tax Claims and request that such No Liability Tax Claims be disallowed in their entirety and expunged. The Debtors also request that the Court authorize the Claims Agent to expunge the No Liability Tax Claims from the Claims Register as sought by this Objection so that the Claims Register reflects more accurately the claims legitimately asserted and outstanding against the Debtors.

**II.     Basis for Objections to Specific No Liability Tax Claims**

A.     <u>Florida Department of Revenue Claims</u>

14. Claim number 707 was asserted by claimant State of Florida Department of Revenue ("<u>Florida</u>") against Debtor Orlando Sentinel Communications Company ("<u>Orlando Sentinel</u>") in the amount of $259,977.94 (the "<u>Orlando Sentinel Claim</u>"). Claim number 6640 was asserted by Florida against Debtor Sun-Sentinel Company ("<u>Sun-Sentinel</u>") in the amount of $161,743.97 (the "<u>Sun-Sentinel Claim</u>"). Both the Orlando Sentinel Claim and the Sun-Sentinel Claim (collectively, the "<u>FL Claims</u>") were based on allegedly outstanding sales and use taxes, though no actual tax notices were included with the FL Claims. Sun-Sentinel and Orlando Sentinel engaged in negotiations with Florida, including an audit, to resolve the allegedly outstanding sales and use taxes and to arrive at definitive amounts, as the FL Claim amounts appeared to be estimates. <u>See</u> Rodden Declaration at ¶ 5. Following initial reductions of the

6

sales and use taxes as a result of the audit by Florida, the Debtors took advantage of tax amnesty agreements which further reduced the sales and use taxes for the periods covered by the FL Claims. Id. Orlando Sentinel then paid the proper tax assessment, per a current tax notice from Florida, for the period covered by the Orlando Sentinel Claim on September 16, 2010 via check numbers 2615526 and 2615527. Id. Further, as a result of application of a previous refund owed to the Sun-Sentinel by Florida to the current tax notice, Sun-Sentinel no longer owed any payment on the proper tax assessment for the period covered by the Sun-Sentinel Claim. Id. Accordingly, Orlando Sentinel and the Sun-Sentinel have fully satisfied the FL Claims applicable to them, and have no further liability respecting the FL Claims.

  B.  <u>Pennsylvania Department of Revenue Claim</u>

  15.  Claim number 6783 was asserted by claimant Commonwealth of Pennsylvania Department of Revenue ("<u>Pennsylvania</u>") in the amount of $2,003.00 (the "<u>PA Claim</u>"). The PA Claim does not identify any basis for the claim apart from a statement that it is for "foreign franchise" taxes, and appears to include interest and penalties in addition to the principal amount of the claim. Upon review of their books and records, the Debtors surmise – notwithstanding the statements on the face of the PA Claim – that the PA Claim actually relates to a capital stock tax that Pennsylvania alleges is owed by Debtor Direct Mail Associates, Inc. ("<u>DMA</u>") for tax year 2009 (the "<u>2009 Tax</u>"). See Rodden Declaration at ¶ 6. However, DMA paid the 2009 Tax on March 20, 2012 via trace number 021000025183760. Id. Therefore the Debtors have already satisfied the liabilities that appear to be covered by the PA Claim.

  16.  The Debtors requested that Pennsylvania withdraw the PA Claim; however, that request was denied. Id. To the extent that the PA Claim is alleged by Pennsylvania to relate to some tax liability allegedly unpaid by DMA other than the capital stock tax described

7

above, such liability is not reflected in the Debtors' books and records, and the Debtors are otherwise unaware of such liability or any basis therefor. Id. Accordingly, the Debtors object to any such claim on the grounds that the Debtors have no liability for such claim.

    C.    Wisconsin Department of Revenue Claim

    17.    Claim number 3393 was asserted by claimant State of Wisconsin Department of Revenue ("Wisconsin") in the amount of $933.01 (the "WI Claim") against Debtor Tribune Media Services, Inc. ("TMS"). The WI Claim seeks payment of two alleged sales and use tax obligations that were asserted to have arisen in March 2009 and April 2009 (the "WI Taxes") in the amounts of $104.33 and $828.68, respectively. Prior to the filing of the WI Claim, TMS received invoices from Wisconsin requesting payment for the WI Taxes in the amounts of $94.33 and $818.68. TMS responded to these invoices with payments of such amounts in full by check number 2452662 on May 18, 2009 and check number 2457799 on May 18, 2009. See Rodden Declaration at ¶ 7. Wisconsin has provided no support for the difference between the amount asserted in the WI Claim and the amounts paid by TMS in May 2009. Id. As the Debtors have previously remitted payment on account of the WI Taxes, the WI Claim has been satisfied and, accordingly, further payment thereon should not be required.

## RESERVATION OF RIGHTS

    18.    The Debtors hereby reserve their right to amend, modify, and/or supplement this Objection at any time prior to the hearing on this Objection. The Debtors further reserve their right to adjourn the hearing on this Objection as it pertains to any or all of the Disputed Claims. In the event that the Debtors so adjourn the hearing, they will state that the hearing on the Objection and/or any response filed in connection therewith and/or all applicable deadlines for responsive pleadings have been adjourned on the agenda for the hearing, which agenda will be served on any party affected by such adjournment.

46429/0001-8748184V1

## NOTICE

19. Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the administrative agents for Tribune's prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' postpetition financing facility; (v) the claimants listed on <u>Exhibit A</u>; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

20. No previous application for the relief sought herein has been made to this Court or to any other court.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1, (i) disallowing in full and expunging the No Liability Tax Claims as set forth on <u>Exhibit A</u>; (ii) directing the Claims Agent to expunge the No Liability Tax Claims from the Claims Register; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware  
      August 6, 2012

Respectfully submitted,

SIDLEY AUSTIN LLP  
Bryan Krakauer  
Kenneth P. Kansa  
Jillian K. Ludwig  
Michael T. Gustafson  
One South Dearborn Street  
Chicago, Illinois 60603  
Telephone: (312) 853-7000  
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,  
FORMAN & LEONARD, P.A.

By: _____  
Norman L. Pernick (No. 2290)  
J. Kate Stickles (No. 2917)  
Patrick J. Reilley (No. 4451)  
500 Delaware Avenue, Suite 1410  
Wilmington, Delaware 19801  
Telephone: (302) 652-3131  
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND  
DEBTORS IN POSSESSION

46429/0001-8748184V1