# EXHIBIT B

## Rodden Declaration

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## DECLARATION OF JOHN RODDEN IN SUPPORT OF DEBTORS' FIFTY-EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS

I, John Rodden, declare as follows:

1.  I am a Vice President of Tribune Company, one of the debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), and the ultimate parent of the other Debtors. In this position I am responsible—together with other members of the Debtors' management—for the management and oversight of the Debtors' restructuring efforts and business operations. I am generally familiar with the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Debtors' day-to-day operations, financing arrangements, business affairs and books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amount thereof owed to their creditors.

2. I have read the Debtors' Fifty-Eighth Omnibus (Substantive) Objection to Claims Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007-1, and Local Rule 3007-1 (the "Objection")[2] and am directly, or by and through the Debtors' personnel and advisors, familiar with the information contained therein and the Exhibit attached thereto. I am authorized to submit this declaration (the "Declaration") in support of the Objection.

3. All matters set forth in this Declaration are based on: (a) my personal knowledge, (b) my review of relevant documents, (c) my view, based on my experience and knowledge of the Debtors' operations and personnel, (d) information supplied to me by others at the Debtors' request, or (e) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance on the advice of counsel or other advisors to the Debtors. If called upon to testify, I could and would testify competently to the facts set forth herein.

4. Considerable time and resources have been expended to review and reconcile the proofs of claim ("Proofs of Claim") filed against the Debtors in these chapter 11 cases. Upon review of the Proofs of Claim filed in these chapter 11 cases and supporting documentation attached thereto, the Debtors have determined that they have no liability for the Proofs of Claim listed on Exhibit A to the Objection and to the proposed form of order.

5. Sun-Sentinel and Orlando Sentinel engaged in negotiations with Florida, including an audit, to resolve the allegedly outstanding sales and use taxes and to arrive at definitive amounts. Following initial reductions of the sales and use taxes as a result of the audit

---

[2] All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Objection.

2

by Florida, the Debtors took advantage of tax amnesty agreements which further reduced the sales and use taxes for the periods covered by the FL Claims. Orlando Sentinel then paid the proper tax assessment, per a current tax notice from Florida, for the period covered by the Orlando Sentinel Claim on September 16, 2010 via check numbers 2615526 and 2615527. Further, as a result of application of a previous refund owed to the Sun-Sentinel by Florida to the current tax notice, Sun-Sentinel no longer owed any payment on the proper tax assessment for the period covered by the Sun-Sentinel Claim. The Debtors have made repeated attempts to contact Florida in hopes of achieving a consensual withdrawal of the FL Claims; however, Florida has not responded to these requests.

6. With respect to the PA Claim, upon review of their books and records, the Debtors surmise that – notwithstanding the statements on the face of the PA Claim – the PA Claim actually relates to a capital stock tax that Pennsylvania alleges is owed by Debtor Direct Mail Associates, Inc. ("DMA") for tax year 2009. The Debtors have determined that debtor DMA's payment to claimant Pennsylvania on March 20,. 2012 via trace number 0210000025183760 fully satisfied any liability owed to Pennsylvania on account of this claim. The Debtors have requested that Pennsylvania withdraw the PA Claim; however, that request was denied. To the extent that the PA Claim is alleged by Pennsylvania to relate to some tax liability allegedly unpaid by DMA other than the capital stock tax described above, such liability is not reflected in the Debtors' books and records, and the Debtors are otherwise unaware of such liability or any basis therefor.

7. The last claim covered by the Objection is the WI Claim. Prior to the filing of the WI Claim, TMS received invoices from Wisconsin requesting payment for the WI Taxes in the amounts of $94.33 and $818.68. TMS responded to these invoices with payments of

such amounts in full by check number 2452662 on May 18, 2009 and check number 2457799 on May 18, 2009. Wisconsin has provided no support for the difference between the amount asserted in the WI Claim and the amounts paid by TMS in May 2009.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of August 2012

By: John Rodden