IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:                                    :
                                          : Chapter 11
TRIBUNE COMPANY, et al.,                  :
                                          : Case No. 08-13141 (KJC)
            Debtors.                      :
                                          : (Jointly Administered)
                                          :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**LAW DEBENTURE TRUST COMPANY OF NEW YORK AND DEUTSCHE BANK TRUST COMPANY AMERICAS' MOTION PURSUANT TO RULE 9006 OF FEDERAL RULES OF BANKRUPTCY PROCEDURE TO ENLARGE TIME TO FILE RECORD AND ISSUES ON APPEAL**

Law Debenture Trust Company of New York ("Law Debenture"), as successor indenture trustee under that certain Indenture dated March 19, 1996 between Tribune Company (with its debtor subsidiaries, "Tribune" or the "Debtors") (successor to The Times Mirror Company) and Citibank, N.A. (as amended, the "1996 Indenture"), and Deutsche Bank Trust Company Americas ("DBTCA" and together with Law Debenture, the "Appellants"), successor trustee under (i) that certain indenture dated March 1, 1992, by and between Tribune and Continental Bank, N.A. (as amended, the "1992 Indenture"); (ii) that certain indenture dated January 30, 1995, by and between Tribune and First Interstate Bank of California (as amended, the "1995 Indenture"); and (iii) that certain indenture dated January 1, 1997, by and between Tribune and Bank of Montreal Trust Company (as amended, the "1997 Indenture," and together with the 1992 Indenture, the 1995 Indenture, and the 1996 Indenture, the "Senior Indentures" and the notes and holders of notes issued pursuant to the Senior Indentures, respectively, the "Senior Notes" and "Senior Noteholders"), by their undersigned counsel, hereby move this Court (the "Motion") pursuant to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") and Rules 9006-1(a) and 9006-2 of the Local Rules of the Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order enlarging the period of time within which the Appellants are required to file their record and issues on appeal (the "Record") pursuant to Bankruptcy Rule 8006.  In support of their Motion, Appellants respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1134.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On July 23, 2012, Appellants filed their *Notice Of Appeal* (the "Notice of Appeal") with respect to the *Order Confirming Fourth Amended Joint Plan Of Reorganization For Tribune Company And Its Subsidiaries Proposed By The Debtors, The Official Committee Of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. And JPMorgan Chase Bank, N.A.*, dated July 23, 2012 [Dkt. No. 12074] (the "Confirmation Order").

3. Immediately subsequent to filing the Notice of Appeal, Appellants filed the *Motion For Stay Pending Appeal Of Confirmation Order*, dated July 23, 2012 [Dkt. No. 12085] (the "Stay Motion") and *Motion Pursuant To 28 U.S.C. § 158(d)(2) And Fed. R. Bankr. P. 8001(f) Requesting Certification Of Direct Appeal To United States Court Of Appeals For Third Circuit Of The Unfair Discrimination Issue In The Allocation Disputes Order As Incorporated In The Order And Memorandum Opinion On Confirmation*, dated July 23, 2012 [Dkt. No. 12084] (the "Certification Motion").

4. On July 25, 2012, the Court held a status conference to determine, in part, when it

would hear the Stay Motion and Certification Motion. In scheduling a hearing for August 17, 2012, the Court expressed its desire to coordinate the multiple appeals of the Confirmation Order.

## RELIEF REQUESTED

5. Appellants respectfully request an order, substantially in the form attached hereto as Exhibit A, pursuant to Bankruptcy Rule 9006(b)(1) and Local Rules 9006-1(a) and 9006-2, expanding the time within which the appellants may file the Record until one (1) business day following the Court's determination of the Stay Motion and Certification Motion.

## BASIS FOR RELIEF REQUESTED

6. Bankruptcy Rule 8006 requires "[w]ithin 14 days after filing the notice of appeal as provided by Rule 8001(a) . . . the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Based upon the fact that the Appellants filed the Notice of Appeal on July 23, 2012, the Record is due on August 6, 2012.

7. Bankruptcy Rule 9006(b)(1) provides, in pertinent part, that "when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of the court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed . . . ."

