IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>TRIBUNE COMPANY, *et al.*,<br><br>Debtors. | ) <br> ) <br> ) Chapter 11 <br> ) Case No. 08-13141 (KJC) <br> ) Jointly Administered <br> ) <br> ) **Related to Docket No. 12203** <br> ) <br> ) |

### OBJECTION OF AURELIUS CAPITAL MANAGEMENT, LP TO THE DCL PLAN PROPONENTS' MOTION TO EXTEND TIME TO FILE DESIGNATION OF ADDITIONAL ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

Appellant Aurelius Capital Management, LP ("Aurelius"), on behalf of its managed entities, by and through its undersigned counsel, hereby objects to the Motion Pursuant to Fed. R. Bankr. P. 9006 and Local Rule 9006-2 to Extend Time for DCL Plan Proponents to File Designation of Additional Items to be Included in the Record on Appeal Pursuant to Fed. R. Bankr. P. 8006 [Docket No. 12203] (the "DCL Motion").[1] In support of this objection, Aurelius respectfully states as follows:[2]

1. On July 23, 2012—the day the Confirmation Order was entered—Aurelius filed a Notice of Appeal from the Confirmation Order [Docket No. 12077] and a Statement of Issues and Designation of Record on Appeal [Docket No. 12079]. Aurelius filed these documents at the earliest possible moment, in order to ensure that its appeal would be docketed and heard as soon as possible. The DCL Motion is a brazen and unfair delay tactic designed to prejudice Aurelius's appellate rights.

2. Pursuant to Federal Rule of Bankruptcy Procedure 8006, the DCL Plan

---

[1] Entities managed by Aurelius own a substantial amount of senior and subordinated notes issued by the Tribune Company ("Tribune"). Neither Aurelius nor any of its managed entities owe any fiduciary duties to any party in interest in these cases, nor is Aurelius or any of its managed entities an insider of Tribune or any of its affiliates.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the DCL Motion.

1

Proponents' designation of additional items to be included in the record on Aurelius's appeal and counterstatement of issues, if any, would have been due on August 7, 2012. By the DCL Motion, the DCL Plan Proponents request that their time to file this document be extended to a date that is seven days from the date that the last designation of record and statement of issues is filed. As noted in the DCL Motion, in addition to Aurelius, Wilmington Trust Company, EGI-TRB LLC, and Deutsche Bank Trust Company Americas and Law Debenture Trust Company of New York (the "Senior Note Indenture Trustees") have filed notices of appeal from the Confirmation Order. Wilmington Trust Company's and EGI-TRB LLC's designations of record and statements of issues are due on August 16 and 17, respectively, and the Senior Note Indenture Trustees have filed a motion with the Court requesting that their time to file a designation of record and statement of issues be extended so that it must be filed within one business day of the Court entering orders with respect to the Stay Motions and Certification Motions.

3. The relief sought by the DCL Plan Proponents should be denied. Pursuant to Federal Rules of Bankruptcy Procedure 8006 and 8007, Aurelius's appeal cannot be docketed in the district court until the DCL Plan Proponents file their additional designations and counterstatement of issues, if any. If the DCL Motion is granted, this filing will be delayed by *at least* 17 days, and will not be filed until August 24, *at the earliest*. And this date could be later if the Senior Note Indenture Trustees' Motion is granted.

4. This could delay briefing on Aurelius's appeal, which could be highly prejudicial to Aurelius if its motion for a stay of consummation of the DCL Plan is denied. As set forth in greater detail in Aurelius's Stay Motion, without a stay, the DCL Plan Proponents will undoubtedly consummate the DCL Plan as expeditiously as possible, and will then argue that

Aurelius's Appeal should be dismissed as equitably moot. While Aurelius disputes that equitable mootness would apply, in the absence of a stay, expedited briefing on the appeal will provide the best chance of ensuring that Aurelius's appeal— which raises important issues respecting the appropriate resolution of claims under Rule 9019 and the remedies available for ill-conceived leveraged buyouts—does not escape appellate review.[3]

5.   Given these circumstances, the DCL Plan Proponents should be ordered to file their response to Aurelius's designation of record and statement of issues forthwith. Aurelius filed this document expeditiously to minimize the risk that its appeal could be equitably mooted. Aurelius should not be deprived of the benefit of this course of action simply because other appellants chose another route. Multiple appeals from a confirmation order in a large and complex case such as this are hardly unique. If requiring debtors to file separate counterdesignations and counterstatements of issues for separate appeals imposed an undue burden on debtors as the DCL Plan Proponents contend, then the Federal Rules of Bankruptcy Procedure would provide for a single counterdesignation and counterstatement by appellees, running from the last filing by appellants. The rules do not so provide. To the contrary, they call for responses to be filed 14 days after each filing by appellants. The DCL Plan Proponents cite to no case in which this requirement was altered in the manner they request. Nor can the DCL Plan Proponents credibly argue that requiring them to comply with the rules causes undue hardship under the particular circumstances presented here, as the DCL Plan Proponents could reasonably have expected that Aurelius would appeal the Confirmation Order, and are certainly represented by sufficient counsel to enable them to file separate responses to each designation of record.

---

[3] As stated in Aurelius's Stay Motion, Aurelius intends to seek from the District Court an expedited briefing schedule and waiver of the mediation requirement set forth in the District Court's Standing Order dated July 23, 2004.

6. As this Court well knows, any delay of bankruptcy appeals could be highly prejudicial to appellants. There is no reason to deviate from Federal Rule of Bankruptcy Procedure 8006, which unambiguously requires that the DCL Plan Proponents respond to appellants' designations of record and statements of issues within fourteen days.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Aurelius respectfully requests that the Court deny the DCL Motion, and order the DCL Plan Proponents to file their designation of additional items to be included in the record on Aurelius's appeal and counterstatement of issues, if any, within one business day of the Court entering an order on the DCL Motion.

Dated: August 10, 2012
     Wilmington, Delaware

Respectfully submitted,

| | |
|---|---|
| AKIN GUMP STRAUSS HAUER & FELD LLP | ASHBY & GEDDES, P.A. |
| Daniel H. Golden | |
| David Zensky | /s/ |
| Philip C. Dublin | William P. Bowden (I.D. No. 2553) |
| Deborah Newman | Amanda M. Winfree (I.D. No. 4615) |
| One Bryant Park | Leigh-Anne M. Raport (I.D. No. 5055) |
| New York, NY 10036 | 500 Delaware Avenue, P.O. Box 1150 |
| (212) 872-1000 | Wilmington, DE 19899 |
| | (302) 654-1888 |

*Counsel for Aurelius Capital Management, LP*