## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: September 5, 2012 at 1:00 p.m. ET**<br>**Objection Deadline: August 29, 2012 at 4:00 p.m. ET** |

### APPLICATION FOR AN ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP AS SPECIAL COUNSEL FOR CERTAIN FINANCING MATTERS PURSUANT TO 11 U.S.C. §§ 327(e) AND 1107, *NUNC PRO TUNC* TO JULY 11, 2012

The debtors and debtors in possession in the above-captioned chapter 11 cases

(each a "<u>Debtor</u>" and, collectively, the "<u>Debtors</u>"), hereby apply to the Court (the "<u>Application</u>")

for entry of an order authorizing them to retain and employ the law firm of Paul, Weiss, Rifkind,

Wharton & Garrison LLP ("<u>Paul Weiss</u>") as special counsel for certain financing matters in these

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (9479); KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

chapter 11 cases, pursuant to section 327(e) of title 11 of the United States Code (the

"Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), nunc pro tunc to July 11, 2012.  The limited purpose of this

Application is to permit the Debtors to retain and employ Paul Weiss to represent them as their

special counsel in connection with certain transactional matters relating to the Debtors' entry into

proposed post-emergence financing facilities contemplated by the Fourth Amended Joint Plan of

Reorganization for Tribune Company and Its Subsidiaries proposed by the Debtors, the Official

Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co.,

L.P. and JPMorgan Chase Bank, N.A. (the "Plan").[2]  In support of this Application, the Debtors

submit the Declaration of Andrew N. Rosenberg, a copy of which is attached hereto as Exhibit A

and incorporated herein by reference (the "Rosenberg Declaration").  In further support of this

Application, the Debtors respectfully represent as follows:

**STATUS OF THE CASE AND JURISDICTION**

1.    On December 8, 2008 (the "Petition Date"), Tribune Company

("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter

11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware

(the "Bankruptcy Court").  An additional Debtor, Tribune CNLBC, LLC,[3] filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.  In all, the

Debtors comprise 110 entities.

---

[2] Unless otherwise provided, capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

[3] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

2.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors in the Debtors' chapter 11 cases (the "Committee").

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are sections 327(e) and 1107 of the Bankruptcy Code and Rules 2014(a) and 2016(b)of the Bankruptcy Rules.

## BACKGROUND TO THE APPLICATION

5.      The Plan provides for two potential sources of post-Effective Date financing: (i) the Exit Facility, and (ii) the New Senior Secured Term Loan.[4]  Term sheets describing the proposed terms of the Exit Facility and the New Senior Secured Term Loan were filed as Exhibits 5.10 and 5.6 to the Plan, respectively.  (See Docket No. 12072.)  Consistent with the Plan and those term sheets, the Debtors intend to enter into an Exit Facility consisting of a senior secured asset-based revolving credit facility and a senior secured term loan facility (collectively, the "Proposed Facilities").[5]

6.      The Debtors desire to retain and employ Paul Weiss to provide legal services in connection with certain transactional matters relating to the Debtors' entry into the Proposed Facilities contemplated by the Plan (the "Financing Matters").  The services that the

[4] This Application is not intended to modify or supersede any of the terms of the Plan, including any exhibits or related documents.  In the event of any conflict between this Application and the Plan, any exhibits thereto, or any related documents, then the Plan, the relevant exhibit thereto, or the relevant documents shall be controlling.

[5] The Plan provides the Debtors with the flexibility to enter into a replacement facility for the New Senior Secured Term Loan Facility if the Debtors are able to obtain such a facility on commercially reasonable terms.

Debtors contemplate that Paul Weiss will provide in connection with the Financing Matters are not duplicative of those services provided by any other of the Debtors' professionals.

## **RELIEF REQUESTED**

7.      By this Application, the Debtors seek authorization to employ and retain Paul Weiss as their special counsel for the Financing Matters pursuant to sections 327(e) and 1107 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016, nunc pro tunc to July 11, 2012, the date that Paul Weiss first began providing services in connection with the Financing Matters.  The services Paul Weiss will provide, and the terms and conditions under which Paul Weiss will provide such services, are summarized in this Application, as supported by the Rosenberg Declaration.

