# EXHIBIT A

**Stipulation Between Sun-Sentinel Company and Avaya, Inc. Regarding Resolution of Debtors' Fifty-First Omnibus (Substantive) Objection to Claims as it Relates to Claim Nos. 341 and 775**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Related to Docket No. 10964** |

## STIPULATION BETWEEN SUN-SENTINEL COMPANY AND AVAYA INC. REGARDING RESOLUTION OF DEBTORS' FIFTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS AS IT RELATES TO CLAIM NOS. 341 AND 775

This stipulation (the "Stipulation") between Avaya Inc. (the "Claimant" or "Avaya") and Sun-Sentinel Company ("Sun-Sentinel"), a debtor and debtor in possession in the above-captioned chapter 11 cases, regarding the modification and allowance of certain proofs of claim

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-8700030v2

asserted by Avaya against Sun-Sentinel, is entered into by Sun-Sentinel and Avaya (collectively, the "Parties").

## RECITALS

A.   On December 8, 2008 (the "Petition Date"), Tribune Company and certain of its subsidiaries, including Sun-Sentinel (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors' chapter 11 cases are jointly administered for procedural purposes only.

B.   On February 2, 2009, Avaya filed Claim No. 341 in the amount of $21,669.70 against Sun-Sentinel asserting a general unsecured claim arising from alleged unpaid prepetition invoices relating to a service agreement ("Claim No. 341").

C.   On March 19, 2009, Avaya filed Claim No. 775 against Sun-Sentinel asserting a claim arising from alleged unpaid postpetition amounts due and certain contract rejection damages ("Claim No. 775" and together with Claim No. 341, the "Avaya Claims"). In Claim No. 775, Avaya asserts a claim in total amount of $95,344.28, which includes an administrative claim in the amount of $32,680.60.

D.   On February 21, 2012, the Debtors filed the Debtors' Fifty-First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Docket No. 10964) (the "Objection"),[2] which requested, among other relief, that the Bankruptcy Court disallow the Avaya Claims on the grounds that there was no liability owed.

E.   Prior the response deadline, Avaya informally responded to the Objection (the "Response").

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

2

46429/0001-8700030v2

F.   Counsel for the Debtors and the Claimant subsequently engaged in negotiations regarding the Objection and the Response. Based on those discussions, and after due consideration to all of the relevant facts and circumstances, the Parties have reached an agreement as to the amount and treatment of the Avaya Claims and have agreed to enter into this Stipulation to resolve the Objection and to document their agreement.

NOW, THEREFORE, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:

## AGREEMENT

1.   The recitals set forth above are incorporated herein by reference.

2.   The Parties agree that Claim No. 341 shall be allowed as a general unsecured claim in the reduced amount of $15,000.

3.   The Parties agree that Claim No. 775 shall be disallowed and expunged in its entirety.

4.   Upon the full execution of this Stipulation, the Debtors will file this Stipulation with the Bankruptcy Court together with a proposed form of order requesting that the Bankruptcy Court approve the Stipulation.

5.   The Parties acknowledge and agree that the Claimant does not need to take any further action (i) to seek to allow Claim No. 341 in its modified amount or (ii) to disallow and expunge Claim No. 775 in these chapter 11 cases.

6.   The Debtors and/or the Claims Agent are authorized to amend the claims register to reflect agreement set forth in paragraph nos. 2 and 3 herein.

7.   Claim No. 341, as modified hereby, shall be satisfied in accordance with the provisions for the satisfaction of general unsecured claims set forth in the chapter 11 plan of reorganization, and any amendments thereto, that is ultimately confirmed for Sun-Sentinel (the

"Plan"), when such Plan becomes effective. The satisfaction of Claim No. 341 in accordance with the Plan shall be in full and final satisfaction of all claims arising out of or relating to the liabilities asserted Claim No. 341. The Claimant further agrees not to file any other or further proofs of claim in any of the Debtors' chapter 11 cases, or otherwise to assert any claims against any of the Debtors arising prior to or after the Petition Date, out of or relating to the liabilities asserted in the Avaya Claims.

8. This Stipulation constitutes the Parties' entire agreement and supersedes and amends any and all agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof except as otherwise expressly provided herein. This Stipulation is not intended to confer upon any other person any rights or remedies hereunder.

9. The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

10. This Stipulation may be executed in counterparts, all of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

11. This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to principles of conflict of laws.

12. This Stipulation may not be amended without the express written consent of all Parties hereto.

46429/0001-8700030v2

13. The Parties acknowledge that each of the Parties has participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either of the Parties on account of such drafting.

14. The Bankruptcy Court shall retain jurisdiction over any and all disputes or other matters arising under or otherwise relating to this Stipulation.

15. All contentions made in this Stipulation are made in furtherance of a proposed settlement and neither the Claimant nor the Debtors admit or concede the validity of any of claims or defenses and nothing herein shall be deemed an admission of fact or law.

[Remainder of Page Intentionally Left Blank]

STIPULATED AND CONSENTED TO AS OF August 8th, 2012 BY:

| AVAYA INC. | SUN-SENTINEL COMPANY |
|---|---|
| By: _[signature]_ | By: _[signature]_ |
| Name: RONALD ROWLAND, V.P. RMS | Name: Jack Rodden |
| Title: Agent For Avaya | Title: Assistant Treasurer |
| Telephone: (410) 773-4002 | Telephone: 312-222-8613 |
| Facsimile: (410) 773-4057 | Facsimile: 312-222-3148 |

6