IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------ x
In re:                         :
                               : Chapter 11
TRIBUNE COMPANY, et al.,       :
                               : Case No. 08-13141 (KJC)
         Debtors.              :
                               : (Jointly Administered)
                               :
                               :
------------------------------ x

## WILMINGTON TRUST COMPANY'S MOTION PURSUANT TO RULE 9006 OF FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULES 9006-1(a) AND 9006-2 TO ENLARGE TIME TO FILE RECORD AND ISSUES ON APPEAL

Wilmington Trust Company ("Wilmington Trust"), solely in its capacity as successor Indenture Trustee pursuant to an indenture dated April 1, 1999 (the "PHONES Indenture"), by and through its undersigned counsel, hereby moves this Court (the "Motion") pursuant to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9006-1(a) and 9006-2 of the Local Rules of the Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order enlarging the period of time within which Wilmington Trust is required to file its record and issues on appeal (the "Record") pursuant to Bankruptcy Rule 8006. In support of its Motion, Wilmington Trust respectfully represents as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1134. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

- 2376454 v2

## BACKGROUND

2. On August 2, 2012, Wilmington Trust filed its *Notice Of Appeal* (the "<u>Notice of Appeal</u>") with respect to the *Memorandum Overruling Objections To Confirmation Of The Fourth Amended Plan of Reorganization For Tribune Company And Its Subsidiaries And Denying Clarification Motion And Order Overruling Plan Objections And Denying The Clarification Motion*, dated July 13, 2012 [D.I. 12033] (the "<u>Confirmation Memorandum</u>") and accompanying *Order Confirming Fourth Amended Joint Plan Of Reorganization For Tribune Company And Its Subsidiaries Proposed By The Debtors, The Official Committee Of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. And JPMorgan Chase Bank, N.A.*, dated July 23, 2012 [D.I. 12074] (the "<u>Confirmation Order</u>"), including without limitation, the *Order Regarding Motions for Reconsideration of the Original Confirmation Opinion and Order* [D.I. 10532] and the *Memorandum on Reconsideration* [D.I. 10531] both dated December 29, 2011, the *Order Denying Confirmation of Competing Plans* [D.I. 10134] and the *Bankruptcy Court's Opinion on Confirmation* [D.I. 10133] both dated October 31, 2011, and *the Memorandum Regarding Allocation Disputes* [D.I. 11337] and accompanying *Order Regarding Allocation Disputes*, both dated April 9, 2012 [D.I. 11338].

3. Upon filing the Notice of Appeal, on August 2, 2012, Wilmington Trust filed joinders [D.I. 12159, 12160, respectively] to the *Motion For Stay Pending Appeal Of Confirmation Order*, dated July 23, 2012 [D.I. 12085] (the "<u>Stay Motion</u>") and *Motion Pursuant To 28 U.S.C. § 158(d)(2) And Fed. R. Bankr. P. 8001(f) Requesting Certification Of Direct Appeal To United States Court Of Appeals For Third Circuit Of The Unfair Discrimination Issue In The Allocation Disputes Order As Incorporated In The Order And Memorandum Opinion On Confirmation*, dated July 23, 2012 [D.I. 12084] (the "<u>Certification Motion</u>") filed by Law

Debenture Trust Company of New York ("Law Debenture"), as successor indenture trustee under certain of the Senior Indentures, and Deutsche Bank Trust Company Americas ("DBTCA" and together with Law Debenture, "Law Debenture/DBTCA").

4.  On August 6, 2012, Law Debenture/DBTCA filed a *Motion to Extend Time to File Record and Issues on Appeal Regarding Order Confirming Fourth Amended Joint Plan Of Reorganization For Tribune Company And Its Subsidiaries Proposed By The Debtors, The Official Committee Of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. And JPMorgan Chase Bank, N.A.* (the "Law Debenture/DBTCA Motion to Extend") [D.I. 12204]. On August 6, 2012, the DCL Plan Proponents also filed a *Motion to Extend Time for DCL Plan Proponents to File Designation of Additional Items to be Included in the Record on Appeal Pursuant to Fed. R. Bankr. P. 8006* (the "DCL Plan Proponents Motion to Extend") [D.I. 12203]. On August 10, 2012, Aurelius Capital Management LP filed an objection to the DCL Plan Proponents Motion to Extend [D.I. 12237]. Such motions are currently pending, and likely will not be heard until the August 17, 2012 hearing, at the earliest.

5.  Although Wilmington Trust previously designated the record on its appeal of the Order Regarding Motions for Reconsideration of the Original Confirmation Opinion and Order [D.I. 12111], it has not designated the record on its appeal of the (i) *Order Regarding Allocation Disputes* and *Memorandum Regarding Allocation Disputes* (because there is a prophylactic pending motion before the District for leave to appeal [1:12-mc-00108-GMS (D. Del.) [App. D.I. 1]]), and (ii) the Confirmation Order. Since Wilmington Trust's appeal of the Confirmation Order raises issues that are substantially similar to the Unfair Discrimination Issue and Swap Claim Issue appealed by Law Debenture/DBTCA, and in consideration of judicial economy, convenience, and simplicity, Wilmington Trust intends to incorporate as much of the record on

3

appeal for the shared issues raised by Law Debenture/DBTCA, as possible. However, Wilmington Trust's designation is currently due on August 16, 2012, or one day before the August 17, 2012 hearing. In light of the Motion by Law Debenture/DBTCA to Enlarge the Time to File the Record and Issues on Appeal, which will not be heard until at least August 17, 2012, Wilmington Trust hereby moves for a similar extension of time to file the record and issues on its appeal of the Confirmation Order.

