IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Related to Docket Nos. 12203 and 12249** |

# MOTION TO SHORTEN NOTICE AND OBJECTION PERIOD WITH RESPECT TO (I) MOTION PURSUANT TO FED. R. BANKR. P. 9006 AND LOCAL RULE 9006-2 TO EXTEND TIME FOR DCL PLAN PROPONENTS TO FILE DESIGNATION OF ADDITIONAL ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL PURSUANT TO FED. R. BANKR. P. 8006 AND (II) WILMINGTON TRUST COMPANY'S MOTION PURSUANT TO RULE 9006 OF FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULES 9006-1(A) AND 9006-2 TO ENLARGE TIME TO FILE RECORD AND ISSUES ON APPEAL

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

The above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, file this motion (the "Motion to Shorten") under section 105 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9006-1(c)(i) and 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for the entry of an order shortening the notice period with respect to the Motions, as defined below. In further support hereof, the Debtors respectfully represent as follows:

**BACKGROUND**

1. On August 6, 2012, the DCL Plan Proponents[2] filed the Motion Pursuant to Fed. R. Bankr. P. 9006 and Local Rule 9006-2 to Extend Time for DCL Plan Proponents to File Designation of Additional Items to be Included in the Record on Appeal Pursuant to Fed. R. Bankr. P. 8006[3] (the "DCL Motion") [Docket No. 12203].

2. On August 10, 2012, Aurelius Capital Management, LP ("Aurelius") filed the Objection of Aurelius Capital Management, LP to the DCL Plan Proponents' Motion to Extend Time to File Designation of Additional Items to be Included in the Record On Appeal (the "Objection") [Docket No. 12237]. In the Objection, Aurelius expressed concern, in part, with any delay in the filing of designations of items to be included in the record on appeal.

3. On August 13, 2012, Wilmington Trust Company ("Wilmington Trust"), solely in its capacity as successor Indenture Trustee pursuant to an indenture dated April 1, 1999, filed Wilmington Trust Company's Motion Pursuant to Rule 9006 of Federal Rules of Bankruptcy

[2] The "DCL Plan Proponents" are the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A.

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

Procedure and Local Rules 9006-1(a) and 9006-2 to Enlarge Time to File Record and Issues on Appeal (the "Wilmington Trust Motion" and together with the DCL Motion, the "Motions").

**RELIEF REQUESTED AND BASIS FOR RELIEF**

4. By this Motion to Shorten, the Debtors respectfully request entry of an Order shortening the notice period and objection deadline so that the Motions can be heard at the hearing scheduled on August 17, 2012 (the "August Hearing").

5. On July 25, 2012, the Court held a status conference to determine, in part, when it would hear the Stay Motions[4] and Certification Motion.[5] During the conference, the Court expressed its desire to coordinate the multiple appeals of the Confirmation Order and avoid a bifurcation of appellate schedules. See Hrg. Tr. July 25, 2012 at 20:1-20.

6. On August 1, 2012, the Court entered the Scheduling Order with Respect to Motions to Stay Pending Appeal of Confirmation Order and Motions for Certification of Direct Appeal of Confirmation Order (the "Scheduling Order") [Docket No. 12147]. Pursuant to the Scheduling Order, a hearing on the Stay Motions and the Certification Motion was scheduled for August 17, 2012.

7. Pursuant to Bankruptcy Rule 2002, notice of the Motions must be served at least 17 days prior to a hearing date. Pursuant to Bankruptcy Rule 9006(c)(1), the Court may, for cause shown, shorten the otherwise applicable notice period ("when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order

---

[4] "Stay Motions" refers to (i) the *Motion of Law Debenture Trust Company of New York and Deutsche Bank Trust Company Americas for Stay Pending Appeal of Confirmation Order* [Docket No. 12085], and (ii) the *Motion for a Stay Pending Appeal Pursuant to Bankruptcy Rule 8005* filed by Aurelius Capital Management, LP [Docket No. 12080].

[5] "Certification Motion" refers to the *Motion of Law Debenture Trust Company of New York and Deutsche Bank Trust Company Americas pursuant to 28 U.S.C. §§ 158(d)(2) and Fed. R. Bankr. P. 8001(f) Requesting Certification of Direct Appeal to United States Court of Appeals for Third Circuit of the Unfair Discrimination Issue in the Allocation Disputes Order as Incorporated in the Order and Memorandum Opinion on Confirmation* [Docket No. 12084].

of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced"). This authorization is also expressed in Local Rule 9006-1(e), which provides that the Court may shorten the notice period "on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

8. The facts justify shortening notice and the relief requested herein should be granted. As more fully discussed in the Motions, the Motions seek, in part, extensions of time to file designations of additional items to be included in the record on appeal and the enlargement of time to file a record and issues on appeal. The Motions relate to various appeal-related issues that are currently scheduled to be heard at the August Hearing. Accordingly, the Debtors respectfully request that the notice period be shortened so that the Motions can be considered at the August Hearing. Prior to filing this Motion to Shorten, counsel for the Debtors consulted with Wilmington Trust.[6] Wilmington Trust does not oppose entry of an order shortening notice and scheduling the Motions for the August Hearing.

9. The Debtors intend to serve this Motion by electronic mail and/or overnight delivery and first class mail to avoid prejudicing any party. Consequently, the Debtors submit that the present circumstances satisfy the requirement of cause under Rule 9006(c)(1) and the exigencies required under Local Rule 9006-1(e).

---

[6] On August 6, 2012, Law Debenture Trust Company of New York ("Law Debenture") and Deutsche Bank Trust Company Americas ("Deutsche") filed the Law Debenture Trust Company of New York and Deutsche Bank Trust Company Americas' Motion Pursuant to Rule 9006 of Federal Rules of Bankruptcy Procedure to Enlarge Time to File Record and Issues on Appeal (the "Law Debenture Motion") [Docket No. 12204]. Prior to filing the Motion to Shorten, the Debtors contacted Law Debenture and Deutsche to discuss the scheduling of the Law Debenture Motion and to confirm whether they oppose entry of order shortening notice. As of the time of this filing, the Debtors have not received confirmation.

## NOTICE

10. To ensure that all parties receive timely notice, notice of this Motion has been provided by electronic mail and/or overnight delivery and first class mail to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel to the administrative agents for Tribune Company's prepetition loan facilities; (iv) counsel to the administrative agent and LC Agent for the Debtors' postpetition loan facility; (v) the indenture trustees for Tribune Company's prepetition notes; and (vi) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that this Court enter an order, in substantially the form attached hereto, (i) shorting the notice and objection period for the Motions and (ii) granting such other and further relief as the Court deems just and proper.

Dated: August 14, 2012
Wilmington, Delaware

**COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.**

By:______________________________
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
(302) 652-3131

-and-

**SIDLEY AUSTIN LLP**
James F. Conlan
Kevin T. Lantry
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

James F. Bendernagel, Jr.
1501 K Street, N.W.
Washington, DC 20005
(202) 736-8000

*Counsel for Debtors and Debtors-In-Possession*