IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re:                                              :    Chapter 11
                                                    :
TRIBUNE COMPANY, et al.,                            :    Case No. 08-13141 (KJC)
                                                    :
         Debtors.                                   :    (Jointly Administered)
                                                    :
                                                    :
                                                    :    Re: D.I. 12198 & 12216
---------------------------------------------------------------x

**EGI-TRB, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR
CERTIFICATION OF DIRECT APPEAL TO THE UNITED STATES
COURT OF APPEALS FOR THE THIRD CIRCUIT**

EGI-TRB, LLC ("EGI-TRB") submits this reply ("Reply") in support of its motion for certification of direct appeal to the United States Court of Appeals for the Third Circuit [D.I. 12198] (the "Motion").[1] In further support of the Motion, EGI-TRB respectfully states as follows:

In their objection [D.I. 12216] (the "Objection"), the DCL Plan Proponents focus largely on Law Debenture's request for certification and treat EGI-TRB's request as a collateral or tag-along motion. That, however, is exactly EGI-TRB's point: if the Court grants Law Debenture's request for a direct appeal, it would be far more efficient for the Third Circuit to simultaneously resolve both appeals. As discussed in EGI-TRB's Motion, both EGI-TRB's and Law Debenture's appeals will require a court to interpret the terms of the EGI-TRB subordination agreement. To prevail in its appeal, Law Debenture will have to show that it is entitled to benefit from the EGI-TRB subordination agreement and that the Swap Claim does not qualify as "Senior Obligations" under the subordination agreement. EGI-TRB's appeal likewise will require a

---

[1] Except as otherwise defined in this Reply, all capitalized terms used in this Reply shall have the meanings given to them in the Motion.

135030.01600/40202836v.1

court to determine when, and in what instances, senior lenders such as Law Debenture may benefit from the EGI-TRB subordination agreement.  Resolving both matters in a single appeal is far more efficient than doing so in separate appeals and granting EGI-TRB's Motion will thus "materially advance the progress of the case or proceeding in which the appeal is taken."  28 U.S.C. §158(d)(2)(A)(iii).

The DCL Plan Proponents generally agree with the unremarkable proposition that a single appeal is more efficient than multiple appeals, but argue that this weighs against certifying Law Debenture's and EGI-TRB's appeal because Wilmington Trust's appeal is pending in the District Court.  Although Wilmington Trust has not affirmatively requested a direct appeal, it has taken essentially the same position as EGI-TRB and stated that if this Court determines that some portions of the Confirmation Order are appropriate for direct appeal, Wilmington Trust's appeal should be certified along with the other appeals.[2]  Accordingly, if the Court deems it necessary, it should certify all three parties' appeals to the Third Circuit.

The DCL Plan Proponents also erroneously contend that EGI-TRB's appeal does not raise "a question of law requiring resolution of conflicting decisions."  Here, the DCL Plan Proponents argue that *PWS Holdings*[3] and *Cybergenics*[4] are in complete harmony with one another and that the Court properly decided that *PWS Holdings* (and not *Cybergenics*) is the on-

---

[2] *See* D.I. 12159 at 3 n.3 ("While Wilmington Trust does not seek certification of the Subordination Appeals to the Third Circuit, to the extent that the Bankruptcy Court determines that appeals related to the Confirmation Order should be heard by the same court and similarly certified to the Third Circuit for reasons of judicial economy for the purpose of a unified appellate process, Wilmington Trust believes that the following three issues as to which Wilmington Trust has already filed notices of appeal should also be certified to the Third Circuit. . . .").

[3] *In re PWS Holding Corp.*, 303 F.3d 308 (3d Cir. 2002).

[4] *Official Committee of Unsecured Creditors of Cybergenics Corp. v. Chinery (In re Cybergenics Corp.)*, 226 F.3d 237 (3d Cir. 2000).

point decision in its Allocation Memorandum.  In so arguing, however, the DCL Plan Proponents effectively concede that choosing to follow either *PWS Holdings* or *Cybergenics* would yield different outcomes: *PWS Holdings* focused on who may *assert* a fraudulent transfer claim, while *Cybergenics* considered who actually *owned* the claim.  EGI-TRB respectfully submits that because a debtor can never own a fraudulent transfer claim (either pre- or post-petition), the debtor also cannot own the proceeds from a fraudulent transfer action, and therefore EGI-TRB's subordination agreement – which applies to only "assets of the Company" – cannot apply to fraudulent transfer recoveries.  *Cybergenics* is thus the appropriate precedent.  The question for the Third Circuit to resolve is which of its overlapping, but differing precedents – *PWS Holdings* or *Cybergenics* – is relevant to the question of the scope of subordination agreements.  EGI-TRB's appeal therefore raises a question of law as to which there are conflicting decisions and legal principles.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, for the foregoing reasons, EGI-TRB respectfully requests that this Court (a) certify EGI-TRB's appeal directly to the Third Circuit, and (b) grant such other relief as may be equitable or just.

Dated: August15, 2012

                                      BLANK ROME LLP

                                      By: /s/ *David W. Carickhoff*
                                      David W. Carickhoff (DE No. 3715)
                                      1201 Market Street, Suite 800
                                      Wilmington, DE 19801
                                      Telephone: (302) 425-6400
                                      Facsimile: (302) 425-6464

                                            and

                                      JENNER & BLOCK LLP

                                      David J. Bradford (admitted *pro hac vice)*
                                      Catherine L. Steege (admitted *pro hac vice*)
                                      353 N. Clark St.
                                      Chicago, IL 60654
                                      Telephone: (312) 222-9350
                                      Facsimile: (312) 527-04844

                                      *Counsel for EGI-TRB, LLC*

135030.01600/40202836v.1