## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                        :    Chapter 11

TRIBUNE COMPANY, *et al.*,      :

                        :    Case No. 08-13141 (KJC)

         Debtors.        :

                        :    (Jointly Administered)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### REPLY AND JOINDER OF WILMINGTON TRUST COMPANY, SOLELY IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE PURSUANT TO THE PHONES INDENTURE TO THE REPLIES OF LAW DEBENTURE TRUST COMPANY OF NEW YORK AND DEUTSCHE BANK TRUST COMPANY AMERICAS TO (A) OBJECTION TO MOTION SEEKING CERTIFICATION OF DIRECT APPEAL TO UNITED STATES COURT OF APPEALS FOR THIRD CIRCUIT OF THE UNFAIR DISCRIMINATION ISSUE IN THE ALLOCATION DISPUTES ORDER AS INCORPORATED IN THE ORDER AND MEMORANDUM OPINION ON CONFIRMATION; AND (B) OBJECTION TO MOTION OF LAW DEBENTURE TRUST COMPANY OF NEW YORK AND DEUTSCHE BANK TRUST COMPANY AMERICAS FOR STAY PENDING APPEAL OF CONFIRMATION ORDER

Wilmington Trust Company ("Wilmington Trust"), solely in its capacity as successor Indenture Trustee pursuant to an indenture dated April 1, 1999 (the "PHONES Indenture"), by and through its undersigned counsel, hereby joins (the "Joinder") in (A) the reply (the " Certification Reply") of Law Debenture Trust Company of New York ("Law Debenture") and Deutsche Bank Trust Company Americas ("DBTCA," together with Law Debenture, "Law Debenture/DBTCA") to the Objection of the DCL Plan Proponents to the Trustees' and EGI-TRB, LLC's Motions for an Order Certifying Direct Appeal of the Confirmation Order to the Court of Appeals for the Third Circuit [D.I. 12216] (the "Certification Objection"), and (B) the reply of Law Debenture/DBTCA (the "Stay Reply" and collectively with the Certification Reply, the "Replies") to the Objection of the DCL Plan Proponents to the Motions for a Stay Pending

Appeal of the Confirmation Order [D.I. 12217] (the "Stay Objection"). Wilmington Trust further responds to the Certification Objection and Stay Objection. In support of the Joinder, Wilmington Trust respectfully represents as follows:

## PRELIMINARY STATEMENT AND JOINDER

1.      Wilmington Trust joins the arguments of Law Debenture/DBTCA in the Replies, and hereby incorporates such Replies by reference.

2.      Wilmington Trust also responds to the Certification Objection and the Stay Objection as related to Wilmington Trust's pending Subordination Appeals.[1]

3.      The DCL Plan Proponents argue that the pending Subordination Appeals by Wilmington Trust preclude the Bankruptcy Court from certifying the entire Confirmation Order for direct appeal because to do "so would usurp the District Court of jurisdiction over matters now pending before it." Certification Objection, ¶13. The DCL Plan Proponents further argue that "only the District Court may make a certification of matters pending before it." *Id.*, ¶52. For that reason, the DCL Plan Proponents would have this Court believe that the Bankruptcy Court "does not have the power to grant the relief that the Appellants seek, whether *sua sponte* or not," (*Id.*, ¶53), irrevocably precluding the certification of the entire Confirmation Opinion to the Third Circuit.

4.      The position by the DCL Plan Proponents is not correct. As noted in the Certification Reply at footnote 10, each and every appeal of the Confirmation Order remains pending before the Bankruptcy Court and the Bankruptcy Court is able to certify each and every appeal of the Confirmation Order without jurisdictional constraint.

