# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------x
                                                       :
In re:                                                 :   Chapter 11
                                                       :
WASHINGTON MUTUAL, INC., et al.,[1]                    :   Case No. 08-12229 (MFW)
                                                       :
                                                       :   (Jointly Administered)
            Debtors.                                   :
                                                       :
------------------------------------------------------x
                                                       :
WASHINGTON MUTUAL, INC., et al.,                       :
                                                       :
                                                       :
            Appellants,                                :   Civil Action No. 11-1004-GMS
                                                       :
v.                                                     :
                                                       :
OFFICIAL COMMITTEE OF EQUITY                           :
SECURITY HOLDERS,                                      :
                                                       :
            Appellee.                                  :
                                                       :
------------------------------------------------------x
                                                       :
AURELIUS CAPITAL MANAGEMENT, LP,                       :
et al.,                                                :
                                                       :   Civil Action No. 11-971-GMS
            Appellants,                                :
                                                       :
v.                                                     :
                                                       :
WASHINGTON MUTUAL, INC., et al.,                       :
                                                       :
            Appellees.                                 :
                                                       :
------------------------------------------------------x
```

---

[1] The Debtors in the chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1201 Third Avenue, Suite 3000, Seattle, Washington 98101.

```
------------------------------------------------x
                                                :
APPALOOSA MANAGEMENT L.P., et al.,              :
                                                :
                                                :
                                                :        Civil Action No. 11-979-GMS
               Appellants,                      :
       v.                                       :
                                                :
OFFICIAL COMMITTEE OF EQUITY                    :
SECURITY HOLDERS, et al.,                       :
                                                :
               Appellees.                       :
                                                :
------------------------------------------------x
                                                :
OFFICIAL COMMITTEE OF                           :
UNSECURED CREDITORS,                            :
                                                :
                                                :        Civil Action No. 11-1001-GMS
               Appellant,                       :
       v.                                       :
                                                :
OFFICIAL COMMITTEE OF EQUITY                    :
SECURITY HOLDERS,                               :
                                                :
               Appellee.                        :
                                                :
------------------------------------------------x
                                                :
OFFICIAL COMMITTEE OF EQUITY                    :
SECURITY HOLDERS,                               :
                                                :        Civil Action No. 11-1032-GMS
               Appellant,                       :
       v.                                       :
                                                :
AURELIUS CAPITAL MANAGEMENT, LP,                :
et al.,                                         :
                                                :
               Appellees.                       :
                                                :
------------------------------------------------x
```

2

```
-----------------------------------------------x
                                                :
WELLS FARGO BANK NATIONAL                       :
ASSOCIATION,                                    :
                                                :    Civil Action No. 11-1107-GMS
              Appellants,                       :
v.                                              :
                                                :
BANK OF NEW YORK MELLON TRUST                   :
COMPANY N.A., et al.,                           :
                                                :
              Appellees.                        :
                                                :
-----------------------------------------------x
NORMANDY HILL CAPITAL LP,                       :
                                                :
                                                :
                                                :    Civil Action No. 11-1027-GMS
              Appellants,                       :
v.                                              :
                                                :
LAW DEBENTURE TRUST COMPANY                     :
OF NEW YORK, et al.,                            :
                                                :
              Appellees.                        :
                                                :
-----------------------------------------------x
WMB NOTEHOLDERS, et al.,                        :
                                                :
                                                :    Civil Action No. 11-1028-GMS
              Appellants,                       :
v.                                              :
                                                :
WASHINGTON MUTUAL, INC., et al.,                :
                                                :
                                                :
              Appellees.                        :
                                                :
-----------------------------------------------x
```

RLF1 5796722v. 1

**APPELLANTS' JOINT EMERGENCY MOTION
FOR IMMEDIATE, LIMITED REMAND OF THEIR RESPECTIVE PENDING
APPEALS TO ENABLE THE BANKRUPTCY COURT TO VACATE, IN PART,
ITS SEPTEMBER 13, 2011 ORDER AND OPINION IN CONJUNCTION WITH
CONFIRMATION PROCEEDINGS ON THE DEBTORS' SEVENTH AMENDED PLAN**

In accordance with the procedures set forth by the Third Circuit in <u>Venen v.</u>

<u>Sweet</u>, 758 F.2d 117, 123 (3d Cir. 1985), Washington Mutual, Inc. ("<u>WMI</u>") and WMI

Investment Corp., as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), along with

all other appellants from the *Opinion*, dated September 13, 2011 [Bankruptcy Case No. 08-

12229, D.I. 8612] (the "<u>September Opinion</u>"), and related *Order*, dated September 13, 2011

[Bankruptcy Case No. 08-12229, D.I. 8613] (the "<u>September Order</u>") (collectively the

"<u>September Order and September Opinion</u>"), of the United States Bankruptcy Court for the

District of Delaware (the "<u>Bankruptcy Court</u>"),[2] bring this motion (the "<u>Motion</u>") for an

immediate, limited remand of their respective pending appeals to enable the Bankruptcy Court to

vacate, in part, its September Order and September Opinion in conjunction with a multi-party,

mediated settlement (the "<u>Settlement</u>") and confirmation proceedings with respect to the

Debtors' Seventh Amended Plan,[3] scheduled to begin on February 16, 2012.  In support of the

Motion, the September Appellants respectfully represent as follows:

**PRELIMINARY STATEMENT**

1.      In furtherance of the Settlement, and as a condition precedent to the

confirmation and consummation of the Seventh Amended Plan, the Debtors moved the

---

[2] The following parties filed notices of appeal or cross-appeal from the September Order and September Opinion: the Debtors, the Official Committee of Equity Security Holders (the "<u>Equity Committee</u>"), the Official Committee of Unsecured Creditors (the "<u>Creditors' Committee</u>"), Aurelius (as later defined), Appaloosa (as later defined), Owl Creek (as later defined), Centerbridge (as later defined), the WMB Noteholders (as later defined), Normandy Hill Capital L.P. ("<u>Normandy Hill</u>"), and Wells Fargo Bank, National Association ("<u>Wells Fargo</u>") (collectively the "<u>September Appellants</u>").

