# **EXHIBIT C**

ORIGINAL

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------x
:
*In re*                                                  :   **Chapter 11**
:
**WASHINGTON MUTUAL, INC., et al.,**[1]                  :   Case No. 08-12229 (MFW)
:
**Debtors.**                                             :   (Jointly Administered)
:
---------------------------------------------------------x   Re: Docket No. 9358

## MEMORANDUM ORDER

Upon the *Motion Pursuant to Bankruptcy Rule 9024, Federal Rule of Civil Procedure 60(b), and Section 105(a) of the Bankruptcy Code, To Vacate, in Part, the September 13 Opinion and Order as a Condition of Mediated Settlement Embodied in the Seventh Amended Plan*, dated January 9, 2012 (the "Motion"),[2] all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the preliminary relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to those parties identified therein, and no other or further notice being required; and certain objections having been filed to the Motion, including the objection filed by the TPS Group; and the Court having determined that the preliminary relief sought in the Motion is in the best interest of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 925 Fourth Avenue, Seattle, Washington 98104.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

establish just cause for the preliminary relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED AS FOLLOWS:

1. The Motion is GRANTED as set forth herein, and all objections to the Motion, shall be, and hereby are, overruled in their entirety.

2. The requested Rule 60(b) relief involves this Court's *Opinion*, dated September 13, 2011 [D.I. 8612] and its *Order*, dated September 13, 2011 [D.I. 8613] (together, the "September Order and September Opinion"), both of which have been appealed by various parties (the "September Appellants")[3] to the United States District Court for the District of Delaware (the "District Court").

3. The Third Circuit has advised that, when a party seeks vacatur of an order on appeal, several steps should be followed. First, the requesting party should seek relief from the trial court pursuant to Rule 60(b). Second, if the trial court "is inclined to grant the motion or intends to grant the motion . . . it should certify its inclination or its intention to the appellate court which can then entertain a motion to remand the case. Once remanded, the . . . [trial] court will have the power to grant the motion, but not before." Venen v. Sweet, 758 F.2d 117, 123 (3d Cir. 1985); see also FED. R. CIV. P. 62.1 (providing procedures for remand to resolve a motion that a court states it would grant or states raised a substantial issue); FED. R. APP. P. 12.1 (same).[4]

---

[3] The September Appellants are: (i) the Debtors, (ii) the Creditors' Committee, (iii) the Equity Committee, (iv) AAOC, (iv) the WMB Noteholders, (v) Normandy Hill, and (vi) Wells Fargo. See Case Nos. 11-971, 11-979, 11-1001, 11-1004, 11-1027, 11-1028, 11-1032, 11-1107, all pending in the District Court. No other party has appealed the September Order and September Opinion.

[4] See also Freedom Wireless, Inc., v. Boston Commc'ns Group, Inc., 2006 WL 4451477 (D. Mass. Oct. 11, 2006) (granting motion to vacate after (i) movant filed Rule 60(b) motion with the district court; (ii) the district court stated its inclination to grant the motion if jurisdiction was reestablished; and (iii) the court of appeals granted a motion to remand); Tommy Hilfiger Licensing, Inc. v. Costco Cos., 2002 WL 31654958, at *3 (S.D.N.Y. Nov. 25, 2002) ("[T]he Court finds that the requested 60(b) relief is merited . . . [but] this Court does not actually grant vacatur at this time, but instead hereby advises the Second Circuit of its intention to grant such relief if the case is remanded for that purpose."); In re Fairchild Aircraft Corp., 220 B.R. 909, 910 (Bankr. W.D. Tex. 1998) (bankruptcy court vacated its prior appealed decision, following remand from the district court).

4.  Consistent with this established procedure for considering a motion to vacate an order that is on appeal, the Court hereby certifies to the District Court that the Motion raises a substantial issue such that the Court would be inclined to grant the Motion if (i) the District Court orders a limited remand, for this purpose, of the September Appellants' appeals, and (ii) the Court determines that confirmation of the *Seventh Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code*, dated December 12, 2011 [D.I. 9178] (the "Seventh Amended Plan") is appropriate.

5.  Parties including the Debtors, the Creditors' Committee, the Equity Committee, AAOC, and other Creditor constituencies, have entered into a global settlement agreement that would resolve issues the September Appellants seek to appeal in connection with the September Order and September Opinion, as well as other objections to confirmation of the Seventh Amended Plan (the "Settlement"). The Settlement is expressly conditioned on vacatur of certain portions of the September Order and September Opinion that are at issue in certain September Appellants' pending appeals. The September Appellants have indicated that they will dismiss all appeals emanating from the September Order and September Opinion if this Court confirms the Seventh Amended Plan and grants the vacatur relief requested in the Motion.

6.  Under the circumstances, the Court believes that the Motion raises a substantial issue and, if the Court determines that confirmation of the Seventh Amended Plan— including the Settlement—is appropriate, the Court is inclined to conclude that this case would present the type of "exceptional circumstances" that warrant granting a motion to vacate as a condition of settlement, should the District Court remand the September Appellants' appeals. See U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship, 513 U.S. 18, 29 (1994); see also, e.g., McKinney v. Philadelphia Hous. Auth., 2010 WL 2510382, at *1 (E.D. Pa. June 16, 2010);

BMC, LLC v. Verlan Fire Ins. Co., 2008 WL 2858737, at *2 (W.D.N.Y. July 22, 2008); Freedom Wireless, Inc., v. Boston Commc'ns Group, Inc., 2006 WL 4451477 (D. Mass. Oct. 11, 2006).

7. To avoid unnecessary procedural delay, the Court is providing this certification now so that the September Appellants' appeals can be remanded at this point, and the Court thereby will be in a position to grant the vacatur Motion promptly in connection with confirmation of the Seventh Amended Plan should the Court conclude that it is appropriate to do so.

Dated: January 25, 2012
      Wilmington, Delaware

_____
THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE