# **EXHIBIT D**

DRAFT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>TRIBUNE COMPANY, *et al.*,<br>　　　　Debtors. | Chapter 11<br>Bankruptcy Case No. 08-13141 (KJC)<br>Jointly Administered |
| WILMINGTON TRUST COMPANY,<br>　　　　Appellant,<br>　v.<br>TRIBUNE COMPANY, *et al.*,<br>　　　　Appellees. | Civil Action No. 12-128 GMS |
| WILMINGTON TRUST COMPANY,<br>　　　　Appellant,<br>　v.<br>TRIBUNE COMPANY, *et al.*,<br>　　　　Appellees. | Miscellaneous Action No. 12-108 GMS |

**APPELLANT'S EMERGENCY MOTION FOR IMMEDIATE, LIMITED REMAND OF ITS PENDING SUBORDINATION APPEALS TO ENABLE THE BANKRUPTCY COURT TO CERTIFY ALL APPEALS RELATED TO THE BANKRUPTCY COURT'S CONFIRMATION ORDER AND CONFIRMATION MEMORANDUM, INCLUDING THE <u>SUBORDINATION APPEALS, TO THE THIRD CIRCUIT</u>**

SULLIVAN • HAZELTINE • ALLINSON LLC
William D. Sullivan (I.D. No. 2820)
William A. Hazeltine (I.D. No. 3294)
901 N. Market Street, Suite 1300
Wilmington, DE 19801
Telephone: (302) 428-8191

BROWN RUDNICK LLP
Robert J. Stark
Martin S. Siegel
Gordon Z. Novod
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800

*Counsel for the Appellant, Wilmington Trust Company,
as Successor Indenture Trustee for the PHONES Notes*

August __, 2012

# TABLE OF CONTENTS

                                                                                                                    **Page**

I.     PRELIMINARY STATEMENT ................................................................................... 1

II.    STATEMENT OF RELEVANT FACTS ..................................................................... 3

ARGUMENT ............................................................................................................................. 6

I.     An Immediate, Limited Remand Will Enable the Bankruptcy Court to
Certify All Appeals Concerning the Confirmation Memorandum and
Confirmation Order, Including the Subordination Appeals, to the Third Circuit .......... 6

II.    CONCLUSION ............................................................................................................. 9

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*In re Washington Mutual, Inc.*
    No. 11-00971-GMS (D. Del.) [D.I. 16] ................................................................2, 7

*In re Washington Mutual, Inc.*
    No. 11-00971-GMS (D. Del.) [D.I. 18] ................................................................2, 7

*In re Washington Mutual, Inc.*
    No. 08-12229-MFW (Bankr. D. Del.) [D.I. 9481] ...............................................2, 7

*Venen v. Sweet*
    758 F.2d 117 (3d Cir. 1985) ............................................................................2, 7, 8

**Statutes**

28 U.S.C. § 158(d)(2) ........................................................................................................1

**Other Authorities**

Fed. R. App. P. 12.2 ..........................................................................................................8

Fed. R. Civ. P. 62.1 ...........................................................................................................8

Rule 8001(f) of the Federal Rules of Bankruptcy Procedure ...........................................1

Wilmington Trust Company ("Wilmington Trust"), solely in its capacity as successor Indenture Trustee pursuant to an indenture dated April 1, 1999 (the "PHONES Indenture"), by and through its undersigned counsel, hereby moves (the "Motion") the United States District Court for the District of Delaware for an immediate, limited remand of Wilmington Trust's pending subordination appeals (*see* 1:12-cv-00128-GMS (D. Del.); 1:12-mc-00108-GMS (D. Del.) (collectively, the "Subordination Appeals")) in order to enable the Bankruptcy Court to certify to the Third Circuit all appeals of the July 23, 2012 Order Confirming Fourth Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by The Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A., dated July 23, 2012 [Bankr. D.I. 12074] (the "Confirmation Order") and its related Memorandum Overruling Objections To Confirmation Of The Fourth Amended Plan of Reorganization For Tribune Company And Its Subsidiaries And Denying Clarification Motion And Order Overruling Plan Objections And Denying The Clarification Motion, dated July 13, 2012 [Bankr. D.I. 12033] (the "Confirmation Memorandum"), including Wilmington Trust's Subordination Appeals, pursuant to 28 U.S.C. § 158(d)(2) and Rule 8001(f) of the Federal Rules of Bankruptcy Procedure.

