# Exhibit A



**Akin Gump**
Strauss Hauer & Feld LLP

DAVID M. ZENSKY
+1 212.872.1075/fax: +1 212.872.1002
dzensky@akingump.com

August 10, 2012

VIA ELECTRONIC DELIVERY

James F. Bendernagel, Jr.
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C. 20005

    Re: *In re Tribune Company, et al.*, Case No. 08-13141 (KJC)

Dear Jim:

    As you know, we represent Aurelius Capital Management, LP ("Aurelius") in the above-referenced matter. We write in connection with Aurelius's appeal (the "Appeal") of the order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") confirming the DCL Plan, and the memoranda, opinions and orders incorporated therein or related thereto.

    We intend to file a motion (the "Motion") in the United States District Court for the District of Delaware (the "District Court") seeking (i) an expedited briefing schedule on the Appeal, and (ii) a waiver of the requirement, set forth in the District Court's Standing Order dated July 23, 2004, that all appeals from the Bankruptcy Court be referred to mediation prior to briefing. With respect to the expedited briefing schedule, we intend to ask for a schedule providing that:

    (a) Aurelius's brief in support of the Appeal shall be filed no later than seven days after the District Court issues an order granting the Motion (the "Opening Filing Date");

    (b) any oppositions thereto shall be filed no later than ten days after the Opening Filing Date (the "Opposition Filing Date");

    (c) Aurelius's reply brief in further support of the Appeal shall be filed no later than ten days after the Opposition Filing Date; and

    (d) oral argument on the Appeal shall be heard as soon thereafter as the District Court can accommodate the parties.

    Pursuant to Rule 7.1.1. of the District Court's Local Rules, we request that the DCL Plan Proponents consent to the relief to be sought by the Motion, which will benefit all parties. If



James F. Bendernagel, Jr.
August 10, 2012
Page 2

Aurelius's pending motion for a stay of consummation of the DCL Plan is denied, these measures may allow for the Appeal to be heard before plan consummation. If the stay is granted, the relief sought by Aurelius will benefit the DCL Plan Proponents by hastening appellate review.

    Please let us know if the DCL Plan Proponents will consent to these measures as soon as possible, and no later than Tuesday, August 14, 2012, so that we may move forward with the Motion and the Appeal as expeditiously as possible.[1]

Sincerely,

David Zensky /KPS

David M. Zensky

---

[1] Nothing herein shall prejudice the Bankruptcy Court's ability to certify the Appeal for direct certification to the Third Circuit, or Aurelius's rights to request such certification or to seek a stay of consummation of the DCL Plan and/or other interim relief in the District Court, which rights are hereby expressly reserved.

# Exhibit B



| | | |
|---|---|---|
| SIDLEY AUSTIN LLP<br>1501 K STREET, N.W.<br>WASHINGTON, D.C. 20005<br>(202) 736 8000<br>(202) 736 8711 FAX | BEIJING<br>BRUSSELS<br>CHICAGO<br>DALLAS<br>FRANKFURT<br>GENEVA<br>HONG KONG<br>HOUSTON<br>LONDON | LOS ANGELES<br>NEW YORK<br>PALO ALTO<br>SAN FRANCISCO<br>SHANGHAI<br>SINGAPORE<br>SYDNEY<br>TOKYO<br>WASHINGTON, D.C. |
| jbendernagel@sidley.com<br>(202) 736 8136 | FOUNDED 1866 | |

August 14, 2012

**By Email**

David M. Zensky
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036

      Re:    *In re Tribune Company, et al.*, Case No. 08-13141 (KJC)

Dear David:

      I write on behalf of the DCL Plan Proponents in response to your letter of August 10, 2012 regarding Aurelius Capital Management, LP's ("Aurelius") proposed Motion to expedite the briefing schedule for the as-yet undocketed appeal of the Bankruptcy Court's Order Confirming Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by The Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. dated July 23, 2012, Docket No. 12074, (the "Confirmation Order") and related opinions (the "Appeal").

      The proposed schedule indicated in your letter is unacceptable to the DCL Plan Proponents. Since the Bankruptcy Court's October 31, 2011 Opinion on Confirmation – the decision that Aurelius seeks to overturn on appeal – Aurelius has had more than nine months to prepare its brief in support of the Appeal. A schedule that permits that DCL Plan Proponents ten days to respond to such a brief and then gives you ten more days to reply is plainly unfair and insufficient. We assume that Aurelius will seek to enlarge the page limits set by Delaware District Court Rule 7.1.3 for its opening brief. Please let us know what page limit you intend to seek so that we may gauge how much time would be appropriate for preparing our response brief.

      Furthermore, the DCL Plan Proponents believe that all appeals from the Confirmation Order and related opinions should be consolidated and briefed on the same schedule before the District Court. As you know, in addition to Aurelius's Appeal, multiple additional appeals of the

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships.


# SIDLEY

David M. Zensky
August 14, 2012
Page 2

Confirmation Order have been filed by Law Debenture Trust Company of New York and Deutsche Bank Trust Company Americas, Wilmington Trust Company, and EGI-TRB, LLC. Although these parties have sought to certify certain appeals directly to the Third Circuit, as set forth in the Objection of the DCL Plan Proponents to the Trustees' and EGI-TRB, LLC's Motions for an Order Certifying Direct Appeal of the Confirmation Order to the Court of Appeals for the Third Circuit, Docket No. 12216, (the "Objection"), such certification is improper. It is the position of the DCL Plan Proponents that for reasons of efficiency and timeliness, and in order to minimize the burden on the District Court that would result from the uncoordinated briefing of up to six piecemeal yet overlapping appeals of the Confirmation Order, all appeals at the District Court, including Aurelius's Appeal, should proceed under a consolidated and uniform briefing schedule.

Regards,

James F. Bendernagel Jr.

# Exhibit C

# Document Filed Under Seal

# Exhibit D

# Document Filed Under Seal