**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:                                                     :
                                                           :  Chapter 11
TRIBUNE COMPANY, et al.,                                   :
                                                           :  Case No. 08-13141 (KJC)
                              Debtors.                     :
                                                           :  (Jointly Administered)
                                                           :
                                                           :  Hearing Date: September 5, 2012 at 1:00 p.m.
                                                           :  Objection Deadline: August 29, 2012 at 4:00 p.m.
                                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**MOTION OF LAW DEBENTURE TRUST COMPANY OF NEW YORK
AND DEUTSCHE BANK TRUST COMPANY AMERICAS TO SEAL: (I) REPLY OF
LAW DEBENTURE TRUST COMPANY OF NEW YORK AND DEUTSCHE BANK
TRUST COMPANY AMERICAS FOR STAY PENDING APPEAL OF CONFIRMATION
ORDER, AND (II) DECLARATION OF MATTHEW B. STEIN IN FURTHER SUPPORT
OF LAW DEBENTURE TRUST COMPANY AMERICA'S CERTIFICATION MOTION
AND STAY MOTION**

Law Debenture Trust Company of New York ("Law Debenture"), as successor indenture trustee under that certain Indenture dated March 19, 1996 between Tribune Company (with its debtor subsidiaries, "Tribune" or the "Debtors") (successor to The Times Mirror Company) and Citibank, N.A. (as amended, the "1996 Indenture"), and Deutsche Bank Trust Company Americas ("DBTCA" and together with Law Debenture, the "Appellants"), successor trustee under (i) that certain indenture dated March 1, 1992, by and between Tribune and Continental Bank, N.A. (as amended, the "1992 Indenture"); (ii) that certain indenture dated January 30, 1995, by and between Tribune and First Interstate Bank of California (as amended, the "1995 Indenture"); and (iii) that certain indenture dated January 1, 1997, by and between Tribune and Bank of Montreal Trust Company (as amended, the "1997 Indenture," and together with the 1992 Indenture, the 1995 Indenture, and the 1996 Indenture, the "Senior Indentures" and the notes and holders of notes issued pursuant to the Senior Indentures, respectively, the "Senior

Notes" and "Senior Noteholders"), by their undersigned counsel, hereby respectfully request (the "Seal Motion"), pursuant to 11 U.S.C. §§ 105 and 107 and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), that this Court permit the filing of the following pleadings under seal: (i) *Reply of Law Debenture Trust Company of New York and Deutsche Bank Trust Company Americas for Stay Pending Appeal of Confirmation Order* (the "Reply"), and (ii) *Declaration of Matthew B. Stein in Further Support of Law Debenture Trust Company of New York's and Deutsche Bank Trust Company Americas' Motion for Stay Pending Appeal of Confirmation Order and Motion Requesting Certification of Direct Appeal* (the "Stein Declaration," with the Reply, the "Appeal Pleadings"). In support of their Seal Motion, Appellants respectfully represent as follows:[1]

## JURISDICTION AND VENUE

1.   The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2.   The statutory predicates for the relief sought herein are found in 11 U.S.C. §§ 105(a) and 107, Bankruptcy Rule 9018, and Local Rule 9018-1.

## RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

3.   The Court held the first confirmation hearing over a two-week period in March and April 2011 with closing arguments in June 2011 to consider two proposed competing plans of reorganization for Tribune (the "First Confirmation Hearing"). On October 31, 2011, the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan and the Appeal Pleadings.

Court issued its *Opinion on Confirmation* [Dkt. No. 10133] (the "First Confirmation Opinion") and its *Order Denying Confirmation Of Competing Plans* [Dkt. No. 10134] denying confirmation of both plans.  The First Confirmation Opinion left unresolved certain disputes regarding the allocation of distributions under the Plan to certain creditors of Tribune Company, the parent entity (collectively, the "Allocation Disputes").

4. On January 24, 2012, the Court entered an *Order Establishing Scheduling For (1) Resolution of the Allocation Disputes and (2) Consideration of DCL Plan Proponents' Supplemental Disclosure Document, Solicitation Procedures Motion and Plan* [Dkt. No. 10692] establishing, in part, the procedures for the adjudication of the Allocation Disputes.  The Allocation Disputes principally dealt with the enforceability of the subordination provisions in the PHONES Notes Indenture and the EGI-TRB Subordination Agreement (collectively, the "Subordination Agreements") to which *only* the Senior Noteholders have contractual entitlement.[2]

5. On April 9, 2012, the Bankruptcy Court entered its *Memorandum Regarding Allocation Disputes* [Dkt. No. 11337] (the "Allocation Disputes Memorandum") and accompanying *Order Regarding Allocation Disputes* [Dkt. No. 11338] (the "Allocation Disputes Order").

6. On June 7, 8 and 11, 2012, the Court held a hearing to consider the confirmation of the Plan.  On July 13, 2012, the Bankruptcy Court issued its *Memorandum Overruling Objections To Confirmation Of The Fourth Amended Plan of Reorganization For Tribune Company And Its Subsidiaries And Denying Clarification Motion And Order Overruling Plan Objections And Denying The Clarification Motion* [Dkt. No. 12033] (the "Confirmation

---

[2] It is undisputed that at least some other general unsecured claims do not have contractual entitlement to the benefits of subordination under the Subordination Agreements.

Memorandum") in which the Court overruled certain parties' objections to the Plan and denied certain parties' motion for reconsideration and/or clarification of the Allocation Disputes Order.

