# CHADBOURNE & PARKE LLP

30 Rockefeller Plaza, New York, NY 10112
tel (212) 408-5100  fax (212) 541-5369

David M. LeMay
direct tel (212) 408-5112
dlemay@chadbourne.com

August 20, 2012

The Honorable Kevin J. Carey
United States Bankruptcy Court for the District of Delaware
824 North Market Street
Wilmington, DE 19801

Re: <u>**In re Tribune Company, et al., Debtors (Case No. 08-13141)**</u>

Dear Judge Carey:

      This letter supplements the August 17, 2012 hearing in response to arguments first raised by Law Debenture Trust Company of New York and Deutsche Bank Trust Company Americas (the "Trustees") in their Reply in Support of Motion for Certification of Direct Appeal [Docket No. 12275] (the "Reply"). Because the issue on appeal here is based on controlling precedent, the Trustees' appeal need not and should not be certified for direct appeal.

      Legislative history can supplement a court's understanding of an ambiguous statute, but it may not be used to impeach the statutory text. *Exxon Mobil Corp. v. Allapattah Servs., Inc.* (from which this Court quoted extensively in its Memorandum Regarding Allocation Disputes, 472 B.R. 223 (Bankr. D. Del. 2012) (the "Allocation Disputes Decision")) noted that the Supreme Court has "repeatedly held that the authoritative statement is the statutory text, not the legislative history or any other extrinsic material. Extrinsic materials have a role in statutory interpretation *only to the extent they shed a reliable light on the enacting Legislature's understanding of otherwise ambiguous terms*." 545 U.S. 546, 568 (2005) (emphasis added); *see also Mohamad v. Palestinian Auth.*, 132 S.Ct. 1702, 1709 (2012) ("reliance on legislative history is unnecessary in light of the statute's unambiguous language"); *In re Federal-Mogul Global Inc.*, 684 F.3d 355, 377 (3d Cir. 2012) (statutory text is the most authoritative indication of congressional intent).

      The Third Circuit Court of Appeals recently reaffirmed the primacy of statutory text in *Knepper v. Rite Aid Corp.*, 675 F.3d 249, 260 (3d Cir. 2012) ("Because reliance on the remarks of legislators not to supplement, but to supplant the duly enacted statutory text 'circumvent[s] the Article I process,' we do not need to go beyond the plain text in interpreting [the statute].") (quoting *Exxon Mobil*, 545 U.S. at 570).[1]

---

[1]   *In re Calabrese*, No. 11-3793, 2012 WL 2948545, at *6 (3d Cir. July 20, 2012), shows how courts properly use legislative history when a statute is ambiguous. In that case, the Third Circuit first determined that the text of Bankruptcy Code section 507(a)(8) was ambiguous, and then "reluctantly" turned to legislative history. *Id.* ("Reluctant as we are to wade into the murky waters of legislative history, the ambiguity inherent in the text of the statute requires us to do so.").



Because the law precludes the Trustees' efforts to use some legislative history from 1977 to gainsay the statute, the Reply asserted for the very first time that there is "recognized ambiguity surrounding the use of 'notwithstanding'" in section 1129(b)(1). Reply at ¶ 12. But a statute is ambiguous only when there are "two equally plausible readings of statutory text." *Bruesewitz v. Wyeth*, 561 F.3d 233, 240 (3d Cir. 2009). The Trustees have not proposed any plausible alternative reading of section 1129(b)(1).

The word "notwithstanding" in the Bankruptcy Code is unambiguous in the Third Circuit. The Third Circuit determined in *In re Goody's Family Clothing, Inc.*, 610 F.3d 812, 817 (3d Cir. 2010), that "notwithstanding" "means 'in spite of' or 'without prevention or obstruction from or by.'" *See* Allocation Disputes Decision, at 241. Subsequent to the Allocation Disputes Decision, the Third Circuit determined the meaning of "notwithstanding" in section 1123(a), which is syntactically indistinguishable from section 1129(b)(1). *See In re Federal-Mogul Global Inc.*, 684 F.3d 355 (3d Cir. 2012). In holding that section 1123(a) "clearly" preempts conflicting nonbankruptcy law, the Third Circuit noted that "[t]he Supreme Court has held that a 'notwithstanding' clause 'clearly signals the drafter's intention that the provisions of the 'notwithstanding' section override conflicting provisions,' . . . stating that '*[a] clearer statement is difficult to imagine.*'" *Id.* at 369 (quoting *Cisneros v. Alpine Ridge Grp.*, 508 U.S. 10, 18 (1993)).[2] *Federal-Mogul* eliminates the Trustees' (now apparently abandoned) suggestion that "notwithstanding" is not an override of conflicting laws, but instead means that unfair discrimination must be asserted "even before" application of contractual subordination. *See, e.g.*, Trustees' Response Brief Regarding Allocation Disputes [Docket No. 11069], at 31.

The Trustees' argument that "notwithstanding" should mean something different in section 1129(b)(1) than it does in other sections of the Bankruptcy Code has no basis in law. "Presumptively, identical words used in different parts of the same act are intended to have the same meaning." *U.S. Nat'l Bank of Oregon v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 460 (1993). Nothing rebuts that presumption here.

At the August 17, 2012 hearing, the Trustees suggested for the first time that section 1129(b)(1) is ambiguous or leads to absurd results because this Court's decision would eviscerate the "fair and equitable" rule. That argument fails as a simple matter of English syntax. "Notwithstanding" in section 1129(b)(1) overrides only section 510(a), and the "if" clause preceding the "fair and equitable" and "not discriminate unfairly" requirements makes it clear that any confirmable cramdown plan must always satisfy those tests. Simply put, courts may not read "unfairly" out of section 1129(b)(1).

Respectfully submitted,

David LeMay

---

[2] *Conoco v. Skinner*, 970 F.2d 1206 (3d Cir. 1992) did not "rely[] on legislative history to interpret the meaning of 'notwithstanding.'" Reply at ¶ 11. Rather, the court relied on the text of the Merchant Marine Act itself, specifically its "unmistakably clear" (from the statutory text itself) "primary purpose," in concluding that Congress did not intend the general "Notwithstanding any other provision of law" clause in one section of the Merchant Marine Act to supersede one other particular section of that Act. *Conoco*, 970 F.2d at 1221-24.