KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

(212) 506-1700

FACSIMILE: (212) 506-1800

(212) 506-1726

ATLANTA
HOUSTON
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY

August 20, 2012

Honorable Kevin J. Carey
United States Bankruptcy Court
District of Delaware
824 North Market Street
Wilmington, Delaware 19801

    Re:    *In re Tribune Company, et al.*, Case No. 08-13141 (KJC)

Dear Judge Carey:

    We submit this letter on behalf of Law Debenture Trust Company of New York and Deutsche Bank Trust Company Americas ("Trustees") to respond to the DCL Plan Proponents reliance on *In re Federal-Mogul Global Inc.*, 684 F.3d 355 (3d Cir. 2012), a case not cited in their papers, but raised for the first time during oral argument. *Federal-Mogul* does not change the fact that there is no controlling law from the Third Circuit Court of Appeals or the United States Supreme Court on whether crammed down confirmation of a plan that does not fully enforce a subordination agreement violates the unfair discrimination protection in Section 1129(b)(1). To be clear, the issue on appeal here is not simply the meaning of the phrase "notwithstanding section 510(a)" but rather the meaning of unfair discrimination with respect to debt *pari* as to the Debtors but subject to intra-creditor subordination.[1] *Federal-Mogul* provides no guidance, let alone, constitutes controlling law on the question.

    In *Federal-Mogul*, the Third Circuit interpreted Section 1123(a) by thoroughly analyzing the "statutory language, structure and legislative history of § 1123 . . ."; a task it has not yet undertaken with Section 1129(b). And, as this Court recognized at oral argument, the *Federal-Mogul* Court had quite a bit of decisional law on which to rely, in particular its prior on-point decision in *In re Combustion Eng'g, Inc.*, 391 F.3d 190 (3d Cir. 2004). *Federal-Mogul*, 684 F.3d at 366 ("[T]he question we addressed in *Combustion Engineering* was the same we confront here []"). The *Federal-Mogul* Court held that Congress' use of the phrase "notwithstanding any otherwise applicable nonbankruptcy law" in Section 1123(a) demonstrated its specific intent to preempt nonbankruptcy law as to mandatory plan provisions. *Id.* at 382.[2] The Third Circuit said nothing

---

[1] Prior to latching onto *Federal-Mogul* and viewing the question on appeal narrowly, the DCL Plan Proponents argued that *Goody's Family Clothing, Inc.*, 610 F.3d 812 (3d Cir. 2010), alone disposed of the issue because it controlled the meaning of "notwithstanding." Yet, the Third Circuit neither relied on nor even cited *Goody's* in *Federal-Mogul*.

[2] Even as it applied the clause broadly the Third Circuit nevertheless indicated that it was not absolute and would *not* preempt nonbankruptcy public health, safety, and welfare laws. *Id.* at 382.

about cram down, about unfair discrimination, or about enforcement of subordination agreements.

The Third Circuit has not had the opportunity to analyze the statutory language, structure and legislative history of Section 1129(b). Consistent with Third Circuit law we cited previously that "notwithstanding" may have different meanings in different contexts, we believe that the Third Circuit, in addressing unfair discrimination for the first time, will hold that Section 1129(b)'s "notwithstanding" clause, in context and as informed by its purpose, modifies the section differently than in *Federal-Mogul*. The Third Circuit may, and we submit it will, hold that the clause in Section 1129(b) means that *regardless* of a subordination agreement, a cram down plan may not unfairly discriminate; not that the clause *eliminates* a plan's need to enforce subordination agreements. Certainly it seems that that is what Congress intended because Congress did so in its *sole* example explaining the meaning of unfair discrimination. *See* H.R. Rep. No. 95-595, at 416-17 (1977).[3]

Contextually, in Section 1129(b), Congress provided fundamental safeguards to dissenting classes; one being the unfair discrimination requirement. But the statutory purpose and expressed Congressional intent *to protect* a dissenting class may be undermined, as we submit occurred here, precisely because there is no controlling decision on unfair discrimination in this Circuit. In no way does *Federal-Mogul's* preemption decision supply that authority. *Federal-Mogul* counsels against reading terms expansively if that reading leads to an "absurd result." Here, interpreting Section 1129(b)'s "notwithstanding" clause as broadly eliminating subordination agreements in cram down *does* lead to an absurd result. It excises subordination agreements from *both* the "unfair discrimination" and "fair and equitable" protections. That would permit debtors to ignore contractual seniority even as between the junior and senior classes, which contravenes the very definition of "fair and equitable" used later in the same statute. To avoid that obvious error, courts would be forced "unnaturally" to enforce subordination agreements as to "fair and equitable" but ignore them as to "unfair discrimination," again contrary to *Federal-Mogul*'s guidance. *Id.* at 369 ("It is hardly natural to read the 'notwithstanding' clause in § 1123(a) as applying only to some, but not all, of subsection (a), an approach that contravenes any normal method of statutory interpretation.").[4]

*Federal-Mogul* does not in any way provide the controlling decisional law necessary to resolve the Trustees' instant appeal and Certification Motion.

Respectfully,

*David S. Rosner* /MBS

David S. Rosner

---

[3] This is much like the use of "notwithstanding" in Section 109(a) which must mean that, *regardless* of the other limitations in Sections 109(b) and (c) on who can be a debtor under specific chapters of title 11, in each case it must a "person" within the meaning of Section 109(a). The "notwithstanding" clause does not read out the other limitations, it qualifies them conjunctively.

[4] Also, even in cram down in which compliance *only* with Section 1129(a)(8) is excused, Section 1129(a)(1)'s requirement that a debtor comply with *all* provisions of title 11 applies (including 510(a)). Nowhere does Section 1129(b) even reference (a)(1) let alone eliminate or modify it.