IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>Hearing Date: October 4, 2012 at 10:00 a.m. ET<br>Objection Deadline: September 10, 2012 at 4:00 p.m. ET |

**APPLICATION OF GREER, BURNS, & CRAIN, LTD. FOR ALLOWANCE AND
PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR SERVICES RENDERED AS ORDINARY COURSE COUNSEL
TO TRIBUNE COMPANY DURING THE PERIOD FROM
JANUARY 1, 2012 THROUGH APRIL 30, 2012**

Greer, Burns & Crain, Ltd. ("Greer"), patent counsel for Tribune Company ("Tribune"), one of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully submits this application (the "Application"),

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

pursuant to (i) sections 327, 331, and 503 of title 11 of the United States Code (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (iv) the Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business (D.I. 227) (the "OCP Order"), (v) the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (D.I. 225) (the "Interim Compensation Order"), as amended, and (vi) the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications (D.I. 546) (the "Fee Examiner Order") for (a) the allowance of fees in the aggregate amount of $44,360.00 and expenses in the aggregate amount of $310.00 for services rendered to the Debtors during the period from January 1, 2012 through April 30, 2012 and (b) for the limited waiver of the procedures for the approval and payment of professional compensation and consideration of fee applications set forth in the Interim Compensation Order and the Fee Examiner Order with respect to this Application (as discussed at paragraph 13, infra). In support of the Application, Greer respectfully states as follows:

## BACKGROUND OF THE CASES

1.  On December 8, 2008 (the "Petition Date"), Tribune and certain of its subsidiaries filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An

additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 110 entities.

2.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). (D.I. 43, 2333.)

3.  The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.  On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee").

5.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327, 331, and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

### PROCEDURAL BACKGROUND FOR THE APPLICATION

6.  On December 26, 2008, the Debtors filed the Motion for an Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code (D.I. 148) (the "OCP Motion"). In the OCP Motion, the Debtors sought approval of this Court to employ and retain the Ordinary Course Professionals[3] to provide

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.
[3] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the OCP Motion and OCP Order.

services to the Debtors as necessary for the day-to-day operations of the Debtors' businesses on terms substantially similar to those in effect prior to the Petition Date. Exhibit A to the OCP Motion contained a list of such Ordinary Course Professionals sought to be retained by the Debtors, including Greer.[4] On January 15, 2009, this Court granted the OCP Order. Greer filed its Rule 2014 statement pursuant to the OCP Order on June 4, 2010. (D.I. 4679).

       7.     Retention and compensation of the Ordinary Course Professionals is subject to the terms and conditions described in the OCP Order, including a Monthly Cap on the fees permitted to be paid to such Ordinary Course Professionals, per month on average over a rolling three-month period for Monthly Caps that are less than $50,000 per month, or a rolling two-month period for Monthly Caps of $50,000 per month. Expenses are not considered for the purpose of calculating the applicable Monthly Cap. Greer was retained by the Debtors with respect to certain patent matters (collectively, the "Patent Matters") in the ordinary course of business, with a Monthly Cap of $7,500.

       8.     The OCP Order provides that in the event the fees incurred and invoiced by any Ordinary Course Professional exceed the applicable Monthly Cap, such Ordinary Course Professional shall be required to seek the Court's approval of all fees invoiced for that month in accordance with the procedures set forth in the Interim Compensation Order and the Fee Examiner Order.

---

[4] Exhibit A to the OCP Motion has been subsequently supplemented and amended by the Debtors to add additional Ordinary Course Professionals or to seek increases to the Monthly Cap applicable to existing Ordinary Course Professionals (See D.I. 544, 877, 1086, 1756, 1826, 1887, 2283, 2412, 2865, 3222, 3861, 4214, 4607, 4614, 4845, 5395, 5846, 7236, 7545, 7820, 8310, 8788, 9333, 9686, 9758, 9772, 9847, 10350, 10684, 11235, 11336, 11512, 11612, and 11858.) Greer was added by the 1st Supplement (D.I. 544).

## BACKGROUND CONCERNING THE RELIEF REQUESTED

9. The Patent Matters on which Greer represents Tribune involve inventions related to Tribune's proprietary operational software for which patent protection is desirable. Greer was retained by Tribune beginning in June 2010 in an effort to obtain patent protection for these assets.

10. During the period covered by this Application, Greer represented Tribune with respect to the various Patent Matters that have arisen. Tribune required a greater-than-usual number of patent applications to be filed in early 2012. The Patent Matters include inventions related to: systems and methods for automated video tagging, systems and methods for content distribution relating to mobile devices, systems and methods for newsroom management and social media integration, a system and method of redundancy management for production assistance, a system and method for social media integration, a system of recording and playback of multimedia content, and several systems for the improvement of the visual characteristics of recorded videos, among other technology matters. The net effect of the increased activity in the various Patent Matters on which Greer represents Tribune during January through April 2012 resulted in correspondingly greater-than-anticipated expenditure of time and services by Greer. Those representations of Tribune by Greer caused Greer's fees to exceed the Monthly Cap of $7,500 for each month from January through April 2012. Greer contends that the services rendered have been fair and reasonable and well within the range of fees that would be charged by patent counsel for matters of this type. Further, Greer submits that the Tribune benefitted from the legal services that Greer has provided to Tribune with respect to the Patent Matters

11. Specifically, the Debtors have reviewed invoices submitted to them by Greer for fees incurred during the months of January through April 2012 and have approved as

necessary and proper fees in the aggregate amount of $44,360.00.[5] The Debtors have informed Greer that it has exceeded its Monthly Cap over two separate applicable three month periods (from January through March 2012 and from February through April 2012), requiring an application for the four month period.

