IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| _____ | : | Chapter 11 |
| In re: | : |  |
|  | : | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, *et al.*, | : |  |
|  | : | Jointly Administered |
| Debtors. | : | **Objection Date: September 10, 2012 at 4:00 p.m.** |
| _____ | : | **Hearing Date:** *Only if Objections are Filed* |

**FORTY-THIRD MONTHLY FEE APPLICATION OF
COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A., CO-COUNSEL
TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
FROM JULY 1, 2012 THROUGH JULY 31, 2012**

| | |
|---|---|
| Name of Applicant: | **COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.** |
| Authorized to Provide Professional Services to: | **Tribune Company,** *et al.* |
| Date of Retention: | **February 3, 2009** *nunc pro tunc* **to December 8, 2008** |
| Period for which Compensation and Reimbursement is sought: | **July 1, 2012 through July 31, 2012** |
| Amount of Compensation sought as actual, reasonable and necessary: | **$148,750.50** |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | **$3,448.98** |
| This is a: | **Forty-Third Monthly Application** |

The time expended in July 2012, for the preparation of Applicant's forty-first and forty-second monthly and fourteenth interim fee applications was approximately 11.2 hours, and the corresponding compensation requested is approximately $4,079.50. The time expended for the preparation of the Applicant's forty-third monthly fee application will be included in the Applicant's *next* fee application.

**Prior Applications:**

| Application | Date Filed | Period Covered | Requested Fees/Expenses | Authorized Fees (80%)/ Expenses (100%) |
|---|---|---|---|---|
| 1st | 4/14/09 | 12/8/08 – 1/31/09 | $233,913/$21,827.87 | $187,130.40/$21,827.87 |
| 2nd | 4/15/09 | 2/1/09 – 2/28/09 | $84,867/$3,674.21 | $67,893.60/$3,674.21 |
| 3rd | 5/21/09 | 3/1/09 – 3/31/09 | $93,216/$4,574.28 | $74,572.80/$4,574.28 |
| 4th | 5/29/09 | 4/1/09 – 4/30/09 | $85,538.50/$9,310.40 | $68,430.80/$9,310.40 |
| 5th | 7/14/09 | 5/1/09 – 5/31/09 | $77,805.50/$3,025.90 | $62,244.40/$3,025.90 |
| 6th | 7/22/09 | 6/1/09 – 6/30/09 | $106,998.50/$5,684.58 | $85,598.80/$5,684.58 |
| 7th | 8/28/09 | 7/1/09 – 7/31/09 | $87,804.50/$8,160.20 | $70,243.60/$8,160.20 |
| 8th | 10/2/09 | 8/1/09 – 8/31/09 | $106,819/$4,367.14 | $85,455.20/$4,367.14 |
| 9th | 11/25/09 | 9/1/09 – 9/30/09 | $70,349/$6,301.43 | $56,279.20/$6,301.43 |
| 10th | 11/25/09 | 10/31/09 – 10/31/09 | $60,948/$10,706.61 | $48,758.40/$10,706.61 |
| 11th | 12/23/09 | 11/1/09 – 11/30/09 | $103,033.50/$96.48 | $82,426.80/$96.48 |
| 12th | 2/4/10 | 12/1/09 – 12/31/09 | $81,304/$3,248 | $65,043.20/$3,248 |
| 13th | 2/19/10 | 1/1/10 – 1/31/10 | $106,040.50/$2,637.20 | $84,832/$2,637.20 |
| 14th | 4/7/10 | 2/1/10 – 2/28/10 | $126,542.00/$7,450.93 | $101,233.60/$7,450.93 |
| 15th | 5/7/10 | 3/1/10 – 3/31/10 | $129,845.50/$5,187.23 | $103,876.40/$5,187.23 |
| 16th | 7/15/10 | 4/1/10 – 4/30/10 | $151,550.50/$8,795.37 | $121,240.40/$8,795.37 |
| 17th | 8/13/10 | 5/1/10 – 5/31/10 | $159,643.50/$26,630 | $127,714.80/$26,630 |
| 18th | 9/1/10 | 6/1/10 – 6/30/10 | $125,634.50/$4,219.90 | $100,507.60/$4,219.90 |
| 19th | 9/1/10 | 7/1/10 – 7/31/10 | $166,564.50/$5,945.64 | $133,251.60/$5,945.64 |
| 20th | 10/29/10 | 8/1/10 – 8/31/10 | $134,114.50/$6,992.18 | $107,291.60/$6,992.18 |
| 21st | 11/4/10 | 9/1/10 – 9/30/10 | $180,627.50/$4,660.41 | $144,502.00/$4,660.41 |
| 22nd | 11/12/10 | 10/31/10 – 10/31/11 | $157,302.50/$5,188.34 | $125,842.00/$5,188.34 |
| 23rd | 12/30/10 | 11/1/10 – 11/30/10 | $224,267.25/$33,140.29 | $179,413.80/$33,140.29 |
| 24th | 3/1/11 | 12/1/10 – 12/31/10 | $162,941.50/$37,286.10 | $130,353.20/$37,286.10 |
| 25th | 3/11/11 | 1/1/11 – 1/31/11 | $133,318.25/$7,280.20 | $106,654.60/$7,280.20 |
| 26th | 4/15/11 | 2/1/11 – 2/28/11 | $204,408/$13,333.83 | $163,526.40/$13,333.83 |
| 27th | 5/6/11 | 3/1/11 – 3/31/11 | $288,195/$87,978.25 | $230,556/$87,978.25 |
| 28th | 5/31/11 | 4/1/11 – 4/30/11 | $143,455.50/$48,295.24 | $114,764.40/$48,295.24 |
| 29th | 6/10/11 | 5/1/11 – 5/31/11 | $112,806.50/$4,192.48 | $90,245.20/$4,192.48 |
| 30th | 7/27/11 | 6/1/11 – 6/30/11 | $118,344/$4,770.03 | $94,675.20/$4,770.03 |
| 31st | 8/31/11 | 7/1/11 – 7/31/11 | $50,853.00/$3,084.16 | $40,682.40/$3,084.16 |
| 32nd | 9/22/11 | 8/1/11 – 8/31/11 | $93,965.50/$506.62 | $75,172.40/$506.62 |
| 33rd | 11/18/11 | 9/1/11 – 9/30/11 | $59,506.50/$1,395.90 | $47,605.20/$1,395.90 |
| 34th | 11/17/11 | 10/1/11 – 10/31/11 | $99,659/$988.31 | $79,727.20/$988.31 |
| 35th | 1/24/12 | 11/1/11 – 11/30/11 | $92,059.00/$1,813.46 | $73,647.20/$1,813.46 |
| 36th | 2/3/12 | 12/1/11 – 12/31/11 | $81,930.50/$1,209.43 | $65,544.40/$1,209.43 |
| 37th | 3/30/12 | 1/1/12 – 1/31/12 | $98,823.50/$952.40 | $79,058.80/$952.40 |
| 38th | 3/30/12 | 2/1/12 – 2/29/12 | $93,744.50/$850.45 | $74,995.60/$850.45 |
| 39th | 4/18/12 | 3/1/12 – 3/31/12 | $149,159.50/$3,828.78 | $119,327.60/$3,828.78 |
| 40th | 6/15/12 | 4/1/12 – 4/30/12 | $103,073/$10,194.75 | $82,458.40/$10,194.75 |
| 41st | 7/17/12 | 5/1/12 – 5/31/12 | $110,216/$1,237.28 | $88,172.80/$1,237.28 |
| 42nd | 8/8/12 | 6/1/12 – 6/30/12 | $132,464.50/$11,059.44 | *pending* |
| 43rd | 8/20/12 | 7/1/12 – 7/31/12 | $148,750.50/$3,448.98 | *pending* |

