**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>TRIBUNE COMPANY, *et al.*,<br><br>          Debtors. | Chapter 11<br><br>Cases No. 08-13141 (KJC)<br><br>Jointly Administered<br>**Proposed Objection Deadline: September 13, 2012**<br>**Proposed Hearing Date: October 4, 2012 at 10:00 a.m.** |

**MOTION OF CHANDLER BIGELOW TO EXTEND THE INITIAL**
**RETENTION PERIOD FOR THE COMPLETE EXAMINER RECORD**

Chandler Bigelow ("Bigelow"), by and through his undersigned counsel, files this motion ("Motion") pursuant to this Court's August 26, 2010, Order (Dkt. # 5541) ("August 26, 2010, Order") for the entry of an order extending the Initial Retention Period for the complete Examiner Record (as defined in the Court's August 26, 2010, Order, ¶4) until the conclusion of the Litigation (defined below) or until further order of this Court. In further support hereof, Mr. Bigelow respectfully represents as follows:

**BACKGROUND**

1.      On April 20, 2010, the Court entered an Agreed Order directing the Appointment of Examiner (Dkt. #4120) ("Examiner Order"). Pursuant to the Examiner Order, the Examiner conducted an investigation evaluating potential claims, causes of action, and defenses asserted by certain designated parties related to the 2007 leveraged buy-out of Tribune Company ("LBO") (among other things).

2.      On July 23, 2010, Appointed Examiner, Kenneth N. Klee, Esq. ("Examiner"), filed a Motion for an Order (I) Discharging Examiner; (II) Granting Relief From Third–Party Discovery; (III) Approving the Disposition of Certain Documents and Information; and (IV) Granting Certain Ancillary Relief (Dkt. # 5115) ("Examiner's Motion").

3.      On August 13, 2010, Debtors filed a Response to the Examiner's Motion (Dkt. # 5382) ("Debtors' Response"), noting that the Examiner Record should be retained and stating that "[p]articularly in light of the possibility that litigation may ensue, a workable document retention policy must be developed[.]"  The Debtors went on to note that as for issues regarding the retention of the Examiner Record there is a need "for a thoughtful and constructive approach to their resolution, taking into account the relevance of these issues to the Plan process and to the legitimate interests of all parties concerned, *including potential litigants*." (Dkt. # 5382, Debtors' Response, p. 6, ¶7 (emphasis added)).

4.      On August 20, 2010, the Court held a hearing on the Examiner's Motion ("Hearing").  During the Hearing, counsel for the Examiner noted that at the end of the proposed two year retention period "anybody… [could] come before [the Court] and get an order extending that deadline."  (Aug. 20, 2010 Hr'g Tr. 15:6-8).

5.      On August 26, 2010, the Court entered its Order Approving the Initial Retention Period (Dkt. # 5541) and ordered that the Examiner Record "shall be maintained for a period of two years from the date of this order…. Any party seeking to extend the Initial Retention Period, must file a motion requesting such relief prior to the expiration of the Initial Retention Period."  (August 26, 2010, Order ¶4).

6.      The Initial Retention Period is set to terminate on August 26, 2012.

7.      On July 24, 2012, pursuant to the August 26, 2010, Order, Debtors filed and served a Notice of Expiration of the Initial Retention Period for the Complete Examiner Record (Dkt. #12095) ("Notice of Expiration").

## RELIEF REQUESTED AND BASIS FOR RELIEF

8.      As instructed in the Notice of Expiration and ordered in the August 26, 2010, Order, Mr. Bigelow files this Motion, seeking to extend the Initial Retention Period for the Examiner's Record.

9.      Currently, a consolidated multidistrict action is pending in the Southern District New York: *In re: Tribune Company Fraudulent Conveyance Litigation*, Case No. 11-md-02296-WHP ("Litigation").  Movant is one of the many defendants in the Litigation.

10.     The Litigation involves claims related to the LBO.  The claims at issue in the MDL include many that are closely tied to the matters discussed in the Examiner's report, and the Examiner's Record may include documents discoverable in the Litigation.  Movant is mindful that many of the documents comprising the Examiner's Record may be privileged or otherwise not subject to discovery, and the present motion is not intended to prejudice the arguments any party may assert in the future as to the discoverability or non-discoverability of such materials.

11.     Currently, the discovery in the Litigation is stayed.  (*See* 1:12-mc-02296-WHP, Dkt. 26, ¶5).  As such, there has been no opportunity for any party to seek discovery regarding the Examiner's Record in the context of the Litigation.

12.     In order to preserve documents that could potentially be relevant to the Litigation, Mr. Bigelow requests that the Court extend the Initial Retention Period from August 26, 2012, until the Litigation is concluded or until further order of this Court.  Entry of such an Order will further the purposes of the Court's August 26, 2010 Order, which was entered at a time when it was not known if the then-anticipated Litigation would have concluded by this date.

13.     Maintaining the status quo -- retention of the Examiner Record – until such time as the discoverability is assessed is in the best interest of all parties with an interest in the Litigation and serves the interests of justice.

WHEREFORE, for the foregoing reasons, Chandler Bigelow respectfully requests that this Court extend the Initial Retention Period for the Examiner's Record from August 26, 2012, until the *In re: Tribune Company Fraudulent Conveyance Litigation*, Case No. 11-md-02296-WHP case has terminated (including the numerous individual cases comprising the MDL should they, in the future, ceased to be handled on a consolidated fashion) or until further order of this Court.

Dated:  August 25, 2012

**SPERLING & SLATER, P.C.**
Bruce S. Sperling
Steven C. Florsheim
55 West Monroe Street, Suite 3200
Chicago, Illinois  60603
(312) 641-3200
bss@sperling-law.com
sflorsheim@sperling-law.com
*Attorneys for Chandler Bigelow*

*-and-*

**BOUCHARD MARGULES & FRIEDLANDER, P.A.**

BY:    */s/ Joel Friedlander*
Joel Friedlander (#3163)
222 Delaware Avenue, Suite 1400
Wilmington, DE  19801
(302) 573-3500
jfriedlander@bmf-law.com
*Attorneys for Chandler Bigelow*