UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| **Tribune Company**, et al | Case No. 08-13141 (KJC) |
| Debtors. | |

### TREY C. YANT'S REPONSE TO DEBTORS' FIFTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS

The undersigned claimant, Trey C. Yant ("Yant"), hereby responds to the Debtors' Fifty-Seventh Omnibus Objection to Claims dated August 6, 2012 (Doc. 12199) (the "Objection") in regards to his amended proof of claim (POC #6675, amending POC #843), seeking a priority administrative claim in the amount of $53,993.48 for his unpaid bonuses earned prior to termination. In support thereof, Yant states the following and, if called, will so testify before the Court under penalty of perjury:

1. Yant worked for one of the Debtors at KCRW TV in Beaverton, Oregon as Local Sales Manager. Yant believes, but is not certain, that of the many consolidated Debtors, his employer was Tribune Broadcasting Holdings, Inc.

2. The Debtors filed for bankruptcy relief on December 8, 2008. Yant continued to work for the Debtors post-petition with the understanding that his significant 2008 bonuses, to be earned effective January 1, 2009, would be earned and honored post-petition if he continued working for the Debtors-in-Possession.

3. Pursuant to his employment agreement, Yant earned bonuses for work that he performed in 2008 as follows:

   a. 4th Quarter 2008 Performance Bonus = $6,500

      b.      2008 Annual Sales Performance Bonus = $7,500

      c.      Local Sales Manager Override Bonus = $26,816.82

      d.      30-Day Compensation Penalty (ORS 652.150) = $13,176.65

These amounts based on work performed in 2008 total $53,993.47.

4. Yant was informed by the Debtors that the Court had authorized the payment of post-petition employees' 2008 bonuses, as specifically described in paragraph 19 of the Debtors' Motion For An Order Authorizing Debtors to Pay Prepetition Amounts Under Non-Insider Incentive Programs (Doc. 209).

5. Yant's Local Sales Manager position at KCRW TV in Beaverton, Oregon was terminated on February 1, 2009. The Debtor was informed at that time and on multiple other occasions by representatives of the Debtor that no severance would be paid at termination, but that the bonuses he had previously earned in 2008 would be honored because he had continued to work for the Debtors despite the Debtors' bankruptcy filing.

6. In addition, Lidia McCall, a Human Resources Manager for the Debtors, confirmed twice in writing to Yant that his bonuses would be forthcoming on February 23, 2009. *See* Proof of Claim #6675, pages 8-9.

7. As authorized by the Court, the Debtors paid the 2008 bonuses on February 23, 2009. Debtors did not pay a bonus to Yant.

8. Yant had been employed by Debtors in Oregon. Oregon law requires that when an employer discharges an employee, all wages (including earned bonuses) must be paid by the end of the next business day following the discharge, excluding holidays and weekends. ORS 652.140(1). Further, an employer may not deduct or withhold any portion of an employee's wages. ORS 652.610(3).

9. In their Objection, Debtors assert it was Debtors' policy to not pay bonuses to employees not actively employed at the time bonuses were paid. However, at the time his position was terminated, Yant was assured that the bonuses based on his 2008 service (1) had been earned, (2) were due, and (3) would be paid later that month, along with all other bonuses for service arising in 2008, including post-petition service.

10. As a result of the non-payment of his earned compensation, Yant delivered a demand letter to Debtors for his unpaid wages dated June 29, 2009 (Certified Mail No. 7008 1140 0001 6082 7610). Yant's employment attorney was informed by the Debtors that Yant's termination damages could only be paid through the bankruptcy claim process.

11. As instructed, Yant has filed a priority claim for his termination damages of $53,993.47 and has patiently waited for his compensation to be paid. Meanwhile, Yant has lost his home and has barely avoided filing for bankruptcy relief himself. Now, the Debtors seek to deny Yant his compensation, which arose during the chapter 11 case and is entitled to administrative priority.

## RESERVATION OF RIGHTS

Yant expressly reserves the right to amend and/or supplement this Response in response to any reply papers filed by the Debtors or by any other party, or in the event of other developments in these chapter 11 cases.

/ / /


/ / /

## CONCLUSION

WHEREFORE, Yant respectfully requests that the Court overrule the Objection and allow Yant's amended claim (#6675) as a priority claim in the full amount of $53,993.47.

DATED: August 27, 2012.

By: *[signature]*
Trey C. Yant
13333 SW 72nd #10c
Tigard, OR 97223
503.312.2800
treyyant@gmail.com

## CERTIFICATE OF SERVICE

I certify that on the date below, I caused notice of the filing of my Response to Debtors' Fifty-Seventh Omnibus Objection to Claims to be filed with the Court, by Federal Express or UPS overnight service, to

United States Bankruptcy Court
for the District of Delaware
824 Market Street, 3rd Floor
Wilmington, Delaware 19801

and served, by Federal Express or UPS overnight service, on the following parties as required by the Debtors' Objection:

SIDLEY AUSTEN LLP
Bryan Krakauer
Kenneth P. Kansa
Jillian K. Ludwig
Michael T. Gustafson
One South Dearborn Street
Chicago, Illinois 60603

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
Norman L. Pernick
J. Kate Stickles
Patrick J. Reilley
500 Delaware Ave, Suite 1410
Wilmington, Delaware 19801

DATED: August 27, 2012.

By: _____
Trey C. Yant

Page 1 - CERTIFICATE OF SERVICE

Trey C. Yant
13805 SW Devonshire Dr.
Beaverton, OR 97005