# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY,[1] et al., | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: September 24, 2012 at 4:00 p.m.** |
| | **Hearing Date: Only if objections are filed** |

## FORTY-SECOND MONTHLY FEE APPLICATION OF REED SMITH LLP, SPECIAL COUNSEL FOR CERTAIN INSURANCE AND EMPLOYEE-RELATED MATTERS TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JULY 1, 2012 THROUGH JULY 31, 2012

Name of Applicant:  <u>Reed Smith LLP</u>

Authorized to Provide
Professional Services to:  <u>The Debtors and Debtors in Possession</u>

Date of Retention:  February 3, 2009, *nunc pro tunc* to December 8, 2008;
Order expanding retention entered
<u>October 22, 2010, *nunc pro tunc* to August 27, 2010</u>

---

1    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Period for which compensation and
reimbursement is sought:                    July 1, 2012 through July 31, 2012

Amount of Compensation sought as
actual, reasonable and necessary:           $78,146.50

Amount of Expense Reimbursement sought
as actual, reasonable and necessary:        $850.44

This is a:                                  Monthly Fee Application


The total time expended for preparation of this application is approximately 3.0 hours, and the
corresponding compensation is not included herein, but will be requested in a future application of Reed
Smith LLP for compensation and reimbursement of expenses.

Summary of Monthly Fee Applications Filed:

| Date Filed | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| March 25, 2009<br>1st Monthly | December 8, 2008 through February 28, 2009<br>D.I. No. 811<br>CNO D.I. No. 1082 | $98,262.00 | $2,535.31 | $98,262.00 | $2,535.31 |
| March 25, 2009<br>1st Quarterly | December 8, 2008 through February 28, 2009<br>D.I. No. 1083 | $98,262.00 | $2,535.31 | $98,262.00 | $2,535.31 |
| April 28, 2009<br>2nd Monthly | March 1, 2009 through March 31, 2009<br>D.I. No. 1095<br>CNO D.I. No. 1262 | $12,267.50 | $117.35 | $12,267.50 | $117.35 |
| June 2, 2009<br>3rd Monthly | April 1, 2009 through April 30, 2009<br>D.I. No. 1284<br>CNO D.I. No. 1662 | $6,966.50 | $853.94 | $6,966.50 | $853.94 |
| June 26, 2009<br>4th Monthly | May 1, 2009 through May 31, 2009<br>D.I. No. 1643<br>CNO D.I. No. 1819 | $5,710.50 | $283.68 | $5,710.50 | $283.68 |
| June 26, 2009<br>2nd Quarterly | March 1, 2009 through May 31, 2009<br>D.I. No. 1645 | $24,944.50 | $1,254.97 | $24,944.50 | $1,254.97 |
| August 3, 2009<br>5th Monthly | June 1, 2009 through June 30, 2009<br>D.I. No. 1881<br>CNO D.I. No. 2114 | $7,650.50 | $149.45 | $7,650.50 | $149.45 |
| August 25, 2009<br>6th Monthly | July 1, 2009 through July 31, 2009<br>D.I. No. 2008<br>CNO D.I. No. 2170 | $25,570.00 | $190.90 | $25,570.00 | $190.90 |
| October 2, 2009<br>7th Monthly | August 1, 2009 through August 31, 2009<br>D.I. No. 2226<br>CNO D.I. No. 2463 | $13,416.50 | $222.23 | $13,416.50 | $222.23 |
| October 2, 2009<br>3rd Quarterly | June 1, 2009 through August 31, 2009<br>D.I. No. 2267 | $46,637.00 | $562.58 | $46,637.00 | $562.58 |

