# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Related to Docket No. 12357** |

## NOTICE OF AMENDED[2] AGENDA OF MATTERS
## SCHEDULED FOR HEARING ON SEPTEMBER 5, 2012 AT 1:00 P.M.
## <u>BEFORE THE HONORABLE KEVIN J. CAREY</u>

## <u>AS NO MATTERS ARE GOING FORWARD, THE HEARING IS CANCELLED</u>

Any party who wishes to participate in the hearing via telephone must contact
CourtCall by telephone (866-582-6878) or by facsimile (866-533-2946)
no later than 12:00 p.m. one business day prior to the hearing.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] **Amendments appear in bold print.**

## CONTINUED MATTERS

1.      Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed November 13, 2009) (Docket No. 2561)

Response Deadline:  December 8, 2009 at 4:00 p.m.
Responses Received:

(a)      Response by Robby S. Wells to Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims (Filed December 4, 2009) (Docket No. 2744)

(b)      Letter from Robert Wells with copy of Hauling Agreement (Received February 17, 2011) (Not Docketed)

(c)      Informal Response received from GE Capital Fleet Services

Related Documents:

(a)      Notice of Submission of Proofs of Claim Regarding Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed December 1, 2009) (Docket No. 2685)

(b)      Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered January 5, 2010) (Docket No. 3011)

(c)      Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims as Relates to Claim No. 5606 of Personal Plus, Inc. Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered February 24, 2010) (Docket No. 3526)

(d)      Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims as it Relates to Claim No. 1332 of Karolyn Walker Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered December 22, 2010) (Docket No. 7274)

Status:      The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection, and with respect to Claim No. 5606 of Personal Plus, Inc. and Claim No. 1332 of Karolyn M. Walker.  The Objection was withdrawn with respect to

46429/0001-8728896v2

Claim No. 501 of Chris Parker and Claim No. 2998 of Marc Silver. The hearing on the claims of GE Capital Fleet Services and Robby S. Wells is adjourned to the October 4, 2012 hearing. This matter will not be going forward.

2.     Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed April 16, 2010) (Docket No. 4091)

Response Deadline: May 11, 2010 at 4:00 p.m.

Responses Received:

(a)     Response by Marbury L. von Briesen (Filed May 12, 2010) (Docket No. 4349)

(b)     Response by Herbert E. Eye (Filed May 12, 2010) (Docket No. 4350)

(c)     Response by Herbert E. Eye (Filed May 14, 2010) (Docket No. 4394)

(d)     Supplemental Response by Marbury L. von Briesen (Filed July 15, 2010) (Docket No. 5016)

Related Documents:

(a)     Notice of Submission of Proofs of Claim Regarding Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed May 4, 2010) (Docket No. 4230)

(b)     Order Sustaining Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered May 14, 2010) (Docket No. 4406)

(c)     Order Approving (I) Stipulation Between the Debtors and CNN Newsource Sales, Inc. Regarding Allowance of Claims and (II) Partial Withdrawal of Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims as it Relates to Claim No. 4863 of CNN Newsource Sales, Inc. (Entered October 28, 2010) (Docket No. 6158)

46429/0001-8728896v2

  
      (d)     Order Approving Stipulation Between Certain of the Debtors and Oracle Corporation Oracle America, Inc., as Successor-By-Merger to Sun Microsystems, Inc., Regarding (I) Resolution of Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims as it Relates to the Claims of Oracle and (II) Allowance of Certain Prepetition Claims of Oracle (Entered November 23, 2010) (Docket No. 6593)

      (e)     Order Partially Sustaining Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims as it Relates to the Claim of Terry Godbey (Entered May 25, 2011) (Docket No. 8988)

      (f)     Order Regarding Submission of Documents with Respect to Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims as it Relates to Claim No. 3060 of Maureen Dombeck (Entered September 14, 2011) (Docket No. 9773)

Status:     The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection and Orders resolving Claim No. 4863 of CNN Newsource Sales, Inc., Claim Nos. 4634, 4635, 4636, 4640, 4748, 4749, 4750 and 4751 of Oracle America, Inc. and Claim No. 3672 of Terry Godbey.  The Objection was withdrawn as to the claims of 9090 Enterprises and Spanlink Communications.  The Court is adjudicating the Objection to the claim of Maureen Dombeck based on certain submissions as identified in Docket No. 9773.  The hearing on the claims of Marbury von Briesen and Herbert Eye is adjourned to the October 4, 2012 hearing.  This matter will not be going forward.

