**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>**Hearing Date: October 4, 2012 at 10:00 a.m. ET**<br>**Response Deadline: September 27, 2012 at 4:00 p.m. ET** |

**DEBTORS' OBJECTION TO CLAIM NOS. 5017-5026 OF AIG CASUALTY COMPANY ET AL. PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3001, 3003, AND 3007**

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and, collectively, the "Debtors"), by and through their undersigned counsel, hereby file this objection (the "Objection") to those certain proofs of claim filed against Tribune

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Company and nine other Debtors[2] (the "Relevant Debtors") by claimant AIG Casualty Company et al. (the "Claimant"), being Claim Nos. 5017-5026 (the "AIG Claims"), copies of which are attached hereto as Exhibit A. This Objection is submitted pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of the Objection, the Debtors respectfully state as follows:

## INTRODUCTION

1. The AIG Claims are entirely protective and unliquidated claims that should be disallowed as of the effective date of the Debtors' recently confirmed Fourth Amended Joint Plan of Reorganization (the "Fourth Amended DCL Plan").[3] The AIG Claims should be disallowed because (i) no amounts are due and owing under these claims at present, nor has the Claimant asserted otherwise, and (ii) the Fourth Amended DCL Plan provides that the Debtors' prepetition insurance policies and agreements shall continue in effect after the effective date of the Fourth Amended DCL Plan pursuant to their terms and conditions (as set forth in more detail in section 6.9 of the Fourth Amended DCL Plan), and hence the Claimant has whatever reasonable protections it may need following the effective date of the Fourth Amended DCL Plan with respect to insurance policies that it has issued to the Relevant Debtors. The Debtors accordingly request that this Court disallow and expunge the AIG Claims from the claims register, effective as of the effective date of the Fourth Amended DCL Plan.

---

[2] In addition to Tribune Company, Claimant filed Proofs of Claim against: Los Angeles Times Communications LLC, Los Angeles Times International, Ltd., Los Angeles Times Newspapers, Inc., Times Mirror Land and Timber Company, Times Mirror Payroll Processing Company, Inc., Times Mirror Services Company, Inc., Tribune Publishing Company, WGN Continental Broadcasting Company, and WLVI Inc.

[3] See Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank N.A. (as Modified July 19, 2012) [Docket No. 12072].

## STATUS OF THE CASE AND JURISDICTION

2. On December 8, 2008 (the "Petition Date"), Tribune Company and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[4] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 110 entities.

3. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). (Docket Nos. 43, 2333.)

4. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors in the Debtors' chapter 11 cases (the "Committee").

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007.

## FACTUAL BACKGROUND CONCERNING THE AIG CLAIMS

7. The AIG Claims were received on June 12, 2009 and recorded as Claim Nos. 5017-5026 on the official claims register (the "Claims Register") maintained by Epiq

[4] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

Bankruptcy Solutions, LLC, the agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

8. Each of the AIG Claims is substantively identical. Specifically, the basis for each of the AIG Claims is alleged to be (i) claims for amounts that may be owing under various insurance policies that the Claimant asserts it has issued to the Relevant Debtors, (ii) claims for amounts under certain fidelity and surety bonds that the Claimant asserts it has issued on behalf of the Relevant Debtors, and (iii) various rights to relief under theories of quantum meruit, joint liability, indemnity, and similar theories. See Exhibit A at ¶ 5. Each of the bases for payment set forth in the AIG Claims is entirely protective in nature. See, e.g., id. at ¶ 5(g) ("the Debtors may also be liable to Claimant by virtue of relevant principles of contract and common law relating to, among other things, subrogation, suretyship, indemnification or contribution.").

9. The AIG Claims are entirely unliquidated, and the Claimant does not state anywhere in the AIG Claims that any amounts are in fact owed to it on any basis. The Claimant has not amended the AIG Claims in the three years since they were filed, nor has the Claimant taken any other steps of which the Relevant Debtors are aware to liquidate the AIG Claims. The AIG Claims are supported by documentation outlining the various insurance policies that Claimant has provided to the Relevant Debtors and other information that purports to describe the business relationship between the Claimant and the Relevant Debtors, but otherwise provides no support for any current right to payment on the part of the Claimant. Moreover, to the best of the Debtors' knowledge, the Relevant Debtors are current on all payments to the Claimant.

10. The Debtors attempted prior to the filing of this Objection to resolve the AIG Claims, and the claims of other similarly-situated insurers, on a consensual basis.

Specifically, the Debtors included in the now-confirmed Fourth Amended DCL Plan a provision stating, among other things, that their prepetition insurance policies "shall continue in effect after the Effective Date pursuant to their respective terms and conditions, and nothing in the Plan Documents shall relieve any of the Reorganized Debtors from performing any of the Debtors' obligations under the Insurance Policies and Agreements...." Fourth Amended DCL Plan at § 6.9. Several of the Debtors' insurers that had filed protective proofs of claim similar to the AIG Claims agreed that such language adequately preserved the parties' rights under the relevant prepetition insurance policies after the effective date of the Fourth Amended DCL Plan, such that those insurers consented to relief in this Court's order confirming the Fourth Amended DCL Plan that their proofs of claim would be deemed withdrawn on the effective date of such plan without the need for further action by the insurers, the Debtors, or the Court. See Confirmation Order at § VIII.B.2[5] ("On the Effective Date, as a result of the inclusion of Section 6.9 in the DCL Plan, all proofs of claim asserted against any of the Debtors by [three insurance companies] shall be deemed withdrawn by the relevant claimant(s) without the need for further action by any of the Debtors, [the three insurance companies], and the Court-appointed claims agent is authorized to modify the claims register in these cases to remove such claims from the claims register.").

11. The Debtors contacted the Claimant to determine whether it would similarly consent to the withdrawal of the AIG Claims on the effective date as a result of such language's inclusion in the Fourth Amended DCL Plan, but the Debtors and the Claimant were unable to come to an agreement. Accordingly, and given the facts that the Claimant has not identified any specific amounts owed to it on account of the AIG Claims since such discussions, and, furthermore, that the Debtors are not aware of any amounts owing to the Claimant, the

[5] "Confirmation Order" refers to the Order Confirming Fourth Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 12074].

Debtors submit this Objection seeking the AIG Claims' disallowance as of the effective date of the Fourth Amended DCL Plan, without prejudice to any rights that may be preserved for the Claimant's benefit by operation of section 6.9 of the Fourth Amended DCL Plan.

## APPLICABLE LAW

12. This Objection is based on section 502(b)(1) of the Bankruptcy Code, which provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
>
> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1). Section 502(b)(1) recognizes the settled principle that "[c]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450-51 (2007) (citing Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20 (2000)). A claim against the bankruptcy estate, therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be enforceable against the debtor outside of bankruptcy." In re Combustion Eng'g, Inc., 391 F.3d 190, 245 (3d Cir. 2004).[6]

[6] The AIG Claims assert numerous theories of recovery, including unspecified claims for contribution, reimbursement, and indemnity. See Exhibit A at ¶ 5(f) (asserting claim for indemnification to the extent Debtors have any obligation to indemnify Claimant), ¶ 5(g) (asserting claim for, among other things, "indemnification or contribution."). The AIG Claims do not provide any greater specificity respecting such claims, and the Debtors are accordingly unable to determine whether such claims are subject to disallowance under section 502(e)(1) of the Bankruptcy Code. The Debtors reserve all rights to supplement this Objection with respect to such issue.

13. Here, there is no claim that is enforceable against the Relevant Debtors because (i) the Claimant has not identified any amounts under the AIG Claims as to which it has a present right to payment, nore are the Debtors aware of any such amounts, and (ii) the prepetition insurance contracts of the Relevant Debtors will continue in effect after the effective date of the Fourth Amended DCL Plan pursuant to the terms and conditions of such insurance contracts. The AIG Claims appear to be entirely protective in nature; however, given this Court's confirmation of the Fourth Amended DCL Plan and the reasonable protections provided to all parties therein with respect to the Debtors' prepetition insurance contracts, no good reason appears for the AIG Claims to remain on the Claims Register following the effective date. Indeed, as embodied in this Court's order confirming the Fourth Amended DCL Plan, several of the Debtors' prepetition insurers agreed to withdraw their claims on the effective date based on the terms of the Fourth Amended DCL Plan. There is no reason to treat the AIG Claims differently, and the Debtors accordingly request that such claims be disallowed as of the effective date and removed from the Claims Register.

**RESERVATION OF RIGHTS**

14. The Debtors have based this objection on section 502(b) of the Bankruptcy Code given that the Claimant has not identified any right to payment of any identifiable amount in the AIG Claims. The Debtors reserve all of their rights to supplement this Objection in the event the Claimant identifies any such rights to payment, or otherwise modifies or amends the AIG Claims.

**NOTICE**

15. Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the administrative agents for Tribune's prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors'

postpetition financing facility; (v) AIG Casualty Company et al. through its authorized representative Michelle A. Levitt; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

**NO PRIOR REQUEST**

16. No previous application for the relief sought herein has been made to this Court or to any other court.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007, (i) disallowing in full and expunging the AIG Claims as of the effective date of the Fourth Amended DCL Plan; (ii) directing the Claims Agent to expunge the AIG Claims from the Claims Register; and (iii) granting such other and further as the Court deems just and proper.

Dated: Wilmington, Delaware
September 4, 2012

Respectfully submitted,

SIDLEY AUSTIN LLP
Bryan Krakauer
Kenneth P. Kansa
Lydia Hill Slaby
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL, FORMAN
& LEONARD, P.A.

By: /s/ J. Kate Stickles
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION