**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**FEE EXAMINER'S FINAL REPORT REGARDING THE**
**ELEVENTH QUARTERLY APPLICATION OF JENNER & BLOCK LLP**

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Eleventh Quarterly Application of Jenner & Block LLP* [Docket No. 9980] (the "**Fee Application**"). The Fee Application seeks

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

approval of fees that total $48,220.50 and reimbursement of expenses that total $2,821.04 for the period from June 1, 2011 through August 31, 2011. Jenner & Block LLP ("**Jenner**") serves as special counsel to the Debtors for certain litigation matters.

## Background

1.  On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Under this Court's *Order Directing Joint Administration Chapter 11 Cases* dated December 10, 2009 [Docket No. 43], these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

2.  On December 26, 2008, the Debtors filed the *Application for an Order Authorizing Debtors and Debtors in Possession to Retain Jenner & Block LLP as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to the Petition Date* [Docket No. 142] (the "**Retention Application**"). By order dated February 20, 2009, this Court approved the Retention Application (the "**Initial Retention Order**").

3.  On April 28, 2009, the Court entered an Order (the "**Supplemental Retention Order**") [Docket No. 1097] approving the *Debtors' Supplemental Application for an Order Expanding the Scope of the Retention of Jenner & Block LLP as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to March 5, 2009* (the "**Supplemental Retention Application**"). The Supplemental Retention Application sought clarification of the scope of Jenner's representation to allow Jenner to assist the Debtors with responding to a subpoena issued by the Department of Labor on March 2, 2009. Jenner continues to advise and assist the Debtors in connection with the DOL inquiry.

4.      Jenner submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

### Applicable Standards

5.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

6.      The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

7.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court

...

shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

8. A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

9. The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Supplemental Retention Application, the Supplemental Retention Order, the Interim Compensation Order, and all related filings, and provided a Preliminary Report to Jenner for review and comment. Jenner provided a written response to the Fee Examiner. After evaluation of the additional information provided by

...

...

Jenner, the Fee Examiner submits this Final Report for the Court's consideration. This Final Report is in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of the applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and will also inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

## DISCUSSION OF FINDINGS

### Technical Requirements

10. **Reconciliation of Fees and Expenses.** The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**"). The Fee Examiner identified no discrepancies between the Fees Requested and the Fees Computed, nor any discrepancies between the Expenses Requested and the Expenses Computed.

11. **Block Billing.** The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*. The UST Guidelines further provide that where a timekeeper's time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[2] Jenner block billed entries totaling 12.70 hours with $6,985.00 in associated fees. The entries

---

[2] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g., In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g., In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

were displayed in **Exhibit A to the** Preliminary Report.[3] In particular, Jenner timekeepers lumped together more than one conference or written communication or combined communications and other activity in one fee entry. However, based upon precedent established by this Court, only one of the block billed entries was objectionable. The questioned entry totals 3.00 hours with $1,650.00 in associated fees, and is highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner invited comment from the firm. Jenner provided additional detail necessary to bring the entry into compliance. The Fee Examiner does not make a recommendation for a fee reduction, and Exhibit A is omitted from the Final Report.

12. **Time Increments.** The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*. The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*. Jenner timekeepers recorded their time in one-tenth hour increments.

### Review of Fees

13. **Firm Staffing.** The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*. The Fee Application provided the names, positions, and hourly rates of the seven Jenner professionals and paraprofessionals who billed to this matter, consisting of three partners, one

---

[3] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

associate, and three paralegals. A summary of hours and fees billed by each timekeeper is displayed in **Exhibit B**.[4]

The firm billed a total of 98.40 hours with associated fees of $48,220.50. The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 61.00 | 62% | $37,700.00 | 78% |
| Associate | 6.70 | 7% | 2,914.50 | 6% |
| Paralegal | 30.70 | 31% | 7,606.00 | 16% |
| **TOTAL** | 98.40 | 100% | $48,220.50 | 100% |

The blended hourly rate for the Jenner professionals is $599.92 and the blended hourly rate for professionals and paraprofessionals is $490.05.

14. **Hourly Rate Increases.** Jenner did not increase the hourly rates of firm timekeepers during this interim period.

15. **Timekeepers' Roles.** A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*. With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts. On the whole, each timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals. However, the Fee Examiner identified one timekeeper whose benefit to the case is unclear. One timekeeper invoiced 0.50 hour with $300.00 in associated fees to prepare e-mails

---

[4] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

and associated review. The timekeeper also did not invoice in the previous application. The questioned time was set forth in **Exhibit C** to the Preliminary Report. In response, Jenner agreed to voluntarily withdraw its request for these fees, which resulted in a $300.00 fee reduction. Exhibit C is omitted from this report.

16. **Meetings, Conferences, Hearings, and Other Events.** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" *Local Rule 2016-2(d)(ix)*, and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*. While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified only one occasion where two Jenner timekeepers attended the same meeting, conference, hearing, or other event. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 0.90 hour with $682.50 in associated fees, were displayed in **Exhibit D** to the Preliminary Report. The Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference). The potentially duplicative and unnecessary timekeeper's entry totaling 0.40 hour with $220.00 in associated fees, was highlighted in bold and marked with an ampersand [&] in the exhibit. Based on the minimal time and fees at issue, the Fee Examiner makes no recommendation for a fee reduction. Exhibit D is omitted from the Final Report.

17. **Intraoffice Conferences.** Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified billing activities by Jenner timekeepers describing intraoffice conferences totaling 4.30 hours with $2,785.00 in associated fees, or approximately 6% of the Fees Computed, which were displayed in **Exhibit E** to the Preliminary Report. The Fee Examiner observed that in certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference. The entries describing intraoffice conferences invoiced by two or more firm personnel total 1.10 hours with $650.00 in associated fees and were highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested that Jenner strive to eliminate unnecessary intraoffice conferencing, but makes no recommendation for a fee reduction. Exhibit E is omitted from this Final Report.

18. **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v.*

The Fee Examiner identified entries totaling 3.50 hours with $2,787.50 in associated fees in which the task description for a conference or other communication did not identify the participants to or the subject matter of the communication. This lack of detail hinders a reviewer's ability to determine the reasonableness and necessity of the activity, and is in clear violation of the applicable guidelines. The entries were displayed in **Exhibit F** to the Preliminary Report. The firm was invited to comment on the deficiencies or to provide the missing detail for the questioned entries.

Jenner and the Fee Examiner reached a compromise, which resulted in a fee reduction of $1,393.75. Exhibit F is omitted from this Final Report.

19.   **Administrative Activities.**   Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such, are reflected in the hourly rates charged by the firm. The Fee Examiner did not identify any administrative activities.

20.   **Clerical Activities.**   Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel[5] or otherwise have a market value less than the hourly rate charged by the firm. The Fee Examiner reviewed each timekeeper's billing activities and identified entries describing gathering and organizing documents. The entries were displayed in **Exhibit G** to the Preliminary Report and total 5.10 hours with $1,428.00 in associated fees. The firm agreed with the Fee Examiner, in that the entries were both clerical-type activities that should be billed at the rate of $80.00 per hour. The result is a fee reduction of $1,020.00. Exhibit G is omitted from this report.

---

[5] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates). These overhead activities may include: mailing; photocopying, word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

21. **Travel.** The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. The Fee Examiner did not identify any fee entries describing travel.

22. **Jenner Retention/Compensation.** Jenner billed 12.50 hours with associated fees of $4,241.50 to prepare the firm's retention documents and applications for compensation, approximately 9% of the Fees Computed. The fee entries describing Jenner's retention/compensation activities are displayed in **Exhibit H**, which is included in the Final Report for the Court's reference.

## Review of Expenses

23. **Itemization of Expenses.** The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*. The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*. Jenner provided an itemization for its expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

24. **Photocopies.** The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii)*. Jenner stated in the Application that the firm's standard rate for duplication is $0.10 per page. The Fee Examiner requests that Jenner provide additional information regarding the charges in the category: "Photocopy and Related Expenses," including the method of calculation for these charges. The questioned charges were displayed in **Exhibit I**. The firm responded by stating this category is comprised of expenses incurred in producing photocopies of various documents, and that its standard charges for scanning, printing and document production range from $.06 to $.10 per page (for black and white). Exhibit I is omitted from this Final Report.

25. **Computer Assisted Legal Research.** The Local Rules provide that computer assisted legal research charges "shall not be more than the actual cost." *Local Rule 2016-2 (e)(iii)*. Jenner stated in the Application that "[w]ith respect to legal research expenses, charges to Jenner by Lexis/Nexis and Westlaw are based on the actual number and scope of searches."

26. **In-City Transportation.** Jenner requested reimbursement of $42.85 for expenses described as "In-City Transportation." The Fee Examiner requested Jenner provide additional information with regard to the charge displayed in **Exhibit J** to the Preliminary Report, including an explanation for the necessity and purpose of the charge. In response, Jenner simply agreed to to withdraw its request for reimbursement of the expense, which results in a $42.85 expense reduction. Exhibit J is omitted from this Final Report.

## CONCLUSION

The Fee Examiner submits this final report regarding Jenner's Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $45,506.75 ($48,220.50 minus $2,713.75) and reimbursement of expenses in the amount of $2,778.19 ($2,821.04 minus $42.85) for the period June 1, 2011 through August 31, 2011. The findings are set forth in the summary on the following page.

**JENNER & BLOCK, LLP**

**SUMMARY OF FINDINGS**

**Eleventh Quarterly Application (June 1, 2011 through August 31, 2011)**

A. **Amounts Requested and Computed**

| | | |
|---|---:|---:|
| Fees Requested | $48,220.50 | |
| Expenses Requested | 2,821.04 | |
| TOTAL FEES AND EXPENSES REQUESTED | | $51,041.54 |
| Fees Computed | $48,220.50 | |
| Expenses Computed | 2,821.04 | |
| TOTAL FEES AND EXPENSES COMPUTED | | $51,041.54 |

B. **Recommended Fee Allowance and Expense Reimbursement**

| | | | |
|---|---:|---:|---:|
| Fees Requested | $48,220.50 | | |
| *Agreed Reduction for Questioned Timekeepers* | | ($ 300.00) | |
| *Agreed Reduction for Vague Communications* | | (1,393.75) | |
| *Agreed Reduction for Clerical Activities* | | (1,020.00) | |
| Subtotal | | ($2,713.75) | |
| RECOMMENDED FEE ALLOWANCE | | | $45,506.75 |
| Expenses Requested | $2,821.04 | | |
| *Agreed Reduction for In-City Transportation* | | ($42.85) | |
| Subtotal | | ($42.85) | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 2,778.19 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $48,284.94 |

Respectfully submitted,

**STUART MAUE**

By: _____
John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 7th day of September, 2012.

David Klauder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
William E. Chipman Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

David J. Bradford, Esq.
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654-3456

_____
John F. Theil, Esq.

**EXHIBIT B**

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**
**COMPUTED AT STANDARD RATES**
**Jenner & Block LLP**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| DAS | Sondgeroth, Douglas A. | PARTNER | $550.00 | $550.00 | 49.50 | $27,225.00 |
| DJB | Bradford, David J. | PARTNER | $925.00 | $925.00 | 11.00 | $10,175.00 |
| CJR | Rozycki, Carla J. | PARTNER | $600.00 | $600.00 | 0.50 | $300.00 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $618.03 | | 61.00 | $37,700.00 |
| | | | | % of Total: | 61.99% | % of Total: 78.18% |
| LSR | Raiford, Landon S. | ASSOCIATE | $435.00 | $435.00 | 6.70 | $2,914.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $435.00 | | 6.70 | $2,914.50 |
| | | | | % of Total: | 6.81% | % of Total: 6.04% |
| SYR | Reed, Sonya Y. | PARALEGAL | $250.00 | $250.00 | 14.30 | $3,575.00 |
| SKM | McGee, Shawn K. | PARALEGAL | $280.00 | $280.00 | 11.30 | $3,164.00 |
| MXP | Patterson, Marc A. | PARALEGAL | $170.00 | $170.00 | 5.10 | $867.00 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $247.75 | | 30.70 | $7,606.00 |
| | | | | % of Total: | 31.20% | % of Total: 15.77% |
| | Total No. of Billers: 7 | Blended Rate for Report: | $490.05 | | 98.40 | $48,220.50 |

EXHIBIT H

JENNER RETENTION/COMPENSATION

Jenner & Block LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Bradford, D | 0.20 | 185.00 |
| Patterson, M | 5.10 | 867.00 |
| Raiford, L | 6.70 | 2,914.50 |
| Sondgeroth, D | 0.50 | 275.00 |
| | 12.50 | $4,241.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Applications | 12.30 | 4,056.50 |
| General Matters | 0.20 | 185.00 |
| | 12.50 | $4,241.50 |

EXHIBIT H

JENNER RETENTION/COMPENSATION

Jenner & Block LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 06/14/11 Tue | Raiford, L 9206656/21 | 1.30 | 1.30 | 565.50 | | | 1 | *MATTER NAME: Fee Applications* { L210 } {A103} DRAFTED MARCH/APRIL FEE APPLICATION. |
| 06/20/11 Mon | Bradford, D 9206652/24 | 0.20 | 0.20 | 185.00 | | | 1 | *MATTER NAME: General Matters* { L190 } {A103} EDITED AUDITOR'S RESPONSE LETTER. |
| 06/20/11 Mon | Patterson, M 9206656/22 | 1.90 | 1.90 | 323.00 | 1.50 0.40 | F F | 1 2 | *MATTER NAME: Fee Applications* { L210 } {A103} PREPARED EXHIBITS FOR JENNER & BLOCK'S MARCH AND APRIL 2011 MONTHLY FEE APPLICATION (1.5); UPDATED TIME SUMMARY CHART IN SAME (.4). |
| 06/27/11 Mon | Raiford, L 9206656/23 | 0.40 | 0.40 | 174.00 | | | 1 | *MATTER NAME: Fee Applications* { L210 } {A104} CONDUCTED FINAL REVIEW OF MARCH/APRIL FEE APPLICATION. |
| 07/11/11 Mon | Raiford, L 9208867/49 | 0.90 | 0.90 | 391.50 | 0.40 0.50 | F F | 1 2 | *MATTER NAME: Fee Applications* { L210 } {A103} DRAFTED MAY FEE APPLICATION (.4); DRAFTED 10TH QUARTERLY FEE APPLICATION (.5). |
| 07/12/11 Tue | Raiford, L 9208867/50 | 1.10 | 1.10 | 478.50 | | | 1 | *MATTER NAME: Fee Applications* { L210 } {A103} CONTINUED DRAFTING 10TH QUARTERLY FEE APPLICATION. |
| 07/13/11 Wed | Patterson, M 9208867/51 | 1.40 | 1.40 | 238.00 | 1.00 0.40 | F F | 1 2 | *MATTER NAME: Fee Applications* { L210 } {A103} PREPARED EXHIBITS FOR JENNER & BLOCK'S MAY 2011 MONTHLY FEE APPLICATION (1.0); UPDATED TIME SUMMARY CHART IN SAME (.4). |
| 07/13/11 Wed | Patterson, M 9208867/52 | 1.80 | 1.80 | 306.00 | 1.50 0.30 | F F | 1 2 | *MATTER NAME: Fee Applications* { L210 } {A103} PREPARED EXHIBITS FOR JENNER & BLOCK'S 10TH QUARTERLY FEE APPLICATION (1.5); UPDATED TIME SUMMARY CHART IN SAME (.3). |
| 07/14/11 Thu | Raiford, L 9208867/53 | 0.40 | 0.40 | 174.00 | | | 1 | *MATTER NAME: Fee Applications* { L210 } {A104} REVIEWED 10TH QUARTERLY FEE APPLICATION. |
| 08/02/11 Tue | Sondgeroth, D 9211132/54 | 0.50 | 0.50 | 275.00 | | | 1 | *MATTER NAME: Fee Applications* { L210 } {A104} REVIEWED MATERIALS RELATED TO JENNER'S FEES TO PREPARE INVOICES FOR SUBMISSION TO THE COURT. |
| 08/03/11 Wed | Raiford, L 9211132/55 | 2.60 | 2.60 | 1,131.00 | 1.50 1.10 | F F | 1 2 | *MATTER NAME: Fee Applications* { L210 } {A103} EDITED RESPONSE TO FEE EXAMINER RE FIFTH QUARTERLY FEE APPLICATION (1.5); EDITED RESPONSE TO FEE EXAMINER RE SIXTH AND SEVENTH QUARTERLY FEE APPLICATIONS (1.1). |
| | | | 12.50 | $4,241.50 | | | | |

Total
Number of Entries:    11

~ See the last page of exhibit for explanation

EXHIBIT H
JENNER RETENTION/COMPENSATION
Jenner & Block LLP

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Bradford, D | 0.20 | 185.00 |
| Patterson, M | 5.10 | 867.00 |
| Raiford, L | 6.70 | 2,914.50 |
| Sondgeroth, D | 0.50 | 275.00 |
| | 12.50 | $4,241.50 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Applications | 12.30 | 4,056.50 |
| General Matters | 0.20 | 185.00 |
| | 12.50 | $4,241.50 |

(~) REASONS FOR TASK HOUR ASSIGNMENTS
F    FINAL BILL