UNITED STATES BANKRUPTCY COURT

DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| TRIBUNE COMPANY, et al., | : | Case No. 08-13141(KJC) |
| | : | |
| Debtors | : | Jointly Administered |
| | : | |
| | : | September 1, 2012 |

## CLAIMANT'S MEMORANDUM IN OPPOSITION TO DEBTORS' OBJECTION TO CLAIM NO. 3045 OF JAMES GRIFFIN

On or about November 25, 2008, the Claimant James Griffin returned to the Connecticut Superior Court for the Judicial District of Hartford a Complaint against the Debtor alleging "false light" invasion of privacy in violation of the Connecticut common law.  That complaint now is a claim in the captioned bankruptcy proceeding and the debtors have moved to dismiss it on the ground that, assuming all allegations to be true, it fails to state a legally cognizable claim.  The debtors ask this court to apply the same standard that would be applied under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and articulated in such cases as Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009).

"Generally, while a complaint attacked by a Rule 12(b)(6) motion to

dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Instead, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). What is required are enough facts to state a claim to relief that is plausible on its face. In the words of the Supreme Court's most recent iteration of this standard, '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Starr v. Sony BMG Music Entertainment, 592 F.3d 314, 321 (2nd Cir. 2010). (Citations, quotation marks and elipses omitted.) "Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007).

  The debtors assert an array of defenses in their motion. They claim that statements attributed to the newspaper were in some instances protected

opinion, accurate quotations from others about matters of genuine interest to the public, or correct statements of fact.  There is no dispute that these defenses, if established, would defeat liability.

One clear exception to the proffered defenses, however, is set forth in particularized detail in Paragraph 3 of the Complaint: "On October 13, 2006, in an article published on pages A-1 and A-11 of its newspaper, under the headline 'Special Status At Colt Denied,' the defendant falsely and maliciously implied that the plaintiff was a thief and guilty of fraud, by stating that the Attorney General should 'ask Mr. Griffin how much money did he collect in Colt's name and what did he do with it?'"

In distinction from all of the claimant's other factual allegations, to this one the debtors make no response and offer no defense.  They offer no basis for the implication that the plaintiff was stealing money.  Clearly this is not a quotation from any news source, nor is it an expression of opinion.  No evidence whatever is offered to support this assertion.  This statement plainly is an accusation of felonious and immoral conduct, and it is utterly without any even purported factual basis.  The statement easily meets the definition of recklessness under Connecticut law:  "Recklessness is a state of consciousness with reference to the consequences of one's acts.  It is more than negligence, more than gross negligence.  The state of mind amounting to recklessness may be inferred from

3

conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. Wanton misconduct is reckless misconduct. It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action." Craig v. Driscoll, 262 Conn. 312, 342, 813 A.2d 1003, 1022 (2003).

Even if all the other allegations of the Complaint were found to be wanting, this one certainly meets the test for a viable state law claim for the "false light" invasion of privacy. See, e.g., Pace v. Bristol Hospital, 964 F. Supp. 628 (D. Conn. 1997).

Accordingly, the debtors' objection should be overruled.

Respectfully submitted:

JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax: 203.776.9494
jrw@johnrwilliams.com
Attorney for Claimant James Griffin

## CERTIFICATION OF SERVICE

On the date above stated, copies hereof were mailed to Kenneth P. Kansa and Jillian K. Ludwig at Sidley Austin LLP, One South Dearborn Street, Chicago, IL 60603; and Norman L. Pernick and J. Kate Stickles at Cole, Schotz, M<eisel, Forman & Leonard, P.A., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801.

JOHN R. WILLIAMS