## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### FEE EXAMINER'S FINAL REPORT REGARDING THE
### EIGHTH INTERIM FEE APPLICATION OF ZUCKERMAN SPAEDER LLP

Stuart Maue (the **"Fee Examiner"**) submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the **"Fee Examiner Order"**) in connection with the *Eighth Interim Fee Application of Zuckerman Spaeder LLP for Interim Approval and Allowance of Compensation and*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

*Reimbursement of Expenses* [Docket No. 9985] (the "**Fee Application**").  The Fee Application

seeks approval of fees that total $416,533.75 and reimbursement of expenses that total

$19,722.60 for the period from June 1, 2011 through August 31, 2011.  Zuckerman Spaeder LLP

("**Zuckerman**") serves as Special Counsel to the Official Committee of Unsecured Creditors

(the "**Committee**").

## Background

1.    On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed

subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each filed a

voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  On December 10, 2008,

the Bankruptcy Court entered an order consolidating the Debtors' Chapter 11 cases for

procedural purposes only.

2.    On August 13, 2009, the Committee filed the *Application of the Official*

*Committee of Unsecured Creditors of Tribune Company, et al., Pursuant to 11 U.S.C. §§ 328*

*and 1103 and Fed. R. Bankr. P. 2014, for an Order Authorizing the Employment and Retention*

*of Zuckerman Spaeder LLP as Special Counsel Nunc Pro Tunc to August 6, 2009* [Docket

No. 1953] (the "**Retention Application**").  By order dated September 3, 2009, this Court

approved the retention of Zuckerman (the "**Retention Order**").  The Retention Order provided

that Zuckerman "shall be compensated in accordance with the procedures set forth in section 330

and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, local rules and orders of the

court, guidelines established by the Office of the United States Trustee, and such other

procedures as may be fixed by order of this Court."

3.      Zuckerman submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals,* (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

## Applicable Standards

4.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.      The Fee Examiner reviewed the Fee Application for compliance with Sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A).* In evaluating the amount of reasonable compensation to be awarded, "the court

shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

7.      A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.      The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to Zuckerman for review and comment. The firm submitted to the Fee Examiner a lengthy and detailed written response to the Preliminary Report. After consideration of the additional information provided by the firm, the Fee Examiner now

issues this amended final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5.*

## DISCUSSION OF FINDINGS

### Technical Requirements

9.    **Reconciliation of Fees and Expenses.**  The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**").  The Fee Examiner identified no discrepancies between the Fees Requested and the Fees Computed, nor any discrepancies between the Expenses Requested and the Expenses Computed.

10.    **Block Billing.**[2]  The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii).*  The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines ¶(b)(4)(v).*[3]  The Delaware Bankruptcy Court has found that time entries that

---

[2] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry.  As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry.  This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

[3] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

generally only combine work on one issue, and a conference/communication with the client or opposing counsel on the same issue, while technically blocked billing, will not be objectionable.[4] With minimal exceptions, the Fee Examiner did not identify any objectionable block billing.

11.    **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*.  The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*.  Zuckerman complied with the applicable rules regarding time increments.

**Review of Fees**

12.    **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*.  The Fee Application provided the names, positions, and hourly rates of the ten Zuckerman professionals and paraprofessionals who billed to this matter, consisting of five partners, one associate, one paralegal, one library director/law librarian, one assistant library director, and one library assistant.  A summary of hours and fees billed by each timekeeper is displayed in **Exhibit A**.

---

[4] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

The firm billed a total of 822.30 hours with associated fees of $416,533.75. The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 480.50 | 58% | $316,241.25 | 76% |
| Associate | 177.30 | 22% | 60,282.00 | 14% |
| Paralegal | 124.70 | 15% | 33,045.50 | 8% |
| Library Director/Asst. Library Director/Library Assistant | 39.80 | 5% | 6,965.00 | 2% |
| TOTAL | 822.30 | 100% | $416,533.75 | 100% |

The blended hourly rate for the Zuckerman professionals is $572.40 and the blended hourly rate for professionals and paraprofessionals is $506.55.

13.   **Hourly Rate Increases.**   Zuckerman did not increase the hourly rates for timekeepers during this interim period.

14.   **Timekeepers' Roles.**   A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4).*   With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.   The Zuckerman timekeepers appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

15.   **Meetings, Conferences, Hearings, and Other Events.**   The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" *Local Rule 2016-2(d)(ix)*, and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees."

*UST Guidelines ¶(b)(4)(v)*.  While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more Zuckerman timekeepers attended the same meeting, conference, hearing, or other event, as well as any associated travel activities.  Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 40.10 hours with $24,127.50 in associated fees, were displayed in **Exhibit B** to the Preliminary Report.  In each instance where multiple timekeepers attended a meeting, conference, hearing, or other event, we identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference).  The potentially duplicative and unnecessary timekeepers' entries, including those tasks referencing related travel, totaled 24.30 hours with $12,960.00 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit.  The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response to the Preliminary Report, Zuckerman stated that as a matter of practice multiple firm attorneys attended events only when necessary and only for the amount of time necessary.  The firm provided an explanation of events that occurred during the interim period and the need for more than one attorney to participate at various meetings. The firm then divided the meetings and events into various categories and provided additional information and context. The additional information and context brings the Fee Application into substantial compliance

with the Local Rules and UST Guidelines, and accordingly, the Fee Examiner makes no recommendation for a fee reduction. Exhibit B is omitted from this report.

16.    **Intraoffice Conferences.**    Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified billing activities by Zuckerman timekeepers describing intraoffice conferences, totaling 24.50 hours with $11,337.50 in associated fees, or approximately 3% of the total Fees Computed, which were displayed in **Exhibit C** to the Preliminary Report. The Fee Examiner observed that, in certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference. The entries describing intraoffice conferences invoiced by two or more firm personnel totaling 9.80 hours with $4,842.00 in associated fees, which were highlighted in bold and marked with an ampersand [&] in the Exhibit. The Fee Examiner requested that Zuckerman strive to eliminate unnecessary intraoffice conferencing, and further requested the firm provide an explanation for the necessity of more than one participant billing for the same intraoffice.

Zuckerman responded to the Fee Examiner's request by asserting that the conferences were necessary to carry out the firm's work plan and accomplish the tasks during the application period and, further, that the meetings were always kept as short as possible. The response provided specific examples of the necessity of intraoffice discussions, and noted that most of the questioned activities related to two principal projects and a change in responsibility at the firm regarding the handling of fee applications and related matters. After consideration of Zuckerman's informative response, the Fee Examiner makes no recommendation for a fee reduction, and Exhibit C is omitted from this report.

17.   **Complete and Detailed Task Descriptions.**  Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary."  The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*.  The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.  Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.

a.   **Vague Communications.**  The Fee Examiner identified entries totaling 33.20 hours with $11,288.00 in associated fees in which a conference or other communication was not described with sufficient detail.  This lack of detail hinders a reviewer's ability to determine the reasonableness and necessity of the activity, and is in clear violation of the applicable guidelines.  The questioned entries were displayed in **Exhibit D** to the Preliminary Report.  The Fee Examiner requested Zuckerman provide the required information.  Zuckerman responded by providing additional information and context for the vague communications, which brought the entries into substantial compliance.  Thus, the Fee Examiner makes no recommendation for a fee reduction, and Exhibit D has been omitted from the Final Report.

b.   **Other Vague Tasks.**  The Fee Examiner reviewed the substantive detail of each billing entry and identified 3.30 hours with $1,930.50 in associated fees where the Fee

Examiner could not determine the precise nature of the services performed by the timekeeper. The questioned entries were displayed in **Exhibit E** to the Preliminary Report. As reflected in the Local Rules and UST Guidelines, billing entries must adequately describe the services actually performed to allow a determination of whether the task was staffed appropriately, whether the task involved the exercise of legal judgment, and/or whether the task was duplicated by other timekeepers.[5]    The Fee Examiner requested Zuckerman provide the required information. The firm responded by providing the missing detail from each task, which brought the vast majority of the entries within compliance. Without prejudice, however, the firm agreed to voluntarily reduce its fee request by $117.00 for one time entry. Based on the foregoing information, no recommendation for any additional fee reduction is being made. Exhibit E is omitted from this report.

18.    **Administrative Activities.** Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The Fee Examiner did not identify any administrative activities.

19.    **Clerical Activities.** Typically, clerical activities are those tasks that do not require legal acumen and may effectively be performed by administrative assistants, secretaries, or support personnel, and like administrative activities are generally reflected in the hourly rates charged by a firm. In the 3rd Circuit, however, clerical-type activities performed by professionals and/or paraprofessionals are subject to a reduced billing rate. The Fee Examiner reviewed each timekeeper's billing activities and identified certain entries describing clerical-type activities, including but not limited to organizing materials, preparing indexes, and reviewing dockets. The

---

[5] Vague entries do not allow the court to determine the reasonableness and necessity of the effort expended, and fees may be denied or reduced when insufficiently documented. *E.g.*, *In re Bennett Funding, Inc.*, 213 B.R. 234, 245-46 (Bankr. N.D.N.Y. 1997). Entries for legal research must identify the issue and explain the research need. *In re Fibermark, Inc.*, 349 B.R. 385, 397 (Bankr. D. Vt. 2006).

questioned entries were displayed in **Exhibit F** to the Preliminary Report and totaled 31.00 hours with $8,179.00 in associated fees. The Fee Examiner invited the firm to comment on the questioned activities.

In response, Zuckerman provided an explanation and additional detail regarding certain questioned tasks and timekeepers including the legal acumen and skill involved. The firm, without prejudice, agreed to reduce to $80.00 per hour the rate applied to certain other entries, resulting in a voluntary fee reduction of $593.00. The Fee Examiner makes no additional recommendation for a fee reduction, and Exhibit F is omitted from this report.

20. **Travel.** The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. The firm invoiced all travel entries at one-half of the timekeepers' hourly rates in compliance with the Local Rule.

21. **Zuckerman Retention/Compensation.** Zuckerman billed 53.50 hours with associated fees of $33,047.50 to prepare the firm's retention documents and applications for compensation, which computes to approximately 8% of the total Fees Computed. The fee entries describing Zuckerman's retention/compensation activities are displayed in **Exhibit G**, which is included in the Final Report for the Court's reference.

**Review of Expenses**

22. **Itemization of Expenses.** The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*. The UST Guidelines further provide that expenses "must be actual and necessary and supported by

documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*. Zuckerman provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

23. **Photocopies.** The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii)*. The firm requested reimbursement for duplication charges at a rate of $0.10 per page, in compliance with the Local Rule.

24. **Computer Assisted Legal Research.** The Local Rules provide that computer assisted legal research charges "shall not be more than the actual cost." *Local Rule 2016-2(e)(iii)*. The firm billed for computer assisted legal research and the Fee Application indicated that "there is no surcharge for computerized research."

25. **Litigation Experts.** Zuckerman requested reimbursement for the services of Navigant Consulting totaling $2,423.89. This charge includes $117.64 which is described as "interest." The Fee Examiner requested that Zuckerman provide a brief explanation regarding the litigation expert charges (along with interest) incurred during this fee period. The charges were displayed in **Exhibit H** to the Preliminary Report.

In response, Zuckerman discussed the expert's retention, role, and fees and provided additional documentation detailing Navigant Consulting, Inc.'s activities and costs. After reviewing the materials, the Fee Examiner makes no recommendation for an expense reduction

at this time but will continue to monitor the litigation expert costs through the course of the firm's engagement and Zuckerman's final fee application. The litigation expert's invoices are not currently subject to the bankruptcy fee review process. If subject to review, however, the Fee Examiner notes that the litigation expert's invoices would, at a minimum, be questioned for further information. Finally, with regard to the interest charge, Zuckerman agreed to waive its reimbursement request for the expense item, which resulted in an expense reimbursement reduction of $117.64. Exhibit H is omitted from this Final Report.

26.    **Travel Expenses.**  Zuckerman requested reimbursement of travel expenses totaling $2,645.71. The Fee Examiner requested additional information related to the charges displayed in **Exhibit I** to the Preliminary Report. For all charges, the Fee Examiner requested a detailed description that will allow a proper classification of the charge (airfare, hotel, etc.). For airfare charges, the Fee Examiner requested information regarding the origination, destination, and fare class. For meals, the Fee Examiner requested information regarding the type of meal (breakfast, lunch, etc.) and the name of each attendee. The Fee Examiner has recommended and the Court has followed certain per person ceilings for meals incurred during travel (i.e. breakfast - $15.00, lunch - $25.00, and dinner - $50.00). For hotel charges, the Fee Examiner requested information regarding the location and number of nights. The Fee Examiner has recommended and the Court has followed a domestic lodging ceiling of $350.00 per night.

Zuckerman provided adequate information and documentation to justify the majority of the questioned expenses. However, Zuckerman, without prejudice, did agree to withdraw its request for reimbursement of $20.00 in overtime transportation expenses. Additionally, and consistent with the standards applied to other case professionals in the Tribune matters and in other bankruptcy matters in this Court, the Fee Examiner recommends a lodging expense

reduction in the amount of $83.50 resulting from a lodging charge that exceeded the well-established ceiling. The Fee Examiner and the firm discussed the issue, and while Zuckerman believes the lodging expense is reasonable, reflected prevailing rates, and are appropriate and fully compensable, on an interim basis – and without waiving the right to request full payment at a final fee hearing – the firm acknowledged the expense reduction will be made and will not contest the reduction at the interim hearing. The Fee Examiner makes no additional recommendation for an expense reduction, and Exhibit I is omitted from this report.

27. **Local Transportation.** Zuckerman requested reimbursement for local transportation in the amount of $73.06. The Fee Examiner requested Zuckerman provide additional information with regard to this charge, which was displayed in **Exhibit J** to the Preliminary Report, including an explanation for the necessity and purpose of the charge. Zuckerman provided the information requested and, thus, no recommendation for a related expense reduction will be made. Exhibit J is omitted from this report.

## CONCLUSION

The Fee Examiner submits this final report regarding the Fee Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $415,823.75 ($416,533.75 minus $710.00) and reimbursement of expenses in the amount of $19,501.46 ($19,722.60 minus $221.14) for the period from June 1, 2011 through August 31, 2011. The findings are set forth in the summary on the following page.

**ZUCKERMAN SPAEDER LLP**

**SUMMARY OF FINDINGS**

**Eighth Interim Fee Application (June 1, 2011 through August 31, 2011)**

**A.      Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $416,533.75 | |
| Expenses Requested | 19,722.60 | |
| **TOTAL FEES AND EXPENSES REQUESTED** | | **$436,256.35** |
| Fees Computed | $416,533.75 | |
| Expenses Computed | 19,722.60 | |
| **TOTAL FEES AND EXPENSES COMPUTED** | | **$436,256.35** |

**B.      Recommended Fee Allowance and Expense Reimbursement**

| | | |
|---|---|---|
| Fees Requested | $416,533.75 | |
| *Agreed Reduction for Other Vague Tasks* | | *($117.00)* |
| *Agreed Reduction for Clerical Activities* | | *(593.00)* |
| Subtotal | | *($710.00)* |
| **RECOMMENDED FEE ALLOWANCE** | | **$415,823.75** |
| Expenses Requested | $19,722.60 | |
| *Agreed Reduction for Litigation Experts* | | *($117.64)* |
| *Agreed Reduction for Overtime Transportation* | | *(20.00)* |
| *Agreed Reduction for Travel - Lodging* | | *(83.50)* |
| Subtotal | | *($221.14)* |
| **RECOMMENDED EXPENSE REIMBURSEMENT** | | 19,501.46 |
| **TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT** | | **$435,325.21** |

Respectfully submitted,

**STUART MAUE**

By: _____

    John F. Theil, Esq.
    3840 McKelvey Road
    St. Louis, Missouri  63044
    Telephone:  (314) 291-3030
    Facsimile:  (314) 291-6546
    tribunebkr@smmj.com

    *Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 17th day of September, 2012.

David Klauder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
William E. Chipman Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Andrew N. Goldfarb, Esq.
Zuckerman Spaeder LLP
1800 M Street, NW Suite 1000
Washington, DC 20036-5802

_____
John F. Theil, Esq.

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

### Zuckerman Spaeder

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | | FEES COMPUTED |
|---|---|---|---|---|---|---|---|
| 1146 | Sottile, James | PARTNER | $362.50 | $725.00 | 242.40 | | $170,773.75 |
| 1509 | Goldfarb, Andrew N. | PARTNER | $300.00 | $600.00 | 180.00 | | $107,400.00 |
| 1462 | Torrez, P. Andrew | PARTNER | $585.00 | $585.00 | 36.00 | | $21,060.00 |
| 947 | Bush, Graeme W. | PARTNER | $425.00 | $850.00 | 21.00 | | $16,320.00 |
| 253 | Macauley, Thomas G. | PARTNER | $625.00 | $625.00 | 1.10 | | $687.50 |
| | No. of Billers for Position: 5 | Blended Rate for Position: | $658.15 | | 480.50 | | $316,241.25 |
| | | | | | % of Total: 58.43% | % of Total: | 75.92% |
| 1544 | Caridas, Andrew | ASSOCIATE | $340.00 | $340.00 | 177.30 | | $60,282.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $340.00 | | 177.30 | | $60,282.00 |
| | | | | | % of Total: 21.56% | % of Total: | 14.47% |
| 1431 | Medoro, Lisa | PARALEGAL | $265.00 | $265.00 | 124.70 | | $33,045.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $265.00 | | 124.70 | | $33,045.50 |
| | | | | | % of Total: 15.16% | % of Total: | 7.93% |
| 913 | Welham, Monica D. | LIBR DIR/ASSIS | $175.00 | $175.00 | 18.50 | | $3,237.50 |
| 1308 | Faubell, Jeanne Trahan | LIBR DIR/ASSIS | $175.00 | $175.00 | 14.40 | | $2,520.00 |
| 1034 | Wilson, Kimberley | LIBR DIR/ASSIS | $175.00 | $175.00 | 6.90 | | $1,207.50 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $175.00 | | 39.80 | | $6,965.00 |
| | | | | | % of Total: 4.84% | % of Total: | 1.67% |
| | Total No. of Billers: 10 | Blended Rate for Report: | $506.55 | | 822.30 | | $416,533.75 |

EXHIBIT G
ZUCKERMAN RETENTION/COMPENSATION
Zuckerman Spaeder

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Bush, G | 3.70 | 3,145.00 |
| Goldfarb, A | 48.90 | 29,340.00 |
| Macauley, T | 0.90 | 562.50 |
| | 53.50 | $33,047.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Retention/Fee Applications | 53.50 | 33,047.50 |
| | 53.50 | $33,047.50 |

EXHIBIT G
ZUCKERMAN RETENTION/COMPENSATION
Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 06/06/11 Mon | Bush, G 278831/298 | 0.20 | 0.20 | 170.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>TELEPHONE CALL WITH THOMAS MACAULEY REGARDING BILLING. |
| 06/06/11 Mon | Macauley, T 278831/293 | 0.10 | 0.10 | 62.50 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW CNO FOR 20TH MONTHLY FEE APPLICATION. |
| 06/06/11 Mon | Macauley, T 278831/294 | 0.20 | 0.20 | 125.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW AND EDIT 21ST MONTHLY FEE APPLICATION. |
| 06/06/11 Mon | Macauley, T 278831/295 | 0.20 | 0.20 | 125.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT NOTE TO FEE EXAMINER REGARDING 2ND INTERIM FEE APPLICATION. |
| 06/06/11 Mon | Macauley, T 278831/296 | 0.10 | 0.10 | 62.50 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW CNO FOR 19TH MONTHLY FEE APPLICATION. |
| 06/06/11 Mon | Macauley, T 278831/297 | 0.30 | 0.30 | 187.50 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT NOTE TO V. GARLATI REGARDING 19TH AND 20TH MONTHLY FEE APPLICATIONS. |
| 06/07/11 Tue | Bush, G 278831/299 | 0.70 | 0.70 | 595.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>TELEPHONE CONFERENCE WITH THOMAS MACAULEY REGARDING FEE APPLICATIONS. |
| 06/07/11 Tue | Goldfarb, A 278831/300 | 0.60 | 0.60 | 360.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>MEETING WITH J. SOTTILE, G. BUSH AND T. MACAULEY TO DISCUSS STATUS OF NUMEROUS FEE APPLICATIONS AND PROCESS. |
| 06/16/11 Thu | Goldfarb, A 278831/301 | 0.10 | 0.10 | 60.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>CALL TO H. GOLDIN OF GOLDIN ASSOCIATES RE INVOICE. |
| 07/01/11 Fri | Goldfarb, A 279081/347 | 0.20 | 0.20 | 120.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>CALLS WITH J. GOLDIN REGARDING GOLDIN ASSOCIATES' INVOICE. |
| 07/01/11 Fri | Goldfarb, A 279081/348 | 0.70 | 0.70 | 420.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW OF TRIBUNE BILLING STATUS EMAIL J. SOTTILE REGARDING SAME. |
| 07/07/11 Thu | Goldfarb, A 279081/349 | 1.30 | 1.30 | 780.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW MAY 2011 PROFORMAS FOR 22ND MONTHLY FEE APPLICATION. |
| 07/08/11 Fri | Goldfarb, A 279081/350 | 1.10 | 1.10 | 660.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>BEGIN PREPARATION OF DOCUMENTS FOR 22ND MONTHLY FEE APPLICATION. |

~ See the last page of exhibit for explanation

EXHIBIT G
ZUCKERMAN RETENTION/COMPENSATION
Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 07/08/11 Fri | Goldfarb, A 279081/351 | 0.80 | 0.80 | 480.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>COMPLETE REVIEW OF PRO FORMAS FOR 22ND MONTHLY FEE APPLICATION TO ENSURE COMPLIANCE WITH THE LOCAL RULES. |
| 07/08/11 Fri | Goldfarb, A 279081/352 | 1.00 | 1.00 | 600.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT NARRATIVE FOR 7TH INTERIM FEE APPLICATION. |
| 07/08/11 Fri | Goldfarb, A 279081/353 | 1.20 | 1.20 | 720.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>BEGIN PREPARATION OF DOCUMENTS FOR 7TH INTERIM APPLICATION. |
| 07/08/11 Fri | Goldfarb, A 279081/354 | 0.10 | 0.10 | 60.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW RESEARCH RESPOND TO COMMUNICATIONS FROM J. GOLDIN. |
| 07/08/11 Fri | Goldfarb, A 279081/355 | 0.20 | 0.20 | 120.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>CONFER WITH T. MACAULEY REGARDING PREPARATION OF FEE APPLICATIONS. |
| 07/10/11 Sun | Goldfarb, A 279081/356 | 0.80 | 0.80 | 480.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>PREPARE DOCUMENTS IN CONNECTION WITH 7TH INTERIM FEE APPLICATION. |
| 07/10/11 Sun | Goldfarb, A 279081/357 | 0.10 | 0.10 | 60.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>EMAIL J. CLARK REGARDING PREPARATION OF 22ND MONTHLY APPLICATION. |
| 07/10/11 Sun | Goldfarb, A 279081/358 | 0.40 | 0.40 | 240.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>PREPARE DOCUMENTS IN CONNECTION WITH 22ND MONTHLY APPLICATION. |
| 07/11/11 Mon | Goldfarb, A 279081/359 | 0.70 | 0.70 | 420.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>COORDINATE PREPARATION OF 7TH INTERIM AND 22ND MONTHLY FEE APPS. |
| 07/12/11 Tue | Goldfarb, A 279081/360 | 2.20 | 2.20 | 1,320.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW TIMESHEETS FOR MAY 2011 TO ENSURE COMPLIANCE WITH LOCAL RULES. |
| 07/12/11 Tue | Goldfarb, A 279081/361 | 0.40 | 0.40 | 240.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVISE AND DRAFT 7TH INTERIM FEE APPLICATION. |
| 07/12/11 Tue | Goldfarb, A 279081/362 | 0.20 | 0.20 | 120.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW HOUR AND FEE TOTAL SPREADSHEETS PREPARED BY ZUCKERMAN SPAEDER ACCOUNTING DEPARTMENT. |
| 07/12/11 Tue | Goldfarb, A 279081/363 | 0.20 | 0.20 | 120.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>CONFER WITH J. CLARK REGARDING EXPENSE COMPILATIONS TO PREPARE FOR FEE APPLICATIONS. |

~ See the last page of exhibit for explanation

EXHIBIT G
ZUCKERMAN RETENTION/COMPENSATION
Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 07/13/11 Wed | Goldfarb, A 279081/364 | 0.70 | 0.70 | 420.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW REVISED TIMESHEETS FOR COMPLIANCE WITH LOCAL RULES. |
| 07/13/11 Wed | Goldfarb, A 279081/365 | 0.60 | 0.60 | 360.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW EXPENSE SPREADSHEETS FOR INCLUSION IN THE 22ND MONTHLY AND 7TH INTERIM FEE APPLICATIONS. |
| 07/13/11 Wed | Goldfarb, A 279081/366 | 0.40 | 0.40 | 240.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVISE AND EDIT MONTHLY AND INTERIM FEE APPLICATIONS. |
| 07/14/11 Thu | Bush, G 279081/371 | 0.30 | 0.30 | 255.00 | F | 1 | MATTER NAME: Retention/Fee Applications E-MAILS WITH LRC AND ANDREW GOLDFARB REGARDING FEE APPLICATIONS. |
| 07/14/11 Thu | Goldfarb, A 279081/367 | 0.70 | 0.70 | 420.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVISE 7TH INTERIM APPLICATION. |
| 07/14/11 Thu | Goldfarb, A 279081/368 | 1.40 | 1.40 | 840.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVISE 22ND MONTHLY APPLICATION. |
| 07/14/11 Thu | Goldfarb, A 279081/369 | 0.10 | 0.10 | 60.00 | F | 1 | MATTER NAME: Retention/Fee Applications CONFER WITH J. CLARK RE EXPENSE ITEMIZATION FOR 22ND MONTHLY FEE APPLICATION. |
| 07/14/11 Thu | Goldfarb, A 279081/370 | 0.30 | 0.30 | 180.00 | F | 1 | MATTER NAME: Retention/Fee Applications EMAIL FEE APPLICATIONS TO LRC FOR FILING WITH EXPLANATORY INFORMATION. |
| 07/15/11 Fri | Goldfarb, A 279081/372 | 0.70 | 0.70 | 420.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW AND FINALIZE FOR FILING ZUCKERMAN SPAEDER 7TH INTERIM FEE APPLICATION. |
| 07/15/11 Fri | Goldfarb, A 279081/373 | 0.90 | 0.90 | 540.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW AND FINALIZE FOR FILING ZUCKERMAN SPAEDER 22ND MONTHLY FEE APPS. |
| 07/18/11 Mon | Goldfarb, A 279081/374 | 1.50 | 1.50 | 900.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW TIMESHEETS FOR 23RD MONTHLY (JUNE 2011) FEE APPLICATION FOR COMPLIANCE WITH LOCAL RULES. |
| 07/19/11 Tue | Goldfarb, A 279081/375 | 0.30 | 0.30 | 180.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW OUTSTANDING NAVIGANT BILLING AND INVOICE SITUATION. |
| 07/20/11 Wed | Goldfarb, A 279081/376 | 0.20 | 0.20 | 120.00 | F | 1 | MATTER NAME: Retention/Fee Applications CONFER WITH J. CLARK RE EXPENSE REPORTS AND PREPARATION OF 23RD MONTHLY FEE APPLICATION. |

~  See the last page of exhibit for explanation

EXHIBIT G
ZUCKERMAN RETENTION/COMPENSATION
Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 07/21/11 Thu | Goldfarb, A 279081/377 | 0.20 | 0.20 | 120.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW INVOICE FOR INCLUSION IN 23RD MONTHLY FEE APPLICATION. |
| 07/25/11 Mon | Bush, G 279081/378 | 0.20 | 0.20 | 170.00 | F | 1 | MATTER NAME: Retention/Fee Applications E-MAILS WITH ANDREW GOLDFARB REGARDING FEE EXAMINER QUESTIONS. |
| 07/25/11 Mon | Goldfarb, A 279081/379 | 0.20 | 0.20 | 120.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW FEE EXAMINER'S MATERIALS AND EMAIL RE 2ND INTERIM APPLICATION. |
| 07/26/11 Tue | Bush, G 279081/380 | 0.60 | 0.60 | 510.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW E-MAIL AND MATERIALS FROM ANDREW GOLDFARB REGARDING FEE EXAMINER'S QUESTION AND RESPOND TO SAME. |
| 07/26/11 Tue | Goldfarb, A 279081/381 | 0.80 | 0.80 | 480.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW TIME RECORDS FOR 24TH MONTHLY FEE APPLICATION TO ENSURE COMPLIANCE WITH LOCAL RULES. |
| 07/26/11 Tue | Goldfarb, A 279081/382 | 0.20 | 0.20 | 120.00 | F | 1 | MATTER NAME: Retention/Fee Applications CONFER VIA EMAIL WITH G. BUSH RE COMMENTS ON 2ND INTERIM FEE APPLICATION. |
| 07/27/11 Wed | Goldfarb, A 279081/383 | 1.70 | 1.70 | 1,020.00 | F | 1 | MATTER NAME: Retention/Fee Applications RESEARCH AND DRAFT MEMO TO FEE EXAMINER RE 2ND INTERIM FEE APPLICATION. |
| 07/27/11 Wed | Goldfarb, A 279081/384 | 0.40 | 0.40 | 240.00 | F | 1 | MATTER NAME: Retention/Fee Applications CONFER WITH LRC (D. RATH MCGUIRE) RE FEE APPLICATION PROCEDURE AND SUBSTANTIVE QUESTIONS. |
| 07/27/11 Wed | Goldfarb, A 279081/385 | 0.90 | 0.90 | 540.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW INVOICES AND RETENTION LETTERS RELATED TO SECOND INTERIM FEE APPLICATION. |
| 07/27/11 Wed | Goldfarb, A 279081/386 | 0.20 | 0.20 | 120.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW INTERIM COMPENSATION ORDER AND FEE EXAMINER ORDER FOR CONFIDENTIALITY QUESTION. |
| 07/28/11 Thu | Bush, G 279081/387 | 0.90 | 0.90 | 765.00 | F | 1 | MATTER NAME: Retention/Fee Applications CONFER WITH MESSRS. SOTTILE AND GOLDFARB REGARDING FEE EXAMINER QUESTIONS ON FEE APPLICATIONS. |
| 07/28/11 Thu | Goldfarb, A 279081/388 | 0.40 | 0.40 | 240.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW MULTIPLE NERA INVOICES TO FACILITATE RESPONSE TO FEE EXAMINER ON 2ND INTERIM APPLICATION. |
| 07/28/11 Thu | Goldfarb, A 279081/389 | 0.30 | 0.30 | 180.00 | F | 1 | MATTER NAME: Retention/Fee Applications CONFER WITH G. BUSH AND J. SOTTILE VIA EMAIL AND PHONE ABOUT NERA RETENTION TO RESPOND TO FEE EXAMINER ON 2ND INTERIM APPLICATION. |

~  See the last page of exhibit for explanation

EXHIBIT G
ZUCKERMAN RETENTION/COMPENSATION
Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 07/28/11 Thu | Goldfarb, A 279081/390 | 0.30 | 0.30 | 180.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>PREPARE FOR CALL WITH FEE EXAMINER TO DISCUSS 2ND INTERIM FEE APPLICATION. |
| 07/28/11 Thu | Goldfarb, A 279081/391 | 0.20 | 0.20 | 120.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>CALL WITH FEE EXAMINER RE OUTSTANDING ISSUES FOR 2ND INTERIM APPLICATION. |
| 07/28/11 Thu | Goldfarb, A 279081/392 | 0.30 | 0.30 | 180.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>CONFER WITH G. BUSH AND J. SOTTILE VIA EMAIL RE APPROACH TO 2ND AND OTHER OUTSTANDING FEE APPLICATIONS. |
| 07/28/11 Thu | Goldfarb, A 279081/393 | 0.20 | 0.20 | 120.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVISE LETTER TO FEE EXAMINER RE OUTSTANDING ISSUES FOR 2ND INTERIM APPLICATION. |
| 07/28/11 Thu | Goldfarb, A 279081/394 | 0.20 | 0.20 | 120.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW INTERIM COMPENSATION ORDER AND FEE EXAMINER APPOINTMENT ORDER IN CONNECTION WITH RESPONSE TO FEE EXAMINER ON 2ND INTERIM APPLICATION. |
| 07/28/11 Thu | Goldfarb, A 279081/395 | 0.40 | 0.40 | 240.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW TIME ENTRIES FOR 23RD MONTHLY FEE APPLICATION FOR COMPLIANCE WITH LOCAL RULES. |
| 07/29/11 Fri | Bush, G 279081/396 | 0.30 | 0.30 | 255.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW E-MAIL AND FILING REGARDING FEE EXAMINER INQUIRIES. |
| 07/29/11 Fri | Goldfarb, A 279081/397 | 0.50 | 0.50 | 300.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVISE EDIT AND FINALIZE 23RD MONTHLY FEE APPLICATION FOR FILING. |
| 07/29/11 Fri | Goldfarb, A 279081/398 | 0.50 | 0.50 | 300.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVISE AND FINALIZE LETTER TO FEE EXAMINER RE REMAINING ISSUES ON 2ND INTERIM FEE APPLICATION. |
| 07/29/11 Fri | Goldfarb, A 279081/399 | 0.50 | 0.50 | 300.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>BEGIN REVIEW TO RESPOND TO PRELIMINARY REPORTS ON 3RD AND 4TH INTERIM APPLICATIONS. |
| 08/01/11 Mon | Goldfarb, A 279884/278 | 1.00 | 1.00 | 600.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW, REVISE, AND FINALIZE FOR FILING ZUCKERMAN SPAEDER 23RD MONTHLY FEE APPLICATION. |
| 08/01/11 Mon | Goldfarb, A 279884/279 | 0.50 | 0.50 | 300.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW EXISTING DRAFT OF RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT ON 3RD INTERIM FEE APPLICATION. |
| 08/01/11 Mon | Goldfarb, A 279884/280 | 0.10 | 0.10 | 60.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW EXPERT INVOICES. |

~ See the last page of exhibit for explanation

EXHIBIT G
ZUCKERMAN RETENTION/COMPENSATION
Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 08/01/11 Mon | Goldfarb, A 279884/281 | 0.10 | 0.10 | 60.00 | F | 1 | *MATTER NAME: Retention/Fee Applications* SEND MATERIALS FOR ZUCKERMAN SPAEDER RECENT FEE APPLICATION FILINGS TO FEE EXAMINER. |
| 08/02/11 Tue | Goldfarb, A 279884/282 | 0.50 | 0.50 | 300.00 | F | 1 | *MATTER NAME: Retention/Fee Applications* ATTENTION TO RECORDS FOR 3RD AND 4TH INTERIM FEE APPLICATIONS. |
| 08/03/11 Wed | Goldfarb, A 279884/283 | 0.50 | 0.50 | 300.00 | F | 1 | *MATTER NAME: Retention/Fee Applications* INITIAL REVIEW OF FEE EXAMINER'S PRELIMINARY REPORT ON ZUCKERMAN'S 3RD INTERIM FEE APPLICATION. |
| 08/04/11 Thu | Goldfarb, A 279884/284 | 0.40 | 0.40 | 240.00 | F | 1 | *MATTER NAME: Retention/Fee Applications* ANALYZE ZUCKERMAN MONTHLY FEE APPLICATIONS IN CONNECTION WITH RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT ON ZUCKERMAN'S 3RD INTERIM FEE APPLICATION. |
| 08/04/11 Thu | Goldfarb, A 279884/285 | 2.00 | 2.00 | 1,200.00 | F | 1 | *MATTER NAME: Retention/Fee Applications* BEGIN DRAFTING RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT ON ZUCKERMAN'S 3RD INTERIM FEE APPLICATION. |
| 08/05/11 Fri | Goldfarb, A 279884/286 | 0.10 | 0.10 | 60.00 | F | 1 | *MATTER NAME: Retention/Fee Applications* DRAFT FOOTNOTE FOR CNO ON 22ND MONTHLY FEE APPLICATION FOR LRC SUBMISSION. |
| 08/05/11 Fri | Goldfarb, A 279884/287 | 0.20 | 0.20 | 120.00 | F | 1 | *MATTER NAME: Retention/Fee Applications* CONSIDER AND PREPARE POTENTIAL CORRECTED VERSION OF 22ND MONTHLY APPLICATION TO ADDRESS SCRIVENER'S ERROR. |
| 08/08/11 Mon | Goldfarb, A 279884/288 | 0.10 | 0.10 | 60.00 | F | 1 | *MATTER NAME: Retention/Fee Applications* CONFER WITH M. MCGUIRE (LRC) RE FILING OF ZUCKERMAN SPAEDER 22ND FEE APPLICATION AND CNO. |
| 08/08/11 Mon | Goldfarb, A 279884/289 | 1.50 | 1.50 | 900.00 | F | 1 | *MATTER NAME: Retention/Fee Applications* DRAFT AND REVISE RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT ON 3RD INTERIM FEE APPLICATION. |
| 08/08/11 Mon | Goldfarb, A 279884/290 | 0.10 | 0.10 | 60.00 | F | 1 | *MATTER NAME: Retention/Fee Applications* COORDINATE FILING OF CNO FOR ZUCKERMAN SPAEDER 21ST MONTHLY FEE APPLICATION. |
| 08/08/11 Mon | Goldfarb, A 279884/291 | 0.20 | 0.20 | 120.00 | F | 1 | *MATTER NAME: Retention/Fee Applications* EMAIL V. GARLATI RE STATUS OF 21ST AND 22ND MONTHLY FEE APPLICATIONS. |
| 08/09/11 Tue | Goldfarb, A 279884/292 | 2.10 | 2.10 | 1,260.00 | F | 1 | *MATTER NAME: Retention/Fee Applications* DRAFT AND REVISE RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT ON 3RD INTERIM FEE APPLICATION. |
| 08/09/11 Tue | Goldfarb, A 279884/293 | 0.20 | 0.20 | 120.00 | F | 1 | *MATTER NAME: Retention/Fee Applications* COORDINATE ADMINISTRATIVE WORK ON EXPENSE DETAIL SPREADSHEET. |

~ See the last page of exhibit for explanation

EXHIBIT G
ZUCKERMAN RETENTION/COMPENSATION
Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 08/09/11 Tue | Goldfarb, A 279884/294 | 0.30 | 0.30 | 180.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW EXPENSE DETAIL IN CONNECTION WITH RESPONSE TO FEE EXAMINER ON 3RD INTERIM FEE APPLICATION. |
| 08/10/11 Wed | Goldfarb, A 279884/295 | 0.10 | 0.10 | 60.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>EMAIL RESPONSE TO V. GARLATI RE PAYMENT OF 21ST AND 22ND MONTHLY FEE APPLICATIONS. |
| 08/10/11 Wed | Goldfarb, A 279884/296 | 0.20 | 0.20 | 120.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW FEE EXAMINER'S PRELIMINARY REPORT ON 4TH INTERIM FEE APPLICATION. |
| 08/10/11 Wed | Goldfarb, A 279884/297 | 0.40 | 0.40 | 240.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW MONTHLY FEE APPLICATIONS IN CONNECTION WITH RESPONSE TO FEE EXAMINER ON 4TH INTERIM APPLICATION. |
| 08/10/11 Wed | Goldfarb, A 279884/298 | 0.70 | 0.70 | 420.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>BEGIN DRAFTING RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT ON 4TH INTERIM FEE APPLICATION. |
| 08/10/11 Wed | Goldfarb, A 279884/299 | 0.20 | 0.20 | 120.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>CONFER WITH T. JACKSON RE PREPARATION OF EXPENSE DETAIL TO RESPOND TO FEE EXAMINER ON 4TH INTERIM. |
| 08/10/11 Wed | Goldfarb, A 279884/300 | 0.20 | 0.20 | 120.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVISE RESPONSE TO 3RD INTERIM FEE APPLICATION PRELIMINARY REPORT. |
| 08/11/11 Thu | Goldfarb, A 279884/301 | 0.50 | 0.50 | 300.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>FINAL REVISION AND EDIT OF RESPONSE TO PRELIMINARY REPORT ON 3RD INTERIM. |
| 08/11/11 Thu | Goldfarb, A 279884/302 | 0.10 | 0.10 | 60.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>EMAIL TO G. BUSH AND J. SOTTILE RE DRAFT RESPONSE TO PRELIMINARY REPORT ON 3RD INTERIM FEE APPLICATION. |
| 08/11/11 Thu | Goldfarb, A 279884/303 | 0.20 | 0.20 | 120.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW AND REVISE TRAVEL EXPENSE DETAIL SPREADSHEET FOR FEE EXAMINER FOR 3RD INTERIM PRELIMINARY REPORT RESPONSE. |
| 08/12/11 Fri | Goldfarb, A 279884/304 | 0.20 | 0.20 | 120.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>LOCATE AND SEND TEXT FILES FOR MONTHLY FEE APPLICATIONS IN RESPONSE TO REQUEST FROM FEE EXAMINER. |
| 08/12/11 Fri | Goldfarb, A 279884/305 | 0.40 | 0.40 | 240.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>FINALIZE AND SEND TO FEE EXAMINER ZUCKERMAN SPAEDER RESPONSE TO PRELIMINARY REPORT ON 3RD INTERIM FEE APPLICATION. |
| 08/16/11 Tue | Goldfarb, A 279884/306 | 0.10 | 0.10 | 60.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>CONFER WITH J. CLARK TO COORDINATE EXPENSE DETAIL REPORT FOR RESPONSE ON 4TH INTERIM PRELIMINARY REPORT. |

~ See the last page of exhibit for explanation

EXHIBIT G
ZUCKERMAN RETENTION/COMPENSATION
Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|------|----------------|------------|-------|------|---|---|-------------|
| 08/21/11 Sun | Goldfarb, A 279884/307 | 1.40 | 1.40 | 840.00 | F | 1 | *MATTER NAME: Retention/Fee Applications*<br>DRAFT AND REVISE RESPONSE TO PRELIMINARY REPORT ON 4TH INTERIM FEE APPLICATION. |
| 08/22/11 Mon | Bush, G 279884/312 | 0.50 | 0.50 | 425.00 | F | 1 | *MATTER NAME: Retention/Fee Applications*<br>REVIEW E-MAIL FROM ANDREW GOLDFARB WITH DRAFT FEE SUBMISSION. |
| 08/22/11 Mon | Goldfarb, A 279884/308 | 0.10 | 0.10 | 60.00 | F | 1 | *MATTER NAME: Retention/Fee Applications*<br>CALL WITH M. MCGUIRE (LRC) RE 8/25 HEARING ON FIRST INTERIM FEE APPLICATION. |
| 08/22/11 Mon | Goldfarb, A 279884/309 | 0.60 | 0.60 | 360.00 | F | 1 | *MATTER NAME: Retention/Fee Applications*<br>REVISE AND EDIT RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT ON ZUCKERMAN SPAEDER 4TH INTERIM FEE APPLICATION. |
| 08/22/11 Mon | Goldfarb, A 279884/310 | 0.10 | 0.10 | 60.00 | F | 1 | *MATTER NAME: Retention/Fee Applications*<br>EMAIL DRAFT RESPONSE ON PRELIMINARY REPORT TO J. SOTTILE AND G. BUSH WITH EXPLANATION. |
| 08/22/11 Mon | Goldfarb, A 279884/311 | 0.20 | 0.20 | 120.00 | F | 1 | *MATTER NAME: Retention/Fee Applications*<br>REVIEW FEE EXAMINER'S FINAL REPORT ON ZUCKERMAN SPAEDER SECOND INTERIM FEE APPLICATION. |
| 08/23/11 Tue | Goldfarb, A 279884/313 | 0.10 | 0.10 | 60.00 | F | 1 | *MATTER NAME: Retention/Fee Applications*<br>EMAIL M. MCGUIRE (LRC) RE FILING OF CNO ON ZUCKERMAN'S 23RD MONTHLY FEE APPLICATION. |
| 08/24/11 Wed | Goldfarb, A 279884/314 | 1.00 | 1.00 | 600.00 | F | 1 | *MATTER NAME: Retention/Fee Applications*<br>FINALIZE AND SEND ZUCKERMAN SPAEDER RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT ON FOURTH INTERIM FEE APPLICATION. |
| 08/29/11 Mon | Goldfarb, A 279884/315 | 0.10 | 0.10 | 60.00 | F | 1 | *MATTER NAME: Retention/Fee Applications*<br>CONFER WITH J. CLARK RE PREPARATION OF 24TH MONTHLY FEE APPLICATION. |
| 08/29/11 Mon | Goldfarb, A 279884/316 | 1.30 | 1.30 | 780.00 | F | 1 | *MATTER NAME: Retention/Fee Applications*<br>REVIEW TIMESHEETS FOR JULY 2011 FOR COMPLIANCE WITH LOCAL RULES. |
| 08/30/11 Tue | Goldfarb, A 279884/317 | 0.30 | 0.30 | 180.00 | F | 1 | *MATTER NAME: Retention/Fee Applications*<br>PREPARE 24TH INTERIM FEE APPLICATION. |
| 08/30/11 Tue | Goldfarb, A 279884/318 | 0.70 | 0.70 | 420.00 | F | 1 | *MATTER NAME: Retention/Fee Applications*<br>CALCULATE AND PREPARE INVOICE FOR HOLDBACK IN LIGHT OF ORDER APPROVING 1ST INTERIM FEE APPLICATION. |
| 08/31/11 Wed | Goldfarb, A 279884/319 | 0.80 | 0.80 | 480.00 | F | 1 | *MATTER NAME: Retention/Fee Applications*<br>REVIEW/EDIT INVOICE ATTACHMENTS TO 24TH MONTHLY FEE APPLICATION IN PREPARATION FOR FILING. |

~  See the last page of exhibit for explanation

EXHIBIT G
ZUCKERMAN RETENTION/COMPENSATION
Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| | | | | | | | *MATTER NAME: Retention/Fee Applications* |
| 08/31/11 | Goldfarb, A | 0.50 | 0.50 | 300.00 | F | 1 | REVISE/FINALIZE AND SEND INVOICE TO V. GARLATI FOR PAYMENT OF HOLDBACK ON FIRST INTERIM. |
| Wed | 279884/320 | | | | | | |
| | | | 53.50 | $33,047.50 | | | |
| Total | | | | | | | |
| Number of Entries: | 105 | | | | | | |

~  See the last page of exhibit for explanation

EXHIBIT G

ZUCKERMAN RETENTION/COMPENSATION

Zuckerman Spaeder

### SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Bush, G | 3.70 | 3,145.00 |
| Goldfarb, A | 48.90 | 29,340.00 |
| Macauley, T | 0.90 | 562.50 |
| | 53.50 | $33,047.50 |

### SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Retention/Fee Applications | 53.50 | 33,047.50 |
| | 53.50 | $33,047.50 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL