# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE ELEVENTH QUARTERLY FEE APPLICATION OF MCDERMOTT WILL & EMERY LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Eleventh Quarterly Fee Application of McDermott Will & Emery LLP as Special Counsel to Debtors for Domestic Legal*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Tribune National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

*Matters, for Allowance of Compensation and Reimbursement of Expenses for the Period June 1, 2011 Through August 31, 2011* [Docket No. 10182] (the "**Fee Application**").  The Fee Application seeks approval of fees that total $1,932,538.50 and reimbursement of expenses that total $20,555.38 for the period from June 1, 2011 through August 31, 2011.  McDermott Will & Emery LLP ("**McDermott**") serves as Special Counsel to the Debtors for Domestic Legal Matters.

<u>**Background**</u>

1.       On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2.       On December 26, 2008, the Debtors filed the *Application for an Order Authorizing Debtors to Employ and Retain McDermott Will & Emery LLP as Special Counsel for General Domestic Legal Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to the Petition Date* [Docket No. 141] (the "**Retention Application**").  By order dated March 12, 2009 [Docket 511], this Court approved the retention of McDermott (the "**Retention Order**").

3.       McDermott submitted the Fee Application pursuant to the *Order* Establishing *Procedures for Interim Compensation and Reimbursement of Expenses of Professionals,* (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

## Applicable Standards

4.     In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.     The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.     Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the

time at which the service was rendered toward the completion of, a case under this title;
(D) whether the services were performed within a reasonable amount of time commensurate with
the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect
to a professional person, whether the person is board certified or otherwise has demonstrated
skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable
based on the customary compensation charged by comparably skilled practitioners in cases other
than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

7.      A fee applicant bears the burden of proof on all of the elements of a fee
application, including proving that the services provided were necessary and reasonable and that
the billed expenses were necessary, reasonable, and actually incurred.  A fee application must
comply with the format and content requirements outlined in the applicable guidelines and
bankruptcy rules.  Moreover, the exercise of billing judgment by attorneys is ethically mandated;
it is an inherent and unavoidable component of every fee application.  A fee applicant must make
a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee
request.

8.      The Fee Examiner completed the preliminary evaluation of the Fee Application,
the Retention Application, the Retention Order, the Interim Compensation Order, and all related
filings and provided a Preliminary Report to McDermott for review and comment.  The firm
submitted a written response to the Fee Examiner.  After evaluation and consideration of the
additional information provided by McDermott, the Fee Examiner submits this Final Report for
the Court's consideration.  This Final Report is in a format designed to quantify and present
factual data relevant to whether the requested fees and expenses of the applicant meet the
applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and will also

inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

## DISCUSSION OF FINDINGS

### Technical Requirements

9.    **Reconciliation of Fees and Expenses.**  The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**").  The Fee Examiner determined that the Fees Computed exceeded the Fees Requested by $558.00, resulting in an apparent undercharge.  The discrepancy was the result of task hours within several entries that did not equal the time billed for the entries as a whole, as was displayed in **Exhibit A** to the Preliminary Report.  The Fee Examiner requested comment from the firm regarding the discrepancy and the potential increase in fees that may result therefrom.  The firm agreed with the Fee Examiner's calculations and that the fees requested should be increased accordingly. The result is a fee increase of $558.00.  Exhibit A has been omitted from this Report.

The Fee Examiner further determined that there is no discrepancy between the Expenses Requested and the Expenses Computed.  The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

10.    **Block Billing.**[2]  The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*.  The UST Guidelines further provide that where a timekeeper's daily time

---

[2] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry.  As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry.  This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[3]    The Delaware Bankruptcy Court has found that time entries that generally only combine work on one issue, and a conference/communication with the client or opposing counsel on the same issue, while technically blocked billing, will not be objectionable.[4] McDermott block billed entries totaling 109.00 hours and $72,103.00 in associated fees, which were identified in **Exhibit B** to the Preliminary Report.[5]    Based upon precedent established by this Court, however, the Fee Examiner did not find any objectionable block billed entries.    As such, no recommendation for a fee reduction is being made.    Exhibit B has been omitted from this Report.

11.    **Time Increments.**    The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*.    The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines* ¶(b)(4)(v).    The Fee Examiner reviewed the fee application and determined that the firm recorded time in tenths of an hour increments.

## Review of Fees

---

[3] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

[4] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

[5] This Final Report includes exhibits that detail and support the findings discussed herein.  Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit.  The tasks included in a specific category are underlined in the fee exhibits.  For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

12.   **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii).*  The Fee Application provided the names, positions, and hourly rates of the 55 McDermott Will professionals and paraprofessionals who billed to this matter, consisting of 27 partners, 1 counsel, 10 associates, 1 senior staff attorney, 2 staff attorneys, 1 associate legislative director, 2 technology project managers, 2 litigation project assistants, 1 library research assistant, and 8 contract attorneys.  A summary of hours and fees billed by each timekeeper is displayed in **Exhibit C**.

The firm billed a total of 5,039.90 hours with associated fees of $1,933,096.50.[6]  The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 1,519.00 | 30% | $1,223,803.50 | 63% |
| Counsel | 22.60 | * | 16,498.00 | * |
| Associate | 493.10 | 10% | 180,170.00 | 9% |
| Senior Staff Attorney | 476.50 | 9% | 116,742.50 | 6% |
| Staff Attorney | 940.10 | 19% | 230,324.50 | 12% |
| Associate Legislative Director | 1.80 | * | 675.00 | * |
| Technology Project Manager | 35.00 | * | 9,518.00 | * |
| Litigation Project Assistant | 2.00 | * | 330.00 | * |
| Library Research Assistant | 1.00 | * | 155.00 | * |
| Contract Attorney | 1,548.80 | 31% | 154,880.00 | 8% |
| **TOTAL** | 5,039.90 | 100% | $1,933,096.50 | 100% |

* Less than 1%

---

[6] This amount reflects the Fees Computed.

The blended hourly rate for the McDermott Will professionals is $512.07 and the blended hourly rate for professionals and paraprofessionals is $383.56.

13.    **Hourly Rate Increases.**  McDermott Will increased the hourly rate of one timekeeper during this interim period.  The Fee Examiner requested an explanation regarding the rate increase of one timekeeper, which became effective June 1, 2011, where his rate had previously increased effective January 1, 2011.  The firm noted that increase was merit-based, approved by the Debtors and was prior rate was lower than other McDermott attorneys with similar seniority and experience.  Based on these statements from the firm, no fee reduction will be recommended.

14.    **Timekeepers' Roles.**    A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4).*  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.  Most timekeepers appeared to perform core team responsibilities necessary to the engagement.  However, the Fee Examiner requested additional information regarding the necessity and scope of the roles performed by several McDermott timekeepers.    **Exhibit D** of the Preliminary Report, which totaled 14.10 hours with associated fees of $9,977.50, listed the fee entries invoiced by the timekeepers about whom additional information was requested.  McDermott responded by providing additional detail regarding roles and activities conducted by each of the questioned timekeepers, which showed that the activities were necessary and proper, bringing the entries within compliance of the rules and guidelines.  Exhibit D is omitted from this report.

15.    **Meetings, Conferences, Hearings, and Other Events.**  The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant,

the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*. While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more McDermott timekeepers attended the same meeting, conference, hearing, or other event. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 126.50 hours with $103,173.00 in associated fees, were displayed in **Exhibit E** Preliminary Report. In each instance where multiple timekeepers attended a meeting, conference, hearing or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference). The potentially duplicative and unnecessary timekeepers' entries total 78.70 hours with $59,007.50 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response to the Preliminary Report, McDermott provided the Fee Examiner with a lengthy and detailed explanation of the specific subject matter and purpose of the meetings in question, as well as the role of the various participants. The extensive detail satisfies the requirements of the Local Rules and UST Guidelines, and after analysis of the same, the Fee

Examiner makes no recommendation for a related fee reduction. Exhibit E is omitted from the Final Report.

16. **Intraoffice Conferences.** Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified billing activities by McDermott timekeepers describing intraoffice conferences totaling 117.20 hours with $60,419.50 in associated fees, or approximately 3% of the Fees Computed, which were displayed in **Exhibit F** to the Preliminary Report. The Fee Examiner observed that in certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference. The entries describing intraoffice conferences invoiced by two or more firm personnel total 43.05 hours with $20,384.25 in associated fees and were highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested that McDermott strive to eliminate unnecessary intraoffice conferencing, and further requests that the firm provide an explanation for the necessity of more than one participant billing for the same intraoffice conference as identified in the exhibit.

In response, McDermott provided a detailed explanation as to the necessity and appropriateness of the questioned conferences. The firm also verified that it continues to monitor the level of intraoffice conferences and that it encourages its timekeepers to work efficiently in order to keep such intraoffice conferences to the minimum amount necessary to accomplish the specific task. After due consideration of the firm's informative response and relatively low number of questioned intraoffice conferences, the Fee Examiner makes no recommendation for a fee reduction. Exhibit F is omitted from this report.

17. **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all

the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.

   a. **Vague Communications.** The Fee Examiner identified several entries, totaling 16.60 hours with $4,067.00 in associated fees, in which a conference or other communication was not described with sufficient detail. This lack of detail hinders a reviewer's ability to determine the reasonableness and necessity of the activity, and is in clear violation of the applicable guidelines. The entries were displayed in **Exhibit G** to the Preliminary Report. To avoid a fee reduction, the Fee Examiner urged the firm to bring the entries into compliance by providing the missing subject matter and participant information from the communication. In response, the firm provided a list which contained additional detail for each of the questioned communications. The additional information provided the missing participants or subject matter, which brought the entries into compliance with the Local Rules and UST Guidelines and, thus, the Fee Examiner makes no recommendation for a fee reduction. Exhibit G is omitted from this report.

      b.    **Other Vague Tasks.**  The Fee Examiner reviewed the substantive detail of each billing entry and identified a few other entries where the Fee Examiner could not determine the precise nature of the services performed by the timekeeper.  The entries were displayed in **Exhibit H** to the Preliminary Report and totaled 1.80 hours with $1,055.00 in associated fees.  As reflected in the Local Rules and UST Guidelines, billing entries must adequately describe the services actually performed to allow a determination of whether the task was staffed appropriately, whether the task involved the exercise of legal judgment, and/or whether the task was duplicated by other timekeepers.[7]  In response to the Preliminary Report, the firm provided a list that contained additional detail for each of the task descriptions in question.  The additional information brought the entries into compliance with the Local Rules and UST Guidelines and, accordingly, the Fee Examiner makes no recommendation for a fee reduction.  Exhibit H is omitted from this report.

      18.    **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.  The Fee Examiner identified fee entries describing administrative functions, including the reviewing and revising of pre-bills and invoices.  Although firms may seek reimbursement for fees resulting from the preparation of fee applications, revising bills to comply with applicable guidelines remains an administrative function.  The entries were displayed in **Exhibit I** to the Preliminary Report and totaled 9.10 hours with $3,683.50 in fees.  The Fee Examiner invited comment from the firm.

---

[7] Vague entries do not allow the court to determine the reasonableness and necessity of the effort expended, and fees may be denied or reduced when insufficiently documented.  *E.g., In re Bennett Funding, Inc.*, 213 B.R. 234, 245-46 (Bankr. N.D.N.Y. 1997).  Entries for legal research must identify the issue and explain the research need.  *In re Fibermark, Inc.*, 349 B.R. 385, 397 (Bankr. D. Vt. 2006).

In its response, McDermott urged that some of the questioned time required knowledge of the legal work being performed and legal acumen, but agreed the work was partly administrative. McDermott and the Fee Examiner have reached a compromise, wherein the firm agreed to reduce its fees by $1,841.75. Exhibit I is omitted from the Final Report.

19.      **Clerical Activities.**  Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel,[8] or tasks the market value of which is below the rate charged by the firm.  The Fee Examiner reviewed each timekeeper's billing activities and identified entries describing clerical activities, including but not limited to compiling/organizing materials, running database searches, copying, batching documents, and sending/circulating information.  The questioned entries were displayed in **Exhibit J** to the Preliminary Report and totaled 33.40 hours with $9,118.00 in associated fees.

In response, McDermott stated that some of the time was not clerical in nature and that the activities required the professional's knowledge of the legal work being performed and legal acumen.  The firm, however, agreed the work was partially clerical in nature.  McDermott and the Fee Examiner reached a compromise, and the firm agreed to reduce its fees in the amount of $4,559.00.  Exhibit J is omitted from this Report.

20.      **Travel.**  The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii).*  McDermott timekeepers did not bill any time for travel.

21.      **McDermott Retention/Compensation.**  McDermott billed 70.00 hours with associated fees of $24,862.50 to prepare the firm's applications for compensation, approximately

---

[8] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates).  These overhead activities may include: mailing; photocopying; word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

1% of the Fees Computed.   The fee entries describing McDermott's retention/compensation activities are displayed in **Exhibit K**, which is included in the Final Report for the Court's reference.

**Review of Expenses**

22.   **Itemization of Expenses.**   The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the charge, if available." *Local Rule 2016-2(e)(i-ii).*   The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.   Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii).*   McDermott provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

23.   **Photocopies.**   The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii).*   McDermott stated in the Application that it "charged the Debtors the maximum permitted amount of $.10 per page;" however, one of the charges was billed at a rate in excess of $0.10 per page.   The data provided by McDermott indicated that, on Invoice 2297302, 43 pages were photocopied at a charge of $8.60.   Based on this information it appeared that there was an overcharge for duplication charges in the amount of $4.30.   The firm

-14-

agreed with the Fee Examiner, and stated it would reduce its next fee application's expense reimbursement by $4.30.

24.    **Request for Additional Information.**    The Fee Examiner requested that McDermott provide documentation and/or a detailed explanation for the expenses displayed in **Exhibit L** to the Preliminary Report.  McDermott provided a comprehensive response that verified its charges were below "retail", and very competitive with the rates charges by similar law firm service centers and third-party electronic discovery vendors for data processing and storage services.    The Fee Examiner' concerns were sufficiently answered, and no recommendation for an expense reduction is being made.  Exhibit L is omitted from this Final Report.

25.    **Overtime Expenses.**    McDermott requested reimbursement of overtime transportation totaling $54.00, overtime meals totaling $62.61, and administrative support overtime in the amount of $32.50.  Although a firm may have a policy that personnel may be reimbursed for travel home when working late and meals for employees while working late, such charges are generally considered part of the firm's overhead.  In addition overtime charges for employees working late are also considered part of a firm's overhead.  These charges, totaling $149.11, were displayed in **Exhibit M** to the Preliminary Report.  The firm agreed not to seek reimbursement for these expenses, and stated it would reduce its next fee application's expense reimbursement by $149.11.  Exhibit M is omitted from this Report.

26.    **Vaguely Described Travel Expenses.**  McDermott requested reimbursement for the out-of-town travel expenses, which were displayed in **Exhibit N** to the Preliminary Report.  The Fee Examiner requested a detailed itemization for these charges including the type of charges incurred (airfare, lodging, etc.) and the amount of each charge.  With regard to meals,

the Fee Examiner further requested that McDermott provide information regarding the type of meal (breakfast, lunch, or dinner) and the number of attendees for the meal expense. The Fee Examiner has recommended and the Court has followed certain per person ceilings for meals incurred during travel (i.e. breakfast - $15.00, lunch - $25.00, and dinner - $50.00). With regard to lodging, the Fee Examiner further requested that McDermott provide information regarding the number of nights. The Fee Examiner has recommended and the Court has followed a domestic lodging ceiling of $350.00 per night. In addition, the Fee Examiner requested an explanation for the purpose and necessity of the transportation charge included in Exhibit N. With regard to the travel charges, the firm provided sufficient information to answer the Fee Examiner's questions regarding the expenses in the exhibit. With regard to the taxi charge, the firm agreed not to seek reimbursement for the expense, and stated it would reduce its next fee application's expense reimbursement by $30.05. Exhibit N is omitted from the Final Report.

## CONCLUSION

The Fee Examiner submits this final report regarding the Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $1,926,695.75 ($1,932,538.50 plus $558.00 minus $6,400.75) and reimbursement of expenses in the amount of $20,555.38 for the period from June 1, 2011 through August 31, 2011. The findings are set forth in the summary on the following page.

**MCDERMOTT WILL & EMERY, LLP**

**SUMMARY OF FINDINGS**

**Eleventh Quarterly Fee Application (June 1, 2011 through August 31, 2011)**

**A.    Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $1,932,538.50 | |
| Expenses Requested | 20,555.38 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $1,953,093.88 |
| | | |
| Fees Computed | $1,933,096.50 | |
| Expenses Computed | 20,555.38 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $1,953,651.88 |
| | | |
| Discrepancy in Fees | ($    558.00) | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | ($    558.00) |

**B.    Recommended Fee Allowance and Expense Reimbursement**

| | | |
|---|---|---|
| Fees Requested | $1,932,538.50 | |
| *Discrepancy in Fees* | *$    558.00* | |
| *Agreed Reduction for Administrative Activities* | *(1,841.75)* | |
| *Agreed Reduction for Clerical Activities* | *(4,559.00)* | |
| Subtotal | *($5,842.75)* | |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $1,926,695.75 |
| | | |
| Expenses Requested | $20,555.38 | |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 20,555.38 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $1,947,251.13 |

Respectfully submitted,

**STUART MAUE**

By: _____

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 21st day of September, 2012.

David Klauder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE  19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
William E. Chipman Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE  19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Blake D. Rubin, Esq.
McDermott Will & Emery LLP
600 13th Street N.W.
Washington, DC  20005-3096

_____
John F. Theil, Esq.

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**McDermott, Will & Emery**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 0342 | Rubin, Blake D. | PARTNER | $965.00 | $965.00 | 338.50 | $326,652.50 |
| 0343 | Whiteway, Andrea M. | PARTNER | $805.00 | $805.00 | 381.30 | $306,946.50 |
| 2810 | Merten, William W. | PARTNER | $810.00 | $810.00 | 172.20 | $139,482.00 |
| 803 | Compernolle, Paul J. | PARTNER | $810.00 | $810.00 | 89.90 | $72,819.00 |
| 0344 | Finkelstein, Jon G. | PARTNER | $635.00 | $635.00 | 109.40 | $69,469.00 |
| 1086 | Wilder, Michael J. | PARTNER | $745.00 | $745.00 | 68.40 | $50,958.00 |
| 1551 | Gruemmer, Brooks B. | PARTNER | $750.00 | $750.00 | 58.90 | $44,175.00 |
| 6395 | Harris, Ryan D. | PARTNER | $575.00 | $575.00 | 74.40 | $42,780.00 |
| 6673 | Levine, Philip J. | PARTNER | $895.00 | $895.00 | 47.70 | $42,691.50 |
| 4809 | Lee, Michael V. | PARTNER | $630.00 | $630.00 | 39.70 | $25,011.00 |
| 2812 | Peters Schaefer, Susan | PARTNER | $810.00 | $810.00 | 30.80 | $24,948.00 |
| 4378 | Greenhouse, Robin L. | PARTNER | $780.00 | $780.00 | 31.00 | $24,180.00 |
| 2584 | Wells, Stephen E. | PARTNER | $895.00 | $895.00 | 20.70 | $18,526.50 |
| 6832 | Holdvogt, Jeffrey M. | PARTNER | $500.00 | $500.00 | 15.50 | $7,750.00 |
| 9903 | Fernando, Raymond M. | PARTNER | $625.00 | $625.00 | 10.00 | $6,250.00 |
| 0261 | Hoeft, Steven H. | PARTNER | $785.00 | $785.00 | 7.40 | $5,809.00 |
| 7142 | Gordon, Amy M. | PARTNER | $710.00 | $710.00 | 6.00 | $4,260.00 |
| 2998 | Orsic, Eric | PARTNER | $715.00 | $715.00 | 3.90 | $2,788.50 |
| 8981 | Turney, Andrew T. | PARTNER | $535.00 | $535.00 | 5.10 | $2,728.50 |
| 8422 | Hazan, Nava | PARTNER | $630.00 | $630.00 | 2.50 | $1,575.00 |
| 0070 | Boies, Wilbur H. | PARTNER | $845.00 | $845.00 | 1.30 | $1,098.50 |
| 5642 | Graham, Michael T. | PARTNER | $625.00 | $625.00 | 1.70 | $1,062.50 |
| 8311 | Lin, Christopher | PARTNER | $545.00 | $545.00 | 1.00 | $545.00 |
| 0970 | Ross, Nancy G. | PARTNER | $815.00 | $815.00 | 0.50 | $407.50 |
| 298 | Schreck Jr., Robert A. | PARTNER | $800.00 | $800.00 | 0.50 | $400.00 |
| 0915 | Raicht, Geoffrey T. | PARTNER | $780.00 | $780.00 | 0.50 | $390.00 |
| 1590 | Altschul, Mark J. | PARTNER | $500.00 | $500.00 | 0.20 | $100.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| No. of Billers for Position: 27 | | Blended Rate for Position: | $805.66 | | 1,519.00 | $1,223,803.50 |
| | | | | % of Total:   30.14% | % of Total:   63.31% | |
| 2816 | Granados III, Luis L. | COUNSEL | $730.00 | $730.00 | 22.60 | $16,498.00 |

### SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL
### COMPUTED AT STANDARD RATES
**McDermott, Will & Emery**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| | No. of Billers for Position: 1 | Blended Rate for Position: | $730.00 | | 22.60 | $16,498.00 |
| | | | | | % of Total: 0.45% | % of Total: 0.85% |
| 1242 | Blair-Stanek, Andrew | ASSOCIATE | $360.00 | $360.00 | 169.00 | $60,840.00 |
| 0024 | Zajac, Jared D. | ASSOCIATE | $345.00 | $345.00 | 94.90 | $32,740.50 |
| 2386 | Ma, Enrica | ASSOCIATE | $390.00 | $390.00 | 63.40 | $24,726.00 |
| 9085 | McCurry, Patrick J. | ASSOCIATE | $360.00 | $360.00 | 59.80 | $21,528.00 |
| 0109 | Chan, Gale E. | ASSOCIATE | $390.00 | $390.00 | 48.40 | $18,876.00 |
| 8450 | Shuman, Timothy S. | ASSOCIATE | $440.00 | $440.00 | 20.10 | $8,844.00 |
| 0676 | Kopacz, Gregory A. | ASSOCIATE | $345.00 | $345.00 | 13.70 | $4,726.50 |
| 0664 | Parker, Cole | ASSOCIATE | $295.00 | $295.00 | 15.80 | $4,661.00 |
| 2102 | Nardiello, Chad D. | ASSOCIATE | $450.00 | $450.00 | 4.90 | $2,205.00 |
| 9945 | Tiemann, Brian J. | ASSOCIATE | $330.00 | $330.00 | 3.10 | $1,023.00 |
| | No. of Billers for Position: 10 | Blended Rate for Position: | $365.38 | | 493.10 | $180,170.00 |
| | | | | | % of Total: 9.78% | % of Total: 9.32% |
| 0831 | Newgard, Brant A. | SR STAFF ATTY | $245.00 | $245.00 | 469.50 | $115,027.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $245.00 | | 469.50 | $115,027.50 |
| | | | | | % of Total: 9.32% | % of Total: 5.95% |
| 1914 | LeBeau, Nicole | STAFF ATTORNEY | $245.00 | $245.00 | 522.50 | $128,012.50 |
| 1918 | McElhaney, Quinton | STAFF ATTORNEY | $245.00 | $245.00 | 424.60 | $104,027.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $245.00 | | 947.10 | $232,039.50 |
| | | | | | % of Total: 18.79% | % of Total: 12.00% |
| 1442 | Mitchell, Maggie | ASSO LEGI DIREC | $375.00 | $375.00 | 1.80 | $675.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $375.00 | | 1.80 | $675.00 |
| | | | | | % of Total: 0.04% | % of Total: 0.03% |

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

### McDermott, Will & Emery

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|----------|------|----------|--------------|--------------|----------------|---------------|
| 1697 | Kernisan, Serge | TECH PROJ MGR | $250.00 | $250.00 | 25.40 | $6,350.00 |
| 2026 | Gardner, Daryl | TECH PROJ MGR | $330.00 | $330.00 | 9.60 | $3,168.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $271.94 | | 35.00 | $9,518.00 |
| | | | | % of Total: | 0.69% | % of Total: 0.49% |
| RF | Fention, Raul | LIT PROJ ASST | $165.00 | $165.00 | 1.00 | $165.00 |
| 2118 | Tobias, Bradley | LIT PROJ ASST | $165.00 | $165.00 | 1.00 | $165.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $165.00 | | 2.00 | $330.00 |
| | | | | % of Total: | 0.04% | % of Total: 0.02% |
| 3434 | Adams, Eric | LIBR RESCH ASST | $155.00 | $155.00 | 1.00 | $155.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $155.00 | | 1.00 | $155.00 |
| | | | | % of Total: | 0.02% | % of Total: 0.01% |
| 2205 | Canela, Yoaldena | CONTRACT ATTY | $100.00 | $100.00 | 286.40 | $28,640.00 |
| 1962 | Roush, Antoinette | CONTRACT ATTY | $100.00 | $100.00 | 272.70 | $27,270.00 |
| 1986 | Peacock, Hiram | CONTRACT ATTY | $100.00 | $100.00 | 250.00 | $25,000.00 |
| 2003 | Hayden, Kimberly | CONTRACT ATTY | $100.00 | $100.00 | 240.80 | $24,080.00 |
| 2427 | Comin, Sally | CONTRACT ATTY | $100.00 | $100.00 | 239.10 | $23,910.00 |
| 1977 | Underwood, Lekecia | CONTRACT ATTY | $100.00 | $100.00 | 190.60 | $19,060.00 |
| 1930 | Veerapaneni, Radhika | CONTRACT ATTY | $100.00 | $100.00 | 54.00 | $5,400.00 |
| 2429 | Berres, Daneen | CONTRACT ATTY | $100.00 | $100.00 | 15.20 | $1,520.00 |
| | No. of Billers for Position: 8 | Blended Rate for Position: | $100.00 | | 1,548.80 | $154,880.00 |
| | | | | % of Total: | 30.73% | % of Total: 8.01% |
| | Total No. of Billers: 55 | Blended Rate for Report: | $383.56 | | 5,039.90 | $1,933,096.50 |

EXHIBIT K

MCDERMOTT RETENTION/COMPENSATION

McDermott, Will & Emery

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Hazan, N | 2.50 | 1,575.00 |
| Zajac, J | 67.50 | 23,287.50 |
| | 70.00 | $24,862.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Chapter 11 Restructuring | 70.00 | 24,862.50 |
| | 70.00 | $24,862.50 |

EXHIBIT K

MCDERMOTT RETENTION/COMPENSATION

McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
| 06/01/11 Wed | Zajac, J 2276795/127 | 5.40 | 2.20 | 759.00 | 2.10 0.70 0.40 1.90 0.30 | F F F F F | MATTER NAME: Chapter 11 Restructuring 1 RESEARCH RE EQUITY RECOVERY IN 544 CLAIMS (2.1); 2 CALL WITH A. BLAIR-STANEK RE SAME (.7); 3 EMAIL A. BLAIR-STANEK RE SAME (.4); 4 REVIEW MARCH INVOICES RE COMPLIANCE WITH BANKRUPTCY RULES (1.9); 5 REVIEW APRIL INVOICES RE COMPLIANCE WITH BANKRUPTCY RULES (.3). |
| 06/02/11 Thu | Zajac, J 2276795/135 | 2.80 | 2.30 | 793.50 | 1.20 0.20 0.50 0.90 | F F F F | MATTER NAME: Chapter 11 Restructuring 1 REVIEW APRIL INVOICES TO ENSURE COMPLIANCE WITH BANKRUPTCY RULES (1.2); 2 EMAILS TO M. SIMONS RE SAME (.2); 3 RESEARCH RE DISTRIBUTIONS TO EQUITY (.5); 4 DRAFT MARH FEE STATEMENT (.9). |
| 06/06/11 Mon | Zajac, J 2276795/153 | 4.70 | 4.40 | 1,518.00 | 4.40 0.30 | F F | MATTER NAME: Chapter 11 Restructuring 1 DRAFT MARCH FEE STATEMENT (4.4); 2 REVIEW DIRECTORS LETTER FILED RE DISCLOSURE STATEMENT (.3). |
| 06/07/11 Tue | Zajac, J 2276795/161 | 5.30 | 5.30 | 1,828.50 | 0.30 1.80 1.60 0.70 0.90 | F F F F F | MATTER NAME: Chapter 11 Restructuring 1 EMAIL TO M. SIMONS RE MARCH FEE STATEMENT (.3); 2 DRAFT APRIL FEE STATEMENT (1.8); 3 REVISE QUARTERLY APPLICATION (1.6); 4 REVIEW FINAL REPORTS (.7); 5 REVISE MARCH FEE STATEMENT (.9). |
| 06/08/11 Wed | Hazan, N 2276795/170 | 0.50 | 0.50 | 315.00 | | F | MATTER NAME: Chapter 11 Restructuring 1 REVIEW EXAMINER REPORTS. |
| 06/08/11 Wed | Zajac, J 2276795/171 | 2.10 | 2.10 | 724.50 | 0.20 0.10 1.80 | F F F | MATTER NAME: Chapter 11 Restructuring 1 EMAIL B. RUBIN RE JANUARY AND FEBRUARY FEE STATEMENTS (.2); 2 EMAIL M. SIMONS RE SAME (.1); 3 DRAFT APRIL FEE STATEMENT (1.8). |
| 06/09/11 Thu | Zajac, J 2276795/179 | 3.80 | 3.80 | 1,311.00 | 1.10 0.30 2.20 0.20 | F F F F | MATTER NAME: Chapter 11 Restructuring 1 FINALIZE JANUARY AND FEBRUARY FEE STATEMENTS FOR FILING (1.1); 2 EMAILS WITH LOCAL COUNSEL RE SAME (.3); 3 DRAFT APRIL FEE STATEMENT (2.2); 4 EMAIL B. RUBIN RE CNOS (.2). |
| 06/13/11 Mon | Hazan, N 2276795/192 | 0.40 | 0.40 | 252.00 | | F | MATTER NAME: Chapter 11 Restructuring 1 REVIEW AND CORRECT MARCH FEE STATEMENT. |
| 06/15/11 Wed | Zajac, J 2276795/205 | 4.70 | 0.50 | 172.50 | 1.60 2.60 0.50 | F F F | MATTER NAME: Chapter 11 Restructuring 1 RESEARCH RE STATE PREFERENCE LAWS (1.6); 2 REVIEW AND ANALYSIS OF COMMITTEE'S COMPLAINT (2.6); 3 REVISE QUARTERLY FEE APPLICATION (.5). |

~  See the last page of exhibit for explanation

EXHIBIT K
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 06/20/11 Mon | Zajac, J 2276795/221 | 6.70 | 3.30 | 1,138.50 | 0.10 0.10 0.30 3.30 2.90 | F F F F F | 1 2 3 4 5 | *MATTER NAME: Chapter 11 Restructuring* EMAILS WITH M. SIMONS RE: LEDES FILES (.1): EMAILS WITH A. BLAIR-STANEK RE: 544, 548, 550 RESEARCH (.1): REVIEW EMAILS FROM M. SIMONS RE: APRIL FEE STATEMENT (.3): RESEARCH REGARDING 550(D) (3.3): REVISE MAY PREBILLS TO ENSURE COMPLIANCE WITH BANKRUPTCY RULES (2.9). |
| 06/21/11 Tue | Zajac, J 2276795/226 | 1.90 | 0.20 | 69.00 | 0.90 0.40 0.40 0.20 | F F F F | 1 2 3 4 | *MATTER NAME: Chapter 11 Restructuring* RESEARCH LAW REVIEW ARTICLES RE: 550(D) AND MULTIPLE RECOVERIES (.9): PREPARE FOR AND CALL WITH A. BLAIR-STANEK RE: COMPLAINT (.4): EMAIL TO A. BLAIR-STANEK RE: RESEARCH RESULTS (.4): NUMEROUS EMAILS WITH M. SIMONS RE: FEE STATEMENTS (.2). |
| 06/22/11 Wed | Zajac, J 2276795/231 | 5.90 | 5.20 | 1,794.00 | 1.20 0.40 0.70 0.40 3.20 | F F F F F | 1 2 3 4 5 | *MATTER NAME: Chapter 11 Restructuring* REVIEW PREBILLS TO ENSURE COMPLIANCE WITH BANKRUPTCY RULES (1.2): MULTIPLE EMAILS WITH M. SIMONS RE SAME (.4): REVIEW PLAN RELEASES (.7): REVISE MARCH FEE APPLICATION (.4): DRAFT AND REVISE APRIL FEE APPLICATION (3.2). |
| 06/23/11 Thu | Hazan, N 2276795/237 | 0.50 | 0.50 | 315.00 | | F | 1 | *MATTER NAME: Chapter 11 Restructuring* REVIEW AND CORRECT APRIL FEE STATEMENT. |
| 06/23/11 Thu | Zajac, J 2276795/236 | 0.20 | 0.20 | 69.00 | | F | 1 | *MATTER NAME: Chapter 11 Restructuring* REVISIONS TO APRIL FEE STATEMENT. |
| 06/28/11 Tue | Zajac, J 2276795/255 | 2.90 | 1.20 | 414.00 | 0.40 0.70 0.50 1.30 | F F F F | 1 2 3 4 | *MATTER NAME: Chapter 11 Restructuring* RESEARCH RE: RELEASES UNDER PLAN FOR A. BLAIR-STANEK (.4): FINALIZE MARCH FEE STATEMENT FOR FILING (.7): PREPARE LEDES FILES RE: SAME (.5): RESEARCH RE: RESCISSION AS REMEDY FOR FRAUDULENT CONVEYANCE (1.3). |
| 07/06/11 Wed | Hazan, N 2286485/201 | 0.50 | 0.50 | 315.00 | | F | 1 | *MATTER NAME: Chapter 11 Restructuring* REVIEW AND CORRECT MAY FEE STATEMENT. |
| 07/06/11 Wed | Zajac, J 2286485/202 | 6.20 | 6.20 | 2,139.00 | 0.10 4.60 0.20 1.30 | F F F F | 1 2 3 4 | *MATTER NAME: Chapter 11 Restructuring* EMAIL TO M. SIMONS RE: MAY FEE STATEMENT (.1): DRAFT MAY FEE STATEMENT (4.6): EMAIL TO B. RUBIN RE CNOS (.2): REVIEW INVOICES FOR MARCH THRU MAY RE: EXPENSES AND TIME FOR QUARTERLY (1.3). |
| 07/07/11 Thu | Zajac, J 2286485/209 | 4.80 | 4.80 | 1,656.00 | | F | 1 | *MATTER NAME: Chapter 11 Restructuring* DRAFT QUARTERLY FEE STATEMENT. |

~ See the last page of exhibit for explanation

EXHIBIT K
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|------|------|------|------|------|------|------|------|
| 07/08/11 Fri | Hazan, N 2286485/218 | 0.60 | 0.60 | 378.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW AND CORRECT 10TH QUARTERLY FEE APPLICATION. |
| 07/08/11 Fri | Zajac, J 2286485/217 | 2.30 | 2.30 | 793.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring DRAFT QUARTERLY FEE STATEMENT. |
| 07/12/11 Tue | Zajac, J 2286485/241 | 1.30 | 1.30 | 448.50 | 0.40 0.70 0.10 0.10 | F F F F | 1 2 3 4 | MATTER NAME: Chapter 11 Restructuring PREPARE AND FINALIZE FEE STATEMENTS FOR FINALIZING (.4); REVISE QUARTERLY FEE APPLICATION (.7); EMAIL TO B. RUBIN RE: SAME (.1); EMAIL TO M. SIMONS RE: SAME (.1). |
| 07/19/11 Tue | Zajac, J 2286485/285 | 2.20 | 2.20 | 759.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW PREBILLS TO ENSURE COMPLIANCE WITH BANKRUPTCY RULES. |
| 07/20/11 Wed | Zajac, J 2286485/295 | 3.40 | 3.40 | 1,173.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW PREBILLS TO ENSURE COMPLIANCE WITH BANKRUPTCY RULES. |
| 08/02/11 Tue | Zajac, J 2297300/105 | 4.40 | 4.40 | 1,518.00 | 2.10 2.30 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring PREPARE JUNE FEE STATEMENT (2.1); REVIEW INVOICES RE FOLLOWING BANKRUPTCY RULES FOR FEE STATEMENTS (2.3). |
| 08/03/11 Wed | Zajac, J 2297300/109 | 3.00 | 3.00 | 1,035.00 | 0.20 0.30 0.10 0.10 2.30 | F F F F F | 1 2 3 4 5 | MATTER NAME: Chapter 11 Restructuring REVIEW INTERIM COMP ORDER RE HOLD BACK (.2); EMAILS WITH B. RUBIN RE SAME (.3); CALL WITH LOCAL COUNSEL RE UPCOMING HEARING (.1); EMAIL M. SIMONS RE FEE STATEMENTS (.1); DRAFT JUNE FEE STATEMENT (2.3). |
| 08/05/11 Fri | Zajac, J 2297300/118 | 1.30 | 1.30 | 448.50 | 1.10 0.20 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring DRAFT FEE STATEMENT (1.1); EMAILS TO M.SIMONS RE LEDES FILES (.2). |
| 08/08/11 Mon | Zajac, J 2297300/122 | 0.50 | 0.50 | 172.50 | 0.20 0.20 0.10 | F F F | 1 2 3 | MATTER NAME: Chapter 11 Restructuring REVIEW CNOS(.2); REVIEW PRIOR FEE STATEMENTS RE SAME (.2); EMAIL TO B. RUBIN RE SAME (.1). |
| 08/11/11 Thu | Zajac, J 2297300/130 | 0.70 | 0.70 | 241.50 | 0.50 0.20 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring PREPARE LEDES FILES FOR FEE EXAMINER(.5); EMAIL M. SIMONS RE SAME (.2). |

EXHIBIT K
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 08/15/11 Mon | Zajac, J 2297300/141 | 0.70 | 0.70 | 241.50 | 0.10 0.10 0.10 0.30 0.10 | F F F F F | 1 2 3 4 5 | MATTER NAME: Chapter 11 Restructuring EMAIL M. SIMONS RE LEDES FILES (.1); PREPARE LEDES FILES (.1); EMAIL FEE EXAMINER RE RECENT FEE STATEMENTS (.1); REVIEW PROPOSED ORDER RE UPCOMING FEE HEARING (.3); EMAIL TO LOCAL COUNSEL RE SAME (.1). |
| 08/19/11 Fri | Zajac, J 2297300/158 | 0.20 | 0.20 | 69.00 | 0.10 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring EMAILS WITH H. ROSARO RE: UPCOMING FEE HEARING (.1); EMAIL FROM M. SIMONS RE: JULY FEE STATEMENT. |
| 08/24/11 Wed | Zajac, J 2297300/168 | 3.10 | 3.10 | 1,069.50 | 0.10 0.10 2.90 | F F F | 1 2 3 | MATTER NAME: Chapter 11 Restructuring REVIEW NOTICE OF HEARING (.1); EMAIL FROM LOCAL COUNSEL RE FEE ORDER (.1); REVIEW PREBILLS TO ENSURE COMPLIANCE WITH BANKRUPTCY RULES (2.9). |
| 08/25/11 Thu | Zajac, J 2297300/172 | 2.30 | 2.30 | 793.50 | 0.40 0.10 1.80 | F F F | 1 2 3 | MATTER NAME: Chapter 11 Restructuring DRAFT SUMMARY OF FEE ORDER FOR B. RUBIN (.4); CALL WITH B. RUBIN RE SAME (.1); REVIEW PREBILLS TO ENSURE COMPLIANCE WITH BANKRUPTCY RULES (1.8). |
| 08/29/11 Mon | Zajac, J 2297300/177 | 0.20 | 0.20 | 69.00 | 0.20 | F | 1 | MATTER NAME: Chapter 11 Restructuring EMAILS WITH M. SIMONS RE JUNE FEE STATEMENT (.2). |
| 08/31/11 Wed | Zajac, J 2297300/189 | 0.20 | 0.20 | 69.00 | 0.10 0.10 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring EMAIL WITH M. SIMONS RE JULY FEE STATEMENT (.1); EMAIL WITH B. RUBIN RE SAME (.1). |
| Total | | | 70.00 | $24,862.50 | | | | |
| Number of Entries: | 34 | | | | | | | |

EXHIBIT K

MCDERMOTT RETENTION/COMPENSATION

McDermott, Will & Emery

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Hazan, N | 2.50 | 1,575.00 |
| Zajac, J | 67.50 | 23,287.50 |
| | 70.00 | $24,862.50 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Chapter 11 Restructuring | 70.00 | 24,862.50 |
| | 70.00 | $24,862.50 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL