# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, et al.,[1]

Debtors.

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

## FEE EXAMINER'S FINAL REPORT
## REGARDING THE FIFTH QUARTERLY FEE
## APPLICATION OF LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

Stuart Maue (the **"Fee Examiner"**) submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the **"Fee Examiner Order"**) in connection with the *Fifth Quarterly Fee Application of Levine Sullivan Koch & Schulz L.L.P.* [Docket No. 9966] (the **"Fee Application"**). The Fee

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Application seeks approval of fees that total $145,122.50 and reimbursement of expenses that total $7,065.09 for the period from June 1, 2011 through August 31, 2011. Levine Sullivan Koch & Schulz, L.L.P. ("**LSK&S**") serves as special counsel to the Debtors and Debtors-in-Possession for certain litigation matters.

<u>**Background**</u>

1.      On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each commenced a voluntary case under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). Under the Bankruptcy Court's *Order Directing Joint Administration Chapter 11 Cases* dated December 10, 2009 [Docket No. 43], these cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

2.      On January 15, 2009, the Bankruptcy Court entered its *Order Authorizing the Debtors to Retain, Employ and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business* [Docket No. 227] (the "**OCP Order**") approving procedures for the employment, retention and compensation by the Debtors in their ordinary course of business. The OCP Order contained a list of Ordinary Course Professionals that were authorized to be retained by the Debtors and included LSK&S. The Debtors' Ordinary Course Professionals were authorized to provide services to the Debtors as necessary for the day-to-day operations of the Debtors' businesses on terms substantially similar to those in effect prior to the Petition Date, subject to the terms and conditions described in the OCP Order. Compensation of the Ordinary Course Professionals is limited by a Monthly Cap on the fees permitted to be paid to such Ordinary Course Professionals, per month on average over a rolling period.

3.      On October 4, 2010, the Debtors filed their *Application for an Order Authorizing Debtors to Employ and Retain Levine Sullivan Koch & Schulz, L.L.P. as Special Counsel for Certain Litigation Matters Pursuant to Section 327(e)and 1107, nunc pro tunc to September 1, 2010* [Docket No. 5883] (the "**Retention Application**").    In the Retention Application, the Debtors explained that LSK&S represents a number of the Debtors with respect to various litigation matters.    The Debtors further explained that the representations of the Debtors by LSK&S on matters arising post-petition, taken together with LSK&S' pre-existing representations of the Debtors in various disputed prepetition claims, caused LSK&S' fees to slightly exceed the average the Monthly Cap of $50,000 for January-February 2010, were expected to do so again in September 2010, and were at level of activity that made it likely that LSK&S would exceed the existing Monthly Cap on a regular basis going forward.    By order dated October 21, 2010, the Court approved the retention of LSK&S as special counsel for certain litigation matters [Docket No. 6062] (the "**Retention Order**").

4.      LSK&S filed its Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members under 11 U.S.C. §§ 105(a) and 331* [Docket No. 225] (the "**Interim Compensation Order**").

### Applicable Standards

5.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of

Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

6.     The Fee Examiner reviewed the Fee Application for compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Application for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**").  In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

7.     Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*.  In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable

based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*

8.    A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

9.    The Fee Examiner completed the preliminary evaluation of the Fee Applications, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to LSK&S for review and comment. The firm responded to the Fee Examiner with a detailed written response to the Preliminary Report. The Fee Examiner also notes that both prior and subsequent to the filing of the Fee Applications the firm and the Fee Examiner engaged in numerous communications to further LSK&S's clear goal of complying with the relevant billing rules and guidelines. After consideration of the additional information provided by the firm, the Fee Examiner now issues this final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5.*

## DISCUSSION OF FINDINGS

### Technical Requirements

10.    **Reconciliation of Fees and Expenses.**  The Fee Examiner compared the total

amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and

"**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or

hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**").  The

Fee Examiner identified no discrepancies between the Fees Requested and the Fees Computed,

nor any discrepancies between the Expenses Requested and the Expenses Computed.

11.    **Block Billing.**[2]  The Local Rules provide that "[a]ctivity descriptions shall not be

lumped – each activity shall have a separate description and a time allotment." *Local

Rule 2016-2(d)(vii)*.  The UST Guidelines further provide that where a timekeeper's daily time

entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not

combined or 'lumped' together, with each service showing a separate time entry."

*UST-Guidelines ¶(b)(4)(v)*.[3]  The Delaware Bankruptcy Court has found that time entries that

generally only combine work on one issue, and a conference/communication with the client or

opposing counsel on the same issue, while technically blocked billing, will not be objectionable.[4]

LSK&S block billed entries totaling 18.70 hours and $7,726.50 in associated fees, which were

---

[2] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing.  Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry.  As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry.  This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

[3] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

[4] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

displayed in **Exhibit A** to the Preliminary Report. Based upon precedent established by this Court, the objectionable block billed entry totals 5.50 hours with $2,310.00 in associated fees, and is highlighted in bold and marked with an ampersand [&] in the exhibit. LSK&S was invited to comment on the firm's block billing. The firm verified that the entry in question was truly one long meeting, which the firm elaborated on in its response. Based on the information provided, no recommendation for a fee reduction will be made. Exhibit A is omitted from this Final Report.

12.    **Time Increments.** The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv).* The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v).* The Fee Examiner reviewed the fee application and determined that the firm recorded time in tenth of an hour increments.

**Review of Fees**

13.    **Firm Staffing.** The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii).* The Fee Application provided the names, positions, and hourly rates of the 14 LSK&S professionals and paraprofessionals who billed to this matter, consisting of 6 partners, 2 of counsel, 3 associates, and 3 paralegals. A summary of hours and fees billed by each timekeeper is displayed in **Exhibit B**.[5]

---

[5] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The

The firm billed a total of 396.80 hours with associated fees of $145,122.50. The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 227.70 | 57% | $ 99,411.50 | 68% |
| Of Counsel | 1.10 | * | 439.50 | * |
| Associate | 131.70 | 33% | 38,193.00 | 26% |
| Paralegal | 36.30 | 9% | 7,078.50 | 5% |
| TOTAL | 396.80 | 100% | $145,122.50 | 100% |

\* Less than 1%

The blended hourly rate for the LSK&S professionals is $382.92 and the blended hourly rate for professionals and paraprofessionals is $365.73.

14.    **Hourly Rate Increases.** LSK&S did not increase the hourly rates of timekeepers during this interim period.

15.    **Timekeepers' Roles.** A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4).* With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts. On the whole, each timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals. The Fee Examiner requested additional information regarding the necessity and scope of the role performed by one LSK&S timekeeper.

In this period the timekeeper in question invoiced one fee entry to develop strategy regarding status and resolution of litigation. The Fee Examiner noted that the timekeeper did not

---

tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

invoice in the prior two Applications. **Exhibit C** to the Preliminary Report totaling 0.20 hour with associated fees of $84.00 listed the fee entry for which additional information was requested. The firm responded by indicating the matter this timekeeper was billing to had been inactive for some time but that Debtors had asked that the timekeeper look into certain legal issues related to the matter. The additional information satisfied the Fee Examiner's concerns, and Exhibit C is omitted from this Report.

16.    **Meetings, Conferences, Hearings, and Other Events.** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" *Local Rule 2016-2(d)(ix)*, and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*. While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more LSK&S timekeepers attended the same meeting, conference, hearing, or other event. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 4.00 hours with $1,730.00 in associated fees, were displayed in **Exhibit D** to the Preliminary Report. In each instance where multiple timekeepers attended a meeting, conference, hearing, or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference). The potentially duplicative and unnecessary timekeepers' entries total 2.00 hours with $840.00 in associated fees, and were

highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event. The firm provided the additional information required. In light of the response, the Fee Examiner makes no recommendation for a fee reduction, and Exhibit D is omitted from the Final Report.

17.     **Intraoffice Conferences.**     Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified two fee entries describing intraoffice conferences totaling 0.30 hour with $77.50 in associated fees, or less than 1% of the total Fees Computed, as were displayed in **Exhibit E**. Given the minimal amount of time and fees associated with intraoffice conferencing, the Fee Examiner does not recommend a fee reduction. Exhibit E has been omitted from this Report.

18.     **Complete and Detailed Task Descriptions.**     Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix).* The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the

communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v).*

      a. **Vague Communications.** The Fee Examiner identified entries totaling 1.80 hours with $796.00 in associated fees in which the task description for a conference or other communication did not identify the participants to or the subject matter of the communication. This lack of detail hinders the Fee Examiner's ability to determine the reasonableness and necessity of the activity and is in clear violation of the applicable guidelines. The entries were displayed in **Exhibit F** to the Preliminary Report. The Fee Examiner invited comment from LSK&S on the entries in the Exhibit. In response, the firm provided the information that brought the questioned entries into compliance. Exhibit F has been omitted from this Report.

      b. **Vague Tasks.** The Fee Examiner reviewed the substantive detail of each billing entry and identified 16.10 hours with $7,095.50 in associated fees where the Fee Examiner could not determine the precise nature of the services performed by the timekeeper. The entries in question were displayed in **Exhibit G** to the Preliminary Report. As reflected in the Local Rules and UST Guidelines, billing entries must adequately describe the services actually performed to allow a determination of whether the task was staffed appropriately, whether the task involved the exercise of legal judgment, and/or whether the task was duplicated by other timekeepers.[6] The Fee Examiner requested that LSK&S strive to provide activity descriptions that are clear and adequately describe the nature of the services being performed. The Fee Examiner invited comment or further information from the firm regarding the entries in the Exhibit. In response, the firm provided the requisite information that brought the questioned

---

[6] Vague entries do not allow the court to determine the reasonableness and necessity of the effort expended, and fees may be denied or reduced when insufficiently documented. *E.g., In re Bennett Funding, Inc.*, 213 B.R. 234, 245-46 (Bankr. N.D.N.Y. 1997). Entries for legal research must identify the issue and explain the research need. *In re Fibermark, Inc.*, 349 B.R. 385, 397 (Bankr. D. Vt. 2006).

tasks into accord with the UST Guidelines and Local Rules.  Exhibit G is omitted from the Final Report.

19.    **Administrative Activities.**  Activities associated with the day-to-day operations of the firm or not specifically related to the Debtors' cases are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.  A partner invoiced a total of 0.60 hour and $267.00 in associated fees to review scheduling issues and to supervise staffing, which were displayed in **Exhibit H** to the Preliminary Report.  Scheduling and staffing are firm overhead activities and therefore the Fee Examiner advised the firm it intended to recommend a fee reduction in the amount of $267.00.  The firm agreed that the entry appeared administrative, which resulted in a $267.00 fee reduction. Exhibit H has been omitted from the Final Report.

20.    **Clerical Activities.**  Typically, clerical activities are those tasks that do not require legal acumen and may effectively be performed by administrative assistants, secretaries, or support personnel, and like administrative activities are generally reflected in the hourly rates charged by a firm.  In the 3rd Circuit, however, clerical-type activities performed by professionals and/or paraprofessionals are subject to a reduced billing rate.  The Fee Examiner identified questionable clerical-type activities totaling 2.60 hours and $507.00 in associated fees, which were displayed in **Exhibit I** to the Preliminary Report.  The firm was asked to comment on the questioned entries.  LSK&S provided further information with regard to the role and legal skills required to perform the tasks.  In light of the additional information, no fee reduction will be sought by the Fee Examiner.  Exhibit I is omitted from this Final Report.

21. **Travel.** The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii).* LSK&S did not bill for travel during the application period.

22. **LSK&S Retention/Compensation.** The Fee Examiner identified 29.70 hours with associated fees of $8,716.00 to prepare the firm's retention documents and application for compensation, which computes to approximately 6% of the Fees Computed. The fee entries describing LSK&S retention/compensation activities are displayed in **Exhibit J**, which is included in the Final Report.

<b><u>Review of Expenses</u></b>

23. **Itemization of Expenses.** The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the charge, if available." *Local Rule 2016-2(e)(i-ii).* The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii).* LSK&S provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge. LSK&S also provided supporting documentation for each of the expenses included in the Application.

## CONCLUSION

The Fee Examiner submits this final report regarding the Fee Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $144,855.50 ($145,122.50 minus $267.00) and reimbursement of expenses in the amount of $7,065.09 for the period from June 1, 2011 through August 31, 2011. The findings are set forth in the summary on the following page.

**LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.**

**SUMMARY OF FINDINGS**

**Fifth Quarterly Fee Application (June 1, 2011 through August 31, 2011)**

**A.      Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $145,122.50 | |
| Expenses Requested | 7,065.09 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $152,187.59 |
| | | |
| Fees Computed | $145,122.50 | |
| Expenses Computed | 7,065.09 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $152,187.59 |

**B.      Recommended Fee Allowance and Expense Reimbursement**

| | | |
|---|---|---|
| Fees Requested | $145,122.50 | |
| *Agreed Reduction for Administrative Activities* | *($267.00)* | |
| Subtotal | *($267.00)* | |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $144,855.50 |
| | | |
| Expenses Requested | $7,065.09 | |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 7,065.09 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $151,920.59 |

Respectfully submitted,

**STUART MAUE**

By: _____
    John F. Theil, Esq.
    3840 McKelvey Road
    St. Louis, Missouri  63044
    Telephone:  (314) 291-3030
    Facsimile:  (314) 291-6546
    tribunebkr@smmj.com

    *Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 24th day of September, 2012.

David Klauder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
William E. Chipman Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for Prepetition
  Lenders, JP Morgan Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Seth D. Berlin, Esq.
Levine Sullivan Koch & Schulz, L.L.P.
1899 L. Street N.W., Suite 200
Washington, D.C. 20036

_____
John F. Theil, Esq.

EXHIBIT B

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL
## COMPUTED AT STANDARD RATES

**Levine Sullivan Koch & Schulz, L.L.P.**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | | FEES COMPUTED |
|---|---|---|---|---|---|---|---|
| RP | Penchina, Robert | PARTNER | $445.00 | $445.00 | 108.10 | | $48,104.50 |
| 14 | Beall, Christopher P. | PARTNER | $420.00 | $420.00 | 76.40 | | $32,088.00 |
| NES | Siegel, Nathan E. | PARTNER | $445.00 | $445.00 | 34.90 | | $15,530.50 |
| SDB | Berlin, Seth D. | PARTNER | $445.00 | $445.00 | 4.60 | | $2,047.00 |
| 2 | Sullivan, Michael D. | PARTNER | $445.00 | $445.00 | 3.50 | | $1,557.50 |
| 17 | Curley, Thomas | PARTNER | $420.00 | $420.00 | 0.20 | | $84.00 |
| | No. of Billers for Position: 6 | Blended Rate for Position: | $436.59 | | 227.70 | | $99,411.50 |
| | | | | | % of Total: 57.38% | % of Total: | 68.50% |
| CAS | Stracher, Cameron A. | OF COUNSEL | $420.00 | $420.00 | 0.60 | | $252.00 |
| ALS | Smith, Alia L. | OF COUNSEL | $375.00 | $375.00 | 0.50 | | $187.50 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $399.55 | | 1.10 | | $439.50 |
| | | | | | % of Total: 0.28% | % of Total: | 0.30% |
| MXB | Beylkin, Michael | ASSOCIATE | $290.00 | $290.00 | 63.30 | | $18,357.00 |
| AMD | Datta, Amba M. | ASSOCIATE | $290.00 | $290.00 | 51.30 | | $14,877.00 |
| SDJ | Jones, Shaina D. | ASSOCIATE | $290.00 | $290.00 | 17.10 | | $4,959.00 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $290.00 | | 131.70 | | $38,193.00 |
| | | | | | % of Total: 33.19% | % of Total: | 26.32% |
| 28 | Kelley, Marla D. | PARALEGAL | $195.00 | $195.00 | 24.20 | | $4,719.00 |
| SB | Bailey, Scott | PARALEGAL | $195.00 | $195.00 | 9.10 | | $1,774.50 |
| JPB | Pinkerton-Burke, Jennifer | PARALEGAL | $195.00 | $195.00 | 3.00 | | $585.00 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $195.00 | | 36.30 | | $7,078.50 |
| | | | | | % of Total: 9.15% | % of Total: | 4.88% |
| | Total No. of Billers: 14 | Blended Rate for Report: | $365.73 | | 396.80 | | $145,122.50 |

EXHIBIT J

LSK&S RETENTION/COMPENSATION

Levine Sullivan Koch & Schulz, L.L.P.

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Berlin, S | 4.60 | 2,047.00 |
| Jones, S | 17.10 | 4,959.00 |
| Kelley, M | 4.50 | 877.50 |
| Penchina, R | 0.60 | 267.00 |
| Pinkerton-Burke, J | 2.90 | 565.50 |
| | 29.70 | $8,716.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune - Fee Application | 24.60 | 7,571.50 |
| Tribune - General | 5.10 | 1,144.50 |
| | 29.70 | $8,716.00 |

EXHIBIT J

LSK&S RETENTION/COMPENSATION

Levine Sullivan Koch & Schulz, L.L.P.

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 06/01/11 Wed | Jones, S 844/66 | 2.10 | 2.10 | 609.00 | | F | 1 | MATTER NAME: Tribune - Fee Application<br>DRAFT AND REVISE NINTH MONTHLY FEE APPLICATION FOR SUBMISSION TO BANKRUPTCY COURT. |
| 06/02/11 Thu | Berlin, S 844/67 | 0.50 | 0.50 | 222.50 | | F | 1 | MATTER NAME: Tribune - Fee Application<br>REVIEW AND REVISE NINTH MONTHLY FEE APPLICATION. |
| 06/02/11 Thu | Jones, S 844/68 | 1.00 | 1.00 | 290.00 | | F | 1 | MATTER NAME: Tribune - Fee Application<br>FINALIZE REVISIONS AND FILE NINTH MONTHLY FEE APPLICATION. |
| 06/02/11 Thu | Pinkerton-Burke, J 844/69 | 0.40 | 0.40 | 78.00 | | F | 1 | MATTER NAME: Tribune - Fee Application<br>REVIEW AND REVISE NINTH MONTHLY FEE APPLICATION FOR ACCURACY. |
| 06/03/11 Fri | Berlin, S 844/70 | 0.40 | 0.40 | 178.00 | | F | 1 | MATTER NAME: Tribune - Fee Application<br>ANALYZE PRELIMINARY REPORT RECEIVED FROM A. DALTON REGARDING QUARTERLY FEE APPLICATION. |
| 06/03/11 Fri | Jones, S 844/71 | 0.40 | 0.40 | 116.00 | | F | 1 | MATTER NAME: Tribune - Fee Application<br>REVIEW EXPENSE BACKUP AND LEDES FILES FOR SUBMISSION TO FEE EXAMINER. |
| 06/06/11 Mon | Berlin, S 844/72 | 0.60 | 0.60 | 267.00 | 0.40<br>0.20 | F<br>F | 1<br>2 | MATTER NAME: Tribune - Fee Application<br>BEGIN TO FORMULATE RESPONSE TO PRELIMINARY REPORT RECEIVED FROM A. DALTON REGARDING FIRST AND SECOND QUARTERLY FEE APPLICATIONS (.4);<br>EXCHANGE EMAIL WITH A. DALTON REGARDING SAME (.2). |
| 06/20/11 Mon | Kelley, M 937/1 | 4.50 | 4.50 | 877.50 | | F | 1 | MATTER NAME: Tribune - General<br>REVIEW REQUEST FOR AUDIT STATUS UPDATE AND ACTIVITY IN REPORTED MATTERS TO DETERMINE SCOPE OF RESPONSE NECESSARY. |
| 06/20/11 Mon | Penchina, R 937/2 | 0.20 | 0.20 | 89.00 | | F | 1 | MATTER NAME: Tribune - General<br>REVISE AUDIT RESPONSE. |
| 06/24/11 Fri | Jones, S 844/73 | 0.60 | 0.60 | 174.00 | | F | 1 | MATTER NAME: Tribune - Fee Application<br>REVIEW FEE EXAMINER'S PRELIMINARY REPORT AND SUPPORTING DOCUMENTS IN PREPARATION FOR WRITTEN RESPONSE. |
| 06/29/11 Wed | Berlin, S 844/74 | 1.60 | 1.60 | 712.00 | 0.50<br>0.50<br>0.60 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: Tribune - Fee Application<br>REVIEW AND REVISE TENTH MONTHLY REPORT (.5);<br>REVIEW AND REVISE FOURTH QUARTERLY REPORT (.5);<br>REVIEW AND REVISE CORRESPONDENCE TO A. DALTON REGARDING FIRST AND SECOND QUARTERLY FEE REPORTS AND EXHIBIT, AND REVIEW REPORT IN CONNECTION WITH SAME (.6). |
| 06/29/11 Wed | Jones, S 844/75 | 3.40 | 3.40 | 986.00 | 1.40<br>2.00 | F<br>F | 1<br>2 | MATTER NAME: Tribune - Fee Application<br>DRAFT WRITTEN RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT (1.4);<br>DRAFT AND REVISE TENTH MONTHLY FEE APPLICATION AND FOURTH QUARTERLY FEE APPLICATION FOR SUBMISSION TO BANKRUPTCY COURT (2.0). |

~ See the last page of exhibit for explanation

EXHIBIT J

LSK&S RETENTION/COMPENSATION

Levine Sullivan Koch & Schulz, L.L.P.

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 06/29/11 Wed | Pinkerton-Burke, J 844/76 | 1.70 | 1.70 | 331.50 | 0.60 0.30 0.80 | F F F | 1 2 3 | MATTER NAME: Tribune - Fee Application PREPARATION OF CHART OF EXPENSE ITEMS IN RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT (.6); REVIEW AND REVISE TENTH MONTHLY FEE APPLICATION FOR ACCURACY (.3); REVIEW AND REVISE FOURTH QUARTERLY FEE APPLICATION FOR ACCURACY (.8). |
| 06/30/11 Thu | Berlin, S 844/78 | 0.90 | 0.90 | 400.50 | | F | 1 | MATTER NAME: Tribune - Fee Application REVIEW, REVISE AND FORWARD RESPONSE TO A. DALTON AND ACCOMPANYING CHART. |
| 06/30/11 Thu | Jones, S 844/77 | 3.70 | 3.70 | 1,073.00 | 2.50 1.00 0.20 | F F F | 1 2 3 | MATTER NAME: Tribune - Fee Application REVISE RESPONSE TO FEE EXAMINER'S REPORT AND SUPPORTING DOCUMENTATION (2.5); REVISE TENTH MONTHLY FEE APPLICATION FOR SUBMISSION TO BANKRUPTCY COURT AND CORRESPOND WITH LOCAL BANKRUPTCY COUNSEL AND FEE EXAMINER REGARDING SAME (1.0); CORRESPOND WITH CLIENT REGARDING CERTIFICATE OF NO OBJECTIONS (.2). |
| 07/08/11 Fri | Jones, S 1066/58 | 0.40 | 0.40 | 116.00 | | F | 1 | MATTER NAME: Tribune - Fee Application REVIEW FOURTH QUARTERLY FEE APPLICATION AND COMMUNICATE WITH LOCAL COUNSEL REGARDING SERVICE AND FILING. |
| 07/25/11 Mon | Jones, S 1066/59 | 0.40 | 0.40 | 116.00 | | F | 1 | MATTER NAME: Tribune - Fee Application CORRESPOND WITH LOCAL COUNSEL AND CLIENT REGARDING CERTIFICATE OF NO OBJECTION. |
| 07/27/11 Wed | Jones, S 1066/60 | 2.80 | 2.80 | 812.00 | | F | 1 | MATTER NAME: Tribune - Fee Application DRAFT ELEVENTH MONTHLY FEE APPLICATION FOR FEES AND EXPENSES AND REVIEW INVOICES REGARDING SAME. |
| 07/28/11 Thu | Pinkerton-Burke, J 1066/61 | 0.80 | 0.80 | 156.00 | | F | 1 | MATTER NAME: Tribune - Fee Application REVIEW AND REVISE ELEVENTH MONTHLY FEE APPLICATION FOR ACCURACY. |
| 07/31/11 Sun | Berlin, S 1066/62 | 0.40 | 0.40 | 178.00 | | F | 1 | MATTER NAME: Tribune - Fee Application REVIEW AND REVISE ELEVENTH MONTHLY FEE APPLICATION AND EXHIBITS TO SAME. |
| 08/01/11 Mon | Jones, S 1329/45 | 1.50 | 1.50 | 435.00 | | F | 1 | MATTER NAME: Tribune - Fee Application REVISE AND FILE ELEVENTH MONTHLY FEE APPLICATION WITH LOCAL BANKRUPTCY COUNSEL AND CORRESPOND WITH FEE EXAMINER REGARDING LEDES FILES. |
| 08/09/11 Tue | Berlin, S 1329/46 | 0.20 | 0.20 | 89.00 | | F | 1 | MATTER NAME: Tribune - Fee Application RESPOND TO EMAIL INQUIRY FROM CLIENT. |
| 08/16/11 Tue | Jones, S 1329/47 | 0.50 | 0.50 | 145.00 | | F | 1 | MATTER NAME: Tribune - Fee Application REVIEW FEE EXAMINER'S FINAL REPORT. |
| 08/24/11 Wed | Penchina, R 1355/3 | 0.40 | 0.40 | 178.00 | | F | 1 | MATTER NAME: Tribune - General REVIEW INVOICE FOR PRIVILEGE. |

~  See the last page of exhibit for explanation

EXHIBIT J

LSK&S RETENTION/COMPENSATION

Levine Sullivan Koch & Schulz, L.L.P.

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 08/26/11 | Jones, S | 0.30 | 0.30 | 87.00 | | F | 1 | *MATTER NAME: Tribune - Fee Application*<br>EXCHANGE CORRESPONDENCE WITH LOCAL BANKRUPTCY COUNSEL AND CLIENT REGARDING CERTIFICATE OF NO OBJECTION OF ELEVENTH MONTHLY FEE APPLICATION AND PAYMENT PROCESSING. |
| Fri | 1329/48 | | | | | | | |

| | | | HOURS | FEES |
|---|---|---|-------|------|
| Total | | | 29.70 | $8,716.00 |
| Number of Entries: | 25 | | | |

EXHIBIT J

LSK&S RETENTION/COMPENSATION

Levine Sullivan Koch & Schulz, L.L.P.


SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Berlin, S | 4.60 | 2,047.00 |
| Jones, S | 17.10 | 4,959.00 |
| Kelley, M | 4.50 | 877.50 |
| Penchina, R | 0.60 | 267.00 |
| Pinkerton-Burke, J | 2.90 | 565.50 |
| | 29.70 | $8,716.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune - Fee Application | 24.60 | 7,571.50 |
| Tribune - General | 5.10 | 1,144.50 |
| | 29.70 | $8,716.00 |


(-) REASONS FOR TASK HOUR ASSIGNMENTS
F        FINAL BILL