## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### FEE EXAMINER'S FINAL REPORT REGARDING THE
### ELEVENTH INTERIM FEE APPLICATION OF REED SMITH LLP

Stuart Maue (the **"Fee Examiner"**) submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the **"Fee Examiner Order"**) in connection with the *Eleventh Interim Fee Application of Reed Smith LLP* [Docket No. 9969] (the **"Fee Application"**). The Fee Application seeks

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

approval of fees that total $152,288.25 and reimbursement of expenses that total $1,748.91 for

the period from June 1, 2011 through August 31, 2011.  Reed Smith LLP ("**Reed Smith**") serves

as special counsel for certain insurance matters to the Debtors and Debtors-in-Possession.

## Background

1.     On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed

subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each commenced

with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  Under this Court's

*Order Directing Joint Administration Chapter 11 Cases* dated December 10, 2009 [Docket

No. 43], these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy

Rules.

2.     On December 26, 2008, the Debtors filed their *Application for an Order*

*Authorizing Debtors and Debtors in Possession to Employ and Retain Reed Smith LLP as*

*Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc*

*Pro Tunc to the Petition Date* [Docket No. 145] (the "**Retention Application**").  By order dated

February 3, 2009, this Court approved the retention of Reed Smith [Docket No. 326] (the

"**Retention Order**").

3.     Reed Smith submitted the Fee Application pursuant to the *Order Establishing*

*Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and*

*Committee Members under 11 U.S.C. §§ 105(a) and 331* [Docket No. 225] (the "**Interim**

**Compensation Order**").

## Applicable Standards

4.     In light of the size and complexity of these Chapter 11 cases, this Court appointed

the Fee Examiner "to act as a special consultant to the Court for professional fee and expense

analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.      The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**").  In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*.  In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect

to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

7.     A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.     The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to Reed Smith for review and comment. The firm submitted a written response to the Fee Examiner. After evaluation and consideration of the additional information provided by Reed Smith, the Fee Examiner submits this Final Report for the Court's consideration. This Final Report is in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of the applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and will also inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

## Discussion of Finding

9.    **Reconciliation of Fees and Expenses.**  The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**").  The Fee Examiner determined that the Fees Requested exceed the Fees Computed by $17.00, resulting in an apparent overcharge.  The discrepancy is the result of task hours within one entry that does not equal the time billed for the entry as a whole, which was displayed in **Exhibit A** to the Preliminary Report.  The Fee Examiner invited comment from the firm.  The firm agreed with the inadvertent overcharge, which results in a fee reduction of $17.00.  Exhibit A is omitted from this Report.

The Fee Examiner further determined that there was no discrepancy between the Expenses Requested and the Expenses Computed.   The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

10.    **Block Billing.**[2]  The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii).*  The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST*

---

[2] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing.  Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry.  As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry.  This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

*Guidelines* ¶(b)(4)(v).[3]    The Delaware Bankruptcy Court has found that time entries that generally only combine work on one issue, and a conference/communication with the client or opposing counsel on the same issue, while technically blocked billing, will not be objectionable.[4] Reed Smith block billed entries totaling 11.40 hours and $7,086.00 in associated fees, which were displayed in **Exhibit B** to the Preliminary Report.[5]    Based upon the precedent established by this Court, however, the Fee Examiner finds that the firm's block billed entries are not objectionable.    Exhibit B is omitted from this Report.

11.    **Time Increments.**    The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*.    The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*.    Reed Smith complied with the applicable rules regarding time increments.

### Review of Fees

12.    **Firm Staffing.**    The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably

---

[3] The judicial response to block billing varies.    Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g., In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g., In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).    Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

[4] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

[5] This Final Report includes exhibits that detail and support the findings discussed herein.    Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit.    The tasks included in a specific category are underlined in the fee exhibits.    For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*.  The

Fee Application provided the names, positions, and hourly rates of the 16 Reed Smith

professionals and paraprofessionals who billed to this matter, consisting of 6 partners,

4 associates, 3 paralegals, 1 litigation support analyst, 1 practice group specialist, and 1 case

assistant.  A summary of hours and fees billed by each timekeeper is displayed in **Exhibit C**.

The firm billed a total of 339.85 hours with associated fees of $152,271.25.[6]   The

following table displays the hours and fees computed by timekeeper position and the percentage

of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 193.40 | 57% | $109,454.00 | 72% |
| Associate | 76.30 | 22% | 30,409.50 | 20% |
| Paralegal | 14.40 | 4% | 3,736.00 | 2% |
| Litigation Support Analyst | 0.40 | * | 104.00 | * |
| Practice Group Specialist | 42.40 | 12% | 7,208.00 | 5% |
| Case Assistant | 12.95 | 4% | 1,359.75 | * |
| **TOTAL** | 339.85 | 100% | $152,271.25 | 100% |

* Less than 1%

The blended hourly rate for the Reed Smith professionals is $518.59 and the blended hourly rate

for professionals and paraprofessionals is $448.05.

13.    **Hourly Rate Increases.**   Reed Smith did not increase the hourly rates of firm

timekeepers during this interim period.

14.    **Timekeepers' Roles.**   A court may not allow compensation of fees for

duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*.  With this directive in mind, the Fee

Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to

the representation, including a comparison to others' efforts.  On the whole, each Reed Smith

timekeeper appeared to perform either core team responsibilities necessary to the engagement; or

---

[6] This amount reflects the Fees Computed.

performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

15.    **Meetings, Conferences, Hearings, and Other Events.** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v).* While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two Reed Smith timekeepers attended the same meeting, conference, hearing, or other event. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 5.30 hours with $2,721.50 in associated fees, were displayed in **Exhibit D** to the Preliminary Report. In each instance where multiple timekeepers attended a meeting, conference, hearing or other event, Stuart Maue identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.,* the attorney leading rather than observing a conference). The potentially duplicative and unnecessary timekeepers' entries total 2.60 hours with $1,229.50 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner noted that Reed Smith reduced the number of nonfirm multiple attendances from the prior interim period. Reed Smith also provided detailed explanations as to each of the questioned entries and timekeepers, which provided extensive information regarding the necessity and appropriateness

of the billing entries that were questioned. After due consideration of Reed Smith's informative response, the Fee Examiner makes no recommendation for a fee reduction. Exhibit D is omitted from this report.

16. **Intraoffice Conferences.** Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified intraoffice conferences totaling 37.80 hours with $18,618.50 in associated fees, or approximately 12% of the Fees Computed as were displayed in **Exhibit E** to the Preliminary Report. This percentage represents a substantial increase from the prior interim period where intraoffice conferences comprised only 3% of the Fees Computed. The Fee Examiner observed that in certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference. The entries describing intraoffice conferences invoiced by two or more firm personnel total 27.40 hours with $13,729.50 in associated fees and are highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested the firm explain the drastic increase in intraoffice conferencing, as well as the necessity of more than one participant billing for the same intraoffice conference.

In response, Reed Smith provided additional detail (overall and for each conference) regarding the necessity and appropriateness of the questioned intraoffice conferences. The firm also stated that its substantial involvement, during this period, in achieving settlements of the underlying Neil ERISA class action litigation and related IRS and DOL claims resulted in increased meetings and conferences, etc. Furthermore, Reed Smith urged that it properly staffed the Tribune matters and did not engage in unnecessary internal conferencing. Considering the firm's informative response, the Fee Examiner makes no recommendation for a fee reduction. Exhibit E is omitted from this report.

17.  **Complete and Detailed Task Descriptions.**  Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary."  The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix).*  The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.  Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v).*

a.  **Vague Communications.**  The Fee Examiner identified entries totaling 10.30 hours with $5,315.50 in associated fees in which a conference or other communication did not identify the contact(s) or subject of the communication.  This lack of detail hinders a reviewer's ability to determine the reasonableness and necessity of the activity, and is in clear violation of the applicable guidelines.  The entries were displayed in **Exhibit F** to the Preliminary Report. The Fee Examiner requested Reed Smith provide the missing subject matter and/or participant information for each entry, as required by the Guidelines.  Reed Smith provided the missing detail for each questioned entry; as such the Fee Examiner makes no recommendation for a fee reduction.  Exhibit F is omitted from this Report.

b.  **Vague Tasks.**  The Fee Examiner reviewed the substantive detail of each billing entry and identified 7.80 hours with $4,260.00 in associated fees where the Fee Examiner

could not determine the precise nature of the services performed by the timekeeper.  The entries were displayed in **Exhibit G** to the Preliminary Report.  As reflected in the Local Rules and UST Guidelines, billing entries must adequately describe the services actually performed to allow a determination of whether the task was staffed appropriately, whether the task involved the exercise of legal judgment, and/or whether the task was duplicated by other timekeepers.[7]  For example, Reed Smith's timekeepers described the activity performed as "followed up," "attention to," or "worked on."  Such narratives fail to sufficiently describe the activity performed and frustrate a reviewer's ability to fully evaluate the work.  The Fee Examiner requested the firm provide sufficient detail for the entries in question.  Reed Smith provided the missing detail for each questioned task; as such the Fee Examiner makes no recommendation for a fee reduction.  Exhibit G is omitted from this Report.

18.    **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.    The Fee Examiner identified several fee entries describing the administrative tasks of reviewing, revising and communicating regarding timekeepers' invoices.  The questioned tasks totaling 15.50 hours with related fees of $5,550.00 were displayed in **Exhibit H** to the Preliminary Report.  Reed Smith explained the unique nature and purpose of the tasks, and why legal acumen was required to accomplish those tasks.  The Fee Examiner agrees and, as such, no fee reduction is warranted.  Exhibit H is omitted from this Final Report.

---

[7] Vague entries do not allow the court to determine the reasonableness and necessity of the effort expended, and fees may be denied or reduced when insufficiently documented. *E.g.*, *In re Bennett Funding, Inc.*, 213 B.R. 234, 245-46 (Bankr. N.D.N.Y. 1997).  Entries for legal research must identify the issue and explain the research need.  *In re Fibermark, Inc.*, 349 B.R. 385, 397 (Bankr. D. Vt. 2006).

19.    **Clerical Activities.**  Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel.[8] The Fee Examiner identified entries describing apparent clerical tasks, including but not limited to organizing files (*e.g.*, "review and catalog case correspondence"), preparing service labels, and retrieving documents from files.  The questioned entries were displayed in **Exhibit I** to the Preliminary Report and totaled 17.05 hours with $2,026.75 in associated fees.  The Fee Examiner has applied and this Court has followed the practice of recommending that clerical activities be paid at the rate of $80.00 per hour.  The Fee Examiner invited comment from the firm.  Reed Smith agreed with the classification of the entries, which results in a fee reduction of $662.75. Exhibit I is omitted from this Final Report.

20.    **Travel.**  The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii).*  Reed Smith did not invoice to travel during the current interim period.

21.    **Reed Smith Retention/Compensation.**    Reed Smith billed 79.60 hours with associated fees of $24,365.50 to prepare the firm's retention documents and applications for compensation, which computes to approximately 16% of the Fees Computed.  The fee entries describing Reed Smith's retention/compensation activities are displayed in **Exhibit J**, which is included in the Final Report for the Court's reference.

---

[8] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates).  These overhead activities may include: mailing; photocopying; word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

## **Review of Expenses**

22.    **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii).*  The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii).*  On the whole, Reed Smith provided an itemization for its expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

23.    **Photocopies.**  The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii).*  Reed Smith stated in the Application that the firm's rate for duplication is $0.10 per page.

24.    **Taxi Expenses.**   The Fee Examiner requested Reed Smith verify the taxi expenses were travel related and that it provide receipts or other supporting documentation.  The questioned taxi charges were displayed in **Exhibit K**.  Reed Smith verified that the taxi expenses were related to travel, and provided the requested supporting documentation.  Exhibit K is omitted from this Final Report.

## CONCLUSION

The Fee Examiner submits this final report regarding Reed Smith's Application and the fees and expenses discussed above. The Fee Examiner recommends approval of fees that total $151,608.50 ($152,288.25 minus $679.75) and reimbursement of expenses that total $1,748.91 for the period from June 1, 2011 through August 31, 2011. The findings are set forth in the summary on the following page.

**REED SMITH LLP**

**SUMMARY OF FINDINGS**

**Eleventh Interim Fee Application (June 1, 2011 through August 31, 2011)**

**A.**   **Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $152,288.25 | |
| Expenses Requested | 1,748.91 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $154,037.16 |
| | | |
| Fees Computed | $152,271.25 | |
| Expenses Computed | 1,748.91 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $154,020.16 |
| | | |
| Discrepancy in Fees | $      17.00 | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $      17.00 |

**B.**   **Recommended Fee Allowance and Expense Reimbursement**

| | | |
|---|---|---|
| Fees Requested | $152,288.25 | |
| *Discrepancy in Fees* | | *($ 17.00)* |
| *Agreed Reduction for Clerical Activities* | | *(662.75)* |
| Subtotal | | *($679.75)* |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $151,608.50 |
| | | |
| Expenses Requested | $1,748.91 | |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 1,748.91 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $153,357.41 |

Respectfully submitted,

**STUART MAUE**

By: _____

    John F. Theil, Esq.
    3840 McKelvey Road
    St. Louis, Missouri  63044
    Telephone:  (314) 291-3030
    Facsimile:  (314) 291-6546
    tribunebkr@smmj.com

    *Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 25th day of September, 2012.

David Klauder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
William E. Chipman Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

John D. Shugrue, Esq.
Partner
Reed Smith LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606-7507

_____
John F. Theil, Esq.

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

### Reed Smith LLP

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| JDS | Shugrue, John D. | PARTNER | $560.00 | $560.00 | 89.00 | $49,840.00 |
| AJM | Moss, J. Andrew | PARTNER | $520.00 | $520.00 | 62.40 | $32,448.00 |
| RPL | Lewis Jr., Richard P. | PARTNER | $645.00 | $645.00 | 19.20 | $12,384.00 |
| SAM | Miller, Steven A. | PARTNER | $690.00 | $690.00 | 17.80 | $12,282.00 |
| PRW | Walker-Bright, Paul R. | PARTNER | $535.00 | $535.00 | 2.50 | $1,337.50 |
| TPL | Law, Timothy P. | PARTNER | $465.00 | $465.00 | 2.50 | $1,162.50 |
| No. of Billers for Position: 6 | | Blended Rate for Position: | $565.95 | | 193.40 | $109,454.00 |
| | | | | % of Total: | 56.91% | % of Total: 71.88% |
| LJR | Raines, Lana J. | ASSOCIATE | $450.00 | $450.00 | 38.40 | $17,280.00 |
| CMC | Crosier, Clinton M. | ASSOCIATE | $345.00 | $345.00 | 28.70 | $9,901.50 |
| DR | Rosenfield, David M. | ASSOCIATE | $325.00 | $325.00 | 6.40 | $2,080.00 |
| JCF | Falgowski, J. Cory | ASSOCIATE | $410.00 | $410.00 | 2.80 | $1,148.00 |
| No. of Billers for Position: 4 | | Blended Rate for Position: | $398.55 | | 76.30 | $30,409.50 |
| | | | | % of Total: | 22.45% | % of Total: 19.97% |
| EMC | Callahan, Eileen | PARALEGAL | $285.00 | $285.00 | 7.60 | $2,166.00 |
| JBL | Lord, John B. | PARALEGAL | $270.00 | $270.00 | 4.90 | $1,323.00 |
| SS | Somoza, Silvia | PARALEGAL | $130.00 | $130.00 | 1.90 | $247.00 |
| No. of Billers for Position: 3 | | Blended Rate for Position: | $259.44 | | 14.40 | $3,736.00 |
| | | | | % of Total: | 4.24% | % of Total: 2.45% |
| JML | Livingston, Judith M. | LIT SUPP ANALYS | $260.00 | $260.00 | 0.40 | $104.00 |
| No. of Billers for Position: 1 | | Blended Rate for Position: | $260.00 | | 0.40 | $104.00 |
| | | | | % of Total: | 0.12% | % of Total: 0.07% |
| LL | Lankford, Lisa A. | PRAC GROUP SPEC | $170.00 | $170.00 | 42.40 | $7,208.00 |

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

### Reed Smith LLP

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| | No. of Billers for Position: 1 | Blended Rate for Position: | $170.00 | | 42.40 | $7,208.00 |
| | | | | | % of Total: 12.48% | % of Total: 4.73% |
| LH | Hamilton, Lamont D. | CASE ASSISTANT | $105.00 | $105.00 | 12.95 | $1,359.75 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $105.00 | | 12.95 | $1,359.75 |
| | | | | | % of Total: 3.81% | % of Total: 0.89% |
| | Total No. of Billers: 16 | Blended Rate for Report: | $448.05 | | 339.85 | $152,271.25 |

EXHIBIT J

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Falgowski, J | 2.80 | 1,148.00 |
| Hamilton, L | 0.50 | 52.50 |
| Lankford, L | 42.40 | 7,208.00 |
| Lord, J | 4.90 | 1,323.00 |
| Raines, L | 14.60 | 6,570.00 |
| Shugrue, J | 14.40 | 8,064.00 |
| | 79.60 | $24,365.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Applications | 79.60 | 24,365.50 |
| | 79.60 | $24,365.50 |

EXHIBIT J

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 06/01/11 Wed | Falgowski, J 2148070-9/83 | 0.30 | 0.30 | 123.00 | | | 1 | MATTER NAME: *Fee Applications* <br> MET WITH L. LANKFORD REGARDING INVOICES FOR SUBMISSION WITH FEE APPLICATIONS. |
| 06/01/11 Wed | Lankford, L 2148070-9/82 | 1.60 | 1.60 | 272.00 | 0.70 <br> 0.30 <br> 0.30 <br> 0.30 | F <br> F <br> F <br> F | 1 <br> 2 <br> 3 <br> 4 | MATTER NAME: *Fee Applications* <br> DRAFTED RS'S 27TH MONTHLY FEE APPLICATION (.7); <br> E-MAIL CORRESPONDENCE WITH J. SHUGRUE, L. RAINES REGARDING RS'S 26TH MONTHLY FEE APPLICATION INVOICE (.3); <br> PHONE CONFERENCE WITH L. RAINES REGARDING SAME (.3); <br> CONFERRED WITH C. FALGOWSKI REGARDING STATUS UPDATE REGARDING INVOICES (.3). |
| 06/01/11 Wed | Raines, L 2148070-9/84 | 0.70 | 0.70 | 315.00 | 0.40 <br> 0.30 | F <br> F | 1 <br> 2 | MATTER NAME: *Fee Applications* <br> REVIEWED L. LANKFORD REVISIONS TO APRIL INVOICE (MARCH TIME) (.4); <br> TELEPHONE CONFERENCE WITH L. LANKFORD REGARDING SAME (.3). |
| 06/01/11 Wed | Shugrue, J 2148070-9/85 | 0.80 | 0.80 | 448.00 | 0.30 <br> 0.50 | F <br> F | 1 <br> 2 | MATTER NAME: *Fee Applications* <br> ANALYZED AND EXCHANGED EMAILS WITH L. LANKFORD, L. RAINES REGARDING PREPARATION, FORMATTING OF 26TH, 27TH MONTHLY FEE APPLICATIONS (.3); <br> ANALYZED DRAFT OF 26TH MONTHLY FEE APPLICATION (.5). |
| 06/03/11 Fri | Raines, L 2148070-9/86 | 0.20 | 0.20 | 90.00 | | | 1 | MATTER NAME: *Fee Applications* <br> REVIEWED UPDATED INVOICE AND SENT SAME TO L. LANKFORD FOR FURTHER REVISION. |
| 06/07/11 Tue | Lankford, L 2148070-9/87 | 2.00 | 2.00 | 340.00 | | | 1 | MATTER NAME: *Fee Applications* <br> REVISED INVOICE PER L. RAINES INSTRUCTIONS. |
| 06/07/11 Tue | Shugrue, J 2148070-9/88 | 1.00 | 1.00 | 560.00 | | | 1 | MATTER NAME: *Fee Applications* <br> ANALYZED AND REVISED DRAFT OF 26TH MONTHLY FEE APPLICATION. |
| 06/08/11 Wed | Lankford, L 2148070-9/89 | 0.60 | 0.60 | 102.00 | 0.20 <br> 0.40 | F <br> F | 1 <br> 2 | MATTER NAME: *Fee Applications* <br> E-MAIL CORRESPONDENCE WITH J. SHUGRUE REGARDING INVOICES (.2); <br> REVIEWED EDITS TO FEE APPLICATIONS (.4). |
| 06/08/11 Wed | Shugrue, J 2148070-9/90 | 0.20 | 0.20 | 112.00 | | | 1 | MATTER NAME: *Fee Applications* <br> ANALYZED AND EXCHANGED EMAILS WITH L. LANKFORD REGARDING REVISING AND FINALIZING 26TH MONTHLY FEE APPLICATION. |
| 06/10/11 Fri | Lankford, L 2148070-9/91 | 0.50 | 0.50 | 85.00 | | | 1 | MATTER NAME: *Fee Applications* <br> REVISIONS TO RS'S 26TH MONTHLY FEE APPLICATION. |
| 06/13/11 Mon | Falgowski, J 2160138-9/52 | 0.10 | 0.10 | 41.00 | | | 1 | MATTER NAME: *Fee Applications* <br> REVIEWED FEE APPLICATIONS AND DOCKET ITEMS RELATING TO FEE APPLICATIONS. |
| 06/13/11 Mon | Raines, L 2148070-9/92 | 2.40 | 2.40 | 1,080.00 | | | 1 | MATTER NAME: *Fee Applications* <br> REVIEWED REVISED INVOICE FOR MARCH TIME AND FURTHER REVISED AND FINALIZED SAME PER CLIENT INSTRUCTIONS. |

~ See the last page of exhibit for explanation

EXHIBIT J

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 06/14/11 Tue | Falgowski, J 2148070-9/94 | 0.10 | 0.10 | 41.00 | | | 1 | MATTER NAME: Fee Applications MET WITH L. LANKFORD REGARDING 26TH MONTHLY FEE APPLICATION. |
| 06/14/11 Tue | Lankard, L 2148070-9/93 | 3.50 | 3.40 | 578.00 | 0.20 0.10 2.50 0.60 | F F F F | 1 2 3 4 | MATTER NAME: Fee Applications E-MAIL CORRESPONDENCE WITH J. SHUGRUE REGARDING RS'S 26TH MONTHLY FEE APPLICATION (.2); CONFERRED WITH C. FALGOWSKI REGARDING SAME (.1); REVIEWED INVOICE AND REVISIONS TO RS'S 26TH MONTHLY FEE APPLICATION (2.5); DRAFTED CNO TO RS'S 25TH MONTHLY FEE APPLICATION (.6). |
| 06/14/11 Tue | Shugrue, J 2148070-9/95 | 0.60 | 0.60 | 336.00 | | | 1 | MATTER NAME: Fee Applications ANALYZED AND EXCHANGED EMAILS WITH L. LANKFORD REGARDING 26TH AND 27TH MONTHLY FEE APPLICATIONS AND INVOICES, FILINGS RELATED TO SAME. |
| 06/15/11 Wed | Falgowski, J 2160138-9/53 | 0.20 | 0.20 | 82.00 | | | 1 | MATTER NAME: Fee Applications REVIEWED FEE APPLICATIONS. |
| 06/15/11 Wed | Raines, L 2148070-9/96 | 0.40 | 0.40 | 180.00 | | | 1 | MATTER NAME: Fee Applications REVIEWED AND REVISED MAY INVOICE FOR APRIL TIME AND CALLED CLIENT IN CONNECTION WITH SAME. |
| 06/15/11 Wed | Shugrue, J 2148070-9/97 | 0.20 | 0.20 | 112.00 | | | 1 | MATTER NAME: Fee Applications ANALYZED FEE APPLICATION FILINGS AND INVOICE FOR 27TH MONTHLY FEE APPLICATION. |
| 06/16/11 Thu | Lankard, L 2148070-9/98 | 6.00 | 6.00 | 1,020.00 | | | 1 | MATTER NAME: Fee Applications REVIEWIED, REVISED AND EDITED FEE APPLICATION SPREADSHEET. |
| 06/16/11 Thu | Shugrue, J 2148070-9/99 | 0.20 | 0.20 | 112.00 | | | 1 | MATTER NAME: Fee Applications ANALYZED REVISED DRAFT INVOICE FOR INCLUSION IN 27TH MONTHLY FEE APPLICATION. |
| 06/17/11 Fri | Lankard, L 2148070-9/100 | 0.50 | 0.50 | 85.00 | | | 1 | MATTER NAME: Fee Applications FOLLOW-UP WORK AND ANALYSIS REGARDING INVOICES FOR SUBMISSION WITH FEE APPLICATIONS. |
| 06/21/11 Tue | Lankard, L 2148070-9/101 | 0.30 | 0.30 | 51.00 | | | 1 | MATTER NAME: Fee Applications EMAILS WITH J. SHUGRUE REGARDING FEE APPLICATION STATUS. |
| 06/21/11 Tue | Shugrue, J 2148070-9/102 | 0.30 | 0.30 | 168.00 | | | 1 | MATTER NAME: Fee Applications ANALYZED AND EXCHANGED E-MAILS WITH L. LANKFORD REGARDING FEE APPLICATION STATUS AND FOLLOW UP ISSUES. |
| 06/22/11 Wed | Lankard, L 2148070-9/103 | 2.90 | 2.90 | 493.00 | 0.40 2.50 | F F | 1 2 | MATTER NAME: Fee Applications REVIEWED E-MAILS AND APPLICATIONS TO ALLOCATE MONTHLY'S TO QUARTERLY'S PER J. SHUGRUE (.4); ADDITIONS/REVISIONS TO FEE APPLICATION SPREADSHEET (SEPT. '10 TO MARCH '11) (2.5). |

~ See the last page of exhibit for explanation

EXHIBIT J

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 06/22/11 Wed | Shugrue, J 2148070-9/104 | 0.20 | 0.20 | 112.00 | | | 1 | MATTER NAME: *Fee Applications* <br> ANALYZED STATUS OF PREPARATION OF MONTHLY AND QUARTERLY FEE APPLICATIONS. |
| 06/23/11 Thu | Lankford, L 2148070-9/105 | 1.50 | 1.50 | 255.00 | | | 1 <br> 2 | MATTER NAME: *Fee Applications* <br> WORKED ON PREPARING LIST OF TIMEKEEPERS IN CASE; <br> DRAFTING LIST OF TIMEKEEPERS. |
| 06/27/11 Mon | Lankford, L 2148070-9/106 | 0.70 | 0.70 | 119.00 | | | 1 | MATTER NAME: *Fee Applications* <br> REVIEWED INVOICES FOR SUBMISSION WITH FEE APPLICATIONS. |
| 06/27/11 Mon | Raines, L 2148070-9/107 | 0.20 | 0.20 | 90.00 | | | 1 | MATTER NAME: *Fee Applications* <br> MET WITH J. SHUGRUE REGARDING FEE APPLICATIONS. |
| 06/27/11 Mon | Shugrue, J 2148070-9/108 | 0.70 | 0.70 | 392.00 | 0.20 <br> 0.50 | F <br> F | 1 <br> 2 | MATTER NAME: *Fee Applications* <br> CONFERRED WITH L. RAINES REGARDING STATUS OF FEE APPLICATIONS AND RELATED INVOICES (.2); <br> ANALYZED AND REVISED INVOICES IN CONNECTION WITH SAME (.5). |
| 06/28/11 Tue | Raines, L 2148070-9/109 | 1.80 | 1.80 | 810.00 | | | 1 | MATTER NAME: *Fee Applications* <br> REVISED INVOICE FOR APRIL TIME PER CLIENT INSTRUCTIONS AND FORWARDED SAME TO J. SHUGRUE. |
| 06/28/11 Tue | Shugrue, J 2148070-9/110 | 0.20 | 0.20 | 112.00 | | | 1 | MATTER NAME: *Fee Applications* <br> ANALYZED AND REVISED INVOICE IN CONNECTION WITH PREPARING MONTHLY FEE APPLICATION. |
| 06/29/11 Wed | Lankford, L 2148070-9/111 | 0.50 | 0.50 | 85.00 | | | 1 | MATTER NAME: *Fee Applications* <br> REVIEWED APRIL 2011 INVOICE. |
| 06/29/11 Wed | Raines, L 2148070-9/112 | 0.60 | 0.60 | 270.00 | 0.50 <br> 0.10 | F <br> F | 1 <br> 2 | MATTER NAME: *Fee Applications* <br> REVISED AND FINALIZED INVOICE FOR APRIL TIME (.5); <br> MET WITH J. SHUGRUE REGARDING SAME (.1). |
| 06/29/11 Wed | Shugrue, J 2148070-9/113 | 0.10 | 0.10 | 56.00 | | | 1 | MATTER NAME: *Fee Applications* <br> CONFERRED WITH L. RAINES REGARDING VARIOUS ISSUES RELATED TO FEE APPLICATIONS AND INVOICES ACCOMPANYING SAME. |
| 06/30/11 Thu | Lankford, L 2148070-9/115 | 1.30 | 1.30 | 221.00 | 0.30 <br> 1.00 | F <br> F | 1 <br> 2 | MATTER NAME: *Fee Applications* <br> E-MAIL CORRESPONDENCE TO J. SHUGRUE AND L. RAINES REGARDING RS'S 27TH MONTHLY FEE APPLICATION (.3); <br> REVISIONS TO RS'S 27TH MONTHLY FEE APPLICATION (1.0). |
| 06/30/11 Thu | Lord, J 2148070-9/114 | 0.70 | 0.70 | 189.00 | | | 1 | MATTER NAME: *Fee Applications* <br> REVIEWED AND REVISED MONTHLY FEE APPLICATION. |
| 06/30/11 Thu | Raines, L 2148070-9/116 | 0.20 | 0.20 | 90.00 | | | 1 | MATTER NAME: *Fee Applications* <br> FOLLOWED UP REGARDING PREPARATION/FILING OF INVOICE FOR MAY TIME. |

~  See the last page of exhibit for explanation

EXHIBIT J

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 06/30/11 Thu | Shugrue, J 2148070-9/117 | 0.60 | 0.60 | 336.00 | | | 1 | MATTER NAME: *Fee Applications*<br>PREPARED NARRATIVE TEXT FOR 27TH MONTHLY FEE APPLICATION. |
| 07/05/11 Tue | Falgowski, J 2160138-9/55 | 0.20 | 0.20 | 82.00 | | | 1 | MATTER NAME: *Fee Applications*<br>REVIEWED FEE APPLICATIONS. |
| 07/05/11 Tue | Lord, J 2160138-9/54 | 0.90 | 0.90 | 243.00 | | | 1 | MATTER NAME: *Fee Applications*<br>REVISED, E-FILED AND COORDINATED SERVICE OF RS APRIL MONTHLY FEE APPLICATION. |
| 07/06/11 Wed | Shugrue, J 2160138-9/56 | 0.60 | 0.60 | 336.00 | | | 1 | MATTER NAME: *Fee Applications*<br>ANALYZED AND REVISED INVOICES FOR 28TH MONTHLY FEE APPLICATION. |
| 07/11/11 Mon | Lankford, L 2160138-9/57 | 2.80 | 2.80 | 476.00 | 0.40<br>0.40<br>0.20<br>0.40<br>1.00<br>0.40 | F<br>F<br>F<br>F<br>F<br>F | 1<br>2<br>3<br>4<br>5<br>6 | MATTER NAME: *Fee Applications*<br>UPDATED FINAL FEE SPREADSHEET (.4);<br>DRAFTED RS'S 28TH MONTHLY FEE APPLICATION (.4);<br>E-MAIL CORRESPONDENCE WITH J. SHUGRUE REGARDING SAME (.2);<br>DRAFTED RS'S 10TH INTERIM FEE APPLICATION (.4);<br>ADDITIONS/CALCULATIONS TO RS'S 28TH MONTHLY FEE APPLICATION (1.0);<br>REVISIONS TO RS'S 10TH INTERIM FEE APPLICATION (.4). |
| 07/11/11 Mon | Shugrue, J 2160138-9/58 | 2.40 | 2.40 | 1,344.00 | 2.00<br>0.20<br>0.20 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: *Fee Applications*<br>WORKED ON PREPARING 28TH MONTHLY FEE APPLICATION AND REVISING INVOICES FOR INCLUSION WITH SAME (2.0);<br>WORKED ON PREPARING 10TH QUARTERLY FEE APPLICATION (.2);<br>EMAILS WITH L. LANKFORD REGARDING SAME (.2). |
| 07/12/11 Tue | Shugrue, J 2160138-9/59 | 0.50 | 0.50 | 280.00 | | | 1 | MATTER NAME: *Fee Applications*<br>PREPARED NARRATIVE TEXT FOR 28TH MONTHLY FEE APPLICATION. |
| 07/13/11 Wed | Lankford, L 2160138-9/60 | 1.60 | 1.60 | 272.00 | 0.80<br>0.10<br>0.70 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: *Fee Applications*<br>DRAFTED RS'S 29TH MONTHLY FEE APPLICATION (.8);<br>E-MAIL CORRESPONDENCE WITH J. SHUGRUE REGARDING RS'S 26TH MONTHLY & 10TH INTERIM FEE APPLICATIONS (.1);<br>REVISIONS TO SAME (.7). |
| 07/13/11 Wed | Shugrue, J 2160138-9/61 | 0.20 | 0.20 | 112.00 | | | 1 | MATTER NAME: *Fee Applications*<br>EMAILS WITH L. LANKFORD REGARDING STATUS OF FINALIZING AND FILING MONTHLY AND QUARTERLY FEE APPLICATIONS. |
| 07/14/11 Thu | Lankford, L 2160138-9/62 | 1.30 | 1.30 | 221.00 | 0.30<br>0.40<br>0.20<br>0.40 | F<br>F<br>F<br>F | 1<br>2<br>3<br>4 | MATTER NAME: *Fee Applications*<br>REVISIONS TO RS'S 28TH MONTHLY FEE APPLICATION (.3);<br>E-FILE AND SERVICE OF SAME (.4);<br>REVISIONS TO RS'S 10TH INTERIM FEE APPLICATION (.2);<br>E-FILE AND SERVICE OF SAME (.4). |

~  See the last page of exhibit for explanation

EXHIBIT J
REED SMITH RETENTION/COMPENSATION
Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 07/14/11 Thu | Shugrue, J 2160138-9/63 | 0.10 | 0.10 | 56.00 | | | 1 | MATTER NAME: *Fee Applications*<br>ANALYZED EMAILS FROM L. LANKFORD REGARDING FEE APPLICATION FILINGS. |
| 07/15/11 Fri | Lankford, L 2160138-9/64 | 1.30 | 1.30 | 221.00 | 0.50<br>0.80 | F<br>F | 1<br>2 | MATTER NAME: *Fee Applications*<br>RESEARCH REGARDING CNO'S (.5):<br>DRAFTED CNO'S TO RS'S 9TH INTERIM & 26TH MONTHLY FEE APPLICATIONS (.8). |
| 07/18/11 Mon | Lankford, L 2160138-9/65 | 0.20 | 0.20 | 34.00 | | | 1 | MATTER NAME: *Fee Applications*<br>E-MAIL CORRESPONDENCE WITH CLIENT REGARDING APRIL 2011 INVOICE. |
| 07/20/11 Wed | Lankford, L 2160138-9/66 | 1.00 | 1.00 | 170.00 | 0.30<br>0.20<br>0.10<br>0.40 | F<br>F<br>F<br>F | 1<br>2<br>3<br>4 | MATTER NAME: *Fee Applications*<br>E-MAIL CORRESPONDENCE WITH J. SHUGRUE REGARDING JUNE 2011 INVOICE (.3):<br>REVISIONS TO CNO'S (.2):<br>PREPARED SERVICE LABELS FOR SAME (.1):<br>E-FILED AND SERVED SAME (.4). |
| 07/20/11 Wed | Shugrue, J 2160138-9/67 | 0.20 | 0.20 | 112.00 | | | 1 | MATTER NAME: *Fee Applications*<br>EMAILS WITH L. LANKFORD REGARDING 29TH MONTHLY FEE APPLICATION. |
| 07/29/11 Fri | Hamilton, L 2160138-9/68 | 0.50 | 0.50 | 52.50 | | | 1 | MATTER NAME: *Fee Applications*<br>REVIEWED AND CATALOGED MONTHLY FEE APPLICATIONS. |
| 07/29/11 Fri | Shugrue, J 2160138-9/69 | 1.10 | 1.10 | 616.00 | | | 1 | MATTER NAME: *Fee Applications*<br>ANALYZED AND PREPARED INVOICES FOR 29TH MONTHLY FEE APPLICATION. |
| 08/02/11 Tue | Raines, L 2175099-9/43 | 0.10 | 0.10 | 45.00 | | | 1 | MATTER NAME: *Fee Applications*<br>EMAILS WITH J. SHUGRUE REGARDING FEE APPLICATION. |
| 08/02/11 Tue | Shugrue, J 2175099-9/44 | 0.10 | 0.10 | 56.00 | | | 1 | MATTER NAME: *Fee Applications*<br>ANALYZED AND EXCHANGED EMAILS WITH L. RAINES REGARDING 29TH MONTHLY FEE APPLICATION. |
| 08/03/11 Wed | Lankford, L 2175099-9/45 | 1.00 | 1.00 | 170.00 | 0.40<br>0.20<br>0.10<br>0.30 | F<br>F<br>F<br>F | 1<br>2<br>3<br>4 | MATTER NAME: *Fee Applications*<br>DRAFTING CNO TO RS'S 27TH MONTHLY FEE APPLICATION (.4).<br>PREPARE SERVICE LIST/LABELS (.2):<br>E-MAIL CORRESPONDENCE REGARDING RS'S 29TH MONTHLY FEE APPLICATION (.1):<br>E-FILE AND SERVICE OF CNO TO RS'S 27TH MONTHLY FEE APPLICATION (.3). |
| 08/03/11 Wed | Raines, L 2175099-9/46 | 3.50 | 3.50 | 1,575.00 | | | 1 | MATTER NAME: *Fee Applications*<br>REVISED INVOICE FOR JUNE TIME PER CLIENT INSTRUCTIONS AND FOLLOWED UP REGARDING SAME. |
| 08/08/11 Mon | Falgowski, J 2175099-9/48 | 0.20 | 0.20 | 82.00 | | | 1 | MATTER NAME: *Fee Applications*<br>REVIEW OF FEE APPLICATIONS |

~ See the last page of exhibit for explanation

EXHIBIT J
REED SMITH RETENTION/COMPENSATION
Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 08/08/11 Mon | Lankford, L 2175099-9/47 | 0.50 | 0.50 | 85.00 | | | 1 | MATTER NAME: Fee Applications REVISIONS TO RS'S 29TH MONTHLY FEE APPLICATION. |
| 08/08/11 Mon | Shugrue, J 2175099-9/49 | 0.40 | 0.40 | 224.00 | 0.20 0.20 | F F | 1 2 | MATTER NAME: Fee Applications WORKED ON FINALIZING 29TH MONTHLY FEE APPLICATION (.2); ANALYZED FEE EXAMINER'S FINAL RECOMMENDATIONS REGARDING 7TH INTERIM FEE APPLICATION (.2). |
| 08/09/11 Tue | Lankford, L 2175099-9/50 | 0.60 | 0.60 | 102.00 | 0.60 | F | 1 | MATTER NAME: Fee Applications REVISIONS TO RS'S 29TH MONTHLY FEE APPLICATION (.6); |
| 08/10/11 Wed | Lankford, L 2175099-9/51 | 1.90 | 1.90 | 323.00 | 0.30 0.80 0.80 | F F F | 1 2 3 | MATTER NAME: Fee Applications REVISIONS TO RS'S 29TH MONTHLY FEE APPLICATION (.3); E-FILE AND SERVICE OF SAME (.8); DRAFTING CNO'S TO RS'S 28TH MONTHLY & 10TH INTERIM FEE APPLICATIONS (.8). |
| 08/11/11 Thu | Lankford, L 2175099-9/52 | 1.80 | 1.80 | 306.00 | 0.90 0.90 | F F | 1 2 | MATTER NAME: Fee Applications E-FILE AND SERVICE OF CNO'S TO RS'S 28TH MONTHLY & 10TH INTERIM FEE APPLICATIONS (.9); DRAFTING RS'S 30TH MONTHLY FEE APPLICATION (.9). |
| 08/11/11 Thu | Shugrue, J 2175099-9/53 | 0.50 | 0.50 | 280.00 | | | 1 | MATTER NAME: Fee Applications ANALYZED AND PREPARED INVOICE MATERIALS FOR 30TH MONTHLY FEE APPLICATION. |
| 08/16/11 Tue | Falgowski, J 2175099-9/55 | 0.20 | 0.20 | 82.00 | | | 1 | MATTER NAME: Fee Applications COMMUNICATIONS WITH J. SHUGRUE REGARDING SUPPLEMENTAL DECLARATION RELATING TO RETENTION AS SPECIAL COUNSEL. |
| 08/16/11 Tue | Lankford, L 2175099-9/54 | 0.80 | 0.80 | 136.00 | | | 1 | MATTER NAME: Fee Applications REVIEWING FEE APPLICATION AND INTERIM ORDER. |
| 08/16/11 Tue | Shugrue, J 2175099-9/56 | 0.40 | 0.40 | 224.00 | 0.20 0.20 | F F | 1 2 | MATTER NAME: Fee Applications EMAILS WITH C. FALGOWSKI REGARDING SUPPLEMENTAL DISCLOSURE DOCUMENT (.2); ANALYZED COURT ORDER REGARDING PAYMENT OF FEES IN CONNECTION WITH 4TH INTERIM FEE APPLICATION (.2). |
| 08/17/11 Wed | Lord, J 2175099-9/57 | 1.80 | 1.80 | 486.00 | | | 1 | MATTER NAME: Fee Applications RESEARCHED AND DRAFTED SUPPLEMENTAL DISCLOSURE OF J. SHUGRUE PER J.FALGOWSKI. |
| 08/19/11 Fri | Falgowski, J 2175099-9/59 | 1.00 | 1.00 | 410.00 | 0.90 0.10 | F F | 1 2 | MATTER NAME: Fee Applications DRAFTED SUPPLEMENTAL DECLARATION RELATING TO REED SMITH RETENTION PER RULE 2014 (.9); COMMUNICATIONS WITH J. LORD REGARDING SAME (.1). |
| 08/19/11 Fri | Lord, J 2175099-9/58 | 0.60 | 0.60 | 162.00 | 0.10 0.30 0.20 | F F F | 1 2 3 | MATTER NAME: Fee Applications COMMUNICATED WITH C. FALGOWSKI REGARDING J. SHUGRUE DECLARATION (.1); REVIEWED AND REVISED SAME (.3); E-MAIL TO E. SCHAFFER REGARDING ADDITIONAL DISCLOSURES (.2). |

~ See the last page of exhibit for explanation

EXHIBIT J
REED SMITH RETENTION/COMPENSATION
Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 08/22/11 Mon | Lankford, L 2175099-9/60 | 0.20 | 0.20 | 34.00 | | | 1 | MATTER NAME: Fee Applications EMAILS WITH J. SHUGRUE AND L. RAINES REGARDING 30TH MONTHLY. |
| 08/22/11 Mon | Raines, L 2175099-9/61 | 0.20 | 0.20 | 90.00 | | | 1 | MATTER NAME: Fee Applications EMAILS WITH J. SHUGRUE, L. LANKFORD REGARDING FEE APPLICATION. |
| 08/22/11 Mon | Shugrue, J 2175099-9/62 | 0.20 | 0.20 | 112.00 | | | 1 | MATTER NAME: Fee Applications EXCHANGED EMAILS WITH L. RAINES, L. LANKFORD REGARDING 30TH MONTHLY FEE APPLICATION. |
| 08/23/11 Tue | Lord, J 2175099-9/63 | 0.30 | 0.30 | 81.00 | | | 1 | MATTER NAME: Fee Applications REVIEWED AND REVISED SUPPLEMENTAL SHUGRUE AFFIDAVIT. |
| 08/23/11 Tue | Raines, L 2175099-9/64 | 2.00 | 2.00 | 900.00 | | | 1 | MATTER NAME: Fee Applications REVIEWED AND REVISED INVOICES FOR 30TH MONTHLY FEE APPLICATION. |
| 08/24/11 Wed | Raines, L 2175099-9/65 | 0.20 | 0.20 | 90.00 | | | 1 | MATTER NAME: Fee Applications COMMUNICATIONS WITH J. SHUGRUE REGARDING WORK ON FEE APPLICATION. |
| 08/24/11 Wed | Shugrue, J 2175099-9/66 | 0.20 | 0.20 | 112.00 | | | 1 | MATTER NAME: Fee Applications EMAILS WITH L. RAINES REGARDING 30TH MONTHLY FEE APPLICATION. |
| 08/25/11 Thu | Lankford, L 2175099-9/68 | 0.20 | 0.20 | 34.00 | | | 1 | MATTER NAME: Fee Applications E-MAIL CORRESPONDENCE REGARDING INVOICES FOR 30TH MONTHLY FEE APPLICATION. |
| 08/25/11 Thu | Lord, J 2175099-9/67 | 0.30 | 0.30 | 81.00 | | | 1 | MATTER NAME: Fee Applications WORKED ON REVISIONS TO SUPPLEMENTAL J. SHUGRUE DECLARATION. |
| 08/25/11 Thu | Raines, L 2175099-9/69 | 2.10 | 2.10 | 945.00 | 1.60 0.50 | F F | 1 2 | MATTER NAME: Fee Applications ANALYZED AND REVISED INVOICES FOR 30TH MONTHLY FEE APPLICATION (1.6); COORDINATED FORMATTING AND FINALIZED INVOICE (.5). |
| 08/25/11 Thu | Shugrue, J 2175099-9/70 | 0.80 | 0.80 | 448.00 | 0.60 0.20 | F F | 1 2 | MATTER NAME: Fee Applications WORKED ON REVISING AND FINALIZING SUPPLEMENTAL AFFIDAVIT FOR FILING WITH BANKRUPTCY COURT (.6); ANALYZED BK ORDER REGARDING 4TH INTERIM FEE APPLICATION (.2). |
| 08/26/11 Fri | Falgowski, J 2175099-9/71 | 0.20 | 0.20 | 82.00 | | | 1 | MATTER NAME: Fee Applications WORKED ON SUPPLEMENT DECLARATION OF J. SHUGRUE. |

~  See the last page of exhibit for explanation

EXHIBIT J
REED SMITH RETENTION/COMPENSATION
Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 08/29/11 Mon | Lankford, L 2175099-9/72 | 3.70 | 3.70 | 629.00 | 0.90 0.30 2.50 | F F F | 1 2 3 | *MATTER NAME: Fee Applications* REVIEWED INVOICE TO RS'S 30TH MONTHLY FEE APPLICATION (.9); REVISIONS TO SAME (.3); CALCULATIONS AND DRAFTING SAME (2.5). |
| 08/30/11 Tue | Falgowski, J 2175099-9/74 | 0.20 | 0.20 | 82.00 | | | 1 | *MATTER NAME: Fee Applications* EMAILS WITH J. SHUGRUE REGARDING SUPPLEMENTAL AFFIDAVIT. |
| 08/30/11 Tue | Lankford, L 2175099-9/73 | 1.50 | 1.50 | 255.00 | | | 1 | *MATTER NAME: Fee Applications* REVISIONS TO RS'S 30TH MONTHLY FEE APPLICATION. |
| 08/30/11 Tue | Shugrue, J 2175099-9/75 | 1.10 | 1.10 | 616.00 | 0.80 0.30 | F F | 1 2 | *MATTER NAME: Fee Applications* WORKED ON REVISING INVOICES AND PREPARING NARRATIVE TEXT FOR 30TH MONTHLY FEE APPLICATION (.8); EMAILS WITH CLIENT, C. FALGOWSKI REGARDING SUPPLEMENTAL AFFIDAVIT FOR FILING WITH BANKRUPTCY COURT (.3). |
| 08/31/11 Wed | Falgowski, J 2175099-9/78 | 0.10 | 0.10 | 41.00 | | | 1 | *MATTER NAME: Fee Applications* EMAILS WITH J. LORD REGARDING SUPPLEMENTAL AFFIDAVIT OF J. SHUGRUE. |
| 08/31/11 Wed | Lankford, L 2175099-9/77 | 0.20 | 0.20 | 34.00 | | | 1 | *MATTER NAME: Fee Applications* E-MAIL CORRESPONDENCE WITH J. SHUGRUE REGARDING RS'S 30TH MONTHLY FEE APPLICATION. |
| 08/31/11 Wed | Lord, J 2175099-9/76 | 0.30 | 0.30 | 81.00 | 0.10 0.20 | F F | 1 2 | *MATTER NAME: Fee Applications* COMMUNICATED WITH C. FALGOWSKI REGARDING SUPPLEMENTAL J. SHUGRUE AFFIDAVIT (.1); REVIEWED AND REVISED SAME PER J. SHUGRUE COMMENTS AND ADDITIONAL CASE/CLIENT INFORMATION (.2). |
| 08/31/11 Wed | Shugrue, J 2175099-9/79 | 0.50 | 0.50 | 280.00 | 0.20 0.30 | F F | 1 2 | *MATTER NAME: Fee Applications* EMAILS WITH L. LANKFORD REGARDING 30TH MONTHLY FEE APPLICATION (.2); REVISED INVOICES IN CONNECTION WITH SAME (.3). |

| | | | HOURS | FEES |
|---|---|---|-------|------|
| Total | | | 79.60 | $24,365.50 |
| Number of Entries: | 91 | | | |

EXHIBIT J

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Falgowski, J | 2.80 | 1,148.00 |
| Hamilton, L | 0.50 | 52.50 |
| Lankford, L | 42.40 | 7,208.00 |
| Lord, J | 4.90 | 1,323.00 |
| Raines, L | 14.60 | 6,570.00 |
| Shugrue, J | 14.40 | 8,064.00 |
| | 79.60 | $24,365.50 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Applications | 79.60 | 24,365.50 |
| | 79.60 | $24,365.50 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL