IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Hearing Date: November 7, 2012 at 1:00 p.m. ET<br>Objection Deadline: October 17, 2012 at 4:00 p.m. ET |

## APPLICATION OF OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED AS ORDINARY COURSE COUNSEL TO TRIBUNE COMPANY AND WPIX, INC. FOR CERTAIN EMPLOYMENT LITIGATION MATTERS DURING THE PERIOD FROM MAY 1, 2012 THROUGH AUGUST 31, 2012

Ogletree, Deakins, Nash, Smoak & Stewart, P.C. ("Ogletree Deakins"), counsel for two of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347);Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-8880572V1

the "Debtors"), respectfully submits this application (the "Application"), pursuant to (i) sections 327, 331, and 503 of title 11 of the United States Code (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (iv) the Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business (D.I. 227) (the "OCP Order"), (v) the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (Docket No. 225) (the "Interim Compensation Order"), as amended, and (vi) the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications (Docket No. 546) (the "Fee Examiner Order") for (a) the allowance of fees in the aggregate amount of $437,642.10, and expenses in the aggregate amount of $32,199.40, for services rendered to debtors Tribune Company ("Tribune") and WPIX, Inc. ("WPIX") for various employment litigation matters during the period from May 1, 2012 through August 31, 2012 and (b) for a limited waiver of the procedures for the approval and payment of professional compensation and consideration of fee applications set forth in the Interim Compensation Order and the Fee Examiner Order with respect to the Application (as discussed at paragraph 13, infra). In support of the Application, Ogletree Deakins respectfully states as follows:

## BACKGROUND OF THE CASES

1. On December 8, 2008 (the "Petition Date"), Tribune and certain of its subsidiaries filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An

additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 110 entities.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). (D.I. 43, 2333.)

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee") the Debtors' chapter 11 cases.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327, 331, and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

**PROCEDURAL BACKGROUND FOR THE APPLICATION**

6. On December 26, 2008, the Debtors filed the Motion for an Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code (Docket No. 148) (the "OCP Motion").[3] In the OCP Motion, the

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

[3] Exhibit A to the OCP Motion, which lists Ordinary Course Professionals retained by the Debtors, has been subsequently supplemented and amended by the Debtors to add additional Ordinary Course Professionals or to seek increases to the Monthly Cap applicable to existing Ordinary Course Professionals. (See D.I. 544, 877, 1086, 1756, 1826, 1887, 2283, 2412, 2865, 3222, 3861, 4214, 4607, 4614, 4845, 5395, 5846, 7236, 7545, 7820, 8310, 8788, 9333, 9686, 9758, 9772, 9847, 10350, 10684, 11235, 11336, 11512, 11612, 11858, 11935 and 12405.)

3

Debtors sought approval of this Court to employ and retain the Ordinary Course Professionals[4] to provide services to the Debtors as necessary for the day-to-day operations of the Debtors' businesses on terms substantially similar to those in effect prior to the Petition Date. On January 15, 2009, this Court granted the OCP Order.

7. Retention and compensation of the Ordinary Course Professionals is subject to the terms and conditions described in the OCP Order, including a Monthly Cap on the fees permitted to be paid to such Ordinary Course Professionals, per month on average over a rolling three-month period for Monthly Caps that are less than $50,000 per month, or a rolling two-month period for Monthly Caps of $50,000 per month. Expenses are not considered for the purpose of calculating the applicable Monthly Cap. On May 15, 2012, the Debtors supplemented Exhibit A to the OCP Order for purposes of retaining Ogletree Deakins as an Ordinary Course Professional with respect to various employment law matters, including the litigation encaptioned <u>Karen Scott v. WPIX, Inc.</u>, Case No. 10-CV-4622 (S.D.N.Y.) (WHP) (the "<u>Scott Litigation</u>"), with a Monthly Cap of $48,000. (D.I. 11612.) Ogletree Deakins filed its Rule 2014 statement pursuant to the OCP Order on June 1, 2012. (D.I. 11773.)

8. The OCP Order provides that in the event the fees incurred and invoiced by any Ordinary Course Professional exceed the applicable Monthly Cap, such Ordinary Course Professional shall be required to seek the Court's approval of all fees invoiced for that month in accordance with the procedures set forth in the Interim Compensation Order and the Fee Examiner Order.

---

[4] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the OCP Motion and OCP Order.

46429/0001-8880572V1

**BACKGROUND CONCERNING THE RELIEF REQUESTED**

9. During the period covered by this Application, Ogletree Deakins represented Tribune and WPIX in connection with various employment law matters. Specifically, Ogletree Deakins' work for WPIX during the applicable time period included the preparation for, and successful defense of, WPIX at a jury trial in the Scott Litigation. The Scott Litigation was an age discrimination lawsuit filed by the former News Director at WPIX, in which the plaintiff sought $4.5 million in damages. In addition, Ogletree Deakins also represented Tribune, WPIX and a former officer of WPIX in two federal court lawsuits: Larry Hoff v. WPIX Inc., Tribune Co: and Betty Ellen Berlamino, Case No. 11-CV-1591 (S.D.N.Y.) (LBS-DF) ("Hoff"), and Salvatore Marchiano v. Betty Ellen Berlamino, Case No. 10-CV-7819 (LBS-DF) ("Marchiano"). The Hoff and Marchiano lawsuits are currently in the discovery phases. Finally, Ogletree Deakins represented Tribune and WPIX in connection with two other matters that are currently stayed during the Debtors' bankruptcy proceedings (which contributed only small amounts to the fees sought herein). The Scott Litigation was primarily responsible for causing Ogletree Deakins' fees to exceed the Monthly Cap of $48,000 in the period between May 1, 2012 and August 31, 2012, comprising $399,704.72 of the $437,642.10 in total fees sought herein.

10. Tribune and WPIX have reviewed invoices submitted to them by Ogletree Deakins for fees incurred between May 1, 2012 and August 31, 2012 in connection with the Scott Litigation and other employment law matters, and have approved as necessary and proper fees in the aggregate amount of $437,642.10. The Debtors have informed Ogletree Deakins that it has exceeded its Monthly Cap over the applicable period (i.e., May 1, 2012 through

August 31, 2012) by $245,642.10 and is therefore required to seek the Court's allowance of the entire amount of the firm's invoices for this period.

## RELIEF REQUESTED

11. By this Application, Ogletree Deakins seeks the allowance of fees in the aggregate amount of $437,642.10, and expenses in the aggregate amount of $32,199.40 for services rendered to Tribune and WPIX during the period from May 1, 2012 through August 31, 2012. Additionally, Ogletree Deakins requests a limited waiver of the procedures for the approval and payment of professional compensation and consideration of fee applications set forth in the Interim Compensation Order and the Fee Examiner Order with respect to this Application. Additional information as required by Local Rule 2016-2(c), (d), and (e) relating to the fees and expenses requested herein is provided on Exhibits A, B, and C to this Application.

## BASIS FOR RELIEF REQUESTED

12. Ogletree Deakins represented WPIX during the jury trial in the Scott Litigation, which took place from July 23, 2012 through August 1, 2012, and spent substantial time preparing for the defense of that trial during May 2012 through July 2012. Due to Ogletree Deakins' efforts, the jury rendered a complete defense verdict in favor of WPIX. Ogletree Deakins submits that the Debtors' estates have benefitted from the legal services that Ogletree Deakins provided to Tribune and WPIX with respect to the matters referenced above, and particularly in the Scott Litigation, given that the last settlement demand made by the plaintiff in the Scott Litigation far exceeded the fees incurred during the period of May 1, 2012 through August 31, 2012. The services rendered by Ogletree Deakins for all matters between May 1, 2012 and August 31, 2012 have been fair and reasonable and well within the range of fees that would be charged by counsel for matters of this type.

46429/0001-8880572V1

## REQUEST FOR LIMITED WAIVER OF INTERIM COMPENSATION PROCEDURES

13. Ogletree Deakins requests that the Debtors be permitted to pay Ogletree Deakins the full amount of the fees it incurred during the period from May 1, 2012 through August 31, 2012, rather than requiring Ogletree Deakins to seek approval of its fees on an interim basis subject to a 20% holdback and to seek the Court's allowance of such fees and expenses on a quarterly basis subject to the Fee Examiner's review and report. Ogletree Deakins respectfully submits that good cause exists for the Court to grant a limited waiver from the Interim Compensation Order to reduce the additional costs and delay of obtaining approval and payment of the amounts requested herein. In the alternative, Ogletree Deakins respectfully requests that the Court consider this Application at the next hearing scheduled for the consideration of interim fee applications.[5]

## PAYMENT FROM DEBTORS; NO SHARING OF COMPENSATION

14. Ogletree Deakins has received no payment and no promises of payment from any source other than Tribune and WPIX for services rendered as an Ordinary Course Professional to Tribune and WPIX in these chapter 11 cases. There is no agreement between Ogletree Deakins and any other party for the sharing of compensation to be received for the services rendered by Ogletree Deakins to Tribune and WPIX. All professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of Tribune and WPIX.

---

[5] In the past, this Court has granted limited waivers of the otherwise-applicable procedures for compensation and reimbursement of expenses for professionals and consideration of fee applications set forth in this Court's Interim Compensation Order and Fee Examiner Order with respect to fee applications submitted by the Debtors' Ordinary Course Professionals. See, e.g., Order Allowing Compensation and Reimbursement of Expenses to SNR Denton US LLP for Services Rendered as Ordinary Course Counsel to the Debtors During the Period From July 1, 2010 through August 31, 2010 (Docket No. 8704); Order Allowing Compensation and Reimbursement of Expenses to Hunton & Williams LLP for Services Rendered as Ordinary Course Counsel to the Debtors for Certain Litigation Matters During the Prior From May 1, 2010 through July 31, 2010 (Docket No. 7454); Order Allowing Compensation and Reimbursement of Expenses to David Wright Tremaine LLP for Services Rendered as Ordinary Course Counsel to the Debtors During the Period From March 1, 2010 through June 30, 2010 (Docket No. 6576).

46429/0001-8880572V1

## REVIEW OF APPLICABLE LOCAL RULE

15.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with the requirements of Local Rule 2016-2.

16.     The undersigned further certifies that the Debtors have had an opportunity to review this Application before it was filed with the Court.

## NO PRIOR REQUEST

17.     No previous application with respect to the relief requested herein has been made to this or any other Court.

WHEREFORE, after appropriate notice and hearing, Ogletree Deakins respectfully requests the Court enter an order (i) allowing fees in the aggregate amount of $437,642.10, and expenses in the aggregate amount of $32,199.40 for services rendered to Tribune and WPIX during the period from May 1, 2012 through August 31, 2012; (ii) waiving the procedures for compensation and reimbursement of expenses for professionals and consideration of fee applications set forth in this Court's Interim Compensation Order and Fee Examiner Order with

respect to this Application to provide payment of the full amount sought by Ogletree Deakins' immediately upon approval of this application, and (iii) granting such further relief as is just and proper.

Dated: September 27, 2012

                                  Respectfully submitted,

                                  OGLETREE, DEAKINS, NASH,
                                  SMOAK & STEWART, P.C.

                                  By _/s/ Edward Cerasia II_
                                      Edward Cerasia II
                                      1745 Broadway, 22nd Floor
                                      New York, New York 10019
                                      (212) 492-2500