**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|   |   |   |
|---|---|---|
| *In re* | : | Chapter 11 |
|   | : |   |
| TRIBUNE COMPANY, *et al.*,[1] | : | Case Number 08-13141 (KJC) |
| Debtors. | : | (Jointly Administered) |
|   | : |   |

**UNITED STATES TRUSTEE'S RESPONSE IN SUPPORT OF THE**
**OBJECTION OF DISCHARGED EXAMINER, KENNETH N. KLEE, ESQ.,**
**TO MOTION OF CHANDLER BIGELOW TO EXTEND INDEFINITELY**
**THE RETENTION PERIOD FOR THE EXAMINER RECORD**
**(DOCKET ENTRY #s 12338, 12413)**

Roberta A. DeAngelis, United States Trustee for Region 3 ("U.S. Trustee"), by and through her counsel, files this Response in Support of the Objection (the "Objection") the Discharged Examiner, Kenneth N. Klee, Esq. (the "Examiner"), to the Motion of Chandler Bigelow to Extend

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8655); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club n/k/a Tribune CNLBC, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH, Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); new River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxnet Publishing Company (4223); Publishers Forest Brook Productions, Inc. (2598); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, Inc. (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

the Initial Retention Period for the Examiner Record (the "Motion"), and in support thereof states as follows:

## SUMMARY

The U.S. Trustee supports the position of the Examiner as set out in his Objection to the Motion filed by Mr. Bigelow.  Mr. Bigelow seeks to indefinitely extend the already agreed-upon two year retention period for the Examiner to keep and maintain the Examiner Record.2  This request comes at the tail end of the retention period, almost two years after the period was agreed to by the parties and set out in the Examiner's Discharge Order signed by this Court.  Mr. Bigelow believes, however, that the Examiner should be forced to maintain this record for an even longer period simply because Mr. Bigelow is a defendant in litigation outside of this Court and he *may* want to seek discovery of the Examiner.  That is simply not sufficient justification to hold the Examiner in limbo for an indefinite period all while being potentially exposed to harassment and unnecessary discovery.  This request is not appropriate and the Court should deny the Motion.

## INTRODUCTION

1. Under (i) an applicable order of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a) and (ii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine this Motion.

2. Under 28 U.S.C. § 586, the U.S. Trustee is charged with monitoring the federal bankruptcy system.  *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that the United States trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest);

---

2 All capitalized terms not defined herein shall have the meaning ascribed to them in the Motion or the Objection.

*Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States trustee as a "watchdog").

## BACKGROUND

3.     On December 8, 2008 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.   The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.     On December 18, 2008, the U.S. Trustee appointed the Official Committee of Unsecured Creditors (the "Committee").

5.     On April 20, 2010, the Court entered the *Agreed Order Directing the Appointment of Examiner*, directing the U.S. Trustee to appoint an examiner in these cases pursuant to Bankruptcy Code section 1104(c)(1).  On April 30, 2010, the U.S. Trustee filed the *Notice of Appointment of Examiner*, appointing Kenneth N. Klee, Esq. as the Examiner.

6.     On July 23, 2010, the Examiner filed the *Motion of Court-Appointed Examiner, Kenneth N. Klee, Esq., for Order (I) Discharging Examiner; (II) Granting Relief From Third-Party Discovery; (III) Approving the Disposition of Certain Documents and Information; and (IV) Granting Certain Ancillary Relief* ("Discharge Motion") [Docket No. 51151].

7.     On July 26, 2010, the Examiner filed a redacted version of his Report (the 'Report"). Approximately a week later, after addressing various confidentiality issues with parties, the Examiner publicly filed a unredacted version of his Report, including all of the accompanying exhibits.

8.     On August 26, 2010, the Court entered its *Order Approving Motion of Court-Appointed Examiner, Kenneth N. Klee, Esq., for Order (I) Discharging Examiner; (II) Granting Relief from Third-Party Discovery; (III) Approving the Disposition of Certain Documents and*

*Information; and (I0 Granting Certain Ancillary Relief* [Docket No. 5541] (the "Discharge Order").

**RESPONSE**

9. Approximately two years ago the Examiner issued his very thorough Report after a few months of intense work and investigation by the Examiner and his team. The Report was a source of controversy for many of the parties in the case, but no one can deny the extraordinary efforts by the Examiner in formulating, preparing and filing the Report. Naturally, after the Report was filed and made public, the Examiner sought certain protections through the Discharge Motion, including a much-discussed and negotiated two year retention period of the Examiner Record. The Discharge Order included a notice provision to occur prior to the conclusion of the two year retention period, which would allow a party to seek an extension of that retention period, but the burden for such a requested extension lies with the party seeking that extension.

10. With the two year retention period expiring, Mr. Bigelow filed the Motion and seeks an extension of this period until litigation that he is involved in is concluded. As the discovery in that litigation currently is stayed, Mr. Bigelow's extension request would effectively act as an indefinite extension of the retention period. The Examiner filed a pointed opposition to the Motion. The U.S. Trustee supports the Examiner in his opposition to the Motion.

11. An examiner in a bankruptcy case should not be an endless source of discovery for parties embroiled in litigation. The Examiner here served his function in a competent and proficient manner and was properly discharged by this Court over two years ago. Yet of the hundreds of individuals and entities that had an interest in the Report, one individual seeks to bind the Examiner for potentially years to come by seeking an indefinite extension of the retention period. As the Examiner notes in his Objection, the only purpose served by extending the

4

retention period is to leave the Examiner and his professionals in limbo and expose them to potential harassment, by not only Mr. Bigelow, but other litigants. This concern is amplified by the fact that the litigation involving Mr. Bigelow, and many other parties, is very likely to last for many years. This purpose should not be countenanced by the Court.

12. There is not sufficient justification in this case for extending this period any further than the already agreed-upon two years. Mr. Bigelow provides no such justification in the Motion, nor does he provide any indication of who will bear the cost of the Examiner not only continuing to hold and maintain the Examiner Record, but his responding to discovery requests. The Examiner has done his job and the time has come for the Examiner to no longer be involved in these bankruptcy cases. The Motion should therefore be denied.

## CONCLUSION

WHEREFORE the U.S. Trustee requests that this Court issue an order denying the Motion, and for such further relief that is just and appropriate.

Respectfully submitted,

**ROBERTA A. DeANGELIS**
**UNITED STATES TRUSTEE**

BY:   /s/ David M. Klauder
        David M. Klauder, Esquire
        Trial Attorney
        United States Department of Justice
        Office of the United States Trustee
        J. Caleb Boggs Federal Building
        844 King Street, Room 2207, Lockbox 35
        Wilmington, DE   19801
        (302) 573-6491
        (302) 573-6497 (Fax)

Date: September 27, 2012