## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Ref. Dkt No. 5541**<br>**Hearing Date: October 4, 2012 at 10:00 a.m.** |

### DEBTORS' STATEMENT OF POSITION CONCERNING THE OBJECTION OF DISCHARGED EXAMINER, KENNETH N. KLEE, ESQ. TO MOTION OF CHANDLER BIGELOW TO EXTEND THE INITIAL RETENTION PERIOD FOR THE COMPLETE EXAMINER RECORD

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

submit this Statement of Position Concerning the Objection Of Discharged Examiner, Kenneth

N. Klee, Esq. To Motion of Chandler Bigelow To Extend Indefinitely The Initial Retention

Period For The Examiner Record ("Ex. Obj.") (Dkt. 12413).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

On August 26, 2010, the Court entered an Order discharging the Examiner but directing

him to maintain the Complete Examiner Record for a period of two years, subject to further

extension upon motion by any party ("Order") (Dkt. 5541).  The Order further directed the

Debtors to give at least thirty calendar days advance notice of the Examiner's ability to dispose

of the Complete Examiner Record upon the expiration of the two year Initial Retention Period.

On July 24, 2012, the Debtors timely provided the notice required by the Order (Dkt.

12095) and, on August 25, 2012, the pending Motion Of Chandler Bigelow (the "Movant") To

Extend The Initial Retention Period For The Complete Examiner Record (the "Motion") was

filed (Dkt. 12338).  The Motion does not seek production of any portion of the Complete

Examiner Record but merely requests that the Initial Retention Period be extended until the

conclusion of the litigation arising out of the LBO or until further order of the Court.  Motion at

3-4.

On August 25, the Examiner filed his objection to the Motion.  The Examiner objected to

the Motion on the grounds that the Motion seeks an indefinite extension of the Initial Retention

Period and noted that the Movant had failed to take any steps to obtain any of the documents in

the Examiner's possession.  The Examiner further stated that, "[a]t this point, the only purpose

served by the retention period would be to leave the Examiner and his professionals hanging in

limbo and expose them to potential harassment by litigants."  Ex. Obj. at 6-7.

While the Debtors appreciate the Examiner's concerns over being needlessly drawn into

the pending MDL litigation, the Debtors do not believe that the Examiner's objections are well

taken.  In the first place, the Motion does not seek to place new demands upon the Examiner – it

merely requests that he preserve the *status quo*.  Indeed, neither the Movant nor any other party

has sought to obtain documents at this point, and the Examiner does not identify any burden it

would suffer as a result of simply preserving its files. And while the Examiner criticizes the Movant for not having previously sought to obtain the documents at issue, this argument ignores the fact that the MDL Litigation is still in its infancy.

As noted in the Master Order entered in the MDL Litigation on September 7, 2012, no party has yet answered in the case and substantially all discovery has been stayed pending resolution of certain motions to dismiss which are in the process of being briefed and which will not be heard until March 2013. *See In re Tribune Company Fraudulent Conveyance Litigation*, Master Case Order No. 3, Consolidated Multidistrict Litigation 11 MD 2296 (WHP), 12 MC 2296 (WHP) (filed Sept. 7, 2012) (A copy of the Master Order is attached hereto as Exhibit A.). Moreover, as the Court is well aware, discovery in the cases that now constitute the MDL proceedings had been stayed by order of this Court from the moment the cases were filed. See e.g., Order Dated April 25, 2011 at 4 (Dkt. 8740). As a result, if any party had attempted to obtain copies of documents in the possession of the Examiner, it seems likely that the Examiner or other parties would have opposed such efforts on the grounds that they were either premature or in contravention of the various stay orders.

There is also no merit to the Examiner's insinuation that the Motion is simply a precursor to unwarranted "harassment" by litigants. To start, the Motion does not seek to abrogate or modify the existing provisions contained in the Order preserving the Examiner's position that certain material in the Complete Examiner Record is privileged or not otherwise subject to discovery. See Order at 3-4. As such, the Examiner's speculation that future requests could result in an undue burden being imposed is premature. Likewise, to the extent the issue is one of added cost to the Examiner, that question can be addressed more effectively if and when the Examiner is ever asked to produce such material.

Moreover, the Examiner's implication that any effort to obtain information from the Examiner's files would be unwarranted "harassment" ignores the potential significance of material in his possession. In preparing his Report, the Examiner conducted interviews of over 40 individuals who were directly involved in the Leveraged ESOP Transactions. During those interviews, many of which were not transcribed, the Examiner and his staff took notes of the interviews and the Examiner's Report quotes from these non-public notes. While there is a dispute as to whether these notes are privileged – an issue that was expressly reserved by the Court's August 26, 2010 Order – the matters discussed in the notes are potentially relevant to the matters at issue in the MDL Litigation. As a result, it seems plain that the Complete Examiner Record should continue to be preserved while that litigation proceeds.

In sum, it is the Debtors' position that the Court should enter an order extending the retention period for an additional two years in order to permit the parties to the MDL Litigation to assess in an orderly and efficient way whether there is, in fact, a need for the material that was collected by the Examiner in connection with the preparation of his Report but that has not yet been made available.[2]

---

[2] The proposal that the retention period be extended for two years also addresses the principal concern raised by the United States Trustee in her Response in support of the Examiner's objection that the Motion seeks an "indefinite extension" of the retention period. See United States Trustee's Response in Support of the Objection of Discharged Examiner, Kenneth N. Klee, Esq. ¶¶ 11, 12 (Dkt. 12474). The other issues raised by the United States Trustee, which simply repeat certain of the concerns raised by the Examiner, are addressed above.

Dated: Wilmington, Delaware
      September 28, 2012

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Kevin T. Lantry
One South Dearborn Street
Chicago, Illinois  60603
Telephone: (312) 853-7000
Facsimile:  (312) 853-7036

James F. Bendernagel, Jr.
1501 K St., N.W.
Washington, D.C. 20005
Telephone:  (202) 736-8000
Telecopier:  (202) 736-8711

      -and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile:  (302) 652-3117

COUNSEL FOR DEBTORS AND DEBTORS IN
POSSESSION AND CERTAIN NON-DEBTOR
AFFILIATES

46429/0001-8884551v1
DCI 2923700v.1