IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>TRIBUNE COMPANY, *et al.*,<br>　　　　　　　　　Debtors. | Chapter 11<br><br>Cases No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Related to Dkt Nos. 5541, 12338, 12413, 12474, 12480<br>Hearing Date: October 4, 2012 at 10:00 am |

**RESPONSE OF CHANDLER BIGELOW TO EXAMINER'S OBJECTION
TO MOTION TO EXTEND THE INITIAL RETENTION PERIOD
<u>FOR THE COMPLETE EXAMINER RECORD</u>**

Chandler Bigelow ("Bigelow"), by and through his undersigned counsel, submits this response to the Objection filed by the Examiner to Bigelow's motion for the entry of an order extending the Initial Retention Period for the Complete Examiner Record.[1]

The Examiner offers several arguments in support of his request for the immediate destruction of the "Complete Examiner Record" – as defined in the Court's August 26, 2010, Order (attached hereto as Exhibit A) requiring the retention of such materials for at least two years. However, the Examiner's arguments demonstrate a misunderstanding of the status of discovery in the underlying litigation now pending before Judge Pauley in the MDL proceedings.

First, the Examiner contends that the parties in the underlying litigation – such as Mr. Bigelow – have been able over the last two years to "conduct their own massive, independent discovery and litigate extensively some of the factual and legal conclusions set forth in the [Examiner's] Report. . . . There is no basis to conclude that Mr. Bigelow is in any different

---

[1] The United States Trustee also filed a brief in support of the Examiner's position but does not offer arguments distinct from those raised by the Examiner. (Dkt. 12474) As such, this Response also addresses the points raised by the U.S. Trustee.

position." (Obj. at ¶¶ 15-16)  The Examiner goes on to chastise Mr. Bigelow for "making no inquiry or request" during the two-year period that has now elapsed.  (Obj. at ¶ 18)  This accusation misses the mark.  In fact, since the first day that Mr. Bigelow was named in the various litigations now consolidated in the MDL, <u>all discovery has been stayed</u>.  This Court issued multiple stay orders preventing the discovery the Examiner suggests should have taken place.  And after this Court determined that Judge Pauley should determine whether the stay would remain in place with the respect to the consolidated cases before him, Judge Pauley further extended the stay on all merits discovery until the resolution of motions set to be heard in March 2013.  (*In re Tribune Company Fraudulent Transfer Litigation*, Master Case Order No. 3, ¶ 36, Consolidated Multidistrict Litigation 11-MD-2296 (WHP), 12-MC-2296 (WHP), provided as Ex. A to Debtor's Statement of Position Concerning the Objection of Discharged Examiner, Kenneth N. Klee ("Debtor's Statement of Position") (Dkt. 12480))  The "massive" discovery that has taken place to date has related to confirmation and not to the underlying litigation in which Mr Bigelow is a defendant.  Had a defendant in the MDL litigation attempted to take discovery in the bankruptcy case for purposes of avoiding the litigation stay ordered by the Court, it would have been improper.  Certainly, the two-year Initial Retention Period created in the Court's August 26, 2010, Order is not an exception to the stay on discovery applicable to the *Fitzsimons* case or the other actions now consolidated in the MDL.

Contrary to the Examiner's suggestion, neither Mr. Bigelow nor any of the parties to the MDL litigation have had any opportunity to seek discovery in those cases from either party witnesses, third parties, or from the Examiner Record.  Granting Mr. Bigelow's motion to delay the destruction of potentially relevant documents until there is an opportunity for such discovery to occur is consistent with the purpose underlying the Court's August 26, 2010,

Order and with fundamental fairness to all of the litigants. Indeed, the Examiner concedes that the "two-year period under the Initial Retention Period was intended to give parties an opportunity to seek any relief to which the party believed in was entitled with respect to the Non-Public Materials [in the Examiner's Record]." (Obj. at ¶ 19) That purpose will not be fulfilled unless the Initial Retention Period is extended to give parties in the MDL proceedings exactly the opportunity for discovery that has – so far – not been available.

Second, the Examiner objects to the supposedly "indefinite" nature of the relief requested. In seeking retention until the conclusion of the MDL proceedings, Movant's proposed relief is certainly finite in nature even if the exact duration of the MDL proceedings is not known at this time. While Mr. Bigelow believes the relief requested allows for a clearly defined and substantively logical time for document retention, he has no objection if the Court should accept the compromise proposed by the Debtor – "extending the retention period for an additional two years in order to permit the parties to the MDL Litigation to assess in an orderly and efficient way whether there is, in fact, a need for the material that was collected by the Examiner in connection with the preparation of the Report but that has not been made available." (Debtor's Statement of Position at 4) Presumably at the end of an additional two years, it will be clear to the parties in interest and the Court whether an additional retention period is needed.

Third, the Examiner expresses fear that extending the retention period "would serve no purpose" other than to expose him to "potential harassment by litigants." (Obj. at 2, 7) This fear is overblown. Over the past two years, including during the contentious plan confirmation proceedings, the Examiner was not harassed by Mr. Bigelow or anyone else. There is certainly no plan to harass the Examiner in the future and, presumably, this Court or Judge Pauley would

3

be well able to protect the Examiner in the event such harassment occurred. More to the point, there is clearly a legitimate litigation purpose to extending the Initial Retention Period: to give the parties to the MDL the ability to assess the need for materials in the Examiner's Record and seek discovery of portions of the Record as appropriate. Without an extension of the Initial Retention Period, the purpose of the Court's August 26, 2010, Order will not be fulfilled, at least with respect to the parties in the MDL proceedings.

Finally, the Examiner expresses doubts as to what portions of the Examiner's Record could ultimately be subject to discovery. This is a rehash of the arguments the Court heard two years ago when it resolved to retain the Complete Examiner's Record and address discoverability issues as they arose. We believe the Court's approach was exactly correct and, indeed, the present motion is not seeking production of any part of the Examiner's Record. To the contrary, the only issue before the Court on the present motion is the continued preservation of documents that may be the subject of discovery requests in the future.

A single example may help illustrate the need for continued retention. As noted by Examiner's counsel in 2010, the Complete Examiner Record includes documents from third parties that were provided to the Examiner but were not cited in the report. (*See* Exhibit B, relevant portions of Aug. 10, 2010, Hr'g Tr., at 16:16-20) The Examiner allowed that such documents might potentially be discoverable: "If somebody comes forward with a motion and there's a document that we have that they couldn't get somewhere else, there's a carve out for that. They can ask Your Honor to require us to turn it over. We can have a hearing, we can deal with that." (*Id.* at 18:3-7) Despite the Examiner's recognition in 2010 that certain documents might not be discoverable from third party sources, the Examiner now argues that it is a "given that any non-privileged material is discoverable from third parties." (Obj. at ¶ 19)

The Examiner, of course, has no idea if this statement is true. In the two-plus years that have elapsed since the Examiner collected documents from third parties, it is possible that at least some of those third parties discarded their records. After all, unlike the Examiner, these third parties were not generally subject to any Court order requiring retention of documents. Until the parties to the MDL litigation have the opportunity to serve document requests and subpoenas on fact witnesses, there will be no way for anyone to know with certainty whether the non-privileged documents collected by the Examiner are the only copies remaining in existence. To permit the destruction of relevant documents during the pendency of litigation without giving the parties a fair opportunity to conduct discovery would be unfair, unusual, and might needlessly prejudice the prosecution or defense of the pending claims.[2]

## CONCLUSION

In 2010, the Examiner agreed that at the end of the two-year Initial Retention Period, parties would be permitted to seek an order extending the deadline. At the time, the Examiner's counsel stated that after the Initial Retention Period, "the parties certainly are going to be in the best position to know whether the record should be destroyed or not." (Ex. B., Aug. 10, 2010, Hr'g Tr. at 15:10-12) In this, the Examiner was correct. Mr. Bigelow is a party to the MDL litigation, and Judge Pauley has appointed his counsel to serve on the Defendants' Executive Committee for the *Fitzsimons* case within the MDL. As such, Movant is highly familiar with the status of discovery in the MDL and the potential scope of discovery once the stay is lifted, sometime after March 2013. While it is far from certain that any of the Complete Examiner

---

[22] Notably, these third-party documents are not the only portion of the Complete Examiner Record that may potentially be discoverable. As just one additional example, the unofficial transcriptions of the Examiner's interviews made by his staff may also be discoverable, including records of the interviews quoted in the Examiner's Report for which no official transcript exists. While the Examiner takes the view that such documents are privileged, as noted in the Debtor's Statement of Position, the issue of whether such documents are privileged is in dispute and was expressly reserved by the Court's August 26, 2010, Order.

Record will ever be sought in discovery, the potential exists today just as much as it did at the time of the Court's August 26, 2010, Order. Yet, during the intervening Initial Retention Period, there has been no opportunity for that discovery to move forward. For this reason, the immediate destruction of a vast number of potentially relevant documents would be prejudicial and unwarranted. Whatever minimal burden the Examiner and his professionals may face in continuing the *status quo* for another 2 years is no greater than they faced during the Initial Retention Period and is more than balanced by the needs of the parties in the MDL.

WHEREFORE, for the foregoing reasons, Chandler Bigelow respectfully requests that this Court extend the Initial Retention Period for the Examiner's Record from August 26, 2012, until August 26, 2014, or such other date as might be determined by this Court or the court overseeing the MDL proceedings.

Dated: October 1, 2012

        **SPERLING & SLATER, P.C.**
Bruce S. Sperling
Steven C. Florsheim
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
(312) 641-3200
bss@sperling-law.com
sflorsheim@sperling-law.com
*Attorneys for Chandler Bigelow*

-and-

**BOUCHARD MARGULES & FRIEDLANDER, P.A.**

BY:  */s/ Joel Friedlander*

Joel Friedlander (#3163)
Jeffrey M. Gorris (#5012)
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
(302) 573-3500
JFriedlander@bmf-law.com
jgorris@bmf-law.com
*Attorneys for Chandler Bigelow*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 1st day of October, 2012, I caused a true and correct copy of the **Response of Chandler Bigelow to Examiner's Objection to Motion to Extend the Initial Retention Period for the Complete Examiner Record** to be served as indicated upon the following counsel:

### BY E-MAIL and HAND DELIVERY

Norman L. Pernick, Esquire
J. Kate Stickles, Esquire
Cole, Schotz, Meisel,
 Forman & Leonard, P.A.
500 Delaware Avenue
Wilmington, DE 19801
npernick@coleschotz.com
kstickles@coleschotz.com

Mark Minuti, Esquire
Saul Ewing LLP
222 Delaware Avenue, Suite 1200
Wilmington, DE 19801
Mminuti@saul.com

Adam G. Landis, Esquire
Landis, Rath & Cobb, LLP
919 Market Street, Suite 1800
Wilmington, DE 19899
landis@lrclaw.com

David M. Klauder, Esquire
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Wilmington, DE 19801
David.Klauder@usdoj.gov

### BY E-MAIL

James F. Conlan, Esquire
Bryan Krakauer, Esquire
James F. Bendernagel, Jr., Esquire
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
jconlan@sidley.com
bkrakauer@sidley.com
jbendernagel@sidley.com

Howard Seife, Esquire
David M. LeMay, Esquire
Douglas E. Deutsch, Esquire
Chadbourne & Parke LLP
30 Rockerfeller Plaza
New York, NY 10012
hseife@chadbourne.com
dlemay@chadbourne.com
ddeutsch@chadbourne.com

Lee R. Bogdanoff, Esquire
Martin R. Barash, Esquire
Klee Tuchin Bogdanoff & Stern LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
lbogdanoff@ktbslaw.com
mbarash@ktbslaw.com

/s/ *Joel Friedlander*
Joel Friedlander (#3163)