# EXHIBIT

# B

**9/13/10 - Corrected Transcript
Corrections on Pages 6 and 7, in Bold**

```
         IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE DISTRICT OF DELAWARE


IN RE:                        .    Chapter 11
                              .
TRIBUNE COMPANY,              .    Case No. 08-13141(KJC)
et al.,                       .    (Jointly Administered)
                              .    Aug. 20, 2010(10:06 a.m.)
          Debtors.            .    (Wilmington)

              TRANSCRIPT OF PROCEEDINGS
       BEFORE THE HONORABLE KEVIN J. CAREY
       UNITED STATES BANKRUPTCY COURT JUDGE
```

Appearances:

| | |
|---|---|
| For the Debtors: | Bryan Krakauer, Esq.<br>James F. Conlan, Esq.<br>James Bendernagel, Esq.<br>Kevin Lantry, Esq.<br>Sidley Austin LLP<br>Norman Pernick, Esq.<br>Cole, Schotz |
| For the Examiner: | Kenneth N. Klee, Esq.<br>Robert Pfister, Esq.<br>Klee, Tuchin, Bogdanoff & Stern<br>Mark Minuti, Esq.<br>Nicholas Nastasi, Esq.<br>Saul Ewing LLP |
| For Wilmington Trust: | Robert Stark, Esq.<br>Martin Siegel, Esq.<br>Brown, Rudnick LLP |
| For the Committee: | David LeMay, Esq.<br>Howard Seife, Esq.<br>Chadbourne & Park, LLP<br>Adam G. Landis, Esq.<br>Landis, Rath & Cobb<br>James Sottile, Esq.<br>Zuckerman, Spaeder |
| For the U.S. Trustee: | David Klauder, Esq.<br>U.S. Trustee's Office |
| For Wells Fargo: | Eric Sutty, Esq.<br>Fox Rothschild<br>Thomas Lauria, Esq.<br>Andrew Hammond, Esq.<br>White & Case |

2

| | |
|---|---|
| For Merrill Lynch: | Laurie Selber Silverstein, Esq.<br>Potter, Anderson & Corroon, LLP |
| For Aurelius: | William Weintraub, Esq.<br>Edward Friedman, Esq.<br>Friedman, Kaplan<br>Amanda M. Winfree, Esq.<br>Ashby & Geddes |
| For Morgan Stanley: | David Powlen, Esq.<br>Barnes & Thornburg |
| For JPMorgan: | Benjamin Kaminiski, Esq.<br>Don Bernstein, Esq.<br>Davis Polk & Wardwell LLP |
| For Centerbridge: | Daniel Golden, Esq.<br>Akin, Gump, Strauss, Howard & Feld |
| For Deutsche Bank: | David Adler, Esq.<br>McCarter & English |

Audio Operator:   Al Lugano
Transcriber:      Elaine M. Ryan
                  (302) 683-0221

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

1  the next point that the debtor raised in their opposition is
2  that, Don't enter this relief today, it may be premature
3  because we may need to take discovery of the Examiner to
4  probe the findings in the report.  Well, Your Honor, I can
5  think of no greater argument to support my motion than that
6  position the debtor takes.  It is crystal clear from the case
7  law and all of the orders that we cited to Your Honor that
8  the Examiner is a quasi-judicial officer.  The Examiner
9  should be free from discovery except in very limited
10 circumstances which have been carved out in other cases and
11 we've carved out here.  The fact that the debtor is
12 suggesting that Your Honor shouldn't grant the Examiner
13 relief so somebody can take discovery of him is exactly the
14 reason why we want it, Your Honor.
15          THE COURT: Well, and you've provided in the
16 proposed form of order for parties to avail themselves of
17 such relief if they wish to have it.
18          MR. MINUTI: Exactly, Your Honor.
19          THE COURT: Okay.
20          MR. MINUTI: Your Honor, the next issue that the
21 debtor raised were some unspecified concerns regarding the
22 possible destruction of the record by the Examiner and his
23 professionals.  As we pointed out in our reply, all of the
24 professionals have document retention policies, including the
25 Examiner, that were approved as part of Your Honor's approval

1  of the retention applications, but to make it crystal clear,
2  Your Honor, and you'll see it when you look at the blackline,
3  we've added a provision to the order that provides as
4  follows: We're going to keep everything we have for two
5  years.  At the end of two years, we're free to discard it or
6  destroy it if we like except that anybody, Your Honor, can
7  come before Your Honor before that two-year period and get an
8  order extending that deadline.  We think that's a fair
9  compromise, Your Honor.  It causes the record to be
10 preserved, and the parties certainly are going to be in the
11 best position to know whether the record should be destroyed
12 or not.  Let's put the burden on them and not the Examiner to
13 come forward and extend that two-year deadline, if that's
14 necessary, Your Honor.
15            THE COURT: You previously suggested that the
16 investigative record as it's termed in the papers be turned
17 over to Epiq but that would involve, as I understand the
18 submission, some expense to the estate.  I take it that the
19 Examiner's agreement to retain these records would not
20 involve additional expense to the estate?
21            MR. MINUTI: Well, let me respond to your question
22 because I want to be precise here, Your Honor.  We define the
23 investigative record as anything we used in the report -
24            THE COURT: Uh-huh.
25            MR. MINUTI:  - okay, that has been turned over to

1   Epiq.  So, anything we cite in the report, all of the

2   transcripts, the financial models we're talking about, that's

3   been turned over, it's at Epiq, anybody can get that, it's a

4   mouse-click away.

5           THE COURT: Well, in the motion, you had asked that

6   the Court authorize Epiq to make it available to others, but

7   there wasn't any operative provision in the proposed form of

8   order that provided that.

9           MR. MINUTI: Your Honor, if Your Honor will recall,

10  the order that Your Honor entered on August 3rd, which allowed

11  us to make it public, permitted us to provide that to Epiq.

12  So that all occurred on the 3rd and the 4th.

13          THE COURT: Alright.

14          MR. MINUTI: I think what the debtor is really

15  concerned about, Your Honor, is not those documents but it's

16  other documents the Examiner and professionals obtained

17  during the course of their investigation that for whatever

18  reason didn't make its way into the report because obviously

19  the report and the exhibits are not the total of what we

20  received.  So, I think that's what we're talking about.  It

21  would also be, Your Honor, anything privileged that the

22  Examiner has, communications, internal lead memos, all of

23  those sorts of things.

24          THE COURT: But all of those things you propose to

25  retain for the two-year period.

1                MR. MINUTI:  Correct, correct, Your Honor.  We
2    propose to retain.  So that really brings us to the next
3    issue, Your Honor, and this is one that the debtor didn't
4    even raise in their opposition, and what the debtors have
5    proposed is, they would like us to turn over all of the other
6    stuff, not anything confidential subject to privilege or work
7    product, they would like us to turn over everything else to a
8    document depository for access so any other party in the case
9    can grant access to that.  And, Your Honor, we think that's
10   wholly inappropriate, and let me tell you why we think that's
11   the case - really, primarily two reasons, Your Honor.  Number
12   one, Your Honor, when Your Honor entered the work plan orders
13   in these cases, the rules under the work plan and how the
14   Examiner would do his investigation were very clear.  What it
15   said was, if somebody gives us a document or gives us a piece
16   of information and we use it, any claim of privilege or work
17   product is gone.  However, if we don't use it, those claims
18   are preserved.  So in order for us to do what the debtor is
19   suggesting, we would have to go through all of that material
20   to determine whether anything is subject to these claims of
21   privilege or work product.  We're then going to have to
22   negotiate with the parties that may make those claims, try to
23   resolve it, if we can't, come back before Your Honor.  That
24   is going to be a very long, very difficult, and very costly
25   proposition to the estate if the Examiner and his

1  professionals are required to do that.  Point number two,
2  Your Honor, as we talked about before with the discovery
3  issue, there is a carve out.  If somebody comes forward with
4  a motion and there's a document that we have they couldn't
5  get somewhere else, there's a carve out for that.  They can
6  ask Your Honor to require us to turn it over.  We can have a
7  hearing, we can deal with that, Your Honor.  So, that's point
8  number two.  Point number three, Your Honor, this is not an
9  easy proposition to simply go through these documents, try to
10 figure out what they are, and give them to a third party.
11 This will take a lot of time, Your Honor, in order to put
12 this together, and it will be very costly to the estate,
13 forget about the privilege issue, just amassing everything.
14 There's simply no need for us to do that.  The final point,
15 Your Honor, I think this is the strongest one, when we look
16 at the case law, the case law is crystal clear, the Examiner
17 is not supposed to be a substitute or the discovery person
18 for all the parties in the case.  The Examiner is an agent of
19 the Court.  The Examiner does an investigation.  It's not for
20 the parties then to take advantage of that investigation and
21 use the discovery.  Your Honor was very clear in this at the
22 outset of the investigation because you'll remember
23 Wilmington Trust stood up and said, Hey, we want to tag
24 along, we want to be part of this.  And the answer was, No,
25 you can't.  The Examiner is going to do his thing.  You can

1  do your thing in the context of litigating over the plan.
2  So, if you'll remember, Your Honor, we don't have anything
3  that anybody in this courtroom can't get from a third party
4  through a subpoena, Your Honor.  So, there's no real reason
5  why it is we should have to turn over documents we didn't
6  use.  If it was relevant, Your Honor, it's cited in the
7  report, and it's already available to anybody who wants it.
8  Next, Your Honor, the debtors point to the other examiner
9  cases and they argue that the time period between the filing
10 of the report in those other cases and the discharge of the
11 examiner was a longer period of time and therefore the period
12 should be longer in this case.  Well, I think that's really
13 an argument with no substance, Your Honor.  If anything when
14 you look at those cases, what they tell us is, each case
15 turns on its own facts.  Your Honor will recall in New
16 Century, one the reasons why the discharge order took so long
17 is because the examiner in that case was proposing to share
18 information with the government and the litigation trust and
19 actually shared privileged information with those parties and
20 you had other litigants that were saying, Hey, that's not
21 fair, number one, and number two, that waives the privilege,
22 so it took awhile for Your Honor to decide those issues.
23          THE COURT:  Oh, I remember.
24          MR. MINUTI:  But the point is, Your Honor, each case
25 turns on its own facts.  Those certainly aren't our facts in

1   this case.

2           THE COURT: No, but here the debtor's saying, Look,
3   the caldron is still bubbling, and you know, until it comes
4   down to a low simmer, we'd just like to keep the options
5   open, put it that way.

6           MR. MINUTI: I disagree with that, Your Honor.
7   Here's why I disagree with it.  Clearly the caldron is still
8   bubbling with respect to plan negotiations and plan
9   litigation if that's going to happen.  The caldron is no
10  longer simmering with respect to the investigation and the
11  report.  It's completed.  There seems to be a notion and a
12  fear here, Your Honor, that if you enter the relief we're
13  asking for today, the Examiner disappears, nobody's going to
14  be able to find him, and he's not going to be available to do
15  any further work in this case.  Nothing can be further from
16  the truth.  Mr. Klee is a fairly public person.  He's
17  prepared to take the podium today.

18          THE COURT: He'd be like OJ.  He'd never get away.

19          MR. MINUTI: Your Honor, he'd never get away, but,
20  Your Honor, I can't emphasize this enough and I know Mr. Klee
21  would say the same thing if he was at the podium, we did a
22  lot of work in this case.  We're very proud of the work that
23  we did.  If the work that we did and the background we now
24  have will be of further assistance to the Court or the
25  parties down the road, we welcome it, Your Honor.  We'd love