## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>Objection Date: October 22, 2012 at 4:00 p.m.<br>Hearing Date: *Only if Objections are filed* |

## TENTH MONTHLY FEE APPLICATION OF SNR DENTON US LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION <u>FOR THE PERIOD OF AUGUST 1, 2012 THROUGH AUGUST 31, 2012</u>

| | |
|---|---|
| Name of Applicant: | **SNR Denton US LLP** |
| Authorized to Provide<br>Professional Services to: | **Debtors** |
| Date of Retention: | **December 12, 2011 (<u>nunc pro tunc</u> to November 1, 2011)** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (5512); KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

| Period for Which Compensation and Reimbursement is Sought: | **August 1, 2012 through August 31, 2012** |
| --- | --- |
| Amount of compensation sought as actual, reasonable and necessary: | $45,675.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary | $903.17 |

This is a(n):  \_\_X\_\_ monthly  \_\_\_\_\_ interim  \_\_\_\_\_ final application

Requested Payment Amount:

| Fees at 80% | **$36,540.00** |
| --- | --- |
| Expenses at 100% | **$903.17** |

Prior Fee Applications[2]:

| | | Requested | | | Approved | |
| --- | --- | --- | --- | --- | --- | --- |
| **Application** | **Date Filed** | **Period Covered** | **Fees** | **Expenses** | **Fees** | **Expenses** |
| 1st | 1/13/12 | 11/1/2011-11/30/2011 | $36,268.00 | $548.90 | Pending | Pending |
| 2nd | 4/13/12 | 12/1/2011-12/31/2011 | $52,607.20 | $634.40 | Pending | Pending |
| 3rd | 4/13/12 | 1/1/2012-1/31/2012 | $66,291.20 | $161.00 | Pending | Pending |
| 4th | 4/13/12 | 2/1/2012-2/29/2012 | $31,168.80 | $702.51 | Pending | Pending |
| 5th | 7/12/12 | 3/1/2012-3/31/2012 | $52,910.80 | $1,038.40 | Pending | Pending |

---

[2] As further explained herein, SNR Denton US LLP was originally retained by the Debtors as an Ordinary Course Professional pursuant to the Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business [D.I. 227)] (the "OCP Order").

| 6th | 7/12/12 | 4/1/2012-4/30/2012 | $13,766.00 | $331.70 | Pending | Pending |
| 7th | 7/12/12 | 5/1/2012-5/31/2012 | $31,065.60 | $354.40 | Pending | Pending |
| 8th | 9/25/12 | 6/1/2012-6/30/2012 | $16,160.40 | $34.40 | Pending | Pending |
| 9th | 9/25/12 | 7/1/2012-7/31/2012 | $44,877.20 | $358.20 | Pending | Pending |

**FEE SUMMARY FOR THE PERIOD FROM**
**AUGUST 1, 2012 THROUGH AUGUST 31, 2012**

| Name of Professional/ Individual | Position, Area of Expertise, Year of Obtaining License to Practice | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James A. Klenk | Partner/ Intellectual Property & Technology Group/ Admitted to Illinois Bar in 1974 | $650.00 | 35.90 | $23,335.00 |
| Natalie J. Spears | Partner/ Litigation/ Admitted to Illinois Bar in 1995 | $575.00 | 5.0 | $2,875.00 |
| Gregory R. Naron | Counsel/ Litigation/ Admitted to Illinois Bar in 1991 | $520.00 | 29.70 | $15,444.00 |
| Tiffany L. Amlot | Senior Managing Associate/ Admitted to Wisconsin Bar in 2004 and Illinois Bar in 2007 | $400.00 | 5.30 | $2,120.00 |
| Kristen C. Rodriguez | Associate/ Litigation/ Admitted to Illinois Bar in 2009. | $335.00 | 0.80 | $268.00 |
| Katherine L. Staba | Associate/ Intellectual Property & Technology Group/ Admitted to Massachusetts Bar in 2009 and Illinois Bar in 2010 | $380.00 | 4.10 | $1,558.00 |
| Geoffrey S. Bent | Research Analyst/Library/ Research Services | $150.00 | 0.50 | $75.00 |

| Name of Professional/ Individual | Position, Area of Expertise, Year of Obtaining License to Practice | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| | | | | |
| Grand Total | | | 81.30 | $45,675.00 |
| Blended Rate | | $561.81 | | |

**COMPENSATION BY PROJECT CATEGORY FOR THE PERIOD FROM AUGUST 1, 2012 THROUGH AUGUST 31, 2012**

| Matter Description | Total Hours | Total Fees |
|---|---|---|
| Bruce Smith | 2.2 | $1,177.50 |
| Roberto Rivera | 39.0 | $22,368.00 |
| Cheryl Naedler | 5.20 | $2,921.00 |
| Eddie Johnson | 4.10 | $2,470.00 |
| Quintin Sharp - Subpoena to Annie Sweeney & William Lee | 6.40 | $2,910.00 |
| Ordinance Violation re Advertising | 0.70 | $332.50 |
| Christopher Buchanan | 23.70 | $13,496.00 |
| **TOTAL** | **81.30** | **$45,675.00** |

**EXPENSE SUMMARY FOR THE PERIOD FROM**
**AUGUST 1, 2012 TO AUGUST 31, 2012**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Outside Duplicating | | $19.00 |
| Court Reporter | | $366.20 |
| Document Reproduction | SNR Denton US LLP | $36.50 |
| Ground Transportation | | $15.00 |
| Online research database | Westlaw | $466.47 |
| **Total** | | **$903.17** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>Objection Date: October 22____, 2012 at 4:00 p.m.<br>Hearing Date: *Only if Objections are filed* |

### TENTH MONTHLY FEE APPLICATION OF SNR DENTON US LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FOR THE PERIOD OF AUGUST 1, 2012 THROUGH AUGUST 31, 2012

SNR Denton US LLP ("SNR Denton"), as special counsel to the Debtors for certain

litigation and transactional matters hereby respectfully submits this Tenth Monthly Fee

Application of SNR Denton US LLP for Compensation and Reimbursement of Fees and

Expenses as Special Counsel to the Debtors for the Period of August 1, 2012 through August 31,

2012 (the "Application") pursuant to 11 U.S.C. §§ 327, 331 and 503, Federal Rule of Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (5347); KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

LA1 2309326V.1

Procedure 2016, Rule 2016-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [D.I. 225] (the "Administrative Order"), the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses promulgated by the Executive Office of the United States Trustees pursuant to 28 U.S.C. § 586(a)(3)(A), and the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications, dated March 19, 2009.  By this Application, SNR Denton, as special counsel to the Debtors for certain litigation and transactional matters in these cases, seeks interim approval and payment of compensation for legal services performed and expenses incurred during the period commencing August 1, 2012 through August 31, 2012 (the "Compensation Period").  In support hereof, SNR Denton respectfully represents the following:

## I.    FACTUAL BACKGROUND

1.    On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Court").

2.    The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

3.    On December 18, 2008, the Office of the United States Trustee for the District of Delaware (the "UST") appointed the Official Committee of Unsecured Creditors.

4.      On December 26, 2008, the Debtors filed the Motion for an Order Authorizing the
Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the
Ordinary Course of Business Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy
Code [D.I. 148] (the "OCP Motion"). In the OCP Motion, the Debtors sought approval of this
Court to employ and retain certain ordinary course professionals to provide services to the
Debtors as necessary for the day-to-day operations of the Debtors' businesses on terms
substantially similar to those in effect prior to the Petition Date. Exhibit A to the OCP Motion
contained a list of such ordinary course professionals sought to be retained by the Debtors,
including SNR. On January 15, 2009, this Court granted the OCP Order approving procedures
for the employment, retention, and compensation of the ordinary course professionals. [D.I.
227.]

5.      On November 23, 2011, the Debtors filed an application for an order authorizing
the employment and retention of SNR Denton as special counsel for certain First Amendment,
publishing, outsourcing and other litigation and transactional matters pursuant to §§ 327(e) and
1107 of the Bankruptcy Code, *nunc pro tunc* to November 1, 2011 [D.I. 10295.] (the "Special
Counsel Application"). The Special Counsel Application was filed for the limited purpose of
converting SNR Denton's retention by the Debtors under this Court's OCP Order into a retention
pursuant to Sections 327(e) and 1103 of the Bankruptcy Code, given that SNR Denton had
exceeded the applicable monthly cap on its services under the OCP Order for multiple
consecutive months, and that the Debtors expect that SNR Denton may continue to exceed that
monthly cap on a regular basis in the future.

6.      On December 12, 2011, this Court entered an order approving the Special
Counsel Application and authorizing the Debtors to employ SNR Denton as special counsel to

the Debtors for certain litigation and transactional matters in these cases *nunc pro tunc* to

November 1, 2011 [D.I. 10422] (the "Retention Order").

## II.    BASIS FOR RELIEF REQUESTED

7.    Pursuant to the Administrative Order and Section 331 of the Bankruptcy Code,

SNR Denton seeks interim approval of compensation for professional services rendered, in the

amount of $45,675.00 subject to a twenty percent (20%) holdback, and reimbursement of

expenses in the amount of $903.17 for services rendered as special counsel to the Debtors for

certain litigation and transactional matters during the Compensation Period.  Additional

information as required by Local Rule 2016-2(c), (d), and (e) relating to the fees and expenses

requested herein are attached hereto.

## III.    ALLOWANCE OF COMPENSATION

8.    Attached hereto as Exhibit A are the detailed time records for the Compensation

Period.[2]  The time records contain daily time logs describing the time spent by each attorney

and paraprofessional for the Compensation Period.  Attorneys and paraprofessionals of SNR Denton

have expended a total of 81.30 hours in connection with these cases during the Compensation

Period.[3]  The reasonable value of services rendered by SNR Denton to the Debtors during the

---

[2]  Certain invoices that constitute Exhibit A contain time entries that have been redacted due to their sensitive and privileged nature.  Upon reasonable request, SNR Denton will provide requesting parties with unredacted copies of such invoices.  Further, upon filing this Application, SNR Denton will promptly send the Fee Examiner unredacted copies of such invoices.

[3]  SNR Denton's invoices are organized by, and include, time billed during the month in which the invoice is prepared, which sometimes does not coincide with the actual month in which the time was incurred and the services performed.  Thus, under SNR Denton's accounting system, not all of the time during a particular month may be billed during that month and reflected in that month's invoice.  Accordingly, a small amount of the fees being requested as part of this Application were for services performed in July 2012.  Specifically, Invoice No. 1413903 (Roberto Rivera) includes two time entries (totaling $2,935.00) for services performed in July but not billed until August 2012.

Compensation Period is $45,675.00. Such an amount is a result of SNR Denton's normal hourly rates for work of this nature.

9.      The following is a summary of the activities performed by SNR Denton attorneys, paralegals and other professionals during the Compensation Period, organized by project category.

a. **Bruce Smith (09721775-0005/ Invoice No. 1413902).** During the Compensation Period, SNR Denton defended the Debtors in a defamation action, including by preparing a motion to dismiss on statute of limitations grounds.

b. **Roberto Rivera  (09721775-0007/ Invoice No. 1413903).** During the Compensation Period, SNR Denton defended a Tribune reporter in a defamation lawsuit brought by a public official, including by drafting and filing a summary judgment motion, drafting an affidavit, and appearing in court on status and motions.

c. **Cheryl Naedler (09721775-0009/ Invoice No. 1413904).** During the Compensation Period, SNR Denton met with the Debtor to review all issues in the case and circulated disclosures.

d. **Eddie Johnson (09721775-0018/ Invoice No. 1413905).** During the Compensation Period, SNR Denton performed research in preparation for a summary judgment motion on public figure issues in the case.

e. **Quintin Sharp - Subpoena to Annie Sweeney & William Lee (09721775-0076/ Invoice No. 1413906).** During the Compensation Period, SNR Denton defended reporters on first amendment grounds when subpoenaed to provide testimony related to a published article, including preparation and attendance at a court hearing.

f. **Ordinance Violation re Advertising (09721775-0078/ Invoice No. 1413907).** During the Compensation Period, SNR Denton defended Tribune in a citation for distribution of materials, including analysis of purported ordinance violation.

g. **Christopher Buchanan (2010074-0001/ Invoice No. 1413911).** During the Compensation Period, SNR Denton defended a defamation claim brought by a plaintiff, specifically by producing documents and answering interrogatories, drafting a summary judgment motion and appearing in court on behalf of the client.

## IV. REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES

10.      By this Application , SNR Denton seeks interim allowance for reimbursement of expenses actually and necessarily incurred in connection with the rendition of its services in the

amount of $903.17 as further detailed in Exhibit A. The requested expenses are customarily charged to non-bankruptcy clients of SNR Denton.

11.    The $903.17 of expenses is broken down into categories of charges, including, *inter alia*, outside duplicating charges, document reproduction charges, ground transportation charges, court reporter charges and online research database charges. SNR Denton's rate for duplication is $0.10 per page.

12.    In addition, because of the nature of the Debtors' businesses and the location of certain key constituents in these cases, travel may have been required for certain matters. Such travel expenses, such as mileage and tolls, are typically borne by the attorney, then reimbursed by SNR Denton and charged to the appropriate client and matter.

13.    The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and creditors.

14.    Certain invoices contain expenses that were incurred prior to the Compensation Period. These expenses were charged to SNR Denton by outside vendors in connection with SNR Denton's services rendered on behalf of the Debtors. These expenses were not processed by SNR Denton until the Compensation Period due to SNR Denton's late receipt of the invoices for these expenses from the outside vendors.[4]

---

[4]  Specifically, Invoice No. 1413903 in connection with Matter No. 09721775-0007 (Roberto Rivera) includes $366.20 of outside vendor charges incurred in July but not sent to SNR Denton for processing until the Compensation Period, and Invoice No. 1413911 in connection with Matter No. 20010074-0001 (Christopher Buchanan) includes $466.47 of outside vendor charges incurred in June and July but not sent to SNR Denton for processing until the Compensation Period.

15.    To the extent that time or disbursement charges for services rendered or disbursements incurred related to the Compensation Period, but were not processed prior to the preparation of this Application, SNR Denton reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

## V.    REVIEW OF APPLICABLE LOCAL RULE

16.    The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with the requirements of Local Rule 2016-2.

## VI.    NO PRIOR REQUEST

17.    No previous application with respect to the relief requested herein has been made to this or any other court.

14

## CONCLUSION

WHEREFORE, SNR Denton respectfully requests that the Court enter an order: (i) granting the Application and authorizing the allowance of compensation in the amount of $45,675.00 subject to a twenty percent (20%) holdback, for professional services rendered, and reimbursement of actual and necessary expenses in the amount of $903.17; and (ii) granting such other and further relief as this Court deems just and proper.

Dated: October 1, 2012

Respectfully submitted,

Stefanie L. Wowchuk
SNR DENTON US LLP
233 S. Wacker Drive
Suite 7800
Chicago, IL 60606
Telephone: 312-876-2569
Facsimile:  312-876-7934