# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### NOTICE OF AGENDA OF MATTERS
### SCHEDULED FOR HEARING ON OCTOBER 4, 2012 AT 10:00 A.M.
### BEFORE THE HONORABLE KEVIN J. CAREY

### CHANGE IN HEARING LOCATION:

### THIS HEARING WILL BE HELD AT THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 N. MARKET STREET, 6TH FLOOR, IN COURTROOM NO. 1, WILMINGTON, DELAWARE.

Any party who wishes to participate in the hearing via telephone must contact CourtCall by telephone (866-582-6878) or by facsimile (866-533-2946) no later than 12:00 p.m. one business day prior to the hearing.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

## CONTINUED MATTERS

1.  Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed November 13, 2009) (Docket No. 2561)

    Response Deadline: December 8, 2009 at 4:00 p.m.
    Responses Received:

    (a)  Response by Robby S. Wells to Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims (Filed December 4, 2009) (Docket No. 2744)

    (b)  Letter from Robert Wells with copy of Hauling Agreement (Received February 17, 2011) (Not Docketed)

    (c)  Informal Response received from GE Capital Fleet Services

    Related Documents:

    (a)  Notice of Submission of Proofs of Claim Regarding Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed December 1, 2009) (Docket No. 2685)

    (b)  Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered January 5, 2010) (Docket No. 3011)

    (c)  Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims as Relates to Claim No. 5606 of Personal Plus, Inc. Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered February 24, 2010) (Docket No. 3526)

    (d)  Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims as it Relates to Claim No. 1332 of Karolyn Walker Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered December 22, 2010) (Docket No. 7274)

    Status:  The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection, and with respect to Claim No. 5606 of Personal Plus, Inc. and Claim No. 1332 of Karolyn M. Walker. The Objection was withdrawn with respect to Claim No. 501 of Chris Parker and Claim No. 2998 of Marc Silver. The hearing on the claims of GE Capital Fleet Services and Robby S. Wells is adjourned to the November 7, 2012 hearing. This matter will not be going forward.

46429/0001-8784972v1

2.      Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed April 16, 2010) (Docket No. 4091)

Response Deadline:  May 11, 2010 at 4:00 p.m.

Responses Received:

      (a)      Response by Marbury L. von Briesen (Filed May 12, 2010) (Docket No. 4349)

      (b)      Response by Herbert E. Eye (Filed May 12, 2010) (Docket No. 4350)

      (c)      Response by Herbert E. Eye (Filed May 14, 2010) (Docket No. 4394)

      (d)      Supplemental Response by Marbury L. von Briesen (Filed July 15, 2010) (Docket No. 5016)

Related Documents:

      (a)      Notice of Submission of Proofs of Claim Regarding Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed May 4, 2010) (Docket No. 4230)

      (b)      Order Sustaining Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered May 14, 2010) (Docket No. 4406)

      (c)      Order Approving (I) Stipulation Between the Debtors and CNN Newsource Sales, Inc. Regarding Allowance of Claims and (II) Partial Withdrawal of Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims as it Relates to Claim No. 4863 of CNN Newsource Sales, Inc. (Entered October 28, 2010) (Docket No. 6158)

      (d)      Order Approving Stipulation Between Certain of the Debtors and Oracle Corporation Oracle America, Inc., as Successor-By-Merger to Sun Microsystems, Inc., Regarding (I) Resolution of Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims as it Relates to the Claims of Oracle and (II) Allowance of Certain Prepetition Claims of Oracle (Entered November 23, 2010) (Docket No. 6593)

      (e)      Order Partially Sustaining Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims as it Relates to the Claim of Terry Godbey (Entered May 25, 2011) (Docket No. 8988)

46429/0001-8784972v1

(f)     Order Regarding Submission of Documents with Respect to Debtors'
        Twenty-Fourth Omnibus (Substantive) Objection to Claims as it Relates to
        Claim No. 3060 of Maureen Dombeck (Entered September 14, 2011)
        (Docket No. 9773)

Status:     The Court entered an Order sustaining the Objection with respect to all
            claimants who did not contest or otherwise respond to the Objection and
            Orders resolving Claim No. 4863 of CNN Newsource Sales, Inc., Claim
            Nos. 4634, 4635, 4636, 4640, 4748, 4749, 4750 and 4751 of Oracle
            America, Inc. and Claim No. 3672 of Terry Godbey. The Objection was
            withdrawn as to the claims of 9090 Enterprises and Spanlink
            Communications. The Court is adjudicating the Objection to the claim of
            Maureen Dombeck based on certain submissions as identified in Docket
            No. 9773. The hearing on the claims of Marbury von Briesen and Herbert
            Eye is adjourned to the November 7, 2012 hearing. This matter will not
            be going forward.

3.      Debtors' Twenty-Seventh Omnibus Objection (Non-Substantive) to Claims Pursuant to
        Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local
        Rule 3007-1 (Filed May 17, 2010) (Docket No. 4441)

        Response Deadline: June 9, 2010 at 4:00 p.m.

        Responses Received:

        (a)     Response by Marcia Willette (Filed June 8, 2010) (Docket No. 4721)

        Related Documents:

        (a)     Order Sustaining Debtors' Twenty-Seventh Omnibus (Non-Substantive)
                Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code,
                Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered
                June 14, 2010) (Docket No. 4774)

        (b)     Order Sustaining in Part Debtors' Twenty-Seventh Omnibus Objection
                (Non-Substantive) to Claims as it Relates to Claim No. 5785 of Cawley
                Chicago Portfolio, LLC (Entered July 19, 2010) (Docket No. 5071)

Status:     The Court entered an Order sustaining the Objection with respect to all
            claimants who did not contest or otherwise respond to the Objection and an
            Order with respect to the claim of Cawley Chicago Portfolio, LLC. The
            Objection was withdrawn as to the claims of the United States
            Environmental Protection Agency and Annapolis West Limited Partnership.
            The Debtors and Marcia Willette have reached a resolution of the Objection
            as it relates to Claim No. 6160 filed by Marcia Willette as Guardian for
            Zachary Mitzkovitz and intend to file a stipulation documenting that
            agreement with the Court. This matter will not be going forward.

46429/0001-8784972v1

4.    Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed July 19, 2010) (Docket No. 5081)

Response Deadline:  August 12, 2010 at 4:00 p.m.

Responses Received:

(a)    Informal response received from the City of Chicago Department of Revenue (Received August 10, 2010)

Related Documents:

(a)    Notice of Submission of Proofs of Claim Regarding Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed August 5, 2010) (Docket No. 5266)

(b)    Order Partially Sustaining Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed August 19, 2010) (Docket No. 5434)

(c)    Order Partially Sustaining Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims as it Relates to Claim No. 6344 of Albert Togut, Chapter 7 Trustee of PLVTZ, Inc. (Entered July 25, 2011) (Docket No. 9535)

Status:    The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection, the claim of the City of West Hollywood, and the claim of Albert Togut, Chapter 7 Trustee of PLVTZ, Inc.  The Debtors and the City of Chicago have reached an agreement in principle, subject to documentation, and intend to file a certification of counsel with the Court.  This matter will not be going forward.

5.    Debtors' Fortieth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed January 28, 2011) (Docket No. 7674)

Response Deadline:  February 22, 2011 at 4:00 p.m.

Responses Received:

(a)    Response of USDR (CLM #1672, CLM #2279 and CLAIM No. 2827) to Debtor's Fortieth Omnibus Objection to Claims (Docket #3792); Declaration of Jon Dickinson (Filed February 14, 2011) (Docket No. 7932)

46429/0001-8784972v1

Related Documents:

    (a)    Notice of Submission of Proofs of Claim Regarding Debtors' Fortieth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003, and 3007, and Local Rule 3007-1 (Filed February 11, 2011) (Docket No. 7906)

    (b)    Order Partially Sustaining Debtors' Fortieth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Entered February 25, 2011) (Docket No. 8146)

    (c)    Order Partially Sustaining Debtors' Fortieth Omnibus (Substantive) Objection to Claims as Relates to Claim Nos. 753 and 754 of ASM Capital L.P. (Entered June 24, 2011) (Docket No. 9344)

Status:    The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection, and an Order with respect to Claim Nos. 753 and 754 of ASM Capital L.P. The Objection was withdrawn as to Claim No. 2279 of USDR, Claim No. 6683 of Hess Corporation and Claim No. 749 of ASM Capital L.P. The Objection was modified by consent of the parties with respect to Claim No. 2554 of Corre Opportunities Fund. The hearing on Claim No. 1672 of USDR – CNI Corporation is adjourned to the November 7, 2012 hearing. This matter will not be going forward.

6.    Debtors' Forty-Second Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed February 18, 2011) (Docket No. 8065)

Response Deadline:  March 15, 2011 at 4:00 p.m.

Responses Received:

    (a)    Carol Walker's Response to Debtors' Forty-Second Omnibus Objection to Claim (Filed March 9, 2011) (Docket No. 8325)

    (b)    Informal response by Broadspire Services [Claim No. 5335] (Received March 4, 2011)

    (c)    Carol Walker's Response to Debtors' Forty-Second Omnibus Objection to Claim (Filed April 12, 2011) (Docket No. 8623)

Related Documents:

    (a)    Notice of Submission of Proofs of Claim Regarding Debtors' Forty-Second Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed March 7, 2011) (Docket No. 8289)

(b)     Order Partially Sustaining Debtors' Forty-Second Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered March 30, 2011) (Docket No. 8523)

(c)     Order Approving Stipulation Between Los Angeles Times Communications LLC and Software AG, Inc. Regarding Resolution of Debtors' Forty-Second Omnibus (Substantive) Objection to Claims as it Relates to Claim No. 5283 (Entered July 30, 2012) (Docket No. 12129)

Status:     The Court entered an Order sustaining the Objection with respect to all claimants who did not respond or otherwise contest the Objection, and approving a stipulation between the Debtors and Software AG, Inc. regarding Claim No. 5283. The hearing on Claim No. 5335 of Broadspire Services, Inc., and Claim No. 6601 of Carol Walker is adjourned to the November 7, 2012 hearing. This matter will not be going forward.

7.     Debtors' Objection to Claim No. 5972 Asserted by the New York City Department of Finance Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 (Filed July 6, 2012) (Docket No. 11963)

Response Deadline: July 31, 2012 at 4:00 p.m.
On consent of the parties, the Objection Deadline is extended until 4:00 p.m. on October 31, 2012 for the New York City Department of Finance and the Debtors' Reply Deadline is extended to November 2, 2012.

Responses Received: None at this time.

Related Documents:

(a)     Notice of Submission of Proof of Claim Regarding Debtors' Objection to Claim No. 5972 Asserted by the New York City Department of Finance Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 (Filed July 24, 2012) (Docket No. 12092)

Status:     The hearing on the Objection is adjourned to the November 7, 2012 hearing. This matter will not be going forward.

8.     Debtors' Fifty-Seventh Omnibus (Substantive) Objection to Claims Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 (Filed August 6, 2012) (Docket No. 12199)

Response Deadline: August 29, 2012 at 4:00 p.m.

Responses Received:

(a)     Trey C. Yant's Response to Debtors' Fifty-Seventh Omnibus Objection to Claims (Filed August 29, 2012) (Docket No. 12346)

7

Related Documents:

    (a)    Notice of Submission of Proofs of Claim Regarding Debtors' Fifty-Seventh Omnibus (Substantive) Objection to Claims Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 (Filed August 22, 2012) (Docket No. 12311)

    (b)    Order Sustaining Debtors' Fifty-Seventh Omnibus (Substantive) Objection to Claims Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 (Entered August 31, 2012) Docket No. 12362)

Status:    The Court entered an Order sustaining the Objection with respect to all claimants who did not respond or otherwise contest the Objection.  The hearing on Claim Nos. 843 and 6675 of Trey C. Yant is adjourned to the November 7, 2012 hearing.  This matter will not be going forward.

9.    Debtors' Objection to Claim No. 3045 of James Griffin Pursuant to Sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007 (Filed August 23, 2012) (Docket No. 12324)

Response Deadline:  September 27, 2012 at 4:00 p.m.

Responses Received:

    (a)    Claimant's Memorandum in Opposition to Debtors' Objection to Claim No. 3045 of James Griffin (Filed September 10, 2012) (Docket No. 12396)

Status:    This matter is adjourned to the November 7, 2012 hearing.  This matter will not be going forward.

## CERTIFICATIONS OF NO OBJECTION / CERTIFICATIONS OF COUNSEL

10.    Debtors' Objection to Claim No. 7104 Asserted by the Department of Revenue for the State of Florida Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 (Filed July 6, 2012) (Docket No. 11961)

Response Deadline:  July 31, 2012 at 4:00 p.m.
On consent of the parties, the Objection Deadline was extended until 4:00 p.m. on September 27, 2012 for the Department of Revenue for the State of Florida and the Debtors' Reply Deadline was extended to October 1, 2012.

Responses Received:  None.

Related Documents:

 (a) Notice of Submission of Proof of Claim Regarding Objection to Claim No. 7104 Asserted by the Department of Revenue for the State of Florida Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 (Filed July 24, 2012) (Docket No. 12090)

 (b) Certification of Counsel Regarding Docket No. 11961 (Filed October 1, 2012) (Docket No. 12492)

Status: A Certification of Counsel was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

11. Application of Greer, Burns, & Crain, Ltd. for Allowance and Payment of Compensation and Reimbursement of Expenses for Services Rendered as Ordinary Course Counsel to Tribune Company During the Period from January 1, 2012 through April 30, 2012 (Filed August 20, 2012) (Docket No. 12299)

Objection Deadline: September 10, 2012 at 4:00 p.m.

Responses Received: None.

Related Documents:

 (a) Certification of No Objection Regarding Docket No. 12299 (Filed September 13, 2012) (Docket No. 12411)

Status: A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

12. Debtors' Objection to Claim Nos. 5017-5026 of AIG Casualty Company et al. Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007 (Filed September 4, 2012) (Docket No. 12376)

Response Deadline: September 27, 2012 at 4:00 p.m.

Responses Received: None.

Related Documents:

 (a) Certification of No Objection Regarding Docket No. 12376 (Filed October 1, 2012) (Docket No. 12493)

Status: A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

## MATTERS GOING FORWARD

13.    Motion of Chandler Bigelow to Extend the Initial Retention Period for the Complete
       Examiner Record (Filed August 25, 2012) (Docket No. 12338)

       Objection Deadline:  September 13, 2012 at 4:00 p.m.

       Responses Received:

              (a)    Objection of Discharged Examiner, Kenneth N. Klee, Esq. to Motion of
                     Chandler Bigelow to Extend Indefinitely the Retention Period for the
                     Examiner Record (Filed September 13, 2012) (Docket No. 12413)

              (b)    United States Trustee's Response in Support of the Objection of
                     Discharged Examiner, Kenneth N. Klee, Esq., to Motion of Chandler
                     Bigelow to Extend Indefinitely the Retention Period for the Examiner
                     Record (Docket Entry #s 12338, 12413) (Filed September 27, 2012)
                     (Docket No. 12474)

              (c)    Debtors' Statement of Position Concerning the Objection of Discharged
                     Examiner, Kenneth N. Klee, Esq. to Motion of Chandler Bigelow to
                     Extend the Initial Retention Period for the Complete Examiner Record
                     (Filed September 28, 2012) (Docket No. 12480)

              (d)    Response of Chandler Bigelow to Examiner's Objection to Motion to
                     Extend the Initial Retention Period for the Complete Examiner Record
                     (Filed October 1, 2012) (Docket No. 12488)

       Related Documents:

              (a)    Order Approving Motion of Court-Appointed Examiner, Kenneth N. Klee,
                     Esq., for Order (I) Discharging Examiner; (II) Granting Relief from Third-
                     Party Discovery; (III) Approving the Disposition of Certain Documents
                     and Information; and (IV) Granting Certain Ancillary Relief (Entered
                     August 26, 2010) (Docket No. 5541)

       Status:        This matter will be going forward.

## FEE APPLICATIONS – CERTIFICATION OF COUNSEL FILED

14.    Notice of Hearing on Monthly Fee Requests and Quarterly Fee Application Requests for
       the Eleventh Interim Fee Period (Filed September 13, 2012) (Docket No. 12422)

       Related Document(s):

              (a)    Index identifying the relevant fee requests, certifications and the Fee
                     Examiner's final reports for the Eleventh Interim Fee Period (Attached
                     hereto as Exhibit A)

46429/0001-8784972v1

    (b)    Certification of Counsel Regarding Omnibus Order Approving Fee Applications for the Compensation Period June 1, 2011 Through and Including August 31, 2011 (Filed October 1, 2012) (Docket No. 12491)

Objection Deadlines:  See respective applicants' monthly fee applications.

Responses Received:  None.

Status:    All fee applications are uncontested and all issues raised by the Fee Examiner with respect to the Applications have been resolved.  A Certification of Counsel, together with a proposed order, has been filed with the Court.  This matter will be going forward unless otherwise directed by the Court.

Dated:  October 2, 2012

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kevin T. Lantry
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000

-and-

James F. Bendernagel, Jr.
1501 K St., N.W.
Washington, D.C.  20005
Telephone:  (202) 736-8000

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By:  _____
    Norman L. Pernick (No. 2290)
    J. Kate Stickles (No. 2917)
    500 Delaware Avenue, Suite 1410
    Wilmington, DE  19801
    Telephone:  (302) 652-3131

    ATTORNEYS FOR DEBTORS
    AND DEBTORS IN POSSESSION