```
                    IN THE UNITED STATES BANKRUPTCY COURT
                       FOR THE DISTRICT OF DELAWARE


IN RE:                          )     Case No. 08-13141(KJC)
                                )     (Jointly Administered)
                                )
TRIBUNE COMPANY                 )     Chapter 11
                                )
                                )     Courtroom 5
                                )     824 Market Street
              Debtors.          )     Wilmington, Delaware
                                )
                                )     October 4, 2012
                                )     10:00 a.m.



                    TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE JUDGE KEVIN J. CAREY
                 UNITED STATES BANKRUPTCY JUDGE



APPEARANCES:

For Debtors:                Sidley Austin
                            BY: JAMES BENDERNAGEL, ESQ.
                            BY: KEVIN LANTRY, ESQ.
                            One South Dearborn
                            Chicago, IL  60603
                            312-853-7163

                            Cole Schotz
                            BY: NORMAN PERNICK, ESQ.
                            500 Delaware Avenue, Ste. 1410
                            Wilmington, DE  19801
                            302-651-2001


ECRO:                       AL LUGANO

Transcription Service:      DIAZ DATA SERVICES, LLC
                            331 Schuylkill Street
                            Harrisburg, Pennsylvania 17110
                            (717) 233-6664

Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

```
APPEARANCES:
(Continued)

For Creditors'
Committee:                 Landis Rath & Cobb
                           BY: MATTHEW MCGUIRE, ESQ.
                           919 North Market Street, Ste. 1800
                           P.O. Box 2087
                           Wilmington, DE  19899
                           (302)- 467-4400


For DBTCA:                 McCarter & English LLP
                           BY: KATHARINE MAYER, ESQ.
                           245 Park Avenue
                           27th Floor
                           New York, NY  10167
                           (212) 609-6800


For Aurelius Capital       Ashby & Geddes, P.A.
Management LP:             BY: LEIGH-ANNE RAPORT, ESQ.
                           500 Delaware Avenue
                           P.O. Box 1150
                           Wilmington, DE  19899
                           (302) 654-1888


For U.S. Trustee:          Office of the U.S. Trustee
                           BY: DAVID KLAUDER, ESQ.
                           844 King Street, Suite 2207
                           Lockbox 35
                           Wilmington, DE  19801
                           (302) 573-6491


For Chandler Bigelow:      Sperling & Slater
                           BY: SEVEN FLORSHEIM, ESQ.
                           55 West Monroe Street, Suite 3200
                           Chicago, IL  60603
                           (312) 641-3200
```

TELEPHONIC APPEARANCES:

For the Debtor,
Tribune Company:          Sidley Austin
                          BY: BRYAN KRAKAUER, ESQ.

                          Tribune Company
                          BY: DAVID ELDERSVELD
                          312-222-4707
                          BY: DON LIEBENTRITT
                          312-222-3651
                          BY: GARY WEITMAN
                          312-222-3394

                          Alix Partners, LLC
                          BY: LAURA J. EISELE, ESQ.
                          248-204-0675

For the Official
Committee of Unsecured
Creditors:                Chadbourne & Parke LLP
                          BY:  DAVID LEMAY, ESQ.
                          BY: MARC D. ASHLEY, ESQ.
                          BY: DOUGLAS DEUTSCH, ESQ.
                          BY: THOMAS MCCORMACK, ESQ.
                          BY: MARC ROITMAN, ESQ.
                          BY: HOWARD SEIFE, ESQ.
                          BY: MICHAEL DISTEFANO, ESQ.
                          212-408-5100

                          Zuckerman Spaeder, LLP
                          BY: ANDREW GOLDFARB, ESQ.
                          BY: JAMES SOTTILE, ESQ.
                          202-778-1800

                          Moelis & Company, LLC
                          BY: JASON WARSAVSKY, ESQ.
                          212-883-3832

For Aurelius Capital
Management:               Akin Gump Strauss Hauer & Feld
                          BY: DEBORAH NEWMAN, ESQ.
                          212-872-7481

For JP Morgan Chase:      Davis Polk & Wardwell, LLP
                          BY: ANGELA LIPPY, ESQ.
                          212-450-4433

For Employees'
Compensation Defendant's
Group:                    Frank Gecker, LLP
                          BY: REED HEILIGMAN, ESQ.
                          312-276-1432

TELEPHONIC APPEARANCES:
(Continued)

For Bank of America:          O'Melveny & Myers (NY Office)
                              BY: DANIEL S. SHAMAH, ESQ.
                              212-326-2138
                              BY: EVAN JONES, ESQ.
                              212-430-6236
                              BY: DANIEL CANTOR, ESQ.
                              212-326-2000

                              Bank of America
                              BY: ESTHER CHUNG
                              646-855-6705

For Former Directors
and Officers:                 Grippo & Elden, LLC
                              BY: GEORGE DOUGHERTY, ESQ.
                              312-704-7700

For Matthew Frank:            Alvarez & Marsal, LLC
                              BY: MATTHEW FRANK, ESQ.
                              312-371-9955

For Wells Fargo Bank:         White & Case
                              BY: ANDREW ZATZ, ESQ.
                              212-819-7825

For Chandler Bigelow:         Sperling & Slater
                              BY: GWEN NOLAN, ESQ.
                              312-641-3200

For EGI-TRB, LLC:             Jenner & Block, LLP
                              BY: ANDREW VAIL, ESQ.
                              312-840-8688

For GMP Securities, LLC:      ANDREW M. THAU
                              212-692-5178

For the Examiner,             Klee Tuchin Bogdanoff & Stern, LLP
Kenneth Klee:                 BY: DAVID M. STERN, ESQ
                              310-407-4025
                              BY: MARTIN BARASH, ESQ.
                              310-407-4005
                              BY: KENNETH N. KLEE, ESQ.
                              310-407-4080

For the Seaport Group:        BY: KENNETH SMALLEY
                              212-616-7763

```
TELEPHONIC APPEARANCES:
(Continued)

For Mercer US, Inc.:      Freeborn & Peters, LLP
                          BY: DEVON J. EGGERT, ESQ.
                          312-360-6378

For Davidson & Kempner:   DK Partners
                          BY: EPHRAIM DIAMOND, ESQ.
                          646-282-5841

For Lawrence Crain:       Greer Burns & Crain
                          BY: LAWRENCE W. CRAIN, ESQ.
                          312-987-4002

For Associated Press:     BY: RANDALL CHASE
                          302-674-3037
```

WILMINGTON, DELAWARE, THURSDAY, OCTOBER 4, 2012, 10:00 A.M.

1          THE CLERK:  All rise.  Be seated, please.

2          THE COURT:  Good morning, everyone.

3          MR. PERNICK:  Good morning, Your Honor.

4          MR. STERN:  Your Honor.

5          MR. PERNICK:  Your Honor, Norman Pernick from

6  Cole Schotz for the Debtors, Tribune Company.

7          We have one matter on for today.  I'm not sure if

8  the Court wants me to go through the agenda.  The only item

9  or that is not continued that the Court hasn't entered order

10  -- excuse me, is item number -- one moment, Item No. 11.

11          THE COURT:  I did sign that order.

12          MR. PERNICK:  Okay, thank you, Your Honor.

13          THE COURT:  I'm not sure why it hasn't hit the

14  docket yet, but I'll follow up on it.

15          MR. PERNICK:  So that would take us to Item No.

16  13, which is the motion of Mr. Bigelow to extend the initial

17  retention period for the complete Examiner record to be

18  retained.  And I think I'll turn it over to counsel.

19          THE COURT:  All right.

20          MR. FLORSHEIM:  Good morning, Judge.  Steve

21  Florsheim, on behalf of Chandler Bigelow.

22          MR. STERN:  Good morning, Your Honor, David Stern

23  on behalf of the Examiner.

24          MR. FLORSHEIM:  Two years ago, Your Honor

1    determined that the Examiner's record, the complete Examiner

2    record, would be retained for two years.  I think at that

3    time, the parties and everybody contemplated that that would

4    allow time for the litigation to be filed and people to do

5    discovery.  A couple months after that, the paid claims

6    against my client and all the other directors and officers

7    were filed, but as you know, there has been a stay that's

8    been in place for the entire time since then from day one.

9            We are asking today for Your Honor to extend

10    that.  We're adopting the recommendation of the Debtor to

11    extend it for two years more right now, so that we will have

12    an opportunity to do what we think everybody contemplated

13    back then.

14            We're not seeking to have anything turned over.

15    At this point, I think we don't have any idea what parts of

16    the examiner record, if any, will turn out to be necessary.

17    In large part, there is a number of third-party documents

18    that are included in the Examiner record and I would expect

19    that everyone along with us, would attempt to get those once

20    discovery begins from those third parties, if they still

21    exist, and come back to the Examiner, and if necessary, to

22    the Court, if we find that they don't exist any longer in

23    some other place.  And at this point really, we're just

24    looking for the status quo to continue to give us an

25    opportunity to do what I think everybody contemplated two

1   years ago.

2          THE COURT:  I have some questions.

3          MR. FLORSHEIM:  Sure.

4          THE COURT:  Do you have a copy of the Examiner's

5   objection handy?

6          MR. FLORSHEIM:  Yes, I do.

7          THE COURT:  Okay.  Let me refer you to Paragraph

8   14.

9          MR. FLORSHEIM:  Fourteen, I'm sorry?

10          THE COURT:  Fourteen.

11          MR. FLORSHEIM:  Okay.

12          THE COURT:  In which he says that the only

13   documents part of the record, and I'm paraphrasing, that

14   were not made public are, number one, privileged materials,

15   depository documents not used, and third party documents not

16   used.  Do you agree with this?

17          MR. FLORSHEIM:  I don't know what's in the

18   complete Examiner record.  I have no reason to doubt that

19   those are the categories.  The only part of it that I think

20   would be open to debate is he refers to things as privileged

21   materials.  And I know that the Court has kept open the

22   issue of what exactly might constitute a privileged document

23   or not, but certainly --

24          THE COURT:  Well the Discharge Order says that

25   the Examiner says they're privileged --

1                    MR. FLORSHEIM:  Absolutely true.

2                    THE COURT:  -- and the Debtor takes issue with

3     that, and that's embodied in the Discharge Order.  But I'm

4     not aware of anybody else that's challenged the claim of

5     privilege.  I'm not suggesting the time to do so has passed,

6     but so far as I know, that's the only party, at least as I

7     recall it, and as the order reflects, that had a question on

8     that.

9                    MR. FLORSHEIM:  Well let me be clear then for the

10    record.  I believe myself, on behalf of my client, that we

11    would -- while we believe that certain portions of the

12    examiner record are likely to be privileged, and from what

13    we know of them never seeing a privilege log, it seems

14    obvious that something would be privileged.  But other

15    portions of them, I think we would challenge it.

16                    Specifically, I would refer to things that are

17    the transcriptions of some of the interviews with some of

18    the witnesses that don't reflect -- I don't -- of course I

19    don't know what they say, but to the extent they don't

20    reflect counsel's mental impressions and they're the only

21    records that would exist, we think that they're -- that

22    those would probably not be privileged.  Certainly to the

23    extent and we go further to than that and say that to the

24    extent that those un-transcribed witness records are

25    actually quoted in the examiner report, to the extent that

1  those are ever deemed to be admissions of parties or

2  statements that would actually be accepted by a Court for

3  evidentiary purposes, we think that all of the complete

4  record around that for context and other things would also

5  probably not be privileged.

6         THE COURT:  Let me refer you to Paragraph 9 of

7  the objection.  There are different categories of documents

8  that are listed as defined in the Discharge Order.  The

9  first is depository documents.  Can you explain to me or

10  refresh me about where they exist.  Is there a room or is it

11  totally in the ether?  Who has access to it and under what

12  conditions?

13         MR. FLORSHEIM:  I'm not sure that I know the full

14  answer to it.  I know that many parties have access to some

15  or all of the depository documents through the -- through an

16  online, you know, ether sort of format.  I don't know if

17  they're actually is physically a room.  Somebody else may

18  know the answer to that question.  Our focus, and I gather

19  from what I have read, that there are things that -- the

20  part that are made public are those things that have been

21  cited in the Examiner's report which is a large body of

22  documents.

23         THE COURT:  And to which parties waived whatever

24  rights they may have had in connection with that disclosure.

25         MR. FLORSHEIM:  Correct.

1          THE COURT:  Okay.  And is there any reason why

2    Mr. Bigelow couldn't get the documents that have been

3    designated as third-party documents used or not used in the

4    report?

5          MR. FLORSHEIM:  Yeah.  Well at this point in

6    time, we can't get anything because we've been stayed from

7    doing it.  But at the time that we're -- on the assumption

8    that eventually discovery will open, presumably to the

9    extent that people retain those documents, we would expect

10   them to get them from third parties.  To the extent that

11   those documents no longer exist, people may have discarded

12   things in the last couple years, and we know of some

13   instances where we believe that has happened at least.

14   Possibly at this point, the only existing copy of those

15   documents might be the things in the complete Examiner's

16   record.  I'm speculating, but I think anyone taking the view

17   that those documents are necessarily still out there, would

18   also be speculating.

19         THE COURT:  Well have you sent litigation hold

20   letters to any of these parties?

21         MR. FLORSHEIM:  We have sent litigation hold

22   letters to certain parties, but at this point, we didn't

23   send it to everyone in the world because we haven't even had

24   a chance to do basic interrogatories and necessarily find

25   out -- I don't necessarily know that I know the world of

1  people that we might want to seek discovery from at this

2  point in time.

3           THE COURT:  I confess that while I know these

4  matters are very complicated and involve many, many parties,

5  I find it difficult to believe that the universe is unknown

6  at this point.

7           MR. FLORSHEIM:  Your Honor, I think that -- I

8  respectfully disagree.  I think large portions of the

9  universe is certainly known, but I don't think that at this

10 point, having had no opportunity -- we haven't had initial

11 disclosures.  We haven't had the opportunity to do anything.

12 But to say that the entire universe is known, I think is

13 putting an unfair burden on the parties.

14          THE COURT:  All right.  Do you have anything else

15 in support of the motion?

16          MR. FLORSHEIM:  No, Your Honor, other than just

17 to say that we think that the burden of continuing to retain

18 these documents is really very minimal and the potential

19 harm if these documents are now en masse destroyed without

20 giving people an opportunity to find out what might be

21 important and what is not would be potentially very harmful

22 not only to Mr. Bigelow, but to many other of the Defendants

23 and possibly, the Plaintiffs in these litigations.  Thank

24 you.

25          THE COURT:  I'll hear from the Examiner.

1          MR. BENDERNAGEL:  Your Honor, can we --

2          MR. STERN:  Yes, Your Honor, this is David Stern.

3    I'm on the phone.  Hopefully, I'm coming in clear.

4          THE COURT:  Yes, you are, but one moment, please.

5    Mr. Bendernagel has come --

6          MR. BENDERNAGEL:  Well before Mr. Stern talks,

7    since we came in in support of the motion, it seems more

8    appropriate that the Debtor speak, if that pleases Your

9    Honor.

10         THE COURT:  Go ahead.

11         MR. BENDERNAGEL:  Your Honor, as you know, we

12   supported the motion.  In answer to your questions to Mr.

13   Florsheim, I think the answers with respect to Paragraph 14

14   are, broadly speaking, those are the three categories of

15   material that the Examiner has.

16         With respect to the question of third party

17   documents and whether that universe is known, the answer is

18   it probably isn't.  The Examiner did not identify in

19   specific, what was provided to him in that respect.  It's

20   not clear to me that he identified every one he necessarily

21   spoke to.  And as a consequence, there may be some

22   uncertainty as to exactly what the Examiner got from

23   different parties along the way in the examination and the

24   like.

25         In terms of why we support the motion, I stood up

1  here in front of you two years ago and told you I thought

2  you ought to retain these documents and you agreed and you

3  indicated they'd be retained for two years with a showing of

4  good cause.  And quite frankly, I think that showing's been

5  made.  There's no real question that the documents at issue

6  are potentially relevant to the matters that are in

7  litigation in New York.  In fact, it would be impossible for

8  them not to be relevant in that regard.

9           Secondly, as Mr. Florsheim pointed out, the case

10  has been stayed in New York and as a consequence, they

11  haven't had the opportunity in that case to essentially do

12  what is necessary to be able to demonstrate that they need

13  the documents.  And that's to find out whether there are

14  other sources for this material.  They also haven't had the

15  opportunity to conduct discovery directly to the Examiner,

16  so as a consequence, they've been stymied.  And they've been

17  stymied in part because the parties in this litigation asked

18  that that happen.  Nobody was saying that that stay

19  shouldn't stay in effect, everybody was saying the stay

20  should stay in effect for obvious reasons.  We wanted to get

21  through the bankruptcy and out of the bankruptcy, and we've

22  sort of accomplished that, which is a good thing.  But, you

23  know, one of the ramifications of that is that this

24  litigation that we sort of kicked into the future, hasn't

25  moved forward.  And it's not likely to move forward for

1  another year given Master Order No. 3 which basically says

2  all discovery is stayed until after the 546(e) Motions in

3  New York are resolved sometime after next March because

4  that's when they're scheduled to be heard.

5        Finally, it's not very difficult to envision how

6  these documents could come up.  Mr. Florsheim talked about

7  one example where a third party -- it turns out some third

8  party documents were destroyed.  I think the more logical

9  situation, and the more troubling situation, and this is

10  trouble just from the day we saw the Examiner's report, and

11  what he did is that he cites verbatim in his report,

12  statements by people at interviews that were not

13  transcribed, but he cites verbatim.  And a lot of those

14  people probably will be deposed and they'll be asked, did

15  you say this?  And the question will be in what context?

16  And that's how this issue most likely is going to arise.

17        And it's been our position because we've asked

18  for those transcripts to be made part of the document

19  depository back in 2010, you said no.  And left the issue of

20  privilege with respect to that material to be resolved down

21  the road.  And it seems to me, it's not appropriate to

22  resolve that now.  It shouldn't be resolved in a vacuum.

23  And as a consequence, I think the material should be

24  maintained.

25        With respect to the arguments against it, one was

1   indefinite time period.  We said two years.  We think it's

2   right, two years, because one year is just too short given

3   what Master Order No. 3 says.

4           With respect to the harassment point, there

5   hasn't been any harassment to date.  And my sense is there's

6   a lot better ways to deal with harassment than throwing away

7   documents that are relevant to an ongoing lawsuit.  In terms

8   of cost, the order that you entered already deals with that.

9   It says that his costs are going to be covered, so that's

10  not an issue.

11          And finally, with respect to this policy, the

12  argument that it's bad policy, my reaction is what's bad

13  policy is throwing away documents in the middle of a

14  litigation.  And that's essentially what you're being asked

15  to do here today.  And I understand that there is a desire

16  to protect the Examiner, but there are better mechanisms to

17  do that, than what's being proposed here.  That's what our

18  position is, Your Honor.

19          THE COURT:  Well tell me what the state of the

20  depository is.  Who maintains it at this point?

21          MR. BENDERNAGEL:  Oh, we do.  And the depository

22  is not nearly as elaborate as people seem to suggest.  What

23  the depository consists of is I think it's 150 CD's that

24  have been collected by the Debtors over time and maintained

25  by the Debtors.  And people that have asked us and have been

1    willing to sign onto the Protective Order that you filed in

2    December of -- or you signed in December of 2009, have

3    copies of those 150 CD's.  You ordered that we make

4    available to the Litigation Trustee on the effective date,

5    the 150 CD's.  And it's my understanding, and I think we've

6    told this to the Litigation Trustee or at least to the

7    Committee that, you know, we're ready to do that.  The 150

8    CD's are available and --

9            THE COURT:  So why shouldn't the Examiner be able

10   to dispose of any depository documents that he still has?

11           MR. BENDERNAGEL:  My sense is that he doesn't

12   need to maintain those.  We're already maintaining that

13   stuff.

14           With respect to the third party documents, it

15   seems to me that, you know, that's an open issue because

16   nobody really knows what that consists of.

17           And, you know, finally, you know, with respect to

18   the privilege material, you have this ongoing debate as to

19   how that's significant.  And look, the privilege material

20   could be significant beyond the example I gave.  And that

21   becomes -- where that becomes a question is whether in the

22   future the Examiner gets pulled into this litigation by one

23   of the litigants and a Judge in some Court says that that

24   report is admissible.  Now I'm not sure, that's a lot of

25   ifs, but the fact that it could happen, suggests that you

1  ought to keep the material.  That's all I have, Your Honor,

2  unless you have a question for me.

3           THE COURT:  I don't, thank you.  Now I'll hear

4  from the Examiner.

5           MR. STERN:  Thank you, again, Your Honor.  This

6  is David Stern of Klee, Tuchin, Bogdanoff & Stern on behalf

7  of the Examiner, Mr. Klee.

8           Approximately a little more than two years ago,

9  just after the Examiner issued his report, he came to this

10  Court and asked to be discharged.  To be permitted to

11  deposit the backup documents relating to his report with

12  Epic, to be immunized from discovery, and to be permitted to

13  deal with or dispose of any of the documents not part of the

14  Examiner report.

15           At that time, the primary opponent, and maybe the

16  only opponent was the Debtor.  And, I'm sorry?

17           THE COURT:  Nobody said anything.

18           MR. STERN:  Oh, okay, there was just an echo.

19  And the Debtor basically gave two reasons for taking the

20  position that there shouldn't be document destruction.  The

21  Debtor said it was unclear if the Examiner was going to be

22  asked to perform additional tasks possibly correcting,

23  amending, or supplementing his report.  And at that point,

24  the bankruptcy case was not yet concluded.  This Court

25  ultimately determined to defer a portion of the Examiner's

1    request for two years.  And at that time, what Your Honor

2    said in the August 20 of 2010 transcript, which I reviewed

3    just recently, on Page 37 was at the end of the two-year

4    period, any party opposing destruction has to carry the

5    burden that the relief shouldn't be granted.

6            We're here now more than two years later, and as

7    the U.S. Trustee has noted, hundreds of parties were

8    interested in the report in the case and not a word has been

9    heard from any of them save Mr. Bigelow who now is saying

10   that two years is not enough and we ought to keep this going

11   at least until the litigation in New York is concluded.  If

12   the past is any guide as to how long that will be, we will

13   all be a good deal older before that occurs.

14           Let me just sort of say that in the Examiner's

15   view, and I think the U.S. Trustee's view, as a matter of

16   first principles, we're somewhat back to where we were two

17   years ago.  It is certainly our view that Examiners, like

18   other quasi-judicial counterparts such as Special Masters

19   and Mediators, should never be subject to discovery.  And

20   the only exception to that is if they are charged with fraud

21   or similar conduct, and happily, that's not a concern here.

22   And we recognize that's an absolutist position.  And we

23   think that the absolutist position is the correct one

24   because really do believe that Special Masters and Mediators

25   and Examiners should be above the fray.

1          Both Mr. Florsheim and Mr. Bendernagel mentioned

2    discovery from the Examiner because that's where this

3    ultimately goes.  And in our view, that is highly

4    destructive of the process and basically will result in

5    future Examiners having to tailor their investigations to

6    avoid certain, what I'll term high issues, in order to avoid

7    the possibility of stepping into the discovery battle from

8    which they may never emerge.

9          Let's assume that Your Honor doesn't buy my

10   notion that we should take an absolutist position, and I

11   really do believe as a matter of principle, we should.  The

12   rationals offered here are particularly flimsy.  There is

13   the argument that the Examiner might have some document that

14   no one else has. I don't know how we ever determine that in

15   any reasonable period of time.  But there is certainly no

16   showing that that is a problem as of the present time.

17         As Your Honor indicated, litigation hold letters

18   can and should have been issued to everybody.  And if there

19   is that one isolated individual out there that after all

20   this time, the Debtor and Mr. Bigelow don't know about, it's

21   hard to imagine that the document that that individual has

22   is of any significance to this case.

23         The second is that he has notes never made public

24   that might contain something useful.

25         And the third is he -- that the Examiner has

1  notes that contain statements quoted in the report.

2          With respect to the so called, you know, unique

3  document, we've already dealt with that.  On the other

4  points, the Examiner undoubtedly has notes that have never

5  been made public, but they shouldn't be made public.

6  Whether it's considered part of the attorney/client or a

7  work product privileges, it is hard to imagine a set of

8  circumstances under which those notes as a matter of policy,

9  as a matter of practice, are to ever be made public.  And

10  again, even going to the question of relevance.  Why would

11  it matter that the Examiner made certain notes or had mental

12  impressions?  Those aren't relevant to any issue in any

13  piece of litigation.

14          On the final point, as far as the quotations that

15  were utilized, if someone thought they were misquoted or

16  quoted out of context, you think they would have said

17  something in two years.  That hasn't happened.  And

18  ultimately, if the Examiner misquoted somebody, so what?

19  That person can say that they were misquoted when they're

20  deposed or when they testify.  The ability to use the

21  Examiner report to impeach them would seem to be slim and

22  none.  And in any event, they can always put something into

23  context if that is what's going on.

24          Our basic bottom line point is Examiners do

25  perform a valuable function and I think Mr. Klee's

1    performance here was exemplary.  I don't think there's

2    really a lot of dispute with that, although I know that not

3    everybody loved his conclusions.  But we believe that at

4    this particular point, the notion that we ought to continue

5    to maintain this or as one of the objectors, either the

6    Debtor or Mr. Florsheim suggested, you know, maybe we ought

7    to parse through these to go through some and others which

8    is even perhaps a worse task.

9         The time truly has come to, if you will, push the

10   delete button on this, to let Mr. Klee go on his way and to

11   let the litigants before Judge Pauley or anyone else, have

12   at it, do what they will.  There's certainly not going to be

13   a girth of evidence.  The notion that the Examiner can or

14   should have something to contribute to that is unfounded and

15   I think the time has come to end this.  Thank you.

16        THE COURT:  Mr. Stern, what is the burden on the

17   Examiner or his professionals in simply for the moment,

18   maintaining the status quo?

19        MR. STERN:  In a nutshell, there is no burden

20   save and except that as long as he does that, he is subject

21   to getting dragged into discovery and having to litigate

22   these issues in one or more other Courts other than this one

23   from now until some point in the indefinite future.

24        THE COURT:  But what --

25        MR. STERN:  But if you're asking me whether or

1   not, as a matter of cost there is any difference between

2   deleting it today and deleting it a year from now, there is

3   none.  It is rather the simple fact, I think at some point

4   it was referred to as the Examiner's piñata.  I think that's

5   perhaps a little overly dramatic, but that is ultimately,

6   the Examiner is target.  He remains a target for as long as

7   those documents exist and it's time to take the target, if

8   you will, off his back.

9            THE COURT:  Yeah, I think that was my term, so.

10           MR. STERN:  Okay.

11           THE COURT:  I'll own up to that one.  Well, let

12  me ask this to play a scenario through.  If Mr. Bendernagel

13  is correct that the two-year period was chosen on the

14  assumption that sometime within that period there would be

15  litigation activity and requests to the Examiner, tell me

16  how you think formal or informal requests, if they had

17  happened within that two-year period, under the terms of the

18  Discharge Order, would play out.  Do you understand?

19           MR. STERN:  I would like to think that if someone

20  had requested from us a document, for the most part, we

21  would have declined to do it.  We'd just sort of decline to

22  give it up.  But if there were some true demonstration

23  within that two-year period that that document existed

24  nowhere else, and we're not talking about Mr. Klee's notes

25  or his lawyer's notes, you know, I assume at that point, if

1  we could have gotten it, we would have given it to the other

2  side.  I realize where that leads in terms of the slippery

3  slope, but the simple fact is if we'd be asked and we had,

4  you know, a particular document that no one else had, we

5  would have given it.

6           THE COURT:  So if I read the Discharge Order

7  correctly, what would happen is because the order provides

8  specifically, you don't have to file a Motion for a

9  Protective Order, if you decline to turn something over that

10  somebody thinks they're entitled to have, they must come to

11  this Court and ask for an order directing you to do that.

12  Am I correct about that?

13           MR. STERN:  I believe that is correct, Your

14  Honor.

15           THE COURT:  Okay.  And to the extent there are

16  expenses incurred, those are to be borne by the estate.  Am

17  I correct about that?

18           MR. STERN:  That is definitely correct, Your

19  Honor.

20           THE COURT:  So that while some activity might be

21  required by the Examiner or his professionals, the cost of

22  such activity would be -- none of it would be imposed upon

23  the Examiner.  Am I correct about that?

24           MR. STERN:  As long as the Debtor was around,

25  that's absolutely true.

1          THE COURT:  Well I did make a determination that

2    the plan was feasible.  Now granted --

3          MR. STERN:  Not indefinitely, but if -- that's

4    correct, Your Honor.  I mean, I'm not trying to float rumors

5    in the marketplace to the contrary, but rather once we open

6    up the indefinite timeframe, and I believe it is indefinite.

7    I further, you know, would indicate that it's not 100

8    percent clear to me that if someone were to serve a subpoena

9    upon Mr. Klee out of Judge Pauley's Court, that Your Honor

10   would necessarily be the judicial officer charged with

11   determining the claims of privilege in the balance.  It's

12   just unclear to me what happens at that point, whether it's

13   Judge Pauley or, you know, potentially a District Judge in

14   the Central District of California who's going to be asked

15   to decide that question.  I truly don't know the answer to

16   that at this point.

17          THE COURT:  Well I have some thoughts about that

18   and it goes somewhat along these lines.  Judge Pauley and I

19   have been in periodic communication.  He sends me copies of

20   his Scheduling Orders.  And I keep him posted with decisions

21   that I think would be relevant to what's going on before

22   him.  And I would expect that kind of cooperation to

23   continue.  And one of the things I would be hopeful of is

24   being able to work out some process in which the doubt you

25   expressed wouldn't arise.

1          Now I know there as you say, there's litigation

2    other than the MDL litigation, but really the, it seems to

3    me, the center of gravity rests in the MDL litigation, but

4    there's no reason I couldn't work cooperatively with other

5    Courts involved.  In fact, I would expect I could and would.

6    But it's an issue to be addressed and I acknowledge that.

7          MR. STERN:  Your Honor?

8          THE COURT:  Yes.

9          MR. STERN:  If I might, I still think that there

10   is a, you know, sort of a fundamental threshold problem,

11   what I term the absolutist position.  Which is that the

12   notion that one of your Examiners, or for that matter if,

13   you know, if there were Special Masters, if there were

14   Referees, if there were Mediators, should be subjected to

15   discovery is still a very significant and open question.

16         THE COURT:  I understand that.  And, you know, it

17   involves, I think, a right that a lot of the decisional law

18   and Courts consider to be exclusive to Bankruptcy Courts.

19   You know, hence the *Barton Doctrine* in which the Third

20   Circuit has spoken recently, as have I.  So I'm familiar

21   with the principles involved, but I try not to let my

22   possessiveness get in the way of the efficient conduct of

23   litigation.  And I think it's expected that Judges who have,

24   well, what I'll call for lack of a better term, parallel

25   proceedings in different Courts, should work cooperatively

1   to make the progress of litigation more efficient.  But I

2   understand, and again, I'll use my words, not yours, you

3   don't want your client thrown to the wolves and I understand

4   that.  Okay.  Let me hear from the U.S. Trustee.

5          MR. KLAUDER:  Good morning, Your Honor.  David

6   Klauder, for the United States Trustee.  As you know, our

7   office filed a pleading in support of the Examiner's

8   objection which I think tracks to their arguments why the

9   retention period shouldn't be extended any further.  Our

10  office believes in this case, the Examiner is an independent

11  party who was appointed to do a job which was to investigate

12  the LBO transaction and issue a report which he did and

13  performed that job and was rightfully discharged by this

14  Court, including a much discussed at the time two years ago

15  provision with regard to this retention period and much

16  negotiated.

17         And the concern here is, although the two-year

18  period sounds nice, I -- although I don't believe the

19  Debtors indicated that, I think that will also come with the

20  -- and parties can ask for that be extended two years from

21  now.

22         So while that sounds nice, the two-year limit, I

23  fear and I suspect, and I'm sure the Examiner feels the same

24  way, that that's an illusory deadline because of the nature

25  of this litigation.  We've already heard basically nothing's

1   going to happen for a year, so we're going to be a year down

2   the road, we're in the spot.   And I think that two-year

3   limit is really just an indefinite extension.   And that's

4   the concern that we have and we support the Examiner that

5   the Examiner should not be a source of discovery for years

6   and years by litigants.

7           THE COURT:   Look, the -- I agree with the U.S.

8   Trustee and I agree with the Examiner that it seems unfair

9   that the Examiner, whose job is to work for the Court, but

10  from whose work other parties benefit, ought not to be on

11  the hook indefinitely.   And maybe it was expected things

12  would happen in the two-year period where, to the extent

13  there were going to be issues of what the Examiner was going

14  to be required to do would be resolved.   That didn't happen.

15  And maybe you're right based upon how things have developed,

16  two years wouldn't be -- two additional years wouldn't be

17  enough.

18           But it also seems to me that to the extent that

19  arguably, and we're just speculating here, third party

20  documents which are available now and held by the Examiner

21  which might not be obtainable later, shouldn't be destroyed.

22  Or to the extent someone has a claim of privilege that's not

23  yet been ripe to assert, would be prevented from trying to

24  reach that otherwise -- well, trying to reach that

25  privileged information or work product covered information,

1    but would lose that opportunity as well.  That doesn't seem

2    to fair to me either.  How do you respond to that?

3               MR. KLAUDER:  Well, I mean, I certainly

4    understand that position.  I mean, I'm not in a -- I don't

5    follow the MDL litigation and people are saying it's stayed

6    and they can't do anything.  And, you know, I can't really

7    respond to that.

8               THE COURT:  You don't have to.  It's true, as it

9    happens.

10              MR. KLAUDER:  Okay, right.  But I mean, the

11   Examiner has strong positions as to the admissibility of

12   those documents.  And --

13              THE COURT:  But no party, Mr. Klauder, whether

14   Court appointed or not, has the unfettered unilateral right

15   to declare what's privileged.  That's ultimately if there's

16   a dispute that's up to a Court.  Correct?

17              MR. KLAUDER:  Correct, correct.

18              THE COURT:  Okay.  And he may ultimately prevail

19   on every claim of privilege that he makes.

20              MR. KLAUDER:  Yeah.  And I think it's sort of a

21   balancing test that Your Honor is going to have to do where

22   you have, you know, what seem to be two reasonable

23   positions, but you know, we believe the Examiner's role in

24   this case at some point, he's got to be out.  And, you know,

25   it's a unique role.  He's certainly not a litigant.  And so

1  it's just at some point the cord has to be cut and we

2  support the Examiner on that at this point.

3           THE COURT:  All right, thank you.

4           MR. KLAUDER:  Thank you.

5           THE COURT:  Now that consists of all the parties

6  who filed pleadings in connection with this motion, but I

7  will ask is there anyone who's not yet been heard, who

8  wishes to be heard on this subject?

9           MS. NEWMAN:  Your Honor, this is Deborah Newman

10 from Akin, Gump, Strauss, Hauer & Feld, on behalf of

11 Aurelius Capital Management.  May I be heard?

12          THE COURT:  Go ahead.

13          MS. NEWMAN:  We agree with Mr. Florsheim and Mr.

14 Bendernagel that given the pending MDL litigation, the

15 Examiner's records should be retained and the status quo

16 should be maintained.  And we believe that that the two-year

17 retention period that's been proposed by the Debtors is

18 reasonable.

19          THE COURT:  All right, thank you.  Anyone else?

20          MR. KLEE:  Yes, Your Honor.  This is Ken Klee,

21 the Examiner.

22          THE COURT:  Yes, Mr. Klee.

23          MR. KLEE:  Even though I'm represented by

24 counsel, I'd like to be heard.

25          THE COURT:  Okay.

1           MR. KLEE:  I'm 63 years-old.  I don't know when

2   I'm going to retire.  And I never would have undertaken the

3   assignment of Examiner, if I thought I was going to be stuck

4   with an open-ended obligation to keep documents while other

5   parties decided to litigate.  I made every document that I

6   found in this case public.  I attached it to my report that

7   was unprecedented.  The only documents I have that are at

8   issue here, Your Honor, are my personal notes.  And if they

9   want those notes, they should bring on a motion and we

10  should litigate this now while I'm still active and

11  practicing law.  That's my position and I thought the Court

12  should know it.

13          THE COURT:  Thank you, Mr. Klee.  And again,

14  please accept my thanks for the role that you played here

15  and the service that you offered to the Court, it's most

16  appreciated.

17          MR. KLEE:  You're welcome, Your Honor.

18          THE COURT:  Okay.  Anyone else?

19               (No audible response.)

20          THE COURT:  I'll give the Movant the last word,

21  if he wants it.

22          MR. FLORSHEIM:  Very briefly.  Steve Florsheim

23  again, Your Honor.

24          Just two thoughts that occurred to me while

25  listening to everybody else speak.  One is on the question

1  of the litigation hold.  Really a minor point, but I did

2  want to observe that we weren't -- my client at least,

3  nobody was sued in this case until, you know, some months

4  after the Examiner's report came out.  I don't know if it

5  would be fair to put any kind of burden on people to issue

6  litigation hold documents prior to the issuance of the

7  litigation that nobody knew what it was going to say or what

8  the claims would be.  And so, while we certainly don't know

9  today what people have kept or what they haven't kept, there

10  was certainly a period of time after the Examiner's report

11  came out or even before the Examiner's report came out when

12  people gave him documents when we have no idea whether

13  documents were retained or not.

14            I just want to reiterate.  On the two-year point,

15  Your Honor, the proposal that the Debtor has made that we're

16  adopting here.  I think that the burden on the parties would

17  be -- me, would be significantly higher if we were coming

18  back and asking for some kind of an open-ended extension

19  beyond that period, if the stay has been lifted by that

20  point in time.  I can certainly imagine that if, for

21  whatever reason, I don't think that's likely to be the case,

22  that the stay is still in place in two years, we would be

23  back saying the exactly the same thing that we are saying

24  right now.  But I think everybody who is involved in the MDL

25  litigation, believes that some time in the next year, we're

1  going to have rulings on the 546(e) Motions.  Any of those

2  Motions to Dismiss will be granted and what will remain will

3  essentially be the FitzSimons case and that will go back and

4  discovery will be proceeding.  Or they won't be granted, in

5  which case, the claims will be proceeding in the MDL and

6  there will be an opportunity for everybody to take discovery

7  from the third parties.

8           I think the order that Your Honor entered two

9  years ago, makes it pretty clear that if we're seeking third

10 party documents that happen to be in the Examiner's record,

11 it's going to be our burden to show that we can't get it

12 from somewhere else.  That's pretty clearly what the order

13 says; how we interpret it at least.  We wouldn't be going

14 first to the Examiner.  So we have a burden to go, to go out

15 to those people first.  I think had we tried to come to this

16 Court today or at some time in the last two years and said

17 we're stayed from getting discovery from third parties, but

18 if it was from the Examiner, I think we would have been --

19 we would have lost that very quickly.

20          We just want the opportunity, Your Honor, to be

21 able to seek out what we need from third parties and

22 ultimately, if we have a need to come back and ask for

23 something from the Examiner, we'll do that.  And I think

24 this Court, or if it turns out to be Judge Pauley in

25 whatever cooperative procedure you come up with, determines

1   that, you know, we win or we lose on that, I think that's

2   fair.  But I think that we should have our, you know,

3   essentially, our day in Court, if we need it, to be able to

4   seek these documents and address any privilege issues that

5   might come up or the genuine need the parties have for the

6   documents.  Thank you.

7              MR. BENDERNAGEL:  Your Honor, can I just ask a

8   question?  You had indicated, I think when Mr. Stern was

9   talking, that you had some thoughts as to the issue of how

10  the whole issue of these questions would get litigated, in

11  terms of whether it be Judge Pauley, whether it would be

12  you, and the like.  It does seem to me that one thing that's

13  absolutely clear is the question of whether, in fact, the

14  Examiner's been fully compensated would come back to you.  I

15  mean, it's conceivable in my mind, that the actual discovery

16  issue might be resolved by Judge Pauley in the sense that,

17  as I envision this discovery, it's going to have to be very,

18  very limited.  It's going to have to be targeted.  You know,

19  with respect to these notes, it's not going to come up the

20  way Mr. Stern described it.  It's going to come up where the

21  person acknowledges that he made that statement, but can't

22  remember the context.  That's when it's going to come up and

23  that's why it's important that the material be resolved.

24              I think that's a question that Judge Pauley could

25  resolve.  Obviously, you could resolve the issue.  But the

1    question of does the Examiner get paid for having to work on

2    that issue, it seems to me, to the extent that they ended up

3    in a situation where they didn't get paid in the District

4    Court, and the District Court just didn't tell the person

5    that was asking for the material, if you want the Examiner

6    to do that, you pay him to do it.  It seems to me, that they

7    always have recourse to come back to you and say, hey, you

8    retain jurisdiction with respect to these compensation

9    issues.  You said that the Debtor and its successors and

10   interests would be responsible, we're here today to resolve

11   any open issue in that regard.  Thank you.

12            THE COURT:  Well, I mean, and that's all arguably

13   true.  You know, Mr. Klee says I'm 63.  And, you know, I'll

14   note, he looks pretty good for 63, I think.  But how long's

15   the litigation going to take to, you know, to windup?  And,

16   you know, are they going to be calling his retirement home

17   and saying, we need to depose Mr. Klee?  I mean, at what

18   point is there an end?

19            MR. BENDERNAGEL:  Well, I'm 61, and if somebody

20   wants to talk to me when I'm 65, I'll be happy to answer

21   their questions, but --

22                      (Laughter)

23            THE COURT:  Assuming you can, right?

24                      (Laughter)

25            MR. BENDERNAGEL:  That's right, yeah.  You know,

1    the alternative is that I'm not there, which isn't a good

2    one.  But the situation is, I don't think it's going to take

3    that long.  It seems to me, the problem you have here is

4    there hasn't been any discovery, so there's no way in the

5    world you can make the showing do they really need this

6    stuff.  Now my guess is Judge Pauley will allow discovery to

7    move forward relatively quickly in a year from now, or after

8    the March decision.  And at that juncture, people are on

9    notice.  They got to get this thing done.  And they've got

10   to move forward in that regard.  And it seems to me, that

11   this concern that the government expresses that it's going

12   to go on forever, that's just not -- this case isn't going

13   to go on forever, and the like.  And look, if nothing else

14   accomplished today, Aurelius and the Debtor are in agreement

15   on something, so that's got to be a good sign.

16                         (Laughter)

17             THE COURT:  Well I guess anything can happen,

18   huh?  I'm not going to make a decision on this today.  I do

19   intend to consult Judge Pauley, just so you know.  And

20   devote more thought to both sides', or all three sides', or

21   four sides' issues.  This is a situation in which, as the

22   U.S. Trustee said, both sides have reasonable positions to

23   take.  So I am going to call Judge Pauley at some point.  It

24   probably won't be till next week some time.  And then I'll

25   try to make a decision as promptly thereafter.  What I'll

1  likely do is, I don't know when it is, but wait till an

2  upcoming scheduled hearing and announce a decision from the

3  bench and go from there.  Much as I delight in writing

4  things for this case, I do have other things I need to write

5  on.  Okay.  Is there anything further for today?

6  　　　　　MR. PERNICK:  No, Your Honor.

7  　　　　　THE COURT:  Thank you all very much.  That

8  concludes this hearing.  Court will stand in recess.

9  　　　　　MR. STERN:  Thank you, Your Honor.

10  　　　　　MR. KLEE:  Thanks, Your Honor.

11  　　　(Whereupon, at 10:42 a.m., the hearing was adjourned.)

12

13  　　　　　　　　　　CERTIFICATION

14  　　　　I certify that the foregoing is a correct

15  transcript from the electronic sound recording of the

16  proceedings in the above-entitled matter.

17

18

19  _____          4 October 2012

20  Traci L. Calaman, Transcriber                  Date

21

| Word | Page:Line |
|------|-----------|
| **08-13141(kjc)**(1) 1:5 | |
| **a.m**(3) 1:15 6:1 37:11 | |
| **ability**(1) 21:20 | |
| **able**(5) 14:12 17:9 25:24 33:21 34:3 | |
| **about**(8) 10:10 15:6 20:20 23:24 24:12 24:17 24:23 25:17 | |
| **above**(1) 19:25 | |
| **aboveentitled** (1) 37:16 | |
| **absolutely**(3) 9:1 24:25 34:13 | |
| **absolutist**(4) 19:22 19:23 20:10 26:11 | |
| **accept**(1) 31:14 | |
| **accepted**(1) 10:2 | |
| **access**(2) 10:11 10:14 | |
| **accomplished**(2) 14:22 36:14 | |
| **acknowledge**(1) 26:6 | |
| **acknowledges**(1) 34:21 | |
| **active**(1) 31:10 | |
| **activity**(3) 23:15 24:20 24:22 | |
| **actual**(1) 34:15 | |
| **actually**(9) 9:25 10:2 10:17 | |
| **additional**(2) 18:22 28:16 | |
| **address**(1) 34:4 | |
| **addressed**(1) 26:6 | |
| **adjourned**(1) 37:11 | |
| **administered**(1) 1:6 | |
| **admissibility**(1) 29:11 | |
| **admissible**(1) 17:24 | |
| **admissions**(1) 10:1 | |
| **adopting**(2) 7:10 32:16 | |
| **after**(8) 7:5 15:2 15:3 18:9 20:19 32:4 32:10 36:7 | |
| **again**(5) 18:5 21:10 27:2 31:13 31:23 | |
| **against**(2) 7:6 15:25 | |
| **agenda**(1) 6:9 | |
| **ago**(7) 6:25 8:1 14:1 18:8 19:17 27:14 | |
| **agree**(4) 8:16 28:7 28:8 30:13 | |
| **agreed**(1) 14:2 | |
| **agreement**(1) 36:14 | |
| **ahead**(2) 13:10 30:12 | |
| **akin**(2) 3:41 30:10 | |
| **alix**(1) 3:15 | |
| **all**(16) 6:2 6:20 7:6 10:3 10:15 12:14 15:2 18:1 19:13 20:19 30:3 30:5 30:19 35:12 36:20 37:7 | |
| **allow**(2) 7:4 36:6 | |
| **along**(3) 7:19 13:23 25:18 | |
| **already**(4) 16:8 17:12 21:3 27:25 | |
| **also**(5) 10:4 11:18 14:14 27:19 28:18 | |
| **alternative**(1) 36:1 | |
| **although**(3) 22:2 27:17 27:18 | |
| **alvarez**(1) 4:21 | |
| **always**(2) 21:22 35:7 | |
| **amending**(1) 18:23 | |
| **america**(2) 4:4 4:12 | |

| Word | Page:Line |
|------|-----------|
| **and**(195) 4:17 6:19 7:3 7:4 7:6 7:6 7:18 7:21 7:21 7:23 8:13 8:15 8:21 9:2 9:3 9:7 9:12 9:20 9:23 9:23 10:4 10:11 10:18 10:23 11:1 11:12 11:24 12:4 12:18 12:21 12:23 13:17 13:21 13:23 14:1 14:2 14:2 14:4 14:10 14:13 14:16 14:21 14:24 15:25 15:9 15:9 15:10 15:13 15:14 15:15 15:16 15:17 15:19 15:21 15:23 16:5 16:11 16:14 16:15 16:21 16:24 16:25 16:25 17:5 17:5 17:8 17:17 17:19 17:20 17:23 18:10 18:12 18:15 18:16 18:19 18:23 19:1 19:6 19:8 19:10 19:15 19:19 19:19 19:21 19:22 19:22 19:24 19:25 20:1 20:3 20:4 20:10 20:18 20:18 20:20 20:25 21:9 21:17 21:21 21:22 21:25 22:7 22:10 22:14 22:20 22:21 23:2 23:7 23:15 23:24 24:3 24:11 24:15 25:6 25:18 25:18 25:20 25:22 25:23 26:5 26:6 26:15 26:16 26:18 26:23 27:2 27:3 27:12 27:12 27:13 27:15 27:17 27:20 27:23 27:23 28:2 28:3 28:4 28:6 28:8 28:11 28:15 28:19 28:20 29:5 29:6 29:6 29:12 29:18 29:20 29:24 29:25 30:1 30:3 30:15 30:16 31:2 31:8 31:9 31:10 31:11 31:13 31:15 32:8 32:13 33:2 33:3 33:5 33:16 33:21 33:22 33:23 34:4 34:12 34:22 35:4 35:7 35:9 35:9 35:12 35:13 35:15 35:17 35:19 36:8 36:9 36:10 36:13 36:13 36:14 36:19 36:24 37:2 37:3 | |
| **andrew**(4) 3:32 4:26 4:34 4:37 | |
| **angela**(1) 3:46 | |
| **announce**(1) 37:2 | |
| **another**(1) 15:1 | |
| **answer**(6) 10:14 10:18 13:12 13:17 25:15 35:20 | |
| **answers**(1) 13:13 | |
| **any**(23) 7:15 7:16 7:22 11:1 11:20 16:5 17:10 18:13 19:4 19:9 19:12 20:15 20:22 21:12 21:12 21:22 23:1 27:9 32:5 33:1 34:4 35:11 36:4 | |
| **anybody**(1) 9:4 | |
| **anyone**(5) 11:16 22:11 30:7 30:19 31:18 | |
| **anything**(8) 7:14 11:6 12:11 12:14 18:17 29:6 36:17 37:5 | |
| **appearances**(3) 3:1 4:1 5:1 | |
| **appointed**(2) 27:11 29:14 | |
| **appreciated**(1) 31:16 | |
| **appropriate**(2) 13:8 15:21 | |
| **approximately**(1) 18:8 | |
| **are**(40) 7:9 7:18 8:14 8:19 9:12 9:16 9:24 10:1 10:7 10:8 10:19 10:20 10:20 11:17 12:4 12:19 13:4 13:14 13:14 14:6 14:6 14:13 15:3 16:7 16:9 16:16 17:8 19:20 20:12 21:9 24:15 24:16 28:20 29:5 31:7 31:8 32:23 35:16 36:8 36:14 | |
| **aren't**(1) 21:12 | |
| **arguably**(2) 28:19 35:12 | |
| **argument**(2) 16:12 20:13 | |
| **arguments**(2) 15:25 27:8 | |
| **arise**(2) 15:16 25:25 | |
| **around**(2) 10:4 24:24 | |
| **ashby**(1) 2:19 | |
| **ashley**(1) 3:23 | |
| **ask**(6) 23:12 24:11 27:20 30:7 33:22 34:7 | |
| **asked**(9) 14:17 15:14 15:17 16:14 16:25 18:10 18:22 24:3 25:14 | |
| **asking**(4) 7:9 22:25 32:18 35:5 | |
| **assert**(1) 28:23 | |
| **assignment**(1) 31:3 | |
| **associated**(1) 5:16 | |
| **assume**(2) 20:9 23:25 | |
| **assuming**(1) 35:23 | |
| **assumption**(2) 11:7 23:14 | |
| **attached**(1) 31:6 | |
| **attempt**(1) 7:19 | |

| Word | Page:Line |
|------|-----------|
| **attorney/client**(1) 21:6 | |
| **audible**(1) 31:19 | |
| **august**(1) 19:2 | |
| **aurelius**(4) 2:19 3:40 30:11 36:14 | |
| **austin**(2) 1:25 3:4 | |
| **available**(3) 17:4 17:8 28:20 | |
| **avoid**(2) 20:6 20:6 | |
| **aware**(1) 9:4 | |
| **away**(2) 16:6 16:13 | |
| **back**(11) 7:13 7:21 15:19 19:16 23:8 32:18 32:23 33:3 33:22 34:14 35:7 | |
| **backup**(1) 18:11 | |
| **bad**(2) 16:2 16:12 | |
| **balance**(1) 25:11 | |
| **balancing**(1) 29:21 | |
| **bank**(3) 4:4 4:12 4:25 | |
| **bankruptcy**(6) 1:1 1:20 14:21 14:21 18:24 26:18 | |
| **barash**(1) 4:43 | |
| **barton**(1) 26:19 | |
| **based**(1) 28:15 | |
| **basic**(2) 11:24 21:24 | |
| **basically**(4) 15:1 18:19 20:4 27:25 | |
| **battle**(1) 20:7 | |
| **because**(11) 11:6 11:23 14:17 15:3 15:17 16:2 17:15 19:24 20:2 24:7 27:24 | |
| **becomes**(2) 17:21 17:21 | |
| **been**(24) 7:7 7:8 10:20 11:2 11:6 14:4 14:10 14:16 14:16 15:17 16:5 16:24 16:25 19:8 20:18 21:5 25:19 28:23 30:7 30:17 32:19 33:18 34:14 36:4 | |
| **before**(6) 1:19 13:6 19:13 22:11 25:21 32:11 | |
| **begins**(1) 7:20 | |
| **behalf**(5) 6:22 6:24 9:10 18:6 30:10 | |
| **being**(6) 16:14 16:17 25:24 | |
| **believe**(12) 9:10 9:11 11:13 12:5 19:24 20:11 22:3 24:13 25:6 27:18 29:23 30:16 | |
| **believes**(2) 27:10 32:25 | |
| **bench**(1) 37:3 | |
| **bendernagel**(13) 1:26 13:1 13:5 13:6 13:11 16:21 17:11 20:1 23:12 30:14 34:7 35:19 35:25 | |
| **benefit**(3) 16:6 16:16 26:24 | |
| **better**(3) 16:6 16:16 26:24 | |
| **between**(1) 23:1 | |
| **beyond**(2) 17:20 32:19 | |
| **bigelow**(8) 2:33 4:29 6:17 6:22 11:2 12:22 19:9 20:20 | |
| **block**(1) 4:33 | |
| **body**(1) 10:21 | |
| **bogdanoff**(2) 4:40 18:6 | |
| **borne**(1) 24:16 | |
| **both**(3) 20:1 36:20 36:22 | |
| **bottom**(1) 21:24 | |
| **box**(2) 2:8 2:22 | |
| **briefly**(1) 31:22 | |
| **bring**(1) 31:9 | |
| **broadly**(1) 13:14 | |
| **bryan**(1) 3:5 | |
| **burden**(9) 12:13 12:17 19:5 22:16 22:19 32:5 32:16 33:11 33:14 | |
| **burns**(1) 5:12 | |

| Word | Page:Line |
|------|-----------|
| **but**(50) 6:15 7:7 8:23 9:3 9:6 9:14 9:19 11:7 11:16 11:22 12:9 12:12 12:22 13:4 14:22 15:13 16:16 17:25 20:15 21:5 22:3 22:24 22:25 23:5 23:22 24:3 25:3 25:5 26:2 26:3 26:6 26:21 27:1 28:9 28:18 29:1 29:10 29:13 29:23 30:6 32:1 32:24 33:17 34:2 34:21 34:25 35:14 35:21 36:2 37:1 | |
| **button**(1) 22:10 | |
| **buy**(1) 20:9 | |
| **calaman**(1) 37:20 | |
| **california**(1) 25:19 | |
| **call**(2) 26:24 36:23 | |
| **called**(1) 21:2 | |
| **calling**(1) 35:16 | |
| **came**(5) 13:7 18:9 32:4 32:11 32:11 | |
| **can**(12) 10:9 13:1 20:18 21:19 21:22 22:13 27:20 32:20 34:7 35:23 36:5 36:17 | |
| **can't**(5) 11:6 29:6 29:6 33:11 34:21 | |
| **cantor**(1) 4:9 | |
| **capital**(3) 2:19 3:40 30:11 | |
| **carey**(1) 1:19 | |
| **carry**(1) 19:4 | |
| **case**(16) 1:5 4:25 14:9 14:11 18:24 19:8 20:22 27:10 29:24 31:6 32:3 32:21 33:3 33:5 36:12 37:4 | |
| **categories**(3) 8:19 10:7 13:14 | |
| **cause**(1) 14:4 | |
| **cd's**(4) 16:23 17:3 17:5 17:8 | |
| **center**(1) 26:3 | |
| **central**(1) 25:14 | |
| **certain**(4) 9:11 11:22 20:6 21:11 | |
| **certainly**(11) 8:23 9:22 12:9 19:17 20:15 22:12 29:3 29:25 32:8 32:10 32:20 | |
| **certification**(1) 37:13 | |
| **certify**(1) 37:14 | |
| **chadbourne**(1) 3:21 | |
| **challenge**(1) 9:15 | |
| **challenged**(1) 9:4 | |
| **chance**(1) 11:24 | |
| **chandler**(3) 2:33 4:29 6:22 | |
| **chapter**(1) 1:8 | |
| **charged**(2) 19:20 25:10 | |
| **chase**(2) 3:45 5:16 | |
| **chicago**(2) 1:29 2:36 | |
| **chosen**(1) 23:13 | |
| **chung**(1) 4:13 | |
| **circuit**(1) 26:20 | |
| **circumstances**(1) 21:8 | |
| **cited**(1) 10:21 | |
| **cites**(2) 15:11 15:13 | |
| **claim**(3) 9:4 28:22 29:19 | |
| **claims**(4) 7:5 25:11 32:8 33:5 | |
| **clear**(6) 9:9 13:3 13:20 25:8 33:9 34:13 | |
| **clearly**(1) 33:12 | |
| **clerk**(1) 6:2 | |
| **client**(4) 7:6 9:10 27:3 32:2 | |
| **cobb**(1) 2:5 | |
| **cole**(2) 1:32 6:7 | |
| **collected**(1) 16:24 | |
| **come**(16) 7:21 13:5 15:6 22:9 22:15 24:10 27:19 33:15 33:22 33:25 34:5 34:14 34:19 34:20 34:22 35:7 | |
| **coming**(2) 13:3 32:17 | |
| **committee**(3) 2:5 3:20 17:7 | |
| **communication**(1) 25:19 | |
| **company**(5) 1:8 3:4 3:7 3:36 6:7 | |
| **compensated**(1) 34:14 | |
| **compensation**(2) 3:50 35:8 | |
| **complete**(5) 6:18 7:1 8:18 10:3 11:15 | |
| **complicated**(1) 12:4 | |
| **conceivable**(1) 34:15 | |
| **concern**(4) 19:21 27:17 28:4 36:11 | |
| **concluded**(2) 18:24 19:11 | |
| **concludes**(1) 37:8 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

conclusions(1) 22:3
conditions(1) 10:12
conduct(3) 14:15 19:21 26:22
confess(1) 12:3
connection(1) 10:24 30:6
consequence(4) 13:21 14:10 14:16 15:23
consider(1) 26:18
considered(1) 21:6
consists(3) 16:23 17:16 30:5
constitute(1) 8:22
consult(1) 36:19
contain(2) 20:24 21:1
contemplated(1) 2...
context(5) 10:4 15:15 21:16 21:23 34:22
continue(1) 7:24 22:4 25:23
continued(4) 2:2 4:2 5:2 6:10
continuing(1) 12:17
contrary(1) 25:5
contribute(1) 22:14
cooperation(1) 25:22
cooperative(1) 33:25
cooperatively(2) 26:4 26:25
copies(2) 17:3 25:19
copy(2) 8:4 11:14
cord(1) 30:1
correct(13) 10:25 19:23 23:13 24:12 24:13 24:17 24:18 24:23 25:4 29:16 29:17 29:17 37:14
correcting(1) 18:22
correctly(1) 24:7
cost(3) 16:8 23:1 24:21
costs(1) 16:9
could(7) 15:6 17:20 17:25 24:1 26:5 34:24 34:25
couldn't(1) 11:2 26:4
counsel(2) 6:19 30:24
counsel's(1) 9:20
counterparts(1) 19:18
couple(2) 7:5 11:12
course(1) 9:18
court(75) 1:1 6:3 6:9 6:10 6:12 6:14 6:20 7:22 8:2 8:4 8:7 8:10 8:12 8:21 8:24 9:2 10:2 10:6 10:23 11:1 11:19 12:3 12:14 12:25 13:4 13:16 16:19 17:9 17:23 18:3 18:10 18:17 18:24 22:16 22:24 23:9 23:11 24:6 24:11 24:15 24:20 25:1 25:9 25:17 26:8 26:16 27:14 28:7 28:9 29:8 29:13 29:14 29:16 29:18 30:3 30:5 30:12 30:19 30:22 30:25 31:11 31:13 31:15 31:18 31:20 33:16 33:24 34:3 35:4 35:4 35:12 35:23 36:17 37:7 37:8
courtroom(1) 1:10
courts(5) 22:22 26:5 26:18 26:18 26:25
covered(1) 16:9 28:25
crain(3) 5:12 5:12 5:13
creditors(2) 2:4 3:21
cut(1) 30:1
daniel(2) 4:5 4:9
data(1) 1:41
date(3) 16:5 17:4 37:20
david(8) 2:27 3:8 3:22 4:41 6:23 13:2 18:6 27:5
davidson(1) 5:8
davis(1) 3:45
day(3) 7:8 15:10 34:3
dbtca(1) 2:12
deadline(1) 27:24
deal(3) 16:6 18:13 19:13
deals(1) 16:8
dealt(1) 21:3
dearborn(1) 1:28
debate(2) 8:20 17:18
deborah(2) 3:42 30:9

debtor(13) 3:3 7:10 9:2 13:8 18:16 18:19 18:21 20:20 22:6 24:24 32:15 35:9 36:14
debtors(7) 1:12 1:25 6:7 16:24 16:25 27:19 30:17
december(2) 17:2 17:2
decide(1) 25:15
decided(1) 31:5
decision(4) 36:8 36:18 36:25 37:2
decisional(1) 26:17
decisions(1) 25:20
declare(1) 29:15
decline(2) 23:21 24:9
declined(1) 23:21
deemed(1) 10:1
defendants(1) 12:22
defendant's(1) 3:50
defer(1) 18:25
defined(1) 10:8
definitely(1) 24:18
delaware(5) 1:2 1:12 1:34 2:21 6:1
delete(1) 22:10
deleting(2) 23:2 23:2
delight(1) 37:3
demonstrate(1) 14:12
demonstration(1) 23:22
depose(1) 35:17
deposed(1) 15:14 21:20
deposit(1) 18:11
depository(8) 8:15 10:9 10:15 15:19 16:20 16:21 16:23 17:10
described(1) 34:20
designated(1) 11:3
desire(1) 16:15
destroyed(3) 12:19 15:8 28:21
destruction(1) 18:20 19:4
destructive(1) 20:4
determination(1) 25:1
determine(1) 20:14
determined(2) 7:1 18:25
determines(1) 33:25
determining(1) 25:11
deutsch(1) 3:24
developed(1) 28:15
devon(1) 5:5
devote(1) 36:20
diamond(1) 5:9
diaz(1) 1:41
did(7) 6:12 13:18 15:11 15:14 25:1 27:12 32:1
didn't(4) 11:22 28:14 35:3 35:4
difference(1) 23:1
different(3) 10:7 13:23 26:25
difficult(1) 12:5 15:5
directing(1) 24:11
directly(1) 14:15
directors(2) 4:16 7:6
disagree(1) 12:8
discarded(1) 11:11
discharge(5) 8:24 9:3 10:8 23:18 24:6
discharged(2) 18:10 27:13
disclosure(1) 10:24
disclosures(1) 12:11
discovery(20) 7:5 7:20 11:8 12:1 14:15 15:2 18:12 19:19 20:2 20:7 22:21 26:15 28:5 33:4 33:6 33:17 34:15 34:17 36:4 36:6
discussed(1) 27:14
dismiss(1) 33:2
dispose(2) 17:10 18:13
dispute(1) 22:2 29:16
distefano(1) 3:28
district(5) 1:2 25:13 25:14 35:3 35:4
docket(1) 6:15
doctrine(1) 26:19

document(10) 8:22 15:18 18:20 20:13 20:21 21:3 23:20 23:23 24:4 31:5
documents(39) 7:17 8:13 8:15 8:15 10:7 10:9 10:15 10:22 11:2 11:3 11:9 11:11 11:15 11:17 12:18 12:19 13:17 14:2 14:5 14:13 15:6 15:8 16:7 16:13 17:10 17:14 18:11 18:13 23:7 28:20 29:12 31:4 31:7 32:6 32:12 32:13 33:10 34:3 34:4 34:6
does(3) 22:20 34:12 35:1
doesn't(3) 17:11 20:9 29:1
doing(1) 11:7
don(1) 3:10
don't(26) 7:15 7:22 8:17 9:18 9:18 9:19 9:19 10:16 11:25 12:9 18:3 20:14 20:20 22:1 24:8 25:15 27:3 27:18 29:4 29:8 31:1 32:4 32:8 32:21 36:2 37:1
done(1) 36:9
doubt(2) 8:18 25:24
dougherty(1) 4:18
douglas(1) 3:24
down(5) 15:20 28:1
dragged(1) 22:21
dramatic(1) 23:5
echo(1) 18:18
ecro(1) 1:39
effect(2) 14:19 14:20
effective(1) 17:4
efficient(2) 26:22 27:1
eggert(1) 5:5
egi-trb(1) 4:33
eisele(1) 3:16
either(2) 22:5 29:2
elaborate(1) 16:22
elden(1) 4:17
eldersveld(1) 3:8
electronic(2) 1:46 37:15
else(12) 9:4 10:17 12:14 20:14 22:11 23:24 24:4 30:19 31:18 31:25 33:12 36:13
embodied(1) 9:3
emerge(1) 20:8
employees'(1) 3:49
end(3) 19:3 22:15 35:18
ended(1) 35:2
english(1) 2:12
enough(2) 19:10 28:17
entered(3) 6:10 16:8 33:8
entire(2) 7:8 12:12
entitled(1) 24:10
envision(2) 15:5 34:17
ephraim(1) 5:9
epic(1) 18:12
essentially(4) 14:11 16:14 33:3 34:3
estate(1) 24:16
esther(1) 4:13
ether(2) 10:11 10:16
evan(1) 4:7
even(5) 11:23 21:10 22:8 30:23 32:11
event(1) 21:22
eventually(1) 11:8
ever(3) 10:1 20:14 21:9
every(1) 13:20 29:19 31:5
everybody(9) 7:3 7:12 7:25 14:19 20:18 22:3 31:25 32:24 33:6
everyone(3) 6:3 7:19 11:23
evidence(1) 22:13
evidentiary(1) 10:3
exactly(3) 8:22 13:22 32:23
examination(1) 13:23

examiner(54) 4:40 6:18 6:24 7:1 7:16 7:18 7:21 8:18 8:25 9:12 9:25 12:25 13:15 13:18 13:22 14:15 16:16 17:9 17:22 18:4 18:7 18:9 18:14 18:21 20:2 20:13 20:25 21:4 21:11 21:18 21:21 22:13 22:17 23:6 23:15 24:21 24:23 27:10 27:23 28:4 28:5 28:8 28:9 28:13 28:20 29:11 30:2 30:21 31:3 33:14 33:18 33:23 35:1 35:5
examiner's(16) 7:1 8:4 10:21 11:15 15:10 18:25 19:14 23:4 27:7 29:23 30:15 32:4 32:10 32:11 33:10 34:14
examiners(5) 19:17 19:25 20:5 21:24 26:12
example(2) 15:7 17:20
except(1) 22:20
exception(1) 19:20
exclusive(1) 26:18
excuse(1) 6:11
exemplary(1) 22:1
exist(6) 7:21 7:22 9:21 10:10 11:11 23:7
existed(1) 23:23
existing(1) 11:14
expect(4) 7:18 11:9 25:22 26:5
expected(2) 26:23 28:11
expenses(1) 24:16
explain(1) 10:9
expressed(1) 25:25
expresses(1) 36:11
extend(3) 6:17 7:9 7:11
extended(2) 27:9 27:20
extension(2) 28:3 32:18
extent(11) 9:19 9:23 9:24 9:25 11:9 11:10 24:15 28:12 28:18 28:22 35:2
fact(6) 14:7 17:25 23:3 24:3 26:5 34:13
fair(3) 29:2 32:5 34:2
familiar(1) 26:20
far(2) 9:6 21:14
fargo(1) 4:25
fear(1) 27:23
feasible(1) 25:2
feels(1) 27:23
feld(2) 3:41 30:10
file(1) 24:8
filed(5) 7:4 7:7 17:1 27:7 30:6
final(1) 21:14
finally(3) 15:5 16:11 17:17
find(5) 7:22 11:24 12:5 12:20 14:13
first(4) 10:9 19:16 33:14 33:15
fitzsimons(1) 33:3
flimsy(1) 20:12
float(1) 25:4
floor(1) 2:15
florsheim(25) 2:34 6:21 6:22 6:25 8:3 8:6 8:9 8:11 8:17 9:1 9:9 10:13 10:25 11:5 11:21 12:7 12:16 13:13 14:9 15:6 20:1 22:6 30:13 31:22 31:22
focus(1) 10:18
follow(2) 6:15 29:5
for(69) 1:2 1:25 2:4 2:12 2:19 2:26 2:33 3:3 3:19 3:40 3:45 3:49 4:4 4:16 4:21 4:25 4:29 4:33 4:37 4:40 4:48 5:4 5:8 5:12 5:16 6:7 6:8 6:18 7:2 7:4 7:8 7:9 7:11 7:24 9:9 10:2 10:4 14:3 14:7 14:14 14:20 14:25 15:18 18:2 18:19 19:17 23:6 23:20 24:8 24:11 26:12 26:24 27:6 27:20 28:15 28:25 28:9 31:14 32:18 32:20 33:6 33:22 34:5 35:1 35:5 35:14 37:4 37:5
foregoing(1) 37:14
forever(2) 36:12 36:13
formal(1) 23:16
format(1) 10:16
former(1) 4:16
forward(4) 14:25 14:25 36:7 36:10
found(1) 31:6
four(1) 36:21

| Word | Page:Line |
|---|---|
| **fourteen**(2) 8:9 8:10 | |
| **frank**(3) 3:51 4:21 4:22 | |
| **frankly**(1) 14:4 | |
| **fraud**(1) 19:20 | |
| **fray**(1) 19:25 | |
| **freeborn**(1) 5:4 | |
| **from**(35) 6:6 7:8 7:20 9:12 10:19 11:6 11:10 12:1 12:25 13:22 15:6 18:4 18:12 19:9 20:2 20:7 22:23 23:2 23:20 27:4 27:20 28:10 28:23 30:10 33:7 33:12 33:17 33:17 33:18 33:21 33:23 36:7 37:2 37:3 37:15 | |
| **front**(1) 14:1 | |
| **full**(1) 10:13 | |
| **fully**(1) 34:14 | |
| **function**(1) 21:25 | |
| **fundamental**(1) 26:10 | |
| **further**(4) 9:23 25:7 27:9 37:5 | |
| **future**(4) 14:24 17:22 20:5 22:23 | |
| **gary**(1) 3:12 | |
| **gather**(1) 10:18 | |
| **gave**(3) 17:20 18:19 32:12 | |
| **gecker**(1) 3:51 | |
| **geddes**(1) 2:19 | |
| **genuine**(1) 34:5 | |
| **george**(1) 4:18 | |
| **get**(11) 7:19 11:2 11:6 11:10 14:20 26:22 33:11 34:10 35:1 35:3 36:9 | |
| **gets**(1) 17:22 | |
| **getting**(2) 22:21 33:17 | |
| **girth**(1) 22:13 | |
| **give**(3) 7:24 23:22 31:20 | |
| **given**(5) 15:1 16:2 24:1 24:5 30:14 | |
| **giving**(1) 12:20 | |
| **gmp**(1) 4:37 | |
| **goes**(2) 20:3 25:18 | |
| **going**(32) 15:16 16:9 18:21 19:10 21:10 21:23 22:12 25:14 25:21 28:1 28:1 28:13 28:13 29:21 31:2 31:3 32:7 33:1 33:11 33:13 34:17 34:18 34:19 34:20 34:22 35:15 35:16 36:2 36:11 36:12 36:18 36:23 | |
| **goldfarb**(1) 3:32 | |
| **good**(11) 6:3 6:4 6:21 6:23 14:4 14:22 19:13 27:5 33:14 36:1 36:15 | |
| **got**(5) 13:22 29:24 36:9 36:9 36:15 | |
| **gotten**(1) 24:1 | |
| **government**(1) 36:11 | |
| **granted**(4) 19:5 25:2 33:2 33:4 | |
| **gravity**(1) 26:3 | |
| **greer**(1) 5:12 | |
| **grippo**(1) 4:17 | |
| **group**(2) 3:51 4:48 | |
| **guess**(2) 36:6 36:17 | |
| **guide**(1) 19:12 | |
| **gump**(2) 3:41 30:10 | |
| **gwen**(1) 4:30 | |
| **had**(16) 9:7 10:24 11:23 12:10 12:10 12:11 14:11 14:14 21:11 23:16 23:20 24:3 24:4 33:15 34:8 34:9 | |
| **handy**(1) 8:5 | |
| **happen**(8) 14:18 17:25 24:7 28:1 28:12 28:14 33:10 36:17 | |
| **happened**(3) 11:13 21:17 23:17 | |
| **happens**(2) 25:12 29:9 | |
| **happily**(1) 19:21 | |
| **happy**(1) 35:20 | |
| **harassment**(3) 16:4 16:5 16:6 | |
| **hard**(2) 20:21 21:7 | |
| **harm**(1) 12:19 | |
| **harmful**(1) 12:21 | |
| **harrisburg**(1) 1:43 | |

| Word | Page:Line |
|---|---|
| **has**(26) 7:7 8:21 9:5 10:11 11:13 13:5 13:15 14:14 15:10 17:10 19:4 19:7 19:8 20:14 20:21 20:23 20:25 21:4 22:9 22:15 26:20 28:22 29:11 29:14 30:1 32:15 32:19 | |
| **hasn't**(6) 6:10 6:14 14:24 14:24 16:5 21:17 36:4 | |
| **hauer**(2) 3:41 30:10 | |
| **have**(61) 6:8 7:11 7:14 7:15 8:2 8:4 8:18 10:14 10:19 10:20 10:24 11:2 11:11 11:19 11:21 12:14 16:24 16:25 16:25 17:2 17:18 18:1 18:2 20:13 20:18 21:4 21:16 22:11 22:14 23:21 24:1 24:1 24:5 24:8 24:10 25:17 25:19 26:20 26:23 28:4 28:15 29:8 29:21 29:22 31:2 31:7 32:9 32:12 33:1 33:14 33:18 33:19 33:22 34:2 34:5 34:17 34:18 35:7 36:3 36:22 37:4 | |
| **haven't**(6) 11:23 12:10 12:11 14:11 14:14 32:9 | |
| **having**(4) 12:10 20:5 22:21 35:1 | |
| **he's**(2) 29:24 29:25 | |
| **hear**(3) 12:25 18:3 27:4 | |
| **heard**(7) 15:4 19:9 27:25 30:7 30:8 30:11 30:24 | |
| **hearing**(3) 37:2 37:8 37:11 | |
| **heiligman**(1) 3:52 | |
| **held**(1) 28:20 | |
| **hence**(1) 26:19 | |
| **here**(14) 14:1 16:15 16:17 19:6 19:21 20:12 22:1 27:17 28:19 31:8 31:14 32:16 35:10 36:3 | |
| **hey**(1) 35:7 | |
| **high**(1) 20:6 | |
| **higher**(1) 32:17 | |
| **highly**(1) 20:3 | |
| **him**(5) 13:19 25:20 25:22 32:12 35:6 | |
| **his**(13) 15:11 16:9 18:9 18:11 18:23 22:23 22:10 22:17 23:8 23:25 24:21 25:20 35:16 | |
| **hit**(1) 6:14 | |
| **hold**(5) 11:19 11:21 20:17 32:1 32:6 | |
| **home**(1) 35:16 | |
| **honor**(38) 6:4 6:5 6:6 6:13 6:23 6:25 7:9 12:7 12:16 13:1 13:2 13:9 13:11 16:18 18:1 18:5 19:1 20:9 20:17 24:14 24:19 25:4 25:9 26:7 27:5 29:21 30:9 30:20 31:8 31:17 31:23 32:15 33:8 33:20 34:7 37:6 37:9 37:10 | |
| **honorable**(1) 1:19 | |
| **hook**(1) 28:11 | |
| **hopeful**(1) 25:23 | |
| **hopefully**(1) 13:3 | |
| **how**(11) 15:5 15:16 17:19 19:12 20:14 23:16 28:15 29:2 33:13 34:9 35:14 | |
| **howard**(1) 3:27 | |
| **huh**(1) 36:18 | |
| **hundreds**(1) 19:7 | |
| **i'd**(1) 30:24 | |
| **i'll**(13) 6:15 6:19 12:25 18:3 20:6 21:11 26:24 27:2 31:20 35:13 35:20 36:24 36:25 | |
| **i'm**(25) 6:8 6:14 8:9 8:13 9:3 9:5 10:13 11:16 13:3 13:3 17:24 18:16 25:4 26:20 27:23 29:4 30:23 31:1 31:12 31:10 35:13 35:19 35:20 36:1 36:18 | |
| **idea**(2) 7:15 32:12 | |
| **identified**(1) 13:20 | |
| **identify**(1) 13:18 | |
| **ifs**(1) 17:25 | |
| **illusory**(1) 27:24 | |
| **imagine**(3) 20:21 21:7 32:20 | |
| **immunized**(1) 18:12 | |
| **impeach**(1) 21:21 | |
| **important**(2) 12:21 34:23 | |
| **imposed**(1) 24:22 | |

| Word | Page:Line |
|---|---|
| **impossible**(1) 14:7 | |
| **impressions**(2) 9:20 21:12 | |
| **inc**(1) 5:4 | |
| **included**(1) 7:18 | |
| **including**(1) 27:14 | |
| **incurred**(1) 34:16 | |
| **indefinite**(5) 16:1 22:23 25:6 25:6 28:3 | |
| **indefinitely**(2) 25:3 28:11 | |
| **independent**(1) 27:10 | |
| **indicate**(1) 25:7 | |
| **indicated**(4) 14:3 20:17 27:19 34:8 | |
| **individual**(2) 20:19 20:21 | |
| **informal**(1) 23:16 | |
| **information**(2) 28:25 28:25 | |
| **initial**(2) 6:17 12:10 | |
| **instances**(1) 11:13 | |
| **intend**(1) 36:19 | |
| **interested**(1) 19:8 | |
| **interests**(1) 35:10 | |
| **interpret**(1) 33:13 | |
| **interrogatories**(1) 11:24 | |
| **interviews**(2) 9:17 15:12 | |
| **into**(5) 14:24 17:22 20:7 21:22 22:21 | |
| **investigate**(1) 27:11 | |
| **investigations**(1) 20:5 | |
| **involve**(1) 12:4 | |
| **involved**(3) 26:5 26:21 32:24 | |
| **involves**(1) 26:17 | |
| **isn't**(3) 13:18 36:1 36:12 | |
| **isolated**(1) 20:19 | |
| **issuance**(1) 32:6 | |
| **issue**(18) 8:22 9:2 14:5 15:16 15:19 16:10 17:15 21:12 26:6 27:12 31:8 32:5 34:9 34:10 34:16 34:25 35:2 35:11 | |
| **issued**(2) 18:9 20:18 | |
| **issues**(6) 20:6 22:22 28:13 34:4 35:9 36:21 | |
| **it's**(33) 13:19 14:25 15:5 15:17 15:21 16:1 16:12 16:23 17:5 20:20 21:6 23:7 25:7 25:11 25:12 26:6 26:21 29:5 29:8 29:20 29:25 30:1 31:15 33:11 34:15 34:17 34:18 34:19 34:20 34:22 34:23 36:2 36:11 | |
| **item**(4) 6:9 6:11 6:11 6:16 | |
| **its**(1) 35:9 | |
| **james**(2) 1:26 3:33 | |
| **jason**(1) 3:37 | |
| **jenner**(1) 4:33 | |
| **job**(3) 27:11 27:13 28:9 | |
| **jointly**(1) 1:6 | |
| **jones**(1) 4:7 | |
| **judge**(16) 1:19 1:20 6:21 17:23 22:11 25:9 25:13 25:13 25:18 33:24 34:11 34:16 34:24 36:6 36:19 36:23 | |
| **judges**(1) 26:23 | |
| **judicial**(1) 25:10 | |
| **juncture**(1) 36:8 | |
| **jurisdiction**(1) 35:8 | |
| **just**(20) 7:23 12:16 15:10 16:2 18:9 18:18 19:3 19:24 23:21 25:12 28:3 28:19 30:1 31:24 32:14 33:20 34:7 35:4 36:12 36:19 | |
| **katharine**(1) 2:13 | |
| **keep**(4) 18:1 19:10 25:20 31:4 | |
| **kempner**(1) 5:8 | |
| **ken**(1) 30:20 | |
| **kennedy**(3) 4:41 4:45 4:48 | |
| **kenneth**(1) 3:41 | |
| **kept**(3) 8:21 32:9 32:9 | |
| **kevin**(2) 1:19 1:27 | |
| **kicked**(1) 14:24 | |
| **kind**(3) 25:22 32:5 32:18 | |
| **king**(1) 2:28 | |
| **klauder**(9) 2:27 27:5 27:6 29:3 29:10 29:13 29:17 29:20 30:4 | |

| Word | Page:Line |
|---|---|
| **klee**(17) 4:40 4:41 4:45 18:6 18:7 22:10 25:9 30:20 30:20 30:22 30:23 31:1 31:13 31:17 35:13 35:17 37:10 | |
| **klee's**(2) 21:25 23:24 | |
| **knew**(1) 32:7 | |
| **know**(56) 7:7 8:17 8:21 9:6 9:13 9:19 10:13 10:14 10:16 10:16 10:18 11:12 11:25 11:25 12:3 13:11 14:23 17:7 17:15 17:17 17:17 20:14 20:20 21:2 22:2 22:6 23:25 24:4 25:7 25:13 25:15 26:1 26:10 26:13 26:16 26:19 27:6 29:6 29:22 29:23 29:24 31:1 31:12 32:3 32:4 32:8 34:1 34:2 34:18 35:13 35:13 35:15 35:16 35:25 36:19 37:1 | |
| **known**(3) 12:9 12:12 13:17 | |
| **knows**(1) 17:16 | |
| **krakauer**(1) 3:5 | |
| **lack**(1) 26:24 | |
| **landis**(1) 2:5 | |
| **lantry**(1) 1:27 | |
| **large**(3) 7:17 10:21 12:8 | |
| **last**(3) 11:12 31:20 33:16 | |
| **later**(2) 19:6 28:21 | |
| **laughter**(3) 35:22 35:24 36:16 | |
| **laura**(1) 3:16 | |
| **law**(2) 26:17 31:11 | |
| **lawrence**(2) 5:12 5:13 | |
| **lawsuit**(1) 16:7 | |
| **lawyer's**(1) 23:25 | |
| **lbo**(1) 27:12 | |
| **leads**(1) 24:2 | |
| **least**(6) 9:6 11:13 17:6 19:11 32:2 33:13 | |
| **left**(1) 15:19 | |
| **leigh-anne**(1) 2:20 | |
| **lemay**(1) 3:22 | |
| **let**(9) 8:7 9:9 10:6 19:14 22:10 22:11 23:11 26:21 27:4 | |
| **let's**(1) 20:9 | |
| **letters**(3) 11:20 11:22 20:17 | |
| **liebentritt**(1) 3:10 | |
| **lifted**(1) 32:19 | |
| **like**(6) 13:24 19:17 23:19 30:24 34:12 | |
| **likely**(5) 9:12 14:25 15:16 32:21 37:1 | |
| **limit**(2) 27:22 28:3 | |
| **limited**(1) 34:18 | |
| **line**(1) 21:24 | |
| **lines**(1) 25:18 | |
| **lippy**(1) 3:46 | |
| **listed**(1) 10:8 | |
| **listening**(1) 31:25 | |
| **litigant**(1) 29:25 | |
| **litigants**(3) 17:23 22:11 28:6 | |
| **litigate**(3) 22:21 31:5 31:10 | |
| **litigated**(1) 34:10 | |
| **litigation**(27) 7:4 11:19 11:21 14:7 14:17 14:24 16:14 17:4 17:6 17:22 19:11 20:17 21:13 23:15 26:1 26:2 26:3 26:23 27:1 27:25 29:5 30:14 32:1 32:6 32:7 32:25 35:15 | |
| **litigations**(1) 12:23 | |
| **little**(2) 18:8 23:5 | |
| **llc**(7) 1:41 3:15 3:36 4:17 4:21 4:33 4:37 | |
| **llp**(8) 2:12 3:21 3:31 3:45 3:51 4:33 4:40 5:4 | |
| **lockbox**(1) 2:29 | |
| **log**(1) 9:13 | |
| **logical**(1) 15:8 | |
| **long**(5) 19:12 22:20 23:6 24:24 36:3 | |
| **long's**(1) 35:14 | |
| **longer**(2) 7:22 11:11 | |
| **look**(3) 17:19 28:7 36:13 | |
| **looking**(1) 7:24 | |
| **looks**(1) 35:14 | |
| **lose**(2) 29:1 34:1 | |
| **lost**(1) 33:19 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| lot(5) 15:13 16:6 17:24 22:2 26:17 | | nature(1) 27:24 | | open(7) 8:20 8:21 11:8 17:15 25:5 26:15 35:11 | | period(15) 6:18 16:1 19:4 20:15 23:13 23:14 23:17 23:23 27:9 27:15 27:18 28:12 30:17 32:10 32:19 |
| loved(1) 22:3 | | nearly(1) 16:22 | | | | |
| lugano(1) 1:39 | | necessarily(5) 11:17 11:24 11:25 13:20 25:10 | | open-ended(2) 31:4 32:18 | | periodic(1) 25:19 |
| made(12) 8:14 10:20 14:5 15:18 20:23 21:5 21:5 21:9 21:11 31:5 32:15 34:21 | | | | opponent(2) 18:15 18:16 | | permitted(2) 18:10 18:12 |
| | | necessary(3) 7:16 7:21 14:12 | | opportunity(10) 7:12 7:25 12:10 12:11 12:20 14:11 14:15 29:1 33:6 33:20 | | pernick(7) 1:33 6:4 6:6 6:6 6:13 6:16 37:6 |
| maintain(2) 17:12 22:5 | | need(9) 14:12 17:12 33:21 33:22 34:3 34:5 35:17 36:5 37:4 | | | | person(3) 21:19 34:21 35:4 |
| maintained(3) 15:24 16:24 30:16 | | | | opposing(1) 19:4 | | personal(1) 31:8 |
| maintaining(2) 17:12 22:18 | | negotiated(1) 27:16 | | order(18) 6:10 6:12 8:24 9:3 9:7 10:8 15:1 16:3 16:8 17:1 20:6 23:18 24:6 24:7 24:9 24:11 33:8 33:12 | | peters(1) 5:4 |
| maintains(1) 16:20 | | never(6) 9:13 19:19 20:8 20:23 21:4 31:2 | | | | phone(1) 13:3 |
| make(6) 17:3 25:1 27:1 36:5 36:18 36:25 | | new(5) 2:16 14:7 14:10 15:3 19:11 | | | | physically(1) 10:17 |
| makes(2) 29:19 33:9 | | newman(4) 3:42 30:9 30:9 30:13 | | ordered(1) 17:3 | | piece(1) 21:13 |
| management(3) 2:20 3:41 30:11 | | next(5) 15:3 32:25 36:24 | | orders(1) 25:20 | | piñata(1) 23:4 |
| many(4) 10:14 12:4 12:4 12:22 | | nice(2) 27:18 27:22 | | other(17) 7:6 7:23 9:14 12:16 12:22 14:14 19:18 21:3 22:22 22:22 24:1 26:2 26:4 28:10 31:4 37:4 | | place(3) 7:8 7:23 32:22 |
| marc(2) 3:23 3:26 | | nobody(5) 14:18 17:16 18:17 32:3 32:7 | | | | plaintiffs(1) 12:23 |
| march(2) 15:3 36:8 | | nolan(1) 4:30 | | | | plan(1) 25:2 |
| market(2) 1:11 2:7 | | none(3) 21:22 23:3 24:22 | | others(1) 22:7 | | play(3) 23:12 23:18 |
| marketplace(1) 25:5 | | norman(2) 1:33 6:6 | | otherwise(1) 28:24 | | played(1) 31:14 |
| marsal(1) 4:21 | | north(1) 2:7 | | ought(6) 14:2 18:1 19:10 22:4 22:6 28:10 | | pleading(1) 27:7 |
| martin(1) 4:43 | | not(53) 6:8 6:10 6:14 7:14 8:14 8:15 8:15 8:23 9:4 9:5 9:22 10:5 10:13 11:3 12:21 12:22 13:18 13:20 14:8 14:25 15:5 15:12 15:21 16:10 16:22 17:24 18:13 18:24 19:8 19:10 19:21 22:2 22:12 23:1 23:24 25:3 25:4 25:7 26:21 27:2 28:5 28:10 28:21 28:22 29:4 29:14 29:25 30:7 32:13 34:19 36:1 36:12 36:18 | | our(11) 10:18 15:17 16:17 19:17 20:3 21:24 27:6 27:9 33:11 34:2 34:3 | | pleadings(1) 30:6 |
| masse(1) 12:19 | | | | | | please(3) 6:2 13:4 31:14 |
| master(1) 15:1 16:3 | | | | out(20) 7:16 11:17 11:25 12:20 14:9 14:13 14:21 15:7 20:19 21:16 23:18 25:9 25:24 29:24 32:4 32:11 33:14 33:21 33:24 | | pleases(1) 13:8 |
| masters(3) 19:18 19:24 26:13 | | | | | | point(27) 7:15 7:23 11:5 11:14 11:22 12:2 12:6 12:10 16:4 16:20 18:23 21:14 21:24 22:4 22:23 23:3 23:25 25:12 25:16 29:24 30:1 30:2 32:1 32:14 32:20 35:18 36:23 |
| material(9) 13:15 14:14 15:20 15:23 17:18 17:19 18:1 34:23 35:5 | | | | | | |
| | | | | over(4) 6:19 7:14 16:24 24:9 | | pointed(1) 14:9 |
| materials(2) 8:14 8:21 | | note(1) 35:14 | | overly(1) 23:5 | | points(1) 21:4 |
| matter(9) 6:8 19:15 20:11 21:8 21:9 21:11 23:1 26:12 37:16 | | noted(1) 19:7 | | own(1) 23:11 | | policy(4) 16:11 16:12 16:13 21:8 |
| | | notes(10) 20:23 21:1 21:4 21:8 21:11 23:24 23:25 31:8 31:9 34:19 | | o'melveny(1) 4:4 | | polk(1) 3:45 |
| matters(2) 12:4 14:6 | | | | | | portion(1) 18:25 |
| matthew(3) 2:6 4:21 4:22 | | nothing(1) 36:13 | | p.a(1) 2:19 | | portions(3) 9:11 9:15 12:8 |
| may(7) 10:17 10:24 11:11 13:21 20:8 29:18 30:11 | | nothing's(1) 27:25 | | p.o(2) 2:8 2:22 | | position(9) 15:17 16:18 18:20 19:22 19:23 20:10 26:11 29:4 31:11 |
| | | notice(1) 36:9 | | page(1) 19:3 | | |
| | | notion(4) 20:10 22:4 22:13 26:12 | | paid(3) 7:5 35:1 35:3 | | positions(3) 29:11 29:23 36:22 |
| maybe(4) 18:15 22:6 28:11 28:15 | | now(18) 7:11 12:19 15:22 17:24 18:3 19:6 19:9 22:23 23:2 25:2 26:1 27:21 28:20 30:5 31:10 32:24 36:6 36:7 | | paragraph(3) 8:7 10:6 13:13 | | possessiveness(1) 26:22 |
| mayer(1) 2:13 | | | | parallel(1) 26:24 | | possibility(1) 20:7 |
| mccarter(1) 2:12 | | | | paraphrasing(1) 8:13 | | possibly(3) 11:14 12:23 18:22 |
| mccormack(1) 3:25 | | | | park(1) 2:14 | | posted(1) 25:20 |
| mcguire(1) 2:6 | | nowhere(1) 23:24 | | parke(1) 3:21 | | potential(1) 12:18 |
| mdl(6) 26:2 26:3 29:5 30:14 32:24 33:5 | | number(3) 6:11 7:17 8:14 | | parse(1) 22:7 | | potentially(3) 12:21 14:6 25:13 |
| mean(7) 25:4 29:3 29:4 29:10 34:15 35:12 35:17 | | nutshell(1) 22:19 | | part(9) 7:17 8:13 8:19 10:20 14:17 15:18 18:13 21:6 23:20 | | ppearances(2) 1:23 2:1 |
| | | objection(3) 8:5 10:7 27:8 | | | | practice(1) 21:9 |
| mechanisms(1) 16:16 | | objectors(1) 22:5 | | particular(2) 22:4 24:4 | | practicing(1) 31:11 |
| mediators(3) 19:19 19:24 26:14 | | obligation(1) 31:4 | | particularly(1) 20:12 | | present(1) 20:16 |
| mental(2) 9:20 21:11 | | observe(1) 32:2 | | parties(22) 7:3 7:20 10:1 10:14 10:23 11:10 11:20 11:22 12:4 12:13 13:23 14:17 19:7 27:20 28:10 30:5 31:5 32:16 33:7 33:17 33:21 34:5 | | press(1) 5:16 |
| mentioned(1) 20:16 | | obtainable(1) 28:21 | | | | presumably(1) 11:8 |
| mercer(1) 5:4 | | obvious(2) 9:14 14:20 | | | | pretty(3) 33:9 33:12 35:14 |
| michael(1) 3:28 | | obviously(1) 34:25 | | | | prevail(1) 29:18 |
| middle(1) 16:13 | | occurred(1) 31:24 | | partners(2) 3:15 5:8 | | prevented(1) 28:23 |
| might(8) 8:22 11:15 12:1 12:20 20:13 20:24 24:20 26:9 28:21 34:5 34:16 | | occurs(1) 19:13 | | parts(1) 7:15 | | primary(1) 18:15 |
| | | october(3) 1:14 6:1 37:19 | | party(11) 8:15 9:6 13:16 15:7 15:8 17:14 19:4 27:11 28:19 29:13 33:10 | | principle(1) 20:11 |
| | | off(1) 23:8 | | | | principles(2) 19:16 26:21 |
| mind(1) 34:15 | | offered(2) 20:12 31:15 | | | | prior(1) 32:6 |
| minimal(1) 12:18 | | office(4) 2:26 4:4 27:7 27:10 | | passed(1) 9:5 | | privilege(9) 9:5 9:13 15:20 17:18 17:19 25:11 28:22 29:19 34:4 |
| minor(1) 32:1 | | officer(1) 25:10 | | past(1) 19:12 | | |
| misquoted(3) 21:15 21:18 21:19 | | officers(2) 4:17 7:6 | | pauley(10) 22:11 25:13 25:18 33:24 34:11 34:16 34:24 36:6 36:19 36:23 | | privileged(10) 8:14 8:20 8:22 8:25 9:12 9:14 9:22 10:5 28:25 29:15 |
| moelis(1) 3:36 | | official(1) 3:19 | | | | |
| moment(3) 6:11 13:4 22:17 | | okay(13) 6:13 8:7 8:11 11:1 18:18 23:10 24:15 27:4 29:10 30:25 31:18 37:5 | | pauley's(1) 25:9 | | privileges(1) 21:7 |
| monroe(1) 2:35 | | | | pay(1) 35:6 | | probably(5) 9:22 10:5 13:18 15:14 36:24 |
| months(2) 7:5 32:3 | | | | pending(1) 30:14 | | problem(3) 20:16 26:10 36:3 |
| more(9) 7:11 13:7 15:8 15:9 18:8 19:6 22:22 27:1 36:20 | | older(1) 19:13 | | pennsylvania(1) 1:43 | | procedure(1) 33:25 |
| | | once(2) 7:19 25:5 | | people(15) 7:4 11:9 11:11 12:1 12:20 15:12 15:14 16:22 16:25 29:5 32:5 32:9 32:12 33:15 36:8 | | proceeding(2) 33:4 33:5 |
| morgan(1) 3:14 | | one(25) 1:28 6:8 6:11 7:8 8:14 13:4 13:20 14:23 15:7 15:25 16:2 17:22 19:23 20:14 20:19 22:5 22:22 22:22 23:11 24:4 25:23 26:12 31:25 34:12 36:2 | | | | proceedings(4) 1:18 1:46 26:25 37:16 |
| morning(5) 6:3 6:4 6:21 6:23 27:5 | | | | | | process(2) 20:4 25:24 |
| most(3) 15:16 23:20 31:15 | | | | | | produced(1) 1:47 |
| motion(8) 6:17 12:13 13:7 13:12 13:25 24:8 30:6 31:9 | | ongoing(2) 16:7 17:18 | | percent(1) 25:8 | | product(2) 21:7 28:25 |
| | | online(1) 10:16 | | perform(2) 18:22 21:25 | | professionals(2) 22:17 24:21 |
| motions(3) 15:2 33:1 33:2 | | only(10) 6:9 8:12 8:19 9:6 9:20 11:14 12:22 18:16 19:20 31:7 | | performance(1) 27:1 | | progress(1) 27:1 |
| movant(1) 31:20 | | | | performed(1) 27:13 | | promptly(1) 36:25 |
| move(3) 14:25 36:7 36:10 | | | | perhaps(2) 22:8 23:5 | | proposal(1) 32:15 |
| moved(1) 14:25 | | onto(1) 17:1 | | | | proposed(2) 16:7 30:17 |
| much(4) 27:14 27:15 37:3 37:7 | | | | | | protect(1) 16:16 |
| must(1) 24:10 | | | | | | protective(2) 17:1 24:9 |
| myers(1) 4:4 | | | | | | |
| myself(1) 9:10 | | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **provided**(1) 13:19 | | **resolve**(4) 15:22 34:25 34:25 35:10 | | **should**(17) 14:20 15:23 19:19 19:25 20:10 20:11 20:18 22:14 26:14 26:25 28:5 30:15 30:16 31:9 31:10 31:12 34:2 | | **stern**(26) 4:40 4:41 6:5 6:23 6:23 13:2 13:2 13:6 13:8 18:5 18:6 18:6 18:18 22:16 22:19 22:25 23:10 23:19 24:13 24:18 24:24 25:3 26:7 26:9 34:8 34:20 37:9 | |
| **provides**(1) 24:7 | | **resolved**(6) 15:3 15:20 15:22 28:14 34:16 34:23 | | | | | |
| **provision**(1) 27:15 | | | | | | | |
| **public**(7) 8:14 10:20 20:23 21:5 21:5 21:9 31:6 | | **respect**(12) 13:13 13:16 13:19 15:20 15:25 16:4 16:11 17:14 17:17 21:2 34:19 35:8 | | **shouldn't**(8) 14:19 15:22 17:9 18:20 19:5 21:5 27:9 28:21 | | **steve**(2) 6:21 31:22 | |
| | | | | | | **still**(7) 7:20 11:17 17:10 26:9 26:15 31:10 32:22 | |
| **pulled**(1) 17:22 | | | | **show**(1) 33:11 | | | |
| **purposes**(1) 10:3 | | **respectfully**(1) 12:8 | | **showing**(3) 14:3 20:16 36:5 | | **stood**(1) 13:25 | |
| **push**(1) 22:9 | | **respond**(2) 29:2 29:7 | | **showing's**(1) 14:4 | | **strauss**(2) 3:41 30:10 | |
| **put**(2) 21:22 32:5 | | **response**(1) 31:19 | | **side**(1) 24:2 | | **street**(5) 1:11 1:42 2:7 2:28 2:35 | |
| **putting**(1) 12:13 | | **responsible**(1) 35:10 | | **sides**(2) 36:21 36:22 | | **strong**(1) 29:11 | |
| **quasi-judicial**(1) 19:18 | | **rests**(1) 26:3 | | **sides'**(2) 36:20 36:20 | | **stuck**(1) 31:3 | |
| **question**(15) 9:5 9:10 13:16 14:5 15:15 17:21 18:2 21:10 25:15 26:15 31:25 34:8 34:13 34:24 35:1 | | **result**(1) 20:4 | | **sidley**(2) 1:25 3:4 | | **stuff**(2) 17:13 36:6 | |
| | | **retain**(4) 11:9 12:17 14:2 35:8 | | **sign**(3) 6:12 17:1 36:15 | | **stymied**(2) 14:16 14:17 | |
| | | **retained**(5) 6:19 7:2 14:3 30:15 32:13 | | **signed**(1) 17:2 | | **subject**(3) 19:19 22:20 30:8 | |
| **questions**(4) 8:2 13:12 34:10 35:21 | | **retention**(4) 6:18 27:9 27:15 30:17 | | **significance**(1) 20:22 | | **subjected**(1) 26:14 | |
| **quickly**(2) 33:19 36:7 | | **retire**(1) 31:22 | | **significant**(3) 17:19 17:20 26:15 | | **subpoena**(1) 25:8 | |
| **quite**(1) 14:4 | | **retirement**(1) 35:16 | | **significantly**(1) 32:17 | | **successors**(1) 35:9 | |
| **quo**(3) 7:24 22:18 30:15 | | **reviewed**(1) 19:2 | | **similar**(1) 19:21 | | **such**(2) 19:18 24:22 | |
| **quotations**(1) 21:14 | | **right**(13) 6:20 7:11 12:14 16:2 26:17 28:15 29:10 29:14 30:3 30:19 32:24 35:23 35:25 | | **simple**(2) 23:3 24:3 | | **sued**(1) 32:3 | |
| **quoted**(3) 9:25 21:1 21:16 | | | | **simply**(1) 22:17 | | **suggest**(1) 16:22 | |
| | | | | **since**(2) 7:8 13:7 | | **suggested**(1) 22:6 | |
| **ramifications**(1) 14:23 | | **rightfully**(1) 27:13 | | **situation**(5) 15:9 15:9 35:3 36:2 36:21 | | **suggesting**(1) 9:5 | |
| **randall**(1) 5:16 | | **rights**(1) 10:24 | | **slater**(2) 2:33 4:29 | | **suggests**(1) 17:25 | |
| **raport**(1) 2:20 | | **ripe**(1) 28:23 | | **slim**(1) 21:21 | | **suite**(2) 2:28 2:35 | |
| **rath**(1) 2:5 | | **rise**(1) 6:2 | | **slippery**(1) 24:2 | | **supplementing**(1) 18:23 | |
| **rather**(2) 23:3 25:5 | | **road**(2) 15:21 28:2 | | **slope**(1) 24:3 | | **support**(6) 12:15 13:7 13:25 27:7 28:4 | |
| **rationals**(1) 20:12 | | **roitman**(1) 3:26 | | **smalley**(1) 4:48 | | **supported**(1) 13:12 | |
| **reach**(2) 28:24 28:24 | | **role**(3) 29:23 29:25 31:14 | | **some**(26) 7:23 8:2 9:17 9:17 10:14 11:12 13:21 15:7 17:23 20:13 22:7 22:23 23:3 23:22 24:20 25:17 25:24 29:24 30:1 32:3 32:18 32:25 33:16 34:9 36:23 36:24 | | **sure**(6) 6:8 6:14 8:3 10:13 17:24 27:23 | |
| **reaction**(1) 16:12 | | **room**(2) 10:10 10:17 | | | | **suspect**(1) 27:23 | |
| **read**(2) 10:19 24:6 | | **rulings**(1) 33:1 | | | | **tailor**(1) 20:5 | |
| **ready**(1) 17:7 | | **rumors**(1) 25:4 | | | | **take**(7) 6:16 20:10 23:7 33:6 35:15 36:2 36:23 | |
| **real**(1) 14:5 | | **said**(9) 15:19 16:1 18:17 18:21 19:2 21:16 33:16 35:9 36:22 | | | | | |
| **realize**(1) 24:2 | | | | **somebody**(4) 10:17 21:18 34:10 35:19 | | **takes**(1) 9:2 | |
| **really**(11) 7:23 12:18 17:16 19:24 20:11 22:2 26:2 28:3 29:6 32:1 36:5 | | | | **someone**(4) 21:15 23:19 25:8 28:22 | | **taking**(2) 11:16 18:19 | |
| | | **same**(2) 27:23 32:23 | | **something**(8) 9:14 20:24 21:17 21:22 22:14 24:9 33:23 36:15 | | **talk**(1) 35:20 | |
| | | **save**(2) 19:9 22:20 | | | | **talked**(1) 15:6 | |
| **reason**(4) 8:18 11:1 26:4 32:21 | | **saw**(1) 15:10 | | | | **talking**(3) 23:24 34:9 | |
| **reasonable**(4) 20:15 29:22 30:18 36:22 | | **say**(10) 9:19 9:23 12:12 12:17 15:15 19:14 21:19 26:1 32:7 35:7 | | **sometime**(1) 15:3 23:14 | | **talks**(1) 13:6 | |
| **reasons**(2) 14:20 18:19 | | | | **somewhat**(2) 19:16 25:18 | | **target**(3) 23:6 23:6 23:7 | |
| **recall**(1) 9:7 | | | | **somewhere**(1) 33:12 | | **targeted**(1) 34:18 | |
| **recently**(1) 19:3 26:20 | | **saying**(7) 14:18 14:19 19:9 29:5 32:23 32:23 35:17 | | **sorry**(2) 8:9 18:16 | | **task**(1) 22:8 | |
| **recess**(1) 37:8 | | | | **sort**(7) 10:16 14:22 14:24 19:14 23:21 26:10 29:20 | | **tasks**(1) 18:2 | |
| **recognize**(1) 19:22 | | | | | | **telephonic**(3) 3:1 4:1 5:1 | |
| **recommendation**(1) 7:10 | | **says**(9) 8:12 8:24 8:25 15:1 16:3 16:9 17:23 33:13 35:13 | | | | **tell**(3) 16:19 23:15 35:4 | |
| **record**(12) 6:18 7:1 7:2 7:16 7:18 8:13 8:18 9:10 9:12 10:4 11:16 33:10 | | | | **sottile**(1) 3:33 | | **term**(4) 20:6 23:9 26:11 26:24 | |
| | | **scenario**(1) 23:12 | | **sound**(2) 1:46 37:15 | | **terms**(5) 13:25 16:7 23:17 24:2 34:11 | |
| | | **scheduled**(2) 15:4 37:2 | | **sounds**(2) 27:18 27:22 | | **test**(1) 29:21 | |
| **recorded**(1) 1:46 | | **scheduling**(1) 25:20 | | **source**(1) 28:5 | | **testify**(1) 17:1 | |
| **recording**(2) 1:46 37:15 | | **schotz**(2) 1:32 6:7 | | **sources**(1) 14:14 | | **than**(8) 9:23 12:16 16:6 16:17 18:8 19:6 22:22 26:2 | |
| **records**(3) 9:21 9:24 30:15 | | **schuylkill**(1) 1:42 | | **south**(1) 1:28 | | | |
| **recourse**(1) 35:7 | | **seaport**(1) 4:48 | | **spaeder**(1) 3:31 | | | |
| **reed**(1) 3:52 | | **seated**(1) 14:9 | | **speak**(2) 13:8 31:25 | | **thank**(5) 6:13 12:23 18:3 18:5 22:15 30:3 30:4 30:19 31:13 34:6 35:11 37:7 37:9 | |
| **refer**(3) 8:7 9:16 10:6 | | **second**(1) 20:23 | | **speaking**(1) 13:14 | | | |
| **referees**(1) 26:14 | | **secondly**(1) 14:9 | | **special**(3) 19:18 19:24 26:13 | | | |
| **referred**(1) 23:4 | | **securities**(1) 4:37 | | **specific**(1) 13:19 | | **thanks**(2) 31:14 37:10 | |
| **refers**(1) 8:20 | | **seeing**(1) 9:13 | | **specifically**(2) 9:16 24:8 | | | |
| **reflect**(2) 9:18 9:20 | | **seek**(3) 12:1 33:21 34:4 | | **speculating**(3) 11:16 11:18 28:19 | | | |
| **reflects**(1) 9:7 | | **seeking**(2) 7:14 33:9 | | **sperling**(2) 2:33 4:29 | | | |
| **refresh**(1) 10:10 | | **seem**(5) 16:22 21:21 29:1 29:22 34:12 | | **spoke**(1) 13:21 | | | |
| **regard**(4) 14:8 27:15 35:11 36:10 | | **seems**(10) 9:13 13:7 15:21 17:15 17:15 26:2 28:8 28:18 35:2 35:6 36:3 36:10 | | **spoken**(1) 26:20 | | | |
| **reiterate**(1) 32:14 | | | | **spot**(1) 28:2 | | | |
| **relating**(1) 18:11 | | | | **stand**(1) 37:8 | | | |
| **relatively**(1) 36:7 | | **seife**(1) 3:27 | | **state**(1) 16:19 | | | |
| **relevance**(1) 21:10 | | **send**(1) 11:23 | | **statement**(1) 34:21 | | | |
| **relevant**(5) 14:6 14:8 16:7 21:12 25:21 | | **sends**(1) 25:19 | | **statements**(3) 10:2 15:12 21:1 | | | |
| **relief**(1) 19:5 | | **sense**(3) 16:5 17:11 34:16 | | **states**(3) 1:1 1:20 27:6 | | | |
| **remain**(1) 33:2 | | **sent**(2) 11:19 11:21 | | **status**(3) 7:24 22:18 30:15 | | | |
| **remains**(1) 23:6 | | **serve**(1) 25:8 | | **stay**(7) 7:7 14:18 14:19 14:19 14:20 32:19 32:22 | | | |
| **remember**(1) 34:22 | | **service**(3) 1:41 1:47 31:15 | | | | | |
| **report**(18) 9:25 10:21 11:4 15:10 15:11 17:24 18:9 18:11 18:14 18:23 19:8 21:1 21:21 27:12 31:6 32:4 32:10 32:11 | | **services**(1) 1:41 | | | | | |
| | | **set**(1) 21:7 | | **stayed**(5) 11:6 14:10 15:2 29:5 33:17 | | | |
| | | **seven**(1) 2:34 | | **ste**(2) 1:34 2:7 | | | |
| **represented**(1) 30:23 | | **shamah**(1) 4:5 | | **stepping**(1) 20:7 | | | |
| **request**(1) 19:1 | | **short**(1) 16:2 | | | | | |
| **requested**(1) 23:20 | | | | | | | |
| **requests**(2) 23:15 23:16 | | | | | | | |
| **required**(2) 24:21 28:14 | | | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **that**(278) 6:10  6:10  6:12  6:16  7:1  7:2  7:3  7:3  7:5  7:10  7:11  7:18  7:19  7:22  8:12  8:13  8:18  8:19  8:21  8:24  9:3  9:7  9:8  9:10  9:11  9:14  9:16  9:18  9:21  9:21  9:21  9:23  9:24  9:25  10:2  10:3  10:4  10:8  10:13  10:14  10:18  10:19  10:20  10:20  10:24  11:2  11:7  11:8  11:9  11:10  11:13  11:17  11:25  12:1  12:3  12:5  12:7  12:9  12:12  12:17  12:17  13:8  13:12  13:15  13:17  13:19  13:20  14:4  14:5  14:6  14:8  14:11  14:12  14:18  14:18  14:18  14:18  14:22  14:23  14:23  14:24  15:11  15:12  15:20  15:22  16:7  16:8  16:8  16:9  16:12  16:15  16:17  16:25  16:25  17:1  17:3  17:7  17:7  17:10  17:11  17:12  17:15  17:16  17:20  17:21  17:23  17:23  17:25  17:25  18:15  18:20  18:23  19:1  19:5  19:10  19:12  19:13  19:14  19:17  19:20  19:23  19:24  20:3  20:9  20:10  20:13  20:13  20:14  20:16  20:16  20:19  20:19  20:21  20:21  20:21  20:23  20:24  20:25  21:1  21:3  21:4  21:11  21:14  21:17  21:19  21:19  21:21  21:23  22:2  22:3  22:4  22:13  22:14  22:20  22:20  23:5  23:9  23:11  23:13  23:14  23:14  23:17  23:19  23:23  23:23  23:23  23:25  24:2  24:4  24:9  24:11  24:12  24:13  24:17  24:18  24:20  24:23  25:1  25:7  25:8  25:9  25:12  25:15  25:16  25:17  25:21  25:22  26:6  26:9  26:11  26:12  26:12  26:16  26:17  26:23  27:4  27:13  27:19  27:19  27:20  27:22  27:24  28:2  28:4  28:4  28:8  28:9  28:14  28:18  28:18  28:24  28:24  29:1  29:1  29:2  29:4  29:7  29:19  29:21  30:2  30:5  30:14  30:16  30:16  31:5  31:6  31:7  31:14  31:15  31:24  32:2  32:7  32:15  32:15  32:16  32:19  32:19  32:20  32:22  32:23  32:25  33:3  33:8  33:9  33:10  33:11  33:19  33:23  34:1  34:1  34:2  34:4  34:9  34:12  34:15  34:16  34:21  34:23  34:24  35:2  35:4  35:5  35:6  35:6  35:9  35:11  36:1  36:3  36:8  36:10  36:10  36:11  36:11  37:7  37:14 | | **the**(301) 1:1  1:2  1:19  2:26  3:3  3:19  4:40  4:48  6:2  6:3  6:7  6:9  6:9  6:9  6:10  6:12  6:14  6:14  6:17  6:17  6:18  6:20  6:24  7:1  7:1  7:3  7:4  7:5  7:6  7:8  7:10  7:10  7:16  7:18  7:21  7:22  7:24  8:2  8:4  8:4  8:7  8:10  8:12  8:12  8:13  8:17  8:19  8:19  8:21  8:21  8:24  8:24  8:25  9:2  9:2  9:3  9:4  9:5  9:6  9:7  9:9  9:11  9:17  9:17  9:18  9:19  9:20  9:22  9:23  9:25  10:3  10:6  10:7  10:8  10:8  10:11  10:13  10:15  10:15  10:18  10:19  10:21  10:23  11:2  11:6  11:7  11:7  11:8  11:10  11:12  11:14  11:15  11:15  11:16  11:19  11:21  11:25  12:3  12:5  12:8  12:11  12:12  12:13  12:14  12:15  12:17  12:18  12:22  12:23  12:25  12:25  13:3  13:4  13:7  13:8  13:10  13:12  13:13  13:14  13:15  13:16  13:17  13:18  13:22  13:23  13:23  13:23  13:25  14:5  14:6  14:9  14:11  14:13  14:14  14:15  14:17  14:18  14:21  14:23  14:24  15:2  15:8  15:9  15:10  15:10  15:15  15:18  15:19  15:21  15:25  15:25  16:4  16:8  16:11  16:13  16:16  16:16  16:19  16:19  16:21  16:23  16:24  16:25  17:1  17:4  17:4  17:5  17:6  17:6  17:7  17:9  17:9  17:14  17:18  17:19  17:20  17:21  17:22  17:23  17:25  18:1  18:3  18:4  18:7  18:9  18:11  18:13  18:13  18:15  18:15  18:16  18:17  18:19  18:19  18:20  18:21  18:24  18:25  19:2  19:3  19:3  19:4  19:5  19:7  19:8  19:9  19:11  19:12  19:14  19:15  19:19  19:23  19:23  19:25  20:2  20:4  20:7  20:7  20:11  20:13  20:13  20:16  20:20  20:21  20:23  20:25  20:25  21:1  21:2  21:3  21:4  21:6  21:10  21:11  21:14  21:14  21:18  21:20  21:20  22:4  22:5  22:5  22:9  22:9  22:11  22:13  22:13  22:15  22:16  22:16  22:16  22:17  22:18  22:23  22:24  23:3  23:4  23:6  23:7  23:9  23:11  23:13  23:13  23:15  23:17  23:17  23:20  24:1  24:2  24:2  24:4  24:6  24:6  24:7  24:15  24:15  24:16  24:20  24:21  24:21  24:23  24:24  25:1  25:2  25:5  25:5  25:6  25:10  25:11  25:11  25:14  25:15  25:17  25:23  25:24  26:2  26:2  26:3  26:3 | | **there's**(8) 14:5  16:5  22:1  22:12  26:1  26:4  29:15  36:4

**thereafter**(1) 36:25

**these**(14) 11:20  12:3  12:18  12:19  12:23  14:2  15:6  22:7  22:22  25:18  34:4  34:10  34:19  35:8

**they**(31) 7:20  7:22  9:19  9:19  10:10  10:24  14:10  14:12  14:14  19:20  20:8  21:5  21:15  21:16  21:19  21:20  21:22  22:12  23:16  24:10  29:6  31:8  31:9  32:9  33:4  35:2  35:3  35:6  35:16  36:5  36:9

**they'd**(1) 14:3
**they'll**(1) 15:14
**they're**(7) 8:25  9:20  9:21  10:17  15:4  21:19  24:10

**they've**(3) 14:16  14:16  36:9

**thing**(4) 14:22  32:23  34:12  36:9
**things**(12) 8:20  9:16  10:4  10:19  10:20  11:12  11:15  25:23  28:11  28:15  37:4  37:4

**think**(54) 6:19  7:2  7:12  7:15  7:25  8:19  9:15  9:21  10:3  11:16  12:7  12:8  12:9  12:12  12:17  13:13  14:4  15:8  15:23  16:1  16:23  17:5  19:15  19:23  21:16  21:25  22:1  22:15  23:3  23:4  23:9  23:16  23:19  25:21  26:9  26:17  26:23  27:8  27:19  28:2  29:20  32:16  32:21  32:24  33:8  33:15  33:18  33:23  34:1  34:2  34:8  34:25  35:14  36:2

**thinks**(1) 24:10

**third**(14) 7:20  8:15  11:10  13:16  15:7  15:7  17:14  20:25  24:19  28:19  33:7  33:9  33:17  33:21
**third-party**(2) 7:17  11:3
**this**(60) 7:15  7:23  8:16  11:5  11:14  11:22  12:1  12:6  12:9  13:2  14:14  14:17  14:23  15:9  15:15  15:16  16:11  16:20  17:6  17:18  17:22  18:5  18:9  18:24  19:10  20:22  20:22  22:5  22:10  22:15  22:20  23:12  24:11  25:16  27:10  27:13  27:15  27:25  29:24  30:2  30:6  30:8  30:9  30:20  31:6  31:10  32:3  33:15  33:24  34:17  36:5  36:9  36:11  36:12  36:18  36:21  37:4  37:8

**thomas**(1) 3:25
**those**(24) 7:19  7:20  8:19  9:22  9:24  10:1  10:20  11:9  11:11  11:14  11:17  13:14  15:13  15:18  17:3  17:12  21:8  21:12  23:7  24:16  29:12  31:9  33:1  33:15

**though**(1) 30:23
**thought**(5) 14:1  21:15  31:3  31:11  36:20
**thoughts**(3) 25:17  31:24  34:9
**three**(2) 13:14  36:20
**threshold**(1) 26:10
**through**(7) 6:9  10:15  10:15  14:21  22:7  22:7  23:12

**throwing**(2) 16:6  16:13
**thrown**(1) 27:3
**thursday**(1) 6:1
**till**(2) 36:24  37:1
**time**(23) 7:3  7:4  7:8  9:5  11:6  11:7  12:2  16:1  16:24  18:15  19:1  20:15  20:16  20:20  22:9  22:15  23:7  27:14  32:10  32:20  32:25  33:16  36:24

**timeframe**(1) 25:6
**today**(10) 6:8  7:9  16:15  23:2  32:9  33:16  35:10  36:14  36:18  37:5
**told**(2) 14:1  17:6
**too**(1) 16:2
**totally**(1) 10:11
**traci**(1) 37:20
**tracks**(1) 27:8
**transaction**(1) 27:12 | | **transcribed**(1) 15:13
**transcriber**(1) 37:20
**transcript**(4) 1:18  1:47  19:2  37:15
**transcription**(2) 1:41  1:47
**transcriptions**(1) 9:17
**transcripts**(1) 15:18
**tribune**(4) 1:8  3:4  3:7  6:7
**tried**(1) 33:15
**trouble**(1) 15:10
**troubling**(1) 15:9
**true**(5) 9:1  23:22  24:25  29:8  35:13
**truly**(2) 22:9  25:15
**trustee**(9) 2:26  2:26  17:4  17:6  19:7  27:4  27:6  28:8  36:22

**trustee's**(1) 19:15
**try**(2) 26:21  36:25
**trying**(3) 25:4  28:23  28:24
**tuchin**(2) 4:40  18:6
**turn**(3) 6:19  7:16  24:9
**turned**(1) 7:14
**turns**(2) 15:7  33:24
**two**(24) 6:25  7:2  7:11  7:25  14:1  14:3  16:1  16:2  18:8  18:19  19:1  19:6  19:10  19:16  21:17  27:14  27:20  28:16  28:16  29:22  31:24  32:22  33:8  33:16

**two-year**(10) 19:3  23:13  23:17  23:23  27:17  27:22  28:2  28:12  30:16  32:14

**u.s**(7) 2:26  2:26  19:7  19:15  27:4  28:7

**ultimately**(7) 18:25  20:3  21:18  23:5  29:15  29:18  33:22

**un-transcribed**(1) 9:24
**uncertainty**(1) 13:22
**unclear**(2) 18:21  25:12
**under**(3) 10:11  21:8  23:17
**understand**(6) 16:15  23:18  26:16  27:2  27:3  29:4

**understanding**(1) 17:5
**undertaken**(1) 31:2
**undoubtedly**(1) 21:4
**unfair**(2) 12:13  28:8
**unfettered**(1) 22:14
**unfounded**(1) 22:14
**unilateral**(1) 39:24
**unique**(2) 21:2  29:25
**united**(3) 1:1  1:20  27:6
**universe**(4) 12:5  12:9  12:12  13:17
**unknown**(1) 12:5
**unless**(1) 18:2
**unprecedented**(1) 31:7
**unsecured**(1) 3:20
**until**(4) 15:2  19:11  22:23  32:3
**upcoming**(1) 37:2
**upon**(3) 24:22  25:9  28:15
**use**(2) 21:20  27:2
**used**(4) 8:15  8:16  11:3  11:3
**useful**(1) 20:24
**utilized**(1) 21:15
**vacuum**(1) 15:22
**vail**(1) 4:34
**valuable**(1) 21:25
**verbatim**(2) 15:11  15:13
**very**(10) 12:4  12:18  12:21  15:5  26:15  31:22  33:19  34:17  34:18  37:7

**view**(5) 11:16  19:15  19:15  19:17  20:3
**wait**(1) 37:1
**waived**(1) 10:23
**want**(7) 12:1  27:3  31:9  32:2  32:14  33:20  35:5

**wanted**(1) 14:20
**wants**(3) 6:9  31:21  35:20
**wardwell**(1) 3:45
**warsavsky**(1) 3:37 |

| **that's**(38) 7:7  9:3  9:4  9:6  14:13  15:4  15:16  16:9  16:14  17:5  17:17  17:19  17:24  18:1  19:21  19:22  20:2  23:4  24:25  25:3  27:24  28:3  29:12  29:15  29:16  30:17  31:11  32:21  33:12  34:1  34:12  34:22  34:23  34:24  35:12  35:25  36:12  36:15

**thau**(1) 4:37 | | **the**(157) 26:8  26:11  26:11  26:16  26:17  26:19  26:19  26:21  26:22  26:22  27:1  27:3  27:4  27:6  27:7  27:8  27:10  27:12  27:14  27:17  27:17  27:18  27:19  27:22  27:23  27:23  27:24  28:2  28:2  28:4  28:4  28:5  28:7  28:7  28:7  28:8  28:9  28:9  28:11  28:12  28:12  28:13  28:18  28:20  28:22  29:5  29:8  29:10  29:11  29:13  29:14  29:18  29:23  30:1  30:2  30:3  30:5  30:12  30:14  30:14  30:15  30:16  30:17  30:19  30:21  30:22  30:25  31:2  31:7  31:11  31:13  31:14  31:15  31:15  31:18  31:20  31:20  31:25  32:1  32:4  32:6  32:6  32:8  32:10  32:11  32:14  32:15  32:15  32:16  32:16  32:22  33:1  33:3  33:5  33:5  33:7  33:8  33:10  33:12  33:14  33:16  33:18  33:20  33:23  34:5  34:5  34:5  34:9  34:10  34:12  34:13  34:15  34:16  34:19  34:20  34:22  34:23  34:25  35:1  35:2  35:3  35:4  35:4  35:5  35:5  35:9  35:12  35:15  35:23  36:1  36:2  36:4  36:5  36:8  36:11  36:13  36:14  36:17  36:21  37:2  37:7  37:11  37:14  37:15  37:15  37:16

**their**(3) 20:5  27:8  35:21
**them**(7) 9:13  9:15  11:10  11:10  14:8  19:9  21:21

**then**(4) 7:8  7:13  9:9  36:24
**there**(38) 7:7  7:17  10:7  10:10  10:19  11:1  11:17  13:21  14:13  16:4  16:15  16:16  18:18  18:20  20:12  20:15  20:18  20:19  22:19  23:1  23:2  23:14  23:22  24:15  26:1  26:9  26:13  26:13  26:14  28:13  30:7  32:9  33:6  35:18  36:1  36:4  37:3  37:5 | | | | |

| Word | Page:Line | Word | Page:Line |
|---|---|---|---|
| | | | |

**was**(30) 13:19 14:18 14:19 15:25 18:16 18:18 18:21 18:21 18:24 19:3 22:1 23:4 23:9 23:13 24:24 25:2 27:11 27:11 27:13 28:11 28:13 31:3 31:7 32:3 32:7 32:10 33:18 34:8 35:5 37:11

**way**(6) 13:23 22:10 26:22 27:24 34:20
**ways**(1) 16:6
**we'd**(2) 23:21 24:3
**we'll**(1) 33:23
**we're**(17) 7:10 7:14 7:23 11:7 17:7 17:12 19:6 19:16 23:24 28:1 28:2 28:19 32:15 32:25 33:9 33:17 35:10

**we've**(6) 11:6 14:21 15:17 17:5 21:3 27:25
**week**(1) 36:24
**weitman**(1) 3:12
**welcome**(1) 31:17
**well**(16) 8:24 9:9 11:5 11:19 13:6 16:19 23:11 25:1 25:17 26:24 28:24 29:1 29:3 35:12 35:19 36:17

**wells**(1) 4:25
**were**(17) 7:7 8:14 15:8 15:12 19:7 19:16 21:15 21:15 21:19 23:22 25:8 26:13 26:13 26:14 28:13 32:13 32:17

**weren't**(1) 32:2
**west**(1) 2:35
**what**(42) 7:12 7:15 7:25 8:22 9:12 9:19 10:11 10:19 12:20 12:21 13:19 13:22 14:12 15:11 15:15 16:3 16:14 16:17 16:19 16:22 17:16 19:1 20:6 21:18 22:12 22:16 22:24 24:7 25:12 26:11 26:24 28:13 29:22 32:7 32:7 32:9 32:9 33:2 33:12 33:21 35:17 36:25

**what's**(6) 8:17 16:12 16:17 21:23 25:21 29:15

**whatever**(3) 10:23 32:21 33:25
**when**(10) 15:4 21:19 21:20 31:1 32:11 32:12 34:8 34:22 35:20 37:1

**where**(11) 10:10 11:13 15:7 17:21 19:16 20:2 24:2 28:12 29:21 34:20 35:3

**whereupon**(1) 37:11
**whether**(11) 13:17 14:13 17:21 21:6 22:25 25:12 29:13 32:12 34:11 34:11 34:13

**which**(21) 6:17 8:12 10:21 10:23 14:22 15:1 19:2 20:8 21:8 22:7 25:24 26:11 26:19 27:8 27:11 27:12 28:20 28:21 33:5 36:1 36:21
**while**(8) 9:11 12:3 24:20 27:22 31:4 31:10 31:24 32:8

**white**(1) 4:25
**who**(8) 10:11 16:20 19:9 26:23 27:11 30:6 30:7 32:24

**who's**(2) 25:14 30:7
**whole**(1) 34:10
**whose**(2) 28:9 28:10
**why**(7) 6:14 11:1 13:25 17:9 21:10 27:8 34:23

**will**(22) 7:11 7:16 11:8 15:14 15:15 19:12 19:12 20:4 22:9 22:12 23:8 27:19 30:7 33:2 33:2 33:3 33:3 33:4 33:5 33:6 36:6 37:8
**willing**(1) 17:1
**wilmington**(6) 1:12 1:35 2:9 2:23 2:30 6:1
**win**(1) 34:1
**windup**(1) 35:15
**wishes**(1) 30:8

**with**(36) 7:19 8:16 9:2 9:17 10:24 13:13 13:16 14:3 15:20 15:25 16:4 16:6 16:8 16:11 17:14 17:17 18:11 18:13 19:20 21:2 21:3 22:2 25:10 25:20 26:4 26:21 27:15 27:19 28:7 28:8 30:6 30:13 31:4 33:25 34:19 35:8

**within**(3) 23:14 23:17 23:23
**without**(1) 12:19
**witness**(1) 9:24
**witnesses**(1) 9:18
**wolves**(1) 27:3
**won't**(2) 33:4 36:24
**word**(2) 19:8 31:20
**words**(1) 27:2
**work**(8) 21:7 25:24 26:4 26:25 28:9 28:10 28:25 35:1

**world**(3) 11:23 11:25 36:5
**worse**(1) 22:8
**would**(53) 6:16 7:2 7:3 7:18 7:19 8:20 9:11 9:14 9:15 9:16 9:21 9:22 10:2 10:4 11:9 11:17 12:21 14:7 21:10 21:16 21:21 23:14 23:18 23:19 23:21 24:1 24:5 24:7 24:22 24:22 25:7 25:10 25:21 25:22 25:23 26:5 26:5 28:12 28:14 28:23 29:1 31:2 32:5 32:8 32:16 32:17 32:22 33:18 33:19 34:10 34:11 34:14 35:10

**wouldn't**(4) 25:25 28:16 28:16 33:13
**write**(1) 37:4
**writing**(1) 37:3
**yeah**(4) 11:5 23:9 29:20 35:25
**year**(7) 15:1 16:2 23:2 28:1 28:1 32:25 36:7

**years**(24) 6:25 7:2 7:11 8:1 11:12 14:1 14:3 16:1 16:2 18:8 19:1 19:6 19:10 19:17 21:17 27:14 27:20 28:5 28:6 28:16 28:16 32:22 33:9 33:16

**years-old**(1) 31:1
**yes**(4) 8:6 13:2 13:4 26:8 30:20 30:22
**yet**(4) 6:15 18:24 28:23 30:7
**york**(5) 2:16 14:7 14:10 15:3 19:11
**you**(98) 6:13 7:7 8:4 8:7 8:16 10:6 10:9 10:16 11:19 12:14 12:24 13:4 13:11 14:1 14:1 14:2 14:2 14:2 14:22 15:15 15:19 16:8 17:1 17:2 17:3 17:7 17:15 17:17 17:17 17:18 17:25 18:2 18:3 18:5 21:2 21:16 22:6 22:9 22:15 23:8 23:16 23:18 23:25 24:4 24:8 24:9 24:11 25:7 25:13 25:24 26:1 26:10 26:13 26:16 26:19 27:2 27:6 29:2 29:6 29:8 29:22 29:22 29:23 29:24 30:3 30:4 30:19 31:13 31:14 31:15 32:3 33:25 34:1 34:2 34:6 34:8 34:9 34:12 34:14 34:18 34:25 35:5 35:6 35:7 35:7 35:9 35:11 35:13 35:13 35:15 35:16 35:23 35:25 36:3 36:5 36:19 37:7 37:9

**you're**(4) 16:14 22:25 28:15 31:17
**your**(41) 6:4 6:5 6:6 6:13 6:23 6:25 7:9 12:7 12:16 13:1 13:2 13:8 13:11 13:12 16:18 18:1 18:5 19:1 20:9 20:17 24:13 24:18 25:4 25:9 26:7 26:12 27:3 27:5 29:21 30:9 30:20 31:8 31:17 31:23 32:15 33:8 33:20 34:7 37:6 37:9 37:10

**yours**(1) 27:2
**zatz**(1) 4:26
**zuckerman**(1) 3:31