## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: November 7, 2012 at 1:00 p.m. (ET)**<br>**Objection Deadline: October 22, 2012 at 4:00 p.m. (ET)** |

## SIXTH SUPPLEMENTAL APPLICATION FOR AN ORDER MODIFYING THE SCOPE OF THE RETENTION OF ERNST & YOUNG LLP TO INCLUDE CERTAIN MULTI-STATE DISCLOSURE SERVICES, *NUNC PRO TUNC* TO MARCH 12, 2012

The debtors and debtors in possession in the above-captioned chapter 11 cases

(each a "Debtor" and, collectively, the "Debtors") hereby submit this Sixth Supplemental

Application (the "Sixth Supplemental Application") for entry of an order, in the form submitted

herewith, modifying the scope of the Debtors' retention of Ernst & Young LLP ("E&Y")

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

pursuant to sections 327(a) and 1107 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to include the provision of certain multi-state disclosure services to Tribune Company ("Tribune"), *nunc pro tunc* to March 12, 2012.  In support of this Sixth Supplemental Application, the Debtors submit the Seventh Supplemental Affidavit of Ernst & Young LLP, as executed by one of E&Y's partners, Matthew Howley (the "Seventh Supplemental Howley Affidavit"), a copy of which is attached as Exhibit A and is incorporated herein by reference.  In further support of this Sixth Supplemental Application, the Debtors respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1.        On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.  An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.  In all, the Debtors comprise 110 entities.

2.        The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  [Docket Nos. 43, 2333].

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

3.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors in the Debtors' chapter 11 cases (the "Committee").

5.      On July 23, 2012, the Court entered the Order Confirming Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 12074].

6.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are sections 327(a) and 1107 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1.

## BACKGROUND TO THE SIXTH SUPPLEMENTAL APPLICATION

### A.      Scope of E&Y's Current Retention

7.      E&Y has previously been retained by the Debtors in these chapter 11 cases to provide (i) valuation and business modeling services, (ii) market survey services, (iii) valuation services for certain FCC licenses held by the Debtors, (iv) valuation services related to the application of fresh start accounting, (v) advisory services relating to sales and use taxes and personal property taxes, (vi) valuation services related to Tribune's equity interest in Television Food Network, G.P., and (vii) an electricity study for state sales and use tax purposes. The terms of E&Y's pre-existing retentions by the Debtors are summarized in (a) the Debtors'

Application for an Order Authorizing Debtors to Retain and Employ Ernst & Young LLP to

provide (I) Valuation and Business Modeling Services and (II) Market Survey Services to the

Debtors Pursuant to 11 U.S.C. §§ 327(a), *Nunc Pro Tunc* to May 31, 2009, which was filed on

June 5, 2009 [Docket No. 1298] and subsequently approved by an order of this Court on July 21,

2009 [Docket No. 1783] (the "Original Retention Order"); and (b) each of the other Prior

Applications, as approved by the Prior Retention Orders (as each term is defined below).[3]

8.        Additionally, the Debtors filed an application, pursuant to sections 105,

363 and 1107 of the Bankruptcy Code, for an order authorizing E&Y to perform services as the

"Accounting Firm" under the 2009 Formation Agreement concerning the formation of Chicago

Baseball Holdings, LLC, which was filed on June 2, 2011 [Docket No. 9041] (the "Cubs

Engagement Application") and subsequently approved by an order of this Court on June 24,

---

[3] These include (a) the Debtors' Supplemental Application for an Order Modifying the Scope of the Retention of Ernst & Young LLP to include continued performance of valuation services relating to FCC licenses, which was filed on February 22, 2010 [Docket No. 3516] (the "Supplemental Application") and subsequently approved by an order of this Court on March 22, 2010 [Docket No. 3804] (the "Supplemental Retention Order"); (b) the Debtors' Second Supplemental Application for an Order Modifying the Scope of the Retention of Ernst & Young LLP to encompass certain valuation services related to the application of fresh start accounting and plan of reorganization adjustments upon the Debtors' emergence from bankruptcy, which was filed on May 24, 2010 [Docket No. 4594] (the "Second Supplemental Application") and subsequently approved by an order of this Court on June 14, 2010 [Docket No. 4779] (the "Second Supplemental Retention Order"); (c) the Debtors' Third Supplemental Application for an Order Modifying the Scope of the Retention of Ernst & Young LLP to encompass certain advisory services related to sales and use taxes and personal property taxes, which was filed on March 4, 2011 [Docket No. 8277] (the "Third Supplemental Application") and subsequently approved by an order of this Court on March 21, 2011 [Docket No. 8459] (the "Third Supplemental Retention Order"); (d) the Debtors' Fourth Supplemental Application for an Order Modifying the Scope of the Retention of Ernst & Young LLP to include valuation of certain Cooking Channel assets, which was filed on November 4, 2011 [Docket No. 10163] (the "Fourth Supplemental Application") and subsequently approved by an order of this Court on November 18, 2011 [Docket No. 10260] (the "Fourth Supplemental Retention Order"); and (e) the Debtors' Fifth Supplemental Application for an Order Modifying the Scope of Retention of Ernst & Young LLP to include a utility study for sales and use tax purposes [Docket No. 10507] (the "Fifth Supplemental Application" and, collectively with the Application, the Supplemental Application, the Second Supplemental Application, the Third Supplemental Application and the Fourth Supplemental Application, the "Prior Applications") and subsequently approved by an order of this Court on January 9, 2012 [Docket No. 10559] (the "Fifth Supplemental Retention Order" and, collectively with the Original Retention Order, the Supplemental Retention Order, the Second Supplemental Retention Order, the Third Supplemental Retention Order and the Fourth Supplemental Retention Order, the "Prior Retention Orders").

2011 [Docket No. 9348].  The Prior Applications and the Cubs Engagement Application are

incorporated herein by reference.[4]

### B.    Overview of the Proposed Modified Retention of E&Y

9.    Tribune now seeks to enter into a Statement of Work – Multi-State

Voluntary Disclosure Agreements (the "Multi-State Disclosure SOW"), a copy of which is

attached to the Seventh Supplemental Howley Affidavit as Exhibit A.  The services that are the

subject of the Multi-State Disclosure SOW are not among the services that E&Y or the Debtors

contemplated under any existing engagement letters and statements of work that were the basis

of the Prior Applications.  Accordingly, the Debtors submit this Sixth Supplemental Application,

in part, to encompass such services and obtain Court approval for the Multi-State Disclosure

SOW.  As discussed in the Multi-State Disclosure SOW, E&Y will provide the following

services (the "Multi-State Disclosure Services"):[5]

- Provide tax services concerning the states of California, Connecticut, Florida, Maryland and Texas tax amnesty or voluntary disclosure programs for Tribune Technology, a division of Tribune.

- Provide Tribune with an understanding of the amnesty and/or voluntary disclosure programs, as well as computations of potential penalties that could be abated under these programs.

- If Tribune decides to enter into some of the amnesty or voluntary disclosure programs as a means to resolving any issues identified, E&Y will, if requested to do so, prepare the necessary filings and represent Tribune in any

---

[4] The Debtors incorporate herein by reference the Affidavit of Ernst & Young in Support of the Application, which was filed on June 5, 2009 [Docket No. 1298], the Supplemental Affidavit of Ernst & Young in Support of the Application, which was filed on July 13, 2009 [Docket No. 1712], Second Supplemental Affidavit of Ernst & Young LLP, which was filed on November 2, 2009 [Docket No. 2471], the Third Supplemental Affidavit of Ernst & Young LLP, which was filed on June 2, 2011 [Docket No. 9041], the Fourth Supplemental Affidavit of Ernst & Young LLP, which was filed on August 3, 2011 [Docket No. 9600], the Fifth Supplemental Affidavit of Ernst & Young LLP, which was filed on November 7, 2011 [Docket No. 10167] and the Sixth Supplemental Affidavit of Ernst & Young LLP, which was filed on December 23, 2011 [Docket No. 10507] (collectively, the "Prior Affidavits").

[5] The description of the Multi-State Disclosure Services set forth herein is a summary.  To the extent that this Sixth Supplemental Application and the terms of the Multi-State Disclosure SOW are inconsistent, the terms of the Multi-State Disclosure SOW shall control.

examination of the filings or issues included in the filings and, where permissible, in subsequent proceedings before the state and local taxing authorities, including the preparation of correspondence, protests, or appeals in administrative proceedings.

- Assist other divisions of Tribune with entering into voluntary disclosure or amnesty programs for California, Connecticut, Florida, Maryland and Texas, if requested.

- Review and analyze Tribune-prepared calculations of tax due and provide guidance on mitigation and reduction of liability remitted, if requested.

- Draft all applications and documents required (anonymous or named, depending on jurisdiction) to enter into a voluntary disclosure/amnesty program for sales and use taxes, if requested.

- Correspond with the respective taxing jurisdiction as necessary to carry out the voluntary disclosure/amnesty program requirements, if requested.

- Provide regular updates to Tribune throughout the voluntary disclosure/amnesty process, if requested.

- Review Tribune-prepared schedules and/or returns and provide recommendations to Tribune as necessary to complete the voluntary disclosure/amnesty program.

10.    The Multi-State Disclosure SOW incorporates by reference the terms, conditions and billing provisions of the master agreement between E&Y and Tribune, dated February 1, 2011, and approved in connection with the Third Supplemental Application.  E&Y will charge the Debtors by the hour for the services subject of the Multi-State Disclosure SOW. E&Y's rates are currently as follows:

| Title | Rate Per Hour |
| --- | --- |
| Executive Director/Principal/Partner | $500 |
| Senior Manager | $475 |
| Manager | $375 |
| Senior | $275 |
| Staff | $175 |

E&Y estimates that it will incur fees for such services in the range of $4,000 to $7,000 per voluntary disclosure/amnesty program that Tribune decides to enter.  Additionally, if requested,

E&Y's fees for reviewing tax calculations prepared by Tribune will be approximately $2,000 to $5,000 for all jurisdictions.  While E&Y began the services that are the subject of the Multi-State Disclosure SOW in March 2012, E&Y has not yet billed the Debtors for any such services.

11.    The Multi-State Disclosure SOW states that if E&Y determines that any additional work is necessary during the provision of services, whether at Tribune's request or because the complexity of the project is other than as originally discussed, E&Y will promptly contact Tribune to discuss any adjustments to the scope of work or E&Y's fees.  In addition, if such adjustments are to occur prior to the effective date of the Debtors' plan of reorganization, Tribune will obtain Court approval respecting such adjustments.  The services contemplated in the Multi-State Disclosure SOW are not duplicative of those services provided by the Debtors' other professionals.

## LEGAL AUTHORITY

### A.    Disinterestedness

12.    The Debtors' existing retention of E&Y, and the proposed modification of that retention described herein, are pursuant to section 327(a) of the Bankruptcy Code, which provides in relevant part that a debtor in possession, with the Court's approval, may employ professionals (such as attorneys or accountants) "that do not hold or represent an interest adverse to the estate," and that are "disinterested persons."  11 U.S.C. §§ 327(a) and 1107; see also In re BH&P, Inc., 949 F.2d 1300, 1314 (3d Cir. 1991) (citing In re Star Broadcasting, Inc., 81 B.R. 835, 838 (Bankr. D.N.J. 1988)) (for a professional to be retained under section 327(a), such professional "must 'not hold or represent an interest adverse to the estate' and must be a 'disinterested person.').  A "disinterested person" is defined as one who does not have an interest

materially adverse to the interest of the estate, by reason of any direct or indirect relationship

with the debtor, or for any other reason. See 11 U.S.C. § 101(14)(e).

13.     To the best of the Debtors' knowledge, information and belief, and based

on E&Y's representations in the Seventh Supplemental Howley Affidavit and the Prior

Affidavits, E&Y remains a "disinterested person" as defined in section 101(14) of the

Bankruptcy Code, eligible for retention and employment in these cases.

## B.     Best Interests of the Debtors' Estates

14.     In the instant case, further modifying the scope of E&Y's representation to

include the tax services subject of the Multi-State Disclosure SOW is in the best interests of the

relevant Debtors' estates, and satisfies all other standards for retention under sections 327(a) and

1107 of the Bankruptcy Code.  E&Y is well positioned to perform such services efficiently and

economically on behalf of the Debtors.  The partners, managers and staff of E&Y, through

E&Y's prior work for the Debtors and during these chapter 11 cases, are very familiar with the

Debtors, their business operations, and their tax issues.  This, coupled with E&Y's thorough

understanding of state amnesty and voluntary disclosure programs, leads the Debtors to believe

that retaining E&Y to advise Tribune on amnesty and voluntary disclosure programs and, if

requested, prepare any necessary related filings and provide representation with respect thereto,

is efficient, sensible and in the best interest of the Debtors' estates.

## C.     *Nunc Pro Tunc* Relief

15.     It is well established that a bankruptcy court has the power to grant

retroactive approval of employment of a professional in a chapter 11 case.  See, e.g., In re

Arkansas Co., Inc., 798 F.2d 645, 648 (3d Cir. 1986); In re Primary Health Sys. Inc., 2002 WL

500567 (D. Del. Mar. 28, 2002).  In determining whether the court should exercise its discretion

to grant retroactive approval the bankruptcy court must find that it would have granted prior approval pursuant to the requirements of section 327(a), and may consider additional factors such as (1) whether the applicant was under time pressure to begin service without approval; (2) the amount of delay; and (3) the extent to which compensation to the applicant will prejudice innocent third parties. In re Arkansas Co., Inc., 798 F.2d at 650.

16.    The Debtors seek authorization to employ and retain E&Y *nunc pro tunc* to March 12, 2012 to provide the tax services in accordance with the Multi-State Disclosure SOW. The Multi-State Disclosure SOW was executed on March 8, 2012. In order for E&Y to provide Tribune with the highest level of services, to have sufficient time to compute potential penalties and, if requested, prepare filings by any applicable deadlines, E&Y began preliminary provision of the Multi-State Disclosure Services on March 12, 2012. A request to approve the Multi-State Disclosure SOW has been delayed, in part, because, before any services can begin, E&Y must submit a request to the taxing authority for acceptance into the relevant tax program. The taxing authority may take forty-five to sixty days to respond with an acceptance or rejection into the mitigation program. Thus, even though some preliminary work is done in conjunction with applying for acceptance into a relevant tax program, neither E&Y nor the entity to which E&Y is providing Multi-State Disclosure Services may know whether the entity is approved for the relevant tax program for up to two months. E&Y anticipates that it has incurred approximately $30,000 in fees to the present date related to the services that are the subject of the Multi-State Disclosure SOW.

## NOTICE

17.    Notice of this Sixth Supplemental Application has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the

administrative agents for Tribune's prepetition loan facilities; (iv) the administrative agent for Debtors' postpetition loan facility; (v) counsel to E&Y; and (vi) all parties having requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the form submitted herewith, (i) authorizing the Debtors to employ and retain E&Y *nunc pro tunc* to March 12, 2012 to provide the tax services in accordance with the Multi-State Disclosure SOW; and (ii) granting to the Debtors such other relief as may be just and proper.

Dated: October 5, 2012

> TRIBUNE COMPANY
> (for itself and on behalf of each Debtor)
>
> _____
> Patrick Shanahan
> Vice President, Tax