# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: November 7, 2012 at 1:00 p.m. ET** |
| | **Response Deadline: October 31, 2012 at 4:00 p.m. ET** |

## DEBTORS' SIXTIETH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

> **Claimants receiving this Objection should locate their name(s) and claim number(s) on Schedule 1 attached hereto to learn which of the lettered exhibits, Exhibit A, Exhibit B, Exhibit C, Exhibit D or Exhibit E, contains the grounds for the objection pertaining to their claim(s) and the relief being sought by the Debtors.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347);Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

> **Your rights may be affected by this Objection and by any further objection that may be filed by the Debtors to your claim.**

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and, collectively, the "Debtors"), by and through their undersigned counsel, hereby submit this sixtieth omnibus objection to claims (the "Objection"), which Objection covers each of the claims (the "Disputed Claims") set forth on Exhibit A, Exhibit B, Exhibit C, Exhibit D, and Exhibit E attached hereto and to the proposed form of order submitted herewith. This Objection is submitted pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). By this Objection, the Debtors request entry of an order modifying each of the Disputed Claims identified on Exhibit A, Exhibit B, Exhibit C, and Exhibit D, to reduce, fix, reassign, change the classification of, and/or change the priority of such claims, as indicated in further detail below, and expunging and disallowing the Disputed Claims identified on Exhibit E. In support of this Objection, the Debtors rely on the Declaration of John Rodden, Vice President of Tribune Company (the "Rodden Declaration"), attached hereto to as Exhibit F. In further support of this Objection, the Debtors respectfully represent as follows:

## STATUS OF THE CASE

1.      On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

46429/0001-8904992V1

petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 110 entities.

2.       The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). (Docket No. 43, 2333).

3.       The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.       On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors in the Debtors' chapter 11 cases (the "Committee").

5.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

## BACKGROUND CONCERNING THE DEBTORS' CLAIMS PROCESS

6.       To date, approximately 7,150 Proofs of Claim have been filed in these chapter 11 cases. The Proofs of Claim are recorded on the official claims register (the "Claims Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

## RELIEF REQUESTED

7.       By this Objection, the Debtors seek entry of an Order granting the following relief with respect to the Disputed Claims:

46429/0001-8904992V1

a)  reducing and/or fixing the value of each of the Disputed Claims identified on Exhibit A (the "Modified Amount Claims") to the dollar value listed under the column heading "Modified Amount," which corresponds to the amount the Debtors believe is owed by the applicable Debtor on account of the Modified Amount Claims after reconciling such claims with their books and records;

b)  modifying the priority, in whole or in part, of each the Disputed Claims identified on Exhibit B (the "Modified Priority Claims") from priority to non-priority as indicated under the column heading "Modified Priority Status;"

c)  (i) modifying the priority, in whole or in part, of each of the Disputed Claims identified on Exhibit C (the "Modified Priority, Modified Debtor Claims") from priority to non-priority as indicated under the column heading "Modified Priority Status" and (ii) reassigning such claim to the Debtor listed under the column heading "Modified Debtor," which corresponds to the particular Debtor that is liable for such claim;

d)  reclassifying, in whole or in part, each of the Disputed Claims identified on Exhibit D from secured to unsecured, on the grounds that no basis appears or is known to the Debtors for the assertion of such Disputed Claims as secured claims (the "Reclassified Claims");

e)  disallowing and expunging each of the claims identified on Exhibit E (the "No Liability Claims"); and

f)  authorizing the Claims Agent to modify or expunge each of the Disputed Claims on the Claims Register in accordance with the proposed Order.

8.  The Debtors have reviewed Del. Bankr. LR 3007-1 in connection with the preparation of this Objection, and the Debtors believe that this Objection complies fully with that Rule.

## BASIS FOR OBJECTION

9.  Section 502(b) of the Bankruptcy Code provides in pertinent part:

[I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

> (1)    such claim is unenforceable against the debtor and
> property of the debtor, under any agreement or applicable
> law for a reason other than because such claim is
> contingent or unmatured . . . .

11 U.S.C. § 502(b)(1).  Section 502(b)(1) recognizes the settled principle that "[c]reditors'

entitlements in bankruptcy arise in the first instance from the underlying substantive law creating

the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy

Code."  Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450-51 (2007)

(citing Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20 (2000)).  A claim against the bankruptcy

estate, therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be

enforceable against the debtor outside of bankruptcy."  In re Combustion Eng'g, Inc., 391 F.3d

190, 245 (3d Cir. 2004).

### A.    Modified Amount Claims

10.    After reviewing their books and records and the Proofs of Claim filed in

these chapter 11 cases, the Debtors have identified the four (4) Modified Amount Claims on

Exhibit A hereto, in the aggregate amount of $9,878.00 plus certain undetermined amounts, each

of which is either (i) asserted in an amount that is higher than the amount of such liability

reflected in the Debtors' books and records, or (ii) is asserted in an amount that is entirely

undetermined; however, the documentation filed in support of such claim and/or the Debtors'

books and records reflect an amount that the Debtors agree is owed.  See Ex. F at ¶ 5.  If the

relief requested herein is granted, the Modified Amount Claims on Exhibit A will be reduced

and/or fixed and allowed in the aggregate amount of $25,682.98, with the dollar value listed for

each such claim under the column heading "Modified Amount."

11.    For two of the four Disputed Claims identified on Exhibit A, the

difference in value between the amounts asserted in the Disputed Claims and the amounts

5

reflected in the Debtors' books and records can be attributed to partial payments made to the holders of the Disputed Claims in the ordinary course of business prior to the commencement of the Debtors' chapter 11 cases or to a variation in the calculation of the appropriate pro rata split for invoices covering both the pre- and post-petition period.  See Ex. F at ¶ 6.  Thus, these claims have been satisfied in part, and payment in full of the asserted amount of the relevant claims would result in an overpayment to such creditors.  See id.  Another of the Disputed Claims identified on Exhibit A was asserted without supporting documentation, and the Debtors' books and records reflect that a different amount is owed.  See id.  Finally, the remaining Disputed Claim identified on Exhibit A was filed without supporting documentation and asserted as being undetermined in amount, while the Debtors' books and records reflect an amount that the Debtors agree is owed to such creditor.  See id.  The Debtors have included such claims in the Objection to correct the Claims Register and ensure that they make payments only on valid claims against their estates.

**B.    Modified Priority Claims**

12.    After reviewing their books and records and the Proofs of Claim filed in these chapter 11 cases, the Debtors have identified the three (3) Modified Priority Claims on Exhibit B hereto, in the aggregate amount of $19,370.68, each of which asserted that the full amount of the claim is entitled to priority status, which the Debtors have determined is inaccurate.  See Ex. F at ¶ 7.

13.    With respect to each of the Disputed Claims identified on Exhibit B, the statutory basis for priority on the face of the Proof of Claim is not applicable to the claim, or is only partially applicable.  See id.  As a result, the Debtors believe that the priority of these claims should be modified, in whole or in part, from priority to non-priority as indicated under the column heading "Modified Priority Status" on Exhibit B.  If the relief requested herein is

6

granted, the Modified Priority Claims on Exhibit B will be modified to reflect the priority specified under the column heading "Modified Priority Status."

**C.    Modified Priority, Modified Debtor Claims**

14.    After reviewing their books and records and the Proofs of Claim filed in these chapter 11 cases, the Debtors have identified one (1) Modified Priority, Modified Debtor Claim on Exhibit C hereto, in the aggregate amount of $1,222.32, which (a) asserted that all of the claim is entitled to priority status, which the Debtors have determined is inaccurate, and (b) failed to identify the correct Debtor against which the claim is properly asserted. See Ex. F at ¶ 8.

15.    The Debtors seek to modify the Debtor on the Modified Priority, Modified Debtor Claim because the claim was improperly asserted against Tribune. Upon review of the documentation supporting the Proof of Claim and their own books and records, the Debtors have determined that the liability for such claim is properly owed by Los Angeles Times Communications LLC ("LATC"). See id. The Debtors propose that the Modified Priority, Modified Debtor Claim be modified to specify that the claim is asserted against LATC, as indicated on Exhibit C under the column heading "Modified Debtor." See id.

16.    Additionally, the Modified Priority, Modified Debtor Claim identified on Exhibit C included a statutory basis for priority on the face of the Proof of Claim which is not applicable to the claim. See id. As a result, the Debtors believe that the priority of this claim should be modified from priority to non-priority as indicated under the column heading "Modified Priority Status" on Exhibit C. See id. Accordingly, if the relief requested herein is granted, the Modified Priority, Modified Debtor Claim identified on Exhibit C will be allowed against the Debtor specified under the column heading "Modified Debtor," and will be modified to reflect the priority specified under the column heading "Modified Priority Status."

7

D.    **Reclassified Claims**

17.    After reviewing their books and records and the Proofs of Claim filed in these chapter 11 cases, the Debtors have identified one (1) Reclassified Claim on Exhibit D hereto, in the aggregate amount of $125.00, which asserted that the claim is entitled to secured status. See Ex. F at ¶ 9. The Debtors have determined that the assertion of secured status with respect to this claim is inaccurate. See id.

18.    Specifically, the Debtors have determined that the Reclassified Claim is not entitled, under the Bankruptcy Code or applicable non-bankruptcy law, to the secured status set forth in the Proof of Claim. See id. The documentation submitted in support of the Reclassified Claim was insufficient to allow the Debtors to determine the nature or perfection of the purported security interest, any property against which such purported security interest is asserted, or any basis for the purported security interest. See id. As a result, the Debtors believe that the Reclassified Claim should be reclassified from secured to unsecured as indicated under the column heading "Modified Classification Status" on Exhibit D. See id. If the relief requested herein is granted, the Reclassified Claim on Exhibit D will be reduced and allowed in the amount of $125.00, at the classification specified under the column heading "Modified Classification."

E.    **No Liability Claims**

19.    In connection with their review of all Proofs of Claim filed to date against the Debtors' estates, the Debtors have identified three (3) claims, in the aggregate amount of $35,784.32, plus an undetermined amount, as No Liability Claims. See Ex. F at ¶ 10. The Debtors have diligently reviewed their books and records and believe that they are not liable for the No Liability Claims because the Debtors' books and records, which the Debtors believe to be accurate, do not reflect that any prepetition amounts are due and owing on account of the No

8

Liability Claims set forth on Exhibit E for the reasons specified on Exhibit E for each respective claim. See id. Accordingly, the Debtors object to the allowance of each of the No Liability Claims and request that such No Liability Claims be disallowed in their entirety and expunged. The Debtors also request that the Court authorize the Claims Agent to expunge the No Liability Claims from the Claims Register as sought by this Objection so that the Claims Register reflects more accurately the claims legitimately asserted and outstanding against the Debtors.

## RESERVATION OF RIGHTS

20.    The relief sought herein is without prejudice to the Debtors' rights to pursue further substantive or non-substantive objections against the Claims listed on Exhibit A, Exhibit B, Exhibit C, Exhibit D, or Exhibit E to this Objection. The Debtors hereby reserve their right to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly-filed claims. Separate notice and hearing will be provided and scheduled, respectively, for any such objection.

21.    The Debtors hereby reserve their right to adjourn the hearing on this Objection as it pertains to any or all of the Disputed Claims. In the event that the Debtors so adjourn the hearing, they will state that the hearing on the Objection and/or any response filed in connection therewith has been adjourned on the agenda for the hearing, which agenda will be served on any party affected by such adjournment.

## NOTICE

22.    Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the administrative agents for Tribune's prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' postpetition financing facility; (v) the claimants listed on Exhibit A, Exhibit B, Exhibit C, Exhibit D, and Exhibit E; and (vi) all parties requesting notice pursuant to Bankruptcy Rule

46429/0001-8904992V1

2002, in accordance with Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, for the reasons set forth herein and on the exhibit attached to the Order, the Debtors respectfully request that the Court enter the Order, pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, (i) modifying each of the Modified Amount Claims as set forth on Exhibit A; (ii) modifying each of the Modified Priority Claims as set forth on Exhibit B; (iii) modifying each of the Modified Priority, Modified Debtor Claims as set forth on Exhibit C; (iv) modifying each of the Reclassified Claims as set forth on Exhibit D; (v) disallowing and expunging the No Liability Claims as set forth on Exhibit E; (vi) authorizing the Claims Agent to modify or expunge each of the Disputed Claims on the Claims Register in accordance with the Order; and (vii) granting such other and further relief as the Court deems just and proper.

46429/0001-8904992V1

Dated: Wilmington, Delaware
       October 5, 2012

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Kenneth P. Kansa
Steven W. Robinson
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

46429/0001-8904992V1