# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Hearing Date: November 7, 2012 at 1:00 p.m. ET |
| | Response Deadline: October 31, 2012 at 4:00 p.m. ET |

## DEBTORS' SIXTY-FIRST OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1

### ("NEW YORK STATE AMENDED CLAIMS")

> The grounds for the Objection are set forth on **Exhibit A** to this Objection. The relief sought herein is without prejudice to the Debtors' rights to pursue further substantive or non-substantive objections against the Claims listed on **Exhibit A** to this Objection.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347);Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-8905045v1

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and, collectively, the "Debtors"), by and through their undersigned counsel, submit this sixty-first omnibus objection to claims (the "Objection"), which Objection covers certain tax claims that that have been amended by claims subsequently filed by or on behalf of the same claimant, the New York State Department of Taxation and Finance (the "Department") in respect of the same liabilities, as so indicated on the face of the claims (the "New York State Amended Claims") listed on Exhibit A attached hereto and to the proposed order submitted herewith. This objection is submitted pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). By this Objection, the Debtors request the entry of an order disallowing and expunging the New York State Amended Claims as indicated in further detail below. In support of this Objection, the Debtors rely on the declaration of John Rodden, Vice President of Tribune Company (the "Rodden Declaration"), attached hereto as Exhibit B. In further support, the Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 110 entities.

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

46429/0001-8905045v1

2.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). (Docket No. 43, 2333).

3.  The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.  On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors in the Debtors' chapter 11 cases (the "Committee").

5.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1. This Objection complies in all respects with Local Rule 3007-1.

## BACKGROUND CONCERNING THE DEBTORS' CLAIMS PROCESS

6.  On March 26, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date.

## BASIS FOR OBJECTION

7.  Section 502(b) of the Bankruptcy Code provides in pertinent part:

    [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the

>petition, and shall allow such claim in such amount, except to the extent that—
>>(1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1).

8. Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified the eight (8) New York State Amended Claims listed on Exhibit A, in the aggregate amount of $70,952.58, as filed claims that have been amended and superseded by a subsequently-filed claim by the Department on account of the same liability. The relief requested in this Objection is necessary to prevent the allowance of the New York State Amended Claims, each of which remains on the Claims Register only as a technicality. Accordingly, the Debtors seek to disallow in full and expunge the New York State Amended Claims and thereby (i) prevent the Department from obtaining a double recovery on account of any single obligation and (ii) limit the Department to a single claim for those amounts currently asserted in respect of the same liabilities.[3]

9. The claims set forth under the column heading "Surviving Claims" on Exhibit A (the "Surviving Claims") represent the claims that were subsequently filed by or on behalf of the Department in respect of the same liabilities as the New York State Amended Claims, as so indicated on the face of the Surviving Claims. The Surviving Claims have thus amended and superseded the New York State Amended Claims. By filing the Surviving Claims, the Department reduced, liquidated or otherwise modified the liability originally identified in the

---

[3] The Debtors have previously filed approximately 13 omnibus objections to claims on the basis that such claims have been amended and superseded by subsequently-filed claims by the same claimant on account of the same liability. Each of these omnibus objections has been sustained. (See Docket Nos. 2270, 2272, 2668, 3802, 4417, 4777, 8204, 9345, 10022, 10236, 10912, 12366).

46429/0001-8905045v1

New York State Amended Claims. Thus, the disallowance of the New York State Amended Claims is consistent with the apparent intent of the Department in filing the Surviving Claims.

10. The Surviving Claims identified on <u>Exhibit A</u> will remain on the Claims Register as outstanding liabilities, subject to the Debtors' right to object on any grounds that bankruptcy or nonbankruptcy law permits or until withdrawn by the Department or disallowed by the Court. In other words, the Surviving Claims will be unaffected by the relief sought in this Objection, and the Department's rights to assert these liabilities against the relevant Debtors' estates will be preserved, subject to the Debtors' ongoing rights to object to the Surviving Claims on any other applicable grounds.[4]

11. For these reasons, the Debtors object to the allowance of each of the New York State Amended Claims and request that the New York State Amended Claims be disallowed in their entirety and expunged.

## **RESERVATION OF RIGHTS**

12. The Debtors hereby reserve their right amend, modify, and/or supplement this Objection, including to object to any of the Proofs of Claim listed on <u>Exhibit A</u> to this Objection on any additional grounds, prior to the entry of an order sustaining this Objection. Additionally, with respect to the Surviving Claims on <u>Exhibit A</u>, the Debtors reserve their right to object to such claims in the future on any applicable grounds. Separate notice and hearing will be provided and scheduled, respectively, for any such objection.

13. The Debtors reserve their right to amend, modify, and/or supplement this Objection at any time prior to the hearing on this Objection. The Debtors further reserve their right to adjourn the hearing on this Objection as it pertains to any or all of the New York State

---

[4] For the avoidance of doubt, each of the Surviving Claims will be deemed to be timely-filed to the extent the New York State Amended Claim it replaces was timely-filed pursuant to the Bar Date and the Bar Date Order.

Amended Claims. In the event that the Debtors so adjourn the hearing, they will state that the hearing on the Objection and/or any response filed in connection therewith and/or all applicable deadlines for responsive pleadings have been adjourned on the agenda for the hearing, which agenda will be served on any party affected by such adjournment.

### NOTICE

14. Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the administrative agents for Tribune's prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' postpetition financing facility; (v) the Department; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, Rule 3003 and 3007, and Local Rule 3007-1, (i) disallowing in full and expunging each of the New York State Amended Claims set forth on Exhibit A; (ii) authorizing the Claims Agent to expunge the New York State Amended Claims from the Claims Register; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
   October 5, 2012

Respectfully submitted,

SIDLEY AUSTIN LLP
Kenneth P. Kansa
Steven W. Robinson
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: ___/s/___
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

7