# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE FIRST QUARTERLY FEE APPLICATION OF SEITZ, VAN OGTROP & GREEN, P.A.

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *First, Second, Third and Fourth Monthly Fee Applications of Seitz, Van Ogtrop & Green, P.A. for Compensation and*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

*Reimbursement of Expenses* [Docket Nos. 9596, 9778, 9790 and 9795 respectively] and *Quarterly Fee Application of Seitz, Van Ogtrop, & Green, P.A., for Interim Approval and Allowance of Compensation and Reimbursement of Expenses* [Docket No. 10598] (collectively the "**Fee Application**").[2] The Fee Application seeks approval of fees that total $39,163.00 and reimbursement of expenses that total $1,057.22 for the period from April 21, 2011 through November 30, 2011.  Seitz, Van Ogtrop & Green, P.A., ("**SVG**"), serves as Special Conflicts Counsel to the Official Committee of Unsecured Creditors (the "**Committee**").

## Background

1.     On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2.     The Debtors continue to operate their business and manage their properties as debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code Sections 1107 and 1108.

3.     On March 19, 2009, the Court entered an order appointing Stuart Maue as fee examiner for these Chapter 11 cases *nunc pro tunc* to February 20, 2009.

4.     On May 23, 2011, the Court entered an order appointing SVG as Special Conflicts Counsel to the Committee *nunc pro tunc* to April 21, 2011.

---

[2] The First, Second, Third and Fourth Monthly Fee Applications filed by the firm cover the period from April 21, 2011 through August 31, 2011 and are not included in the Quarterly Fee Application, which covers the period from September 1, 2011 through November 30, 2011.

## Applicable Standards

5.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

6.      The Fee Examiner reviewed the Fee Application for compliance with Sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

7.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A).* In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the

time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

8.      A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred.  A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules.  Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application.  A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

9.      The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to SVG for review and comment.  The firm and the Fee Examiner communicated regarding the issues raised in the Preliminary Report, and SVG provided a comprehensive written response.  After consideration of the additional information provided by the firm, the Fee Examiner now issues this final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable

standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5.*

## DISCUSSION OF FINDINGS

### <u>Technical Requirements</u>

10.    <u>**Reconciliation of Fees and Expenses.**</u>  The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**").  The Fee Examiner determined that the Fees Requested exceed the Fees Computed by $262.50, resulting in an apparent overcharge.  The discrepancy is the result of task hours within one entry that do not equal the time billed for the entry as a whole, which were displayed in **Exhibit A** to the Preliminary Report.  The firm agreed with the Fee Examiner's computation, which resulted in a fee reduction of $262.50.  Exhibit A is omitted from the Final Report.

11.    <u>**Block Billing.**</u>[3]  The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii).*  The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines ¶(b)(4)(v).*[4]  The Delaware Bankruptcy Court has found that time entries that

---

[3] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing.  Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry.  As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry.  This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

[4] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g., In re Brous,* 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an

generally only combine work on one issue, and a conference/communication with the client or opposing counsel on the same issue, while technically blocked billing, will not be objectionable.[5] With minimal exceptions, the Fee Examiner did not identify any objectionable block billing.

12.    **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*.  The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*.  SVG complied with the applicable rules regarding time increments.

### Review of Fees

13.    **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*.  The Fee Application provided the names, positions, and hourly rates of the five SVG professionals and paraprofessionals who billed to this matter, consisting of four partners and one paralegal.  A summary of hours and fees billed by each timekeeper is displayed in **Exhibit B**.[6]

---

across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

[5] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

[6] This Final Report includes exhibits that detail and support the findings discussed herein.  Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit.  The tasks included in a specific category are underlined in the fee exhibits.  For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

The firm billed a total of 99.90 hours with associated fees of $38,900.50.[7] The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 79.70 | 80% | $36,464.00 | 94% |
| Paralegal | 20.20 | 20% | 2,436.50 | 6% |
| TOTAL | 99.90 | 100% | $38,900.50 | 100% |

The blended hourly rate for the SVG professionals is $457.52 and the blended hourly rate for professionals and paraprofessionals is $389.39.

14.    **Hourly Rate Increases.**    SVG increased the hourly rates for timekeepers effective July 1, 2011.

15.    **Pre-Retention Billing.**  The Fee Examiner identified billing entries dated prior to SVG's effective date of retention, April 21, 2011.   The pre-retention billing entries totaling 16.00 hours with associated fees of $6,403.00 were displayed in **Exhibit C** to the Preliminary Report.   SVG agreed to waive the fees for the pre-retention work, which resulted in a fee reduction of $6,403.00.  Exhibit C is omitted from this report.

16.    **Timekeepers' Roles.**    A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*.  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.  The SVG timekeepers appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

---

[7] This amount reflects the Fees Computed.

17.     **Meetings, Conferences, Hearings, and Other Events.** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" *Local Rule 2016-2(d)(ix)*, and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*. While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role. The Fee Examiner did not identify any occasions where two or more SVG timekeepers attended the same meeting, conference, hearing, or other event.

18.     **Intraoffice Conferences.** Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified billing activities by SVG timekeepers describing intraoffice conferences, totaling 0.88 hour with $238.88 in associated fees, or less than 1% of the total Fees Computed, as were displayed in **Exhibit D** to the Preliminary Report. No fee reduction is recommended and Exhibit D is omitted from this Report.

19.     **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant,

the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.

      a.     **Vague Communications.** The Fee Examiner identified entries totaling 7.48 hours with $2,555.15 in associated fees in which a conference or other communication was not described with sufficient detail. This lack of detail hinders a reviewer's ability to determine the reasonableness and necessity of the activity, and is in clear violation of the applicable guidelines. The entries were displayed in **Exhibit E** to the Preliminary Report. The Fee Examiner requested that SVG provide the required information. The firm provided the missing participant and/or subject-matter information, which brought the entries within compliance. Exhibit E is omitted from the Final Report.

      20.     **Administrative Activities.** Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The Fee Examiner identified one entry totaling 0.20 hour with $108.00 in associated fees, which was displayed in **Exhibit F** to the Preliminary Report, which described a memo to the staff regarding time keeping requirements. Billing activities including providing instruction or guidance to firm staff regarding timekeeping are firm overhead activities that should not be billed to the client. SVG agreed not to oppose the Fee Examiner's recommendation of a fee reduction in the amount of $108.00. Exhibit F is omitted from the Final Report.

21.    **Clerical Activities.**   Typically, clerical activities are those tasks that do not require legal acumen and may effectively be performed by administrative assistants, secretaries, or support personnel, and like administrative activities, are generally reflected in the hourly rates charged by a firm.  In the 3rd Circuit, however, clerical-type activities performed by professionals and/or paraprofessionals are subject to a reduced billing rate.  The Fee Examiner reviewed each timekeeper's billing activities and identified certain entries describing clerical-type activities, including but not limited to organizing materials, preparing indexes, and reviewing dockets.  The questioned entries were displayed in **Exhibit G** to the Preliminary Report and totaled 2.03 hours with $250.87 in associated fees.  This Court has followed the recommendation that clerical activities be paid at the rate of $80.00 per hour.  The Fee Examiner requested additional information from the firm.   In response, the firm agreed with the Fee Examiner's recommendation, which resulted in a fee reduction of $88.47.  Exhibit G is omitted from the Final Report.

22.    **Travel.**  The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*.  The Fee Examiner did not identify any travel-related entries by SVG.

23.    **SVG Retention/Compensation.**  SVG billed 33.33 hours with associated fees of $12,368.31 to prepare the firm's retention documents and applications for compensation, which computes to approximately 32% of the total Fees Computed.  The fee entries describing SVG's retention/compensation activities are displayed in **Exhibit H**, which is included in the Final Report for the Court's reference.

## Review of Expenses

24.    **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii).*  The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii).*  SVG provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

25.    **Photocopies.**  The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii).*  SVG stated in the Application that it "represents that its rate for duplication is $0.10 per page;" however, based on the data provided, several of the charges were billed at a rate of $0.20 per page.  The photocopy charges were displayed on **Exhibit I** to the Preliminary Report.  The firm was asked to comment on the charges.  The firm stated there was an error in the amount charged and agreed to the recommended expense reduction of $165.20.  Exhibit I is omitted from this Final Report.

## CONCLUSION

The Fee Examiner submits this final report regarding the Fee Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees that total $32,301.03 ($39,163.00 minus $6,861.97) and reimbursement of expenses that total $892.02 ($1,057.22 minus $165.20) for the period from April 21, 2011 through November 30, 2011. The findings are set forth in the summary on the following page.

**SEITZ, VAN OGTROP & GREEN, P.A.**

**SUMMARY OF FINDINGS**

**First Quarterly Fee Application (April 21, 2011 through November 30, 2011)**

**A.**    **Amounts Requested and Computed**

| | | |
|---|---:|---:|
| Fees Requested | $39,163.00 | |
| Expenses Requested | 1,057.22 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $40,220.22 |
| | | |
| Fees Computed | $38,900.50 | |
| Expenses Computed | 1,057.22 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $39,957.72 |
| | | |
| Discrepancy in Fees | $    262.50 | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $    262.50 |

**B.**    **Recommended Fee Allowance and Expense Reimbursement**

| | | |
|---|---:|---:|
| Fees Requested | $39,163.00 | |
| *Agreed Reduction for Discrepancy in Fees* | *($  262.50)* | |
| *Agreed Reduction for Pre-Retention Billing* | *(6,403.00)* | |
| *Agreed Reduction for Administrative Activities* | *(108.00)* | |
| *Agreed Reduction for Clerical Activities* | *(88.47)* | |
| Subtotal | *($6,861.97)* | |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $32,301.03 |
| | | |
| Expenses Requested | $1,057.22 | |
| *Agreed Reduction for Photocopies* | *($  165.20)* | |
| Subtotal | *($  165.20)* | |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 892.02 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $33,193.05 |

Respectfully submitted,

**STUART MAUE**

By:

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 11th day of October, 2012.

David Klauder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
(Counsel to Creditors' Committee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE  19801
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Stuart M. Brown, Esq.
William E. Chipman Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE  19801-1496
(Co-Counsel to Debtors)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for Prepetition
   Lenders, JP Morgan Chase Bank, N.A.)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

James S. Green, Sr., Esq.
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE 19899

_____
John F. Theil, Esq.

**EXHIBIT B**

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

### COMPUTED AT STANDARD RATES

**Seitz Van Ogtrop & Green, P.A.**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| JSG | Green Sr., James S. | PARTNER | $490.00 | $540.00 | 51.10 | $26,514.00 |
| PPM | McGonigle, Patricia P. | PARTNER | $325.00 | $375.00 | 16.60 | $5,682.50 |
| RKH | Hill, R. Karl | PARTNER | $350.00 | $380.00 | 11.70 | $4,170.00 |
| KAG | Guerke, Kevin A. | PARTNER | $325.00 | $325.00 | 0.30 | $97.50 |
| No. of Billers for Position: 4 | | Blended Rate for Position: | $457.52 | | 79.70 | $36,464.00 |
| | | | | | % of Total: 79.78% | % of Total: 93.74% |
| SLP | Pappa, Susan | PARALEGAL | $110.00 | $125.00 | 20.20 | $2,436.50 |
| No. of Billers for Position: 1 | | Blended Rate for Position: | $120.62 | | 20.20 | $2,436.50 |
| | | | | | % of Total: 20.22% | % of Total: 6.26% |
| Total No. of Billers: 5 | | Blended Rate for Report: | $389.39 | | 99.90 | $38,900.50 |

EXHIBIT H

SVG RETENTION/COMPENSATION

Seitz Van Ogtrop & Green, P.A.

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Green Sr., J | 20.14 | 10,305.60 |
| McGonigle, P | 2.10 | 712.50 |
| Pappa, S | 11.09 | 1,350.21 |
| | 33.33 | $12,368.31 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune | 33.33 | 12,368.31 |
| | 33.33 | $12,368.31 |

EXHIBIT H
SVG RETENTION/COMPENSATION
Seitz Van Ogtrop & Green, P.A.

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
| 04/12/11 Tue | Green Sr., J 26417/1 | 1.00 | 0.33 | 163.33 | | | *MATTER NAME: Tribune*<br>1 EMAILS:<br>2 REVIEW COMPLAINT:<br>3 CONFLICT CHECK (ADMIN.) |
| 04/12/11 Tue | Pappa, S 26417/2 | 1.50 | 0.50 | 55.00 | | | *MATTER NAME: Tribune*<br>1 E-MAILS:<br>2 CONFLICTS CHECK:<br>3 REVIEWING LIST OF DEFENDANTS |
| 04/14/11 Thu | Green Sr., J 26417/3 | 1.00 | 1.00 | 490.00 | | | *MATTER NAME: Tribune*<br>1 REVIEW CLIENT LIST:<br>2 CONFLICT CHECK: |
| 04/15/11 Fri | Green Sr., J 26417/4 | 2.50 | 1.67 | 816.67 | | | *MATTER NAME: Tribune*<br>1 REVIEW APPLICATION:<br>2 CONFLICT SEARCHES:<br>3 REVIEW COMPLAINT: |
| 04/15/11 Fri | Pappa, S 26417/5 | 1.00 | 0.67 | 73.33 | | | *MATTER NAME: Tribune*<br>1 E-MAILS:<br>2 ADDITIONAL CONFLICTS CHECK:<br>3 TELECONFERENCE WITH FRAN PANCHAK |
| 04/19/11 Tue | Green Sr., J 26417/6 | 4.00 | 4.00 | 1,960.00 | | | *MATTER NAME: Tribune*<br>1 PREPARE APPLICATION FOR APPOINTMENT AS CONFLICTS COUNSEL TO CREDITORS' COMMITTEE:<br>2 REVIEW INTERESTED AND RELATED PARTIES LIST FOR CONFLICTS: |
| 04/19/11 Tue | McGonigle, P 26417/7 | 1.80 | 0.90 | 292.50 | | | *MATTER NAME: Tribune*<br>1 REVIEW FIRST AMENDED COMPLAINT:<br>2 REVIEW CONFLICTS LISTS: |
| 04/20/11 Wed | Green Sr., J 26417/8 | 2.70 | 0.90 | 441.00 | | | *MATTER NAME: Tribune*<br>1 REVIEW AND REVISE APPLICATION FOR APPOINTMENT AS SPECIAL CONFLICTS COUNSEL:<br>2 REVIEW PLEADINGS:<br>3 EMAILS WITH COUNSEL: |
| 04/20/11 Wed | Pappa, S 26417/9 | 0.50 | 0.25 | 27.50 | | | *MATTER NAME: Tribune*<br>1 EMAILS:<br>2 REVISING APPLICATION, EXHIBITS |
| 04/22/11 Fri | Pappa, S 26417/12 | 0.10 | 0.10 | 11.00 | | | *MATTER NAME: Tribune*<br>1 RECEIPT/DOWNLOAD OF ""AS FILED"" RETENTION APPLICATION |
| 05/02/11 Mon | McGonigle, P 26417/13 | 0.50 | 0.50 | 162.50 | | | *MATTER NAME: Tribune*<br>1 REVIEW APPLICATION TO COURT RE: SVG RETENTION: |

~ See the last page of exhibit for explanation

EXHIBIT H
SVG RETENTION/COMPENSATION
Seitz Van Ogtrop & Green, P.A.

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
| 05/10/11 Tue | Green Sr., J 26417/15 | 0.50 | 0.50 | 245.00 | | | MATTER NAME: Tribune<br>1 EMAILS REGARDING OBJECTIONS TO APPLICATION;<br>2 REVIEW APPLICATION AND COMPLAINT; |
| 05/11/11 Wed | McGonigle, P 26417/16 | 0.10 | 0.10 | 32.50 | | | MATTER NAME: Tribune<br>1 RECEIPT AND REVIEW CERTIFICATE OF NO OBJECTION RE: SVG RETENTION; |
| 05/24/11 Tue | Pappa, S 26417/25 | 0.30 | 0.10 | 11.00 | | | MATTER NAME: Tribune<br>1 TELECONFERENCE WITH FRAN PANCHAK;<br>2 E-MAILS REGARDING FEE APPLICATION(S);<br>3 DOWNLOAD DOCUMENTS |
| 05/25/11 Wed | Green Sr., J 26417/26 | 0.50 | 0.50 | 245.00 | | | MATTER NAME: Tribune<br>1 REVIEW ORDER GRANTING SVG APPLICATION AS SPECIAL CONFLICTS COUNSEL;<br>2 REVIEW ORDER APPOINTING FEE EXAMINER; |
| 05/26/11 Thu | Pappa, S 26417/27 | 0.80 | 0.80 | 88.00 | | | MATTER NAME: Tribune<br>1 REVIEWING ORDERS;<br>2 BEGIN DRAFTING NOTICE AND FEE APP |
| 06/27/11 Mon | Green Sr., J 26850/18 | 1.00 | 1.00 | 490.00 | | | MATTER NAME: Tribune<br>1 REVIEW FEE APPLICATIONS;<br>2 DRAFT FEE APPLICATION (FEE APP.) |
| 06/30/11 Thu | Green Sr., J 26850/19 | 1.50 | 1.50 | 735.00 | | | MATTER NAME: Tribune<br>1 REVIEW PETITIONS OF LRC AND ZUCKERMAN SPAEDER FOR COMPENSATION;<br>2 DRAFT SVG APPLICATION FOR COMPENSATION FOR APRIL AND MAY (1ST APPLICATION) REVIEW TIME RECORDS (FEE APP.) |
| 07/18/11 Mon | Green Sr., J 26870/13 | 0.30 | 0.30 | 162.00 | | | MATTER NAME: Tribune<br>1 REVIEW INTERIM APPLICATION FOR COMPENSATION OF LANDIS, RATH AND COBB AND ZUCKERMAN SPAEDER: (FEE APPLICATION) |
| 07/27/11 Wed | Green Sr., J 26870/21 | 1.50 | 1.50 | 810.00 | | | MATTER NAME: Tribune<br>1 PREPARE FEE APPLICATION FOR APRIL AND MAY 2011: (FEE APPLICATION) |
| 08/01/11 Mon | Green Sr., J 26906/1 | 0.50 | 0.50 | 270.00 | | | MATTER NAME: Tribune<br>1 FINALIZE APRIL AND MAY FEE APPLICATION (FEE MATTERS) |
| 08/01/11 Mon | McGonigle, P 26906/2 | 0.60 | 0.60 | 225.00 | | | MATTER NAME: Tribune<br>1 RECEIPT AND REVIEW DRAFT FEE APPLICATION (FEE MATTERS) |

~ See the last page of exhibit for explanation

EXHIBIT H

SVG RETENTION/COMPENSATION

Seitz Van Ogtrop & Green, P.A.

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 08/02/11 Tue | Pappa, S 26906/3 | 1.50 | 1.50 | 187.50 | | | | *MATTER NAME: Tribune* |
| | | | | | | | 1 | REVISING FIRST MONTHLY FEE APPLICATION, NOTICE, ETC.; |
| | | | | | | | 2 | REVIEWING DOCKET, ORDERS; |
| | | | | | | | 3 | DRAFT SERVICE LIST; |
| | | | | | | | 4 | TELECONFERENCE WITH STUART MAUE; |
| | | | | | | | 5 | CONFERENCE WITH CINDY ECKSTRAND REGARDING DOWNLOAD STATEMENT TO EXCEL; |
| | | | | | | | 6 | DRAFT CORRESPONDENCE TO STUART MAUE; |
| | | | | | | | 7 | DRAFT AFFIDAVIT OF SERVICE (FEE MATTERS) |
| 08/03/11 Wed | Pappa, S 26906/4 | 1.50 | 1.50 | 187.50 | | | | *MATTER NAME: Tribune* |
| | | | | | | | 1 | E-FILE FIRST MONTHLY APPLICATION, NOTICE, EXHIBITS, CERTIFICATE OF JAMES S. GREEN, AFFIDAVIT OF SERVICE; |
| | | | | | | | 2 | PREPARE SERVICE COPIES AND PREPARE SAME FOR FIRST CLASS MAIL AND HAND DELIVERY; |
| | | | | | | | 3 | SCAN LETTER TO STUART MAUE AND E-MAIL SAME WITH EXCEL FORMAT OF STATEMENT; |
| | | | | | | | 4 | CONFERENCE WITH CRYSTAL DAY REGARDING FORM OF ORDER FOR SECOND MOTION TO EXTEND SERVICE (ORDER PROVIDED FOR HEARING PURSUANT TO RULE) (FEE MATTERS) |
| 08/06/11 Sat | Green Sr., J 26906/8 | 0.30 | 0.30 | 162.00 | 0.10  F 0.20  F | | 1 2 | *MATTER NAME: Tribune* REVIEW SIDLEY AUSTIN FEE APPLICATION (.1 CASE ADMINISTRATION); MEMO TO STAFF REGARDING TIME KEEPING REQUIREMENTS (.2 FEE MATTERS) |
| 08/23/11 Tue | Pappa, S 26906/10 | 1.50 | 0.38 | 46.88 | | | | *MATTER NAME: Tribune* |
| | | | | | | | 1 | REVIEWING ORDERS, ETC.; |
| | | | | | | | 2 | DRAFT CERTIFICATE OF NO OBJECTION; |
| | | | | | | | 3 | DRAFT AFFIDAVIT OF SERVICE OF CNO; |
| | | | | | | | 4 | DRAFT SECOND MONTHLY FEE APPLICATION (FEE MATTERS) |
| 08/26/11 Fri | Green Sr., J 26906/11 | 1.00 | 1.00 | 540.00 | | | | *MATTER NAME: Tribune* |
| | | | | | | | 1 | DRAFT SECOND FEE APPLICATION (FEE MATTERS) |
| 09/14/11 Wed | Green Sr., J 27510/1 | 1.00 | 1.00 | 540.00 | | | | *MATTER NAME: Tribune* |
| | | | | | | | 1 | PREPARE FEE APPLICATIONS (FEE MATTERS) |
| 09/14/11 Wed | Pappa, S 27510/16 | 1.50 | 1.50 | 187.50 | | | | *MATTER NAME: Tribune* |
| | | | | | | | 1 | REVISING CERTIFICATE OF NO OBJECTION AND DRAFTING SECOND MONTHLY FEE APPLICATION; |
| | | | | | | | 2 | BEGIN DRAFTING THIRD MONTHLY FEE APPLICATION; |
| | | | | | | | 3 | REVISING AND DRAFTING AFFIDAVITS OF SERVICE OF SAME (FEE MATTERS) |
| 09/15/11 Thu | Green Sr., J 27510/2 | 2.50 | 2.00 | 1,080.00 | 0.50  A 0.50  A 0.50  A 0.50  A 0.17  A 0.17  A 0.16  A | | 1 2 3 4 5 6 7 | *MATTER NAME: Tribune* FINALIZE CERTIFICATE OF NO OBJECTION TO FEE APPLICATION; FINALIZE SECOND FEE APPLICATION; DRAFT THIRD FEE APPLICATION; DRAFT FOURTH FEE APPLICATION (2.0 FEE MATTERS); REVIEW SUBSTITUTION OF COUNSEL AND MODIFIED ENTRY OF APPEARANCE; TELECONFERENCE WITH LANDIS RATH AND COBB; REVIEW EMAILS (.5 CASE ADMINISTRATION) |

~ See the last page of exhibit for explanation

EXHIBIT H

SVG RETENTION/COMPENSATION

Seitz Van Ogtrop & Green, P.A.

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 09/15/11 Thu | Pappa, S 27510/17 | 2.00 | 0.50 | 62.50 | 0.50 0.75 0.75 | F A A | 1 2 3 | MATTER NAME: Tribune ELECTRONIC FILING OF SECOND FEE APPLICATION AND CERTIFICATE OF NO OBJECTION TO FIRST APPLICATION (.5 FEE MATTERS); CREATE SERVICE LIST IN ADVERSARY PROCEEDING; ELECTRONICALLY FILE AND SERVE MODIFIED ENTRY OF APPEARANCE (1.5 CASE ADMINISTRATION) |
| 09/19/11 Mon | Green Sr., J 27510/3 | 1.20 | 1.20 | 648.00 | | | 1 2 | MATTER NAME: Tribune DRAFT FOURTH APPLICATION FOR FEES AND COSTS; FINALIZE THIRD APPLICATION FOR COMPENSATION (FEE MATTERS) |
| 09/19/11 Mon | Pappa, S 27510/18 | 0.80 | 0.80 | 100.00 | | | 1 | MATTER NAME: Tribune E-FILE SECOND MONTHLY FEE APPLICATION (FEE MATTERS) |
| 09/20/11 Tue | Pappa, S 27510/19 | 1.50 | 1.50 | 187.50 | | | 1 | MATTER NAME: Tribune E-FILE THIRD AND FOURTH MONTHLY FEE APPLICATION (FEE MATTERS) |
| 10/04/11 Tue | Green Sr., J 27510/5 | 0.30 | 0.30 | 162.00 | | | 1 2 | MATTER NAME: Tribune E-MAILS WITH LANDIS RATH COBB REGARDING QUARTERLY FEE APPLICATIONS; REVIEWING FILINGS (FEE MATTERS) |
| 11/02/11 Wed | Green Sr., J 27510/7 | 3.20 | 0.34 | 183.60 | 0.33 0.33 0.34 0.73 0.73 0.74 | A A A A A A | 1 2 3 4 5 6 | MATTER NAME: Tribune REVIEWING MEMORANDUM FROM ZUCKERMAN SPAEDER RE ADVERSARY PROCEEDINGS AGAINST HARTFORD ENTITIES AND BNY-MELLON; EMAILS WITH COUNSEL RE SAME; PERFORM UPDATED CONFLICT CHECK RE SAME ( RETENTION MATTERS-1 HOUR); REVIEWING ORDER RE CONFIRMATION; REVIEWING DCL PLAN COMPONENTS RE LITIGATION TRUST, PRESERVED CAUSES OF ACTION, BAR ORDER, RELEASES; EMAILS WITH LRC RE SAME ( CASE ADMINISTRATION 2.2 HOURS) |
| 11/08/11 Tue | Green Sr., J 27510/9 | 0.30 | 0.30 | 162.00 | | | 1 | MATTER NAME: Tribune PREPARE AND FILE THREE CERTIFICATES OF NO OBJECTION REGARDING FEE APPLICATIONS (FEE MATTERS) |
| 11/08/11 Tue | Pappa, S 27510/20 | 1.00 | 1.00 | 125.00 | | | 1 | MATTER NAME: Tribune DRAFT AND E-FILE CERTIFICATES OF NO OBJECTIONS FOR THE SECOND, THIRD AND FOURTH MONTHLY FEE APPLICATIONS (FEE MATTERS) |
| Total | | | 33.33 | $12,368.31 | | | | |

Number of Entries:       38

~ See the last page of exhibit for explanation

EXHIBIT H

SVG RETENTION/COMPENSATION

Seitz Van Ogtrop & Green, P.A.

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Green Sr., J | 20.14 | 10,305.60 |
| McGonigle, P | 2.10 | 712.50 |
| Pappa, S | 11.09 | 1,350.21 |
| | 33.33 | $12,368.31 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune | 33.33 | 12,368.31 |
| | 33.33 | $12,368.31 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

A        Task Hours Allocated By Fee Examiner

F        FINAL BILL