**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ──────────────────────── | ) | Chapter 11 |
| In re: | ) | |
| | ) | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, *et al.*, | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objections Due: Oct. 31, 2012 at 4:00 p.m.** |
| | ) | **Hearing Date:** *Only if Objections are filed.* |
| ──────────────────────── | ) | |

**MONTHLY APPLICATION OF JENNER & BLOCK LLP, AS SPECIAL COUNSEL TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FEBRUARY 1, 2012 THROUGH AUGUST 31, 2012**

| | |
|---|---|
| Name of Applicant: | Jenner & Block LLP |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | February 20, 2009, *nunc pro tunc* to December 8, 2008 |
| Period for which Compensation and Reimbursement is Sought: | February 1, 2012 to August 31, 2012 |
| Amount of Compensation Sought As Actual, Reasonable and Necessary: | $600,073.30 (80% of which is $480,058.64) |
| Amount of Expense Reimbursement Sought As Actual, Reasonable and Necessary: | $141,646.50 |

This is a Monthly Application.

Prior Applications Filed: (29):

> Monthly Fee Application for the Period March 1, 2009 - March 31, 2009 (Docket No. 1099)

> Monthly Fee Application for the Period April 1, 2009 - April 30, 2009 (Docket No. 1286)

Monthly Fee Application for the Period May 1, 2009 - May 31, 2009 (Docket No. 1699)

Monthly Fee Application for the Period June 1, 2009 - June 30, 2009 (Docket No. 1838)

Monthly Fee Application for the Period July 1, 2009 - July 31, 2009 (Docket No. 2042)

Monthly Fee Application for the Period August 1, 2009 - August 31, 2009 (Docket No. 2294)

Monthly Fee Application for the Period September 1, 2009 - September 30, 2009 (Docket No. 2930)

Monthly Fee Application for the Period October 1, 2009 - October 31, 2009 (Docket No. 3008)

Monthly Fee Application for the Period November 1, 2009 - November 30, 2009 (Docket No. 3111)

Monthly Fee Application for the Period December 1, 2009 - December 31, 2009 (Docket No. 3463)

Monthly Fee Application for the Period January 1, 2010 - January 31, 2010 (Docket No. 3850)

Monthly Fee Application for the Period February 1, 2010 - February 28, 2010 (Docket No. 3986)

Monthly Fee Application for the Period March 1, 2010 - March 31, 2010 (Docket No. 4610)

Monthly Fee Application for the Period April 1, 2010 - April 30, 2010 (Docket No. 4939)

Monthly Fee Application for the Period May 1, 2010 - May 31, 2010 (Docket No. 5012)

Monthly Fee Application for the Period June 1, 2010 - June 30, 2010 (Docket No. 5463)

Monthly Fee Application for the Period July 1, 2010 - July 31, 2010 (Docket No. 5946)

Monthly Fee Application for the Period August 1, 2010 – August 31, 2010 (Docket No. 5956)

Monthly Fee Application for the Period September 1, 2010 – September 30, 2010 (Docket No. 7106)

Monthly Fee Application for Period October 1, 2010 – October 31, 2010 (Docket No. 7397)

Monthly Fee Application for Period November 1, 2010 – November 30, 2010 (Docket No. 7491)

Monthly Fee Application for Period December 1, 2010 – December 31, 2010 (Docket No. 8492)

Monthly Fee Application for Period January 1, 2011 – February 28, 2011 (Docket No. 8578)

Monthly Fee Application for Period March 1, 2011 – April 30, 2011 (Docket No. 9407)

Monthly Fee Application for Period May 1, 2011 – May 31, 2011 (Docket No. 9461)

Monthly Fee Application for Period June 1, 2011 – August 31, 2011 (Docket No. 9950)

Monthly Fee Application for Period September 1, 2011 – November 30, 2011 (Docket No. 10595)

Monthly Fee Application for Period December 1, 2011 – February 29, 2012 (Docket No. 11361)

Monthly Fee Application for Period March 1, 2012 – May 31, 2012 (Docket No. 11994)

Summary of Time Recorded

February 1, 2012 through August 31, 2012

**ATTORNEYS**

| PARTNERS | | | | | |
|---|---|---|---|---|---|
| Full Name | Department | Year of Admission | Rate | Time | Amount |
| David J. Bradford | Litigation | 1976 | 1,000 | 30.00 | $30,000.00 |
| Paul M. Smith | Litigation | 1981 | 950 | 99.50 | $94,525.00 |
| Kenneth D. Klein | Litigation | 1973 | 780 | 599.50 | $467,610.00 |
| Richard L. Stone | Litigation | 1983 | 780 | 86.50 | $67,470.00 |
| Steven R. Englund | Litigation | 1990 | 765 | 174.30 | $133,339.50 |
| Steven B. Fabrizio | Litigation | 1989 | 750 | 757.10 | $567,825.00 |
| Kenneth L. Doroshow | Litigation | 1991 | 685 | 21.80 | $14,933.00 |
| Gianni P. Servodidio | Litigation | 1994 | 675 | 1.00 | $675.00 |
| William M. Hohengarten | Litigation | 1995 | 675 | 58.50 | $39,487.50 |
| Julie Ann Shepard | Litigation | 1994 | 655 | 41.90 | $27,444.50 |
| David R. Singer | Litigation | 1999 | 640 | 8.50 | $5,440.00 |
| Amy M. Gallegos | Litigation | 2000 | 625 | 60.00 | $37,500.00 |
| Scott B. Wilkens | Litigation | 2003 | 585 | 808.30 | $472,855.50 |
| **PARTNER TOTALS** | | | | **2,746.90** | **$1,959,105.00** |

| ASSOCIATES | | | | | |
|---|---|---|---|---|---|
| Full Name | Department | Year of Admission | Rate | Time | Amount |
| Matthew E. Price | Litigation | 2007 | 555 | 76.90 | $42,679.50 |
| Ethan A. Glickstein | Litigation | 2008 | 500 | 382.20 | $191,100.00 |
| Jennifer L. Wagman | Litigation | 2008 | 500 | 4.50 | $2,250.00 |
| Caroline D. Lopez | Litigation | 2008 | 490 | 9.20 | $4,508.00 |
| J. Douglas Wilson | Litigation | 2008 | 490 | 26.90 | $13,181.00 |
| Landon S. Raiford | Commercial | 2008 | 485 | 4.80 | $2,328.00 |
| Joshua N. Friedman | Litigation | 2009 | 440 | 758.15 | $333,586.00 |
| Marina K. Jenkins | Litigation | 2010 | 395 | 535.00 | $211,325.00 |
| Anthony A. Moeller | Litigation | 2004 | 295 | 123.70 | $36,491.50 |
| **ASSOCIATE TOTALS** | | | | **1,921.35** | **$837,449.00** |

## CONTRACT ATTORNEYS

| Full Name | Rate | Time | Amount |
|---|---|---|---|
| Adam R. Hauck | 150 | 35.30 | $5,295.00 |
| Daria Awusah | 150 | 36.30 | $5,445.00 |
| Denise Lauretti Thurman | 150 | 21.00 | $3,150.00 |
| Fred Daly | 150 | 22.00 | $3,300.00 |
| Gerald Patrick Webre | 150 | 16.50 | $2,475.00 |
| Halley Allaire | 150 | 33.30 | $4,995.00 |
| Jenikka Deering | 150 | 21.30 | $3,195.00 |
| **CONTRACT ATTORNEY TOTALS** | | **185.70** | **$27,855.00** |

## PARALEGALS AND PROJECT ASSISTANTS

| Full Name | Rate | Time | Amount |
|---|---|---|---|
| Cheryl L. Olson | 295 | 7.90 | $2,330.50 |
| Jeremy M. Schneider | 285 | 2.60 | $741.00 |
| Lamia K. Azize | 285 | 1.00 | $285.00 |
| Allison Crowe | 245 | 125.50 | $30,747.50 |
| Kelly N. Kirschner | 180 | 47.30 | $8,514.00 |
| William H. Bostwick | 165 | 43.20 | $7,128.00 |
| **PARALEGAL AND PROJECT ASSISTANT TOTALS** | | **227.50** | **$49,746.00** |

Total dollar amount of services rendered (Attorneys and Paraprofessionals): $2,874,155.00[1]

ATTORNEYS BLENDED HOURLY RATE: $581.88

---

[1] This number summarizes the value of all of Jenner's services. As described in more detail in the fee application, Jenner only seeks payment from the Debtors of $600,073.30 for fees.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ———————————————— ) | Chapter 11 |
| In re: ) | |
| ) | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, *et al.*, ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | **Objections Due: Oct. 31, 2012 at 4:00 p.m.** |
| ) | **Hearing Date:** *Only if Objections are filed.* |
| ———————————————— ) | |

**MONTHLY APPLICATION OF JENNER & BLOCK LLP, AS SPECIAL COUNSEL TO**
**THE DEBTORS FOR ALLOWANCE OF COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES FOR THE**
**PERIOD FEBRUARY 1, 2012 THROUGH AUGUST 31, 2012**

Jenner & Block LLP ("Jenner"), as Special Litigation Counsel for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submits this application (the "Application") for approval and allowance of compensation for services rendered in the amount of $600,073.30 (80% of which is $480,058.64) and $141,646.50 in expenses incurred during the period commencing February 1, 2012 through and including August 31, 2012 (the "Application Period"). This Application is submitted pursuant to Sections 328, 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order"), and the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications (the "Fee Examiner Order"). In support of the Application, Jenner respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and

1334.   Venue of this proceeding and this Application is proper in this district pursuant to 28

U.S.C. §§ 1408 and 1409.   The statutory predicate for the relief requested in this Application is

11 U.S.C. § 1103(a).

2.      The statutory bases for relief requested herein are Sections 328, 330 and 331 of

the Bankruptcy Code.

## BACKGROUND

3.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy

Court for the District of Delaware (the "Bankruptcy Court"). On December 10, 2008, the

Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural

purposes only.

4.      The Debtors have continued in possession of their respective properties and have

continued to operate and maintain their businesses as debtors in possession pursuant to

Sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On February 20, 2009, this Court entered the Order Authorizing Debtors and

Debtors in Possession to Employ and Retain Jenner & Block LLP as Special Counsel for Certain

Litigation Matters Pursuant to 11 U.S.C §§ 327(e) 1107, *nunc pro tunc* to the Petition Date (the

"Retention Order").

6.      Pursuant to the Retention Order, Jenner is authorized to represent the Debtors as

special counsel in connection with litigation matters.

7.      Prior to the filing of the chapter 11 petitions, Jenner represented the Debtors and

other defendants in the lawsuit *Neil et al. v. Zell, et al.* (the "*Neil* Litigation"), Case No. 08-cv-

7

06833 in the United States District Court for the Northern District of Illinois (the "District Court"). In the *Neil* Litigation, certain of the Debtors' former employees are asserting two causes of action against certain of the Debtors and their board of directors under the Employee Retirement Security Act ("ERISA") related to The Tribune Company's Employee Stock Ownership Plans ("ESOP"). The plaintiffs are seeking class certification for their claims. With respect to the *Neil* Litigation, the scope of Jenner's representation of the Debtor is limited to "(i) counsel in connection with enforcement of the automatic stay in the [*Neil*] litigation . . . and (ii) in the event that matters relating to application of the automatic stay are raised in [the Bankruptcy Court], providing assistance reasonably requested by Debtors' counsel employed under 11 U.S.C. § 327(a), provided that such assistance does not constitute representing the Debtors in conducting their bankruptcy cases." (Retention Order at 2-3.) The Debtors are no longer a party to the *Neil* Litigation. Jenner continues to represent certain defendants in the *Neil* Litigation.

       8.     On April 28, 2009 the Court entered an Order (Docket No. 1097) approving the Debtors' Supplemental Application for an Order Expanding the Scope of the Retention of Jenner & Block LLP as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, *Nunc Pro Tunc* to March 5, 2009 (the "Supplemental Retention Application"). The Supplemental Retention Application sought clarification of the scope of Jenner's representation to allow Jenner to assist the Debtors with responding to an inquiry by the Department of Labor (the "DOL") on March 2, 2009. A DOL subpoena required the Debtors to produce an extensive range of documents relating to an investigation under ERISA. Jenner continues to advise and assist the Debtors in connection with this inquiry.

9.      Prior to the Petition Date, Jenner & Block represented all the defendants, including Tribune, in *Dan Neil, et al. v. Samuel Zell, et al.*, Case No. 08-cv-06833, United States District Court for the Northern District of Illinois, Eastern Division, and continued its representation of defendants in the *Neil* case thereafter.  Debtors retained Jenner & Block to advise the Debtors in connection with the Department of Labor's inquiry into issues which are similar to those raised in the *Neil* case.  In relation to those representations, Jenner & Block was asked to represent the Debtors, together with their primary counsel, Sidley & Austin, in connection with a Department of Labor/*Neil* mediation scheduled for May 4, 2011, before the Honorable Judge Gross related to claims or potential claims against the Debtors by the Department of Labor, the *Neil* plaintiffs, and/or the Internal Revenue Service, including by, but not limited to, participating in the mediation for that purpose.  As previously disclosed by declaration, Jenner & Block also represents EGI-TRB, L.L.C. and Samuel Zell in the *Neil* litigation and in other matters.  On or about June 20, 2011, Jenner & Block stopped representing the Debtors in connection with this settlement process but continues to represent the interests of Mr. Zell and EGI-TRB, L.L.C. in connection therewith.

10.      Jenner also represents the Debtors in connection with a third-party subpoena served on the Debtors in connection with the case *Oracle USA et al. v. Rimini Street, et al.*, which is currently pending in the United States District Court for the District of Nevada.  The Debtors are not a party in the underlying litigation.

11.      Jenner also represents a subsidiary of the Debtors, WPIX, Inc., which is a plaintiff in a copyright infringement suit against Aereo, Inc. in the United States District Court for the Southern District of New York against Aereo, Inc.  Two non-Debtor parties, in addition to the Debtors, are responsible for payments for Jenner's work done in the Aero Matter.  The Debtors

are responsible for twenty-five percent (25%) of the fees and expenses incurred in the Aero Matter.  This Fee Application only seeks approval of the portion of the fees and expense in connection with the Aero Matter that the Debtors are responsible for.

12.     Jenner has exhausted a retainer of $150,000 as an advance for services to be rendered and expenses to be incurred in connection with its representation of the Debtors.

13.     This is Jenner's twenty-eighth monthly fee application.  Jenner has previously filed monthly fee application for the periods of December 8, 2008 through February 28, 2009 (*See* Docket No. 1030), March 1, 2009 through May 31, 2009 (*See* Docket No. 1743), June 1, 2009 through August 31, 2009 (*See* Docket No. 2349), September 1, 2009 through November 30, 2009 (*See* Docket No. 3125, as amended by Docket No. 3153), December 1, 2009 through February 28, 2010 (*See* Docket No. 4066), March 1, 2010 through May 31, 2010 (*See* Docket No. 5036), June 1, 2010 through August 31, 2010 (*See* Docket No. 5990), September 1, 2010 through November 30, 2010 (*See* Docket No. 7520), December 1, 2010 through February 28, 2011 (*See* Docket No. 8601), March 1, 2011 through May 31, 2011 (*See* Docket No. 9472), June 1, 2011 through August 31, 2011 (*See* Docket No. 9980); September 1, 2011 through November 30, 2011 (*See* Docket No. 10595); December 1, 2011 through February 29, 2012 (*See* Docket No. 11361); and March 1, 2012 through May 31, 2012 (*See* Docket No. 12006).

14.     While Jenner billed time in the Aero Matter in February through May 2012, the underlying invoices were inadvertently left off the fee applications for this time period.  Jenner has not yet sent these invoices to the Debtors for payment and hereby submits them for approval in this Fee Application.

## COMPENSATION PAID AND ITS SOURCES

15.     All services for which compensation is requested by Jenner were performed for or on behalf of the Debtors.

16.     There is no agreement or understanding between Jenner and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

## FEE STATEMENTS

17.     The fee statement for the Application Period is attached hereto as Exhibit A.  This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period.  To the best of Jenner's knowledge, this Application complies with Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Local Rule 2016-2, the Compensation Order, and the Fee Examiner Order.

## SUMMARY OF SERVICES

18.     As set forth in the detailed statement of fees attached hereto as Exhibit A, fees incurred by Jenner, for which the Debtors are responsible during the Application Period, total $600,073.30.  The services rendered by Jenner during the Application Period are grouped into specific project categories as set forth in Exhibit A.  The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category.

19.     The following is a summary of the activities performed by Jenner attorneys and paraprofessionals during the Application Period, organized by project category.

20.     Given the sensitivity of the work performed in the Aero Matter as well as the fact that two non-Debtor entities also are represented in connection therewith, Jenner has redacted the

invoices underlying the Aero Matter. Copies of the unredacted invoices will be made to the Fee

Examiner and, upon request, also will be made to the Court.

**A. Aereo (Matter No. 52081)**

Fees: ($600,073.30)        Total Hours    4,890.95

21.        During the Application Period, Jenner represented WPIX, Inc., one of Tribune's

subsidiaries, as plaintiff in a copyright infringement suit against Aereo, Inc., an internet TV

service. The suit was brought in the United States District Court in the Southern District of New

York and concerns Aereo's use of broadcast television signals (including WPIX's signal)

without WPIX's permission and without compensating WPIX for that use. WPIX, and other

plaintiffs, filed suit on March 1, 2012, and sought a preliminary injunction on their claim that

Aereo's retransmissions violate the broadcasters' exclusive right of public performance. During

the Application Period, Jenner attorneys assisted WPIX in the preparation of the complaint and

the motion for the preliminary injunction. Further, Jenner attorneys represented WPIX in two

months of expedited fact and expert discovery and in a two-day evidentiary hearing.

As a result of that two-day evidentiary hearing, WPIX and the other plaintiffs appealed

and Jenner is assisting WPIX in the appellate briefing before the United States Court of Appeals

for the Second Circuit. Further, during the Application Period, Jenner attorneys continued to

represent WPIX in connection with WPIX additional copyright claims in the district court,

including the claim that Aereo's service violates their exclusive rights of reproduction.

**B**.        **Fee Application (Matter No. 10164)**

Fees: $2,328.00        Total Hours    4.80

22.        During the Application Period, Jenner attorneys expended time preparing Jenner's

monthly fee application for March through May 2012. In addition, Jenner attorneys responded to

the Fee Examiner's preliminary report regarding the Firm's Tenth and Eleventh Quarterly Fee Applications. This category includes time spent by Jenner attorneys and paraprofessionals reviewing time entries for confidentiality and drafting the narrative portions of the December, March through May 2012 fee applications.

## ACTUAL AND NECESSARY EXPENSES

23.     A summary of the actual and necessary expenses and logs of expenses incurred by Jenner during the Application Period in the amount of $566,586.01 is attached hereto as Exhibit B. Of this total amount, the Debtors are responsible for $141,646.50. Jenner's standard charge for photocopies is $0.10 per page. Jenner does not charge its clients for incoming or outgoing facsimile transmission charges.

24.     With respect to legal research expenses, charges to Jenner by Lexis/Nexis and Westlaw are based on the actual number and scope of searches.

25.     Also consistent with firm policy, attorneys and other employees of Jenner who worked late into the evenings or on weekends were reimbursed for their reasonable transportation costs.

## VALUATION OF SERVICES

26.     Attorneys and paraprofessionals of Jenner have expended a total of 4,895.75 hours in connection with their representation of the Debtors during the Application Period. The nature of the work performed by these persons is fully set forth on Exhibit A attached hereto. These are Jenner's normal hourly rates for work of this character. The reasonable value of services rendered by Jenner to the Debtors during the Application Period is $600,073.30. To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed prior to the preparation of this Application,

13

Jenner reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

27.     In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Jenner is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, Jenner has reviewed the requirements of Local Rule 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Jenner respectfully requests that this Court enter an Order (a) authorizing that an allowance be made to Jenner pursuant to the terms of the Compensation Order for the period February 1, 2012 through August 31, 2012, with respect to the sum of $600,073.30 for necessary professional services rendered (80% of which is $480,058.64), and the sum of $141,646.50 as 100% reimbursement of actual necessary costs and expenses, for a total of $621,705.14; (b) authorizing and directing the Debtors to remit payments to Jenner in the amounts set forth in paragraph (a) above; and (c) granting such other and further relief as this Court deems just and proper.

Dated: October 9, 2012                    Respectfully submitted,


                                    By: _____
                                         One of the Attorneys for the Debtors

                                         JENNER & BLOCK LLP
                                         David J. Bradford
                                         353 N. Clark St.
                                         Chicago, IL 60611
                                         Telephone:  (312) 222-9350
                                         Facsimile:  (312) 527-0484
                                         Email:  dbradford@jenner.com