# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE
## TENTH INTERIM FEE APPLICATION OF DOW LOHNES PLLC

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Tenth Interim Fee Application of Dow Lohnes PLLC* [Docket No. 10588] (the "**Fee Application**"). The Fee Application seeks

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Tribune National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

approval of fees that total $383,662.50 and reimbursement of expenses that total $1,033.16 for the period from September 1, 2011 through November 30, 2011. Dow Lohnes PLLC ("**Dow Lohnes**") serves as special regulatory counsel to the Debtors.

## Background

1.       On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On December 10, 2008, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2.       On June 26, 2009, the Debtors filed the *Application for an Order Authorizing Debtors to Employ and Retain Dow Lohnes PLLC as Special Counsel for Certain Regulatory (FCC and Broadcast) Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107* [Docket No. 1650] (the "**Retention Application**"). By order dated July 14, 2009 [Docket No. 1725], this Court approved the retention of Dow Lohnes (the "**Retention Order**").

3.       Dow Lohnes submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

## Applicable Standards

4.       In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of

Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.       The Fee Examiner reviewed the Fee Application for compliance with Sections 330 and 331 of the United States Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.       Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable

based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

7.      A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.      The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to Dow Lohnes for review and comment. The firm sent a written response to the Fee Examiner. After evaluation and consideration of the additional information provided by Dow Lohnes, the Fee Examiner submits this Final Report for the Court's consideration. This Final Report is in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of the applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and will also inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

## DISCUSSION OF FINDINGS

### Reconciliation of Fees and Expenses

9.      **Reconciliation of Fees and Expenses.**  The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**").  The Fee Examiner determined that the Fees Computed exceeded the Fees Requested by $330.00, resulting in an apparent undercharge.  The discrepancy was the result of task hours within one entry that did not equal the time billed for the entry as a whole, as was displayed in **Exhibit A** to the Preliminary Report.  The firm agreed with the Fee Examiner, which resulted in an increase in fee requested by $330.00.  Exhibit A has been omitted from this Report.

The recomputation of expenses revealed that the Expenses Requested were $49.35 more than the Expenses Computed.  The Twenty-Ninth Monthly Fee Application stated that the amount requested for expenses was $476.48 and provided expense detail for this amount.  The Interim Application included a summary of the monthly applications and stated that the amount of expenses requested in the Twenty-Ninth Monthly Application was $525.83.  The extra charge included in the interim application, for which no detail was provided, appears to be in the category of "Facsimile Charges." In response, Dow Lohnes agreed that the detail provided was correct, which resulted in an expense reduction of $49.35.

The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

10.      **Block Billing.**  The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local*

*Rule 2016-2(d)(vii)*.  The UST Guidelines further provide that where a timekeeper's daily time

entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not

combined or 'lumped' together, with each service showing a separate time entry." *UST*

*Guidelines* ¶(b)(4)(v).[2]  The Delaware Bankruptcy Court has found that time entries that

generally only combine work on one issue, and a conference/communication with the client or

opposing counsel on the same issue, while technically block billing, will not be objectionable.[3]

The Fee Examiner did not identify any objectionable block billing.

11.    **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in

tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*.  The UST Guidelines further

provide that time entries "should be kept contemporaneously with the services rendered in time

periods of tenths of an hour." *UST Guidelines* ¶(b)(4)(v).  Dow Lohnes complied with the

applicable guidelines regarding time increments.

**Review of Fees**

12.    **Firm Staffing.**  The UST Guidelines state that fee applications should identify the

"[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time,

[an] explanation of any changes in hourly rates from those previously charged, and [a] statement

of whether the compensation is based on the customary compensation charged by comparably

skilled practitioners in cases other than cases under title 11." *UST Guidelines* ¶(b)(1)(iii).  The

Fee Application provided the names, positions, and hourly rates of the 14 Dow Lohnes

---

[2] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent.  *See id.* at 495 n.7 and cases cited.

[3] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

professionals and paraprofessionals who billed to this matter, consisting of 8 members, 1 counsel, 3 associates, 1 communications specialist, and 1 communications coordinator. A summary of hours and fees billed by each timekeeper is displayed in **Exhibit B**.[4]

The firm billed a total of 682.80 hours with associated fees of $383,992.50.[5]  The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Member | 491.00 | 72% | $312,662.00 | 81% |
| Counsel | 6.80 | 1% | 2,516.00 | * |
| Associate | 119.80 | 18% | 50,897.00 | 13% |
| Communications Specialist | 64.70 | 9% | 17,792.50 | 5% |
| Communications Coordinator | 0.50 | * | 125.00 | * |
| **TOTAL** | 682.80 | 100% | $383,992.50 | 100% |

* Less than 1%

The blended hourly rate for the Dow Lohnes professionals is $592.74 and the blended hourly rate for professionals and paraprofessionals is $562.38.

13.    **Hourly Rate Increases.**  Dow Lohnes did not increase the hourly rates of timekeepers during this interim period.

14.    **Timekeepers' Roles.**  A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*.  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.  On the whole, each timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed

---

[4] This Final Report includes exhibits that detail and support the findings discussed herein.  Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

[5] This amount reflects the Fees Computed.

limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other Dow Lohnes professionals. However, the Fee Examiner requested Dow Lohnes provide more detailed information about services provided by a timekeeper who only billed one fee entry for 0.50 hour with $325.00 in associated fees, which was displayed in **Exhibit C** to the Preliminary Report. In response, Dow Lohnes provided additional information regarding the expertise of the timekeeper and the necessity and purpose of the limited advice sought from the professional. As such, the Fee Examiner makes no recommendation for a related fee reduction. Exhibit C is omitted from the Final Report.

15.    **Meetings, Conferences, Hearings, and Other Events.** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" *(Local Rule 2016-2(d)(ix))*, and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v).* While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more Dow Lohnes timekeepers attended the same meeting, conference, hearing, or other event. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaled 19.70 hours with $11,444.00 in associated fees, and were displayed in **Exhibit D** to the Preliminary Report. In each instance where multiple timekeepers attended a meeting, conference, hearing or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the

particular event (*i.e.*, the attorney leading rather than observing a conference). The potentially duplicative and unnecessary timekeepers' entries totaled 8.90 hours with $4,547.00 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response to the Preliminary Report, Dow Lohnes first explained that due to the size and complexity of these cases, and the substance of the matters being addressed, the matters often require the attention and collaboration of more than one attorney or more than one partner. The firm stated the professionals' roles are complimentary rather than overlapping, which result in efficiencies rather than redundancies. The firm also provided additional information regarding the subject matter and roles of the questioned timekeepers. Finally, the firm stated that it would continue to make every effort to provide sufficient detail of participant's roles and the need for multiple attendees at certain conferences. After consideration of the supplemental information, the Fee Examiner does not recommend a fee reduction. Exhibit D has been omitted from this Report.

16.     **Intraoffice Conferences.**     Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner did not identify any billing activities by Dow Lohnes timekeepers describing intraoffice conferences.

17.     **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further

provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix).*  The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.  Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v).*  The Fee Examiner identified 2.90 hours with $1,186.00 in associated fees where the timekeeper failed to identify the parties and/or subject matter of the communication.  The questioned entries were displayed in **Exhibit E** to the Preliminary Report.  The Fee Examiner requested the Dow Lohnes revise the entries and provide the missing information.

In response, Dow Lohnes provided the missing detail for the questioned entries, which brought the items into compliance.  The Fee Examiner does not recommend a fee reduction and Exhibit E has been omitted from the Final Report.

18.    **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.  The Fee Examiner did not identify any fee entries describing administrative tasks.

19.    **Clerical Activities.**  Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel[6] or support tasks for which the firm charged greater than market rate.  Dow Lohnes did not bill for clerical activities.

20.    **Travel.**  The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii).*  Dow Lohnes did not invoice for travel time in this fee period.

21.    **Dow Lohnes Retention/Compensation.**    The Fee Examiner identified 26.90 hours with associated fees of $12,105.00 to prepare the firm's retention documents and applications for compensation, approximately 3% of the Fees Computed.  The entries describing the firm's retention/compensation activities are displayed in **Exhibit F**, which is included in the Final Report for the Court's reference.

**Review of Expenses**

22.    **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii).*   The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination),

---

[6] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates).  These overhead activities may include: mailing; photocopying; word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

[the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*. Dow Lohnes provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

23.    **Photocopies.**   The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii)*. Dow Lohnes requested reimbursement for duplication charges calculated at a rate of $0.10 per page.

24.    **Facsimile.**   The Local Rules provide that outgoing facsimile transmission charges shall not exceed $1.00 per page. *Local Rule 2016-2(e)(iii)*. The expense detail provided by Dow Lohnes requested reimbursement for facsimile charges calculated at a rate of $0.50 per page, which agrees with the per-page rate stated in its monthly applications.[7]   However, the amount requested in the Interim Application, $119.85, is $49.35 higher than the detail provided by the firm. The Fee Examiner requested Dow Lohnes provide additional information clarifying its calculation for reimbursement of facsimile charges. As mentioned above, Dow Lohnes agreed the interim calculation was in error but the detail provided was correct. The end result was a facsimile expense reduction of $49.35.

25.    **Transportation.**   Dow Lohnes requested reimbursement for a transportation charge in the amount of $10.00, which was displayed in **Exhibit G** to the Preliminary Report. The Fee Examiner requested Dow Lohnes provide detailed information regarding the nature, purpose, and necessity of the charge, including whether the transportation was related to local or

---

[7] The expense detail provided indicates that 141 pages were transmitted via facsimile for a total charge of $70.50.

out-of-town travel.  The firm agreed to voluntarily waive the $10.00 travel expense.  Exhibit G is

omitted from this Final Report.

## CONCLUSION

The Fee Examiner submits this final report regarding the Application and the fees and

expenses discussed above.  The Fee Examiner recommends the approval of fees in the amount of

$383,992.50 ($383,662.50 plus $330.00) and reimbursement of expenses in the amount of

$973.81 ($1,033.16 minus $59.35), for the period from September 1, 2011 through

November 30, 2011.  The findings are set forth in the summary on the following page.

**DOW LOHNES PLLC**

**SUMMARY OF FINDINGS**

**Tenth Interim Fee Application (September 1, 2011 through November 30, 2011)**

A.    **Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $383,662.50 | |
| Expenses Requested | 1,033.16 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $384,695.66 |
| | | |
| Fees Computed | $383,992.50 | |
| Expenses Computed | 983.81 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $384,976.31 |
| | | |
| Discrepancy in Fees | ($ 330.00) | |
| Discrepancy in Expenses | 49.35 | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | ($ 280.65) |

B.    **Recommended Fee Allowance and Expense Reimbursement**

| | | |
|---|---|---|
| Fees Requested | $383,662.50 | |
| *Discrepancy in Fees* | | *$330.00* |
| Subtotal | | *$330.00* |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $383,992.50 |
| | | |
| Expenses Requested | $1,033.16 | |
| *Discrepancy in Expenses (Facsimile)* | | *($ 49.35)* |
| *Agreed Reduction for Transportation* | | *(10.00)* |
| Subtotal | | *($ 59.35)* |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 973.81 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $384,966.31 |

Respectfully submitted,

**STUART MAUE**

By: _____

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone: (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on this 11th day of October, 2012.

David Klauder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
(Counsel to Creditors' Committee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE  19801
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Stuart M. Brown, Esq.
William E. Chipman Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE  19801-1496
(Co-Counsel to Debtors)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.'
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

John R. Feore, Esq.
Dow Lohnes PLLC
1200 New Hampshire Avenue, NW, Suite 800
Washington, DC  20036-680

_____
John F. Theil, Esq.

-16-

# SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

### Dow Lohnes PLLC

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| JRF | Feore, John R. | MEMBER | $730.00 | $730.00 | 123.10 | $89,863.00 |
| JSL | Logan, John S. | MEMBER | $650.00 | $650.00 | 131.90 | $85,735.00 |
| MAS2 | Swanson, M. Ann | MEMBER | $640.00 | $640.00 | 73.60 | $47,104.00 |
| CH | Burrow, Christina H. | MEMBER | $550.00 | $550.00 | 75.20 | $41,360.00 |
| KPL | Latek, Kevin P. | MEMBER | $600.00 | $600.00 | 56.90 | $34,140.00 |
| CLM2 | Meazell, Christopher L. | MEMBER | $450.00 | $450.00 | 26.90 | $12,105.00 |
| DJW | Wittenstein, David J. | MEMBER | $700.00 | $700.00 | 2.90 | $2,030.00 |
| SMU | Underwald, Suzanne M. | MEMBER | $650.00 | $650.00 | 0.50 | $325.00 |
| | No. of Billers for Position: 8 | Blended Rate for Position: | $636.79 | | 491.00 | $312,662.00 |
| | | | | % of Total: | 71.91% | % of Total: 81.42% |
| KML3 | Leavy, Kristin M. | COUNSEL | $370.00 | $370.00 | 6.80 | $2,516.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $370.00 | | 6.80 | $2,516.00 |
| | | | | % of Total: | 1.00% | % of Total: 0.66% |
| JR4 | Rademacher, Jason E. | ASSOCIATE | $460.00 | $460.00 | 77.90 | $35,834.00 |
| RJF2 | Folliard, Robert J. | ASSOCIATE | $370.00 | $370.00 | 30.90 | $11,433.00 |
| DHT | Teslik, Derek H. | ASSOCIATE | $330.00 | $330.00 | 11.00 | $3,630.00 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $424.85 | | 119.80 | $50,897.00 |
| | | | | % of Total: | 17.55% | % of Total: 13.25% |
| LJM | McCarthy, Laurie J. | COMMUN SPECIALI | $275.00 | $275.00 | 64.70 | $17,792.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $275.00 | | 64.70 | $17,792.50 |
| | | | | % of Total: | 9.48% | % of Total: 4.63% |
| SEA | Anderson, Susan E. | COMMUN COORDIN | $250.00 | $250.00 | 0.50 | $125.00 |

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

**Dow Lohnes PLLC**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| | No. of Billers for Position: 1 | Blended Rate for Position: | $250.00 | | 0.50 | $125.00 |
| | | | | | % of Total: 0.07% | % of Total: 0.03% |
| | Total No. of Billers: 14 | Blended Rate for Report: | $562.38 | | 682.80 | $383,992.50 |

EXHIBIT F
DOW LOHNES RETENTION/COMPENSATION
Dow Lohnes PLLC

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Meazell, C | 26.90 | 12,105.00 |
| | 26.90 | $12,105.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Applications | 26.90 | 12,105.00 |
| | 26.90 | $12,105.00 |

EXHIBIT F
DOW LOHNES RETENTION/COMPENSATION
Dow Lohnes PLLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 09/02/11 Fri | Meazell, C 547951-101/81 | 0.70 | 0.70 | 315.00 | | F | 1 | MATTER NAME: Fee Applications<br>PREPARATION OF 26TH MONTHLY FEE APPLICATION. |
| 09/06/11 Tue | Meazell, C 547951-101/83 | 2.50 | 2.50 | 1,125.00 | 1.60<br>0.30<br>0.60 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: Fee Applications<br>FINALIZE 26TH MONTHLY FEE APPLICATION (1.6);<br>CORRESPONDENCE WITH DELAWARE COUNSEL REGARDING SAME (0.3);<br>PREPARATION OF 27TH MONTHLY FEE APPLICATION (0.6). |
| 09/07/11 Wed | Meazell, C 547951-101/82 | 1.10 | 1.10 | 495.00 | | F | 1 | MATTER NAME: Fee Applications<br>PREPARATION OF 27TH MONTHLY FEE APPLICATION. |
| 09/09/11 Fri | Meazell, C 547951-101/77 | 0.30 | 0.30 | 135.00 | | F | 1 | MATTER NAME: Fee Applications<br>PREPARATION OF CORRESPONDENCE TO FEE EXAMINER COUNSEL REGARDING 26TH MONTHLY FEE APPLICATION. |
| 09/12/11 Mon | Meazell, C 547951-101/78 | 0.30 | 0.30 | 135.00 | | F | 1 | MATTER NAME: Fee Applications<br>PREPARATION OF 27TH MONTHLY FEE APPLICATION. |
| 09/13/11 Tue | Meazell, C 547951-101/79 | 0.30 | 0.30 | 135.00 | | F | 1 | MATTER NAME: Fee Applications<br>PREPARATION OF 27TH MONTHLY FEE APPLICATION. |
| 09/19/11 Mon | Meazell, C 547951-101/80 | 0.60 | 0.60 | 270.00 | | F | 1 | MATTER NAME: Fee Applications<br>RESEARCH REGARDING RETENTION ISSUES. |
| 09/29/11 Thu | Meazell, C 547951-101/84 | 4.20 | 4.20 | 1,890.00 | 1.30<br>0.30<br>2.60 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: Fee Applications<br>FINALIZE 27TH MONTHLY FEE APPLICATION (1.3);<br>CORRESPONDENCE WITH DELAWARE COUNSEL RE SAME (0.3);<br>PREPARATION OF 9TH INTERIM FEE APPLICATION (2.6). |
| 10/03/11 Mon | Meazell, C 550132-101/126 | 1.40 | 1.40 | 630.00 | | F | 1 | MATTER NAME: Fee Applications<br>REVIEW 6TH AND 7TH PRELIMINARY AUDIT REPORTS FROM FEE EXAMINER. |
| 10/04/11 Tue | Meazell, C 550132-101/131 | 2.60 | 2.60 | 1,170.00 | 1.90<br>0.70 | F<br>F | 1<br>2 | MATTER NAME: Fee Applications<br>RESEARCH REGARDING QUESTIONS RAISED BY 6TH AND 7TH PRELIMINARY AUDIT REPORTS FROM FEE EXAMINER (1.9);<br>PREPARATION OF CORRESPONDENCE TO FEE EXAMINER REGARDING RESPONSE TO SAME (0.7). |
| 10/05/11 Wed | Meazell, C 550132-101/127 | 1.60 | 1.60 | 720.00 | | F | 1 | MATTER NAME: Fee Applications<br>PREPARATION OF 28TH MONTHLY FEE APPLICATION. |
| 10/06/11 Thu | Meazell, C 550132-101/128 | 1.70 | 1.70 | 765.00 | 1.10<br>0.60 | F<br>F | 1<br>2 | MATTER NAME: Fee Applications<br>PREPARATION OF 28TH MONTHLY FEE APPLICATION (1.1);<br>PREPARATION OF 9TH INTERIM FEE APPLICATION (0.6). |

~  See the last page of exhibit for explanation

EXHIBIT F
DOW LOHNES RETENTION/COMPENSATION
Dow Lohnes PLLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|----------------|-------------|-------|------|------------|---|-------------|
| 10/13/11 Thu | Meazell, C 550132-101/129 | 1.80 | 1.80 | 810.00 | 1.30 0.30 0.20 | F F F | *MATTER NAME: Fee Applications*<br>1 FINALIZE 9TH INTERIM FEE APPLICATION (1.3);<br>2 CORRESPONDENCE WITH DELAWARE COUNSEL REGARDING SAME (0.3);<br>3 REVIEW PROPOSED FEE ORDER (0.2). |
| 10/18/11 Tue | Meazell, C 550132-101/123 | 0.70 | 0.70 | 315.00 | 0.20 0.50 | F F | *MATTER NAME: Fee Applications*<br>1 REVIEW FAX REGARDING OMNIBUS HEARING AGENDA (0.2);<br>2 TELEPHONE CONFERENCE WITH COURT CALL REGARDING TELEPHONIC APPEARANCE REGISTRATION FOR SAME (0.5). |
| 10/24/11 Mon | Meazell, C 550132-101/124 | 1.20 | 1.20 | 540.00 | | F | *MATTER NAME: Fee Applications*<br>1 PREPARATION OF 28TH MONTHLY FEE APPLICATION. |
| 10/26/11 Wed | Meazell, C 550132-101/130 | 1.90 | 1.90 | 855.00 | | F | *MATTER NAME: Fee Applications*<br>1 PREPARATION OF 28TH MONTHLY FEE APPLICATION. |
| 10/31/11 Mon | Meazell, C 550132-101/125 | 1.20 | 1.20 | 540.00 | | F | *MATTER NAME: Fee Applications*<br>1 FINALIZE AND FILE 28TH MONTHLY FEE APPLICATION. |
| 11/04/11 Fri | Meazell, C 551020/63 | 0.60 | 0.60 | 270.00 | | F | *MATTER NAME: Fee Applications*<br>1 PREPARATION OF 29TH MONTHLY FEE APPLICATION. |
| 11/08/11 Tue | Meazell, C 551020/64 | 0.90 | 0.90 | 405.00 | | F | *MATTER NAME: Fee Applications*<br>1 RESEARCH REGARDING HOLDBACKS AND FEE AUDITOR REPORTS. |
| 11/11/11 Fri | Meazell, C 551020/62 | 0.40 | 0.40 | 180.00 | | F | *MATTER NAME: Fee Applications*<br>1 PREPARATION OF 29TH MONTHLY FEE APPLICATION. |
| 11/15/11 Tue | Meazell, C 551020/65 | 0.90 | 0.90 | 405.00 | | F | *MATTER NAME: Fee Applications*<br>1 PREPARATION OF 29TH MONTHLY FEE APPLICATION. |
| | | | 26.90 | $12,105.00 | | | |
| Total Number of Entries: | 21 | | | | | | |

EXHIBIT F

DOW LOHNES RETENTION/COMPENSATION

Dow Lohnes PLLC

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Meazell, C | 26.90 | 12,105.00 |
| | 26.90 | $12,105.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Applications | 26.90 | 12,105.00 |
| | 26.90 | $12,105.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL