# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE TWELFTH QUARTERLY FEE APPLICATION OF MCDERMOTT WILL & EMERY LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Twelfth Quarterly Fee Application of McDermott Will & Emery LLP as Special Counsel to Debtors for Domestic Legal Matters*, for

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

*Allowance of Compensation and Reimbursement of Expenses for the Period September 1, 2011 Through November 30, 2011* [Docket No. 10828] (the "**Fee Application**").  The Fee Application seeks approval of fees that total $1,180,492.00 and reimbursement of expenses that total $33,817.74 for the period from September 1, 2011 through November 30, 2011.  McDermott Will & Emery LLP ("**McDermott**") serves as Special Counsel to the Debtors for Domestic Legal Matters.

<u>**Background**</u>

1.    On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2.    On December 26, 2008, the Debtors filed the *Application for an Order Authorizing Debtors to Employ and Retain McDermott Will & Emery LLP as Special Counsel for General Domestic Legal Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to the Petition Date* [Docket No. 141] (the "**Retention Application**").  By order dated March 12, 2009 [Docket 511], this Court approved the retention of McDermott (the "**Retention Order**").

3.    McDermott submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

**<u>Applicable Standards</u>**

4.     In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.     The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.     Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the

time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

7.    A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred.  A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules.  Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application.  A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.    The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to McDermott for review and comment.  The firm submitted a written response to the Fee Examiner.  After evaluation and consideration of the additional information provided by McDermott, the Fee Examiner submits this Final Report for the Court's consideration.  This Final Report is in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of the applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and will also

inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

## DISCUSSION OF FINDINGS

### Technical Requirements

9.    **Reconciliation of Fees and Expenses.**  The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application (**"Fees Requested"** and "Expenses **Requested"**) to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm (**"Fees Computed"** and **"Expenses Computed"**).   The Fee Examiner determined that the Fees Requested exceed the Fees Computed by $2,227.00, resulting in an apparent overcharge.  The discrepancy is the result of task hours within several entries that do not equal the time billed for the entries as a whole, which were displayed in **Exhibit A** to the Preliminary Report.  McDermott agreed with the Fee Examiner's calculations, resulting in a fee reduction of $2,227.00.  Exhibit A is omitted from this Final Report.

The Fee Examiner further determined that there is no discrepancy between the Expenses Requested and the Expenses Computed.   The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

10.    **Block Billing.**[2]  The Local Rules provide that "[a]ctivity descriptions shall not be lumped - each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*.  The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST*

---

[2] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing.  Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry.  As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry.  This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

*Guidelines* ¶(b)(4)(v).[3]   The Delaware Bankruptcy Court has found that time entries that generally only combine work on one issue, and a conference/communication with the client or opposing counsel on the same issue, while technically blocked billing, will not be objectionable.[4] McDermott block billed entries totaling 115.90 hours and $72,615.50 in associated fees, which were displayed in **Exhibit B** to the Preliminary Report.[5]   Based upon precedent established by this Court, however, the Fee Examiner did not find any objectionable block billed entries.   As such no reduction for a fee reduction will be recommended.   Exhibit B has been omitted from this Report.

11.    **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv).*   The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v).*   The Fee Examiner reviewed the fee application and determined that the firm recorded time in tenths of an hour increments.

### Review of Fees

12.    **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement

---

[3] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).   Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

[4] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

[5] This Final Report includes exhibits that detail and support the findings discussed herein.   Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit.  The tasks included in a specific category are underlined in the fee exhibits.  For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*. The Fee Application provided the names, positions, and hourly rates of the 50 McDermott professionals and paraprofessionals who billed to this matter, consisting of 29 partners, 2 counsel, 12 associates, 1 senior staff attorney, 2 staff attorneys, 1 technology project manager, 1 corporate professional, 1 corporate paralegal, and 1 library research assistant. A summary of hours and fees billed by each timekeeper is displayed in **Exhibit C**.

      The firm billed a total of 2,002.50 hours with associated fees of $1,178,265.00.[6] The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 1,104.40 | 55% | $ 898,548.50 | 76% |
| Counsel | 10.60 | * | 7,128.00 | * |
| Associate | 342.90 | 17% | 136,639.50 | 12% |
| Senior Staff Attorney | 242.00 | 12% | 59,290.00 | 5% |
| Staff Attorney | 273.20 | 14% | 66,934.00 | 6% |
| Technology Project Manager | 27.40 | 1% | 9,157.50 | * |
| Corporate Professional | 1.00 | * | 345.00 | * |
| Corporate Paralegal | 0.50 | * | 145.00 | * |
| Library Research Assistant | 0.50 | * | 77.50 | * |
| **TOTAL** | 2,002.50 | 100% | $1,178,265.00 | 100% |

* Less than 1%

The blended hourly rate for the McDermott professionals is $592.24 and the blended hourly rate for professionals and paraprofessionals is $588.40.

      13.    **Hourly Rate Increases.** McDermott increased the hourly rates of timekeepers effective November 1, 2011, and noted such in the Quarterly Fee Application. The Fee Examiner requested an explanation regarding a timekeeper's November 1, 2011 rate increase,

---

[6] This amount reflects the Fees Computed.

because he had previous rate increases on June 1, 2011 and January 1, 2011.  In its response, McDermott stated that the timekeeper's November rate increase was approved by the debtors, and was in line with other McDermott attorneys of similar seniority and experience.  Based upon the response, the Fee Examiner does not recommend a related fee reduction.

14.    **Timekeepers' Roles.**    A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4).*  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.  Most timekeepers appeared to perform core team responsibilities necessary to the engagement or discrete activities that did not appear to be duplicative of the activities of other timekeepers.  However, the Fee Examiner requested additional information regarding the necessity and scope of the roles performed by several McDermott timekeepers.  The questioned time entries totaled 7.80 hours with associated fees of $4,701.00, which were displayed in **Exhibit D** to the Preliminary Report.  McDermott responded by providing additional detail regarding the roles and activities conducted by each of the questioned timekeepers, which showed that the activities were necessary and proper, bringing the entries within compliance of the rules and guidelines.  Exhibit D is omitted from this report.

15.    **Meetings, Conferences, Hearings, and Other Events.**  The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v).*  While it may be appropriate to have multiple attendees at

some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more McDermott timekeepers attended the same meeting, conference, hearing, or other event.  Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees.  The entries, totaling 125.20 hours with $105,309.00 in associated fees, were displayed in **Exhibit E** to the Preliminary Report.  In each instance where multiple timekeepers attended a meeting, conference, hearing or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference).  The potentially duplicative and unnecessary timekeepers' entries total 79.70 hours with $61,980.50 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit.  The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response to the Preliminary Report, McDermott provided the Fee Examiner with a lengthy and detailed explanation of the specific subject matter and purpose of the meetings in question, as well as the role of the various participants.  The extensive detail satisfies the requirements of the Local Rules and UST Guidelines, and after analysis of the same, the Fee Examiner makes no recommendation for a related fee reduction.  Exhibit E is omitted from the Final Report.

16.    **Intraoffice Conferences.**    Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel.

The Fee Examiner identified billing activities by McDermott timekeepers describing intraoffice conferences totaling 52.60 hours with $35,590.00 in associated fees, or approximately 3% of the Fees Computed, as were displayed in **Exhibit F** to the Preliminary Report.  The Fee Examiner observed that in certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference.  The entries describing intraoffice conferences invoiced by two or more firm personnel totaled 18.10 hours with $13,014.00 in associated fees and were highlighted in bold and marked with an ampersand [&] in the exhibit.  The Fee Examiner requested McDermott strive to eliminate unnecessary intraoffice conferencing, and further requested that the firm provide an explanation for the necessity of more than one participant billing for the same intraoffice conference as identified in the exhibit.

In response, McDermott provided a detailed explanation as to the necessity and appropriateness of the questioned conferences.  The firm also verified that it continues to monitor the level of intraoffice conferences and that it encourages its timekeepers to work efficiently in order to keep such intraoffice conferences to the minimum amount necessary to accomplish the specific task.  After due consideration of the firm's informative response and in consideration of the relatively low number of questioned intraoffice conferences, the Fee Examiner makes no recommendation for a fee reduction.  Exhibit F is omitted from this report.

17.    **Complete and Detailed Task Descriptions.**  Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary."  The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and

that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.

      a.     **Vague Communications.** The Fee Examiner identified several entries, totaling 28.10 hours with $9,519.00 in associated fees, in which a conference or other communication was not described with sufficient detail. This lack of detail hinders a reviewer's ability to determine the reasonableness and necessity of the activity, and is in clear violation of the applicable guidelines. The entries were displayed in **Exhibit G** to the Preliminary Report. The Fee Examiner allowed the firm to bring the entries into compliance by providing the missing subject matter and participant information from the communication. In response, the firm provided a list which contained additional detail for each of the questioned communications. The additional information provided the missing participants or subject matter, which brought the entries into compliance with the Local Rules and UST Guidelines. Thus, the Fee Examiner makes no recommendation for a fee reduction. Exhibit G is omitted from this report.

      b.     **Other Vague Tasks.** The Fee Examiner reviewed the substantive detail of each billing entry and identified a few other entries where the Fee Examiner could not determine the precise nature of the services performed by the timekeeper. The entries were displayed in **Exhibit H** to the Preliminary Report and total 9.60 hours with $9,215.00 in associated fees. As reflected in the Local Rules and UST Guidelines, billing entries must adequately describe the services actually performed to allow a determination of whether the task

was staffed appropriately, whether the task involved the exercise of legal judgment, and/or whether the task was duplicated by other timekeepers.[7]  In response to the Preliminary Report, the firm provided a list that contained additional detail for each of the task descriptions in question.  The additional information brought the entries into compliance with the Local Rules and UST Guidelines and, accordingly, the Fee Examiner makes no recommendation for a fee reduction.  Exhibit H is omitted from this report.

18.    **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.    The Fee Examiner identified fee entries describing administrative functions, including the reviewing and revising of pre-bills and invoices.  Although firms may seek reimbursement for fees resulting from the preparation of fee applications, revising bills to comply with applicable guidelines remains an administrative function.  The Fee Examiner did not identify any administrative activities.

19.    **Clerical Activities.**  Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel,[8] or tasks the market value of which is below the rate charged by the firm.  The Fee Examiner reviewed each timekeeper's billing activities and identified entries describing clerical activities, including but not limited to compiling/organizing materials, running database searches, and

---

[7] Vague entries do not allow the court to determine the reasonableness and necessity of the effort expended, and fees may be denied or reduced when insufficiently documented.  *E.g.*, *In re Bennett Funding, Inc.*, 213 B.R. 234, 245-46 (Bankr. N.D.N.Y. 1997).  Entries for legal research must identify the issue and explain the research need.  *In re Fibermark, Inc.*, 349 B.R. 385, 397 (Bankr. D. Vt. 2006).

[8] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates).  These overhead activities may include: mailing; photocopying; word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime.  *Fibermark*, 349 B.R. at 396-97.

managing documents.  The questioned entries were displayed in **Exhibit I** to the Preliminary Report and total 33.00 hours with $11,124.50 in associated fees.  In response, McDermott stated that some of the time was not clerical in nature and that the activities required the professional's knowledge of the legal work being performed and legal acumen.  The firm, however, agreed the work was partially clerical in nature.  McDermott and the Fee Examiner reached a compromise, and the firm agreed to reduce its fees in the amount of $5,562.25.  Exhibit I is omitted from this Report.

20.    **Travel.**  The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*.  McDermott timekeepers did not bill any time for travel.

21.    **McDermott Retention/Compensation.**    McDermott billed 69.30 hours with associated fees of $29,682.50 to prepare the firm's applications for compensation, approximately 3% of the Fees Computed.  The fee entries describing McDermott's retention/compensation activities are displayed in **Exhibit J**, which is included in the Final Report for the Court's reference.

**Review of Expenses**

22.    **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the charge, if available." *Local Rule 2016-2(e)(i-ii)*.    The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination),

[the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*.  McDermott provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

23.      **Photocopies.**  The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii)*.  McDermott stated in the Application that it "charged the Debtors the maximum permitted amount of $.10 per page."  The Fee Examiner verified that, based on the information provided, the photocopies were charged at $0.10 per page.

24.      **Facsimile.**  The Local Rules provide that outgoing facsimile transmission charges shall not exceed $1.00 per page. *Local Rule 2016-2(e)(iii)*.  McDermott requested reimbursement for facsimile transmission charges at a rate of $1.00 per page.

25.      **Request for Additional Information.**    The Fee Examiner requested that McDermott provide documentation and/or a detailed explanation for certain miscellaneous expenses, which were displayed in **Exhibit K** to the Preliminary Report.  McDermott provided the information requested, and after reviewing the same the Fee Examiner does not recommend a related expense reduction.  Exhibit K is omitted from this Report.

26.      **Business Meals.**  McDermott requested reimbursement of $14.48 for a "business meal."   The Fee Examiner requested that McDermott provide supplemental information explaining the purpose of the meal charge displayed in **Exhibit L** to the Preliminary Report.  In response, McDermott agreed to waive the expense item in question, resulting in an expense reduction in the amount of $14.48.  Exhibit L is omitted from the Final Report.

## CONCLUSION

The Fee Examiner submits this final report regarding the Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $1,172,702.75 ($1,180,492.00 minus $7,789.25) and reimbursement of expenses in the amount of $33,803.26 ($33,817.74 minus $14.48) for the period from September 1, 2011 through November 30, 2011. The findings are set forth in the summary on the following page.

**MCDERMOTT WILL & EMERY LLP**

**SUMMARY OF FINDINGS**

**Twelfth Quarterly Fee Application (September 1, 2011 through November 30, 2011)**

A.    **Amounts Requested and Computed**

| | | |
|---|---:|---:|
| Fees Requested | $1,180,492.00 | |
| Expenses Requested | 33,817.74 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $1,214,309.74 |
| | | |
| Fees Computed | $1,178,265.00 | |
| Expenses Computed | 33,817.74 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $1,212,082.74 |
| | | |
| Discrepancy in Fees | $     2,227.00 | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $     2,227.00 |

B.    **Recommended Fee Allowance and Expense Reimbursement**

| | | |
|---|---:|---:|
| Fees Requested | $1,180,492.00 | |
| *Agreed Reduction for Discrepancy in Fees* | | *($2,227.00)* |
| *Agreed Reduction for Clerical Activities* | | *(5,562.25)* |
| Subtotal | | *($7,789.25)* |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $1,172,702.75 |
| | | |
| Expenses Requested | $33,817.74 | |
| *Agreed Reduction for Business Meals* | | *($14.48)* |
| Subtotal | | *($14.48)* |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 33,803.26 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $1,206,506.01 |

Respectfully submitted,

**STUART MAUE**

By: _____

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 11th day of October, 2012.

David Klauder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
William E. Chipman Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Blake D. Rubin, Esq.
McDermott Will & Emery LLP
600 13th Street N.W.
Washington, DC 20005-3096

_____
John F. Theil, Esq.

-18-

# EXHIBIT C

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

### McDermott, Will & Emery

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 0342 | Rubin, Blake D. | PARTNER | $965.00 | $995.00 | 244.20 | $237,435.00 |
| 0343 | Whiteway, Andrea M. | PARTNER | $805.00 | $885.00 | 278.00 | $227,854.00 |
| 803 | Compernolle, Paul J. | PARTNER | $810.00 | $820.00 | 113.80 | $92,237.00 |
| 1086 | Wilder, Michael J. | PARTNER | $745.00 | $780.00 | 89.50 | $67,377.50 |
| 4809 | Lee, Michael V. | PARTNER | $630.00 | $710.00 | 84.20 | $56,222.00 |
| 0344 | Finkelstein, Jon G. | PARTNER | $635.00 | $765.00 | 76.80 | $51,225.00 |
| 2810 | Merten, William W. | PARTNER | $810.00 | $820.00 | 57.80 | $46,821.00 |
| 6673 | Levine, Philip J. | PARTNER | $895.00 | $895.00 | 43.70 | $39,111.50 |
| 7142 | Gordon, Amy M. | PARTNER | $710.00 | $725.00 | 28.50 | $20,488.50 |
| 8422 | Hazan, Nava | PARTNER | $630.00 | $645.00 | 15.20 | $9,637.50 |
| 6395 | Harris, Ryan D. | PARTNER | $575.00 | $640.00 | 15.20 | $8,922.00 |
| 2812 | Peters Schaefer, Susan | PARTNER | $810.00 | $810.00 | 8.80 | $7,128.00 |
| 1551 | Gruemmer, Brooks B. | PARTNER | $750.00 | $840.00 | 8.40 | $6,984.00 |
| 9903 | Fernando, Raymond M. | PARTNER | $625.00 | $625.00 | 10.10 | $6,312.50 |
| 3010 | Ward, Thomas P. | PARTNER | $660.00 | $810.00 | 5.80 | $4,503.00 |
| 6832 | Holdvogt, Jeffrey M. | PARTNER | $500.00 | $580.00 | 6.50 | $3,410.00 |
| 2584 | Wells, Stephen E. | PARTNER | $895.00 | $895.00 | 3.20 | $2,864.00 |
| 4378 | Greenhouse, Robin L. | PARTNER | $780.00 | $780.00 | 3.60 | $2,808.00 |
| 8311 | Lin, Christopher | PARTNER | $595.00 | $595.00 | 3.00 | $1,785.00 |
| 8981 | Turney, Andrew T. | PARTNER | $535.00 | $560.00 | 3.00 | $1,645.00 |
| 5642 | Graham, Michael T. | PARTNER | $625.00 | $625.00 | 1.30 | $812.50 |
| 3051 | Bilut, Mark A. | PARTNER | $655.00 | $655.00 | 1.10 | $720.50 |
| 323 | Schuman, William | PARTNER | $830.00 | $830.00 | 0.60 | $498.00 |
| 0340 | Karch, Gary | PARTNER | $935.00 | $935.00 | 0.50 | $467.50 |
| 751 | Zucker, Daniel N. | PARTNER | $885.00 | $885.00 | 0.50 | $442.50 |
| 1747 | Mosher-Beluris, Terese | PARTNER | $845.00 | $845.00 | 0.30 | $253.50 |
| 298 | Schreck Jr., Robert A. | PARTNER | $800.00 | $800.00 | 0.30 | $240.00 |
| 0261 | Hoeft, Steven H. | PARTNER | $785.00 | $785.00 | 0.30 | $235.50 |
| 5705 | Mikulina, Jennifer M. | PARTNER | $540.00 | $540.00 | 0.20 | $108.00 |

**EXHIBIT C**

### SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL
### COMPUTED AT STANDARD RATES
**McDermott, Will & Emery**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| | No. of Billers for Position: 29 | Blended Rate for Position: | $813.61 | | 1,104.40 | $898,548.50 |
| | | | | | % of Total: 55.15% | % of Total: 76.26% |
| 1504 | O'Brien, Maureen | COUNSEL | $655.00 | $665.00 | 9.00 | $5,960.00 |
| 2816 | Granados III, Luis L. | COUNSEL | $730.00 | $730.00 | 1.60 | $1,168.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $672.45 | | 10.60 | $7,128.00 |
| | | | | | % of Total: 0.53% | % of Total: 0.60% |
| 0109 | Chan, Gale E. | ASSOCIATE | $390.00 | $500.00 | 79.70 | $34,746.00 |
| 0024 | Zajac, Jared D. | ASSOCIATE | $345.00 | $435.00 | 80.30 | $29,233.50 |
| 1242 | Blair-Stanek, Andrew | ASSOCIATE | $360.00 | $435.00 | 44.20 | $16,032.00 |
| 1796 | Hammans, Elijah | ASSOCIATE | $415.00 | $415.00 | 35.40 | $14,691.00 |
| 2386 | Ma, Enrica | ASSOCIATE | $390.00 | $435.00 | 32.90 | $13,803.00 |
| 9085 | McCurry, Patrick J. | ASSOCIATE | $360.00 | $500.00 | 35.40 | $13,500.00 |
| 8450 | Shuman, Timothy S. | ASSOCIATE | $440.00 | $440.00 | 17.10 | $7,524.00 |
| 1911 | Neville, David R. | ASSOCIATE | $335.00 | $500.00 | 6.90 | $3,087.00 |
| 0664 | Parker, Cole | ASSOCIATE | $295.00 | $365.00 | 5.60 | $1,967.00 |
| 0676 | Kopacz, Gregory A. | ASSOCIATE | $345.00 | $435.00 | 3.00 | $1,260.00 |
| 9945 | Tiemann, Brian J. | ASSOCIATE | $330.00 | $330.00 | 1.60 | $528.00 |
| 1608 | Rupp, Matthew | ASSOCIATE | $335.00 | $335.00 | 0.80 | $268.00 |
| | No. of Billers for Position: 12 | Blended Rate for Position: | $398.48 | | 342.90 | $136,639.50 |
| | | | | | % of Total: 17.12% | % of Total: 11.60% |
| 0831 | Newgard, Brant A. | SR STAFF ATTY | $245.00 | $245.00 | 242.00 | $59,290.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $245.00 | | 242.00 | $59,290.00 |
| | | | | | % of Total: 12.08% | % of Total: 5.03% |
| 1914 | LeBeau, Nicole | STAFF ATTORNEY | $245.00 | $245.00 | 137.40 | $33,663.00 |
| 1918 | McElhaney, Quinton | STAFF ATTORNEY | $245.00 | $245.00 | 135.80 | $33,271.00 |

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL
## COMPUTED AT STANDARD RATES
### McDermott, Will & Emery

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| | No. of Billers for Position: 2 | Blended Rate for Position: | $245.00 | | 273.20 | $66,934.00 |
| | | | | | % of Total: 13.64% | % of Total: 5.68% |
| 2026 | Gardner, Daryl | TECH PROJ MGR | $330.00 | $385.00 | 27.40 | $9,157.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $334.22 | | 27.40 | $9,157.50 |
| | | | | | % of Total: 1.37% | % of Total: 0.78% |
| 2334 | Schafman, Beverly | CORP PROFES | $345.00 | $345.00 | 1.00 | $345.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $345.00 | | 1.00 | $345.00 |
| | | | | | % of Total: 0.05% | % of Total: 0.03% |
| 4341 | McNeil, Christy | CORP PARALEGAL | $290.00 | $290.00 | 0.50 | $145.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $290.00 | | 0.50 | $145.00 |
| | | | | | % of Total: 0.02% | % of Total: 0.01% |
| 3434 | Adams, Eric | LIBR RESCH ASST | $155.00 | $155.00 | 0.50 | $77.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $155.00 | | 0.50 | $77.50 |
| | | | | | % of Total: 0.02% | % of Total: 0.01% |
| | Total No. of Billers: 50 | Blended Rate for Report: | $588.40 | | 2,002.50 | $1,178,265.00 |

EXHIBIT J

MCDERMOTT RETENTION/COMPENSATION

McDermott, Will & Emery

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Hazan, N | 7.70 | 4,912.50 |
| Kopacz, G | 2.50 | 1,087.50 |
| Rubin, B | 2.40 | 2,361.00 |
| Whiteway, A | 0.50 | 402.50 |
| Zajac, J | 56.20 | 20,919.00 |
| | 69.30 | $29,682.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Chapter 11 Restructuring | 69.30 | 29,682.50 |
| | 69.30 | $29,682.50 |

EXHIBIT J
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 09/01/11 Thu | Zajac, J 2308367/76 | 3.80 | 3.80 | 1,311.00 | 3.40 0.40 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring DRAFT JUNE FEE STATEMENT (3.4); BEGIN DRAFTING JULY FEE STATEMENT (.4). |
| 09/08/11 Thu | Zajac, J 2308367/98 | 0.60 | 0.60 | 207.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVISE JUNE FEE STATEMENT. |
| 09/09/11 Fri | Hazan, N 2308367/107 | 0.60 | 0.60 | 378.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW AND CORRECT JUNE FEE APPLICATION. |
| 09/09/11 Fri | Zajac, J 2308367/106 | 1.60 | 1.60 | 552.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW INVOICES FOR COMPLIANCE WITH BANKRUPTCY RULES. |
| 09/12/11 Mon | Zajac, J 2308367/113 | 3.10 | 3.10 | 1,069.50 | 0.70 2.40 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring REVISE JUNE FEE STATEMENT (.7); REVIEW INVOICES TO ENSURE COMPLIANCE WITH BANKRUPTCY RULES (2.4). |
| 09/13/11 Tue | Zajac, J 2308367/121 | 3.20 | 3.20 | 1,104.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring DRAFT AND REVISE JULY FEE STATEMENT. |
| 09/14/11 Wed | Hazan, N 2308367/130 | 0.60 | 0.60 | 378.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW AND CORRECT MONTHLY FEE APPLICATION FOR JULY. |
| 09/14/11 Wed | Zajac, J 2308367/129 | 3.80 | 3.80 | 1,311.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW PREBILLS TO ENSURE COMPLIANCE WITH BANKRUPTCY RULES. |
| 09/15/11 Thu | Zajac, J 2308367/138 | 1.20 | 1.20 | 414.00 | 0.80 0.10 0.30 | F F F | 1 2 3 | MATTER NAME: Chapter 11 Restructuring REVISE JUNE AND JULY FEE STATEMENTS (.8); EMAIL B. RUBIN RE SAME (.1); EMAILS WITH M. SIMONS RE SAME (.3). |
| 09/16/11 Fri | Zajac, J 2308367/146 | 0.40 | 0.40 | 138.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring PREPARE INVOICES FOR FILING WITH FEE STATEMENTS. |
| 09/20/11 Tue | Rubin, B 2308367/166 | 4.20 | 0.40 | 386.00 | 1.80 0.90 1.10 0.40 | F F F F | 1 2 3 4 | MATTER NAME: Chapter 11 Restructuring REVIEW AND ANALYZE MATERIALS FOR IRS MEETING (1.8). PREPARATION FOR AND CONFERENCE CALL WITH CLIENT REGARDING POSSIBLE TRANSACTION (.9); REVIEW AND COMMENT ON DRAFT REPRESENTATION LETTER (1.1); REVIEW AND EDIT FEE PETITIONS (.4). |

~  See the last page of exhibit for explanation

EXHIBIT J

MCDERMOTT RETENTION/COMPENSATION

McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
| 09/21/11 Wed | Zajac, J 2308367/170 | 4.50 | 0.60 | 207.00 | 0.50 0.60 1.70 1.80 | F F F F | *MATTER NAME: Chapter 11 Restructuring* 1  REVIEW RESORTS INT'L ARTICLE (.5); 2  REVISE FEE STATEMENTS (.6): 3  RESEARCH RE: 505 JURISDICTION (1.7); 4  DRAFT MEMO RE: SAME (1.8). |
| 09/22/11 Thu | Zajac, J 2308367/177 | 3.30 | 0.10 | 34.50 | 3.20 0.10 | F F | *MATTER NAME: Chapter 11 Restructuring* 1  DRAFT MEMO RE: 505 JURISDICTION (3.2): 2  EMAIL WITH M. SIMONS RE: FEE STATEMENTS (.1). |
| 09/27/11 Tue | Zajac, J 2308367/196 | 0.80 | 0.80 | 276.00 | 0.30 0.50 | F F | *MATTER NAME: Chapter 11 Restructuring* 1  EMAILS WITH B. RUBIN RE FEE STATEMENTS (.3): 2  PREPARE/FINALZE FEE STATE,ENTS FOR FILING (.5). |
| 10/03/11 Mon | Zajac, J 2314993/67 | 3.30 | 0.40 | 138.00 | 1.60 0.80 0.50 0.40 | F F F F | *MATTER NAME: Chapter 11 Restructuring* 1  DRAFT SUMMARY RE: 505 STANDING ISSUE ANALYSIS (1.6); 2  RESEARCH RE: DECLARATORY ACTIONS FOR TAX DETERMINATIONS (.8); 3  DRAFT SUMMARY RE: SAME (.5); 4  REVIEW FEE EXAMINER REPORT (.4). |
| 10/04/11 Tue | Hazan, N 2314993/74 | 0.80 | 0.80 | 504.00 | 0.50 0.30 | F F | *MATTER NAME: Chapter 11 Restructuring* 1  REVIEW EXAMINER REPORT (.50): 2  DISCUSS SAME AND RESPONSE WITH J. ZAJAC (.30). |
| 10/04/11 Tue | Zajac, J 2314993/75 | 0.20 | 0.20 | 69.00 | | F | *MATTER NAME: Chapter 11 Restructuring* 1  EMAILS WITH N. HAZAN RE: RESPONSE TO FEE EXAMINER. |
| 10/05/11 Wed | Zajac, J 2314993/81 | 1.60 | 1.10 | 379.50 | 1.10 0.10 0.40 | F F F | *MATTER NAME: Chapter 11 Restructuring* 1  REVIEW PREBILLS TO ENSURE COMPLIANCE WITH BANKRUPTCY RULES (1.1): 2  REVIEW EMAIL FROM R. GREENHOUSE RE: STRADDLE YEAR TAXES (.1); 3  REVIEW COLLIER RE: SAME (.4). |
| 10/09/11 Sun | Zajac, J 2314993/95 | 0.30 | 0.30 | 103.50 | | F | *MATTER NAME: Chapter 11 Restructuring* 1  REVIEW DOCKET RE: NOTICES OF UPCOMING FEE HEARINGS. |
| 10/15/11 Sat | Zajac, J 2314993/118 | 0.40 | 0.40 | 138.00 | 0.10 0.30 | F F | *MATTER NAME: Chapter 11 Restructuring* 1  REVIEW EMAILS FROM LOCAL COUNSEL RE: FEE ORDER (.1); 2  REVIEW FEE ORDER (.3). |
| 10/18/11 Tue | Zajac, J 2314993/123 | 4.30 | 4.30 | 1,483.50 | 1.40 0.10 2.80 | F F F | *MATTER NAME: Chapter 11 Restructuring* 1  PREPARE FOR FEE HEARING (1.4): 2  EMAIL WITH M. SIMONS RE: FEE STATEMENT (.1): 3  BEGIN DRAFTING FEE STATEMENT (2.8). |
| 10/19/11 Wed | Hazan, N 2314993/129 | 0.60 | 0.60 | 378.00 | | F | *MATTER NAME: Chapter 11 Restructuring* 1  REVIEW AND CORRECT AUGUST FEE APPLICATION. |

~  See the last page of exhibit for explanation

EXHIBIT J

MCDERMOTT RETENTION/COMPENSATION

McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 10/19/11 Wed | Zajac, J 2314993/128 | 0.90 | 1.00 | 345.00 | 0.90 0.10 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring DRAFT FEE STATEMENT (.9); EMAIL TO N. HAZAN RE: SAME (.1). |
| 10/20/11 Thu | Zajac, J 2314993/135 | 5.10 | 5.10 | 1,759.50 | 0.30 0.10 0.40 0.20 4.10 | F F F F F | 1 2 3 4 5 | MATTER NAME: Chapter 11 Restructuring REVISE AUGUST FEE STATEMENT (.3); EMAIL B. RUBIN RE: SAME (.1); EMAILS WITH B. RUBIN RE: FEE ORDER (.4); EMAILS WITH B. RUBIN RE: CNOS (.2); DRAFT 11TH QUARTERLY APPLICATION (4.1). |
| 10/21/11 Fri | Hazan, N 2314993/140 | 0.50 | 0.50 | 315.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW 11TH QUARTERLY APPLICATION. |
| 10/21/11 Fri | Zajac, J 2314993/139 | 3.20 | 3.20 | 1,104.00 | 2.40 0.20 0.30 0.20 0.10 | F F F F F | 1 2 3 4 5 | MATTER NAME: Chapter 11 Restructuring REVIEW PREBILLS TO ENSURE COMPLIANCE WITH BANKRUPTCY RULES (2.4); EMAIL B. RUBIN RE: CNOS (.2); PREPARE AUGUST FEE STATEMENT FOR FILING (.3); REVISE QUARTERLY APPLICATION (.2); EMAIL M. SIMONS RE: PREBILLS (.1). |
| 10/25/11 Tue | Zajac, J 2314993/149 | 0.20 | 0.20 | 69.00 | 0.10 0.10 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring EMAIL B. RUBIN RE: QUARTETLY APPLICATION (.1); EMAIL M. SIMONS RE: LEDES FILES (.1). |
| 10/26/11 Wed | Zajac, J 2314993/152 | 1.60 | 1.60 | 552.00 | 0.60 0.20 0.80 | F F F | 1 2 3 | MATTER NAME: Chapter 11 Restructuring REVIEW FEE EXAMINERS REPORT (.6); EMAILS WITH M. SIMONS RE: EXPENSE RESPONSE TO REPORT (.2); BEGIN DRAFTING RESPONSE TO REPORT (.8). |
| 10/27/11 Thu | Zajac, J 2314993/154 | 0.80 | 0.80 | 276.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring DRAFT RESPONSE TO FEE EXAMINER REPORT. |
| 10/28/11 Fri | Zajac, J 2314993/159 | 0.70 | 0.70 | 241.50 | 0.20 0.50 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring EMAIL N. HAZAN RE: FEE EXAMINER RESPONSE (.2); VARIOUS EMAILS WITH N. HAZAN, B. RUBIN, AND G. VANCE RE: SAME (.5). |
| 10/31/11 Mon | Hazan, N 2314993/171 | 0.50 | 0.50 | 315.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring PREPARE FOR AND ATTEND CALL RE: EXAMINER REPORT WITH J. ZAJAC, B. RUBIN. G. VANCE. |

EXHIBIT J
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|------|------|------|------|------|---|---|
| 10/31/11 Mon | Rubin, B 2314993/175 | 5.30 | 0.50 | 482.50 | 0.50 | F | 1 PREPARATION FOR AND CONFERENCE CALL REGARDING FEE EXAMINER ISSUES (.5); |
| | | | | | 0.90 | F | 2 PREPARATION FOR AND CONFERENCE WITH CO-COUNSEL REGARDING COMMENTS ON MEMO REGARDING SETTLEMENT ISSUES (.9); |
| | | | | | 1.30 | F | 3 CONFERENCE WITH CO-COUNSEL REGARDING POSSIBLE RESPONSES TO IRS ON PLRISSUES (1.3); |
| | | | | | 0.70 | F | 4 RESEARCH AND ANALYSIS REGARDING RESPONSES TO IRS (.7); |
| | | | | | 1.20 | F | 5 PREPARATION FOR MEETING EMERGENCE PLANNING; (1.2); |
| | | | | | 0.70 | F | 6 CORRESPONDENCE AND CALLS WITH CREDITOR REPRESENTATIVES REGARDING EMERGENCE ISSUE (.7). |
| 10/31/11 Mon | Whiteway, A 2314993/176 | 5.30 | 0.50 | 402.50 | 0.50 | F | 1 PREPARATION FOR AND CONFERENCE CALL REGARDING FEE EXAMINER ISSUES (.5); |
| | | | | | 0.90 | F | 2 PREPARATION FOR AND CONFERENCE WITH CO-COUNSEL REGARDING COMMENTS ON MEMO REGARDING SETTLEMENT ISSUES (.9); |
| | | | | | 1.30 | F | 3 CONFERENCE WITH CO-COUNSEL REGARDING POSSIBLE RESPONSES TO IRS ON PLRISSUES (1.3); |
| | | | | | 0.70 | F | 4 RESEARCH AND ANALYSIS REGARDING RESPONSES TO IRS (.7); |
| | | | | | 1.20 | F | 5 PREPARATION FOR MEETING EMERGENCE PLANNING; (1.2); |
| | | | | | 0.70 | F | 6 CORRESPONDENCE AND CALLS WITH CREDITOR REPRESENTATIVES REGARDING EMERGENCE ISSUE (.7). |
| 10/31/11 Mon | Zajac, J 2314993/170 | 0.70 | 0.70 | 241.50 | 0.10 | F | 1 EMAIL WITH MWE TEAM RE: FEE EXAMINER REPORT(.1); |
| | | | | | 0.60 | F | 2 PREPARE FOR AND CALL WITH B. RUBIN, G. VANCE, N. HAZAN RE SAME (.6). |
| 11/01/11 Tue | Rubin, B 2329289/24 | 1.60 | 0.40 | 398.00 | 0.80 | F | 1 REVIEW AND ANALYZE BANKRUPTCY RULING (.8); |
| | | | | | 0.40 | F | 2 CONFERENCE WITH CLIENT REGARDING RESPONSE (.4); |
| | | | | | 0.40 | F | 3 CORRESPONDENCE REGARDING ISSUES RAISED BY FEE EXAMINER (.4). |
| 11/02/11 Wed | Zajac, J 2329289/27 | 0.90 | 0.90 | 391.50 | | F | 1 PREPARE LEDES FILES FOR JUNE, JULY AND AUGUST FEE STATEMENTS. |
| 11/03/11 Thu | Zajac, J 2329289/32 | 0.10 | 0.10 | 43.50 | | F | 1 EMAIL FEE EXAMINER RE: LEDES FILES. |
| 11/07/11 Mon | Rubin, B 2329289/53 | 4.80 | 0.70 | 696.50 | 0.90 | F | 1 REVIEW AND COMMENT ON TALKING POINTS FOR CALL WITH IRS (.9); |
| | | | | | 1.90 | F | 2 PREPARATION FOR AND CONFERENCE CALL WITH IRS REGARDING RULING ISSUES (1.9); |
| | | | | | 0.70 | F | 3 REVIEW AND COMMENT ON FEE APPLICATION (.7); |
| | | | | | 1.30 | F | 4 REVIEW AND EDIT MEMO REGARDING SETTLEMENT ISSUES (1.3). |
| 11/07/11 Mon | Zajac, J 2329289/48 | 4.60 | 4.60 | 2,001.00 | 0.10 | F | 1 EMAIL WITH B. RUBIN RE: QUARTERLY APPLICATION (.1); |
| | | | | | 4.10 | F | 2 DRAFT RESPONSE TO FEE EXAMINER PRELIMINARY REPORT (4.1); |
| | | | | | 0.20 | F | 3 EMAILS WITH B. RUBIN RE: RESPONSE (.2); |
| | | | | | 0.20 | F | 4 EMAIL WITH N. HAZAN RE: SAME (.2). |

Each entry under description begins with a "MATTER NAME: Chapter 11 Restructuring" line.

~ See the last page of exhibit for explanation

EXHIBIT J
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 11/08/11 Tue | Zajac, J 2329289/54 | 0.90 | 0.90 | 391.50 | 0.20 0.30 0.30 0.10 | F F F F | 1 2 3 4 | MATTER NAME: Chapter 11 Restructuring MEETING WITH N. HAZAN RE: RESPONSE TO FEE REPORT (.2); REVIEW PREBILLS TO ENSURE COMPLIANCE WITH BANKRUPTCY CODE (.3); FINALIZE QUARTERLY FEE STATEMENT FOR FILING (.3); EMAIL LOCAL COUNSEL RE: SAME (.1). |
| 11/09/11 Wed | Zajac, J 2329289/58 | 2.30 | 2.30 | 1,000.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW PREBILLS TO ENSURE COMPLIANCE WITH BANKRUPTCY CODE. |
| 11/10/11 Thu | Hazan, N 2329289/65 | 0.70 | 0.70 | 451.50 | 0.40 0.10 0.20 | F F F | 1 2 3 | MATTER NAME: Chapter 11 Restructuring CALL AND EMAILS WITH EXAMINER REGARDING RESPONSE (.4); CALL TO B. RUBIN REGARDING SAME (.1); EMAIL SUMMARIZING SAME TO TEAM (.2). |
| 11/10/11 Thu | Zajac, J 2329289/64 | 4.60 | 4.60 | 2,001.00 | 4.20 0.40 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring DRAFT AND REVISE SEPTEMBER FEE STATEMENT (4.2); CALL WITH FEE EXAMINER RE: RESPONSE (.4). |
| 11/11/11 Fri | Hazan, N 2329289/70 | 0.60 | 0.60 | 387.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW AND CORRECT SEPTEMBER FEE STATEMENT. |
| 11/11/11 Fri | Zajac, J 2329289/71 | 0.30 | 0.30 | 130.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVISE SEPTEMBER FEE STATEMENT. |
| 11/14/11 Mon | Hazan, N 2329289/74 | 1.50 | 1.50 | 967.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW RESPONSE TO FEE EXAMINER REPORT AND CORRECT SAME. |
| 11/14/11 Mon | Zajac, J 2329289/75 | 2.10 | 2.10 | 913.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring DRAFT OCTOBER FEE STATEMENT. |
| 11/16/11 Wed | Hazan, N 2329289/80 | 1.10 | 1.10 | 709.50 | 0.50 0.60 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring REVIEW RESPONSE TO FEE EXAMINER AND CORRECT SAME (0.50). REVIEW AND CORRECT MONTHLY FEE APPLICATION FOR OCTOBER (0.60). |
| 11/16/11 Wed | Rubin, B 2329289/83 | 2.30 | 0.40 | 398.00 | 0.40 1.30 0.30 0.30 | F F F F | 1 2 3 4 | MATTER NAME: Chapter 11 Restructuring REVIEW AND COMMENT ON RESPONSE TO FEE EXAMINER (.4) REVIEW AND EDIT MEMO REGARDING RESPONSE TO IRS (1.3); CORRESPONDENCE WITH CLIENT REGARDING ESOP SETTLEMENT (.3): FOLLOW UP REGARDING PLR ISSUES (.3). |
| 11/16/11 Wed | Zajac, J 2329289/81 | 0.60 | 0.60 | 261.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVISE RESPONSE TO FEE EXAMINER REPORT. |

~ See the last page of exhibit for explanation

EXHIBIT J
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 11/17/11 Thu | Hazan, N 2329289/86 | 0.20 | 0.20 | 129.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW INTERNAL EMAILS AND EMAIL TO FEE EXAMINER RE: RESPONSE AND CONFIDENTIALITY. |
| 11/17/11 Thu | Kopacz, G 2329289/85 | 2.20 | 2.20 | 957.00 | 2.20 | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW MATERIALS PROVIDED BY J. ZAJAC RE: FEE APPLICATIONS (2.2). |
| 11/17/11 Thu | Zajac, J 2329289/87 | 0.20 | 0.20 | 87.00 | 0.10 0.10 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring EMAILS FROM A. WHITEWAYS AND B. RUBIN RE: FEE EXAMINER REPORT (.1); MEETING WITH N. HAZAN RE: SAME (.1). |
| 11/18/11 Fri | Kopacz, G 2329289/91 | 0.10 | 0.10 | 43.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring EMAIL FROM JZAJAC RE: OCTOBER FEE APPLICATION. |
| 11/18/11 Fri | Zajac, J 2329289/92 | 0.30 | 0.30 | 130.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring FINALIZE FEE STATEMENT FOR OCTOBER. |
| 11/21/11 Mon | Kopacz, G 2329289/98 | 0.10 | 0.10 | 43.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring EMAIL FROM JZAJAC RE: OCTOBER FEE APPLICATION. |
| 11/21/11 Mon | Zajac, J 2329289/99 | 0.10 | 0.10 | 43.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring EMAIL LOCAL COUNSEL RE: OCTOBER FEE STATEMENT. |
| 11/22/11 Tue | Kopacz, G 2329289/103 | 0.10 | 0.10 | 43.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring EMAILS FROM LOCAL COUNSEL RE: FILING FEE APPLICATION. |
| | | | 69.30 | $29,682.50 | | | | |

Total
Number of Entries:        58

~ See the last page of exhibit for explanation

EXHIBIT J

MCDERMOTT RETENTION/COMPENSATION

McDermott, Will & Emery

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Hazan, N | 7.70 | 4,912.50 |
| Kopacz, G | 2.50 | 1,087.50 |
| Rubin, B | 2.40 | 2,361.00 |
| Whiteway, A | 0.50 | 402.50 |
| Zajac, J | 56.20 | 20,919.00 |
| | 69.30 | $29,682.50 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Chapter 11 Restructuring | 69.30 | 29,682.50 |
| | 69.30 | $29,682.50 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL