# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>Objection Date: November 5, 2012 at 4:00 p.m.<br>Hearing Date: TBD<br>Related to Docket Nos. 12462, 12463 and 12489 |

## FOURTH QUARTERLY FEE APPLICATION OF SNR DENTON US LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD OF JUNE 1, 2012 THROUGH AUGUST 31, 2012

| | |
|---|---|
| Name of Applicant: | **SNR Denton US LLP** |
| Authorized to Provide<br>Professional Services to: | **Debtors** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Date of Retention: **December 12, 2011 (<u>nunc pro tunc</u> to November 1, 2011)**[2]

Period for Which Compensation and Reimbursement is Sought: **June 1, 2012 through August 31, 2012**

Amount of compensation sought as actual, reasonable and necessary: **$121,972.00**

Amount of Expense Reimbursement sought as actual, reasonable and necessary: **$1,296.07**

This is a(n): ____ monthly   _X_ interim   ____ final application

Prior Interim Fee Applications:

| Quarter | Date Filed | Requested Period Covered | Fees | Expenses | Approved Fees | Expenses |
|---|---|---|---|---|---|---|
| 1st | 1/13/12 | 11/1/2011-11/30/2011 | $45,335.00 | $548.90 | $45,335.00 | $548.90 |
| 2nd | 4/13/12 | 12/1/2011-2/29/2012 | $187,584.00 | $1,497.91 | Pending | Pending |
| 3rd | 7/13/12 | 3/1/2012-5/31/2012 | $122,178.00 | $1,724.50 | Pending | Pending |

---

[2] As further explained herein, SNR Denton US LLP was originally retained by the Debtors as an Ordinary Course Professional pursuant to the Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business (D.I. 227) (the "OCP Order").

2

46429/0001-8927507V1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[3]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>Objection Date: November 5, 2012 at 4:00 p.m.<br>Hearing Date: TBD<br>Related to Docket Nos. 12462, 12463 and 12489 |

## FOURTH QUARTERLY FEE APPLICATION OF SNR DENTON US LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FOR THE PERIOD OF JUNE 1, 2012 THROUGH AUGUST 31, 2012

SNR Denton US LLP ("SNR Denton"), as special counsel to the Debtors for certain litigation and transactional matters, hereby respectfully submits this Fourth Quarterly Fee Application of SNR Denton US LLP for Allowance of Compensation for Services Rendered and

---

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-8927507V1

Reimbursement of Expenses as Special Counsel to the Debtors for the Period of June 1, 2012 through August 31, 2012 (the "Application") pursuant to 11 U.S.C. §§ 327, 331 and 503, Federal Rule of Bankruptcy Procedure 2016, Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (D.I. 225) (the "Administrative Order"), the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Application (the "Fee Examiner Order") and the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses promulgated by the Executive Office of the United States Trustees pursuant to 28 U.S.C. § 586(a)(3)(A). By this Application, SNR Denton seeks interim approval and payment of compensation for legal services performed and expenses incurred during the period commencing June 1, 2012 through August 31, 2012 (the "Fourth Interim Fee Period"). In support hereof, SNR Denton respectfully represents the following:

## I.   FACTUAL BACKGROUND

1. On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Court").

2. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

3. On December 18, 2008, the Office of the United States Trustee for the District of Delaware (the "UST") appointed the Official Committee of Unsecured Creditors.

2

46429/0001-8927507V1

4. On December 26, 2008, the Debtors filed the Motion for an Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code [D.I. 148] (the "OCP Motion"). In the OCP Motion, the Debtors sought approval of this Court to employ and retain certain ordinary course professionals to provide services to the Debtors as necessary for the day-to-day operations of the Debtors' businesses on terms substantially similar to those in effect prior to the Petition Date. Exhibit A to the OCP Motion contained a list of such ordinary course professionals sought to be retained by the Debtors, including SNR. On January 15, 2009, this Court granted the OCP Order approving procedures for the employment, retention, and compensation of the ordinary course professionals. [D.I. 227.]

5. On November 23, 2011, the Debtors filed an application for an order authorizing the employment and retention of SNR Denton as special counsel for certain First Amendment, publishing, outsourcing and other litigation and transactional matters pursuant to §§ 327(e) and 1107 of the Bankruptcy Code, *nunc pro tunc* to November 1, 2011 [D.I. 10295.] (the "Special Counsel Application"). The Special Counsel Application was filed for the limited purpose of converting SNR Denton's retention by the Debtors under this Court's OCP Order into a retention pursuant to Sections 327(e) and 1103 of the Bankruptcy Code, given that SNR Denton had exceeded the applicable monthly cap on its services under the OCP Order for multiple consecutive months, and that the Debtors expected that SNR Denton would continue to exceed that monthly cap on a regular basis in the future.

6. On December 12, 2011, this Court entered an order approving the Special Counsel Application and authorizing the Debtors to employ SNR Denton as special counsel to

3

the Debtors for certain litigation and transactional matters in these cases *nunc pro tunc* to November 1, 2011 [D.I. 10422] (the "Retention Order").

## II.   PROCEDURAL BACKGROUND FOR THE APPLICATION

7.   The Administrative Order and the Fee Examiner Order (together, the "Fee Orders"), provide that all professionals retained in these cases pursuant to Sections 327, 328 or 1103 of the Bankruptcy Code (the "Case Professionals") must file with the Court and provide to the Fee Examiner, monthly applications for interim allowance of compensation for services rendered and reimbursement of expenses incurred, together with the time entries and itemized expenses (a "Monthly Fee Application"). The notice parties (the "Notice Parties") specified the Fee Orders have twenty days after service of a Monthly Fee Application to object to such Monthly Fee Application (the "Objection Deadline"). Upon expiration of the Objection Deadline, the Case Professional must certify in writing to the Debtors that no objection or partial objection has been filed with the Court related to that professional's Monthly Fee Application, whichever is applicable, whereupon the Debtors are authorized to pay such professional an amount equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application or (ii) 80% of the fees and 100% of the expenses subject to an objection.

8.   Pursuant to the procedures set forth in the Fee Orders, SNR Denton previously prepared, filed with the Court, and served upon the Notice Parties and the Fee Examiner Monthly Fee Applications for the months of June 2012, July 2012 and August 2012. Accordingly, SNR Denton has submitted all of its Monthly Fee Applications as Special Counsel for the Debtors' chapter 11 cases for this Fourth Interim Fee Period.

4

46429/0001-8927507V1

9. In addition to the Monthly Fee Applications, all Case Professionals must file with the Court and serve on the Notice Parties interim applications for allowance and compensation and reimbursement of expenses for the amounts sought in the Monthly Fee Applications filed during such period (a "Quarterly Fee Application Request"). The Quarterly Fee Application Requests must include a summary of the Monthly Fee Applications that are subject to the request and any other information requested by the Court or required by the Local Rules. This Application represents the Fourth Quarterly Fee Application Request that SNR Denton has filed with the Court in connection with these chapter 11 cases. There is no agreement between SNR Denton and any other party for the sharing of compensation to be received for the services rendered by SNR Denton to the Debtors. All professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of the Debtors.

### III.   SERVICES RENDERED

10. SNR Denton served as special counsel to the Debtors with respect to various First Amendment, publishing, outsourcing and other litigation and transactional matters (collectively, the "Tribune Matters"). The Tribune Matters on which SNR Denton currently represents the Debtors include, for example, the representation of one or more of the Debtors in connection with subpoenas issued for a reporter's notes, the representation of one or more of the Debtors in connection with defamation lawsuits, and providing one or more of the Debtors with legal advice on editorial and publication issues.

11. A breakdown of the total hours expended by each professional on all matters and a breakdown of amounts sought by each matter category covered herein are included as part of Exhibit A to this Application, as required by Local Rule 2016-2. A detailed description of the services provided to the Debtors are incorporated herein by reference to the Monthly Fee

5

Applications for June 2012, July 2012 and August 2012 that have been filed with the Court. The following is a summary of the activities performed by SNR Denton's professionals and paralegals during the Fourth Interim Fee Period (which covers June 2012, July 2012 and August 2012), organized by project category.

    A.    **Oak Park Distribution Issues (09721775-0005/ Invoice Nos. 1396106 and 1402993 ).** During the Fourth Interim Fee Period, SNR Denton defended Tribune's distribution rights with respect to alleged violations of the Village of Oak Park's ordinances.

    B.    **Eddie Johnson (09721775-0018/ Invoice Nos. 1396108 and 1413905).** During the Fourth Interim Fee Period, SNR Denton reviewed legal issues in preparation for a summary judgment motion on public figure issues in the case.

    C.    **Roberto Rivera (09721775-0007/ Invoice Nos. 1396111, 1403017 and 1413903).** During the Fourth Interim Fee Period, SNR Denton defended a Tribune reporter in a defamation lawsuit brought by a public official, including by drafting and filing a summary judgment motion, drafting an affidavit, appearing in court on status and motions, preparing for and taking the plaintiff's deposition, and attending case management conferences.

    D.    **University of Illinois - FOIA Matter (09721775-0011/ Invoice No. 1396113).** During the Fourth Interim Fee Period, SNR Denton represented the Debtors following the Seventh Circuit's dismissal of the Chicago Tribune Company's FOIA case against the University of Illinois. SNR Denton conferred with the Debtors to develop options to refile the case in Illinois state court.

    E.    **Michael Tillman (09721775-0074/ Invoice No. 1396120).** During the Fourth Interim Fee Period, SNR Denton defended Tribune after it was served with a third party subpoena for production of documents. SNR Denton drafted correspondence and negotiated with counsel that issued the subpoena to have the subpoena be voluntarily withdrawn due to privilege assertions.

    F.    **Lee Wongjung Clara Subpoena (09803290-0005/ Invoice Nos. 1396123 and 1402996).** During the Fourth Interim Fee Period, SNR Denton moved to quash a trial subpoena to a reporter for Chicago Magazine, who was subpoenaed to testify concerning an article he authored in 2006.

46429/0001-8927507V1

G.    **Chicago Tribune Editorial - General (09721775-1003/ Invoice No. 1396118).** During the Fourth Interim Fee Period, SNR Denton provided legal advice and vetted review to the Debtors with respect to their publications.

H.    **Chicago Magazine Editorial (09803290-0004/ Invoice No. 1396119).** During the Fourth Interim Fee Period, SNR Denton provided legal advice and vetted review to the Debtors with respect to its publications.

I.    **Cheryl Naedler (09721775-0009/ Invoice Nos. 1396107, 1402992, and 1413904).** During the Fourth Interim Fee Period, SNR Denton reviewed and analyzed plaintiffs' responses to the Debtors' motions to dismiss, argued Debtors' motion to dismiss and analyzed various settlement and litigation outcomes.

J.    **Christopher Buchanan (20010074-0001/ Invoice Nos. 1396109, 1402998, and 1413911).** During the Fourth Interim Fee Period, SNR Denton defended a defamation claim brought by a plaintiff, prepared for a pretrial conference, served and responded to written discovery, drafted a summary judgment motion and appeared in court on behalf of the client.

K.    **SRI Systems Research Citation (09721775-0072/ Invoice No. 1396124).** During the Fourth Interim Fee Period, SNR Denton attended a court hearing on behalf of the Chicago Tribune regarding a citation to discover assets that was served on the Chicago Tribune.

L.    **Quintin Sharp - Subpoena to Annie Sweeney & William Lee (09721775-0076/ Invoice Nos. 1402994 and 1413906).** During the Fourth Interim Fee Period, SNR Denton defended two reporters on first amendment grounds who were subpoenaed to testify concerning a published article, including preparation and attendance at a court hearing.

M.    **Drew Peterson (09721775-0077/ Invoice No. 1402995).** During the Fourth Interim Fee Period, SNR Denton moved for access and a permanent assigned seat for Chicago Tribune at the trial of Drew Peterson.

N.    **Bruce Smith (09721775-0005/ Invoice No. 1413902).** During the Fourth Interim Fee Period, SNR Denton defended the Debtors in a defamation action, including by preparing a motion to dismiss on statute of limitation grounds.

O.    **Ordinance Violation re Advertising ((09721778-0078/ Invoice No. 1413907).** During the Fourth Interim Fee Period, SNR Denton defended Tribune in a citation for distribution of materials, including analysis of purported ordinance violation.

46429/0001-8927507V1

## IV. REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES

12.     SNR Denton has incurred expenses of $1,296.07 in connection with its services rendered as special counsel to the Debtors for the Fourth Interim Fee Period. These expenses represent actual out-of-pocket costs for items incurred exclusively for the direct benefit of the Debtors, including, *inter alia*, online computer research charges, ground transportation charges, messenger service charges, charges incurred in connection with a video deposition, outside duplicating charges, document reproduction charges, and court reporter charges. SNR Denton's rate for duplication is $0.10 per page.

13.     Because of the nature of the Debtors' businesses and the location of certain key constituents in these cases, travel may have been required for certain matters. Such travel expenses, such as mileage, parking expenses and tolls, are typically borne by the attorney, then reimbursed by SNR Denton and charged to the appropriate client and matter. As a result, from time to time, these expenses may not appear on invoices in the months in which they were incurred.

14.     In addition, certain expenses were charged to SNR Denton by outside vendors in connection with SNR Denton's services rendered on behalf of the Debtors. These expenses were sometimes not included on the invoices in the month in which they were incurred, due to SNR Denton's late receipt of the invoices for these expenses from the outside vendors.

15.     SNR submits that all such expenses are necessary and actual expenses for the performance of its services in these cases. A breakdown of the total expenses are included as Exhibit B to the Application.

16. To the extent that time or disbursement charges for services rendered or disbursements incurred related to the Fourth Interim Fee Period, but were not processed prior to the preparation of this Application, SNR Denton reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

## V.    REVIEW OF APPLICABLE LOCAL RULE

The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with the requirements of Local Rule 2016-2.

## VI.    NOTICE

17. Notice of this Application is being served upon the Notice Parties specified in the Fee Orders. In accordance with the terms of the Fee Orders, SNR Denton respectfully submits that no further notice is required.

## VII. NO PRIOR REQUEST

18. No previous application with respect to the relief requested herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, SNR Denton respectfully requests that the Court enter an order: (i) granting the Application and authorizing the allowance of compensation in the amount of $121,972.00 for professional services rendered, and reimbursement of actual and necessary expenses in the amount of $1,296.07; and (ii) granting such other and further relief as this Court deems just and proper.

Dated: October 15, 2012

Respectfully submitted,

*[signature]*
Stefanie L. Wowchuk
SNR DENTON US LLP
233 S. Wacker Drive
Suite 7800
Chicago, IL 60606
Telephone: 312-876-2569
Facsimile: 312-876-7934