## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Ref. Docket No. _____ |

## ORDER AUTHORIZING THE DEBTORS TO (A) ENTER INTO COMMITMENT LETTER, LENDER FEE LETTERS AND AGENT FEE LETTER IN CONNECTION WITH EXIT FACILITY, (B) ENTER INTO ENGAGEMENT LETTER, FACILITY FEE LETTER AND AGENT FEE LETTER IN CONNECTION WITH REPLACEMENT FACILITY FOR NEW SENIOR SECURED TERM LOAN, (C) PAY ASSOCIATED FEES AND EXPENSES AND (D) FURNISH RELATED INDEMNITIES

Upon the Motion[2] of the debtors and debtors in possession in the above-captioned cases (each a "Debtor" and collectively, the "Debtors"), requesting entry of an order pursuant to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

sections 363(b) and 503(b)(1) of the Bankruptcy Code, Bankruptcy Rules 2002 and 6004(h) and Local Rule 2002-1, authorizing the Debtors to enter into the ABL Commitment Letter, ABL Lender Fee Letters, ABL Agent Fee Letter, Term Loan Engagement Letter, Term Loan Facility Fee Letter and Term Loan Agent Fee Letter and to meet all obligations thereunder, including, but not limited to, paying certain expenses and furnishing certain indemnities in connection therewith; and it appearing that the Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, and creditors, and that the Debtors' obligations under the Letters are actual necessary costs and expenses of preserving the estates; and after due deliberation and good and sufficient cause appearing therefor; it is hereby

ORDERED, that the relief requested in the Motion is granted; and it is further

ORDERED, that the Debtors are authorized, but not required, to enter into the ABL Commitment Letter, ABL Lender Fee Letters, ABL Agent Fee Letter, Term Loan Engagement Letter, Term Loan Facility Fee Letter and Term Loan Agent Fee Letter and to perform all acts and to make, execute and deliver all instruments and documents in connection therewith that may be reasonably required or necessary for the performance of their obligations under such Letters; and it is further

ORDERED, that the Debtors are authorized, but not required, to incur and pay the expenses and any other amounts due as set forth in, and pursuant to the terms and conditions of, the Letters, as allowed administrative expense claims under sections 503 and 507 of the Bankruptcy Code; and it is further

ORDERED, that the Debtors are authorized, but not required, to provide indemnification to the counterparties to the Letters in accordance with the terms of the Letters and make all payments that may be due in connection therewith as allowed administrative expense claims under sections 503 and 507 of the Bankruptcy Code; and it is further

ORDERED, that the Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted herein, including without limitation, to enter into any documents or further agreements contemplated in the Letters, and to perform all acts and to make, execute and deliver all instruments and documents in connection therewith that may be reasonably required or necessary for the performance of their obligations under such documents, and take steps to satisfy any condition to the effectiveness of such documents, including the adoption of authorizing resolutions, whether in their own capacity or in any capacity of direct or indirect managing member or other form of control of any subsidiary; and it is further

ORDERED, that Reorganized Tribune is authorized and empowered to take any of the foregoing actions on behalf of the Reorganized Debtors to implement the relief granted herein and to facilitate the Reorganized Debtors' entry into the Proposed Facilities, provided such actions are not inconsistent with this Order, the Plan and the Confirmation Order; and it is further

ORDERED, that nothing in this Order shall prohibit the Debtors from seeking authorization to increase the amounts authorized to be paid pursuant to the Letters; and it is further

ORDERED, that notwithstanding the possible application of Bankruptcy Rule 6004(h) or otherwise, this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that this Order shall be binding on all successors and assigns; and it is further

ORDERED, that this Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to the Motion or the implementation of this Order.

Dated: Wilmington, Delaware
November ___, 2012

_____
Honorable Kevin J. Carey
United States Bankruptcy Judge