## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, et al.,[1]

Debtors.

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

## FEE EXAMINER'S FINAL REPORT REGARDING
## THE TWELFTH INTERIM FEE APPLICATION OF
## PRICEWATERHOUSECOOPERS LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order*

*Appointing Fee Examiner and Establishing Related Procedures for Compensation and*

*Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket

No. 546] (the "**Fee Examiner Order**") in connection with the *Twelfth Interim Fee Application*

*of PricewaterhouseCoopers LLP* [Docket No. 10599] (the "**Fee Application**").    The Fee

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).    The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Application seeks approval of fees that total $740,011.00 ($701,500.00 in fixed fee services and $38,511.00 in hourly services) and reimbursement of expenses that total $22,883.95 for the period from September 1, 2011 through November 30, 2011. PricewaterhouseCoopers LLP ("**PwC**") serves as compensation and tax advisors and independent auditors to the Debtors and Debtors-in-Possession, as well as a provider of advisory services in connection with the application of fresh start accounting services and certain consulting services (i.e. "Records Management Services" and "BLM Services").

## Background

1.    On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Under this Court's *Order Directing Joint Administration Chapter 11 Cases* dated December 10, 2009 [Docket No. 43], these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

2.    On December 26, 2008, the Debtors filed the *Application for an Order Authorizing Debtors to Retain and Employ PricewaterhouseCoopers LLP as Compensation and Tax Advisors and Independent Auditors to the Debtors Pursuant to 11 U.S.C. Sections 327(a) and 1107, Nunc Pro Tunc to the Petition Date* [Docket No. 143] (the "**Retention Application**"). On March 3, 2009, this Court approved the retention of PwC as compensation and tax advisors and independent auditors to the Debtors by entering the *Order Authorizing Debtors to Retain and Employ PricewaterhouseCoopers LLP as Compensation and Tax Advisors and Independent Auditors to the Debtors Nunc Pro Tunc to the Petition Date* [Docket No. 470] (the "**Retention Order**").

3.      On April 30, 2010, the Debtors filed the *Supplemental Application for an Order Modifying the Scope of the Retention of PricewaterhouseCoopers LLP to Include Certain Advisory Services in Connection with the Application of Fresh Start Accounting Services Pursuant to 11 U.S.C. §§ 327(a) and 1107 Nunc Pro Tunc to February 8, 2010* [Docket No. 4216] (the "**Supplemental Application**").   On May 14, 2010, this Court modified the retention of PwC by entering the *Order Modifying the Scope of the Retention of PricewaterhouseCoopers LLP to Include Certain Advisory Services in Connection with the Application of Fresh Start Accounting Pursuant to 11 U.S.C. §§ 327(a) and 1107, Nunc Pro Tunc to February 8, 2010* [Docket No. 4414] (the "**Supplemental Retention Order**").

4.      On January 11, 2011, PwC filed the Certification of William T. England in Support of Interim Fee Applications of PricewaterhouseCoopers LLP for Compensation for Services Rendered and Reimbursement of Expenses as Compensation and Tax Advisors and Independent Auditors to the Debtors and Debtors in Possession [Docket No. 7469] (the "**Fee Application Certification**") in response to the Court's request for clarification regarding PwC's fixed fee billing arrangements.

5.      On November 4, 2011, the Debtors filed the *Second Supplemental Application for an Order Modifying the Scope of the Retention of PricewaterhouseCoopers LLP to Include Certain Advisory Services in Connection with Records Management, Payroll Processing, and Operations Management Pursuant to 11 U.S.C. §§ 327(a) and 1107 Nunc Pro Tunc to November 1, 2011* [Docket No. 10158] (the "**Second Supplemental Application**").   On November 18, 2011, this Court modified the retention of PwC by entering the *Order Modifying the Scope of the Retention of PricewaterhouseCoopers LLP to Include Certain Advisory Services in Connection with Records Management, Payroll Processing, and Operations Management*

*Pursuant to 11 U.S.C. §§ 327(a) and 1107 Nunc Pro Tunc to November 1, 2011* [Docket No. 10259] (the **"Second Supplemental Retention Order"**).  The order modified the scope of the retention of PwC to include certain consulting services related to (1) the review and revision of Tribune's records and information management policy (the "Records Management Services"); and (2) the review and revision of Blue Lynx Media, LLC's payroll processing and operations management (the "BLM Services").

6.     PwC submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the **"Interim Compensation Order"**).

**Applicable Standards**

7.     In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

8.     The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the **"Bankruptcy Code"**), the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the **"Local Rules"**), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the **"UST Guidelines"**).  In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the

United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

9.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

10.      A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

11.     The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Supplemental Application, the Supplemental Retention Order, the Interim Compensation Order, and all related filings and provided PwC with a Preliminary Report for review and comment.  PwC provided a response to the Preliminary Report.   After consideration of the additional information provided by the firm, the Fee Examiner now issues this final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5.*

## DISCUSSION OF FINDINGS

### Fixed Fee Services

12.     The Fee Application requested a total of $701,500.00 for fixed fee services for the 2011 Consolidated Audit, 2010 Employee Stock Ownership Plan, 2010 Forms 5500 and Related Filings, and Shared Service Center/Payroll Diagnostic and provided a summary displaying the professionals, their positions, and the associated hours, totaling 2,216.10.  Concerning fixed-fee engagements, the Retention Order requires only that PwC submit time records in a summary format.  As the firm met this minimal requirement, the Fee Examiner makes no findings regarding the propriety of the fixed fee services.  However, we note the Court expressed concern over PwC's flat fee arrangement as addressed in the Fee Examiner's report for the firm's second fee application.  Should the Court request additional detail and/or information from PwC, upon instruction, the Fee Examiner will review such material and supplement this report.

## Hourly Services

## Technical Requirements

13.    **Reconciliation of Fees and Expenses.**  The Fee Examiner compared the total amount of hourly fees (\$38,511.00) and expenses (\$22,883.95) requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**").  The Fee Examiner identified no discrepancies between the Fees Requested and the Fees Computed, nor any discrepancies between the Expenses Requested and the Expenses Computed.

14.    **Block Billing.**[2]  The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii).*  The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[3]  With minimal exceptions, PwC did not block bill time entries.

15.    **Time Increments.**  The PwC Retention Order indicates that "for hourly rate engagements, PwC may submit time records in ½-hour increments" effectively waiving the

---

[2] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

[3] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g., In re Brous,* 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g., In re Baker,* 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

Local Rules and UST Guidelines requiring professionals to bill in tenths of an hour. *Retention Order* at 4.

## Review of Hourly Fees

16.    **Firm Staffing.** The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*. The Fee Application provided the names, positions, and hourly rates of the seven PwC timekeepers who billed to this matter, consisting of one partner, one senior managing director, two directors, two managers, and one associate. A summary of hours and fees billed by each timekeeper is displayed in **Exhibit A**.[4]

The firm invoiced a total of 110.50 hours with associated fees of $38,511.00 for the hourly services. The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 2.00 | 2% | $ 1,100.00 | 3% |
| Senior Managing Director | 3.50 | 3% | 1,575.00 | 4% |
| Director | 21.90 | 20% | 8,845.00 | 23% |
| Manager | 66.60 | 60% | 23,773.50 | 62% |
| Associate | 16.50 | 15% | 3,217.50 | 8% |
| **TOTAL** | 110.50 | 100% | $38,511.00 | 100% |

---

[4] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

The blended hourly rate for the PricewaterhouseCoopers professionals is $348.52.

17.   **Hourly Rate Increases.**   PricewaterhouseCoopers did not increase the hourly rate of timekeepers during this interim period.

18.   **Timekeepers' Roles.**   A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*. With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution, including a comparison to others' efforts.   The activities of those timekeepers whose participation appears to be limited and sporadic become questionable if the value of their involvement and necessity of their contribution is unclear.   Most PwC timekeepers appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

19.   **Meetings, Conferences, Hearings, and Other Events.**   The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*. While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more PwC timekeepers attended the same meeting, conference, hearing, or other event.   Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each

participant or the need for multiple attendees. The entries, totaling 17.90 hours with $5,255.00 in associated fees, were displayed in **Exhibit B** to the Preliminary Report. In each instance where multiple timekeepers attended a meeting, conference, hearing or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the timekeeper leading rather than observing a conference). The potentially duplicative and unnecessary timekeepers' entries totaled 11.50 hours with $2,970.00 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested that PwC provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event. In response, PwC provided the required information establishing the purpose and necessity of the multiple attendees at the meeting in question. As such, no recommendation for a fee reduction will be made. Exhibit B has been omitted from this Report.

20.    **Intraoffice Conferences.**    Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified billing activities by PwC timekeepers describing one intraoffice conference, totaling 1.50 hours with $420.00 in associated fees, which was displayed in **Exhibit C** to the Preliminary Report. Here, three timekeepers invoiced fees associated with the same intraoffice conference. Based on the isolated intraoffice conference, the Fee Examiner makes no recommendation for a fee reduction. Exhibit C has been omitted from this Final Report.

21.    **Complete and Detailed Task Descriptions.**    Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further

provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*. The Fee Examiner did not identify any vague communications and/or other vague tasks.

22.    **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The Fee Examiner did not identify any administrative activities.

23.    **Clerical Activities.**  Typically, clerical activities are those tasks that do not require legal acumen and may effectively be performed by administrative assistants, secretaries, or support personnel, and like administrative activities are generally reflected in the hourly rates charged by a firm.    In the 3rd Circuit, however, clerical-type activities performed by professionals and/or paraprofessionals are subject to a reduced billing rate. The Fee Examiner did not identify any clerical-type activities.

24.    **Travel.**    The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. The Fee Examiner did not identify any billing entries describing travel by firm timekeepers.

25.     **PwC Retention/Compensation.**  The firm invoiced 33.60 hours with associated fees of $14,235.00 to prepare the firm's documents regarding retention and/or compensation. Although reduced in this Application, as stated in prior reports, the Fee Examiner has been concerned about fees incurred to prepare task descriptions and firm invoices, and will continue to monitor the hours and fees devoted to such efforts and may make a recommendation to the Court when reporting on PwC's final fee application.  The fee entries for the retention/compensation activities are displayed in **Exhibit D** to the Final Report.

**Review of Expenses**

26.     **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the charge, if available." *Local Rule 2016-2(e)(i-ii).*   The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii).*   PwC provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

27.     **Travel – Hotel Expenses.**  The Fee Examiner has recommended and the Court has followed a domestic lodging ceiling of $350.00 per night.  One lodging charge appeared to

exceed the ceiling amount. The questioned entry was set forth in **Exhibit E** to the Preliminary Report. PwC agreed to waive the questioned charge, which resulted in an expense reduction of $6.59. Exhibit E is omitted from the Final Report.

28.     **Travel Meals.** The Fee Examiner has recommended and the Court has followed certain per person ceilings for meals incurred during travel (i.e. breakfast - $15.00, lunch - $25.00, and dinner - $50.00). The Fee Examiner identified one travel meal which appeared to exceed the ceiling amount. PwC requested reimbursement of $172.10 for a dinner with three attendees, which was displayed on **Exhibit F** to the Preliminary Report. PwC agreed to waive the questioned charge, which resulted in an expense reduction of $22.10. Exhibit F has been omitted from this Final Report.

## CONCLUSION

The Fee Examiner submits this final report regarding the Fee Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $740,011.00 ($701,500.00 fixed fees plus $38,511.00 hourly fees) and reimbursement of expenses in the amount of $22,855.26 ($22,883.95 minus $28.69) for the period from September 1, 2011 through November 30, 2011. The findings are set forth in the summary on the following page.

**PRICEWATERHOUSECOOPERS LLP**

**SUMMARY OF FINDINGS**

**Twelfth Interim Fee Application (September 1, 2011 through November 30, 2011)**

**A.    Amounts Requested and Computed**

| | | |
|---|---:|---:|
| Fees Requested: | | |
| Fixed Fee Services | $701,500.00 | |
| Hourly Services | 38,511.00 | |
| Expenses Requested | 22,883.95 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $762,894.95 |
| | | |
| Fixed Fee Services | $701,500.00 | |
| Hourly Fees Computed | 38,511.00 | |
| Expenses Computed | 22,883.95 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $762,894.95 |

**B.    Recommended Fee Allowance and Expense Reimbursement**

| | | | |
|---|---:|---:|---:|
| Fees Requested (Fixed Fee Services) | $701,500.00 | | |
| Fees Requested (Hourly Services) | 38,511.00 | | |
| | | | |
| RECOMMENDED FEE ALLOWANCE | | | $740,011.00 |
| | | | |
| Expenses Requested | $22,883.95 | | |
| *Agreed Reduction for Travel-Hotel Expenses* | | *($ 6.59)* | |
| *Agreed Reduction for Travel Meals* | | *(22.10)* | |
| Subtotal | | *($28.69)* | |
| | | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 22,855.26 |
| | | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $762,866.26 |

Respectfully submitted,

**STUART MAUE**

By: _____

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri 63044
Telephone: (314) 291-3030
Facsimile: (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 19th day of October, 2012.

David Klauder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
William E. Chipman, Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

William T. England, Esq.
PricewaterhouseCoopers LLP
One North Wacker
Chicago, IL 60606

Ms. Andrea Clark Smith
PricewaterhouseCoopers LLP
225 South Sixth Street, Suite 1400
Minneapolis, MN 55402

Ms. Shonda M. Finseth
PricewaterhouseCoopers LLP
225 South Sixth Street, Suite 1400
Minneapolis, MN 55402

John F. Theil, Esq.

-16-

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

**PricewaterhouseCoopers LLP**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | | FEES COMPUTED |
|----------|------|----------|--------------|--------------|----------------|---|---------------|
| THAW | Hawkins, Theodore | PARTNER | $550.00 | $550.00 | 2.00 | | $1,100.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $550.00 | | 2.00 | | $1,100.00 |
| | | | | | % of Total: 1.81% | % of Total: | 2.86% |
| EMAT | Matrejek, Eric | SR. MANAG DIREC | $450.00 | $450.00 | 3.50 | | $1,575.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $450.00 | | 3.50 | | $1,575.00 |
| | | | | | % of Total: 3.17% | % of Total: | 4.09% |
| JDSI | Sinor, Julie D. | DIRECTOR | $350.00 | $350.00 | 16.00 | | $5,600.00 |
| ACSM | Smith, Andrea Clark | DIRECTOR | $550.00 | $550.00 | 5.90 | | $3,245.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $403.88 | | 21.90 | | $8,845.00 |
| | | | | | % of Total: 19.82% | % of Total: | 22.97% |
| SMFI | Finseth, Shonda M. | MANAGER | $400.00 | $400.00 | 39.30 | | $15,720.00 |
| RMAY | Mayer, Rudolph | MANAGER | $295.00 | $295.00 | 27.30 | | $8,053.50 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $356.96 | | 66.60 | | $23,773.50 |
| | | | | | % of Total: 60.27% | % of Total: | 61.73% |
| AEAN | Anderson, Anthony E. | ASSOCIATE | $195.00 | $195.00 | 16.50 | | $3,217.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $195.00 | | 16.50 | | $3,217.50 |
| | | | | | % of Total: 14.93% | % of Total: | 8.35% |
| | Total No. of Billers: 7 | Blended Rate for Report: | $348.52 | | 110.50 | | $38,511.00 |

EXHIBIT D

PWC RETENTION/COMPENSATION

PricewaterhouseCoopers LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Finseth, S | 28.30 | 11,320.00 |
| Smith, A | 5.30 | 2,915.00 |
| | 33.60 | $14,235.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Monthly, Interim and Final Fee Applications | 33.60 | 14,235.00 |
| | 33.60 | $14,235.00 |

EXHIBIT D

PWC RETENTION/COMPENSATION

PricewaterhouseCoopers LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | DESCRIPTION |
|---|---|---|---|---|---|
| 09/21/11 Wed | Finseth, S 201111-40/62 | 1.20 | 1.20 | 480.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  0310H005: PREPARE THE AUGUST 2011 MONTHLY FEE APPLICATION NARRATIVE. |
| 09/21/11 Wed | Finseth, S 201111-40/63 | 1.20 | 1.20 | 480.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  0310H004: PREPARE THE AUGUST 2011 MONTHLY FEE APPLICATION EXHIBITS. |
| 09/21/11 Wed | Finseth, S 201111-40/64 | 3.50 | 3.50 | 1,400.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  0310H003: PREPARE THE AUGUST 2011 MONTHLY FEE APPLICATION. |
| 09/26/11 Mon | Finseth, S 201111-40/61 | 0.90 | 0.90 | 360.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  0310H006: FINALIZE THE AUGUST 2011 MONTHLY FEE APPLICATION BASED UPON FEEDBACK RECEIVED FROM J. SPAHN (PWC). |
| 10/05/11 Wed | Finseth, S 201111-40/24 | 1.90 | 1.90 | 760.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1111H0037: PREPARE THE JUNE THROUGH AUGUST 2011 INTERIM FEE APPLICATION. |
| 10/07/11 Fri | Smith, A 201111-40/23 | 0.60 | 0.60 | 330.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1111H0038: REVIEW THE JUNE THROUGH AUGUST 2011 INTERIM FEE APPLICATION. |
| 10/10/11 Mon | Finseth, S 201111-40/21 | 0.10 | 0.10 | 40.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1111H0040: DISTRIBUTE THE INTERIM FEE APPLICATION TO B. ENGLAND (PWC) FOR SIGNATURE. |
| 10/10/11 Mon | Finseth, S 201111-40/22 | 0.40 | 0.40 | 160.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1111H0039: REVISE THE INTERIM FEE APPLICATION BASED UPON FEEDBACK RECEIVED FROM A. CLARK SMITH (PWC). |
| 10/19/11 Wed | Finseth, S 201111-40/20 | 2.40 | 2.40 | 960.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1111H0041: PREPARE THE SEPTEMBER 2011 MONTHLY FEE APPLICATION FOR COURT SUBMISSION. |
| 10/25/11 Tue | Finseth, S 201111-40/19 | 0.60 | 0.60 | 240.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1111H0042: REVIEW THE FEE AUDITOR REPORT FOR THE SIXTH INTERIM PERIOD. |
| 10/26/11 Wed | Finseth, S 201111-40/17 | 3.60 | 3.60 | 1,440.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1111H0044: PREPARE THE SEPTEMBER 2011 MONTHLY FEE APPLICATION NARRATIVE FOR COURT SUBMISSION. |
| 10/26/11 Wed | Finseth, S 201111-40/18 | 1.50 | 1.50 | 600.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1111H0043: PREPARE THE SEPTEMBER 2011 EXHIBITS FOR COURT SUBMISSION. |
| 10/27/11 Thu | Finseth, S 201111-40/15 | 1.30 | 1.30 | 520.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1111H0046: FINALIZE THE SEPTEMBER 2011 MONTHLY FEE APPLICATION AND SEND TO B. ENGLAND (PWC) FOR SIGNATURE. |

EXHIBIT D

PWC RETENTION/COMPENSATION

PricewaterhouseCoopers LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | DESCRIPTION |
|------|-----------------|-------------|-------|------|-------------|
| 10/27/11 Thu | Smith, A 201111-40/16 | 0.30 | 0.30 | 165.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1111H0045: REVIEW THE SEPTEMBER 2011 MONTHLY FEE APPLICATION FOR COMPLIANCE WITH THE COMPENSATION GUIDELINES. |
| 10/31/11 Mon | Finseth, S 201111-40/14 | 2.10 | 2.10 | 840.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1111H0047: DRAFT RESPONSE TO THE FEE AUDITOR REGARDING THE 6TH INTERIM FEE APPLICATION. |
| 11/01/11 Tue | Finseth, S 201111-40/13 | 0.30 | 0.30 | 120.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1111H0048: FINALIZE THE SEPTEMBER 2011 MONTHLY FEE APPLICATION AND DISTRIBUTE TO COUNSEL FOR FILING. |
| 11/02/11 Wed | Finseth, S 201111-40/9 | 1.40 | 1.40 | 560.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1111H0052: FINALIZE THE 6TH INTERTERM FEE AUDITOR RESPONSE AND DISTRIBUTE TO A. CLARK SMITH (PWC). |
| 11/02/11 Wed | Finseth, S 201111-40/10 | 0.90 | 0.90 | 360.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1111H0051: REVIEW RESPONSE PREPARED BY J. SPAHN (PWC) REGARDING THE 6TH INTERIM FEE AUDITOR REPORT. |
| 11/02/11 Wed | Smith, A 201111-40/11 | 1.90 | 1.90 | 1,045.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1111H0050: REVIEW REVISIONS TO THE PRELIMINARY RESPONSE TO THE FEE AUDITOR RELATED TO THE 6TH INTERIM INITIAL REPORT. |
| 11/02/11 Wed | Smith, A 201111-40/12 | 1.60 | 1.60 | 880.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1111H0049: REVIEW THE RESPONSES PREPARED FOR THE FEE AUDITOR'S REPORT FOR THE 6TH INTERIM PERIOD. |
| 11/03/11 Thu | Smith, A 201111-40/8 | 0.40 | 0.40 | 220.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1111H0053: UPDATE THE 6TH INTERIM INITIAL REPORT BASED UPON FEEDBACK FROM J. SPAHN (PWC). |
| 11/08/11 Tue | Finseth, S 201111-40/6 | 0.60 | 0.60 | 240.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1111H0055: PREPARE THE 10TH AND 11TH FEE COMMITTEE ELECTRONIC FILE AND SEND TO THE J. THEIL (STUART MAUE). |
| 11/08/11 Tue | Finseth, S 201111-40/7 | 2.10 | 2.10 | 840.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1111H0054: PREPARE THE OCTOBER 2011 TIME CONSOLIDATOR AND SEND TO M. KIRBY (PWC) FOR REVIEW. |
| 11/10/11 Thu | Finseth, S 201111-40/5 | 0.10 | 0.10 | 40.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1111H0056: REVIEW AND RESPOND TO EMAIL FROM P. COOK (PWC) REGARDING COMPENSATION GUIDELINES. |
| 11/11/11 Fri | Finseth, S 201111-40/2 | 0.30 | 0.30 | 120.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1111H0059: REVIEW EMAIL FROM J. THEIL (STUART MAUE) REGARDING THE 7TH AND 8TH INTERIM FEE APPLICATIONS AND SEND EMAIL TO J. SPAHN REGARDING THE SAME. |
| 11/11/11 Fri | Finseth, S 201111-40/3 | 0.90 | 0.90 | 360.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1111H0058: TELECONFERENCE WITH J. THEIL (STUART MAUE) REGARDING THE 7TH AND 8TH INTERIM FEE APPLICATIONS. |

EXHIBIT D

PWC RETENTION/COMPENSATION

PricewaterhouseCoopers LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | DESCRIPTION |
|------|-----------------|-------------|-------|------|-------------|
| 11/11/11 Fri | Smith, A 201111-40/4 | 0.50 | 0.50 | 275.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1111H0057: DISCUSSION WITH J. THEIL ( STUART MAUE) REGARDING THE 7TH AND 8TH INTERIM FEE APPLICATIONS (JOINED MEETING LATE). |
| 11/14/11 Mon | Finseth, S 201111-40/1 | 1.00 | 1.00 | 400.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1111H0060: MEETING WITH J. SPAHN (PWC) TO DISCUSS THE FEE AUDITOR'S REPORT TO THE 7TH AND 8TH INTERIM FEE APPLICATION. |
| Total | | | 33.60 | $14,235.00 | |
| Number of Entries: | 28 | | | | |

EXHIBIT D

PWC RETENTION/COMPENSATION

PricewaterhouseCoopers LLP

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Finseth, S | 28.30 | 11,320.00 |
| Smith, A | 5.30 | 2,915.00 |
| | 33.60 | $14,235.00 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Monthly, Interim and Final Fee Applications | 33.60 | 14,235.00 |
| | 33.60 | $14,235.00 |