## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Proposed Hearing Date: November 7, 2012 at 1:00 p.m. (ET)** |
| | **Proposed Objection Deadline: October 31, 2012 at 4:00 p.m. (ET)** |
| | **Related to Docket No. 12594** |

## MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE FILING OF FEE LETTERS UNDER SEAL

The debtors and debtors in possession in the above-captioned cases (each a "Debtor," and

collectively, the "Debtors"), by and through their undersigned counsel, hereby submit this

motion (the "Motion"), pursuant to Sections 105(a) and 107(b) of title 11 of the United States

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order (the "Proposed Order"), in

substantially the form attached hereto as Exhibit A, authorizing the Debtors to file under seal

certain Fee Letters (as defined below) related to the Debtors' exit financing under the confirmed

Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries

Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital

Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Plan").

In support of this Motion, the Debtors respectfully state as follows:

### STATUS OF THE CASE AND JURISDICTION

1.    On December 8, 2008 (the "Petition Date"), the Debtors each filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On December 10, 2008,

the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for

procedural purposes only.  An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.

2.    The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket

Nos. 43, 2333].

3.    On December 18, 2008, the Office of the United States Trustee appointed

an official committee of unsecured creditors (the "Committee").

4.    The Bankruptcy Court has jurisdiction over this matter pursuant to 28

U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is

proper in this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

predicates for the relief requested herein are Sections 105(a) and 107(b) of the Bankruptcy Code

and Bankruptcy Rule 9018.

**THE PROPOSED FINANCING AND THE FEE LETTERS**

*The Financing Motion*

      5.    Contemporaneously with the filing of this Motion, the Debtors have filed

the Debtors' Motion for Entry of an Order Authorizing the Debtors to (A) Enter Into

Commitment Letter, Lender Fee Letters and Agent Fee Letter in Connection with Exit Facility,

(B) Enter Into Engagement Letter, Facility Fee Letter and Agent Fee Letter in Connection with

Replacement Facility for New Senior Secured Term Loan, (C) Pay Associated Fees and

Expenses and (D) Furnish Related Indemnities [Docket No. 12594] (the "Financing Motion"),

pursuant to which they seek to (i) enter into certain Letters[3] in connection with their proposed

Exit Facility and Term Loan Facility, (ii) pay the fees and expenses related thereto as allowed

administrative expenses, and (iii) furnish the indemnities related thereto as allowed

administrative expenses.  The Financing Motion is incorporated herein by reference.

*Post-Effective Date Financing*

      6.    As discussed at length in the Financing Motion, the Debtors seek to enter

into two post-Effective Date facilities: (i) the Exit Facility, which is a senior secured asset-based

revolving credit facility of up to $300 million and (ii) the Term Loan Facility, which is a senior

secured term loan facility in an aggregate amount of up to $1.1 billion.  The proceeds of the Exit

Facility will be used to, *inter alia*, finance ongoing working capital needs and for the general

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Financing Motion.

corporate purposes of the borrowers thereunder and their subsidiaries.  The proceeds of the Term

Loan Facility will be used to make cash distributions to creditors in accordance with the Plan.

Bank of America, N.A. ("BofA") will act as Administrative Agent under the Exit Facility, while

JPMorgan Chase Bank, N.A. ("JPMCB") will act as Administrative Agent under the Term Loan

Facility.

   7. In connection with the provision of the proposed Exit Facility and Term

Loan Facility, the Debtors have, as is customary, agreed to pay certain fees to BofA and JPMCB

for the benefit of themselves and the arranger parties under such facilities, pursuant to certain

separate, confidential, fee letters consisting of the ABL Agent Fee Letter, the ABL Lender Fee

Letters, the Term Loan Facility Fee Letter and the Term Loan Agent Fee Letter (collectively, the

"Fee Letters").

## RELIEF REQUESTED

   8. Pursuant to the ABL Commitment Letter and the Term Loan Engagement

Letter, the Debtors agreed to keep the specific terms of the Fee Letters confidential.  By this

Motion, the Debtors respectfully request entry of the Proposed Order, pursuant to Sections

105(a) and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, authorizing the Debtors

to file the Fee Letters under seal.  The Debtors will provide a copy of the Fee Letters, upon

request, to the Office of the United States Trustee and, upon the filing of this Motion, to counsel

for the Creditors' Committee on a confidential and "professionals' eyes only" basis.  The

maximum aggregate amount of fees payable by the Debtors in connection with the Exit Facility

and the Term Loan Facility, at the closing of each thereof, is also disclosed in the Financing

Motion and thereby made a matter of public record.

**BASIS FOR RELIEF**

9.       Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).  Critical to this motion, section 107(b) of the Bankruptcy Code provides that the Court may authorize the Debtors to file the Fee Letters under seal.  Specifically, section 107(b) states, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information;

11 U.S.C. § 107(b).

10.       Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal.  Bankruptcy Rule 9018 reads in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . .

Fed. R. Bankr. P. 9018

11.       Once the Court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in Section 107(b) of the Bankruptcy Court, "the court is required to protect a requesting interested party and has no discretion to deny the application.  <u>Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)</u>, 21 F.3d 24, 27 (2d Cir. 1994).  Courts have also found that such relief should be granted if the information sought to be protected is "commercial information." <u>See In</u>

re Global Crossing, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (stating that the purpose of

Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could

reasonably be expected to cause the entity commercial injury."). Courts have also stated that

commercial information need not rise to the level of a trade secret to be protected under Section

107(b) of the Bankruptcy Code. Orion, 21 F.3d at 27-28 (stating that Section 107(b)(1) creates

an exception to the general rule that court records are open to examination by the public and that

under this exception, an interested party has to show only that the information it wishes to seal is

"confidential and commercial" in nature).

> 12.     Fees paid by a borrower in connection with financing would not, typically,

be something that BofA or JPMCB, as lenders, or any other lender similarly situated, would

disclose to anyone. Given the totality of the circumstances, however, including the Debtors'

recognition of the utmost importance of the Court's review of the Fee Letters, recognition that a

certain degree of transparency and public scrutiny is a necessary part of the bankruptcy process,

including the post-Effective Date financing process, and balancing these with the need to protect

confidential and proprietary information, the Debtors propose the following procedures:

- The Debtors shall file copies of the Fee Letters with the Court under seal for in camera review.

- The Debtors shall provide copies of the Fee Letters, each marked "Highly Confidential," upon request, to the Office of the United States Trustee and, upon the filing of this Motion, to counsel to the Committee, on a confidential and "professionals' eyes only" basis, each of whom, including their respective employees and professionals shall maintain each letter and the information contained in each letter in the strictest confidence and shall not disclose the letter or any information contained in each letter to any other person or entity.

- The Debtors have disclosed in the Financing Motion the maximum aggregate fees payable by the Debtors at closing in connection with the Exit Facility and the Term Loan Facility.

13.    The Debtors believe that the foregoing procedures are appropriate under the circumstances and provide adequate disclosure of the economic terms of the exit financing, and that sufficient cause exists for the Court to grant the relief requested herein.  A broad publication of the Fee Letters would be inappropriate, would not facilitate the evaluation of the financing and would be materially harmful to the businesses of BofA and JPMCB.  It has become essential to BofA's and JPMCB's ability to provide financing of this type that the highly-sophisticated and proprietary methodology for calculating their fees remain strictly confidential.  The process of calculating such fees is at the core of their business know-how.

14.    The fees payments provided for in the Fee Letters are the product of extensive, good-faith arm's length negotiations, and the Debtors have agreed to keep the specific terms of those Fee Letters confidential.  These payments are, as one would expect, intended to compensate BofA and JPMCB on multiple fronts, including, but not limited to, the costs of due diligence, partial compensation for credit risk (supplementing the interest to be paid under the facilities), and compensation for the team of experts that have developed a proprietary way to make facilities like these available to Debtors upon emergence from bankruptcy.  The methodologies of BofA and JPMCB are unique and proprietary intellectual property, the disclosure of which would put BofA and JPMCB at a competitive disadvantage.  That proprietary information is a competitive element that other lending institutions would desire to know and which, if known, could be used to undercut their market leadership position in bankruptcy financing, for both debtors in possession and those debtors seeking exit financing.  Moreover, revelation of the information could also lead to an ability to evaluate BofA's and JPMCB's cost of funding.  Disclosure of BofA's and JPMCB's proprietary pricing methodology for structuring and arranging exit financing of the complexity of the Exit Facility and the Term

Loan Facility, including their methodology for making the facilities attractive to other lenders, would also reveal confidential market knowledge of BofA and JPMCB and would place them in an untenable business position of considering, potentially, passing on this lending need, and even exiting this marketplace, at least temporarily, as other lenders have done. Maintaining the highly-sensitive information comprising the amount, and methodology for arriving at, the various fees set forth in the Fee Letters, thus allowing BofA and JPMCB to remain competitive and interested in making these kinds of loans, is reasonable and appropriate under the circumstances of these cases.

15.    In light of the foregoing, the Debtors respectfully request that this Court permit the Fee Letters to be filed under seal pursuant to Section 107(b) of the Bankruptcy Code and Rule 9018 of the Bankruptcy Rules, as is customary in similar transactions. Indeed, the Debtors have already received similar relief in these chapter 11 cases in connection with their debtor in possession financing.[4] Moreover, similar orders have been entered by this Court and others in connection with exit and debtor in possession financing. See e.g., In re NewPage Corporation, Case No. 11-12804 (Bankr. D. Del. Sept. 8, 2011) (KG) [Docket No. 78] (authorizing the debtors to file under seal, and to provide to certain limited notice parties, fee letters in connection with debtor in possession financing); In re Abitibibowater, Inc., Case No. 09-11296 (Bankr. D. Del. Aug. 24, 2010) (KJC) [Docket No. 3014] (authorizing the debtors to file under seal, and to provide to certain limited notice parties, confidential fee schedules in connection with debtor in possession financing); In re Smurfit-Stone Container Corporation, Case No. 09-10235 (Bankr. D. Del. Feb. 16, 2010) (BLS) [Docket No. 5056] (authorizing the

---

[4] See Order Authorizing the Debtors and Barclays Bank PLC to File Under Seal Certain Fee Letters [Docket No. 62].

debtors to enter into commitment and fee letters in connection with exit financing and authorizing the filing of the fee letters under seal); In re Calpine Corp., Case No. 05-60200 (Bankr. S.D.N.Y. Jan. 29, 2007) (BRL) [Dkt. No. 3494] (authorizing the debtors to file under seal, and to provide to certain limited notice parties, a fee letter in connection with a replacement debtor in possession financing facility); In re Adelphia Commc'ns Corp., Case No. 02-41729 (Bankr. S.D.N.Y. March 24, 2004) (REG) [Dkt. No. 4260] (authorizing the debtors to file under seal a fee letter and other confidential documents in connection with exit financing and to provide such document to certain limited notice parties).

16.     The Creditors' Committee and, if requested, the U.S. Trustee, will have access to the Fee Letters and will be able to review the detailed terms thereof.  Additionally, the aggregate fees payable in connection with the Exit Facility and the Term Loan Facility, at the closing of each thereof, have been disclosed, providing sufficient information for all parties in interest to evaluate the proposed transactions  While Exit Facility Parties and the Term Loan Facility Arrangers would be prejudiced by disclosure of the commercially sensitive and proprietary information contained in the Fee Letters, the Debtors do not believe there will be any prejudice if the Court grants the requested motion to seal.

## NOTICE

17.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the administrative agents for Tribune Company's prepetition loan facilities; (iv) counsel for the administrative agent for Debtors' post-petition loan facility; (v) counsel for the financial institutions counterparty to the Letters; and (vi) all parties having requested notice pursuant to Bankruptcy Rule 2002.  In light

of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as <u>Exhibit A</u>, (a) authorizing the Debtors to file under seal the Fee Letters; and (b) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
      October 19, 2012

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kevin T. Lantry
Jessica C.K. Boelter
One South Dearborn Street
Chicago, IL 60603
Telephone:  (312) 853-0199
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

*Attorneys for the Debtors and Debtors in Possession*