## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, et al.,[1]

Debtors.

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

## FEE EXAMINER'S FINAL REPORT REGARDING THE
## TWELFTH INTERIM FEE APPLICATION OF REED SMITH LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Twelfth Interim Fee Application of Reed Smith LLP* [Docket No. 10604] (the "**Fee Application**"). The Fee Application seeks

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Tribune National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); Virginia Community Newspapers, Inc. (9512); Virginia Gazette Companies, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

approval of fees that total $92,787.50 and reimbursement of expenses that total $3,550.22 for the period from September 1, 2011 through November 30, 2011.  Reed Smith LLP ("**Reed Smith**") serves as special counsel for certain insurance matters to the Debtors and Debtors-in-Possession.

## Background

1.     On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  Under this Court's *Order Directing Joint Administration Chapter 11 Cases* dated December 10, 2009 [Docket No. 43], these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

2.     On December 26, 2008, the Debtors filed their *Application for an Order Authorizing Debtors and Debtors in Possession to Employ and Retain Reed Smith LLP as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to the Petition Date* [Docket No. 145] (the "**Retention Application**").  By order dated February 3, 2009, this Court approved the retention of Reed Smith [Docket No. 326] (the "**Retention Order**").

3.     Reed Smith submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members under 11 U.S.C. §§ 105(a) and 331* [Docket No. 225] (the "**Interim Compensation Order**").

## Applicable Standards

4.     In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense

analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.    The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**").  In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.    Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*.  In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect

to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

7.     A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.     The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to Reed Smith for review and comment. The firm submitted a written response to the Fee Examiner. After evaluation and consideration of the additional information provided by Reed Smith, the Fee Examiner submits this Final Report for the Court's consideration. This Final Report is in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of the applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and will also inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

### Discussion of Finding

9.     **Reconciliation of Fees and Expenses.**  The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**").  The Fee Examiner determined that the Fees Requested exceeded the Fees Computed by $208.00, which resulted in an apparent overcharge.  The discrepancy was the result of detail provided for one timekeeper which was less than the amount billed for that timekeeper.  The apparent discrepancy was displayed in **Exhibit A** to the Preliminary Report.  The firm did not contest the inadvertent discrepancy, which resulted in a fee reduction in the amount of $208.00.  Exhibit A has been omitted from this Final Report.

The Fee Examiner further determined that there were no discrepancy between the Expenses Requested and the Expenses Computed.   The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

10.     **Block Billing.**[2]  The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*.  The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST*

---

[2] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing.  Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry.  As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry.  This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

*Guidelines* ¶(b)(4)(v).[3]   The Delaware Bankruptcy Court has found that time entries that generally only combine work on one issue, and a conference/communication with the client or opposing counsel on the same issue, while technically blocked billing, will not be objectionable.[4] Reed Smith block billed time entries totaling 16.70 hours and $8,934.00 in associated fees, as were displayed in **Exhibit B**[5] to the Preliminary Report.   One of the block billed entries, totaling 8.70 hours and $4,872.00 in associated fees, is questioned and highlighted in bold and marked with an ampersand [&] in the exhibit.  This entry contains a vague preparation task, attendance at a hearing, and travel at the full hourly rate.  The Fee Examiner requested comment from Reed Smith.  In response, the firm split apart the lumped entry, which brought it into compliance. Exhibit B is omitted from this report.

11.   **Time Increments.**   The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*.  The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*.  Reed Smith complied with the applicable rules regarding time increments.

---

[3] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent.  *See id.* at 495 n.7 and cases cited.

[4] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

[5] This Final Report includes exhibits that detail and support the findings discussed herein.  Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit.  The tasks included in a specific category are underlined in the fee exhibits.  For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

## Review of Fees

12.    **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*.  The Fee Application provided the names, positions, and hourly rates of the 14 Reed Smith professionals and paraprofessionals who billed to this matter, consisting of 5 partners, 3 associates, 3 paralegals, 1 practice group specialist, and 2 case assistants.  A summary of hours and fees billed by each timekeeper is displayed in **Exhibit C**.

The firm billed a total of 211.70 hours with associated fees of $92,579.50.[6]  The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 88.50 | 42% | $48,042.50 | 52% |
| Associate | 87.30 | 41% | 38,911.50 | 42% |
| Paralegal | 2.80 | 1% | 473.00 | * |
| Practice Group Specialist | 25.80 | 12% | 4,386.00 | 5% |
| Case Assistant | 7.30 | 4% | 766.50 | * |
| **TOTAL** | 211.70 | 100% | $92,579.50 | 100% |

\* Less than 1%

The blended hourly rate for the Reed Smith professionals is $494.62 and the blended hourly rate for professionals and paraprofessionals is $437.31.

13.    **Hourly Rate Increases.**  Reed Smith did not increase the hourly rates of firm timekeepers during this interim period.

---

[6] This amount reflects the Fees Computed.

14.    **Timekeepers' Roles.**    A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*. With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts. Each Reed Smith timekeeper appeared to perform either core team responsibilities necessary to the engagement; or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

15.    **Meetings, Conferences, Hearings, and Other Events.**    The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*. While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified one occasion where two Reed Smith timekeepers attended the same conference. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 3.20 hours with $1,748.00 in associated fees, were displayed in **Exhibit D** to the Preliminary Report. Stuart Maue identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference). The potentially duplicative and unnecessary timekeeper's entry totals 1.10 hours with $572.00 in associated fees, and was highlighted in bold and marked with an ampersand [&]

in the exhibit. The Fee Examiner requested Reed Smith provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event. Reed Smith responded by providing the purpose and necessity of having multiple attendees at the conference. As such, no fee reduction will be recommended and Exhibit D is omitted from this Report.

16. **Intraoffice Conferences.** Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified intraoffice conferences totaling 17.60 hours with $8,972.00 in associated fees, or approximately 10% of the Fees Computed as were displayed in **Exhibit E** to the Preliminary Report. The Fee Examiner observed that in certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference. The entries describing intraoffice conferences invoiced by two or more firm personnel totaled 17.50 hours with $8,927.00 in associated fees and were highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested the firm explain the necessity of more than one participant billing for the same intraoffice conference.

In response, Reed Smith provided additional detail (overall and for each conference) regarding the necessity and appropriateness of the questioned intraoffice conferences. The firm also stated that its substantial involvement, during this period, in achieving settlements of the underlying Neil ERISA class action litigation and related IRS and DOL claims resulted in increased meetings and conferences, etc. Furthermore, Reed Smith urged that it properly staffed the Tribune matters and did not engage in unnecessary internal conferencing. Considering the firm's informative response, the Fee Examiner makes no recommendation for a fee reduction. Exhibit E is omitted from this report.

17.    **Complete and Detailed Task Descriptions.**  Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary."  The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*.  The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.  Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.

a.    **Vague Communications.**  The Fee Examiner identified entries totaling 2.70 hours with $956.00 in associated fees in which a conference or other communication did not identify the contact(s) or subject of the communication.  This lack of detail hinders a reviewer's ability to determine the reasonableness and necessity of the activity, and is in clear violation of the applicable guidelines.  The entries were displayed in **Exhibit F** to the Preliminary Report. The Fee Examiner requested Reed Smith provide the missing subject matter and/or participant information for each entry, as required by the Guidelines.  The firm revised the questioned entries, to include the missing subject matter or participant information, which brought the entries into compliance.  No recommendation for a fee reduction will be made, and Exhibit F is omitted from the Final Report.

    b. **Vague Tasks.** The Fee Examiner reviewed the substantive detail of each

billing entry and identified 2.00 hours with $900.00 in associated fees where the Fee Examiner

could not determine the precise nature of the services performed by the timekeeper.  The entries

were displayed in **Exhibit G** to the Preliminary Report.  As reflected in the Local Rules and UST

Guidelines, billing entries must adequately describe the services actually performed to allow a

determination of whether the task was staffed appropriately, whether the task involved the

exercise of legal judgment, and/or whether the task was duplicated by other timekeepers.[7]  For

example, a Reed Smith timekeeper often described the activity performed as "followed up."

Such narratives fail to sufficiently describe the activity performed and frustrate a reviewer's

ability to fully evaluate the work.  The Fee Examiner requested the firm provide sufficient detail

for the entries in question.  Absent revised descriptions that provide the missing detail that is

required by the Local Rules and UST Guidelines, the Fee Examiner advised Reed Smith a fee

reduction would be in order.  In response, Reed Smith revised the questioned tasks which

brought them within compliance.  The Fee Examiner does not make a recommendation for a fee

reduction.  Exhibit G is omitted from this Final Report.

    18. **Administrative Activities.** Activities associated with the day-to-day operations

of the firm are considered administrative in nature and as such are reflected in the hourly rates

charged by the firm. The Fee Examiner identified several fee entries describing the

administrative tasks of reviewing, revising and communicating regarding the firm's invoices.

The questioned tasks, totaling 15.20 hours with related fees of $6,887.00, were displayed in

**Exhibit H** to the Preliminary Report.  The Fee Examiner invited comment from the firm.  The

---

[7] Vague entries do not allow the court to determine the reasonableness and necessity of the effort expended, and fees may be denied or reduced when insufficiently documented.  *E.g., In re Bennett Funding, Inc.*, 213 B.R. 234, 245-46 (Bankr. N.D.N.Y. 1997).  Entries for legal research must identify the issue and explain the research need.  *In re Fibermark, Inc.*, 349 B.R. 385, 397 (Bankr. D. Vt. 2006).

firm responded stating the activities in question were at the sole direction of Tribune and, further, that the tasks required legal knowledge from professionals very familiar with these chapter 11 cases. Based upon the information provided by the firm, the Fee Examiner makes no recommendation for a fee reduction, and Exhibit H is omitted from the response.

19. **Clerical Activities.** Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel.[8] The Fee Examiner identified entries describing apparent clerical tasks, including organizing files. The questioned entries were displayed in **Exhibit I** to the Preliminary Report and totaled 10.30 hours with $1,223.50 in associated fees. The Fee Examiner has applied and this Court has followed the practice of recommending that clerical-type activities be paid at the rate of $80.00 per hour. Reed Smith provided additional information regarding a group of activities that required the requisite paralegal level knowledge and skill assigned. As for the remaining activities, the firm did not contest the Fee Examiner's determination. The result was a fee reduction of $378.50. Exhibit I is omitted from this Final Report.

20. **Travel.** The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. Reed Smith invoiced one block billed entry totaling 8.70 hours and $4,872.00 in associated fees, which was displayed in **Exhibit J** to the Preliminary Report. The Fee Examiner requested additional information from Reed Smith. The blocked entry was brought into compliance, as outlined in paragraph 10 above. The firm stated the embedded

---

[8] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates). These overhead activities may include: mailing; photocopying; word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

travel time was working travel time, and any associated non-working travel time was not billed. Based upon this representation by the firm, the Fee Examiner makes no recommendation for a related fee reduction.  Exhibit J is omitted from the Final Report.

21.    **Reed Smith Retention/Compensation.**    Reed Smith billed 51.90 hours with associated fees of $16,425.50 to prepare the firm's retention documents and applications for compensation, which computes to approximately 18% of the Fees Computed.  The fee entries describing Reed Smith's retention/compensation activities are displayed in **Exhibit K**, which is included in the Final Report for the Court's reference.

**Review of Expenses**

22.    **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii).*   The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii).*   On the whole, Reed Smith provided an itemization for its expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

23.    **Photocopies.**  The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii).* Reed Smith stated in the Application that the firm's rate for duplication is $0.10 per page.

24.    **Request for Additional Information.**  The Fee Examiner requested that Reed Smith provide documentation and/or a detailed explanation for the expenses, which were displayed in **Exhibit L** to the Preliminary Report.  In addition, the Fee Examiner requested that Reed Smith verify that these expenses were related to travel.  Pending additional information from the firm, the Fee Examiner intended to recommend an expense reduction for airfare in excess of coach class fare, overtime transportation expenses, non-travel meals provided solely to firm personnel, or travel meal charges in excess of the applicable ceilings (i.e., breakfast at $15.00 per person, lunch at $25.00 per person, and dinner at $50.00 per person).  In response, Reed Smith provided an informative written response, as well as provided the backup documentation.  Based upon the information provided, the firm and the Fee Examiner agreed that a $4.48 expense reduction was appropriate for a meal charge that exceeded the applicable ceiling. Exhibit L is omitted from this Final Report.

## CONCLUSION

The Fee Examiner submits this final report regarding Reed Smith's Application and the fees and expenses discussed above.  The Fee Examiner recommends approval of fees that total $92,201.00 ($92,787.50 minus $586.50) and reimbursement of expenses that total $3,545.74 ($3,550.22 minus $4.48) for the period from September 1, 2011 through November 30, 2011. The findings are set forth in the summary on the following page.

**REED SMITH LLP**

**SUMMARY OF FINDINGS**

**Twelfth Interim Fee Application (September 1, 2011 through November 30, 2011)**

**A.    Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $92,787.50 | |
| Expenses Requested | 3,550.22 | |
| TOTAL FEES AND EXPENSES REQUESTED | | $96,337.72 |
| Fees Computed | $92,579.50 | |
| Expenses Computed | 3,550.22 | |
| TOTAL FEES AND EXPENSES COMPUTED | | $96,129.72 |
| Discrepancy in Fees | $   208.00 | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $    208.00 |

**B.    Recommended Fee Allowance and Expense Reimbursement**

| | | | |
|---|---|---|---|
| Fees Requested | $92,787.50 | | |
| *Agreed Reduction for Discrepancy in Fees* | | ($208.00) | |
| *Agreed Reduction for Clerical Activities* | | (378.50) | |
| Subtotal | | ($586.50) | |
| RECOMMENDED FEE ALLOWANCE | | | $92,201.00 |
| Expenses Requested | $3,550.22 | | |
| *Agreed Reduction for Travel Meals* | | ($   4.48) | |
| Subtotal | | ($   4.48) | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 3,545.74 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $95,746.74 |

Respectfully submitted,

**STUART MAUE**

By:

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 24th day of October, 2012.

David Klauder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Stuart M. Brown, Esq.
William E. Chipman Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

John D. Shugrue, Esq.
Partner
Reed Smith LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606-7507

John F. Theil, Esq.

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Reed Smith LLP**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| JDS | Shugrue, John D. | PARTNER | $560.00 | $560.00 | 49.00 | $27,440.00 |
| AJM | Moss, J. Andrew | PARTNER | $520.00 | $520.00 | 36.10 | $18,772.00 |
| PRW | Walker-Bright, Paul R. | PARTNER | $535.00 | $535.00 | 2.60 | $1,391.00 |
| TPL | Law, Timothy P. | PARTNER | $465.00 | $465.00 | 0.50 | $232.50 |
| SAM | Miller, Steven A. | PARTNER | $690.00 | $690.00 | 0.30 | $207.00 |
| No. of Billers for Position: 5 | | Blended Rate for Position: | $542.85 | | 88.50 | $48,042.50 |
| | | | | | % of Total: 41.80% | % of Total: 51.89% |
| LJR | Raines, Lana J. | ASSOCIATE | $450.00 | $450.00 | 83.70 | $37,665.00 |
| DR | Rosenfield, David M. | ASSOCIATE | $325.00 | $325.00 | 2.70 | $877.50 |
| JCF | Falgowski, J. Cory | ASSOCIATE | $410.00 | $410.00 | 0.90 | $369.00 |
| No. of Billers for Position: 3 | | Blended Rate for Position: | $445.72 | | 87.30 | $38,911.50 |
| | | | | | % of Total: 41.24% | % of Total: 42.03% |
| SS | Somoza, Silvia | PARALEGAL | $130.00 | $130.00 | 2.00 | $260.00 |
| JBL | Lord, John B. | PARALEGAL | $270.00 | $270.00 | 0.50 | $135.00 |
| JACG | Gross, Jane Anne | PARALEGAL | $260.00 | $260.00 | 0.30 | $78.00 |
| No. of Billers for Position: 3 | | Blended Rate for Position: | $168.93 | | 2.80 | $473.00 |
| | | | | | % of Total: 1.32% | % of Total: 0.51% |
| LL | Lankford, Lisa A. | PRAC GROUP SPEC | $170.00 | $170.00 | 25.80 | $4,386.00 |
| No. of Billers for Position: 1 | | Blended Rate for Position: | $170.00 | | 25.80 | $4,386.00 |
| | | | | | % of Total: 12.19% | % of Total: 4.74% |
| LH | Hamilton, Lamont D. | CASE ASSISTANT | $105.00 | $105.00 | 6.00 | $630.00 |
| RC | Chappell, Rhoshanda | CASE ASSISTANT | $105.00 | $105.00 | 1.30 | $136.50 |

**EXHIBIT C**

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Reed Smith LLP**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| | No. of Billers for Position: 2 | Blended Rate for Position: | $105.00 | | 7.30 | $766.50 |
| | | | | % of Total: | 3.45% | % of Total: 0.83% |
| | Total No. of Billers: 14 | Blended Rate for Report: | $437.31 | | 211.70 | $92,579.50 |

EXHIBIT K

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Falgowski, J | 0.90 | 369.00 |
| Hamilton, L | 1.50 | 157.50 |
| Lankford, L | 25.80 | 4,386.00 |
| Lord, J | 0.50 | 135.00 |
| Raines, L | 13.50 | 6,075.00 |
| Shugrue, J | 9.40 | 5,264.00 |
| Somoza, S | 0.30 | 39.00 |
| | 51.90 | $16,425.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Applications | 51.90 | 16,425.50 |
| | 51.90 | $16,425.50 |

EXHIBIT K

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 09/01/11 Thu | Shugrue, J 2186479-9/49 | 0.40 | 0.40 | 224.00 | 0.20 0.20 | F F | 1 2 | *MATTER NAME: Fee Applications* FINALIZED SUPPLEMENTAL DECLARATION FOR FILING IN BK COURT (.2); FOLLOWED UP REGARDING FINALIZING AND FILING 30TH MONTHLY FEE APPLICATION (.2). |
| 09/06/11 Tue | Lankford, L 2186479-9/50 | 4.20 | 4.20 | 714.00 | 0.20 0.20 0.30 0.30 0.30 2.40 0.50 | F F F F F F F | 1 2 3 4 5 6 7 | *MATTER NAME: Fee Applications* E-MAIL CORRESPONDENCE REGARDING INTERIM FEES (.20); E-MAIL CORRESPONDENCE WITH J. LORD REGARDING FILING OF SUPPLEMENTAL DECLARATION (.2); E-FILE AND SERVICE OF SAME (.3); DRAFTED COS REGARDING SAME (.3); E-FILE AND SERVICE OF SAME (.3); REVISIONS, ADDITIONAL CALCULATIONS AND FINALIZATION OF RS'S 30TH MONTHLY FEE APPLICATION (2.4); E-FILE AND SERVICE OF SAME (.5). |
| 09/06/11 Tue | Shugrue, J 2186479-9/51 | 0.50 | 0.50 | 280.00 | | | 1 | *MATTER NAME: Fee Applications* WORKED ON FINALIZING 30TH MONTHLY FEE APPLICATION. |
| 09/07/11 Wed | Lankford, L 2186479-9/52 | 0.40 | 0.40 | 68.00 | | | 1 | *MATTER NAME: Fee Applications* DRAFTED CNO TO RS'S 29TH MONTHLY FEE APPLICATION AND CIRCULATE VIA E-MAIL FOR APPROVAL. |
| 09/07/11 Wed | Lankford, L 2186479-9/53 | 0.80 | 0.80 | 136.00 | | | 1 | *MATTER NAME: Fee Applications* UPDATED FEE APPLICATION SPREADSHEET. |
| 09/07/11 Wed | Shugrue, J 2186479-9/54 | 0.10 | 0.10 | 56.00 | | | 1 | *MATTER NAME: Fee Applications* ANALYZED AND APPROVED FOR FILING CNO REGARDING 29TH MONTHLY FEE APPLICATION. |
| 09/08/11 Thu | Falgowski, J 2186479-9/56 | 0.20 | 0.20 | 82.00 | | | 1 | *MATTER NAME: Fee Applications* REVIEWED FEE APPLICATIONS. |
| 09/08/11 Thu | Lankford, L 2186479-9/55 | 0.60 | 0.60 | 102.00 | 0.20 0.40 | F F | 1 2 | *MATTER NAME: Fee Applications* REVIEWED CNO TO RS'S 29TH MONTHLY FEE APPLICATION (.2); E-FILE AND SERVICE OF SAME (.4). |
| 09/08/11 Thu | Shugrue, J 2186479-9/58 | 0.20 | 0.20 | 112.00 | | | 1 | *MATTER NAME: Fee Applications* ANALYZED AND EXCHANGED EMAILS WITH C. LEEMAN REGARDING STATUS OF INTERIM FEE APPLICATIONS. |
| 09/08/11 Thu | Somoza, S 2186479-9/57 | 0.30 | 0.30 | 39.00 | | | 1 | *MATTER NAME: Fee Applications* REVIEWED AND CATALOGUED CASE CORRESPONDENCE. |
| 09/16/11 Fri | Hamilton, L 2186479-9/59 | 1.50 | 1.50 | 157.50 | | | 1 | *MATTER NAME: Fee Applications* REVIEWED AND CATALOGED CASE CORRESPONDENCE. |

~ See the last page of exhibit for explanation

EXHIBIT K
REED SMITH RETENTION/COMPENSATION
Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
| 09/22/11 Thu | Lankford, L 2186479-9/60 | 1.50 | 1.50 | 255.00 | | 1 | *MATTER NAME: Fee Applications* DRAFTED RS'S 31ST MONTHLY & 11TH INTERIM FEE APPLICATIONS. |
| 09/26/11 Mon | Shugrue, J 2186479-9/61 | 0.80 | 0.80 | 448.00 | 0.60  F 0.20  F | 1 2 | *MATTER NAME: Fee Applications* ANALYZED AND REVISED INVOICES IN CONNECTION WITH 31ST MONTHLY FEE APPLICATION (.6): PREPARED EMAIL TO L. RAINES, L. LANKFORD REGARDING SAME (.2). |
| 09/27/11 Tue | Lankford, L 2186479-9/62 | 0.20 | 0.20 | 34.00 | | 1 | *MATTER NAME: Fee Applications* E-MAIL CORRESPONDENCE WITH J. SHUGRUE REGARDING RS'S 31ST MONTHLY & 11TH INTERIM FEE APPLICATIONS AND WORKED ON SAME. |
| 09/27/11 Tue | Shugrue, J 2186479-9/63 | 0.10 | 0.10 | 56.00 | | 1 | *MATTER NAME: Fee Applications* EXCHANGED EMAILS WITH L. LANKFORD REGARDING 31ST MONTHLY FEE APPLICATION. |
| 09/29/11 Thu | Shugrue, J 2186479-9/64 | 0.30 | 0.30 | 168.00 | | 1 | *MATTER NAME: Fee Applications* ANALYZED DRAFTS OF 31ST MONTHLY AND 11TH INTERIM FEE APPLICATIONS. |
| 10/04/11 Tue | Lankford, L 2196900-9/41 | 0.20 | 0.20 | 34.00 | | 1 | *MATTER NAME: Fee Applications* E-MAIL CORRESPONDENCE WITH J. SHUGRUE REGARDING FEE APPLICATIONS. |
| 10/04/11 Tue | Raines, L 2196900-9/42 | 0.20 | 0.20 | 90.00 | | 1 | *MATTER NAME: Fee Applications* FOLLOWED UP WITH J. SHUGRUE REGARDING FEE APPLICATION. |
| 10/04/11 Tue | Shugrue, J 2196900-9/43 | 0.20 | 0.20 | 112.00 | | 1 | *MATTER NAME: Fee Applications* EMAILS WITH L. RAINES, L. LANKFORD REGARDING MONTHLY FEE APPLICATION. |
| 10/05/11 Wed | Raines, L 2196900-9/44 | 3.80 | 3.80 | 1,710.00 | | 1 | *MATTER NAME: Fee Applications* REVISED INVOICE FOR AUGUST TIME IN CONNECTION WITH FEE APPLICATION AND FOLLOWED UP WITH J. SHUGRUE AND L. LANKFORD REGARDING SAME. |
| 10/06/11 Thu | Lankford, L 2196900-9/45 | 1.20 | 1.20 | 204.00 | 0.10  F 0.40  F 0.20  F 0.50  F | 1 2 3 4 | *MATTER NAME: Fee Applications* E-MAIL CORRESPONDENCE WITH L. RAINES, J. SHUGRUE REGARDING RS'S 31ST MONTHLY FEE APPLICATION INVOICE (.1): DRAFTED CNO TO RS'S 30TH MONTHLY FEE APPLICATION (.4): E-MAIL CORRESPONDENCE REGARDING CNO TO RS'S 30TH MONTHLY FEE APPLICATION (.2): REVIEWED INVOICE TO RS'S 31ST MONTHLY FEE APPLICATION (.5). |
| 10/06/11 Thu | Raines, L 2196900-9/46 | 0.10 | 0.10 | 45.00 | | 1 | *MATTER NAME: Fee Applications* FOLLOW UP WITH L. LANKFORD REGARDING REVISED INVOICE. |
| 10/06/11 Thu | Shugrue, J 2196900-9/47 | 0.20 | 0.20 | 112.00 | | 1 | *MATTER NAME: Fee Applications* EMAILS WITH L. RAINES, L. LANKFORD REGARDING FEE APPLICATION, CNOS. |

~  See the last page of exhibit for explanation

EXHIBIT K

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 10/07/11 Fri | Lankford, L 2196900-9/48 | 1.00 | 1.00 | 170.00 | | | | *MATTER NAME: Fee Applications* <br> 1 REVIEWED RS'S 31ST MONTHLY & 11TH INTERIM FEE APPLICATIONS. |
| 10/10/11 Mon | Lankford, L 2196900-9/49 | 0.60 | 0.60 | 102.00 | | | | *MATTER NAME: Fee Applications* <br> 1 FINALIZED CNO TO RS'S 30TH MONTHLY FEE APPLICATION. |
| 10/10/11 Mon | Lankford, L 2196900-9/50 | 1.30 | 1.30 | 221.00 | 1.00 0.30 | F F | 1 2 | *MATTER NAME: Fee Applications* <br> 1 CALCULATIONS REGARDING RS'S 31ST MONTHLY FEE APPLICATION (1.0); <br> 2 PHONE CONFERENCE WITH J. SHUGRUE REGARDING SAME (.3). |
| 10/10/11 Mon | Shugrue, J 2196900-9/51 | 1.00 | 1.00 | 560.00 | 0.70 0.30 | F F | 1 2 | *MATTER NAME: Fee Applications* <br> 1 WORKED ON REVISIONS TO 31ST MONTHLY FEE APPLICATION (.7); <br> 2 TELEPHONE CONFERENCE WITH L. LANKFORD REGARDING SAME (.3). |
| 10/11/11 Tue | Lankford, L 2196900-9/52 | 1.00 | 1.00 | 170.00 | 0.50 0.50 | F F | 1 2 | *MATTER NAME: Fee Applications* <br> 1 REVISIONS TO RS'S 31ST MONTHLY FEE APPLICATION (.5); <br> 2 REVISIONS TO RS'S 11TH INTERIM FEE APPLICATION (.5). |
| 10/11/11 Tue | Shugrue, J 2196900-9/53 | 0.30 | 0.30 | 168.00 | | | | *MATTER NAME: Fee Applications* <br> 1 REVIEWED FINAL DRAFTS OF 31ST MONTHLY AND 11TH QUARTERLY FEE APPLICATIONS. |
| 10/12/11 Wed | Lankford, L 2196900-9/54 | 0.50 | 0.50 | 85.00 | | | | *MATTER NAME: Fee Applications* <br> 1 E-MAIL CORRESPONDENCE WITH J. SHUGRUE REGARDING FILING DATES FOR FEE APPLICATIONS AND CNO'S. |
| 10/12/11 Wed | Shugrue, J 2196900-9/55 | 0.80 | 0.80 | 448.00 | 0.30 0.20 0.30 | F F F | 1 2 3 | *MATTER NAME: Fee Applications* <br> 1 EMAILS WITH L. LANKFORD REGARDING STATUS OF MONTHLY AND QUARTERLY FEE APPLICATIONS (.3); <br> 2 TELEPHONE CONFERENCE WITH CLIENT REGARDING SAME (.2); <br> 3 REVISED INVOICES IN CONNECTION WITH 32D MONTHLY FEE APPLICATION (.3). |
| 10/13/11 Thu | Falgowski, J 2196900-9/57 | 0.10 | 0.10 | 41.00 | | | | *MATTER NAME: Fee Applications* <br> 1 CONFERRED WITH L. LANKFORD REGARDING FEE APPLICATION. |
| 10/13/11 Thu | Falgowski, J 2212073-9/27 | 0.30 | 0.30 | 123.00 | | | | *MATTER NAME: Fee Applications* <br> 1 REVIEWED FEE APPLICATIONS AND COMMUNICATIONS WITH L. LANKFORD REGARDING SAME. |
| 10/13/11 Thu | Lankford, L 2196900-9/56 | 1.60 | 1.60 | 272.00 | 0.10 0.80 0.70 | F F F | 1 2 3 | *MATTER NAME: Fee Applications* <br> 1 CONFERRED WITH C. FALGOWSKI REGARDING FEE APPLICATIONS (.1); <br> 2 REVISIONS TO RS'S 31ST MONTHLY FEE APPLICATION (.8); <br> 3 REVISIONS TO RS'S 11TH INTERIM FEE APPLICATION (.7). |
| 10/13/11 Thu | Shugrue, J 2196900-9/58 | 0.40 | 0.40 | 224.00 | 0.20 0.20 | F F | 1 2 | *MATTER NAME: Fee Applications* <br> 1 TELEPHONE CONFERENCE WITH CLIENT REGARDING FEE APPLICATION FORMAT (.2); <br> 2 ANALYZED PROPOSED COURT ORDER REGARDING 5TH INTERIM FEE APPLICATIONS (.2). |

~ See the last page of exhibit for explanation

EXHIBIT K
REED SMITH RETENTION/COMPENSATION
Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|----------------|-------------|-------|------|------------|---|---|-------------|
| 10/19/11 Wed | Falgowski, J 2196900-9/60 | 0.10 | 0.10 | 41.00 | | | 1 | MATTER NAME: *Fee Applications*<br>MET WITH J. SHUGRUE REGARDING FEE APPLICATION FILING SCHEDULE. |
| 10/19/11 Wed | Lankford, L 2196900-9/59 | 0.10 | 0.10 | 17.00 | | | 1 | MATTER NAME: *Fee Applications*<br>MET WITH J. SHUGRUE REGARDING FEE APPLICATION FILING SCHEDULE. |
| 10/19/11 Wed | Shugrue, J 2196900-9/61 | 0.20 | 0.20 | 112.00 | | | 1 | MATTER NAME: *Fee Applications*<br>CONFERRED WITH C. FALGOWSKI, L. LANKFORD REGARDING SCHEDULE AND PLAN FOR UPCOMING FEE APPLICATION FILINGS. |
| 10/20/11 Thu | Shugrue, J 2196900-9/62 | 0.60 | 0.60 | 336.00 | | | 1 | MATTER NAME: *Fee Applications*<br>ANALYZED AND REVISED INVOICE MATERIALS FOR SUBMISSION WITH MONTHLY FEE APPLICATION. |
| 10/21/11 Fri | Lankford, L 2196900-9/63 | 1.60 | 1.60 | 272.00 | 0.30<br>1.30 | F<br>F | 1<br>2 | MATTER NAME: *Fee Applications*<br>E-MAIL CORRESPONDENCE WITH L. RAINES, J. SHUGRUE REGARDING RS'S 32ND MONTHLY FEE APPLICATION (.3);<br>DRAFTED SAME (1.3). |
| 10/21/11 Fri | Raines, L 2196900-9/64 | 0.20 | 0.20 | 90.00 | | | 1 | MATTER NAME: *Fee Applications*<br>EMAILS WITH J. SHUGRUE, L. LANKFORD REGARDING 32D MONTHLY. |
| 10/21/11 Fri | Shugrue, J 2196900-9/65 | 0.20 | 0.20 | 112.00 | | | 1 | MATTER NAME: *Fee Applications*<br>EMAILS WITH L. RAINES AND L. LANKFORD REGARDING 32D MONTHLY FEE APPLICATION. |
| 10/24/11 Mon | Raines, L 2196900-9/66 | 4.50 | 4.50 | 2,025.00 | | | 1 | MATTER NAME: *Fee Applications*<br>REVIEWED AND REVISED INVOICE FOR SEPTEMBER TIME IN PREPARATION FOR FILING WITH BR COURT. |
| 10/24/11 Mon | Shugrue, J 2196900-9/67 | 0.40 | 0.40 | 224.00 | | | 1 | MATTER NAME: *Fee Applications*<br>WORKED ON NARRATIVE TEXT FOR 32D MONTHLY FEE APPLICATION. |
| 10/25/11 Tue | Lankford, L 2196900-9/69 | 1.80 | 1.80 | 306.00 | 1.60<br>0.20 | F<br>F | 1<br>2 | MATTER NAME: *Fee Applications*<br>REVISIONS TO RS'S 32ND MONTHLY FEE APPLICATION (1.6);<br>EMAILS WITH J. SHUGRUE REGARDING SAME (.2). |
| 10/25/11 Tue | Lord, J 2196900-9/68 | 0.50 | 0.50 | 135.00 | | | 1 | MATTER NAME: *Fee Applications*<br>REVIEWED AND REVISED 32D MONTHLY FEE APPLICATION. |
| 10/25/11 Tue | Shugrue, J 2196900-9/70 | 0.20 | 0.20 | 112.00 | | | 1 | MATTER NAME: *Fee Applications*<br>EXCHANGED EMAILS WITH L. LANKFORD REGARDING FINALIZING AND FILING 32D MONTHLY FEE APPLICATION. |
| 11/08/11 Tue | Lankford, L 2212073-9/28 | 0.80 | 0.80 | 136.00 | 0.60<br>0.20 | F<br>F | 1<br>2 | MATTER NAME: *Fee Applications*<br>DRAFTED CNO'S TO RS'S 31ST MONTHLY & 11TH INTERIM FEE APPLICATIONS (.6);<br>E-MAIL CORRESPONDENCE WITH J. SHUGRUE REGARDING SAME (.2). |

~ See the last page of exhibit for explanation

EXHIBIT K

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 11/08/11 Tue | Shugrue, J 2212073-9/29 | 0.20 | 0.20 | 112.00 | | | 1 | *MATTER NAME: Fee Applications* ANALYZED CNOS AND PROVIDED COMMENT ON SAME TO C. FALGOWSKI, L. LANKFORD. |
| 11/10/11 Thu | Lankford, L 2212073-9/30 | 0.80 | 0.80 | 136.00 | | | 1 | *MATTER NAME: Fee Applications* E-MAIL CORRESPONDENCE WITH J. SHUGRUE REGARDING CNO'S TO RS'S 31ST MONTHLY & 11TH INTERIM FEE APPLICATIONS AND FINALIZED SAME FOR FILING. |
| 11/10/11 Thu | Shugrue, J 2212073-9/31 | 0.30 | 0.30 | 168.00 | 0.20 0.10 | F F | 1 2 | *MATTER NAME: Fee Applications* ANALYZED AND REVISED INVOICES IN CONNECTION WITH MONTHLY FEE APPLICATION (.2); EMAILS WITH L. LANKFORD REGARDING SAME (.1). |
| 11/11/11 Fri | Shugrue, J 2212073-9/32 | 0.50 | 0.50 | 280.00 | | | 1 | *MATTER NAME: Fee Applications* ANALYZED AND EDITED INVOICES FOR MONTHLY FEE APPLICATION. |
| 11/15/11 Tue | Shugrue, J 2212073-9/33 | 0.20 | 0.20 | 112.00 | | | 1 | *MATTER NAME: Fee Applications* PRELIMINARY WORK ON MONTHLY FEE APPLICATION. |
| 11/16/11 Wed | Shugrue, J 2212073-9/34 | 0.10 | 0.10 | 56.00 | | | 1 | *MATTER NAME: Fee Applications* WORKED ON REVISIONS TO INVOICES FOR MONTHLY FEE APPLICATION. |
| 11/17/11 Thu | Lankford, L 2212073-9/35 | 1.20 | 1.20 | 204.00 | 0.40 0.80 | F F | 1 2 | *MATTER NAME: Fee Applications* DRAFTED CNO TO RS'S 32ND MONTHLY FEE APPLICATION (.4); DRAFTED RS'S 33RD MONTHLY FEE APPLICATION (.8). |
| 11/17/11 Thu | Shugrue, J 2212073-9/36 | 0.20 | 0.20 | 112.00 | | | 1 | *MATTER NAME: Fee Applications* ANALYZED CNO FOR 32D MONTHLY FEE APPLICATION AND AUTHORIZED FILING OF SAME. |
| 11/20/11 Sun | Raines, L 2212073-9/37 | 3.40 | 3.40 | 1,530.00 | | | 1 | *MATTER NAME: Fee Applications* REVIEWED AND REVISED NOVEMBER INVOICE FOR OCTOBER TIME IN CONNECTION WITH FILING OF FEE APPLICATION. |
| 11/21/11 Mon | Lankford, L 2212073-9/38 | 0.30 | 0.30 | 51.00 | 0.20 0.10 | F F | 1 2 | *MATTER NAME: Fee Applications* E-MAIL CORRESPONDENCE WITH J. SHUGRUE REGARDING FINAL INVOICE FOR RS'S 33RD MONTHLY FEE APPLICATION (.2); E-MAIL CORRESPONDENCE TO C. FALGOWSKI REGARDING CNO TO RS'S 32ND MONTHLY FEE APPLICATION (.1). |
| 11/21/11 Mon | Raines, L 2212073-9/39 | 1.30 | 1.30 | 585.00 | | | 1 | *MATTER NAME: Fee Applications* FINALIZED REVISED INVOICE AND CIRCULATED SAME TO TEAM FOR FILING OF FEE APPLICATION. |
| 11/21/11 Mon | Shugrue, J 2212073-9/40 | 0.30 | 0.30 | 168.00 | | | 1 | *MATTER NAME: Fee Applications* WORKED ON NARRATIVE TEXT FOR 33D MONTHLY FEE APPLICATION AND EMAILED SAME TO L. LANKFORD. |
| 11/22/11 Tue | Falgowski, J 2212073-9/42 | 0.20 | 0.20 | 82.00 | | | 1 | *MATTER NAME: Fee Applications* REVIEWED FEE APPLICATIONS AND CONFERRED WITH L. LANKFORD REGARDING SAME. |

~  See the last page of exhibit for explanation

EXHIBIT K

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
| 11/22/11 Tue | Lankford, L 2212073-9/41 | 2.10 | 2.10 | 357.00 | 0.10 0.40 1.60 | F F F | *MATTER NAME: Fee Applications* 1 CONFERRED WITH C. FALGOWSKI REGARDING CNO TO RS'S 32ND MONTHLY FEE APPLICATION (.1); 2 REVISIONS TO SAME (.4); 3 REVISIONS AND CALCULATIONS REGARDING RS'S 33RD MONTHLY FEE APPLICATION (1.6). |
| 11/22/11 Tue | Shugrue, J 2212073-9/43 | 0.50 | 0.50 | 280.00 | | | *MATTER NAME: Fee Applications* 1 ANALYZED FINAL DRAFT OF 33D MONTHLY FEE APPLICATION AND COMMUNICATED WITH L. LANKFORD REGARDING FILING OF SAME. |
| 11/23/11 Wed | Lankford, L 2212073-9/44 | 0.30 | 0.30 | 51.00 | | | *MATTER NAME: Fee Applications* 1 PREPARED RS'S 33RD MONTHLY FEE APPLICATION FOR FILING ON 11/25/11. |
| 11/25/11 Fri | Lankford, L 2212073-9/45 | 1.00 | 1.00 | 170.00 | | | *MATTER NAME: Fee Applications* 1 E-FILE AND SERVICE OF RS'S 33RD MONTHLY FEE APPLICATION. |
| 11/25/11 Fri | Shugrue, J 2212073-9/46 | 0.20 | 0.20 | 112.00 | | | *MATTER NAME: Fee Applications* 1 ANALYZED FILING DOCUMENTS REGARDING 33D MONTHLY FEE APPLICATION AND L. LANKFORD EMAILS REGARDING SAME. |
| 11/30/11 Wed | Lankford, L 2212073-9/47 | 0.70 | 0.70 | 119.00 | | | *MATTER NAME: Fee Applications* 1 UPDATED FEE SPREADSHEET. |
| Total | | | 51.90 | $16,425.50 | | | |
| Number of Entries: | 67 | | | | | | |

~ See the last page of exhibit for explanation

EXHIBIT K

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP


SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Falgowski, J | 0.90 | 369.00 |
| Hamilton, L | 1.50 | 157.50 |
| Lankford, L | 25.80 | 4,386.00 |
| Lord, J | 0.50 | 135.00 |
| Raines, L | 13.50 | 6,075.00 |
| Shugrue, J | 9.40 | 5,264.00 |
| Somoza, S | 0.30 | 39.00 |
| | 51.90 | $16,425.50 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Applications | 51.90 | 16,425.50 |
| | 51.90 | $16,425.50 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL