# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE
## TWELFTH INTERIM APPLICATION OF CHADBOURNE & PARKE LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Twelfth Interim Application of Chadbourne & Parke LLP* [Docket No. 10605] (the "**Fee Application**"). The Fee Application

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (5222); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

seeks approval of fees that total $1,528,824.25 and reimbursement of expenses that total $154,094.28 for the period from September 1, 2011 through November 30, 2011. Chadbourne & Parke LLP ("**Chadbourne**") serves as co-counsel to the Official Committee of Unsecured Creditors of the Debtors (the "**Committee**").

### Background

1.      On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**"), each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Under this Court's *Order Directing Joint Administration Chapter 11 Cases* dated December 10, 2009 [Docket No. 43], these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

2.      On January 16, 2009, the Committee filed the *Application of the Official Committee of Unsecured Creditors of Tribune Company, et al., Pursuant to 11 U.S.C. §§ 327 and 1103 and Fed. R. Bankr. P. 2014, for an Order Authorizing the Employment and Retention of Chadbourne & Parke LLP as Co-Counsel, Effective as of December 18, 2008* [Docket No. 243] (the "**Retention Application**"). By order dated February 20, 2009 [Docket No. 429], this Court approved the retention of Chadbourne (the "**Retention Order**").

3.      Chadbourne submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals,* (January 14, 2011) [Docket No. 225] (the "**Interim Compensation Order**").

### Applicable Standards

4.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee *Examiner* "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary

to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.    The Fee Examiner reviewed the Fee Application for compliance with Sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.    Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated

skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

7.    A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred.  A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules.  Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application.  A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.    The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to Chadbourne for review and comment.  The firm responded to the Fee Examiner with a detailed written response to the Preliminary Report, and the Fee Examiner and Chadbourne engaged in subsequent written and verbal communication. After consideration of the additional information provided by the firm, the Fee Examiner now issues this final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5.*

## DISCUSSION OF FINDINGS

### <u>Technical Requirements</u>

9.      <u>**Reconciliation of Fees and Expenses.**</u>  The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**").  The Fee Examiner determined that the Fees Requested exceeded the Fees Computed by $99.00, resulting in an apparent overcharge.  The discrepancy was the result of task hours within one entry that did not equal the time billed for the entry as a whole, which was displayed in **Exhibit A** to the Preliminary Report.  The firm agreed with the Fee Examiner's calculations and agreed to reduce its final fee request by an amount of $99.00.  Exhibit A is omitted from this Final Report.

The Fee Examiner further determined that there was no discrepancy between the Expenses Requested and the Expenses Computed.  The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

10.      <u>**Block Billing.**</u>  The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*.  The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[2]  The Fee Examiner did not identify any objectionable block billing.

---

[2] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent.  *See id.* at 495 n.7 and cases cited.

11.    **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*.  The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*.  Chadbourne complied with the applicable rules regarding time increments.

**Review of Fees**

12.    **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*.  The Fee Application provided the names, positions, and hourly rates of the 24 Chadbourne professionals and paraprofessionals who billed to this matter, consisting of 8 partners, 3 counsel, 10 associates, and 3 paraprofessionals.  A summary of hours and fees billed by each timekeeper is displayed in **Exhibit B**.[3]

The firm billed a total of 2,500.40 hours with associated fees of $1,528,725.25.[4]  The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

---

[3] This Final Report includes exhibits that detail and support the findings discussed herein.  Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits.  For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

[4] This amount reflects the Fees Computed.

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 952.80 | 38% | $  778,187.50 | 51% |
| Counsel | 221.90 | 9% | 144,104.00 | 10% |
| Associate | 1,155.20 | 46% | 557,576.25 | 36% |
| Paraprofessional | 170.50 | 7% | 48,857.50 | 3% |
| **TOTAL** | 2,500.40 | 100% | $1,528,725.25 | 100% |

The blended hourly rate for the Chadbourne professionals is $635.16 and the blended hourly rate for professionals and paraprofessionals is $611.39.

13.    **Hourly Rate Increases.**  Chadbourne increased the hourly rate of professionals effective November 1, 2011, as noted in the Thirty-Fifth Monthly Application.

14.    **Timekeepers' Roles.**  A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*.  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.  With limited exceptions, each timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

15.    **Meetings, Conferences, Hearings, and Other Events.**  The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" *Local Rule 2016-2(d)(ix)*, and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*.  While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified numerous occasions where two or more Chadbourne timekeepers attended the same meeting, conference, hearing, or other event. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 256.60 hours with $178,388.25 in associated fees, were displayed in **Exhibit C** to the Preliminary Report. In each instance where multiple timekeepers attended a meeting, conference hearing or other event, we identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference). The potentially duplicative and unnecessary timekeepers' entries totaled 197.20 hours with $125,544.75 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit. Nonworking travel associated with the multiple attendances were also included where appropriate. The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event, with attention to any meeting or event where more than two firm timekeepers were present.

In response to the Preliminary Report, Chadbourne reiterated the size and complexity of the cases and the resulting need for the participation of numerous professionals. The firm asserted that review of the time in question demonstrates Chadbourne's efforts to limit multiple participants to matters where they are truly necessary, and provided examples of the various areas of expertise needed at Committee meetings and other events. As with responses to prior preliminary reports, the firm also provided two exhibits through which the meetings and events were divided into specific categories, each of which contained detailed explanations for the need of multiple timekeepers at the various meetings and/or events. After analyzing the additional

information provided, the Fee Examiner determined the requirements of the Local Rules and UST Guidelines have been satisfied. Thus, no recommendation for a fee reduction is being made, and Exhibit C has been omitted from this report.

16. **Intraoffice Conferences.** Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified billing activities by Chadbourne timekeepers describing intraoffice conferences totaling 164.90 hours with $109,723.00 in associated fees, or 7% of the total Fees Computed. The conferences were displayed in **Exhibit D** to the Preliminary Report. The Fee Examiner observed that in certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference. The entries describing intraoffice conferences invoiced by two or more firm personnel totaled 100.80 hours with $67,360.00 in associated fees and were highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested that Chadbourne strive to eliminate unnecessary intraoffice conferencing, but makes no recommendation for a fee reduction. Exhibit D is omitted from the Final Report.

17. **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix).* The UST Guidelines provide that "time entries for telephone calls, letters, and other

communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.

        a.     **Vague Communications.**  The Fee Examiner identified entries totaling 16.60 hours with $12,634.00 in associated fees in which a conference or other communication was not described with sufficient detail. This lack of detail hinders a reviewer's ability to determine the reasonableness and necessity of the activity, and is in clear violation of the applicable guidelines. The entries were displayed in **Exhibit E** to the Preliminary Report. Chadbourne was invited to bring the entries into compliance. Chadbourne responded with additional information that removed the entries from the vague category or provided the missing participant and/or subject matter for the entries. No fee reduction is warranted, and Exhibit E is omitted from this Report.

        b.     **Vague Tasks.**  The Fee Examiner reviewed the substantive detail of each billing entry and identified 42.60 hours with $30,063.00 in associated fees where the Fee Examiner could not determine the precise nature of the services performed by the timekeeper. The entries were displayed in **Exhibit F** to the Preliminary Report. As reflected in the Local Rules and UST Guidelines, billing entries must adequately describe the services actually performed to allow a determination of whether the task was staffed appropriately, whether the task involved the exercise of legal judgment, and/or whether the task was duplicated by other timekeepers.[5]  For example, Chadbourne's timekeepers described a few entries as "Review of plan issues."  The review description is vague in that it fails to allow a determination of

---

[5] Vague entries do not allow the court to determine the reasonableness and necessity of the effort expended, and fees may be denied or reduced when insufficiently documented. *E.g.*, *In re Bennett Funding, Inc.*, 213 B.R. 234, 245-46 (Bankr. N.D.N.Y. 1997). Entries for legal research must identify the issue and explain the research need. *In re Fibermark, Inc.*, 349 B.R. 385, 397 (Bankr. D. Vt. 2006).

duplication of effort or whether the amount of time billed to the tasks was appropriate for the level of review performed. Chadbourne was invited to bring the questioned entries into accord with the Local Rules and UST Guidelines. Chadbourne responded with additional information that excluded certain entries from the questioned category, or Chadbourne provided the missing information for the vague tasks, which brought them into compliance. Based on the additional information, no fee reduction is appropriate, and Exhibit F has been omitted from this Report.

18.    **Administrative Activities.** Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The Fee Examiner did not identify any administrative activities.

19.    **Clerical Activities.** Typically, clerical activities are those tasks that do not require legal acumen and may effectively be performed by administrative assistants, secretaries, or support personnel, and like administrative activities are generally reflected in the hourly rates charged by a firm. In the 3rd Circuit, however, clerical-type activities performed by professionals and/or paraprofessionals can be compensable. However, the task will be compensated at a rate typically associated with someone that performs those tasks and that has that level of expertise or knowledge. The Fee Examiner reviewed each timekeeper's billing activities but did not identify any clerical-type activities.

20.    **Travel.** The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii).* Chadbourne complied with the Local Rules regarding nonworking travel.

21.    **Chadbourne Retention/Compensation.** Chadbourne billed 110.70 hours with associated fees of $43,114.00 to prepare the firm's applications for compensation, approximately 3% of the Fees Computed. The fee entries describing Chadbourne's retention/compensation

activities are displayed in **Exhibit G**, which is included in the Final Report for the Court's reference.

22.     **Other Firms' Retention/Compensation**.  Chadbourne billed 17.40 hours with associated fees of $8,449.00 for the retention and/or compensation of other firms, less than 1% of the total Fees Computed.  The fee entries describing these activities are displayed in **Exhibit H**, which is included in the Final Report for the Court's reference.

### Review of Expenses

23.     **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*.  The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*.  Chadbourne provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

24.     **Photocopies.**  The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii)*.  Chadbourne stated in the Application that the firm's rate for duplication is $0.10 per page.

25.     **Computer Assisted Legal Research.**   The Local Rules provide that computer assisted legal research charges "shall not be more than the actual cost." *Local Rule 2016-2 (e)(iii).*   Chadbourne billed $11,678.90 for computer-assisted legal research and the Application states:  "With respect to legal research expenses, Chadbourne has entered into flat-fee contracts with Lexis/Nexis and Westlaw for the provision of online research services.   In order to determine charges to individual clients, the flat fees charged to Chadbourne by Lexis/Nexis and Westlaw are allocated among those clients based on the actual number and scope of searches conducted on behalf of those clients."

26.     **Overtime Expenses.**   Chadbourne requested reimbursement of late night and weekend carfare totaling $658.06, late night and weekend meals totaling $1,379.81, and paralegal overtime totaling $649.30.   Although a firm may have a policy that personnel may be reimbursed for travel home when working late and meals for employees while working late, such charges are generally considered part of the firm's overhead.   In addition, overtime charges for employees working late are also considered part of a firm's overhead.   These charges, totaling $2,687.17, were displayed in **Exhibit I** to the Preliminary Report.

In response, Chadbourne first identified a $34.45 charge, which was incorrectly categorized by the firm's billing system.   The charge, for which Chadbourne provided the appropriate detail, should have been billed as a transportation cost for travel in connection with a bankruptcy court hearing.   The Fee Examiner has no objection to the reimbursement of this expense.

With regard, however, to the remaining questioned expenses of $2,652.72 ($2,687.17 minus $34.45), the Fee Examiner and the firm discussed this issue, and while Chadbourne believes that the questioned costs are appropriate and fully compensable, on an

interim basis – and without waiving the right to request full payment at a final fee hearing – the firm acknowledged the expense reduction will be made and will not contest the reduction at the interim hearing. Exhibit I has been omitted from this report.

27.    **Telephone Charges.**  Chadbourne requested reimbursement of $3,474.52 for telephone charges.  Chadbourne stated in the Application "Due to the national nature of the Debtors' business and the Committee's participation in weekly meetings by telephone, long distance telephone and conference call services have been required.  In accordance with the Guidelines, in seeking reimbursement for long distance telephone charges, Chadbourne currently charges clients its approximate actual cost paid to its long distance carriers.  Chadbourne utilizes outside vendors for conference call services and requests reimbursement only for the amount billed to Chadbourne by the third-party vendors."

28.    **Electronic Data Discovery Services**.  Chadbourne requested reimbursement of $126,855.73 for electronic data discovery services.  The Application stated that "In connection with the LBO/ESOP transaction investigation Chadbourne entered into a contract for electronic data discovery services with Complete Document Source, Inc. ("CDS").  Chadbourne continues to use the CDS services in connection with the plan confirmation process in reviewing and analyzing the various trial exhibits and documents presented at the confirmation hearing for potential admission on the trial record.  The CDS charges incurred during the Application Period represent a monthly hosting fee as well as processing fees for loading data and/or converting data to a searchable format.  In seeking reimbursement for these outside professional services, Chadbourne requests reimbursement for the actual costs incurred."

## CONCLUSION

The Fee Examiner submits this final report regarding the Fee Application and the fees and expenses discussed above.  The Fee Examiner recommends the approval of fees in the amount of $1,528,725.25 ($1,528,824.25 minus $99.00) and reimbursement of expenses in the amount of $151,441.56 ($154,094.28 minus $2,652.72) for the period from September 1, 2011 through November 30, 2011.  The findings are set forth in the summary on the following page.

## CHADBOURNE & PARKE LLP

## SUMMARY OF FINDINGS

### Twelfth Interim Fee Application (September 1, 2011 through November 30, 2011)

### A. Amounts Requested and Computed

| | | |
|---|---|---|
| Fees Requested | $1,528,824.25 | |
| Expenses Requested | 154,094.28 | |
| TOTAL FEES AND EXPENSES REQUESTED | | $1,682,918.53 |
| Fees Computed | $1,528,725.25 | |
| Expenses Computed | 154,094.28 | |
| TOTAL FEES AND EXPENSES COMPUTED | | $1,682,819.53 |
| Discrepancy in Fees | $        99.00 | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $        99.00 |

### B. Recommended Fee Allowance and Expense Reimbursement

| | | | |
|---|---|---|---|
| Fees Requested | $1,528,824.25 | | |
| *Agreed Reduction for Discrepancy in Fees* | | *($      99.00)* | |
| | Subtotal | *($      99.00)* | |
| RECOMMENDED FEE ALLOWANCE | | | $1,528,725.25 |
| Expenses Requested | $154,094.28 | | |
| *Agreed Reduction for Overtime Expenses* | | *($2,652.72)* | |
| | Subtotal | *($2,652.72)* | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 151,441.56 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $1,680,166.81 |

Respectfully submitted,

**STUART MAUE**


/s/John F. Theil
John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 24th day of October, 2012.

David Klauder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE  19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
William E. Chipman Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE  19801
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

/s/John F. Theil
John F. Theil, Esq.

**EXHIBIT B**

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

### Chadbourne & Parke LLP

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 1426 | Deutsch, Douglas E. | PARTNER | $362.50 | $745.00 | 295.10 | $214,949.50 |
| 0351 | LeMay, David M. | PARTNER | $447.50 | $925.00 | 187.60 | $167,421.25 |
| 3042 | Rosenblatt, Andrew | PARTNER | $372.50 | $745.00 | 186.70 | $137,350.75 |
| 0525 | Seife, Howard | PARTNER | $985.00 | $995.00 | 131.90 | $130,732.50 |
| 0095 | McCormack, Thomas J. | PARTNER | $855.00 | $875.00 | 118.30 | $101,896.50 |
| 6587 | Gallai, David | PARTNER | $685.00 | $705.00 | 21.10 | $14,501.50 |
| 0361 | Leder, Richard M. | PARTNER | $985.00 | $995.00 | 7.20 | $7,146.00 |
| 0240 | Hall, Thomas J. | PARTNER | $855.00 | $855.00 | 4.90 | $4,189.50 |
| | No. of Billers for Position: 8 | Blended Rate for Position: | $816.74 | | 952.80 | $778,187.50 |
| | | | | % of Total: | 38.11% | % of Total: 50.90% |
| 7699 | Ashley, Marc D. | COUNSEL | $337.50 | $695.00 | 185.20 | $125,022.50 |
| 7681 | Stenger, James A. | COUNSEL | $495.00 | $645.00 | 35.20 | $18,114.00 |
| 6651 | Rivera, Christy L. | COUNSEL | $645.00 | $645.00 | 1.50 | $967.50 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $649.41 | | 221.90 | $144,104.00 |
| | | | | % of Total: | 8.87% | % of Total: 9.43% |
| 6870 | Roitman, Marc | ASSOCIATE | $247.50 | $495.00 | 357.00 | $160,995.25 |
| 6967 | Marrero, Jessica | ASSOCIATE | $375.00 | $435.00 | 259.60 | $105,006.00 |
| 6878 | Yoo, Young | ASSOCIATE | $495.00 | $565.00 | 174.60 | $88,786.00 |
| 6754 | Gayda, Robert J. | ASSOCIATE | $625.00 | $655.00 | 115.10 | $72,171.50 |
| 2107 | Levenberg, Keith | ASSOCIATE | $645.00 | $645.00 | 77.10 | $49,729.50 |
| 6906 | Daucher, Eric | ASSOCIATE | $425.00 | $495.00 | 85.00 | $38,960.00 |
| 6951 | Distefano, Michael | ASSOCIATE | $375.00 | $435.00 | 44.50 | $18,883.50 |
| 6864 | Kurth, Rachel | ASSOCIATE | $495.00 | $495.00 | 19.10 | $9,454.50 |
| 6826 | Kirby, Robert | ASSOCIATE | $535.00 | $595.00 | 13.80 | $7,491.00 |
| 6743 | Nellos, Alexandra K. | ASSOCIATE | $645.00 | $655.00 | 9.40 | $6,099.00 |
| | No. of Billers for Position: 10 | Blended Rate for Position: | $482.67 | | 1,155.20 | $557,576.25 |
| | | | | % of Total: | 46.20% | % of Total: 36.47% |

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Chadbourne & Parke LLP**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 8036 | Bava, David | PARAPROFESSIONA | $280.00 | $295.00 | 101.50 | $28,882.00 |
| 7797 | Lamb, Helen M. | PARAPROFESSIONA | $285.00 | $295.00 | 66.10 | $19,047.50 |
| 5229 | Moloney, Lori F. | PARAPROFESSIONA | $320.00 | $320.00 | 2.90 | $928.00 |
| No. of Billers for Position: 3 | | Blended Rate for Position: | $286.55 | | 170.50 | $48,857.50 |
| | | | | % of Total: 6.82% | | % of Total: 3.20% |
| Total No. of Billers: 24 | | Blended Rate for Report: | $611.39 | | 2,500.40 | $1,528,725.25 |

EXHIBIT G

CHADBOURNE RETENTION/COMPENSATION

Chadbourne & Parke LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Bava, D | 13.70 | 3,836.00 |
| Daucher, E | 16.30 | 6,927.50 |
| Deutsch, D | 19.40 | 14,131.00 |
| Lamb, H | 59.60 | 17,161.00 |
| Roitman, M | 1.10 | 467.50 |
| Seife, H | 0.60 | 591.00 |
| | 110.70 | $43,114.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee/Retention Applications | 110.70 | 43,114.00 |
| | 110.70 | $43,114.00 |

EXHIBIT G
CHADBOURNE RETENTION/COMPENSATION
Chadbourne & Parke LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|-----------|---|---|-------------|
| 09/01/11 Thu | Lamb, H 1313904010/234 | 4.80 | 4.80 | 1,368.00 | | F | 1 | MATTER NAME: Fee/Retention Applications COMPREHENSIVE REVIEW OF BILLING PROFORMAS/DAILY TIME DETAIL IN PREPARATION OF AUGUST FEE APPLICATION. |
| 09/02/11 Fri | Daucher, E 1313904010/233 | 3.80 | 3.80 | 1,615.00 | | F | 1 | MATTER NAME: Fee/Retention Applications PREPARE RESPONSES TO FEE EXAMINER'S 7TH AND 8TH PRELIMINARY REPORTS. |
| 09/02/11 Fri | Lamb, H 1313904010/235 | 3.30 | 3.30 | 940.50 | | F | 1 | MATTER NAME: Fee/Retention Applications FURTHER REVIEW OF BILLING PROFORMAS/DAILY TIME DETAIL IN PREPARATION OF AUGUST FEE APPLICATION.` |
| 09/06/11 Tue | Daucher, E 1313904010/245 | 2.10 | 2.10 | 892.50 | | F | 1 | MATTER NAME: Fee/Retention Applications DRAFTING RE: RESPONSE TO FEE EXAMINER'S 7TH AND 8TH INTERIM REPORTS. |
| 09/06/11 Tue | Lamb, H 1313904010/237 | 1.80 | 1.80 | 513.00 | | F | 1 | MATTER NAME: Fee/Retention Applications FURTHER REVIEW OF BILLING PROFORMAS/DAILY TIME DETAIL IN PREPARATION OF AUGUST FEE APPLICATION. |
| 09/07/11 Wed | Bava, D 1313904010/239 | 5.80 | 5.80 | 1,624.00 | 0.60 5.20 | F F | 1 2 | MATTER NAME: Fee/Retention Applications REVIEW AND ANALYSIS OF EXAMINER'S SUPPLEMENT REPORT REGARDING THE 7TH INTERIM FEE APPLICATION OF CHADBOURNE & PARKE (.60); PREPARE EXHIBITS TO RESPONSE (5.2). |
| 09/07/11 Wed | Daucher, E 1313904010/246 | 0.10 | 0.10 | 42.50 | | F | 1 | MATTER NAME: Fee/Retention Applications DISCUSS RESPONSES TO FEE EXAMINER WITH D. DEUTSCH. |
| 09/07/11 Wed | Deutsch, D 1313904010/236 | 1.10 | 1.10 | 797.50 | 0.90 0.20 | F F | 1 2 | MATTER NAME: Fee/Retention Applications REVIEW FEE EXAMINER REPORT ON 7TH INTERIM FEE APPLICATION AND RELATED DRAFT RESPONSE AND EDIT PROPOSED RESPONSE (.9); REVIEW WEEKLY ORDINARY COURSE REPORT (.2). |
| 09/08/11 Thu | Bava, D 1313904010/240 | 4.20 | 4.20 | 1,176.00 | 0.60 3.60 | F F | 1 2 | MATTER NAME: Fee/Retention Applications REVIEW AND ANALYSIS OF EXAMINER'S SUPPLEMENT REPORT REGARDING THE 8TH INTERIM FEE APPLICATION OF CHADBOURNE & PARKE (.60); PREPARE EXHIBITS TO RESPONSE (3.6). |
| 09/08/11 Thu | Daucher, E 1313904010/247 | 1.30 | 1.30 | 552.50 | | F | 1 | MATTER NAME: Fee/Retention Applications REVISE RESPONSES TO 7TH AND 8TH FEE EXAMINER INTERIM REPORTS. |
| 09/08/11 Thu | Deutsch, D 1313904010/242 | 0.20 | 0.20 | 145.00 | 0.20 | F | 1 | MATTER NAME: Fee/Retention Applications CALL AND E-MAIL FEE EXAMINER RE: NEXT STEPS ON RESPONSE TO FEE EXAMINER'S 7TH AND 8TH REPORTS (.2). |
| 09/09/11 Fri | Daucher, E 1313904010/248 | 1.00 | 1.00 | 425.00 | | F | 1 | MATTER NAME: Fee/Retention Applications REVISE RESPONSES AND EXHIBITS TO FEE EXAMINER INTERIM REPORTS. |

~  See the last page of exhibit for explanation

EXHIBIT G

CHADBOURNE RETENTION/COMPENSATION

Chadbourne & Parke LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
| 09/09/11 Fri | Lamb, H 1313904010/238 | 2.80 | 2.80 | 798.00 | | F | MATTER NAME: Fee/Retention Applications 1 BEGIN RESEARCH AND PREPARATION OF WORK DESCRIPTION SUMMARIES FOR AUGUST FEE APPLICATION. |
| 09/12/11 Mon | Daucher, E 1313904010/252 | 4.40 | 4.40 | 1,870.00 | | F | MATTER NAME: Fee/Retention Applications 1 REVISE RESPONSES TO FEE EXAMINERS' 7TH AND 8TH REPORTS AND RELATED EXHIBITS PER COMMENTS FROM D. DEUTSCH. |
| 09/12/11 Mon | Deutsch, D 1313904010/241 | 1.80 | 1.80 | 1,305.00 | 1.10 0.20 0.50 | F F F | MATTER NAME: Fee/Retention Applications 1 REVIEW AND EDIT DRAFT RESPONSE TO FEE EXAMINER'S 8TH QUARTERLY REPORT AND ATTACHED EXHIBITS (1.1); 2 DISCUSS FOLLOW-UP ISSUES ON SAME WITH ERIC DAUCHER (.2); 3 REVIEW TEXT OF REVISED 7TH QUARTERLY REPORT RESPONSE AND EDIT SAME (.5). |
| 09/13/11 Tue | Daucher, E 1313904010/253 | 1.10 | 1.10 | 467.50 | | F | MATTER NAME: Fee/Retention Applications 1 REVISE RESPONSES TO FEE EXAMINER'S 7TH AND 8TH REPORTS AND RELATED EXHIBITS PER D. DEUTSCH'S COMMENTS. |
| 09/13/11 Tue | Deutsch, D 1313904010/243 | 1.80 | 1.80 | 1,305.00 | 1.60 0.20 | F F | MATTER NAME: Fee/Retention Applications 1 FINAL REVIEW AND MARK-UP OF RESPONSE TO 7TH AND 8TH FEE APPLICATION REPORTS BY FEE EXAMINER (1.6); 2 CONFERENCE WITH ERIC DAUCHER TO DISCUSS FINAL EDITS TO SAME (.2). |
| 09/13/11 Tue | Lamb, H 1313904010/244 | 2.30 | 2.30 | 655.50 | | F | MATTER NAME: Fee/Retention Applications 1 CONTINUE TO RESEARCH AND PREPARE WORK SUMMARY DESCRIPTIONS FOR AUGUST FEE APPLICATION. |
| 09/14/11 Wed | Daucher, E 1313904010/254 | 1.40 | 1.40 | 595.00 | | F | MATTER NAME: Fee/Retention Applications 1 FINALIZE RESPONSES TO FEE EXAMINER'S 7TH AND 8TH REPORTS AND RELATED EXHIBITS. |
| 09/17/11 Sat | Lamb, H 1313904010/249 | 4.20 | 4.20 | 1,197.00 | 2.40 1.80 | F F | MATTER NAME: Fee/Retention Applications 1 CONTINUE TO RESEARCH AND PREPARE WORK DESCRIPTIONS FOR AUGUST FEE APPLICATION (2.4); 2 REVIEW AND RESEARCH EXPENSES INCURRED DURING AUGUST FEE PERIOD TO PROVIDE REQUIRED DETAIL IN FEE APPLICATION (1.8). |
| 09/19/11 Mon | Lamb, H 1313904010/251 | 1.70 | 1.70 | 484.50 | | F | MATTER NAME: Fee/Retention Applications 1 CONTINUE RESEARCH AND PREPARE LITIGATION WORK SUMMARY DESCRIPTIONS FOR MONTHLY FEE APPLICATION. |
| 09/26/11 Mon | Bava, D 1313904010/260 | 3.10 | 3.10 | 868.00 | 3.10 | F | MATTER NAME: Fee/Retention Applications 1 PREPARE AND REVISE TENTH QUARTERLY FEE SUMMARY (3.10). |
| 09/26/11 Mon | Deutsch, D 1313904010/257 | 3.40 | 3.40 | 2,465.00 | 3.40 | F | MATTER NAME: Fee/Retention Applications 1 REVIEW AND EDIT AUGUST TIME ENTRIES (3.4). |
| 09/27/11 Tue | Deutsch, D 1313904010/261 | 1.50 | 1.50 | 1,087.50 | 0.80 0.50 0.20 | F F F | MATTER NAME: Fee/Retention Applications 1 REVIEW AND EDIT DRAFT FEE APPLICATION FOR AUGUST (.8); 2 DRAFT INSERTS FOR SAME (.5); 3 RELATED DISCUSSION ON NEXT STEPS WITH HELEN LAMB (.2). |

~  See the last page of exhibit for explanation

EXHIBIT G

CHADBOURNE RETENTION/COMPENSATION

Chadbourne & Parke LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 09/27/11 Tue | Lamb, H 1313904010/258 | 1.60 | 1.60 | 456.00 | 0.50 1.10 | F F | 1 2 | MATTER NAME: Fee/Retention Applications REVIEW D.DEUTSCH COMMENTS REGARDING FEES (.5); FINALIZE DRAFT FEE APPLICATION IN ACCORDANCE WITH SAME (1.1) |
| 09/30/11 Fri | Deutsch, D 1313904010/264 | 0.30 | 0.30 | 217.50 | 0.20 0.10 | F F | 1 2 | MATTER NAME: Fee/Retention Applications CALL WITH ANDREW DALTON RE: FEE APPLICATION REVIEW ISSUES (.2); DRAFT NOTE TO FILE ON SAME (.1). |
| 10/02/11 Sun | Lamb, H 1313919010/188 | 3.80 | 3.80 | 1,083.00 | | F | 1 | MATTER NAME: Fee/Retention Applications BEGIN REVIEW OF BILLING PROFORMAS/DAILY TIME DETAIL IN PREPARATION OF MONTHLY FEE APPLICATION. |
| 10/03/11 Mon | Bava, D 1313919010/191 | 0.60 | 0.60 | 168.00 | 0.60 | F | 1 | MATTER NAME: Fee/Retention Applications REVISE QUARTERLY FEE SUMMARY TO INCLUDE ADDITIONAL PROFESSIONALS (.60). |
| 10/03/11 Mon | Roitman, M 1313919010/187 | 0.30 | 0.30 | 127.50 | 0.20 0.10 | F F | 1 2 | MATTER NAME: Fee/Retention Applications REVIEW AND COMMENT UPON DRAFT TENTH INTERIM FEE SUMMARY (0.2); CONFER WITH D. BAVA RE: SAME (0.1) |
| 10/04/11 Tue | Roitman, M 1313919010/190 | 0.40 | 0.40 | 170.00 | 0.30 0.10 | F F | 1 2 | MATTER NAME: Fee/Retention Applications REVISE TENTH QUARTERLY FEE SUMMARY (0.3); CONFER WITH D. DEUTSCH AND D. BAVA RE: SAME (0.1). |
| 10/04/11 Tue | Seife, H 1313919010/197 | 0.40 | 0.40 | 394.00 | | F | 1 | MATTER NAME: Fee/Retention Applications REVIEW OF QUARTERLY FEE SUMMARY. |
| 10/05/11 Wed | Lamb, H 1313919010/189 | 2.00 | 2.00 | 570.00 | | F | 1 | MATTER NAME: Fee/Retention Applications PREPARATION OF ELEVENTH INTERIM FEE APPLICATION. |
| 10/06/11 Thu | Lamb, H 1313919010/193 | 3.50 | 3.50 | 997.50 | | F | 1 | MATTER NAME: Fee/Retention Applications FURTHER REVIEW OF BILLING PROFORMAS/DAILY TIME DETAIL IN PREPARATION OF MONTHLY FEE APPLICATION. |
| 10/09/11 Sun | Lamb, H 1313919010/195 | 3.30 | 3.30 | 940.50 | | F | 1 | MATTER NAME: Fee/Retention Applications RESEARCH AND PREPARE WORK DESCRIPTION SUMMARIES FOR SEPTEMBER FEE APPLICATION. |
| 10/10/11 Mon | Deutsch, D 1313919010/196 | 0.40 | 0.40 | 290.00 | 0.40 | F | 1 | MATTER NAME: Fee/Retention Applications FINAL REVIEW/EXECUTE ELEVENTH INTERIM FEE APPLICATION (.4). |
| 10/12/11 Wed | Deutsch, D 1313919010/202 | 4.10 | 4.10 | 2,972.50 | 4.10 | F | 1 | MATTER NAME: Fee/Retention Applications REVIEW AND REVISE SEPTEMBER FEE APPLICATION TIME ENTREES (4.1). |
| 10/12/11 Wed | Lamb, H 1313919010/198 | 2.40 | 2.40 | 684.00 | | F | 1 | MATTER NAME: Fee/Retention Applications CONTINUE TO RESEARCH AND PREPARE WORK DESCRIPTION SUMMARIES FOR MONTHLY FEE APPLICATION. |

~ See the last page of exhibit for explanation

EXHIBIT G

CHADBOURNE RETENTION/COMPENSATION

Chadbourne & Parke LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
| 10/12/11 Wed | Roitman, M 1313919010/200 | 0.40 | 0.40 | 170.00 | 0.40 | F | *MATTER NAME: Fee/Retention Applications*<br>1 DRAFT INSERT FOR FEE APPLICATION RE: ANALYSIS OF POSTPETITION INTEREST ISSUE (0.4) |
| 10/13/11 Thu | Lamb, H 1313919010/199 | 1.40 | 1.40 | 399.00 | | F | *MATTER NAME: Fee/Retention Applications*<br>1 CONTINUE TO RESEARCH AND PREPARE WORK DESCRIPTION SUMMARIES FOR MONTHLY FEE APPLICATION. |
| 10/13/11 Thu | Lamb, H 1313919010/201 | 0.80 | 0.80 | 228.00 | | F | *MATTER NAME: Fee/Retention Applications*<br>1 REVIEW DRAFT OMNIBUS ORDER REGARDING FIFTH INTERIM FEES (RE CHADBOURNE AND COMMITTEE MEMBERS). |
| 10/13/11 Thu | Seife, H 1313919010/206 | 0.20 | 0.20 | 197.00 | | F | *MATTER NAME: Fee/Retention Applications*<br>1 REVIEW DRAFT OF OMNIBUS FEE ORDER. |
| 10/17/11 Mon | Daucher, E 1313919010/209 | 0.80 | 0.80 | 340.00 | | F | *MATTER NAME: Fee/Retention Applications*<br>1 DRAFT RESPONSE TO FEE EXAMINER'S REPORT ON COMMITTEE MEMBERS' 17TH AND 18TH MONTHLY APPLICATIONS. |
| 10/19/11 Wed | Daucher, E 1313919010/208 | 0.30 | 0.30 | 127.50 | | F | *MATTER NAME: Fee/Retention Applications*<br>1 REVISE RESPONSE LETTER TO FEE EXAMINER RE: COMMITTEE MEMBERS' 17TH AND 18TH APPLICATIONS. |
| 10/19/11 Wed | Lamb, H 1313919010/205 | 1.10 | 1.10 | 313.50 | | F | *MATTER NAME: Fee/Retention Applications*<br>1 REVIEW, REVISE AND FINALIZE DRAFT MONTHLY FEE APPLICATION.` |
| 10/21/11 Fri | Deutsch, D 1313919010/212 | 0.20 | 0.20 | 145.00 | 0.20 | F | *MATTER NAME: Fee/Retention Applications*<br>1 REVIEW LAST WEEK'S PROFESSIONAL FEE APPLICATION REPORT (.2). |
| 10/24/11 Mon | Deutsch, D 1313919010/210 | 1.30 | 1.30 | 942.50 | 1.10<br>0.20 | F<br>F | *MATTER NAME: Fee/Retention Applications*<br>1 REVIEW AND EDIT FEE APPLICATION SUMMARY DESCRIPTIONS (1.1);<br>2 FINAL REVIEW AND SIGN-OFF OF SAME (.2). |
| 10/24/11 Mon | Lamb, H 1313919010/213 | 1.30 | 1.30 | 370.50 | | F | *MATTER NAME: Fee/Retention Applications*<br>1 REVISE AND FINALIZE SEPTEMBER FEE APPLICATION IN ACCORDANCE WITH D.DEUTSCH COMMENTS. |
| 11/01/11 Tue | Lamb, H 1313937010/186 | 3.60 | 3.60 | 1,062.00 | | F | *MATTER NAME: Fee/Retention Applications*<br>1 BEGIN REVIEW OF BILLING PROFORMAS/DAILY TIME DETAIL IN PREPARATION OF OCTOBER FEE APPLICATION. |
| 11/04/11 Fri | Lamb, H 1313937010/187 | 2.80 | 2.80 | 826.00 | | F | *MATTER NAME: Fee/Retention Applications*<br>1 CONTINUE TO REVIEW BILLING PROFORMAS/DAILY TIME DETAIL IN PREPARATION OF MONTHLY FEE APPLICATION. |
| 11/07/11 Mon | Lamb, H 1313937010/189 | 1.70 | 1.70 | 501.50 | | F | *MATTER NAME: Fee/Retention Applications*<br>1 FURTHER REVIEW OF BILLING PROFORMAS/DAILY TIME DETAIL IN PREPARATION OF MONTHLY FEE APPLICATION. |

~  See the last page of exhibit for explanation

EXHIBIT G
CHADBOURNE RETENTION/COMPENSATION
Chadbourne & Parke LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 11/09/11 Wed | Lamb, H 1313937010/191 | 1.30 | 1.30 | 383.50 | | F | 1 | MATTER NAME: Fee/Retention Applications<br>BEGIN TO DRAFT WORK DESCRIPTION SUMMARIES FOR OCTOBER FEE APPLICATION. |
| 11/11/11 Fri | Lamb, H 1313937010/192 | 3.30 | 3.30 | 973.50 | | F | 1 | MATTER NAME: Fee/Retention Applications<br>FURTHER RESEARCH AND PREPARATION OF WORK DESCRIPTION SUMMARIES FOR MONTHLY FEE APPLICATION. |
| 11/17/11 Thu | Lamb, H 1313937010/193 | 2.40 | 2.40 | 708.00 | | F | 1 | MATTER NAME: Fee/Retention Applications<br>FURTHER RESEARCH AND PREPARATION OF WORK DESCRIPTION SUMMARIES FOR MONTHLY FEE APPLICATION. |
| 11/18/11 Fri | Deutsch, D 1313937010/194 | 2.60 | 2.60 | 1,937.00 | 2.60 | F | 1 | MATTER NAME: Fee/Retention Applications<br>REVIEW DRAFT FEE APPLICATION DETAIL AND EDIT SAME (2.6). |
| 11/21/11 Mon | Deutsch, D 1313937010/196 | 0.70 | 0.70 | 521.50 | 0.70 | F | 1 | MATTER NAME: Fee/Retention Applications<br>REVIEW AND EDIT OCTOBER FEE APPLICATION FOR COURT FILING (.7). |
| 11/21/11 Mon | Lamb, H 1313937010/195 | 1.10 | 1.10 | 324.50 | | F | 1 | MATTER NAME: Fee/Retention Applications<br>FINALIZE DRAFT OF FEE APPLICATION FOR ATTORNEY REVIEW. |
| 11/22/11 Tue | Lamb, H 1313937010/199 | 1.30 | 1.30 | 383.50 | | F | 1 | MATTER NAME: Fee/Retention Applications<br>REVIEW, REVISE AND FINALIZE MONTHLY FEE APPLICATION IN ACCORDANCE WITH D.DEUTSCH COMMENTS. |
| Total | | | 110.70 | $43,114.00 | | | | |
| Number of Entries: | 57 | | | | | | | |

~ See the last page of exhibit for explanation

EXHIBIT G

CHADBOURNE RETENTION/COMPENSATION

Chadbourne & Parke LLP


SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Bava, D | 13.70 | 3,836.00 |
| Daucher, E | 16.30 | 6,927.50 |
| Deutsch, D | 19.40 | 14,131.00 |
| Lamb, H | 59.60 | 17,161.00 |
| Roitman, M | 1.10 | 467.50 |
| Seife, H | 0.60 | 591.00 |
| | 110.70 | $43,114.00 |


SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee/Retention Applications | 110.70 | 43,114.00 |
| | 110.70 | $43,114.00 |


(-) REASONS FOR TASK HOUR ASSIGNMENTS

F       FINAL BILL

EXHIBIT H

OTHER FIRMS' RETENTION/COMPENSATION

Chadbourne & Parke LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Deutsch, D | 4.40 | 3,220.00 |
| Marrero, J | 12.70 | 4,966.50 |
| McCormack, T | 0.30 | 262.50 |
| | 17.40 | $8,449.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee/Retention Applications | 17.40 | 8,449.00 |
| | 17.40 | $8,449.00 |

EXHIBIT H

OTHER FIRMS' RETENTION/COMPENSATION

Chadbourne & Parke LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 09/16/11 Fri | Marrero, J 1313904010/250 | 0.90 | 0.90 | 337.50 | 0.50 0.40 | F F | 1 2 | *MATTER NAME: Fee/Retention Applications* DRAFT WEEKLY ORDINARY COURSE PROFESSINAL REPORT (0.5); DRAFT PROFESSIONAL FEE REPORTS (0.4). |
| 09/17/11 Sat | Deutsch, D 1313904010/256 | 0.20 | 0.20 | 145.00 | 0.20 | F | 1 | *MATTER NAME: Fee/Retention Applications* REVIEW WEEKLY ORDINARY COURSE PROFESSIONAL REPORT (.2). |
| 09/21/11 Wed | Deutsch, D 1313904010/255 | 0.60 | 0.60 | 435.00 | 0.10 0.10 0.20 0.20 | F F F F | 1 2 3 4 | *MATTER NAME: Fee/Retention Applications* REVIEW E-MAIL FROM DEBTORS RE: ORDINARY COURSE PROFESSIONAL ISSUE (.1); E-MAIL JESSICA MARRERO RE: NEXT STEPS ON SAME (.1); REVIEW WEEKLY ORDINARY COURSE PROFESSIONAL REPORT (.2); REVIEW WEEKLY PROFESSIONAL FEE APPLICATION STATUS REPORT (.2). |
| 09/21/11 Wed | Marrero, J 1313904010/262 | 0.20 | 0.20 | 75.00 | 0.10 0.10 | F F | 1 2 | *MATTER NAME: Fee/Retention Applications* EMAIL CORRESPONDENCE WITH D.DEUTSCH RE: AUGUST ORDINARY COURSE PROFESSIONALS REPORT (0.1); EMAIL CORRESPONDENCE WITH DEBTORS COUNSEL RE SAME (0.1) |
| 09/26/11 Mon | Marrero, J 1313904010/259 | 0.90 | 0.90 | 337.50 | 0.70 0.20 | F F | 1 2 | *MATTER NAME: Fee/Retention Applications* DRAFT WEEKLY ORDINARY COURSE PROFESSIONAL REPORT (0.7); DRAFT CASE PROFESSIONALS FEE REPORT (0.2) |
| 09/29/11 Thu | Deutsch, D 1313904010/263 | 0.40 | 0.40 | 290.00 | 0.30 0.10 | F F | 1 2 | *MATTER NAME: Fee/Retention Applications* REVIEW WEEKLY ORDINARY COURSE PROFESSIONAL REPORT (.3); REVIEW WEEKLY PROFESSIONAL FEE REPORT (.1). |
| 09/30/11 Fri | Marrero, J 1313904010/265 | 1.30 | 1.30 | 487.50 | 0.50 0.80 | F F | 1 2 | *MATTER NAME: Fee/Retention Applications* DRAFT ORDINARY COURSE PROFESSIONALS REPORT (0.5); DRAFT PROFESSIONAL FEE REPORT SUMMARY (0.8) |
| 10/04/11 Tue | Deutsch, D 1313919010/192 | 0.40 | 0.40 | 290.00 | 0.20 0.20 | F F | 1 2 | *MATTER NAME: Fee/Retention Applications* REVIEW WEEKLY ORDINARY COURSE PROFESSIONAL REPORT (.2); REVIEW WEEKLY PROFESSIONAL FEE APPLICATION REPORT (.2). |
| 10/07/11 Fri | Marrero, J 1313919010/194 | 0.80 | 0.80 | 300.00 | 0.50 0.30 | F F | 1 2 | *MATTER NAME: Fee/Retention Applications* DRAFT WEEKLY ORDINARY COURSE PROFESSIONALS REPORT (0.5); DRAFT CASE PROFESSIONALS REPORT (0.3). |
| 10/17/11 Mon | Deutsch, D 1313919010/211 | 0.30 | 0.30 | 217.50 | 0.30 | F | 1 | *MATTER NAME: Fee/Retention Applications* REVIEW OCTOBER 7TH WEEKLY ORDINARY COURSE PROFESSIONAL REPORT (.3). |
| 10/17/11 Mon | Marrero, J 1313919010/203 | 0.60 | 0.60 | 225.00 | 0.20 0.40 | F F | 1 2 | *MATTER NAME: Fee/Retention Applications* DRAFT WEEKLY ORDINARY COURSE PROFESSIONALS REPORT (0.2); DRAFT CASE PROFESSIONALS REPORT (0.4). |
| 10/18/11 Tue | Deutsch, D 1313919010/204 | 0.40 | 0.40 | 290.00 | 0.30 0.10 | F F | 1 2 | *MATTER NAME: Fee/Retention Applications* REVIEW AND EDIT LETTER TO FEE EXAMINER RE: INQUIRY ON CERTAIN COMMITTEE MEMBER EXPENSES (.3); CALL TO FEE EXAMINER RE: RELATED ISSUE (.1). |

~ See the last page of exhibit for explanation

EXHIBIT H
OTHER FIRMS' RETENTION/COMPENSATION
Chadbourne & Parke LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 10/20/11 Thu | Deutsch, D 1313919010/207 | 0.20 | 0.20 | 145.00 | 0.20 | F | 1 | MATTER NAME: Fee/Retention Applications<br>REVIEW AND MAKE FINAL EDITS TO LETTER TO FEE EXAMINER RE: INQUIRY ON RECENT COMMITTEE EXPENSES (.2). |
| 10/26/11 Wed | Marrero, J 1313919010/214 | 0.80 | 0.80 | 300.00 | 0.40<br>0.40 | F<br>F | 1<br>2 | MATTER NAME: Fee/Retention Applications<br>DRAFT PROFESSIONAL FEE REPORT (0.4);<br>DRAFT ORDINARY COURSE PROFESSIONALS REPORT (0.4). |
| 10/27/11 Thu | Deutsch, D 1313919010/216 | 0.40 | 0.40 | 290.00 | 0.30<br>0.10 | F<br>F | 1<br>2 | MATTER NAME: Fee/Retention Applications<br>REVIEW WEEKLY ORDINARY COURSE PROFESSIONAL REPORT (.3);<br>REVIEW WEEKLY CASE PROFESSIONAL REPORT (.1). |
| 10/27/11 Thu | Marrero, J 1313919010/215 | 3.20 | 3.20 | 1,200.00 | 0.50<br>2.70 | F<br>F | 1<br>2 | MATTER NAME: Fee/Retention Applications<br>REVIEW DEBTORS' MONTHLY ORDINARY COURSE PROFESSIONALS REPORT (0.5);<br>DRAFT ORDINARY COURSE PROFESSIONALS REPORT (2.7). |
| 10/31/11 Mon | Marrero, J 1313919010/217 | 0.60 | 0.60 | 225.00 | | F | 1 | MATTER NAME: Fee/Retention Applications<br>DRAFT ORDINARY COURSE PROFESSIONALS REPORT. |
| 11/02/11 Wed | Deutsch, D 1313937010/197 | 0.40 | 0.40 | 298.00 | 0.30<br>0.10 | F<br>F | 1<br>2 | MATTER NAME: Fee/Retention Applications<br>REVIEW DRAFT MEMORANDUM TO COMMITTEE FROM ZUCKERMAN RE: RETENTION ISSUE (.3);<br>EXCHANGE E-MAILS WITH ANDREW GOLDFARB ON SAME (.1). |
| 11/04/11 Fri | Marrero, J 1313937010/190 | 0.70 | 0.70 | 304.50 | 0.50<br>0.20 | F<br>F | 1<br>2 | MATTER NAME: Fee/Retention Applications<br>REVIEW DOCKET FOR UPDATES TO ORDINARY COURSE PROFESSIONAL REPORT AND PROFESSIONAL FEE REPORT (0.5);<br>EMAIL CORRESPONDENCE WITH D.DEUTSCH RE: SAME (0.2) |
| 11/07/11 Mon | Deutsch, D 1313937010/188 | 0.10 | 0.10 | 74.50 | 0.10 | F | 1 | MATTER NAME: Fee/Retention Applications<br>REVIEW WEEKLY ORDINARY COURSE PROFESSIONAL REPORT (.1). |
| 11/14/11 Mon | Marrero, J 1313937010/198 | 0.40 | 0.40 | 174.00 | 0.20<br>0.20 | F<br>F | 1<br>2 | MATTER NAME: Fee/Retention Applications<br>DRAFT ORDINARY COURSE PROFESSIONALS REPORT (0.2);<br>DRAFT PROFESSIONAL FEE REPORT (0.2) |
| 11/21/11 Mon | Marrero, J 1313937010/202 | 1.00 | 1.00 | 435.00 | 0.40<br>0.40<br>0.20 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: Fee/Retention Applications<br>REVIEW DEBTORS MONTHLY ORDINARY COURSE PROFESSIONALS REPORT (0.4);<br>DRAFT WEEKLY ORDINARY COURSE PROFESSIONALS REPORT (0.4);<br>DRAFT PROFESSIONAL FEE REPORT (0.2). |
| 11/22/11 Tue | Deutsch, D 1313937010/201 | 0.30 | 0.30 | 223.50 | 0.30 | F | 1 | MATTER NAME: Fee/Retention Applications<br>REVIEW WEEKLY ORDINARY COURSE PROFESSIONAL REPORT (.3). |
| 11/26/11 Sat | Deutsch, D 1313937010/200 | 0.70 | 0.70 | 521.50 | 0.10<br>0.10<br>0.20<br>0.10<br>0.20 | F<br>F<br>F<br>F<br>F | 1<br>2<br>3<br>4<br>5 | MATTER NAME: Fee/Retention Applications<br>REVIEW NEW RETENTION APPLICATION (.1);<br>E-MAIL JESSICA MARRERO RE: REQUIRED COMMITTEE ANALYSIS OF SAME (.1);<br>REVIEW WEEKLY ORDINARY COURSE PROFESSIONAL REPORT (.2);<br>EXCHANGE RELATED E-MAILS WITH JESSICA MARRERO (.1);<br>REVIEW WEEKLY CASE PROFESSIONAL REPORT (.2). |

~ See the last page of exhibit for explanation

EXHIBIT H
OTHER FIRMS' RETENTION/COMPENSATION
Chadbourne & Parke LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|------|------|------|------|------|------|------|
| | | | | | | | *MATTER NAME: Fee/Retention Applications* |
| 11/29/11 Tue | McCormack, T 1313937010/204 | 0.30 | 0.30 | 262.50 | 0.30 | F | 1 REVIEW MEMO RE: ZUCKERMAN REPRESENTATION ISSUES AND CONFER M. ASHLEY RE: SAME (0.3). |
| | | | | | | | *MATTER NAME: Fee/Retention Applications* |
| 11/30/11 Wed | Marrero, J 1313937010/203 | 1.30 | 1.30 | 565.50 | | F | 1 DRAFT MEMO TO THE COMMITTEE RE: DEBTORS APPLICATION TO RETAIN SNR DENTON |
| Total | | | 17.40 | $8,449.00 | | | |
| Number of Entries: | 26 | | | | | | |

EXHIBIT H

OTHER FIRMS' RETENTION/COMPENSATION

Chadbourne & Parke LLP

### SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Deutsch, D | 4.40 | 3,220.00 |
| Marrero, J | 12.70 | 4,966.50 |
| McCormack, T | 0.30 | 262.50 |
| | 17.40 | $8,449.00 |

### SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee/Retention Applications | 17.40 | 8,449.00 |
| | 17.40 | $8,449.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL