## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Objection Date:**  November 15 , 2012 at 4:00 p.m.<br>**Hearing Date:** *Only if Objections are filed* |

### ELEVENTH MONTHLY FEE APPLICATION OF SNR DENTON US LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD OF SEPTEMBER 1, 2012 THROUGH SEPTEMBER 30, 2012

| | |
|---|---|
| Name of Applicant: | **SNR Denton US LLP** |
| Authorized to Provide Professional Services to: | **Debtors** |
| Date of Retention: | **December 12, 2011 (nunc pro tunc to November 1, 2011)** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

| Period for Which Compensation and Reimbursement is Sought: | **September 1, 2012 through September 30, 2012** |
|---|---|
| Amount of compensation sought as actual, reasonable and necessary: | **$24,426.00**[2] |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary | **$607.00** |

This is a(n):  __X__ monthly  _____ interim  _____ final application

Requested Payment Amount:

| Fees at 80% | **$19,540.80** |
|---|---|
| Expenses at 100% | **$607.00** |

Prior Fee Applications[3]:

| Application | Date Filed | Requested Period Covered | Fees | Expenses | Approved Fees | Expenses |
|---|---|---|---|---|---|---|
| 1st | 1/13/12 | 11/1/2011-11/30/2011 | $36,268.00 | $548.90 | Pending | Pending |
| 2nd | 4/13/12 | 12/1/2011-12/31/2011 | $52,607.20 | $634.40 | Pending | Pending |
| 3rd | 4/13/12 | 1/1/2012-1/31/2012 | $66,291.20 | $161.00 | Pending | Pending |
| 4th | 4/13/12 | 2/1/2012-2/29/2012 | $31,168.80 | $702.51 | Pending | Pending |

---

[2]  Due to the Debtors' recent request for reductions in connection with certain of SNR Denton's August invoices (specifically, a reduction of Invoice No. 1413902 in the amount of $57.50 and a reduction of Invoice No. 1413906 in the amount of $345.00) for which a fee application has previously been filed, SNR Denton has agreed to deduct a total of $402.50 from the amount requested as part of this Application.  Thus, the Debtors will only be required to pay SNR Denton $24,426.00 on account of the Compensation Period.

[3]  As further explained herein, SNR Denton US LLP was originally retained by the Debtors as an Ordinary Course Professional pursuant to the Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business [D.I. 227)] (the "OCP Order").

| | | | | | | |
|---|---|---|---|---|---|---|
| 5th | 7/12/12 | 3/1/2012-3/31/2012 | $52,910.80 | $1,038.40 | Pending | Pending |
| 6th | 7/12/12 | 4/1/2012-4/30/2012 | $13,766.00 | $331.70 | Pending | Pending |
| 7th | 7/12/12 | 5/1/2012-5/31/2012 | $31,065.60 | $354.40 | Pending | Pending |
| 8th | 9/25/12 | 6/1/2012-6/30/2012 | $16,160.40 | $34.40 | Pending | Pending |
| 9th | 9/25/12 | 7/1/2012-7/31/2012 | $44,877.20 | $358.20 | Pending | Pending |
| 10th | 10/1/12 | 8/1/2012-8/31/2012 | $36,540.00 | $903.17 | Pending | Pending |

**FEE SUMMARY FOR THE PERIOD FROM**
**SEPTEMBER 1, 2012 THROUGH SEPTEMBER 30, 2012**

| Name of Professional/ Individual | Position, Area of Expertise, Year of Obtaining License to Practice | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James A. Klenk | Partner/ Intellectual Property & Technology Group/ Admitted to Illinois Bar in 1974 | $650.00 | 15.9 | $10,335.00 |
| Natalie J. Spears | Partner/ Litigation/ Admitted to Illinois Bar in 1995 | $575.00 | 5.0 | $2,875.00 |
| Margo Weinstein | Former Partner/ Litigation/ Admitted to Illinois Bar in 1988 | $650.00 | 1.6 | $1,040.00 |
| Gregory R. Naron | Counsel/ Litigation/ Admitted to Illinois Bar in 1991 | $520.00 | 3.7 | $1,924.00 |
| Tiffany L. Amlot | Senior Managing Associate/ Admitted to Wisconsin Bar in 2004 and Illinois Bar in 2007 | $400.00 | 11.9 | $4,760.00 |
| Kristen C. Rodriguez | Associate/ Litigation/ Admitted to Illinois Bar in 2009. | $335.00 | 5.5 | $1,842.50 |
| Katherine L. Staba | Associate/ Intellectual Property & Technology Group/ Admitted to Massachusetts Bar in 2009 and Illinois Bar in 2010 | $380.00 | 5.4 | $2,052.00 |

4

| Name of Professional/ Individual | Position, Area of Expertise, Year of Obtaining License to Practice | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| | | | | |
| Total | | | 49.0 | $24,828.50 |
| Blended Rate | | $506.70 | | |
| *Minus $402.50 Reduction re August invoices* | | | | *($402.50)* |
| Grand Total | | | | $24,426.00 |

**COMPENSATION BY PROJECT CATEGORY FOR THE PERIOD FROM
SEPTEMBER 1, 2012 THROUGH SEPTEMBER 30, 2012**

| Matter Description | Total Hours | Total Fees |
|---|---|---|
| Bruce Smith | 11.4 | $4,932.50 |
| Roberto Rivera | 13.1 | $7,097.50 |
| Cheryl Naedler | 8.8 | $5,288.00 |
| Ordinance Violation re Advertising | 4.5 | $1,887.50 |
| Christopher Buchanan | 5.5 | $2,549.00 |
| Editorial - General | 5.7 | $3,074.00 |
| **SUBTOTAL** | **49.0** | **$24,828.50** |
| *Minus $402.50 Reduction re August invoices* | | *($402.50)* |
| **TOTAL** | | **$24,426.00** |

6

**EXPENSE SUMMARY FOR THE PERIOD FROM**
**SEPTEMBER 1, 2012 TO SEPTEMBER 30, 2012**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Outside Duplicating | | $45.00 |
| Document Reproduction | SNR Denton US LLP | $10.60 |
| Ground Transportation | | $18.00 |
| Online research database | Accurint | $97.40 |
| Court Costs | | $436.00 |
| **Total** | | **$607.00** |

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>Objection Date: November 15 , 2012 at 4:00 p.m.<br>Hearing Date: *Only if Objections are filed* |

### ELEVENTH MONTHLY FEE APPLICATION OF SNR DENTON US LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FOR THE PERIOD OF SEPTEMBER 1, 2012 THROUGH SEPTEMBER 30, 2012

SNR Denton US LLP ("SNR Denton"), as special counsel to the Debtors for certain

litigation and transactional matters hereby respectfully submits this Tenth Monthly Fee

Application of SNR Denton US LLP for Compensation and Reimbursement of Fees and

Expenses as Special Counsel to the Debtors for the Period of September 1, 2012 through

September 30, 2012 (the "Application") pursuant to 11 U.S.C. §§ 327, 331 and 503, Federal

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

LA1 2309326V.1

Rule of Bankruptcy Procedure 2016, Rule 2016-2 of the Local Rules for the United States

Bankruptcy Court for the District of Delaware (the "Local Rules"), the Order Pursuant to 11

U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and

Reimbursement of Expenses of Professionals [D.I. 225] (the "Administrative Order"), the

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses

promulgated by the Executive Office of the United States Trustees pursuant to 28 U.S.C. §

586(a)(3)(A), and the Order Appointing Fee Examiner and Establishing Related Procedures for

Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee

Applications, dated March 19, 2009.  By this Application, SNR Denton, as special counsel to the

Debtors for certain litigation and transactional matters in these cases, seeks interim approval and

payment of compensation for legal services performed and expenses incurred during the period

commencing September 1, 2012 through September 30, 2012 (the "Compensation Period").  In

support hereof, SNR Denton respectfully represents the following:

## I.    FACTUAL BACKGROUND

1.    On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions

for relief pursuant to Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*

(the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the

"Court").

2.    The Debtors continue to operate their businesses and manage their properties as

debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

3.    On December 18, 2008, the Office of the United States Trustee for the District of

Delaware (the "UST") appointed the Official Committee of Unsecured Creditors.

4.      On December 26, 2008, the Debtors filed the Motion for an Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code [D.I. 148] (the "OCP Motion"). In the OCP Motion, the Debtors sought approval of this Court to employ and retain certain ordinary course professionals to provide services to the Debtors as necessary for the day-to-day operations of the Debtors' businesses on terms substantially similar to those in effect prior to the Petition Date. Exhibit A to the OCP Motion contained a list of such ordinary course professionals sought to be retained by the Debtors, including SNR. On January 15, 2009, this Court granted the OCP Order approving procedures for the employment, retention, and compensation of the ordinary course professionals. [D.I. 227.]

5.      On November 23, 2011, the Debtors filed an application for an order authorizing the employment and retention of SNR Denton as special counsel for certain First Amendment, publishing, outsourcing and other litigation and transactional matters pursuant to §§ 327(e) and 1107 of the Bankruptcy Code, *nunc pro tunc* to November 1, 2011 [D.I. 10295.] (the "Special Counsel Application"). The Special Counsel Application was filed for the limited purpose of converting SNR Denton's retention by the Debtors under this Court's OCP Order into a retention pursuant to Sections 327(e) and 1103 of the Bankruptcy Code, given that SNR Denton had exceeded the applicable monthly cap on its services under the OCP Order for multiple consecutive months, and that the Debtors expect that SNR Denton may continue to exceed that monthly cap on a regular basis in the future.

6.      On December 12, 2011, this Court entered an order approving the Special Counsel Application and authorizing the Debtors to employ SNR Denton as special counsel to

the Debtors for certain litigation and transactional matters in these cases *nunc pro tunc* to

November 1, 2011 [D.I. 10422] (the "Retention Order").

## II.    BASIS FOR RELIEF REQUESTED

7.      Pursuant to the Administrative Order and Section 331 of the Bankruptcy Code,

SNR Denton seeks interim approval of compensation for professional services rendered, in the

amount of $24,426.00[2] subject to a twenty percent (20%) holdback, and reimbursement of

expenses in the amount of $607.00 for services rendered as special counsel to the Debtors for

certain litigation and transactional matters during the Compensation Period.  Additional

information as required by Local Rule 2016-2(c), (d), and (e) relating to the fees and expenses

requested herein are attached hereto.

## III.    ALLOWANCE OF COMPENSATION

8.      Attached hereto as Exhibit A are the detailed time records for the Compensation

Period.[3]  The time records contain daily time logs describing the time spent by each attorney and

paraprofessional for the Compensation Period.  Attorneys and paraprofessionals of SNR Denton

have expended a total of 49.0 hours in connection with these cases during the Compensation

Period.  The reasonable value of services rendered by SNR Denton to the Debtors during the

---

[2] Due to the Debtors' recent request for reductions in connection with certain of SNR Denton's August invoices (specifically, a reduction in Invoice No. 1413902 in the amount of $57.50 and a reduction in Invoice No. 1413906 in the amount of $345.00) for which a fee application has previously been filed, SNR Denton has agreed to deduct a total of $402.50 from the amount requested as part of this Application. Thus, the Debtors will only be required to pay SNR Denton $24,426.00 on account of the Compensation Period.

[3] Certain invoices that constitute Exhibit A contain time entries that have been redacted due to their sensitive and privileged nature. Upon reasonable request, SNR Denton will provide requesting parties with unredacted copies of such invoices. Further, upon filing this Application, SNR Denton will promptly send the Fee Examiner unredacted copies of such invoices.

Compensation Period is $24,426.00  Such an amount is a result of SNR Denton's normal hourly rates for work of this nature.

9.     The following is a summary of the activities performed by SNR Denton attorneys, paralegals and other professionals during the Compensation Period, organized by project category.

   a. **Bruce Smith (09721775-0005/ Invoice No. 1420295).**  During the Compensation Period, SNR Denton defended the Debtors in a defamation action, including by drafting a motion for substitution of judge, attending a hearing, drafting and filing a motion to dismiss, and reviewing responses regarding the motion to dismiss.

   b. **Roberto Rivera  (09721775-0007/ Invoice No. 1420296).**  During the Compensation Period, SNR Denton defended a Tribune reporter in a defamation lawsuit brought by a public official, including by drafting and filing a summary judgment motion to dispose of all issues in the case, drafting an affidavit, and appearing in court on status and summary judgment briefing schedule.

   c. **Cheryl Naedler (09721775-0009/ Invoice No. 1418941).**  During the Compensation Period, SNR Denton met with opposing counsel and client to discuss possible settlement proposals.

   d. **Ordinance Violation re Advertising (09721775-0078/ Invoice No. 1418942).**  During the Compensation Period, SNR Denton defended Tribune in a citation for distribution of materials, including by communicating with the City of Chicago and client regarding alleged ordinance violations, attending a hearing, and drafting proposed next steps.

   e. **Christopher Buchanan (2010074-0001/ Invoice No. 1418945).**  During the Compensation Period, SNR Denton defended a defamation claim brought by a plaintiff, specifically by appearing in court on behalf of the client, communicating regarding depositions and preparing for depositions.

   f. **Chicago Tribune - Editorial (09721775-1003/ Invoice No. 1420297).**  During the Compensation Period, SNR Denton .provided general legal advice and vetting review to the Debtors with respect to their publications.

### IV. REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES

10.´     By this Application , SNR Denton seeks interim allowance for reimbursement of expenses actually and necessarily incurred in connection with the rendition of its services in the

amount of $607.00 as further detailed in <u>Exhibit A</u>.  The requested expenses are customarily charged to non-bankruptcy clients of SNR Denton.

11.     The $607.00 of expenses is broken down into categories of charges, including, *inter alia*, outside duplicating charges, document reproduction charges, ground transportation charges, court costs, and online computer research.  SNR Denton's rate for duplication is $0.10 per page.

12.     The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and creditors.

13.     Certain invoices contain expenses that were incurred prior to the Compensation Period.  These expenses were charged to SNR Denton by outside vendors in connection with SNR Denton's services rendered on behalf of the Debtors.  These expenses were not processed by SNR Denton until the Compensation Period due to SNR Denton's late receipt of the invoices for these expenses from the outside vendors.[4]

14.     To the extent that time or disbursement charges for services rendered or disbursements incurred related to the Compensation Period, but were not processed prior to the preparation of this Application, SNR Denton reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

---

[4] Specifically, Invoice No. 1420296 in connection with Matter No. 09721775-0007 (Roberto Rivera) includes $97.40 of outside vendor charges incurred in July but not sent to SNR Denton for processing until the Compensation Period.

## V.     REVIEW OF APPLICABLE LOCAL RULES

15.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with the requirements of Local Rule 2016-2.

## VI.     NO PRIOR REQUEST

16.     No previous application with respect to the relief requested herein has been made to this or any other court.

**CONCLUSION**

WHEREFORE, SNR Denton respectfully requests that the Court enter an order: (i)
granting the Application and authorizing the allowance of compensation in the amount of
$24,426.00 subject to a twenty percent (20%) holdback, for professional services rendered, and
reimbursement of actual and necessary expenses in the amount of $607.00; and (ii) granting such
other and further relief as this Court deems just and proper.

Dated: October 25, 2012

Respectfully submitted,

Stefanie Wowchuk McDonald
SNR DENTON US LLP
233 S. Wacker Drive
Suite 7800
Chicago, IL 60606
Telephone: 312-876-2569
Facsimile:  312-876-7934