## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ------------------------------------------------- x | Chapter 11 | |
| In re: : | | |
| : | Case No. 08-13141 (KJC) | |
| TRIBUNE COMPANY, et al., : | | |
| : | Jointly Administered | |
| Debtors. : | | |
| : | Objections Due: November 20, 2012 @ 4:00 p.m. (ET) | |
| ------------------------------------------------- x | Hearing Date: N/A | |

**FORTY-FIFTH MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP,
AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
SEPTEMBER 1, 2012 THROUGH SEPTEMBER 30, 2012**

| | |
|---|---|
| Name of Applicant: | Chadbourne & Parke LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | February 20, 2009, nunc pro tunc to December 18, 2008 |
| Period for Which Compensation and Reimbursement is Sought: | September 1, 2012 through September 30, 2012 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary | $248,458.00      (80% of $310,572.50) |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 22,854.39 |

This is a(n):    _x_ Monthly    ____ Interim    ____ Final Application

Prior Applications Filed:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved* | Expenses Approved |
|---|---|---|---|---|---|---|
| 2/25/2009 | 452 | 12/18/08 - 1/31/09 | $1,025,328.00 | $20,199.48 | $820,262.40 | $20,199.48 |
| 3/25/2009 | 809 | 2/1/09 - 2/28/09 | $642,734.00 | $42,979.74 | $514,187.20 | $42,979.74 |
| 4/25/2009 | 1087 | 3/1/09 - 3/31/09 | $663,569.50 | $12,315.26 | $530,855.60 | $12,315.26 |
| 5/26/2009 | 1239 | 4/1/09 - 4/30/09 | $515,864.50 | $8,352.11 | $412,691.60 | $8,352.11 |
| 6/26/2009 | 1649 | 5/1/09 - 5/31/09 | $582,143.25 | $31,011.71 | $465,714.60 | $31,011.71 |
| 7/27/2009 | 1832 | 6/1/09 - 6/30/09 | $726,009.50 | $32,090.07 | $580,807.60 | $32,090.07 |
| 8/25/2009 | 2009 | 7/1/09 - 7/31/09 | $1,453,980.25 | $37,749.39 | $1,163,184.20 | $37,749.39 |
| 9/25/2009 | 2232 | 8/1/09 - 8/31/09 | $1,450,944.50 | $52,216.32 | $1,160,755.60 | $52,216.32 |
| 10/26/2009 | 2430 | 9/1/09 - 9/30/09 | $1,418,350.00 | $40,049.24 | $1,134,680.00 | $40,049.24 |
| 11/25/2009 | 2634 | 10/1/09 - 10/31/09 | $1,670,709.75 | $25,752.36 | $1,336,567.80 | $25,752.36 |
| 12/28/2009 | 2937 | 11/1/09 - 11/30/09 | $1,461,754.00 | $99,575.80 | $1,169,403.20 | $99,575.80 |
| 1/25/2010 | 3197 | 12/1/09 - 12/31/09 | $1,519,536.50 | $72,274.74 | $1,215,629.20 | $72,274.74 |
| 2/25/2010 | 3534 | 1/1/10 - 1/31/10 | $1,960,664.50 | $71,749.46 | $1,568,531.60 | $71,749.46 |
| 3/26/2010 | 3865 | 2/1/10 - 2/28/10 | $1,516,158.50 | $90,806.96 | $1,212,926.80 | $90,806.96 |
| 4/26/2010 | 4160 | 3/1/10 - 3/31/10 | $1,494,305.50 | $110,300.89 | $1,195,444.40 | $110,300.89 |

| 5/25/2010 | 4601 | 4/1/10 - 4/30/10 | $918,260.75 | $59,270.50 | $734,608.60 | $59,270.50 |
| 6/25/2010 | 4882 | 5/1/10 - 5/31/10 | $1,331,321.00 | $57,905.29 | $1,065,056.80 | $57,905.29 |
| 7/26/2010 | 5120 | 6/1/10 - 6/30/10 | $1,228,244.00 | $63,110.06 | $982,595.20 | $63,110.06 |
| 8/25/2010 | 5502 | 7/1/10 - 7/31/10 | $1,442,097.00 | $22,233.25 | $1,153,677.60 | $22,233.25 |
| 9/30/2010 | 5849 | 8/1/10 - 8/31/10 | $1,612,125.00 | $121,365.68 | $1,289,700.00 | $121,365.68 |
| 10/25/2010 | 6112 | 9/1/10 - 9/30/10 | $1,519,380.00 | $16,739.39 | $1,215,504.00 | $16,739.39 |
| 11/30/2010 | 6671 | 10/1/10 - 10/30/10 | $1,867,308.75 | $109,128.64 | $1,493,847.00 | $109,128.64 |
| 12/28/2010 | 7332 | 11/1/10 - 11/30/10 | $1,818,619.00 | $296,306.43 | $1,454,895.20 | $296,306.43 |
| 1/28/2011 | 7654 | 12/1/10 - 12/31/10 | $1,337,478.25 | $99,960.19 | $1,069,982.60 | $99,960.19 |
| 2/28/2011 | 8200 | 1/1/11 - 1/31/11 | $2,743,375.25 | $371,451.84 | $2,194,700.20 | $371,451.84 |
| 4/11/2011 | 8615 | 2/1/11 - 2/28/11 | $2,888,765.25 | $162,972.56 | $2,311,012.20 | $162,972.56 |
| 5/5/2011 | 8833 | 3/1/11 - 3/31/11 | $2,499,191.25 | $205,378.89 | $1,999,353.00 | $205,378.89 |
| 6/1/2011 | 9030 | 4/1/11 - 4/30/11 | $1,258,414.50 | $182,352.51 | $1,006,731.60 | $182,352.51 |
| 6/29/2011 | 9381 | 5/1/11 - 5/31/11 | $965,916.25 | $85,787.61 | $772,733.00 | $85,787.61 |
| 7/28/2011 | 9561 | 6/1/11 - 6/30/11 | $728,870.75 | $64,140.29 | $583,096.60 | $64,140.29 |
| 8/25/2011 | 9701 | 7/1/11 - 7/31/11 | $456,759.50 | $60,498.38 | $365,407.60 | $60,498.38 |

| 9/28/2011 | 9840 | 8/1/11 - 8/31/11 | $616,725.50 | $85,166.86 | $493,380.40 | $85,166.86 |
| 10/25/11 | 10064 | 9/1/11 - 9/30/11 | $450,088.50 | $56,800.73 | $360,070.80 | $56,800.73 |
| 11/23/11 | 10291 | 10/1/11 - 10/31/11 | $402,271.75 | $62,868.51 | $321,774.20 | $62,868.51 |
| 12/27/11 | 10511 | 11/1/11 - 11/30/11 | $676,518.00 | $34,425.04 | $541,214.40 | $34,425.04 |
| 1/31/12 | 10772 | 12/1/11 - 12/31/11 | $452,819.75 | $38,756.34 | $362,255.80 | $38,756.34 |
| 2/27/12 | 11023 | 1/1/12 - 1/31/12 | $547,104.00 | $9,615.03 | $437,683.20 | $9,615.03 |
| 3/27/12 | 11240 | 2/1/12 - 2/29/12 | $644,199.25 | $9,936.28 | $515,420.40 | $9,936.28 |
| 4/26/12 | 11476 | 3/1/12 - 3/31/12 | $592,148.75 | $28,148.76 | $473,719.00 | $28,148.76 |
| 5/25/12 | 11695 | 4/1/12 - 4/30/12 | $315,426.75 | $12,357.38 | $252,341.40 | $12,357.38 |
| 6/26/12 | 11896 | 5/1/12 - 5/31/12 | $337,692.50 | $4,191.40 | $270,154.00 | $4,191.40 |
| 7/26/12 | 12106 | 6/1/12 - 6/30/12 | $414,998.50 | $11,058.19 | $331,998.80 | $11,058.19 |
| 8/24/2012 | 12336 | 7/1/12 - 7/31/12 | $303,691.00 | $2,495.23 | $242,952.80 | $2,495.23 |
| 9/25/2012 | 12460 | 8/1/12 - 8/31/12 | $534,306.75 | $6,129.87 | $427,445.40 | $6,129.87 |

*Monthly approved fees are subject to holdbacks which were to be reviewed by the Bankruptcy Court following the completion of each quarterly fee application. Such holdbacks have been reviewed and approved for payment by the Bankruptcy Court as set forth below:

| Interim Fee Period | Dates Covered by Interim Fee Period | Bankruptcy Court Approval Date | Amount Approved |
|---|---|---|---|
| 1 | December 18, 2008 through February 28, 2009 | December 14, 2009 | $326,196.76 |
| 2 | March 1, 2009 through May 31, 2009 | May 18, 2010 | 344,7890.61 |
| 3 | June 1, 2009 through August 31, 2009 | October 22, 2010 | $707,644.89 |
| 4 | September 1, 2009 through November 30, 2009 | August 24, 2011 | $883,274.78 |
| 5 | December 1, 2009 through February 28, 2010 | October 19, 2011 | $966,056.61 |
| 6 | March 1, 2010 through May 31, 2010 | December 12, 2011 | $737,989.71 |
| 7 | June 1, 2010 through August 31, 2010 | February 15, 2012 | $846,680.80 |
| 8 | September 1, 2010 through November 30, 2010 | April 24, 2012 | $1,024,183.85 |
| 9 | December 1, 2010 through February 28, 2011 | July 11, 2012 | $1,376,206.20 |
| 10 | March 1, 2011 through May 31, 2011 | July 11, 2012 | $915,810.94 |
| 11 | June 1, 2012 through August 31, 2012 | October 2, 2012 | $358,216.31 |

# TRIBUNE COMPANY, et al.

## SUMMARY OF HOURS

### September 1, 2012 through September 30, 2012

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2012 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| **Partner*** | | | | | |
| Howard Seife (1997) | Bankruptcy and Financial Restructuring | 1979 (NY) | $995 | 16.00 | $ 15,920.00 |
| David M. LeMay (2001) | Bankruptcy and Financial Restructuring | 1982 (NY) | 925 | 106.10 | 98,142.50 |
| Thomas J. McCormack (1992) | Litigation | 1983 (NY) | 875 | 0.70 | 612.50 |
| Douglas E. Deutsch (2009) | Bankruptcy and Financial Restructuring | 1997 (NY) | 745 | 52.80 | 39,336.00 |
| Andrew Rosenblatt (2009) | Bankruptcy and Financial Restructuring | 1998 (NY) | 745 | 40.30 | 30,023.50 |
| | | | | | |
| **Counsel:** | | | | | |
| Mark D. Ashley | Litigation | 1995 (NY) | 695 | 11.50 | 7,992.50 |
| James A. Stenger | Communications & Technology | 1978 (DC) | 645 | 5.70 | 3,676.50 |
| | | | | | |
| **Associate:** | | | | | |
| Kimberly Zafran | Litigation | 2009 (NY) | 565 | 40.70 | 22,995.50 |
| Eric Daucher | Bankruptcy & Financial Restructuring | 2010 (NY) | 495 | 24.40 | 12,078.00 |
| Marc Roitman | Bankruptcy & Financial Restructuring | 2010 (NY) | 495 | 101.90 | 50,440.50 |
| Andrea Voelker | Litigation | 2010 (NY) | 495 | 1.80 | 891.00 |

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2012 HOURLY RATE | TOTAL HOURS | TOTAL |
|------|-----------|-------------------|------------------|-------------|-------|
| Pooja Asnani | Litigation | 2011 (NY) | 435 | 2.10 | 913.50 |
| Michael Distefano | Bankruptcy & Financial Restructuring | 2011 (NY) | 435 | 20.00 | 8,700.00 |
| Nicholas Stebinger | Litigation | 2011 (NY) | 435 | 2.20 | 957.00 |
| Joshua Apfel | Bankruptcy & Financial Restructuring | JD-2012 | 395 | 11.20 | 4,424.00 |
| Erin Shinneman | Litigation | 2012 (NY) | 395 | 4.60 | 1,817.00 |
| | | | | | |
| Paraprofessional: | | | | | |
| David Bava | Bankruptcy & Financial Restructuring | n/a | 295 | 24.10 | 7,109.50 |
| Helen M. Lamb | Bankruptcy and Financial Restructuring | n/a | 295 | 15.40 | 4,543.00 |
| | | | | | |
| TOTAL: | | | | 481.50 | $310,572.50 |

BLENDED RATE:      645.01

_____

\* Includes year elected Partner at firm or joined firm as Partner.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ------------------------------------------------------- x | Chapter 11 |
| In re: | : |
| | : Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, et al., | : |
| | : Jointly Administered |
| Debtors. | : |
| | : Objections Due: November 20, 2012 |
| | : @ 4:00 p.m.(ET) |
| ------------------------------------------------------- x | Hearing Date: N/A |

**FORTY-FIFTH MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP,
AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
SEPTEMBER 1, 2012 THROUGH SEPTEMBER 30, 2012**

Chadbourne & Parke LLP ("Chadbourne"), as co-counsel to the Official Committee

of Unsecured Creditors (the "Committee") of Tribune Company et al. (collectively, the

"Debtors"), hereby submits this Application (the "Application") for approval and allowance of

compensation for services rendered in the amount of $310,572.50 (80% of which equals

$248,458.00 and reimbursement of expenses incurred in the amount of $22,854.39 during the

period commencing September 1, 2012 through and including September 30, 2012 (the

"Application Period"). This Application is submitted pursuant to sections 330 and 331 of title 11

of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") and the Order Establishing Procedures for

Interim Compensation and Reimbursement of Expenses of Professionals and Committee

Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order"). In support of

the Application, Chadbourne respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and

1334.  Venue of this proceeding and this Application is proper in this district pursuant to 28

U.S.C. §§ 1408 and 1409.

2.      The statutory bases for relief requested herein are Sections 105(a), 330, 331 and

1103(a) of the Bankruptcy Code.

## BACKGROUND

3.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy

Court for the District of Delaware (the "Bankruptcy Court").  On December 10, 2008, the

Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural

purposes only.

4.      The Debtors have continued in possession of their respective properties and have

continued to operate and maintain their businesses as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

5.      On December 18, 2009, the Office of the United States Trustee appointed the

Committee pursuant to section 1102 of the Bankruptcy Code.

6.      On February 20, 2009, the Bankruptcy Court authorized the employment and

retention of Chadbourne as co-counsel for the Committee, nunc pro tunc to December 18, 2008.

7.      On May 10, 2010, the Bankruptcy Court authorized the appointment of Kenneth

N. Klee, Esquire as Examiner in these Chapter 11 cases.

2

8.     Plan confirmation hearings for both the DCL Plan and the Noteholder Plan[1]
commenced on March 7, 2011 and continued daily through March 18, 2011. The next phase of
the confirmation hearings -- which included rebuttal witnesses, non-proponent objections to the
DCL and the Noteholder Plans and certain legal arguments -- resumed on April 12, 2011 and
concluded on April 14, 2011. Closing confirmation arguments were held on June 27, 2011.

9.     On October 31, 2011, the Bankruptcy Court entered its Opinion on Confirmation
denying both the DCL Plan and the Noteholder Plan. The Opinion noted, however, that should
the proponents of both the DCL Plan and the Noteholder Plan seek to address the flaws
identified by the Bankruptcy Court in the Opinion and resubmit otherwise confirmable plans,
the Bankruptcy Court would be required to select one plan to confirm. See Section 1129(c).
The Bankruptcy Court stated that, given those options, it would select the DCL Plan.

10.    On April 17, 2012, the proponents of the DCL Plan filed their Fourth Amended
Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (the "Fourth Amended
DCL Plan"). A hearing on confirmation of the Fourth Amended DCL Plan was held on June 7,
2012 and concluded on June 8, 2012.

11.    On July 23, 2012, the Bankruptcy Court entered the Order Confirming Fourth
Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by
the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management,

---

[1]    The DCL Plan is supported by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, Angelo, Gordon & Co., and JPMorgan Chase Bank (the "DCL Plan Proponents"). The Noteholder Plan is supported by Aurelius Capital Management, Deutsche Bank Trust Company Americas, Law Debenture Trust Company of New York and Wilmington Trust Company (the "Noteholder Plan Proponents").

L.P., Angelo Gordon & Co., L.P., and JPMorgan Chase Bank, N.A (the "Confirmation Order").
The Confirmation Order was subsequently appealed.

## COMPENSATION PAID AND ITS SOURCES

12.    All services for which compensation is requested by Chadbourne were performed
for or on behalf of the Committee.

13.    During the Application Period, Chadbourne has received no payment and no
promise of payment from any source for services rendered or to be rendered in any capacity
whatsoever in connection with the matters covered by this Application.  There is no agreement
or understanding between Chadbourne and any other person, other than members of the firm,
for sharing of compensation to be received for services rendered in these cases.

## FEE STATEMENTS

14.    The fee statement for the Application Period is attached hereto as Exhibit A.  This
statement contains daily time logs describing the time spent by each attorney and
paraprofessional for this period.  To the best of Chadbourne's knowledge, this Application
complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the
Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2
(the "Guidelines"), and the Compensation Order.

## SUMMARY OF SERVICES

15.    As set forth in the detailed statement of fees attached hereto as Exhibit A, fees
incurred by Chadbourne during the Application Period total $310,572.50.  The services
rendered by Chadbourne during the Application Period are grouped into specific project
categories as set forth in Exhibit A.  The attorneys and paraprofessionals who rendered services

4

relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category.

16.    The following is a summary of the activities performed by Chadbourne attorneys and paraprofessionals during the Application Period, organized by project category.

**A.    Bankruptcy General (Matter 002)**

Fees: $ 11,004.00        Total Hours:   27.00

17.    During the Application Period, Chadbourne devoted time to the fulfillment of its professional duties and responsibilities in connection with the administration of these Chapter 11 cases including: (i) meetings with and addressing the inquiries of the Debtors and the Debtors' professionals, other Committee professionals, the United States Trustee and other parties in interest in these cases; (ii) monitoring of incoming correspondence, pleadings, and dockets; (iii) preparing for and attending various omnibus hearings and court conferences on behalf of the Committee; and (iv) disseminating information to the Committee and other various parties-in-interest.  Also, Chadbourne established and maintains an Intralinks account in order to provide a repository for memoranda and pleadings readily accessible by members of the Committee.

18.    Chadbourne's paraprofessionals have also been required to monitor and retrieve all newly filed pleadings from the Bankruptcy Court's docket, prepare and distribute daily status reports, maintain a current case calendar and post Committee-related pleadings and memoranda to Intralinks.  Chadbourne's paraprofessionals supervise the internal management of documents and the distribution of documents both to the professionals at Chadbourne and to the members of the Committee, coordinate receipt of pleadings, correspondence and other documents, assist

5

attorneys in preparation of papers for electronic filing, and respond to third-party requests for documents.

**B.**    **Committee Meetings (Matter 003)**

      Fees:  $1,263.00          Total Hours:   1.80

19.    During the Application Period, the Committee did not hold any meetings.  Time spent in this category for the fee period includes, revising minutes for the last (August) Committee meeting, planning for a future Committee meeting and polling members of the Committee on a specific issue that required a Committee vote.

**C.**    **Creditor Communications (Matter 004)**

      Fees: $2,607.50          Total Hours:   3.50

20.    Chadbourne, as counsel to the Committee, is the focal point for creditor inquiries. During the Application Period, Chadbourne attorneys reviewed and responded to inquiries received from unsecured creditors and participated in telephone conferences with members of the Committee to discuss open issues and developments in the Debtors' cases.

**D.**    **Business Operations (Matter 007)**

      Fees: $12,765.50          Total Hours:   17.90

21.    During the Application Period, professionals from Chadbourne's Communications Media and Technology ("CMT") Group continued their efforts to obtain FCC approval of the Debtors' FCC exit applications.  Chadbourne's CMT attorneys continued to review and monitor the pending appeals proceedings (as defined in Section J) and analyze the potential impact on the exit applications.   In connection therewith, Chadbourne's CMT and

bankruptcy attorneys participated in frequent correspondence and conferences with FCC staff and the Debtor's FCC counsel to address and discuss the bankruptcy appeal process and other remaining hurdles to the FCC's approval of the exit applications

22.    In addition, Chadbourne also continued to review weekly operations and financial reports prepared by the Committee's financial advisors.

**E.    Claims Administration/Bar Date (Matter 009)**

Fees:  $2,720.00            Total Hours:  5.00

23.    During the Application Period, Chadbourne continued to expend efforts in connection with the disposition of claims.  Efforts included review and analysis of the Debtors' objections to claims in connection with a civil action and certain insurance claims.  Chadbourne attorneys preformed a review of the facts as well as the bases and processes followed by the Debtors in pursuing the objections.  Following consultation with the Committee's local counsel regarding their analysis, Chadbourne summarized its analyses and recommendations in memoranda to the Committee.

**F.    Fee/Retention Applications (Matter 010)**

Fees:  $24,170.00            Total Hours:  50.60

24.    Chadbourne expended further time during the Application Period in compliance with the Bankruptcy Court's fee procedures in these cases.  Efforts included preparing and filing Chadbourne's forty-fourth monthly fee application.  In addition, Chadbourne reviewed and provided comments on the draft omnibus fee order in connection with the October 4, 2012

7

hearing on eleventh interim fee applications.  Further, Chadbourne prepared and filed its sixth

supplemental affidavit in support of its retention to supplement existing disclosures.

25.    During the Application Period, Chadbourne expended time reviewing and

analyzing the Fee Examiner's preliminary report concerning Chadbourne's twelfth interim fee

application and performed related research.  Chadbourne drafted, reviewed and revised a

response to address the concerns raised in the Fee Examiner's report.

26.    In continuance of an ongoing process, Chadbourne also expended time on the

treatment of ordinary course professionals.  These efforts included the review and analysis of

filed affidavits to ensure qualification criteria were satisfied and the monitoring of related

spending and monthly fee caps.

**G.    General Litigation (Matter 017)**

Fees:  $2,360.50             Total Hours:  3.90

27.    During the Application Period, individual defendants (the "D&O Defendants")

named in the Committee's complaint against shareholders and other third parties in connection

with the LBO/ESOP transaction ("*FitzSimons*") and the Preference Actions submitted their

quarterly report to the Committee of fees and costs submitted for payment to the Debtors' D&O

liability insurance providers (the "D&O Insurance Providers").  These reports were required by

the Court's March 29, 2011 Order modifying the automatic stay to allow the D&O Defendants

payment and advancement of defense costs, fees, and expenses by the D&O Insurance

Providers.  Chadbourne reviewed the report and prepared a summary analysis thereon for the

Committee's review.

8

**H.    Review of Pre-Petition Financings (Matter 019)**

Fees:  $34,326.50          Total Hours:  60.90

28.    Pursuant to the confirmation order, to facilitate the implementation of the Fourth Amended DCL Plan, the Committee and Litigation Trustee entered into an agreement (the "Privilege Transfer Agreement") whereby the Committee agreed to turn over documents and information relevant to the claims the Trustee will be pursuing, including certain privileged work product reflecting the Committee's assessment of the LBO transaction and the claims arising from it.  However, the Committee will not share documents that are unrelated to the LBO-related claims (for example, privileged documents related to plan confirmation issues). During the Application Period, Chadbourne continued the process of collecting, reviewing and identifying relevant documents for submission to the Trustee that satisfy the above-referenced criteria.

**I.    Shareholder Claims (Matter 020)**

Fees:  $9,211.00          Total Hours:  15.20

29.    During the Application Period, Chadbourne attorneys continued to review and respond to developments in the multidistrict litigation which consolidated and transferred the state law constructive fraudulent conveyance lawsuits filed by the Retirees and the Noteholders to the Southern District of New York (*In re Tribune Company Fraudulent Conveyance Litigation*), Master Case No. 12-2296 (S.D.N.Y) (the "MDL Actions").

30.    During the Application Period, Chadbourne attorneys continued to work with the Committee's special counsel to address the Rule 11 motion for sanctions (the "Motion") filed

9

by Sam Zell, EGI, EGI-TRB, and Sam Investment Trust (the "Zell Parties").  The Motion seeks

dismissal of six of the nine counts in *FitzSimons* against the Zell Parties, and seeks

reimbursement for the fees and costs of bringing the Motion.  In response to the Zell Parties'

request that the Motion be briefed and resolved without delay, Chadbourne worked with the

Committee's special counsel in drafting the Committee's response to the Motion and apprising

the Committee of all developments on this front.   During this time period, the District Court

issued a master case scheduling order in connection with the MDL Actions setting forth

briefing deadlines on the Motion.

**J.**      **Plan Litigation (Matter 021)**

       Fees:  $210,144.50              Total Hours:  295.70

      31.      During the Application Period, Chadbourne attorneys continued to be engaged in

advising the Committee with respect to confirmation related appeals by Aurelius, Wilmington

Trust , Law Debenture and Deutsche Bank (the "Senior Indenture Trustees" and , together with

Aurelius and Wilmington Trust, the "Plan Adversaries").  Chadbourne attorneys participated in

frequent discussions with the Committee's co-counsel and the DCL Plan Proponents regarding

related strategies.

*Third Circuit Appeal*

      32.      As set forth in Chadbourne's prior monthly fee application, on August 30, 2012,

Aurelius filed an emergency motion to the Third Circuit Court of Appeals requesting (i) a stay

of the Bankruptcy Court's bond order and (ii) an administrative stay pending full consideration

of the emergency motion.  In response, on September 5, 2012, Chadbourne and the other DCL

Plan Proponents prepared and filed the DCL Plan Proponents' response to Aurelius's emergency motion.

33.    On September 6, 2012, Aurelius filed a reply brief with the Third Circuit Court of Appeals in support of its emergency stay motion.  Chadbourne and the other DCL Plan Proponents reviewed and analyzed the reply brief in which Aurelius addressed jurisdictional issues for the first time.  In response to an inconsistency found in the reply brief, the DCL Plan Proponents prepared and filed a letter with the Third Circuit explaining the circumstances of the discrepancy and addressed an additional issue raised in Aurelius's reply brief.

34.    On September 10, 2012, the Third Circuit Court of Appeals entered an order (i) dismissing for lack of jurisdiction Aurelius's appeal of the district court's order denying the request to modify the bankruptcy court's order granting a stay of confirmation conditioned on the posting of a $1.5 billion bond, and (ii) dismissing as moot Aurelius's emergency motion to stay the bond order.

*District Court Appeals*

35.    As set forth in Chadbourne's prior monthly fee application, the Plan Adversaries filed emergency motions with the District Court seeking an order extending the stay and modifying the Bankruptcy Court order regarding stay and supersedeas bond.  The District Court promptly denied the emergency motion of Aurelius, but has not yet ruled on the similar motion filed by the Senior Indenture Trustees.  In response, on August 31, 2012, the DCL Plan Proponents' filed its opposition to the emergency motion of the Senior Indenture Trustees.  On September 10, 2012, the Senior Indenture Trustees filed a reply in support of their emergency motion to modify the stay, which as of this time, remains pending before the District Court.

36.     During the Application Period and pursuant to the proposed scheduling order that was agreed upon by all of the appellants and the DCL Plan Proponents, Aurelius, Wilmington Trust and the Senior Indenture Trustees each filed appellant briefs in connection with appeals of Bankruptcy Court orders.  During this time, Chadbourne worked with their co-proponents in preparing and filing the DCL Plan Proponents' Consolidated Answering Brief on Appeals of Bankruptcy Court Orders.

<u>**ACTUAL AND NECESSARY EXPENSES**</u>

37.     A summary of the actual and necessary expenses and daily logs of expenses incurred by Chadbourne during the Application Period in the amount of $22,854.39 is attached hereto as Exhibit B.  Chadbourne's standard charge for photocopies is $0.20/per page.  For purposes of these Chapter 11 cases, the firm has reduced this charge to $0.10/per page.  Chadbourne customarily charges its clients $1.25/per page for out-going facsimile transmissions.  For purposes of these cases, the firm has reduced this charge to $1.00/per page.

38.     Due to the national nature of the Debtors' business and the Committee's participation in weekly meetings by telephone, long distance telephone and conference call services have been required.  In accordance with the Guidelines, in seeking reimbursement for long distance telephone charges, Chadbourne currently charges clients its approximate actual cost paid to its long distance carriers.  Chadbourne utilizes outside vendors for conference call services and requests reimbursement only for the amount billed to Chadbourne by the third-party vendors.

12

39.     With respect to legal research expenses, Chadbourne has entered into flat-fee

contracts with Lexis/Nexis and Westlaw for the provision of online research services. In order

to determine charges to individual clients, the flat fees charged to Chadbourne by Lexis/Nexis

and Westlaw are allocated among those clients based on the actual number and scope of

searches conducted on behalf of those clients.

40.     With respect to court reporter fees, Chadbourne utilized the services of an outside

vendor (TSG Reporting) for court reporting/transcript services in connection with the

August 10, 2012 deposition of Eddy Hartenstein and the August 13, 2012 deposition of David

Kurtz in connection with the confirmation related appeals. In seeking reimbursement for these

outside professional services, Chadbourne requests reimbursement for the actual costs incurred.

41.     Because of the numerous documents that continue to be shared with the

Committee and analyzed by Chadbourne and other Committee professionals, it is necessary to

maintain the Intralinks workspace. The amount requested for reimbursement reflects a six-

month extension fee. Again, Chadbourne believes that Intralinks is an invaluable tool that

allows the Committee members to easily access all background information in these Chapter 11

cases and allows Chadbourne to carefully control access to that data when conflicts or other

issues arise. In seeking reimbursement for this service, Chadbourne requests reimbursement

for the actual costs incurred.

42.     The category of meal expenses represents (i) reimbursement of reasonable costs

of meals of those Chadbourne attorneys and other employees who worked late into the evenings

or on weekends and while travelling (which is consistent with firm policy) and (ii) the catering

costs in connection with in-person Committee meetings, settlement meetings and depositions hosted by Chadbourne in which breakfast, lunch and/or other refreshments were served.

43.     In order to meet deadlines and satisfy the demands of these cases, attorneys and other employees of Chadbourne were required to work late in the evenings or on weekends. Consistent with firm policy, reasonable transportation costs were reimbursed as well as paraprofessional overtime.

## VALUATION OF SERVICES

44.     Attorneys and paraprofessionals of Chadbourne have expended a total of 481.50 hours in connection with the matter during the Application Period.  The nature of the work performed by these persons is fully set forth on Exhibit A attached hereto.  These are Chadbourne's normal hourly rates for work of this character.  The reasonable value of services rendered by Chadbourne to the Committee during the Application Period is $310,572.50.

45.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed prior to the preparation of this Application, Chadbourne reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

46.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Chadbourne is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.  Moreover, Chadbourne has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

14

WHEREFORE, Chadbourne respectfully requests that this Court authorize that an allowance be made to Chadbourne pursuant to the terms of the Compensation Order for the period September 1, 2012 through September 30, 2012: (a) authorizing compensation in the amount of $310,572.50 (80% of which equals $248,458.00) for professional services rendered and reimbursement of expenses incurred in connection therewith in the amount of $22,854.39 for a total of $333,426.89; (b) authorizing and directing the Debtors to remit payment to Chadbourne as set forth herein; and (c) granting such other and further relief as this Court deems just and proper.

Dated:    October 26, 2012
          New York, New York

CHADBOURNE & PARKE LLP

By: _____
    Douglas E. Deutsch
    (A Member of the Firm)

Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, New York  10112
(212) 408-5100

Co-Counsel to The Official Committee of
Unsecured Tribune Company, et al.

15