IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>Hearing Date: December 12, 2012 at 11:00 a.m. ET<br>Objection Date: November 23, 2012 at 4:00 p.m. ET |

**APPLICATION OF LOEB & LOEB LLP FOR ALLOWANCE AND
PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
SERVICES RENDERED AS ORDINARY COURSE COUNSEL TO TRIBUNE
BROADCASTING COMPANY AND TRIBUNE MEDIA SERVICES, INC.
FOR CERTAIN ENTERTAINMENT AND LITIGATION MATTERS DURING THE
PERIOD FROM DECEMBER 2010 THROUGH FEBRUARY 2011**

Loeb & Loeb LLP ("Loeb"), entertainment and litigation counsel to Tribune Broadcasting Company ("Tribune Broadcasting") and Tribune Media Services, Inc. ("TMS"), affiliated companies that filed voluntary petitions for relief in the above-captioned chapter 11 cases, respectfully submits this application (the "Application"), pursuant to (i) sections 327, 331,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-8966266v1

and 503 of title 11 of the United States Code (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (iv) the Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business (D.I. 227) (the "OCP Order"), (v) the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (D.I. 225) (the "Interim Compensation Order"), as amended, and (vi) the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications (D.I. 246) (the "Fee Examiner Order") for (a) the allowance of fees in the aggregate amount of $154,334.00 and expenses in the aggregate amount of $4,488.62 for services rendered to Tribune Broadcasting and TMS during the months of December 2010 through February 2011, inclusive, and (b) the limited waiver of the procedures for the approval and payment of professional compensation and consideration of fee applications set forth in the Interim Compensation Order and the Fee Examiner Order with respect to this Application (as discussed at paragraph 13, infra). In support of the Application, Loeb respectfully states as follows:

## BACKGROUND OF THE CASES

1.     On December 8, 2008 (the "Petition Date"), Tribune Company and certain of its subsidiaries, including Tribune Broadcasting and TMS (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. An additional Debtor,

Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 110 entities.

2.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). (D.I. 43, 2333).

3.  The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.  On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors in the Debtors' chapter 11 cases (the "Committee").

5.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327, 331, and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

**PROCEDURAL BACKGROUND FOR THE APPLICATION**

6.  On December 26, 2008, the Debtors filed the Motion for an Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code (the "OCP Motion"). (D.I. 148.) In the OCP Motion, the Debtors sought approval of this Court to employ and retain the Ordinary Course Professionals[3] to provide services to the Debtors as necessary for the day-to-day operations of the Debtors' businesses on terms substantially similar to those in effect prior to the Petition Date. Exhibit A to the OCP Motion contained a list

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.
[3] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the OCP Motion and OCP Order.

3

of such Ordinary Course Professionals sought to be retained by the Debtors, including Loeb.[4] On January 15, 2009, this Court granted the OCP Order. Loeb filed its Rule 2014 statement pursuant to the OCP Order on June 10, 2009 (D.I. 1328), which it supplemented on July 15, 2009 (D.I. 1739).

7. Retention and compensation of Ordinary Course Professionals is subject to the terms and conditions described in the OCP Order, including a Monthly Cap on the fees permitted to be paid to such Ordinary Course Professionals, per month on average over a rolling three-month period for Monthly Caps that are less than $50,000 per month, or a rolling two-month period for Monthly Caps of $50,000 per month. Loeb was retained to provide entertainment and litigation counsel to Tribune Broadcasting and TMS in the ordinary course of business, with a Monthly Cap of $35,000.00.

8. The OCP Order provides that in the event the fees incurred and invoiced by any Ordinary Course Professional exceed the applicable Monthly Cap, such Ordinary Course Professional shall be required to seek the Court's approval of all fees invoiced for that month in accordance with the procedures set forth in the Interim Compensation Order and the Fee Examiner Order.

9. For the month of December 2010, the Debtors approved the payment of fees incurred by Loeb in the amount of $19,132.50. In the month of January 2011, the Debtors approved the payment of fees incurred by Loeb in the amount of $37,917.50. In the month of February 2011, the Debtors approved the payment of fees incurred by Loeb in the amount of

---

[4] Exhibit A to the OCP Motion has been subsequently supplemented and amended by the Debtors to add additional Ordinary Course Professionals or to seek increases to the Monthly Cap applicable to existing Ordinary Course Professionals. (See D.I. 544, 877, 1086, 1756, 1826, 1887, 2283, 2412, 2865, 3222, 3861, 4214, 4607, 4614, 4845, 5395, 5846, 7236, 7545, 7820, 8310, 8788, 9333, 9686, 9758, 9772, 9847, 10350, 10684, 11235, 11336, 11512, 11612, 11858, 11935, and 12405.) Loeb was included on the list attached to the original OCP Motion.

$97,284.00 and expenses in the amount of $4,488.62. Accordingly, Loeb has exceeded its Monthly Cap of $35,000 per month on average for the months of December 2010, January 2011, and February 2011, inclusive. The Debtors have advised Loeb that it is required to seek the Court's allowance of the entire amount of the firm's fees for the months of December 2010 through February 2011.

## RELIEF REQUESTED

10. By this Application, Loeb seeks (i) the allowance of fees in the aggregate amount of $154,334.00 and expenses in the aggregate amount of $4,488.62 for services rendered to the Debtors during the months of December 2010 through February 2011;[5] and (ii) the limited waiver of the procedures for the approval and payment of professional compensation and consideration of fee applications set forth in the Interim Compensation Order and the Fee Examiner Order with respect to this Application. Additional information as required by Local Rule 2016-2(c), (d), and (e) relating to the fees and expenses requested herein is provided on Exhibits A-C to this Application.

## BASIS FOR RELIEF REQUESTED

11. Loeb has represented Tribune Broadcasting and TMS since before the Petition Date. As reflected in the attached invoices, Tribune Broadcasting and TMS have requested that Loeb handle certain television programming, licensing, and other intellectual property matters in connection with a declaratory relief action brought against TMS by Warren Beatty concerning motion picture and television rights to the *Dick Tracy* character. Specifically, Loeb spent

---

[5] The Debtors have already paid Loeb & Loeb's invoices for December 2010 and January 2011, given that the invoices for those months were within the applicable Monthly Cap as applied on a three-month rolling basis, and it was only once Loeb's fees for February 2011 were submitted that it became apparent that this Application was required. Accordingly, if this Application is approved, the Debtors will only be required to pay Loeb fees in the amount of $97,284.00 and expenses in the amount of $4,488.62 for the month of February 2011. In the event Loeb's fees are approved in an amount less than the amount already paid by the Debtors, Loeb will disgorge the amount of any over-payment.

5

significant time researching, drafting and arguing a motion for summary judgment related to ownership of the television and film rights to the *Dick Tracy* character. and reviewing and analyzing various contracts and agreements for Tribune Broadcasting and TMS.

12.  Based on the tasks required of Loeb in representing Tribune Broadcasting and TMS in these matters, in particular the lawsuit described above, the Firm exceeded its Monthly Cap on average for the months of December 2010 through February 2011. Loeb believes that the services rendered in that matter were necessary, and that the fees sought are fair and reasonable, and similar to fees charged in the competitive market for legal services by attorneys with similar experience.

### REQUEST FOR LIMITED WAIVER OF INTERIM COMPENSATION PROCEDURES

13.  Loeb requests that the Debtors be permitted to pay Loeb the full amount of the fees it incurred during the period from December 2010 through February 2011, rather than requiring Loeb to seek approval of its fees on an interim basis subject to a 20% holdback and to seek the Court's allowance of such fees and expenses on a quarterly basis subject to the Fee Examiner's review and report. Loeb respectfully submits that good cause exists for the Court to grant a limited waiver from the Interim Compensation Order to reduce the additional costs and delay of obtaining approval and payment of the amounts requested herein. Such fees were incurred several months prior to when the Debtors determined that it would be necessary for Loeb to file this Application to seek the Court's approval of the fees requested. In the alternative, Loeb requests that the Court consider this Application at the next hearing scheduled for the consideration of interim fee applications.[6]

---

[6] In the past, this Court has granted limited waivers of the otherwise-applicable procedures for compensation and reimbursement of expenses for professionals and consideration of fee applications set forth in this Court's Interim Compensation Order and Fee Examiner Order with respect to fee applications submitted by the Debtors' Ordinary Course Professionals. See, e.g., Order Allowing Compensation and Reimbursement of Expenses to SNR Denton US

6

46429/0001-8966266v1

**PAYMENT FROM DEBTORS; NO SHARING OF COMPENSATION**

14. Loeb has received no payment and no promises of payment from any source other than the Debtors for services rendered as an Ordinary Course Professional to Tribune Broadcasting and TMS in these chapter 11 cases. There is no agreement between Loeb and any other party for the sharing of compensation to be received for the services rendered by Loeb to Tribune Broadcasting and TMS. All professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of Tribune Broadcasting and TMS.

**REVIEW OF APPLICABLE LOCAL RULE**

15. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with the requirements of Local Rule 2016-2.

16. The undersigned further certifies that the Debtors have had an opportunity to review this Application before it was filed with the Court.

**NO PRIOR REQUEST**

17. No previous application with respect to the relief requested herein has been made to this or any other Court.

---

LLP for Services Rendered as Ordinary Course Counsel to the Debtors During the Period From July 1, 2010 through August 31, 2010 (D.I. 8704); Order Allowing Compensation and Reimbursement of Expenses to Hunton & Williams LLP for Services Rendered as Ordinary Course Counsel to the Debtors for Certain Litigation Matters During the Prior From May 1, 2010 through July 31, 2010 (D.I. 7454); Order Allowing Compensation and Reimbursement of Expenses to David Wright Tremaine LLP for Services Rendered as Ordinary Course Counsel to the Debtors During the Period From March 1, 2010 through June 30, 2010 (D.I. 6576).

WHEREFORE, after appropriate notice and hearing, Loeb respectfully requests that the Court enter an order (i) allowing fees in the amount of $154,334.00 for services rendered to Tribune Broadcasting and TMS during the period from December 2010 through February 2011 and expenses in the amount of $4,488.62 for services rendered to Tribune Broadcasting and TMS during the month of February 2011, (ii) waiving the procedures for compensation and reimbursement of expenses for professionals and consideration of fee applications set forth in this Court's Interim Compensation Order and Fee Examiner Order, on a limited basis as described herein, with respect to this Application, and (iii) granting such further relief as is just and proper.

Dated: November 1, 2012

Respectfully submitted,

Melissa Mickey
Loeb & Loeb LLP
321 North Clark Street, Suite 2300
Chicago, IL 60654
312-464-3160
312-577-0816 (Fax)