## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### NOTICE OF AGENDA OF MATTERS
### SCHEDULED FOR HEARING ON NOVEMBER 7, 2012 AT 1:00 P.M.
### BEFORE THE HONORABLE KEVIN J. CAREY

Any party who wishes to participate in the hearing via telephone must contact
CourtCall by telephone (866-582-6878) or by facsimile (866-533-2946)
no later than 12:00 p.m. one business day prior to the hearing.

## CONTINUED MATTERS

1.    Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section
502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-
1 (Filed November 13, 2009) (Docket No. 2561)

Response Deadline:  December 8, 2009 at 4:00 p.m.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Responses Received:

    (a)    Response by Robby S. Wells to Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims (Filed December 4, 2009) (Docket No. 2744)

    (b)    Letter from Robert Wells with copy of Hauling Agreement (Received February 17, 2011) (Not Docketed)

    (c)    Informal Response received from GE Capital Fleet Services

Related Documents:

    (a)    Notice of Submission of Proofs of Claim Regarding Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed December 1, 2009) (Docket No. 2685)

    (b)    Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered January 5, 2010) (Docket No. 3011)

    (c)    Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims as Relates to Claim No. 5606 of Personal Plus, Inc. Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered February 24, 2010) (Docket No. 3526)

    (d)    Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims as it Relates to Claim No. 1332 of Karolyn Walker Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered December 22, 2010) (Docket No. 7274)

Status:    The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection, and with respect to Claim No. 5606 of Personal Plus, Inc. and Claim No. 1332 of Karolyn M. Walker. The Objection was withdrawn with respect to Claim No. 501 of Chris Parker and Claim No. 2998 of Marc Silver. The hearing on the claims of GE Capital Fleet Services and Robby S. Wells is adjourned to the December 12, 2012 hearing. This matter will not be going forward.

2.    Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed April 16, 2010) (Docket No. 4091)

Response Deadline: May 11, 2010 at 4:00 p.m.

Responses Received:

(a)     Response by Marbury L. von Briesen (Filed May 12, 2010) (Docket No. 4349)

(b)     Response by Herbert E. Eye (Filed May 12, 2010) (Docket No. 4350)

(c)     Response by Herbert E. Eye (Filed May 14, 2010) (Docket No. 4394)

(d)     Supplemental Response by Marbury L. von Briesen (Filed July 15, 2010) (Docket No. 5016)

Related Documents:

(a)     Notice of Submission of Proofs of Claim Regarding Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed May 4, 2010) (Docket No. 4230)

(b)     Order Sustaining Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered May 14, 2010) (Docket No. 4406)

(c)     Order Approving (I) Stipulation Between the Debtors and CNN Newsource Sales, Inc. Regarding Allowance of Claims and (II) Partial Withdrawal of Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims as it Relates to Claim No. 4863 of CNN Newsource Sales, Inc. (Entered October 28, 2010) (Docket No. 6158)

(d)     Order Approving Stipulation Between Certain of the Debtors and Oracle Corporation Oracle America, Inc., as Successor-By-Merger to Sun Microsystems, Inc., Regarding (I) Resolution of Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims as it Relates to the Claims of Oracle and (II) Allowance of Certain Prepetition Claims of Oracle (Entered November 23, 2010) (Docket No. 6593)

(e)     Order Partially Sustaining Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims as it Relates to the Claim of Terry Godbey (Entered May 25, 2011) (Docket No. 8988)

(f)     Order Regarding Submission of Documents with Respect to Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims as it Relates to Claim No. 3060 of Maureen Dombeck (Entered September 14, 2011) (Docket No. 9773)

46429/0001-8882271v1

Status:     The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection and Orders resolving Claim No. 4863 of CNN Newsource Sales, Inc., Claim Nos. 4634, 4635, 4636, 4640, 4748, 4749, 4750 and 4751 of Oracle America, Inc. and Claim No. 3672 of Terry Godbey. The Objection was withdrawn as to the claims of 9090 Enterprises and Spanlink Communications. The Court is adjudicating the Objection to the claim of Maureen Dombeck based on certain submissions as identified in Docket No. 9773. The hearing on the claims of Marbury von Briesen and Herbert Eye is adjourned to the December 12, 2012 hearing. This matter will not be going forward.

3.    Debtors' Twenty-Seventh Omnibus Objection (Non-Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed May 17, 2010) (Docket No. 4441)

Response Deadline: June 9, 2010 at 4:00 p.m.

Responses Received:

(a)    Response by Marcia Willette (Filed June 8, 2010) (Docket No. 4721)

Related Documents:

(a)    Order Sustaining Debtors' Twenty-Seventh Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered June 14, 2010) (Docket No. 4774)

(b)    Order Sustaining in Part Debtors' Twenty-Seventh Omnibus Objection (Non-Substantive) to Claims as it Relates to Claim No. 5785 of Cawley Chicago Portfolio, LLC (Entered July 19, 2010) (Docket No. 5071)

Status:     The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection and an Order with respect to the claim of Cawley Chicago Portfolio, LLC. The Objection was withdrawn as to the claims of the United States Environmental Protection Agency and Annapolis West Limited Partnership. The Debtors and Marcia Willette have reached a resolution of the Objection as it relates to Claim No. 6160 filed by Marcia Willette as Guardian for Zachary Mitzkovitz and intend to file a stipulation documenting that agreement with the Court. This matter will not be going forward.

4.    Debtors' Fortieth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed January 28, 2011) (Docket No. 7674)

Response Deadline: February 22, 2011 at 4:00 p.m.

Responses Received:

(a)     Response of USDR (CLM #1672, CLM #2279 and CLAIM No. 2827) to
        Debtor's Fortieth Omnibus Objection to Claims (Docket #3792);
        Declaration of Jon Dickinson (Filed February 14, 2011) (Docket No.
        7932)

Related Documents:

(a)     Notice of Submission of Proofs of Claim Regarding Debtors' Fortieth
        Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of
        the Bankruptcy Code, Bankruptcy Rules 3003, and 3007, and Local Rule
        3007-1 (Filed February 11, 2011) (Docket No. 7906)

(b)     Order Partially Sustaining Debtors' Fortieth Omnibus (Substantive)
        Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code,
        Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Entered
        February 25, 2011) (Docket No. 8146)

(c)     Order Partially Sustaining Debtors' Fortieth Omnibus (Substantive)
        Objection to Claims as Relates to Claim Nos. 753 and 754 of ASM Capital
        L.P. (Entered June 24, 2011) (Docket No. 9344)

Status:   The Court entered an Order sustaining the Objection with respect to all
          claimants who did not contest or otherwise respond to the Objection, and
          an Order with respect to Claim Nos. 753 and 754 of ASM Capital L.P.
          The Objection was withdrawn as to Claim No. 2279 of USDR, Claim No.
          6683 of Hess Corporation and Claim No. 749 of ASM Capital L.P.  The
          Objection was modified by consent of the parties with respect to Claim
          No. 2554 of Corre Opportunities Fund.  The hearing on Claim No. 1672 of
          USDR – CNI Corporation is adjourned to the December 12, 2012 hearing.
          This matter will not be going forward.

5.    Debtors' Forty-Second Omnibus (Substantive) Objection to Claims Pursuant to Section
      502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1
      (Filed February 18, 2011) (Docket No. 8065)

Response Deadline:  March 15, 2011 at 4:00 p.m.

Responses Received:

(a)     Carol Walker's Response to Debtors' Forty-Second Omnibus Objection to
        Claim (Filed March 9, 2011) (Docket No. 8325)

(b)     Informal response by Broadspire Services [Claim No. 5335] (Received
        March 4, 2011)

(c)     Carol Walker's Response to Debtors' Forty-Second Omnibus Objection to
        Claim (Filed April 12, 2011) (Docket No. 8623)

Related Documents:

  (a)   Notice of Submission of Proofs of Claim Regarding Debtors' Forty-
        Second Omnibus (Substantive) Objection to Claims Pursuant to Section
        502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and
        Local Rule 3007-1 (Filed March 7, 2011) (Docket No. 8289)

  (b)   Order Partially Sustaining Debtors' Forty-Second Omnibus (Substantive)
        Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code,
        Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered
        March 30, 2011) (Docket No. 8523)

  (c)   Order Approving Stipulation Between Los Angeles Times
        Communications LLC and Software AG, Inc. Regarding Resolution of
        Debtors' Forty-Second Omnibus (Substantive) Objection to Claims as it
        Relates to Claim No. 5283 (Entered July 30, 2012) (Docket No. 12129)

Status:   The Court entered an Order sustaining the Objection with respect to all
          claimants who did not respond or otherwise contest the Objection, and
          approving a stipulation between the Debtors and Software AG, Inc.
          regarding Claim No. 5283. The hearing on Claim No. 5335 of Broadspire
          Services, Inc., and Claim No. 6601 of Carol Walker is adjourned to the
          December 12, 2012 hearing. This matter will not be going forward.

6.   Debtors' Objection to Claim No. 5972 Asserted by the New York City Department of
     Finance Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules
     3001, 3003 and 3007, and Local Rule 3007-1 (Filed July 6, 2012) (Docket No. 11963)

     Response Deadline: July 31, 2012 at 4:00 p.m.
     On consent of the parties, the Objection Deadline is extended until 4:00 p.m. on
     December 5, 2012 for the New York City Department of Finance and the Debtors' Reply
     Deadline is extended to December 7, 2012.

     Responses Received: None at this time.

     Related Documents:

       (a)   Notice of Submission of Proof of Claim Regarding Debtors' Objection to
             Claim No. 5972 Asserted by the New York City Department of Finance
             Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy
             Rules 3001, 3003 and 3007, and Local Rule 3007-1 (Filed July 24, 2012)
             (Docket No. 12092)

     Status:   The hearing on the Objection is adjourned to the December 12, 2012
               hearing. This matter will not be going forward.

7.      Debtors' Fifty-Seventh Omnibus (Substantive) Objection to Claims Pursuant to Sections
        502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and
        Local Rule 3007-1 (Filed August 6, 2012) (Docket No. 12199)

        Response Deadline:  August 29, 2012 at 4:00 p.m.

        Responses Received:

                (a)     Trey C. Yant's Response to Debtors' Fifty-Seventh Omnibus Objection to
                        Claims (Filed August 29, 2012) (Docket No. 12346)

        Related Documents:

                (a)     Notice of Submission of Proofs of Claim Regarding Debtors' Fifty-
                        Seventh Omnibus (Substantive) Objection to Claims Pursuant to Sections
                        502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003
                        and 3007, and Local Rule 3007-1 (Filed August 22, 2012) (Docket No.
                        12311)

                (b)     Order Sustaining Debtors' Fifty-Seventh Omnibus (Substantive) Objection
                        to Claims Pursuant to Sections 502(b) and 558 of the Bankruptcy Code,
                        Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 (Entered
                        August 31, 2012) Docket No. 12362)

        Status:         The Court entered an Order sustaining the Objection with respect to all
                        claimants who did not respond or otherwise contest the Objection.  The
                        hearing on Mr. Yant's Claims (Nos. 843 and 6675) is adjourned to the
                        December 12, 2012 hearing.  This matter will not be going forward.

8.      Debtors' Objection to Claim No. 3045 of James Griffin Pursuant to Sections 502(b) and
        558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007 (Filed
        August 23, 2012) (Docket No. 12324)

        Response Deadline:  September 27, 2012 at 4:00 p.m.

        Responses Received:

                (a)     Claimant's Memorandum in Opposition to Debtors' Objection to Claim
                        No. 3045 of James Griffin (Filed September 10, 2012) (Docket No.
                        12396)

        Status:         This matter is adjourned to the December 12, 2012 hearing.  This matter
                        will not be going forward.

9.  Debtors' Motion for an Order in Aid of Implementation of Senior Noteholder
    Distributions Pursuant to Confirmed DCL Plan (Filed October 19, 2012) (Docket No.
    12601)

    Objection Deadline: October 31, 2012 at 4:00 p.m.
    On consent of the parties, the Objection Deadline will be further extended to a date to be
    determined for Deutsche Bank Trust Company Americas, Law Debenture Trust
    Company of New York, Morgan Stanley Capital Services Inc., the Official Committee of
    Unsecured Creditors and Aurelius Capital Management.

    Responses Received: None.

    Related Documents:

        (a)    Order Confirming Fourth Amended Joint Plan of Reorganization for
               Tribune Company and Its Subsidiaries Proposed by the Debtors, the
               Official Committee of Unsecured Creditors, Oaktree Capital Management,
               L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A.
               (Entered July 23, 2012) (Docket No. 12074)

    Status:    This Motion is adjourned in order to complete documentation of the
               alternative procedure preferred by the Noteholders that was referenced in
               the Motion.  If the parties are successful in reaching agreement on this
               alternative procedure, the Debtors will submit a stipulation, under
               certification of counsel, for the Court's approval.  If the matter is not
               resolved, a hearing on the Motion will be held on November 20, 2012 at
               4:00 p.m.  This matter will not be going forward.

## CERTIFICATIONS OF NO OBJECTION / CERTIFICATIONS OF COUNSEL

10. Application of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. for Allowance and
    Payment of Compensation and Reimbursement of Expenses for Services Rendered as
    Ordinary Course Counsel to Tribune Company and WPIX, Inc. for Certain Employment
    Litigation Matters During the Period from May 1, 2012 through August 31, 2012 (Filed
    September 27, 2012) (Docket No. 12473)

    Objection Deadline: October 17, 2012 at 4:00 p.m.

    Responses Received: None.

    Related Documents:

        (a)    Certification of No Objection Regarding Docket No. 12473 (Filed
               October 19, 2012) (Docket No. 12599)

    Status:    A Certification of No Objection was filed with the Court.  This matter will
               not be going forward unless otherwise directed by the Court.

46429/0001-8882271v1

11.     Sixth Supplemental Application for an Order Modifying the Scope of the Retention of
        Ernst & Young LLP to Include Certain Multi-State Disclosure Services, Nunc Pro Tunc
        to March 12, 2012 (Filed October 5, 2012) (Docket No. 12518)

        Objection Deadline:  October 22, 2012 at 4:00 p.m.

        Responses Received: None.

        Related Documents:

            (a)     Certification of No Objection Regarding Docket No. 12518 (Filed
                    October 24, 2012) (Docket No. 12628)

        Status:     A Certification of No Objection was filed with the Court.  This matter will
                    not be going forward unless otherwise directed by the Court.

12.     Debtors' Sixtieth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b)
        of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed
        October 5, 2012) (Docket No. 12524)

        Response Deadline: October 31, 2012 at 4:00 p.m.

        Responses Received:

            (a)     Response by Pablo Alvarez to Debtors' Sixtieth Omnibus (Substantive)
                    Objection to Claims (Filed October 16, 2012) (Docket No. 12580)

            (b)     Informal Response by Lenora Thomas to Debtors' Sixtieth Omnibus
                    (Substantive) Objection to Claims (Received October 25, 2012)

        Related Documents:

            (a)     Notice of Submission of Proofs of Claim Regarding Debtors' Sixtieth
                    Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of
                    the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule
                    3007-1 (Filed October 24, 2012) (Docket No. 12616)

            (b)     Certification of Counsel Regarding Debtors' Sixtieth Omnibus
                    (Substantive) Objection to Claims Pursuant to Section 502(b) of the
                    Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule
                    3007-1 (Filed November 5, 2012) (Docket No. 12672)

        Status:     The Debtors have resolved the response of Pablo Alvarez and the informal
                    response of Lenora Thomas.  A Certification of Counsel, together with a
                    revised proposed order sustaining the Objection with respect to all
                    claimants who did not contest or otherwise respond to the Objection and
                    with respect to the claims of Pablo Alvarez and Lenora Thomas, was filed
                    with the Court.  This matter will not be going forward unless otherwise
                    directed by the Court.

13.   Debtors' Sixty-First Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Filed October 5, 2012) (Docket No. 12525)

Response Deadline: October 31, 2012 at 4:00 p.m.

Responses Received: None.

Related Documents:

(a)   Certification of No Objection Regarding Docket No. 12525 (Filed November 2, 2012) (Docket No. 12658)

Status:   A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

14.   Debtors' Motion for Entry of an Order Authorizing the Debtors to (A) Enter Into Commitment Letter, Lender Fee Letters and Agent Fee Letter in Connection With Exit Facility, (B) Enter Into Engagement Letter, Facility Fee Letter and Agent Fee Letter in Connection With Replacement Facility for New Senior Secured Term Loan, (C) Pay Associated Fees and Expenses and (D) Furnish Related Indemnities (Filed October 19, 2012) (Docket No. 12594)

Objection Deadline: October 31, 2012 at 4:00 p.m.

Responses Received: None.

Related Documents:

(a)   Order Shortening Notice and Objection Period With Respect to Debtors' Motion for an Order Authorizing the Debtors to Enter Into Letters in Connection With Exit Financing, Pay Associated Fees and Expenses and Furnish Indemnities (Entered October 22, 2012) (Docket No. 12602)

(b)   Notice of Hearing on Motion (Filed October 22, 2012) (Docket No. 12605)

(c)   Certification of No Objection Regarding Docket No. 12594 (Filed November 2, 2012) (Docket No. 12659)

Status:   A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

15.   Motion of the Debtors for Entry of an Order Authorizing the Filing of Fee Letters Under Seal (Filed October 19, 2012) (Docket No. 12596)

Objection Deadline: October 31, 2012 at 4:00 p.m.

46429/0001-8882271v1

Responses Received: None.

Related Documents:

    (a)    Notice of Motion (Filed October 19, 2012) (Docket No. 12598)

    (b)    Certification of No Objection Regarding Docket No. 12596 (Filed November 2, 2012) (Docket No. 12660)

Status:    A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

## FEE APPLICATIONS - CERTIFICATION OF COUNSEL FILED

16.    Notice of Hearing on Monthly Fee Requests and Quarterly Fee Application Requests for the Twelfth Interim Fee Period (Filed October 12, 2012) (Docket No. 12558)

Related Documents:

    (a)    Index identifying the relevant fee requests, certifications and the Fee Examiner's final reports for the Twelfth Interim Fee Period (Attached as Exhibit A to Agenda)

    (b)    Certification of Counsel Regarding Omnibus Order Approving Fee Applications for the Compensation Period September 1, 2011 Through and Including November 30, 2011 (Filed November 5, 2012) (Docket No. 12673)

Objection Deadlines: See respective Fee Applications.

Responses Received: None.

Status:    All Fee Applications are uncontested and all issues raised by the Fee Examiner with respect to the Fee Applications have been resolved. A Certification of Counsel, together with a proposed order, has been filed with the Court. This matter will be going forward unless otherwise directed by the Court.

Dated: November 5, 2012

                    SIDLEY AUSTIN LLP
                    James F. Conlan
                    Bryan Krakauer
                    Kevin T. Lantry
                    One South Dearborn Street
                    Chicago, IL 60603
                    Telephone: (312) 853-7000

                    -and-

46429/0001-8882271v1

James F. Bendernagel, Jr.
1501 K Street, N.W.
Washington, D.C.  20005
Telephone:  (202) 736-8000

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

46429/0001-8882271v1