IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141-KJC<br><br>Jointly Administered<br>Related to Docket Nos. 12072, 12074 and 12601<br>Hearing Date: November 20, 2012 |

## CERTIFICATION OF COUNSEL WITH RESPECT TO DEBTORS' MOTION FOR AN ORDER IN AID OF IMPLEMENTATION OF SENIOR NOTEHOLDER DISTRIBUTIONS PURSUANT TO CONFIRMED DCL PLAN

The undersigned, counsel to the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors"), hereby certify as follows:

1.  On July 23, 2012, the Court entered the Order Confirming (the "Confirmation Order") Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (As Modified July 19, 2012) (the "DCL Plan") [Docket No. 12074].[2]

2.      Section 3.2.5(c) of the DCL Plan provides, in part, that "Reorganized Tribune shall (a) withhold from the distributions provided for in this Section 3.2.5(c) the amount of any consideration allocable to the Senior Noteholder Claims held by MSCS and (b) hold such amount in reserve pending a determination of the allowance of MSCS's Senior Noteholder Claims and MSCS's entitlement to such distribution."

3.      Section 3.2.5(c) of the DCL Plan also provides that "[t]he Debtors, the Creditors' Committee, the applicable Indenture Trustee and MSCS shall work in good faith to agree upon an appropriate procedure … to [e]nsure that MSCS does not receive a distribution on account of any Senior Noteholder Claims held by MSCS for its own account unless and until it is determined that such Senior Noteholder Claims are Allowed Claims and entitled to a distribution pursuant to this Section 3.2.5(c)" and, if the parties are unable to agree upon an appropriate procedure, they can seek an order in aid of confirmation of the DCL Plan resolving any disputes and implementing an appropriate procedure.

4.      Although the parties commenced discussions in June 2012 to formulate the appropriate procedure to effectuate Section 3.2.5 of the DCL Plan, they continued to struggle to reach agreement three months following entry of the Confirmation Order. In an effort to resolve the procedural issues and ensure the Senior Noteholders receive timely distributions upon the effectiveness of the DCL Plan, on October 19, 2012, the Debtors filed the Debtors' Motion for an Order in Aid of Implementation of Senior Noteholder Distributions Pursuant to Confirmed DCL Plan (the "Motion") [Docket No. 12601], seeking entry of an order authorizing a procedure

---

[2] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to such terms in the Stipulation.

46429/0001-8991955v3

to effectuate Section 3.2.5 of the DCL Plan. As explained in the Motion, the Debtors proposed a procedure that they believed was the least complicated to ensure compliance with the DCL Plan, but promised to continue to work with the parties to reach agreement on the alternative procedure that the parties had been discussing (the "Alternative Consensual Procedure").

5. Pursuant to the notice filed and served with the Motion, objections, if any, to the Motion were required to have been filed with the Court and served no later than 4:00 p.m. on October 31, 2012 (the "Objections Deadline"). No answer, objection or other responsive pleading was filed with the Court or served on the undersigned.

6. As promised in the Motion, the Debtors, Morgan Stanley Capital Services Inc. ("MSCS"), the Official Committee of Unsecured Creditors (the "Creditors' Committee"), Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee ("DBTCA"), Law Debenture Trust Company of New York, in its capacity as successor indenture trustee ("Law Debenture"; DBTCA and Law Debenture are collectively referred to as the "Indenture Trustees") (each, a "Party" and, collectively, the "Parties") and Aurelius Capital Management, LP ("Aurelius") continued their extensive discussions regarding the Alternative Consensual Procedure to effectuate Section 3.2.5(c) of the DCL Plan. In order to resolve this matter consensually, the Debtors extended the Objection Deadline and the hearing on the Motion, which was originally scheduled for November 7, 2012, to allow the Parties and Aurelius additional time to finalize and memorialize the Alternative Consensual Procedure.

7. The Parties and Aurelius have successfully negotiated the agreed-upon Alternative Consensual Procedure which is embodied in the Stipulation In Aid Of Implementation Of Senior Noteholder Distributions Pursuant To Confirmed DCL Plan (the "Stipulation"), which has been executed by the Parties, and is attached hereto as Exhibit 1.

Although the procedure in the Stipulation differs from the back-up procedure set forth in the Motion, the Alternative Consensual Procedure accomplishes the objective of the Motion and provides a mechanism to effectuate Section 3.2.5(c) of the DCL Plan. Specifically, the Stipulation resolves the Motion in its entirety and establishes, *inter alia*, (i) the procedure to be implemented prior to the Initial Distribution Date to ensure that MSCS does not receive a distribution on account of any Senior Noteholder Claims held by MSCS for its own account unless and until it is determined that such Senior Noteholder Claims are Allowed Claims and entitled to a distribution pursuant to Section 3.2.5(c) of the DCL Plan; (ii) the formula and procedure for calculation and distribution of reserved amounts pending adjudication or resolution of the validity of the MSCS Setoff (as defined in the Stipulation) and/or the allowability of the Senior Noteholder Claims held by MSCS; and (iii) sets a deadline for the Indenture Trustees to provide the Debtors with their fee and expense calculations so that the Debtors can make the calculations necessary for distributions to the Class of Senior Noteholder Claims. Attached hereto as Exhibit 2 is a proposed Order Approving Stipulation In Aid Of Implementation Of Senior Noteholder Distributions Pursuant To Confirmed DCL Plan (the "Proposed Order") for the Court's consideration.

8.  It is hereby respectfully requested that the Court approve the Stipulation and enter the Proposed Order.

Dated: November 16, 2012

                COLE, SCHOTZ, MEISEL,
                FORMAN & LEONARD, P.A.

By: /s/ *illegible signature*
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION