# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>(Jointly Administered)<br><br>Objection Deadline: November 30, 2012 at 4:00 p.m. (ET)<br>Hearing Date: December 12, 2012 at 11:00 a.m. (ET) |

## MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER FURTHER MODIFYING (A) THE ORDER (I) AUTHORIZING THE DEBTORS TO ESTABLISH A DOCUMENT DEPOSITORY AND DIRECTING THE COMMITTEE TO DELIVER CERTAIN DOCUMENTS TO THE DEPOSITORY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 AND (II) ESTABLISHING SETTLEMENT NEGOTIATION PROTECTIONS PURSUANT TO 11 U.S.C. § 105(A); AND (B) PROTECTIVE ORDER; AND MODIFYING ALL OTHER APPLICABLE ORDERS AND AGREEMENTS

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby submits this Motion (the "Motion") for an Order Further Modifying (A) the Order (I) Authorizing the Debtors to Establish a Document Depository and Directing the Committee to Deliver Certain Documents to the Depository Pursuant to Federal Rule of Bankruptcy Procedure 2004 and (II) Establishing Settlement Negotiation Protections Pursuant to 11 U.S.C. § 105(a); and (B) the Protective Order; and Modifying Confidentiality Agreements.

Under the Tribune plan of reorganization approved by the Court (as further defined below, the "Plan"), the Committee will be succeeded by the Litigation Trustee as plaintiff in *Official Committee of Unsecured Creditors Committee of Tribune Co. v. FitzSimons*, Civ. No. 12-02652 (S.D.N.Y.) (WHP) ("FitzSimons"), and *Official Committee of Unsecured Creditors Committee of Tribune Co. v. Citigroup Global Markets Inc., et al.*, Civ. No. 12-50466 (WHP) ("CGMI," and together with *FitzSimons*, the "Trustee Actions")[2] on the Plan's effective date. Following confirmation of the DCL Plan, on August 31, 2012, the Court entered an order (the "Depository Modification Order") that modified the Depository Order and the August 8, 2011 Protective Order (the "Protective Order") in *FitzSimons* to enable the Litigation Trustee to obtain access to (i) documents relevant to the LBO that the Committee gathered during its Rule 2004 investigation in 2009-2010, (ii) information about the LBO that the various parties exchanged in discovery during the plan confirmation proceedings, and (iii) information about shareholder

---

[2] Prior to their respective transfers to the multidistrict litigation proceeding arising out of the 2007 Tribune LBO (MDL No. 2296), *FitzSimons* was Adversary Proceeding No. 10-54010 and *CGMI* was Adversary Proceeding No. 12-50446, both before this Court.

3937235.1

defendants that the Committee obtained during party discovery relating to the *FitzSimons* claims against former Tribune shareholders (collectively, the "Discovery Materials").[3]

Certain creditors have expressed concern that, because the Depository Modification Order does not exactly track the transfer agreement between the Committee and the Litigation Trustee (the "Committee LT Agreement" as defined below) approved as part of the DCL Plan, parties that produced the Discovery Materials – which the Committee will transfer to the Litigation Trustee – may consequently argue that the Depository Modification Order does not permit the Litigation Trustee to use the Discovery Materials in the Trustee Actions in the manner intended by the Plan and Committee LT Agreement. The Committee now files this supplemental motion to ensure that all provisions of section II.B.1 of the Committee LT Agreement are fully effective and that the Litigation Trustee will be able to use the Discovery Materials to prosecute the Trustee Actions consistent with the terms of the Committee LT Agreement.

In support of the Motion, the Committee respectfully represents as follows:

### Jurisdiction and Venue

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 2004.

---

[3] The August 31 Order granted the Committee's Motion for an Order Modifying (A) the Order (I) Authorizing the Debtors to Establish a Document Depository and Directing the Committee to Deliver Certain Documents to the Depository Pursuant to Federal Rule of Bankruptcy procedure 2004 and (II) Establishing Settlement Negotiation Protections Pursuant to 11 U.S.C. § 105(a); and (B) the Protective Order (D.I. 12133) (the "Motion to Modify the Depository Order").

## Factual Background

2.  The factual background to this supplemental motion is the same as that presented to the Court in the Motion to Modify the Depository Order. Given the Court's familiarity with this case, the Committee respectfully incorporates paragraphs 2-8 of that motion.

3.  During the course of its Rule 2004 investigation and shareholder discovery in *FitzSimons*, prior to the Court's issuance of the Protective Order, the Committee entered into confidentiality agreements (the "Confidentiality Agreements") with dozens of subpoena targets, from among the hundreds of parties that the Committee pursued for LBO-related and shareholder defendant information (the "Producing Parties"), to provide certain protections to information produced by those subpoena targets. The Confidentiality Agreements restricted the scope of disclosure of documents designated as "Confidential" and "Highly Confidential" and also generally limited the use of such documents in future proceedings (such procedures collectively, the "Confidentiality Restrictions").

4.  On July 15, 2011 the Committee moved for a case-wide protective order in *FitzSimons* (Adv. Proc. 10-54010 D.I. 135). On August 8, 2011, the Court entered the Protective Order (Adv. Proc. D.I. 152), which contained disclosure and use restrictions very similar to the Confidentiality Restrictions (the "Protective Order Restrictions" and together with the Confidentiality Restrictions and use and disclosure restrictions in the Depository Order, the "Discovery Use Restrictions").

5.  Additionally, in connection with the confirmation hearing and chapter 11 case generally, the Committee received Discovery Materials from many parties, subject to the Depository Order or other related orders and agreements.

3937235.1

6. On July 13, 2012, the Court issued the *Memorandum Overruling Objections To Confirmation Of The Fourth Amended Plan Of Reorganization For Tribune Company and Its Subsidiaries And Denying Clarification Motion* [D.I. 12033] (the "Confirmation Opinion"). In the Confirmation Opinion, the Court approved the confirmation of the Debtors' Fourth Amended Plan of Reorganization (the "Plan"), subject to certain modifications. Consistent with the Confirmation Opinion, on July 20, 2012, the DCL Plan Proponents (as defined in the Plan), filed an amended and revised Plan. On July 23, 2012, the Court entered the *Order Confirming Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by The Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A.* [D.I. 12074] (the "Confirmation Order").

7. The Plan establishes a Litigation Trust, pursuant to the Litigation Trust Agreement, to, among other things, continue the prosecution of the Trustee Actions. To enable the Litigation Trustee to carry out his obligations, Section 15.2 of the Plan requires "an agreement to be entered into between the Creditors' Committee and the Litigation Trust governing the transfer of certain documents, information and privileges from the [..] Committee to the Litigation Trust." Pursuant to that requirement, the Plan proponents and other parties in interest negotiated the *Agreement Respecting Transfer of Documents, Information, And Privileges from the Official Committee of Unsecured Creditors by and between the Committee and Litigation Trustee* (the "Committee LT Agreement"). The Committee LT Agreement is Exhibit Y to the Plan and was considered and specifically approved by the Court as part of the confirmation proceedings. *See* Plan § VI.A.

8. Section II.B of the Committee LT Agreement provides as follows:

3937235.1

Production of Documents.

The Creditors' Committee agrees to produce to the Litigation Trustee Documents Relating to the Claims in the possession, custody or control of the Creditors' Committee, and to use commercially reasonable best efforts to provide access to Documents Relating to the Claims[4] in the possession, custody or control of professionals retained by the Creditors' Committee under Section 327 of the Bankruptcy Code, effective on the Effective Date of the Plan, as follows:

1. As provided in the Confirmation Order, the Creditors' Committee shall, within five business days of entry of the Confirmation Order, file a motion with the Bankruptcy Court seeking modification of the Depository Order and all other applicable orders or agreements to the extent necessary for the Creditors' Committee to a) provide the Litigation Trustee the Documents produced by the Creditors' Committee or any other Person to the Document Depository established and maintained pursuant to the Depository Order and the Documents provided by the Creditors' Committee to the Examiner (except Documents withheld under Section II.B.2.b below), b) provide the Litigation Trustee with access to the Documents Relating to the Claims produced in discovery in connection with the Confirmation Hearing, the Debtors' Chapter 11 cases, and the Trustee Actions; and c) *permit the Litigation Trustee to use the Documents described in this sentence for the purposes specified in II.A.4 above.* Upon entry of an order by the Bankruptcy Court modifying the Depository Order and all other applicable orders or agreements (the "Approval Order"), access to Documents Relating to the Claims shall include providing the Litigation Trustee with access to the Documents described in the preceding sentence.

Committee LT Agreement § II.B (emphasis added).

9. 10. Section II.A.4 of the Committee LT Agreement provides, in pertinent part, "Documents and information provided by the Creditors' Committee pursuant to this Agreement shall be used in connection with the Litigation Trustee's efforts to investigate, prosecute, compromise, and/or settle the Claims, and any related trial court and appellate proceedings and not for any other purpose…, provided that the Litigation Trustee may produce documents and provide other information when it is legally obligated to provide documents or information in

---

[4] "Documents Relating to the Claims" is defined in the Commiittee LT Agreement as "Documents which relate in full or in part to Tribune Company's 2007 leveraged buy-out transactions, or the transactions or events leading up to it, or the Claims."

6

3937235.1

response to discovery requests or subpoenas it may receive from other parties in the Trustee Actions or other litigations...."

9. Section II.D. of the Committee LT Agreement in turn provides a comprehensive set of provisions respecting the confidentiality and use of the Discovery Materials under the Committee LT Agreement (together the "LT Confidentiality Procedures"). For example, The LT Confidentiality Procedures specify which documents are "Confidential" and which are "Highly Confidential," who can receive such materials and under what conditions, and what steps must be taken with respect information designated as "Highly Confidential" before it can be filed with a Court.

10. On August 31, 2012, the Court entered the Depository Modification Order. Among other things, the Depository Modification Order permits the Committee to transfer Discovery Materials to the Litigation Trustee. However, the form of the Depository Modification Order does not expressly provide for the use of the Discovery Materials for the purposes specified in section II.A.4 of the Committee LT Agreement.

11. The Noteholders have expressed the concern that, without an order from this Court that explicitly tracks the Committee LT Agreement, Producing Parties may challenge such use by the Litigation Trustee, and thereby hamper his ability to prosecute the Trustee Actions.

### Relief Requested

12. The Committee hereby requests that the Court enter an Order pursuant to section 105(a) of the Bankruptcy Code further modifying the Depository Order and Protective Order so as to permit the Litigation Trustee, upon receipt of the Discovery Materials, to use them for the purposes set out in II.A.4. of the Committee LT Agreement, subject to the terms of that

Agreement, and, to the extent necessary, so modifying all other applicable orders and the Confidentiality Agreements.

### Basis for Relief

13. Under the Bankruptcy Code, the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a); *see also In re Johns-Manville Corp.*, 91 B.R. 225, 227 (Bankr. S.D.N.Y. 1988); *Travelers Indemnity Co. v. Bailey*, 557 U.S. 137, 129 S. Ct. 2195, 2205 (2009).

14. As the Debtors argued in the Depository Motion, one essential purpose of the Document Depository was to "substantially streamline [the discovery] process and [] avoid a costly, time-consuming, and difficult process of negotiating separate access agreements with each of the more than 30 Producing Parties and collecting and assembling such Discovery Documents from the Producing Parties on an individualized basis by all Negotiating Parties." Depository Motion ¶ 17. In its July 2011 motion for a protective order, the Committee similarly stated that the sought Protective Order would allow the Court "to address and resolve in consolidated fashion the need for the Committee to enter into multiple confidentiality agreements going forward, thus conserving estate resources." Motion for Protective Order ¶ 20.

15. Cause exists to modify the terms of the Depository Order, the Protective Order and all other applicable orders and the Confidentiality Agreements to allow the Litigation Trustee to use the Discovery Materials consistent with the LT Confidentiality Procedures. Upon the effective date of the Plan, the rights and obligations to prosecute the Trustee Actions will vest in the Litigation Trust and the Litigation Trustee will then be responsible for the prosecution of those actions. It would be inefficient and cumbersome to require the Committee and Litigation Trustee to contact individually, and possibly respond to objections from, the dozens of Producing

8

3937235.1

Parties, many of who are now defendants in the Trustee Actions, and other persons and entities who produced Discovery Materials during the confirmation proceedings, about the terms of the Litigation Trustee's use of the Discovery Materials. Instead, the LT Confidentiality Procedures will provide a single uniform set of protections and requirements governing all of the Discovery Materials that the Committee will provide to the Litigation Trustee under the Committee LT Agreement.

16.   Likewise, further cause exists to modify the Depository Order, Protective Order, any other applicable orders and the Confidentiality Agreements because the LT Confidentiality Provisions provide the Producing Parties with protections regarding the confidentiality of Discovery Materials similar in scope to those contained in those orders and agreements. The LT Confidentiality Procedures adequately protect the Producing Parties' "Confidential" and "Highly Confidential" information.[5]

## Notice

17.   A copy of the Motion has been served upon: (i) the United States Trustee for the District of Delaware; (ii) the Debtors; (iii) all parties to the Confidentiality Agreements; and (iv) all parties requesting notice under Bankruptcy Rule 2002. The Committee submits that no other or further notice is required.

---

[5] The Committee LT Agreement contemplates that the there may be future confidentiality agreements or protective orders in the Trustee Actions that modify the use and disclosure provisions in the Committee LT Agreement. *See* Committee LT Agreement § II.D.4. Such future orders by the MDL Court will control over the use and disclosure provisions in the Committee LT Agreement. *Id.*

3937235.1

**WHEREFORE**, the Committee respectfully requests that the Court grant the Motion and grant such other and further relief as is just and proper.

Dated: November 16, 2012  
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ 

Adam G. Landis (No. 3407)  
Matthew B. McGuire (No. 4366)  
Kimberly A. Brown (No. 5138)  
919 Market Street, Suite 1800  
Wilmington, Delaware 19801  
Telephone: (302) 467-4400  
Facsimile: (302) 467-4450

- and -

Graeme W. Bush  
James Sottile  
Andrew N. Goldfarb  
**ZUCKERMAN SPAEDER LLP**  
1800 M Street, Suite 1000  
Washington, DC 20036  
Telephone: (202) 778-1800  
Facsimile: (202) 822-8106

*Counsel for the Official Committee of Unsecured Creditors*

3937235.1