## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Objections Due: December 10, 2012 at 4:00 p.m.<br>Hearing Date: *Only if Objections Are Filed* |

## MONTHLY FEE APPLICATION OF
## McDERMOTT WILL & EMERY LLP, AS SPECIAL COUNSEL TO
## DEBTORS FOR DOMESTIC LEGAL MATTERS, FOR ALLOWANCE OF
## COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
## THE PERIOD OCTOBER 1, 2012 THROUGH OCTOBER 31, 2012

| | |
|---|---|
| **Name of applicant:** | McDermott Will & Emery LLP |
| **Authorized to provide professional services to:** | Tribune Company, et al. |
| **Date of retention:** | March 13, 2009 nunc pro tunc to December 8, 2008 |
| **Period for which compensation and reimbursement is sought:** | October 1, 2012 to October 31, 2012 |
| **Amount of compensation sought as actual, reasonable and necessary:** | $336,480.50 (80% of which is $269,184.40) |
| **Amount of expense reimbursement sought as actual, reasonable and necessary:** | $10,529.41 |

This is a: _x_ monthly    __ interim    ___ final application

Prior Monthly Applications Filed:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| 4/15/09[1] | 1029 | 12/8/08 – 2/28/09 | $530,504.50[2] | $6,808.20 | $416,077.00 | $1,489.70 |
| 7/31/09 | 1876 | 3/1/09 – 3/31/09 | $360,698.00 | $2,222.03 | $360,698.00 | $2,222.03 |
| 7/31/09 | 1877 | 4/1/09 – 4/30/09 | $279,111.00 | $1,624.80 | $279,111.00 | $1,624.80 |
| 10/7/09 | 2295 | 5/1/09 – 5/31/09 | $199,656.00 | $699.34[3] | $199,656.00 | $37.10 |
| 11/16/09 | 2571 | 6/1/09 – 6/30/09 | $123,100.00 | $54.47 | $123,100.00 | $54.47 |
| 11/16/09 | 2572 | 7/1/09 – 7/31/09 | $203,660.00 | $1,039.27 | $203,660.00 | $1,039.27 |
| 11/16/09 | 2573 | 8/1/09 – 8/31/09 | $38,725.00 | $218.96 | $38,725.00 | $218.96 |
| 12/11/09 | 2821 | 9/1/09 – 9/30/09 | $65,515.50 | $117.99 | $65,515.50 | $117.99 |
| 4/1/10 | 3914 | 10/1/09 – 10/31/09 | $162,590.50 | $2,283.89[4] | $162,590.50 | $2,033.89 |
| 4/1/10 | 3915 | 11/1/09 – 11/30/09 | $128,123.50 | $23.27 | $128,123.50 | $23.27 |

---

[1] The Combined Monthly and First Quarterly Application of McDermott Will & Emery LLP ("McDermott"), as Special Counsel to Debtors for Domestic Legal Matters for Allowance of Compensation and Reimbursement of Expenses for the Period December 8, 2008 Through February 28, 2009 (the "Combined Monthly and First Quarterly Application") combined McDermott's monthly fee statements and quarterly fee application for the period of December 8, 2008 through February 28, 2009.

[2] McDermott reduced its compensation sought by $110,867.50 due to an inadvertent overpayment by the above-captioned debtors and debtors in possession (the "Debtors"). Such amount resulted from the United States Trustee's (the "U.S. Trustee") concern regarding McDermott's Combined Monthly and First Quarterly Application. The U.S. Trustee and McDermott (together, the "Parties") resolved the U.S. Trustee's concern by agreeing that McDermott would not seek payment of the disputed fees, in the amount of $110,867.50 (the "Disputed Fees"), at that time. The Parties agreed, however, that McDermott reserved its right to seek payment of the Disputed Fees at a later time.

[3] Though McDermott sought reimbursement of expenses in the amount of $699.34, McDermott credited such request for reimbursement by the amount of $662.24 to reflect charges McDermott did not intend to include in its April fee statement. Accordingly, McDermott only sought expense reimbursement in the amount of $37.10 ($699.34 - $662.24).

[4] Due to an inadvertent expense submission in the Second Quarterly Fee Application Of McDermott, As Special Counsel To Debtors For Domestic Legal Matters, For Allowance Of Compensation And Reimbursement Of Expenses For The Period March 1, 2009 Through May 31, 2009, McDermott reduced the amount of expense reimbursement sought by $250.00. Thus, McDermott actually sought reimbursement of expenses in the amount of $2,033.89 ($2,283.89 - $250.00).

- 2 -

| 5/21/10 | 4593[5] | 11/1/09 – 11/30/09 | $6,486.00 | $0.70 | $6,486.00 | $0.70 |
|---|---|---|---|---|---|---|
| 6/30/10 | 4710 | 12/01/09 – 12/31/09 | $160,024.50 | $61.52[6] | $160,024.50 | $3.12 |
| 6/30/10 | 4711 | 1/1/10 – 1/31/10 | $387,234.50 | $1,160.66 | $387,234.50 | $1,160.66 |
| 6/30/10 | 4712 | 2/1/10 – 2/28/10 | $272,320.00 | $554.74 | $272,320.00 | $554.74 |
| 8/11/10 | 5338 | 3/1/10 – 3/31/10 | $173,048.50 | $404.41 | $173,048.50 | $404.41 |
| 8/11/10 | 5339 | 4/1/10 – 4/30/10 | $108,258.50 | $1,418.99 | $108,258.50 | $1,418.99 |
| 8/11/10 | 5340 | 5/1/10 – 5/31/10 | $158,183.50 | $69.33 | $158,183.50 | $69.33 |
| 8/11/10 | 5341 | 6/1/10 – 6/30/10 | $202,686.00 | $173.49 | $202,686.00 | $173.49 |
| 9/28/10 | 5830 | 7/1/10 – 7/31/10 | $268,625.00 | $2,571.61 | $268,625.00 | $2,571.61 |
| 10/26/10 | 6125 | 8/1/20 – 8/31/10 | $248,647.50 | $2,140.34 | $248,647.50 | $2,140.34 |
| 11/18/10 | 6499 | 9/1/10 – 9/30/10 | $234,644.00 | $102.30 | $234,644.00 | $102.30 |
| 11/30/10 | 6662 | 10/1/10 – 10/31/10 | $454,875.50 | $8,966.01 | $454,875.50 | $8,966.01 |
| 2/7/11 | 7817 | 11/1/10 – 11/30/10 | $464,035.50 | $4,553.12 | $464,035.50 | $4,553.12 |
| 2/25/11 | 8162 | 12/1/10 – 12/31/10 | $445,632.50 | $13,321.38 | $445,632.50 | $13,321.38 |
| 6/9/11 | 9211 | 1/1/11 – 1/31/11 | $466,618.50 | $2,675.34 | $466,618.50 | $2,675.34 |
| 6/9/11 | 9212 | 2/1/11 – 2/28/11 | $647,863.00 | $1,760.29 | $647,863.00 | $1,760.29 |
| 6/28/11 | 9374 | 3/1/11 – 3/31/11 | $816,400.50 | $47,573.84 | $816,400.50 | $47,573.84 |
| 7/12/11 | 9447 | 4/1/11 – 4/30/11 | $685,711.00 | $29,029.03 | $685,711.00 | $29,029.03 |

[5] This fee application only includes services rendered by McDermott to Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, Inc. for the month of November 2009. A separate fee application was submitted for fees and expenses rendered by McDermott to the Debtors for the month of November 2009 (D.E. 3915).

[6] Due to an inadvertent expense submission in the Third Quarterly Fee Application Of McDermott, As Special Counsel To Debtors For Domestic Legal Matters, For Allowance Of Compensation And Reimbursement Of Expenses For The Period June 1, 2009 Through August 31, 2009, McDermott reduced the amount of expense reimbursement sought by $58.40. Thus, McDermott actually sought reimbursement of expenses in the amount of $3.12 ($61.52 – $58.40).

| 7/12/11 | 9448 | 5/1/11 – 5/31/11 | $485,184.00 | $12,399.44 | $485,184.00 | $12,399.44 |
|---|---|---|---|---|---|---|
| 9/27/11 | 9837 | 6/1/11 – 6/30/11 | $738,063.50 | $1,530.51 | $738,063.50 | $1,530.51 |
| 9/27/11 | 9838 | 7/1/11 – 7/31/11 | $703,579.00 | $16,522.77 | $703,579.00 | $16,522.77 |
| 10/21/11 | 10050 | 8/1/11 – 8/31/11 | $490,896.00 | $2,502.10 | $490,896.00 | $2,502.10 |
| 11/15/11 | 10232 | 9/1/11 – 9/30/11 | $542,380.00 | $11,192.30 | $542,380.00 | $11,192.30 |
| 11/22/11 | 10283 | 10/1/11 – 10/31/11 | $376,348.00 | $16,126.76 | $376,348.00 | $16,126.76 |
| 1/13/12 | 10623 | 11/1/11 – 11/30/11 | $261,764.00 | $6,498.68 | $261,764.00 | $6,498.68 |
| 2/22/12 | 10976 | 12/1/11 – 12/31/11 | $310,325.50 | $11,682.90 | $248,260.40 | $11,682.90 |
| 3/28/12 | 11254 | 1/1/12 – 1/31/12 | $553,018.10[7] | $12,887.19 | $442,414.48 | $12,887.19 |
| 4/18/12 | 11425 | 2/1/12 – 2/29/12 | $800,868.00[8] | $10,239.99 | $640,694.40 | $10,239.99 |
| 6/25/12 | 11894 | 3/1/12 – 3/31/12 | $413,519.40[9] | $16,939.58 | $330,815.52 | $16,939.58 |
| 6/27/12 | 11912 | 4/1/12 – 4/30/12 | $339,043.00 | $12,098.41 | $271,234.40 | $12,098.41 |
| 7/10/12 | 11979 | 5/1/12 – 5/31/12 | $331,226.50 | $11,039.61 | $264,981.20 | $11,039.61 |
| 9/14/12 | 12429 | 6/1/12 – 6/30/12 | $457,731.00 | $12,013.34 | $366,184.80 | $12,013.34 |
| 10/08/12 | 12529 | 7/1/12 – 7/31/12 | $247,773.00 | $15,164.32 | $198,218.40 | $15,164.32 |
| 10/08/12 | 12530 | 8/1/12 – 8/31/12 | $120,665.50 | $10,551.41 | $96,532.40 | $10,551.41 |
| 11/12/12 | 12713 | 9/1/12- 9/30/12 | $281,106.50 | $10,514.64 | [____] | [____] |

---

[7] McDermott actually incurred fees in the amount of $635,705.50. The amount requested reflects a voluntary reduction by McDermott of $82,687.40, representing a twenty percent (20%) discount with respect to the fees associated with the matter 2009 Audit.

[8] McDermott actually incurred fees in the amount of $907,835.50. The amount requested reflects a voluntary reduction by McDermott of $106,967.50, representing a twenty percent (20%) discount with respect to the fees associated with the matter 2009 Audit.

[9] McDermott actually incurred fees in the amount of $442,134.50. The amount requested reflects a voluntary reduction by McDermott of $28,615.10, representing a twenty percent (20%) discount with respect to the fees associated with the matter 2009 Audit.

**COMPENSATION FOR PROFESSIONALS**
**OCTOBER 1, 2012 THROUGH OCTOBER 31, 2012**

| Name of Professional Person | Position of the Applicant, Area of Expertise, Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Blake D. Rubin | Partner, Tax, Member of Pennsylvania Bar since 1980, Member of District of Columbia Bar since 1987 | $995 | 97.4 | $96,913.00 |
| Robin Greenhouse | Partner, Tax, Member of District of Columbia Bar since 1988 | $900 | 7.0 | $6,300.00 |
| Andrea M. Whiteway | Partner, Tax, Member of Maryland Bar since 1992, Member of District of Columbia Bar since 1993 | $885 | 64.0 | $56,640.00 |
| Robert Schreck | Partner, Corporate Advisory, Member of the Illinois Bar since 1978 | $850 | 0.3 | $255.00 |
| Brooks Gruemmer | Partner, Corporate Advisory, Member of the Illinois Bar since 1990 | $840 | 0.3 | $252.00 |
| Erich Eisenegger | Partner, Corporate Advisory, Member of New York Bar since 2002 | $825 | 10.2 | $8,415.00 |
| Paul J. Compernolle | Partner, Employee Benefits, Member of Illinois Bar since 1978 | $820 | 13.2 | $10,824.00 |
| William Merten | Partner, Employee Benefits, Member of the Illinois Bar since 1985 | $820 | 1.3 | $1,066.00 |
| Susan Schaefer | Partner, Employee Benefits, Member of the Illinois Bar since 1989 | $820 | 1.3 | $1,066.00 |
| Michael J. Wilder | Partner, Tax, Member of District of Columbia Bar since 1995 | $780 | 19.9 | $15,522.00 |
| Jon G. Finkelstein | Partner, Tax, Member of New York Bar since 2001, Member of District of Columbia Bar since 2002 | $765 | 79.1 | $60,511.50 |
| Luis Granados | Counsel, Employee Benefits, Member of the District of Columbia Bar since 1985 | $740 | 0.3 | $222.00 |
| Mark Bilut | Partner, Trial, Member of Illinois Bar since 1995 | $735 | 9.1 | $6,688.50 |

46429/0001-9016583V1

| Amy M. Gordon | Partner, Employee Benefits, Member of New Jersey Bar since 1991, Member of New York Bar since 1993, Member of Illinois Bar since 2001 | $725 | 30.9 | $22,402.50 |
|---|---|---|---|---|
| Michael Lee | Partner, IP Prosecution, Member of California Bar since 1994 | $710 | 1.2 | $852.00 |
| Nava Hazan | Partner, Restructuring & Insolvency, Member of New York Bar since 2000 | $645 | 1.1 | $709.50 |
| Ira Mirsky | Partner, Employee Benefits, Member of the Pennsylvania Bar since 1994; Member of the New Jersey Bar since 1995; Member of the District of Columbia Bar since 2010 | $645 | 3.9 | $2,515.50 |
| Ryan D. Harris | Partner, Corporate Advisory, Member of Illinois Bar since 2002 | $640 | 0.6 | $384.00 |
| Christopher Lin | Partner, Corporate Advisory, Member of the Illinois Bar since 2002 | $595 | 0.3 | $178.50 |
| Jeffrey Holdvogt | Partner, Employee Benefits, Member of Chicago Bar since 2003 | $580 | 3.8 | $2,204.00 |
| Patrick J. McCurry | Associate, Tax, Member of Illinois Bar since 2007 | $500 | 14.1 | $7,050.00 |
| Timothy Shuman | Partner, Tax, Member of the District of Columbia Bar since 2007 | $500.00 | 1.0 | $500.00 |
| Gregory A. Kopacz | Associate, Restructuring & Insolvency, Member of New York Bar since 2010 | $435 | 8.0 | $3,480.00 |
| Adrienne Walker Porter | Associate, Employee Benefits, Member of the Illinois Bar since 2005 | $435 | 4.2 | $1,827.00 |
| John Robert | Associate, Tax, Member of New York Bar since 2012 | $365 | 62.5 | $22,812.50 |
| Beverly Schaefman | Corporate Department Specialist | $375 | 2.0 | $750.00 |
| Jill Kaylor-Brett | Paralegal, Corporate Advisory | $265 | 8.1 | $2,146.50 |
| Brant Newgard | Senior Staff Attorney | $245 | 14.3 | $3,503.50 |
| Nicole Lebeau | Senior Staff Attorney | $245 | 2.0 | $490.00 |
| Grand Total: | | | 461.4 | $336,480.50 |
| Blended Rate: | | $738.83 | | |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Chapter 11 Restructuring/Tax Planning | 252.2 | $177,411.50 |
| LA Times | 1.2 | $852.00 |
| Newsday | 87.8 | $77,398.00 |
| Perfect Market, Inc. | 10.0 | $5,000.00 |
| Welfare Plans | 42.0 | $29,205.00 |
| 2009 Audit | 45.3 | $29,566.00 |
| ESOP | 12.7 | $9,762.00 |
| General Employee Benefit Matters | 1.0 | $375.00 |
| Post Closing Matters | 3.7 | $3,121.00 |
| Baltimore Sun Mailers Pension Plan | 5.5 | $3,790.00 |
| **TOTAL:** | 461.4 | $336,480.50 |

46429/0001-9016583V1

### EXPENSE SUMMARY

| Expense Category | Service Provider | Total Expenses |
|---|---|---|
| Computer Hosting Fee for Document Review | In-House | $10,461.10 |
| Telecommunications | Conference Plus | $28.63 |
| Messenger/Courier | | $10.34 |
| Express Mail | | $11.44 |
| Copy Services | Williams Lea | $1.90 |
| Transportation/Parking | | $16.00 |
| **TOTAL:** | | $10,529.41 |

46429/0001-9016583V1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>, | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Objections Due: December 10, 2012 at 4:00 p.m.<br>Hearing Date: *Only if Objections Are Filed* |

## MONTHLY FEE APPLICATION OF
## McDERMOTT WILL & EMERY LLP, AS SPECIAL COUNSEL TO
## DEBTORS FOR DOMESTIC LEGAL MATTERS, FOR ALLOWANCE OF
## COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
## THE PERIOD OCTOBER 1, 2012 THROUGH OCTOBER 31, 2012

McDermott Will & Emery LLP ("McDermott"), as Special Counsel for Domestic Legal Matters to the Tribune Company, <u>et al.</u> (the "Debtors"), hereby submits this Application (the "Application") for approval and allowance of compensation for services rendered in the amount of $336,480.50 (80% of which equals $269,184.40) and reimbursement for expenses incurred in the amount of $10,529.41 during the period commencing October 1, 2012 through October 31, 2012 (the "Application Period"). This Application is submitted pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order"), the Executive Office of United States Trustees' Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated January 30, 1996 (the "Guidelines"), and the Order Appointing Fee

Examiner and Establishing Related Procedures for Compensation and Reimbursement of
Expenses for Professionals and Consideration of Fee Applications, dated March 19, 2009 (the
"Fee Examiner Order").    In support of this Application, McDermott respectfully represents as
follows:

## JURISDICTION

1.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and
1334.  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates for the relief sought herein are sections 105(a), 330 and
331 of the Bankruptcy Code, and Bankruptcy Rule 2016.

## BACKGROUND

3.    On December 8, 2008 (the "Petition Date"), each of the Debtors filed a voluntary
petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy
Court for the District of Delaware (the "Court").   On December 10, 2008, the Court entered an
order consolidating the Debtors' chapter 11 cases for procedural purposes only.

4.    On October 12, 2009, Tribune CNLBC, LLC f/k/a Chicago National League Ball
Club, Inc. (the "Cubs" and one of the Debtors) filed a voluntary petition for relief under chapter
11 of the Bankruptcy Code with the Court.   On October 14, 2009, the Court entered an order
consolidating the Cubs' chapter 11 case with the Debtors' chapter 11 cases for procedural
purposes only (the "Cubs Order").

5.    The Debtors have continued in possession of their respective properties and have
continued in the management and operation of their businesses as debtors in possession pursuant
to sections 1107 and 1108 of the Bankruptcy Code.

6.    No trustee has been appointed in these chapter 11 cases.

46429/0001-9016583V1

## McDERMOTT RETENTION

7.      Prior to the Petition Date, the Debtors retained McDermott as general legal counsel and agreed to pay on a monthly basis the reasonable value of services rendered based on McDermott's standard billing rates and pursuant to its standard reimbursement policies.

8.      On March 13, 2009, the Court authorized the employment and retention of McDermott pursuant to sections 105(a) and 327(a) as special counsel to the Debtors for general domestic legal matters, nunc pro tunc to December 8, 2008.   McDermott's retention was extended to include the Cubs pursuant to the Cubs Order.

## COMPENSATION PAID AND ITS SOURCES

9.      All services for which compensation is requested by McDermott were performed for or on behalf of the Debtors.

10.      In compliance with Local Rule 2016-2, McDermott confirms that during the Application Period, McDermott received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application, except from the Debtors.   There is no agreement or understanding between McDermott and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.

11.      As of the Petition Date, McDermott held a retainer from the Debtors in the amount of $67,777.26.  The Debtors reduced their first payment to McDermott by the amount of the retainer and McDermott drew down on the retainer in connection with the payment due pursuant to the Combined Monthly and First Quarterly Application.   Accordingly, McDermott no longer holds any retainer in connection with its retention in these cases.

- 3 -

## FEE STATEMENTS

12.    The time records for the Application Period are attached hereto as <u>Exhibit A</u>. The time records contain daily time logs describing the time spent by each attorney and paraprofessional for the Application Period. Attorneys and paraprofessionals of McDermott have expended a total of 461.4 hours in connection with these cases during the Application Period. The amount requested as compensation for services rendered by McDermott to the Debtors during the Application Period is $336,480.50. To the best of McDermott's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and the Compensation Order.

## SUMMARY OF SERVICES

13.    The following is a summary of the activities performed by McDermott attorneys and paraprofessionals during the Application Period, organized by project category.

### Matter 0522 – Baltimore Sun Mailers Pension Plan

14.    McDermott advised the Debtors with respect to various documents and a financial report relating to the Baltimore Sun Mailers Pension Plan. McDermott further advised the Debtors regarding an issue relating to death benefits.

### Matter 0515 – Chapter 11 Restructuring/Tax Planning

15.    McDermott provided general tax advice to the Debtors regarding numerous issues relating to the Debtors' emergence from bankruptcy, including with respect to an emergence work plan. McDermott further advised the Debtors with respect to various litigation trust tax issues and drafted numerous memoranda relating thereto. McDermott also advised the Debtors regarding the tax implications of entering into certain potential post-emergence restructuring transactions and researched and analyzed numerous issues in connection therewith. Finally,

- 4 -

McDermott drafted various representation letters, an opinion officer's certificate and a litigation risk memorandum relating to the Debtors' restructuring.

### Matter 0515 – Chapter 11 Retention/Fee Application

16.     McDermott gathered and prepared various billing information required to file fee statements pursuant to the Compensation Order and the Guidelines.  McDermott also drafted and revised fee statements for submission in accordance with the Compensation Order.

### Matter 0021 – Cubs Post Closing Matters

17.     McDermott completed general post-closing work relating to the partnership transaction involving the Chicago Cubs baseball team.  McDermott also advised the Debtors with respect to certain agreements, including a broadcast agreement, a television rights agreement, and a lease relating to a certain building.

### Matter 0040 – General Employee Benefits Matters

18.     McDermott provided general legal advice to the Debtors with respect to the Debtors' benefit plans.

### Matter 0047 – ESOP

22.     McDermott advised the Debtors' regarding the termination of their ESOP and issues relating thereto.

### Matter 0512 – LA Times

19.     McDermott advised the Debtors with respect to the LA Times transaction and certain agreements relating thereto.

### Matter 0507 – Newsday

20.     McDermott assisted the Debtors in responding to an audit by the Internal Revenue Service, including preparing responses to information document requests by conducting a

46429/0001-9016583V1

document review. In addition, McDermott advised the Debtors with respect to issues related to a potential refinancing and analyzed numerous loan documents relating thereto. In connection therewith, McDermott also advised the Debtors with respect to an indemnity agreement, a credit agreement, certain guarantees, and issues relating to limited liability companies under Delaware law.

### Matter 0516 – Perfect Market, Inc.

21.    McDermott advised the Debtors with respect to the Perfect Market transaction and various agreements related to such transaction, including an LLC agreement and an award agreement. In addition, McDermott advised the Debtors with respect to issues relating to the issuance of profits interests as they relate to the Perfect Market transaction.

### Matter 0041 – Welfare Plans

22.    McDermott provided general legal advice to the Debtors regarding programs offered by the Debtors to their employees and advised the Debtors with respect to a service agreement, a short term and a long term disability agreement, issues relating to employment tax reporting, and various documents relating to the Debtors' welfare plans.

### Matter 0527 – 2009 Audit

23.    McDermott assisted the Debtors in responding to an audit by the Internal Revenue Service and reviewed documents and prepared a privilege and production log in connection therewith.

24.    In connection with the document review, McDermott provided the Debtors with the use of its e-discovery services. The e-discovery services include the use of a computer program that allows attorney reviewers on the case to use specific review tools within the program and enables the attorney reviewers to identify which of the collected information is

- 6 -

responsive to the Internal Revenue Service's request, and which of the responsive information should be withheld on the basis of a privilege. Upon the attorney reviewers' completion of the document review, the technology project managers in charge of the e-discovery services (i) separated the responsive, non-privileged documents and exported them into a format that could be produced to the Internal Revenue Service, and (ii) separated the privileged documents so as to assist in the preparation of a privilege log to be produced to the Internal Revenue Service.

## ACTUAL AND NECESSARY EXPENSES

26.     By this Application, McDermott seeks interim allowance for reimbursement of expenses actually and necessarily incurred in connection with the rendition of its services in the amount of $10,529.41. The requested expenses are customarily charged to non-bankruptcy clients of McDermott. Due to the complexity of the Debtors' corporate and financial structure, the Debtors have faced numerous critical and unique issues. In order for McDermott to analyze and address such issues properly, McDermott attorneys may have incurred expenses during the Application Period, all of which were necessary to further the Debtors' reorganization and in the best interests of the Debtors' estates.

27.     With respect to photocopying expenses, McDermott ordinarily charges all of its clients $0.20 per page, but pursuant to Local Rule 2016-2(e), McDermott has charged the Debtors the maximum permitted amount of $0.10 per page. With respect to facsimile expenses, in compliance with the Guidelines, McDermott charges $1.00 per page for facsimile transmissions.

28.     In addition, because of the nature of the Debtors' businesses and the location of certain key constituents in these cases, certain long distance telephone calls and conference calls may have been required. These charges are intended to cover McDermott's direct operating

costs, which costs are not incorporated into McDermott's hourly billing rates. Only clients who actually use services of the types are separately charged for such services.

29.    Further, because of the nature of the Debtors' businesses and the location of certain key constituents in these cases, travel may have been required for certain matters. Such travel expenses, such as air fare, meals, and car service, are typically borne by the attorney, then reimbursed by the firm and charged to the appropriate client and matter.

30.    The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and creditors.

31.    To the extent that time or disbursement charges for services rendered or disbursements incurred related to the Application Period, but were not processed prior to the preparation of this Application, McDermott reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

## CONCLUSION

32.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by McDermott is fair and reasonable given (a) the complexity of the legal matters, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the cost of comparable services other than in a case under this title. McDermott has reviewed the requirements of Local Rule 2016-2 and reasonably believes that this Application complies with that rule.

WHEREFORE, McDermott respectfully requests that payment be made to McDermott pursuant to the terms of the Compensation Order for the period of October 1, 2012 through October 31, 2012 in the amount $269,184.40 (80% of $336,480.50) on account of professional

46429/0001-9016583V1

services rendered, and $10,529.41 for the reimbursement of expenses incurred in connection therewith, for a total payment of $279,713.81.

Dated: Washington, District of Columbia
       November 16 , 2012

McDERMOTT WILL & EMERY LLP

/s/ Blake D. Rubin
Blake D. Rubin (admitted *pro hac vice*)
600 13th Street, N.W.
Washington, D.C. 20005-3096
Telephone: (202) 756-8424
Facsimile: (202) 756-8087

and

Gregory A. Kopacz (admitted *pro hac vice*)
340 Madison Avenue
New York, NY 10173-1922
Telephone: (212) 547-5620
Facsimile: (212) 547-5444

*Special Counsel for Domestic Legal Matters to Tribune Company, et al.*