# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | ) ) ) | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | ) ) ) | Case No. 08-13141 (KJC)<br>Jointly Administered |
| Debtors. | ) ) ) ) | **Hearing Date: December 12, 2012 at 11:00 a.m.**<br>**Objection Deadline: December 5, 2012 at 4:00 p.m.** |

## MOTION OF TV GUIDE ONLINE, LLC AND TV GUIDE ONLINE, INC. FOR RELIEF TO LIQUIDATE PATENT INFRINGEMENT CLAIMS IN THE DISTRICT COURT

TV Guide Online, Inc. and TV Guide Online, LLC (together, "TV Guide Online"), by and through its undersigned counsel, hereby files this motion (the "Motion") pursuant to sections 105 and 362(d)(1) of title 11 of the United States Code (as amended, the "Bankruptcy Code"),

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule

4001-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware

(the "Local Rules"), for entry of an order lifting the automatic stay set forth in Bankruptcy Code

section 362 and, to the extent necessary, clarifying the discharge injunction set forth in the

*Fourth Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries*

*Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital*

*Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank N.A.* (the

"Confirmed Plan") [D.I. 12072] and the *Order Confirming Fourth Amended Joint Plan of*

*Reorganization For Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official*

*Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co.,*

*L.P., and JPMorgan Chase Bank N.A.* (the "Confirmation Order") [D.I. 12074], to allow TV

Guide Online to proceed with liquidation of its claims against Debtor Tribune Media Services,

Inc. for patent infringement in the United States District Court for the District of Delaware,

where such litigation has been pending since October 12, 2005, all as set forth more fully below.

In support of this Motion, TV Guide Online has submitted the Declaration of Andrew G. Devore

(the "Devore Declaration"), and respectfully represents as follows:

## PRELIMINARY STATEMENT

1.      TV Guide Online is the owner or licensee of various patents and other intellectual

property relating to the television entertainment industry.  One such patent is U.S. Patent

No. 5,988,078 (the " '078 Patent "), which relates to technology that allows a user to access

television program listings for his or her viewing location using a computer.  The claims cover a

system and a method in which a user enters his or her zip code and receives television program

listings for the identified location.

2.    On October 12, 2005, TV Guide filed a complaint in the United States District Court for the District of Delaware (the "District Court") against Debtor Tribune Media Services, Inc. ("TMS") based on TMS's infringement of the '078 Patent (the "Patent Litigation") through the operation of TMS website www.zap2it.com and affiliate sites.  TV Guide Online and TMS fully briefed claim construction and five motions for summary judgment directed to infringement, noninfringement, invalidity, and two damages-related issues, which motions were pending when Debtor TMS filed for chapter 11 protection on December 8, 2008.  The Patent Litigation has been stayed since TMS's bankruptcy filing pursuant to the automatic stay.

3.    On account of the Patent Litigation, TV Guide Online has filed general unsecured claims against TMS in the amount of approximately $5.7 million, plus additional unliquidated amounts, as well as requests for payment of administrative expense claims based on TMS's postpetition patent infringement.  The general unsecured and administrative expense claims against TMS remain unliquidated.

4.    By this Motion, TV Guide Online seeks relief to allow TV Guide Online to liquidate its general unsecured and administrative expense claims against Debtor TMS in the District Court, including all proceedings to and through final award, judgment, and appeals, but excluding execution or enforcement of any judgment obtained, except as provided for in the Confirmed Plan.  In light of the imminent effectiveness of the Debtors' Confirmed Plan, the advanced status of the Patent Litigation, and the District Court's extensive familiarity with the issues set forth therein, TV Guide Online respectfully submits that the relief sought herein to liquidate the claims in the District Court is appropriate and should be granted at this time.

5.    Prior to filing this Motion, counsel for TV Guide Online contacted Debtors' counsel to request that the relief sought herein proceed by stipulation.  Although the Debtors

3

declined to proceed by stipulation, Debtors' counsel represented that the Debtors would not object to the relief requested.

## JURISDICTION AND VENUE

6.        This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7.        The statutory predicates for the relief requested herein are Bankruptcy Code sections 105 and 362(d)(1), Bankruptcy Rule 4001, and Local Rule 4001-1.

## BACKGROUND

8.        TV Guide Online, LLC is the owner of the '078 Patent, and TV Guide Online, Inc. is the exclusive licensee of the '078 Patent, with the right to bring suit and recover damages for past infringement.  Debtor TMS is a supplier of television program listings and movie listings information in the United States.  TMS does business as Zap2It and operates the website www.Zap2It.com, which provides television listings for areas of the United States and Canada.

9.        Affiliates of TV Guide Online and the predecessor in ownership of the '078 Patent engaged in discussions with TMS regarding licensing of, *inter alia*, the '078 Patent to TMS in early 2005.  Within twenty-four hours after presenting TMS with a licensing proposal, TMS rejected the proposal, stating it was not interested in taking a license.

## I.    THE PATENT LITIGATION

10.        To protect TV Guide Online's patent rights, on October 12, 2005, TV Guide filed a complaint (the "Complaint") in the District Court against TMS based on TMS's infringement of the '078 Patent, in the action styled *TV Guide Online, Inc. and TV Guide Online, LLC v. Tribune Media Services, Inc.*, Case No. 05-725 (D. Del.) (Stark, J.).  Pursuant to the Complaint, TV Guide Online sought a judgment that TMS has infringed one or more claims of the '078 Patent, as well as injunctive and monetary relief in the form of compensatory and treble

4

damages, pre-judgment interest, and attorneys' fees, costs and expenses. A copy of the
Complaint is attached as Exhibit A to the Devore Declaration.

11.    In the more than three years the Patent Litigation was pending in the District
Court before TMS filed for chapter 11 protection, TV Guide Online and TMS had fully briefed
claim construction and five motions for summary judgment directed to infringement,
noninfringement, invalidity, and two damages-related issues. Following TMS's filing of a notice
of bankruptcy, on December 16, 2008, the District Court denied all five summary judgment
motions without prejudice to renew and stayed the case. A copy of the docket for the Patent
Litigation is attached as Exhibit B to the Devore Declaration.

## II.    THE TIMELY FILED CLAIMS

12.    On June 9, 2009, TV Guide Online filed Claim Nos. 3754 and 3755 against TMS
(the "TMS General Unsecured Claims"), each in the amount of $5,669,364 (plus additional
unliquidated amounts) on account of the Patent Litigation. On March 18, 2011, TV Guide
Online filed two Request for Payment of Administrative Expense Claims [D.I. 8425 and 8426]
against TMS for postpetition infringement and other unliquidated amounts (the "TMS
Administrative Expense Claims," and together with the TMS General Unsecured Claims, the
"TMS Claims").[2] None of the TMS Claims have been objected to, and all of the TMS Claims
remain unliquidated.

---

[2] TV Guide Online also filed two general unsecured claims (Claim Nos. 4898 and 4899) and two Requests for
Payment of Administrative Expense Claims [D.I. 8424 and 8428] against TMS Entertainment Guides, Inc., and two
general unsecured claims (Claim Nos. 4900 and 4901) and two Requests for Payment of Administrative Expense
Claims [D.I. 8423 and 8427] against Tribune Company. All claims against Tribune Company and TMS
Entertainment Guides, Inc., were deemed withdrawn with prejudice pursuant to a stipulation [D.I. 12202] by which
the Debtor parties represented and warranted that neither Tribune Company or TMS Entertainment, Inc. owned,
operated, provided, or controlled the www.zap2it.com website or any affiliate program.

RLF1 7592017v.1

## RELIEF REQUESTED

13.     TV Guide Online respectfully requests that the Court enter an order substantially

in the form annexed hereto as Exhibit A granting relief from the automatic stay and, to the extent

necessary, clarifying the discharge injunction set forth in the Confirmation Order and section

11.1.2 of the Confirmed Plan, to enable TV Guide Online to liquidate the TMS Claims in the

District Court, including any amendment to the Complaint or any other proceeding necessary to

allocate any judgment between prepetition and postpetition infringement, to and through final

award, judgment, and appeals in any appellate court with jurisdiction, but excluding execution or

enforcement of any monetary judgment obtained except as provided for in the Confirmed Plan.

## BASIS FOR RELIEF REQUESTED

14.     Courts generally consider three factors in determining whether to allow a case

against a debtor to proceed in another forum: (1) whether any great prejudice to either the

bankrupt estate or the debtor will result from continuation of the civil suit; (2) whether the

hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the

hardship to the debtor; and (3) whether the creditor has a probability of prevailing on the merits.

*See, e.g., Tribune Media Servs. v. Beatty (In re Tribune Co.)* 418, B.R. 116, 127 (Bankr. D. Del.

2009) (citing *Am. Airlines, Inc. v. Cont'l Airlines, Inc. (In re Cont'l Airlines, Inc.)*, 152 B.R. 420,

424 (D. Del. 1993); *Izzarelli v. Rexene Products Co. (In re Rexene Products Co.)*, 141 B.R. 574,

576 (Bankr. D. Del. 1992); *In re The SCO Group, Inc.*, 395 B.R. 852, 857 (Bankr. D. Del.

2007)).  Indeed, the legislative history of the Bankruptcy Code indicates a preference for

preexisting litigation to continue in the existing forum.  H.R. REP. NO. 595 at 341 (1977),

*reprinted in* 1978 U.S.C.C.A.N. 5787, 5297 ("It will often be more appropriate to permit

proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate

would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy

court from any duties that may be handled elsewhere."). Here, all three factors strongly support liquidation of the TMS Claims in the District Court.

15.    As set forth more fully below, the District Court is the proper and most appropriate forum to resolve the parties' disputes over the '078 Patent. The Patent Litigation was well-developed before the District Court, having been pending for more than three years prior to Debtors' chapter 11 filing. At the time of Tribune's chapter 11 filing, the parties to the Patent Litigation had already briefed five summary judgment motions and claim construction and had provided the Delaware District Court with a technology tutorial. Upon the lifting of the automatic stay, TV Guide Online will, and expects that TMS will, promptly renew their summary judgment and claim construction papers. The TMS Claims will thereafter be liquidated, whether through the District Court's summary judgment rulings or, if necessary, through trial before the District Court. Thus, by lifting the automatic stay, TV Guide Online expects that its claims will be liquidated in the quickest and most efficient manner. Lifting the stay is particularly appropriate at this time in light of Tribune's imminent exit from bankruptcy.

## I.    TMS WILL NOT SUFFER ANY PREJUDICE

16.    TMS will not be prejudiced by the continuation of the Patent Litigation in the District Court. The determination of whether TMS may be subject to prejudice by permitting liquidation of the TMS Claims in the District Court is assessed based on three main considerations: (i) whether the non-debtor will gain a preference for its claims against the debtor; (ii) whether depletion of the debtor's assets dues to legal fees can be forestalled; and (iii) whether the orderly liquidation or rehabilitation of the debtor will be interfered with. *See, e.g., In re Rexene Products Co.*, 141 B.R. at 576 (noting the three-fold purpose of the automatic stay). Assessment of each of the three considerations reveals that TMS will not be prejudiced by liquidating the TMS Claims in the District Court.

RLF1 7592017v.1

17.     *First*, TV Guide Online is not seeking, nor will it obtain, any preference for its claims. Instead, TV Guide Online seeks only to liquidate the amount of the TMS Claims so that the claims can be afforded the treatment provided under the Confirmed Plan.

18.     *Second,* TMS will not incur any unnecessary legal fees by proceeding in the District Court. Notably, the parties had already completed discovery and fully briefed before the District Court claim construction and five motions for summary judgment directed to infringement, noninfringement, invalidity, and two damages-related issues at the time TMS filed for chapter 11 bankruptcy and the automatic stay came into effect. Instead, liquidating the TMS Claims before the District Court will conserve legal fees and judicial resources due to the advanced stage of the Patent Litigation. *See, e.g., In re Rexene Products Co.*, 141 B.R. at 577 ("Judicial economy dictates a prompt resolution in a single forum and with the same judge who was originally assigned to the case."). Indeed, requiring the Patent Litigation to start from scratch in this Court would result in a considerable and unnecessary expenditure of judicial resources and additional legal fees for TMS and TV Guide Online.

19.     *Third,* liquidating the TMS Claims in the District Court will not interfere with the Debtors' rehabilitation as the Debtors' chapter 11 plan has already been confirmed, and the Effective Date of the Confirmed Plan is anticipated by year-end. Indeed, the District Court's liquidation of the TMS Claims will *further* TMS's reorganization by liquidating complex patent infringement claims.

20.     Additionally, both TV Guide Online and TMS demanded trial by jury in the Patent Litigation. The District Court is more readily equipped to handle jury trials, and any jury trial in the Bankruptcy Court would require the consent of all parties. 28 U.S.C. § 157(e). Either party could seek to withdraw the reference on this basis. As the Patent Litigation is already

8

pending in the District Court – the same court that would exercise jurisdiction through

withdrawal of the reference – judicial economy would be furthered by permitting the Patent

Litigation to proceed in the District Court.

## II.    THE BALANCE OF HARDSHIPS WEIGHS IN FAVOR OF LIQUIDATING THE TMS CLAIMS IN THE DISTRICT COURT

21.     The second factor the Court must assess is balancing the hardship to TV Guide

Online by maintaining the automatic stay and discharge injunction to the hardship to the Debtors

if the Patent Litigation were allowed to proceed.  The balance of hardships weighs heavily in

favor of lifting the stay.  As noted above, permitting the Patent Litigation to proceed in the

District Court will not prejudice TMS in any way.  If anything, requiring the parties to relitigate

the matter from the beginning before *this* Court would impose additional and undue hardships on

*both* parties.

22.     TV Guide Online will be prejudiced if its choice of forum is disregarded.

Numerous courts have recognized that a plaintiff's choice of forum should generally, absent

extraordinary circumstances, be honored.  *See, e.g., Jumara v. State Form Ins. Co.*, 55 F.3d 873,

880 (3d Cir. 1995) (noting that "courts normally defer to a plaintiff's choice of forum").  TV

Guide Online chose to bring the Patent Litigation in the District Court and there is no reason why

this forum choice should be disregarded.

23.     Furthermore, this matter should be heard by the District Court because it is more

familiar with issues related to federal patent law and, in particular, the Patent Litigation.  Case

law has recognized that the specialized knowledge a trial court has developed should be

considered in deciding whether to lift the stay.  *See In re SCO Group, Inc.*, 395 B.R. at 859-60

(finding that policies "of particular importance to the Court are the specialized knowledge that

the District Court has developed in presiding over the Lawsuit for four years").  Although

bankruptcy courts in Delaware routinely decide disputes involving a variety of federal subject matters, including intellectual property law, the District Court has developed a record related to the complex federal patent law issues involved in the lawsuit at hand by presiding over the Patent Litigation for more than three years.

### III.   TV GUIDE ONLINE'S PROBABILITY OF SUCCESS ON THE MERITS SUPPORTS LIFTING THE STAY

24.    Finally, the third part of the balancing test examines the movant's probability of success on the merits. "Even a *slight* probability of success on the merits may be sufficient to support lifting an automatic stay in an appropriate case." *In re Cont'l Airlines, Inc.* 152 B.R. at 426 (emphasis added); *see also In re Rexene Products Co.*, 141 B.R. at 578 ("The required showing is very slight."). Here, the Court need only review the docket in the Patent Litigation and the allegations in TV Guide Online's Complaint, *see* Devore Declaration Exhs. A & B, to determine that TV Guide Online has more than a reasonable probability of succeeding on the merits. Indeed, the Patent Litigation has not been dismissed in the more than three years it was pending in the District Court before it was stayed. Additionally, the Complaint and briefing filed by TV Guide Online in the District Court provide extensive details on specific dates, potential witnesses and other facts to support TV Guide Online's allegation that its '078 Patent has been infringed by the Debtors. This is sufficient, under the circumstances, to support a showing of probability of success on the merits. Accordingly, cause exists to lift the automatic stay to allow TV Guide Online to liquidate the TMS Claims in the District Court.

### IV.   THE CLAIMS ALLOWANCE PROCESS AND THE DISCHARGE INJUNCTION

25.    The Debtors have represented that they expect the Effective Date of the Confirmed Plan to occur by year-end. Pursuant to the Confirmed Plan, the automatic stay will terminate on the Effective Date. *See* Confirmed Plan § 11.7; Confirmation Order at 43. The

10

claims allowance process set forth in the Confirmed Plan does not preclude post-Effective Date

liquidation of the TMS Claims in the District Court. *See* Confirmed Plan Article VIII

(Provisions for Resolving Disputed Claims and Disputed Interests). Indeed, there is no reason

why the District Court should be precluded from hearing the Patent Litigation to liquidate the

TMS Claims, particularly in this case where the Bankruptcy Court's jurisdiction is derivative of

the District Court's jurisdiction.

26.     The discharge injunction set forth in the Confirmed Plan could arguably preclude

liquidation of disputed or unliquidated claims outside of the Bankruptcy Court. *See* Confirmed

Plan § 11.1.2 (permanently enjoining "all Persons that hold, have held, or may hold a Claim"

from "continuing any action or other proceeding against the Debtors"); Confirmation Order at 29

(same). Based on the imprecise language of the discharge injunction, it could be argued that the

mere liquidation of the TMS Claims in the District Court is enjoined even if, as here, TV Guide

Online does not seek to collect any judgment outside of the claims process provided for in the

Confirmed Plan. If construed to preclude liquidation of the TMS Claims in the District Court,

the discharge injunction would be broader than the scope contemplated by section 524(a)(2) of

the Bankruptcy Code, which only enjoins the continuation of any action "to collect, recover or

offset any such debt as a personal liability of the debtor." 11 U.S.C. § 542(a)(2). Under the

Confirmed Plan, this Court has retained jurisdiction to clarify the discharge injunction to the

extent necessary to permit liquidation of the TMS Claims in the District Court. *See* Confirmed

Plan § 12.1.5 (retaining jurisdiction to "enter such orders as may be necessary or appropriate to

implement . . . the provisions of this Plan); *id.* § 12.1.6 (retaining jurisdiction to "resolve any . . .

disputes that may arise in connection with the . . . interpretation . . . of this Plan"); *id.* § 12.1.14

(retaining jurisdiction to "hear and determine any other matters that may arise in connection with

11

or relate to this Plan"). Accordingly, by this Motion, TV Guide Online seeks clarification, to the extent necessary, that the discharge injunction does not enjoin TV Guide Online from liquidating the TMS Claims in the District Court following the Effective Date.

## EFFECTIVENESS OF ORDER

27.     TV Guide Online respectfully requests that the order granting the relief requested herein not be subject to the fourteen-day stay set forth in Bankruptcy Rule 4001(a)(3).  TV Guide Online respectfully submits that immediate effectiveness of the order is particularly appropriate in this circumstance where the Debtors have indicated that they will not oppose the Motion.

## NOTICE

28.     Notice of this Motion has been provided to all parties entitled to notice pursuant to Local Rules 2002-1(b) and 4001-1(a).  TV Guide Online respectfully submits that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, TV Guide Online respectfully requests that the Court enter an order substantially in the form annexed hereto as Exhibit A granting relief from the automatic stay and, to the extent necessary, clarifying the discharge injunction set forth in the Confirmation Order and section 11.1.2 of the Confirmed Plan, to enable TV Guide Online to liquidate the TMS Claims in the District Court, including any amendment to the Complaint or any other proceeding necessary to allocate any judgment between prepetition and postpetition infringement, including all proceedings to and through final award, judgment, and appeals in any appellate court with jurisdiction, but excluding execution or enforcement of any monetary judgment obtained, except as provided for in the Confirmed Plan.

RLF1 7592017v.1

Dated:  November 19, 2012

RICHARDS, LAYTON & FINGER, P.A.

Paul N. Heath (DE No. 3704)
Christopher M. Samis (DE No. 4909)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Tel:    (302) 651-7700
Fax:    (302) 651-7701

-AND-

ROPES & GRAY LLP
Andrew G. Devore (*pro hac vice* pending)
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199-3600
Tel:    (617) 951-7000
Fax:    (617) 951-7050

Christopher J. Harnett (*pro hac vice*)
Stuart W. Yothers (*pro hac vice*)
1211 Avenue of the Americas
New York, NY 10036
Tel:    (212) 596-9000
Fax:    (212) 596-9090

*Attorneys for TV Guide Online, Inc. and TV
Guide Online, LLC*

13