## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date:  December 12, 2012 at 11:00 a.m.**<br>**Objection Deadline:  December 5, 2012 at 4:00 p.m.** |

## MOTION OF THE DEBTORS FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND FED. R. BANKR. P. 9019(a) AUTHORIZING ENTRY INTO, AND APPROVAL OF, A STIPULATION BETWEEN DEBTOR PARTIES AND WARNER BROS. TELEVISION DISTRIBUTION INC. AND <u>NEW LINE TELEVISION, INC. REGARDING RESOLUTION OF CLAIMS</u>

The debtors and debtors in possession in the above-captioned chapter 11 cases

(each a "<u>Debtor</u>" and collectively, the "<u>Debtors</u>"), hereby submit this motion (the "<u>Motion</u>")

seeking entry of an order pursuant to sections 105 and 363 of title 11 of the United States Code

(the "<u>Bankruptcy Code</u>") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc.  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

"Bankruptcy Rules") authorizing entry into, and approval of, a Stipulation (the "Stipulation")

Between KTLA, Inc., WPIX, Inc., WGN Continental Broadcasting Company, Tribune

Television Holdings, Inc., Tribune Television New Orleans, Inc., Tribune Television Northwest,

Inc., WDCW Broadcasting, Inc., Channel 40, Inc., KIAH Inc., KPLR, Inc., Tribune Broadcast

Holdings, Inc., Tribune Broadcasting Company, Tribune Television Company, KTLA Inc.,

KSWB Inc. and Channel 39, Inc., each a debtor and debtor in possession in the above captioned

chapter 11 cases (collectively, the "Debtor Parties")[2], on the one hand, and New Line Television,

Inc. ("New Line") and Warner Bros. Domestic Television Distribution and Warner Bros.

Domestic Cable Distribution, divisions of Warner Bros. Television Distribution Inc. ("Warner"

and together with New Line, "Warner Bros. or Claimants"), on the other hand, regarding the

modification, allowance and treatment of those certain prepetition proofs of claim asserted by the

Claimants against the Debtor Parties (the "Claims").  In support of this Motion, the Debtors

respectfully state as follows:

### Status of the Case and Jurisdiction

1.     On December 8, 2008 (the "Petition Date"), Tribune Company and certain of its

subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

An additional Debtor, Tribune CNLBC, LLC,[3] filed a voluntary petition for relief under chapter

11 of the Bankruptcy Code on October 12, 2009.  In all, the Debtors comprise 110 entities.

---

[2]  The Plan (as defined below) provides that one or more Debtors may undertake Restructuring Transactions (as defined in the Plan) on, prior to, or after the Effective Date, which may include, without limitation, mergers, consolidations, conversions, joint ventures, restructurings, recapitalizations, dispositions, liquidations or dissolutions.  See Plan § 5.2, Ex. 5.2.  Certain of the Debtor Parties will undertake or have undertaken certain of these Restructuring Transactions, pursuant to which they will be merged with and into direct or indirect wholly-owned subsidiaries of Tribune Company – in such instances, the merged Debtor Parties' respective successors in interest shall be required to satisfy such Debtor Parties' obligations under the Stipulation and otherwise shall be bound by the terms of the Stipulation.
[3]  Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

46429/0001-9011843v1

2.      The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

3.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors in the Debtors' chapter 11 cases (the "Committee").

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019.

### Relevant Background

6.      On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs (Docket Nos. 567-789), which were subsequently amended on April 13, 2009 (Docket Nos. 894-957), June 12, 2009 (Docket Nos. 1343-1453), March 2, 2010 (Docket Nos. 3548-3599), May 14, 2010 (Docket Nos. 4388), and January 28, 2011 (Docket Nos. 7661-7671) (collectively, the "Schedules").[4]

7.      On March 26, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising

---

[4] Tribune CNLBC, LLC filed its schedules of assets and liabilities and statements of financial affairs on October 12, 2009 (CNLBC Docket Nos. 8 and 9), which were subsequently amended on December 9, 2009 (Docket No. 2779), May 14, 2010 (Docket No 4389), and January 28, 2011 (Docket No. 7665).

on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11

cases and (ii) approving the form and manner of notice of the Bar Date.[5]

8.      The Claims were filed against the Debtor Parties in the aggregate face amount of

$21,892,695.34 based on (i) invoices issued by Warner Bros. to the Debtor Parties prior to the

Petition Date, pursuant to various prepetition television programming agreements entered into by

Warner Bros. and the television stations operated by the Debtor Parties (collectively, the

"Warner Bros. Agreements") and/or (ii) amounts that would become due in the future over the

term of each of the Warner Bros. Agreements.  In addition, as part of the review and

reconciliation of claims, the Parties acknowledge that Debtor Tribune Broadcasting Company is

owed $869,455.68 (the "Prepetition Obligation") from Warner for certain amounts due prior to

Petition Date.

9.      Certain amounts asserted in the Claims were scheduled by the Debtor Parties in

their respective Schedule of Assets and Liabilities, which are listed on Exhibit A to the

Stipulation in the column "Superseded Schedules" (the "Scheduled Claims").  The Parties have

determined that the Scheduled Claims are duplicative of the Claims, and have agreed that, as a

matter of administrative convenience, the claims register maintained in the Debtors' chapter 11

cases by the should be modified to reflect that the Scheduled Claims have been superseded by

the Claims, in their entirety.

10.     On March 7, 2011, the Debtors filed the Motion of the Debtors for an Order

Establishing Procedures for (I) Fixing Cure Amounts and (II) Providing Notice of Assumption

and/or Assignment of Certain Executory Contracts and Unexpired Leases by a Successor

---

[5]  The Bar Date for the filing of Proofs of Claim against Tribune CNLBC, LLC was July 26, 2010.  See Order
Establishing Bar Date for Filing Proofs of Claim in the Tribune CNLBC, LLC Bankruptcy Case and Approving the
Form and Manner of Notice Thereof entered on June 7, 2010 (Docket No. 4709).

4

Reorganized Debtor Pursuant to Sections 365, 1123, and 1129 of the Bankruptcy Code (Docket

No. 8287) (the "Global Contract Motion"), which was approved by order of the Bankruptcy

Court entered on April 25, 2011 (Docket No. 8745) (the "Global Contract Order"). Exhibits A

and B to the Global Contract Motion contained lists of executory contracts and unexpired leases

sought to be assumed by the Debtors and which have corresponding proposed cure amounts (the

"Contract Exhibits").

        11.      On May 4, 2012, the Debtors filed the Notice of Filing of Amended Exhibits

Pursuant to Order Establishing Procedures for (I) Fixing Cure Amounts and (II) Providing

Notice of Assumption and/or Assignment of Certain Executory Contracts and Unexpired Leases

by a Successor Reorganized Debtor Pursuant to sections 365, 1123, and 1129 of the Bankruptcy

Code (Docket No. 11546). Proposed cure amounts associated with the Warner Bros.

Agreements were listed on the amended exhibits in the aggregate amount of $15,518,111.71.

        12.      The Debtor Parties and Warner Bros. have engaged in further reconciliation and

negotiation of the Claims, including the prepetition amount due with respect to such Claims and

the identification of the Debtor Parties against which each of the Claims is properly asserted.

        13.      The Parties have reached agreement as to the amount and treatment of the Claims,

and have agreed to enter into the Stipulation, attached hereto as Exhibit 1, to document their

agreement. Specifically, the Stipulation provides as follows:[6]

- The Claims shall be allowed in the reduced aggregate amount of $21,778,906.04, each in the respective amounts and against the respective Debtor Parties as set forth on Exhibit A to the Stipulation.
- The Claims, as modified by the Stipulation, shall be satisfied in accordance with the provisions for the payment of claims as set forth in the chapter 11 plan of

---

[6]  The terms as set forth in this Motion are intended only as a summary of the terms of the Stipulation. The Motion shall not in any way supersede or alter the terms of the Stipulation. In the event of any conflict between the summary herein and the Stipulation itself, the terms of the Stipulation shall control.

reorganization, and any amendments thereto, that is ultimately confirmed and becomes effective for the Debtor Parties (the "Plan").

- The Debtor Parties and Warner agree that any distribution made to Warner under the Plan shall be reduced by $869,455.68 to satisfy the Prepetition Obligation. Notwithstanding the foregoing, in the event the amount of the distribution to be made to Warner under the Plan is not sufficient to satisfy the Prepetition Obligation, Warner agrees that it shall pay Debtor Tribune Broadcasting Company the amount of the Prepetition Obligation.

- In the event that the Warner Bros. Agreements are assumed by the Debtor Parties as executory contracts, then the Claims corresponding to such assumed Warner Bros. Agreements shall be afforded the treatment provided under the Plan for the cure of defaults arising from assumed executory contracts and unexpired leases by the Debtor Parties, in accordance with the requirements of section 365 of the Bankruptcy Code, to the extent provided for on Exhibit A under the column heading "Amounts Subject to Cure."

- Notwithstanding anything to the contrary in the Stipulation, the Debtors reserve their right to file an objection to any of the Claims pursuant to section 502(d) of the Bankruptcy Code, or to exercise such other rights of set-off or recoupment authorized by applicable law or by the Plan.  Each of the Debtors expressly reserves its right to object to any other claims asserted by the Claimant and to bring any causes of action, including, but not limited to, causes of action under 11 U.S.C. §§ 544, 547 and 548.

## Relief Requested

14.    By this Motion, the Debtors respectfully request that the Court enter an order (i) authorizing the Debtors to enter into the Stipulation and (ii) approving the Stipulation.

15.    The Court has discretion to approve settlements pursuant to section 363 of the Bankruptcy Code after notice and a hearing. See Myers v. Martin (In re Martin), 91 F.3d 389, 394, 395 n.2 (3d Cir. 1996).  The procedure for approving a settlement in bankruptcy is set forth by Bankruptcy Rule 9019, which provides, in relevant part:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).  The Third Circuit Court of Appeals has stated that section 363 of the Bankruptcy Code is the substantive provision requiring a hearing and court approval of

settlements, while Bankruptcy Rule 9019 establishes the procedure by which such approval may

be secured.  See In re Martin, 91 F.3d at 395 n. 2 (distinguishing the substance of section 363

from the procedural effect of Bankruptcy Rule 9019).

16.     In determining whether to approve a settlement pursuant to section 363 of the

Bankruptcy Code and Bankruptcy Rule 9019, the Third Circuit has stated that a bankruptcy court

is required to "assess and balance the value of the claim that is being compromised against the

value to the estate of the acceptance of the compromise proposal." Id. at 393.  In making this

determination, a court should consider four criteria: "(1) the probability of success in the

litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved,

and the expense, inconvenience and delay…; and (4) the paramount interest of the creditors." Id.

(referencing Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,

390 U.S. 414, 424-25 (1968)); see also In re Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D.

Del. 1998) (listing the Anderson factors as controlling whether a settlement should be approved).

The ultimate inquiry is whether the compromise is fair, reasonable, and in the interest of the

estate.  See In re Louise's, Inc., 221 B.R. 798, 801 (D. Del. 1997).

17.     The compromise proposed in the Stipulation is fair, reasonable, and in the best

interests of the Debtors' estates.  The Stipulation is the product of arm's-length negotiations

between the Debtor Parties, and their financial advisor, and Warner Bros.  During the course of

the negotiations, both the Debtor Parties and Warn Bros. exchanged views as to the merits of

their respective positions and information in support of those views.  As a result of these

negotiations, the Debtor Parties concluded that a portion of the Claims were not supported, and

therefore, entered into the Stipulation providing for modification, allowance and treatment of the

prepetition proofs of claim asserted by Warner Bros.

7

18.     While the Debtors are prepared to formally object to, and litigate, the Claims, such litigation would result in the estate's expenditure of considerable additional legal fees.  The Debtors also recognize that litigation of the claims carries with it inherent uncertainties and there can be no assurance that litigation would achieve a better result than the result embodied in the Stipulation.  The settlement reflected in the Stipulation, and the resolution achieved thereby, fairly balances the Debtors' likelihood of success on the merits of the claims against its interest in avoiding the uncertainty of litigation.

19.     Moreover, the interests of creditors weighs in favor of approval of the Stipulation. The Debtors submit that the interests of creditors are served by the prompt and efficient resolution of the Claims and the avoidance of litigation risks and the legal expenses that would be incurred if the claims were litigated.  All creditors in interest benefit in the significant reduction of the Claims.

**Notice**

20.     Notice of this Motion has been provided to:  (i) Warner Bros.; (ii) the Office of the United States Trustee; (iii) counsel for the Committee; (iv) counsel to the administrative agent for Tribune's prepetition loan facilities; (v) counsel to the administrative agent for the Debtors' postpetition financing facility; and (vi) all parties having requested notice in the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit no other or further notice is necessary.

**No Prior Request**

21.     No previous request for the relief sought herein has been made to this or any other court.

46429/0001-9011843v1

WHEREFORE, the Debtors respectfully request that the Court enter an order

(i) authorizing the Debtors to enter into the Stipulation; (ii) approving the Stipulation and

(iii) granting such other and further relief as the Court may deem just and proper.


Dated: Wilmington, Delaware
       November 21, 2012

Respectfully submitted,

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

46429/0001-9011843v1