# EXHIBIT 1

**Stipulation Between Debtor Parties and New Line Television, Inc. and Warner Bros. Television Distribution Inc. Regarding Resolution of Claims**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## STIPULATION BETWEEN DEBTOR PARTIES AND WARNER BROS. TELEVISION DISTRIBUTION INC. AND NEW LINE TELEVISION, INC. REGARDING RESOLUTION OF CLAIMS

This stipulation (the "Stipulation") between KTLA, Inc., WPIX, Inc., WGN Continental Broadcasting Company, Tribune Television Holdings, Inc., Tribune Television New Orleans, Inc., Tribune Television Northwest, Inc., WDCW Broadcasting, Inc., Channel 40, Inc., KIAH Inc., KPLR, Inc., Tribune Broadcast Holdings, Inc., Tribune Broadcasting Company, Tribune Television Company, KTLA Inc., KSWB Inc. and Channel 39, Inc., each a debtor and debtor in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

possession in the above captioned chapter 11 cases (collectively, the "Debtor Parties"), on the one hand, and New Line Television, Inc. ("New Line") and Warner Bros. Domestic Television Distribution and Warner Bros. Domestic Cable Distribution, divisions of Warner Bros. Television Distribution Inc. ("Warner" and together with New Line, "Warner Bros. or Claimants"), on the other hand, regarding the modification, allowance and treatment of those certain prepetition proofs of claim asserted by the Claimants against the Debtor Parties set forth on Exhibit A hereto (the "Claims"), is entered into by and among the Debtor Parties and the Claimants (collectively, the "Parties").

## RECITALS

A.  On December 8, 2008, Tribune Company and certain of its affiliates, including each of the Debtor Parties (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). An additional Debtor, Tribune CNLBC, LLC2 filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009 (each date, as applicable, the "Petition Date"). The Debtors' chapter 11 cases are jointly administered for procedural purposes only.

B.  The Claims were filed against the Debtor Parties in the aggregate face amount of $21,892,695.34 based on (i) invoices issued by Warner Bros. to the Debtor Parties prior to the Petition Date, pursuant to various prepetition television programming agreements entered into by Warner Bros. and the television stations operated by the Debtor Parties (collectively, the "Warner Bros. Agreements") and/or (ii) for amounts that would become due in the future over the term of each of the Warner Bros. Agreements. In addition, Debtor Tribune

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

46429/0001-8745213v4

Broadcasting Company is owed $869,455.68 (the "Prepetition Obligation") from Warner for certain amounts due prior to Petition Date.

        C.    Certain amounts asserted in the Claims were scheduled by the Debtor Parties in their respective Schedule of Assets and Liabilities, which are listed on Exhibit A in the column "Superseded Schedules" (the "Scheduled Claims"). The Parties have determined that the Scheduled Claims are duplicative of the Claims, and have agreed that, as a matter of administrative convenience, the claims register maintained in the Debtors' chapter 11 cases by the should be modified to reflect that the Scheduled Claims have been superseded by the Claims, in their entirety.

        D.    On March 7, 2011, the Debtors filed the Motion of the Debtors for an Order Establishing Procedures for (I) Fixing Cure Amounts and (II) Providing Notice of Assumption and/or Assignment of Certain Executory Contracts and Unexpired Leases by a Successor Reorganized Debtor Pursuant to Sections 365, 1123, and 1129 of the Bankruptcy Code (Docket No. 8287) (the "Global Contract Motion"), which was approved by order of the Bankruptcy Court entered on April 25, 2011 (Docket No. 8745) (the "Global Contract Order"). Exhibits A and B to the Global Contract Motion contained lists of executory contracts and unexpired leases sought to be assumed by the Debtors and which have corresponding proposed cure amounts (the "Contract Exhibits").

        E.    The Global Contract Order provides, in relevant part, that the Debtors may amend or modify the Contract Exhibits prior to the Effective Date of the

3

Debtor/Committee/Lender Plan[3] upon notice to any contract or lease counterparty affected by such amendment or modification.

        F.      On May 4, 2012, the Debtors filed the Notice of Filing of Amended Exhibits Pursuant to Order Establishing Procedures for (I) Fixing Cure Amounts and (II) Providing Notice of Assumption and/or Assignment of Certain Executory Contracts and Unexpired Leases by a Successor Reorganized Debtor Pursuant to sections 365, 1123, and 1129 of the Bankruptcy Code (Docket No. 11546). Proposed cure amounts associated with the Warner Bros. Agreements were listed on the amended exhibits in the aggregate amount of $15,518,111.71.

        G.      The Debtors and their outside financial advisors at Alvarez & Marsal engaged in discussions with the Claimants to reconcile the Claims against the Debtors' books and to determine the amount due and owing to the Claimants, including identifying the Debtor Parties against which the Claim is properly asserted and resolving issues relating to the Prepetition Obligation. During the course of their discussions, the Debtors provided the Claimants with relevant information in support of their views on the prepetition amounts owed by the Debtor Parties to the Claimants pursuant to the Warner Bros. Agreements. Following arms-length negotiations, the Parties have agreed that the Claims should be modified and allowed in the amount of $21,778,906.04, and have agreed to enter into this Stipulation to document their agreement.

---

[3] The Debtor/Committee/Lender Plan was defined as the Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (As Modified) [Docket No. 8580] (as such has been or may be further amended, modified or supplemented from time to time). On July 20, 2012, the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. (As Modified July 19, 2012) (the "Fourth Amended DCL Plan") [Docket No. 12072] was filed with the Court. The Fourth Amended DCL Plan, as it may further be amended, modified or supplemented, shall be the Debtor/Committee/Lender Plan for purposes of this Stipulation.

NOW, THEREFORE, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:

**AGREEMENT**

1. The recitals set forth above are incorporated herein by reference.

2. The Parties agree that the Claims shall be modified and allowed as general unsecured claims in the aggregate amount of $21,778,906.04, in the respective amounts and against the respective Debtor Parties as set forth on Exhibit A attached hereto. Specifically, the Claims will be allowed as general unsecured claims against the Debtor Parties identified in the column "Debtor" on Exhibit A and in the amount specified in the column "Amount," on Exhibit A.

3. As a matter of administrative convenience, the claims register maintained in the Debtors' chapter 11 cases shall be modified to reflect that the Scheduled Claims listed on Exhibit A hereto have been superseded by the Claims. Accordingly, the Parties agree that the Debtors and/or the Bankruptcy Court-appointed claims agent (the "Claims Agent") shall be authorized to modify the Debtors' schedules to reflect that the Scheduled Claims listed on Exhibit A in the column "Superseded Schedules," have been superseded by the Claims, in their entirety.

4. The Claims, as modified herein, shall be satisfied in accordance with the provisions for the payment of general unsecured claims as set forth in the chapter 11 plan of reorganization, and any amendments thereto, that is confirmed and becomes effective for the Debtor Parties (the "Plan").

5. The Debtor Parties and Warner agree that any distribution made to Warner under the Plan shall be reduced by $869,455.68 to satisfy the Prepetition Obligation. Notwithstanding the foregoing, in the event the amount of the distribution to be made to Warner under the Plan is not in an amount sufficient to satisfy the Prepetition Obligation,

Warner agrees that it shall pay Debtor Tribune Broadcasting Company the amount of the Prepetition Obligation.

6. In the event that the Warner Bros. Agreements are assumed by the Debtor Parties as executory contracts, then the Claims corresponding to such assumed Warner Bros. Agreements shall be afforded the treatment provided under the Plan for the cure of defaults arising from assumed executory contracts and unexpired leases by the Debtor Parties, in accordance with the requirements of section 365 of the Bankruptcy Code, to the extent provided for on Exhibit A under the column heading "Amounts Subject to Cure."

7. The Debtors reserve the right, in accordance with the terms of the Global Contract Order, to amend or modify the Contract Exhibits prior to the Effective Date of the Fourth Amended DCL Plan and such amended Contract Exhibits will be filed with the Bankruptcy Court.

8. Notwithstanding any other provision contained in this Stipulation, Claimants or their successors or assigns shall remain entitled to assert (i) a claim or claims for rejection damages as provided under section 502(g) of the Bankruptcy Code should one or more of the Warner Bros. Agreements be rejected; and (ii) an application for recovery of any administrative expense as provided under Section 503 of the Bankruptcy Code, including any damages resulting from any post-petition default by the Debtors under the Warner Bros. Agreements.

9. This Stipulation constitutes the Parties' entire agreement and supersedes and amends any and all agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof, except as otherwise expressly provided

46429/0001-8745213v4

herein. This Stipulation is not intended to confer upon any other person any rights or remedies hereunder.

10. The Parties hereto acknowledge and agree that the Claimants do not need to take any further action to seek to allow the Claims in the Debtors' chapter 11 cases. The Debtors and/or the Claims Agent may amend the claims register to reflect that the Claims are to be allowed against the Debtor Parties and their estates in the amount stipulated herein and listed on Exhibit A.

11. Notwithstanding anything to the contrary in this Stipulation, each of the Debtors expressly reserve their right to file an objection to any of the Claims pursuant to section 502(d) of the Bankruptcy Code, or to exercise such other rights of set-off or recoupment authorized by applicable law or by the Plan. Each of the Debtors expressly reserves the right to object to any other claims asserted by the Claimants, including but not limited to any claims filed by Claimants as described in paragraph 8 hereof, on any applicable grounds. Notwithstanding anything contained in this Stipulation, nothing herein shall be construed as a waiver of any rights that the Debtors or the estates may have to bring any causes of actions, including, but not limited to, causes of action under 11 U.S.C. §§ 544, 547 and 548.

12. Notwithstanding anything to the contrary herein, nothing in this Stipulation shall affect or impair (i) Warner's rights to payment of any Creditors' Committee member fee or expenses claims under Section 9.1.3 of the Plan; or (ii) the proofs of claim transferred by Warner to NBC Studios LLC pursuant to the Transfer of Claim Other Than For Security, dated May 26, 2011, and filed in this chapter 11 case on May 31, 2011 under Docket No. 9026.

13. The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

14. This Stipulation may be executed in counterparts, all of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

15. This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to principles of conflict of laws.

16. This Stipulation may not be amended without the express written consent of all Parties hereto.

17. This Stipulation shall be binding upon the Parties hereto and upon their affiliates, assigns and successors, including, without limitation, any trustee that might be appointed in the Debtors' chapter 11 cases.

18. The Parties acknowledge that they have each participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either party on account of such drafting.

19. The Bankruptcy Court shall retain jurisdiction over any and all disputes or other matters arising under or otherwise relating to this Stipulation.

20. All contentions made in this Stipulation are made in furtherance of a proposed settlement and neither the Claimants nor the Debtor Parties admit or concede the validity of any of claims or defenses and nothing herein shall be deemed an admission of fact or law.

46429/0001-8745213v4

21. This Stipulation and its terms and conditions are subject to the approval of the Bankruptcy Court.

[Remainder of Page Intentionally Left Blank]

Dated: November ____, 2012

NEW LINE TELEVISION INC.

By: _____ Roxanne Modjallal
Title: _____ Senior Vice President
                              Finance
Telephone: (818) 954-2170
Facsimile: (818) 954-5745

KTLA, INC., WPIX, INC., WGN CONTINENTAL BROADCASTING COMPANY, TRIBUNE TELEVISION HOLDINGS, INC., TRIBUNE TELEVISION NEW ORLEANS, INC., TRIBUNE TELEVISION NORTHWEST, INC., WDCW BROADCASTING, INC., CHANNEL 40, INC., KIAH INC., KPLR, INC., TRIBUNE BROADCAST HOLDINGS, INC., TRIBUNE BROADCASTING COMPANY, TRIBUNE TELEVISION COMPANY, KTLA INC., KSWB INC. AND CHANNEL 39, INC.

By: _____
    John Rodden
Title: Vice President, Tribune Company
Telephone: _____
Facsimile: _____

WARNER BROS.
TELEVISION DISTRIBUTION INC.

By: _____ Roxanne Modjallal
Title: _____ Senior Vice President
                              Finance
Telephone: (818) 954-2170
Facsimile: (818) 954-5745

WARNER BROS. TELEVISION DISTRIBUTION INC. AND NEW LINE TELEVISION, INC. STIPULATION EXHIBIT

| NAME | CLAIM # | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT | AMOUNTS SUBJECT TO CURE (a) | SUPERSEDED SCHEDULES |
|---|---|---|---|---|---|---|---|---|---|
| 1 NEW LINE TELEVISION<br>C/O WAYNE M. SMITH<br>WARNER BROS. ENTERTAINMENT INC.<br>4000 WARNER BLVD., BLDG. 156, ROOM 5158<br>BURBANK, CA 91522 | 4095 | KTLA Inc. | Unsecured | $9,750.00 | KTLA Inc. | Unsecured | $9,750.00 | $0.00 | |
| 2 NEW LINE TELEVISION<br>C/O WAYNE M. SMITH<br>WARNER BROS. ENTERTAINMENT INC.<br>4000 WARNER BLVD., BLDG. 156, ROOM 5158<br>BURBANK, CA 91522 | 4096 | WPIX, Inc. | Unsecured | $19,475.81 | WPIX, Inc. | Unsecured | $19,475.82 | $0.00 | |
| 3 NEW LINE TELEVISION<br>C/O WAYNE M. SMITH<br>WARNER BROS. ENTERTAINMENT INC.<br>4000 WARNER BLVD., BLDG. 156, ROOM 5158<br>BURBANK, CA 91522 | 4097 | WGN Continental Broadcasting Company | Unsecured | $48,750.00 | WGN Continental Broadcasting Company | Unsecured | $36,169.35 | $0.00 | |
| 4 WARNER BROS DOMESTIC CABLE DISTRIBUTION<br>C/O WAYNE M. SMITH<br>WARNER BROS. ENTERTAINMENT INC.<br>4000 WARNER BLVD., BLDG. 156, ROOM 5158<br>BURBANK, CA 91522 | 4080 | WGN Continental Broadcasting Company | Unsecured | $7,790.32 | WGN Continental Broadcasting Company | Unsecured | $7,790.32 | $0.00 | 252005020 |
| 5 WARNER BROS DOMESTIC TV DISTRIBUTION<br>C/O WAYNE M. SMITH<br>WARNER BROS. ENTERTAINMENT INC.<br>4000 WARNER BLVD., BLDG. 156, ROOM 5158<br>BURBANK, CA 91522 | 4084 | Tribune Television Holdings, Inc. | Unsecured | $121,566.03 | Tribune Television Holdings, Inc. | Unsecured | $121,566.02 | $104,966.80 | 242002020 |
| 6 WARNER BROS DOMESTIC TV DISTRIBUTION<br>C/O WAYNE M. SMITH<br>WARNER BROS. ENTERTAINMENT INC.<br>4000 WARNER BLVD., BLDG. 156, ROOM 5158<br>BURBANK, CA 91522 | 4085 | Tribune Television New Orleans, Inc. | Unsecured | $70,278.79 | Tribune Television New Orleans, Inc. | Unsecured | $70,282.42 | $44,995.01 | 244003310 |
| 7 WARNER BROS DOMESTIC TV DISTRIBUTION<br>C/O WAYNE M. SMITH<br>WARNER BROS. ENTERTAINMENT INC.<br>4000 WARNER BLVD., BLDG. 156, ROOM 5158<br>BURBANK, CA 91522 | 5645 | Tribune Television Northwest, Inc. | Administra | $466,667.01* | Tribune Television Northwest, Inc. | Unsecured | $466,668.00 | $0.00 | |
| 8 WARNER BROS DOMESTIC TV DISTRIBUTION<br>C/O WAYNE M. SMITH<br>WARNER BROS. ENTERTAINMENT INC.<br>4000 WARNER BLVD., BLDG. 156, ROOM 5158<br>BURBANK, CA 91522 | 5646 | Tribune Television Holdings, Inc. | Administra | $10,665.00* | Tribune Television Holdings, Inc. | Unsecured | $10,665.00 | $0.00 | |
| 9 WARNER BROS DOMESTIC TV DISTRIBUTION<br>C/O WAYNE M. SMITH<br>WARNER BROS. ENTERTAINMENT INC.<br>4000 WARNER BLVD., BLDG. 156, ROOM 5158<br>BURBANK, CA 91522 | 5649 | Tribune Television New Orleans, Inc. | Administra | $13,332.33* | Tribune Television New Orleans, Inc. | Unsecured | $13,332.00 | $0.00 | |
| 10 WARNER BROS DOMESTIC TV DISTRIBUTION<br>C/O WAYNE M. SMITH<br>WARNER BROS. ENTERTAINMENT INC.<br>4000 WARNER BLVD., BLDG. 156, ROOM 5158<br>BURBANK, CA 91522 | 5651 | WDCW Broadcasting, Inc. | Administra | $406,667.01* | WDCW Broadcasting, Inc. | Unsecured | $406,668.00 | $0.00 | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

WARNER BROS. TELEVISION DISTRIBUTION INC. AND NEW LINE TELEVISION, INC. STIPULATION EXHIBIT

| NAME | CLAIM # | ASSERTED DEBTOR | CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT | AMOUNTS SUBJECT TO CURE (a) | SUPERSEDED SCHEDULES |
|---|---|---|---|---|---|---|---|---|---|
| 11 WARNER BROS DOMESTIC TV DISTRIBUTION C/O WAYNE M. SMITH WARNER BROS. ENTERTAINMENT INC. 4000 WARNER BLVD., BLDG. 156, ROOM 5158 BURBANK, CA 91522 | 5652 | Channel 40, Inc. | Administra' | $473,332.99* | Channel 40, Inc. | Unsecured | $473,332.00 | $0.00 | |
| 12 WARNER BROS DOMESTIC TV DISTRIBUTION C/O WAYNE M. SMITH WARNER BROS. ENTERTAINMENT INC. 4000 WARNER BLVD., BLDG. 156, ROOM 5158 BURBANK, CA 91522 | 5655 | KIAH Inc. | Administra' | $245,335.00* | KIAH Inc. | Unsecured | $245,335.00 | $0.00 | |
| 13 WARNER BROS DOMESTIC TV DISTRIBUTION C/O WAYNE M. SMITH WARNER BROS. ENTERTAINMENT INC. 4000 WARNER BLVD., BLDG. 156, ROOM 5158 BURBANK, CA 91522 | 4088 | WGN Continental Broadcasting Company | Unsecured | $2,353,648.23 | WGN Continental Broadcasting Company | Unsecured | $2,348,467.35 | $1,481,131.74 | 252005920 |
| 14 WARNER BROS DOMESTIC TV DISTRIBUTION C/O WAYNE M. SMITH WARNER BROS. ENTERTAINMENT INC. 4000 WARNER BLVD., BLDG. 156, ROOM 5158 BURBANK, CA 91522 | 4089 | Tribune Television Northwest, Inc. | Unsecured | $1,351,651.70 | Tribune Television Northwest, Inc. | Unsecured | $1,351,654.01 | $841,738.36 | 245003560 |
| 15 WARNER BROS DOMESTIC TV DISTRIBUTION C/O WAYNE M. SMITH WARNER BROS. ENTERTAINMENT INC. 4000 WARNER BLVD., BLDG. 156, ROOM 5158 BURBANK, CA 91522 | 4092 | KPLR, Inc. | Unsecured | $255,724.33 | KPLR, Inc. | Unsecured | $255,300.90 | $203,467.00 | 181001570 |
| 16 WARNER BROS DOMESTIC TV DISTRIBUTION C/O WAYNE M. SMITH WARNER BROS. ENTERTAINMENT INC. 4000 WARNER BLVD., BLDG. 156, ROOM 5158 BURBANK, CA 91522 | 4093 | Tribune Broadcast Holdings, Inc. | Unsecured | $585,568.82 | Tribune Broadcast Holdings, Inc. | Unsecured | $585,568.15 | $501,770.72 | 222001570 |
| 17 WARNER BROS DOMESTIC TV DISTRIBUTION C/O WAYNE M. SMITH WARNER BROS. ENTERTAINMENT INC. 4000 WARNER BLVD., BLDG. 156, ROOM 5158 BURBANK, CA 91522 | 6752 | Tribune Television Company | Unsecured | $3,333,657.35 | Tribune Broadcasting Company Tribune Television Company | Unsecured Unsecured Subtotal | $47,561.87 $3,268,410.82 $3,315,972.69 | $2,610,082.92 | 241008590, 241008600 241008610, 231004080 |
| 18 WARNER BROS DOMESTIC TV DISTRIBUTION C/O WAYNE M. SMITH WARNER BROS. ENTERTAINMENT INC. 4000 WARNER BLVD., BLDG. 156, ROOM 5158 BURBANK, CA 91522 | 6754 | KTLA Inc. | Unsecured | $3,717,918.21 | KTLA Inc. | Unsecured | $3,717,901.26 | $3,158,762.81 | 183003740 |
| 19 WARNER BROS DOMESTIC TV DISTRIBUTION C/O WAYNE M. SMITH WARNER BROS. ENTERTAINMENT INC. 4000 WARNER BLVD., BLDG. 156, ROOM 5158 BURBANK, CA 91522 | 6756 | Channel 40, Inc. | Unsecured | $464,275.40 | Channel 40, Inc. | Unsecured | $463,285.07 | $361,081.73 | 149002070 |
| 20 WARNER BROS DOMESTIC TV DISTRIBUTION C/O WAYNE M. SMITH WARNER BROS. ENTERTAINMENT INC. 4000 WARNER BLVD., BLDG. 156, ROOM 5158 BURBANK, CA 91522 | 6758 | WDCW Broadcasting, Inc. | Unsecured | $1,046,737.71 | WDCW Broadcasting, Inc. | Unsecured | $1,010,547.54 | $724,916.14 | 251001700 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

WARNER BROS. TELEVISION DISTRIBUTION INC. AND NEW LINE TELEVISION, INC. STIPULATION EXHIBIT

| NAME | CLAIM # | ASSERTED DEBTOR | CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT | AMOUNTS SUBJECT TO CURE (a) | SUPERSEDED SCHEDULES |
|---|---|---|---|---|---|---|---|---|---|
| 21 WARNER BROS DOMESTIC TV DISTRIBUTION C/O WAYNE M. SMITH WARNER BROS. ENTERTAINMENT INC. 4000 WARNER BLVD., BLDG. 156, ROOM 5158 BURBANK, CA 91522 | 6760 | KSWB Inc. | Unsecured | $512,560.46 | KSWB Inc. | Unsecured | $510,832.28 | $396,661.71 | 182002340 |
| 22 WARNER BROS DOMESTIC TV DISTRIBUTION C/O WAYNE M. SMITH WARNER BROS. ENTERTAINMENT INC. 4000 WARNER BLVD., BLDG. 156, ROOM 5158 BURBANK, CA 91522 | 6762 | KIAH Inc. | Unsecured | $731,436.38 | KIAH Inc. | Unsecured | $731,436.39 | $474,290.42 | 180001740 |
| 23 WARNER BROS DOMESTIC TV DISTRIBUTION C/O WAYNE M. SMITH WARNER BROS. ENTERTAINMENT INC. 4000 WARNER BLVD., BLDG. 156, ROOM 5158 BURBANK, CA 91522 | 6764 | WPIX, Inc. | Unsecured | $4,920,545.16 | WPIX, Inc. | Unsecured | $4,920,545.16 | $3,986,641.94 | 254003220 |
| 24 WARNER BROS DOMESTIC TV DISTRIBUTION C/O WAYNE M. SMITH WARNER BROS. ENTERTAINMENT INC. 4000 WARNER BLVD., BLDG. 156, ROOM 5158 BURBANK, CA 91522 | 6766 | Channel 39, Inc. | Unsecured | $725,361.30 | Channel 39, Inc. | Unsecured | $686,361.30 | $550,554.84 | 148001350, 148001340 |
| | | TOTAL | | $21,892,695.34 | | TOTAL | $21,778,906.04 | $15,441,062.12 | |

(a) "Amounts Subject to Cure" refers to the amount of the proposed allowed claim(s) that, as of the date of this Stipulation, relate to a prepetition executory contract or lease. In the event that such executory contract or lease is assumed by the Debtors pursuant to the Plan, then those amounts will be satisfied in full as "cure" payments in accordance with section 365 of the Bankruptcy Code. To the extent that any executory contract or unexpired lease of the Debtors previously expired or terminated, or expires or terminates prior to the Effective Date of the Plan (as that term is defined in the Plan), in either case pursuant to the terms of such contract or lease or otherwise by agreement of the parties thereto, such contract or lease shall not be deemed assumed on the Effective Date pursuant to Section 6.1 of the Plan and claim amounts corresponding to such expired or terminated contract or lease will no longer be subject to cure.

* - Indicates claim contains unliquidated and/or undetermined amounts