## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: December 12, 2012 at 11:00 a.m.**<br>**Objection Deadline: December 5, 2012 at 4:00 p.m** |

## MOTION OF THE DEBTORS FOR AN ORDER PURSUANT TO 11 U.S.C. § 363 AND FED. R. BANKR. P. 9019(a) AUTHORIZING ENTRY INTO A SETTLEMENT BETWEEN CERTAIN DEBTORS AND EZ BUY & EZ SELL RECYCLER CORPORATION, WILSHIRE CLASSIFIEDS, LLC, AND TARGET MEDIA PARTNERS OPERATING COMPANY LLC

The debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "Debtors") submit this motion (the "Motion") seeking entry of an order in the

form submitted herewith, pursuant to section 363 of title 11 of the United States Code (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); Tribune Publishing, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

"Bankruptcy Code") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing debtors Tribune Company (the "Company"), Los Angeles Times Communications LLC ("LAT"), and California Community News Corporation ("CCN," and together with the Company and LAT, the "Tribune Parties"),[2] to enter into that certain Settlement Agreement, attached hereto as Exhibit A (the "Agreement"), with EZ Buy & EZ Sell Recycler Corporation ("Recycler"), Wilshire Classifieds, LLC ("Wilshire"), and Target Media Partners Operating Company LLC ("Target," and together with Recycler and Wilshire, the "Recycler Parties").

Pursuant to the Agreement, the Tribune Parties and the Recycler Parties (collectively, the "Parties") will compromise on certain claims and obligations asserted by both sides, and (i) the Recycler Parties will release and discharge their disputed Proofs of Claims against the Tribune Parties; (ii) the Parties will release and discharge any and all other claims or disputes (or potential claims or disputes) either asserted or potentially to be asserted by either Party arising from or relating to those certain agreements executed between the Parties (the "Recycler Agreements"); and (iii) the Parties agree to terminate and/or discharge any and all ongoing obligations between the  Parties pursuant to the Recycler Agreements, including any amounts due, whether for business services or otherwise. In support of this Motion, the Debtors respectfully state as follows:

---

[2]  The Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. (as Modified July 19, 2012) [Docket No. 12072] (the "Plan") provides that one or more Debtors may undertake Restructuring Transactions (as defined in the Plan) on, prior to, or after the Effective Date, which may include, without limitation, mergers, consolidations, conversions, joint ventures, restructurings, recapitalizations, dispositions, liquidations or dissolutions. See Plan § 5.2, Ex. 5.2.  One or more of the Tribune Parties may undertake or may have undertaken certain of these Restructuring Transactions, pursuant to which they may be merged with and into direct or indirect wholly-owned subsidiaries of Tribune Company – in such instances, the merged Tribune Parties' respective successors in interest shall be required to satisfy such Tribune Parties' obligations under the Agreement and otherwise shall be bound by the terms of the Agreement.

46429/0001-9027309v1

## STATUS OF THE CASE AND JURISDICTION

1.      On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On December 10, 2008, the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.  An additional Debtor, Chicago National League Ball Club, LLC (n/k/a Tribune CNLBC, LLC), voluntarily commenced a chapter 11 case on October 12, 2009, and that case was procedurally consolidated with the other Debtors' chapter 11 cases by an order of the Court entered October 14, 2009.

2.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On December 18, 2008, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors in these cases (the "Committee").

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are section 363 of the Bankruptcy Code and Bankruptcy Rule 9019.

## BACKGROUND OF THE MOTION

5.      Prior to the Petition Date, Recycler was a wholly owned subsidiary of Tribune.  On October 17, 2007, Tribune sold 100% of the shares in Recycler to Wilshire pursuant to a certain Stock Purchase Agreement (the "Stock Purchase Agreement") in return for consideration in the form of a promissory note issued by Wilshire to Tribune in the amount of $1,240,545, constituting a payment of $1,040,000 plus the amount of Net Working Capital as of

3

the closing date of the transaction (as that term is defined in the Stock Purchase Agreement), due on October 17, 2009 (the "Promissory Note"). In addition, on October 17, 2007, Wilshire, Recycler, Target, and LAT entered into several additional agreements setting forth certain obligations between the Parties relating to the ongoing business operations of Recycler (the "Sales and Distribution Agreement," "Transition Services Agreement," and "Tax Sharing Agreement; collectively with the Stock Purchase Agreement and the Promissory Note, the "Recycler Agreements").

6.      On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs (Docket Nos. 567-789), which were subsequently amended on April 13, 2009 (Docket Nos. 894-957), June 12, 2009 (Docket Nos. 1343-1453), March 2, 2010 (Docket Nos. 3548-3599), May 14, 2010 (Docket Nos. 4388), and January 28, 2011 (Docket Nos. 7661-7671) (collectively, the "Schedules").[3]

7.      On March 26, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date.[4]

8.      Written notice of the Bar Date was mailed to, among others, all known creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order. In addition to mailing such actual notice, the Debtors also published notice of the Bar

---

[3] Tribune CNLBC, LLC filed its schedules of assets and liabilities and statements of financial affairs on October 12, 2009 (CNLBC Docket Nos. 8 and 9), which were subsequently amended on December 9, 2009 (Docket No. 2779), May 14, 2010 (Docket No 4389), and January 28, 2011 (Docket No. 7665).

[4] The Bar Date for the filing of Proofs of Claim against Tribune CNLBC, LLC was July 26, 2010. See Order Establishing Bar Date for Filing Proofs of Claim in the Tribune CNLBC, LLC Bankruptcy Case and Approving the Form and Manner of Notice Thereof entered on June 7, 2010 (Docket No. 4709).

Date in the National Editions of <u>The Wall Street Journal</u> and the <u>New York Times</u> and in the <u>Chicago Tribune</u> and <u>Los Angeles Times</u> on May 12, 2009.

      9.     On or about June 10, 2009, the Recycler Parties filed eight duplicative Proofs of Claim against the Tribune Parties in the aggregate face amount of $3,069,497.23 (the "<u>Bankruptcy Claims</u>"). The Bankruptcy Claims were assigned Claim Nos. 4332 through 4339 by the Bankruptcy Court-appointed claims agent, Epiq Bankruptcy Solutions, LLC (the "<u>Claims Agent</u>").

      10.     On November 12, 2009, the Company sent a demand letter to the Recycler Parties, demanding that Wilshire immediately pay the principal and interest then due under the Promissory Note, in the amount of $1,399,450.47. In addition, the Company demanded that Target pay to LAT and Tribune the amount of $387,234.48 due from Target under the Transition Services Agreement, for which an itemized invoice was attached (collectively, the "<u>Tribune Demand</u>"). On November 20, 2009, Wilshire responded by letter stating that each of the foregoing amounts "are the subject of fully offsetting claims" reflected in the Bankruptcy Claims. On December 7, 2010, the Recycler Parties and the Tribune Parties entered into an agreement regarding the tolling of statutes of limitations with respect to avoidance actions against the Recycler Parties (the "<u>Tolling Agreement</u>").

      11.     The Parties thereafter engaged in negotiation of the Bankruptcy Claims and the Tribune Demand. The Parties have reached an agreement as to the full discharge and release of the Bankruptcy Claims and any other claims arising out of the Recycler Agreements, including the Tribune Demand and any other claims potentially to be asserted by the Debtors and heretofore subject to the Tolling Agreement; and an agreement to terminate any ongoing

obligations under the Recycler Agreements, and have agreed to enter into the Agreement

providing as such.

## RELIEF REQUESTED

12.    By this Motion, the Debtors respectfully request that the Court enter an

order (i) authorizing the Debtors to enter into the Agreement; and (ii) approving the Agreement.

The Debtors also request that the order authorize and direct the Claims Agent to amend the

claims register in these chapter 11 cases to reflect the withdrawal of the Bankruptcy Claims.

13.    The Agreement itself is attached hereto as Exhibit A.  By its material

terms, the Agreement (i) releases and discharges any and all claims by any of the Parties arising

out of the Recycler Agreements, including the release and discharge of the Bankruptcy Claims

and the concomitant release and discharge of the claims constituting the Tribune Demand and

any claims potentially to be asserted by the Debtors and heretofore subject to a tolling agreement

between the Parties; and (ii) fully and finally terminates and/or discharges any ongoing

obligations or amounts due among or between the Parties pursuant to the Recycler Agreements.

## BASIS FOR RELIEF REQUESTED

14.    The Court has discretion to approve settlements pursuant to section 363 of

the Bankruptcy Code after notice and a hearing.  See Myers v. Martin (In re Martin), 91 F.3d

389, 394, 395 n.2 (3d Cir. 1996).  The procedure for approving a settlement in bankruptcy is set

forth by Bankruptcy Rule 9019, which provides, in relevant part:

> On motion of the trustee and after notice and a hearing, the court may approve a
> compromise or settlement.  Notice shall be given to creditors, the United States
> trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any
> other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

15.     In determining whether to approve a settlement pursuant to section 363 of

the Bankruptcy Code and Rule 9019, a bankruptcy court is required to "assess and balance the

value of the claim that is being compromised against the value to the estate of the acceptance of

the compromise proposal." Martin, 91 F.3d at 393.  The bankruptcy court will consider four

criteria in applying this balancing test: "(1) the probability of success in the litigation; (2) the

likely difficulties in collection; (3) the complexity of the litigation involved, and the expense,

inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors."

Id. (citing Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,

390 U.S. 414, 424-25 (1968); In re Neshaminy Office Bldg. Assocs., 62 B.R. 798, 803 (E.D. Pa.

1986)); see also In re Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (relying on

the same four factors to determine the fairness, reasonableness, and adequacy of a settlement).

"The court must also consider 'all other factors relevant to a full and fair assessment of the

wisdom of the proposed compromise." Marvel, 222 B.R. at 249 (citing TMT Trailer, 390 U.S. at

424).  The ultimate inquiry is whether, in the court's discretion, the compromise embodied in the

settlement "is fair, reasonable, and in the best interest of the estate." In re Louise's, Inc., 211

B.R. 798, 801 (D. Del. 1997).

16.     The Debtors have filed this Motion in accordance with the terms of the

Bankruptcy Court's Order Granting Debtors (I) Limited Waiver of Requirements of Local Rule

3007-1(f) and (II) Authority to Settle Disputed Claims [Docket No. 2657].  That order provides,

in relevant part, that if a proposed settlement amount of a Disputed Claim (as defined therein) is

equal to or greater than $1,000,000, the Debtors are authorized to settle the Disputed Claim and

execute necessary documents, including a stipulation of settlement or release, only following

approval of the Bankruptcy Court pursuant to Rule 9019.

17.    The Tribune Parties' entry into and performance of the obligations under the Agreement should be approved by the Bankruptcy Court.  The settlement contained in the Agreement is the product of aim's-length negotiations beginning in June 2012 between the Parties.  Those negotiations involved the exchange of documents and information in support of, and in opposition to, the Bankruptcy Claims and the Tribune Demand.  Furthermore, the Tribune Parties evaluated their own books and records and the materials and information submitted by the Recycler Parties and have concluded that it would be reasonable to terminate any ongoing obligations arising under the Recycler Agreements.

18.    Settlement and discharge of the Bankruptcy Claims and the Tribune Demand as set forth in the Agreement provides several benefits to the Debtors.  The Agreement resolves eight outstanding claims against the Debtors' estates.  Furthermore, the Agreement provides for a full release by the Recycler Parties of any and all future claims against any of the Debtors relating to the Recycler Agreements and terminates any ongoing obligations under the Recycler Agreements owed to the Recycler Parties by the Debtors, thereby affording the Debtors appropriate finality.  In addition, the Agreement accomplishes these aims without incurring unnecessary litigation costs.  For these reasons, the settlement is fair, reasonable, and in the best interest of Tribune Parties' estates, and the Tribune Parties should accordingly be authorized to enter into and perform its obligations under the Agreement.

## NO PRIOR REQUEST

19.    No previous request for the relief requested in this Motion has been made in this or any court.

## NOTICE

20.    Notice of this Motion has been provided to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the administrative agent for the post-petition lenders;

46429/0001-9027309v1

(iv) counsel to the administrative agents for Tribune Company's prepetition lenders; (v) counsel to the Recycler Parties; and (vi) all parties entitled to receive notice in these chapter 11 cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  In light of the nature of the relief requested, the Tribune Parties submit no further notice need be given.

WHEREFORE, the Tribune Parties respectfully requests that the Court enter an order (i) authorizing the Debtors to enter into the Agreement; and (ii) approving the Agreement. The Tribune Parties also request that the order authorize and direct the Claims Agent to amend the claims register in these chapter 11 cases to reflect the discharge of the Bankruptcy Claims.

Dated: Wilmington, Delaware
      November 21, 2012

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
James Ducayet
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION

46429/0001-9027309v1