# EXHIBIT A

## SETTLEMENT AGREEMENT

This **SETTLEMENT AGREEMENT** (the "Agreement") is entered into by, between, and among EZ Buy & EZ Sell Recycler Corporation, a Delaware Corporation ("Recycler"), Wilshire Classifieds, LLC, a Delaware limited liability company ("Wilshire"), and Target Media Partners Operating Company LLC, a Delaware limited liability company ("Target," and together with Recycler and Wilshire, the "Recycler Parties") on the one hand; and Tribune Company, a Delaware corporation ("Tribune"), Los Angeles Times Communications LLC, a Delaware limited liability company ("LAT"), and California Community News Corporation ("CCN," and together with Tribune and LAT, the "Tribune Parties"), on the other hand, as of the 21st day of November 2012 (the "Effective Date").

### W I T N E S S E T H:

**WHEREAS,** Tribune, Wilshire, and Recycler are parties to that certain Stock Purchase Agreement, dated as of October 17, 2007 (the "Stock Purchase Agreement");

**WHEREAS,** Tribune and Wilshire are parties to that certain Promissory Note, dated as of October 17, 2007 (the "Promissory Note");

**WHEREAS,** the Recycler Parties and LAT are parties to that certain Sales and Distribution Agreement, dated as of October 17, 2007 (the "Sales and Distribution Agreement");

**WHEREAS,** Recycler, Wilshire, Tribune, and LAT are parties to that certain Transition Services Agreement, dated as of October 17, 2007 (the "Transition Services Agreement");

**WHEREAS,** Recycler, Wilshire, and Tribune are parties to that certain Tax Sharing Agreement, dated as of October 17, 2007 (the "Tax Sharing Agreement," and together with the Stock Purchase Agreement, the Promissory Note, the Sales and Distribution Agreement and the Transition Services Agreement, together with any amendments, modifications, or supplements thereto, the "Recycler Agreements");

**WHEREAS,** on December 8, 2008, the Tribune Company, including the Tribune Parties, filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the District of Delaware, Case No. 08-13141 (KJC) (the "Bankruptcy Case");

**WHEREAS,** on or about June 10, 2009, in connection with the Bankruptcy Case, the Recycler Parties filed eight (8) duplicative proofs of claim against the Tribune Parties allegedly arising out of or relating to the Recycler Agreements [Claim Nos. 4332 through 4339] (the "Bankruptcy Claims");

**WHEREAS,** the Recycler Parties and the Tribune Parties are parties to that certain agreement, entered into as of December 7, 2010 and as subsequently amended,

regarding the tolling of statutes of limitations with respect to avoidance actions against the Recycler Parties (the "Tolling Agreement");

WHEREAS, the parties have negotiated in good faith and entered into this Agreement for the purpose of resolving all disputes between the Recycler Parties and the Tribune Parties concerning the Recycler Agreements and amounts due thereunder that exist or may exist, including the Bankruptcy Claims; and for the purposes of fully and finally terminating and/or discharging any ongoing obligations or amounts due pursuant to the Recycler Agreements, for business services or otherwise, between the Recycler Parties and the Tribune Parties;

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants and agreements contained herein and other good and valuable consideration, the receipt, adequacy and sufficiency of which are hereby acknowledged, the Recycler Parties and Tribune Parties (collectively, the "Parties") hereby agree as follows:

1.  As a full and complete settlement of all disputes, obligations, and/or amounts owing between the parties relating to, arising from, or due under the Recycler Agreements and/or the Bankruptcy Claims, the Recycler Parties and the Tribune Parties each agree to the mutual release and discharge of all claims, obligations, and/or amounts owing between the parties relating to, arising from, or due under the Recycler Agreements and/or the Bankruptcy Claims.

2.  Upon execution of this Agreement by the parties hereto, each of the Recycler Parties on behalf of their respective parents, members, subsidiaries, heirs, assigns, agents, and each of their respective officers, directors, employees, agents, insurers, attorneys, and affiliates of any kind hereby generally, irrevocably, unconditionally, and completely releases and discharges forever the Tribune Parties, their respective parents, subsidiaries, affiliates, heirs, assigns, agents, and each of their respective officers, directors, agents, employees, heirs, assigns, insurers, and attorneys from all claims, obligations, actions, demands, rights, costs, attorneys' fees, expenses, compensation, or causes of action of any nature whatsoever, asserted or unasserted, whether based on a tort, contract, common law, statutory or other theory of recovery, whether legal or equitable, and whether for compensatory, punitive, statutory or other forms of damage or relief, including but not limited to any avoidance action claims under the Bankruptcy Code or any federal or state law, from the beginning of time to the Effective Date of this Agreement, arising out of, or related to the Recycler Agreements and/or the Bankruptcy Claims.  For the avoidance of doubt, affiliates of the Tribune Parties, as that term is used herein, shall include Classified Ventures, LLC, a Delaware limited liability company.

3.  Upon execution of this Agreement by the parties hereto, each of the Tribune Parties, on behalf of its respective parents, subsidiaries, heirs, affiliates, assigns, agents, and each of their respective officers, directors, employees, agents, insurers, attorneys, and affiliates of any kind hereby generally, irrevocably, unconditionally, and completely releases and discharges forever the Recycler Parties, their respective parents, Members, subsidiaries, affiliates, heirs, assigns, agents, and each of their respective

2

officers, directors, agents, employees, heirs, assigns, insurers, and attorneys from all claims, obligations, actions, demands, rights, costs, attorneys' fees, expenses, compensation, or causes of action of any nature whatsoever, asserted or unasserted, whether based on a tort, contract, common law, statutory or other theory of recovery, whether legal or equitable, and whether for compensatory, punitive, statutory or other forms of damage or relief, including but not limited to any avoidance action claims under the Bankruptcy Code or any federal or state law, from the beginning of time to the Effective Date of this Agreement, arising out of, or related to the Recycler Agreements and/or the Bankruptcy Claims.  For the avoidance of doubt, such released and discharged claims shall include those avoidance claims heretofore subject to the Tolling Agreement.

4.  This Agreement and each party's releases shall included claims arising out of, or related to, the Recycler Agreements and/or the Bankruptcy Claims that the parties do not know or suspect to exist in his, her or its favor at the time of the Agreement, which, if known by him, her or it, might have affected his, her or its settlement with and release of the Recycler Parties and/or the Tribune Parties, or might have affected his, her or its decision to enter into this Agreement.  With respect to any and all releases subject to this Agreement, the parties stipulate and agree that, upon execution of this Agreement, each of the Recycler Parties and the Tribune Parties shall expressly waive the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

In addition, the parties expressly waive any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable or equivalent to California Civil Code §1542. The parties may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the Recycler Agreements, the Bankruptcy Claims, or events related thereto, but the parties expressly fully, finally and forever settle and release, upon the execution of this Agreement, any and all claims arising out of, or related to the Recycler Agreements and/or the Bankruptcy Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The parties acknowledge that the foregoing release of any such unknown claims was separately bargained for and is a key element of this Agreement.

5.  Notwithstanding any provision of this Agreement to the contrary, this Agreement and each party's releases and obligations hereunder are conditioned upon and strictly subject to the United States Bankruptcy Court for the District of Delaware (the

3

"Bankruptcy Court") approving, by a final order, Debtors' (as defined below) motion to approve this Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019. In the event the Bankruptcy Court does not approve such motion by a final order, this Agreement shall forthwith become null and void and there shall be no liability or obligation hereunder on the part of any party hereto. For purposes of this Agreement, "Debtors" shall mean Tribune Company and each of its affiliated entities whose voluntary petitions for relief under the Bankruptcy Code were consolidated with that of Tribune Company for administrative purposes; "final order" means an order, ruling or judgment that (a) is in full force and effect, (b) is not stayed, and (c) is no longer subject to review, reversal, modification or amendment, by appeal or writ of certiorari, provided, however, that the possibility that a motion under Rule 59 or 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Federal Rules of Civil Procedure or the Bankruptcy Rules, may be filed relating to such order, ruling, or judgment shall not cause such order, ruling or judgment not to be a final order.

6.    Notwithstanding anything to the contrary in this Agreement, if any or all of this Agreement is altered in a material fashion, or any or all obligations incurred or claims released by any of the Parties under this Agreement are rescinded, avoided, recovered, set aside or otherwise required to be restored or returned, in connection with any bankruptcy, reorganization or otherwise, then (i) the releases herein shall be void and of no force or effect and (ii) the Parties shall have all of their rights restored as such rights existed prior to the execution of this Agreement, as if the execution of this Agreement had not occurred.

7.    The parties agree that this Agreement contains the entire agreement among the parties with respect to the subject hereof; that each Party has participated in and jointly consented to the drafting of this Agreement and that any claimed ambiguity shall not be construed for or against either Party on account of such drafting; and that the terms of this Agreement cannot be modified except in a writing signed by each party hereto.

8.    This Agreement and all rights and obligations arising herefrom shall be construed in accordance with, and governed by the laws of, the State of Delaware (without regard to any choice-of-law rules or principles of any other jurisdiction).

9.    The parties warrant and represent that each has carefully reviewed this Agreement and is aware that the Agreement is a legally binding contract; that each has read and understood this Agreement; that each has had the assistance of legal counsel of its choosing (and such other professionals and advisors as it has deemed necessary) in the review and execution of this Agreement; that each intends to be bound by each provision of this Agreement; and that each has the authority to execute this Agreement.

10. Each party represents and warrants to the other as follows:

(a)    It has all requisite power and authority (corporate and otherwise) to enter into this Agreement, and has duly authorized by all necessary action the execution and delivery hereof by the officer or individual whose name is signed on its behalf below.

CH1 7189272v.6

(b)    Its execution and delivery of this Agreement and the performance of its obligations hereunder, do not and will not conflict with or result in a breach of or a default under its organizational instruments.

(c)    This Agreement has been duly and validly executed and delivered by it and constitutes its valid and legally binding obligation, enforceable in accordance with its terms, except as enforcement may be limited by bankruptcy, insolvency or other laws of general application relating to or affecting the enforcement of creditors' rights and except as enforcement is subject to general equitable principles.

(d)    Each Party warrants, represents, and agrees that it has made such investigation of all matters pertaining to this Agreement that such Party deems necessary, and does not rely on any statement, promise, or representation, whether oral or written, with respect to such matters other than those expressly set forth herein.  Each Party warrants, represents, and agrees that it is not relying in any manner on any statement, promise, or representation, whether oral or written, made by any person or entity, not specifically set forth in this Agreement. Each Party acknowledges that, after execution of this Agreement, such Party may discover facts different from or in addition to those which it now knows or believes to be true.  Nevertheless, each Party represents, warrants, and agrees that this Agreement shall be and remain in full force and effect in all respects, notwithstanding such different or additional facts.

(e) Except as set forth in this Agreement, each Party represents and warrants that it has not assigned, hypothecated, or transferred, or purported to assign, hypothecate or transfer, to any person or entity, any claim, complaint or any portion thereof or interest therein, relating to, arising out of or which is the subject of this Agreement, or the matters released herein, and that each Party is not aware of any person or entity that has or purports to have any such claim or complaint, or has or purports to have any rights related to the matters released herein.

11. In the event any Party files an action to interpret or enforce this Agreement, the prevailing party with respect to such action, process, or proceeding shall be entitled to recover all of its reasonable attorneys' fees and costs incurred in connection with such action, process, or proceeding.

12. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but which together shall constitute a single agreement. All signatures required under this Agreement need not appear in the same document. A facsimile or an original signature transmitted to the other party is effective as if the original was sent to the other party.

**[Signature Pages Follow]**

CH1 7189272v.6

**IN WITNESS WHEREOF,** the parties hereto have executed this Settlement Agreement as of the Effective Date.

| TRIBUNE COMPANY |
| --- |
| By: _(signature)_ |
| Name: Davis P. Eldersveld |
| Title: EVP |
| |
| LOS ANGELES TIMES COMMUNICATIONS LLC |
| |
| By: |
| Name: |
| Title: |
| |
| CALIFORNIA COMMUNITY NEWS CORPORATION |
| |
| By: _(signature)_ 11/20/12 |
| Name: Kostin J Newton |
| Title: President CCN |
| |
| EZ BUY & EZ SELL RECYCLER CORPORATION |
| |
| By: |
| Name: |
| Title: |
| |
| WILSHIRE CLASSIFIEDS, LLC |
| |
| By: |
| Name: |
| Title: |

**IN WITNESS WHEREOF,** the parties hereto have executed this Settlement Agreement as of the Effective Date.

| TRIBUNE COMPANY |
| --- |
| |
| By: _____ |
| Name: |
| Title: |
| |
| LOS ANGELES TIMES COMMUNICATIONS LLC |
| |
| By: *[signature]* |
| Name: *Kathy Thomson* |
| Title: *President + COO* |
| |
| CALIFORNIA COMMUNITY NEWS CORPORATION |
| |
| By: _____ |
| Name: |
| Title: |
| |
| EZ BUY & EZ SELL RECYCLER CORPORATION |
| |
| By: _____ |
| Name: |
| Title: |
| |
| WILSHIRE CLASSIFIEDS, LLC |
| |
| By: _____ |
| Name: |
| Title: |

6

**IN WITNESS WHEREOF,** the parties hereto have executed this Settlement Agreement as of the Effective Date.

| TRIBUNE COMPANY |
| --- |
| |
| By: _____ |
| Name: |
| Title: |
| |
| **LOS ANGELES TIMES COMMUNICATIONS LLC** |
| |
| By: _____ |
| Name: |
| Title: |
| |
| **CALIFORNIA COMMUNITY NEWS CORPORATION** |
| By: _~~signature~~_  11/20/12 |
| Name: _Kristen J Newren_ |
| Title: _President CCN_ |
| |
| **EZ BUY & EZ SELL RECYCLER CORPORATION** |
| |
| By: _____ |
| Name: |
| Title: |
| |
| **WILSHIRE CLASSIFIEDS, LLC** |
| |
| By: _____ |
| Name: |
| Title: |

6

**IN WITNESS WHEREOF,** the parties hereto have executed this Settlement Agreement as of the Effective Date.

| TRIBUNE COMPANY |
| --- |
| By: |
| Name: |
| Title: |
| |
| LOS ANGELES TIMES COMMUNICATIONS LLC |
| By: |
| Name: |
| Title: |
| |
| CALIFORNIA COMMUNITY NEWS CORPORATION |
| By: |
| Name: |
| Title: |
| |
| EZ BUY & EZ SELL RECYCLER CORPORATION |
| By: |
| Name: _M D Schiffmacher_ |
| Title: _CEO_ |
| |
| WILSHIRE CLASSIFIEDS, LLC |
| By: |
| Name: _M D Schiffmacher_ |
| Title: _CEO_ |

6

Error! Unknown document property name.

**TARGET MEDIA PARTNERS
OPERATING COMPANY**

By: _____

Name: _M D Schiffmacher_

Title: _CEO_

Error! Unknown document property name.