IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>Objection Date: December 17, 2012 at 4:00 p.m.<br>Hearing Date: *Only if Objections are filed* |

### TWELFTH MONTHLY FEE APPLICATION OF SNR DENTON US LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD OF OCTOBER 1, 2012 THROUGH OCTOBER 31, 2012

| | |
|---|---|
| Name of Applicant: | **SNR Denton US LLP** |
| Authorized to Provide<br>Professional Services to: | **Debtors** |
| Date of Retention: | **December 12, 2011 (nunc pro tunc to November 1, 2011)** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Period for Which Compensation    **October 1, 2012 through October 31, 2012**
and Reimbursement is Sought:

Amount of compensation sought as actual,    **$51,370.00**
reasonable and necessary:

Amount of Expense Reimbursement sought as    **$382.60**
actual, reasonable and necessary

This is a(n):   __X__ monthly   _____ interim   _____ final application

Requested Payment Amount:

Fees at 80%    $41,096.00

Expenses at 100%    $382.60

Prior Fee Applications[2]:

| Application | Date Filed | Requested Period Covered | Fees | Expenses | Approved Fees | Expenses |
|---|---|---|---|---|---|---|
| 1st | 1/13/12 | 11/1/2011-11/30/2011 | $36,268.00 | $548.90 | $45,273.50 | $548.90 |
| 2nd | 4/13/12 | 12/1/2011-12/31/2011 | $52,607.20 | $634.40 | Pending | Pending |
| 3rd | 4/13/12 | 1/1/2012-1/31/2012 | $66,291.20 | $161.00 | Pending | Pending |
| 4th | 4/13/12 | 2/1/2012-2/29/2012 | $31,168.80 | $702.51 | Pending | Pending |
| 5th | 7/12/12 | 3/1/2012-3/31/2012 | $52,910.80 | $1,038.40 | Pending | Pending |

---

[2] As further explained herein, SNR Denton US LLP was originally retained by the Debtors as an Ordinary Course Professional pursuant to the Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business [D.I. 227] (the "OCP Order").

2

| | | | | | | |
|---|---|---|---|---|---|---|
| 6th  | 7/12/12  | 4/1/2012-<br>4/30/2012 | $13,766.00 | $331.70 | Pending | Pending |
| 7th  | 7/12/12  | 5/1/2012-<br>5/31/2012 | $31,065.60 | $354.40 | Pending | Pending |
| 8th  | 9/25/12  | 6/1/2012-<br>6/30/2012 | $16,160.40 | $34.40 | Pending | Pending |
| 9th  | 9/25/12  | 7/1/2012-<br>7/31/2012 | $44,877.20 | $358.20 | Pending | Pending |
| 10th | 10/1/12  | 8/1/2012-<br>8/31/2012 | $36,540.00 | $903.17 | Pending | Pending |
| 11th | 10/26/12 | 9/1/2012-<br>9/30/2012 | $19,540.80 | $607.00 | Pending | Pending |

46429/0001-9034629V1

# FEE SUMMARY FOR THE PERIOD FROM
## OCTOBER 1, 2012 THROUGH OCTOBER 31, 2012

| Name of Professional/ Individual | Position, Area of Expertise, Year of Obtaining License to Practice | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Glenn C. Colton | Partner/ Litigation/ Admitted to New York Bar in 1990 | $815.00 | 12.0 | $9,780.00 |
| Robert T. Joseph | Partner/ Litigation/ Admitted to Michigan Bar in 1971, Illinois Bar in 1976 and D.C. Bar in 2009 | $650.00 | 0.7 | $455.00 |
| James A. Klenk | Partner/ Intellectual Property & Technology Group/ Admitted to Illinois Bar in 1974 | $650.00 | 28.2 | $18,330.00 |
| Natalie J. Spears | Partner/ Litigation/ Admitted to Illinois Bar in 1995 | $575.00 | 6.4 | $3,680.00 |
| Gregory R. Naron | Counsel/ Litigation/ Admitted to Illinois Bar in 1991 | $520.00 | 8.1 | $4,212.00 |
| Tiffany L. Amlot | Senior Managing Associate/ Admitted to Wisconsin Bar in 2004 and Illinois Bar in 2007 | $400.00 | 25.1 | $10,040.00 |
| Kristen C. Rodriguez | Associate/ Litigation/ Admitted to Illinois Bar in 2009 | $335.00 | 5.0 | $1,675.00 |

| Name of Professional/ Individual | Position, Area of Expertise, Year of Obtaining License to Practice | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Katherine L. Staba | Associate/ Intellectual Property & Technology Group/ Admitted to Massachusetts Bar in 2009 and Illinois Bar in 2010 | $380.00 | 8.3 | $3,154.00 |
| Janice Collins | Research Analyst/ Library and Research Services | $220.00 | 0.2 | $44.00 |
| **Total** | | | **94.0** | **$51,370.00** |
| **Blended Rate** | | **$546.49** | | |

## COMPENSATION BY PROJECT CATEGORY FOR THE PERIOD FROM OCTOBER 1, 2012 THROUGH OCTOBER 31, 2012

| Matter Description | Total Hours | Total Fees |
|---|---|---|
| Bruce Smith | 16.2 | $6,602.50 |
| Roberto Rivera | 15.0 | $7,062.00 |
| Cheryl Naedler | 11.3 | $6,292.00 |
| Eddie Johnson | 0.3 | $169.00 |
| Ordinance Violation re Advertising | 10.4 | $4,300.00 |
| Christopher Buchanan | 14.2 | $8,042.00 |
| Editorial - General | 16.9 | $12,597.50 |
| Valassis Direct Mail, Inc. | 9.7 | $6,305.00 |
| **TOTAL** | **94.0** | **$51,370.00** |

## EXPENSE SUMMARY FOR THE PERIOD FROM
## OCTOBER 1, 2012 TO OCTOBER 31, 2012

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Document Reproduction | SNR Denton US LLP | $2.40 |
| Ground Transportation | | $8.00 |
| Online research | Law Bulletin Publishing Co. | $47.00 |
| Messenger | Comet Messenger Services | $11.30 |
| Court Reporter | McCorkle Court Reporter, Inc. | $313.90 |
| **Total** | | **$382.60** |

4

46429/0001-9034629V1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>Objection Date: December 17, 2012 at 4:00 p.m.<br>Hearing Date: *Only if Objections are filed* |

**TWELFTH MONTHLY FEE APPLICATION OF SNR DENTON US LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FOR THE PERIOD OF OCTOBER 1, 2012 THROUGH OCTOBER 31, 2012**

SNR Denton US LLP ("SNR Denton"), as special counsel to the Debtors for certain litigation and transactional matters hereby respectfully submits this Twelfth Monthly Fee Application of SNR Denton US LLP for Compensation and Reimbursement of Fees and Expenses as Special Counsel to the Debtors for the Period of October 1, 2012 through October 31, 2012 (the "Application") pursuant to 11 U.S.C. §§ 327, 331 and 503, Federal Rule of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Bankruptcy Procedure 2016, Rule 2016-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [D.I. 225] (the "Administrative Order"), the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses promulgated by the Executive Office of the United States Trustees pursuant to 28 U.S.C. § 586(a)(3)(A), and the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications, dated March 19, 2009. By this Application, SNR Denton, as special counsel to the Debtors for certain litigation and transactional matters in these cases, seeks interim approval and payment of compensation for legal services performed and expenses incurred during the period commencing October 1, 2012 through October 31, 2012 (the "Compensation Period"). In support hereof, SNR Denton respectfully represents the following:

### I.    FACTUAL BACKGROUND

1. On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Court").

2. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

3. On December 18, 2008, the Office of the United States Trustee for the District of Delaware (the "UST") appointed the Official Committee of Unsecured Creditors.

46429/0001-9034629V1

4.  On December 26, 2008, the Debtors filed the Motion for an Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code [D.I. 148] (the "OCP Motion"). In the OCP Motion, the Debtors sought approval of this Court to employ and retain certain ordinary course professionals to provide services to the Debtors as necessary for the day-to-day operations of the Debtors' businesses on terms substantially similar to those in effect prior to the Petition Date. Exhibit A to the OCP Motion contained a list of such ordinary course professionals sought to be retained by the Debtors, including SNR. On January 15, 2009, this Court granted the OCP Order approving procedures for the employment, retention, and compensation of the ordinary course professionals. [D.I. 227.]

5.  On November 23, 2011, the Debtors filed an application for an order authorizing the employment and retention of SNR Denton as special counsel for certain First Amendment, publishing, outsourcing and other litigation and transactional matters pursuant to §§ 327(e) and 1107 of the Bankruptcy Code, *nunc pro tunc* to November 1, 2011 [D.I. 10295.] (the "Special Counsel Application"). The Special Counsel Application was filed for the limited purpose of converting SNR Denton's retention by the Debtors under this Court's OCP Order into a retention pursuant to Sections 327(e) and 1103 of the Bankruptcy Code, given that SNR Denton had exceeded the applicable monthly cap on its services under the OCP Order for multiple consecutive months, and that the Debtors expect that SNR Denton may continue to exceed that monthly cap on a regular basis in the future.

6.  On December 12, 2011, this Court entered an order approving the Special Counsel Application and authorizing the Debtors to employ SNR Denton as special counsel to

3

46429/0001-9034629V1

the Debtors for certain litigation and transactional matters in these cases *nunc pro tunc* to November 1, 2011 [D.I. 10422] (the "Retention Order").

## II.   BASIS FOR RELIEF REQUESTED

7. Pursuant to the Administrative Order and Section 331 of the Bankruptcy Code, SNR Denton seeks interim approval of compensation for professional services rendered, in the amount of $51,370.00, subject to a twenty percent (20%) holdback, and reimbursement of expenses in the amount of $382.60 for services rendered as special counsel to the Debtors for certain litigation and transactional matters during the Compensation Period. Additional information as required by Local Rule 2016-2(c), (d), and (e) relating to the fees and expenses requested herein are attached hereto.

## III.   ALLOWANCE OF COMPENSATION

8. Attached hereto as Exhibit A are the detailed time records for the Compensation Period.[2] The time records contain daily time logs describing the time spent by each attorney and paraprofessional for the Compensation Period. Attorneys and paraprofessionals of SNR Denton have expended a total of 94.0 hours in connection with these cases during the Compensation Period. The reasonable value of services rendered by SNR Denton to the Debtors during the Compensation Period is $51,370.00. Such an amount is a result of SNR Denton's normal hourly rates for work of this nature.

---

[2] Certain invoices that constitute Exhibit A contain time entries that have been redacted due to their sensitive and privileged nature. Upon reasonable request, SNR Denton will provide requesting parties with unredacted copies of such invoices. Further, upon filing this Application, SNR Denton will promptly send the Fee Examiner unredacted copies of such invoices.

4

46429/0001-9034629V1

9. The following is a summary of the activities performed by SNR Denton attorneys, paralegals and other professionals during the Compensation Period, organized by project category.

   a. **Bruce Smith (09721775-0005/ Invoice No. 1427488).** During the Compensation Period, SNR Denton defended the Debtors in a defamation action, including by drafting response papers to and successfully arguing a motion to dismiss in court.

   b. **Roberto Rivera (09721775-0007/ Invoice No. 1427489).** During the Compensation Period, SNR Denton drafted response papers to a summary judgment motion to dispose of all issues in the case, and argued the motion in court successfully.

   c. **Cheryl Naedler (09721775-0009/ Invoice No. 1427490).** During the Compensation Period, SNR Denton met with opposing counsel and client to discuss possible settlement proposals, and resolved this matter.

   d. **Eddie Johnson (09721775-0018/ Invoice No. 1427491).** During the Compensation Period, SNR Denton reviewed recent decisions re public figures.

   e. **Ordinance Violation re Advertising (09721775-0078/ Invoice No. 1427492).** During the Compensation Period, SNR Denton defended Tribune in a citation for distribution of materials, including by communicating with the City of Chicago and client regarding alleged ordinance violations, attending a hearing, and drafting proposed next steps.

   f. **Christopher Buchanan (2010074-0001/ Invoice No. 1427297).** During the Compensation Period, SNR Denton defended a defamation claim brought by a plaintiff, specifically by appearing in court on behalf of the client, communicating regarding depositions and defending depositions.

   g. **Chicago Tribune - Editorial (09721775-1003/ Invoice No. 1427494).** During the Compensation Period, SNR Denton provided general legal advice and vetting review to the Debtors with respect to their publications.

   h. **Valassis Direct Mail, Inc. (09721775-0079/ Invoice No. 1427493).** During the Compensation Period, SNR Denton provided legal advice with respect to alleged breach of contract regarding Renewal Agreement and met with the Tribune to discuss same and next steps.

## IV. REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES

10. By this Application, SNR Denton seeks interim allowance for reimbursement of expenses actually and necessarily incurred in connection with the rendition of its services in the

amount of $382.60 as further detailed in Exhibit A. The requested expenses are customarily charged to non-bankruptcy clients of SNR Denton.

11.     The $382.60 of expenses is broken down into categories of charges, including, *inter alia*, document reproduction charges, ground transportation charges, messenger services charges, court reporter charges, and online computer research charges. SNR Denton's rate for duplication is $0.10 per page.

12.     The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and creditors.

13.     Certain invoices contain expenses that were incurred prior to the Compensation Period. These expenses were charged to SNR Denton by outside vendors in connection with SNR Denton's services rendered on behalf of the Debtors. These expenses were not processed by SNR Denton until the Compensation Period due to SNR Denton's late receipt of the invoices for these expenses from the outside vendors.[3]

14.     To the extent that time or disbursement charges for services rendered or disbursements incurred related to the Compensation Period, but were not processed prior to the preparation of this Application, SNR Denton reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

---

[3] Specifically, (i) Invoice No. 1427488 in connection with Matter No. 09721775-0005 (Bruce Smith) includes $49.40 of outside vendor charges incurred on the last day of September 2012 but not sent to SNR Denton for processing until the Compensation Period, and (ii) Invoice No. 1427497 in connection with Matter No. 20010074-0001 (Christopher Buchanan) includes $11.30 of outside vendor charges incurred in August 2012 but not sent to SNR Denton for processing until the Compensation Period.

46429/0001-9034629V1

## V. REVIEW OF APPLICABLE LOCAL RULES

15. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with the requirements of Local Rule 2016-2.

## VI. NO PRIOR REQUEST

16. No previous application with respect to the relief requested herein has been made to this or any other court.

7

46429/0001-9034629V1

## **CONCLUSION**

WHEREFORE, SNR Denton respectfully requests that the Court enter an order: (i) granting the Application and authorizing the allowance of compensation in the amount of $51,370.00 subject to a twenty percent (20%) holdback, for professional services rendered, and reimbursement of actual and necessary expenses in the amount of $382.60; and (ii) granting such other and further relief as this Court deems just and proper.

Dated: November 26, 2012

                                    Respectfully submitted,

                                    */s/ Stefanie Wowchuk McDonald*
                                    Stefanie Wowchuk McDonald
                                    SNR DENTON US LLP
                                    233 S. Wacker Drive
                                    Suite 7800
                                    Chicago, IL 60606
                                    Telephone: 312-876-2569
                                    Facsimile:  312-876-7934