## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY,[1] et al., | Case No. 08-13141 (KJC) (Jointly Administered) |
| Debtors. | **Objection Deadline: December 20, 2012 at 4:00 p.m.** <br> **Hearing Date: Only if objections are filed** |

### FORTY-FIFTH MONTHLY FEE APPLICATION OF REED SMITH LLP, SPECIAL COUNSEL FOR CERTAIN INSURANCE AND EMPLOYEE-RELATED MATTERS TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OCTOBER 1, 2012 THROUGH OCTOBER 31, 2012

| | |
|---|---|
| Name of Applicant: | <u>Reed Smith LLP</u> |
| Authorized to Provide Professional Services to: | <u>The Debtors and Debtors in Possession</u> |
| Date of Retention: | February 3, 2009, *nunc pro tunc* to December 8, 2008; Order expanding retention entered <u>October 25, 2010, *nunc pro tunc* to August 27, 2010</u> |

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Period for which compensation and
reimbursement is sought:                    October 1, 2012 through October 31, 2012

Amount of Compensation sought as
actual, reasonable and necessary:           $19,915.00

Amount of Expense Reimbursement sought
as actual, reasonable and necessary:        $366.10

This is a:                                  Monthly Fee Application


The total time expended for preparation of this application is approximately 4.0 hours, and the corresponding compensation is not included herein, but will be requested in a future application of Reed Smith LLP for compensation and reimbursement of expenses.

Summary of Monthly Fee Applications Filed:

| Date Filed | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| March 25, 2009<br>1st Monthly | December 8, 2008 through February 28, 2009<br><br>D.I. No. 811<br><br>CNO D.I. No. 1082 | $98,262.00 | $2,535.31 | $98,262.00 | $2,535.31 |
| March 25, 2009<br>1st Quarterly | December 8, 2008 through February 28, 2009<br><br>D.I. No. 1083 | $98,262.00 | $2,535.31 | $98,262.00 | $2,535.31 |
| April 28, 2009<br>2nd Monthly | March 1, 2009 through March 31, 2009<br><br>D.I. No. 1095<br><br>CNO D.I. No. 1262 | $12,267.50 | $117.35 | $12,267.50 | $117.35 |
| June 2, 2009<br>3rd Monthly | April 1, 2009 through April 30, 2009<br><br>D.I. No. 1284<br><br>CNO D.I. No. 1662 | $6,966.50 | $853.94 | $6,966.50 | $853.94 |
| June 26, 2009<br>4th Monthly | May 1, 2009 through May 31, 2009<br><br>D.I. No. 1643<br><br>CNO D.I. No. 1819 | $5,710.50 | $283.68 | $5,710.50 | $283.68 |
| June 26, 2009<br>2nd Quarterly | March 1, 2009 through May 31, 2009<br><br>D.I. No. 1645 | $24,944.50 | $1,254.97 | $24,944.50 | $1,254.97 |
| August 3, 2009<br>5th Monthly | June 1, 2009 through June 30, 2009<br><br>D.I. No. 1881<br><br>CNO D.I. No. 2114 | $7,650.50 | $149.45 | $7,650.50 | $149.45 |
| August 25, 2009<br>6th Monthly | July 1, 2009 through July 31, 2009<br><br>D.I. No. 2008<br><br>CNO D.I. No. 2170 | $25,570.00 | $190.90 | $25,570.00 | $190.90 |
| November 19, 2009<br>7th Monthly | August 1, 2009 through August 31, 2009<br><br>D.I. No. 2226<br><br>CNO D.I. No. 2463 | $13,416.50 | $222.23 | $13,416.50 | $222.23 |
| November 19, 2009<br>3rd Quarterly | June 1, 2009 through August 31, 2009<br><br>D.I. No. 2267 | $46,637.00 | $562.58 | $46,637.00 | $562.58 |

| | | | | | |
|---|---|---|---|---|---|
| October 30, 2009<br>8th Monthly | September 1, 2009 through September 30, 2009<br><br>D.I. No. 2275<br><br>CNO D.I. No. 2733 | $15,576.50 | $241.45 | $15,576.50 | $241.45 |
| December 4, 2009<br>9th Monthly | October 1, 2009 through October 31, 2009<br><br>D.I. No. 2740<br><br>CNO D.I. No. 3471 | $18,689.00 | $460.74 | $18,689.00 | $460.74 |
| January 14, 2010<br>10th Monthly | November 1, 2009 through November 30, 2009<br><br>D.I. No. 3104<br><br>CNO D.I. No. 3472 | $14,968.50 | $45.30 | $14,968.50 | $45.30 |
| January 14, 2010<br>4th Quarterly | September 1, 2009 through November 30, 2009<br><br>D.I. No. 3105 | $49,234.00 | $747.49 | $49,234.00 | $747.49 |
| February 18, 2010<br>11th Monthly | December 1, 2009 through December 31, 2009<br><br>D.I. No. 3473<br><br>CNO D.I. No. 3932 | $32,738.50 | $303.90 | $32,738.50 | $303.90 |
| March 8, 2010<br>12th Monthly | January 1, 2010 through January 31, 2010<br><br>D.I. No. 3696<br><br>CNO D.I. No. 3933 | $22,931.50 | $393.94 | $22,931.50 | 393.94 |
| April 5, 2010<br>13th Monthly | February 1, 2010 through February 28, 2010<br><br>D.I. No. 3940<br><br>CNO D.I. No. 4659 | $19,060.00 | $929.09 | $19,060.00 | $929.09 |
| May 3, 2010<br><br>5th Quarterly | December 1, 2009 through February 28, 2010<br><br>D.I. No. 4221<br><br>CNO D.I. No. 4660 | $74,730.00 | $1,626.93 | $74,730.00 | $1,626.93 |
| May 3, 2010<br><br>14th Monthly | March 1, 2010 through March 31, 2010<br><br>D.I. No. 4225<br><br>CNO D.I. No. 4661 | $35,909.00 | $929.09 | $35,909.00 | $929.09 |
| June 16, 2010<br>15th Monthly | April 1, 2010 through April 30, 2010<br><br>D.I. No. 4798<br><br>CNO D.I. No. 4798 | $35,667.50 | $542.13 | $35,667.50 | $542.13 |

| | | | | | |
|---|---|---|---|---|---|
| July 15, 2010<br>16th Monthly | May 1, 2010 through May 31, 2010<br>D.I. No. 5022<br>CNO D.I. No. 5471 | $8,779.00 | $271.77 | $8,779.00 | $271.77 |
| July 15, 2010<br>6th Quarterly | March 1, 2010 through May 31, 2010<br>D.I. No. 5025 | $80,355.50 | $1,742.99 | $80,355.50 | $1,018.80 |
| July 26, 2010<br>17th Monthly | June 1, 2010 through June 30, 2010<br>D.I. No.<br>CNO D.I. No. 5479 | $28,973.00 | $785.33 | $28,973.00 | $785.33 |
| August 30, 2010<br>18th Monthly | July 1, 2010 through July 31, 2010<br>D.I. No. 5554<br>CNO D.I. No. 5824 | $23,748.50 | $521.45 | $23,748.50 | $521.45 |
| October 1, 2010<br>19th Monthly | August 1, 2010 through August 31, 2010<br>D.I. No. 5858<br>CNO D.I. No. 6258 | $33,383.00 | $265.25 | $33,383.00 | $265.25 |
| October 6, 2010<br>7th Quarterly | June 1, 2010 through August 31, 2010<br>D.I. No. 5897<br>CNO D.I. No. 6259 | $86,104.50 | $1,988.87 | $86,104.50 | $1,988.87 |
| November 9, 2010<br>20th Monthly | September 1, 2010 through September 30, 2010<br>D.I. No. 6261<br>CNO D.I. No. 7038 | $56,786.50 | $1,483.18 | $56,786.50 | $1,483.18 |
| December 14, 2010<br>21st Monthly | October 1, 2010 through October 31, 2010<br>D.I. No. 6674<br>CNO D.I. No. 7350 | $21,827.50 | $269.93 | $21,827.50 | $269.93 |
| January 7, 2011<br>22nd Monthly | November 1, 2010 through November 30, 200<br>D.I. No. 7404 | $23,236.00 | $235.76 | $23,236.00 | $235.76 |
| January 7, 2011<br>8th Quarterly | September 1, 2010 through November 30, 2010<br>D.I. No. 7406<br>CNO D.I. No. 7854 | $101,850.00 | $1,988.87 | $101,850.00 | $1,988.87 |

| | | | | | |
|---|---|---|---|---|---|
| February 8, 2011<br>23rd Monthly | December 1, 2010 through December 31, 2010<br><br>D.I. No. 7857<br>CNO D.I. No. 8336 | $45,147.00 | $760.46 | $36,117.60 | $760.46 |
| March 10, 2011<br>24th Monthly | January 1, 2011 through January 31, 2011<br><br>D.I. No. 8337<br>CNO D.I. No. 8921 | $41,456.50 | $698.44` | $33,165.20 | $698.44 |
| May 17, 2011<br>25th Monthly | February 1, 2011 through February 28, 2011<br><br>D.I. No. 8923<br>CNO D.I. No. 9249 | $74,774.00 | $355.56 | $59,819.20 | $355.56 |
| May 25, 2011<br>9th Quarterly | December 1, 2010 through February 28, 2011<br><br>D.I. No. 8986<br>CNO D.I. No. 9498 | $161,377.50 | $1,814.46 | $161,377.50 | $1,814.46 |
| June 15, 2011<br>26th Monthly | March 1, 2011 through March 31, 2011<br><br>D.I. No. 9250<br>CNO D.I. No. 9499 | $110,316.00 | $4,365.53 | $89,252.80 | $4,365.53 |
| July 5, 2011<br>27th Monthly | April 1, 2011 through April 30, 2011<br><br>D.I. No. 9411<br>CNO D.I. No. 9601 | $50,645.50 | $1,156.39 | $40,516.40 | $1,156.39 |
| July 16, 2011<br>28th Monthly | May 1, 2011 through May 31, 2011<br><br>D.I. No. 9458<br>CNO D.I. No. 9654 | $109,147.00 | $2,879.80 | $87,317.60 | $2,879.80 |
| July 16, 2011<br>10th Quarterly | March 1, 2011 through May 31, 2011<br><br>D.I. No. 9459<br>CNO D.I. No. 9655 | $270,108.50 | $8,401.72 | $270,108.50 | $8,401.72 |
| August 11, 2011<br>29th Monthly | June 1, 2011 through June 30, 2011<br><br>D.I. No. 9651<br>CNO D.I. No. 9761 | $77,541.00 | $573.79 | $62,032.80 | $573.79 |
| September 6, 2011<br>30th Monthly | July 1, 2011 through July 31, 2011<br><br>D.I. No. 9750<br>CNO D.I. No. 9761 | $33,641.75 | $467.43 | $26,913.40 | $467.43 |

| | | | | | |
|---|---|---|---|---|---|
| October 12, 2011<br>31st Monthly | August 1, 2011 through<br>August 31, 2011<br><br>D.I. No. 9968<br>CNO D.I. No. | $41,105.50 | $407.69 | $32,884.40 | $407.69 |
| October 13, 2011<br>11th Quarterly | June 1, 2011 through<br>August 31, 2011<br>D.I. No. 9969<br>CNO D.I. No. 10190 | $152,288.25 | $1,748.91 | $152,288.25 | $1,748.91 |
| November 19, 2011<br>32nd Monthly | September 1, 2011 through<br>September 30, 2011<br>D.I. No. 10066<br>CNO D.I. No. 10282 | $40,376.00 | $402.16 | $32,300.80 | $402.16 |
| November 25, 2011<br>33rd Monthly | October 1, 2011 through<br>October 31, 2011<br>D.I. No. 10299<br>CNO D.I. No. 10493 | $40,022.00 | $2,552.32 | $32,017.60 | $2,552.32 |
| December 28, 2011<br>34th Monthly | November 1, 2011 through<br>November 30, 2011<br>D.I. No. 10522<br>CNO D.I. No. 10830 | $12,389.50 | $595.74 | $9,911.60 | $595.74 |
| January 13, 2012<br>12th Quarterly | September 1, 2011 through<br>November 30, 2011<br>D.I. No. 10604<br>CNO D.I. No. 11183 | $92,787.50 | $3,550.22 | $92,201.00 | $3,545.74 |
| February 2, 2012<br>35th Monthly | December 1, 2011 through<br>December 31, 2011<br>D.I. No. 10829<br>CNO D.I. No. 11184 | $15,791.50 | $270.03 | $12,633.20 | $270.03 |
| March 20, 2012<br>36th Monthly | January 1, 2012 through<br>January 31, 2012<br>D.I. No. 11185<br>CNO D.I. No. 11564 | $26,402.00 | $462.80 | $21,121.60 | $462.80 |
| March 26, 2012<br>37th Monthly | February 1, 2012 through<br>February 29, 2012<br>D.I. No. 11261<br>CNO D.I. No. 11565 | $31,430.00 | $390.91 | $25,144.00 | $390.91 |
| March 26, 2012<br>13th Quarterly | December 1, 2011 through<br>February 29, 2012<br>D.I. No. 11262<br>CNO D.I. No. 11566 | $73,623.50 | $1,123.74 | $58,898.80 | $1,123.74 |

| | | | | | |
|---|---|---|---|---|---|
| May 8, 2012<br>38th Monthly | March 1, 2012 through March 31, 2012<br><br>D.I. No. 11567<br><br>CNO D.I. No. 11852 | $35,775.50 | $500.85 | $28,620.40 | $500.85 |
| June 21, 2012<br>39th Monthly | April 1, 2012 through April 30, 2012<br><br>D.I. No. 11869<br><br>CNO D.I. No. 12266 | $43,187.00 | $60,995.74 | $34,549.60 | $60,995.74 |
| July 13, 2012<br>40th Monthly | May 1, 2012 through May 31, 2012<br><br>D.I. No. 12017<br><br>CNO D.I. No. 12267 | $38,264.00 | $5,437.72 | $30,611.20 | $5,437.72 |
| July 13, 2012<br>14th Interim | March 1, 2012 through May 31, 2012<br><br>D.I. No. 12018<br><br>CNO D.I. No.  12268 | $78,357.50 | $49,125.51 | $62,686.00 | $49,125.51 |
| August 15, 2012<br>41st Monthly | June 1, 2012 through June 30, 2012<br><br>D.I. No. 12270<br><br>CNO D.I. No. 12497 | $21,308.00 | $2,809.13 | $17,046.40 | $2,809.13 |
| August 30, 2012<br>42nd Monthly | July 1, 2012 through July 31, 2012<br><br>D.I. No. 12349<br><br>CNO D.I. No. 12498 | $78.146.50 | $850.44 | $62,517.20 | $850.44 |
| October 2, 2012<br>43rd Monthly | August 1, 2012 through August 31, 2012<br><br>D.I. No. 12499<br><br>CNO D.I. No. 12640 | $78,356.00 | $3,907.27 | $62,684.80 | $3,907.27 |
| October 25, 2012<br>44th Monthly | September 1, 2012 through September 30, 2012<br><br>D.I. No. 12630<br><br>CNO D.I. No. 12765 | $64,562.00 | $3,084.53 | Pending | Pending |
| November 7, 2012<br>15th Interim | June 1, 2012 through August 31, 2012<br><br>D.I. No. 12698<br><br>CNO D.I. No. | $177,810.50 | $7,566.84 | Pending | Pending |

**REED SMITH LLP'S SUMMARY OF PROFESSIONALS AND PARAPROFESSIONALS RENDERING
SERVICES FROM OCTOBER 1, 2012 THROUGH OCTOBER 31, 2012**

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Shugrue, John D. | Partner. Joined Firm in 2008. Member of IL bar since 1987. | $590.00 | 8.90 | $5,251.00 |
| Geiger, Laura M. | Counsel. Joined firm in 2008. Member of IL bar since 1999 | $555.00 | .20 | $115.00 |
| Moss, J. Andrew | Partner. Joined firm in 2003. Member of IL Bar since 1999. Member of CA bar since 2003. | $550.00 | 19.70 | $10,835.00 |
| Yassemedis, Andrea C. | Associate. Joined firm in 2008. Member of IL bar since 2006. | $450.00 | 4.50 | $2,025.00 |
| Falgowski, J. Cory | Associate. Joined firm as associate in 2004. Member of DE bar since 2004. | $430.00 | .60 | $258.00 |
| Rosenfeld, David | Associate. Joined firm in 2007. Member of IL bar since 2005. | $350.00 | .30 | $105.00 |
| Lankford, Lisa A. | Paralegal. Joined firm in 2000. | $180.00 | 6.20 | $1,116.00 |
| Somoza, Silvia | Paralegal. Joined firm in 2007. | $140.00 | 1.50 | $210.00 |
| **Grand Total:** | | | **41.90** | **$19,915.00** |
| Blended Rate: | | | | $475.30 |
| Blended Rate (excluding paralegal and paraprofessional time): | | | | $543.54 |

## COMPENSATION BY PROJECT CATEGORY

| Project Category (Examples) | Total Hours | Total Compensation |
|---|---|---|
| Insurance Counseling – 00005 | 23.70 | $13,150.00 |
| Marsh – 00008 | .70 | $161.00 |
| Fee Applications – 00009 | 17.50 | $6,604.00 |
| **TOTAL:** | **41.90** | **$19,915.00** |

## EXPENSE SUMMARY

BY EXPENSE CATEGORY:

| Expense Category (Examples) | Service Provider (if applicable) | |
|---|---|---|
| Outside Duplicating | IKON/DLS | $324.00 |
| Printing, Duplicating, Scanning | | $28.50 |
| PACER | | $13.60 |
| **TOTAL:** | | **$366.10** |

## EXPENSE SUMMARY

BY MATTER:

| Expense Category (Examples) | Service Provider (if applicable) | Reliance/ Times Mirror – 00004 | Insurance Counseling – 00005 | Marsh – 00008 | Fee Applications – 00009 | HR Investigation – 00011 | TOTALS |
|---|---|---|---|---|---|---|---|
| Outside Duplicating | IKON/DLS | | | | $324.00 | | $324.00 |
| Printing/Duplicating & Scanning | | | $1.40 | | $27.10 | | $28.50 |
| PACER | | | $13.60 | | | | $13.60 |
| TOTAL: | | $0.00 | $15.00 | $0.00 | $351.10 | $0.00 | $366.10 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY,[1] et al., | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: December 20, 2012 at 4:00 p.m.** |
| | **Hearing Date: Only if objections are filed** |

### FORTY-FIFTH MONTHLY FEE APPLICATION OF REED SMITH LLP, SPECIAL COUNSEL FOR CERTAIN INSURANCE AND EMPLOYEE-RELATED MATTERS TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OCTOBER 1, 2012 THROUGH OCTOBER 31, 2012

Reed Smith LLP ("Reed Smith") hereby submits this Forty-Fifth Monthly Fee Application

of Reed Smith LLP, Special Counsel for Certain Insurance and Employee-Related Matters to the

Debtors and Debtors in Possession (the "Debtors"), for Compensation and Reimbursement of

---

1    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Expenses for the Period October 1, 2012 through October 31, 2012 (the "Application") pursuant to

11 U.S.C. §§ 327, 328, 329, 330 and 331, Federal Rule of Bankruptcy Procedure 2016,

Del.Bankr.L.R. 2016-2, the Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures

for Interim Compensation and Reimbursement of Expenses of Professionals (D.I. 225) (the

"Administrative Order"), and the Guidelines for Reviewing Applications for Compensation and

Reimbursement of Expenses promulgated by the Executive Office of the United States Trustees

pursuant to 28 U.S.C. § 586(a)(3)(A).  By this Application, Reed Smith, as Special Counsel for

Certain Insurance and Employee-Related Matters to the Debtors in these cases, seeks interim

approval and payment of compensation for legal services performed and expenses incurred during

the period commencing October 1, 2012 through October 31, 2012 (the "Compensation Period").

In support hereof, Reed Smith respectfully represents the following:

## I.    FACTUAL BACKGROUND

1.      On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions

for relief pursuant to Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*

(the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the

"Court").

2.      The Debtors continue to operate their businesses and manage their properties as

debtors-in-possession pursuant to Bankruptcy Code Sections 1107 & 1108.

3.      On December 18, 2008, the Office of the United States Trustee for the District of

Delaware ("UST") appointed the Official Committee of Unsecured Creditors.

4.      On February 3, 2009, the Bankruptcy Court approved the Debtors' retention of

Reed Smith as its Special Counsel for Certain Insurance Matters.  A copy of the Order

Authorizing the Employment and Retention of Reed Smith LLP as Debtors' Bankruptcy Special

Counsel for Certain Insurance Matters Pursuant to 11 U.S.C. §§ 327(e), 328, 329,

Fed.R.Bankr.P. 2014 and 2016 and Del.Bankr.L.R. 2014-1 and 2106-1 *Nunc Pro Tunc* to the

Petition Date ("Retention Order"; D.I. 326) is attached as Exhibit A.

  5.  On November 12, 2010, the Bankruptcy Court approved the Supplemental

Application of the Debtors for the Entry of an Order Modifying the Scope of the Retention and

Employment of Reed Smith LLP to Include Services Relating to Certain Employee-Related

Matters, *Nunc Pro Tunc* to August 30, 2010 ("Supplemental Retention Order"; D.I. 6080).  A

copy of the Supplemental Retention Order is also attached as Exhibit A.

## II.  COMPENSATION AND REIMBURSEMENT OF EXPENSES

  6.  Reed Smith submits this Application for the allowance of reasonable

compensation for actual and necessary professional services provided to the Debtors as their

counsel in these cases, and for reimbursement of actual and necessary out-of-pocket expenses

incurred in representing the Debtors during the Compensation Period.  All included services and

costs for which Reed Smith seeks compensation were performed for, or on behalf of, the Debtors

during the Compensation Period.

  7.  In connection with services performed, Reed Smith billed a total of $19,915.00 in

fees and incurred $366.10 in expenses on behalf of the Debtors during the Compensation Period.

  8.  By this Application, Reed Smith seeks: (a) interim allowance of compensation in

the amount of $19,915.00 for legal services rendered during the Compensation Period, and

reimbursement in the amount of $366.10 for expenses incurred during the Compensation Period

and (b) pursuant to the Administrative Order, payment of compensation in the amount of

$15,932.00 (80% of the compensation requested) and reimbursement of expenses incurred by

Reed Smith during the Compensation Period in the amount of $366.10 (100% of the expenses incurred).

9.      For the Bankruptcy Court's review, a summary containing the names of each Reed Smith professional and paraprofessional rendering services to the Debtors during the Compensation Period, their customary billing rates, the time expended by each professional and paraprofessional, and the total value of time incurred by each professional and paraprofessional is attached as Exhibit B.

10.     In addition, Exhibit B contains computer printouts reflecting the time recorded for services rendered on a daily basis during the Compensation Period and descriptions of the services provided, identified by project task categories.

11.     Exhibit C contains a breakdown of expenses incurred and disbursed by Reed Smith during the Compensation Period. Reed Smith has incurred out-of-pocket expenses during the Compensation Period in the amount of $366.10. This sum is broken down into categories of charges including, *inter alia*, telephone charges, special or hand delivery charges, documentation charges, transcription charges, postage, facsimile and photocopying charges. Reed Smith's rate for duplication is $0.10 per page. Reed Smith also uses outside duplication services for large photocopy work. Reed Smith has not charged or sought reimbursement for incoming facsimile transmissions. Outgoing facsimile transmissions, if any, have been charged at a rate of $0.25 per page.

### III.    ANALYSIS AND NARRATIVE DESCRIPTION OF SERVICES RENDERED AND TIME EXPENDED

12.     Section 330(a) of the Bankruptcy Code provides, in pertinent part, that bankruptcy courts may award "reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any

paraprofessional employed by any such person." See 11 U.S.C. § 330(a)(1)(A).  The attorneys

requesting compensation from the bankruptcy estate bear the burden of demonstrating to the

Court that the services performed and fees incurred were reasonable.

13.     In determining the amount of reasonable compensation to be awarded, the Court

shall consider, pursuant to Section 330(a)(3) of the Bankruptcy Code, the nature, extent, and the

value of such services, taking into account all relevant factors, including: (A) the time spent on

such services, (B) the rates charged for such services, (C) whether the services were necessary to

the administration of, or beneficial at the time at which the service was rendered toward the

completion of, a case under this title, (D) whether the services were performed within a

reasonable time commensurate with the complexity, importance, and nature of the problem,

issue, or task addressed, (E) with respect to a professional person, whether the person is board

certified or otherwise has demonstrated skill and experience in the bankruptcy filed, and (F)

whether the compensation is reasonable, based on the customary compensation charged by

comparably skilled practitioners in cases other than cases under this title. See 11 U.S.C. §

330(a)(3)(A)-(F).

14.     With respect to the time and labor expended by Reed Smith in these cases, as set

forth in Exhibit B, during the Compensation Period, Reed Smith rendered professional services

in the aggregate amount of $19,915.00.  Reed Smith believes it is appropriate for it to be

compensated for the time spent in connection with these matters, and sets forth a brief narrative

description of the services rendered, for or on behalf of the Debtors, and the time expended,

organized by project task categories, as follows:

### A.   INSURANCE COUNSELING (00005)

15.   During the Compensation Period, Reed Smith's services performed in connection with this category relate to, *inter alia*: (i) analyzing and advising client, bankruptcy counsel and defense counsel regarding insurance-related issues in connection with defense and settlement of third-party claims and suits; (ii) analyzing and advising client with respect to communications with insurers regarding notice of claims and potential claims; (iii) preparing and assisting client with preparing correspondence to insurers related to same; (iv) analyzing insurance coverage issues relating to plan of reorganization and emergence from bankruptcy, and advising client concerning same; (v) assisting and advising bankruptcy counsel concerning insurance issues in connection with bankruptcy proceedings and emergence; (vi) analyzing and providing comment on various agreements with insurers in connection with policy renewals; and (vii) analyzing insurance policies in connection with emergence from bankruptcy, and preparing memoranda and meeting with client and broker concerning same.  Reed Smith seeks compensation for 23.70 hours of reasonable and necessary legal expenses incurred for Insurance Counseling during the Compensation Period in the total amount of $13,150.00.

### B.   MARSH (00008)

16.   During the Compensation Period, Reed Smith's services performed in connection with this category relate to, *inter alia*, corresponding with client and counsel for Marsh concerning reimbursement submission pursuant to parties' prior agreement.  Reed Smith seeks compensation for .70 hours of reasonable and necessary legal expenses incurred for March during the Compensation Period in the total amount of $161.00.

## C.    FEE APPLICATIONS (00009)

17.    During the Compensation Period, Reed Smith's services performed in connection with this category relate to, *inter alia*, preparing and filing fee applications and related pleadings with bankruptcy court.  Reed Smith seeks compensation for 17.50 hours of reasonable and necessary legal expenses incurred for Fee Applications during the Compensation Period in the total amount of $6,604.00.

18.    Reed Smith believes that its rates are market rates within the range charged by other counsel in this marketplace for similar Chapter 11 cases.  The billing rates set forth in Reed Smith's Summary of Professionals and Paraprofessionals Rendering Services from October 1, 2012 through October 31, 2012 represent customary rates routinely billed to the firm's many clients.  (See Exhibit B).  Moreover, Reed Smith stated in its applications and their supporting declarations that it would be compensated on an hourly basis, plus reimbursement of actual, reasonable and necessary out-of-pocket expenses incurred by the firm.  Here, the compensation requested does not exceed the reasonable value of the services rendered.  Reed Smith's standard hourly rates for work of this nature are set at a level designed to fairly compensate Reed Smith for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses.

19.    In addition, as set forth in its retention applications, the Debtors believe that the retention of Reed Smith as their counsel would be cost-effective and efficient.

20.    Further, the Debtors sought to retain Reed Smith as their counsel due to its extensive experience and knowledge regarding the matters for which it has been retained.  The Debtors also believed that the retention of Reed Smith was necessary for the Debtors to properly and adequately discharge their fiduciary duties to creditors in these cases, and that Reed Smith

would provide distinct benefits to the Debtors and to enhance the administration of these bankruptcy cases.

21.     This Application covers the period from October 1, 2012 through October 31, 2012. Although every effort was made to include all fees and expenses from the Compensation Period in this Application, some fees and/or expenses from the Compensation Period might not be included in this Application due to delays in processing time and receipt of invoices for expenses and/or for preparation of the instant application subsequent to the Compensation Period. Accordingly, Reed Smith reserves the right to make further applications to the Court for allowance of fees and expenses not included herein.

22.     Reed Smith believes that the Application and the description of services set forth herein for work performed are in compliance with the requirements of Del.Bankr.L.R. 2016-2, the Administrative Order, and the applicable guidelines and requirements of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Executive Office for the United States Trustees. A true and correct copy of the Verification of John D. Shugrue, Esq. is attached hereto as Exhibit D.

WHEREFORE, Reed Smith respectfully requests monthly interim allowance of compensation for professional services rendered in the amount of $19,915.00 and reimbursement of expenses in the amount of $366.10 for the period October 1, 2012 through October 31, 2012 and payment according to the procedures set forth in the Administrative Order.

Dated: November 27, 2012
      Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By:   /s/ J. Cory Falgowski
      J. Cory Falgowski (No. 4546)
      1201 Market Street, Suite 1500
      Wilmington, DE 19801
      Telephone: (302) 778-7500
      Facsimile: (302) 778-7575
      E-mail: jfalgowski@reedsmith.com

      and

      John D. Shugrue (IL No. 6195822)
      10 S. Wacker Drive
      40th Floor
      Chicago, IL  60606-7507
      Telephone: (312) 207-2459
      Facsimile: (312) 207-6400
      E-mail: jshugrue@reedsmith.com

      Special Counsel for Certain Insurance and
      Employee-Related Matters to Tribune
      Company, *et al.*, Debtors and Debtors-in-
      Possession