**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

----------------------------------------------------------- x   Chapter 11

In re:                                                      :

                                                        :   Case No. 08-13141 (KJC)

TRIBUNE COMPANY, et al.,                                    :

                                                        :   Jointly Administered

    Debtors.                                :

                                                        :   Objections Due:  December 17, 2012
                                                        :   @ 4:00 p.m. (ET)
----------------------------------------------------------- x   Hearing Date:  N/A


**FORTY-SIXTH MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP,
AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
OCTOBER 1, 2012 THROUGH OCTOBER 31, 2012**


| | |
|---|---|
| Name of Applicant: | Chadbourne & Parke LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | February 20, 2009, nunc pro tunc to December 18, 2008 |
| Period for Which Compensation and Reimbursement is Sought: | October 1, 2012 through October 31, 2012 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary | $121,657.20    (80% of $152,071.50) |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 46,286.55 |


This is a(n):    _x_ Monthly          ____ Interim          ____ Final Application

Prior Applications Filed:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved* | Expenses Approved |
|---|---|---|---|---|---|---|
| 2/25/2009 | 452 | 12/18/08 - 1/31/09 | $1,025,328.00 | $20,199.48 | $820,262.40 | $20,199.48 |
| 3/25/2009 | 809 | 2/1/09 - 2/28/09 | $642,734.00 | $42,979.74 | $514,187.20 | $42,979.74 |
| 4/25/2009 | 1087 | 3/1/09 - 3/31/09 | $663,569.50 | $12,315.26 | $530,855.60 | $12,315.26 |
| 5/26/2009 | 1239 | 4/1/09 - 4/30/09 | $515,864.50 | $8,352.11 | $412,691.60 | $8,352.11 |
| 6/26/2009 | 1649 | 5/1/09 - 5/31/09 | $582,143.25 | $31,011.71 | $465,714.60 | $31,011.71 |
| 7/27/2009 | 1832 | 6/1/09 - 6/30/09 | $726,009.50 | $32,090.07 | $580,807.60 | $32,090.07 |
| 8/25/2009 | 2009 | 7/1/09 - 7/31/09 | $1,453,980.25 | $37,749.39 | $1,163,184.20 | $37,749.39 |
| 9/25/2009 | 2232 | 8/1/09 - 8/31/09 | $1,450,944.50 | $52,216.32 | $1,160,755.60 | $52,216.32 |
| 10/26/2009 | 2430 | 9/1/09 - 9/30/09 | $1,418,350.00 | $40,049.24 | $1,134,680.00 | $40,049.24 |
| 11/25/2009 | 2634 | 10/1/09 - 10/31/09 | $1,670,709.75 | $25,752.36 | $1,336,567.80 | $25,752.36 |
| 12/28/2009 | 2937 | 11/1/09 - 11/30/09 | $1,461,754.00 | $99,575.80 | $1,169,403.20 | $99,575.80 |
| 1/25/2010 | 3197 | 12/1/09 - 12/31/09 | $1,519,536.50 | $72,274.74 | $1,215,629.20 | $72,274.74 |
| 2/25/2010 | 3534 | 1/1/10 - 1/31/10 | $1,960,664.50 | $71,749.46 | $1,568,531.60 | $71,749.46 |
| 3/26/2010 | 3865 | 2/1/10 - 2/28/10 | $1,516,158.50 | $90,806.96 | $1,212,926.80 | $90,806.96 |
| 4/26/2010 | 4160 | 3/1/10 - 3/31/10 | $1,494,305.50 | $110,300.89 | $1,195,444.40 | $110,300.89 |

| 5/25/2010 | 4601 | 4/1/10 - 4/30/10 | $918,260.75 | $59,270.50 | $734,608.60 | $59,270.50 |
| 6/25/2010 | 4882 | 5/1/10 - 5/31/10 | $1,331,321.00 | $57,905.29 | $1,065,056.80 | $57,905.29 |
| 7/26/2010 | 5120 | 6/1/10 - 6/30/10 | $1,228,244.00 | $63,110.06 | $982,595.20 | $63,110.06 |
| 8/25/2010 | 5502 | 7/1/10 - 7/31/10 | $1,442,097.00 | $22,233.25 | $1,153,677.60 | $22,233.25 |
| 9/30/2010 | 5849 | 8/1/10 - 8/31/10 | $1,612,125.00 | $121,365.68 | $1,289,700.00 | $121,365.68 |
| 10/25/2010 | 6112 | 9/1/10 - 9/30/10 | $1,519,380.00 | $16,739.39 | $1,215,504.00 | $16,739.39 |
| 11/30/2010 | 6671 | 10/1/10 - 10/30/10 | $1,867,308.75 | $109,128.64 | $1,493,847.00 | $109,128.64 |
| 12/28/2010 | 7332 | 11/1/10 - 11/30/10 | $1,818,619.00 | $296,306.43 | $1,454,895.20 | $296,306.43 |
| 1/28/2011 | 7654 | 12/1/10 - 12/31/10 | $1,337,478.25 | $99,960.19 | $1,069,982.60 | $99,960.19 |
| 2/28/2011 | 8200 | 1/1/11 - 1/31/11 | $2,743,375.25 | $371,451.84 | $2,194,700.20 | $371,451.84 |
| 4/11/2011 | 8615 | 2/1/11 - 2/28/11 | $2,888,765.25 | $162,972.56 | $2,311,012.20 | $162,972.56 |
| 5/5/2011 | 8833 | 3/1/11 - 3/31/11 | $2,499,191.25 | $205,378.89 | $1,999,353.00 | $205,378.89 |
| 6/1/2011 | 9030 | 4/1/11 - 4/30/11 | $1,258,414.50 | $182,352.51 | $1,006,731.60 | $182,352.51 |
| 6/29/2011 | 9381 | 5/1/11 - 5/31/11 | $965,916.25 | $85,787.61 | $772,733.00 | $85,787.61 |
| 7/28/2011 | 9561 | 6/1/11 - 6/30/11 | $728,870.75 | $64,140.29 | $583,096.60 | $64,140.29 |
| 8/25/2011 | 9701 | 7/1/11 - 7/31/11 | $456,759.50 | $60,498.38 | $365,407.60 | $60,498.38 |

| 9/28/2011 | 9840 | 8/1/11 - 8/31/11 | $616,725.50 | $85,166.86 | $493,380.40 | $85,166.86 |
|---|---|---|---|---|---|---|
| 10/25/11 | 10064 | 9/1/11 - 9/30/11 | $450,088.50 | $56,800.73 | $360,070.80 | $56,800.73 |
| 11/23/11 | 10291 | 10/1/11 - 10/31/11 | $402,271.75 | $62,868.51 | $321,774.20 | $62,868.51 |
| 12/27/11 | 10511 | 11/1/11 - 11/30/11 | $676,518.00 | $34,425.04 | $541,214.40 | $34,425.04 |
| 1/31/12 | 10772 | 12/1/11 - 12/31/11 | $452,819.75 | $38,756.34 | $362,255.80 | $38,756.34 |
| 2/27/12 | 11023 | 1/1/12 - 1/31/12 | $547,104.00 | $9,615.03 | $437,683.20 | $9,615.03 |
| 3/27/12 | 11240 | 2/1/12 - 2/29/12 | $644,199.25 | $9,936.28 | $515,420.40 | $9,936.28 |
| 4/26/12 | 11476 | 3/1/12 - 3/31/12 | $592,148.75 | $28,148.76 | $473,719.00 | $28,148.76 |
| 5/25/12 | 11695 | 4/1/12 - 4/30/12 | $315,426.75 | $12,357.38 | $252,341.40 | $12,357.38 |
| 6/26/12 | 11896 | 5/1/12 - 5/31/12 | $337,692.50 | $4,191.40 | $270,154.00 | $4,191.40 |
| 7/26/12 | 12106 | 6/1/12 - 6/30/12 | $414,998.50 | $11,058.19 | $331,998.80 | $11,058.19 |
| 8/24/2012 | 12336 | 7/1/12 - 7/31/12 | $303,691.00 | $2,495.23 | $242,952.80 | $2,495.23 |
| 9/25/2012 | 12460 | 8/1/12 - 8/31/12 | $534,306.75 | $6,129.87 | $427,445.40 | $6,129.87 |
| 10/31/2012 | 12646 | 9/1/12 - 9/30/12 | $310,572.50 | $22,854.39 | $248,458.00 | $22,854.39 |

*Monthly approved fees are subject to holdbacks which were to be reviewed by the Bankruptcy Court following the completion of each quarterly fee application. Such holdbacks have been reviewed and approved for payment by the Bankruptcy Court as set forth below:

| Interim Fee Period | Dates Covered by Interim Fee Period | Bankruptcy Court Approval Date | Amount Approved |
|---|---|---|---|
| 1 | December 18, 2008 through February 28, 2009 | December 14, 2009 | $326,196.76 |
| 2 | March 1, 2009 through May 31, 2009 | May 18, 2010 | 344,7890.61 |
| 3 | June 1, 2009 through August 31, 2009 | October 22, 2010 | $707,644.89 |
| 4 | September 1, 2009 through November 30, 2009 | August 24, 2011 | $883,274.78 |
| 5 | December 1, 2009 through February 28, 2010 | October 19, 2011 | $966,056.61 |
| 6 | March 1, 2010 through May 31, 2010 | December 12, 2011 | $737,989.71 |
| 7 | June 1, 2010 through August 31, 2010 | February 15, 2012 | $846,680.80 |
| 8 | September 1, 2010 through November 30, 2010 | April 24, 2012 | $1,024,183.85 |
| 9 | December 1, 2010 through February 28, 2011 | July 11, 2012 | $1,376,206.20 |
| 10 | March 1, 2011 through May 31, 2011 | July 11, 2012 | $915,810.94 |
| 11 | June 1, 2012 through August 31, 2012 | October 2, 2012 | $358,216.31 |
| 12 | September 1, 2012 through November 30, 2012 | November 6, 2012 | $303,013.13 |

**TRIBUNE COMPANY, et al.**

**SUMMARY OF HOURS**

**October 1, 2012 through October 31, 2012**

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2012 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| **Partner*** | | | | | |
| Howard Seife (1997) | Bankruptcy and Financial Restructuring | 1979 (NY) | $995 | 12.40 | $12,338.00 |
| David M. LeMay (2001) | Bankruptcy and Financial Restructuring | 1982 (NY) | 925 | 27.10 | 25,067.50 |
| Thomas J. McCormack (1992) | Litigation | 1983 (NY) | 875 | 0.90 | 787.50 |
| Douglas E. Deutsch (2009) | Bankruptcy and Financial Restructuring | 1997 (NY) | 745 | 54.80 | 40,826.00 |
| Andrew Rosenblatt (2009) | Bankruptcy and Financial Restructuring | 1998 (NY) | 745 | 12.00 | 8,940.00 |
| David Gallai (2008) | Employee Benefits | 2000 (NY) | 705 | 2.20 | 1,551.00 |
| | | | | | |
| **Counsel:** | | | | | |
| Mark D. Ashley | Litigation | 1995 (NY) | 695 | 0.80 | 556.00 |
| James A. Stenger | Communications & Technology | 1978 (DC) | 645 | 10.90 | 7,030.50 |
| | | | | | |
| **Associate:** | | | | | |
| Kimberly Zafran | Litigation | 2009 (NY) | 565 | 12.70 | 7,175.00 |
| Eric Daucher | Bankruptcy & Financial Restructuring | 2010 (NY) | 495 | 18.60 | 9,207.00 |
| Marc Roitman | Bankruptcy & Financial Restructuring | 2010 (NY) | 495 | 33.30 | 16,483.50 |

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2012 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| Michael Distefano | Bankruptcy & Financial Restructuring | 2011 (NY) | 435 | 28.90 | 12,571.50 |
|  |  |  |  |  |  |
| **Paraprofessional:** |  |  |  |  |  |
| Lori Moloney | Litigation | n/a | 330 | 1.10 | 363.00 |
| David Bava | Bankruptcy & Financial Restructuring | n/a | 295 | 19.10 | 5,634.50 |
| Helen M. Lamb | Bankruptcy and Financial Restructuring | n/a | 295 | 12.00 | 3,540.00 |
|  |  |  |  |  |  |
| **TOTAL:** |  |  |  | **246.80** | **$152,071.50** |

BLENDED RATE:     $616.17

---

\*  Includes year elected Partner at firm or joined firm as Partner.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------- x  Chapter 11
In re:                                                  :
                                                        :  Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                                :
                                                        :  Jointly Administered
                Debtors.                                :
                                                        :  Objections Due: December 17, 2012
                                                        :  @ 4:00 p.m.(ET)
------------------------------------------------------- x  Hearing Date:  N/A


**FORTY-SIXTH MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP,**
**AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD**
**OCTOBER 1, 2012 THROUGH OCTOBER 31, 2012**

Chadbourne & Parke LLP ("Chadbourne"), as co-counsel to the Official Committee

of Unsecured Creditors (the "Committee") of Tribune Company et al. (collectively, the

"Debtors"), hereby submits this Application (the "Application") for approval and allowance of

compensation for services rendered in the amount of $152,071.50 (80% of which equals

$121,657.20) and reimbursement of expenses incurred in the amount of $46,286.55 during the

period commencing October 1, 2012 through and including October 31, 2012 (the "Application

Period").  This Application is submitted pursuant to sections 330 and 331 of title 11 of the

United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") and the Order Establishing Procedures for Interim

Compensation and Reimbursement of Expenses of Professionals and Committee Members

Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order").  In support of the

Application, Chadbourne respectfully represents as follows:

CPAM: 5041961.3

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and

1334.  Venue of this proceeding and this Application is proper in this district pursuant to 28

U.S.C. §§ 1408 and 1409.

2.      The statutory bases for relief requested herein are Sections 105(a), 330, 331 and

1103(a) of the Bankruptcy Code.

## BACKGROUND

3.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy

Court for the District of Delaware (the "Bankruptcy Court").  On December 10, 2008, the

Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural

purposes only.

4.      The Debtors have continued in possession of their respective properties and have

continued to operate and maintain their businesses as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

5.      On December 18, 2009, the Office of the United States Trustee appointed the

Committee pursuant to section 1102 of the Bankruptcy Code.

6.      On February 20, 2009, the Bankruptcy Court authorized the employment and

retention of Chadbourne as co-counsel for the Committee, nunc pro tunc to December 18, 2008.

7.      On May 10, 2010, the Bankruptcy Court authorized the appointment of Kenneth

N. Klee, Esquire as Examiner in these Chapter 11 cases.

8.    Plan confirmation hearings for both the DCL Plan and the Noteholder Plan[1] commenced on March 7, 2011 and continued daily through March 18, 2011.  The next phase of the confirmation hearings -- which included rebuttal witnesses, non-proponent objections to the DCL and the Noteholder Plans and certain legal arguments -- resumed on April 12, 2011 and concluded on April 14, 2011.  Closing confirmation arguments were held on June 27, 2011.

9.    On October 31, 2011, the Bankruptcy Court entered its Opinion on Confirmation denying both the DCL Plan and the Noteholder Plan.  The Opinion noted, however, that should the proponents of both the DCL Plan and the Noteholder Plan seek to address the flaws identified by the Bankruptcy Court in the Opinion and resubmit otherwise confirmable plans, the Bankruptcy Court would be required to select one plan to confirm.  See Section 1129(c). The Bankruptcy Court stated that, given those options, it would select the DCL Plan.

10.    On April 17, 2012, the proponents of the DCL Plan filed their Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (the "Fourth Amended DCL Plan").  A hearing on confirmation of the Fourth Amended DCL Plan was held on June 7, 2012 and concluded on June 8, 2012.

11.    On July 23, 2012, the Bankruptcy Court entered the Order Confirming Fourth Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management,

---

[1]    The DCL Plan is supported by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, Angelo, Gordon & Co., and JPMorgan Chase Bank (the "DCL Plan Proponents").  The Noteholder Plan is supported by Aurelius Capital Management, Deutsche Bank Trust Company Americas, Law Debenture Trust Company of New York and Wilmington Trust Company (the "Noteholder Plan Proponents").

L.P., Angelo Gordon & Co., L.P., and JPMorgan Chase Bank, N.A (the "Confirmation Order").
The Confirmation Order was subsequently appealed.

## COMPENSATION PAID AND ITS SOURCES

12.   All services for which compensation is requested by Chadbourne were performed
for or on behalf of the Committee.

13.   During the Application Period, Chadbourne has received no payment and no
promise of payment from any source for services rendered or to be rendered in any capacity
whatsoever in connection with the matters covered by this Application.  There is no agreement
or understanding between Chadbourne and any other person, other than members of the firm,
for sharing of compensation to be received for services rendered in these cases.

## FEE STATEMENTS

14.   The fee statement for the Application Period is attached hereto as Exhibit A.  This
statement contains daily time logs describing the time spent by each attorney and
paraprofessional for this period.  To the best of Chadbourne's knowledge, this Application
complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the
Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2
(the "Guidelines"), and the Compensation Order.

## SUMMARY OF SERVICES

15.   As set forth in the detailed statement of fees attached hereto as Exhibit A, fees
incurred by Chadbourne during the Application Period total $152,071.50.  The services
rendered by Chadbourne during the Application Period are grouped into specific project
categories as set forth in Exhibit A.  The attorneys and paraprofessionals who rendered services

relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category.

16.     The following is a summary of the activities performed by Chadbourne attorneys and paraprofessionals during the Application Period, organized by project category.

**A.     Bankruptcy General (Matter 002)**

Fees: $12,112.00          Total Hours:   27.60

17.     During the Application Period, Chadbourne devoted time to the fulfillment of its professional duties and responsibilities in connection with the administration of these Chapter 11 cases including: (i) meetings with and addressing the inquiries of the Debtors and the Debtors' professionals, other Committee professionals, the United States Trustee and other parties in interest in these cases; (ii) monitoring of incoming correspondence, pleadings, and dockets; (iii) preparing for and attending various omnibus hearings and court conferences on behalf of the Committee; and (iv) disseminating information to the Committee and other various parties-in-interest. Also, Chadbourne established and maintains an Intralinks account in order to provide a repository for memoranda and pleadings readily accessible by members of the Committee.

18.     Chadbourne's paraprofessionals have also been required to monitor and retrieve all newly filed pleadings from the Bankruptcy Court's docket, prepare and distribute daily status reports, maintain a current case calendar and post Committee-related pleadings and memoranda to Intralinks. Chadbourne's paraprofessionals supervise the internal management of documents and the distribution of documents both to the professionals at Chadbourne and to the members of the Committee, coordinate receipt of pleadings, correspondence and other documents, assist

attorneys in preparation of papers for electronic filing, and respond to third-party requests for documents.

**B.    Creditor Communications (Matter 004)**

    Fees: $2,896.00         Total Hours:  4.80

19.    Chadbourne, as counsel to the Committee, is the focal point for creditor inquiries. During the Application Period, Chadbourne attorneys reviewed and responded to inquiries received from unsecured creditors and participated in telephone conferences with members of the Committee to discuss open issues and developments in the Debtors' cases.

**C.    Business Operations (Matter 007)**

    Fees: $15,051.00       Total Hours:   22.20

20.    During the Application Period, professionals from Chadbourne's Communications Media and Technology ("CMT") Group continued their efforts to obtain FCC approval of the Debtors' FCC exit applications.  Chadbourne's CMT attorneys, along with the Debtors' FCC counsel and representatives of the senior creditors, prepared for and attended a meeting the FCC Chairman's office to discuss the submitted exit applications and the related next steps in the FCC process.  Following the meeting, Chadbourne updated the Committee on the results of the FCC meeting.

21.    During this time, Chadbourne attorneys also continued to review and monitor issues involving the Debtors' day-to-day business operations including the Debtors' possible entry into new business transactions.  In addition, Chadbourne also continued to review weekly operations and financial reports prepared by the Committee's financial advisors.

**D.**   **Claims Administration/Bar Date (Matter 009)**

Fees:  $3,248.50             Total Hours:   6.10

22.      During the Application Period, Chadbourne attorneys expended further time in reviewing a number of objections to claims filed by the Debtors.  Efforts included review of the Debtors' (i) Sixtieth Omnibus (Substantive) Objection to Claims and (ii) Sixty-First Omnibus (Non-Substantive) Objection to Claims.   Chadbourne attorneys preformed a review of the facts as well as the bases and processes followed by the Debtors in pursuing the objections. Following consultation with the Committee's financial advisors regarding their analyses of certain issues raised in the objections.  Chadbourne summarized its analyses and recommendations in a memorandum to the Committee.

23.      In addition, Chadbourne attorneys reviewed and researched certain issues involving Xerox and treatment of its claims under the Fourth Amended DCL Plan.

**E.**   **Fee/Retention Applications (Matter 010)**

Fees:  $21,826.00             Total Hours:   45.80

24.      Chadbourne expended time during the Application Period to comply with the Bankruptcy Court's fee procedures for these cases.  Efforts included preparing and filing Chadbourne's forty-fifth monthly fee application and fifteenth interim fee application.

25.      During the Application Period, Chadbourne continued to expend time reviewing and analyzing the Fee Examiner's preliminary report concerning Chadbourne's twelfth interim fee application and performed related research.  Chadbourne prepared, finalized and submitted a response to address the concerns raised in the Fee Examiner's report.

26.     In continuance of an ongoing process, Chadbourne also expended time on the treatment of ordinary course professionals.  These efforts included the review and analysis of filed affidavits to ensure qualification criteria were satisfied and that related spending and monthly fee caps were complied with.

**F.     Avoidance Issues (Matter 013)**

Fees:  $5,885.50          Total Hours:  7.90

27.     During the Application Period, Chadbourne attorneys reviewed the Debtors' analyses regarding options to address certain preference claims.  Chadbourne consulted with the Committee's special counsel and financial advisors regarding certain related issues and participated in calls with the Debtors' counsel regarding same.

**G.     Employee Issues (Matter 014)**

Fees:  $3,967.50          Total Hours:  6.90

28.     During the Application Period, professionals from Chadbourne's Employee Benefits and Bankruptcy Groups continued to be engaged in various employee-related matters. Efforts included review and analysis of the terms of severance agreements with several additional departing seniors executive of Tribune.  In connection therewith, Chadbourne reviewed and analyzed the economic terms and business rationale of the departures and consulted with the Committee's financial advisors about their analysis of the departure arrangements.  Chadbourne summarized its analysis and recommendations in memoranda to the Committee.

**H.**     **Review of Pre-Petition Financings (Matter 019)**

   Fees:  $8,094.50          Total Hours:  14.60

29.     Pursuant to the confirmation order, to facilitate the implementation of the Fourth

Amended DCL Plan, the Committee and Litigation Trustee entered into an agreement (the

"Privilege Transfer Agreement") whereby the Committee agreed to turn over documents and

information relevant to the claims the Trustee will be pursuing, including certain privileged

work product reflecting the Committee's assessment of the LBO transaction and the claims

arising from it.  However, the Committee could not agree to share documents with the

Litigation Trustee that are unrelated to the LBO-related claims (for example, privileged

documents related to plan confirmation issues).  Accordingly, a review was undertaken by the

Committee (acting through Chadbourne) to identify documents that could be shared with the

Litigation Trustee and those which could not be shared with the Litigation Trustee.  During the

Application Period, Chadbourne attorneys completed the process of reviewing and identifying

relevant documents.  Thus, during October, Chadbourne was able to begin review and

preparation of identified documents culled from Committee's counsel and the Committee's

financial advisors for submission to the Litigation Trustee.

**I.**     **Shareholder Claims (Matter 020)**

   Fees:  $3,246.50          Total Hours:  5.70

30.     During the Application Period, Chadbourne attorneys continued to review and

respond to developments in the multidistrict litigation which consolidated and transferred the

state law constructive fraudulent conveyance lawsuits filed by the Retirees and the Noteholders

to the Southern District of New York (*In re Tribune Company Fraudulent Conveyance Litigation*), Master Case No. 12-2296 (S.D.N.Y) (the "MDL Actions").

31.    During the Application Period, the McCormick and Cantigny Foundations (the "Foundations") sent a letter to the Committee demanding, under threat of sanctions pursuant to Rule 11, that the Committee withdraw three of its claims against these defendants. This demand is similar to the previous Rule 11 motion filed by Sam Zell which was dismissed by the District Court overseeing the MDL Actions.  Accordingly, Chadbourne worked with the Committee's special counsel on preparing a draft response to the Foundations' letter.

### J.    Plan Litigation (Matter 021)

    Fees:  $75,744.00        Total Hours:  105.20

32.    During the Application Period, Chadbourne attorneys continued to be engaged in advising the Committee with respect to confirmation related appeals by Law Debenture Trust Company of New York and Deutsche Bank (collectively, the "Senior Indenture Trustees" ), Aurelius Capital Management ("Aurelius"), and Wilmington Trust Company ("Wilmington Trust").  Chadbourne attorneys participated in frequent discussions with the Committee's co-counsel and the DCL Plan Proponents regarding related strategies.

33.    As set forth in Chadbourne's prior monthly fee application, Aurelius, Wilmington Trust and the Senior Indenture Trustees each filed appellant briefs in the U.S. District Court for the District of Delaware in connection with appeals of the Bankruptcy Court's Confirmation Order.  During the Application Period, Chadbourne worked with their co-proponents in preparing and filing the DCL Plan Proponents ' Consolidated Answering Brief on Appeals of Bankruptcy Court Orders.  The following day, the Senior Indenture Trustees filed their

10

Answering Brief with respect to the appeals of Wilmington Trust Company and EGI-TRB.  On

October 11, 2012, Aurelius, Wilmington Trust, the Senior Indenture Trustees, and EGI-TRB

each filed reply briefs in opposition to the DCL Plan Proponents' Answering Brief.  In addition,

Aurelius filed a request to the District Court to (i) schedule oral argument on an expedited basis,

and (ii) hear and determine Aurelius's appeal separately from the other appeals.  In connection

therewith, Chadbourne worked with the DCL Plan Proponents on preparing and filing a

response to Aurelius's request for oral argument.

      34.     During the Application Period, Chadbourne reviewed the Debtors' Motion for

Authorization to Enter into Commitment, Engagement and Fee Letters (the "Fee Letters") in

Connection with Post-Bankruptcy Debt Facilities.  Chadbourne and the Committee's Financial

Advisors reviewed and analyzed the fees, expenses and obligations set forth the Fee Letters in

order to ensure their reasonableness and consistency with industry practice and market rates.

Chadbourne prepared a detailed analysis of the motion for review by the Committee.

## ACTUAL AND NECESSARY EXPENSES

      35.     A summary of the actual and necessary expenses and daily logs of expenses

incurred by Chadbourne during the Application Period in the amount of $46,286.55 is attached

hereto as Exhibit B.  Chadbourne's standard charge for photocopies is $0.20/per page.  For

purposes of these Chapter 11 cases, the firm has reduced this charge to $0.10/per page.

Chadbourne customarily charges its clients $1.25/per page for out-going facsimile

transmissions.  For purposes of these cases, the firm has reduced this charge to $1.00/per page.

36.     Due to the national nature of the Debtors' business and the Committee's participation in weekly meetings by telephone, long distance telephone and conference call services have been required.  In accordance with the Guidelines, in seeking reimbursement for long distance telephone charges, Chadbourne currently charges clients its approximate actual cost paid to its long distance carriers.  Chadbourne utilizes outside vendors for conference call services and requests reimbursement only for the amount billed to Chadbourne by the third-party vendors.

37.     With respect to legal research expenses, Chadbourne has entered into flat-fee contracts with Lexis/Nexis and Westlaw for the provision of online research services.  In order to determine charges to individual clients, the flat fees charged to Chadbourne by Lexis/Nexis and Westlaw are allocated among those clients based on the actual number and scope of searches conducted on behalf of those clients.

38.     In order to fulfill the obligations under the Privilege Transfer Agreement (as described in Section H herein), Chadbourne resumed the use of the services of Complete Document Source Inc. ("CDS") for electronic data discovery services in connection with its document review process.  The CDS charges incurred during the Application Period represent a monthly hosting fee, processing fees for loading data and/or converting data to a searchable format and culling the larger data set into a much smaller subset.  The expense identified in this Application covers a two-month period.  In seeking reimbursement for these outside services, Chadbourne requests reimbursement for the actual costs incurred.

39.     In order to meet deadlines and satisfy the demands of these cases, attorneys and other employees of Chadbourne were required to work late in the evenings or on weekends.

Consistent with firm policy, reasonable transportation costs were reimbursed as well as paraprofessional overtime.

## VALUATION OF SERVICES

40.      Attorneys and paraprofessionals of Chadbourne have expended a total of 246.80 hours in connection with the matter during the Application Period.  The nature of the work performed by these persons is fully set forth on Exhibit A attached hereto.  These are Chadbourne's normal hourly rates for work of this character.  The reasonable value of services rendered by Chadbourne to the Committee during the Application Period is $152,071.50.

41.      To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed prior to the preparation of this Application, Chadbourne reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

42.      In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Chadbourne is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.  Moreover, Chadbourne has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Chadbourne respectfully requests that this Court authorize that an allowance be made to Chadbourne pursuant to the terms of the Compensation Order for the period October 1, 2012 through October 31, 2012:  (a) authorizing compensation in the amount of $152,071.50 (80% of which equals $121,657.20) for professional services rendered and reimbursement of expenses incurred in connection therewith in the amount of $46,286.55 for a total of $198,358.05; (b) authorizing and directing the Debtors to remit payment to Chadbourne as set forth herein; and (c) granting such other and further relief as this Court deems just and proper.

Dated:    November 26, 2012
          New York, New York

CHADBOURNE & PARKE LLP

By: _____
    Douglas E. Deutsch
    (A Member of the Firm)

Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, New York  10112
(212) 408-5100

Co-Counsel to The Official Committee of
Unsecured Tribune Company, et al.

14

## VERIFICATION

STATE OF NEW YORK   :
                      : ss:

COUNTY OF NEW YORK  :

Douglas E. Deutsch, after being duly sworn according to law, deposes and says:

(a)     I am a partner with the applicant firm, Chadbourne & Parke LLP, and have been admitted to the bar of the State of New York since 1997.

(b)     I am familiar with the work performed on behalf of the Committee by the lawyers in the firm.

(c)     I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. L.R. 2016-2 and submit that the Application substantially complies with such order.

                                                    Douglas E. Deutsch

Sworn to before me this
26th day of November 2012

Francisco Vazquez
Notary Public, State of New York
No. 31-6013920
Qualified in New York County
Commission Expires December 27, 2014