**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: December 12, 2012 at 11:00 a.m. ET** |
| | **Related Docket Nos. 12739, 12740** |

**DEBTORS' LIMITED OBJECTION TO MOTION OF TV GUIDE ONLINE, LLC AND TV GUIDE ONLINE, INC. FOR RELIEF TO LIQUIDATE PATENT INFRINGEMENT CLAIMS IN THE DISTRICT COURT**

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and, collectively, the "Debtors"), by and through their undersigned counsel, hereby file this limited objection (the "Objection") to the Motion of TV Guide Online, LLC and

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

TV Guide Online, Inc. (collectively, "TV Guide") for Relief to Liquidate Patent Infringement Claims in the District Court (the "Motion").

## RESPONSE

1. The Debtors, as indicated in the Motion, do not oppose the lifting of the automatic stay to allow TV Guide to liquidate its claims in the District Court. However, TV Guide's proposed order (attached to the Motion as Exhibit A, the "Proposed Order") is overly broad. Specifically, paragraph 3 of the Proposed Order provides that TV Guide may obtain a "Final Monetary Judgment" in the Patent Litigation that includes "without limitation prejudgment interest, attorneys' fees, double or treble damages, or any other amounts." The Debtors do not object to this portion of paragraph 3. However, that paragraph further provides that TV Guide's previously-filed prepetition claims "shall be allowed as Class 1E General Unsecured Claims in the amount of the Final Monetary Judgment…relating to prepetition patent infringement" and TV Guide's previously-filed requests for payment of administrative expense claims "shall be allowed as Administrative Expense Claims…for the amount of the Final Monetary Judgment…relating to postpetition patent infringement". The Debtors object to this portion of paragraph 3. Any ruling regarding allowance of TV Guide's claims goes well beyond the stay relief requested in the Motion and is premature at this stage in the proceedings. For example, even in the unlikely event that TV Guide should receive a "Final Monetary Judgment" from the District Court that includes "attorneys' fees, double or treble damages, or any other amounts" it does not follow that all such amounts automatically satisfy the requirements for administrative expenses under the Bankruptcy Code. The Debtors submit that it is not appropriate to make such allowance determinations prematurely and in the abstract as part of a stay lift motion before any judgment has been obtained in the District Court. If TV Guide

obtains a Final Monetary Judgment, it should then seek allowance of its claims in the Bankruptcy Court as part of the Debtors' ordinary claims process, as well as demonstrate that it is entitled to an administrative expense claim against the applicable Debtor (i.e., by establishing a transaction with such Debtor that conferred a benefit upon such Debtor's estate). To accomplish these aims, the Debtors have proposed a form of order granting TV Guide's motion that is properly limited in scope for the relief Debtors understood TV Guide to be requesting, a blackline of which against TV Guide's originally-proposed order is attached hereto as Exhibit A.

2. The Debtors also believe a portion of paragraph 2 of the Proposed Order is overly broad and should be deleted. Specifically, paragraph 2 of the Proposed Order provides that the stay is lifted to permit TV Guide to proceed with prosecuting the Patent Litigation, "including any amendment to the Complaint or any other proceeding necessary to allocate any judgment between prepetition and postpetition infringement." The quoted language is unnecessary and misleading. As noted in the Motion, the Patent Litigation is at a very advanced stage, and the deadline for amending or supplementing pleadings expired on July 24, 2006 – years before the Patent Litigation was automatically stayed. Yet the quoted language could be misconstrued as providing TV Guide with some right to amend the Complaint in the Patent Litigation. An order granting relief from the automatic stay should not provide TV Guide with any procedural advantages to which it otherwise would not be entitled or otherwise affect the parties' rights in the underlying Patent Litigation. Consequently, the language quoted above should be deleted, as reflected in the blacklined order attached as Exhibit A.

3. TV Guide and the Debtors have agreed to certain other language revisions, outside of those discussed above, which also are reflected in Exhibit A. A clean version of that same order is attached hereto as Exhibit B.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order in substantially the form attached as Exhibit B.

Dated: Wilmington, Delaware
December 5, 2012

Respectfully submitted,

SIDLEY AUSTIN LLP
Kenneth P. Kansa
Dennis M. Twomey
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: ______________________
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION