**Exhibit A**

**<u>Waller Claim</u>**

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
Tribune Company Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5069
New York, NY 10150-5069

# PROOF OF CLAIM

Filed: USBC - District of Delaware
Tribune Company, Et Al.
08-13141 (KJC)          0000004412

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|
| KTLA, Inc. | 08-13183 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)

TRB (MERGE2.DBF,Txnum2) Txnum2 #: 4000000264*****
MARTA WALLER
GERALDINE WEISS, ESQ.
LAW OFFICES OF MICHAEL J. PIUZE
11755 WILSHIRE BOULEVARD, ST 1170
LOS ANGELES, CA 90025

Telephone number: 310 312 1102  Email Address: dweiss@mjplaw.ne[t]

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
(If known)

Filed on:_____

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:          Email Address:

1. **Amount of Claim as of Date Case Filed:** $5,000,000 five million dollars

   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.

   If all or part of your claim is entitled to priority, complete Item 5.

   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.

   ☐ Check this box if claim is for a claim related to goods delivered during the twenty (20) days prior to December 8, 2008 (the "Petition Date"), pursuant to 11 U.S.C. §503(b)(9). Please indicate amount entitled to 503(b)(9) §

2. **Basis for Claim:** wrongful termination / age and gender
   (See instruction #2 on reverse side.) discrimination- see Exhibit 1

3. **Last four digits of any number by which creditor identifies debtor:** EID No. 3404
   3a. Debtor may have scheduled account as:_____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe:_____

   Value of Property: $_____  Annual Interest Rate _____%

   Amount of arrearage and other charges as of time case filed included in secured claim, if any:

   $_____  Basis for perfection: _____

   **Amount of Secured Claim:** $_____  **Amount Unsecured:** $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim:

   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

   ☐ Wages, salaries or commissions (up to $10,950*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

   ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

   ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

   **Amount entitled to priority:**

   $_____

   *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**FOR COURT USE ONLY**

FILED / RECEIVED

JUN 1 0 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date: 6-9-09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

Attorney
Geraldine Weiss, Esq. for Marta Waller

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

RECYCLED PAPER MADE FROM 20% POST CONSUMER CONTENT

AVERY™

1  LAW OFFICES OF MICHAEL J. PIUZE
   MICHAEL J. PIUZE, Bar No. 51342
2  GERALDINE WEISS, Bar No. 168455
   11755 Wilshire Blvd., Suite 1170
3  Los Angeles, California 90025
   310/312-1102
4
5  Attorneys for Plaintiff



6
7
8
9            SUPERIOR COURT FOR THE STATE OF CALIFORNIA
10                   FOR THE COUNTY OF LOS ANGELES
11
   MARTA WALLER,                      )   CASE NO.
12                                     )
       Plaintiff,                      )   **PROPOSED COMPLAINT FOR**
13                                     )   **WRONGFUL TERMINATION**
       vs.                             )
14                                     )
   TRIBUNE CORPORATION, a corporation; )
15 KTLA, INC. a corporation; SAM ZELL; )
   JOHN MOCZULSKI; STEVE CHARLIER;     )
16 and DOES 1 through 100, Inclusive,  )
                                       )
17                                     )
       Defendants.                     )
18                                     )
19
20         COMES NOW plaintiff MARTA WALLER and for causes of action against the
   defendants, and each of them, alleges:
21
22                          **GENERAL ALLEGATIONS**
23         1.      The true names, identities, or capacities, whether individual, associate,
   corporate, or otherwise, of defendants DOES 1 through 100, inclusive, and each DOE in
24
   between, are unknown to plaintiff at this time, and plaintiff therefore sues these defendants
25
   by such fictitious names.  When the true names, identities, capacities, or participation of
26
   such fictitiously designated defendants are ascertained, plaintiff will ask leave of court to
27
   amend her Complaint to insert said names, identities, capacities, together with the proper
28

                                          1
                **PROPOSED COMPLAINT FOR WRONGFUL TERMINATION**

1 | charging allegations.

2 |     2.    Plaintiff is informed and believes and thereon allege that each of the
3 | defendants sued herein as a DOE is responsible in some manner for the events and
4 | happenings herein referred to, thereby legally causing the damages to plaintiff as
5 | hereinafter set forth.

6 |     3.    At all times mentioned herein, each of the defendants sued herein was the
7 | agent, servant, and employee of each other and of its said co-defendants, or were
8 | predecessors or successors of each other, and, as such, was acting within the time, place,
9 | purpose, and scope of said agency, service, and employment; each and every defendant,
10 | when acting as a principal, was negligent in the selection and hiring of each and every
11 | other defendant as an agent, servant, and employee.

12 |     4.    Plaintiff is informed and believes and thereon alleges that Defendant
13 | TRIBUNE CORPORATION (owner of "Employer") is and at all times relevant was,
14 | Delaware  corporation doing business in the City and County of Los Angeles, California.

15 |     5.    Plaintiff is informed and believes and thereon alleges that Defendant KTLA,
16 | INC. (hereafter "Employer") is and at all times relevant was, a California corporation doing
17 | business in the City and County of Los Angeles, California.

18 |     6.    Plaintiff is informed and believes and thereon alleges that Defendant SAM
19 | ZELL is and at all times relevant was the CEO of defendant TRIBUNE CORPORATION,
20 | and is a resident of Cook County, Illinois.

21 |     7.    Plaintiff is informed and believes and thereon alleges that Defendants JOHN
22 | MOCZULSKI and  STEVE CHARLIER were and at all times relevant are management in
23 | defendant TRIBUNE CORPORATION, and are residents of Los Angeles County,
24 | California.

25 |     8.    Plaintiff MARTA WALLER is a resident of the City and County of Los
26 | Angeles, California.

27 | ///

28 |

2

**PROPOSED COMPLAINT FOR WRONGFUL TERMINATION**

1  **FIRST CAUSE OF ACTION (Age Discrimination).**

2      9.      Plaintiff began employment with Employer in 1984 as a per diem writer in

3  Los Angeles, California. Over the next 24 years, plaintiff worked her way up through the

4  ranks to become a writer, producer, weekend reporter, full time reporter and television

5  anchor. During that time, plaintiff received multiple awards including Emmys and Golden

6  Mike awards for her coverage of 9/11, the Mark Twain award for best webcast, awards for

7  her coverage of the Phil Spector murder trial, accolades for her coverage of the O.J.

8  Simpson trial, with multiple other awards for community service and commendations as a

9  KTLA employee and reporter. Plaintiff's employment with KTLA, INC. continued until her

10 involuntary termination which led to her leaving her work with KTLA, INC. on October 17,

11 2008.   Throughout her employment with KTLA, INC., plaintiff performed her job in a

12 capable and competent manner.

13     10.     Plaintiff is informed and believes that KTLA, INC. has recently implemented

14 a systematic firing of reporters who are near or over the age of fifty and is replacing these

15 reporters with employees in their twenties. KTLA, INC. is actively recruiting only talent that

16 is substantially under the age of thirty. In fact, the older the workers, the more likely they

17 are to be terminated because they have more experience, more seniority and higher

18 salaries. This is age discrimination.

19     11.     At all times herein mentioned, Government Code sections 12940 et seq.

20 were in full force and effect and were binding on defendants. These sections require

21 defendants to refrain from discriminating against any employee on the basis of age, among

22 other things. Within the time provided by law, plaintiff filed a complaint with the California

23 Department of Fair Employment and Housing, in full compliance with these sections, and

24 received a right-to-sue letter.

25     12. During the course of plaintiff's employment, defendants gradually eliminated

26 reporters over the age of fifty until the majority of the reporters were well below that age.

27 In the month before Plaintiff was informed that her contract was not being renewed,

28

3

**PROPOSED COMPLAINT FOR WRONGFUL TERMINATION**

1   defendants terminated Willa Sandmeyer (age 52), Walter Richards (age approximately 50),

2   Bill Smith (age 58), Chris Neuman (age 51), Gerald Ruben (age 72) and Joe Russin (age

3   65) amongst others, for no good cause. An underlying theme was that younger

4   inexperienced reporters would cost much less that older seasoned and loyal employees

5   who were consequently being fired.

6       13.   After these terminations, plaintiff was reassured by Employer that her job was

7   safe in light of twenty four years of wholly satisfactory, competent, and diligent performance

8   to the profit of the defendants.

9       14.   On August 13, 2008, defendant Steve Charlier notified plaintiff that

10  defendants were not renewing plaintiff's contract with them with no good cause provided.

11  Defendants' claim that plaintiff was being terminated because of cut backs, was a pretext

12  designed to conceal defendants' practice of discriminating against plaintiff on the basis of

13  her age.

14      15.   Plaintiff's age was a factor in defendants' refusal to renew her contract after

15  twenty four years of faithful and excellent service. Such discrimination is in violation of

16  Government Code section 12940 et seq. and has resulted in damage and injury to plaintiff

17  as alleged herein.

18      16.   As a direct, proximate and legal result of said conduct of defendants, and

19  each of them, as previously alleged, plaintiff MARTA WALLER sustained the following

20  injuries and damages:

21          a.    Loss of earnings and earning capacity in an amount not yet

22          ascertained.

23          b.    General damages for injuries to her body and mind, all to her

24          damage in amounts in excess of the minimum jurisdiction of the Superior

25          Court; and

26          c.    Special medical and incidental damages in an amount not yet

27          ascertained.

28

4

**PROPOSED COMPLAINT FOR WRONGFUL TERMINATION**

## SECOND CAUSE OF ACTION (Gender Discrimination)

17.    Plaintiff repeats, repleads, and realleges Paragraphs 1 through 16 and incorporates the same herein as though fully set forth again.

18.    At all times herein mentioned, Government Code sections 12940 et seq. were in full force and effect and were binding on defendants. These sections require defendants to refrain from discriminating against any employee on the basis of sex / gender, among other things. Within the time provided by law, plaintiff filed a complaint with the California Department of Fair Employment and Housing, in full compliance with these sections, and received a right-to-sue letter.

19.    During the course of plaintiff's employment, defendants have preferred to place women under forty in the public eye as reporters and anchors while allowing men over fifty to continue in the public eye as reporters on televison. At the heart of these terminations is a scheme to remove women who are near or over the age of fifty from KTLA, INC. and to replace them with younger women.  On August 13, 2008, manager Steve Charlier notified plaintiff that defendants were not renewing plaintiff's contract with them with no good cause provided.  Defendants' claim that plaintiff was being terminated as her contract was up was a pretext designed to conceal defendants' practice of discriminating against plaintiff on the basis of her gender.

20.    Plaintiff believes and thereon alleges that her gender was a factor in defendants' refusal to renew her contract, their refusal to give her a salary increase and bonuses that she deserved, and their decision to terminate her. Such discrimination is in violation of Government Code section 12940 et seq. and has resulted in damage and injury to plaintiff as alleged herein.

21.    As a direct, proximate and legal result of said conduct of defendants, and each of them, as previously alleged, plaintiff MARTA WALLER sustained the following injuries and damages:

a.    Loss of earnings and earning capacity in an amount not yet

**PROPOSED COMPLAINT FOR WRONGFUL TERMINATION**

1    ascertained.

2       b.      General damages for injuries to her body and mind, all to her

3    damage in amounts in excess of the minimum jurisdiction of the Superior

4    Court; and

5       c.      Special medical and incidental damages in an amount not yet

6    ascertained.

7    <u>THIRD CAUSE OF ACTION (Tortious Termination in Violation of</u>

8    <u>Public policy)</u>

9       22.    Plaintiff repeats, repleads, and realleges Paragraphs 1 through 21 and

10   incorporates the same herein as though fully set forth again.

11      23.    At all times mentioned in this complaint, California Constitution Article I,

12   Section 8 was in full force and effect and was binding on defendants. This section requires

13   defendants to refrain from discriminating against any employee on the basis of sex /

14   gender.

15      24.    Plaintiff believes and thereon alleges that her gender was a factor in

16   defendants' refusal to renew her employment contract, their refusal to keep her at her

17   previous salary when her previous contract was renegotiated and to give her the bonuses

18   that she deserved. Such discrimination is in violation of the public policy of the State of

19   California as reflected in California Constitution Article I, Section 8, and has resulted in

20   damages and injury to plaintiff as alleged herein.

21      25.    As a direct, proximate and legal result of said conduct of defendants, and

22   each of them, as previously alleged, plaintiff MARTA WALLER sustained the following

23   injuries and damages:

24      a.      Loss of earnings and earning capacity in an amount not yet

25   ascertained.

26      b.      General damages for injuries to her body and mind, all to her

27   damage in amounts in excess of the minimum jurisdiction of the Superior

28

6

**PROPOSED COMPLAINT FOR WRONGFUL TERMINATION**

1    Court; and

2          c.      Special medical and incidental damages in an amount not yet

3          ascertained.

4    **FOURTH CAUSE OF ACTION (Violation of Government Code Section 12940(i))**

5          26.     Plaintiff repeats, repleads, and realleges Paragraphs 1 through 25 and

6    incorporates the same herein as though fully set forth again.

7          27.     At all times mentioned in this complaint, Government Code section 12940(l)

8    was in full force and effect and was binding on defendants. This subsection requires

9    defendants to take all reasonable steps necessary to prevent discrimination and

10   harassment from occurring. As alleged above, defendants violated this subsection by

11   failing to take all reasonable steps necessary to prevent discrimination and harassment

12   from occurring. Within the time provided by law, plaintiff filed a Complaint with the

13   California Department of Fair Employment and Housing and received a right-to-sue letter.

14         28.     As a direct, proximate and legal result of said conduct of defendants, and

15   each of them, as previously alleged, plaintiff MARTA WALLER sustained the following

16   injuries and damages:

17         a.      Loss of earnings and earning capacity in an amount not yet

18         ascertained.

19         b.      General damages for injuries to her body and mind, all to her

20         damage in amounts in excess of the minimum jurisdiction of the Superior

21         Court; and

22         c.      Special medical and incidental damages in an amount not yet

23         ascertained.

24         **WHEREFORE,** plaintiff prays for judgment against the defendants, and each of

25   them, as follows:

26         1.      General damages in an amount in excess of the minimum jurisdiction of this

27   court;

28

---

7

**PROPOSED COMPLAINT FOR WRONGFUL TERMINATION**

1      2.     For punitive and exemplary damages in excess of the minimum jurisdiction

2  of this court;

3      3.     Medical expenses according to proof;

4      4.     Loss of earnings and earning capacity according to proof;

5      5.     Interest on the judgment from the date of filing suit under Civil Code

6            section 3287(a);

7      6.     Costs of the suit incurred herein;

8      7.     For reasonable attorney fees under Labor Code section 218.5, Code of Civil

9            Procedure section 1021.5, and any other applicable statute or legal principle;

10           and

11      8.     For such other and further relief as to the court may seem just .

12  DATED: January 7, 2009 , at Los Angeles, California.

13                            LAW OFFICES OF MICHAEL J. PIUZE

14

15                       By:_____

                                MICHAEL J. PIUZE

16                                Attorney for Plaintiff

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED COMPLAINT FOR WRONGFUL TERMINATION**

 8000 SERIES
30% P.C.W.

| UNITED STATES BANKRUPTCY COURT   DELAWARE DISTRICT | PROOF OF CLAIM |
|---|---|

Name of Debtor:

**TRIBUNE COMPANY**

Case Number:
**08-13141-KJC**

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**MARTA WALLER**

Name and address where notices should be sent:
Geraldine Weiss, Esq.
Law Offices of Michael J. Piuze
11755 Wilshire Boulevard, St 1170
Los Angeles, CA 90025
Telephone number:
(310) 312 1102

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed:  $5,000,000.00 Five million dollars

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim: __Wrongful termination / age and gender discrimination. See Exhibit 1__
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: ___0355___

    3a. Debtor may have scheduled account as: _____
    (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property: $_____  Annual Interest Rate_____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____   Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

Date: 1-9-09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Geraldine Weiss, Esq.   Attorney for creditor waller

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

LAW OFFICES OF
**MICHAEL J. PIUZE**
A PROFESSIONAL CORPORATION
11755 WILSHIRE BLVD., SUITE 1170
LOS ANGELES, CALIFORNIA 90025
TEL. (310) 312-1102
FAX (310) 473-0708

MICHAEL J. PIUZE
GERALDINE WEISS

June 9, 2009

Tribune Company Claims Processing Center
c/o Epiq Bankrupcy Solutions, LLC
757 Third Avenue, Third floor
New York, NY 10017

     Re: <u>Waller v. Tribune Company, et al.</u>

To whom it may concern:

     We represent Marta Waller in her claim against the Tribune Company, KTLA, Inc. Sam Zell, John Moczulski and Steve Charlier for damages arising from her wrongful termination on August 13, 2008. After our independent investigation, we have concluded that Ms. Waller's termination was in breach of an implied employment contract, in bad faith, and motivated, at least in part, by her age and gender  in violation of state and federal anti-discrimination laws.

     A complaint was prepared for filing with the California Department of Fair Employment and the Superior Court in Los Angeles, however the Tribune's December 8, 2008 Chapter 11 filing  precludes us from  litigating against the Tribune or any of its subsidiaries.

     A Proof of Claim naming the Tribune Company was filed on January 13, 2009 with the clerk of the U.S. Bankruptcy Court, District of Delaware.  It is included as Exhibit 2. I confirmed with Epiq that Ms. Waller is already listed as a claimant.

     Upon reading the instructions sent with the Proof of Claim packet, I see that another Proof of Claim must be filed which names KTLA, Inc.  And as the Proof of Claim Form I have been sent by you differs from the one already filed, I have completed it and am sending it back out of an abundance of caution.  I enclose an extra face page so that you can stamp / and or conform it and return it in the enclosed SAE.  A proposed copy of the Complaint for Wrongful Termination is enclosed as Exhibit 1. As you can see, the clerk conformed and returned the face page of the Proposed Complaint instead of the Proof of Claim.

     Thank you for your cooperation.

                           Very truly yours,
                           LAW OFFICES OF MICHAEL J. PIUZE
                           By:_____

GW:dw
                           Geraldine Weiss, Esq.
Encl.

