**Exhibit B**

**<u>Bourgon Declaration</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## DECLARATION OF MICHAEL BOURGON IN SUPPORT OF OBJECTION OF KTLA INC. TO CLAIM NO. 4412 OF MARTA WALLER PURSUANT TO SECTIONS 502(b) AND 558 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3001, 3003, AND 3007

I, Michael Bourgon, declare as follows:

1.        I am Vice President, Human Resources of Tribune Company ("Tribune"), one of

the debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor"

and, collectively, the "Debtors"), and the ultimate parent of the other Debtors.  In this position, I

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

am responsible for the implementation, management, and oversight of the Debtors' employment-related policies and programs.

2.      I have read KTLA Inc.'s Objection to Claim No. 4412 of Marta Waller Pursuant to Sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007-1 (the "Objection")[2] and am directly, or indirectly by and through the Debtors' personnel and advisors, familiar with the information contained therein.  I have also read the Waller Claim and am familiar with the Proposed Complaint appended thereto.  The Debtors believe, and I agree, that the Waller Claim is not properly asserted against KTLA Inc. ("KTLA") for the reasons set forth in the Objection.  I am authorized to submit this declaration (the "Declaration") in support of the Objection.

3.      All matters set forth in this Declaration are based on: (a) my personal knowledge, (b) my review of relevant documents, (c) my view, based on my experience and knowledge of the Debtors' operations, personnel, and independent contractor arrangements, (d) information supplied to me by others at the Debtors' request, or (e) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance on the advice of counsel or other advisors to the Debtors.  If called upon to testify, I could and would testify competently to the facts set forth herein.

4.      Based upon my review of the Proposed Complaint and my review of the books and records maintained by KTLA, I identified the PPI Contract as being the only contract to which the Proposed Complaint could possibly relate.  Specifically, KTLA did not enter into any contract with Ms. Waller directly for her services covering any of the period to which the Proposed Complaint relates, nor did KTLA enter into any other contract, agreement, or other

---

[2] All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Objection.

employment arrangement with Ms. Waller.  The PPI Contract appended to the Objection as

Exhibit C is a true and correct copy of the PPI Contract.  I am familiar with the terms of the PPI

Contract.

5.      Prior to the expiration of the PPI Contract's term in October 2008 –

approximately two months before the Petition Date – KTLA advised Ms. Waller that it did not

intend to renew the PPI Contract; in other words, the PPI Contract was allowed to expire in

accordance with its terms.

6.      Ms. Waller performed no services for KTLA after the expiration of the PPI

Contract in October 2008.

7.      KTLA had no ability to determine the salary, nor did it have knowledge as to the

salary, if any, that Ms. Waller received from PPI.

8.      To the best of KTLA's knowledge, all amounts that were owed to PPI under the

PPI Contract were paid to PPI prior to the Petition Date, and the PPI Contract was fully

performed by both PPI and KTLA prior to the Petition Date.

9.      I understand that, on several occasions since the Waller Claim was filed, counsel

for the Debtors has attempted to contact counsel for Ms. Waller in an effort to obtain additional

information regarding the Waller Claim, including, without limitation, (i) bases for many of the

allegations set forth in the Proposed Complaint, (ii) explanations of inconsistencies between the

allegations set forth in the Proposed Complaint and the PPI Contract, (iii) a copy of the

complaint Ms. Waller alleges that she filed with the California Department of Fair Employment

and Housing and the corresponding right-to-sue letter, and (iv) support for the $5,000,000

damages figure set forth in the Waller Claim.  Such inquiries have not met with a substantive

response.  Neither KTLA nor Tribune have ever been provided with any such materials or

information from counsel to Ms. Waller in response to such inquiries.  In addition, to the best of

my knowledge, and after a diligent inquiry, neither KTLA nor any of the Debtors were ever

provided with either a copy of the complaint that Ms. Waller alleges she filed with the California

Department of Fair Employment and Housing nor the right-to-sue letter that Ms. Waller alleges

she received from that agency.


[Signature page follows]

4

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of December 2012.

By: Michael Bourgon