# EXHIBIT A

## CLAIM NO. 6622 ("CHARTIS CLAIM")

B10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT FOR DISTRICT OF DELAWARE | PROOF OF CLAIM |
|---|---|

| Name of Debtor: CHICAGO NATIONAL LEAGUE BALL CLUB, LLC | Case Number: 09-13496 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Lexington Insurance Company, National Union Fire Insurance Company of Pittsburgh, Pa., and certain other entities related to Chartis Inc.**

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:
Chartis U.S.
Michelle A. Levitt, Authorized Representative
175 Water Street, 18th Floor
New York, New York 10038
Telephone number: (212) 458-6777

Court Claim Number:_____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**     $Unliquidated *Subject to Adjustment (See Attachment).

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Other- See Attachment.
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** See Attachment.

3a. Debtor may have scheduled account as:_____
(See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** [ ] Real Estate  [ ] Motor Vehicle  [X] Other
**Describe:** Right of Setoff- See Attachment.

**Value of Property:** $ _____ **Annual Interest Rate** ___%

**Amount of arrearage and other charges as of time case filed included in secured claim,
if any:** $_____ **Basis for perfection:**_____

**Amount of Secured Claim:** $ Unliquidated* **Amount Unsecured:** $ Unliquidated*

* Subject to Adjustment (See Attachment).

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier -- 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use -- 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units -- 11 U.S.C. § 507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(_).

**Amount entitled to priority:**

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

Filed: USBC - District of Delaware
Tribune Company, Et Al.
08-13141 (KJC)           0000006622

Date: 07/23/10

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*signature*
Michelle A. Levitt, Authorized Representative

FILED / RECEIVED
JUL 26 2010
EPIQ BANKRUPTCY SOLUTIONS, LLC

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **Chicago National League Ball Club, LLC,** | **Case No.: 09-13496** |
| **Debtor.** | **Jointly Administered with Case #: 08-13141** |

**ATTACHMENT TO PROOF OF CLAIM OF LEXINGTON INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., AND <u>CERTAIN OTHER ENTITIES RELATED TO CHARTIS INC.</u>**

1. This proof of claim is filed on behalf of LEXINGTON INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and certain other entities related to Chartis Inc. (collectively, "Claimant") that provide or provided insurance, insurance services and/or surety bonds to Chicago National League Ball Club, LLC, (the "Debtor").

2. As of October 12, 2009 (the "Petition Date"), the Debtor is indebted to Claimant for premiums, deductibles, and other related fees, expenses and obligations for, among other things, insurance coverages and services provided and to be provided by Claimant to the Debtor as more fully described below.

3. **<u>The Insurance Program</u>**. Claimant provided the Debtor with certain insurance coverages, including, without limitation, accident and health, general liability-excess and other services (the "Insurance Program") for varying periods commencing January 1, 2004 and ending 12:01 a.m., October 26, 2010. Attached hereto is a list of the policies issued by Claimant to the Debtor and certain related documentation. Claim is made for all obligations of the Debtor arising under the Insurance Program whether or not the relevant insurance policies and related agreements are specifically listed or described in the attached list or documents. Moreover, the documents which evidence the Insurance Program are voluminous and it is not practical to attach and/or list all of them. Nothing in this description of the Insurance Program or any of the attached documents is intended to vary, amend or alter in any way the terms, conditions, coverages, limitations, exclusions or dates of coverage of any policy or coverage.

4. **<u>Fidelity and Surety Bonds</u>**. Claimant may have provided the Debtor with various surety, fidelity and other bonds for the account of the Debtor. Claim is asserted for all such bonds issued or outstanding and for all premiums, fees and expenses due thereunder, whether or not specifically listed or described in the attached documents. Nothing in this description of the bond programs is intended to vary, amend or alter in any way the terms, conditions, coverages, limitations, exclusions or dates of coverage of any bond. Should Claimant be called upon to pay on any such bond, Claimant may amend this proof of claim to assert a claim on account of such payment.

5. **Components of this Claim**.

(a) **Unliquidated Claim for the Insurance Program**. Pursuant to the Insurance Program, the Debtor entered into certain agreements and are obligated to pay to Claimant, among other things, certain premiums, deductibles, self-insured retention, reimbursement obligations, fees, expenses and related costs. Such amounts constitute the Claimant's unliquidated claim. When the amount of premiums, deductibles, fees, expenses and other costs due under the Insurance Program, including, without limitation, damages that may arise from the rejection of the Insurance Program or any part thereof, are liquidated or determined, such amounts shall become a liquidated claim. Claimant reserves the right to amend this proof of claim as such amounts become liquidated.

(b) **Other Insurance or Services**. To the extent Claimant provides or provided any other or different insurance (including excess coverages or renewals of the Insurance Program), or other services to the Debtor, either included within or in addition to the Insurance Program, Claimant hereby asserts a claim for all obligations of the Debtor to Claimant arising thereunder, including, without limitation, premiums, deductibles, self-insured retention, reimbursement obligations, fees, expenses and other costs arising from such transactions, or from funds advanced or to be advanced on the Debtor' behalf. Additionally, Claimant reserves the right to amend this proof of claim to assert further amounts due or particulars in connection therewith.

(c) **Bond Obligations**. To the extent of any bonds outstanding, the Debtor agreed to pay to Claimant, among other things, any and all loss and expense, including, without limitation, attorneys' fees, incurred by Claimant by reason of having issued any such bonds, and losses incurred as a result of the issuance of any bonds. The amount presently due Claimant with respect to any bonds is unliquidated and untabulated.

(d) **Quantum Meruit**. To the extent any Debtor received a benefit from insurance or from bonds provided by Claimant, such Debtor is obligated to pay Claimant for the value of the benefits received.

(e) **Joint Liability**. Should it be established in these bankruptcy cases or otherwise that any of the Debtor have liability for the obligations of any of the other Debtor, then this claim asserts the same claim as Claimant asserted against each such Debtor against such other Debtor.

(f) **Indemnity Obligations**. In the event Debtors have entered into any agreement with Claimant pursuant to which Debtors have a duty to indemnify Claimant, claim is made herein for such right to indemnity.

(g) **Other**. In connection with the foregoing, the Debtor also may be liable to Claimant by virtue of relevant principles of contract and common law relating to, among other things, subrogation, suretyship, indemnification or contribution.

6. **Right of Recoupment**. Claimant asserts the right to use funds paid to it on account of, among other things, the Insurance Program to recoup obligations of the Debtor arising from, among other things, the Insurance Program.

7. **Security**. To the extent Claimant holds any cash or other collateral as security for its claim, regardless of whether such cash or collateral is property of the Debtor' estates, Claimant asserts a secured claim and/or a right of setoff and reserves its rights to collect against same by recoupment and/or setoff. Alternatively or in addition, to the extent Claimant holds an interest in any property of the Debtor, Claimant asserts a security interest in same.

8. **Interest.** Claimant claims all rights to claim interest to the extent permitted by law, including post-petition interest to the extent such interest is secured. To the extent this claim is unliquidated, appropriate interest (if any) remains unliquidated at this time. In preparing any attached tabulation of a liquidated claim, we will endeavor to include a tabulation of applicable interest to the extent dates of accrual of obligations can be readily ascertained. Claimant reserves the right to amend such calculations and to claim additional interest as facts are learned, data compiled, and/or unliquidated claims become liquidated.

9. As indicated above, supporting documents for this claim are voluminous and certain such documents, including policies of insurance, are not attached.

10. Claimant also asserts an administrative expense claim for all services provided, risks insured or occurrences occurring after the Petition Date, all or a portion of which may be set forth in this proof of claim. To the extent any amounts set forth herein are entitled to administrative expense status, Claimants reserve the right to assert such status.

11. The filing of this Proof of Claim is not intended to waive any right to arbitration. Claimant(s) expressly reserve the right to seek arbitration of any dispute arising in connection with this claim. To the extent of any pre-existing arbitration agreement, this court's jurisdiction to resolve disputes should be limited to referring such disputes to arbitration and enforcing any arbitration award.

12. In executing and filing this proof of claim, Claimant: (i) does not submit itself to the jurisdiction of this Court for any purpose other than with respect to said claim; (ii) does not waive any right or rights that it has or may have against any other persons liable for all or part of the claim set forth herein; (iii) expressly reserves the right to the extent permitted by law to amend or supplement this proof of claim in any respect; (iv) expressly reserves the right to assert all claims, causes of action, defenses, offsets or counterclaims; and (v) expressly reserves the right to contest insurance coverage in the event of each or any claim that may be tendered by Debtors for Coverage.

Dated: July 23, 2010

**PENALTY FOR PRESENTING FRAUDULENT CLAIMS: Fine of not more than $500,000.00 or imprisonment for not more than five years, or both. Title 18, U.S.C. §§152 and 3571.**

**Chicago National League Ball Club, LLC**

**Petition Date: 10/12/09**

**Policy List Created: 6/25/10**

| Policy # | Profit Center | Branch | MLOB | Insured Name | Writing Company | Effective | Expiration |
|---|---|---|---|---|---|---|---|
| 00009835540 | 30 - EXCESS NATIONAL AC | 01 - NEW YORK | GLEX | CHICAGO NATIONAL LEAGUE BALL CLUB, LLC | NATIONAL UNION FIRE INS.CO. | 2008-02-01 | 2009-02-01 |
| 00002227205 | 30 - EXCESS NATIONAL AC | 01 - NEW YORK | GLEX | CHICAGO NATIONAL LEAGUE BALL CLUB, LLC | NATIONAL UNION FIRE INS.CO. | 2009-02-01 | 2010-02-01 |
| 00009834644 | 30 - EXCESS NATIONAL AC | 01 - NEW YORK | GLEX | CHICAGO NATIONAL LEAGUE BALL CLUB, LLC. | NATIONAL UNION FIRE INS.CO. | 2007-02-01 | 2008-02-01 |
| 00004485176 | 30 - EXCESS NATIONAL AC | 01 - NEW YORK | GLEX | CHICAGO NATIONAL LEAGUE BALL CLUBS INC. | NATIONAL UNION FIRE INS.CO. | 2006-02-01 | 2007-02-01 |
| 00004484593 | 30 - EXCESS NATIONAL AC | 01 - NEW YORK | GLEX | CHICAGO NATIONAL LEAGUE BALL CLUBS INC. | NATIONAL UNION FIRE INS.CO. | 2005-02-01 | 2006-02-01 |
| 00002860543 | 30 - EXCESS NATIONAL AC | 01 - NEW YORK | GLEX | CHICAGO NATIONAL LEAGUE BALL CLUBS INC. | NATIONAL UNION FIRE INS.CO. | 2004-01-01 | 2005-02-01 |
| 00006796459 | 97 - HEALTHCARE | 39 - MIDWESTERN | GLEX | CHICAGO CUBS BASEBALL CLUB, LLC | LEXINGTON INSURANCE COMPA | 2009-10-26 | 2010-10-26 |
| 00009101863 | 10 - ACCIDENT AND HEALTH | 04 - BOSTON | AH | CHICAGO CLUBS - C/ | NATIONAL UNION FIRE INS.CO. | 2007-08-17 | 2007-11-15 |

Chartis U.S.
Law Department
175 Water Street, 18th Floor
New York, NY 10038



**Hannah E. Lee**
Litigation Paralegal

Tel: (212) 458-1202
Fax: (212) 458-2697

hannah.lee2@chartisinsurance.com

July 23, 2010

**VIA OVERNIGHT MAIL**
Tribune CNLBC Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, New York 10017

Re:   Chicago National League Ball Club, LLC
      Case #: 09-13496

Dear Sir/Madam,

Enclosed please find one original and two copies of a Proof of Claim for cases filed in connection with the above-mentioned lead case. Please file the original in the Court file, kindly have the copies stamped "Filed", and return the copies in the enclosed self-addressed stamped envelope.

If you have any questions, please do not hesitate to contact me at (212) 458-1202. Thank you for your cooperation in this matter.

Very truly yours,

Hannah E. Lee

*Enclosures*

## UPS CampusShip: View/Print Label

1. **Print the label(s):** Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

2. **Fold the printed label at the solid line below.** Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**

   **Customers without a Daily Pickup**
   Schedule a same day or future day Pickup to have a UPS driver pickup all your CampusShip packages.
   Hand the package to any UPS driver in your area.
   Take your package to any location of The UPS Store®, UPS Drop Box, UPS Customer Center, UPS Alliances (Office Depot® or Staples®) or Authorized Shipping Outlet near you. Items sent via UPS Return Services℠ (including via Ground) are also accepted at Drop Boxes.
   To find the location nearest you, please visit the Resources area of CampusShip and select UPS Locations.

   **Customers with a Daily Pickup**
   Your driver will pickup your shipment(s) as usual.

FOLD HERE