# EXHIBIT B

# CLAIM NO. 1005 ("KEMPER CLAIM")

FORM B10 (Official Form 10) (4/01)

| United States Bankruptcy Court<br>District of Delaware | PROOF OF CLAIM | |
|---|---|---|
| **Name of Debtor**<br>TRIBUNE COMPANY, INC. et al.   **1** | **Case Number**   08-13141 | |
| NOTE: This form should not be used to make a claim for an administrative expense arising after the Commencement of the case. A "request" of payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. | | |
| **Name of Creditor** *(The person or entity to whom the debtor owes money or property):*<br>*KEMPER INSURANCE COMPANIES*   **2** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
| **Name and addresses where notices should be sent:**<br>SHERRI L. PATTERSON<br>MANAGED ACCOUNTS, 13NW0348<br>KEMPER INSURANCE COMPANIES<br>ONE KEMPER DRIVE<br>LONG GROVE, ILLINOIS 60049 | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
| **Telephone No.**   847-320-2469 | | |
| Account or other number by which creditor identifies debtor: | Check here if this claim ☐ replaces a previously filed claim; dated:<br>☐ amends | |
| **1. Basis For Claim**<br>☐ Goods sold<br>☐ Services performed<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>☒ Other (Describe briefly)   **3** | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensations (fill out below)<br>  Social security number:<br>  Unpaid compensations for services performed<br>  From :_____To: _____ | |
| **2. Date Debt Was Incurred:**   **4** | **3. If Court Judgment, Date Obtained:** | |
| **4. Total Amount of Claim at Time Case Filed:** $  UNLIQUIDATED   **5**<br>If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.<br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges. | | |
| **5. Secured Claim.**<br>☒ Check this box if your claim is secured by collateral (including a right of setoff).<br><br>Brief Description of Collateral:<br>☐ Real Estate<br>☐ Motor Vehicle<br>☒ Other (Describe briefly)   **6**<br><br>Value of Collateral: $  UNLIQUIDATED<br><br>Amount of arrearage and other charges <u>at time case filed</u> Included in secured claim, if any:<br>$_____ | **6. Unsecured Priority Claim.**<br>☒ Check this box if you have an unsecured priority claim.<br>  Amount entitled to priority $  UNLIQUIDATED<br>  Specify the priority of the claim:   **7**<br>☐ Wages, salaries, or commission (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a) (3)<br>☐ Contributions to an employee benefit plan - U.S.C. § 507 (a) (4)<br>☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. - 11 U.S.C. § 507 (a) (6)<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties of governmental units - 11 U.S.C. § 507 (a) (8).<br>☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(___).<br>*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. | |
| **6. Credits:** The amount of all payments on this claim has been credited and deducted for the purposes of making this proof of claim.<br>**7. Supporting Documents:** Attach c[opies of supporting document]s, purchase orders,<br>invoices, itemized statements of r[unning accounts, contracts,court judgment]s, security agreements, and evidence of perfection of lien. DO [NOT SEND ORIGINAL DOCUMENTS]. If the documents are volu[minous, attach a summary]. nts are not available,<br>**8. Date-Stamped Copy:** To receive a[cknowledgement of the filing of your claim, enclose a] stamped, self-addressed envelope and copy of this proof of [claim.] | Filed: USBC - District of Delaware<br>Tribune Company, Et Al.<br>08-13141 (KJC)   0000001005 | THIS SPACE IS FOR COURT USE ONLY<br><br>FILED<br>2009 APR 14 AM 11:04<br>CLERK<br>BANKRUPTCY COURT<br>DISTRICT OF DELAWARE |
| Date:   April 10, 2009 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)   *Sherri Patterson*<br>Sherri L. Patterson, Senior Paralegal | |

In Re Tribune Company, Inc.
Case No. 08-13141
Chapter 11

## PROOF OF CLAIM

**1**

This claim is filed against Tribune Company, Inc. (the "Debtor"). To the extent any of the Debtor's additional insureds or co-debtors are liable for the amounts claimed hereunder, this claim should also be deemed asserted against those entities and, to the extent applicable, filed in their bankruptcy proceedings.

**2**

This claim is filed on behalf of American Manufacturers Mutual Insurance Company ("AMM"), American Motorists Insurance Company ("AMICO"), American Protection Insurance Company ("AMPICO"), and Lumbermens Mutual Casualty Company ("LMC"). Each of these companies is a member of the Kemper Insurance Companies. Thus, AMM, AMICO, AMPICO, and LMC shall be collectively referred to as the "Kemper Insurance Companies" or "Kemper."

**3**

This claim arises from policies of insurance issued by Kemper for the benefit of the Debtor (together with related schedules, endorsements, and agreements, the "Policies"). Pursuant to the Policies, Kemper extended automobile, catastrophe, general liability, surety, workers compensation, and related coverage to the Debtor. Also, pursuant to the Policies, the Debtor agreed to pay specified premium, deductible reimbursement, and other charges. Kemper asserts this claim for premium and/ or other sums now or hereafter owing under the Policies. The Policies are too voluminous to attach hereto, but will be provided upon reasonable request.

**4**

The debt underlying this claim incurred during the relevant terms of coverage and as liabilities materialized.

**5**

As of the present date, this claim could be subject to further revisions. Because these revisions could significantly affect the amounts owed under the Policies, Kemper has filed this claim as unliquidated. Kemper reserves the right to amend this proof of claim at any time hereafter, either to state a liquidated balance, or to update such liquidated balance to reflect the most current balance. Kemper further reserves the right, at any time hereafter, to seek a judicial estimation of its claim.

**6**

This claim is secured to the extent of any credits now or hereafter owing under the Policies in favor of the Debtor, with such credits serving as Kemper's collateral. Kemper reserves all rights of setoff and/or recoupment to the fullest extent possible.

**7**

To the extent this claim is attributable to the period following the filing of the bankruptcy petition, Kemper asserts this claim as entitled to administrative priority.

To the extent this claim is neither secured nor entitled to priority status, Kemper asserts this claim as general unsecured.

FORM B10 (Official Form 10) (4/01)

| United States Bankruptcy Court District of Delaware | PROOF OF CLAIM | |
|---|---|---|
| **Name of Debtor** TRIBUNE COMPANY, INC. et al.    1 | **Case Number** 08-13141 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the Commencement of the case. A "request" of payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or entity to whom the debtor owes money or property): KEMPER INSURANCE COMPANIES    2 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
|---|---|---|
| Name and addresses where notices should be sent: SHERRI L. PATTERSON MANAGED ACCOUNTS, 13NW0348 KEMPER INSURANCE COMPANIES ONE KEMPER DRIVE LONG GROVE, ILLINOIS 60049 | ☐ Check box if you have never received any notices from the bankruptcy court in this case. ☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
| Telephone No.   847-320-2469 | | |
| Account or other number by which creditor identifies debtor: | Check here if this claim ☐ replaces a previously filed claim; dated: ☐ amends | |

**1. Basis For Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☒ Other (Describe briefly)   3

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensations (fill out below)
  Social security number:
  Unpaid compensations for services performed
  From : _____ To: _____

**2. Date Debt Was Incurred:**   4

**3. If Court Judgment, Date Obtained:**

**4. Total Amount of Claim at Time Case Filed: $ UNLIQUIDATED   5**

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☒ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
- ☐ Real Estate
- ☐ Motor Vehicle
- ☒ Other (Describe briefly)   6

Value of Collateral: $ UNLIQUIDATED

Amount of arrearage and other charges at time case filed Included in secured claim, if any:
$_____

**6. Unsecured Priority Claim.**
☒ Check this box if you have an unsecured priority claim.
Amount entitled to priority $ UNLIQUIDATED
Specify the priority of the claim:   7

- ☐ Wages, salaries, or commission (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a) (3)
- ☐ Contributions to an employee benefit plan - U.S.C. § 507 (a) (4)
- ☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. - 11 U.S.C. § 507 (a) (6)
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties of governmental units - 11 U.S.C. § 507 (a) (8).
- ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purposes of making this proof of claim.

**7. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date: April 10, 2009 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)  *Sherri Patterson* Sherri L. Patterson, Senior Paralegal |
|---|---|

In Re Tribune Company, Inc.
Case No. 08-13141
Chapter 11

## **PROOF OF CLAIM**

**1**

This claim is filed against Tribune Company, Inc. (the "Debtor"). To the extent any of the Debtor's additional insureds or co-debtors are liable for the amounts claimed hereunder, this claim should also be deemed asserted against those entities and, to the extent applicable, filed in their bankruptcy proceedings.

**2**

This claim is filed on behalf of American Manufacturers Mutual Insurance Company ("AMM"), American Motorists Insurance Company ("AMICO"), American Protection Insurance Company ("AMPICO"), and Lumbermens Mutual Casualty Company ("LMC"). Each of these companies is a member of the Kemper Insurance Companies. Thus, AMM, AMICO, AMPICO, and LMC shall be collectively referred to as the "Kemper Insurance Companies" or "Kemper."

**3**

This claim arises from policies of insurance issued by Kemper for the benefit of the Debtor (together with related schedules, endorsements, and agreements, the "Policies"). Pursuant to the Policies, Kemper extended automobile, catastrophe, general liability, surety, workers compensation, and related coverage to the Debtor. Also, pursuant to the Policies, the Debtor agreed to pay specified premium, deductible reimbursement, and other charges. Kemper asserts this claim for premium and/ or other sums now or hereafter owing under the Policies. The Policies are too voluminous to attach hereto, but will be provided upon reasonable request.

**4**

The debt underlying this claim incurred during the relevant terms of coverage and as liabilities materialized.

**5**

As of the present date, this claim could be subject to further revisions. Because these revisions could significantly affect the amounts owed under the Policies, Kemper has filed this claim as unliquidated. Kemper reserves the right to amend this proof of claim at any time hereafter, either to state a liquidated balance, or to update such liquidated balance to reflect the most current balance. Kemper further reserves the right, at any time hereafter, to seek a judicial estimation of its claim.

**6**

This claim is secured to the extent of any credits now or hereafter owing under the Policies in favor of the Debtor, with such credits serving as Kemper's collateral. Kemper reserves all rights of setoff and/or recoupment to the fullest extent possible.

**7**

To the extent this claim is attributable to the period following the filing of the bankruptcy petition, Kemper asserts this claim as entitled to administrative priority.

To the extent this claim is neither secured nor entitled to priority status, Kemper asserts this claim as general unsecured.



**VIA FEDERAL EXPRESS**

April 13, 2009

Clerk's Office
District of Delaware
US Bankruptcy Court
824 Market Street, 3rd Floor
Wilmington, DE 19801

RE: TRIBUNE COMPANY ., INC.
BANKRUPTCY CASE NO. 08-13141

To Clerk of the Court:

I am enclosing one original and two copies of the proof of claim to be filed in connection with the above-referenced matter. I would appreciate it if you would file-stamp two copies of the claim, then return it to me in the enclosed, self-addressed postage-prepaid envelope at your earliest convenience.

Thank you for your assistance with this request.

Sincerely,

*Sherri Patterson*

Sherri L. Patterson
Senior Paralegal

Enclosures

MANAGED ACCOUNTS, 13NW0343
847-320-2469 Voice
847-320-5615 Fax
1 Kemper Drive, Long Grove, IL 60049-0001
sherri.patterson@kemperinsurance.com