# EXHIBIT D

**Rodden Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## DECLARATION OF JOHN RODDEN IN SUPPORT OF DEBTORS' SIXTY-SECOND OMNIBUS (SUBSTANTIVE) OBJECTION TO INSURANCE CLAIMS

I, John Rodden, declare as follows:

1. I am a Vice President of Tribune Company, one of the debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and, collectively, the "Debtors"), and the ultimate parent of the other Debtors. In this position I am responsible—together with other members of the Debtors' management—for the management and oversight of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347);Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-9081065v1

the Debtors' restructuring efforts and business operations. I am generally familiar with the Debtors' day-to-day operations, financing arrangements, business affairs and books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amount thereof owed to their creditors.

2. I have read the Sixty-Second Omnibus (Substantive) Objection to Insurance Claims Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007 (the "Objection")[2] and am directly, or by and through the Debtors' personnel and advisors, familiar with the information contained therein and in Exhibit A, Exhibit B, and Exhibit C, attached thereto. I am authorized to submit this declaration (the "Declaration") in support of the Objection.

3. All matters set forth in this Declaration are based on: (a) my personal knowledge, (b) my review of relevant documents, (c) my view, based on my experience and knowledge of the Debtors' operations and personnel, (d) information supplied to me by others at the Debtors' request, or (e) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance on the advice of counsel or other advisors to the Debtors. If called upon to testify, I could and would testify competently to the facts set forth herein.

4. Considerable time and resources have been expended to review and reconcile the proofs of claim (the "Proofs of Claim") filed against the Debtors in these chapter 11 cases against their Books and Records. Upon review of the Proofs of Claim filed in these chapter 11 cases and supporting documentation attached thereto, and their own Books and Records, which the Debtors believe to be accurate, the Debtors have determined that the Insurance Claims attached as Exhibit A, Exhibit B, and Exhibit C to the Objection and to the proposed form of

---

[2] All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Objection.

order submitted therewith are not properly asserted pursuant to section 502(b) of the Bankruptcy Code. Specifically, the Insurance Claims should be disallowed because (i) no amounts are due and owing under these claims at present, nor has any Insurance Claimant asserted otherwise, and (ii) the Fourth Amended DCL Plan provides that the Debtors' prepetition insurance policies and agreements shall continue in effect after the effective date of the Fourth Amended DCL Plan pursuant to their terms and conditions (as set forth in more detail in section 6.9 of the Fourth Amended DCL Plan), and hence each Insurance Claimant has whatever reasonable protections it may need following the effective date of the Fourth Amended DCL Plan with respect to insurance policies that such Insurance Claimant has issued to the relevant Debtor or Debtors. In addition, one of the Insurance Claims is related to a policy for which none of the Debtors has legal responsibility, and hence none of the Debtors could be liable for any payments under such policy. Accordingly, the Debtors have objected to each of the Insurance Claims to disallow and expunge such claims, for the reasons set forth below and in the Objection:

**A. Chartis Claim**

5.   To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, the Chartis Claim is an unliquidated and protective claim for which the Debtors have determined, after reconciling the claim and supporting materials against their Books and Records, that Tribune CNLBC, LLC has no liability, and the documentation provided in support of the claim does not alter this conclusion by the Debtors. Chartis has not amended the Chartis Claim in the two years since it was filed, nor has Chartis taken any other steps of which the Debtors are aware to liquidate the Chartis Claim. Moreover, according to the Books and Records, the Debtors have paid all outstanding premium payments, and are not aware of any amounts owing related to the Chartis Policies. Similarly, the Debtors

are not aware of any fidelity or surety bonds issued to Tribune CNLBC, LLC by Chartis, and therefore are not aware of any amounts owing in respect of same.

6. In addition, to the extent that Chartis holds any claim in connection with the Healthcare Policy, such a claim is not properly asserted against Tribune CNLBC, LLC or any other Debtor. Specifically, the Healthcare Policy, as described in the Chartis Claim, was issued to a non-Debtor, Chicago Cubs Baseball Club, LLC, which is a subsidiary of Chicago Baseball Holdings, LLC, also a non-Debtor. Thus, the Chartis Claim, as it relates to the Healthcare Policy, is improperly asserted against Tribune CNLBC, LLC, which has no liability for policies issued to the non-Debtors described herein.

**B. Kemper Claim**

7. To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, the Kemper Claim is an unliquidated and protective claim for which the Debtors have determined, after reconciling the claim and supporting materials against their Books and Records, Tribune Company has no liability, and the documentation provided in support of the claim does not alter this conclusion by the Debtors. Additionally, Kemper has not amended the Kemper Claim in the three years since it was filed, nor has Kemper taken any other steps of which the Debtors are aware to liquidate the Kemper Claim. No specific policies are referenced by the Kemper Claim, nor is there any additional documentation attached to the claim, and, in any event, the Debtors are not aware of any amounts owing with respect to policies written by Kemper for Tribune Company. Furthermore, according to the Books and Records, the Debtors have made all applicable premium payments respecting any policies issued by Kemper.

**C. Home Insurance Claim**

8. To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, the Home Insurance Claim is an unliquidated and protective claim for which the Debtors have determined, after reconciling the claim and supporting materials against the Books and Records, neither Tribune Company, nor any of the other relevant Debtors,[3] has any liability, and the documentation provided in support of the claim does not alter this conclusion by the Debtors. Additionally, Home Insurance has not amended the Home Insurance Claim in the three years since it was filed, nor has Home Insurance taken any other steps of which the Debtors are aware to liquidate the Home Insurance Claim. In any event, the Debtors are not aware of any amounts owing with respect to policies written by Home Insurance and, according to the Books and Records, have made all applicable premium payments respecting any policies issued by Home Insurance.

**[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]**

---

[3] As described in the Objection, the Home Insurance Claim lists eight other entities as "Insureds," some of which are Debtors, while others appear to be shortened names of Debtors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this **6** day of December 2012.

By: John Rodden