**PROPOSED ORDER**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Related to Docket No. ____** |

## ORDER SUSTAINING DEBTORS' SIXTY-SECOND OMNIBUS (SUBSTANTIVE) OBJECTION TO INSURANCE-RELATED CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3001, 3003, AND 3007

Upon consideration of the Debtors' Sixty-Second Omnibus (Substantive) Objection to Insurance Claims (the "Objection"), by which the Debtors[2] request entry of an order pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007, disallowing and expunging the Insurance Claims as of the later of (i) the date of the order

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

sustaining the Objection and (ii) the effective date of the Fourth Amended DCL Plan; and upon

consideration of the Objection and the Insurance Claims; and it appearing that the Court has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and due and adequate notice

of this Objection having been given under the circumstances; and sufficient cause appearing

therefor; it is hereby

      ORDERED that the Objection is sustained; and it is further

      ORDERED that the Insurance Claims are hereby disallowed and expunged in

their entirety as of the date hereof; provided, however, that in the event the effective date of the

Fourth Amended DCL Plan has not occurred prior to the date of this Order, the Insurance Claims

shall not be disallowed and expunged until the effective date of the Fourth Amended DCL Plan;

and it is further

      ORDERED that the Claims Agent is authorized to modify the Claims Register to

comport with the entry of this Order; and it is further

      ORDERED that this Court shall retain jurisdiction over all affected parties with

respect to any matters, claims or rights arising from or related to the implementation and

interpretation of this Order.

Dated:  Wilmington, Delaware
      January _____, 2013

                                        _____

                                        The Honorable Kevin J. Carey
                                        United States Bankruptcy Judge

46429/0001-9081065v1

## EXHIBIT A

**CLAIM NO. 6622 ("CHARTIS CLAIM")**

B10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT FOR DISTRICT OF DELAWARE | PROOF OF CLAIM |
|---|---|

| Name of Debtor:  CHICAGO NATIONAL LEAGUE BALL CLUB, LLC | Case Number:  09-13496 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| **Name of Creditor** (the person or other entity to whom the debtor owes money or property):<br>**Lexington Insurance Company, National Union Fire Insurance Company of Pittsburgh, Pa., and certain other entities related to Chartis Inc.** | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| **Name and address where notices should be sent:**<br>Chartis U.S.<br>Michelle A. Levitt, Authorized Representative<br>175 Water Street, 18th Floor<br>New York, New York 10038<br>Telephone number: (212) 458-6777 | Court Claim Number:_____<br>*(If known)*<br><br>Filed on: _____ |
| **Name and address where payment should be sent** (if different from above):<br><br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**     $Unliquidated *Subject to Adjustment (See Attachment).<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.<br><br>Specify the priority of the claim. |
| **2. Basis for Claim:**  Other- See Attachment.<br>(See instruction #2 on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). |
| **3. Last four digits of any number by which creditor identifies debtor:** See Attachment.<br> **3a. Debtor may have scheduled account as:**_____<br>(See instruction #3a on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier -- 11 U.S.C. § 507 (a)(4). |
| **4. Secured Claim (See instruction #4 on reverse side.)**<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>**Nature of property or right of setoff:**  [ ] Real Estate  [ ] Motor Vehicle  [X] Other<br>**Describe:** Right of Setoff- See Attachment.<br><br>**Value of Property: $**_____  **Annual Interest Rate**___%<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br>if any: $_____  Basis for perfection:_____<br><br>**Amount of Secured Claim: $** Unliquidated*  **Amount Unsecured: $** Unliquidated*<br><br>* Subject to Adjustment (See Attachment). | ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507 (a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use -- 11 U.S.C. § 507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units -- 11 U.S.C. § 507 (a)(8).<br><br>☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(_). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.<br><br>**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*<br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br>If the documents are not available, please explain: | **Amount entitled to priority:**<br><br>$ _____<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

Filed: USBC - District of Delaware
Tribune Company, Et Al.
08-13141 (KJC)          0000006622

| | |
|---|---|
| **Date:** 07/23/10 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*M. Levitt*<br>Michelle A. Levitt, Authorized Representative |

FILED / RECEIVED
FOR COURT USE ONLY
JUL 26 2010
EPIQ BANKRUPTCY SOLUTIONS, LLC

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- :
In re:                                                 :        **Chapter 11**
                                                       :
                                                       :
**Chicago National League Ball Club, LLC,** :          **Case No.: 09-13496**
                                                       :
                              **Debtor.**    :         **Jointly Administered with Case #: 08-13141**
------------------------------------------------------- :

## ATTACHMENT TO PROOF OF CLAIM OF LEXINGTON INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., AND CERTAIN OTHER ENTITIES RELATED TO CHARTIS INC.

1.      This proof of claim is filed on behalf of LEXINGTON INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and certain other entities related to Chartis Inc. (collectively, "Claimant") that provide or provided insurance, insurance services and/or surety bonds to Chicago National League Ball Club, LLC, (the "Debtor").

2.      As of October 12, 2009 (the "Petition Date"), the Debtor is indebted to Claimant for premiums, deductibles, and other related fees, expenses and obligations for, among other things, insurance coverages and services provided and to be provided by Claimant to the Debtor as more fully described below.

3.      **The Insurance Program**. Claimant provided the Debtor with certain insurance coverages, including, without limitation, accident and health, general liability-excess and other services (the "Insurance Program") for varying periods commencing January 1, 2004 and ending 12:01 a.m., October 26, 2010. Attached hereto is a list of the policies issued by Claimant to the Debtor and certain related documentation. Claim is made for all obligations of the Debtor arising under the Insurance Program whether or not the relevant insurance policies and related agreements are specifically listed or described in the attached list or documents. Moreover, the documents which evidence the Insurance Program are voluminous and it is not practical to attach and/or list all of them. Nothing in this description of the Insurance Program or any of the attached documents is intended to vary, amend or alter in any way the terms, conditions, coverages, limitations, exclusions or dates of coverage of any policy or coverage.

4.      **Fidelity and Surety Bonds**. Claimant may have provided the Debtor with various surety, fidelity and other bonds for the account of the Debtor. Claim is asserted for all such bonds issued or outstanding and for all premiums, fees and expenses due thereunder, whether or not specifically listed or described in the attached documents. Nothing in this description of the bond programs is intended to vary, amend or alter in any way the terms, conditions, coverages, limitations, exclusions or dates of coverage of any bond. Should Claimant be called upon to pay on any such bond, Claimant may amend this proof of claim to assert a claim on account of such payment.

5.    **Components of this Claim**.

(a)    **Unliquidated Claim for the Insurance Program**.  Pursuant to the Insurance Program, the Debtor entered into certain agreements and are obligated to pay to Claimant, among other things, certain premiums, deductibles, self-insured retention, reimbursement obligations, fees, expenses and related costs.  Such amounts constitute the Claimant's unliquidated claim.  When the amount of premiums, deductibles, fees, expenses and other costs due under the Insurance Program, including, without limitation, damages that may arise from the rejection of the Insurance Program or any part thereof, are liquidated or determined, such amounts shall become a liquidated claim.  Claimant reserves the right to amend this proof of claim as such amounts become liquidated.

(b)    **Other Insurance or Services**.  To the extent Claimant provides or provided any other or different insurance (including excess coverages or renewals of the Insurance Program), or other services to the Debtor, either included within or in addition to the Insurance Program, Claimant hereby asserts a claim for all obligations of the Debtor to Claimant arising thereunder, including, without limitation, premiums, deductibles, self-insured retention, reimbursement obligations, fees, expenses and other costs arising from such transactions, or from funds advanced or to be advanced on the Debtor' behalf.  Additionally, Claimant reserves the right to amend this proof of claim to assert further amounts due or particulars in connection therewith.

(c)    **Bond Obligations**.  To the extent of any bonds outstanding, the Debtor agreed to pay to Claimant, among other things, any and all loss and expense, including, without limitation, attorneys' fees, incurred by Claimant by reason of having issued any such bonds, and losses incurred as a result of the issuance of any bonds.  The amount presently due Claimant with respect to any bonds is unliquidated and untabulated.

(d)    **Quantum Meruit**.  To the extent any Debtor received a benefit from insurance or from bonds provided by Claimant, such Debtor is obligated to pay Claimant for the value of the benefits received.

(e)    **Joint Liability.**  Should it be established in these bankruptcy cases or otherwise that any of the Debtor have liability for the obligations of any of the other Debtor, then this claim asserts the same claim as Claimant asserted against each such Debtor against such other Debtor.

(f)    **Indemnity Obligations**.  In the event Debtors have entered into any agreement with Claimant pursuant to which Debtors have a duty to indemnify Claimant, claim is made herein for such right to indemnity.

(g)    **Other**.  In connection with the foregoing, the Debtor also may be liable to Claimant by virtue of relevant principles of contract and common law relating to, among other things, subrogation, suretyship, indemnification or contribution.

6.   **Right of Recoupment**. Claimant asserts the right to use funds paid to it on account of, among other things, the Insurance Program to recoup obligations of the Debtor arising from, among other things, the Insurance Program.

7.   **Security**. To the extent Claimant holds any cash or other collateral as security for its claim, regardless of whether such cash or collateral is property of the Debtor' estates, Claimant asserts a secured claim and/or a right of setoff and reserves its rights to collect against same by recoupment and/or setoff. Alternatively or in addition, to the extent Claimant holds an interest in any property of the Debtor, Claimant asserts a security interest in same.

8.   **Interest.** Claimant claims all rights to claim interest to the extent permitted by law, including post-petition interest to the extent such interest is secured. To the extent this claim is unliquidated, appropriate interest (if any) remains unliquidated at this time. In preparing any attached tabulation of a liquidated claim, we will endeavor to include a tabulation of applicable interest to the extent dates of accrual of obligations can be readily ascertained. Claimant reserves the right to amend such calculations and to claim additional interest as facts are learned, data compiled, and/or unliquidated claims become liquidated.

9.   As indicated above, supporting documents for this claim are voluminous and certain such documents, including policies of insurance, are not attached.

10.   Claimant also asserts an administrative expense claim for all services provided, risks insured or occurrences occurring after the Petition Date, all or a portion of which may be set forth in this proof of claim. To the extent any amounts set forth herein are entitled to administrative expense status, Claimants reserve the right to assert such status.

11.   The filing of this Proof of Claim is not intended to waive any right to arbitration. Claimant(s) expressly reserve the right to seek arbitration of any dispute arising in connection with this claim. To the extent of any pre-existing arbitration agreement, this court's jurisdiction to resolve disputes should be limited to referring such disputes to arbitration and enforcing any arbitration award.

12.   In executing and filing this proof of claim, Claimant:  (i) does not submit itself to the jurisdiction of this Court for any purpose other than with respect to said claim; (ii) does not waive any right or rights that it has or may have against any other persons liable for all or part of the claim set forth herein; (iii) expressly reserves the right to the extent permitted by law to amend or supplement this proof of claim in any respect; (iv) expressly reserves the right to assert all claims, causes of action, defenses, offsets or counterclaims; and (v) expressly reserves the right to contest insurance coverage in the event of each or any claim that may be tendered by Debtors for Coverage.

Dated: July 23, 2010

**PENALTY FOR PRESENTING FRAUDULENT CLAIMS:  Fine of not more than $500,000.00 or imprisonment for not more than five years, or both.  Title 18, U.S.C. §§152 and 3571.**

**Chicago National League Ball Club, LLC**

Petition Date: 10/12/09

Policy List Created: 6/25/10

| Policy # | Profit Center | Branch | MLOB | Insured Name | Writing Company | Effective | Expiration |
|---|---|---|---|---|---|---|---|
| 0009835540 | 30 - EXCESS NATIONAL AC | 01 - NEW YORK | GLEX | CHICAGO NATIONAL LEAGUE BALL CLUB, LLC | NATIONAL UNION FIRE INS CO | 2008-02-01 | 2009-02-01 |
| 0002227205 | 30 - EXCESS NATIONAL AC | 01 - NEW YORK | GLEX | CHICAGO NATIONAL LEAGUE BALL CLUB, LLC | NATIONAL UNION FIRE INS CO | 2009-02-01 | 2010-02-01 |
| 0009834644 | 30 - EXCESS NATIONAL AC | 01 - NEW YORK | GLEX | CHICAGO NATIONAL LEAGUE BALL CLUB, LLC. | NATIONAL UNION FIRE INS CO | 2007-02-01 | 2008-02-01 |
| 0004485176 | 30 - EXCESS NATIONAL AC | 01 - NEW YORK | GLEX | CHICAGO NATIONAL LEAGUE BALL CLUBS INC. | NATIONAL UNION FIRE INS CO | 2006-02-01 | 2007-02-01 |
| 0004484593 | 30 - EXCESS NATIONAL AC | 01 - NEW YORK | GLEX | CHICAGO NATIONAL LEAGUE BALL CLUBS INC. | NATIONAL UNION FIRE INS CO | 2005-02-01 | 2006-02-01 |
| 0002860543 | 30 - EXCESS NATIONAL AC | 01 - NEW YORK | GLEX | CHICAGO NATIONAL LEAGUE BALL CLUBS INC. | NATIONAL UNION FIRE INS CO | 2004-01-01 | 2005-02-01 |
| 0006796459 | 97 - HEALTHCARE | 39 - MIDWESTERN | GLEX | CHICAGO CUBS BASEBALL CLUB, LLC | LEXINGTON INSURANCE COMP | 2009-10-26 | 2010-10-26 |
| 0009101863 | 10 - ACCIDENT AND HEALTH | 04 - BOSTON | AH | CHICAGO CUBS - C/ | NATIONAL UNION FIRE INS CO | 2007-08-17 | 2007-11-15 |

Chartis U.S.
Law Department
175 Water Street, 18th Floor
New York, NY 10038



**Hannah E. Lee**
Litigation Paralegal

Tel: (212) 458-1202
Fax: (212) 458-2697

hannah.lee2@chartisinsurance.com

July 23, 2010

**VIA OVERNIGHT MAIL**
Tribune CNLBC Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, New York 10017

> Re:  Chicago National League Ball Club, LLC
> Case #: 09-13496

Dear Sir/Madam,

Enclosed please find one original and two copies of a Proof of Claim for cases filed in connection with the above-mentioned lead case.  Please file the original in the Court file, kindly have the copies stamped "Filed", and return the copies in the enclosed self-addressed stamped envelope.

If you have any questions, please do not hesitate to contact me at (212) 458-1202. Thank you for your cooperation in this matter.

Very truly yours,

Hannah E. Lee

*Enclosures*



**UPS CampusShip: View/Print Label**

1. **Print the label(s):** Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

   **Fold the printed label at the solid line below.** Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **Customers without a Daily Pickup**
   Schedule a same day or future day Pickup to have a UPS driver pickup all your CampusShip packages.
   Hand the package to any UPS driver in your area.
   Take your package to any location of The UPS Store®, UPS Drop Box, UPS Customer Center, UPS Alliances (Office Depot® or Staples®) or Authorized Shipping Outlet near you. Items sent via UPS Return ServicesSM (including via Ground) are also accepted at Drop Boxes.
   To find the location nearest you, please visit the Resources area of CampusShip and select UPS Locations.

   **Customers with a Daily Pickup**
   Your driver will pickup your shipment(s) as usual.

## **EXHIBIT B**

## **CLAIM NO. 1005 ("KEMPER CLAIM")**

FORM B10 (Official Form 10) (4/01)

| United States Bankruptcy Court<br>District of Delaware | PROOF OF CLAIM |
|---|---|

| **Name of Debtor**<br>TRIBUNE COMPANY, INC. et al.    **1** | **Case Number**    08-13141 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the Commencement of the case. A "request" of payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor** *(The person or entity to whom the debtor owes money or property):*
*KEMPER INSURANCE COMPANIES*    **2**

**Name and addresses where notices should be sent:**
SHERRI L. PATTERSON
MANAGED ACCOUNTS, 13NW0348
KEMPER INSURANCE COMPANIES
ONE KEMPER DRIVE
LONG GROVE, ILLINOIS 60049
**Telephone No.** 847-320-2469

Account or other number by which creditor identifies debtor:

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

**THIS SPACE IS FOR COURT USE ONLY**

Check here if this claim ☐ replaces a previously filed claim; dated:
☐ amends

**1. Basis For Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☒ Other (Describe briefly)    **3**

**2. Date Debt Was Incurred:**    **4**

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensations (fill out below)
    Social security number:
    Unpaid compensations for services performed
    From :_____ To: _____

**3. If Court Judgment , Date Obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ __UNLIQUIDATED__    **5**

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☒ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate
☐ Motor Vehicle
☒ Other (Describe briefly)    **6**

Value of Collateral: $ __UNLIQUIDATED__

Amount of arrearage and other charges at time case filed Included in secured claim, if any:
$ _____

**6. Unsecured Priority Claim.**
☒ Check this box if you have an unsecured priority claim.
    Amount entitled to priority $ __UNLIQUIDATED__
    Specify the priority of the claim:    **7**
☐ Wages, salaries, or commission (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a) (3)
☐ Contributions to an employee benefit plan - U.S.C. § 507 (a) (4)
☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. - 11 U.S.C. § 507 (a) (6)
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties of governmental units - 11 U.S.C. § 507 (a) (8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(___).
*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purposes of making this proof of claim.
**7. Supporting Documents:** *Attach c... invoices, itemized statements of r... evidence of perfection of lien. DC... explain. If the documents are volu...
**8. Date-Stamped Copy:** To receive a... envelope and copy of this proof of...

Filed: USBC - District of Delaware
Tribune Company, Et Al.
08-13141 (KJC)            0000001005

...s, purchase orders,
.. security agreements, and
...nts are not available,

...stamped, self-addressed

**THIS SPACE IS FOR COURT USE ONLY**

| Date:    April 10, 2009 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)    *Sherri Patterson*<br>Sherri L. Patterson, Senior Paralegal |
|---|---|

E.

In Re Tribune Company, Inc.
Case No. 08-13141
Chapter 11

## PROOF OF CLAIM

**1**

This claim is filed against Tribune Company, Inc. (the "Debtor"). To the extent any of the Debtor's additional insureds or co-debtors are liable for the amounts claimed hereunder, this claim should also be deemed asserted against those entities and, to the extent applicable, filed in their bankruptcy proceedings.

**2**

This claim is filed on behalf of American Manufacturers Mutual Insurance Company ("AMM"), American Motorists Insurance Company ("AMICO"), American Protection Insurance Company ("AMPICO"), and Lumbermens Mutual Casualty Company ("LMC"). Each of these companies is a member of the Kemper Insurance Companies. Thus, AMM, AMICO, AMPICO, and LMC shall be collectively referred to as the "Kemper Insurance Companies" or "Kemper."

**3**

This claim arises from policies of insurance issued by Kemper for the benefit of the Debtor (together with related schedules, endorsements, and agreements, the "Policies"). Pursuant to the Policies, Kemper extended automobile, catastrophe, general liability, surety, workers compensation, and related coverage to the Debtor. Also, pursuant to the Policies, the Debtor agreed to pay specified premium, deductible reimbursement, and other charges. Kemper asserts this claim for premium and/ or other sums now or hereafter owing under the Policies. The Policies are too voluminous to attach hereto, but will be provided upon reasonable request.

**4**

The debt underlying this claim incurred during the relevant terms of coverage and as liabilities materialized.

**5**

As of the present date, this claim could be subject to further revisions. Because these revisions could significantly affect the amounts owed under the Policies, Kemper has filed this claim as unliquidated. Kemper reserves the right to amend this proof of claim at any time hereafter, either to state a liquidated balance, or to update such liquidated balance to reflect the most current balance. Kemper further reserves the right, at any time hereafter, to seek a judicial estimation of its claim.

**6**

This claim is secured to the extent of any credits now or hereafter owing under the Policies in favor of the Debtor, with such credits serving as Kemper's collateral. Kemper reserves all rights of setoff and/or recoupment to the fullest extent possible.

**7**

To the extent this claim is attributable to the period following the filing of the bankruptcy petition, Kemper asserts this claim as entitled to administrative priority.

To the extent this claim is neither secured nor entitled to priority status, Kemper asserts this claim as general unsecured.

FORM B10 (Official Form 10) (4/01)

| **United States Bankruptcy Court**<br>District of Delaware | **PROOF OF CLAIM** |
|---|---|

| Name of Debtor<br>TRIBUNE COMPANY, INC. et al.   **1** | Case Number   08-13141 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the Commencement of the case. A "request" of payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor *(The person or entity to whom the debtor owes money or property)*:<br>*KEMPER INSURANCE COMPANIES*   **2**<br><br>Name and addresses where notices should be sent:<br>SHERRI L. PATTERSON<br>MANAGED ACCOUNTS, 13NW0348<br>KEMPER INSURANCE COMPANIES<br>ONE KEMPER DRIVE<br>LONG GROVE, ILLINOIS 60049<br>Telephone No.   847-320-2469 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | **THIS SPACE IS FOR COURT USE ONLY** |
|---|---|---|
| Account or other number by which creditor identifies debtor: | Check here if this claim ☐ replaces a previously filed claim; dated: ____<br>☐ amends | |

| 1. Basis For Claim<br>☐ Goods sold<br>☐ Services performed<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>☒ Other (Describe briefly)   **3** | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensations (fill out below)<br>  Social security number: ____<br>  Unpaid compensations for services performed<br>  From :_____ To: _____ |
|---|---|
| 2. Date Debt Was Incurred:   **4** | 3. If Court Judgment , Date Obtained: |

4. Total Amount of Claim at Time Case Filed: $  UNLIQUIDATED   **5**

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. Secured Claim.<br>☒ Check this box if your claim is secured by collateral (including a right of setoff).<br><br>Brief Description of Collateral:<br>☐ Real Estate<br>☐ Motor Vehicle<br>☒ Other (Describe briefly)   **6**<br><br>Value of Collateral: $  UNLIQUIDATED<br><br>Amount  of arrearage and other charges at time case filed<br>Included in secured claim, if any:<br>$_____ | 6. Unsecured Priority Claim.<br>☒ Check this box if you have an unsecured priority claim.<br>  Amount entitled to priority $  UNLIQUIDATED<br>  Specify the priority of the claim:   **7**<br>☐ Wages, salaries, or commission (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a) (3)<br>☐ Contributions to an employee benefit plan - U.S.C. § 507 (a) (4)<br>☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. - 11 U.S.C. § 507 (a) (6)<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties of governmental units - 11 U.S.C. § 507 (a) (8).<br>☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(___).<br>*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |
|---|---|

| 6. **Credits:** The amount of all payments on this claim has been credited and deducted for the purposes of making this proof of claim.<br>7. **Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.<br>8. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

| Date:   April 10, 2009 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)   *Sherri Patterson*<br><br>Sherri L. Patterson, Senior Paralegal |
|---|---|

In Re Tribune Company, Inc.
Case No. 08-13141
Chapter 11

## PROOF OF CLAIM

1
      This claim is filed against Tribune Company, Inc. (the "Debtor"). To the extent any of the Debtor's additional insureds or co-debtors are liable for the amounts claimed hereunder, this claim should also be deemed asserted against those entities and, to the extent applicable, filed in their bankruptcy proceedings.

2
      This claim is filed on behalf of American Manufacturers Mutual Insurance Company ("AMM"), American Motorists Insurance Company ("AMICO"), American Protection Insurance Company ("AMPICO"), and Lumbermens Mutual Casualty Company ("LMC"). Each of these companies is a member of the Kemper Insurance Companies. Thus, AMM, AMICO, AMPICO, and LMC shall be collectively referred to as the "Kemper Insurance Companies" or "Kemper."

3
      This claim arises from policies of insurance issued by Kemper for the benefit of the Debtor (together with related schedules, endorsements, and agreements, the "Policies"). Pursuant to the Policies, Kemper extended automobile, catastrophe, general liability, surety, workers compensation, and related coverage to the Debtor. Also, pursuant to the Policies, the Debtor agreed to pay specified premium, deductible reimbursement, and other charges. Kemper asserts this claim for premium and/ or other sums now or hereafter owing under the Policies. The Policies are too voluminous to attach hereto, but will be provided upon reasonable request.

4
      The debt underlying this claim incurred during the relevant terms of coverage and as liabilities materialized.

5
      As of the present date, this claim could be subject to further revisions. Because these revisions could significantly affect the amounts owed under the Policies, Kemper has filed this claim as unliquidated. Kemper reserves the right to amend this proof of claim at any time hereafter, either to state a liquidated balance, or to update such liquidated balance to reflect the most current balance. Kemper further reserves the right, at any time hereafter, to seek a judicial estimation of its claim.

6
      This claim is secured to the extent of any credits now or hereafter owing under the Policies in favor of the Debtor, with such credits serving as Kemper's collateral. Kemper reserves all rights of setoff and/or recoupment to the fullest extent possible.

7
      To the extent this claim is attributable to the period following the filing of the bankruptcy petition, Kemper asserts this claim as entitled to administrative priority.

      To the extent this claim is neither secured nor entitled to priority status, Kemper asserts this claim as general unsecured.



FILED
2009 APR 14  AM 11: 04
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

**VIA FEDERAL EXPRESS**

April 13, 2009

Clerk's Office
District of Delaware
US Bankruptcy Court
824 Market Street, 3rd Floor
Wilmington, DE 19801

RE:    **TRIBUNE COMPANY ., INC.**
       **BANKRUPTCY CASE NO. 08-13141**

To Clerk of the Court:

I am enclosing one original and two copies of the proof of claim to be filed in connection with the above-referenced matter.  I would appreciate it if you would file-stamp two copies of the claim, then return it to me in the enclosed, self-addressed postage-prepaid envelope at your earliest convenience.

Thank you for your assistance with this request.

Sincerely,

Sherri Patterson

Sherri L. Patterson
Senior Paralegal

Enclosures

**MANAGED ACCOUNTS, 13NW0343**
847-320-2469 Voice
847-320-5615 Fax
1 Kemper Drive, Long Grove, IL 60049-0001
sherri.patterson@kemperinsurance.com

**EXHIBIT C**

**CLAIM NO. 3643 ("HOME INSURANCE CLAIM")**

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT    District of Delaware | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Tribune Company, et al., | Case Number:<br>08-13141 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>The Home Insurance Company in Liquidation | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>The Home Insurance Company in Liquidation - Karen Tisdell<br>55 South Commercial Street<br>Manchester, NH 03101<br><br>Telephone number:<br>(603) 634-0181 | Court Claim Number:_____<br>*(If known)*<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**    $_____ unknown _____<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim. |
| **2. Basis for Claim:** __Insurance Premiums__<br>(See instruction #2 on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **3. Last four digits of any number by which creditor identifies debtor:** __2097__<br><br>    **3a. Debtor may have scheduled account as:** _____<br>    (See instruction #3a on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **4. Secured Claim** (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>**Nature of property or right of setoff:** ☐Real Estate  ☐Motor Vehicle  ☐Other<br>**Describe:**<br><br>**Value of Property:**$_____  **Annual Interest Rate**_____%<br><br>**Amount of arrearage and other charges as of time case filed included in secured claim,**<br><br>**if any:** $_____  **Basis for perfection:** _____<br><br>**Amount of Secured Claim:** $_____  **Amount Unsecured:** $_____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).<br><br>☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | **Amount entitled to priority:**<br><br>$_____ |
| **7. Documents:** Attach redacted copies of any ~~documents that~~        ~~~urchase~~<br>orders, invoices, itemized statements of runni~~~        ~~~ements.~~<br>You may also attach a summary.  Attach redac~~~        ~~~~~~<br>a security interest.  You may also attach a sum~~~        ~~se side.)~~<br><br>DO NOT SEND ORIGINAL DOCUMENTS.<br>SCANNING.<br><br>If the documents are not available, please expla~~~        ~~R~~ | *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

Filed: USBC - District of Delaware
Tribune Company, Et Al.
08-13141 (KJC)    0000003643

| Date:<br>06/04/2009 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>Karen Tisdell - Financial Analyst    *Karen Tisdell - Financial Analyst* | **FOR COURT USE ONLY**<br><br>**FILED / RECEIVED**<br><br>JUN 0 8 2009<br><br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 52 and 3571.

Name Insured:

**Tribune Company**

**Direct Mail Associates Inc**

**Eagle Publishing**

**GreenCo, Inc.**

**Homeowners Realty, Inc.**

**Sentinel Communications**

**Sun-Sentinel Company**

**Times Mirror**

**Tribune Publishing Company**

List of policies issued to the Debtor(s) by The Home Insurance Company ordered into Liquidation 6/13/03

| Inception Date | Expiration | Prefix | Policy | Type of Coverage | Effective Date | Description | Amount |
|---|---|---|---|---|---|---|---|
| 02/83 | 02/84 | BOP | P160941 | Package | Future | Liabilities | Unknown |
| 01/86 | 01/87 | CC | P484420 | Package | Future | Liabilities | Unknown |
| 09/92 | 09/93 | REL | F747684 | General Liability | Future | Liabilities | Unknown |
| 12/81 | 12/82 | WC | L110806 | Worker's Compensation | Future | Liabilities | Unknown |
| 12/82 | 12/83 | WC | L110806 | Worker's Compensation | Future | Liabilities | Unknown |
| 12/83 | 12/84 | WC | L110806 | Worker's Compensation | Future | Liabilities | Unknown |
| 12/84 | 12/85 | WC | L110806 | Worker's Compensation | Future | Liabilities | Unknown |
| 12/85 | 12/86 | WC | L110806 | Worker's Compensation | Future | Liabilities | Unknown |
| 08/81 | 08/82 | BOP | P145293 | Package | Future | Liabilities | Unknown |
| 08/82 | 08/83 | BOP | P145293 | Package | Future | Liabilities | Unknown |
| 08/83 | 08/86 | BOP | P145293 | Package | Future | Liabilities | Unknown |
| 06/85 | 06/86 | SMP | P469267 | Package | Future | Liabilities | Unknown |
| 09/82 | 09/83 | RFE | 0025209 | Reinsurance Property | Future | Liabilities | Unknown |
| 06/82 | 09/85 | RFE | 0025945 | Reinsurance Property | Future | Liabilities | Unknown |
| 09/82 | 09/85 | RFE | 0025945 | Reinsurance Property | Future | Liabilities | Unknown |
| 09/79 | 09/82 | RFE | 0043740 | Reinsurance Property | Future | Liabilities | Unknown |
| 07/81 | 07/84 | RFE | 0051693 | Reinsurance Property | Future | Liabilities | Unknown |
| 03/80 | 03/81 | SP | 0573918 | Inland Marine | Future | Liabilities | Unknown |
| 07/81 | 07/84 | TR | 0721699 | Inland Marine | Future | Liabilities | Unknown |
| 01/81 | 01/82 | WC | 1053877 | Worker's Compensation | Future | Liabilities | Unknown |
| 07/82 | 07/85 | GL | 1142751 | General Liability | Future | Liabilities | Unknown |
| 09/82 | 09/83 | HEC | 1199869 | Excess Liability | Future | Liabilities | Unknown |
| 09/82 | 09/83 | HEC | 1199869 | Excess Liability | Future | Liabilities | Unknown |
| 09/83 | 09/84 | HEC | 1199869 | Excess Liability | Future | Liabilities | Unknown |
| 09/84 | 09/85 | HEC | 1199869 | Excess Liability | Future | Liabilities | Unknown |
| 09/84 | 09/85 | HEC | 1199869 | Excess Liability | Future | Liabilities | Unknown |
| 12/80 | 12/81 | WC | 1221056 | Worker's Compensation | Future | Liabilities | Unknown |
| 01/86 | 01/87 | GL | 1488227 | General Liability | Future | Liabilities | Unknown |
| 06/84 | 06/85 | HUL | 1570818 | Excess Liability | Future | Liabilities | Unknown |
| 06/84 | 06/85 | HUL | 1572381 | Excess Liability | Future | Liabilities | Unknown |
| 08/84 | 08/85 | HXL | 1576584 | Excess Liability | Future | Liabilities | Unknown |
| 02/84 | 01/85 | HXL | 1577760 | Excess Liability | Future | Liabilities | Unknown |
| 01/85 | 01/86 | HXL | 1643075 | Excess Liability | Future | Liabilities | Unknown |
| 06/85 | 06/86 | WC | 1755772 | Worker's Compensation | Future | Liabilities | Unknown |
| 09/82 | 09/83 | BA | 2813289 | Automobile | Future | Liabilities | Unknown |
| 02/82 | 01/83 | BA | 2832816 | Automobile | Future | Liabilities | Unknown |
| 02/83 | 02/84 | BA | 2941039 | Automobile | Future | Liabilities | Unknown |
| 01/83 | 01/84 | BA | 2950863 | Automobile | Future | Liabilities | Unknown |
| 06/84 | 06/85 | BA | 2994078 | Automobile | Future | Liabilities | Unknown |

Name Insured:

**Tribune Company**　　　　　　　　**Sentinel Communications**
**Direct Mail Associates Inc**　　　　**Sun-Sentinel Company**
**Eagle Publishing**　　　　　　　　**Times Mirror**
**GreenCo, Inc.**　　　　　　　　　**Tribune Publishing Company**
**Homeowners Realty, Inc.**

List of policies issued to the Debtor(s) by The Home Insurance Company ordered into Liquidation 6/13/03

| Inception Date | Expiration | Prefix | Policy | Type of Coverage | Effective Date | Description | Amount |
|---|---|---|---|---|---|---|---|
| 01/84 | 01/85 | BA | 2995025 | Automobile | Future | Liabilities | Unknown |
| 01/85 | 01/86 | BA | 4029705 | Automobile | Future | Liabilities | Unknown |
| 01/85 | 01/86 | BA | 4034252 | Automobile | Future | Liabilities | Unknown |
| 01/86 | 01/87 | BA | 4037038 | Automobile | Future | Liabilities | Unknown |
| 12/71 | 12/74 | HEC | 4165872 | Excess Liability | Future | Liabilities | Unknown |
| 01/79 | 01/80 | BA | 6034582 | Automobile | Future | Liabilities | Unknown |
| 02/80 | 02/81 | BA | 6100916 | Automobile | Future | Liabilities | Unknown |
| 01/80 | 01/81 | BA | 6102100 | Automobile | Future | Liabilities | Unknown |
| 09/80 | 09/81 | BA | 6155498 | Automobile | Future | Liabilities | Unknown |
| 09/81 | 09/82 | BA | 6159369 | Automobile | Future | Liabilities | Unknown |
| 01/81 | 01/82 | BA | 6163607 | Automobile | Future | Liabilities | Unknown |
| 08/79 | 08/80 | BOP | 8633274 | Package | Future | Liabilities | Unknown |
| 08/80 | 08/81 | BOP | 8633274 | Package | Future | Liabilities | Unknown |
| 02/82 | 02/83 | BOP | 8799603 | Package | Future | Liabilities | Unknown |
| 01/83 | 01/84 | BOP | 8928287 | Package | Future | Liabilities | Unknown |
| 02/82 | 02/83 | BOP | 8928287 | Package | Future | Liabilities | Unknown |
| 01/84 | 01/85 | BOP | 8928287 | Package | Future | Liabilities | Unknown |
| 01/85 | 01/86 | BOP | 8938641 | Package | Future | Liabilities | Unknown |
| 01/69 | 12/72 | HEC | 9304899 | Excess Liability | Future | Liabilities | Unknown |
| 03/76 | 12/76 | HEC | 9328516 | Excess Liability | Future | Liabilities | Unknown |
| 09/79 | 09/80 | HEC | 9631121 | Excess Liability | Future | Liabilities | Unknown |
| 09/79 | 09/80 | HEC | 9631130 | Excess Liability | Future | Liabilities | Unknown |
| 09/78 | 09/79 | HEC | 9631130 | Excess Liability | Future | Liabilities | Unknown |
| 08/78 | 08/79 | HEC | 9694276 | Excess Liability | Future | Liabilities | Unknown |
| 01/79 | 01/80 | GA | 9739760 | General Liability | Future | Liabilities | Unknown |
| 01/79 | 01/80 | WC | 9770693 | Worker's Compensation | Future | Liabilities | Unknown |
| 08/79 | 08/80 | HEC | 9825333 | Excess Liability | Future | Liabilities | Unknown |
| 01/80 | 01/81 | WC | 9851595 | Worker's Compensation | Future | Liabilities | Unknown |
| 09/80 | 09/81 | HEC | 9903666 | Excess Liability | Future | Liabilities | Unknown |
| 09/80 | 09/81 | HEC | 9903666 | Excess Liability | Future | Liabilities | Unknown |
| 09/81 | 09/82 | HEC | 9903666 | Excess Liability | Future | Liabilities | Unknown |
| 01/80 | 01/81 | GA | 9956494 | General Liability | Future | Liabilities | Unknown |
| 01/81 | 01/82 | GA | 9969667 | General Liability | Future | Liabilities | Unknown |

**Plus any additional policies that may be identified in the future**

## *The Home Insurance Company In Liquidation*

*55 South Commercial Street Manchester, New Hampshire 03101*
*E-Mail: karen.tisdell@homeinsco.com*
*Phone (603)634-0181*
*Fax (603)634-0436*

June 4, 2009

Sent Via UPS Ground
**Attention: Tribune Company**
Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, NY 10017

Bankruptcy Case#: 08-13141
Debtor: Tribune Company, et al.,
Account: 087-522097
Amount Due: Unknown

Dear Sir or Madam:

We've enclosed a Proof of Claim to be filed in this matter on behalf of The Home
Insurance Company that was ordered into Liquidation on June 13, 2003.

Kindly acknowledge receipt of this document for filing purposes by signing the carbon
copy of this letter and/or copy of Proof of Claim and returning it in the enclosed postage
paid envelope.

Yours Truly,

Karen Tisdell
Financial Analyst

UPS Internet Shipping: Shipment Label

Page 1 of 1

## UPS Internet Shipping: View/Print Label

1. **Print the label(s):**   Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

2. **Fold the printed label at the dotted line.**   Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **Customers without a Daily Pickup**
   - Schedule a same day or future day Pickup to have a UPS driver pickup all of your Internet Shipping packages.
   - Hand the package to any UPS driver in your area.
   - Take your package to any location of The UPS Store®, UPS Drop Box, UPS Customer Center, UPS Alliances (Office Depot® or Staples®) or Authorized Shipping Outlet near you. Items sent via UPS Return Services℠ (including via Ground) are also accepted at Drop Boxes.
   - To find the location nearest you, please visit the 'Find Locations' Quick link at ups.com.

   **Customers with a Daily Pickup**
   - Your driver will pickup your shipment(s) as usual.

FOLD HERE

