IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | : | Chapter 11 |
| In re: | : | |
| | : | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, *et al.*, | : | |
| | : | Jointly Administered |
| Debtors. | : | **Objection Date: January 4, 2013 at 4:00 p.m.** |
| | : | **Hearing Date:** *Only if Objections are Filed* |

**FORTY-SEVENTH MONTHLY FEE APPLICATION OF
COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A., CO-COUNSEL
TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
FROM NOVEMBER 1, 2012 THROUGH NOVEMBER 30, 2012**

| | |
|---|---|
| Name of Applicant: | **COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.** |
| Authorized to Provide Professional Services to: | **Tribune Company,** *et al.* |
| Date of Retention: | **February 3, 2009** *nunc pro tunc* **to December 8, 2008** |
| Period for which Compensation and Reimbursement is sought: | **November 1, 2012 through November 30, 2012** |
| Amount of Compensation sought as actual, reasonable and necessary: | **$122,228.00** |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | **$2,229.93** |
| This is a: | **Forty-Seventh Monthly Application** |

The time expended in November 2012, for the preparation of Applicant's forty-sixth monthly application was approximately 13.7 hours, and the corresponding compensation requested is approximately $6,534.50. The time expended for the preparation of the Applicant's forty-seventh monthly fee application will be included in the Applicant's *next* fee application.

**Prior Applications:**

| Application | Date Filed | Period Covered | Requested Fees/Expenses | Authorized Fees (80%)/ Expenses (100%) |
|---|---|---|---|---|
| 1st | 4/14/09 | 12/8/08 – 1/31/09 | $233,913/$21,827.87 | $187,130.40/$21,827.87 |
| 2nd | 4/15/09 | 2/1/09 – 2/28/09 | $84,867/$3,674.21 | $67,893.60/$3,674.21 |
| 3rd | 5/21/09 | 3/1/09 – 3/31/09 | $93,216/$4,574.28 | $74,572.80/$4,574.28 |
| 4th | 5/29/09 | 4/1/09 – 4/30/09 | $85,538.50/$9,310.40 | $68,430.80/$9,310.40 |
| 5th | 7/14/09 | 5/1/09 – 5/31/09 | $77,805.50/$3,025.90 | $62,244.40/$3,025.90 |
| 6th | 7/22/09 | 6/1/09 – 6/30/09 | $106,998.50/$5,684.58 | $85,598.80/$5,684.58 |
| 7th | 8/28/09 | 7/1/09 – 7/31/09 | $87,804.50/$8,160.20 | $70,243.60/$8,160.20 |
| 8th | 10/2/09 | 8/1/09 – 8/31/09 | $106,819/$4,367.14 | $85,455.20/$4,367.14 |
| 9th | 11/25/09 | 9/1/09 – 9/30/09 | $70,349/$6,301.43 | $56,279.20/$6,301.43 |
| 10th | 11/25/09 | 10/31/09 – 10/31/09 | $60,948/$10,706.61 | $48,758.40/$10,706.61 |
| 11th | 12/23/09 | 11/1/09 – 11/30/09 | $103,033.50/$96.48 | $82,426.80/$96.48 |
| 12th | 2/4/10 | 12/1/09 – 12/31/09 | $81,304/$3,248 | $65,043.20/$3,248 |
| 13th | 2/19/10 | 1/1/10 – 1/31/10 | $106,040.50/$2,637.20 | $84,832/$2,637.20 |
| 14th | 4/7/10 | 2/1/10 – 2/28/10 | $126,542.00/$7,450.93 | $101,233.60/$7,450.93 |
| 15th | 5/7/10 | 3/1/10 – 3/31/10 | $129,845.50/$5,187.23 | $103,876.40/$5,187.23 |
| 16th | 7/15/10 | 4/1/10 – 4/30/10 | $151,550.50/$8,795.37 | $121,240.40/$8,795.37 |
| 17th | 8/13/10 | 5/1/10 – 5/31/10 | $159,643.50/$26,630 | $127,714.80/$26,630 |
| 18th | 9/1/10 | 6/1/10 – 6/30/10 | $125,634.50/$4,219.90 | $100,507.60/$4,219.90 |
| 19th | 9/1/10 | 7/1/10 – 7/31/10 | $166,564.50/$5,945.64 | $133,251.60/$5,945.64 |
| 20th | 10/29/10 | 8/1/10 – 8/31/10 | $134,114.50/$6,992.18 | $107,291.60/$6,992.18 |
| 21st | 11/4/10 | 9/1/10 – 9/30/10 | $180,627.50/$4,660.41 | $144,502.00/$4,660.41 |
| 22nd | 11/12/10 | 10/1/10 – 10/31/10 | $157,302.50/$5,188.34 | $125,842.00/$5,188.34 |
| 23rd | 12/30/10 | 11/1/10 – 11/30/10 | $224,267.25/$33,140.29 | $179,413.80/$33,140.29 |
| 24th | 3/1/11 | 12/1/10 – 12/31/10 | $162,941.50/$37,286.10 | $130,353.20/$37,286.10 |
| 25th | 3/11/11 | 1/1/11 – 1/31/11 | $133,318.25/$7,280.20 | $106,654.60/$7,280.20 |
| 26th | 4/15/11 | 2/1/11 – 2/28/11 | $204,408/$13,333.83 | $163,526.40/$13,333.83 |
| 27th | 5/6/11 | 3/1/11 – 3/31/11 | $288,195/$87,978.25 | $230,556/$87,978.25 |
| 28th | 5/31/11 | 4/1/11 – 4/30/11 | $143,455.50/$48,295.24 | $114,764.40/$48,295.24 |
| 29th | 6/10/11 | 5/1/11 – 5/31/11 | $112,806.50/$4,192.48 | $90,245.20/$4,192.48 |
| 30th | 7/27/11 | 6/1/11 – 6/30/11 | $118,344/$4,770.03 | $94,675.20/$4,770.03 |
| 31st | 8/31/11 | 7/1/11 – 7/31/11 | $50,853.00/$3,084.16 | $40,682.40/$3,084.16 |
| 32nd | 9/22/11 | 8/1/11 – 8/31/11 | $93,965.50/$506.62 | $75,172.40/$506.62 |
| 33rd | 11/18/11 | 9/1/11 – 9/30/11 | $59,506.50/$1,395.90 | $47,605.20/$1,395.90 |
| 34th | 11/17/11 | 10/1/11 – 10/31/11 | $99,659/$988.31 | $79,727.20/$988.31 |
| 35th | 1/24/12 | 11/1/11 – 11/30/11 | $92,059.00/$1,813.46 | $73,647.20/$1,813.46 |
| 36th | 2/3/12 | 12/1/11 – 12/31/11 | $81,930.50/$1,209.43 | $65,544.40/$1,209.43 |
| 37th | 3/30/12 | 1/1/12 – 1/31/12 | $98,823.50/$952.40 | $79,058.80/$952.40 |
| 38th | 3/30/12 | 2/1/12 – 2/29/12 | $93,744.50/$850.45 | $74,995.60/$850.45 |
| 39th | 4/18/12 | 3/1/12 – 3/31/12 | $149,159.50/$3,828.78 | $119,327.60/$3,828.78 |
| 40th | 6/15/12 | 4/1/12 – 4/30/12 | $103,073/$10,194.75 | $82,458.40/$10,194.75 |
| 41st | 7/17/12 | 5/1/12 – 5/31/12 | $110,216/$1,237.28 | $88,172.80/$1,237.28 |
| 42nd | 8/8/12 | 6/1/12 – 6/30/12 | $132,464.50/$11,059.44 | $105,971.60/$11,059.44 |
| 43rd | 8/20/12 | 7/1/12 – 7/31/12 | $148,750.50/$3,448.98 | $119,000.40/$3,448.98 |
| 44th | 10/5/12 | 8/1/12 – 8/31/12 | $167,107/$7,278.88 | $133,685.60/$7,278.88 |
| 45th | 10/16/12 | 9/1/12 – 9/30/12 | $117,670/$761.50 | $94,136/$761.50 |
| 46th | 11/20/12 | 10/1/12 – 10/31/12 | $173,167/$2,911.57 | $138,533.60/$2,911.57 |
| 47th | 12/14/12 | 11/1/12 – 11/30/12 | $122,228/$2,229.93 | *pending* |

2

**TRIBUNE COMPANY**, *et al.*

**SUMMARY OF BILLING BY ATTORNEY**
**NOVEMBER 1, 2012 THROUGH NOVEMBER 30, 2012**

| Name of Professional Person | Date of Bar Admission | Position with the Applicant and Number of Years in that Position | Hourly Billing Rate[1] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Norman L. Pernick | 1985 | Member (since 2008) | $765.00 | 5.4 | $4,131.00 |
| J. Kate Stickles | 1990 | Member (since 2008) | $625.00 | 134.0 | $83,750.00 |
| Patrick J. Reilley | 2003 | Member (since 2011) | $430.00 | 34.9 | $15,007.00 |
| Pauline Z. Ratkowiak | N/A | Paralegal (since 2008) | $235.00 | 80.0 | $18,800.00 |
| Kimberly A. Karstetter | N/A | Paralegal (since 2008) | $200.00 | 2.7 | $540.00 |
| **TOTALS** | | | | **257.00** | **$122,228.00** |

**Blended Rate:  $475.60**

---

[1] The rate represents the regular hourly rate for each attorney and paraprofessional who rendered legal services. All hourly rates are adjusted by Cole, Schotz, Meisel, Forman & Leonard, P.A. on a periodic basis (the last such adjustment occurred on October 1, 2012).

**TRIBUNE COMPANY,** *et al.*

**COMPENSATION BY PROJECT CATEGORY**
**NOVEMBER 1, 2012 THROUGH NOVEMBER 30, 2012**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Automatic Stay Matters/Litigation | 1.4 | $814.00 |
| Case Administration | 13.7 | $4,659.00 |
| Claims Analysis, Administration and Objections | 39.1 | $18,785.50 |
| Creditor Inquiries | 0.4 | $211.00 |
| Fee Application Matters/Objections | 64.9 | $23,789.00 |
| Litigation/Gen. (Except Automatic Stay Relief) | 0.4 | $133.00 |
| Preferences and Avoidance Actions | 7.3 | $3,802.00 |
| Preparation for and Attendance at Hearings | 17.8 | $6,891.00 |
| Reorganization Plan | 94.5 | $55,835.50 |
| Reports; Statements and Schedules | 0.8 | $344.00 |
| Retention Matters | 3.1 | $1,118.50 |
| Vendor Matters | 13.6 | $5,845.50 |
| **TOTAL** | **257.00** | **$122,228.00** |

**TRIBUNE COMPANY**, *et al.*

**EXPENSE SUMMARY**
**NOVEMBER 1, 2012 THROUGH NOVEMBER 30, 2012**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Photocopying/Printing/Scanning (1,726 pages @ $.10/page) | | $172.60 |
| Telephone | | $1,051.75 |
| Postage | | $7.70 |
| Electronic Filing Service Fee | Parcels, Inc. | $85.00 |
| Outside Photocopying | Parcels, Inc. | $16.48 |
| Messenger Service | Parcels, Inc. | $40.00 |
| Document Archive Retrieval Fee | Parcels, Inc. | $856.40 |
| **TOTAL** | | **$2,229.93** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| TRIBUNE COMPANY, *et al.*,[1] | : | Case No. 08-13141 (KJC) |
|  | : |  |
|  | : | Jointly Administered |
| Debtors. | : | **Objection Date: January 4, 2013 at 4:00 p.m.** |
|  | : | **Hearing Date:** *Only if Objections are Filed* |

### FORTY-SEVENTH MONTHLY FEE APPLICATION OF COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A., CO-COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM NOVEMBER 1, 2012 THROUGH NOVEMBER 30, 2012

Cole, Schotz, Meisel, Forman & Leonard, P.A. (the "Applicant"), co-counsel to the debtors

and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases, hereby applies to

the Court for monthly allowance of compensation for services rendered, in the amount of

$122,228.00, and reimbursement of expenses in the amount of $2,229.93, for the period from

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

November 1, 2012 through November 30, 2012 (the "Application"), and respectfully represents as follows:

### Introduction

1.      On December 8, 2008 (the "Petition Date"), Tribune Company and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.  In all, the Debtors comprise 110 entities.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only by applicable orders of the Bankruptcy Court.

2.      On or about December 18, 2008, the United States Trustee appointed an official committee of unsecured creditors (the "Committee") pursuant to 11 U.S.C. § 1102(a)(1).

3.      On January 15, 2009, this Court entered an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Official Committee Members (the "Fee Order").  In accordance with the Fee Order, in the absence of any objection to the monthly fee application within twenty (20) days of the submission thereof, Debtors are authorized to pay 80% of the fees and 100% of the disbursements requested.

4.      On February 3, 2009, this Court authorized the Debtors to retain Applicant, *nunc pro tunc* to December 8, 2008, to serve as co-counsel to the Debtors in these proceedings.

5.      On March 19, 2009, the Court appointed Stuart Maue as the Fee Examiner (the "Fee Examiner") to act as special consultant to the Court for professional fee and expense analysis and review, effective *nunc pro tunc* to February 20, 2009.

6.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327, 331, and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

**Relief Requested**

7.      Pursuant to the Fee Order and section 331 of the Bankruptcy Code, Applicant makes this Application for interim approval of compensation for professional services rendered, in the amount of $122,228.00, and reimbursement of actual and necessary expenses incurred, in the amount of $2,229.93, in serving as co-counsel to the Debtors during the period November 1, 2012 through November 30, 2012.

**Allowance of Compensation**

8.      Attached hereto as <u>Exhibit A</u> is the Affidavit of Applicant with respect to the compensation requested.

9.      Attached hereto as <u>Exhibit B</u> is a detailed itemization, by project category, of all services performed by Applicant with respect to these matters from November 1, 2012 through November 30, 2012.  This detailed itemization complies with Del. Bankr. L. R. 2016-2(d) in that each time entry contains a separate time allotment, a description of the type of activity and the subject matter of the activity, all time is billed in increments of one-tenth of an hour, time entries are presented chronologically in categories, and all meetings or hearings are individually identified.

10.     Applicant serves as co-counsel to the Debtors and is active in all aspects of these chapter 11 proceedings.  The following summary highlights the major areas in which Applicant rendered services for the time period covered by this Application.  The full breadth of Applicant's services for the time period are reflected in the attached <u>Exhibit B</u>.

46429/0001-9056532v1

a)      <u>Case Administration</u> (13.7 hours; $4,659.00).   This category includes a number of different tasks necessary to comply with the requirements of this Court and the Bankruptcy Code, including without limitation, reviewing general case documents, reviewing and maintaining a case calendar, maintaining a critical dates chart, scheduling of hearings with the Court, setting up telephonic court appearances, responding to general case inquiries and document requests, conferencing with co-counsel regarding tasks, division of labor and strategies, and other miscellaneous tasks not otherwise separately classifiable.

b)      <u>Claims Analysis, Administration and Objections</u> (39.1 hours; $18,785.50). This category includes, but is not limited to, time spent conferencing with Debtors' professionals regarding the reconciliation and resolution of claims; communicating with claimants regarding pending objections to claims; reviewing, executing, and filing certifications regarding claim objections and settlements.  This category also includes time spent reviewing and filing the fifth, sixth and seventh notice of satisfied claims, a motion for order authorizing entry into settlement with EZ Buy and EZ Sell Recycler Corporation, *et al.,* and a motion authorizing entry into, and approval of, and a stipulation with Warner Bros. Television Distribution Inc., *et al.*

c)      <u>Fee Application Matters/Objections</u> (64.9 hours; $23,789.00).   This category includes time spent preparing and filing Applicant's fee applications and certifications regarding Applicant's fee applications, as well as researching, preparing and responding to the Fee Examiner's preliminary reports with respect to Applicant's interim fee applications.  This category also includes time spent corresponding with the Debtors' other professionals regarding their fee applications and fee-related issues, filing their fee applications, and preparing and filing certifications with respect to their fee applications.  In addition, this category includes time spent preparing and filing notices with respect to the payment of ordinary course professionals' fees

4

and expenses, preparing a cumulative chart of fees and expenses of all billing professionals, and communicating with the Fee Examiner concerning fee issues.

        d)    <u>Preparation for and Attendance at Hearings</u> (17.8 hours; $6,891.00).  This category includes time spent preparing for and attending hearings, including review of documents, witness preparation, strategy conferences with the Debtors' representatives and professionals, and preparation of hearing presentation.  In addition, this category includes time spent preparing and filing notices of hearing and notices of agenda, preparing hearing notebooks, and communicating with co-counsel and other parties in interest with respect to the status of matters scheduled for hearing.

        e)    <u>Reorganization Plan</u> (94.5 hours; $55,835.50).  This category includes a number of different post-confirmation tasks in preparation for Debtors emergence from their chapter 11 cases, including, but not limited to, filing certifications regarding an exit financing motion and a motion to file fee letters under seal; filing a notice of restructuring transactions and notice of FCC Approval; and communicating with Debtors' professionals regarding distributions.  In addition, this category includes time spent communicating with certain parties regarding senior noteholder distributions and preparing and filing a Stipulation in Aid of Implementation of Senior Noteholder Distributions Pursuant to Confirmed DCL Plan.

        f)    <u>Vendor Matters</u> (13.6 hours; $5,845.50).  This category includes time spent reviewing pleadings in the Vertis bankruptcy case, analyzing contract, sale and cure issues, and preparing and filing a limited cure objection.

46429/0001-9056532v1

## Reimbursement of Expenses

11.     Attached hereto as <u>Exhibit C</u> is a description of the expenses actually expended by the Applicant in the performance of services rendered as co-counsel to the Debtors. The expenses for which reimbursement is requested total $2,229.93. Such expenses include, but are not limited to, copying,[3] printing, scanning, telephone, telecopy,[4] postage, outside photocopying, messenger service, electronic filing service fee and document retrieval charges.

WHEREFORE, Cole, Schotz, Meisel, Forman & Leonard, P.A. respectfully requests that the Court enter an Order: (i) granting the Application and authorizing allowance of compensation in the amount of $122,228.00 for professional services rendered, and $2,229.93 for reimbursement for actual and necessary costs; (ii) directing payment by the Debtors of the foregoing amounts; and (iii) granting such other and further relief as this Court deems necessary and just.

Dated:  December 14, 2012

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By:_____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
(302) 652-3131

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

---

[3]  In accordance with Del. Bankr. L.R. 2016-2(e)(iii), Cole Schotz does not charge more than $0.10 per page for photocopies.

[4]  In accordance with Del. Bankr. L.R. 2016-2(e)(iii), Cole Schotz does not charge for incoming facsimile transmissions and does not charge more than $1.00 per page for outgoing facsimiles.

46429/0001-9056532v1