# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Hearing Date: January 16, 2013 at 11:00 a.m. ET<br>Response Deadline: January 9, 2013 at 4:00 p.m. ET |

## DEBTORS' SIXTY-THIRD OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 and 3007, AND LOCAL RULE 3007-1

> **Claimants receiving this Objection should locate their name(s) and claim number(s) on <u>Schedule 1</u> attached hereto to learn which of the lettered exhibits, <u>Exhibit A</u> or <u>Exhibit B</u>, contains the grounds for the objection pertaining to their claim(s) and the relief being sought by the Debtors.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347);Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

> **Your rights may be affected by this Objection and by any further objection that may be filed by the Debtors to your claim.**

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and, collectively, the "Debtors"), by and through their undersigned counsel, hereby submit this sixty-third omnibus objection to claims (the "Objection"), which Objection covers each of the claims (the "Disputed Claims") set forth on Exhibit A and Exhibit B attached hereto and to the proposed form of order submitted herewith. This Objection is submitted pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). By this Objection, the Debtors request entry of an order modifying and reducing each of the Disputed Claims identified on Exhibit A and Exhibit B, to reduce such claims in amounts equal to the figures set forth on Exhibit A and Exhibit B, as indicated in further detail below, and to reassign the Disputed Claim set forth on Exhibit B to the Debtor listed under the column heading "Modified Debtor," which corresponds to the particular Debtor that is liable for such claim. In support of this Objection, the Debtors rely on the Declaration of John Rodden, Vice President of Tribune Company (the "Rodden Declaration"), attached hereto to as Exhibit C. In further support of this Objection, the Debtors respectfully represent as follows:

## STATUS OF THE CASE

1. On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter

2

11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). (Docket No. 43, 2333).

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.[3]

4. On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors in the Debtors' chapter 11 cases (the "Committee").

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

**BACKGROUND CONCERNING THE DEBTORS' CLAIMS PROCESS**

6. To date, approximately 7,150 Proofs of Claim have been filed in these chapter 11 cases. The Proofs of Claim are recorded on the official claims register (the "Claims Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

[3] The Fourth Amended Joint Plan of Reorganization for the Debtors confirmed on July 23, 2012 (the "Plan") provides that one or more Debtors may undertake Restructuring Transactions (as defined in the Plan) on, prior to, or after the Effective Date, which may include, without limitation, mergers, consolidations, conversions, joint ventures, restructurings, recapitalizations, dispositions, liquidations or dissolutions. See Plan § 5.2, Ex. 5.2. Certain of the Debtors will undertake or have undertaken certain of these Restructuring Transactions, pursuant to which they have been or will be merged with and into direct or indirect wholly-owned subsidiaries of Tribune Company.

3

## RELIEF REQUESTED

7. By this Objection, the Debtors seek entry of an Order granting the following relief with respect to the Disputed Claims:

   a) reducing and fixing the value of the Disputed Claim identified on Exhibit A to the dollar value listed under the column heading "Modified Amount," which corresponds to the amount the Debtors believe is owed by the applicable Debtor on account of the Disputed Claim pursuant to section 502(b)(6) of the Bankruptcy Code, after reconciling the claim with their books and records; and

   b) (i) reducing and fixing the value of the Disputed Claim identified on Exhibit B to the dollar value listed under the column heading "Modified Amount," which corresponds to the amount the Debtors believe is owed by the applicable Debtor on account of the Disputed Claim, pursuant to section 502(b)(6) of the Bankruptcy Code, after reconciling the Disputed Claim with their books and records and (ii) reassigning such claim to the Debtor listed under the column heading "Modified Debtor," which corresponds to the particular Debtor that is liable for such claim.

8. The Debtors have reviewed Del. Bankr. LR 3007-1 in connection with the preparation of this Objection, and the Debtors believe that this Objection complies fully with that Rule.

## BASIS FOR OBJECTION

9. Section 502(b) of the Bankruptcy Code provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
>
> > (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1). Section 502(b)(1) recognizes the settled principle that "[c]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating

the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450-51 (2007) (citing Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20 (2000)). A claim against the bankruptcy estate, therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be enforceable against the debtor outside of bankruptcy." In re Combustion Eng'g, Inc., 391 F.3d 190, 245 (3d Cir. 2004).

10.     When a claim is brought before the Bankruptcy Court under section 502(a), the initial burden of proof lies with the claimant to allege facts sufficient to support the proof of claim. In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992). If the proof of claim contains sufficient support, it is considered *prima facie* valid, and the burden then shifts to the objector to produce evidence sufficient to negate such validity. Id. The claimant, however, always retains the burden of persuasion. Lampe v. Lampe, 665 F.3d 506, 514 (3d Cir. 2011).

**DISPUTED CLAIMS**

11.     After reviewing their books and records, as well as the documentation supporting the Disputed Claims filed in these chapter 11 cases, the Debtors have identified the two (2) Disputed Claims on Exhibit A and Exhibit B hereto, in the aggregate amount of $512,858.97, plus certain undetermined amounts, as each being asserted in an amount that is higher than the amount supported by the documentation provided in each of the Disputed Claims. If the relief requested herein is granted, the Disputed Claims on Exhibit A and Exhibit B will be reduced and/or fixed and allowed in the aggregate amount of $343,294.07, with the dollar value listed for each such claim under the column heading "Modified Amount." Additionally, if the relief requested herein is granted, the Disputed Claim on Exhibit B will also be reassigned to

5

the Debtor listed under the "Modified Debtor" column, so that the liability for such claim is properly paid by the correct Debtor. See Rodden Declaration at ¶4.

12. Each of the Disputed Claims indentified on Exhibit A and Exhibit B reflects asserted damages in connection with the rejection of a prepetition commercial lease (the "Rejected Leases"). Pursuant to section 365(a), a debtor-in-possession, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor. 11 U.S.C. §365(a). Following rejection of the unexpired lease, the lessor is entitled to such damages pursuant to the lease as the lessor would be entitled to under applicable non-bankruptcy law. 11 U.S.C. §365(h). Those damages are subject to a cap set forth in §502(b)(6) of the Bankruptcy Code, however, which limits the total allowed amount of a claim in connection with the rejection of a lease to the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of (i) the date of the filing of the petition; and (ii) the date on which such lessor repossessed, or the lessee surrendered, the leased property, plus any unpaid rent due under such lease, without acceleration, on the earlier of such dates. 11 U.S.C. §502(b)(6).

13. The Rejected Leases were entered into by the respective Debtor, as listed under the column heading "Debtor," for the Disputed Claim listed under Exhibit A and "Modified Debtor" in Exhibit B, and were rejected following the Court's approval.[4] Following a review of the supporting documentation related to the Disputed Claims, the Debtors believe that a lower amount than that shown on each Disputed Claim is owed to each affected lessor. See Exhibit A and Exhibit B. In each of the Disputed Claims, the lessors under the Rejected Leases asserted, in addition to confirmed damages in connection with rejection of the lease, certain

---

[4] The date of rejection for each of the Disputed Claims, as well as the Court's order approving such rejection, is listed on Exhibit A and Exhibit B.

6

46429/0001-9095449V1

additional amounts that the claimant asserts the respective Debtor is allegedly liable for. The Debtors believe that these additional amounts, as detailed further below, are either unsupported by sufficient documentation to permit the Debtors to verify the amounts claimed, or are otherwise not the applicable Debtor's liability under the applicable provisions of the Bankruptcy Code. During the course of these chapter 11 cases, the Debtors have attempted to communicate with the applicable lessors and obtain additional documentation that might substantiate the asserted damages to the properties. To date, those attempts have been unsuccessful. The Debtors detail their specific objections to each of the Disputed Claims below.

### A. Claim No. 5830 (Asserted by Cawley Chicago Portfolio, LLC in the Amount of $75,649.06)

14. Claim No. 5830, filed on June 12, 2009, asserts damages in the amount of $75,649.06 relating to that certain property at 2115 Oakleaf Street in Joliet, Illinois. Claim No. 5830 attaches only a copy of the relevant lease document and certain amendments thereto, and contains no information as to how the amount of the claim has been calculated by the claimant.

15. The Debtors believe that Claim No. 5830 should properly be allowed in the amount of $36,469.51, rather than the face amount, for two reasons. First, the Debtors' calculation of the damages that would be properly owing under the relevant lease is $51,395.25 rather than the $75,649.06 amount asserted by the claimant. The Debtors' calculation was reached by multiplying the Rentable Square Feet under the lease (7,395) by the rental price per square foot as of the Petition Date ($6.95). The claimant has provided no support for using some other calculation as the appropriate measure of rejection damages, despite multiple requests from the Debtors, nor do the Debtors believe that any alternative calculation would be valid.

16. Second, the Debtors understand that following rejection of the lease, the claimant relet the property for a substantial portion of the original lease term, further reducing

7

the amount of the claim to $36,469.51. Following the Petition Date, the Debtors, with the assistance of Cushman & Wakefield Inc., a commercial real estate consultant ("Cushman & Wakefield"), conducted research and analysis in order to determine whether certain properties as to which the relevant Debtor had rejected the applicable lease had been relet after the applicable Debtor vacated the property in question. On or about October 2009, the Debtors received information indicating that the property in question was relet in October 2009. See Rodden Declaration at ¶5. The claimant has not provided further information on the status of the re-let property. The Debtors have accordingly deducted an amount equal to the rent provided for under the original, rejected lease for the months for which the property was re-let from the damages calculation provided by the claimant.

### B. Claim No. 6119 (Asserted by Majestic Realty Co. and Yorba Linda Sub, LLC in the Amount of $437,209.91)

17. Claim No. 6119, filed on July 24, 2009, asserts a claim of $437,209.91, relating to certain property at 13971 Yorba Avenue in Chino, California. Claim No. 6119 consists of a general unsecured portion for "monthly lease charges" of $318,516.48, and an administrative priority portion for $118,693.43 in connection with certain "lease defaults owed under Lease Agreement...for repair and site restoration charges" as well as legal fee reimbursement.[5] See Claim No. 6119. After review of the claim and the Debtors' books and records, the Debtors believe the claim should be reduced in amount to $306,824.56 and allowed solely as a general unsecured claim against Debtor Los Angeles Times Communications LLC.

18. Claim No. 6119 should be reduced in amount because the general unsecured portion for "monthly lease charges" was incorrectly calculated by the claimant as of

---

[5] The Debtors dispute that any portion of the Claim is subject to administrative priority, and reserve all rights to further object, or supplement this Objection, to any alleged administrative priority liability.

the date of rejection (June 30, 2009) as opposed to the earlier of (i) the date of the filing of the petition and (ii) the date on which such lessor repossessed, or the lessee surrendered, the lease property, pursuant to the terms of section 502(b)(6) of the Bankruptcy Code. 11 U.S.C. §502(b)(6). As a result, the damages amount calculated by the claimant uses a later, higher monthly rent amount for a portion of the claim than should properly be used. Based on a correct calculation, the "monthly lease charges" amount should be $306,824.56, which represents 12 months' rent on the lease, as capped by operation of §502(b)(6).

19.    The portion of Claim No. 6119 that is asserted as an administrative expense claim in the amount of $118,693.43 should be disallowed in its entirety for two reasons. First, such amounts have not been supported with any documentation, either filed with the claim itself or provided by the claimant thereafter, notwithstanding multiple efforts by the Debtors to obtain such information. Second, the claimant's alleged administrative expense claim relates entirely to alleged pre-rejection breaches of the applicable provisions under the rejected lease. Therefore, such charges are subject to the cap on damages under section 502(b)(6) of the Bankruptcy Code, which was already reached by the 12 months' rent under the lease described above. See In re Foamex International, Inc., 368 B.R. 383, 394 (Bankr. D. Del. 2007) ("The Court finds that Claimants' damages from the failure, if any, by Debtors to perform the maintenance and repair obligations under the [leases] are limited by the [section 502(b)(6)] statutory cap."). The claimant cannot attempt to circumvent the restrictions of section 502(b)(6) by asserting administrative priority and, furthermore, as damages asserted in connection with the rejection of an unexpired lease, such damages should be considered pre-petition in nature. See 11 U.S.C. 502(g)(1) ("A claim arising from the rejection...of an...unexpired lease of the debtor that has not been assumed shall be determined, and shall be allowed under subsection (a), (b), or

9

(c) of this section…the same as if such claim had arisen before the date of the filing of the petition.")[6] As a result, Claim No. 6119 should be allowed as an unsecured claim in the amount of $306,824.56, which is the maximum amount allowable to the claimant under section 502(b)(6) of the Bankruptcy Code.

20. For all of the foregoing reasons, the Debtors have included the Disputed Claims in the Objection to correct the Claims Register and ensure that they make payments only on valid claims against their estates in connection with the rejection of the leases.

## RESERVATION OF RIGHTS

21. The Debtors hereby reserve their right to adjourn the hearing on this Objection as it pertains to any or all of the Disputed Claims. In the event that the Debtors so adjourn the hearing, they will state that the hearing on the Objection and/or any response filed in connection therewith has been adjourned on the agenda for the hearing, which agenda will be served on any party affected by such adjournment.

## NOTICE

22. Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the administrative agents for Tribune's prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' postpetition financing facility; (v) the claimants listed on Exhibit A and Exhibit B; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

---

[6] Although the asserted administrative claim should be disallowed because it is properly deemed a prepetition claim subject to the section 502(b)(6) cap, in the event that it were not found to be subject to such cap, the Debtors further object to such claim on the grounds that the claimant has not met the necessary burden of showing entitlement to an administrative claim under sections 365(d) and/or 503(b) of the Bankruptcy Code. The Debtors reserve their rights to supplement this Objection to the extent necessary with respect to their objection to the alleged administrative claim.

46429/0001-9095449V1

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter the Order, pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, (i) modifying each of the Disputed Claims as set forth on <u>Exhibit A</u> and <u>Exhibit B</u>; (ii) authorizing the Claims Agent to modify each of the Disputed Claims on the Claims Register in accordance with the Order; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
December 17, 2012

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Kenneth P. Kansa
Geoffrey M. King
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

46429/0001-9095449V1