## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objections Due: January 7, 2013**<br>**Hearing Date: Only if Objections Are Filed** |

## MONTHLY FEE APPLICATION OF
## DAVIS WRIGHT TREMAINE LLP AS SPECIAL COUNSEL TO
## DEBTORS FOR DOMESTIC LEGAL MATTERS, FOR ALLOWANCE OF
## COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
## THE PERIOD AUGUST 1, 2012 THROUGH AUGUST 31, 2012

| | |
|---|---|
| **Name of applicant:** | Davis Wright Tremaine LLP |
| **Authorized to provide professional services to:** | Tribune Company, et al. |
| **Date of retention:** | November 22, 2010 nunc pro tunc to October 1, 2010[1] |
| **Period for which compensation and reimbursement is sought:** | August 1, 2012 to August 31, 2012 |
| **Amount of compensation sought as actual, reasonable and necessary:** | $83,502.67 (80% of which is $66,802.14) |
| **Amount of expense reimbursement sought as actual, reasonable and necessary:** | $1,789.86 |

This is a:     _X_ monthly     ___ interim     ___ final application

---

[1] On March 5, 2012, Davis filed a supplemental motion (Docket No. 11088) for an order modifying the scope of retention to include certain corporate and litigation matters, nunc pro tunc to February 21, 2012.  The Court granted the motion on March 22, 2012 (Docket No. 11219).

Prior Applications Filed:

| DATE FILED | DOCKET NO. | PERIOD COVERED | FEES REQUESTED | EXPENSES REQUESTED | FEES APPROVED | EXPENSES APPROVED |
|---|---|---|---|---|---|---|
| 7/19/11 | 9493 | 9/01/10-9/30/10 | $76,420.31 | $1,292.08 | $61,136.25 | $1,292.08 |
| 7/21/11 | 9512 | 10/01/10-10/31/10 | $38,647.69 | $1,886.25 | $30,918.15 | $1,886.25 |
| 7/26/11 | 9553 | 11/01/10-11/30/10 | $13,742.69 | $911.65 | $10,994.15 | $911.65 |
| 9/07/11 | 9760 | 12/01/10-12/31/10 | $9,982.95 | $270.00 | $7,986.36 | $270.00 |
| 10/24/11 | 10055 | 1/01/11-1/31/11 | $45,611.55 | $954.30 | $36,489.24 | $954.30 |
| 10/24/11 | 10056 | 2/01/11-2/28/11 | $28,718.00 | $2,962.08 | $22,974.40 | $2,962.08 |
| 11/11/11 | 10210 | 3/01/11-3/31/11 | $43,335.40 | $1,749.47 | $34,668.32 | $1,749.47 |
| 11/11/11 | 10211 | 4/01/11-4/30/11 | $86,857.20 | $939.21 | $69,485.76 | $939.21 |
| 11/11/11 | 10212 | 5/01/11-5/31/11 | $88,684.69 | $5,138.92 | $70,947.75 | $5,138.92 |
| 11/11/11 | 10213 | 6/01/11-6/30/11 | $118,127.25 | $2,273.29 | $94,501.80 | $2,273.29 |
| 11/17/11 | 10249 | 7/01/11-7/31/11 | $95,836.05 | $4,648.32 | $76,668.84 | $4,648.32 |
| 11/17/11 | 10250 | 8/01/11-8/31/11 | $116,950.74 | $2,277.98 | $93,560.59 | $2,277.98 |
| 11/17/11 | 10251 | 9/01/11-9/30/11 | $83,901.31 | $3,322.39 | $67,121.05 | $3,322.39 |
| 2/28/12 | 11040 | 10/01/11-10/31/11 | $74,166.07 | $1,623.49 | $59,332.85 | $1,623.49 |

DWT 17581686v25 0026175-000379

| 3/26/12 | 11233 | 11/01/11-11/30/11 | $96,562.80 | $2,500.27 | $77,250.24 | $2,500.27 |
|---------|-------|-------------------|------------|-----------|------------|-----------|
| 4/10/12 | 11341 | 12/01/11-12/31/11 | $106,593.52 | $3,936.19 | $85,274.81 | $3,936.19 |
| 5/08/12 | 11581 | 1/01/12-1/31/12 | $121,875.08 | $7,450.48 | $97,500.06 | $7,450.48 |
| 6/08/12 | 11779 | 2/01/12-2/29/12 | $90,263.70 | $3,012.16 | $72,210.96 | $3,012.16 |
| 9/13/12 | 12415 | 3/01/12-3/31/12 | $98,779.95 | $2,388.26 | $79,023.96 | $2,388.26 |
| 9/19/12 | 12437 | 4/01/12-4/30/12 | $103,717.35 | $4,447.98 | $82,973.88 | $4,447.98 |
| 9/19/12 | 12438 | 5/01/12-5/31/12 | $199,116.68 | $17,094.08 | $159,293.34 | $17,094.08 |
| 10/15/12 | 12572 | 6/01/12-6/30/12 | $118,151.10 | $4,078.36 | $94,520.88 | $4,078.36 |
| 11/05/12 | 12677 | 7/01/12-7/31/12 | $102,134.25 | $1,071.08 | $81,707.40 | $1,071.08 |

DWT 17581686v25 0026175-000379

**COMPENSATION FOR PROFESSIONALS**
**AUGUST 1, 2012 THROUGH AUGUST 31, 2012**[2]

| NAME OF PROFESSIONAL PERSON | POSITION OF THE APPLICANT, AREA OF EXPERTISE, YEAR OF OBTAINING LICENSE TO PRACTICE | HOURLY BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|
| Kelli L. Sager | Partner, Media, Member of California Bar since 1985 | $544.50 | 15.50 | $8,439.75 |
| Keith Baldwin | Partner, Business and Corporate Finance, Member of Washington Bar since 1976 | $517.50 | 4.60 | $2,380.50 |
| Rochelle B. Spandorf | Partner, Business and Corporate Finance, Member of California Bar since 1977 | $490.50 | 24.40 | $11,968.20 |
| Garry G. Fujita | Partner, Business Tax, Member of Washington Bar since 1979 | $549.00 | 0.30 | $164.70 |
| Dirk J. Giseburt | Partner, Business Tax, Member of Washington Bar since 1984 | $585.00 | 0.30 | $175.50 |
| Thomas Burke | Partner, Media, Member of California Bar since 1989 | $508.50 | 0.50 | $127.12* |
| Lynn T. Manolopoulos | Partner, Environmental Law, Member of Washington Bar since 1991, Member of Alaska Bar since 2006 | $436.50 | 0.10 | $43.65 |
| Alonzo Wickers IV | Partner, Media, Member of California Bar since 1993 | $490.50 | 0.80 | $392.40 |
| James D. Nguyen | Partner, Intellectual Property, Member of California Bar since 1995 | $540.00 | 1.00 | $540.00 |
| Kenneth E. Payson | Partner, Intellectual Property, Member of Washington Bar since 1996 | $427.50 | 25.00 | $10,687.50 |

[2] Some of these matters involved cases where the fees were split among clients, one of which was Debtor. The "total compensation" amount reflects the amount billed only to Debtor, not the total fees billed on the matter. An asterisk (*) indicates the matters for which fees and expenses were split among clients, and the lawyer(s) who worked on "split" matters.

DWT 17581686v25 0026175-000379

| Camilo Echavarria | Partner, Employment, Member of California Bar since 1997 | $414.00 | 1.10 | $455.40 |
|---|---|---|---|---|
| Rochelle L. Wilcox | Partner, Media, Member of California Bar since 1998 | $387.00 | 48.30 | $12,074.40* |
| Sheehan Sullivan Weiss | Partner, Employment, Member of Washington Bar since 2002 | $418.50 | 2.10 | $878.85 |
| Ronald London | Of Counsel, Media, Member of District of Columbia Bar since 1997, Member of Maryland Bar since 1995 | $450.00 | 2.10 | $945.00 |
| Sean M. Sullivan | Associate, Intellectual Property, Member of California Bar since 2003 | $355.50 | 34.60 | $12,300.30 |
| Gillian Murphy | Associate, Employment, Member of Washington Bar since 2005 | $364.50 | 1.00 | $364.50 |
| Jeffrey D. Glasser | Associate, Media, Member of California Bar since 2007 | $310.50 | 15.50 | $4,253.85* |
| Meghan K. Moran | Associate, Business and Corporate Finance, Member of Oregon Bar since 2007 | $346.50 | 13.20 | $4,573.80 |
| Jonathan L. Segal | Associate, Media, Member of California Bar since 2008 | $292.50 | 17.40 | $5,089.50 |
| Rebecca J. Francis | Associate, Litigation, Member of Washington Bar since 2009 | $301.50 | 15.80 | $4,763.70 |
| Dan Laidman | Associate, Media, Member of California Bar since 2010 | $261.00 | 5.10 | $1,331.10 |
| Kathleen Cullinan | Associate, Media, Class of 2012 | $243.00 | 1.30 | $315.90 |
| Jennifer Cygnor | Litigation Paralegal | $220.50 | 0.10 | $22.05 |
| Benjamin Planchon | Litigation Paralegal | $193.50 | 2.90 | $561.15 |
| Kristina Roth | Litigation Paralegal | $117.00 | 4.10 | $239.85* |
| Gino Pasquale | Document Clerk | $72.00 | 3.50 | $252.00 |
| Warren Keville | Document Clerk | $54.00 | 3.00 | $162.00 |

DWT 17581686v25 0026175-000379

| GRAND TOTALS: | | 243.60 | $83,502.67 |
|---|---|---|---|
| BLENDED RATE: | $366.33 | | |

DWT 17581686v25 0026175-000379

## COMPENSATION BY PROJECT CATEGORY[3]

| PROJECT CATEGORY | TOTAL HOURS | TOTAL FEES |
|---|---|---|
| Los Angeles Times General Advice | 1.70 | $725.40 |
| Commission on Peace Officer Standards & Training | 0.30 | $131.85 |
| Gaming Advertising Advice | 1.00 | $540.00 |
| Bankruptcy | 4.50 | $796.50 |
| Ad Development | 2.10 | $708.30 |
| Long Beach Police Officers Association | 3.80 | $1,459.80 |
| Strick | 66.80 | $23,355.90 |
| Los Angeles Unified School District CPRA | 2.30 | $937.35 |
| Dancer | 43.50 | $16,444.80 |
| City of Los Angeles Protective Order | 20.80 | $7,416.45 |
| Setyan | 0.50 | $272.25 |
| UC Davis Pepper Spray | 42.40 | $7,543.57* |
| Los Angeles Memorial Coliseum CPRA | 6.90 | $2,170.80 |
| KCPQ Employment Advisory | 1.00 | $364.50 |
| Tribune Los Angeles General Advice | 1.00 | $450.00 |
| GBH Investments | 5.00 | $2,588.85 |
| Paula Marmion | 2.10 | $878.85 |
| Distribution | 37.90 | $16,717.50 |
| TOTALS: | 243.60 | $83,502.67 |

---

[3] In some of these matters, Davis may have represented multiple clients in addition to Debtor, and the total fees were split among those participating clients. The amount shown is only the amount billed to Debtor. An asterisk (*) indicates the matter(s) for which fees and expenses were split among clients.

DWT 17581686v25 0026175-000379

**EXPENSE SUMMARY**

| EXPENSE CATEGORY | SERVICE PROVIDER | TOTAL EXPENSES |
|---|---|---|
| Photocopying | Davis Wright Tremaine LLP | $37.05 |
| Messenger/Courier | Specialized Legal Services | $19.50 |
| Messenger/Courier | Apex Attorney Services | $147.75 |
| Messenger/Courier | Federal Express | $27.94 |
| Messenger/Courier | Nationwide Legal Express LLC | $661.50 |
| Research | West Publishing | $247.67 |
| Research | Lexis-Nexis | $590.91 |
| Telephonic Court Appearance | Court Call, LLC | $37.00 |
| Parking | | $10.00 |
| Mileage | | $10.54 |
| TOTAL: | | $1,789.86 |

DWT 17581686v25 0026175-000379

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objections Due: January 7, 2013**<br>**Hearing Date: Only if Objections Are Filed** |

### MONTHLY FEE APPLICATION OF
### DAVIS WRIGHT TREMAINE LLP FOR ALLOWANCE AND PAYMENT OF
### COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
### EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FOR CERTAIN
### LITIGATION MATTERS FOR THE PERIOD
### AUGUST 1, 2012 THROUGH AUGUST 31, 2011

Davis Wright Tremaine LLP ("Davis"), as Special Counsel for Domestic Legal Matters to the Tribune Company, et al. (the "Debtors"), hereby submits this Application (the "Application") for approval and allowance of compensation for services rendered in the amount of $83,502.67 (80% of which equals $66,802.14) and reimbursement for expenses incurred in the amount of $1,789.86 during the period commencing August 1, 2012 through August 31, 2012 (the "Application Period"). This Application is submitted pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order"), the Executive Office of United States Trustees' Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated March 22, 1995 (the "Guidelines"), and the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for

Professionals and Consideration of Fee Applications, dated March 19, 2009 (the "Fee Examiner Order"). In support of this Application, Davis respectfully represents as follows:

## JURISDICTION

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are sections 105(a), 330 and 331 of the Bankruptcy Code, and Bankruptcy Rule 2016.

## BACKGROUND

3.      On December 8, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). On December 10, 2008, the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

4.      On October 12, 2009, Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, Inc. (the "Cubs" and one of the Debtors) filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court. On October 14, 2009, the Court entered an order consolidating the Cubs' chapter 11 case with the Debtors' chapter 11 cases for procedural purposes only (the "Cubs Order"). In all, the Debtors comprise 111 entities.

5.      The Debtors have continued in possession of their respective properties and have continued in the management and operation of their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6.      No trustee has been appointed in these chapter 11 cases.

2

## DAVIS RETENTION

7.      Prior to the Petition Date, the Debtors retained Davis as general legal counsel and agreed to pay on a monthly basis the reasonable value of services rendered based on Davis' standard billing rates and pursuant to its standard reimbursement policies.

8.      On November 22, 2010, the Court authorized the employment and retention of Davis pursuant to sections 105(a) and 327(a) as special counsel to the Debtors for general domestic legal matters, nunc pro tunc to October 1, 2010.[1]

## COMPENSATION PAID AND ITS SOURCES

9.      All services for which compensation is requested by Davis were performed for or on behalf of the Debtors.

10.      In compliance with Local Rule 2016-2, Davis confirms that during the Application Period, Davis received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application except from the Debtors.  There is no agreement or understanding between Davis and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.

11.      As of the Petition Date, Davis held a retainer from the Debtors in the amount of $39,173.52.  The Debtors reduced their first payment to Davis by the amount of the retainer and Davis drew down on the retainer in connection with the payment due pursuant to the Ordinary Course Professional Application.  Accordingly, Davis no longer holds any retainer in connection with its retention in these cases.

## FEE STATEMENTS

---

[1] On March 5, 2012, Davis filed a supplemental motion (Docket No. 11088) for an order modifying the scope of retention to include certain corporate and litigation matters, nunc pro tunc to February 21, 2012.  The Court granted the motion on March 22, 2012 (Docket No. 11219).

3

12.     The time records for the Application Period are attached as Exhibit A.  The time records contain daily time logs describing the time spent by each attorney and paraprofessional for the Application Period.  Attorneys and paraprofessionals of Davis have expended a total of 243.60 hours in connection with these cases during the Application Period.  The reasonable value of services rendered by Davis to the Debtors during the Application Period is $83,502.67.  This amount results from a discount applied to Davis' normal hourly rates for work of this nature.  To the best of Davis's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and the Compensation Order.

## SUMMARY OF SERVICES RENDERED

13.     Davis serves the Debtors as special litigation counsel.  Davis customarily performs various First Amendment, newsroom, media, defamation, privacy, access, copyright, and other litigation matters for Debtors (collectively, the "Litigation Matters").  The Litigation Matters on which Davis represents the Debtors involve allegations of libel or other related causes of action that go to the heart of the Debtors' news business.  Davis also serves Debtors as special counsel with respect to certain corporate and litigation advice for matters arising in Washington state.

14.     The following is a summary of the activities performed by Davis attorneys and paraprofessionals during the Application Period, organized by project category.

15.     (26175-4) Los Angeles Times General Advice – Davis provided general legal advice to the Debtors with respect to its publications.

16.     (26175-116) Commission on Peace Officer Standards & Training – Davis assisted Debtors in connection with a dispute with POST involving its obligation to provide information about peace officers under California's Public Records Act.

17.     (26175-326) Gaming Advertising Advice – Davis provided advice and counseling to Debtors concerning various advertising issues.

4

18.    (26175-379) Bankruptcy – Davis provided Debtors with assistance in bankruptcy related proceedings, including preparation of fee applications.

19.    (26175-380) Ad Development – Davis provided advice and counseling to Debtors concerning various advertising issues.

20.    (26175-385) Long Beach Police Officers Association – Davis assisted Debtors in litigation under California's Public Records Act for information about the identity of police officers involved in shootings.

21.    (26175-392) Strick – Davis assisted Debtors in defending a copyright lawsuit brought by a former freelance photographer.

22.    (26175-398) Los Angeles Unified School District CPRA – Davis represented Debtors in a dispute with the Los Angeles Unified School District concerning California Public Records Act requests.

23.    (26175-413) Dancer – Davis assisted Debtors in defending against a class action lawsuit filed under the Telephone Consumer Protection Act.

24.    (26175-417) City of Los Angeles Protective Order – Davis assisted Debtors in seeking to modify a protective order in a gang curfew class action lawsuit against the City of Los Angeles.

25.    (26175-418) Setyan – Davis assisted Debtors in connection with a small claims lawsuit involving The Times' Glendale paper.

26.    (26175-422) UC Davis Pepper Spray – Davis assisted Debtors in litigation under California's Public Records Act for information about the identity of police officers involved in spraying student protestors with pepper spray.

27.    (26175-423) Los Angeles Memorial Coliseum CPRA – Davis assisted Debtors in connection with public records and Brown Act issues and litigation concerning the Commission's approval of a long-term lease to University of Southern California.

28.    (41033-11) KCPQ Employment Advisory – Davis provided general legal advice regarding employment matters.

DWT 17581788v25 0026175-000379

29.     (41033-20) Tribune General Advice – Davis provided periodic general legal advice to Debtors with respect to various matters.

30.     (41033-22) GBH Investments – Davis assisted Debtors in its evaluation of corporate status and liability issues for its subsidiary Publishers Forest Products Co. of Washington.

31.     (41033-23) Paula Marmion – Davis assisted Debtors in defending against Washington state employment disability discrimination claims brought by former employee against Tribune Television Northwest Inc. d/b/a KCPQ and three individual managers.

32.     (41033-26) Distribution – Davis assisted Debtors in negotiating the terms of a distribution agreement.

## ACTUAL AND NECESSARY EXPENSES

33.     By this Application, Davis seeks interim allowance for reimbursement of expenses actually and necessarily incurred in connection with the rendition of its services in the amount of $1,789.86.  The requested expenses are customarily charged to non-bankruptcy clients of Davis.

34.     With respect to photocopying expenses, Davis ordinarily charges all of its clients $0.15 per page, but pursuant to Local Rule 2016-2(e), Davis has charged the Debtors the maximum permitted amount of $0.10 per page.  With respect to facsimile expenses, in compliance with the Guidelines, Davis charges $0.50 per page for facsimile transmissions.

35.     In addition, because of the nature of the Debtors' businesses and the location of certain key constituents in these cases, travel may have been required for certain matters.  Such travel expenses, such as mileage, parking, air fare, meals, and car service, are typically borne by the attorney, then reimbursed by the firm and charged to the appropriate client and matter.

36.     The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and creditors.

6

37.    To the extent that time or disbursement charges for services rendered or disbursements incurred related to the Application Period, but were not processed prior to the preparation of this Application, Davis reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

## CONCLUSION

38.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Davis is fair and reasonable given (a) the complexity of the legal matters, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the cost of comparable services other than in a case under this title.  Davis has reviewed the requirements of Local Rule 2016-2 and reasonably believes that this Application complies with that rule.

WHEREFORE, Davis respectfully requests that payment be made to Davis pursuant to the terms of the Compensation Order for the period of August 1, 2012 through August 31, 2012 in the amount of $66,802.14 (80% of $83,502.67) on account of professional services rendered, and $1,789.86 for the reimbursement of expenses incurred in connection therewith, for a total payment of $68,592.00.

Dated: December 18, 2012                    Respectfully submitted,


By: /s/ Kelli L. Sager
    Kelli L. Sager
    Davis Wright Tremaine LLP
    865 S. Figueroa Street, Suite 2400
    Los Angeles, CA  90017
    (213) 633-6800
    (213) 633-6899 (fax)

    Special Counsel for Domestic Legal Matters
    to Tribune Company, et al.

DWT 17581788v25 0026175-000379