**EXHIBIT B**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Ref Docket Nos. 12324, 12396 and _____** |

**ORDER APPROVING STIPULATION RESOLVING DEBTORS' OBJECTION TO CLAIM NO. 3045 OF JAMES GRIFFIN PURSUANT TO SECTIONS 502(B) AND 558 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3001, 3003, AND 3007**

Upon consideration of the *Stipulation Resolving Debtors' Objection to Claim No. 3045 of James Griffin Pursuant to Sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007* (the "Stipulation"), a copy of which is attached hereto as Exhibit 1; and it appearing that the Stipulation is in the best interests of the Debtors, their estates

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

and creditors and other parties in interest; and after due deliberation and sufficient cause

appearing therefor; it is hereby

ORDERED, that the Stipulation, attached hereto as <u>Exhibit 1</u>, is approved, and the

terms and conditions of the Stipulation are incorporated in this Order by reference as if fully set

forth herein; and it is further

ORDERED that the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, is

hereby authorized and empowered to amend the Debtors' claims register to comport with the

entry of this Order; and it is further

ORDERED, that the Debtors are authorized and empowered to take any and all

necessary steps to carryout and otherwise effectuate the terms, conditions and provisions of the

Stipulation; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine any and

all matters arising from or related to the interpretation or implementation of this Order or the

Stipulation.

Dated: Wilmington, Delaware
       December ___, 2012

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge

**EXHIBIT 1**

Stipulation

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Ref Docket Nos. 12324 and 12396** |

## STIPULATION RESOLVING DEBTORS' OBJECTION TO CLAIM NO. 3045 OF JAMES GRIFFIN PURSUANT TO SECTIONS 502(B) AND 558 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3001, 3003, AND 3007

This stipulation (the "Stipulation") is entered into by and among The Hartford

Courant Company ("THCC")[2] and each of the debtors and debtors in possession in the above-

captioned chapter 11 cases (collectively, with THCC, the "Debtors"), on the one hand, and James

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (9477); KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Pursuant to the restructuring transactions contemplated under the Plan (as defined below), THCC has merged, or soon will merge, into a limited liability company in lieu of conversion, and will change its name to The Hartford Courant Company, LLC.

L. Griffin ("Griffin"), on the other hand, by and through their respective undersigned counsel.

The Debtors and Griffin are each referred to herein as a "Party" and, collectively, as the

"Parties."

## RECITALS

A.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a

voluntary petition for relief under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code").  The Debtors' chapter 11 cases are jointly administered for procedural

purposes only.

B.      Prior to the Petition Date, on October 27, 2008, Griffin filed a Complaint

(the "Complaint") against THCC, the publisher of the Hartford Courant newspaper, in the

Hartford Superior Court, State of Connecticut (the "State Court"), whereby the action styled

*Griffin, James L. v. Hartford Courant*, Case No. HHB-CV-08-5010232-S (the "State Court

Action"), was commenced.[3]  The Complaint apparently seeks to allege a claim under

Connecticut state law for invasion of privacy by false light, based on a number of articles and

editorials that were published in the Hartford Courant newspaper.

C.      On May 22, 2009, Griffin filed Claim No. 3045 against THCC (the

"Griffin Claim") pursuant to which he appears to demand damages of $100,000 based on the

allegations raised in the Complaint.

D.      On July 23, 2012, the Court entered the Order Confirming Fourth

Amended Joint Plan of Reorganization (the "Plan") for Tribune Company and Its Subsidiaries

Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital

---

[3] While the Complaint is dated October 27, 2008, the State Court's website provides that the Complaint and
summons date is November 4, 2008.

Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 12074].

      E.      On August 23, 2012, the Debtors filed the Debtors' Objection to Claim No. 3045 of James Griffin Pursuant to Sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007 [Docket No. 12324] (the "Objection"), pursuant to which the Debtors sought to disallow and expunge the Griffin Claim in its entirety because, among other things, (i) the underlying Complaint fails to meet pleading requirements, (ii) THCC has legitimate defenses to each complained-of statement in the Complaint, and (iii) Griffin fails to provide any support for his $100,000 damages figure.

      F.      On September 10, 2012, Griffin filed the Claimant's Memorandum in Opposition to Debtors' Objection to Claim No. 3045 of James Griffin [Docket No. 12396] (the "Response"). The Response essentially provides that the Debtors do not have a legitimate defense to one of the complained-of statements in the Complaint.

      G.      Since the filing of the Response, the Parties have engaged in numerous discussions regarding the merits of the Complaint, the Objection and the Response. In an effort to maximize efficiency and cost-effectiveness, the Parties have negotiated a consensual resolution to their dispute. The Parties have agreed to enter into this Stipulation to document their agreement.

      **NOW, THEREFORE, THE PARTIES STIPULATE AND AGREE AS FOLLOWS**:

## AGREEMENT

      1.      The recitals set forth above are incorporated herein by reference.

2.    The Griffin Claim shall be modified to be an Allowed General Unsecured Claim (as defined in the Plan) against THCC in the reduced amount of Ten Thousand Dollars ($10,000.00) (the "Modified Griffin Claim").

3.    The Modified Griffin Claim shall be satisfied in accordance with the provisions for the payment of claims as set forth in the Plan.  The satisfaction of the Modified Griffin Claim in accordance with the Plan shall be in full and final satisfaction of all prepetition claims arising out of or relating to the subject matter of the Complaint and the Griffin Claim.

4.    The State Court Action shall be deemed immediately dismissed, with prejudice.  Accordingly, within two (2) business days of date of entry of an order of the Court approving this Stipulation, Griffin or his counsel must file with the State Court a notice of withdrawal of the Complaint, with prejudice.

5.    Griffin shall be barred from filing any other or further proofs of claim in any of the Debtors' chapter 11 cases.

6.    Excluding any obligations of the Debtors or Reorganized Debtors (as defined in the Plan) under this Stipulation, Griffin irrevocably and unconditionally, fully, finally and forever waives, releases, acquits and discharges any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, contracts, damages, judgments, claims, and demands whatsoever, in law or equity, known or unknown, filed or unfiled, asserted or unasserted, which Griffin ever had, now has or hereafter can, shall or may have against the Debtors or Reorganized Debtors (as defined in the Plan).

7.    The Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, shall be authorized and empowered to amend the Debtors' claims register to comport with this Stipulation.

46429/0001-9110376v1

8.    This Stipulation constitutes the Parties' entire agreement and supersedes and amends any and all agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof, except as otherwise expressly provided herein. This Stipulation is not intended to confer upon any other person any rights or remedies hereunder.

9.    The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

10.    This Stipulation may be executed in counterparts, all of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

11.    This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to principles of conflict of laws.

12.    This Stipulation may not be amended without the express written consent of all Parties hereto.

13.    This Stipulation shall be binding upon the Parties hereto and upon their affiliates, assigns and successors, including, without limitation, any trustee that might be appointed in the Debtors' chapter 11 cases.

14.    The Parties acknowledge that they have each participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either party on account of such drafting.

5

15.    The United States Bankruptcy Court for the District of Delaware shall retain jurisdiction over any and all disputes or other matters arising under or otherwise relating to this Stipulation.

16.    All contentions made in this Stipulation are made in furtherance of a proposed settlement and neither Griffin nor the Debtors admit or concede the validity of any of claims or defenses and nothing herein shall be deemed an admission of fact or law.  This Stipulation is entered into solely for the convenience of the Parties and neither this Stipulation nor the fact of its execution will constitute any admission or acknowledgment of liability or wrongdoing on the part of either of the Parties in connection with the allegations raised in the Complaint, the State Court Action or otherwise.  The Parties will not offer this Stipulation or the fact of its execution into evidence in any proceeding other than a proceeding to approve or enforce this Stipulation or any of its terms.

*Signature Page Follows*

46429/0001-9110376v1

**STIPULATED AND CONSENTED TO BY:**

SIDLEY AUSTIN LLP
Bryan Krakauer
Kenneth P. Kansa
Jillian K. Ludwig
Matthew G. Martinez
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

      - and -

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD,
P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

JOHN R. WILLIAMS AND ASSOCIATES,
LLC

By: _____
John R. Williams
51 Elm Street
New Haven, Connecticut 06510
Telephone: (203) 562-9931
Facsimile: (203) 776-9494

COUNSEL TO JAMES L. GRIFFIN

7