# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: January 10, 2013 at 4:00 p.m. (ET)** |

## TWENTY-FIRST MONTHLY APPLICATION OF PAUL HASTINGS LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL FOR GENERAL REAL ESTATE MATTERS FOR THE PERIOD FROM SEPTEMBER 1, 2011 THROUGH MARCH 31, 2012

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

| Name of Applicant: | Paul Hastings LLP, successor in interest to Paul, Hastings, Janofsky & Walker LLP[2] |
| Authorized to Provide Professional Services to: | The above-captioned Debtors and Debtors-in-Possession |
| Date of Retention: | February 3, 2009 *Nunc Pro Tunc* to December 8, 2008 (Docket No. 323) |
| Interim Period: | September 1, 2011 through March 31, 2012 |
| Interim Compensation Sought: | $7,026.50  (80% of which is $5,621.20) |
| Interim Expense Reimbursement Sought: | $0.00 |

This is a(n):    __X__ Monthly    _____ interim    _____ Final application

Prior applications filed:

| | Applications | | | | CNOs | |
|---|---|---|---|---|---|---|
| Date Filed | Docket No. | Period Covered | Fees Requested / Voluntary Fee Reduction[3] | Expenses Requested / Voluntary Expense Reduction[3] | Date Filed | Docket No. |
| 2/27/09 | 459 | 12/8/08 through 1/31/09 | $225,118.00 ($788.00) | $167.28 ($38.00) | 5/7/09 | 1148 |
| 3/27/09 | 820 | 2/1/09 through 2/28/09 | $120,769.50 ($938.50) | $27.65 | 5/7/09 | 1149 |
| 5/11/09 | 1175 | 3/1/09 through 3/31/09 | $102,618.00 ($1,655.00) | $252.41 | 6/3/09 | 1288 |
| 6/26/09 | 1648 | 4/1/09 through 4/30/09 | $122,648.00 ($690.50) | $88.22 ($18.00) | 7/22/09 | 1797 |
| 6/30/09 | 1667 | 5/1/09 through 5/31/09 | $204,721.00 ($248.50) | $883.29 ($4.50) | 7/22/09 | 1798 |
| 7/31/09 | 1875 | 6/1/09 through 6/30/09 | $95,656.50 ($5,738.50) | $56.45 | 8/25/09 | 2014 |

---

[2]    Effective July 25, 2011, the firm changed its name from Paul, Hastings, Janofsky & Walker LLP to Paul Hastings LLP.  Paul Hastings LLP will file concurrently herewith a Notice of Change of Firm Name.

[3]    At the Fee Auditor's request, Paul Hastings agreed to reduce its requested fees and expenses in the amount shown in parentheses.

46429/0001-9117126v1

| 9/4/09 | 2098 | 7/1/09 through 7/31/09 | $66,906.50 ($1,868.00) | $1,308.11 | 10/1/09 | 2256 |
|---|---|---|---|---|---|---|
| 10/1/09 | 2252 | 8/1/09 through 8/31/09 | $85,936.00 ($2,984.00) | $3.90 | 10/26/09 | 2423 |
| 10/29/09 | 2460 | 9/1/09 through 9/30/09 | $54,505.00 ($2,641.50) | $44.72 | 11/20/09 | 2606 |
| 12/3/09 | 2727 | 10/1/09 through 10/31/09 | $76,550.50 ($1,630.50) | $548.40 | 12/28/09 | 2945 |
| 12/28/09 | 2944 | 11/1/09 through 11/30/09 | $55,635.50 ($1,570.50) | $64.56 | 1/21/10 | 3160 |
| 1/28/10 | 3254 | 12/1/09 through 12/31/09 | $12,457.00 ($6,623.83) | $43.05 | 2/19/10 | 3510 |
| 3/3/10 | 3678 | 1/1/10 through 1/31/10 | $19,668.50 ($2,392.29) | $3,949.51 | 3/25/10 | 3852 |
| 3/26/10 | 3869 | 2/1/10 through 2/28/10 | $10,670.50 ($1,980.38) | $0.00 | 4/19/10 | 4109 |
| 7/8/10 | 4960 | 3/1/10 through 5/31/10 | $63,584.00 ($67.00) | $17.70 | 8/9/10 | 5317 |
| 9/27/10 | 5817 | 6/1/10 through 8/31/10 | $46,872.50 ($1,582.00) | $26.43 | 10/20/10 | 6058 |
| 12/27/10 | 7319 | 9/1/10 through 11/30/10 | $7,182.00 ($517.50) | $1,790.00 | 1/21/11 | 7594 |
| 4/14/11 | 8654 | 12/1/10 through 2/28/11 | $46,256.50 ($692.00) | $19.90 | 5/6/11 | 8844 |
| 7/6/11 | 9417 | 3/1/11 through 5/31/11 | $40,759.00 ($240.00) | $168.10 ($18.00) | 7/28/11 | 9565 |
| 10/5/11 | 9897 | 6/1/11 through 8/31/11 | $2,185.00 | $13.58 | 10/27/11 | 10082 |

3

Prior Interim Applications Filed:

| Dkt. No. Date Filed | Period Covered | Fees Requested / Voluntary Fee Reduction[4] | Expenses Requested / Voluntary Expense Reduction[4] | Court Order Dkt. No. Date Filed | Allowed Fees and Expenses | Paid Fees and Expenses |
|---|---|---|---|---|---|---|
| 1052 4/17/09 | 12/8/08 through 2/28/09 | $345,887.50 ($1,726.50) | $194.93 ($38.00) | 2857 12/15/09 | Fees: $344,161.00 Expenses: $156.93 | Fees: $344,161.00 Expenses: $156.93 |
| 1758 7/16/09 | 3/1/09 through 5/31/09 | $429,987.00 ($2,594.00) | $1,223.92 ($22.50) | 4467 5/18/10 | Fees: $427,393.00 Expenses: $1,201.42 | Fees: $427,393.00 Expenses: $1,201.42 |
| 2363 10/15/09 | 6/1/09 through 8/31/09 | $248,499.00 ($10,590.50) | $1,368.46 | 6078 10/22/10 | Fees: $237,908.50 Expenses: $1,368.46 | Fees: $237,908.50 Expenses: $1,368.46 |
| 3073 1/13/10 | 9/1/09 through 11/30/09 | $186,691.00 ($5,842.50) | $657.68 | 9697 8/24/11 | Fees: $180,848.50 Expenses: $657.68 | Fees: $180,848.50 Expenses: $657.68 |
| 4067 4/15/10 | 12/1/09 through 2/28/10 | $42,796.00 ($10,996.50) | $3,992.56 | 10020 10/19/11 | Fees: $31,799.50 Expenses: $3,992.56 | Fees: $31,799.50 Expenses: $3,992.56 |
| 5045 7/15/10 | 3/1/10 through 5/31/10 | $63,584.00 ($67.00) | $17.70 | 10418 12/12/11 | Fees: $63,517.00 Expenses: $17.70 | Fees: $63,517.00 Expenses: $17.70 |
| 5950 10/14/10 | 6/1/10 through 8/31/10 | $46,872.50 ($1,582.00) | $26.43 | 10933 2/15/12 | Fees: $45,290.50 Expenses: $26.43 | Fees: $45,290.50 Expenses: $26.43 |
| 7478 1/12/11 | 9/1/10 through 11/30/10 | $7,182.00 ($517.50) | $1,790.00 | 11464 4/24/12 | Fees: $6,664.50 Expenses: $1,790.00 | Fees: $6,664.50 Expenses: $1,790.00 |
| 8658 4/14/11 | 12/1/10 through 2/28/11 | $46,256.50 ($692.00) | $19.90 | 11989 7/11/12 | Fees: $45,564.50 Expenses: $19.90 | Fees: $45,564.50 Expenses: $19.90 |
| 9417 7/6/11 | 3/1/11 through 5/31/11 | $40,759.00 ($240.00) | $168.10 ($18.00 | 11990 7/11/12 | Fees: $40,519.00 Expenses: $150.10 | Fees: $40,519.00 Expenses: $150.10 |
| 9951 10/11/11 | 6/1/11 through 8/31/11 | $2,185.00 | $13.58 | 12500 10/2/12 | Fees: $2,185.00 Expenses: $13.58 | Fees: $2,185.00 Expenses: $13.58 |

---

[4]   At the Fee Auditor's request, Paul Hastings agreed to reduce its requested fees and expenses in the amount shown in parentheses.

**COMPENSATION BY PROFESSIONALS AND PARAPROFESSIONALS**
**SEPTEMBER 1, 2011 THROUGH MARCH 31, 2012**

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, Year Obtained Relevant License to Practice | Hourly Billing Rate (Including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Katherine A. Traxler | Of Counsel; Member of California Bar since 1990; Joined Firm in 1990. | $715 | 4.10 | $2,931.50 |
| Holly Snow | Associate; Member of Illinois Bar since 2009; Joined Firm in 2010. | $495 | 1.00 | $495.00 |
| Lito M. Natividad | Billing – Lead; Joined Firm in 1998. | $240 | 15.00 | $3,600.00 |
| **TOTAL** | | | **20.10** | **$7,026.50** |

| | |
|---|---|
| Grand Total | $7,026.50 |
| Attorney Compensation | $3,426.50 |
| Total Attorney Hours | 5.10 |
| Blended Attorney Rate | $671.86 |

**COMPENSATION BY PROJECT CATEGORY**
**SEPTEMBER 1, 2011 THROUGH MARCH 31, 2012**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| **Administration** | | |
| Fee/Employment Applications (B160) | 20.10 | $7,026.50 |
| **TOTAL** | **20.10** | **$7,026.50** |

**EXPENSE SUMMARY**
**SEPTEMBER 1, 2011 THROUGH MARCH 31, 2012**

None

46429/0001-9117126v1

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Objection Deadline: January 10, 2013 at 4:00 p.m. (ET) |

## TWENTY-FIRST MONTHLY APPLICATION OF PAUL HASTINGS LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL FOR GENERAL REAL ESTATE MATTERS FOR THE PERIOD FROM SEPTEMBER 1, 2011 THROUGH MARCH 31, 2012

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Court's Order Establishing Procedures for Interim Compensation and

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 [Docket. No. 225] (the "Administrative Order"), Paul Hastings LLP ("Paul Hastings"), successor in interest to Paul, Hastings, Janofsky & Walker LLP, hereby files this Twenty-First Monthly Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Special Counsel for General Real Estate Matters for the Period from September 1, 2011 through March 31, 2012 (the "Application").  By this Application, Paul Hastings requests allowance of $7,026.50 as compensation and $0.00 for reimbursement of actual and necessary expenses, for a total of $7,026.50 for the interim period from September 1, 2011 through and including March 31, 2012 (the "Compensation Period"), which amounts have not been the subject of a previous interim application.  In support of this Application, Paul Hastings respectfully represents as follows:

## Background

1.      On December 8, 2008 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2.      Paul Hastings was retained effective *nunc pro tunc* as of the Petition Date by this Court's Order dated February 3, 2009 [Docket No. 323] (the "Retention Order").  The Retention Order authorized Paul Hastings to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

3.      In this Application, Paul Hastings respectfully requests allowance of compensation and reimbursement of expenses for its legal services rendered for and on behalf of the Debtors in these chapter 11 cases.

2

## Compensation Paid and Its Source

4.      All services for which compensation is requested by Paul Hastings were performed for or on behalf of the Debtors.

5.      Except to the extent of the retainer paid to Paul Hastings as described in the application seeking approval of Paul Hastings' employment, Paul Hastings has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity in connection with the matters covered by this Application.  There is no agreement or understanding between Paul Hastings and any other person other than the attorneys, employees, and staff of Paul Hastings for the sharing of compensation to be received for services rendered in these cases.

## Fee Statements

6.      The fee statements for the Compensation Period are attached hereto as <u>Exhibit A</u>. These statements contain daily time logs describing the time spent by each attorney and paraprofessional for this period.  To the best of Paul Hastings' knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Guidelines adopted by the Office of the United States Trustee, Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), and the Administrative Order.

## Actual and Necessary Expenses

7.      A summary of the actual and necessary expenses incurred by Paul Hastings during the Compensation Period is attached hereto as <u>Exhibit B</u>.  Paul Hastings' computerized billing system records certain expenses, such as long distance telephone and online research charges, without identifying the individual incurring the expense, and the Firm respectfully

3

requests that the Court waive the Firm's compliance with Del. Bank. L.R. 2016-2(e)(ii).

8.     Paul Hastings' standard charge for photocopies is $0.20 per page.  For purposes of these chapter 11 cases, the Firm has reduced this charge to $0.10 per page.  Also, Paul Hastings customarily charges its clients $1.25 per page for out-going facsimile transmissions. For purposes of these cases, the Firm has reduced this charge to $1.00 per page.  Actual long-distance carrier charges for outgoing facsimile transmissions are reflected in the long-distance telephone charges.

9.     Paul Hastings believes the foregoing rates are the market rates that the majority of law firms charge clients for such services.  In addition, Paul Hastings believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

**Summary of Services Rendered**

10.     Paul Hastings has maintained detailed records of the time spent rendering professional services to the Debtors during the Compensation Period.  Attached hereto as Exhibit A and incorporated herein by reference is a true and correct copy of the fee statements for services rendered during the Compensation Period. The fee statements are in the same form regularly used by Paul Hastings to bill its clients for services rendered and include the date that the services were rendered, a detailed, contemporaneous narrative description of the services provided, the amount of time spent for each service, and the designation of the professional who performed the service.

11.     As set forth in Exhibit A hereto, Paul Hastings rendered 20.10 hours of professional services during the Compensation Period, resulting in legal fees totaling $7,026.50

4

and incurred associated reasonable and necessary expenses totaling $0.00.

## Summary of Services by Project Category

12.    The services rendered by Paul Hastings during the Compensation Period can be grouped into the category set forth below.  The category is generally described below, with a more detailed identification of the actual services provided set forth in Paul Hastings' fee statements filed in these cases.

### Fee / Employment Applications

Fees: $7,026.50                    Total Hours: 20.10

This category includes all matters relating to and including retention applications, disclosure declarations, monthly and interim fee applications, defending and appearing in Court (in person or telephonically) on the retention and fee applications, and interim compensation procedures.

## Valuation of Services

13.    During the Compensation Period, Paul Hastings' attorneys and paraprofessionals expended a total of 20.10 hours for which compensation is requested. Of the aggregate time expended, 4.10 recorded hours were expended by partners and counsel of Paul Hastings, 1.00 recorded hours were expended by associates, and 15.00 recorded hours were expended by paraprofessionals and other timekeepers of Paul Hastings. The nature of the work performed by these persons is fully set forth in Exhibit A attached hereto.  These are Paul Hastings' normal hourly rates for work of this character.  The reasonable value of the services rendered by Paul Hastings to the Debtors during the Compensation Period is $7,026.50.

14.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Paul Hastings is fair and reasonable

given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.  Paul Hastings has reviewed the requirements of Local Rule 2016-2 and believes that this Application complies with that Rule. To the extent necessary, Paul Hastings requests a waiver for cause shown of any guideline requirement not met by this Application.

15.    To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period, but were not processed before the preparation of this Application, Paul Hastings reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

WHEREFORE, Paul Hastings respectfully requests entry of a Court order authorizing, for the period from September 1, 2011 through March 31, 2012, (a) an administrative allowance for Paul Hastings pursuant to the terms of the Administrative Order, with respect to the sum of $7,026.50 as compensation for necessary professional services rendered (80% of which equals $5,621.20), and the sum of $0.00 as 100% reimbursement of actual necessary costs and expenses, for a total of $7,026.50, (b) payment of such sums to Paul Hastings and directing the Debtors to make such payment, and (c) such other and further relief as this Court may deem just and proper.

46429/0001-9117126v1

Dated:   December 20, 2012
         Chicago, Illinois

Respectfully submitted,

Holly Snow (Ill. No. 6300916)
PAUL HASTINGS LLP
191 N. Wacker Drive, 30th Floor
Chicago, IL  60606
Telephone:  (312) 499-6000
Facsimile:  (312) 499-6100
Email:    hollysnow@paulhastings.com


SPECIAL COUNSEL FOR REAL ESTATE AND
RELATED MATTERS FOR DEBTORS AND
DEBTORS IN POSSESSION