# EXHIBIT 1

**Stipulation**

46429/0001-8727888v2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## STIPULATION BETWEEN DEBTOR PARTIES AND UNIVERSAL CITY STUDIOS PRODUCTIONS, LLLP, NBC STUDIOS LLC, NBC NEWS, NBC SUBSIDIARY WTVJ-TV LP, AND UNIVERSAL WORLDWIDE TELEVISION INC. REGARDING RESOLUTION OF CERTAIN PROOFS OF CLAIM ASSERTED AGAINST DEBTOR PARTIES

This stipulation (the "Stipulation") between WSFL, LLC (formerly known as Channel 39, Inc.), KTXL, LLC (formerly known as Channel 40, Inc.), Hoy Publications, LLC, KIAH, LLC (formerly known as KIAH, Inc.), KPLR, Inc., KSWB, LLC (successor-in-interest to KSWB, Inc.), KTLA, LLC (successor-in-interest to KTLA, Inc.), KWGN, LLC (formerly known

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-8714013v4

as KWGN, Inc.), Tribune Broadcasting Company, LLC (successor-in-interest to Tribune Television Company), Tribune Television New Orleans, Inc., WDCW, LLC (formerly known as WDCW Broadcasting, Inc.), WGN Continental Broadcasting Company, LLC (formerly known as WGN Continental Broadcasting Company) and WPIX, LLC (formerly known as WPIX, Inc.), as debtors and debtors in possession, or successors-in-interest to debtors and debtors in possession, in the above-captioned chapter 11 cases (collectively, the "Debtor Parties")[2], on the one hand, and Universal City Studios Productions, LLLP ("Universal"), a subsidiary of NBCUniversal Media, LLC (formerly known as NBC Universal, Inc.) ("NBCU"), NBC Studios LLC, NBC News, NBC Subsidiary WTVJ-TV LP, and Universal Worldwide Television Inc. (collectively, the "Claimants"), on the other hand, regarding the modification, allowance, and treatment of those certain proofs of claim asserted by the Claimants against the Debtor Parties set forth on Exhibit A hereto, is entered into by and among the Debtor Parties and the Claimants (collectively, the "Parties").

## RECITALS

A.  On December 8, 2008, Tribune Company and certain of its affiliates, including each of the Debtor Parties (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). An additional Debtor, Tribune CNLBC, LLC,[3] filed a voluntary petition for relief under chapter 11

---

[2] The Plan (as defined below) provides that one or more Debtors may undertake Restructuring Transactions (as defined in the Plan) on, prior to, or after the Effective Date, which may include, without limitation, mergers, consolidations, conversions, joint ventures, restructurings, recapitalizations, dispositions, liquidations or dissolutions. See Plan § 5.2, Ex. 5.2. Certain of the Debtor Parties will undertake or have undertaken certain of these Restructuring Transactions, pursuant to which they will be merged with and into direct or indirect wholly-owned subsidiaries of Tribune Company – in such instances, the merged Debtor Parties' respective successors-in-interest shall be required to satisfy such Debtor Parties' obligations under the Stipulation and otherwise shall be bound by the terms of the Stipulation.

[3] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

of the Bankruptcy Code on October 12, 2009 (each date, as applicable, the "Petition Date"). The Debtors' chapter 11 cases are jointly administered for procedural purposes only.

B. Claimants collectively assert twenty (20) proofs of claim, as reflected on Exhibit A hereto, against the various Debtor Parties, in the aggregate face amount of $15,321,587.58, plus unliquidated amounts (the "Filed Claims").[4] The Filed Claims were assigned Claim Nos. 5161, 5644, 5647, 5648, 5650, 5653, 5654, 6751, 6753, 6755, 6757, 6759, 6761, 6763, 6765, 4675, 4676, 4680, 4681 and 4689 by the Bankruptcy Court-appointed claims agent, Epiq Bankruptcy Solutions, LLC (the "Claims Agent").

C. Fifteen of the Filed Claims (the "NBC Claims")[5] were filed by Warner Bros. Domestic Television Distribution ("Warner Bros.") against the various Debtor Parties asserting prepetition and postpetition amounts due, in the aggregate amount of $12,124,904.64, plus unliquidated amounts, with respect to various program licenses agreements between Warner Bros. and the Debtor Parties (the "WB Agreements").[6]

D. The other five Filed Claims[7] were filed by Universal (the "Universal Claims"), against the various Debtor Parties asserting prepetition amounts due, in the aggregate amount of $3,196,682.94, with respect to certain program license agreements between Universal and the Debtor Parties (the "Universal Agreements").

E. The Debtor Parties also scheduled four unsecured claims in their respective Schedule of Assets and Liabilities, in the aggregate amount of $236,616.66, which are listed on Exhibit A in the column "Claim/Schedule" (the "Scheduled Claims", and together with

---

[4] The Universal Claims and NBC Claims (as defined herein) are collectively referred to as the "Filed Claims".
[5] The proofs of claim that were filed by Warner Bros., and subsequently transferred to NBC, were assigned Claim Nos. 5161, 5644, 5647, 5648, 5650, 5653, 5654, 6751, 6753, 6755, 6757, 6759, 6761, 6763, and 6765 by the Claims Agent.
[6] On or about May 26, 2011, Warner Bros. transferred the claims to NBC Studios LLC and a Transfer of Claim Other Than For Security was filed with the Court [Docket No. 9026].
[7] The proofs of claim filed by Universal were assigned Claim Nos. 4675, 4676, 4680, 4681 and 4689 by the Claims Agent.

46429/0001-8714013v4

the Filed Claims, the "Filed and Scheduled Claims").[8] The Scheduled Claims were assigned Schedule No. 175000960, 148000980, 241008410 and 241008420.

      F.     The Debtor Parties and the Claimants have engaged in further reconciliation and negotiation of the Filed and Scheduled Claims, including concerning (i) the identification of the Filed and Scheduled Claims; (ii) the prepetition amount due with respect to such Filed and Scheduled Claims; and (iii) the identification of the Debtor Parties against which each of the Filed and Scheduled Claims is properly asserted.

      G.     The Parties have reached an agreement as to the amount and treatment of the Filed and Scheduled Claims, and have agreed to enter into this Stipulation to document their agreement.

NOW, THEREFORE, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:

## AGREEMENT

1.     The recitals set forth above are incorporated herein by reference.

2.     The Filed Claims, originally asserted in the aggregate amount of $15,321,587.58, plus unliquidated amounts, and the Scheduled Claims, scheduled in the aggregate amount of $236,616.66, shall be allowed in the aggregate reduced general unsecured amount of $12,622,813.30, each in the respective amounts and against the respective Debtor Parties as set forth on Exhibit A attached hereto.

3.     The Filed and Scheduled Claims, as modified herein, shall be satisfied in accordance with the provisions for the payment of general unsecured claims as set forth in the

---

[8] The Scheduled Claims are listed on the claims register under the following creditor names: NBC News, NBC Subsidiary WTVJ-TV LP, Universal Worldwide Television Inc, each a party to this Stipulation.

chapter 11 plan of reorganization, and any amendments thereto, that is confirmed and becomes effective for the Debtor Parties (the "Plan").

4. The satisfaction of the Filed and Scheduled Claims in accordance with the Plan shall be in full and final satisfaction of all prepetition claims arising out of or relating to the subject matter of the WB Agreements and the NBC Claims and the Universal Agreements and Universal Claims. The Claimants agree not to file any other or further proofs of claim in any of the Debtors' chapter 11 cases arising out of or relating to the subject matter of the WB Agreements and the NBC Claims and the Universal Agreements and the Universal Claims.

5. Notwithstanding any other provision contained in this Stipulation, Claimants or their successors or assigns shall remain entitled to assert (i) a claim or claims for rejection damages as provided under section 502(g) of the Bankruptcy Code should one or more of the Universal Agreements be rejected; and (ii) an application for recovery of any administrative expense as provided under Section 503 of the Bankruptcy Code, including any damages resulting from any post-petition default by the Debtors under the Universal Agreements.

6. The Parties hereto acknowledge and agree that the Claimants do not need to take any further action to seek to allow the Filed Claims in the Debtors' chapter 11 cases. The Debtors and/or the Bankruptcy Court-appointed claims agent may amend the claims register to reflect that the Filed Claims are to be allowed against the Debtor Parties and their estates in the amounts stipulated herein.

7. Notwithstanding anything to the contrary in this Stipulation, the Debtors expressly reserve their right to file an objection to any of the Filed Claims pursuant to section 502(d) of the Bankruptcy Code, or to exercise such other rights of set-off or recoupment

5

authorized by applicable law or by the Plan, <u>provided, however</u>, that the Debtors will not file an objection to any of the Filed Claims corresponding to the WB Agreements and/or the Universal Agreements, respectively, in the event that the WB Agreements or Universal Agreements are assumed by the Debtors pursuant to the Plan. Each of the Debtors expressly reserves its right to object to any other claims asserted by the Claimants, including but not limited to any claims filed by the Claimants as described in Paragraph 5 hereof, on any applicable grounds.

8. Notwithstanding anything contained in this Stipulation, nothing herein shall be construed as a waiver of any rights that the Debtors or the estates may have to bring any causes of actions, including, but not limited to, causes of action under 11 U.S.C. §§ 544, 547 and 548.

9. This Stipulation constitutes the Parties' entire agreement and supersedes and amends any and all agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof, except as otherwise expressly provided herein. This Stipulation is not intended to confer upon any other person any rights or remedies hereunder.

10. The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

11. This Stipulation may be executed in counterparts, all of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

12. This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to principles of conflict of laws.

46429/0001-8714013v4

13. This Stipulation may not be amended without the express written consent of all Parties hereto.

14. This Stipulation shall be binding upon the Parties hereto and upon their affiliates, assigns and successors, including, without limitation, any trustee that might be appointed in the Debtors' chapter 11 cases.

15. The Parties acknowledge that they have each participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either party on account of such drafting.

16. The Bankruptcy Court shall retain jurisdiction over any and all disputes or other matters arising under or otherwise relating to this Stipulation.

17. All contentions made in this Stipulation are made in furtherance of a proposed settlement and neither the Claimants nor the Debtor Parties admit or concede the validity of any of claims or defenses and nothing herein shall be deemed an admission of fact or law.

18. This Stipulation and its terms and conditions are subject to the approval of the Bankruptcy Court.

[Signature Page Follows]

46429/0001-8714013v4

Dated: _December 20_, 2012

| | |
|---|---|
| UNIVERSAL CITY STUDIOS PRODUCTIONS, LLLP, A SUBSIDIARY OF NBCUNIVERSAL MEDIA, LLC (FORMERLY KNOWN AS NBC UNIVERSAL, INC.), NBC STUDIOS LLC, NBC NEWS, NBC SUBSIDIARY WTVJ-TV LP, AND UNIVERSAL WORLDWIDE TELEVISION INC. | WSFL, LLC (FORMERLY KNOWN AS CHANNEL 39, INC.), KTXL, LLC (FORMERLY KNOWN AS CHANNEL 40, INC.), HOY PUBLICATIONS, LLC, KIAH, LLC (FORMERLY KNOWN AS KIAH, INC.), KPLR, INC., KSWB, LLC (SUCCESSOR-IN-INTEREST TO KSWB, INC.), KTLA, LLC (SUCCESSOR-IN-INTEREST TO KTLA, INC.), KWGN, LLC (FORMERLY KNOWN AS KWGN, INC.), TRIBUNE BROADCASTING COMPANY, LLC (SUCCESSOR-IN-INTEREST TO TRIBUNE TELEVISION COMPANY), TRIBUNE TELEVISION NEW ORLEANS, INC., WDCW, LLC (FORMERLY KNOWN AS WDCW BROADCASTING, INC.), WGN CONTINENTAL BROADCASTING COMPANY, LLC (FORMERLY KNOWN AS WGN CONTINENTAL BROADCASTING COMPANY) AND WPIX, LLC (FORMERLY KNOWN AS WPIX, INC.) |
| By: _[signature]_<br>Title: _VP/Law Department_<br>Telephone: _212-___-2413_<br>Facsimile: | By: _____<br>Title: _____<br>Telephone:<br>Facsimile: |

## **EXHIBIT A**

NBC STUDIOS / UNIVERSAL CITY STUDIOS STIPULATION EXHIBIT

| NAME | CLAIM/ SCHEDULE # | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|
| 1 NBC NEWS<br>BANK OF AMERICA LOCKBOX SERVICES<br>VIDEO 44 WSNS TV<br>LOCKBOX 98322 COLLECTION CENTER DR<br>CHICAGO, IL 60693 | 175000960 | Hoy Publications, LLC | Unsecured | $3,500.00 | Hoy Publications, LLC | Unsecured | $3,500.00 |
| 2 NBC STUDIOS LLC<br>TRANSFEROR: WARNER BROS TELEVISION DIST<br>JOHN BERLINSKI; NBC UNIVERSAL TELE. GRP.<br>100 UNIVERSAL CITY PLZ, BLDG 1320,STE 3C<br>UNIVERSAL CITY, CA 91608 | 5161 | Tribune Television Company | Administrative | $2,013,332.99* | Tribune Television Company | Unsecured | $2,013,332.99 |
| 3 NBC STUDIOS LLC<br>TRANSFEROR: WARNER BROS TELEVISION DIST<br>JOHN BERLINSKI; NBC UNIVERSAL TELE. GRP.<br>100 UNIVERSAL CITY PLZ, BLDG 1320,STE 3C<br>UNIVERSAL CITY, CA 91608 | 5644 | KWGN Inc. | Administrative | $588,000.00* | KWGN Inc. | Unsecured | $588,000.00 |
| 4 NBC STUDIOS LLC<br>TRANSFEROR: WARNER BROS TELEVISION DIST<br>JOHN BERLINSKI; NBC UNIVERSAL TELE. GRP.<br>100 UNIVERSAL CITY PLZ, BLDG 1320,STE 3C<br>UNIVERSAL CITY, CA 91608 | 5647 | Channel 39, Inc. | Administrative | $240,000.00* | Channel 39, Inc. | Unsecured | $240,000.00 |
| 5 NBC STUDIOS LLC<br>TRANSFEROR: WARNER BROS TELEVISION DIST<br>JOHN BERLINSKI; NBC UNIVERSAL TELE. GRP.<br>100 UNIVERSAL CITY PLZ, BLDG 1320,STE 3C<br>UNIVERSAL CITY, CA 91608 | 5648 | WPIX, Inc. | Administrative | $1,753,332.00* | WPIX, Inc. | Unsecured | $1,753,332.00 |
| 6 NBC STUDIOS LLC<br>TRANSFEROR: WARNER BROS TELEVISION DIST<br>JOHN BERLINSKI; NBC UNIVERSAL TELE. GRP.<br>100 UNIVERSAL CITY PLZ, BLDG 1320,STE 3C<br>UNIVERSAL CITY, CA 91608 | 5650 | WGN Continental Broadcasting Company | Administrative | $1,406,668.00* | WGN Continental Broadcasting Company | Unsecured | $1,406,668.00 |
| 7 NBC STUDIOS LLC<br>TRANSFEROR: WARNER BROS TELEVISION DIST<br>JOHN BERLINSKI; NBC UNIVERSAL TELE. GRP.<br>100 UNIVERSAL CITY PLZ, BLDG 1320,STE 3C<br>UNIVERSAL CITY, CA 91608 | 5653 | KTLA Inc. | Administrative | $1,402,666.32* | KTLA Inc. | Unsecured | $1,402,666.32 |
| 8 NBC STUDIOS LLC<br>TRANSFEROR: WARNER BROS TELEVISION DIST<br>JOHN BERLINSKI; NBC UNIVERSAL TELE. GRP.<br>100 UNIVERSAL CITY PLZ, BLDG 1320,STE 3C<br>UNIVERSAL CITY, CA 91608 | 5654 | KSWB Inc. | Administrative | $306,662.68* | KSWB Inc. | Unsecured | $306,662.68 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

NBC STUDIOS / UNIVERSAL CITY STUDIOS STIPULATION EXHIBIT

| NAME | CLAIM/ SCHEDULE # | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|
| 9 NBC STUDIOS LLC TRANSFEROR: WARNER BROS. TELEVISION DIST JOHN BERLINSKI; NBC UNIVERSAL TELE. GRP. 100 UNIVERSAL CITY PLZ, BLDG 1320,STE 3C UNIVERSAL CITY, CA 91608 | 6751 | Tribune Television Company | Unsecured | $1,108,259.49 | Tribune Television Company | Unsecured | $1,108,259.49 |
| 10 NBC STUDIOS LLC TRANSFEROR: WARNER BROS. TELEVISION DIST JOHN BERLINSKI; NBC UNIVERSAL TELE. GRP. 100 UNIVERSAL CITY PLZ, BLDG 1320,STE 3C UNIVERSAL CITY, CA 91608 | 6753 | KTLA Inc. | Unsecured | $1,131,182.12 | KTLA Inc. | Unsecured | $1,131,182.12 |
| 11 NBC STUDIOS LLC TRANSFEROR: WARNER BROS. TELEVISION DIST JOHN BERLINSKI; NBC UNIVERSAL TELE. GRP. 100 UNIVERSAL CITY PLZ, BLDG 1320,STE 3C UNIVERSAL CITY, CA 91608 | 6755 | Channel 40, Inc. | Unsecured | $210,712.31 | Channel 40, Inc. | Unsecured | $210,712.31 |
| 12 NBC STUDIOS LLC TRANSFEROR: WARNER BROS. TELEVISION DIST JOHN BERLINSKI; NBC UNIVERSAL TELE. GRP. 100 UNIVERSAL CITY PLZ, BLDG 1320,STE 3C UNIVERSAL CITY, CA 91608 | 6757 | WDCW Broadcasting, Inc. | Unsecured | $343,700.24 | WDCW Broadcasting, Inc. | Unsecured | $343,700.24 |
| 13 NBC STUDIOS LLC TRANSFEROR: WARNER BROS. TELEVISION DIST JOHN BERLINSKI; NBC UNIVERSAL TELE. GRP. 100 UNIVERSAL CITY PLZ, BLDG 1320,STE 3C UNIVERSAL CITY, CA 91608 | 6759 | KSWB Inc. | Unsecured | $197,850.52 | KSWB Inc. | Unsecured | $197,850.52 |
| 14 NBC STUDIOS LLC TRANSFEROR: WARNER BROS. TELEVISION DIST JOHN BERLINSKI; NBC UNIVERSAL TELE. GRP. 100 UNIVERSAL CITY PLZ, BLDG 1320,STE 3C UNIVERSAL CITY, CA 91608 | 6761 | KIAH Inc. | Unsecured | $136,518.39 | KIAH Inc. | Unsecured | $136,518.39 |
| 15 NBC STUDIOS LLC TRANSFEROR: WARNER BROS. TELEVISION DIST JOHN BERLINSKI; NBC UNIVERSAL TELE. GRP. 100 UNIVERSAL CITY PLZ, BLDG 1320,STE 3C UNIVERSAL CITY, CA 91608 | 6763 | WPIX, Inc. | Unsecured | $1,131,180.87 | WPIX, Inc. | Unsecured | $1,131,180.87 |
| 16 NBC STUDIOS LLC TRANSFEROR: WARNER BROS. TELEVISION DIST JOHN BERLINSKI; NBC UNIVERSAL TELE. GRP. 100 UNIVERSAL CITY PLZ, BLDG 1320,STE 3C UNIVERSAL CITY, CA 91608 | 6765 | Channel 39, Inc. | Unsecured | $154,838.71 | Channel 39, Inc. | Unsecured | $154,838.71 |

NBC STUDIOS / UNIVERSAL CITY STUDIOS STIPULATION EXHIBIT

| NAME | CLAIM/ SCHEDULE # | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|
| 17 NBC SUBSIDIARY WTVJ-TV LP<br>NBC UNIVERSAL CFS - BANK OF AMERICA<br>NBC UNIVERSAL LOCKBOX 402971<br>ATLANTA, GA 30384-2971 | 148000980 | Channel 39, Inc. | Unsecured | $229,000.00 | Channel 39, Inc. | Unsecured | $229,000.00 |
| 18 UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP<br>ATTN: SHARON J. GLANCZ<br>100 UNIVERSAL CITY PLAZA<br>BLDG 1440, 32ND FL<br>UNIVERSAL CITY, CA 91608 | 4675 | Tribune Television Company | Unsecured | $1,190,233.13 | Tribune Television Company | Unsecured | $7,200.00 |
| 19 UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP<br>ATTN: SHARON J. GLANCZ<br>100 UNIVERSAL CITY PLAZA<br>BLDG 1440, 32ND FL<br>UNIVERSAL CITY, CA 91608 | 4676 | Tribune Television New Orleans, Inc. | Unsecured | $82,224.96 | Tribune Television New Orleans, Inc. | Unsecured | $38,581.00 |
| 20 UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP<br>ATTN: SHARON J. GLANCZ<br>100 UNIVERSAL CITY PLAZA<br>BLDG 1440, 32ND FL<br>UNIVERSAL CITY, CA 91608 | 4680 | WGN Continental Broadcasting Company | Unsecured | $584,024.97 | WGN Continental Broadcasting Company | Unsecured | $189,286.00 |
| 21 UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP<br>ATTN: SHARON J. GLANCZ<br>100 UNIVERSAL CITY PLAZA<br>BLDG 1440, 32ND FL<br>UNIVERSAL CITY, CA 91608 | 4681 | KPLR, Inc. | Unsecured | $74,099.96 | KPLR, Inc. | Unsecured | $18,525.00 |
| 22 UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP<br>ATTN: SHARON J. GLANCZ<br>100 UNIVERSAL CITY PLAZA<br>BLDG 1440, 32ND FL<br>UNIVERSAL CITY, CA 91608 | 4689 | KTLA Inc. | Unsecured | $1,266,099.92 | KTLA Inc. | Unsecured | $7,700.00 |
| 23 UNIVERSAL WORLDWIDE TELEVISION INC<br>100 UNIVERSAL CITY PLAZA<br>BLDG 9128/02 FLR<br>UNIVERSAL CITY, CA 91608 | 241008410 | Tribune Television Company | Unsecured | $3,033.33 | Tribune Television Company | Unsecured | $3,033.33 |
| 24 UNIVERSAL WORLDWIDE TELEVISION INC<br>100 UNIVERSAL CITY PLAZA<br>BLDG 9128/02 FLR<br>UNIVERSAL CITY, CA 91608 | 241008420 | Tribune Television Company | Unsecured | $1,083.33 | Tribune Television Company | Unsecured | $1,083.33 |
| | | | TOTAL | $15,558,204.24 | | TOTAL | $12,622,813.30 |

\* -Indicates claim contains unliquidated and/or undetermined amounts