# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ------------------------------------------------------- x | Chapter 11 |
| In re: : | |
| : | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, et al., : | |
| : | Jointly Administered |
| Debtors. : | |
| : | Objections Due: January 17, 2013 @ 4:00 p.m. (ET) |
| ------------------------------------------------------- x | Hearing Date: N/A |

## FORTY-SEVENTH MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD NOVEMBER 1, 2012 THROUGH NOVEMBER 30, 2012

| | |
|---|---|
| Name of Applicant: | Chadbourne & Parke LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | February 20, 2009, nunc pro tunc to December 18, 2008 |
| Period for Which Compensation and Reimbursement is Sought: | November 1, 2012 through November 30, 2012 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary | $78,591.60   (80% of $98,239.50) |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $43,881.68 |

This is a(n):   _x_ Monthly        ___ Interim        ___ Final Application

Prior Applications Filed:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved* | Expenses Approved |
|---|---|---|---|---|---|---|
| 2/25/2009 | 452 | 12/18/08 - 1/31/09 | $1,025,328.00 | $20,199.48 | $820,262.40 | $20,199.48 |
| 3/25/2009 | 809 | 2/1/09 - 2/28/09 | $642,734.00 | $42,979.74 | $514,187.20 | $42,979.74 |
| 4/25/2009 | 1087 | 3/1/09 - 3/31/09 | $663,569.50 | $12,315.26 | $530,855.60 | $12,315.26 |
| 5/26/2009 | 1239 | 4/1/09 - 4/30/09 | $515,864.50 | $8,352.11 | $412,691.60 | $8,352.11 |
| 6/26/2009 | 1649 | 5/1/09 - 5/31/09 | $582,143.25 | $31,011.71 | $465,714.60 | $31,011.71 |
| 7/27/2009 | 1832 | 6/1/09 - 6/30/09 | $726,009.50 | $32,090.07 | $580,807.60 | $32,090.07 |
| 8/25/2009 | 2009 | 7/1/09 - 7/31/09 | $1,453,980.25 | $37,749.39 | $1,163,184.20 | $37,749.39 |
| 9/25/2009 | 2232 | 8/1/09 - 8/31/09 | $1,450,944.50 | $52,216.32 | $1,160,755.60 | $52,216.32 |
| 10/26/2009 | 2430 | 9/1/09 - 9/30/09 | $1,418,350.00 | $40,049.24 | $1,134,680.00 | $40,049.24 |
| 11/25/2009 | 2634 | 10/1/09 - 10/31/09 | $1,670,709.75 | $25,752.36 | $1,336,567.80 | $25,752.36 |
| 12/28/2009 | 2937 | 11/1/09 - 11/30/09 | $1,461,754.00 | $99,575.80 | $1,169,403.20 | $99,575.80 |
| 1/25/2010 | 3197 | 12/1/09 - 12/31/09 | $1,519,536.50 | $72,274.74 | $1,215,629.20 | $72,274.74 |
| 2/25/2010 | 3534 | 1/1/10 - 1/31/10 | $1,960,664.50 | $71,749.46 | $1,568,531.60 | $71,749.46 |
| 3/26/2010 | 3865 | 2/1/10 - 2/28/10 | $1,516,158.50 | $90,806.96 | $1,212,926.80 | $90,806.96 |
| 4/26/2010 | 4160 | 3/1/10 - 3/31/10 | $1,494,305.50 | $110,300.89 | $1,195,444.40 | $110,300.89 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 5/25/2010 | 4601 | 4/1/10 - 4/30/10 | $918,260.75 | $59,270.50 | $734,608.60 | $59,270.50 |
| 6/25/2010 | 4882 | 5/1/10 - 5/31/10 | $1,331,321.00 | $57,905.29 | $1,065,056.80 | $57,905.29 |
| 7/26/2010 | 5120 | 6/1/10 - 6/30/10 | $1,228,244.00 | $63,110.06 | $982,595.20 | $63,110.06 |
| 8/25/2010 | 5502 | 7/1/10 - 7/31/10 | $1,442,097.00 | $22,233.25 | $1,153,677.60 | $22,233.25 |
| 9/30/2010 | 5849 | 8/1/10 - 8/31/10 | $1,612,125.00 | $121,365.68 | $1,289,700.00 | $121,365.68 |
| 10/25/2010 | 6112 | 9/1/10 - 9/30/10 | $1,519,380.00 | $16,739.39 | $1,215,504.00 | $16,739.39 |
| 11/30/2010 | 6671 | 10/1/10 - 10/30/10 | $1,867,308.75 | $109,128.64 | $1,493,847.00 | $109,128.64 |
| 12/28/2010 | 7332 | 11/1/10 - 11/30/10 | $1,818,619.00 | $296,306.43 | $1,454,895.20 | $296,306.43 |
| 1/28/2011 | 7654 | 12/1/10 - 12/31/10 | $1,337,478.25 | $99,960.19 | $1,069,982.60 | $99,960.19 |
| 2/28/2011 | 8200 | 1/1/11 - 1/31/11 | $2,743,375.25 | $371,451.84 | $2,194,700.20 | $371,451.84 |
| 4/11/2011 | 8615 | 2/1/11 - 2/28/11 | $2,888,765.25 | $162,972.56 | $2,311,012.20 | $162,972.56 |
| 5/5/2011 | 8833 | 3/1/11 - 3/31/11 | $2,499,191.25 | $205,378.89 | $1,999,353.00 | $205,378.89 |
| 6/1/2011 | 9030 | 4/1/11 - 4/30/11 | $1,258,414.50 | $182,352.51 | $1,006,731.60 | $182,352.51 |
| 6/29/2011 | 9381 | 5/1/11 - 5/31/11 | $965,916.25 | $85,787.61 | $772,733.00 | $85,787.61 |
| 7/28/2011 | 9561 | 6/1/11 - 6/30/11 | $728,870.75 | $64,140.29 | $583,096.60 | $64,140.29 |
| 8/25/2011 | 9701 | 7/1/11 - 7/31/11 | $456,759.50 | $60,498.38 | $365,407.60 | $60,498.38 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 9/28/2011 | 9840 | 8/1/11 - 8/31/11 | $616,725.50 | $85,166.86 | $493,380.40 | $85,166.86 |
| 10/25/11 | 10064 | 9/1/11 - 9/30/11 | $450,088.50 | $56,800.73 | $360,070.80 | $56,800.73 |
| 11/23/11 | 10291 | 10/1/11 - 10/31/11 | $402,271.75 | $62,868.51 | $321,774.20 | $62,868.51 |
| 12/27/11 | 10511 | 11/1/11 - 11/30/11 | $676,518.00 | $34,425.04 | $541,214.40 | $34,425.04 |
| 1/31/12 | 10772 | 12/1/11 - 12/31/11 | $452,819.75 | $38,756.34 | $362,255.80 | $38,756.34 |
| 2/27/12 | 11023 | 1/1/12 - 1/31/12 | $547,104.00 | $9,615.03 | $437,683.20 | $9,615.03 |
| 3/27/12 | 11240 | 2/1/12 - 2/29/12 | $644,199.25 | $9,936.28 | $515,420.40 | $9,936.28 |
| 4/26/12 | 11476 | 3/1/12 - 3/31/12 | $592,148.75 | $28,148.76 | $473,719.00 | $28,148.76 |
| 5/25/12 | 11695 | 4/1/12 - 4/30/12 | $315,426.75 | $12,357.38 | $252,341.40 | $12,357.38 |
| 6/26/12 | 11896 | 5/1/12 - 5/31/12 | $337,692.50 | $4,191.40 | $270,154.00 | $4,191.40 |
| 7/26/12 | 12106 | 6/1/12 - 6/30/12 | $414,998.50 | $11,058.19 | $331,998.80 | $11,058.19 |
| 8/24/2012 | 12336 | 7/1/12 - 7/31/12 | $303,691.00 | $2,495.23 | $242,952.80 | $2,495.23 |
| 9/25/2012 | 12460 | 8/1/12 - 8/31/12 | $534,306.75 | $6,129.87 | $427,445.40 | $6,129.87 |
| 10/31/2012 | 12646 | 9/1/12 - 9/30/12 | $310,572.50 | $22,854.39 | $248,458.00 | $22,854.39 |
| 11/27/2012 | 12769 | 10/1/12 - 10/31/2012 | $152,071.50 | $46,286.55 | $121,657.20 | $46,286.55 |

*Monthly approved fees are subject to holdbacks which were to be reviewed by the Bankruptcy Court following the completion of each quarterly fee application. Such holdbacks have been reviewed and approved for payment by the Bankruptcy Court as set forth below:

| Interim Fee Period | Dates Covered by Interim Fee Period | Bankruptcy Court Approval Date | Amount Approved |
|---|---|---|---|
| 1 | December 18, 2008 through February 28, 2009 | December 14, 2009 | $326,196.76 |
| 2 | March 1, 2009 through May 31, 2009 | May 18, 2010 | 344,7890.61 |
| 3 | June 1, 2009 through August 31, 2009 | October 22, 2010 | $707,644.89 |
| 4 | September 1, 2009 through November 30, 2009 | August 24, 2011 | $883,274.78 |
| 5 | December 1, 2009 through February 28, 2010 | October 19, 2011 | $966,056.61 |
| 6 | March 1, 2010 through May 31, 2010 | December 12, 2011 | $737,989.71 |
| 7 | June 1, 2010 through August 31, 2010 | February 15, 2012 | $846,680.80 |
| 8 | September 1, 2010 through November 30, 2010 | April 24, 2012 | $1,024,183.85 |
| 9 | December 1, 2010 through February 28, 2011 | July 11, 2012 | $1,376,206.20 |
| 10 | March 1, 2011 through May 31, 2011 | July 11, 2012 | $915,810.94 |
| 11 | June 1, 2012 through August 31, 2012 | October 2, 2012 | $358,216.31 |
| 12 | September 1, 2012 through November 30, 2012 | November 6, 2012 | $303,013.13 |

# TRIBUNE COMPANY, et al.

## SUMMARY OF HOURS

### November 1, 2012 through November 30, 2012

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2012 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| **Partner*** | | | | | |
| Howard Seife (1997) | Bankruptcy and Financial Restructuring | 1979 (NY) | $995 | 9.90 | $ 9,850.50 |
| Richard M. Leder (1988) | Tax | 1962 (NY) | 995 | 0.80 | 796.00 |
| David M. LeMay (2001) | Bankruptcy and Financial Restructuring | 1982 (NY) | 925 | 12.60 | 11,655.00 |
| Douglas E. Deutsch (2009) | Bankruptcy and Financial Restructuring | 1997 (NY) | 745 | 42.80 | 31,886.00 |
| Andrew Rosenblatt (2009) | Bankruptcy and Financial Restructuring | 1998 (NY) | 745 | 7.00 | 5,215.00 |
| | | | | | |
| **Counsel:** | | | | | |
| Mark D. Ashley | Litigation | 1995 (NY) | 695 | 6.90 | 4,795.50 |
| James A. Stenger | Communications & Technology | 1978 (DC) | 645 | 2.30 | 1,483.50 |
| | | | | | |
| **Associate:** | | | | | |
| Kimberly Zafran | Litigation | 2009 (NY) | 565 | 8.50 | 4,802.50 |
| Eric Daucher | Bankruptcy & Financial Restructuring | 2010 (NY) | 495 | 8.10 | 4,009.50 |
| Marc Roitman | Bankruptcy & Financial Restructuring | 2010 (NY) | 495 | 14.80 | 7,326.00 |

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2012 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| Michael Distefano | Bankruptcy & Financial Restructuring | 2011 (NY) | 435 | 21.20 | 9,222.00 |
|  |  |  |  |  |  |
| **Paraprofessional:** |  |  |  |  |  |
| David Bava | Bankruptcy & Financial Restructuring | n/a | 295 | 14.90 | 4,395.50 |
| Helen M. Lamb | Bankruptcy and Financial Restructuring | n/a | 295 | 9.50 | 2,802.50 |
|  |  |  |  |  |  |
| **TOTAL:** |  |  |  | 159.30 | $98,239.50 |

BLENDED RATE:    $616.69

---

\* Includes year elected Partner at firm or joined firm as Partner.

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:
:
: Chapter 11
:
: Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,
:
: Jointly Administered
:
Debtors.
:
: Objections Due: January 17, 2013
: @ 4:00 p.m.(ET)
------------------------------------------------------------ x Hearing Date: N/A

**FORTY-SEVENTH MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD NOVEMBER 1, 2012 THROUGH NOVEMBER 30, 2012**

Chadbourne & Parke LLP ("Chadbourne"), as co-counsel to the Official Committee of Unsecured Creditors (the "Committee") of Tribune Company et al. (collectively, the "Debtors"), hereby submits this Application (the "Application") for approval and allowance of compensation for services rendered in the amount of $98,239.50 (80% of which equals $78,591.60 and reimbursement of expenses incurred in the amount of $43,881.68 during the period commencing November 1, 2012 through and including November 30, 2012 (the "Application Period"). This Application is submitted pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order"). In support of the Application, Chadbourne respectfully represents as follows:

CPAM: 5093420.2

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for relief requested herein are Sections 105(a), 330, 331 and 1103(a) of the Bankruptcy Code.

**BACKGROUND**

3. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

4. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On December 18, 2009, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code.

6. On February 20, 2009, the Bankruptcy Court authorized the employment and retention of Chadbourne as co-counsel for the Committee, nunc pro tunc to December 18, 2008.

7. On May 10, 2010, the Bankruptcy Court authorized the appointment of Kenneth N. Klee, Esquire as Examiner in these Chapter 11 cases.

8.  Plan confirmation hearings for both the DCL Plan and the Noteholder Plan[1] commenced on March 7, 2011 and continued daily through March 18, 2011. The next phase of the confirmation hearings -- which included rebuttal witnesses, non-proponent objections to the DCL and the Noteholder Plans and certain legal arguments -- resumed on April 12, 2011 and concluded on April 14, 2011. Closing confirmation arguments were held on June 27, 2011.

9.  On October 31, 2011, the Bankruptcy Court entered its Opinion on Confirmation denying both the DCL Plan and the Noteholder Plan. The Opinion noted, however, that should the proponents of both the DCL Plan and the Noteholder Plan seek to address the flaws identified by the Bankruptcy Court in the Opinion and resubmit otherwise confirmable plans, the Bankruptcy Court would be required to select one plan to confirm. See Section 1129(c). The Bankruptcy Court stated that, given those options, it would select the DCL Plan.

10. On April 17, 2012, the proponents of the DCL Plan filed their Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (the "Fourth Amended DCL Plan"). A hearing on confirmation of the Fourth Amended DCL Plan was held on June 7, 2012 and concluded on June 8, 2012.

11. On July 23, 2012, the Bankruptcy Court entered the Order Confirming Fourth Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management,

---

[1] The DCL Plan is supported by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, Angelo, Gordon & Co., and JPMorgan Chase Bank (the "DCL Plan Proponents"). The Noteholder Plan is supported by Aurelius Capital Management, Deutsche Bank Trust Company Americas, Law Debenture Trust Company of New York and Wilmington Trust Company (the "Noteholder Plan Proponents").

L.P., Angelo Gordon & Co., L.P., and JPMorgan Chase Bank, N.A (the "Confirmation Order"). The Confirmation Order was subsequently appealed.

## COMPENSATION PAID AND ITS SOURCES

12. All services for which compensation is requested by Chadbourne were performed for or on behalf of the Committee.

13. During the Application Period, Chadbourne has received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Chadbourne and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

## FEE STATEMENTS

14. The fee statement for the Application Period is attached hereto as Exhibit A. This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period. To the best of Chadbourne's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2 (the "Guidelines"), and the Compensation Order.

## SUMMARY OF SERVICES

15. As set forth in the detailed statement of fees attached hereto as Exhibit A, fees incurred by Chadbourne during the Application Period total $98,239.50. The services rendered by Chadbourne during the Application Period are grouped into specific project categories as set forth in Exhibit A. The attorneys and paraprofessionals who rendered services relating to each

4

category are identified, along with the number of hours for each individual and the total compensation sought for each category.

16. The following is a summary of the activities performed by Chadbourne attorneys and paraprofessionals during the Application Period, organized by project category.

A. **Bankruptcy General (Matter 002)**

Fees: $8,531.00          Total Hours:   18.40

17. During the Application Period, Chadbourne devoted time to the fulfillment of its professional duties and responsibilities in connection with the administration of these Chapter 11 cases including: (i) meetings with and addressing the inquiries of the Debtors and the Debtors' professionals, other Committee professionals, the United States Trustee and other parties in interest in these cases; (ii) monitoring of incoming correspondence, pleadings, and dockets; (iii) preparing for and attending various omnibus hearings and court conferences on behalf of the Committee; and (iv) disseminating information to the Committee and other various parties-in-interest. Also, Chadbourne established and maintains an Intralinks account in order to provide a repository for memoranda and pleadings readily accessible by members of the Committee.

18. Chadbourne's paraprofessionals have also been required to monitor and retrieve all newly filed pleadings from the Bankruptcy Court's docket, prepare and distribute daily status reports, maintain a current case calendar and post Committee-related pleadings and memoranda to Intralinks. Chadbourne's paraprofessionals supervise the internal management of documents and the distribution of documents both to the professionals at Chadbourne and to the members of the Committee, coordinate receipt of pleadings, correspondence and other documents, assist

attorneys in preparation of papers for electronic filing, and respond to third-party requests for documents.

**B.     Creditor Communications (Matter 004)**

      Fees:  $2,750.00         Total Hours:  4.20

19.    Chadbourne, as counsel to the Committee, is the focal point for creditor inquiries. During the Application Period, Chadbourne attorneys reviewed and responded to inquiries received from unsecured creditors and participated in telephone conferences with members of the Committee to discuss open issues and developments in the Debtors' cases.

**C.     Business Operations (Matter 007)**

      Fees:  $7,612.50         Total Hours:   11.30

20.    On November 16, 2012, the FCC issued its Memorandum Opinion and Order (the "FCC Order") granting Tribune's Exit Applications, authorizing the assignment of the Tribune FCC licenses pursuant to the Fourth Amended DCL Plan.  Chadbourne attorneys reviewed the Order and discussed next steps with respect to effective date issues.

21.    During this time, Chadbourne attorneys also continued to review and monitor issues involving the Debtors' day-to-day business operations including the Debtors' possible entry into new business transactions.  In addition, Chadbourne also continued to review weekly operations and financial reports prepared by the Committee's financial advisors.

D. **Claims Administration/Bar Date (Matter 009)**

Fees: $6,890.00          Total Hours: 13.80

22.     During the Application Period, Chadbourne attorneys expended further time in reviewing the Debtors' efforts to settle certain claims brought against the Debtors. In particular, this work included review and analysis of (i) a proposed settlement stipulation with Warner Brothers related to various prepetition television agreements; (ii) a motion to lift stay filed by TV Guide for approval to liquidate its general unsecured and administrative expense claims; and (iii) a proposed settlement agreement with EZ Buy & EZ Sell Recycler Corp. ("Recycler") to release and discharge all claims and disputes arising from Recycler's claims. Chadbourne attorneys preformed a review of the relevant facts as well as the bases and processes followed by the Debtors in reaching the decisions they made with respect to each court filing. Following consultation with the Committee's financial advisors regarding their analyses of certain issues raised in the court filings, Chadbourne summarized its analyses and recommendations in a memorandum to the Committee

E. **Fee/Retention Applications (Matter 010)**

Fees: $13,478.50         Total Hours: 30.90

23.     Chadbourne expended time during the Application Period to comply with the Bankruptcy Court's fee procedures for these cases. Efforts included preparing and filing Chadbourne's forty-sixth monthly fee application.

24.     During the Application Period, Chadbourne expended time reviewing and analyzing the Fee Examiner's preliminary report concerning Chadbourne's thirteenth interim fee

application and performed related research. Chadbourne drafted, reviewed and revised a response to address the concerns raised in the Fee Examiner's report.

25. In continuance of an ongoing process, Chadbourne also expended time on the treatment of ordinary course professionals. These efforts included the review and analysis of filed affidavits to ensure qualification criteria were satisfied and that related spending and monthly fee caps were complied with.

F. **Review of Pre-Petition Financings (Matter 019)**

Fees: $10,945.00          Total Hours: 17.20

26. During the Application Period, Chadbourne continued to review and prepare documents identified and culled from Committee's counsel and the Committee's financial advisors for submission to the Litigation Trustee. As described in previous fee applications, this work was performed in accordance with the Privilege Transfer Agreement whereby the Committee agreed to turn over documents and information relevant to the claims the Trustee will be pursuing, including certain privileged work product reflecting the Committee's assessment of the LBO transaction and the claims arising from it.

27. In order to prevent defendants and other parties from seeking to restrict the Litigation Trustee's ability to use the LBO-related documents, Chadbourne attorneys worked with the Committee's special counsel on drafting and preparing a motion to modify past orders of the Bankruptcy Court, as well as certain agreements, to ensure that the Litigation Trustee may use the LBO-related materials that he receives from the Committee under the terms of the Litigation Trust Agreement.

G. **Shareholder Claims (Matter 020)**

Fees:  $3,812.00          Total Hours:  6.60

28. During the Application Period, Chadbourne attorneys continued to review and respond to developments in the multidistrict litigation which consolidated and transferred the state law constructive fraudulent conveyance lawsuits filed by the Retirees and the Noteholders to the Southern District of New York (*In re Tribune Company Fraudulent Conveyance Litigation*), Master Case No. 12-2296 (S.D.N.Y) (the "MDL Actions").

29. During the Application Period, Chadbourne reviewed a motion to dismiss filed by the defendants in the MDL Actions. The motion to dismiss relates only to the state law constructive fraudulent conveyance claims asserted by the Noteholder and Retiree plaintiffs. Chadbourne participated in discussions with the Committee's special counsel on an appropriate response to the motion.

H. **Plan Litigation (Matter 021)**

Fees:  $44,220.50          Total Hours:  56.90

30. The issuance of the FCC Order enabled the Debtors to proceed toward emergence from Chapter 11. With a view towards the effective date occurring on or before December 31, 2012, Chadbourne attorneys worked with the DCL Plan proponents on senior lender account issues, exit loan timing and terms and various tax-related issues. In addition, Chadbourne analyzed the implications of selecting each of several possible effective dates and engaged in multiple discussions with the other DCL proponents and Committee members regarding same.

## ACTUAL AND NECESSARY EXPENSES

31.     A summary of the actual and necessary expenses and daily logs of expenses incurred by Chadbourne during the Application Period in the amount of $43,881.68 is attached hereto as Exhibit B. Chadbourne's standard charge for photocopies is $0.20/per page. For purposes of these Chapter 11 cases, the firm has reduced this charge to $0.10/per page. Chadbourne customarily charges its clients $1.25/per page for out-going facsimile transmissions. For purposes of these cases, the firm has reduced this charge to $1.00/per page.

32.     Due to the national nature of the Debtors' business and the Committee's participation in weekly meetings by telephone, long distance telephone and conference call services have been required. In accordance with the Guidelines, in seeking reimbursement for long distance telephone charges, Chadbourne currently charges clients its approximate actual cost paid to its long distance carriers. Chadbourne utilizes outside vendors for conference call services and requests reimbursement only for the amount billed to Chadbourne by the third-party vendors.

33.     With respect to legal research expenses, Chadbourne has entered into flat-fee contracts with Lexis/Nexis and Westlaw for the provision of online research services. In order to determine charges to individual clients, the flat fees charged to Chadbourne by Lexis/Nexis and Westlaw are allocated among those clients based on the actual number and scope of searches conducted on behalf of those clients.

34.     In order to fulfill the obligations under the Privilege Transfer Agreement (as described in Section H herein), Chadbourne resumed the use of the services of Complete

Document Source Inc. ("CDS") for electronic data discovery services in connection with its document review process. The CDS charges incurred during the Application Period represent a monthly hosting fee, processing fees for loading data and/or converting data to a searchable format and culling the larger data set into a much smaller subset. The expense identified in this Application covers a two-month period. In seeking reimbursement for these outside services, Chadbourne requests reimbursement for the actual costs incurred.

35. In order to meet deadlines and satisfy the demands of these cases, attorneys and other employees of Chadbourne were required to work late in the evenings or on weekends. Consistent with firm policy, reasonable transportation costs were reimbursed as well as paraprofessional overtime.

## VALUATION OF SERVICES

36. Attorneys and paraprofessionals of Chadbourne have expended a total of 159.30 hours in connection with the matter during the Application Period. The nature of the work performed by these persons is fully set forth on Exhibit A attached hereto. These are Chadbourne's normal hourly rates for work of this character. The reasonable value of services rendered by Chadbourne to the Committee during the Application Period is $98,239.50.

37. To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed prior to the preparation of this Application, Chadbourne reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

38. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Chadbourne is fair and reasonable

given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, Chadbourne has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Chadbourne respectfully requests that this Court authorize that an allowance be made to Chadbourne pursuant to the terms of the Compensation Order for the period November 1, 2012 through November 30, 2012: (a) authorizing compensation in the amount of $98,239.50 (80% of which equals $78,591.60) for professional services rendered, and reimbursement of expenses incurred in connection therewith in the amount of $43,881.68, for a total of $142,121.18; (b) authorizing and directing the Debtors to remit payment to Chadbourne as set forth herein; and (c) granting such other and further relief as this Court deems just and proper.

Dated: December 21, 2012
New York, New York

CHADBOURNE & PARKE LLP

By: _____
Douglas E. Deutsch
(A Member of the Firm)

Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, New York 10112
(212) 408-5100

Co-Counsel to The Official Committee of Unsecured Tribune Company, et al.

# VERIFICATION

STATE OF NEW YORK    :
                     : ss:
COUNTY OF NEW YORK   :

Douglas E. Deutsch, after being duly sworn according to law, deposes and says:

(a)  I am a partner with the applicant firm, Chadbourne & Parke LLP, and have been admitted to the bar of the State of New York since 1997.

(b)  I am familiar with the work performed on behalf of the Committee by the lawyers in the firm.

(c)  I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. L.R. 2016-2 and submit that the Application substantially complies with such order.

_____
Douglas E. Deutsch

Sworn to before me this
21st day of December 2012

_____
Francisco Vazquez
Notary Public, State of New York
No. 31-6013920
Qualified in New York County
Commission Expires December 27, 2014

CPAM: 5093420.2