**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, *et al.*,[1]<br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br>(Jointly Administered)<br><br>**Hearing Date: January 16, 2013 at 11:00 a.m. (ET)**<br>**Objection Deadline: January 9, 2013 at 4:00 p.m. (ET)** |

**SUPPLEMENTAL APPLICATION FOR AN ORDER MODIFYING THE SCOPE OF THE DEBTORS' RETENTION OF PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP AS SPECIAL COUNSEL TO INCLUDE CERTAIN REAL ESTATE EMERGENCE MATTERS PURSUANT TO 11 U.S.C. §§ 327(e) AND 1107, NUNC PRO TUNC TO NOVEMBER 19, 2012**

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and, collectively, the "Debtors"), hereby submit this Supplemental Application (the "Supplemental Application") for entry of an order modifying the scope

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (48 I 7); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (793 I); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

of the Debtors' retention of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss"), pursuant to sections 327(e) and 1107 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to include the provision of legal services in connection with the Debtors' internal real estate restructuring, nunc pro tunc to November 19, 2012. In support of this Supplemental Application, the Debtors submit the Second Supplemental Declaration of Andrew N. Rosenberg, a copy of which is attached hereto as Exhibit A and incorporated herein by reference (the "Second Supplemental Rosenberg Declaration").[2] In further support of this Supplemental Application, the Debtors respectfully represent as follows:

**STATUS OF THE CASE AND JURISDICTION**

1. On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). An additional Debtor, Tribune CNLBC, LLC,[3] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.

---

[2] The Debtors also incorporate herein by reference the Declaration of Andrew N. Rosenberg in Support of the Application for an Order Authorizing the Debtors to Retain and Employ Paul, Weiss, Rifkind, Wharton & Garrison LLP as Special Counsel for Certain Financing Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, *Nunc Pro Tunc* to July 11, 2012, which was attached as Exhibit A to the Original Application (as defined below) filed on August 10, 2012 [Docket No. 12244] (the "Original Rosenberg Declaration"), and the Supplemental Declaration of Andrew N. Rosenberg Regarding Conflicts Disclosures of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Special Counsel for Certain Financing Matters, which was filed on September 14, 2012 [Docket No. 12423] (the "First Supplemental Rosenberg Declaration").

[3] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

2. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.[4]

3. On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors in the Debtors' chapter 11 cases (the "Committee").

4. On July 23, 2012, this Court entered an order confirming the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries proposed by the Debtors, the Committee, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. [Docket No. 12074] (the "Plan"). As of the date hereof, the Plan has not yet gone effective.

5. On August 31, 2012, this Court entered an Order Authorizing the Debtors to Retain and Employ Paul, Weiss, Rifkind, Wharton & Garrison LLP as Special Counsel for Certain Financing Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, *Nunc Pro Tunc* to July 11, 2012 [Docket No. 12370] (the "Paul Weiss Retention Order").

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327(e) and 1107 of the Bankruptcy Code and Rules 2014(a) and 2016(b) of the Bankruptcy Rules.

---

[4] The Plan (defined below) provides that one or more Debtors may undertake Restructuring Transactions (as defined in the Plan) on, prior to, or after the Plan's effective date, which may include, without limitation, mergers, consolidations, conversions, joint ventures, restructurings, recapitalizations, dispositions, liquidations or dissolutions. See Plan § 5.2, Ex. 5.2. Certain of the Debtors will undertake or have undertaken certain of the Restructuring Transactions, pursuant to which they have been or will be merged with and into direct or indirect wholly-owned subsidiaries of Tribune.

## BACKGROUND TO THE SUPPLEMENTAL APPLICATION

### A. Scope of Paul Weiss's Current Retention

7. Paul Weiss has previously been retained by the Debtors in these chapter 11 cases to provide legal services in connection with certain transactional matters relating to the Debtors' entry into post-emergence financing facilities contemplated by the Plan.

8. The terms of Paul Weiss's pre-existing retention by the Debtors are summarized in the Application for an Order Authorizing the Debtors to Retain Paul, Weiss, Rifkind, Wharton & Garrison LLP as Special Counsel for Certain Financing Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, *Nunc Pro Tunc* to July 11, 2012, which was filed on August 10, 2012 [Docket No. 12244] (the "Original Application"), which was approved by the Paul Weiss Retention Order.

### B. Overview of the Proposed Modified Retention of Paul Weiss

9. The Debtors now seek to modify the scope of their retention of Paul Weiss to include the provision of legal services in connection with issues relating to the Debtors' internal real estate restructuring (the "Real Estate Emergence Matters"). The additional services that the Debtors contemplate that Paul Weiss will provide are not duplicative of the services provided by any of the Debtors' other professionals.

## RELIEF REQUESTED

10. By this Supplemental Application, the Debtors seek authorization to employ and retain Paul Weiss as their special counsel for the Real Estate Emergence Matters pursuant to sections 327(e) and 1107 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016, nunc pro tunc to November 19, 2012, the date that Paul Weiss first began providing services in connection with the Real Estate Emergence Matters. The

Debtors and Paul Weiss have agreed that, subject to the Court's approval, Paul Weiss will provide such services in accordance with the terms and conditions summarized in the Original Application, as supported by the Original Rosenberg Declaration. (See Original Application ¶ 8; Original Rosenberg Declaration ¶ 5.) Paul Weiss has advised the Debtors that it will continue to comply in all respects with the applicable requirements for seeking compensation and reimbursement of expenses for all fees and costs incurred on or after November 19, 2012. (See Original Application ¶ 9; Original Rosenberg Declaration ¶ 4.)

## BASIS FOR RELIEF

11. The Debtors' expanded retention of Paul Weiss described herein is authorized by section 327(e) of the Bankruptcy Code. This section provides, in relevant part, that a debtor in possession, with the court's approval, may employ special counsel for a specified purpose if: (1) the representation is in the best interest of the estate; (2) the attorney represented the debtor in the past; (3) the attorney is for a specific purpose approved by the court, other than to represent the debtor in conducting the case; and (4) the attorney does not represent or hold an interest adverse to the debtor or the debtor's estate. See 11 U.S.C. § 327(e); see also In re Woodworkers Warehouse, Inc., 323 B.R. 403, 406 (D. Del. 2005); Meespierson, Inc. v. Strategic Telecom, Inc., 202 B.R. 845, 847 (D. Del. 1996).

12. When analyzing the retention of special counsel under section 327(e), the court should consider all relevant facts surrounding the debtor's case, including, but not limited to, the nature of the debtor's business, all foreseeable employment of special counsel, the history and relationship between the debtor and the proposed special counsel, the expense of replacement counsel, potential conflicts of

interest and the role of general counsel. See Woodworkers Warehouse, 323 B.R. at 406 (citing Matter of First Am. Health Care of Georgia, Inc., 1996 WL 33404562, *3 (Bankr. S.D. Ga. Apr. 18, 1996)). In general, however, subject to the requirements of sections 327 and 1107, a debtor in possession is entitled to the counsel of their choosing. See, e.g., In re Vouzianas, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

13. In the instant case, modifying Paul Weiss's existing retention on behalf of the Debtors to include the provision of services in connection with the Real Estate Emergence Matters is in the best interests of the Debtors and their estates, and satisfies all other standards for retention under sections 327(e) and 1107. The Debtors have selected Paul Weiss to provide advice and counsel relating to the Real Estate Emergence Matters based on Paul Weiss's experience and familiarity with the Debtors and their business operations. Together with the financing work that Paul Weiss is already performing in connection with the Debtors' emergence, Paul Weiss's assistance with the Real Estate Emergence Matters will help the Debtors emerge from chapter 11 in a timely and efficient manner. Accordingly, Paul Weiss's representation of the Debtors will provide a substantial benefit to the Debtors and their estates. The Debtors believe that it is necessary and in the best interests of their estates and creditors to modify the scope of Paul Weiss's engagement as special counsel to the Debtors to include work performed in connection with the Real Estate Emergence Matters. Any services Paul Weiss may perform, however, will not duplicate those services provided by any of the Debtors' other professionals. The Debtors' management will closely monitor the services

Paul Weiss and the Debtors' other professionals perform to ensure there is no overlap or duplication of effort and cost.

14. As noted in Paragraph 4 of this Supplemental Application, the Plan was confirmed on July 23, 2012. The Debtors, along with their professionals (including Paul Weiss) are working diligently to achieve the Plan's effective date as soon as practicable. This Supplemental Application and the Second Supplemental Rosenberg Declaration are being filed to ensure that there is adequate and proper disclosure respecting the Real Estate Emergence Matters, and to facilitate the necessary approval of the Court for Paul Weiss's services on the Real Estate Emergence Matters during the limited period prior to the Plan's effective date.

15. Paul Weiss has informed the Debtors that, as set forth in greater detail in the Original Rosenberg Declaration and the First Supplemental Rosenberg Declaration and subject to any exceptions contained therein, Paul Weiss does not hold or represent in these proceedings any interests adverse to the Debtors or to their estates in matters upon which Paul Weiss will be employed. (See Original Rosenberg Declaration ¶ 9.) Paul Weiss has informed the Debtors that Paul Weiss, and the partners, counsel and associates of Paul Weiss, presently represent, may have represented in the past, and may represent in the future, certain of the Debtors, the Debtors' creditors, and other parties in interest in matters unrelated to the Debtors' chapter 11 cases. (See Original Rosenberg Declaration ¶ 7; First Supplemental Rosenberg Declaration.)

16. The Debtors seek to modify Paul Weiss's retention nunc pro tunc to November 19, 2012, when Paul Weiss first began providing legal services to the Debtors in connection with the Real Estate Emergence Matters. It is well established that

a bankruptcy court has the power to grant retroactive approval of employment of a professional in a chapter 11 case. See, e.g., In re Arkansas Co., Inc., 798 F.2d 645, 648 (3d Cir. 1986); In re Primary Health Sys. Inc., Case No. 99-0615, 2002 WL 500567 (D. Del. Mar. 28, 2002). To exercise its discretion to grant retroactive approval, the bankruptcy court must find that it would have granted prior approval pursuant to the requirements of section 327, and that other factors counsel in favor of retroactive approval, including, among other factors: (1) whether the applicant was under time pressure to begin service without approval; (2) the length of the delay; and (3) the extent to which compensation to the applicant will prejudice innocent third parties. Arkansas, 798 F.2d at 650.

17. Retroactive approval of Paul Weiss's retention is appropriate under the circumstances. First, Paul Weiss's retention satisfies the requirements of section 327(e). Further, the length of the nunc pro tunc period is modest, as the Debtors are filing the Supplemental Application within less than forty days of when Paul Weiss first provided services in connection with the Real Estate Emergence Matters. Finally, payment of Paul Weiss's fees for the nunc pro tunc period will result in no discernible prejudice to any third parties. Paul Weiss's fees in connection with the Real Estate Emergence Matters to date are modest in the context of the Debtors' chapter 11 cases, totaling less than $50,000 including expenses. The Debtors therefore request that the Court approve Paul Weiss's retention on a nunc pro tunc basis to cover the period since November 19, 2012 during which fees were incurred, as well as subsequent periods.

**NOTICE**

18. Notice of this Supplemental Application has been provided to: (i) the Office of the U.S. Trustee; (ii) counsel for the Committee; (iii) counsel for the Steering Committee for Tribune's prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' post-petition financing facility; (v) Paul Weiss; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors believe no other or further notice is necessary.

**NO PRIOR REQUEST**

19. With the exception of the Original Application, the Debtors have not previously sought the relief requested herein from this or any other court.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, pursuant to sections 327(e) and 1107 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016 (i) modifying the scope of the Debtors' retention of Paul Weiss to include the provision of legal services in connection with the Real Estate Emergence Matters nunc pro tunc to November 19, 2012, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
December 28, 2012

Respectfully submitted,

TRIBUNE COMPANY
(for itself and on behalf of each Debtor)

By: */s/ David P. Eldersveld*
David P. Eldersveld
Executive Vice President, General Counsel & Secretary