# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### SECOND SUPPLEMENTAL DECLARATION OF ANDREW N. ROSENBERG IN SUPPORT OF THE SUPPLEMENTAL APPLICATION FOR AN ORDER MODIFYING THE SCOPE OF THE DEBTORS' RETENTION OF PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP AS SPECIAL COUNSEL TO INCLUDE CERTAIN REAL ESTATE EMERGENCE MATTERS PURSUANT TO 11 U.S.C. §§ 327(e) AND 1107, NUNC PRO TUNC TO NOVEMBER 19, 2012

Andrew N. Rosenberg declares, pursuant to 28 U.S.C. § 1746, as follows:

1.    I am a partner of the law firm of Paul, Weiss, Rifkind, Wharton &

Garrison LLP ("Paul Weiss" or the "Firm"), and I am duly authorized to make this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

declaration (the "Second Supplemental Declaration") on behalf of the Firm.  I make this

Declaration, pursuant to Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), in support of the Supplemental Application for an

Order Modifying the Scope of the Debtors' Retention of Paul, Weiss, Rifkind, Wharton

& Garrison LLP as Special Counsel to Include Certain Real Estate Emergence Matters

Pursuant to 11 U.S.C. §§ 327(e) and 1107, *Nunc Pro Tunc* to November 19, 2012 (the

"Supplemental Application").

### Services to Be Rendered By Paul Weiss

2.     The Debtors have requested that Paul Weiss provide legal services

to the Debtors in connection with issues relating to the Debtors' internal real estate

restructuring (the "Real Estate Emergence Matters"), which are not within the scope of

Paul Weiss's existing retention by the Debtors.

3.     In its capacity as special counsel to the Debtors in connection with

the Real Estate Emergence Matters, Paul Weiss will make every effort to minimize

duplication of its work with the Debtors' other professionals, including Sidley Austin

LLP as general reorganization and bankruptcy counsel, Cole, Schotz, Meisel, Forman &

Leonard P.A. as their bankruptcy co-counsel, and the other law firms retained by the

Debtors as section 327(a) or (e) counsel and/or Ordinary Course Professionals.

### Payment of Paul Weiss's Fees and Expenses

4.     In connection with Paul Weiss's retention for the Real Estate Emergence

Matters, the Debtors and Paul Weiss have agreed that, subject to the Court's approval,

Paul Weiss will provide such services in accordance with the terms and conditions

summarized in the Original Application,[2] as supported by the Original Rosenberg Declaration.  (See Original Application ¶ 8; Original Rosenberg Declaration ¶ 5.)

5.      Paul Weiss has advised the Debtors that it will continue to comply in all respects with the applicable requirements for seeking compensation and reimbursement of expenses for all fees and costs incurred on or after November 19, 2012.  (See Original Application ¶ 9; Original Rosenberg Declaration ¶ 4.)

### Statement of Connections

6.      As disclosed in the Original Rosenberg Declaration and the First Supplemental Rosenberg Declaration, to the best of my knowledge, Paul Weiss does not hold or represent an interest adverse to the Debtors or their respective estates in the matters for which Paul Weiss continues to be engaged.  All information with respect to Paul Weiss's connections with the Debtors, creditors, or any other party in interest is set forth in the Original Rosenberg Declaration and the First Supplemental Rosenberg Declaration, which are incorporated herein by reference.

7.      In the event that I become aware hereafter of the identity of additional parties in interest with whom Paul Weiss currently has, or had a relationship previously, such that anything herein is not accurate, I will immediately apprise the Court.

8.      As stated in the Original Rosenberg Declaration, neither Paul Weiss, nor any partner, counsel or associate thereof, has shared, or agreed to share (a) any compensation it may receive in these cases with another party or person, other than with the partners, counsel and associates of Paul Weiss, or (b) any compensation another person or party has received or may receive in these cases.  No promises have been made

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Supplemental Application.

or received by Paul Weiss, or by any partner, counselor associate thereof, as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  December 28, 2012

_____
Andrew N. Rosenberg