## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

### FEE EXAMINER'S FINAL REPORT REGARDING THE
### TENTH INTERIM FEE APPLICATION OF ZUCKERMAN SPAEDER LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order
Appointing Fee Examiner and Establishing Related Procedures for Compensation and
Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket
No. 546] (the "**Fee Examiner Order**") in connection with the *Tenth Interim Fee Application of*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

*Zuckerman Spaeder LLP for Interim Approval and Allowance of Compensation and Reimbursement of Expenses* [Docket No. 11375] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $255,367.75 and reimbursement of expenses that total $23,701.64 for the period from December 1, 2011 through February 29, 2012. Zuckerman Spaeder LLP ("**Zuckerman**") serves as Special Counsel to the Official Committee of Unsecured Creditors (the "**Committee**").

### Background

1.      On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2.      On August 13, 2009, the Committee filed the *Application of the Official Committee of Unsecured Creditors of Tribune Company, et al., Pursuant to 11 U.S.C. §§ 328 and 1103 and Fed. R. Bankr. P. 2014, for an Order Authorizing the Employment and Retention of Zuckerman Spaeder LLP as Special Counsel Nunc Pro Tunc to August 6, 2009* [Docket No. 1953] (the "**Retention Application**"). By order dated September 3, 2009, this Court approved the retention of Zuckerman (the "**Retention Order**"). The Retention Order provided that Zuckerman "shall be compensated in accordance with the procedures set forth in section 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, local rules and orders of the court, guidelines established by the Office of the United States Trustee, and such other procedures as may be fixed by order of this Court."

3.      Zuckerman submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

### Applicable Standards

4.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.      The Fee Examiner reviewed the Fee Application for compliance with Sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court

shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

7.      A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred.  A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules.  Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application.  A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.      The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to Zuckerman for review and comment.  The firm submitted to the Fee Examiner a lengthy and detailed written response to the Preliminary Report. After consideration of the additional information provided by the firm, the Fee Examiner now

issues this final report (the "**Final Report**") "in a format designed to opine whether the requested

fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy

Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order* ¶5.

## DISCUSSION OF FINDINGS

### Technical Requirements

9.      **Reconciliation of Fees and Expenses.**   The Fee Examiner compared the total

amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and

"**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or

hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**").   The

Fee Examiner determined that the Fees Computed exceeded the Fees Requested by $64.00,

resulting in an apparent undercharge.   The discrepancy was the result of task hours within one

entry that did not equal the time billed for the entry as a whole, which was displayed in

**Exhibit A**. Zuckerman agreed with the Fee Examiner's calculations, which results in an increase

in fees requested by an amount of $64.00.   Exhibit A has been omitted from the Final Report.

The Fee Examiner further determined that there was no discrepancy between the

Expenses Requested and the Expenses Computed.    The figures in this report and the

accompanying exhibits reflect Fees Computed and Expenses Computed.

10.      **Block Billing.**[1]   The Local Rules provide that "[a]ctivity descriptions shall not be

lumped – each activity shall have a separate description and a time allotment." *Local*

*Rule 2016-2(d)(vii)*.   The UST Guidelines further provide that where a timekeeper's daily time

---

[1] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing.  Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry.  As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry.  This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[2] The Delaware Bankruptcy Court has found that time entries that generally only combine work on one issue, and a conference/communication with the client or opposing counsel on the same issue, while technically block billing, will not be objectionable.[3] The Fee Examiner identified block billed time entries totaling 17.80 hours with associated fees of $10,266.00, which were displayed in **Exhibit B**[4] to the Preliminary Report. While, the entries were not objectionable, the Fee Examiner requested that in future fee applications the firm segregate time spent preparing for conferences/events from the time spent in attendance at such events; given the concern over potential duplication between Zuckerman timekeepers and other case professionals, it is important for the Fee Examiner and the Court to have an accurate accounting of the time spent preparing for meetings/events and the actual time in attendance. The Fee Examiner does not recommend a fee reduction, and omits Exhibit B from the Final Report.

      11.    **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv).* The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time

---

[2] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g., In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g., In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

[3] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

[4] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v).* Zuckerman complied with the applicable rules regarding time increments.

### Review of Fees

12.    **Firm Staffing.** The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii).*

The Fee Application provided the names, positions, and hourly rates of the nine Zuckerman professionals and paraprofessionals who billed to this matter, consisting of five partners, one associate, one staff attorney, and two paralegals. A summary of hours and fees billed by each timekeeper is displayed in **Exhibit C**.

The firm billed a total of 457.50 hours with associated fees of $255,431.75. The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 328.20 | 72% | $217,668.25 | 85% |
| Associate | 20.50 | 4% | 7,491.50 | 3% |
| Staff Attorney | 1.90 | * | 551.00 | * |
| Paralegal | 106.90 | 23% | 29,721.00 | 12% |
| TOTAL | 457.50 | 100% | $255,431.75 | 100% |

* Less than 1%

The blended hourly rate for the Zuckerman professionals is $643.78 and the blended hourly rate for professionals and paraprofessionals is $558.32.

13.    **Hourly Rate Increases.** Zuckerman increased the hourly rates for timekeepers effective January 1, 2012.

14. **Timekeepers' Roles.**    A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4).*  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.    The Zuckerman timekeepers appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.  However, the Fee Examiner requested additional information regarding the fees invoiced by several timekeepers.  During this interim period, one individual billed 3.20 hours and $1,888.00 in associated fees to prepare for a hearing on a Motion to Compel Production, a conference with another partner regarding same, and to attend the hearing.  However, the partner also billed to prepare for and attend the same hearing.  The other questioned timekeeper billed 32.50 hours and $19,567.50 in associated fees.    In all 61 billing entries, the timekeeper performed passive tasks such as reviewing the work product of others.  None of the entries appeared to advance the matter in any appreciable manner.  The Fee Examiner was interested in the activities engaged in by these timekeepers and whether it was necessary and added value to the work performed on behalf of the Debtors.  The questioned entries, totaling 35.70 hours with $21,455.50 in associated fees, were displayed in **Exhibit D** to the Preliminary Report.

In response to the Preliminary Report, Zuckerman provided additional information regarding both of the questioned timekeepers.  The firm stated that the time billed by the professionals in question did not reflect unnecessary duplication or inefficiencies which form the basis of a portion of the Fee Examiner's concern.  The firm urged that one of the timekeeper's participation was based on his admittance to practice before the SDNY, and for the same reason he has been used on other parts of the Tribune matter.  The firm also stated that the second

questioned timekeeper has been enlisted on several Tribune projects, often on short notice, so the firm felt it important for him to stay abreast of developments in the case. The Fee Examiner's concerns regarding the first timekeeper were resolved by Zuckerman's response. As for the second timekeeper in question, Zuckerman agreed, without prejudice and reserving all rights, to reduce its fee request by $9,567.50. Based on the detailed response provided and the amount of the reduction, no further fee reduction is warranted. Exhibit D has been omitted from this Report.

15. **Meetings, Conferences, Hearings, and Other Events.** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" *Local Rule 2016-2(d)(ix)*, and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v).* While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more Zuckerman timekeepers attended the same meeting, conference, hearing, or other event, as well as any associated travel activities. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 27.90 hours with $19,193.50 in associated fees, were displayed in **Exhibit E** to the Preliminary Report. In each instance where multiple timekeepers attended a meeting, conference, hearing, or other event, we identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a

conference).  The potentially duplicative and unnecessary timekeepers' entries, including those tasks referencing related travel, total 14.50 hours with $9,219.50 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the Exhibit.  The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response to the Preliminary Report, Zuckerman stated that as a matter of practice multiple firm attorneys attended events only when necessary and only for the amount of time necessary.  The firm provided an explanation of events that occurred during the interim period and the need for more than one attorney to participate at various meetings.  The firm then divided the meetings and events into various categories and provided additional information and context.  The additional information and context brings the Fee Application into substantial compliance with the Local Rules and UST Guidelines and, accordingly, the Fee Examiner makes no recommendation for a fee reduction.  Exhibit E is omitted from this Report.

16.    **Intraoffice Conferences.**    Frequent  intraoffice  conferences  may  indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel.  The Fee Examiner identified billing activities by Zuckerman timekeepers describing intraoffice conferences, totaling 5.40 hours with $2,211.00 in associated fees, which were displayed in **Exhibit F** to the Preliminary Report.  The Fee Examiner observed that, in certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference.  The entries describing intraoffice conferences invoiced by two or more firm personnel total 4.00 hours with $1,318.50 in associated fees and were highlighted in bold and marked with an ampersand [&] in the Exhibit.  The Fee Examiner requested that Zuckerman continue to strive to eliminate

unnecessary intraoffice conferencing, and further requested the firm provide an explanation for the necessity of more than one participant billing for the same intraoffice conferences identified in the Exhibit.   Zuckerman provided sufficient information to justify the limited intraoffice conferencing.   Based on the firm's response and the continued reduction of intraoffice conferencing in this fee application, the Fee Examiner makes no recommendation for a fee reduction. Exhibit F has been omitted from the Final Report.

17.   **Complete and Detailed Task Descriptions.**   Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary."   The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*.   The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.   Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.

The Fee Examiner identified entries totaling 1.40 hours with $700.00 in associated fees in which a conference or other communication was not described with sufficient detail.   This lack of detail hinders a reviewer's ability to determine the reasonableness and necessity of the activity, and is in clear violation of the applicable guidelines.   The entries were displayed in **Exhibit G** to the Preliminary Report.   The Fee Examiner invited Zuckerman to comment on or

provide the missing information to bring the questioned entries into compliance. Zuckerman provided the missing information for each of the questioned time entries. No fee reduction is appropriate and Exhibit G has been omitted from the Final Report.

18.    **Administrative Activities.** Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The Fee Examiner identified questioned activities that totaled 2.00 hours with $560.00 in associated fees, which were displayed in **Exhibit H** to the Preliminary Report. In response and without prejudice, Zuckerman agreed to the Fee Examiner's proposed fee reduction of $560.00. Exhibit H has been omitted from this Report.

19.    **Clerical Activities.** Clerical activities do not require legal acumen, and may be effectively performed by administrative assistants, secretaries, or support personnel. Similar to administrative activities, clerical activities are generally not billable and are considered to be part of the firm's overhead. In the 3rd Circuit, however, some clerical and non-clerical activities may be compensable at a rate commensurate with the level of expertise or knowledge typically found to be necessary to complete the task. The questioned entries were displayed in **Exhibit I** to the Preliminary Report and totaled 64.00 hours with $17,939.00 in associated fees. The firm was invited to comment on the questioned entries. The firm provided a detailed response with regard to the activities in question. The Fee Examiner and the firm reached a compromise wherein the firm agreed to reduce its fees by an amount of $5,599.00. Exhibit I has been omitted from the Final Report.

20.    **Travel.** The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local*

*Rule 2016-2(d)(viii)*.  The firm invoiced all travel entries at one-half of the timekeepers' hourly rates in compliance with the Local Rule.

21.    **Zuckerman Retention/Compensation.**    Zuckerman billed 16.50 hours with associated fees of $10,424.00 to prepare the firm's retention documents and applications for compensation, which computes to approximately 4% of the total Fees Computed.  The fee entries describing Zuckerman's retention/compensation activities are displayed in **Exhibit J**, which is included in the Final Report for the Court's reference.

**Review of Expenses**

22.    **Itemization of Expenses.**    The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*.   The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.   Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*.   Zuckerman provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

23.     **Photocopies.**   The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii)*.   The firm requested reimbursement for duplication charges at a rate of $0.10 per page, in compliance with the Local Rule.

24.     **Computer Assisted Legal Research.**   The Local Rules provide that computer assisted legal research charges "shall not be more than the actual cost." *Local Rule 2016-2(e)(iii)*. The firm billed for computer assisted legal research and the Fee Application indicated that "there is no surcharge for computerized research."

25.     **Travel Expenses.**   The Fee Examiner requested additional information related to the travel expenses that were displayed in **Exhibit K** to the Preliminary Report.   For all charges, the Fee Examiner requests a detailed description that will allow a proper classification of the charge (airfare, hotel, etc.).   For airfare charges, the Fee Examiner requests information regarding the origination, destination, and fare class.   For meals, the Fee Examiner requests information regarding the type of meal (breakfast, lunch, etc.) and the name of each attendee. The Fee Examiner has recommended and the Court has followed certain per person ceilings for meals incurred during travel (i.e. breakfast - $15.00, lunch - $25.00, and dinner - $50.00).   For hotel charges, the Fee Examiner requests information regarding the location and number of nights.   The Fee Examiner has recommended and the Court has followed a domestic lodging ceiling of $350.00 per night.

In response, Zuckerman provided an exhibit that contained all of the detailed information requested regarding the questioned travel expenses.   After reviewing the additional information, the Fee Examiner determined an expense reduction was not warranted.   Exhibit K has been omitted from this Report.

26.  **Local Transportation.**    Zuckerman requested reimbursement for local transportation in the amount of $37.80.   The Fee Examiner requested Zuckerman provide additional information with regard to the charge, which was displayed in **Exhibit L** to the Preliminary Report, including an explanation for the necessity and purpose of the charge.

In response, Zuckerman provided an exhibit that contained the information requested. The charge related to a round trip taxi fare in connection to a hearing.  No expense reduction is appropriate, and Exhibit L is omitted from this Report.

27.  **Request for Additional Information.**    The Fee Examiner requested that Zuckerman provide documentation and/or a detailed explanation for the expenses displayed in **Exhibit M** to the Preliminary Report.   In response, Zuckerman provided all of the detailed information requested regarding the questioned charges.   The expenses were proper and necessary, and Exhibit M has been omitted from the Final Report.

## CONCLUSION

The Fee Examiner submits this final report regarding the Fee Application and the fees and expenses discussed above.  The Fee Examiner recommends the approval of fees in the amount of $239,705.25 ($255,367.75 plus $64.00 minus $15,726.50) and reimbursement of expenses in the amount of $23,701.64 for the period from December 1, 2011 through February 29, 2012.  The findings are set forth in the summary on the following page.

**ZUCKERMAN SPAEDER LLP**

**SUMMARY OF FINDINGS**

**Tenth Interim Fee Application (December 1, 2011 through February 29, 2012)**

A.    **Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $255,367.75 | |
| Expenses Requested | 23,701.64 | |
| TOTAL FEES AND EXPENSES REQUESTED | | $279,069.39 |
| Fees Computed | $255,431.75 | |
| Expenses Computed | 23,701.64 | |
| TOTAL FEES AND EXPENSES COMPUTED | | $279,133.39 |
| Discrepancy in Fees | ($    64.00) | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | ($    64.00) |

B.    **Recommended Fee Allowance and Expense Reimbursement**

| | | |
|---|---|---|
| Fees Requested | $255,367.75 | |
| *Discrepancy in Fees* | *$    64.00* | |
| *Agreed Reduction for Timekeepers' Roles* | *(9,567.50)* | |
| *Agreed Reduction for Administrative Activities* | *(560.00)* | |
| *Agreed Reduction for Clerical Activities* | *(5,599.00)* | |
| Subtotal | *($15,662.50)* | |
| RECOMMENDED FEE ALLOWANCE | | $239,705.25 |
| Expenses Requested | $23,701.64 | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 23,701.64 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $263,406.89 |

Respectfully submitted,

**STUART MAUE**

By: _____

    John F. Theil, Esq.
    3840 McKelvey Road
    St. Louis, Missouri  63044
    Telephone:  (314) 291-3030
    Facsimile:  (314) 291-6546
    tribunebkr@smmj.com

    *Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 7th day of January, 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

Andrew N. Goldfarb, Esq.
Zuckerman Spaeder LLP
1800 M Street, NW Suite 1000
Washington, DC 20036-5802

John F. Theil, Esq.

## EXHIBIT F

### SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

### COMPUTED AT STANDARD RATES

**Zuckerman Spaeder**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 1146 | Sottile, James | PARTNER | $362.50 | $790.00 | 143.50 | $102,070.75 |
| 1509 | Goldfarb, Andrew N. | PARTNER | $300.00 | $640.00 | 136.00 | $82,872.00 |
| 1462 | Torrez, P. Andrew | PARTNER | $585.00 | $610.00 | 32.50 | $19,567.50 |
| 947 | Bush, Graeme W. | PARTNER | $850.00 | $875.00 | 13.00 | $11,270.00 |
| 1409 | Naunton, Shawn P. | PARTNER | $590.00 | $590.00 | 3.20 | $1,888.00 |
| | No. of Billers for Position: 5 | Blended Rate for Position: | $663.22 | | 328.20 | $217,668.25 |
| | | | | | % of Total: 71.74% | % of Total: 85.22% |
| 1544 | Caridas, Andrew | ASSOCIATE | $340.00 | $375.00 | 20.50 | $7,491.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $365.44 | | 20.50 | $7,491.50 |
| | | | | | % of Total: 4.48% | % of Total: 2.93% |
| 1501 | Shahidi, Sepaass | STAFF ATTORNEY | $290.00 | $290.00 | 1.90 | $551.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $290.00 | | 1.90 | $551.00 |
| | | | | | % of Total: 0.42% | % of Total: 0.22% |
| 1431 | Medoro, Lisa | PARALEGAL | $265.00 | $280.00 | 106.80 | $29,694.00 |
| 1407 | Chen, Jer-Wei (Jay) | PARALEGAL | $270.00 | $270.00 | 0.10 | $27.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $278.03 | | 106.90 | $29,721.00 |
| | | | | | % of Total: 23.37% | % of Total: 11.64% |
| | Total No. of Billers: 9 | Blended Rate for Report: | $558.32 | | 457.50 | $255,431.75 |

EXHIBIT J

ZUCKERMAN RETENTION/COMPENSATION

Zuckerman Spaeder

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Goldfarb, A | 16.50 | 10,424.00 |
| | 16.50 | $10,424.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Retention/Fee Applications | 16.50 | 10,424.00 |
| | 16.50 | $10,424.00 |

EXHIBIT J
ZUCKERMAN RETENTION/COMPENSATION
Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
| 12/02/11 Fri | Goldfarb, A 282094/273 | 0.40 | 0.40 | 240.00 | | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW TIME ENTRIES FOR 10/2011 TO FOR COMPLIANCE WITH LOCAL RULES. |
| 12/07/11 Wed | Goldfarb, A 282094/274 | 0.70 | 0.70 | 420.00 | | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVISE AND FINALIZE ZUCKERMAN SPAEDER 27TH MONTHLY FEE APPLICATION. |
| 12/07/11 Wed | Goldfarb, A 282094/275 | 0.10 | 0.10 | 60.00 | | F | 1 | MATTER NAME: Retention/Fee Applications<br>EMAIL WITH V. GARLATI (TRIBUNE) RE CNO FOR 26TH MONTHLY APPLICATION. |
| 12/16/11 Fri | Goldfarb, A 282094/276 | 0.10 | 0.10 | 60.00 | | F | 1 | MATTER NAME: Retention/Fee Applications<br>EMAIL J. THEIL RE ZUCKERMAN SPAEDER 27TH MONTHLY APPLICATION. |
| 12/16/11 Fri | Goldfarb, A 282094/277 | 0.40 | 0.40 | 240.00 | | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW PRELIMINARY REPORT OF FEE EXAMINER ON ZUCKERMAN SPAEDER 5TH INTERIM APPLICATION. |
| 12/23/11 Fri | Goldfarb, A 282094/278 | 0.70 | 0.70 | 420.00 | | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW TIMESHEETS FOR 11/2011 FOR COMPLIANCE WITH LOCAL RULES. |
| 12/28/11 Wed | Goldfarb, A 282094/279 | 0.70 | 0.70 | 420.00 | | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW MONTHLY FEE APPLICATION INVOICES FOR COMPLIANCE WITH LOCAL RULES. |
| 12/29/11 Thu | Goldfarb, A 282094/280 | 0.10 | 0.10 | 60.00 | | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW CNO FOR ZUCKERMAN SPAEDER 27TH MONTHLY FEE APP AND SEND TO V. GARLATI. |
| 12/29/11 Thu | Goldfarb, A 282094/281 | 0.10 | 0.10 | 60.00 | | F | 1 | MATTER NAME: Retention/Fee Applications<br>EMAILS WITH J. CLARK RE TRIBUNE 28TH MONTHLY FEE APP INVOICE. |
| 12/30/11 Fri | Goldfarb, A 282094/282 | 0.10 | 0.10 | 60.00 | | F | 1 | MATTER NAME: Retention/Fee Applications<br>EMAIL V. GARLATI (TRIBUNE) RE CNO FOR ZUCKERMAN SPAEDER 27TH MONTHLY FEE APP REQUESTING PAYMENT. |
| 01/03/12 Tue | Goldfarb, A 282212/192 | 0.30 | 0.30 | 192.00 | | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW AND FINALIZE ZUCKERMAN SPAEDER 28TH MONTHLY FEE APPLICATION. |
| 01/05/12 Thu | Goldfarb, A 282212/193 | 0.20 | 0.20 | 128.00 | | F | 1 | MATTER NAME: Retention/Fee Applications<br>EMAIL TO J. SOTTILE RE REVIEWED SEPTEMBER TIME RE INQUIRY. |
| 01/06/12 Fri | Goldfarb, A 282212/194 | 0.20 | 0.20 | 128.00 | | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW NOVEMBER TIME PER J. SOTTILE'S INQUIRY. |

~ See the last page of exhibit for explanation

EXHIBIT J
ZUCKERMAN RETENTION/COMPENSATION
Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
| 01/06/12 Fri | Goldfarb, A 282212/195 | 0.10 | 0.10 | 64.00 | | F 1 | MATTER NAME: Retention/Fee Applications<br>EMAIL TO J. SOTTILE RE SAME. |
| 01/09/12 Mon | Goldfarb, A 282212/196 | 0.20 | 0.20 | 128.00 | | F 1 | MATTER NAME: Retention/Fee Applications<br>CONFER WITH J. SOTTILE RE OCT-DEC 2012 ZUCKERMAN SPAEDER FEE APPLICATIONS. |
| 01/09/12 Mon | Goldfarb, A 282212/197 | 0.10 | 0.10 | 64.00 | | F 1 | MATTER NAME: Retention/Fee Applications<br>REVISE AND FINALIZE ZUCKERMAN SPAEDER 28TH MONTHLY FEE APPLICATION. |
| 01/12/12 Thu | Goldfarb, A 282212/198 | 1.00 | 1.00 | 640.00 | | F 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT AND REVIEW 9TH INTERIM ZUCKERMAN SPAEDER FEE APPLICATION. |
| 01/13/12 Fri | Goldfarb, A 282212/199 | 0.40 | 0.40 | 256.00 | | F 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW, FINALIZE AND FILE ZUCKERMAN SPAEDER 9TH INTERIM FEE APPLICATION. |
| 02/06/12 Mon | Goldfarb, A 282889/294 | 2.40 | 2.40 | 1,536.00 | | F 1 | MATTER NAME: Retention/Fee Applications<br>BEGIN DRAFTING RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT ON ZUCKERMAN SPAEDER FIFTH INTERIM FEE APPLICATION. |
| 02/07/12 Tue | Goldfarb, A 282889/295 | 2.00 | 2.00 | 1,280.00 | | F 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT AND REVISE RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT ON ZUCKERMAN SPAEDER FIFTH INTERIM FEE APPLICATION. |
| 02/07/12 Tue | Goldfarb, A 282889/296 | 0.50 | 0.50 | 320.00 | | F 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW TIME ENTRIES FOR DECEMBER 2011 FOR COMPLIANCE WITH LOCAL RULES. |
| 02/07/12 Tue | Goldfarb, A 282889/297 | 0.50 | 0.50 | 320.00 | | F 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW TIME ENTRIES FOR JANUARY 2012 FOR COMPLIANCE WITH LOCAL RULES. |
| 02/07/12 Tue | Goldfarb, A 282889/298 | 0.10 | 0.10 | 64.00 | | F 1 | MATTER NAME: Retention/Fee Applications<br>ATTENTION TO PREPARATION OF EXPENSE DETAIL FOR FEE EXAMINER IN RESPONSE TO PRELIMINARY REPORT ON 5TH INTERIM FEE APPLICATION. |
| 02/09/12 Thu | Goldfarb, A 282889/299 | 0.10 | 0.10 | 64.00 | | F 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW PROPOSED ORDER APPROVING ZUCKERMAN SPAEDER 4TH INTERIM FEE REQUEST. |
| 02/15/12 Wed | Goldfarb, A 282889/300 | 1.00 | 1.00 | 640.00 | | F 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW AND REVISE RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT FOR 5TH INTERIM FEE REPORT. |
| 02/16/12 Thu | Goldfarb, A 282889/301 | 0.20 | 0.20 | 128.00 | | F 1 | MATTER NAME: Retention/Fee Applications<br>FINALIZE AND FILE ZUCKERMAN SPAEDER 29TH MONTHLY FEE APPLICATION. |

~ See the last page of exhibit for explanation

EXHIBIT J
ZUCKERMAN RETENTION/COMPENSATION
Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 02/16/12 Thu | Goldfarb, A 282889/302 | 0.50 | 0.50 | 320.00 | | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW EXPENSE DETAIL SPREADSHEET FOR RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT ON ZUCKERMAN SPAEDER 5TH INTERIM FEE APPLICATION. |
| 02/17/12 Fri | Goldfarb, A 282889/303 | 1.80 | 1.80 | 1,152.00 | | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW, EDIT, AND FINALIZE ZUCKERMAN RESPONSE TO FEE EXAMINER PRELIMINARY REPORT ON 5TH INTERIM FEE APPLICATION. |
| 02/23/12 Thu | Goldfarb, A 282889/304 | 0.60 | 0.60 | 384.00 | 0.50<br>0.10 | F<br>F | 1<br>2 | MATTER NAME: Retention/Fee Applications<br>RESPOND TO FEE APPLICATION INQUIRY FROM J. SOTTILE (.5);<br>CALL WITH D. RATH RE FEE APPLICATION QUERY (.1). |
| 02/27/12 Mon | Goldfarb, A 282889/305 | 0.50 | 0.50 | 320.00 | | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW TIME SHEETS FOR COMPLIANCE WITH LOCAL RULES FOR JANUARY 2012 TIME. |
| 02/28/12 Tue | Goldfarb, A 282889/306 | 0.10 | 0.10 | 64.00 | | F | 1 | MATTER NAME: Retention/Fee Applications<br>E-MAIL ZS 29TH MONTHLY MATERIALS TO FEE EXAMINER. |
| 02/29/12 Wed | Goldfarb, A 282889/307 | 0.20 | 0.30 | 192.00 | 0.20<br>0.10 | F<br>F | 1<br>2 | MATTER NAME: Retention/Fee Applications<br>EMAIL WITH D. BEAZIE (TRIBUNE) RE RECENT PAYMENTS FOR FEE APPLICATIONS, INCLUDING REVIEW OF PRIOR FEE APPLICATIONS (.2)<br>EMAIL V. GARLATI RE ZS 28TH MONTHLY FEE APP (.1) |

Total           16.50  $10,424.00

Number of Entries:  32

EXHIBIT J

ZUCKERMAN RETENTION/COMPENSATION

Zuckerman Spaeder

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Goldfarb, A | 16.50 | 10,424.00 |
| | 16.50 | $10,424.00 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Retention/Fee Applications | 16.50 | 10,424.00 |
| | 16.50 | $10,424.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL