## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE
## SIXTH QUARTERLY FEE APPLICATION OF DAVIS WRIGHT TREMAINE LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Sixth Quarterly Fee Application of Davis Wright Tremaine LLP* [Docket No. 12414] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $318,732.29 and reimbursement of expenses that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

total $14,398.83 for the period from December 1, 2011 through February 29, 2012. Davis Wright Tremaine LLP ("Davis") serves as special counsel to the debtors for domestic legal matters.

### Background

1.      On December 8, 2008 (the "**Petition Date**"), the Debtors commenced with this Court a voluntary case under Chapter 11 of the Bankruptcy Code. Under this Court's *Order Directing Joint Administration Chapter 11 Cases* [Docket No. 43] on December 10, 2009, these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

2.      Davis previously provided services to the debtors as Ordinary Course Counsel, pursuant to the Court's *Order Allowing Compensation and Reimbursement of Expenses to Davis Wright Tremaine LLP for Services Rendered as Ordinary Course Counsel to the Debtors During the Period from March 1, 2010 through June 30, 2010* [Docket No. 6567].

3.      On November 2, 2010, the Debtors filed their *Application for an Order Authorizing Debtors to Employ and Retain Davis Wright Tremaine LLP as Special Counsel to Los Angeles Times Communications LLC for Certain Media Litigation Matters Pursuant to 11 U.S.C. §§327(E) and 1107, Nunc Pro Tunc to October 1, 2010* [Docket No. 6226]. On November 22, 2010, this Court issued its *Order Authorizing Debtors to Employ and Retain Davis Wright Tremaine LLP as Special Counsel to Los Angeles Time Communications LLC for Certain Media Litigation Matters Pursuant to 11 U.S.C. §§327(E) and 1107 nunc pro tunc to October 1, 2010.* [Docket No. 6552] (the "**Retention Order**"). On March 22, 2012, this court modified Davis Wright Treamaine LLP's retention to encompass corporate and litigation services arising under Washington state law [Docket No. 11219].

4.      Davis submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 225] (the "**Interim Compensation Order**").

### Applicable Standards

5.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

6.      The Fee Examiner reviewed the Fee Application for compliance with Sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

7.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all

-3-

relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

8.      A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

9.      The Fee Examiner completed an evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to Davis for review and comment. Davis submitted a written response to the Fee Examiner. The Fee Examiner issues this final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5.*

-4-

## DISCUSSION OF FINDINGS

### <u>Technical Requirements</u>

10.     **<u>Reconciliation of Fees and Expenses.</u>**  The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application (**"Fees Requested"** and **"Expenses Requested"**) to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm (**"Fees Computed"** and **"Expenses Computed"**).  The recomputation of fees revealed that the Fees Computed were $144.46 more than the Fees Requested (after accounting for the discounts and reductions by the firm) due to the discrepancies displayed in **Exhibit A** to the Preliminary Report.  The firm agreed with the Fee Examiner's recomputation, which resulted in a fee increase in the amount of $144.46.  Exhibit A has been omitted from the Final Report.

The Fee Examiner further determined that there was no discrepancy between the Expenses Requested and the Expenses Computed.  The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

11.     **<u>Block Billing.</u>**  The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*.  The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[2]  The Delaware Bankruptcy Court has found that time entries that generally only combine work on one issue, and a conference/communication with the client or

---

[2] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g., In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction. *e.g., In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

opposing counsel on the same issue, while technically block billing, will not be objectionable.[3] Davis block billed entries totaling 113.40 hours and $42,156.45 in associated fees. The entries were displayed in **Exhibit B**[4] to the Preliminary Report. Based upon the precedent established by this Court, the objectionable block billed entries totaled 28.30 hours and $10,581.75 in associated fees, and were marked with an ampersand [&] in the exhibit. The Fee Examiner invited comment from Davis. In response, the firm properly separated the block billing by allocating the time billed for each task, which brought the entries within compliance. No fee reduction is recommended, and Exhibit B is omitted from this Report.

12.    **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*. The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*.  The firm properly billed in one-tenth hour increments.

### Review of Fees

13.    **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*. The Fee Application provided the names, positions, and hourly rates of the 30 Davis professionals

---

[3] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

[4] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

-6-

and paraprofessionals who billed to this matter, consisting of 15 partners, 1 of counsel, 7 associates, 4 paralegals, 2 librarians, and 1 document clerk. A summary of hours and fees billed by each timekeeper is displayed in **Exhibit C**.

The firm billed a total of 919.90 hours with associated fees of $318,876.75.[5] The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 360.90 | 39% | $166,900.50 | 52% |
| Of Counsel | 6.30 | * | 2,831.40 | * |
| Associate | 449.40 | 49% | 131,512.05 | 41% |
| Paralegal | 82.90 | 9% | 15,748.20 | 5% |
| Librarian | 10.80 | 1% | 1,366.20 | * |
| Document Clerk | 9.60 | 1% | 518.40 | * |
| TOTAL | 919.90 | 100% | $318,876.75 | 100% |

* Less than 1%

14.    **Hourly Rate Increases.** Davis increased the hourly rates of timekeepers during this interim period, effective January 1, 2012.

15.    **Timekeepers' Roles.** A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*. With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts. On the whole, Davis timekeepers appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals. However, the Fee Examiner requested additional information about the contribution to the Estate of five timekeepers who invoiced a total of 2.30 hours and $936.00 in associated fees, as were displayed in **Exhibit D** to the Preliminary Report. Davis responded by

---

[5] This amount reflects the Fees Computed (after accounting for the discounts and reductions by the firm).

providing additional detail regarding the roles and activities conducted by each of the questioned timekeepers, which showed that the activities were necessary and proper, bringing the entries in compliance with the rules and guidelines. Exhibit D is omitted from this Report.

16.    **Meetings, Conferences, Hearings, and Other Events.** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*. While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two timekeepers attended the same meeting, conference, hearing, or other event.  Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees.  The entries, totaling 25.60 hours with $10,642.95 in associated fees, were displayed in **Exhibit E** to the Preliminary Report.  In each instance where multiple timekeepers attended a meeting, conference, hearing, or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the individual leading rather than observing a conference), typically the most senior attendee with the highest billing rate.  The potentially duplicative and unnecessary timekeepers' entries totaled 11.70 hours with $3,698.10 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit.

In response to the Preliminary Report, Davis provided the Fee Examiner with additional detail regarding the specific subject matter and purpose of the meetings in question, as well as

the role of the various participants. The detail satisfies the requirements of the Local Rules and UST Guidelines, and after analyzing the same, the Fee Examiner makes no recommendation for a related fee reduction. Exhibit E is omitted from the Final Report.

17. **Intraoffice Conferences.**    Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified billing activities by Davis timekeepers describing intraoffice conferences totaling 92.80 hours with $37,426.95 in associated fees, or approximately 12% of the total Fees Computed, as were displayed in **Exhibit F** to the Preliminary Report. The Fee Examiner observed that in certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference. The entries describing intraoffice conferences invoiced by two or more firm personnel totaled 38.60 hours with $14,718.83 in associated fees and were highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner notes that the percentage of intraoffice conferences decreased from the prior application. However, the Fee Examiner requested that Davis continue to strive to eliminate unnecessary intraoffice conferencing, and further requested that the firm provide an explanation for the necessity of more than one participant billing for the same intraoffice conference as identified in the Exhibit.

Davis responded to the Fee Examiner's request by providing a detailed explanation of the firm's staffing of the Tribune cases, the necessity of multiple timekeepers attending the questioned meetings and events, and the nature and purpose of those meetings and events. After analyzing the supplemental information provided, the Fee Examiner makes no recommendation for a fee reduction. Exhibit F is omitted from this report.

18. **Complete and Detailed Task Descriptions.**    Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further

provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix).* The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v).*

        a.     **Vague Communications.** The Fee Examiner identified entries totaling 12.85 hours with $4,971.38 in associated fees in which a conference or other communication was not described with sufficient detail. This lack of detail hinders a reviewer's ability to determine the reasonableness and necessity of the activity, and is in clear violation of the applicable guidelines. The entries were displayed in **Exhibit G** to the Preliminary Report. The Fee Examiner invited Davis to comment on or provide additional detail to bring these entries into compliance. The firm responded by providing the missing subject matter or participant information for each of the questioned entries, which brought the activities into compliance with the rules and guidelines. Exhibit G was omitted from this report.

        b.     **Vague Tasks.** The Fee Examiner reviewed the substantive detail of each billing entry and identified 12.20 hours with $3,402.90 in associated fees where the Fee Examiner could not determine the precise nature of the services performed by the timekeeper. The entries were displayed in **Exhibit H** to the Preliminary Report. As reflected in the Local Rules and UST Guidelines, billing entries must adequately describe the services actually performed to allow a determination of whether the task was staffed appropriately, whether the

task involved the exercise of legal judgment, and/or whether the task was duplicated by other timekeepers.[6]  For example, Davis' timekeepers described a few entries using phrases such as "assist with" and "prepare for."  These descriptions are vague because they fail to provide a specific legal activity that is being performed.  The Fee Examiner invited comment or additional detail from Davis to bring the entries into compliance.  The firm responded by providing the missing detail for the vague entries, which brought them into compliance with the rules and guidelines.  Exhibit H is omitted from this report.

19.     **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.   The Fee Examiner identified a task that appeared to describe an administrative function that is generally considered part of a firm's overhead.  The questioned task consisted of 0.20 hour and $54.00 in associated fees and was displayed in **Exhibit I** to the Preliminary Report.  Davis provided additional information and an explanation of the activity in question.  The additional information removed the entry from the administrative category.  No fee reduction is appropriate and Exhibit I has been omitted from this Report.

20.     **Clerical Activities.**  Clerical activities do not require legal acumen, and may be effectively performed by administrative assistants, secretaries, or support personnel.  Similar to administrative activities, clerical activities are generally not billable and are considered to be part of the firm's overhead.  In the 3rd Circuit, however, some clerical and non-clerical activities may be compensable at a rate commensurate with the level of expertise or knowledge typically found to be necessary to complete the task.  Davis invoiced entries totaling 16.60 hour with $2,349.90 in associated fees, which were displayed in **Exhibit J** to the Preliminary Report.  In response,

---

[6] Vague entries do not allow the court to determine the reasonableness and necessity of the effort expended, and fees may be denied or reduced when insufficiently documented.  *E.g., In re Bennett Funding, Inc.*, 213 B.R. 234, 245-46 (Bankr. N.D.N.Y. 1997).  Entries for legal research must identify the issue and explain the research need.  *In re Fibermark, Inc.*, 349 B.R. 385, 397 (Bankr. D. Vt. 2006).

Davis stated the questioned activities were properly assigned and billed. In support of its position, the firm provided additional detail regarding each of the questioned tasks and timekeepers including the nature of the activity and the legal acumen and skill required to perform the activity. Based on the additional information provided, the Fee Examiner makes no recommendation for a fee reduction, and Exhibit J is omitted from this report.

21.    **"No Charge" Task Invoiced at Full Rate.** Davis' Application contained a fee entry that indicated that it was performed at "no charge;" however, it appeared from the fee application that the firm invoiced the entry at the timekeeper's full rate. The entry totaling 0.80 hour with $360.00 in associated fees was displayed in **Exhibit K** to the Preliminary Report. The Fee Examiner requested that Davis provide comment on the questioned entry. Davis agreed with the Fee Examiner, that the fees for the 0.80 hour entry had been inadvertently requested in the fee application. Accordingly, the firm agreed to a $360.00 fee reduction. Exhibit K has been omitted from the Final Report.

22.    **Davis Retention/Compensation.** Davis billed 10.50 hours with associated fees of $5,623.65 to prepare the firm's retention documents and applications for compensation, or less than 2% of the Fees Computed. The fee entries describing Davis's retention/compensation activities are displayed in **Exhibit L**, which is included in the Final Report for the Court's reference.

**Review of Expenses**

23.    **Itemization of Expenses.** The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*. The UST Guidelines further provide that expenses "must be actual and necessary and supported by

documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii).* Davis provided an itemization for its expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

24.    **Photocopies.**  The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii).* Davis stated in the Application that it "charged the Debtors the maximum permitted amount of $0.10 per page." Based on a review of the charges, the Fee Examiner determined that Davis charged $0.10 per page for photocopies.

25.    **Computer-Assisted Legal Research.**  The Local Rules provide that computer-assisted legal research charges "shall not be more than the actual cost." *Local Rule 2016-2 (e)(iii).* Davis requested reimbursement for computer-assisted legal research charges and stated that the charges were "billed at cost."

26.    **Parking.**  Davis requested reimbursement for parking charges totaling $144.50. The Fee Examiner requested that Davis provide additional information with regard to these charges, which were displayed in **Exhibit M** to the Preliminary Report, including an explanation for the necessity and purpose of each charge. Davis provided the information requested, which verified the validity of the charges. Exhibit M has been omitted from the Final Report.

**CONCLUSION**

The Fee Examiner submits this final report regarding the Fee Application and the fees and expenses discussed above.  The Fee Examiner recommends the approval of fees in the amount of $318,516.75 ($318,732.29 plus $144.46 minus $360.00) and reimbursement of expenses in the amount of $14,398.83 for the period from December 1, 2011 through February 29, 2012.  The findings are set forth in the summary on the following page.

## DAVIS WRIGHT TREMAINE LLP

## SUMMARY OF FINDINGS

## Sixth Quarterly Fee Application (December 1, 2011 through February 29, 2012)

### A.    Amounts Requested and Computed

| | | |
|---|---|---|
| Fees Requested | $318,732.29 | |
| Expenses Requested | 14,398.83 | |
| **TOTAL FEES AND EXPENSES REQUESTED** | | $333,131.12 |
| Fees Computed | $318,876.75 | |
| Expenses Computed | 14,398.83 | |
| **TOTAL FEES AND EXPENSES COMPUTED** | | $333,275.58 |
| Discrepancy in Fees | ($ 144.46) | |
| **TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES** | | ($ 144.46) |

### B.    Recommended Fee Allowance and Expense Reimbursement

| | | |
|---|---|---|
| Fees Requested | $318,732.29 | |
| *Discrepancy in Fees* | | *$144.46* |
| *Agreed Reduction for "No Charge" Task* | | *(360.00)* |
| Subtotal | | *($215.54)* |
| **RECOMMENDED FEE ALLOWANCE** | | $318,516.75 |
| Expenses Requested | $14,398.83 | |
| **RECOMMENDED EXPENSE REIMBURSEMENT** | | 14,398.83 |
| **TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT** | | $332,915.58 |

Respectfully submitted,

**STUART MAUE**

By: _____

    John F. Theil, Esq.
    3840 McKelvey Road
    St. Louis, Missouri  63044
    Telephone:  (314) 291-3030
    Facsimile:  (314) 291-6546
    tribunebkr@smmj.com

    *Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 9th day of January, 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

Kelli L. Sager, Esq.
Davis Wright Tremaine LLP
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566

John F. Theil, Esq.

-17-

### SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

### COMPUTED AT STANDARD RATES

**Davis Wright Tremaine**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| SAGE | Sager, Kelli L. | PARTNER | $0.00 | $544.50 | 193.90 | $100,875.38 |
| WILC | Wilcox, Rochelle | PARTNER | $193.50 | $391.50 | 96.00 | $35,520.08 |
| PAYS | Payson, Kenneth E. | PARTNER | $378.00 | $427.50 | 40.60 | $16,208.10 |
| NGUY | Nguyen, Jimmy | PARTNER | $472.50 | $540.00 | 8.30 | $4,401.00 |
| MANO | Manolopoulos, Lynn T. | PARTNER | $436.50 | $436.50 | 8.10 | $3,535.65 |
| BALD | Baldwin, Keith | PARTNER | $517.50 | $517.50 | 4.30 | $2,225.25 |
| GONE | Gonzalez, Emilio | PARTNER | $427.50 | $441.00 | 4.90 | $2,105.55 |
| DERW | Derwin-Weiss, Nancy | PARTNER | $418.50 | $418.50 | 1.80 | $753.30 |
| CHIN | Chin, Elleanor H. | PARTNER | $405.00 | $405.00 | 0.80 | $324.00 |
| BROC | Brockett, Jennifer | PARTNER | $432.00 | $432.00 | 0.70 | $302.40 |
| WICK | Wickers IV, Alonzo | PARTNER | $468.00 | $490.50 | 0.50 | $238.50 |
| GRUM | Grumer, Janet D. | PARTNER | $369.00 | $369.00 | 0.30 | $110.70 |
| UBAL | Ubaldi, David J. | PARTNER | $351.00 | $351.00 | 0.30 | $105.30 |
| BURK | Burke, Thomas | PARTNER | $508.50 | $508.50 | 0.20 | $101.70 |
| JOHN | Johnson, Bruce | PARTNER | $468.00 | $468.00 | 0.20 | $93.60 |
| | No. of Billers for Position: 15 | Blended Rate for Position: | $462.46 | | 360.90 | $166,900.50 |
| | | | | % of Total: | 39.23% | % of Total: 52.34% |
| LONR | London, Ronald | OF COUNSEL | $432.00 | $450.00 | 6.30 | $2,831.40 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $449.43 | | 6.30 | $2,831.40 |
| | | | | % of Total: | 0.68% | % of Total: 0.89% |
| GLAS | Glasser, Jeffrey D. | ASSOCIATE | $292.50 | $310.50 | 169.00 | $51,135.30 |
| LAID | Laidman, Dan | ASSOCIATE | $243.00 | $261.00 | 111.50 | $28,707.30 |
| SULS | Sullivan, Sean | ASSOCIATE | $346.50 | $355.50 | 56.80 | $20,018.70 |
| FRAN | Francis, Rebecca J. | ASSOCIATE | $252.00 | $301.50 | 55.40 | $15,925.95 |
| SEGA | Segal, Jonathan L. | ASSOCIATE | $135.00 | $292.50 | 30.30 | $8,363.25 |
| KOHN | Kohn, Lisa J. | ASSOCIATE | $270.00 | $283.50 | 25.80 | $7,215.75 |
| GALL | Gallo, Tiffanie | ASSOCIATE | $243.00 | $243.00 | 0.60 | $145.80 |

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Davis Wright Tremaine**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| | No. of Billers for Position: 7 | Blended Rate for Position: | $292.64 | | 449.40 | $131,512.05 |
| | | | | | % of Total: 48.85% | % of Total: 41.24% |
| CYGN | Cygnor, Jennifer | PARALEGAL | $198.00 | $220.50 | 59.30 | $12,333.15 |
| ROTH | Roth, Kristina | PARALEGAL | $112.50 | $117.00 | 15.60 | $1,790.55 |
| PLAN | Planchon, Benjamin | PARALEGAL | $193.50 | $193.50 | 6.30 | $1,219.05 |
| SHAP | Shapiro, Marni | PARALEGAL | $238.50 | $238.50 | 1.70 | $405.45 |
| | No. of Billers for Position: 4 | Blended Rate for Position: | $189.97 | | 82.90 | $15,748.20 |
| | | | | | % of Total: 9.01% | % of Total: 4.94% |
| MAST | Masterson, Bret | LIBRARIAN | $166.50 | $166.50 | 4.40 | $732.60 |
| GILB | Gilbertson, Christopher | LIBRARIAN | $99.00 | $99.00 | 6.40 | $633.60 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $126.50 | | 10.80 | $1,366.20 |
| | | | | | % of Total: 1.17% | % of Total: 0.43% |
| KEVI | Keville, Warren | DOCUMENT CLERK | $54.00 | $54.00 | 9.60 | $518.40 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $54.00 | | 9.60 | $518.40 |
| | | | | | % of Total: 1.04% | % of Total: 0.16% |
| | Total No. of Billers: 30 | Blended Rate for Report: | $346.64 | | 919.90 | $318,876.75 |

EXHIBIT L

DAVIS RETENTION/COMPENSATION

Davis Wright Tremaine

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Manolopoulos, L | 0.20 | 87.30 |
| Sager, K | 10.30 | 5,536.35 |
| | 10.50 | $5,623.65 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Bankruptcy | 10.30 | 5,536.35 |
| GBH Investments | 0.20 | 87.30 |
| | 10.50 | $5,623.65 |

EXHIBIT L  PAGE 1 of  4

EXHIBIT L

DAVIS RETENTION/COMPENSATION

Davis Wright Tremaine

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 12/21/11 Wed | Sager, K 6038948/36 | 0.40 | 0.40 | 208.80 | | | 1 | MATTER NAME: Bankruptcy<br>REVIEW AND REVISE QUARTERLY APPLICATION FORM |
| 12/29/11 Thu | Sager, K 6038948/37 | 2.80 | 2.80 | 1,461.60 | 0.30 | F | 1 | MATTER NAME: Bankruptcy<br>REVISE QUARTERLY APPLICATION FORM (.3): |
| | | | | | 1.30 | F | 2 | REVIEW AND REVISE FIRST AND SECOND QUARTERLY FEE APPLICATIONS AND MASTER DOCUMENT (1.3): |
| | | | | | 0.40 | F | 3 | REVIEW AND REVISE THIRD QUARTERLY FEE APPLICATION (.4): |
| | | | | | 0.40 | F | 4 | REVIEW AND REVISE FOURTH QUARTERLY FEE APPLICATION (.4): |
| | | | | | 0.40 | F | 5 | REVIEW AND REVISE FIFTH QUARTERLY FEE APPLICATION (.4) |
| 01/06/12 Fri | Sager, K 6046381/51 | 0.40 | 0.40 | 217.80 | | | 1 | MATTER NAME: Bankruptcy<br>REVIEW AND FINALIZE 1ST QUARTERLY FEE APPLICATIONS (SEPTEMBER-NOVEMBER 2010) |
| 01/12/12 Thu | Sager, K 6046381/52 | 1.10 | 1.10 | 598.95 | | | 1 | MATTER NAME: Bankruptcy<br>WORK ON 2ND QUARTERLY APPLICATION |
| 01/13/12 Fri | Sager, K 6046381/53 | 0.50 | 0.50 | 272.25 | | | 1 | MATTER NAME: Bankruptcy<br>REVISE AND FINALIZE 2ND QUARTERLY APPLICATION |
| 01/17/12 Tue | Sager, K 6046381/54 | 0.40 | 0.40 | 217.80 | | | 1 | MATTER NAME: Bankruptcy<br>REVIEW AND REVISE OCTOBER 2011 FEE APPLICATION |
| 01/21/12 Sat | Sager, K 6046381/55 | 1.40 | 1.40 | 762.30 | 0.70 | F | 1 | MATTER NAME: Bankruptcy<br>REVIEW AND REVISE 3RD QUARTERLY FEE APPLICATION (.7): |
| | | | | | 0.70 | F | 2 | REVIEW AND REVISE 4TH QUARTERLY FEE APPLICATION (.7) |
| 02/10/12 Fri | Sager, K 6051937/26 | 0.50 | 0.50 | 272.25 | | | 1 | MATTER NAME: Bankruptcy<br>REVIEW AND REVISE 3RD QUARTERLY APPLICATION AND 4TH QUARTERLY APPLICATION |
| 02/21/12 Tue | Manolopoulos, L 6054006/189 | 3.50 | 0.20 | 87.30 | 0.40 | F | 1 | MATTER NAME: GBH Investments<br>REVIEW E-MAIL AND BANKRUPTCY SUBMISSION FROM MS. LUDWIG (.4): |
| | | | | | 1.10 | F | 2 | COMPLETE RESEARCH RELATED TO SUBMISSION (1.1): |
| | | | | | 0.80 | F | 3 | PREPARE FOR TELEPHONE CALL WITH MR. BRALOW AND BANKRUPTCY COUNSEL TO DISCUSS STRATEGY (.8): |
| | | | | | 1.00 | F | 4 | TELEPHONE CALL WITH MR. BRALOW AND BANKRUPTCY COUNSEL (1.0): |
| | | | | | 0.20 | F | 5 | REVIEW AND RESPOND TO E-MAILS REGARDING BANKRUPTCY MOTION REGARDING RETENTION AS SPECIAL COUNSEL (0.2) |
| 02/26/12 Sun | Sager, K 6051937/28 | 0.90 | 0.90 | 490.05 | 0.40 | F | 1 | MATTER NAME: Bankruptcy<br>REVIEW AND FINALIZE OCTOBER 2011 APPLICATION (.4): |
| | | | | | 0.50 | F | 2 | REVIEW AND FINALIZE NOVEMBER 2011 APPLICATION (.5) |
| 02/27/12 Mon | Sager, K 6051937/29 | 1.00 | 1.00 | 544.50 | 0.60 | F | 1 | MATTER NAME: Bankruptcy<br>FURTHER WORK ON OCTOBER 2011, NOVEMBER 2011 FEE APPLICATIONS (.6): |
| | | | | | 0.40 | F | 2 | REVIEW FEE EXAMINER'S PRELIMINARY REPORT FOR 1ST QUARTER APPLICATION (.4) |

~ See the last page of exhibit for explanation

EXHIBIT L PAGE 2 of 4

EXHIBIT L

DAVIS RETENTION/COMPENSATION

Davis Wright Tremaine

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
| 02/28/12 Tue | Sager, K 6051937/30 | 0.40 | 0.40 | 217.80 | | 1 | *MATTER NAME: Bankruptcy* REVIEW AND REVISE FOURTH QUARTERLY APPLICATION |
| 02/29/12 Wed | Sager, K 6051937/31 | 0.50 | 0.50 | 272.25 | | 1 | *MATTER NAME: Bankruptcy* REVIEW AND REVISE FOURTH QUARTERLY APPLICATION |
| Total | | | 10.50 | $5,623.65 | | | |
| Number of Entries: | 13 | | | | | | |

~ See the last page of exhibit for explanation

EXHIBIT L  PAGE 3 of  4

EXHIBIT L

DAVIS RETENTION/COMPENSATION

Davis Wright Tremaine

### SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Manolopoulos, L | 0.20 | 87.30 |
| Sager, K | 10.30 | 5,536.35 |
| | 10.50 | $5,623.65 |

### SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Bankruptcy | 10.30 | 5,536.35 |
| GBH Investments | 0.20 | 87.30 |
| | 10.50 | $5,623.65 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL

EXHIBIT L  PAGE 4 of  4