## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE THIRTEENTH QUARTERLY FEE APPLICATION OF MCDERMOTT WILL & EMERY LLP

Stuart Maue (the **"Fee Examiner"**) submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the **"Fee Examiner Order"**) in connection with the *Thirteenth Quarterly Fee Application of McDermott Will & Emery LLP as Special Counsel to Debtors for Domestic Legal*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (8167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

*Matters, for Allowance of Compensation and Reimbursement of Expenses for the Period December 1, 2011 Through February 29, 2012* [Docket No. 11743] (the **"Fee Application"**). The Fee Application seeks approval of fees that total $1,664,211.60 and reimbursement of expenses that total $34,809.70 for the period from December 1, 2011 through February 29, 2012. McDermott Will & Emery LLP (**"McDermott"**) serves as Special Counsel to the Debtors for Domestic Legal Matters.

## Background

1.      On December 8, 2008 (the **"Petition Date"**), Tribune Company and its listed subsidiaries and affiliates (each a **"Debtor"** and collectively the **"Debtors"**) filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.   On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2.      On December 26, 2008, the Debtors filed the *Application for an Order Authorizing Debtors to Employ and Retain McDermott Will & Emery LLP as Special Counsel for General Domestic Legal Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to the Petition Date* [Docket No. 141] (the **"Retention Application"**).      By order dated March 12, 2009 [Docket 511], this Court approved the retention of McDermott (the **"Retention Order"**).

3.      McDermott submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals,* (January 15, 2009) [Docket No. 225] (the **"Interim Compensation Order"**).

## Applicable Standards

4.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.      The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the

time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

7.      A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.      The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to McDermott for review and comment. The firm submitted a written response to the Fee Examiner. After evaluation and consideration of the additional information provided by McDermott, the Fee Examiner submits this Final Report for the Court's consideration. This Final Report is in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of the applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and will also

-4-

inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

## DISCUSSION OF FINDINGS

### Technical Requirements

9.      **Reconciliation of Fees and Expenses.**  The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**").  The Fee Examiner determined that the Fees Requested exceeded the Fees Computed by $16.00, resulting in an apparent overcharge.  The discrepancy was the result of task hours within one entry that did not equal the time billed for the entry as a whole.  The discrepancy was displayed in **Exhibit A** to the Preliminary Report.  The firm agreed with the Fee Examiner's calculation, which results in a fee reduction of $16.00.  Exhibit A has been omitted from the Final Report.

The Fee Examiner noted that McDermott has provided a 20% discount with respect to the fees associated with the matter "2009 Audit" for the January 2012 and February 2012 applications.  This report is based on the fees computed by the Fee Examiner after adjusting hourly billing rates to reflect the discount.

The Fee Examiner further determined that there was no discrepancy between the Expenses Requested and the Expenses Computed.  The Fee Application notes that the monthly application for February overstated the amount of expenses requested by $0.38; however, the amount was corrected in the Interim Application.    The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

10.    **Block Billing.**[2]   The Local Rules provide that "[a]ctivity descriptions shall not be lumped - each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*.   The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[3]   The Delaware Bankruptcy Court has found that time entries that generally only combine work on one issue, and a conference/communication with the client or opposing counsel on the same issue, while technically blocked billing, will not be objectionable.[4] McDermott block billed entries totaling 68.50 hours and $37,436.40 in associated fees.   The entries were displayed in **Exhibit B**[5] to the Preliminary Report.   Based upon precedent established by this Court, the objectionable block billed entries totaled 19.50 hours with $8,072.00 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit.   McDermott was invited to comment on the firm's block billing.   In response,

---

[2] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

[3] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g., In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g., In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

[4] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

[5] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

McDermott brought the objectionable block billed entries into compliance by inserting the proper imbedded time for each separate task. Exhibit B has been omitted from this Report.

11.     **Time Increments.** The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*. The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*. Billing in greater than 0.10 hour increments is a practice that lends itself to the potential of increased rounding of time, thereby increasing the likelihood the reported time may be inflated. It is a practice widely criticized by courts and legal scholars and is typically prohibited by sophisticated consumers of legal services.

The Fee Examiner observed that one timekeeper billed 90% of her fee entries in whole or half hour time increments. This percentage calls into question whether the timekeeper is accurately and contemporaneously recording her time in 0.10 hour increments. **Exhibit C** to the Preliminary Report displayed the questioned time entries, which totaled 6.80 hours with $4,522.00 in associated fees. The Fee Examiner requested that McDermott comment on the billing practice and accuracy of this timekeeper's entries.

In response, McDermott first stated that it instructs all timekeepers to record their time in 0.10 hour time increments, and not to round up their time. Additionally, the firm confirmed the accuracy and veracity of the timekeeper's billing entries, and that they were billed in 0.10 hour increments. Based on the firm's verification, no recommendation for a fee reduction will be made and Exhibit C is omitted from this Report.

## Review of Fees

12.     **Firm Staffing.** The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time,

[an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*. The Fee Application provided the names, positions, and hourly rates of the 92 McDermott professionals and paraprofessionals who billed to this matter, consisting of 25 partners, 2 counsel, 5 associates, 2 senior staff attorneys, 12 staff attorneys, 5 technology personnel (2 technology project managers, 1 litigation technology project, 1 manager litigation technology, and 1 technology project analyst), 1 national dispute services leader, 38 contract attorneys,[6] and 2 litigation technology data analysts. A summary of hours and fees billed by each timekeeper is displayed in **Exhibit D**.

The firm billed a total of 7,620.50 hours with associated fees of $1,664,195.60.[7]  The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|----------|-------|---------------------------|------|--------------------------|
| Partner | 993.10 | 13% | $ 835,447.80 | 50% |
| Counsel | 7.10 | * | 4,805.50 | * |
| Associate | 278.80 | 4% | 116,927.00 | 7% |
| Senior Staff Attorney | 308.50 | 4% | 60,647.30 | 4% |
| Staff Attorney | 1,324.00 | 17% | 257,152.00 | 15% |
| Technology Personnel | 36.20 | * | 9,516.40 | * |
| National Dispute Services Leader | 8.10 | * | 1,587.60 | * |
| Contract Attorney | 4,659.30 | 61% | 377,264.00 | 23% |
| Litigation Technology Data Analyst | 5.40 | * | 848.00 | * |
| **TOTAL** | 7,620.50 | 100% | $1,664,195.60 | 100% |

* Less than 1%

---

[6] The Fee Examiner has classified the timekeepers billing at a rate of $100.00/hour (or $80.00/hour after applying the 20% discount) as Contract Attorneys rather than "Staff Attorney" as stated in the Application.

[7] This amount reflects the Fees Computed after adjustment of the rates to reflect the 20% discount.

The blended hourly rate[8] for the McDermott professionals is \$435.11 and the blended hourly rate for professionals and paraprofessionals is \$218.38.

13.   **Hourly Rate Increases.**   McDermott did not increase the hourly rates of timekeepers during this interim period.

14.   **Timekeepers' Roles.**   A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*. With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts. Most timekeepers appeared to perform core team responsibilities necessary to the engagement or discrete activities that did not appear to be duplicative of the activities of other timekeepers. However, the Fee Examiner requested additional information regarding the necessity and scope of the roles performed by several McDermott timekeepers. **Exhibit E** to the Preliminary Report, totaling 7.00 hours with associated fees of \$3,913.70, listed the fee entries invoiced by the timekeepers about whom additional information was requested. McDermott responded by providing additional detail regarding the roles and activities conducted by each of the questioned timekeepers, which showed that the activities were necessary and proper, bringing the entries within compliance of the applicable rules and guidelines. Exhibit E is omitted from this Report.

15.   **Potential Double Billing.**   The Fee Examiner identified a billing entry dated November 1, 2011, that appeared to duplicate a fee entry invoiced by the firm in its twelfth quarterly fee application (i.e., on the same date by the same timekeeper with identical or nearly identical descriptions and time increments). The questioned task, totaling 0.10 hour with \$82.00 in associated fees, was displayed in **Exhibit F** to the Preliminary Report. The Fee Examiner requested that the firm review the entries and either (i) confirm that the tasks were inadvertently

---

[8] The blended hourly rates reflect the 20% discount.

billed twice, or (ii) provide an explanation for the duplication. The firm responded by agreeing that the entry had been inadvertently been billed twice, which results in a fee reduction of $82.00. Exhibit F has been omitted from the Final Report.

16. **Meetings, Conferences, Hearings, and Other Events.** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*. While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more McDermott timekeepers attended the same meeting, conference, hearing, or other event. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 109.20 hours with $90,115.50 in associated fees, were displayed in **Exhibit G** to the Preliminary Report. In each instance where multiple timekeepers attended a meeting, conference, hearing or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference). The potentially duplicative and unnecessary timekeepers' entries totaled 68.80 hours with $51,444.00 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines

mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response to the Preliminary Report, McDermott provided the Fee Examiner with a lengthy and detailed explanation of the specific subject matter and purpose of the meetings in question, as well as the role of the various participants. The extensive detail satisfies the requirements of the Local Rules and UST Guidelines, and after analysis of the same, the Fee Examiner makes no recommendation for a related fee reduction. Exhibit G has been omitted from the Final Report.

17.    **Intraoffice Conferences.**    Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified billing activities by McDermott timekeepers describing intraoffice conferences totaling 423.45 hours with $103,952.30 in associated fees, or approximately 6% of the Fees Computed, as were displayed in **Exhibit H** to the Preliminary Report. The Fee Examiner observed that in certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference. The entries describing intraoffice conferences invoiced by two or more firm personnel totaled 299.95 hours with $61,726.20 in associated fees and were highlighted in bold and marked with an ampersand [&] in the Exhibit. The Fee Examiner requested that McDermott strive to eliminate unnecessary intraoffice conferencing, and further requested that the firm provide an explanation for the necessity of more than one participant billing for the same intraoffice conference as identified in the Exhibit.

In response, McDermott provided a detailed explanation as to the necessity and appropriateness of the questioned conferences. The firm also verified that it continues to monitor the level of intraoffice conferences and that it encourages its timekeepers to work

-11-

efficiently in order to keep such intraoffice conferences to the minimum amount necessary to accomplish the specific task. After due consideration of the firm's informative response, the Fee Examiner makes no recommendation for a fee reduction. Exhibit H is omitted from this report.

18.     **Complete and Detailed Task Descriptions.**  Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary."  The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*.  The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.  Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.

a.     **Vague Communications.**  The Fee Examiner identified several entries, totaling 15.00 hours with $10,171.10 in associated fees, in which a conference or other communication was not described with sufficient detail. This lack of detail hinders a reviewer's ability to determine the reasonableness and necessity of the activity, and is in clear violation of the applicable guidelines.  The entries were displayed in **Exhibit I** to the Preliminary Report. The Fee Examiner asked the firm to bring the entries into compliance by providing the missing subject matter and/or participant information from the communications.  In response, the firm provided a list which contained additional detail for each of the questioned communications.

-12-

The additional detail provided the missing participant and/or subject matter information, which brought the entries into compliance with the Local Rules and UST Guidelines. As such, no fee reduction is appropriate. Exhibit I is omitted from this report.

                b.    **Other Vague Tasks.** The Fee Examiner reviewed the substantive detail of each billing entry and identified other entries where the Fee Examiner could not determine the precise nature of the services performed by the timekeeper. The entries were displayed in **Exhibit J** to the Preliminary Report and totaled 17.80 hours with $14,234.20 in associated fees. As reflected in the Local Rules and UST Guidelines, billing entries must adequately describe the services actually performed to allow a determination of whether the task was staffed appropriately, whether the task involved the exercise of legal judgment, and/or whether the task was duplicated by other timekeepers.[9] The Fee Examiner requested the firm clarify the entries displayed in the exhibit to avoid a fee reduction. In response to the Preliminary Report, the firm provided a list that contained additional detail for each of the task descriptions in question. The additional information brought the entries into compliance with the Local Rules and UST Guidelines and, accordingly, the Fee Examiner makes no recommendation for a fee reduction. Exhibit J has been omitted from this Report.

                c.    **Rote/Repetitive Tasks.** The Fee Examiner reviewed the substantive detail of each billing entry and identified numerous task descriptions that were repetitive and rote in nature. The questioned billing entries were displayed on **Exhibit K** to the Preliminary Report and totaled 36.60 hours with $27,878.40 in associated fees. Repetitive and rote billing entries mask the true nature of the services rendered. Additionally, the entries make it difficult to

---

[9] Vague entries do not allow the court to determine the reasonableness and necessity of the effort expended, and fees may be denied or reduced when insufficiently documented. *E.g.*, *In re Bennett Funding, Inc.*, 213 B.R. 234, 245-46 (Bankr. N.D.N.Y. 1997). Entries for legal research must identify the issue and explain the research need. *In re Fibermark, Inc.*, 349 B.R. 385, 397 (Bankr. D. Vt. 2006).

evaluate the appropriateness of the time spent on the tasks or to determine whether the activities were duplicative of other activities. To avoid a fee reduction, the Fee Examiner requested that the firm provide supplemental information to clarify these entries and to bring them within compliance.

In response, McDermott provided a list that contained additional detail for each of the task descriptions in question. The additional information brought the entries into compliance with the Local Rules and UST Guidelines and, accordingly, the Fee Examiner makes no recommendation for a fee reduction. Exhibit K has been omitted from the Final Report.

19.    **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The Fee Examiner identified fee entries regarding handling staffing, communicating with support staff regarding travel arrangements and coordinating delivery of documents and pleadings. These tasks appeared to describe administrative functions that are generally considered part of a firm's overhead. The questioned activities totaled 5.30 hours and $1,999.00 in associated fees, and were displayed in **Exhibit L** to the Preliminary Report. The firm responded by stated some of the tasks required legal acumen and knowledge of the legal work being performed. A compromise was reached by the Fee Examiner and McDermott whereby the firm agreed to a $999.50 fee reduction. No additional fee reduction is appropriate. Exhibit L has been omitted from the Final Report.

20.    **Clerical Activities.**  Typically, clerical activities are those tasks that do not require legal acumen and may effectively be performed by administrative assistants, secretaries, or support personnel, and like administrative activities are generally reflected in the hourly rates charged by a firm.    In the 3rd Circuit, however, clerical-type activities performed by

-14-

professionals and/or paraprofessionals are subject to a reduced billing rate. The Fee Examiner identified certain time entries describing these activities, including but not limited to coordinating production of disks, running database searches, and importing data into a database. The questioned entries were displayed in **Exhibit M** and totaled 36.50 hours with $9,146.70 in associated fees. In response, McDermott stated that some of the time was not clerical in nature and that the activities required the professional's knowledge of the legal work being performed and legal acumen. The firm did, however, agree that the work was partially clerical in nature. McDermott and the Fee Examiner reached a compromise wherein the firm agreed to reduce its fees in the amount of $4,573.35. No additional fee reduction is warranted and Exhibit M is omitted from this Report.

21.     **Travel.** The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. McDermott timekeepers did not bill any time for travel.

22.     **McDermott Retention/Compensation.**     McDermott billed 61.80 hours with associated fees of $27,963.00 to prepare the firm's applications for compensation, approximately 2% of the Fees Computed. The fee entries describing McDermott's retention/compensation activities are displayed in **Exhibit N**, which is included in the Final Report for the Court's reference.

### Review of Expenses

23.     **Itemization of Expenses.** The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the charge, if available." *Local Rule 2016-2(e)(i-ii)*. The UST

Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*. For the most part, McDermott provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

24.     **Photocopies.** The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii)*. McDermott stated in the Fee Application that it "charged the Debtors the maximum permitted amount of $.10 per page."

25.     **Request for Additional Information.** The Fee Examiner requested that McDermott provide documentation and/or a detailed explanation for the expenses displayed in **Exhibit O** to the Preliminary Report. McDermott provided the information requested, and after reviewing the same the Fee Examiner does not recommend a related expense reduction. Exhibit O is omitted from this Report.

26.     **Business Meals.** McDermott requested reimbursement of $294.27 for "business meals." The Fee Examiner requested that McDermott provide supplemental information explaining the purpose of the meal charges, which were displayed in **Exhibit P** to the Preliminary Report. In response, McDermott agreed to waive the expense item in question, but stated it had already been paid for these expenses. Accordingly, the firm agreed to reduce its

-16-

next monthly fee statement's expense reimbursement request by $294.27. Exhibit P is omitted from this Report.

27.     **Vaguely Described Travel Expenses.** McDermott requested reimbursement for the out-of-town travel expenses, which were displayed in **Exhibit Q** to the Preliminary Report. The Fee Examiner requested a detailed itemization for these charges including the type of charges incurred (airfare, lodging, etc.) and the amount of each charge. With regard to meals, the Fee Examiner also requested that McDermott provide information regarding the type of meal (breakfast, lunch, or dinner) and the number of attendees for the meal expense. The Fee Examiner applies and this Court has followed the following per person ceilings for meals: breakfast at $15.00 per person, lunch at $25.00 per person, and dinner at $50.00 per person. With regard to lodging, the Fee Examiner further requested that McDermott provide information regarding the number of nights stayed. The Fee Examiner applies and this Court follows a ceiling for lodging in the amount of $350.00 per night (domestic).

McDermott provided a detailed table with the information requested, and after analyzing the same the Fee Examiner does not recommend a related expense reduction. Exhibit Q is omitted from this Final Report.

28.     **Local Transportation.** McDermott requested reimbursement for one charge described as "taxi" totaling $8.00. The Fee Examiner requested that McDermott provide additional information with regard to the charge, which was displayed in **Exhibit R** to the Preliminary Report. In response, McDermott agreed to waive the expense item in question, but stated it had already been paid for this expense. Accordingly, the firm agreed to reduce its next monthly fee statement's expense reimbursement request by $8.00. Exhibit R is omitted from this Report.

-17-

## CONCLUSION

The Fee Examiner submits this final report regarding the Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $1,658,540.75 ($1,664,211.60 minus $5,670.85) and reimbursement of expenses in the amount of $34,507.43 ($34,809.70 minus $302.27) for the period from December 1, 2011 through February 29, 2012. The findings are set forth in the summary on the following page.

**MCDERMOTT WILL & EMERY LLP**

**SUMMARY OF FINDINGS**

**Thirteenth Quarterly Fee Application (December 1, 2011 through February 29, 2012)**

A.    **Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $1,664,211.60 | |
| Expenses Requested | 34,809.70 | |
| TOTAL FEES AND EXPENSES REQUESTED | | $1,699,021.30 |
| Fees Computed | $1,664,195.60 | |
| Expenses Computed | 34,809.70 | |
| TOTAL FEES AND EXPENSES COMPUTED | | $1,699,005.30 |
| Discrepancy in Fees | $        16.00 | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $        16.00 |

B.    **Recommended Fee Allowance and Expense Reimbursement**

| | | | |
|---|---|---|---|
| Fees Requested | $1,664,211.60 | | |
| *Agreed Reduction for Discrepancy in Fees* | | ($        16.00) | |
| *Agreed Reduction for Potential Double Billing* | | (82.00) | |
| *Agreed Reduction for Administrative Activities* | | (999.50) | |
| *Agreed Reduction for Clerical Activities* | | (4,573.35) | |
| Subtotal | | ($5,670.85) | |
| RECOMMENDED FEE ALLOWANCE | | | $1,658,540.75 |
| Expenses Requested | $34,809.70 | | |
| *Agreed Reduction for Business Meals* | | ($294.27) | |
| *Agreed Reduction for Local Transportation* | | (8.00) | |
| Subtotal | | ($302.27) | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 34,507.43 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $1,693,048.18 |

Respectfully submitted,

**STUART MAUE**

By: _____

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri 63044
Telephone: (314) 291-3030
Facsimile: (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 9th day of January, 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Blake D. Rubin, Esq.
McDermott Will & Emery LLP
600 13th Street N.W.
Washington, DC 20005-3096

John F. Theil, Esq.

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL
## COMPUTED AT STANDARD RATES
### McDermott, Will & Emery

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 0342 | Rubin, Blake D. | PARTNER | $796.00 | $995.00 | 288.80 | $277,943.30 |
| 0343 | Whiteway, Andrea M. | PARTNER | $708.00 | $885.00 | 244.80 | $211,550.40 |
| 0344 | Finkelstein, Jon G. | PARTNER | $765.00 | $765.00 | 150.90 | $115,438.50 |
| 1551 | Gruemmer, Brooks B. | PARTNER | $840.00 | $840.00 | 56.20 | $47,208.00 |
| 803 | Compernolle, Paul J. | PARTNER | $820.00 | $820.00 | 50.20 | $41,164.00 |
| 6395 | Harris, Ryan D. | PARTNER | $640.00 | $640.00 | 59.70 | $38,208.00 |
| 1086 | Wilder, Michael J. | PARTNER | $780.00 | $780.00 | 32.90 | $25,662.00 |
| 7142 | Gordon, Amy M. | PARTNER | $725.00 | $725.00 | 27.10 | $19,647.50 |
| 8311 | Lin, Christopher | PARTNER | $595.00 | $595.00 | 28.60 | $17,017.00 |
| 2810 | Merten, William W. | PARTNER | $820.00 | $820.00 | 14.80 | $12,136.00 |
| 3010 | Ward, Thomas P. | PARTNER | $810.00 | $810.00 | 8.50 | $6,885.00 |
| 4378 | Greenhouse, Robin L. | PARTNER | $720.00 | $900.00 | 7.10 | $5,616.00 |
| 5842 | White, Matthew K. | PARTNER | $835.00 | $835.00 | 4.50 | $3,757.50 |
| 8422 | Hazan, Nava | PARTNER | $645.00 | $645.00 | 4.10 | $2,644.50 |
| 8981 | Turney, Andrew T. | PARTNER | $560.00 | $560.00 | 3.70 | $2,072.00 |
| 5642 | Graham, Michael T. | PARTNER | $640.00 | $640.00 | 2.10 | $1,344.00 |
| 2812 | Peters Schaefer, Susan | PARTNER | $820.00 | $820.00 | 1.60 | $1,312.00 |
| 2839 | Wagner, Jeffrey | PARTNER | $885.00 | $885.00 | 1.30 | $1,150.50 |
| 9626 | Pawlow, Jean A. | PARTNER | $732.00 | $732.00 | 1.30 | $951.60 |
| 0340 | Karch, Gary | PARTNER | $935.00 | $935.00 | 1.00 | $935.00 |
| 0970 | Ross, Nancy G. | PARTNER | $865.00 | $865.00 | 1.00 | $865.00 |
| 4809 | Lee, Michael V. | PARTNER | $710.00 | $710.00 | 0.90 | $639.00 |
| 9465 | Boyles, Jonathan J. | PARTNER | $620.00 | $620.00 | 0.90 | $558.00 |
| 6832 | Holdvogt, Jeffrey M. | PARTNER | $580.00 | $580.00 | 0.80 | $464.00 |
| 751 | Zucker, Daniel N. | PARTNER | $930.00 | $930.00 | 0.30 | $279.00 |

No. of Billers for Position: 25    Blended Rate for Position: $841.25    993.10    $835,447.80

% of Total:  13.03%    % of Total:  50.20%

| 1504 | O'Brien, Maureen | COUNSEL | $665.00 | $665.00 | 6.80 | $4,522.00 |
| 2572 | Feldgarden, Robert | COUNSEL | $945.00 | $945.00 | 0.30 | $283.50 |

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**McDermott, Will & Emery**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| | No. of Billers for Position: 2 | Blended Rate for Position: | $676.83 | | 7.10 | $4,805.50 |
| | | | | % of Total: | 0.09% | % of Total: 0.29% |
| 1242 | Blair-Stanek, Andrew | ASSOCIATE | $435.00 | $435.00 | 79.20 | $34,452.00 |
| 9085 | McCurry, Patrick J. | ASSOCIATE | $400.00 | $500.00 | 72.00 | $30,860.00 |
| 0676 | Kopacz, Gregory A. | ASSOCIATE | $435.00 | $435.00 | 61.60 | $26,796.00 |
| 0664 | Parker, Cole | ASSOCIATE | $365.00 | $365.00 | 60.60 | $22,119.00 |
| 1911 | Neville, David R. | ASSOCIATE | $500.00 | $500.00 | 5.40 | $2,700.00 |
| | No. of Billers for Position: 5 | Blended Rate for Position: | $419.39 | | 278.80 | $116,927.00 |
| | | | | % of Total: | 3.66% | % of Total: 7.03% |
| 0831 | Newgard, Brant A. | SR STAFF ATTY | $196.00 | $245.00 | 211.70 | $41,674.50 |
| 1052 | Asa, Karen | SR STAFF ATTY | $196.00 | $196.00 | 96.80 | $18,972.80 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $196.59 | | 308.50 | $60,647.30 |
| | | | | % of Total: | 4.05% | % of Total: 3.64% |
| 1914 | LeBeau, Nicole | STAFF ATTORNEY | $196.00 | $245.00 | 225.50 | $44,771.30 |
| 2983 | Miller, Christopher | STAFF ATTORNEY | $196.00 | $196.00 | 154.50 | $30,282.00 |
| 1468 | McCabe, F. Wayne | STAFF ATTORNEY | $172.00 | $172.00 | 175.80 | $30,237.60 |
| 2168 | Wenninger, David | STAFF ATTORNEY | $200.00 | $200.00 | 142.20 | $28,440.00 |
| 1918 | McElhaney, Quinton | STAFF ATTORNEY | $196.00 | $245.00 | 137.40 | $27,160.70 |
| 2029 | Patel, Niraj A. | STAFF ATTORNEY | $196.00 | $196.00 | 120.20 | $23,559.20 |
| 2008 | Pennington, Rachel Sue | STAFF ATTORNEY | $196.00 | $196.00 | 108.80 | $21,324.80 |
| 1763 | Martin, Julia | STAFF ATTORNEY | $200.00 | $200.00 | 85.90 | $17,180.00 |
| 0590 | Davis, Judith P. | STAFF ATTORNEY | $196.00 | $196.00 | 69.00 | $13,524.00 |
| 2060 | Froelicher, Katherine | STAFF ATTORNEY | $196.00 | $196.00 | 64.20 | $12,583.20 |
| 1772 | Sanders-Small, Nakeasha | STAFF ATTORNEY | $200.00 | $200.00 | 37.80 | $7,560.00 |
| 1932 | Stone, G. Sharon | STAFF ATTORNEY | $196.00 | $196.00 | 2.70 | $529.20 |

### SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL
### COMPUTED AT STANDARD RATES

**McDermott, Will & Emery**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| | No. of Billers for Position: 12 | Blended Rate for Position: | $194.22 | | 1,324.00 | $257,152.00 |
| | | | | | % of Total: 17.37% | % of Total: 15.45% |
| 2014 | Louks, Martha K. | TECH PERSONNEL | $224.00 | $280.00 | 21.70 | $5,269.60 |
| 9566 | Skowron, David R. | TECH PERSONNEL | $276.00 | $276.00 | 7.30 | $2,014.80 |
| 2026 | Gardner, Daryl | TECH PERSONNEL | $308.00 | $385.00 | 5.40 | $1,694.00 |
| 9756 | Borges, Emanuel | TECH PERSONNEL | $360.00 | $360.00 | 0.80 | $288.00 |
| 2062 | Kepler, Samantha | TECH PERSONNEL | $250.00 | $250.00 | 1.00 | $250.00 |
| | No. of Billers for Position: 5 | Blended Rate for Position: | $262.88 | | 36.20 | $9,516.40 |
| | | | | | % of Total: 0.48% | % of Total: 0.57% |
| 1505 | Massey, Aaron | NATL DISP SERV | $196.00 | $196.00 | 8.10 | $1,587.60 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $196.00 | | 8.10 | $1,587.60 |
| | | | | | % of Total: 0.11% | % of Total: 0.10% |
| 2477 | Hoskin, LaKeith | CONTRACT ATTY | $80.00 | $100.00 | 271.50 | $22,330.00 |
| 2159 | Whiters, Dolores | CONTRACT ATTY | $80.00 | $100.00 | 268.70 | $22,096.00 |
| 2205 | Canela, Yoaldena | CONTRACT ATTY | $80.00 | $100.00 | 259.70 | $21,346.00 |
| 2628 | Andrepont, Carolyn C. | CONTRACT ATTY | $80.00 | $100.00 | 254.00 | $20,900.00 |
| 2731 | Teuber, Roger B. | CONTRACT ATTY | $80.00 | $100.00 | 251.30 | $20,696.00 |
| 1959 | Lewis, Garth | CONTRACT ATTY | $80.00 | $100.00 | 242.70 | $19,952.00 |
| 2510 | Jones, Adolphus | CONTRACT ATTY | $80.00 | $100.00 | 226.50 | $18,608.00 |
| 3001 | Wierenga, Louis | CONTRACT ATTY | $80.00 | $100.00 | 219.10 | $18,072.00 |
| 2992 | Robiso, Elissa | CONTRACT ATTY | $80.00 | $80.00 | 107.00 | $8,560.00 |
| 2157 | Irani, Cyrus | CONTRACT ATTY | $80.00 | $80.00 | 106.10 | $8,488.00 |
| 2640 | Shah, Nirali N. | CONTRACT ATTY | $80.00 | $80.00 | 106.10 | $8,488.00 |
| 2515 | Garman, Andrew | CONTRACT ATTY | $80.00 | $80.00 | 104.30 | $8,344.00 |
| 2496 | Halvorsen, Dimitry | CONTRACT ATTY | $80.00 | $80.00 | 103.90 | $8,312.00 |
| 2888 | Risen, Jennifer | CONTRACT ATTY | $80.00 | $80.00 | 100.10 | $8,008.00 |
| 2887 | Androw, Brian | CONTRACT ATTY | $80.00 | $80.00 | 100.00 | $8,000.00 |
| 2927 | McAleavy, Kevin | CONTRACT ATTY | $80.00 | $80.00 | 99.00 | $7,920.00 |

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

### COMPUTED AT STANDARD RATES

**McDermott, Will & Emery**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 2920 | Craft, Edward | CONTRACT ATTY | $80.00 | $80.00 | 98.20 | $7,856.00 |
| 1972 | Ritchie, Diandra | CONTRACT ATTY | $80.00 | $80.00 | 97.20 | $7,776.00 |
| 2606 | Robertson, Angie | CONTRACT ATTY | $80.00 | $80.00 | 97.00 | $7,760.00 |
| 1953 | Eyman, David | CONTRACT ATTY | $80.00 | $80.00 | 95.10 | $7,608.00 |
| 2005 | Meyer, Michael | CONTRACT ATTY | $80.00 | $80.00 | 94.70 | $7,576.00 |
| 1966 | Concannon, Daniel | CONTRACT ATTY | $80.00 | $80.00 | 90.20 | $7,216.00 |
| 2764 | Mills, Robin K. | CONTRACT ATTY | $80.00 | $80.00 | 90.10 | $7,208.00 |
| 2968 | Benson, Erin | CONTRACT ATTY | $80.00 | $80.00 | 89.70 | $7,176.00 |
| 2995 | Stell, Kathryn | CONTRACT ATTY | $80.00 | $80.00 | 87.50 | $7,000.00 |
| 3018 | Roeser, John | CONTRACT ATTY | $80.00 | $80.00 | 82.60 | $6,608.00 |
| 2053 | Loftus, Denise | CONTRACT ATTY | $80.00 | $80.00 | 82.20 | $6,576.00 |
| 1985 | Robinson, Lucia | CONTRACT ATTY | $80.00 | $80.00 | 81.10 | $6,488.00 |
| 2990 | Morris, Amber | CONTRACT ATTY | $80.00 | $80.00 | 80.10 | $6,408.00 |
| 3030 | Radek, Thomas | CONTRACT ATTY | $80.00 | $80.00 | 79.00 | $6,320.00 |
| 2627 | Broderick, Brenda N. | CONTRACT ATTY | $80.00 | $80.00 | 78.90 | $6,312.00 |
| 2907 | Trostle, Sarah | CONTRACT ATTY | $80.00 | $80.00 | 78.00 | $6,240.00 |
| 2736 | Rangel, Karla | CONTRACT ATTY | $80.00 | $80.00 | 77.70 | $6,216.00 |
| 2998 | Story, Jeffrey | CONTRACT ATTY | $80.00 | $80.00 | 77.60 | $6,208.00 |
| 2309 | Drew, Kelly | CONTRACT ATTY | $80.00 | $80.00 | 74.80 | $5,984.00 |
| 2978 | Nichols Jennings, Dimeka | CONTRACT ATTY | $80.00 | $80.00 | 74.00 | $5,920.00 |
| 2497 | Patrician, Matthew | CONTRACT ATTY | $80.00 | $80.00 | 73.60 | $5,888.00 |
| 2512 | Swift, Andrea | CONTRACT ATTY | $80.00 | $80.00 | 60.00 | $4,800.00 |

No. of Billers for Position: 38    Blended Rate for Position: $80.97    4,659.30    $377,264.00

% of Total: 61.14%    % of Total: 22.67%

| 2246 | Sarco, Shirley | TECH DATA ANA | $160.00 | $160.00 | 3.40 | $544.00 |
| 2247 | Harris, Christopher | TECH DATA ANA | $128.00 | $160.00 | 2.00 | $304.00 |

No. of Billers for Position: 2    Blended Rate for Position: $157.04    5.40    $848.00

% of Total: 0.07%    % of Total: 0.05%

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**McDermott, Will & Emery**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|----------|------|----------|--------------|--------------|----------------|---------------|
| | Total No. of Billers:  92 | Blended Rate for Report: | $218.38 | | 7,620.50 | $1,664,195.60 |

EXHIBIT N

MCDERMOTT RETENTION/COMPENSATION

McDermott, Will & Emery

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Hazan, N | 2.90 | 1,870.50 |
| Kopacz, G | 58.00 | 25,230.00 |
| Rubin, B | 0.60 | 597.00 |
| Whiteway, A | 0.30 | 265.50 |
| | 61.80 | $27,963.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Chapter 11 Restructuring | 61.80 | 27,963.00 |
| | 61.80 | $27,963.00 |

EXHIBIT N
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 12/01/11 Thu | Kopacz, G 2338729/2 | 0.50 | 0.50 | 217.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>COMMUNICATIONS WITH BILLING DEPARTMENT REGARDING FEE APPLICATIONS. |
| 12/02/11 Fri | Hazan, N 2338729/9 | 0.30 | 0.30 | 193.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>EMAIL EXCHANGE WITH LOCAL COUNSEL RE: PAYMENT OF FEES AND APPROVAL PROCESS. |
| 12/02/11 Fri | Kopacz, G 2338729/8 | 0.20 | 0.20 | 87.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>COMMUNICATIONS WITH LOCAL COUNSEL REGARDING UP-COMING FEE APPLICATION HEARING AND ORDERS RELATING TO FEE APPLICATIONS. |
| 12/05/11 Mon | Kopacz, G 2338729/15 | 1.70 | 0.60 | 261.00 | 0.40<br>0.30<br>0.40<br>0.60 | F<br>F<br>F<br>F | 1<br>2<br>3<br>4 | MATTER NAME: Chapter 11 Restructuring<br>COMMUNICATIONS WITH LOCAL COUNSEL REGARDING UP-COMING HEARING AND CNOS (.4):<br>EMAIL B. RUBIN REGARDING SAME (.3):<br>COMMUNICATIONS WITH N. HAZAN REGARDING SAME (.4):<br>PREPARE MATERIALS FOR FEE APPLICATION (.6). |
| 12/09/11 Fri | Kopacz, G 2338729/40 | 0.70 | 0.50 | 217.50 | 0.50<br>0.20 | F<br>F | 1<br>2 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW PRE-BILLS FOR NOVEMBER FEE APPLICATION (.5):<br>COMMUNICATIONS WITH SECRETARY REGARDING MAKING ARRANGEMENTS FOR UPCOMING HEARING (.2). |
| 12/12/11 Mon | Hazan, N 2338729/47 | 0.30 | 0.30 | 193.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW 6TH QUARTERLY ORDER AND EMAIL R. BLAKE REGARDING SAME. |
| 12/14/11 Wed | Hazan, N 2338729/61 | 0.10 | 0.10 | 64.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW CNO FOR OCTOBER, EMAILS TO B. RUBIN RE: SAME. |
| 12/14/11 Wed | Kopacz, G 2338729/60 | 1.60 | 1.40 | 609.00 | 1.40<br>0.20 | F<br>F | 1<br>2 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW AND EDIT PRE-BILLS (1.4):<br>EMAILS TO LOCAL COUNSEL AND TEAM REGARDING CERTIFICATE OF NO OBJECTION (.2). |
| 12/15/11 Thu | Kopacz, G 2338729/68 | 6.20 | 6.20 | 2,697.00 | 3.70<br>0.90<br>0.10<br>0.30<br>0.40<br>0.20<br>0.40<br>0.20 | F<br>F<br>F<br>F<br>F<br>F<br>F<br>F | 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW AND EDIT PRE-BILLS TO ENSURE COMPLIANCE WITH THE BANKRUPTCY CODE (3.7):<br>COMMUNICATIONS WITH VARIOUS ATTORNEYS REQUESTING CLARIFICATION REGARDING CERTAIN TIME ENTRIES (.9):<br>COMMUNICATIONS WITH SECRETARY REGARDING PREPARING EDITED PRE-BILLS (.1):<br>REVIEW WORK OF SECRETARY REGARDING SAME (.3):<br>BEGIN WORKING ON NOVEMBER FEE APPLICATION (.4):<br>CALL FEE EXAMINER REGARDING LEDES FILES (.2):<br>REVIEW LEDES FILES IN PREPARATION FOR SUBMISSION TO THE FEE EXAMINER (.4):<br>COMMUNICATIONS WITH M. SIMONS REGARDING PRE-BILLS AND FEE APPLICATION (.2). |
| 12/19/11 Mon | Kopacz, G 2338729/78 | 0.20 | 0.20 | 87.00 | 0.10<br>0.10 | F<br>F | 1<br>2 | MATTER NAME: Chapter 11 Restructuring<br>EMAILS TO M. SIMONS REGARDING NOVEMBER FEE APPLICATION (.1):<br>COMMUNICATIONS WITH N. HAZAN REGARDING SAME (.1). |

~  See the last page of exhibit for explanation

EXHIBIT N
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|----------------|-------------|-------|------|------------|---|---|-------------|
| 12/21/11 Wed | Kopacz, G 2338729/88 | 3.40 | 3.40 | 1,479.00 | 3.00 0.40 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring REVIEW PRE-BILLS TO ENSURE COMPLIANCE WITH THE U.S. TRUSTEE'S GUIDELINES (3.0); COMMUNICATIONS WITH BILLING DEPARTMENT REGARDING SAME (.4). |
| 12/23/11 Fri | Kopacz, G 2338729/98 | 0.50 | 0.50 | 217.50 | 0.40 0.10 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring REVIEW WORK OF SECRETARY AND BILLING DEPARTMENT REGARDING NOVEMBER PRE-BILLS (.4); EMAIL BILLING DEPARTMENT REGARDING SAME (.1). |
| 12/27/11 Tue | Kopacz, G 2338729/99 | 1.70 | 1.70 | 739.50 | 1.50 0.20 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring WORK ON NOVEMBER FEE APPLICATION (1.5); COMMUNICATIONS WITH BILLING DEPARTMENT REGARDING SAME (.2). |
| 01/03/12 Tue | Kopacz, G 2349838/1 | 1.00 | 1.00 | 435.00 | 0.10 0.90 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring REVIEW NOTICE REGARDING UP-COMING FEE APPLICATION HEARING (.1); EMAILS AND TELEPHONE CALL WITH BILLING DEPARTMENT REGARDING 6TH QUARTERLY FEE APPLICATION, AND REVIEW 6TH QUARTERLY FEE APPLICATION IN CONNECTION THEREWITH (.9). |
| 01/04/12 Wed | Kopacz, G 2349838/8 | 0.50 | 0.50 | 217.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring WORK ON NOVEMBER FEE APPLICATION. |
| 01/05/12 Thu | Hazan, N 2349838/15 | 0.60 | 0.60 | 387.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW AND CORRECT NOVEMBER FEE STATEMENT. |
| 01/05/12 Thu | Kopacz, G 2349838/14 | 2.60 | 2.60 | 1,131.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring WORK ON NOVEMBER FEE APPLICATION. |
| 01/06/12 Fri | Kopacz, G 2349838/21 | 2.70 | 2.70 | 1,174.50 | 1.10 0.10 0.10 0.40 1.00 | F F F F F | 1 2 3 4 5 | MATTER NAME: Chapter 11 Restructuring WORK ON NOVEMBER FEE APPLICATION (1.1); VARIOUS CALLS WITH LOCAL COUNSEL AND BILLING DEPARTMENT REGARDING SAME (.1); EMAIL B. RUBIN REGARDING SAME (.1); REVIEW LOCAL RULES AND TRUSTEE'S GUIDELINES REGARDING FEE APPLICATIONS (.4); REVIEW AND EDIT DECEMBER PREBILL TO ENSURE COMPLIANCE WITH APPLICABLE RULES (1.0). |
| 01/09/12 Mon | Kopacz, G 2349838/25 | 1.50 | 1.50 | 652.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW AND EDIT DECEMBER PRE-BILLS TO ENSURE COMPLIANCE WITH APPLICABLE GUIDELINES. |
| 01/10/12 Tue | Kopacz, G 2349838/30 | 0.50 | 0.50 | 217.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW AND EDIT DECEMBER PREBILLS TO ENSURE COMPLIANCE WITH APPLICABLE GUIDELINES. |
| 01/11/12 Wed | Kopacz, G 2349838/36 | 0.10 | 0.10 | 43.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring CALL LOCAL COUNSEL REGARDING FEE APPLICATIONS. |
| 01/12/12 Thu | Kopacz, G 2349838/40 | 0.20 | 0.20 | 87.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring INCORPORATE COMMENTS OF B. RUBIN INTO FEE APPLICATION. |

~ See the last page of exhibit for explanation

EXHIBIT N

MCDERMOTT RETENTION/COMPENSATION

McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|-----------|---|---|-------------|
| 01/13/12 Fri | Kopacz, G 2349838/45 | 0.70 | 0.70 | 304.50 | 0.70 | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>FINALIZE NOVEMBER FEE APPLICATION FOR FILING (.7). |
| 01/17/12 Tue | Kopacz, G 2349838/49 | 2.30 | 2.30 | 1,000.50 | 0.70 | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW AND EDIT DECEMBER PRE-BILL TO ENSURE COMPLIANCE WITH APPLICABLE GUIDELINES (.7); |
| | | | | | 1.60 | F | 2 | EMAIL ATTORNEYS REQUESTING CLARIFICATION OF TIME ENTRIES (1.6). |
| 01/19/12 Thu | Kopacz, G 2349838/55 | 2.30 | 2.30 | 1,000.50 | 1.00 | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>EMAIL ATTORNEYS REGARDING DECEMBER TIME ENTRIES AND UPDATE SAME BASED ON THEIR COMMENTS (1.0); |
| | | | | | 1.30 | F | 2 | WORK ON QUARTERLY FEE APPLICATION (1.3). |
| 01/23/12 Mon | Kopacz, G 2349838/62 | 1.20 | 1.20 | 522.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>WORK ON 12TH QUARTERLY FEE APPLICATION. |
| 01/24/12 Tue | Kopacz, G 2349838/64 | 5.40 | 5.40 | 2,349.00 | 0.20 | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>COMMUNICATIONS WITH SECRETARY REGARDING DECEMBER PRE-BILLS (.2); |
| | | | | | 0.60 | F | 2 | REVIEW WORK OF SECRETARY REGARDING SAME AND FOLLOW UP (.6); |
| | | | | | 4.60 | F | 3 | WORK ON 12TH QUARTERLY FEE APPLICATION (4.6). |
| 01/25/12 Wed | Hazan, N 2349838/66 | 0.80 | 0.80 | 516.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW AND CORRECT QUARTERLY FEE STATEMENT. |
| 01/25/12 Wed | Kopacz, G 2349838/65 | 1.60 | 1.60 | 696.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>WORK ON 12TH QUARTERLY FEE APPLICATION. |
| 01/27/12 Fri | Kopacz, G 2349838/72 | 0.10 | 0.10 | 43.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>ATTENTION TO MATTERS RELATING TO UP-COMING FEE APPLICATION HEARING. |
| 01/30/12 Mon | Kopacz, G 2349838/75 | 1.00 | 1.00 | 435.00 | 0.10 | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>COMMUNICATIONS WITH M. SIMONS REGARDING DECEMBER PRE-BILLS (.1); |
| | | | | | 0.90 | F | 2 | WORK ON DECEMBER FEE APPLICATION (.9). |
| 01/31/12 Tue | Kopacz, G 2349838/78 | 0.10 | 0.10 | 43.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>EMAIL B. RUBIN REGARDING 12TH QUARTERLY FEE APPLICATION. |
| 01/31/12 Tue | Rubin, B 2349838/79 | 3.60 | 0.60 | 597.00 | 0.60 | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW AND EDIT FEE APPLICATION (.6); |
| | | | | | 0.60 | F | 2 | CORRESPONDENCE WITH CREDITOR REPRESENTATIVES REGARDING EMERGENCE ISSUES (.6); |
| | | | | | 0.60 | F | 3 | CORRESPONDENCE WITH CLIENT REGARDING SAME (.6); |
| | | | | | 1.80 | F | 4 | REVIEW AND EDIT SUPPORTING MEMORANDUM REGARDING OPINION ISSUES (1.8). |
| 02/01/12 Wed | Kopacz, G 2360519/1 | 2.70 | 2.70 | 1,174.50 | 0.30 | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>INCORPORATE CHANGES OF B. RUBIN INTO 12TH QUARTERLY FEE APPLICATION (.3); |
| | | | | | 2.40 | F | 2 | WORK ON DECEMBER FEE APPLICATION (2.4). |

~ See the last page of exhibit for explanation

EXHIBIT N
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 02/02/12 Thu | Hazan, N 2360519/4 | 0.50 | 0.50 | 322.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>CORRECT SEPTEMBER FEE APPLICATION. |
| 02/02/12 Thu | Kopacz, G 2360519/3 | 2.00 | 2.00 | 870.00 | 1.00<br>0.50<br>0.20<br>0.30 | F<br>F<br>F<br>F | 1<br>2<br>3<br>4 | MATTER NAME: Chapter 11 Restructuring<br>DRAFT DECEMBER FEE APPLICATION (1.0);<br>PREPARE PACKAGE FOR TWELFTH QUARTERLY FEE APPLICATION TO BE FILED (.5);<br>COMMUNICATIONS WITH LOCAL COUNSEL AND N. HAZAN REGARDING SAME (.2);<br>REVIEW LEDES FILES AND EMAIL FEE EXAMINER REGARDING SAME (.3). |
| 02/06/12 Mon | Kopacz, G 2360519/10 | 0.10 | 0.10 | 43.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>EMAIL LOCAL COUNSEL REGARDING NOVEMBER FEE APPLICATION. |
| 02/07/12 Tue | Kopacz, G 2360519/13 | 1.00 | 1.00 | 435.00 | 0.10<br>0.40<br>0.50 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: Chapter 11 Restructuring<br>COMMUNICATIONS WITH LOCAL COUNSEL REGARDING FEE EXAMINER REPORTS (.1);<br>EMAIL B. RUBIN REGARDING NOVEMBER FEE APPLICATION AND CNO (.4);<br>FINALIZE DECEMBER FEE APPLICATION (.5). |
| 02/09/12 Thu | Kopacz, G 2360519/23 | 0.30 | 0.30 | 130.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>VARIOUS COMMUNICATIONS WITH LOCAL COUNSEL AND N. HAZAN REGARDING 7TH INTERIM FEE APPLICATION. |
| 02/10/12 Fri | Kopacz, G 2360519/29 | 0.20 | 0.20 | 87.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>COMMUNICATIONS WITH LOCAL COUNSEL REGARDING SEVENTH QUARTERLY FEE APPLICATION. |
| 02/13/12 Mon | Kopacz, G 2360519/34 | 1.00 | 1.00 | 435.00 | 0.10<br>0.60<br>0.30 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: Chapter 11 Restructuring<br>COMMUNICATIONS WITH SECRETARY REGARDING JANUARY FEE APPLICATION (.1);<br>REVIEW WORK OF SECRETARY IN CONNECTION WITH SAME (.6);<br>BEGIN REVIEWING JANUARY PRE-BILLS TO ENSURE COMPLIANCE WITH APPLICABLE GUIDELINES (.3). |
| 02/14/12 Tue | Kopacz, G 2360519/40 | 0.80 | 0.80 | 348.00 | 0.20<br>0.10<br>0.40<br>0.10 | F<br>F<br>F<br>F | 1<br>2<br>3<br>4 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW HEARING AGENDA (.2);<br>COMMUNICATIONS WITH N. HAZAN REGARDING SAME (.1);<br>FINALIZE DECEMBER FEE APPLICATION (.4);<br>COMMUNICATIONS WITH LOCAL COUNSEL REGARDING HEARING (.1). |
| 02/15/12 Wed | Kopacz, G 2360519/46 | 6.50 | 6.50 | 2,827.50 | 0.90<br>0.50<br>5.10 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: Chapter 11 Restructuring<br>PREPARE FOR AND ATTEND HEARING REGARDING FEE APPLICATIONS (.9);<br>VARIOUS FOLLOW UP REGARDING SAME WITH LOCAL COUNSEL AND B. RUBIN (.5);<br>REVIEW AND EDIT JANUARY PRE-BILLS TO ENSURE COMPLIANCE WITH APPLICABLE GUIDELINES (5.1). |
| 02/16/12 Thu | Kopacz, G 2360519/51 | 0.30 | 0.30 | 130.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW JANUARY PRE-BILLS. |
| 02/22/12 Wed | Kopacz, G 2360519/69 | 0.30 | 0.30 | 130.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>WORK ON DECEMBER FEE APPLICATION. |

~  See the last page of exhibit for explanation

EXHIBIT N
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|----------------|-------------|-------|------|------------|---|---|-------------|
| 02/24/12 Fri | Kopacz, G 2360519/77 | 1.50 | 1.50 | 652.50 | 0.40 1.10 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring ATTENTION TO ISSUE WITH RESPECT TO 7TH QUARTERLY FEE APPLICATION AND STUART MAUE REPORT (.4). REVIEW JANUARY PRE-BILLS TO ENSURE COMPLIANCE WITH APPLICABLE GUIDELINES (1.1). |
| 02/25/12 Sat | Kopacz, G 2360519/80 | 0.70 | 0.70 | 304.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW JANUARY PRE-BILLS TO ENSURE COMPLIANCE WITH APPLICABLE GUIDELINES. |
| 02/27/12 Mon | Hazan, N 2360519/83 | 0.30 | 0.30 | 193.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring EMAILS AND CALLS WITH G. KOPACZ REGARDING QUESTIONS ON TIMING OF PAYMENT AND FEE APPLICATIONS. |
| 02/27/12 Mon | Kopacz, G 2360519/82 | 1.00 | 1.00 | 435.00 | 0.20 0.80 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring EMAILS TO LOCAL COUNSEL REGARDING CERTIFICATE OF NO OBJECTION FOR 12TH QUARTERLY FEE APPLICATION (.2). COMMUNICATIONS WITH ATTORNEYS REGARDING CLARIFICATION OF CERTAIN TIME ENTRIES (.8). |
| 02/27/12 Mon | Whiteway, A 2360519/87 | 4.10 | 0.30 | 265.50 | 0.30 1.90 1.90 | F F F | 1 2 3 | MATTER NAME: Chapter 11 Restructuring FEE APPLICATION ISSUE CORRESPONDENCE WITH CO-COUNSEL (.3). REVIEW LEGAL RESEARCH AND CASE LAW REGARDING SETTLEMENT TAX TREATMENT (1.9). REVIEW AND EDIT MEMORANDUM REGARDING TAX ISSUES (1.9). |
| 02/28/12 Tue | Kopacz, G 2360519/88 | 0.60 | 0.60 | 261.00 | 0.20 0.30 0.10 | F F F | 1 2 3 | MATTER NAME: Chapter 11 Restructuring COMMUNICATIONS WITH ATTORNEYS REGARDING TIME ENTRIES FROM JANUARY PRE-BILLS (.2). INCORPORATE COMMENTS OF SAME (.3). COMMUNICATIONS WITH SECRETARY REGARDING SAME (.1). |
| Total Number of Entries: | 51 | | 61.80 | $27,963.00 | | | | |

EXHIBIT N

MCDERMOTT RETENTION/COMPENSATION

McDermott, Will & Emery

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Hazan, N | 2.90 | 1,870.50 |
| Kopacz, G | 58.00 | 25,230.00 |
| Rubin, B | 0.60 | 597.00 |
| Whiteway, A | 0.30 | 265.50 |
|  | 61.80 | $27,963.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Chapter 11 Restructuring | 61.80 | 27,963.00 |
|  | 61.80 | $27,963.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F       FINAL BILL