IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE COMPANY, *et al.*,[1] | ) | Case No. 08-13141 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS TO THE MOTION FOR AN OMNIBUS ORDER AUTHORIZING THE SUBSTITUTION OF THE REORGANIZED DEBTORS IN PLACE OF THE CREDITORS' COMMITTEE AS PLAINTIFFS IN CERTAIN ADVERSARY PROCEEDINGS AND APPROVING <u>PROCEDURES TO EVIDENCE THIS SUBSTITUTION</u>**

David P. Murphy ("*Murphy*") and James L. Ellis ("*Ellis*" together with Murphy the "*Defendants*"), by and through their undersigned counsel, hereby submit this limited objection and reservation of rights (the "*Objection*") to the *Motion for an Omnibus Order Authorizing The Substitution of the Reorganized Debtors in Place of the Creditors' Committee as Plaintiffs in Certain Adversary Proceedings and Approving Procedures to Evidence This Substitution*

---

[1] The Debtors in these chapter 11 cases are: Tribune Company; 435 Production Company; 5800 Sunset Productions Inc.; Baltimore Newspaper Networks, Inc.; California Community News Corporation; Candle Holdings Corporation; Channel 20, Inc.; Channel 39, Inc.; Channel 40, Inc.; Chicago Avenue Construction Company; Chicago River Production Company; Chicago Tribune Company; Chicago Tribune Newspaper, Inc.; Chicago Tribune Press Service, Inc.; ChicagoLand Microwave Licensee, Inc.; Chicagoland Publishing Company; Chicagoland Television News, Inc.; Courant Specialty Products, Inc.; Direct Mail Associates, Inc.; Distribution Systems of America, Inc.; Eagle New Media Investments, LLC; Eagle Publishing Investments, LLC, forsalebyowner.com corp.; ForSaleByOwner.com Referral Services, LLC; Fortify Holdings Corporation; Forum Publishing Group, Inc.; Gold Coast Publications, Inc.; GreenCo, Inc.; Heart &Crown Advertising, Inc.; Homeowners Realty, Inc.; Homestead Publishing Co.; Hoy, LLC; Hoy Publications, LLC; InsertCo, Inc.; Internet Foreclosure Service, Inc.; JuliusAir Company, LLC; JuliusAir Company II, LLC; KIAH Inc.; KPLR, Inc.; KSWB Inc.; KTLA Inc.; KWGN Inc.; Los Angeles Times Communications LLC; Los Angeles Times International, Ltd.; Los Angeles Times Newspapers, Inc.; Magic T Music Publishing Company; NBBF, LLC; Neocomm, Inc.; New Mass. Media, Inc.; New River Center Maintenance Association, Inc.; Newscom Services, Inc.; Newspaper Readers Agency, Inc.; North Michigan Production Company; North Orange Avenue Properties, Inc.; Oak Brook Productions, Inc.; Orlando Sentinel Communications Company; Patuxent Publishing Company; Publishers Forest Products Co. of Washington; Sentinel Communications News Ventures, Inc.; Shepard's Inc.; Signs of Distinction, Inc.; Southern Connecticut Newspapers, Inc.; Star Community Publishing Group, LLC; Stemweb, Inc.;  Sun-Sentinel Company; The Baltimore Sun Company; The Daily Press, Inc.; The Hartford Courant Company; The Morning Call, Inc.; The Other Company LLC; Times Mirror Land and Timber Company; Times Mirror Payroll Processing Company, Inc.; Times Mirror Services Company, Inc.; TMLH 2, Inc.; TMLS I, Inc.; TMS Entertainment Guides, Inc.; Tower Distribution Company; Towering T Music Publishing Company; Tribune Broadcast Holdings, Inc.; Tribune Broadcasting Company; Tribune Broadcasting Holdco, LLC; Tribune Broadcasting News Network, Inc.; Tribune California Properties, Inc.; Tribune Direct Marketing, Inc.; Tribune Entertainment Company; Tribune Entertainment Production Company; Tribune Finance, LLC; Tribune Finance Service Center, Inc.; Tribune License, Inc.; Tribune Los Angeles, Inc.; Tribune Manhattan Newspaper Holdings, Inc.; Tribune Media Net, Inc.; Tribune Media Services, Inc.; Tribune Network Holdings Company; Tribune New York Newspaper Holdings, LLC; Tribune NM, Inc.; Tribune Publishing Company; Tribune Television Company; Tribune Television Holdings, Inc.; Tribune Television New Orleans, Inc.; Tribune Television Northwest, Inc.; ValuMail, Inc.; Virginia Community Shoppers, LLC; Virginia Gazette Companies, LLC; WATL, LLC; WCWN LLC; WDCW Broadcasting, Inc.; WGN Continental Broadcasting Company; WLVI Inc.; and WPIX, Inc.

[Docket No. 12922] (the "*Substitution Motion*") filed by Tribune Company and its affiliated debtor entities (the "*Debtors*"). In support of the Objection, the Defendants state as follows:

## BACKGROUND

On December 8, 2008, Tribune Company and certain of its subsidiaries filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*"). During these chapter 11 cases, the Official Committee of Unsecured Creditors (the "*Committee*") filed numerous avoidance actions (collectively, the "*Committee-Filed Adversaries*"), which asserted causes of action pursuant to sections 547 and 548 of the Bankruptcy Code.

On July 23, 2012, this Court entered an order confirming the DCL Plan.[2] Pursuant to the terms of the DCL Plan, after the Effective Date, certain estate claims and causes of action are owned by the Debtors (the "*Ordinary Litigation Claims*"), while others are owned by the Litigation Trust (the "*Preserved Causes of Action*").

The Substitution Motion was filed on December 27, 2012, and requests approval for the Debtors to, *inter alia*, substitute-in as plaintiffs in certain Committee-Filed Actions, including actions filed against the Defendants. In paragraph 11 of the Substitution Motion, the Debtors state that there are certain estate claims whose ownership may not be resolved as of the Effective Date (the "*Unresolved Claims*"). Many of the Committee-Filed Actions, assert the Debtors, contain both Ordinary Litigation Claims and Unresolved Claims.

With respect to the Committee-Filed Actions that contain both Ordinary Litigation Claims and Unresolved Claims, the Substitution Motion only requests that the Debtors be

---

[2] Terms not defined herein shall have the meaning ascribed to them in the Substitution Motion.

substituted-in as plaintiffs for the Ordinary Litigation Claims,[3] and the "Debtors anticipate that after the Effective Date the Reorganized Debtors, the Litigation Trustee, and the applicable defendants will attempt to reach a resolution of the ownership of the Unresolved Claims." *See* Substitution Motion, ¶ 12.

The Substitution Motion also states that the Debtors do not seek relief with respect to the Unresolved Claims and that the relief sought in the Substitution Motion shall not impair or alter any party's interests with regard to the determination of whether Unresolved Claims constitute Ordinary Litigation Claims or Preserved Causes of Action. *See* Substitution Motion, ¶ 12. The proposed order (the "*Proposed Order*") attached to the Substitution Motion does not, however, contain this reservation of rights language regarding the ownership of the Unresolved Claims.

## ARGUMENT

The Defendants submit this limited objection to the extent that the Proposed Order may be construed to impair or alter any party's interests with regard to the determination of whether Unresolved Claims constitute Ordinary Litigation Claims or Preserved Causes of Action. The Substitution Motion expressly states that it does not seek to alter such rights, but the Proposed Order does not contain a corresponding statement. Accordingly, the Defendants submit that the Proposed Order should be modified to make it clear that the order does not impact the rights of any party with respect to the ownership of the Unresolved Claims. The Defendants thus submit that the Proposed Order should be modified to add the following language:

> Debtors have represented to the Court that they do not seek any relief with respect to the Unresolved Claims asserted in the Committee-Filed Adversaries. Therefore, nothing in this Order shall be construed to determine whether the

---

[3] Exhibit B to the Substitution Motion asserts that the Committee-Filed Actions against the Defendants contain both Ordinary Litigation Claims and Unresolved Claims.

Unresolved Claims constitute Ordinary Litigation Claims or Preserved Causes of Action or otherwise impair or alter any party's rights, positions or interests with respect to whether Unresolved Claims constitute Ordinary Litigation Claims or Preserved Causes of Action.

## CONCLUSION

For the reasons set forth above, the Defendants object to the entry of the Proposed Order in its current form and reserve their rights with respect to the ownership of the Unresolved Claims. Accordingly, the Defendants respectfully request that this Court enter an order that (a) includes the proposed language set forth above; and (b) provides such other and further relief as this Court deems just and proper.

Dated: January 9, 2013            **DAVID P. MURPHY and JAMES L. ELLIS**

                                                By:   /s/ Devon J. Eggert_____
                                                     One of Their Attorneys

                                                     Devon J. Eggert
                                                     FREEBORN & PETERS LLP
                                                     311 South Wacker Drive, Ste. 3000
                                                     Chicago, Illinois 60606-6677
                                                     Telephone:  312.360.6000
                                                     Facsimile:  312.360.6995