## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE AMENDMENT TO FOURTEENTH INTERIM FEE APPLICATION OF REED SMITH LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Amendment to Fourteenth Interim Fee Application of Reed Smith LLP* [Docket No. 12793] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $117,226.50 and reimbursement of expenses that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network. Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

total $66,934.31 for the period from March 1, 2012 through May 31, 2012. Reed Smith LLP ("**Reed Smith**") serves as special counsel for certain insurance and employee-related matters to the Debtors and Debtors-in-Possession.

## Background

1.    On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. Under this Court's *Order Directing Joint Administration Chapter 11 Cases* dated December 10, 2009 [Docket No. 43], these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

2.    On December 26, 2008, the Debtors filed their *Application for an Order Authorizing Debtors and Debtors in Possession to Employ and Retain Reed Smith LLP as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to the Petition Date* [Docket No. 145] (the "**Retention Application**"). By order dated February 3, 2009, this Court approved the retention of Reed Smith [Docket No. 326] (the "**Retention Order**").

3.    Reed Smith submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members under 11 U.S.C. §§ 105(a) and 331* [Docket No. 225] (the "**Interim Compensation Order**").

## Applicable Standards

4.    In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary

to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.    The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.    Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable

based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

7.      A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred.  A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules.  Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application.  A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.      The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to Reed Smith for review and comment.  The firm submitted a written response to the Fee Examiner.  After evaluation and consideration of the additional information provided by Reed Smith, the Fee Examiner submits this Final Report for the Court's consideration.  This Final Report is in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of the applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and will also inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

## DISCUSSION OF FINDINGS

9.      **Reconciliation of Fees and Expenses.**  The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or

hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**").  The Fee Examiner determined that the Fees Requested exceeded the Fees Computed by $108.00, resulting in an apparent overcharge.  The discrepancy was the result of task hours within one entry that did not equal the time billed for the entry as a whole.  The discrepancy was displayed in **Exhibit A** to the Preliminary Report.  The Fee Examiner asked Reed Smith to comment on the discrepancy.  The firm agreed with the Fee Examiner's calculations, which resulted in a fee reduction in the amount of $108.00.  Exhibit A has been omitted from this Report.

The Fee Examiner further determined that there was no discrepancy between the Expenses Requested and the Expenses Computed.  The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

10.    **Block Billing.**[2]  The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*.  The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[3]  The Fee Examiner identified task descriptions that are technically block billed time entries totaling 12.50 hours with associated fees of $6,161.00, as displayed in

---

[2] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing.  Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry.  As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry.  This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

[3] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

**Exhibit B**[4] to the Preliminary Report. Based on precedent established by this Court, the Fee Examiner did not identify any objectionable block billed entries. Exhibit B has been omitted from this Report.

11.    **Time Increments.** The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*. The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*. Reed Smith complied with the applicable rules regarding time increments.

### Review of Fees

12.    **Firm Staffing.** The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*. The Fee Application provided the names, positions, and hourly rates of the 13 Reed Smith professionals and paraprofessionals who billed to this matter, consisting of 4 partners, 5 associates, 2 analysts, and 2 paralegals. A summary of hours and fees billed by each timekeeper is displayed in **Exhibit C**.

The firm billed a total of 253.70 hours with associated fees of $117,118.50.[5] The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

---

[4] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 77.90 | 31% | $  44,835.00 | 38% |
| Associate | 142.80 | 56% | 66,351.00 | 57% |
| Analyst | 2.30 | * | 686.50 | * |
| Paralegal | 30.70 | 12% | 5,246.00 | 4% |
| TOTAL | 253.70 | 100% | $117,118.50 | 100% |

* Less than 1%

The blended hourly rate for the Reed Smith professionals is $503.79 and the blended hourly rate for professionals and paraprofessionals is $461.64.

13.    **Hourly Rate Increases.**    Reed Smith did not increase the hourly rates of firm timekeepers during this interim period.

14.    **Timekeepers' Roles.**    A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4).*  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.  On the whole, each Reed Smith timekeeper appeared to perform either core team responsibilities necessary to the engagement; or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.  However, the Fee Examiner requested additional information from Reed Smith regarding the necessity of services rendered by an associate and an analyst. One invoiced two entries for telephone calls to the court clerk and the other invoiced a single entry for review of insurance coverage issues.  The entries billed by these timekeepers, totaling 1.70 hours with $589.00 in associated fees, were displayed in **Exhibit D** to the Preliminary Report.

---

[5] This amount reflects the Fees Computed.

Reed Smith responded by providing additional information regarding the roles and activities of each of the questioned timekeepers, which established the activities were necessary and proper. A fee reduction is not warranted, and Exhibit D is omitted from the Final Report.

15. **Meetings, Conferences, Hearings, and Other Events.** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*. While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two Reed Smith timekeepers attended the same meeting, conference, hearing, or other event. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 4.00 hours with $2,120.00 in associated fees, were displayed in **Exhibit E** to the Preliminary Report. In each instance where multiple timekeepers attended a meeting, conference, hearing or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference). The potentially duplicative and unnecessary timekeepers' entries totaled 2.40 hours with $1,208.00 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner noted that Reed Smith reduced the number of nonfirm multiple attendances from the prior interim period, but nevertheless requested the firm provide what the Local Rules and UST Guidelines

mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response, Reed Smith provided a detailed description of each of the questioned entries, which explained the purpose and necessity of having multiple attendees at the conferences in question. No fee reduction will be recommended, and Exhibit E has been omitted from this Report.

16.    **Intraoffice Conferences.**    Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. With minimal exceptions Reed Smith did not bill for intraoffice conferences. Additionally, the Fee Examiner did not identify any instances of more than one participant billing for the same intraoffice conference.

17.    **Complete and Detailed Task Descriptions.**    Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix).* The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v).*

The Fee Examiner reviewed the substantive detail of each billing entry and identified 0.50 hour with $90.00 in associated fees where the Fee Examiner could not determine the precise nature of the services performed by the timekeeper. The entry was displayed in **Exhibit F** to the Preliminary Report. As reflected in the Local Rules and UST Guidelines, billing entries must adequately describe the services actually performed to allow a determination of whether the task was staffed appropriately, whether the task involved the exercise of legal judgment, and/or whether the task was duplicated by other timekeepers.[6] The Fee Examiner requested the firm provide sufficient detail for the entry in question. In response, Reed Smith revised the questioned task which brought it within compliance. The Fee Examiner does not make a recommendation for a fee reduction. Exhibit F is omitted from this Final Report.

18.    **Administrative Activities.** Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The Fee Examiner identified multiple fee entries describing the administrative tasks of reviewing and cataloguing case correspondence, files and pleadings. The questioned tasks totaling 3.20 hours with related fees of $448.00 are displayed in **Exhibit G** to the Preliminary Report. In response, Reed Smith provided additional information regarding the questioned activities by stating the requisite paralegal level knowledge and skill that was required for the questioned tasks. Reed Smith and the Fee Examiner compromised the matter by agreeing to characterize the work as "clerical" and allowing the work to be billed at a rate of $80.00 per hour. The result is a fee reduction of $192.00. Exhibit G has been omitted from the Final Report.

---

[6] Vague entries do not allow the court to determine the reasonableness and necessity of the effort expended, and fees may be denied or reduced when insufficiently documented. *E.g., In re Bennett Funding, Inc.*, 213 B.R. 234, 245-46 (Bankr. N.D.N.Y. 1997). Entries for legal research must identify the issue and explain the research need. *In re Fibermark, Inc.*, 349 B.R. 385, 397 (Bankr. D. Vt. 2006).

19.    **Clerical Activities.**  Clerical activities do not require legal acumen, and may be effectively performed by administrative assistants, secretaries, or support personnel.  Similar to administrative activities, clerical activities are generally not billable and are considered to be part of the firm's overhead.  In the 3rd Circuit, however, some clerical and non-clerical activities may be compensable at a rate commensurate with the level of expertise or knowledge typically found to be necessary to complete the task.  The Fee Examiner reviewed each timekeeper's billing activities and did not identify any clerical activities billed by Reed Smith.

20.    **Travel.**  The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii).*  Reed Smith did not submit any time entries describing travel.

21.    **Reed Smith Retention/Compensation.**  Reed Smith billed 80.50 hours with associated fees of $32,849.00 to prepare the firm's retention documents and applications for compensation.  The fee entries describing Reed Smith's retention/compensation activities are displayed in **Exhibit H** which is included in the Final Report for the Court's reference.

### Review of Expenses

22.    **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii).*  The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (*e.g.*, long

distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*.  Reed Smith provided an itemization for its expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

23.    **Photocopies.**   The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii)*.  Reed Smith stated in the Application that the firm's rate for duplication is $0.10 per page.

24.    **Electronically Stored Information.**   Reed Smith stated in the Application that these charges relate to "the processing of electronically stored information by a client-approved outside vendor, including the retrieval and storage of e-mails in connection with Reed Smith's review of documents in the HR Investigation Matter."  The Fee Examiner requested that Reed Smith provide supporting documentation for the expenses that were displayed in **Exhibit I** to the Preliminary Report.  Reed Smith provided the additional information and documentation, which supported the legitimacy and necessity of the charges.  No expense reduction is warranted. Exhibit I has been omitted from the Final Report.

## CONCLUSION

The Fee Examiner submits this Final Report regarding Reed Smith's Application and the fees and expenses discussed above.  The Fee Examiner recommends approval of fees that total $116,926.50 ($117,226.50 minus $300.00) and reimbursement of expenses that total $66,934.31 for the period from March 1, 2012 through May 31, 2012.  The findings are set forth in the summary on the following page.

**REED SMITH LLP**

**SUMMARY OF FINDINGS**

**Amendment to Fourteenth Interim Fee Application (March 1, 2012 through May 31, 2012)**

**A.**   **Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $117,226.50 | |
| Expenses Requested | 66,934.31 | |
| TOTAL FEES AND EXPENSES REQUESTED | | $184,160.81 |
| Fees Computed | $117,118.50 | |
| Expenses Computed | 66,934.31 | |
| TOTAL FEES AND EXPENSES COMPUTED | | $184,052.81 |
| Discrepancy in Fees | $     108.00 | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $     108.00 |

**B.**   **Recommended Fee Allowance and Expense Reimbursement**

| | | | |
|---|---|---|---|
| Fees Requested | $117,226.50 | | |
| *Agreed Reduction for Discrepancy in Fees* | | *($ 108.00)* | |
| *Agreed Reduction for Administrative Activities* | | *(192.00)* | |
| Subtotal | | *($ 300.00)* | |
| RECOMMENDED FEE ALLOWANCE | | | $116,926.50 |
| Expenses Requested | $66,934.31 | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 66,934.31 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $183,860.81 |

Respectfully submitted,

**STUART MAUE**

By: _____

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri 63044
Telephone: (314) 291-3030
Facsimile: (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 11th day of January, 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

John D. Shugrue, Esq.
Partner
Reed Smith LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606 7507

John F. Theil, Esq.

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Reed Smith LLP**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| JDS | Shugrue, John D. | PARTNER | $590.00 | $590.00 | 46.60 | $27,494.00 |
| PRW | Walker-Bright, Paul R. | PARTNER | $560.00 | $560.00 | 16.80 | $9,408.00 |
| AJM | Moss, J. Andrew | PARTNER | $550.00 | $550.00 | 13.80 | $7,590.00 |
| TPL | Law, Timothy P. | PARTNER | $490.00 | $490.00 | 0.70 | $343.00 |
| | No. of Billers for Position:  4 | Blended Rate for Position: | $575.55 | | 77.90 | $44,835.00 |
| | | | | % of Total: 30.71% | % of Total: 38.28% | |
| LJR | Raines, Lana J. | ASSOCIATE | $480.00 | $480.00 | 80.30 | $38,544.00 |
| AY | Yassemedis, Andrea C. | ASSOCIATE | $450.00 | $450.00 | 57.50 | $25,875.00 |
| DR | Rosenfield, David M. | ASSOCIATE | $350.00 | $350.00 | 2.60 | $910.00 |
| JCF | Falgowski, J. Cory | ASSOCIATE | $430.00 | $430.00 | 1.90 | $817.00 |
| PHF | Forster, Paige H. | ASSOCIATE | $410.00 | $410.00 | 0.50 | $205.00 |
| | No. of Billers for Position:  5 | Blended Rate for Position: | $464.64 | | 142.80 | $66,351.00 |
| | | | | % of Total: 56.29% | % of Total: 56.65% | |
| JCS | Schad, James C. | ANALYST | $320.00 | $320.00 | 1.20 | $384.00 |
| JML | Livingston, Judith M. | ANALYST | $275.00 | $275.00 | 1.10 | $302.50 |
| | No. of Billers for Position:  2 | Blended Rate for Position: | $298.48 | | 2.30 | $686.50 |
| | | | | % of Total: 0.91% | % of Total: 0.59% | |
| LL | Lankford, Lisa A. | PARALEGAL | $180.00 | $180.00 | 23.70 | $4,266.00 |
| SS | Somoza, Silvia | PARALEGAL | $140.00 | $140.00 | 7.00 | $980.00 |
| | No. of Billers for Position:  2 | Blended Rate for Position: | $170.88 | | 30.70 | $5,246.00 |
| | | | | % of Total: 12.10% | % of Total: 4.48% | |
| | Total No. of Billers:  13 | Blended Rate for Report: | $461.64 | | 253.70 | $117,118.50 |

EXHIBIT H

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Falgowski, J | 1.90 | 817.00 |
| Lankford, L | 23.70 | 4,266.00 |
| Raines, L | 35.50 | 17,040.00 |
| Shugrue, J | 17.80 | 10,502.00 |
| Somoza, S | 1.60 | 224.00 |
| | 80.50 | $32,849.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Applications | 80.50 | 32,849.00 |
| | 80.50 | $32,849.00 |

EXHIBIT H
REED SMITH RETENTION/COMPENSATION
Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 03/01/12 Thu | Lankford, L 2261053-9/35 | 0.20 | 0.20 | 36.00 | | | 1 | MATTER NAME: Fee Applications EMAILS WITH J. SHUGRUE REGARDING MONTHLY FEE APPLICATIONS. |
| 03/01/12 Thu | Shugrue, J 2261053-9/37 | 0.20 | 0.20 | 118.00 | | | 1 | MATTER NAME: Fee Applications EMAILS WITH L. LANKFORD REGARDING PREPARATION OF MONTHLY FEE APPLICATION. |
| 03/01/12 Thu | Somoza, S 2261053-9/36 | 0.20 | 0.20 | 28.00 | | | 1 | MATTER NAME: Fee Applications ANALYZED AND CATALOGUED CASE CORRESPONDENCE. |
| 03/05/12 Mon | Lankford, L 2261053-9/38 | 1.00 | 1.00 | 180.00 | | | 1 | MATTER NAME: Fee Applications WORKED ON DRAFTING AND PREPARING RS'S MONTHLY FEE APPLICATION. |
| 03/07/12 Wed | Lankford, L 2261053-9/39 | 1.00 | 1.00 | 180.00 | | | 1 | MATTER NAME: Fee Applications REVISIONS TO RS'S FINAL FEE SPREADSHEET. |
| 03/08/12 Thu | Lankford, L 2261053-9/40 | 0.20 | 0.20 | 36.00 | | | 1 | MATTER NAME: Fee Applications WORKED ON DRAFTING AND PREPARING RS'S MONTHLY FEE APPLICATION. |
| 03/12/12 Mon | Lankford, L 2261053-9/41 | 0.70 | 0.70 | 126.00 | 0.20 0.50 | F F | 1 2 | MATTER NAME: Fee Applications E-MAIL CORRESPONDENCE WITH J. SHUGRUE AND L. RAINES REGARDING RS'S MONTHLY FEE APPLICATION (.2); WORKED ON DRAFTING AND PREPARING SAME (.5). |
| 03/12/12 Mon | Raines, L 2261053-9/42 | 3.40 | 3.40 | 1,632.00 | 3.20 0.20 | F F | 1 2 | MATTER NAME: Fee Applications REVIEWED AND REVISED BANKRUPTCY COURT FEE SUBMISSION (3.2); COMMUNICATIONS WITH J. SHUGRUE AND L. LANKFORD REGARDING FINALIZED INVOICE AND ADDITIONAL PREPARATION OF FEE SUBMISSION (.2). |
| 03/12/12 Mon | Shugrue, J 2261053-9/43 | 0.20 | 0.20 | 118.00 | | | 1 | MATTER NAME: Fee Applications EMAILS WITH L. LANKFORD AND L. RAINES REGARDING PREPARATION OF 36TH MONTHLY FEE APPLICATION. |
| 03/13/12 Tue | Raines, L 2261053-9/44 | 0.50 | 0.50 | 240.00 | | | 1 | MATTER NAME: Fee Applications REVIEWED AND ANALYZED ISSUES RAISED BY FEE AUDITOR REPORT AND NEED TO RESPOND TO SAME, INCLUDING COMMUNICATIONS WITH FEE AUDITOR AS TO TIMING OF RESPONSE. |
| 03/13/12 Tue | Shugrue, J 2261053-9/45 | 1.70 | 1.70 | 1,003.00 | | | 1 | MATTER NAME: Fee Applications ANALYZED FEE EXAMINER'S PRELIMINARY REPORT REGARDING 9TH INTERIM FEE APPLICATION. |
| 03/14/12 Wed | Lankford, L 2261053-9/46 | 0.20 | 0.20 | 36.00 | | | 1 | MATTER NAME: Fee Applications RESEARCH REGARDING RS'S 9TH INTERIM FEE APPLICATION. |

~ See the last page of exhibit for explanation

EXHIBIT H

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 03/14/12 Wed | Raines, L 2261053-9/47 | 1.60 | 1.60 | 768.00 | 0.60 | F | 1 | MATTER NAME: Fee Applications<br>REVIEWED AND ANALYZED FEE AUDITOR REPORT (.6): |
| | | | | | 0.70 | F | 2 | BEGAN REVIEW AND ANALYSIS OF INVOICES SUBMITTED IN CONNECTION WITH 9TH INTERIM FEE APPLICATION AND NEED TO ADDRESS ISSUES RAISED IN FEE AUDITOR REPORT (07); |
| | | | | | 0.30 | F | 3 | REVIEWED ADDITIONAL COMMUNICATIONS WITH J. SHUGRUE AND C. FALGOWSKI REGARDING TIMING AND PREPARATION OF RESPONSE TO FEE AUDITOR REPORT (.3). |
| 03/14/12 Wed | Shugrue, J 2261053-9/48 | 0.80 | 0.80 | 472.00 | 0.30 | F | 1 | MATTER NAME: Fee Applications<br>TELEPHONE CONFERENCE WITH FEE EXAMINER (J. THEIL) REGARDING PRELIMINARY REPORT REGARDING 9TH INTERIM FEE APPLICATION (.3); |
| | | | | | 0.50 | F | 2 | ANALYZED ISSUES RELATED TO SAME IN PREPARATION FOR REPLY TO SAME (.5). |
| 03/15/12 Thu | Falgowski, J 2261053-9/50 | 1.00 | 1.00 | 430.00 | 0.30 | F | 1 | MATTER NAME: Fee Applications<br>REVIEWED FEE AUDITOR REPORT (.3): |
| | | | | | 0.30 | F | 2 | REVIEWED FEE AUDITOR REPORTS FILED IN CASE (.3): |
| | | | | | 0.40 | F | 3 | COMMUNICATIONED WITH J. SHUGRUE REGARDING RESPONSES TO FEE AUDITOR REPORT (.4). |
| 03/15/12 Thu | Lankford, L 2261053-9/49 | 2.30 | 2.30 | 414.00 | 1.70 | F | 1 | MATTER NAME: Fee Applications<br>REVISIONS, CALCULATIONS, ETC. TO RS'S 36TH MONTHLY FEE APPLICATION, DRAFTING CNO'S TO RS'S 12TH INTERIM & 35TH MONTHLY FEE APPLICATIONS (1.7): |
| | | | | | 0.60 | F | 2 | REVISIONS TO RS'S 36TH MONTHLY FEE APPLICATION (.6). |
| 03/15/12 Thu | Shugrue, J 2261053-9/51 | 1.10 | 1.10 | 649.00 | 0.90 | F | 1 | MATTER NAME: Fee Applications<br>ANALYZED AND REVISED 36TH MONTHLY FEE APPLICATION (.9); |
| | | | | | 0.20 | F | 2 | ANALYZED CNOS FOR 35TH MONTHLY, 12TH INTERIN FEE APPLICATIONS (.2). |
| 03/16/12 Fri | Lankford, L 2261053-9/52 | 3.00 | 3.00 | 540.00 | | | 1 | MATTER NAME: Fee Applications<br>DRAFTING FEE APPLICATIONS |
| 03/19/12 Mon | Shugrue, J 2261053-9/53 | 0.20 | 0.20 | 118.00 | | | 1 | MATTER NAME: Fee Applications<br>ANALYZED STATUS OF 36TH MONTHLY FEE AND EXCHANGED EMAILS WITH L. LANKFORD REGARDING SAME. |
| 03/20/12 Tue | Lankford, L 2261053-9/54 | 3.30 | 3.30 | 594.00 | 0.10 | F | 1 | MATTER NAME: Fee Applications<br>E-MAIL CORRESPONDENCE WITH C. FALGOWSKI REGARDING CNO'S TO 35TH MONTHLY & 12TH INTERIM FEE APPLICATIONS AND 36TH MONTHLY FEE APPLICATION (.1); |
| | | | | | 0.20 | F | 2 | E-MAIL CORRESPONDENCE WITH J. SHUGRUE REGARDING SAME (.2); |
| | | | | | 1.40 | F | 3 | DRAFTING RS'S 37TH MONTHLY & 13TH INTERIM FEE APPLICATIONS (1.4): |
| | | | | | 0.80 | F | 4 | REVISIONS TO CNO'S TO 35TH MONTHLY & 12TH INTERIM (.8): |
| | | | | | 0.80 | F | 5 | REVISIONS TO RS'S 36TH MONTHLY FEE APPLICATION (.8). |
| 03/20/12 Tue | Shugrue, J 2261053-9/55 | 0.60 | 0.60 | 354.00 | 0.20 | F | 1 | MATTER NAME: Fee Applications<br>EMAILS WITH L. LANKFORD REGARDING STATUS AND FILING OF 36TH MONTHLY FEE APPLICATION (.2); |
| | | | | | 0.40 | F | 2 | ANALYZED AND BEGAN PREPARING REPLY TO ISSUES RAISED BY FEE AUDITOR REGARDING 9TH QUARTERLY FEE APPLICATION (.4). |
| 03/22/12 Thu | Lankford, L 2261053-9/56 | 0.10 | 0.10 | 18.00 | 0.10 | F | 1 | MATTER NAME: Fee Applications<br>E-MAIL CORRESPONDENCE WITH J. SHUGRUE REGARDING 13TH INTEIRM & 36TH MONTHLY FEE APPLICATIONS (.1). |

~ See the last page of exhibit for explanation

EXHIBIT H

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 03/22/12 Thu | Raines, L 2261053-9/57 | 5.00 | 5.00 | 2,400.00 | 0.70 4.10 0.20 | F F F | 1 2 3 | MATTER NAME: Fee Applications REVIEWED AND ANALYZED FEE AUDITOR REPORT AND CORRESPONDENCE FROM J. SHUGRUE RELATED TO SAME (.7); REVIEWED AND ANALYZED REJECTED TIME ENTRIES AND RESEARCHED PRIOR CORRESPONDENCE AND NOTES IN CONNECTION WITH REVISION OF TIME ENTRY DESCRIPTIONS TO CONFORM WITH FEE AUDITOR REQUIREMENTS (4.1); COMMUNICATIONS WITH J. SHUGRUE REGARDING PREPARATION OF NEXT FEE SUBMISSION AND WORKED ON PREPARATION OF DOCUMENTS NEEDED IN CONNECTION WITH SAME (.2). |
| 03/22/12 Thu | Shugrue, J 2261053-9/58 | 0.40 | 0.40 | 236.00 | 0.20 0.20 | F F | 1 2 | MATTER NAME: Fee Applications ANALYZED AND APPROVED 13TH QUARTERLY FEE APPLICATION (.2); EMAILS WITH L. RAINES REGARDING ADDITIONAL DETAIL TO ADDRESS FEE AUDITOR ISSUES RELATED TO 9TH QUARTERLY FEE APPLICATION (.2). |
| 03/26/12 Mon | Raines, L 2261053-9/59 | 0.30 | 0.30 | 144.00 | | | 1 | MATTER NAME: Fee Applications WORKED ON RESEARCHING, DRAFTING AND PREPARATION OF RESPONSES TO ISSUES/QUESTIONS RAISED BY FEE AUDITOR REPORT AND ANALYZED NEED FOR FOLLOW UP IN CONNECTION WITH SAME. |
| 03/26/12 Mon | Shugrue, J 2261053-9/60 | 2.10 | 2.10 | 1,239.00 | 0.90 1.20 | F F | 1 2 | MATTER NAME: Fee Applications DRAFTED NARRATIVE TEXT FOR 37TH MONTHLY FEE APPLICATION (.9); DRAFTED RESPONSE TO FEE AUDITOR (J. THEIL, STUART MAUE) QUESTIONS/ISSUES RAISED IN PRELIMINARY REPORT ON 9TH INTERIM FEE APPLICATION OF REED SMITH (1.2). |
| 03/27/12 Tue | Raines, L 2261053-9/61 | 0.30 | 0.30 | 144.00 | | | 1 | MATTER NAME: Fee Applications REVIEWED AND ANALYZED PRELIMINARY RESPONSE TO PORTIONS OF FEE AUDITOR REPORT AND CONFERRED WITH J. SHUGRUE REGARDING SAME. |
| 03/27/12 Tue | Shugrue, J 2261053-9/62 | 1.80 | 1.80 | 1,062.00 | | | 1 | MATTER NAME: Fee Applications DRAFTED EMAIL TO FEE AUDITOR (J. THEIL, STUART MAUE) AND ACCOMPANYING MATERIALS RESPONDING TO QUESTIONS AND ISSUES RAISED IN FEE AUDITOR'S PRELIMINARY REPORT CONCERNING 9TH INTERIM FEE APPLICATION OF REED SMITH. |
| 03/28/12 Wed | Lankford, L 2261053-9/63 | 1.50 | 1.50 | 270.00 | | | 1 | MATTER NAME: Fee Applications FINALIZED RS'S 37TH MONTHLY & 13TH INTERIM FEE APPLICATIONS. |
| 03/28/12 Wed | Raines, L 2261053-9/64 | 3.40 | 3.40 | 1,632.00 | | | 1 | MATTER NAME: Fee Applications REVIEWED, REVISED AND FINALIZED MONTH FEE APPLICATION. |
| 03/28/12 Wed | Shugrue, J 2261053-9/65 | 0.30 | 0.30 | 177.00 | | | 1 | MATTER NAME: Fee Applications REVIEWED AND APPROVED FOR FILING 37TH MONTHLY FEE APPLICATION. |
| 03/29/12 Thu | Lankford, L 2261053-9/66 | 1.40 | 1.40 | 252.00 | 0.90 0.50 | F F | 1 2 | MATTER NAME: Fee Applications REVISIONS TO RS'S 13TH INTERIM FEE APPLICATION (.9); RESEARCH REGARDING 10TH INTERIM (.5). |
| 03/29/12 Thu | Raines, L 2261053-9/67 | 2.40 | 2.40 | 1,152.00 | | | 1 | MATTER NAME: Fee Applications FURTHER REVIEW AND ANALYSIS OF RESPONSE TO FEE AUDITOR REPORT AND DRAFTED RESPONSE EXHIBITS TO FEE AUDITOR EXHIBITS F AND G. |
| 03/29/12 Thu | Shugrue, J 2261053-9/69 | 0.20 | 0.20 | 118.00 | | | 1 | MATTER NAME: Fee Applications CONTINUED TO DRAFT RESPONSE TO QUESTIONS/ISSUED RAISED IN FEE AUDITOR'S PRELIMINARY REPORT ON 9TH INTERIM FEE APPLICATION OF REED SMITH. |

~ See the last page of exhibit for explanation

EXHIBIT H

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|------|------|------|------|------|---|---|------|
| 03/29/12 Thu | Somoza, S 2261053-9/68 | 0.80 | 0.80 | 112.00 | | | | MATTER NAME: *Fee Applications* <br> 1 ANALYZED, REVIEWED AND CATALOGUED COURT FILLINGS. |
| 04/02/12 Mon | Raines, L 2269698-9/29 | 4.00 | 4.00 | 1,920.00 | 0.40 <br> 1.90 <br> 0.60 <br> 0.60 <br> 0.50 | F <br> F <br> F <br> F <br> F | 1 <br> 2 <br> 3 <br> 4 <br> 5 | MATTER NAME: *Fee Applications* <br> FURTHER REVIEW AND ANALYSIS OF FEE AUDITOR REPORT (.4); <br> DRAFTED EXHIBITS TO RESPONSE TO FEE AUDITOR REPORT (1.9); <br> REVIEWED AND EDITED EXHIBITS (.6); <br> FURTHER REVIEW AND ANALYSIS OF DRAFT RESPONSE TO FEE AUDITOR REPORT AND REVISIONS TO SAME (.6); <br> EMAILED J. SHUGRUE REGARDING LATEST DRAFT OF RESPONSE AND EXHIBITS AND ISSUES TO FINALIZE SAME (.5). |
| 04/02/12 Mon | Shugrue, J 2269698-9/30 | 0.20 | 0.20 | 118.00 | | | | MATTER NAME: *Fee Applications* <br> 1 ANALYZED ISSUES REGARDING FEE EXAMINER REPORT AND RESPONSE TO SAME. |
| 04/03/12 Tue | Raines, L 2269698-9/31 | 0.90 | 0.90 | 432.00 | | | | MATTER NAME: *Fee Applications* <br> 1 REVIEWED AND ANALYZED UPDATED DRAFT RESPONSE TO FEE AUDITOR'S REPORT AND MADE FINAL REVISIONS TO SAME. |
| 04/03/12 Tue | Shugrue, J 2269698-9/32 | 0.70 | 0.70 | 413.00 | 0.50 <br> 0.20 | F <br> F | 1 <br> 2 | MATTER NAME: *Fee Applications* <br> REVISED, FINALIZED AND TRANSMITTED EMAIL TO FEE EXAMINER REGARDING 9TH INTERIM FEE APPLICATION (.5); <br> ANALYZED SCHEDULE REGARDING FEE EXAMINER REPORT ON 10TH INTERIM FEE APPLICATION (.2). |
| 04/04/12 Wed | Somoza, S 2269698-9/33 | 0.20 | 0.20 | 28.00 | | | | MATTER NAME: *Fee Applications* <br> 1 REVIEWED AND CATALOGUED CASE CORRESPONDENCE. |
| 04/16/12 Mon | Lankford, L 2269698-9/34 | 1.00 | 1.00 | 180.00 | 0.20 <br> 0.80 | F <br> F | 1 <br> 2 | MATTER NAME: *Fee Applications* <br> EMAIL CORRESPONDENCE TO J. SHUGRUE REGARDING RESPONSE DEADLINE TO AUDITOR REPORT FOR 9TH INTERIM (.2); <br> DRAFTED RS'S 38TH MONTHLY FEE APPLICATION (.8). |
| 04/25/12 Wed | Lankford, L 2269698-9/35 | 1.00 | 1.00 | 180.00 | | | | MATTER NAME: *Fee Applications* <br> 1 ORGANIZED MATERIALS FOR AND PREPARED RS'S 38TH MONTHLY FEE APPLICATION. |
| 04/25/12 Wed | Shugrue, J 2269698-9/36 | 0.20 | 0.20 | 118.00 | | | | MATTER NAME: *Fee Applications* <br> 1 ANALYZED COURT ORDER REGARDING 8TH INTERIM FEE APPLICATIONS. |
| 04/27/12 Fri | Shugrue, J 2269698-9/37 | 0.50 | 0.50 | 295.00 | | | | MATTER NAME: *Fee Applications* <br> 1 DRAFTED MATERIAL FOR INCLUSION IN 39TH MONTHLY FEE APPLICATION. |
| 04/30/12 Mon | Lankford, L 2269698-9/38 | 0.20 | 0.20 | 36.00 | | | | MATTER NAME: *Fee Applications* <br> 1 ANALYZED CORRESPONDENCE FROM J. SHUGRUE REGARDING RS'S 39TH MONTHLY FEE APPLICATION. |
| 04/30/12 Mon | Shugrue, J 2269698-9/39 | 0.20 | 0.20 | 118.00 | | | | MATTER NAME: *Fee Applications* <br> 1 ANALYZED SCHEDULE FOR RECEIVING AND RESPONDING TO FEE EXAMINER QUESTIONS/COMMENTS ON 9TH AND 10TH INTERIM FEE APPLICATIONS. |

~ See the last page of exhibit for explanation

EXHIBIT H
REED SMITH RETENTION/COMPENSATION
Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 05/01/12 Tue | Lankford, L 2269698A-9/52 | 0.30 | 0.30 | 54.00 | | | 1 | MATTER NAME: Fee Applications REVIEWED RS'S 38TH MONTHLY FEE APPLICATION. |
| 05/02/12 Wed | Lankford, L 2269698A-9/53 | 0.20 | 0.20 | 36.00 | | | 1 | MATTER NAME: Fee Applications E-MAIL CORRESPONDENCE TO L. RAINES REGARDING REVISED 38TH MONTHLY FEE APPLICATION. |
| 05/02/12 Wed | Raines, L 2269698A-9/54 | 2.80 | 2.80 | 1,344.00 | | | 1 | MATTER NAME: Fee Applications REVIEWED AND ANALYZED 38TH MONTHLY FEE APPLICATION AND REVISED SAME IN PREPARATION FOR FILING WITH BANKRUPTCY COURT. |
| 05/03/12 Thu | Falgowski, J 2269698A-9/55 | 0.50 | 0.50 | 215.00 | 0.40 0.10 | F F | 1 2 | MATTER NAME: Fee Applications REVIEWED FEE AUDITOR'S REPORT (.4); REVIEWED ORDER APPOINTING FEE EXAMINER AND COMMUNICATIONS WITH J. SHUGRUE REGARDING OBJECTION DEADLINE (.1). |
| 05/03/12 Thu | Raines, L 2269698A-9/56 | 1.10 | 1.10 | 528.00 | | | 1 | MATTER NAME: Fee Applications REVIEWED AND ANALYZED 38TH MONTHLY FEE APPLICATION AND REVISED SAME IN PREPARATION FOR FILING OF FEE PETITION. |
| 05/03/12 Thu | Shugrue, J 2269698A-9/57 | 0.20 | 0.20 | 118.00 | | | 1 | MATTER NAME: Fee Applications ANALYZED EMAIL FROM FEE AUDITOR TRANSMITTING PRELIMINARY REPORT ON 10TH INTERIM AND FORWARDED SAME TO L. RAINES, C. FALGOWSKI. |
| 05/04/12 Fri | Lankford, L 2269698A-9/58 | 2.40 | 2.40 | 432.00 | 1.50 0.90 | F F | 1 2 | MATTER NAME: Fee Applications ADDITIONS/REVISION TO RS'S 38TH MONTHLY FEE APPLICATION (1.5); DRAFTED CNOS FOR RS'S 36TH AND 37TH MONTHLY AND 13TH INTERIM FEE APPLICATIONS (.9). |
| 05/04/12 Fri | Shugrue, J 2269698A-9/60 | 0.80 | 0.80 | 472.00 | 0.20 0.40 0.20 | F F F | 1 2 3 | MATTER NAME: Fee Applications ANALYZED AND AUTHORIZED FILING OF CNOS FOR 36TH AND 37TH MONTHLY AND 13TH INTERIM FEE APPLICATIONS (.2); PRELIMINARY ANALYSIS OF FEE EXAMINER'S PRELIMINARY REPORT ON RS 10TH INTERIM FEE APPLICATION (.4); PRELIMINARY ANALYSIS OF DRAFT 38TH MONTHLY FEE APPLICATION (.2). |
| 05/04/12 Fri | Somoza, S 2269698A-9/59 | 0.20 | 0.20 | 28.00 | | | 1 | MATTER NAME: Fee Applications REVIEWED AND CATALOGUED CASE CORRESPONDENCE. |
| 05/07/12 Mon | Lankford, L 2269698A-9/61 | 1.00 | 1.00 | 180.00 | 0.30 0.20 0.50 | F F F | 1 2 3 | MATTER NAME: Fee Applications REVIEWED/FINALIZED CNOS (.3); E-MAIL CORRESPONDENCE WITH J. SHUGRUE REGARDING CNOS & 38TH MONTHLY (.2); REVISIONS TO 38TH MONTHLY (.5). |
| 05/07/12 Mon | Shugrue, J 2269698A-9/62 | 0.70 | 0.70 | 413.00 | 0.40 0.30 | F F | 1 2 | MATTER NAME: Fee Applications ANALYZED AND REVISED 38TH MONTHLY FEE APPLICATION (.4); ANALYZED FEE EXAMINER REPORT REGARDING 10TH INTERIM FEE APPLICATION (.3). |
| 05/08/12 Tue | Falgowski, J 2269698A-9/64 | 0.40 | 0.40 | 172.00 | | | 1 | MATTER NAME: Fee Applications REVIEWED AND REVISED FEE APPLICATIONS FOR FILING WITH COURT. |

~ See the last page of exhibit for explanation

EXHIBIT H

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 05/08/12 Tue | Lankford, L 2269698A-9/63 | 2.00 | 1.40 | 252.00 | 0.90 | F | 1 | MATTER NAME: Fee Applications REVISED AND FINALIZED CNOS TO 36TH & 37TH MONTHLIES AND 13TH INTERIM FEE APPLICATIONS & 38TH MONTHLY FEE APPLICATION (.9); |
| | | | | | 0.50 | F | 2 | DRAFTED RS'S 39TH MONTHLY FEE APPLICATION (.5). |
| 05/16/12 Wed | Raines, L 2269698A-9/65 | 1.40 | 1.40 | 672.00 | | | 1 | MATTER NAME: Fee Applications REVIEWED AND ANALYZED FEE AUDITOR REPORT AND PREPARED RESPONSES TO INQUIRIES IN SAME. |
| 05/21/12 Mon | Raines, L 2269698A-9/66 | 6.70 | 6.70 | 3,216.00 | | | 1 | MATTER NAME: Fee Applications REVIEWED AND ANALYZED LATEST FEE AUDITOR REPORT AND PREPARED DRAFT RESPONSE TO SAME. |
| 05/22/12 Tue | Raines, L 2269698A-9/67 | 1.70 | 1.70 | 816.00 | | | 1 | MATTER NAME: Fee Applications FINALIZED DRAFT RESPONSE TO LATEST FEE AUDITOR REPORT AND EMAILED DRAFT AS WELL AS COMMENTS AND QUESTIONS RELATED TO SAME TO J. SHUGRUE. |
| 05/22/12 Tue | Shugrue, J 2269698A-9/69 | 0.60 | 0.60 | 354.00 | | | 1 | MATTER NAME: Fee Applications ANALYZED ISSUES/QUESTIONS RAISED BY FEE EXAMINER REGARDING 10TH QUARTERLY/INTERIM FEE APPLICATION AND WORKED ON DRAFTING EMAIL RESPONDING TO SAME. |
| 05/22/12 Tue | Somoza, S 2269698A-9/68 | 0.20 | 0.20 | 28.00 | | | 1 | MATTER NAME: Fee Applications REVIEWED AND UPDATED CASE PLEADINGS. |
| 05/23/12 Wed | Lankford, L 2269698A-9/70 | 0.40 | 0.40 | 72.00 | | | 1 | MATTER NAME: Fee Applications REVIEWED CORRESPONDENCE REGARDING RESPONSE DEADLINE TO FEE AUDITOR FOR 10TH INTERIM AND E-MAIL CORRESPONDENCE TO J. SHUGRUE REGARDING 39TH MONTHLY FEE APPLICATION. |
| 05/23/12 Wed | Shugrue, J 2269698A-9/71 | 2.40 | 2.40 | 1,416.00 | | | 1 | MATTER NAME: Fee Applications ANALYZED AND REVISED EMAIL TO FEE EXAMINER REGARDING ISSUES/QUESTIONS RAISED REGARDING 10TH QUARTERLY/INTERIM FEE APPLICATION. |
| 05/24/12 Thu | Shugrue, J 2269698A-9/72 | 1.70 | 1.70 | 1,003.00 | | | 1 | MATTER NAME: Fee Applications ANALYZED, REVISED AND FINALIZED EMAIL TO FEE EXAMINER IN REPLY TO ISSUES/QUESTIONS IN CONNECTION WITH 10TH QUARTERLY/INTERIM FEE APPLICATION. |
| 05/25/12 Fri | Lankford, L 2269698A-9/73 | 0.30 | 0.30 | 54.00 | | | 1 | MATTER NAME: Fee Applications E-MAILS WITH J. SHUGRUE REGARDING RESPONSES TO FEE AUDITORS REPORT FOR 10TH INTERIM. |
| 05/29/12 Tue | Lankford, L 2269698A-9/74 | 0.30 | 0.30 | 54.00 | | | 1 | MATTER NAME: Fee Applications DRAFTED E-MAIL TO J. SHUGRUE REGARDING RS'S 39TH MONTHLY. |
| 05/31/12 Thu | Lankford, L 2269698A-9/75 | 0.30 | 0.30 | 54.00 | | | 1 | MATTER NAME: Fee Applications E-MAIL CORRESPONDENCE TO J. SHUGRUE REGARDING RS'S 39TH MONTHLY. |

~ See the last page of exhibit for explanation

EXHIBIT H

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|-----------|---|-------------|
|      |                 |             | 80.50 | $32,849.00 |       |   |             |

Total

Number of Entries:        70

EXHIBIT H

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Falgowski, J | 1.90 | 817.00 |
| Lankford, L | 23.70 | 4,266.00 |
| Raines, L | 35.50 | 17,040.00 |
| Shugrue, J | 17.80 | 10,502.00 |
| Somoza, S | 1.60 | 224.00 |
| | 80.50 | $32,849.00 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Applications | 80.50 | 32,849.00 |
| | 80.50 | $32,849.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL