IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------x

In re:

TRIBUNE COMPANY et al.,

                         Debtors.

-------------------------------------------------------x

Chapter 11

Case No. 08-13141 (KJC)

(Jointly Administered)

**Hearing Date: (To be determined)**
**Objections Due: January 31, 2013 @ 4:00 p.m.**

## THIRTEENTH INTERIM FEE APPLICATION OF ZUCKERMAN SPAEDER LLP FOR INTERIM APPROVAL AND ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Applicant:  Zuckerman Spaeder LLP

Authorized to Provide Professional Services to:  The Official Committee of Unsecured Creditors

Date of Retention:  August 6, 2009 (Order entered September 3, 2009)

Period for which compensation and
Reimbursement is sought:  September 1, 2012 through November 30, 2012

Amount of Compensation sought
as actual, reasonable and necessary:  $391,002.00

Amount of Expense Reimbursement sought
as actual, reasonable and necessary:  $3,650.72

This is Applicant's Thirteenth Interim Fee Application.  11.30 hours of time were expended during the Application Period in preparation of monthly and interim fee applications, and $7,232.00 is the corresponding compensation request.

| Previous Applications | | Requested | | Approved | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| 1/15/10 | 8/6/09-11/30/09 | $1,262,525.75 | $ 36,386.06 | $ 1,259,242.25 | $ 34,803.77 |
| 4/15/10 | 12/1/09-2/28/10 | $1,000,919.75 | $1,031,725.76 | $ 998,432.25 | $ 1,028,318.80 |
| 7/15/10 | 3/1/10-5/31/10 | $ 579,613.50 | $ 337,176.57 | $ 575,728.00 | $ 336,798.75 |
| 10/15/10 | 6/1/10-8/31/10 | $ 438,551.50 | $ 846,788.23 | $ 438,054.00 | $ 846,762.96 |
| 1/14/11 | 9/1/10-11/30/10 | $ 868,159.25 | $ 559,304.80 | $ 865,866.25 | $ 559,102.80 |
| 4/21/11 | 12/1/10-2/28/11 | $1,251,707.75 | $2,741,330.92 | $ 1,246,958.75 | $ 2,299,209.52 |
| 7/15/11 | 3/1/11-5/31/11 | $1,112,522.00 | $ 111,383.98 | $ 1,101,290.50 | $ 546,085.93 |
| 10/14/11 | 6/1/11-8/31/11 | $ 416,533.75 | $ 19,722.60 | $ 415,823.75 | $ 19,501.46 |
| 1/13/12 | 9/1/11-11/30/11 | $ 277,245.25 | $ 8,317.30 | $ 277,128.25 | $ 8,247.72 |
| 4/13/12 | 12/1/11-2/29/12 | $ 255,367.75 | $ 23,701.64 | $0.00 | $0.00 |
| 7/13/12 | 3/1/12-5/31/12 | $ 291,866.00 | $ 23,462.55 | $0.00 | $0.00 |
| 10/15/12 | 6/1/12-8/31/12 | $ 462,839.00 | $ 14,830.57 | $0.00 | $0.00 |

**ATTACHMENT**

| Name of Professional Person | Position of Applicant | Hourly Billing Rate (incl. changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Graeme W. Bush | Partner, complex business and bankruptcy litigation; admitted 1976 | $875.00 | .90 | $ 787.50 |
| James Sottile | Partner, complex insurance and mass tort litigation; admitted 1986 | $790.00 | 60.10 | $47,479.00 |
| Andrew N. Goldfarb | Partner, bankruptcy and complex litigation; admitted 1996 | $640.00 | 276.90 | $177,216.00 |
| P. Andrew Torrez | Partner, civil litigation; admitted 1997 | $610.00 | 15.40 | $9,394.00 |
| Andrew Caridas | Associate, litigation; admitted 2008 | $375.00 | 5.10 | $1,912.50 |
| Benjamin L. Krein | Senior Staff Attorney, litigation; admitted 2001 | $430.00 | 67.00 | $28,810.00 |
| Keisha N. Stanford | Attorney, litigation, currently pending bar admission | $350.00 | 5.30 | $1,855.00 |
| Kurt M. Reiser | Staff Attorney, litigation; admitted 2005 | $315.00 | 16.70 | $5,260.50 |
| Kimberly Gainey | Staff Attorney, admitted 2006 | $315.00 | 106.40 | $33,516.00 |
| Nina J. Falvello | Staff Attorney, admitted 1993 | $295.00 | 16.20 | $4,779.00 |

| | | | | |
|---|---|---|---|---|
| Sepaass Shahidi | Staff Attorney, admitted 2008 | $290.00 | 107.80 | $31,262.00 |
| Janet M. Braunstein | Paralegal, 21 years | $310.00 | 3.40 | $1,054.00 |
| Jer-Wei (Jay) Chen | Paralegal, 9th year | $280.00 | 5.80 | $1,624.00 |
| Lisa Gehlbach | Paralegal, 7th year | $280.00 | 45.80 | $12,824.00 |
| Alexander Ross Smith | Paralegal, 22 years | $275.00 | 7.00 | $1,925.00 |
| Patrick Schmidt | Litigation Support Manager | $270.00 | 3.90 | $1,053.00 |
| Ashley C. Voss | Director of Litigation Support | $225.00 | 48.10 | $10,822.50 |
| Afton B. Hodge | Paralegal, 5th year | $220.00 | 87.40 | $19,228.00 |
| Ray Caling | Litigation Support Analyst, 8 years | $200.00 | 1.00 | $ 200.00 |
| | | | | |

Grand Totals:  880.20 hours and $391,002.00
Blended Rate:  $444.22 per hour
(excluding non-working travel time)

4

## COMPENSATION BY PROJECT CATEGORY

| MATTER | | TOTAL HOURS | TOTAL AMOUNT |
|--------|--|-------------|--------------|
| 0001 | Bank Claims | 868.90 | $  383,770.00 |
| 0002 | Retention/Fee Applications | 11.30 | $    7,232.00 |
| | Totals: | 880.20 | $391,002.00 |

## ITEMIZED EXPENSES

EXPENSES

| | | | |
|---|---|---|---|
| Taxi Service and Parking | | $ | 29.00 |
| Miscellaneous Expenses – Meals | | $ | 10.95 |
| Couriers | | | .0 |
| Express Delivery – | FEDEX | $ | 82.00 |
| | Urban Express | $ | 13.12 |
| E-Discovery | | | .0 |
| | DTI Skyline | $ | 88.55 |
| | Processing and Conversion to TIFF | $ | 3,103.10 |
| | CD/DVD Creation | $ | 40.00 |
| Telephone Conferencing – SoundPath | | $ | 78.79 |
| In-house Photocopy | | $ | 79.90 |
| Postage | | $ | 125.31 |
| | TOTAL EXPENSES | $ | 3,650.72 |

## NARRATIVE

Pursuant to 11 U.S.C. §§ 330 and 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, the law firm of Zuckerman Spaeder LLP ("Zuckerman") hereby moves this Court for an order awarding it reasonable compensation with respect to the above-captioned chapter 11 cases for professional legal services rendered as special counsel to the Official Committee of Unsecured Creditors (the "Committee") in the amount of $391,002.00 together with reimbursement for actual and necessary expenses incurred in the amount of $3,650.72 for the period September 1, 2012, through and including November 30, 2012 (the "Application Period"), and respectfully represents as follows:

1.      Pursuant to an Order entered by this Court on September 3, 2009 (Docket No. 2088) (the "Retention Order"), Zuckerman was employed under a general retainer to serve as special counsel to the Committee in connection with these chapter 11 cases, effective as of August 6, 2009. The Retention Order authorized Zuckerman to be compensated on an hourly basis and to be reimbursed for the actual and necessary out-of-pocket expenses that it incurred.

2.      During the Application Period, Zuckerman has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with this case. There is no agreement or understanding between Zuckerman and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in this case.

3.      This Thirteenth Interim Application seeks compensation for fees of $391,002.00

and reimbursement of expenses of $3,650.72 incurred during the Application Period.  In accordance with the factors enumerated in 11 U.S.C. § 330, the amount requested is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

## SUMMARY OF SERVICES RENDERED

4.      During the Application Period, Zuckerman provided services to the Committee and worked closely with the Committee's general bankruptcy counsel and with other parties supporting the Debtor/Committee/Lender proposed plan of reorganization (the "DCL Plan"). The time detail for professional services provided by Zuckerman to the Committee during the Application Period is divided by matter and set forth on Exhibit A to Zuckerman's relevant monthly applications (Docket Nos. 10945, 11087, and 11309).  The primary services provided by matter are generally described below.

5.      LBO Adversary Proceedings.  During the Application Period, Zuckerman represented and communicated with the Committee, its general bankruptcy counsel as well as with other primary parties concerning *FitzSimons* adversary proceeding (Adv. Proc. No. 10-54010) against directors and officers, advisors, and former shareholders of Tribune, relating to the failed 2007 leveraged buyout transaction (the "LBO").  *FitzSimons* was transferred to the multidistrict litigation proceeding in New York (the "MDL") in March 2012 (as Member Case No. 12-2652).

8

6.      During the Application Period, Zuckerman performed substantial work for the Committee in *FitzSimons* on a range of projects. Among other things, in connection with Delaware counsel Landis, Rath & Cobb ("LRC"), Zuckerman continued to pursue discovery in *FitzSimons* to identify shareholder defendants who received proceeds in the LBO (the "Shareholder Defendants"), and to serve such defendants. Zuckerman coordinated with counsel for the other plaintiffs in the MDL cases, the Noteholders and the Retirees, and amended the *FitzSimons* complaint to (i) reflect the additionally discovered Shareholder Defendants, (ii) dismiss intentional fraudulent transfer claims against individually named Shareholder Defendants who received less than $50,000 in LBO proceeds, and (iii) make clarifying textual changes to the Complaint. Zuckerman also worked with counsel for the other MDL plaintiffs to issue a settlement proposal to Shareholder Defendants, then coordinated the effort to draft and enter settlements with dozens of potential settling parties. In anticipation of the Effective Date of the DCL Plan, Zuckerman also reviewed documents to meet its obligations under the agreement with the successor *FitzSimons* plaintiff, the Litigation Trust, relating to the transfer of documents, information and privileges. Zuckerman also worked with the DCL Plan Proponents and other MDL plaintiffs to reach a stipulation on treatment of certain claims involving Morgan Stanley.

7.      Retention/Fee Applications. During the Application Period, Zuckerman prepared and filed four monthly fee applications and one interim fee application.

## DISBURSEMENTS

8.      Zuckerman's list of out-of-pocket disbursements during the Application Period

contains categories of charges, including, among other things, facsimile charges, mail and

express mail charges, deposition and hearing transcripts, special or hand delivery charges,

document processing, photocopying charges, charges for mailing supplies (including, without

limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass

mailings, parking and expenses for "working meals." The expense detail is set forth on Exhibit

B to Zuckerman's relevant monthly fee applications.

9.      Zuckerman represents that its rate for duplication is $0.10 per page, its effective

rate for outgoing facsimile transmissions is $1.00 per page (excluding related long distance

transmission charges), there is no charge for incoming facsimile transmissions, and there is no

surcharge for computerized research.

WHEREFORE, Zuckerman requests that the Court enter an order allowing Zuckerman

$391,002.00 in fees compensation and $3,650.72 for reimbursement of expenses incurred during

the Application Period, and granting Zuckerman such other and further relief as is just.

Dated: January 11, 2013
     Washington, DC

**ZUCKERMAN SPAEDER LLP**

Graeme W. Bush
James Sottile
Andrew N. Goldfarb
1800 M Street, Suite 1000
Washington, DC 20036
Telephone: (202) 778-1800
Facsimile: (202) 822-8106

*Counsel to the Official Committee
of Unsecured Creditors*

## VERIFICATION

Andrew N. Goldfarb, after being duly sworn according to law, deposes and says:

1.    I am a partner with the applicant firm, Zuckerman Spaeder LLP.  I am a member

of the bars of the District of Columbia (admitted 1997), California (admitted

2005), and New York (admitted 1996).

2.    I have personally performed the legal services rendered by Zuckerman Spaeder

LLP as special counsel to the Committee and am thoroughly familiar with all

work performed on behalf of the Committee.

3.    The facts set forth in the foregoing Application are true and correct to the best of

my knowledge, information and belief.

Executed on January 11, 2013 in Washington, D.C.

_____
Andrew N. Goldfarb

12