## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, et al.,[1]

Reorganized Debtors.

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

## FEE EXAMINER'S FINAL REPORT REGARDING THE FOURTEENTH QUARTERLY FEE APPLICATION OF MCDERMOTT WILL & EMERY LLP

Stuart Maue (the **"Fee Examiner"**) submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the **"Fee Examiner Order"**) in connection with the *Fourteenth Quarterly Fee Application of McDermott Will & Emery LLP as Special Counsel to Debtors for Domestic Legal*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (5621); KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

*Matters, for Allowance of Compensation and Reimbursement of Expenses for the Period March 1, 2012 Through May 31, 2012* [Docket No. 12051] (the **"Fee Application"**).   The Fee Application seeks approval of fees that total $1,083,788.90 and reimbursement of expenses that total $40,068.00 for the period from March 1, 2012 through May 31, 2012.   McDermott Will & Emery LLP (**"McDermott"**) serves as Special Counsel to the Debtors for Domestic Legal Matters.

## Background

1.      On December 8, 2008 (the **"Petition Date"**), Tribune Company and its listed subsidiaries and affiliates (each a **"Debtor"** and collectively the **"Debtors"**) filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.   On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2.      On December 26, 2008, the Debtors filed the *Application for an Order Authorizing Debtors to Employ and Retain McDermott Will & Emery LLP as Special Counsel for General Domestic Legal Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to the Petition Date* [Docket No. 141] (the **"Retention Application"**).   By order dated March 12, 2009 [Docket 511], this Court approved the retention of McDermott (the **"Retention Order"**).

3.      McDermott submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the **"Interim Compensation Order"**).

## Applicable Standards

4.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.      The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the

time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

7.      A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.      The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to McDermott for review and comment. The firm submitted a written response to the Fee Examiner. After evaluation and consideration of the additional information provided by McDermott, the Fee Examiner submits this Final Report for the Court's consideration. This Final Report is in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of the applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and will also

-4-

inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

## DISCUSSION OF FINDINGS

### Technical Requirements

9.    **Reconciliation of Fees and Expenses.**   The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application (**"Fees Requested"** and **"Expenses Requested"**) to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm (**"Fees Computed"** and **"Expenses Computed"**). The Fee Examiner determined that the Fees Requested exceeded the Fees Computed by $232.50, resulting in an apparent overcharge. The discrepancy was the result of task hours within several entries that do not equal the time billed for the entry as a whole, as displayed in **Exhibit A** to the Preliminary Report. The firm agreed with the Fee Examiner's calculation, which results in a fee reduction of $232.50. Exhibit A has been omitted from the Final Report.

The Fee Examiner notes that McDermott has provided a 20% discount with respect to the fees associated with the matter "2009 Audit" for the March 2012 application. This report is based on the fees computed by the Fee Examiner after adjusting hourly billing rates to reflect the discount.

The Fee Examiner further determined that, based on the expense detail provided, the Expenses Computed total $40,077.60. The Expenses Computed ($40,077.60) exceeded the Expenses Requested ($40,068.00) by $9.60, resulting in an apparent undercharge. The expense discrepancy is the result of expense detail provided which does not sum to the amounts displayed in the summaries attached to the Application, as was displayed in **Exhibit B** to the Preliminary Report. The firm agreed with the Fee Examiner's calculation, which results in an expense

reimbursement increase of $9.60. Exhibit B has been omitted from the Final Report. The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

10.     **Block Billing.**[2]  The Local Rules provide that "[a]ctivity descriptions shall not be lumped - each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*.  The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[3]  The Delaware Bankruptcy Court has found that time entries that generally only combine work on one issue, and a conference/communication with the client or opposing counsel on the same issue, while technically blocked billing, will not be objectionable.[4] McDermott block billed entries totaling 110.50 hours and $88,776.00 in associated fees. The entries were displayed in **Exhibit C**[5] to the Preliminary Report.  However, none of the block

---

[2] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

[3] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g., In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g., In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

[4] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

[5] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

billed entries were objectionable under the precedent established by this Court. Exhibit C has been omitted from the Final Report.

11. **Time Increments.** The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*. The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*. Billing in greater than 0.10 hour increments is a practice that lends itself to the potential of increased rounding of time, thereby increasing the likelihood the reported time may be inflated. It is a practice widely criticized by courts and legal scholars and is typically prohibited by sophisticated consumers of legal services.

The Fee Examiner observed that one timekeeper continued to bill in half-hour time increments billing 80% of her fee entries in half-hour time increments. This percentage calls into question whether the timekeeper is accurately and contemporaneously recording her time. **Exhibit D** to the Preliminary Report displays the timekeeper's time entries, totaling 6.50 hours with $4,322.50 in associated fees. The Fee Examiner requested that McDermott comment on the billing practice and accuracy of this timekeeper's entries.

In response, McDermott first stated that it instructs all timekeepers to record their time in 0.10 hour time increments, and not to round up their time. Additionally, the firm confirmed the accuracy and veracity of the timekeeper's billing entries, and that they were billed in 0.10 hour increments. Based on the firm's verification, no recommendation for a fee reduction will be made at this time, and Exhibit D is omitted from this Report.

## Review of Fees

12. **Firm Staffing.** The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time,

-7-

[an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*.  The Fee Application provided the names, positions, and hourly rates of the 55 McDermott professionals and paraprofessionals who billed to this matter, consisting of 29 partners, 1 counsel, 7 associates, 1 corporate professional, 1 senior staff attorney, 3 staff attorneys, 2 technology personnel (1 technology project manager and 1 manager litigation technology), 3 paralegals, and 8 contract attorneys.[6]  A summary of hours and fees billed by each timekeeper is displayed in **Exhibit E**.

The firm billed a total of 1,781.20 hours with associated fees of $1,083,556.40.[7]  The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 1,000.20 | 56% | $  831,647.60 | 77% |
| Counsel | 6.50 | * | 4,322.50 | * |
| Associate | 442.20 | 25% | 189,158.50 | 17% |
| Corporate Professional | 1.00 | * | 375.00 | * |
| Senior Staff Attorney | 86.40 | 5% | 16,934.40 | 2% |
| Staff Attorney | 112.80 | 6% | 22,383.20 | 2% |
| Technology Personnel | 4.20 | * | 1,079.20 | * |
| Paralegal | 30.40 | 2% | 7,906.00 | * |
| Contract Attorney | 97.50 | 5% | 9,750.00 | * |
| **TOTAL** | 1,781.20 | 100% | $1,083,556.40 | 100% |

* Less than 1%

The blended hourly rate[8] for the McDermott professionals is $644.71 and the blended hourly rate for professionals and paraprofessionals is $608.33.

---

[6] The Fee Examiner has classified the timekeepers billing at a rate of $100.00/hour as Contract Attorneys rather than "Staff Attorney" as stated in the Application.

[7] This amount reflects the Fees Computed after adjustment of the rates to reflect the 20% discount.

13. **Hourly Rate Increases.** McDermott did not increase the hourly rates of timekeepers during this interim period.

14. **Timekeepers' Roles.** A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*. With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.        Thirty-four McDermott timekeepers billed less than ten entries in this fee period. A large number of timekeepers with limited roles raises concerns as to whether or not the matter is being staffed efficiently. Most timekeepers appeared to perform core team responsibilities necessary to the engagement or discrete activities that did not appear to be duplicative of the activities of other timekeepers. However, the Fee Examiner requested additional information regarding the necessity and scope of the roles performed by several McDermott timekeepers. **Exhibit F** to the Preliminary Report listed the questioned fee entries, totaling 6.20 hours with associated fees of $4,266.00.

McDermott responded by providing additional information regarding the roles and activities of each of the questioned timekeepers, which explained that each of the questioned activities were necessary and not duplicative. Exhibit F is omitted from this Report.

15. **Meetings, Conferences, Hearings, and Other Events.** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*. While it may be appropriate to have multiple attendees at

---

[8] The blended hourly rates reflect the 20% discount.

some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more McDermott timekeepers attended the same meeting, conference, hearing, or other event. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 95.30 hours with $79,801.00 in associated fees, were displayed in **Exhibit G** to the Preliminary Report. In each instance where multiple timekeepers attended a meeting, conference, hearing or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference). The potentially duplicative and unnecessary timekeepers' entries totaled 56.10 hours with $45,203.00 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response to the Preliminary Report, McDermott provided the Fee Examiner with a lengthy and detailed explanation of the specific subject matter and purpose of the meetings in question, as well as the role of the various participants. The extensive detail satisfies the requirements of the Local Rules and UST Guidelines, and after analysis of the same, the Fee Examiner makes no recommendation for a related fee reduction. Exhibit G has been omitted from the Final Report.

16.     **Intraoffice Conferences.**     Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel.

-10-

The Fee Examiner identified billing activities by McDermott timekeepers describing intraoffice conferences totaling 62.65 hours with $39,087.10 in associated fees, or approximately 4% of the Fees Computed. The conferences were displayed in **Exhibit H** to the Preliminary Report. The Fee Examiner observed that in certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference. The entries describing intraoffice conferences invoiced by two or more firm personnel totaled 30.00 hours with $19,762.70 in associated fees and were highlighted in bold and marked with an ampersand [&] in the Exhibit. The Fee Examiner requested that McDermott strive to eliminate unnecessary intraoffice conferencing, and further requested the firm provide an explanation for the necessity of more than one participant billing for the same intraoffice conference as identified in the Exhibit.

In response, McDermott provided a detailed explanation as to the necessity and appropriateness of the questioned conferences. The firm also verified that it continues to monitor the level of intraoffice conferences and that it encourages its timekeepers to work efficiently in order to keep such intraoffice conferences to the minimum amount necessary to accomplish the specific task. After due consideration of the firm's informative response, the Fee Examiner makes no recommendation for a fee reduction. Exhibit H has been omitted from this Report.

17. **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and

-11-

that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.

      a.    **Vague Communications.** The Fee Examiner identified several entries, totaling 2.00 hours with $1,695.00 in associated fees, in which a conference or other communication were not described with sufficient detail. This lack of detail hinders a reviewer's ability to determine the reasonableness and necessity of the activity, and is in clear violation of the applicable guidelines. The entries were displayed in **Exhibit I** to the Preliminary Report.

      The Fee Examiner asked the firm to bring the entries into compliance by providing the missing subject matter and/or participant information from the communications. In response, the firm provided a list which contained additional detail for each of the questioned communications. The additional detail provided the missing participant and/or subject matter information, which brought the entries into compliance with the Local Rules and UST Guidelines. As such, no fee reduction is appropriate. Exhibit I is omitted from this report.

      b.    **Other Vague Tasks.** The Fee Examiner reviewed the substantive detail of each billing entry and identified other entries where the Fee Examiner could not determine the precise nature of the services performed by the timekeeper. The entries were displayed in **Exhibit J** to the Preliminary Report and totaled 9.40 hours with $6,224.40 in associated fees. As reflected in the Local Rules and UST Guidelines, billing entries must adequately describe the services actually performed to allow a determination of whether the task was staffed

appropriately, whether the task involved the exercise of legal judgment, and/or whether the task was duplicated by other timekeepers.[9]

        The Fee Examiner requested the firm clarify the entries displayed in the exhibit to avoid a fee reduction. In response to the Preliminary Report, the firm provided a list that contained additional detail for each of the task descriptions in question. The additional information brought the entries into compliance with the Local Rules and UST Guidelines and, accordingly, the Fee Examiner makes no recommendation for a fee reduction. Exhibit J has been omitted from this Report.

18.    **Administrative Activities.** Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The Fee Examiner did not identify any administrative fee entries.

19.    **Clerical Activities.** Clerical activities do not require legal acumen, and may be effectively performed by administrative assistants, secretaries, or support personnel. Similar to administrative activities, clerical activities are generally not billable and are considered to be part of the firm's overhead. In the 3rd Circuit, however, some clerical and non-clerical activities may be compensable at a rate commensurate with the level of expertise or knowledge typically found to be necessary to complete the task. The questioned entries were displayed in **Exhibit K** to the Preliminary Report, which totaled 4.80 hours with $1,504.40 in associated fees. In response, McDermott stated that some of the time was not clerical in nature and that the activities required the professional's knowledge of the legal work being performed and legal acumen. The firm did, however, agree that the work was partially clerical in nature. McDermott and the Fee Examiner

---

[9] Vague entries do not allow the court to determine the reasonableness and necessity of the effort expended, and fees may be denied or reduced when insufficiently documented. *E.g., In re Bennett Funding, Inc.*, 213 B.R. 234, 245-46 (Bankr. N.D.N.Y. 1997). Entries for legal research must identify the issue and explain the research need. *In re Fibermark, Inc.*, 349 B.R. 385, 397 (Bankr. D. Vt. 2006).

reached a compromise wherein the firm agreed to reduce its fees in the amount of $752.20. No additional fee reduction is warranted and Exhibit K is omitted from this Report.

20.    **Travel.** The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. McDermott timekeepers did not bill any fees for travel.

21.    **McDermott Retention/Compensation.** McDermott billed 123.60 hours with associated fees of $57,779.00 to prepare the firm's applications for compensation, approximately 5% of the Fees Computed. The fee entries describing McDermott's retention/compensation activities are displayed in **Exhibit L**, which is included in the Final Report for the Court's reference.

## Review of Expenses

22.    **Itemization of Expenses.** The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the charge, if available." *Local Rule 2016-2(e)(i-ii)*.    The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*. McDermott provided an itemization for the firm

-14-

expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

23.     **Photocopies.**  The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii)*.  McDermott stated in the Application that it "charged the Debtors the maximum permitted amount of $0.10 per page."

24.     **Computer Hosting Fees.**  McDermott requested reimbursement for computer hosting fees totaling $31,677.70, which were displayed in **Exhibit M** to the Preliminary Report. In the firm's response to the preliminary report for the prior period, McDermott stated: "Specifically, the Computer Hosting Fee represents a charge of $8.50 per gigabyte, per month, for the duration that the data is stored by McDermott and used with its review platform software. The per gigabyte charge includes a profit above cost, but represents a lower cost compared to using a third-party vendor."  The Fee Examiner requested McDermott provide the basis for its statement. McDermott provided the Fee Examiner with the basis that was requested, which more than verified the firm's statement.  No expense reduction is recommended or warranted. Exhibit M is omitted from this Report.

25.     **Vaguely Described Travel Expenses.**  McDermott requested reimbursement for the out-of-town travel expenses displayed in **Exhibit N** to the Preliminary Report.  The Fee Examiner requested a detailed itemization for these charges including the type of charges incurred (airfare, lodging, etc.) and the amount of each charge.  With regard to meals, the Fee Examiner also requested that McDermott provide information regarding the type of meal (breakfast, lunch, or dinner) and the number of attendees for the meal expense.  The Fee Examiner has recommended and the Court has followed certain per person ceilings for meals incurred during travel (i.e. breakfast - $15.00, lunch - $25.00, and dinner - $50.00).  With regard

-15-

to lodging, the Fee Examiner further requested that McDermott provide information regarding the number of nights. The Fee Examiner has recommended and the Court has followed a domestic lodging ceiling of $350.00 per night. McDermott provided the information requested, and after reviewing the same the Fee Examiner does not recommend a related expense reduction. Exhibit N has been omitted from the Final Report.

26. **Overtime Expenses.** McDermott requested reimbursement of overtime transportation totaling $19.00, as was displayed in **Exhibit O** to the Preliminary Report. Although a firm may have a policy that personnel may be reimbursed for travel home when working late, such charges are generally considered part of the firm's overhead. In response, McDermott agreed to waive the expense item in question, but stated it had already been paid for the expense. Accordingly, the firm agreed to reduce its next monthly fee statement's expense reimbursement request by $19.00. Exhibit O is omitted from this Report.

27. **Administrative Support.** McDermott requested reimbursement of administrative support in the amount of $100.00. The Fee Examiner requested that McDermott provide a detailed explanation for the expenses displayed in **Exhibit P** to the Preliminary Report, including the purpose and necessity of the charge. McDermott agreed to waive the expense item in question, but stated it had already been paid for the expense. Accordingly, the firm agreed to reduce its next monthly fee statement's expense reimbursement request by $100.00. Exhibit P has been omitted from this Report.

## CONCLUSION

The Fee Examiner submits this final report regarding the Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $1,082,804.20 ($1,083,788.90 minus $984.70) and reimbursement of expenses in the amount of $39,958.60 ($40,068.00 plus $9.60 minus $119.00) for the period from March 1, 2012 through May 31, 2012. The findings are set forth in the summary on the following page.

**MCDERMOTT WILL & EMERY LLP**

**SUMMARY OF FINDINGS**

**Fourteenth Quarterly Fee Application (March 1, 2012 through May 31, 2012)**

**A.    Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $1,083,788.90 | |
| Expenses Requested | 40,068.00 | |
| **TOTAL FEES AND EXPENSES REQUESTED** | | $1,123,856.90 |
| Fees Computed | $1,083,556.40 | |
| Expenses Computed | 40,077.60 | |
| **TOTAL FEES AND EXPENSES COMPUTED** | | $1,123,634.00 |
| Discrepancy in Fees | $    232.50 | |
| Discrepancy in Expenses | (9.60) | |
| **TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES** | | $    222.90 |

**B.    Recommended Fee Allowance and Expense Reimbursement**

| | | |
|---|---|---|
| Fees Requested | $1,083,788.90 | |
| *Agreed Reduction for Discrepancy in Fees* | | *($232.50)* |
| *Agreed Reduction for Clerical Activities* | | *(752.20)* |
| Subtotal | | *($984.70)* |
| **RECOMMENDED FEE ALLOWANCE** | | $1,082,804.20 |
| Expenses Requested | $40,068.00 | |
| *Discrepancy in Expenses* | | *$    9.60* |
| *Agreed Reduction for Overtime Expenses* | | *(19.00)* |
| *Agreed Reduction for Administrative Support* | | *(100.00)* |
| Subtotal | | *($109.40)* |
| **RECOMMENDED EXPENSE REIMBURSEMENT** | | 39,958.60 |
| **TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT** | | $1,122,762.80 |

Respectfully submitted,

**STUART MAUE**

By: _____

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri 63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 11th day of January, 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Blake D. Rubin, Esq.
McDermott Will & Emery LLP
600 13th Street N.W.
Washington, DC 20005-3096

_____
John F. Theil, Esq.

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

### COMPUTED AT STANDARD RATES

**McDermott, Will & Emery**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|----------|------|----------|-------------|-------------|----------------|---------------|
| 0342 | Rubin, Blake D. | PARTNER | $796.00 | $995.00 | 262.30 | $253,943.90 |
| 0343 | Whiteway, Andrea M. | PARTNER | $708.00 | $885.00 | 231.70 | $199,726.80 |
| 0344 | Finkelstein, Jon G. | PARTNER | $765.00 | $765.00 | 127.80 | $97,767.00 |
| 803 | Compernolle, Paul J. | PARTNER | $820.00 | $820.00 | 68.10 | $55,842.00 |
| 4378 | Greenhouse, Robin L. | PARTNER | $720.00 | $900.00 | 53.00 | $42,876.00 |
| 1551 | Gruemmer, Brooks B. | PARTNER | $840.00 | $840.00 | 35.10 | $29,484.00 |
| 6395 | Harris, Ryan D. | PARTNER | $640.00 | $640.00 | 44.70 | $28,608.00 |
| 8311 | Lin, Christopher | PARTNER | $595.00 | $595.00 | 46.70 | $27,786.50 |
| 7142 | Gordon, Amy M. | PARTNER | $725.00 | $725.00 | 34.20 | $24,795.00 |
| 1086 | Wilder, Michael J. | PARTNER | $780.00 | $780.00 | 31.60 | $24,648.00 |
| 8422 | Hazan, Nava | PARTNER | $645.00 | $645.00 | 16.90 | $10,900.50 |
| 1668 | Goldman, Eugene | PARTNER | $880.00 | $880.00 | 10.10 | $8,888.00 |
| 5642 | Graham, Michael T. | PARTNER | $640.00 | $640.00 | 9.00 | $5,760.00 |
| 5705 | Mikulina, Jennifer M. | PARTNER | $620.00 | $620.00 | 5.60 | $3,472.00 |
| 9626 | Pawlow, Jean A. | PARTNER | $732.00 | $732.00 | 4.70 | $3,440.40 |
| 1511 | Steele, Heidi | PARTNER | $695.00 | $695.00 | 3.40 | $2,363.00 |
| 2810 | Merten, William W. | PARTNER | $820.00 | $820.00 | 2.70 | $2,214.00 |
| 0340 | Karch, Gary | PARTNER | $935.00 | $935.00 | 2.00 | $1,870.00 |
| 1112 | Mirsky, Ira B. | PARTNER | $645.00 | $645.00 | 2.30 | $1,483.50 |
| 1401 | Pechette, Jean | PARTNER | $665.00 | $665.00 | 1.80 | $1,197.00 |
| 5842 | White, Matthew K. | PARTNER | $835.00 | $835.00 | 1.00 | $835.00 |
| 3010 | Ward, Thomas P. | PARTNER | $810.00 | $810.00 | 1.00 | $810.00 |
| 4955 | Doyle, Linda | PARTNER | $750.00 | $750.00 | 1.00 | $750.00 |
| 9465 | Boyles, Jonathan J. | PARTNER | $620.00 | $620.00 | 0.90 | $558.00 |
| 8981 | Turney, Andrew T. | PARTNER | $560.00 | $560.00 | 0.80 | $448.00 |
| 2812 | Peters Schaefer, Susan | PARTNER | $820.00 | $820.00 | 0.50 | $410.00 |
| 7418 | Johnson, Brett | PARTNER | $500.00 | $500.00 | 0.80 | $400.00 |
| 298 | Schreck Jr., Robert A. | PARTNER | $850.00 | $850.00 | 0.30 | $255.00 |
| 6832 | Holdvogt, Jeffrey M. | PARTNER | $580.00 | $580.00 | 0.20 | $116.00 |

**EXHIBIT E**

### SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL
### COMPUTED AT STANDARD RATES

**McDermott, Will & Emery**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| | No. of Billers for Position: 29 | Blended Rate for Position: | $831.48 | | 1,000.20 | $831,647.60 |
| | | | | | % of Total: 56.15% | % of Total: 76.75% |
| 1504 | O'Brien, Maureen | COUNSEL | $665.00 | $665.00 | 6.50 | $4,322.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $665.00 | | 6.50 | $4,322.50 |
| | | | | | % of Total: 0.36% | % of Total: 0.40% |
| 0664 | Parker, Cole | ASSOCIATE | $365.00 | $365.00 | 129.80 | $47,377.00 |
| 0676 | Kopacz, Gregory A. | ASSOCIATE | $435.00 | $435.00 | 107.00 | $46,545.00 |
| 1242 | Blair-Stanek, Andrew | ASSOCIATE | $435.00 | $435.00 | 97.80 | $42,543.00 |
| 0109 | Chan, Gale E. | ASSOCIATE | $500.00 | $500.00 | 77.30 | $38,650.00 |
| 9085 | McCurry, Patrick J. | ASSOCIATE | $400.00 | $500.00 | 22.70 | $10,510.00 |
| 9945 | Tiemann, Brian J. | ASSOCIATE | $435.00 | $435.00 | 4.10 | $1,783.50 |
| 1911 | Neville, David R. | ASSOCIATE | $500.00 | $500.00 | 3.50 | $1,750.00 |
| | No. of Billers for Position: 7 | Blended Rate for Position: | $427.77 | | 442.20 | $189,158.50 |
| | | | | | % of Total: 24.83% | % of Total: 17.46% |
| 2334 | Schafman, Beverly | CORP PROFES | $375.00 | $375.00 | 1.00 | $375.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $375.00 | | 1.00 | $375.00 |
| | | | | | % of Total: 0.06% | % of Total: 0.03% |
| 0831 | Newgard, Brant A. | SR STAFF ATTY | $196.00 | $196.00 | 86.40 | $16,934.40 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $196.00 | | 86.40 | $16,934.40 |
| | | | | | % of Total: 4.85% | % of Total: 1.56% |
| 1914 | LeBeau, Nicole | STAFF ATTORNEY | $196.00 | $245.00 | 68.60 | $13,715.10 |
| 1918 | McElhaney, Quinton | STAFF ATTORNEY | $196.00 | $245.00 | 40.70 | $7,982.10 |
| 2029 | Patel, Niraj A. | STAFF ATTORNEY | $196.00 | $196.00 | 3.50 | $686.00 |

**EXHIBIT E**

# SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL
## COMPUTED AT STANDARD RATES
### McDermott, Will & Emery

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | | FEES COMPUTED | |
|---|---|---|---|---|---|---|---|---|
| | No. of Billers for Position: 3 | Blended Rate for Position: | $198.43 | | | 112.80 | | $22,383.20 |
| | | | | | % of Total: | 6.33% | % of Total: | 2.07% |
| 2014 | Louks, Martha K. | TECH PERSONNEL | $224.00 | $375.00 | | 2.70 | | $665.20 |
| 9566 | Skowron, David R. | TECH PERSONNEL | $276.00 | $276.00 | | 1.50 | | $414.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $256.95 | | | 4.20 | | $1,079.20 |
| | | | | | % of Total: | 0.24% | % of Total: | 0.10% |
| 2804 | Kladis, Ann | PARALEGAL | $265.00 | $265.00 | | 16.90 | | $4,478.50 |
| 5799 | Smith, Tracy | PARALEGAL | $250.00 | $250.00 | | 10.00 | | $2,500.00 |
| 2362 | Alexander, Shawn L. | PARALEGAL | $265.00 | $265.00 | | 3.50 | | $927.50 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $260.07 | | | 30.40 | | $7,906.00 |
| | | | | | % of Total: | 1.71% | % of Total: | 0.73% |
| 2159 | Whiters, Dolores | CONTRACT ATTY | $100.00 | $100.00 | | 14.90 | | $1,490.00 |
| 2477 | Hoskin, LaKeith | CONTRACT ATTY | $100.00 | $100.00 | | 13.70 | | $1,370.00 |
| 2205 | Canela, Yoaldena | CONTRACT ATTY | $100.00 | $100.00 | | 12.80 | | $1,280.00 |
| 2628 | Andrepont, Carolyn C. | CONTRACT ATTY | $100.00 | $100.00 | | 12.70 | | $1,270.00 |
| 2731 | Teuber, Roger B. | CONTRACT ATTY | $100.00 | $100.00 | | 12.20 | | $1,220.00 |
| 1959 | Lewis, Garth | CONTRACT ATTY | $100.00 | $100.00 | | 11.80 | | $1,180.00 |
| 2510 | Jones, Adolphus | CONTRACT ATTY | $100.00 | $100.00 | | 11.40 | | $1,140.00 |
| 3001 | Wierenga, Louis | CONTRACT ATTY | $100.00 | $100.00 | | 8.00 | | $800.00 |
| | No. of Billers for Position: 8 | Blended Rate for Position: | $100.00 | | | 97.50 | | $9,750.00 |
| | | | | | % of Total: | 5.47% | % of Total: | 0.90% |
| | Total No. of Billers: 55 | Blended Rate for Report: | $608.33 | | | 1,781.20 | | $1,083,556.40 |

EXHIBIT L

MCDERMOTT RETENTION/COMPENSATION

McDermott, Will & Emery

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Hazan, N | 15.00 | 9,675.00 |
| Kopacz, G | 107.00 | 46,545.00 |
| Rubin, B | 1.30 | 1,293.50 |
| Whiteway, A | 0.30 | 265.50 |
| | 123.60 | $57,779.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Chapter 11 Restructuring | 123.60 | 57,779.00 |
| | 123.60 | $57,779.00 |

EXHIBIT L  PAGE 1 of  8

EXHIBIT L
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 03/01/12 Thu | Kopacz, G 2370648/1 | 0.90 | 0.90 | 391.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring WORK ON JANUARY FEE APPLICATION. |
| 03/02/12 Fri | Kopacz, G 2370648/7 | 2.30 | 2.30 | 1,000.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring WORK ON JANUARY FEE APPLICATION. |
| 03/07/12 Wed | Kopacz, G 2370648/19 | 2.40 | 2.40 | 1,044.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring WORK ON JANUARY FEE APPLICATION. |
| 03/13/12 Tue | Hazan, N 2370648/28 | 1.00 | 0.90 | 580.50 | 0.90 0.10 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring REVIEW FEE EXAMINER FINAL REPORT (EIGHTH QUARTERLY FEE APPLICATION) (.9); DISCUSS SAME WITH G. KOPACZ TO DETERMINE HOW TO REFLECT REDUCTIONS (.1). |
| 03/14/12 Wed | Hazan, N 2370648/30 | 1.10 | 1.10 | 709.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW FEE EXAMINER PRELIMINARY REPORT (9TH QUARTERLY FEE APPLICATION). |
| 03/19/12 Mon | Kopacz, G 2370648/37 | 1.70 | 1.70 | 739.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW AND EDIT FEBRUARY PRE-BILLS TO ENSURE COMPLIANCE WITH APPLICABLE GUIDELINES. |
| 03/20/12 Tue | Kopacz, G 2370648/39 | 5.40 | 5.40 | 2,349.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW AND EDIT FEBRUARY PRE-BILLS TO ENSURE COMPLIANCE WITH APPLICABLE GUIDELINES. |
| 03/21/12 Wed | Hazan, N 2370648/42 | 0.60 | 0.60 | 387.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW AND CORRECT JANUARY 2012 FEE STATEMENT. |
| 03/21/12 Wed | Kopacz, G 2370648/41 | 4.40 | 4.40 | 1,914.00 | 1.30 0.50 2.60 | F F F | 1 2 3 | MATTER NAME: Chapter 11 Restructuring EMAIL NUMEROUS ATTORNEYS REGARDING CLARIFICATION OF VARIOUS TIME ENTRIES WITH RESPECT TO FEBRUARY TIME ENTRIES (1.3); INCORPORATE COMMENTS OF SAME INTO TIME ENTRIES (.5); WORK ON JANUARY FEE APPLICATION (2.6). |
| 03/22/12 Thu | Kopacz, G 2370648/45 | 0.70 | 0.70 | 304.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring ATTENTION TO JANUARY FEE APPLICATION AND FEE EXAMINER REPORT. |
| 03/23/12 Fri | Kopacz, G 2370648/48 | 3.00 | 3.00 | 1,305.00 | 1.60 1.40 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring WORK ON JANUARY FEE APPLICATION (1.6); ATTENTION TO FEE EXAMINER REPORT REGARDING NINTH QUARTERLY FEE APPLICATION (1.4). |
| 03/26/12 Mon | Hazan, N 2370648/50 | 0.50 | 0.50 | 322.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring DISCUSS RESPONSES TO QUESTIONS FROM FEE EXAMINER (9TH PRELIMINARY REPORT) WITH G. KOPACZ. |

~ See the last page of exhibit for explanation

EXHIBIT L  PAGE 2 of 8

EXHIBIT L

MCDERMOTT RETENTION/COMPENSATION

McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 03/26/12 Mon | Kopacz, G 2370648/49 | 8.40 | 8.40 | 3,654.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>WORK ON RESPONSE TO FEE EXAMINER REPORT. |
| 03/27/12 Tue | Kopacz, G 2370648/53 | 3.20 | 3.20 | 1,392.00 | 0.10<br>0.20<br>0.10<br>2.80 | F<br>F<br>F<br>F | 1<br>2<br>3<br>4 | MATTER NAME: Chapter 11 Restructuring<br>COMMUNICATIONS WITH SECRETARY REGARDING PREPARING FEBRUARY PRE-BILLS (.1);<br>REVIEW WORK OF SECRETARY REGARDING SAME (.2);<br>EMAIL ATTORNEYS REGARDING CLARIFICATION OF CERTAIN TIME ENTRIES (.1);<br>ATTENTION TO RESPONSE TO FEE EXAMINER REPORT (2.8). |
| 03/28/12 Wed | Hazan, N 2370648/57 | 0.80 | 0.80 | 516.00 | 0.60<br>0.20 | F<br>F | 1<br>2 | MATTER NAME: Chapter 11 Restructuring<br>CORRECT PORTIONS OF RESPONSE TO EXAMINER REPORT (.6);<br>DISCUSS QUESTIONS OF EXAMINER WITH G. KOPACZ (.2). |
| 03/28/12 Wed | Kopacz, G 2370648/56 | 3.70 | 3.70 | 1,609.50 | 0.40<br>3.10<br>0.20 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: Chapter 11 Restructuring<br>VARIOUS COMMUNICATIONS WITH ATTORNEYS CLARIFYING CERTAIN TIME ENTRIES FOR THE FEBRUARY FEE APPLICATION (.4);<br>WORK ON RESPONSE TO FEE EXAMINER REPORT (3.1);<br>REVISE JANUARY FEE APPLICATION BASED ON COMMENTS OF B. RUBIN (.2). |
| 03/29/12 Thu | Hazan, N 2370648/61 | 2.00 | 2.00 | 1,290.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW AND CORRECT RESPONSE TO EXAMINER REPORT (9TH). |
| 03/29/12 Thu | Kopacz, G 2370648/60 | 5.20 | 5.20 | 2,262.00 | 0.80<br><br>0.40<br>0.50<br><br>0.30<br>3.20 | F<br><br>F<br>F<br><br>F<br>F | 1<br><br>2<br>3<br><br>4<br>5 | MATTER NAME: Chapter 11 Restructuring<br>EMAIL VARIOUS ATTORNEYS REQUESTING CLARIFICATION WITH RESPECT TO TIME ENTRIES IN RESPONSE TO THE FEE EXAMINER'S 9TH PRELIMINARY REPORT (.8);<br>INCORPORATE COMMENTS OF SAME INTO RESPONSE TO FEE EXAMINER REPORT (.4);<br>VARIOUS COMMUNICATIONS WITH DISCOVERY CENTER WITH RESPECT TO FEE EXAMINER'S QUERY REGARDING CERTAIN EXPENSES (.5);<br>REVISE PRE-BILLS FOR FEBRUARY FEE APPLICATION BASED ON CLARIFYING COMMENTS OF ATTORNEYS (.3);<br>CONTINUE WORKING ON RESPONSE TO FEE EXAMINER REPORT (3.2). |
| 03/30/12 Fri | Hazan, N 2370648/66 | 2.00 | 0.60 | 387.00 | 0.60<br>1.40 | F<br>F | 1<br>2 | MATTER NAME: Chapter 11 Restructuring<br>DISCUSS REVISIONS AND COMMENTS TO RESPONSE TO EXAMINER PRELIMINARY REPORT WITH G. KOPACZ (0.60),<br>REVIEW REVISED REPORT (1.40). |
| 03/30/12 Fri | Kopacz, G 2370648/65 | 3.90 | 3.90 | 1,696.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>WORK ON RESPONSE TO FEE EXAMINER REPORT. |
| 04/02/12 Mon | Kopacz, G 2380794/1 | 1.20 | 1.20 | 522.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>WORK ON RESPONSE TO THE FEE EXAMINER'S 9TH PRELIMINARY REPORT. |
| 04/09/12 Mon | Kopacz, G 2380794/23 | 1.20 | 1.20 | 522.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW AND EDIT MARCH PREBILLS TO ENSURE COMPLIANCE WITH APPLICABLE GUIDELINES. |
| 04/10/12 Tue | Kopacz, G 2380794/31 | 6.20 | 6.20 | 2,697.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>REVISE MARCH PREBILLS TO ENSURE COMPLIANCE WITH APPLICABLE GUIDELINES. |

~ See the last page of exhibit for explanation

EXHIBIT L  PAGE 3 of 8

EXHIBIT L
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| 04/11/12 Wed | Hazan, N 2380794/38 | 2.10 | 2.10 | 1,354.50 | 0.60 1.50 | F F | *MATTER NAME: Chapter 11 Restructuring* 1  CORRECT TIME ENTRIES FOR PRE-BILLS WITH G. KOPACZ (0.60). 2  REVIEW FINAL RESPONSE TO EXAMINER REPORT (1.50). |
| 04/11/12 Wed | Kopacz, G 2380794/37 | 5.60 | 5.60 | 2,436.00 | 0.60 4.60 0.40 | F F F | *MATTER NAME: Chapter 11 Restructuring* 1  MEETING WITH N. HAZAN REGARDING JANUARY PRE-BILLS (.6): 2  WORK ON FEBRUARY FEE APPLICATION (4.6): 3  WORK ON RESPONSE TO FEE EXAMINER REPORT (.4). |
| 04/12/12 Thu | Hazan, N 2380794/46 | 0.80 | 0.80 | 516.00 | 0.60 0.20 | F F | *MATTER NAME: Chapter 11 Restructuring* 1  REVIEW AND CORRECT FEBRUARY FEE STATEMENT (0.60). 2  REVIEW INVOICE FOR EXPENSES TO EXPLAIN IN RESPONSE TO EXAMINER (0.20). |
| 04/12/12 Thu | Kopacz, G 2380794/45 | 2.60 | 2.60 | 1,131.00 | 1.90 0.30 0.40 | F F F | *MATTER NAME: Chapter 11 Restructuring* 1  WORK ON FEBRUARY FEE APPLICATION (1.9): 2  INCORPORATE COMMENTS OF N. HAZAN INTO FEBRUARY FEE APPLICATION (.3): 3  INCORPORATE COMMENTS OF N. HAZAN INTO RESPONSE TO FEE EXAMINER'S 9TH QUARTERLY REPORT (.4). |
| 04/13/12 Fri | Kopacz, G 2380794/52 | 0.10 | 0.10 | 43.50 | | F | *MATTER NAME: Chapter 11 Restructuring* 1  INCORPORATE COMMENTS OF ATTORNEYS INTO MARCH PRE-BILLS. |
| 04/17/12 Tue | Hazan, N 2380794/67 | 0.30 | 0.30 | 193.50 | 0.20 0.10 | F F | *MATTER NAME: Chapter 11 Restructuring* 1  REVIEW PROPOSED ORDER REGARDING 8TH QUARTERLY FEE APPLICATION AND CONFIRM AMOUNT OF FEES AND EXPENSES FOR MWE (0.20). 2  EMAIL EXCHANGE WITH G. KOPACZ AND B. RUBIN REGARDING FILING OF FEBRUARY FEE STATEMENT AND RESPONSE TO EXAMINER REPORT (0.10). |
| 04/17/12 Tue | Kopacz, G 2380794/66 | 3.10 | 3.10 | 1,348.50 | 0.50 0.40 0.30 1.90 | F F F F | *MATTER NAME: Chapter 11 Restructuring* 1  REVISE FEBRUARY FEE APPLICATION BASED ON COMMENTS OF B. RUBIN AND PREPARE SAME FOR FILING (.5): 2  PREPARE RESPONSE TO FEE EXAMINER'S NINTH PRELIMINARY REPORT FOR FILING (.4): 3  ATTENTION TO EMAIL FROM LOCAL COUNSEL REGARDING 8TH QUARTERLY FEE APPLICATION ORDER (.3): 4  WORK ON THIRTEENTH QUARTERLY FEE APPLICATION (1.9). |
| 04/17/12 Tue | Rubin, B 2380794/70 | 3.90 | 0.90 | 895.50 | 0.90 2.30 0.70 | F F F | *MATTER NAME: Chapter 11 Restructuring* 1  REVIEW AND COMMENT ON FEE APPLICATIONS (.9): 2  REVIEW AND EDIT DRAFT OPINION AND SUPPORTING MEMORANDUM (2.3): 3  CORRESPONDENCE WITH CLIENT REGARDING OPEN ISSUES (.7). |
| 04/18/12 Wed | Kopacz, G 2380794/71 | 5.60 | 5.60 | 2,436.00 | | F | *MATTER NAME: Chapter 11 Restructuring* 1  WORK ON 13TH QUARTERLY FEE APPLICATION. |
| 04/19/12 Thu | Hazan, N 2380794/77 | 0.70 | 0.70 | 451.50 | | F | *MATTER NAME: Chapter 11 Restructuring* 1  REVIEW AND CORRECT 13TH QUARTERLY FEE APPLICATION. |
| 04/19/12 Thu | Kopacz, G 2380794/76 | 2.40 | 2.40 | 1,044.00 | 2.10 0.20 0.10 | F F F | *MATTER NAME: Chapter 11 Restructuring* 1  WORK ON 13TH QUARTERLY FEE APPLICATION (2.1): 2  COMMUNICATIONS WITH SECRETARY REGARDING UP-COMING HEARING (.2): 3  EMAIL LOCAL COUNSEL AND TEAM REGARDING JANUARY CNO (.1). |

~  See the last page of exhibit for explanation

EXHIBIT L  PAGE 4 of  8

EXHIBIT L
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 04/23/12 Mon | Kopacz, G 2380794/89 | 0.20 | 0.20 | 87.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>EMAIL B. RUBIN REGARDING DECEMBER CNO. |
| 04/24/12 Tue | Kopacz, G 2380794/93 | 0.40 | 0.40 | 174.00 | 0.10<br>0.30 | F<br>F | 1<br>2 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW HEARING AGENDA REGARDING FEE APPLICATION (.1);<br>EMAIL TO B. RUBIN REGARDING ORDER ENTERED REGARDING SAME (.3). |
| 04/26/12 Thu | Kopacz, G 2380794/104 | 0.10 | 0.10 | 43.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>ATTENTION TO ISSUES REGARDING HEARING ON 9TH AND 10TH QUARTERLY FEE APPLICATIONS. |
| 04/30/12 Mon | Hazan, N 2380794/118 | 1.30 | 1.30 | 838.50 | 0.10<br>1.20 | F<br>F | 1<br>2 | MATTER NAME: Chapter 11 Restructuring<br>EMAIL EXCHANGE WITH DEBTORS' COUNSEL RE PRELIMINARY REPORT FOR 10TH INTERIM FEE APPLICATION (0.10);<br>REVIEW 10TH INTERIM FEE APPLICATION AND EXHIBITS (1.20). |
| 04/30/12 Mon | Kopacz, G 2380794/117 | 0.10 | 0.10 | 43.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>ATTENTION TO EMAIL REGARDING PRELIMINARY REPORT OF THE FEE EXAMINER: COMMUNICATIONS WITH N. HAZAN REGARDING SAME. |
| 05/02/12 Wed | Kopacz, G 2392469/5 | 1.10 | 1.10 | 478.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>WORK ON RESPONSE TO FEE EXAMINER'S 10TH QUARTERLY REPORT. |
| 05/04/12 Fri | Kopacz, G 2392469/16 | 0.10 | 0.10 | 43.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>COMMUNICATIONS WITH M. SIMONS REGARDING QUARTERLY FEE APPLICATION. |
| 05/07/12 Mon | Kopacz, G 2392469/22 | 5.20 | 5.20 | 2,262.00 | 1.50<br>0.90<br>2.80 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: Chapter 11 Restructuring<br>DRAFT EMAILS TO ATTORNEYS REQUESTING CLARIFICATION WITH RESPECT TO TIME ENTRIES QUESTIONED IN THE FEE EXAMINER'S 10TH PRELIMINARY REPORT (1.5);<br>INCORPORATE COMMENTS OF SAME INTO RESPONSE TO 10TH PRELIMINARY REPORT (.9);<br>WORK ON RESPONDING TO ISSUES RAISED IN PRELIMINARY REPORT (2.8). |
| 05/08/12 Tue | Hazan, N 2392469/26 | 0.40 | 0.40 | 258.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW AND CORRECT TIME ENTRIES FOR RESPONSE TO EXAMINER PRELIMINARY REPORT. |
| 05/08/12 Tue | Kopacz, G 2392469/25 | 4.70 | 4.70 | 2,044.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>WORK ON RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT FOR THE TENTH QUARTERLY PERIOD. |
| 05/10/12 Thu | Hazan, N 2392469/32 | 0.40 | 0.40 | 258.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>CORRECT TIME ENTRIES IN RESPONSE TO EXAMINER QUESTIONS. |
| 05/10/12 Thu | Kopacz, G 2392469/31 | 2.70 | 2.70 | 1,174.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>WORK ON RESPONSE TO FEE EXAMINER REPORT. |

~ See the last page of exhibit for explanation

EXHIBIT L  PAGE 5 of 8

EXHIBIT L

MCDERMOTT RETENTION/COMPENSATION

McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 05/11/12 Fri | Kopacz, G 2392469/34 | 0.10 | 0.10 | 43.50 | | F | 1 | *MATTER NAME: Chapter 11 Restructuring*<br>EMAIL B. RUBIN REGARDING FEBRUARY CNO. |
| 05/14/12 Mon | Kopacz, G 2392469/35 | 2.30 | 2.30 | 1,000.50 | 0.80 | F | 1 | *MATTER NAME: Chapter 11 Restructuring*<br>WORK ON RESPONSE TO FEE EXAMINER REPORT (.8); |
| | | | | | 0.50 | F | 2 | EMAIL ATTORNEYS REQUESTING CLARIFICATION REGARDING CERTAIN TIME ENTRIES (.5); |
| | | | | | 0.80 | F | 3 | INCORPORATING COMMENTS OF ATTORNEYS REGARDING SAME (.8); |
| | | | | | 0.20 | F | 4 | COMMUNICATIONS WITH BILLING DEPARTMENT REGARDING CERTAIN EXPENSES INCONNECTION WITH RESPONSE TO FEE EXAMINER REPORT (.2). |
| 05/14/12 Mon | Whiteway, A 2392469/37 | 3.10 | 0.30 | 265.50 | 1.90 | F | 1 | *MATTER NAME: Chapter 11 Restructuring*<br>LEGAL RESEARCH REGARDING TAX ISSUES RAISED BY RESTRUCTURING AT EMERGENCE (1.9); |
| | | | | | 0.90 | F | 2 | REVIEW BANKRUPTCY AMENDED FILINGS (.9); |
| | | | | | 0.30 | F | 3 | RESPOND TO FEE EXAMINER INQUIRY (.3). |
| 05/15/12 Tue | Kopacz, G 2392469/38 | 1.10 | 1.10 | 478.50 | | F | 1 | *MATTER NAME: Chapter 11 Restructuring*<br>WORK ON RESPONSE TO THE FEE EXAMINER REPORT. |
| 05/15/12 Tue | Rubin, B 2392469/41 | 2.10 | 0.40 | 398.00 | 0.40 | F | 1 | *MATTER NAME: Chapter 11 Restructuring*<br>REVIEW AND EDIT WORKPLAN (.4); |
| | | | | | 0.40 | F | 2 | CORRESPONDENCE WITH CO-COUNSEL REGARDING RESPONSE TO FEE EXAMINER ISSUES (.4); |
| | | | | | 1.30 | F | 3 | RESEARCH AND ANALYSIS REGARDING POSSIBLE TRANSACTION (1.3). |
| 05/17/12 Thu | Kopacz, G 2392469/47 | 0.40 | 0.40 | 174.00 | | F | 1 | *MATTER NAME: Chapter 11 Restructuring*<br>WORK ON RESPONSE TO FEE EXAMINER REPORT. |
| 05/18/12 Fri | Kopacz, G 2392469/52 | 0.40 | 0.40 | 174.00 | 0.10 | F | 1 | *MATTER NAME: Chapter 11 Restructuring*<br>EMAIL W. MERTEN REGARDING TIME ENTRIES (.1); |
| | | | | | 0.30 | F | 2 | EMAIL BILLING DEPARTMENT REGARDING EXPENSES REFERENCED IN THE FEE EXAMINER'S REPORT (.3). |
| 05/23/12 Wed | Kopacz, G 2392469/64 | 7.90 | 7.90 | 3,436.50 | | F | 1 | *MATTER NAME: Chapter 11 Restructuring*<br>WORK ON RESPONSE TO FEE EXAMINER REPORT. |
| 05/24/12 Thu | Hazan, N 2392469/70 | 2.50 | 2.50 | 1,612.50 | | F | 1 | *MATTER NAME: Chapter 11 Restructuring*<br>REVIEW AND CORRECT RESPONSE TO EXAMINER REPORT (10TH QUARTERLY). |
| 05/24/12 Thu | Kopacz, G 2392469/69 | 5.70 | 5.70 | 2,479.50 | 3.80 | F | 1 | *MATTER NAME: Chapter 11 Restructuring*<br>REVISE APRIL PRE-BILLS TO ENSURE COMPLIANCE WITH APPLICABLE GUIDELINES (3.8); |
| | | | | | 1.90 | F | 2 | WORK ON RESPONSE TO FEE EXAMINER REPORT (1.9). |
| 05/25/12 Fri | Kopacz, G 2392469/75 | 1.30 | 1.30 | 565.50 | | F | 1 | *MATTER NAME: Chapter 11 Restructuring*<br>REVISE APRIL PRE-BILLS TO ENSURE COMPLIANCE WITH APPLICABLE GUIDELINES. |

~ See the last page of exhibit for explanation

EXHIBIT L  PAGE 6 of  8

EXHIBIT L
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
| | | | 123.60 | $57,779.00 | | | |
| Total | | | | | | | |
| Number of Entries: | 57 | | | | | | |

EXHIBIT L  PAGE 7 of  8

EXHIBIT L

MCDERMOTT RETENTION/COMPENSATION

McDermott, Will & Emery

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Hazan, N | 15.00 | 9,675.00 |
| Kopacz, G | 107.00 | 46,545.00 |
| Rubin, B | 1.30 | 1,293.50 |
| Whiteway, A | 0.30 | 265.50 |
| | 123.60 | $57,779.00 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Chapter 11 Restructuring | 123.60 | 57,779.00 |
| | 123.60 | $57,779.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL

EXHIBIT L  PAGE 8 of  8