# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>Objection Date: January 31, 2013 at 4:00 p.m.<br>Hearing Date: TBD<br>Related to Docket Nos. 12637, 12763 and 13031 |

## FIFTH QUARTERLY FEE APPLICATION OF SNR DENTON US LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD OF SEPTEMBER 1, 2012 THROUGH NOVEMBER 30, 2012

| | |
|---|---|
| Name of Applicant: | **SNR Denton US LLP** |
| Authorized to Provide<br>Professional Services to: | **Debtors** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Date of Retention: December 12, 2011 (<u>nunc pro tunc</u> to November 1, 2011)[2]

Period for Which Compensation and Reimbursement is Sought: September 1, 2012 through November 30, 2012

Amount of compensation sought as actual, reasonable and necessary: $100,996.00[3]

Amount of Expense Reimbursement sought as actual, reasonable and necessary: $1,031.10

This is a(n):  ____ monthly   _X_ interim   ____ final application

Prior Interim Fee Applications:

| | | Requested | | | Approved | |
|---|---|---|---|---|---|---|
| Quarter | Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| 1st | 1/13/12 | 11/1/2011-11/30/2011 | $45,335.00 | $548.90 | $45,335.00 | $548.90 |
| 2nd | 4/13/12 | 12/1/2011-2/29/2012 | $187,584.00 | $1,497.91 | Pending | Pending |
| 3rd | 7/13/12 | 3/1/2012-5/31/2012 | $122,178.00 | $1,724.50 | Pending | Pending |
| 4th | 10/15/12 | 6/1/2012-8/31/2012 | $121,972.00 | $1,296.07 | Pending | Pending |

---

[2] As further explained herein, SNR Denton US LLP was originally retained by the Debtors as an Ordinary Course Professional pursuant to the Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business (D.I. 227) (the "OCP Order").

[3] Due to the Debtors' request for reductions in connection with SNR Denton's August 2012 invoices (specifically, a reduction of Invoice No. 1413902 in the amount of $57.50 and a reduction of Invoice No. 1413906 in the amount of $345.00) following SNR Denton's filing of a monthly fee application for August 2012, SNR Denton agreed to deduct a total of $402.50 from the amount requested as part of its September 2012 fee application. Thus, the total amount of fees requested during this Fifth Interim Compensation Period has been reduced by $402.50 accordingly.

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[4]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>Objection Date: January 31, 2013 at 4:00 p.m.<br>Hearing Date: TBD<br>Related to Docket Nos. 12637, 12763 and 13031 |

## FIFTH QUARTERLY FEE APPLICATION OF SNR DENTON US LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FOR THE PERIOD OF SEPTEMBER 1, 2012 THROUGH NOVEMBER 30, 2012

SNR Denton US LLP ("SNR Denton"), as special counsel to the Debtors for certain

litigation and transactional matters, hereby respectfully submits this Fifth Quarterly Fee

Application of SNR Denton US LLP for Allowance of Compensation for Services Rendered and

---

[4] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Reimbursement of Expenses as Special Counsel to the Debtors for the Period of September 1, 2012 through November 30, 2012 (the "Application") pursuant to 11 U.S.C. §§ 327, 331 and 503, Federal Rule of Bankruptcy Procedure 2016, Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (D.I. 225) (the "Administrative Order"), the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Application (the "Fee Examiner Order") and the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses promulgated by the Executive Office of the United States Trustees pursuant to 28 U.S.C. § 586(a)(3)(A). By this Application, SNR Denton seeks interim approval and payment of compensation for legal services performed and expenses incurred during the period commencing September 1, 2012 through November 30, 2012 (the "Fifth Interim Fee Period"). In support hereof, SNR Denton respectfully represents the following:

### I.    FACTUAL BACKGROUND

1.  On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Court").

2.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

2

46429/0001-9172510V1

3.      On December 18, 2008, the Office of the United States Trustee for the District of Delaware (the "UST") appointed the Official Committee of Unsecured Creditors.

4.      On December 26, 2008, the Debtors filed the Motion for an Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code [D.I. 148] (the "OCP Motion"). In the OCP Motion, the Debtors sought approval of this Court to employ and retain certain ordinary course professionals to provide services to the Debtors as necessary for the day-to-day operations of the Debtors' businesses on terms substantially similar to those in effect prior to the Petition Date. Exhibit A to the OCP Motion contained a list of such ordinary course professionals sought to be retained by the Debtors, including SNR. On January 15, 2009, this Court granted the OCP Order approving procedures for the employment, retention, and compensation of the ordinary course professionals. [D.I. 227.]

5.      On November 23, 2011, the Debtors filed an application for an order authorizing the employment and retention of SNR Denton as special counsel for certain First Amendment, publishing, outsourcing and other litigation and transactional matters pursuant to §§ 327(e) and 1107 of the Bankruptcy Code, *nunc pro tunc* to November 1, 2011 [D.I. 10295.] (the "Special Counsel Application"). The Special Counsel Application was filed for the limited purpose of converting SNR Denton's retention by the Debtors under this Court's OCP Order into a retention pursuant to Sections 327(e) and 1103 of the Bankruptcy Code, given that SNR Denton had exceeded the applicable monthly cap on its services under the OCP Order for multiple consecutive months, and that the Debtors expected that SNR Denton would continue to exceed that monthly cap on a regular basis in the future.

3

6. On December 12, 2011, this Court entered an order approving the Special Counsel Application and authorizing the Debtors to employ SNR Denton as special counsel to the Debtors for certain litigation and transactional matters in these cases *nunc pro tunc* to November 1, 2011 [D.I. 10422] (the "Retention Order").

## II. PROCEDURAL BACKGROUND FOR THE APPLICATION

7. The Administrative Order and the Fee Examiner Order (together, the "Fee Orders"), provide that all professionals retained in these cases pursuant to Sections 327, 328 or 1103 of the Bankruptcy Code (the "Case Professionals") must file with the Court and provide to the Fee Examiner, monthly applications for interim allowance of compensation for services rendered and reimbursement of expenses incurred, together with the time entries and itemized expenses (a "Monthly Fee Application"). The notice parties (the "Notice Parties") specified the Fee Orders have twenty days after service of a Monthly Fee Application to object to such Monthly Fee Application (the "Objection Deadline"). Upon expiration of the Objection Deadline, the Case Professional must certify in writing to the Debtors that no objection or partial objection has been filed with the Court related to that professional's Monthly Fee Application, whichever is applicable, whereupon the Debtors are authorized to pay such professional an amount equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application or (ii) 80% of the fees and 100% of the expenses subject to an objection.

8. Pursuant to the procedures set forth in the Fee Orders, SNR Denton previously prepared, filed with the Court, and served upon the Notice Parties and the Fee Examiner Monthly Fee Applications for the months of September 2012, October 2012 and November 2012.

4

Accordingly, SNR Denton has submitted all of its Monthly Fee Applications as Special Counsel for the Debtors' chapter 11 cases for this Fifth Interim Fee Period.

9.  In addition to the Monthly Fee Applications, all Case Professionals must file with the Court and serve on the Notice Parties interim applications for allowance and compensation and reimbursement of expenses for the amounts sought in the Monthly Fee Applications filed during such period (a "Quarterly Fee Application Request"). The Quarterly Fee Application Requests must include a summary of the Monthly Fee Applications that are subject to the request and any other information requested by the Court or required by the Local Rules. This Application represents the Fifth Quarterly Fee Application Request that SNR Denton has filed with the Court in connection with these chapter 11 cases. There is no agreement between SNR Denton and any other party for the sharing of compensation to be received for the services rendered by SNR Denton to the Debtors. All professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of the Debtors.

### III.   SERVICES RENDERED

10.  SNR Denton served as special counsel to the Debtors with respect to various First Amendment, publishing, outsourcing and other litigation and transactional matters (collectively, the "Tribune Matters"). The Tribune Matters on which SNR Denton currently represents the Debtors include, for example, the representation of one or more of the Debtors in connection with defamation lawsuits, the representation of one or more of the Debtors in connection with a contract dispute and providing one or more of the Debtors with legal advice on editorial and publication issues.

11.  A breakdown of the total hours expended by each professional on all matters and a breakdown of amounts sought by each matter category covered herein are included as part of

5

Exhibit A to this Application, as required by Local Rule 2016-2. A detailed description of the services provided to the Debtors are incorporated herein by reference to the Monthly Fee Applications for September 2012, October 2012 and November 2012 that have been filed with the Court. The following is a summary of the activities performed by SNR Denton's professionals and paralegals during the Fifth Interim Fee Period (which covers September 2012, October 2012 and November 2012), organized by project category.

> A.  **Bruce Smith (09721775-0005/ Invoice Nos. 1420295, 1427488, and 1437686).** During the Fifth Interim Fee Period, SNR Denton defended the Debtors in a defamation action, including by drafting a motion for substitution of judge, attending hearings, drafting and filing a motion to dismiss, successfully arguing a motion to dismiss in court, and analyzing a notice of appeal.
>
> B.  **Roberto Rivera (09721775-0007/ Invoice Nos. 1420296, 1427489, and 1437687).** During the Fifth Interim Fee Period, SNR Denton defended a Tribune reporter in a defamation lawsuit brought by a public official, including by drafting and filing a summary judgment motion, drafting an affidavit, appearing in court on status and motions, and arguing the summary judgment motion successfully in court.
>
> C.  **Cheryl Naedler (09721775-0009/ Invoice Nos. 1418941, 1427490, and 1437688).** During the Fifth Interim Fee Period, SNR Denton met with opposing counsel and the client to discuss settlement options and resolved this matter.
>
> D.  **Ordinance Violation re Advertising (09721775-0078/ Invoice Nos. 1418942, 1427492 and 1437689).** During the Fifth Interim Fee Period, SNR Denton defended Tribune in a citation for distribution of materials, including by communicating with the City of Chicago and client regarding alleged ordinance violations, attending a hearing, and drafting proposed next steps.
>
> E.  **Christopher Buchanan (20010074-0001/ Invoice Nos. 1418945, 1427497, and 1437696).** During the Fifth Interim Fee Period, SNR Denton defended a defamation claim brought by a plaintiff, including by preparing for depositions and defending depositions.
>
> F.  **Chicago Tribune Editorial - General (09721775-1003/ Invoice Nos. 1420297, 1427494, and 1437693).** During the Fifth Interim Fee Period, SNR Denton provided legal advice and vetted review to the Debtors with respect to their publications

6

G. **Eddie Johnson (09721775-0018/ Invoice No. 1427491).** During the Fifth Interim Fee Period, SNR Denton reviewed recent decisions regarding public figures.

H. **Valassis Direct Mail, Inc. (09721775-0079/ Invoice Nos. 1427493 and 1437690).** During the Fifth Interim Fee Period, SNR Denton provided legal advice with respect to an alleged breach of contract regarding a Renewal Agreement, including by analyzing a settlement proposal, preparing a declaratory judgment complaint and conducting research and analysis in connection with the complaint.

I. **Potential Litigation Over Contract Dispute (09721775-0074/ Invoice No. 1437691).** During the Fifth Interim Fee Period, SNR Denton defended the Debtors with respect to a potential breach of contract suit.

J. **Tent-Related Contract Dispute (09721775-0081/ Invoice No. 1437692).** During the Fifth Interim Fee Period, SNR Denton provided legal advice to the Debtors with respect to a contract dispute.

K. **Chicago Magazine Editorial (09803290-0004/ Invoice No. 1437695).** During the Fifth Interim Fee Period, SNR Denton provided legal advice and vetted review to the Debtors with respect to their publications.

## IV. REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES

12. SNR Denton has incurred expenses of $1,031.10 in connection with its services rendered as special counsel to the Debtors for the Fifth Interim Fee Period. These expenses represent actual out-of-pocket costs for items incurred exclusively for the direct benefit of the Debtors, including, *inter alia*, online computer research charges, ground transportation charges, messenger service charges, court costs, outside duplicating charges, document reproduction charges, and court reporter charges. SNR Denton's rate for duplication is $0.10 per page.

13. Because of the nature of the Debtors' businesses and the location of certain key constituents in these cases, travel may have been required for certain matters. Such travel expenses, such as mileage, parking expenses and tolls, are typically borne by the attorney, then reimbursed by SNR Denton and charged to the appropriate client and matter. As a result, from time to time, these expenses may not appear on invoices in the months in which they were incurred.

7

14. In addition, certain expenses were charged to SNR Denton by outside vendors in connection with SNR Denton's services rendered on behalf of the Debtors. These expenses were sometimes not included on the invoices in the month in which they were incurred, due to SNR Denton's late receipt of the invoices for these expenses from the outside vendors.

15. SNR submits that all such expenses are necessary and actual expenses for the performance of its services in these cases. A breakdown of the total expenses are included as Exhibit B to the Application.

16. To the extent that time or disbursement charges for services rendered or disbursements incurred related to the Fifth Interim Fee Period, but were not processed prior to the preparation of this Application, SNR Denton reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

## V.    REVIEW OF APPLICABLE LOCAL RULE

The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with the requirements of Local Rule 2016-2.

## VI.    NOTICE

17. Notice of this Application is being served upon the Notice Parties specified in the Fee Orders. In accordance with the terms of the Fee Orders, SNR Denton respectfully submits that no further notice is required.

46429/0001-9172510V1

## VII. NO PRIOR REQUEST

18. No previous application with respect to the relief requested herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, SNR Denton respectfully requests that the Court enter an order: (i) granting the Application and authorizing the allowance of compensation in the amount of $100,996.00 for professional services rendered, and reimbursement of actual and necessary expenses in the amount of $1,031.10; and (ii) granting such other and further relief as this Court deems just and proper.

Dated: January 11, 2013

Respectfully submitted,

*Stefanie Wowchuk McDonald*
Stefanie Wowchuk McDonald
SNR DENTON US LLP
233 S. Wacker Drive
Suite 7800
Chicago, IL 60606
Telephone: 312-876-2569
Facsimile: 312-876-7934