# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Related to Docket No. ___ |

# ORDER GRANTING THE DEBTORS' MOTION FOR AN OMNIBUS ORDER AUTHORIZING THE SUBSTITUTION OF THE REORGANIZED DEBTORS IN PLACE OF THE CREDITORS' COMMITTEE AS PLAINTIFFS IN CERTAIN ADVERSARY PROCEEDINGS AND APPROVING PROCEDURES TO EVIDENCE THIS SUBSTITUTION

Upon consideration of the Debtors' Motion ("Motion") For An Omnibus Order Authorizing The Substitution Of The Reorganized Debtors[2] In Place Of The Creditors' Committee As Plaintiffs In Certain Adversary Proceedings And Approving Procedures To

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Evidence This Substitution; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and due and adequate notice of this Motion having been given under the circumstances; and sufficient cause appearing therefor; it is hereby

ORDERED that the Motion is hereby granted; and it is further

ORDERED that the applicable Reorganized Debtor is or Reorganized Debtors are substituted as the plaintiffs(s) for the Creditors' Committee in each Full Substitution Adversary as detailed on Exhibit A by inserting the name(s) of each applicable Reorganized Debtor(s) as the plaintiff(s) into the caption of each of the Full Substitution Adversaries in place of the Creditors' Committee, as illustrated on Exhibit C, and authorized to file the Full Substitution Notice evidencing such substitution in the dockets of each Full Substitution Adversary following the Effective Date; and it is further

ORDERED that in the event that the applicable Reorganized Debtor dismisses or Reorganized Debtors dismiss any defendant to a Full Substitution Adversary who is also a defendant to a Preserved Cause of Action or an Unresolved Claim from the applicable action, then such dismissal shall be without prejudice, unless the defendant first agrees in writing that such dismissal is without prejudice to the Litigation Trustee's right to continue to pursue the Preserved Causes of Action(s) pending against the defendant, and any Unresolved Claim(s) pending against the defendant that may ultimately be categorized as or otherwise determined to be a Preserved Cause of Action; and it is further

ORDERED that in the event that the applicable Reorganized Debtor dismisses or Reorganized Debtors dismiss any defendant to a Full Substitution Adversary from the applicable action, such dismissal shall expressly state that it is without prejudice to the Litigation Trustee's

{698.001-W0024347.2}                                    2

right to continue to pursue any Preserved Causes of Action or Unresolved Claims that may also be pending against such defendant; and it is further

ORDERED that any action by the applicable Reorganized Debtor or Reorganized Debtors with respect to any defendant to a Full Substitution Adversary, including without limitation any dismissal of the Full Substitution Adversary pending against that defendant, shall have no effect whatsoever on any Preserved Cause of Action(s) or Unresolved Claim(s) that may be pending against such defendant; and it is further

ORDERED that the applicable Reorganized Debtor is or Reorganized Debtors are substituted as the plaintiffs(s) for the Creditors' Committee solely with respect to the Ordinary Litigation Claims in each of the Split Substitution Adversaries as detailed on Exhibit B by inserting the name(s) of each applicable Reorganized Debtor(s) as the plaintiff(s) into the caption of each of the Split Substitution Adversaries in place of the Creditors' Committee solely with respect to the Ordinary Litigation Claims, as illustrated on Exhibit D, and are authorized to file a Split Substitution Notice evidencing such substitution in the dockets of each Split Substitution Adversary following the Effective Date; and it is further

ORDERED that in the event that the applicable Reorganized Debtor dismisses or Reorganized Debtors dismiss any defendant to a Split Substitution Adversary who is also a defendant to a Preserved Cause of Action or an Unresolved Claim being pursued by the Litigation Trustee in a separate action, then such dismissal shall be without prejudice, unless the defendant first agrees in writing that the dismissal is without prejudice to the Litigation Trustee's right to continue to pursue the Preserved Causes of Action(s) pending against the defendant, and any Unresolved Claim(s) pending against the defendant that may ultimately be categorized as or determined to be a Preserved Cause of Action; and it is further

ORDERED that in the event that the applicable Reorganized Debtor or Reorganized Debtors dismiss any defendant to a Split Substitution Adversary from the applicable action, such dismissal shall expressly state that it is without prejudice to the Litigation Trustee's right to continue to pursue any Preserved Causes of Action or Unresolved Claims that may also be pending against such defendant; and it is further

ORDERED that any action by the applicable Reorganized Debtor or Reorganized Debtors with respect to any defendant to an Ordinary Litigation Claim in a Split Substitution Adversary, including without limitation any dismissal of an Ordinary Litigation Claim, shall have no effect whatsoever on any Preserved Cause of Action(s) or Unresolved Claim(s) pending against such defendant; and it is further

ORDERED that the Reorganized Debtors are substituted as the prospective plaintiffs for the Creditors' Committee with respect to each of the Tolled Ordinary Litigation Claims as detailed on Exhibit E; and it is further

ORDERED that pending further order of the Court, the applicable Reorganized Debtor or Reorganized Debtors shall not take any action to release or dismiss a defendant from any Unresolved Claims; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware

_____

                                                      _____
The Honorable Kevin J. Carey
United States Bankruptcy Judge