# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x

In re:                                              : Chapter 11
                                                    :
TRIBUNE COMPANY, et al.,[1]                         : Case No.  08-13141 (KJC)
        Debtors.                                    : (Jointly Administered)
                                                    :
                                                    : **Objection Deadline: February 4, 2013 at 4:00 p.m. (ET)**
                                                    :
------------------------------------------------------- x

## SECOND INTERIM FEE APPLICATION OF PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP AS SPECIAL COUNSEL TO DEBTORS FOR CERTAIN FINANCING MATTERS AND PROPOSED SPECIAL COUNSEL TO DEBTORS FOR CERTAIN REAL ESTATE EMERGENCE MATTERS FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR THE <u>PERIOD FROM SEPTEMBER 1, 2012 THROUGH NOVEMBER 30, 2012</u>

*Name of Applicant:*                     Paul, Weiss, Rifkind, Wharton & Garrison LLP ("<u>Paul Weiss</u>")

*Authorized to Provide Professional Services to:*                     The Debtors

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (793 1); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

| | |
|---|---|
| *Date of Retention:* | August 31, 2012 (*nunc pro tunc* to July 11, 2012)[2] |
| *Period for which Compensation and Reimbursement is Sought:* | September 1, 2012 through November 30, 2012 |
| *Amount of Compensation Sought as Actual, Reasonable and Necessary:* | $583,470.00 |
| *Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary:* | $8,782.75[3] |

*This is a(n):*  ___ monthly  __X__ interim  ___ final application

Prior Interim Applications Filed:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| 10/11/2012[4] | 12557 | 7/11/2012 – 8/31/2012 | $214,883.50 | $79.66 | $171,906.80 | $79.66 |

---

[2]    The Debtors have filed a motion to expand the scope of Paul, Weiss's retention as special counsel to the Debtors to include the Real Estate Emergence matters, *nunc pro tunc* to November 19, 2012.

[3]    Please note that certain vendor invoices may not come in until after the end of the month for which such service was provided. Accordingly, Paul Weiss reserves the right to include such unbilled expenses in a subsequent fee application.

[4]    The First Interim Fee Application of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Special Counsel to Debtors for Certain Financing Matters for Compensation and for Reimbursement of Expenses for the Period from July 11, 2012 through August 31, 2012 [Docket No. 12557] combined Paul Weiss's monthly fee statements and quarterly fee application for the period of July 11, 2012 through August 31, 2012.

## SUMMARY OF RATES AND HOURS BILLED

| Name of Professional Person | Position With the Firm | Department | Year Admitted | Billing Rate[5] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Robert C. Fleder | Partner | Employee Benefits | 1974 | $1,000.00 | 0.20 | $200.00 |
| Richard J. Bronstein | Partner | Tax | 1974 | $1,000.00 | 0.80 | $800.00 |
| Douglas R. Davis | Partner | Bankruptcy | 1980 | $1,000.00 | 0.60 | $600.00 |
| Mitchell L. Berg | Partner | Real Estate | 1982 | $1,000.00 | 9.70 | $9,700.00 |
| Kenneth M. Schneider | Partner | Corporate | 1985 | $1,000.00 | 1.00 | $1,000.00 |
| Charles H. Googe | Partner | Corporate | 1988 | $1,000.00 | 2.40 | $2,400.00 |
| Eric Goodison | Partner | Corporate | 1988 | $1,000.00 | 74.70 | $74,700.00 |
| Valerie E. Radwaner | Partner | Corporate | 1989 | $1,000.00 | 8.00 | $8,000.00 |
| Peter E. Fisch | Partner | Real Estate | 1990 | $1,000.00 | 1.90 | $1,900.00 |
| Patrick S. Campbell | Partner | Corporate | 1998 | $1,000.00 | 7.40 | $7,400.00 |
| William J. O'Brien | Counsel | Environmental | 1987 | $835.00 | 2.00 | $1,670.00 |
| Richard S. Elliot | Counsel | Corporate | 1981 | $835.00 | 0.90 | $751.50 |
| Bruce Gruder | Counsel | Corporate | 1991 | $835.00 | 16.80 | $14,028.00 |
| Barry Langman | Counsel | Real Estate | 1994 | $835.00 | 5.60 | $4,676.00 |

---

[5]    Pursuant to the Paul Weiss Retention Order (as defined below), the ordinary and customary hourly rates of Robert C. Fleder, Richard J. Bronstein, Douglas R. Davis, Mitchell L. Berg, Kenneth M. Schneider, Charles H. Googe, Eric Goodison, Valerie E. Radwaner, Peter E. Fisch, and Patrick S. Campbell have been reduced to $1,000.00 per hour.

| Name of Professional Person | Position With the Firm | Department | Year Admitted | Billing Rate[5] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Claudine Meredith-Goujon | Counsel | Corporate | 1999 | $835.00 | 1.30 | $1,085.50 |
| Christopher T. Poggi | Counsel | Corporate | 2001 | $800.00 / 765.00 | 152.40 | $120,564.00 |
| Erica G. Weinberger | Associate | Bankruptcy | 2000 | $765.00 / 720.00 | 5.20 | $3,906.00 |
| Patrick Karsnitz | Associate | Tax | 2006 | $765.00 | 4.60 | $3,519.00 |
| Jason Ertel | Associate | Employee Benefits | 2007 | $735.00 | 4.80 | $3,528.00 |
| Lauren Shumejda | Associate | Bankruptcy | 2008 | $665.00 | 1.70 | $1,130.50 |
| Mitchel R. Carbullido | Associate | Corporate | 2009 | $675.00 | 14.60 | $9,855.00 |
| James J. Fanelly | Associate | Real Estate | 2010 | $645.00 | 14.00 | $9,030.00 |
| Brian S. Grieve | Associate | Tax | 2010 | $645.00 | 15.10 | $9,739.50 |
| Eric B. Gyasi | Associate | Corporate | 2009 | $645.00 / 575.00 | 167.20 | $106,479.00 |
| Adam M. Denhoff | Associate | Bankruptcy | 2011 | $595.00 / 505.00 | 37.80 | $21,771.00 |
| Amir Shmueli | Associate | Corporate | 2012 | $525.00 / 425.00 | 318.00 | $162,640.00 |
| Timothy Carney | Paralegal | N/A | N/A | $255.00 | 0.70 | $178.50 |
| Siu Leung | Paralegal | N/A | N/A | $220.00 | 1.80 | $396.00 |
| Kathleen McCartin | Paralegal | N/A | N/A | $220.00 | 2.40 | $528.00 |
| David Mitchum | Paralegal | N/A | N/A | $220.00 | 0.20 | $44.00 |

| Name of Professional Person | Position With the Firm | Department | Year Admitted | Billing Rate[5] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Brian Karimi-Pashaki | Paralegal | N/A | N/A | $205.00 | 1.00 | $205.00 |
| Emily Joy Mendes | Paralegal | N/A | N/A | $205.00 | 5.10 | $1,045.50 |
| **TOTAL** | | | | | **879.90** | **$583,470.00** |

Blended Hourly Rate:  $668.90

## SUMMARY OF DISBURSEMENTS[6]

| EXPENSE | TOTAL AMOUNT |
|---|---|
| Computer Assisted Legal Research | $4,861.06 |
| Conference Room Catering | $520.43 |
| Docket Retrieval | $0.54 |
| Mail & Messengers | $84.93 |
| Overtime Meals | $462.78 |
| Reproduction Expenses | $574.68 |
| Telephone Tolls | $54.65 |
| Transportation Expenses | $2,223.68 |
| **TOTAL** | **$8,782.75** |

---

[6]  Paul Weiss charges 10 cents per page for photocopying and 75 cents per page, plus the cost of the telephone call, for outgoing facsimile transmission.  Paul Weiss does not charge for incoming facsimile transmissions.  These rates are consistent with this Court's Local Rules.

## TOTAL HOURS BY PROJECT CATEGORY

| Name | Total Hours | Total Fees |
|------|------------|-----------|
| Applicant's Retention & Fee Applications | 47.10 | $28,215.00 |
| Exit Financing | 815.80 | $539,273.00 |
| Real Estate Emergence | 17.00 | $15,982.00 |
| **TOTAL** | **879.90** | **$583,470.00** |

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x

In re:                                              : Chapter 11
                                                    :
TRIBUNE COMPANY, et al.,[7]                         : Case No.  08-13141 (KJC)
      Debtors.                                 : (Jointly Administered)
                                                    :
                                                    : **Objection Deadline: February 4, 2013 at 4:00 p.m. (ET)**
                                                    :

------------------------------------------------------- x

## SECOND INTERIM FEE APPLICATION OF PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP AS SPECIAL COUNSEL TO DEBTORS FOR CERTAIN FINANCING MATTERS AND PROPOSED SPECIAL COUNSEL TO DEBTORS FOR CERTAIN REAL ESTATE EMERGENCE MATTERS FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM SEPTEMBER 1, 2012 THROUGH NOVEMBER 30, 2012

Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss"), special

counsel to the above-captioned debtors and debtors in possession (collectively, the

---

[7]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (48 I 7); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (793 I); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (56I2); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental

"Debtors") for certain financing matters and proposed special counsel for certain real estate emergence matters, submits this second interim fee application (the "Interim Fee Application") for compensation and reimbursement of expenses incurred on behalf of the Debtors during the period from September 1, 2012 through November 30, 2012 (the "Application Period").  This Interim Fee Application is submitted pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), this Court's Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 [Docket No. 225] (the "Interim Compensation Order"), as amended, and the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Application [Docket No. 546] (the "Fee Examiner Order").  In support of this Interim Fee Application, Paul Weiss respectfully represents as follows:

## I.    JURISDICTION

1.    This Court has jurisdiction over this Interim Fee Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The Court possesses the requisite authority to grant the relief requested herein pursuant sections 330 and 331 of the Bankruptcy Code.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

---

Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

## II.    **BACKGROUND**

2.        On December 8, 2008 (the "Petition Date"), Tribune Company and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.  An additional Debtor, Tribune CNLBC, LLC,[8] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.

3.        Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.  No trustee has been appointed in these cases.

4.        On January 15, 2009, this Court entered the Interim Compensation Order that includes provisions for the compensation and reimbursement of various professionals.

5.        On July 23, 2012, this Court entered an order confirming the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. (the "Plan").  The Plan went effective on December 31, 2012.

6.        On August 31, 2012, this Court entered an Order Authorizing the Debtors to Retain and Employ Paul, Weiss, Rifkind, Wharton & Garrison LLP as Special Counsel for Certain Financing Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, *Nunc Pro Tunc* to July 11, 2012 [Docket No. 12370] (the "Paul Weiss Retention Order").

---

[8]    Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

7.      On December 28, 2012, the Debtors filed a Supplemental

Application for an Order Modifying the Scope of the Debtors' Retention of Paul, Weiss,

Rifkind, Wharton & Garrison LLP as Special Counsel to Include Certain Real Estate

Emergence Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, *Nunc Pro Tunc* to

November 19, 2012 [Docket No. 12935] (the "Supplemental Application").  Pursuant to

the Supplemental Application, objections were to be filed and served no later than January

9, 2013.  No answer, objection, or other responsive pleading to the Supplemental

Application has been filed as of the date hereof.  A hearing to consider the Supplemental

Application is scheduled for January 16, 2013.

### III.     RELIEF REQUESTED

8.      Paul Weiss seeks payment for compensation in the amounts of

$583,470.00 and reimbursement of $8,782.75 in actual, necessary expenses incurred on

the Debtors' behalf during the Application Period, including authorization for the Debtors

to pay the 20% of fees held back pursuant to the Interim Compensation Order.

9.      Paul Weiss filed the following monthly fee applications (the

"Monthly Fee Applications") during the Application Period, which are incorporated herein

by reference:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| 12/20/2012 | 12875 | 9/1/2012 – 9/30/2012 | $71,616.50 | $811.68 | $57,293.20 | $811.68 |
| 12/20/2012 | 12876 | 10/1/2012 – 10/31/2012 | $116,187.00 | $1,680.82[9] | $92,949.60 | $1,680.82 |
| 1/14/2013 |  | 11/1/2012 – 11/30/2012 | $395,666.50 | $6,290.25 | *Pending* | *Pending* |

10.    A summary of the hours spent, the name of each Paul Weiss professional rendering services to the Debtors, the applicable billing rate and the total value of time incurred in rendering services to the Debtors in addition to a summary of relevant expense records precedes this Interim Fee Application pursuant to Local Rule 2016-2(c).  Detailed time records reflecting the time recorded for such services and billing categories were previously filed with the Court as exhibits to the Monthly Fee Applications and are incorporated herein by reference.  All time entries and requested expenses are in substantial compliance with this Court's Local Rules.

## IV.    SUMMARY OF SERVICES RENDERED DURING THE APPLICATION PERIOD

11.    As set forth in greater detail in Paul Weiss's time records, Paul Weiss advised the Debtors in connection with certain transactional matters relating to the Debtors' entry into proposed post-emergence financing facilities contemplated by the Plan and issues relating to the Debtors' internal real estate restructuring.  Any services Paul Weiss performed did not duplicate those services that Sidley Austin provided in

---

[9]    This amount reflects Paul Weiss's waiver of a $960.00 expense pursuant to the Certification of Counsel Regarding Third Monthly Fee Application of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Special Counsel to Debtors for Certain Financing Matters for Compensation and for Reimbursement of Expenses for the Period from October 1, 2012 Through October 31, 2012 [Docket No. 13023].

connection with the proposed post-emergence financing facilities, given that Sidley

Austin's efforts focused solely on the bankruptcy-related aspects of the Plan and the

proposed facilities, and Paul Weiss's efforts focused solely on the transactional and

financial aspects of the proposed facilities.

> 12.     At all times, Paul Weiss organized its staff, delegated

responsibility and coordinated services internally and with the Debtors' general

bankruptcy counsel, Sidley Austin LLP, to maximize efficiency and avoid duplication.

The professional services that Paul Weiss rendered to the Debtors during the Application

Period included the following:

> (i)     Applicant's Retention & Fee Applications

> 13.     During the Application Period, Paul Weiss drafted a supplemental

declaration in support of Paul Weiss's retention application, prepared its first interim fee

application for the period covering July 11, 2012 through August 31, 2012, second

monthly fee application for the period covering September 1, 2012 through September 30,

2012, and third monthly fee application for the period covering October 1, 2012 through

October 31, 2012, and gathered and prepared billing information in connection with its fee

applications.  Additionally, Paul Weiss worked with Alvarez & Marsal to prepare fee

estimates in connection with Paul Weiss's work for the Debtors.

> 14.     Paul Weiss seeks $28,215.00 in compensation for its reasonable

and necessary legal services rendered with respect to Applicant's Retention & Fee

Applications matters during the Application Period.

      (ii)    <u>Exit Financing</u>

15.      During the Application Period, Paul Weiss counseled the Debtors in connection with the transactional and financial aspects relating to the Debtors' entry into two proposed post-emergence financing facilities contemplated by the Plan: (a) a senior secured asset-based revolving credit facility of up to $300 million; and (b) a senior secured term loan facility in an aggregate amount of up to $1.1 billion. Paul Weiss primarily assisted in the negotiation of the terms of the proposed post-emergence financing facilities and drafted, reviewed and revised the commitment documents in connection therewith.

16.      Paul Weiss seeks $539,273.00 in compensation for its reasonable and necessary legal services rendered with respect to Exit Financing matters during the Application Period.

      (iii)    <u>Real Estate Emergence</u>

17.      During the Application Period, Paul Weiss advised the Debtors in connection with issues relating to the Debtors' internal real estate restructuring and reviewed and advised on certain of the Debtors' leases in connection therewith.

18.      Paul Weiss seeks $15,982.00 in compensation for its reasonable and necessary legal services rendered with respect to Real Estate Emergence matters during the Application Period.[10]

## V.    **REQUEST FOR COMPENSATION**

19.      The compensation sought by Paul Weiss for the Application Period represents 879.9 hours of professional services at the blended hourly rate of $668.90. Of

---

[10]    Subject to the Court's entry of an order approving the Supplemental Application.

these 879.9 hours, partners accounted for 106.7 hours of professional services, counsel accounted for 179.0 hours, associates accounted for 583.0 hours, and paraprofessionals accounted for 11.2 hours.

20.     On the basis of the descriptions set forth in this Interim Fee Application and the exhibits accompanying the Monthly Fee Applications, Paul Weiss submits that the legal services rendered to the Debtors and the expenses incurred on their behalf were necessary and beneficial to the Debtors and their estates.

21.     Paul Weiss rendered the professional services for which it seeks compensation solely on behalf of the Debtors and in compliance with its duties as their special counsel for certain financing matters and proposed special counsel for certain real estate emergence matters. Paul Weiss incurred the listed expenses on the Debtors' behalf in accordance with its normal practices.

22.     With the exception of Paul Weiss's agreement not to seek compensation at a rate in excess of $1,000 per hour for any of its attorneys, the rates charged by Paul Weiss in these chapter 11 cases do not differ from the rates charged to Paul Weiss's non-bankruptcy clients. Paul Weiss maintains records of all time expended and expenses incurred in rendering services on the Debtors' behalf. The time records submitted as exhibits to the Monthly Fee Applications detail the work performed by Paul Weiss during the Application Period. Paul Weiss attorneys prepare their time records substantially contemporaneously with the work they perform.

23.     Paul Weiss has not received any payment or promise of payment for its services or expenses in connection with these chapter 11 cases other than those

payments discussed in this Interim Fee Application and the Rosenberg Affidavit (as defined below).

## VI.    AFFIDAVIT PURSUANT TO BANKRUPTCY RULE 2016 AND LOCAL RULE 2016-2

24.    Pursuant to Bankruptcy Rule 2016 and Local Rule 2016-2 of this Court's Local Rules, an affidavit by Andrew N. Rosenberg (the "Rosenberg Affidavit"), a member of Paul Weiss, is attached hereto as Exhibit A.

## VII.    NOTICE

25.    Pursuant to the Interim Compensation Order and the Fee Examiner Order, notice of this Application has been provided to:  (i) co-counsel to the Debtors: Sidley Austin LLP, One South Dearborn, Chicago, IL 60603, attn: Kenneth P. Kansa; and Cole, Schotz, Meisel, Forman, & Leonard, P.A., 1000 N. West St., Suite 1200, Wilmington, DE 19801, attn: J. Kate Stickles; (ii) counsel to the Barclays Bank PLC in its capacity as Lender, Funding Agent and Administrative Agent; (iii) counsel to JPMorgan Chase Bank in its capacity as Administrative Agent for Prepetition Lenders: Davis, Polk, & Wardwell, LLP, 450 Lexington Avenue, New York, NY 10017; (iv) counsel to the Official Committee of Unsecured Creditors; (v) the Office of the United States Trustee for the District of Delaware; and (vi) the fee examiner appointed by the Fee Examiner Order.

WHEREFORE, Paul Weiss respectfully requests that this Court:

(a)     award Paul Weiss compensation in the amount of $583,470.00 for professional legal services rendered to the Debtors (of which $15,982.00 is subject to the Court's entry of an order approving the Supplemental Application);

(b)     authorize the reimbursement of $8,782.75 of expenses incurred by Paul Weiss on the Debtors' behalf (of which $11.00 is subject to the Court's entry of an order approving the Supplemental Application); and

(c)     grant Paul Weiss such other and further relief as this Court deems just and proper.

Dated: New York, New York
       January 14, 2013

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: _____
    Andrew N. Rosenberg
    (A Member of the Firm)
    1285 Avenue of the Americas
    New York, New York 10019-6064
    (212) 373-3000


    Special Counsel to the Debtors for Certain Financing Matters
    and Proposed Special Counsel for Certain Real Estate
    Emergence Matters

10