# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, *et al.*,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objection Date: February 4, 2013 at 4:00 p.m.** |
| | **Hearing Date:** *TBD* |

## THIRD INTERIM FEE APPLICATION OF NOVACK AND MACEY LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM SEPTEMBER 1, 2012 THROUGH NOVEMBER 30, 2012

| | |
|---|---|
| Name of Applicant: | Novack and Macey LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

| | |
|---|---|
| Date of Retention: | October 22, 2010 (*nunc pro tunc* to August 26, 2010), as modified on February 25, 2011 (*nunc pro tunc* to November 22, 2010) |
| Period For Which Compensation and Reimbursement Is Sought: | September 1, 2012 through November 30, 2012 |
| Total Amount of Compensation Sought As Actual, Reasonable and Necessary For Period: | $3,633.00 |
| Total Amount of Expense Reimbursement Sought As Actual, Reasonable and Necessary For Period: | $0 |
| Total Amount of Compensation Paid As Actual, Reasonable and Necessary For Period: | $0* |
| Total Amount of Expense Reimbursement Paid As Actual, Reasonable and Necessary For Period: | $0* |
| Total Amount of Holdback Fees Sought For Period | $0* |

This is a(n):    monthly _____    interim _____**X**_____    final application _____

The time expended for the preparation of the Applicant's Third Interim Fee Application is, to the extent practicable, included in this Application.

\*        Given the small dollar amount of the fees requested, Novack and Macey LLP has not previously filed monthly fee applications for the amounts requested herein.  Filing monthly fee applications <u>and</u> a Sixteenth Quarterly Interim fee application for the small dollar amount of fees requested would be cost prohibitive for the Debtor and the Estate, and would not assist the fee examiner or the Court in determining the reasonableness of the fees Novack and Macey LLP is seeking herein.

| Name of Professional/Individual | Position, Area of Expertise, Number of Years in Position, Year of Obtaining License to Practice | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Donald A. Tarkington | Partner/Litigation/ 29 years/Admitted in 1983 | $555 | 2.8 | $1,554.00 |
| Julie Johnston-Ahlen | Counsel/Litigation/ 10 years/Admitted in 2002 | $315 | 6.6 | $2,079.00 |
| **Quarterly Total** | | | 9.4 | $3,633.00 |

3

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Objection Date: February 4, 2013 at 4:00 p.m.**<br>**Hearing Date:** *TBD* |

## THIRD INTERIM FEE APPLICATION OF NOVACK AND MACEY LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM SEPTEMBER 1, 2012 THROUGH NOVEMBER 30, 2012

Novack and Macey LLP ("Novack and Macey"), special counsel for Tribune Company

and the affiliated companies that filed voluntary petitions for relief in the above-captioned

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

chapter 11 cases (collectively, the "Debtors"), respectfully submits this application (the "Application") pursuant to: (i) sections 327, 331, and 503 of title 11 of the United States Code (the "Bankruptcy Code"); (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); (iii) Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"); (iv) the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Interim Compensation Order"), as amended; and (v) the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications (the "Fee Examiner Order"), for allowance of interim compensation and reimbursement of expenses for the Sixteenth Quarter, from September 1, 2012 through November 30, 2012 (the "Fee Period"). In support of the Application, Novack and Macey respectfully states as follows:

1.      On December 8, 2008 (the "Petition Date"), Tribune Company and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC (f/k/a Chicago National League Ball Club, LLC) ("Tribune CNLBC"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.[2]  In all, the Debtors comprise 112 entities.

2.      The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). [Docket Nos. 43, 2333.]

---

[2] All orders of the Court applicable to this Application have subsequently been extended to Tribune CNLBC. (See Order Directing (I) Joint Administration of Chapter 11 Cases and (II) that Certain Orders and Other Pleadings Entered or Filed in the Chapter 11 Cases of Tribune Company, et al. be made applicable to the Chapter 11 Case of Chicago National League Ball Club, LLC (entered Oct. 14, 2009) (the "CNLBC Joint Administration Order"). [Docket No. 2333.]

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are sections 327, 331 and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

4.      On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee").

5.      On March 19, 2009, the Court appointed Stuart Maue as fee examiner (the "Fee Examiner") to act as special consultant to the Court for professional fee and expense analysis and review, effective *nunc pro tunc* to February 20, 2009.  [Docket No. 546.]

6.      On October 22, 2010, this Court entered the Consent Order on Debtors' Application for an Order Authorizing Debtors and Debtors In Possession to Employ and Retain Novack and Macey LLP as Special Counsel Pursuant to 11 U.S.C. §§ 327(e) and 1107, *Nunc Pro Tunc* to August 26, 2010 (the "Initial Retention Order").  [Docket No. 6087.]  The Initial Retention Order authorizes the employment and retention of Novack and Macey (*nunc pro tunc* to August 26, 2010) as special counsel for the purposes of, among other things, advising the Debtors regarding certain Morgan Stanley claims.

7.      Specifically, the Initial Retention Order provides that the Debtors are authorized to retain Novack and Macey for the purposes of:  (i) advising the Debtors as to certain Morgan Stanley claims; (ii) representing the Debtors in the bankruptcy proceedings with respect to any matters involving Morgan Stanley (except as otherwise provided in the Initial Retention Order); and (iii) if and to the extent the Debtors instruct Novack and Macey to do so from time to time,

cooperating with counsel for the Committee in connection with the Committee's assertion of claims against Morgan Stanley.

8.    The Initial Retention Order also states that the retention of Novack and Macey by the Debtors shall not extend to commencement or prosecution of litigation of any Morgan Stanley claims, whether by way of an adversary proceeding in the bankruptcy cases or otherwise.

9.    On February 25, 2011, this Court entered the Order Modifying the Scope of the Debtors' Retention of Novack and Macey LLP to Include Services Relating to the Prosecution of Certain Avoidance Actions Pursuant to 11 U.S.C. § 327(a), *Nunc Pro Tunc* to November 22, 2010 (the "Modified Retention Order"). [Docket No. 8147.] The Modified Retention Order authorizes the employment and retention of Novack and Macey (*nunc pro tunc* to November 22, 2010) as special counsel for the purposes of, among other things, the filing and prosecution of three avoidance actions (the "Avoidance Actions").

10.    The Avoidance Actions relate to three entities:  Epsilon Data Management LLC, Navigant Consulting Inc. and Nixon Peabody LLP.

11.    The Modified Retention Order expanded the scope of Novack and Macey's representation of the Debtors, but did not otherwise modify the Initial Retention Order.

12.    The Interim Compensation Order and the Fee Examiner Order (together, the "Fee Orders"), provide that professionals retained in these cases pursuant to section 327, 328 or 1103 of the Bankruptcy Code (the "Case Professionals") may request interim fees by filing with the Court and providing to the Fee Examiner monthly applications for interim allowance of compensation for services rendered and reimbursement of expenses incurred, together with the time entries and itemized expenses. The notice parties specified in the Fee Orders (the "Notice Parties") have twenty (20) days after service of a monthly application to object to such

4

application (the "Objection Deadline").    Upon expiration of the Objection Deadline, the
applicable Case Professional must certify in writing to the Debtors that no objection or partial
objection (as applicable) has been filed with the Court relative to that professional's monthly
application, whereupon the Debtors are authorized to pay such professional an amount equal to
the lesser of:  (i) 80% of the fees and 100% of the expenses requested in the monthly application;
or (ii) 80% of the fees and 100% of the expenses not subject to an objection.

        13.    In addition to monthly fee applications, beginning with the three-month period
ending February 28, 2009, and each three-month period thereafter, all Case Professionals are
generally required to file with the Court and serve on the Notice Parties interim applications for
allowance of compensation and reimbursement of expenses of the amounts sought in the
monthly applications filed during the period.

        14.    Novack and Macey did not request interim compensation on a monthly basis for
the period included herein.  Rather, Novack and Macey is submitting this quarterly interim fee
Application that includes hours billed from September 1, 2012 through November 30, 2012.
This application is Novack and Macey's first fee application submitted in connection with these
chapter 11 cases in 2012.  Given the small dollar amount of the fees requested herein, filing
monthly fee applications and this quarterly interim fee Application would be cost prohibitive for
the Debtors and their Estates, and would not assist the fee examiner or the Court in determining
the reasonableness of the fees requested herein.  In short, Novack and Macey is submitting this
quarterly interim fee Application only in an effort to keep fee application preparation costs to a
minimum for the benefit the Debtors and their Estates.  The timeframe of the billings and
expenses requested pursuant to this application corresponds to the Sixteenth Quarter under the
Fee Orders.

46429/0001-9176092v1

15.    Specifically, Novack and Macey seeks interim approval and allowance of compensation in the amount of $3,633.00 for professional services rendered during the interim period from September 1, 2012 through November 30, 2012, as explained below.

## RELIEF REQUESTED

16.    By this Application, Novack and Macey respectfully requests that the Court approve the interim allowance and award of compensation for professional services rendered by Novack and Macey as special counsel to the Debtors during the Fee Period.

17.    The amount of fees sought for services rendered during the Fee Period is **$3,633.00**, representing **9.4 hours** of professional time for such services. Novack and Macey seeks the interim allowance of such compensation, and this Court's authorization for payment of such amount by the Debtors to Novack and Macey.

18.    The hourly rates charged by Novack and Macey professionals during the Fee Period are its standard billing rates, which are no greater than the customary hourly rates for such individuals both inside and outside of bankruptcy cases. The highest billing rate charged herein by any Novack and Macey attorney for services rendered in Novack and Macey's current Application is $555 per hour. Novack and Macey believes that its rates are at least comparable to, and likely less than, those charged by bankruptcy and other professionals of other firms of comparable expertise, stature and experience.

19.    Novack and Macey has received no payment and no promises of payment from any source other than the Debtors for services rendered in these chapter 11 cases. There is no agreement between Novack and Macey and any other party for the sharing of compensation to be received for the services rendered by Novack and Macey in these chapter 11 cases. All

6

professional services for which compensation is sought herein were rendered solely on behalf of the Debtors in these cases.

## SERVICES RENDERED

20.    Novack and Macey has rendered services to the benefit of Debtors in connection with these chapter 11 cases during the Fee Period in its capacity as special counsel.  The services performed by Novack and Macey's professionals during the Fee Period were reasonable and necessary, and have directly contributed to the effective administration of the Debtors' chapter 11 cases.

21.    A breakdown of the total hours expended by each professional on the matter is included as a part of the Application as required by Local Rule 2016-2, and is attached hereto as Exhibit A.  A detailed description of the hours and fees billed, and the services rendered to the Debtors, is set forth in the invoices attached hereto as Exhibit B, and incorporated herein by reference.  What follows is a summary of the activities performed by Novack and Macey's professionals during the Fee Period.

22.    During the Fee Period, Novack and Macey's professionals represented and advised Debtors with respect to certain Morgan Stanley claims, as those claims are defined in the Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (as modified). [Docket No. 5205.]  Specifically, at Debtors' counsel's request, Novack and Macey reviewed and commented on valuation reports relating to potential claims against Morgan Stanley.  The fees billed with regard thereto were billed in September, 2012.

23.    Novack and Macey professionals also expended time preparing this Application, and in an effort to keep such fees to a minimum for the benefit of the Debtors and their Estates,

46429/0001-9176092v1

Novack and Macey has included those fees herein to the extent practicable.  The fees billed with regard thereto were billed in November, 2012.

## REVIEW OF APPLICABLE LOCAL RULE

24.    Novack and Macey has reviewed the requirements of Local Rule of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware 2016-2 and asserts that this application substantially complies with the same.  See Affidavit of Donald A. Tarkington, attached hereto as Exhibit C.

## NOTICE

25.    Notice of this Application has been served upon the Notice Parties specified in the Fee Orders.  In accordance with the terms of the Fee Orders, Novack and Macey respectfully submits that no other or further notice is required.

## NO PRIOR REQUEST

26.    No previous application regarding the relief requested herein has been made to this or any other Court.

WHEREFORE, after appropriate notice and hearing, Novack and Macey respectfully requests that the Court:  (i) grant the Application and approve, pursuant to 11 U.S.C. §§ 327, 331 and 503, interim compensation in the amount of $3,633.00; (ii) authorize and direct the payment of such amount by the Debtors to Novack and Macey; and (iii) grant such further relief as is just and proper.

Dated: January 14, 2013

46429/0001-9176092v1

Respectfully submitted,

By: _____

NOVACK AND MACEY LLP
Stephen Novack
Donald A. Tarkington
100 N. Riverside Plaza
Chicago, Illinois 60606
Phone:  (312) 419-6900
Facsimile:  (312) 419-6928
Email:    *snovack@novackmacey.com*
          *dtarkington@novackmacey.com*

SPECIAL  COUNSEL  TO  DEBTORS  AND
DEBTORS IN POSSESSION

9