# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: February 13, 2013 at 11:00 a.m. ET**<br>**Objection Deadline: February 6, 2013 at 4:00 p.m. ET** |

## DEBTORS' SIXTY-FOURTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1

> Claimants receiving this objection should locate their name(s) and claim number(s) on **Schedule 1**, to learn which of the lettered exhibits, **Exhibit A**, **Exhibit B**, or **Exhibit C** contains the grounds for objection pertaining to their claim(s) and the relief being sought by the Debtors.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347);Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

> **The relief sought herein is without prejudice to the Debtors' rights to pursue further substantive or non-substantive objections against the claims listed on <u>Exhibit A</u>, <u>Exhibit B</u>, or <u>Exhibit C</u> to this Objection.**

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "<u>Debtor</u>" and, collectively, the "<u>Debtors</u>"), by and through their undersigned counsel, hereby submit this sixty-fourth omnibus objection to claims (the "<u>Objection</u>"), which Objection covers each of the claims (the "<u>Disputed Claims</u>") identified on <u>Exhibit A</u>, <u>Exhibit B</u>, and <u>Exhibit C</u> attached hereto and to the proposed form of order submitted herewith, pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>").  By this Objection, the Debtors request the entry of an order disallowing and expunging each of the Disputed Claims as set forth on <u>Exhibit A</u>, <u>Exhibit B</u>, and <u>Exhibit C</u> and as indicated in further detail below.  In support of this Objection, the Debtors rely on the declaration of John Rodden, Vice President of Tribune Company (the "<u>Rodden Declaration</u>"), attached hereto as <u>Exhibit D</u>.  In further support of this Objection, the Debtors respectfully state as follows:

### <u>STATUS OF THE CASE AND JURISDICTION</u>

1.    On December 8, 2008 (the "<u>Petition Date</u>"), Tribune Company ("<u>Tribune</u>") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

2.    The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [See Docket Nos. 43, 2333].

3.    The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.    On July 23, 2012, the Court entered the Order Confirming Fourth Amended Joint Plan of Reorganization (the "Plan") for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 12074].[3]

5.    The Effective Date of the Plan occurred on December 31, 2012.[4]

6.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1.

---

[3] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan.

[4] The Plan provides that one or more Debtors may undertake Restructuring Transactions on, prior to, or after the Effective Date, which may include, without limitation, mergers, consolidations, conversions, joint ventures, restructurings, recapitalizations, dispositions, liquidations or dissolutions.  See Plan §5.2, Ex. 5.2 and Docket No. 12732.  Certain of the Debtors have undertaken Restructuring Transactions, pursuant to which they have been merged with and into direct or indirect wholly-owned subsidiaries of Tribune Company.  A notice with information respecting each Debtor's anticipated post-emergence entity following the consummation of the Restructuring Transactions was filed with the Bankruptcy Court on November 16, 2012 [Docket No. 12732].

## FACTUAL BACKGROUND TO THE OBJECTION

7.    On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [Docket Nos. 567-789], which were subsequently amended on April 13, 2009 [Docket Nos. 894-957], June 12, 2009 [Docket Nos. 1343-1453], March 2, 2010 [Docket Nos. 3548-3599], May 14, 2010 [Docket No. 4388], and January 28, 2011 [Docket Nos. 7661-7671] (collectively, the "Schedules").[5]

8.    On March 26, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date.[6]

9.    Written notice of the Bar Date was mailed to, among others, all known creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order.  In addition to mailing such actual notice, the Debtors also published notice of the Bar Date in the National Editions of the *Wall Street Journal* and the *New York Times* and in the *Chicago Tribune* and *Los Angeles Times* on May 12, 2009.

10.    To date, approximately 7,150 Proofs of Claim have been filed in these chapter 11 cases.  The Proofs of Claim are recorded on the official claims register (the "Claims

---

[5] Tribune CNLBC, LLC filed its schedules of assets and liabilities and statements of financial affairs on October 12, 2009 (CNLBC D.I. 8 and 9), which were subsequently amended on December 9, 2009 [Docket No. 2779], May 14, 2010 [Docket No. 4389], and January 28, 2011 [Docket No. 7665].

[6] The Bar Date for the filing of Proofs of Claim against Tribune CNLBC, LLC was July 26, 2010.  See Order Establishing Bar Date for Filing Proofs of Claim in the Tribune CNLBC, LLC Bankruptcy Case and Approving the Form and Manner of Notice Thereof entered on June 7, 2010 [Docket No. 4709].

Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to

assist with claims processing in these chapter 11 cases (the "Claims Agent").

## RELIEF REQUESTED

11.     By this Objection, the Debtors seek entry of an order, pursuant to section

502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-

1, granting the following relief with respect to the Disputed Claims:

(a)  disallowing in full and expunging each of the claims identified on Exhibit
A (the "Amended Claims") as claims that have been amended and
superseded by one or more claim(s) subsequently filed against the same
Debtor by or on behalf of the same claimant in respect of the same
liabilities;

(b)  disallowing in full and expunging the claim identified on Exhibit B (the
"Late-Filed Claim") as a claim that was filed after the applicable Bar Date
established in these chapter 11 cases;

(c)  disallowing in full and expunging the claim identified on Exhibit C (the
"Insufficient Documentation Claim") as a claim that was filed with
insufficient supporting documentation to substantiate the claim and as to
which the Debtors' books and records do not demonstrate any basis for the
claim; and

(d)  authorizing the Claims Agent to modify each of the Disputed Claims on
the Claims Register in accordance with the proposed order.

12.     This Objection complies in all respects with Local Rule 3007-1.

## BASIS FOR OBJECTION

13.     This Objection is filed pursuant to section 502(b) of the Bankruptcy Code,

which provides, in pertinent part:

[I]f such objection to a claim is made, the court, after notice and a
hearing, shall determine the amount of such claim in lawful
currency of the United States as of the date of the filing of the
petition, and shall allow such claim in such amount, except to the
extent that—

(1)      such claim is unenforceable against the debtor and
property of the debtor, under any agreement or applicable

               law for a reason other than because such claim is
               contingent or unmatured

               . . . .

11 U.S.C. § 502(b)(1).

A.      **Amended Claims**

      14.     Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified the five (5) Amended Claims listed on Exhibit A, in the aggregate amount of $12,461,747.11, as filed claims that have each been amended and superseded by a subsequently-filed claim by the same claimant on account of the same liability. The relief requested in this Objection is necessary to prevent the allowance of the Amended Claims, each of which has been superseded and remains on the Claims Register only as a technicality.  Accordingly, the Debtors seek to disallow in full and expunge the Amended Claims and thereby (i) prevent the claimants from obtaining a double recovery on account of any single obligation and (ii) limit the claimants to a single claim for those amounts currently asserted by the claimant in respect of the same liabilities.

      15.     The claims set forth under the column heading "Surviving Claims" on Exhibit A (the "Surviving Claims") represent the claims that were subsequently filed by or on behalf of the claimants in respect of the same liabilities as the Amended Claims, as so indicated on the face of the Surviving Claims.  The Surviving Claims have thus amended and superseded the Amended Claims.  By filing the Surviving Claims, the claimants liquidated or otherwise modified the liability originally identified in the Amended Claims.  Thus, the elimination of the Amended Claims is consistent with the apparent intent of the claimants in filing the Surviving Claims.

16.     The Surviving Claims identified on Exhibit A will remain on the Claims

Register as outstanding liabilities, subject to the Debtors' right to object on any grounds that

bankruptcy or nonbankruptcy law permits or until withdrawn by the claimants or disallowed by

the Court. [7]  See generally 11 U.S.C. § 502(a).  In other words, the Surviving Claims will be

unaffected by the relief sought in this Objection, and the claimants' rights to assert these

liabilities against the relevant Debtors' estates will be preserved, subject to the Debtors' ongoing

rights to object to the Surviving Claims on any other applicable grounds.

**B.     Late Filed Claim**

17.     Upon review of the Proofs of Claim filed against the Debtors in these

chapter 11 cases, the Debtors have identified the Late-Filed Claim listed on Exhibit B, in the

amount of $32,356.25, as a claim that was filed by the Sacramento County Tax Collector (the

"Tax Collector") after the applicable Bar Date (based on the date of filing shown on the face of

the Late-Filed Claim, as indicated on the Exhibit B under the column heading "Date Filed").

There is no basis under the Bar Date Order to accept such claim as timely.

18.     Indeed, the Late-Filed Claim is simply an attempt by the Tax Collector to

refile and recharacterize an identical claim which was already disallowed by this Court as late

filed.  Specifically, the Tax Collector filed claim number 6815 (the "Original Tax Claim") on

September 22, 2011, over two (2) years after the Bar Date.  The Original Tax Claim asserted a

claimed amount of $32,356.25 on account of purported unpaid real property taxes.  On February

21, 2012, the Debtors filed the Debtors' Fifty-Second Omnibus (Non-Substantive) Objection to

Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and

---

[7] On January 4, 2013, Surviving Claim #7139 filed by the New York State Department of Taxation and Finance ("NYS") was voluntarily withdrawn [See Docket No. 12966].  NYS's notice of withdrawal provided that such amended proof of claim was withdrawn because "there is no surviving Administrative Expense period proof of claim.  Id.  Accordingly, Surviving Claim #7139 will not remain on the Claims Register, in accordance with the express intent of NYS.

3007, and Local Rule 3007-1 [Docket No. 10965] (the "Fifty-Second Objection") pursuant to

which, among other things, the Debtors objected to the Original Tax Claim as a late-filed claim.

Despite being properly served with the Fifty-Second Objection,[8] the Tax Collector never filed a

response thereto.  On March, 22, 2012, the Court entered an order (the "Fifty-Second Order")

sustaining the Fifty-Second Objection as it pertained to the Original Tax Claim and numerous

other claims [See Docket No. 11226].  The Fifty-Second Order disallowed and expunged the

Original Tax Claim in its entirety.

19.    The Tax Collector then filed the Late-Filed Claim now at issue, claim

number 7103, on April 2, 2012.  The Late-Filed Claim is in the exact amount of the Original Tax

Claim and seeks payment of purported unpaid real property taxes for the same parcel numbers,

the same bill numbers, the same addresses and with the same amount allocated to each parcel.

Indeed, the Late-Filed Claim is identical to the Original Tax Claim, except that the Tax Collector

has now filed it as an administrative claim.  The Tax Collector seeks, then, to circumvent this

Court's Bar Date Order and Fifty-Second Order by reclassifying the Original Tax Claim.

Nothing about the basis of the Original Tax Claim has changed, and any liability represented

therein, whether or not it was legitimate, has already been extinguished.

20.    The Late-Filed Claim is untimely under the Bar Date Order and should be

disallowed in its entirety pursuant to section 502(b)(9) of the Bankruptcy Code.[9]  A failure by

the Debtors to seek and obtain disallowance of the Late-Filed Claim could result in other

creditors similarly refiling otherwise late claims as administrative expense claims, undermining

---

[8]  The Affidavit of Service filed by Eleni Kossivas of Epiq Bankruptcy Solutions, LLC provides that the Fifty-Second Objection was served on February 21, 2012 to the "Sacramento County Tax Collector, Attn: Bankruptcy, 700 H Street, Room 1710, Sacramento CA 95814."  [See Docket No. 11098].  Such address is the exact notice address provided on the Original Tax Claim.
[9]  In the event that the Late-Filed Claim survives this Objection, the Debtors reserve all rights to raise other objections to the Late-Filed Claim, whether substantive or non-substantive, including, but not limited to disputing its classification as an administrative expense claim.

the certainty that is intended to be afforded by the Bar Date Order and the Fifty-Second Order

and negatively affecting the Debtors' legitimate creditors who complied with the Bar Date Order.

### C.    Insufficient Documentation Claim

21.    Upon review of the Proofs of Claim filed against the Debtors in these

chapter 11 cases, the Debtors have identified the Insufficient Documentation Claim listed on

Exhibit C, in the amount of $19,526.00, as a claim that was filed without sufficient

documentation to substantiate the claim as required by Bankruptcy Rule 3001.  The Insufficient

Documentation Claim therefore fails to provide prima facie evidence of the validity and amount

of the claim, as required by section 502 of the Bankruptcy Code and Bankruptcy Rule 3001(f).

22.    The Debtors have reviewed their books and records and the documentation

provided with the Insufficient Documentation Claim and, after reasonable efforts, have been

unable to locate any documentation that would substantiate, in full or in part, the Insufficient

Documentation Claim set forth on Exhibit C.  Moreover, the Debtors have contacted the claimant

on numerous occasions seeking support for the Insufficient Documentation Claim, but have been

unable to obtain any such support.  Accordingly, the Debtors object to the allowance of the

Insufficient Documentation Claim and request that such Insufficient Documentation Claim be

disallowed in its entirety and expunged.  The Debtors also request that the Court authorize the

Claims Agent to expunge the Insufficient Documentation Claim from the Claims Register as

sought by this Objection so that the Claims Register reflects more accurately the claims asserted

and outstanding against the Debtors.

### RESERVATION OF RIGHTS

23.    The Debtors hereby reserve their right to amend, modify, and/or

supplement this Objection, including to object to any of the Proofs of Claim listed on Exhibit A,

Exhibit B, or Exhibit C to this Objection on any additional grounds, prior to the hearing on this Objection.

24.     Notwithstanding anything contained in this Objection or in Exhibit A, Exhibit B, or Exhibit C attached to this Objection, nothing herein shall be construed as a waiver of any rights that the Debtors may have to exercise their rights of setoff against the holders of claims subject to this Objection.

25.     The Debtors further reserve their right to adjourn the hearing on this Objection as it pertains to any or all of the Disputed Claims.  In the event that the Debtors so adjourn the hearing, they will state that the hearing on the Objection and/or any response filed in connection therewith and/or all applicable deadlines for responsive pleadings have been adjourned on the agenda for the hearing, which agenda will be served on any party affected by such adjournment.

## NOTICE

26.     Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) the claimants listed on Exhibit A, Exhibit B, and Exhibit C; and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Local Rule 3007-1, (i) disallowing in full the Amended Claims set forth on Exhibit A; (ii) disallowing in full the Late-Filed Claim set forth on Exhibit B; (iii) disallowing in full the Insufficient Documentation Claim set forth on Exhibit C; (iv) authorizing the Claims Agent to expunge the Amended Claims, the Late-Filed Claim and the Insufficient Documentation Claim from the Claims Register; and (v) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
        January 14, 2013

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Kenneth P. Kansa
Kerriann S. Mills
Matthew G. Martinez
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile:  (312) 853-7036

            -and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By:      /s/ J. Kate Stickles
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION