## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: February 13, 2013 at 11:00 a.m. ET**<br>**Response Deadline:  February 6, 2013 at 4:00 p.m. ET** |

### DEBTORS' SIXTY-FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTIONS 502(b) AND 507(a)(4) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 and 3007, AND LOCAL RULE 3007-1

> **Claimants receiving this Objection should locate their name(s) and claim number(s) on Schedule 1 attached hereto to learn which of the lettered exhibits, Exhibit A, Exhibit B, Exhibit C, Exhibit D, or Exhibit E contains the grounds for the objection pertaining to their claim(s) and the relief being sought by the Debtors.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347);Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

> **Your rights may be affected by this Objection and by any further objection that may be filed by the Debtors to your claim.**

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "<u>Debtor</u>" and, collectively, the "<u>Debtors</u>"), by and through their undersigned counsel, hereby file this sixty-fifth omnibus objection (the "<u>Objection</u>"), which Objection covers each of the thirty-three (33) claims set forth on <u>Exhibit A</u>, <u>Exhibit B</u>, <u>Exhibit C</u>, <u>Exhibit D</u>, and <u>Exhibit E</u> attached hereto and to the proposed form of order submitted herewith (collectively, the "<u>Disputed Claims</u>"), pursuant to sections 502(b) and 507(a)(4) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>").  By this Objection, the Debtors request the entry of an order modifying each of the Disputed Claims to reduce, change the priority of, and/or reassign such claims, as indicated in further detail below.  In support of this Objection, the Debtors submit herewith the Declaration of Michael Bourgon, Vice President, Human Resources of Tribune Company (the "<u>Bourgon Declaration</u>"), attached hereto as <u>Exhibit F</u>.  In further support of the Objection, the Debtors respectfully state as follows:

## STATUS OF THE CASE

1.      On December 8, 2008 (the "<u>Petition Date</u>"), Tribune Company ("<u>Tribune</u>") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.

---

[2]  Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

46429/0001-9178039V1

2.      The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b)  (Docket No. 43, 2333).

3.      On July 23, 2012, the Court entered the Order Confirming Fourth Amended Joint Plan of Reorganization (the "Plan") for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. ([Docket No. 12074).[3]

4.      The Effective Date of the Plan occurred on December 31, 2012.[4]

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are sections 502(b) and 507(a)(4) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

## BACKGROUND CONCERNING THE DEBTORS' CLAIMS PROCESS

6.      To date, approximately 7,150 Proofs of Claim have been filed in these chapter 11 cases.  The Proofs of Claim are recorded on the official claims register (the "Claims Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

---

[3]  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

[4]  The Plan provides that one or more Debtors may undertake Restructuring Transactions on, prior to, or after the Effective Date, which may include, without limitation, mergers, consolidations, conversions, joint ventures, restructurings, recapitalizations, dispositions, liquidations or dissolutions. See Plan §5.2, Ex. 5.2 and Docket No. 12732.  Certain of the Debtors have undertaken Restructuring Transactions, pursuant to which they have been merged with and into direct or indirect wholly-owned subsidiaries of Tribune Company.  A notice with information respecting each Debtor's anticipated post-emergence entity following the consummation of the Restructuring Transactions was filed with the Bankruptcy Court on November 16, 2012 (Docket No. 12732).

## THE DISPUTED CLAIMS

7.      Each of the thirty-three (33) Disputed Claims seeks recovery of either severance payments or salary continuation payments, with the exception of Claim Number 3223, which asserts a claim for certain management incentive payments as well as a claim for certain salary continuation payments.[5]  Additionally, thirty (30) of the Disputed Claims assert that the amounts claimed therein are entitled to priority pursuant to section 507(a)(4) of the Bankruptcy Code.

8.      Generally, the Disputed Claims assert that the amounts claimed therein arise from or are related to the following categories of agreements with the Debtors:

| Claim Number(s): | Category: |
|---|---|
| 502 | Contract Buyout |
| 444, 446, 708, 719, 1691, 2237, 2589, 2613, 3410, 4777 | Mutual Separation Agreement |
| 2156, 2165 | Salary Continuation |
| 2320, 2599, 3617 | Separation Agreement |
| 3223 | Separation Agreement and MIP |
| 2028, 2252, 2340, 2849, 3271, 3272, 3273, 3274, 3640, 4413, 6086 | Severance Pay |
| 4420 | Voluntary Resignation Agreement |
| 2281, 2699, 3228, 6136 | Voluntary Separation Agreement |

## RELIEF REQUESTED

9.      By this Objection, the Debtors seek entry of an Order granting the following relief with respect to the Disputed Claims:

a)      reducing and/or fixing the value of each of the Disputed Claims identified on Exhibit A (the "Modified Amount Claims") to the dollar value listed under the column heading "Modified Amount," which corresponds to the amount the Debtors believe is owed by the applicable Debtor on account of each of the Modified Amount Claims after reconciling such claims with their books and records;

---

[5]  Claim No. 3223 was originally asserted by John Manzi and subsequently transferred to ASM Capital, L.P. (Docket No. 5564).

4

b)      (i) reducing the value of the Disputed Claim identified on Exhibit B (the "Modified Amount, Modified Priority Claim") to the dollar value listed under the column heading "Modified Amount," which corresponds to the amount the Debtors believe is owed by the applicable Debtor on account of the Modified Amount, Modified Priority Claim after reconciling such claim with their books and records, and (ii) modifying the priority of such claim from priority to non-priority, based on the Debtors' determination that the priority status asserted with respect such claim is inaccurate, as indicated under the column heading "Modified Priority Status;"

c)      (i) reducing and/or fixing the value of the Disputed Claims identified on Exhibit C (the "Modified Amount, Modified Priority, Modified Debtor Claims") to the dollar value listed under the column heading "Modified Amount," which corresponds to the amount the Debtors believe is owed by the applicable Debtor on account of each of the Modified Amount, Modified Priority, Modified Debtor Claims after reconciling such claims with their books and records; (ii) modifying the priority, in whole or in part, of each such claim from priority to non-priority, based on the Debtors' determination that the priority status asserted with respect to all or a portion of each such claim is inaccurate, as indicated under the column heading "Modified Priority Status;" and (iii) reassigning each of such claims to the Debtor listed under the column heading "Modified Debtor," which corresponds to the particular Debtor that is liable for such claim;

d)      modifying the priority, in whole or in part, of each of the Disputed Claims identified on Exhibit D (the "Modified Priority Claims") from priority to non-priority, based on the Debtors' determination that the priority status asserted with respect to all or a portion of such claims is inaccurate, as indicated under the column heading "Modified Priority Status;"

e)      (i) modifying the priority, in whole or in part, of each of the Disputed Claims identified on Exhibit E (the "Modified Priority, Modified Debtor Claims") from priority to non-priority, based on the Debtors' determination that the priority status asserted with respect to all or a portion of such claims is inaccurate as indicated under the column heading "Modified Priority Status," and (ii) reassigning each of such claims to the Debtor listed under the column heading "Modified Debtor," which corresponds to the particular Debtor that is liable for such claim; and

f)      authorizing the Claims Agent to modify each of the Disputed Claims on the Claims Register in accordance with the proposed Order.

This Objection complies with Local Rule 3007-1 in all respects.

## BASIS FOR OBJECTION

10.     Section 502(b) of the Bankruptcy Code provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a
> hearing, shall determine the amount of such claim in lawful
> currency of the United States as of the date of the filing of the
> petition, and shall allow such claim in such amount, except to the
> extent that—
>
> > (1)     such claim is unenforceable against the debtor and
> > property of the debtor, under any agreement or applicable
> > law for a reason other than because such claim is
> > contingent or unmatured . . . .

11 U.S.C. § 502(b)(1). Section 502(b)(1) recognizes the settled principle that "[c]reditors'

entitlements in bankruptcy arise in the first instance from the underlying substantive law creating

the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy

Code." Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450-51 (2007)

(citing Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20 (2000)). A claim against the bankruptcy

estate, therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be

enforceable against the debtor outside of bankruptcy." In re Combustion Eng'g, Inc., 391 F.3d

190, 245 (3d Cir. 2004).

11.     When a claim is brought before the Bankruptcy Court under section 502,

the initial burden of proof lies with the claimant to allege facts sufficient to support the proof of

claim. In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992). If the proof of claim

contains sufficient support, it is considered *prima facie* valid, and the burden then shifts to the

objector to produce evidence sufficient to negate such validity. Id. The claimant, however,

always retains the burden of persuasion. Lampe v. Lampe, 665 F.3d 506, 514 (3d Cir. 2011).

### A. Modified Amount Claims

12.     After reviewing their books and records, as well as the documentation supporting the Disputed Claims filed in these chapter 11 cases, the Debtors identified the three (3) Modified Amount Claims set forth on <u>Exhibit A</u> hereto, which were filed in the aggregate amount of $509,012.06 (plus certain undetermined amounts), and have determined that each of the Modified Amount Claims is either (i) asserted in an amount that is higher than the amount of liability reflected in the Debtors' books and records, or (ii) asserted in an amount that is partially or entirely undetermined.  The Debtors have reconciled the Modified Amount Claims against the amounts shown in their books and records as owing to the applicable claimants.  If the relief requested herein is granted, the Modified Amount Claims on <u>Exhibit A</u> will be reduced and/or fixed and allowed in the aggregate amount of $244,076.40, with the dollar value listed for each such claim under the column heading "Modified Amount," which is the amount that the Debtors agree is outstanding on account of each such claim.

## B.  **The Other Disputed Claims**

13.     Section 507(a)(4) of the Bankruptcy Code provides priority status for wages, salaries, or commissions "only to the extent . . . earned within 180 days before the date of the filing of the petition . . . " 11 U.S.C. § 507(a)(4)(A).  As detailed further herein, the Debtors have determined that the Disputed Claims asserting priority status must be modified to reflect that such claims are either (i) not entitled to priority status because the applicable claimed amounts were not earned by the claimants within 180 days of the Petition Date, or (ii) only partially entitled to priority status because only a portion of the applicable claimed amounts was earned by the claimants within 180 days of the Petition Date.

### i.     **Modified Amount, Modified Priority Claim**

14.     After reviewing their books and records and the Proofs of Claim filed in these chapter 11 cases, the Debtors identified the one (1) Modified Amount, Modified Priority

7

Claim set forth on Exhibit B hereto, which was filed in the amount of $12,477.81, and have

determined that the Modified Amount, Modified Priority Claim (i) is asserted in an amount that is

higher than the amount of liability reflected in the Debtors' books and records and (ii) improperly

asserts that the claim is entitled to priority status under section 507(a)(4) of the Bankruptcy Code.

        15.     Specifically, the Debtors have determined that the Modified Amount,

Modified Priority Claim is not entitled, under the Bankruptcy Code or applicable non-bankruptcy

law, to the priority set forth in the Proof of Claim.  Neither the documentation submitted with the

Proof of Claim nor the Debtors' books and records support the asserted statutory basis for priority

under section 507(a)(4), either in whole or part.  As a result, the Debtors believe that the priority

of the Modified Amount, Modified Priority Claim should be modified from priority to non-

priority as indicated under the column heading "Modified Priority Status" on Exhibit B.  If the

relief requested herein is granted, the Modified Amount, Modified Priority Claim on Exhibit B

will be reduced and allowed in the amount of $12,121.13, with the dollar value listed for the

claim under the column heading "Modified Amount," which reflects the amount that the Debtors

agree is outstanding on account of such claim.

      **ii.**    **Modified Amount, Modified Priority, Modified Debtor Claims**

        16.     After reviewing their books and records and the Proofs of Claim filed in

these chapter 11 cases, the Debtors identified the five (5) Modified Amount, Modified Priority,

Modified Debtor Claims set forth on Exhibit C hereto, which are filed in the aggregate amount of

$53,392.60, and have determined that each Modified Amount, Modified Priority, Modified

Debtor Claim (i) is asserted in an amount that is higher than the amount of liability reflected in

the Debtors' books and records; (ii) improperly asserts the extent to which such claim is entitled

to priority status under section 507(a)(4) of the Bankruptcy Code; and (iii) fails to specify a

particular Debtor or failed to identify the correct Debtor against which the claim is properly asserted.

17.     Specifically, the Debtors have determined that the Modified Amount, Modified Priority, Modified Debtor Claims are not entitled, under the Bankruptcy Code or applicable non-bankruptcy law, to the asserted statutory basis for priority under 11 U.S.C. § 507(a)(4), either in whole or part.  In all instances, neither the documentation submitted with the Proof of Claim nor the Debtors' books and records support the asserted priority status.  As a result, the Debtors believe that the priority of all or a portion of each Modified Amount, Modified Debtor, Modified Priority Claim should be modified from priority to non-priority as indicated under the column heading "Modified Priority Status" on <u>Exhibit C</u>.  If the relief requested herein is granted, the Modified Amount, Modified Priority, Modified Debtor Claims on <u>Exhibit C</u> will be reduced and allowed in the aggregate amount of $34,428.10, at the dollar value listed for each such claim under the column heading "Modified Amount."

18.     In addition, the Debtors seek to modify the Debtor against which the Modified Amount, Modified Priority, Modified Debtor Claims are asserted because, upon review of the documentation supporting the Proofs of Claim and their own books and records, the Debtors have determined that such each claim is more properly asserted against a different Debtor.  The Debtors propose that the Modified Amount, Modified Priority, Modified Debtor Claims be modified to specify that the claim is asserted against the particular Debtor that is (i) scheduled as having a corresponding liability to the claimant, (ii) identified in the claimant's own supporting documentation attached to the claim; and/or (iii) reflected in the Debtors' books and records as having liability to the claimant, as indicated on <u>Exhibit C</u> under the column heading "Modified Debtor."

46429/0001-9178039V1

### iii.    Modified Priority Claims

19.    After reviewing their books and records and the Proofs of Claim filed in these chapter 11 cases, the Debtors identified the twenty-two (22) Modified Priority Claims set forth on Exhibit D hereto, which are filed in the aggregate amount of $1,121,481,86, and have determined that they do not object to the dollar amounts asserted in the Modified Priority Claims. However, the Debtors have also determined that each Modified Priority Claim improperly asserts the extent to which such claim is entitled to priority status under section 507(a)(4) of the Bankruptcy Code.

20.    Specifically, the Debtors have determined that the Modified Priority Claims are not entitled, under the Bankruptcy Code or applicable non-bankruptcy law, to the asserted statutory basis for priority under 11 U.S.C. § 507(a)(4), either in whole or part. In all instances, neither the documentation submitted with the Proof of Claim nor the Debtors' books and records support the asserted statutory basis. As a result, the Debtors believe that the priority of all or a portion of each such Modified Priority Claim should be modified from priority to non-priority as indicated under the column heading "Modified Priority Status" on Exhibit D.

### iv.    Modified Priority, Modified Debtor Claims

21.    After reviewing their books and records and the Proofs of Claim filed in these chapter 11 cases, the Debtors identified the two (2) Modified Priority, Modified Debtor Claims set forth on Exhibit E, which are filed in the aggregate amount of $17,891.48, and have determined that they do not object to the dollar amounts asserted in the Modified Priority, Modified Debtor Claims. However, the Debtors have also determined that each Modified Priority, Modified Debtor Claim (i) improperly asserts the extent to which such claim is entitled to priority status under section 507(a)(4) of the Bankruptcy Code and (ii) fails to specify a particular Debtor or identify the correct Debtor against which the claim is properly asserted.

10

22.    Specifically, the Debtors have determined that the Modified Priority, Modified Debtor Claims are not entitled, under the Bankruptcy Code or applicable non-bankruptcy law, to the asserted statutory basis for priority under 11 U.S.C. § 507(a)(4), either in whole or part.  In both instances, neither the documentation submitted with the Proof of Claim nor the Debtors' books and records support the asserted statutory basis.  As a result, the Debtors believe that the priority of both Modified Priority, Modified Debtor Claims should be modified from priority to non-priority as indicated under the column heading "Modified Priority Status" on Exhibit E.

23.    In addition, the Debtors seek to modify the Debtor against which the Modified Priority, Modified Debtor Claims are asserted because either the applicable line on the Proof of Claim was left blank and no Debtor was specified or the claim was asserted against a particular Debtor, and, upon review of the documentation supporting the Proofs of Claim and their own books and records, the Debtors have determined that such claim is more properly asserted against a different Debtor.  The Debtors propose that the Modified Priority, Modified Debtor Claims be modified to specify that the claim is asserted against the particular Debtor that is (i) scheduled as having a corresponding liability to the claimant, (ii) identified in the claimant's own supporting documentation attached to the claim; and/or (iii) reflected in the Debtors' books and records as having liability to the claimant, as indicated on Exhibit E under the column heading "Modified Debtor."

## RESERVATION OF RIGHTS

24.    The Debtors hereby reserve their right to adjourn the hearing on this Objection as it pertains to any or all of the Disputed Claims.  In the event that the Debtors so adjourn the hearing, they will state that the hearing on the Objection and/or any response filed in

connection therewith has been adjourned on the agenda for the hearing, which agenda will be served on any party affected by such adjournment.

## NOTICE

25.    Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) the claimants listed on <u>Exhibit A</u>, <u>Exhibit B</u>, <u>Exhibit C</u>, <u>Exhibit D</u>, and <u>Exhibit E</u>; and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

46429/0001-9178039V1

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter the Order, pursuant to sections 502(b) and 507(a)(4) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, (i) modifying each of the Disputed Claims to reduce and allow, change the priority of and/or reassign such claim as set forth on Exhibit A, Exhibit B, Exhibit C, Exhibit D, and Exhibit E; (ii) directing the Claims Agent to modify the Claims Register in accordance with the relief requested herein; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
       January 14, 2013

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Kenneth P. Kansa
Steven W. Robinson
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile:  (312) 853-7036

                  -and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: /s/ J. Kate Stickles
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

46429/0001-9178039V1