# EXHIBIT F

**Bourgon Declaration**

46429/0001-9178039V1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## DECLARATION OF MICHAEL BOURGON IN SUPPORT OF DEBTORS' SIXTY-FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS

I, Michael Bourgon, declare as follows:

1. I am Vice President, Human Resources of Tribune Company, one of the debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and, collectively, the "Debtors"), and the ultimate parent of the other Debtors. In this position I am

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347);Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

responsible for the implementation, management, and oversight of the Debtors' employment-related policies and programs.

2. I have read the Debtors' Sixty-Fifth Omnibus (Substantive) Objection to Claims Pursuant to Sections 502(b) and 507(a)(4) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection")[2] and am directly, or by and through the Debtors' personnel and advisors, familiar with the information contained therein and in Exhibit A, Exhibit B, Exhibit C, Exhibit D, and Exhibit E attached thereto. I am authorized to submit this declaration (the "Declaration") in support of the Objection.

3. All matters set forth in this Declaration are based on: (a) my personal knowledge, (b) my review of relevant documents, (c) my view, based on my experience and knowledge of the Debtors' operations and personnel, (d) information supplied to me by others at the Debtors' request, or (e) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance on the advice of counsel or other advisors to the Debtors. If called upon to testify, I could and would testify competently to the facts set forth herein.

4. Considerable time and resources have been expended to review and reconcile the Proofs of Claim filed against the Debtors in these chapter 11 cases. Upon review of the Debtors' Books and Records, which the Debtors believe to be accurate, and the filed Proofs of Claim and supporting documentation attached thereto, the Debtors have determined that the Proofs of Claim listed on Exhibit A, Exhibit B, Exhibit C, Exhibit D, and Exhibit E to the Objection and to the proposed form of order (collectively, the "Disputed Claims") are improperly asserted as to the amount, Debtor, and/or priority of such claims. Accordingly, the Debtors filed

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Objection.

2

the Objection requesting that the Court reduce, reassign, and/or change the priority of such Disputed Claims.

5. Each of the thirty-three (33) Disputed Claims seeks recovery of either severance payments or salary continuation payments, with the exception of Claim Number 3223, which asserts a claim for certain management incentive payments as well as a claim for certain salary continuation payments.

6. For each claim where the Debtors seek to modify the claim's priority, modification is sought because each such claim is either (i) not entitled to priority status because the applicable claimed amounts were not earned by the claimant within 180 days of the Petition Date, or (ii) only partially entitled to priority status because only a portion of the applicable claimed amounts was earned by the claimant within 180 days of the Petition Date.

**A. Modified Amount Claims**

7. To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, each of the Modified Amount Claims set forth on Exhibit A to the Objection is either (i) asserted in an amount that is higher than the amount of liability reflected in the Debtors' books and records, or (ii) asserted in an amount that is partially or entirely undetermined. The Debtors have reconciled the Modified Amount Claims against the amounts shown in their books and records as owing to the applicable claimants. The amount set forth on Exhibit A reflects the amount that the Debtors agree is outstanding on account of each such claim.

**B. Modified Amount, Modified Priority Claim**

8. To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, the Modified Amount, Modified Priority Claim set forth on Exhibit B to the Objection (i) is asserted in an amount that is higher than the amount of

liability reflected in the Debtors' books and records and (ii) improperly asserts that the claim is entitled to priority status under section 507(a)(4) of the Bankruptcy Code. The amount set forth in the "Modified Amount" column on Exhibit B reflects the amount the Debtors agree is owed on account of the Modified Amount, Modified Priority Claim.

### C. Modified Amount, Modified Priority, Modified Debtor Claims

9. To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, each of the Modified Amount, Modified Priority, Modified Debtor Claims set forth on Exhibit C to the Objection (i) is asserted in an amount that is higher than the amount of liability reflected in the Debtors' books and records; (ii) improperly asserts the extent to which such claim is entitled to priority status under section 507(a)(4) of the Bankruptcy Code; and (iii) fails to specify a particular Debtor or failed to identify the correct Debtor against which the claim is properly asserted. The amount set forth in the "Modified Amount" column on Exhibit C reflects the amount that the Debtors agree is owed on account of the Modified Amount, Modified Priority, Modified Debtor Claims. In addition, the Debtor identified in the "Modified Debtor" column on Exhibit C reflects the Debtor against which each of the Modified Amount, Modified Priority, Modified Debtor Claims is properly asserted, based on the Debtors' books and records and/or the materials submitted by the claimant with their claim.

### D. Modified Priority Claims

10. To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, each of the Modified Priority Claims identified on Exhibit D to the Objection improperly asserts the extent to which such claim is entitled to priority status under section 507(a)(4) of the Bankruptcy Code.

5

### E. Modified Priority, Modified Debtor Claims

11. To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, each of the Modified Priority, Modified Debtor Claims set forth on <u>Exhibit E</u> to the Objection (i) improperly asserts the extent to which such claim is entitled to priority status under section 507(a)(4) of the Bankruptcy Code and (ii) fails to specify a particular Debtor or identify the correct Debtor against which the claim is properly asserted. In addition, the Debtor identified in the "Modified Debtor" column on <u>Exhibit E</u> reflects the Debtor against which each of the Modified Priority, Modified Debtor Claims is properly asserted, based on the Debtors' books and records and/or the materials submitted by the claimant with their claim.

[Remainder of Page Intentionally Left Blank]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of January 2013.

*/s/ Michael Bourgon*
By: Michael Bourgon