# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE ELEVENTH QUARTERLY FEE APPLICATION OF SEYFARTH SHAW LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Eleventh Quarterly Fee Application of Seyfarth Shaw LLP* [Docket No. 12047] (the "**Fee Application**"). The Fee

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Application seeks approval of fees that total $302,877.15 and reimbursement of expenses that total $11,458.44 for the period from March 1, 2012 through May 31, 2012. Seyfarth Shaw LLP ("**Seyfarth**") serves as special counsel in connection with labor and employment litigation matters for the debtors and debtors in possession (collectively the "**Debtors**").

## Background

1.      On December 8, 2008 (the "**Petition Date**"), the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. Under this Court's *Order Directing Joint Administration Chapter 11 Cases* on December 10, 2009, these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules [Docket No. 43].

2.      On December 26, 2008, the Debtors filed their Motion for an Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code [Docket No. 148] (the "**OCP Motion**"). In the OCP Motion, the Debtors sought approval of this Court to employ and retain the Ordinary Course Professionals, including Seyfarth, to provide services to the Debtors as necessary for the day-to-day operations of the Debtor's businesses on terms substantially similar to those in effect prior to the Petition Date. On January 15, 2009, this Court granted the OCP Motion and issued an order approving procedures for the employment, retention, and compensation of the Ordinary Course Professionals [Docket No. 227] (the "**OCP Order**").

3.      The OCP Order provides that in the event the fees incurred and invoiced by any Ordinary Course Professional exceed the applicable Monthly Cap, such Ordinary Course Professional shall be required to seek this Court's approval of all fees invoiced for that month in accordance with sections 330 and 331 of the Bankruptcy Code, all applicable Bankruptcy Rules

and Local Rules, and the procedures set forth in the Interim Compensation Order and the Fee Examiner Order.

4.    In October 2009 and November 2009, Seyfarth exceeded the Monthly Cap. When the Debtors determined that Seyfarth would continually exceed the monthly cap, on January 8, 2010 the Debtors filed an *Application to Retain Seyfarth as Special Counsel for Certain Employment Litigation Matters* [Docket No. 3046] (the "**Retention Application**"). On January 25, 2010, this Court entered the *Order Authorizing Debtors and Debtors in Possession to Employ and Retain Seyfarth as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, nunc pro tunc, to December 1, 2009* [Docket No. 3192] (the "**Retention Order**").

5.    Seyfarth submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 225] (the "**Interim Compensation Order**").

### Applicable Standards

6.    In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

7.    The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for

the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

8.     Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

9.     A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must

comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

10.    The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Supplemental Retention Application, the Supplemental Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to Seyfarth for review and comment. The firm submitted to the Fee Examiner a written response to the Preliminary Report. After consideration of the additional information provided by the firm, the Fee Examiner now issues this final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5.*

## DISCUSSION OF FINDINGS

### Technical Requirements

11.    **Reconciliation of Fees and Expenses.** The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**"). The recomputation of fees revealed that the Fees Requested were $202.60 more than the Fees Computed (after adjusting the hourly billing rates to reflect a 10% discount), which resulted in an apparent overcharge. The discrepancy was the result of task hours within several entries that are not equal to time billed for the entries as a whole. The discrepancy and the related entries were

displayed in **Exhibit A** to the Preliminary Report.  The firm was asked to provide comment.  In response, the firm agreed with the Fee Examiner's calculations, and accepted a fee reduction of $202.60.  Exhibit A has been omitted from the Final Report.

The Fee Examiner noted that Seyfarth has provided a 10% discount on the fees totaling $17,502.85.  This report is based on the fees computed by the Fee Examiner after adjusting the hourly billing rates to reflect the discount.

The Fee Examiner further determined that there was no discrepancy between the Expenses Requested and the Expenses Computed.   The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

12.    **Block Billing.**[2]  The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*.  The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[3]   The Delaware Bankruptcy Court has found that time entries that generally only combine work on one issue, and a conference/communication with the client or

---

[2] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing.  Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry.  As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry.  This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

[3] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g., In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g., In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent.  *See id.* at 495 n.7 and cases cited.

opposing counsel on the same issue, while technically blocked billing, will not be objectionable.[4] Seyfarth block billed entries totaling 18.70 hours and $8,597.25 in associated fees. The entries were displayed in **Exhibit B**[5] to the Preliminary Report. However, aside from an isolated entry, the block billing related to the same issue and, therefore, was not objectionable. No fee reduction is appropriate, and Exhibit B has been omitted from this Report.

13.    **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*. The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*. Seyfarth complied with the applicable rules regarding time increments.

### Review of Fees

14.    **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*. The Fee Application provided the names, positions, and hourly rates of the 35 Seyfarth professionals and paraprofessionals who billed to this matter, consisting of 16 partners, 1 senior counsel,

---

[4] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

[5] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

1 counsel, 7 associates, 5 paralegals, 1 IT staff, 2 litigation support, and 2 case assistants. A summary of hours and fees billed by each timekeeper is displayed in **Exhibit C**.

The firm billed a total of 729.50 hours with associated fees of $302,674.55.[6] The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 272.30 | 37% | $144,693.60 | 48% |
| Senior Counsel | 0.90 | * | 457.65 | * |
| Counsel | 0.10 | * | 41.40 | * |
| Associate | 288.30 | 40% | 116,685.10 | 39% |
| Paralegal | 136.00 | 19% | 36,414.90 | 12% |
| IT Staff | 2.70 | * | 558.90 | * |
| Litigation Support | 9.70 | 1% | 2,007.90 | * |
| Case Assistant | 19.50 | 3% | 1,815.10 | * |
| **TOTAL** | 729.50 | 100% | $302,674.55 | 100% |

* Less than 1%

The blended hourly rate[7] for the Seyfarth professionals is $466.31 and the blended hourly rate for professionals and paraprofessionals is $414.91.

15. **Hourly Rate Increases.** Seyfarth did not increase the hourly rates of timekeepers during this interim period.

16. **Timekeepers' Roles.** A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*. With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts. Generally, Seyfarth timekeepers appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other

---

[6] This amount reflects the Fees Computed (after adjustment for discount).

[7] The blended hourly rates were calculated using the hourly rates adjusted to reflect the 10% discount.

professionals.    However, the Fee Examiner requested additional information regarding the activities of two timekeepers who billed 0.60 hour and $225.90 in associated fees, which were displayed in **Exhibit D** to the Preliminary Report.  The Fee Examiner invited comment from the firm as to the contribution of these timekeepers and whether their services were duplicative or unnecessary.

In response, Seyfarth provided additional information with regard to the timekeepers' roles, as well as more information regarding the tasks in question.    After considering the additional information provided by the firm, the Fee Examiner does not make a recommendation for a fee reduction.  Exhibit D is omitted from this Report.

17.    **Meetings, Conferences, Hearings, and Other Events.**  The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*.  While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more Seyfarth timekeepers attended the same meeting, conference, hearing, or other event.    Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees.  The entries, totaling 30.60 hours with $13,442.70 in associated fees, were displayed in **Exhibit E** to the Preliminary Report.    In each instance where multiple timekeepers attended a meeting, conference, hearing, or other event, the Fee

Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference). The potentially duplicative and unnecessary timekeepers' entries totaled 14.70 hours with $6,049.05 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requests that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response to the Preliminary Report, Seyfarth provided the requested detail for each of the fee entries in question, which brought them into compliance with Local Rules and UST Guidelines. The Fee Examiner makes no recommendation for a fee reduction. Exhibit E is omitted from this Report.

18.    **Intraoffice Conferences.**    Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified billing activities by Seyfarth timekeepers describing intraoffice conferences totaling 17.00 hours with $7,291.05 in associated fees, or approximately 2% of the total Fees Computed, which were displayed in **Exhibit F** to the Preliminary Report. The Fee Examiner observed that in certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference. The entries describing intraoffice conferences invoiced by two or more firm personnel totaled 6.30 hours with $2,744.50 in associated fees and were highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested that Seyfarth strive to eliminate unnecessary intraoffice conferencing, and further requested that the firm provide an explanation for the necessity of more than one participant billing for the same intraoffice conference. In response to the Preliminary Report, Seyfarth

provided the requested detail for each of the questioned entries.   After reviewing Seyfarth's detailed response regarding each questioned entry, the Fee Examiner makes no recommendation for a fee reduction.   Exhibit F is omitted from this Report.

19.    **Complete and Detailed Task Descriptions.**   Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary."   The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix).*   The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.   Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v).*

a.    **Vague Communications.**   The Fee Examiner identified entries totaling 5.70 hours with $2,420.35 in associated fees in which the task description for a conference or other communication did not identify the participants to or the subject matter of the communication.   This lack of detail hinders the Fee Examiner's ability to determine the reasonableness and necessity of the activity and is in clear violation of the applicable guidelines. The questioned entries were displayed in **Exhibit G** to the Preliminary Report.   The Fee Examiner requested that Seyfarth comment on or provide the missing participant and/or subject matter information to bring the questioned entries into compliance.   Seyfarth responded by

providing the missing information for each of the questioned entries.  As the entries are now compliant, no fee reduction is warranted.  Exhibit G has been omitted from this Report.

   b. **Vague Tasks.**  The Fee Examiner reviewed the substantive detail of each billing entry and identified 26.70 hours with $12,414.50 in associated fees where the Fee Examiner could not determine the precise nature of the services performed by the timekeeper. The questioned tasks were displayed in **Exhibit H** to the Preliminary Report.  As reflected in the Local Rules and UST Guidelines, billing entries must adequately describe the services actually performed to allow a determination of whether the task was staffed appropriately, whether the task involved the exercise of legal judgment, and/or whether the task was duplicated by other timekeepers.[8]  The Fee Examiner asked Seyfarth to comment on or revise the entries to bring them into compliance.  In response, Seyfarth supplemented each of the questioned tasks with the missing information, which brought the entries into compliance with the Local Rule and UST Guidelines.  The Fee Examiner makes no recommendation for a fee reduction, and Exhibit H has been omitted from the Final Report.

  20. **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.  The Fee Examiner identified 1.40 hours with $626.15 in associated fees describing administrative functions that included, but were not limited to, overseeing staff.  The entries were displayed in **Exhibit I** to the Preliminary Report.  The Fee Examiner invited comment from the firm.  The firm provided additional information for the questioned activities, which clarified the entries and removed them from the administrative classification.  The Fee

---

[8] Vague entries do not allow the court to determine the reasonableness and necessity of the effort expended, and fees may be denied or reduced when insufficiently documented.  *E.g., In re Bennett Funding, Inc.*, 213 B.R. 234, 245-46 (Bankr. N.D.N.Y. 1997).  Entries for legal research must identify the issue and explain the research need.  *In re Fibermark, Inc.*, 349 B.R. 385, 397 (Bankr. D. Vt. 2006).

Examiner does not make a recommendation for a fee reduction, and has omitted Exhibit I from this Report.

21. **Clerical Activities.** Clerical activities do not require legal acumen, and may be effectively performed by administrative assistants, secretaries, or support personnel. Similar to administrative activities, clerical activities are generally not billable and are considered to be part of the firm's overhead. In the 3rd Circuit, however, some clerical and non-clerical activities may be compensable at a rate commensurate with the level of expertise or knowledge typically found to be necessary to complete the task. The questioned entries were displayed in **Exhibit J** to the Preliminary Report and totaled 19.90 hours with $4,556.95 in associated fees. Seyfarth responded by providing additional information regarding the purpose and necessity for the majority of the questioned activities, as well as describing the legal acumen and knowledge required for most of the tasks. The firm did, however, agree to a voluntary fee reduction in the amount of $85.95. No additional fee reduction is warranted. Exhibit J has been removed from the Final Report.

22. **Travel.** The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. Seyfarth did not bill for nonworking travel.

23. **Seyfarth Retention/Compensation.** Seyfarth billed 90.40 hours with associated fees of $22,278.15 to prepare the firm's retention documents and applications for compensation, or approximately 7% of the Fees Computed. The fee entries describing Seyfarth's retention/compensation activities are displayed in **Exhibit K**, which is included in the Final Report for the Court's reference.

### Review of Expenses

24.     **Itemization of Expenses.** The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*.   The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.   Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*. Seyfarth provided an itemization for its expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

25.     **Photocopies.**   Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii)*. Seyfarth stated in the Application that the firm's rate for copying charges is $0.10 per page.

26.     **Facsimile.** The Local Rules provide that outgoing facsimile transmission charges shall not exceed $1.00 per page. *Local Rule 2016-2(e)(iii)*.   Seyfarth stated in the Application that the firm's rate for facsimile charges is $1.00 per page for outgoing facsimiles.

27.     **Computer-Assisted Legal Research.**   The Local Rules provide that computer-assisted legal research charges "shall not be more than the actual cost." *Local Rule 2016-2 (e)(iii)*. Seyfarth requested reimbursement for computer-assisted legal research charges,

and the firm's interim application stated that "[c]omputer research is charged on a time, item and/or search-type basis which takes advantage of certain discounts that Seyfarth is able to negotiate with its service providers due to the Firm's size and volume of usage. The Firm's charges for computerized legal research such as Westlaw or Lexis are based on a rate that recovers no more than the Firm's actual costs."

28.    **Airfare.**    The Fee Examiner requested that Seyfarth provide supporting documentation for the airfare charge displayed in **Exhibit L** to the Preliminary Report, including an explanation as to why this charge appears to be higher than comparable airfare charges. In response, Seyfarth provided an explanation along with the expense back-up. No expense reduction is appropriate. Exhibit L has been omitted from this Report.

29.    **Travel Meals.**    The Fee Examiner has recommended and the Court has followed certain per person ceilings for meals incurred during travel (i.e. breakfast - $15.00, lunch - $25.00, and dinner - $50.00). The meal charges requested for reimbursement appeared to exceed these amounts. The Fee Examiner requested that Seyfarth provide information regarding the number of attendees for each meal listed in **Exhibit M** to the Preliminary Report. Seyfarth provided the information and documentation requested, which verified the expenses were necessary and proper. No expense reduction is appropriate, and Exhibit M has been omitted from the Final Report.

30.    **Local Travel.**    Fee Examiner requests that Seyfarth provide additional information with regard to the local travel charge displayed in **Exhibit N**, including an explanation for the necessity and purpose of the charge. Again, Seyfarth provided the information and documentation requested, which verified the expenses were necessary and

proper.  No expense reduction is appropriate, and Exhibit N has been omitted from the Final Report.

31.  **Parking Validations.**  The Fee Examiner requested that Seyfarth provide additional information regarding the parking validation charges displayed in **Exhibit O** to the Preliminary Report, including an explanation for the necessity and purpose of each charge. Seyfarth provided the detailed information and documentation requested, which confirmed the necessity and propriety of the charges.  No expense reduction is warranted, and Exhibit O is omitted from the Final Report.

## CONCLUSION

The Fee Examiner submits this final report regarding the Fee Application and the fees and expenses discussed above.  The Fee Examiner recommends the approval of fees in the amount of $302,588.60 ($302,877.15 minus $288.55) and reimbursement of expenses in the amount of $11,458.44 for the period from March 1, 2012 through May 31, 2012.  The findings are set forth in the summary on the following page.

**SEYFARTH SHAW LLP**

**SUMMARY OF FINDINGS**

**Eleventh Quarterly Fee Application (March 1, 2012 through May 31, 2012)**

**A.   Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $302,877.15 | |
| Expenses Requested | 11,458.44 | |
| TOTAL FEES AND EXPENSES REQUESTED | | $314,335.59 |
| Fees Computed | $302,674.55 | |
| Expenses Computed | 11,458.44 | |
| TOTAL FEES AND EXPENSES COMPUTED | | $314,132.99 |
| Discrepancy in Fees | $    202.60 | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $      202.60 |

**B.   Recommended Fee Allowance and Expense Reimbursement**

| | | | |
|---|---|---|---|
| Fees Requested | | $302,877.15 | |
| *Discrepancy in Fees* | | | *($202.60)* |
| *Agreed Reduction for Clerical Activities* | | | *(85.95)* |
| | Subtotal | | *($288.55)* |
| RECOMMENDED FEE ALLOWANCE | | | $302,588.60 |
| Expenses Requested | | $11,458.44 | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 11,458.44 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $314,047.04 |

Respectfully submitted,

**STUART MAUE**

By: _____

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri 63044
Telephone:   (314) 291-3030
Facsimile:   (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 21st day of January, 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for Prepetition
Lenders, JP Morgan Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Jeremy P. Sherman, Esq.
Partner
Seyfarth Shaw LLP
131 S. Dearborn Street, Suite 2400
Chicago, IL 60603-5577

_____
John F. Theil, Esq.

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

### Seyfarth Shaw LLP

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|----------|------|----------|-------------|-------------|---------------|---------------|
| LOHA | O'Hara, Lorraine | PARTNER | $455.00 | $549.00 | 142.30 | $64,812.30 |
| MRYB | Rybicki, Michael | PARTNER | $652.50 | $652.50 | 32.10 | $20,945.25 |
| ECER | Cerasia II, Edward | PARTNER | $688.50 | $688.50 | 25.10 | $17,281.35 |
| JPSH | Sherman, Jeremy | PARTNER | $652.50 | $652.50 | 17.30 | $11,288.25 |
| KEMI | Michaels, Kristin | PARTNER | $544.50 | $544.50 | 11.00 | $5,989.50 |
| MLIE | Lies, Mark | PARTNER | $576.00 | $576.00 | 9.90 | $5,702.40 |
| NFIN | Finkel, Noah | PARTNER | $517.50 | $517.50 | 10.20 | $5,278.50 |
| GPAU | Pauling II, Gerald | PARTNER | $535.50 | $535.50 | 8.30 | $4,444.65 |
| THAL | Haley, Timothy | PARTNER | $585.00 | $585.00 | 5.70 | $3,334.50 |
| COLS | Olson, Camille | PARTNER | $648.00 | $648.00 | 2.90 | $1,879.20 |
| JCOL | Collins, John | PARTNER | $522.00 | $522.00 | 3.10 | $1,618.20 |
| AGRE | Greetis, Adam | PARTNER | $477.00 | $477.00 | 2.70 | $1,287.90 |
| KLAU | Launey, Kristina | PARTNER | $427.50 | $427.50 | 0.70 | $299.25 |
| WSCH | Schurgin, William | PARTNER | $544.50 | $544.50 | 0.40 | $217.80 |
| JDME | Meer, Jon | PARTNER | $580.50 | $580.50 | 0.30 | $174.15 |
| TLHI | Hix, Timothy | PARTNER | $468.00 | $468.00 | 0.30 | $140.40 |
| | No. of Billers for Position: 16 | Blended Rate for Position: | $531.38 | | 272.30 | $144,693.60 |
| | | | | | % of Total: 37.33% | % of Total: 47.81% |
| DHOW | Howells, Dana | SENIOR COUNSEL | $508.50 | $508.50 | 0.90 | $457.65 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $508.50 | | 0.90 | $457.65 |
| | | | | | % of Total: 0.12% | % of Total: 0.15% |
| KOSG | Osgood, Karen | COUNSEL | $414.00 | $414.00 | 0.10 | $41.40 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $414.00 | | 0.10 | $41.40 |
| | | | | | % of Total: 0.01% | % of Total: 0.01% |
| JBRO | Brodsky, Julia | ASSOCIATE | $455.00 | $455.00 | 140.60 | $63,973.00 |
| NBRI | Riesco, Natascha | ASSOCIATE | $351.00 | $351.00 | 64.00 | $22,464.00 |
| AIAN | Ianni, Allison | ASSOCIATE | $355.50 | $355.50 | 42.20 | $15,002.10 |

**EXHIBIT C**

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Seyfarth Shaw LLP**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|----------|------|----------|--------------|--------------|----------------|---------------|
| KPET | Petersen, Kyle | ASSOCIATE | $346.50 | $346.50 | 27.50 | $9,528.75 |
| ACAB | Cabrera, Anjanette | ASSOCIATE | $418.50 | $418.50 | 12.20 | $5,105.70 |
| ZROB | Robert, Zachariah | ASSOCIATE | $328.50 | $328.50 | 1.30 | $427.05 |
| MSAN | Sank, Max | ASSOCIATE | $369.00 | $369.00 | 0.50 | $184.50 |
| | No. of Billers for Position: 7 | Blended Rate for Position: | $404.73 | | 288.30 | $116,685.10 |
| | | | | | % of Total: 39.52% | % of Total: 38.55% |
| OGOL | Golinder, Olia | PARALEGAL | $270.00 | $270.00 | 62.30 | $16,821.00 |
| ACON | Connor, Andrew | PARALEGAL | $279.00 | $279.00 | 36.40 | $10,155.60 |
| JMCM | McManus, Jennifer | PARALEGAL | $261.00 | $261.00 | 30.70 | $8,012.70 |
| ABAL | Balint, Alayna | PARALEGAL | $216.00 | $216.00 | 6.00 | $1,296.00 |
| NPUZ | Puzio, Nadine | PARALEGAL | $216.00 | $216.00 | 0.60 | $129.60 |
| | No. of Billers for Position: 5 | Blended Rate for Position: | $267.76 | | 136.00 | $36,414.90 |
| | | | | | % of Total: 18.64% | % of Total: 12.03% |
| RSCH | Schley, Rebecca | IT STAFF | $207.00 | $207.00 | 2.70 | $558.90 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $207.00 | | 2.70 | $558.90 |
| | | | | | % of Total: 0.37% | % of Total: 0.18% |
| CMCL | McLeod, Charles | LITIGATION SUPP | $207.00 | $207.00 | 8.70 | $1,800.90 |
| DGRA | Grant, Derrell | LITIGATION SUPP | $207.00 | $207.00 | 1.00 | $207.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $207.00 | | 9.70 | $2,007.90 |
| | | | | | % of Total: 1.33% | % of Total: 0.66% |
| ASHE | Shepro, Alice | CASE ASSISTANT | $94.50 | $94.50 | 18.80 | $1,776.60 |
| GCHU | Chuchla, Grace | CASE ASSISTANT | $55.00 | $55.00 | 0.70 | $38.50 |

**EXHIBIT G**

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Seyfarth Shaw LLP**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| | No. of Billers for Position: 2 | Blended Rate for Position: | $93.08 | | 19.50 | $1,815.10 |
| | | | | | % of Total:  2.67% | % of Total:  0.60% |
| | Total No. of Billers: 35 | Blended Rate for Report: | $414.91 | | 729.50 | $302,674.55 |

EXHIBIT K

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Connor, A | 36.40 | 10,155.60 |
| McManus, J | 30.70 | 8,012.70 |
| Riesco, N | 2.00 | 702.00 |
| Shepro, A | 18.80 | 1,776.60 |
| Sherman, J | 2.50 | 1,631.25 |
| | 90.40 | $22,278.15 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune - Bankruptcy Fee Application | 90.40 | 22,278.15 |
| | 90.40 | $22,278.15 |

EXHIBIT K

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 03/01/12 Thu | McManus, J 1975477/18 | 0.80 | 0.80 | 208.80 | 0.10 0.70 | F F | 1 2 | *MATTER NAME: Tribune - Bankruptcy Fee Application* ARRANGE FOR TWENTY-SEVENTH MONTHLY FEE APPLICATION TO BE FILED WITH THE COURT (.10); PREPARE TWENTY-EIGHTH MONTHLY FEE APPLICATION (.70). |
| 03/01/12 Thu | Sherman, J 1975477/17 | 0.30 | 0.30 | 195.75 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* REVIEW/EXECUTE TWENTY-SEVENTH MONTHLY FEE APPLICATION. |
| 03/02/12 Fri | McManus, J 1975477/19 | 0.70 | 0.70 | 182.70 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* PREPARE SEYFARTH'S TWENTY-EIGHTH MONTHLY FEE APPLICATION. |
| 03/06/12 Tue | Sherman, J 1975477/20 | 0.50 | 0.50 | 326.25 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* REVIEW/REDACT INVOICES FOR PURPOSES OF PRIVILEGE. |
| 03/09/12 Fri | Sherman, J 1975477/21 | 0.60 | 0.60 | 391.50 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* REVIEW MARCH 9 FEE EXAMINER PRELIMINARY REPORT DATED MARCH 9, 2012. |
| 03/13/12 Tue | McManus, J 1975477/22 | 0.60 | 0.60 | 156.60 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* PREPARE RESPONSE TO FEE EXAMINER'S REPORT ON SIXTH INTERIM FEE APPLICATION. |
| 03/14/12 Wed | McManus, J 1975477/23 | 0.50 | 0.50 | 130.50 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* REVIEW/EDIT/SUPPLEMENT TIME DETAIL AS EXHIBIT TO SEYFARTH'S TWENTY-EIGHTH MONTHLY FEE APPLICATION. |
| 03/16/12 Fri | McManus, J 1975477/24 | 0.70 | 0.70 | 182.70 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* REVISE SEYFARTH'S RESPONSE TO FEE EXAMINER'S REPORT ON SEYFARTH'S FIFTH INTERIM FEE APPLICATION. |
| 03/19/12 Mon | McManus, J 1975477/25 | 0.90 | 0.90 | 234.90 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* REVISE SPREADSHEET/RESPONSE TO FEE AUDITOR'S REPORT ON SEYFARTH'S FIFTH QUARTERLY FEE APPLICATION. |
| 03/20/12 Tue | McManus, J 1975477/26 | 1.30 | 1.30 | 339.30 | 0.10 0.50 0.20 0.50 | F F F F | 1 2 3 4 | *MATTER NAME: Tribune - Bankruptcy Fee Application* CONFER WITH J. THEIL REGARDING FINAL EDITS TO RESPONSE TO FEE EXAMINER'S REPORT ON SEYFARTH'S FIFTH INTERIM FEE APPLICATION (.10); FINALIZE/SUBMIT SAME (.50); REVIEW FEE EXAMINER'S REPORT ON SEYFARTH'S SIXTH INTERIM FEE APPLICATION (.20); BEGIN PREPARING RESPONSE TO FEE EXAMINER'S REPORT ON SEYFARTH'S SIXTH INTERIM FEE APPLICATION (.50). |
| 03/21/12 Wed | McManus, J 1975477/27 | 1.70 | 1.70 | 443.70 | 1.20 0.50 | F F | 1 2 | *MATTER NAME: Tribune - Bankruptcy Fee Application* PREPARE TWENTY-EIGHTH MONTHLY FEE APPLICATION (1.20); PREPARE RESPONSE TO FEE EXAMINER'S REPORT ON SEYFARTH'S SIXTH INTERIM FEE APPLICATION (.50). |
| 03/22/12 Thu | McManus, J 1975477/28 | 0.60 | 0.60 | 156.60 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* REVISE SEYFARTH'S TWENTY-EIGHTH MONTHLY FEE APPLICATION. |

~ See the last page of exhibit for explanation

EXHIBIT K

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 03/29/12 Thu | McManus, J 1975477/29 | 1.10 | 1.10 | 287.10 | 0.60 0.10 0.10 0.30 | F F F F | 1 2 3 4 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>PREPARE RESPONSE TO FEE EXAMINER'S REPORT ON SEYFARTH'S SIXTH INTERIM FEE APPLICATION (.60);<br>CONFERENCE WITH A. SHEPRO REGARDING PREPARATION OF CHART REGARDING SAME (.10);<br>RESPOND TO J. THEIL REGARDING ADDITIONAL INQUIRIES REGARDING FIFTH INTERIM FEE APPLICATION (.10);<br>REVISE FEE DETAIL PORTION OF SEYFARTH'S TWENTY-EIGHTH MONTHLY FEE APPLICATION (.30). |
| 03/30/12 Fri | Sherman, J 1975477/30 | 0.50 | 0.50 | 326.25 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>REDACT MARCH STATEMENTS FOR PRIVILEGE. |
| 04/02/12 Mon | McManus, J 1988177/4 | 0.80 | 0.80 | 208.80 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>REVISE SEYFARTH'S TWENTY-EIGHTH MONTHLY FEE APPLICATION. |
| 04/03/12 Tue | McManus, J 1988177/5 | 1.20 | 1.20 | 313.20 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>DRAFT TENTH QUARTERLY FEE APPLICATION. |
| 04/05/12 Thu | McManus, J 1988177/7 | 0.80 | 0.80 | 208.80 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>FINALIZE SEYFARTH'S TWENTY-EIGHTH MONTHLY FEE APPLICATION IN PREPARATION FOR FILING. |
| 04/05/12 Thu | Sherman, J 1988177/6 | 0.30 | 0.30 | 195.75 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>REVIEW AND EXECUTE TWENTY-EIGHTH MONTHLY FEE APPLICATION. |
| 04/06/12 Fri | McManus, J 1988177/8 | 2.50 | 2.50 | 652.50 | 1.20 1.30 | F F | 1 2 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>REVISE TWENTY-EIGHTH MONTHLY FEE APPLICATION (1.20);<br>PREPARE TENTH QUARTERLY FEE APPLICATION (1.30). |
| 04/09/12 Mon | McManus, J 1988177/9 | 1.50 | 1.50 | 391.50 | 0.30 0.60 0.60 | F F F | 1 2 3 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>REVISE PLEADING PORTION OF SEYFARTH'S TWENTY-NINTH MONTHLY FEE APPLICATION (.30);<br>PREPARE TENTH INTERIM FEE APPLICATION (.60);<br>PREPARE RESPONSE TO FEE EXAMINER'S REPORT ON SEYFARTH'S SIXTH INTERIM FEE APPLICATION (.60). |
| 04/12/12 Thu | McManus, J 1988177/10 | 1.70 | 1.70 | 443.70 | 1.20 0.50 | F F | 1 2 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>FINALIZE/REVISE PLEADING PORTION OF SEYFARTH'S TENTH QUARTERLY FEE APPLICATION (1.20);<br>PREPARE RESPONSE TO FEE EXAMINER'S REPORT ON SIXTH INTERIM FEE APPLICATION (.50). |
| 04/17/12 Tue | McManus, J 1988177/11 | 0.10 | 0.10 | 26.10 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>REVIEW PROPOSED OMNIBUS FEE ORDER IN PREPARATION FOR 4/25/12 HEARING AND CONFIRM FEE AND EXPENSE AWARD TO SEYFARTH. |
| 04/18/12 Wed | Connor, A 1988177/12 | 0.20 | 0.20 | 55.80 | 0.10 0.10 | F F | 1 2 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>REVIEW EXAMINER'S REPORT (.10);<br>CONFIRM FEE AND EXPENSE ADJUSTMENTS IN PREPARATION FOR HEARING (.10). |
| 04/19/12 Thu | McManus, J 1988177/13 | 1.00 | 1.00 | 261.00 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>PREPARE RESPONSE TO FEE EXAMINER'S REPORT ON SEYFARTH'S SIXTH INTERIM FEE APPLICATION. |

~ See the last page of exhibit for explanation

EXHIBIT K

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 04/23/12 Mon | McManus, J 1988177/14 | 0.60 | 0.60 | 156.60 | | | | *MATTER NAME: Tribune - Bankruptcy Fee Application* |
| | | | | | | | 1 | REVISE RESPONSE TO FEE EXAMINER'S REPORT ON SEYFARTH'S SIXTH INTERIM FEE APPLICATION. |
| 04/24/12 Tue | McManus, J 1988177/15 | 0.40 | 0.40 | 104.40 | | | | *MATTER NAME: Tribune - Bankruptcy Fee Application* |
| | | | | | 0.10 | F | 1 | REVIEW PROPOSED ORDER REGARDING TENTH INTERIM FEE APPLICATION (.10); |
| | | | | | 0.10 | F | 2 | CONFIRM PROPOSED PAYMENT TO SEYFARTH (.10); |
| | | | | | 0.20 | F | 3 | PREPARE (WITH R. PINKSTON) FOR HEARING ON SAME (.20). |
| 04/30/12 Mon | Connor, A 1988177/17 | 5.30 | 5.30 | 1,478.70 | | | | *MATTER NAME: Tribune - Bankruptcy Fee Application* |
| | | | | | 0.80 | F | 1 | REVIEW FEE EXAMINER'S PRELIMINARY REPORT ON SEYFARTH SIXTH INTERIM FEE APPLICATION (.80); |
| | | | | | 4.50 | F | 2 | PREPARATION OF RESPONSE TO PRELIMINARY REPORT ON SEYFARTH SIXTH FEE APPLICATION (4.5). |
| 04/30/12 Mon | McManus, J 1988177/16 | 2.20 | 2.20 | 574.20 | | | | *MATTER NAME: Tribune - Bankruptcy Fee Application* |
| | | | | | 0.10 | F | 1 | MEETING WITH J. SHERMAN TO DISCUSS RESPONSES TO FEE AUDITOR'S REPORT ON SEYFARTH'S SEVENTH MONTHLY INTERIM FEE APPLICATION (.10); |
| | | | | | 1.40 | F | 2 | PREPARE RESPONSES TO FEE AUDITOR'S REPORT ON SEYFARTH'S SIXTH MONTHLY INTERIM FEE APPLICATION (1.40); |
| | | | | | 0.70 | F | 3 | DRAFT PLEADING PORTION OF SEYFARTH'S THIRTIETH MONTHLY FEE APPLICATION (.70). |
| 05/01/12 Tue | Connor, A 1998420/29 | 2.10 | 2.10 | 585.90 | | | | *MATTER NAME: Tribune - Bankruptcy Fee Application* |
| | | | | | | | 1 | CONTINUE PREPARATION OF RESPONSE TO FEE EXAMINER'S REPORT OF SEYFARTH SIXTH FEE APPLICATION. |
| 05/01/12 Tue | McManus, J 1998420/28 | 0.80 | 0.80 | 208.80 | | | | *MATTER NAME: Tribune - Bankruptcy Fee Application* |
| | | | | | | | 1 | REVISE SEYFARTH'S THIRTIETH MONTHLY FEE APPLICATION. |
| 05/01/12 Tue | Shepro, A 1998420/30 | 3.30 | 3.30 | 311.85 | | | | *MATTER NAME: Tribune - Bankruptcy Fee Application* |
| | | | | | | | 1 | COMPILE/PREPARE THIRTHETH MONTHLY FEE APPLICATION. |
| 05/02/12 Wed | Connor, A 1998420/33 | 1.00 | 1.00 | 279.00 | | | | *MATTER NAME: Tribune - Bankruptcy Fee Application* |
| | | | | | | | 1 | FOLLOW UP ON PREVIOUS QUERIES TO PROFESSIONALS REGARDING CLARIFICATION FOR INCORPORATION INTO RESPONSE TO REPORT OF FEE EXAMINER. |
| 05/02/12 Wed | McManus, J 1998420/32 | 1.30 | 1.30 | 339.30 | | | | *MATTER NAME: Tribune - Bankruptcy Fee Application* |
| | | | | | 0.70 | F | 1 | REVISE RESPONSE TO FEE EXAMINER'S REPORT ON SEYFARTH'S SIXTH FEE APPLICATION (.70); |
| | | | | | 0.60 | F | 2 | REVIEW/EDIT EXHIBIT 1 TO SEYFARTH'S THIRTIETH MONTHLY FEE APPLICATION (.60). |
| 05/02/12 Wed | Riesco, N 1998420/31 | 0.50 | 0.50 | 175.50 | | | | *MATTER NAME: Tribune - Bankruptcy Fee Application* |
| | | | | | | | 1 | DRAFT RESPONSE TO FEE EXAMINER'S REQUEST. |
| 05/03/12 Thu | Connor, A 1998420/35 | 1.60 | 1.60 | 446.40 | | | | *MATTER NAME: Tribune - Bankruptcy Fee Application* |
| | | | | | | | 1 | WORK ON RESPONSE TO FEE EXAMINER'S REPORT. |
| 05/03/12 Thu | McManus, J 1998420/34 | 0.80 | 0.80 | 208.80 | | | | *MATTER NAME: Tribune - Bankruptcy Fee Application* |
| | | | | | | | 1 | DRAFT RESPONSE TO SEYFARTH'S SEVENTH INTERIM FEE APPLICATION. |

~ See the last page of exhibit for explanation

EXHIBIT K
SEYFARTH RETENTION/COMPENSATION
Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
| 05/04/12 Fri | Connor, A 1998420/36 | 3.90 | 3.90 | 1,088.10 | 3.10 0.80 | F 1 F 2 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>COMPLETE RESPONSES TO FEE EXAMINER'S INQUIRY REGARDING SEYFARTH'S SIXTH INTERIM FEE APPLICATION (3.10);<br>TELEPHONE CONFERENCE WITH J. THEIL, FEE EXAMINER REGARDING NEED TO SUPPLEMENT RESPONSES AND FORWARD RESPONSES FOR REVIEW, COMMENT (.80). |
| 05/07/12 Mon | Connor, A 1998420/38 | 0.10 | 0.10 | 27.90 | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>FOLLOW UP WITH J. ROSS REGARDING RESPONSES TO FEE EXAMINER'S REPORT ON SIXTH INTERIM FEE APPLICATION. |
| 05/07/12 Mon | McManus, J 1998420/37 | 0.40 | 0.40 | 104.40 | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVIEW FEE APPLICATION DETAIL FOR ACCURATE DESCRIPTIONS/REDACTIONS IN PREPARATION OF SEYFARTH'S THIRTY-FIRST MONTHLY FEE APPLICATION. |
| 05/08/12 Tue | McManus, J 1998420/39 | 1.70 | 1.70 | 443.70 | 0.90 0.80 | F 1 F 2 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVISE/FINALIZE SEYFARTH'S THIRTIETH MONTHLY FEE APPLICATION (.90);<br>PREPARE SEYFARTH'S THIRTY-FIRST FEE APPLICATION (.80). |
| 05/09/12 Wed | Shepro, A 1998420/40 | 0.60 | 0.60 | 56.70 | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>COMMENCE EDITS TO RESPONSE TO FEE AUDITOR'S REPORT FOR THE SEVENTH INTERIM FEE APPLICATION. |
| 05/10/12 Thu | McManus, J 1998420/42 | 0.60 | 0.60 | 156.60 | 0.10 0.50 | F 1 F 2 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>CAUSE THIRTIETH MONTHLY FEE APPLICATION TO BE FILED WITH THE COURT (.10);<br>REVISE EXHIBIT A TO SEYFARTH'S THIRTY-FIRST MONTHLY FEE APPLICATION (.50). |
| 05/10/12 Thu | Shepro, A 1998420/43 | 3.20 | 3.20 | 302.40 | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>CONTINUE EDITS ON RESPONSE TO FEE AUDITOR'S REPORT FOR SEVENTH INTERIM FEE APPLICATION. |
| 05/10/12 Thu | Sherman, J 1998420/41 | 0.30 | 0.30 | 195.75 | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVIEW/EXECUTE THIRTEENTH MONTHLY FEE APPLICATION. |
| 05/11/12 Fri | Shepro, A 1998420/44 | 1.90 | 1.90 | 179.55 | 1.60 0.30 | F 1 F 2 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>COMPILE RESPONSE TO FEE AUDITOR'S REPORT FOR SEVENTH MONTHLY FEE APPLICATION (1.60);<br>RETRIEVE EXHIBITS FOR THE FIFTH QUARTERLY FEE AUDITOR'S REPORT FOR O. REYES (.30). |
| 05/14/12 Mon | Shepro, A 1998420/45 | 2.70 | 2.70 | 255.15 | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>COMPILE RESPONSE TO FEE AUDITOR'S REPORT FOR SEVENTH INTERIM FEE APPLICATION. |
| 05/15/12 Tue | Shepro, A 1998420/46 | 4.20 | 4.20 | 396.90 | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>COMPILE RESPONSE TO FEE AUDITOR'S REPORT FOR SEVENTH INTERIM FEE APPLICATION. |
| 05/16/12 Wed | Connor, A 1998420/48 | 3.00 | 3.00 | 837.00 | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>BEGIN WORK ON COLLECTING RESPONSES TO FEE EXAMINER'S SEVENTH REPORT. |
| 05/16/12 Wed | McManus, J 1998420/47 | 0.70 | 0.70 | 182.70 | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>PREPARE PORTIONS OF RESPONSE TO FEE EXAMINER'S REPORT ON SEYFARTH'S TENTH INTERIM FEE APPLICATION. |

~ See the last page of exhibit for explanation

EXHIBIT K
SEYFARTH RETENTION/COMPENSATION
Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 05/16/12 Wed | Shepro, A 1998420/49 | 2.50 | 2.50 | 236.25 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>COMPLETE COMPILATION/EDITS OF RESPONSE TO SEVENTH FEE AUDITORS' REPORT FOR A. CONNOR. |
| 05/17/12 Thu | Connor, A 1998420/51 | 3.60 | 3.60 | 1,004.40 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>WORK ON RESPONSE TO FEE EXAMINER'S REPORT. |
| 05/17/12 Thu | McManus, J 1998420/50 | 0.80 | 0.80 | 208.80 | 0.40 F<br>0.40 F | | 1<br>2 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>PREPARE RESPONSES TO FEE EXAMINER'S REPORT ON SEYFARTH'S TENTH INTERIM FEE APPLICATION (.40);<br>PREPARE THIRTY-FIRST MONTHLY FEE APPLICATION (.40). |
| 05/21/12 Mon | Riesco, N 1998420/52 | 1.50 | 1.50 | 526.50 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>PREPARE RESPONSE TO FEE EXAMINER'S REPORT. |
| 05/22/12 Tue | Connor, A 1998420/53 | 4.70 | 4.70 | 1,311.30 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>WORK ON RESPONSES TO FEE EXAMINER'S SEVENTH REPORT. |
| 05/22/12 Tue | Shepro, A 1998420/54 | 0.40 | 0.40 | 37.80 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>COMPILE RESPONSES FOR FURTHER DETAIL FOR TIME ENTRIES IN TRIBUNE FEE APPLICATIONS FOR A. CONNOR. |
| 05/23/12 Wed | McManus, J 1998420/55 | 0.70 | 0.70 | 182.70 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>PREPARE THIRTY-FIRST FEE APPLICATION. |
| 05/24/12 Thu | Connor, A 1998420/57 | 3.90 | 3.90 | 1,088.10 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>WORK ON CULLING, ASSEMBLING RESPONSES TO FEE EXAMINER REPORT. |
| 05/24/12 Thu | McManus, J 1998420/56 | 0.50 | 0.50 | 130.50 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>PREPARE SEYFARTH'S THIRTY-FIRST MONTHLY FEE APPLICATION. |
| 05/25/12 Fri | Connor, A 1998420/58 | 2.60 | 2.60 | 725.40 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>WORK ON RESPONSES TO FEE EXAMINER REPORT REGARDING SEVENTH FEE APPLICATION. |
| 05/29/12 Tue | McManus, J 1998420/59 | 0.70 | 0.70 | 182.70 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVIEW/EDIT EXHIBIT A TO SEYFARTH'S THIRTY-FIRST MONTHLY FEE APPLICATION. |
| 05/30/12 Wed | Connor, A 1998420/60 | 2.20 | 2.20 | 613.80 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>CONTINUE WORKING ON RESPONSE TO FEE EXAMINER SEVENTH REPORT. |
| 05/31/12 Thu | Connor, A 1998420/61 | 2.20 | 2.20 | 613.80 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>CONTINUE WORKING ON RESPONSES TO FEE EXAMINER'S REPORT. |

~  See the last page of exhibit for explanation

EXHIBIT K

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
| | | | 90.40 | $22,278.15 | | | |
| Total | | | | | | | |
| Number of Entries: | 62 | | | | | | |

EXHIBIT K

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Connor, A | 36.40 | 10,155.60 |
| McManus, J | 30.70 | 8,012.70 |
| Riesco, N | 2.00 | 702.00 |
| Shepro, A | 18.80 | 1,776.60 |
| Sherman, J | 2.50 | 1,631.25 |
| | 90.40 | $22,278.15 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune - Bankruptcy Fee Application | 90.40 | 22,278.15 |
| | 90.40 | $22,278.15 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL