# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE
## ELEVENTH INTERIM FEE APPLICATION OF ZUCKERMAN SPAEDER LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Eleventh Interim Fee Application of Zuckerman Spaeder LLP for Interim Approval and Allowance of Compensation and Reimbursement of Expenses* [Docket No. 12021] (the "**Fee Application**"). The Fee Application

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

seeks approval of fees that total $291,866.00 and reimbursement of expenses that total $23,462.55 for the period from March 1, 2012 through May 31, 2012. Zuckerman Spaeder LLP ("**Zuckerman**") serves as Special Counsel to the Official Committee of Unsecured Creditors (the "**Committee**").

### Background

1.      On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2.      On August 13, 2009, the Committee filed the *Application of the Official Committee of Unsecured Creditors of Tribune Company, et al., Pursuant to 11 U.S.C. §§ 328 and 1103 and Fed. R. Bankr. P. 2014, for an Order Authorizing the Employment and Retention of Zuckerman Spaeder LLP as Special Counsel Nunc Pro Tunc to August 6, 2009* [Docket No. 1953] (the "**Retention Application**"). By order dated September 3, 2009, this Court approved the retention of Zuckerman (the "**Retention Order**"). The Retention Order provided that Zuckerman "shall be compensated in accordance with the procedures set forth in section 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, local rules and orders of the court, guidelines established by the Office of the United States Trustee, and such other procedures as may be fixed by order of this Court."

3.      Zuckerman submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

## Applicable Standards

4.     In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.     The Fee Examiner reviewed the Fee Application for compliance with Sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.     Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

7.    A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.    The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to Zuckerman for review and comment. The firm submitted to the Fee Examiner a lengthy and detailed written response to the Preliminary Report. After consideration of the additional information provided by the firm, the Fee Examiner now issues this final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5.*

## DISCUSSION OF FINDINGS

### Technical Requirements

9.      **Reconciliation of Fees and Expenses.**  The Fee Examiner compared the total

amount of fees and expenses requested in the Fee Application (**"Fees Requested"** and

**"Expenses Requested"**) to the fees and expenses actually documented in the electronic and/or

hard copy data received from the firm (**"Fees Computed"** and **"Expenses Computed"**).  The

Fee Examiner identified no discrepancies between the Fees Requested and the Fees Computed,

nor any discrepancies between the Expenses Requested and the Expenses Computed.

10.     **Block Billing.**[2]  The Local Rules provide that "[a]ctivity descriptions shall not be

lumped – each activity shall have a separate description and a time allotment." *Local*

*Rule 2016-2(d)(vii).*  The UST Guidelines further provide that where a timekeeper's daily time

entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not

combined or 'lumped' together, with each service showing a separate time entry." *UST*

*Guidelines* ¶(b)(4)(v).[3]  The Fee Examiner identified block billed time entries totaling

30.80 hours with associated fees of $19,069.00, which were displayed in **Exhibit A**[4] to the

Preliminary Report.  Based upon precedent established by this Court, the objectionable block

---

[2] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

[3] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

[4] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

billed entries totaled 14.90 hours with $8,907.50 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit. Zuckerman was invited to comment on the firm's block billing and/or to bring the entries within compliance of the Local Rules and UST Guidelines. In response, the firm provided additional detail for the long entries, which brought them within substantial compliance. No fee reduction is recommended, and Exhibit A is omitted from this Report.

11.    **Time Increments.** The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*. The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*. Zuckerman complied with the applicable rules regarding time increments.

**Review of Fees**

12.    **Firm Staffing.** The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*. The Fee Application provided the names, positions, and hourly rates of the eight Zuckerman professionals and paraprofessionals who billed to this matter, consisting of four partners, one associate, two paralegals, and one library assistant. A summary of hours and fees billed by each timekeeper is displayed in **Exhibit B**.

The firm billed a total of 479.00 hours with associated fees of $291,866.00. The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 387.30 | 81% | $265,932.50 | 91% |
| Associate | 8.50 | 2% | 3,187.50 | 1% |
| Paralegal | 82.20 | 17% | 22,566.00 | 8% |
| Library Assistant | 1.00 | * | 180.00 | * |
| TOTAL | 479.00 | 100% | $291,866.00 | 100% |

\* Less than 1%

The blended hourly rate for the Zuckerman professionals is $679.94 and the blended hourly rate for professionals and paraprofessionals is $609.32.

13.    **Hourly Rate Increases.**    Zuckerman did not increase the hourly rates for timekeepers during this interim period.

14.    **Timekeepers' Roles.**    A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*.  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.  Zuckerman timekeepers appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.  However, the Fee Examiner requested additional information regarding the fees invoiced by one timekeeper.  The questioned timekeeper performed passive tasks such as reviewing pleadings and the work product of others.  None of the entries appeared to advance the matter in any appreciable manner.  The Fee Examiner was interested in the activities engaged in by this timekeeper and whether his activities were necessary and added value to the work performed on behalf of the Debtors.  The questioned entries, totaling 41.10 hours with $25,071.00 in associated fees, were displayed in **Exhibit C** to the Preliminary Report.

In response, the firm stated the questioned timekeeper has been enlisted on several Tribune projects, often on short notice, so the firm felt it was important for him to stay abreast of

developments in the case. Zuckerman also agreed, without prejudice and reserving all rights, to reduce its fee request by $15,860.00. Based on the detailed response provided and the compromised reduction, no further fee reduction is warranted. Exhibit C has been omitted from the Final Report.

15. **Meetings, Conferences, Hearings, and Other Events.** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" *Local Rule 2016-2(d)(ix)*. The UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*. While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more Zuckerman timekeepers attended the same meeting, conference, hearing, or other event, as well as any associated travel activities. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 19.20 hours with $14,088.00 in associated fees, were displayed in **Exhibit D** to the Preliminary Report. In each instance where multiple timekeepers attended a meeting, conference, hearing, or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference). The potentially duplicative and unnecessary timekeepers' entries, including those tasks referencing related travel, totaled 6.70 hours with $4,333.00 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the Exhibit. The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate --

an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response to the Preliminary Report, Zuckerman stated that as a matter of practice multiple firm attorneys attended events only when necessary and only for the amount of time necessary. The firm provided an explanation of events that occurred during the interim period and the need for more than one attorney to participate at various meetings. The firm then divided the meetings and events into various categories and provided additional information and context. The additional information and context brings the Fee Application into substantial compliance with the Local Rules and UST Guidelines and, accordingly, the Fee Examiner makes no recommendation for a fee reduction. Exhibit D is omitted from this Report.

16.    **Intraoffice Conferences.**    Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified billing activities by Zuckerman timekeepers describing intraoffice conferences totaling 6.20 hours with $3,186.50 in associated fees, approximately 1% of the Fees Computed, as were displayed in **Exhibit E** to the Preliminary Report. The Fee Examiner observed that, in two instances, two timekeepers invoiced fees associated with the same intraoffice conference. The entries describing intraoffice conferences invoiced by two firm personnel totaled 1.10 hours with $590.00 in associated fees and were highlighted in bold and marked with an ampersand [&] in the Exhibit. The Fee Examiner requested that Zuckerman continue to strive to eliminate unnecessary intraoffice conferencing, and further requested that the firm provide an explanation for the necessity of more than one participant billing for the same intraoffice conference. Zuckerman provided sufficient information to justify the limited intraoffice conferencing. Based on the firm's response and the continued reduction of intraoffice

conferencing in this fee application, the Fee Examiner makes no recommendation for a fee reduction. Exhibit E has been omitted from the Final Report.

17.     **Complete and Detailed Task Descriptions.**  Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. Additionally, the UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.

The Fee Examiner identified entries totaling 6.10 hours with $2,663.00 in associated fees in which a conference or other communication was not described with sufficient detail. This lack of detail hinders a reviewer's ability to determine the reasonableness and necessity of the activity, and was in clear violation of the applicable guidelines. The entries were displayed in **Exhibit F** to the Preliminary Report. The Fee Examiner invited Zuckerman to comment on or provide the missing information to bring the questioned time entries into compliance. Zuckerman provided the missing participant and/or subject matter for each of the questioned time entries. No fee reduction is appropriate and Exhibit F has been omitted from the Final Report.

18.    **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The Fee Examiner identified what appeared to be administrative activities that totaled 1.70 hours and $636.00 in associated fees, which were displayed in **Exhibit G** to the Preliminary Report. Zuckerman was asked to comment on the questioned activities. In response and without prejudice, Zuckerman agreed to a proposed fee reduction of $520.00. Based on Zuckerman's explanation of the questioned entries, the Fee Examiner agreed with the compromise and does not seek any further fee reduction. Exhibit G has been omitted from this Report.

19.    **Clerical Activities.**  Clerical activities do not require legal acumen, and may be effectively performed by administrative assistants, secretaries, or support personnel. Similar to administrative activities, clerical activities are generally not billable and are considered to be part of the firm's overhead. In the 3rd Circuit, however, some clerical and non-clerical activities may be compensable at a rate commensurate with the level of expertise or knowledge typically found to be necessary to complete the task. The questioned entries were displayed in **Exhibit H** and totaled 20.10 hours with $5,608.00 in associated fees. The firm was invited to comment on the questioned entries. The firm provided a detailed response with regard to the activities in question. The Fee Examiner and the firm reached a compromise wherein the firm agreed, without prejudice, to reduce its fees by an amount of $2,010.00. Exhibit H has been omitted from the Final Report.

20.    **Travel.**  The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. The firm invoiced all travel entries at one-half of the timekeepers' hourly rates in compliance with the Local Rule.

21.    **Zuckerman Retention/Compensation.**    Zuckerman billed 25.10 hours with associated fees of $16,149.00 to prepare the firm's retention documents and applications for compensation, which computes to approximately 6% of the total Fees Computed. The fee entries describing Zuckerman's retention/compensation activities are displayed in **Exhibit I**, which is included in the Final Report for the Court's reference.

## Review of Expenses

22.    **Itemization of Expenses.**    The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*.    The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*.  Zuckerman provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

23.    **Photocopies.**    The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii)*.    The firm requested reimbursement for duplication charges at a rate of $0.10 per page, in compliance with the Local Rule.

24.    **Computer-Assisted Legal Research.**    The Local Rules provide that computer-assisted legal research charges "shall not be more than the actual cost." *Local Rule*

*2016-2(e)(iii)*.  The firm billed for computer-assisted legal research and the Fee Application indicated that "there is no surcharge for computerized research."

25.    **Travel Expenses.**  The Fee Examiner requested additional information related to the travel charges that were displayed in **Exhibit J** to the Preliminary Report.  For all charges, the Fee Examiner requested a detailed description that will allow a proper classification of the charge (airfare, hotel, etc.).  For airfare charges, the Fee Examiner requested information regarding the origination, destination, and fare class.  For meals, the Fee Examiner requested information regarding the type of meal (breakfast, lunch, etc.) and the name of each attendee. The Fee Examiner has recommended and the Court has followed certain per person ceilings for meals incurred during travel (i.e. breakfast - $15.00, lunch - $25.00, and dinner - $50.00).  For hotel charges, the Fee Examiner requested information regarding the location and number of nights stayed.  The Fee Examiner has recommended and the Court has followed a domestic lodging ceiling of $350.00 per night.

In response, Zuckerman provided an exhibit that contained all of the detailed information regarding the questioned travel expenses.  After reviewing the additional information, the Fee Examiner determined an expense reduction was not appropriate.  Exhibit J has been omitted from this Report.

26.    **Request for Additional Information.**  The Fee Examiner requested that Zuckerman provide documentation and/or a detailed explanation for the expenses displayed in **Exhibit K** to the Preliminary Report. In response, Zuckerman provided an explanation and an exhibit, which contained all of the information requested regarding the questioned expenses. After reviewing the additional information, the Fee Examiner determined the charges were both necessary and proper.  Exhibit K has been omitted from this Report.

## CONCLUSION

The Fee Examiner submits this final report regarding the Fee Application and the fees and expenses discussed above.  The Fee Examiner recommends the approval of fees in the amount of $273,476.00 ($291,866.00 minus $18,390.00) and reimbursement of expenses in the amount of $23,462.55 for the period from March 1, 2012 through May 31, 2012.  The findings are set forth in the summary on the following page.

## ZUCKERMAN SPAEDER LLP

## SUMMARY OF FINDINGS

## Eleventh Interim Fee Application (March 1, 2012 through May 31, 2012)

### A.    Amounts Requested and Computed

| | | |
|---|---|---|
| Fees Requested | $291,866.00 | |
| Expenses Requested | 23,462.55 | |
| TOTAL FEES AND EXPENSES REQUESTED | | $315,328.55 |
| Fees Computed | $291,866.00 | |
| Expenses Computed | 23,462.55 | |
| TOTAL FEES AND EXPENSES COMPUTED | | $315,328.55 |

### B.    Recommended Fee Allowance and Expense Reimbursement

| | | | |
|---|---|---|---|
| Fees Requested | $291,866.00 | | |
| *Agreed Reduction for Timekeepers' Roles* | | *($15,860.00)* | |
| *Agreed Reduction for Administrative Activities* | | *(520.00)* | |
| *Agreed Reduction for Clerical Activities* | | *(2,010.00)* | |
| Subtotal | | *($18,390.00)* | |
| RECOMMENDED FEE ALLOWANCE | | | $273,476.00 |
| Expenses Requested | $23,462.55 | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 23,462.55 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $296,938.55 |

Respectfully submitted,

**STUART MAUE**

By: _____

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri 63044
Telephone: (314) 291-3030
Facsimile: (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 22nd day of January, 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE  19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE  19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

Andrew N. Goldfarb, Esq.
Zuckerman Spaeder LLP
1800 M Street, NW Suite 1000
Washington, DC  20036-5802

_____
John H. Theil, Esq.

-17-

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

### Zuckerman Spaeder

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 1146 | Sottile, James | PARTNER | $395.00 | $790.00 | 158.70 | $120,909.50 |
| 1509 | Goldfarb, Andrew N. | PARTNER | $320.00 | $640.00 | 184.30 | $117,152.00 |
| 1462 | Torrez, P. Andrew | PARTNER | $610.00 | $610.00 | 41.10 | $25,071.00 |
| 947 | Bush, Graeme W. | PARTNER | $875.00 | $875.00 | 3.20 | $2,800.00 |
| | No. of Billers for Position: 4 | Blended Rate for Position: | $686.63 | | 387.30 | $265,932.50 |
| | | | | % of Total: | 80.86%    % of Total: | 91.11% |
| 1544 | Caridas, Andrew | ASSOCIATE | $375.00 | $375.00 | 8.50 | $3,187.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $375.00 | | 8.50 | $3,187.50 |
| | | | | % of Total: | 1.77%    % of Total: | 1.09% |
| 1431 | Gehlbach (fka Medoro), Lisa | PARALEGAL | $280.00 | $280.00 | 74.70 | $20,916.00 |
| 1451 | Hodge, Afton B. | PARALEGAL | $220.00 | $220.00 | 7.50 | $1,650.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $274.53 | | 82.20 | $22,566.00 |
| | | | | % of Total: | 17.16%    % of Total: | 7.73% |
| 1034 | Wilson, Kimberley | LIBRARY ASST | $180.00 | $180.00 | 1.00 | $180.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $180.00 | | 1.00 | $180.00 |
| | | | | % of Total: | 0.21%    % of Total: | 0.06% |
| | Total No. of Billers: 8 | Blended Rate for Report: | $609.32 | | 479.00 | $291,866.00 |

EXHIBIT I

ZUCKERMAN RETENTION/COMPENSATION

Zuckerman Spaeder

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Bush, G | 0.40 | 350.00 |
| Goldfarb, A | 24.40 | 15,616.00 |
| Torrez, P | 0.30 | 183.00 |
| | 25.10 | $16,149.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Bank Claims | 0.50 | 358.00 |
| Retention/Fee Applications | 24.60 | 15,791.00 |
| | 25.10 | $16,149.00 |

EXHIBIT I  PAGE 1 of  5

EXHIBIT I
ZUCKERMAN RETENTION/COMPENSATION
Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 03/05/12 Mon | Goldfarb, A 283104/1 | 0.50 | 0.50 | 320.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW AND FINALIZE ZUCKERMAN SPAEDER 30TH MONTHLY FEE APPLICATION, INCLUDING SEND TO LRC FOR FILING. |
| 03/22/12 Thu | Goldfarb, A 283104/2 | 0.10 | 0.10 | 64.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>INITIAL REVIEW OF FEE EXAMINER'S PRELIMINARY REPORT ON ZUCKERMAN SPAEDER SIXTH INTERIM FEE APPLICATION. |
| 03/27/12 Tue | Goldfarb, A 283104/3 | 1.00 | 1.00 | 640.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW TIMESHEETS FOR 2/2012 FOR COMPLIANCE WITH LOCAL RULES. |
| 03/28/12 Wed | Bush, G 283103/272 | 0.20 | 0.20 | 175.00 | F | 1 | MATTER NAME: Bank Claims<br>SEND E-MAIL REGARDING COURT FEE HEARING SCHEDULED TO ADDRESS FEES. |
| 03/30/12 Fri | Goldfarb, A 283104/4 | 0.40 | 0.40 | 256.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW REVISED TIMESHEETS TO ENSURE COMPLIANCE WITH LOCAL RULES IN CONNECTION WITH PREPARATION OF 31ST MONTHLY FEE APPLICATION. |
| 04/02/12 Mon | Goldfarb, A 283387/1 | 0.20 | 0.20 | 128.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW 31ST ZUCKERMAN SPAEDER FEE APPLICATION. |
| 04/09/12 Mon | Goldfarb, A 283387/2 | 0.30 | 0.30 | 192.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW FEE EXAMINER'S FINAL REPORT ON ZUCKERMAN SPAEDER'S 5TH INTERIM FEE APPLICATION. |
| 04/09/12 Mon | Goldfarb, A 283387/3 | 0.20 | 0.20 | 128.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>BEGIN PREPARATION OF ZUCKERMAN SPAEDER 10TH INTERIM FEE APPLICATION. |
| 04/10/12 Tue | Goldfarb, A 283387/4 | 0.10 | 0.10 | 64.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>CONFER WITH J. CLARK RE PREPARATION OF 10TH INTERIM FEE APPLICATION. |
| 04/11/12 Wed | Goldfarb, A 283387/5 | 0.90 | 0.90 | 576.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT AND FINALIZE 10TH INTERIM FEE APP. |
| 04/17/12 Tue | Goldfarb, A 283387/6 | 0.10 | 0.10 | 64.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>EMAIL TO FEE EXAMINER RE ZUCKERMAN SPAEDER 31ST MONTHLY FEE APPLICATION. |
| 04/17/12 Tue | Goldfarb, A 283387/7 | 0.20 | 0.20 | 128.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>EMAIL TO V. GARLATI (TRIBUNE) RE ZUCKERMAN SPAEDER 30TH MONTHLY FEE APPLICATION. |
| 04/17/12 Tue | Goldfarb, A 283387/8 | 0.10 | 0.10 | 64.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>EMAIL TO P. RATKOWIAK (SIDLEY) RE PROPOSED ORDER ON 5TH INTERIM FEE APPLICATION. |

~ See the last page of exhibit for explanation

EXHIBIT I  PAGE 2 of  5

EXHIBIT I
ZUCKERMAN RETENTION/COMPENSATION
Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 04/17/12 Tue | Torrez, P 283386/99 | 0.20 | 0.20 | 122.00 | F | 1 | *MATTER NAME: Bank Claims*<br>REVIEW CORRESPONDENCE FROM COURT AND VARIOUS FEE APPLICATIONS. |
| 04/23/12 Mon | Torrez, P 283386/137 | 0.10 | 0.10 | 61.00 | F | 1 | *MATTER NAME: Bank Claims*<br>REVIEW NOTICE OF INTERIM FEE APPLICATION. |
| 05/01/12 Tue | Goldfarb, A 284246/1 | 6.30 | 6.30 | 4,032.00 | F | 1 | *MATTER NAME: Retention/Fee Applications*<br>PREPARE ZUCKERMAN SPAEDER'S RESPONSE TO FEE EXAMINER PRELIMINARY REPORT ON 6TH INTERIM FEE APPLICATION. |
| 05/02/12 Wed | Goldfarb, A 284246/2 | 0.60 | 0.60 | 384.00 | F | 1 | *MATTER NAME: Retention/Fee Applications*<br>DRAFT AND REVISE RESPONSE TO FEE EXAMINER ON 6TH INTERIM FEE APP. |
| 05/02/12 Wed | Goldfarb, A 284246/3 | 0.10 | 0.10 | 64.00 | F | 1 | *MATTER NAME: Retention/Fee Applications*<br>EMAIL J. SOTTILE RE RETENTION OF CONFIRMATION EXPERT FOR RESPONSE TO FEE EXAMINER ON 6TH INTERIM. |
| 05/02/12 Wed | Goldfarb, A 284246/4 | 0.30 | 0.30 | 192.00 | F | 1 | *MATTER NAME: Retention/Fee Applications*<br>REVIEW 32ND MONTHLY FEE APPLICATION FOR COMPLIANCE WITH LOCAL RULES. |
| 05/03/12 Thu | Goldfarb, A 284246/5 | 1.00 | 1.00 | 640.00 | F | 1 | *MATTER NAME: Retention/Fee Applications*<br>REVISE AND EDIT ZUCKERMAN SPAEDER'S RESPONSE TO THE FEE EXAMINER PRELIMINARY REPORT ON 6TH INTERIM FEE APP. |
| 05/04/12 Fri | Goldfarb, A 284246/6 | 0.30 | 0.30 | 192.00 | F | 1 | *MATTER NAME: Retention/Fee Applications*<br>FINALIZE ZUCKERMAN SPAEDER'S 32ND MONTHLY FEE APP. |
| 05/04/12 Fri | Goldfarb, A 284246/7 | 0.40 | 0.40 | 256.00 | F | 1 | *MATTER NAME: Retention/Fee Applications*<br>EDIT, FINALIZE AND SEND ZUCKERMAN SPAEDER'S RESPONSE TO THE FEE EXAMINER PRELIMINARY REPORT ON 6TH INTERIM FEE APP. |
| 05/04/12 Fri | Goldfarb, A 284246/8 | 0.10 | 0.10 | 64.00 | F | 1 | *MATTER NAME: Retention/Fee Applications*<br>INITIAL REVIEW OF FEE EXAMINER'S PRELIMINARY REPORT ON 7TH FEE APPLICATION. |
| 05/19/12 Sat | Goldfarb, A 284246/9 | 1.70 | 1.70 | 1,088.00 | F | 1 | *MATTER NAME: Retention/Fee Applications*<br>BEGIN DRAFTING RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT ON ZUCKERMAN SPAEDER'S 7TH INTERIM FEE APPLICATION. |
| 05/20/12 Sun | Goldfarb, A 284246/10 | 1.40 | 1.40 | 896.00 | F | 1 | *MATTER NAME: Retention/Fee Applications*<br>CONTINUE DRAFTING RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT ON ZUCKERMAN SPAEDER'S 7TH INTERIM FEE APPLICATION. |
| 05/21/12 Mon | Goldfarb, A 284246/11 | 2.60 | 2.60 | 1,664.00 | F | 1 | *MATTER NAME: Retention/Fee Applications*<br>DRAFT AND REVISE RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT ON ZUCKERMAN SPAEDER 7TH INTERIM FEE REQUEST. |

~  See the last page of exhibit for explanation

EXHIBIT I  PAGE 3 of  5

EXHIBIT I
ZUCKERMAN RETENTION/COMPENSATION
Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| 05/21/12 Mon | Goldfarb, A 284246/12 | 0.20 | 0.20 | 128.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>EMAIL TO J. SOTTILE AND G. BUSH RE APPROACH TO RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT ON ZUCKERMAN SPAEDER 7TH INTERIM FEE REQUEST. |
| 05/21/12 Mon | Goldfarb, A 284246/13 | 0.10 | 0.10 | 64.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>EMAIL J. CLARK RE HELP WITH RECONCILING DISPARATE NUMBERS IN FEE EXAMINER'S PRELIMINARY REPORT ON ZUCKERMAN SPAEDER 7TH INTERIM FEE REQUEST. |
| 05/23/12 Wed | Goldfarb, A 284246/14 | 0.20 | 0.20 | 128.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>RESEARCH BASIS FOR DISCREPANCY IN HOURS RECORDED ACCORDING TO FEE EXAMINER'S PRELIMINARY REPORT ON ZUCKERMAN SPAEDER 7TH INTERIM FEE APPLICATION. |
| 05/24/12 Thu | Goldfarb, A 284246/15 | 0.10 | 0.10 | 64.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW ACCOUNTING RECORDS TO RECONCILE NUMBERS PRESENTED IN PRELIMINARY REPORT ON 7TH INTERIM FEE AGREEMENT. |
| 05/24/12 Thu | Goldfarb, A 284246/16 | 0.20 | 0.20 | 128.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW ATTACHMENT A SPREADSHEET TO ZUCKERMAN SPAEDER RESPONSE TO PRELIMINARY REPORT ON 7TH INTERIM FEE APPLICATION. |
| 05/24/12 Thu | Goldfarb, A 284246/17 | 1.20 | 1.20 | 768.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVISE AND EDIT ZUCKERMAN SPAEDER RESPONSE TO PRELIMINARY REPORT ON 7TH INTERIM FEE APPLICATION. |
| 05/24/12 Thu | Goldfarb, A 284246/18 | 0.10 | 0.10 | 64.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>CALL WITH J. THEIL (FEE EXAMINER) RE ZUCKERMAN SPAEDER RESPONSE TO PRELIMINARY REPORT ON 7TH INTERIM FEE APPLICATION (EX. A THERETO). |
| 05/25/12 Fri | Bush, G 284246/21 | 0.20 | 0.20 | 175.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW E-MAIL AND SUBMISSION TO FEE EXAMINER. |
| 05/25/12 Fri | Goldfarb, A 284246/19 | 1.50 | 1.50 | 960.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>EXCHANGE EMAILS WITH J. THEIL, INCLUDING REVIEW OF SPREADSHEET AND COMPARISON TO ZUCKERMAN SPAEDER RECORDS RELATING TO SAME. |
| 05/25/12 Fri | Goldfarb, A 284246/20 | 1.30 | 1.30 | 832.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVISE AND FINALIZE ZUCKERMAN SPAEDER RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT ON 7TH INTERIM FEE APPLICATION. |
| 05/26/12 Sat | Goldfarb, A 284246/22 | 0.60 | 0.60 | 384.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW TIMESHEETS FOR ZUCKERMAN SPAEDER MONTHLY FEE APPLICATION TO ENSURE COMPLIANCE WITH LOCAL RULES. |

| | | | HOURS | FEES | | | |
|---|---|---|---|---|---|---|---|
| Total | | | 25.10 | $16,149.00 | | | |
| Number of Entries: | 37 | | | | | | |

~ See the last page of exhibit for explanation

EXHIBIT I PAGE 4 of 5

EXHIBIT I

ZUCKERMAN RETENTION/COMPENSATION

Zuckerman Spaeder

### SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Bush, G | 0.40 | 350.00 |
| Goldfarb, A | 24.40 | 15,616.00 |
| Torrez, P | 0.30 | 183.00 |
| | 25.10 | $16,149.00 |

### SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Bank Claims | 0.50 | 358.00 |
| Retention/Fee Applications | 24.60 | 15,791.00 |
| | 25.10 | $16,149.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL

EXHIBIT I  PAGE 5 of  5