IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Related to Docket Nos. 12922, 12995, 13035, 13053 and 13056 and 13096 |

### ORDER GRANTING THE DEBTORS' MOTION FOR AN OMNIBUS ORDER AUTHORIZING THE SUBSTITUTION OF THE REORGANIZED DEBTORS IN PLACE OF THE CREDITORS' COMMITTEE AS PLAINTIFFS IN CERTAIN ADVERSARY PROCEEDINGS AND APPROVING PROCEDURES TO EVIDENCE THIS SUBSTITUTION

Upon consideration of the Debtors' Motion For An Omnibus Order Authorizing The Substitution Of The Reorganized Debtors[2] In Place Of The Creditors' Committee As Plaintiffs In Certain Adversary Proceedings And Approving Procedures To Evidence This Substitution (Docket No. 12922) (the "Substitution Motion"), and having reviewed the Limited Objection and Reservation of Rights filed by certain Insider Defendants (Docket No. 12995), the Limited Objection to the Substitution Motion filed by the Litigation Trustee (Docket No. 13035) (the "Litigation Trustee Objection"), the Response of the Tribune Company Employee Compensation Defendants Group to the Litigation Trustee Objection (Docket No. 13053) (the "ECDG Response"), and the Joinder of certain former officers of the Debtors to the ECDG

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Substitution Motion.

Response (Docket No. 13056); and having heard oral argument on the Substitution Motion at a hearing on January 16, 2013 (the "Hearing"); the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and proper and adequate notice of the Substitution Motion and the Hearing thereon having been given and no other or further notice being necessary; and good and sufficient cause appearing therefor, it is hereby

FOUND AND DETERMINED THAT:

1. The Substitution Motion, the Litigation Trustee Objection, and representations made by counsel for the Reorganized Debtors at the Hearing identify the following categories of persons who are currently defendants with respect to both pending Ordinary Litigation Claims and Preserved Causes of Action, or who may become defendants with respect to both Ordinary Litigation Claims and Preserved Causes of Action depending on the resolution of pending disputes with respect to the Unresolved Claims: Eighteen (18) defendants in the Split Substitution Adversaries, and forty-eight (48) defendants in the FitzSimons Adversary, twenty-four (24) of whom are also defendants in the Substitution Adversaries and twenty-four (24) of whom are defendants with respect to Unresolved Claims (collectively, all such defendants are hereinafter referred to as "Overlapping Defendants").

2. The Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank N.A. (as modified July 19, 2012) (the "DCL Plan") (i) vests the Reorganized Debtors with the right to act with respect to the "Ordinary Litigation Claims" as the successors in interest to the Debtors, and authorizes the Reorganized Debtors to "enforce, sue on, settle or compromise (or decline to do any of the foregoing) any or all of the Ordinary Litigation Claims," (see DCL Plan

at 1.1.156 and 5.16) and (ii) vests the Litigation Trustee with the right to act with respect to "Preserved Causes of Action" on behalf of the Litigation Trust, and authorizes the Litigation Trustee, on behalf of the Litigation Trust, to provide for "the prosecution, settlement, adjustment, retention, and enforcement of the [Preserved Causes of Action]" (see DCL Plan §§ 1.1.124, 13.2.1, 13.2.4, 13.3.2).

3. The Reorganized Debtors have represented that if the Substitution Motion is granted, it is their intent to dismiss with prejudice the majority of the Ordinary Litigation Claims. The Reorganized Debtors have further represented that in granting such dismissals with prejudice, they do not intend to afford any Overlapping Defendant any defense to the Preserved Cause(s) of Action pending against the Overlapping Defendants based on the dismissals.

4. It is not the Court's intent, by approving the Substitution Motion and overruling the Litigation Trustee Objection, to afford any Overlapping Defendant any defense to any Preserved Cause(s) of Action pending against that Overlapping Defendant based on the Reorganized Debtors' subsequent dismissal of an Ordinary Litigation Claim with prejudice.

**NOW, THEREFORE, IT IS HEREBY**

ORDERED that the Litigation Trustee Objection is overruled and the Substitution Motion is hereby granted; and it is further

ORDERED that the applicable Reorganized Debtor or Reorganized Debtors are substituted as the plaintiffs(s) for the Creditors' Committee in each Full Substitution Adversary as detailed on Exhibit A by inserting the name(s) of each applicable Reorganized Debtor(s) as the plaintiff(s) into the caption of each of the Full Substitution Adversaries in place of the Creditors' Committee, as illustrated on Exhibit C, and authorized to file the Full Substitution

Notice evidencing such substitution in the dockets of each Full Substitution Adversary following the Effective Date; and it is further

ORDERED that the applicable Reorganized Debtor or Reorganized Debtors are substituted as the plaintiffs(s) for the Creditors' Committee solely with respect to the Ordinary Litigation Claims in each of the Split Substitution Adversaries as detailed on <u>Exhibit B</u> by inserting the name(s) of each applicable Reorganized Debtor(s) as the plaintiff(s) into the caption of each of the Split Substitution Adversaries in place of the Creditors' Committee solely with respect to the Ordinary Litigation Claims, as illustrated on <u>Exhibit D</u>, and are authorized to file a Split Substitution Notice evidencing such substitution in the dockets of each Split Substitution Adversary following the Effective Date; and it is further

ORDERED that the Reorganized Debtors are substituted as the prospective plaintiffs for the Creditors' Committee with respect to each of the Tolled Ordinary Litigation Claims as detailed on <u>Exhibit E</u>; and it is further

ORDERED that the Debtors have represented to the Court that they do not seek any relief with respect to the Unresolved Claims asserted in the Committee-Filed Adversaries. Therefore, nothing in this Order shall be construed to determine whether the Unresolved Claims constitute Ordinary Litigation Claims or Preserved Causes of Action or otherwise impair or alter any party's rights, positions or interests with respect to whether Unresolved Claims constitute Ordinary Litigation Claims or Preserved Causes of Action; and it is further

CHI 7216843v.9

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
       January 23, 2013

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge

CH1 7216843v.9