# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE SEVENTH INTERIM FEE APPLICATION OF JONES DAY FOR SERVICES PERFORMED ON BEHALF OF THE SPECIAL COMMITTEE OF THE BOARD OF DIRECTORS OF TRIBUNE COMPANY

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

No. 546] (the "**Fee Examiner Order**") in connection with the *Seventh Interim Fee Application of Jones Day for Allowance of Compensation and Reimbursement of Expenses for Services Performed on Behalf of the Special Committee of the Board of Directors of Tribune Company for the Period from March 1, 2012 Through May 31, 2012* [Docket No. 12025] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $55,665.00 and reimbursement of expenses that total $1,823.97. Jones Day ("**Jones Day**") serves as counsel to the Special Committee (the "**Special Committee**") of the Board of Directors to Tribune Company (the "**Board**").

## Background

1.      On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). Under the Bankruptcy Court's *Order Directing Joint Administration Chapter 11 Cases* dated December 10, 2009 [Docket No. 43], these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

2.      On August 30, 2010, the Debtors filed the *Application for an Order Authorizing the Retention of Jones Day as Special Counsel for the Special Committee of Tribune Company's Board of Directors Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to August 22, 2010* [Docket No. 5562] (the "**Retention Application**"). By order dated

September 15, 2010 [Docket No. 5704] (the "**Retention Order**"), the Bankruptcy Court approved the Retention Application, *nunc pro tunc* to August 22, 2010.[2]

3.      According to the Retention Application, the Special Committee has been specifically charged with certain matters (collectively, the "**Special Committee Matters**") including:

- Reviewing, evaluating and approving, from time to time as appropriate or advisable, the structure, terms or conditions of and authorizing the execution and filing of, any plan of reorganization and any and all amendments, modifications, supplements and exhibits, thereto;

- Taking such action from time to time, as the Special Committee deems appropriate or advisable, to resolve any and all claims, causes of action, avoidance powers or rights, and legal or equitable remedies against the Company or any of its subsidiaries ("**Claims**"), including, without limitation, any Claims arising from any transaction related to the leveraged buy-out of the Company, including, without limitation, the purchase by the Company of its common stock on or about June 4, 2007, the merger and related transactions involving the Company on or about December 20, 2007, and any financing committed to, incurred or repaid in connection with any such transaction, regardless of whether such other applicable law, including, without limitation, the review, evaluation and approval of any support agreement or any agreement for the satisfaction, settlement, discharge and/or release of any such Claims;

---

[2] Pursuant to the Bankruptcy Court's order dated March 10, 2009 [Docket No. 501], Jones Day also serves as Debtors' special counsel in connection with certain antitrust regulatory affairs; the firm files separate fee applications with respect to that retention.

- Taking such action from time to time as the Special Committee deems appropriate or advisable to fully inform itself with respect to any Claims or the structure, terms or conditions of any plan of reorganization;

- Reviewing, evaluating and approving, and authorizing the execution and filing of, any and all petitions, schedules, motions, lists, applications, pleadings and other papers, and to taking any and all further actions the Special Committee deems appropriate or advisable in connection with chapter 11 cases; and

- Taking such other actions to assist the Board in carrying out the responsibilities as the Board may delegate to or request of the Special Committee from time to time.

*Retention Application*, pp. 4-5.

4.      According to the Retention Application, the Debtors anticipated that "Jones Day will provide legal services and advise the Special Committee with respect to the Special Committee Matters, and more specifically, advise the Special Committee with respect to (i) any plan of reorganization; (ii) any and all claims, causes of action, avoidance powers or rights and legal or equitable remedies arising out of the LBO; and (iii) other, similar matters as the Special Committee may request during the pendency of these chapter 11 cases related to the Special Committee Matters." *Retention Application*, p. 5.

5.      Jones Day submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

## Applicable Standards

6.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense

analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

7.     The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**").    In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

8.     Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A).* In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect

to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

9.    A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

10.    The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to Jones Day for review and comment. Jones Day responded to the issues raised in the Preliminary Report. The Fee Examiner submits this Final Report for the Court's consideration. This Final Report is in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of the applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and will also inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

## DISCUSSION OF FINDINGS

### Technical Requirements

11. **Reconciliation of Fees and Expenses.** The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**"). The Fee Examiner identified no discrepancies between the Fees Requested and the Fees Computed, nor any discrepancies between the Expenses Requested and the Expenses Computed.

12. **Block Billing.**[3] The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*. The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines ¶(b)(4)(v)*.[4] The Fee Examiner did not identify any block billed time entries.

13. **Time Increments.** The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*. The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time

---

[3] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

[4] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*.  Jones Day timekeepers properly recorded their time in one-tenth hour increments.

### Review of Fees

14.    **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*.  The Fee Application provided the names, positions, and hourly rates of the seven Jones Day professionals and paraprofessionals who billed to this matter, consisting of one partner/counsel, three associates, and three legal support personnel.  A summary of hours and fees billed by each timekeeper is displayed in **Exhibit A**.[5]

The firm billed a total of 87.60 hours with associated fees of $55,665.00.  The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner/Counsel | 39.30 | 45% | $32,422.50 | 58% |
| Associate | 30.60 | 35% | 18,747.50 | 34% |
| Legal Support | 17.70 | 20% | 4,495.00 | 8% |
| TOTAL | 87.60 | 100% | $55,665.00 | 100% |

The blended hourly rate for the Jones Day professionals is $732.05 and the blended hourly rate for professionals and paraprofessionals is $635.45.

---

[5] This Final Report includes exhibits that detail and support the findings discussed herein.  Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit.  The tasks included in a specific category are underlined in the fee exhibits.  For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

15. **Hourly Rate Increases.** Jones Day did not increase the hourly rates of timekeepers during this interim period.

16. **Timekeepers' Roles.** A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4).* With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts. Generally, each timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

17. **Meetings, Conferences, Hearings, and Other Events.** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v).* While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role. Jones Day did not bill for multiple timekeepers to attend the same meeting, conference, hearing, or other event.

18. **Intraoffice Conferences.** Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified billing activities by Jones Day timekeepers describing intraoffice conferences totaling 3.80 hours with $2,387.50 in associated fees, which were displayed in **Exhibit B** to the Preliminary Report. The Fee Examiner observed that in certain instances more

than one timekeeper billed for the same intraoffice conference. The entries describing intraoffice conferences invoiced by more than two firm personnel totaled 1.90 hours with $922.50 in associated fees and were highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner invited comment from Jones Day regarding the necessity of the intraoffice conferences, particularly where more than one timekeeper invoiced fees associated with the same conference. Based on the firm's response and the limited time involved, the Fee Examiner does not make a recommendation for a fee reduction. Exhibit B has been omitted from this Report.

19.     **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix).* The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v).* Jones Day described their work in sufficient detail.

20.     **Administrative Activities.** Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. Likewise, activities relating to the training and assignment of tasks or the

"supervision" of any administrative functions should be considered a cost of doing business and is a factor considered in establishing the firm's hourly rates. Also included in administrative tasks is time expended to review and edit time entries and invoices. The Fee Examiner identified 7.70 hours with $1,990.00 in associated fees which appeared to be administrative in nature. The entries were displayed in **Exhibit C** to the Preliminary Report. In response and without waiving any future position it may have regarding this category, Jones Day and the Fee Examiner reached a compromise whereby the firm agreed to a voluntary fee reduction of $1,000.00. Exhibit C has been omitted from the Final Report.

21.    **Clerical Activities.**  Typically, clerical activities are those tasks that do not require legal acumen and may effectively be performed by administrative assistants, secretaries, or support personnel, and like administrative activities are generally reflected in the hourly rates charged by a firm.   In the 3rd Circuit, however, clerical-type activities performed by professionals and/or paraprofessionals are subject to a reduced billing rate. The Fee Examiner reviewed each timekeeper's billing activities and identified entries that appear to be clerical in nature.  The questioned entries were displayed in **Exhibit D** and totaled 1.40 hours with $350.00 in associated fees.  The firm provided clarification for the questioned entries, which removed them from the clerical category.  The entries were necessary and proper, thus a fee reduction is not warranted. Exhibit D has been removed from the Final Report.

22.    **Travel.** The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii).* Jones Day did not bill any fee entries describing travel.

23.    **Jones Day Retention/Compensation.** The Fee Examiner identified 52.20 hours with associated fees of $29,495.00 billed to prepare the firm's retention documents and

application for compensation.   The fee entries describing Jones Day's retention/compensation activities are displayed in **Exhibit E**.

**Review of Expenses**

24.    **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*.   The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.   Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*.   Jones Day provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.  The Fee Examiner found no objectionable expense items.

**CONCLUSION**

The Fee Examiner submits this final report regarding Jones Day's Application and the fees and expenses discussed above.  The Fee Examiner recommends the approval of fees in the amount of $54,665.00 ($55,665.00 minus $1,000.00) and reimbursement of expenses in the amount of $1,823.97 for the period from March 1, 2012 through May 31, 2012.  The findings are set forth in the summary on the following page.

**JONES DAY – Special Committee**

**SUMMARY OF FINDINGS**

**Seventh Interim Fee Application (March 1, 2012 through May 31, 2012)**

### A.    Amounts Requested and Computed

| | | |
|---|---|---|
| Fees Requested | $55,665.00 | |
| Expenses Requested | 1,823.97 | |
| TOTAL FEES AND EXPENSES REQUESTED | | $57,488.97 |
| Fees Computed | $55,665.00 | |
| Expenses Computed | 1,823.97 | |
| TOTAL FEES AND EXPENSES COMPUTED | | $57,488.97 |

### B.    Recommended Fee Allowance and Expense Reimbursement

| | | | |
|---|---|---|---|
| Fees Requested | $55,665.00 | | |
| *Agreed Reduction for Administrative Activities* | | *($1,000.00)* | |
| Subtotal | | *($1,000.00)* | |
| RECOMMENDED FEE ALLOWANCE | | | $54,665.00 |
| Expenses Requested | $1,823.97 | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 1,823.97 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $56,488.97 |

Respectfully submitted,

**STUART MAUE**

By:_____

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 24th day of January, 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

David G. Heiman, Esq.
Jones Day – Special Committee
901 Lakeside Avenue, North Point
Cleveland, OH 44114-1190

John H. Theil, Esq.

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Jones Day**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | | FEES COMPUTED |
|---|---|---|---|---|---|---|---|
| 0350 | Erens, Brad B. | PARTNER/COUNSEL | $825.00 | $825.00 | 39.30 | | $32,422.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $825.00 | | 39.30 | | $32,422.50 |
| | | | | | % of Total: 44.86% | % of Total: | 58.25% |
| 0785 | Hoffmann, Timothy | ASSOCIATE | $625.00 | $625.00 | 24.50 | | $15,312.50 |
| 1981 | Tiller, Joseph M. | ASSOCIATE | $550.00 | $550.00 | 4.50 | | $2,475.00 |
| 5147 | Marvin, Lynn M. | ASSOCIATE | $600.00 | $600.00 | 1.60 | | $960.00 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $612.66 | | 30.60 | | $18,747.50 |
| | | | | | % of Total: 34.93% | % of Total: | 33.68% |
| 9161 | Denton, Arleta K. | LEGAL SUPPORT | $250.00 | $250.00 | 14.90 | | $3,725.00 |
| 3284 | Farrington, Alicia C. | LEGAL SUPPORT | $275.00 | $275.00 | 2.40 | | $660.00 |
| 3073 | Hirtzel, Denise M. | LEGAL SUPPORT | $275.00 | $275.00 | 0.40 | | $110.00 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $253.95 | | 17.70 | | $4,495.00 |
| | | | | | % of Total: 20.21% | % of Total: | 8.08% |
| | Total No. of Billers: 7 | Blended Rate for Report: | $635.45 | | 87.60 | | $55,665.00 |

EXHIBIT E

JONES DAY RETENTION/COMPENSATION

Jones Day

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Denton, A | 12.30 | 3,075.00 |
| Erens, B | 9.30 | 7,672.50 |
| Hoffmann, T | 24.50 | 15,312.50 |
| Marvin, L | 1.60 | 960.00 |
| Tiller, J | 4.50 | 2,475.00 |
| | 52.20 | $29,495.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Applications/Retention Preparation | 52.20 | 29,495.00 |
| | 52.20 | $29,495.00 |

EXHIBIT E

JONES DAY RETENTION/COMPENSATION

Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 03/07/12 Wed | Denton, A 2485039-40/74 | 0.20 | 0.20 | 50.00 | 0.10 0.10 | F F | 1 2 | *MATTER NAME: Fee Applications/Retention Preparation* REVIEW FEBRUARY 2012 DRAFT BILL (.10); COMMUNICATE WITH ERENS REGARDING SAME (.10). |
| 03/08/12 Thu | Erens, B 2485039-40/76 | 0.40 | 0.40 | 330.00 | | F | 1 | *MATTER NAME: Fee Applications/Retention Preparation* REVIEW FEE APPLICATIONS. |
| 03/13/12 Tue | Erens, B 2485039-40/77 | 1.50 | 1.50 | 1,237.50 | 1.30 0.20 | F F | 1 2 | *MATTER NAME: Fee Applications/Retention Preparation* REVIEW FEE AUDITOR REPORT FOR SECOND INTERIM APPLICATION (1.30); TELEPHONE CALL WITH HOFFMAN REGARDING SAME (.20). |
| 03/15/12 Thu | Erens, B 2485039-40/75 | 0.60 | 0.60 | 495.00 | | F | 1 | *MATTER NAME: Fee Applications/Retention Preparation* OFFICE CONFERENCE WITH HOFFMANN REGARDING FEE AUDITOR REPORT. |
| 03/22/12 Thu | Erens, B 2485039-40/80 | 1.00 | 1.00 | 825.00 | 0.30 0.70 | F F | 1 2 | *MATTER NAME: Fee Applications/Retention Preparation* REVIEW MATERIALS FOR MEETING WITH HOFFMANN REGARDING ANY AUDITOR QUESTIONS ON SECOND INTERIM FEE APPLICATION (.30); OFFICE CONFERENCE WITH HOFFMANN REGARDING SAME (.70). |
| 03/22/12 Thu | Hoffmann, T 2485039-40/79 | 1.60 | 1.60 | 1,000.00 | 0.90 0.70 | F F | 1 2 | *MATTER NAME: Fee Applications/Retention Preparation* REVIEW AND ANALYZE FEE EXAMINER'S REPORT FOR SECOND JONES DAY INTERIM FEE APPLICATION (.90); COMMUNICATE WITH ERENS REGARDING RESPONSE (.70). |
| 03/23/12 Fri | Hoffmann, T 2485039-40/78 | 0.80 | 0.80 | 500.00 | 0.30 0.50 | F F | 1 2 | *MATTER NAME: Fee Applications/Retention Preparation* REVIEW AND ANALYZE FEE EXAMINER'S INITIAL REPORT FOR JONES DAY'S SECOND FEE APPLICATION (.30); PREPARE RESPONSE TO REPORT (.50). |
| 03/28/12 Wed | Denton, A 2485039-40/81 | 0.20 | 0.20 | 50.00 | 0.10 0.10 | F F | 1 2 | *MATTER NAME: Fee Applications/Retention Preparation* REVIEW NOTICE REGARDING HEARING ON 9TH AND 10TH INTERIM FEE APPLICATIONS (.10); COMMUNICATE WITH AND TRANSMIT TO ERENS, TILLER AND HOFFMANN (.10). |
| 04/03/12 Tue | Denton, A 2485039-40/93 | 0.30 | 0.30 | 75.00 | 0.20 0.10 | F F | 1 2 | *MATTER NAME: Fee Applications/Retention Preparation* REVIEW COURTCALL REGISTRATIONS AND COMMUNICATE WITH COURTCALL REPRESENTATIVE REGARDING INVOICES FOR SAME (.20); COMMUNICATE WITH BUNCK REGARDING SAME (.10). |
| 04/06/12 Fri | Denton, A 2485039-40/98 | 1.00 | 1.00 | 250.00 | 0.80 0.20 | F F | 1 2 | *MATTER NAME: Fee Applications/Retention Preparation* REVIEW AND REVISE JANUARY, FEBRUARY AND MARCH 2012 BILL (.80); COMMUNICATE WITH SOFFER (FINANCIAL SERVICES) SEVERAL TIMES REGARDING SAME (.20). |
| 04/09/12 Mon | Denton, A 2485039-40/99 | 2.00 | 2.00 | 500.00 | 1.50 0.30 0.20 | F F F | 1 2 3 | *MATTER NAME: Fee Applications/Retention Preparation* DRAFT AND REVISE 17TH MONTHLY FEE APPLICATION AND 6TH INTERIM FEE APPLICATION (1.50); REVIEW AND REVISE JANUARY, FEBRUARY AND MARCH 2012 BILL (.30); COMMUNICATE WITH SOFFER (FINANCIAL SERVICES) REGARDING SAME (.20). |
| 04/09/12 Mon | Erens, B 2485039-40/97 | 1.00 | 1.00 | 825.00 | 0.60 0.40 | F F | 1 2 | *MATTER NAME: Fee Applications/Retention Preparation* REVIEW AND REVISE MONTHLY AND INTERIM FEE APPLICATIONS (.60); COMMUNICATE WITH HOFFMAN REGARDING SAME (.40). |

~ See the last page of exhibit for explanation

EXHIBIT E

JONES DAY RETENTION/COMPENSATION

Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 04/09/12 Mon | Hoffmann, T 2485039-40/86 | 2.10 | 2.10 | 1,312.50 | 1.70 0.40 | F F | 1 2 | *MATTER NAME: Fee Applications/Retention Preparation* <br> REVIEW AND RESPOND TO FEE AUDITOR LETTER REGARDING JONES DAY SECOND INTERIM FEE APPLICATION (1.70); <br> COMMUNICATE WITH ERENS REGARDING RESPONSE (.40). |
| 04/09/12 Mon | Marvin, L 2485039-40/103 | 1.00 | 1.00 | 600.00 | | F | 1 | *MATTER NAME: Fee Applications/Retention Preparation* <br> REVIEW AND DRAFT RESPONSE TO FEE EXAMINER LETTER. |
| 04/10/12 Tue | Denton, A 2485039-40/84 | 1.40 | 1.40 | 350.00 | 0.20 0.20 0.20 0.80 | F F F F | 1 2 3 4 | *MATTER NAME: Fee Applications/Retention Preparation* <br> COMMUNICATE WITH ERENS REGARDING EDITS TO JANUARY-FEBRUARY 2012 BILL (.20); <br> COMMUNICATE WITH SOFFER (FINANCIAL SERVICES) REGARDING SAME (.20); <br> REVIEW REVISED BILL (.20); <br> DRAFT FEE APPLICATION (.80). |
| 04/10/12 Tue | Erens, B 2485039-40/96 | 0.50 | 0.50 | 412.50 | 0.30 0.20 | F F | 1 2 | *MATTER NAME: Fee Applications/Retention Preparation* <br> FINALIZE INTERIM FEE APPLICATION (.30); <br> COMMUNICATE WITH DENTON REGARDING SAME (.20). |
| 04/11/12 Wed | Denton, A 2485039-40/83 | 1.30 | 1.30 | 325.00 | 0.30 0.20 0.30 0.30 0.20 | F F F F F | 1 2 3 4 5 | *MATTER NAME: Fee Applications/Retention Preparation* <br> REVIEW AND REVISE JANUARY-FEBRUARY 2012 MONTHLY BILL (.30); <br> COMMUNICATE WITH TILLER REGARDING BILL AND MONTHLY FEE APPLICATION (.20); <br> REVIEW AND REVISE MONTHLY FEE APPLICATION (.30); <br> ASSEMBLE EXHIBITS FOR FEE APPLICATION (.30); <br> TRANSMIT DRAFT FEE APPLICATION AND EXHIBITS TO ERENS FOR REVIEW (.20). |
| 04/11/12 Wed | Tiller, J 2485039-40/100 | 2.00 | 2.00 | 1,100.00 | 1.80 0.20 | F F | 1 2 | *MATTER NAME: Fee Applications/Retention Preparation* <br> REVIEW AND DRAFT SECTIONS OF 17TH MONTHLY FEE APPLICATION (1.80); <br> COMMUNICATE WITH DENTON REGARDING SAME (.20). |
| 04/12/12 Thu | Denton, A 2485039-40/82 | 1.80 | 1.80 | 450.00 | 0.60 0.20 0.90 0.10 | F F F F | 1 2 3 4 | *MATTER NAME: Fee Applications/Retention Preparation* <br> REVIEW AND REVISE 17TH INTERIM FEE APPLICATION AND EXHIBITS (.60); <br> COMMUNICATE WITH ERENS AND TILLER REGARDING SAME (.20); <br> DRAFT, REVIEW AND REVISE 6TH INTERIM FEE APPLICATION (.90); <br> COMMUNICATE WITH TILLER REGARDING SAME (.10). |
| 04/12/12 Thu | Erens, B 2485039-40/92 | 0.50 | 0.50 | 412.50 | 0.30 0.20 | F F | 1 2 | *MATTER NAME: Fee Applications/Retention Preparation* <br> FINALIZE INTERIM FEE APPLICATIONS (.30); <br> COMMUNICATE WITH DENTON REGARDING SAME (.20). |
| 04/13/12 Fri | Denton, A 2485039-40/90 | 1.40 | 1.40 | 350.00 | 0.40 0.40 0.10 0.10 0.20 0.20 | F F F F F F | 1 2 3 4 5 6 | *MATTER NAME: Fee Applications/Retention Preparation* <br> REVIEW AND ASSEMBLE 17TH MONTHLY FEE APPLICATION AND 6TH INTERIM FEE APPLICATION AND EXHIBITS (.40); <br> ASSEMBLE ELECTRONIC FILES REGARDING SAME (.40); <br> COMMUNICATE WITH ERENS REGARDING SAME (.10); <br> COMMUNICATE WITH TILLER REGARDING SAME (.10); <br> E-MAIL COMMUNICATIONS WITH RATKOWIAK REGARDING SAME (.20); <br> COMMUNICATE WITH SOFFER (FINANCIAL SERVICES) REGARDING FINAL INVOICE, LEDES FILE AND EXCEL CHART (.20). |

~ See the last page of exhibit for explanation

EXHIBIT E

JONES DAY RETENTION/COMPENSATION

Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 04/13/12 Fri | Erens, B 2485039-40/91 | 0.80 | 0.80 | 660.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation<br>FINALIZE INTERIM MONTHLY FEE APPLICATIONS. |
| 04/13/12 Fri | Hoffmann, T 2485039-40/87 | 2.30 | 2.30 | 1,437.50 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation<br>DRAFT AND REVISE RESPONSE TO FEE AUDITOR'S PRELIMINARY REPORT TO JONES DAY'S SECOND INTERIM FEE APPLICATION. |
| 04/13/12 Fri | Tiller, J 2485039-40/101 | 2.50 | 2.50 | 1,375.00 | 0.90<br>0.10<br>1.50 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: Fee Applications/Retention Preparation<br>REVIEW REVISED 17TH MONTHLY FEE APPLICATION (.90);<br>COMMUNICATE WITH DENTON REGARDING CHANGES (.10);<br>REVIEW 6TH INTERIM FEE APPLICATION AND COMMENT ON SAME (1.50). |
| 04/16/12 Mon | Denton, A 2485039-40/105 | 0.20 | 0.20 | 50.00 | 0.10<br>0.10 | F<br>F | 1<br>2 | MATTER NAME: Fee Applications/Retention Preparation<br>TRANSMIT FILED SEVENTEEN FEE APPLICATION TO FEE AUDITOR (.10);<br>UPDATE ELECTRONIC FILES REGARDING SAME (.10). |
| 04/16/12 Mon | Hoffmann, T 2485039-40/85 | 1.60 | 1.60 | 1,000.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation<br>DRAFT AND REVISE RESPONSE TO FEE EXAMINER'S INITIAL REPORT COVERING JONES DAY'S SECOND INTERIM FEE APPLICATION. |
| 04/19/12 Thu | Erens, B 2485039-40/94 | 1.00 | 1.00 | 825.00 | 0.20<br>0.80 | F<br>F | 1<br>2 | MATTER NAME: Fee Applications/Retention Preparation<br>TELEPHONE CALL WITH HOFFMANN REGARDING RESPONSE TO FEE AUDITOR LETTER REGARDING SECOND INTERIM APPLICATION (.20);<br>REVIEW AND REVISE REGARDING SAME (.80). |
| 04/19/12 Thu | Hoffmann, T 2485039-40/88 | 6.10 | 6.10 | 3,812.50 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation<br>DRAFT AND REVISE RESPONSE TO FEE EXAMINER REPORT COVERING SECOND INTERIM APPLICATION OF JONES DAY. |
| 04/20/12 Fri | Erens, B 2485039-40/95 | 0.20 | 0.20 | 165.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation<br>FINALIZE FEE AUDITOR LETTER WITH HOFFMANN REGARDING SECOND INTERIM FEE APPLICATION. |
| 04/20/12 Fri | Hoffmann, T 2485039-40/89 | 1.10 | 1.10 | 687.50 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation<br>REVISE RESPONSE TO FEE EXAMINER'S INITIAL REPORT REGARDING JONES DAY'S SECOND INTERIM FEE APPLICATION. |
| 04/24/12 Tue | Denton, A 2485039-40/104 | 0.70 | 0.70 | 175.00 | 0.30<br>0.20<br>0.20 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: Fee Applications/Retention Preparation<br>REVIEW TRIBUNE DOCKET FOR FILING OF ORDER CONCERNING PAYMENT OF FEE APPLICATIONS (.30);<br>DOWNLOAD AND TRANSMIT FILED ORDER TO ERENS, TILLER AND HOFFMANN (.20);<br>COMMUNICATE WITH COURTCALL REGARDING CANCELLATION OF ERENS' TELEPHONIC APPEARANCE AT FEE APPLICATION HEARING (.20). |
| 04/26/12 Thu | Hoffmann, T 2485039-40/102 | 0.30 | 0.30 | 187.50 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation<br>FINALIZE RESPONSE TO FEE EXAMINER INITIAL REPORT FOR SECOND INTERIM COMPENSATION PERIOD. |
| 05/03/12 Thu | Erens, B 2485039-40/115 | 0.30 | 0.30 | 247.50 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation<br>WORK ON RESPONSE FOR FEE AUDITOR FOR SPECIAL COMMITTEE FEE APPLICATIONS. |

~ See the last page of exhibit for explanation

EXHIBIT E

JONES DAY RETENTION/COMPENSATION

Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 05/04/12 Fri | Erens, B 2485039-40/114 | 0.50 | 0.50 | 412.50 | 0.30 0.20 | F F | 1 2 | MATTER NAME: Fee Applications/Retention Preparation<br>REVIEW FEE AUDITOR LETTER REGARDING SPECIAL COMMITTEE FEE APPLICATIONS (.30);<br>TELEPHONE CALL WITH HOFFMANN REGARDING RESPONSE REGARDING SAME (.20). |
| 05/07/12 Mon | Denton, A 2485039-40/107 | 0.50 | 0.50 | 125.00 | 0.10 0.30 0.10 | F F F | 1 2 3 | MATTER NAME: Fee Applications/Retention Preparation<br>COMMUNICATE WITH SOFFER (FINANCIAL SERVICES) REGARDING PAYMENT FROM TRIBUNE CO REGARDING FEE APPLICATIONS (.10);<br>REVIEW INTERIM PERIOD FEE APPLICATIONS (.30);<br>COMMUNICATE WITH ERENS REGARDING SAME (.10). |
| 05/07/12 Mon | Erens, B 2485039-40/113 | 0.50 | 0.50 | 412.50 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation<br>OFFICE CONFERENCE WITH HOFFMANN REGARDING RESPONSE TO FEE AUDITOR LETTER REGARDING SPECIAL COMMITTEE APPLICATIONS. |
| 05/07/12 Mon | Hoffmann, T 2485039-40/108 | 0.20 | 0.20 | 125.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation<br>COMMUNICATE WITH THEIL AND TILLER VIA E-MAIL REGARDING JONES DAY RESPONSE TO PRELIMINARY REPORT FOR SIXTH INTERIM FEE APPLICATION. |
| 05/08/12 Tue | Denton, A 2485039-40/106 | 1.30 | 1.30 | 325.00 | 0.70 0.30 0.30 | F F F | 1 2 3 | MATTER NAME: Fee Applications/Retention Preparation<br>REVIEW ALL SIGNATURE PAGES FOR SPECIAL COMMITTEE FEE APPLICATIONS (MONTHLY, INTERIM AND EXHIBIT C-ERENS CERTIFICATION) (.70);<br>ASSEMBLE MISSING SIGNATURE PAGES (.30);<br>COMMUNICATE WITH STANO (FOR HEIMAN) AND ERENS REGARDING SAME (.30). |
| 05/08/12 Tue | Hoffmann, T 2485039-40/111 | 1.10 | 1.10 | 687.50 | 1.00 0.10 | F F | 1 2 | MATTER NAME: Fee Applications/Retention Preparation<br>PREPARE RESPONSE TO FEE EXAMINER'S REPORT FOR JONES DAY'S THIRD INTERIM FEE APPLICATION (1.00);<br>COMMUNICATE WITH MARVIN REGARDING SAME (.10). |
| 05/08/12 Tue | Marvin, L 2485039-40/116 | 0.10 | 0.10 | 60.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation<br>CONFERENCE WITH HOFFMAN AND REVIEW CORRESPONDENCE REGARDING FEE EXAMINOR REPORT. |
| 05/09/12 Wed | Hoffmann, T 2485039-40/110 | 5.40 | 5.40 | 3,375.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation<br>PREPARE RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT WITH RESPECT TO JONES DAY'S THIRD INTERIM FEE APPLICATION. |
| 05/09/12 Wed | Marvin, L 2485039-40/117 | 0.50 | 0.50 | 300.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation<br>REVIEW FEE EXAMINER REPORT AND RESPOND TO QUESTIONS REGARDING SAME. |
| 05/10/12 Thu | Erens, B 2485039-40/112 | 0.50 | 0.50 | 412.50 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation<br>FINISH FEE AUDITOR LETTER WITH HOFFMANN REGARDING SPECIAL COMMITTEE FEE APPLICATIONS. |
| 05/10/12 Thu | Hoffmann, T 2485039-40/109 | 1.90 | 1.90 | 1,187.50 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation<br>REVIEW AND REVISE RESPONSE TO FEE EXAMINERS PRELIMINARY REPORT WITH RESPECT TO JONES DAY'S THIRD INTERIM FEE APPLICATION. |

~ See the last page of exhibit for explanation

EXHIBIT E

JONES DAY RETENTION/COMPENSATION

Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
|      |                 |             | 52.20 | $29,495.00 |        |   |             |

Total

Number of Entries:        44

EXHIBIT E

JONES DAY RETENTION/COMPENSATION

Jones Day

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Denton, A | 12.30 | 3,075.00 |
| Erens, B | 9.30 | 7,672.50 |
| Hoffmann, T | 24.50 | 15,312.50 |
| Marvin, L | 1.60 | 960.00 |
| Tiller, J | 4.50 | 2,475.00 |
| | 52.20 | $29,495.00 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Applications/Retention Preparation | 52.20 | 29,495.00 |
| | 52.20 | $29,495.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL