# EXHIBIT C

Settlement Agreement

BEFORE THE FRANCHISE TAX BOARD

OF THE STATE OF CALIFORNIA

In re:

Protests of Tribune Company - Taxable Years 12/2002, 12/2003, 12/2004, 12/2005, 12/2006, 12/2007

Corporation Tax - Deficiencies

SETTLEMENT AGREEMENT

CLOSING THE TAXABLE YEARS

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter "this Agreement") is entered into by and between Tribune Company (hereinafter "Tribune") and the Taxpayers listed on Exhibit A hereto (hereinafter, individually, including Tribune, a "Taxpayer", and collectively, including Tribune, "Taxpayers"), on the one hand, and the Franchise Tax Board of the State of California (hereinafter "FTB"), on the other hand, Taxpayers and FTB being collectively referred to herein as "the parties," and is made pursuant to California Revenue and Taxation Code section 19442.

## RECITALS

A. For the taxable years in issue as defined herein, Tribune was and is the key corporation for Taxpayers, and all notices issued to Tribune were issued to Tribune as the key corporation for Taxpayers and all actions by Tribune described herein were and are on behalf of Taxpayers.

B. On March 9, 2009, FTB issued to Tribune Notices of Proposed Assessment, numbers 00219636, 00219637 and 00219638, for the taxable years 12/2002, 12/2003 and 12/2004, respectively, proposing additional assessments of tax. On October 6, 2009, FTB issued to Tribune Notices of Proposed Assessment, numbers 00235761 and 00235762, for the taxable years 12/2005 and 12/2006, respectively, proposing additional assessments of tax. Tribune filed a timely protest of the Notices of Proposed Assessment (hereinafter "NPAs").

C. On October 6, 2009, FTB issued to Tribune a Notice of Proposed Overassessment (hereinafter "NPO"), for the taxable year 12/2007, resulting from the NPAs issued to Tribune for taxable years 12/2005 and 12/2006.

D. On February 24, 2010, Tribune filed amended returns for taxable years 12/2002 and 12/2003, to report federal audit adjustments relating to "PHONES" interest expense.

E. Action by FTB is pending on the above-referenced NPAs.

F. Tribune's protest, NPO and amended returns, have resulted in a dispute between Taxpayers and FTB with respect to the amount of tax and interest payable by Taxpayers under the Revenue and Taxation Code for taxable years 12/2002, 12/2003, 12/2004, 12/2005, 12/2006 and 12/2007 (hereinafter "the taxable years in issue").

G. The Taxpayers listed in Exhibit B hereto (the "Bankruptcy Taxpayers") filed voluntary Chapter 11

bankruptcy petitions on December 8, 2008, in the United States Bankruptcy Court for the District of Delaware, thereby commencing Case Nos. 08-13141, 08-13183, 08-13182, 08-13154. 08-13228, 08-13236, 08-13226, 08-13149. 08-13145, 08-13186, 08-13151. 08-13229, 08-13142. 08-13143, 08-13195, 08-13203, 08-13218, 08-13217, 08-13232, 08-13146, 08-13167, 08-13235, 08-13233, 08-13245, 08-13162, 08-13185 and 08-13175 (hereinafter the "Bankruptcy Cases").

H.   FTB filed proofs of claim (the "Claims") against the Bankruptcy Taxpayers in the Bankruptcy Cases.

I.   The parties are entering into this Agreement to effect a final and complete settlement of Taxpayers' liability for tax for the taxable years in issue (hereinafter "Taxpayers' California tax liability"), except as described in paragraph 6.

J.   FTB finds that settlement upon the terms set forth herein is in the best interests of the State of California.

## AGREEMENT

Accordingly, IT IS HEREBY STIPULATED AND AGREED between the parties:

1. Taxpayers' California tax liability for the taxable years in issue is settled by the parties agreeing that FTB is entitled to a payment of tax in the amount of $3,245,097, as detailed per attached Exhibit C.

2. Applicable interest and penalties, if any, will accrue on the amount stated in paragraph 1 herein in accordance with the provisions of the Revenue and Taxation Code.

3. To the extent necessary to satisfy such tax liability, FTB shall set off Taxpayers' California tax liability for the taxable years in issue, as described in Paragraphs 1 and 2, against the following overpayments in accordance with Revenue and Taxation Code § 19301: (a) Tribune has overpayments on account for taxable years 12/1997 and 12/1999 in the amounts of $413,854 and $488,006, not including applicable interest, pursuant to a settlement agreement between The Times Mirror Company, California Community News Corporation and Tribune Company, on the one hand, and the FTB, on the other hand, (b) Tribune has an overpayment on account for taxable year 12/1998 in the amount of $36,226,073, not including applicable interest, pursuant to a settlement agreement between The Times Mirror Company, California Community News Corporation and Tribune Company, on the one hand, and the FTB, on the other hand, and an NPA payment made by Tribune (formerly The Times Mirror Company) held by FTB as a tax

deposit, and (c) Tribune has an overpayment on account for taxable years 12/2000 and 12/2001 in the amount of $411,521 as of December 31, 2008, not including applicable interest, pursuant to a settlement agreement between KTLA, Inc., California Community News Corporation and Tribune Company, on the one hand, and the FTB, on the other hand.

4. FTB shall modify the Claims to take this settlement into account.

5. Except as expressly set forth herein, the settlement of Taxpayers' California tax liability set forth herein shall be final and conclusive with respect to all tax, penalties, if any, interest or other additions to or refunds of Taxpayers' California tax liability for the taxable years in issue. The parties agree that, except as set forth in Paragraph 6, neither party will raise or attempt to raise, by way of Notice(s) of Proposed Assessment, claim(s) for refund, offset, and/or interest abatement, any further adjustment to Taxpayers' liability for taxes, penalties, additions to tax and/or interest, for the taxable years in issue.

6. This Agreement is a final and complete resolution of the taxable years in issue, except for:

   a. Further adjustments made to Taxpayers' California tax liability, which were not at issue in this settlement or included in the settlement amount described in Paragraph 1, due to any final federal determination(s), as defined in Revenue and Taxation Code section 18622, and,

   b. Further adjustments made to Taxpayers' California tax liability, any associated interest, and/or any penalties provided for under Revenue and Taxation Code sections 19164, 19774 or 19777 that relate to any abusive tax avoidance transaction(s), as defined in Revenue and Taxation Code section 19753, subdivision (c); and,

   c. Any penalty provided for in Revenue and Taxation Code section 19772 for a failure to disclose a listed transaction or other reportable transaction; and,

   d. Any amounts already due and payable by Taxpayers as of the date of Tribune's execution of this Agreement.

7. This Agreement is a compromise settlement of certain disputed tax matters, including the associated interest thereon. It is expressly understood and agreed by the parties that in agreeing to such settlement neither Taxpayers nor FTB has made any concessions regarding the merits of its positions or the merits of the other party's positions regarding such disputed tax matters. Except as otherwise expressly set forth herein, this Agreement shall have no effect upon the correctness of Taxpayers' returns and/or claims

for refund for any year other than the taxable years in issue.

8. As part of this Agreement, the parties further agree the communications, correspondence, and/or documentation relating to the negotiations for and the terms and conditions of the settlement and this Agreement, are and shall remain confidential information, and no party, nor any officer, employee, agent, attorney, accountant or representative of a party shall in any way, directly or indirectly, divulge or communicate to any third party such confidential information except, but only to the extent actually required:

a. To fulfill the purposes of this Agreement; or,

b. By the provisions of California Revenue and Taxation Code section 19442; or,

c. By any rule or regulation of any governmental agency; or,

d. To fulfill Taxpayers' financial reporting requirements; or,

e. By law; or,

f. By agreement, in writing, of the parties; or,

g. By the terms of the Agreement Not to Disclose Settlement Communications and Workpapers previously entered into between the parties and Taxpayer's representative.

9. This Agreement represents the entire agreement of the parties concerning the subject matter hereof and supersedes all prior agreements or understandings, whether written or oral, of the parties hereto, excepting only the Agreement Not To Disclose Settlement Communications and Workpapers previously entered into between the parties and Taxpayers' representative.

10. This Agreement shall be construed and interpreted in accordance with the laws of the State of California. The parties, and each of them, hereby agree to submit to the jurisdiction of the California courts in any action relating to this Agreement or the enforcement or interpretation of the terms hereof.

11. Each party shall bear the fees and costs arising from the actions of its own counsel and/or representative in connection with this dispute and the settlement thereof, including but not limited to, those fees and/or costs related to the execution of this Agreement and the attendant responsibilities resulting therefrom.

12. Each party, on its own behalf, represents and warrants that the signatories to this Agreement have the authority to execute this Agreement on behalf of the respective party or parties. Specifically, Tribune represents and warrants that its signatory to this Agreement has authority to execute this Agreement

1. on behalf of Tribune all of the other Taxpayers.
2.     13. This Agreement is binding upon the parties and their subsidiaries, heirs, personal
3. representatives, successors in interest and assigns, and each of them.
4.     14. On or before December 31, 2011, Taxpayers shall obtain and provide to FTB both (a) the original
5. of this Agreement executed by or on behalf of the Taxpayers and (b) final, nonappealable entered orders of
6. the Bankruptcy Court in the Bankruptcy Cases approving this Agreement. Should the Taxpayers fail to do so,
7. this Agreement will be without effect.
8.     15. If FTB receives on or before December 31, 2011, both (a) the original of this Agreement
9. executed by or on behalf of Taxpayers, and (b) the final, nonappealable entered orders of the Bankruptcy
10. Court in the Bankruptcy Cases approving this Agreement, this Agreement will be solely conditioned upon the
11. following being obtained within a reasonable period of time:
12.     a. The approval of the settlement by FTB's Legal Management; and,
13.     b. A conclusion by the Office of the Attorney General (where required by statute) that the settlement
14.        is reasonable from an overall perspective; and,
15.     c. The approval of the settlement by the Franchise Tax Board, itself.
16. Upon completion of the foregoing and the execution of this Agreement by an officer or employee of FTB, this
17. Agreement shall become final, enforceable, and nonappealable, except upon a showing of fraud or
18. misrepresentation of a material fact, as set forth in Revenue and Taxation Code section 19442.

**TRIBUNE COMPANY**

Date: _____

By:     Patrick M. Shanahan
Title:   Vice President – Tax

**FRANCHISE TAX BOARD**

Date: _____

By:     James E. Heckenlaible
Title:   Settlement Officer

EXHIBIT A

Tribune (CCN 2198052)
Exhibit A - Taxpayers per FTB Audit Schedules
Taxable Years 12/2002 - 12/2007

Tribune Company
Tribune Los Angeles, Inc.
Los Angeles Times Communications, LLC
Tribune Publishing Company
Tribune Media Net, Inc.
Tribune Media Services, Inc.
TMS Movie Information Products, Inc.
TMS - TMS TV Publishing (FKA JDTV)
Hoy Publications, LLC
Tribune National Marketing Company
Chicago Tribune Company
Tribune Direct Marketing, Inc.
Chicago Tribune Press Service, Inc.
Chicago National League Ball Club, LLC
Tribune Broadcasting Company
Channel 40, Inc.
Broadcasting News
Tribune Network Holdings Company
Tribune Entertainment Company
Magic T Music
Tribune Entertainment Production Company
Chicago River Production Company
435 Production Company
5800 Sunset Production, Inc.
North Michigan Production Company
Tribune (FN) Cable Ventures, Inc.
Tribune Broadcasting News Network, Inc.
Tribune Broadcast Holdings, Inc.
WGN Continental Broadcasting Company
KTLA, Inc.
Tribune California Properties, Inc.
KSWB, Inc.
Tribune Interactive, Inc.
Los Angeles Times International, LTD
Los Angeles Times Newspapers, Inc.
Newscom Services, Inc.
Tribune License, Inc.
California Community News Corporation
TMLH 2, Inc.
EZ Buy EZ Sell Recycler
EZ Buy EZ Sell Southern California
The Renter, Inc.
Tilema Publishing, Inc.
TMLS 1, Inc.
Candle Holdings Corporation
Fortification Holdings
Fortify Holdings Corporation
Green Co, Inc.
Publisher's Forest Products Co. Of Washington
Shepard's, Inc.
Times Mirror Payroll Processing Company, Inc.
Wick Holdings
Tribune Television Northwest, Inc.

EXHIBIT B

Tribune (CCN 2198052)
Exhibit B - Bankruptcy Taxpayers
Taxable Years 12/2002 - 12/2007

| | Case No. |
|---|---|
| Tribune Company | 08-13141 |
| KTLA, Inc. | 08-13183 |
| KSWB, Inc | 08-13182 |
| Chicago Tribune Press Service, Inc. | 08-13154 |
| Tribune Entertainment Company | 08-13228 |
| Tribune Media Services, Inc. | 08-13236 |
| Tribune California Properties, Inc. | 08-13226 |
| Channel 40, Inc. | 08-13149 |
| California Community News Corporation | 08-13145 |
| Los Angeles Times International, LTD | 08-13186 |
| Chicago River Production Company | 08-13151 |
| Tribune Entertainment Production Company | 08-13229 |
| 435 Production Company | 08-13142 |
| 5800 Sunset Production, Inc. | 08-13143 |
| North Michigan Production Company | 08-13195 |
| Shepard's, Inc. | 08-13203 |
| TMLS 1, Inc. | 08-13218 |
| TMLH 2, Inc. | 08-13217 |
| Tribune License, Inc. | 08-13232 |
| Candle Holdings Corporation | 08-13146 |
| Fortify Holdings Corporation | 08-13167 |
| Tribune Media Net, Inc. | 08-13235 |
| Tribune Los Angeles, Inc. | 08-13233 |
| Tribune Television Northwest, Inc. | 08-13245 |
| Eagle New Media Investments, LLC | 08-13162 |
| Los Angeles Times Communications, LLC | 08-13185 |
| Hoy Publications, LLC | 08-13175 |

Tribune (CCN 2198052)
Exhibit C - Settlement Tax Computation
Taxable Years 12/2002 - 12/2007

| | 12/2002 | 12/2003 | 12/2004 | 12/2005 | 12/2006 | 12/2007 | Net Total |
|---|---|---|---|---|---|---|---|
| TAX PER NPA/(NPO) | 124,999 | 3,276,638 | 1,167,723 | 1,568,656 | 971,342 | (63,707) | 7,045,651 |
| Resolved item cap gain/loss comp | 0 | (1,929,793) | 0 | (123,607) | (301,032) | 0 | (2,354,432) |
| RAR adjustments (PHONES) | 734,358 | 731,834 | 0 | 0 | 0 | 0 | 1,466,192 |
| Tax effect of MIC carryover from prior settlements | (14,259) | 0 | (60,882) | (299,480) | (107,300) | 0 | (481,921) |
| Prior settlement depr. adj. | (40,982) | (8,811) | (9,111) | (8,974) | (8,624) | (3,891) | (80,393) |
| TAX AS REVISED | 804,116 | 2,069,868 | 1,097,730 | 1,136,595 | 554,386 | (67,598) | 5,595,097 |
| Less amount conceded per settlement | 0 | (545,759) | (589,105) | (703,006) | (512,130) | 0 | (2,350,000) |
| NET ADDL TAX DUE TO SETTLE | 804,116 | 1,524,109 | 508,625 | 433,589 | 42,256 | (67,598) | 3,245,097 |

EXHIBIT C