IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Related to Docket No.** _____ |

**ORDER GRANTING DEBTORS' MOTION FOR AN ORDER (I) ENFORCING THE TERMS OF THE BANKRUPTCY COURT-APPROVED SETTLEMENT AGREEMENT WITH THE FRANCHISE TAX BOARD OF THE STATE OF CALIFORNIA, (II) DETERMINING THAT THE DEBTORS HAVE NO LIABILITY FOR TAX-RELATED PENALTY, AND (III) ORDERING THE RETURN OF FUNDS SETOFF IN VIOLATION OF THE AUTOMATIC STAY AND COURT ORDER**

Upon consideration of the motion (the "Motion")[2] of the reorganized debtors in the above-captioned chapter 11 cases for entry of an order (i) enforcing the terms of the Settlement Agreement entered into between Tribune Company the Franchise Tax Board of the State of California and previously approved by an order of this Court, (ii) determining that the Debtors have no liability for the purported tax-related penalty under the Bankruptcy Code, and (iii) ordering the FTB to return to the Debtors $857,702.20 which the FTB setoff against tax refunds owed to the Debtors in violation of the automatic stay and court order; and upon consideration of

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] All capitalized terms used but not defined herein have the meanings ascribed to such terms in the Motion.

46429/0001-9207267v1

the Motion and all pleadings related thereto; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was good and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

ORDERED, that the Motion is granted; and it is further

ORDERED, that, under the Bankruptcy Code, the Taxpayers (as defined in the Motion) have no liability to the FTB for the LCUP for tax years 2003-2005; and it is further

ORDERED, that the FTB is hereby directed to remit the Disputed Amount (*i.e.*, $857,702.20) to Tribune immediately following entry of this Order; and it is further

ORDERED, that this Court shall retain jurisdiction to hear any and all disputes arising out of the implementation of this Order.

Dated: Wilmington, Delaware
          February ____, 2013

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge