UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>                     Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Hearing Date: March 13, 2013 at 1:00 p.m. ET<br>Objection Deadline: February 19, 2013 at 4:00 p.m. ET |

**APPLICATION OF AJALAT, POLLEY, AYOOB & MATARESE, A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS, FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED AS ORDINARY COURSE COUNSEL TO LOS ANGELES TIMES COMMUNICATIONS LLC FOR CERTAIN PROPERTY TAX MATTERS DURING THE PERIOD FROM MAY 1, 2012 THROUGH SEPTEMBER 30, 2012**

Ajalat, Polley, Ayoob & Matarese, a partnership including professional corporations ("Ajalat"), counsel for Los Angeles Times Communications LLC ("LA Times"), one of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully submits this application (the "Application"), pursuant to (i) sections 327,

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

331, and 503 of title 11 of the United States Code (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (iv) the Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business (D.I. 227) (the "OCP Order"), (v) the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (Docket No. 225) (the "Interim Compensation Order"), as amended, and (vi) the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications (Docket No. 546) (the "Fee Examiner Order") for (a) the allowance of fees in the aggregate amount of $140,925.00 for services rendered, and $18,400.00 in expenses incurred, during its representation of LA Times for certain property tax matters in Los Angeles and Orange Counties during the period from May 1, 2012 through September 30, 2012 and (b) for a limited waiver of the procedures for the approval and payment of professional compensation and consideration of fee applications set forth in the Interim Compensation Order and the Fee Examiner Order with respect to the Application (as discussed at paragraph 13, infra). In support of the Application, Ajalat respectfully states as follows:

### BACKGROUND OF THE CASES

1. On December 8, 2008 (the "Petition Date"), Tribune and certain of its subsidiaries filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An

additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). (D.I. 43, 2333.)

3. The Fourth Amended Joint Plan of Reorganization for the Debtors confirmed on July 23, 2012 (the "Plan") went effective on December 31, 2012.[3] (D.I. 12939).

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327, 331, and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

## PROCEDURAL BACKGROUND FOR THE APPLICATION

5. On December 26, 2008, the Debtors filed the Motion for an Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code (Docket No. 148) (the "OCP Motion").[4] In the OCP Motion, the Debtors sought approval of this Court to employ and retain the Ordinary Course Professionals[5] to

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

[3] Certain of the Debtors will have undertaken these Restructuring Transactions (as defined in the Plan), pursuant to which they have been or will be merged with and into direct or indirect wholly-owned subsidiaries of Tribune Company.

[4] Exhibit A to the OCP Motion, which lists Ordinary Course Professionals retained by the Debtors, has been subsequently supplemented and amended by the Debtors to add additional Ordinary Course Professionals or to seek increases to the Monthly Cap applicable to existing Ordinary Course Professionals. (See D.I. 544, 877, 1086, 1756, 1826, 1887, 2283, 2412, 2865, 3222, 3861, 4214, 4607, 4614, 4845, 5395, 5846, 7236, 7545, 7820, 8310, 8788, 9333, 9686, 9758, 9772, 9847, 10350, 10684, 11235, 11336, 11512, 11612, 11858, 11935 and 12405.)

[5] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the OCP Motion and OCP Order.

3

provide services to the Debtors as necessary for the day-to-day operations of the Debtors' businesses on terms substantially similar to those in effect prior to the Petition Date. On January 15, 2009, this Court granted the OCP Order. Ajalat filed its Rule 2014 statement pursuant to the OCP Order on February 13, 2009 (D.I. 386)

6. Retention and compensation of the Ordinary Course Professionals is subject to the terms and conditions described in the OCP Order, including a Monthly Cap on the fees permitted to be paid to such Ordinary Course Professionals, per month on average over a rolling three-month period for Monthly Caps that are less than $50,000 per month, or a rolling two-month period for Monthly Caps of $50,000 per month. Expenses are not considered for the purpose of calculating the applicable Monthly Cap.

7. The OCP Order provides that in the event the fees incurred and invoiced by any Ordinary Course Professional exceed the applicable Monthly Cap, such Ordinary Course Professional shall be required to seek the Court's approval of all fees invoiced for that month in accordance with the procedures set forth in the Interim Compensation Order and the Fee Examiner Order.

## BACKGROUND CONCERNING THE RELIEF REQUESTED

8. During the period covered by this Application, Ajalat represented LA Times in connection with various property tax matters (the "Property Tax Matters"). In California, Ajalat works to resolve property tax disputes through three separate agencies, (i) the Los Angeles County Assessor's Office (the "Assessor's Office"), (ii) the Los Angeles County Auditor-Controller's Office, and (iii) the Los Angeles County Assessment Appeals Board (the "LAAAB"). In 2004, LA Times retained Ajalat to take over a property tax controversy from a property tax consulting firm for the years 1993 through 2000. Since 2004, Ajalat reviewed, with

4

the assistance of competent appraisal experts, the methodology used by the Assessor's Office to value LA Times's printing presses and other press-related equipment. Ajalat concluded that the Assessor's Office had not used the appropriate valuation methodologies for the press and press-related equipment, as the Assessor's Office used over-stated inflation factors, relied upon incorrect depreciation figures, and accounted only for physical depreciation, not operating obsolescence, among other things. The Assessor's Office disagreed. Accordingly, Ajalat proceeded with the hearing before the LAAAB (an appeals board established by the California Constitution for property tax matters) for the years 1993 through 2000. The LAAAB ultimately made a large reduction in the value of the presses and press-related equipment.

9.  Since the LAAAB hearing, and during the period covered by this Application, Ajalat has continued to work with the assessor's offices in Los Angeles and Orange Counties to determine the correct value of the LA Times's presses and press-related equipment for years from 2009 through 2012. Ajalat's work for LA Times during the period covered by this Application included the preparation for and meetings with the Los Angeles County and Orange County assessors over the appropriate amount of taxes owed from 2009 onward, negotiations of property tax values with those assessors, and several hearings before the LAAAB related to post-2009 valuations. These negotiations and hearings have resulted in significant tax savings for LA Times. This increased activity in the Property Tax Matters caused Ajalat's fees to exceed the Monthly Cap of $25,000 in the period between May 1, 2012 and September 30, 2012.

10. LA Times has reviewed invoices submitted to them by Ajalat for fees incurred between May 1, 2012 and September 30, 2012 in connection with the Property Tax Matters, and has approved as necessary and proper fees in the aggregate amount of $140,925.00

46429/0001-9214639v1

and expenses in the amount of $18,400.00. The Debtors have informed Ajalat that it has exceeded its Monthly Cap over the applicable period (i.e., May 1, 2012 through September 30, 2012) and is therefore required to seek the Court's allowance of the entire amount of the firm's invoices for this period.

## RELIEF REQUESTED

11. By this Application, Ajalat seeks the allowance of fees in the aggregate amount of $140,925.00 for services rendered, and $18,400.00 in expenses incurred, during its representation of LA Times during the period from May 1, 2012 through September 30, 2012. Additionally, Ajalat requests a limited waiver of the procedures for the approval and payment of professional compensation and consideration of fee applications set forth in the Interim Compensation Order and the Fee Examiner Order with respect to this Application. Additional information as required by Local Rule 2016-2(c), (d), and (e) relating to the fees and expenses requested herein is provided on Exhibits A, B, and C to this Application.

## BASIS FOR RELIEF REQUESTED

12. Ajalat represented LA Times on the Property Tax Matters. During 2012, LA Times has received refunds (including interest) and/or reductions in tax totaling approximately $2.2 million, of which approximately $1.6 million occurred during the period May 1, 2012 through September 30, 2012 as a result of Ajalat's activities on behalf of the LA Times as described herein. Ajalat submits that LA Times's estate has benefitted from the legal services that Ajalat provided to LA Times. The services rendered by Ajalat for all matters between May 1, 2012 and September 30, 2012 have been fair and reasonable and well within the range of fees that would be charged by counsel for matters of this type.

**REQUEST FOR LIMITED WAIVER OF INTERIM COMPENSATION PROCEDURES**

13. Ajalat requests that the Debtors be permitted to pay Ajalat the full amount of the fees it incurred during the period from May 1, 2012 through September 30, 2012, rather than requiring Ajalat to seek approval of its fees on an interim basis subject to a 20% holdback and to seek the Court's allowance of such fees and expenses on a quarterly basis subject to the Fee Examiner's review and report. Ajalat respectfully submits that good cause exists for the Court to grant a limited waiver from the Interim Compensation Order to reduce the additional costs and delay of obtaining approval and payment of the amounts requested herein. In the alternative, Ajalat respectfully requests that the Court consider this Application at the next hearing scheduled for the consideration of interim fee applications.[6]

**PAYMENT FROM DEBTORS; NO SHARING OF COMPENSATION**

14. Ajalat has received no payment and no promises of payment from any source other than LA Times for services rendered as an Ordinary Course Professional to LA Times in these chapter 11 cases. There is no agreement between Ajalat and any other party for the sharing of compensation to be received for the services rendered by Ajalat to LA Times. All professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of LA Times.

---

[6] In the past, this Court has granted limited waivers of the otherwise-applicable procedures for compensation and reimbursement of expenses for professionals and consideration of fee applications set forth in this Court's Interim Compensation Order and Fee Examiner Order with respect to fee applications submitted by the Debtors' Ordinary Course Professionals. See, e.g., Order Allowing Compensation and Reimbursement of Expenses to SNR Denton US LLP for Services Rendered as Ordinary Course Counsel to the Debtors During the Period From July 1, 2010 through August 31, 2010 (Docket No. 8704); Order Allowing Compensation and Reimbursement of Expenses to Hunton & Williams LLP for Services Rendered as Ordinary Course Counsel to the Debtors for Certain Litigation Matters During the Prior From May 1, 2010 through July 31, 2010 (Docket No. 7454); Order Allowing Compensation and Reimbursement of Expenses to David Wright Tremaine LLP for Services Rendered as Ordinary Course Counsel to the Debtors During the Period From March 1, 2010 through June 30, 2010 (Docket No. 6576).

46429/0001-9214639v1

## REVIEW OF APPLICABLE LOCAL RULE

15. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with the requirements of Local Rule 2016-2.

16. The undersigned further certifies that the Debtors have had an opportunity to review this Application before it was filed with the Court.

## NO PRIOR REQUEST

17. No previous application with respect to the relief requested herein has been made to this or any other Court.

WHEREFORE, after appropriate notice and hearing, Ajalat respectfully requests the Court enter an order (i) allowing fees in the aggregate amount of $140,925.00 for services rendered, and $18,400.00 in expenses incurred, during its representation of LA Times during the period from May 1, 2012 through September 30, 2012; (ii) waiving the procedures for compensation and reimbursement of expenses for professionals and consideration of fee applications set forth in this Court's Interim Compensation Order and Fee Examiner Order with respect to this Application to provide payment of the full amount sought by Ajalat immediately upon approval of this application, and (iii) granting such further relief as is just and proper.

Dated: January 28, 2013

>Respectfully submitted,
>
>AJALAT, POLLEY, AYOOB & MATARESE,
>A partnership including professional corporations
>By Terry L. Polley, A Professional Corporation,
>Partner
>
>By /s/ Terry L. Polley
>Terry L. Polley, its president.
>500 North Brand Boulevard, Suite 1870
>Glendale, California, 91203
>818-553-1300