# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE
## FOURTEENTH INTERIM FEE APPLICATION OF LAZARD FRERES & CO. LLC

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Fourteenth Interim Fee Application of Lazard Freres & Co. LLC* [Docket No. 12029] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $600,000.00 and reimbursement of expenses that total $202.82 for the period from March 1, 2012 through May 31, 2012. Lazard Freres & Co. LLC ("**Lazard**") serves as investment banker and financial advisor to the Debtors.

---

[1] The Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

## Background

1. On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2. On December 26, 2008, the Debtors filed the *Application for an Order Authorizing Debtors to Employ and Retain Lazard Frères & Co. LLC as Investment Banker and Financial Advisor Pursuant to 11 U.S.C. §§ 327(a), 328(a) and 1107, Nunc Pro Tunc to the Petition Date* [Docket No. 147] (the "**Retention Application**"). On March 13, 2009, this Court approved the retention of Lazard as investment banker and financial advisor to the Debtors by entering the *Consent Order Authorizing Debtors to Employ and Retain Lazard Frères & Co. LLC as Investment Banker and Financial Advisor Pursuant to 11 U.S.C. §§ 327(a), 328(a) and 1107, Nunc Pro Tunc to the Petition Date* [Docket No. 524] ("**Retention Order**").

3. Lazard submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

4. The Fee Application requested the allowance of compensation and reimbursement of expenses incurred in accord with the terms of an engagement letter and indemnification letter (collectively referred to as "**Engagement Letter**") between Lazard and the Debtors dated December 2, 2008. The Engagement Letter established that the firm would receive a monthly fee of $200,000.00, a restructuring/disposition fee, and reimbursement for all reasonable out-of-pocket expenses. The Retention Order provided that "Lazard shall be compensated in

accordance with the terms of the Lazard Agreement" and that "notwithstanding anything to the contrary ... the U.S. Trustee shall retain the right and be entitled to object to the Monthly Fees, the Restructuring/Disposition Fee and any other Disposition Fee based on the reasonableness standard under Bankruptcy Code Sections 330 and 331."

## Applicable Standards

5.    In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with Section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

6.    The Fee Examiner reviewed the Fee Application for compliance with Sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

7.    Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C.*

*§ 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

8. A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

9. The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Engagement Letter, the Retention Order, the Interim Compensation Order, and all related filings, and provided a Preliminary Report for the firm's review and comment. Lazard responded to the Fee Examiner with a written response to the Preliminary Report. After consideration of the additional information provided by the firm, the

Fee Examiner now issues this final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order* ¶5.

## DISCUSSION OF FINDINGS

### Technical Requirements

10. **Reconciliation of Fees and Expenses.** Lazard requested fees in accordance with the terms and conditions set forth in the Engagement Letter. The fee request for each month in this interim period is $200,000.00. The Application did not include hourly rates for the firm timekeepers; however, the number of hours billed by each professional and paraprofessional and the total number of hours billed by the firm during this interim period were provided. Using the fixed monthly fee, the total hours billed by the firm, and the hours billed by each timekeeper, the Fee Examiner calculated a blended hourly rate for each month for the firm. The blended hourly rates are displayed in the following table:

| Month | Fee | Hours | Blended Rate |
|---|---|---|---|
| March 2012 | $200,000.00 | 11.50 | $17,391.30 |
| April 2012 | 200,000.00 | 19.00 | $10,526.32 |
| May 2012 | 200,000.00 | 12.50 | $16,000.00 |
| TOTAL | $600,000.00 | 43.00 | |

The recomputation of expenses revealed that the amount of the Expenses Requested was $18.09 less than the Expenses Computed. The discrepancy was the result of the exclusion of the expenses for May 2012 (Forty-First Monthly Application) in the total amount of expenses requested in the Fourteenth Interim Fee Application. The discrepancy results in an increase in Lazard's expenses requested by an amount of $18.09.

The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

11. **Block Billing.** The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*. The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines ¶(b)(4)(v)*.[2] Lazard complied with the Local Rules and UST Guidelines regarding block billing.

12. **Time Increments.** The Retention Order provides Lazard "a limited waiver of the information requirements set forth in Local Rule 2016-2 to keep time records in one-half hour increments." The Lazard time entries were recorded in full-hour and half-hour time increments.

### Review of Fees

13. **Firm Staffing.** The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*. The Fee Application provided the names and positions of the two Lazard timekeepers who billed to this matter, consisting of one vice president and one analyst.

---

[2] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g., In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g., In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from 5 to 100 percent. *See id.* at 495 n.7 and cases cited.

The firm billed a total of 43.00 hours. The following table displays the hours computed by timekeeper position and the percentage of total hours for each position:

| Position | Hours | Percentage of Total Hours |
|---|---|---|
| Vice President | 17.00 | 40% |
| Analyst | 26.00 | 60% |
| TOTAL | 43.00 | 100% |

14. **Timekeepers' Roles / Duplicative Activities.** A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4).* With this directive in mind, the Fee Examiner reviewed the billing entries of the two timekeepers who billed during this interim period to evaluate their respective contributions to the representation, including a comparison to each other's efforts. In certain respects, the Lazard timekeepers appeared to perform either core team responsibilities necessary to the engagement; or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by the other professional. However, in addition to tasks billed for multiple attendances at a meeting, call, or discussion which are addressed below, the Fee Examiner identified occasions where the firm's two timekeepers' activities appeared to be duplicative. These entries, totaling 17.50 hours, were displayed in **Exhibit A**[3] to the Preliminary Report. The Fee Examiner requested the firm provide supplemental information regarding the necessity of the apparent duplicative activities. Lazard responded by identifying the separate nature of the tasks and activities performed by the individuals. Given the firm's response and its role, the Fee Examiner does not recommend a related fee reduction. Exhibit A has been omitted from this Final Report.

---

[3] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, are displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

15. **Meetings, Conferences, Hearings, and Other Events.** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*. While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where both timekeepers attended the same meeting, conference, hearing, or other event. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The associated entries were displayed in **Exhibit B** to the Preliminary Report. The Fee Examiner asked the firm to continue to strive to eliminate unnecessary multiple attendance, but given the firm's role and the relatively modest hours at issue, the Fee Examiner does not recommend a related fee reduction. Exhibit B has been omitted from the Final Report.

16. **Intraoffice Conferences.** Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. Lazard did not bill for intraoffice conferencing.

17. **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each

activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*. On the whole, Lazard complied with the requirements of the Local Rules and the UST Guidelines with regard to providing complete and detailed task descriptions.

18.  **Administrative Activities.** Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The Fee Examiner did not identify any fee entries describing administrative activities.

19.  **Clerical Activities.** Clerical activities are tasks that may be effectively performed by administrative assistants, secretaries, or support personnel.[4] The Fee Examiner did not identify any fee entries describing clerical activities.

20.  **Travel.** The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule*

---

[4] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates). These overhead activities may include: mailing; photocopying; word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

*2016-2(d)(viii)*. The Fee Examiner reviewed the Fee Application and did not identify any time entries for travel.

21. **General Reasonableness of Fees.** Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. The Fee Examiner notes that Lazard only spent 43.00 hours with associated fees of $600,000.00 in this interim fee period. The Fee Examiner has also computed the hours billed, calculated a blended hourly rate per fee period and overall, and compared these numbers with the amount charged to the estate. The data is displayed in the chart below. The Fee Examiner requested Lazard comment on the reasonableness of the monthly and overall fees generated in light of the hours billed

| Interim Period | Amount Billed | Hours Computed | Blended Hourly Rate |
|---|---|---|---|
| 1st | $ 554,839.00 | 377.20 | $1,470.94 |
| 2nd | 600,000.00 | 654.15 | $917.22 |
| 3rd | 600,000.00 | 675.30 | $888.49 |
| 4th | 600,000.00 | 1,144.35 | $524.32 |
| 5th | 600,000.00 | 1,236.80 | $485.12 |
| 6th | 600,000.00 | 485.10 | $1,236.86 |
| 7th | 600,000.00 | 496.50 | $1,208.46 |
| 8th | 600,000.00 | 788.10 | $761.32 |
| 9th | 600,000.00 | 637.80 | $940.73 |
| 10th | 600,000.00 | 266.50 | $2,251.41 |
| 11th | 600,000.00 | 44.00 | $13,636.36 |
| 12th | 600,000.00 | 115.20 | $5,208.33 |
| 13th | 600,000.00 | 228.60 | $2,624.67 |
| 14th | 600,000.00 | 43.00 | $13,953.49 |
| TOTALS | $8,354,839.00 | 7,192.60 | $1,161.59 |

In response, Lazard pointed out that it was retained with the understanding it would charge a monthly fee of $200,000.00 (50% of which began to credit against the restructuring fee in December 2009). Lazard pointed out several matters it worked on and is currently working on

that resulted in higher billable hours being billed per month. Lazard stated that its fee arrangement is partially based on the fact its hours fluctuate on a month to month basis. Finally, Lazard stated that its fees should be evaluated on the total amount of work over the course of the case and that it has been an invaluable advisor to the Debtors, and believes its fees are reasonable.

The Fee Examiner is concerned about the reasonableness of the fees being charged to the Debtors (with no voluntary fee reduction) when compared to the services rendered and in light of the fact only 50% of the total fees being charged are credited against the restructuring fee. Under the circumstances, the two forms of compensation (without some reduction) could be construed as a windfall in favor of Lazard. The Fee Examiner will continue to monitor the services performed and compare them to the fees requested/received and may make a recommendation to the Court when reporting on Lazard's final fee application.

22. **Lazard Retention/Compensation.** Lazard billed 1.00 hour relating to the firm's application for compensation. The fee entries describing Lazard's retention/compensation activity are displayed in **Exhibit C**, which is included in the Final Report for the Court's reference.

### Review of Expenses

23. **Itemization of Expenses.** The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*. The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all

expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*. Lazard provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge. The Fee Examiner found no objectionable expense items.

## CONCLUSION

The Fee Examiner submits this Final Report regarding Lazard Freres & Co. LLC's Fee Application and the fees and expenses discussed above. Without waiving any rights regarding the overall reasonableness of Lazard's fees in general, the Fee Examiner recommends the interim approval of fees in the amount of $600,000.00 and reimbursement of expenses that total $220.91 ($202.82 plus $18.09) for the period from March 1, 2012 through May 31, 2012. The findings are set forth in the summary on the following page.

**LAZARD FRERES & CO. LLC**

**SUMMARY OF FINDINGS**

**Fourteenth Interim Fee Application (March 1, 2012 through May 31, 2012)**

A. **Amounts Requested and Computed**

| | | |
|---|---:|---:|
| Fees Requested | $600,000.00 | |
| Expenses Requested | 202.82 | |
| TOTAL FEES AND EXPENSES REQUESTED | | $600,202.82 |
| Fees Computed | $600,000.00 | |
| Expenses Computed | 220.91 | |
| TOTAL FEES AND EXPENSES COMPUTED | | $600,220.91 |
| Discrepancy in Fees | ($ 18.09) | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | ($ 18.09) |

B. **Recommended Fee Allowance and Expense Reimbursement**

| | | | |
|---|---:|---:|---:|
| Fees Requested | $600,000.00 | | |
| RECOMMENDED FEE ALLOWANCE | | | $600,000.00 |
| Expenses Requested | $202.82 | | |
| *Discrepancy in Expenses* | | *$18.09* | |
| Subtotal | | *$18.09* | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 220.91 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $600,220.91 |

Respectfully submitted,

STUART MAUE

By: _____
John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri 63044
Telephone: (314) 291-3030
Facsimile: (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 4th day of February, 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

Mr. Bradley Dunn
Lazard Freres & Co. LLC
30 Rockefeller Plaza
New York, NY 10020

_____
John F. Thell, Esq.

EXHIBIT C
LAZARD RETENTION/COMPENSATION
Lazard Freres & Co. LLC

| TIMEKEEPER NAME | HOURS |
|---|---|
| Nguyen, P | 1.00 |
| | 1.00 |

| MATTER NAME | HOURS |
|---|---|
| Tribune Company | 1.00 |
| | 1.00 |

EXHIBIT C  PAGE 1 of 3

EXHIBIT C
LAZARD RETENTION/COMPENSATION
Lazard Freres & Co. LLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | | DESCRIPTION |
|---|---|---|---|---|---|
| 05/03/12 Thu | Nguyen, P 20120531/8 | 0.50 | 0.50 | 1 | *MATTER NAME: Tribune Company* <br> PREPARATION OF FEE APPLICATION |
| 05/23/12 Wed | Nguyen, P 20120531/14 | 0.50 | 0.50 | 1 | *MATTER NAME: Tribune Company* <br> REVIEW AND PREPARATION OF FEE EXAMINER DOCUMENTS / RESPONSE |
| Total Number of Entries: | 2 | | 1.00 | | |

EXHIBIT C  PAGE 2 of 3

EXHIBIT C
LAZARD RETENTION/COMPENSATION
Lazard Freres & Co. LLC

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS |
|---|---|
| Nguyen, P | 1.00 |
| | 1.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS |
|---|---|
| Tribune Company | 1.00 |
| | 1.00 |

EXHIBIT C  PAGE 3 of 3