## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**Objections Due: February 26, 2013 at 4:00 p.m.**
**Hearing Date:** *Only if Objections Are Filed*
**Related to Docket Nos. 12713, 12733 and 12991**

## SIXTEENTH QUARTERLY FEE APPLICATION OF
## McDERMOTT WILL & EMERY LLP, AS SPECIAL COUNSEL TO
## DEBTORS FOR DOMESTIC LEGAL MATTERS, FOR ALLOWANCE OF
## COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
## THE PERIOD SEPTEMBER 1, 2012 THROUGH NOVEMBER 30, 2012

| | |
|---|---|
| **Name of applicant:** | McDermott Will & Emery LLP |
| **Authorized to provide professional services to:** | Tribune Company, et al. |
| **Date of retention:** | March 13, 2009 nunc pro tunc to December 8, 2008 |
| **Period for which compensation and reimbursement is sought:** | September 1, 2012 to November 30, 2012 |
| **Amount of compensation sought as actual, reasonable and necessary:** | $969,592.00 (80% of which is $775,673.60) |
| **Amount of expense reimbursement sought as actual, reasonable and necessary:** | $31,747.07 |

This is an: __ monthly     _X_ interim     ____ final application

Prior Interim Applications Filed:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| 4/15/09[1] | 1029 | 12/8/08 – 2/28/09 | $530,504.50[2] | $6,808.20 | $416,077.00 | $1,489.70 |
| 10/9/09 | 2313 | 3/1/09 – 5/31/09 | $839,465.00 | $3,883.93 | $838,826.50 | $3,631.33 |
| 12/11/09 | 2820 | 6/1/09 – 8/31/09 | $365,485.00 | $1,312.70 | $352,935.92 | $1,254.30 |
| 6/11/09 | 4761 | 9/1/09 – 11/30/09 | $362,715.50 | $2,425.85[3] | $361,032.75 | $2,423.55 |
| 6/30/10 | 4907 | 12/1/09 – 2/28/10 | $819,588.00 | $1,776.95[4] | $817,040.50 | $1,776.95 |
| 9/3/10 | 5622 | 3/1/10 – 5/31/10 | $439,490.50 | $1,892.73 | $437,539.50 | $1,892.73 |
| 10/27/10 | 6151 | 6/1/10 – 8/31/10 | $716,188.50 | $4,885.44 | $714,380.25 | $4,858.14 |
| 2/7/11 | 7819 | 9/1/10 – 11/30/10 | $1,153,555.00 | $13,621.43 | $1,151,028.75 | $13,388.29 |
| 6/20/11 | 9285 | 12/1/10 – 2/28/11 | $1,560,114.00 | $17,757.01 | $1,554,802.25 | $17,757.01 |
| 7/15/11 | 9471 | 3/1/11 – 5/31/11 | $1,987,295.50 | $89,002.31 | $1,974,863.50 | $88,925.24 |
| 11/8/11 | 10182 | 6/1/11 – | $1,932,538.50 | $20,555.38 | $1,926,695.75 | $20,555.38 |

[1] The Combined Monthly and First Quarterly Application combined McDermott Will & Emery LLP's ("McDermott") monthly fee statements and quarterly fee application for the period of December 8, 2008 through February 28, 2009.

[2] By agreement with the above-captioned debtors and debtors in possession (the "Debtors"), McDermott reduced its compensation sought by $110,867.50 due to an inadvertent overpayment by the Debtors. Such reduction was to respond to the United States Trustee's (the "U.S. Trustee") comments regarding McDermott's Combined Monthly and First Quarterly Application. The U.S. Trustee and McDermott (together, the "Parties") agreed that McDermott would not seek payment of the disputed fees, in the amount of $110,867.50 (the "Disputed Fees"), at that time. The Parties agreed, however, that McDermott reserved its right to seek payment of the Disputed Fees at a later time.

[3] Due to an inadvertent expense submission in the Second Quarterly Fee Application Of McDermott, As Special Counsel To Debtors For Domestic Legal Matters, For Allowance Of Compensation And Reimbursement Of Expenses For The Period March 1, 2009 Through May 31, 2009, McDermott reduced the amount of expense reimbursement sought in its October fee application by $250.00. Thus, McDermott actually sought reimbursement of expenses in the amount of $2,175.85 ($2,425.85-250.00).

[4] Due to an inadvertent expense submission in the Third Quarterly Fee Application Of McDermott, As Special Counsel To Debtors For Domestic Legal Matters, For Allowance Of Compensation And Reimbursement Of Expenses For The Period June 1, 2009 Through August 31, 2009, McDermott reduced the amount of expense reimbursement sought in its December fee application by $58.40. Thus, McDermott actually sought reimbursement of expenses in the amount of $1,718.55 ($1,776.95-$58.40).

| | | 8/31/11 | | | | |
|---|---|---|---|---|---|---|
| 2/2/12 | 10828 | 9/1/11 – 11/30/11 | $1,180,492.00 | $33,817.74 | $1,172,702.75 | $33,803.26 |
| 6/1/12 | 11743 | 12/1/11 – 2/29/12 | $1,664,211.60[5] | $34,809.70 | $1,658,540.75 | $34,507.43 |
| 7/18/12 | 12051 | 3/1/12 – 5/31/12 | $1,083,788.90 | $40,068.00 | $[_____] | $[_____] |
| 10/12/12 | 12564 | 6/1/12- 8/31/12 | $826,169.50 | $37,729.07 | $[_____] | $[_____] |

---

[5] McDermott actually incurred fees in the amount of $1,853,866.50. The amount requested reflects a voluntary reduction by McDermott of $189,654.90, representing a twenty percent (20%) discount with respect to the fees associated with the matter 2009 Audit for the January 2012 and February 2012 monthly fee applications.

DM_US 40654687-1.020336.0515
46429/0001-9236781V1

## COMPENSATION FOR PROFESSIONALS
## SEPTEMBER 1, 2012 THROUGH NOVEMBER 30, 2012

| Name of Professional Person | Position of the Applicant, Area of Expertise, Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Blake D. Rubin | Partner, Tax, Member of Pennsylvania Bar since 1980, Member of District of Columbia Bar since 1987 | $995-$1,040 | 282.0 | $285,508.50 |
| Robert Feldgarden, P.C. | Counsel, Tax, Member of District of Columbia Bar since 1975 | $1,020 | 0.8 | $816.00 |
| Philip Levine | Partner, Tax, Member of New York Bar since 1975, Member of District of Columbia Bar since 2002 | $990 | 9.4 | $9,306.00 |
| Stephen Wells, P.C. | Partner, Tax, Member of District of Columbia Bar since 1975 | $990 | 0.3 | $297.00 |
| Robin Greenhouse | Partner, Tax, Member of District of Columbia Bar since 1988 | $900-$940 | 27.4 | $24,844.00 |
| Andrea M. Whiteway | Partner, Tax, Member of Maryland Bar since 1992, Member of District of Columbia Bar since 1993 | $885-$925 | 232.0 | $208,600.00 |
| Steven Hoeft, P.C. | Partner, Trial, Member of Illinois Bar since 1976 | $875 | 0.5 | $437.50 |
| Robert Schreck | Partner, Corporate Advisory, Member of Illinois Bar since 1978 | $850 | 0.3 | $255.00 |
| Brooks B. Gruemmer | Partner, Corporate Advisory Member of Illinois Bar since 1990 | $840 | 0.3 | $252.00 |
| Erich Eisenegger | Partner, Corporate Advisory, Member of New York Bar since 2002 | $825 | 11.7 | $9,652.50 |
| Paul J. Compernolle | Partner, Employee Benefits, Member of Illinois Bar since 1978 | $820-$850 | 19.3 | $15,961.00 |
| William W. Merten | Partner, Employee Benefits, Member of Illinois Bar since 1985 | $820-$850 | 1.8 | $1,491.00 |
| Stephen Pavlick P.C. | Partner, Employee Benefits, Member of District of Columbia Bar since 1978 | $850 | 1.3 | $1,105.00 |
| Susan Schaefer | Partner, Employee Benefits, Member of Illinois Bar since 1989 | $820 | 1.3 | $1,066.00 |
| Michael J. Wilder | Partner, Tax, Member of District of Columbia Bar since 1995 | $780-$820 | 48.0 | $38,376.00 |

| Jon G. Finkelstein | Partner, Tax, Member of New York Bar since 2001, Member of District of Columbia Bar since 2002 | $765 | 270.2 | $209,679.00 |
|---|---|---|---|---|
| Luis Granados | Counsel, Employee Benefits, Member of the District of Columbia Bar since 1985 | $740 | 0.3 | $222.00 |
| Amy M. Gordon | Partner, Employee Benefits, Member of New Jersey Bar since 1991, Member of New York Bar since 1993, Member of Illinois Bar since 2001 | $725-$785 | 50.1 | $36,850.50 |
| Mark Bilut | Partner, Trial, Member of Illinois Bar since 1995 | $765 | 10.1 | $7,432.50 |
| Michael Lee | Partner, IP Prosecution, Member of California Bar Since 1994 | $710 | 5.2 | $3,692.00 |
| Nava Hazan | Partner, Restructuring & Insolvency, Member of New York Bar since 2000 | $645-$710 | 9.3 | $6,265.00 |
| Ira Mirsky | Partner, Employee Benefits, Member of Pennsylvania Bar since 1994, Member of New Jersey Bar since 1995, Member of District of Columbia Bar since 2010 | $645 | 3.9 | $2,515.50 |
| Ryan D. Harris | Partner, Corporate, Member of Illinois Bar since 2002 | $640-$670 | 2.6 | $1,724.00 |
| Christopher Lin | Partner, Corporate, Member of Illinois Bar since 2002 | $595 | 0.3 | $178.50 |
| Jeffrey Holdvogt | Partner, Employee Benefits, Member of Chicago Bar since 2002 | $580-$670 | 6.3 | $3,789.00 |
| Patrick J. McCurry | Associate, Tax, Member of Illinois Bar since 2007 | $500-$595 | 28.7 | $14,834.50 |
| Timothy Shuman | Partner, Tax, Member of District of Columbia Bar since 2007 | $500 | 1.0 | $500.00 |
| Gregory A. Kopacz | Associate, Restructuring & Insolvency, Member of New York Bar since 2010 | $435-$515 | 47.2 | $22,116.00 |
| Cole Parker | Associate, Corporate, Member of Illinois Bar since 2010 | $515 | 0.3 | $154.50 |
| Adriene Walker Porter | Associate, Employee Benefits, Member of the Illinois Bar since 2005 | $435 | 4.2 | $1,827.00 |
| John Robert | Associate, Tax, Member of New York Bar since 2012 | $365-$385 | 121.6 | $45,232.00 |
| Beverly Schaefman | Corporate Department Specialist | $375 | 2.0 | $750.00 |
| David Skowron | Manager, Litigation Technology | $345 | 0.7 | $241.50 |
| Jill Kaylor-Brett | Paralegal, Corporate Advisory | $265-$280 | 22.1 | $5,952.50 |

DM_US 40654687-1.020336.0515
46429/0001-9236781V1

| Quinton McElhaney | Senior Staff Attorney | $245 | 5.0 | $1,225.00 |
|---|---|---|---|---|
| Brant Newgard | Senior Staff Attorney | $245 | 24.3 | $5,953.50 |
| Nicole Lebeau | Senior Staff Attorney | $245 | 2.0 | $490.00 |
| Grand Total: | | | 1,253.8 | $969,592.00 |
| Blended Rate: | | $767.78 | | |

DM_US 40654687-1.020336.0515
46429/0001-9236781V1

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Baltimore Sun Mailers Pension Plan | 5.5 | $3,790.00 |
| Chapter 11 Restructuring/Tax Planning | 790.0 | $600,767.00 |
| Cubs | 0.6 | $555.00 |
| Cubs Post Closing Matters | 6.3 | $4,878.00 |
| ESOP | 21.8 | $16,909.00 |
| General Employee Benefits Matters | 1.0 | $375.00 |
| LA Times | 5.2 | $3,692.00 |
| Newsday | 193.5 | $172,825.00 |
| Perfect Market, Inc. | 18.9 | $9,754.00 |
| Welfare Plans | 61.2 | $43,653.00 |
| 2009 Audit | 149.8 | $112,394.00 |
| **TOTAL:** | 1,253.8 | $969,592.00 |

- 7 -

### EXPENSE SUMMARY

| Expense Category | Service Provider | Total Fees |
|---|---|---|
| Computer Hosting Fee for Document Review | In-House | $31,386.30 |
| Telecommunications | Conference Plus | $110.66 |
| Messenger/Courier | | $29.42 |
| Express Mail | | $11.44 |
| Copy Services | In-House/Williams Lea Inc. | $78.70 |
| Pacer | Court Service | $105.70 |
| Transportation/Parking | | $24.40 |
| Postage | | $0.45 |
| **TOTAL** | | $31,747.07 |

DM_US 40654687-1.020336.0515
46429/0001-9236781V1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**Objections Due: February 26, 2013 at 4:00 p.m.**
**Hearing Date:** *Only if Objections Are Filed*
**Related to Docket Nos. 12713, 12733 and 12991**

## SIXTEENTH QUARTERLY FEE APPLICATION OF McDERMOTT WILL & EMERY LLP, AS SPECIAL COUNSEL TO DEBTORS FOR DOMESTIC LEGAL MATTERS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD SEPTEMBER 1, 2012 THROUGH NOVEMBER 30, 2012

McDermott Will & Emery LLP ("McDermott"), as Special Counsel for Domestic Legal Matters to the Tribune Company, et al. (the "Debtors"), hereby submits this sixteenth quarterly application (the "Sixteenth Quarterly Application") for approval and allowance of compensation for services rendered in the amount of $969,592.00 (80% of which is $775,673.60) and reimbursement for expenses incurred in the amount of $31,747.07 during the period commencing September 1, 2012 through November 30, 2012 (the "Sixteenth Quarterly Application Period"). This Sixteenth Quarterly Application is submitted pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order"), the Executive Office of United States Trustees' Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 dated January 30,

1996 (the "Guidelines"), and the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications dated March 19, 2009 (the "Fee Examiner Order").   In support of this Sixteenth Quarterly Application, McDermott respectfully represents as follows:

### JURISDICTION

1.      This Court has jurisdiction over this Sixteenth Quarterly Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are sections 105(a), 330, and 331 of the Bankruptcy Code, and Bankruptcy Rule 2016.

### BACKGROUND

3.      On December 8, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court").  On December 10, 2008, the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

4.      On October 12, 2009, Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, Inc. (the "Cubs" and one of the Debtors) filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court.  On October 14, 2009, the Court entered an order consolidating the Cubs' chapter 11 case with the Debtors' chapter 11 cases for procedural purposes only.

5.      The Debtors have continued in possession of their respective properties and have continued in the management and operation of their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

- 2 -

6.      No trustee has been appointed in these chapter 11 cases.

## McDERMOTT RETENTION

7.      Prior to the Petition Date, the Debtors retained McDermott as general legal counsel and agreed to pay on a monthly basis the reasonable value of services rendered based on McDermott's standard billing rates and pursuant to its standard reimbursement policies.

8.      On March 13, 2009, the Court authorized the employment and retention of McDermott pursuant to sections 105(a) and 327(a) as special counsel to the Debtors for general domestic legal matters, nunc pro tunc to December 8, 2008.

9.      On October 14, 2009, the Court entered an Order Directing (I) Joint Administration of Chapter 11 Cases and (II) That Certain Orders and Other Pleadings Entered or Filed in the Chapter 11 Cases of Tribune Company, et al. Be Made Applicable to Chapter 11 Case of Chicago National League Ball Club, LLC (the "CNLBC Order") [Docket No. 2333]. Pursuant to the CNLBC Order, McDermott's retention was extended to include the Cubs case.

## PROCEDURAL BACKGROUND

10.      The Compensation Order and the Fee Examiner Order (collectively, the "Fee Orders") provide that all professionals retained in these cases pursuant to sections 327, 328, or 1103 of the Bankruptcy Code must file with the Court and provide to the fee examiner their monthly applications for interim allowance of compensation for services rendered and reimbursement of expenses incurred, together with the time entries and itemized expenses (the "Monthly Fee Application").   The notice parties specified in the Fee Orders (the "Notice Parties") have twenty (20) days after service of a Monthly Fee Application to object to such Monthly Fee Application (the "Objection Deadline").   Upon expiration of the Objection Deadline, the professional must certify in writing to the Debtors that no objection or a partial

- 3 -

objection has been filed with the Court relative to that professional's Monthly Fee Application, whereupon the Debtors are authorized to pay such professional an amount equal to the lesser of (i) 80 percent of the fees and 100 percent of the expenses requested in the Monthly Fee Application or (ii) 80 percent of the fees and 100 percent of the expenses not subject to an objection.

11.     Pursuant to the procedures set forth in the Fee Orders, McDermott prepared, filed with the Court, and served upon the Notice Parties and the fee examiner Monthly Fee Applications for the months of September 2012, October 2012, and November, 2012,[1] which Monthly Fee Applications are incorporated herein by reference and addressed in this Sixteenth Quarterly Application.

12.     In addition, beginning with the three-month period ending on February 28, 2009, and for each three-month period thereafter, all professionals must file with the Court and serve on the Notice Parties interim applications for allowance of compensation and reimbursement of expenses of the amounts sought in the Monthly Fee Applications filed during such period (each a "Quarterly Fee Application Request").    Quarterly Fee Application Requests must include a summary of the Monthly Fee Applications that are the subject of the request and any other information requested by the Court or required by the Local Rules.    As noted, this Sixteenth Quarterly Application represents the Sixteenth Quarterly Fee Application Request that McDermott has filed with the Court in connection with these chapter 11 cases, and it covers the period from September 1, 2012 through November 30, 2012.

---

[1]  The docket numbers for McDermott's Monthly Fee Applications for September 2012, October 2012, and November 2012 are 12713, 12733 and 12991, respectively.

DM_US 40654687-1.020336.0515
46429/0001-9236781V1

## RELIEF REQUESTED

13.    By this Sixteenth Quarterly Application, McDermott requests that the Court allow the interim allowance and award compensation for professional services rendered and reimbursement of actual and necessary expenses incurred by McDermott as special legal counsel to the Debtors during the Sixteenth Quarterly Application Period.  Further, McDermott seeks this Court's allowance for payment of such amounts to McDermott, less any amounts previously paid to McDermott pursuant to the Monthly Fee Applications for the Sixteenth Quarterly Application Period.

14.    During the Sixteenth Quarterly Application Period, attorneys and paraprofessionals of McDermott have expended a total of 1,253.80 hours in connection with these chapter 11 cases.  The amount requested as compensation for services rendered by McDermott to the Debtors during the Application Period is $969,592.00.  To the best of McDermott's knowledge, this Sixteenth Quarterly Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and the Compensation Order.

## COMPENSATION PAID AND ITS SOURCES

15.    All services for which compensation is requested by McDermott were performed for or on behalf of the Debtors.

16.    In compliance with Rule 2016, McDermott confirms that during the Sixteenth Quarterly Application Period, McDermott received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Sixteenth Quarterly Application, except from the Debtors.  There is

DM_US 40654687-1.020336.0515
46429/0001-9236781V1

no agreement or understanding between McDermott and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

17.     As of the Petition Date, McDermott held a retainer from the Debtors in the amount of $67,777.26.  The Debtors reduced their first payment to McDermott by the amount of the retainer and McDermott drew down on the retainer in connection with the payment pursuant to the Combined Monthly and First Quarterly Application.  Accordingly, McDermott no longer holds any retainer in connection with its retention in these cases.

<b><u>SUMMARY OF SERVICES</u></b>

18.     The following is a summary of the activities performed by McDermott attorneys and paraprofessionals during the Sixteenth Quarterly Application Period, organized by project category.

### Matter 0522 – Baltimore Sun Mailers Pension Plan

19.     McDermott advised the Debtors with respect to various documents and a financial report relating to the Baltimore Sun Mailers Pension Plan.  McDermott further advised the Debtors regarding an issue relating to death benefits.

### Matter 0515 – Chapter 11 Restructuring/Tax Planning

20.     McDermott provided general tax advice to the Debtors regarding numerous issues relating to the Debtors' emergence from bankruptcy, including with respect to an escrow agreement, the formation of a real estate holding company, certain confidential tax issues, various emergence tax issues, and an emergence work plan.  McDermott further advised the Debtors with respect to various litigation trust tax issues and drafted numerous memoranda relating thereto.  McDermott also advised the Debtors regarding the tax implications of entering into certain potential post-emergence restructuring transactions and researched and analyzed

- 6 -

numerous issues in connection therewith. In addition, McDermott analyzed a certain credit agreement and advised the Debtors with respect to certain issues relating to the covenants therein. Finally, McDermott drafted various representation letters, numerous memoranda relating to tax issues, accompanying short-form and long-form opinions, and a litigation risk memorandum relating to the Debtors' restructuring.

### Matter 0515 – Chapter 11 Retention/Fee Application

21.     McDermott gathered and prepared various billing information required to file fee statements pursuant to the Compensation Order and the Guidelines. McDermott also drafted and revised fee statements for submission in accordance with the Compensation Order. In addition, McDermott prepared responses to the fee examiner's preliminary report regarding McDermott's twelfth and thirteenth quarterly fee applications.

### Matter 0505 – Cubs

22.     McDermott advised the Debtors in connection with certain litigation issues and operations in the Dominican Republic relating to the Cubs matter.

### Matter 0021 – Cubs Post Closing Matters

23.     McDermott completed general post-closing work relating to the partnership transaction involving the Chicago Cubs baseball team. McDermott also advised the Debtors with respect to various issues in connection with a certain antitrust lawsuit. McDermott further advised the Debtors with respect to certain issues relating to the dissolution of a legal entity located in the Dominican Republic. Finally, McDermott advised the Debtors with respect to certain agreements, including a broadcast agreement, a television rights agreement and a lease relating to a certain building.

- 7 -

### Matter 0047 – ESOP

24.    McDermott advised the Debtors regarding the termination of their ESOP and issues relating thereto, including filing certain documents in accordance with the requirements of the Internal Revenue Service.

### Matter 0040 – General Employee Benefits Matters

25.    McDermott provided general legal advice to the Debtors with respect to the Debtors' benefit plans.

### Matter 0512 – LA Times

26.    McDermott advised the Debtors with respect to the LA Times transaction and certain agreements related thereto.

### Matter 0507 – Newsday

27.    McDermott assisted the Debtors in responding to an audit by the Internal Revenue Service, including preparing responses to information document requests by conducting a document review.   McDermott also advised the Debtors with respect to issues related to a potential refinancing and analyzed numerous loan documents in connection therewith.   In addition, McDermott also advised the Debtors with respect to an indemnity agreement, a credit agreement, certain guarantees, certain loan amortization issues, an operating agreement, various financial statements, a proposed merger, and issues relating to limited liability companies under Delaware law.

### Matter 0516 – Perfect Market, Inc.

28.    McDermott advised the Debtors with respect to the Perfect Market transaction and assisted the Debtors by analyzing and drafting various agreements and consents related to such transaction, including an LLC agreement, an award agreement and resolutions to be signed

- 8 -

by the board of directors.  In addition, McDermott advised the Debtors with respect to issues relating to the issuance of profits interests as they relate to the Perfect Market transaction. Finally, McDermott assisted the Debtors in connection with the closing of the transaction.

**Matter 0041 – Welfare Plans**

29.    McDermott provided general legal advice to the Debtors regarding programs offered by the Debtors to their employees and advised the Debtors with respect to a termination letter, a service agreement, certain transportation reimbursement contracts, issues relating to "critical injury coverage" and health savings accounts, a short-term and a long-term disability agreement, issues relating to employment tax reporting, and various other documents and agreements relating to the Debtors' welfare plans.

**Matter 0527 – 2009 Audit**

30.    McDermott assisted the Debtors in responding to an audit by the Internal Revenue Service and reviewed documents and prepared a privilege and production log in connection therewith.  In connection with the audit, McDermott prepared responses to numerous queries by the Internal Revenue Service, prepared for a meeting with the Internal Revenue Service, and analyzed numerous related issues.

31.    In connection with the document review, McDermott provided the Debtors with the use of its e-discovery services.  The e-discovery services include the use of a computer program that allows attorney reviewers on the case to use specific review tools within the program and enables the attorney reviewers to identify which of the collected information is responsive to the Internal Revenue Service's request, and which of the responsive information should be withheld on the basis of a privilege.  Upon the attorney reviewers' completion of the document review, the technology project managers in charge of the e-discovery services (i)

- 9 -

separated the responsive, non-privileged documents and exported them into a format that could be produced to the Internal Revenue Service, and (ii) separated the privileged documents so as to assist in the preparation of a privilege log to be produced to the Internal Revenue Service.

## ACTUAL AND NECESSARY EXPENSES

32.     McDermott seeks reimbursement of expenses actually and necessarily incurred in connection with the rendition of its services in the amount of $31,747.07.    The requested expenses are customarily charged to non-bankruptcy clients of McDermott.    Due to the complexity of the Debtors' corporate and financial structure, the Debtors have faced numerous critical and unique issues.   In order for McDermott to analyze and address such issues properly, McDermott attorneys may have performed computerized legal research and incurred other expenses during the Sixteenth Quarterly Application Period, all of which was necessary to further the Debtors' reorganization and in the best interests of the Debtors' estates.

33.     With respect to photocopying expenses, McDermott ordinarily charges all of its clients $.20 per page, but pursuant to Local Rule 2016-2(e), McDermott has charged the Debtors the maximum permitted amount of $.10 per page.   With respect to facsimile expenses, in compliance with the Guidelines, McDermott charges $1.00 per page for facsimile transmissions.

34.     In addition, because of the nature of the Debtors' businesses and the location of certain key constituents in these cases, certain long distance telephone calls and conference calls may have been required.   These charges are intended to cover McDermott's direct operating costs, which costs are not incorporated into the McDermott hourly billing rates.   Only clients who actually use services of this type are separately charged for such services.

35.     Further, because of the nature of the Debtors' businesses and the location of certain key constituents in these cases, travel may have been required for certain matters.

- 10 -

Typically, such travel expenses are initially borne by the attorney, then reimbursed by the firm and charged to the appropriate client and matter.

36.     The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and creditors.

37.     To the extent that time or disbursement charges for services rendered or disbursements incurred during the Sixteenth Quarterly Application Period, but were not processed prior to the preparation of this Sixteenth Quarterly Application, McDermott reserves its rights to request additional compensation for such services, and reimbursement of such expenses in a future application.

## **CONCLUSION**

38.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by McDermott is fair and reasonable given (a) the complexity of the legal matters, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the cost of comparable services other than in a case under this title.  McDermott has reviewed the requirements of Local Rule 2016-2 and reasonably believes that this Sixteenth Quarterly Application complies with that rule.

- 11 -

WHEREFORE, McDermott respectfully seeks allowance of the amounts set forth in the Sixteenth Quarterly Application for the period of September 1, 2012 through November 30, 2012, specifically the amount of $969,592.00 (80% of which is $775,673.60) for professional services rendered, and reimbursement of expenses incurred in connection therewith in the amount of $31,747.07, for a total of $1,001,339.07.

Dated: Washington, District of Columbia
      February _6_, 2013

           McDERMOTT WILL & EMERY LLP

           /s/ Blake D. Rubin
           Blake D. Rubin (admitted *pro hac vice*)
           600 13th Street, N.W.
           Washington, D.C. 20005-3096
           Telephone:  (202) 756-8424
           Facsimile:  (202) 756-8087

           and

           Gregory A. Kopacz (admitted *pro hac vice*)
           340 Madison Avenue
           New York, NY 10173-1922
           Telephone:  (212) 547-5400
           Facsimile:  (212) 547-5444

           *Special Counsel for Domestic Legal Matters to Tribune Company, et al.*