IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>**Objections Due: March 4, 2013**<br>**Hearing Date: TBD**<br>**Related to Docket Nos. 13062, 13136 and 13145.** |

NINTH QUARTERLY FEE APPLICATION OF
DAVIS WRIGHT TREMAINE LLP AS SPECIAL COUNSEL TO
DEBTORS FOR DOMESTIC LEGAL MATTERS, FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
THE PERIOD SEPTEMBER 1, 2012 THROUGH NOVEMBER 30, 2012

| | |
|---|---|
| **Name of applicant:** | Davis Wright Tremaine LLP |
| **Authorized to provide professional services to:** | Debtors Tribune Company, et al. |
| **Date of retention:** | November 22, 2010 nunc pro tunc to October 1, 2010 |
| **Period for which compensation and reimbursement is sought:** | September 1, 2012 to November 30, 2012 |
| **Amount of compensation sought as actual, reasonable and necessary:** | $216,900.50 (80% of which is $173,520.40) |
| **Amount of expense reimbursement sought as actual, reasonable and necessary:** | $6,782.80 |

This is a:   ___ monthly   _X_ interim   ___ final application

Prior Interim Fee Applications Filed:

| DATE FILED | DOCKET NO. | PERIOD COVERED | FEES REQUESTED | EXPENSES REQUESTED | FEES APPROVED | EXPENSES APPROVED |
|---|---|---|---|---|---|---|
| 01/09/12 | 10563 | 09/01/10-11/30/10 | $128,810.69 | $4,089.98 | $126,495.42 | $4,089.98 |
| 01/17/12 | 10633 | 12/01/10-02/28/11 | $84,312.50 | $4,186.38 | $84,312.50 | $4,042.65 |
| 02/15/12 | 10937 | 03/01/11-05/31/11 | $218,877.29 | $7,827.60 | $218,393.30 | $7,827.60 |
| 03/09/12 | 11130 | 06/01/11-08/31/11 | $330,914.04 | $9,199.59 | $330,914.04 | $9,199.59 |
| 06/08/12 | 11780 | 9/01/11-11/30/11 | $254,630.18 | $6,867.95[1] | $254,630.18 | $6,867.95 |
| 9/13/12 | 12414 | 12/01/11-2/29/12 | $318,732.29 | $14,398.83 | $318,516.75 | $14,398.83 |
| 11/05/12 | 12676 | 3/01/12-5/31/12 | $401,613.98 | $23,930.32 | Pending | Pending |
| 12/31/12 | 12944 | 6/01/12-8/31/12 | $303,788.02 | $6,939.30 | Pending | Pending |

---

[1] Due to an accounting error in the application for September 2011, which was corrected after the application had been submitted, the total amount of expenses has been reduced from $7,446.15 to $6,867.95.

2

## SUMMARY OF PROFESSIONAL FEES FROM
## SEPTEMBER 1, 2012 THROUGH NOVEMBER 30, 2012[2]

| Name of Professional Person | Position of the Applicant, Area of Expertise, Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Kelli Sager | Partner, Media, Member of California Bar since 1985 | $544.50 | 59.60 | $32,370.52* |
| Judith D. Keyes | Partner, Employment, Member of the California Bar since 1975 | $594.00 | 0.80 | $475.20 |
| Keith Baldwin | Partner, Business and Corporate Finance, Member of Washington Bar since 1976 | $517.50 | 18.00 | $9,315.00 |
| Laura Handman | Partner, Media, Member of Massachusetts Bar since 1977, Member of New York State Bar since 1983, Member of District of Columbia Bar since 1994 | $625.00 | 51.80 | $750.00* |
| Bruce Johnson | Partner, Media, Member of Washington Bar since 1977, Member of California Bar since 1992 | $526.50 | 0.30 | $157.95 |
| Rochelle B. Spandorf | Partner, Business and Corporate Finance, Member of California Bar since 1977 | $490.50 | 5.40 | $2,648.70 |
| Mark N. Bartlett | Partner, Litigation, Member of New York Bar since 1983, Member of Washington Bar since 1985 | $481.50 | 0.40 | $192.60 |
| Thomas Burke | Partner, Media, Member of California Bar since 1989 | $508.50 | 8.60 | $2,186.54* |

---

[2] Some of these matters involved cases where the fees were split among clients, one of which was Debtor. The total "compensation" amount reflects the amount billed only to Debtor, not the total fees billed on the matter. An asterisk (*) indicates the matters for which fees and expenses were split among clients, and the lawyer(s) who worked on split matters.

3

| Lynn T. Manolopoulos | Partner, Environmental Law, Member of Washington Bar since 1991, Member of Alaska Bar since 2006 | $436.50 | 2.20 | $960.30 |
|---|---|---|---|---|
| Alonzo Wickers IV | Partner, Media, Member of California Bar since 1993 | $490.50 | 3.80 | $1,863.90 |
| James D. Nguyen | Partner, Intellectual Property, Member of California Bar since 1995 | $540.00 | 0.60 | $324.00 |
| Kenneth E. Payson | Partner, Intellectual Property, Member of Washington Bar since 1996 | $427.50 | 36.20 | $15,475.50 |
| Rochelle L. Wilcox | Partner, Media, Member of California Bar since 1998 | $387.00 | 161.80 | $55,669.95* |
| Sheehan Sullivan-Weiss | Partner, Employment, Member of Washington Bar since 2002 | $418.50 | 13.80 | $5,775.30 |
| Ronald London | Of Counsel, Media, Member of District of Columbia Bar since 1997, Member of Maryland Bar since 1995 | $450.00 | 47.70 | $21,465.00 |
| Ame Lewis | Associate, Business and Corporate Finance, Member of Washington Bar since 2001 | $351.00 | 0.50 | $175.50 |
| Sean M. Sullivan | Associate, Intellectual Property, Member of California Bar since 2003 | $355.50 | 3.40 | $1,208.70 |
| Karen Henry | Associate, Litigation, Member of California Bar since 2004 | $355.50 | 2.00 | $711.00 |
| Jeffrey D. Glasser | Associate, Media, Member of California Bar since 2007 | $310.50 | 50.90 | $15,043.72* |
| Nicholas Ryan-Lang | Associate, Litigation, Member of New York Bar since 2007 | $288.00 | 23.90 | $6,883.20 |
| Jonathan L. Segal | Associate, Media, Member of California Bar since 2008 | $292.50 | 16.40 | $4,797.00 |

DWT 18723768v10 0026175-000379

| Rebecca J. Francis | Associate, Litigation, Member of Washington Bar since 2009 | $301.50 | 38.50 | $11,607.75 |
|---|---|---|---|---|
| Micah Ratner | Associate, Media, Member of Virginia Bar since 2009, Member of District of Columbia Bar since 2010 | $320.00 | 182.60 | $4,234.80* |
| Dan Laidman | Associate, Media, Member of California Bar since 2010 | $261.00 | 42.70 | $11,144.70 |
| Kathleen Cullinan | Associate, Media, Class of 2012 | $243.00 | 44.00 | $8,404.50* |
| Marni Shapiro | Litigation Paralegal | $265.00 | 10.90 | $750.00* |
| Robert Naylor | Paralegal | $211.50 | 1.60 | $338.40 |
| Jennifer Cygnor | Litigation Paralegal | $220.50 | 0.60 | $132.30 |
| Benjamin Planchon | Litigation Paralegal | $193.50 | 5.30 | $841.72* |
| Kristina Roth | Litigation Paralegal | $117.00 | 2.30 | $269.10* |
| Bret Masterson | Librarian | $184.50 | 0.90 | $166.05 |
| Gino Pasquale | Document Clerk | $72.00 | 7.80 | $561.60 |
| **GRAND TOTALS:** | | | 845.30 | $216,900.50 |
| **BLENDED RATE:** | | $368.14 | | |

DWT 18723768v10 0026175-000379

## COMPENSATION BY PROJECT CATEGORY FOR THE PERIOD OF
## SEPTEMBER 1, 2012 THROUGH NOVEMBER 30, 2012[3]

| PROJECT DESCRIPTION | TOTAL HOURS | TOTAL FEES |
|---|---|---|
| Ad Development | 6.30 | $2,516.40 |
| Adjudication Matters | 2.00 | $711.00 |
| Arthur Setyan | 0.30 | $163.35 |
| Bankruptcy | 12.70 | $3,229.65 |
| City of Los Angeles Protective Order | 16.10 | $5,472.00 |
| Dancer | 102.10 | $34,994.70 |
| DC Anti-SLAPP | 242.00 | $3,000.00* |
| Distribution | 5.40 | $2,648.70 |
| Gaming Advertising Advice | 0.60 | $324.00 |
| GBH Investments | 22.30 | $10,789.20 |
| Kalski | 9.80 | $3,075.30 |
| Los Angeles Archdiocese | 20.70 | $7,869.15 |
| Los Angeles Times General Advice | 9.40 | $2,723.40 |
| Long Beach Police Officers Association | 140.90 | $53,330.50 |
| Los Angeles Memorial Coliseum CPRA | 64.70 | $19,049.40 |
| Los Angeles Unified School District CPRA | 31.80 | $11,978.55 |
| Paula Marmion | 13.80 | $5,775.30 |
| Strick | 29.70 | $13,117.05 |

---

[3] In some of these matters, Davis may have represented multiple clients in addition to Debtor, and the total fees were split among those participating clients. The amount shown is only the amount billed to Debtor. An asterisk (*) indicates the matter(s) for which fees and expenses were split among clients.

DWT 18723768v10 0026175-000379

| Tribune Los Angeles General Advice | 59.30 | $24,724.80 |
| UC Davis Pepper Spray | 59.00 | $11,058.51* |
| **TOTALS:** | 845.30 | $216,900.50 |

## EXPENSE SUMMARY FOR THE PERIOD OF
## SEPTEMBER 1, 2012 THROUGH NOVEMBER 30, 2012[4]

| EXPENSE CATEGORY | SERVICE PROVIDER | TOTAL EXPENSES |
|---|---|---|
| Photocopying | Davis Wright Tremaine LLP | $729.45* |
| Mediation | Judicial Arbitration and Mediation Service | $761.54 |
| Messenger/Courier | Federal Express | $93.06 |
| Messenger/Courier | Apex Attorney Services | $82.00 |
| Messenger/Courier | Global Network Legal Support | $25.00 |
| Messenger/Courier | Nationwide Legal Express LLC | $580.50 |
| Filing Fees | Accufacts Research Corp. | $35.50 |
| Filing Fees | State Court of Appeals | $22.50* |
| Research | West Publishing | $1,056.10* |
| Research | Lexis-Nexis | $2,090.24* |
| Research | PACER Online Document System | $31.80 |
| Court Reporting | Ben Hyatt Certified Deposition Reporters | $838.88 |
| Lodging | Hotel | $297.00 |
| Transportation | Gasoline | $15.03 |
| Transportation | Car Rental | $71.13 |
| Transportation | Parking | $40.00 |
| Transportation | Taxi | $1.57* |
| Postage | United States Postal Service | $11.50 |
| **TOTAL:** | | $6,782.80 |

---

[4] In some of these matters, Davis may have represented multiple clients in addition to Debtor, and the total fees were split among those participating clients. The amount shown is only the amount billed to Debtor. An asterisk (*) indicates the matter(s) for which fees and expenses were split among clients.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,<br><br>               Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>**Objection Deadline: March 4, 2013**<br>**Hearing Date: TBD**<br>**Related to Docket Nos. 13062, 13136 and 13145.** |

### NINTH QUARTERLY FEE APPLICATION OF DAVIS WRIGHT TREMAINE LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FOR CERTAIN LITIGATION MATTERS FOR THE PERIOD OF SEPTEMBER 1, 2012 THROUGH NOVEMBER 30, 2012

Davis Wright Tremaine LLP ("Davis"), as Special Counsel for Domestic Legal Matters to the Tribune Company, et al. (the "Debtors"), respectfully submits this Application (the "Application") to this Court, pursuant to (i) sections 327, 331, and 503 of Title 11 of the United States Code (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (iv) the Order Establishing Procedure for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Interim Compensation Order"), as amended; and (v) the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Application (the "Fee Examiner Order") for the allowance and payment of fees in the amount of $216,900.50, and reimbursement of expenses in the amount of $6,782.80. In support of the Application, Davis respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327, 331, and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

## BACKGROUND

2. On December 8, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). On December 10, 2008, the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). [Docket Nos. 43, 2333].

3. On October 12, 2009, Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, Inc. (the "Cubs" and one of the Debtors) filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court. On October 14, 2009, the Court entered an order consolidating the Cubs' chapter 11 case with the Debtors' chapter 11 cases for procedural purposes only (the "Cubs Order"). In all, the Debtors comprise 111 entities.

4. The Debtors have continued in possession of their respective properties and have continued in the management and operation of their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee has been appointed in these chapter 11 cases.

## DAVIS RETENTION

6. Prior to the Petition Date, the Debtors retained Davis as general legal counsel and agreed to pay on a monthly basis the reasonable value of services rendered based on Davis' standard billing rates and pursuant to its standard reimbursement policies.

2

7.    On November 22, 2010, the Court authorized the employment and retention of Davis pursuant to 11 U.S.C. §§ 327(e) and 1107 as special counsel to the Debtors for general domestic legal matters, nunc pro tunc to October 1, 2010.[1]

## COMPENSATION PAID AND ITS SOURCES

8.    All services for which compensation is requested by Davis were performed for or on behalf of the Debtors.

9.    In compliance with Local Rule 2016-2, Davis confirms that during the Application Period, Davis received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application except from the Debtors. There is no agreement or understanding between Davis and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.[2]

10.    As of the Petition Date, Davis held a retainer from the Debtors in the amount of $39,173.52. The Debtors reduced their first payment to Davis by the amount of the retainer and Davis drew down on the retainer in connection with the payment due pursuant to the Ordinary Course Professional Application. Accordingly, Davis no longer holds any retainer in connection with its retention in these cases.

---

[1] On March 5, 2012, Davis filed a supplemental motion (Docket No. 11088) for an order modifying the scope of retention to include certain corporate and litigation matters, nunc pro tunc to February 21, 2012. The Court granted the motion on March 22, 2012 (Docket No. 11219).

[2] On some matters described in this Quarterly Fee Application, Davis may have represented Debtors and other parties jointly, with fees and costs split among the clients. The amounts reflected in this Quarterly Fee Application, however, only include the amounts billed to Debtor.

3

**PROCEDURAL BACKGROUND FOR THE APPLICATION**

11.     The Interim Compensation Order and the Fee Examiner Order (together, the "Fee Orders"), provide that all professionals retained in these cases pursuant to section 325, 328, or 1103 of the Bankruptcy Code (the "Case Professionals") must file with the Court and provide to the Fee Examiner, monthly applications for interim allowance of compensation for services rendered and reimbursement of expenses incurred, together with the time entries and itemized expenses (the "Monthly Fee Applications"). The notice parties specified in the Fee Orders (the "Notice Parties") have twenty (20) days after service of a Monthly Fee Application to objection to such Monthly Fee Application (the "Objection Deadline"). Upon expiration of the Objection Deadline, the applicable Case Professional must certify in writing to the Debtors that no objection or partial objection has been filed with the Court relative to that professional's Monthly Fee Application, whichever is applicable, whereupon the Debtors are authorized to pay such professional an amount equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application or (ii) 80% of the fees and 100% of the expenses not subject to an objection.

12.     Pursuant to the procedures set forth in the Fee Orders, Davis prepared, filed with the Court, and served upon the Notice Parties and the Fee Examiner Monthly Fee Applications for each of the three months from September 1, 2012 to November 30, 2012.[3] Accordingly, Davis has submitted all of its Monthly Fee Applications as Special Counsel for the Debtors' chapter 11 cases for this Interim Fee Period.

13.     In addition to the Monthly Fee Applications, all Case Professionals must file with the Court and serve on the Notice Parties interim applications for allowance and compensation and reimbursement of expenses for the amounts sought in the Monthly Fee Applications filed during such period (a "Quarterly Fee Application Request"). Quarterly Fee Application

---

[3] Docket Nos. 13062, 13136 and 13145.

4

Requests must include a summary of the Monthly Fee Applications that are subject to the request and any other information requested by the Court or required by the Local Rules. This Application represents the Ninth Quarterly Application Request that Davis has filed with the Court in connection with these chapter 11 cases. There is no agreement between Davis and any other party for the sharing of compensation to be received for the services rendered by Davis to the Debtors. All professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of the Debtors.[4]

## SUMMARY OF SERVICES RENDERED

14.     Davis serves the Debtors as special litigation counsel. Davis customarily performs various First Amendment, newsroom, media, defamation, privacy, access, copyright, and other litigation matters for Debtors (collectively, the "Litigation Matters"). The Litigation Matters on which Davis represents the Debtors involve allegations of libel or other related causes of action that go to the heart of the Debtors' news business. Davis also serves Debtors as special counsel with respect to certain corporate and litigation advice for matters arising in the State of Washington.

15.     A breakdown of the total hours expended by each professional on all matters and a breakdown of amounts sought by each matter category covered herein are included as part of Exhibit A to this Application, as required by Local Rule 2016-2. A detailed description of the services provided to the Debtors are incorporated by reference to the Monthly Fee Applications for September 1 through September 30, 2012, October 1 through October 31, 2012, and November 1, 2012 through November 30, 2012 previously filed with the Court. The following is a summary of the activities performed by Davis's professionals and paralegals during the Ninth Interim Fee Period (which covers September 1, 2012 to November 30, 2012), organized by project category:

---

[4] See note 2, supra.

16. (26175-4) Los Angeles Times General Advice – Davis provided general legal advice to the Debtors with respect to its publications.

17. (26175-326) Gaming Advertising Advice – Davis provided advice and counseling to Debtors concerning various advertising issues.

18. (26175-379) Bankruptcy – Davis provided Debtors with assistance in bankruptcy related proceedings, including preparation of fee applications.

19. (26175-380) Ad Development – Davis provided advice and counseling to Debtors concerning various advertising issues.

20. (26175-383) Adjudication Matters – Davis assisted Debtors in proceedings involving adjudication of newspapers as "newspapers of general circulation."

21. (26175-385) Long Beach Police Officers Association – Davis assisted Debtors in litigation under California's Public Records Act for information about the identity of police officers involved in shootings.

22. (26175-392) Strick – Davis assisted Debtors in defending a copyright lawsuit brought by a former freelance photographer.

23. (26175-398) Los Angeles Unified School District CPRA – Davis represented Debtors in a dispute with the Los Angeles Unified School District concerning California Public Records Act requests.

24. (26175-413) Dancer – Davis assisted Debtors in defending against a class action lawsuit filed under the Telephone Consumer Protection Act.

25. (26175-417) City of Los Angeles Protective Order – Davis assisted Debtors in seeking to modify a protective order in a gang curfew class action lawsuit against the City of Los Angeles.

26. (26175-418) Setyan – Davis assisted Debtors in connection with a small claims lawsuit involving The Times' Glendale paper.

27. (26175-422) UC Davis Pepper Spray – Davis assisted Debtors in litigation under California's Public Records Act for information about the identity of police officers involved in spraying student protestors with pepper spray.

28. (26175-423) Los Angeles Memorial Coliseum CPRA – Davis assisted Debtors in connection with public records and Brown Act issues and litigation concerning the Commission's approval of a long-term lease to University of Southern California.

29. (26175-428) Los Angeles Archdiocese – Davis assisted Debtors in obtaining access to records related to priest abuse proceedings.

30. (26175-429) Kalski – Davis assisted Debtors in responding to a subpoena.

31. (41033-20) Tribune General Advice – Davis provided periodic general legal advice to Debtors with respect to various matters.

32. (41033-22) GBH Investments – Davis assisted Debtors in its evaluation of corporate status and liability issues for its subsidiary Publishers Forest Products Co. of Washington.

33. (41033-23) Paula Marmion – Davis assisted Debtors in defending against Washington state employment disability discrimination claims brought by former employee against Tribune Television Northwest Inc. d/b/a KCPQ and three individual managers.

34. (41033-24) DC Anti-SLAPP Act Amicus – Davis filed an amicus curiae brief in the D.C. Circuit on behalf of Debtor and others concerning the District of Columbia's anti-SLAPP law.

35. (41033-26) Distribution – Davis assisted Debtors in negotiating the terms of a distribution agreement.

## EXPENSES INCURRED

36. Davis has incurred expenses of $6,782.80 in connection with its services rendered as special counsel to the debtors during the Ninth Quarterly Fee Period. These expenses represent actual out-of-pocket costs for items incurred exclusively for the direct benefit of the Debtors, including outside copying, electronic document management services, and travel-related expenses. Davis submits that all such expenses are necessary and actual expenses for the performance of its services in these cases. A breakdown of the total expenses are included as Exhibit B to this Application.

## REVIEW OF APPLICABLE LOCAL RULE

37. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of her information, knowledge, and belief that this Application complies with the requirements of Local Rule 2016-2.

## NOTICE

38. Notice of this Application is being served upon the Notice Parties specified in the fee Orders. In accordance with the terms of the Fee Orders, Davis respectfully submits that no further notice is required.

## NO PRIOR REQUEST

39. No previous application with respect to the relief requested herein has been made to this or any other Court.[5]

WHEREFORE, after appropriate notice and hearing, Davis respectfully requests that this Court enter an Order: (a) granting the Application and authorizing the allowance of fees in the

---

[5] As indicated above, Monthly Fee Applications for the period covered by this Quarterly Fee Application were submitted. See paragraph 12, infra.

8

amount of $216,900.50, and reimbursement of actual and necessary expenses in the amount of $6,782.80; and (b) granting such further relief as this Court deems just and proper.

Dated: February 11, 2013                                        Respectfully submitted,


                                                                By: /s/ Kelli L. Sager
                                                                    Kelli L. Sager
                                                                    Davis Wright Tremaine LLP
                                                                    865 S. Figueroa Street, Suite 2400
                                                                    Los Angeles, CA  90017
                                                                    (213) 633-6800
                                                                    (213) 633-6899 (fax)

                                                                    Special Counsel for Domestic Legal Matters
                                                                    to Tribune Company, et al.