# EXHIBIT I

**Whittman Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

### DECLARATION OF BRIAN WHITTMAN IN SUPPORT OF MOTION FOR AN ORDER AUTHORIZING THE REORGANIZED DEBTORS TO (I) LIQUIDATE AND ALLOW THE CLAIMS OF CERTAIN RETIREES IN ACCORDANCE WITH THE FORMULAS AND PRINCIPLES SET FORTH IN THE RETIREE CLAIMANT SETTLEMENT AGREEMENT INCORPORATED INTO THE CONFIRMED PLAN AND (II) OTHERWISE ADJUST SUCH CLAIMS AS NECESSARY TO CONFORM TO THE DEBTORS' RECORDS

I, Brian Whitman, declare as follows:

1. I am a Managing Director at Alvarez & Marsal North America, LLC ("A&M"), a limited liability corporation. A&M was retained by the Debtors to advise them in connection with their restructuring with the approval of the Bankruptcy Court on February 11, 2009.

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

2. I have over fifteen years of financial restructuring and bankruptcy experience and have been working with the Debtors since November 2008. A&M is a leading independent global professional services firm with significant experience in advising debtors in complex bankruptcy cases.

3. I submit this declaration (the "Declaration") in support of the Motion for an Order Authorizing the Reorganized Debtors to (I) Liquidate and Allow the Claims of Certain Retirees in Accordance with the Formulas and Principles set forth in the Retiree Claimant Settlement Agreement Incorporated into the Confirmed Plan and (II) Otherwise Adjust Such Claims as Necessary to Conform to the Debtors' Records (the "Motion").[2] I have reviewed the Motion, and am directly, or by and through the Debtors' personnel and other advisors, familiar with the information contained therein and in Exhibit A through Exhibit H attached thereto.

4. All matters set forth in this Declaration are based on: (a) my personal knowledge, (b) my review of relevant documents, (c) my view, based on my experience and knowledge of the Debtors' operations and personnel, (d) analyses performed by A&M, (e) information supplied to me by others at the Debtors' request, or (f) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance on the advice of counsel or other advisors to the Reorganized Debtors. If called upon to testify, I could and would testify competently to the facts set forth herein.

A. **The Retiree Settlement Agreement**[3]

5. In June 2009, approximately 195 former employees of the Debtors (the "Initial Retiree Claimants"), collectively represented by Teitelbaum and Baskin, LLP, filed certain

---

[2] Capitalized terms used and not otherwise defined shall have the meaning ascribed to them in the Motion or the Plan, as applicable.

[3] The description of the terms of the Retiree Settlement Agreement contained herein are summary in nature, and are qualified in their entirety by the Retiree Settlement Agreement, attached to the Plan as Exhibit 5.15.4.

2

claims related to former employment with the Debtors or their predecessors (the "Initial Retiree Claims"). The Debtors and the Initial Retiree Claimants had several disputes regarding the amount of the Initial Retiree Claims. On May 18, 2010, following good faith negotiations, the Debtors and the Initial Retiree Claimants entered into the Retiree Settlement Agreement, which was attached as Exhibit 5.15.4 to the Plan. The Retiree Settlement Agreement provides that, with respect to claims that are similar in nature to the Initial Retiree Claims but not a part of the Retiree Settlement Agreement, the Debtors intend to liquidate such similar claims consistent with the formulas and principles applicable to the Initial Retiree Claims set forth in paragraph 3 of the Retiree Settlement Agreement (the "Retiree Claims Calculation").

### B.   The Similar Retiree Claims

6.   Following the execution of the Retiree Settlement Agreement, and since the entry of the Confirmation Order, the Debtors and the Reorganized Debtors have devoted considerable time and resources to reviewing the Debtors' schedules and the claims filed in these chapter 11 cases to determine if any scheduled amounts or filed claims are similar to the Initial Retiree Claims. Specifically, this review focused on identifying filed claims and/or scheduled amounts arising under the plans and agreements that were the subject of the Initial Retiree Claims, including (i) The Times Mirror Deferred Compensation Plan for Executives effective as of April 1, 1994 and amended effective as of January 1, 2005; (ii) The Times Mirror Company Supplemental Retirement Plan for Certain Times Mirror Officers as of January 1, 1993; (iii) The Times Mirror Company Excess Pension Plan as of January 1, 1994; (iv) Times Mirror Company Pension Plan for Directors as amended and restated on March 5, 1987; (v) Tribune Company Supplemental Defined Contribution Plan; (vi) certain deferred compensation plans for non-employee directors of The Times Mirror Company; and (vii) various individual agreements. As a result of these efforts, and using these criteria, the Reorganized Debtors identified the Similar

Retiree Claims[4] listed in Exhibit A through Exhibit H as claims that are similar in nature to the Initial Retiree Claims.[5]

### C.    Proposed Modification of Similar Retiree Claims

7. To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, each of the Similar Retiree Claims set forth Exhibit A through Exhibit H to the Motion (i) is asserted in an amount that was not calculated pursuant to the same formulas and principles set forth in the Retiree Settlement Agreement, (ii) is asserted in a manner that is inconsistent with the Debtors' books and records, and/or (iii) does not reflect the appropriate priority status for such claim, as follows:

8. Modified Amount Claims. Each of the sixty-three (63) Similar Retiree Claims identified on Exhibit A to the Motion (the "Modified Amount Claims") is asserted in an amount that was not calculated pursuant to the same formulas and principles set forth in the Retiree Settlement Agreement. The amount listed for each of the Modified Amount Claims under the column heading "Modified Amount" on Exhibit A to the Motion reflects re-calculation of such claim in accordance with same formulas and principles set forth in the Retiree Settlement Agreement.

---

[4] Thirty-two (32) of the Similar Retiree Claims were scheduled in an amount that was designated as unliquidated. These claims were scheduled in unliquidated amounts solely because the claims include certain annuity amounts that are subject to an actuarial determination.

[5] The Debtors also identified the claims held by six (6) additional claimants (the "Additional Retiree Claimants") who retained Teitelbaum and Baskin, LLP following execution of the Retiree Claim Settlement as claims that were similar in nature to the Initial Retiree Claims. On July 3, 2012, in accordance with the Order Granting the Debtors Authority to Settle Disputed Claims [Docket No. 2657] (the "Claims Settlement Order"), the Debtors circulated among certain parties-in-interest a proposed stipulation to be entered by and among the Debtors and the Additional Retiree Claimants (the "Additional Retiree Stipulation") if no objections were received to the stipulation within the ten (10) business day objection period set forth in the Claims Settlement Order. No such objections were received. Accordingly, on July 23, 2012, the Debtors entered the Additional Retiree Stipulation, providing for, among other things, the claims of the Additional Retiree Claimants to be liquidated in accordance with the Retiree Claims Calculation.

9.  <u>Modified Amount, Modified Priority Claims</u>.  Each of the six (6) Similar Retiree Claims identified on <u>Exhibit B</u> to the Motion (the "<u>Modified Amount, Modified Priority Claims</u>") is (i) asserted in an amount that was not calculated pursuant to the same formulas and principles set forth in the Retiree Settlement Agreement and (ii) does not reflect the appropriate priority status.  The amount listed for each Modified Amount, Modified Priority Claim under the column heading "Modified Amount" on <u>Exhibit B</u> to the Motion reflects re-calculation of such claim in accordance with the Retiree Settlement Calculation, and the priority indicated for such claim under the column heading "Modified Priority Status" on <u>Exhibit B</u> to the Motion, reflects the claim's accurate priority status.

10. <u>Modified Amount, Modified Priority, Modified Debtor Claims</u>.  Each of the two (2) Similar Retiree Claims identified on <u>Exhibit C</u> to the Motion (the "<u>Modified Amount, Modified Priority, Modified Debtor Claims</u>") is (i) asserted in an amount that was not calculated pursuant to the same formulas and principles set forth in the Retiree Settlement Agreement, (ii) does not reflect the appropriate priority status, and (iii) is asserted against a Debtor that is not liable for the claim.  The amount listed for each Modified Amount, Modified Priority, Modified Debtor Claim under the column heading "Modified Amount" on <u>Exhibit C</u> to the Motion reflects re-calculation of such claim in accordance with the Retiree Settlement Calculation, and the priority indicated for such claim under the column heading "Modified Priority Status" on <u>Exhibit C</u> to the Motion reflects the claim's accurate priority status.  In addition, the Debtor listed under the column heading "Modified Debtor" on <u>Exhibit C</u> to the Motion properly corresponds to the particular Debtor that is liable for each Modified Amount, Modified Priority, Modified Debtor Claim.

11. <u>Modified Amount, Modified Debtor Claims</u>. Each of the ten (10) Similar Retiree Claims identified on <u>Exhibit D</u> to the Motion (the "<u>Modified Amount, Modified Debtor Claims</u>") is (i) asserted in an amount that was not calculated pursuant to the same formulas and principles set forth in the Retiree Settlement Agreement and (ii) is asserted against a Debtor that is not liable for the underlying claims. The amount listed for each Modified Amount, Modified Debtor Claim under the column heading "Modified Amount" on <u>Exhibit D</u> to the Motion reflects re-calculation of such claim in accordance with the Retiree Settlement Calculation, and the Debtor listed under the column heading "Modified Debtor" on <u>Exhibit D</u> to the Motion properly corresponds to the particular Debtor that is liable for such claim.

12. <u>Modified Amount, Reclassified Claim</u>. The one (1) Similar Retiree Claim identified on <u>Exhibit E</u> to the Motion (the "<u>Modified Amount, Reclassified Claim</u>") is (i) asserted in an amount that was not calculated pursuant to the same formulas and principles set forth in the Retiree Settlement Agreement and (ii) reflects an improper classification. The amount listed for the Modified Amount, Reclassified Claim under the column heading "Modified Amount" on <u>Exhibit E</u> to the Motion reflects re-calculation of such claim in accordance with the Retiree Settlement Calculation, and the classification indicated under the column heading "Modified Class" on <u>Exhibit E</u> to the Motion reflects the appropriate class for such claim.

13. <u>Modified Amount, Reclassified, Modified Debtor Claim</u>. The one (1) Similar Retiree Claim identified on <u>Exhibit F</u> to the Motion (the "<u>Modified Amount, Reclassified, Modified Debtor Claim</u>") is (i) asserted in an amount that was not calculated pursuant to the same formulas and principles set forth in the Retiree Settlement Agreement, (ii) reflects an improper classification, and (iii) is asserted against a Debtor that is not liable for the underlying claims. The amounts listed for the Modified Amount, Reclassified, Modified Debtor Claim

under the column heading "Modified Amount" on Exhibit F to the Motion reflects re-calculation of such claim in accordance with the Retiree Settlement Calculation, and the classification indicated under the column heading "Modified Class" reflects the appropriate class for such claim. In addition, the Debtor listed under the column heading "Modified Debtor" on Exhibit F properly corresponds to the particular Debtor that is liable for the Modified Amount, Reclassified, Modified Debtor Claim.

14. <u>Modified Amount, Reclassified, Modified Debtor, Modified Priority Claim</u>. The one (1) Similar Retiree Claim identified on Exhibit G to the Motion (the "<u>Modified Amount, Reclassified, Modified Debtor, Modified Priority Claim</u>") (i) is asserted in an amount that was not calculated pursuant to the same formulas and principles set forth in the Retiree Settlement Agreement, (ii) reflects an improper classification, (iii) is asserted against a Debtor that is not liable for the underlying claims, and (iv) does not reflect the appropriate priority status. The amount listed for the Modified Amount, Reclassified, Modified Debtor, Modified Priority Claim under the column heading "Modified Amount" on Exhibit G reflects re-calculation of such claim in accordance with the Retiree Settlement Calculation, and the classification indicated under the column heading "Modified Class" on Exhibit G to the Motion reflects the appropriate classification. In addition, the Debtor listed under the column heading "Modified Debtor" on Exhibit G to the Motion properly corresponds to the particular Debtor that is liable for the Modified Amount, Reclassified, Modified Debtor, Modified Priority Claim, and the priority indicated under the column heading "Modified Priority Status" on Exhibit G to the Motion reflects the claim's accurate priority status.

15. <u>Modified Priority Claims</u>. The two (2) Similar Retiree Claims identified on Exhibit H to the Motion (the "<u>Modified Priority Claims</u>") reflect an incorrect priority status. The

priority indicated for each Modified Priority Claim under the column heading "Modified Priority Status" on <u>Exhibit H</u> to the Motion reflects the accurate priority status for the claim.

16. To the best of my knowledge, information, and belief, the relief requested in the Motion is necessary to implement the underlying objective of the Plan to treat the holders of similar, retirement-related claims against the Debtors consistently. Specifically, absent approval of the relief requested in the Motion, the Similar Retiree Claims will be liquidated in a manner that is inconsistent with the Retiree Settlement Agreement, and that will likely result in the majority of the Similar Retiree Claims being Allowed in amounts that are proportionally lower than those provided to the holders of similar claims under the Retiree Settlement Agreement. In addition, the relief requested in the Motion is also necessary to conform the Similar Retiree Claims to the Debtors' records.

[Remainder of Page Intentionally Blank]

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 11, 2013

_____
Brian Whittman