UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>           Reorganized Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Hearing Date: April 17, 2013 at 11:00 a.m. ET<br>Objection Deadline: March 14, 2013 at 4:00 p.m. ET |

## APPLICATION OF PAYNE & FEARS LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND EXPENSES INCURRED AS ORDINARY COURSE COUNSEL TO LOS ANGELES TIMES COMMUNICATIONS LLC FROM DECEMBER 2011 THROUGH APRIL 2012

Payne & Fears LLP ("P&F"), California labor and employment counsel for Los Angeles Times Communications LLC ("LA Times"), one of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully submits this application (the "Application"), pursuant to (i) sections 327, 331, and 503 of title 11 of the United States Code (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (iv) the Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business (D.I. 227) (the "OCP Order"), (v) the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (D.I. 225) (the "Interim Compensation Order"), as amended, and (vi) the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications (D.I. 546) (the "Fee Examiner Order"), for (a) the allowance of fees in the aggregate amount of $69,056.00 for services rendered to LA Times from December 2011 through April 2012 and for expenses incurred in the amount of $3,259.76 and (b) for a limited waiver of the procedures for the approval and payment of professional compensation and consideration of fee applications set forth in the Interim Compensation Order and the Fee Examiner Order with respect to this Application (as discussed at paragraph 12, infra). In support of the Application, P&F respectfully states as follows:

## BACKGROUND OF THE CASES

1.    On December 8, 2008 (the "Petition Date"), Tribune and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.

---

[2]Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). (D.I. 43, 2333.).

3. The Fourth Amended Joint Plan of Reorganization (the "Plan") for the Debtors was confirmed on July 23, 2012 and went effective on December 31, 2012.[3] (D.I. 12939).

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327, 331, and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

**PROCEDURAL BACKGROUND FOR THE APPLICATION**

5. On December 26, 2008, the Debtors filed the Motion for an Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code (D.I. 148) (the "OCP Motion"). In the OCP Motion, the Debtors sought approval of this Court to employ and retain the Ordinary Course Professionals[4] to provide services to the Debtors as necessary for the day-to-day operations of the Debtors' businesses on terms substantially similar to those in effect prior to the Petition Date. Exhibit A to the OCP Motion contained a list of such Ordinary Course Professionals sought to be retained by the

---

[3] Certain of the Debtors have undertaken certain Restructuring Transactions (as defined in the Plan), pursuant to which they have been merged with and into direct or indirect wholly-owned subsidiaries of Tribune Company..

[4] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the OCP Motion and OCP Order.

Debtors, including P&F.[5] On January 15, 2009, this Court granted the OCP Order. P&F filed its Rule 2014 statement pursuant to the OCP Order in December of 2009 (D.I. 2895).

6.  Retention and compensation of the Ordinary Course Professionals is subject to the terms and conditions described in the OCP Order, including a Monthly Cap on the fees permitted to be paid to such Ordinary Course Professionals, per month on average over a rolling three-month period for Monthly Caps that are less than $50,000 per month, or a rolling two-month period for Monthly Caps of $50,000 per month. Expenses are not considered for the purpose of calculating the applicable Monthly Cap. P&F was retained by LA Times with respect to California labor and employment matters (the "Labor and Employment Matters"), with a Monthly Cap of $12,500, and 3-month rolling cap of $37,500.

7.  The OCP Order provides that in the event the fees incurred and invoiced by any Ordinary Course Professional exceed the applicable Monthly Cap, such Ordinary Course Professional shall be required to seek the Court's approval of all fees invoiced for that month in accordance with the procedures set forth in the Interim Compensation Order and the Fee Examiner Order.

## BACKGROUND CONCERNING THE RELIEF REQUESTED

8.  During the period covered by this Application, P&F represented LA Times with respect to four civil litigation matters, which comprise the Labor and Employment Matters: Fernando Gonzalez v. Los Angeles Times Communications, LLC, et al., Case No. BC468919, Superior Court of the State of California, County of Los Angeles ("Gonzalez");

---

[5] Exhibit A to the OCP Motion has been subsequently supplemented and amended by the Debtors to add additional Ordinary Course Professionals or to seek increases to the Monthly Cap applicable to existing Ordinary Course Professionals. (See D.I. 544, 877, 1086, 1756, 1826, 1887, 2283, 2412, 2865, 3222, 3861, 4214, 4607, 4614, 4845, 5395, 5846, 7236, 7545, 7820, 8310, 8788, 9333, 9686, 9758, 9772, 9847, 10350, 10684, 11235, 11336, 11512, 11612, 11858, 11935, and 12405.)

James Able v. Los Angeles Times, et al., Case No. BC459453, Superior Court of the State of California, County of Los Angeles ("Able"); Jaime Aguirre v. Tribune Company, Inc., Case No. BC468230, Superior Court of the State of California, County of Los Angeles ("Aguirre"); and Edgar Wilburn Jr. v. Los Angeles Times, et al., Case No. BC390914, Superior Court of the State of California, County of Los Angeles ("Wilburn"). Increased activity in the Gonzalez and Able matters caused the cap overages covered by this Application..

9. Specifically, the Debtors have reviewed invoices submitted to them by P&F for fees incurred from December 2011 through April 2012 and have approved as necessary and proper fees in the aggregate amount of $69,056.00 for services rendered and for expenses incurred in the amount of $3,259.76. The Debtors have informed P&F that it has exceeded its Monthly Cap over the applicable period. The Debtors have advised P&F that because the aggregate fees incurred in the months of December 2011 through April 2012 exceeded the firm's applicable Monthly Cap, P&F is required to seek the Court's allowance of the entire amount of the firm's invoices for this period.

**RELIEF REQUESTED**

10. By this Application, P&F seeks the allowance of fees in the amount of $69,056.00 for services rendered and $3,259.76 in expenses incurred in the representation of LA Times for the Labor and Employment Matters from December 2011 through April 2012. Additionally, P&F requests a limited waiver of the procedures for the approval and payment of professional compensation and consideration of fee applications set forth in the Interim Compensation Order and the Fee Examiner Order with respect to this Application. Additional information as required by Local Rule 2016-2(c), (d), and (e) relating to the fees and expenses requested herein is provided on Exhibits A, B, and C to this Application.

## BASIS FOR RELIEF REQUESTED

11. During the period covered by this Application, P&F's legal fees exceeded the Monthly Cap because the Gonzalez and Able matters were particularly active. For example, in Gonzalez, P&F reviewed the documents produced by the litigants, prepared for and took the plaintiff's deposition over the course of two days, interviewed and prepared two witnesses, and defended two LA Times' employees during their depositions over the course of two days. With respect to the Able matter in February 2012, P&F prepared responses to three separate sets of discovery requests for four separate defendants and interviewed four witnesses. The high level of activity in the Able and Gonzalez matters, coupled with the Aguirre and Wilburn matters caused cap overages covered by this Application. The services rendered have been fair and reasonable and well within the range of fees that would be charged by employment counsel for matters of this type. Further, P&F submits that the LA Times have benefitted from the legal services that P&F has provided to LA Times with respect to the four civil matters.

## REQUEST FOR LIMITED WAIVER OF INTERIM COMPENSATION PROCEDURES

12. P&F requests that the Debtors be permitted to pay P&F the full amount of the fees it incurred from December 2011 through April of 2012, rather than requiring P&F to seek approval of its fees on an interim basis subject to a 20% holdback and to seek the Court's allowance of such fees and expenses on a quarterly basis subject to the Fee Examiner's review and report. P&F respectfully submits that good cause exists for the Court to grant a limited waiver from the Interim Compensation Order to reduce the additional costs and delay of obtaining approval and payment of the amounts requested herein. Such fees were incurred several months prior to when the Debtors determined that it would be necessary for P&F to file this Application to seek the Court's approval of the fees requested. In addition, the payments

sought by P&F are small in the context of these cases, but relatively large and important for P&F. In the alternative, P&F requests that the Court consider this Application at the next hearing scheduled for the consideration of interim fee applications.[6]

### PAYMENT FROM DEBTORS; NO SHARING OF COMPENSATION

13. P&F has received no payment and no promises of payment from any source other than the Debtors for services rendered as an Ordinary Course Professional to the Debtors in these chapter 11 cases. There is no agreement between P&F and any other party for the sharing of compensation to be received for the services rendered by P&F to LA Times. All professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of the Debtors.

### REVIEW OF APPLICABLE LOCAL RULE

14. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with the requirements of Local Rule 2016-2.

15. The undersigned further certifies that the Debtors have had an opportunity to review this Application before it was filed with the Court.

### NO PRIOR REQUEST

16. No previous application with respect to the relief requested herein has been made to this or any other Court.

---

[6] In the past, this Court has granted limited waivers of the otherwise-applicable procedures for compensation and reimbursement of expenses for professionals and consideration of fee applications set forth in this Court's Interim Compensation Order and Fee Examiner Order with respect to fee applications submitted by the Debtors' Ordinary Course Professionals. See, e.g., Order Allowing Compensation and Reimbursement of Expenses to SNR Denton US LLP for Services Rendered as Ordinary Course Counsel to the Debtors During the Period From July 1, 2010 through August 31, 2010 (D.I. 8704); Order Allowing Compensation and Reimbursement of Expenses to Hunton & Williams LLP for Services Rendered as Ordinary Course Counsel to the Debtors for Certain Litigation Matters During the Prior From May 1, 2010 through July 31, 2010 (D.I. 7454).

WHEREFORE, after appropriate notice and hearing, P&F respectfully requests the Court enter an order (i) allowing fees in the aggregate amount of $69,056.00 for services rendered to the Debtors and $3,259.76 in expenses from December 2011 through April 2012; (ii) waiving the procedures for compensation and reimbursement of expenses for professionals and consideration of fee applications set forth in this Court's Interim Compensation Order and Fee Examiner Order with respect to this Application, and (iii) granting such further relief as is just and proper.

Dated: February 21, 2013

Respectfully submitted,

_____
Daniel F. Fears
Andrew K. Haeffele
Payne & Fears LLP
4 Park Plaza, Suite 1100, Irvine, CA 92614
Telephone: 949.851.1100
Facsimile: 949.851.1212