IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Proposed[2] Hearing Date: March 13, 2013 at 11:00 a.m.<br>Proposed Response Deadline: March 6, 2013 at 4:00 p.m. |

**MOTION FOR AN OMNIBUS ORDER AUTHORIZING THE SUBSTITUTION OF THE REORGANIZED DEBTORS IN PLACE OF THE CREDITORS' COMMITTEE AS PLAINTIFFS IN CERTAIN ADVERSARY PROCEEDINGS AND APPROVING PROCEDURES TO EVIDENCE THIS SUBSTITUTION**

Tribune Company ("Tribune") and the other reorganized debtors (each a "Reorganized Debtor," and collectively the "Reorganized Debtors") in the administratively consolidated chapter 11 cases pending in this Court hereby move pursuant to Federal Rule of Civil Procedure 25(c), as incorporated by Bankruptcy Rule 7025, for an order authorizing the substitution of the applicable Reorganized Debtors[3] into the adversary proceedings detailed on the attached Exhibits A and B (the "Additional Substitution Adversaries") as the successor-in-interest plaintiff(s) with respect to the Ordinary Litigation Claims asserted therein pursuant to

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] The Reorganized Debtors are filing concurrently herewith a Motion To Shorten Notice With Respect To Motion For An Omnibus Order Authorizing The Substitution Of The Reorganized Debtors In Place Of The Creditors' Committee As Plaintiffs In Certain Adversary Proceedings And Approving Procedures To Evidence This Substitution.

[3] All capitalized terms used, but not defined herein, shall have the meaning ascribed to them in the DCL Plan (defined infra).

46429/0001-9288573v1

Section 5.16 of the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank N.A. (as Modified July 19, 2012) [Docket No. 12072] (the "DCL Plan"), confirmed by order of this Court on July 23, 2012 (the "Confirmation Order") [Docket No. 12074], and having become effective on December 31, 2012. As set forth in more detail below, this Motion also seeks approval of procedures whereby the applicable Reorganized Debtors will file notices substantially in the form of the attached Exhibits C and D in the dockets of the applicable Additional Substitution Adversaries to evidence each substitution.

The Additional Substitution Adversaries comprise 24 adversary proceedings pending before this Court and constitute a subset of numerous lawsuits originally initiated on behalf of the Debtors' estates by the Creditors' Committee (the "Committee-Filed Adversaries") and asserted against, inter alia, current and former officers, directors and employees (each an "Insider Defendant") of Tribune or its subsidiaries. While the Debtors previously filed a substitution motion (the "Original Substitution Motion") with respect to Ordinary Litigation Claims asserted in 174 of the Committee-Filed Adversaries (the "Original Substitution Adversaries") on December 27, 2012 [Docket No. 12922], that motion did not attempt to address two categories of claims asserted in the Committee-Filed Adversaries against the Insider Defendants, the ownership of which had not yet been resolved (the "Unresolved Preference Claims"): (i) claims for the recovery of payments made on account of restricted stock units/options and deferred compensation asserted against 24 Insider Defendants who are also defendants in the action captioned as *The Official Committee of Unsecured Creditors of Tribune Company v. FitzSimons* (the "Ordinary Litigation Claims Against FitzSimons Defendants"); and

(ii) the claims asserted against Insider Defendants for the recovery of executive transition payments (the "Executive Transition Claims"). Since the Original Substitution Order, the Reorganized Debtors and the Litigation Trustee have conferred regarding the ownership of the Unresolved Preference Claims. On February 20, 2013, the Litigation Trustee filed a motion to substitute itself (the "Trustee Substitution Motion") as plaintiff with respect to all the causes of action asserted in the Committee-Filed Adversaries that it believes constitute Preserved Causes of Action, including the Executive Transition Claims. By its motion, the Litigation Trustee does not seek to substitute itself as plaintiff with respect to the Ordinary Litigation Claims Against FitzSimons Defendants, conceding that those claims belong to the Reorganized Debtors.

This Motion only seeks to substitute the applicable Reorganized Debtors for the Creditors' Committee with respect to the Ordinary Litigation Claims Against FitzSimons Defendants for which there is no ownership dispute between the Litigation Trustee and the Reorganized Debtors. These Ordinary Litigation Claims Against FitzSimons Defendants constitute the remainder of the claims asserted in the Committee-Filed Adversaries where substitution of the Creditors Committee has not yet been addressed by either the Original Substitution Motion or the Trustee Substitution Motion.

## STATUS OF THE CASE

1.  On December 8, 2008, Tribune and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Tribune affiliate, Chicago National League Ball Club, LLC ("CNLBC"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. The chapter 11 cases were consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

46429/0001-9288573v1

2. On December 18, 2008, the Office of the United States Trustee appointed the Creditors' Committee.

3. On July 23, 2012, the Court entered the Confirmation Order confirming the DCL Plan.

4. The Effective Date for the DCL Plan occurred on December 31, 2012.

## BACKGROUND

### I. History of the Committee-Filed Adversaries

5. The Creditors' Committee was authorized by this Court to commence, prosecute and settle on behalf of the Debtors' estates various claims to avoid and recover pre-petition transfers made by the Debtors to certain Insider Defendants by order dated November 29, 2010 [Docket No. 6658].

6. Beginning on December 3, 2010, the Creditors' Committee initiated the Committee-Filed Adversaries, comprised of approximately 215 avoidance actions, which include the twenty-four (24) Additional Substitution Adversaries. The Additional Substitution Adversaries were initiated just prior to the expiration of the applicable statutes of limitations in order to preserve such claims.

7. After the filing of the Committee-Filed Adversaries, each such adversary (including each Additional Substitution Adversary) was immediately stayed and, with respect to the Additional Substitution Adversaries, to date no responsive pleadings or dispositive motions have been filed.[4] The stay of the Additional Substitution Adversaries expires 90 days after the

---

[4] Fifteen (15) of the Committee-Filed Adversaries were dismissed on October 21, 2011 pursuant to Court authorization obtained by the Creditors' Committee. [Docket No. 10025, Ex. 1]. One (1) additional Committee-Filed Adversary was dismissed on February 29, 2012. Additionally on January 28, 2013, the Reorganized Debtors dismissed 151 adversary proceedings and partially dismissed 18 adversary proceedings pursuant to the DCL Plan and the Order Granting the Debtors' Motion for an Omnibus Order Authorizing the Substitution of the Reorganized Debtors in place of the Creditors' Committee as Plaintiffs in Certain Adversary Proceedings and Approving Procedures to Evidence This Substitution [Docket No. 12922] entered on January 23, 2013 [Docket No. 13099].

Effective Date in accordance with this Court's July 9, 2012 order amending the previously entered orders (each a "Standing Order" and collectively the "Standing Orders") granting the Creditors' Committee standing to pursue the Additional Substitution Adversaries [Docket No. 11968].[5]

## II. The Ownership of the Claims Asserted in the Additional Substitution Adversaries

8. Pursuant to the DCL Plan and as described in more detail in the Original Substitution Motion and in the Trustee Substitution Motion, the ownership of each claim asserted in the Committee-Filed Adversaries depends on its categorization as one of two types of claims: (i) Ordinary Litigation Claims, which are owned by the Reorganized Debtors, or (ii) Preserved Causes of Action, which are owned by the Litigation Trust. See Original Substitution Motion at ¶¶ 7-9. On December 27, 2012, the Debtors filed their Original Substitution Motion, which was granted by order of the Court dated January 23, 2013 (the "Original Substitution Order") [Docket No. 13090]. The Original Substitution Motion requested, and the Original Substitution Order authorized, the substitution of the Reorganized Debtors for the Creditors' Committee with respect to Ordinary Litigation Claims asserted in the Original Substitution Adversaries,[6] which were comprised of 174 of the Committee-Filed Adversaries.

9. The Original Substitution Motion, however, did not seek relief with respect to the Unresolved Preference Claims – the Ordinary Litigation Claims Against FitzSimons Defendants and the Executive Transition Claims. See Original Substitution Motion at ¶ 11. As evidenced by the Trustee Substitution Motion, the Litigation Trustee and the

---

[5] Specifically, the July 9, 2012 Standing Order granted the Creditors' Committee motion to amend the definition of the term "Termination Event" in the previously entered Standing Orders to be 90 days after the Effective Date, the occurrence of said Termination Event lifting the stay on the prosecution of the Additional Substitution Adversaries. See Motion of The Official Committee of Unsecured Creditors to (I) Amend the Definition of the "Termination Event" in Standing Orders and (II) for Further Extension of Time to Effect Service of Original Process Filed by The Official Committee of Unsecured Creditors of Tribune Company, on behalf of Tribune Company, et al. [Docket No. 11732].

[6] The Original Substitution Motion referred to the Original Substitution Adversaries with the defined term "Substitution Adversaries."

Reorganized Debtors have no disagreement regarding ownership of the Ordinary Litigation Claims Against FitzSimons Defendants. In particular, both parties agree that the restricted stock/options deferred compensation, phantom equity, and success bonus claims asserted in the Additional Substitution Adversaries are properly allocated between the Reorganized Debtors and the Litigation Trust in the same manner as the allocation of similar claims asserted in the Original Substitution Adversaries, as provided in the Original Substitution Motion and the Original Substitution Order.[7]

10.     Similarly, there is no dispute between the Reorganized Debtors and the Litigation Trustee that the claims to recover payments for certain excise taxes (the "Excise Tax Transfers") are allocated in the same manner as the recovery of the underlying type of compensation for which each Excise Tax Transfer was made. See Original Substitution Motion at ¶ 10; see also Trustee Substitution Motion at ¶ 42.

11.     The Trustee Substitution Motion also takes the position that all Executive Transition Claims constitute Preserved Causes of Action that are owned by the Litigation Trust. See Trustee Substitution Motion at ¶ 40. By filing this Motion, the Reorganized Debtors do not concede that the Executive Transition Claims are owned by the Litigation Trust, and expressly reserve all rights with respect to the issue of the ownership of the Executive Transition Claims.

### III.    Specific Details about the Additional Substitution Adversaries

12.     As set forth on Exhibit A, 19 of the 24 Additional Substitution Adversaries assert both (i) Ordinary Litigation Claims and (ii) Preserved Causes of Action and/or Executive Transition Claims (the "Split Additional Adversaries"). By way of example, a number

---

[7] See Trustee Substitution Motion at ¶ 29 ("The Litigation Trustee does not dispute that claims to avoid and recover stock options, restricted stock units and/or deferred compensation paid to the Debtors' current or former officers, directors and/or employees are Ordinary Litigation Claims that belong to the Reorganized Debtor, regardless of whether those claims are asserted in the FitzSimons Action.")

6

of the Split Additional Adversaries assert a count for the avoidance and recovery of both restricted stock units and success bonus transfers. This motion only seeks relief with respect to the Ordinary Litigation Claims asserted in the Split Additional Adversaries, as detailed on Exhibit A in the column titled "*Ordinary Litigation Claim Amounts*," and the sub-columns thereunder titled "*Deferred Compensation Transfers,*" "*Restricted Stock Unit or Option Transfers,*" and "*Associated Excise Tax Transfers.*" In accordance with the substitution of the Reorganized Debtors as plaintiff(s) with respect to the Ordinary Litigation Claims in the Split Additional Adversaries, the Reorganized Debtors seek approval of a procedure whereby the applicable Reorganized Debtor or Reorganized Debtors will file a notice of substitution ("Split Substitution Notice") in each of the Split Additional Adversaries, in a form substantially similar to Exhibit C, on the docket of each of the Split Additional Adversaries to evidence that such Reorganized Debtor or Reorganized Debtors have been substituted by order of this Court as the plaintiff(s) solely with respect to the Ordinary Litigation Claims as enumerated in categories and amounts specified in Exhibit A.

13. As set forth on Exhibit B, five (5) of the Additional Substitution Adversaries seek avoidance and recovery of only Ordinary Litigation Claims,[8] and therefore all of the claims asserted in these Additional Substitution Adversaries are owned in full by the Reorganized Debtors (the "Full Additional Adversaries"). In accordance with the substitution of the Reorganized Debtors as plaintiff(s) into the Full Additional Adversaries, the Reorganized Debtors seek approval of a procedure whereby the applicable Reorganized Debtor or Reorganized Debtors will file a notice of substitution ("Full Substitution Notice"), in a form substantially similar to Exhibit D, on the docket of each of the Full Additional Adversaries to

---

[8] See, e.g., Ex. B (columns titled "*Deferred Compensation Transfers,*" "*Stock Unit or Option Transfers,*" and "*Total Complaint Amount Asserted (Total of Ordinary Litigation Claims)*"); none of the Full Additional Adversaries assert claims for the recovery of Excise Tax Transfers.

evidence that such Reorganized Debtor or Reorganized Debtors have been substituted by order of this Court as the plaintiff(s) in each Full Substitution Adversary.

**RELIEF REQUESTED**

14. The Reorganized Debtors request that the Court enter an order, substantially in the form attached hereto, (i) authorizing the substitution of each applicable Reorganized Debtor or Reorganized Debtors as the plaintiff(s) in each of the Split Additional Adversaries solely with respect to the Ordinary Litigation Claims as detailed on <u>Exhibit A</u> by inserting the name(s) of each applicable Reorganized Debtor(s) as the plaintiff(s) into the caption of each of the Split Additional Adversaries in place of the Creditors' Committee solely with respect to the Ordinary Litigation Claims, as illustrated on <u>Exhibit C</u>, and approving the filing of the Split Substitution Notice in the dockets of each Split Substitution Adversary to evidence such substitution; and (ii) authorizing the substitution of each applicable Reorganized Debtor or Reorganized Debtors as the plaintiff(s) in each Full Substitution Adversary as detailed on <u>Exhibit B</u> by inserting the name(s) of each applicable Reorganized Debtor(s) as the plaintiff(s) into the caption of each of the Full Additional Adversaries in place of the Creditors' Committee, as illustrated on <u>Exhibit D</u>, and approving the filing of the Full Substitution Notice evidencing such substitution in the dockets of each Full Substitution Adversary.

**BASIS FOR RELIEF**

15. Rule 25(c) provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Rule 25(c) is made applicable in adversary proceedings by Bankruptcy Rule 7025, which states that "[s]ubject to the provisions of Rule 2012, Rule 25 F. R. Civ. P. applies in adversary proceedings."

16. The Third Circuit has stated that Rule 25(c) "does not ordinarily alter the substantive rights of parties" but instead is "merely a procedural device designed to facilitate the conduct of a case. . ." Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc., 13 F.3d 69, 72 (3d Cir. 1993); see also COLLIER ON BANKRUPTCY, 16TH ED. at ¶ 7025.04 ("When the transfer of the interest takes place during the action, Rule 25(c) becomes applicable and provides that the action may be continued by or against the original party unless the court directs that the transferee of the interest be substituted or joined.").

17. Courts have routinely found that rule 25(c) substitution is appropriate where bankruptcy causes of action are transferred. See, e.g., Hutchinson v. Del. Sav. Bank FSB, 410 F. Supp. 2d 374, 382 (D.N.J. 2006) ("When, as here, Plaintiffs' causes of action vest in the bankruptcy trustee after the initiation of the lawsuit, Rule 25(c) ensures that the proper person litigates the claims.").

18. Substitution is particularly appropriate where the transferor-party ceases to exist, or where the plan of reorganization provides for the transfer of the causes of action. See, e.g., In re Graceway Pharmaceuticals, LLC, Case No. 11-13036, Docket No. 551 (Bankr. D. Del. May 2, 2012) (PJW) (confirmation order provides for substitution of Liquidating Trustee pursuant to Bankruptcy Rule 7025 and Fed. R. Civ. P. 25(c)); Bisaria v. Official Comm. of Unsecured Creditors of Shubh Hotels Pittsburgh, LLC, 2011 U.S. Dist. LEXIS 86600, 1-2 (W.D. Pa. Aug. 5, 2011) ("the Court having considered the Motion to Substitute…. [substituted litigants] have, by virtue of the terms of the confirmed and effective plan, and the [termination] of the Committee's authority, succeeded to and become the real parties in interest from the Appellee's side of the case… [a]ccordingly, the Court does, in accord with F.R.C.P. Rule 25(c) substitute [the substituted litigants]."); Blixseth v. Official Comm. of Unsecured Creditors (In re

Yellowstone), Adv. Pro. No. 09-00014, Docket No. 305 (Bankr. D. Mont. 2009) (Order granting substitution motion under Rule 7025 for Creditors' Committee for Liquidating Trust to pursue counterclaims previously transferred by the Plan of Reorganization).

19. Here the Creditors' Committee no longer has the authority to continue in its role as plaintiff in the Additional Substitution Adversaries, and the Ordinary Litigation Claims asserted within the Additional Substitution Adversaries are now owned by the Reorganized Debtors. Thus, substitution is appropriate and warranted under Federal Rule of Civil Procedure 25(c) for each applicable Reorganized Debtor in each Additional Substitution Adversary with respect to the Ordinary Litigation Claims.

## NOTICE

20. Notice of this Motion has been provided by (a) overnight delivery and email to: (i) counsel to the Litigation Trustee; (ii) the Office of the United States Trustee; (iii) counsel to the administrative agent for Tribune's prepetition loan facilities; (iv) counsel to the administrative agent for the Reorganized Debtors' postpetition financing facility; (v) all parties having requested notice in the chapter 11 cases pursuant to Bankruptcy Rule 2002; and (b) by overnight delivery to the defendants in the Additional Substitution Adversaries identified on Exhibits A and B. Pursuant to Local Rule 2002-1(b), and in light of the nature of the relief requested herein, the Reorganized Debtors submit no other or further notice is necessary.

## PRAYER FOR RELIEF

WHEREFORE, for the reasons set forth herein, the Reorganized Debtors respectfully request that the Court enter an order, pursuant to Federal Rule of Civil Procedure 25(c),

(i) authorizing the substitution of each applicable Reorganized Debtor or Reorganized Debtors as the plaintiff(s) in each of the Split Additional Adversaries solely with respect to the Ordinary Litigation Claims as detailed on <u>Exhibit A</u> by inserting the name(s) of each applicable Reorganized Debtor(s) as the plaintiff(s) into the caption of each of the Split Additional Adversaries in place of the Creditors' Committee solely with respect to the Ordinary Litigation Claims, as illustrated on <u>Exhibit C</u>, and approving the filing of a Split Substitution Notice evidencing such substitution in the dockets of each Split Substitution Adversary;

(ii) authorizing substitution of each applicable Reorganized Debtor or Reorganized Debtors as the plaintiff(s) in each of the Full Additional Adversaries as detailed on <u>Exhibit B</u> by inserting the name(s) of each applicable Reorganized Debtor(s) as the plaintiff(s) into the caption of each of the Full Additional Adversaries in place of the Creditors' Committee, as illustrated on <u>Exhibit D</u>, and approving the filing of a Full Substitution Notice evidencing such substitution in the dockets of each Full Substitution Adversary; and

(iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
February 25, 2013

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Kevin T. Lantry
Steven W. Robinson
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR THE REORGANIZED DEBTORS

46429/0001-9288573v1