IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |
| | **Related to Docket No. 13223** |

**MOTION TO SHORTEN NOTICE WITH RESPECT TO
MOTION FOR AN OMNIBUS ORDER AUTHORIZING THE SUBSTITUTION OF THE
REORGANIZED DEBTORS IN PLACE OF THE CREDITORS' COMMITTEE AS
PLAINTIFFS IN CERTAIN ADVERSARY PROCEEDINGS AND
<u>APPROVING PROCEDURES TO EVIDENCE THIS SUBSTITUTION</u>**

Tribune Company ("Tribune") and the other reorganized debtors (each a

"Reorganized Debtor," and collectively the "Reorganized Debtors") in these administratively

consolidated chapter 11 cases, by and through their undersigned counsel, file this motion (the

"Motion to Shorten"), pursuant to section 105 of Title 11 of the United States Code (the

"Bankruptcy Code"), Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") and Rules 9006-1(c)(i) and 9006-1(e) of the Local Rules of Bankruptcy

Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-9284192v3

"Local Rules"), for the entry of an order shortening the notice period with respect to the Motion for an Omnibus Order Authorizing the Substitution of the Reorganized Debtors in Place of the Creditors' Committee as Plaintiffs in Certain Adversary Proceedings and Approving Procedures to Evidence this Substitution (the "Additional Substitution Motion"). In further support thereof, the Reorganized Debtors respectfully represent as follows:

**Background With Respect To The Additional Substitution Motion**

1. Concurrent with the filing of this Motion to Shorten, the Reorganized Debtors are filing the Additional Substitution Motion which seeks entry of an Order (i) authorizing the substitution of the applicable Reorganized Debtors[2] into the 24 adversary proceedings detailed on Exhibits A and B to the Additional Substitution Motion (the "Additional Substitution Adversaries") as the successor-in-interest plaintiff(s) with respect to the Ordinary Litigation Claims asserted therein and (ii) approving procedures whereby the applicable Reorganized Debtors will file notices in the dockets of the applicable Additional Substitution Adversaries to evidence each substitution.

2. The Additional Substitution Adversaries comprise 24 adversary proceedings pending before this Court and constitute a subset of numerous lawsuits originally initiated on behalf of the Debtors' estates by the Creditors' Committee (the "Committee-Filed Adversaries") and asserted against, inter alia, current and former officers, directors and employees (each an "Insider Defendant") of Tribune or its subsidiaries. While the Debtors previously filed a substitution motion (the "Original Substitution Motion") with respect to Ordinary Litigation Claims asserted in 174 of the Committee-Filed Adversaries (the "Original Substitution Adversaries") on December 27, 2012 [Docket No. 12922], that motion did not attempt to address

---

[2] All capitalized terms used, but not defined herein, shall have the meaning ascribed to them in the Additional Substitution Motion (defined infra).

2

two categories of claims asserted in the Committee-Filed Adversaries against the Insider Defendants, the ownership of which had not yet been resolved (the "Unresolved Preference Claims"): (i) claims for the recovery of payments made on account of restricted stock units/options and deferred compensation asserted against 24 Insider Defendants who are also defendants in the action captioned as *The Official Committee of Unsecured Creditors of Tribune Company v. FitzSimons* (the "Ordinary Litigation Claims Against FitzSimons Defendants"); and (ii) the claims asserted against Insider Defendants for the recovery of executive transition payments (the "Executive Transition Claims"). Since the Original Substitution Order, the Reorganized Debtors and the Litigation Trustee have conferred regarding the ownership of the Unresolved Preference Claims. On February 20, 2013, the Litigation Trustee filed a motion to substitute itself (the "Trustee Substitution Motion") as plaintiff with respect to all the causes of action asserted in the Committee-Filed Adversaries that it believes constitute Preserved Causes of Action, including the Executive Transition Claims. By its motion, the Litigation Trustee does not seek to substitute itself as plaintiff with respect to the Ordinary Litigation Claims Against FitzSimons Defendants.

3. The Additional Substitution Motion only seeks to substitute the applicable Reorganized Debtors for the Creditors' Committee with respect to the Ordinary Litigation Claims Against FitzSimons Defendants for which there is no ownership dispute between the Litigation Trustee and the Reorganized Debtors. These Ordinary Litigation Claims Against FitzSimons Defendants constitute the remainder of the claims asserted in the Committee-Filed Adversaries where substitution of the Creditors' Committee has not yet been addressed by either the Original Substitution Motion or the Trustee Substitution Motion.

**Relief Requested and Basis for Relief**

4.     By this Motion, the Reorganized Debtors respectfully request entry of an Order shortening the notice period and setting the Additional Substitution Motion for hearing on March 13, 2013 at 1:00 p.m. (Eastern Time), the next regularly scheduled omnibus hearing in these cases, and establishing March 6, 2013 at 4:00 p.m. (Eastern Time) as the deadline for responding to the Additional Substitution Motion.

5.     Local Rule 9006-1(c) provides, "[u]nless the Fed. R. Bankr. P. or these Local Rules state otherwise, all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date." Del. Bankr. L. R. 9006-1(c)(i). Pursuant to Bankruptcy Rule 9006(c)(1), the Court may, for cause shown, shorten the otherwise applicable notice period ("when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced"). This authorization is also expressed in Local Rule 9006-1(e), which provides that the Court may shorten the notice period "on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L. R. 9006-1(e).

6.     The facts applicable to this matter justify shortening notice and the relief requested herein should be granted. The Additional Substitution Motion addresses similar issues and seeks parallel relief regarding certain causes of action and adversary proceedings as the Trustee Substitution Motion that is currently pending before the Court and is scheduled for hearing on March 13, 2013. Further, the Litigation Trustee does not seek to substitute itself as plaintiff with respect to the Ordinary Litigation Claims Against FitzSimons Defendants,

conceding that those claims belong to the Reorganized Debtors.[3] Consequently, as a matter of judicial economy, both motions should be adjudicated concurrently at the March 13, 2013 hearing.

7.      For the reasons specified above, the Reorganized Debtors submit that the facts justify shortening notice and that the relief requested herein should be granted.

### Notice

8.      To ensure that all parties receive notice as soon as possible, notice of this Motion has been provided by (a) overnight delivery and email to: (i) counsel to the Litigation Trustee; (ii) the Office of the United States Trustee; (iii) counsel to the administrative agent for Tribune's prepetition loan facilities; (iv) counsel to the administrative agent for the Reorganized Debtors' postpetition financing facility; (v) all parties having requested notice in the Reorganized Debtors' chapter 11 cases pursuant to Bankruptcy Rule 2002; and (b) by overnight delivery to the defendants in the Additional Substitution Adversaries identified on Exhibits A and B to the Additional Substitution Motion. In light of the nature of the relief requested herein, the Reorganized Debtors submit no other or further notice is necessary.

---

[3] See Trustee Substitution Motion at ¶ 29 ("The Litigation Trustee does not dispute that claims to avoid and recover stock options, restricted stock units and/or deferred compensation paid to the Debtors' current or former officers, directors and/or employees are Ordinary Litigation Claims that belong to the Reorganized Debtor, regardless of whether those claims are asserted in the FitzSimons Action.")

46429/0001-9284192v3

WHEREFORE, the Reorganized Debtors respectfully request that this Court enter an order, in substantially the form attached hereto, (i) shorting the notice period for the Additional Substitution Motion; and (ii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
February 25, 2013

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Kevin T. Lantry
Steven W. Robinson
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR THE REORGANIZED DEBTORS

46429/0001-9284192v3