# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors.[1] | Jointly Administered |
| | Objection Date: March 18, 2013 at 4:00 p.m.<br>Hearing Date: To be determined |

## NOTICE OF SIXTH AND FINAL APPLICATION OF SITRICK AND COMPANY FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS CORPORATE COMMUNICATIONS CONSULTANTS TO DEBTORS AND DEBTORS-IN-POSSESSION

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LW (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering 1' Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LW, f/k/a Chicago National League Ball Club, LW (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LW (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc (9512); Virginia Community Shoppers, LW (4025); Virginia Gazette Companies, LW (9587); WATL, LW (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LW (5982); WDCW Broadcasting, Inc. (8300); WON Continental Broadcasting Company (9530); WLVI Inc. (8074); and VVPIX, Inc. (0191). The Debtors corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

| | |
|---|---|
| Name of Applicant: | <u>Sitrick and Company Inc.</u> |
| Authorized to Provide Professional Services to: | <u>Debtors and Debtors-in-Possession</u> |
| Date of Retention | <u>August 26, 2010</u> |
| Period for which compensation and reimbursement is sought: | <u>December 1, 2011 through December 31, 2012 (Sixth)</u><br><u>August 26, 2010 through December 31, 2012 (Final)</u> |
| Amount of Compensation sought as actual, reasonable and necessary: | <u>$537.00 (Sixth)</u><br><u>$90,824.50 (Final)</u> |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | <u>$13,233.00 (Sixth)[2]</u><br><u>$20,631.74 (Final)</u> |

This is an: ___ monthly ___ interim _x_ final application

---

[2] Expense reimbursement for the Sixth Fee Period includes an estimated $6,000 for Sitrick's counsel to draft the Sixth and Final Application and perform any other necessary services related thereto.

## Summary of Prior Monthly Fee Applications [3]

| Application | Date Filed [Docket No.] | Period Covered | Fees Requested | Expenses Requested | Total |
|---|---|---|---|---|---|
| First Monthly Application | 6/28/11 [Docket No. 9371] | 8/26/10 – 9/30/10 | $56,917.00 | $2,626.22 | $59,543.22 |
| Second Monthly Application | 6/28/11 [Docket No. 9372] | 10/1/10 – 10/31/10 | $28,358.50 | $0.00 | $28,358.50 |
| Third Monthly Application | 6/28/11 [Docket No. 9373] | 2/1/11 – 2/28/11 | $805.50 | $0.00 | $805.50 |
| Fourth Monthly Application | 10/14/11 [Docket No. 9988] | 3/1/11 – 3/31/11 | $2,416.50 | $2,376.00 | $4,792.50 |
| Fifth Monthly Application | 10/14/11 [Docket No. 9990] | 4/1/11 – 4/30/11 | $1,074.00 | $0.00 | $1,074.00 |
| Sixth Monthly Application | 10/18/11 [Docket No. 10013] | 6/1/11 – 6/30/11 | $716.00 | $30.58 | $746.58 |
| Seventh Monthly Application | 11/23/11 [Docket No. 10292] | 9/1/11 – 9/30/11 | $0.00 | $1,012.00 | $1,012.00 |
| Eighth Monthly Application | 1/13/12 [Docket No. 10612] | 10/1/11 – 10/31/11 | $0.00 | $308.00 | $308.00 |
| Ninth Monthly Application | 1/13/12 [Docket No. 10613] | 11/1/11 – 11/30/11 | $0.00 | $257.50 | $257.50 |

---

[3] Per agreement with the Fee Examiner, Sitrick did not file monthly fee applications for the following months in which it incurred minimal or no fees or expenses: November 2010, December 2010, January 2011, May 2011, July 2011, and August 2011.

- 3 -

## Summary of Prior Interim Fee Applications

| Date Filed [Docket No.] | Period Covered | Total Amount Requested | | Total Amount Approved to Date via Certification of No Objection | | Holdback Fees Requested |
|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (@ 80%) | Expenses (@ 100%) | Fees (@ 20%) |
| First Interim 10/18/11 [Docket No. 10010] | 8/26/10 – 10/31/10 | $85,275.50 | $2,659.17[4] | $68,220.40 | $2,659.17 | $17,055.10 |
| Second Interim 10/18/11 [Docket No. 10011] | 12/1/10 – 2/28/11 | $805.50 | $0.00 | $644.40 | $0.00 | $161.10 |
| Third Interim 10/18/11 [Docket No. 10012] | 3/1/11 – 5/31/11 | $3,490.50 | $2,376.00 | $2,792.40 | $2,376.00 | $698.10 |
| Fourth Interim 10/18/11 [Docket No. 10014] | 6/1/11 – 8/31/11 | $716.00 | $786.07 | $572.80 | $786.07 | $143.20 |
| Fifth Interim 1/13/12 [Docket No. 10622] | 9/1/11 – 11/30/11 | $0.00 | $1,577.50 | $0.00 | $1,577.50 | $0.00 |
| Total: | | $90,287.50 | $7,398.74 | $72,230.00 | $7,398.74 | $18,057.50 |

---

[4] In its *First Interim Fee Application* [Docket No. 10011], Sitrick originally requested $2,694.63 as reimbursement for its actual and necessary expenses. Sitrick has agreed to reduce its request to $2,659.17 in accordance with the Fee Examiner's April 16, 2012 recommendations. *See Fee Examiner's Final Report Regarding the First Interim Fee Application of Sitrick and Company* [Docket No. 11396].

- 4 -

LA/1338619.1

**Summary of Fees and Expenses During the Sixth Fee Period**
**(December 1, 2011 through December 31, 2012)[5]**

| Period Covered | Fees Incurred | Expenses Incurred | Total |
|---|---|---|---|
| 12/1/11 – 12/31/11 | $0.00 | $712.50 | $712.50 |
| 1/1/12 – 1/31/12 | $0.00 | $1,498.50 | $1,498.50 |
| 2/1/12 – 2/29/12 | $0.00 | $324.00 | $324.00 |
| 3/1/12 – 3/31/12[6] | $0.00 | $2,551.50 | $2,551.50 |
| 7/1/12 – 7/31/12 | $537.00 | $607.50 | $1,144.50 |
| 8/1/12 – 8/31/12 | $0.00 | $729.00 | $729.00 |
| 9/1/12 – 9/30/12[7] | $0.00 | $810.00 | $810.00 |
| Total | $537.00 | $7,233.00 | $7,770.00 |

---

[5] Per agreement with the Fee Examiner, Sitrick did not file monthly fee applications after the fifth interim period (September 1, 2011 through November 30, 2011) because it incurred minimal fees and expenses during this time.
[6] Sitrick did not incur any fees or expenses during the months of April 2012, May 2012, and June 2012.
[7] Sitrick did not incur any fees or expenses during the months of October 2012, November 2012, and December 2012.

## SUMMARY OF COMPENSABLE TIME DURING SIXTH FEE PERIOD
### (December 1, 2011 through December 31, 2012)

| Name of Professional Person | Position | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Michael Sitrick | Member of the Firm | $895.00 | 0.6 | $537.00 |

**Blended Hourly Rate:** $895.00  
**Total Hours Billed:** 0.6  
**GRAND TOTAL:** $537.00

LA/1338619.1

## SUMMARY OF EXPENSES DURING SIXTH FEE PERIOD
## (December 1, 2011 through December 31, 2012)

| **Expense Category** <br> **Expense** | **Service Provider (if applicable)** | |
|---|---|---|
| Other | Arent Fox | $7,233.00 |
| | | |
| **TOTAL EXPENSES:** | | **$7,233.00** |

LA/1338619.1

Summary of Any Objections to Fee Applications: **NONE**

Prior Interim Applications Filed: **FIVE**

      PLEASE TAKE NOTICE that, pursuant to the Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331*, entered on January 15, 2009 (the "**Compensation Order**"), objections, if any, to the Sixth and Final Fee Application must be filed with the Court and served on the Applicant at the address set forth below and the Notice Parties (as defined in the Compensation Order) on or before the 20th day following service of this Sixth and Final Fee Application. If no timely objections are filed to the Sixth and Final Fee Application, the Court may enter an order granting the Sixth and Final Fee Application without a hearing.

Dated: February 26, 2013

                                                                    **SITRICK AND COMPANY/LA.**

                                                                    */s/ Brenda Adrian*
                                                                    Brenda Adrian
                                                                    1840 Century Park East, Suite 800
                                                                    Los Angeles, CA 90067
                                                                    (310) 788-2850

LA/1338619.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, *et al.*, | Case No. 08-13141 (KJC) |
| Debtors.[1] | Jointly Administered |
| | Objection Date: March 18, 2013 at 4:00 p.m.<br>Hearing Date: To be determined |

## SIXTH AND FINAL APPLICATION OF SITRICK AND COMPANY FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS CORPORATE COMMUNICATIONS CONSULTANTS TO DEBTORS AND DEBTORS-IN-POSSESSION

Sitrick and Company Inc. ("**Sitrick**" or the "**Applicant**"), Corporate Communications

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LW (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering 1' Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LW, f/k/a Chicago National League Ball Club, LW (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LW (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc (9512); Virginia Community Shoppers, LW (4025); Virginia Gazette Companies, LW (9587); WATL, LW (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LW (5982); WDCW Broadcasting, Inc. (8300); WON Continental Broadcasting Company (9530); WLVI Inc. (8074); and VVPIX, Inc. (0191). The Debtors corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Consultants to the debtors and debtors-in-possession (the "**Debtors**"), hereby submits this Sixth and Final Application of Sitrick and Company Inc. (the "**Application**") for Compensation for Services Rendered and Reimbursement of Expenses for the Period for the sixth period from December 1, 2011 Through December 31, 2012 (the "**Sixth Fee Period**") and the final period from August 26, 2010 Through December 31, 2012 (the "**Final Fee Period**"). By this Application, pursuant to 11 U.S.C. §§ 330 and 331, Sitrick seeks (a) final approval and payment of compensation for the Sixth Fee Period from December 1, 2011 through December 31, 2012 in the amount of $537.00 for professional services rendered and $13,233.00 for reimbursement of actual and necessary expenses[2]; and (b) final approval of compensation previously authorized in the previous five interim applications. The total compensation requested in this Application for the Final Fee Period is $90,824.50 for professional services rendered and $20,631.74 for reimbursement of actual and necessary expenses. In support hereof, Sitrick respectfully represents as follows:

## BACKGROUND

1. On December 8, 2008, the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**").

2. On December 10, 2008, the Court entered an Order directing the joint administration of the Debtors' Chapter 11 Cases under the case of Tribune Company, Case No. 08-13141 [Docket No. 43].

3. On September 25, 2010, Sitrick filed an *Application of the Debtors for an Order Authorizing Debtor Tribune Company to Retain and Employ Sitrick and Company as Corporate Communications Consultants Pursuant to 11 U.S.C. § 327(a), Nunc Pro Tunc to August 26, 2010* [Docket No. 5813].

---

[2] Expense reimbursement for the Sixth Fee Period includes an estimated $6,000 for Sitrick's counsel to draft the Sixth and Final Application and perform any other necessary services related thereto.

LA/1338542.1

4. On December 13, 2010, the Court entered an *Order Authorizing Debtor Tribune Company to Retain and Employ Sitrick and Company as Corporate Communications Consultants Pursuant to 11 U.S.C. § 327(a), Nunc Pro Tunc to August 26, 2010* (the "**Retention Order**") [Docket No. 7158].

5. On January 15, 2009, this Court entered an *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331* (the "**Compensation Order**"). (Docket No. 225). In accordance with the Compensation Order, professionals retained in these cases are permitted to file monthly applications for interim approval and allowance of compensation. The Compensation Order further provides that professionals are to file and serve upon the Notice Parties, as defined in the Compensation Order, at three month intervals, a request for interim Court approval of the monthly fee applications and allowance of fees and reimbursement of expenses incurred during such interim fee period. If no objections are raised within the Compensation Order's objection deadline, the Debtors are authorized to pay its professionals up to 80% of the fees and 100% of the expenses requested after the filing of a certificate of no objection by the professional. By this Application, Sitrick respectfully requests final approval and payment of any fees subject to holdback.

6. On July 23, 2012 this Court entered an *Order Confirming Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P, Angelo, Gordon & Co., L.P., and JP Morgan Chase Bank, N.A.* (the "**Confirmation Order**") [Docket No. 12074]. The effective date of the Plan occurred on December 31, 2013 [Docket No. 12939].

LA/1338542.1

## JURISDICTION

7.   This Court has jurisdiction over this Application under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

8.   The statutory bases for the relief requested herein are sections 105(a), 330 and 331 of the Bankruptcy Code.

## MONTHLY AND INTERIM APPLICATIONS COVERED

9.   Attached hereto as **Exhibit A** is a summary of the monthly fee statements filed to date.

10.  Attached hereto as **Exhibit B** is a summary of the five prior interim applications filed by Sitrick in these cases, which covers services rendered and expenses incurred with respect to these matters from August 26, 2010 through November 30, 2011. Total fees and expenses in the amount of $97,686.24 were authorized by Certificate of No Objection (Docket Nos. 10184, 10185, 10186, 10188, and 10865) and recommended in the Fee Examiner's Reports related thereto (Docket Nos. 11396[3],11735, 11736, 12408, and 12409). By this Application, Sitrick requests final approval of the fees in the amount of $97,686.24 previously approved in the previous five interim applications. To date, Sitrick has been paid $97,686.24 by the Debtors.

11.  Attached hereto as **Exhibit C** is a summary of the services rendered and expenses incurred with respect to these matters during the Sixth Fee Period from December 1, 2011 through December 31, 2012. By this Application, Sitrick requests final approval of fees in amount of $537.00 and $13,233.00 for reimbursement of expenses incurred during the Sixth Fee Period.

---

[3] In its *First Interim Fee Application* [Docket No. 10011], Sitrick originally requested $2,694.63 as reimbursement for its actual and necessary expenses. Sitrick has agreed to reduce its request to $2,659.17 in accordance with the Fee Examiner's April 16, 2012 recommendations. *See Fee Examiner's Final Report Regarding the First Interim Fee Apllication of Sitrick and Company* [Docket No. 11396].

LA/1338542.1

**TERMS AND CONDITIONS OF COMPENSATION DURING SIXTH FEE PERIOD**

12. Subject to Bankruptcy Court approval, Sitrick seeks payment on an hourly basis, plus reimbursement of actual, necessary expenses incurred by Sitrick during the Sixth Fee Period. The rates charged by Sitrick in these cases do not differ from the rates charged to the Applicant's non-bankruptcy clients.

13. A summary of the hours spent, the names of each professional rendering services to the Debtors during the Sixth Fee Period, the regular customary billing rates and the total value of time incurred by each of the Sitrick professionals rendering services to the Debtors is attached hereto as **Exhibit D**. A copy of the computer generated time entries reflecting the time recorded for these services is attached hereto as **Exhibit E**.[4] A statement of expenses incurred by Sitrick during the Sixth Fee Period is attached hereto as **Exhibit F**. All time entries and requested expenses are in compliance with the applicable Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

14. All services for which compensation are requested and expenses for which reimbursement are requested are reasonable and necessary and were performed for and on behalf of the Debtors.

**SERVICES PERFORMED**

15. The work performed by Sitrick and the time spent during the Final Fee Period between August 26, 2010 and December 31, 2012 is summarized as follows:

    (a)    Sitrick monitored and analyzed news coverage concerning these Chapter 11 Cases and the Debtors.

---

[4] Sitrick does not typically provide services to its clients in specific categories as other professionals do, such as legal and financial advisors. With the exception of the time that Sitrick has billed or will bill in connection with the preparation of its applications for approval of fees and expenses, all of Sitrick's services fall within the general category of "Corporate Communications Strategy" as more specifically set forth herein.

LA/1338542.1

(b) Sitrick discussed with the Debtors the various news coverage concerning these Chapter 11 Cases and the Debtors.

(c) Sitrick acted as a spokesperson for the Debtors in response to media inquiries from numerous print and broadcast reporters.

(d) Sitrick prepared correspondences for the Debtors in response to media inquiries.

(e) Sitrick worked on media strategy and traveled extensively for various meetings with the Debtors' constituencies.

(f) Sitrick reviewed the docket and various relevant court filings so that it could appropriately address and answer media questions and concerns.

## CALCULATION OF TIME AND FEES

16. This is Sitrick's sixth and final application for compensation for services rendered and reimbursement of expenses. It seeks final allowance and payment of fees incurred during the sixth period from December 1, 2011 through December 31, 2012 and final allowance of fees approved in the previous interim fee applications. All professional services for which compensation is requested herein and all reimbursement for expenses incurred have been for services directly related to the Chapter 11 Cases and were rendered for the benefit of the Debtors. No agreement or understanding exists between Sitrick and any other person for the sharing of compensation received or to be received in connection with these Chapter 11 Cases other than as disclosed or authorized pursuant to sections 327, 328, 330 and 331 of the Bankruptcy Code.

17. As set forth in the attached exhibits, Sitrick's professionals have spent a total of 0.6 hours providing necessary professional services to the Debtors during the Sixth Fee Period. As a result, Sitrick requests final approval for compensation in the amount of $537.00 for actual, necessary professional services performed as set forth in more detail in **Exhibit E**. Sitrick also seeks final approval of $13,233.00 for actual, necessary expenses incurred while providing services to the Debtors during the Sixth Fee Period as set forth in more detail in **Exhibit F**.

LA/1338542.1

18.     In preparing this Sixth and Final Fee Application, the Applicant has calculated the amount of time spent by each professional in performing actual, necessary services for the Debtors. The data used came directly from computer printouts which are kept on each of Sitrick's clients. The hourly rates charged are the hourly rates charged by Sitrick to its non-bankruptcy and bankruptcy clients. Sitrick worked to avoid any duplication of efforts between parties, and in instances where more than one professional billed for a project, there was a need for multiple professional involvement. Multiple representation in analogous circumstances have been approved. *See Berberena v. Coler*, 753 F.2d 629 (7th Cir. 1985); *In re Washington Mfg. Co.*, 101 B.R. 944 (Bankr. M.D. Tenn. 1989); *In re N-Ren Corp.*, 71 B.R. 488 (Bank S.D. Ohio 1987).

19.     No compensation has been promised to Sitrick other than as disclosed or approved by this Court. Sitrick certifies that there is no agreement between it and any other party regarding the sharing of fees except with Sitrick's general partners, and Sitrick has not discussed or negotiated the amount of its fees with any party except its client. Sitrick did not receive a pre-petition retainer from the Debtors.

20.     Sitrick represents that it is and remains a disinterested party and does not hold any adverse relationship with the Debtors' estates.

## NOTICE

21.     Sitrick has provided notice of this Sixth and Final Fee Application to: (a) the Debtors and their counsel; (b) counsel to the Barclays Bank PLC, in its capacity as Lender, Funding Agent, and Administrative Agent; (c) counsel to the Administrative Agent for the Prepetition Lenders; (d) counsel to the Committee; and (e) the Office of the United States Trustee for the District of Delaware.

## NO PRIOR REQUEST

LA/1338542.1

22. No prior request for the relief sought in this Sixth and Final Fee Application has been made to this or any other court.

Dated: February 26, 2013  
      Los Angeles, California

**SITRICK AND COMPANY/LA**

*/s/ Brenda Adrian*

Brenda Adrian  
1840 Century Park East, Suite 800  
Los Angeles, CA 90067  
(310) 788-2850

LA/1338542.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, *et al.*, | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## CERTIFICATION

I, Brenda Adrian certify that:

1. I am a Member of the Firm of Sitrick and Company. This certification is made in support of the *Sixth and Final Fee Application of Sitrick and Company Inc. for Compensation for Services Rendered and Reimbursement of Expenses as Corporate Communications Consultants to the Debtors and Debtors-in-Possession* (the "Sixth and Final Fee Application"), pursuant to 11 U.S.C. §§ 330 and 331. I have read the Sixth and Final Fee Application and know the contents thereof. The same are true to the best of my knowledge.

2. I have read the Sixth and Final Fee Application and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and I certify that the Sixth and Final Fee Application substantially complies with the Local Rules.

Dated: February 26, 2013                **SITRICK AND COMPANY/LA**

*/s/ Brenda Adrian*

Brenda Adrian
1840 Century Park East, Suite 800
Los Angeles, CA  90067
(310) 788-2850

LA/1338852.1