# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |
| | Objection Deadline: March 19, 2013 @ 4:00 p.m. Hearing Date: N/A |

**FORTY-EIGHTH MONTHLY AND FINAL APPLICATION OF ALIXPARTNERS, LLP, FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES PURSUANT TO 11 U.S.C. §§ 330 AND 331**

| | |
|---|---|
| Name of Applicant: | AlixPartners, LLP |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | *Nunc Pro Tunc* to December 19, 2008 |
| Period for which monthly compensation and reimbursement are sought: | December 1, 2012 through December 31, 2012[2] |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347) Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspapers Readers Agency, Inc. (7335); North Michigan Production Company (5466), North Orange Avenue Properties, Inc. (4056), Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] This Application includes estimated fees and expenses incurred after December 31, 2012 (the "Effective Date") primarily for billing-related tasks (e.g., preparation of this Application). AlixPartners reserves the right to request from the Debtors additional fees and expense reimbursement for time incurred and expenses not yet posted at the time of filing this Final Fee Application.

Amount of monthly fees to be approved
as actual, reasonable and necessary:           $84,840.50 (80% = $67,872.40)

Amount of monthly expenses sought
as actual, reasonable and necessary:           $464.40

Period for which final compensation
and reimbursement are sought:                  December 19, 2008 through December 31, 2012[3]

Amount of final fees to be approved
as actual, reasonable and necessary:           $11,489,295.00

Amount of final expenses sought
as actual, reasonable and necessary:           $118,490.60

This is a   _X_ monthly        _____ interim     _X_ final application

---

[3] This Application includes estimated fees and expenses incurred after December 31, 2012 (the "Effective Date") primarily for billing-related tasks (e.g., preparation of this Application). AlixPartners reserves the right to request from the Debtors additional fees and expense reimbursement for time incurred and expenses not yet posted at the time of filing this Final Fee Application.

## PRIOR MONTHLY APPLICATIONS

| Date Filed | Docket No. | Period Covered | Total Fees Requested | Total Expenses Requested | CNO Filed | Fees Approved[4] | Expenses Approved[4] |
|---|---|---|---|---|---|---|---|
| 03/02/09 | 460 | 12/19/08 - 1/31/09 | $ 649,960.75 | $ 11,579.82 | Yes | Yes | Yes |
| 03/30/09 | 828 | 02/1/09 - 02/28/09 | $ 411,917.75 | $ 12,482.08 | Yes | Yes | Yes |
| 04/29/09 | 1104 | 03/1/09 - 03/31/09 | $ 412,954.25 | $ 3,978.64 | Yes | Yes | Yes |
| 05/26/09 | 1240 | 04/1/09 - 04/30/09 | $ 635,338.25 | $ 12,081.96 | Yes | Yes | Yes |
| 06/25/09 | 1630 | 05/1/09 - 05/31/09 | $ 533,933.75 | $ 8,547.74 | Yes | Yes | Yes |
| 07/27/09 | 1834 | 06/1/09 - 06/30/09 | $ 360,490.75 | $ 5,257.53 | Yes | Yes | Yes |
| 08/25/09 | 2015 | 07/1/09 - 07/31/09 | $ 544,657.00 | $ 10,922.39 | Yes | Yes | Yes |
| 09/25/09 | 2233 | 08/1/09 - 08/31/09 | $ 604,033.25 | $ 3,317.57 | Yes | Yes | Yes |
| 10/26/09 | 2432 | 09/1/09 - 09/30/09 | $ 372,528.75 | $ 14,191.13 | Yes | Yes | Yes |
| 11/25/09 | 2636 | 10/1/09 - 10/31/09 | $ 419,020.25 | $ 976.65 | Yes | Yes | Yes |
| 12/28/09 | 2938 | 11/1/09 - 11/30/09 | $ 365,887.00 | $ 318.58 | Yes | Yes | Yes |
| 01/25/10 | 3193 | 12/1/09 - 12/31/09 | $ 351,120.50 | $ 200.08 | Yes | Yes | Yes |
| 02/25/10 | 3535 | 01/1/10 - 01/31/10 | $ 393,054.50 | $ 2,408.32 | Yes | Yes | Yes |
| 03/25/10 | 3854 | 02/1/10 - 02/28/10 | $ 271,360.00 | $ 3,333.39 | Yes | Yes | Yes |
| 04/26/10 | 4162 | 03/1/10 - 03/31/10 | $ 401,797.00 | $ 4,845.85 | Yes | Yes | Yes |
| 05/26/10 | 4618 | 04/1/10 - 04/30/10 | $ 264,338.50 | $ 2,146.52 | Yes | Yes | Yes |
| 06/25/10 | 4884 | 05/1/10 - 05/31/10 | $ 201,818.50 | $ 427.33 | Yes | Yes | Yes |
| 07/26/10 | 5122 | 06/1/10 - 06/30/10 | $ 166,248.50 | $ 1,425.76 | Yes | Yes | Yes |
| 08/25/10 | 5504 | 07/1/10 - 07/31/10 | $ 181,603.00 | $ 20.14 | Yes | Yes | Yes |
| 09/27/10 | 5821 | 08/1/10 - 08/31/10 | $ 237,329.00 | $ 120.12 | Yes | Yes | Yes |
| 10/28/10 | 6161 | 09/1/10 - 09/30/10 | $ 211,663.00 | $ 23.00 | Yes | Yes | Yes |
| 11/26/10 | 6637 | 10/1/10 - 10/31/10 | $ 303,140.50 | $ 119.88 | Yes | Yes | Yes |
| 12/27/10 | 7322 | 11/1/10 - 11/30/10 | $ 276,847.00 | $ 7,594.51 | Yes | Yes | Yes |
| 01/26/11 | 7642 | 12/1/10 - 12/31/10 | $ 141,125.00 | $ 4,585.15 | Yes | Yes | Yes |
| 03/02/11 | 8220 | 01/1/11 - 01/31/11 | $ 189,439.00 | $ 714.98 | Yes | Yes | Yes |
| 03/24/11 | 8496 | 02/1/11 - 02/28/11 | $ 220,364.50 | $ 269.69 | Yes | Yes | Yes |
| 04/26/11 | 8767 | 03/1/11 - 03/31/11 | $ 248,455.00 | $ 3,421.47 | Yes | Yes | Yes |
| 06/01/11 | 9034 | 04/1/11 - 04/30/11 | $ 130,478.50 | $ 110.25 | Yes | Yes | Yes |
| 06/28/11 | 9377 | 05/1/11 - 05/31/11 | $ 169,194.00 | $ 5,796.65 | Yes | Yes | Yes |
| 07/26/11 | 9555 | 06/1/11 - 06/30/11 | $ 114,364.00 | $ 2,188.09 | Yes | Yes | Yes |
| 08/30/11 | 9725 | 07/1/11 - 07/31/11 | $ 132,317.50 | $ 179.54 | Yes | Yes | Yes |
| 09/28/11 | 9841 | 08/1/11 - 08/31/11 | $ 143,269.50 | $ - | Yes | Yes | Yes |
| 10/31/11 | 10129 | 09/1/11 - 09/30/11 | $ 130,633.00 | $ 9.25 | Yes | Yes | Yes |
| 11/29/11 | 10312 | 10/1/11 - 10/31/11 | $ 118,735.00 | $ - | Yes | Yes | Yes |
| 12/27/11 | 10513 | 11/1/11 - 11/30/11 | $ 149,873.50 | $ 43.65 | Yes | Yes | Yes |
| 02/03/12 | 10842 | 12/1/11 - 12/31/11 | $ 90,506.50 | $ 2,732.13 | Yes | Yes | Yes |

---

[4] Less voluntary reduction per agreement with the fee examiner.

| Date Filed | Docket No. | Period Covered | Total Fees Requested | Total Expenses Requested | CNO Filed | Fees Approved[4] | Expenses Approved[4] |
|---|---|---|---|---|---|---|---|
| 03/13/12 | 11147 | 01/1/12 - 01/31/12 | $ 119,445.50 | $ 84.22 | Yes | Yes | Yes |
| 04/04/12 | 11315 | 02/1/12 - 02/29/12 | $ 106,797.75 | $ 964.00 | Yes | Yes | Yes |
| 05/07/12 | 11549 | 03/1/12 - 03/31/12 | $ 95,366.75 | $ 2,289.63 | Yes | Yes | Yes |
| 05/31/12 | 11730 | 04/1/12 - 04/30/12 | $ 69,868.50 | $ - | Yes | Yes | Yes |
| 07/06/12 | 11950 | 05/1/12 - 05/31/12 | $ 82,829.50 | $ - | Yes | Yes | Yes |
| 07/31/12 | 12135 | 06/1/12 - 06/30/12 | $ 66,965.00 | $ 31.90 | Yes | Pending | Pending |
| 08/24/12 | 12337 | 07/1/12 - 07/31/12 | $ 56,345.50 | $ 4.61 | Yes | Pending | Pending |
| 09/25/12 | 12461 | 08/01/12 - 08/31/12 | $ 101,187.50 | $ 1.98 | Yes | Pending | Pending |
| 10/25/12 | 12632 | 09/01/12 - 09/30/12 | $ 55,602.00 | $ 44.77 | Yes | Pending | Pending |
| 11/29/12 | 12781 | 10/01/12 - 10/31/12 | $ 72,075.00 | $ 96.66 | Yes | Pending | Pending |
| 01/04/13 | 12971 | 11/1/12 - 11/30/12 | $ 46,016.50 | $ - | Yes | Pending | Pending |

# FINAL COMPENSATION BY INDIVIDUAL

| Name | Description of Function | 2008-2009 | 2010 | 2011 | 2012 | Total Hours | Total Compensation |
|---|---|---|---|---|---|---|---|
| Cohen, Matthew | Managing Director | | $710.00 | | | 2.0 | $ 1,420.00 |
| Den Uyl, R Bruce | Managing Director | $835.00 | $860.00 | $895.00 | $920.00 | 422.1 | $ 355,940.00 |
| Holtz, Alan | Managing Director | $790.00 | $820.00 | $855.00 | $920.00 | 783.4 | $ 633,454.74 |
| Lee, Alan B | Managing Director | $790.00 | | | | 2.0 | $ 1,580.00 |
| Murphy, Michael P | Managing Director | $790.00 | $820.00 | $855.00 | | 432.3 | $ 345,241.92 |
| Carmody, Kevin M | Managing Director | $685.00 | | | | 209.7 | $ 143,644.50 |
| Brown, Marc J | Director | $595.00 | $620.00 | | | 132.9 | $ 79,093.00 |
| Chiu, Kevin | Director | $510.00 | | | | 134.4 | $ 68,544.00 |
| Haftl, Michael | Director | $595.00 | $620.00 | | | 35.6 | $ 21,194.50 |
| Hall, Brad | Director | $595.00 | $620.00 | $645.00 | $665.00 | 3,936.6 | $ 2,443,677.84 |
| Hsu, Allan | Director | | | | $665.00 | 5.5 | $ 3,657.50 |
| LaBella, John C | Director | | | $645.00 | | 4.6 | $ 2,967.00 |
| Lee, Harold Y | Director | $510.00 | $530.00 | | | 1,757.8 | $ 903,348.50 |
| Renshaw, Sean | Director | | $620.00 | | $760.00 | 12.2 | $ 7,928.00 |
| Ruik, Mark F | Director | $510.00 | $530.00 | $560.00 | $620.00 | 2,527.5 | $ 1,328,876.00 |
| Deligtisch, Alexander T | Vice President | | $470.00 | | | 5.3 | $ 2,491.00 |
| Kopa, Jeffrey W | Vice President | $395.00 | | | | 41.8 | $ 16,511.00 |
| Lack, Jeffrey L | Vice President | $380.00 | $395.00 | | | 742.4 | $ 286,567.50 |
| May, Allison | Vice President | $395.00 | | | | 182.5 | $ 72,067.75 |
| Ray, Steve D | Vice President | | | | $390.00 | 0.5 | $ 195.00 |
| Wheeler, Robin | Vice President | $450.00 | | | | 2.0 | $ 900.00 |
| Leung, Albert | Vice President, Director ('10 - '12) | $450.00 | $530.00 | $560.00 | $620.00 | 6,322.5 | $ 3,323,398.00 |
| Kim, Young | Vice President, Director ('12) | $450.00 | $470.00 | $490.00 | $620.00 | 1,516.4 | $ 709,456.00 |
| Chowdhury, Kali | Associate | $365.00 | | | | 150.6 | $ 54,969.00 |
| Demyanovich, Joseph | Associate | | | | $190.00 | 0.5 | $ 95.00 |
| Galbraith, Kristina | Associate | | | | $305.00 | 4.2 | $ 1,281.00 |
| Gust, Andrew | Associate | $265.00 | | | | 13.8 | $ 3,657.00 |
| Janovsky, Adam M | Associate | $295.00 | $320.00 | | | 1,036.4 | $ 306,155.75 |
| Macumber, Stacey | Associate | | | | $230.00 | 0.3 | $ 73.00 |
| Peitz, Tristan | Associate | $295.00 | $320.00 | | | 196.7 | $ 58,514.00 |
| Peterson, Mark V | Associate | | | | $310.00 | 1.6 | $ 496.00 |
| Piotrowski, Stefan | Associate | $295.00 | | | | 15.4 | $ 4,543.00 |
| Sam, Quinton | Associate | | | | $190.00 | 2.0 | $ 380.00 |
| Tymowski, Adam | Associate | $365.00 | $380.00 | | | 56.2 | $ 20,547.25 |
| Winkelman, G. Lute | Associate | $365.00 | | | | 6.8 | $ 2,482.00 |
| Rubel, Christopher | Associate, Vice President ('11-'12) | $295.00 | $320.00 | $415.00 | $455.00 | 1,507.3 | $ 464,647.75 |
| Ko, Stephanie | Associate, Vice President ('12) | | $280.00 | | $455.00 | 6.5 | $ 2,082.50 |
| Postlewait, Deanna J | Analyst | $235.00 | $245.00 | | | 28.0 | $ 6,610.00 |
| Bednarek, Catherine M | Paraprofessional | $170.00 | | | | 3.0 | $ 510.00 |
| Braverman, Jennifer | Paraprofessional | $170.00 | $ 80.00 | $ 80.00 | | 87.3 | $ 13,890.00 |
| Green, Erin | Paraprofessional | $170.00 | | | | 19.3 | $ 3,272.50 |
| Laney, Patrick | Paraprofessional | $215.00 | | | | 13.5 | $ 2,902.50 |
| Maynard, Robert | Paraprofessional | | | | $190.00 | 0.5 | $ 95.00 |
| Van Slyke, Shelly | Paraprofessional | | | | $245.00 | 4.0 | $ 980.00 |
| **Subtotal Professional Hours and Fees** | | | | | | **22,365.7** | **$ 11,700,337.00** |

Adjustments
Less 50% for fees related to travel time    $ (222,600.25)
Less voluntary fee reductions per agreement with the fee examiner    $ (17,841.75)
Post-effective date hours for billing related tasks    $ 29,400.00
**Total Professional Fees Requested**    **$ 11,489,295.00**

Average blended rate    $ 512.67

5

## FINAL COMPENSATION BY PROJECT CATEGORY

| Project Code | Project Categories | Total Hours | Total Compensation |
|---|---|---|---|
| 5735.00001 | Business Analysis | 476.7 | $        258,839.00 |
| 5735.00002 | Cash Management | 412.2 | 228,088.00 |
| 5735.00003 | Financing | 135.6 | 76,797.00 |
| 5735.00004 | Current Financials | 5,397.4 | 2,931,534.00 |
| 5735.00005 | Prospective Financials | 2,144.7 | 1,194,677.50 |
| 5735.00006 | Vendor Issues | 139.6 | 78,656.00 |
| 5735.00007 | Employee Issues | 1,369.2 | 777,760.00 |
| 5735.00008 | Plan of Reorganization | 1,294.8 | 762,874.00 |
| 5735.00009 | Executory Contracts | 149.2 | 79,456.00 |
| 5735.00010 | Claims & Recoveries | 317.8 | 178,246.00 |
| 5735.00011 | Misc. Motions | 207.5 | 115,005.00 |
| 5735.00012 | Asset Sales | 93.3 | 51,921.50 |
| 5735.00014 | Avoidance Actions | 7,224.3 | 3,180,148.50 |
| 5735.00015 | UCC Meetings | 907.2 | 585,656.50 |
| 5735.00016 | Litigation Hold | 183.9 | 112,304.50 |
| 5735.00017 | Billing and Retention | 992.8 | 548,568.50 |
| 5735.00018 | Travel Time | 751.4 | 445,200.50 |
| 5735.00020 | Planning, Supervision and Review | 168.2 | 94,604.50 |
| **Subtotal Professional Hours and Fees** | | **22,365.7** | $   **11,700,337.00** |

Adjustments

| | |
|---|---|
| Less 50% for fees related to travel time | (222,600.25) |
| Less voluntary fee reductions per agreement with the fee examiner | (17,841.75) |
| Post-effective date hours for billing related tasks | 29,400.00 |
| **Total Professional Fees Requested** | $  **11,489,295.00** |

| | |
|---|---|
| Average blended rate | $        512.67 |

6

## FINAL EXPENSE SUMMARY BY CATEGORY

| Expense Categories | Total Expenses |
|---|---|
| Airfare and Related | $57,312.79 |
| Cabfare | 16,954.69 |
| Computer Assisted Research | 3,152.79 |
| Copies and Presentation Material | 2,483.96 |
| Lodging | 29,384.86 |
| Meals | 10,280.38 |
| Mileage | 269.20 |
| Parking and Tolls | 3,440.79 |
| Rental Car | 429.90 |
| Trainfare | 364.00 |
| Other | 6,279.05 |
| **Total Expenses Incurred** | **$130,352.41** |
| | |
| Less voluntary reductions per agreement with the fee examiner | (11,861.81) |
| **Total Expenses Requested** | **$118,490.60** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.[5] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |
| | Objection Deadline: March 19, 2013 @ 4:00 p.m.<br>Hearing Date: N/A |

## FORTY-EIGHTH MONTHLY AND FINAL APPLICATION OF ALIXPARTNERS, LLP, FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES PURSUANT TO 11 U.S.C. §§ 330 AND 331

AlixPartners, LLP ("AlixPartners"), financial advisor to the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"), hereby submits this Forty-Eighth Monthly and Final Application of AlixPartners, LLP, financial advisor to the Official Committee of Unsecured Creditors, for Compensation and Reimbursement of Expenses Pursuant to 11 U.S.C. §§ 330 and 331 (the "Application") for services performed during the period commencing December 1, 2012 through

[5] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); foresalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347) Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspapers Readers Agency, Inc. (7335); North Michigan Production Company (5466), North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

and including December 31, 2012 as well as fees and expenses incurred after December 31, 2012

for performing billing-related tasks (the "Monthly Application Period"); and for final approval of

compensation for services performed during the period commencing December 19, 2008 through

and including December 31, 2012 as well as fees and expenses incurred after December 31, 2012

for performing billing-related tasks (the "Final Application Period"). In support thereof,

AlixPartners respectfully represents as follows.

## BACKGROUND

1.     On December 8, 2008, (the "Petition Date"), the Debtors commenced these

bankruptcy cases by each filing a voluntary petition for relief under Chapter 11 of Title 11 of the

United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in the United States

Bankruptcy Court for the District of Delaware (the "Court").

2.     The Debtors continue to operate their businesses and manage their properties as

debtors-in-possession pursuant to Bankruptcy Code Sections 1107 and 1108.

3.     On December 18, 2008, the Office of the United States Trustee for the District of

Delaware (the "United States Trustee") appointed the Committee, and on December 19, 2008,

the Committee selected AlixPartners to serve as its financial advisor.

4.     On February 20, 2009, this Court entered an order authorizing the employment

and retention of AlixPartners as financial advisor to the Committee *nunc pro tunc* to

December 19, 2008.

5.     On March 19, 2009, the Court entered an order appointing Stuart Maue as fee

examiner for these chapter 11 cases *nunc pro tunc* to February 20, 2009.

6.     On August 14, 2009, Stuart Maue submitted its Fee Examiner's Final Report

Regarding First Interim Fee Application of AlixPartners, LLP.

7.      On March 23, 2010, Stuart Maue submitted its Fee Examiner's Final Reports Regarding the Second and Third Interim Fee Applications of AlixPartners, LLP.

8.      On August 18, 2010, Stuart Maue submitted its Fee Examiner's Final Report Regarding the Fourth Interim Fee Application of AlixPartners, LLP.

9.      On February 10, 2011, Stuart Maue submitted its Fee Examiner's Final Report Regarding the Fifth Interim Fee Application of AlixPartners, LLP.

10.      On August 5, 2011, Stuart Maue submitted its Fee Examiner's Final Reports Regarding the Sixth and Seventh Interim Fee Applications of AlixPartners, LLP.

11.      On March 12, 2012, Stuart Maue submitted its Fee Examiner's Final Report Regarding the Eighth Interim Fee Application of AlixPartners, LLP.

12.      On June 6, 2012, Stuart Maue submitted its Fee Examiner's Final Report Regarding the Ninth Interim Fee Application of AlixPartners, LLP.

13.      On June 11, 2012, Stuart Maue submitted its Fee Examiner's Final Report Regarding the Tenth Interim Fee Application of AlixPartners, LLP.

14.      On August 31, 2012, Stuart Maue submitted its Fee Examiner's Final Report Regarding the Eleventh Interim Fee Application of AlixPartners, LLP.

15.      On October 24, 2012, Stuart Maue submitted its Fee Examiner's Final Report Regarding the Twelfth Interim Fee Application of AlixPartners, LLP.

16.      On December 19, 2012, Stuart Maue submitted its Fee Examiner's Final Report Regarding the Thirteenth Interim Fee Application of AlixPartners, LLP.

17.    On January 17, 2013, Stuart Maue submitted its Fee Examiner's Final Report Regarding the Fourteenth Interim Fee Application of AlixPartners, LLP.[6]

## JURISDICTION AND VENUE

18.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (M).

19.    The statutory bases for relief requested herein are Bankruptcy Code Sections 105(a), 330 and 331.

## TERMS AND CONDITIONS OF COMPENSATION OF ALIXPARTNERS

20.    Subject to Court approval, AlixPartners seeks payment for compensation on an hourly basis, plus reimbursement of actual, necessary expenses incurred by AlixPartners during the Monthly Application Period and Final Application Period. The hourly rates charged by AlixPartners in these cases are consistent with the rates charged to AlixPartners' non-bankruptcy clients.

21.    A summary of the hours spent, the names of each professional rendering services to the Committee during the Monthly Application Period, the regular customary billing rates and the total value of time incurred by each of the AlixPartners professionals rendering services to the Committee is attached hereto as **Exhibit "A"**. A copy of the computer-generated time entries reflecting the time recorded for these services, organized in project billing categories in accordance with the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "Guidelines"),

---

[6] The fee examiner has not yet reviewed the fees and expenses of AlixPartners for the last two interim periods. AlixPartners seeks allowance of the total fees and expenses, subject to what AlixPartners may agree with regard to any fee examiner adjustments.

is attached hereto as **Exhibit "B".** A statement of expenses incurred by AlixPartners during the Monthly Application Period is attached hereto as **Exhibit "C".** All time entries and requested expenses are in compliance with Local Rule 2016-2.[7]

22.     On January 15, 2009, this Court entered the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Administrative Order").  Pursuant to the Administrative Order, AlixPartners and other professionals retained in these cases are authorized to file and to serve upon the Debtors and the parties identified in the Administrative Order monthly fee applications (each a "Monthly Fee Application") of their fees and expenses.  After the expiration of a twenty (20) day objection period, the Debtors are authorized to promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee Application, unless an objection has been lodged against specific fees and/or expenses, or the Court orders otherwise.

23.     On July 23, 2012, this Court entered an Order Confirming Fourth Amended Joint Plan of Reorganization for the Tribune Company and Its Subsidiaries Proposed by the Debtors, *et. al.* (the "Plan").

24.     On January 10, 2013, the Debtors' counsel notified AlixPartners and other professionals that (i) conditions precedent to the Plan have been satisfied or waived and the Effective Date occurred on December 31, 2012, and (ii) a fee application combining both the last Monthly Fee Application and the final fee application (the "Monthly and Final Fee Application") must be filed by March 1, 2013, pursuant to the Plan.

---

[7] AlixPartners has also attempted to ensure that this Application complies with the Guidelines. To the extent that the Guidelines conflict with local rules, in particular, Local Rule 2016-2, AlixPartners has chosen to comply with such local rule. AlixPartners will supplement this Application with additional detail or information upon request.

25.     In accordance with the Administrative Order, AlixPartners has filed and served upon the Debtors and other parties identified in the Administrative Order this Application with respect to fees incurred during (i) the Monthly Application Period inclusive of fees and expenses incurred after the Effective Date primarily for billing-related tasks; to wit, fees in the amount of $84,840.50 and expenses in the amount of $464.40, and (ii) the Final Application Period inclusive of fees and expenses incurred after the Effective Date primarily for billing-related tasks; to wit, fees in the amount of $11,489,295.00 and expenses in the amount of $118,490.60.

26.     All services and costs for which compensation is requested by AlixPartners in this Application were reasonable and necessary and were performed for and on behalf of the Committee during the Monthly Application Period and the Final Application Period.

## CASE STATUS

27.     To the best of AlixPartners' knowledge, the Debtors' monthly operating reports contain up-to-date information regarding the amount of cash on hand or on deposit in the Debtors' estates, the Debtors' operating profits or losses, and the amount of unencumbered funds in the Debtors' estates.

28.     To the best of AlixPartners' knowledge, the Debtors have paid to the United States Trustee their initial quarterly fees and have filed their monthly operating reports for all fiscal periods through December 30, 2012.

## NARRATIVE SUMMARY OF SERVICES
## RENDERED ON A PROJECT SUMMARY BASIS

29.     All of the professional services that AlixPartners rendered to the Committee during the Monthly Application Period are set forth in detail in **Exhibit "B"** segregated

according to project billing categories pursuant to the Guidelines.[8]  A brief description of certain

services deserving specific mention are highlighted below, by project category:

**(A)    Current Financials:** **(Total Hours: 21.30; Total Fees: $13,593.00)**

30.    Among other services provided in this category during the Monthly Application

Period, AlixPartners reviewed and analyzed the Debtors' historical and current financial

statements, operating statistics and management operating reports. AlixPartners prepared weekly

presentations to the Committee on cash flow and operating performance.

**(B)    Plan of Reorganization:** **(Total Hours: 20.60; Total Fees: $13,673.50)**

31.    Among other services provided in this category during the Monthly Application

Period, AlixPartners reviewed and analyzed issues related to the Plan, such as methods of cash

distribution upon emergence and potential sale of the newspaper business.    In addition,

AlixPartners drafted a memorandum on the cost of exit financing.

**(C)    Claims and Recoveries:** **(Total Hours: 4.90; Total Fees: $3,200.00)**

32.    Among other services provided in this category during the Monthly Application

Period, AlixPartners reviewed claims and distribution updates from the Debtors' advisor.

**(D)    UCC Meetings:** **(Total Hours: 1.90; Total Fees; $1,263.50)**

33.    Among other services provided in this category during the Monthly Application

Period, AlixPartners participated in the discussion with and made a presentation to the

Committee regarding the Debtors' emergence date.

**(E)    Litigation Hold:** **(Total Hours: 26.10; Total Fees: $15,123.00)**

34.    Among other services provided in this category during the Monthly Application

Period, AlixPartners performed reviews of documents to be produced to the Litigation Trustee

---

[8] Narrative summaries of services rendered in prior monthly application periods and detailed time entries are included in those monthly applications and are not repeated here.

under the Plan.

        (F)    **Billing and Retention:  (Total Hours:  13.80; Total Fees: $8,587.50)**

35.    Among other services provided in this category during the Monthly Application Period, AlixPartners prepared and filed its Forty-Seventh Monthly Fee Application.

## COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

36.    During the Monthly Application Period, AlixPartners expended 88.6 hours in furtherance of its efforts on behalf of the Committee. AlixPartners requests allowance and payment of compensation in the amount of $55,440.50 for services rendered during the Monthly Application Period pursuant to the Administrative Order before the Effective Date.  AlixPartners expended an estimated 45.0 hours after the Effective Date primarily for billing-related tasks, and therefore, requests allowance and payment of compensation in the estimated amount of $29,400.00; to wit, AlixPartners requests allowance of professional fees totaling $84,840.50. Pursuant to the Administrative Order, AlixPartners requests payment of 80% of this requested amount, or $67,872.40.

37.    During the Final Compensation Period, AlixPartners expended 22,365.7 hours in furtherance of its efforts on behalf of the Committee.  AlixPartners requests final allowance of compensation in the amount of $11,489,295.00

38.    AlixPartners seeks reimbursement of its reasonable, necessary and actual expenses incurred during the Monthly Application Period in the total amount of $464.40. AlixPartners further seeks approval of all expenses incurred during the Final Application Period in the amount of $118,490.60.

39.    AlixPartners requests that the Court enter an order finally approving all fees and expenses incurred by AlixPartners during the Final Application Period; to wit, fees totaling

$11,489,295.00 and expenses totaling $118,490.60 (collectively, the "Allowed Fees and Expenses"). Through the date of this Application, AlixPartners has been approved for fees totaling $11,324,816.20 and expenses totaling $118,025.80 (as such may increase by virtue of interim payments prior to the hearing on this Application, the "Amounts Approved"). Accordingly, AlixPartners requests that this Court enter an order granting this Application and directing the prompt payment of all Allowed Fees and Expenses to AlixPartners, less Amounts Approved that have been already paid.

## LEGAL STANDARD

40.    Bankruptcy Code Section 330(a)(1) allows the payment of:

> (A)    reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B)    reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1). Reasonableness of compensation is driven by the "market-driven approach" which considers the nature, extent and value of services provided by the professional and the cost of comparable services in non-bankruptcy contexts. See Zolfo Cooper & Co. v. Sunbeam-Oster Co., 50 F.3d 253, 258 (3d Cir. 1995); In re Busy Beaver Building Ctr., Inc., 19 F.3d 833, 849 (3d Cir. 1994). Thus, the "baseline rule is for firms to receive their customary rates." Zolfo Cooper, 50 F.3d at 259.

41.    In accordance with its practices in both bankruptcy and non-bankruptcy matters, AlixPartners has calculated its compensation requested in this Application by applying its standard hourly rates to the number of hours worked. AlixPartners' calculation is based upon hourly rates that are well within the range of rates that are charged by comparable firms in

similar bankruptcy cases.    Accordingly, AlixPartners' rates should be determined to be reasonable under Bankruptcy Code Section 330.

42.    AlixPartners' fees during the Monthly Application Period and Final Application Period are also reasonable under the prevailing legal standard and should be allowed. The amount of these fees is not unusual given the complexity and size of the Debtors' chapter 11 cases. AlixPartners' fees are commensurate with fees that other financial advisors of comparable experience and expertise have charged and been awarded in similar chapter 11 cases. Accordingly, AlixPartners' fees are reasonable pursuant to Bankruptcy Code Section 330.

43.    Bankruptcy Code Section 330(a)(1)(B) permits reimbursement for actual, necessary expenses.  AlixPartners' expenses incurred during the Monthly Application Period and Final Application Period are set forth in this Application and constitute only those necessary expenses that were incurred for the benefit of the Debtors' estates. AlixPartners has properly requested reimbursement of only actual, necessary and appropriate expenses.

44.    Except as permitted by Rule 2016 of the Federal Rules of Bankruptcy Procedure, no agreement or understanding exists between AlixPartners and/or any third person for the sharing or division of compensation.  All of the services for which compensation is requested in this Application were rendered at the request of and solely on behalf of the Committee.

45.    Pursuant to the standards set forth in Bankruptcy Code Sections 330 and 331, AlixPartners submits that the compensation requested is for actual and necessary services and expenses, and is reasonable, based upon the nature, extent and value of such services, the time spent thereon, and the costs of comparable services in a case under the Bankruptcy Code.

46.    The time records annexed to this Application constitute only a general statement of the services rendered and time expended without description of the pressure and constraints

under which AlixPartners actually rendered these services. The considerable challenges of these cases have been attended to and managed by AlixPartners at all levels, promptly, expertly and often to the exclusion of other matters in AlixPartners' office. AlixPartners submits, therefore, that its fees and expenses were actual, necessary, reasonable and justified, and should be allowed in full.

### NOTICE AND NO PRIOR APPLICATION

47.    An examiner has been appointed in these chapter 11 cases. Notice of this Application has been given to: (a) the Debtors; (b) counsel to the Debtors; (c) the United States Trustee; and (d) all parties required by the Administrative Order to be given notice. In light of the nature of the relief requested herein, AlixPartners submits that no further or other notice is required.

48.    No previous application for the relief sought herein has been made to this or any other Court.

WHEREFORE, AlixPartners respectfully requests that the Court enter an order approving the following:

     (i)    Interim Allowance in the sum of $84,840.50 as compensation for necessary professional services rendered to the Committee, and in the sum of $464.40 as reimbursement of actual necessary costs and expenses incurred during the Monthly Application Period;

     (ii)    Final Allowance in the sum of $11,489,295.00 as compensation for necessary professional services rendered to the Committee, and in the sum of $118,490.60 for reimbursement of actual necessary costs and expenses incurred during the Final Application Period;

     (iii)    Such other and further relief as this Court may deem just and proper.

Dated: February 27, 2013          **ALIXPARTNERS, LLP**
      Wilmington, Delaware

Alan D. Holtz
Managing Director
40 West 57th Street
New York, NY 10019
Telephone: (646) 746-2497

*Financial Advisor to the Official Committee
of Unsecured Creditors*