## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08- 13141 (KJC) |
| Reorganized Debtors. | (Jointly Administered)<br>**Objection Date: March 19, 2013**<br>**Hearing Date: TBD** |

## FORTY-EIGHTH MONTHLY AND FINAL APPLICATION OF ALVAREZ & MARSAL NORTH AMERICA, LLC FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES IN THEIR CAPACITY AS RESTRUCTURING ADVISORS TO THE REORGANIZED DEBTORS FOR THE MONTHLY PERIOD DECEMBER 1, 2012 THROUGH DECEMBER 30, 2012 AND THE FINAL FEE PERIOD FROM DECEMBER 8, 2008 THROUGH DECEMBER 30, 2012

| | |
|---|---|
| Name of Applicant: | Alvarez & Marsal North America, LLC |
| Authorized to provide professional services to: | Debtors |
| Date of Retention: | February 13, 2009 effective as of December 8, 2008 |

---

[1]The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352): Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362);Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088): WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

Period for which Monthly Compensation
and Reimbursement is Sought:                    December 1, 2012 through December 30, 2012

Amount of Monthly Compensation Sought
As Actual Reasonable and Necessary:             $918,740.00

Amount of Monthly Expense
Reimbursement Sought As Actual,
Reasonable and Necessary:                       $13,576.63

Period for Which Final Compensation
and Reimbursement is Sought:                    December 8, 2008 through December 30, 2012

Amount of Final Compensation Sought as
Actual, Reasonable, and Necessary:              $29,533,056.05[2]

Amount of Final Expense Reimbursement
Sought As Actual, Reasonable
and Necessary:                                  $150,601.34[3]


This is a:      _X_ monthly ___ interim  _X__ final application.


Requested Payment Amount for the Forty-Eighth Monthly Fee Period:

Fees at 80%                    $ 734,992.00

Expenses at 100%              $   13,576.63

Total:                       $ 748,568.63

---

[2] The amount of final compensation sought by A&M is equal to the sum of all fees previously approved by this Court for A&M's First Quarterly Fee Application Request through the Fourteenth Quarterly Fee Application Request, plus the fees requested by A&M in its Fifteenth Quarterly Fee Application Request and Sixteenth Quarterly Fee Application Request, and Forty-Eighth Monthly Fee Application.

[3] The amount of final expense reimbursement sought by A&M is equal to the sum of all expenses previously approved by this Court for A&M's First Quarterly Fee Application Request through the Fourteenth Quarterly Fee Application Request, plus the expenses requested by A&M in its Fifteenth Quarterly Fee Application Request and Sixteenth Quarterly Fee Application Request, and Forty-Eighth Monthly Fee Application.

**Prior Applications**

| Quarter | Date Filed | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|---|
| | | | Fees | Expenses | Fees | Expenses |
| 1 | 4/15/2009 | 12/8/08-2/28/2009 | $2,812,156.00 | $26,044.78 | $2,796,501.65 | $22,534.43 |
| 2 | 7/10/2009 | 3/1/2009-5/31/2009 | $3,064,212.50 | $26,710.50 | $3,055,651.65 | $22,317.71 |
| 3 | 10/15/2009 | 6/1/2009-8/31/2009 | $1,946,213.50 | $16,148.81 | $1,937,557.50 | $13,975.46 |
| 4 | 1/14/2010 | 9/1/2009-11/30/2009 | $1,629,030.50 | $5,315.73 | $1,628,919.50 | $5,000.46 |
| 5 | 4/14/2010 | 12/1/2009-2/28/2010 | $1,685,927.50 | $7,439.98 | $1,685,020.00 | $7,242.51 |
| 6 | 7/8/2010 | 3/1/2010-5/31/2010 | $1,494,361.00 | $4,600.57 | $1,494,376.00 | $4,478.67 |
| 7 | 10/14/2010 | 6/1/2010-8/3/2010 | $1,587,386.50 | $1,034.59 | $1,587,319.00 | $1,034.59 |
| 8 | 1/14/2011 | 9/1/2010-11/30/2010 | $1,567,691.00 | $7,013.29 | $1,566,671.50 | $6,563.03 |
| 9 | 4/13/2011 | 12/1/2010-2/28/2011 | $1,580,398.00 | $5,603.60 | $1,579,057.25 | $5,271.80 |
| 10 | 7/13/2011 | 3/1/2011-5/31/2011 | $1,249,082.00 | $18,218.10 | $1,248,073.00 | $15,889.71 |
| 11 | 10/12/2011 | 6/1/2011-8/31/2011 | $944,255.00 | $1,509.91 | $943,586.00 | $1,509.91 |
| 12 | 1/13/2012 | 9/1/2011-11/30/2011 | $958,186.00 | $1,661.56 | $957,327.50 | $1,661.56 |
| 13 | 4/13/2012 | 12/1/2011-2/29/2012 | $1,182,330.00 | $1,190.26 | $1,181,261.00 | $1,118.67 |
| 14 | 7/16/2012 | 3/1/2012-5/31/2012 | $1,638,111.00 | $3,995.94 | $1,635,272.00 | $3,989.86 |
| 15 | 10/11/2012 | 6/1/2012-8/31/2012 | $2,999,879.50 | $22,115.22 | | |
| 16 | 1/24/2013 | 9/1/2012-11/30/2012 | $2,317,843.00 | $2,321.12 | | |

A complete listing of all Monthly Fee Applications and Quarterly Fee Application Requests, together with the certifications of counsel, reports of the Fee Examiner, and orders of this Court relating to the same are provided in <u>Attachment E</u> to this Application.

**Attachment A**

## FEE SUMMARY FOR THE PERIOD FROM
## DECEMBER 1, 2012 THROUGH DECEMBER 30, 2012

| Name of Professional | Position | Rate | Total Hours | Total Fees (Prior to Holdback) |
|---|---|---|---|---|
| Brian Whittman | Managing Director | $700 | 172.7 | $120,890.00 |
| Laureen Ryan | Managing Director | $700 | 21.8 | $15,260.00 |
| Mark Spittell | Senior Director | $790 | 0.9 | $711.00 |
| Justin Schmaltz | Senior Director | $600 | 187.5 | $112,500.00 |
| John Forte | Senior Director | $575 | 24.6 | $14,145.00 |
| Richard Stone | Director | $500 | 253.7 | $126,850.00 |
| Mark Zeiss | Director | $450 | 6.4 | $2,880.00 |
| Jodi Ehrenhofer | Director | $425 | 248.2 | $105,485.00 |
| Bradley Boudouris | Manager | $425 | 20.9 | $8,882.50 |
| Damon Busse | Manager | $425 | 29.5 | $12,537.50 |
| James Brennan | Manager | $425 | 5.7 | $2,422.50 |
| Matthew Frank | Sr. Associate | $425 | 202.9 | $86,232.50 |
| Prasant Gandipali | Sr. Associate | $425 | 187.8 | $79,815.00 |
| Alexander Gershner | Sr. Associate | $375 | 27.8 | $10,425.00 |
| Adam Buchler | Sr. Associate | $350 | 22.1 | $7,735.00 |
| Mark Berger | Associate | $375 | 28.2 | $10,575.00 |
| Matthew Williams | Consultant | $375 | 170.5 | $63,937.50 |
| Diego Torres | Analyst | $325 | 237.1 | $77,057.50 |
| Dwight Hingtgen | Analyst | $300 | 198.6 | $59,580.00 |
| Mary Napoliello | Paraprofessional | $195 | 4.2 | $819.00 |
| **Total** | | | **2,051.1** | **$918,740.00** |
| | Blended Rate $447.93 | | | |

4

## SUMMARY OF TIME & FEES BY MATTER CODE
## DECEMBER 1, 2012 THROUGH DECEMBER 30, 2012

| Matter Code | Description | Total Hours | Total Fees Requested |
|---|---|---|---|
| Accounting | Address accounting cut-off issues and liabilities subject to compromise. | 75.7 | $32,590.00 |
| AP/Vendor Issues | Accounts Payable, Vendor, and Payroll issues other than those related to contracts. | 48.3 | $21,695.00 |
| Avoidance Actions | Assist the Debtors and their counsel with analyzing information associated with potential causes of action under sections 547 and 548 of the bankruptcy code. | 56.5 | $25,205.00 |
| Cash Flow | Assist the Debtors with preparation of the cash management motion, preparation of cash flow forecasts and budget vs. actual, reporting on cash results to various constituents, and addressing treasury management issues. | 1.8 | $1,260.00 |
| Claims | Prepare for the claims bar date and reviewing claims filed against the Debtor. | 756.3 | $305,385.00 |
| Communication | Work related to Communication Documents and Call Center. | 25.8 | $16,190.00 |
| Contract | Assist the Debtors with analyzing their executory contracts to determine candidates for assumptions, rejection, and renegotiation, with negotiating key customer and supplier contracts, and with the analysis of contract rejection claims. | 67.7 | $27,720.00 |
| Creditor | Prepare for and attend meetings or calls with secured or unsecured creditors and their advisors on matters other than information requests. | 32.5 | $19,610.00 |
| Employee | Assist the Debtors with employee communications, development of severance and retention plans, and related matters. | 0.7 | $490.00 |
| Fee Application | Preparation of monthly and interim fee applications in accordance with court guidelines. | 12.6 | $3,719.00 |
| Financing | Assist Debtors in obtaining Exit Financing, reviewing and negotiating loan documents, and responding to related due diligence requests. | 98.8 | $53,250.00 |
| Leases and Real Estate | Assist the Debtors with determination of potential leases to assume or reject, analysis of cure costs, and establishing real estate holding companies. | 3.4 | $2,105.00 |
| Litigation Trust Valuation | This category represents time spent working at the direction of the Debtors' counsel on a valuation of causes of action to be transferred to the litigation trust in accordance with the terms of the plan of reorganization. | 92.4 | $50,617.50 |
| Monthly Operating Report | Assist the Debtors with the preparation of the Monthly Operating Report and related matters for the US Trustee. | 0.4 | $280.00 |
| Operations | Assist the Debtors with various matters associated with implementing their business plan. | 1.7 | $1,190.00 |
| Plan of Reorganization | Assist the Debtors in the preparation and implementation of the plan of reorganization. | 735.2 | $337,602.50 |

| | | | |
|---|---|---|---|
| Tax | Assist the Debtors in tax related matters. | 19.3 | $10,831.00 |
| Travel | Billable travel time (reflects 50% of time incurred). | 22.0 | $9,000.00 |
| | **Total** | **2,051.1** | **$918,740.00** |
| | **Blended Rate $447.93** | | |

The time detail describing the above services provided to the Debtors during the Forty-Eighth Monthly Fee Period is provided in <u>Attachment C</u> to this Application

**Attachment B**

## EXPENSE SUMMARY FOR THE PERIOD
## DECEMBER 1, 2012 THROUGH DECEMBER 30, 2012

| Expense Category | Service Provider (if applicable) | Expense Amount |
|---|---|---|
| Airfare | Various | $6,282.78 |
| Lodging | Various | $2,775.88 |
| Meals | Various | $1,296.38 |
| Miscellaneous | Various | $317.73 |
| Transportation | Various | $2,903.86 |
| Total | | **$13,576.63** |

A detailed listing of each expense incurred by type, date and professional is provided as Attachment D to this Application.

## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08- 13141 (KJC) |
| Debtors.                Reorganized Debtors. | (Jointly Administered)<br>**Objection Date: March 19, 2013**<br>**Hearing Date: TBD** |

## FORTY-EIGHTH MONTHLY AND FINAL APPLICATION OF ALVAREZ & MARSAL NORTH AMERICA, LLC FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES IN THEIR CAPACITY AS RESTRUCTURING ADVISORS TO THE REORGANIZED DEBTORS FOR THE MONTHLY PERIOD DECEMBER 1, 2012 THROUGH DECEMBER 30, 2012 AND THE FINAL FEE PERIOD <u>FROM DECEMBER 8, 2008 THROUGH DECEMBER 30, 2012</u>

Alvarez & Marsal North America, LLC ("<u>A&M</u>"), restructuring advisors for Tribune

Company ("<u>Tribune</u>") and the other affiliated reorganized debtors in the above-captioned chapter

11 cases (collectively, the "<u>Debtors</u>"),[2] respectively submits this application (the "<u>Application</u>")

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352): Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362);Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068).  The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] As used herein, the term "Debtors" includes the entities that are successors-in-interest to the Debtors as of the

(continued...)

to this Court, pursuant to  (i) sections 327, 331, and 503 of title 11 of the United States Code (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (iv) the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to U.S.C.§§ 105(a) and 331 (Docket No. 225) (the "Interim Compensation Order"), as amended, and (v) the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications (Docket No.546) (the "Fee Examiner Order") for (a) approval of compensation for professional services and reimbursement of expenses incurred for the period from December 1, 2012 through December 30, 2012 (the "Forty-Eighth Monthly Fee Period"), and (b) approval of final compensation and reimbursement of expenses for the period December 8, 2008 through December 30, 2012 (the "Final Fee Period").  In support of the Application, A&M respectively states as follows:[3]

## FACTUAL BACKGROUND OF THE CASES

1.      On December 8, 2008 (the "Petition Date"), Tribune and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, CNLBC, LLC (f/k/a Chicago National League Ball Club, LLC) ("Tribune CNLBC"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on

---

(continued...)

Effective Date of the DCL Plan (as defined herein), after taking into account the Restructuring Transactions (as described in the DCL Plan).
[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the DCL Plan.

October 12, 2009.[4]  On March 22, 2010, this Court entered an order dismissing the chapter 11

petition of New River Center Maintenance Association, Inc. (Docket No. 3805).  On May 24,

2011, this Court entered an order dismissing the chapter 11 petition of Publishers Forest

Products Co. of Washington (Docket No. 11688).

2.    The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). (Docket

Nos. 43, 2333)

3.    On July 23, 2012, the Court entered the Order (Docket No. 12074) (the

"2012 Confirmation Order") Confirming Fourth Amended Joint Plan of Reorganization for

Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official committee of

Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and

JPMorgan Chase Bank, N.A. (Docket No. 11354) (the "DCL Plan").

4.    The Effective Date of the DCL Plan occurred on December 31, 2012 (the

"Effective Date").[5]

5.    On March 19, 2009, pursuant to Fee Examiner Order, the Court appointed

Stuart Maue as fee examiner (the "Fee Examiner") to act as special consultant to the Court for

professional fee and expense analysis and review, effective nunc pro tunc to February 20, 2009.

(Docket No. 546)

---

[4] Orders of the Court applicable to this Application have subsequently been extended to Tribune CNLBC.  (See Order Directing (I) Joint Administration of Chapter 11 Cases and (II) that Certain Orders and Other Pleadings Entered or Filed in the Chapter 11 Cases of Tribune Company, et al. be Made Applicable to the Chapter 11 Case of Chicago National League Ball Club, LLC (entered Oct. 14, 2009) (Docket No. 2333) (the "CNLBC Joint Administration Order")).

[5] See Notice of (I) Effective Date of the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. and (II) Bar Date for Certain Claims (Docket No. 12939).

3

6.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are sections 372, 331, and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and rule 2016-2 of the Local Rules.

## PROCEDURAL BACKGROUND FOR THE APPLICATION

7.      The Debtors sought approval of this Court to retain A&M as restructuring advisors, pursuant to 11 U.S.C. §§ 327(a) and 1107, by application filed on December 26, 2008.  As set forth in the application seeking such approval, A&M's services to the Debtors encompass a wide range of professional services, focused upon assisting the Debtors in the course of the restructuring.  In particular, A&M's retention application sets forth the following scope of services:

a)  assistance to the Debtors in the preparation of financial related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs and Monthly Operating reports;

b)  assistance to the Debtors with information and analyses required pursuant to their post-petition financing;

c)  assistance with the identification and implementation of short-term cash management procedures;

d)  assistance with the identification of executor contracts and leases and performance of cost/benefit evaluations with respect to the affirmation or rejection of each;

e)  assistance to Debtors' management team and counsel focused on the coordination of resources related to the ongoing reorganization effort;

f)  assistance in the preparation of financial information for distribution to creditors and others, including, but not limited to, cash flow projections and budgets, cash receipts and disbursement analysis, analysis of various asset and liability accounts, and analysis of proposed transactions for which Court approval is sought;

4

g)  attendance at meetings and assistance in discussions with potential investors, banks and other secured lenders, the Official Committee of Unsecured Creditors, the united States Trustee, other parties in interest and professionals hired by the same, as requested;

h)  analysis of creditor claims by type, entity, and individual claim, including assistance with development of databases, as necessary, to track such claims;

i)  assistance in the preparation of information and analysis necessary for the confirmation of a plan of reorganization in these Chapter 11 Cases, including information contained in the disclosure statement;

j)  assistance in the evaluation and analysis of avoidance actions, including fraudulent conveyances and preferential transfers; and

k)  rendering such other general business consulting or such other assistance as Debtors' management or counsel may deem necessary and consistent with the role of a financial advisor and not duplicative of services provided by other professionals in this proceeding.

A&M's retention, nunc pro tunc to Petition Date, was approved by this Court by order dated February 11, 2009 (Docket No. 362).

8.    The Interim Compensation Order and the Fee Examiner Order (together, the "Fee Orders") provide that all professionals retained in these cases pursuant to sections 327, 328, or 1103 of the Bankruptcy Code (the "Case Professionals") must file with the Court and provide to the Fee Examiner monthly applications for interim allowance of compensation for services rendered and reimbursement of expenses incurred, together with the applicable time entries and itemized expenses (the "Monthly Fee Application"). The notice parties specified in the Fee Orders (the "Notice Parties") have twenty (20) days after service of a Monthly Fee Application to object to such Monthly Fee Application (the "Objection Deadline"). Upon expiration of the Objection Deadline, the applicable Case Professional must certify in writing that no objection or partial objection has been filed with the Court relative to that professional's Monthly Fee Application, whereupon the Debtors are authorized to pay such professional an amount equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the

5

Monthly Fee Application or (ii) 80% of the fees and 100% of the expenses not subject to an objection.

9.      Pursuant to the procedures set forth in the Fee Orders, A&M prepared, filed with the Court, and served upon the Notice Parties and the Fee Examiner Monthly Fee Applications for the period commencing December 8, 2008 through and including November 30, 2012, which Monthly Fee Applications are incorporated herein by reference.[6] A&M has accordingly submitted all of its Monthly Fee Applications for the Debtors chapter 11 cases.

10.     In addition to the Monthly Fee Application, beginning with the three-month period ending February 2009, and each three-month period thereafter, all Case Professionals were required to file with the Court and serve on the Notice Parties interim applications for allowance of compensation and reimbursement of expenses of the amounts sought in the Monthly Fee Applications filed during such period (a "Quarterly Fee Application Request"). See Interim Compensation order at ¶ 8. Quarterly Fee Application Requests must include a summary of the Monthly Fee Applications that are the subject of the request and any other information requested by the Court or required by the Local Rules. Id. A&M prepared, filed with the Court, and served upon the Notice Parties and the Fee Examiner, Quarterly Fee Application Requests for the interim periods commencing December 8, 2008 through and including November 30, 2012, which Quarterly Fee Application Requests are incorporated herein by reference.[7] A&M has accordingly submitted all of its Quarterly Fee Application Requests for the Debtors' chapter 11 cases.

---

[6] The docket numbers of A&M's Monthly Fee Applications are: 558, 858, 1115, 1301, 1666, 1691, 1969, 2102, 2228, 2512, 3007, 3071, 3508, 3721, 372, 3985, 4461, 4713, 4940, 5293, 5621, 5807, 7123, 7342, 7485, 7946, 8329, 8605, 8918, 9252, 9446, 9611, 9720, 9794, 10183, 10457, 10600, 10947, 11191, 11353, 11613, 11822, 12027, 12310, 12389, 12444, 12797, 12969, 13084.

[7] The docket numbers of A&M's Quarterly Fee Applications are: 1034, 1707, 2356, 3110, 1691, 4983, 5949, 7497,

(continued...)

11.     Section 9.2 of the DCL Plan provides that all Case Professionals must file with the Court and serve on the Debtors and their counsel, the Fee Examiner, and the Office of the United States Trustee, final requests for compensation or reimbursement (a "<u>Final Fee Application</u>") not later than sixty (60) days after the Effective Date of the DCL Plan.  This Application represents A&M's Final Fee Application in the Debtors' chapter 11 cases.

<u>REQUEST FOR APPROVAL OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE FORTY-EIGHTH MONTHLY FEE PERIOD</u>

12.     By this Application, A&M respectfully requests that the Court approve the allowance and award of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred by A&M as restructuring advisor to the Debtors during the Forty-Eighth Monthly Fee Period.  The amount of fees sought for services rendered during the Forty-Eighth Monthly Fee Period is $918,740.00, representing 2,051.1 hours in professional and paraprofessional time for such services.  Reimbursement of actual, necessary expenses incurred by A&M during the Forty-Eighth Monthly Fee Period in connection with these services is requested in the amount of $13,576.63.  A&M seeks the allowance of such compensation and this Court's authorization for payment of such amounts by the Debtors to A&M.

13.     The hourly rates charged by A&M's professionals and paraprofessionals during the Forty-Eighth Monthly Fee Period are no greater than the customary hourly rates for such individuals both inside and outside of bankruptcy cases.  The highest billing rate charged by any A&M professional for services rendered under A&M's current billing rates that became effective on January 1, 2012 is $790.00.  A&M believes these rates are comparable to those

---

(continued...)
8646, 9456, 9965, 10616, 11368, 12038, 12548, and 13103.

7

charged by the bankruptcy and other professionals of other firms of comparable size, stature, and experience.

14.     A&M has received no payment and no promises for payment from any source other than the Debtors for services rendered in these chapter 11 cases.  There is no agreement between A&M and any other party for the sharing of compensation to be received for the services rendered by A&M in these chapter 11 cases.  All professional and paraprofessional services for which compensation is sought herein were rendered solely on behalf of the Debtors in these cases.

## I.     Services Rendered in the Forty-Eighth Monthly Fee Period

15.     A&M has rendered substantial services to the Debtors in connection with these chapter 11 cases during the period covered by this Application in  its capacity as restructuring advisor to the Debtors.  The services performed by A&M's professionals and paraprofessionals during the period covered by this Application were necessary and have directly contributed to the effective administration and successful conclusion of the Debtors' chapter 11 cases.

16.     A breakdown of the total hours expended by each professional on all matters and a breakdown of amounts sought by each matter category covered herein are included as part of Attachment A to this Application, as required by Local Rule 2016-2.  The time detail describing the services provided to the Debtors during the Forty-Eighth Monthly Fee Period is provided in Attachment C to this Application.  The following is a summary of the activities performed by A&M professionals and paraprofessionals during the Forty-Eighth Monthly Fee Period:

8

a.    Accounting.  This category includes time spent by Applicant assisting the Debtors with the bankruptcy related accounting matters.  The total fees sought under this category for the period December 1, 2012 through December 30, 2012 are $32,590.00 (75.7 hours).

b.    AP, Vendor Issues.  This category includes time spent related to Accounts Payable, Vendor, and Human Resource issues other than those related to contracts. During the Application Period, the Applicant assisted the Debtors a number of tasks in this area including (a) responding to inquiries from vendors and ongoing  negotiations with vendors regarding credit terms and other contract issues (including associated vender reconciliations), (b) reviewing potential pension and other benefit obligations, (c) assisting the Debtors with carrying out the court ordered payment and reconciliation procedures for ordinary course professionals, and (d) assisting the Debtors with review of potential escheatment issues.  The total fees sought under this category for the period December 1, 2012 through December 30, 2012 are $21,695.00 (48.3 hours).

c.    Avoidance Actions.  This category includes time assisting the Debtors and their counsel with analyzing information associated with potential causes of action under sections 547 and 548 of the bankruptcy code.  The total fees sought under this category for the period December 1, 2012 through December 30, 2012 are $25,205.00 (56.5 hours).

d.    Cash.  This category includes time spent assisting the Debtors with preparation of cash flow forecasts and budget vs. actual, reporting on cash results to various constituents, and addressing treasury management issues.   The total fees sought under this category for the period December 1, 2012 through December 30, 2012 are $1,260 (1.8 hours).

e.    Claims.  This category includes time spent reviewing the claims filed against the Debtors as well as company data in order to assist in the reconciliation of such claims and/or to identify and collect additional liability data for possible future amendments to the Schedules.  The Applicant worked with the Debtors to (i) develop team-specific reconciliation processes, (ii) review and channel filed claims per the established review protocol, (iii) provide regular reporting on reconciliation efforts both to the reconciliation team as well as the Debtors' and Committee's professionals and (iv) coordinate and participate in the overall claims reconciliation effort as necessary.  The Applicant also worked on claims estimates to support the plan negotiation process.  During the Application Period the Applicant coordinated and assisted the Debtor in the continuing review and reconciliation of the over 6,000 claims filed, worked on stipulated resolutions of certain trade claims, and assisted counsel with various omnibus claims objections. In addition, a significant amount of time was spent preparing for emergence from bankruptcy, including testing accounts payable and payroll related disbursements expected to occur at emergence, calculating claims reserves, and preparing presentations of anticipated Allowed Claims to satisfy conditions to emergence.  The total fees sought under this category for the period December 1, 2012 through December 30, 2012 are $305,385.00 (756.3 hours).

f.    Communication.  This category includes time assisting the Debtors with communication relative to the emergence planning.  The total fees sought under this category for the period December 1, 2012 through December 30, 2012 are $16,190.00 (25.8 hours).

g.    Contract.  This category includes time assisting the Debtors with analyzing their executory contracts to determine candidates for assumptions, rejection, and

renegotiation, with negotiating key customer and supplier contracts, with the analysis of contract

rejection claims, and with the analysis of cure costs.  During the Application Period, the

Applicant continued to assist with resolution of cure cost disputes and other contract matters.

The total fees sought under this category for the period December 1, 2012 through December 30,

2012 are $27,720.00 (67.7 hours).

        h.    <u>Creditor</u>.  This category includes time spent preparing for and

attending meetings or calls with the Debtor's lenders and unsecured creditors and their financial

and investment banking advisors, responding to frequent information requests, and managing an

extensive on-line data room to assist in the efficient dissemination of documents.  The total fees

sought under this category for the period December 1, 2012 through December 30, 2012 are

$19,610.00 (32.5 hours).

        i.    <u>Employee.</u>  This category includes time assisting the Debtors with

employee communications, benefits issues, and related matters.  The total fees sought under this

category for the period December 1, 2012 through December 30, 2012 are $490.00 (0.7 hours).

        j.    <u>Fee Application.</u>  This category includes time incurred for the

preparation of the monthly and interim fee statements in compliance with court guidelines.  The

total fees sought under this category for the period December 1, 2012 through December 30,

2012 are $3,719.00 (12.6 hours).

        k.    <u>Financing.</u>  This category includes time assisting the Debtors in

obtaining exit financing, reviewing and negotiating loan documents and responding to related

due diligence requests.  The total fees sought under this category for the period December 1,

2012 through December 30, 2012 are $53,250.00 (98.8 hours).

l.     <u>Leases and Real Estate.</u>  This category includes time assisting the Debtors with determination of potential leases to assume or reject, analysis of related cure costs, and support related to establishing real estate holding companies.  The total fees sought under this category for the period December 1, 2012 through December 30, 2012 are $2,105.00 (3.4 hours).

m.     <u>Litigation Trust Valuation.</u>  This category represents the time working at the direction of the Debtors' counsel on a valuation of causes of action to be transferred to the litigation trust in accordance with the terms of the plan of reorganization.  The total fees sought under this category for the period December 1, 2012 through December 30, 2012 are $50,617.50 (92.4 hours).

n.     <u>Monthly Operating Report.</u>  This category includes time assisting the Debtors with the preparation of the Monthly Operating Report and related matters for the US Trustee.  The total fees sought under this category for the period December 1, 2012 through December 30, 2012 are $280.00 (0.4 hours).

o.     <u>Operations.</u>  This category includes time reviewing the Debtors business performance and assisting the Debtors with matters related to the general operation of their business as well as implementation of their business plan.  The total fees sought under this category for the period December 1, 2012 through December 30, 2012 are $1,190.00 (1.7 hours).

p.     <u>Plan of Reorganization.</u>  This category includes time assisting the Debtors in the preparation and negotiation of the plan of reorganization and disclosure statement and preparing analysis to support the plan process.  During the Application Period, the Applicant also worked on a number of emergence related tasks including (a) the preparation of updated estimates of distributable cash and reserves of cash required at emergence, (b) the preparation of

presentations on distribution related issues to the Plan Proponents, (c) updating the equity

allocation model to address compliance with FCC requirements, and (d) other tasks related to the

Debtors emergence from bankruptcy which occurred on December 31, 2012.  The total fees

sought under this category for the period December 1, 2012 through December 30, 2012 are

$337,602.50 (735.2 hours).

    q. <u>Tax.</u>  This category including time assisting the Debtors with tax

related matters.  The total fees sought under this category for the period December 1, 2012

through December 30, 2012 are $10,831.00 (19.3 hours).

    r. <u>Travel.</u>  This category contains non-working travel time on behalf

of the Debtor.  This time was billed at ½ the time incurred.  The total fees sought under this

category for the period December 1, 2012 through December 30, 2012 are $9,000.00 (22.0

hours)

    The foregoing general description of services rendered in specific areas is not

intended to be exhaustive of the scope of Applicant's activities on behalf of the Debtors in this

case.  The time records attached as <u>Attachment C</u> present more completely the work performed

by Applicant in each billing category during the period covered by this Application.

## II. Expenses Incurred in the Forty-Eighth Monthly Fee Period

    17. A&M incurred expenses of $13,576.63 in connection with its services

rendered to the Debtors during the Forty-Eighth Monthly Fee Period.  These expenses represent

actual out-of-pocket costs for items incurred exclusively for the direct benefit of the Debtors,

including, but not limited to, airfare, transportation, parking, tolls, meals, data storage cost and

federal express charges.

18.    A&M submits that all such expenses are necessary and actual expenses for the performance of its services in these cases, and further submits that many of such expenses were necessitated by the time constraints under which A&M's professionals and staff have operated in these cases.  A summary of all expense incurred by type is incorporated into this Application as <u>Attachment B</u> and a detailed listing of each expense incurred by type, by date and professional is incorporated into this Application as <u>Attachment D</u>.

<b><u>REQUEST OR FINAL APPROVAL OF COMPENSATION AND<br>REIMBURSEMENT OF EXPENSES</u></b>

19.    By this Application, A&M requests final approval of all fees and expenses incurred by A&M in this case during the Final Period of December 8, 2008 through and including December 30, 2012 in the amount of $29,533,056.05[8] together with reimbursement for actual and necessary expenses incurred in the amount of $150,601.34.[9]  In support of its request for the final allowance of all fees and expenses incurred by A&M incurred during the Final Fee Application, A&M incorporates herein by reference each of its Monthly Fee Applications and Quarterly Fee Application Requests, together with the certifications of counsel, reports of the Fee Examiner, and orders of this Court relating to the same.  A complete list of such filings is attached hereto as <u>Attachment E</u>.

20.    During the Final Fee Period, A&M performed necessary services and incurred out-of-pocket disbursements for the Debtors and their estates.  As set forth in prior

---

[8] The amount of final compensation sought by A&M is equal to the sum of all fees previously approved by this Court for A&M's First Quarterly Fee Request through Fourteenth Quarterly Fee Application Request, plus the fees requested by A&M in its Fifteenth Quarterly Fee Application Request, Sixteenth Quarterly Fee Application Request, and Forty-Eighth Monthly Fee Application.

[9] The amount of final expense reimbursement sought by A&M is equal to the sum of all expenses previously approved by this Court for A&M's First Quarterly Fee Application Request through Fourteenth Quarterly Fee Application Request, plus the expense requested by A&M in its Fifteenth Quarterly Fee Application Request, Sixteenth Quarterly Fee Application Request, and Forty-Eighth Monthly Fee Application.

14

Monthly Fee Applications, Quarterly Fee Application Requests, and in this Application in accordance with the factors enumerated in 11 U.S.C. ¶ 330, approval of the fees requested for the Final Fee Period is fair and reasonable given (a) the complexity of this case, (b) the time expended by A&M's professionals and paraprofessionals on behalf of the Debtors and their estates, (c) the nature and extent of the services rendered, (d) the value of such services to the Debtors and their estates, and (e) the costs of comparable services other than in a case under this title.  In addition, the out-of-pocket disbursements for which reimbursement is sought were actual, reasonable, and necessary costs (i) incurred by A&M while representing the Debtors and (ii) preserving the value of the Debtors' estates.

**REVIEW OF APPLICABLE LOCAL RULE**

21.    The undersigned has reviewed the requirements of Local Rule of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware 2016-2 and certifies to the best of his information, knowledge and belief that this Application substantially complies with Rule 2016-2.

**NOTICE**

22.    Notice of this Application has been served upon the Notice Parties specified in the Fee Orders.  In accordance with the terms of the Fee Orders, A&M respectfully submits that no other or further notice is required.

15

## NO PRIOR REQUEST

23.     Other than the applicable Monthly and Quarterly Fee Applications, no previous application respecting the relief requested herein has been made to this or any other Court.

WHEREFORE, Alvarez & Marsal North America, LLC respectfully requests the Court (i) to approve, pursuant to 11 U.S.C. §§ 327,331, and 503, (a) approval of compensation for professional services in the amount of $918,740.00 and reimbursement of expenses incurred in the amount of $13,576.63 for the Forty-Eighth Monthly Fee Period, and (b) approval of final compensation for professional services in the amount of $29,533,056.05 and reimbursement of expenses incurred in the amount of $150,601.34 for the Final Fee Period, (ii) to authorize the payment of such amounts by the Debtors to A&M, less any amounts previously paid to A&M for the period covered by this Application pursuant to the procedures set forth in the Interim Compensation Order and the Fee Examiner Order, and (iii) to grant such further relief as is just and proper.

Dated: February 27, 2013
      Chicago, Illinois

Respectfully submitted,

**ALVAREZ & MARSAL NORTH
AMERICA, LLC**

Brian C. Whittman
55 W. Monroe Street
Suite 4000
Chicago, IL 60603
Telephone:  312.601.4227
Facsimile: 312.803.1875
bwhittman@alvarezandmarsal.com

Restructuring Advisors for the Debtors
*and Debtors-in-Possession*

16