# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>(Jointly Administered)<br><br>Objection Date Deadline: March 19 , 2013 at 4:00 p.m. |

## FINAL FEE APPLICATION OF DELOITTE & TOUCHE LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS FINANCIAL AND ACCOUNTING ADVISORS TO THE DEBTORS AND DEBTORS-IN-POSSESSION FOR THE PERIOD OF JUNE 26, 2009 THROUGH NOVEMBER 30, 2009

---

[1] The debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are; Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Production Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); Chicago Land Microwave License, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (3121); distribution systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com Corp. (0219); ForeSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation(5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc.(2663); Internet Foreclosure Service, Inc. (6550); Julius Air Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014);KPI R, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles, Times Communications LLC (1324); Los Angeles, Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522), NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinctions, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror I and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); times Mirror Services Company, Inc. (1326); TMLH2, Inc. (0719); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393);; Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc.(1080); Tribune Network Holding Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

| Name of Applicant: | Deloitte & Touche LLP |
|---|---|
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | Effective June 26, 2009 by Order Entered August 11, 2009 |
| Period for which Compensation and Reimbursement is Sought: | June 26, 2009 through November 30, 2009 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $134,002.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $163.93 |
| Total Amount of Fees and Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $134,166.43 |

This is a(n) : _____ monthly    _____ Interim    __X__ final application

Total time expended for fee application preparation is 0.0 hours and the corresponding compensation requested is approximately $0.00.

## SUMMARY OF PREVIOUSLY FILED FEE APPLICATIONS

This is the Final Fee Application filed by Deloitte & Touche LLP. Deloitte & Touche LLP has previously issued two interim fee applications to the Debtors for payment.

| App No | App Date {Dkt No} | Filing Period | Fees Requested | Expenses Requested | CNO Date {Dkt No} | Fees Approved | Expenses Approved | Approved Reduction |
|---|---|---|---|---|---|---|---|---|
| 1 | 8/25/2009 [2018] | 07/01/2009 07/31/2009 | $ 84,010.00 | $ 163.93 | 09/16/2009 [2133] | $ 84,010.00 | $ 163.93 | $ - |
| 2 | 11/24/2009 [2628] | 08/01/2009 10/31/2009 | $ 50,000.00 | $ - | 12/16/2009 [2869] | $ 49,992.50 | $ - | $ (7.50) |
| | Total | | $ 134,010.00 | $ 163.93 | | $ 134,002.50 | $ 163.93 | $ (7.50) |

## SUMMARY OF PROFESSIONAL – PRO FORMA PREPARATION SERVICES

| Professional | Position | Rate | Hours | Total Compensation |
|---|---|---|---|---|
| Pete Leadstrom | Partner | 550 | 24.7 | $13,585.00 |
| Lisa Mitrovich | Partner | 550 | 1.5 | $825.00 |
| Mike Stibich | Partner | 550 | 7.6 | $4,180.00 |
| Patrice Mano | Partner | 550 | 2.7 | $1,485.00 |
| David Hoffman | Partner | 550 | 1.7 | $935.00 |
| Marc Weinstein | Director | 550 | 2.6 | $1,430.00 |
| Sean Conroy | Sr. Manager | 475 | 36.7 | $17,432.50 |
| Ryan Stecz | Sr. Manager | 475 | 53 | $25,175.00 |
| Alice Loo | Sr. Manager | 475 | 4.3 | $2,042.50 |
| Korwin Roskos | Sr. Manager | 475 | 7.3 | $3,467.50 |
| Patrick Conway | Manager | 425 | 56.6 | $24,055.00 |
| Steve McCullough | Manager | 425 | 22 | $9,350.00 |
| Mark Smeraglinolo | Senior | 350 | 60.3 | $21,105.00 |
| Soraya King | Senior | 350 | 18.2 | $6,377.50 |
| Liz Diubek | Tax Consultant | 300 | 8.6 | $2,565.00 |
| **Total Hours and Compensation** | | | **307.8** | **$134,010.00** |

## SUMMARY OF HOURS AND COMPENSATION BY PROJECT CATEGORY

| Hourly Services | Hours | Compensation |
|---|---|---|
| Pro-Forma Preparation Services | 307.8 | $134,010.00 |
| **Bankruptcy Requirements and Obligations** | | |
| Monthly, Interim and Final Fee Applications | 0.00 | $0.00 |
| **TOTAL HOURS AND COMPENSATION** | **307.8** | **$134,010.00** |

## SUMMARY OF EXPENSE PROJECT

**Pro-Forma Preparation Services**

| Expense Category | Total Expense |
|---|---|
| Telephone | $3.43 |
| Transportation - Taxi | $145.00 |
| Parking | $15.50 |
| **TOTAL** | **$163.93** |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |
| | Objection Date Deadline: March 19 , 2013 at 4:00 p.m. |

## FINAL FEE APPLICATION OF DELOITTE & TOUCHE LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS FINANCIAL AND ACCOUNTING ADVISORS TO THE DEBTORS AND DEBTORS-IN-POSSESSION FOR THE PERIOD OF JUNE 26, 2009 THROUGH NOVEMBER 30, 2009

Pursuant to Section 330 of Title 11 of the United States Code (the "Bankruptcy Code"),

Rule 2016 of the Federal Rules of Bankruptcy Procedure

---

[1] The debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are; Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Production Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); Chicago Land Microwave License, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (3121); distribution systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com Corp. (0219); ForeSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation(5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc.(2663); Internet Foreclosure Service, Inc. (6550); Julius Air Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014);KPI R, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles, Times Communications LLC (1324); Los Angeles, Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522), NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinctions, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror I and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); times Mirror Services Company, Inc. (1326); TMLH2, Inc. (0719); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393);; Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc.(1080); Tribune Network Holding Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

2

(collectively the "Bankruptcy Rules"), and the Court's Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Bankruptcy Professionals, entered on or about January 15, 2009 (the "Compensation Order"), Deloitte & Touche LLP ("Deloitte & Touche" or the "Applicant"), financial accounting and advisory services provider to the Debtors and Debtors in Possession ("Debtors"), hereby submits its Final Fee Application for Compensation and for Reimbursement of Expenses for the period from June 26, 2009 through November 30, 2009 (the "Final Fee Application").

By this Final Fee Application, Deloitte & Touche seeks final allowance of compensation in the amount of $134,002.50 and actual and necessary expenses in the amount of $163.93 for a total allowance of $134,166.43 (the "Compensation Amount"), and payment of the unpaid amount of such fees and expenses, for the period from June 26, 2009 through November 30, 2009 (the "Final Fee Period"). In support of this Final Fee Application, Deloitte & Touche respectfully represents as follows:

## BACKGROUND

1. On December 8, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtor's cases are being jointly administered for procedural purposes pursuant to Bankruptcy Rule 1015 (b).

3. The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157 (b) (2).

4. On July 23, 2012, the Court confirmed the Debtor's plan of reorganization.

**RETENTION OF DELOITTE & TOUCHE**

5.  On July 24, 2009, the Debtors filed the *Application for an Order Authorizing Debtors to Retain and Employ Deloitte & Touche LLP to provide Financial, Accounting, and Advisory Services to the Debtors Pursuant to 11 U.S.C. Section 327(a) and 1107, Nunc Pro Tunc to June 26, 2009.*

6.  On August 11, 2009, this Court approved the retention of Deloitte & Touche as financial, accounting, and advisory services to the Debtors by entering the *Order Authorizing Debtors to Retain and Employ Deloitte & Touche LLP to provide Financial, Accounting, and Advisory Services to the Debtors Pursuant to 11 U.S.C. Sections 327(a) and 1107, Nunc Pro Tunc to June 26, 2009.*

**REQUESTED FEES AND REIMBURESEMENT OF EXPENSES**

7.  All services for which Deloitte & Touche requests compensation were performed for or on behalf of the Debtors. Deloitte & Touche has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Final Fee Application. There is no agreement or understanding between Deloitte & Touche and any nonaffiliated or unrelated person for the sharing of compensation to be received for services rendered in these cases. Deloitte FAS received no retainer for the services rendered in these cases.

8.  Deloitte & Touche has filed detailed statements of hours spent rendering professional services to the Debtors in its monthly and interim fee applications. Such applications are incorporated by reference and are not attached hereto for the sake of brevity.

9.  By this Final Fee Application, Deloitte & Touche also seeks expense reimbursement of $163.93. Deloitte & Touche does not charge for photocopying, out-going facsimile transmissions, or long distance telephone calls on faxes. Deloitte & Touche does not charge the Debtors for the receipt of faxes. Deloitte & Touche customarily charges for

3

conference call expenses. Deloitte & Touche has filed detailed statements of its expenses incurred in its monthly and interim fee applications.

### SUMMARY OF SERVICES PERFORMED DURING THE FINAL FEE PERIOD

10. The services rendered by Deloitte & Touche during the Final Fee Period can be grouped into categories set forth below. Deloitte & Touche attempted to place the services provided in the category that best related to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category.

11. Deloitte & Touche believes it appropriate to be compensated for the time spent in connection with these matters during the Final Fee Period, and sets forth a brief narrative description of the services rendered for or on behalf of the Debtors and the time expended organized by project task categories, as follows:

    A.    **Category –Pro Forma Preparation Services**

12. During the Final Fee Period, Applicant provided professional services to assist the Debtors with the preparation of pro forma financial information necessary for anticipated filings by the Debtors with the Securities and Exchange Commission. The pro forma financial information was necessary to present the financial statements of the Debtors after consideration of the effects of reorganization and the application of "fresh start" accounting under accounting principles generally accepted in the United States of America. Such pro forma financial statements would be used by potential purchasers of securities to be issued by the Debtors pursuant to a preliminary plan of reorganization. Deloitte & Touche seeks compensation for 307.8 hours and of reasonable and necessary fees incurred in the total amount of $134,002.50[1].

---

[1] Deloitte & Touche previously requested $134,010.00 in its Second Interim Fee Application; however, after a reconciliation of fees, agreed to a fee reduction in the amount of $7.50.

5

## CERTICIATE OF COMPLIANCE AND WAIVER

13. To the best of its knowledge, Deloitte & Touche believes that the Final Fee Application and the description of services set forth herein of work performed are in substantial compliance with the requirements of Delaware Local Rule 2016-2, the Compensation Order, and the applicable guidelines and requirements of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and the Executive Office for the United States Trustees.

**WHEREFORE**, Deloitte & Touche respectfully requests that the Court approves the final allowance to be made to Deloitte & Touche for the period from June 26, 2009 through November 30, 2009 in the sum of $134,002.50, as compensation for the necessary professional services rendered, and the sum of $163.93, for reimbursement of actual necessary costs and expenses, for a total of $134,166.43; that the Debtors be authorized and directed to pay to Deloitte & Touche the outstanding amount of such sums, and for such other and further relief as this Court may deem just and proper.

DATED: February 27, 2013
Chicago, Illinois

_____
Peter Leadstrom, Partner
Deloitte & Touche LLP
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 486-3908