# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>(Jointly Administered)<br><br>Objection Deadline: March 20, 2013 @ 4:00 p.m. (ET)<br>Hearing Date: N/A |

## SEVENTEENTH MONTHLY AND FINAL APPLICATION OF SEITZ, VAN OGTROP & GREEN, P.A., SPECIAL CONFLICTS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD DECEMBER 1, 2012 THROUGH DECEMBER 31, 2012 AND THE FINAL PERIOD APRIL 21, 2011 THROUGH DECEMBER 31, 2012 PURSUANT TO 11 U.S.C. §§ 330 AND 331

| | |
|---|---|
| Name of Applicant: | Seitz, Van Ogtrop & Green, P.A. |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | *Nunc Pro Tunc* to April 21, 2011 |
| Period for which compensation and reimbursement sought: | December 1, 2012 through December 31, 2012 |
| Amount of monthly fees to be approved as actual, reasonable and necessary: | $1,620.00 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspapers Readers Agency, Inc. (7335); North Michigan Production Company (5466), North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

DM1035 v1

Amount of monthly expenses sought
as actual, reasonable and necessary: $0

Period for which Final Compensation and
reimbursement is sought: April 21, 2011 through December 31, 2012

Amount of Final Compensation sought
as actual, reasonable, and necessary: $71,372.41

Amount of Final Expense Reimbursement
sought as actual, reasonable, and necessary: $12,768.55

This is a __X__ monthly ____ interim __X__ final application

This application does not include any time related to the preparation of this application. This is Applicant's SEVENTEENTH Monthly and FINAL Fee Application.

Prior Applications:

|  |  | Requested | | Approved | |
| --- | --- | --- | --- | --- | --- |
| **Dated Filed** | **Period Covered** | **Fees** | **Expenses** | **Fees** | **Expenses** |
| 8/3/2011 (D.I. 9596) First | 4/21/11-5/31/11 | $13,198.75 | $47.70 | | |
| 9/15/11 (D.I. 9778) Second | 6/1/11-6/30/11 | $5,043.00 | $519.62 | | |
| 9/20/11 (D.I. 9790) Third | 7/1/11-7/31/11 | $7,328.75 | $0 | | |
| 9/10/11 (D.I. 9795) Fourth | 8/1/11-8/31/11 | $2,223.75 | $103.58 | | |
| 1/12/12 (D.I. 10598) QUARTERLY FIRST | 9/1/11-11/30/11 | $11,368.75 | $386.32 | | |
| **1/12/12 (D.I. 10598) QUARTERLY FIRST** | 4/1/11-5/31/11 | $39,163.00 | $1,057.22 | $32,301.03 | $892.02 |
| 3/28/12 (D.I. 11246) Fifth | 12/1/11-12/31/11 | $2,435.00 | $0 | | |
| 3/28/12 | 1/1/12-1/31/12 | $7,092.50 | $7,161.82 | | |

DM1035 v1

2

| | | | | | |
|---|---|---|---|---|---|
| (D.I. 11248) Sixth | | | | | |
| 3/28/12 (D.I. 11249) Seventh | 2/1/12-2/29/12 | $5,701.00 | $3,166.96 | | |
| **4/10/12 (D.I. 11340) THIRTEENTH QUARTERLY** | 12/1/11-2/29/12 | $15,228.50 | $10,328.78 | $13,950.38 | $10,272.08 |
| 6/28/12 (D.I. 11918) Eighth | 3/1/12-3/31/12 | $7,627.25 | $1,082.15 | | |
| 6/28/12 (D.I. 11919) Ninth | 4/1/12-4/30/12 | $1,544.25 | $96.20 | | |
| 6/28/12 (D.I. 11920) Tenth | 5/1/12-5/31/12 | $2,107.50 | $166.00 | | |
| **6/28/12 (D.I. 11921) QUARTERLY FOURTEENTH** | 3/1/12-5/31/12 | $11,279.00 | $1,344.35 | $10,709.00 | $1,124.15 |
| 8/10/12 (D.I. 12229) Eleventh | 6/1/12-6/30/12 | $3,876.00 | $253.10 | $3,100.80 | $253.10 |
| 9/28/12 (D.I. 12477) Twelfth | 7/1/12-7/31/12 | $1,384.50 | $0 | $1,107.60 | $0 |
| 9/28/12 (D.I. 12478) Thirteenth | 8/1/12-8/31/12 | $1,600.50 | $104.40 | $1,280.40 | $104.40 |
| **9/28/12 (D.I. 12479) QUARTERLY FIFTEENTH** | 6/1/12-8/31/12 | $6,861.00 | $357.50 | | |
| 1/10/12 (D.I. 13004) Fourteenth | 9/1/12-9/30/12 | $2,282.50 | $99.70 | | |
| 1/10/12 (D.I. 13005) Fifteenth | 10/1/12-10/31/12 | $1,974.00 | $0 | | |
| 1/10/12 (D.I. 13006) Sixteenth | 11/1/12-11/30/12 | $1,674.50 | $23.10 | | |

| 1/10/12 (D.I. 13008) QUARTERLY Sixteenth Period | 9/1/12-11/30/12 | $5,931.00 | $122.80 | | |
|---|---|---|---|---|---|

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>(Jointly Administered)<br><br>Objection Deadline: March 20, 2013 @ 4:00 p.m. (ET)<br>Hearing Date: N/A |

### SEVENTEENTH MONTHLY AND FINAL FEE APPLICATION OF SEITZ, VAN OGTROP & GREEN, P.A., SPECIAL CONFLICTS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES PURSUANT TO 11 U.S.C. §§ 330 AND 331

Seitz, Van Ogtrop & Green, P.A. ("SVG"), Special Conflicts Counsel to the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"), hereby submits this SEVENTEENTH Monthly (for legal services performed during the period commencing December 1, 2012 through and including December 31, 2012) and FINAL Application (for legal services performed during the period commencing April 21, 2011 through December 31, 2012) of Seitz, Van Ogtrop & Green, P.A., Special Conflicts Counsel to the Official Committee of Unsecured Creditors, for Compensation

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); foresalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspapers Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

DM1035 v1

and Reimbursement of Expenses Pursuant to 11 U.S.C. §§ 330 and 331 (the "Application"). In support thereof, SVG respectfully represents as follows:

## BACKGROUND

1. On December 8, 2008, (the "Petition Date"), the Debtors commenced these bankruptcy cases by each filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*, (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Court").

2. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code Sections 1107 and 1108.

3. On December 18, 2008, the Office of the United States Trustee for the District of Delaware (the "UST") appointed the Committee. In addition, on December 18, 2008, the Committee met with and selected Chadbourne & Parke LLP ("Chadbourne") as its counsel.

4. Pursuant to an Order entered by this Court on September 3, 2009 (Docket No. 2088) (the "Retention Order"), Zuckerman Spaeder LLP was employed under a general retainer to serve as Special Counsel to the Committee effective as of August 6, 2009. The Retention Order authorized Zuckerman to be compensated on an hourly basis and to be reimbursed for the actual and necessary out-of-pocket expenses that it incurred.

5. On March 19, 2009, the Court entered an order appointing Stuart Maue as fee examiner for these chapter 11 cases *nunc pro tunc* to February 20, 2009.

6. On May 23, 2011, the Court entered an order appoint SVG as Special Conflicts Counsel to the Committee *nunc pro tunc* to April 21, 2011.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Application is proper in this district pursuant to 28

DM1035 v1                                    2

U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (M).

8. The statutory bases for relief requested herein are Bankruptcy Code Sections 105(a), 330 and 331.

### TERMS AND CONDITIONS OF COMPENSATION OF SVG

9. Subject to Court approval, SVG seeks payment for compensation on an hourly basis, plus reimbursement of actual, necessary expenses incurred by SVG during the Application Period. With the exception of copy charges (which are charged at a lower rate), the rates charged by SVG in these cases do not differ from the rates charged to SVG's non-bankruptcy clients.

10. A summary of the hours spent, the names of each professional and paraprofessional rendering services to the Committee during the Application Period, the regular customary billing rates and the total value of time incurred by each of the SVG attorneys rendering services to the Committee is attached hereto as Exhibit "A." A copy of the computer generated time entries reflecting the time recorded for these services, organized in project billing categories in accordance with the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "Guidelines"), is attached hereto as Exhibit "B." All time entries and requested expenses are in compliance with Local Rule 2016-2.[2]

11. On February 15, 2009, this Court entered the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Administrative Order"). Pursuant to the

---

[2] SVG has attempted to ensure that this Application complies with the Guidelines. To the extent that the Guidelines conflict with local rules, in particular, Local Rule 2016-2, SVG has chosen to comply with such local rule. SVG will supplement this Application with additional detail or information upon request.

DM1035 v1

3

Administrative Order, SVG and other professionals retained in these cases are authorized to file and to serve upon the Debtors and the parties identified in the Administrative Order monthly fee applications (a "Monthly Fee Application") with respect to their fees and expenses. After the expiration of a twenty (20) day objection period, the Debtors are authorized to promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee Application, unless an objection has been lodged against specific fees and/or expenses, or the Court orders otherwise.

12. In accordance with the Administrative Order, SVG has filed and served upon the Debtors and other parties identified in the Administrative Order this Application with respect to fees and expenses incurred during the Application Period; to wit, fees in the amount of $1,620.00 and expenses in the amount of $0.

13. All services and costs for which compensation is requested by SVG in this Application were reasonable and necessary and were performed for and on behalf of the Committee during the Application Period.

### NARRATIVE SUMMARY OF SERVICES RENDERED ON A PROJECT SUMMARY BASIS

14. All of the professional services that SVG rendered to the Committee during the Application Period are set forth in detail in Exhibit "B," segregated according to project billing categories pursuant to the Guidelines. A brief description of certain services deserving specific mention are highlighted below, by project category:

   (A) **Fee Matters:**
   **(Total Hours: 3.00; Total Fees: $1,620.00)**

15. Reviewing fee examiner's preliminary report, correspondence to fee examiner regarding preliminary report.

## COMPENSATION REQUESTED

16. SVG expended 3.0 hours during the Application Period in furtherance of its efforts on behalf of the Committee. SVG requests allowance of compensation in the amount of $1,620.00 for legal services rendered during the Application Period at a blended hourly rate of $540.00. Pursuant to the Administrative Order, SVG requests payment of 80% of the total fees requested, or $1,296.00. None of the requested fees detailed herein have been paid.

## LEGAL STANDARD

17. Bankruptcy Code Section 330(a)(1) allows the payment of:

> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1). Reasonableness of compensation is driven by the "market-driven approach" which considers the nature, extent and value of services provided by the professional and the cost of comparable services in non-bankruptcy contexts. See Zolfo Cooper & Co. v. Sunbeam-Oster Co., 50 F.3d 253, 258 (3d Cir. 1995); In re Busy Beaver Bldg. Ctr., Inc., 19 F.3d 833, 849 (3d Cir. 1994). Thus, the "baseline rule is for firms to receive their customary rates." Zolfo Cooper, 50 F.3d at 259.

18. In accordance with its practices in non-bankruptcy matters, SVG has calculated its compensation requested in this Application by applying its standard hourly rates. SVG's calculation is based upon hourly rates that are well within the range of rates that are charged by

comparable firms in similar bankruptcy cases. Accordingly, SVG's rates should be determined to be reasonable under Bankruptcy Code Section 330.

19. SVG's fees during the Application Period are also reasonable under the prevailing legal standard and should be allowed. The amount of these fees is not unusual given the complexity and size of the Debtors' chapter 11 cases. SVG's fees are commensurate with fees that other attorneys of comparable experience and expertise have charged and been awarded in similar chapter 11 cases. Accordingly, SVG's fees are reasonable pursuant to Bankruptcy Code Section 330.

20. Bankruptcy Code Section 330(a)(1)(B) permits reimbursement for actual, necessary expenses. SVG's legal services and expenses incurred during the Application Period are set forth in this Application and constitute only those necessary expenses that were incurred for the benefit of the Debtors' estates. SVG has properly requested reimbursement of only actual, necessary and appropriate legal expenses.

21. Except as permitted by Rule 2016 of the Federal Rules of Bankruptcy Procedure, no agreement or understanding exists between SVG and/or any third person for the sharing or division of compensation. All of the services for which compensation is requested in this Application were rendered at the request of and solely on behalf of the Committee.

22. Pursuant to the standards set forth in Bankruptcy Code Sections 330 and 331, SVG submits that the compensation requested is for actual and necessary services and expenses, and is reasonable, based upon the nature, extent and value of such services, the time spent thereon, and the costs of comparable services in a case under the Bankruptcy Code.

23. The time records annexed to this Application constitute only a general statement of the services rendered and time expended without description of the pressure and constraints

under which SVG actually rendered these services. The considerable challenges of these cases have been attended to and managed by SVG at all levels, promptly, expertly and often to the exclusion of other matters in SVG's office. SVG submits, therefore, that its fees and expenses were actually, necessary, reasonable and justified, and should be allowed in full.

### NOTICE AND PRIOR APPLICATION

24. No trustee has been appointed in these chapter 11 cases. Notice of this Application has been given to: (a) Co-counsel to the Debtors; (b) the UST; (c) John Theil, Esq. c/o Stuart Maue; (d) Co-counsel to Barclays Bank PLC; (e) Co-counsel to the Administrative Agent for the Prepetition Lenders; and (f) all parties required to be given notice in the Administrative Order. In light of the nature of the relief requested herein, SVG submits that no further or other notice is required.

25. This is SVG's SEVENTEENTH Monthly and FINAL Application. No previous application for the relief sought herein has been made to this or any other Court.

WHEREFORE, SVG respectfully requests that the Court: (i) grant the Application; and (ii) grant such other and further relief as is just and proper.

Dated: February 28, 2013
Wilmington, Delaware

**SEITZ, VAN OGTROP & GREEN, P.A.**

/s/ James S. Green, Sr.
James S. Green, Sr. (No. 0481)
R. Karl Hill (No. 2747)
222 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-0600
Facsimile: (302) 888-0606

*Special Conflicts Counsel to the Official Committee of Unsecured Creditors*