# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------- x
                                                            :
In re:                                                      : Chapter 11
                                                            :
TRIBUNE COMPANY, et al.,¹                                   : Case No.  08-13141 (KJC)
              Debtors.                                      : (Jointly Administered)
                                                            :
                                                            :
                                                            :·
                                                            :
                                                            :
------------------------------------------------------------- x
```

# FIFTH MONTHLY AND FINAL APPLICATION OF PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP AS SPECIAL COUNSEL TO DEBTORS FOR CERTAIN FINANCING MATTERS AND REAL ESTATE EMERGENCE MATTERS FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR THE MONTHLY PERIOD FROM DECEMBER 1, 2012 THROUGH DECEMBER 31, 2012 AND THE <u>FINAL FEE PERIOD FROM JULY 11, 2012 THROUGH DECEMBER 31, 2012</u>

*Name of Applicant:*                     Paul, Weiss, Rifkind, Wharton & Garrison LLP ("<u>Paul Weiss</u>")

*Authorized to Provide Professional Services to:*     The Debtors

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (48 1 7); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (793 I); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

*Date of Retention:*                                August 31, 2012 (*nunc pro tunc* to July 11, 2012)[2]

*Period for which Monthly Compensation and*         December 1, 2012 through December 31, *Reimbursement is Sought:*                           2012

*Amount of Monthly Compensation Sought as*
*Actual, Reasonable and Necessary:*                 $527,962.50

*Amount of Monthly Expense Reimbursement*
*Sought as Actual, Reasonable and Necessary:*       $106,583.11

*Period for which Final Compensation and*           July 11, 2012 through December 31, 2012
*Reimbursement is Sought:*

*Amount of Final Compensation Sought as*
*Actual, Reasonable and Necessary:*                 $1,326,316.00[3]

*Amount of Final Expense Reimbursement Sought*
*as Actual, Reasonable and Necessary:*              $115,445.52[4]

*This is a(n):*   _X_ monthly        ___ interim        _X_ final application

---

[2]   Pursuant to the Order Modifying the Scope of the Debtors' Retention of Paul, Weiss, Rifkind, Wharton & Garrison LLP As Special Counsel to Include Certain Real Estate Emergence Matters Pursuant to 11 U.S.C. § 327(e) and 1107, Nunc Pro Tunc to November 19, 2012 [Docket No. 13052] (the "Supplemental Retention Order"), the Debtors' retention of Paul Weiss was expanded to include certain Real Estate Emergence matters, *nunc pro tunc* to November 19, 2012.

[3]   The amount of final compensation sought by Paul Weiss is equal to the sum of all fees requested in Paul Weiss's First Interim Fee Application [Docket No. 12557], Second Interim Fee Application [Docket No. 13043], and this fee application for the Monthly Application Period (as defined below).

[4]   The amount of final expense reimbursement sought by Paul Weiss is equal to the sum of all expenses requested in Paul Weiss's First Interim Fee Application [Docket No. 12557], Second Interim Fee Application [Docket No. 13043], and this fee application for the Monthly Application Period.

Prior Interim Applications Filed:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| 10/11/2012[5] | 12557 | 7/11/2012 – 8/31/2012 | $214,883.50 | $79.66 | *Pending* | *Pending* |
| 1/14/2013 | 13043 | 9/1/2012 – 11/30/2012 | $583,470.00 | $8,782.75 | *Pending* | *Pending* |

---

[5]   The First Interim Fee Application of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Special Counsel to Debtors for Certain Financing Matters for Compensation and for Reimbursement of Expenses for the Period from July 11, 2012 through August 31, 2012 [Docket No. 12557] combined Paul Weiss's monthly fee statements and quarterly fee application for the period of July 11, 2012 through August 31, 2012.

## SUMMARY OF RATES AND HOURS BILLED

| Name of Professional Person | Position With the Firm | Department | Year Admitted | Billing Rate[6] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Richard J. Bronstein | Partner | Tax | 1974 | $1,000.00 | 1.7 | $1,700.00 |
| Douglas R. Davis | Partner | Bankruptcy | 1980 | $1,000.00 | 1.2 | $1,200.00 |
| Mitchell L. Berg | Partner | Real Estate | 1982 | $1,000.00 | 12.4 | $12,400.00 |
| Eric Goodison | Partner | Corporate | 1988 | $1,000.00 | 68.2 | $68,200.00 |
| Peter E. Fisch | Partner | Real Estate | 1990 | $1,000.00 | 0.3 | $300.00 |
| Patrick S. Campbell | Partner | Corporate | 1998 | $1,000.00 | 14.3 | $14,300.00 |
| William J. O'Brien | Counsel | Environmental | 1987 | $835.00 | 1.7 | $1,419.50 |
| Barry Langman | Counsel | Real Estate | 1994 | $835.00 | 13.5 | $11,272.50 |
| Claudine Meredith-Goujon | Counsel | Corporate | 1999 | $835.00 | 4.4 | $3,674.00 |
| Phillip Heimowitz | Counsel | Corporate | 1982 | $800.00 | 0.8 | $640.00 |
| Christopher T. Poggi | Counsel | Corporate | 2001 | $800.00 | 184.2 | $147,360.00 |
| Erica G. Weinberger | Associate | Bankruptcy | 2000 | $765.00 | 2.7 | $2,065.50 |
| Patrick Karsnitz | Associate | Tax | 2006 | $765.00 | 7.0 | $5,355.00 |
| Mitchel R. Carbullido | Associate | Corporate | 2009 | $675.00 | 31.0 | $20,925.00 |

---

[6]    Pursuant to the Paul Weiss Retention Order (as defined below), the ordinary and customary hourly rates of Richard J. Bronstein, Douglas R. Davis, Mitchell L. Berg, Eric Goodison, Peter E. Fisch, and Patrick S. Campbell have been reduced to $1,000.00 per hour.

4

| Name of Professional Person | Position With the Firm | Department | Year Admitted | Billing Rate[6] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| James J. Fanelly | Associate | Real Estate | 2010 | $645.00 | 2.9 | $1,870.50 |
| Brian S. Grieve | Associate | Tax | 2010 | $645.00 | 4.9 | $3,160.50 |
| Eric B. Gyasi | Associate | Corporate | 2009 | $645.00 | 141.3 | $91,138.50 |
| Adam M. Denhoff | Associate | Bankruptcy | 2011 | $595.00 | 18.3 | $10,888.50 |
| Ayalon B. Eliach | Associate | Tax | 2012 | $525.00 | 4.3 | $2,257.50 |
| David A. Finkelstein | Associate | Corporate | 2012 | $525.00 | 165.6 | $86,940.00 |
| Amir Shmueli | Associate | Corporate | 2012 | $525.00 | 65.9 | $34,597.50 |
| Timothy Carney | Paralegal | N/A | N/A | $255.00 | 16.9 | $4,309.50 |
| Melanie DeFiore | Paralegal | N/A | N/A | $205.00 | 6.4 | $1,312.00 |
| Emily Joy Mendes | Paralegal | N/A | N/A | $205.00 | 3.3 | $676.50 |
| **TOTAL** | | | | | **773.2** | **$527,962.50** |

Blended Hourly Rate:  $698.72

## SUMMARY OF DISBURSEMENTS[7]

| EXPENSE | TOTAL AMOUNT |
|---|---|
| Client Organizational Expenses[8] | $104,155.25 |
| Mail & Messengers | $20.10 |
| Overtime Meals | $449.05 |
| Reproduction Expenses | $95.50 |
| Telephone Tolls | $147.46 |
| Transportation Expenses | $1,715.75 |
| **TOTAL** | **$106,583.11** |

---

[7]   Paul Weiss charges 10 cents per page for photocopying and 75 cents per page, plus the cost of the telephone call, for outgoing facsimile transmission. Paul Weiss does not charge for incoming facsimile transmissions. These rates are consistent with this Court's Local Rules.

[8]   "Client Organizational Expenses" are charges by outside vendors for conducting lien searches and retrieving certificates of good standing for each of the Debtors in connection with the post-emergence financing facilities.

## TOTAL HOURS BY PROJECT CATEGORY

| Name | Total Hours | Total Fees |
|---|---|---|
| Applicant's Retention & Fee Applications | 21.0 | $12,954.00 |
| Exit Financing | 724.6 | $490,284.00 |
| Real Estate Emergence | 27.6 | $24,724.50 |
| **TOTAL** | **773.2** | **$527,962.50** |

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- X

In re:                                  : Chapter 11
                                        :
TRIBUNE COMPANY, *et al.*,[9]            : Case No.  08-13141 (KJC)
          Debtors.                 : (Jointly Administered)
                                        :
                                        :
                                        :
                                        :
                                        :
---------------------------------------------------------- X

## FIFTH MONTHLY AND FINAL APPLICATION OF PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP AS SPECIAL COUNSEL TO DEBTORS FOR CERTAIN FINANCING MATTERS AND REAL ESTATE EMERGENCE MATTERS FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR THE MONTHLY PERIOD FROM DECEMBER 1, 2012 THROUGH DECEMBER 31, 2012 AND THE FINAL FEE PERIOD FROM JULY 11, 2012 THROUGH DECEMBER 31, 2012

Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss"), special

counsel to the above-captioned debtors and debtors in possession (collectively, the

---

[9] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (48 1 7); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (793 I); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

"Debtors") for certain financing matters and real estate emergence matters, submits this fifth monthly and final application (the "Fifth Monthly and Final Fee Application") for (a) approval of compensation and reimbursement of expenses incurred on behalf of the Debtors during the monthly period from December 1, 2012 through December 31, 2012 (the "Monthly Application Period"), and (b) approval of final compensation and reimbursement of expenses incurred on behalf of the Debtors during the monthly period from July 11, 2012 through December 31, 2012 (the "Final Application Period"). This Fifth Monthly and Final Fee Application is submitted pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), this Court's Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 [Docket No. 225] (the "Interim Compensation Order"), as amended, and the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Application [Docket No. 546] (the "Fee Examiner Order"). In support of this Fifth Monthly and Final Fee Application, Paul Weiss respectfully represents as follows:

## I.    JURISDICTION

1.    This Court has jurisdiction over this Fifth Monthly and Final Fee Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Court possesses the requisite authority to grant the relief

requested herein pursuant sections 330 and 331 of the Bankruptcy Code. Venue is proper

in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.    BACKGROUND

2.    On December 8, 2008 (the "Petition Date"), Tribune Company and

certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the

Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. An

additional Debtor, Tribune CNLBC, LLC,[10] filed a voluntary petition for relief under

chapter 11 of the Bankruptcy Code on October 12, 2009.

3.    On January 15, 2009, this Court entered the Interim Compensation

Order that includes provisions for the compensation and reimbursement of various

professionals.

4.    On July 23, 2012, this Court entered an order confirming the

Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries

proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital

Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. (the

"Plan"). The Plan went effective on December 31, 2012.

5.    On August 31, 2012, this Court entered an Order Authorizing the

Debtors to Retain and Employ Paul, Weiss, Rifkind, Wharton & Garrison LLP as Special

Counsel for Certain Financing Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, *Nunc*

*Pro Tunc* to July 11, 2012 [Docket No. 12370] (the "Paul Weiss Retention Order").

---

[10]    Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

6.      On January 15, 2013, this Court entered the Supplemental

Retention Order, pursuant to which the Debtors' retention of Paul Weiss was expanded to

include certain real estate matters, *nunc pro tunc* to November 19, 2012.

### III.    RELIEF REQUESTED

7.      Paul Weiss seeks payment for compensation in the amounts of

$527,962.50 and reimbursement of $106,583.11 in actual, necessary expenses incurred on

the Debtors' behalf during the Monthly Application Period, and compensation in the

amounts of $1,326,316.00 and reimbursement of $115,445.52 in actual, necessary

expenses incurred on the Debtors' behalf during the Final Application Period.

8.      A summary of the hours spent, the name of each Paul Weiss

professional rendering services to the Debtors, the applicable billing rate and the total

value of time incurred in rendering services to the Debtors in addition to a summary of

relevant expense records for the Monthly Application Period precedes this Fifth Monthly

and Final Fee Application pursuant to Local Rule 2016-2(c).  Detailed time records

reflecting the time recorded for such services and billing categories for the Monthly

Application Period are attached hereto as Exhibit A.  All time entries and requested

expenses are in substantial compliance with this Court's Local Rules.

### IV.    SUMMARY OF SERVICES RENDERED
### DURING THE MONTHLY APPLICATION PERIOD

9.      As set forth in greater detail in Paul Weiss's time records, Paul

Weiss advised the Debtors in connection with certain transactional matters relating to the

Debtors' entry into the post-emergence financing facilities contemplated by the Plan and

issues relating to the Debtors' internal real estate restructuring.  Any services Paul Weiss

performed did not duplicate those services that Sidley Austin LLP provided, given that

Sidley Austin's efforts focused solely on the bankruptcy-related aspects of the Plan and the exit facilities, and Paul Weiss's efforts focused solely on the transactional and financial aspects of the exit facilities and certain real estate emergence matters.

10.    At all times, Paul Weiss organized its staff, delegated responsibility and coordinated services internally and with the Debtors' general bankruptcy counsel, Sidley Austin LLP, to maximize efficiency and avoid duplication. The professional services that Paul Weiss rendered to the Debtors during the Monthly Application Period included the following:

(i)    Applicant's Retention & Fee Applications

11.    During the Monthly Application Period, Paul Weiss prepared and filed its second and third monthly fee applications for the periods covering September 1, 2012 through September 30, 2012, and October 1, 2012 through October 31, 2012, respectively, began preparing its fourth monthly fee application for the period covering November 1, 2012 through November 30, 2012, and gathered and prepared billing information in connection with its monthly fee applications. Paul Weiss also worked with Alvarez & Marsal to prepare fee estimates in connection with Paul Weiss's work for the Debtors. Finally, Paul Weiss prepared the Supplemental Retention Application.

12.    Paul Weiss seeks $12,954.00 in compensation for its reasonable and necessary legal services rendered with respect to Applicant's Retention & Fee Applications matters during the Monthly Application Period.

(ii)    Exit Financing

13.    During the Monthly Application Period, Paul Weiss counseled the Debtors in connection with the transactional and financial aspects relating to the Debtors'

entry into two post-emergence financing facilities contemplated by the Plan: (a) a senior secured asset-based revolving credit facility of up to $300 million; and (b) a senior secured term loan facility in an aggregate amount of up to $1.1 billion. Paul Weiss primarily assisted in the negotiation of the terms of the post-emergence financing facilities, drafted, reviewed and revised the credit documents in connection therewith, and coordinated the closing of the exit facilities.

14.     Paul Weiss seeks $490,284.00 in compensation for its reasonable and necessary legal services rendered with respect to Exit Financing matters during the Monthly Application Period.

(iii)    Real Estate Emergence

15.     During the Monthly Application Period, Paul Weiss advised the Debtors in connection with issues relating to the Debtors' internal real estate restructuring and reviewed and advised on certain of the Debtors' leases in connection therewith.

16.     Paul Weiss seeks $24,724.50 in compensation for its reasonable and necessary legal services rendered with respect to Real Estate Emergence matters during the Monthly Application Period.

V.    **REQUEST FOR COMPENSATION**

17.     The compensation sought by Paul Weiss for the Monthly Application Period represents 773.2 hours of professional services at the blended hourly rate of $698.72. Of these 773.2 hours, partners accounted for 98.1 hours of professional services, counsel accounted for 204.6 hours, associates accounted for 443.9 hours, and paraprofessionals accounted for 26.6 hours.

18.     On the basis of the descriptions set forth in this Fifth Monthly and Final Fee Application and the accompanying exhibits, Paul Weiss submits that the legal

services rendered to the Debtors and the expenses incurred on their behalf were necessary and beneficial to the Debtors and their estates.

19.    Paul Weiss rendered the professional services for which it seeks compensation solely on behalf of the Debtors and in compliance with its duties as their special counsel for certain financing matters and real estate emergence matters. Paul Weiss incurred the listed expenses on the Debtors' behalf in accordance with its normal practices.

20.    With the exception of Paul Weiss's agreement not to seek compensation at a rate in excess of $1,000 per hour for any of its attorneys, the rates charged by Paul Weiss in these chapter 11 cases do not differ from the rates charged to Paul Weiss's non-bankruptcy clients. Paul Weiss maintains records of all time expended and expenses incurred in rendering services on the Debtors' behalf. The time records submitted as part of this Fifth Monthly and Final Fee Application detail the work performed by Paul Weiss during the Monthly Application Period. Paul Weiss attorneys prepare their time records substantially contemporaneously with the work they perform.

21.    Paul Weiss has not received any payment or promise of payment for its services or expenses in connection with these chapter 11 cases other than those payments discussed in this Fifth Monthly and Final Fee Application and the Rosenberg Affidavit (as defined below).

## VI.    FINAL APPLICATION PERIOD

22.    This application also covers the Final Application Period of July 11, 2012 through and including December 31, 2012. During the Final Application Period, Paul Weiss performed necessary services and incurred out-of-pocked disbursements for the Debtors and their estates. As set forth in the prior monthly and

7

interim applications, including the attachments thereto, all of which are incorporated

herein by reference, in accordance with the factors enumerated in 11 U.S.C. § 330,

approval of the fees requested for the Final Application Period is fair and reasonable

given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent

of the services rendered, (d) the value of such services, and (e) the costs of comparable

services other than in a case under this title.  In addition, the out-of-pocket disbursements

for which reimbursement is sought were actual, reasonable and necessary costs

(i) incurred while representing the Debtors and (ii) of preserving the value of the Debtors'

estates.

23.    Paul Weiss has and will continue to perform additional necessary

services subsequent to December 31, 2012 for which Paul Weiss will bill the Debtors

directly.

### VII.    AFFIDAVIT PURSUANT TO<br>BANKRUPTCY RULE 2016 AND LOCAL RULE 2016-2

24.    Pursuant to Bankruptcy Rule 2016 and Local Rule 2016-2 of this

Court's Local Rules, an affidavit by Andrew N. Rosenberg (the "Rosenberg Affidavit"), a

member of Paul Weiss, is attached hereto as Exhibit B.

### VIII.    NOTICE

25.    Pursuant to the Interim Compensation Order and the Fee Examiner

Order, notice of this Application has been provided to:  (i) co-counsel to the Debtors:

Sidley Austin LLP, One South Dearborn, Chicago, IL 60603, attn: Kenneth P. Kansa; and

Cole, Schotz, Meisel, Forman, & Leonard, P.A., 1000 N. West St., Suite 1200,

Wilmington, DE 19801, attn: J. Kate Stickles; (ii) counsel to the Barclays Bank PLC in its

capacity as Lender, Funding Agent and Administrative Agent; (iii) counsel to JPMorgan

Chase Bank in its capacity as Administrative Agent for Prepetition Lenders: Davis, Polk, & Wardwell, LLP, 450 Lexington Avenue, New York, NY 10017; (iv) counsel to the Official Committee of Unsecured Creditors; (v) the Office of the United States Trustee for the District of Delaware; and (vi) the fee examiner appointed by the Fee Examiner Order.

*[Remainder of page intentionally left blank]*

WHEREFORE, Paul Weiss respectfully requests that this Court:

(a)    award Paul Weiss compensation in the amount of $527,962.50 as compensation for necessary professional services rendered to the Debtors during the Monthly Application Period, and the sum of $106,583.11 for actual and necessary costs and expenses incurred during that period;

(b)    award Paul Weiss final allowance in the sum of $1,326,316.00 as compensation for necessary professional services rendered to the Debtors during the Final Application Period, and the sum of $115,445.52 for actual and necessary costs and expenses incurred during that period; and

(c)    grant Paul Weiss such other and further relief as this Court deems just and proper.

Dated: New York, New York
       February 28, 2013

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: _____
Andrew N. Rosenberg
(A Member of the Firm)
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000


Special Counsel to the Debtors for Certain Financing Matters
and Real Estate Emergence Matters