## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

**Objection Deadline: March 20, 2013 at 4:00 p.m.**
**Hearing Date: To Be Determined**

### FORTY-EIGHTH MONTHLY AND FINAL FEE APPLICATION OF COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A., CO-COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE MONTHLY PERIOD FROM DECEMBER 1, 2012 THROUGH DECEMBER 31, 2012 AND THE FINAL PERIOD FROM <u>DECEMBER 8, 2008 THROUGH DECEMBER 31, 2012</u>

| | |
|---|---|
| Name of Applicant: | COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A. |
| Authorized to Provide Professional Services to: | Tribune Company, *et al.* |
| Date of Retention: | February 3, 2009 *nunc pro tunc* to December 8, 2008 |
| Period for which Monthly Compensation and Reimbursement is sought: | December 1, 2012 through December 31, 2012 |
| Amount of Interim Compensation sought as actual, reasonable and necessary: | $101,853.00 |

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marketing, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-9225417v3

| | |
|---|---|
| Amount of Interim Expense Reimbursement sought as actual, reasonable and necessary: | $3,192.37 |
| Period for which Final Compensation and Reimbursement is sought: | December 8, 2008 through December 31, 2012 |
| Amount of Final Compensation sought as actual, reasonable and necessary: | $6,005,050.50[2] |
| Amount of Final Expense Reimbursement sought as actual, reasonable and necessary: | $450,357.92[3] |
| This is a: | Monthly and Final Application |

The time expended in December 2012, for the preparation of Applicant's Forty-Seventh Monthly Application and Sixteenth Quarterly Fee Application Request was approximately 6.4 hours, and the corresponding compensation requested is approximately $2,050.00.

---

[2]  The amount of final compensation sought is equal to the sum of all fees previously approved by this Court for Cole Schotz's First Quarterly Fee Application Request through the Fourteenth Quarterly Fee Application Request, plus the fees requested in Cole Schotz's Fifteenth and Sixteenth Quarterly Fee Application Requests and the Forty-Eighth Monthly Application.

[3]  The amount of final expense reimbursement sought is equal to the sum of all expenses previously approved by this Court for Cole Schotz's First Quarterly Fee Application Request through the Fourteenth Quarterly Fee Application Request, plus the expenses requested in Cole Schotz's Fifteenth and Sixteenth Quarterly Fee Application Requests and the Forty-Eighth Monthly Application.

46429/0001-9225417v3

**Prior Applications:**

| Application | | Requested Fees and Expenses | | Approved and/or Paid Fees and Expenses[4] | | Holdback Requested |
|---|---|---|---|---|---|---|
| Date Filed (DI No.) | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses | Requested Fees |
| 4/14/09 DI 1022 | 12/8/08 – 1/31/09 | $233,913.00 | $21,827.87 | $318,188.50 | $23,845.58 | $0.00 |
| 4/15/09 DI 1033 | 2/1/09 – 2/28/09 | $84,867.00 | $3,674.21 | | | |
| 5/21/09 DI 1223 | 3/1/09 – 3/31/09 | $93,216.00 | $4,754.28 | $256,368.00 | $17,090.58 | $0.00 |
| 5/29/09 DI 1274 | 4/1/09 – 4/30/09 | $85,538.50 | $9,310.40 | | | |
| 7/14/09 DI 1728 | 5/1/09 – 5/31/09 | $77,805.50 | $3,025.90 | | | |
| 7/22/09 DI 1802 | 6/1/09 – 6/30/09 | $106,998.50 | $5,684.58 | $301,335.00 | $18,211.92 | $0.00 |
| 8/28/09 DI 2051 | 7/1/09 – 7/31/09 | $87,804.50 | $8,160.20 | | | |
| 10/2/09 DI 2275 | 8/1/09 – 8/31/09 | $106,819.00 | $4,367.14 | | | |
| 11/25/09 DI 2672 | 9/1/09 – 9/30/09 | $70,349.00 | $6,301.43 | $234,288.50 | $17,104.51 | $0.00 |
| 11/25/09 DI 2673 | 10/31/09 – 10/31/09 | $60,948.00 | $10,706.61 | | | |
| 12/23/09 DI 2905 | 11/1/09 – 11/30/09 | $103,033.50 | $96.48 | | | |
| 2/9/10 DI 3351 | 12/1/09 – 12/31/09 | $81,304.00 | $3,248.00 | $312,939.50 | $13,336.13 | $0.00 |
| 2/19/10 DI 3511 | 1/1/10 – 1/31/10 | $106,040.50 | $2,637.20 | | | |
| 4/7/10 DI 3966 | 2/1/10 – 2/28/10 | $126,542.00 | $7,450.93 | | | |
| 5/7/10 DI 4259 | 3/1/10 – 3/31/10 | $129,845.50 | $5,187.23 | $440,371.50 | $40,612.60 | $0.00 |
| 7/15/10 DI 5051 | 4/1/10 – 4/30/10 | $151,550.50 | $8,795.37 | | | |
| 8/13/10 DI 5378 | 5/1/10 – 5/31/10 | $159,643.50 | $26,630.00 | | | |
| 9/1/10 DI 5602 | 6/1/10 – 6/30/10 | $125,634.50 | $4,149.40 | $425,928.50 | $17,087.22 | $0.00 |
| 9/1/10 DI 5603 | 7/1/10 – 7/31/10 | $166,564.50 | $5,945.64 | | | |
| 10/29/10 DI 6175 | 8/1/10 – 8/31/10 | $134,114.50 | $6,992.18 | | | |
| 11/4/10 DI 6233 | 9/1/10 – 9/30/10 | $180,627.50 | $4,660.41 | $562,024.75 | $42,989.04 | $0.00 |
| 11/12/10 DI 6416 | 10/1/10 – 10/31/10 | $157,302.50 | $5,188.34 | | | |
| 12/30/10 DI 7353 | 11/1/10 – 11/30/10 | $224,267.25 | $33,140.29 | | | |

---

[4]  The amount of fees and/or expenses approved for certain periods reflects an agreed upon reduction recommended by the Fee Examiner.

| Application | | Requested Fees and Expenses | | Approved and/or Paid Fees and Expenses[4] | | Holdback Requested |
|---|---|---|---|---|---|---|
| 3/1/11 DI 8205 | 12/1/10 – 12/31/10 | $162,941.50 | $37,286.10 | $500,667.75 | $57,900.13 | $0.00 |
| 3/11/11 DI 8346 | 1/1/11 – 1/31/11 | $133,318.25 | $7,280.20 | | | |
| 4/15/11 DI 8679 | 2/1/11 – 2/28/11 | $204,408.00 | $13,333.83 | | | |
| 5/6/11 DI 8859 | 3/1/11 – 3/31/11 | $288,195.00 | $87,978.25 | $543,764.50 | $140,465.97 | $0.00 |
| 5/31/11 DI 9028 | 4/1/11 – 4/30/11 | $143,455.50 | $48,295.24 | | | |
| 6/10/11 DI 9232 | 5/1/11 – 5/31/11 | $112,806.50 | $4,192.48 | | | |
| 7/27/11 DI 9556 | 6/1/11 – 6/30/11 | $118,344.00 | $4,770.03 | $262,875.00 | $8,360.81 | $0.00 |
| 9/2/11 DI 9745 | 7/1/11 – 7/31/11 | $50,853.00 | $3,084.16 | | | |
| 9/22/11 DI 9808 | 8/1/11 – 8/31/11 | $93,965.50 | $506.62 | | | |
| 11/18/11 DI 10270 | 9/1/11 – 9/30/11 | $59,506.50 | $1,395.90 | $246,647.50 | $4,197.67 | $0.00 |
| 11/18/11 DI 10271 | 10/1/11 – 10/31/11 | $99,659.00 | $988.31 | | | |
| 1/24/12 DI 10687 | 11/1/11 – 11/30/11 | $92,059.00 | $1,813.46 | | | |
| 2/3/12 DI 10843 | 12/1/11 – 12/31/11 | $81,930.50 | $1,209.43 | $274,201.00 | $3,012.28 | $0.00 |
| 3/30/12 DI 11270 | 1/1/12 – 1/31/12 | $98,823.50 | $952.40 | | | |
| 3/30/12 DI 11272 | 2/1/12 – 2/29/12 | $93,744.50 | $850.45 | | | |
| 4/18/12 DI 11430 | 3/1/12 – 3/31/12 | $149,159.50 | $3,828.78 | $362,210.50 | $15,260.81 | $0.00 |
| 6/15/12 DI 11821 | 4/1/12 – 4/30/12 | $103,073.00 | $10,194.75 | | | |
| 7/17/12 DI 12044 | 5/1/12 – 5/31/12 | $110,216.00 | $1,237.28 | | | |
| 8/8/12 DI 12219 | 6/1/12 – 6/30/12 | $132,464.50 | $11,059.44 | $358,657.60 | $21,787.30 | $89,664.40 |
| 8/20/12 DI 12300 | 7/1/12 – 7/31/12 | $148,750.50 | $3,448.98 | | | |
| 10/5/12 DI 12517 | 8/1/12 – 8/31/12 | $167,107.00 | $7,278.88 | | | |
| 10/16/12 DI 12581 | 9/1/12 – 9/30/12 | $117,670.00 | $761.50 | $330,452.00 | $5,903.00 | $82,613.00 |
| 11/20/12 DI 12742 | 10/1/12 – 10/31/12 | $173,167.00 | $2,911.57 | | | |
| 12/14/12 DI 12850 | 11/1/12 – 11/30/12 | $122,228.00 | $2,229.93 | | | |
| 2/28/13 | 12/1/12 – 12/31/12[25] | $101,853.00 | $3,192.37 | *pending* ($81,482.40) | *pending* ($3,192.37) | $20,370.60 |
| **TOTAL** | | **$6,014,428.00** | **$452,014.43** | **$5,812,402.50** | **$450,357.92** | **$192,648.00** |

[5] By this Application, Applicant requests approval of fees in the amount of $101,853.00 and reimbursement of expenses in the amount of $3,192.37 for the period December 1, 2012 through December 31, 2012.

**TRIBUNE COMPANY, et al.**

**SUMMARY OF BILLING BY PROFESSIONAL**
**FOR THE PERIOD DECEMBER 1, 2012 THROUGH DECEMBER 31, 2012**

| Name of Professional Person | Date of Bar Admission | Position with the Applicant and Number of Years in that Position | Hourly Billing Rate[1] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Norman L. Pernick | 1985 | Member (since 2008) | $765.00 | 3.3 | $2,524.50 |
| J. Kate Stickles | 1990 | Member (since 2008) | $625.00 | 111.5 | $69,687.50 |
| Patrick J. Reilley | 2003 | Member (since 2011) | $430.00 | 40.9 | $17,587.00 |
| Pauline Z. Ratkowiak | N/A | Paralegal (since 2008) | $235.00 | 44.4 | $10,434.00 |
| Kimberly A. Karstetter | N/A | Paralegal (since 2008) | $200.00 | 8.1 | $1,620.00 |
| **TOTAL:** | | | | **208.20** | **$101,853.00** |
| **BLENDED RATE:** | | | | **$489.21** | |

---

[1] The rate represents the regular hourly rate for each attorney and paralegal who rendered legal services. All hourly rates are adjusted by Cole, Schotz, Meisel, Forman & Leonard, P.A. on an annual basis (the last such adjustment occurred on October 1, 2012).

## TRIBUNE COMPANY, et al.

### CUMULATIVE SUMMARY OF BILLING BY PROFESSIONAL
### FOR THE PERIOD DECEMBER 8, 2008 THROUGH DECEMBER 31, 2012

| Name of Professional Person | Date of Bar Admission | Position with Applicant and Number of Years in Position | Hourly Billing Rate[1] | Total Billed Hours | Total Compensation (Requested)[2] |
|---|---|---|---|---|---|
| Norman L. Pernick | 1985 | Member (since 2008) | $765.00 | 57.1 | $43,681.50 |
| | | | $750.00 | 316.0 | $237,000.00 |
| | | | $725.00[3] | 719.9 | $516,671.25 |
| | | | $700.00 | 487.0 | $340,900.00 |
| | | | $650.00 | 214.0 | $139,100.00 |
| Michael D. Sirota | 1986 | Member (since 1992) | $725.00 | 20.5 | $14,862.50 |
| Gerald H. Gline | 1977 | Member (since 1982) | $700.00 | 1.0 | $700.00 |
| John H. Drucker | 1979 | Member (since 2006) | $690.00 | 0.5 | $345.00 |
| J. Kate Stickles | 1990 | Member (since 2008) | $625.00 | 418.4 | $261,500.00 |
| | | | $595.00 | 1,518.1 | $903,269.50 |
| | | | $575.00[4] | 1,543.9 | $885,931.25 |
| | | | $550.00 | 1,351.8 | $743,490.00 |
| | | | $480.00 | 1,168.2 | $560,736.00 |
| Michael F. Bonkowski | 1983 | Member (since 2008) | $595.00 | 0.9 | $535.50 |
| | | | $575.00 | 12.0 | $6,900.00 |
| | | | $550.00 | 14.2 | $7,810.00 |
| | | | $525.00 | 15.7 | $8,242.50 |
| Stuart Komrower | 1984 | Member (since 1994) | $580.00 | 49.2 | $28,536.00 |
| Marion Quirk | 2001 | Member (since 2009) | $575.00 | 0.2 | $115.00 |
| | | | $550.00 | 2.7 | $1,485.00 |
| | | | $475.00 | 0.2 | $95.00 |
| David Bass | 1994 | Member (since 1996) | $550.00 | 4.6 | $2,530.00 |
| | | | $425.00 | 0.2 | $85.00 |
| Marc Press | 1987 | Member (since 2000) | $540.00 | 4.7 | $2,538.00 |
| Alan Rubin | 1981 | Member (since 1995) | $525.00 | 0.2 | $105.00 |

---

[1]  All hourly rates are adjusted by Cole, Schotz, Meisel, Forman & Leonard, P.A. on an annual basis.

[2]  The total compensation requested is equal to the sum of all fees previously requested in Cole Schotz's First Quarterly Fee Application Request through the Sixteenth Quarterly Fee Application Request, plus the fees requested in Cole Schotz's Forty-Eighth Monthly Application.  The total requested compensation does not reflect agreed upon reductions in fees in the amount of $9,377.50.

[3]  This amount reflects a reduction of $5,256.25 (50%) related to non-working travel.

[4]  This amount reflects a reduction of $1,811.25 (50%) related to non-working travel.

| Name of Professional Person | Date of Bar Admission | Position with Applicant and Number of Years in Position | Hourly Billing Rate[1] | Total Billed Hours | Total Compensation (Requested)[2] |
|---|---|---|---|---|---|
| Jordan Fisch | 1995 | Member (since 2004) | $510.00 | 1.5 | $765.00 |
| | | | $465.00 | 2.8 | $1,302.00 |
| Warren Usatine | 1995 | Member (since 2002) | $475.00[5] | 10.6 | $4,370.00 |
| Patrick J. Reilley | 2003 | Member (since 2011) | $430.00 | 88.2 | $37,926.00 |
| | | | $410.00 | 157.0 | $64,370.00 |
| | | | $380.00 | 316.0 | $120,080.00 |
| | | | $365.00 | 57.4 | $20,951.00 |
| | | | $330.00 | 61.8 | $20,394.00 |
| G. David Dean | 2002 | Member (since 2011) | $380.00 | 0.2 | $76.00 |
| | | | $300.00 | 1.8 | $540.00 |
| Mark J. Politan | 1998 | Member (since 2008) | $365.00 | 1.3 | $474.50 |
| Karen M. Grivner | 2002 | Associate (since 2008) | $365.00 | 5.1 | $1,861.50 |
| | | | $350.00 | 4.0 | $1,400.00 |
| | | | $315.00 | 16.0 | $5,040.00 |
| Robyn A. Pelligrino | 1996 | Associate (since 2005) | $350.00 | 3.0 | $1,050.00 |
| Sanjay Bhatnagar | 2006 | Associate (since 2009) | $300.00 | 1.7 | $510.00 |
| | | | $275.00 | 7.2 | $1,980.00 |
| Therese A. Scheuer | 2008 | Associate (since 2011) | $285.00 | 11.5 | $3,277.50 |
| Grant Cartwright | N/A | Associate (since 2011) | $280.00 | 31.4 | $8,792.00 |
| Jill Geisenheimer | 2008 | Associate (since 2008) | $260.00 | 6.0 | $1,560.00 |
| | | | $245.00 | 20.3 | $4,973.50 |
| Frances Pisano | N/A | Paralegal (since 1992) | $235.00 | 5.9 | $1,386.50 |
| | | | $230.00 | 0.3 | $69.00 |
| Pauline Z. Ratkowiak | N/A | Paralegal (since 2008) | $235.00 | 218.3 | $51,300.50 |
| | | | $230.00 | 968.2 | $222,686.00 |
| | | | $225.00 | 1,399.6 | $314,910.00 |
| | | | $210.00 | 1,144.6 | $240,366.00 |
| | | | $190.00 | 700.0 | $133,000.00 |
| Kimberly A. Karstetter | N/A | Paralegal (since 2008) | $200.00 | 10.8 | $2,160.00 |
| | | | $190.00 | 34.3 | $6,517.00 |
| | | | $180.00 | 74.8 | $13,464.00 |
| | | | $170.00 | 55.0 | $9,350.00 |
| | | | $160.00 | 17.5 | $2,800.00 |
| Kerri L. LaBrada | N/A | Paralegal (since 2010) | $200.00 | 3.4 | $680.00 |
| | | | $185.00 | 37.2 | $6,882.00 |
| **TOTAL:** | | | | **13,395.90** | **$6,014,428.00** |
| **BLENDED RATE:** | | | | **$448.98** | |

---

[5] This amount reflects a reduction of $665.00 (50%) related to non-working travel.

46429/0001-9225417v3

**TRIBUNE COMPANY, et al.**

**COMPENSATION BY PROJECT CATEGORY FOR THE PERIOD**
**DECEMBER 1, 2012 THROUGH DECEMBER 31, 2012**

| Project Category | Total Hours | Total Fees (Requested) |
|---|---|---|
| Asset Dispositions, Sales, Uses and Leases (Section 363) | 0.0 | $0.00 |
| Automatic Stay Matters/Litigation | 4.6 | $2,524.00 |
| Bank Claims and Litigation Matters | 0.0 | $0.00 |
| Case Administration | 18.6 | $9,026.50 |
| Cash Collateral and DIP Financing | 0.0 | $0.00 |
| Claims Analysis, Administration and Objections | 66.4 | $33,919.50 |
| Committee Matters and Creditor Meetings | 0.0 | $0.00 |
| Creditor Inquiries | 0.0 | $0.00 |
| Disclosure Statement/Voting Issues | 0.0 | $0.00 |
| Employee Matters | 0.0 | $0.00 |
| Executory Contracts | 12.3 | $6,849.00 |
| Fee Application Matters/Objections | 39.4 | $14,882.00 |
| Foreign Law/Proceedings/Regs; Non-Debtor Affiliate JV | 0.0 | $0.00 |
| Intellectual Property and Licenses | 0.0 | $0.00 |
| Leases (Personal Property and Financing) | 0.0 | $0.00 |
| Leases (Real Property) | 0.0 | $0.00 |
| Litigation/General (Except Automatic Stay) | 0.3 | $109.50 |
| Non-Working Travel | 0.0 | $0.00 |
| Preference and Avoidance Actions | 13.0 | $7,504.50 |
| Preparation for and Attendance at Hearings | 11.3 | $4,349.50 |
| Press/Public Affairs | 0.4 | $250.00 |
| Reorganization Plan | 27.9 | $16,188.00 |
| Reports; Statements and Schedules | 0.9 | $367.50 |
| Retention Matters | 2.0 | $1,037.50 |
| Tax/General | 0.0 | $0.00 |
| U.S. Trustee Matters and Meetings | 0.0 | $0.00 |
| Utilities/ Section 366 Issues | 0.0 | $0.00 |
| Vendor Matters | 11.1 | $4,845.50 |
| General Corporate Business | 0.0 | $0.00 |
| **TOTAL** | **208.20** | **$101,853.00** |

**TRIBUNE COMPANY, et al.**

## CUMULATIVE FINAL COMPENSATION BY PROJECT CATEGORY
## FOR THE PERIOD DECEMBER 8, 2008 THROUGH DECEMBER 31, 2012

| Project Category | Total Hours | Total Fees (Requested)[1] |
|---|---|---|
| Asset Dispositions, Sales, Uses and Leases (Section 363) | 147.3 | $64,467.00 |
| Automatic Stay Matters/Litigation | 151.7 | $70,531.00 |
| Bank Claims and Litigation Matters | 14.2 | $5,292.50 |
| Case Administration | 1,056.1 | $389,477.50 |
| Cash Collateral and DIP Financing | 117.8 | $50,528.00 |
| Claims Analysis, Administration and Objections | 944.6 | $425,565.50 |
| Committee Matters and Creditor Meetings | 32.9 | $20,255.50 |
| Creditor Inquiries | 44.6 | $17,403.50 |
| Disclosure Statement/Voting Issues | 448.3 | $219,095.50 |
| Employee Matters | 446.5 | $213,302.00 |
| Executory Contracts | 139.7 | $57,906.50 |
| Fee Application Matters/Objections | 2,234.6 | $780,134.50 |
| Foreign Law/Proceedings/Regs; Non-Debtor Affiliate JV | 8.9 | $4,498.50 |
| Intellectual Property and Licenses | 6.0 | $2,548.00 |
| Leases (Personal Property and Financing) | 2.6 | $697.00 |
| Leases (Real Property) | 80.5 | $31,193.00 |
| Litigation/General (Except Automatic Stay) | 802.9 | $392,738.00 |
| Non-Working Travel | 23.6 | $7,732.50 |
| Preference and Avoidance Actions | 388.8 | $183,774.50 |
| Preparation for and Attendance at Hearings | 2,635.6 | $1,182,808.00 |
| Press/Public Affairs | 3.0 | $1,947.50 |
| Reorganization Plan | 2,663.3 | $1,469,340.00 |
| Reports; Statements and Schedules | 227.3 | $96,046.00 |
| Retention Matters | 449.1 | $173,483.50 |
| Tax/General | 15.9 | $6,494.00 |
| U.S. Trustee Matters and Meetings | 83.8 | $42,839.00 |
| Utilities/ Section 366 Issues | 144.7 | $64,904.50 |
| Vendor Matters | 45.3 | $19,624.50 |
| General Corporate Business | 36.3 | $19,800.50 |
| **TOTAL** | **13,395.90** | **$6,014,428.00** |

---

[1]  The total fees requested is equal to the sum of all fees previously requested by project category in Cole Schotz's First Quarterly Fee Application Request through the Sixteenth Quarterly Fee Application Request, plus the fees requested in Cole Schotz's Forty-Eighth Monthly Application.  The total requested compensation does not reflect agreed upon reductions in fees in the amount of $9,377.50.

**TRIBUNE COMPANY, et al.**

**MONTHLY EXPENSE SUMMARY**
**FOR THE PERIOD DECEMBER 1, 2012 THROUGH DECEMBER 31, 2012**

| Expense Category | Service Provider (if applicable) | Total Expenses for December 2012 |
|---|---|---|
| Photocopying/Printing/Scanning (1,757 pages @ $0.10/page) | | $175.70 |
| Telephone | | $642.19 |
| Postage | | $17.42 |
| Overtime | Secretarial | $235.72 |
| Document Retrieval / Court Documents / Document Archive Retrieval Fee | PACER Service Center; Parcels, Inc. | $72.70 |
| Certified Copy of Court Document | Parcels, Inc. | $1,909.50 |
| Overnight Delivery | Federal Express | $139.14 |
| **TOTAL:** | | **$3,192.37** |

**TRIBUNE COMPANY, et al.**

**CUMULATIVE FINAL EXPENSE SUMMARY**
**FOR THE PERIOD DECEMBER 8, 2008 THROUGH DECEMBER 31, 2012**

| Expense Category | Service Provider (if applicable) | Total Expenses (Requested)[1] |
|---|---|---|
| Photocopying/Printing/Scanning (646,999 pages @ $0.10/page) | | $64,699.90 |
| Telephone | | $3,975.13 |
| Telecopier | | $368.00 |
| Postage | | $1,764.77 |
| Overtime | Staff/Secretarial; Parcels, Inc. | $19,451.28 |
| Travel Expenses (Working Meals, Transportation charges, taxi, parking, mileage, car service) | Eagle Transportation Services; City Wide Transportation; Buker Limousine Car Service; City Limo; Dave's Limo; B's Shuttle Service; Purebread IV; Manhattan Bagel; Mikimoto's; Washington St. Ale House; Healy's; Cavanaugh's Restaurant; Parcels, Inc.; Bean Bag Cafe; Purebread; Roadrunner Express; Urban Café; Toscano To Go; Sugar Foot; Primp; Chelsea; Rat Pack Café; Cherry Tree Hospitality Group; Feby's Fishery; Ciao Pizza; Extreme Pizza; Panera Bread; Hunan Inn; Appleton Catering; Greenery Caterers; Hunan Asian; BJ's Wholesale Warehouse | $45,809.26 |
| Travel Expenses (Trainfare) | Amtrak | $864.37 |
| Travel Expenses (Airfare) | | $684.50 |
| Document Retrieval / Court Documents / Document Archive Retrieval Fee | PACER Service Center; Reed Elsevier, Inc.; Parcels, Inc. | $5,948.74 |
| Filing Fees (Amended Schedules; Petition; Complaints; *Pro Hac Vice* Motions, Telephonic Court Appearance Fees, Electronic Filing/Service Fees) | U.S. District Court; U.S. Bankruptcy Court; CourtCall; Parcels, Inc. | $38,956.00 |
| Overnight Delivery | Federal Express | $20,301.00 |
| Messenger Service | Parcels, Inc. | $14,111.96 |
| Outside Photocopying | Parcels, Inc.; Diaz Data Services | $81,221.75 |

---

[1] The total expenses requested is equal to the sum of all expenses previously requested by Expense Category in Cole Schotz's First Quarterly Fee Application Request through the Sixteenth Quarterly Fee Application Request, plus the expenses requested in Cole Schotz's Forty-Eighth Monthly Application. The amount of total requested expenses does not reflect agreed upon reductions in expenses in the amount of $1,656.51.

| Expense Category | Service Provider (if applicable) | Total Expenses (Requested)[1] |
|---|---|---|
| Outside Telecopier | Parcels, Inc. | $17,447.50 |
| Outside Postage | Parcels, Inc. | $10,330.23 |
| Certified Copies | Parcels, Inc. | $2,471.05 |
| Transcripts | Laws Transcription Service; Transcripts Plus; Jennifer Ryan Enslen; Writer's Cramp; Diaz Data Services; Veritext; J&J Transcribers; Diana Doman Transcribing; Perfect Pages Transcription & Reporting; Elaine M. Ryan | $20,174.35 |
| Miscellaneous (Technical Services; Mediation Facility Deposit; meeting expenses; Meeting Room – Formation Meeting) | Tech Solutions, Inc.; Hotel Du Pont; Minister of Finance of British Columbia; The Ministry of the Attorney; BPG Office Partners; Crimpco; Comcast Cable; Corporate Interiors Rental; Aquipt, Inc.; Parcels, Inc.; Morris James; Trial Support Logistics | $100,439.03 |
| Legal Research | Westlaw; Lexis-Nexis | $2,995.61 |
| **TOTAL:** | | **$452,014.43** |

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |
| | Objection Deadline: March 20, 2013 at 4:00 p.m.<br>Hearing Date: To Be Determined |

## FORTY-EIGHTH MONTHLY AND FINAL APPLICATION OF COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A., CO-COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE MONTHLY COMPENSATION PERIOD DECEMBER 1, 2012 THROUGH DECEMBER 31, 2012 AND THE FINAL COMPENSATION PERIOD FROM DECEMBER 8, 2008 THROUGH DECEMBER 31, 2012

Cole, Schotz, Meisel, Forman & Leonard, P.A. ("Cole Schotz" or "Applicant"), co-counsel to Tribune Company ("Tribune") and the other affiliated reorganized debtors in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] respectfully submits this application (the "Application") to this Court, pursuant to (i) sections 327, 331 and 503 of title 11 of the United States Code (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] As used herein, the term "Debtors" includes the entities that are successors-in-interest to the Debtors as of the Effective Date of the DCL Plan (as defined herein), after taking into account the Restructuring Transactions (as described in the DCL Plan).

(the "Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (iv) the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (Docket No. 225) (the "Interim Compensation Order"), as amended, and (v) the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications (Docket No. 546) (the "Fee Examiner Order") for (i) allowance of compensation for professional legal services rendered and reimbursement of actual and necessary expenses incurred for the period from December 1, 2012 through December 31, 2012 (the "Monthly Compensation Period"), and (ii) allowance of final compensation for professional legal services rendered and reimbursement of actual and necessary expenses incurred for the period from December 8, 2008 through December 31, 2012 (the "Final Compensation Period").   In support of this Application Cole Schotz respectfully represents as follows:

## Introduction

1.        On December 8, 2008 (the "Petition Date"), Tribune and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  An additional Debtor, Tribune CNLBC, LLC,[3] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.   On March 22, 2010, this Court entered an order dismissing the chapter 11 petition of New River Center Maintenance Association, Inc. (Docket No. 3805).   On May 24, 2011, this Court entered an order dismissing the chapter 11 petition of Publishers Forest Products Co. of Washington (Docket No. 11688).

---

[3] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

46429/0001-9225417v3

2.     The Debtors' chapter 11 cases (the "Cases") have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

3.     On January 15, 2009, this Court entered the Interim Compensation Order (Docket No. 225).

4.     On March 19, 2009, the Court entered the Fee Examiner Order (Docket No. 546) appointing Stuart Maue as the Fee Examiner (the "Fee Examiner") to act as special consultant to the Court for professional fee and expense analysis and review, effective *nunc pro tunc* to February 20, 2009.

5.     On July 23, 2012, the Court entered an Order (Docket No. 12074) (the "Confirmation Order") Confirming Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (Docket No. 12072) (the "DCL Plan").

6.     The Effective Date of the DCL Plan occurred on December 31, 2012 (the "Effective Date") (Docket No. 12939).

### Jurisdiction

7.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327, 331, and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

46429/0001-9225417v3

## Procedural Background For The Application

8.    The Debtors sought approval of this Court to employ and retain Cole Schotz as general reorganization and bankruptcy co-counsel for the Debtors pursuant to 11 U.S.C. §§ 327(a) and 1107(a) (Docket No. 172).[4]

9.    On February 3, 2009, this Court authorized the Debtors to retain Applicant, *nunc pro tunc* to December 8, 2008 (Docket No. 322).

10.    The Interim Compensation Order and the Fee Examiner Order (together, the "Fee Orders") provide that all professionals retained in the Cases pursuant to sections 327, 328, or 1103 of the Bankruptcy Code (the "Case Professionals") must file with the Court and provide to the Fee Examiner monthly applications for interim allowance of compensation for services rendered and reimbursement of expenses incurred, together with the applicable time entries and itemized expenses (the "Monthly Fee Application").    The notice parties specified in the Fee Orders (the "Notice Parties") have twenty (20) days after service of a Monthly Fee Application to object to such Monthly Fee Application (the "Objection Deadline").    Upon expiration of the

---

[4]    The Retention Application provided that Applicant's scope of services would include the following:

a.   advising the Debtors of their rights, powers and duties as debtors in possession;
b.   advising the Debtors regarding matters of bankruptcy law;
c.   representing the Debtors in proceedings and hearings in the United States Bankruptcy Court for the District of Delaware;
d.   preparing on behalf of the Debtors any necessary motions, applications, orders, responses, and other legal papers;
e.   providing assistance, advice, and representation concerning the confirmation of any proposed plan(s) and solicitation of any acceptances or responding to objections to such plan(s);
f.   advising the Debtors concerning, and assisting in the negotiation and documentation of, financing agreements, debt restructurings, cash collateral arrangements, and related transactions;
g.   providing assistance, advice, and representation concerning any possible sale of the Debtors' assets;
h.   reviewing the nature and validity of liens asserted against the property of the Debtors and advising the Debtors concerning the enforceability of such liens;
i.   providing assistance, advice and representation concerning any further investigation of the assets, liabilities, and financial condition of the Debtors that may be required under local, state, or federal law;
j.   prosecuting and defending litigation matters and such other matters that might arise during these chapter 11 cases;
k.   providing counseling and representation with respect to assumption or rejection of executory contracts and leases, sales of assets, and other bankruptcy-related matters arising from these cases;
l.   rendering advice with respect to general corporate and litigation issues relating to these cases, including, but not limited to, securities, corporate finance, tax, and commercial matters;
m.   preparing and pursuing confirmation of a plan and approval of a disclosure statement; and
n.   performing such other legal services as may be necessary and appropriate for the efficient and economical administration of these chapter 11 cases.

4

46429/0001-9225417v3

Objection Deadline, the applicable Case Professional must certify in writing that no objection or partial objection has been filed with the Court relative to that professional's Monthly Fee Application, whereupon the Debtors are authorized to pay such professional an amount equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application or (ii) 80% of the fees and 100% of the expenses not subject to an objection.

11.    Pursuant to the procedures set forth in the Fee Orders, Cole Schotz prepared, filed with the Court, and served upon the Notice Parties and the Fee Examiner Monthly Fee Applications for the periods commencing December 8, 2008 through November 30, 2012, which Monthly Fee Applications are incorporated herein by reference.[5]

12.    In addition to the Monthly Fee Applications, beginning with the three-month period ending February 28, 2009, and each three-month period thereafter, all Case Professionals were required to file with the Court and serve on the Notice Parties interim applications for allowance of compensation and reimbursement of expenses of the amounts sought in the Monthly Fee Applications filed during such period (a "Quarterly Fee Application Request"). See Interim Compensation Order at ¶ 3. Cole Schotz prepared, filed with the Court, and served upon the Notice Parties and the Fee Examiner Quarterly Fee Application Requests for the interim periods commencing December 8, 2008 through November 30, 2012, which Quarterly Fee Application Requests are incorporated herein by reference.[6]

13.    Section 9.2 of the DCL Plan provides that all Case Professionals must file with the Court and serve on the Debtors and their counsel, the Fee Examiner, and the Office of the

---

[5] The docket numbers of Cole Schotz's Monthly Fee Applications are: 1022, 1033, 1223, 1274, 1728, 1802, 2051, 2275, 2672, 2673, 2905, 3351, 3511, 3966, 4259, 5051, 5378, 5602, 5603, 6175, 6233, 6416, 7353, 8205, 8346, 8679, 8859, 9028, 9232, 9556, 9745, 9808, 10270, 10271, 10687, 10843, 11270, 11272, 11430, 11821, 12044, 12219, 12300, 12517, 12581, 12742, 12850.

[6] The docket numbers of Cole Schotz's Quarterly Fee Application Requests are: 1035, 1740, 2347, 3120, 4081, 5604, 6432, 7400, 8680, 9390, 9810, 10696, 11305, 12046, 12532 and 12968.

46429/0001-9225417v3

United States Trustee, final requests for compensation or reimbursement (a "Final Fee Application") not later than sixty (60) days after the Effective Date of the DCL Plan. This Application represents Cole Schotz's Final Fee Application in the Cases.

<div align="center"><b>Relief Requested</b></div>

14.     By this Application, Cole Schotz requests (i) allowance of compensation for professional legal services rendered in the amount of $101,853.00 together with reimbursement of actual and necessary expenses incurred in the amount of $3,192.37 for the Monthly Compensation Period; and (ii) final allowance of compensation for professional services rendered in the amount of $6,005,050.50 together with reimbursement of actual and necessary expenses incurred in the amount of $450,357.92 for the Final Compensation Period.

<div align="center"><b>Request For Approval Of Compensation And Reimbursement Of Expenses<br>For The Monthly Compensation Period</b></div>

**A.      Services Rendered in the Monthly Compensation Period**

15.     Attached hereto as Exhibit A is a detailed statement of fees incurred during the Monthly Compensation Period reflecting the amount of $101,853.00 due for services rendered. The summary reflects Applicant's hours for each project category for the Monthly Compensation Period, and the corresponding value of those hours at Applicant's normal billing rates.

16.     The full breadth of Applicant's services for the Monthly Compensation Period are also reflected in Exhibit A. The following summary highlights the major areas in which Applicant rendered services for the Monthly Compensation Period.

(a)     Case Administration (18.6 hours; $9,026.50). This category includes a number of different tasks necessary to comply with the requirements of this Court and the Bankruptcy Code, including without limitation, reviewing general case documents, reviewing and maintaining a case calendar, maintaining a critical dates chart, scheduling

<div align="center">6</div>

of hearings with the Court, responding to general case inquiries and document requests, conferencing with co-counsel regarding tasks, division of labor and strategies, and other miscellaneous tasks not otherwise separately classifiable.

(b)     Claims Analysis, Administration and Objections (66.4 hours; $33,919.50). This category includes, but is not limited to, time spent conferencing with Debtors' professionals and co-counsel regarding the reconciliation and resolution of claims; communicating with claimants regarding pending objections to claims; and reviewing, executing, and filing certifications regarding claim objections and resolutions, an omnibus objection to claims, and a motion for order approving a claims settlement.

(c)     Fee Application Matters/Objections (39.4 hours; $14,882.00).    This category includes time spent preparing and filing Applicant's fee applications and certifications regarding Applicant's fee applications, as well as researching, preparing and responding to the Fee Examiner's preliminary reports with respect to Applicant's interim fee applications.  This category also includes time spent corresponding with the Debtors' other professionals regarding their fee applications and fee-related issues, filing their fee applications, and preparing and filing certifications with respect to their fee applications. In addition, this category includes time spent preparing and filing notices with respect to the payment of ordinary course professionals' fees and expenses, preparing a cumulative chart of fees and expenses of all billing professionals, and communicating with the Fee Examiner concerning fee issues.

(d)     Preferences and Avoidance Actions (13.0 hours; $7,504.50).    This category includes time spent communicating with parties in interest regarding amendments to tolling agreements and pending adversary actions.  This category also

7

includes time spent communicating with co-counsel and reviewing and filing a motion to authorize substitution of Debtors in certain pending adversary proceedings originally initiated on behalf of the Debtors' estates by the Creditors' Committee.

      (e)    <u>Preparation for and Attendance at Hearings</u> (11.3 hours; $4,349.50). This category includes time spent preparing for the monthly omnibus hearing, including reviewing documents and conferencing with the Debtors' representatives and professionals regarding the hearing. In addition, this category includes time spent preparing and filing notices of hearing and notices of agenda, preparing hearing notebooks, and communicating with co-counsel and other parties in interest with respect to the status of matters scheduled for hearing.

      (f)    <u>Reorganization Plan</u> (27.9 hours; $16,188.00). This category includes a number of different tasks in preparation for the Debtors emergence from their chapter 11 cases, including communications with Debtors' professionals and co-counsel with respect to restructuring transactions, distributions, plan exhibits and other emergence tasks; review of documents related to restructuring transactions; communications with certain escrow parties regarding the status of the escrow account and transfer of a position; preparation and filing of amended and supplemental exhibits to the Plan and a notice of the Effective Date; and review of pleadings and orders filed in the six appeals of the Confirmation Order pending in the District Court.

      (g)    <u>Vendor Matters</u> (11.1 hours; $4,845.50). This category includes time spent reviewing pleadings in the Vertis bankruptcy case and addressing claim and cure issues.

**B.      Expenses Incurred in the Monthly Compensation Period**

17.      Cole Schotz incurred expenses in the amount of $3,192.37 in connection with its services rendered to the Debtors in the Monthly Compensation Period.  Attached hereto as Exhibit B is a detailed statement of expenses incurred during the Monthly Compensation Period reflecting the amount of $3,192.37 due for reimbursement of expenses.  The expenses for which reimbursement is requested include:  copying,[7] printing, scanning; telephone; telecopy;[8] postage; computer assisted legal research;[9] overnight delivery charges; secretarial and staff overtime; document retrieval; certified copy charges.  The expenses for which reimbursement is sought were actual, reasonable, and necessary costs incurred by Cole Schotz while representing the Debtors.

**Request For Approval Of Compensation And Reimbursement Of Expenses
For The Final Compensation Period**

18.      By this Application, Cole Schotz requests final approval of all fees incurred by Cole Schotz in the Cases during the Final Compensation Period in the amount of $6,005,050.50 together with reimbursement for actual and necessary expenses incurred in the amount of $450,357.92.[10]

---

[7]  In accordance with Del. Bankr. L.R. 2016-2(e)(iii), Cole Schotz does not charge more than $0.10 per page for photocopies.

[8]  In accordance with Del. Bankr. L.R. 2016-2(e)(iii), Cole Schotz does not charge for incoming facsimile transmissions and does not charge more than $1.00 per page for outgoing facsimiles.

[9]  Cole Schotz is under contract to pay providers of computer assisted legal research (e.g., LEXIS and WESTLAW) a flat fee for included databases, features and services (the "Included Service") and the actual cost for certain excluded databases, features and services (the "Excluded Service").  Consequently, if the research performed utilizes an Excluded Service, Cole Schotz charges its clients the actual cost for the research.  If the research utilizes an Included Service, the client obtains the benefit of the flat fee, rather than the retail usage rate for the service.  Accordingly, the volume discount received by Applicant is passed on to the client and Cole Schotz does not profit from computer-assisted research.

[10]  The amount of final fees and expenses sought is equal to the sum of all fees and expenses previously approved by this Court for Cole Schotz's First Quarterly Fee Application Request through the Fourteenth Quarterly Fee Application Request, plus the fees and expenses requested in Cole Schotz's Fifteenth and Sixteenth Quarterly Fee Application Requests and the Forty-Eighth Monthly Application.

19.    A summary of Applicant's hours for each project category for the Final Compensation Period, and the corresponding value of those hours at Applicant's normal billing rates, is set forth in the chart entitled "Cumulative Final Compensation by Project Category" attached hereto as Exhibit C.

20.    In support of its request for the final allowance of all fees and expenses incurred during the Final Compensation Period, Cole Schotz incorporates herein by reference each of its Monthly Fee Applications and Quarterly Fee Application Requests, together with the certifications of counsel, reports of the Fee Examiner, and orders of this Court relating to the same.

21.    During the Final Compensation Period, Applicant performed necessary services and incurred out-of-pocket disbursements for the Debtors and their estates.  The legal services provided by Applicant during the Final Compensation Period, a four-year span, covered all aspects of a debtor representation.   Cole Schotz believes that the services it rendered were performed in a highly efficient manner by skilled attorneys and paralegals.  As set forth in prior Monthly Fee Applications, Quarterly Fee Application Requests, and in this Application, in accordance with the factors enumerated in 11 U.S.C. § 330, approval of the fees requested for the Final Compensation Period is fair and reasonable given (a) the complexity of the Cases, (b) the time expended by Applicant's professionals and paralegals on behalf of the Debtors and their estates, (c) the nature and extent of the services rendered, (d) the value of such services to the Debtors and their estates, and (e) the costs of comparable services other than in a case under this title.

22.    Attached hereto as Exhibit D is a summary of expenses incurred during the Final Compensation Period reflecting the amount of $450,357.92 due for reimbursement of expenses.

10

The expenses for which final reimbursement is requested were actual, reasonable and necessary costs incurred by Cole Schotz while representing the Debtors.

23.     Attached hereto as <u>Exhibit E</u> is the Affidavit of J. Kate Stickles of Cole Schotz with respect to the compensation requested.

<div align="center"><b><u>NOTICE</u></b></div>

24.     Notice of this Application is being served upon the Notice Parties specified in the Fee Order.  In accordance with the terms of the Fee Orders, Cole Schotz submits that no other or further notice is required.

WHEREFORE, Cole, Schotz, Meisel, Forman & Leonard, P.A. respectfully requests that the Court enter an Order: (i) granting the Application and authorizing allowance of compensation in the amount of $101,853.00 for professional services rendered and $3,192.37 for reimbursement for actual and necessary costs for the Monthly Compensation Period; (ii) granting the Application and authorizing allowance of compensation in the amount of $6,005,050.50 for professional services rendered and $450,357.92 for reimbursement for actual and necessary costs for the Final Compensation Period; (iii) directing payment of any outstanding amounts owed; and (iv) granting such other and further relief as this Court deems necessary and just.

Dated: February 28, 2013

<div style="margin-left: 40%">
COLE, SCHOTZ, MEISEL,<br/>
FORMAN & LEONARD, P.A.

By: _____<br/>
Norman L. Pernick (No. 2290)<br/>
J. Kate Stickles (No. 2917)<br/>
500 Delaware Avenue, Suite 1410<br/>
Wilmington, Delaware  19801<br/>
Telephone:  (302) 652-3131

COUNSEL FOR REORGANIZED DEBTORS
</div>

46429/0001-9225417v3