## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Objections Due: March 21, 2013 at 4:00 p.m. |
| | Hearing Date: *Only if Objections Are Filed* |

## MONTHLY AND FINAL FEE APPLICATION OF McDERMOTT WILL & EMERY LLP, AS SPECIAL COUNSEL TO DEBTORS FOR DOMESTIC LEGAL MATTERS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE MONTHLY PERIOD DECEMBER 1, 2012 THROUGH DECEMBER 31, 2012 AND THE FINAL PERIOD FROM DECEMBER 8, 2008 THROUGH DECEMBER 31, 2012

| | |
|---|---|
| **Name of applicant:** | McDermott Will & Emery LLP |
| **Authorized to provide professional services to:** | Tribune Company, et al. |
| **Date of retention:** | March 13, 2009 nunc pro tunc to December 8, 2008 |
| **Period for which compensation and reimbursement is sought:** | December 1, 2012 to December 31, 2012 |
| **Amount of compensation sought as actual, reasonable and necessary:** | $294,880.00 |
| **Amount of expense reimbursement sought as actual, reasonable and necessary:** | $20,926.10 |
| **Period for which final compensation and reimbursement is sought:`** | December 8, 2008 to December 31, 2012 |
| **Amount of final compensation sought as** | $16,660,779.37[1] |

---

[1] The final amount of compensation and expenses sought as actual, reasonable and necessary were obtained by adding: (i) the amounts approved in the interim orders with respect to McDermott Will & Emery LLP's ("McDermott") first through fourteenth interim fee applications, (ii) the amounts requested in the fifteenth and sixteenth interim fee applications, (iii) the amount requested for the period from December 1, 2012 through December 31, 2012, and (iv) the $110,867.50 for which McDermott reserved its rights to seek payment (see footnote

(continued...)

**actual, reasonable and necessary:**

**Amount of final expenses sought as
actual, reasonable and necessary:**                    $356,624.12

This is an: X monthly ___ interim    X final application

Prior Monthly Applications Filed:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| 4/15/09[2] | 1029 | 12/8/08 – 2/28/09 | $530,504.50[3] | $6,808.20 | $416,077.00 | $1,489.70 |
| 7/31/09 | 1876 | 3/1/09 – 3/31/09 | $360,698.00 | $2,222.03 | $360,698.00 | $2,222.03 |
| 7/31/09 | 1877 | 4/1/09 – 4/30/09 | $279,111.00 | $1,624.80 | $279,111.00 | $1,624.80 |
| 10/7/09 | 2295 | 5/1/09 – 5/31/09 | $199,656.00 | $699.34[4] | $199,656.00 | $37.10 |
| 11/16/09 | 2571 | 6/1/09 – 6/30/09 | $123,100.00 | $54.47 | $123,100.00 | $54.47 |
| 11/16/09 | 2572 | 7/1/09 – 7/31/09 | $203,660.00 | $1,039.27 | $203,660.00 | $1,039.27 |
| 11/16/09 | 2573 | 8/1/09 – 8/31/09 | $38,725.00 | $218.96 | $38,725.00 | $218.96 |
| 12/11/09 | 2821 | 9/1/09 – 9/30/09 | $65,515.50 | $117.99 | $65,515.50 | $117.99 |
| 4/1/10 | 3914 | 10/1/09 – | $162,590.50 | $2,283.89[5] | $162,590.50 | $2,033.89 |

3). McDermott understands that, with respect to (ii), (iii) and (iv), there may be some reductions requested by the Fee Examiner and/or the U.S. Trustee (as defined below).

[2] The Combined Monthly and First Quarterly Application of McDermott, as Special Counsel to Debtors for Domestic Legal Matters for Allowance of Compensation and Reimbursement of Expenses for the Period December 8, 2008 Through February 28, 2009 (the "Combined Monthly and First Quarterly Application") combined McDermott's monthly fee statements and quarterly fee application for the period of December 8, 2008 through February 28, 2009.

[3] McDermott reduced its compensation sought by $110,867.50 due to an inadvertent overpayment by the above-captioned debtors and debtors in possession (the "Debtors"). Such amount resulted from the United States Trustee's (the "U.S. Trustee") concern regarding McDermott's Combined Monthly and First Quarterly Application. The U.S. Trustee and McDermott (together, the "Parties") resolved the U.S. Trustee's concern by agreeing that McDermott would not seek payment of the disputed fees, in the amount of $110,867.50 (the "Disputed Fees"), at that time. The Parties agreed, however, that McDermott reserved its right to seek payment of the Disputed Fees at a later time.

[4] Though McDermott sought reimbursement of expenses in the amount of $699.34, McDermott credited such request for reimbursement by the amount of $662.24 to reflect charges McDermott did not intend to include in its April fee statement. Accordingly, McDermott only sought expense reimbursement in the amount of $37.10 ($699.34 - $662.24).

2

| | | | | | | |
|---|---|---|---|---|---|---|
| | | 10/31/09 | | | | |
| 4/1/10 | 3915 | 11/1/09 – 11/30/09 | $128,123.50 | $23.27 | $128,123.50 | $23.27 |
| 5/21/10 | 4593[6] | 11/1/09 – 11/30/09 | $6,486.00 | $0.70 | $6,486.00 | $0.70 |
| 6/30/10 | 4710 | 12/01/09 – 12/31/09 | $160,024.50 | $61.52[7] | $160,024.50 | $3.12 |
| 6/30/10 | 4711 | 1/1/10 – 1/31/10 | $387,234.50 | $1,160.66 | $387,234.50 | $1,160.66 |
| 6/30/10 | 4712 | 2/1/10 – 2/28/10 | $272,320.00 | $554.74 | $272,320.00 | $554.74 |
| 8/11/10 | 5338 | 3/1/10 – 3/31/10 | $173,048.50 | $404.41 | $173,048.50 | $404.41 |
| 8/11/10 | 5339 | 4/1/10 – 4/30/10 | $108,258.50 | $1,418.99 | $108,258.50 | $1,418.99 |
| 8/11/10 | 5340 | 5/1/10 – 5/31/10 | $158,183.50 | $69.33 | $158,183.50 | $69.33 |
| 8/11/10 | 5341 | 6/1/10 – 6/30/10 | $202,686.00 | $173.49 | $202,686.00 | $173.49 |
| 9/28/10 | 5830 | 7/1/10 – 7/31/10 | $268,625.00 | $2,571.61 | $268,625.00 | $2,571.61 |
| 10/26/10 | 6125 | 8/1/20 – 8/31/10 | $248,647.50 | $2,140.34 | $248,647.50 | $2,140.34 |
| 11/18/10 | 6499 | 9/1/10 – 9/30/10 | $234,644.00 | $102.30 | $234,644.00 | $102.30 |
| 11/30/10 | 6662 | 10/1/10 – 10/31/10 | $454,875.50 | $8,966.01 | $454,875.50 | $8,966.01 |
| 2/7/11 | 7817 | 11/1/10 – 11/30/10 | $464,035.50 | $4,553.12 | $464,035.50 | $4,553.12 |
| 2/25/11 | 8162 | 12/1/10 – 12/31/10 | $445,632.50 | $13,321.38 | $445,632.50 | $13,321.38 |
| 6/9/11 | 9211 | 1/1/11 – 1/31/11 | $466,618.50 | $2,675.34 | $466,618.50 | $2,675.34 |

---

[5] Due to an inadvertent expense submission in the Second Quarterly Fee Application Of McDermott, As Special Counsel To Debtors For Domestic Legal Matters, For Allowance Of Compensation And Reimbursement Of Expenses For The Period March 1, 2009 Through May 31, 2009, McDermott reduced the amount of expense reimbursement sought by $250.00. Thus, McDermott actually sought reimbursement of expenses in the amount of $2,033.89 ($2,283.89 - $250.00).

[6] This fee application only includes services rendered by McDermott to Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, Inc. for the month of November 2009. A separate fee application was submitted for fees and expenses rendered by McDermott to the Debtors for the month of November 2009 (D.E. 3915).

[7] Due to an inadvertent expense submission in the Third Quarterly Fee Application Of McDermott, As Special Counsel To Debtors For Domestic Legal Matters, For Allowance Of Compensation And Reimbursement Of Expenses For The Period June 1, 2009 Through August 31, 2009, McDermott reduced the amount of expense reimbursement sought by $58.40. Thus, McDermott actually sought reimbursement of expenses in the amount of $3.12 ($61.52 – $58.40).

46429/0001-9302283V1

| | | | | | | |
|---|---|---|---|---|---|---|
| 6/9/11 | 9212 | 2/1/11 – 2/28/11 | $647,863.00 | $1,760.29 | $647,863.00 | $1,760.29 |
| 6/28/11 | 9374 | 3/1/11 – 3/31/11 | $816,400.50 | $47,573.84 | $816,400.50 | $47,573.84 |
| 7/12/11 | 9447 | 4/1/11 – 4/30/11 | $685,711.00 | $29,029.03 | $685,711.00 | $29,029.03 |
| 7/12/11 | 9448 | 5/1/11 – 5/31/11 | $485,184.00 | $12,399.44 | $485,184.00 | $12,399.44 |
| 9/27/11 | 9837 | 6/1/11 – 6/30/11 | $738,063.50 | $1,530.51 | $738,063.50 | $1,530.51 |
| 9/27/11 | 9838 | 7/1/11 – 7/31/11 | $703,579.00 | $16,522.77 | $703,579.00 | $16,522.77 |
| 10/21/11 | 10050 | 8/1/11 – 8/31/11 | $490,896.00 | $2,502.10 | $490,896.00 | $2,502.10 |
| 11/15/11 | 10232 | 9/1/11 – 9/30/11 | $542,380.00 | $11,192.30 | $542,380.00 | $11,192.30 |
| 11/22/11 | 10283 | 10/1/11 – 10/31/11 | $376,348.00 | $16,126.76 | $376,348.00 | $16,126.76 |
| 1/13/12 | 10623 | 11/1/11 – 11/30/11 | $261,764.00 | $6,498.68 | $261,764.00 | $6,498.68 |
| 2/22/12 | 10976 | 12/1/11 – 12/31/11 | $310,325.50 | $11,682.90 | $248,260.40 | $11,682.90 |
| 3/28/12 | 11254 | 1/1/12 – 1/31/12 | $553,018.10[8] | $12,887.19 | $442,414.48 | $12,887.19 |
| 4/18/12 | 11425 | 2/1/12 – 2/29/12 | $800,868.00[9] | $10,239.99 | $640,694.40 | $10,239.99 |
| 6/25/12 | 11894 | 3/1/12 – 3/31/12 | $413,519.40[10] | $16,939.58 | $330,815.52 | $16,939.58 |
| 6/27/12 | 11912 | 4/1/12 – 4/30/12 | $339,043.00 | $12,098.41 | $271,234.40 | $12,098.41 |
| 7/10/12 | 11979 | 5/1/12 – 5/31/12 | $331,226.50 | $11,039.61 | $264,981.20 | $11,039.61 |
| 9/14/12 | 12429 | 6/1/12 – 6/30/12 | $457,731.00 | $12,013.34 | $366,184.80 | $12,013.34 |
| 10/08/12 | 12529 | 7/1/12 – 7/31/12 | $247,773.00 | $15,164.32 | $198,218.40 | $15,164.32 |

---

[8] McDermott actually incurred fees in the amount of $635,705.50. The amount requested reflects a voluntary reduction by McDermott of $82,687.40, representing a twenty percent (20%) discount with respect to the fees associated with the matter 2009 Audit.

[9] McDermott actually incurred fees in the amount of $907,835.50. The amount requested reflects a voluntary reduction by McDermott of $106,967.50, representing a twenty percent (20%) discount with respect to the fees associated with the matter 2009 Audit.

[10] McDermott actually incurred fees in the amount of $442,134.50. The amount requested reflects a voluntary reduction by McDermott of $28,615.10, representing a twenty percent (20%) discount with respect to the fees associated with the matter 2009 Audit.

46429/0001-9302283V1

| 10/08/12 | 12530 | 8/1/12 – 8/31/12 | $120,665.50 | $10,551.41 | $96,532.40 | $10,551.41 |
| 11/12/12 | 12713 | 9/1/12- 9/30/12 | $281,106.50 | $10,514.64 | $224,885.20 | $10,514.64 |
| 11/19/12 | 12733 | 10/1/12- 10/30/12 | $336,480.50 | $10,529.41 | $269,184.40 | $10,529.41 |
| 1/08/2013 | 12991 | 11/1/12- 11/30/12 | $352,005.00 | $10,703.02 | $281,604.00 | $10,703.02 |

46429/0001-9302283V1

## COMPENSATION FOR PROFESSIONALS
### DECEMBER 1, 2012 THROUGH DECEMBER 31, 2012

| Name of Professional Person | Position of the Applicant, Area of Expertise, Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Blake D. Rubin | Partner, Tax, Member of Pennsylvania Bar since 1980, Member of District of Columbia Bar since 1987 | $1,040 | 127.8 | $132,912.00 |
| Robin Greenhouse | Partner, Tax, Member of District of Columbia Bar since 1988 | $940 | 18.3 | $17,202.00 |
| Andrea M. Whiteway | Partner, Tax, Member of Maryland Bar since 1992, Member of District of Columbia Bar since 1993 | $925 | 74.5 | $68,912.50 |
| Paul J. Compernolle | Partner, Employee Benefits, Member of Illinois Bar since 1978 | $850 | 6.3 | $5,355.00 |
| William Merten | Partner, Employee Benefits, Member of the Illinois Bar since 1985 | $850 | 0.1 | $85.00 |
| Michael J. Wilder | Partner, Tax, Member of District of Columbia Bar since 1995 | $820 | 8.2 | $1,476.00 |
| Jon G. Finkelstein | Partner, Tax, Member of New York Bar since 2001, Member of District of Columbia Bar since 2002 | $795 | 54.8 | $43,566.00 |
| Amy M. Gordon | Partner, Employee Benefits, Member of New Jersey Bar since 1991, Member of New York Bar since 1993, Member of Illinois Bar since 2001 | $785 | 2.5 | $1,962.50 |
| Michael Lee | Partner, IP Prosecution, Member of California Bar since 1994 | $740 | 3.9 | $2,886.00 |
| Nava Hazan | Partner, Restructuring & Insolvency, Member of New York Bar since 2000 | $710 | 2.7 | $1,917.00 |
| Ryan D. Harris | Partner, Corporate Advisory, Member of Illinois Bar since 2002 | $670 | 0.4 | $268.00 |

46429/0001-9302283V1

| | | | | |
|---|---|---|---|---|
| Gale Chan | Partner, Tax, Member of California Bar since 2007, Member of District of Columbia Bar since 2008 | $640 | 15.2 | $9,728.00 |
| Patrick J. McCurry | Associate, Tax, Member of Illinois Bar since 2007 | $595 | 3.9 | $2,320.50 |
| Gregory A. Kopacz | Associate, Restructuring & Insolvency, Member of New York Bar since 2010 | $515 | 7.0 | $3,605.00 |
| John Robert | Associate, Tax, Member of New York Bar since 2012 | $385 | 5.3 | $2,040.50 |
| Jill Kaylor-Brett | Paralegal, Corporate Advisory | $280 | 2.3 | $644.00 |
| Grand Total: | | | 326.8 | $294,880.00 |
| Blended Rate: | | $908.00 | | |

7

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Chapter 11 Restructuring/Tax Planning | 205.7 | $184,106.50 |
| Cubs Post Closing Matters | 8.5 | $8,347.00 |
| ESOP | 0.9 | $765.00 |
| General Employee Benefits Matters | 5.5 | $4,675.00 |
| Local TV | 3.9 | $2,886.00 |
| Newsday | 48.1 | $44,387.50 |
| Perfect Market, Inc. | 0.5 | $297.50 |
| Welfare Plans | 2.5 | $1,962.50 |
| 2009 Audit | 51.2 | $47,453.00 |
| **TOTAL:** | 326.8 | $294,880.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider | Total Expenses |
|---|---|---|
| Computer Hosting Fee for Document Review | In-House | $20,922.10 |
| Copy Services | In-House/Williams Lea Inc. | $4.00 |
| **TOTAL:** | | $20,926.10 |

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Objections Due: March 21, 2013 at 4:00 p.m.<br>Hearing Date: *Only if Objections Are Filed* |

### MONTHLY AND FINAL FEE APPLICATION OF McDERMOTT WILL & EMERY LLP, AS SPECIAL COUNSEL TO DEBTORS FOR DOMESTIC LEGAL MATTERS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE MONTHLY PERIOD DECEMBER 1, 2012 THROUGH DECEMBER 31, 2012 AND THE FINAL PERIOD FROM DECEMBER 8, 2008 THROUGH DECEMBER 31, 2012

McDermott Will & Emery LLP ("McDermott"), as Special Counsel for Domestic Legal Matters to the Tribune Company, et al. (the "Debtors"), hereby submits this Application (the "Application") for approval and allowance of compensation for (i) services rendered in the amount of $294,880.00 and reimbursement for expenses incurred in the amount of $20,926.10 during the period commencing December 1, 2012 through December 31, 2012 (the "Monthly Application Period"), and (ii) final approval of reasonable compensation for professional legal services rendered as counsel to the Debtors in the amount of $16,660,779.37 together with reimbursement of actual and necessary expenses incurred in the amount of $356,624.12 for the final period of December 8, 2008 through December 31, 2012 (the "Final Application Period," and together with the Monthly Applications Period, the "Application Periods"). This Application is submitted pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Order Establishing Procedures for Interim

Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order"), the Executive Office of United States Trustees' Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated January 30, 1996 (the "Guidelines"), and the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications, dated March 19, 2009 (the "Fee Examiner Order").  In support of this Application, McDermott respectfully represents as follows:

## JURISDICTION

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are sections 105(a), 330 and 331 of the Bankruptcy Code, and Bankruptcy Rule 2016.

## BACKGROUND

3.      On December 8, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court").  On December 10, 2008, the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

4.      On October 12, 2009, Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, Inc. (the "Cubs" and one of the Debtors) filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court.  On October 14, 2009, the Court entered an order consolidating the Cubs' chapter 11 case with the Debtors' chapter 11 cases for procedural purposes only (the "Cubs Order").

2

5.      The Debtors have continued in possession of their respective properties and have continued in the management and operation of their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6.      No trustee has been appointed in these chapter 11 cases.

## McDERMOTT RETENTION

7.      Prior to the Petition Date, the Debtors retained McDermott as general legal counsel and agreed to pay on a monthly basis the reasonable value of services rendered based on McDermott's standard billing rates and pursuant to its standard reimbursement policies.

8.      On March 13, 2009, the Court authorized the employment and retention of McDermott pursuant to sections 105(a) and 327(a) as special counsel to the Debtors for general domestic legal matters, nunc pro tunc to December 8, 2008. McDermott's retention was extended to include the Cubs pursuant to the Cubs Order.

## COMPENSATION PAID AND ITS SOURCES

9.      All services for which compensation is requested by McDermott were performed for or on behalf of the Debtors.

10.     In compliance with Local Rule 2016-2, McDermott confirms that during the Application Periods, McDermott received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application, except from the Debtors. There is no agreement or understanding between McDermott and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.

11.     As of the Petition Date, McDermott held a retainer from the Debtors in the amount of $67,777.26. The Debtors reduced their first payment to McDermott by the amount of

the retainer and McDermott drew down on the retainer in connection with the payment due pursuant to the Combined Monthly and First Quarterly Application.  Accordingly, McDermott no longer holds any retainer in connection with its retention in these cases.

## FEE STATEMENTS

12.    The time records for the Monthly Application Period are attached hereto as Exhibit A.  The time records contain daily time logs describing the time spent by each attorney and paraprofessional for the Monthly Application Period.  Attorneys and paraprofessionals of McDermott have expended a total of 326.8 hours in connection with these cases during the Monthly Application Period.  The amount requested as compensation for services rendered by McDermott to the Debtors during the Monthly Application Period is $294,880.00.  To the best of McDermott's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and the Compensation Order.

## SUMMARY OF SERVICES FOR MONTHLY APPLICATION PERIOD

13.    The following is a summary of the activities performed by McDermott attorneys and paraprofessionals during the Monthly Application Period, organized by project category.

### Matter 0515 – Chapter 11 Restructuring/Tax Planning

14.    McDermott provided general tax advice to the Debtors regarding numerous issues relating to the Debtors' emergence from bankruptcy, including with respect to a proposed credit agreement, various emergence tax issues, and an emergence work plan.  McDermott further advised the Debtors with respect to various litigation trust tax issues.  McDermott also advised the Debtors regarding the tax implications of entering into certain potential post-emergence restructuring transactions and researched and analyzed numerous issues in connection therewith.

4

Finally, McDermott drafted various memoranda regarding restructuring and tax attributes, legal opinions related thereto, and a memorandum relating to certain potential tax liabilities.

### Matter 0515 – Chapter 11 Retention/Fee Application

15.    McDermott gathered and prepared various billing information required to file fee statements pursuant to the Compensation Order and the Guidelines.  McDermott also drafted and revised fee statements for submission in accordance with the Compensation Order.

### Matter 0021 – Cubs Post Closing Matters

16.    McDermott completed general post-closing work relating to the partnership transaction involving the Chicago Cubs baseball team.  McDermott also advised the Debtors with respect to an LLC agreement and an investment memorandum.  McDermott further advised the Debtors with respect to certain issues relating to the dissolution of a Dominican legal entity.

### Matter 0047 – ESOP

17.    McDermott provided general legal advice on issues regarding the Debtors' ESOP and advised the Debtors regarding issues relating to certain beneficiary and settlement accounts.

### Matter 0040 – General Employee Benefits Matters

18.    McDermott provided general legal advice to the Debtors with respect to the Debtors' benefit plans.  In connection therewith, McDermott conducted research and analyzed numerous ERISA issues relating to certain loan covenants.

### Matter 0529 – Local TV

19.    McDermott advised the Debtors with respect to a certain proposed amendment to an agreement relating to a potential corporate transaction.

### Matter 0507 – Newsday

20.    McDermott assisted the Debtors in responding to an audit by the Internal Revenue

Service.  In connection with the audit, McDermott prepared responses to numerous queries by the Internal Revenue Service, analyzed various transaction documents, prepared for and attended a meeting with the Internal Revenue Service, and analyzed numerous related issues, including with respect to an installment sale agreement, certain tax issues and various cash flow projections.

21.    In connection with the audit, McDermott provided the Debtors with the use of its e-discovery services.  The e-discovery services include the use of a computer program that allows attorney reviewers on the case to use specific review tools within the program and enables the attorney reviewers to identify which of the collected information is responsive to the Internal Revenue Service's request, and which of the responsive information should be withheld on the basis of a privilege.  Upon the attorney reviewers' completion of the document review, the technology project managers in charge of the e-discovery services (i) separated the responsive, non-privileged documents and exported them into a format that could be produced to the Internal Revenue Service, and (ii) separated the privileged documents so as to assist in the preparation of a privilege log to be produced to the Internal Revenue Service.

### Matter 0516 – Perfect Market, Inc.

22.    McDermott advised the Debtors with respect to the Perfect Market transaction and assisted the Debtors in preparing 83(b) elections with respect to certain IRS filings.

### Matter 0041 – Welfare Plans

23.    McDermott provided general legal advice to the Debtors regarding programs offered by the Debtors to their employees and advised the Debtors with respect to the handling of a claim appeal, indemnification provisions relating to the Debtors' welfare plans, a potential breach of contract matter, and an amendment to an agreement relating to the Debtors' welfare

6

plans.

**Matter 0527 – 2009 Audit**

24.     McDermott assisted the Debtors in responding to an audit by the Internal Revenue Service.  In connection with the audit, McDermott prepared responses to numerous queries by the Internal Revenue Service, prepared for and attended a meeting with the Internal Revenue Service, and analyzed numerous related issues.

**ACTUAL AND NECESSARY EXPENSES FOR MONTHLY APPLICATION PERIOD**

25.     By this Application, McDermott seeks allowance for reimbursement of expenses actually and necessarily incurred in connection with the rendition of its services during the Monthly Fee Period in the amount of $20,926.10.  The requested expenses are customarily charged to non-bankruptcy clients of McDermott.  Due to the complexity of the Debtors' corporate and financial structure, the Debtors have faced numerous critical and unique issues.  In order for McDermott to analyze and address such issues properly, McDermott attorneys may have incurred expenses during the Monthly Application Period, all of which were necessary to further the Debtors' reorganization and in the best interests of the Debtors' estates.

26.     With respect to photocopying expenses, McDermott ordinarily charges all of its clients $0.20 per page, but pursuant to Local Rule 2016-2(e), McDermott has charged the Debtors the maximum permitted amount of $0.10 per page.  With respect to facsimile expenses, in compliance with the Guidelines, McDermott charges $1.00 per page for facsimile transmissions.

27.     In addition, because of the nature of the Debtors' businesses and the location of certain key constituents in these cases, certain long distance telephone calls and conference calls may have been required.  These charges are intended to cover McDermott's direct operating

costs, which costs are not incorporated into McDermott's hourly billing rates.  Only clients who actually use services of the types are separately charged for such services.

28.     Further, because of the nature of the Debtors' businesses and the location of certain key constituents in these cases, travel may have been required for certain matters.  Such travel expenses, such as air fare, meals, and car service, are typically borne by the attorney, then reimbursed by the firm and charged to the appropriate client and matter.

29.     The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and creditors.

## REQUEST FOR FINAL APPROVAL

31.     By this Application, McDermott requests final approval of all fees and expenses incurred by McDermott in this case during the Final Fee Period of December 8, 2008 through and including December 31, 2012 in the amount of $16,660,779.37 together with reimbursements for actual and necessary expenses incurred in the amount of $356,624.12. During the Final Application Period, McDermott performed necessary services and incurred out-of-pocket disbursements for the Debtors and their estates.

## CONCLUSION

32.     In accordance with the factors enumerated in § 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by McDermott is fair and reasonable given (a) the complexity of the legal matters, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the cost of comparable services other than in a case under this title.  In addition, the out-of-pocket disbursements for which reimbursement is sought were actual, reasonable and necessary costs (i) incurred while

46429/0001-9302283V1

representing the Debtors and (ii) of preserving the value of the Debtors' estates.  McDermott has reviewed the requirements of Local Rule 2016-2 and reasonably believes that this Application complies with that rule.

WHEREFORE, McDermott respectfully requests that (i) payment be made to McDermott pursuant to the terms of the Compensation Order for the period of December 1, 2012 through December 31, 2012 in the amount $294,880.00 on account of professional services rendered, and $20,926.10 for the reimbursement of expenses incurred in connection therewith, for a total payment of $315,806.10, (ii) final allowance be made to it in the amount of $16,660,779.37 as compensation for necessary professional services rendered to the Debtors for the Final Application Period, and the amount of $356,624.12 for reimbursement of actual and necessary costs and expenses incurred during that period, and (iii) such other and further relief as this Court may deem just and proper.

46429/0001-9302283V1

Dated:  Washington, District of Columbia
      March 1, 2013

          McDERMOTT WILL & EMERY LLP

          /s/ Blake D. Rubin
          Blake D. Rubin (admitted *pro hac vice*)
          600 13th Street, N.W.
          Washington, D.C. 20005-3096
          Telephone:  (202) 756-8424
          Facsimile:  (202) 756-8087

          and

          Gregory A. Kopacz (admitted *pro hac vice*)
          340 Madison Avenue
          New York, NY 10173-1922
          Telephone:  (212) 547-5620
          Facsimile:  (212) 547-5444

          *Special Counsel for Domestic Legal Matters to Tribune*
          *Company, et al.*

DM_US 41189811-3.020336.0515