# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>**Objection Deadline: March 21, 2013 at 4:00 p.m.**<br>Hearing Date: TBD [Pursuant to Interim Compensation<br>Order (Docket No. 225) only if objections are received] |

## NOTICE OF NINETEENTH MONTHLY AND FINAL FEE APPLICATION OF JONES DAY FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM AUGUST 22, 2010 THROUGH DECEMBER 31, 2012

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

| | |
|---|---|
| Name of Applicant: | Jones Day |
| Authorized to Provide Professional Services to: | The Special Committee of the Board of Directors of Tribune Company |
| Date of Retention: | September 15, 2010 (nunc pro tunc to August 22, 2010) |
| Period for Which Monthly Compensation and Reimbursement Is Sought: | June 1, 2012 through December 31, 2012 |
| Amount of Monthly Compensation Requested (June 1, 2012-December 31, 2012): | $17,577.50 |
| Amount of Monthly Expense Reimbursement Requested (June 1, 2012-December 31, 2012): | $2,029.66 |
| Period for Which Final Compensation and Reimbursement Is Sought: | August 22, 2010 through December 31, 2012 |
| Amount of Final Compensation Requested: | $2,460,789.00 (includes *Pending* monthly amount above) |
| Amount of Final Expense Reimbursement Requested: | $92,758.23 (includes *Pending* monthly amount above) |

This is a(n): __X__ monthly ____ interim __X__ final application

The total time expended for fee application preparation during the monthly compensation period requested in this Application is __38.80__ hours and the corresponding compensation requested is $17,577.50.

| Date Filed and Docket No. | Period Covered | Total Amount Requested for Compensation Period | | Fees & Expenses Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 1/12/11 Docket No. 7476 | 8/22/10 ~ 11/30/10 | $1,132,610.00 | $24,894.82 | 1,123,400.00 | $24,140.78 |
| 4/14/11 Docket No. 8659 | 12/1/10 ~ 2/28/11 | 853,993.75 | $39,346.46 | $828,603.75 | $38,503.44 |
| 7/11/11 Docket No. 0445 | 3/1/11 ~ 5/31/11 | $190,041.25 | $21,557.10 | $184,731.25 | $20,243.74 |
| 10/2/12 Docket No. 12500 | 6/1/11 ~ 8/31/11 | $43,757.50 | $1,658.80 | $42,799.00 | $1,658.80 |
| 1/13/12 Docket No. 10618 | 9/1/11 ~ 11/30/11 | $165,302.50 | $1,579.83 | $164,697.50 | $1,579.83 |
| 4/13/12 Docket No. 11387 | 12/1/11 ~ 2/29/12 | $46,315.00 | $2,849.71 | $44,315.00 | $2,778.01 |
| 7/13/12 Docket No. 12025 | 3/1/12 ~ 5/31/12 | $55,665.00 | $1,823.97 | $54,665.00 | $1,823.97 |
| 19th Monthly Fee Application | 6/1/12 ~ 12/31/12 | $17,577.50 | $2,029.66 | *Pending* | *Pending* |

# PROFESSIONAL SERVICES RENDERED BY JONES DAY ON BEHALF OF THE SPECIAL COMMITTEE OF THE BOARD OF DIRECTORS OF TRIBUNE COMPANY FOR THE MONTHLY COMPENSATION PERIOD OF JUNE 1, 2012 THROUGH DECEMBER 31, 2012

| NAME OF PROFESSIONAL | YEAR ADMITTED | DEPT. | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| **PARTNERS & COUNSEL:** | | | | | |
| Erens, B B | 1991 | B | $825.00 | 6.20 | $5,115.00 |
| **Total Partners & Counsel** | | | | 6.20 | $5,115.00 |

| NAME OF PROFESSIONAL | YEAR ADMITTED | DEPT. | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| **ASSOCIATES:** | | | | | |
| Hoffmann, T | 2003 | B | $625.00 | 11.50 | $7,187.50 |
| **Total Associates** | | | | 11.50 | $7,187.50 |

| NAME OF PROFESSIONAL | YEAR ADMITTED | DEPT. | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| **STAFF ATTORNEYS, PARAPROFESSIONALS AND LEGAL SUPPORT** | | | | | |
| Denton, A K | N/A | B | $250.00 | 21.10 | $5,275.00 |
| **Total Staff Attorneys, Paraprofessionals & Legal Support** | | | | 21.10 | $5,275.00 |

| PROFESSIONALS | BLENDED RATE | TOTAL HOURS | TOTAL COMPENSATION |
|---|---|---|---|
| Partners & Counsel | $825.00 | 6.20 | $5,115.00 |
| Associates | $625.00 | 11.50 | $7,187.50 |
| Staff Attorneys, Paraprofessionals & Legal Support | $250.00 | 21.10 | $5,275.00 |
| **Grand Total** | | 38.80 | $17,577.50 |

B - Business Restructuring and Reorganization Practice

PROFESSIONAL SERVICES RENDERED BY
JONES DAY ON BEHALF OF THE SPECIAL COMMITTEE OF THE
BOARD OF DIRECTORS OF TRIBUNE COMPANY FOR THE FINAL
COMPENSATION PERIOD OF AUGUST 22, 2010 THROUGH DECEMBER 31, 2012

| NAME OF PROFESSIONAL | YEAR ADMITTED | DEPT. | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| **PARTNERS & COUNSEL:** | | | | | |
| Cullen Jr., T F | 1974 | TP | $875.00 | 47.10 | $41,212.50 |
| Cullen Jr., T F | 1974 | TP | $900.00 | 2.80 | $2,520.00 |
| Erens, B B | 1991 | B | $775.00 | 421.20 | $326,430.00 |
| Erens, B B | 1991 | B | $800.00 | 164.90 | $131,920.00 |
| Erens, B B | 1991 | B | $825.00 | 67.10 | $55,357.50 |
| Erens, B B | 1991 | B | $387.50 | 47.10 | $18,251.25 |
| Erens, B B | 1991 | B | $400.00 | 8.50 | $3,400.00 |
| Erens, B B | 1991 | B | $412.50 | 2.00 | $825.00 |
| Heiman, D G | 1971 | B | $900.00 | 373.00 | $335,700.00 |
| Heiman, D G | 1971 | B | $975.00 | 191.50 | $186,712.50 |
| Heiman, D G | 1971 | B | $450.00 | 46.50 | $20,925.00 |
| Heiman, D G | 1971 | B | $487.50 | 13.50 | $6,581.25 |
| Kitslaar, E C | 1982 | M&A | $725.00 | 76.80 | $55,680.00 |
| Kitslaar, E C | 1982 | M&A | $750.00 | 31.10 | $23,325.00 |
| Montgomery III, J W | 1972 | IR | $775.00 | 9.70 | $7,517.50 |
| E A Purnell | 1990 | T | $675.00 | 4.80 | $3,240.00 |
| Sherman, F E | 1969 | TP | $800.00 | 189.60 | $151,680.00 |
| Sherman, F E | 1969 | TP | $400.00 | 2.00 | $800.00 |
| **Total Partners & Counsel** | | | | 1,699.20 | $1,372,077.50 |

B - Business Restructuring and Reorganization Practice; IR – Insurance Recovery; M&A - Mergers & Acquisitions Practice; T - General Tax Practice; TP – Trial Practice

| NAME OF PROFESSIONAL | YEAR ADMITTED | DEPT. | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| **ASSOCIATES:** | | | | | |
| Ajudua, H O | 2009 | TP | $325.00 | 53.30 | $17,322.50 |
| Ajudua, H O | 2009 | TP | $350.00 | 211.90 | $74,165.00 |
| Ajudua, H O | 2009 | TP | $425.00 | .70 | $297.50 |
| Buonome, L M | 2009 | B | $425.00 | 102.70 | $43,647.50 |
| Buonome, L M | 2009 | B | $212.50 | 12.40 | $2,635.00 |
| Chi, D N | 2007 | B | $400.00 | 31.20 | $12,480.00 |
| Chi, D N | 2007 | B | $475.00 | 4.60 | $2,185.00 |
| Hall, D A | 2003 | B | $525.00 | 294.90 | $154,822.50 |
| Hoffmann, T | 2003 | B | $525.00 | 133.20 | $69,930.00 |
| Hoffmann, T | 2003 | B | $575.00 | 24.00 | $13,800.00 |
| Hoffmann, T | 2003 | B | $625.00 | 41.80 | $26,125.00 |
| Holland, P G | 2009 | M&A | $350.00 | 11.50 | $4,025.00 |
| Marvin, L M | 2004 | TP | $475.00 | 171.60 | $81,510.00 |
| Marvin, L M | 2004 | TP | $500.00 | 435.50 | $217,750.00 |
| Marvin, L M | 2004 | TP | $550.00 | 5.00 | $2,750.00 |
| Marvin, L M | 2004 | TP | $600.00 | 1.60 | $960.00 |
| Marvin, L M | 2004 | TP | $250.00 | 1.00 | $250.00 |
| Mamedova, K | 2008 | TP | $375.00 | 25.90 | $9,712.50 |
| Rabinowitz, A M | 2009 | TP | $325.00 | 163.80 | $53,235.00 |
| Rabinowtiz, A M | 2009 | TP | $350.00 | 142.20 | $49,770.00 |
| Schaeffer, A R | 2003 | M&A | $475.00 | 28.40 | $13,490.00 |
| Schaeffer, A R | 2003 | M&A | $500.00 | 5.80 | $2,900.00 |
| Schaeffer, A R | 2003 | M&A | $575.00 | 4.40 | $2,530.00 |
| Shafer, D B | 2008 | B | $375.00 | 113.20 | $42,450.00 |
| Shafer, D B | 2008 | B | $425.00 | 26.90 | $11,432.50 |
| Strohbehn, X S | 2009 | TP | $325.00 | 40.90 | $13,292.50 |

| NAME OF PROFESSIONAL | YEAR ADMITTED | DEPT. | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| **ASSOCIATES:** | | | | | |
| Strohbehn, X S | 2009 | TP | $350.00 | 287.20 | $100,520.00 |
| Tiller, J M | 2006 | B | $500.00 | 17.90 | $8,950.00 |
| Tiller, J M | 2006 | B | $550.00 | 11.00 | $6,050.00 |
| **Total Associates** | | | | 2,404.50 | $1,038,987.50 |

B - Business Restructuring and Reorganization Practice; M&A - Mergers & Acquisitions Practice; TP – Trial Practice

| NAME OF PROFESSIONAL | YEAR ADMITTED | DEPT | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| STAFF ATTORNEYS, PARAPROFESSIONALS AND LEGAL SUPPORT | | | | | |
| Barry, T J | N/A | TP | $250.00 | 4.20 | $1,050.00 |
| Cherence, D M | N/A | LSupp | $250.00 | 20.00 | $5,000.00 |
| Denton/Sobczak, A K | N/A | B | $250.00 | 229.40 | $57,350.00 |
| Farrington, A C | N/A | B | $275.00 | 19.40 | $5,335.00 |
| Fischer, L C | 1996 | B | $275.00 | 53.90 | $14,822.50 |
| Gatchalian, J D | N/A | LSupp | $150.00 | 2.50 | $375.00 |
| Hemann, M E | N/A | B | $200.00 | 44.70 | $8,940.00 |
| Hirtzel, D M | N/A | B | $275.00 | 2.40 | $660.00 |
| Stone, M B | N/A | B | $275.00 | .60 | $165.00 |
| Wenderoth, C M | N/A | LSupp | $250.00 | 2.00 | $500.00 |
| **Total Staff Attorneys, Paraprofessionals & Legal Support** | | | | 379.10 | $94,197.50 |

| PROFESSIONALS | BLENDED RATE | TOTAL HOURS | TOTAL COMPENSATION |
|---|---|---|---|
| Partners & Counsel | | 1,699.20 | $1,372,077.50 |
| Associates | | 2,404.50 | $1,038,987.50 |
| Staff Attorneys, Paraprofessionals & Legal Support | | 379.10 | $94,197.50 |
| **Grand Total[2]** | | 4,482.80 | $2,505,262.50 |

B - Business Restructuring and Reorganization Practice; LSupp – Legal Support; M&A - Mergers & Acquisitions Practice; T - General Tax Practice; TP – Trial Practice;

---

[2] This amount represents the total compensation initially requested in Jones Day's interim applications and the 19th monthly application. Pursuant to the fee examiner process and this Court's orders, the total compensation being sought in this final application for the period from August 22, 2010 through December 31, 2012 is $2,460,789.00.

CHI-1880259v2    -viii-

**SUMMARY OF SERVICES BY CASE MATTER FOR SERVICES RENDERED BY JONES DAY ON BEHALF OF THE SPECIAL COMMITTEE OF THE BOARD OF DIRECTORS OF TRIBUNE COMPANY FOR THE MONTHLY COMPENSATION PERIOD OF JUNE 1, 2012 THROUGH DECEMBER 31, 2012**

| MATTER NAME | HOURS | AMOUNT |
|---|---:|---:|
| Fee Applications / Retention Preparation | 38.80 | $17,577.50 |
| **Total** | **38.80** | **$17,577.50** |

-ix-

# SUMMARY OF SERVICES BY CASE MATTER FOR SERVICES RENDERED BY JONES DAY ON BEHALF OF THE SPECIAL COMMITTEE OF THE BOARD OF DIRECTORS OF TRIBUNE COMPANY FOR THE FINAL COMPENSATION PERIOD OF AUGUST 22, 2010 THROUGH DECEMBER 31, 2012

| MATTER NAME | HOURS | AMOUNT |
|---|---:|---:|
| Plan of Reorganization Matters | 1,282.40 | $888,647.50 |
| Committee Matters/Meetings | 158.80 | $118,385.00 |
| Court Hearings | 391.70 | $216,672.50 |
| Employee Issues | 103.90 | $78,677.50 |
| Fee Applications/Retention Preparation | 531.30 | $211,180.00 |
| Bankruptcy Travel | 133.00 | $53,667.50 |
| Corporate Matters | 35.80 | $23,095.00 |
| Litigation Matters | 1,845.90 | $914,937.50 |
| **Total[3]** | **4,482.80** | **$2,505,262.50** |

---

[3] This amount represents the total compensation initially requested in Jones Day's interim applications and the 19th monthly application. Pursuant to the fee examiner process and this Court's orders, the total compensation being sought in this final application for the period from August 22, 2010 through December 31, 2012 is $2,460,789.00.

CHI-1880259v2    -x-

**ACTUAL AND NECESSARY DISBURSEMENTS INCURRED BY JONES DAY
ON BEHALF OF THE SPECIAL COMMITTEE OF THE BOARD
OF DIRECTORS OF TRIBUNE COMPANY FOR THE MONTHLY
COMPENSATION PERIOD OF JUNE 1, 2012 THROUGH DECEMBER 31, 2012**

| EXPENSES | AMOUNTS |
|---|---|
| Computerized Research Services | $67.70 |
| Conference Charges | $60.00 |
| Document Reproduction Charges | $6.50 |
| Imaging Services | $1,876.61 |
| Long Distance | $6.00 |
| United Parcel Service Charges | $12.85 |
| **Total** | **$2,029.66** |

## ACTUAL AND NECESSARY DISBURSEMENTS INCURRED BY JONES DAY ON BEHALF OF THE SPECIAL COMMITTEE OF THE BOARD OF DIRECTORS OF TRIBUNE COMPANY FOR THE FINAL COMPENSATION PERIOD OF AUGUST 22, 2010 THROUGH DECEMBER 31, 2012

| EXPENSES | AMOUNTS |
| --- | --- |
| Computerized Research Services | $1,272.82 |
| Conference Charges | $3,034.83 |
| Courier Services | $483.56 |
| Court Costs | $181.00 |
| Court Reporter Fees | $2,593.50 |
| Document Reproduction Charges | $3,734.12 |
| Federal Express Charges | $286.23 |
| General Communication Charges | $624.90 |
| Imaging Services | $35,772.73 |
| Lexis Search Fees | $2,014.12 |
| Local Transportation | $530.00 |
| Long Distance | $555.29 |
| Miscellaneous Expenses | $163.40 |
| Postage Charges | $1.39 |
| Printing Charges | $543.77 |
| Supplies Expenses | $18.58 |
| Travel – Air Fare | $21,509.09 |
| Travel – Car Rental Charges | $137.00 |
| Travel – Food and Beverage Expenses | $2,819.33 |
| Travel – Hotel Charges | $8,546.75 |
| Travel – Other Costs | $621.86 |
| Travel – Parking Expenses | $99.00 |
| Travel – Taxi Charges | $4,842.93 |
| Travel – Train Fare | $2,457.40 |
| United Parcel Service Charges | $307.98 |
| Video and Electronic Expenses | $789.65 |
| Westlaw Search Fees | $1,799.12 |
| **Total**[4] | **$95,740.35** |

---

[4] This amount represents the total expenses initially requested in Jones Day's interim applications and the 19th monthly application. Pursuant to the fee examiner process and this Court's orders, the total expenses being sought in this final application for the period from August 22, 2010 through December 31, 2012 is $92,758.23.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>**Objection Deadline: March 21, 2013 at 4:00 p.m.**<br>**Hearing Date: TBD [Pursuant to Interim Compensation**<br>**Order (Docket No. 225) only if objections are received]** |

## NINETEENTH MONTHLY AND FINAL FEE
## APPLICATION OF JONES DAY FOR ALLOWANCE
## OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES
## FOR THE PERIOD FROM AUGUST 22, 2010 THROUGH DECEMBER 31, 2012

Jones Day, counsel to the Special Committee of the Board of Directors of Tribune Company hereby makes its nineteenth monthly and final fee application (the "Application") for allowance of (a) monthly compensation of $17,577.50 and reimbursement of monthly expenses

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191) (collectively, the "Reorganized Debtors") The Reorganized Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CHI-1880259v2

of $2,029.66 for the period from June 1, 2012 through December 31, 2012 (the "Monthly Compensation Period") and (b) final compensation of $2,460,789.00 and reimbursement of final expenses of $92,758.23 for the period from August 22, 2010 through December 31, 2012 (the "Final Compensation Period"). In support of this Application, Jones Day respectfully represents as follows:

## BACKGROUND

1. On December 8, 2008 (the "Petition Date"), the Reorganized Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). An additional Reorganized Debtor, Tribune CNLBC, LLC, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. On December 10, 2008 and October 14, 2009, this Court entered orders consolidating the Reorganized Debtors' chapter 11 cases for procedural purposes only. During the course of their chapter 11 cases, the Reorganized Debtors continued in possession of their respective properties and continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On August 30, 2010, the Reorganized Debtors filed their Application for an Order Authorizing the Retention of Jones Day as Special Counsel for the Special Committee of Tribune Company's Board of Directors Pursuant to 11 U.S.C. §§ 327(e) and 1107, *Nunc Pro Tunc* to August 22, 2010 (Docket No. 5562) (the "Retention Application"), which sought authority for the Special Committee to retain and employ Jones Day as counsel in these chapter

-3-

11 cases. By order dated September 15, 2010 (Docket No. 5704) (the "Retention Order"), the Retention Application was granted *nunc pro tunc* to August 22, 2010.[2]

3. On July 23, 2012, this Court entered the Order Confirming Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (Docket No. 12074) (the "Confirmation Order"). On December 31, 2012 (the "Effective Date"), the Plan became effective.

4. Section 9.2 of the Reorganized Debtors' confirmed plan (the "Plan") required that all applications for final allowance of compensation or reimbursement of the fees and expenses of any professional employed in these cases pursuant to sections 327 or 1103 of the Bankruptcy Code be filed and served on the Reorganized Debtors and their counsel, together with the Court-appointed fee examiner, and the Office of the United States Trustee, no later than sixty days after the Effective Date. Accordingly, any such application must be filed and served by March 1, 2013.

## JONES DAY'S REQUESTED FEES AND EXPENSES

5. Pursuant to Rule 2016-2(c) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and in accordance with Local Form 102[3] prefixed hereto are: (a) a schedule setting forth all Jones Day professionals and paraprofessionals who have performed services in these chapter 11

---

[2] Pursuant to this Court's order dated March 10, 2009 [Docket No. 501] Jones Day was also retained by the Debtors as special counsel in these chapter 11 cases in connection with certain antitrust regulatory matters. This Interim Fee Application is made solely with respect to Jones Day's retention in connection with matters relating to the Special Committee. Separate fee applications will be filed with respect to Jones Day's retention by the Debtors in connection with antitrust regulatory matters.

[3] Local Form 102 is incorporated into the Local Rules pursuant to Local Rule 2016-2(c).

cases during the Monthly Compensation Period and Final Compensation Period, the capacities in which each individual is employed by Jones Day, the department in which each individual practices, the hourly billing rate charged by Jones Day for the services performed by such individual, the aggregate number of hours expended in these cases and fees billed therefore and the year in which each professional was first licensed to practice law; (b) a summary of services by case matter for services rendered by Jones Day during the Monthly Compensation Period and Final Compensation Period; and (c) a schedule setting forth the actual and necessary disbursements that Jones Day incurred during the Monthly Compensation Period and Final Compensation Period in connection with the performance of professional services for Reorganized Debtors, and for which it seeks reimbursement.

6.   Jones Day's itemized time records for professionals and paraprofessionals performing services for the Reorganized Debtors during the Monthly Compensation Period and Jones Day's itemized records detailing expenses incurred on behalf of the Reorganized Debtors during the Monthly Compensation Period are set forth in Exhibits A and B, respectively. Jones Day's time records for professionals and paraprofessionals performing services for the Reorganized Debtors during the Final Compensation Period and Jones Day's itemized records detailing expenses incurred on behalf of the Reorganized Debtors during the Final Compensation Period were attached as Exhibits A and B, respectively, on this and each of Jones Day's previously filed monthly fee applications, which exhibits are hereby incorporated by reference. All expenses itemized comply with the requirements set forth in Local Rule 2016-2.

7.   This Application complies with sections 330 and 331 of title 11 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), the Guidelines adopted by the Executive Office of the United States Trustee for Reviewing

Applications for Compensation and Reimbursement of Expenses (the "Guidelines"), the Local Rules, the Interim Compensation Order, the Confirmation Order and Third Circuit law. In this regard, the Certification of Brad B. Erens in accordance with the Local Rules is attached hereto as Exhibit C.

8.     During the Monthly Compensation Period, Jones Day professionals and paraprofessionals devoted time and effort to addressing various matters with respect to fee application preparation. Finally, Jones Day professionals spent time drafting comprehensive responses to the fee examiner's initial reports for Jones Day's interim fee applications. These responses allowed Jones Day and the fee examiner to amicably resolve all of the issues the fee examiner raised in his respective initial reports.

## EXPENSES INCURRED BY JONES DAY

9.     Section 330 of the Bankruptcy Code authorizes "reimbursement for actual, necessary expenses" incurred by professionals employed in a chapter 11 case. Accordingly, Jones Day seeks reimbursement for expenses ("Expenses") incurred in rendering services to the Reorganized Debtors during the Monthly Compensation Period in the amount of $2,029.66 and during the Final Compensation Period in the amount of $92,758.23. A schedule of the Expenses for the Monthly Compensation Period is attached hereto as Exhibit B,[4] and is hereby incorporated herein by reference.

10.    Jones Day maintains the following policies with respect to Expenses:

- No amortization of the cost of any investment, equipment or capital outlay is included in the expenses. In addition, for those items or services that Jones Day purchased or contracted from a third party (such as outside copy services), Jones Day seeks reimbursement only for the exact amount billed to

---

[4] A detailed statement of Expenses incurred during the Final Compensation Period is attached as Exhibit B to each of the previously filed monthly fee applications.

CHI-1880259v2                                    -5-

Jones Day by the third party vendor and paid by Jones Day to the third party vendor.

- Photocopying by Jones Day was charged at 10 cents per page. To the extent practicable, Jones Day utilized less expensive outside copying services.

- Computer-assisted research is billed on a per-search and/or per-minute basis, depending upon the provider. Pursuant to Local Rule 2016-2(e)(iii), charges for Westlaw and Lexis research do not exceed the actual cost of such research.

- Charges for airline and train travel include the cost of each airline or train ticket used in connection with the provision of services to the Reorganized Debtors' estates.

### ADJUSTMENTS TO FEES AND EXPENSES

11. Consistent with its own internal policies and to comply with the "reasonableness" requirements of section 330 of the Bankruptcy Code, Jones Day has reviewed its monthly service descriptions and expense detail and has determined that certain fees and expenses will not be charged to the Reorganized Debtors. In total, (a) for the Monthly Compensation Period, Jones Day has voluntarily written off $605.00 in fees and expenses and (b) for the Final Compensation Period, Jones Day has voluntarily written off $81,492.50 in fees and expenses.

### CONCLUSION

12. No agreement or understanding exists between Jones Day or any third person for the sharing of compensation, except as allowed by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation between and among partners of Jones Day.

13. The fees and Expenses requested herein by Jones Day are billed in accordance with its normal billing practices and procedures in effect during the Monthly Compensation Period and Final Compensation Period. Such fees are reasonable based on the

customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market.

### NOTICE

14. Jones Day has served this Application on (i) the United States Trustee for the District of Delaware; (ii) counsel to Barclays Bank PLC in its capacity as Lender, Funding Agent and Administrative Agent; (iii) counsel to the Official Committee of Unsecured Creditors; (iv) counsel to JPMorgan Chase Bank in its capacity as Administrative Agent for Prepetition Lenders; and (v) the fee examiner appointed by the Fee Examiner Order.  Any objections to this Application must be in writing and filed with the Court and served upon (i) Jones Day: 77 W. Wacker, Chicago, IL 60601, attn: Brad B. Erens; (ii) co-counsel to the Debtors: Sidley Austin LLP, One South Dearborn, Chicago, IL 60603, attn: Kenneth P. Kansa; and Cole, Schotz, Meisel, Forman, & Leonard, P.A., 1000 N. West St., Suite 1200, Wilmington, DE 19801, attn: J. Kate Stickles; (iii) co-counsel to the Barclays Bank PLC, in its capacity as Lender, Funding Agent and Administrative Agent: Mayer Brown LLP, 1675 Broadway, New York, New York 10019 attn: Brian Trust; and Edwards, Angell, Palmer & Dodge, 919 North Market Street, Suite 1500, attn: Stuart M. Brown; (iv) co-counsel to the Administrative Agent for the Prepetition Lenders: Davis, Polk, & Wardwell, LLP, 450 Lexington Avenue, New York, NY 10017; and Richards, Layton & Finger, P.A., 920 King Street, P.O. Box 551, attn: Mark Collins; (v) co-counsel to the Official Committee of Unsecured Creditors: Chadbourne & Parke LLP, 30 Rockefeller Plaza, New York, NY 10112, attn: Howard Seife; and Landis, Rath & Cobb LLP, 919 Market Street, Ste. 1800, Wilmington, Delaware 19801, attn: Adam G. Landis; and (vi) the Office of the United States Trustee for the District of Delaware:  J. Caleb Boggs Federal

Building, 844 King Street, Room 2207, Lockbox 35, Wilmington, Delaware 19801, attn: David M. Klauder, so as to be received no later than 20 days after the date of service of the Application.

WHEREFORE, Jones Day respectfully requests that the Court, in accordance with the Interim Compensation Order and Confirmation Order: (a) for the Monthly Compensation Period allow (i) compensation of $17,577.50 for services rendered in connection with these chapter 11 cases and (ii) reimbursement of Expenses in the amount of $2,029.66; (b) for the Final Compensation Period issue an order allowing (i) compensation of $2,460,789.00 on a final basis for services rendered in connection with these chapter 11 cases and (ii) reimbursement of Expenses on a final basis in the amount of $92,758.23; and (c) direct payment by the Reorganized Debtors of the amounts due and outstanding for fees and expenses incurred during the Monthly Compensation period and of any amounts due and outstanding for fees and expenses incurred during the Final Compensation period.

Dated: March 1, 2013

Respectfully submitted,

By: /s/ Brad B. Erens
Brad B. Erens
Timothy W. Hoffmann
JONES DAY
77 West Wacker
Chicago, Illinois 60601
Telephone: (312) 782-3939

ATTORNEYS FOR SPECIAL COMMITTEE OF THE BOARD OF DIRECTORS OF TRIBUNE COMPANY