**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE COMPANY, *et al.*,[1] | ) | Case No. 08-13141 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Objection Deadline: March 21, 2013 at** |
| | ) | **4:00 p.m. (EST)** |
| | ) | **Hearing Date: TBD** |

**FOURTEENTH QUARTERLY AND FINAL APPLICATION OF MERCER (US) INC.
AS COMPENSATION CONSULTANT TO THE DEBTORS SEEKING INTERIM
REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED
FOR THE PERIOD OF JUNE 1, 2012 THROUGH DECEMBER 31, 2012 AND FOR
FINAL ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF ALL
ACTUAL AND NECESSARY EXPENSES INCURRED
FOR THE PERIOD OF JANUARY 12, 2009 THROUGH DECEMBER 31, 2012**

| | |
|---|---|
| Name of Applicant: | Mercer (US) Inc. |
| Authorized to provide professional services to: | Debtors |
| Date of retention: | May 11, 2009 *nunc pro tunc* to January 12, 2009 |

---

[1] The Debtors in these chapter 11 cases are: Tribune Company; 435 Production Company; 5800 Sunset Productions Inc.; Baltimore Newspaper Networks, Inc.; California Community News Corporation; Candle Holdings Corporation; Channel 20, Inc.; Channel 39, Inc.; Channel 40, Inc.; Chicago Avenue Construction Company; Chicago River Production Company; Chicago Tribune Company; Chicago Tribune Newspaper, Inc.; Chicago Tribune Press Service, Inc.; ChicagoLand Microwave Licensee, Inc.; Chicagoland Publishing Company; Chicagoland Television News, Inc.; Courant Specialty Products, Inc.; Direct Mail Associates, Inc.; Distribution Systems of America, Inc.; Eagle New Media Investments, LLC; Eagle Publishing Investments, LLC, forsalebyowner.com corp.; ForSaleByOwner.com Referral Services, LLC; Fortify Holdings Corporation; Forum Publishing Group, Inc.; Gold Coast Publications, Inc.; GreenCo, Inc.; Heart &Crown Advertising, Inc.; Homeowners Realty, Inc.; Homestead Publishing Co.; Hoy, LLC; Hoy Publications, LLC; InsertCo, Inc.; Internet Foreclosure Service, Inc.; JuliusAir Company, LLC; JuliusAir Company II, LLC; KIAH Inc.; KPLR, Inc.; KSWB Inc.; KTLA Inc.; KWGN Inc.; Los Angeles Times Communications LLC; Los Angeles Times International, Ltd.; Los Angeles Times Newspapers, Inc.; Magic T Music Publishing Company; NBBF, LLC; Neocomm, Inc.; New Mass. Media, Inc.; New River Center Maintenance Association, Inc.; Newscom Services, Inc.; Newspaper Readers Agency, Inc.; North Michigan Production Company; North Orange Avenue Properties, Inc.; Oak Brook Productions, Inc.; Orlando Sentinel Communications Company; Patuxent Publishing Company; Publishers Forest Products Co. of Washington; Sentinel Communications News Ventures, Inc.; Shepard's Inc.; Signs of Distinction, Inc.; Southern Connecticut Newspapers, Inc.; Star Community Publishing Group, LLC; Stemweb, Inc.; Sun-Sentinel Company; The Baltimore Sun Company; The Daily Press, Inc.; The Hartford Courant Company; The Morning Call, Inc.; The Other Company LLC; Times Mirror Land and Timber Company; Times Mirror Payroll Processing Company, Inc.; Times Mirror Services Company, Inc.; TMLH 2, Inc.; TMLS I, Inc.; TMS Entertainment Guides, Inc.; Tower Distribution Company; Towering T Music Publishing Company; Tribune Broadcast Holdings, Inc.; Tribune Broadcasting Company; Tribune Broadcasting Holdco, LLC; Tribune Broadcasting News Network, Inc.; Tribune California Properties, Inc.; Tribune Direct Marketing, Inc.; Tribune Entertainment Company; Tribune Entertainment Production Company; Tribune Finance, LLC; Tribune Finance Service Center, Inc.; Tribune License, Inc.; Tribune Los Angeles, Inc.; Tribune Manhattan Newspaper Holdings, Inc.; Tribune Media Net, Inc.; Tribune Media Services, Inc.; Tribune Network Holdings Company; Tribune New York Newspaper Holdings, LLC; Tribune NM, Inc.; Tribune Publishing Company; Tribune Television Company; Tribune Television Holdings, Inc.; Tribune Television New Orleans, Inc.; Tribune Television Northwest, Inc.; ValuMail, Inc.; Virginia Community Shoppers, LLC; Virginia Gazette Companies, LLC; WATL, LLC; WCWN LLC; WDCW Broadcasting, Inc.; WGN Continental Broadcasting Company; WLVI Inc.; WPIX, Inc.; and WTXX Inc.

Period for which
interim compensation and
reimbursement is sought:     June 1, 2012 through December 31, 2012

Amount of interim
compensation sought
as actual reasonable
and necessary:     $0.00

Amount of interim
reimbursement sought
as actual, reasonable
and necessary:     $4,348.60

Period for which
final compensation and
reimbursement is sought:     January 12, 2009 through December 31, 2012

Amount of final
compensation sought
as actual reasonable
and necessary:     $1,593,399.58

Amount of final
reimbursement sought
as actual, reasonable
and necessary:     $150,698.68

This is an  X  interim  X  final application

Prior Quarterly Applications

| Application | Date Filed | Period Covered | Requested Fees / Expenses | Approved Fees / Expenses |
| --- | --- | --- | --- | --- |
| First Quarterly | July 14, 2009 | Jan. – Feb. 2009 | $116,170.50 / $139.00 | $116,170.50 / $29.00 |
| Second Quarterly | July 15, 2009 | Mar. – May 2009 | $266,908.00 / $10,532.36 | $264,914.25 / $9,369.57 |
| Third Quarterly | October 15, 2009 | June – Aug. 2009 | $257,466.75 / $22,492.81 | $257,466.75 / $21,778.61 |
| Fourth Quarterly | January 14, 2010 | Sept. – Nov. 2009 | $101,796.20 / $7,738.05 | $101,796.20 / $7,738.05 |
| Fifth Quarterly | April 14, 2010 | Dec. 2009 – Feb. 2010 | $50,412.80 / $15,249.17 | $50,402.00 / $15,058.97 |
| Sixth Quarterly | July 15, 2010 | Mar. – May 2010 | $199,081.62 / $21,640.20 | $199,081.62 / $21,451.58 |

| Application | Date Filed | Period Covered | Requested Fees / Expenses | Approved Fees / Expenses |
|---|---|---|---|---|
| Seventh Quarterly | October 15, 2010 | June – Aug. 2010 | $444,281.30 / $15,340.59 | $444,281.30 / $14,847.76 |
| Eighth Quarterly | January 14, 2011 | Sept. – Nov. 2010 | $31,346.16 / $15,435.83 | $31,346.16 / $14,930.00 |
| Ninth Quarterly | April 15, 2011 | Dec. 2010 – Feb. 2011 | $23,137.66 / 4,456.91 | $23,137.66 / $4,456.91 |
| Tenth Quarterly | July 15, 2011 | Mar. – May 2011 | $51,488.06 / $12,507.07 | $51,488.06 / $12,482.06 |
| Eleventh Quarterly | October 14, 2011 | June – Aug 2011 | $14,082.42 / $7,522.70 | $14,082.42 / $7,407.24 |
| Twelfth Quarterly | January 17, 2012 | Sept. – Nov. 2011 | $5,892.80 / $8,073.35 | $5,892.80 / $8,073.35 |
| Thirteenth Quarterly | July 13, 202 | Mar. – May 2012 | $33,339.86 / $8,787.37 | $33,339.86 / $8,726.98 |

## Interim Expense Summary

*June 1, 2012 through December 31, 2012*

| Expense Category | Amount |
|---|---|
| Administrative – Legal | $4,348.60 |
| **TOTAL:** | **$4,348.60** |

## Final Compensation By Professional

*January 12, 2009 through December 31, 2012*

| Name | Position | Hourly Rate | Total Hours Billed | Total |
|---|---|---|---|---|
| Beckett, Joshua | Associate | $290.00 | 18.75 | $5,437.50 |
| Bell, Brett | Analyst | $266.80 / $295.80 | 8.50 | $2,347.56 |
| Burek, Melissa | Principal | $731.00 | 1.25 | $913.75 |
| Cook, Nicole | Associate | $348.00 | 0.50 | $174.00 |
| Czarnota, Sarah | Associate | $348.00 | 8.25 | $2,871.00 |
| Dempsey, John | Principal / Partner | $725.00 - $748.20 | 637.75 | $463,226.49 |
| Den Uyl, Janet | Principal | $795.00 | 2.00 | $1,590.00 |
| Dluhy, Brian | Intern | $162.00 | 90.25 | $14,656.60 |
| Dluhy, Bryan | Analyst | $266.80 / $272.60 | 40.50 | $10,866.30 |
| Donnell, Julie | Analyst / Associate | $226.00 - $336.40 | 774.50 | $201,879.14 |
| Feldt, Kate | Associate | $290.00 | 5.00 | $1,450.00 |
| Franklin, Charles | Analyst | $230.00 | 1.25 | $333.50 |
| Greene, Cooper | Analyst | $230.00 / $255.00 | 167.75 | $43,056.30 |
| Kaplan, Lauren | Associate | $290.00 | 1.50 | $435.00 |
| Karsan, Safiya | Analyst | $255.00 | 65.75 | $16,779.40 |
| Kaufman, Dan | Senior Associate | $493.00 | 165.00 | $81,345.38 |
| King, Rene | Principal | $667.00 | 3.00 | $1,975.50 |
| Klein, Jon | Analyst | $226.00 | 12.25 | $2,768.50 |
| Lodwick, Ellen | Researcher | $411.80 | 1.50 | $617.70 |
| Long, Marcia | Senior Associate | $435.00 / $493.00 | 847.50 | $417,330.32 |
| Malandruccolo, Joseph | Analyst | $226.00 - $255.00 | 61.75 | $15,010.44 |
| Mayer, Julie | Researcher | $72.00 - $75.40 | 178.00 | $13,087.64 |
| McKean, Sherri | Researcher | $255.20 | 0.25 | $63.80 |
| Mei, Judy | Associate | $377.00 | 9.50 | $3,581.50 |
| Moriarty, Kimberly | Associate / Senior Associate | $360.00 | 8.25 | $2,984.70 |
| Moses, Michael | Analyst | $226.00 | 88.25 | $19,944.50 |
| Neiting, Justin | Analyst | $226.00 / $255.00 | 11.25 | $2,608.20 |
| Popov, Dimitar | Analyst | $230.00 | 11.75 | $3,134.90 |

4

| Name | Position | Hourly Rate | Total Hours Billed | Total |
|---|---|---|---|---|
| Rentsch, Eric | Analyst | $226.00 | 72.75 | $16,444.82 |
| Rosen, Seth | Principal | $795.00 | 2.00 | $1,589.20 |
| Sandler, Matt | Senior Associate | $464.00 | 73.50 | $34,104.00 |
| Shaw, Nate | Analyst | $255.00 | 0.50 | $127.60 |
| Smolter, Valerie | Intern | $162.00 | 47.50 | $7,714.00 |
| Soundararajan, Kanak | Senior Associate | $435.00 / $464.00 | 18.25 | $8,054.75 |
| Stencel, Amanda | Analyst | $226.00 - $266.80 | 204.00 | $51,105.28 |
| Sung, Christina | Analyst | $226.00 | 169.25 | $38,250.50 |
| Wadgaonkar, Shruti | Analyst / Associate | $255.00 / $290.00 | 6.75 | $1,738.75 |
| Walters, Barbara | Associate | $290.00 | 0.50 | $145.00 |
| Warner, Mallory | Analyst | $255.00 | 28.00 | $7,145.60 |
| Wing, Brian | Intern | $162.00 | 29.75 | $4,831.40 |
| Wolf, Jessica | Analyst | $226.00 | 1.00 | $226.00 |
| Wu, Justin | Analyst / Senior Associate | $226.00 - $435.00 | 411.00 | $93,456.86 |
|  |  |  |  |  |
|  |  | **TOTALS:** | **4,286.5** | **$1,595,403.38**[2] |
|  |  |  | **BLENDED RATE:** | **$371.30** |

---

[2] This figure lists the aggregate charges for professional services, but does not account for voluntary fee reductions requested by the Fee Examiner and approved by the Court on an interim basis, which total $2,003.80. Mercer only requests final approval of compensation in the amount of $1,593,399.58, which accounts for the voluntary reduction of $2,003.80.

5

**Final Expense Summary**

*January 12, 2009 through December 31, 2012*

| Expense Category | Total |
|---|---|
| Administrative – General | $3,172.82 |
| Administrative – Legal | $134,652.28 |
| Administrative – Research | $600.00 |
| Meals – Holiday Work | $235.33 |
| Meals – Meetings | $214.15 |
| Meals – Late Work | $1,535.89 |
| Transportation – Late Work | $511.00 |
| Meals – Travel | $600.56 |
| Meals – Weekend Work | $67.94 |
| Telephone / Communication | $300.42 |
| Travel – Airfare | $3,078.41 |
| Travel – Lodging | $2,856.69 |
| Travel – Miscellaneous Fees | $558.00 |
| Travel – Transportation | $5,880.52 |
| | |
| **TOTAL:** | **$154,264.01[3]** |

---

[3] This figure aggregates all expenses for which Mercer has sought reimbursement in this and prior fee applications, but it does not account for voluntary expense reductions requested by the Fee Examiner and approved by the Court on an interim basis, which total $3,565.33. Mercer only requests final approval of expenses in the amount of $150,698.68, which accounts for the voluntary reduction of $3,565.33.

6

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE COMPANY, *et al.*,[1] | ) | Case No. 08-13141 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Objection Deadline: March 21, 2013 at** |
| | ) | **4:00 p.m. (EST)** |
| | ) | **Hearing Date: TBD** |

**FOURTEENTH QUARTERLY AND FINAL APPLICATION OF MERCER (US) INC.
AS COMPENSATION CONSULTANT TO THE DEBTORS SEEKING INTERIM
REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED
FOR THE PERIOD OF JUNE 1, 2012 THROUGH DECEMBER 31, 2012 AND FOR
FINAL ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF ALL
ACTUAL AND NECESSARY EXPENSES INCURRED
FOR THE PERIOD OF JANUARY 12, 2009 THROUGH DECEMBER 31, 2012**

Mercer (US) Inc. ("*Mercer*"), compensation consultant for Tribune Company ("*Tribune*") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "*Debtors*"), by and through its undersigned counsel, hereby submits this Fourteenth Quarterly

---

[1] The Debtors in these chapter 11 cases are: Tribune Company; 435 Production Company; 5800 Sunset Productions Inc.; Baltimore Newspaper Networks, Inc.; California Community News Corporation; Candle Holdings Corporation; Channel 20, Inc.; Channel 39, Inc.; Channel 40, Inc.; Chicago Avenue Construction Company; Chicago River Production Company; Chicago Tribune Company; Chicago Tribune Newspaper, Inc.; Chicago Tribune Press Service, Inc.; ChicagoLand Microwave Licensee, Inc.; Chicagoland Publishing Company; Chicagoland Television News, Inc.; Courant Specialty Products, Inc.; Direct Mail Associates, Inc.; Distribution Systems of America, Inc.; Eagle New Media Investments, LLC; Eagle Publishing Investments, LLC, forsalebyowner.com corp.; ForSaleByOwner.com Referral Services, LLC; Fortify Holdings Corporation; Forum Publishing Group, Inc.; Gold Coast Publications, Inc.; GreenCo, Inc.; Heart &Crown Advertising, Inc.; Homeowners Realty, Inc.; Homestead Publishing Co.; Hoy, LLC; Hoy Publications, LLC; InsertCo, Inc.; Internet Foreclosure Service, Inc.; JuliusAir Company, LLC; JuliusAir Company II, LLC; KIAH Inc.; KPLR, Inc.; KSWB Inc.; KTLA Inc.; KWGN Inc.; Los Angeles Times Communications LLC; Los Angeles Times International, Ltd.; Los Angeles Times Newspapers, Inc.; Magic T Music Publishing Company; NBBF, LLC; Neocomm, Inc.; New Mass. Media, Inc.; New River Center Maintenance Association, Inc.; Newscom Services, Inc.; Newspaper Readers Agency, Inc.; North Michigan Production Company; North Orange Avenue Properties, Inc.; Oak Brook Productions, Inc.; Orlando Sentinel Communications Company; Patuxent Publishing Company; Publishers Forest Products Co. of Washington; Sentinel Communications News Ventures, Inc.; Shepard's Inc.; Signs of Distinction, Inc.; Southern Connecticut Newspapers, Inc.; Star Community Publishing Group, LLC; Stemweb, Inc.; Sun-Sentinel Company; The Baltimore Sun Company; The Daily Press, Inc.; The Hartford Courant Company; The Morning Call, Inc.; The Other Company LLC; Times Mirror Land and Timber Company; Times Mirror Payroll Processing Company, Inc.; Times Mirror Services Company, Inc.; TMLH 2, Inc.; TMLS I, Inc.; TMS Entertainment Guides, Inc.; Tower Distribution Company; Towering T Music Publishing Company; Tribune Broadcast Holdings, Inc.; Tribune Broadcasting Company; Tribune Broadcasting Holdco, LLC; Tribune Broadcasting News Network, Inc.; Tribune California Properties, Inc.; Tribune Direct Marketing, Inc.; Tribune Entertainment Company; Tribune Entertainment Production Company; Tribune Finance, LLC; Tribune Finance Service Center, Inc.; Tribune License, Inc.; Tribune Los Angeles, Inc.; Tribune Manhattan Newspaper Holdings, Inc.; Tribune Media Net, Inc.; Tribune Media Services, Inc.; Tribune Network Holdings Company; Tribune New York Newspaper Holdings, LLC; Tribune NM, Inc.; Tribune Publishing Company; Tribune Television Company; Tribune Television Holdings, Inc.; Tribune Television New Orleans, Inc.; Tribune Television Northwest, Inc.; ValuMail, Inc.; Virginia Community Shoppers, LLC; Virginia Gazette Companies, LLC; WATL, LLC; WCWN LLC; WDCW Broadcasting, Inc.; WGN Continental Broadcasting Company; WLVI Inc.; WPIX, Inc.; and WTXX Inc.

and Final Fee Application (the "*Application*") for interim allowance of actual and necessary expenses incurred by Mercer in connection with services provided to the Debtors for the period of June 1, 2012 through December 31, 2012 (the "*Interim Application Period*"), and final approval of compensation for professional services rendered during the period from January 12, 2009 through December 31, 2012 (the "*Final Fee Application Period*") and reimbursement of actual and necessary expenses incurred during the same time period, under sections 330 and 331 of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses (the "*U.S. Trustee Guidelines*"), and the Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members.  In support of this Application, Mercer represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

2. The statutory bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

## PROCEDURAL BACKGROUND

3. On December 8, 2008 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.  On December 18, 2008, the Office of the United States Trustee (the "*U.S. Trustee*") appointed an Official Committee of Unsecured Creditors (the "*Committee*") pursuant to section 1102(a)(1) of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' cases.

5.  On July 23, 2012, the Court entered an order (the "*Confirmation Order*") confirming the *Fourth Amended Joint Plan of Reorganization Proposed by the Debtors, the Committee, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JP Morgan Chase Bank, N.A.* (the "*Joint Plan*"). The Effective Date of the Joint Plan occurred on December 31, 2012.

## MERCER'S RETENTION

6.  Mercer is a consulting firm focused on providing human resource consulting and related outsourcing and investment services. Mercer routinely advises large corporate clients on all aspects of their businesses, and Mercer has considerable experience providing compensation planning and advisory services in a chapter 11 setting.

7.  Based upon Mercer's experience, the Debtors sought to retain Mercer as a compensation consultant, and, thus, filed the *Application for an Order Authorizing Debtors to Retain and Employ Mercer (US) Inc. as Compensation Consultant Pursuant to 11 U.S.C. § 327(a) and 1107 Nunc Pro Tunc to January 12, 2009* (the "*Retention Application*"). This Court entered an order on May 11, 2009 authorizing the retention and employment of Mercer as compensation consultant to the Debtors *nunc pro tunc* to January 12, 2009 (the "*Retention Order*").

8. The Retention Order authorized the retention of Mercer as compensation specialists, whereby Mercer will provide services according to the engagement letter dated March 3, 2009 (the "*Engagement Letter*"), subject to the limitations and modifications set forth in the Retention Order. The Engagement Letter was previously submitted to this Court with the Retention Application.

## FEE PROCEDURES ORDER

9. On January 15, 2009, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. § 105(a) and 331* (the "*Interim Compensation Procedures Order*"), which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

10. In particular, the Interim Compensation Procedures Order provides that a professional may file and serve a monthly fee application ("*Monthly Fee Application*") with the Court on or after the twenty-fifth (25th) day of each month following the month for which compensation is sought. Provided that there are no objections to such Monthly Fee Application filed within twenty (20) days after the service of such Monthly Fee Application, the professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such professional eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in such Monthly Fee Application.

11. Additionally, the Interim Compensation Procedures Order provides that, beginning with the Petition Date and ending on February 28, 2009, and at each three month interval thereafter (the "*Interim Fee Period*"), professionals shall file a request (the "*Quarterly Fee Application Request*") for interim Court approval and allowance of compensation for services rendered and reimbursement of expenses sought in the Monthly Fee Applications filed

4

during such period. Each Quarterly Fee Application Request shall be filed with the Court by no later than forty-five (45) days after the end of the applicable Interim Fee Period.

## PREVIOUS FEE APPLICATIONS

12. In accordance with the Interim Compensation Procedures Order, Mercer has previously submitted the following Monthly Fee Applications and Quarterly Fee Application Requests:

| Application | Period Covered | Fees | Expenses | Total |
|---|---|---|---|---|
| First Monthly | Jan. 2009 | $32,315.00 | $139.00 | $32,454.00 |
| Second Monthly | Feb. 2009 | $83,855.50 | $0.00 | $83,855.50 |
| First Quarterly | Jan. – Feb. 2009 | $116,170.50 | $139.00 | $116,309.50 |
| Third Monthly | Mar. 2009 | $102,335.00 | $288.55 | $102,623.55 |
| Fourth Monthly | April 2009 | $106,803.75 | $7,031.40 | $113,835.15 |
| Fifth Monthly | May 2009 | $57,769.25 | $3,212.41 | $60,981.66 |
| Second Quarterly | Mar. - May 2009 | $266,908.00 | $10,532.36 | $277,440.36 |
| Sixth Monthly | June 2009 | $69,088.00 | $4,917.31 | $74,005.31 |
| Seventh Monthly | July 2009 | $136,556.50 | $11,489.27 | $148,045.77 |
| Eighth Monthly | August 2009 | $51,822.25 | $6,086.23 | $57,908.48 |
| Third Quarterly | June – August 2009 | $257,466.75 | $22,492.81 | $279,959.56 |
| Ninth Monthly | September 2009 | $88,753.44 | $1,877.45 | $90,630.89 |
| Tenth Monthly | October 2009 | $1,765.52 | $1,296.43 | $3,061.95 |
| Eleventh Monthly | November 2009 | $11,277.24 | $4,564.17 | $15,841.41 |
| Fourth Quarterly | Sept. – Nov. 2009 | $101,796.20 | $7,738.05 | $109,534.25 |
| Twelfth Monthly | December 2009 | $636.84 | $4,359.35 | $4,996.19 |
| Thirteen Monthly | January 2010 | $26,790.22 | $7,028.60 | $33,818.82 |
| Fourteenth Monthly | February 2010 | $22,985.74 | $3,861.02 | $26,846.76 |
| Fifth Quarterly | Dec. 2009 – Feb. 2010 | $50,412.80 | $15,249.17 | $65,661.97 |
| Fifteenth Monthly | March 2010 | $42,811.60 | $1,978.80 | $44,790.40 |
| Sixteenth Monthly | April 2010 | $55,884.74 | $7,999.29 | $63,884.03 |
| Seventeenth Monthly | May 2010 | $100,385.28 | $11,662.11 | $112,047.39 |
| Sixth Quarterly | Mar. 2010 – May 2010 | $199,081.62 | $21,640.20 | $220,721.82 |
| Eighteenth Monthly | June 2010 | $214,280.54 | $3,440.51 | $217,721.05 |
| Nineteenth Monthly | July 2010 | $171,477.22 | $9,395.43 | $180,872.65 |
| Twentieth Monthly | August 2010 | $58,523.54 | $2,504.65 | $61,028.19 |
| Seventh Quarterly | June 2010 – Aug. 2010 | $444,281.30 | $15,340.59 | $459,621.89 |
| Twenty-First Monthly | September 2010 | $984.58 | $7,224.40 | $8,208.98 |
| Twenty-Second Monthly | October 2010 | $19,966.52 | $7,055.76 | $27,022.28 |
| Twenty-Third Monthly | November 2010 | $10,395.06 | $1,155.67 | $11,550.73 |
| Eighth Quarterly | Sept. – Nov. 2010 | $31,346.16 | $15,435.83 | $46,781.99 |
| Twenty-Fourth Monthly | December 2010 | $150.80 | $0.00 | $150.80 |
| Twenty-Fifth Monthly | January 2011 | $19,995.50 | $4,187.97 | $24,183.47 |

| Application | Period Covered | Fees | Expenses | Total |
|---|---|---|---|---|
| Twenty-Sixth Monthly | February 2011 | $2,991.36 | $268.94 | $3,260.30 |
| Ninth Quarterly | Dec. 2010 – Feb. 2011 | $23,137.66 | $4,456.91 | $27,594.57 |
| Twenty-Seventh Monthly | March 2011 | $19,389.40 | $2,723.11 | $22,112.51 |
| Twenty-Eighth Monthly | April 2011 | $15,296.06 | $8,744.85 | $24,040.91 |
| Twenty-Ninth Monthly | May 2011 | $16,802.60 | $1,039.11 | $17,841.71 |
| Tenth Quarterly | Mar. 2011 – May 2011 | $51,488.06 | $12,507.07 | $63,995.13 |
| Thirtieth Monthly | June 2011 | $7,344.26 | $112.50 | $7,456.76 |
| Thirty-First Monthly | July 2011 | $3,810.60 | $3,867.92 | $7,678.52 |
| Thirty-Second Monthly | August 2011 | $2,927.56 | $3,542.28 | $6,469.84 |
| Eleventh Quarterly | June 2011 – Aug. 2011 | $14,082.42 | $7,522.70 | $21,605.12 |
| Thirty-Third Monthly | September 2011 | $1,841.50 | $192.15 | $2,033.65 |
| Thirty-Fourth Monthly | October 2011 | $4,051.30 | $3,105.36 | $7,156.66 |
| Thirty-Fifth Monthly | November 2011 | $0.00 | $4,775.84 | $4,775.84 |
| Twelfth Quarterly | Sept. 2011 – Nov. 2011 | $5,892.80 | $8,073.35 | $13,966.15 |
| Thirty-Sixth Monthly | March 2012 | $27,378.90 | $6,116.08 | $33,494.98 |
| Thirty-Seventh Monthly | April 2012 | $5,960.96 | $976.48 | $6,937.44 |
| Thirty-Eighth Monthly | May 2012 | $0.00 | $1,694.81 | $1,694.81 |
| Thirteenth Quarterly | Mar. 2012 – May 2012 | $33,339.86 | $8,787.37 | $42,127.23 |

## **SERVICES PROVIDED DURING FEE APPLICATION PERIOD**

13. During these chapter 11 cases and the Application Period, Mercer has provided extensive services relating to the Debtors' executive compensation. Such services include:

   a. Conducting assessments and making recommendations concerning current and proposed incentive or other compensation programs, including a Management Incentive Plan ("*MIP*") and compensation adjustments in connection with the Debtors' ongoing management changes;

   b. Revising the MIP and related analyses and documentation based upon comments and questions from the Debtors' and their counsel;

   c. Reviewing, discussing and responding to inquiries (both formal and informal) from parties-in-interest regarding current and proposed compensation programs; and

   d. Reviewing pleadings regarding issues related to compensation programs.

## RELIEF REQUESTED FOR FOURTEENTH
## INTERIM FEE APPLICATION PERIOD

14. Mercer submits this Application for reimbursement of actual, reasonable and necessary expenses during the Interim Application Period.

15. During the Interim Application Period, Mercer incurred actual, reasonable and necessary expenses totaling $4,348.60. As of the date of this Application, Mercer has received no payment for these amounts.

16. Detailed entries for Mercer's expenses incurred during the Application Period are attached hereto and incorporated herewith as **Exhibit A**.

## RELIEF REQUESTED FOR
## FINAL FEE APPLICATION PERIOD

17. By this Application, Mercer also seeks final approval of compensation and reimbursement of expenses for the period of January 12, 2009 through December 31, 2012.[2]

18. Mercer respectfully requests final approval of (i) all amounts requested in the previously filed Quarterly Fee Application Orders, less amounts Mercer voluntarily waived at the request of the Fee Examiner; and (ii) all expenses incurred during the Fourteenth Quarterly Fee Application Period, as detailed above. Accordingly, Mercer seeks final approval of compensation in the amount of $1,593,399.58 and reimbursement of expenses in the amount of $150,698.68.

19. Mercer hereby incorporates the time and expense records attached to its prior fee applications in support of the relief requested herein.[3]

---

[2] Both prior to and after the Petition Date, Mercer's affiliated entity, Mercer Health & Benefits LLC ("*Mercer H&B*"), provided actuarial health and benefits services, including analyses with respect to health benefit claims incurred but not reported and reviewing budget rates, which Mercer H&B routinely performed at least twice a year for the Debtors prior to the Petition Date (the "*H&B Services*"). While the H&B Services were historically administrative in nature, the Debtors and Mercer subsequently amended the scope of the H&B Services, which required Mercer to be retained as an ordinary course professional (an "*OCP*"). Accordingly, the H&B Services were not included in Mercer's fee applications, and Mercer has sought compensation for such services in accordance with the OCP procedures previously implemented in these chapter 11 cases.

7

20. Mercer reserves the right to correct, amend, or supplement this Fee Application, for any reason.

21. No agreement or understanding exists between Mercer and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases other than the employees of Mercer and its parent company, Marsh & McLennan Companies, Inc.

22. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his or her information, knowledge and belief that this Application complies with that Rule.

**WHEREFORE**, Mercer respectfully requests that the Court enter an order: (a) allowing Mercer (i) reimbursement of $4,348.60 for actual, reasonable and necessary expenses incurred during the period of June 1, 2012 through December 31, 2012, on an interim basis, and (ii) final allowance of compensation in the amount of $1,593,399.58 for services provided to the Debtors during these chapter 11 cases and final reimbursement of $150,698.68 for expenses incurred during these chapter 11 cases; (b) authorizing and directing the Debtors to pay Mercer the amount of $1,744,098.26 which is equal to the fees and expenses request herein, less any amounts the Debtors previously paid to Mercer on account of such fees and expenses; and (c) granting such other relief as the Court deems just and proper.

---

[3] Mercer's detailed time entries are stated in quarter hour increments, as approved by this Court in the Retention Order.

Dated: March 1, 2013 **MERCER (US) INC.**

By: /s/ Devon J. Eggert
    One of Its Attorneys

    Devon J. Eggert
    Freeborn & Peters, LLP
    311 South Wacker Drive
    Suite 3000
    Chicago, Illinois 60606
    Telephone: (312) 360-6000
    Facsimile: (312) 360-6995