# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |
| | Objections Due: March 21, 2013 |
| | Hearing Date: Only if Objections Are Filed |

**TWENTY-SEVENTH MONTHLY AND FINAL APPLICATION OF
DAVIS WRIGHT TREMAINE LLP FOR ALLOWANCE AND PAYMENT OF
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES AS SPECIAL COUNSEL TO THE REORGANIZED DEBTORS FOR
CERTAIN LITIGATION MATTERS FOR THE PERIOD
DECEMBER 1, 2012 THROUGH DECEMBER 31, 2012 AND
THE FINAL PERIOD FROM SEPTEMBER 1, 2010 THROUGH DECEMBER 31, 2012**

---

[1] The Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T. Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

| | |
|---|---|
| **Name of applicant:** | Davis Wright Tremaine LLP |
| **Authorized to provide professional services to:** | Tribune Company, et al. |
| **Date of retention:** | November 22, 2010 nunc pro tunc to October 1, 2010[2] |
| **Period for which compensation and reimbursement is sought:** | December 1, 2012 to December 31, 2012 |
| **Amount of compensation sought as actual, reasonable and necessary:** | $82,683.00 |
| **Amount of expense reimbursement sought as actual, reasonable and necessary:** | $2,404.03 |
| **Period for which final compensation and reimbursement is sought:** | September 1, 2010 through December 31, 2012 |
| **Amount of Final Compensation sought as actual, reasonable, and necessary:** | $2,234,174.24 |
| **Amount of Final Expense Reimbursement sought as actual, reasonable, and necessary:** | $86,524.60 |

This is a:     _X_ monthly          ___ interim          _X_ final application

This application includes 10.90 hours and $2,485.80 in fees incurred in connection with the preparation of Fee Applications.

---

[2] On March 5, 2012, Davis filed a supplemental motion (Docket No. 11088) for an order modifying the scope of retention to include certain corporate and litigation matters, nunc pro tunc to February 21, 2012.  The Court granted the motion on March 22, 2012 (Docket No. 11219).

DWT 17581686v29 0026175-000379

Prior Applications Filed:

| DATE FILED | DOCKET NO. | PERIOD COVERED | FEES REQUESTED | EXPENSES REQUESTED | FEES APPROVED | EXPENSES APPROVED |
|---|---|---|---|---|---|---|
| 7/19/11 | 9493 | 9/01/10-9/30/10 | $76,420.31 | $1,292.08 | $74,267.06 | $1,292.08 |
| 7/21/11 | 9512 | 10/01/10-10/31/10 | $38,647.69 | $1,886.25 | $38,337.90 | $1,895.80 |
| 7/26/11 | 9553 | 11/01/10-11/30/10 | $13,742.69 | $911.65 | $13,742.69 | $911.65 |
| 9/07/11 | 9760 | 12/01/10-12/31/10 | $9,982.95 | $270.00 | $9,982.95 | $270.00 |
| 10/24/11 | 10055 | 1/01/11-1/31/11 | $45,611.55 | $954.30 | $45,611.55 | $954.30 |
| 10/24/11 | 10056 | 2/01/11-2/28/11 | $28,718.00 | $2,962.08 | $28,718.00 | $2,818.35 |
| 11/11/11 | 10210 | 3/01/11-3/31/11 | $43,335.40 | $1,749.47 | $43,335.40 | $1,749.47 |
| 11/11/11 | 10211 | 4/01/11-4/30/11 | $86,857.20 | $939.21 | $86,642.20 | $939.21 |
| 11/11/11 | 10212 | 5/01/11-5/31/11 | $88,684.69 | $5,138.92 | $88,415.70 | $5,138.92 |
| 11/11/11 | 10213 | 6/01/11-6/30/11 | $118,127.25 | $2,273.29 | $117,943.84 | $2,273.29 |
| 11/17/11 | 10249 | 7/01/11-7/31/11 | $95,836.05 | $4,648.32 | $95,836.05 | $4,648.32 |
| 11/17/11 | 10250 | 8/01/11-8/31/11 | $116,950.74 | $2,277.98 | $116,778.62 | $2,277.98 |
| 11/17/11 | 10251 | 9/01/11-9/30/11 | $83,901.31 | $3,322.39 | $84,094.45 | $2,776.19 |
| 2/28/12 | 11040 | 10/01/11-10/31/11 | $74,166.07 | $1,623.49 | $74,166.07 | $1,623.49 |

DWT 17581686v29 0026175-000379

| 3/26/12 | 11233 | 11/01/11-11/30/11 | $96,562.80 | $2,500.27 | $96,719.94 | $2,500.27 |
| 4/10/12 | 11341 | 12/01/11-12/31/11 | $106,593.52 | $3,936.19 | $106,593.52 | $3,936.19 |
| 5/08/12 | 11581 | 1/01/12-1/31/12 | $121,875.08 | $7,450.48 | $121,659.53 | $7,450.48 |
| 6/08/12 | 11779 | 2/01/12-2/29/12 | $90,263.70 | $3,012.16 | $90,263.70 | $3,012.16 |
| 9/13/12 | 12415 | 3/01/12-3/31/12 | $98,779.95 | $2,388.26 | $98,888.58 | $2,388.26 |
| 9/19/12 | 12437 | 4/01/12-4/30/12 | $103,717.35 | $4,447.98 | $103,825.98 | $4,447.98 |
| 9/19/12 | 12438 | 5/01/12-5/31/12 | $199,116.68 | $17,094.08 | $199,116.68 | $17,094.08 |
| 10/15/12 | 12572 | 6/01/12-6/30/12 | $118,151.10 | $4,078.36 | $94,520.88 | $4,078.36 |
| 11/05/12 | 12677 | 7/01/12-7/31/12 | $102,134.25 | $1,071.08 | $81,707.40 | $1,071.08 |
| 12/18/12 | 12859 | 8/01/12-8/31/12 | $83,502.67 | $1,789.86 | $66,802.14 | $1,789.86 |
| 1/15/13 | 13062 | 9/01/12-9/30/12 | $72,936.97 | $2,044.73 | $58,349.58 | $2,044.73 |
| 2/01/13 | 13136 | 10/01/12-10/31/12 | $92,184.52 | $2,243.07 | $73,747.62 | $2,243.07 |
| 2/04/13 | 13145 | 11/01/12-11/30/12 | $51,779.01 | $2,495.00 | $41,423.21 | $2,495.00 |

DWT 17581686v29 0026175-000379

**COMPENSATION FOR PROFESSIONALS**
**DECEMBER 1, 2012 THROUGH DECEMBER 31, 2012[3]**

| NAME OF PROFESSIONAL PERSON | POSITION OF THE APPLICANT, AREA OF EXPERTISE, YEAR OF OBTAINING LICENSE TO PRACTICE | HOURLY BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|
| Kelli L. Sager | Partner, Media, Member of California Bar since 1985 | $544.50 | 19.60 | $9,855.45* |
| Keith Baldwin | Partner, Business and Corporate Finance, Member of Washington Bar since 1976 | $517.50 | 0.30 | $155.25 |
| Nancy J. Felsten | Partner, Technology, Advertising, Trademark and Entertainment, Member of New York Bar since 1987 | $513.00 | 0.90 | $461.70 |
| Thomas Burke | Partner, Media, Member of California Bar since 1989 | $508.50 | 1.60 | $406.80* |
| Alonzo Wickers IV | Partner, Media, Member of California Bar since 1993 | $490.50 | 3.20 | $1,569.60 |
| Kenneth E. Payson | Partner, Intellectual Property, Member of Washington Bar since 1996 | $427.50 | 16.60 | $7,096.50 |
| Jesse D. Lyon | Partner, Business and Corporate Finance, Member of Oregon Bar since 1998, Member of Washington Bar since 2007 | $409.50 | 2.40 | $982.80 |
| Rochelle L. Wilcox | Partner, Media, Member of California Bar since 1998 | $387.00 | 52.30 | $18,730.80* |
| Ronald London | Of Counsel, Media, Member of District of Columbia Bar since 1997, Member of Maryland Bar since 1995 | $450.00 | 19.50 | $8,775.00 |

---

[3] Two matters involved a case where the fees were split among clients, one of which was Reorganized Debtor.  The total "compensation" amount reflects the amount billed only to Reorganized Debtor, not the total fees billed on the matters.  An asterisk (*) indicates the matters for which fees and expenses were split among clients, and the lawyer(s) who worked on the "split" matters.

DWT 17581686v29 0026175-000379

| Carla Veltman | Associate, Media, Member of California Bar since 2002 | $378.00 | 1.40 | $264.60* |
|---|---|---|---|---|
| Sean M. Sullivan | Associate, Intellectual Property, Member of California Bar since 2003 | $355.50 | 7.30 | $2,595.15 |
| Karen A. Henry | Associate, Litigation, Member of California Bar since 2004 | $355.50 | 2.00 | $711.00 |
| Jeffrey D. Glasser | Associate, Media, Member of California Bar since 2007 | $310.50 | 30.20 | $9,377.10 |
| Nicholas Ryan-Lang | Associate, Litigation, Member of New York Bar since 2007 | $288.00 | 10.80 | $3,110.40 |
| Jonathan L. Segal | Associate, Media, Member of California Bar since 2008 | $292.50 | 54.10 | $15,444.00* |
| Dan Laidman | Associate, Media, Member of California Bar since 2010 | $261.00 | 5.50 | $1,435.50 |
| Lin Zhu | Consultant, China Practice, Member of New York Bar since 2007 | $265.50 | 1.20 | $318.60 |
| Robert Naylor | Paralegal | $211.50 | 0.10 | $21.15 |
| Benjamin Planchon | Litigation Paralegal | $193.50 | 2.30 | $445.05 |
| Connelly Johnson | Librarian | $184.50 | 0.20 | $36.90 |
| Bret Masterson | Librarian | $184.50 | 1.30 | $239.85 |
| Gino Pasquale | Document Clerk | $72.00 | 7.30 | $525.60 |
| Warren Keville | Document Clerk | $54.00 | 2.30 | $124.20 |
| **GRAND TOTALS:** | | | 242.40 | $82,683.00 |
| **BLENDED RATE:** | | $332.80 | | |

DWT 17581686v29 0026175-000379

## COMPENSATION BY PROJECT CATEGORY[4]

| PROJECT CATEGORY | TOTAL HOURS | TOTAL FEES |
|---|---|---|
| Ad Development | 4.10 | $2,031.30 |
| Adjudication Matters | 2.00 | $711.00 |
| Alcohol Regulatory Counseling | 2.40 | $982.80 |
| Bankruptcy | 10.90 | $2,485.80 |
| City of Los Angeles Protective Order CPRA | 2.40 | $884.70 |
| Dancer | 32.90 | $11,905.65 |
| GBH | 0.40 | $176.40 |
| Los Angeles Archdiocese | 102.90 | $34,208.55* |
| Los Angeles Memorial Coliseum CPRA | 15.00 | $4,689.45 |
| Los Angeles Unified School District CPRA | 21.60 | $6,846.30 |
| Setyan | 0.20 | $108.90 |
| Silverman | 0.40 | $154.80 |
| Strick | 23.70 | $7,694.55 |
| Taiwan Travel Show | 1.40 | $427.50 |
| Tribune General Advice | 19.50 | $8,775.00 |
| UC Davis Pepper Spray CPRA | 2.60 | $600.30* |
| TOTALS: | 242.40 | $82,683.00 |

---

[4] Two matters involved a case where the fees were split among clients, one of which was Reorganized Debtor. The total "compensation" amount reflects the amount billed only to Reorganized Debtor, not the total fees billed on the matters. An asterisk (*) indicates the matters for which fees and expenses were split among clients, and the lawyer(s) who worked on the "split" matters.

DWT 17581686v29 0026175-000379

## EXPENSE SUMMARY

| EXPENSE CATEGORY | SERVICE PROVIDER | TOTAL EXPENSES |
|---|---|---|
| Photocopying | Davis Wright Tremaine LLP | $263.50 |
| Messenger/Courier | Apex Attorney Services | $67.00 |
| Messenger/Courier | Federal Express | $285.90 |
| Filing Fees | Specialized Legal Services | $28.50 |
| Filing Fees | State of Washington, Secretary of State | $50.00 |
| Publication Fees | The Olympian | $327.81 |
| Research | Los Angeles County Superior Court Online Document System | $52.07 |
| Research | Lexis-Nexis | $417.85 |
| Research | PACER Online Document System | $2.20 |
| Research | West Publishing | $909.20 |
| TOTAL: | | $2,404.03 |

8

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |
| | Objections Due: March 21, 2013<br>Hearing Date: Only if Objections Are Filed |

**TWENTY-SEVENTH MONTHLY AND FINAL APPLICATION OF
DAVIS WRIGHT TREMAINE LLP FOR ALLOWANCE AND PAYMENT OF
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES AS SPECIAL COUNSEL TO THE REORGANIZED DEBTORS FOR
CERTAIN LITIGATION MATTERS FOR THE PERIOD
DECEMBER 1, 2012 THROUGH DECEMBER 31, 2012 AND
THE FINAL PERIOD FROM SEPTEMBER 1, 2010 THROUGH DECEMBER 31, 2012**

Davis Wright Tremaine LLP ("Davis"), as Special Counsel for Domestic Legal Matters to the Tribune Company, et al. (the "Reorganized Debtors"), hereby submits this Application (the "Application") to this Court for (i) approval and allowance of compensation for services rendered in the amount of $82,683.00 and reimbursement for expenses incurred in the amount of

---

[1] The Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T. Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marketing, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

$2,404.03 during the period commencing December 1, 2012 through December 31, 2012 (the

"Monthly Fee Period") and (ii) final approval of reasonable compensation for professional

services rendered as Special Counsel to the Reorganized Debtors in the amount of $2,234,174.24

together with reimbursement of actual and necessary expenses incurred in the amount of

$86,524.60 for the final period of September 1, 2010 through December 31, 2012 (the "Final Fee

Period") (collectively the "Application").  This Application is submitted pursuant to sections 330

and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016-2 of the Local

Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"),

the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of

Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the

"Compensation Order"), the Executive Office of United States Trustees' Guidelines for

Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11

U.S.C. § 330, dated March 22, 1995 (the "Guidelines"), and the Order Appointing Fee Examiner

and Establishing Related Procedures for Compensation and Reimbursement of Expenses for

Professionals and Consideration of Fee Applications, dated March 19, 2009 (the "Fee Examiner

Order").  In support of this Application, Davis respectfully represents as follows:

## JURISDICTION

1.     This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

1334.  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a

core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (M).

2.     The statutory predicates for the relief sought herein are sections 105(a), 330 and

331 of the Bankruptcy Code, and Bankruptcy Rule 2016.

## BACKGROUND

3.     On December 8, 2008 (the "Petition Date"), the Reorganized Debtors commenced

these bankruptcy cases by each filing a voluntary petition for relief under Chapter 11 of Title 11

2

of the United States Code, 11 U.S.C. §§ 101, *et seq*., (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").  On December 10, 2008, the Court entered an order consolidating the Reorganized Debtors' chapter 11 cases for procedural purposes only.

4.     On October 12, 2009, Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, Inc. (the "Cubs" and one of the Debtors) filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court.  On October 14, 2009, the Court entered an order consolidating the Cubs' chapter 11 case with the Debtors' chapter 11 cases for procedural purposes only (the "Cubs Order").  In all, the Debtors comprise 111 entities.

5.     The Reorganized Debtors have continued in possession of their respective properties and have continued in the management and operation of their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6.     No trustee has been appointed in these chapter 11 cases.

## DAVIS RETENTION

7.     Prior to the Petition Date, the Reorganized Debtors retained Davis as general legal counsel and agreed to pay on a monthly basis the reasonable value of services rendered based on Davis' standard billing rates and pursuant to its standard reimbursement policies.

8.     On November 22, 2010, the Court authorized the employment and retention of Davis pursuant to sections 105(a) and 327(a) as special counsel to the Reorganized Debtors for general domestic legal matters, nunc pro tunc to October 1, 2010.[2]

---

[2] On March 5, 2012, Davis filed a supplemental motion (Docket No. 11088) for an order modifying the scope of retention to include certain corporate and litigation matters, nunc pro tunc to February 21, 2012.  The Court granted the motion on March 22, 2012 (Docket No. 11219).

3

## COMPENSATION PAID AND ITS SOURCES

9.      All services for which compensation is requested by Davis were performed for or on behalf of the Reorganized Debtors.

10.      In compliance with Local Rule 2016-2, Davis confirms that during the Application Period, Davis received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application except from the Reorganized Debtors.  There is no agreement or understanding between Davis and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.

11.      As of the Petition Date, Davis held a retainer from the Debtors in the amount of $39,173.52.  The Debtors reduced their first payment to Davis by the amount of the retainer and Davis drew down on the retainer in connection with the payment due pursuant to the Ordinary Course Professional Application.  Accordingly, Davis no longer holds any retainer in connection with its retention in these cases.

## FEE STATEMENTS

12.      The time records for the Monthly Application Period are attached as Exhibit A. The time records contain daily time logs describing the time spent by each attorney and paraprofessional for the Monthly Application Period.  Attorneys and paraprofessionals of Davis have expended a total of 242.40 hours in connection with these cases during the Monthly Application Period.  The reasonable value of services rendered by Davis to the Reorganized Debtors during the Monthly Application Period is $82,683.00.  This amount results from a discount applied to Davis' normal hourly rates for work of this nature.  To the best of Davis's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and the Compensation Order.

DWT 17581788v29 0026175-000379

## <u>SUMMARY OF SERVICES RENDERED</u>

13.    Davis serves the Reorganized Debtors as special litigation counsel.  Davis customarily performs various First Amendment, newsroom, media, defamation, privacy, access, copyright, and other litigation matters for Reorganized Debtors (collectively, the "Litigation Matters").  The Litigation Matters on which Davis represents the Reorganized Debtors involve allegations of libel or other related causes of action that go to the heart of the Reorganized Debtors' news business.  Davis also serves Reorganized Debtors as special counsel with respect to certain corporate and litigation advice for matters arising in Washington state.

14.    The following is a summary of the activities performed by Davis attorneys and paraprofessionals during the Monthly Application Period, organized by project category.

15.    (26175-379) Bankruptcy – Davis provided Debtors with assistance in bankruptcy related proceedings, including preparation of fee applications.

16.    (26175-380) Ad Development – Davis provided advice and counseling to Debtors concerning various advertising issues.

17.    (26175-383) Adjudication Matters – Davis assisted Debtors in proceedings involving adjudication of newspapers as "newspapers of general circulation."

18.    (26175-392) Strick – Davis assisted Debtors in defending a copyright lawsuit brought by a former freelance photographer.

19.    (26175-398) Los Angeles Unified School District CPRA – Davis represented Debtors in a dispute with the Los Angeles Unified School District concerning California Public Records Act requests.

20.    (26175-409) Silverman – Davis assisted Debtors in connection with a lawsuit filed by attorney Robert Silverman against Times columnist Michael Hiltzik alleging claims under California Penal Code § 632 and California Bus. & Prof. Code §§ 17200, et seq.

21.    (26175-411) Taiwan Travel Show – Davis provided assistance to Debtors with respect to an advertising contract.

DWT 17581788v29 0026175-000379

22.    (26175-413) Dancer – Davis assisted Debtors in defending against a class action lawsuit filed under the Telephone Consumer Protection Act.

23.    (26175-417) City of Los Angeles Protective Order – Davis assisted Debtors in seeking to modify a protective order in a gang curfew class action lawsuit against the City of Los Angeles.

24.    (26175-418) Setyan – Davis assisted Debtors in connection with a small claims lawsuit involving The Times' Glendale paper.

25.    (26175-422) UC Davis Pepper Spray – Davis assisted Debtors in litigation under California's Public Records Act for information about the identity of police officers involved in spraying student protestors with pepper spray.

26.    (26175-423) Los Angeles Memorial Coliseum CPRA – Davis assisted Debtors in connection with public records and Brown Act issues and litigation concerning the Commission's approval of a long-term lease to University of Southern California.

27.    (26175-428) Los Angeles Archdiocese – Davis assisted Debtors in obtaining access to records related to priest abuse proceedings.

28.    (26174-430) – Davis provided alcohol regulatory compliance advice to Debtors concerning advertising, social media promotions, contests, and consumer events involving beverage alcohol suppliers and retailers/restaurants.

29.    (41033-20) Tribune General Advice – Davis provided periodic general legal advice to Debtors with respect to various matters.

30.    (41033-22) GBH Investments – Davis assisted Debtors in its evaluation of corporate status and liability issues for its subsidiary Publishers Forest Products Co. of Washington.

## ACTUAL AND NECESSARY EXPENSES

31.    By this Monthly Application, Davis seeks interim allowance for reimbursement of expenses actually and necessarily incurred in connection with the rendition of its services in the

amount of $2,404.03.  The requested expenses are customarily charged to non-bankruptcy clients of Davis.

32.     With respect to photocopying expenses, Davis ordinarily charges all of its clients $0.15 per page, but pursuant to Local Rule 2016-2(e), Davis has charged the Reorganized Debtors the maximum permitted amount of $0.10 per page.  With respect to facsimile expenses, in compliance with the Guidelines, Davis charges $0.50 per page for facsimile transmissions.

33.     In addition, because of the nature of the Reorganized Debtors' businesses and the location of certain key constituents in these cases, travel may have been required for certain matters.  Such travel expenses, such as mileage, parking, air fare, meals, and car service, are typically borne by the attorney, then reimbursed by the firm and charged to the appropriate client and matter.

34.     The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Reorganized Debtors, their estates, and creditors.

35.     To the extent that time or disbursement charges for services rendered or disbursements incurred related to the Application Period, but were not processed prior to the preparation of this Application, Davis reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

## REQUEST FOR FINAL APPROVAL

36.     By this Application, Davis also requests final approval of all fees and expenses incurred by Davis in this case during the Final Fee Period of September 1, 2010 through and including December 31, 2012 in the amount of $2,234,174.24 together with reimbursement for actual and necessary expenses incurred in the amount of $86,524.60.  During the Final Fee Period, Davis performed necessary services and incurred out-of-pocket disbursements for the Reorganized Debtors and its estate.  As set forth in prior monthly applications and this Application, in accordance with the factors enumerated in 11 U.S.C. § 330, approval of the fees

7

requested for the Final Fee Period is fair and reasonable given (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. In addition, the out-of-pocket disbursements for which reimbursement is sought were actual, reasonable and necessary costs (i) incurred while representing the Reorganized Debtors and (ii) of preserving the value of the Reorganized Debtor's estates. Davis has reviewed the requirements of Local Rule 2016-2 and reasonably believes that this Application complies with that rule.

## CONCLUSION

WHEREFORE, Davis respectfully requests that the Court (i) grant the Monthly Application in that allowance be made to it in the sum of $82,683.00 as compensation for necessary professional services rendered to the Reorganized Debtors for the Monthly Fee Period, and the sum of $2,404.03 for reimbursement of actual and necessary costs and expenses incurred during that period; (ii) grant the Final Application in that final allowance be made to it in the amount of $2,234,174.24 as compensation for necessary and reasonable services rendered to the Reorganized Debtors for the Final Fee Period, and the amount of $86,524.60 for reimbursement of actual and necessary costs and expenses incurred during that period, as set forth herein; and (iii) grant such other and further relief as this Court may deem just and proper.

Dated: March 1, 2013                            Respectfully submitted,

                                                By: /s/ Kelli L. Sager
                                                    Kelli L. Sager
                                                    Davis Wright Tremaine LLP
                                                    865 S. Figueroa Street, Suite 2400
                                                    Los Angeles, CA  90017
                                                    (213) 633-6800
                                                    (213) 633-6899 (fax)

                                                    Special Counsel for Domestic Legal Matters
                                                    to Tribune Company, et al.

DWT 17581788v29 0026175-000379