**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

----------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY et al., | Case No. 08-13141 (KJC) |
| | (Jointly Administered) |
| Debtors. | Hearing Date: TBD |
| | Objections Due: March 21, 2013 at 4:00 p.m. (ET) |

----------------------------------------------------x

**FORTY-FIRST MONTHLY AND FINAL APPLICATION OF
ZUCKERMAN SPAEDER LLP FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES INCURRED FOR THE MONTHLY PERIOD
DECEMBER 1, 2012 TO DECEMBER 31, 2012, AND THE FINAL PERIOD FROM
<u>AUGUST 6, 2009 TO THE FINAL FEE HEARING DATE</u>**

| | |
|---|---|
| Applicant: | Zuckerman Spaeder LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | August 6, 2009 (Order entered September 3, 2009) |
| Period for which Monthly Compensation and Reimbursement is Sought: | December 1, 2012 through December 31, 2012 |
| Amount of Monthly Compensation Sought as Actual, Reasonable, and Necessary: | $68,986.00 |
| Amount of Monthly Expense Reimbursement sought as Actual, Reasonable, and Necessary: | $1,320.54 |
| Period for which Post-Effective Date Compensation is Sought | January 1, 2013 through Final Fee Hearing Date |

| | |
|---|---|
| Amount of Post-Effective Date Compensation Sought as Actual, Reasonable, and Necessary | $33,512.00 |
| Amount of Post-Effective Date Expense Reimbursement sought as Actual, Reasonable, and Necessary: | $581.07 |
| Period for which Final Compensation and Reimbursement is Sought: | August 6, 2009 through Final Fee Hearing Date |
| Amount of Final Compensation Sought as Actual, Reasonable, and Necessary: | $8,648,044.25 |
| Amount of Final Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $5,746,378.80 |

This is Applicant's forty-first monthly fee application.  5.00 hours were expended during the Application Period in preparation of monthly and interim fee applications, and $3,200.00 is the corresponding fee request.

This is a:  __X__ monthly  _____ interim  __X__ final application.

2

## PRIOR APPLICATIONS BY INTERIM PERIOD

| Previous Applications | | Requested | | Approved | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| 1/15/10 | 8/6/09-11/30/09 | $1,262,525.75 | $ 36,386.06 | $ 1,259,242.25 | $ 34,803.77 |
| 4/15/10 | 12/1/09-2/28/10 | $1,000,919.75 | $1,031,725.76 | $ 998,432.25 | $ 1,028,318.80 |
| 7/15/10 | 3/1/10-5/31/10 | $ 579,613.50 | $ 337,176.57 | $ 575,728.00 | $ 336,798.75 |
| 10/15/10 | 6/1/10-8/31/10 | $ 438,551.50 | $ 846,788.23 | $ 438,054.00 | $ 846,762.96 |
| 1/14/11 | 9/1/10-11/30/10 | $ 868,159.25 | $ 559,304.80 | $ 865,866.25 | $ 559,102.80 |
| 4/21/11 | 12/1/10-2/28/11 | $1,251,707.75 | $2,741,330.92 | $ 1,246,958.75 | $ 2,299,209.52 |
| 7/15/11 | 3/1/11-5/31/11 | $1,112,522.00 | $ 111,383.98 | $ 1,101,290.50 | $ 546,085.93 |
| 10/14/11 | 6/1/11-8/31/11 | $ 416,533.75 | $ 19,722.60 | $ 415,823.75 | $ 19,501.46 |
| 1/13/12 | 9/1/11-11/30/11 | $ 277,245.25 | $ 8,317.30 | $ 277,128.25 | $ 8,247.72 |
| 4/13/12 | 12/1/11-2/29/12 | $ 255,367.75 | $ 23,701.64 | $ 239,705.25 | $ 23,701.64 |
| 7/13/12 | 3/1/12-5/31/12 | $ 291,866.00 | $ 23,462.55 | $ 273,476.00 | $ 23,462.55 |

3

| | | | | |
|---|---|---|---|---|
| 10/15/12 | 6/1/12-8/31/12 | $ 462,839.00 | $ 14,830.57 | |
| 1/11/13 | 9/1/12-11/30/12 | $ 391,002.00 | $ 3,650.72 | |

## COMPENSATION FOR MONTHLY PERIOD BY INDIVIDUAL

| Name of Professional Person | Position of Applicant | Hourly billing rate (incl. Changes) | Total billed hours* | Total Compensation |
|---|---|---|---|---|
| James Sottile | Partner, complex insurance and mass tort litigation; admitted 1986 | $ 790.00 | 10.50 | $8,295.00 |
| Andrew N. Goldfarb | Partner, bankruptcy and complex litigation; admitted 1996 | $ 640.00 | 79.20 | $50,688.00 |
| P. Andrew Torrez | Partner, complex litigation; admitted 1997 | $ 610.00 | 1.30 | $ 793.00 |
| Andrew Caridas | Associate, litigation; admitted 2008 | $ 375.00 | 5.60 | $2,100.00 |
| Benjamin L. Krein | Senior Staff Attorney, litigation; admitted 2001 | $ 430.00 | 6.00 | $2,580.00 |
| Lisa Gehlbach | Paralegal, 7 years | $ 280.00 | 6.00 | $1,680.00 |
| Patrick Schmidt | Litigation Support Manager, 8 years | $ 270.00 | 9.50 | $2,565.00 |
| Tareq Nascher | Litigation Support Analyst, 9 years | $ 190.00 | 1.50 | $ 285.00 |

Grand Totals:  119.60 hours and $68,986.00
Blended Rate: $576.81 per hour
*(excludes non-working travel time)

## COMPENSATION FOR MONTHLY PERIOD BY PROJECT CATEGORY

| MATTER | | TOTAL HOURS | TOTAL AMOUNT |
|---|---|---|---|
| 0001 | Bank Claims | 114.60 | $65,786.00 |
| 0002 | Retention/Fee Applications | 5.00 | $3,200.00 |
| | Totals: | 119.60 | $68,986.00 |

## ITEMIZED EXPENSES FOR MONTHLY PERIOD

| | |
|---|---|
| Express Delivery | $    61.38 |
| Photocopy | $    16.40 |
| Courier | $    41.82 |
| Telephone Reimbursed | $    27.18 |
| Computer Research | $ 1,000.00 |
| Pacer – Docket Research | $    19.00 |
| Westlaw Research | $   154.76 |

| | |
|---|---|
| TOTAL EXPENSES | $1,320.54 |

5

**COMPENSATION FOR POST-EFFECTIVE DATE PERIOD BY INDIVIDUAL**

| Name of Professional Person | Position of Applicant | Hourly billing rate (incl. changes) | Total billed hours* | Total Compensation |
|---|---|---|---|---|
| Andrew N. Goldfarb | Partner, bankruptcy and complex litigation; admitted 1996 | $ 650.00 | 51.10 (includes estimate for Post-Effective Date Period) | $33,215.00 |
| Patrick Schmidt | Litigation Support Manager, 8 years | $ 270.00 | 1.10 | $ 297.00 |

Grand Totals:  52.20 hours and $33,512.00
Blended Rate: $641.99 per hour
*(excludes non-working travel time)

**COMPENSATION FOR POST-EFFECTIVE DATE PERIOD BY PROJECT CATEGORY**

| MATTER | | TOTAL HOURS | TOTAL AMOUNT |
|---|---|---|---|
| 0001 | Bank Claims (Jan. 1, 2013-Jan. 31, 2013) | 18.50 | $11,607.00 |
| 0002 | Retention/Fee Applications (Jan. 1, 2013-Jan. 31, 2013) | 8.70 | $5,655.00 |
| 0002 | Estimated Retention/Fee Applications (Feb.1, 2013 to Final Fee Hearing Date) | 25.00 | $16,250.00 |
| | Totals: | 52.20 | $33,512.00.00 |

## ITEMIZED EXPENSES FOR POST-EFFECTIVE DATE PERIOD

| | |
|---|---:|
| Express Delivery | $ 11.62 |
| Photocopy | $ 2.40 |
| Courier | $ 9.25 |
| Telephone Reimbursed | $ 18.88 |
| Outside Services (Services performed Nov. 7-8, 2012; Invoices received Jan. 2013) | $ 538.92 |
| | |
| **TOTAL EXPENSES** | $ 581.07 |

## NARRATIVE

Pursuant to 11 U.S.C. §§ 330 and 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, the law firm of Zuckerman Spaeder LLP (hereinafter "Zuckerman") hereby moves this Court for an order awarding it reasonable compensation with respect to the above-captioned chapter 11 cases for professional legal services rendered as special counsel to the Official Committee of Unsecured Creditors (the "Committee"): (i) for the monthly period December 1, 2012, through and including December 31, 2012 (the "Application Period") in the amount of $68,986.00 together with reimbursement for actual and necessary expenses incurred in the amount of $1,320.54, (ii) for the period January 1, 2013 through the Final Fee Hearing Date (the "Post-Effective Date Period") in the amount of $33,512.00,[1] together with reimbursement for actual and necessary expenses incurred in the amount of $581.07; and (iii) for the final period August 6, 2009, through and including the Final Fee Hearing Date (the "Final Period") in the amount of $8,648,044.25 together with reimbursement for actual and necessary expenses incurred in the amount of $5,746,378.80, and respectfully represents as follows:

1.      Pursuant to an Order entered by this Court on September 3, 2009 (Docket No. 2088) (the "Retention Order"), Zuckerman was employed under a general retainer to serve as special counsel to the Committee in connection with these chapter 11 cases, effective as of August 6, 2009.  The Retention Order authorized Zuckerman to be compensated on an hourly basis and to

---

[1] As explained herein, this total includes a request for compensation estimated at $16,250.00 for professional services rendered between February 1, 2013 and the Final Fee Hearing, relating to the Fee Examiner's review of the outstanding interim applications and any hearings relating to fees and reimbursement.

be reimbursed for the actual and necessary out-of-pocket expenses that it incurred.

2.      During the Application Period, Zuckerman has received no payment and no

promises for payment from any source for services rendered or to be rendered in any capacity

whatsoever in connection with this case.  There is no agreement or understanding between

Zuckerman and any other person, other than members of the firm, for the sharing of compensation

to be received for services rendered in this case.

3.      This Forty-First Monthly Application seeks compensation for fees of $68,986.00

and reimbursement of expenses of $1,320.54 incurred during the Application Period.  In

accordance with the factors enumerated in 11 U.S.C. § 330, the amount requested is fair and

reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of

the services rendered, (d) the value of such services, and (e) the costs of comparable services other

than in a case under this title.

## SUMMARY OF SERVICES RENDERED DURING THE APPLICATION PERIOD

4.      During the Application Period, Zuckerman provided services to the Committee,

working with the Committee's general bankruptcy counsel and with other parties supporting the

Debtor/Committee/Lender plan of reorganization.  Principal projects included coordinating and

conducting the efforts of the plaintiffs in the multidistrict litigation proceeding concerning the

Tribune leveraged buyout transaction – the Committee, certain Tribune noteholders, and Tribune

retirees (the "MDL plaintiffs") – to settle their claims with Shareholder Defendants who responded

to the MDL plaintiffs' October 1, 2012 offer; communicating with *FitzSimons* defendants in

connection with the Committee's filing of Fourth Amended Complaint; and preparing for the transition to the Litigation Trust as successor plaintiff in *FitzSimons*, including the transfer of certain Zuckerman documents. The time detail for professional services provided by Zuckerman to the Committee during the Application Period is divided by matter and set forth on Exhibit A hereto.

## DISBURSEMENTS DURING THE APPLICATION PERIOD

5.      Zuckerman's list of out-of-pocket disbursements during the Application Period contains categories of charges, including, among other things, facsimile charges, teleconferencing charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, parking and expenses for "working meals." Detail for disbursements is set forth on Exhibit B hereto.

6.      Zuckerman represents that its rate for duplication is $0.10 per page, its effective rate for outgoing facsimile transmissions is $1.00 per page (excluding related long distance transmission charges), there is no charge for incoming facsimile transmissions, and there is no surcharge for computerized research.

## THE POST-EFFECTIVE DATE PERIOD

7.      This Application also seeks reimbursement of professional services provided after December 31, 2012, the Effective Date of the DCL Plan. These services fall into two categories:

8.      First, the Agreement Respecting Transfer of Documents, Information, and

10

Privileges from the Official Committee of Unsecured Creditors by and between the Committee and

Litigation Trustee (the "Transition Agreement") (Exhibit Y to the DCL Plan) provides that "fees

and expenses incurred in fulfilling the obligations set forth in Sections II.A. and II.B.1-3" of the

Transition Agreement – which sections relate to the Committee's transfer of documents and

information to the Litigation Trustee – "shall be reimbursed by the Reorganized Debtors."[2] The

time detail for professional services provided by Zuckerman to the Committee pursuant to the

Transition Agreement, along with services related to fee applications, during January 2013 is

divided by matter and set forth on Exhibit C hereto.

        9.      Second, for the Post-Effective Date Period Zuckerman has included a request for

compensation for additional time, estimated at 25 hours, that it will expend between February 1,

2013, and the Final Fee Hearing Date, to prepare the instant Application, respond to the Fee

Examiner's preliminary reports on the two outstanding interim fee applications (Zuckerman's 12th

and 13th interim applications), and participate as necessary in any hearings on fee applications,

including the Final Fee Hearing.  (Should substantial additional activities be required to be

undertaken by Zuckerman that were not contemplated by this estimate, including with respect to

the Transition Agreement, Zuckerman reserves the right to file a supplemental request for

allowance and reimbursement.)  Zuckerman believes that this approach is an appropriate and

reasonable way to address the final tasks that Zuckerman must perform, including under the

---

[2] Under that same provision of the Transition Agreement, services provided by Zuckerman other than those in Sections II.A and II.B.1-3 of the Transition Agreement are to be reimbursed by the Litigation Trustee.

Transition Agreement, and for which Zuckerman is entitled to be compensated.

10.    Detail for disbursements during the Post-Effective Date Period is set forth on Exhibit D hereto.  The largest expense amount, for "Outside Services," represents expenses incurred in November 2012 in connection with the filing of the Fourth Amended Complaint. Zuckerman did not receive the invoices for these outside services until January 2013.

## THE FINAL PERIOD

11.    By this Application, Zuckerman requests final approval of all fees and expenses incurred by Zuckerman in this case during the Final Period (August 6, 2009 through and including the Final Fee Hearing Date) in the amount of $8,648,044.25 in compensation for fees and $5,746,378.80 in reimbursement of expenses incurred.  The fee total includes amounts for the Application Period and the Post-Effective Date Period.  During the Final Period, Zuckerman performed necessary services and incurred out-of-pocket disbursements for the Committee.  As set forth in prior monthly and interim applications and this Application, in accordance with the factors enumerated in 11 U.S.C. § 330, the amount of fees requested is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.  In addition, the out-of-pocket disbursements for which reimbursement is sought were actual, reasonable, and necessary costs incurred while representing the Committee.

WHEREFORE, Zuckerman requests that the Court enter an order (i) allowing Zuckerman $68,986.00 in fees compensation and $1,320.54 for reimbursement of expenses incurred during the

Application Period, (ii) allowing Zuckerman $33,512.00 in fees compensation and $581.07 for the

Post-Effective Date Period, (iii) allowing Zuckerman $8,648,044.25 in fees compensation for

necessary professional services rendered to the Committee for the Final Period and $5,746,378.80

for reimbursement of actual and necessary costs and expenses incurred during that period, and (iv)

granting Zuckerman such other and further relief as is just.

Dated:  March 1, 2013
       Washington, D.C.

ZUCKERMAN SPAEDER LLP

Graeme W. Bush
James Sottile
Andrew N. Goldfarb
1800 M Street, Suite 1000
Washington, DC 20036
Telephone: (202) 778-1800
Facsimile: (202) 822-8106

Counsel to the Official Committee
of Unsecured Creditors

13

**<u>VERIFICATION</u>**

Andrew N. Goldfarb, after being duly sworn according to law, deposes and says:

1.      I am a partner with the applicant firm, Zuckerman Spaeder LLP.  I am a member of

the bars of the District of Columbia (admitted 1997), California (admitted 2005),

and New York (admitted 1996).

2.      I have personally performed the legal services rendered by Zuckerman Spaeder LLP

as special counsel to the Committee and am thoroughly familiar with all work

performed by the firm on behalf of the Committee.

3.      The facts set forth in the foregoing Application are true and correct to the best of

my knowledge, information and belief.

Executed on:  March 1, 2013 in Washington, D.C.

_____
Andrew N. Goldfarb

14