UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE COMPANY, *et al.*, | ) | Case No. 08-13141 (KJC) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Objections Due: March 21, 2013 at 4:00 p.m. |
| | ) | Hearing Date: To be determined |
| | ) | |

**MONTHLY APPLICATION FOR NOVEMBER - DECEMBER 2012 AND FINAL
QUARTERLY APPLICATION OF JENNER & BLOCK LLP, AS SPECIAL COUNSEL
TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
(I) NOVEMBER 1, 2012 THROUGH DECEMBER 31, 2012;
(II)AND (II) DECEMBER 8, 2008 THROUGH DECEMBER 31, 2012**

| | |
|---|---|
| Name of Applicant: | Jenner & Block LLP |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | February 20, 2009, *nunc pro tunc* to December 8, 2008 |
| Period for which Compensation and Expense Reimbursement is Sought: | November 1, 2012 to December 31, 2012 and December 8, 2008 to December 31, 2012 |
| Amount of Compensation Sought As Actual, Reasonable and Necessary: | $153,525.11 (80% of which is $122,820.09) for November 1, 2012 to December 31, 2012. $2,899,966.93 for December 8, 2008 through December 31, 2012 |
| Amount Expenses Sought As Actual, Reasonable and Necessary: | $14,885.82 for November 1, 2012 to December 31, 2012. $222,018.31 for December 8, 2008 through December 31, 2012 |

This is a Quarterly Application.

Prior Quarterly Applications Filed:

First Quarterly Application of Jenner Block LLP, as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period December 8,

2008 through February 28, 2009 seeking compensation in the amount of $463,471.00 and reimbursement of expenses in the amount of $12,013.37 (Docket No. 1030) (the "First Quarterly Application")

Second Quarterly Application of Jenner Block LLP, as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period March 1, 2009 through May 31, 2009 seeking compensation in the amount of $448,140.64 and reimbursement of expenses in the amount of $11,721.03 (Docket No. 1743) (the "Second Quarterly Application")

Third Quarterly Application of Jenner Block LLP, as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period June 1, 2009 through August 31, 2009 seeking compensation in the amount of $484,368.46 and reimbursement of expenses in the amount of $1,355.52 (Docket No. 2349) (the "Third Quarterly Application")

Fourth Quarterly Application of Jenner Block LLP, as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period September 1, 2009 through November 30, 2009 seeking compensation in the amount of $188,859.03 and reimbursement of expenses in the amount of $2,498.60 (Docket No. 3125, as amended by Docket No. 3153) (the "Fourth Quarterly Application")

Fifth Quarterly Application of Jenner Block LLP, as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period December 1, 2009 through February 28, 2010 seeking compensation in the amount of $199,975.00 and reimbursement of expenses in the amount of $2,475.20 (Docket No. 4066) (the "Fifth Quarterly Application")

Sixth Quarterly Application of Jenner Block LLP as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period March 1, 2010 through May 31, 2010 seeking compensation in the amount of $160,565.50 and reimbursement of expenses in the amount of $2,659.64 (Docket No. 5036) (the "Sixth Quarterly Application")

Seventh Quarterly Application of Jenner Block LLP as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period June 1, 2010 through August 31, 2010 seeking compensation in the amount of $593,565.00 and reimbursement of expenses in the amount of $16,674.88 (Docket No. 5990) (the "Seventh Quarterly Application")

Eighth Quarterly Application of Jenner Block LLP as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period September 1, 2010 through November 30, 2010 seeking compensation in the amount of $47,764.60 and reimbursement of expenses in the amount of $3,152.56 (Docket No. 7520) (the "Eighth Quarterly Application")

2

Ninth Quarterly Application of Jenner Block LLP as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period December 1, 2010 through February 28, 2011 seeking compensation in the amount of $9,289.00 and reimbursement of expenses in the amount of $65.84 (Docket No. 8601) (the "Ninth Quarterly Application").

Tenth Quarterly Application of Jenner Block LLP as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period March 1, 2011 through May 31, 2011 seeking compensation in the amount of $178,556.00 and reimbursement of expenses in the amount of $7,783.24 (Docket No. 9472) (the "Tenth Quarterly Application").

Eleventh Quarterly Application of Jenner Block LLP as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period June 1, 2011 through August 31, 2011 seeking compensation in the amount of $48,220.50 and reimbursement of expenses in the amount of $2,821.04 (Docket No. 10007) (the "Eleventh Quarterly Application").

Twelfth Quarterly Application of Jenner Block LLP as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period September 1, 2011 through November 30, 2011 seeking compensation in the amount of $1,889.00 and reimbursement of expenses in the amount of $0.00 (Docket No. 10617) (the "Twelfth Quarterly Application").

Twelfth Quarterly Application of Jenner Block LLP as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period September 1, 2011 through November 30, 2011 seeking compensation in the amount of $1,889.00 and reimbursement of expenses in the amount of $0.00 (Docket No. 10617) (the "Twelfth Quarterly Application").

Thirteenth Quarterly Application of Jenner Block LLP as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period December 1, 2011 through February 29, 2012 seeking compensation in the amount of $3,166.50 and reimbursement of expenses in the amount of $0.00 (Docket No. 11383) (the "Thirteenth Quarterly Application").

Fourteenth Quarterly Application of Jenner Block LLP as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period March 1, 2012 through May 31, 2012 seeking compensation in the amount of $1,694.50 and reimbursement of expenses in the amount of $0.00 (Docket No. 12006) (the "Fourteenth Quarterly Application").

Fifteenth Quarterly Application of Jenner Block LLP as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period February 1, 2012 through August 31, 2012 seeking compensation in the amount of $600,073.30

and reimbursement of expenses in the amount of $141,646.50 (Docket No. 12565) (the "Fifteenth Quarterly Application").

Sixteenth Quarterly Application of Jenner Block LLP as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period September 1, 2012 through November 30, 2012 seeking compensation in the amount of $600,073.30 and reimbursement of expenses in the amount of $193,181.21 (Docket No. 13058) (the "Sixteenth Quarterly Application").

Summary of Time Recorded

November 1, 2012 through December 31, 2012

**ATTORNEYS**

| PARTNERS | | | | | |
|---|---|---|---|---|---|
| Full Name | Department | Year of Admission | Rate | Time | Amount |
| David J. Bradford | Litigation | 1976 | 1,000 | 2.75 | $2,750.00 |
| Kenneth D. Klein | Litigation | 1973 | 780 | 170.00 | $132,600.00 |
| Richard L. Stone | Litigation | 1983 | 780 | 43.70 | $34,086.00 |
| Steven R. Englund | Litigation | 1990 | 765 | 1.40 | $1,071.00 |
| Steven B. Fabrizio | Litigation | 1989 | 750 | 123.70 | $92,775.00 |
| Julie A. Shepard | Litigation | 1994 | 655 | 155.20 | $101,656.00 |
| David R. Singer | Litigation | 1999 | 640 | 1.00 | $640.00 |
| Scott B. Wilkens | Litigation | 2003 | 585 | 0.50 | $292.50 |
| Andrew W. Vail | Litigation | 2003 | 575 | 9.00 | $5,175.00 |
| Benjamin J. Bradford | Litigation | 2005 | 555 | 3.00 | $1,665 |
| **PARTNER TOTALS** | | | | **510.25** | **$372,71.50** |

| ASSOCIATES | | | | | |
|---|---|---|---|---|---|
| Full Name | Department | Year of Admission | Rate | Time | Amount |
| Ethan A. Glickstein | Litigation | 2008 | 500 | 168.90 | $84,450.00 |
| Jean M. Doherty | Litigation | 2009 | 500 | 2.30 | $1,150.00 |
| Jennifer L. Wagman | Litigation | 2008 | 500 | 23.70 | $11,850.00 |
| Landon S. Raiford | Commercial | 2008 | 485 | 2.40 | $1,164.00 |
| Joshua N. Friedman | Litigation | 2009 | 440 | 11.40 | $5,244.00 |
| Marina K. Jenkins | Litigation | 2010 | 395 | 174.50 | $76,780.00 |
| Christina Avedissian | Litigation | 2012 | 350 | 43.40 | $17,143.00 |
| Jonathan D. Weiss | Litigation | 2011 | 350 | 12.00 | $4,200.00 |
| Julia B. Cherlow | Litigation | 2012 | 350 | 96.10 | $33,635.00 |
| Laura E.B. Hulce | Litigation | 2012 | 335 | 10.50 | $3,517.50 |
| **ASSOCIATE TOTALS** | | | | **552.50** | **$241,688.50** |

| STAFF ATTORNEYS | | | | | |
|---|---|---|---|---|---|
| Full Name | Department | Year of Admission | Rate | Time | Amount |
| Anthony A. Moeller | Litigation | 2004 | 295 | 41.30 | $12,183.50 |
| **STAFF ATTORNEY TOTALS** | | | | **41.30** | **$12,183.50** |

5

## PARALEGALS AND PROJECT ASSISTANTS

| Full Name | Rate | Time | Amount |
|---|---|---|---|
| Jeremy M. Schneider | 285 | 3.80 | $1,083.00 |
| Allison Crowe | 245 | 4.50 | $1,102.50 |
| Kelly N. Kirschner | 180 | 51.90 | $9,342.00 |
| Ana C. Chambers | 165 | 10.00 | $1,650.00 |
| **PARALEGAL AND PROJECT ASSISTANT TOTALS** | | **70.20** | **$13,177.50** |

Total dollar amount of services rendered (Attorneys and Paraprofessionals): $639,760.00[1]

ATTORNEYS BLENDED HOURLY RATE: $567.53

---

[1] This number summarizes the value of all of Jenner's services. As described in more detail in the fee application, Jenner only seeks payment from the Debtors of $139,253.61 for fees during the Interim Application Period.

6

DECEMBER 8, 2008 THROUGH DECEMBER 31, 2012

Summary of Time Recorded

(Note: This Summary Provides All Time Recorded and Does Not Reflect Adjustments Made By Court Order Or Reflect Fees And Expenses Paid By Non-Debtor Parties0

**PARTNERS**

| Full Name | Department | Year of Admission | Rate | Time | Amount |
|---|---|---|---|---|---|
| David Bradford | Litigation | 1976 | 1,000 | 33.15 | $33,150.00 |
| | | | 925 | 328.00 | $303,400.00 |
| | | | 875 | 184.60 | $161,525.00 |
| | | | 800 | 8.60 | $6,880.00 |
| Paul M. Smith | Litigation | 1981 | 950 | 254.80 | $242,060.00 |
| Craig C. Martin | Litigation | 1988 | 850 | 4.50 | $3,825.00 |
| | | | 775 | 0.50 | $387.50 |
| Jerold Oshinsky | Litigation | 1967 | 850 | 9.50 | $8,075.00 |
| William L. Scogland | Employee Benefits | 1975 | 850 | 28.60 | $24,310.00 |
| | | | 800 | 1.40 | $1,120.00 |
| Lee A. Freeman Jr. | Litigation | 1965 | 800 | 0.70 | $560.00 |
| Kenneth D. Klein | Litigation | 1973 | 780 | 781.30 | $609,414.00 |
| Richard L. Stone | Litigation | 1983 | 780 | 244.70 | $190,866.00 |
| Catherine L. Steege | Commercial | 1982 | 775 | 4.50 | $3,487.50 |
| | | | 725 | 44.20 | $32,045.00 |
| Vincent E. Lazar | Commercial | 1990 | 750 | 0.60 | $450.00 |
| | | | 700 | 0.30 | $210.00 |
| Steven R. Englund | Litigation | 1990 | 765 | 199.70 | $152,770.50 |
| Barry Levenstam | Litigation | 1978 | 750 | 7.20 | $5,400.00 |
| | | | 700 | 21.60 | $15,120.00 |
| | | | 675 | 4.20 | $2,835.00 |
| Marc B. Hankin | Commercial | 1992 | 750 | 41.70 | $31,275.00 |
| | | | 725 | 59.10 | $42,847.50 |
| Steven B. Fabrizio | Litigation | 1989 | 750 | 979.30 | $734,475.00 |
| Larry P. Ellsworth | Litigation | 1972 | 700 | 13.40 | $9,380.00 |
| Kenneth L. Doroshow | Litigation | 1991 | 685 | 37.10 | $25,413.50 |
| Gianni P. Servodidio | Litigation | 1994 | 675 | 1.00 | $675.00 |
| James L. Thompson | Litigation | 1988 | 675 | 1.50 | $1,012.50 |
| Michael T. Wolf | Corporate | 1998 | 675 | 1.50 | $1,012.50 |
| William M. | Litigation | 1995 | 675 | 58.50 | $39,487.50 |

| Hohengarten | | | | | |
|---|---|---|---|---|---|
| David M. Kroeger | Litigation | 1992 | 660 | 1.80 | $1,188.00 |
| Julie A. Shepard | Litigation | 1994 | 655 | 197.10 | $129,100.50 |
| Marc A. Goldman | Litigation | 1995 | 650 | 12.50 | $8,125.00 |
| David R. Singer | Litigation | 1999 | 640 | 9.50 | $6,080.00 |
| Amy M. Gallegos | Litigation | 2000 | 625 | 208.60 | $130,375.00 |
| David M. Greenwald | Litigation | 1986 | 625 | 1.30 | $812.50 |
| | | | 600 | 49.90 | $29,940.00 |
| Debbie L. Berman | Litigation | 1990 | 625 | 30.40 | $19,000.00 |
| Carla J. Rozycki | Labor & Employment | 1977 | 600 | 0.50 | $300.00 |
| | | | 550 | 19.70 | $10,835.00 |
| Daniel J. Weiss | Litigation | 1998 | 600 | 65.60 | $39,360.00 |
| David C. Layden | Litigation | 1993 | 600 | 139.20 | $83,520.00 |
| John F. Kinney | Litigation | 1973 | 600 | 0.70 | $420.00 |
| Jorge M. Leon | Employee Benefits | 1998 | 595 | 3.90 | $2,320.50 |
| Scott B. Wilkens | Litigation | 2003 | 585 | 904.40 | $529,074.00 |
| Andrew W. Vail | Litigation | 2003 | 575 | 9.00 | $5,175.00 |
| Amanda S. Amert | Litigation | 2000 | 555 | 11.50 | $6,382.50 |
| | | | 540 | 22.90 | $12,366.00 |
| Benjamin J. Bradford | Litigation | 2005 | 555 | 3.00 | $1,665 |
| Matthew E. Price | Litigation | 2007 | 555 | 152.90 | $84,859.50 |
| Andrew W. Vail | Litigation | 2003 | 550 | 4.10 | $2,255.00 |
| | | | 540 | 14.20 | $7,668.00 |
| Douglas A. Sondgeroth | Litigation | 2002 | 550 | 173.60 | $95,480.00 |
| | | | 540 | 102.00 | $55,080.00 |
| | | | 525 | 198.00 | $103,950.00 |
| | | | 470 | 15.90 | $7,473.00 |
| Bradley M. Yusim | Litigation | 2002 | 545 | 12.00 | $6,540.00 |
| Melissa M. Hinds | Commercial | 2003 | 545 | 2.70 | $1,471.50 |
| | | | 495 | 115.90 | $57,370.50 |
| | | | 445 | 12.70 | $5,651.50 |
| Monica R. Pinciak | Litigation | 1999 | 545 | 2.00 | $1,090.00 |
| Scott B. Wilkens | Litigation | 2003 | 525 | 2.30 | $1,207.50 |
| Wade A. Thomson | Litigation | 2004 | 510 | 134.90 | $68,799.00 |
| | | | 475 | 57.20 | $27,170.00 |
| | | | 410 | 0.70 | $287.00 |
| Reena R. Bajowala | Litigation | 2005 | 490 | 40.50 | $19,845.00 |
| Andrew J. Olejnik | Commercial | 2004 | 485 | 0.50 | $242.50 |

| PARTNER TOTALS | 6,089.35 | $4,245,948.00 |
|---|---|---|

## ASSOCIATES

| Full Name | Department | Year of Admission | Rate | Time | Amount |
|---|---|---|---|---|---|
| David H. Hixson | Commercial | 2006 | 505 | 0.40 | $202.00 |
| | | | 400 | 77.40 | $30,960.00 |
| | | | 350 | 21.80 | $7,630.00 |
| Ethan A. Glickstein | Litigation | 2008 | 500 | 552.90 | $276,450.00 |
| Jean M. Doherty | Litigation | 2009 | 500 | 2.30 | $1,150.00 |
| Jennifer L. Wagman | Litigation | 2008 | 500 | 28.40 | $14,200.00 |
| Caroline D. Lopez | Litigation | 2008 | 490 | 9.20 | $4,508.00 |
| J. Douglas Wilson | Litigation | 2008 | 490 | 26.90 | $13,181.00 |
| Landon S. Raiford | Commercial | 2008 | 485 | 15.70 | $7,614.50 |
| | | | 435 | 23.30 | $9,094.50 |
| | | | 370 | 73.20 | $27,084.00 |
| | | | 325 | 34.00 | $11,050.00 |
| Spiridoula Mavrothalasitis | Litigation | 2003 | 475 | 3.60 | $1,710.00 |
| | | | 410 | 0.30 | $123.00 |
| Tarsha A. Phillibert | Litigation | 2007 | 460 | 14.90 | $6,854.00 |
| Michaelene R. Martin | Litigation | 2007 | 450 | 37.40 | $16,830.00 |
| April A. Otterberg | Litigation | 2008 | 445 | 14.30 | $6,363.50 |
| Joshua N. Friedman | Litigation | 2009 | 440 | 923.75 | $406,678.00 |
| Amy D. Willis | Litigation | 2006 | 435 | 2.00 | $870.00 |
| Joshua Rafsky | Employee Benefits | 2005 | 435 | 9.30 | $4,045.50 |
| Reena R. Bajowala | Litigation | 2005 | 435 | 10.30 | $4,480.50 |
| Brian J. Wilson | Litigation | 2007 | 400 | 34.00 | $13,600.00 |
| Michael A. Hoffman | Litigation | 2006 | 400 | 3.00 | $1,200.00 |
| Nicholas A. Kurk | Litigation | 2007 | 400 | 81.30 | $32,520.00 |
| Marina K. Jenkins | Litigation | 2010 | 395 | 789.80 | $319,823.50 |
| Brian L. Dougherty | Litigation | 2008 | 370 | 70.10 | $25,937.00 |
| | | | 325 | 175.80 | $57,135.00 |
| Douglas F. McMeyer | Litigation | 2007 | 370 | 160.10 | $59,237.00 |
| Eamon P. Kelly | Litigation | 2008 | 370 | 3.00 | $1,110.00 |
| | | | 325 | 104.00 | $33,800.00 |
| Elizabeth Liebschutz | Litigation | 2008 | 370 | 6.00 | $2,220.00 |
| Farnaz M. Alemi | Litigation | 2007 | 370 | 6.50 | $2,405.00 |
| Julie A. Wenell | Employee Benefits | 2008 | 370 | 22.40 | $8,288.00 |
| Kyle A. Palazzolo | Litigation | 2008 | 370 | 98.70 | $36,519.00 |

10

| Sarah R. McNally | Litigation | 2008 | 370 | 7.90 | $2,923.00 |
|---|---|---|---|---|---|
| | | | 325 | 91.40 | $29,705.00 |
| Sofia E. Biller | Litigation | 2008 | 370 | 129.80 | $48,026.00 |
| | | | 325 | 103.40 | $33,605.00 |
| Christina Avedissian | Litigation | 2012 | 350 | 43.40 | $17,143.00 |
| Jonathan D. Weiss | Litigation | 2011 | 350 | 12.00 | $4,200.00 |
| Julia B. Cherlow | Litigation | 2012 | 350 | 96.10 | $33,635.00 |
| Laura E.B. Hulce | Litigation | 2012 | 335 | 10.50 | $3,517.50 |
| Anthony B. Borich | Litigation | 2009 | 325 | 4.80 | $1,560.00 |
| Kyle A. Palazzolo | Litigation | 2008 | 325 | 148.00 | $48,100.00 |
| **ASSOCIATES TOTALS** | | | | **4,083.35** | **$1,667,287.50** |

## STAFF ATTORNEYS

| Full Name | Department | Year of Admission | Rate | Time | Amount |
|---|---|---|---|---|---|
| Anthony A. Moeller | Litigation | 2004 | 295 | 165.00 | $48,675.00 |
| | | | 235 | 16.20 | $3,807.00 |
| Michael Lovernick | Litigation | 2007 | 260 | 5.00 | $1,300.00 |
| **STAFF ATTORNEYS TOTALS** | | | | **186.20** | **$53,782.00** |

## CONTRACT ATTORNEYS

| Full Name | Department | Year of Admission | Rate | Time | Amount |
|---|---|---|---|---|---|
| Adam R. Hauck | NA | NA | 150 | 35.30 | $5,295.00 |
| Daria Awusah | NA | NA | 150 | 36.30 | $5,445.00 |
| Denise Lauretti Thurman | NA | NA | 150 | 21.00 | $3,150.00 |
| Fred Daly | NA | NA | 150 | 22.00 | $3,300.00 |
| Gerald Patrick Webre | NA | NA | 150 | 16.50 | $2,475.00 |
| Halley Allaire | NA | NA | 150 | 33.30 | $4,995.00 |
| Jenikka Deering | NA | NA | 150 | 21.30 | $3,195.00 |
| **CONTRACT ATTORNEYS TOTALS** | | | | **185.70** | **$27,855.00** |

## PARALEGALS AND PROJECT ASSISTANTS

| Full Name | Department | Year of Admission | Rate | Time | Amount |
|---|---|---|---|---|---|
| Cheryl L. Olson | NA | NA | 295 | 19.00 | $5,605.00 |
| Jeremy M. Schneider | NA | NA | 285 | 6.40 | $1,824.00 |
| Lamia K. Azize | NA | NA | 285 | 1.00 | $285.00 |

11

| | | | | | |
|---|---|---|---|---|---|
| Shawn K. McGee | NA | NA | 280 | 11.30 | $3,164.00 |
| | | | 275 | 40.00 | $11,000.00 |
| | | | 270 | 26.77 | $7,227.90 |
| Lowel T. Yap | NA | NA | 275 | 5.50 | $1,512.50 |
| Michael H. Matlock | NA | NA | 275 | 8.50 | $2,337.50 |
| | | | 270 | 55.60 | $15,012.00 |
| | | | 260 | 8.80 | $2,372.00 |
| Lisa A. Ross | NA | NA | 260 | 0.50 | 130.00 |
| Mary E. Ruddy | NA | NA | 260 | 0.30 | $78.00 |
| Tricia J. Peavler | NA | NA | 260 | 0.20 | 52.00 |
| Sonya Y. Reed | NA | NA | 250 | 14.30 | $3,575.00 |
| Allison Crowe | NA | NA | 245 | 146.00 | $35,770.00 |
| Daniel K. Morgan | NA | NA | 230 | 39.50 | 9,085.00 |
| | | | 220 | 0.50 | 110.00 |
| Eileen J. Robertson | NA | NA | 230 | 78.50 | $18,055.00 |
| W. Michael Hughes | NA | NA | 230 | 0.30 | $69.00 |
| David K. Morgan | NA | NA | 220 | 10.30 | $2,266.00 |
| Kelly N. Kirschner | NA | NA | 180 | 99.20 | $17,856.00 |
| Marc A. Patterson | NA | NA | 180 | 10.40 | $1,872.00 |
| | | | 170 | 104.60 | 17,854.00 |
| Brett J. Mullenbrock | NA | NA | 170 | 0.50 | $85.00 |
| Kenneth S. Waldmann | NA | NA | 170 | 23.10 | $3,927.00 |
| Panagiota Ramos | NA | NA | 170 | 117.00 | $19,890.00 |
| | | | 160 | 0.50 | $80.00 |
| Ana C. Chambers | NA | NA | 165 | 10.00 | $1,650.00 |
| William H. Bostwick | NA | NA | 165 | 50.30 | $8,299.50 |
| Daniel O. Garcia | NA | NA | 160 | 28.60 | $4,576.00 |
| Gretchen J. Pinnick | NA | NA | 160 | 1.70 | $272.00 |
| Matthew J. Searer | NA | NA | 160 | 1.80 | $288.00 |
| **PARALEGALS AND PROJECT ASSISTANTS TOTALS** | | | | **920.97** | **$196,179.40** |

## LITIGATION SUPPORT AND DATABASE TECHNOLOGY

| Full Name | Department | Year of Admission | Rate | Time | Amount |
|---|---|---|---|---|---|
| Applied Technology Support Group | NA | NA | 275 | 9.80 | $2,695.00 |
| Daniel Biemer | NA | NA | 275 | 13.50 | $3,712.50 |
| Danny A. Huerta | NA | NA | 275 | 49.40 | $13,585.00 |
| Daryl Gardner | NA | NA | 275 | 10.30 | 2,832.50 |

| | | | | | |
|---|---|---|---|---|---:|
| David Wirkiowski | NA | NA | 275 | 13.30 | $3,657.50 |
| Jennifer Anderson | NA | NA | 275 | 2.00 | 550.00 |
| Kelly A. Laughran | NA | NA | 275 | 4.60 | $1,265.00 |
| Leah C. Waxell | NA | NA | 275 | 1.00 | $275.00 |
| Lori L. Manheimer | NA | NA | 275 | 13.60 | 3,740.00 |
| Margaret Small | NA | NA | 275 | 20.50 | $5,637.50 |
| Michael D. Cichy | NA | NA | 275 | 14.00 | $3,850.00 |
| Robert R. Ohton, Jr | NA | NA | 275 | 16.50 | $4,537.50 |
| Tunde Holloway-Wusu | NA | NA | 275 | 10.30 | $2,832.50 |
| Wendell R. Wettstein | NA | NA | 275 | 1.00 | 275.00 |
| Zulaika Master | NA | NA | 275 | 20.00 | $5,500.00 |
| **LITIGATION SUPPORT AND DATABASE TECHNOLOGY TOTALS** | | | | **199.80** | **$54,945.00** |
| **GRAND TOTAL** | | | | **11,665.37** | **$6,245,996.90** |

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ———————————————— | ) | Chapter 11 |
| In re: | ) | |
| | ) | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, *et al.*, | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objections Due:  March 21, 2013 at 4:00 p.m.** |
| | ) | **Hearing Date: To be determined** |
| ———————————————— | ) | |

**MONTHLY APPLICATION FOR DECEMBER 2012 AND FINAL QUARTERLY
APPLICATION OF JENNER & BLOCK LLP, AS SPECIAL COUNSEL TO THE
DEBTORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES FOR THE PERIOD (I) NOVEMBER 1, 2012 THROUGH
DECEMBER 31, 2012; AND (II) DECEMBER 8, 2008 THROUGH DECEMBER 31, 2012**

Jenner & Block LLP ("Jenner"), as Special Litigation Counsel for the above-captioned

debtors and debtors in possession (collectively, the "Debtors"), hereby submits this application

(the "Application") for (i) approval and allowance of compensation for services rendered in the

amount of $153,525.11 (80% of which is $122,820.09) and $14,885.82 in expenses incurred

during the period commencing November 1, 2012 through and including December 31, 2012

(the "Interim Application Period"); and (ii) final approval and allowance of compensation for

services rendered in the amount of $2,899,966.93 and $222,018.31 in expenses incurred during

the period commencing December 8, 2008 through and including December 31, 2012 (the "Final

Application Period").  This Application is submitted pursuant to Sections 328, 330 and 331 of

Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy

Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the

"Local Rules"), the Order Establishing Procedures for Interim Compensation and

Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§

105(a) and 331 (the "Compensation Order"), the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications (the "Fee Examiner Order"); and the Order Confirming Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Confirmation Order".)  In support of the Application, Jenner respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief requested in this Application is 11 U.S.C. § 1103(a).

2.      The statutory bases for relief requested herein are Sections 328, 330 and 331 of the Bankruptcy Code.

## BACKGROUND

3.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

4.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On February 20, 2009, this Court entered the Order Authorizing Debtors and Debtors in Possession to Employ and Retain Jenner & Block LLP as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C §§ 327(e) 1107, *nunc pro tunc* to the Petition Date (the "Retention Order").

6.      Pursuant to the Retention Order, Jenner is authorized to represent the Debtors as special counsel in connection with litigation matters.

7.      Prior to the filing of the chapter 11 petitions, Jenner represented the Debtors and other defendants in the lawsuit *Neil et al. v. Zell, et al.* (the "*Neil* Litigation"), Case No. 08-cv-06833 in the United States District Court for the Northern District of Illinois (the "District Court"). In the *Neil* Litigation, certain of the Debtors' former employees are asserting two causes of action against certain of the Debtors and their board of directors under the Employee Retirement Security Act ("ERISA") related to The Tribune Company's Employee Stock Ownership Plans ("ESOP"). The plaintiffs are seeking class certification for their claims. With respect to the *Neil* Litigation, the scope of Jenner's representation of the Debtor is limited to "(i) counsel in connection with enforcement of the automatic stay in the [*Neil*] litigation . . . and (ii) in the event that matters relating to application of the automatic stay are raised in [the Bankruptcy Court], providing assistance reasonably requested by Debtors' counsel employed under 11 U.S.C. § 327(a), provided that such assistance does not constitute representing the Debtors in conducting their bankruptcy cases." (Retention Order at 2-3.) The Debtors are no longer a party to the *Neil* Litigation. Jenner continues to represent certain defendants in the *Neil* Litigation.

8.      On April 28, 2009 the Court entered an Order (Docket No. 1097) approving the Debtors' Supplemental Application for an Order Expanding the Scope of the Retention of Jenner

3

& Block LLP as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, *Nunc Pro Tunc* to March 5, 2009 (the "Supplemental Retention Application"). The Supplemental Retention Application sought clarification of the scope of Jenner's representation to allow Jenner to assist the Debtors with responding to an inquiry by the Department of Labor (the "DOL") on March 2, 2009. A DOL subpoena required the Debtors to produce an extensive range of documents relating to an investigation under ERISA. Jenner continues to advise and assist the Debtors in connection with this inquiry.

9.    Prior to the Petition Date, Jenner & Block represented all the defendants, including Tribune, in *Dan Neil, et al. v. Samuel Zell, et al.*, Case No. 08-cv-06833, United States District Court for the Northern District of Illinois, Eastern Division, and continued its representation of defendants in the *Neil* case thereafter. Debtors retained Jenner & Block to advise the Debtors in connection with the Department of Labor's inquiry into issues which are similar to those raised in the *Neil* case. In relation to those representations, Jenner & Block was asked to represent the Debtors, together with their primary counsel, Sidley & Austin, in connection with a Department of Labor/*Neil* mediation scheduled for May 4, 2011, before the Honorable Judge Gross related to claims or potential claims against the Debtors by the Department of Labor, the *Neil* plaintiffs, and/or the Internal Revenue Service, including by, but not limited to, participating in the mediation for that purpose. As previously disclosed by declaration, Jenner & Block also represents EGI-TRB, L.L.C. and Samuel Zell in the *Neil* litigation and in other matters. On or about June 20, 2011, Jenner & Block stopped representing the Debtors in connection with this settlement process but continues to represent the interests of Mr. Zell and EGI-TRB, L.L.C. in connection therewith.

4

10.     Jenner also represents the Debtors in connection with a third-party subpoena served on the Debtors in connection with the case *Oracle USA et al. v. Rimini Street, et al.*, which is currently pending in the United States District Court for the District of Nevada. The Debtors are not a party in the underlying litigation.

11.     Jenner also represents a subsidiary of the Debtors, WPIX, Inc., which is a plaintiff in a copyright infringement suit against Aereo, Inc. in the United States District Court for the Southern District of New York against Aereo, Inc. Two non-Debtor parties, in addition to the Debtors, are responsible for payments for Jenner's work done in the Aero Matter. The Debtors are responsible for twenty-five percent (25%) of the fees and expenses incurred in the Aero Matter. This Fee Application only seeks approval of the portion of the fees and expense in connection with the Aero Matter that the Debtors are responsible for.

12.     Jenner has exhausted a retainer of $150,000 as an advance for services to be rendered and expenses to be incurred in connection with its representation of the Debtors.

13.     This is Jenner's seventeenth and final quarterly fee application.

14.     Jenner's first quarterly fee application, for the period of December 8, 2008 through February 28, 2009 (*See* Docket No. 1030), sought approval of fees totaling $90,021.75 and reimbursement of expenses totaling $2,386.85. On December 15, 2009, this Court entered an Order approving compensation for $84,657.75 in fees; and $2,386.85 in expenses.

15.     Jenner's second quarterly fee application, for the period of March 1, 2009 through May 31, 2009 (*See* Docket No. 1743), sought approval of fees totaling $448,140.64 and reimbursement of expenses totaling $11,721.03. On May 18, 2010, this Court entered an Order approving compensation for $435,393.14 in fees; and $11,549.03 in expenses.

16.     Jenner's third quarterly fee application, for the period of June 1, 2009 through August 31, 2009 (*See* Docket No. 2349), sought approval of fees totaling $84,368.46 and reimbursement of expenses totaling $1,355.52.   On October 22, 2010, this Court entered an Order approving compensation for $82,540.46 in fees; and $1,355.52 in expenses.

17.     Jenner's fourth quarterly fee application, for the period of September 1, 2009 through November 30, 2009 (*See* Docket No. 3153), sought approval of fees totaling $188,859.03 and reimbursement of expenses totaling $2,498.60.  On August 24, 2011, this Court entered an Order approving compensation for $173,616.21 in fees; and $2,498.60 in expenses.

18.     Jenner's fifth quarterly fee application, for the period of December 1, 2009 through February 28, 2010 (*See* Docket No. 4066), sought approval of fees totaling $199,975.00 and reimbursement of expenses totaling $2,475.20.  On October 14, 2011, this Court entered an Order approving compensation for $184,470.50 in fees; and $2,475.20 in expenses.

19.     Jenner's sixth quarterly fee application, for the period of March 1, 2010 through May 31, 2010 (*See* Docket No. 5036), sought approval of fees totaling $160,565.50 and reimbursement of expenses totaling $2,659.64.   On December 12, 2011, this Court entered an Order approving compensation for $141,860.50 in fees; and $2,659.64 in expenses.

20.     Jenner's seventh quarterly fee application, for the period of June 1, 2010 through August 31, 2010 (*See* Docket No. 5990), sought approval of fees totaling $593,565.00 and reimbursement of expenses totaling $16,674.88.   On February 15, 2012, this Court entered an Order approving compensation for $569,910.50 in fees; and $16,674.88 in expenses.

21.     Jenner's eighth quarterly fee application, for the period of September 1, 2010 through November 30, 2010 (*See* Docket No. 7520), sought approval of fees totaling $47,764.60

and reimbursement of expenses totaling $3,152.56. On April 24, 2012, this Court entered an Order approving compensation for $43,810.00 in fees; and $2,401.65 in expenses.

22.   Jenner's ninth quarterly fee application, for the period of December 1, 2010 through February 28, 2011 (*See* Docket No. 8601), sought approval of fees totaling $9,289.00 and reimbursement of expenses totaling $365.84. On June 11, 2012, this Court entered an Order approving compensation for $9,153.00 in fees; and $65.84 in expenses.

23.   Jenner's tenth quarterly fee application, for the period of March 1, 2011 through May 31, 2011 (*See* Docket No. 9472), sought approval of fees totaling $178,556.00 and reimbursement of expenses totaling $7,783.24. On June 11, 2012, this Court entered an Order approving compensation for $175,302.50 in fees; and $7,377.93 in expenses.

24.   Jenner's eleventh quarterly fee application, for the period of June 1, 2011 through August 31, 2011 (*See* Docket No. 9980), sought approval of fees totaling $48,220.50 and reimbursement of expenses totaling $2,821.04. On October 2, 2012, this Court entered an Order approving compensation for $45,506.75 in fees; and $2,778.19 in expenses.

25.   Jenner's twelfth quarterly fee application, for the period of September 1, 2011 through November 30, 2011 (*See* Docket No. 10617), sought approval of fees totaling $1,889.00 and reimbursement of expenses totaling $0.00. On November 6, 2012, this Court entered an Order approving compensation for $1,889.00 in fees; and $0.00 in expenses.

26.   Jenner's thirteenth quarterly fee application, for the period of December 1, 2011 through February 29, 2012 (*See* Docket No. 11383), sought approval of fees totaling $3,166.50 and reimbursement of expenses totaling $0.00. On January 15, 2013, this Court entered an Order approving compensation for $3,382.50 in fees; and $0.00 in expenses.

27.     Jenner's fourteenth quarterly fee application, for the period of March 1, 2012 through May 31, 2012 (*See* Docket No. 12006), sought approval of fees totaling $1,694.50 and reimbursement of expenses totaling $0.00.  On February 11, 2013, this Court entered an Order approving Jenner's fourteenth quarterly fee application without modification.

28.     Jenner's fifteenth quarterly fee application, for the period of February 1, 2012 through August 31, 2012 (*See* Docket No. 12565), sought approval of fees totaling $600,073.30 and reimbursement of expenses totaling $141,646.50.  The Court has yet to issue an Order regarding the fifteenth quarterly fee application.

29.     Jenner's sixteenth quarterly fee application, for the period of September 1, 2012 through November 30, 2012 (as well as a computation adjustment for fees incurred from February 1, 2012 through August 1, 2012) (*See* Docket No. 13058), sought approval of fees totaling $193,181.21 and reimbursement of expenses totaling $13,262.66.  The Court has yet to issue an Order regarding the sixteenth quarterly fee application.

30.     On July 23, 2012, this Court entered an order (the "Confirmation Order") (Dkt. 12072) confirming the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed By the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Plan").  The Plan's Effective Date was December 31, 2012.  Pursuant to §9.2 of the Plan, all applications for final allowance of compensation or reimbursement of fees and expenses of retained professionals must be filed by March 1, 2013.

## RELIEF REQUESTED

31.     By this Application, Jenner requests (i) that the Court approve the interim allowance and award of compensation for professional services rendered and expenses incurred

by Jenner as special counsel to the Debtors during the Interim Application Period; and (ii) approve final allowance and award compensation for professional services rendered and expenses incurred by Jenner as special counsel to the Debtors during the Final Application Period.

32.    The amount of fees sought for services rendered during the Interim Application Period is $153,525.11 representing 1,174.25 hours in professional and paraprofessional time. Jenner has not previously been paid for these services rendered during the Interim Application Period.  Therefore, Jenner seeks the Court's authorization for Jenner to receive $122,820.09 (80% of the fees incurred in the Interim Application Period) for these services rendered during the Interim Application Period.  The amount of expenses incurred during the Interim Application Period is $14,885.82.  Jenner has not previously been paid for these expenses.  Therefore, Jenner seeks the Court's authorization for Jenner to receive $14,885.82 for expenses incurred during the Interim Application Period.

## COMPENSATION PAID AND ITS SOURCES

33.    All services for which compensation is requested by Jenner were performed for or on behalf of the Debtors.

34.    There is no agreement or understanding between Jenner and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

## THE FINAL APPLICATION

35.    During the course of the Final Application Period, Jenner assisted the Debtors in a wide-variety of litigation matters arising from numerous aspects of the Debtors' complex business.

36.     The fees charged by Jenner in this case are billed in accordance with its general existing billing rates and procedures in effect during the Final Application Period.  The rates Jenner charges for the services rendered by its professionals and paraprofessionals to the Debtors are the rates charged by the firm for professional and paraprofessional services rendered in comparable matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable cases in a competitive national legal market.

37.     Jenner seeks final allowance herein of reasonable compensation for actual and necessary professional services rendered to the Trustee during the Final Application Period, in the aggregate amount of $2,899,966.93 and for reimbursement of actual, reasonable and necessary expenses incurred during the Final Application Period in connection with the rendition of such services in the aggregate amount of $222,018.31.  This amount reflect fees and expenses already approved by this Court and, for the period February 1, 2012 to December 31, 2012, fees and expenses requested and submitted to the Court but not yet approved.

### FEE STATEMENTS FOR THE INTERIM APPLICATION PERIOD

38.     The fee statements for the Interim Application Period are attached hereto as Exhibit A.  This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period.  To the best of Jenner's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Local Rule 2016-2, the Compensation Order, and the Fee Examiner Order.

### SUMMARY OF SERVICES FOR THE INTERIM APPLICATION PERIOD

39.     As set forth in the detailed statements of fees attached hereto as Exhibit A, fees incurred by Jenner during the Interim Application Period total $153,525.11.  The attorneys and paraprofessionals who rendered services relating to each project category are identified, along

with the number of hours for each individual and the total compensation sought for each project category.

40.     The following is a summary of the activities performed by Jenner attorneys and paraprofessionals during the Interim Application Period, organized by project category. Given the sensitivity of the work performed in the Aero Matter as well as the fact that two non-Debtor entities also are represented in connection therewith, Jenner has redacted the invoices underlying the Aero Matter.  Copies of the unredacted invoices will be made to the Fee Examiner and, upon request, also will be made to the Court.

**A.  Aereo (Matter No. 52081)**

Fees: $139,253.61          Total Hours     1,146.60

41.     During the Application Period, Jenner represented WPIX, Inc., one of Tribune's subsidiaries, as plaintiff in a copyright infringement suit against Aereo, Inc., an internet TV service.  The suit was brought in the United States District Court in the Southern District of New York and concerns Aereo's use of broadcast television signals (including WPIX's signal) without WPIX's permission and without compensating WPIX for that use.   WPIX, and other plaintiffs, filed suit on March 1, 2012, and sought a preliminary injunction on their claim that Aereo's retransmissions violate the broadcasters' exclusive right of public performance.  During the Application Period, Jenner attorneys assisted WPIX in conduct and respond to discovery in the district court in connection with WPIX's additional copyright claims, including claims that Aereo's service violates their exclusive rights of reproduction.

**B.     Fee Application (Matter No. 10164)**

Fees: $1,164.00          Total Hours     2.4

42.     During the Application Period, Jenner attorneys spent time responding to requests from the Debtors regarding fees and expenses in preparation for the Debtors' emergence from bankruptcy.

**B. Google Litigation Third Party Subpoena (Matter No. 10010)**

Fees: $13,107.50  Total Hours    25.5

43.     During the Application Period, Jenner attorneys represented the Debtors in responding to a subpoena issued in litigation to which the Debtors are not a party.  This representation also included preparing a motion to quash the subpoena, which is now pending in the United States District for the Northern District of Illinois.

## ACTUAL AND NECESSARY EXPENSES
## DURING THE INTERIM APPLICATION PERIOD

44.     A summary of the actual and necessary expenses and logs of expenses incurred by Jenner during the Interim Application Period in the amount of $14,885.82 (the percentage of expenses the Debtors are responsible for) is attached hereto as Exhibit B.  Jenner's standard charge for photocopies is $0.10 per page.  Jenner does not charge its clients for incoming or outgoing facsimile transmission charges.

45.     With respect to legal research expenses, charges to Jenner by Lexis/Nexis and Westlaw are based on the actual number and scope of searches.

46.     Also consistent with firm policy, attorneys and other employees of Jenner who worked late into the evenings or on weekends were reimbursed for their reasonable transportation costs.

## VALUATION OF SERVICES DURING THE INTERIM APPLICATION PERIOD

47.     Attorneys and paraprofessionals of Jenner have expended a total of 1,149.00 hours in connection with the matter described above during the Interim Application Period. The

12

nature of the work performed by these persons is fully set forth on Exhibit A attached hereto. These are Jenner's normal hourly rates for work of this character. The reasonable value of services rendered by Jenner to the Debtors during the Interim Application Period is $153,525.11.

48.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Jenner is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, Jenner has reviewed the requirements of Local Rule 2016-2 and believes that this Application complies with that Rule.

## CONCLUSION

WHEREFORE, Jenner respectfully requests that this Court enter an Order (a) authorizing that an allowance be made to Jenner pursuant to the terms of the Compensation Order for the period November 1, 2012 through December 31, 2012, with respect to the sum of $153,525.11 for necessary professional services rendered, the sum of $14,855.82 as 100% reimbursement of actual necessary costs and expenses; (b) authorizing and directing the Debtors to remit payments to Jenner in the amounts set forth in paragraph (a) above; (c) allowance of final compensation to Jenner for services rendered during the Final Application Period, inclusive of the amounts requested during the Final Application Period, in the amount of $2,899,966.93 and reimbursement of actual, reasonable and expenses incurred during the Final Application Period in the amount of $222,018.31; and (c) granting such other and further relief as this Court deems just and proper.

13

Dated: February 22, 2013

Respectfully submitted,

By: _____

One of the Attorneys for the Debtors

JENNER & BLOCK LLP
David J. Bradford
353 N. Clark St.
Chicago, IL 60654-3456
Telephone:  (312) 222-9350
Facsimile:  (312) 527-0484
Email:  dbradford@jenner.com

14