IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br>TRIBUNE COMPANY, et al., <br>                        Debtors. | Chapter 11 <br><br>Case No. 08-13141 (KJC) <br><br>Jointly Administered <br>Objection Date: March 21, 2013 at 4:00 p.m. <br>Hearing Date: *To Be Determined* |

**FORTY-EIGHTH MONTHLY & FINAL FEE APPLICATION OF LAZARD FRERES & CO. LLC, INVESTMENT BANKER AND FINANCIAL ADVISOR TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD DECEMBER 8, 2008 THROUGH DECEMBER 31, 2012**

| | |
|---|---|
| Name of Applicant: | Lazard Frères & Co. LLC |
| Authorized to Provide Professional Services to: | **Debtors and Debtors-in-Possession** |
| Date of Retention: | **March 13, 2009** *nunc pro tunc* **December 8, 2008** |
| Period for which compensation and/or reimbursement is sought: | **December 8, 2008 through December 31, 2012** |
| Amount of Monthly Compensation sought as actual, reasonable, and necessary: | $10,500,000.00[1] |
| Amount of Monthly Expenses sought as actual, reasonable, and necessary | $0.00 |
| Amount of Final Compensation sought as actual, reasonable and necessary: | $20,804,839.00 |
| Amount of Final Expenses sought as actual, reasonable, and necessary | $364,199.77 |
| Less: Amounts Paid to Date: | ($10,429,038.77) |
| Net Amount of Final Compensation Requested | $10,740,000.00 |

This is a:   _X_ monthly       ___ interim     _X_ final application

---

[1] Lazard's retention was approved at a rate of $200,000.00 per month pursuant to the terms of the Engagement Letter dated December 1, 2008 (the 'Engagement Letter'). This amount reflects the Monthly Fee for December 2012 plus the Major Disposition / Restructuring Fee less applicable credits [$200,000 + ($14,000,000 - $3,700,000) = $10,500,000)]. See Exhibit D for a detailed fee calculation.

46429/0001-9303310v1

Summary of Monthly Fee and Expense Invoices for the Compensation Period:

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Paid Fees | Paid Expenses |
|---|---|---|---|---|---|
| 04/07/09 | 12/08/08-01/31/09 | $354,839.00 | $6,227.35 | $354,839.00 | $6,227.35 |
| 05/01/09 | 02/01/09-02/28/09 | $200,000.00 | $3,802.98[2] | $200,000.00 | $3,802.98 |
| 05/21/09 | 03/01/09-03/31/09 | $200,000.00 | $5,312.28 | $200,000.00 | $5,312.28 |
| 07/07/09 | 04/01/09-04/30/09 | $200,000.00 | $3,161.52[3] | $200,000.00 | $3,161.52 |
| 08/10/09 | 05/01/09-05/31/09 | $200,000.00 | $2,981.87 | $200,000.00 | $2,981.87 |
| 09/16/09 | 06/01/09-06/30/09 | $200,000.00 | $5,269.22[4] | $200,000.00 | $5,269.22 |
| 10/14/09 | 07/01/09-07/31/09 | $200,000.00 | $11,604.52[4] | $200,000.00 | $11,604.52[4] |
| 10/14/09 | 08/01/09-08/31/09 | $200,000.00 | $3,015.49[4] | $200,000.00 | $3,015.49[4] |
| 11/15/09 | 09/01/09-09/30/09 | $200,000.00 | $4,335.48 | $200,000.00 | $4,335.48 |
| 11/15/09 | 10/01/09-10/31/09 | $200,000.00 | $7,457.67 | $200,000.00 | $7,457.67 |
| 01/15/10 | 11/01/09-11/30/09 | $200,000.00 | $10,791.56[5] | $200,000.00 | $10,791.56 |
| 04/15/10 | 12/01/09-12/31/09 | $200,000.00 | $3,954.36 | $200,000.00 | $3,954.36 |
| 04/15/10 | 01/01/10-01/31/10 | $200,000.00 | $18,179.11 | $200,000.00 | $18,179.11 |
| 04/15/10 | 02/01/10-02/28/10 | $200,000.00 | $11,848.65[6] | $200,000.00 | $11,848.65 |
| 07/15/10 | 03/01/10-03/31/10 | $200,000.00 | $10,332.47[7] | $200,000.00 | $10,332.47 |
| 07/15/10 | 04/01/10-04/30/10 | $200,000.00 | $9,704.13[7] | $200,000.00 | $9,704.13 |
| 07/15/10 | 05/01/10-05/31/10 | $200,000.00 | $4,107.19[7] | $200,000.00 | $4,107.19 |
| 10/14/10 | 06/01/10-06/30/10 | $200,000.00 | $8,652.92 | $200,000.00 | $8,652.92 |
| 10/14/10 | 07/01/10-07/31/10 | $200,000.00 | $22,561.83 | $200,000.00 | $22,561.83 |
| 10/14/10 | 08/01/10-08/31/10 | $200,000.00 | $21,200.09[8] | $200,000.00 | $21,200.09 |
| 01/05/11 | 09/01/10-09/30/10 | $200,000.00 | $4,237.09 | $200,000.00 | $4,237.09 |
| 01/05/11 | 10/01/10-10/31/10 | $200,000.00 | $9,903.01 | $200,000.00 | $9,903.01 |
| 01/14/11 | 11/01/10-11/30/10 | $200,000.00 | $11,765.66[9] | $200,000.00 | $11,765.09 |

---

[2] This amount reflects the Fee Examiner's recommended reductions for the 1st Interim period totaling $2,007.08.

[3] This amount reflects the Fee Examiner's recommended reductions for the 2nd Interim period totaling $3,957.58.

[4] This amount reflects the Fee Examiner's recommended reductions for the 3rd Interim period totaling $119,115.88.

[5] This amount reflects the Fee Examiner's recommended reductions for the 4th Interim period totaling $5,176.46.

[6] This amount reflects the Fee Examiner's recommended reductions for the 5th Interim period totaling $7,700.03.

[7] This amount reflects the Fee Examiner's recommended reductions for the 6th Interim period totaling $4,849.60.

[8] This amount reflects the Fee Examiner's recommended reductions for the 7th Interim period totaling $1,810.16.

[9] This amount reflects the Fee Examiner's recommended reductions for the 8th Interim period totaling $843.88.

46429/0001-9303310v1

| Date Filed | Period Covered | Requested | | Paid | |
| --- | --- | --- | --- | --- | --- |
| | | Fees | Expenses | Fees | Expenses |
| 02/09/11 | 12/01/10-12/31/10 | $200,000.00 | $2,418.76 | $200,000.00 | $2,418.76 |
| 04/07/11 | 01/01/11-01/31/11 | $950,000.00 | $2,708.32[10] | $950,000.00 | $2,708.32 |
| 04/07/11 | 02/01/11-02/28/11 | $200,000.00 | $188.45[10] | $200,000.00 | $188.45 |
| 07/01/11 | 03/01/11-03/31/11 | $200,000.00 | $4,362.94[11] | $200,000.00 | $4,362.94 |
| 07/08/11 | 04/01/11-04/30/11 | $200,000.00 | $99,053.80[11] | $200,000.00 | $99,053.80 |
| 07/15/11 | 05/01/11-05/31/11 | $200,000.00 | $42,026.60[11] | $200,000.00 | $42,026.60 |
| 08/10/11 | 06/01/11-06/30/11 | $200,000.00 | $158.94 | $200,000.00 | $158.94 |
| 10/05/11 | 07/01/11-07/31/11 | $200,000.00 | $140.78[12] | $200,000.00 | $140.78 |
| 10/05/11 | 08/01/11-08/31/11 | $200,000.00 | $0.00 | $200,000.00 | $0.00 |
| 11/14/11 | 09/01/11-09/30/11 | $200,000.00 | $5,097.29 | $200,000.00 | $5,097.29 |
| 12/16/11 | 10/01/11-10/31/11 | $200,000.00 | $65.68 | $200,000.00 | $65.68 |
| 01/13/12 | 11/01/11-11/30/11 | $200,000.00 | $222.90[13] | $200,000.00 | $222.90 |
| 02/18/12 | 12/01/11-12/31/11 | $200,000.00 | $81.43[14] | $200,000.00 | $81.43 |
| 03/15/12 | 01/01/12-01/31/12 | $200,000.00 | $0.00 | $200,000.00 | $0.00 |
| 04/05/12 | 02/01/12-02/29/12 | $200,000.00 | $13.74 | $200,000.00 | $13.74 |
| 05/18/12 | 03/01/12-03/31/12 | $200,000.00 | $104.42 | $200,000.00 | $104.42 |
| 05/18/12 | 04/01/12-04/30/12 | $200,000.00 | $98.40 | $200,000.00 | $98.40 |
| 07/02/12 | 05/01/12-05/31/12 | $200,000.00 | $18.09 | $200,000.00 | $18.09 |
| 09/13/12 | 06/01/12-06/30/12 | $200,000.00 | $0.00 | $160,000.00 | $0.00 |
| 09/13/12 | 07/01/12-07/31/12 | $200,000.00 | $25.91 | $160,000.00 | $25.91 |
| 10/03/12 | 08/01/12-08/31/12 | $200,000.00 | $99.12 | $160,000.00 | $99.12 |
| 11/16/12 | 09/01/12-09/30/12 | $200,000.00 | $1,074.58 | $160,000.00 | $1,074.58 |
| 12/07/12 | 10/01/12-10/31/12 | $200,000.00 | $3,722.49 | $160,000.00 | $3,722.49 |
| 01/14/13 | 11/01/12-11/30/12 | $200,000.00 | $2,110.68 | $160,000.00 | $2,110.68 |
| Current | 12/01/12-12/31/12 | $10,500,000.00[15] | $0.00 | $0.00 | $0.00 |
| **TOTAL** | **12/08/08-12/31/12** | **$20,804,839.00** | **$364,199.77** | **$10,064,839.00** | **$364,199.77** |

---

[10] This amount reflects the Fee Examiner's recommended reductions for the 9th Interim period totaling $382.30.

[11] This amount reflects the Fee Examiner's recommended reductions for the 10th Interim period totaling $2,847.94.

[12] This amount reflects the Fee Examiner's recommended reductions for the 11th Interim period totaling $100.00.

[13] This amount reflects the Fee Examiner's recommended reductions for the 12th Interim period totaling $71.63.

[14] This amount reflects the Fee Examiner's recommended reductions for the 13th Interim period totaling $35.00.

[15] This amount reflects the Monthly Fee for December 2012 plus the Major Disposition / Restructuring Fee less applicable credits [$200,000 + ($14,000,000 - $3,700,000 = $10,500,000)].

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,<br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>Objection Date: March 21, 2013 at 4:00 p.m.<br>Hearing Date: *To Be Determined* |

## FORTY-EIGHTH MONTHLY & FINAL FEE APPLICATION OF LAZARD FRERES & CO. LLC, INVESTMENT BANKER AND FINANCIAL ADVISOR TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD DECEMBER 8, 2008 THROUGH DECEMBER 31, 2012

TO THE HONORABLE KEVIN J. CAREY,
UNITED STATES BANKRUPTCY JUDGE:

Lazard Frères & Co. LLC, ("Lazard"), Investment Banker and Financial Advisor to the Tribune Company ("Tribune"), and certain of its subsidiaries and affiliates (collectively, the "Debtors") hereby submits its Forty-Eighth Monthly and Final Fee Application (the "Final Application") pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code) and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for an allowance of compensation in the aggregate amount of $20,804,839.00 for professional services rendered to the Debtors and for reimbursement of actual and necessary expenses in the aggregate amount of $364,199.77 incurred in connection with such services from December 8, 2008 through and including December 31, 2012 (the "Final Compensation Period") as set forth in their engagement letter (the "Engagement Letter"), attached hereto as **Exhibit A**.

## BACKGROUND

1. On December 8, 2008 (the "Petition Date"), the debtors filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code. Pursuant to sections 1107 and 1108 the Bankruptcy Code, the debtors have continued to operate their businesses and manage their properties as debtors in possession since the Petition Date.

2. This Application is submitted pursuant to the terms of the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses dated January 15, 2009 (the "Administrative Order").

3. On March 13, 2009, this Court entered certain Order Pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the retention and employment of Lazard Freres & Co. LLC as financial advisor to the Debtors nunc pro tunc to the petition date.(the "Retention Order"), attached hereto as **Exhibit B.**

4. On December 31, 2012, Tribune Company announced that it has successfully emerged from its Chapter 11 restructuring process. The company's plan of reorganization was confirmed by the U.S. Bankruptcy Court for the District of Delaware in July, and the Federal Communications Commission granted Tribune the necessary transfer applications and waivers in November. Tribune's plan of reorganization officially became effective today, Dec. 31, 2012.

46429/0001-9303310v1

5. Pursuant to section 2(b) of the Engagement Letter as amended by the Retention Order, "upon the earlier of consummation of a Major Disposition or a Restructuring" Lazard is entitled to a fee equal to $14,000,000.

6. All services for which Lazard requests compensation was performed for or on behalf of the Debtor.

## COMPENSATION REQUEST

7. Lazard is seeking final allowance and full payment, without any hold-back of fees, of $20,804,839.00 for professional services rendered to the Debtors for the period from December 8, 2008 through December 31, 2012. In addition, Lazard is seeking final allowance and full payment of $364,199.77 for reimbursement of expenses relating to services rendered on behalf of the Debtors during the Compensation Period, for a total award of $21,169,038.77 (the "Compensation Amount"). The services provided are detailed below.

8. For the convenience of the Court and all parties in interest, attached hereto as **Exhibit C** is a summary setting forth the name of each professional for whose work on these reorganization cases compensation is sought.

## SUMMARY OF SERVICES

9. The Managing Directors, Directors, Vice President, Associates and Analysts of Lazard who have rendered professional services during the Compensation Period in these cases are as follows: David Kurtz (Managing Director); John Chachas (Managing Director); Eli Fink (Managing Director); Suneel Mandava (Director); Ricardo Llanos (Director); Sachin Lulla (Vice President); Ray Sturm (Associate); Andrew Scriven (Associate); Amit Gaind (Financial

3

Analyst); Jacob Chase (Financial Analyst); Micah Friedland (Financial Analyst); Matthew Maloney (Analyst); Lucian Tira (Financial Analyst); Phillip Nguyen (Financial Analyst); Rachit Joshi (Financial Analyst) and Alex Stepien (Financial Analyst).

10.  During the Compensation Period, the Debtors relied heavily on the experience and expertise of the above-named persons in dealing with matters described in Paragraph 10. As a result, Lazard's highly skilled restructuring professionals devoted significant time and effort to perform properly and expeditiously the required professional services.

11.  A summary of some of the services rendered by Lazard during the Compensation Period are as follows:

(a) *Interface with Professionals, Official Committees, and Other Parties-In-Interest:* Lazard spent a significant amount of time and resources creating presentations and participating in discussions with the Official Committee of Unsecured Creditors, the senior lenders and the pre-LBO noteholders and their respective financial and legal advisors in order to keep them informed about the Debtors' operations, case status and other key events in the bankruptcy proceedings. Lazard assisted the Debtors and Alvarez & Marsal ("A&M") in the coordination of business plan due diligence requests from the various constituents including their financial and legal advisors. During the case, Lazard and the Debtors' other advisors participated in numerous meetings and calls with the Board regarding the status of the cases and potential Plan alternatives. Lazard developed multiple presentations for the Board during the case, each requiring substantial time and resources. Additionally, Lazard was heavily involved in all Plan discussions and negotiations with the various constituents, including participation in mediation sessions and meetings with the Court appointed Examiner.

(b) *Business Operations Planning, Monitoring, Reporting and Analysis, and Projections:* Lazard assisted the Debtors in the preparation and review of its long-term business plans throughout the case. As part of the process, Lazard reviewed the Company's financials on both a consolidated and business unit level. In addition, Lazard held calls and/or met with all of the business unit managers to obtain a better understanding of each segment's operations, strategy, growth opportunities and potential challenges. The business plan provided a basis for Lazard and the constituents to prepare a valuation for the Debtors, determine the optimal capital structure post-

emergence and served as the foundation of the Plan. A significant amount of time was spent conducting diligence on the Debtors' financial projections and its underlying assumptions. On a weekly and monthly basis, Lazard reviewed cash flow data and other reporting packages to assess the Company's performance in relation to the business plan projections. Additionally, Lazard reviewed and provided analysis regarding tax litigation related to the Company's buyout transaction. Lazard also attended numerous meetings with the Company to discuss litigation strategy and settlement meetings with the Internal Revenue Service.

(c) *Preparation and Review of Court Filings:* Lazard professionals assisted the Debtors and their legal counsel in the development and the negotiation of the Plan of Reorganization and the Disclosure Statement. Lazard was responsible for drafting the valuation exhibit and projections exhibit in the Disclosure Statement. In addition to the Plan of Reorganization and Disclosure Statement, Lazard assisted in the preparation of court filings regarding DIP financing, exit financing, exclusivity and other items. Additionally, Lazard devoted extensive time in reviewing the competing plans of reorganization, disclosure statements and related filings. Lazard also prepared analyses and reports to evaluate the recoveries under the competing plans compared to the Debtors' plan.

(d) *Court Testimony, Deposition and Preparation:* Due to the contested nature of the Plan confirmation proceedings, Lazard provided expert witness testimony regarding the Plan value and the Plan settlement process. In connection with the testimony, Lazard professionals prepared an expert valuation report and written direct testimony. The Lazard expert witnesses were deposed regarding valuation and the plan settlement and were cross-examined in court. Lazard professionals were present at the depositions of the other expert witnesses and assisted counsel in preparation for the depositions. Lazard professionals dedicated significant time and resources to the development of these valuation materials and deposition preparation. Furthermore, as part of Lazard's testimony regarding valuation, Lazard assisted the Debtors and the Debtors' counsel in extensively reviewing competing expert reports and preparing rebuttal analyses related thereto. In addition to testimony regarding valuation and plan confirmation, Lazard professionals provided expert testimony and declarations related to motions for stay pending appeal. In connection with the testimony regarding the stay pending appeal, Lazard prepared various analyses regarding the sizing of a potential appeal bond.

(e) *Valuation Analysis:* During the case, Lazard prepared a formal valuation of the Company and updated that valuation several times throughout the case. As part of the process, Lazard performed a variety of generally accepted valuation analyses including a discounted cash flow analysis, a comparable company analysis and a precedent transaction analysis to determine the Debtors' theoretical total enterprise value ("TEV") in order to establish the

5

form and amount of recovery available to creditors and equity holders. In addition to the three generally accepted valuation analyses, Lazard researched capital markets conditions, macroeconomic conditions in the media industry and prepared a comprehensive and flexible valuation model, among other things. Lazard also performed various sensitivity analyses on the valuation. Additionally, Lazard spent a significant amount of time assisting A&M in the preparation of an analysis that allocates value to all of the Debtors' legal entities to calculate recoveries under a Plan.

(f) *Capital Structure Review and Analysis:* During the case, Lazard evaluated the feasibility of various different capital structures and prepared analyses to determine an optimal capital structure. In connection with this work, Lazard performed an analysis of loan pricing and credit statistics for similarly situated companies in order to benchmark and help derive an appropriate capital structure for the Debtors.

(g) *Merger and Acquisition Activity:* Throughout the case, Lazard assisted the Debtors in evaluating on-going potential investment opportunities and worked with Company management to conduct due diligence. Additionally, Lazard responded to numerous inquiries and maintained a log of parties expressing potential interest in purchasing the Debtors' assets. Lazard also performed extensive analysis and diligence regarding certain strategic investment opportunities on behalf of the Debtors including an investment in the Company's TV Food Network partnership.

(h) *Financing Including DIP and Exit Financing:* Prior to filing, Lazard assisted the Debtors in obtaining debtor-in-possession ("DIP") financing. Lazard assisted the Debtors in the preparation of company overview materials and financial models for meetings with the potential financing providers. Lazard also coordinated responses to diligence requests from the potential DIP lenders. Lazard was prepared to testify before the Court regarding the terms of DIP financing and the process used to obtain the financing. Finally, Lazard assisted the Debtors in structuring and negotiating the terms and structure of an exit financing facility with potential lenders. The exit financing was completed in December 2012.

(i) *General Bankruptcy and Due Diligence:* Lazard professionals participated in regular planning sessions and other periodic meetings with the Debtors and its legal counsel concerning process and strategy issues related to the bankruptcy. Lazard evaluated market comparables, assisted in the review of financing documentation and related court filings and assisted the Debtors counsel and management with respect to first day hearings.

(j) *Settlement Analyses and General Due Diligence:* In order to prepare a plan settlement analysis, Lazard reviewed thousands of pages of documents regarding the LBO transactions and prepared a report regarding the LBO. Based on the facts learned from the diligence, Lazard prepared an analysis

that evaluated the various LBO related causes of action and determined creditor recoveries under different litigation scenarios. This report and analysis were used as a framework for settlement discussions between the various constituents. Additionally, Lazard assisted the Debtors and Debtors' counsel in extensively reviewing the Examiner's report and its implications, as well as considering settlement options.

## ACTUAL AND NECESSARY DISBURSEMENTS OF LAZARD

13.    As set forth on **Exhibit D** annexed hereto, Lazard has disbursed $364,199.77 as expenses incurred in providing professional services during the Final Compensation Period. Lazard has maintained detailed records of actual and necessary expenses incurred during the Final Compensation Period. With respect to expenses, it should be noted that Lazard has absorbed certain expenses customarily charged by other professionals in bankruptcy cases. For example, Lazard does not allocate office telephonic charges by client and thus these costs are absorbed by Lazard in its overhead and not charged to the Debtors' estate. Lazard respectfully submits that the expenses for which it seeks allowance during the Compensation Period are necessary and reasonable both in scope and amount.

## CONCLUSION

14.    It is respectfully submitted that the amount requested by Lazard is fair and reasonable given (a) the complexity of the issues presented, (b) the time and labor required, (c) the skill necessary to perform the financial advisory services, (d) the preclusion of other

employment, and (e) the customary fees charged to clients in bankruptcy and non-bankruptcy situations.

WHEREFORE Lazard respectfully requests (i) a final allowance of compensation for professional services rendered during the Final Compensation Period in the amount of $20,804,839.00 and reimbursement for actual and necessary expenses Lazard incurred during the Final Compensation Period in the amount of $364,199.77; (ii) the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Lazard's right to seek additional compensation for services performed and expenses incurred during the Final Compensation Period which were not processed at the time of this Application; and (iii) such other and further relief as is just.

| | |
|---|---|
| Total Amount of Compensation Requested: | $21,169,038.77 |
| Less: Amounts Paid to Date: | ($10,429,038.77) |
| Net Amount of Compensation Requested: | $10,740,000.00 |

Dated: March 1, 2013
New York, New York

LAZARD FRÈRES & CO. LLC

/s/ David A. Kurtz

David Kurtz
Vice Chairman of Investment Banking
Lazard Frères & Co. LLC
30 Rockefeller Plaza, 61st Floor
New York, NY 10020
(212/632-6000)
Investment Banker and Financial Advisor
to the Debtors