## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: March 21, 2013 @ 4:00 p.m. (ET)**<br>**Hearing Date: TBD** |

## FORTY-EIGHTH MONTHLY AND FINAL APPLICATION OF LANDIS RATH & COBB LLP, CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES PURSUANT TO 11 U.S.C. §§ 330 AND 331

| | |
|---|---|
| Name of Applicant: | Landis Rath & Cobb LLP |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | *Nunc Pro Tunc* to December 18, 2008 |
| Period for which monthly compensation and reimbursement sought: | December 1, 2012 through December 31, 2012 |
| Amount of monthly fees to be approved as actual, reasonable and necessary: | $234,383.00 |
| Amount of monthly expenses sought as actual, reasonable and necessary: | $118,011.77 |

---

1 The Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); foresalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347) Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

{698.001-W0024505.4}

Period for which post-effective
compensation and reimbursement sought:     January 1, 2013, through final fee hearing date

Post-effective fees to be approved
as actual, reasonable and necessary:     $ 70,857.00

Post-effective expenses to be approved
as actual, reasonable and necessary:     $ 1,740.09

Final period for which final compensation
and reimbursement sought:     December 18, 2008 through final fee hearing date

Amount of final fees to be approved
as actual, reasonable and necessary:     $9,470,632.50

Amount of final expenses to be approved
as actual, reasonable and necessary:     $1,741,572.85

This is a    _X_ monthly    ____ interim    __X__   final application

**Prior Interim Applications[2]**

| Interim Fee Application Period | Total Fees Requested | Total Expenses Requested | Total Approved Fees | Total Approved Expenses | Pending Fees | Pending Expenses |
|---|---|---|---|---|---|---|
| 1st 12/18/08 – 2/28/09 | $145,339.25 | $10,870.52 | $143,085.00 | $10,854.52 | | |
| 2ND 3/1/09 – 5/31/09 | $151,213.00 | $9,480.28 | $151,192.00 | $9,480.28 | | |
| 3RD 6/1/09 – 8/31/09 | $230,459.50 | $14,582.55 | $230,378.50 | $14,582.55 | | |
| 4th 9/1/09 – 11/30/09 | $229,766.75 | 9,749.62 | $228,919.25 | $9,749.62 | | |
| 5th 12/1/09 – 2/28/10 | $351,329.00 | 31,730.23 | $346,584.00 | $31,717.63 | | |
| 6th 3/1/10 – 5/31/10 | $397,346.50 | $9,403.57 | $396,335.50 | $9,403.57 | | |
| 7th 6/1/10 – 8/31/10 | $337,151.50 | $17,652.89 | $336,235.00 | $17,652.89 | | |
| 8th 9/1/10 – 11/30/10 | $940,688.00 | $193,235.31 | $940,449.00 | $192,153.35 | | |
| 9th 12/1/10 – 2/28/11 | $709,904.50 | $127,205.71 | $710,067.00 | $126,408.30 | | |
| 10th 3/1/11 – 5/31/11 | $975,328.50 | $112,682.07 | $973,959.00 | $110,739.63 | | |
| 11th 6/1/11 – 8/31/11 | $639,103.00 | $76,812.41 | $639,103.00 | $76,138.54 | | |
| 12th 9/1/11 – 11/30/11 | $733,682.00 | $91,196.25 | $733,621.75 | $91,118.69 | | |
| 13th 12/1/11 – 2/28/12 | $773,701.00 | $288,323.59 | $773,640.50 | $288,197.19 | | |
| 14th 3/1/12 – 5/31/12 | $784,570.00 | $129,949.78 | $783,194.00 | $129,774.94 | | |
| 15th 6/1/12 – 8/31/12 | $1,085,450.00 | $355,354.39 | | | $1,085,450.00 | $355,354.39 |
| 16th 9/1/12 – 11/30/12 | $693,179.00 | $148,494.90 | | | $693,179.00 | $148,494.90 |
| December 2012 | $234,383.00 | $118,011.77 | | | $234,383.00 | $118,011.77 |
| Post-Effective 1/1/13 – Final Fee Hearing Date | $70,857.00 | $1,740.09 | | | $70,857.00 | $1,740.09 |
| Subtotal | $9,483,451.50 | $1,746,475.93 | $7,386,763.50 | $1,117,971.70 | $2,083,869.00 | $623,601.15 |

---

2 The agreed reductions and approved amounts also account for any discrepancy in requested fees and examiner computed fees and expenses. The Fee Examiner Final Report for the 9th Interim Period noted a $162.50 discrepancy in fees as reflected in the approved amounts.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[3] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |
| | Objection Deadline: March 21, 2013 @ 4:00 p.m. (ET)<br>Hearing Date: TBD |

## FORTY-EIGHTH MONTHLY AND FINAL APPLICATION OF LANDIS RATH & COBB LLP, CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES PURSUANT TO 11 U.S.C. §§ 330 AND 331

Landis Rath & Cobb LLP ("LRC"), co-counsel to the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"), hereby submits this Forty-Eighth and Final Application of Landis Rath & Cobb LLP, Co-Counsel to the Official Committee of Unsecured Creditors, for Compensation and Reimbursement of Expenses Pursuant to 11 U.S.C. §§ 330 and 331 (the "Application") for legal services performed during the period commencing December 1, 2012, through and including December 31, 2012 (the "Monthly Application Period"); and for final approval of compensation for legal services performed during the period commencing December 18, 2008, through and

---

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347) Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspapers Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

including December 31, 2012 (the "Pre-Effective Period").  In addition, LRC seeks final

approval of compensation for legal services performed during the period commencing January 1,

2013, through and including the date of the final fee hearing in these cases (the "Post-Effective

Period," and together with the Monthly Application Period and Pre-Effective Period, the "Final

Application Period").  In support thereof, LRC respectfully represents as follows:

## BACKGROUND

1.      On December 8, 2008, (the "Petition Date"), the Debtors commenced these

bankruptcy cases by each filing a voluntary petition for relief under Chapter 11 of Title 11 of the

United States Code, 11 U.S.C. §§ 101, *et seq*., (the "Bankruptcy Code"), in the United States

Bankruptcy Court for the District of Delaware (the "Court" or the "Bankruptcy Court").

2.      The Debtors continue to operate their businesses and manage their properties as

debtors-in-possession pursuant to Bankruptcy Code Sections 1107 and 1108.

3.      On December 18, 2008, the Office of the United States Trustee for the District of

Delaware (the "UST") appointed the Committee.  In addition, on December 18, 2008, the

Committee met with and selected Chadbourne & Parke LLP ("Chadbourne") as its counsel and

LRC as its co-counsel.

4.      On February 20, 2009, the Court entered an order authorizing the employment

and retention of LRC as co-counsel to the Committee *nunc pro tunc* to December 18, 2008.

5.      On August 19, 2009, the Court entered an order appointing Stuart Maue as fee

examiner for these chapter 11 cases *nunc pro tunc* to February 20, 2009.

6.      On July 23, 2012, the Court entered the Order (the "Confirmation Order")

Confirming Fourth Amended Joint Plan of Reorganization for Tribune Company and Its

Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree

Capital Management, L.P., Angelo Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. (the "DCL Plan")

7.      The Effective Date of the DCL Plan, as defined therein, occurred on December 31, 2012 (the "Effective Date").

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (M).

9.      The statutory bases for relief requested herein are Bankruptcy Code Sections 105(a), 330 and 331.

## TERMS AND CONDITIONS OF COMPENSATION OF LRC

10.      Subject to Court approval, LRC seeks payment for compensation on an hourly basis, plus reimbursement of actual, necessary expenses incurred by LRC during the Final Application Period.  With the exception of copy charges (which are charged at a lower rate), the rates charged by LRC in these cases do not differ from the rates charged to LRC's non-bankruptcy clients.

11.      A summary of the hours spent, the names of each professional and paraprofessional rendering services to the Committee during the Monthly Application Period, the regular customary billing rates and the total value of time incurred by each of the LRC attorneys rendering services to the Committee is attached hereto as Exhibit "A."  A copy of the computer generated time entries reflecting the time recorded for these services, organized in project billing categories in accordance with the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the

"Guidelines"), is attached hereto as Exhibit "B." A statement of expenses incurred by LRC during the Monthly Application Period is attached hereto as Exhibit "C." All time entries and requested expenses are in compliance with Local Rule 2016-2.[4]

12.    On January 15, 2009, this Court entered the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Administrative Order"). Pursuant to the Administrative Order, LRC and other professionals retained in these cases are authorized to file and to serve upon the Debtors and the parties identified in the Administrative Order monthly fee applications (a "Monthly Fee Application") with respect to their fees and expenses. After the expiration of a twenty (20) day objection period, the Debtors are authorized to promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee Application, unless an objection has been lodged against specific fees and/or expenses, or the Court orders otherwise.

13.    In accordance with the Administrative Order, LRC has filed and served upon the Debtors and other parties identified in the Administrative Order this Application with respect to fees and expenses incurred during the Monthly Application Period; to wit, fees in the amount of $234,383.00 and expenses in the amount of $118,011.77.

14.    All services and costs for which compensation is requested by LRC in this Application were reasonable and necessary and were performed for and on behalf of the Committee during the Final Application Period.

---

[4] LRC has also attempted to ensure that this Application complies with the Guidelines. To the extent that the Guidelines conflict with local rules, in particular, Local Rule 2016-2, LRC has chosen to comply with such local rule. LRC will supplement this Application with additional detail or information upon request.

## CASE STATUS

15.    To the best of LRC's knowledge, the Debtors' monthly operating reports contain up-to-date information regarding the amount of cash on hand or on deposit in the Debtors' estates, the Debtors' operating profits or losses, and the amount of unencumbered funds in the Debtors' estates.

16.    To the best of LRC's knowledge, the Debtors have paid to the UST their initial quarterly fees and have filed their monthly operating report for the period of November 19, 2012 through December 30, 2012.

## NARRATIVE SUMMARY OF MONTHLY SERVICES
## RENDERED ON A PROJECT SUMMARY BASIS

17.    All of the professional services that LRC rendered to the Committee during the Monthly Application Period are set forth in detail in Exhibit "B," segregated according to project billing categories pursuant to the Guidelines.  A brief description of certain services deserving specific mention are highlighted below, by project category:

(A)    **Case Administration:  (Total Hours: 12.60; Total Fees: $3,511.50)**

18.    In its role as "clearinghouse" for information and communications to and from the Committee and the Court, LRC has kept the Committee informed, on a regular basis, as to important developments in these cases.  In connection therewith, LRC created and maintained a critical dates calendar in order to track deadlines and significant events in these cases, and regularly reviewed pleadings, notices, and other filings in order to update and maintain the same. In addition, LRC worked closely with Kurtzman Carson Consultants to update the Committee's website in order to provide creditors and other parties in interest up-to-date information regarding the status of the Debtors' bankruptcy cases and the reorganization process.

**(B)    Claims Administration and Objections:    (Total Hours: 6.50; Total Fees: $2,623.00)**

19.    Among other services provided in this category during the Monthly Application Period, LRC reviewed and analyzed pleadings, orders and other papers regarding objections to claims, including the Debtors' 62nd and 63rd omnibus objections to claims and stipulations, orders, and other filings regarding *ad hoc* resolutions of objections to certain other claims.

**(C)    Litigation:    (Total Hours: 619.40; Total Fees: $209,373.00)**

20.    Among other services provided in this category during the Monthly Application Period, LRC expended significant time with respect to the Committee's role as the pursuer of certain causes of action stemming from the series of transactions during calendar year 2007 pursuant to which the Debtors became privately held (the "LBO Action").

21.    A fourth amended complaint (the "Fourth Amended Complaint") was filed in the LBO Action on November 7, 2012. The Fourth Amended Complaint names more than 5,500 defendants. LRC expended significant time and effort during the Monthly Application Period to serve these defendants with process and/or notice of the Fourth Amended Complaint, and LRC researched and analyzed numerous issues related thereto, including issues related to service on foreign and governmental entities and deceased individuals. LRC worked extensively to perfect service upon the thousands of defendants identified in the Fourth Amended Complaint, including researching and refining addresses and contact information for defendants in response to service returns and other notifications and/or communications with parties or their counsel. In relation to the foregoing, LRC also continued to receive, analyze, and respond to requests for dismissal and/or settlement of the LBO Action by individual defendants.

22.    Additionally, LRC continued to perform an extensive analysis of the documents and work product in its possession that it obtained and/or generated in the course of its

investigation and prosecution of the LBO Action and that will be required to be transferred to the litigation trustee as set forth in the DCL Plan.

**(D)**   <u>**LRC Retention & Fee Matters**</u>:   **(Total Hours: 29.00; Total Fees: $7,682.50)**

23.   Among other services provided in this category during the Monthly Application Period, LRC drafted, revised, and finalized its Forty-Seventh monthly application for compensation and reimbursement of expenses.   Additionally, LRC reviewed, analyzed and responded to the fee examiner's preliminary report regarding LRC's fourteenth interim fee application. LRC also, at the request of the Debtors, prepared an estimation of fees and expenses through the projected effective date of the DCL Plan. In addition, LRC began to prepare its final application for compensation and reimbursement of expenses to be submitted following the anticipated occurrence of the Effective Date under the confirmed DCL Plan.

**(E)**   <u>**Non LRC Retention & Fee Matters**</u>:   **(Total Hours: 14.60; Total Fees: $4,648.00)**

24.   Among other services provided in this category during the Monthly Application Period, LRC assisted with preparing and finalizing monthly fee applications and certificates of no objection submitted by Chadbourne, AlixPartners, LLP, and Moelis & Company LLC, and Zuckerman Spaeder LLP. LRC also drafted and finalized an order approving Zuckerman Spaeder's sixth and seventh interim fee applications.

**(F)**   <u>**Plan and Disclosure Statement**</u>:   **(Total Hours: 9.70; Total Fees: $3,941.50)**

25.   Among other services provided in this category during the Monthly Application Period, LRC monitored activity in the numerous appeals filed with regard to the Court's rulings regarding confirmation of the DCL Plan. LRC also reviewed and analyzed various notices and

other papers regarding post-confirmation matters such as distributions to creditors and the anticipated occurrence of the Effective Date of the DCL Plan.

## COMPENSATION REQUESTED—PRE-EFFECTIVE PERIOD

26.    LRC expended 698.00 hours during the Monthly Application Period in furtherance of its efforts on behalf of the Committee.  LRC requests allowance of compensation in the amount of $234,383.00 for legal services rendered during the Monthly Application Period at a blended hourly rate of $335.79.

27.    Further, LRC expended 24,552.90 hours during the Pre-Effective Period in furtherance of its efforts on behalf of the Committee.  LRC requests final allowance of compensation in the amount of $9,399.775.50[5] for legal services rendered during the Pre-Effective Period at a blended hourly rate of $382.84.

## REIMBURSEMENT OF EXPENSES

28.    During the Monthly Application Period, LRC incurred certain necessary expenses in rendering legal services to the Committee as set forth in Exhibit "C."  Telecopying services completed in-house by LRC were charged at $1.00 per page for outgoing facsimiles only.  LRC represents that its rate for duplication is $0.10 per page, consistent with the Local Rules and Guidelines.  In order to more efficiently handle the voluminous copying of pleadings served and filed in these cases, LRC on occasion retained third-party duplication service providers.  LRC seeks reimbursement only for the actual expenses charged by such third-party service providers.  Additionally, LRC seeks reimbursement for computer assisted research, which is the actual cost of such charges.

---

5 The amount of final compensation sought by LRC is equal to the sum of all fees previously approved by this Court for LRC's First Interim Fee Application Request through the Fourteenth Interim Fee Application Request, plus the fees requested by LRC in its Fifteenth Interim Fee Application Request, Sixteenth Interim Fee Application Request and Forty-Eighth Monthly Fee Application.

29.    In addition thereto, LRC seeks reimbursement for the actual costs related to the duplication and service of the Fourth Amended Complaint in the LBO Action, which is more than 300 pages in length, upon thousands of domestic and foreign defendants.  LRC is seeking only the actual cost of the charges incurred with regard to such expenses.

30.    Additionally, LRC is seeking the reimbursement of the actual cost associated with the hours billed by a data management specialist who assists LRC in connection with the LBO Action.  Specifically, this specialist creates and maintains extensive databases that track tens of thousands of events and litigation data points such as document requests, subpoenas, service of process, service of notices, and returns of service and other responsive communications regarding the tens of thousands of defendants who are or have previously been named in the LBO Action.

31.    LRC seeks reimbursement for its reasonable, necessary and actual expenses incurred during the Monthly Application Period in the amount of $118,011.77.

32.    LRC further seeks final approval of all expenses incurred during the Pre-Effective Period in the amount of $1,739,832.76[6].

## POST-EFFECTIVE PERIOD

33.    LRC seeks compensation for professional services rendered during the Post-Effective Period in the amount of $70,857.00 (which includes an estimate of $30,000 for future services, as detailed below) and reimbursement of actual and necessary expenses incurred in connection with the rendition of services during the Post-Effective Period in the amount of $1,740.09. These fees and expenses are incurred pursuant to Section 15.2 of the DCL Plan which

---

6 The amount of final expense reimbursement sought by LRC is equal to the sum of all expenses previously approved by this Court for LRC's First Interim Fee Application Request through the Fourteenth Interim Fee Application Request, plus the expenses requested by LRC in its Fifteenth Interim Fee Application Request, Sixteenth Interim Fee Application Request and Forty-Eighth Monthly Fee Application.

provides, in relevant part, that the appointment of the Committee shall terminate on the Effective

Date,

> except that the Creditors Committee shall continue in existence after the
> Effective Date for the sole purposes of preparing and prosecuting
> applications for the payments of fees and reimbursement of expenses and
> evaluating the reasonableness of fees payable under Section 9.1, solely to
> the extent in the interests of unsecured creditors generally. As to post-
> emergence matters and issues covered by this Section, the [Committee's]
> attorneys . . . shall continue to be compensated and reimbursed for their
> reasonable and documented expenses after the Effective Date pursuant to
> the procedures set forth in the Fee Procedures Orders as though the
> Effective Date had not occurred . . . . [although] the Bankruptcy Court-
> appointed fee examiner shall not apply to the reimbursement of fees and
> expenses pursuant to this Section 15.2.

34.      The Post-Effective Period fee and expense statement detail is attached hereto as

Exhibit D. The statement contains daily time logs describing the time spent by each attorney and

paraprofessional for this period. In addition, fees requested for the Post-Effective Period include

an estimate of $30,000.00 for future services and expenses incurred. LRC has proposed these

estimates to compensate it for the additional time and expenses involved in reviewing and

responding to future fee examiner reports, holding related discussions and attending a final

hearing on this Application.    (Should substantial additional activities be required to be

undertaken by LRC that were not contemplated by this estimate, LRC reserves the right to file a

supplemental request for allowance and reimbursement.)   LRC believes that such estimating is

an appropriate and reasonable approach to addressing the final activities that the DCL Plan tasks

LRC with completing and for which LRC is entitled to be compensated.

## LEGAL STANDARD

35.      Bankruptcy Code Section 330(a)(1) allows the payment of:

> (A)    reasonable compensation for actual, necessary
> services rendered by the trustee, examiner,
> professional person, or attorney and by any

> paraprofessional person employed by any such
> person; and

(B)      reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).  Reasonableness of compensation is driven by the "market-driven approach" which considers the nature, extent and value of services provided by the professional and the cost of comparable services in non-bankruptcy contexts.  See Zolfo Cooper & Co. v. Sunbeam-Oster Co., 50 F.3d 253, 258 (3d Cir. 1995); In re Busy Beaver Bldg. Ctr., Inc., 19 F.3d 833, 849 (3d Cir. 1994).  Thus, the "baseline rule is for firms to receive their customary rates." Zolfo Cooper, 50 F.3d at 259.

36.      In accordance with its practices in non-bankruptcy matters, LRC has calculated its compensation requested in this Application by applying its standard hourly rates.  LRC's calculation is based upon hourly rates that are well within the range of rates that are charged by comparable firms in similar bankruptcy cases.  Accordingly, LRC's rates should be determined to be reasonable under Bankruptcy Code Section 330.

37.      LRC's fees during the Final Application Period are also reasonable under the prevailing legal standard and should be allowed.  The amount of these fees is not unusual given the complexity and size of the Debtors' chapter 11 cases.  LRC's fees are commensurate with fees that other attorneys of comparable experience and expertise have charged and been awarded in similar chapter 11 cases.  Accordingly, LRC's fees are reasonable pursuant to Bankruptcy Code Section 330.

38.      Bankruptcy Code Section 330(a)(1)(B) permits reimbursement for actual, necessary expenses.  LRC's legal services and expenses incurred during the Final Application Period are set forth in this Application and constitute only those necessary expenses that were

incurred for the benefit of the Debtors' estates. LRC has properly requested reimbursement of only actual, necessary and appropriate legal expenses.

39.    Except as permitted by Rule 2016 of the Federal Rules of Bankruptcy Procedure, no agreement or understanding exists between LRC and/or any third person for the sharing or division of compensation. All of the services for which compensation is requested in this Application were rendered at the request of and solely on behalf of the Committee.

40.    Pursuant to the standards set forth in Bankruptcy Code Sections 330 and 331, LRC submits that the compensation requested is for actual and necessary services and expenses, and is reasonable, based upon the nature, extent and value of such services, the time spent thereon, and the costs of comparable services in a case under the Bankruptcy Code.

41.    The time records attached to this Application constitute only a general statement of the services rendered and time expended without description of the pressure and constraints under which LRC actually rendered these services. The considerable challenges of these cases have been attended to and managed by LRC at all levels, promptly, expertly and often to the exclusion of other matters in LRC's office. LRC submits, therefore, that its fees and expenses were actually, necessary, reasonable and justified, and should be allowed in full.

## NOTICE AND NO PRIOR APPLICATION

42.    No trustee has been appointed in these chapter 11 cases. Notice of this Application has been given to: (a) Co-counsel to the Debtors; (b) the UST; (c) John Theil, c/o Stuart Maue; (d) Co-counsel to Barclays Bank PLC; (e) Co-counsel to the Administrative Agent for the Prepetition Lenders; and (f) all parties required to be given notice in the Administrative Order. In light of the nature of the relief requested herein, LRC submits that no further or other notice is required.

43.    No previous application for the relief sought herein has been made to this or any other Court.

WHEREFORE, LRC respectfully requests that this Court issue and enter an order (i) authorizing compensation in the amount of $9,470,632.50 for professional services rendered and reimbursement of actual and necessary expenses incurred in connection therewith in the amount of $1,741,572.85 during the Final Application Period; (ii) authorizing and directing the Debtors to remit payment to LRC as set forth herein, less all amounts previously paid on account of such fees and expenses; and (ii) granting such other and further relief as this Court deems just and proper.

Dated: March 1, 2013
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Jeffrey R. Drobish (No. 5437)
919 Market Street, Suite 1800
Wilmington, Delaware  19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450

_Co-Counsel to the Official_
_Committee of Unsecured Creditors_