## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |
| | **Objection Deadline: March 21, 2013 at 4:00 p.m.**<br>**Hearing Date: TBD** |

**THIRTY-NINTH MONTHLY AND FINAL FEE APPLICATION OF
SEYFARTH SHAW LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION
FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS
EMPLOYMENT LITIGATION COUNSEL TO THE DEBTORS AND DEBTORS IN
POSSESSION FOR THE MONTHLY PERIOD OF DECEMBER 1, 2012 THROUGH
DECEMBER 31, 2012 AND THE FINAL FEE PERIOD OF
<u>OCTOBER 1, 2009 THROUGH DECEMBER 31, 2012</u>**

| | |
|---|---|
| Name of Applicant: | **Seyfarth Shaw LLP** |
| Authorized to Provide<br>Professional Services as Employment<br>Litigation Counsel to: | **Debtors** |

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

| | |
|---|---|
| Date of Professional Retention: | **January 25, 2010, *nunc pro tunc* to December 1, 2009[2]** |
| Period for Which Monthly Compensation and Reimbursement is Sought: | **December 1, 2012 through December 31, 2012** |
| Amount of compensation sought as actual, reasonable and necessary: | **$20,039.65** |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary | **$ 2,028.62** |
| Period for Which Final Compensation and Reimbursement is Sought: | **December 8, 2008 through December 31, 2012** |
| Amount of compensation sought as actual, reasonable and necessary: | **$3,649,390.85** |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary | **$ 140,452.13** |

This is a(n):    __X__ monthly    _____ interim    __X__ final application

Requested Payment Amount for the Thirty-Ninth Monthly Fee Period:

| | |
|---|---|
| Fees at 80% | **$16,031.72** |
| Expenses at 100% | **$ 2,028.62** |

---

[2] Prior to the entry of the Retention Order, Seyfarth rendered legal services for the Debtors for the period covering October 1, 2009 through November 30, 2009, as an Ordinary Course Professional, and the fees and expenses incurred for such services are included in the Final Fee Application herein.

### Prior Quarterly Fee Applications

| Quarter | Date Filed | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|---|
| | | | Fees | Expenses | Fees | Expenses |
| 1. | 4/22/10 | 10/1/09 - 1/31/09 | $174,768.55 | $6,971.75 | $174,329.15 | $7,049.75 |
| 2. | 4/22/10 | 12/1/09 - 2/28/10 | $313,576.65 | $12,061.41 | $311,061.35 | $12,061.41 |
| 3. | 7/21/10 | 3/1/10 - 5/31/10 | $308,348.10 | $8,346.40 | $306,129.10 | $8,285.46 |
| 4. | 10/15/10 | 6/1/10 - 8/31/10 | $184,455.50 | $7,854.00 | $166,072.45 | $7,758.88 |
| 5. | 01/14/11 | 9/1/10 - 11/31/10 | $187,099.65 | $12,677.12 | $186,706.65 | $12,548.72 |
| 6. | 4/18/11 | 12/1/10 - 2/28/11 | $311,810.40 | $10,861.87 | $311,608.40 | $10,815.56 |
| 7. | 7/14/11 | 3/1/11 - 5/31/11 | $480,842.10 | $21,350.00 | $478,666.60 | $21,211.93 |
| 8. | 10/14/11 | 6/1/11 - 8/31/11 | $425,026.40 | $11,993.86 | $423,769.90 | $11,980.86 |
| 9. | 1/13/12 | 9/1/11 - 11/30/11 | $306,184.05 | $11,458.44 | $305,261.55 | $14,311.79 |
| 10. | 4/13/12 | 12/1/11 - 2/29/12 | $220,075.50 | $5,415.87 | $200,171.80 | $5,415.87 |
| 11. | 7/7/12 | 3/1/31 - 5/1/31 | $302,877.15 | $11,458.44 | $302,588.60 | $11,458.44 |
| 12. | 10/18/12 | 6/1/12-8/31/12 | $272,685.30 | $5,260.71 | Pending | Pending |
| 13. | 1/11/13 | 9/1/12-11/30/12 | $190,300.35 | $10,264.13 | Pending | Pending |

### Prior Monthly Fee Applications

(The 1st and 2nd Monthly Applications are pursuant to retention as Ordinary Course Professional)

| Application | Date Filed | Period Covered | Requested Fees (80%/Expenses 100%) | Authorized Fees (80%/Expenses 100%) |
|---|---|---|---|---|
| 1st | 11/25/09 | 10/1/09 – 10/31/09 | $99,580.00/$1,516.15 | $99,580.00/$1,516.15 |
| 2nd | 1/25/10 | 11/1/09 – 11/30/09 | $73,156.05/$6,104.99 | $73,156.05/$6,104.99 |
| 3rd | 3/18/10 | 12/1/09 – 12/31/09 | $76,327.56/$4,631.98 | $76,327.56/$4,631.98 |
| 4th | 3/18/10 | 1/1/09 - 1/31/09 | $170,504.00/$2,138.26 | $170,504.00/$2,138.26 |
| 5th | 4/16/10 | 2/1/10 - 2/28/10 | $51,770.88/$3,639.94 | $51,770.88/$3,639.94 |
| 6th | 7/21/10 | 3/1/10 - 3/31/10 | $65,184.48/$2,576.54 | $65,184.48/$2,576.54 |
| 7th | 7/21/10 | 4/1/10 - 4/30/10 | $91,239.12/$2,129.92 | $91,239.12/$2,129.92 |
| 8th | 7/21/10 | 5/1/10 - 5/31/10 | $90,254.88/$3,639.94 | $90,254.88/$3,639.94 |
| 9th | 9/28/10 | 6/1/10 - 6/30/10 | $54,318.60/$4,764.48 | $54,318.60/$4,764.48 |
| 10th | 9/28/10 | 7/1/10 - 7/31/10 | $42,801.12/$1,691.74 | $42,801.12/$1,691.74 |
| 11th | 10/8/10 | 8/1/10 - 8/31/10 | $35,688.24/$1,397.78 | $35,688.24/$1,397.78 |
| 12th | 12/2/10 | 9/1/10 - 9/30/10 | $40,642.20/$2,734.56 | $40,642.20/$2,734.56 |
| 13th | 12/2/10 | 10/1/10 - 10/31/10 | $68,541.84/$3,808.29 | $68,541.84/$3,808.29 |
| 14th | 1/14/11 | 11/1/10 - 11/30/10 | $40,495.68/$6,134.27 | $40,495.68/$6,134.27 |
| 15th | 2/10/11 | 12/1/10 - 12/31/10 | $49,191.12/$1,030.68 | $49,191.12/$1,030.68 |
| 16th | 3/18/11 | 1/1/11 - 1/31/11 | $80,465.04/$1,202.14 | $80,465.04/$1,202.14 |
| 17th | 4/6/11 | 2/1/11 - 2/28/11 | $119,792.16/$8,635.04 | $119,792.16/$8,635.04 |
| 18th | 6/14/11 | 3/1/11 - 3/31/11 | $204,991.92/$11,850.21 | $204,991.92/$11,850.21 |

| Application | Date Filed | Period Covered | Requested Fees (80%/Expenses 100%) | Authorized Fees (80%/Expenses (100%) |
|---|---|---|---|---|
| 19th | 6/21/11 | 4/1/11 - 4/30/11 | $99,075.60/$6,943.23 | $99,075.60/$6,943.23 |
| 20th | 7/14/11 | 5/1/11 - 5/31/11 | $80,606.52/$2,556.36 | $80,606.52/$2,556.36 |
| 21st | 8/15/11 | 6/1/11 - 6/30/11 | $120,984.48/$4,597.78 | $120,984.48/$4,597.78 |
| 22nd | 8/26/11 | 7/1/11 - 7/31/11 | $143,994.60/$3,578.13 | $143,994.60/$3,578.13 |
| 23rd | 10/14/11 | 8/1/11 - 8/30/11 | $103,840.92/$3,817.95 | $103,840.92/$3,817.95 |
| 24th | 11/17/11 | 9/1/11 - 9/30/11 | $67,632.48/$3,121.08 | $67,632.48/$3,121.08 |
| 25th | 11/30/11 | 10/1/11 - 10/31/11 | $120,980.88/3,578.84 | $120,980.88/3,578.84 |
| 26th | 1/10/12 | 11/1/11 - 11/30/11 | $56,333.88/7,611.87 | $56,333.88/7,611.87 |
| 27th | 3/1/12 | 12/1/11 - 12/31/11 | $37,376.23/$3,006.60 | $37,376.23/$3,006.60 |
| 28th | 4/9/12 | 1/1/12 - 1/31/12 | $47,675.48/$301.45 | $47,675.48/$301.45 |
| 29th | 4/9/12 | 2/1/12 - 2/28/12 | $94,212.60/$2,107.82 | $94,212.60/$2,107.82 |
| 30th | 5/10/12 | 3/1/12 - 3/30/12 | $91,547.80/$2,096.83 | $91,547.80/$2,096.83 |
| 31st | 6/18/12 | 4/1/12 - 4/30/12 | $79,170.32/$6,367.75 | $79,170.32/$6,367.75 |
| 32nd | 7/13/12 | 5/1/12 - 5/31/12 | $71,584.32/$2,993.86 | $71,584.32/$2,993.86 |
| 33rd | 8/20/12 | 6/1/12 - 6/30/12 | $46,743.64/$1,210.67 | $46,743.64/$1,210.67 |
| 34th | 9/13/12 | 7/1/12 - 7/31/12 | $59,374.40/$832.90 | $59,374.40/$832.90 |
| 35th | 10/9/12 | 8/1/12 - 8/30/12 | $79,219.80/$1,846.77 | $79,219.80/$1,846.77 |
| 36th | 11/13/12 | 9/1/12 - 9/30/12 | $82,604.25/$2,005.92 | $82,604.25/$2,005.92 |
| 37th | 12/17/12 | 10/1/12 - 10/31/12 | $30,706.84/$6,674.84 | $30,706.84/$6,674.84 |
| 38th | 1/9/2013 | 11/1/12-11/30/12 | $55,450.04/$1,583.37 | $55,450.04/$1,583.37 |

**SUMMARY OF PROFESSIONAL FEES**
**FROM DECEMBER 1, 2012 THROUGH DECEMBER 31, 2012**

| Professional | Position, Area of Expertise, Year of Obtaining License to Practice | Hourly Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Jeremy Sherman | Partner<br>Labor & Employment<br>Admitted 1976 | $725.00 | 2.30 | $1,667.50 |
| Jeffrey Ross | Partner<br>Labor & Employment<br>Admitted 1976 | $680.00 | 7.00 | $4,760.00 |
| Noah Finkel | Partner<br>Labor & Employment<br>Admitted 1993 | $575.00 | 2.20 | $1,265.00 |
| Natascha Riesco | Associate<br>Labor & Employment<br>Admitted 2007 | $390.00 | .50 | $195.00 |
| Kyle Petersen | Associate<br>Labor & Employment<br>Admitted 2001 | $385.00 | 2.90 | $1,116.50 |
| Andrew Connor | Paralegal<br>Bankruptcy<br>N/A | $310.00 | 23.60 | $7,316.00 |
| Jennifer McManus | Paralegal<br>Bankruptcy<br>N/A | $290.00 | 6.20 | $1,798.00 |
| Alice Shepro | Case Assistant | $105.00 | 24.10 | $2,530.50 |
| **TOTAL** | | | **68.8** | **$20,648.50** |
| **10% discount** | | | | **$2,064.85** |
| **TOTAL LESS DISCOUNT** | | | | **$18,583.65** |
| **BLENDED RATE** | | | | |
| Lorraine O'Hara | Partner<br>Labor & Employment<br>Admitted 1988 | $455.00 | 3.20 | $1,456.00 |
| | | | 3.20 | $1,456.001,456.00 |
| | | | 72.00 | $20,039.65 |

* Note: L. O'Hara is an exception to the 10% discount due to having a special rate on client/matter 33175-26 and 15827-20.

## COMPENSATION BY PROJECT CATEGORY FOR THE PERIOD
## FROM DECEMBER 1, 2012 THROUGH DECEMBER 31, 2012

| Matter Description | Total Hours | Total Fees |
|---|---|---|
| Tribune - Corporate Labor Relations (36377-01) | 2.00 | $1,450.00 |
| Tribune - Bankruptcy Fee Application (36377-07) | 54.50 | $11,979.00 |
| Tribune - Carolyn Rusin (57634-08) | 3.70 | $1,804.50 |
| Sun-Sentinel Company - Jeanette Zarra (10537-47) | 1.40 | $577.00 |
| Tribune - Thomas Langmyer (11089-39) | 7.00 | $4,760.00 |
| Chicago Tribune Company - Michael Cordits | .20 | $78.00 |
| **TOTAL** | **68.80** | **$20,648.50** |
| **10 % Discount** | | **$2,064.85** |
| | | **$18,583.65** |
| | | |
| Los Angeles Times - Christino Escandon (33175-26)* | 3.20 | $1,456.00 |
| | **3.20** | **$1,456.00** |
| | | |
| **TOTAL** | **72.00** | **$20,039.65** |

**\*NOTE: THIS MATTER HAS SPECIAL RATES IN LIEU OF A 10% DISCOUNT.**

**EXPENSE SUMMARY FOR THE PERIOD**
**DECEMBER 1, 2012 THROUGH DECEMBER 31, 2012**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Long Distance Telephone | | $5.95 |
| Online Research | | $2,015.22 |
| Courier/Messenger | | $7.45 |
| **Total** | | **$2,028.62** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |
| | **Objection Deadline: March 21, 2013 at 4:00 p.m.** |
| | **Hearing Date: TBD** |

**THIRTY-NINTH MONTHLY AND FINAL FEE APPLICATION OF
SEYFARTH SHAW LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION
FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS
EMPLOYMENT LITIGATION COUNSEL TO THE DEBTORS AND DEBTORS IN
POSSESSION FOR THE MONTHLY PERIOD OF DECEMBER 1, 2012 THROUGH
DECEMBER 31, 2012 AND THE FINAL FEE PERIOD OF
OCTOBER 1, 2009 THROUGH DECEMBER 31, 2012**

Seyfarth Shaw LLP ("Seyfarth"), employment litigation counsel for the debtors and

debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively,

the "Debtors"), respectfully submits this application (the "Application") to this Court, pursuant

to (i) sections 328, 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"),

(ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

Court for the District of Delaware (the "Local Rules"), (iv) the Order Establishing Procedure for

Interim Compensation and Reimbursement of Expenses of Professionals and Committee

Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order"), as amended;

and (v) the Order Appointing Fee Examiner and Establishing Related Procedures for

Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee

Application (the "Fee Examiner Order") for the allowance and payment of fees in the amount of

$20,039.65, partially subject to a twenty percent (20%) holdback, and reimbursement of

expenses in the amount of $2,028.62.  In support of the Application, Seyfarth respectfully states

as follows:

**BACKGROUND OF THE CASES**

1.      On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and

certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the

Bankruptcy Code.  An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for

relief under chapter 11 of the Bankruptcy Code on November 12, 2009.  In all, the Debtors

comprise 110 entities.

2.      The Debtors' chapter 11 cases have been consolidated for procedural purposes

only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  (Docket Nos. 43,

2333).

3.      On January 25, 2010, this Court entered the Order Authorizing Debtors to Employ

and Retain Seyfarth Shaw LLP as Special Counsel for Certain Employment Litigation Matters

Pursuant to 11 U.S.C. §§ 327(e) 1107, *nunc pro tunc* to December 1, 2009 (the "Retention

Order").  Prior to the entry of the Retention Order, Seyfarth rendered legal services for the

_____

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

Debtors for the period covering October 1, 2009 through November 30, 2009, as an Ordinary

Course Professional, and the fees and expenses incurred for such services are included the Final

Fee Application herein.

4.      Pursuant to the Retention Order, Seyfarth is authorized to represent the Debtors as

special counsel in connection with litigation matters.

5.      On March 19, 2009, pursuant to Fee Examiner Order, the Court appointed Stuart

Maue as fee examiner (the "Fee Examiner") to act as special consultant to the Court for

professional fee and expense analysis and review, effective nunc pro tunc to February 20, 2009.

(Docket No. 546.)

6.      On July 23, 2012, the Court entered the Order (Docket No. 12074) (the "2012

Confirmation Order") Confirming Fourth Amended Joint Plan of Reorganization for Tribune

Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured

Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan

Chase Bank, N.A. (Docket No. 11354) (the "DCL Plan").

7.      The Effective Date of the Plan occurred on December 31, 2012 (the "Effective

Date").

8.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court

pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought

herein are sections 328, 330, and 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy

Rules, and Rule 2016-2 of the Local Rules.

9.      The Interim Compensation Order and the Fee Examiner Order (together, the "Fee

Orders") provide that all professionals retained in these cases pursuant to sections 327, 328, or

3

1103 of the Bankruptcy Code (the "<u>Case Professionals</u>") must file with the Court and provide to

the Fee Examiner monthly applications for interim allowance of compensation for services

rendered and reimbursement of expenses incurred, together with the applicable time entries and

itemized expenses (the "<u>Monthly Fee Application</u>"). The notice parties specified in the Fee

Orders (the "<u>Notice Parties</u>") have twenty (20) days after service of a Monthly Fee Application to

object to such Monthly Fee Application (the "<u>Objection Deadline</u>"). Upon expiration of the

Objection Deadline, the applicable Case Professional must certify in writing that no objection or

partial objection has been filed with the Court relative to that professional's Monthly Fee

Application, whereupon the Debtors are authorized to pay such professional an amount equal to

the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee

Application or (ii) 80% of the fees and 100% of the expenses not subject to an objection.

10.     Pursuant to the procedures set forth in the Fee Orders, Seyfarth prepared, filed

with the Court, and served upon the Notice Parties and the Fee Examiner Monthly Fee

Applications for the periods commencing October 1, 2009 through and including November 30,

2012, which Monthly Fee Applications are incorporated herein by reference[3]. Seyfarth has

accordingly submitted all of its Monthly Fee Applications for the Debtors' chapter 11 cases.

11.     In addition to the Monthly Fee Applications, beginning with the three - month

period ending February 28, 2009, and each three-month period thereafter, all Case Professionals

were required to file with the Court and serve on the Notice Parties interim applications for

allowance of compensation and reimbursement of expenses of the amounts sought in the

Monthly Fee Applications filed during such period ("<u>Quarterly Fee Application Request</u>").  See

---

[3] The docket numbers of Seyfarth's Monthly Fee Applications are : 2667; 3195; 3755; 3756; 4089; 5091; 5092; 5093; 5833; 5834; 5918; 6711; 6712; 7514; 7896; 8435; 8589; 9244; 9299; 9462;  9660; 9824; 9986; 10252; 10577; 10578; 11063; 11333; 11336; 11590; 11832; 12026; 12306; 12418; 12535;  12721; 12858; and 12997.

Interim Compensation Order at ¶3.  Quarterly Fee Application Requests must include a summary

of the Monthly Fee Applications that are the subject of the request and any other information

requested by the Court or required by the Local Rules. Id.  Seyfarth prepared, filed with the

Court, and served upon the Notice Parties and the Fee Examiner Quarterly Fee Application

Requests for the interim periods commencing October 1, 2009 through and including November

30, 2012, which Quarterly Fee Application Requests are incorporated herein by reference[4].

Seyfarth has accordingly submitted all of its Quarterly Fee Application Requests for the Debtors'

chapter 11 cases.

12.    Section 9.2 of the DCL Plan provides that all Case Professionals must file with

the Court and serve on the Debtors and their counsel, the Fee Examiner, and the Office of the

United States Trustee, final requests for compensation or reimbursement ("Final Fee

Application") not later than sixty (60) days after the Effective Date of the DCL Plan. This

Application represents Seyfarth's Final Fee Application in the Debtors' chapter 11 cases

### RELIEF REQUESTED

13.    Pursuant to the Compensation Order and 331 of the Bankruptcy Code, Seyfarth

seeks interim approval of compensation for professional services rendered, in the amount of

$20,039.65 partially subject to a twenty percent (20%) holdback, and  reimbursement of actual

and necessary expenses incurred, in the amount of $2,028.62 in serving as employment litigation

counsel to the Debtors and Debtors in Possession during the period December 1, 2012 through

December 31, 2012 (the "Application Period").  Additional information as required by Local

Rule 2016-2(c), (d), and (e) relating to the fees and expenses requested herein are provided on

the Summary of Fees and Expenses, attached hereto.

---

[4] The docket numbers of Seyfarth's Quarterly Fee Application Requests are: 4138; 4139; 5094; 5979; 7515; 8692; 9463; 9987; 10620; 11384; 12047; 12592; and 13017.

46429/0001-9303434V1

## ALLOWANCE OF COMPENSATION

14.    Attached hereto as Exhibit A is a detailed itemization, by project category, of all services performed by Seyfarth with respect to these matters from December 1, 2012 through December 31, 2012.

15.    The following is a summary of the activities performed by Seyfarth attorneys and paraprofessionals during the Application Period, organized by project category.

**A.    Tribune - Corporate Labor Relations**

Fees:   $1,450.00          Total Hours: 2.00

16.    During the Application Period, Seyfarth attorneys expended time researching labor issues concerning a contractor performing janitorial work.

**B.    Tribune- Bankruptcy Fee Application (36377-7)**

Fees:   $11,979.00          Total Hours: 54.40

17.    During the Application Period, Seyfarth attorneys expended time (i) preparing, revising and finalizing Seyfarth's Thirty-Fifth, Thirty-Sixth and Thirty-Seventh Monthly Fee Applications; (ii) preparing Seyfarth's Thirteenth Quarterly Fee Application; and (iii) preparing response to the Fee Examiner's Report on Seyfarth's Tenth and Eleventh Quarterly Fee Applications.

**C.    Tribune - Carolyn Rusin (57634-8)**

Fees:   $1,804.50          Total Hours: 3.70

18.    During the Application Period, Seyfarth attorneys expended time negotiating and preparing settlement documentation for the Rusin matter.

**D.**     **Sun-Sentinel Company - Jeanette Zarra (10537-47)**

Fees:   $577.00                Total Hours: 1.40

19.     During the Application Period, Seyfarth attorneys expended time preparing the

bill of costs in the pending case.

**E.**     **Tribune - Thomas Langmyer (11089-39)**

Fees:   $4,760.00             Total Hours: 7.00

20.     During the Application Period, Seyfarth professionals expended time negotiating

and preparing settlement documentation for the Langmyer matter.

**F.**     **Chicago Tribune Company - Michael Cordits (10512-90)**

Fees: $78.00                  Total Hours: .20

21.     During the Application  Period, Seyfarth attorneys expended time tending to

ministerial tasks.

**G.**     **Los Angeles Times - Christino Escandon (33175-26)**

Fees:   $1,456.00             Total Hours: 3.20

22.     During the Application Period, Seyfarth attorneys expended time negotiating and

preparing settlement documentation for the Escandon matter.

<u>**REQUEST FOR FINAL APPROVAL OF COMPENSATION AND**</u>
<u>**REIMBURSEMENT OF EXPENSES**</u>

23.     By this Application, Seyfarth requests final approval of all fees and expenses

incurred by Seyfarth in this case during the Final Fee Period of October 1, 2009 through and

including December 31, 2012 in the amount of $3,649,390.85[5] together with reimbursement for

---

[5] The amount of final compensation sought by Seyfarth is equal to the sum of all fees previously approved by this
Court for Seyfarth's First Quarterly Fee Application Request through the Eleventh Quarterly Fee Application
Request, plus the fees requested by Seyfarth in its Twelfth Quarterly Fee Application Request, Thirteenth Quarterly

7

actual and necessary expenses incurred in the amount of $140,452.13[6]. In support of its request

for the final allowance of all fees and expenses incurred by Seyfarth during the Final Fee Period,

Seyfarth incorporates herein by reference each of its Monthly Fee Applications and Quarterly

Fee Application Requests, together with the certifications of counsel, reports of the Fee

Examiner, and orders of this Court relating to the same. A complete list of such filings is

attached hereto as Exhibit B.

24.    During the Final Fee Period, Seyfarth performed necessary services and incurred

out-of-pocket disbursements for the Debtors and their estates.  As set forth in prior Monthly Fee

Applications, Quarterly Fee Application Requests, and in this Application, in accordance with

the factors enumerated in 11 U.S.C. § 330, approval of the fees requested for the Final Fee

Period is fair and reasonable given (a) the complexity of this case, (b) the time expended by

Seyfarth's professionals and paraprofessionals on behalf of the Debtors and their estates, (c) the

nature and extent of the services rendered, (d) the value of such services to the Debtors and their

estates, and (e) the costs of comparable services other than in a case under this title. In addition,

the out-of-pocket disbursements for which reimbursement is sought were actual, reasonable, and

necessary costs (i) incurred by Seyfarth while representing the Debtors and (ii) of preserving the

value of the Debtors' estates.

---

Fee Application Request, and Thirty-Ninth Monthly Fee Application.

[6] The amount of final expense reimbursement sought by Seyfarth is equal to the sum of all expenses previously
approved by this Court for Seyfarth's First Quarterly Fee Application Request through the Eleventh Quarterly
Fee Application Request, plus the expense reimbursement sought by Seyfarth in its Twelfth Quarterly Fee
Application Request, Thirteenth Quarterly Fee Application Request, and Thirty-Ninth Monthly Fee Application..

## REIMBURSEMENT OF EXPENSES

26.    Included as part of <u>Exhibit A</u> is a description of the costs actually expended by Seyfarth in the performance of services rendered as special employment litigation counsel to the Debtors and Debtors in Possession.  The costs for which reimbursement is requested total $2,028.62.  The breakdown of costs includes online research, long distance telephone and messenger services.

## BASIS FOR RELIEF REQUESTED

27.    Seyfarth serves the Debtors as primary outside employment litigation counsel. Seyfarth customarily performs as employment and labor relations counsel to Debtors in various litigation and adverse matters.

28.    Seyfarth has received no payment and no promises of payment from any source for services rendered in these Chapter 11 cases.  There is no agreement between Seyfarth and any other party for the sharing of compensation to be received for the services rendered by

9

Seyfarth to the Debtors. All professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of the Debtors.

## REVIEW OF APPLICABLE LOCAL RULE

29.    The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with the requirements of Local Rule 2016-2.

## NO PRIOR REQUEST

30.    No previous application with respect to the relief requested herein has been made to this or any other Court.

WHEREFORE, Seyfarth respectfully requests the Court (i) to approve, pursuant to 11 U.S.C. §§ 327, 331, and 503, (a) approval of compensation for professional legal services in the amount of $20,039.65 and reimbursement of expenses incurred in the amount of $2,028.62 for the Thirty-Ninth Monthly Fee Period, and (b) approval of final compensation for professional legal services in the amount of $3,649,390.85 and reimbursement of expenses incurred in the amount of $140,452.13 for the Final Fee Period, (ii) to authorize the payment of such amounts by the Debtors to Seyfarth, less any amounts previously paid to Seyfarth for the periods covered by this Application pursuant to the procedures set forth in the Interim Compensation Order and the Fee Examiner Order, and (iii) to grant such further relief as is just and proper.

Dated:  March 1, 2013                              Respectfully submitted,

                                                   Jeremy P. Sherman
                                                   SEYFARTH SHAW LLP
                                                   131 S. Dearborn Street, Suite 2400
                                                   Chicago, IL  60603-5577
                                                   Telephone:  312 460-5901
                                                   Facsimile:  312 460-7901

9

#15120682v1