## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, *et al.*,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objection Date:** March 21, 2013 at 4:00 p.m. <br> **Hearing Date:** *To Be Determined* |

## FINAL APPLICATION OF NOVACK AND MACEY LLP
## FOR COMPENSATION FOR SERVICES RENDERED
## AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL
## TO THE DEBTORS AND DEBTORS IN POSSESSION FOR
## THE PERIOD FROM AUGUST 26, 2010 THROUGH DECEMBER 31, 2012

| | |
|---|---|
| Name of Applicant: | Novack and Macey LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | October 22, 2010 (*nunc pro tunc* to August 26, 2010), as modified on February 25, 2011 (*nunc pro tunc* to November 22, 2010) |

---

[1] The Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

| | |
|---|---|
| Period For Which Final Compensation and Reimbursement Is Sought: | August 26, 2010 through December 31, 2012 |
| Total Amount of Final Compensation Sought As Actual, Reasonable and Necessary: | $128,504.00[2] |
| Total Amount of Final Expense Reimbursement Sought As Actual, Reasonable and Necessary: | $4,120.36 |

This is a(n):   monthly _____        interim _____        final application _____ **X** _____

---

[2] The amount of final fees sought is equal to the sum of all fees previously approved by the Court, plus the fees requested in Novack and Macey's Third Interim Fee Application.

**PRIOR APPLICATIONS:**

| Application | | Requested Fees and Expenses | | Approved and/or Paid Fees and Expenses | | Holdback Requested |
|---|---|---|---|---|---|---|
| Date Filed (DI No.) | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses | Requested Fees |
| 2/18/11 DI 8066[1] | 8/26/10 - 11/30/10 | $100,327.50 | $3,474.28 | $97,638.50 | $3,474.28 | $0.00 |
| 2/18/11 DI 8067 | 12/1/10 - 12/31/10 | $468.00 | $0.00 | | | $0.00 |
| 4/12/11 DI 8630 | 12/1/10 - 12/31/10 | $3,891.00 | $0.00 | | | $0.00 |
| 4/12/11 DI 8631 | 1/1/11 - 1/31/11 | $20,889.00 | $499.69 | | | $0.00 |
| 4/12/11 DI 8632 | 2/1/11 - 2/28/11 | $1,984.50 | $146.40 | | | $0.00 |
| 4/15/11 DI 8675 | 12/1/10 - 2/28/11 | $27,232.50 | $646.09 | $27,232.50 | $646.09 | $0.00 |
| 1/14/13 DI 13046[2] | 9/1/12 - 11/30/12 | $3,633.00 | $0.00 | approval pending | approval pending | $0.00 |
| | | | | | | |
| **TOTAL** | | **$131,193.00** | **$4,120.37** | | | **$0.00** |
| | | | | | | |
| | | | | | | |
| | | | | | | |

---

[1] For this period no monthly fee applications were filed.

[2] For this period no monthly fee applications were filed.

## CUMULATIVE SUMMARY OF BILLING BY PROFESSIONAL
## FOR THE PERIOD AUGUST 26, 2010 THROUGH DECEMBER 31, 2012

| Name of Professional/Individual | Position, Area of Expertise, Year of Obtaining License to Practice | Hourly Billing Rate[1] | Total Hours Billed | Total Compensation (Requested) |
|---|---|---|---|---|
| Stephen Novack | Partner/Litigation/ Admitted in 1972 | $650 | 29.70 | $19,305.00 |
| | | $325 (Travel Time Rate) | 8.10 | $2,632.50 |
| Donald A. Tarkington | Partner/Litigation/ Admitted in 1983 | $520 | 92.2 | $47,944.00 |
| | | $260 (Travel Time Rate) | 13.00 | $3,380.00 |
| | | $270 (Travel Time Rate) | 4.0 | $1,080.00 |
| | | $540 | 23.5 | $12,690.00 |
| | | $555 | 2.8 | $1,554.00 |
| Julie Johnston-Ahlen | Associate/Litigation/ Admitted in 2002 | $315 | 57.6 | $18,144.00 |
| Adam T. Waskowski | Associate/Litigation/ Admitted in 2004 | $295 | 51.1 | $15,074.50 |
| Rebekah H. Parker | Associate/Litigation/ Admitted in 2005 | $260 | 14.7 | $3,822.00 |
| Josh Seib | Legal Assistant/Litigation | $165 | 9.0 | $1,485.00 |
| | | | | |
| **TOTAL:** | | | **305.7** | **$127,111.00** |
| **AVERAGE HOURLY RATE:** | | | **$415.80** | |

---

[1] All hourly rates are adjusted by Novack and Macey LLP on an annual basis.

**EXPENSE SUMMARY FOR THE PERIOD**
**AUGUST 26, 2010 THROUGH DECEMBER 31, 2012**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Air Transportation | | $1,845.50 |
| Document Production | | |
| Photocopying (1,464 pages @ $.10/page) | | $146.40 |
| Court Costs | | |
| Document Delivery Services | | |
| Document Services | | |
| Filing Fees | | |
| Car Services/Taxis/Parking | | $923.00 |
| Meals Out-of-Town | | $2.99 |
| Meals | | $17.44 |
| Messenger Services | | |
| Professional Services/Specialists | | |
| Publications | | |
| Search Services | | |
| Telephone Tolls | | |
| Travel/Lodging | | $214.92 |
| Legal Research | | $973.11 |
| | | |
| **TOTAL:** | | **$4,123.36** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, *et al.*,[3] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objection Date: March 21, 2013 at 4:00 p.m.**<br>**Hearing Date:** *To Be Determined* |

### FINAL APPLICATION OF NOVACK AND MACEY LLP
### FOR COMPENSATION FOR SERVICES RENDERED
### AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL
### TO THE DEBTORS AND DEBTORS IN POSSESSION FOR
### THE PERIOD FROM AUGUST 26, 2010 THROUGH DECEMBER 31, 2012

Novack and Macey LLP ("Novack and Macey"), special counsel for Tribune Company

and the affiliated companies that filed voluntary petitions for relief in the above-captioned

chapter 11 cases (collectively, the "Debtors"), respectfully submits this final fee application (the

"Application") pursuant to: (i) sections 327, 331, and 503 of title 11 of the United States Code

(the "Bankruptcy Code"); (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

---

[3] The Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

"Bankruptcy Rules"); (iii) Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"); (iv) the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Interim Compensation Order"), as amended; and (v) the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications (the "Fee Examiner Order"), for allowance of final compensation for professional legal services rendered and reimbursement of actual and necessary expenses incurred for the period from August 26, 2010 through December 31, 2012 (the "Final Compensation Period").    In support of the Application, Novack and Macey respectfully states as follows:

1.       On December 8, 2008 (the "Petition Date"), Tribune Company and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC (f/k/a Chicago National League Ball Club, LLC) ("Tribune CNLBC"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.[4]  In all, the Debtors comprise 112 entities.

2.       The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  [Docket Nos. 43, 2333.]

3.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court

---

[4]  All orders of the Court applicable to this Application have subsequently been extended to Tribune CNLBC.  (See Order Directing (I) Joint Administration of Chapter 11 Cases and (II) that Certain Orders and Other Pleadings Entered or Filed in the Chapter 11 Cases of Tribune Company, *et al.* be made applicable to the Chapter 11 Case of Chicago National League Ball Club, LLC (entered Oct. 14, 2009) (the "CNLBC Joint Administration Order").  [Docket No. 2333.]

pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327, 331 and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

4.      On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee").

5.      On March 19, 2009, the Court appointed Stuart Maue as fee examiner (the "Fee Examiner") to act as special consultant to the Court for professional fee and expense analysis and review, effective *nunc pro tunc* to February 20, 2009. [Docket No. 546.]

6.      On October 22, 2010, this Court entered the Consent Order on Debtors' Application for an Order Authorizing Debtors and Debtors In Possession to Employ and Retain Novack and Macey LLP as Special Counsel Pursuant to 11 U.S.C. §§ 327(e) and 1107, *Nunc Pro Tunc* to August 26, 2010 (the "Initial Retention Order"). [Docket No. 6087.] The Initial Retention Order authorizes the employment and retention of Novack and Macey (*nunc pro tunc* to August 26, 2010) as special counsel for the purposes of, among other things, advising the Debtors regarding certain Morgan Stanley claims.

7.      Specifically, the Initial Retention Order provides that the Debtors are authorized to retain Novack and Macey for the purposes of: (i) advising the Debtors as to certain Morgan Stanley claims; (ii) representing the Debtors in the bankruptcy proceedings with respect to any matters involving Morgan Stanley (except as otherwise provided in the Initial Retention Order); and (iii) if and to the extent the Debtors instruct Novack and Macey to do so from time to time, cooperating with counsel for the Committee in connection with the Committee's assertion of claims against Morgan Stanley.

46429/0001-9305115v1

8.     The Initial Retention Order also states that the retention of Novack and Macey by the Debtors shall not extend to commencement or prosecution of litigation of any Morgan Stanley claims, whether by way of an adversary proceeding in the bankruptcy cases or otherwise.

9.     On February 25, 2011, this Court entered the Order Modifying the Scope of the Debtors' Retention of Novack and Macey LLP to Include Services Relating to the Prosecution of Certain Avoidance Actions Pursuant to 11 U.S.C. § 327(a), *Nunc Pro Tunc* to November 22, 2010 (the "Modified Retention Order").   [Docket No. 8147.]   The Modified Retention Order authorizes the employment and retention of Novack and Macey (*nunc pro tunc* to November 22, 2010) as special counsel for the purposes of, among other things, the filing and prosecution of three avoidance actions (the "Avoidance Actions").

10.     The Avoidance Actions relate to three entities:  Epsilon Data Management LLC, Navigant Consulting Inc. and Nixon Peabody LLP.

11.     The Modified Retention Order expanded the scope of Novack and Macey's representation of the Debtors, but did not otherwise modify the Initial Retention Order.

12.     The Interim Compensation Order and the Fee Examiner Order (together, the "Fee Orders"), provide that professionals retained in these cases pursuant to section 327, 328 or 1103 of the Bankruptcy Code (the "Case Professionals") may request interim fees by filing with the Court and providing to the Fee Examiner monthly applications for interim allowance of compensation for services rendered and reimbursement of expenses incurred, together with the time entries and itemized expenses.  The notice parties specified in the Fee Orders (the "Notice Parties") have twenty (20) days after service of a monthly application to object to such application (the "Objection Deadline").   Upon expiration of the Objection Deadline, the applicable Case Professional must certify in writing to the Debtors that no objection or partial

objection (as applicable) has been filed with the Court relative to that professional's monthly application, whereupon the Debtors are authorized to pay such professional an amount equal to the lesser of: (i) 80% of the fees and 100% of the expenses requested in the monthly application; or (ii) 80% of the fees and 100% of the expenses not subject to an objection.

13.    In addition to monthly fee applications, beginning with the three-month period ending February 28, 2009, and each three-month period thereafter, all Case Professionals are generally required to file with the Court and serve on the Notice Parties interim applications for allowance of compensation and reimbursement of expenses of the amounts sought in the monthly applications filed during the period.

14.    On July 23, 2012, the Court entered an Order [Docket No. 12074] confirming a plan of reorganization [Docket No. 12072] (the "DCL Plan"). The Effective Date of the DCL Plan occurred on December 31, 2012. [Docket No. 12939.]

15.    Pursuant to the procedures set forth in the Fee Orders, Novack and Macey prepared and filed with the Court, and properly served, three quarterly/interim fee applications, three monthly fee applications and one supplemental monthly fee application, all of which are incorporated herein by reference.[5]

16.    Novack and Macey hereby submits to this Court its final fee Application in the Cases, pursuant to Section 9.2 of the DCL Plan.

## RELIEF REQUESTED

17.    By this Application, Novack and Macey respectfully requests final allowance and award of compensation for professional services rendered by Novack and Macey as special

---

[5] The docket numbers of Novack and Macey's fee applications are: 8066, 8067, 8630, 8631, 8632, 8675 and 13046.

46429/0001-9305115v1

counsel to the Debtors during the Final Compensation Period, in the amount of $128,504.00[6], together with reimbursement for actual and necessary expenses incurred in the amount of $4,120.36.

18.    A summary of all previous fee applications is attached hereto as Exhibit A.

19.    A summary of total hours billed by each Novack and Macey professional and paralegal is attached hereto as Exhibit B.

20.    In support of its request for the final allowance of all fees and expenses incurred during the Final Compensation Period, Novack and Macey incorporates herein by reference each of its previous fee applications, together with the certifications of counsel, reports of the Fee Examiner and orders of this Court relating to the same.

21.    During the Final Compensation Period, Novack and Macey performed necessary services and incurred out-of-pocket disbursements for the Debtors and their estates.  The legal services provided by Novack and Macey during the Final Compensation Period were performed in a highly efficient manner by skilled attorneys and paralegals.  As set forth in Novack and Macey's prior fee applications, in accordance with the factors enumerated in 11 U.S.C. §330, approval of the fees requested for the Final Compensation Period is fair and reasonable given the complexity of the Cases and the work performed, the time expended by Novack and Macey's professionals and paralegals, the nature and extent of the services rendered, the value of such services to the Debtors and their estates and the costs of comparable services other than in a case under this title.

---

[6] The amount of final fees sought is equal to the sum of all fees previously approved by the Court, plus the fees requested in Novack and Macey's Third Interim Fee Application.

22.    Attached hereto as Exhibit C is a summary of the expenses incurred during the Final Compensation Period, in the amount of $4,120.36. The expenses for which final approval is requested were actual, reasonable and necessary costs incurred by Novack and Macey while representing the Debtors.[7]

23.    Novack and Macey has received no payment and no promises of payment from any source other than the Debtors for services rendered in these chapter 11 cases. There is no agreement between Novack and Macey and any other party for the sharing of compensation to be received for the services rendered by Novack and Macey in these chapter 11 cases. All professional services for which compensation is sought herein were rendered solely on behalf of the Debtors in these cases.

## REVIEW OF APPLICABLE LOCAL RULE

24.    Novack and Macey has reviewed the requirements of Local Rule of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware 2016-2 and asserts that this application substantially complies with the same. See Affidavit of Julie Johnston-Ahlen, attached hereto as Exhibit D.

---

[7] It appears that Novack and Macey was previously over-reimbursed for its out-of-pocket expenses in the amount of $0.01.

46429/0001-9305115v1

## NOTICE

25.    Notice of this Application has been served upon the Notice Parties specified in the Fee Orders.  In accordance with the terms of the Fee Orders, Novack and Macey respectfully submits that no other or further notice is required.

WHEREFORE, Novack and Macey respectfully requests that the Court:  (i) grant the Application and approve compensation in the amount of $128,504.00 for professional services rendered and  $4,120.36 for reimbursement of actual and necessary costs for the Final Compensation Period; (ii) authorize and direct the payment of any unpaid amounts by the Debtors to Novack and Macey; and (iii) grant such further relief as is just and proper.

Dated: March 1, 2013

Respectfully submitted,

By: _____

NOVACK AND MACEY LLP
Stephen Novack
Donald A. Tarkington
100 N. Riverside Plaza
Chicago, Illinois 60606
Phone:  (312) 419-6900
Facsimile:  (312) 419-6928
Email:    *snovack@novackmacey.com*
            *dtarkington@novackmacey.com*

SPECIAL  COUNSEL  TO  DEBTORS  AND DEBTORS IN POSSESSION

8