# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 Cases |
| | ) |
| TRIBUNE COMPANY, *et al.*, | ) Case No. 08-13141 (KJC) |
| | ) (Jointly Administered) |
| Debtors. | ) **Objection Deadline: March 21, 2013 at 4:00 p.m.** |
| | ) **Hearing Date: April 17, 2013 at 11:00 a.m.** |

**MOTION OF WILMINGTON TRUST COMPANY FOR
AUTHORIZATION TO SEAL EXHIBITS L AND M TO ITS APPLICATION FOR
ALLOWANCE OF CLAIM UNDER 11 U.S.C. §§ 503(b)(3)(D) AND 503(b)(4) IN
CONNECTION WITH WILMINGTON TRUST COMPANY'S MOTION
REQUESTING THE APPOINTMENT OF AN EXAMINER AND WILMINGTON
TRUST COMPANY'S PARTICIPATION IN EXAMINER'S INVESTIGATION
AND GRANTING WAIVER OF COMPLIANCE WITH DEL.
BANKR. L.R. 2016-2(d) IN ACCORDANCE WITH DEL. BANKR. L.R. 2016-2(g)**

Wilmington Trust Company ("Wilmington Trust"), as Successor Indenture Trustee for the $1.2 Billion Exchangeable Subordinated Debentures Due 2029, respectfully submits this motion (the "Motion to Seal"), pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), seeking entry of an Order authorizing it to file under seal exhibits L and M to its *Application for Allowance of Claim Under 11 U.S.C. §§ 503(b)(3)(D) and 503(b)(4) in Connection with Wilmington Trust Company's Motion Requesting the Appointment of an Examiner and Wilmington Trust Company's Participation in Examiner's Investigation and Granting Waiver of Compliance with Del. Bankr. L.R. 2016-2(d) in Accordance with Del. Bankr. L.R. 2016-2(g)* [Docket No. 13272] (the "Substantial Contribution Application"). In support of the Motion to Seal, Wilmington Trust respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. §§ 1408 and 1409(a).

2. The statutory predicates for the relief requested herein are Bankruptcy Code sections 107(b), Bankruptcy Rule 9018, and Local Rule 9018-1(b).

## RELIEF REQUESTED

3. On March 1, 2013, Wilmington Trust filed exhibits L and M to its Substantial Contribution Application in redacted form.[1] As noted in footnotes 55 and 57 of the Application, portions of exhibits L and M may contain information that is covered by the Document Depository Order [D.I. 2858], which is information designated as confidential by the parties in this case.

4. Wilmington Trust files this Motion to Seal requesting that the Court grant it permission to file under seal exhibits L and M to the Substantial Contribution Motion.

## BASIS FOR RELIEF REQUESTED

5. Section 107(b) of the Bankruptcy Code provides this Court with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain information. The section provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information….

---

[1] Exhibit L consists of the Examiner Briefs and Reply Briefs of the Debtors, JPMorgan, Oak Tree, Angelo Gordon, Wells Fargo, and other parties. See Footnote 55 to the Substantial Contribution Application. Exhibit M is Wilmington Trust's comments to the Debtors' Draft Fact Statement. See Footnote 59 to the Application.

11 U.S.C. § 107(b). Rule 9018 of the Bankruptcy Rules sets forth the procedures by which a party may move for relief under section 1107(b), providing that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information…." Fed. R. Bankr. P. 9018. Local Rule 9018-1(b) additionally provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(b).

6. As set forth above, exhibits L and M to the Substantial Contribution Motion likely include information designated as confidential by the parties to this case. Accordingly, Wilmington Trust respectfully requests the entry of an order permitting it to file the exhibits L and M under seal.

## NOTICE

7. Notice of this Motion to Seal has been given to the parties entitled to service of Wilmington Trust's Substantial Contribution Application to which this Motion relates. In light of the nature of the relief requested, Wilmington Trust submits that no further or other notice is required.

## NO PRIOR REQUEST

8. No prior motion for relief requested herein has been made to this or any other Court.

**CONCLUSION**

WHEREFORE, Wilmington Trust respectfully requests the Court enter an Order substantially in the form attached hereto as "Exhibit A" granting Wilmington Trust authority to file exhibits L and M to the Substantial Contribution Motion under seal, and granting such other and further relief as the Court may deem just and proper.

Date:  March 1, 2013
Wilmington, Delaware

**SULLIVAN • HAZELTINE • ALLINSON** LLC

*/s/ William D. Sullivan*
William D. Sullivan (Del. Bar No. 2820)
William A. Hazeltine (Del. Bar No. 3476)
Elihu E. Allinson (Del. Bar No. 3476)
4 East 8th Street, Suite 400
Wilmington, DE 19801
Telephone:  (302) 428-8191
Facsimile: (302) 428-4195
Email: bsullivan@sha-llc.com
Email: zallinson@sha-llc.com

-and-

BROWN RUDNICK LLP
Robert J. Stark, Esq.
Martin S. Siegel, Esq.
Gordon Z. Novod, Esq.
Katherine S. Bromberg, Esq.
Seven Times Square
New York, New York 10036
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801
Email: rstark@brownrudnick.com
Email: msiegel@brownrudnick.com
Email: gnovod@brownrudnick.com
Email: kbromberg@brownrudnick.com

*Counsel to Wilmington Trust Company, as Successor Indenture Trustee for the $1.2 Billion Exchangeable Subordinated Debentures Due 2029, Generally Referred to as the PHONES*