IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                              Chapter 11

TRIBUNE COMPANY, et al.,                            Case No. 08-13141 (KJC)

    Reorganized Debtors.                          Jointly Administered

---

### OBJECTION BY JERRELL BIRDWELL TO RECLASSIFICATION OF HIS CLAIM AND TO ASSUMPTIONS USED IN CALCULATING THE LIQUIDATED RETIREMENT AMOUNT

Jerrell W. Birdwell, claimant No. 4417, objects to the settlement amount and requests a re-calculation and reconsideration of the Birdwell claim amount to conform it with the intent and objective of the original retirement plan signed by Gene Autry. The settlement amount offered appears to be miscalculated and works an inequitable hardship on the Birdwells given that this claim represents their life's work and over 20 years of service to KTLA.

The Birdwell claim was based on a "Letter of Agreement" signed by Gene Autry, the Chairman of the Board of Golden West Broadcasters, to provide for continuation of salary benefits for Jerry Birdwell's life, as well as his wife's life after his death. Mr. Birdwell received an annual retirement sum of $13,638.56 a year for 20 years until this income stream was interrupted by the bankruptcy. This retirement plan was attached as KTLA 08-18183, Schedule F of the Debtors Assets and Liabilities of April 19, 2009. Birdwell asserted a timely filed priority claim on June 8, 2009, for $235,265.18. Attached at Ex. 1. The Birdwell claim has been recently re-classified as "Similar Retiree Claims," modified to an "unsecured" claim, and the amount reduced to $104,774.73. See Motion for Order Authorizing the Reorganized Debtors to Liquidate Claims of Certain Retirees, dated February 11, 2013 (Exhibit B), and the supporting Declaration of Brian Whittman, dated February 11, 2013. The Birdwells contacted counsel with Sidley and Austin (Debtor's Counsel) on February 9, 2013 to seek the rationale for why the claim amount was reduced. Debtor's Counsel acknowledged on March 1, 2013 that her understanding is that the revised Birdwell claim does not reflect a spousal benefit for Elizabeth J. Birdwell, but that they did not yet have a revised amount available for review. Despite this apparent acknowledgment that their claim was mistakenly calculated, though the Birdwells are encouraged that mistakes may now be under review, as of the time of posting this objection, the Birdwells have been provided no support to justify the methodology applied for the current

1

meager award computation, nor have they been provided the comfort of a more sensible result.

Accordingly, the Birdwells object to the Debtors proposed settlement amount, as applicable to them, on the following grounds:

1. **The Debtor's Revised Claim Amount is Miscalculated**

The Debtor's revised claim amount of $104,774.73 would represent payments to Jerrell Birdwell for only 3.68 years from the effective date of December 31, 2012.[1] While the Birdwells have been provided little information on any other variables or assumptions that were used in the calculation, the obvious error in the debtor's calculations is evident by simple reference to currently available mortality tables. For example, using IRS Publication 590, applied as of the petition date of December 7, 2008, and using the Birdwells' ages at that time: Jerrell at 79 and Elizabeth at 72, the joint life expectancy was 17.7 years. See Table II, page 105 of IRS Publication 590. Attached at Ex. 2. Using this formula, the proper liquidated claim amount should be:

$13,638.56 annual benefit x 17.7 years is $241,402.51.

Additionally, even using today's annuity tables at his current age of 83, project his current expected life is 6.5 years, and his wife at 76, is 11.9 years. Indeed, the Birdwell's could purchase an annuity today for $156,848 from Metlife. See attached Ex. 3. An annuity amount would represent less than an appropriate amount here because such amounts assume that the insurance company will be making a commercial profit.

Moreover, the debtor's amount is not only contrary to any currently available mortality tables, it also completely fails to account for the fact that both Jerrell and Liz are in outstanding health and will no doubt far outlive any of these assumptions. See Letter from Craig A. Mills, M.D., dated February 26, 2013, the Birdwell's internist for the last 15 years, stating that both Jerrell and Elizabeth should exceed the actuarial life tables, and noting that Elizabeth's mother lived to 95 years and her father lived to 98 years. Attached at Ex. 4.

The Birdwell's claim asserted in 2009 for $235,265.18 was based on valid mortality tables as of that date. The debtor has provided no explanation on why their formula or assumptions are a more relevant or accurate way to value the Birdwell claim than currently available facts, IRS publications and mortality tables.

**Failure to Include a Spousal Benefit**

---

[1] The Birdwells are informed that the Debtors computed the proposed settlement value as of December 7, 2008 (Petition date), and applied the formula referenced in footnote 9 of their Proposed Order, using Jerrell Birdwell's age at petition time (79) in arriving at the $104,774.73 offer in the proposed settlement plan.

2

Another apparent explanation for the debtor's incorrect calculations is their failure to include a spousal benefit. Debtor's counsel seems to acknowledge this oversight in recent correspondence with the Birdwells. Email from Kerriann Mills, dated March 2, 2013 (stating: *"My understanding is that the proposed allowed amount included in the Reorganized Debtors' motion for Mr. Birdwell's claim does not reflect a spousal benefit. I do not have the revised amount reflecting a spousal benefit yet, but will forward that figure, as well as the relevant details, as soon as possible."*). Attached at Ex. 5. Failure to include a spousal benefit would, of course, be completely contrary to the retirement plan provided to the Birdwells and grounds for rejecting the Debtors revised claim amount for the Birdwells. As of the time of posting this Objection, the Birdwells were not provided any additional information, nor a revised amount. While the Birdwells appreciate the efforts underway that would presumably increase the claim amount based on the foregoing factors, they are compelled to file these objections due to the impending deadline.

It is arbitrary and capricious and inequitable to use the debtor's flawed formula to effectively reduce the Birdwell claim by nearly one-half. For this reason, the Birdwell claim should be appropriately and equitably adjusted.

> 2. **The Birdwells Were Assured That Their Claim Had Been Allowed In Full And Thereby Were Not Permitted To Vote On The Earlier Settlement Agreement Terms, As Did The "Initial Retirees," That Are Being Applied To Them Now. This Is Prejudicial To The Birdwell's Claim And Inequitable To Apply To Them.**

On January 10, 2011, Jerry Birdwell wrote to inquire about why he had not received a voting ballot for his claim. The Debtors agent responded that "your claim is an Unimpaired Priority Non-Tax Claim -- Class 1A, which has an estimated recovery of 100%; therefore, are deemed to accept, as noted in the plan." Email from Brittany Whalen, Case Analyst, Epiq Systems Bankruptcy Solutions. Attached at Ex. 6.

The Birdwells relied on this explanation and did not press any further to exercise voting rights or opportunities relating to their claim. The Birdwells learned only in the last few weeks that their claim has been re-classified and reduced. The Birdwells are prejudiced by the sudden reclassification of their claim and the imposition of settlement terms for which they had no opportunity to negotiate or provide input.

> 3. **The Debtors Have Provided No Documentation To Support Their Assumptions Or Calculations of the Birdwell Claim, Making It Impossible For The Birdwells To Review The Basis For The Debtor's Figures.**

3

The Birdwells contacted the debtor's counsel to inquire further about why their claim had been so dramatically reduced. The Birdwells have been provided no satisfactory explanation on why their claim has been re-classified as it is, or for the assumptions or dates that were used in calculating their claim. The Birdwells have been provided no workpapers so that they may review Brian Whittman's calculations and assumptions.

## RELIEF REQUESTED

The Birdwells respectfully request reconsideration of their claim amount to bring it in line with the intent and objective of the original retirement Agreement signed by Gene Autry, and based on current actuarial tables and data on the Birdwell's health, but not less than $241,402.51 which is the amount that is easily calculated using IRS Publication 590 Table II, as of the petition date. Readjusting the Birdwell claim would be equitable, and would not materially alter the aggregate allowed amount of the Retiree claims.

Respectfully Submitted on this 4th day of March, 2013:

_____          _____
Jerrell W. Birdwell                       Elizabeth J. Birdwell
14 Dairy Gap Road                         14 Dairy Gap Road
Asheville, NC 28804                       Asheville, NC 28804
703-573-1110                              703-573-1110

4