**Mills, Kerriann< KMills@sidley.com>**
To: Scott Birdwell <sbirdwell@cox.net>
Cc: jwb14dg@gmail.com, ejb14dg@gmail.com

Fri, Mar 1, 2013 at 8:31 PM

Scott:

I am still following up on a couple of open items, but would like to provide you with an update regarding the status of our review. My understanding is that the proposed allowed amount included in the Reorganized Debtors' motion for Mr. Birdwell's claim does not reflect a spousal benefit. I do not have the revised amount reflecting a spousal benefit yet, but will forward that figure, as well as the relevant details, as soon as possible.

Also, regarding the Merrill Lynch figures, as you may recall, my reference to 2008 was aimed at identifying one of the potential differences between the assumptions used in connection with the calculation that you forwarded and the one included in the Reorganized Debtors' motion -- i.e., the former referencing 2012 and the latter 2008 (which, as I mentioned, is used by the Reorganized Debtors based on the 2008 petition

date). However, as we also discussed, the Reorganized Debtors intend to liquidate all similar retirement-related claims, including Mr. Birdwell's claim, using the formula described in the motion that was filed with the Court, and not Merrill Lynch's figures or the IRS table referenced in the draft objection that you forwarded and refer to in the below email. Accordingly, without commenting on whether the figure you propose below is an accurate calculation under that IRS table (which I have not evaluated for purposes of replying to your email), I would like to again note that for the reasons set forth in the motion, the Reorganized Debtors believe that the use of the formula described in the motion is appropriate.

I understand that you would like to review the revised claim amount and the details showing the application of the formula used by the Reorganized Debtors to Mr. Birdwell's claim as soon as possible, and I certainly hope to be in a position to forward that information on Monday. The details will show that the calculation does not project benefits for only 3.6 years, but instead uses the 2008 417(e) mortality table and the PPA lump sum interest rates in effect for the 2008 plan year to calculate the proposed claim amount. Once you have had a chance to review that information, I am happy to discuss the issue further, including whether there is any additional information that we can provide to further explain the calculation.

Regards,

Kerriann

Exhibit 5