# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE COMPANY, *et al.*, | ) | Case No. 08-13141 (KJC) |
| | ) | Jointly Administered |
| Reorganized Debtors. | ) | **RE. DOCKET NOS. 13210 & 13228** |
| | ) | |

**TIMOTHY P. KNIGHT'S RESPONSE IN OPPOSITION TO LITIGATION TRUSTEE'S MOTION FOR AN OMNIBUS ORDER: (I) AUTHORIZING SUBSTITUTION OF THE LITIGATION TRUSTEE AS PLAINTIFF IN CERTAIN ADVERSARY PROCEEDINGS AND APPROVING PROCEDURES TO EVIDENCE SUCH SUBSTITUTIONS; (II) MODIFYING THE STAY OF SUCH PROCEEDINGS; AND (III) EXTENDING THE TIME TO EFFECT SERVICE IN SUCH PROCEEDINGS**

Timothy P. Knight, Defendant in Adv. Proc. No. 10-55956, hereby responds in opposition to the Litigation Trustee's *Motion for an Omnibus Order*.[1] In opposition to the Litigation Trustee's *Motion*, Defendant Timothy P. Knight states as follows:

## STATEMENT OF FACTS

1. On December 8, 2008, the Tribune Company ("Tribune") and certain of its subsidiaries (collectively, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. The Chapter 11 cases were consolidated and are being jointly administered. On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee") to commence and prosecute certain claims on behalf of the Debtors' estates.

---

[1] Defendant Timothy P. Knight also joins in the objection that was filed by Certain Former Tribune Executives on March 6, 2013 in response to the Litigation Trustee's *Motion* with regards to its request to substitute itself as successor-in-interest Plaintiff on executive transition payments made pursuant to the Transitional Compensation Plan, and respectfully requests that the Court deny the Litigation Trustee's *Motion* on the grounds set forth therein.

2.	On December 7, 2010, the Committee filed a "Complaint to Avoid Transfers Pursuant to 11 U.S.C. §§ 547 and 548 and to Recover Property Transferred Pursuant to 11 U.S.C. § 550" against Defendant Timothy P. Knight ("Knight").  Adv. Pro. No. 10-55956.  Knight is also named as a Defendant in the adversary proceeding entitled *Official Committee of Unsecured Creditors of Tribune Co. v. FitzSimons, et al.*, Adv. Proc. No. 10-54010 (KJC) (the "Lawsuits.").[2]

3.	Knight is a former publisher and officer of Newsday, a subsidiary of the Tribune Publishing Company.  Tribune sold all (or substantially all) of the assets of Newsday and certain related entities on or about July 29, 2008.  At that time Knight's employment with Tribune, and/or any of its affiliated companies, terminated.

4.	On October 27 and November 29, 2010, this Court entered three orders, which broadly stayed all litigation of the Committee-Filed Adversaries, including both of the matters against Knight.  [*See* D.I 6150; 6657; 6658.]  The stay of the Committee-Filed Adversaries matters is set to be lifted on March 31, 2013.  [D.I. 11968.]

5.	Knight filed a *Motion for Leave to File Untimely Proof of Claim* on May 6, 2011 [D.I. 8841], and the Court granted Knight's *Motion* on May 25, 2011 [D.I. 8996].  On June 6, 2011, Knight filed Proofs of Claim against certain Debtors.  Knight asserted contingent, unliquidated claims for advancement, reimbursement, indemnification and contribution of and for, *inter alia*, all amounts he is obligated to pay in connection with the Lawsuits, as well as the costs of defending the Lawsuits.

---

[2] The *FitzSimons* action has been transferred to the United States District Court for the Southern District of New York and is not at issue in this Response.

6. On July 23, 2012, this Court entered an Order confirming the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo Gordon & Co., L.P., JPMorgan Chase Bank, N.A. (the "Confirmed Plan"). [D.I. 12074.] The Confirmed Plan became effective on December 21, 2012. *See* Notice of (I) Effective Date of the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries; and (II) Bar Date for Certain Claims (Dec. 31, 2012) [D.I. 12939].

7. On December 27, 2012, the Debtors (n/k/a the Reorganized Debtors) filed a *Motion for an Omnibus Order Authorizing the Substitution of the Reorganized Debtors in Place of the Creditors' Committee as Plaintiffs in Certain Adversary Proceedings and Approving Procedures to Evidence this Substitution*. [D.I. 12922.] The Reorganized Debtors have requested permission to be substituted as the successor-in-interest Plaintiff in certain adversary proceedings that seek to avoid and recover payments made to the Debtors' current and formers officers.

8. On February 20, 2013, the Litigation Trustee filed its *Motion for an Omnibus Order*. [D.I. 13210.] In its *Motion*, the Litigation Trustee seeks, *inter alia*, an order "substituting the Litigation Trustee as the successor-in-interest plaintiff" in the LBO actions with respect to the Trust Substitution Claims. *Id.* at 18. Exhibit C to the *Motion* lists Knight as a Defendant in these LBO actions.[3] *Id.* at Ex. C. In addition, the *Motion* defines these LBO action Trust Substitution Claims as "Preserved Causes of Action," or specifically, "(i) claims to avoid

---

[3] Exhibit C of the Litigation Trustee's *Motion for an Omnibus Order* is a chart of various adversary proceeding case numbers, the Defendants associated with each case number and the monetary amount of the alleged Preserved Causes of Action against each Defendant in each case - which the Litigation Trustee would seek to avoid if it were substituted as successor-in-interest Plaintiff. [*See* D.I. 13210 at Ex. C.] The Litigation Trustee filed an Amended Exhibit C on February 26, 2013. [D.I. 13228.] As it relates to Knight, Amended Exhibit C modified the listed amount sought for "Excise Tax Payments" and the "Total" monetary amount. *Id.*

and recover Phantom Equity Payments; (ii) claims to avoid and recover Success Bonus Payments; and/or (iii) claims to avoid and recover Executive Transition Payments (as well as claims to avoid and recover related Excise Tax Payments)." *Id.* at 15. Exhibit C also lists monetary amounts sought for each of the Trust Substitution Claims, or Preserved Causes of Action, against Knight as totaling $5,553,512.67.

## ARGUMENT

9. It is inherently futile for the Litigation Trustee to attempt to prosecute an action for avoidance and/or recovery against certain subsidiary employees of Tribune, including Knight, through substituting as successor-in-interest Plaintiff in the LBO actions. Even if the Court granted the Litigation Trustee's *Motion* and the Litigation Trustee was successful in its Trust Substitution Claims against Knight, any awarded judgment would be entirely setoff under the plain language of the Confirmed Plan, as set forth in detail below. As a result, if the Court did grant the Litigation Trustee's *Motion*, the Litigation Trustee's pursuit against Knight would not obtain any additional money for the Litigation Trust, thereby wasting the resources of the parties, the Trust and the Court.

**I. Knight's Proof of Claim is Timely and He Will Become a Holder of Allowed General Unsecured Claims**

10. Knight believes that the claims asserted against him are entirely without merit and will be defeated. But even assuming, *arguendo*, that Knight is found liable for the Trust Substitution Claims, he would then seek to have all of the Proofs of Claim he filed for indemnification against certain Debtors "Allowed" as defined in Section 1.1.6 of the Confirmed Plan. [D.I. 12074.]

11. If Knight's Claims are deemed Allowed, he would become the Holder of Allowed General Unsecured Claims pursuant to Section 1.1.101 of the Confirmed Plan.[4] Knight would then be able to recover from the Subsidiary Debtors all amounts he is obligated to pay in connection with the Lawsuits.

12. In addition, Knight may also assert a claim against the Debtors under Section 502(h) of the Bankruptcy Code for any amounts paid in satisfaction of the causes of action asserted in the Lawsuits. Specifically, under Section 502(h) of the Bankruptcy Code, "[a] claim arising from the recovery of property under section 522, 550, or 553 of this title shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition." 11 U.S.C. § 502(h). Therefore, Section 502(h) may provide Knight with an alternative claim against the Subsidiary Debtors.

## II. Knight's Allowed General Secured Claims Would be Setoff Against Any Recovery, Rendering the Litigation Trustee's Pursuit of Trust Substitution Claims Futile and a Waste of Resources

13. As a Holder of Allowed General Unsecured Claims, Knight would be entitled to <u>full reimbursement</u> of any judgment levied against him in the Trust Substitution Claims. Under Section 3.3.5 of the Confirmed Plan, "[o]n or as soon as reasonably practicable after the applicable Distribution Date, each Holder of an Allowed General Unsecured Claim against a Filed Subsidiary Debtor shall receive an amount of Distributable Cash <u>equal to 100% of such</u>

---

[4] Section 1.1.101 of the Confirmed Plan defines "General Unsecured Claim" as "any Claim against the Debtors that is not an Administrative Expense Claim, a DIP Facility Claim, a Priority Tax Claim, a Priority Non-Tax Claim, an Other Secured Claim, a Senior Loan Claim, a Bridge Loan Claim, a Senior Noteholder Claim, a Convenience Claim, an EGI-TRB LLC Notes Claim, a PHONES Notes Claim, an Employee Benefit Claim, an Intercompany Claim, a Securities Litigation Claim, a Senior Guaranty Claim or a Bridge Loan Guaranty Claim and shall not include Disallowed Claims or Claims that are released, whether by operation of law or pursuant to order of the Bankruptcy Court, written release or settlement, the provisions of this Plan or otherwise (for the avoidance of doubt, General Unsecured Claims shall include any Allowed Claim by Wilmington Trust for fees and expenses arising under Section 6.07 of the PHONES Notes Indenture)." [D.I. 12074.]

Holders' Allowed General Unsecured Claim against a Filed Subsidiary Debtor." [D.I. 12074] (emphasis added).  In other words, the Confirmed Plan allows a setoff for Knight as to any money the Litigation Trustee seeks to recover from him.[5]

14.  Section 7.11.2 of the Confirmed Plan mandates the procedure the Litigation Trustee must take to setoff any recovery against the Holder of Allowed General Unsecured Claims. Section 7.11.2 states that the Litigation Trustee must use the Litigation Trust Assets to pay the Allowed General Unsecured Claims or take steps to release or waive the Claim.  In particular, Section 7.11.2 of the Confirmed Plan states:

> "[t]o the extent any person has either (i) an Allowed Other Parent Claim against Tribune, (ii) an Allowed General Unsecured Claim against any of the Filed Subsidiary Debtors or (iii) a valid and enforceable claim against any other direct or indirect subsidiary of the Debtors, in each case for (a) indemnification, reimbursement, contribution or claims pursuant to Bankruptcy Code section 502(h), and (b) arising from or relating to the assertion of any claim or cause of action by the Litigation Trust or the Trustee against any such Person or any of it Related Persons, such Allowed Claim shall be setoff against any recovery by the Litigation Trust against such Person.  For purposes of this Section 7.11.2, 'setoff against' shall mean that the Litigation Trust shall either use Litigation Trust assets to pay such Claim or shall take actions necessary to cause the release or waiver of such Claim."

[D.I. 12074] (emphasis added).  Based on Knight's Proofs of Claim, he will be an Allowed General Unsecured Creditor with claims against Subsidiary Debtors as governed by Section 7.11.2(ii) of the Confirmed Plan.

15.  Therefore, if the Litigation Trustee succeeds in the Trust Substitution Claims against Knight, this judgment will simply be setoff at 100 cents on the dollar under both the Confirmed Plan and Section 502(h) of the Bankruptcy Code.  Under the setoff, the Litigation Trustee (on behalf of the Trusts of the Subsidiary Debtors), not Knight, would be required to satisfy the judgment.  Accordingly, the Litigation Trustee's pursuit of the claims against Knight

---

[5] Under other circumstances, as well, Knight would be entitled to indemnification by the Reorganized Debtors for legal fees.

would result in an unnecessary waste of resources on the part of the Trust, the parties involved and the Court. For these reasons and based on the plain language of the Confirmed Plan and Knight's Proofs of Claim, there is no justification for granting the Litigation Trustee's Motion and allowing it to litigate any claims against Knight.

**WHEREFORE**, Defendant Timothy P. Knight respectfully requests the Court deny the Litigation Trustee's February 20, 2013 *Motion for an Omnibus Order*.

Dated: March 6, 2013	A. M. SACCULLO LEGAL, LLC

*/s/ Anthony M. Saccullo*_____
Anthony M. Saccullo (Bar No. 4141)
Thomas H. Kovach (Bar No. 3964)
27 Crimson King Drive
Bear, Delaware 19701
(302) 836-8877
(302) 836-8787 (facsimile)
ams@saccullolegal.com
kovach@saccullolegal.com

and

Michael T. Hannafan
Blake T. Hannafan
James A. McGuinness
HANNAFAN & HANNAFAN, LTD.
One East Wacker Drive, Suite 2800
Chicago, Illinois 60601
(312) 527-0055
(312) 527-0220 (facsimile)
mth@hannafanlaw.com
bth@hannafanlaw.com
jam@hannafanlaw.com

*Counsel for Timothy P. Knight*