**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE COMPANY, *et al.*, | ) | Case No. 08-13141 (KJC) |
| | ) | Jointly Administered |
| Reorganized Debtors. | ) | **RE. DOCKET NO. 13223** |
| | ) | |

**TIMOTHY P. KNIGHT'S LIMITED RESPONSE TO THE MOTION FOR AN OMNIBUS ORDER AUTHORIZING THE SUBSTITUTION OF THE REORGANIZED DEBTORS IN PLACE OF THE CREDITORS' COMMITTEE AS PLAINTIFFS IN CERTAIN ADVERSARY PROCEEDINGS AND APPROVING PROCEDURES TO EVIDENCE THIS SUBSTITUTION**

Timothy P. Knight, Defendant in Adv. Proc. No. 10-55956, hereby responds in opposition to the *Motion For An Omnibus Order Authorizing The Substitution Of The Reorganized Debtors In Place Of The Creditors' Committee As Plaintiffs In Certain Adversary Proceedings And Approving Procedures To Evidence This Substitution* [D.I. 13223] (the "Reorganized Debtor Substitution Motion"). In opposition to the Reorganized Debtor Substitution Motion, Knight states as follows:

1. On December 8, 2008, the Tribune Company ("Tribune") and certain of its subsidiaries (collectively, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. The Chapter 11 cases were consolidated and are being jointly administered. On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee") to commence and prosecute certain claims on behalf of the Debtors' estates.

2. On December 7, 2010, the Committee filed a "Complaint to Avoid Transfers Pursuant to 11 U.S.C. §§ 547 and 548 and to Recover Property Transferred Pursuant to 11 U.S.C. § 550" against Defendant Timothy P. Knight ("Knight"). Adv. Pro. No. 10-55956 (the

"Adversary Proceeding"). Knight is also named as a Defendant in the adversary proceeding entitled *Official Committee of Unsecured Creditors of Tribune Co. v. FitzSimons, et al.*, Adv. Proc. No. 10-54010 (KJC) (the "Lawsuits.").[1]

3. Knight is a former publisher and officer of Newsday, a subsidiary of the Tribune Publishing Company. Tribune sold all (or substantially all) of the assets of Newsday and certain related entities on or about July 29, 2008. At that time Knight's employment with Tribune, and/or any of its affiliated companies, terminated.

4. On October 27 and November 29, 2010, this Court entered three orders, which broadly stayed all litigation of the Committee-Filed Adversaries, including both of the matters against Knight. [*See* D.I 6150; 6657; 6658.] The stay of the Committee-Filed Adversaries matters is set to be lifted on March 31, 2013. [D.I. 11968.]

5. Knight filed a *Motion for Leave to File Untimely Proof of Claim* on May 6, 2011 [D.I. 8841], and the Court granted Knight's *Motion* on May 25, 2011 [D.I. 8996]. On June 6, 2011, Knight filed Proofs of Claim against certain Debtors. Knight asserted contingent, unliquidated claims for advancement, reimbursement, indemnification and contribution of and for, *inter alia*, all amounts he is obligated to pay in connection with the Lawsuits, as well as the costs of defending the Lawsuits.

6. On July 23, 2012, this Court entered an Order confirming the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo Gordon & Co., L.P., JPMorgan Chase Bank, N.A. (the "Confirmed Plan"). [D.I. 12074.] The Confirmed Plan became effective on December 21, 2012. *See* Notice of (I) Effective Date of the

---

[1] The *FitzSimons* action has been transferred to the United States District Court for the Southern District of New York and is not at issue in this Response.

Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries; and (II) Bar Date for Certain Claims (Dec. 31, 2012) [D.I. 12939].

7. On December 27, 2012, the Debtors (n/k/a the Reorganized Debtors) filed a *Motion for an Omnibus Order Authorizing the Substitution of the Reorganized Debtors in Place of the Creditors' Committee as Plaintiffs in Certain Adversary Proceedings and Approving Procedures to Evidence this Substitution*. [D.I. 12922.] The Reorganized Debtors have requested permission to be substituted as the successor-in-interest Plaintiff in certain adversary proceedings that seek to avoid and recover payments made to the Debtors' current and formers officers.

8. On February 25, 2013, the Reorganized Debtors filed the Reorganized Debtor Substitution Motion, in which they seek leave of this Court to substitute as plaintiff into, *inter alia*, the Adversary Proceeding, with regard to certain sums sought to be recovered as alleged preferences or fraudulent conveyances. Exhibit A to the Reorganized Debtor Substitution Motion lists the cases in which the Reorganized Debtors seek to substitute as plaintiff, the relevant amounts that are subject to prosecution by the Reorganized Debtors (as opposed to the Litigation Trustee), and the Reorganized Debtor(s) that will be substituted as plaintiff.

9. With regard to the Adversary Proceeding, the Reorganized Debtor Substitution Motion lists the following Reorganized Debtors as the potential substitute plaintiffs: Tribune 365, LLC and Tribune ND, LLC. Based upon the limited information provided in the Reorganized Debtor Substitution Motion and the Complaint that commenced the Adversary Proceeding, Knight has no way to ensure that these entities are the proper substitute plaintiffs. It appears, however, from a comparison of Exhibit A to the Complaint and Exhibit A to the Reorganized Debtor Substitution Motion, that the proposed substitute plaintiffs are different

entities than the Debtors on whose behalf the Complaint was originally commenced.

10. To the extent that these entities are different, Knight objects to the substitution of a Reorganized Debtor that was not listed as a transferor in the Complaint. Such a substitution would afford substantive relief through a motion that is styled as procedural in nature, and would impact Knight's litigation rights in the Adversary Proceeding, if those causes of action are litigated. Through this limited response, Mr. Knight merely seeks to ensure that the proper Reorganized Debtors are substituted as plaintiff.

**WHEREFORE**, Mr. Knight respectfully requests that the Court condition the relief sought in the Reorganized Debtor Substitution Motion as set forth in this response, and grant such other and further relief as is just and proper.

Dated: March 6, 2013

A. M. SACCULLO LEGAL, LLC

*/s/ Anthony M. Saccullo*
Anthony M. Saccullo (Bar No. 4141)
Thomas H. Kovach (Bar No. 3964)
27 Crimson King Drive
Bear, Delaware 19701
(302) 836-8877
(302) 836-8787 (facsimile)
ams@saccullolegal.com
kovach@saccullolegal.com
       and
Michael T. Hannafan
Blake T. Hannafan
James A. McGuinness
HANNAFAN & HANNAFAN, LTD.
One East Wacker Drive, Suite 2800
Chicago, Illinois 60601
(312) 527-0055
(312) 527-0220 (facsimile)
mth@hannafanlaw.com
bth@hannafanlaw.com
jam@hannafanlaw.com

*Counsel for Timothy P. Knight*