**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE COMPANY, *et al.*,[1] | ) | Case No. 08-13141 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**JOINDER OF DAVID P. MURPHY AND JAMES L. ELLIS TO CERTAIN OBJECTIONS TO THE LITIGATION TRUSTEE'S MOTION FOR AN OMNIBUS ORDER: (I) AUTHORIZING SUBSTITUTION OF THE LITIGATION TRUSTEE AS PLAINTIFF IN CERTAIN ADVERSARY PROCEEDINGS AND APPROVING PROCEDURES TO EVIDENCE SUCH SUBSTITUTIONS; (II) MODIFYING THE STAY OF SUCH PROCEEDINGS; AND (III) EXTENDING THE TIME TO EFFECT SERVICE IN SUCH PROCEEDINGS**

David P. Murphy ("*Murphy*") and James L. Ellis ("*Ellis*" together with Murphy the "*Defendants*"), by and through their undersigned counsel, hereby submit this joinder (the "*Joinder*") to (i) the objection (the "*Former Executives' Objection*") filed by certain former executives of Tribune Company, and (ii) the objection of Timothy P. Knight (the "*Knight*

[1] The Debtors in these chapter 11 cases are: Tribune Company; 435 Production Company; 5800 Sunset Productions Inc.; Baltimore Newspaper Networks, Inc.; California Community News Corporation; Candle Holdings Corporation; Channel 20, Inc.; Channel 39, Inc.; Channel 40, Inc.; Chicago Avenue Construction Company; Chicago River Production Company; Chicago Tribune Company; Chicago Tribune Newspaper, Inc.; Chicago Tribune Press Service, Inc.; ChicagoLand Microwave Licensee, Inc.; Chicagoland Publishing Company; Chicagoland Television News, Inc.; Courant Specialty Products, Inc.; Direct Mail Associates, Inc.; Distribution Systems of America, Inc.; Eagle New Media Investments, LLC; Eagle Publishing Investments, LLC, forsalebyowner.com corp.; ForSaleByOwner.com Referral Services, LLC; Fortify Holdings Corporation; Forum Publishing Group, Inc.; Gold Coast Publications, Inc.; GreenCo, Inc.; Heart &Crown Advertising, Inc.; Homeowners Realty, Inc.; Homestead Publishing Co.; Hoy, LLC; Hoy Publications, LLC; InsertCo, Inc.; Internet Foreclosure Service, Inc.; JuliusAir Company, LLC; JuliusAir Company II, LLC; KIAH Inc.; KPLR, Inc.; KSWB Inc.; KTLA Inc.; KWGN Inc.; Los Angeles Times Communications LLC; Los Angeles Times International, Ltd.; Los Angeles Times Newspapers, Inc.; Magic T Music Publishing Company; NBBF, LLC; Neocomm, Inc.; New Mass. Media, Inc.; New River Center Maintenance Association, Inc.; Newscom Services, Inc.; Newspaper Readers Agency, Inc.; North Michigan Production Company; North Orange Avenue Properties, Inc.; Oak Brook Productions, Inc.; Orlando Sentinel Communications Company; Patuxent Publishing Company; Publishers Forest Products Co. of Washington; Sentinel Communications News Ventures, Inc.; Shepard's Inc.; Signs of Distinction, Inc.; Southern Connecticut Newspapers, Inc.; Star Community Publishing Group, LLC; Stemweb, Inc.; Sun-Sentinel Company; The Baltimore Sun Company; The Daily Press, Inc.; The Hartford Courant Company; The Morning Call, Inc.; The Other Company LLC; Times Mirror Land and Timber Company; Times Mirror Payroll Processing Company, Inc.; Times Mirror Services Company, Inc.; TMLH 2, Inc.; TMLS I, Inc.; TMS Entertainment Guides, Inc.; Tower Distribution Company; Towering T Music Publishing Company; Tribune Broadcast Holdings, Inc.; Tribune Broadcasting Company; Tribune Broadcasting Holdco, LLC; Tribune Broadcasting News Network, Inc.; Tribune California Properties, Inc.; Tribune Direct Marketing, Inc.; Tribune Entertainment Company; Tribune Entertainment Production Company; Tribune Finance, LLC; Tribune Finance Service Center, Inc.; Tribune License, Inc.; Tribune Los Angeles, Inc.; Tribune Manhattan Newspaper Holdings, Inc.; Tribune Media Net, Inc.; Tribune Media Services, Inc.; Tribune Network Holdings Company; Tribune New York Newspaper Holdings, LLC; Tribune NM, Inc.; Tribune Publishing Company; Tribune Television Company; Tribune Television Holdings, Inc.; Tribune Television New Orleans, Inc.; Tribune Television Northwest, Inc.; ValuMail, Inc.; Virginia Community Shoppers, LLC; Virginia Gazette Companies, LLC; WATL, LLC; WCWN LLC; WDCW Broadcasting, Inc.; WGN Continental Broadcasting Company; WLVI Inc.; and WPIX, Inc.

*Objection*") to the Litigation Trustee's motion (the "*Substitution Motion*")[2] to substitute as plaintiff for the Official Committee of Unsecured Creditors in actions seeking to avoid or recovery certain payments received by former employees after the involuntary termination of their employment pursuant to a Transitional Compensation Plan for Executive Employees (the "*Transitional Compensation Plan*"). In support of the Joinder, the Defendants state as follows:

**BACKGROUND**

1. On December 8, 2008, Tribune Company and certain of its subsidiaries filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").

2. During these chapter 11 cases, the Official Committee of Unsecured Creditors (the "*Committee*") filed numerous avoidance actions (collectively, the "*Committee-Filed Adversaries*"), which asserted causes of action pursuant to sections 547 and 548 of the Bankruptcy Code.

3. On July 23, 2012, this Court entered an order confirming the DCL Plan. Pursuant to the terms of the DCL Plan, after the Effective Date, certain estate claims and causes of action are owned by the Reorganized Debtors (the "*Ordinary Litigation Claims*"), while others are owned by the Litigation Trust (the "*Preserved Causes of Action*").

4. The Litigation Trustee filed the Substitution Motion on February 20, 2013, and requests approval for the Litigation Trustee to, *inter alia*, substitute-in as plaintiffs in certain Committee-Filed Actions, including actions filed against the Defendants. The Substitution Motion asserts the actions against the Defendants (which seek recovery of Executive Transition

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Substitution Motion.

Payments made pursuant to the companies' Transitional Compensation Plan) are Preserved Causes of Action.

5. On March 6, 2013, certain former Tribune Company executives filed the Former Executives' Objection, asserting that the payments made pursuant to the Transitional Compensation Plan are Ordinary Litigation Claims, rather than Preserved Causes of Action, and the claims are thus not owned by the Litigation Trust.

6. The Defendants join in the Former Executives' Objection as to sections III.A and III.B(1), and hereby incorporate the arguments set forth therein.[3] Indeed, the 2007 LBO was, by itself, insufficient to trigger the Transitional Compensation Plan payments to the Defendants. As argued in the Former Executives' Objection, the Defendants submit that this Court should read the DCL Plan as a whole, considering the types of compensation that specifically fall within the definition of Ordinary Litigation Claims, which demonstrates that the payments made pursuant to the Transitional Compensation Plan are Ordinary Litigation Claims, not Preserved Causes of Action.

7. Also on March 6, 2013, Timothy P. Knight filed the Knight Objection, asserting that granting the Substitution Motion would be futile as Knight holds a claim for indemnification which would offset any recovery by the Litigation Trustee pursuant to section 7.11.2 of the DCL Plan.

8. The Defendants also join in the Knight Objection and hereby incorporate the arguments set forth therein. Like Knight, the Defendants filed indemnification claims, and any

---

[3] The Defendants do not join in section III.B(2) of the Former Executives' Objection because that section discusses claims to avoid executive transition payments that are pending in the *FitzSimons* Action. The Defendants are not parties in the *FitzSimons* Action, and the portions of the Substitution Motion and Former Executives' Objection regarding this issue are thus not applicable to the Defendants.

recovery in the actions filed against the Defendants is required to be offset by the DCL Plan. If the Litigation Trustee pursues the claims against the Defendants, it will only deplete the assets available for distribution from the Litigation Trust.

WHEREFORE, the Defendants respectfully request that the Court enter an order (a) denying the Substitution Motion to the extent that it seeks to substitute the Litigation Trustee as plaintiff in the adversaries filed against the Defendants, and (b) granting such other and further relief as the Court deems just and proper.

Dated: March 6, 2013

**DAVID P. MURPHY and JAMES L. ELLIS**

By: /s/ Devon J. Eggert
One of Their Attorneys

Devon J. Eggert
FREEBORN & PETERS LLP
311 South Wacker Drive, Ste. 3000
Chicago, Illinois 60606-6677
Telephone: 312.360.6000
Facsimile: 312.360.6995