# Exhibit 1

**Protocol Governing Retention And Discovery Of Documents Held By Court-Appointed Examiner, Kenneth N. Klee, Esq.**

## PROTOCOL GOVERNING RETENTION AND DISCOVERY OF DOCUMENTS HELD BY COURT-APPOINTED EXAMINER, KENNETH N. KLEE, ESQ.

This Protocol governs (a) the retention of documents, materials and information obtained, developed or prepared by Kenneth N. Klee in connection with his appointment as examiner ("Examiner") by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") in *In re Tribune Company, et al.*, Jt. Admin. Case No. 08-13141 (KJC) (Bankr. D.Del.) (such cases and proceedings therein, the "Tribune Chapter 11 Case") and (b) discovery of such documents, materials and information in (i) the Tribune Chapter 11 Case, (ii) *In re: Tribune Company Fraudulent Conveyance Litigation*, 11 MD 2296 (WHP) (S.D.N.Y.) pending in the United States District Court for the Southern District of New York (the "District Court"), including any of the individual cases transferred to the District Court for coordinated or consolidated proceedings (collectively, the "Tribune MDL") or (iii) any other proceeding.

1. The Examiner and his Professionals[1] shall continue to maintain and preserve all Depository Documents, Third-Party Documents, Transcripts and Privileged Materials (collectively, the "Complete Examiner Record") until further Bankruptcy Court order.

2. For purposes of clarity, the Complete Examiner Record includes the notes taken or created by the Examiner and his Professionals regarding non-transcribed witness interviews. All issues related to whether or not such materials are protected from disclosure by the attorney work-product doctrine, or otherwise, and all other issues relating to claims of privilege (specifically including claims unrelated to interviews that were not professionally transcribed),

---

[1] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Motion of Court-Appointed Examiner Kenneth N. Klee, Esq., for an Order (I) Discharging Examiner; (II) Granting Relief from Third-Party Discovery; (III) Approving the Disposition of Certain Documents and Information; and (IV) Granting Certain Ancillary Relief (Bankr. D.I. 5115).

143569.1

are expressly reserved, and neither the Bankruptcy Court nor the District Court is ruling on these issues at this time.

3. Except as otherwise provided herein, the Examiner and his Professionals are relieved from any duty to respond, object or move for a protective order in response to any formal or informal discovery process, except that this prohibition shall not apply to:

(a) requests for documents, materials or information that the requesting party has demonstrated to the applicable court specified in Paragraph 4 hereof, upon notice to and an opportunity to object by the Examiner, cannot be reasonably obtained from any other source ("Authorized Discovery Requests"); or

(b) production required in response to an order of a federal district court presiding over a criminal proceeding in which a party in interest is a defendant, which finds that the Examiner or his Professionals are obliged to produce documents or other materials to said defendant under the principles of *Brady v. Maryland*, 373 U.S. 83 (1963), as embodied in subsequent caselaw and the Federal Rules of Criminal Procedure.

4. To the extent that the Examiner or his Professionals refuse to produce documents, materials or information sought by an Authorized Discovery Request ("Requested Materials"), and the party seeking such material wishes to move to compel production of such Requested Materials,

(a) any such motion to compel the production of Requested Materials for use in connection with the Tribune Chapter 11 Case shall be directed to the Bankruptcy Court;

  (b) any such motion to compel the production of Requested Materials for use in connection with the Tribune MDL shall be directed to the District Court; and

  (c) requests for the production of such material for use in connection with any other proceeding shall be directed to the Bankruptcy Court.

  5. The Examiner and his Professionals shall continue to be entitled to reimbursement from the Reorganized Debtors[2] for their reasonable and necessary fees and actual costs after the date of the entry of this Protocol for: (a) maintaining the Complete Examiner Record; (b) responding to any formal or informal discovery requests served on the Examiner or the Examiner's Professionals; and (c) such other actions undertaken by the Examiner or the Examiner's Professionals at the request or direction of the Bankruptcy Court or District Court. To the extent that the Examiner and his Professionals are entitled to payment or reimbursement of their reasonable and necessary fees and actual costs for the foregoing activities, the Examiner and/or his Professionals shall present invoices to the Reorganized Debtors with sufficient detail to determine the basis for the fees and expenses incurred. Absent receipt by the Examiner and his Professionals of a written objection to any such invoice within fourteen (14) calendar days, the Reorganized Debtors shall pay or reimburse the Examiner and his Professionals without the need to file fee applications and without the need for Bankruptcy Court approval; provided, however, that (i) if a timely objection is raised to such invoice and the matter cannot be resolved consensually, the objection shall be presented to the Bankruptcy Court for resolution and (ii) notwithstanding the foregoing, if any invoice exceeds $100,000, the Examiner and/or his

---

[2] The term "Reorganized Debtors" is defined in the *Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo Gordon & Co., L.P., and JPMorgan Chase Bank, N.A.*, Section 1.1.191.

Professionals shall be required to file an application and obtain approval from the Bankruptcy Court, on reasonable notice to the Reorganized Debtors, prior to payment.

6.  The Examiner and his Professionals, or any other party, may request the Bankruptcy Court to modify this Protocol for good cause shown, on reasonable notice to the Reorganized Debtors, the Examiner and his Professionals and the parties to the Tribune MDL.

7.  Nothing in this Protocol is meant to conflict with or supersede any of the terms of Master Case Order No. 3 (District Court Doc. No. 13950).

8.  The *Order Approving Motion of Court-Appointed Examiner Kenneth N. Klee, Esq. For Order (I) Discharging Examiner; (II) Granting Relief From Third-Party Discovery; (III) Approving the Disposition of Certain Documents and Information; and (IV) Granting Certain Ancillary Relief* shall remain in full force and effect, but to the extent any provision thereof is inconsistent with a provision of the Protocol, the Protocol shall govern.