## Exhibit 3

**Letter and proposed order transmitted to the
District Court presiding over the Tribune MDL**



| | | |
|---|---|---|
| SIDLEY AUSTIN LLP | BEIJING | LOS ANGELES |
| 1501 K STREET, N.W. | BRUSSELS | NEW YORK |
| WASHINGTON, D.C. 20005 | CHICAGO | PALO ALTO |
| (202) 736 8000 | DALLAS | SAN FRANCISCO |
| (202) 736 8711 FAX | FRANKFURT | SHANGHAI |
| | GENEVA | SINGAPORE |
| | HONG KONG | SYDNEY |
| | HOUSTON | TOKYO |
| | LONDON | WASHINGTON, D.C. |
| jbendernagel@sidley.com | | |
| (202) 736 8136 | FOUNDED 1866 | |

March 8, 2013

**VIA MESSENGER**

Hon. William H. Pauley III
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

> Re: *In re Tribune Co. Fraudulent Conveyance Litig.*
> Case Nos. 11-MD-2296 (WHP), 12-MC-2296 (WHP)

Dear Judge Pauley:

I am counsel to Tribune Company in *In re Tribune Company, et al.*, Jt. Admin. Case No. 08-13141 (KJC) (Bankr. D.Del.) (the "Tribune Chapter 11 Case" pending before the "Bankruptcy Court"). I write regarding a proposed protocol to govern potential discovery requests in these proceedings (the "Tribune MDL") directed at Kenneth N. Klee, Esq., the Examiner appointed in the Tribune Chapter 11 Case.

On August 26, 2010, the Bankruptcy Court entered an order which, *inter alia*, included certain provisions governing the retention and discovery in the Tribune Chapter 11 Case of documents, materials and information obtained, developed or prepared by Mr. Klee in connection with his appointment as Examiner. On February 26, 2013, the Bankruptcy Court orally granted a motion to extend the provisions of the prior order and directed counsel to confer and agree on a proposed protocol governing retention and discovery of documents held by the Examiner for use in both the Tribune Chapter 11 Case and Tribune MDL and to submit the proposed protocol both to the Bankruptcy Court and this Court.

Counsel for the Reorganized Debtors, the Examiner, and the other parties that addressed the motion in the Bankruptcy Court have conferred and reached agreement with respect to a proposed protocol governing retention and discovery of documents held by the Examiner, as well as a proposed form of order approving the proposed protocol. Attached for your consideration are the following documents:

Exhibit 1: a proposed **Protocol Governing Retention And Discovery Of Documents Held By Court-Appointed Examiner, Kenneth N. Klee, Esq.** (the "Protocol");



Hon. William H. Pauley III
March 8, 2013
Page 2

Exhibit 2: a proposed **Order Approving Protocol Governing Retention And Discovery Of Documents Held By Court-Appointed Examiner, Kenneth N. Klee, Esq.** (the "Proposed Order");

Exhibit 3: a copy of the **Bankruptcy Court's August 26, 2010 Order Approving Motion of Court-Appointed Examiner Kenneth N. Klee, Esq. For Order (I) Discharging Examiner; (II) Granting Relief From Third-Party Discovery; (III) Approving the Disposition of Certain Documents and Information; and (IV) Granting Certain Ancillary Relief**, which is referenced in both the Protocol and Proposed Order;

Exhibit 4: the **Certification of Counsel, Protocol and Proposed Order** filed today in the Bankruptcy Court; and

Exhibit 5: a copy of the **transcript of the February 26 proceedings before the Bankruptcy Court.**

                                              Respectfully submitted,

                                              James F. Bendernagel Jr.

cc:    Plaintiffs' Liaison Counsel (via email, with enclosures)
        Defendants' Liaison Counsel (via email, with enclosures)
        David M. Stern, Esq. (via email, with enclosures)
        Steven Florsheim, Esq. (via email, with enclosures)
        Richard Cobb, Esq. (via email, with enclosures)
        David M. Zensky, Esq. (via email, with enclosures)

Enclosures

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: TRIBUNE COMPANY FRAUDULENT CONVEYANCE LITIGATION | Consolidated Multidistrict Action 11 MD 2296 (WHP) 12 MC 2296 (WHP) |
| THIS DOCUMENT RELATES TO: ALL MATTERS | |

**ORDER APPROVING PROTOCOL GOVERNING
RETENTION AND DISCOVERY OF DOCUMENTS HELD BY
COURT-APPOINTED EXAMINER, KENNETH N. KLEE, ESQ.**

WILLIAM H. PAULEY III, District Judge:

WHEREAS, as described below, certain issues have arisen related to potential discovery requests directed at an examiner appointed in *In re Tribune Company, et al.*, Jt. Admin. Case No. 08-13141 (KJC) (Bankr. D.Del.) (the "Tribune Chapter 11 Case" pending before the "Bankruptcy Court") for use in these proceedings (the "Tribune MDL");[1]

WHEREAS on December 8, 2008, Tribune Company and various of its affiliates commenced chapter 11 cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the Bankruptcy Court;

WHEREAS on May 11, 2010, the Bankruptcy Court entered its *Order Approving Appointment of Examiner* (Bankruptcy Docket No. 4320), appointing Kenneth N. Klee, Esq. as Examiner, directing him to conduct an investigation and prepare a report in respect thereof

---

[1] Capitalized terms not otherwise defined herein shall have the meaning set forth in the *Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo Gordon & Co., L.P., and JPMorgan Chase Bank, N.A.* (Bankruptcy Docket No. 12072).

evaluating, *inter alia*, potential claims, causes of action, and defenses asserted in respect of the leveraged buy-out of Tribune that occurred in 2007;

WHEREAS on August 26, 2010, following the issuance of the Examiner's Report on July 26, 2010, the Bankruptcy Court entered its *Order Approving Motion of Court-Appointed Examiner Kenneth N. Klee, Esq. For Order (I) Discharging Examiner; (II) Granting Relief From Third-Party Discovery; (III) Approving the Disposition of Certain Documents and Information; and (IV) Granting Certain Ancillary Relief* (Bankruptcy Docket No. 5541), which, *inter alia*, included certain provisions governing the retention and discovery in the Tribune Chapter 11 Case of documents, materials and information obtained, developed or prepared by Mr. Klee in connection with his appointment as Examiner;

WHEREAS on March 25, 2012, the Motion of Chandler Bigelow to Extend the Initial Retention Period for the Complete Examiner Record (the "Motion") (Bankruptcy Docket No. 12338) was filed with the Bankruptcy Court;

WHEREAS on February 26, 2013, following the filing of responsive pleadings and a hearing, the Bankruptcy Court granted the Motion and directed counsel to confer and agree on a proposed protocol governing retention and discovery of documents held by the Examiner for use in both the Tribune Chapter 11 Case and Tribune MDL and to submit the proposed protocol both to the Bankruptcy Court and this Court;

WHEREAS counsel for the Reorganized Debtors, the Examiner, Mr. Bigelow, Aurelius Capital Management LP and the Litigation Trustee have conferred and reached agreement with respect to a protocol governing retention and discovery of documents held by the Examiner, as

well as this proposed form of order approving the proposed protocol for this Court's consideration; and

WHEREAS, on March __, 2013, the Bankruptcy Court entered its *Order Approving Protocol Governing Retention and Discovery of Documents Held by Court-Appointed Examiner, Kenneth N. Klee, Esq.*

It is ORDERED as follows:

The Protocol Governing Retention and Discovery of Documents Held by Court-Appointed Examiner, Kenneth N. Klee, Esq. attached hereto as Exhibit A is APPROVED.

Dated: March __, 2013
       New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III.
U.S.D.J.

*All Counsel of Record.*

## PROTOCOL GOVERNING RETENTION AND DISCOVERY OF DOCUMENTS HELD BY COURT-APPOINTED EXAMINER, KENNETH N. KLEE, ESQ.

This Protocol governs (a) the retention of documents, materials and information obtained, developed or prepared by Kenneth N. Klee in connection with his appointment as examiner ("Examiner") by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") in *In re Tribune Company, et al.*, Jt. Admin. Case No. 08-13141 (KJC) (Bankr. D.Del.) (such cases and proceedings therein, the "Tribune Chapter 11 Case") and (b) discovery of such documents, materials and information in (i) the Tribune Chapter 11 Case, (ii) *In re: Tribune Company Fraudulent Conveyance Litigation*, 11 MD 2296 (WHP) (S.D.N.Y.) pending in the United States District Court for the Southern District of New York (the "District Court"), including any of the individual cases transferred to the District Court for coordinated or consolidated proceedings (collectively, the "Tribune MDL") or (iii) any other proceeding.

1.  The Examiner and his Professionals[1] shall continue to maintain and preserve all Depository Documents, Third-Party Documents, Transcripts and Privileged Materials (collectively, the "Complete Examiner Record") until further Bankruptcy Court order.

2.  For purposes of clarity, the Complete Examiner Record includes the notes taken or created by the Examiner and his Professionals regarding non-transcribed witness interviews. All issues related to whether or not such materials are protected from disclosure by the attorney work-product doctrine, or otherwise, and all other issues relating to claims of privilege (specifically including claims unrelated to interviews that were not professionally transcribed),

---

[1] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Motion of Court-Appointed Examiner Kenneth N. Klee, Esq., for an Order (I) Discharging Examiner; (II) Granting Relief from Third-Party Discovery; (III) Approving the Disposition of Certain Documents and Information; and (IV) Granting Certain Ancillary Relief (Bankr. D.I. 5115).

143569.1

are expressly reserved, and neither the Bankruptcy Court nor the District Court is ruling on these issues at this time.

3. Except as otherwise provided herein, the Examiner and his Professionals are relieved from any duty to respond, object or move for a protective order in response to any formal or informal discovery process, except that this prohibition shall not apply to:

(a) requests for documents, materials or information that the requesting party has demonstrated to the applicable court specified in Paragraph 4 hereof, upon notice to and an opportunity to object by the Examiner, cannot be reasonably obtained from any other source ("Authorized Discovery Requests"); or

(b) production required in response to an order of a federal district court presiding over a criminal proceeding in which a party in interest is a defendant, which finds that the Examiner or his Professionals are obliged to produce documents or other materials to said defendant under the principles of *Brady v. Maryland*, 373 U.S. 83 (1963), as embodied in subsequent caselaw and the Federal Rules of Criminal Procedure.

4. To the extent that the Examiner or his Professionals refuse to produce documents, materials or information sought by an Authorized Discovery Request ("Requested Materials"), and the party seeking such material wishes to move to compel production of such Requested Materials,

(a) any such motion to compel the production of Requested Materials for use in connection with the Tribune Chapter 11 Case shall be directed to the Bankruptcy Court;

(b)    any such motion to compel the production of Requested Materials for use in connection with the Tribune MDL shall be directed to the District Court; and

(c)    requests for the production of such material for use in connection with any other proceeding shall be directed to the Bankruptcy Court.

5.    The Examiner and his Professionals shall continue to be entitled to reimbursement from the Reorganized Debtors[2] for their reasonable and necessary fees and actual costs after the date of the entry of this Protocol for: (a) maintaining the Complete Examiner Record; (b) responding to any formal or informal discovery requests served on the Examiner or the Examiner's Professionals; and (c) such other actions undertaken by the Examiner or the Examiner's Professionals at the request or direction of the Bankruptcy Court or District Court. To the extent that the Examiner and his Professionals are entitled to payment or reimbursement of their reasonable and necessary fees and actual costs for the foregoing activities, the Examiner and/or his Professionals shall present invoices to the Reorganized Debtors with sufficient detail to determine the basis for the fees and expenses incurred. Absent receipt by the Examiner and his Professionals of a written objection to any such invoice within fourteen (14) calendar days, the Reorganized Debtors shall pay or reimburse the Examiner and his Professionals without the need to file fee applications and without the need for Bankruptcy Court approval; provided, however, that (i) if a timely objection is raised to such invoice and the matter cannot be resolved consensually, the objection shall be presented to the Bankruptcy Court for resolution and (ii) notwithstanding the foregoing, if any invoice exceeds $100,000, the Examiner and/or his

---

[2] The term "Reorganized Debtors" is defined in the *Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo Gordon & Co., L.P., and JPMorgan Chase Bank, N.A.*, Section 1.1.191.

143569.1
DC1 3649260v.1                                    3

Professionals shall be required to file an application and obtain approval from the Bankruptcy Court, on reasonable notice to the Reorganized Debtors, prior to payment.

6. The Examiner and his Professionals, or any other party, may request the Bankruptcy Court to modify this Protocol for good cause shown, on reasonable notice to the Reorganized Debtors, the Examiner and his Professionals and the parties to the Tribune MDL.

7. Nothing in this Protocol is meant to conflict with or supersede any of the terms of Master Case Order No. 3 (District Court Doc. No. 13950).

8. The *Order Approving Motion of Court-Appointed Examiner Kenneth N. Klee, Esq. For Order (I) Discharging Examiner; (II) Granting Relief From Third-Party Discovery; (III) Approving the Disposition of Certain Documents and Information; and (IV) Granting Certain Ancillary Relief* shall remain in full force and effect, but to the extent any provision thereof is inconsistent with a provision of the Protocol, the Protocol shall govern.