IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> TRIBUNE COMPANY, et al.,[1] <br><br> Reorganized Debtors. | Chapter 11 <br><br> Case No. 08-13141 (KJC) <br><br> Jointly Administered <br><br> Hearing Date: April 17, 2013 at 2:00 p.m. ET <br> Response Deadline: April 10, 2013 at 4:00 p.m. ET |

**REORGANIZED DEBTORS' SIXTY-SIXTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1**

**("AMENDED CLAIMS")**

> **The grounds for the Objection are set forth on Exhibit A to this Objection. The relief sought herein is without prejudice to the Reorganized Debtors' rights to pursue further substantive or non-substantive objections against the Claims listed on Exhibit A to this Objection.**

The reorganized debtors in the above-captioned chapter 11 cases (each a "Reorganized Debtor" and, collectively, the "Reorganized Debtors"), by and through their undersigned counsel, submit this sixty-sixth omnibus objection to claims (the "Objection"),

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-9358488v1

which Objection covers certain tax claims that that have been amended by claims subsequently filed by or on behalf of the same claimants, the Government of the District of Columbia, Office of Tax and Revenue and the New York Department of Taxation and Finance (collectively, the "Taxing Authorities"), in respect of the same liabilities (each an "Amended Claim" and, collectively, the "Amended Claims"). The Amended Claims are listed on Exhibit A attached hereto and to the proposed order submitted herewith. This Objection is submitted pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). By this Objection, the Reorganized Debtors request the entry of an order disallowing and expunging the Amended Claims as indicated in further detail below. In support of this Objection, the Reorganized Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Tribune affiliate, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). (Docket Nos. 43, 2333.)

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

46429/0001-9358488v1

3. On July 23, 2012, the Court entered the Order Confirming Fourth Amended Joint Plan of Reorganization (the "Plan") for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (Docket No. 12074.)

4. The Effective Date of the Plan occurred on December 31, 2012.[3]

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1. This Objection complies in all respects with Local Rule 3007-1.

## BACKGROUND CONCERNING THE DEBTORS' CLAIMS PROCESS

6. On March 26, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date.

7. To date, approximately 7,165 Proofs of Claim have been filed in these chapter 11 cases. The Proofs of Claim are recorded on the official claims register (the "Claims Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors and

---

[3] The Plan provides that one or more Reorganized Debtors may undertake Restructuring Transactions on, prior to, or after the Effective Date, which may include, without limitation, mergers, consolidations, conversions, joint ventures, restructurings, recapitalizations, dispositions, or dissolutions. See Plan § 5.2 and Docket No. 12732. Certain of the Reorganized Debtors have undertaken Restructuring Transactions, pursuant to which they have been merged with and into direct or wholly-owned subsidiaries of Tribune.

3

the Reorganized Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

8. The Debtors and Reorganized Debtors have previously filed approximately thirteen (13) omnibus objections to claims on the basis that such claims have been amended and superseded by subsequently-filed claims by the same claimant on account of the same liability. Each of these omnibus objections has been sustained. (See Docket Nos. 2270, 2272, 2668, 3802, 4417, 4777, 8204, 9345, 10022, 10236, 10912, 12366, 12686.)

**BASIS FOR OBJECTION**

9. Section 502(b) of the Bankruptcy Code provides in pertinent part:

[I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
    (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1).

10. Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Reorganized Debtors have identified four (4) Amended Claims listed on Exhibit A, in the aggregate amount of $203,984.77, as filed claims that have been amended and superseded by a subsequently-filed claim by the Taxing Authorities on account of the same liability. The relief requested in this Objection is necessary to prevent the allowance of the Amended Claims, each of which remains on the Claims Register only as a technicality. Accordingly, the Reorganized Debtors seek to disallow in full and expunge the Amended Claims and thereby (i) prevent the claimants from obtaining a double recovery on account of any single

obligation and (ii) limit the Taxing Authorities to a single claim for those amounts currently asserted in respect of the same liabilities.

11. The claims set forth under the column heading "Surviving Claims" on Exhibit A (the "Surviving Claims") represent the claims that were subsequently filed by or on behalf of the Taxing Authorities in respect of the same liabilities as the Amended Claims.[4] The Surviving Claims have thus amended and superseded the Amended Claims. By filing the Surviving Claims, the Taxing Authorities liquidated or otherwise modified the liability originally identified in the Amended Claims. Thus, the disallowance of the Amended Claims is consistent with the apparent intent of the Taxing Authorities in filing the Surviving Claims.

12. The Surviving Claims identified on Exhibit A will remain on the Claims Register as outstanding liabilities, subject to the Reorganized Debtors' right to object on any grounds that bankruptcy or nonbankruptcy law permits or until withdrawn by the Taxing Authorities or disallowed by the Court. In other words, the Surviving Claims will be unaffected by the relief sought in this Objection, and the Taxing Authorities' rights to assert these liabilities against the relevant Debtors' estates will be preserved, subject to the Reorganized Debtors' ongoing rights to object to the Surviving Claims on any applicable grounds.[5]

13. For these reasons, the Reorganized Debtors object to the allowance of each of the Amended Claims and request that the Amended Claims be disallowed in their entirety and expunged.

---

[4] The face of the three Surviving Claims of the New York Department of Taxation and Finance indicate that such Surviving Claims are in respect of the same liabilities as each of the corresponding Amended Claims. Though the Surviving Claim of the Government of the District of Columbia, Office of Tax and Revenue does not on its face indicate such an amendment, the Office of Tax and Revenue has informed the Reorganized Debtors that such claim is in respect of the same liability as the Office of Tax Revenue's Amended Claim.

[5] For the avoidance of doubt, each of the Surviving Claims will be deemed to be timely filed to the extent the Amended Claim it replaces was timely filed pursuant to the Bar Date Order.

## **RESERVATION OF RIGHTS**

14. The Reorganized Debtors hereby reserve their right to amend, modify, and/or supplement this Objection at any time, including to object to any of the Proofs of Claim listed on Exhibit A to this Objection on any additional grounds, prior to the hearing on this Objection. Additionally, with respect to the Surviving Claims on Exhibit A, the Reorganized Debtors reserve their right to object to such claims in the future on any applicable grounds. Separate notice and hearing will be provided and scheduled, respectively, for any such objection.

15. The Reorganized Debtors further reserve their right to adjourn the hearing on this Objection as it pertains to any or all of the Amended Claims. In the event that the Reorganized Debtors so adjourn the hearing, they will state on the agenda for the hearing that the hearing on the Objection and/or any response filed in connection therewith and/or all applicable deadlines for responsive pleadings have been adjourned, which agenda will be served on any party affected by such adjournment.

## **NOTICE**

16. Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) the Taxing Authorities; and (iii) all parties having requested notice in the Reorganized Debtors' chapter 11 cases pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Reorganized Debtors submit that no other or further notice is necessary.

46429/0001-9358488v1

WHEREFORE, for the reasons set forth herein, the Reorganized Debtors respectfully request that the Court enter an order, pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (i) disallowing in full and expunging each of the Amended Claims set forth on Exhibit A; (ii) authorizing the Claims Agent to expunge the Amended Claims from the Claims Register; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
       March 18, 2013

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Kenneth P. Kansa
Jillian K. Ludwig
Matthew E. Linder
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: /s/ J. Kate Stickles
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR REORGANIZED DEBTORS