IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |
| | Related to Docket Nos. 13338 and 13339<br>Hearing Date: April 17, 2013 at 2:00 p.m. (ET)<br>Objection Deadline: April 10, 2013 at 4:00 p.m. (ET) |

## MOTION OF REORGANIZED DEBTORS TO FILE UNDER SEAL REORGANIZED DEBTORS' OBJECTION TO CLASS 1F OTHER PARENT CLAIM ASSERTED BY WILMINGTON TRUST COMPANY AND RELATED DECLARATION

Tribune Company and the other reorganized debtors in the above-referenced cases (collectively, the "Reorganized Debtors"), hereby submit this motion (the "Motion") for entry of an order pursuant to sections 105 and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Reorganized Debtors to file under seal an unredacted copy of the Reorganized Debtors' Objection To Class 1F Other Parent Claim Asserted By Wilmington Trust

---

[1] The Reorganized Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-9351798v2

Company (the "Objection") and the accompanying Declaration of James O. Johnston in support of the Objection (the "Declaration"). In support of this Motion, the Reorganized Debtors respectfully represent and state as follows:

## BACKGROUND TO MOTION

1. Concurrently with the filing of this Motion, the Reorganized Debtors are filing the Objection to the Class 1F Other Parent Claim asserted by Wilmington Trust Company ("WTC"), in its capacity as indenture trustee for the PHONES Notes, in the amount of "$30,289.093.33, plus any additional amounts expended to litigate allowance of its claim," representing fees and expenses allegedly incurred by WTC during the course of the Chapter 11 Cases.[2]

2. The Objection and accompanying Declaration contain information obtained from billing records, fee details and engagement letters that were designated confidential attorney-client communications and/or work product by WTC and are subject to a confidentiality agreement. The Reorganized Debtors have redacted the confidential information in the Objection and Exhibits C, D, E, F and H to the Declaration.

## RELIEF REQUESTED

3. The Reorganized Debtors respectfully request that this Court enter an order authorizing the Reorganized Debtors to file the unredacted Objection and Declaration under seal and directing that the unredacted Objection and Declaration remain under seal, confidential, and not be made available to anyone, except (1) the United States Trustee and (2) Wilmington Trust Company.[3] The Reorganized Debtors further request that the Court order that all responses to

---

[2] Capitalized terms not defined in this Motion shall have the meaning given to them in the Objection.

[3] A copy of the unredacted Objection will be submitted to the Court in a separate prominently marked envelope as directed by Local Rule 9018-1(b).

2

the Objection that contain or reflect confidential information contained in the unredacted Objection be filed with the Court under seal.

### BASIS FOR RELIEF REQUESTED

4. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides in part that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

5. Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under Bankruptcy Code Section 107(b), and provides, in part, that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information. . . ." Fed. R. Bankr. P. 9018. Local Rule 9018-1(b) further provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L. R. 9018-1(b).

6. Section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994); Phar-Mor, Inc., v. Defendants Named Under Seal (In re Phar-Mor, Inc.), 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Rather, if the material sought to be protected satisfies one of the categories identified in

46429/0001-9351798v2

Section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." See In re Orion Pictures Corp., 21 F.3d at 27.

7. The Reorganized Debtors submit that the information contained in the unredacted Objection and Declaration satisfies section 107(b) because it contains information that WTC has asserted to be confidential and has provided to the Reorganized Debtors pursuant to a confidentiality agreement that forbids the Reorganized Debtors from disclosing such information publicly. Absent the relief requested herein, the unredacted Objection and Declaration would violate a confidentiality agreement. Accordingly, the Reorganized Debtors request that the unredacted Objection and Declaration be filed under seal.

8. The Reorganized Debtors further submit that the redacted Objection provides sufficient detail for parties in interest and that no party will be prejudiced by the relief sought in this Motion.

## NOTICE

9. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) WTC; and (iii) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Reorganized Debtors submit that no other or further notice is necessary.

WHEREFORE, the Reorganized Debtors respectfully request that this Court enter an order, substantially in the form attached hereto, authorizing the Reorganized Debtors to file the unredacted Objection under seal and granting such other and further relief as is justified and proper.

Dated: March 18, 2013

SIDLEY AUSTIN LLP
James F. Conlan
Kevin T. Lantry
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000

James F. Bendernagel, Jr.
Ronald S. Flagg
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000

- and -

JONES DAY
Bruce Bennett
James O. Johnston
Joshua M. Mester
555 South Flower Street, 50th Floor
Los Angeles, CA 90071-2300
Telephone: (213) 489-3939

- and -

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131

ATTORNEYS FOR REORGANIZED DEBTORS

46429/0001-9351798v2