IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>    Reorganized Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Hearing Date: April 17, 2013 at 2:00 p.m. ET<br>Response Deadline: April 10, 2013 at 4:00 p.m. ET |

REORGANIZED DEBTORS' SIXTY-SEVENTH OMNIBUS
(SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO
SECTIONS 502(b) AND 558 OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3001, 3003 AND 3007, AND LOCAL RULE 3007-1

("NO LIABILITY CLAIMS")

> Claimants receiving this Objection should locate their name(s) and claim number(s) on Schedule 1 attached hereto to learn which of the lettered exhibits, Exhibit A or Exhibit B, contains the grounds for the objection pertaining to their claim(s) and the relief being sought by the Reorganized Debtors.

> The relief sought herein is without prejudice to the Reorganized Debtors' rights to pursue further substantive or non-substantive objections to the claims listed on Exhibit A or Exhibit B to this Objection.

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-9360221V1

The reorganized debtors in the above-captioned chapter 11 cases (each a "Reorganized Debtor" and, collectively, the "Reorganized Debtors"), by and through their undersigned counsel, hereby file this sixty-seventh omnibus objection (the "Objection"), which Objection covers each of the fifteen (15) claims set forth on Exhibit A and Exhibit B, attached hereto and to the proposed form of order submitted herewith (collectively, the "Disputed Claims"), pursuant to sections 502(b) and 558 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). By this Objection, the Reorganized Debtors request the entry of an order disallowing and expunging each of the Disputed Claims, as indicated in further detail below. In support of the Objection, the Reorganized Debtors submit the declaration of John Rodden, Vice President of Tribune Company (the "Rodden Declaration"), a copy of which is attached hereto as Exhibit C. In further support of the Objection, the Reorganized Debtors respectfully state as follows:

## STATUS OF THE CASE

1. On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its affiliates (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) (Docket No. 43, 2333).

3. On July 23, 2012, the Court entered the Order Confirming Fourth Amended Joint Plan of Reorganization (the "Plan") for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital

2

Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (Docket No. 12074).[2]

4. The Effective Date of the Plan occurred on December 31, 2012.[3]

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1.

**FACTUAL BACKGROUND TO THE DEBTORS' CLAIMS PROCESS**

6. On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs (Docket Nos. 567-789), which were subsequently amended on April 13, 2009 (Docket Nos. 894-957), June 12, 2009 (Docket Nos. 1343-1453), March 2, 2010 (Docket Nos. 3548-3599), May 13, 2010 (Docket No. 4388), and January 28, 2011 (Docket Nos. 7661-7671) (collectively, the "Schedules").

7. On March 25, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

[3] The Plan provides that one or more Debtors may undertake Restructuring Transactions on, prior to, or after the Effective Date, which may include, without limitation, mergers, consolidations, conversions, joint ventures, restructurings, recapitalizations, dispositions, liquidations or dissolutions. See Plan §5.2, Ex. 5.2 and Docket No. 12732. Certain of the Debtors have undertaken Restructuring Transactions, pursuant to which they have been merged with and into direct or indirect wholly-owned subsidiaries of Tribune Company. A notice with information respecting each Debtor's anticipated post-emergence entity following the consummation of the Restructuring Transactions was filed with the Bankruptcy Court on November 16, 2012 (Docket No. 12732).

3

8. Written notice of the Bar Date was mailed to, among others, all known creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order. In addition to mailing such actual notice, the Debtors also published notice of the Bar Date in the National Editions of the Wall Street Journal and the New York Times and in the Chicago Tribune and Los Angeles Times on May 12, 2009.

9. To date, approximately 7,165 Proofs of Claim have been filed in these chapter 11 cases. The Proofs of Claim are recorded on the official claims register (the "Claims Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors and the Reorganized Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

## RELIEF REQUESTED

10. By this Objection, the Reorganized Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1, granting the following relief with respect to the Disputed Claims:

   a) disallowing and expunging in their entirety each of the fourteen (14) Disputed Claims identified on Exhibit A (the "No Liability Assumed Workers' Compensation Claims") on the basis that each of such claims is a protective claim filed on account of a workers' compensation benefit program that was reinstated pursuant to the terms of the Plan, and amounts due to the claimants, if any, have been and/or will continue to be paid according to the applicable workers' compensation program, as set forth on Exhibit A for each respective claim and in ¶¶ 13-15 of this Objection;

   b) disallowing and expunging in its entirety the one (1) Disputed Claim identified on Exhibit B (the "No Liability Tax Claim") on the basis that the Reorganized Debtors have been notified by the claimant, a state taxing authority, that the tax due for the period covered by this claim is $0.00, as set forth on Exhibit B for such claim and in ¶ 16 of this Objection; and

   c) authorizing the Claims Agent to modify each of the Disputed Claims on the Claims Register in accordance with the proposed Order.

4

11.   This Objection complies with Local Rule 3007-1 in all respects.

## BASIS FOR OBJECTION

12.   This Objection is based on section 502(b)(1) of the Bankruptcy Code, which provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
> (1)   such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1). Section 502(b)(1) recognizes the settled principle that "[c]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450-51 (2007) (citing Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20 (2000)). A claim against the bankruptcy estate, therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be enforceable against the debtor outside of bankruptcy." In re Combustion Eng'g, Inc., 391 F.3d 190, 245 (3d Cir. 2004). In proceedings to determine whether a claim is enforceable against the estate, "[t]he estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses" pursuant to section 558 of the Bankruptcy Code. See 11 U.S.C. § 558.

### A.   No Liability Assumed Workers' Compensation Claims

13.   In connection with their review of all Proofs of Claim filed to date against the Debtors' estates, the Reorganized Debtors have identified fourteen (14) claims, in the

46429/0001-9360221V1

aggregate face amount of $1,554,450.00 (plus undetermined amounts),[4] as No Liability Assumed Workers' Compensation Claims which were filed on account of one or more workers' compensation benefit programs (the "Workers' Compensation Programs"), which are listed on Exhibit A hereto. The Reorganized Debtors believe that such claims were filed by each of the respective claimants on a protective basis, in the event that the Debtors elected to terminate the applicable Workers' Compensation Program and deprive the claimants of benefits to which they are, or may become, entitled under such Workers' Compensation Programs. The Workers' Compensation Programs to which each of the claims listed on Exhibit A relate were reinstated pursuant to the Plan, which was confirmed by the Bankruptcy Court and went effective on December 31, 2012. (Rodden Decl. ¶ 6.)

14. Pursuant to the Bankruptcy Court's entry of the applicable first-day order,[5] the Debtors were authorized to continue their practices and policies related to their Workers' Compensation Programs by continuing to maintain their applicable insurance policies and payments to holders of workers' compensation claims up to their deductibles. Such relief ensured that none of the holders of the claims on Exhibit A would be prejudiced during the pendency of the bankruptcy and in fact, where the relevant workers' compensation boards had awarded benefits payments to the holders of the claims on Exhibit A, those payments were

---

[4] The Reorganized Debtors do not concede that the amounts stated on the Proofs of Claim reflect the amounts due from the Debtors or the Reorganized Debtors on account of such claims. Liabilities, if any, have been or will be determined by the relevant state workers' compensation authorities.

[5] Order (I) Authorizing: (A) Payment of Prepetition Employee Wages, Salaries, and Other Compensation; (B) Payment of Prepetition Compensation Owed to Independent Contractors and Temporary Workers; (C) Reimbursement of Prepetition Employee Business Expenses; (D) Payments for Which Prepetition Payroll and Tax Deductions Were Made; (E) Contributions to Prepetition Employee Benefit Programs and Continuation of Such Programs in the Ordinary Course; (F) Payment of Workers Compensation Obligations; and (G) Payment to Third Parties of All Costs and Expenses Incident to the Foregoing Payments and Contributions; and (II) Authorizing Applicable Banks and Other Financial Institutions to Honor and Pay All Checks and Transfers Drawn on the Debtors' Payroll Accounts to Make the Foregoing Payments (Docket No. 53)

uninterrupted during the bankruptcy and only ceased when the benefit was paid in full. (Rodden Decl. at ¶ 7.)

15. The confirmed and effective Plan provides that all Employee Benefit Plans[6] (as defined in the Plan) shall be assumed by the applicable Reorganized Debtor(s). (See Docket No. 12072, Plan §§ 1.1.82, 6.5.).[7] The Workers' Compensation Programs are included within the definition of Employee Benefit Plans; therefore benefit payments awarded to the holders of the claims on Exhibit A continued interrupted following the Effective Date (to the extent any amounts remained due). (Rodden Decl. at ¶ 7.)

16. In the event that one of the holders of the claims on Exhibit A seeks a redetermination of a denial of their workers' compensation claim or a readjustment of their workers' compensation benefits from their relevant appellate workers' compensation commission, liability for any potential additional amounts awarded has been assumed by the Reorganized Debtors. (Rodden Decl. at ¶ 8.) The Reorganized Debtors reserve all of their rights

---

[6] "Employee Benefit Plans" are defined in Section 1.1.82 of the Plan as "any employment, compensation, tax-qualified or non-tax qualified pension plan, defined benefit plan, multiemployer plan, healthcare, bonus, incentive compensation, sick leave and other leave, vacation pay, expense reimbursement, dependent care, retirement, savings, **workers compensation**, life insurance, disability, dependent care, dependent healthcare, education, severance or other benefit plan or any individual contract or agreement that has not been rejected or terminated prior to the Confirmation Date [i.e., July 23, 2012] for the benefit of the directors, officers or employees (whether salaried or hourly) of the applicable Debtor, or maintained by any Debtor for employees of non-Debtor direct or indirect subsidiaries of a Debtor, and any retiree benefit program of the applicable Debtor...." (emphasis added).

[7] Section 6.5 of the confirmed Plan additionally provides as follows, with respect to the assumption of Employee Benefit Plans:

> Except as set forth in Article II.F.4 of the specific portion of the disclosure statement relating to the Second Amended Plan and such other Employee Benefit Plans as may be disclosed in the Plan Supplement, the Reorganized Debtors shall continue to perform their obligations under all Employee Benefit Plans and all such Employee Benefit Plans shall be assumed by the applicable Reorganized Debtors; provided, however, that nothing in the Plan shall limit, diminish or otherwise alter the Reorganized Debtors' defenses, claims, causes of action, or other rights with respect to the interpretation, application or enforcement of any such Employee Benefit Plan or the payment of any Employee Benefit Claim, including the Reorganized Debtors' rights to amend, modify or terminate any such Employee Benefit Plan either prior to or after the Effective Date.

with respect to any such requests for redetermination or readjustment. Therefore, none of the claimants identified on Exhibit A will suffer prejudice by the relief requested in this Objection.

**B.    No Liability Tax Claim**

17.    In connection with their review of all Proofs of Claim filed to date against the Debtors' estates, the Reorganized Debtors have identified one (1) claim, in the face amount of $30,502.65 as a No Liability Tax Claim, which is listed on Exhibit B hereto. The Department of Treasury of the State of Michigan (the "Michigan DOT") filed the No Liability Tax Claim against Tribune based on "Michigan Business Tax Liabilit(ies)." (See Claim No. 7108 at p. 1.) In July 2012, the Debtors were notified by Michigan DOT that the liability was cancelled out by a refund due to Tribune and received a "Final Bill for Taxes Due" for the period covered by this claim in the amount of $0.00. (Rodden Decl. at ¶ 9.) Accordingly, the Michigan DOT and the Debtors appear to be in agreement that no amounts are due on account of the No Liability Tax Claim and such claim can be expunged.

18.    The Reorganized Debtors request that the Court authorize the Claims Agent to expunge the Disputed Claims from the Claims Register so that the Claims Register reflects more accurately the claims legitimately asserted and outstanding against the Debtors' estates.

**RESERVATION OF RIGHTS**

19.    The Reorganized Debtors hereby reserve their right to amend, modify, and/or supplement this Objection at any time prior to the hearing on this Objection. The Reorganized Debtors further reserve their right to adjourn the hearing on this Objection as it pertains to any or all of the Disputed Claims. In the event that the Reorganized Debtors so adjourn the hearing, they will state that the hearing on the Objection and/or any response filed in connection therewith and/or all applicable deadlines for responsive pleadings have been

46429/0001-9360221V1

adjourned on the agenda for the hearing, which agenda will be served on any party affected by such adjournment.

## NOTICE

20. Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) the claimants listed on <u>Exhibit A</u> and <u>Exhibit B</u>; and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Reorganized Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

21. No previous application for the relief sought herein has been made to this Court or to any other court.

WHEREFORE, for the reasons set forth herein, the Reorganized Debtors respectfully request that the Court enter an order, pursuant to sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1, (i) disallowing in full and expunging the No Liability Assumed Workers' Compensation Claims set forth on Exhibit A; (ii) disallowing in full and expunging the No Liability Tax Claim set forth on Exhibit B; (iii) directing the Claims Agent to modify the Disputed Claims on the Claims Register; and (iv) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
      March 18, 2013

Respectfully submitted,

SIDLEY AUSTIN LLP
Kenneth P. Kansa
Jillian K. Ludwig
Michael T. Gustafson
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: /s/ J. Kate Stickles
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR REORGANIZED DEBTORS

46429/0001-9360221V1