# EXHIBIT C

## RODDEN DECLARATION

46429/0001-9360221V1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

**DECLARATION OF JOHN RODDEN IN SUPPORT OF REORGANIZED DEBTORS' SIXTY-SEVENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS**

I, John Rodden, declare as follows:

1. I am Vice President of Tribune Company, one of the reorganized debtors in the above-captioned chapter 11 cases (each a "Reorganized Debtor" and, collectively, the "Reorganized Debtors"), and the ultimate parent of the other Reorganized Debtors. In this position, I am responsible—together with the other members of the Reorganized Debtors' management—for the management and oversight of the Reorganized Debtors' restructuring efforts and business operations.

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-9360221V1

2.  I have read the Reorganized Debtors' Sixty-Seventh Omnibus (Substantive) Objection to Claims Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 (the "Objection")[2] and am directly, or by and through the Debtors' personnel and advisors, familiar with the information contained therein and in Exhibit A and Exhibit B, attached thereto. I am authorized to submit this declaration (the "Declaration") in support of the Objection.

3.  All matters set forth in this Declaration are based on: (a) my personal knowledge, (b) my review of relevant documents, (c) my view, based on my experience and knowledge of the Debtors' former and Reorganized Debtors' current operations and personnel, (d) information supplied to me by others at the Reorganized Debtors' request, or (e) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance on the advice of counsel or other advisors to the Reorganized Debtors. If called upon to testify, I could and would testify competently to the facts set forth herein.

4.  Considerable time and resources have been expended to review and reconcile the proofs of claim (the "Proofs of Claim") filed against the Debtors in these chapter 11 cases. Upon review of the Proofs of Claim filed in these chapter 11 cases and supporting documentation attached thereto, the Reorganized Debtors have determined that the claims listed on Exhibit A and Exhibit B to the Objection and to the proposed form of order are not properly asserted pursuant to section 502(b) and 558 of the Bankruptcy Code, Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure, Local Rule 3007-1, and applicable orders of the Bankruptcy Court. Each of the fourteen (14) claims identified on Exhibit A relate to workers' compensation benefit programs that were reinstated pursuant to the terms of the Plan. The one

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Objection.

(1) claim on <u>Exhibit B</u> seeks recovery of an amount related to a tax assessment which has been cancelled by the relevant taxing authority.

### No Liability Assumed Workers' Compensation Claims

5.  To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, the claims identified on <u>Exhibit A</u> are claims for which the Reorganized Debtors have determined, after reconciling each of the Proofs of Claim and supporting materials against (i) their books and records and (ii) the terms of the applicable Employee Benefit Plans and programs, the Debtors have no liability, based on the assumption and reinstatement of each of the Workers' Compensation Programs to which such claims relate, pursuant to the terms of the confirmed Plan.

6.  The Workers' Compensation Programs to which each of the claims listed on <u>Exhibit A</u> relate were reinstated pursuant to the Plan, which was confirmed by the Bankruptcy Court and went effective on December 31, 2012.

7.  Pursuant to the Bankruptcy Court's entry of the applicable first-day order,[3] the Debtors were authorized to continue their practices and policies related to their Workers' Compensation Programs by continuing to maintain their applicable insurance policies and payments to holders of workers' compensation claims up to their deductibles. Where the relevant workers' compensation boards had awarded benefits payments to the holders of the

---

[3] Order (I) Authorizing: (A) Payment of Prepetition Employee Wages, Salaries, and Other Compensation; (B) Payment of Prepetition Compensation Owed to Independent Contractors and Temporary Workers; (C) Reimbursement of Prepetition Employee Business Expenses; (D) Payments for Which Prepetition Payroll and Tax Deductions Were Made; (E) Contributions to Prepetition Employee Benefit Programs and Continuation of Such Programs in the Ordinary Course; (F) Payment of Workers Compensation Obligations; and (G) Payment to Third Parties of All Costs and Expenses Incident to the Foregoing Payments and Contributions; and (II) Authorizing Applicable Banks and Other Financial Institutions to Honor and Pay All Checks and Transfers Drawn on the Debtors' Payroll Accounts to Make the Foregoing Payments (Docket No. 53)

claims on Exhibit A, those payments were uninterrupted during the bankruptcy and only ceased when the benefit was paid in full.

8. In the event that one of the holders of the claims on Exhibit A seeks a readjustment of their workers' compensation benefits by filing an appeal with their relevant appellate workers' compensation commission, liability for any potential additional amounts awarded has been assumed by the Reorganized Debtors.

**No Liability Tax Claim**

9. To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, the No Liability Tax Claim identified on Exhibit B is a claim for which the Reorganized Debtors have determined, after reconciling the Proof of Claim against their Books and Records, the Debtors have no liability. In July 2012, the Debtors were notified by Michigan DOT that the liability was cancelled out by a refund due to Tribune and received a "Final Bill for Taxes Due" for the period covered by this claim in the amount of $0.00.

10. For these reasons, the Reorganized Debtors believe, and I agree, that each of the Disputed Claims should be expunged.

[Remainder of Page Intentionally Left Blank]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 18th day of March 2013.

By: John Rodden