# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |
| | Hearing Date: April 17, 2013 at 2:00 p.m. ET<br>Response Deadline: April 10, 2013 at 4:00 p.m. ET |

## REORGANIZED DEBTORS' OBJECTION TO CLAIM NO. 5281 OF MICHAEL LUFRANO PURSUANT TO SECTIONS 502(b) AND 558 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3001, 3003, AND 3007

The reorganized debtors in the above-captioned chapter 11 cases (collectively, the "Reorganized Debtors"), by and through their undersigned counsel, submit this objection (the "Objection") to Claim No. 5281 filed by Michael Lufrano (the "Lufrano Claim"), a copy of which is attached hereto on Exhibit A, on the grounds that no amounts are due and owing to Mr. Lufrano on account of such claim because the contract on which the claim is based expired by its terms without any payment becoming due thereunder. This Objection is submitted pursuant to sections 502(b) and 558 of title 11 of the United States Code (the "Bankruptcy Code") and Rules

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). By this Objection, the Reorganized Debtors request the entry of an order disallowing and expunging the Lufrano Claim as indicated in further detail below. In support of this Objection, the Reorganized Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries (each a "Debtor" and, collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Tribune affiliate, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). (Docket Nos. 43, 2333.)

3. On July 23, 2012, the Court entered the Order Confirming Fourth Amended Joint Plan of Reorganization (the "Plan") for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (Docket No. 12074.)[3]

4. The Effective Date of the Plan occurred on December 31, 2012.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

2

herein are sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007.

## BACKGROUND CONCERNING THE DEBTORS' CLAIMS PROCESS AND THE LUFRANO CLAIM

6. On March 26, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date.

7. To date, approximately 7,165 Proofs of Claim have been filed in these chapter 11 cases. The Proofs of Claim are recorded on the official claims register (the "Claims Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

8. The Lufrano Claim was timely filed on June 12, 2009, and was filed as a contingent claim in an undetermined amount. (See Exhibit A at 1.) The Lufrano Claim states that it is based in its entirety on a letter agreement between Mr. Lufrano and Tribune dated March 18, 2008 (the "Lufrano Agreement"), which agreement is asserted by Mr. Lufrano to "provid[e] for payment to Claimant of certain compensation and benefits under various scenarios." (See Exhibit A at 2.) A copy of the Lufrano Agreement was not submitted with the Lufrano Claim. As there does not appear to be a factual dispute between the Reorganized Debtors and Mr. Lufrano as to the contents, effect, or applicable termination date of the Lufrano Agreement, the Reorganized Debtors have not filed a copy of the Lufrano Agreement herewith. In the event such matters come into dispute, the Reorganized Debtors reserve their rights to

require Mr. Lufrano to submit the Lufrano Agreement as evidence in support of the Lufrano Claim.

## BASIS FOR OBJECTION

9. Section 502(b) of the Bankruptcy Code provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1). Section 502(b)(1) recognizes the settled principle that "[c]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450-51 (2007) (citing Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20 (2000)). A claim against the bankruptcy estate, therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be enforceable against the debtor outside of bankruptcy." In re Combustion Eng'g, Inc., 391 F.3d 190, 245 (3d Cir. 2004). In proceedings to determine whether a claim is enforceable against the estate, "[t]he estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses" pursuant to section 558 of the Bankruptcy Code. See 11 U.S.C. § 558.

10. Mr. Lufrano is a former officer of Chicago National League Ball Club, LLC (now known as Tribune CNLBC, LLC). In the Lufrano Agreement, Tribune provided Mr. Lufrano with enhanced severance protection in the form of payments and benefits in the event his employment with Chicago National League Ball Club, LLC terminated within three years of

4

a change-of-control transaction concerning the Chicago Cubs, subject to certain conditions set forth in the Lufrano Agreement. On October 14, 2009, the Court entered an order authorizing Chicago National League Ball Club, LLC to enter into a Formation Agreement and related agreements that effected the contribution of the Chicago Cubs' assets and business to "New Cubs LLC" (as defined in the Formation Agreement). (See Docket No. 2332.) The transactions under the Formation Agreement and the related agreements thereto closed on October 27, 2009. Assuming only for purposes of this Objection that the formation of New Cubs LLC constituted a "change-of-control" transaction, the three-year period set out in the Lufrano Agreement expired on October 27, 2012. To the best of the Reorganized Debtors' knowledge, and following appropriate inquiries, Mr. Lufrano's employment with the Chicago Cubs was not terminated prior to that date, and his employment by the Chicago Cubs continues to this day. As such, the triggering event specified in the Lufrano Agreement—the termination of his employment by the Chicago Cubs—did not occur within the three-year period following the formation of New Cubs LLC, again assuming for purposes of this Objection that such formation constituted a change-of-control transaction involving the Chicago Cubs' business, and no amounts for severance became due and owing to Mr. Lufrano under the Lufrano Agreement. Following discussions with Mr. Lufrano, the Reorganized Debtors believe that both Mr. Lufrano and Tribune agree that no amounts are owed to Mr. Lufrano under the Lufrano Agreement. Accordingly, the Lufrano Claim should not be allowed in any amount, and should be expunged.

11. As an alternative basis for this Objection, the Reorganized Debtors submit that even if the Lufrano Agreement had not expired by its terms on October 27, 2012 (i.e., three years after the closing of the transactions under the Formation Agreement), the Lufrano Agreement was assigned to New Cubs LLC, together with substantially all of the assets and

46429/0001-9360003v1

liabilities of the Chicago Cubs, pursuant to the Formation Agreement. The Reorganized Debtors understand that neither Mr. Lufrano nor New Cubs LLC disputes that the Lufrano Agreement was assigned to New Cubs LLC and that any right to payment arising from the Lufrano Agreement after October 27, 2009 would be a liability of New Cubs LLC, and not of Tribune.

## **NOTICE**

12. Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) Mr. Lufrano; and (iii) all parties having requested notice in the Reorganized Debtors' chapter 11 cases pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Reorganized Debtors submit that no other or further notice is necessary.

[Remainder of Page Intentionally Left Blank]

WHEREFORE, for the reasons set forth herein, the Reorganized Debtors respectfully request that the Court enter an order, pursuant to sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007: (i) disallowing in full and expunging the Lufrano Claim; (ii) authorizing the Claims Agent to expunge the Lufrano Claim from the Claims Register; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
       March 18, 2013

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: /s/ J. Kate Stickles
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR REORGANIZED DEBTORS

46429/0001-9360003v1