IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |
| | Hearing Date: April 17, 2013 at 2:00 p.m. ET<br>Related to Docket No. 13299 |

## REORGANIZED DEBTORS' OBJECTION TO REQUEST FOR REIMBURSEMENT OF PROFESSIONAL FEES OF A&B PHOTO & PRINT

The reorganized debtors in the above-captioned chapter 11 cases (each a "Reorganized Debtor" and, collectively, the "Reorganized Debtors"), by and through their undersigned counsel, hereby file this objection (the "Objection") to the request of A&B Photo & Print ("A&B") for reimbursement of professional fees as set forth in A&B's letter to the Bankruptcy Court dated February 28, 2013 (see Docket No. 13299, "Submission of Bar Date for Professional Fee Claim Expenses") (the "A&B Fee Request"). In support of this Objection, the Reorganized Debtors respectfully state as follows:

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

## BACKGROUND TO THE OBJECTION

1. On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On July 23, 2012, the Court entered the Order Confirming Fourth Amended Joint Plan of Reorganization (the "Plan") for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (Docket No. 12074) (the "Confirmation Order").[2]

2. The Effective Date of the Plan occurred on December 31, 2012. Notice of the Effective Date was filed and served on all known parties in interest, including A&B, in accordance with the Confirmation Order. (See Docket Nos. 12939 (Notice of Effective Date) and 12980 (Affidavit of Service of Notice of Effective Date, Exhibit B at p. 13).)

3. A&B and its affiliate Prompt Graphics Co. were holders of prepetition claims against Debtors Chicago Tribune Company and WGN Continental Broadcasting Company, which were allowed and paid in the aggregate amount of $9,404.68, after the Effective Date (the "A&B Claims").

## RESPONSE

4. The A&B Fee Request seeks reimbursement of $963.00 for accounting and legal services provided to A&B in connection with the A&B Claims. (See A&B Fee Request at 1.) Nothing in the Plan permits the allowance and payment of post-petition professional fees incurred by creditors of the Debtors other than as provided for in Article IX of

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

the Plan.[3] To the extent A&B has relied on the portion of the Notice of the Effective Date that gave notice of the bar dates for the submission of professional fee claims pursuant to Section 9.2 of the Plan, as a basis for the A&B Fee Request, that reliance is misplaced because section 9.2 of the Plan does not apply to A&B.

5. Section 9.2 of the Plan provides, in relevant part, that "all final requests for compensation or reimbursement of the fees of any professional employed pursuant to sections 327 or 1103 of the Bankruptcy Code or otherwise in the Chapter 11 Cases, including any Claims for making a substantial contribution under section 503(b)(4) of the Bankruptcy Code, must be filed and served on the Reorganized Debtors and their counsel ... not later than sixty (60) days after the Effective Date, unless otherwise ordered by the Bankruptcy Court."

6. A&B is a trade creditor of the Debtors that filed proofs of claim, which have since been allowed and paid pursuant to the Plan. A&B's counsel is not "a professional employed pursuant to sections 327 or 1103 of the Bankruptcy Code", which refers to the employment of professionals by the Debtors and the Creditors' Committee, respectively. A&B did not actively participate in the Debtors' chapter 11 cases[4] and A&B does not assert in the A&B Fee Request that it made a "substantial contribution" to the Debtors' reorganization. A&B did not take any actions that benefited the Debtors' estates, and the activities described in the A&B Fee Request appear to have been undertaken solely to serve A&B's own interests. See, e.g., Lebron v Mechem Fin. Inc., 27 F.3d 937, 944 (3d Cir. 1994) (requiring that a creditor establish, inter alia, a benefit to the estate that is "more than an incidental one arising from the

---

[3] In summary, Article IX of the Plan covers the payment of certain professional fee and expense claims of the Debtors' senior lenders (Section 9.1.1), Bridge Lenders (Section 9.1.2), Creditors' Committee members (9.1.3), professionals employed and retained under section 327 of the Bankruptcy Code (Section 9.2), and entities that made a substantial contribution to the Debtors' chapter 11 cases pursuant to section 503(b)(4) of the Bankruptcy Code (Section 9.2).

[4] For example, no notice of appearance was filed by A&B or counsel on its behalf.

3

activities the applicant has pursued in protecting his or her own interests" in order to sustain a substantial contribution claim). Accordingly, neither A&B's expenses nor the fees of its legal and accounting advisors for preparing A&B's invoices and monitoring the Debtors' chapter 11 proceedings on A&B's behalf qualify for reimbursement by the Debtors' estates under sections 503(b)(3)(D) or 503(b)(4), as incorporated into Section 9.2 of the Plan.[5]

7.   Moreover, permitting unsecured creditors to add postpetition attorneys' fees to a prepetition claim is antithetical to the fundamental principle of equitable distribution among similarly-situated creditors in a bankruptcy case. As articulated by Judge Fitzgerald in Global Industrial Technologies, Inc. v. JPMorgan Trust Company, there are compelling reasons for the Court to hold that an unsecured creditor must not be allowed a claim for postpetition fees and expenses:

> When proofs of claim are filed, the unsecured creditors stand in parity – all seek to share in the distribution from the estate based on what they were owed on the day the bankruptcy was filed. If we were to permit certain unsecured creditors to recover fees incurred postpetition, as part of their prepetition claims, for actions taken with respect to the bankruptcy case such as to monitor the unsecured claim or protect the distribution, imposition of a bar date would be meaningless. Thereafter, every unsecured contractual creditor could continue to "monitor" the bankruptcy at the expense of the estate. If we were to permit unsecured contractual creditors to recover, as a prepetition claim, their legal fees for actions taken postpetition, debtors would never be out from under the burden of ongoing costs, the claims would continue to rise throughout the case, and the universe of prepetition claims would never be ascertainable. Thus, the Debtor's fresh start and discharge would be impaired. The concept of parity of distribution among similarly situated creditors would evaporate because some unsecured creditors would be "more equal" than others by virtue of the ability to have the claim continue to grow postpetition. It is difficult to envision anything more at odds with the spirit of the Bankruptcy Code's scheme for payment to creditors.

---

[5] Section 503(b)(4) of the Bankruptcy Code authorizes the payment of "reasonable compensation for professional services rendered by an attorney or accountant of an entity whose expense is allowable under subparagraph (A), (B), (C), (D), or (E) of [subsection 503(b)(3)]...." Subparagraphs (A), (B), (C), and (E) are inapplicable to the Debtors' cases. Subparagraph (D) authorizes the payment of an administrative claim for the actual and necessary expenses incurred by "a creditor ... in making a substantial contribution in a case under chapter 9 or 11 of this title".

Global Indus. Techs., Inc. v. JPMorgan Trust Co. (In re Global Indus. Techs., Inc.), 344 B.R. 382, 385 (Bankr. W.D. Pa. 2006).[6] Here, as contrasted to the situation in JPMorgan, there is no underlying contractual obligation of the Debtors to pay professional costs incurred by A&B. A&B should not be permitted to collect professional costs through the Debtors' bankruptcy process when it could not do so outside of bankruptcy.

8.      The Debtors are cognizant that the A&B Fee Request is for a modest amount and have no reason to dispute that A&B actually incurred those professional fees in connection with asserting the A&B Claims in the Debtors' chapter 11 proceedings. The Debtors further understand that the delay in payment of prepetition claims during the pendency of their chapter 11 proceedings may have caused difficulties for certain of their creditors. However, allowing the A&B Fee Request could open the floodgates to other, similarly situated creditors of the Debtors who would likewise seek to assert their claims for professional fees incurred in asserting their proofs of claim, notwithstanding that nothing in the Plan or the Bankruptcy Code permits the allowance of such claims.

---

[6] See also Global Indus. Techs., Inc. v. JPMorgan Trust Co. (In re Global Indus. Techs., Inc.), 344 B.R. 382, 385 (Bankr. W.D. Pa. 2006) ("[T]he maxim of expressio unius est exclusio alterius (the expression of one is the exclusion of the alternatives) applie[s] to analysis of § 506(b) attorneys' fees claims. Because Congress specifically authorized payment of postpetition attorneys' fees for oversecured creditors and said nothing about allowance of such fees for unsecured creditors, there is no clear entitlement to such fees for unsecured creditors."); Global Indus. Techs. Serv. Co. v. Tanglewood Invs., Inc. (In re Global Indus. Techs., Inc.), 327 B.R. 230, 239 (Bankr. W.D. Pa. 2005) ("The court agrees with the majority of courts that unsecured creditors may not include postpetition attorneys' fees in their claims from a bankruptcy estate."); In re Loewen Group Int'l, 274 B.R. 427, 444 n.36 (Bankr. D. Del. 2002) (holding that allowance of an unsecured claim for postpetition fees and expenses is inconsistent with section 506(b) of the Bankruptcy Code, which limits such claims to oversecured creditors).

46429/0001-9369772v1

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order denying the A&B Fee Request.

.Dated: Wilmington, Delaware  
March 20, 2013

Respectfully submitted,

SIDLEY AUSTIN LLP  
Bryan Krakauer  
Kenneth P. Kansa  
Jillian K. Ludwig  
One South Dearborn Street  
Chicago, IL 60603  
Telephone: (312) 853-7000  
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,  
FORMAN & LEONARD, P.A.

By: _____  
Norman L. Pernick (No. 2290)  
J. Kate Stickles (No. 2917)  
Patrick J. Reilley (No. 4451)  
500 Delaware Avenue, Suite 1410  
Wilmington, DE 19801  
Telephone: (302) 652-3131  
Facsimile: (302) 652-3117

ATTORNEYS FOR REORGANIZED DEBTORS

46429/0001-9369772v1