**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| TRIBUNE COMPANY, *et al* | : | |
| | : | Case Number 08-13141-KJC |
| | : | |
| | : | |
| Joint Debtors | : | Hearing Date: tba |
| | | Objection Deadline: March 21, 2013 at 4:00 p.m. |

**UNITED STATES TRUSTEE'S OBJECTION TO THE MONTHLY APPLICATION FOR NOVEMBER-DECEMBER, 2012 AND FINAL QUARTERLY APPLICATION OF JENNER & BLOCK LLP, AS SPECIAL COUNSEL TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD (I) NOVEMBER 1, 2012 THROUGH DECEMBER 31, 2012; (II) AND (II) DECEMBER 8, 2008 THROUGH DECEMBER 31, 2012 (D.E. 13265)**

In support of her objection to the Monthly Application For November-December, 2012 And Final Quarterly Application Of Jenner & Block LLP, As Special Counsel To The Debtors For Allowance Of Compensation And Reimbursement Of Expenses For The Period (I) November 1, 2012 Through December 31, 2012; (II) And (II) December 8, 2008 Through December 31, 2012 (D.E. 13265, "Application") , Roberta A. DeAngelis, United States Trustee for Region Three ("U.S. Trustee"), by and through her counsel, avers:

**INTRODUCTION**

1. Pursuant to 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine this objection. Pursuant to 28 U.S.C. § 586(a)(3)(A), the UST is charged with the discretion to review fee applications submitted under section 330 and when appropriate "filing with the court comments with respect to such application[s] and, if the United States Trustee considers it to be appropriate, objections to such application[s]." *See In re Busy Beaver Building Ctrs.*, 19 F.3d 833, 842 (3d Cir. 1994) (section 586(a)(3) gives United States Trustee "discretion" to review fee

1

applications).

2.  Pursuant to 11 U.S.C. § 307, the UST has standing to prosecute this objection.

### STATEMENT OF FACTS

*Background*

3.  These cases were filed on December 8, 2008. On February 20, 2009, the Court entered its Order authorizing the Debtors toe retain Jenner & Block LLP ("Jenner") as Special Counsel For Certain Litigation Matters. As per paragraph 11 of the Application, the Debtors are only responsible for 25% of the fees and expenses incurred in the Aero Matter.[1]

4.  Jenner filed the Application on March 1, 2013. The Application reports fees totaling $625,488.50 for the months of November and December, 2012. However, paragraph 11 of the Application discloses that the Debtor is only responsible for 25% of the fees incurred in the Aero Matter. Accordingly, the Application seeks payment of current fees in the amount of $153,525.12 and reimbursement of costs in the amount of $14885.81.

5.  The Application contains 61 pages of exhibits. With few exceptions, virtually every individual time entry in the Application has been omitted. Paragraph 40 of the Application alleges that since some of the work performed was "sensitive" and two non-debtors are also represented: "Jenner has redacted the invoices underlying the Aero Matter. Copies of the unredacted invoices will be made to the Fee Examiner and, upon request, also will be made to the Court. No Motion to Seal or other relief has been filed with the Court. Jenner did not provide the U.S. Trustee with a copy of the Application until the U.S. Trustee requested the same. There is no indication that any other party in interest has been provided with an unredacted copy of the Application including the U.S. Trustee.

6.  The Applicant's unauthorized omission of time entries from the Application makes it

---

1 Terms shall have the same meaning given them in the Application.

impossible for the Court, the U.S. Trustee or any party in interest to determine the reasonableness of the compensation sought as required by 11 U.S.C. §330, or compliance with the relevant provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and Local Rules for the District of Delaware in connection with the Application. The Application should be denied without prejudice. The Applicant should re-file and re-notice the Application with an unredacted document so that all parties in interest will have a meaningful opportunity to review and object to the Application.

7. The expense disbursement is not adequately itemized to permit for a proper analysis of the request.

## ARGUMENT

8. Section 330(a)(3) of the Code provides that, "in determining the amount of compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:

> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the service was rendered toward the completion of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
> (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

9. Section 330(a)(2) provides that "[t]he court may, on its own motion or on the motion of the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested." In *In re Busy Beaver Building Centers, Inc.*, 19 F.3d 833 (3d Cir. 1994), the Third Circuit identified the

Bankruptcy Court's independent duty to review fee requests: "[W]e think the bankruptcy court has a *duty* to review fee applications, notwithstanding the absence of objections by the United States trustee, creditors, or any other interested party, a duty which the Code does not expressly lay out but which we believe derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest." 19 F. 3d at 841.

10. Services rendered that are necessary, duplicative or that are not reasonably likely to benefit the debtor's estate are not compensable. In *In re Top Grade Sausage, Inc.*, 227 F. 3d 123 (3d Cir. 2000), services rendered by debtor's counsel where a trustee had been appointed were disallowed in their entirety: "...[T]he debtor's attorney must show that the representation was reasonably likely to benefit the debtor's estate." 227 F.3d at 132.

11. Federal Rule of Bankruptcy Procedure 2016(a) provides in pertinent part: "An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested. Local Bankruptcy Rule 2016-2 (d) specifies the information to be included in the application, including but not limited to disclosing the activity (e.g. phone call or research; LBR 2016-2(d)(v)), the subject of the activity (e.g. exclusivity motion, section 341 meeting; LBR 2016-2(d)(vi), identification of all meetings and participant at the meeting (LBR 2016-2(d)(ix)), and entries should not be lumped (LBR 2016-2(d)(vii).

12. The U.S. Trustee Guidelines For Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330 (Appendix A to 28 C.F.R. §58; "U.S. Trustee Guidelines" ) provide in pertinent part: "Time entries for telephone calls, letters, and other communications should give sufficient detail to identify the subject of the hearing or conference. If

more than on professional from the applicant or firm attends a hearing or conference, the applicant should explain the need for multiple attendees.

13. Applicant cannot sustain its burden of proof required for approval of the Application by redacting the virtual entirety of the Application. It is simply impossible with the Application in its present form for any party in interest to make any determination that any of the applicable provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure or the U.S. Trustee Guidelines have been complied with. Other than the Court and the Fee Examiner, no party in interest has had the ability to meaningfully review and object to the Application, including the U.S. Trustee. Applicant has not filed any motion seeking to place any portion of the Application under seal.[2]

14. Expenses submitted for meals or hotels do not provide adequate information to determine the reasonable value per person of the meal.

15. The U.S. Trustee leaves Applicant to its proof.

---

[2] An effort to place a fee application under seal was soundly rejected by the District Court in the case of *In re Continental Airlines* 150 B.R. 334 (D. De. 1993). In so holding, the Court quoted directly from the United States' brief: "[It] is disingenuous...for [appellees] and [their] lawyers to argue that they...should be the sole guardians of the only prejudicial, independent analysis of their attorneys'...conduct. Indeed, it follows without any thought whatsoever that the Court's truth-finding process (not to mention the efficient administration of the Bankruptcy Code) can only be enhanced by the wide dissemination of the [fee reviewer's] reports..." 150 B.R. 334, 341.

WHEREFORE the U.S. Trustee requests that this Court issue an order disallowing the Application, without prejudice, in its entirety.

                                  Respectfully submitted,

                                  **Roberta A. DeAngelis**
                                  **UNITED STATES TRUSTEE REGION THREE**

Date: March 21, 2013       **BY:**       /s/
                                          David L. Buchbinder., Esquire
                                          Trial Attorney
                                          J. Caleb Boggs Federal Building
                                          844 King Street, Room 2207, Lockbox 35
                                          Wilmington, DE  19801
                                          (302) 573-6491
                                          (302) 573-6497 (Fax)