## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, et al.,[1]

Reorganized Debtors.

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

## FEE EXAMINER'S FINAL REPORT REGARDING
## THE QUARTERLY FEE APPLICATION FOR THE FIFTEENTH
## QUARTERLY PERIOD OF SEITZ, VAN OGTROP & GREEN, P.A.

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Quarterly Fee Application for the Fifteenth Quarterly Period of Seitz, Van Ogtrop, & Green, P.A.* [Docket No. 12479] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $6,861.00 and reimbursement of expenses that total $357.50 for the period from June 1, 2012 through

---

[1] The Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

August 31, 2012. Seitz, Van Ogtrop & Green, P.A., ("**SVG**"), serves as Special Conflicts Counsel to the Official Committee of Unsecured Creditors (the "**Committee**").

## Background

1.      On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2.      The Debtors continue to operate their business and manage their properties as debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code Sections 1107 and 1108.

3.      On March 19, 2009, the Court entered an order appointing Stuart Maue as fee examiner for these Chapter 11 cases *nunc pro tunc* to February 20, 2009.

4.      On May 23, 2011, the Court entered an order appointing SVG as Special Conflicts Counsel to the Committee *nunc pro tunc* to April 21, 2011.

## Applicable Standards

5.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

6.      The Fee Examiner reviewed the Fee Application for compliance with Sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

7.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

8.      A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

9.      The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to SVG for review and comment. The firm and the Fee Examiner communicated regarding the issues raised in the Preliminary Report, and SVG provided a comprehensive written response. After consideration of the additional information provided by the firm, the Fee Examiner now issues this final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order* ¶5.

## DISCUSSION OF FINDINGS

### Technical Requirements

10.     **Reconciliation of Fees and Expenses.** The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**"). The

Fee Examiner identified no discrepancies between the Fees Requested and the Fees Computed, nor any discrepancies between the Expenses Requested and the Expenses Computed.

11.    **Block Billing.**[2]    The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii).*    The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines ¶(b)(4)(v).*[3]    The Delaware Bankruptcy Court has found that time entries that generally only combine work on one issue, and a conference/communication with the client or opposing counsel on the same issue, while technically blocked billing, will not be objectionable.[4] The Fee Examiner identified task descriptions that are technically block billed time entries totaling 15.50 hours with associated fees of $3,639.00. The entries were displayed in **Exhibit A** to the Preliminary Report.[5]    Based upon precedent established by this Court, the objectionable block billed entries total 12.70 hours with $2,459.00 in associated fees, and were highlighted in

---

[2] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

[3] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

[4] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

[5] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

bold and marked with an ampersand [&] in the exhibit. SVG was invited to comment on or correct the firm's block billing.

In response, SVG provided revised time entries and included embedded time for the separate tasks, which brought the entries into compliance. No fee reduction is warranted, and Exhibit A has been omitted from the Final Report.

12.     **Time Increments.** The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv).* The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v).* SVG complied with the applicable rules regarding time increments.

## Review of Fees

13.     **Firm Staffing.** The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii).* The Fee Application provided the names, positions, and hourly rates of the three SVG professionals and paraprofessionals who billed to this matter, consisting of two partners and one paralegal. A summary of hours and fees billed by each timekeeper is displayed in **Exhibit B**.

The firm billed a total of 24.60 hours with associated fees of $6,861.00. The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 9.60 | 39% | $4,986.00 | 73% |
| Paralegal | 15.00 | 61% | 1,875.00 | 27% |
| **TOTAL** | 24.60 | 100% | $6,861.00 | 100% |

The blended hourly rate for the SVG professionals is $519.38 and the blended hourly rate for professionals and paraprofessionals is $278.90.

14.   **Hourly Rate Increases.**  SVG did not increase the hourly rates of timekeepers during this interim period.

15.   **Timekeepers' Roles.**   A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*.  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.  SVG timekeepers appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

16.   **Meetings, Conferences, Hearings, and Other Events.**  The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" *Local Rule 2016-2(d)(ix)*, and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*.  While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.  The Fee Examiner did not identify any occasions

where two or more SVG timekeepers invoiced to attend the same meeting, conference, hearing, or other event.

17.     **Intraoffice Conferences.**     Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified only limited instances of intraoffice conferences, and no instances in which two or more timekeepers invoiced fees associated with the same intraoffice conference. The Fee Examiner requested that SVG continue to eliminate unnecessary intraoffice conferencing.

18.     **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.

The Fee Examiner identified entries totaling 1.25 hours with $592.00 in associated fees in which a conference or other communication was not described with sufficient detail. This lack of detail hinders a reviewer's ability to determine the reasonableness and necessity of the

activity, and is in clear violation of the applicable guidelines.[6] The questioned entries were displayed in **Exhibit C** to the Preliminary Report. The Fee Examiner requested SVG comment on the entries or provide the missing participant and/or subject matter to bring the entries into compliance. The firm responded by providing the missing subject matter and/or participant information for each of the questioned entries, which brought the activities into compliance. Exhibit C is omitted from this report

19.     **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.    The Fee Examiner reviewed each timekeeper's billing activities and identified certain entries describing administrative activities, including but not limited to receiving payment advice or forwarding documents to other parties. The questioned entries were displayed in **Exhibit D** to the Preliminary Report and totaled 2.62 hours with $327.50 in associated fees. Some of the questioned activities were embedded in block billed entries, which were corrected. Ultimately, the firm and the Fee Examiner reached a compromise regarding the questioned administrative activities wherein the firm agreed to reduce its fees requested by an amount of $87.50. Exhibit D is omitted from the Final Report.

20.     **Clerical Activities.**  Clerical activities do not require legal acumen, and may be effectively performed by administrative assistants, secretaries, or support personnel. Similar to administrative activities, clerical activities are generally not billable and are considered to be part of the firm's overhead. In the 3rd Circuit, however, some clerical and non-clerical activities may be compensable at a rate commensurate with the level of expertise or knowledge typically found

---

[6] Vague entries do not allow the court to determine the reasonableness and necessity of the effort expended, and fees may be denied or reduced when insufficiently documented. *E.g.*, *In re Bennett Funding, Inc.*, 213 B.R. 234, 245-46 (Bankr. N.D.N.Y. 1997). Entries for legal research must identify the issue and explain the research need. *In re Fibermark, Inc.*, 349 B.R. 385, 397 (Bankr. D. Vt. 2006).

to be necessary to complete the task.   The Fee Examiner reviewed each timekeeper's billing activities and did not identify any clerical activities.

21.    **Travel.**  The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*.  The Fee Examiner did not identify any travel-related entries by SVG.

22.    **SVG Retention/Compensation.**  SVG billed 17.10 hours with associated fees of $3,607.00 to prepare the firm's retention documents and applications for compensation.  The fee entries describing SVG's retention/compensation activities are displayed in **Exhibit E**, which is included in the Final Report for the Court's reference.

**Review of Expenses**

23.    **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*.   The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*.   SVG provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

24.    **Photocopies.**  The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii)*.  SVG stated in the Application that it "represents that its rate for duplication is $0.10 per page;" however, based on the data provided, all of the charges appeared to be billed at a rate of $0.20 per page.  The photocopy charges were displayed in **Exhibit F** to the Preliminary Report.  In response, the firm agreed with the Fee Examiner's findings, and agreed to reduce its expense request by an amount of $165.00.  Exhibit F has been omitted from the Final Report.

## CONCLUSION

The Fee Examiner submits this final report regarding the Fee Application and the fees and expenses discussed above.  The Fee Examiner recommends the approval of fees that total $6,773.50 ($6,861.00 minus $87.50) and reimbursement of expenses that total $192.50 ($357.50 minus $165.00) for the period from June 1, 2012 through August 31, 2012.  The findings are set forth in the summary on the following page.

**SEITZ, VAN OGTROP & GREEN, P.A.**

**SUMMARY OF FINDINGS**

**Fifteenth Quarterly Fee Application (June 1, 2012 through August 31, 2012)**

**A.    Amounts Requested and Computed**

| | | |
|---|---:|---:|
| Fees Requested | $6,861.00 | |
| Expenses Requested | 357.50 | |
| TOTAL FEES AND EXPENSES REQUESTED | | $7,218.50 |
| Fees Computed | $6,861.00 | |
| Expenses Computed | 357.50 | |
| TOTAL FEES AND EXPENSES COMPUTED | | $7,218.50 |

**B.    Recommended Fee Allowance and Expense Reimbursement**

| | | | |
|---|---:|---:|---:|
| Fees Requested | $6,861.00 | | |
| *Agreed Reduction for Administrative Activities* | | *($87.50)* | |
| Subtotal | | *($87.50)* | |
| RECOMMENDED FEE ALLOWANCE | | | $6,773.50 |
| Expenses Requested | $357.50 | | |
| *Agreed Reduction for Photocopies* | | *($165.00)* | |
| Subtotal | | *($165.00)* | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 192.50 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $6,966.00 |

Respectfully submitted,

**STUART MAUE**

By: _____

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 21st day of March, 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for Prepetition
Lenders, JP Morgan Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

John D. Shugrue, Esq.
Partner
Reed Smith LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606 7507

_____
John F. Theil, Esq.

-14-

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Seitz Van Ogtrop & Green, P.A.**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| JSG | Green Sr., James S. | PARTNER | $540.00 | $540.00 | 8.40 | $4,536.00 |
| PPM | McGonigle, Patricia P. | PARTNER | $375.00 | $375.00 | 1.20 | $450.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $519.38 | | 9.60 | $4,986.00 |
| | | | | | % of Total: 39.02% | % of Total: 72.67% |
| SLP | Pappa, Susan | PARALEGAL | $125.00 | $125.00 | 15.00 | $1,875.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $125.00 | | 15.00 | $1,875.00 |
| | | | | | % of Total: 60.98% | % of Total: 27.33% |
| | Total No. of Billers: 3 | Blended Rate for Report: | $278.90 | | 24.60 | $6,861.00 |

EXHIBIT E

SVG RETENTION/COMPENSATION

Seitz Van Ogtrop & Green, P.A.

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Green Sr., J | 3.30 | 1,782.00 |
| McGonigle, P | 0.40 | 150.00 |
| Pappa, S | 13.40 | 1,675.00 |
| | 17.10 | $3,607.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune | 17.10 | 3,607.00 |
| | 17.10 | $3,607.00 |

EXHIBIT E

SVG RETENTION/COMPENSATION

Seitz Van Ogtrop & Green, P.A.

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 06/13/12 Wed | Pappa, S 28378/3 | 4.00 | 4.00 | 500.00 | | | 1 | *MATTER NAME: Tribune* <br> DRAFT 8TH, 9TH AND 10TH MONTHLY FEE APPLICATIONS (FEE MATTERS) |
| 06/14/12 Thu | Pappa, S 28378/4 | 0.50 | 0.50 | 62.50 | | | 1 | *MATTER NAME: Tribune* <br> DRAFT CNOS FOR 5TH, 6TH, 7TH MONTHLY FEE APPLICATIONS AND 13TH QUARTERLY FEE APPLICATION (FEE MATTERS) |
| 06/14/12 Thu | Pappa, S 28378/5 | 1.00 | 1.00 | 125.00 | | | 1 | *MATTER NAME: Tribune* <br> DRAFT 14TH QUARTERLY FEE APPLICATION (FEE MATTERS) |
| 06/21/12 Thu | Green Sr., J 28378/11 | 2.10 | 2.10 | 1,134.00 | | | 1 <br> 2 | *MATTER NAME: Tribune* <br> REVIEWING AND FILING CERTIFICATES OF NO OBJECTION TO 5TH, 6TH AND 7TH FEE APPLICATIONS AND QUARTERLY APPLICATION (THIRTEENTH); <br> REVIEWING AND REVISING 8TH, 9TH AND 10TH MONTHLY FEE APPS (FEE MATTERS) |
| 06/21/12 Thu | Pappa, S 28378/12 | 0.50 | 0.50 | 62.50 | | | 1 | *MATTER NAME: Tribune* <br> FINALIZE, FILE AND SERVE CNOS FOR THE 5TH, 6TH, 7TH AND 13TH QUARTERLY FEE APPLICATIONS (FEE MATTERS) |
| 06/28/12 Thu | Green Sr., J 28378/16 | 0.50 | 0.20 | 108.00 | 0.30  F <br> 0.20  F | | 1 <br> 2 | *MATTER NAME: Tribune* <br> REVIEWING FILINGS (.3 (CASE ADMINISTRATION)); <br> FINALIZE FEE APPLICATIONS (.2 (FEE MATTERS)) |
| 06/28/12 Thu | Pappa, S 28378/17 | 2.50 | 2.50 | 312.50 | | | 1 | *MATTER NAME: Tribune* <br> FINALIZE, FILE AND SERVE 8TH, 9TH, 10TH MONTHLY FEE APPLICATIONS AND 14TH QUARTERLY FEE APPLICATION (FEE MATTERS) |
| 07/09/12 Mon | McGonigle, P 201207/2 | 0.40 | 0.40 | 150.00 | | | 1 <br> 2 | *MATTER NAME: Tribune* <br> EMAILS TO/FROM COUNSEL RE: NEED TO ESTIMATE PROFESSIONAL FEES; <br> CONFERENCE WITH MR. GREEN RE: SAME (FEE MATTERS) |
| 07/10/12 Tue | Pappa, S 201207/4 | 0.80 | 0.80 | 100.00 | | | 1 <br> 2 <br> 3 <br> 4 <br> 5 | *MATTER NAME: Tribune* <br> RECEIPT OF E-MAIL FROM JAMES S. GREEN FORWARDING REQUEST FROM ALVAREZ & MARSAL, DEBTORS' RESTRUCTURING ADVISORS REGARDING ATTORNEYS' FEES AND EXPENSES REQUESTING CONFIRMATION OF AMOUNTS DUE; <br> REVIEWING FILE AND ACCOUNTING; <br> REVISING EXCEL SPREADSHEET; <br> RUN TIME REPORT FOR JUNE; <br> E-MAIL TO JAMES S. GREEN (FEE MATTERS) |
| 07/16/12 Mon | Pappa, S 201207/6 | 0.30 | 0.30 | 37.50 | | | 1 <br> 2 | *MATTER NAME: Tribune* <br> RECEIPT OF PAYMENT; <br> CONFIRMATION OF STATEMENTS AND AMOUNTS PAID (FEE MATTERS) |
| 07/20/12 Fri | Pappa, S 201207/7 | 0.50 | 0.50 | 62.50 | | | 1 | *MATTER NAME: Tribune* <br> DRAFT AND FILE CERTIFICATE OF NO OBJECTION TO THE 8TH, 9TH, 10TH MONTHLY AND QUARTERLY FEE APPLICATIONS (FEE MATTERS) |

~ See the last page of exhibit for explanation

EXHIBIT E

SVG RETENTION/COMPENSATION

*Seitz Van Ogtrop & Green, P.A.*

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
| 08/09/12 Thu | Green Sr., J 201208/4 | 1.00 | 1.00 | 540.00 | | | *MATTER NAME: Tribune*<br>1 REVIEWING AND FINALIZING ELEVENTH MONTHLY FEE APPLICATION;<br>2 REVIEWING PAYMENT ADVICE FROM TRIBUNE (FEE MATTERS) |
| 08/09/12 Thu | Pappa, S 201208/3 | 2.50 | 2.50 | 312.50 | | | *MATTER NAME: Tribune*<br>1 RECEIPT OF PAYMENT ADVICE;<br>2 COMPARE TO ACCOUNTS RECEIVABLE;<br>3 PRINT OUTSTANDING INVOICE UNPAID;<br>4 DRAFT CORRESPONDENCE TO FEE EXAMINER REGARDING SAME;<br>5 DRAFT ELEVENTH MONTHLY FEE APPLICATION (FEE MATTERS) |
| 08/10/12 Fri | Pappa, S 201208/5 | 0.80 | 0.80 | 100.00 | | | *MATTER NAME: Tribune*<br>1 E-FILE AND SERVE 11TH MONTHLY FEE APPLICATION;<br>2 E-MAIL SAME AND EXCEL SPREADSHEET TO FEE EXAMINER JOHN THEIL (FEE MATTERS) |
| Total<br>Number of Entries:    14 | | | 17.10 | $3,607.00 | | | |

~ See the last page of exhibit for explanation

EXHIBIT E

SVG RETENTION/COMPENSATION

Seitz Van Ogtrop & Green, P.A.

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Green Sr., J | 3.30 | 1,782.00 |
| McGonigle, P | 0.40 | 150.00 |
| Pappa, S | 13.40 | 1,675.00 |
| | 17.10 | $3,607.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune | 17.10 | 3,607.00 |
| | 17.10 | $3,607.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL