## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE FIFTEENTH
## INTERIM FEE APPLICATION OF ALVAREZ & MARSAL NORTH AMERICA, LLC

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Fifteenth Interim Fee Application of Alvarez & Marsal North America, LLC* [Docket No. 12548] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $2,999,879.50 and reimbursement of expenses in the amount of $22,115.22 for the period from June 1, 2012 through August 31, 2012. Alvarez

---

[1] The Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

& Marsal North America, LLC ("**A&M**") acts as restructuring advisors to the Debtors and Debtors-in-Possession.

## Background

1.    On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**"), each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2.    On December 26, 2008, the Debtors filed the *Application of the Debtors Pursuant to 11 U.S.C. § 327(a) for Entry of an Order Authorizing the Employment and Retention of Alvarez & Marsal North America, LLC as Restructuring Advisors, Nunc Pro Tunc to the Petition Date* [Docket No. 140] (the "**Retention Application**").  By order dated February 11, 2009, this Court approved the retention of A&M (see Docket No. 362) (the "**Retention Order**").

3.    A&M submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members under 11 U.S.C. §§ 105(a) and 331* [Docket No. 225] (the "**Interim Compensation Order**").

## Applicable Standards

4.    In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of

Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.    The Fee Examiner reviewed the Fee Application for compliance with Sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.    Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable

based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

7.      A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.      The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to A&M for review and comment. The firm provided a written response to the Preliminary Report. After evaluation and consideration of the additional information provided by A&M, the Fee Examiner submits this Final Report for the Court's consideration. This Final Report is in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of the applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and will also inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

## DISCUSSION OF FINDINGS

### Technical Requirements

9.      **Reconciliation of Fees and Expenses.** The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and

"**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**"). The Fee Examiner determined that the Fees Computed exceeded the Fees Requested by $45.00, resulting in an apparent undercharge. The discrepancy was the result of task hours within several entries that did not equal the time billed for the entry as a whole, as was displayed in **Exhibit A** to the Preliminary Report. In response, the firm agreed with the Fee Examiner's findings and agreed to increase its fees requested by an amount of $45.00. Exhibit A is omitted from this report.

The Fee Examiner further determined that there was no discrepancy between the Expenses Requested and the Expenses Computed. The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

10.    **Block Billing.**[2]  The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*. The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[3]  The Delaware Bankruptcy Court has found that time entries that generally only combine work on one issue, and a conference/communication with the client or

---

[2] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

[3] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

opposing counsel on the same issue, while technically block billing, will not be objectionable.[4] A&M block billed entries totaling 4.70 hours and $2,592.50 in associated fees, which were identified in **Exhibit B**[5] to the Preliminary Report. Based upon precedent established by this Court, the objectionable block billed entries totaled 3.40 hours with $2,040.00 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit. The firm responded by revising the entries, which brought them into compliance. No reduction in fees is warranted and Exhibit B is omitted from this Report.

11.    **Potential Double Billing.** The Fee Examiner identified billing entries that appear to be duplicative (i.e., on the same date by the same timekeeper with identical or nearly identical descriptions and time increments). The questioned tasks, totaling 8.30 hours with $3,457.50 in associated fees, were highlighted in bold and marked with an ampersand [&] in **Exhibit C** to the Preliminary Report. The Fee Examiner requested the firm review the entries and either (i) confirm the tasks were inadvertently billed twice, or (ii) provide an explanation for the duplication.

In response, A&M provided additional detail regarding some of the entries, which were verified as continuation of similar activities, but were not duplicative in nature. The firm also noted that after a further review of the remaining entries, it determined 5.10 hours with $2,250.00 in associated fees were inadvertently duplicated. Thus, the firm agreed to a voluntary fee reduction in the amount of $2,250.00. Exhibit C has been omitted from the final report.

---

[4] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

[5] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

12.     **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*.  The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*.  A&M timekeepers invoiced their fees in one-tenth hour increments.

## Review of Fees

13.     **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*.  The Fee Application provided the names, positions, and hourly rates of the 30 A&M professionals and paraprofessionals who billed to this matter, consisting of 5 managing directors, 3 senior directors, 6 directors, 2 managers, 6 senior associates, 2 associates, 2 consultants, 3 analysts, and 1 paraprofessional.  A summary of hours and fees billed by each timekeeper is displayed in **Exhibit D**.

The firm billed a total of 6,658.80 hours with associated fees of $2,999,924.50.[6]  The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Managing Director | 706.70 | 11% | $   498,630.00 | 17% |
| Senior Director | 690.50 | 10% | 410,217.00 | 14% |
| Director | 1,526.60 | 23% | 710,800.00 | 24% |

---

[6] This amount reflects the Fees Computed.

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Manager | 496.50 | 7% | 211,012.50 | 7% |
| Senior Associate | 1,504.60 | 23% | 600,943.00 | 20% |
| Associate | 228.90 | 3% | 86,470.00 | 3% |
| Consultant | 361.10 | 5% | 135,412.50 | 4% |
| Analyst | 1,087.30 | 16% | 335,402.50 | 11% |
| Paraprofessional | 56.60 | * | 11,037.00 | * |
| **TOTAL** | 6,658.80 | 100% | $2,999,924.50 | 100% |

* Less than 1%

The blended hourly rate for the A&M professionals is $452.71 and the blended hourly rate for professionals and paraprofessionals is $450.52.

14. **Hourly Rate Increases.** A&M did not increase the hourly rates of timekeepers during this interim period.

15. **Timekeepers' Roles.** A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4).* With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts. On the whole, each A&M timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

However, three timekeepers who have not previously invoiced to the case billed only a few time entries for isolated, intraoffice conferences and/or for limited activities for which other timekeepers who are more familiar with and active in the case also invoiced and, thus, it was unclear how such limited and potentially duplicative involvement benefited the estate. **Exhibit E** to the Preliminary Report listed all the questioned timekeepers' entries for which additional information was requested, totaled 26.00 hours with associated fees of $22,140.00.

In response to the Preliminary Report, A&M explained that the timekeepers in question were asked to perform discrete tasks based upon their extensive experience and knowledge in a particular area of law. After consideration of the additional information and the firm's assertions, the Fee Examiner makes no recommendation for a fee reduction. Exhibit E is omitted from this report.

16. **Meetings, Conferences, Hearings, and Other Events.** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v).* While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more A&M timekeepers attended the same meeting, conference, hearing, or other event. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 522.70 hours with $269,530.50 in associated fees, were displayed in **Exhibit F** to the Preliminary Report. In each instance where multiple timekeepers attended a meeting, conference, hearing or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.,* the individual leading rather than observing a conference). The potentially duplicative and unnecessary timekeepers' entries totaled 316.20 hours with $151,290.50 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit.

Related travel has also been included. The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response to the Preliminary Report, A&M first stated that it endeavors to minimize the number of attendees at any meeting, but seeks to balance minimization with the scope of the meeting, number of individuals requested by Debtors, and the need for certain individuals to have firsthand knowledge of the issues presented. The firm also explained that due to the size and complexity of these cases, and the substance of the matters being addressed, the matters often require different A&M personnel to focus on different areas. The firm then addressed, in detail, the questioned timekeepers with more than 10.00 hours of "multiple attendance" by providing additional information regarding each of their respective roles. After consideration of the supplemental information, the Fee Examiner makes no recommendation for a fee reduction. Exhibit F is omitted from the Final Report.

17. **Intraoffice Conferences.**    Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified intraoffice conferences totaling 856.80 hours with $414,733.50 in associated fees, or approximately 14% of the Fees Computed, which were displayed in **Exhibit G** to the Preliminary Report. In certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference. The entries describing intraoffice conferences invoiced by two or more firm personnel totaled 786.50 hours with $383,528.50 in associated fees and are highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requests that the firm strive to limit fees resulting from intraoffice

communication, and asks the firm to provide an explanation of the timekeeper's roles and an explanation of the necessity of the attendance of the timekeepers.

In response, A&M claimed that it strives to eliminate unnecessary intraoffice conferencing. The firm, however, stated the intraoffice conferences are generally utilized to collaborate, to efficiently and effectively serve the client, and to keep others apprised of progress that directly impacts related work streams. A&M also provided additional detail regarding the timekeepers involved and the necessity and purpose of the conferences and their attendance. For these reasons, the Fee Examiner makes no recommendation for a fee reduction, and omits Exhibit G from this report.

18.    **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.

The Fee Examiner identified entries totaling 23.80 hours with $10,547.50 in associated fees in which a conference or other communication was not described with sufficient detail. This

lack of detail hinders a reviewer's ability to determine the reasonableness and necessity of the activity, and is in clear violation of the applicable guidelines. The entries were displayed in **Exhibit H** to the Preliminary Report. The Fee Examiner requested A&M provide the missing detail that is required by the Local Rules and UST Guidelines. The firm responded by providing the missing subject matter and/or participant information, which brought the entries into compliance. Exhibit H is omitted from the Final Report.

19.    **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.    The Fee Examiner reviewed each timekeeper's billing activities and identified entries describing administrative activities, including tasks related to scheduling, providing direction and supervising other timekeepers. The questioned entries were displayed in **Exhibit I** to the Preliminary Report and totaled 0.60 hour with $255.00 in associated fees. Although A&M disagreed that the questioned activities were administrative in nature, it, nonetheless, agreed to a voluntarily fee reduction in this area in the amount of $255.00. Exhibit I is omitted from this Report.

20.    **Clerical Activities.**  Clerical activities do not require legal acumen, and may be effectively performed by administrative assistants, secretaries, or support personnel. Similar to administrative activities, clerical activities are generally not billable and are considered to be part of the firm's overhead. In the 3rd Circuit, however, some clerical and non-clerical activities may be compensable at a rate commensurate with the level of expertise or knowledge typically found to be necessary to complete the task. The questioned entries were displayed in **Exhibit J** to the Preliminary Report and totaled 43.40 hours and $15,755.00 in associated fees.

In response, A&M stated the work performed was necessary and proper and, further, was not clerical in nature. The firm went on to describe in detail the nature and purpose of the questioned activities. The Fee Examiner and A&M reached a compromise wherein the firm agreed to a voluntarily fee reduction of $3,000.00. Exhibit J has been omitted from the Final Report.

21.    **Travel.** The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii).* A&M's timekeepers indicated in their fee entries that they invoiced their nonworking travel at half time.

22.    **A&M Retention/Compensation.** A&M billed 66.00 hours with associated fees of $15,027.00 to prepare the firm's retention documents and applications for compensation, less than 1% of the Fees Computed. The fee entries describing A&M's retention/compensation activities are displayed in **Exhibit K**, which is included in the Final Report.

### Review of Expenses

23.    **Itemization of Expenses.** The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii).* The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the

month incurred." *UST Guidelines ¶(b)(5)(iii)*.    A&M provided an itemization for the firm

expenses that included the category, the date, the description, the amount, and the name of the

timekeeper who incurred the charge.

24.    **Airfare.**  Most of the descriptions for the airfare charges did not include the fare

class at which the tickets were purchased.  The Fee Examiner requested A&M provide receipts

or other documentation regarding the fare class for all air travel displayed in **Exhibit L** to the

Preliminary Report.  After reviewing all of the documentation provided, the Fee Examiner makes

no recommendation for an expense reduction.  Exhibit L has been omitted from this Report.

25.    **Travel – Lodging.**  The Fee Examiner has recommended and the Court has

followed a domestic lodging ceiling of $350.00 per night.  A&M requested reimbursement for

lodging charges that were displayed in **Exhibit M** to the Preliminary Report, which appeared to

be in excess of this ceiling.  In response, A&M stated that it tries to utilize the lowest cost hotel

option in reasonable proximity to the worksite/meeting location.  Nevertheless, the firm agreed

to reduce its expense request in excess of the ceiling by an amount of $264.57.  Exhibit M has

been omitted from the Final Report.

26.    **Working Meals.**  The firm requested reimbursement of working lunches, which

were displayed in **Exhibit N** to the Preliminary Report.  The Fee Examiner requested A&M

verify that the meal charges related to meetings with people from outside the firm, as opposed to

solely involving employees of A&M.  The firm provided the necessary verification requested.

Exhibit N is omitted from the Final Report.

27.    **Overtime Expenses.**  The firm requested reimbursement of taxis for A&M

personnel for travel between office and home totaling $342.16 and for working dinners totaling

$811.43.  Although a firm may have a policy that personnel may be reimbursed for travel home

when working late and meals for employees while working late, such charges are generally considered part of the firm's overhead. These charges, totaling $1,153.59, were displayed in **Exhibit O** to the Preliminary Report. In response, A&M stated that the meal charges were incurred as a result of time spent specifically working on the Tribune engagement, and that it is not aware of a policy that would make these charges "overhead" of the firm. The Fee Examiner had additional discussions with the firm regarding these issues. In the end, A&M agreed, without waiving its position on future overtime expenses, to reduce its expense request by an amount of $1,153.59. Exhibit O has been omitted from the Final Report.

## CONCLUSION

The Fee Examiner submits this Final Report regarding A&M's Fee Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $2,994,419.50 ($2,999,879.50 plus $45.00 minus $5,505.00) and reimbursement of expenses in the amount of $20,697.06 ($22,115.22 minus $1,418.16) for the interim period from June 1, 2012 through August 31, 2012. The findings are set forth in the summary on the following page.

**ALVAREZ & MARSAL NORTH AMERICA, LLC**

**SUMMARY OF FINDINGS**

**Fifteenth Interim Fee Application (June 1, 2012 through August 31, 2012)**

### A.    Amounts Requested and Computed

| | | |
|---|---|---|
| Fees Requested | $2,999,879.50 | |
| Expenses Requested | 22,115.22 | |
| **TOTAL FEES AND EXPENSES REQUESTED** | | $3,021,994.72 |
| Fees Computed | $2,999,924.50 | |
| Expenses Computed | 22,115.22 | |
| **TOTAL FEES AND EXPENSES COMPUTED** | | $3,022,039.72 |
| Discrepancy in Fees | ($      45.00) | |
| **TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES** | | ($      45.00) |

### B.    Recommended Fee Allowance and Expense Reimbursement

| | | |
|---|---|---|
| Fees Requested | $2,999,879.50 | |
| *Discrepancy in Fees* | *$    45.00* | |
| *Agreed Reduction for Potential Double Billing* | *(2,250.00)* | |
| *Agreed Reduction for Administrative Activities* | *(255.00)* | |
| *Agreed Reduction for Clerical Activities* | *(3,000.00)* | |
| Subtotal | *($5,460.00)* | |
| **RECOMMENDED FEE ALLOWANCE** | | $2,994,419.50 |
| Expenses Requested | $22,115.22 | |
| *Agreed Reduction for Travel - Lodging* | *($ 264.57)* | |
| *Agreed Reduction for Overtime Expenses* | *(1,153.59)* | |
| Subtotal | *($1,418.16)* | |
| **RECOMMENDED EXPENSE REIMBURSEMENT** | | 20,697.06 |
| **TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT** | | $3,015,116.56 |

Respectfully submitted,

**STUART MAUE**

By: _____

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri 63044
Telephone: (314) 291-3030
Facsimile: (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 25th day of March, 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Thomas E. Hill, Esq.
Alvarez & Marsal North America, LLC
55 West Monroe Street, Suite 4000
Chicago, IL 60603

_____
John F. Theil, Esq.

# SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL
## COMPUTED AT STANDARD RATES
### Alvarez & Marsal North America, LLC

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| BWHI | Whittman, Brian | MANAG DIRECTOR | $700.00 | $700.00 | 434.10 | $303,870.00 |
| LRYA | Ryan, Laureen | MANAG DIRECTOR | $700.00 | $700.00 | 246.60 | $172,620.00 |
| ECOH | Cohen-Cole, Ethan | MANAG DIRECTOR | $875.00 | $875.00 | 13.90 | $12,162.50 |
| BCUM | Cumberland, Brian | MANAG DIRECTOR | $925.00 | $925.00 | 6.70 | $6,197.50 |
| MSAL | Salve, Michael | MANAG DIRECTOR | $700.00 | $700.00 | 5.40 | $3,780.00 |
| | No. of Billers for Position: 5 | Blended Rate for Position: | $705.58 | | 706.70 | $498,630.00 |
| | | | | % of Total: | 10.61% | % of Total:    16.62% |
| JSCH | Schmaltz, Justin | SENIOR DIRECTOR | $600.00 | $600.00 | 331.10 | $198,660.00 |
| JFOR | Forte, John | SENIOR DIRECTOR | $575.00 | $575.00 | 336.60 | $193,545.00 |
| MSPI | Spittell, Mark | SENIOR DIRECTOR | $790.00 | $790.00 | 22.80 | $18,012.00 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $594.09 | | 690.50 | $410,217.00 |
| | | | | % of Total: | 10.37% | % of Total:    13.67% |
| RSTO | Stone, Richard | DIRECTOR | $500.00 | $500.00 | 626.30 | $313,150.00 |
| JEHR | Ehrenhofer, Jodi | DIRECTOR | $425.00 | $425.00 | 447.80 | $190,315.00 |
| MHAG | Hagenaar, Michael | DIRECTOR | $450.00 | $450.00 | 239.60 | $107,820.00 |
| SKAU | Kaufman, Stuart | DIRECTOR | $475.00 | $475.00 | 96.90 | $46,027.50 |
| MZEI | Zeiss, Mark | DIRECTOR | $450.00 | $450.00 | 64.50 | $29,025.00 |
| MBEN | Bennett, Megan | DIRECTOR | $475.00 | $475.00 | 51.50 | $24,462.50 |
| | No. of Billers for Position: 6 | Blended Rate for Position: | $465.61 | | 1,526.60 | $710,800.00 |
| | | | | % of Total: | 22.93% | % of Total:    23.69% |
| DBUS | Busse, Damon | MANAGER | $425.00 | $425.00 | 319.20 | $135,660.00 |
| BBOU | Boudouris, Bradley | MANAGER | $425.00 | $425.00 | 177.30 | $75,352.50 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $425.00 | | 496.50 | $211,012.50 |
| | | | | % of Total: | 7.46% | % of Total:    7.03% |
| MFRA | Frank, Matt | SR. ASSOCIATE | $425.00 | $425.00 | 432.70 | $183,897.50 |

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

### Alvarez & Marsal North America, LLC

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| AGER | Gershner, Alexander | SR. ASSOCIATE | $375.00 | $375.00 | 448.30 | $168,112.50 |
| PGON | Gondipalli, Prasant | SR. ASSOCIATE | $425.00 | $425.00 | 360.40 | $153,170.00 |
| ABUC | Buchler, Adam | SR. ASSOCIATE | $350.00 | $350.00 | 228.00 | $79,800.00 |
| SCRA | Crawford, Sarah | SR. ASSOCIATE | $465.00 | $465.00 | 30.70 | $14,275.50 |
| EHAE | Haedicke, Evan | SR. ASSOCIATE | $375.00 | $375.00 | 4.50 | $1,687.50 |
| No. of Billers for Position: 6 | | Blended Rate for Position: | $399.40 | | 1,504.60 | $600,943.00 |
| | | | | % of Total: | 22.60% | % of Total: 20.03% |
| MBER | Berger, Mark | ASSOCIATE | $375.00 | $375.00 | 203.60 | $76,350.00 |
| BNEV | Nevarez, Ben | ASSOCIATE | $400.00 | $400.00 | 25.30 | $10,120.00 |
| No. of Billers for Position: 2 | | Blended Rate for Position: | $377.76 | | 228.90 | $86,470.00 |
| | | | | % of Total: | 3.44% | % of Total: 2.88% |
| MWIL | Williams, Matthew | CONSULTANT | $375.00 | $375.00 | 318.40 | $119,400.00 |
| EORR | Orr, Erin | CONSULTANT | $375.00 | $375.00 | 42.70 | $16,012.50 |
| No. of Billers for Position: 2 | | Blended Rate for Position: | $375.00 | | 361.10 | $135,412.50 |
| | | | | % of Total: | 5.42% | % of Total: 4.51% |
| DTOR | Torres, Diego | ANALYST | $325.00 | $325.00 | 589.00 | $191,425.00 |
| DHIN | Hingtgen, Dwight | ANALYST | $300.00 | $300.00 | 473.80 | $142,140.00 |
| PPAN | Pantazis, Panagiotis | ANALYST | $75.00 | $75.00 | 24.50 | $1,837.50 |
| No. of Billers for Position: 3 | | Blended Rate for Position: | $308.47 | | 1,087.30 | $335,402.50 |
| | | | | % of Total: | 16.33% | % of Total: 11.18% |
| MNAP | Napoliello, Mary | PARAPROFESSIONA | $195.00 | $195.00 | 56.60 | $11,037.00 |
| No. of Billers for Position: 1 | | Blended Rate for Position: | $195.00 | | 56.60 | $11,037.00 |
| | | | | % of Total: | 0.85% | % of Total: 0.37% |

EXHIBIT E

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Alvarez & Marsal North America, LLC**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|----------|------|----------|--------------|--------------|----------------|---------------|
| | Total No. of Billers:  30 | Blended Rate for Report:  $450.52 | | | 6,658.80 | $2,999,924.50 |

EXHIBIT K

A&M RETENTION/COMPENSATION

Alvarez & Marsal North America, LLC

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Frank, M | 2.30 | 977.50 |
| Gershner, A | 2.70 | 1,012.50 |
| Hingtgen, D | 2.70 | 810.00 |
| Napoliello, M | 56.60 | 11,037.00 |
| Ryan, L | 0.40 | 280.00 |
| Whittman, B | 1.30 | 910.00 |
| | 66.00 | $15,027.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Application | 62.90 | 13,734.50 |
| Litigation Trust Valuation | 3.10 | 1,292.50 |
| | 66.00 | $15,027.00 |

EXHIBIT K

A&M RETENTION/COMPENSATION

Alvarez & Marsal North America, LLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| 06/05/12 Tue | Gershner, A 063112-330/860 | 0.10 | 0.10 | 37.50 | | 1 | MATTER NAME: Litigation Trust Valuation PREPARATION, RECONCILIATION AND REVIEW OF FEE APPLICATION ON BEHALF OF TEAM. |
| 06/06/12 Wed | Gershner, A 063112-330/862 | 2.60 | 2.60 | 975.00 | | 1 | MATTER NAME: Litigation Trust Valuation PREPARATION, RECONCILIATION AND REVIEW OF FEE APPLICATION ON BEHALF OF TEAM. |
| 06/11/12 Mon | Napoliello, M 063112-130/1095 | 2.20 | 2.20 | 429.00 | | 1 | MATTER NAME: Fee Application DRAFT APRIL EXHIBITS. |
| 06/11/12 Mon | Napoliello, M 063112-130/1096 | 2.30 | 2.30 | 448.50 | | 1 | MATTER NAME: Fee Application REVIEW INVOICE DATA FOR APRIL EXHIBITS. |
| 06/12/12 Tue | Napoliello, M 063112-130/1097 | 0.80 | 0.80 | 156.00 | | 1 | MATTER NAME: Fee Application FINALIZE FIRST DRAFT OF APRIL STATEMENT. |
| 06/12/12 Tue | Ryan, L 063112-330/1129 | 0.40 | 0.40 | 280.00 | | 1 | MATTER NAME: Litigation Trust Valuation REVIEW AND COMPLETE TIME DETAIL FOR FEE APPLICATION. |
| 06/12/12 Tue | Whittman, B 063112-130/2002 | 0.20 | 0.20 | 140.00 | | 1 | MATTER NAME: Fee Application REVIEW DRAFT APRIL FEE APPLICATION. |
| 06/13/12 Wed | Napoliello, M 063112-130/1098 | 0.30 | 0.30 | 58.50 | | 1 | MATTER NAME: Fee Application INCORPORATE EDITS TO APRIL EXHIBITS. |
| 06/13/12 Wed | Napoliello, M 063112-130/1099 | 0.30 | 0.30 | 58.50 | | 1 | MATTER NAME: Fee Application REVIEW CASE DOCKET. |
| 06/13/12 Wed | Napoliello, M 063112-130/1100 | 1.80 | 1.80 | 351.00 | | 1 | MATTER NAME: Fee Application DRAFT COVER SHEET AND APPLICATION. |
| 06/14/12 Thu | Frank, M 063112-130/707 | 0.40 | 0.40 | 170.00 | | 1 | MATTER NAME: Fee Application REVIEW OF APRIL 2012 FEE APPLICATION. |
| 06/14/12 Thu | Whittman, B 063112-130/2003 | 0.10 | 0.10 | 70.00 | | 1 | MATTER NAME: Fee Application REVIEW FINAL APRIL FEE APPLICATION. |
| 06/15/12 Fri | Frank, M 063112-130/708 | 0.20 | 0.20 | 85.00 | | 1 | MATTER NAME: Fee Application FINALIZE REVIEW OF FEE APPLICATION FOR APRIL 2012. |

~  See the last page of exhibit for explanation

EXHIBIT K

A&M RETENTION/COMPENSATION

Alvarez & Marsal North America, LLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
| 07/10/12 Tue | Napoliello, M 073112-130/1442 | 1.60 | 1.60 | 312.00 | | 1 | MATTER NAME: Fee Application<br>CONTINUE PREPARATION OF EXHIBITS FOR FEE STATEMENT. |
| 07/10/12 Tue | Napoliello, M 073112-130/1443 | 3.80 | 3.80 | 741.00 | | 1 | MATTER NAME: Fee Application<br>PREPARE EXHIBITS FOR MAY FEE STATEMENT. |
| 07/11/12 Wed | Napoliello, M 073112-130/1444 | 0.30 | 0.30 | 58.50 | | 1 | MATTER NAME: Fee Application<br>REVIEW CASE DOCKET. |
| 07/11/12 Wed | Napoliello, M 073112-130/1445 | 0.60 | 0.60 | 117.00 | | 1 | MATTER NAME: Fee Application<br>RESEARCH QUESTIONS REGARDING FEE EXHIBITS. |
| 07/11/12 Wed | Napoliello, M 073112-130/1446 | 1.20 | 1.20 | 234.00 | | 1 | MATTER NAME: Fee Application<br>BEGIN DRAFTING MAY COVER SHEET AND APPLICATION. |
| 07/11/12 Wed | Napoliello, M 073112-130/1447 | 3.40 | 3.40 | 663.00 | | 1 | MATTER NAME: Fee Application<br>BEGIN PREPARATION OF EXHIBITS FOR MAY FEE STATEMENT. |
| 07/11/12 Wed | Napoliello, M 073112-130/1448 | 3.60 | 3.60 | 702.00 | | 1 | MATTER NAME: Fee Application<br>CONTINUE PREPARATION OF EXHIBITS FOR FEE STATEMENT. |
| 07/12/12 Thu | Whittman, B 073112-130/2427 | 0.40 | 0.40 | 280.00 | | 1 | MATTER NAME: Fee Application<br>REVIEW DRAFT MAY FEE APPLICATION. |
| 07/13/12 Fri | Napoliello, M 073112-130/1449 | 2.20 | 2.20 | 429.00 | | 1 | MATTER NAME: Fee Application<br>DRAFT APPLICATION AND COVER SHEET. |
| 07/13/12 Fri | Napoliello, M 073112-130/1450 | 2.30 | 2.30 | 448.50 | | 1 | MATTER NAME: Fee Application<br>PREPARE EDITS TO EXHIBITS FOR MAY STATEMENT. |
| 07/13/12 Fri | Whittman, B 073112-130/2446 | 0.10 | 0.10 | 70.00 | | 1 | MATTER NAME: Fee Application<br>REVIEW FINAL DRAFT OF MAY FEE APPLICATION. |
| 07/14/12 Sat | Frank, M 073112-130/807 | 0.40 | 0.40 | 170.00 | | 1 | MATTER NAME: Fee Application<br>REVIEW OF MAY 2012 FEE APPLICATION. |
| 07/14/12 Sat | Napoliello, M 073112-130/1451 | 1.70 | 1.70 | 331.50 | | 1 | MATTER NAME: Fee Application<br>PREPARE EXHIBITS FOR INTERIM APPLICATION. |

~  See the last page of exhibit for explanation

EXHIBIT K

A&M RETENTION/COMPENSATION

Alvarez & Marsal North America, LLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 07/15/12 Sun | Frank, M 073112-130/809 | 0.30 | 0.30 | 127.50 | | | 1 | MATTER NAME: *Fee Application* REVIEW OF INTERIM FEE APPLICATION DRAFT. |
| 07/15/12 Sun | Napoliello, M 073112-130/1452 | 2.80 | 2.80 | 546.00 | | | 1 | MATTER NAME: *Fee Application* FINALIZE FIRST DRAFT OF 14TH INTERIM. |
| 07/16/12 Mon | Frank, M 073112-130/816 | 0.40 | 0.40 | 170.00 | 0.30 0.10 | F F | 1 2 | MATTER NAME: *Fee Application* FINALIZE CHANGES TO INTERIM FEE APPLICATION (0.3), EMAIL CORRESPONDENCE WITH P. RATKOWIAK (COLE SCHOTZ) RE: FILING (0.1). |
| 07/30/12 Mon | Napoliello, M 073112-130/1453 | 1.70 | 1.70 | 331.50 | | | 1 | MATTER NAME: *Fee Application* BEGIN PREPARATION OF EXHIBITS FOR JUNE FEE STATEMENT. |
| 08/07/12 Tue | Napoliello, M 083112-130/1412 | 1.40 | 1.40 | 273.00 | | | 1 | MATTER NAME: *Fee Application* RESEARCH QUESTIONS REGARDING FEE EXHIBITS. |
| 08/07/12 Tue | Napoliello, M 083112-130/1413 | 3.80 | 3.80 | 741.00 | | | 1 | MATTER NAME: *Fee Application* PREPARE EXHIBITS FOR JUNE FEE STATEMENT. |
| 08/10/12 Fri | Napoliello, M 083112-130/1414 | 2.30 | 2.30 | 448.50 | | | 1 | MATTER NAME: *Fee Application* PREPARE EXHIBITS FOR JUNE FEE STATEMENT. |
| 08/12/12 Sun | Napoliello, M 083112-130/1415 | 1.90 | 1.90 | 370.50 | | | 1 | MATTER NAME: *Fee Application* PREPARE EXHIBITS FOR JUNE STATEMENT. |
| 08/13/12 Mon | Napoliello, M 083112-130/1416 | 3.20 | 3.20 | 624.00 | | | 1 | MATTER NAME: *Fee Application* DRAFT EXHIBIT FOR JUNE STATEMENT. |
| 08/13/12 Mon | Whitman, B 083112-130/2511 | 0.30 | 0.30 | 210.00 | | | 1 | MATTER NAME: *Fee Application* DRAFT EIGHTH SUPPLEMENTAL DECLARATION. |
| 08/14/12 Tue | Napoliello, M 083112-130/1417 | 3.60 | 3.60 | 702.00 | | | 1 | MATTER NAME: *Fee Application* FINALIZE FIRST DRAFT OF JUNE EXHIBITS. |
| 08/17/12 Fri | Napoliello, M 083112-130/1418 | 2.60 | 2.60 | 507.00 | | | 1 | MATTER NAME: *Fee Application* PREPARE EDITS TO JUNE EXHIBITS. |
| 08/20/12 Mon | Napoliello, M 083112-130/1419 | 0.30 | 0.30 | 58.50 | | | 1 | MATTER NAME: *Fee Application* REVIEW CASE DOCKET FOR CNO INFORMATION. |

~  See the last page of exhibit for explanation

EXHIBIT K

A&M RETENTION/COMPENSATION

Alvarez & Marsal North America, LLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
| 08/20/12 Mon | Napoliello, M 083112-130/1420 | 2.90 | 2.90 | 565.50 | | 1 | *MATTER NAME: Fee Application*<br>DRAFT JUNE COVER SHEET AND APPLICATION. |
| 08/21/12 Tue | Frank, M 083112-130/805 | 0.60 | 0.60 | 255.00 | | 1 | *MATTER NAME: Fee Application*<br>REVIEW OF JUNE FEE APPLICATION DRAFT. |
| 08/21/12 Tue | Napoliello, M 083112-130/1421 | 1.70 | 1.70 | 331.50 | | 1 | *MATTER NAME: Fee Application*<br>FINALIZE EDITS TO JUNE EXHIBITS. |
| 08/21/12 Tue | Whitman, B 083112-130/2577 | 0.20 | 0.20 | 140.00 | | 1 | *MATTER NAME: Fee Application*<br>REVIEW JUNE FEE APPLICATION. |
| 08/31/12 Fri | Hinglgen, D 083112-130/1411 | 2.70 | 2.70 | 810.00 | | 1 | *MATTER NAME: Fee Application*<br>DRAFT RESPONSE TO FEE EXAMINER'S 11TH PRELIMINARY REPORT. |

Total | | | 66.00 | $15,027.00

Number of Entries:    44

EXHIBIT K

A&M RETENTION/COMPENSATION

Alvarez & Marsal North America, LLC

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Frank, M | 2.30 | 977.50 |
| Gershner, A | 2.70 | 1,012.50 |
| Hingtgen, D | 2.70 | 810.00 |
| Napoliello, M | 56.60 | 11,037.00 |
| Ryan, L | 0.40 | 280.00 |
| Whittman, B | 1.30 | 910.00 |
| | 66.00 | $15,027.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Application | 62.90 | 13,734.50 |
| Litigation Trust Valuation | 3.10 | 1,292.50 |
| | 66.00 | $15,027.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F    FINAL BILL