**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

**FEE EXAMINER'S FINAL REPORT REGARDING THE**
**ELEVENTH QUARTERLY FEE APPLICATION OF ERNST & YOUNG LLP**

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Eleventh Quarterly Fee Application of Ernst & Young LLP* [Docket No. 12951] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $505,952.50 and reimbursement of expenses that total $4,210.86 for the period from June 1, 2012 through August 31, 2012. Ernst & Young LLP

---

[1] The Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

("**E&Y**") provides valuation and business modeling and marketing survey services to the Debtors and Debtors in Possession.

**Background**

1.      On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**"). On December 10, 2008, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2.      On June 5, 2009, the Debtors filed the *Application for an Order Authorizing Debtors to Retain and Employ Ernst & Young LLP to Provide (I) Valuation and Business Modeling Services and (II) Market Survey Services to the Debtors Pursuant to 11 U.S.C. §§ 327(a) and 1107, Nunc Pro Tunc to May 31, 2009* [Docket No. 1298] (the "**Retention Application**"). By order dated July 21, 2009, the Bankruptcy Court approved the retention of E&Y [Docket No. 1783] (the "**Retention Order**"). Four subsequent orders (collectively the "**Supplemental Retention Orders**") modified the scope of E&Y's engagement and/or authorized the firm to perform additional work on behalf of the Debtors.

3.      E&Y submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

**Applicable Standards**

4.      In light of the size and complexity of these Chapter 11 cases, the Bankruptcy Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee

-2-

and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.      The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**").   In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*.  In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect

to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

7.     A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.     The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Supplemental Retention Orders, the Interim Compensation Order, and all related filings and provided a Preliminary Report to E&Y for review and comment. Counsel for E&Y provided a written response to the Preliminary Report. After evaluation and consideration of the additional information provided by E&Y, the Fee Examiner submits this Final Report for the Court's consideration. This Final Report is in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of the applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and will also inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

## DISCUSSION OF FINDINGS

### <u>Technical Requirements</u>

9.      <u>**Reconciliation of Fees and Expenses.**</u>  The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**").  The Fee Application requested $501,777.50 in fees for hourly services and $4,175.00 in fixed fees. The Fee Examiner recomputed the requested hourly fees by multiplying each timekeeper's total hours by the applicable hourly rate.  For the fixed fees, the Fee Application provided the total fee amount and the total hours billed.  Using this information, the Fee Examiner calculated a blended hourly rate of $55.30 ($4,175.00/75.50 hours) for external contractor Ginny McGee.  The calculation of the blended hourly rate resulted in a discrepancy of $0.15 that was attributed to rounding.

The Fee Examiner further determined there was no discrepancy between the Expenses Requested and the Expenses Computed.  The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

10.     <u>**Block Billing.**</u>  The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*.  The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[2]  The Delaware Bankruptcy Court has found that time entries that

---

[2] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g., In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an

generally only combine work on one issue, and a conference/communication with the client or opposing counsel on the same issue, while technically blocked billing, will not be objectionable.[3] E&Y timekeepers did not block bill time entries.

11.   **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*.  The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*.  The Fee Examiner confirmed that E&Y recorded time entries in tenths of an hour.

12.   **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*.  The Fee Application provided the names, positions, and hourly rates of the 24 E&Y professionals and paraprofessionals who billed on an hourly basis to this matter, consisting of 1 partner/principal, 3 executive directors,  1 assistant  director,  4 senior  managers,  3 managers,  3 seniors, 6 staff/assistants, 2 interns, and 1 client servicing contractor.  In addition, 1 external contractor billed to this matter on a fixed fee basis.  A summary of hours and fees billed by each timekeeper is displayed in **Exhibit A**.[4]

---

across the board percentage reduction, *e.g., In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

[3] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

[4] This Final Report includes exhibits that detail and support the findings discussed herein.  Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit.  The tasks included in a specific category are underlined in the fee exhibits.  For purpose of context, other tasks within the

The firm billed a total of 1,571.00 hours with associated fees of $505,952.65.[5]    The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner/Principal | 40.00 | 3% | $ 21,000.00 | 4% |
| Executive Director | 49.50 | 3% | 25,962.50 | 5% |
| Assistant Director | 107.60 | 7% | 40,350.00 | 8% |
| Senior Manager | 409.80 | 26% | 193,895.00 | 38% |
| Manager | 140.40 | 9% | 52,650.00 | 10% |
| Senior | 178.00 | 11% | 48,950.00 | 10% |
| Staff/Assistant | 484.70 | 31% | 104,007.50 | 21% |
| Intern | 4.60 | * | 805.00 | * |
| Client Servicing Contractor | 80.90 | 5% | 14,157.50 | 3% |
| **Subtotal – Hourly Services** | **1,495.50** | | **$501,777.50** | |
| Fixed Fee | 75.50 | 5% | 4,175.15 | * |
| **TOTAL** | **1,571.00** | **100%** | **$505,952.65** | **100%** |

* Less than 1%

The blended hourly rate for the E&Y timekeepers (excluding the fixed fee) is $335.52.

13.    **Hourly Rate Increases.**    E&Y did not increase the hourly rate of any timekeeper during this interim period.

14.    **Timekeepers' Roles.**    A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4).*  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.    On the whole, each E&Y timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals. Certain timekeepers billed only one or two fee entries and are

---

same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

[5] This amount reflects the Fees Computed.

questioned as to whether their activities could have been more appropriately and efficiently performed by timekeepers who were more involved in the matter. The four questioned timekeepers billed 6.60 hours and $1,605.00 in associated fees, which was displayed in **Exhibit B** to the Preliminary Report. E&Y responded to the Fee Examiner's request by providing a detailed explanation by professional and project category to substantiate the hours and associated fees charged by each of the questioned timekeepers. After analysis of the supplemental information provided, the Fee Examiner makes no recommendation for a fee reduction. Exhibit B is omitted from this report.

15.     **Potential Double Billing.** The Fee Examiner did not identify any duplicate fee entries.

16.     **Meetings, Conferences, Hearings, and Other Events.** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v).* While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more E&Y timekeepers attended the same meeting, conference, hearing, or other event. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the need for multiple attendees. The entries, totaling 135.70 hours with $55,032.50 in associated fees, were displayed in **Exhibit C** to the Preliminary Report. In each instance where multiple timekeepers

attended a meeting, conference, hearing or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the professional leading rather than observing a conference).    The potentially duplicative and unnecessary timekeepers' entries totaled 92.60 hours with $32,905.00 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit.  The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response to the Preliminary Report, E&Y provided a detailed spreadsheet that addressed each of the questioned fee entries by providing additional information regarding the subject matter of the events and the role of each attendee.  After consideration of the additional information, the Fee Examiner makes no recommendation for a fee reduction.  Exhibit C has been omitted from the Final Report.

17.    **Intraoffice Conferences.**    Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified billing activities by E&Y timekeepers describing intraoffice conferences totaling 53.50 hours with $19,872.50 in associated fees, approximately 4% of the Fees Computed, as were displayed in **Exhibit D** to the Preliminary Report.  In certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference.  The entries describing intraoffice conferences invoiced by two or more firm personnel totaled 48.20 hours with $17,565.00 in associated fees, which were highlighted in bold and marked with an ampersand [&] in the exhibit.  An explanation of the timekeeper's roles, the necessity of the

attendance of the timekeepers, and the necessity of this level of intraoffice conferencing was requested.

In response, E&Y provided a detailed chart with explanations, by date, timekeeper and matter, which explained the necessity and appropriateness of each of the questioned intraoffice conferences. After analyzing the firm's informative response and relatively low percentage of intraoffice conferences, the Fee Examiner makes no recommendation for a fee reduction. Exhibit D is omitted from this report.

18. **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. Additionally, the UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*. E&Y timekeepers sufficiently described the services performed.

19. **Administrative Activities.** Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the firm's hourly rates. The Fee Examiner did not identify any administrative activities.

20.    **Clerical Activities.** Clerical activities do not require legal acumen, and may be effectively performed by administrative assistants, secretaries, or support personnel.  Similar to administrative activities, clerical activities are generally not billable and are considered to be part of the firm's overhead.  In the 3rd Circuit, however, some clerical and non-clerical activities may be compensable at a rate commensurate with the level of expertise or knowledge typically found to be necessary to complete the task.  The Fee Examiner reviewed each timekeeper's billing activities and did not identify any clerical activities.

21.    **Travel.** The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii).*  E&Y invoiced non-working travel in accordance with the local rules.

22.    **E&Y Retention/Compensation.** E&Y billed 38.60 hours with associated fees of $6,755.00 to prepare the firm's applications for retention/compensation, approximately 1% of the Fees Computed.  The fee entries describing E&Y's retention/compensation activities are displayed in **Exhibit E**, which is included in the Final Report for the Court's reference.

### Review of Expenses

23.    **Itemization of Expenses.** The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii).*  The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.,* type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and

purpose of the expense. Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii).* E&Y provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

24.    **Overtime Expenses.** E&Y requested reimbursement of overtime transportation charges totaling $37.00 and overtime meal charges totaling $26.50. Although a firm may have a policy that personnel may be reimbursed for travel home when working late and meals for employees while working late, such charges are considered part of the firm's overhead. These charges, totaling $63.50, were displayed in **Exhibit F** to the Preliminary Report. In response, E&Y disagreed with the Fee Examiner's position but, nevertheless, agreed to a voluntary expense reduction in the amount of $63.50. Exhibit F has been omitted from the Final Report.

## CONCLUSION

The Fee Examiner submits this final report regarding Ernst & Young LLP's Fee Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $505,952.50 and reimbursement of expenses that total $4,147.36 ($4,210.86 minus $63.50) for the period from June 1, 2012 through August 31, 2012. The findings are set forth in the summary on the following page.

**ERNST & YOUNG LLP**

**SUMMARY OF FINDINGS**

**Eleventh Quarterly Fee Application (June 1, 2012 through August 31, 2012)**

**A.    Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $505,952.50 | |
| Expenses Requested | 4,210.86 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $510,163.36 |
| | | |
| Fees Computed | $505,952.65 | |
| Expenses Computed | 4,210.86 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $510,163.51 |
| | | |
| Discrepancy in Fees (Rounding) | ($      0.15) | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | ($      0.15) |

**B.    Recommended Fee Allowance and Expense Reimbursement**

| | | | |
|---|---|---|---|
| Fees Requested | $505,952.50 | | |
| | | | |
| RECOMMENDED FEE ALLOWANCE | | | $505,952.50 |
| | | | |
| Expenses Requested | $4,210.86 | | |
| *Agreed Reduction for Overtime Expenses* | | *($ 63.50)* | |
| Subtotal | | *($ 63.50)* | |
| | | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 4,147.36 |
| | | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $510,099.86 |

Respectfully submitted,

**STUART MAUE**

By: _____

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 27th day of March, 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Matthew Howley, Esq.
Ernst & Young LLP
155 North Wacker Drive
Chicago, IL 60606

John Weiss, Esq.
Alston & Bird LLP
90 Park Avenue, Suite 1200
New York, NY 10016

_____
John F. Theil, Esq.

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

### Ernst & Young

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| MHOW | Howley, Matthew C. | PARTNER/PRINCIP | $525.00 | $525.00 | 40.00 | $21,000.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $525.00 | | 40.00 | $21,000.00 |
| | | | | | % of Total: 2.55% | % of Total: 4.15% |
| JMAS | Mason, Jon S. | EXEC DIRECTOR | $525.00 | $525.00 | 31.80 | $16,695.00 |
| SWOJ | Wojcickyj, Stefan | EXEC DIRECTOR | $525.00 | $525.00 | 16.70 | $8,767.50 |
| PSMI | Smith, Peter | EXEC DIRECTOR | $500.00 | $500.00 | 1.00 | $500.00 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $524.49 | | 49.50 | $25,962.50 |
| | | | | | % of Total: 3.15% | % of Total: 5.13% |
| KCON | Conrad, Kelly E. | ASST DIRECTOR | $375.00 | $375.00 | 107.60 | $40,350.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $375.00 | | 107.60 | $40,350.00 |
| | | | | | % of Total: 6.85% | % of Total: 7.98% |
| BVEN | Venisnik, Bradley J. | SENIOR MANAGER | $475.00 | $475.00 | 186.80 | $88,730.00 |
| MJON | Jones, Matthew C. | SENIOR MANAGER | $475.00 | $475.00 | 173.90 | $82,602.50 |
| JPUT | Putnam, Joshua Eric | SENIOR MANAGER | $237.50 | $475.00 | 48.60 | $22,325.00 |
| CFIL | Filippou, Cheryl Alison | SENIOR MANAGER | $475.00 | $475.00 | 0.50 | $237.50 |
| | No. of Billers for Position: 4 | Blended Rate for Position: | $473.15 | | 409.80 | $193,895.00 |
| | | | | | % of Total: 26.09% | % of Total: 38.32% |
| JKNI | Knightly, James Charles | MANAGER | $375.00 | $375.00 | 126.60 | $47,475.00 |
| MORS | Orsburn, Mary Ella | MANAGER | $375.00 | $375.00 | 11.30 | $4,237.50 |
| KKEN | Kennedy, Kelly | MANAGER | $375.00 | $375.00 | 2.50 | $937.50 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $375.00 | | 140.40 | $52,650.00 |
| | | | | | % of Total: 8.94% | % of Total: 10.41% |
| KWIL | Wilusz, Kaitlin M. | SENIOR | $275.00 | $275.00 | 157.90 | $43,422.50 |

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Ernst & Young**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| AJAS | Assenza, Adam J. | SENIOR | $275.00 | $275.00 | 17.00 | $4,675.00 |
| JHAR | Harig, James Michael | SENIOR | $275.00 | $275.00 | 3.10 | $852.50 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $275.00 | | 178.00 | $48,950.00 |
| | | | | % of Total: | 11.33% % of Total: | 9.67% |
| MHOR | Horvath, Matthew R. | STAFF/ASSISTANT | $137.50 | $275.00 | 200.10 | $54,202.50 |
| JARV | Arvin, James F. | STAFF/ASSISTANT | $175.00 | $175.00 | 220.00 | $38,500.00 |
| NROD | Rodriguez, Nancy Walton | STAFF/ASSISTANT | $175.00 | $175.00 | 38.60 | $6,755.00 |
| FGHA | Ghawi, Faris N. | STAFF/ASSISTANT | $175.00 | $175.00 | 19.00 | $3,325.00 |
| SHUE | Huennekens, Scott J. | STAFF/ASSISTANT | $175.00 | $175.00 | 5.50 | $962.50 |
| CHOW | Howard, Cherly Gay | STAFF/ASSISTANT | $175.00 | $175.00 | 1.50 | $262.50 |
| | No. of Billers for Position: 6 | Blended Rate for Position: | $214.58 | | 484.70 | $104,007.50 |
| | | | | % of Total: | 30.85% % of Total: | 20.56% |
| MCAH | Cahill, Michael | INTERN | $175.00 | $175.00 | 2.30 | $402.50 |
| SYUN | Yun, Sara Katherine | INTERN | $175.00 | $175.00 | 2.30 | $402.50 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $175.00 | | 4.60 | $805.00 |
| | | | | % of Total: | 0.29% % of Total: | 0.16% |
| JREI | Reichel, Jacqueline B. | CLIENT SERV CON | $175.00 | $175.00 | 80.90 | $14,157.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $175.00 | | 80.90 | $14,157.50 |
| | | | | % of Total: | 5.15% % of Total: | 2.80% |
| GMCG | McGee (Ext Contractor), Ginny | FIXED FEE | $55.30 | $55.30 | 75.50 | $4,175.15 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $55.30 | | 75.50 | $4,175.15 |
| | | | | % of Total: | 4.81% % of Total: | 0.83% |

### SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

### COMPUTED AT STANDARD RATES

**Ernst & Young**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| | Total No. of Billers: 25 | Blended Rate for Report: | $322.06 | | 1,571.00 | $505,952.65 |

EXHIBIT E

E&Y RETENTION/COMPENSATION

Ernst & Young

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Rodriguez, N | 38.60 | 6,755.00 |
| | 38.60 | $6,755.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee/Employment Applications | 38.60 | 6,755.00 |
| | 38.60 | $6,755.00 |

EXHIBIT E
E&Y RETENTION/COMPENSATION
Ernst & Young

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | DESCRIPTION |
|---|---|---|---|---|---|
| 06/14/12 Thu | Rodriguez, N 201208-160/624 | 0.80 | 0.80 | 140.00 | MATTER NAME: Fee/Employment Applications<br>1 INITIAL ANALYSIS OF FEE APPLICATION DATA FOR MARCH - MAY, 2012 |
| 07/11/12 Wed | Rodriguez, N 201208-160/625 | 2.60 | 2.60 | 455.00 | MATTER NAME: Fee/Employment Applications<br>1 CONTINUED ANALYSIS OF FEE APPLICATION DATA FOR MARCH - MAY, 2012 |
| 07/12/12 Thu | Rodriguez, N 201208-160/626 | 0.80 | 0.80 | 140.00 | MATTER NAME: Fee/Employment Applications<br>1 CONTINUED ANALYSIS OF FEE APPLICATION DATA FOR MARCH - MAY, 2012 |
| 07/13/12 Fri | Rodriguez, N 201208-160/627 | 1.70 | 1.70 | 297.50 | MATTER NAME: Fee/Employment Applications<br>1 INITIAL COMPILATION OF FEE APPLICATION FOR MARCH - MAY, 2012 |
| 07/16/12 Mon | Rodriguez, N 201208-160/628 | 4.10 | 4.10 | 717.50 | MATTER NAME: Fee/Employment Applications<br>1 CONTINUED COMPILATION OF FEE APPLICATION FOR MARCH - MAY, 2012 |
| 07/17/12 Tue | Rodriguez, N 201208-160/629 | 5.40 | 5.40 | 945.00 | MATTER NAME: Fee/Employment Applications<br>1 CONTINUED COMPILATION OF FEE APPLICATION FOR MARCH - MAY, 2012 |
| 07/27/12 Fri | Rodriguez, N 201208-160/630 | 0.20 | 0.20 | 35.00 | MATTER NAME: Fee/Employment Applications<br>1 CALL WITH M. JONES, EY SENIOR MANAGER OVERSEEING ALL VALUATION WORKSTREAMS, TO DISCUSS BANKRUPTCY EXPENSE LIMITS AND FEES (ATTENDED AS EY STAFF RESPONSIBLE FOR PREPARATION OF MONTHLY FEE APPLICATIONS AND SUPPLEMENTAL CONNECTIONS CHECKS) |
| 08/02/12 Thu | Rodriguez, N 201208-160/631 | 1.90 | 1.90 | 332.50 | MATTER NAME: Fee/Employment Applications<br>1 CONTINUED COMPILATION OF FEE APPLICATION FOR MARCH - MAY, 2012 |
| 08/03/12 Fri | Rodriguez, N 201208-160/632 | 6.20 | 6.20 | 1,085.00 | MATTER NAME: Fee/Employment Applications<br>1 CONTINUED COMPILATION OF FEE APPLICATION FOR MARCH - MAY, 2012 |
| 08/09/12 Thu | Rodriguez, N 201208-160/633 | 1.80 | 1.80 | 315.00 | MATTER NAME: Fee/Employment Applications<br>1 CONTINUED COMPILATION OF FEE APPLICATION FOR MARCH - MAY, 2012 |
| 08/13/12 Mon | Rodriguez, N 201208-160/634 | 0.20 | 0.20 | 35.00 | MATTER NAME: Fee/Employment Applications<br>1 INITIAL PREPARATION OF MONTHLY FEES INCURRED FOR DECEMBER - JULY PER DEBTOR'S REQUEST (N. CHAKIRIS, TRIBUNE ASST. CONTROLLER) |
| 08/15/12 Wed | Rodriguez, N 201208-160/635 | 6.00 | 6.00 | 1,050.00 | MATTER NAME: Fee/Employment Applications<br>1 CONTINUED PREPARATION OF MONTHLY FEES INCURRED FOR DECEMBER - JULY PER DEBTOR'S REQUEST (N. CHAKIRIS, TRIBUNE ASST. CONTROLLER) |
| 08/16/12 Thu | Rodriguez, N 201208-160/636 | 1.40 | 1.40 | 245.00 | MATTER NAME: Fee/Employment Applications<br>1 CONTINUED PREPARATION OF MONTHLY FEES INCURRED FOR DECEMBER - JULY PER DEBTOR'S REQUEST (N. CHAKIRIS, TRIBUNE ASST. CONTROLLER) |

EXHIBIT E
E&Y RETENTION/COMPENSATION
Ernst & Young

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | | DESCRIPTION |
|------|-----------------|-------------|-------|------|--|-------------|
| 08/17/12 Fri | Rodriguez, N 201208-160/637 | 0.60 | 0.60 | 105.00 | 1 | MATTER NAME: Fee/Employment Applications FINAL PREPARATION OF MONTHLY FEES INCURRED FOR DECEMBER - JULY PER DEBTOR'S REQUEST (N. CHAKIRIS, TRIBUNE ASST. CONTROLLER) |
| 08/20/12 Mon | Rodriguez, N 201208-160/638 | 2.20 | 2.20 | 385.00 | 1 | MATTER NAME: Fee/Employment Applications CONTINUED COMPILATION OF FEE APPLICATION FOR MARCH - MAY, 2012 |
| 08/21/12 Tue | Rodriguez, N 201208-160/639 | 1.80 | 1.80 | 315.00 | 1 | MATTER NAME: Fee/Employment Applications CONTINUED COMPILATION OF FEE APPLICATION FOR MARCH - MAY, 2012 |
| 08/28/12 Tue | Rodriguez, N 201208-160/640 | 0.90 | 0.90 | 157.50 | 1 | MATTER NAME: Fee/Employment Applications CONTINUED COMPILATION OF FEE APPLICATION FOR MARCH - MAY, 2012 |
| Total | | | 38.60 | $6,755.00 | | |

Number of Entries: 17

EXHIBIT E

E&Y RETENTION/COMPENSATION

Ernst & Young

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Rodriguez, N | 38.60 | 6,755.00 |
| | 38.60 | $6,755.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee/Employment Applications | 38.60 | 6,755.00 |
| | 38.60 | $6,755.00 |