## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, etal.,[1]

Reorganized Debtors.

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

### FEE EXAMINER'S FINAL REPORT REGARDING THE FIFTEENTH
### QUARTERLY FEE APPLICATION OF MCDERMOTT WILL & EMERY LLP

Stuart Maue (the **"Fee Examiner"**) submits this Final Reportpursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the **"Fee Examiner Order"**) in connection with the *Fifteenth Quarterly Fee Application of McDermott Will & Emery LLP as Special Counsel to Debtors for Domestic Legal Matters, for Allowance of Compensation and Reimbursement of Expenses for the Period June 1, 2012 Through August 31, 2012* [Docket No. 12564](the **"Fee Application"**). The Fee Application seeks approval of fees that total $826,169.50 and reimbursement of expenses that

---

[1]The Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the fast four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

total $37,729.07 for the period from June 1, 2012 through August 31, 2012.  McDermott Will & Emery LLP ("**McDermott**") serves as Special Counsel to the Debtors for Domestic Legal Matters.

## Background

1.     On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2.     On December 26, 2008, the Debtors filed the *Application for an Order Authorizing Debtors to Employ and Retain McDermott Will & Emery LLP as Special Counsel for General Domestic Legal Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to the Petition Date* [Docket No. 141] (the "**Retention Application**").   By order dated March 12, 2009 [Docket 511], this Court approved the retention of McDermott (the "**Retention Order**").

3.     McDermott submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

## Applicable Standards

4.     In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of

Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.      The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable

-3-

based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

7.      A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.      The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provides this Preliminary Report to McDermott for review and comment. The Fee Examiner will issue a final report (the **"Final Report"**) with respect to each quarterly fee application and the firm's final fee application. The Final Report "shall be in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5.*

## DISCUSSION OF FINDINGS

### Technical Requirements

9.      **Reconciliation of Fees and Expenses.**    The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application (**"Fees Requested"** and **"Expenses Requested"**) to the fees and expenses actually documented in the electronic and/or

hard copy data received from the firm (**"Fees Computed"** and **"Expenses Computed"**). The Fee Examiner determined that the Fees Computed exceeded the Fees Requested by $21.00, resulting in an apparent undercharge. The discrepancy was the result of task hours within two entries that did not equal the time billed for the entry as a whole, which was displayed in **Exhibit A** to the Preliminary Report.    The firm agreed with the Fee Examiner's calculations, and McDermott's fees requested should be increased accordingly, by an amount of $21.00. Exhibit A is omitted from this Report.

The Fee Examiner further determined that there was no discrepancy between the Expenses Requested and the Expenses Computed.    The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

10.    **Block Billing.**[2]   The Local Rules provide that "[a]ctivity descriptions shall not be lumped - each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*. The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines*¶(b)(4)(v).[3]   The Delaware Bankruptcy Court has found that time entries that generally only combine work on one issue, and a conference/communication with the client or

---

[2] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

[3] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr.E.D.N.Y. 2007).Across the board cuts range from five to 100 percent.*See id.*at 495 n.7 and cases cited.

opposing counsel on the same issue, while technically blocked billing, will not be objectionable.[4] McDermott's block billed entries totaled 170.90 hours with $141,117.00 in associated fees. The entries were displayed in **Exhibit B**[5] to the Preliminary Report. However, none of the block billed entries were objectionable under precedent established by this Court. Exhibit B is omitted from this Report.

11.     **Time Increments.** The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*. The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*. Billing in greater than 0.10 hour increments is a practice that lends itself to the potential of increased rounding of time, thereby increasing the likelihood the reported time may be inflated. It is a practice widely criticized by courts and legal scholars and is typically prohibited by sophisticated consumers of legal services. The Fee Examiner reviewed the Fee Application and determined that the firm properly billed its time.

## Review of Fees

12.     **Firm Staffing.** The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably

---

[4] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

[5] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*.  The

Fee Application provided the names, positions, and hourly rates of the 33 McDermott

professionals and paraprofessionals who billed to this matter, consisting of 18 partners,

1 counsel, 8 associates, 1 senior staff attorney, 1 staff attorney, 1 library research manager,

2 paralegals, and 1 library research assistant.   A summary of hours and fees billed by each

timekeeper is displayed in **Exhibit C**.

The firm billed a total of 1,147.10 hours with associated fees of $826,190.50.[6]   The

following table displays the hours and fees computed by timekeeper position and the percentage

of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 786.60 | 69% | $676,670.50 | 82% |
| Counsel | 0.50 | * | 332.50 | * |
| Associate | 290.40 | 25% | 131,983.00 | 16% |
| Senior Staff Attorney | 4.30 | * | 1,053.50 | * |
| Staff Attorney | 1.20 | * | 294.00 | * |
| Library Research Manager | 0.30 | * | 90.00 | * |
| Paralegal | 59.80 | 5% | 15,067.00 | 2% |
| Library Research Assistant | 4.00 | * | 700.00 | * |
| **TOTAL** | 1,147.10 | 100% | $826,190.50 | 100% |

* Less than 1%

The blended hourly rate for the McDermott professionals is $748.23 and the blended hourly rate

for professionals and paraprofessionals is $720.24.

13.    **Hourly Rate Increases.**    McDermott did not increase the hourly rates of

timekeepers during this interim period.

14.    **Timekeepers' Roles.**    A court may not allow compensation of fees for

duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*.  With this directive in mind, the Fee

Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to

---

[6]This amount reflects the Fees Computed.

the representation, including a comparison to others' efforts. Of the 29 professional McDermott timekeepers that billed during this fee period, 13 billed less than 10.00 hours and 14 billed less than 10 entries. Seeing a large number of timekeepers with limited roles raises concerns as to whether or not the matter is being staffed efficiently. The Fee Examiner reviewed the fee entries billed by these professional timekeepers and most appeared to perform core team responsibilities necessary to the engagement or discrete activities that did not appear to be duplicative of the activities of other timekeepers. However, the Fee Examiner requested additional information regarding the necessity and scope of the roles performed by the McDermott timekeepers identified in **Exhibit D** to the Preliminary Report, which totaled 1.70 hours with associated fees of $754.00.

In response to the Preliminary Report, McDermott explained that one of the timekeepers questioned was asked to perform a discrete task based upon her extensive experience and knowledge in a particular area of law. With regard to the other questioned timekeeper, McDermott responded by providing additional information regarding his roles and activities. Based upon the additional information provided, a fee reduction is not warranted. Exhibit D is omitted from this Report.

15.    **Meetings, Conferences, Hearings, and Other Events.** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*. While it may be appropriate to have multiple attendees at

some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more McDermott timekeepers attended the same meeting, conference, hearing, or other event. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 85.20 hours with $76,759.00 in associated fees, were displayed in **Exhibit E** to the Preliminary Report. In each instance where multiple timekeepers attended a meeting, conference, hearing or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference). The potentially duplicative and unnecessary timekeepers' entries totaled 50.70 hours with $43,065.50 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response to the Preliminary Report, McDermott provided the Fee Examiner with a lengthy and detailed explanation of the specific subject matter and purpose of the meetings in question, as well as the role of the various participants. The extensive detail satisfies the requirements of the Local Rules and UST Guidelines, and after analysis of the same, the Fee Examiner makes no recommendation for a related fee reduction. Exhibit E has been omitted from the Final Report.

16.    **Intraoffice Conferences.**    Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel.

The Fee Examiner identified billing activities by McDermott timekeepers describing intraoffice conferences totaling 86.20 hours with $67,148.00 in associated fees, or approximately 8% of the Fees Computed, as were displayed in **Exhibit F** to the Preliminary Report. The Fee Examiner observed that in certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference. The entries describing intraoffice conferences invoiced by two or more firm personnel totaled 71.60 hours with $55,170.50 in associated fees and were highlighted in bold and marked with an ampersand [&] in the Exhibit. The Fee Examiner requested that McDermott strive to eliminate unnecessary intraoffice conferencing, and further requested that the firm provide an explanation for the necessity of more than one participant billing for the same intraoffice conference as identified in the Exhibit.

In response, McDermott provided a detailed explanation as to the necessity and appropriateness of the questioned conferences. The firm also verified that it continues to monitor the level of intraoffice conferences and that it encourages its timekeepers to work efficiently in order to keep such intraoffice conferences to the minimum amount necessary to accomplish the specific task. After due consideration of the firm's informative response, the Fee Examiner makes no recommendation for a fee reduction. Exhibit F has been omitted from this Report.

17.    **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and

that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.

a. **Vague Communications.** The Fee Examiner identified several entries, totaling 1.70 hours with $850.00 in associated fees, in which a conference or other communication was not described with sufficient detail. This lack of detail hinders a reviewer's ability to determine the reasonableness and necessity of the activity, and is in clear violation of the applicable guidelines. The entries were displayed in **Exhibit G** to the Preliminary Report.

To avoid a fee reduction, the Fee Examiner asked the firm to bring the entries into compliance by providing the missing subject matter and/or participant information from the vague communications. In response, the firm revised the questioned communications. The additional detail provided the missing participant and/or subject matter information, which brought the entries into compliance with the Local Rules and UST Guidelines. As such, no fee reduction is appropriate. Exhibit G is omitted from this report.

b. **Other Vague Tasks.** The Fee Examiner reviewed the substantive detail of each billing entry and identified other entries where the Fee Examiner could not determine the precise nature of the services performed by the timekeeper. The entries were displayed in **Exhibit H** to the Preliminary Report and totaled 9.90 hours with $6,805.50 in associated fees. As reflected in the Local Rules and UST Guidelines, billing entries must adequately describe the services actually performed to allow a determination of whether the task was staffed

-11-

appropriately, whether the task involved the exercise of legal judgment, and/or whether the task was duplicated by other timekeepers.[7]

The Fee Examiner requested the firm clarify the entries displayed in the exhibit to avoid a fee reduction. In response to the Preliminary Report, the firm provided a list that contained additional detail for each of the task descriptions in question. The additional information brought the entries into compliance with the Local Rules and UST Guidelines and, accordingly, the Fee Examiner makes no recommendation for a fee reduction. Exhibit H has been omitted from this Report.

18.     **Administrative Activities.** Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The Fee Examiner did not identify any administrative fee entries.

19.     **Clerical Activities.** Clerical activities do not require legal acumen, and may be effectively performed by administrative assistants, secretaries, or support personnel. Similar to administrative activities, clerical activities are generally not billable and are considered to be part of the firm's overhead. In the 3rd Circuit, however, some clerical and non-clerical activities may be compensable at a rate commensurate with the level of expertise or knowledge typically found to be necessary to complete the task. The Fee Examiner did not identify any questionable fee entries.

20.     **Travel.** The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii).* McDermott timekeepers did not bill any fees for travel.

---

[7] Vague entries do not allow the court to determine the reasonableness and necessity of the effort expended, and fees may be denied or reduced when insufficiently documented. *E.g., In re Bennett Funding, Inc.,* 213 B.R. 234, 245-46 (Bankr.N.D.N.Y. 1997). Entries for legal research must identify the issue and explain the research need. *In re Fibermark, Inc.,* 349 B.R. 385, 397 (Bankr. D. Vt. 2006).

21.     **McDermott Retention/Compensation.**     McDermott billed 59.20 hours with associated fees of $28,790.00 to prepare the firm's applications for compensation, approximately 3% of the Fees Computed.  The fee entries describing McDermott's retention/compensation activities are displayed in **Exhibit I**, which is included in the Final Report for the Court's reference.

**Review of Expenses**

22.     **Itemization of Expenses.**     The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the charge, if available." *Local Rule 2016-2(e)(i-ii)*.    The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*.  McDermott provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

23.     **Photocopies.**     The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii)*.  McDermott stated in the Application that it "charged the Debtors the maximum permitted amount of $0.10 per page."

24.     **Business Meals.**  McDermott requested reimbursement of $61.24 for "business meals."     The Fee Examiner requested that McDermott provide supplemental information explaining the purpose of the meal charges displayed in **Exhibit J** to the Preliminary Report. In response, McDermott agreed to waive the expense items in question, which results in an expense reimbursement reduction of $61.24. Exhibit J is omitted from this Report.

25.     **Vaguely Described Travel Expenses.**  McDermott requested reimbursement for the out-of-town travel expenses, which were displayed in **Exhibit K** to the Preliminary Report. The Fee Examiner requested a detailed itemization for these charges including the type of charges incurred (airfare, lodging, etc.) and the amount of each charge. With regard to meals, the Fee Examiner further requested that McDermott provide information regarding the type of meal (breakfast, lunch, or dinner) and the number of attendees for the meal expense. The Fee Examiner has recommended and the Court has followed certain per person ceilings for meals incurred during travel (i.e. breakfast - $15.00, lunch - $25.00, and dinner - $50.00). With regard to lodging, the Fee Examiner further requested that McDermott provide information regarding the number of nights.   The Fee Examiner has recommended and the Court has followed a domestic lodging ceiling of $350.00 per night.  The Fee Examiner also requested an explanation for the purpose and necessity of the transportation charges included in the Exhibit.

McDermott provided all of the information requested in a detailed table, and after reviewing the same the Fee Examiner does not recommend a related expense reduction. Exhibit K has been omitted from the Final Report.

26.     **Overtime Expenses.**  McDermott requested reimbursement of overtime meals totaling $17.04 and overtime transportation totaling $45.14. Although a firm may have a policy that personnel may be reimbursed for travel home when working late and meals for employees

-14-

while working late, such charges are generally considered part of the firm's overhead. These charges, totaling $62.18, were displayed in **Exhibit L** to the Preliminary Report. In response, McDermott agreed to waive the expense items in question, which results in an expense reduction in the amount of $62.18. Exhibit L is omitted from this Report.

## CONCLUSION

The Fee Examiner submits this final report regarding the Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $826,190.50 ($826,169.50 plus $21.00) and reimbursement of expenses in the amount of $37,605.65 ($37,729.07 minus $123.42) for the period from June 1, 2012 through August 31, 2012. The findings are set forth in the summary on the following page.

**MCDERMOTT WILL & EMERY LLP**

**SUMMARY OF FINDINGS**

**Fifteenth Quarterly Fee Application (June 1, 2012 through August 31, 2012)**

**A.     Amounts Requested and Computed**

| | | |
|---|---:|---:|
| Fees Requested | $826,169.50 | |
| Expenses Requested | 37,729.07 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $863,898.57 |
| | | |
| Fees Computed | $826,190.50 | |
| Expenses Computed | 37,729.07 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $863,919.57 |
| | | |
| Discrepancy in Fees | ($     21.00) | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | ($     21.00) |

**B.     Recommended Fee Allowance and Expense Reimbursement**

| | | | |
|---|---:|---:|---:|
| Fees Requested | $826,169.50 | | |
| *Discrepancy in Fees* | | *$21.00* | |
| | Subtotal | *$21.00* | |
| | | | |
| RECOMMENDED FEE ALLOWANCE | | | $826,190.50 |
| | | | |
| Expenses Requested | $37,729.07 | | |
| *Agreed Reduction for Business Meals* | | *($  61.24)* | |
| *Agreed Reduction for Overtime Expenses* | | *(62.18)* | |
| | Subtotal | *($123.42)* | |
| | | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 37,605.65 |
| | | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $863,796.15 |

Respectfully submitted,

**STUART MAUE**

By: _____

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 27th day of March, 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath& Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne& Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE  19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Blake D. Rubin, Esq.
McDermott Will & Emery LLP
600 13th Street N.W.
Washington, DC 20005-3096

_____
John F. Theil, Esq.

### SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL
### COMPUTED AT STANDARD RATES
**McDermott, Will & Emery**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 0342 | Rubin, Blake D. | PARTNER | $995.00 | $995.00 | 252.70 | $251,436.50 |
| 0344 | Finkelstein, Jon G. | PARTNER | $765.00 | $765.00 | 188.90 | $144,508.50 |
| 0343 | Whiteway, Andrea M. | PARTNER | $885.00 | $885.00 | 146.10 | $129,298.50 |
| 4378 | Greenhouse, Robin L. | PARTNER | $900.00 | $900.00 | 38.20 | $34,380.00 |
| 1086 | Wilder, Michael J. | PARTNER | $780.00 | $780.00 | 37.60 | $29,328.00 |
| 4809 | Lee, Michael V. | PARTNER | $710.00 | $710.00 | 34.70 | $24,637.00 |
| 8422 | Hazan, Nava | PARTNER | $645.00 | $645.00 | 16.80 | $10,836.00 |
| 6395 | Harris, Ryan D. | PARTNER | $640.00 | $640.00 | 14.40 | $9,216.00 |
| 7142 | Gordon, Amy M. | PARTNER | $725.00 | $725.00 | 12.70 | $9,207.50 |
| 1551 | Gruemmer, Brooks B. | PARTNER | $840.00 | $840.00 | 10.10 | $8,484.00 |
| 803 | Compernolle, Paul J. | PARTNER | $820.00 | $820.00 | 10.30 | $8,446.00 |
| 3051 | Bilut, Mark A. | PARTNER | $735.00 | $735.00 | 8.20 | $6,027.00 |
| 8311 | Lin, Christopher | PARTNER | $595.00 | $595.00 | 9.50 | $5,652.50 |
| 2812 | Schaefer, Susan | PARTNER | $820.00 | $820.00 | 3.30 | $2,706.00 |
| 301 | Erf, Stephen D. | PARTNER | $800.00 | $800.00 | 1.40 | $1,120.00 |
| 2810 | Merten, William W. | PARTNER | $820.00 | $820.00 | 0.60 | $492.00 |
| 1021 | Harrington, Carol | PARTNER | $920.00 | $920.00 | 0.50 | $460.00 |
| 3914 | Solomon, Todd A. | PARTNER | $725.00 | $725.00 | 0.60 | $435.00 |

|  | No. of Billers for Position: 18 | Blended Rate for Position: | $860.25 | | 786.60 | $676,670.50 |
|---|---|---|---|---|---|---|
|  |  |  |  | % of Total: | 68.57% | % of Total: 81.90% |
| 1504 | O'Brien, Maureen | COUNSEL | $665.00 | $665.00 | 0.50 | $332.50 |
|  | No. of Billers for Position: 1 | Blended Rate for Position: | $665.00 | | 0.50 | $332.50 |
|  |  |  |  | % of Total: | 0.04% | % of Total: 0.04% |
| 0109 | Chan, Gale E. | ASSOCIATE | $500.00 | $500.00 | 117.20 | $58,600.00 |
| 1242 | Blair-Stanek, Andrew | ASSOCIATE | $435.00 | $435.00 | 52.00 | $22,620.00 |
| 0676 | Kopacz, Gregory A. | ASSOCIATE | $435.00 | $435.00 | 47.70 | $20,749.50 |
| 3258 | Robert, John | ASSOCIATE | $365.00 | $365.00 | 43.90 | $16,023.50 |
| 9085 | McCurry, Patrick J. | ASSOCIATE | $500.00 | $500.00 | 17.90 | $8,950.00 |
| 1911 | Neville, David R. | ASSOCIATE | $500.00 | $500.00 | 5.70 | $2,850.00 |

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

### McDermott, Will & Emery

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|----------|------|----------|--------------|--------------|----------------|---------------|
| 0664 | Parker, Cole | ASSOCIATE | $365.00 | $365.00 | 4.60 | $1,679.00 |
| 1760 | Ryan, Patrick | ASSOCIATE | $365.00 | $365.00 | 1.40 | $511.00 |
| | No. of Billers for Position: 8 | Blended Rate for Position: | $454.49 | | 290.40 | $131,983.00 |
| | | | | % of Total: | 25.32% % of Total: | 15.97% |
| 0831 | Newgard, Brant A. | SR STAFF ATTY | $245.00 | $245.00 | 4.30 | $1,053.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $245.00 | | 4.30 | $1,053.50 |
| | | | | % of Total: | 0.37% % of Total: | 0.13% |
| 1918 | McElhaney, Quinton | STAFF ATTORNEY | $245.00 | $245.00 | 1.20 | $294.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $245.00 | | 1.20 | $294.00 |
| | | | | % of Total: | 0.10% % of Total: | 0.04% |
| 0319 | Leung, Annie | LIB RESCH MGR | $300.00 | $300.00 | 0.30 | $90.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $300.00 | | 0.30 | $90.00 |
| | | | | % of Total: | 0.03% % of Total: | 0.01% |
| 5799 | Smith, Tracy | PARALEGAL | $250.00 | $250.00 | 52.00 | $13,000.00 |
| 3455 | Kaylor-Brett, Jill | PARALEGAL | $265.00 | $265.00 | 7.80 | $2,067.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $251.96 | | 59.80 | $15,067.00 |
| | | | | % of Total: | 5.21% % of Total: | 1.82% |
| 3434 | Adams, Eric | LIBR RESCH ASST | $175.00 | $175.00 | 4.00 | $700.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $175.00 | | 4.00 | $700.00 |
| | | | | % of Total: | 0.35% % of Total: | 0.08% |
| | Total No. of Billers: 33 | Blended Rate for Report: | $720.24 | | 1,147.10 | $826,190.50 |

EXHIBIT I

MCDERMOTT RETENTION/COMPENSATION

McDermott, Will & Emery

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Hazan, N | 11.00 | 7,095.00 |
| Kopacz, G | 46.90 | 20,401.50 |
| Rubin, B | 1.30 | 1,293.50 |
| | 59.20 | $28,790.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Chapter 11 Restructuring | 59.20 | 28,790.00 |
| | 59.20 | $28,790.00 |

EXHIBIT I  PAGE 1 of  6

EXHIBIT I
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 06/01/12 Fri | Kopacz, G 2402396/1 | 0.50 | 0.50 | 217.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>EMAIL B. RUBIN REGARDING 13TH QUARTERLY FEE APPLICATION AND UPDATE SAME. |
| 06/13/12 Wed | Kopacz, G 2402396/50 | 0.20 | 0.20 | 87.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>EMAIL B. RUBIN REGARDING QUARTERLY FEE APPLICATIONS. |
| 06/19/12 Tue | Kopacz, G 2402396/76 | 4.40 | 4.40 | 1,914.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>WORK ON MARCH FEE APPLICATION. |
| 06/20/12 Wed | Hazan, N 2402396/85 | 0.60 | 0.60 | 387.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>CORRECT MARCH FEE STATEMENT. |
| 06/20/12 Wed | Kopacz, G 2402396/84 | 2.10 | 2.10 | 913.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>WORK ON MARCH FEE APPLICATION. |
| 06/21/12 Thu | Kopacz, G 2402396/92 | 3.20 | 3.20 | 1,392.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW AND REVISE MAY PRE-BILLS TO ENSURE COMPLIANCE WITH APPLICABLE GUIDELINES. |
| 06/25/12 Mon | Kopacz, G 2402396/102 | 0.30 | 0.30 | 130.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>EMAILS TO B. RUBIN AND LOCAL COUNSEL REGARDING MARCH FEE APPLICATIONS AND CNO REGARDING 13TH QUARTERLY FEE APPLICATION. |
| 06/26/12 Tue | Hazan, N 2402396/107 | 0.70 | 0.70 | 451.50 | 0.10<br>0.60 | F<br>F | 1<br>2 | MATTER NAME: Chapter 11 Restructuring<br>EMAIL TO LOCAL COUNSEL REGARDING TIMING OF EXAMINER REPORT. (0.10):<br>CORRECT APRIL MONTHLY FEE STATEMENT. (0.60) |
| 06/26/12 Tue | Kopacz, G 2402396/106 | 4.40 | 4.40 | 1,914.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>WORK ON APRIL FEE APPLICATION. |
| 06/27/12 Wed | Kopacz, G 2402396/112 | 0.10 | 0.10 | 43.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>PREPARE APRIL FEE APPLICATION FOR FILING: EMAILS TO TEAM REGARDING SAME. |
| 06/27/12 Wed | Rubin, B 2402396/115 | 3.30 | 1.30 | 1,293.50 | 1.10<br>1.30<br>0.90 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: Chapter 11 Restructuring<br>PREPARATION FOR AND MEETING WITH CO-COUNSEL REGARDING ATTRIBUTE REDUCTION ISSUES (1.1):<br>REVIEW AND EDIT FEE PETITION (1.3):<br>UPDATE WORKPLAN FOR CLIENT (.9). |
| 07/03/12 Tue | Kopacz, G 2415873/3 | 0.90 | 0.90 | 391.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>WORK ON MAY FEE APPLICATION. |

~  See the last page of exhibit for explanation

EXHIBIT I PAGE 2 of 6

EXHIBIT I
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 07/05/12 Thu | Hazan, N 2415873/10 | 0.80 | 0.80 | 516.00 | 0.20 0.60 | F F | 1 2 | *MATTER NAME: Chapter 11 Restructuring* REVIEW ORDERS FOR 9TH AND 10TH QUARTERLY FEE APPLICATIONS, DISCUSS SAME WITH G. KOPACZ (0.20), REVIEW MAY FEE STATEMENT (0.60). |
| 07/05/12 Thu | Kopacz, G 2415873/7 | 4.50 | 4.50 | 1,957.50 | 4.10 0.40 | F F | 1 2 | *MATTER NAME: Chapter 11 Restructuring* WORK ON MAY FEE APPLICATION (4.1); EMAIL LOCAL COUNSEL REGARDING ORDERS REGARDING COMPENSATION FOR THE 9TH AND 10TH INTERIM PERIODS (.4). |
| 07/06/12 Fri | Kopacz, G 2415873/13 | 0.60 | 0.60 | 261.00 | 0.20 0.40 | F F | 1 2 | *MATTER NAME: Chapter 11 Restructuring* INCORPORATE COMMENTS OF N. HAZAN INTO MAY FEE APPLICATION AND EMAIL B. RUBIN REGARDING SAME (.2); BEGIN REVIEWING JUNE PRE-BILLS TO ENSURE COMPLIANCE WITH APPLICABLE GUIDELINES (.4). |
| 07/09/12 Mon | Hazan, N 2415873/19 | 0.50 | 0.50 | 322.50 | 0.50 | F | 1 | *MATTER NAME: Chapter 11 Restructuring* REVIEW FINAL EXAMINER REPORT FOR 9TH AND 10TH QUARTERLY PERIODS (0.50) |
| 07/09/12 Mon | Kopacz, G 2415873/17 | 4.60 | 4.60 | 2,001.00 | 0.10 4.20 0.20 0.10 | F F F F | 1 2 3 4 | *MATTER NAME: Chapter 11 Restructuring* EMAIL LOCAL COUNSEL REGARDING FILING MAY FEE APPLICATION (.1); REVIEW JUNE PRE-BILLS TO ENSURE COMPLIANCE WITH APPLICABLE GUIDELINES (4.2); REVIEW FINAL REPORT OF FEE EXAMINER WITH RESPECT TO MCDERMOTT'S 9TH AND 10TH INTERIM FEE APPLICATIONS (.2); REVIEW AGENDA FOR UP-COMING HEARING (.1). |
| 07/11/12 Wed | Kopacz, G 2415873/27 | 1.90 | 1.90 | 826.50 | 1.30 0.50 0.10 | F F F | 1 2 3 | *MATTER NAME: Chapter 11 Restructuring* PREPARE FOR AND ATTEND HEARING REGARDING 9TH AND 10TH INTERIM FEE APPLICATIONS (1.3); EMAILS TO B. RUBIN REGARDING ORDERS WITH RESPECT TO 9TH AND 10TH INTERIM FEE APPLICATIONS (.5); EMAIL LOCAL COUNSEL REGARDING FEE EXAMINER REPORTS (.1). |
| 07/12/12 Thu | Kopacz, G 2415873/32 | 4.90 | 4.90 | 2,131.50 | | F | 1 | *MATTER NAME: Chapter 11 Restructuring* WORK ON 14TH INTERIM FEE APPLICATION. |
| 07/13/12 Fri | Hazan, N 2415873/39 | 0.60 | 0.60 | 387.00 | 0.60 | F | 1 | *MATTER NAME: Chapter 11 Restructuring* REVIEW AND CORRECT 14TH FEE APPLICATION (0.60). |
| 07/13/12 Fri | Kopacz, G 2415873/38 | 1.60 | 1.60 | 696.00 | 1.20 0.40 | F F | 1 2 | *MATTER NAME: Chapter 11 Restructuring* WORK ON 14TH QUARTERLY FEE APPLICATION (1.2); ATTENTION TO EMAIL FROM M. SIMONS REGARDING WIRE TRANSFER (.4) |
| 07/18/12 Wed | Kopacz, G 2415873/54 | 0.20 | 0.20 | 87.00 | | F | 1 | *MATTER NAME: Chapter 11 Restructuring* EMAIL LOCAL COUNSEL REGARDING FILING 14TH QUARTERLY FEE APPLICATION. |
| 07/19/12 Thu | Hazan, N 2415873/61 | 1.30 | 1.30 | 838.50 | 0.20 0.30 0.10 0.70 | F F F F | 1 2 3 4 | *MATTER NAME: Chapter 11 Restructuring* REVIEW SAMPLE SUPPLEMENTAL AFFIDAVIT (0.20), REVIEW RUBIN DECLARATION (0.30), DISCUSS SAME WITH G. KOPACZ (0.10), CALLS WITH B. RUBIN AND J. SEBASTIAN RE SUPPLEMENTAL DECLARATION (0.70). |

~ See the last page of exhibit for explanation

EXHIBIT I PAGE 3 of 6

EXHIBIT I
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 07/19/12 Thu | Kopacz, G 2415873/59 | 1.10 | 0.30 | 130.50 | 0.80 0.30 | F F | 1 2 | *MATTER NAME: Chapter 11 Restructuring* VARIOUS COMMUNICATIONS WITH N. HAZAN AND TEAM REGARDING CONFLICT REPORTS AND SUPPLEMENTAL DECLARATION (.8); EMAIL B. RUBIN REGARDING CNO FOR MARCH FEE APPLICATION (.3). |
| 07/20/12 Fri | Kopacz, G 2415873/67 | 0.20 | 0.20 | 87.00 | 0.10 0.10 | F F | 1 2 | *MATTER NAME: Chapter 11 Restructuring* EMAIL M. SIMONS REGARDING WIRE TRANSFER (.1); EMAIL TEAM REGARDING CNO FOR APRIL FEE APPLICATION (.1). |
| 07/23/12 Mon | Hazan, N 2415873/72 | 0.40 | 0.40 | 258.00 | 0.20 0.20 | F F | 1 2 | *MATTER NAME: Chapter 11 Restructuring* EMAIL EXCHANGE WITH TEAM RE: SUPPLEMENTAL AFFIDAVIT (.2); START DRAFT SAME SUPPLEMENTAL AFFIDAVIT FOR MWE RETENTION (.2). |
| 07/25/12 Wed | Hazan, N 2415873/77 | 1.50 | 1.50 | 967.50 | 0.40 1.10 | F F | 1 2 | *MATTER NAME: Chapter 11 Restructuring* REVIEW SUPPLEMENTAL DECLARATION FROM SIDLEY AND ORIGINAL DECLARATION FROM B. RUBIN (.4); DRAFT SUPPLEMENTAL DECLARATION (1.1). |
| 07/26/12 Thu | Hazan, N 2415873/82 | 0.80 | 0.80 | 516.00 | 0.20 0.60 | F F | 1 2 | *MATTER NAME: Chapter 11 Restructuring* CALL WITH B. RUBIN AND A. WHITEWAY RE: SUPPLEMENTAL AFFIDAVIT (0.20); REDRAFT SAME (0.60). |
| 07/26/12 Thu | Kopacz, G 2415873/81 | 0.30 | 0.30 | 130.50 | | F | 1 | *MATTER NAME: Chapter 11 Restructuring* ATTENTION TO QUERY OF N. HAZAN REGARDING SUPPLEMENTAL AFFIDAVIT. |
| 07/27/12 Fri | Hazan, N 2415873/88 | 0.20 | 0.20 | 129.00 | | F | 1 | *MATTER NAME: Chapter 11 Restructuring* EMAIL EXCHANGE RE: SUPPLEMENTAL DECLARATION WITH A. WHITEWAY, B. RUBIN AND SIDLEY. |
| 07/30/12 Mon | Kopacz, G 2415873/89 | 0.10 | 0.10 | 43.50 | | F | 1 | *MATTER NAME: Chapter 11 Restructuring* EMAIL LOCAL COUNSEL REGARDING SUPPLEMENTAL AFFIDAVIT. |
| 07/31/12 Tue | Hazan, N 2415873/91 | 1.10 | 1.10 | 709.50 | | F | 1 | *MATTER NAME: Chapter 11 Restructuring* REVIEW 11TH EXAMINER REPORT. |
| 07/31/12 Tue | Kopacz, G 2415873/90 | 0.10 | 0.10 | 43.50 | | F | 1 | *MATTER NAME: Chapter 11 Restructuring* EMAIL TEAM REGARDING SUPPLEMENTAL DECLARATION. |
| 08/01/12 Wed | Kopacz, G 2423949/1 | 0.80 | 0.80 | 348.00 | | F | 1 | *MATTER NAME: Chapter 11 Restructuring* REVIEW 11TH PRELIMINARY REPORT OF FEE EXAMINER AND BEGIN PREPARING RESPONSE TO SAME. |
| 08/02/12 Thu | Kopacz, G 2423949/5 | 0.20 | 0.20 | 87.00 | 0.10 0.10 | F F | 1 2 | *MATTER NAME: Chapter 11 Restructuring* REVIEW PRE-BILL REGARDING ESOP MATTER (.1); EMAIL TEAM REGARDING MAY CNO (.1). |
| 08/05/12 Sun | Kopacz, G 2423949/11 | 4.20 | 4.20 | 1,827.00 | | F | 1 | *MATTER NAME: Chapter 11 Restructuring* WORK ON RESPONSE TO FEE EXAMINER'S 11TH PRELIMINARY REPORT. |

~  See the last page of exhibit for explanation

EXHIBIT I PAGE 4 of 6

EXHIBIT I
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 08/09/12 Thu | Hazan, N 2423949/20 | 1.40 | 1.40 | 903.00 | 1.20 0.20 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring REVIEW AND CORRECT RESPONSE TO FEE EXAMINER REPORT (1.2); CORRECT TIME ENTRIES (.2). |
| 08/09/12 Thu | Kopacz, G 2423949/19 | 2.10 | 2.10 | 913.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring WORK ON RESPONSE TO 11TH PRELIMINARY REPORT OF THE FEE EXAMINER. |
| 08/10/12 Fri | Hazan, N 2423949/24 | 0.40 | 0.40 | 258.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring DISCUSS RESPONSE TO FEE EXAMINER REPORT AND COMMENTS THEREOF WITH G. KOPACZ. |
| 08/10/12 Fri | Kopacz, G 2423949/23 | 1.10 | 1.10 | 478.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring WORK ON RESPONSE TO FEE EXAMINER'S 11TH PRELIMINARY REPORT. |
| 08/13/12 Mon | Hazan, N 2423949/28 | 0.40 | 0.40 | 258.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring DISCUSS ISSUES RE: RESPONSE TO FEE EXAMINER WITH G. KOPACZ. |
| 08/13/12 Mon | Kopacz, G 2423949/29 | 0.50 | 0.50 | 217.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring WORK ON RESPONSE TO FEE EXAMINER'S 11TH PRELIMINARY REPORT. |
| 08/15/12 Wed | Hazan, N 2423949/35 | 0.30 | 0.30 | 193.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW AND FINALIZE RESPONSE TO EXAMINER. |
| 08/15/12 Wed | Kopacz, G 2423949/34 | 0.60 | 0.60 | 261.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring WORK ON RESPONSE TO FEE EXAMINER REPORT. |
| 08/17/12 Fri | Kopacz, G 2423949/39 | 1.60 | 1.60 | 696.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW JULY PRE-BILLS TO ENSURE COMPLIANCE WITH APPLICABLE GUIDELINES. |
| 08/20/12 Mon | Kopacz, G 2423949/40 | 0.10 | 0.10 | 43.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring EMAIL M. SIMONS REGARDING JULY PRE-BILLS; COMMUNICATIONS WITH SECRETARY REGARDING SAME. |
| 08/22/12 Wed | Kopacz, G 2423949/43 | 0.30 | 0.30 | 130.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring COMMUNICATIONS WITH J. KAYLOR-BRETT REGARDING JUNE FEE APPLICATION. |

| | | | 59.20 | $28,790.00 | | | | |

Total
Number of Entries:        47

~ See the last page of exhibit for explanation

EXHIBIT I PAGE 5 of 6

EXHIBIT I
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Hazan, N | 11.00 | 7,095.00 |
| Kopacz, G | 46.90 | 20,401.50 |
| Rubin, B | 1.30 | 1,293.50 |
| | 59.20 | $28,790.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Chapter 11 Restructuring | 59.20 | 28,790.00 |
| | 59.20 | $28,790.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS
F        FINAL BILL

EXHIBIT I  PAGE 6 of  6