# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re : | |
| : | Chapter 11 |
| **TRIBUNE COMPANY INC.,** *et al,* [1] : | |
| : | Case No. 08-13141 (KJC) |
| Reorganized Debtors : | (Jointly Administered) |
| : | |
| _____ : | Re: (D.I. 11859) |

## MEMORANDUM ORDER[2]

**BY:    KEVIN J. CAREY, UNITED STATES BANKRUPTCY JUDGE**

Harry Amsden, Robert Gremillion, and David D. Williams ("Movants") are former employees of the Debtors. Before the Court is the Movants' Motion for an order authorizing the Debtors to deposit the Movants' 2010 Management Incentive Plan ("MIP") awards into "rabbi trusts."[3] The Official Committee of Unsecured Creditors ("Committee") objected to this

---

[1] The Reorganized Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune, LLC (3427); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); foresalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KRLA, LLC (3404); KTXL, LLC (3944); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marketing, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6363); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] This Court has jurisdiction to decide the motions before it pursuant to 28 U.S.C. § 1334 and § 157(a). This is a core proceeding pursuant to 28 U.S.C. §157(b)(1) and (b)(2) (A), (B) and (O).

[3] *See* Motion of Harry Amdsen, Robert Gremillion, and David D. Williams For an Order Authorizing the Debtors to Deposit Their 2010 Management Incentive Plan Awards into Rabbi Trusts [D.I. 11859] (hereinafter referred to as the "Motion").

1

motion.[4] On July 6, 2012, the Movants filed a reply memorandum in support of their original motion.[5] For the reasons set forth below, the Court will deny the Motion without prejudice.

## I. Background

On December 8, 2008 ("Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. On July 23, 2012, the Court confirmed the Debtors' Reorganization Plan.[6]

Debtors' MIP is an annual program that awards cash bonuses to certain management employees. These awards are based on the Debtors meeting yearly operating cash flow goals. During this chapter 11 proceeding the Debtors continued to implement an annual MIP with the approval of this Court.

On November 10, 2010, Debtors sought approval of their 2010 MIP. Although the Committee supported the 2010 MIP as a whole, it filed a limited objection on the grounds that the 2010 MIP improperly included five Tribune officers ("Excluded Officers") who were all named as defendants in the *Official Committee of Unsecured Creditors of Tribune Co., et al. v. Dennis J. FitzSimons, et al.*, Adv. Pro. No. 10-54010-KJC (Bankr. D. Del.) ("*FitzSimons*").[7]

---

[4] *See* Objection of Official Committee of Unsecured Creditors to Motion of Harry Amsden, Robert Gremillion and David D. Williams For an Order Authorizing the Debtors to Deposit Their 2010 Management Incentive Plan Awards Into Rabbi Trusts [D.I. 11940] (hereafter referred to as "Objection").

[5] *See* Reply Memorandum in Support of Motion of Harry Amdsen, Robert Gremillion, and David D. Williams For an Order Authorizing the Debtors to Deposit Their 2010 Management Incentive Plan Awards into Rabbi Trusts [D.I. 11951] (hereafter referred to as "Reply Memorandum").

[6] *See* Order Confirming Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Captial Management, L.P., Angelo, Gordon, & Co., L.P., and JPMorgan Chase Bank, N.A. [D.I. 12074].

[7] The Committee filed this action against the Movants and other individuals alleging that they were "responsible for crippling the Tribune Company." Complaint at 2, *FitzSimons*, D.I. 1 (Nov. 1, 2010). Specifically, the Committee alleged that the named defendants entered into a leveraged buyout transaction ("LBO Transaction") that caused the Debtor to lose billions of dollars in value between the closing of the LBO Transaction and the Debtor's filing for bankruptcy. *See id.* The *FitzSimons* action has been consolidated with the Tribune multi-district litigation. *See In re Tribune Co. Fraudulent Conveyance Litigation*, No. 12-02296 (WHP)(S.D.N.Y.).

Rather than delay approval of the whole 2010 MIP, the Debtors withdrew their 2010 MIP request as to the Excluded Officers. This Court then approved the amended 2010 MIP.

Among the Excluded Officers were the Movants and two other individuals, Chandler Bigelow and Daniel G. Kazan. Bigelow and Kazan (together, the "Current Officers") are still employees of the Debtors. In 2011, the Movants ceased working for the Debtors.

In 2011 and 2012, the Debtors and the Committee reached a compromise with respect to potential 2011 and 2012 MIP payments to the Current Officers. The Current Officers were authorized to participate in the 2011 and 2012 MIPs, but their payments were placed in interest-bearing rabbi trusts pending the resolution of the Committee's *FitzSimons* action. Additionally, the Debtors filed a motion seeking authority to pay the Current Officer's 2010 MIP awards into "rabbi trusts."[8] The Committee did not object to this request and the Court granted this motion.[9]

On June 20, 2012, Movants filed a motion seeking an order from this Court authorizing the Debtor's to deposit the Movant's 2010 MIP awards into "rabbi trusts." The Movants assert that their 2010 MIP awards should be given the same treatment as those of the Current Officers based on principles of fairness and equity. In response, the Committee has objected to the Motion on the basis that such payments are not an actual and necessary cost of preserving the estate and do not provide the required benefit to the Debtors' estates.

## II.   Discussion

Although the Movants have not specifically identified a legal basis in support of their Motion, the Movants have implicitly asserted that their 2010 MIP awards should be deposited into rabbi trusts for two reasons. First, the 2010 MIP awards should be deposited into rabbi

---

[8] *See* Motion of the Debtors for an Order Authorizing the Debtors to Deposit 2010 Management Incentive Plan Awards into Rabbi Trusts for Two Current Deferred Participants [D.I. 11860].
[9] *See* Order Authorizing, But Not Directing, the Debtors to Deposit 2010 Management Incentive Plan Awards into Rabbit Trust for Two Current Deferred Participants [D.I. 11973].

trusts because they are administrative expenses under Section 503(b)(1)(A) of the Bankruptcy Code. Second, it would be inequitable and unfair to deny the same treatment to the Movants as the Current Officers have received.

### A. Administrative Expenses

Section 503(b)(1)(A) of the Bankruptcy Code governs administrative expenses. In part, section 503(b)(1)(A) provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including the actual, necessary costs and expenses of preserving the estate, including wages, salaries, and commissions for services rendered after commencement of the case . . . ." Interpreting this provision, the Third Circuit has held that for an expense to qualify as an administrative expense, it must: (1) be actual and necessary, (2) "arise from [a post-petition] transaction with the debtor-in-possession," and (3) "be beneficial to the debtor-in-possession in the operation of the business." *In re Marcel Paper Mills, Inc.*, 650 F.3d 311, 314-15 (3d. Cir. 2011) (citation omitted). Additionally, "the burden to demonstrate that an expense deserves administrative priority lies with the party asserting such priority [.]" *Id*. at 315.

The Movants have not requested immediate payment of the 2010 MIP awards. Rather, they have asked that the 2010 MIP awards be held in escrow pending the outcome of the *FitzSimons* litigation. Thus, determining whether the Movants' 2010 MIP awards are entitled to payment as administrative expenses under Section 503(b)(1)(A) is not before me.

### B. Equity

The Movants contend that their Motion for placement of their 2010 MIP awards into rabbi trusts should be granted because that is what has been done with the Current Officers' 2011 and 2012 MIP awards. The Movants find no reason to differentiate their treatment from the Current Officers and believe that it would be inequitable to do so.

Although the Current Officers have received this treatment for their 2011 and 2012 MIP awards, this outcome was the result of a compromise between the Debtors and the Committee and was approved by this Court. In contrast, no agreement with respect to the Movants' 2010 MIP awards was reached among the Movants, Debtors and Committee.

Notions of fairness and equity do not require the placement of the Movants' 2010 MIP awards into rabbi trusts. Pending a favorable outcome of the *FitzSimons* litigation, Movants will be unimpeded from attempting to recover their 2010 MIP awards.

### III.   Conclusion

The Motion for the Debtors to deposit their 2010 MIP awards into rabbi trusts pending the resolution of the *FitzSimons* litigation will be denied without prejudice.

**SO ORDERED.**

BY THE COURT:

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY COURT

DATED:  March 27, 2013

cc: Jeffrey C. Wisler, Esquire[10]

---

[10] Counsel shall serve a copy of this Memorandum Order upon all interested parties and file a Certificate of Service with the Court.