UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

**FEE EXAMINER'S FINAL REPORT REGARDING THE NINTH QUARTERLY FEE APPLICATION OF LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.**

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Ninth Quarterly Fee Application of Levine Sullivan Koch & Schulz L.L.P.* [Docket No. 12568] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $37,246.79 ($14,229.79 in flat fee services and $23,017.00 in hourly services) and reimbursement of expenses that total $239.53 for the period from June 1, 2012 through August 31, 2012. Levine Sullivan Koch & Schulz, L.L.P.

[1] The Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

(“**LSK&S**”) serves as special counsel to the Debtors and Debtors-in-Possession for certain litigation matters.

**Background**

1. On December 8, 2008 (the “**Petition Date**”), Tribune Company and its listed subsidiaries and affiliates (each a “**Debtor**” and collectively the “**Debtors**”) each commenced a voluntary case under Chapter 11 of the United States Bankruptcy Code (the “**Bankruptcy Code**”) in the United States Bankruptcy Court for the District of Delaware (the “**Bankruptcy Court**”). Under the Bankruptcy Court’s *Order Directing Joint Administration Chapter 11 Cases* dated December 10, 2009 [Docket No. 43], these cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the “**Bankruptcy Rules**”).

2. On January 15, 2009, the Bankruptcy Court entered its *Order Authorizing the Debtors to Retain, Employ and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business* [Docket No. 227] (the “**OCP Order**”) approving procedures for the employment, retention and compensation by the Debtors in their ordinary course of business. The OCP Order contained a list of Ordinary Course Professionals that were authorized to be retained by the Debtors and included LSK&S. The Debtors’ Ordinary Course Professionals were authorized to provide services to the Debtors as necessary for the day-to-day operations of the Debtors’ businesses on terms substantially similar to those in effect prior to the Petition Date, subject to the terms and conditions described in the OCP Order. Compensation of the Ordinary Course Professionals is limited by a Monthly Cap on the fees permitted to be paid to such Ordinary Course Professionals, per month on average over a rolling period.

3. On October 4, 2010, the Debtors filed their *Application for an Order Authorizing Debtors to Employ and Retain Levine Sullivan Koch & Schulz, L.L.P. as Special Counsel for Certain Litigation Matters Pursuant to Section 327(e)and 1107, nunc pro tunc to*

*September 1, 2010* [Docket No. 5883] (the "**Retention Application**"). In the Retention Application, the Debtors explained that LSK&S represents a number of the Debtors with respect to various litigation matters. The Debtors further explained that the representations of the Debtors by LSK&S on matters arising post-petition, taken together with LSK&S' pre-existing representations of the Debtors in various disputed prepetition claims, caused LSK&S' fees to slightly exceed the average the Monthly Cap of $50,000 for January-February 2010, were expected to do so again in September 2010, and were at level of activity that made it likely that LSK&S would exceed the existing Monthly Cap on a regular basis going forward. By order dated October 21, 2010, the Court approved the retention of LSK&S as special counsel for certain litigation matters [Docket No. 6062] (the "**Retention Order**").

4. LSK&S filed its Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members under 11 U.S.C. §§ 105(a) and 331* [Docket No. 225] (the "**Interim Compensation Order**").

## Applicable Standards

5. In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

6. The Fee Examiner reviewed the Fee Application for compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for

Reviewing Application for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

7. Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A).* In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*

8. A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated;

it is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

9. The Fee Examiner completed the preliminary evaluation of the Fee Applications, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to LSKS for review and comment. The firm responded to the Fee Examiner with a detailed written response to the Preliminary Report. After consideration of the additional information provided by the firm, the Fee Examiner now issues this final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order* ¶5.

**DISCUSSION OF FINDINGS**

**Fixed Fee Services**

10. The Fee Application requested a total of $14,229.79 for flat fee services for the numerous coalition matters. Although the firm offered a detailed explanation and background regarding the nature and apparent reasonableness of the fees related to the consolidation matters, the Fee Examiner makes no findings regarding the propriety of the flat fee services. However, the Fee Examiner also notes that the arrangement between the firm and Tribune regarding these type matters has been a long standing one. Regardless, should the Court request additional detail and/or information from LSK&S, upon instruction, the Fee Examiner will review such material and supplement this report.

## Hourly Services

## Technical Requirements

11.    **Reconciliation of Fees and Expenses.**  The Fee Examiner compared the total amount of hourly fees ($23,017.00) and expenses ($239.53) requested in the Fee Application (**"Fees Requested"** and **"Expenses Requested"**) to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm (**"Fees Computed"** and **"Expenses Computed"**).    The Fee Examiner identified no discrepancies between the Fees Requested and the Fees Computed, nor any discrepancies between the Expenses Requested and the Expenses Computed.

12.    **Block Billing.**[2]  The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*.  The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[3]    The Delaware Bankruptcy Court has found that time entries that generally only combine work on one issue, and a conference/communication with the client or opposing counsel on the same issue, while technically blocked billing, will not be objectionable.[4]

---

[2] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

[3] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

[4] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

LSK&S block billed entries totaling 9.50 hours and $3,844.00 in associated fees. The entries were displayed in **Exhibit A**[5] to the Preliminary Report. Based upon precedent established by this Court, the objectionable block billed entries totaled 2.80 hours with $938.00 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the Exhibit. LSK&S was invited to comment on the firm's block billing and/or to bring the entries into substantial compliance. In response, LSK&S revised the questioned time by embedding the appropriate time for each task. This brought the entries within compliance; as such no fee reduction is warranted. Exhibit A has been omitted from the Final Report.

13. **Time Increments.** The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv).* The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v).* The Fee Examiner reviewed the fee application and determined that the firm recorded time in one-tenth hour increments.

**Review of Fees**

14. **Firm Staffing.** The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii).* The Fee Application provided the names, positions, and hourly rates of the 23 LSK&S professionals and paraprofessionals who billed to this matter, consisting of 5 partners, 1 of counsel,

[5] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

1 associate, 2 paralegals, and 14 timekeepers who only billed to the flat fee matters. A summary of hours and fees billed by each timekeeper is displayed in **Exhibit B**.

The firm billed a total of 572.10 hours with associated fees of $37,246.79. The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 32.30 | 6% | $14,216.50 | 38% |
| Of Counsel | 0.20 | * | 86.00 | * |
| Associate | 24.50 | 4% | 8,207.50 | 22% |
| Paralegal | 2.60 | * | 507.00 | 1% |
| **Subtotal – Hourly Services** | 59.60 | | $23,017.00 | |
| Flat Fee | 512.50 | 90% | 14,229.79 | 38% |
| **TOTAL** | 572.10 | 100% | $37,246.79 | 100% |

* Less than 1%

The blended hourly rate[6] for the LSK&S professionals is $394.91 and the blended hourly rate for professionals and paraprofessionals is $386.19.

15. **Hourly Rate Increases.** LSK&S did not increase the hourly rates of timekeepers during this interim period.

16. **Timekeepers' Roles.** A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4).* With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts. On the whole, LSK&S timekeepers appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

[6] The blended hourly rates exclude the flat fees.

17. **Meetings, Conferences, Hearings, and Other Events.** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" *Local Rule 2016-2(d)(ix)*, and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v).* While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more timekeepers attended the same meeting, conference, hearing, or other event. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 1.90 hours with $842.00 in associated fees, were displayed in **Exhibit C** to the Preliminary Report. In each instance where multiple timekeepers attended a meeting, conference, hearing, or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the individual leading rather than observing a conference). The potentially duplicative and unnecessary timekeepers' entries totaled 0.90 hour with $387.00 in associated fees, which were highlighted in bold and marked with an ampersand [&] in the Exhibit. The firm did provide the Fee Examiner with additional information explaining the necessity and purpose of the multiple attendance. Based on the firm's response and in light of the nominal amount at issue, the Fee Examiner makes no recommendation for a fee reduction. Exhibit C is omitted from the Report.

18. **Intraoffice Conferences.** Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel.

The Fee Examiner examined the firm's time entries but did not identify any describing intraoffice conferences.

19. **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix).* The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v).*

The Fee Examiner identified entries totaling 2.80 hours with $938.00 in associated fees in which a conference or other communication was described with insufficient detail. This lack of detail hinders a reviewer's ability to determine the reasonableness and necessity of the activity, and is in violation of the applicable guidelines. The entries were displayed in **Exhibit D** to the Preliminary Report. The Fee Examiner invited comment from LSK&S or additional detail (participant and/or subject matter) to bring these entries into compliance. The firm responded by providing the missing information, which brought the entry within compliance. No fee reduction is warranted and Exhibit D has been omitted from the Final Report.

20. **Administrative Activities.** Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates

charged by the firm. The Fee Examiner reviewed each timekeeper's billing activities and did not identify any administrative activities.

21. **Clerical Activities.** Clerical activities do not require legal acumen, and may be effectively performed by administrative assistants, secretaries, or support personnel. Similar to administrative activities, clerical activities are generally not billable and are considered to be part of the firm's overhead. In the 3rd Circuit, however, some clerical and non-clerical activities may be compensable at a rate commensurate with the level of expertise or knowledge typically found to be necessary to complete the task. The Fee Examiner reviewed each timekeeper's billing activities and did not identify any clerical-type activities.

22. **LSK&S Retention/Compensation.** The Fee Examiner identified 29.00 hours with associated fees of $9,706.50 to prepare the firm's retention documents and application for compensation. The fee entries describing LSK&S retention/compensation activities are displayed in **Exhibit E**, which is included in the Final Report.

**Review of Expenses**

23. **Itemization of Expenses.** The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the charge, if available." *Local Rule 2016-2(e)(i-ii).* The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the

month incurred." *UST Guidelines ¶(b)(5)(iii)*. LSK&S provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge. LSK&S also provided supporting documentation for each of the expenses included in the Application. The Fee Examiner found no objectionable expense items.

**CONCLUSION**

The Fee Examiner submits this final report regarding Levine Sullivan Koch & Schulz L.L.P.'s Fee Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $37,246.79 and reimbursement of expenses in the amount of $239.53 for the period from June 1, 2012 through August 31, 2012.

Respectfully submitted,

**STUART MAUE**

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri 63044
Telephone: (314) 291-3030
Facsimile: (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 1st day of April, 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath& Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for PrepetitionLenders, JP Morgan Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne& Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

Seth D. Berlin, Esq.
Levine Sullivan Koch & Schulz, L.L.P.
1899 L. Street N.W., Suite 200
Washington, D.C. 20036

John F. Theil, Esq.

**EXHIBIT B**

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Levine Sullivan Koch & Schulz, L.L.P.**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| CRB | Bowman, Chad R. | PARTNER | $430.00 | $430.00 | 19.10 | $8,213.00 |
| NES | Siegel, Nathan E. | PARTNER | $455.00 | $455.00 | 10.10 | $4,595.50 |
| JWB | Brown, Jay Ward | PARTNER | $455.00 | $455.00 | 2.10 | $955.50 |
| RP | Penchina, Robert | PARTNER | $455.00 | $455.00 | 0.90 | $409.50 |
| 17 | Curley, Thomas | PARTNER | $430.00 | $430.00 | 0.10 | $43.00 |
| | No. of Billers for Position: 5 | Blended Rate for Position: | $440.14 | | 32.30 | $14,216.50 |
| | | | | | % of Total: 5.65% | % of Total: 38.17% |
| CAS | Stracher, Cameron A. | OF COUNSEL | $430.00 | $430.00 | 0.20 | $86.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $430.00 | | 0.20 | $86.00 |
| | | | | | % of Total: 0.03% | % of Total: 0.23% |
| SDJ | Jones, Shaina D. | ASSOCIATE | $335.00 | $335.00 | 24.50 | $8,207.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $335.00 | | 24.50 | $8,207.50 |
| | | | | | % of Total: 4.28% | % of Total: 22.04% |
| JPB | Pinkerton-Burke, Jennifer | PARALEGAL | $195.00 | $195.00 | 2.10 | $409.50 |
| SB | Bailey, Scott | PARALEGAL | $195.00 | $195.00 | 0.50 | $97.50 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $195.00 | | 2.60 | $507.00 |
| | | | | | % of Total: 0.45% | % of Total: 1.36% |
| DAS | Schulz, David A. | FLAT FEE | $23.41 | $65.11 | 90.20 | $4,264.53 |
| 10 | Zansberg, Steven D. | FLAT FEE | $23.41 | $65.11 | 97.90 | $3,457.61 |
| JMB | Melendez Bead, Jeanette | FLAT FEE | $11.24 | $11.24 | 133.00 | $1,494.92 |
| JPG | Goldstein, Jacob P. | FLAT FEE | $34.94 | $65.11 | 29.20 | $1,385.95 |
| 102 | Atcherley, Julia C. | FLAT FEE | $32.48 | $65.11 | 18.70 | $760.74 |
| MB | Berry, Michael | FLAT FEE | $37.70 | $39.33 | 14.50 | $557.73 |
| GCS | Sproul, Gayle C. | FLAT FEE | $37.70 | $39.33 | 12.10 | $466.11 |
| 69 | Snyder, Kathleen | FLAT FEE | $32.48 | $39.33 | 12.30 | $407.11 |

**EXHIBIT B**

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Levine Sullivan Koch & Schulz, L.L.P.**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 9001 | Levine, Lee | FLAT FEE | $11.24 | $11.24 | 34.60 | $388.90 |
| JPB | Pinkerton-Burke, Jennifer | FLAT FEE | $11.24 | $11.24 | 32.80 | $368.67 |
| MEK | Kelley, Matthew E. | FLAT FEE | $11.24 | $11.24 | 22.00 | $247.28 |
| 28 | Kelley, Marla D. | FLAT FEE | $23.41 | $25.94 | 8.60 | $207.90 |
| SDJ | Jones, Shaina D. | FLAT FEE | $37.70 | $37.70 | 2.30 | $86.71 |
| TBK | Kelley, Thomas B. | FLAT FEE | $23.41 | $25.94 | 2.40 | $61.50 |
| 111 | Benjamin, Sophie R. | FLAT FEE | $44.87 | $44.87 | 1.30 | $58.33 |
| MXB | Beylkin, Michael | FLAT FEE | $23.41 | $23.41 | 0.50 | $11.71 |
| JWB | Brown, Jay Ward | FLAT FEE | $37.81 | $37.81 | 0.10 | $3.78 |
| No. of Billers for Position: 17 | | Blended Rate for Position: | $27.76 | | 512.50 | $14,229.48 |
| | | | | | % of Total: 89.58% | % of Total: 38.20% |
| Total No. of Billers: 23 | | Blended Rate for Report: | $65.10 | | 572.10 | $37,246.48 |

EXHIBIT E

LSK&S RETENTION/COMPENSATION

Levine Sullivan Koch & Schulz, L.L.P.

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Brown, J | 1.80 | 819.00 |
| Curley, T | 0.10 | 43.00 |
| Jones, S | 24.50 | 8,207.50 |
| Penchina, R | 0.50 | 227.50 |
| Pinkerton-Burke, J | 2.10 | 409.50 |
| | 29.00 | $9,706.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune - Fee Application | 29.00 | 9,706.50 |
| | 29.00 | $9,706.50 |

EXHIBIT E

LSK&S RETENTION/COMPENSATION

Levine Sullivan Koch & Schulz, L.L.P.

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | *MATTER NAME: Tribune - Fee Application* |
| 06/01/12 Fri | Brown, J 3287/2 | 0.10 | 0.10 | 45.50 | | F | 1 | REVIEW FINAL DRAFT OF TWENTY-FIRST MONTHLY APPLICATION AND EXHIBITS. |
| | | | | | | | | *MATTER NAME: Tribune - Fee Application* |
| 06/01/12 Fri | Jones, S 3287/1 | 0.20 | 0.20 | 67.00 | | F | 1 | CORRESPOND WITH LOCAL COUNSEL REGARDING TWENTY-FIRST MONTHLY FEE APPLICATION. |
| | | | | | | | | *MATTER NAME: Tribune - Fee Application* |
| 06/04/12 Mon | Jones, S 3287/3 | 0.20 | 0.20 | 67.00 | | F | 1 | CORRESPOND WITH FEE EXAMINER REGARDING LEDES FILES OF TWENTY-FIRST MONTHLY FEE APPLICATION. |
| | | | | | | | | *MATTER NAME: Tribune - Fee Application* |
| 06/06/12 Wed | Jones, S 3287/4 | 0.20 | 0.20 | 67.00 | | F | 1 | CORRESPOND WITH FEE EXAMINER REGARDING FINAL REPORT OF FOURTH QUARTERLY FEE APPLICATION. |
| | | | | | | | | *MATTER NAME: Tribune - Fee Application* |
| 06/12/12 Tue | Jones, S 3287/5 | 0.60 | 0.60 | 201.00 | | F | 1 | REVIEW FEE EXAMINER'S FINAL REPORT REGARDING FOURTH QUARTERLY FEE APPLICATION. |
| | | | | | | | | *MATTER NAME: Tribune - Fee Application* |
| 06/25/12 Mon | Jones, S 3287/6 | 0.70 | 0.70 | 234.50 | | F | 1 | REVISE TWENTY-SECOND MONTHLY FEE APPLICATION AND REVIEW INVOICES REGARDING SAME. |
| | | | | | | | | *MATTER NAME: Tribune - Fee Application* |
| 06/26/12 Tue | Curley, T 3287/8 | 0.10 | 0.10 | 43.00 | | F | 1 | ASSIST IN DRAFT FEE APPLICATION. |
| | | | | | | | | *MATTER NAME: Tribune - Fee Application* |
| 06/26/12 Tue | Jones, S 3287/7 | 0.70 | 0.70 | 234.50 | | F | 1 | CONTINUE TO REVISE TWENTY-SECOND MONTHLY FEE APPLICATION AND CORRESPOND WITH CLIENT REGARDING CERTIFICATE OF NO OBJECTION OF TWENTY-FIRST MONTHLY FEE APPLICATION. |
| | | | | | | | | *MATTER NAME: Tribune - Fee Application* |
| 06/27/12 Wed | Jones, S 3287/9 | 0.50 | 0.50 | 167.50 | | F | 1 | CONTINUE TO REVISE TWENTY-SECOND MONTHLY FEE APPLICATION. |
| | | | | | | | | *MATTER NAME: Tribune - Fee Application* |
| 06/27/12 Wed | Pinkerton-Burke, J 3287/10 | 0.30 | 0.30 | 58.50 | | F | 1 | REVIEW AND REVISE TWENTY SECOND MONTHLY FEE APPLICATION FOR ACCURACY. |
| | | | | | | | | *MATTER NAME: Tribune - Fee Application* |
| 06/28/12 Thu | Brown, J 3287/12 | 0.20 | 0.20 | 91.00 | | F | 1 | REVIEW AND REVISE 22ND MONTHLY FEE APPLICATION. |
| | | | | | | | | *MATTER NAME: Tribune - Fee Application* |
| 06/28/12 Thu | Jones, S 3287/11 | 0.50 | 0.50 | 167.50 | | F | 1 | REVISE TWENTY-SECOND MONTHLY FEE APPLICATION AND CORRESPOND WITH LOCAL COUNSEL REGARDING FILING AND SERVICE. |
| | | | | | | | | *MATTER NAME: Tribune - Fee Application* |
| 06/29/12 Fri | Jones, S 3287/13 | 0.20 | 0.20 | 67.00 | | F | 1 | CORRESPOND WITH FEE EXAMINER REGARDING LEDES FILES OF TWENTY-SECOND MONTHLY FEE APPLICATION. |

~ See the last page of exhibit for explanation

EXHIBIT E

LSK&S RETENTION/COMPENSATION

Levine Sullivan Koch & Schulz, L.L.P.

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 07/02/12 Mon | Brown, J 3462/1 | 0.40 | 0.40 | 182.00 | | F | 1 | *MATTER NAME: Tribune - Fee Application* REVIEW CIRCUMSTANCES CONCERNING PARTICIPATION BY TRIBUNE IN MEDIA COALITION MATTER AND FORMULATE PLAN FOR CONFORMING COALITION BILLING STATEMENT TO REQUIREMENTS OF BANKRUPTCY COURT FOR TRIBUNE INVOICES. |
| 07/09/12 Mon | Jones, S 3462/2 | 0.40 | 0.40 | 134.00 | | F | 1 | *MATTER NAME: Tribune - Fee Application* REVIEW PROPOSED ORDERS REGARDING NINTH INTERIM FEE PERIOD. |
| 07/11/12 Wed | Brown, J 3462/3 | 0.10 | 0.10 | 45.50 | | F | 1 | *MATTER NAME: Tribune - Fee Application* REVIEW CORRESPONDENCE FROM ADVISER TO BANKRUPTCY TRUSTEE. |
| 07/11/12 Wed | Jones, S 3462/4 | 2.80 | 2.80 | 938.00 | | F | 1 | *MATTER NAME: Tribune - Fee Application* DRAFT AND REVIEW EIGHTH QUARTERLY FEE APPLICATION AND ATTEND TELEPHONIC CONFERENCE REGARDING NINTH INTERIM FEE PERIOD. |
| 07/12/12 Thu | Brown, J 3462/5 | 0.10 | 0.10 | 45.50 | | F | 1 | *MATTER NAME: Tribune - Fee Application* REVIEW AND FINALIZE EIGHTH QUARTERLY FEE APPLICATION. |
| 07/12/12 Thu | Jones, S 3462/7 | 0.60 | 0.60 | 201.00 | | F | 1 | *MATTER NAME: Tribune - Fee Application* REVISE EIGHTH QUARTERLY FEE APPLICATION AND PREPARE SAME FOR FILING. |
| 07/12/12 Thu | Pinkerton-Burke, J 3462/6 | 1.10 | 1.10 | 214.50 | | F | 1 | *MATTER NAME: Tribune - Fee Application* REVIEW AND REVISE EIGHTH QUARTERLY FEE APPLICATION FOR ACCURACY. |
| 07/15/12 Sun | Jones, S 3462/8 | 0.90 | 0.90 | 301.50 | | F | 1 | *MATTER NAME: Tribune - Fee Application* REVISE CHART FOR TRIBUNE FINANCIAL ADVISOR AND REVIEW ESTIMATION OF FEES AND EXPENSES REGARDING SAME. |
| 07/16/12 Mon | Brown, J 3462/9 | 0.10 | 0.10 | 45.50 | | F | 1 | *MATTER NAME: Tribune - Fee Application* REVIEW AND REVISE RESPONSE TO REQUEST FOR ESTIMATE OF FEES LIKELY TO CONSTITUTE DISTRIBUTABLE CASH. |
| 07/16/12 Mon | Jones, S 3462/10 | 1.00 | 1.00 | 335.00 | | F | 1 | *MATTER NAME: Tribune - Fee Application* CONTINUE TO REVISE CHART REGARDING ESTIMATION OF FUTURE FEES AND EXPENSES FOR TRIBUNE FINANCIAL ADVISOR. |
| 07/26/12 Thu | Jones, S 3462/11 | 0.30 | 0.30 | 100.50 | | F | 1 | *MATTER NAME: Tribune - Fee Application* REVIEW INVOICES REGARDING TWENTY-THIRD MONTHLY FEE APPLICATION. |
| 07/30/12 Mon | Pinkerton-Burke, J 3462/12 | 0.30 | 0.30 | 58.50 | | F | 1 | *MATTER NAME: Tribune - Fee Application* REVIEW AND REVISE TWENTY-THIRD MONTHLY FEE APPLICATION FOR ACCURACY. |
| 07/31/12 Tue | Brown, J 3462/13 | 0.30 | 0.30 | 136.50 | | F | 1 | *MATTER NAME: Tribune - Fee Application* REVIEW AND REVISE TWENTY-THIRD MONTHLY FEE APPLICATION. |

~ See the last page of exhibit for explanation

EXHIBIT E

LSK&S RETENTION/COMPENSATION

Levine Sullivan Koch & Schulz, L.L.P.

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | *MATTER NAME: Tribune - Fee Application* |
| 07/31/12 Tue | Jones, S 3462/14 | 1.30 | 1.30 | 435.50 | | F | 1 | REVIEW AND REVISE TWENTY-THIRD MONTHLY FEE APPLICATION AND PREPARE SAME FOR FILING. |
| | | | | | | | | *MATTER NAME: Tribune - Fee Application* |
| 08/01/12 Wed | Brown, J 3747/1 | 0.10 | 0.10 | 45.50 | | F | 1 | REVIEW FINAL VERSION OF TWENTY-THIRD MONTHLY APPLICATION FOR FILING. |
| | | | | | | | | *MATTER NAME: Tribune - Fee Application* |
| 08/01/12 Wed | Jones, S 3747/2 | 0.90 | 0.90 | 301.50 | 0.70 | F | 1 | REVIEW AND REVISE TWENTY-THIRD MONTHLY FEE APPLICATION (.7) |
| | | | | | 0.20 | F | 2 | AND CORRESPOND WITH LOCAL COUNSEL REGARDING SAME (.2). |
| | | | | | | | | *MATTER NAME: Tribune - Fee Application* |
| 08/06/12 Mon | Jones, S 3747/3 | 0.20 | 0.20 | 67.00 | | F | 1 | CORRESPOND WITH FEE EXAMINER REGARDING LEDES FILES OF TWENTY-THIRD MONTHLY FEE APPLICATION. |
| | | | | | | | | *MATTER NAME: Tribune - Fee Application* |
| 08/24/12 Fri | Brown, J 3747/6 | 0.30 | 0.30 | 136.50 | | F | 1 | REVIEW EXAMINER'S REPORT AND OUTLINE STEPS FOR RESPONSE. |
| | | | | | | | | *MATTER NAME: Tribune - Fee Application* |
| 08/24/12 Fri | Jones, S 3747/4 | 0.30 | 0.30 | 100.50 | 0.20 | F | 1 | CORRESPOND WITH LOCAL COUNSEL REGARDING CERTIFICATE OF NO OBJECTION FOR TWENTY-THIRD MONTHLY FEE APPLICATION (.2); |
| | | | | | 0.10 | F | 2 | CORRESPOND WITH CLIENT REGARDING SAME (.1). |
| | | | | | | | | *MATTER NAME: Tribune - Fee Application* |
| 08/24/12 Fri | Jones, S 3747/5 | 0.70 | 0.70 | 234.50 | | F | 1 | REVIEW FEE EXAMINER'S PRELIMINARY REPORT REGARDING FIFTH INTERIM PERIOD. |
| | | | | | | | | *MATTER NAME: Tribune - Fee Application* |
| 08/27/12 Mon | Jones, S 3747/7 | 2.30 | 2.30 | 770.50 | | F | 1 | DRAFT AND REVISE TWENTY-FOURTH MONTHLY FEE APPLICATION AND REVIEW INVOICES REGARDING SAME. |
| | | | | | | | | *MATTER NAME: Tribune - Fee Application* |
| 08/29/12 Wed | Jones, S 3747/8 | 2.70 | 2.70 | 904.50 | | F | 1 | CONTINUE TO REVIEW FEE EXAMINER'S REPORT AND DRAFT RESPONSE. |
| | | | | | | | | *MATTER NAME: Tribune - Fee Application* |
| 08/29/12 Wed | Penchina, R 3747/9 | 0.50 | 0.50 | 227.50 | | F | 1 | REVIEW FEE EXAMINER OBJECTIONS AND DRAFT RESPONSES. |
| | | | | | | | | *MATTER NAME: Tribune - Fee Application* |
| 08/30/12 Thu | Jones, S 3747/10 | 1.30 | 1.30 | 435.50 | | F | 1 | CONTINUE TO REVISE TWENTY-FOURTH MONTHLY FEE APPLICATION. |
| | | | | | | | | *MATTER NAME: Tribune - Fee Application* |
| 08/30/12 Thu | Jones, S 3747/11 | 1.80 | 1.80 | 603.00 | 1.00 | F | 1 | CONTINUE TO REVISE RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT (1.0); |
| | | | | | 0.80 | F | 2 | REVIEW PRIOR INVOICES IN VARIOUS MATTERS IN ORDER TO ENSURE COMPLIANCE WITH BANKRUPTCY LOCAL RULES (.8). |
| | | | | | | | | *MATTER NAME: Tribune - Fee Application* |
| 08/31/12 Fri | Brown, J 3747/12 | 0.10 | 0.10 | 45.50 | | F | 1 | REVIEW AND REVISE TWENTY-FOURTH MONTHLY FEE APPLICATION. |

~ See the last page of exhibit for explanation

EXHIBIT E

LSK&S RETENTION/COMPENSATION

Levine Sullivan Koch & Schulz, L.L.P.

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | *MATTER NAME: Tribune - Fee Application* |
| 08/31/12 Fri | Jones, S 3747/14 | 3.20 | 3.20 | 1,072.00 | | F | 1 | CONTINUE TO REVIEW PRELIMINARY REPORT AND DRAFT RESPONSE REGARDING SAME. |
| | | | | | | | | *MATTER NAME: Tribune - Fee Application* |
| 08/31/12 Fri | Pinkerton-Burke, J 3747/13 | 0.40 | 0.40 | 78.00 | | F | 1 | REVIEW AND REVISE TWENTY-FOURTH MONTHLY FEE APPLICATION FOR ACCURACY. |
| Total | | | 29.00 | $9,706.50 | | | | |
| Number of Entries: 41 | | | | | | | | |

~ See the last page of exhibit for explanation

EXHIBIT E

LSK&S RETENTION/COMPENSATION

Levine Sullivan Koch & Schulz, L.L.P.

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Brown, J | 1.80 | 819.00 |
| Curley, T | 0.10 | 43.00 |
| Jones, S | 24.50 | 8,207.50 |
| Penchina, R | 0.50 | 227.50 |
| Pinkerton-Burke, J | 2.10 | 409.50 |
| | 29.00 | $9,706.50 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune - Fee Application | 29.00 | 9,706.50 |
| | 29.00 | $9,706.50 |

(~) REASONS FOR TASK HOUR ASSIGNMENTS

F FINAL BILL