## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, et al.,[1]

Reorganized Debtors.

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

## FEE EXAMINER'S FINAL REPORT REGARDING THE
## FIRST INTERIM FEE APPLICATION OF
## PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *First Interim Fee Application of Paul, Weiss, Rifkind, Wharton & Garrison LLP, Special Counsel to Debtors for Certain Financing Matters for Compensation and for Reimbursement of Expenses for the Period from July 11, 2012 through August 31, 2012* [Docket No. 12557] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $214,883.50 and reimbursement of expenses that

---

[1] The Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

total $79.66.  Paul, Weiss, Rifkind, Wharton & Garrison LLP ("**Paul Weiss**") serves as special counsel to the Debtors.

## Background

1.       On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  Under this Court's *Order Directing Joint Administration Chapter 11 Cases* dated December 10, 2009 [Docket No. 43], these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

2.       On August 10, 2012, the Debtors filed the *Application of Debtors for an Order Authorizing the Debtors to Retain and Employ Paul, Weiss, Rifkind, Wharton & Garrison LLP as Special Counsel for Certain Financing Matters Pursuant to 11 U.S.C. Sections 327(e) and 1107, Nunc Pro Tunc to July 11, 2012* [Docket No. 12244] (the "**Retention Application**").  By order dated August 31, 2012, this Court approved the Retention Application (See *Order Authorizing the Debtors to Retain and Employ Paul, Weiss, Rifkind, Wharton & Garrison LLP as Special Counsel for Certain Financing Matters pursuant to 11 U.S.C. Sections 327(e) and 1107, Nunc Pro Tunc to July 11, 2012).* [Docket No. 12370] (the "**Retention Order**").

3.       On December 28, 2012, the Debtors filed the *Supplemental Application for an Order Modifying the Scope of the Debtors' Retention of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Special Counsel to Include Certain Real Estate Emergence Matters Pursuant to 11 U.S.C. Section 327(e) and 1107, Nunc Pro Tunc to November 19, 2012.* [Docket No. 12935] (the "**Supplemental Retention Application**").  By order dated January 14, 2013, this Court approved the Supplemental Retention Application (See *Order Modifying the Scope of the Debtors' Retention of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Special Counsel to*

*Include Certain Real Estate Emergence Matters Pursuant to 11 U.S.C. Section 327(e) and 1107, Nunc Pro Tunc to November 19, 2012* [Docket No. 13052] (the "**Supplemental Retention Order**").

4.      Paul Weiss submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

<u>**Applicable Standards**</u>

5.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

6.      The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

7.     Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

8.     A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

9.     The Fee Examiner completed the evaluation of Paul Weiss' Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related

-4-

filings. The Fee Examiner submits this Final Report for the Court's consideration. This Final Report is in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of the applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and will also inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

## DISCUSSION OF FINDINGS

### Technical Requirements

10.     **Reconciliation of Fees and Expenses.** The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application (**"Fees Requested"** and **"Expenses Requested"**) to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm (**"Fees Computed"** and **"Expenses Computed"**). The Fee Examiner identified no discrepancies between the Fees Requested and the Fees Computed, nor any discrepancies between the Expenses Requested and the Expenses Computed.

11.     **Block Billing.**[2] The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*. The UST Guidelines further provide that where a timekeeper's time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or

---

[2] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

-5-

'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[3]
Paul Weiss did not block bill their fee entries.

12.     **Time Increments.** The Local Rules provide that "[a]ctivities shall be billed in
tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*. The UST Guidelines further
provide that time entries "should be kept contemporaneously with the services rendered in time
periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*. Paul Weiss complied with the Local
Rules and UST Guidelines regarding time increments.

## Review of Fees

13.     **Firm Staffing.** The UST Guidelines state that fee applications should identify the
"[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time,
[an] explanation of any changes in hourly rates from those previously charged, and [a] statement
of whether the compensation is based on the customary compensation charged by comparably
skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*. The
Fee Application provided the names, positions, and hourly rates of the 15 Paul Weiss
professionals and paraprofessionals who billed to this matter, consisting of 4 partners, 1 counsel,
5 associates, and 5 paralegals. A summary of hours and fees billed by each timekeeper is
displayed in **Exhibit A**.[4]

---

[3] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour
for each lumped entry, *e.g., In re Brous*. 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an
across the board percentage reduction, *e.g., In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the
board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

[4] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry
associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The
tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the
same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit
category.

-6-

The firm billed a total of 325.70 hours with associated fees of $214,883.50. The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 45.30 | 14% | $ 45,027.00 | 21% |
| Counsel | 114.80 | 35% | 87,248.00 | 41% |
| Associate | 162.20 | 50% | 81,874.00 | 38% |
| Paralegal | 3.40 | 1% | 734.50 | * |
| **TOTAL** | 325.70 | 100% | $214,883.50 | 100% |

* Less than 1%

The blended hourly rate for the Paul Weiss professionals is $664.44 and the blended hourly rate for professionals and paraprofessionals is $659.76.

14. **Hourly Rate Increases.** Paul Weiss did not increase the hourly rates of timekeepers during this interim period.

15. **Timekeepers' Roles.** A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*. With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts. Paul Weiss timekeepers appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

16. **Meetings, Conferences, Hearings, and Other Events.** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" *Local Rule 2016-2(d)(ix)*. The UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees."

-7-

*UST Guidelines ¶(b)(4)(v).*  While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more Paul Weiss timekeepers attended the same meeting, conference, hearing, or other event.  Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees.  The entries, totaling 37.50 hours with $27,825.00 in associated fees, were displayed in **Exhibit B** to the Preliminary Report.  In each instance where multiple timekeepers attended a meeting, conference, hearing or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference).  The potentially duplicative and unnecessary timekeepers' entries, totaling 23.20 hours with $15,364.00 in associated fees, were highlighted in bold and marked with an ampersand [&] in the Exhibit.

The Fee Examiner invited comment from the firm including what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and an explanation of the necessity of the multiple attendees for the events set forth in the Exhibit.  Paul Weiss stated certain meetings and calls required the participation of more than one member of the Paul Weiss team.  Paul Weiss went on to add that attendance in question ultimately allowed for greater efficiency and cost savings.  The firm also provided insight into the unique areas of their engagement during this fee period and the necessity and appropriateness of the questioned billing entries.  After due consideration of Paul Weiss' informative response, the Fee Examiner makes no recommendation for a fee reduction.  Exhibit B is omitted from this report.

17.    **Intraoffice Conferences.**    Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified intraoffice conferences totaling 26.80 hours with $19,189.00 in associated fees, approximately 9% of the Fees Computed, which were displayed in **Exhibit C** to the Preliminary Report.  The Fee Examiner observed that in certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference.    The entries describing intraoffice conferences invoiced by two or more firm personnel totaled 17.70 hours with $12,955.00 in associated fees and were highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested that Paul Weiss strive to eliminate unnecessary intraoffice conferencing, and further requested that the firm provide an explanation for the necessity of more than one participant billing for the same intraoffice conference as identified in the Exhibit.

In response, Paul Weiss provided a detailed explanation as to the necessity and appropriateness of the questioned billing entries.   After due consideration of Paul Weiss' informative response, the Fee Examiner makes no recommendation for a fee reduction. Exhibit C is omitted from this report.

18.    **Complete and Detailed Task Descriptions.**   Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary."  The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant,

-9-

the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. Additionally, the UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*. Except for a few inconsequential entries, the Fee Examiner did not identify any vague task descriptions.

19.    **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.  The Fee Examiner did not identify any administrative activities in this fee application.

20.    **Clerical Activities.**  Clerical activities do not require legal acumen, and may be effectively performed by administrative assistants, secretaries, or support personnel.  Similar to administrative activities, clerical activities are generally not billable and are considered to be part of the firm's overhead.  In the 3rd Circuit, however, some clerical and non-clerical activities may be compensable at a rate commensurate with the level of expertise or knowledge typically found to be necessary to complete the task.  The questioned entries were displayed in **Exhibit D** and totaled 1.20 hours with $300.00 in associated fees.  The Fee Examiner and the firm discussed the issue entries.  The result of the discussions was Paul Weiss voluntarily agreed to a fee reduction in the amount of $204.00 resulting from reducing to $80.00 per hour the rate applied to the entries in the revised Exhibit D (included with this report).

21.    **Travel.**  The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local*

*Rule 2016-2(d)(viii).* Paul Weiss did not have any travel entries during the period covered by this interim fee application.

22.    **Paul Weiss Retention/Compensation.**    Paul Weiss billed 36.70 hours with associated fees of $20,740.50 to prepare the firm's retention documents and applications for compensation, approximately 10% of the Fees Computed.    The fee entries describing retention/compensation activities are displayed in **Exhibit E**, which is included in the Final Report for the Court's reference.

**Review of Expenses**

23.    **Itemization of Expenses.**    The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the charge, if available." *Local Rule 2016-2(e)(i-ii).*    The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii).*    Paul Weiss provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge. The Fee Examiner found no objectionable expense items.

## CONCLUSION

The Fee Examiner submits this final report regarding Paul Weiss' Application and the fees discussed above. The Fee Examiner recommends the approval of fees in the amount of $214,679.50 ($214,883.50 minus $204.00) and reimbursement of expenses that totaled $79.66 for the period July 11, 2012 through August 31, 2012. The findings are set forth in the summary on the following page.

## PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

## SUMMARY OF FINDINGS

### First Interim Fee Application (July 11, 2012 through August 31, 2012)

### A.    Amounts Requested and Computed

| | | |
|---|---|---|
| Fees Requested | $214,883.50 | |
| Expenses Requested | 79.66 | |
| TOTAL FEES AND EXPENSES REQUESTED | | $214,963.16 |
| Fees Computed | $214,883.50 | |
| Expenses Computed | 79.66 | |
| TOTAL FEES AND EXPENSES COMPUTED | | $214,963.16 |

### B.    Recommended Fee Allowance and Expense Reimbursement

| | | | |
|---|---|---|---|
| Fees Requested | | $214,883.50 | |
| *Agreed Reduction for Clerical Activities* | | | *($204.00)* |
| | Subtotal | | *($204.00)* |
| RECOMMENDED FEE ALLOWANCE | | | $214,679.50 |
| Expenses Requested | | $79.66 | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 79.66 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $214,759.16 |

Respectfully submitted,

**STUART MAUE**

By: _____

    John F. Theil, Esq.
    3840 McKelvey Road
    St. Louis, Missouri  63044
    Telephone:  (314) 291-3030
    Facsimile:  (314) 291-6546
    tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 3rd day of April 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
    R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for Prepetition
Lenders, JP Morgan Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for Prepetition
Lenders, JP Morgan Chase Bank, N.A.)

Andrew Rosenberg, Esq.
Partner
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064

_____
John F. Theil, Esq.

### SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

### COMPUTED AT STANDARD RATES

**Paul, Weiss, Rifkind, Wharton & Garrison**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 4094 | Goodison, Eric | PARTNER | $1,000.00 | $1,000.00 | 38.40 | $38,400.00 |
| 0021 | Schneider, Kenneth M. | PARTNER | $1,000.00 | $1,000.00 | 3.30 | $3,300.00 |
| 4153 | Goldman, Neil | PARTNER | $870.00 | $870.00 | 2.10 | $1,827.00 |
| 0335 | Rosenberg, Andrew N. | PARTNER | $1,000.00 | $1,000.00 | 1.50 | $1,500.00 |
| | No. of Billers for Position: 4 | Blended Rate for Position: | $993.97 | | 45.30 | $45,027.00 |
| | | | | % of Total: 13.91% | % of Total: 20.95% |
| 6178 | Poggi, Christopher T. | COUNSEL | $760.00 | $760.00 | 114.80 | $87,248.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $760.00 | | 114.80 | $87,248.00 |
| | | | | % of Total: 35.25% | % of Total: 40.60% |
| 6540 | Gyasi, Eric B. | ASSOCIATE | $575.00 | $575.00 | 66.00 | $37,950.00 |
| 6197 | Shmueli, Amir | ASSOCIATE | $425.00 | $425.00 | 64.30 | $27,327.50 |
| 5383 | Hernandez, Andrea F. | ASSOCIATE | $425.00 | $425.00 | 21.30 | $9,052.50 |
| 0459 | Weinberger, Erica G. | ASSOCIATE | $720.00 | $720.00 | 9.00 | $6,480.00 |
| 0605 | Shumejda, Lauren | ASSOCIATE | $665.00 | $665.00 | 1.60 | $1,064.00 |
| | No. of Billers for Position: 5 | Blended Rate for Position: | $504.77 | | 162.20 | $81,874.00 |
| | | | | % of Total: 49.80% | % of Total: 38.10% |
| 5326 | Johnson, Michael | PARALEGAL | $250.00 | $250.00 | 0.70 | $175.00 |
| 7131 | Fisher, Stephanie | PARALEGAL | $215.00 | $215.00 | 0.70 | $150.50 |
| 5217 | Tattnall, Maurice | PARALEGAL | $180.00 | $180.00 | 0.80 | $144.00 |
| 5407 | Alfarone, Robert | PARALEGAL | $200.00 | $200.00 | 0.70 | $140.00 |
| 7068 | Abraham, Priscilla | PARALEGAL | $250.00 | $250.00 | 0.50 | $125.00 |
| | No. of Billers for Position: 5 | Blended Rate for Position: | $216.03 | | 3.40 | $734.50 |
| | | | | % of Total: 1.04% | % of Total: 0.34% |
| | Total No. of Billers: 15 | Blended Rate for Report: | $659.76 | | 325.70 | $214,883.50 |

EXHIBIT D

CLERICAL ACTIVITIES

Paul, Weiss, Rifkind, Wharton & Garrison

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE |
|---|---|---|---|---|
| Abraham, P | 0.50 | 125.00 | 40.00 | 85.00 |
| Johnson, M | 0.70 | 175.00 | 56.00 | 119.00 |
| | 1.20 | $300.00 | $96.00 | $204.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE |
|---|---|---|---|---|
| Exit Financing | 1.20 | 300.00 | 96.00 | 204.00 |
| | 1.20 | $300.00 | $96.00 | $204.00 |

* Amount billed adjusted to reflect percentage shown to be due on the invoice.

EXHIBIT D

CLERICAL ACTIVITIES

Paul, Weiss, Rifkind, Wharton & Garrison

| TIMEKEEPER NAME | DATE | ENTRY HOURS | TASK HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| | | | | | | | *MATTER NAME: Exit Financing* |
| Abraham, P | 07/23/12    Mon 201207-02/73 | 0.50 | 0.50 | 125.00 | 40.00 | 85.00 | 1 DUPLICATED 3 DVDS OF EXIT FINANCING MATERIALS ONE TIME AND QUALITY CHECKED THE CONTENT OF EACH COPY FOR PROPER TRANSFERAL. |
| | TOTAL FOR TIMEKEEPER: | | 0.50 | $125.00 | $40.00 | $85.00 | |
| | NUMBER OF ENTRIES:    1 | | | | | | |
| | | | | | | | *MATTER NAME: Exit Financing* |
| Johnson, M | 07/16/12    Mon 201207-02/51 | 0.70 | 0.70 | 175.00 | 56.00 | 119.00 | 1 DUPLICATED 3 DVDS (X1) EACH RE EXIT FINANCING MATERIALS. |
| | TOTAL FOR TIMEKEEPER: | | 0.70 | $175.00 | $56.00 | $119.00 | |
| | NUMBER OF ENTRIES:    1 | | | | | | |
| TOTAL: NUMBER OF ENTRIES    2 | | | 1.20 | $300.00 | $96.00 | $204.00 | |

EXHIBIT D

CLERICAL ACTIVITIES

Paul, Weiss, Rifkind, Wharton & Garrison

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE |
|---|---|---|---|---|
| Abraham, P | 0.50 | 125.00 | 40.00 | 85.00 |
| Johnson, M | 0.70 | 175.00 | 56.00 | 119.00 |
| | 1.20 | $300.00 | $96.00 | $204.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE |
|---|---|---|---|---|
| Exit Financing | 1.20 | 300.00 | 96.00 | 204.00 |
| | 1.20 | $300.00 | $96.00 | $204.00 |

* Amount billed adjusted to reflect percentage shown to be due on the invoice.

EXHIBIT E

PAUL WEISS RETENTION/COMPENSATION

Paul, Weiss, Rifkind, Wharton & Garrison

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Hernandez, A | 21.30 | 9,052.50 |
| Rosenberg, A | 1.50 | 1,500.00 |
| Schneider, K | 2.50 | 2,500.00 |
| Shumejda, L | 1.60 | 1,064.00 |
| Tattnall, M | 0.80 | 144.00 |
| Weinberger, E | 9.00 | 6,480.00 |
| | 36.70 | $20,740.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Applicant's Retention | 36.70 | 20,740.50 |
| | 36.70 | $20,740.50 |

EXHIBIT E
PAUL WEISS RETENTION/COMPENSATION
Paul, Weiss, Rifkind, Wharton & Garrison

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 07/12/12 Thu | Schneider, K 201207-01/1 | 0.40 | 0.40 | 400.00 | | | | MATTER NAME: Applicant's Retention |
| | | | | | | | 1 | TEL. CALL WITH B. KRAKAUER (SIDLEY) RE MISC. BANKRUPTCY REQUIREMENTS FOR TRIBUNE'S RETENTION OF PAUL WEISS. |
| 07/13/12 Fri | Schneider, K 201207-01/2 | 0.20 | 0.20 | 200.00 | | | | MATTER NAME: Applicant's Retention |
| | | | | | | | 1 | REVIEW TRIBUNE FILINGS RE BANKRUPTCY REQUIREMENTS FOR TRIBUNE'S RETENTION OF PAUL WEISS. |
| 07/16/12 Mon | Rosenberg, A 201207-01/3 | 0.50 | 0.50 | 500.00 | 0.20 | F | 1 | MATTER NAME: Applicant's Retention |
| | | | | | 0.20 | F | 1 | CONFER WITH E. WEINBERGER RE RETENTION APPLICATION (.2); |
| | | | | | 0.30 | F | 2 | REVIEW AND ATTEND TO EMAILS RE: SAME (.3). |
| 07/16/12 Mon | Rosenberg, A 201207-01/4 | 1.00 | 1.00 | 1,000.00 | | | | MATTER NAME: Applicant's Retention |
| | | | | | | | 1 | REVIEW TRIBUNE CONFIRMATION ORDER IN CONNECTION WITH RETENTION. |
| 07/16/12 Mon | Weinberger, E 201207-01/5 | 0.80 | 0.80 | 576.00 | 0.20 | F | 1 | MATTER NAME: Applicant's Retention |
| | | | | | 0.20 | F | 1 | CONFER WITH A. ROSENBERG REGARDING REPRESENTATION (.2); |
| | | | | | 0.20 | F | 2 | CALL TO J. BOELTER (SIDLEY) REGARDING LOGISTICS FOR RETENTION APPLICATION (.2); |
| | | | | | 0.20 | F | 3 | REVIEW PRIOR RETENTION MOTIONS FILED IN TRIBUNE (.2); |
| | | | | | 0.20 | F | 4 | REVIEW PRELIMINARY CONFLICT SEARCH RESULTS (.2). |
| 07/17/12 Tue | Hernandez, A 201207-01/7 | 0.80 | 0.80 | 340.00 | 0.40 | F | 1 | MATTER NAME: Applicant's Retention |
| | | | | | 0.40 | F | 1 | REVIEWED CONFLICTS LIST WITH E. WEINBERGER (.4), |
| | | | | | 0.40 | F | 2 | RAN CONFLICTS SEARCHES IN CONNECTION WITH RETENTION APPLICATON (.4). |
| 07/17/12 Tue | Weinberger, E 201207-01/6 | 1.10 | 1.10 | 792.00 | 0.10 | F | 1 | MATTER NAME: Applicant's Retention |
| | | | | | 0.10 | F | 1 | CALL AND EMAILS WITH A. HERNANDEZ REGARDING CONFLICT SEARCH RESULTS (.1); |
| | | | | | 0.20 | F | 2 | CALL WITH J. BOELTER (SIDLEY) REGARDING RETENTION LOGISTICS ISSUES AND INTERNAL EMAILS REGARDING SAME (.2); |
| | | | | | 0.30 | F | 3 | REVIEW CONFLICTS SEARCH LIST AND CONFER WITH A. HERNANDEZ REGARDING SAME (.3); |
| | | | | | 0.20 | F | 4 | REVIEW FORM RETENTION FILINGS PROVIDED BY SIDLEY (.2); |
| | | | | | 0.30 | F | 5 | DRAFT DECLARATION IN SUPPORT OF RETENTION MOTION (.3). |
| 07/18/12 Wed | Hernandez, A 201207-01/10 | 0.40 | 0.40 | 170.00 | | | | MATTER NAME: Applicant's Retention |
| | | | | | | | 1 | RAN CONFLICTS SEARCHES IN CONNECTION WITH RETENTION APPLICATION. |
| 07/18/12 Wed | Tattnall, M 201207-01/9 | 0.80 | 0.80 | 144.00 | | | | MATTER NAME: Applicant's Retention |
| | | | | | | | 1 | RESEARCHED TRIBUNE DISCLOSURE STATEMENT AND RELATED EXHIBITS IN CONNECTION WITH RETENTION. |
| 07/18/12 Wed | Weinberger, E 201207-01/8 | 0.50 | 0.50 | 360.00 | 0.20 | F | 1 | MATTER NAME: Applicant's Retention |
| | | | | | 0.20 | F | 1 | REVISE DECLARATION IN SUPPORT OF RETENTION APPLICATION (.2); |
| | | | | | 0.20 | F | 2 | CONFER WITH A. HERNANDEZ REGARDING LIST OF SEARCH PARTIES (.2); |
| | | | | | 0.10 | F | 3 | CALL WITH J. LUDWIG (SIDLEY) REGARDING TIMING FOR FILING RETENTION APPLICATION (.1). |
| 07/20/12 Fri | Hernandez, A 201207-01/12 | 0.30 | 0.30 | 127.50 | | | | MATTER NAME: Applicant's Retention |
| | | | | | | | 1 | FOLLOW UP WITH PAUL WEISS ATTORNEYS RE: CONFLICTS SEARCHES. |

~  See the last page of exhibit for explanation

EXHIBIT E
PAUL WEISS RETENTION/COMPENSATION
Paul, Weiss, Rifkind, Wharton & Garrison

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 07/20/12 Fri | Weinberger, E 201207-01/11 | 0.10 | 0.10 | 72.00 | | | | MATTER NAME: Applicant's Retention |
| | | | | | | | 1 | CALL WITH J. LUDWIG AND J. BOELTER (SIDLEY) REGARDING RETENTION APPLICATION. |
| 07/23/12 Mon | Hernandez, A 201207-01/14 | 3.30 | 3.30 | 1,402.50 | 3.10 0.20 | F F | 1 2 | MATTER NAME: Applicant's Retention REVIEW CONFLICTS RESULTS AND CORRESPOND WITH PW PARTNERS RE SAME (3.1). DISCUSS CONFLICTS RESULTS WITH E. WEINBERGER (.2). |
| 07/23/12 Mon | Weinberger, E 201207-01/13 | 0.70 | 0.70 | 504.00 | 0.10 0.20 0.40 | F F F | 1 2 3 | MATTER NAME: Applicant's Retention CALL WITH THE J. BOELTER (SIDLEY) REGARDING RETENTION (.1); MEETING WITH A. HERNANDEZ REGARDING RETENTION ISSUES (.2); REVIEW AND REVISE DECLARATION IN SUPPORT OF RETENTION APPLICATION (.4). |
| 07/24/12 Tue | Hernandez, A 201207-01/15 | 2.00 | 2.00 | 850.00 | | | | MATTER NAME: Applicant's Retention |
| | | | | | | | 1 | REVIEW CONFLICTS RESULTS AND CORRESPOND WITH PW PARTNERS RE: SAME. |
| 07/25/12 Wed | Hernandez, A 201207-01/17 | 4.30 | 4.30 | 1,827.50 | | | | MATTER NAME: Applicant's Retention |
| | | | | | | | 1 | REVIEW OF CONFLICTS RESULTS AND CREATE SCHEDULES OF REPRESENTATIONS NOT RELATED TO THE TRIBUNE CHAPTER 11 CASES. |
| 07/25/12 Wed | Weinberger, E 201207-01/16 | 0.10 | 0.10 | 72.00 | | | | MATTER NAME: Applicant's Retention |
| | | | | | | | 1 | CONFER WITH A. HERNANDEZ REGARDING RETENTION APPLICATION |
| 07/26/12 Thu | Hernandez, A 201207-01/19 | 9.00 | 9.00 | 3,825.00 | 8.60 0.30 0.10 | F F F | 1 2 3 | MATTER NAME: Applicant's Retention REVIEW CONFLICTS RESULTS AND UPDATE SCHEDULE OF UNRELATED REPRESENTATIAONS (8.6). REVIEW RETENTION APPLICATION (.3). CORRESPOND WITH E. WEINBERGER RE SAME (.1). |
| 07/26/12 Thu | Weinberger, E 201207-01/18 | 0.10 | 0.10 | 72.00 | | | | MATTER NAME: Applicant's Retention |
| | | | | | | | 1 | REVIEW UPDATED DECLARATION AND CALL WITH A. HERNANDEZ REGARDING SAME |
| 07/27/12 Fri | Hernandez, A 201207-01/20 | 0.50 | 0.50 | 212.50 | | | | MATTER NAME: Applicant's Retention |
| | | | | | | | 1 | PHONE CALLS WITH A. SYNNOTT, E. WEINBERGER RE: CONFLICTS HITS. |
| 07/30/12 Mon | Hernandez, A 201207-01/23 | 0.40 | 0.40 | 170.00 | 0.20 0.20 | F F | 1 2 | MATTER NAME: Applicant's Retention MEET WITH E. WEINBERGER RE: RETENTION APPLICATION (.2). REVIEW RETENTION APPLICATION (.2). |
| 07/30/12 Mon | Schneider, K 201207-01/21 | 0.20 | 0.20 | 200.00 | | | | MATTER NAME: Applicant's Retention |
| | | | | | | | 1 | DISCUSS RETENTION APPLICATION AND DISCLOSURE WITH E. WEINBERGER. |
| 07/30/12 Mon | Weinberger, E 201207-01/22 | 0.50 | 0.50 | 360.00 | 0.20 0.30 | F F | 1 2 | MATTER NAME: Applicant's Retention CONFER WITH A. HERNANDEZ, K. SCHNEIDER AND A. ROSENBERG REGARDING RETENTION APPLICATION (.2); CALL WITH J. BOELTER (SIDLEY) REGARDING SAME (.3). |

~ See the last page of exhibit for explanation

EXHIBIT E
PAUL WEISS RETENTION/COMPENSATION
Paul, Weiss, Rifkind, Wharton & Garrison

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| 07/31/12 Tue | Schneider, K 201207-01/24 | 0.20 | 0.20 | 200.00 | | 1 | *MATTER NAME: Applicant's Retention* REVIEW RETENTION MATERIALS TO ENSURE COMPLIANCE WITH APPLICABLE RETENTION AND DISCLOSURE RULES. |
| 08/01/12 Wed | Hernandez, A 201208-01/26 | 0.30 | 0.30 | 127.50 | | 1 | *MATTER NAME: Applicant's Retention* MEET W/ E. WEINBERGER RE:CONFLICTS RESULTS. |
| 08/01/12 Wed | Weinberger, E 201208-01/25 | 0.30 | 0.30 | 216.00 | | 1 | *MATTER NAME: Applicant's Retention* CONFER WITH A. HERNANDEZ REGARDING DECLARATION |
| 08/02/12 Thu | Weinberger, E 201208-01/27 | 0.90 | 0.90 | 648.00 | 0.40 F 0.20 F 0.30 F | 1 2 3 | *MATTER NAME: Applicant's Retention* REVISE AND FINALIZE DECLARATION (.4); CALLS AND MEETINGS WITH A. ROSENBERG, K. DAVIS, E. MCCOLM AND S. SHIMSHAK (PAUL WEISS) REGARDING SCHEDULE TO RETENTION APPLICATION (.2); CALL TO J. BOELTER (SIDLEY) REGARDING PROCESS AND TIMING OF RETENTION APPLICATION (.3). |
| 08/06/12 Mon | Schneider, K 201208-01/28 | 0.20 | 0.20 | 200.00 | | 1 | *MATTER NAME: Applicant's Retention* DISCUSS DRAFT RETENTION APPLICATION WITH E. WEINBERGER. |
| 08/06/12 Mon | Weinberger, E 201208-01/29 | 1.70 | 1.70 | 1,224.00 | 1.20 F 0.20 F 0.30 F | 1 2 3 | *MATTER NAME: Applicant's Retention* REVIEW AND MARKUP DRAFT APPLICATION (1.2); CONFER WITH A. ROSENBERG, K. SCHNEIDER AND M. CHOW (PAUL WEISS) REGARDING SAME (.2); CALL WITH J. BOELTER (SIDLEY) REGARDING PROCESS AND TIMING OF RETENTION APPLICATION (.3). |
| 08/07/12 Tue | Weinberger, E 201208-01/30 | 0.70 | 0.70 | 504.00 | 0.20 F 0.50 F | 1 2 | *MATTER NAME: Applicant's Retention* CALL AND EMAILS WITH M. CHOW (PAUL WEISS) REGARDING RETENTION APPLICATION (.2); REVIEW MARKUPS AND REVISED DRAFTS OF RETENTION PAPERS (.5). |
| 08/08/12 Wed | Schneider, K 201208-01/31 | 0.40 | 0.40 | 400.00 | | 1 | *MATTER NAME: Applicant's Retention* DISCUSS DRAFT RETENTION APPLICATION WITH E. WEINBERGER. |
| 08/08/12 Wed | Weinberger, E 201208-01/32 | 0.90 | 0.90 | 648.00 | 0.20 F 0.20 F 0.10 F 0.40 F | 1 2 3 4 | *MATTER NAME: Applicant's Retention* REVIEW REVISED RETENTION APPLICATION (.2); REVISE DECLARATION (.2); CALL WITH J. BOELTER (SIDLEY) REGARDING COMMENTS ON THE RETENTION PAPERS AND TIMING (.1); CONFER WITH A. ROSENBERG, K. SCHNEIDER AND E. MCCOLM (PAUL WEISS) REGARDING RETENTION ISSUES (.4). |
| 08/09/12 Thu | Schneider, K 201208-01/33 | 0.50 | 0.50 | 500.00 | 0.30 F 0.20 F | 1 2 | *MATTER NAME: Applicant's Retention* DISCUSS DRAFT RETENTION APPLICATION WITH E. WEINBERGER (.3); REVIEW UPDATED RETENTION MATERIALS (.2). |
| 08/09/12 Thu | Weinberger, E 201208-01/34 | 0.50 | 0.50 | 360.00 | 0.30 F 0.10 F 0.10 F | 1 2 3 | *MATTER NAME: Applicant's Retention* CONFER WITH A. ROSENBERG, K. SCHNEIDER AND R. BRONSTEIN (PAUL WEISS) REGARDING RETENTION APPLICATION (.3); REVISE DECLARATION (.1); REVIEW FEES TO DATE (.1). |

~ See the last page of exhibit for explanation

EXHIBIT E
PAUL WEISS RETENTION/COMPENSATION
Paul, Weiss, Rifkind, Wharton & Garrison

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 08/13/12 Mon | Schneider, K 201208-01/35 | 0.40 | 0.40 | 400.00 | | | 1 | *MATTER NAME: Applicant's Retention* REVIEW AND COMMENT ON RETENTION APPLICATION AND DECLARATION. |
| 08/15/12 Wed | Weinberger, E 201208-01/36 | 0.10 | 0.10 | 72.00 | | | 1 | *MATTER NAME: Applicant's Retention* DRAFT LETTER REGARDING A. ROSENBERG DECLARATION |
| 08/20/12 Mon | Shumejda, L 201208-01/37 | 0.30 | 0.30 | 199.50 | | | 1 | *MATTER NAME: Applicant's Retention* REVIEW PW RETENTION APPLICATION. |
| 08/23/12 Thu | Shumejda, L 201208-01/38 | 0.40 | 0.40 | 266.00 | | | 1 | *MATTER NAME: Applicant's Retention* T/C WITH A.ROSENBERG, UST AND J. BOELTER (SIDLEY) RE RETENTION APPLICATION. |
| 08/30/12 Thu | Shumejda, L 201208-01/39 | 0.40 | 0.40 | 266.00 | 0.30  F 0.10  F | | 1 2 | *MATTER NAME: Applicant's Retention* REVIEW DOCKET TO CONFIRM NO OBJECTIONS (.3); CONFER WITH J. BOELTER (SIDLEY)RE HEARING, IF NECESSARY (.1). |
| 08/31/12 Fri | Shumejda, L 201208-01/40 | 0.50 | 0.50 | 332.50 | 0.10  F 0.40  F | | 1 2 | *MATTER NAME: Applicant's Retention* CONFER WITH J. BOELTER (SIDLEY), PW TEAM RE RETENTION APPLICATION STATUS (.1); REVIEW RECENT TRIBUNE FILINGS (.4). |
| Total Number of Entries:    40 | | | 36.70 | $20,740.50 | | | | |

~  See the last page of exhibit for explanation

EXHIBIT E

PAUL WEISS RETENTION/COMPENSATION

Paul, Weiss, Rifkind, Wharton & Garrison

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Hernandez, A | 21.30 | 9,052.50 |
| Rosenberg, A | 1.50 | 1,500.00 |
| Schneider, K | 2.50 | 2,500.00 |
| Shumejda, L | 1.60 | 1,064.00 |
| Tatnall, M | 0.80 | 144.00 |
| Weinberger, E | 9.00 | 6,480.00 |
| | 36.70 | $20,740.50 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Applicant's Retention | 36.70 | 20,740.50 |
| | 36.70 | $20,740.50 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS
F       FINAL BILL