IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:                          )   Case No. 08-13141 (KJC)
                                )   (Jointly Administered)
TRIBUNE COMPANY, et al.,        )
                                )   Chapter 11
                                )
                                )   Courtroom 5
                                )   824 Market Street
            Debtors.            )   Wilmington, Delaware
                                )
                                )   March 14, 2013
                                )   2:30 p.m.

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JUDGE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtors:            Sidley Austin, LLP
                        BY: JAMES F. BENDERNAGEL, JR., ESQ.
                        1501 K Street, N.W.
                        Washington, DC 20005
                        (202) 736-8136

                        Cole, Schotz, Meisel, Forman
                        & Leonard, P.A.
                        BY: NORMAN L. PERNICK, ESQ.
                        500 Delaware Avenue, Suite 1410
                        Wilmington, DE 19801
                        (302) 651-2000

ECRO:                   AL LUGANO

Transcription Service:  DIAZ DATA SERVICES, LLC
                        331 Schuylkill Street
                        Harrisburg, Pennsylvania 17110
                        (717) 233-6664
                        www.diazdata.com

Proceedings recorded by electronic sound recording;
transcript produced by transcription service

APPEARANCES:
(Continued)

For Litigation Trustee
and Marc Kirschner:                 Akin Gump Strauss Hauer &
                                    Feld, LLP
                                    BY: DAVID M.ZENSKY, ESQ.
                                    One Bryant Park
                                    Bank of America Tower
                                    New York, NY 10036-6745
                                    (212) 872-1075

                                    Landis Rath & Cobb, LLP
                                    BY: RICHARD S. COBB, ESQ.
                                    919 North Market Street
                                    Wilmington, DE 19801
                                    (302) 467-4400

For Hianik, Birmingham,
et al.:                             Cozen O'Connor
                                    BY: MARK E. FELGER, ESQ.
                                    1201 North Market Street
                                    Wilmington, DE 19801
                                    (302) 295-2087

For Certain Former
Directors and Officers:             Connolly Gallagher, LLC
                                    BY: JEFFREY C. WISLER, ESQ.
                                    1000 West Street, Suite 1400
                                    Wilmington, DE 19801
                                    (302) 757-7300

                                    Grippo & Elden, LLC
                                    BY: John R. McCambridge, Esq.
                                    111 South Wacker Drive
                                    Chicago, IL 60606
                                    (312) 704-7750

For Timothy Knight:                 A.M. Saccullo Legal, LLC
                                    BY: ANTHONY M. SACCULLO, ESQ.
                                    222 Delaware Avenue, Suite 900
                                    Wilmington, DE 19899
                                    (302) 655-5000

TELEPHONIC APPEARANCES:

For Debtors:                        Tribune
                                    BY: DAVE ELDERSVELD, ESQ.
                                    (312) 222-4707
                                    BY: GARY WEITMAN, ESQ.
                                    (312) 222-3394

TELEPHONIC APPEARANCES:
(Continued)

```
                              Ropes & Gray, LLP
                              BY: ZACHARY GOLDEN, ESQ.
                              (617) 951-7733 ext. 00

                              Sidley Austin, LLP
                              BY: KEVIN LANTRY, ESQ.
                              (213) 896-6022

                              BY: KERRIANN MILLS, ESQ.
                              (312) 853-0036
                              BY: THOMAS E. ROSS, ESQ.
                              (202) 736-8374
```

For Creditor (former
Officers and Directors):     Grippo & Elden, LLC
                              BY: GEORGE DOUGHERTY, ESQ.
                              (312) 704-7700

For Defendants David
Murphy and James Ellis:      Freeburn & Peters, LLP
                              BY: DEVON J. EGGERT, ESQ.
                              (312) 360-6378

For Trustee:                 Akin Gump Strauss Hauer &
                              Feld, LLP
                              BY: JASON GOLDSMITH, ESQ.
                              (212) 872-1000

For Interested Party
Aurelius Capital Management: Aurelius Capital Management,
                              LP
                              BY: DAN GROPPER, ESQ.
                              (646) 445-6500

For Interested Party
Timothy Knight:              Hannafan & Hannafan, Ltd.
                              BY: JAMES A. MCGUINNESS, ESQ.
                              (312) 527-0055

For Defendants, Employees
Compensation Defendant's
Group:                       Frank Gecker, LLP
                              BY: REED HEILIGMAN, ESQ.
                              (312) 276-1432

For Reorganized Debtors:     Jones Day
                              BY: JAMES O. JOHNSTON, ESQ.
                              (213) 243-2431
                              BY: JOSHUA M. MESTER, ESQ.
                              (213) 243-2508

TELEPHONIC APPEARANCES:
(Continued)

For Interested Party:               Kirschner Consulting Company
                                    BY: MARC KIRSCHNER
                                    (212) 348-2803

For Interested Party
T. Rowe, Price, et. al.:            Bingham McCutchen, LLP
                                    BY: MICHAEL D'AGOSTINO, ESQ.
                                    (860) 240-2731

For Interested Party
JP Morgan Chase:                    Davis Polk & Wardwell, LLP
                                    BY: ELLIOT MOSKOWITZ, ESQ.
                                    (212) 450-4241

For Interested Party
Bigelow:                            Sperling & Slater
                                    BY: GWEN NOLAN, ESQ.
                                    (312) 641-3200

For Creditor
Bank of America:                    O'Melveny & Myers (NY Office)
                                    BY: DANIEL S. SHAMAH, ESQ.
                                    (212) 326-2138

For EGI-TRB, LLC:                   Jenner & Block, LLP
                                    BY: ANDREW VAIL, ESQ.
                                    (312) 810-8688

For Former Special
Committee:                          Skadden Arps Slate Meagher &
                                    Flom
                                    BY: JUSTIN WINERMAN, ESQ.
                                    (312) 407-0924

1

1  WILMINGTON, DELAWARE, THURSDAY, MARCH 14, 2013, 2:30 P.M.

2          THE COURT:  Good afternoon.

3          MR. PERNICK:  Good afternoon, Your Honor.  Norman

4  Pernick, Your Honor, from Cole Schotz, for the Debtors.

5  Your Honor, we had 12 items on the Agenda for today and only

6  one is going forward.  But if you'd like, I'll run through

7  the other matters just to make sure the record is clear

8  and --

9          THE COURT:  Go ahead.

10          MR. PERNICK:  -- we're in sync with the Court.

11  Item number one was the Sixty-Fifth Omnibus Objection.  Your

12  Honor entered an Order on that.

13          Number two, is the Tenth Omnibus Objection.  It was

14  withdrawn as to Chris Parker and Mark Silver.  And with

15  respect to GE Capital Fleet Services and Robby S. Wells,

16  those claims Objections are continued to April 17.

17          Agenda Item number three, the Twenty-Fourth Omnibus

18  Objection, with respect to Marbury von Briesen and Herbert

19  Eye, those are continued to April 17.

20          Number four, the Twenty-Seventh Omnibus Objection, a

21  resolution was reached with Marcia Willette and we are going

22  to be filing a Stipulation so we'll technically continue

23  that to the April 17 date, but we anticipate that,

24  obviously, that won't be going forward.

25          Number five is the Forty-Second Omnibus Objection,

1  with respect to Carol Walker, that's continued to April 17.

2       Number six is KTLA's Objection to the Martha Waller

3  claim.   That's also adjourned to April 17.

4       Number seven, the Sixty-Third Omnibus Objection, with

5  respect to Cawley Chicago Portfolio, Majestic Realty, and

6  Yorba Linda Sub, LLC, those are resolved in principle so we

7  will technically continue them to the 17th, but we'll be

8  submitting papers on them.

9       Number 18, the Debtor's Motion for an Order Enforcing

10  the Terms of the Settlement Agreement with the Franchise Tax

11  Board of California, that's adjourned to May 22.

12            THE COURT:   You mean number eight.

13            MR. PERNICK:   I'm sorry, number eight, yes.

14       And then Your Honor entered Orders on number nine, the

15  Ajalat Polley Fee Application; number ten, the Debtor's

16  Motion to Liquidate and Allow Claims of Certain Retirees;

17  and number 11, the Motion for the Omnibus Order Authorizing

18  Substitution of the Reorganized Debtors in Place of the

19  Creditors' Committee as Plaintiffs in Certain Adversary

20  Proceedings.

21       So that leaves us with number 12.   That's the

22  Litigation Trustee's Motion.   And the only other thing I

23  would mention is I would like to raise one housekeeping

24  matter with the Court and we can deal with it now or at the

25  end; obviously, up to the Court's pleasure.   But the April

1  17 hearing, we note on the calendar that you only have an

2  hour reserved, and anticipating what's currently scheduled

3  for that, we wanted to let the Courts know about that.  I'm

4  not sure that we can complete all those matters in an hour,

5  and I can provide the Court with a list of what we have if

6  you need that.

7        THE COURT:  Nancy, we're moving that day around

8  aren't we a little bit?

9        THE CLERK:  Yes.  It's moved to 11:00.

10        THE COURT:  Okay.

11        MR. PERNICK:  We just actually filed a --

12        THE COURT:  How much time do you think you'll

13  need?

14        MR. PERNICK:  I'm going to let Mr. Bendernagel

15  speak on that.  I know what's up, Your Honor, but I know we

16  may be objecting.

17        MR. BENDERNAGEL:  The reason I wanted to speak,

18  Your Honor, Jim Bendernagel, is there are a couple of other

19  matters that aren't currently scheduled for that day because

20  they're so in the pipeline that it probably makes sense to

21  do on that day or in connection with that.  The specific

22  matters I have in mind; two that are on that day scheduled

23  at this juncture, are Law Debenture and WTC's Substantial

24  Contribution Motions.  There's also a Substantial

25  Contribution Motion by the Newspaper Guild and there are two

1  Objections that the Reorganized Debtors are going to be

2  filing with respect to fee claims by Wilmington Trust and

3  Wilmington Trust and Deutsche Bank in connection with

4  submissions through the Committee, and it does seem to me

5  that it would make sense to deal with this group of claims

6  at the same point in time and I don't think, given the

7  magnitude of the papers on this, that you're going to get

8  through it in the time that's been allotted on those things.

9  It's conceivable that if you carve those out, you could get

10 through the rest of the schedule for that day but the

11 concern is that these matters are going to need more time

12 and that there's going to be some more matters than just the

13 two substantial contribution matters that are there right

14 now.

15        THE COURT:  Do the parties anticipate evidentiary

16 presentations?

17        MR. BENDERNAGEL:  It's a little unclear.  We have

18 not sought discovery, but you know, there is a lot of

19 factual context in connection with these, and that, you

20 know, we're not -- on the objections -- the burden of proof

21 is all on somebody else's shoulders and whether they feel,

22 after reading the Objections or reading our responses, that

23 they need to put on an evidentiary display.  It's just a

24 little early to tell and I just don't know the answer.

25        THE COURT:  You know what I think would be best?

1   I think -- is everything going to be filed and teed up in

2   terms of noticing by that date?

3            MR. BENDERNAGEL:  I think so.  The two Objections

4   to the fees that we're filing; we're filing one on Friday

5   and the other one's due on Monday.  The responses to the

6   Substantial Contribution Motions, Law Debenture and

7   Wilmington Trust are due on March 28 and I believe -- we're

8   trying to move the Guild date to that date as well just for

9   -- but I think they're actually due on March 20, next week.

10  So I think most of this will be briefed by early April,

11  but --

12           THE COURT:  My inclination is simply to hold a

13  status on all of them at that time because I have some

14  thoughts about that and I've made previous rulings on that,

15  one of which was recently confirmed by the Circuit in a Non-

16  Precedential Opinion.  So I think it would be helpful to me,

17  and I hope it might be helpful to the parties, if we just

18  talked about how to move forward rather than just set the

19  hearings and get everyone geared up and spend money when I

20  think I'd like to just talk with the parties about it first.

21           MR. BENDERNAGEL:  Okay.  People are spending a

22  lot of money right now so --

23           THE COURT:  Yes, I know.

24           MR. BENDERNAGEL:  -- but probably better to get

25  it teed up.

1      THE COURT:  I know, and I will tell you I have a

2  couple of -- well, I have one, I think one under advisement

3  now and I find these -- in light of the Third Circuit

4  standard, I find these matters difficult, and then even if I

5  find that the Movant has met that what I think is a pretty

6  high burden, then there's the exercise of figuring out,

7  okay, how much of what was expended falls within that and, I

8  confess, I struggle with them.  So I'd like to have some

9  discussions with the parties about that before we actually

10  go ahead with the hearing.

11      MR. BENDERNAGEL:  Okay, Your Honor.

12      THE COURT:  All right.

13      MR. BENDERNAGEL:  Thank you, Your Honor.  I'll

14  turn the podium over to Mr. Zensky.

15      THE COURT:  All right.  Thank you.  Nice to see

16  you, Mr. Zensky; it's been a while.

17      MR. ZENSKY:  It has been a while.  It's very nice

18  to see you, Your Honor.  Good to be back in your Courtroom

19  as always.  David Zensky, for the record, Akin Gump Strauss

20  Hauer & Feld, for Marc Kirschner, Litigation Trustee of the

21  Tribune Litigation Trust.  And, as Your Honor knows and Mr.

22  Pernick identified, we're here on the Litigation Trustee's

23  Omnibus Motion respecting the 37 remaining Insider

24  Adversaries pending in this Courtroom, and in a very limited

25  respect, the two Lender Adversaries.

1          THE COURT:  May I ask you a question

2   preliminarily?

3          MR. ZENSKY:  Of course, Your Honor.

4          THE COURT:  Well, two.  One is have any of the

5   issues been narrowed or do things stand as the papers

6   reflect?

7          MR. ZENSKY:  Things stand as the papers reflect

8   with the exception of the -- this isn't going to be much

9   help to the Court, the certain Directors and Officers had

10  asked for some language to be added to the Order.  We had

11  objected in concept in one respect and I think that language

12  issue can be worked out.  But the two main Objections to the

13  Motion --

14          THE COURT:  Is that the kind of no prejudice --

15          MR. ZENSKY:  Exactly.  And Mr. Bendernagel has

16  asked for certain language to be added to the portion of the

17  Order that deals with the five parties who did not settle or

18  contribute to the Step Two settlement, but those are

19  Order/language issues; they are not any substantive

20  resolution of the two main Objections.

21          THE COURT:  Well, I'm glad you actually brought

22  that up because it did raise a question in my mind, and that

23  was whether, if I made a ruling on the Motion today, that

24  the parties, at least who are suggesting that addition, view

25  that as giving them a second chance to make the same

1   argument they made before me.

2           MR. ZENSKY:  Right.  That was the nature of our

3   concern with the language that the Directors and Officers

4   asked for and I believe that we're all on the same page;

5   that they did not view that as a license to then go argue

6   before Judge Pauley that this Court's ruling on who owns

7   this category of claims was irrelevant.

8           THE COURT:  Okay.

9           MR. ZENSKY:  Right.  That issue will be decided

10  by Your Honor.  It's a Plan interpretation issue and should

11  begin and end in this Courtroom.

12          THE COURT:  Let me -- I want no one to be -- to

13  draw any conclusions from the question I'm about to ask

14  because it's not -- I'll just say that.  Don't draw any

15  conclusions from this, but if I were to sustain the

16  Objections, would the Objectors still be Defendants in any

17  of the litigation or would it get them out of all the

18  litigation?

19          MR. ZENSKY:  No.  Most of the Objectors, if not

20  all, Your Honor, would still be Defendants in many respects,

21  although I need to ask the Court for clarification.  There

22  were two Objections and I need to understand which one

23  you're asking me about --

24          THE COURT:  Well --

25          MR. ZENSKY:  -- if you, hypothetically, sustained

1   it.

2          THE COURT:   -- the question was a blanket one.

3          MR. ZENSKY:   Well, there's an Objection to the

4   ownership of executive transition payments and then there's

5   another Objection that the Defendants at the subsidiary

6   level have a good claim back, dollar-per-dollar.

7          THE COURT:   The set-off, yes.

8          MR. ZENSKY:   Yes.   So are you asking me about

9   both, Your Honor?

10          THE COURT:   Yes.

11          MR. ZENSKY:   I suppose that if you --

12          THE COURT:   Okay.   I understand.   You don't have

13   to answer.   Okay.

14          MR. ZENSKY:   But let me -- most of the Defendants

15   on these claims are also Defendants for breach of fiduciary

16   duty.   They also -- many, if not all of them, got

17   Shareholder transfers so they would still be Defendants

18   under Count 13 of Consignments, and they would still be

19   Defendants, those who got a success bonus or a phantom

20   equity payment so this -- the executive transition payment

21   is very important.   It's a very large amount of money.   We

22   believe the Trust owns those claims but it would not let

23   those Defendants out of all litigation if you sustain that

24   Objection.

25          THE COURT:   Okay.

1          MR. ZENSKY:  Does that answer the Court's

2    question?

3          THE COURT:  It does, but I think I have another

4    one so just let me pause while I try to frame it.  How is it

5    that -- understanding that certain Counts of a Complaint now

6    pending somewhere else belong to you and some do not, how,

7    procedurally, if I were to grant the relief that you

8    requested, does this all get worked out?

9          MR. ZENSKY:  Well, the Complaint that is now

10   before Judge Pauley, of course, emanated from this Court.

11   It contained a variety of claims and was asserted at the

12   time that there was no Plan on the table.  A Plan was

13   subsequently proposed that had a certain allocation of those

14   claims.  We've alerted Mr. Lantry to the extent that the

15   claim -- the case before Judge Pauley contains claims that

16   the Debtors, the Reorganized Debtors, have been determined

17   to be the owner of those will be dismissed without prejudice

18   by the Litigation Trustee, *Fitzsimons* action.

19        To the extent that we are deemed the owner of the

20   claims here, as I believe we should be, those will either be

21   dismissed without prejudice if they're duplicated in the

22   *Fitzsimons* action or, most likely, if they're not, then we

23   would seek MDL treatment and have those also sent over to

24   Judge Pauley so they would be with all the other claims.

25        THE COURT:  Okay.  That wasn't obvious to me, but

1   I'm grateful for the explanation.  That's not a criticism;

2   just my own inability to divine.  All right, Mr. Zensky, I'm

3   going to ask you, if you wouldn't mind, to step aside for

4   just a moment.  I'd like to ask the Reorganized Debtors.

5   There is reference in the papers to positions that the

6   Debtors took previously in other related matters concerning

7   these claims but the Reorganized Debtors have not weighed in

8   in connection with this matter.

9           MR. BENDERNAGEL:  Well, we haven't weighed in

10  yet.

11          THE COURT:  Well, wouldn't you think now would be

12  the time or do you think the --

13          MR. BENDERNAGEL:  Well, at some point, we are

14  going to weigh in simply because we got drawn in, to some

15  degree, by the Reply Brief where it notes that we didn't

16  object here and there's almost a suggestion that --

17          THE COURT:  Well, I would have noticed that even

18  if that hadn't been in the Reply.

19          MR. BENDERNAGEL:  Well, maybe we didn't but the

20  position we've taken with respect to the claims that have

21  essentially been assigned to us and that there's no dispute

22  in the like is that, you know, most of the claims are going

23  to be dismissed because the company doesn't see that there's

24  really economic value in pursing those claims, and that also

25  applies --

1        THE COURT:  But implicit in that position is that

2   claims exist, correct?

3        MR. BENDERNAGEL:  Well, the claims exist because

4   they were pled.

5        THE COURT:  Yes.

6        MR. BENDERNAGEL:  I mean the question is whether

7   the claims are sustainable and whether, in fact, from a

8   business perspective, these are claims that the company

9   would want to be pursing and those two issues sort of

10  collide at some points with respect to these kind of claims

11  because of the nature of the claims.

12      I think our position with respect to the executive

13  transition claims is that we haven't sought them.  We

14  haven't objected formally that we don't agree with the

15  position that's been laid out by the Litigation Trustee in

16  two critical respects.

17      First of all, we don't think it's clear on the face of

18  the Plan that these things are preserved causes of action,

19  and by these things, I'm talking about the executive

20  transition payments.  I don't think you can make that

21  statement given the fact that when you look at Section

22  1.1.156, the definition of ordinary litigation claims,

23  there's a gap.  The fact of the matter is the parties talk

24  about five of the six claims and they don't talk about the

25  sixth claim, and that's not an accident.  I think the more

1  logical explanation is they didn't know which side of the --

2  they couldn't agree as to which side it fell on.

3           THE COURT:  Well, and actually, you put your

4  finger on something, I don't know, that's based on

5  experience I might suppose, but apparently on which no one

6  would be able to make a record today anyway, and that is

7  that in highly -- especially in highly negotiated

8  arrangements, sometimes, for whatever reason, including the

9  one you just articulated, the parties say well, let's just

10 leave it alone and so that's what happens.

11          MR. BENDERNAGEL:  Just so I have it clear in my

12 mind, I didn't hear the last -- the parties just?

13          THE COURT:  Decided to leave it alone.

14          MR. BENDERNAGEL:  Well, or kick it down the road

15 might be a better way of saying it.  I think, to some

16 degree, the parties figured this day would come and they

17 figured well, when it comes, it comes.  And I think the

18 answer to that question is, you know, in the characteristics

19 of each of these Plans and whether they look more like an

20 ordinary litigation claim or they look like something that

21 is a preserved cause of action relating to the LBO and where

22 that line gets drawn, and what you have is guideposts in the

23 Plan itself in these five things because we know what their

24 characteristics are.

25          THE COURT:  Well, okay.  And those arguments are

1  made in the submissions, but -- and I don't want you to get

2  into your argument here, so let me just draw you to the

3  bottom line.

4          MR. BENDERNAGEL:  Sure.

5          THE COURT:  What position, if any, are the

6  Reorganized Debtors taking today with respect to the relief

7  the Litigation Trustee is requesting?

8          MR. BENDERNAGEL:  We think, at the bottom line,

9  these things are ordinary litigation claims but we're not

10  seeking to be substituted in for those, which I think at the

11  end, means that they get dismissed of their own weight

12  because, if they're not served by March 31, technically,

13  they're dismissed without prejudice.  But I think that's the

14  basic bottom line if, you know, the question is what's our

15  view as to what the Plan means in this regard, I think we

16  agree with the Defendants, not with the Litigation Trustee.

17          THE COURT:  All right.  Thank you.  Mr. Zensky,

18  the floor is yours.

19          MR. ZENSKY:  Thank you, Your Honor.  Let me just

20  try to tip off for the Court what I think is not objected

21  to, and if the Court has no questions on those areas of

22  relief, we can move on.

23      The Litigation Trustee requested an extension of the

24  Rule 4(m) period to serve the Adversaries because service

25  was stayed right after these claims were filed.  Everything

1   was stayed by the Standing Order.  That has not been

2   objected to.

3       Second, the Litigation Trustee asked for an extension

4   of the stay governing the 37 Adversaries which is set to

5   expire on March 31 and to modify the stay to permit practice

6   before the MDL panel and have the stay run until the earlier

7   of September 30, I believe, or until the cases are sent to

8   New York.  That was not objected to.

9       Third, is with respect to the Litigation Trustee being

10  substituted in with respect to the non-settling Step Two

11  Payees.  No one has objected to that, and as I noted a few

12  moments ago, the Reorganized Debtors have asked for some

13  language to be added which appear to be fine with me.  I

14  just need to look it over more carefully with respect to

15  that portion of the Order.

16      Fourth, the Litigation Trustee asked to be substituted

17  in with respect to a Tolling Agreement with Morgan Stanley

18  and there's been no objection as to that.  Fifth, the

19  Litigation Trustee has asked to be substituted in for the

20  claims on success bonuses and phantom equity payments, and

21  while there's an Objection that's based on the employment by

22  the Objector at the subsidiary level, I don't believe any

23  Objection was filed with respect to parties at the Tribune

24  Company level so I would mark that as not objected to

25  either.

1      So if the Court has no questions on those issues, I'll

2  turn to the two Objections that are before the Court.

3           THE COURT:  I don't.

4           MR. ZENSKY:  Okay.  Just briefly, Your Honor, the

5  facts.  As I said, there are 37 Insider Adversaries still

6  pending in this Court, and they seek to recover, both under

7  preference theories and fraudulent transfer theories, some

8  combination of six categories of payments that were made to

9  the Insiders in connection with the LBO or in the timeframe

10  covered here.  Those are stock options, stock units,

11  deferred compensation, success bonus, phantom equity, and

12  executive transfer -- transition payments.  Then there was

13  an excise tax gross-up and I think it's agreed by all

14  parties that the claim for the excise tax follows the

15  substantive underlying claim.  No one has objected to that

16  part of it.  No one disputed that the first three categories

17  were assigned to the Reorganized Debtor by the Plan and the

18  Court has already entered an Order disposing of the

19  Debtor's, Reorganized Debtor's, Motion to be substituted in

20  for those so that's been dealt with.

21      In the cases that we're talking about, I believe those

22  claims amounted to approximately $50 million, and as you

23  heard Mr. Bendernagel say, the Reorganized Debtors intend to

24  dismiss most, if not all, of those claims.

25      All agree that, under the Plan, the fourth and fifth

1  category I listed, the success bonus payments and the

2  phantom equity are explicitly assigned to the Trust and

3  we'll deal with the Objection as to the Subsidiary

4  Defendants in a moment.

5       The last category, the executive transition payments,

6  amount to $46 million, not including the excise tax, and

7  only parties who have filed papers in opposition were the

8  defendants, and you've heard Mr. Bendernagel's position a

9  moment ago.

10       The Executive Transition Payment Program was a golden

11  parachute-type plan, although you might see it as a platinum

12  parachute plan.  It was designed to pay senior and some mid-

13  level executives a very, very large severance in the event

14  that they were terminated following a change in control, and

15  that benefit was three times their highest salary in the

16  three years leading up to their termination, plus six times

17  their bonus for the year of termination.

18            THE COURT:  And I take it no one disputes here

19  that the necessary change of control has occurred?

20            MR. ZENSKY:  That's correct, Your Honor.  In

21  fact, the Merger Agreement itself explicitly stated, and the

22  executives, of course, were very careful to provide for

23  this, that the merger would constitute a change in control

24  under all the benefit programs so that they would get their

25  payments.  So that is not in dispute.

1        So let me take the Knight Objection first, Your Honor.

2    Timothy Knight is a Defendant in one of the adversaries

3    before Your Honor and also in the *Fitzsimons* action, and his

4    Objection asserts that he worked for a subsidiary and that

5    he has rights back against the subsidiary Debtor under

6    502(h) and under -- of the Code and 7.11 of the Plan, that

7    he contends will be equal dollar-for-dollar to the claims

8    that the Trust has against him, and that, therefore, you

9    should deny substitution and call it a day.  So what Mr.

10   Knight is asking for, Your Honor, is a prediction by this

11   Court or made a ruling that he actually has allowed non-

12   subordinated claims against a debtor subsidiary that are

13   equal to the claims pending against him.  We think that

14   that's completely procedurally inappropriate at this point.

15   A Substitution Motion does not require or allow for

16   consideration of the merits of the underlying claims as far

17   as we can see and this is not the time or place for the

18   Court to rule on the merits of their claim -- of his claim

19   and the parties who joined him back against the Debtors.

20   But even if the Court wanted to take a peek at the merits

21   and think about that today before allowing substitution, we

22   think that his argument that the Plan will automatically

23   lead to a dollar-for-dollar set-off and that this is all a

24   waste of time, is completely unfounded and dead wrong.

25   Under 7.11 of the Plan, the Litigation Trust received all

1    the defenses that the Debtors themselves could have asserted

2    against a 502(h) claim or a claim for indemnification and

3    our Reply Brief lays out for you some, but not all, of the

4    Objections that the Trust could raise to payment of those

5    claims, and in fact, the Trust has already asserted

6    mandatory and equitable subordination claims against all the

7    Directors and Officers in the *Fitzsimons* case with respect

8    to the very claims that Mr. Knight is asking you today to

9    rule or predict will be granted dollar-for-dollar.  So we

10   don't see how the Court can do that, and we think the

11   equitable subordination and mandatory subordination will

12   apply.

13           Secondly, even if you were prepared to make that

14   determination, we think that his claim and the claims of

15   several other subsidiary Directors really lie only against

16   the parent company, and would therefore, at best, be allowed

17   only at the rate that general unsecured creditors were paid

18   out under the Plan of other parent -- the other parent

19   creditor category which is 36 cents on the dollar, not

20   dollar-for-dollar.  And if you look at Exhibit D, Your

21   Honor, to our opening Motion, that is a copy of the

22   Executive Transition Plan.  It says specifically that the

23   obligation is that of Tribune Company and that the

24   obligation to make this is a general -- make these payments

25   is a general unsecured obligation of Tribune Company, not

1    the debtor subsidiary.

2        Second, the subordination claim would still be

3    available at the subsidiary level, and as Your Honor knows,

4    there were billions of dollars of unpaid claims at the

5    subsidiary level.  So they could be subordinated to that

6    even if the claim does lie at the subsidiary level.  So, in

7    short, Your Honor, we think that Objection is not well-

8    founded; that a Substitution Motion is not a license to re-

9    write the Plan, and basically determine that all of these

10   claims which were touted to the Court as being one of the

11   benefits that the unsecured creditors would get because

12   they're in *Fitzsimons,* they're preserved causes of action,

13   really should go nowhere because of the potential right for

14   indemnification or a 502(h) claim.  I'll move on unless the

15   Court has any questions on that issue.

16            THE COURT:  Move on.

17            MR. ZENSKY:  Okay.  The second Objection, which I

18   know Your Honor is aware of, is to who owns the executive

19   transition payment claims.  We believe, quite clearly, these

20   are preserved causes of action that should be assigned to

21   the Litigation Trust, indeed that the Plan does assign to

22   the Litigation Trust.  We think it's a relatively

23   straightforward contract interpretation exercise and the

24   Court just has to ask itself do these payments fall under

25   the definition of preserved cause of action, and if so, are

1  they carved out in any respect by another provision of the

2  Plan.

3       So if we look at the definition of preserved causes of

4  action, Your Honor, which is 1.1.174 of the Plan, that's

5  defined as any and all LBO-related causes of action and also

6  all claims in the *Fitzsimons* action are defined as preserved

7  causes of action.

8       So let me deal with the first point first.  LBO-

9  related causes of action is another defined term, which is

10 all claims of any nature that arise from the leverage buyout

11 and I think the key dispute between the parties here is do

12 these payments arise out of the leverage buyout or not?  If

13 they do, if Your Honor believes they do, I don't think

14 there's any argument that the Objecting Defendants or the

15 Debtors could present to you that they have, nonetheless,

16 been carved out.  The sole defense here is that they don't

17 arise out of the LBO.  So we believe that under Delaware

18 law, which should govern the Court's interpretation of the

19 Plan, that 'arising out of' has a very broad definition,

20 Your Honor.  It is not, in any sense, proximate cause or a

21 very tight causal connection.  It's any sort of linkage

22 between the one thing and the other thing or any causal

23 connection, and that's set forth in the cases that we've

24 cited, and here we think that is easily satisfied, Your

25 Honor.  The executive transition payments, as Your Honor

1    already asked, is there any dispute that they were triggered

2    by the LBO and that that constituted a change in control and

3    the answer is no.  But more important, these are benefits

4    that never would have been paid to any of these 18

5    individuals if there hadn't been a leverage buyout because

6    these are termination benefits that are only paid when

7    there's a change in control.  This is not the company's

8    standard severance plan that was payable anytime an

9    executive left.  They are payable only in the event that a

10   party is -- an Officer or Director is terminated following a

11   change in control.  So absent the LBO, none of these very

12   lucrative payments would have been made and that's -- I

13   don't think that point is disputed either.  That, in itself,

14   is more than enough to provide the linkage that we think

15   shows that these do arise out of the LBO.

16        On top of that, as I alluded to a few moments ago, of

17   the 18 parties who are Defendants on these claims, 13 have

18   been sued in *Fitzsimons* on the executive transition payment

19   claim for the exact same amounts in the Adversaries that are

20   still before you.  That comprises more than 90 percent of

21   the dollars being sought in connection with those claims and

22   the Plan explicitly says that, for the avoidance of doubt,

23   the claims in *Fitzsimons* are preserved causes of action.

24        Now, the Executive Defendants first argue, and I think

25   Mr. Bendernagel alluded to this argument as well, that the

1   Plan looks to the time of creation of the various

2   compensation programs as the basis to resolve the issue.

3   So, from their perspective, if the payment is based on a

4   Compensation Plan that pre-dated the LBO, it should be

5   deemed an ordinary litigation claim, and if it's based on a

6   compensation program put in place in connection with the

7   LBO, then it is a preserved causes of action.  Well, the

8   Plan doesn't say anything of the sort.  That's the inference

9   and argument by analogy that the Objectors are drawing and

10  what they are saying is that the categories that the Plan --

11  what they're really saying is this, as we understand it,

12  Your Honor, the categories that the Plan does explicitly

13  assign to the Reorganized Debtor don't arise out of the LBO

14  and because this disputed category is more like those than

15  the success bonus and phantom equity payments you should

16  deem it to be an ordinary litigation claim.

17       We think that's wrong for a number of reasons.  One,

18  we think that all of these claims actually could be said to

19  have arisen out of the LBO under the broad reading or broad

20  meaning of the term 'arising out of' under Delaware law.

21            THE COURT:  Well, but the language specifically

22  says 'arising from'.

23            MR. ZENSKY:  Arising from.  I'm sorry; I didn't

24  mean to substitute different words.  Your Honor is correct.

25  I think that all of the payments that we're discussing,

1   including the ones assigned to the Debtors, could have been

2   seen to arise from the LBO except that the Plan carved three

3   of them out and said notwithstanding how we're defining

4   preserved causes of action and ordinary litigation claim,

5   these three go to the Reorganized Debtor, and of course,

6   that passage leaves out executive transition payments and

7   that statement in the Plan, which is in the definition of

8   ordinary litigation claims, would have been entirely

9   redundant and superfluous if there was no possibility that

10  those claims could be deemed to have arisen from the LBO.

11  It's precisely because someone could argue that even the

12  deferred compensation and the stock option and restricted

13  stock unit claims arose from the LBO, that the Plan drafters

14  were careful to say those three go to the Reorganized Debtor

15  and will be deemed ordinary litigation claims.

16          The second reason that we think the Objectors'

17  argument fails, Your Honor, is this, that the executive

18  transition payment claims are actually more like the success

19  bonus claim and the phantom equity claim than they are like

20  the three categories that were assigned to the Reorganized

21  Debtor.  And as we pointed out in our Reply papers, the

22  first -- the three categories that were assigned to the

23  Reorganized Debtor are for benefits that were earned over

24  time while these executives were working at Tribune and the

25  subsidiaries before the LBO for deferred bonus payments,

1   stock awards, just ordinary Compensation Plans, and they

2   were given these awards and they were, I believe, mostly

3   vested, if not all vested, and the LBO came as a change in

4   control accelerated their rights to payment but the LBO was

5   not the fact that created the right to payment.  It simply

6   pushed forward in time the point of time in which the

7   parties were to receive those three categories of payments.

8   When we look at the executive transition payments, there was

9   no accrued right to -- there was no right to that payment

10  because no one had been terminated.  This is a Plan that

11  provides a contingency in the event you are terminated

12  following a change in control, here's what you'll get.  So

13  as I said earlier, and I think this is the critical

14  distinguishing factor if Your Honor wants to focus on this,

15  is that, again, but for the LBO, if these parties were

16  terminated, they never would have received these payments;

17  whereas the other three categories, the stock units, stock

18  options, and deferred comp, they would have received at some

19  point, even if there was never a leverage buyout.

20          THE COURT:  Yes, and the Objectors here say,

21  among other things, that applying a 'but for' test is not

22  what the documents say.

23          MR. ZENSKY:  It may not be the words the document

24  used, Your Honor, but if there is a 'but for' connection,

25  that more than satisfies, we believe, the definition of

1  'arising from' under Delaware law.  That would be even more

2  of a connection than Delaware law would require in that

3  regard, Your Honor.

4           Finally, I'll just come back again to the fact

5  that 13 of the 18 Defendants have been sued in *Fitzsimons*;

6  that the Plan explicitly states that those Plans are

7  preserved causes of action, and even if Your Honor feels

8  that there was a gap left with respect to the parties not

9  sued in *Fitzsimons,* because the Plan doesn't tell you what

10  to do with those, I believe the Plan explicitly tells the

11  Court who owns the claims against the 13 that were sued in

12  *Fitzsimons* and there is nothing that creates any sort of

13  ambiguity or carve-out from that point since executive

14  transition payments are not mentioned anywhere.

15           The last point I would make, Your Honor, is to

16  the extent the Court feels that equities weigh into the

17  Court's consideration of these issues, on one side of this,

18  we have the Defendants who collectively received I believe

19  something on the order of $150 million of payments, not

20  including what they got for selling their stock in the

21  leverage buyout, and included in this group are the

22  Defendants who envisioned, created, and pushed for the

23  leverage buyout and the Court is all too familiar with what

24  the impact on the company was.

25       On the other side, we have the Unsecured Creditors of

1    the company, including, for example, the Retirees who lost

2    their Retirement Plan and did not receive lucrative benefits

3    and bonuses like this, who received the 33 or 36 percent

4    payout under the Plan, other Creditors who received that

5    payout and Creditors who received nothing, such as the

6    PHONES.  So to the extent that equities weighs into it, Your

7    Honor, I would urge the Court to determine that the

8    executive transition payments are owned by the Trust and

9    that the Trust can pursue those claims for the benefit of

10   Tribune's Unsecured Creditors.

11              THE COURT:  Well, do considerations of equity

12   belong in a contract interpretation dispute?

13              MR. ZENSKY:  Your Honor, I would say no, but I'm

14   not the one behind the bench; Your Honor is, and I prefaced

15   my comments by saying to the extent the Court wishes to

16   consider the equities of the situation.

17              THE COURT:  Well, invitation is noted.

18              MR. ZENSKY:  Okay.  That's all I had at this

19   point, Your Honor, unless you have any questions.

20              THE COURT:  I don't at this point.

21              MR. ZENSKY:  I would ask that Exhibit G to our

22   opening Brief, which is copies of the Executive Transition

23   Payment Plan; Exhibit H, which are Schedules from the

24   *Fitzsimons* Complaint which lists the benefits and the

25   amounts being pursued; and Exhibit A and Exhibit C to our

1   Reply Brief, which I didn't write down but I'll identify in

2   a moment, that the Court accept those into evidence in

3   connection with our Motion.

4           THE COURT:  Is there any objection?

5           UNKNOWN:  No, Your Honor.

6           THE COURT:  All right.  Exhibits G, H, A, and C

7   are admitted without objection.

8           MR. ZENSKY:  Thank you, Your Honor.

9           THE COURT:  All right.  Let me just go down the

10  Objections in the order listed in the Agenda, and I'll turn

11  first to Timothy Knight's response.

12          MR. SACCULLO:  Good afternoon, Your Honor,

13  Anthony Saccullo, on behalf of Mr. Knight.  Your Honor, I'm

14  also joined on the phone by James McGuinness, of Hannafan &

15  Hannafan, in case he has anything that he wants to chime in

16  once I'm done with my argument.

17      Your Honor, I think what I'd like to do is start with

18  essentially answering Your Honor's second question that was

19  posed at the beginning of the hearing which is if Your Honor

20  sustains our Objection and denies the relief sought and

21  denies the substitution, does that let Mr. Knight out of

22  litigation, and certainly, to put Your Honor's mind at ease

23  here, it does not and that's actually one of the primary

24  points that we wanted to make here today.

25          THE COURT:  That wasn't the purpose of my

1  question.

2          MR. SACCULLO:  Okay, Your Honor.  I guess just

3  to --

4          THE COURT:  So I was not troubled at all either

5  way.

6          MR. SACCULLO:  Thank you, Your Honor.  Just to

7  make sure that it is clear, Mr. Knight has been sued

8  currently pending in the MDL and the D&O suit for all the

9  transfers that are sought in the preference action that's

10  currently pending here.  They are exactly duplicative of one

11  another.  This would be a point, Your Honor, we believe to

12  dismiss that -- this Complaint that's pending here, knowing

13  that one day, Judge Pauley, sooner or later when briefing is

14  actually opened, will need to address all the issues that

15  are raised in the Reply to our Objection; like whether or

16  not we're entitled indemnification at the subsidiary level

17  and whether or not that's 100 percent claim.  Those are

18  issues that are going to have to be adjudicated.  I think,

19  right now, what we have to -- what we should focus on, Your

20  Honor, is Section 550(d) of the Bankruptcy Code which does

21  not allow dual recoveries on the same transactions.  That's

22  exactly that we have here.  These suits are exactly

23  duplicative of one another.  And disallowing the

24  substitution would allow this case to be dismissed, not

25  transferred back to the MDL and then kicked down the road

1   again for somebody to ultimately say that these suits are

2   duplicative of one another.  We don't believe that there are

3   any tangible rights that will be prejudiced by this, Your

4   Honor.  At the end of the day, this suit has not been served

5   yet.  To be quite honest, Your Honor, it's a ten-page

6   Complaint that we do not believe is well-pled.  If pleading

7   and briefing was ever open on it, I'm relatively confident

8   that we would file a Motion under 12(b)(6) seeking dismissal

9   of the Complaint which is essentially bare bones.  So what

10  we have here, Your Honor, is two separate causes of action.

11  We don't believe that they should be allowed to substitute

12  it in.  We believe that this should be dismissed and allow

13  all of the other issues to be determined by Judge Pauley

14  when the MDL is ultimately opened.

15          THE COURT:  Aren't those considerations really

16  beyond the relief that's been requested here today?

17          MR. SACCULLO:  Your Honor, we don't think so.  If

18  Your Honor simply denies the substitution as the Reorganized

19  Debtors have indicated, come March 31, this is going to be

20  something that ultimately dies on its own.  It would have

21  not been served.  There will be no Plaintiff to serve it

22  and, ultimately, it will just be dismissed as a matter of

23  failure to prosecute.  So, no, we're not asking Your Honor

24  specifically to dismiss this Complaint right now and to, you

25  know, grant a Motion to Dismiss.  What we're asking Your

1    Honor is let this grape die on the vine all on its own.

2            THE COURT:  But isn't the bias under Federal

3    jurisprudence for determinations on the merits?

4            MR. SACCULLO:  That could be true, Your Honor,

5    however, we have a statutory provision here that

6    specifically precludes what's attempting to be done here,

7    which is two separate Complaints seeking relief of the same

8    transfers and the same transactions; 550 specifically does

9    not contemplate it.  It says that you cannot do it.  So this

10   ultimately is, I think, a time where we should yield to the

11   statute and say that we're not going to allow two separate

12   causes of action to go forward.

13            THE COURT:  All right.  Thank you.

14            MR. SACCULLO:  Thank you, Your Honor.

15            THE COURT:  Now, there were two Joinders to the

16   Knight response so let me go first to the item that's listed

17   at C on the Agenda and ask if those parties wish to be heard

18   at this point.

19            UNKNOWN:  No, Your Honor.  Is that us?  Oh, I'm

20   sorry; it's somebody else.

21            THE COURT:  No, it's --

22            MR. FELGER:  Good afternoon, Your Honor, Mark

23   Felger, for Cozen O'Connor.  We have nothing further to add

24   other than what we've stated in our Joinder and what Your

25   Honor heard from the other Objecting party.

1          THE COURT:  Okay.  You're at E, but thank you.

2          MR. FELGER:  I didn't have the Agenda in front of

3  me, Your Honor.

4          THE COURT:  That's all right.

5          MR. FELGER:  Thank you.

6          THE COURT:  All right.  Let me ask whether those

7  parties who are represented by Connolly Gallagher and Grippo

8  & Elden wish to be heard.

9          MR. MCCAMBRIDGE:  Good afternoon, Your Honor,

10  John McCambridge.  We do not need to be heard on Mr.

11  Knight's Objection.

12          THE COURT:  All right.  Okay.  Let me then turn

13  to the Objection listed at Item B on the Agenda, parties

14  represented by -- oh, okay.  So you filed two pleadings,

15  correct?

16          MR. MCCAMBRIDGE:  Yes, Your Honor.

17          THE COURT:  All right.

18          MR. MCCAMBRIDGE:  We have the Objection that Mr.

19  Zensky spent most of his time on.

20          THE COURT:  All right.  But you also have the

21  Joinder?

22          MR. MCCAMBRIDGE:  Correct, Your Honor.

23          THE COURT:  All right.  And then the Joinder of

24  David Murphy and James Ellis.

25          MR. EGGERT:  Yes, Your Honor.  Good afternoon,

1    Devon Eggert, on behalf of Misters Murphy and Ellis,

2    appearing by phone.  The only addition I would make to the

3    statements of Mr. Knight's Counsel is Misters Ellis and

4    Murphy are actually two of the Defendants that are not named

5    in the *Fitzsimons* action.  So if those cases that are before

6    Your Honor were dismissed, that would dispose of all

7    litigation against those two Defendants.

8             THE COURT:  All right.  Thank you.  All right,

9    Mr. Bendernagel, if you have anything to add at this point,

10   I'll allow it.

11            MR. BENDERNAGEL:  Are you going to hear from Mr.

12   McCambridge with respect to the second issue because it does

13   make more sense for me to come after him.

14            THE COURT:  I thought I heard -- I went down the

15   list.  I thought anyone who had anything to be heard --

16            MR. BENDERNAGEL:  I think Mr. McCambridge thought

17   you were asking whether it was time for him to comment on

18   the Knight portion of the Motion.  I think he actually does

19   want to address the issue as it relates to the executive

20   compensation.

21            THE COURT:  Okay.  I'll hear that now.

22            MR. BENDERNAGEL:  If I'm wrong about that, I'll

23   be glad to move forward.

24            THE COURT:  No, that's all right.

25            MR. MCCAMBRIDGE:  I apologize, Your Honor, I

1  misunderstood the question.

2          THE COURT:  Well, that's not the first time I've

3  confused somebody.  Probably won't be the last either.

4          MR. MCCAMBRIDGE:  For the record, as I mentioned

5  before, this is John McCambridge, on behalf of the former

6  Executives objecting to the Trustee's Motion.

7      Your Honor, I'm going to try to focus on what the Plan

8  actually says and I think that's the important thing to do

9  here.  That's what the cases require.  So I'm going to take

10  a little bit more time than the Litigation Trustee did but

11  I'm going to focus on the Plan.

12      In 2010, the Unsecured Creditors' Committee filed many

13  lawsuits against many Defendants.  Under the DCL Plan, as of

14  the effective date, the UCC is to step out and the claims

15  would be divided in two buckets.  One, the Reorganized

16  Debtors would get all of the claims that did not arise from

17  the 2007 LBO.  These are called ordinary litigation claims.

18  They are the property of the Reorganized Debtor under the

19  Plan, all of them.  Claims that are not ordinary litigation

20  claims are the property of the Litigation Trustee.  And so

21  the issue is whether claims for transition payments,

22  executive transition payments, are ordinary litigation

23  claims.  That is the issue.  If they are, they belong to the

24  regular -- or the Reorganized Debtors in their entirety.

25  It's the Trustee's Motion.  It's his burden and he fails it.

1        Now, among the lawsuits were ones that asserted claims

2   against current and former Tribune Officers, Directors, and

3   employees for alleged transfers during preference period,

4   and you'll see some of those are included in the Trustee's

5   Exhibit H, and it lists, as Mr. Zensky said, six types of

6   transfers, six types of transfers during the alleged

7   preference period, and those were payments for stock

8   options, restricted stock units, deferred compensation,

9   transition or severance payments, phantom equity in the new

10  company, and success bonuses.

11       Now, the place to look for this analysis starts at DCL

12  Section 1.1.156.  That is the section that defines ordinary

13  litigation claims, and those are defined under the Plan as

14  'any and all claims, without limitation, that do not arise

15  from the 2007 LBO'.  It's also the place in the Plan that

16  specifically addresses the ownership of claims for transfers

17  made during the alleged preference period.  Under that

18  section, still 1.1.156, it says after the general without

19  limitation, goes on to say 'ordinary litigation claims shall

20  include, without limitation'.  Again, here is the list of

21  the first three.  So those are stock options, restricted

22  stock units, deferred compensation.  Those are defined as

23  ordinary litigation claims and it's a list that's preceded

24  by 'without limitation'.  So I'm going to come back to this

25  a few times but you'll recall from the papers submitted by

1   the Litigation Trustee that they are trying to say that

2   because these three types of claims are specifically

3   identified, as ordinary litigation claims, that that means

4   that executive transition payments cannot be ordinary

5   litigation claims.  That is absolutely wrong.  The cases

6   that they cite for that proposition with a Latin phrase that

7   I don't recall, all of the cases that they cite are ones

8   that do not include the introductory language, include

9   'without limitation'.  Under the law, it's very clear when a

10  claim -- or when language says 'without limitation' and it

11  includes a list, it is not, contrary to what the Litigation

12  Trustee says, an exclusive list or an exhaustive list.

13  There is room under the specific language of the specific

14  ordinary litigation claim provision that says these three

15  are ordinary litigation claims and there's room for more.

16  So that's point one.

17          Now, claims for two of the six are also specified

18  as not ordinary litigation claims.  Those are success

19  bonuses, and this is in the same section, success bonuses

20  and phantom equity.  Those are not ordinary litigation

21  claims.  Therefore, they did arise from the 2007 LBO and

22  they are owned by the Litigation Trustee.  And notice that

23  all of the language that's used here is in the context of

24  ordinary litigation claims or not ordinary litigation

25  claims.  The reason that the Reorganized Debtors have

1  ownership of the three first-identified items is because

2  they are ordinary litigation claims.  They're not carved out

3  from anything.  Ordinary litigation claims, under 5.16, are

4  the property of the Reorganized Debtor, period, full stop.

5  That's where the analysis belongs.

6       Now, so in this section, we have three types of

7  transfer payments identified as ordinary litigation claims.

8  Those are the Reorganized Debtors.  We have two others

9  identified as not ordinary litigation claims.  Those are the

10 Litigation Trustees.  Of the six claims for transfer

11 payments during the alleged preference period then, we've

12 got three ordinary litigation claims, two not ordinary

13 litigation claims.  And what is the test for determining

14 whether a claim is ordinary or not?  It is whether it arises

15 from or does not arise from the 2007 LBO.  That's the test.

16 So as to the sixth item, it's been left, under the Plan, for

17 resolution at this point by the Court to analyze and

18 determine the question of whether executive transition

19 payments are an ordinary litigation claim, and to do so

20 under the test that the parties themselves settled upon to

21 guide that determination, and that is, does the claim arise

22 from the 2007 LBO?  That's the issue.  If it does, it's the

23 -- I'm sorry.  If it does not, it's the Reorganized

24 Debtor's.  If it does, it's the Litigation Trustee.

25      Now, the test, as Your Honor noted, is do these claims

1  arise from or do they not arise from the 2007 LBO?  It's a

2  binary test.  They either do or they don't.  And it's very

3  important to note, as we did, that -- and Your Honor did --

4  that the actual language used in the Plan is 'arise from'.

5  The Litigation Trustee's initial part of his argument today

6  was 'arise out of'.  The language in the Plan is 'arise

7  from'.  Is the distinction important?  Absolutely, it is.

8  First, rather obviously, you should use the language that's

9  actually in the Plan.  Is it important?  Here's the second

10  reason.  It clearly matters to the Litigation Trustee

11  because he has insisted on discussing 'arising out of'

12  throughout the papers that have been filed here.  The Reply

13  Brief, paragraph six, a long paragraph, he uses, repeatedly,

14  'arising out of', 'arising out of', and 'arising out of' and

15  discusses three cases, and only three cases, and what do

16  they use?  That phrase.  Same thing with their opening

17  Brief.

18      Now, as we noted in our response, of all the cases

19  that were cited by the Litigation Trustee, there was only

20  one, *Baroda*, Third Circuit, 2002, in which 'arising from'

21  was the language at issue.  The rest were all 'arising out

22  of' cases, and *Baroda* was also the only non-insurance case.

23  And what *Baroda* said was that when you're dealing with

24  'arising from', the phrase itself, standing by itself, is

25  ambiguous.  What do you have to do?  You've got to look at

1  the text, you have to look at the surrounding provisions,

2  and you have to look at the overall scheme, and you look at

3  those in order to determine what is the purpose of the

4  provision and how does it fit with the claims that are at

5  issue.  We pointed that out in our Objection.  In the Reply

6  Brief, what did the Litigation Trustee do with *Baroda*?

7  Footnote seven, they walk away from it.  They never mention

8  it was their case to begin with.  They criticize us for

9  citing it.  And what do they say we said?  They get it

10  right.  We said it has to be interpreted in the context of

11  the confirmed Plan as a whole and the purpose of the

12  provision.  They're correct.  That is our position.  That's

13  the law.  They don't dispute it in their papers; they just

14  say that's a Federal case.  Now, the reason the Trustee

15  doesn't want to use 'arising from' is they don't want to

16  deal with the context of the surrounding provisions of

17  1.1.156 because what we have in those provisions is --

18  actually, can I go back for one point?

19        Again, in .156, I ask Your Honor to note, again, two

20  different places that ordinary litigation claims, including

21  the list of three, are without limitation.  They shall

22  include all claims that do not arise from the 2007 LBO.

23        So now, turning to the provisions that we're guided to

24  in the Plan, we have actions to recover stock options,

25  restricted stock units, and deferred comp.  All of them are

1   identified as ordinary litigation claims which are not the

2   property of the Trustee, and because they are ordinary

3   litigation claims, under 516, they go to the Reorganized

4   Debtors.  And the list of three being introduced by 'without

5   limitation' provides room for the Court to determine that

6   executive transition payments are ordinary litigation claims

7   as well.

8        What else does the Plan provide with respect to

9   transfer payments during the alleged preference period?  Two

10  others are specifically covered at the bottom of the passage

11  and those two are success bonuses and phantom equity.  What

12  do they say about those?  They say those are not ordinary

13  litigation claims.  Again, that is the touchstone; that's

14  the trigger.  Because they are not ordinary litigation

15  claims, they don't belong to the Reorganized Debtors.  They

16  do belong to the Litigation Trustee.

17       So now we come with of the six, five have been

18  identified.  What's left?  Claims for executive transition

19  payments.  They are claims like the others for transfers

20  during the preference period, the alleged preference period,

21  and since it hasn't been assigned by the drafters of the

22  Plan, this type of claim has to have the test applied that

23  they agreed upon; the test being, does this arise from the

24  2007 LBO or not?  And so with 'arising from' looked at in

25  the relevant section, 1.1.156, we look to the context of the

1    surrounding provisions and the purpose of the section as a

2    whole for guidance on how to apply the test.  That's our

3    position.   The purpose of the section as a whole is to make

4    claims that do not arise from the 2007 LBO, ordinary

5    litigation claims, and give them to the Reorganized Debtors.

6         So let's look at what's covered in the Plan.  Claims

7    for stock options, restricted stock units, and deferred comp

8    are ordinary litigation claims.  They do not arise from the

9    2007 LBO.  Claims for phantom equity and success bonuses are

10   not ordinary claims.  They did arise from the 2007 LBO.  So

11   let's use those as guideposts and context for analyzing the

12   remaining claim.  Now, we say that the guidance that's

13   provided in that section is to look at the claims that are

14   ordinary litigation claims; look at the ones that are not

15   ordinary litigation claims; and then look at the transition

16   payments and determine which one they're more like.

17            THE COURT:  I consider that the Sesame Street

18   exercise, which of these things is not like the other.

19            MR. MCCAMBRIDGE:  Well, in terms of guidance as

20   to how to do it and I think that, in this case, whether you

21   call it Sesame Street or not, it provides guidance within

22   the context of the Plan that we've laid out extensively in

23   our Briefs and identified the reasons for both and we think

24   that arising from the 2007 LBO, if you look at what they say

25   about the success bonuses and the phantom equity, in 1.156

1    itself, it says that both of those came from 2007; they were

2    created in 2007; they were two that were payable solely upon

3    the transaction, this transaction, the 2007 LBO itself

4    closing.  That's what those are.  In terms of the others,

5    the transition payments are the same.  The others, all were

6    prepared.  All were adopted long, long, long before any 2007

7    LBO was in the cards anywhere, all from the mid '70s to the

8    early '90s.  All of them were adopted by those Boards

9    without any inkling of any 2007 LBO and they were all, all

10   of them, were not conditioned upon a closing that was

11   specific to this transaction, all of them were any change in

12   control.

13            THE COURT:  And I don't think any of that is

14   disputed but the context of the provisions of the Plan --

15            MR. MCCAMBRIDGE:  Yes.

16            THE COURT:  -- have to be viewed in terms of the

17   LBO.  The LBO was the watershed event in the company's life.

18   It was in recent history.

19            MR. MCCAMBRIDGE:  Right.

20            THE COURT:  It was ultimately the event which led

21   to the filing of the Chapter 11.  It occurred at a time when

22   the company, arguably, was insolvent, and that argument has

23   been made here and will be made other places.  I made no

24   determination regarding the insolvency of the company at

25   that point.  But I think the term 'arising from' has to be

1 read in that context, and that is it was the main event.

2             MR. MCCAMBRIDGE:  Well --

3             THE COURT:  And --

4             MR. MCCAMBRIDGE:  Go ahead.

5             THE COURT:  -- it defined -- maybe that would be

6 the better way to say it, it defined what happened here in

7 the Chapter 11 and it will happen here and in other places.

8             MR. MCCAMBRIDGE:  The problem with that, Your

9 Honor, though is it approves too much.  Every single one of

10 these six claims was triggered by the LBO.

11             THE COURT:  Yes, and --

12             MR. MCCAMBRIDGE:  So that cannot be --

13             THE COURT:  -- the parties said, okay, here's

14 three.  We'll take them out.  We use the lawyer language

15 which says 'including but not limited to' --

16             MR. MCCAMBRIDGE:  Right.

17             THE COURT:  -- but we won't identify any others,

18 maybe for the reason Mr. Bendernagel said, maybe for some

19 other reason.  I don't know.  But when you want to exclude

20 something, it's easy enough to do that, isn't it?

21             MR. MCCAMBRIDGE:  Well, it is.  Both ways.  It

22 would have been very easy if the agreement were, as they

23 say, that these are not.

24             THE COURT:  Well, if everybody knows there are

25 this universe of claims floating out there and they say we

1  want to make sure that certain claims aren't pursued or that

2  they belong to the Reorganized Debtors, for whatever reason,

3  wouldn't you think they'd say, okay, let's package them

4  there?  Now, maybe the Committee, who was a Co-Plan

5  Proponent, said we're not going to let you do that.  I don't

6  know whether they did or didn't, and maybe it's as Mr.

7  Bendernagel and you suggest that, well, the parties decided

8  to leave that for the Court to divine later on.  But you put

9  the Court in a position to figure out what the parties meant

10  when what they really meant was not to mean anything.  I

11  mean that's really what your position, in part, and the one

12  Mr. Bendernagel has articulated here means to the Court.  Do

13  you understand that perspective?

14          MR. MCCAMBRIDGE:  Well, not to blame either Mr.

15  Bendernagel or the UCC, but neither of us were authors of

16  the Plan.

17          THE COURT:  Exactly.

18          MR. MCCAMBRIDGE:  We, and nor were you, but here

19  we are and the issue that they have left us, all three of

20  us, is whether or not these are ordinary litigation claims.

21  That's the issue.  And the only test that they did agree on

22  was the 'arising from' test, as the Court notes.  So we have

23  put in, at some length, why we think that this is not an

24  'arising from' claim and the other, the two others, is --

25  you know, they could have also said, as the Court

1  recognizes, that these claims are the Litigation Trustee's.

2  They didn't do that.  They didn't say Reorganized Debtor's.

3  We're all in agreement on that.  What we're left with is

4  deciding whether or not they're ordinary litigation claims

5  under the 'arising from' test that they agreed on.

6       Now, but I do want to emphasize though that, given

7  that all six included a change in control provision that was

8  provided by the 2007 LBO, calling it that anything that was

9  triggered by or involved a change in control of the 2007 LBO

10 can't be the answer, because the first three did; the last

11 two did; and this one does.  So that's not something that

12 distinguishes among the six types of claims.  It proves too

13 much.

14      And so I urge the Court that we, at least, have put

15 together a set of principles that, if applied, would cause

16 the Court to conclude that the transition payments did not

17 arise from the 2007 LBO.

18           Now, one other additional point I'd like to

19 address is this 18 -- these claims are against 18 people and

20 another thing that the Plan does is, as to the five that

21 they've designated as ordinary litigation claims or not

22 ordinary litigation claims, all five of those go entirely

23 with the Reorganized Debtors or entirely with the Litigation

24 Trustee, and you'll note, Your Honor, that the final clause

25 in the preserved causes of action section, which is the one

1  that the Litigation Trustee has been relying on, that

2  section is clearly trumped, overridden, by the ordinary

3  litigation claims section.  Why do I say that?  We know that

4  the three types of transfer payments that are designated as

5  ordinary litigation claims, all of those are with the

6  Reorganized Debtors simply because they've been designated

7  as ordinary litigation claims.  That is true even though the

8  Defendants on those claims are also sued on those claims in

9  the *Fitzsimons* case.  So the notion that people have been

10  sued there doesn't matter.  If you conclude, as we think you

11  should, that the executive transition payments are ordinary

12  litigation claims, all of them will go to the Reorganized

13  Debtors in their entirety against all recipients.  The test

14  that Mr. Zensky has proposed would split those claims, which

15  is not done on any others.  There's no support for that in

16  the Plan, and shouldn't happen and what I mean by that is,

17  out of the 18 people who received executive transition

18  payments, 13 are also Defendants in *Fitzsimons*.  So the

19  notion that you start with preserved causes of action is

20  wrong.  That's not the way that it works.  Ordinary

21  litigation claims control that issue.  If you're down in

22  that final clause, whatever it means, what you have are

23  claims that did not arise from the 2007 LBO.  Those belong

24  to the Reorganized Debtors and that's it and they don't

25  belong to the Trustee.  That's all I have, Your Honor.

1          THE COURT:  Thank you very much.

2          MR. MCCAMBRIDGE:  Thank you.

3          THE COURT:  Mr. Bendernagel?

4          MR. ZENSKY:  Your Honor, can I be heard one

5  moment before Mr. Bendernagel?

6          THE COURT:  I'll give you a chance at the end.

7          MR. ZENSKY:  I did want to lodge a potential

8  objection because I'm not sure what Mr. Bendernagel's about

9  to tell you.

10          THE COURT:  Okay.

11          MR. BENDERNAGEL:  I'm not going to tell you what

12  he thinks I'm going to tell you so he has nothing to worry

13  about.

14          THE COURT:  Well, Mr. Zensky?

15          MR. ZENSKY:  It sounds like it won't be an issue

16  but, to the extent Mr. Bendernagel would like to say the

17  Reorganized Debtors agree with what was just said or

18  reiterate what he said earlier that's fine.  But if we're

19  going to hear an argument that is new and was not set forth

20  in any papers, I think it would prejudice the Litigation

21  Trustee since the Reorganized Debtors did not file any

22  papers and I just wanted to make that point before Mr.

23  Bendernagel spoke.

24          MR. BENDERNAGEL:  Well, that wasn't what I

25  thought he was going to object to so I'll pull back my

1  statement.  I don't think what I'm saying is outside the

2  scope of what we've been talking about, Your Honor.

3           THE COURT:  Well, wait a minute.  I mean there is

4  a point to be made that if you want to take a position with

5  respect to relief requested, you should file a response

6  within the time that's dictated.

7           MR. BENDERNAGEL:  Well, that's true but then in

8  the Reply Briefs, they go out of their way to make the point

9  that we haven't objected and try to make the point that,

10  somehow, that has significance in all of this so --

11           THE COURT:  I think it --

12           MR. BENDERNAGEL:  -- they sort of opened the door

13  to this issue.

14           THE COURT:  Well listen, when a party fails to

15  object to something, I do think that has significance.

16           MR. BENDERNAGEL:  Well, that wasn't my point.

17  You know, I wasn't reacting to that.  On the other hand,

18  Your Honor, I do think what we have to say on this issue is

19  important and it impacts the resolution of these claims and

20  I don't think in this case --

21           THE COURT:  But isn't that a reason why you would

22  file something in writing?

23           MR. BENDERNAGEL:  Well, I think we wanted to see

24  how the documentation played out and what was said here

25  today before we took a position.  You basically asked us to

1  come up beforehand and say well, what's your position before

2  we had the opportunity to listen to that --

3              THE COURT:  Well, and --

4              MR. BENDERNAGEL:  -- and the like.

5              THE COURT:  -- you would have -- I think you've

6  been here long enough, many times enough, to know that I

7  would be curious if, as between -- well, if you take an

8  asset and for that asset, there are two claimants, two

9  potential claimants for it, and one says -- one claimant

10  says I own it and the other claimant is silent, wouldn't you

11  think that means something?

12              MR. BENDERNAGEL:  Well yes, but there's a reason,

13  and I thought I explained why we were silent because we

14  don't have an economic interest in pursuing these claims,

15  and as a consequence, if nobody objected, I don't think we

16  would have said anything.  The fact of the matter is

17  somebody did object.  There was a Reply and in that Reply,

18  they basically point to the fact we were silent.  At that

19  juncture, we had to say something and that's why we're here.

20              THE COURT:  All right.  You may proceed.

21              MR. BENDERNAGEL:  Thank you, Your Honor.  Look,

22  I'm not going to repeat everything Mr. McCambridge said.  As

23  I had indicated earlier today, we do think the key provision

24  here is the definition of ordinary litigation claims.  And I

25  listened to what you said, Your Honor, and you basically

1   made the point well, there's a carve-out and the like and

2   if, in fact, that provision had stopped after, in fact, it

3   made it explicit that these three, the two stock options and

4   the deferred compensation, are ordinary litigation claims

5   and didn't go on to further delineate the leaps and bounds

6   of this category, I might agree with you.  But it goes on to

7   say and oh, by the way, two of these other ones are clearly

8   in this other category and what the parties are attempting

9   to do there, at least this is what you could divine, is give

10  guidelines as to how, in essence, to address this issue of

11  'arising from', and it isn't 'arising in connection with' or

12  'arising out of'.  It's a more narrow category.  And you

13  have to ask yourself what are the characteristics of these

14  various claims that have been decided and you've got good

15  examples and one characteristic is when were these things

16  created?  And the reality is that the three that were

17  assigned to ordinary litigation were created long before

18  this LBO in the ordinary course of the company's business.

19  That also applies to executive compensation put in place in

20  1986.  It had nothing to do with this LBO and it's being

21  done for a value proposition different than the value

22  proposition that's in play in the phantom equity and in the

23  success bonus.

24              THE COURT:  I don't think there's any dispute

25  about the underpinnings of such arrangements, but the way

1   the Litigation Trustee is looking at it here, and not to put

2   words in his mouth, here was an event, okay, that triggered

3   ultimately all kinds of bad consequences, and it seems to me

4   it's a fair position for the Litigation Trustee to take that

5   says okay, and to the extent these consequences arose from

6   this event and there are claims which result, we're entitled

7   to pursue them and the fact that these rights were created

8   years before the LBO doesn't, in any way, make them a good

9   consequence.

10          MR. BENDERNAGEL:  No, but it does have an impact,

11  Your Honor, on whether these claims, at the end of the day,

12  are going to drive value in any respect and part of that is

13  what's the value proposition associated?  What was brought

14  to the table?  The reason this is somewhat important to an

15  ongoing company is you have employees looking forward and

16  the employees say I am providing value to you in exchange

17  for this contractual right and that right was created long

18  before this LBO.  It had nothing to do with this LBO.  The

19  reason this executive compensation is in place is to incent

20  people not to look past change of control possibilities in

21  the business because they all go what's in that for me, and

22  the question is I have some protection.  That's an important

23  value proposition.  That is not the value proposition that

24  underlies success bonuses.  There's not the value

25  proposition that underlies the phantom equity.  Those value

1   propositions we want this specific deal done.  There's no

2   question that that arises from the LBO.  There is a question

3   in my mind is to a value proposition was created years

4   before that, that's not created with any change of control

5   in mind.  The question isn't are we going to have a change

6   of controls?  It's we want you, Mr. Employee, to be thinking

7   about the possibility of doing changes of control and I will

8   protect you if that occurs.  That's the value proposition.

9   That's not a value proposition that arises from the LBO.

10  That's a value proposition that's already in place.

11          THE COURT:  I don't disagree as a business

12  proposition, as an employer-employee proposition, with

13  anything that you say.  But at the end of the day, one way

14  to look at it, and I think it's an important factor, is the

15  value that goes elsewhere and away from the company's

16  creditors, which it did, at a time when the company was

17  arguably insolvent, which has yet to be proven, if it ever

18  will be, is something that changes, okay, the circumstances,

19  and you know, people agree to all kinds of things which

20  change because of circumstances, arguably, beyond their

21  control and this just may be one of them.

22          MR. BENDERNAGEL:  Well, I think we're still

23  talking past each other and then I'll stop.  I do think --

24          THE COURT:  No, I think what you're -- I think

25  with respect, Mr. Bendernagel, I think you're saying because

1   I can't see your point or I can't agree with your point,

2   that I don't understand it, I do.  I just -- I don't know

3   that I follow it in the unaltered way in which you'd like me

4   to follow it.

5           MR. BENDERNAGEL:  Well, that may be true but --

6           THE COURT:  And pretend that the bankruptcy

7   didn't matter.

8           MR. BENDERNAGEL:  Oh, no, no, I'm not suggesting

9   that at all, Your Honor.  I think what you have to basically

10  look at is what are the criteria that you'd look to

11  determine which side of the divide do these claims fall, and

12  all I'm suggesting is that one way of looking at this, and

13  the way that we think is the better way of looking at it,

14  for better or worse, and this may be why this was never

15  agreed to, is because the Creditors' Committee was saying

16  well, we don't agree with that.  The fact of the matter is I

17  think there's a strong argument that, at the end of the day,

18  the value proposition that's associated with this is very,

19  very different than the value proposition with the phantom

20  equity and the success bonus, and that that really does have

21  a very big impact on whether these claims have value or not,

22  and you know, how that impacts this, we have our basic

23  viewpoint and we've stated it and I'm sorry; I apologize for

24  not having it put forward earlier.

25          The second issue that I wanted to address, which

1  is less controversial and the like, is the one that was

2  alluded to by Mr. Zensky.  It relates to the Step Two Payees

3  and what we specifically asked for is that the ordering

4  language replicate essentially the Plan language, as well as

5  the language that's in their Motion and I have the specific

6  language that we've put together if you'd like to see it or

7  I've already given it to Mr. Zensky and we can work on it

8  afterwards.  I don't think it's controversial but I do think

9  it's important that the Order be as specific as the Motion

10  was.

11          THE COURT:  Yes.  I might as well look at it now.

12          MR. BENDERNAGEL:  Okay.

13          THE COURT:  Has it been shared with other parties

14  who've weighed in on this Motion?

15          MR. BENDERNAGEL:  The only people that really

16  cared about this seem to be Mr. Zensky because nobody else

17  -- I have copies and the like.  If I may approach?

18          THE COURT:  You may.  One is good.  Thank you.

19          MR. BENDERNAGEL:  Just focusing on the boldfaced

20  language which is the addition.  It's really just to make

21  clear that the claims that are moving over, vis-à-vis, the

22  Step Two Payees, relate to this specific issue and this

23  language is -- parallels what's in the definition of

24  preserved causes of action as it relates to this.  It also

25  parallels the language that was in their Motion on page 35,

1  I think it is, paragraph 14, and that's all we're trying to

2  do is make the Order as clear as possible and --

3              THE COURT:  All right.  Thank you.

4              MR. BENDERNAGEL:  -- I don't have anything else,

5  Your Honor.

6              THE COURT:  All right.  Mr. Zensky?

7              MR. ZENSKY:  Thank you, Your Honor.  I'll be very

8  brief.  Let me just -- I'll start with Mr. Bendernagel's

9  argument to you that this Plan, the Executive Transition

10 Plan, was a value proposition that somehow distinguishes it

11 from the two other payment plans that we all agree belong to

12 the Litigation Trust.  If you look at Exhibit E to Mr.

13 McCambridge's Objection, he submitted to Your Honor Minutes

14 of the Compensation Committee of Tribune Company from April

15 1, 2007, which is the date on which the company adopted the

16 success bonus and phantom equity Plan which the Plan gives

17 to the Litigation Trust, and if you look at paragraph two,

18 the company says that it's adopting the phantom stock pool

19 to reward Management for past service and in contemplation

20 of their future service.  In other words, to incent them to

21 stay with the company and do a good job, which was Mr.

22 Bendernagel's argument as to why the executive transition

23 payments should somehow not belong to the Litigation Trust;

24 that they should belong to the Reorganized Debtors and be

25 deemed ordinary litigation claims.  So I would suggest, Your

1   Honor, that Mr. Bendernagel's unfiled argument, which we

2   heard for the first time, makes no sense at all.

3       Very briefly with respect to Mr. McCambridge's

4   comments, it is not the Litigation Trustee's position that

5   merely because executive transition payments are not carved

6   out, or excuse me, are not listed in that first passage of

7   ordinary litigation claims that they must, therefore, be the

8   preserved causes of action.  It is because they satisfy the

9   definition of LBO-related cause of action.  They do arise

10  from the LBO and are not overridden by a more specific

11  provision to wit: the definition of ordinary litigation

12  claims.

13      Secondly, and I think more important, neither Mr.

14  Bendernagel nor Mr. McCambridge, took any issue with my

15  argument to Your Honor that, in fact, the executive

16  transition payments are more like the success bonuses and

17  phantom equity payments because they were only paid on

18  account of the fact that the LBO transpired as opposed --

19  and only created as a result of that, as compared to the

20  other three categories where those are deferred compensation

21  payments, stock awards, and stock options which were granted

22  years, if not decades, before and were vested in the

23  employees.  They were brought forward in time by the LBO but

24  they would have received those payments at some point.  So

25  there is a logical reason that the parties could have

1  assigned those three to the Reorganized Debtor and yet not

2  consider the ordinary litigation claims to be like those for

3  that reason.

4        With respect to the comments of Mr. Knight's

5  Counsel, we agree the Litigation Trustee does not believe

6  that the Trust is entitled to double recovery on a

7  preference claim or a fraudulent transfer claim.  It is a

8  procedural and historical, I guess, fact that there are some

9  claims that are duplicated, and as I said in my opening

10  comments in response to Your Honor's question, to the extent

11  we are substituted in here for claims that have already been

12  asserted and are pending in New York, they will be dismissed

13  without prejudice here but that is no grounds to deny

14  substitution.  In fact, we thought that was the proper

15  course.  We have to be substituted in in order to dispose of

16  them or transfer them to the extent they're not pending but

17  to do so in the proper manner.

18        THE COURT:  All right.

19        MR. ZENSKY:  That's all I have, Your Honor.

20        THE COURT:  Thank you.  All right.  I've heard

21  enough.  The parties say, in part, that how the matter

22  should be resolved is a matter of approach and I tend to

23  think that's right.  The parties agree on the relevant parts

24  of the Plan, which are Section 1.1.174, 1.1.119, and

25  1.1.156.  This question was raised in the papers but not

1  argued today.  I would have had it anyway.  And I guess one

2  of the threshold hurdles for me is -- and I've had this

3  situation before; not an identical context, but somewhat of

4  a similar context arising out of a Plan provision, and that

5  is a challenge to who the Plaintiff should be, and I don't

6  know why Defendants get to choose their Plaintiff.  I don't

7  think they do as a general proposition.  I don't think --

8  I'll put it this way.  The Objectors and the Reorganized

9  Debtors here argue I should engage in a comparative

10  exercise, but I don't think that's the correct side of the

11  prism through which this dispute should be viewed.  I think

12  it's with resort to the language, and as all the parties

13  have pointed out, the key language is to determine whether

14  these claims belong to the Litigation Trustee, center around

15  whether the claims "arise from the leverage buyout" and I

16  think, here, given the backdrop of the creation and

17  negotiation of the Plan, and as I've said, the watershed

18  event, that 'arising from' should be read to mean in this

19  context related to and as a consequence of, and I think

20  these claims clearly fall within how I would read the words

21  'arising from' in this context.

22       So for these reasons, I am going to grant the relief

23  that's been requested and I'll consider, upon submission

24  under Certification, the revised form of Order that the

25  parties, as I understand it, have agreed to.  Are there any

1    questions?

2                       (No audible response)

3              THE COURT:  Is there anything further for today?

4                       (No audible response)

5              THE COURT:  All right.  Thank you all very much.

6    That concludes this hearing.  Court will stand adjourned.

7

8        (Whereupon at 3:59 p.m., the hearing was adjourned)

9

10                       CERTIFICATION

11              I  certify  that  the  foregoing  is  a  correct

12    transcript  from  the  electronic  sound  recording  of  the

13    proceedings in the above-entitled matter.

14
15    _____        _16 March 2013_
16    Tammy Kelly, Transcriber                     Date
17    Diaz Data Services, LLC
18

| Word | Page:Line |
|---|---|
| **12(b)(6)**(1) 34:8 | |
| **a.m**(1) 2:39 | |
| **able**(1) 17:6 | |
| **about**(22) 7:3 9:14 9:18 9:20 10:9 12:13 12:23 13:8 16:19 16:24 16:24 20:21 22:21 37:22 44:12 45:25 51:8 51:13 52:2 54:25 56:7 58:16 | |
| **above-entitled**(1) 63:13 | |
| **absent**(1) 26:11 | |
| **absolutely**(2) 40:5 42:7 | |
| **accelerated**(1) 29:4 | |
| **accept**(1) 32:2 | |
| **accident**(1) 16:25 | |
| **account**(1) 60:18 | |
| **accrued**(1) 29:9 | |
| **action**(26) 14:18 14:22 16:18 17:21 22:3 24:12 24:20 24:25 25:4 25:5 25:6 25:7 25:9 26:23 27:7 28:4 30:7 33:9 34:10 35:12 37:5 49:25 50:19 58:24 60:8 60:9 | |
| **actions**(1) 43:24 | |
| **actual**(1) 42:4 | |
| **actually**(15) 7:11 9:9 10:9 11:21 17:3 22:11 27:18 28:18 32:23 33:14 37:4 37:18 38:8 42:9 43:18 | |
| **add**(2) 35:23 37:9 | |
| **added**(3) 11:10 11:16 19:13 | |
| **addition**(3) 11:24 37:2 58:20 | |
| **additional**(1) 49:18 | |
| **address**(5) 33:14 37:19 49:19 54:10 57:25 | |
| **addresses**(1) 39:16 | |
| **adjourned**(4) 6:3 6:11 63:6 63:8 | |
| **adjudicated**(1) 33:18 | |
| **administered**(1) 1:6 | |
| **admitted**(1) 32:7 | |
| **adopted**(3) 46:6 46:8 59:15 | |
| **adopting**(1) 59:18 | |
| **adversaries**(7) 10:24 10:25 18:24 19:4 20:5 22:2 26:19 | |
| **adversary**(1) 6:19 | |
| **advisement**(1) 10:2 | |
| **after**(5) 8:22 18:25 37:13 39:18 54:2 | |
| **afternoon**(6) 5:2 5:3 32:12 35:22 36:9 36:25 | |
| **afterwards**(1) 58:8 | |
| **again**(7) 29:15 30:4 34:1 39:20 43:19 43:19 44:13 | |
| **against**(14) 22:5 22:8 22:12 22:13 22:19 23:2 23:6 23:15 30:11 37:7 38:13 39:2 49:19 50:13 | |
| **agenda**(6) 5:5 5:17 32:10 35:17 36:2 36:13 | |
| **ago**(3) 19:12 21:9 26:16 | |
| **agree**(13) 16:14 17:2 18:16 20:25 48:21 51:17 54:6 56:19 57:1 57:16 59:11 61:5 61:23 | |
| **agreed**(5) 20:13 44:23 49:5 57:15 62:25 | |
| **agreement**(5) 6:10 19:17 21:21 47:22 49:3 | |
| **ahead**(3) 5:9 10:10 47:4 | |
| **ajalat**(1) 6:15 | |
| **akin**(3) 2:5 3:26 10:19 | |
| **alerted**(1) 14:14 | |

| Word | Page:Line |
|---|---|
| **all**(92) 7:4 8:21 9:13 10:12 10:15 12:4 12:17 12:20 13:16 13:23 14:8 14:24 15:2 16:17 18:17 20:13 20:24 20:25 21:24 22:23 22:25 23:3 23:6 24:9 25:5 25:6 25:10 27:18 27:25 29:3 30:23 31:18 32:6 32:9 33:4 33:8 33:14 34:13 35:1 35:13 36:4 36:6 36:12 36:17 36:20 36:23 37:6 37:8 37:8 37:24 38:16 38:19 39:14 40:7 40:23 42:18 42:21 43:22 43:25 46:5 46:6 46:7 46:8 46:9 46:9 46:11 48:9 49:7 49:22 50:5 50:12 50:13 50:25 52:10 53:20 55:3 55:21 56:19 57:9 57:12 59:1 59:3 59:6 59:11 60:2 61:18 61:19 61:20 62:12 63:5 63:5 | |
| **alleged**(6) 39:3 39:6 39:17 41:11 44:9 | |
| **allocation**(1) 14:13 | |
| **allotted**(1) 8:8 | |
| **allow**(7) 6:16 22:15 33:21 33:24 34:12 35:11 37:10 | |
| **allowed**(3) 22:11 23:16 34:11 | |
| **allowing**(1) 22:21 | |
| **alluded**(3) 26:16 26:25 58:2 | |
| **almost**(1) 15:16 | |
| **alone**(2) 17:10 17:13 | |
| **already**(6) 20:18 23:5 26:1 56:10 58:7 61:11 | |
| **also**(18) 6:3 7:24 13:15 13:16 14:23 15:24 22:3 25:5 32:14 36:20 39:15 40:17 42:22 48:25 50:8 50:18 54:19 58:24 | |
| **although**(2) 12:21 21:11 | |
| **always**(1) 10:19 | |
| **ambiguity**(1) 30:13 | |
| **ambiguous**(1) 42:25 | |
| **america**(2) 2:9 4:24 | |
| **among**(3) 29:21 31:4 39:12 | |
| **amount**(2) 13:21 21:6 | |
| **amounted**(1) 20:22 | |
| **amounts**(2) 26:19 31:25 | |
| **analogy**(1) 27:9 | |
| **analysis**(2) 39:11 41:5 | |
| **analyze**(1) 41:17 | |
| **analyzing**(1) 45:11 | |

| Word | Page:Line |
|---|---|
| **and**(301) 2:5 2:27 3:17 3:22 5:5 5:8 5:14 5:14 5:15 5:18 5:21 6:5 6:14 6:16 6:17 6:22 6:24 7:2 7:5 7:23 7:25 8:2 8:3 8:4 8:6 8:12 8:19 8:21 8:24 9:1 9:5 9:6 9:7 9:14 9:17 9:19 9:19 10:1 10:3 10:4 10:7 10:21 10:21 10:24 11:9 11:11 11:15 11:22 12:3 12:4 12:10 12:11 12:22 13:4 13:18 14:6 14:11 14:23 15:16 15:21 15:24 16:7 16:9 16:19 16:24 16:25 17:3 17:6 17:10 17:16 17:17 17:19 17:21 17:22 17:25 18:1 18:21 19:5 19:6 19:11 19:18 19:20 19:20 20:6 20:7 20:11 20:13 20:17 20:22 20:25 21:1 21:2 21:6 21:8 21:12 21:14 21:18 21:21 22:3 22:3 22:4 22:6 22:8 22:9 22:17 22:19 22:21 22:23 22:24 23:2 23:5 23:6 23:7 23:10 23:11 23:14 23:16 23:20 23:23 24:3 24:9 24:23 24:25 25:5 25:5 25:11 25:22 25:23 25:24 26:2 26:2 26:12 26:21 26:24 27:5 27:9 27:9 27:14 27:15 28:3 28:4 28:5 28:6 28:9 28:12 28:12 28:15 28:19 28:21 28:24 29:1 29:2 29:3 29:13 29:18 29:20 30:7 30:12 30:21 30:22 30:23 31:2 31:3 31:5 31:8 31:14 31:24 31:25 31:25 32:6 32:10 32:20 32:20 32:22 32:23 33:8 33:17 33:23 33:25 34:7 34:12 34:22 34:24 35:8 35:11 35:17 35:24 36:7 36:23 36:24 37:1 37:3 38:8 38:14 38:20 38:25 39:2 39:2 39:4 39:5 39:7 39:10 40:20 40:21 40:22 41:13 41:17 41:19 41:21 42:2 42:3 42:14 42:14 42:15 42:15 42:22 42:23 43:2 43:2 43:4 43:9 43:11 43:25 44:2 44:11 44:11 44:21 44:24 45:1 45:5 45:7 45:9 45:11 45:15 45:16 45:20 45:23 45:23 45:25 46:9 46:13 46:22 46:23 47:1 47:3 47:7 47:7 47:11 47:25 48:6 48:7 48:11 48:18 48:19 48:21 48:24 49:11 49:14 49:19 49:24 50:16 50:16 50:24 50:24 51:19 51:22 52:9 52:19 52:19 52:24 53:1 53:3 53:4 53:8 53:9 53:10 53:13 53:15 53:17 53:19 53:24 53:25 54:1 54:1 54:3 54:5 54:5 54:7 54:8 54:11 54:12 54:14 54:15 | |
| **and**(64) 54:16 54:20 54:22 55:1 55:3 55:5 55:6 55:7 55:12 55:15 55:17 55:33 55:5 56:14 56:15 56:19 56:21 56:23 57:6 57:11 57:12 57:14 57:20 57:20 57:22 57:23 57:23 58:1 58:3 58:5 58:7 58:17 58:22 59:1 59:2 59:16 59:17 59:19 59:21 59:24 60:10 60:13 60:16 60:19 60:21 60:22 61:1 61:8 61:9 61:12 61:22 61:24 62:1 62:2 62:4 62:5 62:8 62:12 62:15 62:16 62:17 62:19 62:19 62:23 | |
| **andrew**(1) 4:29 | |
| **another**(8) 13:5 14:3 25:1 25:9 33:11 33:23 34:2 49:20 | |
| **answer**(6) 8:24 13:13 14:1 17:18 26:3 | |
| **answering**(1) 32:18 | |
| **anthony**(2) 2:40 32:13 | |
| **anticipate**(2) 5:23 8:15 | |
| **anticipating**(1) 7:2 | |
| **any**(36) 11:4 11:19 12:13 12:14 12:16 18:5 19:22 24:15 25:1 25:5 25:10 25:14 25:20 25:21 25:22 26:1 26:4 30:12 31:19 32:4 34:3 46:6 46:9 46:9 46:11 46:13 47:17 50:15 51:20 51:24 54:24 55:8 55:12 56:4 60:14 62:25 | |
| **anyone**(1) 37:15 | |
| **anything**(11) 8:7 32:15 37:9 37:15 41:3 48:10 49:8 53:16 56:13 59:4 63:3 | |
| **anytime**(1) 26:8 | |
| **anyway**(1) 17:6 62:1 | |
| **anywhere**(2) 30:14 46:7 | |
| **apologize**(2) 37:25 57:23 | |
| **apparently**(1) 17:5 | |
| **appear**(1) 19:13 | |

| Word | Page:Line |
|---|---|
| **appearances**(3) 2:45 3:1 4:1 | |
| **appearing**(1) 37:2 | |
| **application**(1) 6:15 | |
| **applied**(2) 44:22 49:15 | |
| **applies**(2) 15:25 54:19 | |
| **apply**(2) 23:12 45:2 | |
| **applying**(1) 29:21 | |
| **approach**(2) 58:17 61:22 | |
| **approves**(1) 47:9 | |
| **approximately**(1) 20:22 | |
| **april**(8) 5:16 5:19 5:23 6:1 6:3 6:25 9:10 59:14 | |
| **are**(142) 5:16 5:19 5:21 6:6 7:18 7:22 7:23 7:25 8:1 8:11 8:13 9:7 9:21 11:18 11:19 11:24 13:8 13:15 14:19 15:13 15:22 16:7 16:8 16:18 17:24 17:25 18:5 18:9 19:7 20:2 20:5 20:10 21:2 22:12 24:20 24:25 25:6 26:3 26:6 26:6 26:9 26:17 26:19 26:21 27:9 27:10 28:18 28:19 28:23 29:11 30:6 30:14 30:21 31:8 31:23 32:7 33:9 33:10 33:15 33:17 33:18 33:22 34:1 34:2 36:7 37:4 37:4 37:5 37:11 38:17 38:18 38:19 38:20 38:22 38:23 39:4 39:13 39:21 39:22 40:1 40:2 40:7 40:15 40:17 40:18 40:20 40:22 41:2 41:3 41:8 41:9 41:19 43:4 43:23 43:25 44:1 44:2 44:6 44:10 44:11 44:12 44:14 44:19 45:8 45:9 45:13 45:14 46:4 46:5 47:23 47:24 48:19 48:20 49:1 49:19 50:4 50:8 50:11 50:18 50:22 53:8 54:4 54:7 54:8 54:13 55:6 55:12 56:5 57:10 58:21 60:5 60:6 60:10 60:16 60:20 61:8 61:9 61:11 61:12 61:24 62:25 | |
| **areas**(1) 18:21 | |
| **aren't**(4) 7:8 7:19 34:15 48:1 | |
| **arguably**(3) 46:22 56:17 56:20 | |
| **argue**(4) 12:5 26:24 28:11 62:9 | |
| **argued**(1) 62:1 | |
| **argument**(16) 12:1 18:2 22:22 25:14 26:25 27:9 28:17 32:16 42:5 46:22 51:19 57:17 59:9 59:22 60:1 60:15 | |
| **arguments**(1) 17:25 | |
| **arise**(21) 25:10 25:12 25:17 26:15 27:13 28:2 38:16 39:14 40:21 41:15 41:21 42:1 42:1 43:22 44:23 45:4 45:4 45:10 49:17 50:23 60:9 | |
| **arisen**(2) 27:19 28:10 | |
| **arises**(3) 41:14 56:2 56:9 | |
| **arising**(3) 27:23 45:24 62:4 | |
| **arose**(2) 28:13 55:5 | |
| **around**(2) 7:7 62:14 | |
| **arps**(1) 4:33 | |
| **arrangements**(2) 17:8 54:25 | |
| **articulated**(2) 17:9 48:12 | |
| **aside**(1) 15:3 | |
| **ask**(11) 11:1 12:13 12:21 15:3 15:4 24:24 31:21 35:17 36:6 43:19 54:13 | |
| **asked**(10) 11:10 11:16 12:4 19:3 19:12 19:16 19:19 26:1 52:25 58:3 | |
| **asking**(7) 12:23 13:8 22:10 23:8 34:23 34:25 37:17 | |
| **asserted**(5) 14:11 23:1 23:5 39:1 61:12 | |
| **asserts**(1) 22:4 | |
| **asset**(2) 53:8 53:8 | |
| **assign**(2) 24:21 27:13 | |
| **assigned**(10) 15:21 20:17 21:2 24:20 28:1 28:20 28:22 44:21 54:17 61:1 | |
| **associated**(2) 55:13 57:18 | |
| **attempting**(2) 35:6 54:8 | |
| **audible**(2) 63:2 63:4 | |
| **aurelius**(2) 3:32 3:32 | |
| **austin**(2) 1:23 3:7 | |
| **authorizing**(1) 6:17 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| authors(1) 48:15 | | binary(1) 42:2 | | category(8) 12:7 21:1 21:5 23:19 27:14 | | collectively(1) 30:18 | |
| automatically(1) 22:22 | | bingham(1) 4:9 | | 54:6 54:8 54:12 | | collide(1) 16:10 | |
| available(1) 24:3 | | birmingham(1) 2:19 | | | | combination(1) 20:8 | |
| avenue(1) 1:32 2:41 | | bit(2) 7:8 38:10 | | causal(2) 51:21 55:22 | | come(7) 17:16 30:4 34:19 37:13 39:24 | |
| avoidance(1) 26:22 | | blame(1) 48:14 | | cause(5) 17:21 24:25 25:20 49:15 60:9 | | 44:17 53:1 | |
| awards(3) 29:1 29:2 60:21 | | blanket(1) 13:2 | | causes(17) 16:18 24:12 24:20 25:3 25:5 | | | |
| aware(1) 24:18 | | block(1) 4:28 | | 25:7 25:9 26:23 27:7 28:4 30:7 34:10 | | comes(2) 17:17 17:17 | |
| away(2) 43:7 56:15 | | board(1) 6:11 | | 35:12 49:25 50:19 58:24 60:8 | | comment(1) 37:17 | |
| | | boards(1) 46:8 | | | | comments(4) 31:15 60:4 61:4 61:10 | |
| back(9) 10:18 13:6 22:5 22:19 30:4 33:25 | | boldfaced(1) 58:19 | | cawley(1) 6:5 | | committee(7) 4:33 6:19 8:4 38:12 48:4 | |
| 39:24 43:18 51:25 | | bones(1) 34:9 | | center(1) 62:14 | | 57:15 59:14 | |
| | | bonus(10) 13:19 20:11 21:1 21:17 27:15 | | cents(1) 23:19 | | | |
| backdrop(1) 62:16 | | 28:19 28:25 54:23 57:20 59:16 | | certain(8) 2:26 6:16 6:19 11:9 11:16 14:5 | | comp(3) 29:18 43:25 45:7 | |
| bad(1) 55:3 | | | | 14:13 48:1 | | company(19) 1:7 4:4 15:23 16:8 19:24 | |
| bank(3) 2:9 4:24 8:3 | | bonuses(10) 19:20 31:3 39:10 40:19 40:19 | | | | 23:16 23:23 23:25 30:24 31:1 39:10 46:22 | |
| bankruptcy(4) 1:1 1:19 33:20 57:6 | | 44:11 45:9 45:25 55:24 60:16 | | certainly(1) 32:22 | | 46:24 55:15 56:16 59:14 59:15 59:18 | |
| bare(1) 34:9 | | | | certification(2) 62:24 63:10 | | 59:21 | |
| baroda(4) 42:20 42:22 42:23 43:6 | | both(5) 13:9 20:6 45:23 46:1 47:21 | | certify(1) 63:11 | | | |
| based(4) 17:4 19:21 27:3 27:5 | | bottom(4) 18:3 18:8 18:14 44:10 | | challenge(1) 62:5 | | company's(4) 26:7 46:17 54:18 56:15 | |
| basic(2) 18:14 57:22 | | bounds(1) 54:5 | | chance(2) 11:25 51:6 | | comparative(1) 62:9 | |
| basically(5) 24:9 52:25 53:18 53:25 57:9 | | breach(1) 38:15 | | change(15) 21:14 21:19 21:23 26:2 26:7 | | compared(1) 60:19 | |
| basis(1) 27:2 | | brief(8) 15:15 23:3 31:22 32:1 42:13 | | 26:11 29:3 29:12 46:11 49:7 49:9 55:20 | | compensation(15) 3:43 20:11 27:2 27:4 | |
| because(37) 7:19 9:13 11:22 12:14 15:14 | | 42:17 43:6 59:8 | | 56:4 56:5 56:20 | | 27:6 28:12 29:1 37:20 39:8 39:22 54:4 | |
| 15:23 16:3 16:11 17:23 18:12 18:24 24:11 | | | | | | 54:19 55:19 59:14 60:20 | |
| 24:13 26:5 27:14 28:11 29:10 30:9 37:12 | | briefed(1) 9:10 | | changes(2) 56:7 56:18 | | | |
| 40:2 41:1 42:1 43:17 44:2 44:14 49:10 | | briefing(2) 33:13 34:7 | | chapter(3) 1:8 46:21 47:7 | | complaint(7) 14:5 14:9 31:24 33:12 34:6 | |
| 50:6 51:8 53:13 55:21 56:20 56:25 57:5 | | briefly(2) 20:4 60:3 | | characteristic(1) 54:15 | | 34:9 34:24 | |
| 58:16 60:5 60:8 60:17 | | briefs(2) 45:23 52:8 | | characteristics(3) 17:18 17:24 54:13 | | | |
| | | briesen(1) 5:18 | | chase(1) 4:14 | | complaints(1) 35:7 | |
| been(39) 8:18 10:16 10:17 11:5 14:16 | | broad(3) 25:19 27:19 27:19 | | chicago(2) 2:36 6:5 | | complete(1) 7:4 | |
| 15:18 15:21 16:15 19:1 19:18 20:20 25:16 | | brought(3) 11:21 55:13 60:23 | | chime(1) 32:15 | | completely(2) 22:14 22:24 | |
| 26:4 26:5 26:12 26:18 28:1 28:8 29:10 | | bryant(1) 2:8 | | choose(1) 62:6 | | comprises(1) 26:20 | |
| 30:5 33:7 34:4 34:16 34:21 41:16 42:12 | | buckets(1) 38:15 | | chris(1) 5:14 | | conceivable(1) 8:9 | |
| 44:17 44:21 46:23 47:22 50:1 50:6 50:9 | | burden(3) 8:20 10:6 38:25 | | circuit(3) 9:15 10:3 42:20 | | concept(1) 11:11 | |
| 52:2 53:6 54:14 58:13 61:11 62:23 | | business(4) 16:8 54:18 55:21 56:11 | | circumstances(2) 56:18 56:20 | | concern(2) 8:11 12:3 | |
| | | but(64) 5:6 5:23 6:7 6:25 7:15 8:10 8:18 | | cite(2) 40:6 40:7 | | concerning(1) 15:6 | |
| before(25) 1:18 10:9 12:1 12:6 14:10 | | 9:9 9:11 9:24 11:12 11:18 12:15 13:14 | | cited(2) 25:24 42:19 | | conclude(2) 49:16 50:10 | |
| 14:15 19:6 20:2 22:3 22:21 26:20 28:25 | | 13:22 14:3 14:25 15:17 15:19 16:1 17:5 | | citing(1) 43:9 | | concludes(1) 63:6 | |
| 37:5 38:5 46:6 51:5 51:22 52:25 53:1 | | 18:1 18:9 18:13 22:20 23:3 26:3 27:21 | | claim(32) 6:3 13:6 14:15 16:25 17:20 | | conclusions(2) 12:13 12:15 | |
| 54:17 55:18 56:4 60:22 62:3 | | 29:4 29:15 29:24 31:13 32:1 35:2 36:1 | | 20:14 20:15 22:18 22:18 23:2 23:2 23:14 | | conditioned(1) 46:10 | |
| | | 36:20 38:10 39:25 46:14 46:25 47:15 | | 24:2 24:6 24:14 26:19 27:5 27:16 28:4 | | confess(1) 10:8 | |
| beforehand(1) 53:1 | | 47:17 47:19 48:8 48:15 48:18 49:6 51:16 | | 28:19 28:19 33:17 40:10 40:14 41:14 | | confident(1) 34:7 | |
| begin(2) 12:11 43:8 | | 51:18 52:7 52:21 53:12 54:6 54:25 55:10 | | 41:19 41:21 44:22 45:12 48:24 61:7 61:7 | | confirmed(2) 9:15 43:11 | |
| beginning(1) 32:19 | | 56:13 57:5 58:8 60:23 61:13 61:16 61:25 | | | | confused(1) 38:3 | |
| behalf(3) 32:13 37:1 38:5 | | 62:3 62:10 | | claimant(2) 53:9 53:10 | | connection(13) 7:21 8:3 8:19 15:8 20:9 | |
| behind(1) 31:14 | | | | claimants(2) 53:8 53:9 | | 25:21 25:23 26:21 27:6 29:24 30:2 32:3 | |
| being(7) 19:9 24:10 26:21 31:25 44:4 | | buyout(6) 25:10 25:12 26:5 29:19 30:21 | | claims(141) 5:16 6:16 8:2 8:5 12:7 13:15 | | 54:11 | |
| 44:23 54:20 | | 30:23 | | 13:22 14:11 14:14 14:15 14:20 14:24 15:7 | | | |
| | | | | 15:20 15:22 15:24 16:3 16:12 16:8 16:8 | | connolly(2) 2:27 36:7 | |
| believe(19) 9:7 12:4 13:22 14:20 19:7 | | buyout"(1) 62:15 | | 16:10 16:11 16:13 16:22 16:24 18:9 18:25 | | consequence(2) 53:15 55:9 62:19 | |
| 19:22 20:21 24:19 25:17 29:2 29:25 30:10 | | calendar(1) 7:1 | | 19:20 20:22 20:24 22:7 22:12 22:13 22:16 | | consequences(2) 55:3 55:5 | |
| 30:18 33:11 34:2 34:6 34:11 34:12 61:5 | | california(1) 6:11 | | 23:5 23:6 23:8 23:14 24:4 24:10 24:19 | | consider(4) 31:16 45:17 61:2 62:23 | |
| | | call(2) 22:9 45:21 | | 25:6 25:10 26:17 26:21 28:12 28:17 28:8 | | consideration(2) 22:16 30:17 | |
| believes(1) 25:13 | | called(1) 38:17 | | 28:10 28:13 28:15 28:18 30:11 31:9 38:14 | | considerations(2) 31:11 34:15 | |
| belong(12) 14:6 31:12 38:23 44:15 44:16 | | calling(1) 49:8 | | 38:16 38:17 38:19 38:20 38:21 38:23 39:1 | | consignments(1) 13:18 | |
| 48:2 50:23 50:25 59:11 59:23 59:24 62:14 | | came(2) 29:3 46:1 | | 39:13 39:14 39:16 39:19 39:23 40:2 40:3 | | constitute(1) 21:23 | |
| | | can(12) 6:24 7:4 7:5 11:12 16:20 18:22 | | 41:2 41:13 41:7 41:9 41:10 41:12 41:13 | | constituted(1) 26:2 | |
| belongs(1) 41:5 | | 22:17 23:10 31:9 43:18 51:4 58:7 | | 41:25 43:4 43:20 43:22 44:1 44:3 44:6 | | consulting(1) 4:4 | |
| bench(1) 31:14 | | | | 44:13 44:15 44:18 44:19 45:4 45:5 45:6 | | contained(1) 14:11 | |
| bendernagel(53) 1:24 7:14 7:17 7:18 8:17 | | cannot(3) 35:9 40:4 47:12 | | 45:8 45:9 45:10 45:13 45:16 45:17 47:10 | | contains(1) 14:15 | |
| 9:3 9:21 9:24 10:11 10:13 11:15 15:9 | | can't(3) 49:10 57:1 57:1 | | 47:25 48:1 48:20 49:1 49:4 49:12 49:19 | | contemplate(1) 35:9 | |
| 15:13 15:19 16:3 16:6 17:11 17:14 18:4 | | capital(3) 3:32 3:32 5:15 | | 49:21 49:22 50:3 50:5 50:7 50:8 50:8 | | contemplation(1) 59:19 | |
| 18:8 20:23 26:25 37:9 37:11 37:16 37:22 | | cards(1) 46:7 | | 50:12 50:14 50:21 50:23 52:19 53:14 | | contends(1) 22:7 | |
| 47:18 48:7 48:12 48:15 51:3 51:5 51:11 | | cared(1) 58:16 | | 53:24 54:4 54:14 55:6 55:11 57:11 57:21 | | context(13) 8:17 40:23 43:10 43:16 44:25 | |
| 51:16 51:23 51:24 52:7 52:12 52:16 52:23 | | careful(1) 21:22 28:14 | | 58:21 59:25 60:7 60:12 61:2 61:9 61:11 | | 45:11 45:22 46:14 47:1 62:3 62:4 62:19 | |
| 53:4 53:12 53:21 55:10 56:22 56:25 57:5 | | carefully(1) 19:14 | | 62:14 62:15 62:20 | | 62:21 | |
| 57:8 58:12 58:15 58:19 59:4 60:14 | | carol(1) 6:1 | | | | contingency(1) 29:11 | |
| | | carve(1) 8:9 | | clarification(1) 12:21 | | continue(2) 5:22 6:7 | |
| bendernagel's(5) 21:8 51:8 59:8 59:22 | | carve-out(2) 30:13 54:1 | | clause(2) 49:24 50:22 | | continued(6) 2:2 3:2 4:2 5:16 5:19 6:1 | |
| benefit(3) 21:15 21:24 31:9 | | carved(5) 25:1 25:16 28:2 41:2 60:5 | | clear(7) 5:7 16:17 17:11 33:7 40:9 58:21 | | contract(2) 24:23 31:12 | |
| benefits(6) 24:11 26:3 26:6 28:23 31:2 | | case(11) 1:5 14:15 23:7 32:15 33:24 42:22 | | 59:2 | | contractual(1) 55:17 | |
| 31:24 | | 43:8 43:14 45:20 50:9 52:20 | | | | contrary(1) 40:11 | |
| | | | | clearly(5) 24:19 42:10 50:2 54:7 62:20 | | contribute(1) 11:18 | |
| best(2) 8:25 23:16 | | cases(11) 19:7 20:21 25:23 37:5 38:9 40:5 | | clerk(1) 7:9 | | contribution(4) 7:24 7:25 8:13 9:6 | |
| better(5) 9:24 17:15 47:6 57:13 57:14 | | 40:7 42:15 42:15 42:18 42:22 | | closing(2) 46:4 46:10 | | control(16) 21:14 21:19 21:23 26:2 26:7 | |
| between(3) 25:11 25:22 53:7 | | | | co-plan(1) 48:4 | | 26:11 29:4 29:12 46:12 49:7 49:9 50:21 | |
| beyond(2) 34:16 56:20 | | categories(9) 20:8 20:16 27:10 27:12 | | cobb(2) 2:13 2:14 | | 55:20 56:4 56:7 56:21 | |
| bias(1) 35:2 | | 28:20 28:22 29:7 29:17 60:20 | | code(2) 22:6 33:20 | | | |
| big(1) 57:21 | | | | cole(2) 1:29 5:4 | | controls(1) 56:6 | |
| bigelow(1) 4:19 | | | | | | controversial(2) 58:1 58:8 | |
| billions(1) 24:4 | | | | | | copies(2) 31:22 58:17 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **copy**(1) 23:21 | | **debtors**(36) 1:12 1:23 2:47 3:48 5:4 6:18 8:1 14:16 14:16 15:4 15:6 15:7 18:6 19:12 20:23 22:19 23:11 23:15 28:1 34:19 38:16 38:24 40:25 41:8 44:4 44:5 44:15 48:2 49:23 50:6 50:13 50:25 51:17 51:21 59:24 62:9 | **dismissed**(10) 14:17 14:21 15:23 18:11 18:13 33:24 34:12 34:22 37:6 61:12 | | **elliot**(1) 4:15 | |
| **correct**(8) 16:2 21:20 27:24 36:15 36:22 43:12 62:10 63:11 | | | | **display**(1) 8:23 | | **ellis**(4) 3:22 36:24 37:1 37:3 | |
| | | | | **dispose**(2) 37:6 61:15 | | **else**(5) 14:6 35:20 44:8 58:16 59:4 | |
| **could**(13) 8:9 23:1 23:4 24:5 25:15 27:18 28:1 28:10 28:11 35:4 48:25 54:9 60:25 | | | | **disposing**(1) 20:18 | | **elsewhere**(1) 56:15 | |
| | | | | **dispute**(8) 15:21 21:25 25:11 26:1 31:12 43:13 54:24 62:11 | | **else's**(1) 8:21 | |
| **couldn't**(1) 17:2 | | **debtor's**(6) 6:9 6:15 20:19 20:19 41:24 | | | | **emanated**(1) 14:10 | |
| **counsel**(2) 37:3 61:5 | | **decades**(1) 60:22 | | **disputed**(4) 20:16 26:13 27:14 46:14 | | **emphasize**(1) 49:6 | |
| **count**(1) 13:18 | | **decided**(4) 12:9 17:13 48:7 54:14 | | **disputes**(1) 21:18 | | **employee**(1) 56:6 | |
| **counts**(1) 14:5 | | **deciding**(1) 49:4 | | **distinction**(1) 42:7 | | **employees**(5) 3:42 39:3 55:15 55:16 60:23 | |
| **couple**(2) 7:18 10:2 | | **deem**(1) 27:16 | | **distinguishes**(2) 49:12 59:10 | | **employer-employee**(1) 56:12 | |
| **course**(6) 11:3 14:10 21:22 28:5 54:18 61:15 | | **deemed**(5) 14:19 27:5 28:10 28:15 59:25 | | **distinguishing**(1) 29:14 | | **employment**(1) 19:21 | |
| | | **defendant**(1) 22:2 | | **district**(1) 1:2 | | **end**(8) 6:25 12:11 18:11 34:4 51:6 55:11 56:13 57:17 | |
| **court**(138) 1:1 5:2 5:9 5:10 6:12 6:24 7:5 7:7 7:10 7:12 8:15 8:25 9:12 9:23 10:1 10:12 10:15 11:1 11:4 11:9 11:14 11:21 12:8 12:12 12:21 12:24 13:2 13:7 13:10 13:12 13:25 14:3 14:10 14:25 15:11 15:17 16:1 16:5 17:3 17:13 17:25 18:5 18:17 18:20 18:21 20:1 20:2 20:3 20:6 20:18 21:18 22:11 22:18 22:20 23:10 24:10 24:15 24:16 24:24 27:21 29:20 30:11 30:16 30:23 31:7 31:11 31:15 31:17 31:20 32:2 32:4 32:6 32:9 32:25 33:4 34:15 35:2 35:13 35:15 35:21 36:1 36:6 36:12 36:17 36:20 36:23 37:8 37:14 37:21 37:24 38:2 41:17 44:5 45:17 46:13 46:16 46:20 47:3 47:5 47:11 47:13 47:17 47:24 48:8 48:9 48:12 48:17 48:22 48:25 49:14 49:16 51:1 51:3 51:6 51:10 51:14 52:3 52:11 52:14 52:21 53:3 53:5 53:20 54:24 56:11 56:24 57:6 58:11 58:13 58:18 59:3 59:6 61:18 61:20 63:3 63:5 63:6 | | **defendant's**(1) 3:43 | | **divide**(1) 57:11 | | **enforcing**(1) 6:9 | |
| | | **defense**(1) 25:16 | | **divided**(1) 38:15 | | **engage**(1) 62:9 | |
| | | **defenses**(1) 23:1 | | **divine**(3) 15:2 48:8 54:9 | | **enough**(5) 26:14 47:20 53:6 53:6 61:21 | |
| | | **deferred**(10) 20:11 28:12 28:25 29:18 39:8 39:22 43:25 45:7 54:4 60:20 | | **document**(1) 29:23 | | **entered**(3) 5:12 6:14 20:18 | |
| | | | | **documentation**(1) 52:24 | | **entirely**(3) 28:8 49:22 49:23 | |
| | | | | **documents**(1) 29:22 | | **entirety**(2) 38:24 50:13 | |
| | | **defined**(7) 25:5 25:6 25:9 39:13 39:22 47:5 47:6 | | **does**(27) 8:4 14:1 14:3 14:8 22:15 24:6 24:21 27:12 32:21 32:23 33:20 35:8 37:12 37:18 41:15 41:21 41:22 41:23 41:24 43:4 44:8 44:23 49:11 49:20 55:10 57:20 61:5 | | **entitled**(3) 33:16 55:6 61:6 | |
| | | | | | | **envisioned**(1) 30:22 | |
| | | **defines**(1) 39:12 | | | | **equal**(2) 22:7 22:13 | |
| | | **defining**(1) 28:3 | | | | **equitable**(2) 23:6 23:11 | |
| **courtroom**(4) 1:10 10:18 10:24 12:11 | | **definition**(10) 16:22 24:25 25:3 25:19 28:7 29:25 53:24 58:23 60:9 60:11 | | **doesn't**(6) 15:23 27:8 30:9 43:15 50:10 55:8 | | **equities**(3) 30:16 31:6 31:16 | |
| **courts**(1) 7:3 | | | | | | **equity**(17) 13:20 19:20 20:11 21:2 27:15 28:19 31:11 39:4 40:20 44:11 45:9 45:25 54:22 55:25 57:20 59:16 60:17 | |
| **court's**(5) 6:25 12:6 14:1 25:18 30:17 | | **degree**(2) 15:15 17:16 | | **doing**(1) 56:7 | | | |
| **covered**(3) 20:10 44:10 45:6 | | **delaware**(9) 1:2 1:12 1:32 2:41 5:1 25:17 27:20 30:1 30:2 | | **dollar**(1) 23:19 | | | |
| **cozen**(2) 2:20 35:23 | | | | **dollar-for-dollar**(4) 22:7 22:23 23:9 23:20 | | | |
| **created**(10) 29:5 30:22 46:2 54:16 54:17 55:7 55:17 56:3 56:4 60:19 | | **delineate**(1) 54:5 | | **dollar-per-dollar**(1) 13:6 | | **especially**(1) 17:7 | |
| | | **denies**(1) 30:22 32:21 34:18 | | **dollars**(2) 24:4 26:21 | | **esq**(28) 1:24 1:31 2:7 2:14 2:21 2:28 2:34 2:40 2:48 2:50 3:4 3:8 3:11 3:13 3:18 3:23 3:28 3:34 3:39 3:45 3:49 3:51 4:10 4:15 4:20 4:25 4:29 4:35 | |
| **creates**(1) 30:12 | | **deny**(2) 22:9 61:13 | | **done**(5) 32:16 55:5 54:21 56:1 | | | |
| **creation**(2) 27:1 62:16 | | **day**(1) 3:34 | | **don't**(45) 8:6 8:24 12:14 13:12 16:14 16:17 16:20 16:24 17:4 18:1 19:22 20:3 23:10 25:13 25:16 26:13 27:13 31:20 34:2 34:11 34:17 40:7 42:2 43:13 43:15 44:15 46:13 47:19 48:5 50:24 52:1 52:20 53:14 53:15 54:24 56:11 57:2 57:2 57:16 58:8 59:4 62:5 62:6 62:7 62:10 | | **essence**(1) 54:10 | |
| **creditor**(3) 3:16 4:23 23:19 | | **daniel**(1) 4:25 | | | | **essentially**(4) 15:21 32:18 34:9 58:4 | |
| **creditors**(7) 23:17 24:11 30:25 31:4 31:5 31:10 56:16 | | **data**(2) 1:38 63:17 | | | | **even**(10) 10:4 15:17 22:20 23:13 24:6 28:11 29:19 30:1 30:7 50:7 | |
| | | **date**(7) 5:23 9:2 9:8 9:8 38:14 59:15 63:16 | | **door**(1) 52:12 | | | |
| | | **dave**(1) 2:48 | | **double**(1) 61:6 | | **event**(9) 21:13 26:9 29:11 46:17 46:20 47:1 55:2 55:6 62:18 | |
| **creditors'**(3) 6:19 38:12 57:15 | | **david**(2) 2:7 3:21 10:19 36:24 | | **doubt**(1) 26:22 | | | |
| **criteria**(1) 57:10 | | **davis**(1) 4:14 | | **dougherty**(1) 3:18 | | **ever**(2) 34:7 56:17 | |
| **critical**(2) 16:16 29:13 | | **day**(13) 3:48 7:7 7:19 7:21 7:22 8:10 17:16 22:19 33:13 34:4 55:11 56:13 57:17 | | **down**(6) 17:14 32:1 32:9 33:25 37:14 | | **every**(1) 47:7 | |
| **criticism**(1) 15:1 | | | | **drafters**(2) 28:13 44:21 | | **everybody**(1) 47:24 | |
| **criticize**(1) 43:8 | | | | **draw**(3) 12:13 12:14 18:2 | | **everyone**(1) 9:19 | |
| **curious**(1) 53:7 | | **dcl**(3) 38:13 39:11 | | **drawing**(1) 27:9 | | **everything**(3) 9:1 18:25 53:22 | |
| **current**(1) 39:2 | | **dead**(1) 22:24 | | **drawn**(2) 15:14 17:22 | | **evidence**(1) 32:2 | |
| **currently**(4) 7:2 7:19 33:8 33:10 | | **deal**(6) 6:24 8:5 21:3 25:8 43:16 56:1 | | **drive**(2) 2:35 55:12 | | **evidentiary**(2) 8:15 8:23 | |
| **do**   (1) 33:8 | | **dealing**(1) 42:23 | | **dual**(1) 33:21 | | **exact**(1) 26:19 | |
| **dan**(1) 3:34 | | **deals**(1) 11:17 | | **due**(3) 9:5 9:7 9:9 | | **exactly**(5) 11:15 33:10 33:22 33:22 48:17 | |
| **daniel**(1) 4:25 | | **dealt**(1) 20:20 | | **duplicated**(2) 14:21 61:9 | | **example**(1) 31:1 | |
| **data**(2) 1:38 63:17 | | **debenture**(2) 7:23 9:6 | | **duplicative**(3) 33:10 33:23 34:2 | | **examples**(1) 54:15 | |
| **date**(7) 5:23 9:2 9:8 9:8 38:14 59:15 63:16 | | **debtor**(12) 20:17 22:5 22:12 24:1 27:13 28:5 28:14 28:21 28:23 38:18 41:4 61:1 | | **during**(6) 39:3 39:6 39:17 41:11 44:9 | | **except**(1) 28:2 | |
| **dave**(1) 2:48 | | | | **duty**(1) 13:16 | | **exception**(1) 11:8 | |
| **david**(2) 2:7 3:21 10:19 36:24 | | | | **d'agostino**(1) 4:10 | | **exchange**(1) 55:16 | |
| **davis**(1) 4:14 | | | | | | **excise**(5) 20:13 20:14 21:6 | |
| **day**(13) 3:48 7:7 7:19 7:21 7:22 8:10 17:16 22:19 33:13 34:4 55:11 56:13 57:17 | | **different**(4) 27:24 43:20 54:21 57:19 | | **each**(2) 17:19 56:23 | | **exclude**(1) 47:19 | |
| | | **difficult**(1) 10:4 | | **earlier**(5) 19:6 29:13 51:18 53:23 57:24 | | **exclusive**(1) 40:12 | |
| | | **director**(1) 3:23 37:1 | | **early**(3) 8:24 9:10 46:8 | | **excuse**(1) 60:6 | |
| **dcl**(3) 38:13 39:11 | | **diaz**(1) 1:38 63:17 | | **earned**(1) 28:23 | | **executive**(33) 13:4 13:20 16:12 16:19 20:12 21:5 21:10 23:22 24:18 25:25 26:9 26:18 26:24 28:6 28:17 29:8 30:13 31:8 31:22 37:19 38:22 40:4 41:18 44:6 44:18 50:11 50:17 54:19 55:19 59:9 59:22 60:5 60:15 | |
| **dead**(1) 22:24 | | **dictated**(1) 52:6 | | **ease**(1) 32:22 | | | |
| **deal**(6) 6:24 8:5 21:3 25:8 43:16 56:1 | | **did**(21) 11:17 11:22 12:5 31:2 38:10 38:16 40:21 42:3 42:3 43:6 45:10 48:6 48:21 49:10 49:11 49:16 50:23 51:7 51:21 53:17 56:16 | | **easily**(1) 25:24 | | | |
| **dealing**(1) 42:23 | | | | **easy**(2) 47:20 47:22 | | | |
| **deals**(1) 11:17 | | | | **economic**(2) 15:24 53:14 | | **executives**(4) 21:13 21:22 28:24 38:6 | |
| **dealt**(1) 20:20 | | | | **ecro**(1) 1:36 | | **exercise**(4) 10:6 24:23 45:18 62:10 | |
| **debenture**(2) 7:23 9:6 | | **didn't**(12) 15:15 15:19 17:1 17:12 27:23 32:1 36:2 48:6 49:2 49:2 54:5 57:7 | | **effective**(1) 38:14 | | **exhaustive**(1) 40:1 | |
| **debtor**(12) 20:17 22:5 22:12 24:1 27:13 28:5 28:14 28:21 28:23 38:18 41:4 61:1 | | **die**(1) 35:1 | | **eggert**(3) 3:23 36:25 37:1 | | **exhibit**(7) 23:20 31:21 31:23 31:25 31:25 39:5 59:12 | |
| | | **dies**(1) 34:20 | | **egi-trb**(1) 4:28 | | | |
| | | **different**(4) 27:24 43:20 54:21 57:19 | | **eight**(2) 6:12 6:13 | | | |
| | | **difficult**(1) 10:4 | | **either**(7) 14:20 19:25 26:13 33:4 38:3 42:2 48:14 | | **exhibits**(1) 32:6 | |
| | | **director**(1) 3:23 37:1 | | | | **exist**(2) 16:2 16:3 | |
| | | **directors**(7) 2:27 3:17 11:9 12:3 23:7 23:15 39:2 | | **elden**(3) 2:33 3:17 36:8 | | **expended**(1) 10:7 | |
| | | | | **eldersveld**(1) 2:48 | | **experience**(1) 17:5 | |
| | | **disagree**(1) 56:11 | | **electronic**(2) 1:44 63:12 | | **expire**(1) 19:5 | |
| | | **disallowing**(1) 33:23 | | | | **explained**(1) 53:13 | |
| | | **discovery**(1) 8:18 | | | | | |
| | | **discusses**(1) 42:15 | | | | | |
| | | **discussing**(2) 27:25 42:11 | | | | | |
| | | **discussions**(1) 10:9 | | | | | |
| | | **dismiss**(4) 20:24 33:12 34:24 34:25 | | | | | |
| | | **dismissal**(1) 34:8 | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| explanation(2) 15:1 17:1 | | for(114) 1:2 1:23 2:4 2:19 2:26 2:39 2:47 3:16 3:21 3:26 3:31 3:37 3:42 3:48 4:4 4:8 4:13 4:18 4:23 4:28 4:32 5:4 5:5 6:9 6:17 7:3 7:19 8:10 9:8 10:19 10:20 11:5 11:10 11:16 12:4 12:21 13:15 15:1 15:3 17:8 18:10 18:20 19:3 19:12 19:19 20:14 20:20 21:17 21:22 22:4 22:10 22:15 22:17 23:2 23:3 24:13 26:19 26:22 27:17 28:23 28:25 29:15 30:20 30:22 31:1 31:9 33:8 34:1 35:3 35:23 37:13 37:17 38:4 38:21 39:3 39:7 39:11 39:16 40:6 40:15 40:17 41:10 41:13 41:16 43:8 43:18 44:5 44:18 44:19 45:2 45:7 45:9 45:11 45:23 47:18 47:18 48:2 48:8 50:15 53:8 53:9 54:21 55:4 55:17 55:21 57:14 57:23 58:3 59:19 60:2 61:2 61:11 62:2 62:22 63:3 | | good(12) 5:2 5:3 10:18 13:6 32:12 35:22 36:9 36:25 54:14 55:8 58:18 59:21 | | here(38) 10:22 14:20 15:16 18:2 20:10 21:18 25:11 25:16 25:24 29:20 32:23 32:24 33:10 33:12 33:22 34:10 34:16 35:5 35:6 38:9 39:20 40:23 42:12 46:23 47:6 47:7 48:12 48:18 52:24 53:6 53:19 53:24 55:1 55:2 61:11 61:13 62:9 62:16 |
| explicit(1) 54:3 | | | | got(7) 13:16 13:19 15:14 30:20 41:12 42:25 54:14 | | |
| explicitly(6) 21:2 21:21 26:22 27:12 30:6 30:10 | | | | | | here's(3) 29:12 42:9 47:13 |
| | | | | govern(1) 25:18 | | hianik(1) 2:19 |
| ext(1) 3:5 | | | | governing(1) 19:4 | | high(1) 10:6 |
| extension(2) 18:23 19:3 | | | | grant(3) 14:7 34:25 62:22 | | highest(1) 21:15 |
| extensively(1) 45:22 | | | | granted(2) 23:9 60:21 | | highly(2) 17:7 17:7 |
| extent(9) 14:14 14:19 30:16 31:6 31:15 51:16 55:5 61:10 61:16 | | | | grape(1) 35:1 | | him(5) 22:8 22:13 22:19 37:13 37:17 |
| | | | | grateful(1) 15:1 | | his(8) 22:3 22:18 22:22 23:14 36:19 38:25 42:5 55:2 |
| eye(1) 5:19 | | | | gray(1) 3:3 | | |
| face(1) 16:17 | | | | grippo(3) 2:33 3:17 36:7 | | |
| fact(17) 16:7 16:21 16:23 21:21 23:5 29:5 30:4 53:16 53:18 54:2 54:2 55:7 57:16 60:15 60:18 61:8 61:14 | | | | gropper(1) 3:34 | | historical(1) 61:8 |
| | | | | gross(1) 1:18 | | history(1) 46:18 |
| | | | | gross-up(1) 20:13 | | hold(1) 9:12 |
| factor(2) 29:14 56:14 | | foregoing(1) 63:11 | | grounds(1) 61:13 | | honest(1) 34:5 |
| facts(1) 20:5 | | form(1) 62:24 | | group(3) 33:2 61:8 62:1 | | honor(91) 5:3 5:4 5:5 5:12 6:14 7:15 7:18 10:11 10:13 10:18 10:21 11:3 12:10 12:20 13:9 18:19 20:4 21:20 22:1 22:3 22:10 23:21 24:3 24:7 24:18 25:4 25:13 25:20 25:25 25:25 27:12 27:24 28:17 29:14 29:24 30:3 30:7 30:15 31:7 31:13 31:14 31:19 32:5 32:8 32:12 32:13 32:17 32:19 33:2 33:6 33:11 33:20 34:4 34:5 34:10 34:17 34:18 34:23 35:1 35:4 35:14 35:19 35:22 35:25 36:3 36:9 36:16 36:22 36:25 37:6 37:25 38:7 41:25 42:3 43:19 47:9 49:24 50:25 51:4 52:2 52:18 53:21 53:25 55:11 57:9 59:5 59:7 59:13 60:1 60:15 61:19 |
| factual(1) 8:19 | | formally(1) 16:14 | | guess(3) 33:2 61:8 62:1 | | |
| fails(3) 28:17 38:25 52:14 | | forman(1) 1:29 | | guidance(4) 45:2 45:12 45:19 45:21 | | |
| failure(1) 34:23 | | former(5) 2:26 3:16 4:32 38:5 39:2 | | guide(1) 41:21 | | |
| fall(1) 55:4 | | forth(2) 25:23 51:19 | | guided(1) 43:23 | | |
| fall(3) 24:24 57:11 62:20 | | forty-second(1) 5:25 | | guidelines(1) 54:10 | | |
| falls(1) 10:7 | | forward(9) 5:6 5:24 9:18 29:6 35:12 37:23 55:15 57:24 60:23 | | guideposts(2) 17:22 45:11 | | |
| familiar(1) 30:23 | | | | guild(2) 7:25 9:8 | | |
| far(1) 22:16 | | | | gump(3) 2:5 3:26 10:19 | | |
| federal(2) 35:2 43:14 | | for'(2) 29:21 29:24 | | gwen(1) 4:20 | | honorable(1) 1:18 |
| fee(2) 6:15 8:2 | | founded(1) 24:8 | | | | honor's(3) 32:18 32:22 61:10 |
| feel(1) 8:21 | | four(1) 5:20 | | had(15) 5:5 11:9 11:10 14:13 29:10 31:18 37:15 53:2 53:19 53:23 54:2 54:20 55:18 62:1 62:2 | | hope(1) 9:17 |
| feels(2) 30:7 30:16 | | fourth(2) 19:16 20:25 | | | | hour(2) 7:2 7:4 |
| fees(1) 9:4 | | frame(1) 14:4 | | | | housekeeping(1) 6:23 |
| feld(3) 2:6 3:27 10:20 | | franchise(1) 6:10 | | hadn't(2) 15:18 26:5 | | |
| felger(5) 2:21 35:22 35:23 36:2 36:5 | | frank(1) 3:44 | | hand(1) 52:17 | | |
| fell(1) 17:2 | | fraudulent(2) 20:7 61:7 | | hannafan(4) 3:38 3:38 32:14 32:15 | | how(15) 7:12 9:18 10:7 14:4 14:6 23:10 28:3 43:4 45:2 45:20 52:24 54:10 57:22 61:21 62:20 |
| few(3) 19:11 26:16 39:25 | | freeburn(1) 3:22 | | happen(2) 47:7 50:16 | | |
| fiduciary(1) 13:15 | | friday(1) 9:4 | | happened(1) 47:6 | | |
| fifth(2) 19:18 20:25 | | from(45) 5:4 12:13 12:15 14:10 16:7 25:10 27:3 27:23 28:2 28:10 28:13 30:13 31:23 35:25 37:11 38:16 39:15 39:25 40:21 41:3 41:15 41:15 41:22 42:1 42:1 43:7 43:22 44:23 45:4 45:8 45:10 45:24 46:1 46:7 49:17 50:23 55:5 56:2 56:9 56:15 59:11 59:14 60:10 62:15 63:12 | | happens(1) 17:10 | | however(1) 35:5 |
| figure(1) 48:9 | | | | harrisburg(1) 1:40 | | hurdles(1) 62:2 |
| figured(2) 17:16 17:17 | | | | has(34) 10:5 10:17 11:15 18:21 19:1 19:11 19:19 20:1 20:15 20:18 21:19 22:5 22:8 22:11 23:5 24:15 24:24 25:19 32:15 33:7 34:4 42:11 43:10 44:22 46:22 46:25 48:12 50:1 50:14 51:12 52:10 52:15 56:17 58:13 | | hypothetically(1) 12:25 |
| figuring(1) 10:6 | | | | | | identical(1) 62:3 |
| file(4) 34:8 51:21 52:5 52:22 | | | | | | identified(7) 10:22 40:3 41:7 41:9 44:1 44:18 45:23 |
| filed(8) 7:11 9:1 18:25 19:23 21:7 36:14 38:12 42:12 | | | | | | |
| | | | | hasn't(1) 44:21 | | |
| filing(5) 5:22 8:2 9:4 9:4 46:21 | | from'(15) 27:22 30:1 42:4 42:7 42:20 42:24 43:15 44:24 46:25 48:22 48:24 49:5 54:11 62:18 62:21 | | hauer(3) 2:5 3:26 10:2 | | identify(2) 32:1 47:17 |
| final(2) 49:24 50:22 | | | | have(94) 7:1 7:5 7:22 8:17 9:13 10:1 10:2 10:8 11:4 13:6 13:12 14:3 14:16 14:23 15:7 15:17 15:20 17:11 17:22 19:6 19:12 21:7 23:1 25:15 26:4 26:12 26:17 27:19 28:1 28:8 28:10 29:16 29:18 30:5 30:18 30:25 31:19 33:18 33:19 33:22 34:10 34:19 34:20 35:5 35:23 36:2 36:6 36:20 37:9 40:25 41:6 41:8 42:12 42:25 43:1 43:2 43:17 43:24 44:17 44:22 46:16 47:22 48:19 48:22 48:25 49:14 50:9 50:22 50:25 52:18 53:5 53:14 53:16 54:3 54:14 55:10 55:15 55:22 56:5 57:9 57:20 57:21 57:22 58:5 58:17 59:4 60:24 60:25 61:11 61:15 61:19 62:1 62:13 62:25 | | impact(3) 30:24 55:10 57:21 |
| finally(1) 30:4 | | | | | | impacts(2) 52:19 57:22 |
| find(3) 10:3 10:4 10:5 | | front(1) 36:2 | | | | implicit(1) 16:1 |
| fine(2) 19:13 51:18 | | full(1) 41:4 | | | | important(12) 13:21 26:3 38:8 42:3 42:7 42:9 52:19 55:14 55:22 56:14 58:9 60:13 |
| finger(1) 17:4 | | further(3) 35:23 54:5 63:3 | | | | |
| first(16) 9:20 16:17 20:16 22:1 25:8 25:8 26:24 28:22 32:21 35:16 38:2 39:21 42:8 49:10 60:2 60:6 | | future(1) 59:20 | | | | |
| | | gallagher(2) 2:27 36:7 | | | | inability(1) 15:2 |
| | | gap(2) 16:23 30:8 | | | | inappropriate(1) 22:14 |
| | | gary(1) 2:50 | | | | incent(2) 51:19 59:20 |
| first-identified(1) 41:1 | | geared(1) 9:19 | | | | inclination(1) 9:9 |
| fit(1) 43:4 | | gecker(1) 3:44 | | haven't(4) 15:9 16:13 16:14 52:9 | | include(4) 39:20 40:8 40:8 43:22 |
| fitzsimons(15) 14:18 14:22 22:3 23:7 24:12 25:6 26:18 26:23 30:5 30:9 30:12 31:24 37:5 50:9 50:18 | | general(5) 23:17 23:24 23:25 39:18 62:7 | | having(1) 57:24 | | included(3) 30:21 39:4 49:7 |
| | | george(1) 3:18 | | hear(4) 17:12 37:11 37:21 51:19 | | includes(1) 40:11 |
| | | get(14) 8:7 8:9 9:19 9:24 12:17 14:8 18:1 18:11 21:24 24:11 29:12 38:16 43:9 62:6 | | heard(11) 20:23 21:8 35:17 35:25 36:8 36:10 37:14 37:15 51:4 60:2 61:20 | | including(6) 17:8 21:6 28:1 30:20 31:1 43:20 |
| five(7) 5:25 11:17 16:24 17:23 44:17 49:20 49:22 | | | | | | |
| | | | | hearing(5) 7:1 10:10 32:19 63:6 63:8 | | indeed(1) 24:21 |
| fleet(1) 5:15 | | gets(1) 17:22 | | hearings(1) 9:19 | | indemnification(3) 23:2 24:14 33:16 |
| floating(1) 47:2 | | give(3) 45:5 51:6 54:9 | | heilgman(1) 3:45 | | indicated(2) 34:19 53:23 |
| flom(1) 4:34 | | given(6) 8:6 16:21 29:2 49:6 58:7 62:16 | | help(1) 11:9 | | individuals(1) 26:5 |
| floor(1) 1:18 | | gives(1) 59:16 | | helpful(2) 9:16 9:17 | | inference(1) 27:8 |
| focus(4) 29:14 33:19 38:7 38:11 | | giving(1) 11:25 | | herbert(1) 5:18 | | initial(1) 42:5 |
| focusing(1) 58:19 | | glad(2) 11:21 37:23 | | | | inkling(1) 46:9 |
| follow(2) 57:3 57:4 | | goes(3) 39:19 54:6 56:15 | | | | insider(2) 10:23 20:5 |
| following(3) 21:14 26:10 29:12 | | going(30) 5:6 5:21 5:24 7:14 8:1 8:7 8:11 8:12 9:1 11:8 15:3 15:14 15:22 33:18 34:19 35:11 37:11 38:7 38:9 38:11 39:24 48:5 51:11 51:12 51:19 51:25 53:22 55:12 56:5 62:22 | | | | insiders(1) 20:9 |
| follows(1) 20:14 | | | | | | insisted(1) 42:11 |
| footnote(1) 43:7 | | | | | | insolvency(1) 46:24 |
| | | golden(2) 3:4 21:10 | | | | insolvent(2) 46:22 56:17 |
| | | goldsmith(1) 3:28 | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **intend**(1) 20:23 | | **kjc**(1) 1:5 | | **linda**(1) 6:6 | | **matters**(10) 5:7 7:4 7:19 7:22 8:11 8:12 8:13 10:4 15:6 42:10 | |

**intend**(1) 20:23
**interest**(1) 53:14
**interested**(6) 3:31 3:37 4:4 4:8 4:13 4:18
**interpretation**(4) 12:10 24:23 25:18 31:12
**interpreted**(1) 43:10
**into**(4) 18:2 30:16 31:6 32:2
**introduced**(1) 44:4
**introductory**(1) 40:8
**invitation**(1) 31:17
**involved**(1) 49:9
**irrelevant**(1) 12:7

**isn't**(6) 11:8 35:2 47:20 52:21 54:11 56:5
**issue**(22) 11:12 12:9 12:10 24:15 27:2 37:12 37:19 38:21 38:23 41:22 42:21 43:5 48:19 48:21 50:21 51:15 52:13 52:18 54:10 57:25 58:22 60:14

**issues**(8) 11:5 11:19 16:9 20:1 30:17 33:14 33:18 34:13

**item**(5) 5:11 5:17 35:16 36:13 41:16
**items**(2) 5:5 41:1
**its**(2) 34:20 35:1
**itself**(8) 17:23 21:21 24:24 26:13 42:24 42:24 46:1 46:3

**it's**(41) 7:9 8:9 8:17 8:23 10:16 10:17 12:10 12:14 13:21 16:17 20:13 24:22 25:21 27:5 28:11 34:5 35:20 35:21 38:25 38:25 39:15 39:23 40:9 41:16 41:22 41:23 41:24 42:1 42:2 47:20 48:6 54:12 54:20 55:4 56:6 56:14 58:3 58:20 59:18 62:12
**i'd**(5) 9:20 10:8 15:4 32:17 49:18
**i'll**(18) 5:6 10:13 12:14 20:1 24:14 30:4 32:1 32:10 37:10 37:21 37:22 51:6 51:25 52:20 59:7 59:8 62:8 62:23

**i'm**(28) 6:13 7:3 7:14 11:21 12:13 15:1 15:2 16:19 27:23 31:13 32:13 32:16 34:7 35:19 37:22 38:7 38:9 38:11 39:24 41:23 51:8 51:11 51:12 52:1 53:22 57:8 57:12 57:23
**i've**(6) 9:14 38:2 58:7 61:20 62:2 62:17
**james**(6) 1:24 3:22 3:39 3:49 32:14 36:24
**jason**(1) 3:28
**jeffrey**(1) 2:28
**jenner**(1) 4:28
**jim**(1) 7:18
**job**(1) 59:21
**john**(3) 2:34 36:10 38:5
**johnston**(1) 3:49
**joinder**(3) 35:24 36:21 36:23
**joinders**(1) 35:15
**joined**(2) 22:19 32:14
**jointly**(1) 1:6
**jones**(1) 3:48
**joshua**(1) 3:51
**judge**(8) 1:18 1:19 12:6 14:10 14:15 14:24 33:13 34:13

**juncture**(2) 7:23 53:19
**jurisprudence**(1) 35:3
**just**(36) 5:7 7:11 8:12 8:23 8:24 9:8 9:17 9:20 12:14 14:4 15:2 15:4 17:9 17:9 17:11 17:12 18:12 18:19 19:14 20:24 29:1 30:4 32:9 33:2 33:6 34:22 43:13 51:17 51:22 56:21 57:2 58:19 58:20 59:8

**justin**(1) 4:35
**kelly**(1) 63:16
**kerriann**(1) 3:11
**kevin**(1) 1:18 3:8
**key**(3) 25:11 53:23 62:13
**kick**(1) 17:14
**kicked**(1) 33:25
**kind**(2) 11:14 16:10
**kinds**(2) 55:3 56:19
**kirschner**(4) 2:5 4:4 4:5 10:20

**kjc**(1) 1:5
**knight**(11) 2:39 3:38 22:1 22:2 22:10 23:8 32:13 32:21 33:7 35:16 37:18

**knight's**(4) 32:11 36:11 37:3 61:4
**know**(27) 7:3 7:15 7:15 8:18 8:20 8:24 8:25 9:23 10:1 15:22 17:1 17:4 17:18 17:23 18:14 24:18 34:25 47:19 48:6 48:25 50:3 52:17 53:6 56:19 57:2 57:22 62:6

**knowing**(1) 33:12
**knows**(3) 10:21 24:3 47:24
**ktla's**(1) 6:2
**laid**(2) 16:15 45:22
**landis**(1) 2:13
**language**(24) 11:10 11:11 11:16 12:3 19:13 27:21 40:8 40:10 40:13 40:23 42:4 42:6 42:8 42:21 47:14 58:4 58:4 58:5 58:6 58:20 58:23 58:25 62:12 62:13

**lantry**(2) 3:8 14:14
**large**(2) 13:21 21:13
**last**(5) 17:12 21:5 30:15 38:3 49:10
**later**(2) 33:13 48:8
**latin**(1) 40:6
**law**(8) 7:23 9:6 25:18 27:20 30:1 30:2 40:9 43:13

**lawsuits**(2) 38:13 39:1
**lawyer**(1) 47:14
**lays**(1) 23:3
**lbo**(49) 17:21 20:9 25:8 25:17 26:2 26:11 26:15 27:4 27:7 27:13 27:19 28:2 28:10 28:13 28:25 29:3 29:4 29:15 38:17 40:21 41:15 41:22 42:1 43:22 44:24 45:4 45:9 45:10 45:24 46:3 46:7 46:9 46:17 47:10 49:8 49:9 49:17 50:23 54:18 54:20 55:8 55:18 55:18 56:2 56:9 60:10 60:18 60:23

**lbo-related**(2) 25:5 60:9
**lbo'**(1) 39:15
**lead**(1) 22:23
**leading**(1) 21:16
**leaps**(1) 54:5
**least**(3) 11:24 49:14 54:9
**leave**(3) 17:10 17:13 48:8
**leaves**(2) 6:21 28:6
**led**(1) 46:20
**left**(6) 26:9 30:8 41:16 44:18 48:19 49:3
**legal**(1) 2:39
**lender**(1) 10:25
**length**(1) 48:23
**leonard**(1) 1:30
**less**(1) 58:1
**let**(18) 7:3 7:14 12:12 13:14 13:22 14:4 18:2 18:19 22:1 25:8 32:9 32:21 35:1 35:16 36:6 36:12 48:5 59:8

**let's**(4) 17:9 45:6 45:11 48:3
**level**(8) 13:6 19:22 19:24 21:13 24:3 24:5 24:6 33:16

**leverage**(7) 25:10 25:12 26:5 29:19 30:21 30:23 62:15

**license**(2) 12:5 24:8
**lie**(2) 23:15 24:6
**life**(1) 46:17
**light**(1) 10:3
**like**(28) 5:6 6:23 9:20 10:8 15:4 15:22 17:19 17:20 27:14 28:18 28:19 31:3 32:17 33:15 44:19 45:16 45:18 49:18 51:15 51:16 53:4 54:1 57:3 58:6 58:17 60:16 61:2

**likely**(1) 14:22
**limitation**(1) 39:14 39:19 43:21
**limitation's**(1) 39:20 39:24 40:9 40:10 44:5
**limited**(1) 10:24 47:15

**linda**(1) 6:6
**line**(4) 17:22 18:3 18:8 18:14
**linkage**(2) 25:21 26:14
**liquidate**(1) 6:16
**list**(9) 7:5 37:15 39:20 39:23 40:11 40:12 40:12 43:21 44:4

**listed**(5) 21:1 32:10 35:16 36:13 60:6
**listen**(2) 52:14 53:2
**listened**(1) 53:25
**lists**(3) 31:24 39:5
**litigation**(101) 2:4 6:22 10:20 10:21 10:22 12:17 12:18 13:23 14:18 16:15 16:22 17:20 18:7 18:9 18:16 18:23 19:3 19:9 19:16 19:19 22:25 24:21 24:22 27:5 27:16 28:4 28:8 28:15 32:22 37:7 38:10 38:17 38:19 38:20 38:22 39:13 39:19 39:23 40:1 40:3 40:5 40:11 40:14 40:15 40:18 40:20 40:22 40:24 40:24 41:2 41:3 41:7 41:9 41:10 41:12 41:13 41:19 41:24 42:5 42:10 42:19 43:6 43:20 44:1 44:3 44:6 44:13 44:14 44:16 44:25 45:8 45:14 45:15 48:20 49:1 49:4 49:21 49:22 49:23 50:1 50:3 50:5 50:7 50:12 50:21 51:20 53:24 54:4 54:17 55:1 55:4 59:12 59:17 59:23 59:25 60:4 60:7 60:11 61:2 61:5 62:14

**little**(4) 7:8 8:17 8:24 38:10
**llc**(8) 1:38 2:27 2:33 2:39 3:17 4:28 6:6 63:17

**llp**(11) 1:23 2:6 2:13 3:3 3:7 3:22 3:27 3:44 4:9 4:14 4:28

**lodge**(1) 51:7
**logical**(2) 17:1 60:25
**long**(7) 42:13 46:6 46:6 46:6 53:6 54:17 55:17

**look**(26) 16:21 17:19 17:20 19:14 23:20 25:3 29:8 39:11 42:25 43:1 43:2 43:2 44:25 45:6 45:13 45:14 45:15 45:24 53:21 55:20 56:14 57:10 57:10 58:11 59:12 59:17

**looked**(1) 44:24
**looking**(4) 55:1 55:15 57:12 57:13
**looks**(1) 27:1
**lost**(1) 31:1
**lot**(2) 8:18 9:22
**ltd**(1) 3:38
**lucrative**(2) 26:12 31:2
**lugano**(1) 1:36
**m.zensky**(1) 2:7
**made**(14) 9:14 11:23 12:1 18:1 20:8 22:11 26:12 39:17 46:23 46:23 46:23 52:4 54:1 54:3

**magnitude**(1) 8:7
**main**(3) 11:12 11:20 47:1
**majestic**(1) 6:5
**make**(21) 5:7 8:5 11:25 16:20 17:6 23:13 23:24 23:24 30:15 32:24 33:7 37:2 37:13 45:3 48:1 51:22 52:8 52:9 55:8 58:20 59:2

**makes**(2) 7:20 60:2
**management**(3) 3:32 3:32 59:19
**mandatory**(2) 23:6 23:11
**manner**(1) 61:17
**many**(5) 12:20 13:16 38:12 38:13 53:6
**marbury**(1) 5:18
**marc**(3) 2:5 4:5 10:20
**march**(8) 1:14 5:1 9:7 9:9 18:12 19:5 34:19 63:15

**marcia**(1) 5:21
**mark**(4) 2:21 5:14 19:24 35:22
**market**(3) 1:11 2:15 2:22
**martha**(1) 6:2
**matter**(11) 6:24 15:8 16:23 34:22 50:10 53:16 57:7 57:16 61:21 61:22 63:13

**matters**(10) 5:7 7:4 7:19 7:22 8:11 8:12 8:13 10:4 15:6 42:10

**may**(10) 6:11 7:16 11:1 29:23 53:20 56:21 57:5 57:14 58:17 58:18

**maybe**(6) 15:19 47:5 47:18 47:18 48:4
**mccambridge**(25) 2:34 36:9 36:10 36:16 36:18 36:22 37:12 37:16 37:25 38:4 38:5 45:19 46:15 46:19 47:2 47:4 47:8 47:12 47:16 47:21 48:14 48:18 51:2 52:3 60:14

**mccambridge's**(2) 59:13 60:3
**mccutchen**(1) 4:9
**mcguinness**(2) 3:39 32:14
**mdl**(5) 14:23 19:6 33:8 33:25 34:14
**meagher**(1) 4:33
**mean**(8) 6:12 16:6 27:24 48:10 48:11 50:16 52:3 62:18

**meaning**(1) 27:20
**means**(6) 18:11 18:15 40:3 48:12 50:22 53:11

**meant**(2) 48:9 48:10
**meisel**(1) 1:29
**mention**(2) 6:23 43:7
**mentioned**(2) 30:14 38:4
**merely**(1) 60:5
**merger**(2) 21:21 21:23
**merits**(4) 22:16 22:18 22:20 35:3
**mester**(1) 3:51
**met**(1) 10:5
**michael**(1) 4:10
**mid**(2) 21:12 46:7
**might**(6) 9:17 17:5 17:15 21:11 54:6 58:11
**million**(3) 20:22 21:6 30:19
**mills**(1) 3:11
**mind**(7) 7:22 11:22 15:3 17:12 32:22 56:3 56:5

**minute**(1) 52:3
**minutes**(1) 59:13
**misters**(2) 37:1 37:3
**misunderstood**(1) 38:1
**modify**(1) 19:5
**moment**(5) 15:4 21:4 21:9 32:2 51:5
**moments**(2) 19:12 26:16
**monday**(1) 9:5
**money**(3) 9:19 9:22 13:21
**more**(20) 8:11 8:12 16:25 17:19 19:14 26:3 26:14 26:20 27:14 28:18 29:25 30:1 37:13 38:10 40:15 45:16 54:6 60:10 60:13 60:16

**morgan**(2) 4:14 19:17
**moskowitz**(1) 4:15
**most**(7) 9:10 12:19 13:14 14:22 15:22 20:24 36:19

**mostly**(1) 29:2
**motion**(22) 6:9 6:16 6:17 6:22 7:25 10:23 11:13 11:23 20:19 22:15 23:21 24:8 32:3 34:8 34:25 37:18 38:8 38:25 58:5 58:9 58:14 58:25

**motions**(2) 7:24 9:6
**mouth**(1) 55:2
**movant**(1) 10:5
**move**(6) 9:8 9:18 18:22 24:14 24:16 37:23
**moved**(1) 7:9
**moving**(2) 7:7 58:21
**much**(7) 7:12 10:7 11:8 47:9 49:13 51:1 63:5

**murphy**(4) 3:22 36:24 37:1 37:4
**must**(1) 60:7
**myers**(1) 4:24
**n.w**(1) 1:25
**named**(1) 37:4

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**nancy**(1) 7:7
**narrow**(1) 54:12
**narrowed**(1) 11:5
**nature**(3) 12:2 16:11 25:10
**necessary**(1) 21:19
**need**(9) 7:6 7:13 8:11 8:23 12:21 12:22 19:14 33:14 36:10

**negotiated**(1) 17:7
**negotiation**(1) 62:17
**neither**(2) 48:15 60:13
**never**(5) 26:4 29:16 29:19 43:7 57:14
**new**(5) 2:10 19:8 39:9 51:19 61:12
**newspaper**(1) 7:25
**next**(1) 9:9
**nice**(2) 10:15 10:17
**nine**(1) 6:14
**nobody**(2) 53:15 58:16
**nolan**(1) 4:20
**non**(2) 9:15 22:11
**non-insurance**(1) 42:22
**non-settling**(1) 19:10
**none**(1) 26:11
**nonetheless**(1) 25:15
**nor**(2) 48:18 60:14
**norman**(2) 1:31 5:3
**north**(2) 2:15 2:22
**not**(125) 7:4 8:18 8:20 11:17 11:19 12:5 12:14 12:19 13:16 13:22 14:6 14:22 15:1 15:7 16:25 18:9 18:12 18:16 18:20 19:1 19:8 19:24 20:24 21:15 22:15 22:17 23:3 23:19 23:25 24:7 24:8 25:12 25:20 26:7 29:3 29:5 29:21 29:23 30:8 30:14 30:19 31:2 31:14 32:23 33:4 33:16 33:17 33:21 33:24 34:4 34:6 34:21 34:23 35:9 35:11 36:10 37:4 38:2 38:16 38:19 39:14 40:8 40:11 40:18 40:20 40:24 41:2 41:9 41:12 41:14 41:15 41:23 42:1 43:22 44:1 44:12 44:14 44:24 45:4 45:8 45:10 45:14 45:18 45:21 46:10 47:15 47:23 48:5 48:10 48:14 48:20 48:23 49:4 49:11 49:16 49:21 50:15 50:20 50:23 51:8 51:11 51:19 51:21 53:22 55:1 55:20 55:23 55:24 56:4 56:9 57:8 57:21 57:24 59:23 60:4 60:5 60:6 60:10 60:22 61:1 61:5 61:16 61:25 62:3

**note**(7) 4:1 42:3 43:19 44:20
**noted**(4) 19:11 31:17 41:25 42:18
**notes**(2) 15:15 48:22
**nothing**(6) 30:12 31:5 35:23 51:12 54:20 55:18

**notice**(1) 40:22
**noticed**(1) 15:17
**noticing**(1) 9:2
**notion**(2) 50:9 50:19
**notwithstanding**(1) 28:3
**now**(26) 8:14 9:22 10:3 14:5 14:9 15:11 26:24 33:19 34:24 35:15 37:21 39:1 39:11 40:17 41:6 41:25 42:8 43:14 43:23 44:17 45:12 48:4 49:6 49:18 58:11

**nowhere**(1) 24:13
**number**(15) 5:11 5:13 5:17 5:20 5:25 6:2 6:4 6:9 6:12 6:13 6:14 6:15 6:17 6:21 27:17

**o'melveny**(1) 4:24
**object**(4) 15:16 51:25 52:15 53:17
**objected**(10) 11:11 16:14 18:20 19:2 19:8 19:11 19:24 20:15 52:9 53:15

**objecting**(4) 7:16 25:14 35:25 38:6
**objection**(28) 5:11 5:13 5:18 5:20 5:25 6:2 6:4 13:3 13:5 13:24 19:18 19:21 19:23 21:3 22:1 22:4 24:7 24:17 32:4 32:7 32:20 33:15 36:11 36:13 36:18 43:5 51:8 59:13

**objections**(12) 5:16 8:1 8:20 8:22 9:3 11:12 11:20 12:16 12:22 20:2 23:4 32:10

**objector**(1) 19:22
**objectors**(5) 12:16 12:19 27:9 29:20 62:8
**objectors'**(1) 28:16
**obligation**(3) 23:23 23:24 23:25
**obvious**(1) 14:25
**obviously**(5) 5:24 6:25 42:8
**occurred**(2) 21:19 46:21
**occurs**(1) 56:8
**off**(1) 18:20
**office**(1) 4:24
**officer**(1) 26:10
**officers**(6) 2:27 3:17 11:9 12:3 23:7 39:2
**of'**(9) 25:19 27:20 42:6 42:11 42:14 42:14 42:14 42:22 54:12

**okay**(25) 7:10 9:21 10:7 10:11 12:8 13:12 13:13 13:25 14:25 17:25 20:4 24:17 31:18 33:2 36:1 36:12 36:14 37:21 47:13 48:3 51:10 55:2 55:5 56:18 58:12

**omnibus**(8) 5:11 5:13 5:17 5:20 5:25 6:4 6:17 10:23

**once**(1) 32:16
**one**(52) 2:8 5:6 5:11 6:23 9:4 9:15 10:2 10:2 11:4 11:11 12:12 12:22 13:2 14:4 17:5 17:9 19:11 20:15 20:16 21:18 22:2 24:10 25:22 27:17 29:10 30:17 31:14 32:23 33:10 33:13 33:23 34:2 38:15 40:16 42:20 43:18 45:16 47:9 48:11 49:11 49:18 49:25 51:4 53:9 53:9 54:15 56:13 56:21 57:12 58:1 58:18 62:1

**ones**(5) 28:1 39:1 40:7 45:14 54:7
**one's**(1) 9:5
**ongoing**(1) 55:15
**only**(16) 5:5 6:22 7:1 21:7 23:15 23:17 26:6 26:9 37:2 42:15 42:19 42:22 48:21 58:15 60:17 60:19

**open**(1) 34:7
**opened**(3) 33:14 34:14 52:12
**opening**(4) 23:21 31:22 42:16 61:9
**opinion**(1) 9:16
**opportunity**(1) 53:2
**opposed**(1) 60:18
**opposition**(1) 21:7
**option**(1) 28:12
**options**(8) 20:10 29:18 39:8 39:21 43:24 45:7 54:3 60:21

**order**(15) 5:12 6:9 6:17 11:10 11:17 19:1 19:15 20:18 30:19 32:10 43:3 58:9 59:2 61:15 62:24

**order/language**(1) 11:19
**ordering**(1) 58:3
**orders**(1) 6:14
**ordinary**(58) 16:22 17:20 18:9 27:5 27:16 28:4 28:8 28:15 29:1 38:17 38:19 38:22 39:12 39:23 40:3 40:4 40:14 40:15 40:18 40:20 40:24 40:24 41:2 41:3 41:7 41:9 41:12 41:12 41:14 41:19 43:20 44:1 44:2 44:6 44:12 44:14 45:4 45:8 45:10 45:14 45:15 48:20 49:4 49:21 49:22 50:2 50:5 50:7 50:11 50:20 53:24 54:4 54:17 54:18 59:25 60:7 60:11 61:2

**other**(32) 5:7 6:22 7:18 9:5 14:24 15:6 23:15 23:18 23:18 25:22 29:17 29:21 30:25 31:4 34:13 35:24 35:25 45:18 46:23 47:7 47:19 48:24 49:18 52:17 53:10 54:7 54:8 56:23 58:13 59:11 59:20 60:20

**others**(8) 41:8 44:10 44:19 46:4 46:5 47:17 48:24 50:15

**our**(19) 8:22 12:2 16:12 18:14 23:3 23:21 28:21 31:21 31:25 32:3 32:20 33:15 35:24 42:18 43:15 43:12 45:2 45:23 57:22

**out**(42) 8:9 10:6 11:12 12:17 13:23 14:8 16:15 23:3 23:18 25:1 25:22 25:16 25:17 25:19 26:15 27:13 27:19 27:20 28:3 28:6 28:21 32:21 38:14 41:2 42:6 42:11 42:14 42:14 42:14 42:21 43:5 45:22 47:14 47:25 48:9 50:17 52:8 52:24 54:12 60:6 62:4 62:13

**outside**(1) 52:1
**over**(5) 10:14 14:23 19:14 28:23 58:21
**overall**(1) 43:2
**overridden**(2) 50:2 60:10
**own**(5) 15:2 18:11 34:20 35:1 53:10
**owned**(2) 31:8 40:22
**owner**(2) 14:17 14:19
**ownership**(3) 13:4 39:16 41:1
**owns**(4) 12:6 13:22 24:18 30:11
**o'connor**(2) 2:20 35:23

**p.a**(1) 1:30
**p.m**(3) 1:15 5:1 63:8
**package**(1) 48:3
**page**(2) 12:4 58:25
**paid**(4) 23:17 26:4 26:6 60:17
**panel**(1) 19:6
**papers**(6) 6:8 8:7 11:5 11:7 15:5 21:7 28:21 39:25 42:12 43:13 51:20 51:22 61:25

**parachute**(1) 21:12
**parachute-type**(1) 21:11
**paragraph**(4) 42:13 42:13 59:1 59:17
**parallels**(2) 58:23 58:25
**parent**(3) 23:16 23:18 23:18
**park**(1) 2:8
**parker**(1) 5:14
**part**(5) 20:16 42:5 48:11 55:12 61:21
**parties**(33) 8:15 9:17 9:20 10:9 11:17 11:24 16:23 17:9 17:12 17:16 19:23 20:14 21:7 22:19 25:11 26:17 29:7 29:15 30:8 35:17 36:7 36:13 41:20 47:13 48:7 48:9 54:8 58:13 60:25 61:21 61:23 62:12 62:25

**parts**(1) 61:23
**party**(9) 3:31 3:37 4:4 4:8 4:13 4:18 26:10 35:25 52:14

**passage**(3) 28:6 44:10 60:6
**past**(5) 55:20 56:23 59:19
**pauley**(6) 12:6 14:10 14:15 14:24 33:13 34:13

**pause**(1) 14:4
**pay**(1) 21:12
**payable**(3) 26:8 26:9 46:2
**payees**(3) 19:11 58:2 58:22
**payment**(13) 13:20 13:20 21:10 23:4 24:19 26:18 27:3 28:18 29:4 29:5 29:9 31:23 59:11

**payments**(46) 13:4 16:20 19:20 20:8 20:12 21:1 21:5 21:25 23:24 24:24 25:12 25:25 26:12 27:15 27:25 28:6 28:25 29:7 29:8 29:16 30:14 30:19 31:8 38:21 38:22 39:7 39:9 40:4 41:7 41:11 41:19 44:6 44:9 44:19 45:16 46:5 49:16 50:4 50:11 50:24 59:23 60:5 60:16 60:17 60:21 60:24

**payout**(2) 31:4 31:5
**peek**(1) 22:20
**pending**(9) 10:24 14:6 20:6 22:13 33:8 33:10 33:12 61:12 61:16

**pennsylvania**(1) 1:40
**people**(7) 9:21 49:19 50:9 50:17 55:20 56:19 58:15

**percent**(3) 26:20 31:3 33:17

**period**(9) 18:24 39:3 39:7 39:17 41:4 41:11 44:9 44:20 44:20

**permit**(1) 19:5
**pernick**(8) 1:31 5:3 5:4 5:10 6:13 7:11 7:14 10:22

**perspective**(3) 16:8 27:3 48:13
**peters**(1) 3:22
**phantom**(17) 13:19 19:20 20:11 21:2 27:15 28:19 39:9 40:20 44:11 45:9 45:25 54:22 55:25 57:19 59:16 59:18 60:17

**phone**(2) 32:14 37:2
**phones**(1) 31:6
**phrase**(3) 40:6 42:16 42:24
**pipeline**(1) 7:20
**place**(8) 6:18 22:17 27:6 39:11 39:15 54:19 55:19 56:10

**places**(3) 43:20 46:23 47:7
**plaintiff**(3) 34:21 62:5 62:6
**plaintiffs**(1) 6:19
**plan**(65) 12:10 14:12 14:12 16:18 17:23 18:15 20:17 20:25 21:11 21:12 22:6 22:22 22:25 23:18 23:22 24:9 24:21 25:2 25:4 25:19 26:8 26:22 27:1 27:4 27:8 27:10 27:12 28:22 28:7 28:13 29:10 30:8 30:9 30:10 31:2 31:4 31:23 38:7 38:11 38:13 38:19 39:13 39:15 41:16 42:4 42:6 42:9 43:11 43:24 44:8 44:22 45:6 45:22 46:14 48:16 49:20 50:16 58:4 59:9 59:10 59:16 59:16 61:24 62:4 62:17

**plans**(4) 17:19 29:1 30:6 59:11
**platinum**(1) 21:11
**play**(1) 54:22
**played**(1) 52:24
**pleading**(1) 34:6
**pleadings**(1) 36:14
**pleasure**(1) 6:25
**pled**(1) 16:4
**plus**(1) 21:16
**podium**(1) 10:14
**point**(29) 8:6 15:13 22:14 25:8 26:13 29:6 29:19 31:3 30:15 31:19 31:20 33:11 35:18 37:9 40:16 41:17 43:18 46:25 49:18 51:22 52:4 52:8 52:9 52:15 53:18 54:1 57:1 57:1 60:24

**pointed**(3) 28:21 43:5 62:13
**points**(2) 16:10 32:24
**polk**(1) 4:14
**polley**(1) 6:15
**pool**(1) 59:18
**portfolio**(1) 6:5
**portion**(3) 11:16 19:15 37:18
**posed**(1) 32:19
**position**(15) 15:20 16:1 16:12 16:15 18:5 21:8 43:12 45:3 48:9 48:11 52:4 52:25 53:1 55:4 60:4

**positions**(1) 15:5
**possibilities**(1) 55:20
**possibility**(2) 28:9 56:7
**possible**(1) 59:2
**potential**(3) 24:13 51:7 53:9
**ppearances**(2) 1:21 2:1
**practice**(1) 19:5
**pre-dated**(1) 27:4
**preceded**(1) 39:23
**precedential**(1) 9:16
**precisely**(1) 28:11
**precludes**(1) 35:6
**predict**(1) 23:9
**prediction**(1) 22:10
**prefaced**(1) 31:14

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| preference(10) 20:7 33:9 39:3 39:7 39:17 41:11 44:9 44:20 44:20 61:7 | | rather(2) 9:18 42:8 | | response(7) 32:11 35:16 42:18 52:5 61:10 63:2 63:4 | | seen(1) 28:2 |
| | | reached(1) 5:21 | | | | selling(1) 30:20 |
| prejudice(6) 11:14 14:17 14:21 18:13 51:20 61:13 | | reacting(1) 52:17 | | responses(2) 8:22 9:5 | | senior(1) 21:12 |
| | | read(3) 47:1 62:18 62:20 | | rest(2) 8:10 42:21 | | sense(5) 7:20 8:5 25:20 37:13 60:2 |
| prejudiced(1) 34:3 | | reading(3) 8:22 8:22 27:19 | | restricted(3) 28:12 39:8 39:21 43:25 45:7 | | sent(2) 14:23 19:7 |
| preliminarily(1) 11:2 | | reality(1) 54:16 | | result(2) 55:6 60:19 | | september(1) 19:7 |
| prepared(2) 23:13 46:6 | | realty(1) 6:5 | | retirees(2) 6:16 31:1 | | serve(2) 18:24 34:21 |
| present(1) 25:15 | | reason(15) 16:18 17:21 24:12 24:20 24:25 25:3 25:6 26:23 27:7 28:4 30:7 49:25 50:19 58:24 60:8 | | retirement(1) 31:2 | | served(3) 18:12 34:4 34:21 |
| presentations(8) 8:16 | | | | revised(1) 62:24 | | service(5) 1:38 1:45 18:24 59:19 59:20 |
| preserved(15) 16:18 17:21 24:12 24:20 24:25 25:3 25:6 26:23 27:7 28:4 30:7 49:25 50:19 58:24 60:8 | | reasons(3) 27:17 45:23 62:22 | | reward(1) 59:19 | | services(3) 1:38 5:15 63:17 |
| | | recall(2) 39:25 40:7 | | richard(1) 2:14 | | sesame(2) 45:17 45:21 |
| pretend(1) 57:6 | | receive(2) 29:7 31:2 | | right(39) 8:13 9:22 10:12 10:15 12:2 12:9 15:2 18:17 18:25 24:13 29:5 29:9 29:9 32:6 32:9 33:19 34:24 35:13 36:4 36:6 36:12 36:17 36:20 36:23 37:8 37:8 37:24 43:10 46:19 47:16 52:20 55:17 55:17 59:3 59:6 61:18 61:20 61:23 63:5 | | set(5) 9:18 19:4 25:23 49:15 51:19 |
| pretty(1) 10:5 | | received(9) 22:25 29:16 29:18 30:18 31:3 31:4 31:5 50:17 60:24 | | | | set-off(2) 13:7 22:23 |
| previous(1) 9:14 | | | | | | settle(1) 11:17 |
| previously(1) 15:6 | | recent(1) 46:18 | | | | settled(1) 41:20 |
| price(1) 4:9 | | recently(1) 9:15 | | | | settlement(2) 6:10 11:18 |
| primary(1) 32:23 | | recipients(1) 49:1 | | | | seven(2) 6:4 43:7 |
| principle(1) 6:6 | | recognizes(1) 49:1 | | rights(4) 22:5 29:4 34:3 55:7 | | several(1) 23:15 |
| principles(1) 49:15 | | record(4) 5:7 10:19 17:6 38:4 | | road(2) 17:14 33:25 | | severance(3) 21:13 26:8 39:9 |
| prism(1) 62:11 | | recorded(1) 1:44 | | robby(1) 5:15 | | shall(2) 39:19 43:21 |
| probably(3) 7:20 9:24 38:3 | | recording(2) 1:44 63:12 | | room(3) 40:13 40:15 44:5 | | shamah(1) 4:25 |
| problem(1) 47:8 | | recover(2) 20:6 43:24 | | ropes(1) 3:3 | | shared(1) 58:13 |
| procedural(1) 61:8 | | recoveries(1) 33:21 | | ross(1) 3:13 | | shareholder(1) 13:17 |
| procedurally(2) 14:7 22:14 | | recovery(1) 61:6 | | rowe(1) 4:9 | | short(1) 24:7 |
| proceed(1) 53:20 | | redundant(1) 28:9 | | rule(3) 18:24 22:18 23:9 | | should(22) 12:10 14:20 22:9 24:13 24:20 25:18 27:4 27:15 33:19 34:11 34:12 35:10 42:8 50:11 52:5 59:23 59:24 61:22 62:5 62:9 62:11 62:18 |
| proceedings(4) 1:17 1:44 6:20 63:13 | | reed(1) 3:45 | | ruling(3) 11:23 12:6 22:11 | | |
| produced(1) 1:45 | | reference(1) 15:5 | | rulings(1) 9:14 | | |
| program(2) 21:10 27:6 | | reflect(2) 11:6 11:7 | | run(2) 5:6 19:6 | | |
| programs(2) 21:24 27:2 | | regard(3) 18:15 30:3 | | | | shouldn't(1) 50:16 |
| proof(1) 8:20 | | regarding(1) 46:24 | | saccullo(5) 2:39 2:40 32:12 32:13 33:2 33:6 34:17 35:4 35:14 | | shows(1) 26:15 |
| proper(2) 61:14 61:17 | | regular(1) 38:24 | | | | side(6) 17:1 17:2 30:17 30:25 57:11 62:10 |
| property(4) 38:18 38:20 41:4 44:2 | | reiterate(1) 51:18 | | | | sidley(2) 1:23 3:7 |
| proponent(1) 48:5 | | relate(1) 58:22 | | said(20) 20:5 27:18 28:3 29:13 39:5 42:23 43:9 43:10 47:13 47:18 48:5 48:25 51:17 51:18 52:24 53:16 53:22 53:25 61:9 62:17 | | significance(2) 52:10 52:15 |
| proposed(2) 14:13 50:14 | | related(2) 15:6 25:9 62:19 | | | | silent(1) 53:10 53:13 53:18 |
| proposition(17) 40:6 54:21 54:22 55:13 55:23 55:23 55:25 56:8 56:9 56:10 56:12 56:12 57:18 57:19 59:10 62:7 | | relates(3) 37:19 58:2 58:24 | | | | silver(1) 5:14 |
| | | relating(1) 17:21 | | | | similar(1) 62:4 |
| | | relatively(2) 24:22 34:7 | | saying(7) 17:15 27:10 27:11 31:15 52:1 56:25 57:15 | | simply(5) 9:12 15:14 29:5 34:18 50:6 |
| propositions(1) 56:1 | | relevant(2) 44:25 61:23 | | | | since(3) 30:13 44:21 51:21 |
| prosecute(1) 34:23 | | relief(8) 14:7 18:6 18:22 32:20 34:16 35:7 52:5 62:22 | | says(15) 23:22 26:22 27:22 35:9 38:8 39:18 40:10 40:12 40:14 46:1 47:15 53:9 53:10 55:5 59:18 | | single(1) 47:9 |
| protect(1) 56:8 | | | | | | situation(2) 31:16 62:3 |
| protection(1) 55:22 | | relying(1) 50:1 | | | | six(32) 6:2 16:24 20:8 21:16 39:5 39:6 40:17 41:10 42:13 44:17 47:10 49:7 49:12 |
| proven(1) 56:17 | | remaining(2) 10:23 45:12 | | | | |
| proves(1) 49:12 | | reorganized(38) 3:48 6:18 8:1 14:16 15:4 15:7 18:6 19:12 20:17 20:19 20:23 27:13 28:5 28:14 28:20 28:23 34:18 38:15 38:18 38:24 40:25 41:4 41:8 41:23 44:3 44:15 45:5 48:2 49:2 49:23 50:6 50:12 50:24 51:17 51:21 59:24 61:1 61:2 61:8 | | scheme(1) 43:2 | | sixty-fifth(1) 5:11 |
| provide(4) 7:5 21:22 26:14 44:8 | | | | schedule(1) 8:10 | | sixty-third(1) 6:4 |
| provided(2) 45:13 49:8 | | | | scheduled(3) 7:2 7:19 7:22 | | skadden(1) 4:33 |
| provides(3) 29:11 44:5 45:21 | | | | schedules(1) 31:23 | | slate(1) 4:33 |
| providing(1) 55:16 | | | | schotz(2) 1:29 5:4 | | slater(1) 4:19 |
| provision(10) 25:1 35:5 40:14 43:4 43:12 49:7 53:23 54:2 60:11 62:4 | | | | schuylkill(1) 1:39 | | sole(1) 25:16 |
| | | | | scope(1) 52:2 | | solely(1) 46:2 |
| | | repeat(1) 53:22 | | second(9) 11:25 19:3 24:2 24:17 28:16 32:18 37:12 42:9 57:25 | | some(20) 8:12 9:13 10:8 11:10 14:6 15:13 15:14 16:10 17:15 19:12 20:7 21:12 23:3 29:18 39:4 47:18 48:23 55:22 60:24 61:8 |
| provisions(6) 43:1 43:16 43:17 43:23 45:1 46:14 | | repeatedly(1) 42:13 | | | | |
| | | replicate(1) 58:4 | | secondly(2) 23:13 60:13 | | |
| | | reply(1) 15:15 15:18 23:3 28:21 32:1 33:15 42:12 43:5 52:8 53:17 53:17 | | section(15) 16:21 33:20 39:12 39:12 39:18 40:19 41:6 44:25 45:1 45:3 45:13 49:25 50:2 50:3 61:24 | | somebody(5) 8:21 34:1 35:20 38:3 53:17 |
| proximate(1) 25:20 | | | | | | somehow(5) 52:10 59:10 59:23 |
| pull(1) 51:25 | | | | | | someone(1) 28:11 |
| purpose(5) 32:25 43:3 43:11 45:1 45:3 | | represented(2) 36:7 36:14 | | | | something(5) 17:4 17:20 30:19 34:20 47:20 49:11 52:15 52:22 53:11 53:19 56:18 |
| pursing(2) 15:24 16:9 | | requested(5) 14:8 18:23 34:16 52:5 62:23 | | see(10) 10:15 10:18 15:23 21:11 22:17 23:10 39:4 52:23 57:1 58:6 | | |
| pursue(2) 31:9 55:7 | | requesting(1) 18:7 | | | | |
| pursued(2) 31:25 48:1 | | require(3) 22:15 30:2 38:9 | | seek(2) 14:23 20:6 | | sometimes(1) 17:8 |
| pursuing(1) 53:14 | | reserved(1) 7:2 | | seeking(3) 18:10 34:8 35:7 | | somewhat(5) 55:14 62:3 |
| pushed(2) 29:6 30:22 | | resolution(4) 45:21 11:20 41:17 52:19 | | seem(2) 8:4 58:16 | | somewhere(1) 14:6 |
| put(12) 8:23 17:3 27:6 32:22 48:8 48:23 49:14 54:19 55:1 57:24 58:6 62:8 | | resolve(1) 27:2 | | seems(1) 55:3 | | sooner(1) 33:13 |
| | | resolved(2) 6:6 61:22 | | | | sorry(5) 6:13 27:23 35:20 41:23 57:23 |
| question(18) 11:11 11:22 12:13 13:2 14:2 16:6 17:18 18:14 32:18 33:1 38:1 41:18 55:22 56:2 56:2 56:5 61:10 61:25 | | resort(1) 62:12 | | | | sort(5) 16:9 25:21 27:8 30:12 52:12 |
| | | respect(26) 5:15 5:18 6:1 6:5 8:2 10:25 11:11 15:20 16:10 16:12 18:6 19:9 19:10 19:14 19:17 19:23 23:7 25:1 30:8 37:12 44:8 52:5 55:12 56:25 60:3 61:4 | | | | sought(5) 8:18 16:13 26:21 32:20 33:9 |
| | | | | | | sound(2) 1:44 63:12 |
| questions(5) 18:21 20:1 24:15 31:19 63:1 | | | | | | sounds(1) 51:15 |
| quite(2) 24:19 34:5 | | | | | | south(1) 2:35 |
| raise(3) 6:23 11:22 23:4 | | | | | | speak(2) 7:15 7:17 |
| raised(2) 33:15 61:25 | | respecting(1) 10:23 | | | | special(1) 4:32 |
| rate(1) 23:17 | | respects(2) 12:20 16:16 | | | | specific(9) 7:21 40:13 40:13 46:11 56:1 58:5 58:9 58:22 60:10 |
| rath(1) 2:13 | | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**specifically**(9) 23:22 27:21 34:24 35:6 35:8 39:16 40:2 44:10 58:3

**specified**(1) 40:17
**spend**(1) 9:19
**spending**(1) 9:21
**spent**(1) 36:19
**sperling**(1) 4:19
**split**(1) 50:14
**spoke**(1) 51:23
**stand**(3) 11:5 11:7 63:6
**standard**(2) 10:4 26:8
**standing**(2) 19:1 42:24
**stanley**(1) 19:17
**start**(3) 32:17 50:19 59:8
**starts**(1) 39:11
**stated**(3) 21:21 35:24 57:23
**statement**(3) 16:21 28:7 52:1
**statements**(1) 37:3
**states**(3) 1:1 1:19 30:6
**status**(1) 9:13
**statute**(1) 35:11
**statutory**(1) 35:5
**stay**(4) 19:4 19:5 19:6 59:21
**stayed**(2) 18:25 19:1
**step**(6) 11:18 15:3 19:10 38:14 58:2 58:22
**still**(9) 12:16 12:20 13:17 13:18 20:5 24:2 26:20 39:18 56:22

**stipulation**(1) 5:22
**stock**(20) 20:10 20:10 28:12 28:13 29:1 29:17 29:17 30:20 39:7 39:8 39:21 39:22 43:24 43:25 45:7 45:7 54:3 59:18 60:21 60:21
**stop**(2) 41:4 56:23
**stopped**(1) 54:2
**straightforward**(1) 24:23
**strauss**(3) 2:5 3:26 10:19
**street**(8) 1:11 1:25 1:39 2:15 2:22 2:29 45:17 45:21

**strong**(1) 57:17
**struggle**(1) 10:8
**sub**(1) 6:6
**submission**(1) 62:23
**submissions**(2) 8:4 18:1
**submitted**(2) 39:25 59:13
**submitting**(1) 6:8
**subordinated**(2) 22:12 24:5
**subordination**(4) 23:6 23:11 23:11 24:2
**subsequently**(1) 14:13
**subsidiaries**(1) 28:25
**subsidiary**(12) 13:5 19:22 21:3 22:4 22:5 22:12 23:15 24:1 24:3 24:5 24:6 33:16

**substantial**(4) 7:23 7:24 8:13 9:6
**substantive**(2) 11:19 20:15
**substitute**(2) 27:24 34:11
**substituted**(7) 18:10 19:10 19:16 19:19 20:19 61:11 61:15

**substitution**(9) 6:18 22:9 22:15 22:21 24:8 32:21 33:24 34:18 61:14

**success**(17) 13:19 19:20 20:11 21:1 27:15 28:18 39:10 40:18 40:19 44:11 45:9 45:25 54:23 55:24 57:20 59:16 60:16

**such**(2) 31:5 54:25
**sued**(7) 26:18 30:5 30:9 30:11 33:7 50:8 50:10

**suggest**(2) 48:7 59:25
**suggesting**(3) 11:24 57:8 57:12
**suggestion**(1) 15:16
**suit**(2) 33:8 34:4
**suite**(3) 1:32 2:29 2:41
**suits**(2) 33:22 34:1
**superfluous**(1) 28:9

**support**(1) 50:15
**suppose**(2) 13:11 17:5
**sure**(6) 5:7 7:4 18:4 33:7 48:1 51:8
**surrounding**(3) 43:1 43:16 45:1
**sustain**(2) 12:15 13:23
**sustainable**(1) 16:7
**sustained**(1) 12:25
**sustains**(1) 32:20
**sync**(1) 5:10
**table**(2) 14:12 55:14
**take**(8) 21:18 22:1 22:20 38:9 47:14 52:4 53:7 55:4

**taken**(1) 15:20
**taking**(1) 18:6
**talk**(3) 9:20 16:23 16:24
**talked**(1) 9:18
**talking**(4) 16:19 20:21 52:2 56:23
**tammy**(1) 63:16
**tangible**(1) 34:3
**tax**(4) 6:10 20:13 20:14 21:6
**technically**(3) 5:22 6:7 18:12
**teed**(2) 9:1 9:25
**telephonic**(3) 2:45 3:1 4:1
**tell**(6) 8:24 10:1 30:9 51:9 51:11 51:12
**tells**(1) 30:10
**ten**(1) 6:15
**ten-page**(1) 34:5
**tend**(1) 61:25
**tenth**(1) 5:13
**term**(2) 25:9 27:20 46:25
**terminated**(5) 21:14 26:10 29:10 29:11 29:16

**termination**(3) 21:16 21:17 26:6
**terms**(5) 6:10 9:2 45:19 46:4 46:16
**test**(13) 29:21 41:13 41:15 41:20 41:25 42:2 44:22 44:23 45:2 48:21 48:22 49:5 50:13
**text**(1) 43:1
**than**(12) 8:12 9:18 26:14 26:20 27:14 28:19 29:25 30:2 35:24 38:10 54:21 57:19

**thank**(19) 10:13 10:15 18:17 18:19 32:8 33:6 35:13 35:14 36:1 36:5 37:8 51:1 51:2 53:21 58:18 59:3 59:7 61:20 63:5

**that**(301) 5:12 5:23 5:23 5:24 6:21 7:1 7:3 7:3 7:4 7:6 7:7 7:15 7:19 7:19 7:20 7:21 7:21 7:22 7:22 8:1 8:5 8:7 8:9 8:10 8:11 8:12 8:13 8:19 8:22 9:2 9:4 9:8 9:13 9:14 9:14 10:5 10:5 10:7 10:9 11:11 11:14 11:17 11:22 11:22 11:24 11:25 12:2 12:3 12:4 12:5 12:5 12:6 12:9 12:14 13:5 13:11 13:23 14:1 14:5 14:5 14:7 14:9 14:12 14:13 14:14 14:15 14:19 14:25 15:5 15:15 15:16 15:19 15:21 15:22 15:22 15:23 15:24 16:1 16:1 16:8 16:13 16:14 16:18 16:26 16:21 17:6 17:7 17:18 17:20 17:22 18:11 19:1 19:8 19:11 19:15 19:18 19:24 20:2 20:8 20:14 20:15 20:16 20:21 20:25 21:14 21:15 21:19 21:23 21:24 21:25 22:4 22:4 22:6 22:8 22:8 22:11 22:12 22:13 22:21 22:22 22:22 22:23 23:1 23:4 23:8 23:13 23:24 23:17 23:21 23:22 23:23 23:23 24:5 24:7 24:8 24:9 24:11 24:15 24:20 24:21 25:10 25:14 25:15 25:16 25:17 25:19 25:23 25:24 26:1 26:2 26:2 26:4 26:6 26:8 26:9 26:13 26:14 26:15 26:16 26:19 26:20 26:22 26:25 27:4 27:9 27:10 27:10 27:12 27:18 27:25 27:25 28:2 28:6 28:7 28:9 28:11 28:13 28:16 28:20 28:22 28:23 29:5 29:9 29:10 29:15 29:21 29:25 30:1 30:2 30:5 30:6 30:6 30:8 30:9 30:10 30:13 30:16 31:4 31:6 31:7 31:9 31:21 32:2 32:15 32:18 32:21 32:24 32:25 33:9 33:12 33:13 33:14 33:18 33:22 34:1 34:2 34:3 34:6 34:8 34:11 34:12 34:20 35:4 35:5 35:9 35:11 35:19 36:18 37:4 37:5 37:6 37:21 37:22 38:16 38:23 39:1 39:12 39:12 39:14 39:15 39:17 40:1 40:1 40:3 40:3 40:4 40:5 40:6 40:6 40:6 40:7 40:8 40:14 40:22 40:25 41:20 41:21 41:21 42:3 42:4 42:12 42:16 42:19 42:23 43:4 43:5 43:12 43:20 43:22 43:23 44:5 44:13 44:22 45:4 45:12 45:13 45:13 45:14 45:17 45:20 45:22 45:24 46:1 46:2 46:10 46:13 46:22 46:25 47:1 47:1 47:5 47:8 47:12 47:20

**that**(130) 47:23 48:1 48:1 48:5 48:7 48:8 48:13 48:19 48:21 48:23 49:1 49:2 49:3 49:5 49:6 49:7 49:7 49:8 49:8 49:11 49:14 49:15 49:16 49:20 49:20 49:20 50:1 50:1 50:3 50:3 50:4 50:7 50:9 50:11 50:14 50:15 50:16 50:19 50:20 50:21 50:22 50:23 51:19 51:22 51:24 52:4 52:9 52:9 52:10 52:15 52:16 52:17 52:21 53:2 53:6 53:8 53:11 53:17 53:18 54:2 54:3 54:14 54:16 54:16 54:19 54:25 54:7 55:12 55:17 55:21 55:23 55:23 55:25 56:2 56:2 56:4 56:8 56:9 56:15 56:18 57:2 57:3 57:5 57:6 57:9 57:10 57:12 57:13 57:16 57:17 57:20 57:20 57:22 57:25 58:1 58:3 58:6 58:9 58:15 58:21 58:21 58:25 59:9 59:10 59:11 59:18 59:24 60:1 60:4 60:6 60:7 60:15 60:18 60:19 60:25 61:3 61:6 61:8 61:9 61:11 61:13 61:14 61:21 62:4 62:18 62:24 63:6 63:11

**that's**(70) 6:1 6:3 6:11 6:21 8:8 15:1 16:15 16:25 17:4 17:10 18:13 19:21 20:20 21:20 22:14 25:4 25:23 26:12 27:8 27:17 31:18 32:23 33:9 33:12 33:17 33:21 34:16 35:16 36:4 37:24 38:2 38:8 38:9 39:23 40:16 40:23 41:5 41:15 41:22 42:8 43:12 43:14 44:13 45:2 45:12 46:4 48:11 48:21 49:11 50:20 50:24 50:25 51:18 52:6 52:7 53:19 54:22 55:22 56:4 56:18 56:9 56:10 56:10 57:18 58:5 59:1 61:19 61:23 62:10 62:23

**the**(301) 1:1 1:2 1:18 5:2 5:4 5:5 5:7 5:7 5:9 5:10 5:11 5:13 5:17 5:20 5:23 5:25 6:2 6:4 6:7 6:9 6:10 6:10 6:10 6:12 6:14 6:15 6:17 6:17 6:18 6:18 6:21 6:22 6:24 6:24 6:25 6:25 7:1 7:3 7:5 7:7 7:9 7:10 7:12 7:17 7:20 7:21 7:25 8:1 8:4 8:6 8:6 8:7 8:8 8:10 8:10 8:10 8:12 8:15 8:15 8:20 8:20 8:22 8:24 8:25 9:3 9:4 9:5 9:5 9:5 9:8 9:12 9:15 9:17 9:18 9:20 9:23 10:1 10:3 10:5 10:6 10:9 10:10 10:12 10:14 10:15 10:19 10:20 10:22 10:23 10:25 11:1 11:4 11:4 11:5 11:7 11:8 11:8 11:9 11:9 11:10 11:12 11:12 11:14 11:14 11:16 11:16 11:17 11:18 11:20 11:21 11:23 11:24 11:25 12:2 12:3 12:3 12:4 12:8 12:12 12:13 12:15 12:16 12:17 12:17 12:19 12:21 12:24 13:2 13:2 13:3 13:5 13:5 13:7 13:7 13:10 13:12 13:14 13:20 13:22 13:25 14:1 14:3 14:7 14:9 14:11 14:12 14:14 14:14 14:15 14:16 14:16 14:17 14:18 14:19 14:19 14:19 14:21 14:24 14:25 15:1 15:4 15:5 15:5 15:7 15:11 15:12 15:15 15:15 15:17 15:18 15:19 15:20 15:22 15:22 15:23 16:1 16:3 16:5 16:6 16:7 16:8 16:11 16:11 16:12 16:14 16:15 16:17 16:18 16:19 16:21 16:22 16:23 16:23 16:24 16:24 16:25 17:1 17:3 17:8 17:9 17:12 17:12 17:22 17:25 18:1 18:2 18:5 18:5 18:6 18:7 18:8 18:10 18:13 18:14 18:15 18:16 18:16 18:17 18:18 18:20 18:21 18:23 18:24 19:1 19:3 19:4 19:4 19:5 19:6 19:6 19:6 19:7 19:9 19:10 19:12 19:15 19:16 19:16 19:18 19:19 19:22 19:22 19:23 20:1 20:2 20:2 20:3 20:4 20:9 20:9 20:9 20:14 20:14 20:14 20:16 20:17 20:17 20:17 20:18 20:21 20:23 20:25 20:25 21:1 21:1 21:2 21:3 21:5 21:5 21:5 21:6 21:7 21:10 21:13 21:15 21:17 21:18 21:19 21:21 21:23 21:24 22:1 22:2 22:3 22:5 22:6 22:6 22:7 22:8 22:13 22:16 22:16

| Word | Page:Line |
|---|---|
| **the(301)** | 22:17 22:17 22:18 22:19 22:19 22:20 22:20 22:22 22:22 22:25 22:25 23:1 23:1 23:3 23:4 23:5 23:6 23:7 23:8 23:10 23:10 23:14 23:16 23:17 23:18 23:18 23:19 23:21 23:22 23:23 24:1 24:2 24:3 24:4 24:6 24:6 24:9 24:10 24:10 24:11 24:13 24:14 24:16 24:17 24:18 24:21 24:21 24:22 24:23 24:25 25:1 25:3 25:4 25:6 25:8 25:10 25:11 25:11 25:12 25:14 25:16 25:17 25:18 25:18 25:22 25:23 25:25 26:2 26:3 26:7 26:9 26:11 26:14 26:15 26:17 26:18 26:19 26:19 26:21 26:22 26:22 26:23 26:24 26:25 27:1 27:1 27:2 27:2 27:3 27:4 27:6 27:7 27:8 27:8 27:9 27:10 27:10 27:12 27:12 27:13 27:13 27:15 27:19 27:19 27:20 27:21 27:21 27:25 28:1 28:2 28:2 28:5 28:7 28:7 28:10 28:11 28:12 28:13 28:13 28:14 28:16 28:16 28:17 28:18 28:19 28:20 28:20 28:21 28:22 28:22 28:24 28:25 29:3 29:4 29:5 29:5 29:6 29:6 29:8 29:11 29:13 29:15 29:17 29:17 29:20 29:20 29:22 29:23 29:23 29:25 30:4 30:5 30:6 30:8 30:9 30:10 30:10 30:11 30:11 30:15 30:16 30:16 30:16 30:18 30:19 30:20 30:21 30:22 30:23 30:24 30:24 30:25 30:25 31:1 31:1 31:3 31:4 31:5 31:6 31:7 31:7 31:8 31:9 31:11 31:14 31:14 31:15 31:15 31:16 31:16 31:17 31:20 31:22 31:23 31:24 31:24 32:2 32:4 32:6 32:9 32:9 32:10 32:10 32:14 32:19 32:19 32:20 32:21 32:23 32:25 32:25 33:4 33:8 33:8 33:9 33:14 33:15 33:16 33:20 33:21 33:23 33:25 33:25 34:4 34:4 34:9 34:13 34:14 34:15 34:16 34:18 34:18 35:1 35:2 35:2 35:3 35:7 35:8 35:10 35:13 35:15 35:15 35:16 35:17 35:21 35:25 36:1 36:2 36:4 36:6 36:12 36:13 36:13 36:17 36:18 36:20 36:20 36:23 36:23 37:2 37:2 37:4 37:5 37:8 37:12 37:14 37:14 37:18 37:18 37:19 37:19 37:21 37:24 38:1 38:2 38:3 38:4 38:5 38:6 38:7 38:8 38:9 38:10 38:11 38:12 38:13 38:14 38:14 38:14 38:15 38:17 38:18 38:18 38:18 38:20 |
| **the(301)** | 38:20 38:21 38:23 38:23 38:24 38:25 39:1 39:4 39:6 39:9 39:11 39:12 39:13 39:15 39:15 39:15 39:16 39:17 39:18 39:20 39:21 39:25 40:1 40:5 40:7 40:8 40:9 40:11 40:13 40:13 40:17 40:19 40:21 40:22 40:23 40:23 40:25 40:25 41:1 41:4 41:4 41:5 41:8 41:9 41:10 41:11 41:13 41:15 41:15 41:16 41:16 41:17 41:18 41:20 41:20 41:21 41:22 41:22 41:22 41:23 41:24 41:25 42:1 42:4 42:4 42:5 42:6 42:6 42:7 42:8 42:9 42:10 42:12 42:12 42:18 42:19 42:21 42:21 42:22 42:24 43:1 43:1 43:2 43:3 43:3 43:4 43:5 43:6 43:10 43:11 43:11 43:11 43:13 43:14 43:14 43:16 43:21 43:22 43:23 43:24 44:1 44:2 44:3 44:4 44:5 44:8 44:9 44:10 44:10 44:13 44:14 44:15 44:16 44:17 44:19 44:20 44:20 44:21 44:21 44:22 44:23 44:23 44:25 44:25 45:1 45:2 45:3 45:3 45:4 45:5 45:6 45:8 45:10 45:11 45:12 45:13 45:14 45:15 45:17 45:17 45:18 45:22 45:22 45:23 45:24 45:25 45:25 46:3 46:3 46:4 46:5 46:5 46:5 46:7 46:7 46:7 46:13 46:14 46:14 46:14 46:16 46:16 46:17 46:17 46:20 46:20 46:21 46:21 46:22 46:24 46:24 46:25 47:1 47:3 47:5 47:6 47:7 47:8 47:10 47:11 47:13 47:13 47:14 47:17 47:18 47:22 47:24 48:2 48:4 48:7 48:8 48:9 48:9 48:11 48:12 48:15 48:16 48:17 48:19 48:21 48:21 48:22 48:22 48:24 48:24 48:25 49:1 49:5 49:8 49:9 49:10 49:10 49:10 49:20 49:20 49:23 49:23 49:24 49:25 49:25 50:1 50:2 50:4 50:5 50:7 50:9 50:9 50:11 50:12 50:15 50:16 50:17 50:18 50:20 50:23 50:24 50:25 51:1 51:3 51:6 51:6 51:10 51:14 51:16 51:16 51:20 51:21 52:1 52:3 52:6 52:8 52:8 52:9 52:11 52:12 52:14 52:17 52:19 52:21 52:24 52:3 53:3 53:4 53:5 53:24 54:1 54:1 54:3 54:4 54:5 54:7 54:8 54:13 54:16 54:16 54:18 54:18 54:21 54:22 54:22 54:24 54:25 54:25 55:1 55:4 |

| Word | Page:Line |
|---|---|
| **then(15)** | 6:14 10:4 10:6 12:5 13:4 14:22 20:12 27:7 33:25 36:12 36:23 41:11 45:15 52:7 56:23 |
| **theories(2)** | 20:7 20:7 |
| **there(39)** | 7:18 7:25 8:13 8:18 12:21 14:12 15:5 20:5 20:12 24:4 26:1 26:5 28:9 29:8 29:9 29:19 29:24 30:8 30:12 32:4 34:2 34:21 35:15 40:13 42:19 47:24 47:25 48:4 50:10 52:3 53:8 53:17 54:9 55:6 56:2 60:25 61:8 62:25 63:3 |
| **therefore(4)** | 22:8 23:16 40:21 60:7 |
| **there's(21)** | 7:24 8:12 10:3 13:3 13:4 15:16 15:21 15:23 16:23 19:18 19:21 25:14 26:7 40:15 50:15 53:12 54:1 54:24 55:24 56:1 57:17 |
| **these(58)** | 8:11 8:19 10:3 10:4 13:15 15:7 16:8 16:10 16:18 16:19 17:19 17:23 18:9 18:25 23:24 24:9 24:19 24:24 25:12 26:3 26:4 26:6 26:11 26:15 26:17 27:18 28:5 28:24 29:2 29:15 29:16 30:17 33:22 34:1 38:17 40:2 40:14 41:25 45:18 47:10 47:23 48:20 49:1 49:19 52:19 54:3 54:7 54:13 54:15 55:5 55:7 55:11 57:11 57:21 62:14 62:20 62:22 |
| **they(99)** | 8:21 8:23 11:19 12:1 12:5 13:16 13:18 14:24 16:4 16:24 17:1 17:2 17:16 17:19 17:20 18:11 20:6 21:14 21:24 24:5 25:1 25:13 25:13 25:15 25:16 26:1 26:9 27:10 28:19 29:1 29:2 29:16 29:18 30:20 33:10 34:11 38:18 38:23 38:23 40:1 40:6 40:7 40:21 40:22 41:2 42:1 42:2 42:2 42:16 43:7 43:7 43:8 43:9 43:9 43:13 43:13 43:15 43:21 44:2 44:3 44:12 44:12 44:14 44:15 44:15 44:19 44:23 44:12 44:24 46:1 46:2 46:9 47:22 47:25 48:2 48:6 48:10 48:19 48:21 48:25 49:2 49:2 49:5 50:24 52:8 52:12 53:18 55:21 59:24 60:7 60:8 60:9 60:17 60:23 60:24 61:12 62:7 |
| **they'd(1)** | 48:3 |
| **they're(14)** | 7:20 9:9 14:21 14:22 18:12 18:13 24:12 24:12 27:11 41:2 43:12 45:16 49:4 61:16 |
| **they've(2)** | 49:21 50:6 |
| **thing(6)** | 6:22 25:22 25:22 38:8 42:16 42:16 |
| **things(11)** | 8:8 11:5 11:7 16:18 16:19 17:23 18:9 29:21 45:18 54:15 56:19 |
| **think(91)** | 7:12 8:6 8:25 9:1 9:3 9:9 9:10 9:16 9:20 10:2 10:5 11:11 14:3 15:11 15:12 16:12 16:17 16:20 16:25 17:15 17:17 18:8 18:10 18:13 18:15 18:20 20:13 22:13 22:21 22:22 23:10 23:14 24:7 24:22 25:11 25:13 25:24 26:13 26:14 26:24 27:17 27:18 27:25 28:16 29:13 32:17 33:18 34:17 35:10 37:16 37:18 38:8 45:20 45:23 46:13 46:25 48:3 48:23 50:10 51:20 52:1 52:11 52:15 52:18 52:20 52:23 53:5 53:11 53:15 53:23 54:24 56:14 56:22 56:23 56:24 56:24 56:25 57:9 57:13 57:17 58:8 58:8 59:1 60:13 61:23 62:6 62:19 |
| **thinking(1)** | 56:6 |
| **thinks(1)** | 51:12 |
| **third(3)** | 10:3 19:9 42:20 |

| Word | Page:Line |
|---|---|
| **this(99)** | 7:23 8:5 8:7 9:10 10:24 11:8 12:6 12:7 12:11 12:15 13:20 14:8 14:10 15:8 17:16 18:15 20:6 21:23 22:10 22:14 22:17 22:23 23:24 26:5 27:11 27:14 28:17 29:10 29:13 29:14 30:17 30:21 31:3 31:18 31:20 33:11 33:12 33:24 34:3 34:4 34:2 34:19 34:24 35:1 35:9 35:18 37:9 38:5 39:11 39:24 40:9 41:6 41:17 44:22 44:23 45:20 46:3 46:11 47:25 48:23 49:11 49:19 52:10 52:13 52:18 52:20 54:6 54:8 54:9 54:10 54:18 54:20 55:6 55:14 55:17 55:18 55:18 55:19 56:1 56:21 57:12 57:14 57:14 57:18 57:22 58:14 58:16 58:22 58:22 58:24 59:9 61:25 62:2 62:8 62:11 62:18 62:21 63:6 |
| **thomas(1)** | 3:13 |
| **those(69)** | 5:16 5:19 6:6 7:4 8:8 8:9 11:18 13:19 13:22 13:23 14:13 14:17 14:20 14:23 15:24 16:9 17:25 18:10 18:21 20:1 20:10 20:20 20:21 20:24 23:4 26:21 27:14 28:10 28:14 29:7 30:6 30:10 31:9 32:2 33:17 34:15 35:17 36:6 37:5 37:7 39:4 39:7 39:13 39:21 39:22 40:18 40:20 41:8 41:9 43:3 43:17 44:11 44:12 44:12 45:11 46:1 46:4 46:8 49:22 50:5 50:8 50:8 50:14 50:23 55:25 60:20 60:24 61:1 61:2 |
| **though(3)** | 47:9 49:6 50:7 |
| **thought(6)** | 37:14 37:15 37:16 51:25 53:13 61:14 |
| **thoughts(1)** | 9:14 |
| **three(29)** | 5:17 20:16 21:15 21:16 28:2 28:5 28:14 28:20 28:22 29:7 29:17 39:21 40:2 40:14 41:1 41:6 41:12 42:15 42:15 43:21 44:4 47:14 48:19 49:10 50:4 54:3 54:16 60:20 61:1 |
| **threshold(1)** | 62:2 |
| **through(5)** | 5:6 8:4 8:8 8:10 62:11 |
| **throughout(1)** | 42:12 |
| **thursday(1)** | 5:1 |
| **tight(1)** | 25:21 |
| **time(23)** | 7:12 8:6 8:8 8:11 9:13 14:12 15:12 22:12 22:24 27:1 28:24 29:6 29:6 35:10 36:19 37:17 38:2 38:10 46:21 52:6 56:16 60:2 60:23 |
| **timeframe(1)** | 20:9 |
| **times(4)** | 21:15 21:16 39:25 53:6 |
| **timothy(4)** | 2:39 3:38 22:2 32:11 |
| **tip(1)** | 18:20 |
| **today(13)** | 5:5 11:23 17:6 18:6 22:21 23:8 32:24 34:16 42:5 52:25 53:23 62:1 63:3 |
| **together(2)** | 49:15 58:6 |
| **tolling(1)** | 19:17 |
| **too(3)** | 30:23 47:9 49:12 |
| **took(3)** | 15:6 52:25 60:14 |
| **top(1)** | 26:16 |
| **touchstone(1)** | 44:13 |
| **touted(1)** | 24:10 |
| **tower(1)** | 2:9 |
| **to'(1)** | 47:15 |
| **transaction(3)** | 46:3 46:3 46:11 |
| **transactions(2)** | 33:21 35:8 |
| **transcriber(1)** | 63:16 |
| **transcript(3)** | 1:17 1:45 63:12 |
| **transcription(2)** | 1:38 1:45 |
| **transfer(8)** | 20:7 20:12 41:7 41:10 44:9 50:4 61:7 61:16 |
| **transferred(1)** | 33:25 |
| **transfers(8)** | 13:17 33:9 35:8 39:3 39:6 39:6 39:16 44:19 |

**TRIBUNE COMPANY 5.14.13.FLR.DOC**

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**transition**(33) 13:4 13:20 16:13 16:20 20:12 21:5 21:10 23:22 24:19 25:25 26:18 28:6 28:18 29:8 30:14 31:8 31:22 38:21 38:22 39:9 40:4 41:18 44:6 44:18 45:15 46:5 49:16 50:11 50:17 59:9 59:22 60:5 60:16
**transpired**(1) 60:18
**treatment**(1) 14:23
**tribune**(9) 1:7 2:47 10:21 19:23 23:23 23:25 28:24 39:2 59:14

**tribune's**(1) 31:10
**trigger**(1) 44:14
**triggered**(4) 26:1 47:10 49:9 55:2
**troubled**(1) 33:4
**true**(4) 35:4 50:7 52:7 57:5
**trumped**(1) 50:2
**trust**(18) 8:2 8:3 9:7 10:21 13:22 21:2 22:8 22:25 23:4 23:5 24:21 24:22 31:8 31:9 59:12 59:17 59:23 61:6

**trustee**(32) 2:4 3:26 10:20 14:18 16:15 18:7 18:16 18:23 19:3 19:9 19:16 19:19 38:10 38:20 40:1 40:12 40:22 44:20 42:19 43:6 43:14 44:2 44:16 49:24 50:1 50:25 51:21 55:1 55:4 61:5 62:14

**trustees**(1) 41:10
**trustee's**(8) 6:22 10:22 38:6 38:25 39:4 42:5 49:1 60:4

**try**(4) 14:4 18:20 38:7 52:9
**trying**(3) 9:8 40:1 59:1
**turn**(4) 10:14 20:2 32:10 36:12
**turning**(1) 43:23
**twenty-fourth**(1) 5:17
**twenty-seventh**(1) 5:20
**two**(40) 5:13 7:22 7:25 8:13 9:3 10:25 11:4 11:12 11:18 11:20 12:22 16:9 16:14 19:10 20:2 34:10 35:7 35:11 35:15 36:14 37:4 37:7 38:15 40:17 41:8 41:12 43:19 44:9 44:11 46:2 48:24 49:11 53:8 53:8 54:3 54:7 58:2 58:22 59:11 59:17

**type**(1) 44:22
**types**(6) 39:5 39:6 40:2 41:6 49:12 50:4
**ucc**(2) 33:8 57:3
**ultimately**(7) 34:1 34:14 34:20 34:22 35:10 46:20 55:3

**unaltered**(1) 57:3
**unclear**(1) 8:17
**under**(29) 10:2 13:18 20:6 20:25 21:24 22:5 22:6 22:25 23:18 24:24 25:17 27:19 27:20 30:1 31:4 34:8 35:2 38:13 38:18 39:13 39:17 40:9 40:13 41:3 41:16 41:20 44:3 49:5 62:24

**underlies**(2) 55:24 55:25
**underlying**(2) 20:15 22:16
**underpinnings**(1) 54:25
**understand**(6) 12:22 13:12 27:11 48:13 57:2 62:25

**understanding**(1) 14:5
**unfiled**(1) 60:1
**unfounded**(1) 22:24
**unit**(1) 28:13
**united**(2) 1:1 1:19
**units**(6) 20:10 29:17 39:8 39:22 43:25 45:7
**universe**(1) 47:25
**unknown**(2) 32:5 35:19
**unless**(2) 24:14 31:19
**unpaid**(1) 24:4
**unsecured**(6) 23:17 23:25 24:11 30:25

**until**(2) 19:6 19:7
**upon**(5) 41:20 44:23 46:2 46:10 62:23
**urge**(2) 31:7 49:14

**use**(5) 42:8 42:16 43:15 45:11 47:14
**used**(3) 29:24 40:23 42:4
**uses**(1) 42:13
**vail**(1) 4:29
**value**(19) 15:24 54:21 54:21 55:12 55:13 55:16 55:23 55:23 55:24 55:25 56:3 56:8 56:9 56:10 56:15 57:18 57:19 57:21 59:10

**variety**(1) 14:11
**various**(2) 27:1 54:14
**very**(21) 10:17 10:24 13:21 13:21 21:13 21:13 21:22 23:8 25:19 25:21 26:11 40:9 42:2 47:22 51:1 57:18 57:19 57:21 59:7 60:3 63:5

**vested**(3) 29:3 29:3 60:22
**view**(3) 11:24 12:5 18:15
**viewed**(2) 46:16 62:11
**viewpoint**(1) 57:23
**vine**(1) 35:1
**vis-à-vis**(1) 58:21
**von**(1) 5:18
**wacker**(1) 2:35
**wait**(1) 52:3
**walk**(1) 43:7
**walker**(1) 6:1
**waller**(1) 6:2
**want**(13) 12:12 16:9 18:1 37:19 43:15 43:15 47:19 48:1 49:6 51:7 52:4 56:1 56:6
**wanted**(7) 7:3 7:17 22:20 32:24 51:22 52:23 57:25

**wants**(2) 29:14 32:15
**wardwell**(1) 4:14
**was**(71) 5:11 5:13 5:21 9:15 10:7 11:23 12:2 12:7 13:2 14:11 14:12 14:12 18:25 19:1 19:8 19:23 20:12 21:10 21:12 21:15 26:8 28:9 29:4 29:8 29:9 29:19 30:8 30:24 32:18 33:4 34:7 37:17 42:6 42:19 42:21 42:22 42:23 43:8 46:7 46:8 46:17 46:18 46:20 46:22 47:1 47:10 48:4 48:10 48:22 49:7 49:8 51:17 51:19 51:25 52:24 53:17 55:2 55:13 55:17 56:3 56:16 57:14 57:15 58:1 58:10 58:25 59:10 59:21 61:14 61:25 63:8

**washington**(1) 1:26
**wasn't**(5) 14:25 32:25 51:24 52:16 52:17
**waste**(1) 22:24
**watershed**(2) 46:17 62:17
**way**(14) 17:15 33:5 47:6 50:20 52:8 54:7 54:25 55:8 56:13 57:3 57:12 57:13 57:13 62:8
**ways**(1) 47:21
**week**(1) 9:9
**weigh**(2) 15:14 30:16
**weighed**(3) 15:7 15:9 58:14
**weighs**(1) 31:6
**weight**(1) 18:11
**weitman**(1) 2:50
**well**(49) 9:8 10:2 11:4 11:21 12:24 13:3 14:9 15:9 15:11 15:13 15:17 15:19 16:3 17:3 17:9 17:14 17:17 17:25 24:7 26:25 27:7 27:21 31:11 31:17 38:2 44:7 45:19 47:2 47:21 47:24 48:7 48:14 51:14 51:24 52:3 52:7 52:14 52:16 52:23 53:1 53:3 53:7 53:12 54:1 56:22 57:5 57:16 58:4 58:11
**well-pled**(1) 34:6
**wells**(1) 5:15
**went**(1) 37:14

**were**(54) 12:15 12:22 14:7 16:4 18:25 20:8 20:17 21:7 21:14 21:22 23:13 23:17 24:4 24:10 26:1 28:14 28:20 28:22 28:23 28:24 29:2 29:2 29:7 29:15 30:11 35:15 37:6 37:17 39:1 39:7 42:19 42:21 46:1 46:2 46:2 46:5 46:6 46:8 46:9 46:10 46:11 47:22 48:15 48:18 53:13 53:18 54:15 54:16 54:17 55:7 60:17 60:21 60:22 60:23

**west**(1) 2:29
**we'll**(4) 5:22 6:7 21:3 47:14
**we're**(25) 5:10 7:7 8:20 9:4 9:4 9:7 10:22 12:4 18:9 20:21 27:25 28:3 33:16 34:23 34:25 35:11 43:23 48:5 49:3 49:3 51:18 53:19 55:6 56:22 59:1

**we've**(9) 14:14 15:20 25:23 35:24 41:11 45:22 52:2 57:23 58:6

**what**(65) 7:5 8:25 10:5 10:7 17:10 17:22 17:23 18:5 18:15 18:20 22:9 27:10 27:11 29:12 29:22 30:9 30:20 30:23 32:17 33:19 33:19 34:9 34:25 35:24 35:24 38:7 38:9 40:11 41:13 42:15 42:23 42:25 43:3 43:6 43:9 43:17 44:8 44:11 45:24 46:4 47:6 48:9 48:10 48:11 49:3 50:16 50:22 51:8 51:11 51:17 51:18 51:24 52:1 52:2 52:18 52:24 53:25 54:8 54:9 54:13 55:13 56:24 57:9 57:10 58:3

**whatever**(3) 17:8 48:2 50:22
**what's**(10) 7:2 7:15 18:14 35:6 44:18 45:6 53:1 55:13 55:21 58:23
**when**(16) 9:19 16:21 17:17 26:6 29:8 33:13 34:14 40:9 40:10 42:23 46:21 47:19 48:10 52:14 54:15 56:16

**where**(5) 15:15 17:21 35:10 41:5 60:20
**whereas**(1) 29:17
**whereupon**(1) 63:8
**whether**(21) 8:21 11:23 16:6 16:7 17:19 33:15 33:17 36:6 37:17 38:21 41:14 41:14 41:18 45:20 48:6 48:20 49:4 55:11 57:21 62:13 62:15
**which**(48) 9:15 12:22 17:1 17:2 17:5 18:10 19:4 19:13 23:19 24:10 24:17 25:4 25:9 25:18 28:7 29:6 31:22 31:23 31:24 32:1 32:19 33:20 34:9 35:7 42:20 44:1 45:16 45:18 46:20 47:15 49:25 50:14 55:6 56:16 56:17 56:19 57:3 57:11 57:25 58:20 59:15 59:15 59:16 59:21 60:1 60:21 61:24 62:11

**while**(5) 10:16 10:17 14:4 19:21 28:24
**who**(20) 11:17 11:24 12:6 13:19 21:7 22:19 24:18 26:17 30:11 30:18 30:22 31:1 31:3 31:4 31:5 36:7 37:15 48:4 50:17 62:5
**whole**(3) 43:11 45:2 45:3
**who've**(1) 58:14
**why**(8) 48:23 50:3 52:21 53:13 53:19 57:14 59:22 62:6

**will**(22) 6:7 9:10 10:1 12:9 14:17 14:20 24:7 22:22 23:9 23:11 28:15 33:14 34:3 34:21 34:22 46:23 47:7 56:7 56:18 61:12 63:6

**willette**(1) 5:21
**wilmington**(10) 1:12 1:33 2:16 2:23 2:30 2:42 5:1 8:2 8:3 9:7

**winerman**(1) 4:35
**wish**(2) 35:17 36:8
**wishes**(1) 31:15
**wisler**(1) 2:28
**wit**(1) 60:11

**with**(88) 5:10 5:14 5:18 5:21 6:1 6:4 6:10 6:21 6:24 6:24 7:5 7:21 8:2 8:3 8:5 8:19 9:20 10:8 10:9 10:10 11:8 11:17 12:3 14:24 15:8 15:20 16:10 16:12 16:14 18:6 18:16 18:16 19:9 19:10 19:13 19:14 19:17 19:17 19:23 20:9 20:20 21:3 23:7 25:8 26:21 27:6 30:8 30:10 30:23 32:3 32:16 32:17 37:12 40:6 42:16 42:24 43:3 43:6 43:8 43:16 44:8 44:17 44:24 47:8 49:3 49:23 49:23 50:5 50:19 51:17 52:4 54:6 54:20 55:18 56:4 56:12 56:25 57:1 57:16 57:18 57:19 58:13 59:8 59:21 60:3 60:14 61:4 62:12

**withdrawn**(1) 5:14
**within**(4) 10:7 45:21 52:6 62:20
**without**(10) 14:17 14:21 18:13 32:7 39:14 39:18 39:20 43:21 46:9 61:13

**with'**(1) 54:11
**won't**(4) 5:24 38:3 47:17 51:15
**words**(5) 27:24 29:23 55:2 59:20 62:20
**work**(1) 58:7
**worked**(3) 11:12 14:8 22:4
**working**(1) 28:24
**works**(1) 50:20
**worry**(1) 51:12
**worse**(1) 57:14
**would**(57) 6:23 6:23 8:5 8:25 9:16 12:16 12:17 12:20 13:17 13:18 13:22 14:23 14:24 15:11 15:17 16:9 17:16 17:16 19:24 21:23 21:24 23:16 24:2 24:11 26:4 26:12 28:8 29:16 29:18 30:1 30:2 30:15 31:7 31:13 31:21 33:11 33:24 34:8 34:20 37:2 37:6 38:15 38:16 47:5 47:22 49:15 50:14 51:16 51:20 52:23 53:5 53:7 53:16 59:25 60:24 62:1 62:20

**wouldn't**(4) 15:3 15:11 48:3 53:10
**write**(2) 24:9 32:1
**writing**(1) 52:22
**wrong**(5) 22:24 27:17 37:22 40:5 50:20
**wtc's**(1) 7:23
**www.diazdata.com**(1) 1:42
**year**(1) 21:17
**years**(4) 21:16 55:8 56:3 60:22
**yes**(14) 6:13 7:9 9:23 13:7 13:8 13:10 16:5 29:20 36:16 36:25 46:15 47:11 53:12 58:11
**yet**(4) 15:10 34:5 56:17 61:1
**yield**(1) 35:10
**yorba**(1) 6:6
**york**(3) 2:10 19:8 61:12
**you**(123) 6:12 7:1 7:6 7:12 8:9 8:9 8:18 8:19 8:25 10:1 10:13 10:15 10:16 10:18 11:1 11:21 12:25 13:8 13:11 13:12 13:23 14:6 14:7 15:3 15:3 15:11 15:12 15:22 16:20 16:21 17:3 17:9 17:18 17:22 18:1 18:2 18:14 18:17 18:19 20:22 21:11 22:8 23:3 23:8 23:13 23:20 25:15 26:20 27:15 29:11 30:9 31:19 32:8 33:6 34:24 35:9 35:13 35:14 36:1 36:5 36:14 36:20 37:8 37:9 37:11 37:17 42:8 42:25 43:1 43:2 43:20 45:24 47:19 48:3 48:5 48:7 48:8 48:13 48:18 48:25 50:10 50:10 50:22 51:1 51:2 51:6 51:9 51:11 51:12 52:4 52:5 52:17 52:21 52:25 53:5 53:7 53:10 53:20 53:21 53:25 53:25 54:6 54:9 54:12 55:15 55:16 56:6 56:8 56:13 56:19 57:9 57:22 58:18 58:18 59:3 59:7 59:9 59:12 59:17 61:20 63:5

| Word | Page:Line |
|---|---|

**your**(101) 5:3  5:4  5:5  5:11  6:14  7:15  7:18
10:11  10:13  10:18  10:18  10:21  11:3  12:10
12:20  13:9  17:3  18:2  18:19  20:4  21:20
22:1  22:3  22:10  23:20  24:3  24:7  24:18
25:4  25:13  25:20  25:24  25:25  27:12  27:24
28:17  29:14  29:24  30:3  30:7  30:15  31:6
31:13  31:14  31:19  32:5  32:8  32:12  32:13
32:17  32:18  32:19  32:22  33:2  33:6  33:11
33:19  34:3  34:5  34:10  34:17  34:18  34:23
34:25  35:4  35:14  35:19  35:22  35:24  36:3
36:9  36:16  36:22  36:25  37:6  37:25  38:7
41:25  42:3  43:19  47:8  48:11  49:24  50:25
51:4  52:2  52:18  53:1  53:21  53:25  55:11
57:1  57:1  57:9  59:5  59:7  59:13  59:25
60:15  61:10  61:19

**yours**(1) 18:18
**yourself**(1) 54:13
**you'd**(4) 5:6  57:3  57:10  58:6
**you'll**(5) 7:12  29:12  39:4  39:25  49:24
**you're**(7) 8:7  12:23  36:1  42:23  50:21
56:24  56:25

**you've**(4) 21:8  42:25  53:5  54:14
**zachary**(1) 3:4
**zensky**(42) 10:14  10:16  10:17  10:19  11:3
11:7  11:15  12:2  12:9  12:19  12:25  13:3
13:8  13:11  13:14  14:1  14:9  15:2  18:17
18:19  20:4  21:20  24:17  27:23  29:23  31:13
31:18  31:21  32:8  36:19  39:5  50:14  51:4
51:7  51:14  51:15  58:2  58:7  58:16  59:6
59:7  61:19

**'any**(1) 39:14
**'arise**(3) 42:4  42:6  42:6
**'arising**(22) 25:19  27:20  27:22  30:1  42:11
42:14  42:14  42:14  42:20  42:21  42:24
43:15  44:24  46:25  48:22  48:24  49:5  54:11
54:11  54:12  62:18  62:21

**'but**(2) 29:21  29:24
**'including**(1) 47:15
**'ordinary**(1) 39:19
**'without**(4) 39:24  40:9  40:10  44:4
**"arise**(1) 62:15