IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Case No.: 08-13141(KJC) |
| TRIBUNE COMPANY, et al, | Chapter 11 |
| Reorganized Debtors. | Jointly Administered<br>Hearing Date: April 17, 2013 at 2:00 p.m. ET<br>Response Deadline: April 10, 2013 at 4:00 p.m. ET |

**RESPONSE BY THE NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE TO REORGANIZE DEBTORS' SIXTY-SIXTH OMNIBUS (NON SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1`**

The New York State Department of Taxation and Finance ("DTF") responds to the Reorganized Debtors' Sixty-Sixth Omnibus (Non-Substantive) Objection to Claims Pursuant to § 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (the "Objection") and states as follows:

1. The Objection seeks to expunge certain claims filed by DTF on the grounds that they have been amended and superseded by claims which were subsequently filed. The claims which are to be expunged are defined as the "Amended Claims," and the claims which shall remain are the "Surviving Claims."

2. DTF filed Claim No. 7159 on January 28, 2013. It asserts corporation income tax liabilities in the total amount of $29,276.15. It was filed as an amendment to Claim No. 7148 which was filed on August 27, 2012. The Objection asks that Claim No. 7148 be expunged as the Amended Claim, leaving Claim No. 7159 as the Surviving Claim.

3. The Surviving Claim was filed well after the bar date. Footnote "5" on page 5 of the Objection attempts to deal with this timeliness problem by stating that the Surviving Claim will be deemed timely-filed if the Amended Claim it replaces was filed before the bar date. Here, however, the Amended Claim (Claim No. 7148) was filed after the bar date. Therefore, the language in Footnote "5" will not preserve DTF's Surviving Claim (Claim No. 7159) from a subsequent objection based on timeliness.

4. DTF contends that Claim No. 7159 should nevertheless be deemed timely because it asserts liabilities for the same tax assessments and for the same tax periods that were set forth in earlier claims that were timely filed by DTF on December 22, 2008, and May 19, 2009. In another words, even though the Amended Claim (Claim No. 7148) was filed late, the Surviving Claim (Claim No. 7159) relates back to claims that were filed before the bar date and should be treated as timely.

5. DTF therefore consents to the expunging of Claim No. 7148 so long as Claim No. 7159 is deemed to be timely-filed.

Dated: April 8, 2013
      Albany, New York

                              Respectfully submitted,
                              Eric T. Schneiderman
                              Attorney General of the State of New York
                    By: /s/ Norman P. Fivel
                              Norman P. Fivel
                              NYS Bar No. 016990
                              Assistant Attorney General
                              Litigation Bureau
                              The Capitol
                              Albany, New York   12224-0341
                              Telephone No.: (518) 473-7179
                              Facsimile No.: (518) 473-1572
                              E-mail: Norman.Fivel@ag.ny.gov

"Printed on Recycled Paper"