UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |
| | Hearing Date: May 22, 2013 at 11:00 a.m. ET<br>Objection Deadline: April 29, 2013 at 4:00 p.m. ET |

**APPLICATION OF KAUFMAN & CANOLES, P.C. FOR ALLOWANCE AND
PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
SERVICES RENDERED AS ORDINARY COURSE COUNSEL TO THE DAILY PRESS,
INC. AND VIRGINIA GAZETTE COMPANIES, LLC FOR CERTAIN FIRST
AMENDMENT LITIGATION MATTERS DURING THE PERIOD FROM
APRIL 1, 2012 THROUGH JUNE 30, 2012**

Kaufman & Canoles, P.C. ("Kaufman & Canoles"), counsel for two of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully submits this application (the "Application"), pursuant to (i) sections 327, 331, and 503 of title 11 of the United States Code (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (iv) the Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business (D.I. 227) (the "OCP Order"), (v) the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (Docket No. 225) (the "Interim Compensation Order"), as amended, and (vi) the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications (Docket No. 546) (the "Fee Examiner Order"), for (a) the allowance of fees in the aggregate amount of $101,730.00 and expenses in the aggregate amount of $4,482.03, for services rendered to two of the Debtors, The Daily Press, Inc. ("Daily Press") and Virginia Gazette Companies, LLC ("Virginia Gazette") for various First Amendment litigation matters during the period from April 1, 2012 through June 30, 2012 and (b) for a limited waiver of the procedures for the approval and payment of professional compensation and consideration of fee applications set forth in the Interim Compensation Order and the Fee Examiner Order with respect to the Application (as discussed at paragraph 14, infra). In support of the Application, Kaufman & Canoles respectfully states as follows:

## BACKGROUND OF THE CASES

1.  On December 8, 2008 (the "Petition Date"), Tribune and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

2

2.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). (D.I. 43, 2333.)

3.  The Fourth Amended Joint Plan of Reorganization (the "Plan") for the Debtors was confirmed on July 23, 2012 and went effective on December 31, 2012.[3] (D.I. 12939).

4.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327, 331, and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

**PROCEDURAL BACKGROUND FOR THE APPLICATION**

5.  On December 26, 2008, the Debtors filed the Motion for an Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code (Docket No. 148) (the "OCP Motion").[4] In the OCP Motion, the Debtors sought approval of this Court to employ and retain the Ordinary Course Professionals[5] to provide services to the Debtors as necessary for the day-to-day operations of the Debtors' businesses on terms substantially similar to those in effect prior to the Petition Date. On January 15, 2009, this Court granted the OCP Order.

---

[3] Certain of the Debtors have undertaken certain Restructuring Transactions (as defined in the Plan), pursuant to which they have been merged with and into direct or indirect wholly-owned subsidiaries of Tribune Company.

[4] Exhibit A to the OCP Motion, which lists Ordinary Course Professionals retained by the Debtors, has been supplemented and amended by the Debtors to add additional Ordinary Course Professionals or to seek increases to the Monthly Cap applicable to existing Ordinary Course Professionals. (See D.I. 544, 877, 1086, 1756, 1826, 1887, 2283, 2412, 2865, 3222, 3861, 4214, 4607, 4614, 4845, 5395, 5846, 7236, 7545, 7820, 8310, 8788, 9333, 9686, 9758, 9772, 9847, 10350, 10684, 11235, 11336, 11512, 11612, 11858, 11935 and 12405.)

[5] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the OCP Motion and OCP Order.

3

6.  Retention and compensation of the Ordinary Course Professionals is subject to the terms and conditions described in the OCP Order, including a Monthly Cap on the fees permitted to be paid to such Ordinary Course Professionals, per month on average over a rolling three-month period for Monthly Caps that are less than $50,000 per month, or a rolling two-month period for Monthly Caps of $50,000 per month. Expenses are not considered for the purpose of calculating the applicable Monthly Cap. The Debtors supplemented Exhibit A to the OCP Order for purposes of retaining Kaufman & Canoles as an Ordinary Course Professional with respect to various legal matters, with a Monthly Cap of $25,000 per month for April 2012 and May 2012 and $40,000 for the month of June 2012. (D.I. 11612 and D.I. 11858). Kaufman & Canoles filed its Rule 2014 statement pursuant to the OCP Order on July 16, 2010. (D.I. 5060)

7.  Daily Press and Virginia Gazette have retained Kaufman & Canoles for several matters, including the litigation captioned *James A. Carter, Jr. v. The Daily Press Inc. and David Macaulay,* Record Number 121557 in the Supreme Court of Virginia (the "Macaulay Matter"); *The Daily Press and Ashley Kelly v. Commonwealth of Virginia and Lillian Callender*, Record Number 120858 in the Supreme Court of Virginia (the "Callender Matter"); *George Gsell v. The Daily Press, Inc., et al.,* Case Number CL11-2642, in the Circuit Court of the City of Virginia Beach, Virginia; *Rodney O'Neal Coles v. Susan Robertson and Virginia Gazette Companies, LLC,* Case Number CL12-787, which was pending in the Circuit Court of the City of Williamsburg/James City County, but has recently been nonsuited by the plaintiff; a subpoena issued to Melina Waldrop, a reporter for Daily Press in *Jerry Holmes v. Lonza Hardy, Jr., et al.*, Case Number CL10000159-00 which is pending in the Circuit Court of the City of Hampton, Virginia, and a Freedom of Information Act issue regarding availability to the public of criminal

records maintained by the Hampton City Police Department (collectively, the "First Amendment Matters").

8. The OCP Order provides that in the event the fees incurred and invoiced by any Ordinary Course Professional exceed the applicable Monthly Cap, such Ordinary Course Professional shall be required to seek the Court's approval of all fees invoiced for that month in accordance with the procedures set forth in the Interim Compensation Order and the Fee Examiner Order.

## BACKGROUND CONCERNING THE RELIEF REQUESTED

9. During the period covered by this Application, Kaufman & Canoles represented Daily Press and Virginia Gazette in connection with the First Amendment Matters. Specifically, Kaufman & Canoles represented Daily Press and one of its reporters in the Macauley Matter, a defamation suit brought by James A. Carter. During the Application period, the Court granted Daily Press's motion for summary judgment and Carter appealed to the Supreme Court of Virginia, which denied the appeal. In the Callender Matter, Kaufman & Canoles represented Daily Press and Ashley Kelly, one of its reporters, in a motion to intervene in a criminal case pending in the Circuit Court of the City of Newport News, Virginia. In that case, during the Application period, the trial judge had sealed certain exhibits and Daily Press and Ashley Kelly moved the court to lift the seals based upon First Amendment and other arguments. Following the denial of the motion, Daily Press and Ashley Kelly appealed to the Supreme Court of Virginia, Record Number 120858, and the Supreme Court of Virginia reversed the trial court and lifted the appeal. Kaufman & Canoles also defended Daily Press in two defamation cases which saw an increase in discovery activity during the Application period. Additionally during the Application period, Kaufman & Canoles represented Melinda Waldrop, a reporter for Daily

Press, regarding a subpoena for trial she received in the case of *Jerry Holmes v. Lonza Hardy, Jr., et al.*, Case Number Case Number CL10000159-00. Lastly, Kaufman & Canoles has provided advice to Daily Press with respect to the availability of the Freedom of Information Act to require the City of Hampton, Virginia's Police Department to provide certain information concerning criminal records.

10. The fees incurred for the First Amendment Matters during the period from April 1, 2012 through June 30, 2012 totaled $101,730.00, which exceeded Kaufman & Canoles' applicable three-month cap of $90,000.00.[6]

11. Daily Press and Virginia Gazette have reviewed invoices submitted to them by Kaufman & Canoles for fees incurred between April 1, 2012 through June 30, 2012 in connection with the First Amendment Matters and have approved as necessary and proper fees in the aggregate amount of $101,730.00, and expenses in the amount of $4,482.03. The Debtors have informed Kaufman & Canoles that it has exceeded its Monthly Cap over the applicable period (i.e., April 1, 2012 through June 30, 2012) and is therefore required to seek the Court's allowance of the entire amount of the firm's invoices for this period.

## RELIEF REQUESTED

12. By this Application, Kaufman & Canoles seeks the allowance of fees in the aggregate amount of $101,730.00, and expenses in the aggregate amount of $4,482.03, for services rendered to Daily Press and Virginia Gazette during the period from April 1, 2012 through June 30, 2012. In addition, Kaufman & Canoles requests a limited waiver of the procedures for the approval and payment of professional compensation and consideration of fee applications set forth in the Interim Compensation Order and the Fee Examiner Order with

---

[6] $90,000 in fees related to the April 2012 through June 2012 period have been paid. If the Court does not approve all or a portion of the previously paid $90,000, Kaufman & Canoles will disgorge the appropriate amount.

6

46429/0001-9427973v1

respect to this Application. Additional information as required by Local Rule 2016-2(c), (d), and (e) relating to the fees and expenses requested herein is provided on Exhibits A, B, and C to this Application.

## BASIS FOR RELIEF REQUESTED

13. As noted in paragraphs 7 and 9 above, Kaufman & Canoles has represented Daily Press and Virginia Gazette in the First Amendment Matters. The rulings in the pending litigation matters to date have been generally favorable to Daily Press and Virginia Gazette, respectively, and Daily Press and Virginia Gazette have benefitted from the legal services provided to them by Kaufman & Canoles. The pending matters where plaintiffs were seeking money damages against Daily Press have concluded without Daily Press paying any amounts or otherwise agreeing to take any actions. The services rendered by Kaufman & Canoles from the period of April 1, 2012 through June 30, 2012 have been fair and reasonable and well within the range of fees that would be charged by counsel with similar experience for matters of this type.

## REQUEST FOR LIMITED WAIVER OF INTERIM COMPENSATION PROCEDURES

14. Kaufman & Canoles requests that the Debtors be permitted to pay Kaufman & Canoles the full amount of the fees it incurred during April 1, 2012 through June 30, 2012 rather than requiring Kaufman & Canoles to seek approval of its fees on an interim basis subject to a 20% holdback and to seek the Court's allowance of such fees and expenses on a quarterly basis subject to the Fee Examiner's review and report. Kaufman & Canoles respectfully submits that good cause exists for the Court to grant a limited waiver from the Interim Compensation Order to reduce the additional costs and delay of obtaining approval and payment of the amounts requested herein. In the alternative, Kaufman & Canoles respectfully requests that the Court

46429/0001-9427973v1

consider this Application at the next hearing scheduled for the consideration of interim fee applications.[7]

## PAYMENT FROM DEBTORS; NO SHARING OF COMPENSATION

15. Kaufman & Canoles has received no payment and no promises of payment from any source other than Daily Press and Virginia Gazette for services rendered as an Ordinary Course Professional to Daily Press and Virginia Gazette in these chapter 11 cases. There is no agreement between Kaufman & Canoles and any other party for the sharing of compensation to be received for the services rendered by Kaufman & Canoles to Daily Press and Virginia Gazette. All professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of Daily Press and Virginia Gazette.

## REVIEW OF APPLICABLE LOCAL RULE

16. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with the requirements of Local Rule 2016-2.

17. The undersigned further certifies that the Debtors have had an opportunity to review this Application before it was filed with the Court.

## NO PRIOR REQUEST

18. No previous application with respect to the relief requested herein has been made to this or any other Court.

---

[7] In the past, this Court has granted limited waivers of the otherwise-applicable procedures for compensation and reimbursement of expenses for professionals and consideration of fee applications set forth in this Court's Interim Compensation Order and Fee Examiner Order with respect to fee applications submitted by the Debtors' Ordinary Course Professionals. See, e.g., Order Allowing Compensation and Reimbursement of Expenses to SNR Denton US LLP for Services Rendered as Ordinary Course Counsel to the Debtors During the Period From July 1, 2010 through August 31, 2010 (Docket No. 8704); Order Allowing Compensation and Reimbursement of Expenses to Hunton & Williams LLP for Services Rendered as Ordinary Course Counsel to the Debtors for Certain Litigation Matters During the Prior From May 1, 2010 through July 31, 2010 (Docket No. 7454); Order Allowing Compensation and Reimbursement of Expenses to David Wright Tremaine LLP for Services Rendered as Ordinary Course Counsel to the Debtors During the Period From March 1, 2010 through June 30, 2010 (Docket No. 6576).

WHEREFORE, after appropriate notice and hearing, Kaufman & Canoles respectfully requests the Court enter an order (i) allowing fees in the aggregate amount of $101,730.00, and expenses in the aggregate amount of $4,482.03, during the period from April 1, 2012 through June 30, 2012; (ii) waiving the procedures for compensation and reimbursement of expenses for professionals and consideration of fee applications set forth in this Court's Interim Compensation Order and Fee Examiner Order with respect to this Application to provide payment of the full amount sought by Kaufman & Canoles immediately upon approval of this application, and (iii) granting such further relief as is just and proper.

Dated: April 8, 2013

                Respectfully submitted,

                KAUFMAN & CANOLES, P.C.

                By: /s/ Hunter W. Sims, Jr.
                Hunter W. Sims, Jr., Esquire (VSB No. 09218)
                E-mail: hwsims@kaufcan.com
                Kaufman & Canoles, P.C.
                150 West Main Street, Suite 2100
                Norfolk, VA 23510
                Phone: 757/624-3000
                Fax:   757/624-3169

                *Counsel for The Daily Press, Inc. and*
                *Virginia Gazette Companies, LLC*