## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, et al.,[1]

Reorganized Debtors.

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

### FEE EXAMINER'S FINAL REPORT REGARDING THE
### TWELFTH QUARTERLY FEE APPLICATION OF SEYFARTH SHAW LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Twelfth Quarterly Fee Application of Seyfarth Shaw LLP* [Docket No. 12592] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $272,685.30 and reimbursement of expenses that total $5,620.71 for the period from June 1, 2012 through August 31, 2012.[2] Seyfarth Shaw LLP ("**Seyfarth**") serves

---

[1] The Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

as special counsel in connection with labor and employment litigation matters for the debtors and debtors in possession (collectively the "**Debtors**").

**Background**

1.      On December 8, 2008 (the "**Petition Date**"), the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.   Under this Court's *Order Directing Joint Administration Chapter 11 Cases* on December 10, 2009, these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules [Docket No. 43].

2.      On December 26, 2008, the Debtors filed their Motion for an Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code [Docket No. 148] (the "**OCP Motion**").   In the OCP Motion, the Debtors sought approval of this Court to employ and retain the Ordinary Course Professionals, including Seyfarth, to provide services to the Debtors as necessary for the day-to-day operations of the Debtor's businesses on terms substantially similar to those in effect prior to the Petition Date. On January 15, 2009, this Court granted the OCP Motion and issued an order approving procedures for the employment, retention, and compensation of the Ordinary Course Professionals [Docket No. 227] (the "**OCP Order**").

3.      The OCP Order provides that in the event the fees incurred and invoiced by any Ordinary Course Professional exceed the applicable Monthly Cap, such Ordinary Course Professional shall be required to seek this Court's approval of all fees invoiced for that month in accordance with sections 330 and 331 of the Bankruptcy Code, all applicable Bankruptcy Rules

---

[2] The amount of fees sought in this Fee Application includes certain fees for services rendered during the period from May 1, 2012 through May 31, 2012, which were inadvertently left out of Seyfarth's Eleventh Quarterly Fee Application.

and Local Rules, and the procedures set forth in the Interim Compensation Order and the Fee Examiner Order.

4.      In October 2009 and November 2009, Seyfarth exceeded the Monthly Cap. When the Debtors determined that Seyfarth would continually exceed the monthly cap, on January 8, 2010 the Debtors filed an *Application to Retain Seyfarth as Special Counsel for Certain Employment Litigation Matters* [Docket No. 3046] (the "**Retention Application**"). On January 25, 2010, this Court entered the *Order Authorizing Debtors and Debtors in Possession to Employ and Retain Seyfarth as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, nunc pro tunc, to December 1, 2009* [Docket No. 3192] (the "**Retention Order**").

5.      Seyfarth submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 225] (the "**Interim Compensation Order**").

<u>**Applicable Standards**</u>

6.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

7.      The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for

Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

8.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A).* In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

9.      A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment is an inherent and unavoidable

component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

10.     The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Supplemental Retention Application, the Supplemental Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to Seyfarth for review and comment. The firm submitted to the Fee Examiner a written response to the Preliminary Report. After consideration of the additional information provided by the firm, the Fee Examiner now issues this final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5.*

## DISCUSSION OF FINDINGS

### Hourly Services

### Technical Requirements

11.     **Reconciliation of Fees and Expenses.** The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**"). The recomputation of fees revealed that the Fees Requested were $26.10 more than the Fees Computed (after adjusting the hourly billing rates to reflect a 10% discount) resulting in an apparent overcharge. The discrepancy was the result of task hours within one entry that were not equal to the time billed for the entry as a whole. The discrepancy and the related entry were displayed in **Exhibit A** to the Preliminary Report. The firm was asked to comment on the

discrepancy. In response, the firm agreed with the Fee Examiner's calculations, and accepted a fee reduction of $26.10. Exhibit A has been omitted from the Final Report.

The Fee Examiner notes that Seyfarth has provided a 10% discount on the fees for most matters. This report is based on the fees computed by the Fee Examiner after adjusting the hourly billing rates to reflect the discount.

The recomputation of expenses revealed that the Expenses Computed were $3.00 more than the Expenses Requested resulting in an apparent undercharge. The firm agreed with the Fee Examiner calculation, which resulted in an increase in Expenses Requested by an amount of $3.00. The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

12.    **Block Billing.**[3]   The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*. The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[4]   The Delaware Bankruptcy Court has found that time entries that generally only combine work on one issue, and a conference/communication with the client or

---

[3] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

[4] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry. *e.g., In re Brous*, 370 B.R. 563. 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g., In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

opposing counsel on the same issue, while technically block billing, will not be objectionable.[5] Seyfarth block billed entries totaling 56.60 hours and $20,829.65 in associated fees. These entries were identified in **Exhibit B**[6] to the Preliminary Report. Based upon precedent established by this Court, the objectionable block billed entries totaled 28.90 hours with $10,359.00 in associated fees, which were highlighted in bold and marked with an ampersand [&] in the Exhibit. The Fee Examiner invited comment from Seyfarth. In response, the firm provided further detail for each entry or properly separated the block billing by allocating the time billed for each task, which brought the entries within compliance. No fee reduction is recommended, and Exhibit B is omitted from this Report.

13.     **Time Increments.** The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*. The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*. Billing in greater than 0.10 hour increments is a practice that lends itself to the potential of increased rounding of time, thereby increasing the likelihood that the reported time charged is inflated. It is a practice widely criticized by courts and legal scholars and is typically prohibited by sophisticated consumers of legal services as it can result in the billing of time over and above the amount of time actually expended to perform a particular activity. One timekeeper billed 78% of her fee entries in whole or half hour time increments. A rate of more than 75% of any timekeeper's fee entries being recorded in whole or half hour increments calls into question whether the timekeeper is

---

[5] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

[6] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

accurately and contemporaneously recording her time in 0.10 hour increments. **Exhibit C** to the Preliminary Report displayed all of the questioned time entries, which totaled 16.30 hours with $1,613.70 in associated fees. The Fee Examiner requested that Seyfarth explain the veracity of the billing pattern. Seyfarth responded by verifying that the time recorded by the timekeeper was the actual time and that the tasks were billed in 0.10 tenth hour time increments. Based on the firm's verification, the Fee Examiner makes no recommendation for a fee reduction. Exhibit C has been omitted from the Final Report.

## Review of Fees

14.    **Firm Staffing.** The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii).* The Fee Application provided the names, positions, and hourly rates of the 32 Seyfarth professionals and paraprofessionals who billed to this matter, consisting of 12 partners, 2 senior counsel, 9 associates, 4 paralegals, 1 LitDisc Analyst, 1 litigation support, 1 librarian, and 2 case assistants. A summary of hours and fees billed by each timekeeper is displayed in **Exhibit D**.

The firm billed a total of 678.00 hours with associated fees of $272,659.20.[7] The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 279.90 | 41% | $141,339.30 | 52% |
| Senior Counsel | 3.00 | * | 1,427.85 | * |
| Associate | 274.60 | 41% | 104,658.75 | 38% |

---

[7] This amount reflects the Fees Computed (after adjustment for discount).

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Paralegal | 69.40 | 10% | 18,632.00 | 7% |
| LitDisc Analyst | 9.70 | 1% | 2,007.90 | * |
| Litigation Support | 5.00 | * | 1,035.00 | * |
| Librarian | 0.50 | * | 92.50 | * |
| Case Assistant | 35.90 | 5% | 3,465.90 | 1% |
| **TOTAL** | 678.00 | 100% | $272,659.20 | 100% |

* Less than 1%

The blended hourly rate[8] for the Seyfarth professionals is $443.81 and the blended hourly rate for professionals and paraprofessionals is $402.15.

15.    **Hourly Rate Increases.** Seyfarth did not increase the hourly rates of timekeepers during this interim period.

16.    **Timekeepers' Roles.** A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*. With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts. Generally, Seyfarth timekeepers appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals. However, the Fee Examiner requested additional information regarding the fees invoiced by an associate and two partners. The associate who had never billed to the case in any previous application period, invoiced 0.90 hour for two telephone conferences. The two partners, who had limited involvement in prior application periods, respectively invoiced 0.30 hour and 0.50 hour for an intraoffice conference. The questioned entries totaling 1.70 hours with $720.25 in associated fees were displayed in **Exhibit E** to the Preliminary Report. Seyfarth responded by providing additional detail regarding the roles and activities conducted by each of

---

[8] The blended hourly rates were calculated using the hourly rates adjusted to reflect the 10% discount.

the questioned timekeepers, which showed that the activities were necessary and proper, bringing the entries in compliance with the rules and guidelines. Exhibit E is omitted from this Report.

17. **Meetings, Conferences, Hearings, and Other Events.** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*. While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more Seyfarth timekeepers attended the same meeting, conference, hearing, or other event. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 3.15 hours with $1,366.13 in associated fees, were displayed in **Exhibit F** to the Preliminary Report. In each instance where multiple timekeepers attended a meeting, conference, hearing, or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference). The potentially duplicative and unnecessary timekeepers' entries totaled 1.60 hours with $567.50 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

-10-

In response to the Preliminary Report, Seyfarth provided the requested detail for each of the fee entries in question, which brought them into compliance with Local Rules and UST Guidelines. The Fee Examiner makes no recommendation for a fee reduction. Exhibit F is omitted from this Report.

18.   **Intraoffice Conferences.**   Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified billing activities by Seyfarth timekeepers describing intraoffice conferences totaling 22.80 hours with \$9,024.70 in associated fees, or approximately 3% of the total Fees Computed, as were displayed in **Exhibit G** to the Preliminary Report.   The Fee Examiner observed that in certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference. The entries describing intraoffice conferences invoiced by two or more firm personnel totaled 12.90 hours with \$5,286.30 in associated fees and are highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested that Seyfarth strive to eliminate unnecessary intraoffice conferencing, and further requested that the firm provide an explanation for the necessity of more than one participant billing for the same intraoffice conference.   In response to the Preliminary Report, Seyfarth provided a table with the requested detail for the majority of the questioned entries. Seyfarth did, however, agree to a voluntary fee reduction of \$276.30 regarding the other entries. The Fee Examiner makes no additional recommendation for a fee reduction. Exhibit G has been omitted from the Final Report.

19.   **Complete and Detailed Task Descriptions.**   Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary."   The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each

activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix).* The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v).*

        a.    **Vague Communications.**  The Fee Examiner identified entries totaling 3.20 hours with $1,284.90 in associated fees in which the task description for a conference or other communication did not identify the participants to or the subject matter of the communication.  This lack of detail hinders the Fee Examiner's ability to determine the reasonableness and necessity of the activity and is in clear violation of the applicable guidelines. The entries were displayed in **Exhibit H** to the Preliminary Report.  The Fee Examiner requested that Seyfarth comment on or provide the missing participant and/or subject matter information to bring the questioned entries into compliance.  Seyfarth responded by providing the missing information for each of the questioned entries.  As the entries are now compliant, no fee reduction is warranted. Exhibit H has been omitted from the Final Report.

        b.    **Other Vague Tasks.**  The Fee Examiner reviewed the substantive detail of each billing entry and identified 24.20 hours with $10,329.45 in associated fees where the Fee Examiner could not determine the precise nature of the services performed by the timekeeper. The entries were displayed in **Exhibit I** to the Preliminary Report.  As reflected in the Local Rules and UST Guidelines, billing entries must adequately describe the services actually performed to allow a determination of whether the task was staffed appropriately, whether the

task involved the exercise of legal judgment, and/or whether the task was duplicated by other timekeepers.[9] The Fee Examiner asked Seyfarth to comment on or revise the entries to bring them into compliance. In response, Seyfarth supplemented each of the questioned tasks with the missing information, which brought the entries into compliance with the Local Rules and UST Guidelines. The Fee Examiner makes no recommendation for a fee reduction, and Exhibit I has been omitted from the Final Report.

20.     **Administrative Activities.** Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The Fee Examiner identified 6.05 hours with $2,783.23 in associated fees describing what appeared to be administrative functions. The entries were displayed in **Exhibit J** to the Preliminary Report. The Fee Examiner invited comment from the firm. The firm provided additional information for the questioned activities, which clarified the entries and removed them from the administrative classification. The Fee Examiner does not make a recommendation for a fee reduction, and has omitted Exhibit J from this Report.

21.     **Clerical Activities.** Clerical activities do not require legal acumen, and may be effectively performed by administrative assistants, secretaries, or support personnel. Similar to administrative activities, clerical activities are generally not billable and are considered to be part of the firm's overhead. In the 3rd Circuit, however, some clerical and non-clerical activities may be compensable at a rate commensurate with the level of expertise or knowledge typically found to be necessary to complete the task. The questioned entries were displayed in **Exhibit K** to the Preliminary Report and totaled 34.40 hours with $6,883.50 in associated fees. Seyfarth responded by providing additional information regarding the purpose and necessity for the

---

[9] Vague entries do not allow the court to determine the reasonableness and necessity of the effort expended, and fees may be denied or reduced when insufficiently documented. *E.g., In re Bennett Funding, Inc.*, 213 B.R. 234, 245-46 (Bankr. N.D.N.Y. 1997). Entries for legal research must identify the issue and explain the research need. *In re Fibermark, Inc.*, 349 B.R. 385, 397 (Bankr. D. Vt. 2006).

questioned activities, as well as describing the legal acumen and knowledge required for the tasks. Additionally, the firm stated that clerical assistance was enlisted as often as logically possible in order to reduce costs to the Estate. The Fee Examiner and the firm had follow-up discussions regarding the remaining entries and ultimately agreed on a compromise wherein the firm agreed to a $688.35 fee reduction. No additional fee reduction is warranted. Exhibit K has been removed from the Final Report.

22.     **Travel.**  The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii).* A timekeeper invoiced a single fee entry for travel, which was billed at full rate. The entry was displayed in **Exhibit L** to the Preliminary Report and totaled 2.60 hours with associated fees of $1,183.00. It was unclear whether the timekeeper billed to work during her return travel or whether she billed only half her travel time. Seyfarth provided additional information regarding the entry and agreed to a fee reduction in the amount of $591.50. No additional fee reduction is appropriate and Exhibit L has been omitted from the Final Report.

23.     **Seyfarth Retention/Compensation.**  Seyfarth billed 67.50 hours with associated fees of $15,854.85 to prepare the firm's retention documents and applications for compensation, or approximately 6% of the Fees Computed.    The fee entries describing Seyfarth's retention/compensation activities are displayed in **Exhibit M**, which is included in the Final Report for the Court's reference.

**Review of Expenses**

24.     **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii).*    The UST

Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*. Seyfarth provided an itemization for its expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge. The Fee Examiner found no objectionable expense items.

## CONCLUSION

The Fee Examiner submits this final report regarding the Fee Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $271,103.05 ($272,685.30 minus $1,582.25) and reimbursement of expenses in the amount of $5,623.71 ($5,620.71 plus $3.00) for the period from June 1, 2012 through August 31, 2012. The findings are set forth in the summary on the following page.

**SEYFARTH SHAW LLP**

**SUMMARY OF FINDINGS**

**Twelfth Quarterly Fee Application (June 1, 2012 through August 31, 2012)**

**A.**   **Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $272,685.30 | |
| Expenses Requested | 5,620.71 | |
| TOTAL FEES AND EXPENSES REQUESTED | | $278,306.01 |
| Fees Computed | $272,659.20 | |
| Expenses Computed | 5,623.71 | |
| TOTAL FEES AND EXPENSES COMPUTED | | $278,282.91 |
| Discrepancy in Fees | $   26.10 | |
| Discrepancy in Expenses | (3.00) | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $   23.10 |

**B.**   **Recommended Fee Allowance and Expense Reimbursement**

| | | | |
|---|---|---|---|
| Fees Requested | $272,685.30 | | |
| *Agreed Reduction for Discrepancy in Fees* | | *($   26.10)* | |
| *Agreed Reduction for Intraoffice Conferences* | | *(276.30)* | |
| *Agreed Reduction for Clerical Activities* | | *(688.35)* | |
| *Agreed Reduction for Travel* | | *(591.50)* | |
| Subtotal | | *($1,582.25)* | |
| RECOMMENDED FEE ALLOWANCE | | | $271,103.05 |
| Expenses Requested | $5,620.71 | | |
| *Discrepancy in Expenses* | | *$ 3.00* | |
| Subtotal | | *$ 3.00* | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 5,623.71 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $276,726.76 |

Respectfully submitted,

**STUART MAUE**

By: _____

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri 63044
Telephone:   (314) 291-3030
Facsimile:   (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 8th day of April, 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for Prepetition
Lenders, JP Morgan Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Jeremy P. Sherman, Esq.
Partner
Seyfarth Shaw LLP
131 S. Dearborn Street, Suite 2400
Chicago, IL 60603-5577

John F. Theil, Esq.

-18-

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Seyfarth Shaw LLP**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|----------|------|----------|-------------|-------------|----------------|---------------|
| LOHA | O'Hara, Lorraine | PARTNER | $455.00 | $455.00 | 148.30 | $67,476.50 |
| NFIN | Finkel, Noah | PARTNER | $517.50 | $517.50 | 33.40 | $17,284.50 |
| JPSH | Sherman, Jeremy | PARTNER | $652.50 | $652.50 | 25.60 | $16,704.00 |
| KEMI | Michaels, Kristin | PARTNER | $544.50 | $544.50 | 29.50 | $16,062.75 |
| MLIE | Lies, Mark | PARTNER | $576.00 | $576.00 | 25.30 | $14,572.80 |
| JCOL | Collins, John | PARTNER | $522.00 | $522.00 | 8.60 | $4,489.20 |
| THAL | Haley, Timothy | PARTNER | $585.00 | $585.00 | 2.90 | $1,696.50 |
| TLHI | Hix, Timothy | PARTNER | $468.00 | $468.00 | 3.10 | $1,450.80 |
| GPAU | Pauling II, Gerald | PARTNER | $535.50 | $535.50 | 1.90 | $1,017.45 |
| AZAL | Zalatel, Ann Marie | PARTNER | $455.00 | $455.00 | 0.50 | $227.50 |
| MEAS | Eastman, Molly | PARTNER | $409.50 | $409.50 | 0.50 | $204.75 |
| RKRA | Kramer, Ronald | PARTNER | $508.50 | $508.50 | 0.30 | $152.55 |
| | No. of Billers for Position: 12 | Blended Rate for Position: | $504.96 | | 279.90 | $141,339.30 |
| | | | | | % of Total: 41.28% | % of Total: 51.84% |
| THUN | Hunt, Todd | SENIOR COUNSEL | $504.00 | $504.00 | 1.90 | $957.60 |
| DCAP | Caplan, Debbie | SENIOR COUNSEL | $427.50 | $427.50 | 1.10 | $470.25 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $475.95 | | 3.00 | $1,427.85 |
| | | | | | % of Total: 0.44% | % of Total: 0.52% |
| KPET | Petersen, Kyle | ASSOCIATE | $346.50 | $346.50 | 99.70 | $34,546.05 |
| LWAL | Waluch, Laura | ASSOCIATE | $455.00 | $455.00 | 62.80 | $28,574.00 |
| NBRI | Riesco, Natascha | ASSOCIATE | $351.00 | $351.00 | 76.60 | $26,886.60 |
| HMAC | Macon, Haley | ASSOCIATE | $455.00 | $455.00 | 22.70 | $10,328.50 |
| ILAZ | Lazar, Isabel | ASSOCIATE | $301.50 | $301.50 | 5.60 | $1,688.40 |
| MSAN | Sank, Max | ASSOCIATE | $369.00 | $369.00 | 3.90 | $1,439.10 |
| JSOW | Sowka, James | ASSOCIATE | $396.00 | $396.00 | 1.40 | $554.40 |
| MGRA | Graffigna, Matthew | ASSOCIATE | $378.00 | $378.00 | 0.90 | $340.20 |
| AHAW | Hawley, Alexis | ASSOCIATE | $301.50 | $301.50 | 1.00 | $301.50 |

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

### Seyfarth Shaw LLP

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| | No. of Billers for Position: 9 | Blended Rate for Position: | $381.13 | | 274.60 | $104,658.75 |
| | | | | | % of Total: 40.50% | % of Total: 38.38% |
| JMCM | McManus, Jennifer | PARALEGAL | $261.00 | $261.00 | 25.50 | $6,655.50 |
| ACON | Connor, Andrew | PARALEGAL | $279.00 | $279.00 | 18.50 | $5,161.50 |
| OGOL | Golinder, Olia | PARALEGAL | $270.00 | $270.00 | 16.80 | $4,536.00 |
| MHAL | Halperin, Malerie | PARALEGAL | $265.00 | $265.00 | 8.60 | $2,279.00 |
| | No. of Billers for Position: 4 | Blended Rate for Position: | $268.47 | | 69.40 | $18,632.00 |
| | | | | | % of Total: 10.24% | % of Total: 6.83% |
| ATIE | Tien, Aileen | LITDISC ANALYST | $207.00 | $207.00 | 9.70 | $2,007.90 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $207.00 | | 9.70 | $2,007.90 |
| | | | | | % of Total: 1.43% | % of Total: 0.74% |
| DGRA | Grant, Derrell | LITIGATION SUPP | $207.00 | $207.00 | 5.00 | $1,035.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $207.00 | | 5.00 | $1,035.00 |
| | | | | | % of Total: 0.74% | % of Total: 0.38% |
| BBER | Bernstein, Beth | LIBRARIAN | $185.00 | $185.00 | 0.50 | $92.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $185.00 | | 0.50 | $92.50 |
| | | | | | % of Total: 0.07% | % of Total: 0.03% |
| ASHE | Shepro, Alice | CASE ASSISTANT | $94.50 | $94.50 | 19.60 | $1,852.20 |
| KMCD | McDonald, Kerri | CASE ASSISTANT | $99.00 | $99.00 | 16.30 | $1,613.70 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $96.54 | | 35.90 | $3,465.90 |
| | | | | | % of Total: 5.29% | % of Total: 1.27% |

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Seyfarth Shaw LLP**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|----------|------|----------|--------------|--------------|----------------|---------------|
| | Total No. of Billers:  32 | Blended Rate for Report: | $402.15 | | 678.00 | $272,659.20 |

EXHIBIT M

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Connor, A | 18.50 | 5,161.50 |
| McManus, J | 25.50 | 6,655.50 |
| Shepro, A | 19.60 | 1,852.20 |
| Sherman, J | 2.50 | 1,631.25 |
| Sowka, J | 1.40 | 554.40 |
| | 67.50 | $15,854.85 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune - Bankruptcy Fee Application | 67.50 | 15,854.85 |
| | 67.50 | $15,854.85 |

EXHIBIT M

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 06/01/12 Fri | Connor, A 2010048/5 | 0.30 | 0.30 | 83.70 | 0.20 0.10 | F F | 1 2 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>PREPARE UPDATED RESPONSE TO FEE EXAMINER REPORT (.20);<br>REVIEW, CIRCULATE (.10). |
| 06/01/12 Fri | Shepro, A 2022608/13 | 0.70 | 0.70 | 66.15 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>BEGIN EDITS TO THIRTY-FIRST MONTHLY FEE APPLICATION. |
| 06/04/12 Mon | Shepro, A 2022608/14 | 2.70 | 2.70 | 255.15 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>EDIT THIRTY-FIRST MONTHLY FEE APPLICATION. |
| 06/05/12 Tue | McManus, J 2010048/6 | 0.20 | 0.20 | 52.20 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>REVIEW/REVISE EXHIBIT A TO SEYFARTH'S THIRTY-SECOND MONTHLY FEE APPLICATION. |
| 06/06/12 Wed | Shepro, A 2022608/15 | 0.30 | 0.30 | 28.35 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>CONTINUE EDITS ON THIRTY-FIRST MONTHLY FEE APPLICATION. |
| 06/07/12 Thu | McManus, J 2010048/7 | 0.50 | 0.50 | 130.50 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>REVISE EXHIBIT A TO SEYFARTH'S THIRTY-FIRST MONTHLY FEE APPLICATION. |
| 06/12/12 Tue | McManus, J 2010048/8 | 0.60 | 0.60 | 156.60 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>REVIEW/REVISE THIRTY-FIRST MONTHLY FEE APPLICATION. |
| 06/13/12 Wed | Connor, A 2010048/9 | 3.00 | 3.00 | 837.00 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>FOLLOW UP WITH ATTORNEYS IN ORDER TO RESPOND TO FEE EXAMINER'S QUERY REGARDING PROVIDING ADDITIONAL INFORMATION TO CLARIFY CERTAIN TIME ENTRIES AND EXPENSE CHARGES. |
| 06/14/12 Thu | McManus, J 2010048/10 | 1.20 | 1.20 | 313.20 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>FINALIZE THIRTY-FIRST MONTHLY FEE APPLICATION IN PREPARATION FOR FILING. |
| 06/14/12 Thu | Shepro, A 2022608/16 | 1.60 | 1.60 | 151.20 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>REVISE THIRTY-FIRST MONTHLY FEE APPLICATION. |
| 06/15/12 Fri | Shepro, A 2022608/17 | 1.30 | 1.30 | 122.85 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>FINALIZE CHARTS TO THIRTY-FIRST MONTHLY FEE APPLICATION. |
| 06/15/12 Fri | Sherman, J 2010048/11 | 0.40 | 0.40 | 261.00 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>REVIEW AND EXECUTE THIRTY-FIRST MONTHLY FEE APPLICATION. |
| 06/19/12 Tue | Connor, A 2010048/12 | 0.30 | 0.30 | 83.70 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>REVIEW FEE EXAMINER'S FINDINGS IN CONNECTION WITH SEYFARTH'S RESPONSE TO FEE EXAMINER'S REPORT ON SEYFARTH'S SIXTH FEE APPLICATION. |

~ See the last page of exhibit for explanation

EXHIBIT M

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 07/02/12 Mon | Sherman, J 2022608/18 | 0.50 | 0.50 | 326.25 | | 1 | | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVIEW AND REDACT DETAIL FOR PRIVILEGE REGARDING THIRTY-SECOND MONTHLY FEE APPLICATION. |
| 07/09/12 Mon | McManus, J 2022608/19 | 0.90 | 0.90 | 234.90 | 0.10 | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVIEW/CONFIRM SEYFARTH FEES IN OMNIBUS FEE ORDERS REGARDING SEYFARTH'S SIXTH AND SEVENTH INTERIM FEE APPLICATIONS IN PREPARATION FOR 7/11/12 HEARING (.10); |
| | | | | | 0.10 | F | 2 | ARRANGE FOR TELEPHONIC APPEARANCE AT HEARING (.10); |
| | | | | | 0.10 | F | 3 | COMMUNICATIONS WITH LOCAL COUNSEL REGARDING SAME (.10); |
| | | | | | 0.60 | F | 4 | PREPARE THIRTY-SECOND MONTHLY FEE APPLICATION (.60). |
| 07/10/12 Tue | McManus, J 2022608/20 | 0.80 | 0.80 | 208.80 | 0.10 | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>PREPARE J. SOWKA FOR OMNIBUS FEE HEARING (.10); |
| | | | | | 0.70 | F | 2 | PREPARE SEYFARTH'S THIRTY-SECOND MONTHLY FEE APPLICATION (.70). |
| 07/11/12 Wed | McManus, J 2022608/22 | 2.10 | 2.10 | 548.10 | 0.60 | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVISE EXHIBIT A TO SEYFARTH'S THIRTY-SECOND MONTHLY FEE APPLICATION (.60); |
| | | | | | 0.40 | F | 2 | REVISE PLEADING PORTION OF SAME (.40); |
| | | | | | 0.30 | F | 3 | ASSEMBLE MONTHLY FEE APPLICATIONS FOR PREPARATION OF ELEVENTH INTERIM FEE APPLICATION (.30); |
| | | | | | 0.80 | F | 4 | PREPARE ELEVENTH INTERIM FEE APPLICATION (.80). |
| 07/11/12 Wed | Sowka, J 2022608/21 | 1.40 | 1.40 | 554.40 | 0.40 | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVIEW FEE APPLICATIONS, PROPOSED ORDER, AND AGENDA IN PREPARATION FOR TELEPHONIC APPEARANCE ON FEE APPLICATIONS (.40); |
| | | | | | 0.90 | F | 2 | TELEPHONICALLY APPEAR FOR HEARING ON SAME (.90); |
| | | | | | 0.10 | F | 3 | DRAFT EMAIL TO J. MCMANUS REGARDING APPROVAL OF FEES AND CONCERNS EXPRESSED BY THE COURT (.10). |
| 07/12/12 Thu | McManus, J 2022608/23 | 2.30 | 2.30 | 600.30 | 0.50 | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVISE THIRTY-FIRST MONTHLY FEE APPLICATION (.50); |
| | | | | | 0.40 | F | 2 | REVISE EXHIBIT A. TO SAME (.40); |
| | | | | | 1.40 | F | 3 | PREPARE ELEVENTH INTERIM FEE APPLICATION (1.40). |
| 07/12/12 Thu | Shepro, A 2022608/24 | 2.80 | 2.80 | 264.60 | | 1 | | MATTER NAME: Tribune - Bankruptcy Fee Application<br>COMPILE/PREPARE THIRTY-SECOND MONTHLY FEE APPLICATION. |
| 07/13/12 Fri | Shepro, A 2022608/26 | 3.90 | 3.90 | 368.55 | 3.80 | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>BEGIN COMPILING ELEVENTH QUARTERLY FEE APPLICATION (3.80); |
| | | | | | 0.10 | F | 2 | CONFER WITH J. MCMANUS REGARDING SAME (.10). |
| 07/13/12 Fri | Sherman, J 2022608/25 | 0.40 | 0.40 | 261.00 | | 1 | | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVIEW AND EXECUTE THIRTY-SECOND MONTHLY FEE APPLICATION. |
| 07/16/12 Mon | McManus, J 2022608/27 | 2.20 | 2.10 | 548.10 | 0.90 | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVIEW/EDIT FEE APPLICATION CHARTS FOR SEYFARTH'S ELEVENTH QUARTERLY FEE APPLICATION (.90); |
| | | | | | 1.10 | F | 2 | FINALIZE ELEVENTH QUARTERLY FEE APPLICATION FOR FILING WITH THE COURT (1.10); |
| | | | | | 0.10 | F | 3 | CONFER WITH LOCAL COUNSEL REGARDING SAME (.10). |

~ See the last page of exhibit for explanation

EXHIBIT M

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| 07/16/12 Mon | Shepro, A 2022608/28 | 4.20 | 4.20 | 396.90 | 4.00 0.20 | F F | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>1  FINALIZE SEYFARTH ELEVENTH QUARTERLY FEE APPLICATION (4.00);<br>2  CONFER WITH J. MCMANUS REGARDING SAME (.20). |
| 07/20/12 Fri | McManus, J 2022608/29 | 0.70 | 0.70 | 182.70 | 0.60 0.10 | F F | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>1  PREPARE THIRTY-THIRD MONTHLY FEE APPLICATION (.60);<br>2  RETRIEVE/REVIEW OMNIBUS FEES ORDERS REGARDING SEYFARTH'S SIXTH AND SEVENTH QUARTERLY FEE AWARDS (.10). |
| 07/23/12 Mon | McManus, J 2022608/30 | 0.50 | 0.50 | 130.50 | | | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>1  PREPARE SEYFARTH'S THIRTY-THIRD MONTHLY FEE APPLICATION. |
| 08/01/12 Wed | McManus, J 2033254/39 | 0.90 | 0.90 | 234.90 | 0.10 0.80 | F F | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>1  REVIEW FEE EXAMINER'S REPORT REGARDING SEYFARTH'S EIGHTH FEE APPLICATION (.10);<br>2  DRAFT SEYFARTH'S RESPONSE TO SAME (.80). |
| 08/02/12 Thu | McManus, J 2033254/40 | 1.20 | 1.20 | 313.20 | 0.40 0.80 | F F | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>1  REVIEW DETAIL FOR REDACTIONS/EDITING FOR SEYFARTH'S THIRTY-FOURTH MONTHLY FEE APPLICATION (.40);<br>2  PREPARE RESPONSE TO FEE EXAMINER'S REPORT ON SEYFARTH'S EIGHTH FEE APPLICATION (.80). |
| 08/03/12 Fri | McManus, J 2033254/41 | 1.80 | 1.80 | 469.80 | 0.60 0.20 0.30 0.70 | F F F F | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>1  PREPARE RESPONSE TO FEE EXAMINER'S REPORT ON SEYFARTH'S EIGHTH FEE APPLICATION (.60);<br>2  COMMUNICATIONS WITH ALVAREZ & MARSAL REGARDING PROJECTED FEES AND EXPENSES THROUGH EFFECTIVE DATE (.20);<br>3  COMPILE PROJECTED FIGURES (.30);<br>4  PREPARE SEYFARTH'S THIRTY-THIRD FEE APPLICATION (.70). |
| 08/06/12 Mon | McManus, J 2033254/42 | 1.40 | 1.40 | 365.40 | | | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>1  PREPARE RESPONSE TO FEE EXAMINER'S REPORT ON SEYFARTH'S EIGHTH INTERIM FEE APPLICATION. |
| 08/07/12 Tue | McManus, J 2033254/43 | 1.80 | 1.80 | 469.80 | 0.80 1.00 | F F | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>1  PREPARE SEYFARTH'S THIRTY-THIRD FEE APPLICATION EXHIBIT A (.80);<br>2  PREPARE RESPONSE TO FEE EXAMINER'S REPORT ON SEYFARTH'S EIGHTH INTERIM FEE APPLICATION (1.00). |
| 08/09/12 Thu | McManus, J 2033254/44 | 0.90 | 0.90 | 234.90 | 0.30 0.60 | F F | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>1  CONFER WITH J. SHERMAN TO REVIEW FEE AND EXPENSES PROJECTION THROUGH EFFECTIVE DATE (.30);<br>2  REVIEW/EDIT DETAIL TO COMPLY WITH COURT STANDARDS, AS PART OF EXHIBIT A TO SEYFARTH'S THIRTY-THIRD MONTHLY FEE APPLICATION (.60). |
| 08/10/12 Fri | McManus, J 2033254/45 | 0.70 | 0.70 | 182.70 | 0.10 0.10 0.50 | F F F | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>1  MEET WITH J. SHERMAN TO CONFIRM PROJECTED FEES THROUGH EFFECTIVE DATE FOR ALVAREZ & MARSAL (.10);<br>2  REVISE FEE AND EXPENSE SPREADSHEET AND FORWARD SAME TO ALVAREZ & MARSAL (.10);<br>3  REVISE EXHIBIT A TO SEYFARTH'S THIRTY-THIRD MONTHLY FEE APPLICATION (.50). |
| 08/13/12 Mon | McManus, J 2033254/47 | 0.60 | 0.60 | 156.60 | | | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>1  PREPARE THIRTY-THIRD MONTHLY FEE APPLICATION. |
| 08/13/12 Mon | Sherman, J 2033254/46 | 0.40 | 0.40 | 261.00 | | | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>1  REDACT JUNE DETAIL FOR PRIVILEGE. |

~ See the last page of exhibit for explanation

EXHIBIT M

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| 08/15/12 Wed | McManus, J 2033254/48 | 0.80 | 0.80 | 208.80 | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application PREPARE RESPONSE TO FEE EXAMINER'S REPORT ON SEYFARTH'S EIGHTH INTERIM FEE APPLICATION. |
| 08/15/12 Wed | Shepro, A 2033254/49 | 2.10 | 2.10 | 198.45 | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application EDIT CHARTS IN PLEADING FOR THE THIRTY-THIRD INTERIM MONTHLY FEE APPLICATION FOR J. MCMANUS. |
| 08/20/12 Mon | Connor, A 2033254/51 | 4.50 | 4.50 | 1,255.50 | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application WORK ON CULLING/ASSEMBLING RESPONSES TO FEE AUDITOR'S REPORT. |
| 08/20/12 Mon | McManus, J 2033254/50 | 1.90 | 1.90 | 495.90 | 1.10 F 0.10 F 0.60 F 0.10 F | 1 2 3 4 | MATTER NAME: Tribune - Bankruptcy Fee Application FINALIZE SEYFARTH'S THIRTY-THIRD MONTHLY FEE APPLICATION (1.10); CONFER WITH LOCAL COUNSEL REGARDING SUBMISSION AND FILING SAME (.10); PREPARE SEYFARTH'S THIRTY-FOURTH MONTHLY FEE APPLICATION (.60); CONFER WITH A. CONNOR REGARDING RESPONSES TO FEE EXAMINER'S REPORT ON SEYFARTH'S EIGHTH INTERIM FEE APPLICATION (.10). |
| 08/21/12 Tue | Connor, A 2033254/55 | 3.70 | 3.70 | 1,032.30 | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application CULL DATA FOR INCORPORATION INTO RESPONSE TO FEE EXAMINER'S REPORT. |
| 08/21/12 Tue | McManus, J 2033254/53 | 0.30 | 0.30 | 78.30 | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application REVIEW/EDIT SEYFARTH'S RESPONSE TO FEE EXAMINER'S REPORT ON EIGHTH FEE APPLICATION. |
| 08/21/12 Tue | McManus, J 2033254/54 | 0.30 | 0.30 | 78.30 | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application REVISE THIRTY-FOURTH MONTHLY FEE APPLICATION PER LOCAL COUNSEL'S SUGGESTED EDITS. |
| 08/21/12 Tue | Sherman, J 2033254/52 | 0.30 | 0.30 | 195.75 | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application REVIEW/EXECUTE THIRTY-THIRD MONTHLY FEE PETITION. |
| 08/22/12 Wed | Connor, A 2033254/56 | 1.50 | 1.50 | 418.50 | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application CULL DATA FOR INCORPORATION INTO RESPONSE TO FEE EXAMINER'S REPORT. |
| 08/24/12 Fri | Connor, A 2033254/57 | 0.50 | 0.50 | 139.50 | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application UPDATE RESPONSE TO FEE EXAMINER'S REPORT. |
| 08/27/12 Mon | Connor, A 2033254/59 | 1.10 | 1.10 | 306.90 | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application CULL DATA FOR INCORPORATION INTO RESPONSE TO FEE EXAMINER'S REPORT. |
| 08/27/12 Mon | McManus, J 2033254/58 | 0.40 | 0.40 | 104.40 | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application RETRIEVE/REVIEW COST BACK-UP FOR RESPONSE TO FEE EXAMINER'S REPORT ON SEYFARTH'S EIGHTH FEE APPLICATION. |

~  See the last page of exhibit for explanation

EXHIBIT M

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 08/28/12 Tue | Connor, A 2033254/60 | 0.60 | 0.60 | 167.40 | | | | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>1  CULL RESPONSE DATA FOR FEE EXAMINER REPORT AND UPDATE SPREADSHEET. |
| 08/29/12 Wed | Connor, A 2033254/61 | 1.70 | 1.70 | 474.30 | 1.30<br>0.40 | F<br>F | | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>1  CULL INFORMATION IN RESPONSE TO FEE EXAMINER'S REPORT (1.30);<br>2  INCORPORATE DATA INTO SPREADSHEET (.40). |
| 08/30/12 Thu | Connor, A 2033254/63 | 1.30 | 1.30 | 362.70 | 1.20<br>0.10 | F<br>F | | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>1  FINALIZE RESPONSES TO FEE EXAMINER'S REPORT (1.20);<br>2  ASSEMBLE SPREADSHEET AND EXPENSE BACK, FORWARD TO EXAMINER (.10). |
| 08/30/12 Thu | McManus, J 2033254/62 | 0.60 | 0.60 | 156.60 | | | | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>1  REVISE SEYFARTH'S THIRTY-FOURTH FEE APPLICATION, EXHIBIT A. |
| 08/31/12 Fri | Sherman, J 2033254/64 | 0.50 | 0.50 | 326.25 | | | | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>1  REDACTING THIRTY-FOURTH FEE APPLICATION FOR PRIVILEGE PURPOSES. |
| Total<br>Number of Entries:  52 | | | 67.50 | $15,854.85 | | | | |

EXHIBIT M

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Connor, A | 18.50 | 5,161.50 |
| McManus, J | 25.50 | 6,655.50 |
| Shepro, A | 19.60 | 1,852.20 |
| Sherman, J | 2.50 | 1,631.25 |
| Sowka, J | 1.40 | 554.40 |
| | 67.50 | $15,854.85 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune - Bankruptcy Fee Application | 67.50 | 15,854.85 |
| | 67.50 | $15,854.85 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL