**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |
| | Hearing Date: April 24, 2013 at 10:00 a.m. ET<br>Related to Docket Nos. 13173 and 12832 |

**KTLA, LLC'S (I) OBJECTION TO MARTA WALLER'S CROSS MOTION
FOR LEAVE TO FILE AN AMENDED PROOF OF CLAIM AND FOR
ABSTENTION PURSUANT TO 28 U.S.C. § 1334(c) AND (II) REPLY TO
MARTA WALLER'S RESPONSE TO OBJECTION TO CLAIM NO. 4412**

KTLA, LLC ("KTLA"), as successor to KTLA, Inc. and as successor to one of the reorganized debtors in the above-captioned chapter 11 cases (each a "Reorganized Debtor" and, collectively, the "Reorganized Debtors"), by and through its undersigned counsel, hereby asserts this (i) objection to Marta Waller's Cross Motion for Leave to File an Amended Proof of Claim and for Abstention Pursuant to 28 U.S.C. § 1334(c) [D.I. 13173] and (ii) reply to Marta Waller's Response to KTLA, Inc.'s Objection to Claim No. 4412 of Marta Waller Pursuant to

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-9437811V1

Sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007 [D.I. 13173] (the "Reply and Objection"). Ms. Waller's Cross Motion and Response are referred to herein as the "Response". In support of this Reply and Objection, KTLA respectfully states as follows:[2]

## INTRODUCTION

1. KTLA does not object to Ms. Waller's request to amend her proof of claim insofar as she seeks to substitute PPI for herself as the claimant; however, KTLA objects to such request to the extent that Ms. Waller seeks to have both herself and PPI be the claimant, with the apparent ability to shift who the claimant is back and forth at will. KTLA is entitled to know what entity is asserting claims against it and on what basis.

2. KTLA objects herein to Ms. Waller's request for discretionary abstention under 28 U.S.C. § 1334(c)(1) for three primary reasons. First, this Court should not abstain from adjudicating Ms. Waller's proof of claim because the claim, as well as the allowance or disallowance thereof, falls within this Court's core jurisdiction. Second, there is no existing state court or other proceeding with respect to Ms. Waller's claim in favor of which this Court may abstain. Third, Ms. Waller has not made a showing that the extraordinary step of abstention is warranted in this matter. Moreover, as further demonstrated herein, a thorough analysis of all of the discretionary abstention factors also disfavors abstention.

3. In addition, the Waller Claim should be disallowed because it fails as a matter of applicable non-bankruptcy law. More specifically, the Waller Claim would not survive the pleading stage in a California trial court because under California law: (i) the failure to renew an employment contract does not give rise to a claim of wrongful termination; (ii) Ms. Waller has

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in KTLA, Inc.'s Objection to Claim No. 4412 of Marta Waller Pursuant to Sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007 [Docket No. 12832].

not sufficiently met her burden of pleading ultimate facts to support her employment discrimination claims; (iii) Ms. Waller does not have the predicate claims necessary to assert a failure-to-prevent-discrimination claim under the California Fair Employment and Housing Act ("FEHA"); (iv) Ms. Waller has not affirmatively alleged that she has exhausted the FEHA's administrative remedies; and (v) Ms. Waller has not pled facts necessary to establish that she was an employee of KTLA.  Moreover, Ms. Waller has nowhere demonstrated that she suffered any damage whatsoever from KTLA's alleged conduct, much less an entitlement to the $5,000,000 she seeks from KTLA's estate.

4. Ms. Waller's Response also fails to address any of the arguments fundamental to KTLA's original Objection to the Waller Claim.  Instead, the Response relies on mischaracterizations of California law and post-hoc allegations that were neither referenced nor specifically pled in the Waller Claim.  For example, the Response maintains that Ms. Waller can pursue a claim for wrongful termination under California law, yet California law is indisputably clear: a common law claim for wrongful termination is, as a matter of law, not cognizable where it is triggered by an employer's refusal to renew an employment contract.  Ms. Waller's apparent attempt to argue that one of California's leading cases on this point supports her claim is devoid of merit.  Moreover, Ms. Waller's employment discrimination claims are not sufficiently pled because they rely on little more than conclusory allegations.  The law is unambiguous that in California: plaintiff must plead *ultimate facts* sufficient to support a right to relief.  Ms. Waller has not only failed to do so, but has affirmatively pled facts negating her discrimination claims.  Thus, her discrimination and derivative failure to prevent discrimination claims must be dismissed.   Finally, nothing submitted by Ms. Waller supports her contention that KTLA is liable to her for $5 million, yet another deficiency unaddressed in the Response.  Accordingly, for

the reasons stated in the Objection and as follows, KTLA respectfully requests that the Court disallow and expunge the Waller Claim in its entirety.

## ARGUMENT

### I. Ms. Waller May Substitute PPI for Herself as the Claimant, but Cannot Add PPI as an Entirely New Claimant

5.  The Cross Motion seeks leave to amend Ms. Waller's proof of claim (the "Waller Claim") "[s]hould the Court agree with the Debtors' position that the Claim must be asserted by PPI rather than Waller." Cross Motion at ¶ 27. Ms. Waller elsewhere speaks of amending the Waller Claim "to substitute a party" and cites case law concerning substitution. See id. at ¶ 29.

6.  KTLA does not object to such an amendment standing alone. To the extent that Ms. Waller seeks to amend the Waller Claim to add PPI as a party in addition to herself, however, KTLA objects to the amendment. Adding an additional party is plainly a substantive amendment, as it effectively amounts to the assertion of a second, entirely new claim against KTLA. Moreover, nothing in the Bankruptcy Rules nor equity generally allows or should allow Ms. Waller or PPI to alternate between claimants at will, effectively picking whatever plaintiff happens to suit their arguments best. KTLA is entitled to understand fully who is asserting claims against it and why, and Ms. Waller or PPI, as applicable, should be required to articulate their claims accordingly.

### II. Ms. Waller's Request for Discretionary Abstention Should be Denied

7.  Ms. Waller's request for discretionary abstention should be denied because (i) this Court has jurisdiction over Ms. Waller's proof of claim, which is by definition a core proceeding, (ii) no state court or other proceeding exists with respect to Ms. Waller's claim, and (iii) Ms. Waller has not made a showing that the extraordinary step of abstention is warranted

4

in this matter and, indeed, a proper analysis of the discretionary abstention factors favors KTLA rather than Ms. Waller. KTLA addresses each of these points in turn.

A. **Abstention is Not Warranted Because the Waller Claim Falls Within this Court's Core Jurisdiction**

8.  The general rule is that if matter falls within the bankruptcy court's core jurisdiction, the court should decide it and not abstain. See In re Indianapolis Downs, LLC, 462 B.R. 104, 114 (Bankr. D. Del. 2011); In re Brownsville Property Corp., Inc., 469 B.R. 216, 227 (Bankr. W.D. Pa. 2012) ("…once a federal court is determined to have jurisdiction it has a virtually unflagging obligation to exercise such jurisdiction…") (citing Lichtenfels v. Electro-Motive Diesel, Inc., 2010 WL 653859 at *3 (W.D. Pa. 2010)) (internal quotes omitted). This Court unquestionably has jurisdiction over the Waller Claim. Moreover, Ms. Waller has consented to that jurisdiction and accepted it without issue for the entirety of the Debtors' chapter 11 cases. "[W]hen a party submits a proof of claim, it triggers the process of allowance and disallowance of claims and thereby is consenting to the jurisdiction of the bankruptcy court to make a final decision as to its claim." In re Exide Techs., Inc., 544 F.3d 196, 213 n.10 (citing Langenkamp v. Culp, 498 U.S. 42, 44 (1990)).

9.  Ms. Waller filed the Waller Claim with the Bankruptcy Court, and indeed filed a predecessor claim to the Waller Claim (Claim No. 263) in January 2009, a month after the cases were commenced and well before the bar date for filing claims in the Debtors' chapter 11 cases was established. Throughout the pendency of the chapter 11 cases, Ms. Waller made no effort to lift the automatic stay or otherwise to prosecute the Waller Claim. In other words, Ms. Waller selected a forum with jurisdiction over the Waller Claim and took no action to assert the claim in any other forum for years. There is no credible basis on which she can now complain about her choice.

46429/0001-9437811V1

10. The allowance or disallowance of the Waller Claim is also a core proceeding, contrary to the assertion made by Ms. Waller in her response. The language of 28 U.S.C. § 157(b)(2) makes this clear: "[c]ore proceedings include…(2) allowance or disallowance of claims against the estate…". In other words, once a proof of claim is filed, adjudicating the allowance thereof is "core." See Exide, 544 F.3d at 214; Kurz v. EMAK Worldwide, Inc., 464 B.R. 635 (D. Del. 2011); see also In re Argus Group 1700, Inc., 206 B.R. 737, 747-48 (Bankr. E.D. Pa. 1996) ("[d]ebtors' proposition that the filing of a proof of claim in bankruptcy transfers a prepetition state law claim which was filed in state court before the bankruptcy into a core proceeding is sound"). This proposition applies with even more force where, as here, there was no pending claim in state court prior to the petition date; rather, the proof of claim is the sole and exclusive means by which the claimant has chosen to assert her claim.

11. Because the Waller Claim is within this Court's core jurisdiction, the Court should not abstain from deciding whether it should be allowed or disallowed. Indeed, as further discussed infra (see ¶¶ 13-16), the Waller Claim presents no issues that call for this Court to abstain from hearing the matter.

B. **Ms. Waller Has Not Commenced a State Court or Other Action in Favor of Which this Court Should Abstain**

12. A key fact not addressed in the Cross Motion is that Ms. Waller did not commence, either prior to the Petition Date or thereafter, any proceeding in any court against KTLA other than the filing of her proof of claim in the Bankruptcy Court. As a result, no other proceeding exists in favor of which this Court should abstain. This alone should be fatal to Ms. Waller's efforts to seek abstention. In In re Sportsman's Warehouse, Inc., 457 B.R. 372, 390 (Bankr. D. Del. 2011), Judge Sontchi concluded that discretionary abstention was unavailable to a movant on its state law claims against the debtor because there was no parallel state court

proceeding pending, just as in this matter. In ruling, Judge Sontchi stated that "[a]bstention can exist only where there is a parallel proceeding in state court. That is, inherent in the concept of abstention is the presence of a pendant state action in favor of which the federal court must, or may, abstain." (quoting In re Cable & Wireless USA, Inc., 331 B.R. 568, 576 (Bankr. D. Del. 2005) and In re General Teamsters, Warehousemen & Helpers Union Local 890, 124 F.3d 999, 1009 (9th Cir. 1997)); but see In re Astropower Liquidating Trust, 335 B.R. 309 (Bankr D. Del. 2005) (Walrath, J.) (absence of pending state proceeding is only one factor in discretionary abstention analysis). Ms. Waller has commenced no state court proceeding here. Accordingly, permissive abstention is not warranted.

### C.  Discretionary Abstention is Not Justified Here

13.  This Court, of course, has the discretion under 28 U.S.C. § 1334(c)(1) to abstain from hearing a matter notwithstanding the fact that it has jurisdiction over it and that the matter is a core proceeding. However, the circumstances presently before this Court do not warrant discretionary abstention. As Judge Gross recently said in In re Direct Response Media, Inc., 466 B.R. 626, 658 (Bankr. D. Del. 2012), "abstention is [only] appropriate in a few carefully defined situations...[It] remains the exception, not the rule...[It] is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.... Therefore, abstention should rarely be invoked." (citing Gwynedd Properties, Inc. v. Lower Grynedd Twp., 970 F.2d 1195, 1199 (3d Cir. 1992)). Judge Gross further observed that "[m]atters for which permissive abstention is reserved include: (1) matters in which difficult, uncertain issues of state law or those in which the state has a unique interest are presented ... (2) matters in which the proceeding has been removed from state court and/or there is a parallel state court action pending ... (3) the proceedings principally involve claims asserted by or against non-

debtors ... and (4) matters in which some other truly extraordinary aspect is present." See id. at 658-59; accord In re Village Farm, LLC, 415 B.R. 86 (Bankr. D. Del. 2009); In re Black, Davis and Shue Agency, Inc., 471 B.R. 381 (Bankr. M.D. Pa. 2012) ("[d]iscretionary abstention is an 'extraordinary remedy' not frequently used by bankruptcy courts.").[3]

14. The extraordinary circumstances cited by Judge Gross in Direct Response Media and required by the Third Circuit in Gwynedd Properties are not present here. The Waller Claim is a straightforward employment discrimination claim presenting no unique issues of state law or state interest. No question of comity with state courts or respect for state law is present because there is no state proceeding to which comity may be extended, and there are no novel issues of state law present. Ms. Waller asserts no claims against non-debtors. Moreover, for the past four years Ms. Waller has elected to pursue her claim solely through the filing of her proof of claim in the Bankruptcy Court. She never sought to lift the automatic stay to commence a state court proceeding nor elected to commence a state law action after KTLA emerged from its chapter 11 case. It is only now, with KTLA having objected to the Waller Claim in the absence of any action by Ms. Waller, that Ms. Waller and her counsel have elected to change the way they wish to proceed and relocate a determination on the Waller Claim to another forum for unstated reasons.

15. Moreover, an analysis of the twelve-factor test set forth in In re LaRoche Indus., Inc., 312 B.R. 249, 253-54 (Bankr. D. Del. 2004) that Ms. Waller points to in her Motion to support a grant of discretionary abstention over this matter further demonstrates that discretionary abstention is not warranted. The twelve factors include: (1) the effect or lack

---

[3] Cf. In re Reliance Group Holdings, Inc., 273 B.R. 374, 401 (Bankr. E.D. Pa. 2002) (Carey, J.), in which the Court concluded that discretionary abstention was appropriate because the issues presented involved "an undeveloped area of Pennsylvania law which impacts the state's interest in the regulation of the insurance industry." No such remarkable circumstances are presented by the Waller Claim.

8

thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties. See id. Several of these factors weigh strongly against abstention, as follows:

> Difficulty or Unsettled Nature of the Applicable State Law: As noted above, the underlying state law issues presented by the Waller Claim are common employment discrimination issues, and Ms. Waller does not contend otherwise.
>
> Presence of a Related Proceeding Commenced in State Court or Other Non-Bankruptcy Court: No such other proceeding exists.
>
> Likelihood that the Commencement of a Proceeding in Bankruptcy Court Involves Forum Shopping: There is no such likelihood. Ms. Waller filed her proof of claim against KTLA in the Bankruptcy Court. Ms. Waller thereafter took no action to assert that claim anywhere else for almost four years. It is now Ms. Waller that is evidently shopping for a new forum and attempting to discard the one she chose.
>
> Presence in the Proceeding of Non-Debtor Parties: Unlike most situations where discretionary abstention is at issue, Ms. Waller has no claim against any non-Debtor entity. The Waller Claim is asserted solely against KTLA.
>
> Existence of Right to Jury Trial: Although the Motion states without elaboration that "Waller is entitled to a jury trial on the [Waller Claim]" (at ¶ 31), Ms. Waller's filing of a proof of claim may constitute a waiver of any jury trial rights she may have had. See, e.g., In re Legates, 381 B.R. 111, 118-19 (Bankr. D. Del.

2008) (where claimant filed a proof of claim in debtor's bankruptcy case, "it is [sic] likely waived its right to trial by jury and has submitted itself to the Court's equitable jurisdiction.")

"Core" Proceeding: Ms. Waller argues that this matter is "non-core" because "the [Waller] Claim neither invokes a substantive right under the Bankruptcy Code nor could arise only in the context of a bankruptcy case." Motion at ¶ 33. Ms. Waller's analysis is wrong. "[I]t is axiomatic that filing a proof of claim triggers the claims allowance process under 11 U.S.C. § 501 et seq., which, by its very nature, is a core proceeding that can arise only in a title 11 case.". . See In re Continental Airlines, Inc., 125 F.3d 120, 131 (3d Cir. 1997); see also In re Argus Group 1700, Inc., 206 B.R. 737, 747-48 (Bankr. E.D. Pa. 1996) ("[d]ebtors' proposition that the filing of a proof of claim in bankruptcy transfers a prepetition state law claim which was filed in state court before the bankruptcy into a core proceeding is sound"). Here, the Waller Claim has been asserted only in KTLA's chapter 11 case, with the issue in dispute being whether that claim should be allowed or disallowed. That issue is indisputably a core proceeding and this factor accordingly weighs against abstention.

Effect on Efficient Administration of the Estate/Burden on Docket: Ms. Waller argues that this factor favors abstention because abstention would have "little, if any effect on the prompt resolution of claims against the Debtors' estates..." See Motion at ¶ 31. No factual basis is offered for this statement, and it is likely incorrect. While Ms. Waller does not specify in what forum she would pursue her claim, the proposed complaint appended to her claim is styled as a filing in the Superior Court of California, Los Angeles County. While this Court's docket is exceptionally heavy, the docket in the Superior Court in Los Angeles offers no more expedient prospects for resolving the Waller Claim. For example, the California Rules of Court set an aspiration of resolving general civil cases within two years, and set that time at three years if the case is deemed complex. See California Rules of Court Rule 2.2(d), (g). Moreover, the Superior Court in Los Angeles County, in its most recent Annual Report (submitted in 2011), states that it is facing significant budget cuts, courtroom closure, and significant staff layoffs while experiencing a total increase in case filings of twenty percent over a seven-year period. See Los Angeles Superior Court Annual Report 2011, available at http://www.lasuperiorcourt.org/courtnews/Uploads/14201131119393120011Annual Report_2007AnnualReport.qxd.pdf.[4] Ms. Waller offers no support whatsoever that transferring this action to the Los Angeles County Superior Court or to any other forum will enhance the prospects for the efficient administration of KTLA's estate and the final resolution of all claims against it.

16.    Based on all of the foregoing, this Court should not abstain from hearing the Waller Claim.

---

[4] This Court can take judicial notice of the Los Angeles Superior Court's annual report pursuant to Federal Rule of Evidence 201(b)(2).

### III. The Waller Claim Should be Disallowed

#### A. Ms. Waller's Wrongful Termination in Violation of Public Policy Claim Fails as a Matter of Law

17. Ms. Waller's Wrongful Termination in Violation of Public Policy Claim is based on KTLA's decision not to renew her contract. See Proposed Complaint (appended as Exhibit A to the Waller Claim) at ¶14. Yet, California law is clear: a plaintiff cannot sustain a wrongful termination in violation of public policy claim against an employer based on the employer's refusal to renew an employment contract. See Touchstone Tel. Prods. v. Superior Court, 208 Cal. App. 4th 676, 680 (2012) ("Decisional law does not allow a plaintiff to sue for wrongful termination in violation of public policy based upon an employer's refusal to renew an employment contract"); Daly v. Exxon Corp., 55 Cal. App. 4th 39, 45 (1997) (no wrongful termination in violation of public policy claim where employment was terminated by the expiration of the employment contract's own appointed term); see also Motevalli v. Los Angeles Unified Sch. Dist., 122 Cal. App. 4th 97, 102 (2004) ("no cause of action exists for tortuous nonrenewal of an employment contract in violation of public policy"); Wells v. Bd. of Trs. of Cal. State Univ., 393 F. Supp. 2d 990, 997 (N.D. Cal. 2005) ("In California, an employee whose fixed-term contract is not renewed cannot state a claim for wrongful termination in violation of public policy"). Ms. Waller has not provided and cannot provide a single case, statute, or treatise that contradicts this well-settled area of law. Accordingly, her wrongful termination in violation of public policy claim fails as a matter of law.

18. Ms. Waller appears to argue, perplexingly so, that she can sustain a wrongful termination in violation of public policy claim because her "wrongful termination claim is not only premised on the claim that KTLA terminated her long standing renewable contract [but] . . . that KTLA terminated her, in part, in violation of the FEHA." Response at ¶ 20. Ms.

Waller's argument misses the point. In her Proposed Complaint, Ms. Waller specifically alleged that "[o]n August 13, 2008, defendant Steve Charlier notified plaintiff that defendants were not renewing plaintiff's contract with them . . . ." Proposed Complaint at ¶14. As the Daly court noted, where an employee's employment is governed by a contract for a fixed term, and the employment ends upon the expiration of the contract's term, the employer's refusal to renew the contract does not constitute its *termination* of the employee. See Daly, 55 Cal. App. 4th at 45. Here, Ms. Waller has alleged that her purported employment with KTLA ended when her contract was not renewed. Thus, her employment was not *terminated* by KTLA, and she cannot sustain a wrongful termination claim against KTLA on the basis of any termination.[5] See id.

19.     Furthermore, Ms. Waller's assertion that Touchstone supports her wrongful termination claim is devoid of reason. In Touchstone, Ms. Sheridan was allowed to file an amended complaint alleging a cause of action under California Labor Code § 6310 after the Court rejected her wrongful termination in violation of public policy claim because the employer had simply exercised its option not to renew her contract as opposed to firing her. Touchstone, 208 Cal. App. 4th at 682. Ms. Waller appears to argue that the Court's decision to allow Ms. Sheridan to allege a claim under the California Labor Code supports her ability to sustain a wrongful termination claim. See Response at ¶ 20. Yet, Ms. Waller does not explain how the Court's decision to grant Ms. Sheridan leave to amend her complaint to allege a statutory claim for retaliation after dismissing her wrongful termination in violation of public policy claim saves her own wrongful termination claim in this case. To the contrary, Touchstone affirmatively

---

[5] Ms. Waller appears to rely in the Response on the fact that the PPI Contract was renewable. See Response at ¶ 20 ("Waller's wrongful termination claim is ... premised [in part] on the claim that KTLA terminated her long standing *renewable* contract" (emphasis added)). Leaving aside that the "long standing" contract was on its face for a one-year term, Ms. Waller also ignores the fact that the contract was renewable solely at KTLA's election and specified no circumstances whatsoever under which Ms. Waller could renew the contract.

46429/0001-9437811V1

demonstrates that Ms. Waller's wrongful termination claim, premised on KTLA's refusal to renew her employment contract, is simply not cognizable as a matter of law.

### B. Ms. Waller's Claim Fails to State Facts Sufficient to Establish a Right to Relief for Age and Gender Discrimination against KTLA

20. The Waller Claim's age and gender discrimination causes of action should be disallowed because their underlying allegations are utterly insufficient to establish a right to relief for discrimination under California's FEHA.[6] As KTLA stated in the Objection, Ms. Waller's Proposed Complaint lacks the allegations necessary to establish that: (1) she was a member of a protected class; (2) she was performing competently in the position held; (3) she suffered an adverse employment action; and (4) some other circumstance suggests a discriminatory motive. Guz v. Bechtel Nat., Inc., 24 Cal. 4th 317, 354-356 (2000).[7] Instead, Ms. Waller's Proposed Complaint is replete with and relies almost exclusively on conclusory allegations that KTLA systemically fired reporters who were near or over the age of fifty and that KTLA terminated her "because of" her age and gender.[8] See generally Proposed Complaint. In her Response, Ms. Waller argues that, in California, a complaint will be upheld if it provides a defendant with "notice of the issues sufficient to enable preparation of a defense." See Response at ¶23. Yet, Ms. Waller conveniently ignores California's well-established law that: in order to

---

[6] As the Objection explains in depth, Ms. Waller's employment-based claims should also be disallowed because she was not an employee of KTLA and has not pled facts sufficient to establish that she was an employee of KTLA. See, e.g., Vernon v. California, 116 Cal. App. 4th 114, 123 (2004) ("[t]he FEHA . . . prohibits only an employer from engaging in improper discrimination"). Although Ms. Waller now asserts in her Response a number of additional facts regarding her relationship with KTLA, such facts were neither alleged nor referenced in her Claim and Proposed Complaint and they therefore cannot form the basis for the Court's decision.

[7] Ms. Waller takes issue with KTLA's citation to Guz and Mixon v. Fair Employment & Housing Comm., 192 Cal. App. 3d 1306 (1987) on the grounds that Guz involved a summary judgment proceeding and Mixon involved a race discrimination claim rather than an age discrimination claim. See Response at ¶¶24-25. The distinctions Ms. Waller draws are irrelevant. KTLA simply relies on Guz and Mixon to illustrate the well-established elements of a discrimination cause of action under California's FEHA law, elements which Ms. Waller has failed to allege facts to establish.

[8] Ms. Waller's Proposed Complaint also affirmatively pled facts that negate her gender discrimination claim. While she alleges she was terminated for her age, the majority of the individuals who she identified were purported terminated are male. According, her gender discrimination claim fails for this additional reason.

13

provide such notice of the issues, a plaintiff must allege the **essential facts** in support of each element of every cause of action. See Ludgate Ins. Co. v. Lockheed Martin Corp., 82 Cal. App. 4th 592, 606-08 (2000); Doe v. City of Los Angeles, 42 Cal. 4th 531, 550-553 (2007). Ms. Waller's Proposed Complaint falls well short.

21.     California courts have long recognized that, under California's "ultimate fact" pleading standard, legal conclusions and contentions alone are insufficient to satisfy the fact pleading standard. See, e.g., Adelman v. Associated Int'l Ins. Co., 90 Cal. App. 4th 352, 359 (2001); Morningstar, Inc. v. Superior Court, 23 Cal. App. 4th 676, 686 (1994). Rather, a plaintiff must state a set of material facts that, if accepted as true, would constitute a viable legal claim as a matter of law. Id. Indeed, even under the Federal courts' less onerous "notice pleading" standard, a plaintiff cannot simply state conclusory allegations that a defendant terminated her because of her age and gender and then claim that she has sufficiently pled discrimination claims. See Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (internal citations omitted); see also Lim v. TV Corp. Intern, 99 Cal. App. 4th 684, 690 (2002) ("California law emphasizes ultimate fact pleading . . . ."); RYLAARSDAM ET AL., CALIFORNIA PRACTICE GUIDE: CIVIL PROCEDURE BEFORE TRIAL, CH. 6-A, ¶6:4 (RUTTER GROUP) (2011) (". . . fact pleading [under California law] requires more precision and detail than is required in 'notice pleading' jurisdictions – the federal courts, for example.") Iqbal specifically found that mere conclusory allegations that the petitioners "knew of, condoned, willfully and maliciously agreed to subject [him] to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest'" were insufficient to support a cause of action for discrimination. Id. at 680. The allegations in Ms. Waller's

Proposed Complaint, which mirror those rejected as insufficient under the lesser pleading standard in Iqbal, simply allege in conclusory manner that KTLA's refusal to renew her contract lacked good cause and was motivated by her age and gender. Accordingly, Ms. Waller has failed to state a claim for gender and age discrimination.

22.     Although KTLA's Objection has already identified these infirmities, Ms. Waller's Response fails to cite any factual allegation in her Proposed Complaint that is sufficient to state a claim to relief against KTLA. Where, as here, necessary facts are not alleged, and are instead entirely absent, the Court may presume they do not exist. See Kramer v. Intuit Inc., 121 Cal. App. 4th 574, 578 (2004) (". . . facts not alleged are presumed not to exist.") (internal quotations omitted). Accordingly, Ms. Waller's Claim for age and gender discrimination fail.[9]

C.     **Ms. Waller's Response Fails to Address the Lack of Support for the $5 Million Claim She is Asserting**

23.     Finally, Ms. Waller's Claim for $5 million should also be disallowed because Ms. Waller has not provided a single basis in support of that figure. Ms. Waller's Response does not purport to address this fundamental flaw of her Claim in any manner. Without providing the Court and KTLA any basis for the $5,000,000 damages figure, the Court and KTLA are left without any knowledge whatsoever as to the validity of the figure or how the figure was ascertained. Accordingly, Ms. Waller has not met her even her minimal burden under Bankruptcy law to allege sufficient facts to support her Claim. See In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d. Cir. 1992) (claimant must allege facts sufficient to support its claim to be entitled to presumption of claim's validity). Therefore, the Waller Claim should be disallowed and expunged.

---

[9] Because Ms. Waller's age and gender discrimination claims fail to state facts sufficient to constitute a cause of action under California law, her predicate failure to prevent discrimination claim fails as well. See Trujillo v. N. Cty Trans. Dist., 63 Cal. App. 4th 280, 289 (1998).

15

WHEREFORE, for the reasons set forth herein, KTLA respectfully requests that the Court (i) deny the Cross Motion, (ii) disallow the Waller Claim, and (iii) grant it such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
April 10, 2013

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Kenneth P. Kansa
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: /s/ Kate Stickles
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR THE REORGANIZED DEBTORS