IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Hearing Date: April 24, 2013 at 10:00 a.m. ET<br>Related to Docket Nos. 13341, 13410, and 13429 |

## DEBTORS' REPLY TO THE RESPONSE OF MARK JACOBS TO THE DEBTORS' SIXTY-SEVENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) AND 558 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003 AND 3007, AND LOCAL RULE 3007-1

The reorganized debtors in the above-captioned chapter 11 cases (each a "Reorganized Debtor" and, collectively, the "Reorganized Debtors"), by and through their undersigned counsel, hereby file this reply (the "Reply") to the *pro se* response of Mark Jacobs [D.I. 13429] (the "Jacobs Response") to the *Reorganized Debtors' Sixty-Seventh Omnibus*

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-9441141V1

*(Substantive) Objection to Claims Pursuant to Section 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1* [D.I. 13341] (the "Objection").[2]

1. In the Objection, the Reorganized Debtors sought to expunge fifteen (15) claims for which no liability is reflected in the Debtors' books and records, including Claim No. 2760 filed by Mr. Jacobs (the "Jacobs Claim").[3] The Jacobs Claim asserts a protective claim for $250,000 on account of certain workers' compensation claims and benefits under California law.

2. As stated in the Objection, the benefits awarded to Mr. Jacobs by the relevant workers' compensation board were uninterrupted during the pendency of the Debtors' chapter 11 cases and have been paid in full. (See Objection, Exhibit A at 2.)

3. The Reorganized Debtors understand the Jacobs Response opposes the relief requested in the Objection to the extent it would impose a cap on, or preclude recovery of, any additional workers' compensation benefits that may be awarded to Mr. Jacobs in the future under California workers' compensation law. This is not the intention of the Objection.

4. The Reorganized Debtors state in the Objection that:

> In the event that one of the holders of the claims on Exhibit A seeks ... a readjustment of their workers' compensation benefits from their relevant appellate workers' compensation commission, liability for any potential additional amounts awarded has been assumed by the Reorganized Debtors.

and

> Liability for any potential additional amounts awarded by the California Workers' Compensation Appeals Board and/or California Insurance Guaranty Association has been assumed by the Reorganized Debtors.[4]

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

[3] A copy of the Jacobs Claim was submitted to the Court on April 2, 2013 [D.I. 13410].

[4] Subsequent to the filing of the Objection, counsel for the Reorganized Debtors have been informed that the California Insurance Guarantee Association ("CAIGA") does not itself award workers' compensation benefits or determine what benefits may be due to a claimant. Rather, CAIGA operates the California insurance guarantee fund that pays workers' compensation claims in the event the responsible insurer for such claims becomes insolvent. With respect to one of the two workers' compensation claims made by Mr. Jacobs, the responsibility for which rests

(See Objection at ¶ 16; Exhibit A at p. 2)

5. Mr. Jacobs' only articulated concern is that, in the event he later receives an additional award of workers' compensation benefits related to his existing claims, there will be "no party around to pick up the cost of care and protection monetarily." (See Jacobs Response.) Paragraph 16 of the Objection and Exhibit A to the Objection address that concern by confirming that any liability for additional workers' compensation benefits has been assumed by the Reorganized Debtors, subject to the Reorganized Debtors' reservation of their rights with respect to any such requests for readjustment under applicable state law.[5] The Objection further references the relevant portions of the Plan which provide for this assumption of liability by the Reorganized Debtors. (See Objection at ¶ 15 citing Plan §§ 1.1.82, 6.5.)

6. Mr. Jacobs will suffer no prejudice by the disallowance and expungement of the Jacobs Claim; therefore, the Reorganized Debtors respectfully submit that the Bankruptcy Court may enter the Proposed Order filed with the Objection.

---

with an insurer that has become insolvent, there is an agreement between CAIGA and Tribune pursuant to which CAIGA has acknowledged its obligation to make any further or future claims payments and Tribune was released from further liability for such claim. This factual clarification does not change the result that all amounts due to Mr. Jacobs on his workers' compensation claims have been paid in full and that any further amounts that may potentially be awarded to him in the future by the applicable California Workers' Compensation Appeals Board on account of his existing workers' compensation claims will be honored by the Reorganized Debtors, subject to the Reorganized Debtors' reservation of all of their rights under California law *and subject also to the separate agreement requiring payment of benefits on one of Mr. Jacobs's two claims to be made by CAIGA.*

[5] Such assumption being subject also to the agreement between Tribune and CAIGA pursuant to which CAIGA assumed responsibility for payment of one of Mr. Jacobs's two workers' compensation claims, discussed in Note 4, above.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order sustaining the Objection and granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
April 11, 2013

Respectfully submitted,

SIDLEY AUSTIN LLP
Bryan Krakauer
Kenneth P. Kansa
Jillian K. Ludwig
Michael T. Gustafson
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR THE REORGANIZED DEBTORS

46429/0001-9441141V1