# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE
## FIFTEENTH QUARTERLY APPLICATION OF JENNER & BLOCK LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Fifteenth Quarterly Application of Jenner & Block LLP* [Docket No. 12565] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $600,073.30[2] and reimbursement of expenses that total $141,646.50

---

[1] The Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com. LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] The Fee Examiner notes that the amount of Fees Requested actually totals $644,194.00. This amount comprises a difference in the Aerco matter ($41,792.71), which has been addressed in Jenner's Monthly Application for September 1, 2012 through November 30, 2012, and the full amount of the Fee Application matter ($2,328.00), which was inadvertently omitted. In addition, the Application states that Jenner's previously submitted Quarterly

for the period from February 1, 2012 through August 31, 2012. Jenner & Block LLP ("**Jenner**")
serves as special counsel to the Debtors for certain litigation matters.

### Background

1.     On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed
subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each filed a
voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Under this Court's *Order
Directing Joint Administration Chapter 11 Cases* dated December 10, 2009 [Docket No. 43],
these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

2.     On December 26, 2008, the Debtors filed the *Application for an Order
Authorizing Debtors and Debtors in Possession to Retain Jenner & Block LLP as Special
Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro
Tunc to the Petition Date* [Docket No. 142] (the "**Retention Application**"). By order dated
February 20, 2009, this Court approved the Retention Application (the "**Initial Retention
Order**").

3.     On April 28, 2009, the Court entered an Order (the "**Supplemental Retention
Order**") [Docket No. 1097] approving the *Debtors' Supplemental Application for an Order
Expanding the Scope of the Retention of Jenner & Block LLP as Special Counsel for Certain
Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to March 5, 2009*
(the "**Supplemental Retention Application**"). The Supplemental Retention Application sought
clarification of the scope of Jenner's representation to allow Jenner to assist the Debtors with
responding to a subpoena issued by the Department of Labor on March 2, 2009. Jenner
continues to advise and assist the Debtors in connection with the DOL inquiry.

---

Fee Applications, covering February through May 2012, did not include the entries that are being submitted in the
current Application.

4.    Jenner submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

### Applicable Standards

5.    In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

6.    The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

7.    Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all

relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

8.     A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

9.     The Fee Examiner completed the evaluation of Jenner's Fee Application, the Retention Application, the Retention Order, the Supplemental Retention Application, the Supplemental Retention Order, the Interim Compensation Order, and all related filings. The Fee Examiner submits this Final Report for the Court's consideration. This Final Report is in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of the applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and will also inform the Court of all proposed consensual resolutions of

the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

## DISCUSSION OF FINDINGS

### Technical Requirements

10.  **Reconciliation of Fees and Expenses.**  The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**").  The Fee Examiner determined that the Fees Requested exceeded the Fees Computed (after accounting for discounts and Tribune's share) by $69.92, resulting in an apparent overcharge. The discrepancy was the result of task hours within several entries that did not equal the time billed for the entry as a whole, as displayed in **Exhibit A** to the Preliminary Report.  The firm agreed with the Fee Examiner's calculations, which resulted in a fee reduction of $69.92. Exhibit A is omitted from the Final Report.

The Fee Examiner notes that, with regard to the Aereo matter, Jenner has provided a 10% discount for all timekeepers and an additional reduction of approximately 2.6% for the associates. The responsibility for the billing to the Aereo matter was also shared among three parties, with Tribune being responsible for a 25% share.  This Report is based on the fees computed by the Fee Examiner after adjusting the hourly billing rates to reflect the discounts and share percentage.

The Fee Examiner further determined that there was no discrepancy between the Expenses Requested and the Expenses Computed.  The figures in this Report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

11.    **Block Billing.** The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*. The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[3] The Delaware Bankruptcy Court has found that time entries that generally only combine work on one issue, and a conference/communication with the client or opposing counsel on the same issue, while technically block billing, will not be objectionable.[4] Jenner block billed entries totaling 1,068.94 hours and $155,455.45 in associated fees. The entries were displayed in **Exhibit B**[5] to the Preliminary Report. Based upon precedent established by this Court, however, the objectionable block billed entries totaled 167.30 hours with $24,745.32 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit. Jenner was invited to comment on the firm's block billing and/or to bring the entries into substantial compliance. In response, Jenner provided additional information for the majority of the blocked entries, which brought them within substantial compliance. The firm also agreed to a 50% reduction for two entries, which included travel time. The agreed reductions for these two entries totaled $1,519.63 ($970.32 plus $549.31). With regard to three other entries, the firm and the Fee Examiner had additional discussions, which resulted in a

---

[3] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction. *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

[4] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

[5] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

compromised fee reduction in the amount of $3,036.15 ($263.25 plus $1,316.25 plus $1,456.65). The total agreed fee reduction is $4,555.78. No further fee reduction is appropriate, and Exhibit B has been omitted from the Final Report.

12. **Time Increments.** The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*. The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*. Billing in greater than 0.10 hour increments is a practice that lends itself to the potential of increased rounding of time, thereby increasing the likelihood that the reported time charged is inflated. It is a practice widely criticized by courts and legal scholars and is typically prohibited by sophisticated consumers of legal services as it can result in the billing of time over and above the amount of time actually expended to perform a particular activity.

Twelve Jenner timekeepers invoiced 75% or more of their fee entries using whole hour or half hour time increments; however, only six of these timekeepers invoiced a total of five or more tasks during this interim period. Of those six timekeepers, 100% of the fee entries billed by a paralegal and a partner were recorded in whole or half hour time increments. The Fee Examiner further noted that two other paralegals and two other partners billed 75% or more of their embedded fee entries in whole or half hour time increments. A rate of more than 75% of any timekeeper's fee entries being recorded in whole or half hour increments calls into question whether the timekeeper is accurately and contemporaneously recording his or her time in 0.10 hour increments. Additionally, some of the time entries were billed in quarter-hour increments. **Exhibit C** to the Preliminary Report displayed all of the questioned time entries, which totaled 998.40 hours with $114,546.55 in associated fees. The Fee Examiner requested that Jenner explain the veracity of these billing patterns. In response, the firm provided

additional information regarding the questioned time. In addition, the firm and the Fee Examiner had a follow up discussion regarding the entries. The Fee Examiner and the firm agreed to a compromise, wherein the firm agreed to a fee reduction in the amount of $5,727.33. No further fee reduction is warranted and Exhibit C has been omitted from the Final Report.

13.     **Redacted Fee Entries.**  Jenner provided the Fee Examiner with certain un-redacted copies of its billing invoices. The Fee Examiner found that all of the redacted entries coincided with the un-redacted invoice. The Fee Examiner requested that Jenner continue to provide all un-redacted versions of any of its redacted invoices with all future fee application submissions. As agreed, the Fee Examiner will continue to treat the un-redacted invoices as privileged and confidential.

**Review of Fees**

14.     **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii).* The Fee Application provided the names, positions, and hourly rates of the 28 Jenner professionals and paraprofessionals who billed to this matter, consisting of 13 partners, 9 associates, and 6 paralegals. In addition, 7 contract attorneys employed by LegalSource reviewed documents produced by Aereo third party investors and marketing firms pursuant to subpoenas. A summary of hours and fees billed by each timekeeper is displayed in **Exhibit D**.

The firm billed a total of 5,079.30 hours with associated fees of $644,124.08.[6]  The following table displays the hours computed by timekeeper position and the percentage of total hours for each position:

| Position | Hours | Percentage of Total Hours |
|---|---|---|
| Partner | 2,748.80 | 54% |
| Associate | 1,917.30 | 38% |
| Paralegal | 227.50 | 4% |
| Contract Attorney | 185.70 | 4% |
| TOTAL | 5,079.30 | 100% |

15.    **Hourly Rate Increases.**  The Fee Examiner noted that only four of the timekeepers billing in this Application have previously billed to the Tribune matter.  With regard to those four timekeepers, Jenner did not increase their hourly rates during this interim period.

16.    **Timekeepers' Roles.**  A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*.  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.  On the whole, each timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

17.    **Meetings, Conferences, Hearings, and Other Events.**  The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" *Local Rule 2016-2(d)(ix)*, and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*.  While it may be appropriate to have multiple attendees at some

---

[6] This amount reflects the Fees Computed, after accounting for discounts and Tribune's share.

meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified numerous occasions where two or more Jenner timekeepers attended the same meeting, conference, hearing, or other event. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. All of the entries describing multiple attendees at meetings, conferences, hearings or other events, totaling 661.14 hours with $94,076.22 in associated fees, were displayed in **Exhibit E** to the Preliminary Report. In each instance where multiple timekeepers attended a meeting, conference, hearing or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference), typically the most senior attendee. The potentially duplicative and unnecessary timekeepers' entries totaled 374.38 hours with $46,294.82 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response to the Preliminary Report, Jenner provided a detailed explanation of the roles played by its professionals in the questioned entries, and the need for more than one timekeeper at each of the questioned meetings, conferences, and/or events. With the additional information provided, Jenner has substantially complied with the Local Rules and UST Guidelines and, accordingly, a fee reduction is not appropriate. Exhibit E is omitted from this Report.

18.    **Intraoffice Conferences.**    Frequent intraoffice conferencing may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified billing activities by Jenner timekeepers describing intraoffice

conferences totaling 309.67 hours with $43,508.30 in associated fees, or approximately 7% of the total Fees Computed (computed at the discounted rate), were displayed in **Exhibit F** to the Preliminary Report. In certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference. The entries describing intraoffice conferences invoiced by two or more firm personnel totaled 190.00 hours with $27,639.85 in associated fees, were highlighted in bold and marked with an ampersand [&] in the Exhibit. The Fee Examiner requested that Jenner strive to eliminate unnecessary intraoffice conferencing, and further requested that the firm provide an explanation for the necessity of more than one participant billing for the same intraoffice conferences identified in the exhibit.

Jenner first responded by stating it has made a concerted effort to minimize all unnecessary intraoffice conferencing. The firm also provided additional information for each questioned entry, in support of its position that more than one Jenner attorney was required in order to most effectively and efficiently provide legal service to Debtors. Based upon the explanation and additional detail provided by Jenner, the Fee Examiner makes no recommendation for a fee reduction. Exhibit F has been omitted from this Report.

19.    **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix).* The UST Guidelines provide that "time entries for telephone calls, letters, and other

communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.

      a.    **Vague Communications.**  The Fee Examiner identified entries totaling 89.85 hours with $13,995.97 in associated fees in which a conference or other communication was not described with sufficient detail. This lack of detail hinders a reviewer's ability to determine the reasonableness and necessity of the activity, and is in violation of the applicable guidelines. The entries were displayed in **Exhibit G** to the Preliminary Report. The Fee Examiner asked Jenner to comment on or provide the missing information to bring the questioned time entries into compliance. In response, Jenner submitted a detailed spreadsheet that provided the missing participant and/or subject matter information for some of the questioned entries, which brought them into compliance. For certain other questioned entries, Jenner agreed to a voluntary fee reduction of $2,472.57. With regard to the remaining entries, the Fee Examiner and the Firm reached a compromise wherein Jenner agreed to an additional fee reduction of $3,669.57. The total agreed fee reduction is $6,142.14. No further fee reduction is warranted, and Exhibit G has been omitted from the Final Report.

      b.    **Other Vague Tasks.**  The Fee Examiner reviewed the substantive detail of each billing entry and identified 201.10 hours with $28,209.55 in associated fees where the Fee Examiner could not determine the precise nature of the services performed by the timekeeper. The entries were displayed in **Exhibit H** to the Preliminary Report. As reflected in the Local Rules and UST Guidelines, billing entries must adequately describe the services actually performed to allow a determination of whether the task was staffed appropriately, whether the task involved the exercise of legal judgment, and/or whether the task was duplicated

by other timekeepers.[7]  Jenner was asked to comment on or provide the missing information to bring the questioned tasks into compliance.  In response, Jenner submitted a detailed spreadsheet that provided the missing information for the majority of the questioned tasks, which brought them into compliance.  For a few other questioned tasks, the Fee Examiner and the Firm reached a compromise wherein Jenner agreed to an additional fee reduction of $4,535.72.  No further fee reduction is warranted, and Exhibit H has been omitted from the Final Report.

20.    **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.  Pending additional information from Jenner, the Fee Examiner intends to recommend a fee reduction resulting from the 47.70 hours and $7,461.99 in associated fees displayed in **Exhibit I** to the Preliminary Report, which appeared to be administrative activities.  In response, Jenner provided some additional information regarding the questioned activities.  The additional detail removed some entries from the administrative classification.  However, the firm's response confirmed the administrative nature of other activities or simply made the activities vague.  The Fee Examiner and the Firm reached a compromise wherein Jenner agreed to fee reduction in the amount of $1,865.50.  No further fee reduction is appropriate, and Exhibit I has been omitted from the Final Report.

21.    **Clerical Activities.**  Clerical activities do not require legal acumen, and may be effectively performed by administrative assistants, secretaries, or support personnel.  Similar to administrative activities, clerical activities are generally not billable and are considered to be part of the firm's overhead.  In the 3rd Circuit, however, some clerical and non-clerical activities may be compensable at a rate commensurate with the level of expertise or knowledge typically found

---

[7] Vague entries do not allow the court to determine the reasonableness and necessity of the effort expended, and fees may be denied or reduced when insufficiently documented.  *E.g.*, *In re Bennett Funding, Inc.*, 213 B.R. 234, 245-46 (Bankr. N.D.N.Y. 1997).  Entries for legal research must identify the issue and explain the research need.  *In re Fibermark, Inc.*, 349 B.R. 385, 397 (Bankr. D. Vt. 2006).

to be necessary to complete the task. The questioned entries were displayed in **Exhibit J** to the Preliminary Report and totaled 17.23 hours with $1,165.19 in associated fees. Jenner provided additional information regarding the questioned entries. The additional detail removed the entries from the clerical-type classification. A fee reduction is not warranted and, Exhibit J has been omitted from this Report.

22.    **Travel.** The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. The Fee Examiner identified three tasks describing non-working travel that were billed at full rate. The entries were displayed in **Exhibit K** to the Preliminary Report. The firm responded by agreeing to the 50% reduction in travel fees, which resulted in a fee reduction of $1,718.28. Exhibit K has been omitted from the Final Report.

23.    **Jenner Retention/Compensation.** Jenner billed 4.80 hours with associated fees of $2,328.00 to prepare the firm's retention documents and applications for compensation, less than 1% of the Fees Computed (after accounting for discounts and Tribune's share). The fee entries describing Jenner's retention/compensation activities are displayed in **Exhibit L**, which is included in the Final Report for the Court's reference.

**Review of Expenses**

24.    **Itemization of Expenses.** The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*. The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination),

[the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*. Jenner provided an itemization for its expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge. The expense entries were shown on the Exhibits to the Preliminary Report at the full amount billed rather than Tribune's 25% share.

25. **Photocopies.** The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii)*. Jenner stated in the Application that the firm's standard rate for duplication is $0.10 per page. The Fee Examiner requested that Jenner provide additional information regarding the charges displayed in **Exhibit M** to the Preliminary Report, including the method of calculation for these charges. In response, Jenner verified that the standard charges ranged from $0.06 per page to $0.10 per page. No reduction is necessary and Exhibit M has been omitted from this report.

26. **Vaguely Described Travel Expenses.** Jenner requested reimbursement for the travel expenses, which were displayed in **Exhibit N** to the Preliminary Report. The Fee Examiner requested detailed itemization and/or supporting documentation for these charges including the type of charges incurred (airfare, lodging, etc.) and the amount of each charge. With regard to meals, the Fee Examiner requested that the firm provide the number of attendees for each meal. The Fee Examiner has recommended and the Court has followed certain per person ceilings for meals incurred during travel (i.e. breakfast - $15.00, lunch - $25.00, and dinner - $50.00). With regard to lodging, the Fee Examiner requested the firm provide the number of nights associated with each stay. The Fee Examiner has recommended and the Court has followed a domestic lodging ceiling of $350.00 per night. The firm responded by providing

back-up documentation for all of the corresponding travel expenses. The Fee Examiner thoroughly examined the documentation submitted and had follow up discussions with Jenner regarding the analysis of the same. As a result, Jenner agreed to a voluntary expense reduction in the amount of $3,231.93. Exhibit N has been omitted from this Report.

27.    **Request for Additional Information.** The Fee Examiner requested that Jenner provide documentation and/or a detailed explanation for the expenses displayed in **Exhibit O** to the Preliminary Report. The firm responded by providing back-up documentation for all of the corresponding expenses. The Fee Examiner thoroughly examined the documentation submitted and had follow up discussions with Jenner regarding the analysis of the same. As a result, Jenner agreed to a voluntary expense reduction in the amount of $15,978.33. Exhibit O has been omitted from the Final Report.

## CONCLUSION

The Fee Examiner submits this final report regarding Jenner's Application and the fees discussed above. The Fee Examiner recommends the approval of fees in the amount of $619,579.33 ($644,194.00 minus $24,614.67) and the reimbursement of expenses that total $122,436.24 ($141,646.50 minus $19,210.26) for the period February 1, 2012 through August 31, 2012. The findings are set forth in the summary on the following page.

**JENNER & BLOCK LLP**
**SUMMARY OF FINDINGS**
**Fifteenth Quarterly Application (February 1, 2012 through August 31, 2012)**

**A.    Amounts Requested and Computed**

| | | |
|---|---:|---:|
| Fees Requested | $644,194.00 | |
| Expenses Requested | 141,646.50 | |
| **TOTAL FEES AND EXPENSES REQUESTED** | | $785,840.50 |
| Fees Computed | $644,124.08 | |
| Expenses Computed | 141,646.50 | |
| **TOTAL FEES AND EXPENSES COMPUTED** | | $785,770.58 |
| Discrepancy in Fees | $     69.92 | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $     69.92 |

**B.    Recommended Fee Allowance and Expense Reimbursement**

| | | |
|---|---:|---:|
| Fees Requested | $644,194.00 | |
| *Agreed Reduction for Discrepancy in Fees* | *($     69.92)* | |
| *Agreed Reduction for Block Billing* | *(4,555.78)* | |
| *Agreed Reduction for Time Increments* | *(5,727.33)* | |
| *Agreed Reduction for Vague Communications* | *(6,142.14)* | |
| *Agreed Reduction for Other Vague Tasks* | *(4,535.72)* | |
| *Agreed Reduction for Administrative Activities* | *(1,865.50)* | |
| *Agreed Reduction for Travel* | *(1,718.28)* | |
| Subtotal | *($24,614.67)* | |
| **RECOMMENDED FEE ALLOWANCE** | | $619,579.33 |
| Expenses Requested | $141,646.50 | |
| *Agreed Reduction for Travel Expenses* | *($ 3,231.93)* | |
| *Agreed Reduction for Other Expenses* | *(15,978.33)* | |
| Subtotal | *($19,210.26)* | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 122,436.24 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $742,015.57 |

Respectfully submitted,

**STUART MAUE**

By: _____

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 16th day of April, 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for Prepetition
Lenders, JP Morgan Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

David J. Bradford, Esq.
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654-3456

_____
John F. Theil, Esq.

**EXHIBIT D**
**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**
**Jenner & Block LLP**

| INITIALS | NAME | POSITION | FULL HOURLY RATE | 25% OF DISCOUNTED HOURLY RATE (TRIBUNE'S SHARE) | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| DJB | Bradford, David J. | PARTNER | $1,000.00 | $225.00 | 30.00 | $ 6,750.00 |
| KLD | Doroshow, Kenneth L. | PARTNER | $685.00 | $154.12 | 21.80 | $ 3,359.82 |
| SRE | Englund, Steven R. | PARTNER | $765.00 | $172.12 | 175.20 | $ 30,155.42 |
| SBF | Fabrizio, Steven B. | PARTNER | $750.00 | $168.75 | 756.00 | $ 127,575.00 |
| AMG | Gallegos, Amy M. | PARTNER | $625.00 | $140.62 | 60.00 | $ 8,437.20 |
| WMH | Hohengarten, William M. | PARTNER | $675.00 | $151.88 | 58.50 | $ 8,884.98 |
| KDK | Klein, Kenneth D. | PARTNER | $780.00 | $175.50 | 601.60 | $ 105,580.80 |
| GPS | Servodidio, Gianni P. | PARTNER | $675.00 | $151.87 | 1.00 | $ 151.87 |
| JZS | Shepard, Julie Ann | PARTNER | $655.00 | $147.37 | 41.90 | $ 6,174.80 |
| DRS | Singer, David R. | PARTNER | $640.00 | $144.00 | 8.50 | $ 1,224.00 |
| PMS | Smith, Paul M. | PARTNER | $950.00 | $213.75 | 99.50 | $ 21,268.13 |
| RLS | Stone, Richard L. | PARTNER | $780.00 | $175.50 | 86.50 | $ 15,180.75 |
| SBW | Wilkens, Scott B. | PARTNER | $585.00 | $131.63 | 808.30 | $ 106,396.53 |
| **Subtotal - PARTNER** | | | | | **2,748.80** | **$ 441,139.30** |
| JNF | Friedman, Joshua N. | ASSOCIATE | $440.00 | $96.37 | 757.20 | $ 72,971.36 |
| EAG | Glickstein, Ethan A. | ASSOCIATE | $500.00 | $109.51 | 380.10 | $ 41,624.75 |
| MKJ | Jenkins, Marina K. | ASSOCIATE | $395.00 | $86.51 | 534.00 | $ 46,196.34 |
| CDL | Lopez, Caroline D. | ASSOCIATE | $490.00 | $107.32 | 9.20 | $ 987.34 |
| AAM | Moeller, Anthony A. | ASSOCIATE | $295.00 | $64.61 | 123.70 | $ 7,992.26 |
| MEP | Price, Matthew E. | ASSOCIATE | $555.00 | $121.56 | 76.90 | $ 9,347.96 |
| JLW | Wagman, Jennifer L. | ASSOCIATE | $500.00 | $109.51 | 4.50 | $ 492.80 |
| JZW | Wilson, J. Douglas | ASSOCIATE | $490.00 | $107.32 | 26.90 | $ 2,886.91 |
| LSR | Raiford, Landon S. | ASSOCIATE | $485.00 | $485.00 | 4.80 | $ 2,328.00 |
| **Subtotal - ASSOCIATE** | | | | | **1,917.30** | **$ 184,827.72** |
| LKA | Azize, Lamia K. | PARALEGAL | $285.00 | $64.12 | 1.00 | $ 64.12 |
| WHB | Bostwick, William H. | PARALEGAL | $165.00 | $37.12 | 43.20 | $ 1,603.58 |
| AZC | Crowe, Allison | PARALEGAL | $245.00 | $55.13 | 125.50 | $ 6,918.82 |
| KNK | Kirschner, Kelly N. | PARALEGAL | $180.00 | $40.50 | 47.30 | $ 1,915.65 |
| CLO | Olson, Cheryl L. | PARALEGAL | $295.00 | $66.38 | 7.90 | $ 524.40 |
| JQS | Schneider, Jeremy M. | PARALEGAL | $285.00 | $64.13 | 2.60 | $ 166.74 |
| **Subtotal - PARALEGAL** | | | | | **227.50** | **$ 11,193.31** |
| HA | Allaire, Halley | CONTR ATTY | $150.00 | $37.50 | 33.30 | $ 1,248.75 |

**EXHIBIT D**
**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**
**Jenner & Block LLP**

| INITIALS | NAME | POSITION | FULL HOURLY RATE | 25% OF DISCOUNTED HOURLY RATE (TRIBUNE'S SHARE) | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| DA | Awusah, Daria | CONTR ATTY | $150.00 | $37.50 | 36.30 | $ 1,361.25 |
| FD | Daly, Fred | CONTR ATTY | $150.00 | $37.50 | 22.00 | $ 825.00 |
| JD | Deering, Jenikka | CONTR ATTY | $150.00 | $37.50 | 21.30 | $ 798.75 |
| ARH | Hauck, Adam R. | CONTR ATTY | $150.00 | $37.50 | 35.30 | $ 1,323.75 |
| DLT | Thurman, Denise Lauretti | CONTR ATTY | $150.00 | $37.50 | 21.00 | $ 787.50 |
| GPW | Webre, Gerald Patrick | CONTR ATTY | $150.00 | $37.50 | 16.50 | $ 618.75 |
| **Subtotal - CONTRACT ATTORNEY** | | | | | **185.70** | **$ 6,963.75** |
| **GRAND TOTAL** | | | | | **5,079.30** | **$ 644,124.08** |

EXHIBIT L

JENNER RETENTION/COMPENSATION

Jenner & Block LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Railford, L | 4.80 | 2,328.00 |
| | 4.80 | $2,328.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Application | 4.80 | 2,328.00 |
| | 4.80 | $2,328.00 |

EXHIBIT L  PAGE 1 of  3

EXHIBIT L
JENNER RETENTION/COMPENSATION
Jenner & Block LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| 06/05/12 Tue | Raiford, L 9238810/768 | 1.00 | 1.00 | 485.00 | | 1 | MATTER NAME: Fee Application<br>{ L210 } {A103} DRAFTED RESPONSE TO FEE EXAMINER RE TENTH FEE APPLICATION. |
| 06/06/12 Wed | Raiford, L 9238810/769 | 0.50 | 0.50 | 242.50 | | 1 | MATTER NAME: Fee Application<br>{ L210 } {A103} EDITED RESPONSE TO FEE EXAMINER'S REPORT RE TENTH QUARTERLY. |
| 06/26/12 Tue | Raiford, L 9238810/770 | 0.30 | 0.30 | 145.50 | | 1 | MATTER NAME: Fee Application<br>{ L210 } {A103} DRAFTED RESPONSE TO FEE EXAMINER'S FOLLOW-UP INQUIRY RE TENTH INTERIM FEE APPLICATION. |
| 07/06/12 Fri | Raiford, L 9240403/934 | 0.30 | 0.30 | 145.50 | | 1 | MATTER NAME: Fee Application<br>{ L120 } {A103} DRAFTED MONTHLY FEE APPLICATION FOR MARCH MAY 2012. |
| 07/10/12 Tue | Raiford, L 9240403/935 | 0.80 | 0.80 | 388.00 | | 1 | MATTER NAME: Fee Application<br>{ L120 } {A103} DRAFTED QUARTERLY REE APPLICATION FOR MARCH TO MAY 2012. |
| 07/11/12 Wed | Raiford, L 9240403/936 | 0.60 | 0.60 | 291.00 | 0.20 F<br>0.40 F | 1<br>2 | MATTER NAME: Fee Application<br>{ L120 } {A104} REVIEWED MARCH TO MAY 2012 MONTHLY APPLICATION BEFORE FILING (.2);<br>EDITED TRIBUNE QUARTERLY FOR MARCH TO MAY 2012 (.4). |
| 07/12/12 Thu | Raiford, L 9240403/937 | 0.20 | 0.20 | 97.00 | | 1 | MATTER NAME: Fee Application<br>{ L120 } {A104} REVIEWED TRIBUNE QUARTERLY BEFORE FILING. |
| 08/02/12 Thu | Raiford, L 9242616/1195 | 0.80 | 0.80 | 388.00 | | 1 | MATTER NAME: Fee Application<br>{ L120 } {A104} DRAFTED RESPONSE TO FEE EXAMINER REPORT RE ELEVENTH QUARTERLY FEE APPLICATION. |
| 08/06/12 Mon | Raiford, L 9242616/1196 | 0.30 | 0.30 | 145.50 | | 1 | MATTER NAME: Fee Application<br>{ L120 } {A104} EDITED RESPONSE TO FEE EXAMINER REPORT RE ELEVENTH QUARTERLY FEE APPLICATION. |
| Total | | | 4.80 | $2,328.00 | | | |

Number of Entries:    9

~ See the last page of exhibit for explanation

EXHIBIT L PAGE 2 of 3

EXHIBIT L

JENNER RETENTION/COMPENSATION

Jenner & Block LLP

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Raiford, L | 4.80 | 2,328.00 |
| | 4.80 | $2,328.00 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Application | 4.80 | 2,328.00 |
| | 4.80 | $2,328.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL

EXHIBIT L  PAGE 3 of  3