8. Appellants respectfully submit that exigent circumstances exist here to justify expanding the time to file the Record.

9. First, as it currently exists, the Record is voluminous. The Appellants submit that the additional time will allow it to coordinate the transmission of all of the documents it intends

to include in the record, including exhibits, to the Clerk of the Court in a manner that is most convenient and efficient.

10. Second, the Appellants believe that such an extension of time will foster the goal expressed by both the Court and the Debtors to coordinate as many aspects of the pending appeals of the Confirmation Order as possible. Indeed, the Debtors previously requested that the Court not expedite a hearing on the Stay Motion and the Certification Motion so that it could be coordinated with other motions related to other appeals of the Confirmation Order. Independently, the Court expressed its own desire to coordinate the procedural aspects related to the appeals of the Confirmation Order. This led to the Court's directive during the July 25 status conference that it will consider whether it should "*sua sponte* . . . certify the balance of the appeal to the Circuit if it decides that the Law Debenture, Deutsche Bank certifications should be granted." Hrg. Tr. 7/25/2012 at 20:24-21:2. Thus, if this Court extends the deadline to file the Record, it will provide more time for all parties to determine whether they are able to coordinate any or all of the pending appeals.

11. Given that the parties expect that the Court will determine the Stay Motion and the Certification Motion during the hearing on August 17, 2012, the Appellants are prepared to file the Record shortly after such orders are entered. Neither the Debtors nor any other party-in-interest are harmed by the requested extension which necessarily is independent of and unrelated to the Stay Motion. Accordingly, Appellants submit that the expanded time to file the Record is not unreasonable in light of the numerous complex components of the pending appeals.

## NOTICE

12. Appellants have provided notice of this Motion to counsel to: (a) the Debtors; (b) the Official Committee of Unsecured Creditors; (c) Wilmington Trust Company; (d) Aurelius

Capital Management, LP; (e) Brigade Capital Management, LLC; (f) Davidson Kempner Capital Management LLC; (g) Oaktree Capital Management, L.P.; (h) Angelo Gordon & Co., L.P.; (i) JPMorgan Chase Bank, NA; (j) Citadel Equity Fund, Ltd.; (k) Camden Asset Management LP; (l) EGI-TRB LLC; (m) TM Retirees; (n) Barclays Bank Plc; (o) Waterstone Capital Management L.P.; (p) certain directors and officers; and (q) the Office of the United States Trustee. Appellants respectfully submit that no further notice of the Motion is required.

### **NO PRIOR REQUEST**

13.     No prior request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, Appellants respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, pursuant to Bankruptcy Rule 9006(b)(1) and Local Rules 9006-1(a) and 9006-2, (a) expanding the time within which Appellants may file their record and issues on appeal until such time when the Stay Motion and Certification Motion are determined and (b) granting such other and further relief as the Court deems necessary and appropriate.

Dated: August 6, 2012
       Wilmington, Delaware

Respectfully submitted,

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

    David S. Rosner
    Sheron Korpus
    Christine A. Montenegro
    Matthew B. Stein
    1633 Broadway
    New York, New York 10019
    212-506-1700

BIFFERATO GENTILOTTI LLC

    /s/ *Garvan F. McDaniel*
Garvan F. McDaniel (I.D. No. 4167)
800 N. King Street, Plaza Level
Wilmington, Delaware 19801
302-429-1900

*Counsel for Law Debenture Trust Company of New York, solely in its capacity as successor Indenture Trustee for certain series of Senior Notes*

McCARTER & ENGLISH, LLP

    David J. Adler
    245 Park Avenue
    New York, New York 10167
    212-609-6800

McCARTER & ENGLISH, LLP

    /s/ *Katherine L. Mayer*
Katharine L. Mayer (I.D. No. 3758)
Renaissance Centre
405 N. King Street
Wilmington, Delaware 19801
302-984-6300

*Counsel for Deutsche Bank Trust Company Americas, solely in its capacity as successor Indenture Trustee for certain series of Senior Notes*