8.      The Debtors and Paul Weiss have agreed that, subject to the Court's approval, Paul Weiss will charge the Debtors for its legal services on an hourly basis in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered, and for reimbursement of all costs and expenses incurred in connection with these cases. Paul Weiss has advised the Debtors that its billing rates currently range from $830 to $1,120 per hour for partners, $760 to $795 per hour for counsel, $425 to $720 per hour for associates, and $85 to $250 per hour for para-professionals.  (See Rosenberg Declaration ¶ 5.)  Paul Weiss has advised the Debtors that it will not seek compensation greater than $1,000 per hour for any attorney in connection with these cases.  (Id.)  Paul Weiss has further advised the Debtors that these hourly rates are subject to adjustment on a periodic basis. (Id.)  The Debtors shall also reimburse Paul Weiss for all reasonable and necessary out-of-pocket expenses Paul Weiss incurs in the course of providing services to the Debtors.  In addition to its hourly rates, Paul Weiss customarily charges its clients for out-of-pocket expenses and internal charges incurred in the rendition of services, including, without limitation, outside photocopying

charges, travel expenses, expenses for "working meals," transcription costs, charges and fees of outside vendors, consultants and service providers, as well as non-ordinary overhead expenses. (Id.)

9.     The Debtors have advised Paul Weiss that Paul Weiss will be required to apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in these chapter 11 cases in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Order Establishing Procedure for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Interim Compensation Order"), as amended, and the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Application (the "Fee Examiner Order").  Paul Weiss has advised the Debtors that it will comply in all respects with the applicable requirements for seeking compensation and reimbursement of expenses for all fees and costs incurred on or after July 11, 2012.  (See Rosenberg Declaration ¶ 4.)

10.     Based on Paul Weiss's representations to the Debtors, and to the best of the Debtors' knowledge, information, and belief, Paul Weiss has no connection to the Debtors, the individuals, entities and creditors listed on Schedule 1 to the Rosenberg Declaration or the Office of the United States Trustee for Region 3 related to the matters on which it is to be employed, other than its representation of the Debtors in connection with these cases and except as set forth in the Rosenberg Declaration and/or Schedule 2 thereto.  (See Rosenberg Declaration ¶ 7.)  None of the representations identified in Schedule 2 to the Rosenberg Declaration will

affect Paul Weiss's representation of the Debtors in the specific matters set forth in the Application.  (Id.)

11.    Paul Weiss has agreed to conduct an ongoing review of its files to ensure that it continues to neither hold nor represent in these proceedings any interests adverse to the Debtors or to their estates on the matters on which it is to be employed.  In this regard, Paul Weiss will immediately apprise the Court in the event that Paul Weiss becomes aware of material information or relationships which it determines require further disclosure.  (See Rosenberg Declaration ¶ 8.)

## BASIS FOR RELIEF

12.    The Debtors' retention of Paul Weiss is authorized by section 327(e) of the Bankruptcy Code, which provides in relevant part that a debtor in possession, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.  11 U.S.C. § 327(e).

13.    Under this section, special counsel may be appointed if: (1) the representation is in the best interest of the estate, (2) the attorney represented the debtor in the past, (3) the attorney is for a specific purpose approved by the court, other than to represent the debtor in conducting the case, and (4) the attorney does not represent or hold an interest adverse to the debtor or the debtor's estate.  See id.; see also In re Woodworkers Warehouse, Inc., 323 B.R. 403, 406 (D. Del. 2005); Meespierson, Inc. v. Strategic Telecom, Inc., 202 B.R. 845, 847 (D. Del. 1996).

14.    When analyzing the retention of special counsel under section 327(e), the court should consider all relevant facts surrounding the debtor's case, including but not limited to, the nature of the debtor's business, all foreseeable employment of special counsel, the history and relationship between the debtor and the proposed special counsel, the expense of replacement counsel, potential conflicts of interest and the role of general counsel.  See Woodworkers Warehouse, 323 B.R. at 406 (citing Matter of First Am. Health Care of Georgia, Inc., 1996 WL 33404562, *3 (Bankr. S.D. Ga. Apr. 18, 1996).  In general, however, subject to the requirements of sections 327 and 1107, a debtor in possession is entitled to the counsel of their choosing.  See, e.g., In re Vouzianas, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

15.    In the instant case, retaining Paul Weiss as special counsel to provide services in connection with the Financing Matters is in the best interests of the Debtors and their estates, and satisfies all other standards for retention under sections 327(e) and 1107.  The Debtors have selected Paul Weiss to provide advice and counsel relating to the Financing Matters based on Paul Weiss's experience in representing corporate clients in complex financing transactions such as the Debtors' entry into the Proposed Facilities.  In light of that experience, Paul Weiss's representation of the Debtors will provide a substantial benefit to the Debtors and their estates.  Accordingly, the Debtors believe that it is necessary and in the best interests of their estates and creditors to employ and retain Paul Weiss as special counsel to in connection with the Financing Matters.  Any services Paul Weiss may perform, however, will not duplicate those services that Sidley Austin is providing in connection with the Proposed Facilities, given that Sidley Austin's efforts will focus solely on the bankruptcy-related aspects of the Plan and

the Proposed Facilities, and Paul Weiss's efforts will focus solely on the transactional and financial aspects of the Proposed Facilities. The Debtors' management will closely monitor the services both Paul Weiss and Sidley Austin perform to ensure there is no overlap or duplication of effort and cost.

16.     Paul Weiss has informed the Debtors that, as set forth in more detail in the concurrently filed Rosenberg Declaration and subject to any exceptions contained therein or in Schedule 2 thereto, Paul Weiss does not hold or represent in these proceedings any interests adverse to the Debtors, or to their estates in matters upon which Paul Weiss will be employed. (See Rosenberg Declaration ¶ 9.) Paul Weiss has informed the Debtors that Paul Weiss, and the partners, counsel and associates of Paul Weiss, presently represent, may have represented in the past, and may represent in the future, certain of the Debtors, the Debtors' creditors, and other parties in interest in matters unrelated to the Debtors' chapter 11 cases. (See Rosenberg Declaration ¶ 7.)

17.     The Debtors seek to retain Paul Weiss nunc pro tunc to July 11, 2012, when Paul Weiss first began providing legal services to the Debtors. It is well established that a bankruptcy court has the power to grant retroactive approval of employment of a professional in a chapter 11 case. See, e.g., In re Arkansas Co., Inc., 798 F.2d 645, 648 (3d Cir. 1986); In re Primary Health Sys. Inc., Case No. 99-0615, 2002 WL 500567 (D. Del. Mar. 28, 2002). To exercise its discretion to grant retroactive approval, the bankruptcy court must find that it would have granted prior approval pursuant to the requirements of section 327, and that other factors counsel in favor of retroactive approval, including, among other factors, (1) whether the applicant was under time pressure to begin service without approval; (2) the length of the delay;

and (3) the extent to which compensation to the applicant will prejudice innocent third parties.

Arkansas, 798 F.2d at 650.

18.     Retroactive approval of Paul Weiss's retention is appropriate under the circumstances.  First, Paul Weiss's retention satisfies the requirements of section 327(e).  Further, the length of the nunc pro tunc period is modest, as the Debtors are filing the Application within thirty days of when Paul Weiss first provided services.  Finally, payment of Paul Weiss's fees for the one-month nunc pro tunc period will result in no discernible prejudice to any third parties.  Paul Weiss's fees in connection with its legal services to date are modest in the context of the Debtors' chapter 11 cases, totaling approximately $150,000 including expenses.  The Debtors therefore request that the Court approve Paul Weiss's retention on a nunc pro tunc basis to cover the period since July 11, 2012 during which fees were incurred, as well as subsequent periods.

## NOTICE

19.     Notice of this Application has been provided to: (i) the Office of the U.S. Trustee; (ii) counsel for the Committee; (iii) counsel for the Steering Committee for Tribune's prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' post-petition financing facility; (v) Paul Weiss; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Debtors believe no other or further notice is necessary.

## NO PRIOR REQUEST

20.     No previous application for the relief sought herein has been made to this Court or to any other court.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, pursuant to sections 327(e) and 1107 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016 (i) authorizing the Debtors to retain Paul Weiss as special counsel in connection with the Financing Matters and (ii) granting such other and further relief as the Court deems just and proper.

Dated:  Wilmington, Delaware
        August 10, 2012

Respectfully submitted,

TRIBUNE COMPANY
(for itself and on behalf of each Debtor)

David P. Eldersveld
Executive Vice President, General Counsel &
Secretary