## RELIEF REQUESTED

6. Wilmington Trust respectfully requests an order, substantially in the form attached hereto as Exhibit A, pursuant to Bankruptcy Rule 9006(b)(1) and Local Rules 9006-1(a) and 9006-2, expanding the time within which Wilmington Trust may file the Record and statement of issues on appeal until the later of (i) one (1) business day following the filing of the record and issues on appeal by Law Debenture/DBTCA or (ii) one (1) business day following the entry of an order denying the Motion.

## BASIS FOR RELIEF REQUESTED

7. Bankruptcy Rule 8006 requires "[w]ithin 14 days after filing the notice of appeal as provided by Rule 8001(a) . . . the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Based upon the fact that Wilmington Trust filed the Notice of Appeal on August 2, 2012, the record on appeal and statement of issues on appeal is due on August 16, 2012.

8. Bankruptcy Rule 9006(b)(1) provides, in pertinent part, that "when an act is required or allowed to be done at or within a specified period by these rules or by a notice given

thereunder or by order of the court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed . . . ."

9. Wilmington Trust respectfully submits that exigent circumstances exist here to justify expanding the time to file the Record and statement of issues on appeal.

10. First, as noted in Law Debenture/DBTCA's Motion, the Record is voluminous. Wilmington Trust submits that the additional time requested will allow it to coordinate with Law Debenture/DBTCA's transmission of the documents they intend to include in the record, including exhibits, to the Clerk of the Court in a manner that is most convenient and efficient, and so as to avoid duplication.

11. Second, Wilmington Trust believes that such an extension of time will help coordinate as many aspects of the pending appeals of the Confirmation Order as possible. Indeed, both Law Debenture/DBTCA and the DCL Plan Proponents, in their respective Motions, expressed the desire to coordinate all motions and records related to other appeals of the Confirmation Order. See Law Debenture/DBTCA Motion to Extend at ¶ 10; DCL Plan Proponents Motion to Extend at ¶ 6. Thus, if this Court extends Wilmington Trust's deadline to file the Record, it will allow Wilmington Trust to supplement its designation of the Record with the designation filed by Law Debenture/DBTCA.

12. The Court may determine Law Debenture/DBTCA Motion to Extend during the hearing on August 17, 2012. If Wilmington Trust's Motion to Extend is granted, within one day after Law Debenture/DBTCA file their record and statement of issues on Appeal, Wilmington Trust intends to incorporate by reference as much of the record in the Law Debenture/DBTCA appeal as appropriate and file all other additional designations on the common issues and

separate issues on appeal thereafter. Neither the DCL Plan Proponents nor any other party-in-interest are harmed by the requested extension which necessarily is independent of and unrelated to the Stay Motion. Accordingly, Wilmington Trust submits that the expanded time to file the Record is reasonable in light of the numerous complex components of the pending appeals.

## NOTICE

13.  Wilmington Trust has provided notice of this Motion to counsel to: (a) the Debtors; (b) the Official Committee of Unsecured Creditors; (c) DBTCA; (d) Law Debenture; (e) Aurelius Capital Management, LP; (f) Brigade Capital Management, LLC; (g) Davidson Kempner Capital Management LLC; (h) Oaktree Capital Management, L.P.; (i) Angelo, Gordon & Co., L.P.; (j) JPMorgan Chase Bank, N.A.; (k) Citadel Equity Fund, Ltd.; (l) Camden Asset Management LP; (m) EGI-TRB LLC; (n) TM Retirees; (o) Barclays Bank Plc; (p) Waterstone Capital Management L.P.; (q) certain directors and officers; and (r) the Office of the United States Trustee. Appellants respectfully submit that no further notice of the Motion is required.

## NO PRIOR REQUEST

14.  No prior request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, Wilmington Trust respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, pursuant to Bankruptcy Rule 9006(b)(1) and Local Rules 9006-1(a) and 9006-2, (a) expanding the time within which Appellants may file their record and issues on appeal until the later of one (1) business day following the filing of the Record and Issues on Appeal by Law Debenture/DBTCA or until one (1) business day following the entry of an order denying the Motion and (b) granting such other and further relief as the Court deems necessary and appropriate.

Dated: August 13, 2012
      Wilmington, Delaware

Respectfully submitted,

SULLIVAN HAZELTINE ALLINSON LLC

    /s/ *William D. Sullivan*
William D. Sullivan (No. 2820)
Elihu E. Allinson, III (No. 3476)
901 North Market Street, Suite 1300
Wilmington, Delaware 19801
Tel: (302)428-8191

and-

BROWN RUDNICK LLP
Robert J. Stark
Martin S. Siegel
Gordon Z. Novod
Seven Times Square
New York, NY 10036
Tel: 212-209-4800

*Counsel for Wilmington Trust Company, solely in its capacity as successor Indenture Trustee for the PHONES Notes*