5.      Moreover, it is well established in the Third Circuit that an appellant may seek

---

[1]      *See* 1:12-cv-00128-GMS (D. Del.); 1:12-mc-00108-GMS (D. Del.) (collectively, the "Subordination Appeals").

remand of an appeal to permit the lower court to dispose of matters related to the appeal. Wilmington Trust intends to follow the procedure established by the Third Circuit for the voluntary remand of the Subordination Appeals for the purpose of effectuating a limited purpose. *Venen v. Sweet*, 758 F.2d 117, 123 (3d Cir. 1985). In *Venen*, the Third Circuit held that "[i]f a district court is inclined to grant the motion or intends to grant the motion… it should certify its inclination or its intention to the appellate court which can then entertain a motion to remand the case. Once remanded, the district court will have power to grant the motion, but not before." *Id.*, 758 F.2d at 123 (internal citations omitted). Further, the Third Circuit in *Venen* adopted the following procedure:

> When an appellant in a civil case wishes to make a [Rule 60(b)] motion ... while his appeal is still pending, the proper procedure is for him to file his motion in the District Court. If that court indicates that it will grant the motion, the appellant should then make a motion in this court for a remand of the case in order that the District Court may grant the motion....

*Id.*

6.      Indeed, the very precedent on divestiture relied upon by the DCL Plan Proponents and the Court in the Allocation Disputes Memorandum, *In re Washington Mutual, Inc.* ("WaMu"), provides the appropriate procedure to return jurisdiction to the Bankruptcy Court of the Subordination Appeals for the sole purpose of certification to the Third Circuit. The District Court and Bankruptcy Court in *WaMu* adopted the very procedure established by *Venen*. *See In re Washington Mutual, Inc.*, 1:11-cv-00971-GMS (D. Del.) [D.I. 16] (the appellants of a pending appeal filed an emergency motion in the District Court seeking immediate, limited remand of their respective pending appeals to enable the Bankruptcy Court to vacate, in part, a prior order and opinion in conjunction with confirmation proceedings on WaMu's Seventh Amended Plan) (the "WaMu Remand Motion") (attached hereto as Exhibit A); *In re Washington Mutual, Inc.*, 1:11-cv-00971-GMS (D. Del.) [D.I. 18] (the "WaMu Remand Order") (attached hereto as Exhibit

B); *In re Washington Mutual, Inc.*, Case No. 08-12229 (Bankr. D. Del.) [D.I. 9481] (Bankruptcy Court Memorandum Opinion indicating inclination to rule on a matter upon remand from the district court) (attached hereto as Exhibit C).

7.     In *WaMu*, the District Court approved a request by the appellants to remand the appeal to the *WaMu* Bankruptcy Court for the limited purpose of enabling the Bankruptcy Court, in conjunction with confirmation proceedings, to vacate orders and portions of the opinion on appeal. *See* WaMu Remand Order, ¶ 2.  The fact that *WaMu* involved the remand of an appeal in order to effectuate a settlement reached by the appellants, whereas here the remand would allow certification, is of no moment -- the same basic principles still apply.   The appellant here, Wilmington Trust, desires to return jurisdiction over the Subordination Appeals so that the Bankruptcy Court can effectuate the certification of that ruling to the Third Circuit.   Such a request by Wilmington Trust will effectuate a prompt resolution of the Subordination Appeals, along with the other appeals related to the Confirmation Order without unnecessary waste of judicial resources.

8.     The Federal Rules of Civil Procedure also provide a roadmap consistent with the relief requested by Wilmington Trust.  *See* Fed. R. Civ. P. 62.1 ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may … state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."); *see also* Fed. R. App. P. 12.2 ("If the district court states that it would grant the motion or that the motion arises a substantial issue, the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal.")

9.     Here, if the Bankruptcy Court is inclined to conclude that, for judicial economy

and efficiency, certification of the Subordination Appeals to the Third Circuit, along with the other Confirmation Order appeals, is appropriate and necessary, Wilmington Trust promptly will request that Judge Sleet of the District Court who is presiding over the Subordination Appeals (and the same judge who entered the WaMu Remand Order), to enter an order granting the immediate, limited remand of the Subordination Appeals, for the purpose of allowing this Court to certify all appeals related to the Confirmation Order, including the Subordination Appeals, to the Third Circuit.[2] A draft of the emergency motion to Judge Sleet is attached hereto as <u>Exhibit D</u>. Further, Wilmington Trust will request that the District Court condition remand so that if this Court does not ultimately certify the Subordination Appeals to the Third Circuit, or the Third Circuit refuses to accept certification of the Subordination Appeals, then the limited remand be of no further force and effect and Wilmington Trust's appeals before the District Court shall proceed unaffected.

10.    The limited purpose of the remand would return jurisdiction over the Subordination Appeals to the Bankruptcy Court solely for one purpose and yet would protect Wilmington Trust by returning it to the same position as it would have been in without remand if this Court does not certify or if the Third Circuit declines to accept the appeal of the entire Confirmation Order.  Similar protections were employed in *WaMu*, where relief was conditioned on certain events, and if these events did not happen, then the "limited remand shall be of no further force and effect and the September Appellants' appeals before this Court shall proceed unaffected." WaMu Remand Order, ¶ 3.

11.    The DCL Plan Proponents also attempt to buttress their objection to the Stay

---

[2]    Since timing is of the essence to all parties, including Wilmington Trust, Law Debenture and Deutsche Bank, Wilmington Trust intends to file its Motion for Remand of the Subordination Appeals promptly upon entry of an order granting certification of all appeals related to the Confirmation Order and will ask the District Court to act on an emergency basis.

Motion by arguing that "a delay in distributions to creditors is a tangible and substantial harm." Stay Objection, ¶ 45.  The DCL Plan Proponents then argue that Wilmington Trust "concedes that a significant delay in the ability of creditors (namely, holders of the PHONES Notes) to receive their distributions *is* a source of material harm."  Stay Objection, pg. 23 n.22 (emphasis in original).  The DCL Plan Proponents grossly misstate Wilmington Trust's objection.  The Bankruptcy Court's determination of the Unfair Discrimination Issue will cause material harm to the PHONES by the impermissible application of PHONES subordination.  Wilmington Trust believes that the failure to enforce the PHONES subordination according to its terms by subjecting the PHONES to subordination irrespective of whether such claim qualify as "Senior Indebtedness" (as defined in the PHONES Indenture) will cause a delay in the PHONES right to be paid.  Wilmington Trust further believes that such a process creates a risk that, at the conclusion of the litigation that will continue post effective date, there will be insufficient litigation proceeds to make distributions to the PHONES because creditors not holding "Senior Indebtedness" jumped the line to receive more than their contractual entitlement.  Certainly a short delay to allow for the proper adjudication of the PHONES subordination will not cause the PHONES material harm, and the DCL Plan Proponents should not be permitted to use that harm to oppose the stay.

## **CONCLUSION**

WHEREFORE, Wilmington Trust respectfully request that the Court enter an order (i) overruling the Certification Objection and the Stay Objection, (ii) granting the Certification Motion and the Stay Motion, (iii) issue a memorandum order indicating that this reply raises a substantial issue such that the Court is inclined to certify all appeals related to the Confirmation Order and Confirmation Memorandum, including the Subordination Appeals, to the Third Circuit, should the District Court grant Wilmington Trust's request for a remand to the Bankruptcy Court for that express purpose, and (iv) granting such other and further relief that the Court deems just and proper.

Dated:  August 15, 2012
        Wilmington, Delaware

SULLIVAN • HAZELTINE • ALLINSON LLC

By: _William A. Hazeltine_

William D. Sullivan (I.D. No. 2820)
William A. Hazeltine (I.D. No. 3294)
901 N. Market St., Suite 1300
Wilmington, DE 19801
Tel: 302-428-8191

-and-

BROWN RUDNICK LLP
Robert J. Stark
Martin S. Siegel
Gordon Z. Novod
Seven Times Square
New York, NY 10036
Tel: 212-209-4800

Counsel for Wilmington Trust Company, solely in its capacity as successor Indenture Trustee for the PHONES Notes