[3] "Seventh Amended Plan" means the *Seventh Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code*, dated December 12, 2011 [Bankruptcy Case No. 08-12229, D.I. 9178] (as it has, and may be amended from time to time).

4

Bankruptcy Court to vacate, in part, portions of its September Order and September Opinion that pertain to rulings currently on appeal to this Court in the event the Bankruptcy Court determines that confirmation of the Seventh Amended Plan is appropriate: specifically, the Bankruptcy Court's determination that the Equity Committee has standing to pursue claims for equitable disallowance against AAOC[4] (the "Standing Ruling"). All of the September Appellants, including the Equity Committee, support the Debtors' motion (the "Vacatur Motion")[5] and now seek an immediate, limited remand of their respective appeals to permit the Bankruptcy Court to consider the vacatur request in conjunction with the February 16 confirmation hearing with respect to the Seventh Amended Plan.

      2.    Consistent with Third Circuit precedent, the Debtors have followed the prescribed procedure when, as here, a movant seeks vacatur of a ruling that is on appeal. First, the Debtors sought, and on January 25, 2012 obtained, a Memorandum Order from the Bankruptcy Court, stating that court's inclination to consider vacating in part its September Order and September Opinion in conjunction with confirmation, if this Court were to remand the appeals for that limited purpose. See Bankr. D.I. 9481 (attached hereto as Exhibit A); Venen v. Sweet, 758 F.2d 117, 123 (3d Cir. 1985) (setting forth the proper procedure for vacatur of an

---

[4] "AAOC" means each of (a) Appaloosa Management L.P., Appaloosa Investment L.P.I, Palomino Fund Ltd., Thoroughbred Fund, L.P., and Thoroughbred Master Ltd. (collectively, "Appaloosa"), (b) Aurelius Capital Management, LP, Aurelius Capital Partners, LP, Aurelius Convergence Master, Ltd., ACP Master, Ltd., Aurelius Capital Master, Ltd., and Aurelius Investment, LLC (collectively, "Aurelius"), (c) Owl Creek Asset Management, L.P., Owl Creek I, L.P., Owl Creek II, L.P., Owl Creek Overseas Fund, Ltd., Owl Creek Socially Responsible Investment Fund, Ltd., Owl Creek Asia I, L.P., Owl Creek Asia II, L.P., and Owl Creek Asia Master Fund, Ltd. (collectively, "Owl Creek"), and (d) Centerbridge Partners, L.P., Centerbridge Special Credit Partners, L.P., Centerbridge Credit Partners, L.P., and Centerbridge Credit Partners Master, L.P. (collectively, "Centerbridge") and any other Affiliates of the funds listed in (a) through (d) above that own or, during the Chapter 11 Cases, owned securities issued by and/or have direct or indirect Claims against WMI.

[5] See Motion of Washington Mutual, Inc., and WMI Investment Corp. for an Order Pursuant to Bankruptcy Rule 9024, Federal Rule of Civil Procedure 60(b) and Section 105(a) of the Bankruptcy Code, to Vacate, in Part, the September Opinion and the September Order, as a Condition of Mediated Settlement Embodied in the Seventh Amended Plan, dated January 9, 2012 [Bankruptcy Case No. 08-12229, D.I. 9358].

order on appeal).  As the Bankruptcy Court explained at the hearing on the Debtors' Vacatur

Motion:

> The Third Circuit has stated that the proper procedure in situations where parties
> have settled while a matter is on appeal and which [sic] to have the trial court
> vacate its order, is to ask the trial court if it would be inclined to vacate the order
> before then asking the district court or the appellate court to remand to the trial
> court in order to effectuate that intention.

Hr.'g Tr. 46:14-21, Jan. 25, 2012.

3.      In announcing its inclination to vacate, the Bankruptcy Court further

explained that, "in order to allow the plan to go forward and to even be considered by me—

because the plan is predicated on the settlement between the Equity Committee and the

settlement noteholders and the other parties to the appeal—it is necessary that I have jurisdiction

to decide whether to vacate my decision," and the Bankruptcy Court "urge[d] the district court to

give me that jurisdiction to make that decision in the context of a full confirmation hearing." Id.

at 50:9-18.

4.      The Debtors, along with all other September Appellants, now submit this

Motion in furtherance of the second step prescribed by the Third Circuit when parties seek to

vacate an appealed ruling, and request a limited remand of their appeals to permit the Bankruptcy

Court to in fact rule on the Vacatur Motion in the context of the confirmation process.  See

Venen, 758 F.2d at 123.[6]

5.      Additionally, because the confirmation hearing is set to begin on

February 16, 2012, the September Appellants submit this motion on an emergency basis,

supported by the contemporaneously submitted affidavit of Brian S. Rosen, Esq., lead counsel

for the Debtors, and request that the Court order an immediate remand of their appeals solely for

---

[6] The limited purpose of the remand ensures that, if the Bankruptcy Court denies confirmation of the Seventh
Amended Plan, or if the Seventh Amended Plan is otherwise withdrawn or revoked, the limited remand would be of
no further force and effect and the September Appellants' appeals before this Court will proceed unaffected.

6

the limited purpose of vacatur, to ensure that the confirmation process will not be delayed, as the

requested vacatur is a condition precedent to confirmation of the Seventh Amended Plan.

Emergency relief is warranted, therefore, to ensure that confirmation can proceed on schedule

and that stakeholders who have been waiting more than three years can finally collect the $7

billion of distributions that the Seventh Amended Plan provides.

### FACTUAL BACKGROUND

6.      On September 26, 2008 (the "Commencement Date"), each of the Debtors

commenced with the Bankruptcy Court a voluntary case pursuant to chapter 11 of title 11 of the

United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate

their businesses and manage their properties as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code. On October 3, 2008, the Bankruptcy Court entered

an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), authorizing the joint administration of the Debtors' chapter 11 cases.

7.      On October 15, 2008, the United States Trustee for the District of

Delaware (the "U.S. Trustee") appointed the Creditors' Committee. On January 11, 2010, the

U.S. Trustee appointed the Equity Committee.

8.      On October 6, 2010, the Debtors filed their *Sixth Amended Joint Plan of

Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code* (as amended,

the "Sixth Amended Plan"). The Sixth Amended Plan was premised upon a global settlement

and compromise contained in that certain Amended and Restated Settlement Agreement, dated

October 6, 2010 (the "Initial Global Settlement Agreement"), by and among the Debtors,

JPMorgan Chase Bank, N.A., the Federal Deposit Insurance Corporation, and certain creditor

constituencies.

7

9.     Commencing December 1, 2010, the Bankruptcy Court held a hearing to consider confirmation of the Sixth Amended Plan.  On January 7, 2011, the Bankruptcy Court rendered an Opinion (the "January Opinion") (i) determining that the compromise and settlement embodied in the Initial Global Settlement Agreement and the transactions contemplated therein are fair, reasonable, and in the best interests of the Debtors, the Debtors' Creditors, and the Debtors' chapter 11 estates, and (ii) identifying certain modifications required before the Bankruptcy Court would confirm the Sixth Amended Plan.

10.     Consistent with the Bankruptcy Court's directions in the January Opinion, on February 8, 2011, the Debtors filed their *Modified Sixth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code* (the "Modified Sixth Amended Plan").  The Modified Sixth Amended Plan was premised upon that certain Second Amended and Restated Settlement Agreement, dated February 7, 2011 (the "Global Settlement Agreement"), which incorporates the economic terms of the Initial Global Settlement Agreement and has been amended to conform to certain revisions reflected in the Modified Sixth Amended Plan, or otherwise required by the January Opinion.

11.     Commencing on July 13, 2011, the Bankruptcy Court held a hearing to consider confirmation of the Modified Sixth Amended Plan.  On September 13, 2011, the Bankruptcy Court rendered the September Opinion (a) finding the Bankruptcy Court has jurisdiction to approve the Global Settlement Agreement and confirm the Modified Sixth Amended Plan, (b) reaffirming its conclusion that the Initial Global Settlement Agreement (and its successor Global Settlement Agreement) and the transactions contemplated therein are fair, reasonable, and in the best interests of the Debtors, the Debtors' Creditors, and the Debtors' chapter 11 estates, (c) finding, among other things, that the Modified Sixth Amended Plan was

8

proposed in good faith, and (d) identifying certain modifications in the Modified Sixth Amended Plan that, if incorporated, would render the plan confirmable under the requirements of the Bankruptcy Code.

12.     The September Opinion also granted the Standing Motion[7] filed by the Equity Committee with respect to certain claims for equitable disallowance (the "Standing Motion Ruling"), but stayed all proceedings related to the Standing Motion pending mediation. Pursuant to the September Order and September Opinion, the Bankruptcy Court directed certain parties to participate in mediation (the "Mediation") to explore a possible settlement of the Standing Motion and any issues that remain an impediment to confirmation of a plan of reorganization.

13.     Several parties filed notices of appeal from the September Order and September Opinion as to the Standing Motion Ruling: (i) AAOC, with (a) Aurelius filing individually and (b) Appaloosa, Owl Creek and Centerbridge (collectively, "AOC") filing jointly; (ii) the Creditors' Committee; (iii) the Debtors; and (iv) the Equity Committee, which filed a conditional notice of cross-appeal (collectively the "Standing Motion Appeals"). The Standing Motion Appeals have been transmitted to and are pending in this Court.[8]

14.     Additionally, several parties filed notices of appeal from the September Order and September Opinion on issues unrelated to the Standing Motion Ruling: (i) the WMB Noteholders[9] [D.I. 8679]; (ii) Normandy Hill [D.I. 8671]; and (iii) Wells Fargo [D.I. 8771]. These appeals also have been transmitted to the District Court.[10]

---

[7] See *Motion for an Order Authorizing the Official Committee of Equity Security Holders to Commence and Prosecute Certain Claims of Debtors' Estates*, dated July 12, 2011 [Bankruptcy Case No. 08-12229, D.I. 8179].

[8] See Case Nos. 11-971, 11-979, 11-1001, 11-1004, 11-1032, 11-1107, all pending in this Court.

[9] The WMB Noteholders include Thrivent Financial for Lutherans, AEGON USA Investment Management, LLC (AEGON Life Insurance (Taiwan) and Transamerica Financial Life Insurance Company), PPM America, Inc. (The

RLF1 5796722v. 1

15.     On October 10, 2011 [D.I. 8780], the Bankruptcy Court appointed the Honorable Raymond Lyons, United States Bankruptcy Judge, as mediator (the "Mediator"), and ordered the following parties to participate in the Mediation: (i) the Debtors, (ii) the Creditors' Committee, (iii) the Equity Committee, (iv) Aurelius, (v) Appaloosa, (vi) Centerbridge, (vii) Owl Creek, (viii) the TPS Consortium and the TPS Group, (ix) the WMB Noteholders, (x) Normandy Hill, (xi) The Bank of New York Mellon Trust Company, N.A., ("BNY Mellon"), in its capacity as Indenture Trustee for the Senior Notes, and (xii) the WMI Noteholders Group (as such term is used in the September Opinion) (collectively, the "Mediation Parties"); provided, however, that Normandy Hill and BNY Mellon were not required to attend the Mediation.

16.     The Mediation commenced on October 19, 2011.  At status conferences held on November 7, 2011, and on December 8, 2011, the Bankruptcy Court granted the Mediator's request for additional time to continue the Mediation.  As a result of the Mediation, discussions among the Debtors, the Creditors' Committee, the Equity Committee, AAOC, and other Creditor constituencies culminated in the Settlement and the modifications to the Modified Sixth Amended Plan, which are embodied in the Seventh Amended Plan and resolve, among other things, certain plan-related issues and objections, as well as the Standing Motion.

17.     Consistent with the Settlement, on December 12, 2011, the Debtors filed the Seventh Amended Plan and a related disclosure statement (the "Disclosure Statement").  On January 13, 2012, after a hearing, the Bankruptcy Court approved the Disclosure Statement and

---

Prudential Assurance Company, Ltd., JNL VA High Yield Bond Fund, Jackson National Life Insurance Company of New York, and Jackson National Life Insurance Company), New York Life Investment Management LLC, Legal & General Investment Management (Legal & General Investment Management America), The Northwestern Mutual Life Insurance Co. (Northwestern Mutual Life Insurance Co., Northwestern Long Term Care Insurance Company, Northwestern Mutual Series Fund, Inc., and its Select Bond Portfolio, and Northwestern Mutual Series Fund, Inc., and its Balanced Portfolio), ING Direct NV, Sucursal en España, and their affiliates, who are the legal or beneficial holders of, or have control or discretionary investment authority with respect to, in excess of $600 million in aggregate principal amount outstanding of Senior Notes and Subordinated Notes issued by Washington Mutual Bank.

[10] See Case Nos. 11-1027, 11-1028, 11-1107, all pending in this Court.

RLF1 5796722v. 1

authorized, among other things, the solicitation of acceptances and rejections to the Seventh

Amended Plan. Commencing February 16, 2012, the Bankruptcy Court will conduct a hearing

to consider confirmation of the Seventh Amended Plan.

**ARGUMENT**

I.    **An Immediate, Limited Remand Will Enable the Bankruptcy Court To Consider Vacatur In Conjunction with the Exceptional Circumstances Surrounding Confirmation Proceedings on the Seventh Amended Plan.**

18.    The September Appellants request that the Court order a limited remand

of their respective appeals to permit the Bankruptcy Court to consider the Vacatur Motion in

connection with the confirmation proceedings set to begin on February 16. The Settlement

embodied in the Seventh Amended Plan is conditioned on the Bankruptcy Court's granting

vacatur of (a) the September Order to the extent it relates to the Standing Motion and (b) those

portions of the September Opinion relating to the Standing Motion, including, but not limited to,

(i) Section III (H) of the September Opinion, pages 108 through 139, and (ii) the first sentence

on page 68, footnote 31 on page 70 and the last paragraph of Section III(D) of the September

Opinion, page 73. Accordingly, as the Bankruptcy Court noted, "in order to allow the plan to go

forward and to even be considered by me—because the plan is predicated on the settlement

between the Equity Committee and the settlement noteholders and the other parties to the

appeal—it is necessary that I have jurisdiction to decide whether to vacate my decision." Hr.'g

Tr. 50:9-14; see Venen, 758 F.2d at 123 ("If a district court is inclined to grant the motion or

intends to grant the motion . . . it should certify its inclination or its intention to the appellate

court which can then entertain a motion to remand the case. Once remanded, the district court

will have the power to grant the motion, but not before."); FED. R. CIV. P. 62.1 ("If a timely

motion is made for relief that the court lacks authority to grant because of an appeal that has been

docketed and is pending, the court may . . . state either that it would grant the motion if the court

11

of appeals remands for that purpose or that the motion raises a substantial issue."); FED. R. APP.

P. 12.1 ("If the district court states that it would grant the motion or that the motion raises a

substantial issue, the court of appeals may remand for further proceedings but retains jurisdiction

unless it expressly dismisses the appeal.").

19.    This remand procedure is followed by courts in connection with settlement

agreements that contemplate vacatur of rulings that are on appeal. See, e.g., Freedom Wireless,

Inc., v. Boston Commc'ns Group, Inc., 2006 WL 4451477, at *1-2 (D. Mass. Oct. 11, 2006)

(granting a vacatur motion after (i) a Rule 60(b)(6) motion for vacatur was filed with the district

court, (ii) the district court stated its inclination to grant the vacatur motion if jurisdiction was

reestablished, and (iii) a motion for remand was filed with the appeals court and subsequently

granted); In re Fairchild Aircraft Corp., 220 B.R. 909, 910 (Bankr. W.D. Tex. 1998) (bankruptcy

court vacated its prior appealed decision following remand from the district court); see also

Tommy Hilfiger Licensing, Inc. v. Costco Cos., 2002 WL 31654958, at *3 (S.D.N.Y. Nov. 25,

2002) ("[T]he Court finds that the requested 60(b) relief is merited . . . [but] this Court does not

actually grant vacatur at this time, but instead hereby advises the Second Circuit of its intention

to grant such relief if the case is remanded for that purpose.").

20.    And, both appellate courts and trial courts have exercised their equitable

discretion to vacate opinions in furtherance of settlement when "exceptional circumstances"

exist, as they do here. See, e.g. McKinney v. Phila. Hous. Auth., Case No. 07-4432, 2010 WL

2510382, at *4 (E.D. Pa. June 16, 2010); Freedom Wireless, 2006 WL 4451477, at *1; Fairchild,

220 B.R. at 910; Major League Baseball Props., Inc. v. Pac. Trading Cards, Inc., 150 F.3d 149

(2d Cir. 1998); BMC, LLC v. Verlan Fire Ins. Co., 2008 WL 2858737 (W.D.N.Y. July 22, 2008)

see also U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship, 513 U.S. 18, 29 (1994) (confirming

courts' "equitable discretion" to vacate orders in aid of settlement when "exceptional circumstances" exist).

21.    As the Bankruptcy Court stated, it "is inclined to conclude that this case would present the type of 'exceptional circumstances' that warrant granting a motion to vacate as a condition of settlement, should the District Court remand the September Appellants' appeals." Memorandum Order at ¶ 6. Specifically, the Bankruptcy Court highlighted the "strong public policy in bankruptcy cases to encourage settlement," as well as the fact that the Standing Motion Ruling was "not on the merits of the [E]quity [C]ommittee's claim" but "a preliminary ruling," and therefore "the precedential [e]ffect is not high." Hr.'g Tr. 48:16-17, 49:4. The Bankruptcy Court explained further that, if the appeals were remanded, it would consider whether vacatur "will save judicial resources, [and] whether it provides for a reasonable return to creditors and other stakeholders" in conjunction with the confirmation hearing, because those factors "are all really tied into whether the plan is confirmable." Hr.'g Tr. 50:20-23.

22.    Emergency relief is warranted because, if the requested vacatur cannot be granted by the Bankruptcy Court and the Seventh Amended Plan fails, it will cause the needless incurrence of expenses and further dilute or entirely evaporate the recoveries of junior creditors due to the ongoing accrual of postpetition interest.  It also will impose ongoing, substantial burdens on the judicial resources of both this Court and the Bankruptcy Court, as the pending appeals will be required to continue, rather than be dismissed, with prejudice, pursuant to the Settlement.  Thus, timing is critical for the Remand Motion so that the Bankruptcy Court will be in a position to grant the requested vacatur relief should it determine, following the confirmation hearing, that the Seventh Amended Plan should be confirmed.

13

23.    Should the Court grant this Motion, and should the Bankruptcy Court vacate the Standing Motion Ruling portions of the September Order and the September Opinion as part of its order confirming the Seventh Amended Plan, and should the Seventh Amended Plan be consummated in accordance with its terms, the September Appellants have indicated that they will dismiss all appeals emanating from the September Order and September Opinion.

24.    Accordingly, the September Appellants request that the Court rule on this Motion immediately to allow the Bankruptcy Court to consider the requested vacatur in conjunction with confirmation proceedings on the Seventh Amended Plan, which are set to begin on February 16.

## CONCLUSION AND REQUESTED RELIEF

For the reasons stated above, the September Appellants respectfully request that the Court order a limited remand of the September Appeals to the Bankruptcy Court so that the Bankruptcy Court may consider the requested vacatur in connection with confirmation proceedings on the Seventh Amended Plan.

14

Dated:  January 31, 2012
          Wilmington, Delaware

/s/ Travis A. McRoberts
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marcos A. Ramos (No. 4450)
Travis A. McRoberts (No. 5724)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile:  (302) 651-7701

– and –

Brian S. Rosen, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for Debtors*
*and Debtors in Possession*

/s/ Gregory A. Taylor
William P. Bowden (No. 2553)
Gregory A. Taylor (No. 4008)
Stacy L. Newman (No. 5044)
ASHBY & GEDDES, P.A.
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: (302) 654-1888
Facsimile:  (302) 654-2067

*Delaware Counsel to the Official Committee of*
*Equity Security Holders of Washington Mutual,*
*Inc., et al., and with respect to the Settlement Note*
*Holders, only as to Centerbridge Partners, L.P.,*
*Appaloosa Management L.P. and Owl Creek Asset*
*Management, L.P.*

– and –

Stephen D. Susman, Esq.
Seth D. Ard, Esq.
Susman Godfrey, L.L.P.
SUSMAN GODFREY, L.L.P.
654 Madison Avenue, 5th Floor
New York, New York 10065
Telephone: (206) 516-3880
Facsimile:  (206) 516-3883

Parker C. Folse, III, Esq.
Edgar Sargent, Esq.
Justin A. Nelson, Esq.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101
Telephone:  (212) 336-8330
Facsimile:  (212)336-8340

*Co-Counsel to the Official Committee of Equity
Security Holders of Washington Mutual, Inc., et al.*

– and –

William D. Sullivan (No. 2820)
SULLIVAN HAZELTINE ALLINSON LLC
901 N. Market Street, Suite 1300
Wilmington, Delaware 19801
Telephone: (302) 428-8191
Facsimile:  (302) 428-8195

*Conflicts Co-Counsel for the Official Committee of
Equity Security Holders of Washington Mutual,
Inc., et al., as to Aurelius Capital Management, L.P.*

RLF1 5796722v. 1

/s/ David B. Stratton
David B. Stratton (No. 960)
David M. Fournier (No. 2812)
James C. Carignan (No. 4230)
John H. Schanne, II (No. 5260)
PEPPER HAMILTON LLP
1313 N. Market Street, Suite 5100
Wilmington, Delaware 19801
Telephone: (302) 777-6500
Facsimile:  (302) 421-8390

– and –

Fred S. Hodara (admitted pro hac vice)
Robert A. Johnson (admitted pro hac vice)
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile:  (212) 872-1002

*Attorneys for the Official Committee of Unsecured
Creditors of Washington Mutual, Inc., et al.*

/s/ Michael D. DeBaecke
_____
Michael D. DeBaecke (No. 3186)
Victoria A. Guilfoyle (No. 5183)
BLANK ROME LLP
1201 Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400
Facsimile:  (302) 425-6464

– and –

Barry G. Sher, Esq.
Maria E. Douvas, Esq.
PAUL HASTINGS LLP
75 East 55th Street
New York, New York 10022
Telephone: (212) 318-6000
Facsimile:  (212) 319-4090

*Attorneys for Appaloosa Management L.P., on*
*behalf of Appaloosa Investment L.P. I, Palomino*
*Fund Ltd., Thoroughbred Fund L.P. and*
*Thoroughbred Master Ltd.*

– and –

Kenneth H. Eckstein, Esq.
Alan R. Friedman, Esq.
Jeffrey S. Trachtman, Esq.
Daniel M. Eggermann, Esq.
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile:  (212) 715-8000

*Attorneys for Aurelius Capital Management, LP on*
*behalf of , Aurelius Capital Partners, LP, Aurelius*
*Convergence Master, Ltd., ACP Master, Ltd.,*
*Aurelius Capital Masters, Ltd., and Aurelius*
*Investment, LLC.*

-and-

Alan Glickman, Esq.
Adam C. Harris, Esq.
William H. Gussman, Jr., Esq.
Brian D. Pfeiffer, Esq.
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
Telephone: (212) 756-2000
Facsimile:  (212) 593-5955

*Attorneys for Owl Creek Asset Management L.P.,*
*on behalf of Owl Creek I, L.P., Owl Creek II, L.P.,*
*Owl Creek Overseas Master Fund, Ltd.,*
*Owl Creek SRI Master Fund, Ltd.,*
*Owl Creek Asia I, L.P., Owl Creek Asia II, L.P. and*
*Owl Creek Asia Master Fund Ltd.*

– and –

Richard D. Owens, Esq.
Mark A. Broude, Esq.
LATHAM & WATKINS LLP
855 Third Avenue, Suite 1000
New York, New York 10003
Telephone: (212) 906-1200
Facsimile:  (212) 751-4864

*Attorneys for Centerbridge Partners, L.P.,*
*on behalf of Centerbridge Special Credit*
*Partners, L.P., Centerbridge Credit Partners, L.P.*
*and Centerbridge Credit Partners Master, L.P.*

RLF1 5796722v. 1

/s/ Matthew P. Morris

Jay W. Eisenhofer (No. 2864)
Geoffrey C. Jarvis (No. 4064)
Matthew P. Morris (*pro hac vice*)
GRANT & EISENHOFER P.A.
1201 N. Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone:  (302) 622-7000
Facsimile:  (302) 622-7100

– and –

Howard A. Cohen (No. 4082)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street, Suite 1000
Wilmington, Delaware 19801-1254
Telephone: (302) 467-4200
Facsimile:  (302) 467-4201

*Attorneys for The WMB Noteholders*

_/s/ Thomas M. Horan_
Steven K. Kortanek (No. 3106)
Thomas M. Horan (No. 4641)
WOMBLE CARLYLE SANDRIDGE & RICE, LLP
222 Delaware Avenue, Suite 1501
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile:  (302) 252-4330

– and –

Alan D. Halperin, Esq.
Julie D. Dyas, Esq.
HALPERIN BATTAGLIA RAICHT LLP
555 Madison Avenue, 9th Floor
New York, New York 10022
Telephone: (212) 765-9100
Facsimile:  (212) 765-0964

_Counsel for Normandy Hill Capital L.P._

*/s/ Christopher D. Loizides*

Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 654-0248
Facsimile:  (302) 654-0728

– and –

Walter H. Curchack, Esq.
P. Gregory Schwed, Esq.
Vadim J. Rubinstein, Esq.
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
Telephone:  (212) 407-4000
Facsimile:  (212) 407-4990

*Counsel for Wells Fargo Bank, N.A., Solely
in its Capacity as the PIERS Trustee*

**EXHIBIT A**

(Bankruptcy Court's Order Regarding the Vacatur Motion)

**ORIGINAL**

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

```
-------------------------------------------x
                                           :
In re                                      :      Chapter 11
                                           :
WASHINGTON MUTUAL, INC., et al.,[1]        :      Case No. 08-12229 (MFW)
                                           :
       Debtors.                            :      (Jointly Administered)
                                           :
-------------------------------------------x      Re: Docket No. 9358
```

### <u>MEMORANDUM ORDER</u>

Upon the *Motion Pursuant to Bankruptcy Rule 9024, Federal Rule of Civil Procedure 60(b), and Section 105(a) of the Bankruptcy Code, To Vacate, in Part, the September 13 Opinion and Order as a Condition of Mediated Settlement Embodied in the Seventh Amended Plan,* dated January 9, 2012 (the "<u>Motion</u>"),[2] all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the preliminary relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to those parties identified therein, and no other or further notice being required; and certain objections having been filed to the Motion, including the objection filed by the TPS Group; and the Court having determined that the preliminary relief sought in the Motion is in the best interest of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 925 Fourth Avenue, Seattle, Washington 98104.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

US_ACTIVE:\43908330\01\79831.0003
RLF1 5785828v. 1



0812229120125000000000003

establish just cause for the preliminary relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED AS FOLLOWS:

1.      The Motion is GRANTED as set forth herein, and all objections to the Motion, shall be, and hereby are, overruled in their entirety.

2.      The requested Rule 60(b) relief involves this Court's *Opinion*, dated September 13, 2011 [D.I. 8612] and its *Order*, dated September 13, 2011 [D.I. 8613] (together, the "September Order and September Opinion"), both of which have been appealed by various parties (the "September Appellants")[3] to the United States District Court for the District of Delaware (the "District Court").

3.      The Third Circuit has advised that, when a party seeks vacatur of an order on appeal, several steps should be followed. First, the requesting party should seek relief from the trial court pursuant to Rule 60(b). Second, if the trial court "is inclined to grant the motion or intends to grant the motion . . . it should certify its inclination or its intention to the appellate court which can then entertain a motion to remand the case. Once remanded, the . . . [trial] court will have the power to grant the motion, but not before." Venen v. Sweet, 758 F.2d 117, 123 (3d Cir. 1985); see also FED. R. CIV. P. 62.1 (providing procedures for remand to resolve a motion that a court states it would grant or states raised a substantial issue); FED. R. APP. P. 12.1 (same).[4]

---

[3] The September Appellants are: (i) the Debtors, (ii) the Creditors' Committee, (iii) the Equity Committee, (iv) AAOC, (v) the WMB Noteholders, (v) Normandy Hill, and (vi) Wells Fargo. See Case Nos. 11-971, 11-979, 11-1001, 11-1004, 11-1027, 11-1028, 11-1032, 11-1107, all pending in the District Court. No other party has appealed the September Order and September Opinion.

[4] See also Freedom Wireless, Inc., v. Boston Commc'ns Group, Inc., 2006 WL 4451477 (D. Mass. Oct. 11, 2006) (granting motion to vacate after (i) movant filed Rule 60(b) motion with the district court; (ii) the district court stated its inclination to grant the motion if jurisdiction was reestablished; and (iii) the court of appeals granted a motion to remand); Tommy Hilfiger Licensing, Inc. v. Costco Cos., 2002 WL 31654958, at *3 (S.D.N.Y. Nov. 25, 2002) ("[T]he Court finds that the requested 60(b) relief is merited . . . [but] this Court does not actually grant vacatur at this time, but instead hereby advises the Second Circuit of its intention to grant such relief if the case is remanded for that purpose."); In re Fairchild Aircraft Corp., 220 B.R. 909, 910 (Bankr. W.D. Tex. 1998) (bankruptcy court vacated its prior appealed decision, following remand from the district court).

4.    Consistent with this established procedure for considering a motion to vacate an order that is on appeal, the Court hereby certifies to the District Court that the Motion raises a substantial issue such that the Court would be inclined to grant the Motion if (i) the District Court orders a limited remand, for this purpose, of the September Appellants' appeals, and (ii) the Court determines that confirmation of the *Seventh Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code*, dated December 12, 2011 [D.I. 9178] (the "Seventh Amended Plan") is appropriate.

5.    Parties including the Debtors, the Creditors' Committee, the Equity Committee, AAOC, and other Creditor constituencies, have entered into a global settlement agreement that would resolve issues the September Appellants seek to appeal in connection with the September Order and September Opinion, as well as other objections to confirmation of the Seventh Amended Plan (the "Settlement"). The Settlement is expressly conditioned on vacatur of certain portions of the September Order and September Opinion that are at issue in certain September Appellants' pending appeals. The September Appellants have indicated that they will dismiss all appeals emanating from the September Order and September Opinion if this Court confirms the Seventh Amended Plan and grants the vacatur relief requested in the Motion.

6.    Under the circumstances, the Court believes that the Motion raises a substantial issue and, if the Court determines that confirmation of the Seventh Amended Plan— including the Settlement—is appropriate, the Court is inclined to conclude that this case would present the type of "exceptional circumstances" that warrant granting a motion to vacate as a condition of settlement, should the District Court remand the September Appellants' appeals. See U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship, 513 U.S. 18, 29 (1994); see also, e.g., McKinney v. Philadelphia Hous. Auth., 2010 WL 2510382, at *1 (E.D. Pa. June 16, 2010);

<u>BMC, LLC v. Verlan Fire Ins. Co.</u>, 2008 WL 2858737, at *2 (W.D.N.Y. July 22, 2008);

<u>Freedom Wireless, Inc., v. Boston Commc'ns Group, Inc.</u>, 2006 WL 4451477 (D. Mass. Oct. 11, 2006).

       7.     To avoid unnecessary procedural delay, the Court is providing this certification now so that the September Appellants' appeals can be remanded at this point, and the Court thereby will be in a position to grant the vacatur Motion promptly in connection with confirmation of the Seventh Amended Plan should the Court conclude that it is appropriate to do so.

Dated: January 25, 2012
       Wilmington, Delaware

_____
THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT B**

(Proposed Form of Order)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

```
---------------------------------------------x
                                             :
In re:                                       :      Chapter 11
                                             :
WASHINGTON MUTUAL, INC., et al.,¹            :      Case No. 08-12229 (MFW)
                                             :
                                             :      (Jointly Administered)
            Debtors.                         :
                                             :
---------------------------------------------x
                                             :
WASHINGTON MUTUAL, INC., et al.,             :
                                             :
                                             :
            Appellants,                      :      Civil Action No. 11-1004-GMS
v.                                           :
                                             :
OFFICIAL COMMITTEE OF EQUITY                 :
SECURITY HOLDERS,                            :
                                             :
            Appellee.                        :
                                             :
---------------------------------------------x
                                             :
AURELIUS CAPITAL MANAGEMENT, LP,             :
et al.,                                      :
                                             :      Civil Action No. 11-971-GMS
            Appellants,                      :
v.                                           :
                                             :
WASHINGTON MUTUAL, INC., et al.,             :
                                             :
            Appellees.                       :
                                             :
---------------------------------------------x
```

---

[1] The Debtors in the chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1201 Third Avenue, Suite 3000, Seattle, Washington 98101.

```
-----------------------------------------------------x
                                                      :
APPALOOSA MANAGEMENT L.P., et al.,                    :
                                                      :
                                                      :   Civil Action No. 11-979-GMS
            Appellants,                               :
v.                                                    :
                                                      :
OFFICIAL COMMITTEE OF EQUITY                          :
SECURITY HOLDERS, et al.,                             :
                                                      :
            Appellees.                                :
                                                      :
-----------------------------------------------------x
                                                      :
OFFICIAL COMMITTEE OF                                 :
UNSECURED CREDITORS,                                  :
                                                      :   Civil Action No. 11-1001-GMS
            Appellant,                                :
v.                                                    :
                                                      :
OFFICIAL COMMITTEE OF EQUITY                          :
SECURITY HOLDERS,                                     :
                                                      :
            Appellee.                                 :
                                                      :
-----------------------------------------------------x
                                                      :
OFFICIAL COMMITTEE OF EQUITY                          :
SECURITY HOLDERS,                                     :
                                                      :   Civil Action No. 11-1032-GMS
            Appellant,                                :
v.                                                    :
                                                      :
AURELIUS CAPITAL MANAGEMENT, LP,                      :
et al.,                                               :
                                                      :
            Appellees.                                :
                                                      :
-----------------------------------------------------x
```

2

```
-------------------------------------------------x
                                                 :
WELLS FARGO BANK NATIONAL                        :
ASSOCIATION,                                     :
                                                 :    Civil Action No. 11-1107-GMS
            Appellants,                          :
v.                                               :
                                                 :
BANK OF NEW YORK MELLON TRUST                    :
COMPANY N.A., et al.,                            :
                                                 :
            Appellees.                           :
                                                 :
-------------------------------------------------x
                                                 :
NORMANDY HILL CAPITAL LP,                        :
                                                 :
                                                 :    Civil Action No. 11-1027-GMS
            Appellants,                          :
v.                                               :
                                                 :
LAW DEBENTURE TRUST COMPANY                      :
OF NEW YORK, et al.,                             :
                                                 :
            Appellees.                           :
                                                 :
-------------------------------------------------x
                                                 :
WMB NOTEHOLDERS, et al.,                         :
                                                 :
                                                 :    Civil Action No. 11-1028-GMS
            Appellants,                          :
v.                                               :
                                                 :
WASHINGTON MUTUAL, INC., et al.,                 :
                                                 :
                                                 :
            Appellees.                           :
                                                 :
-------------------------------------------------x
```

**ORDER GRANTING APPELLANTS' JOINT EMERGENCY MOTION
FOR IMMEDIATE, LIMITED REMAND OF THEIR RESPECTIVE PENDING
APPEALS TO ENABLE THE BANKRUPTCY COURT TO VACATE, IN PART,
ITS SEPTEMBER 13, 2011 ORDER AND OPINION IN CONJUNCTION WITH
CONFIRMATION PROCEEDINGS ON THE DEBTORS' SEVENTH AMENDED PLAN**

The Court, having reviewed the *Appellants' Joint Emergency Motion for Immediate,*

*Limited Remand of Their Respective Pending Appeals to Enable the Bankruptcy Court to Vacate,*

*In Part, Its September 13, 2011 Order and Opinion in Conjunction with Confirmation*

*Proceedings on the Debtors' Seventh Amended Plan* (the "Motion for Limited Remand"),

seeking limited remand of multiple appeals, as captioned above (the "September Appeals"), in

connection with the *Opinion*, dated September 13, 2011 [Bankr. D.I. 8612] (the "September

Opinion") and related *Order*, dated September 13, 2011 [Bankr. D.I. 8613] (the "September

Order") of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy

Court"), and the Court having considered the matter;

IT IS HEREBY ORDERED that:

1.      The Motion for Limited Remand is GRANTED in its entirety; and

2.      The September Appeals are REMANDED solely for the limited purpose of
        enabling the Bankruptcy Court to consider, in conjunction with confirmation
        proceedings, vacatur of (a) the September Order to the extent it relates to the
        Standing Motion and (b) those portions of the September Opinion relating to the
        Standing Motion, including, but not limited to, (i) Section III (H) of the
        September Opinion, pages 108 through 139, and (ii) the first sentence on page 68,
        footnote 31 on page 70 and the last paragraph of Section III(D) of the September
        Opinion, page 73.

3.      In the event the Bankruptcy Court denies confirmation of the Seventh Amended
        Plan, or if the Seventh Amended Plan is otherwise withdrawn or revoked, this
        limited remand shall be of no further force and effect and the September
        Appellants' appeals before this Court shall proceed unaffected.

Dated: February __, 2012
       Wilmington, Delaware

_____
UNITED STATES DISTRICT JUDGE