In support of the Motion, Wilmington Trust respectfully represents as follows:

## I.     PRELIMINARY STATEMENT

In furtherance of the Bankruptcy Court's certification of all pending appeals related to the Confirmation Order and Confirmation Memorandum, Wilmington Trust, as the sole Appellant in the Subordination Appeals, seeks an immediate, limited remand of its appeal to permit the Bankruptcy Court to effectuate the Bankruptcy Court's desire to certify all pending appeals

related to the Confirmation Order and Confirmation Memorandum to the Third Circuit, including the Subordination Appeals.[1]

Consistent with Third Circuit precedent, Wilmington Trust has generally followed the procedure established by the Third Circuit in *Venen v. Sweet* for the voluntary remand of an appeal pending before the District Court for the purpose of effectuating a limited purpose. *See Venen v. Sweet*, 758 F.2d 117, 123 (3d Cir. 1985) (articulating the proper procedure for vacatur of an order on appeal); Wilmington Trust's Reply and Joinder to the Objections to Certification to the Third Circuit and For a Stay Pending Appeal [Bankr. D.I. __] (attached hereto as Exhibit A). This procedure also was followed in *In re Washington Mutual, Inc.* to obtain remand from this Court so as to permit an order of the Bankruptcy Court on appeal to the District Court to be vacated as a condition to a settlement.[2]

The remand of the Subordination Appeals for the express and sole purpose of certification of those appeals to the Third Circuit, and a consolidated appellate process for all appeals related to the Confirmation Order and Confirmation Memorandum, furthers the interests of judicial economy in these cases. The relief requested here will assist the prompt resolution of the appeal.

---

[1] In the Subordination Appeals, Wilmington Trust contends that the Bankruptcy Court erred in determining the extent of the PHONES subordination under the PHONES Indenture and whether the PHONES are subordinated with respect to distributions of Tribune Company's assets and are not subordinated with respect to proceeds of chapter 5 avoidance actions. The Subordination Appeals seek appellate review of the Bankruptcy Court's determination in its Reconsideration Opinion and the Allocation Disputes Opinion, both as incorporated into the Confirmation Order and employed under the Fourth Amended Plan.

[2] *See In re Washington Mutual, Inc.*, 1:11-cv-00971-GMS (D. Del.) [D.I. 16] (the appellants of a pending appeal filed an emergency motion in the District Court seeking immediate, limited remand of their respective pending appeals to enable the Bankruptcy Court to vacate, in part, its September 13, 2011 order and opinion in conjunction with confirmation proceedings on WaMu's Seventh Amended Plan) (the "WaMu Remand Motion") (attached hereto as Exhibit B); *In re Washington Mutual, Inc.*, 1:11-cv-00971-GMS (D. Del.) [D.I. 18] (the "WaMu Remand Order") (attached hereto as Exhibit C); *In re Washington Mutual, Inc.*, Case No. 08-12229 (Bankr. D. Del.) [D.I. 9481] (Bankruptcy Court memorandum Opinion indicating inclination to rule on a matter upon remand from the district court) (attached hereto as Exhibit D).

Because the remand of the Subordination Appeals is for a limited and express purpose, the District Court's prompt entry of the requested remand order will not delay the appellate process. Wilmington Trust submits this motion on an emergency basis, supported by the contemporaneously submitted affidavit of Martin S. Siegel, Esq., counsel for Wilmington Trust Company, and requests that the Court order an immediate remand of Wilmington Trust's Subordination Appeals solely for the limited purpose of remand to the Bankruptcy Court so that the Bankruptcy Court may certify those appeals, along with all other appeals of the Confirmation Memorandum and Confirmation Order to the Third Circuit. Emergency relief is warranted to ensure that certification of all pending appeals related to the Confirmation Order and Confirmation Memorandum, including the Subordination Appeals, can proceed on an expedited schedule.[3]

## II.    STATEMENT OF RELEVANT FACTS

On December 8, 2009, Tribune and certain of its subsidiaries (collectively, the "Debtors") filed voluntary petitions for chapter 11 protection under the Bankruptcy Code.

On December 10, 2010, the Debtors, the Official Committee of Unsecured Creditors of Tribune Company, and lenders, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. filed the Second Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries, as amended. [Bankr. D.I. 7136, 7701, 7801, 8231, 8259, 8580 and 8769].[4]

---

[3] Since timing is of the essence to all parties, including Wilmington Trust, Law Debenture (defined below) and Deutsche Bank (defined below), Wilmington Trust filed this Motion for Remand of the Subordination Appeals promptly upon entry of an order granting certification of the Unfair Discrimination Issue and Swap Claim Issue and requests that the District Court act on an emergency basis.

[4] The Modified Second Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries, filed 4/5/2011 [D.I. 8580] (the "Second Amended Plan").

On February 15, 2011, Wilmington Trust filed an objection to the Second Amended Plan. On April 13, 2011, the Bankruptcy Court heard legal argument concerning Wilmington Trust's objection to the Second Amended Plan and the application of the subordination terms of the PHONES Indenture. On May 11, 2011, Wilmington Trust filed a post-confirmation hearing brief [Bankr. D.I. 9268] in support of Wilmington Trust's objection to the Second Amended Plan.

On October 31, 2011, the Bankruptcy Court entered the confirmation opinion (the "2011 Confirmation Opinion") and accompanying order.[5] Among the grounds for denial of confirmation of the Second Amended Plan was the Bankruptcy Court's conclusion that recoveries on account of Chapter 5 causes of action obtained by the Litigation Trust created under the Second Amended Plan do not fall within the PHONES' subordination provision.

On November 14, 2011, (i) Aurelius and (ii) Law Debenture and Deutsche Bank filed separate motions for reconsideration of the 2011 Confirmation Opinion as it pertains to the application of PHONES subordination (the "Reconsideration Motions"). These motions were joined by Davidson Kempner Capital Management, LLC and Brigade Capital Management LLC. On December 6, 2011, Wilmington Trust filed an Omnibus Objection to the Reconsideration Motions. On December 9, 2011, Aurelius, Law Debenture and Deutsche Bank filed replies in support of the Reconsideration Motion. Joinders also were filed by Brigade and Davidson Kempner.

On December 14, 2011, the Bankruptcy Court heard oral argument on the Subordination Reconsideration Motions.[6] On December 29, 2011, the Bankruptcy Court entered the

---

[5] The 2011 Confirmation Opinion denied confirmation of both the Second Amended Plan as well as a plan proposed by Wilmington Trust, Law Debenture Trust Company of New York ("Law Debenture"), as indenture trustee, Deutsche Bank Trust Company Americas ("Deutsche Bank"), as indenture trustee and Aurelius Capital Management, L.P. ("Aurelius") [Bankr. D.I. 7127, 7802, 8169, 8225, 8286, 8755 and 8756].

[6] The Bankruptcy Court also heard argument on a separate motion for reconsideration of other portions of the 2011 Confirmation Opinion. That separate motion is not part of the Subordination Appeals.

4

Reconsideration Order and the Memorandum on Reconsideration. On January 10, 2012, Wilmington Trust timely filed an appeal and a prophylactic motion for leave to appeal the Reconsideration Order and the Memorandum on Reconsideration, as well as the 2011 Confirmation Opinion and Memorandum on Confirmation. *See* 1:12-cv-00128-GMS (D. Del.) (the "Reconsideration Appeal"). On July 26, 2012, Wilmington Trust filed its opening brief in this appeal. [1:12-cv-00128-GMS, D.I. 7] (the "Allocation Disputes Subordination Appeal").

During the late winter and spring 2012, the Bankruptcy Court adjudicated a number of allocation issues arising out of the enforcement of the PHONES subordination. On April 9, 2012, the Bankruptcy Court entered the Memorandum Regarding Allocation Disputes [Bankr. D.I. 11337] and accompanying Order Regarding Allocation Disputes [Bankr. D.I. 11338]. On April 23, 2012, Wilmington Trust timely filed its notice of appeal and a prophylactic motion for leave to appeal the Memorandum Regarding Allocation Disputes and Order Regarding Allocation Disputes. *See* 1:12-mc-00108-GMS (D. Del.). No schedule for briefing for the Allocation Disputes Subordination Appeal has been established.

Following entry of the order regarding Allocation Disputes, the Bankruptcy Court permitted the Debtors to pursue confirmation of the Fourth Amended Plan. On June 7, 8 and 11, 2012, the Bankruptcy Court held hearings to consider confirmation of the Fourth Amended Plan. In its objection to the Fourth Amended Plan, and at the hearing on June 7, 2012, Wilmington Trust reiterated its prior objections to the plan's implementation of the PHONES subordination and preserved for the record its objection to the Subordination Determination.

On July 13, 2012, the Bankruptcy Court issued the Confirmation Memorandum and on July 23, 2012, the Bankruptcy Court entered the Confirmation Order. The Confirmation

Memorandum and Confirmation Order adopted the Court's prior rulings on the Reconsideration Motion and Allocation Disputes.

On July 23, 2012, Law Debenture and Deutsche Bank (together with Law Debenture, "Law Debenture/DBTCA") filed a notice of appeal seeking appellate review of two issues determined in the Confirmation Memorandum and Confirmation Order: (i) the "Unfair Discrimination Issue" and (ii) "Swap Claim Issue" [Bankr. D.I. 12083]. On July 23, 2012, Law Debenture/DBTCA filed a motion seeking certification of direct appeal to the United States Court of Appeals for the Third Circuit of these issues. On July 23, 2012, Law Debenture/DBTCA also filed a motion for a stay pending appeal [Bankr. D.I. 12085]. On August 2, 2012, Wilmington Trust filed a notice of appeal of the Confirmation Order in order to appeal the "Unfair Discrimination Issue" and "Swap Claim Issue" as well as the Bankruptcy Court's adoption of the Reconsideration Opinion and Allocation Disputes Opinion, and orders in connection therewith [Bankr. D.I. 12157]. Wilmington Trust also filed joinders to Law Debenture/DBTCA's motion seeking certification of direct appeal to the United States Court of Appeals for the Third Circuit and Law Debenture/DBTCA's motion for a stay pending appeal [Bankr. D.I. 12159, 12160]. On August 17, 2012, the Bankruptcy Court considered Law Debenture/DBTCA's pending motions.

## ARGUMENT

I. **An Immediate, Limited Remand Will Enable the Bankruptcy Court to Certify All Appeals Concerning the Confirmation Memorandum and Confirmation Order, Including the Subordination Appeals, to the Third Circuit.**

Wilmington Trust requests that the District Court order an immediate, limited remand of the Subordination Appeals to permit the Bankruptcy Court to certify all appeals of the Confirmation Order and the Confirmation Memorandum, including Wilmington Trust's Subordination Appeals, to the Third Circuit.

6

Wilmington Trust's request for a remand for the express purpose of certification to the Third Circuit will effectuate a prompt resolution of the Subordination Appeals. A streamlined and consolidated appellate process for all appeals related to the Confirmation Order and Confirmation Memorandum furthers the interests of judicial economy and efficiency and will avoid duplication.

Consistent with Third Circuit precedent, an appellant may seek remand of an appeal to permit the lower court to determine a motion or matter before it. Wilmington Trust has generally followed the procedure established by the Third Circuit in *Venen v. Sweet* for the voluntary remand of an appeal pending before the District Court. *Venen v. Sweet*, 758 F.2d at 123. In *Venen*, the Third Circuit held that "[i]f a district court is inclined to grant the motion or intends to grant the motion... it should certify its inclination or its intention to the appellate court which can then entertain a motion to remand the case. Once remanded, the district court will have power to grant the motion, but not before." *Id.* (internal citations omitted). Further, the Third Circuit in *Venen* adopted the following procedure:

> When an appellant in a civil case wishes to make a [Rule 60(b) ] motion ... while his appeal is still pending, the proper procedure is for him to file his motion in the District Court. If that court indicates that it will grant the motion, the appellant should then make a motion in this court for a remand of the case in order that the District Court may grant the motion....

*Id.*

The District Court and Bankruptcy Court in *In re Washington Mutual, Inc.* ("*WaMu*") adopted this very procedure. *See infra*, n. 2. In *WaMu*, the appellants of a pending appeal sought and received the District Court's approval to remand the appeal to the Bankruptcy Court for the limited purpose of enabling the Bankruptcy Court to consider a request to vacate its prior orders and portion of a prior order. *See* WaMu Remand Order, ¶¶ 2, 3. The WaMu Remand Order

7

contained a condition that, if certain events happened, then the "limited remand shall be of no further force and effect and the ... appeals before this Court shall proceed unaffected." *Id.*

The Federal Rules of Civil Procedure also permit the relief requested by Wilmington Trust. *See* Fed. R. Civ. P. 62.1 ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may ... state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."); *see also* Fed. R. App. P. 12.2 ("If the district court states that it would grant the motion or that the motion arises a substantial issue, the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal.")

At or following the August 17th hearing, the Bankruptcy Court indicated that it is inclined to certify all pending appeals related to the Confirmation Order and Confirmation Memorandum to the Third Circuit, including the Subordination Appeals. However, as to the Subordination Appeals, the Bankruptcy Court cannot do so because of the pending appeal in this Court. If the Motion is granted, the Bankruptcy Court will be able to certify to the Third Circuit all appeals from the Confirmation Order.

Emergency relief is warranted here because, if the Subordination Appeals are not certified to the Third Circuit while all of the remaining appeals of the Confirmation Order and Confirmation Memorandum are so certified, then Wilmington Trust and all the appellees to the Subordination Appeals will be forced to incur duplicative expense of dual appeals. Moreover, the failure to certify all issues will impose ongoing, substantial burdens on the judicial resources of both this Court and the Third Circuit. Thus, an affirmative and prompt decision by this Court

is critical so that all appeals related to the Confirmation Order and Confirmation Memorandum can be certified at the same time, so that they can be heard together.

Accordingly, Wilmington Trust requests that the District Court rule on this Motion expeditiously to allow the Bankruptcy Court to certify the Subordination Appeals to the Third Circuit. To the extent that the Bankruptcy Court does not certify the Subordination Appeals to the Third Circuit or the Third Circuit refuses to accept certification of the Subordination Appeals, then Wilmington Trust requests that the remand order provide that the limited remand be of no further force and effect and Wilmington Trust's appeals before the District Court shall proceed unaffected.

//

//

//

//

## II. CONCLUSION

For the foregoing reasons, Wilmington Trust respectfully requests that the District Court order (i) a limited remand of the Subordination Appeals to the Bankruptcy Court so that the Bankruptcy Court may certify those appeals, along with all other appeals of the Confirmation Memorandum and Confirmation Order to the Third Circuit, (ii) provide that, should the Bankruptcy Court decline to certify the Subordination Appeals to the Third Circuit or the Third Circuit refuses to accept certification of the Subordination Appeals, then the limited remand be of no further force and effect and Wilmington Trust's appeals before the District Court shall proceed unaffected.

Dated: August [__], 2012

Respectfully submitted,

SULLIVAN • HAZELTINE • ALLINSON LLC

/s/   DRAFT
William D. Sullivan (I.D. No. 2820)
William A. Hazeltine (I.D. No. 3294)
901 N. Market Street, Suite 1300
Wilmington, DE 19801
Telephone: (302) 428-8191

-and-

BROWN RUDNICK LLP
Robert J. Stark
Martin S. Siegel
Gordon Z. Novod
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800

*Counsel for the Appellant, Wilmington Trust Company, as Successor Indenture Trustee for the PHONES Notes*

DRAFT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>TRIBUNE COMPANY, *et al.*,<br>　　　　　Debtors. | Chapter 11<br>Bankruptcy Case No. 08-13141 (KJC)<br>Jointly Administered |
| WILMINGTON TRUST COMPANY,<br>　　　　　Appellant,<br>v.<br>TRIBUNE COMPANY, *et al.*,<br>　　　　　Appellees. | Civil Action No. 12-128 GMS |
| WILMINGTON TRUST COMPANY,<br>　　　　　Appellant,<br>v.<br>TRIBUNE COMPANY, *et al.*,<br>　　　　　Appellees. | Miscellaneous Action No. 12-108 GMS |

**AFFIDAVIT OF MARTIN S. SIEGEL IN SUPPORT OF APPELLANT'S EMERGENCY MOTION FOR IMMEDIATE, LIMITED REMAND OF APPELLANT'S PENDING SUBORDINATION APPEALS TO ENABLE THE BANKRUPTCY COURT TO CERTIFY ALL APPEALS RELATED TO THE BANKRUPTCY COURT'S CONFIRMATION ORDER AND CONFIRMATION MEMORANDUM, INCLUDING THE <u>SUBORDINATION APPEALS, TO THE THIRD CIRCUIT</u>**

I, Martin S. Siegel, hereby attest to the following:

1. I am a partner in the law firm of Brown Rudnick, LLP, which represents Wilmington Trust Company ("Wilmington Trust"), solely in its capacity as successor Indenture Trustee pursuant to an indenture dated April 1, 1999 (the "PHONES Indenture"), in the above captioned capter 11 cases. I am admitted to practice law before the Courts of the State of New York and have been admitted *pro hac vice* in connection with the Debtors' chapter 11 cases.

2. I submit this affidavit on behalf of Wilmington Trust, as appellant with respect to the above captioned appeals (the "Subordination Appeals"), which arise from the Bankruptcy Court's Order Regarding Motions for Reconsideration of the Original Confirmation Opinion and Order [D.I. 10532] dated December 29, 2011 and the Memorandum on Reconsideration [D.I. 10531] dated December 29, 2011, the Order Denying Confirmation of Competing Plans [D.I. 10134] dated October 31, 2011 and the Bankruptcy Court's Opinion on Confirmation [D.I. 10133] dated October 31, 2011, and the Memorandum Regarding Allocation Disputes, dated April 9, 2012 [D.I. 11337] and accompanying Order Regarding Allocation Disputes, dated April 9, 2012 [D.I. 11338] as well as in support of Wilmington Trust's *Emergency Motion For Immediate, Limited Remand Of Its Pending Subordination Appeals To Enable The Bankruptcy Court To Certify All Appeals Related To The Bankruptcy Court's Confirmation Order And Confirmation Memorandum, Including The Subordination Appeals, To The Third Circuit* (the "Motion"). I have personal knowledge of the matters contained in this affidavit.

3. In the Motion, Wilmington Trust requests that this Court remand the above-captioned appeals to the Bankruptcy Court in order to enable the Bankruptcy Court to certify to the Third Circuit all appeals of the July 23, 2012 Order Confirming Fourth Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by The Debtors, The

Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A., dated July 23, 2012 [Bankr. D.I. 12074] (the "Confirmation Order") and its related Memorandum Overruling Objections To Confirmation Of The Fourth Amended Plan of Reorganization For Tribune Company And Its Subsidiaries And Denying Clarification Motion And Order Overruling Plan Objections And Denying The Clarification Motion, dated July 13, 2012 [Bankr. D.I. 12033] (the "Confirmation Memorandum"), including Wilmington Trust's Subordination Appeals, pursuant to 28 U.S.C. § 158(d)(2) and Rule 8001(f) of the Federal Rules of Bankruptcy Procedure.

4. As discussed more fully in the Motion, emergency relief is necessary to allow the Bankruptcy Court to certify all pending appeals related to the Confirmation Order and Confirmation Memorandum to the Third Circuit, including the Subordination Appeals.

5. At or following the August 17th hearing, the Bankruptcy Court indicated that it is inclined to certify all pending appeals related to the Confirmation Order and Confirmation Memorandum to the Third Circuit, including the Subordination Appeals.

6. Expediency is necessary in order to ensure that certification to the Third Circuit on the Subordination Appeals occurs currently with or shortly after the other pending appeals. Absent an immediate remand, however, the Bankruptcy Court will certify all appeals related to the Confirmation Order and the Confirmation Memorandum except for the Subordination Appeals. The failure to obtain an emergency remand for the purpose of certification to the Third Circuit will preclude a consolidated appellate process for all appeals related to the Confirmation Order and Confirmation Memorandum, and be contrary to the interests of judicial economy in these cases. It also will impose ongoing, substantial burdens on the judicial resources of both this Court and the Third Circuit, as the pending appeals will be required to continue, rather than

be addressed in the same manner before the same court.  Thus, timing is critical for the Motion so that the Bankruptcy Court will be in a position to grant certification of all appeals concerning the Confirmation Order, including the Subordination Appeals, to the Third Circuit.

I hereby declare under penalty of perjury that the foregoing is true and correct to the besst of my knowledge, information, and belief.

Executed this ___ day of August, 2012

                                                      By:__DRAFT_____
                                                         Martin S. Siegel