7. On July 23, 2012, the Bankruptcy Court entered the Confirmation Order. Both the Confirmation Memorandum and the Confirmation Order incorporated by reference the Court's conclusions in the Allocation Disputes Memorandum and the Allocation Disputes Order.

8. On July 23, 2012, Appellants filed their *Notice of Appeal* [Docket No. 12083] of the Confirmation Order, their *Motion Pursuant to 28 U.S.C. § 158(d)(2) and Fed. R. Bankr. P. 8001(f) Requesting Certification of Direct Appeal to United States Court of Appeals for the Third Circuit of the Unfair Discrimination Issue in the Allocation Disputes Order as Incorporated in the Order and Memorandum Opinion on Confirmation* [Docket No. 12084], and the *Motion of Law Debenture Trust Company of New York and Deutsche Bank Trust Company Americas for Stay Pending Appeal of Confirmation Order* [Docket No. 12085].

9. On August 1, 2012, the Bankruptcy Court entered the *Scheduling Order with Respect to Motions to Stay Pending Appeal of Confirmation Order and Motions for Certification of Direct Appeal of Confirmation Order* [Docket No. 12147], which set forth a schedule requiring the filing of the Appeal Pleadings on the date hereof.

10. Contemporaneously with the filing of this Seal Motion, Appellants are filing the Appeal Pleadings in redacted form. Because certain of the information contained in the Appeal Pleadings is based on information or documents that are confidential trade secrets, the Appellants, in the abundance of caution, seek to file the Appeal Pleadings under seal.

**REQUESTED RELIEF**

11. By this Motion, the Appellants respectfully request that the Court enter an order authorizing it to file the Appeal Pleadings and relevant supporting documents under seal.

4

**BASIS FOR REQUESTED RELIEF**

12. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities[3] from the potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall . . .
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

13. Bankruptcy Rule 9018 sets forth the procedure for application of section 107 of the Bankruptcy Code. Pursuant to Bankruptcy Rule 9018, the Court, on a motion or upon its own initiative:

> may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation.

FED. R. BANKR. P. 9018. Local Rule 9018-1(b) further provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." DEL. BANKR. L.R. 9018-1(b).

14. Section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.),* 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v.*

---

[3] Section 101(15) of the Bankruptcy Code defines "entity" to include any "person, estate, trust, governmental unit, and United States trustee." 11 U.S.C. § 101(15).

*Defendants Named Under Seal (In re Phar-Mor, Inc.),* 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Instead, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *See Orion Pictures*, 21 F.3d at 27 (emphasis in original).

15. The Appeal Pleadings and certain supporting documents, including select exhibits to the Stein Declaration and certain portions of the Reply, may be based on or contain information from documents that are confidential or trade secret. Based on the Appellants desire not to disclose such protected information, the Appellants request that the Court enter an order authorizing the Appellants to file the Appeal Pleadings and any supporting documents under seal and in redacted form.

## NOTICE

16. Appellants have provided notice of this Seal Motion to counsel to: (a) the Debtors; (b) the Official Committee of Unsecured Creditors; (c) Wilmington Trust Company; (d) Aurelius Capital Management, L.P.; (e) Brigade Capital Management, LLC; (f) Davidson Kempner Capital Management LLC; (g) Oaktree Capital Management, L.P.; (h) Angelo Gordon & Co., L.P.; (i) JPMorgan Chase Bank, NA; (j) Citadel Equity Fund, Ltd.; (k) Camden Asset Management LP; (l) EGI-TRB LLC; (m) TM Retirees; (n) Barclays Bank Plc; (o) Waterstone Capital Management L.P.; (p) certain directors and officers; and (q) the Office of the United States Trustee. Appellants respectfully submit that no further notice of the Seal Motion is required.

## NO PRIOR RELIEF

17. No prior request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, for all of the reasons set forth above, Appellants request that this Court enter the order submitted herewith authorizing the filing of the Appeal Pleadings in redacted form and under seal.

Dated: August 15, 2012
Wilmington, Delaware

Respectfully submitted,

| | |
|---|---|
| KASOWITZ, BENSON, TORRES<br>& FRIEDMAN LLP<br>David S. Rosner<br>Sheron Korpus<br>Christine A. Montenegro<br>Matthew B. Stein<br>1633 Broadway<br>New York, New York 10019<br>212-506-1700 | BIFFERATO GENTILOTTI LLC<br><br>    /s/ *Mary E. Augustine*<br>Garvan F. McDaniel (I.D. No. 4167)<br>Mary E. Augustine (I.D. No. 4477)<br>800 N. King Street, Plaza Level<br>Wilmington, Delaware 19801<br>302-429-1900 |

*Counsel for Law Debenture Trust Company of New York, solely in its capacity as successor Indenture Trustee for certain series of Senior Notes*

| | |
|---|---|
| McCARTER & ENGLISH, LLP<br>David J. Adler<br>245 Park Avenue<br>New York, New York 10167<br>212-609-6800 | McCARTER & ENGLISH, LLP<br><br>    /s/ *Katharine L. Mayer*<br>Katharine L. Mayer (I.D. No. 3758)<br>Renaissance Centre<br>405 N. King Street<br>Wilmington, Delaware 19801<br>302-984-6300 |

*Counsel for Deutsche Bank Trust Company Americas, solely in its capacity as successor Indenture Trustee for certain series of Senior Notes*