## RELIEF REQUESTED

12.　By this Application, Greer seeks the allowance of fees in the amount of $44,360.00 and expenses in the amount of $310.00 for services rendered to Tribune during the period from January 1, 2012 through April 30, 2012. Additionally, Greer requests a limited waiver of the procedures for the approval and payment of professional compensation and consideration of fee applications set forth in the Interim Compensation Order and the Fee Examiner Order with respect to this Application. Additional information as required by Local Rule 2016-2(c), (d), and (e) relating to the fees and expenses requested herein is provided on Exhibits A-C to this Application.

## REQUEST FOR LIMITED WAIVER OF INTERIM COMPENSATION PROCEDURES

13.　Greer requests that the Tribune be permitted to pay Greer the full amount of the fees it incurred during the period from January 2012 through April 2012, rather than requiring Greer to seek approval of its fees on an interim basis subject to a 20% holdback and to seek the Court's allowance of such fees and expenses on a quarterly basis subject to the Fee Examiner's review and report. Greer respectfully submits that good cause exists for the Court to grant a limited waiver from the Interim Compensation Order to reduce the additional costs and delay of obtaining approval and payment of the amounts requested herein. Such fees were

---

[5] Greer, at the request of the Debtors, presented slightly modified January and March invoices which are attached hereto in Exhibit A, billing two time entries in tenths of an hour as opposed to quarters of an hour, as required by the Local Rules. This resulted in a very minor increase in overall fees, which Greer has agreed to write-down given the low number of entries in question and in the interest of the Debtors' administrative convenience.

incurred several months prior to when the Debtors determined that it would be necessary for Greer to file this Application to seek the Court's approval of the fees requested, and Greer understands that it may be several additional months before this Court will consider professionals' fee applications for the period covered by this Application. In addition, the payments sought by Greer are small in the context of these cases, but relatively large and important for Greer. In the alternative, Greer requests that the Court consider this Application at the next hearing scheduled for the consideration of interim fee applications.[6]

### PAYMENT FROM DEBTORS; NO SHARING OF COMPENSATION

14. Greer has received no payment and no promises of payment from any source other than the Tribune for services rendered as an Ordinary Course Professional to the Tribune in these chapter 11 cases. There is no agreement between Greer and any other party for the sharing of compensation to be received for the services rendered by Greer to the Tribune. All professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of the Tribune.

### REVIEW OF APPLICABLE LOCAL RULE

15. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with the requirements of Local Rule 2016-2.

---

[6] In the past, this Court has granted limited waivers of the otherwise-applicable procedures for compensation and reimbursement of expenses for professionals and consideration of fee applications set forth in this Court's Interim Compensation Order and Fee Examiner Order with respect to fee applications submitted by the Debtors' Ordinary Course Professionals. See, e.g., Order Allowing Compensation and Reimbursement of Expenses to SNR Denton US LLP for Services Rendered as Ordinary Course Counsel to the Debtors During the Period From July 1, 2010 through August 31, 2010 (D.I. 8704); Order Allowing Compensation and Reimbursement of Expenses to Hunton & Williams LLP for Services Rendered as Ordinary Course Counsel to the Debtors for Certain Litigation Matters During the Prior From May 1, 2010 through July 31, 2010 (D.I. 7454); Order Allowing Compensation and Reimbursement of Expenses to David Wright Tremaine LLP for Services Rendered as Ordinary Course Counsel to the Debtors During the Period From March 1, 2010 through June 30, 2010 (D.I. 6576).

16. The undersigned further certifies that the Debtors have had an opportunity to review this Application before it was filed with the Court.

## **NO PRIOR REQUEST**

17. No previous application with respect to the relief requested herein has been made to this or any other Court.

WHEREFORE, after appropriate notice and hearing, Greer respectfully requests the Court enter an order (i) allowing fees in the aggregate amount of $44,360.00 and expenses in the aggregate amount of $310.00 for services rendered to the Tribune during the period from January 1, 2012 through April 30, 2012; (ii) waiving the procedures for compensation and reimbursement of expenses for professionals and consideration of fee applications set forth in this Court's Interim Compensation Order and Fee Examiner Order with respect to this Application to the extent set forth herein, and (iii) granting such further relief as is just and proper.

Dated: Aug. 20, 2012

Respectfully submitted,

_____
Lawrence J. Crain
Greer, Burns & Crain, Ltd.
Suite 2500
300 S. Wacker Drive
Chicago, IL 60606
Telephone: (312) 360-0080
Facsimile: (312) 360-9315

9