2

## TRIBUNE COMPANY, *et al.*

### SUMMARY OF BILLING BY ATTORNEY
### JULY 1, 2012 THROUGH JULY 31, 2012

| Name of Professional Person | Date of Bar Admission | Position with the Applicant and Number of Years in that Position | Hourly Billing Rate[1] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Norman L. Pernick | 1985 | Member (since 2008) | $750.00 | 27.5 | $20,625.00 |
| J. Kate Stickles | 1990 | Member (since 2008) | $595.00 | 173.4 | $103,173.00 |
| Michael F. Bonkowski | 1983 | Member (since 2008) | $595.00 | 0.7 | $416.50 |
| Patrick J. Reilley | 2003 | Member (since 2011) | $410.00 | 11.2 | $4,592.00 |
| Pauline Z. Ratkowiak | N/A | Paralegal (since 2008) | $230.00 | 84.3 | $19,389.00 |
| Kerri L. LaBrada | N/A | Paralegal (since 2010) | $185.00 | 3.0 | $555.00 |
| TOTALS | | | | 300.10 | $148,750.50 |

**Blended Rate:  $495.67**

---

[1]  The rate represents the regular hourly rate for each attorney and paraprofessional who rendered legal services.  All hourly rates are adjusted by Cole, Schotz, Meisel, Forman & Leonard, P.A. on a periodic basis (the last such adjustment occurred on September 1, 2011).

**TRIBUNE COMPANY,** *et al.*

**COMPENSATION BY PROJECT CATEGORY**
**JULY 1, 2012 THROUGH JULY 31, 2012**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 20.7 | $8,009.50 |
| Cash Collateral and DIP Financing | 4.7 | $2,905.00 |
| Claims Analysis, Administration and Objections | 55.4 | $27,948.00 |
| Creditor Inquiries | 1.5 | $637.00 |
| Employee Matters | 3.9 | $2,189.00 |
| Fee Application Matters/Objections | 62.5 | $22,143.50 |
| Litigation/General (Except Automatic Stay Relief) | 5.1 | $2,731.50 |
| Preferences and Avoidance Actions | 0.6 | $211.00 |
| Preparation for and Attendance at Hearings | 31.2 | $15,771.00 |
| Reorganization Plan | 108.3 | $63,866.50 |
| Reports; Statements and Schedules | 1.8 | $852.00 |
| Retention Matters | 4.4 | $1,486.50 |
| **TOTAL** | **300.10** | **$148,750.50** |

**TRIBUNE COMPANY,** *et al.*

**EXPENSE SUMMARY**
**JULY 1, 2012 THROUGH JULY 31, 2012**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Photocopying (3,292 pages @ $.10/page) | | $329.20 |
| Telephone | | $30.10 |
| Postage | | $11.70 |
| Court Costs (Telephonic Court Appearance Fee) | CourtCall | $983.00 |
| Travel Expenses (Transportation and Working Meals) | Dave's Limo; Purebread IV | $304.19 |
| Overtime/Additional Staffing | Staff/Secretarial | $241.80 |
| Filing Fee (*Pro Hac Vice* Motion) | U.S. District Court | $25.00 |
| Outside Photocopying | Parcels, Inc. | $1,094.00 |
| Transcripts | Diaz Data Services | $143.10 |
| Messenger Service | Parcels, Inc. | $159.40 |
| Overnight Delivery | Federal Express | $127.49 |
| **TOTAL** | | **$3,448.98** |

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, *et al.*,[1] | : |  |
|  | : | Jointly Administered |
| Debtors. | : | **Objection Date: September 10, 2012 at 4:00 p.m.** |
|  | : | **Hearing Date:** *Only if Objections are Filed* |

## FORTY-THIRD MONTHLY FEE APPLICATION OF COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A., CO-COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JULY 1, 2012 THROUGH JULY 31, 2012

Cole, Schotz, Meisel, Forman & Leonard, P.A. (the "Applicant"), co-counsel to the debtors

and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases, hereby applies to

the Court for monthly allowance of compensation for services rendered, in the amount of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

$148,750.50, and reimbursement of expenses in the amount of $3,448.98 for the period from July 1, 2012 through July 31, 2012 (the "Application"), and respectfully represents as follows:

## Introduction

1.      On December 8, 2008 (the "Petition Date"), Tribune Company and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.  In all, the Debtors comprise 110 entities.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only by applicable orders of the Bankruptcy Court.

2.      On or about December 18, 2008, the United States Trustee appointed an official committee of unsecured creditors (the "Committee") pursuant to 11 U.S.C. § 1102(a)(1).

3.      On January 15, 2009, this Court entered an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Official Committee Members (the "Fee Order").  In accordance with the Fee Order, in the absence of any objection to the monthly fee application within twenty (20) days of the submission thereof, Debtors are authorized to pay 80% of the fees and 100% of the disbursements requested.

4.      On February 3, 2009, this Court authorized the Debtors to retain Applicant, *nunc pro tunc* to December 8, 2008, to serve as co-counsel to the Debtors in these proceedings.

5.      On March 19, 2009, the Court appointed Stuart Maue as the Fee Examiner in these cases.

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

46429/0001-8771857v3

## Relief Requested

6.     Pursuant to the Fee Order and section 331 of the Bankruptcy Code, Applicant makes this Application for interim approval of compensation for professional services rendered, in the amount of $148,750.50, and reimbursement of actual and necessary expenses incurred, in the amount of $3,448.98, in serving as co-counsel to the Debtors during the period July 1, 2012 through July 31, 2012.

## Allowance of Compensation

7.     Attached hereto as Exhibit A is the Affidavit of Applicant with respect to the compensation requested.

8.     Attached hereto as Exhibit B is a detailed itemization, by project category, of all services performed by Applicant with respect to these matters from July 1, 2012 through July 31, 2012.  This detailed itemization complies with Del. Bankr. L. R. 2016-2(d) in that each time entry contains a separate time allotment, a description of the type of activity and the subject matter of the activity, all time is billed in increments of one-tenth of an hour, time entries are presented chronologically in categories, and all meetings or hearings are individually identified.

9.     Applicant serves as co-counsel to the Debtors and is active in all aspects of these chapter 11 proceedings.  The following summary highlights the major areas in which Applicant rendered services for the time period covered by this Application.   The full breadth of Applicant's services for the time period are reflected in the attached Exhibit B.

        a)     Case Administration (20.7 hours; $8,009.50).  This category includes a number of different tasks necessary to comply with the requirements of this Court and the Bankruptcy Code, including without limitation, reviewing general case documents, reviewing and maintaining a case calendar, maintaining a critical dates chart, scheduling of hearings with

3

the Court, setting up telephonic court appearances, responding to general case inquiries and document requests, conferencing with co-counsel regarding tasks, division of labor and strategies, and other miscellaneous tasks not otherwise separately classifiable.

      b)    Claims Analysis, Administration and Objections (55.4 hours; $27,948.00). This category includes, but is not limited to, time spent conferencing with Debtors' professionals regarding the reconciliation and resolution of various claims; preparing and filing certifications regarding the settlement of the Buena Vista, AT&T, Ohio, Mazurkewicz and Woodies Holdings claims; communicating with claimants regarding pending objections to claims; reviewing and filing a reply in support of the supplemental objection to the Henke claim; filing the fifty-fifth and fifty-sixth omnibus objection to claims; filing notices of submission of claims; reviewing, analyzing, researching and preparing proposed stipulations with respect to various claims subject to negotiation; and preparing and filing the Debtors' sixth notice of claims settlements.

      c)    Fee Application Matters/Objections (62.5 hours; $22,143.50). This category includes time spent preparing and filing Applicant's monthly and interim fee applications and responses to the fee examiner's initial reports. This category also includes time spent corresponding with the Debtors' other professionals regarding their fee applications and fee-related issues, filing their fee applications, and preparing and filing certifications with respect to their fee applications. In addition, this category includes time spent preparing and filing notices with respect to payment of ordinary course professionals, preparing a cumulative chart of fees and expenses with respect to all billing professionals, and communicating with the Fee Examiner concerning fee issues.

d)    Preparation for and Attendance at Hearings (31.2 hours; $15,771.00). This category includes time spent preparing for and attending hearings, including review of documents, witness preparation, strategy conferences with the Debtors' representatives and professionals, and preparation of hearing presentation. In addition, this category includes time spent preparing and filing notices of hearing and notices of agenda, preparing hearing notebooks, and communicating with co-counsel and other parties in interest with respect to the status of matters scheduled for hearing.

e)    Reorganization Plan (108.3 hours; $63,866.50). This category includes a number of different tasks related to confirmation of the Fourth Amended DCL Plan, including, but not limited to, preparing and filing a notice of final date by which to elect to receive New Class B Common Stock, reviewing and analyzing the confirmation decision and filing a proposed order confirming the Fourth Amended DCL Plan. In addition, this category includes time spent conferencing with Debtors' professionals regarding plan provisions and distributions, communicating with counsel for DBTCA and MSCS regarding distribution mechanics, and preparing a proposed stipulation regarding distribution mechanics.

This category also includes time spent addressing pending appeals, including, but not limited to, communicating with parties in interest regarding the briefing schedule governing the pending WTC appeals and preparing a joint motion to extend the briefing schedule; reviewing the District Court Judge's procedures with respect to extensions of a briefing schedule; reviewing and analyzing notices of appeal, statement of issues, designations of record on appeal, motions for stay pending appeal, a motion for direct appeal to the Third Circuit, and motions to expedite; reviewing and filing a response to motions to expedite the motions to stay pending appeal and motion to certify direct appeal; researching appellate issues and procedures; drafting

a proposed certification and proposed scheduling order with respect to the motions to stay and motion for direct certification and communicating and negotiating with parties in interest regarding the proposed scheduling order; filing a certification and competing proposed scheduling orders; and reviewing and analyzing WTC's opening briefing on appeal.

### Reimbursement of Expenses

10.    Attached hereto as <u>Exhibit C</u> is a description of the costs actually expended by the Applicant in the performance of services rendered as co-counsel to the Debtors. These costs for which reimbursement is requested total $3,448.98. The breakdown of costs includes the rate for copying charges ($.10/page) and the basis for each rate, facsimile charges ($1.00/page – outgoing transmission only), telephone, postage, filing fees, telephonic appearance charges, transcription fees, transportation, outside photocopying, overtime, working meals, messenger service and overnight delivery. By this Application, the Applicant does not seek expenses for incoming facsimile transmissions.

46429/0001-8771857v3

WHEREFORE, Cole, Schotz, Meisel, Forman & Leonard, P.A. respectfully requests that the Court enter an Order:    (i)  granting the Application and authorizing allowance of compensation in the amount of $148,750.50 for professional services rendered, and $3,448.98 for reimbursement for actual and necessary costs; (ii) directing payment by the Debtors of the foregoing amounts; and (iii) granting such other and further relief as this Court deems necessary and just.

Dated:  August 20, 2012

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By:/s/ J. Kate Stickles
 Norman L. Pernick (No. 2290)
 J. Kate Stickles (No. 2917)
 500 Delaware Avenue, Suite 1410
 Wilmington, DE  19801
 (302) 652-3131

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

46429/0001-8771857v3