| | | | | | |
|---|---|---|---|---|---|
| October 30, 2009<br>8th Monthly | September 1, 2009 through September 30, 2009<br><br>D.I. No. 2275<br><br>CNO D.I. No. 2733 | $15,576.50 | $241.45 | $15,576.50 | $241.45 |
| December 4, 2009<br>9th Monthly | October 1, 2009 through October 31, 2009<br><br>D.I. No. 2740<br><br>CNO D.I. No. 3471 | $18,689.00 | $460.74 | $18,689.00 | $460.74 |
| January 14, 2010<br>10th Monthly | November 1, 2009 through November 30, 2009<br><br>D.I. No. 3104<br><br>CNO D.I. No. 3472 | $14,968.50 | $45.30 | $14,968.50 | $45.30 |
| January 14, 2010<br>4th Quarterly | September 1, 2009 through November 30, 2009<br><br>D.I. No. 3105 | $49,234.00 | $747.49 | $49,234.00 | $747.49 |
| February 18, 2010<br>11th Monthly | December 1, 2009 through December 31, 2009<br><br>D.I. No. 3473<br><br>CNO D.I. No. 3932 | $32,738.50 | $303.90 | $32,738.50 | $303.90 |
| March 8, 2010<br>12th Monthly | January 1, 2010 through January 31, 2010<br><br>D.I. No. 3696<br><br>CNO D.I. No. 3933 | $22,931.50 | $393.94 | $22,931.50 | 393.94 |
| April 5, 2010<br>13th Monthly | February 1, 2010 through February 28, 2010<br><br>D.I. No. 3940<br><br>CNO D.I. No. 4659 | $19,060.00 | $929.09 | $19,060.00 | $929.09 |
| May 3, 2010<br><br>5th Quarterly | December 1, 2009 through February 28, 2010<br><br>D.I. No. 4221<br><br>CNO D.I. No. 4660 | $74,730.00 | $1,626.93 | $74,730.00 | $1,626.93 |
| May 3, 2010<br><br>14th Monthly | March 1, 2010 through March 31, 2010<br><br>D.I. No. 4225<br><br>CNO D.I. No. 4661 | $35,909.00 | $929.09 | $35,909.00 | $929.09 |
| June 16, 2010<br>15th Monthly | April 1, 2010 through April 30, 2010<br><br>D.I. No. 4798<br><br>CNO D.I. No. 4798 | $35,667.50 | $542.13 | $35,667.50 | $542.13 |

| | | | | | |
|---|---|---|---|---|---|
| July 15, 2010<br>16th Monthly | May 1, 2010 through May 31, 2010<br><br>D.I. No. 5022<br><br>CNO D.I. No. 5471 | $8,779.00 | $271.77 | $8,779.00 | $271.77 |
| July 15, 2010<br>6th Quarterly | March 1, 2010 through May 31, 2010<br><br>D.I. 5025 | $80,355.50 | $1,742.99 | $80,355.50 | $1,018.80 |
| July 26, 2010<br>17th Monthly | June 1, 2010 through June 30, 2010<br><br>D.I. No.<br><br>CNO D.I. No. 5479 | $28,973.00 | $785.33 | $28,973.00 | $785.33 |
| August 30, 2010<br>18th Monthly | July 1, 2010 through July 31, 2010<br><br>D.I. No. 5554<br><br>CNO D.I. No. 5824 | $23,748.50 | $521.45 | $23,748.50 | $521.45 |
| October 1, 2010<br>19th Monthly | August 1, 2010 through August 31, 2010<br><br>D.I. No. 5858<br><br>CNO D.I. No. 6258 | $33,383.00 | $265.25 | $33,383.00 | $265.25 |
| October 6, 2010<br>7th Quarterly | June 1, 2010 through August 31, 2010<br><br>D.I. No. 5897<br><br>CNO D.I. No. 6259 | $86,104.50 | $1,988.87 | $86,104.50 | $1,988.87 |
| November 9, 2010<br>20th Monthly | September 1, 2010 through September 30, 2010<br><br>D.I. No. 6261<br><br>CNO D.I. No. 7038 | $56,786.50 | $1,483.18 | $56,786.50 | $1,483.18 |
| December 14, 2010<br>21st Monthly | October 1, 2010 through October 31, 2010<br><br>D.I. No. 6674<br><br>CNO D.I. No. 7350 | $21,827.50 | $269.93 | $21,827.50 | $269.93 |
| January 7, 2011<br>22nd Monthly | November 1, 2010 through November 30, 200<br><br>D.I. No. 7404 | $23,236.00 | $235.76 | $23,236.00 | $235.76 |
| January 7, 2011<br>8th Quarterly | September 1, 2010 through November 30, 2010<br><br>D.I. No. 7406<br><br>CNO D.I. No. 7854 | $101,850.00 | $1,988.87 | $101,850.00 | $1,988.87 |

| February 8, 2011<br>23rd Monthly | December 1, 2010 through December 31, 2010<br><br>D.I. No. 7857<br><br>CNO D.I. No. 8336 | $45,147.00 | $760.46 | $36,117.60 | $760.46 |
|---|---|---|---|---|---|
| March 10, 2011<br>24th Monthly | January 1, 2011 through January 31, 2011<br><br>D.I. No. 8337<br><br>CNO D.I. No. 8921 | $41,456.50 | $698.44` | $33,165.20 | $698.44 |
| May 17, 2011<br>25th Monthly | February 1, 2011 through February 28, 2011<br><br>D.I. No. 8923<br><br>CNO D.I. No. 9249 | $74,774.00 | $355.56 | $59,819.20 | $355.56 |
| May 25, 2011<br>9th Quarterly | December 1, 2010 through February 28, 2011<br><br>D.I. No. 8986<br><br>CNO D.I. No. 9498 | $161,377.50 | $1,814.46 | $161,377.50 | $1,814.46 |
| June 15, 2011<br>26th Monthly | March 1, 2011 through March 31, 2011<br><br>D.I. No. 9250<br><br>CNO D.I. No. 9499 | $110,316.00 | $4,365.53 | $89,252.80 | $4,365.53 |
| July 5, 2011<br>27th Monthly | April 1, 2011 through April 30, 2011<br><br>D.I. No. 9411<br><br>CNO D.I. No. 9601 | $50,645.50 | $1,156.39 | $40,516.40 | $1,156.39 |
| July 16, 2011<br>28th Monthly | May 1, 2011 through May 31, 2011<br><br>D.I. No. 9458<br><br>CNO D.I. No. 9654 | $109,147.00 | $2,879.80 | $87,317.60 | $2,879.80 |
| July 16, 2011<br>10th Quarterly | March 1, 2011 through May 31, 2011<br><br>D.I. No. 9459<br><br>CNO D.I. No. 9655 | $270,108.50 | $8,401.72 | $270,108.50 | $8,401.72 |
| August 11, 2011<br>29th Monthly | June 1, 2011 through June 30, 2011<br><br>D.I. No. 9651<br><br>CNO D.I. No. 9761 | $77,541.00 | $573.79 | $62,032.80 | $573.79 |
| September 6, 2011<br>30th Monthly | July 1, 2011 through July 31, 2011<br><br>D.I. No. 9750<br><br>CNO D.I. No.  9761 | $33,641.75 | $467.43 | $26,913.40 | $467.43 |

| | | | | | |
|---|---|---|---|---|---|
| October 12, 2011<br>31st Monthly | August 1, 2011 through August 31, 2011<br><br>D.I. No. 9968<br>CNO D.I. No. | $41,105.50 | $407.69 | $32,884.40 | $407.69 |
| October 13, 2011<br>11th Quarterly | June 1, 2011 through August 31, 2011<br>D.I. No. 9969<br>CNO D.I. No. 10190 | $152,288.25 | $1,748.91 | $121,830.60 | $1,748.91 |
| October 25, 2011<br>32nd Monthly | September 1, 2011 through September 30, 2011<br>D.I. No. 10066<br>CNO D.I. No. 10282 | $40,376.00 | $402.16 | $32,300.80 | $402.16 |
| November 25, 2011<br>33rd Monthly | October 1, 2011 through October 31, 2011<br>D.I. No. 10299<br>CNO D.I. No. 10493 | $40,022.00 | $2,552.32 | $32,017.60 | $2,552.32 |
| December 28, 2011<br>34th Monthly | November 1, 2011 through November 30, 2011<br>D.I. No. 10522<br>CNO D.I. No. 10830 | $12,389.50 | $595.74 | $9,911.60 | $595.74 |
| January 13, 2012<br>12th Quarterly | September 1, 2011 through November 30, 2011<br>D.I. No. 10604<br>CNO D.I. No. 11183 | $92,787.50 | $3,550.22 | $74,230.00 | $3,550.22 |
| February 2, 2012<br>35th Monthly | December 1, 2011 through December 31, 2011<br>D.I. No. 10829<br>CNO D.I. No. 11184 | $15,791.50 | $270.03 | $12,633.20 | $270.03 |
| March 20, 2012<br>36th Monthly | January 1, 2012 through January 31, 2012<br>D.I. No. 11185<br>CNO D.I. No. 11564 | $26,402.00 | $462.80 | $21,121.60 | $462.80 |
| March 26, 2012<br>37th Monthly | February 1, 2012 through February 29, 2012<br>D.I. No. 11261<br>CNO D.I. No. 11565 | $31,430.00 | $390.91 | $25,144.00 | $390.91 |
| March 26, 2012<br>13th Quarterly | December 1, 2011 through February 29, 2012<br>D.I. No. 11262<br>CNO D.I. No. 11566 | $73,623.50 | $1,123.74 | $58,898.80 | $1,123.74 |

| May 8, 2012<br><br>38th Monthly | March 1, 2012 through March 31, 2012<br><br>D.I. No. 11567<br><br>CNO D.I. No. 11852 | $35,775.50 | $500.85 | $28,620.40 | $500.85 |
|---|---|---|---|---|---|
| June 21, 2012<br><br>39th Monthly | April 1, 2012 through April 30, 2012<br><br>D.I. No. 11869<br><br>CNO D.I. No. 12266 | $43,187.00 | $60,995.74 | $34,549.60 | $60,995.74 |
| July 13, 2012<br><br>40th Monthly | May 1, 2012 through May 31, 2012<br><br>D.I. No. 12017<br><br>CNO D.I. No. 12267 | $38,264.00 | $5,437.72 | $30,611.20 | $5,437.72 |
| July 13, 2012<br><br>14th Interim | March 1, 2012 through May 31, 2012<br><br>D.I. No. 12018<br><br>CNO D.I. No.  12268 | $78,357.50 | $49,125.51 | $62,686.00 | $49,125.51 |
| August 15, 2012<br><br>41st Monthly | June 1, 2012 through June 30, 2012<br><br>D.I. No. 12270<br><br>CNO D.I. No. | $21,308.00 | $2,809.13 | Pending | Pending |

**REED SMITH LLP'S SUMMARY OF PROFESSIONALS AND PARAPROFESSIONALS RENDERING
SERVICES FROM JULY 1, 2012 THROUGH JULY 31, 2012**

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Shugrue, John D. | Partner. Joined Firm in 2008. Member of IL bar since 1987. | $590.00 | 6.00 | $3,540.00 |
| Walker-Bright, Paul R. | Partner.  Joined firm in 2008. Member of IL bar since 1994. | $560.00 | 1.40 | $784.00 |
| Geiger, Laura M. | Counsel.  Joined firm in 2008. Member of IL bar since 1999 | $555.00 | 20.70 | $11,488.50 |
| Moss, J. Andrew | Partner.  Joined firm in 2003. Member of IL Bar since 1999. Member of CA bar since 2003. | $550.00 | 16.10 | $8,855.00 |
| Law, Timothy P. | Partner.  Joined firm in 2008. Member of PA Bar since 1995. Member of NJ Bar since 1996. | $490.00 | 46.70 | $22,883.00 |
| Yassemedis, Andrea C. | Associate.  Joined firm in 2008. Member of IL bar since 2006. | $450.00 | 36.40 | $16,380.00 |
| Means, Lisa P. | Associate.  Joined firm in 2000. Member of PA bar since 1998. | $440.00 | .50 | $220.00 |
| Forster, Paige H. | Associate.  Joined firm as associate in 2008.  Member of PA bar since 2007. | $410.00 | 6.00 | $2,460.00 |
| Rosenfeld, David | Associate.  Joined firm in 2007. Member of IL bar since 2005. | $350.00 | .30 | $105.00 |
| Lankford, Lisa A. | Paralegal.  Joined firm in 2000. | $180.00 | 6.30 | $1,134.00 |
| Somoza, Silvia | Paralegal.  Joined firm in 2007. | $140.00 | .80 | $112.00 |
| Todd, Michelle G. | Paralegal.  Joined firm in 2008. | $140.00 | 22.60 | $3,164.00 |
| **Grand Total:** | | | **175.70** | **$78,146.50** |
| Blended Rate: | | | | $444.77 |
| Blended Rate (excluding paralegal and paraprofessional time): | | | | $505.04 |

## COMPENSATION BY PROJECT CATEGORY

| Project Category (Examples) | Total Hours | Total Compensation |
|---|---|---|
| Reliance/Times Mirror – 00004 | 77.10 | $29,479.00 |
| Insurance Counseling – 00005 | 84.50 | $43,093.50 |
| Marsh – 00008 | .60 | $192.00 |
| Fee Applications – 00009 | 13.50 | $5,382.00 |
| **TOTAL:** | **175.70** | **$78,146.50** |

## EXPENSE SUMMARY

BY EXPENSE CATEGORY:

| Expense Category (Examples) | Service Provider (if applicable) | |
|---|---|---:|
| Outside Duplicating | IKON/DLS | $360.50 |
| Printing, Duplicating, Scanning | | $274.40 |
| Legal Research | Westlaw | $181.50 |
| PACER | | $1.70 |
| Courier | Parcels/DLS | $14.34 |
| Taxi | | $18.00 |
| **TOTAL:** | | **$850.44** |

**EXPENSE SUMMARY**

BY MATTER:

| Expense Category (Examples) | Service Provider (if applicable) | Reliance/ Times Mirror – 00004 | Insurance Counseling – 00005 | Marsh - 00008 | Fee Applications – 00009 | HR Investigation – 00011 | TOTALS |
|---|---|---|---|---|---|---|---|
| Outside Duplicating | IKON/DLS | | | | $360.50 | | **$360.50** |
| Printing/Duplicating & Scanning | | $235.00 | $24.60 | | $14.80 | | **$274.40** |
| Legal Research | Westlaw | $181.50 | | | | | **$181.50** |
| PACER | | | $1.70 | | | | **$1.70** |
| Courier | | $14.34 | | | | | **$14.34** |
| Taxi | | | $18.00 | | | | **$18.00** |
| **TOTAL:** | | **$430.84** | **$44.30** | **$0.00** | **$375.30** | **$0.00** | **$850.44** |

US_ACTIVE-110361711.1-JCFALGOW

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY,[1] et al.,<br><br>        Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br>(Jointly Administered)<br><br>**Objection Deadline: September 24, 2012 at 4:00 p.m.**<br>**Hearing Date: Only if objections are filed** |

## FORTY-SECOND MONTHLY FEE APPLICATION OF REED SMITH LLP, SPECIAL COUNSEL FOR CERTAIN INSURANCE AND EMPLOYEE-RELATED MATTERS TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JULY 1, 2012 THROUGH JULY 31, 2012

Reed Smith LLP ("Reed Smith") hereby submits this Forty-Second Monthly Fee

Application of Reed Smith LLP, Special Counsel for Certain Insurance and Employee-Related

Matters to the Debtors and Debtors in Possession (the "Debtors"), for Compensation and

---

1       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Reimbursement of Expenses for the Period July 1, 2012 through July 31, 2012 (the "Application")

pursuant to 11 U.S.C. §§ 327, 328, 329, 330 and 331, Federal Rule of Bankruptcy Procedure 2016,

Del.Bankr.L.R. 2016-2, the Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures

for Interim Compensation and Reimbursement of Expenses of Professionals (D.I. 225) (the

"Administrative Order"), and the Guidelines for Reviewing Applications for Compensation and

Reimbursement of Expenses promulgated by the Executive Office of the United States Trustees

pursuant to 28 U.S.C. § 586(a)(3)(A).  By this Application, Reed Smith, as Special Counsel for

Certain Insurance and Employee-Related Matters to the Debtors in these cases, seeks interim

approval and payment of compensation for legal services performed and expenses incurred during

the period commencing July 1, 2012 through July 31, 2012 (the "Compensation Period").  In

support hereof, Reed Smith respectfully represents the following:

## I.    FACTUAL BACKGROUND

1.      On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions

for relief pursuant to Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*

(the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the

"Court").

2.      The Debtors continue to operate their businesses and manage their properties as

debtors-in-possession pursuant to Bankruptcy Code Sections 1107 & 1108.

3.      On December 18, 2008, the Office of the United States Trustee for the District of

Delaware ("UST") appointed the Official Committee of Unsecured Creditors.

4.      On February 3, 2009, the Bankruptcy Court approved the Debtors' retention of

Reed Smith as its Special Counsel for Certain Insurance Matters.  A copy of the Order

Authorizing the Employment and Retention of Reed Smith LLP as Debtors' Bankruptcy Special

US_ACTIVE-110361711.1-JCFALGOW

Counsel for Certain Insurance Matters Pursuant to 11 U.S.C. §§ 327(e), 328, 329,

Fed.R.Bankr.P. 2014 and 2016 and Del.Bankr.L.R. 2014-1 and 2106-1 *Nunc Pro Tunc* to the

Petition Date ("Retention Order"; D.I. 326) is attached as Exhibit A.

5.      On October 22, 2010, the Bankruptcy Court approved the Supplemental

Application of the Debtors for the Entry of an Order Modifying the Scope of the Retention and

Employment of Reed Smith LLP to Include Services Relating to Certain Employee-Related

Matters, *Nunc Pro Tunc* to August 30, 2010 ("Supplemental Retention Order"; D.I. 6080).  A

copy of the Supplemental Retention Order is also attached as Exhibit A.

## II.      COMPENSATION AND REIMBURSEMENT OF EXPENSES

6.      Reed Smith submits this Application for the allowance of reasonable

compensation for actual and necessary professional services provided to the Debtors as their

counsel in these cases, and for reimbursement of actual and necessary out-of-pocket expenses

incurred in representing the Debtors during the Compensation Period.  All included services and

costs for which Reed Smith seeks compensation were performed for, or on behalf of, the Debtors

during the Compensation Period.

7.      In connection with services performed, Reed Smith billed a total of $78,146.50 in

fees and incurred $850.44 in expenses on behalf of the Debtors during the Compensation Period.

8.      By this Application, Reed Smith seeks: (a) interim allowance of compensation in

the amount of $78,146.50 for legal services rendered during the Compensation Period, and

reimbursement in the amount of $850.44 for expenses incurred during the Compensation Period

and (b) pursuant to the Administrative Order, payment of compensation in the amount of

$62,517.20 (80% of the compensation requested) and reimbursement of expenses incurred by

US_ACTIVE-110361711.1-JCFALGOW

Reed Smith during the Compensation Period in the amount of $850.44 (100% of the expenses incurred).

9.      For the Bankruptcy Court's review, a summary containing the names of each Reed Smith professional and paraprofessional rendering services to the Debtors during the Compensation Period, their customary billing rates, the time expended by each professional and paraprofessional, and the total value of time incurred by each professional and paraprofessional is attached as <u>Exhibit B</u>.

10.     In addition, <u>Exhibit B</u> contains computer printouts reflecting the time recorded for services rendered on a daily basis during the Compensation Period and descriptions of the services provided, identified by project task categories.

11.     <u>Exhibit C</u> contains a breakdown of expenses incurred and disbursed by Reed Smith during the Compensation Period.  Reed Smith has incurred out-of-pocket expenses during the Compensation Period in the amount of $850.44.  This sum is broken down into categories of charges including, *inter alia*, telephone charges, special or hand delivery charges, documentation charges, transcription charges, postage, facsimile and photocopying charges.  Reed Smith's rate for duplication is $0.10 per page.  Reed Smith also uses outside duplication services for large photocopy work.  Reed Smith has not charged or sought reimbursement for incoming facsimile transmissions.  Outgoing facsimile transmissions, if any, have been charged at a rate of $0.25 per page.

### III.     ANALYSIS AND NARRATIVE DESCRIPTION OF SERVICES RENDERED AND TIME EXPENDED

12.     Section 330(a) of the Bankruptcy Code provides, in pertinent part, that bankruptcy courts may award "reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any

US_ACTIVE-110361711.1-JCFALGOW

paraprofessional employed by any such person." <u>See</u> 11 U.S.C. § 330(a)(1)(A).  The attorneys requesting compensation from the bankruptcy estate bear the burden of demonstrating to the Court that the services performed and fees incurred were reasonable.

13.    In determining the amount of reasonable compensation to be awarded, the Court shall consider, pursuant to Section 330(a)(3) of the Bankruptcy Code, the nature, extent, and the value of such services, taking into account all relevant factors, including: (A) the time spent on such services, (B) the rates charged for such services, (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title, (D) whether the services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy filed, and (F) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.  <u>See</u> 11 U.S.C. § 330(a)(3)(A)-(F).

14.    With respect to the time and labor expended by Reed Smith in these cases, as set forth in <u>Exhibit B</u>, during the Compensation Period, Reed Smith rendered professional services in the aggregate amount of $78,146.50.  Reed Smith believes it is appropriate for it to be compensated for the time spent in connection with these matters, and sets forth a brief narrative description of the services rendered, for or on behalf of the Debtors, and the time expended, organized by project task categories, as follows:

US_ACTIVE-110361711.1-JCFALGOW

A.    **RELIANCE/TIMES MIRROR** (00004)

15.     During the Compensation Period, Reed Smith's services performed in connection with this category relate to, *inter alia*:  (i) drafting opening brief on appeal to PA Supreme Court regarding LPT claims order; (ii) preparing Application to Supplement Record in connection with same; and (iii) preparing Joint Appendix in connection with same.  Reed Smith seeks compensation for 77.10 hours of reasonable and necessary legal expenses incurred for Reliance/Times Mirror during the Compensation Period in the total amount of $29,479.00.

B.    **INSURANCE COUNSELLING** (00005)

16.     During the Compensation Period, Reed Smith's services performed in connection with this category relate to, *inter alia*:  (i) analyzing and advising client, bankruptcy counsel and defense counsel regarding insurance-related issues in connection with defense and settlement of third-party claims and suites; (ii) analyzing and advising client with respect to communications with insurers regarding notice of claims and potential claims; (iii) preparing and assisting client with preparing correspondence to insurers related to same; (iv) analyzing insurance coverage issues relating to plan of reorganization and emergence from bankruptcy, researching issues and advising client concerning same; (v) assisting and advising bankruptcy counsel concerning insurance issues in connection with bankruptcy proceedings and emergence; (vi) analyzing and providing comment on various agreements with insurers in connection with policy renewals; and (vii) analyzing insurance policies in connection with emergence from bankruptcy.  Reed Smith seeks compensation for 84.50 hours of reasonable and necessary legal expenses incurred for Insurance Counseling during the Compensation Period in the total amount of $43,093.50.

US_ACTIVE-110361711.1-JCFALGOW

C.    **<u>MARSH</u> (00008)**

17.    During the Compensation Period, Reed Smith's services performed in connection with this category relate to, *inter alia*, communications with Marsh concerning issues involving prior agreement. Reed Smith seeks compensation for .60 hours of reasonable and necessary legal expenses incurred for Marsh during the Compensation Period in the total amount of $192.00.

D.    **<u>FEE APPLICATIONS</u> (00009)**

18.    During the Compensation Period, Reed Smith's services performed in connection with this category relate to, *inter alia*, preparing and filing fee applications and related pleadings with bankruptcy court. Reed Smith seeks compensation for 13.50 hours of reasonable and necessary legal expenses incurred for Fee Applications during the Compensation Period in the total amount of $5,382.00.

19.    Reed Smith believes that its rates are market rates within the range charged by other counsel in this marketplace for similar Chapter 11 cases. The billing rates set forth in Reed Smith's Summary of Professionals and Paraprofessionals Rendering Services from July 1, 2012 through July 31, 2012 represent customary rates routinely billed to the firm's many clients. (<u>See</u> Exhibit B). Moreover, Reed Smith stated in its applications and their supporting declarations that it would be compensated on an hourly basis, plus reimbursement of actual, reasonable and necessary out-of-pocket expenses incurred by the firm. Here, the compensation requested does not exceed the reasonable value of the services rendered. Reed Smith's standard hourly rates for work of this nature are set at a level designed to fairly compensate Reed Smith for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses.

US_ACTIVE-110361711.1-JCFALGOW

20.     In addition, as set forth in its retention applications, the Debtors believe that the retention of Reed Smith as their counsel would be cost-effective and efficient.

21.     Further, the Debtors sought to retain Reed Smith as their counsel due to its extensive experience and knowledge regarding the matters for which it has been retained.  The Debtors also believed that the retention of Reed Smith was necessary for the Debtors to properly and adequately discharge their fiduciary duties to creditors in these cases, and that Reed Smith would provide distinct benefits to the Debtors and to enhance the administration of these bankruptcy cases.

22.     This Application covers the period from July 1, 2012 through July 31, 2012. Although every effort was made to include all fees and expenses from the Compensation Period in this Application, some fees and/or expenses from the Compensation Period might not be included in this Application due to delays in processing time and receipt of invoices for expenses and/or for preparation of the instant application subsequent to the Compensation Period. Accordingly, Reed Smith reserves the right to make further applications to the Court for allowance of fees and expenses not included herein.

23.     Reed Smith believes that the Application and the description of services set forth herein for work performed are in compliance with the requirements of Del.Bankr.L.R. 2016-2, the Administrative Order, and the applicable guidelines and requirements of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Executive Office for the United States Trustees.  A true and correct copy of the Verification of John D. Shugrue, Esq. is attached hereto as Exhibit D.

US_ACTIVE-110361711.1-JCFALGOW

WHEREFORE, Reed Smith respectfully requests monthly interim allowance of compensation for professional services rendered in the amount of $78,146.50 and reimbursement of expenses in the amount of $850.44 for the period July 1, 2012 through July 31, 2012 and payment according to the procedures set forth in the Administrative Order.

Dated:  August 30, 2012                                    Respectfully submitted,
       Wilmington, Delaware

                                                        REED SMITH LLP

                                 By:   /s/ J. Cory Falgowski
                                        J. Cory Falgowski (No. 4546)
                                        1201 Market Street, Suite 1500
                                        Wilmington, DE 19801
                                        Telephone: (302) 778-7500
                                        Facsimile: (302) 778-7575
                                        E-mail: jfalgowski@reedsmith.com

                                        and

                                        John D. Shugrue (IL No. 6195822)
                                        10 S. Wacker Drive
                                        40th Floor
                                        Chicago, IL  60606-7507
                                        Telephone: (312) 851-8100
                                        Facsimile: (312) 851-1420
                                        E-mail:  jshugrue@reedsmith.com

                                        Special Counsel for Certain Insurance and
                                        Employee-Related Matters to Tribune
                                        Company, *et al.*, Debtors and Debtors-in-
                                        Possession

US_ACTIVE-110361711.1-JCFALGOW