3.     Debtors' Twenty-Seventh Omnibus Objection (Non-Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed May 17, 2010) (Docket No. 4441)

Response Deadline:  June 9, 2010 at 4:00 p.m.

Responses Received:

      (a)     Response by Marcia Willette (Filed June 8, 2010) (Docket No. 4721)

Related Documents:

      (a)     Order Sustaining Debtors' Twenty-Seventh Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered June 14, 2010) (Docket No. 4774)

46429/0001-8728896v2

      (b)      Order Sustaining in Part Debtors' Twenty-Seventh Omnibus Objection (Non-Substantive) to Claims as it Relates to Claim No. 5785 of Cawley Chicago Portfolio, LLC (Entered July 19, 2010) (Docket No. 5071)

Status:      The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection and an Order with respect to the claim of Cawley Chicago Portfolio, LLC. The Objection was withdrawn as to the claims of the United States Environmental Protection Agency and Annapolis West Limited Partnership. The Debtors and Marcia Willette have reached a resolution of the Objection as it relates to Claim No. 6160 filed by Marcia Willette as Guardian for Zachary Mitzkovitz and intend to file a stipulation documenting that agreement with the Court. This matter will not be going forward.

4.      Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed July 19, 2010) (Docket No. 5081)

Response Deadline: August 12, 2010 at 4:00 p.m.

Responses Received:

      (a)      Informal response received from the City of Chicago Department of Revenue (Received August 10, 2010)

Related Documents:

      (a)      Notice of Submission of Proofs of Claim Regarding Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed August 5, 2010) (Docket No. 5266)

      (b)      Order Partially Sustaining Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed August 19, 2010) (Docket No. 5434)

      (c)      Order Partially Sustaining Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims as it Relates to Claim No. 6344 of Albert Togut, Chapter 7 Trustee of PLVTZ, Inc. (Entered July 25, 2011) (Docket No. 9535)

Status:          The Court entered an Order sustaining the Objection with respect to all
                 claimants who did not contest or otherwise respond to the Objection, the
                 claim of the City of West Hollywood, and the claim of Albert Togut,
                 Chapter 7 Trustee of PLVTZ, Inc.  The Debtors and the City of Chicago
                 have reached an agreement in principle, subject to documentation, and
                 intend to file a certification of counsel with the Court.  This matter will not
                 be going forward.

5.       Debtors' Fortieth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b)
         of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed
         January 28, 2011) (Docket No. 7674)

         Response Deadline:  February 22, 2011 at 4:00 p.m.

         Responses Received:

              (a)     Response of USDR (CLM #1672, CLM #2279 and CLAIM No. 2827) to
                      Debtor's Fortieth Omnibus Objection to Claims (Docket #3792);
                      Declaration of Jon Dickinson (Filed February 14, 2011) (Docket No.
                      7932)

         Related Documents:

              (a)     Notice of Submission of Proofs of Claim Regarding Debtors' Fortieth
                      Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of
                      the Bankruptcy Code, Bankruptcy Rules 3003, and 3007, and Local Rule
                      3007-1 (Filed February 11, 2011) (Docket No. 7906)

              (b)     Order Partially Sustaining Debtors' Fortieth Omnibus (Substantive)
                      Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code,
                      Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Entered
                      February 25, 2011) (Docket No. 8146)

              (c)     Order Partially Sustaining Debtors' Fortieth Omnibus (Substantive)
                      Objection to Claims as Relates to Claim Nos. 753 and 754 of ASM Capital
                      L.P. (Entered June 24, 2011) (Docket No. 9344)

         Status:          The Court entered an Order sustaining the Objection with respect to all
                          claimants who did not contest or otherwise respond to the Objection, and
                          an Order with respect to Claim Nos. 753 and 754 of ASM Capital L.P.
                          The Objection was withdrawn as to Claim No. 2279 of USDR, Claim No.
                          6683 of Hess Corporation and Claim No. 749 of ASM Capital L.P.  The
                          Objection was modified by consent of the parties with respect to Claim
                          No. 2554 of Corre Opportunities Fund.  The hearing on Claim No. 1672 of
                          USDR – CNI Corporation is adjourned to the October 4, 2012 hearing.
                          This matter will not be going forward.

6.    Debtors' Forty-Second Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed February 18, 2011) (Docket No. 8065)

Response Deadline:  March 15, 2011 at 4:00 p.m.

Responses Received:

(a)    Carol Walker's Response to Debtors' Forty-Second Omnibus Objection to Claim (Filed March 9, 2011) (Docket No. 8325)

(b)    Informal response by Broadspire Services [Claim No. 5335] (Received March 4, 2011)

(c)    Carol Walker's Response to Debtors' Forty-Second Omnibus Objection to Claim (Filed April 12, 2011) (Docket No. 8623)

Related Documents:

(a)    Notice of Submission of Proofs of Claim Regarding Debtors' Forty-Second Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed March 7, 2011) (Docket No. 8289)

(b)    Order Partially Sustaining Debtors' Forty-Second Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered March 30, 2011) (Docket No. 8523)

(c)    Order Approving Stipulation Between Los Angeles Times Communications LLC and Software AG, Inc. Regarding Resolution of Debtors' Forty-Second Omnibus (Substantive) Objection to Claims as it Relates to Claim No. 5283 (Entered July 30, 2012) (Docket No. 12129)

Status:    The Court entered an Order sustaining the Objection with respect to all claimants who did not respond or otherwise contest the Objection, and approving a stipulation between the Debtors and Software AG, Inc. regarding Claim No. 5283.  The hearing on Claim No. 5335 of Broadspire Services, Inc., and Claim No. 6601 of Carol Walker is adjourned to the October 4, 2012 hearing.  This matter will not be going forward.

7.    Debtors' Objection to Claim No. 7104 Asserted by the Department of Revenue for the State of Florida Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 (Filed July 6, 2012) (Docket No. 11961)

Response Deadline:  July 31, 2012 at 4:00 p.m.

On consent of the parties, the Objection Deadline is extended until 4:00 p.m. on September 27, 2012 for the Department of Revenue for the State of Florida and the Debtors' Reply Deadline is extended to October 1, 2012.

Responses Received: None at this time.

Related Documents:

    (a)    Notice of Submission of Proof of Claim Regarding Objection to Claim No. 7104 Asserted by the Department of Revenue for the State of Florida Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 (Filed July 24, 2012) (Docket No. 12090)

Status:    The hearing on the Objection is adjourned to the October 4, 2012 hearing. This matter will not be going forward.

8.    Debtors' Objection to Claim No. 5972 Asserted by the New York City Department of Finance Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 (Filed July 6, 2012) (Docket No. 11963)

Response Deadline: July 31, 2012 at 4:00 p.m.
On consent of the parties, the Objection Deadline is extended until 4:00 p.m. on September 27, 2012 for the New York City Department of Finance and the Debtors' Reply Deadline is extended to October 1, 2012.

Responses Received: None at this time.

Related Documents:

    (a)    Notice of Submission of Proof of Claim Regarding Debtors' Objection to Claim No. 5972 Asserted by the New York City Department of Finance Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 (Filed July 24, 2012) (Docket No. 12092)

Status:    The hearing on the Objection is adjourned to the October 4, 2012 hearing. This matter will not be going forward.

## CERTIFICATIONS OF NO OBJECTION / CERTIFICATIONS OF COUNSEL

9.    Motion of the Official Committee of Unsecured Creditors for an Order Modifying (A) Order (I) Authorizing the Debtors to Establish a Document Depository and Directing the Committee to Deliver Certain Documents to the Depository Pursuant to Federal Rule of Bankruptcy Procedure 2004 and (II) Establishing Settlement Negotiation Protections Pursuant to 11 U.S.C. § 105(a); and (B) Protective Order (Filed July 30, 2012) (Docket No. 12133)

Objection Deadline:  August 17, 2012 at 4:00 p.m.
On consent of the parties, the Objection Deadline was extended until 4:00 p.m. on
August 24, 2012 for Morgan Stanley.

Responses Received:  None.

Related Documents:

      (a)    Notice of Hearing (Filed August 2, 2012) (Docket No. 12153)

      (b)    Certificate of No Objection (Filed August 28, 2012) (Docket No. 12342)

      (c)    **Order Approving Motion of the Official Committee of Unsecured Creditors for an Order Modifying (A) Order (I) Authorizing the Debtors to Establish a Document Depository and Directing the Committee to Deliver Certain Documents to the Depository Pursuant to Federal Rule of Bankruptcy Procedure 2004 and (II) Establishing Settlement Negotiation Protections Pursuant to 11 U.S.C. § 105(A); and (B) Protective Order (Entered August 31, 2012) (Docket No. 12361)**

**Status:**    **The Court entered an Order granting the Motion.  This matter will not be going forward.**

10.    Debtors' Fifty-Seventh Omnibus (Substantive) Objection to Claims Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 (Filed August 6, 2012) (Docket No. 12199)

Response Deadline:  August 29, 2012 at 4:00 p.m.

Responses Received:

Responses Received:

      (a)    Trey C. Yant's Response to Debtors' Fifty-Seventh Omnibus Objection to Claims (Filed August 29, 2012) (Docket No. 12346)

46429/0001-8728896v2

Related Documents:

    (a)    Notice of Submission of Proofs of Claim Regarding Debtors' Fifty-Seventh Omnibus (Substantive) Objection to Claims Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 (Filed August 22, 2012) (Docket No. 12311)

    (b)    Certification of Counsel with Regard to Debtors' Fifty-Seventh Omnibus (Substantive) Objection to Claims Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 (Filed August 31, 2012) (Docket No. 12351)

    **(c)    Order Sustaining Debtors' Fifty-Seventh Omnibus (Substantive) Objection to Claims Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 (Entered August 31, 2012) Docket No. 12362)**

**Status:**    **The Court entered an Order sustaining the Objection. This matter will not be going forward.**

11.    Debtors' Fifty-Eighth Omnibus (Substantive) Objection to Claims Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 (Filed August 6, 2012) (Docket No. 12200)

Response Deadline: August 29, 2012 at 4:00 p.m.

Responses Received: None.

Related Documents:

    (a)    Notice of Submission of Proofs of Claim Regarding Debtors' Fifty-Eighth Omnibus (Substantive) Objection to Claims Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 (Filed August 22, 2012) (Docket No. 12312)

    (b)    Certification of No Objection Regarding Docket No. 12200 (Filed August 31, 2012) (Docket No. 12352)

    **(c)    Order Sustaining Debtors' Fifty-Eighth Omnibus (Substantive) Objection to Claims Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 (Entered August 31, 2012) (Docket No. 12364)**

**Status:**    **The Court entered an Order sustaining the Objection. This matter will not be going forward.**

12.    Debtors' Fifty-Ninth Omnibus (Non-Substantive) Objection to Claims Pursuant to
       Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and
       Local Rule 3007-1 (Filed August 6, 2012) (Docket No. 12201)

       Response Deadline:  August 29, 2012 at 4:00 p.m.

       Responses Received:  None.

       Related Documents:

              (a)    Certification of No Objection Regarding Docket No. 12201 (Filed
                     August 31, 2012) (Docket No. 12353)

              (b)    **Order Sustaining Debtors' Fifty-Ninth Omnibus (Non-Substantive)
                     Objection to Claims Pursuant to Section 502(b) of the Bankruptcy
                     Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1
                     (Entered August 31, 2012) (Docket No. 12366)**

       **Status:**    **The Court entered an Order sustaining the Objection.  This matter
                      will not be going forward.**

13.    Application for an Order Authorizing the Debtors to Retain and Employ Paul, Weiss,
       Rifkind, Wharton & Garrison LLP as Special Counsel for Certain Financing Matters
       Pursuant to 11 U.S.C. §§ 327(e) and 1107, *Nunc Pro Tunc* to July 11, 2012 (Filed
       August 10, 2012) (Docket No. 12244)

       Objection Deadline:  August 29, 2012 at 4:00 p.m.

       Responses Received:  None.

       Related Documents:

              (a)    Certification of No Objection Regarding Docket No. 12244 (Filed
                     August 31, 2012) (Docket No. 12354)

              (b)    **Order Authorizing the Debtors to Retain and Employ Paul, Weiss,
                     Rifkind, Wharton & Garrison LLP as Special Counsel for Certain
                     Financing Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, *Nunc
                     Pro Tunc* to July 11, 2012 (Entered August 31, 2012) (Docket No.
                     12370)**

       **Status:**    **The Court entered an Order granting the Application.  This matter
                      will not be going forward.**

14.    Motion of Aurelius Capital Management, LP for Authorization to Seal Exhibits C and D
       of the Declaration of David M. Zensky in Support of Aurelius's Reply Brief in Further
       Support of Motion for a Stay Pending Appeal Pursuant to Bankruptcy Rule 8005 and
       Statement in Support of Certification (Filed August 15, 2012) (Docket No. 12276)

Objection Deadline:  August 29, 2012 at 4:00 p.m.

Responses Received:  None.

Related Documents:

> (a)    Declaration of David M. Zensky in Support of Aurelius's Reply Brief in Further Support of Motion for a Stay Pending Appeal Pursuant to Bankruptcy Rule 8005 and Statement in Support of Certification (Filed August 15, 2012) (Docket No. 12273)

> (b)    Certificate of No Objection Regarding Motion of Aurelius Capital Management, LP for Authorization to Seal Exhibits C and D of the Declaration of David M. Zensky in Support of Aurelius's Reply Brief in Further Support of Motion for Stay Pending Appeal Pursuant to Bankruptcy Rule 8005 and Statement in Support of Certification (Filed August 31, 2012) (Docket No. 12355)

> **(c)    Order on Motion of Aurelius Capital Management, LP for Authorization to Seal Exhibits C and D of the Declaration of David M. Zensky in Support of Aurelius's Reply Brief in Further Support of Motion for a Stay Pending Appeal Pursuant to Bankruptcy Rule 8005 and Statement in Support of Certification (Entered August 31, 2012) (Docket No. 12368)**

> **Status:    The Court entered an Order granting the Motion.  This matter will not be going forward.**

15.    Motion of Law Debenture Company of New York and Deutsche Bank Trust Company Americas to Seal: (i) Reply of Law Debenture Trust Company of New York and Deutsche Bank Trust Company Americas for Stay Pending Appeal of Confirmation Order, and (ii) Declaration of Matthew B. Stein in Further Support of Law Debenture Trust Company Americas' Certification Motion and Stay Motion (Filed August 15, 2012) (Docket No. 12278)

Objection Deadline:  August 29, 2012 at 4:00 p.m.

Responses Received:  None at this time.

Related Documents:

> (a)    Declaration of Matthew B. Stein in Further Support of Law Debenture Trust Company of New York's and Deutsche Bank Trust Company Americas' Motion for Stay Pending Appeal of Confirmation Order and Motion Requesting Certification of Direct Appeal (Filed August 15, 2012) (Docket No. 12274)

46429/0001-8728896v2

(b)    Reply of Law Debenture Trust Company of New York and Deutsche Bank Trust Company Americas for Stay Pending Appeal of Confirmation Order (Filed August 15, 2012) (Docket No. 12277)

(c)    Certificate of No Objection Regarding Motion of Law Debenture Trust Company of New York and Deutsche Bank Trust Company Americas to Seal: (i) Reply of Law Debenture Trust Company of New York and Deutsche Bank Trust Company Americas for Stay Pending Appeal of Confirmation Order, and (ii) Declaration of Matthew B. Stein in Further Support of Law Debenture Trust Company Americas' Certification Motion and Stay Motion (Filed August 31, 2012) (Docket No. 12356)

**(d)    Order Granting Motion of Law Debenture Trust Company of New York and Deutsche Bank Trust Company Americas to Seal: (i) Reply of Law Debenture Trust Company of New York and Deutsche Bank Trust Company Americas for Stay Pending Appeal of Confirmation Order, and (ii) Declaration of Matthew B. Stein in Further Support of Law Debenture Trust Company Americas' Certification Motion and Stay Motion (Entered August 31, 2012) (Docket No. 12363)**

**Status:**    **The Court entered an Order granting the Motion.  This matter will not be going forward.**

Dated:  August 31, 2012

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION