## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | ) | Chapter 11 |
| In re: | ) | |
| | ) | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, *et al.*, | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objections Due: May 8, 2013 at 4:00 p.m.** |
| | ) | **Hearing Date: To be determined** |
| | ) | |

**AMENDED MONTHLY APPLICATION FOR NOVEMBER - DECEMBER 2012 AND
AMENDED FINAL QUARTERLY APPLICATION OF JENNER & BLOCK LLP, AS
SPECIAL COUNSEL TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
(I) DECEMBER 1, 2012 THROUGH DECEMBER 31, 2012;
AND (II) DECEMBER 8, 2008 THROUGH DECEMBER 31, 2012**

| | |
|---|---|
| Name of Applicant: | Jenner & Block LLP |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | February 20, 2009, *nunc pro tunc* to December 8, 2008 |
| Period for which Compensation and Expense Reimbursement is Sought: | December 1, 2012 to December 31, 2012 and<br>December 8, 2008 to December 31, 2012 |
| Amount of Compensation Sought As Actual, Reasonable and Necessary: | $15,124.65 for December 1, 2012 to December 31, 2012.<br>$2,761,566.47 for December 8, 2008 through December 31, 2012 |
| Amount Expenses Sought As Actual, Reasonable and Necessary: | $31,289.55 for December 1, 2012 to December 31, 2012.<br>$238,422.04 for December 8, 2008 through December 31, 2012 |

This is a Quarterly Application.

Prior Quarterly Applications Filed:

> First Quarterly Application of Jenner Block LLP, as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period December 8, 2008 through February 28, 2009 seeking compensation in the amount of $463,471.00 and

reimbursement of expenses in the amount of $12,013.37 (Docket No. 1030) (the "First Quarterly Application")

Second Quarterly Application of Jenner Block LLP, as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period March 1, 2009 through May 31, 2009 seeking compensation in the amount of $448,140.64 and reimbursement of expenses in the amount of $11,721.03 (Docket No. 1743) (the "Second Quarterly Application")

Third Quarterly Application of Jenner Block LLP, as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period June 1, 2009 through August 31, 2009 seeking compensation in the amount of $484,368.46 and reimbursement of expenses in the amount of $1,355.52 (Docket No. 2349) (the "Third Quarterly Application")

Fourth Quarterly Application of Jenner Block LLP, as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period September 1, 2009 through November 30, 2009 seeking compensation in the amount of $188,859.03 and reimbursement of expenses in the amount of $2,498.60 (Docket No. 3125, as amended by Docket No. 3153) (the "Fourth Quarterly Application")

Fifth Quarterly Application of Jenner Block LLP, as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period December 1, 2009 through February 28, 2010 seeking compensation in the amount of $199,975.00 and reimbursement of expenses in the amount of $2,475.20 (Docket No. 4066) (the "Fifth Quarterly Application")

Sixth Quarterly Application of Jenner Block LLP as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period March 1, 2010 through May 31, 2010 seeking compensation in the amount of $160,565.50 and reimbursement of expenses in the amount of $2,659.64 (Docket No. 5036) (the "Sixth Quarterly Application")

Seventh Quarterly Application of Jenner Block LLP as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period June 1, 2010 through August 31, 2010 seeking compensation in the amount of $593,565.00 and reimbursement of expenses in the amount of $16,674.88 (Docket No. 5990) (the "Seventh Quarterly Application")

Eighth Quarterly Application of Jenner Block LLP as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period September 1, 2010 through November 30, 2010 seeking compensation in the amount of $47,764.60 and reimbursement of expenses in the amount of $3,152.56 (Docket No. 7520) (the "Eighth Quarterly Application")

Ninth Quarterly Application of Jenner Block LLP as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period December 1, 2010 through February 28, 2011 seeking compensation in the amount of $9,289.00 and reimbursement of expenses in the amount of $65.84 (Docket No. 8601) (the "Ninth Quarterly Application").

Tenth Quarterly Application of Jenner Block LLP as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period March 1, 2011 through May 31, 2011 seeking compensation in the amount of $178,556.00 and reimbursement of expenses in the amount of $7,783.24 (Docket No. 9472) (the "Tenth Quarterly Application").

Eleventh Quarterly Application of Jenner Block LLP as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period June 1, 2011 through August 31, 2011 seeking compensation in the amount of $48,220.50 and reimbursement of expenses in the amount of $2,821.04 (Docket No. 10007) (the "Eleventh Quarterly Application").

Twelfth Quarterly Application of Jenner Block LLP as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period September 1, 2011 through November 30, 2011 seeking compensation in the amount of $1,889.00 and reimbursement of expenses in the amount of $0.00 (Docket No. 10617) (the "Twelfth Quarterly Application").

Twelfth Quarterly Application of Jenner Block LLP as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period September 1, 2011 through November 30, 2011 seeking compensation in the amount of $1,889.00 and reimbursement of expenses in the amount of $0.00 (Docket No. 10617) (the "Twelfth Quarterly Application").

Thirteenth Quarterly Application of Jenner Block LLP as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period December 1, 2011 through February 29, 2012 seeking compensation in the amount of $3,166.50 and reimbursement of expenses in the amount of $0.00 (Docket No. 11383) (the "Thirteenth Quarterly Application").

Fourteenth Quarterly Application of Jenner Block LLP as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period March 1, 2012 through May 31, 2012 seeking compensation in the amount of $1,694.50 and reimbursement of expenses in the amount of $0.00 (Docket No. 12006) (the "Fourteenth Quarterly Application").

Fifteenth Quarterly Application of Jenner Block LLP as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period February 1, 2012 through August 31, 2012 seeking compensation in the amount of $600,073.30

and reimbursement of expenses in the amount of $141,646.50 (Docket No. 12565) (the "Fifteenth Quarterly Application").

Sixteenth Quarterly Application of Jenner Block LLP as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period September 1, 2012 through November 30, 2012 seeking compensation in the amount of $600,073.30 and reimbursement of expenses in the amount of $193,181.21 (Docket No. 13058) (the "Sixteenth Quarterly Application").

Summary of Time Recorded

December 1, 2012 through December 31, 2012

## ATTORNEYS

| PARTNERS | | | | | |
|---|---|---|---|---|---|
| Full Name | Department | Year of Admission | Rate | Time | Amount |
| David J. Bradford | Litigation | 1976 | 1,000 | 2.75 | $2,750.00 |
| Paul M. Smith | Litigation | 1981 | 950 | 1.10 | $1,045.00 |
| Steven B. Fabrizio | Litigation | 1989 | 750 | .30 | $225.00 |
| Kenneth L. Doroshow | Litigation | 1991 | 685 | .20 | $137.00 |
| Julie A. Shepard | Litigation | 1994 | 655 | 1.50 | $982.50 |
| Andrew W. Vail | Litigation | 2003 | 575 | 9.00 | $5,175.00 |
| Benjamin J. Bradford | Litigation | 2005 | 555 | 3.00 | $1,665 |
| **PARTNER TOTALS** | | | | **17.85** | **$11,979.50** |

| ASSOCIATES | | | | | |
|---|---|---|---|---|---|
| Full Name | Department | Year of Admission | Rate | Time | Amount |
| Matthew E. Price | Litigation | 2007 | 555 | .10 | $55.50 |
| Jennifer L. Wagman | Litigation | 2008 | 500 | 1.00 | $500.00 |
| Landon S. Raiford | Commercial | 2008 | 485 | 2.40 | $1,164.00 |
| Joshua N. Friedman | Litigation | 2009 | 440 | .20 | $88.00 |
| Laura E.B. Hulce | Litigation | 2012 | 335 | 10.50 | $3,517.50 |
| **ASSOCIATE TOTALS** | | | | **14.20** | **$5,325.00** |

## PARALEGALS AND PROJECT ASSISTANTS

| Full Name | Rate | Time | Amount |
|---|---|---|---|
| Kelly N. Kirschner | 180 | 4.50 | $810.00 |
| **PARALEGAL AND PROJECT ASSISTANT TOTALS** | | **4.50** | **$810.00** |

Total dollar amount of services rendered (Attorneys and Paraprofessionals): $18,114.50[1]

ATTORNEYS BLENDED HOURLY RATE: $496.29

---

[1] This number summarizes the value of all of Jenner's services. As described in more detail in the fee application, Jenner only seeks payment from the Debtors of $15,124.65 for fees during the Interim Application Period.

DECEMBER 8, 2008 THROUGH DECEMBER 31, 2012

Summary of Time Recorded

(Note: This Summary Provides All Time Recorded and Does Not Reflect Adjustments Made By Court Order Or Reflect Fees And Expenses Paid By Non-Debtor Parties

## PARTNERS

| Full Name | Department | Year of Admission | Rate | Time | Amount |
|---|---|---|---|---|---|
| David Bradford | Litigation | 1976 | 1,000 | 33.15 | $33,150.00 |
| | | | 925 | 328.00 | $303,400.00 |
| | | | 875 | 184.60 | $161,525.00 |
| | | | 800 | 8.60 | $6,880.00 |
| Paul M. Smith | Litigation | 1981 | 950 | 255.90 | $243,105.00 |
| Craig C. Martin | Litigation | 1988 | 850 | 4.50 | $3,825.00 |
| | | | 775 | 0.50 | $387.50 |
| Jerold Oshinsky | Litigation | 1967 | 850 | 9.50 | $8,075.00 |
| William L. Scogland | Employee Benefits | 1975 | 850 | 28.60 | $24,310.00 |
| | | | 800 | 1.40 | $1,120.00 |
| Lee A. Freeman Jr. | Litigation | 1965 | 800 | 0.70 | $560.00 |
| Kenneth D. Klein | Litigation | 1973 | 780 | 611.30 | $476,814.00 |
| Richard L. Stone | Litigation | 1983 | 780 | 201.00 | $156,780.00 |
| Catherine L. Steege | Commercial | 1982 | 775 | 4.50 | $3,487.50 |
| | | | 725 | 44.20 | $32,045.00 |
| Vincent E. Lazar | Commercial | 1990 | 750 | 0.60 | $450.00 |
| | | | 700 | 0.30 | $210.00 |
| Steven R. Englund | Litigation | 1990 | 765 | 198.30 | $151,699.50 |
| Barry Levenstam | Litigation | 1978 | 750 | 7.20 | $5,400.00 |
| | | | 700 | 21.60 | $15,120.00 |
| | | | 675 | 4.20 | $2,835.00 |
| Marc B. Hankin | Commercial | 1992 | 750 | 41.70 | $31,275.00 |
| | | | 725 | 59.10 | $42,847.50 |
| Steven B. Fabrizio | Litigation | 1989 | 750 | 855.90 | $641,925.00 |
| Larry P. Ellsworth | Litigation | 1972 | 700 | 13.40 | $9,380.00 |
| Kenneth L. Doroshow | Litigation | 1991 | 685 | 37.30 | $25,550.50 |
| Gianni P. Servodidio | Litigation | 1994 | 675 | 1.00 | $675.00 |
| James L. Thompson | Litigation | 1988 | 675 | 1.50 | $1,012.50 |
| Michael T. Wolf | Corporate | 1998 | 675 | 1.50 | $1,012.50 |

| William M. Hohengarten | Litigation | 1995 | 675 | 58.50 | $39,487.50 |
|---|---|---|---|---|---|
| David M. Kroeger | Litigation | 1992 | 660 | 1.80 | $1,188.00 |
| Julie A. Shepard | Litigation | 1994 | 655 | 43.40 | $28,427.00 |
| Marc A. Goldman | Litigation | 1995 | 650 | 12.50 | $8,125.00 |
| David R. Singer | Litigation | 1999 | 640 | 8.50 | $5,440.00 |
| Amy M. Gallegos | Litigation | 2000 | 625 | 208.60 | $130,375.00 |
| David M. Greenwald | Litigation | 1986 | 625 | 1.30 | $812.50 |
|  |  |  | 600 | 49.90 | $29,940.00 |
| Debbie L. Berman | Litigation | 1990 | 625 | 30.40 | $19,000.00 |
| Carla J. Rozycki | Labor & Employment | 1977 | 600 | 0.50 | $300.00 |
|  |  |  | 550 | 19.70 | $10,835.00 |
| Daniel J. Weiss | Litigation | 1998 | 600 | 65.60 | $39,360.00 |
| David C. Layden | Litigation | 1993 | 600 | 139.20 | $83,520.00 |
| John F. Kinney | Litigation | 1973 | 600 | 0.70 | $420.00 |
| Jorge M. Leon | Employee Benefits | 1998 | 595 | 3.90 | $2,320.50 |
| Scott B. Wilkens | Litigation | 2003 | 585 | 903.90 | $528,781.50 |
| Andrew W. Vail | Litigation | 2003 | 575 | 9.00 | $5,175.00 |
| Amanda S. Amert | Litigation | 2000 | 555 | 11.50 | $6,382.50 |
|  |  |  | 540 | 22.90 | $12,366.00 |
| Benjamin J. Bradford | Litigation | 2005 | 555 | 3.00 | $1,665 |
| Matthew E. Price | Litigation | 2007 | 555 | 153.00 | $84,915.00 |
| Andrew W. Vail | Litigation | 2003 | 550 | 4.10 | $2,255.00 |
|  |  |  | 540 | 14.20 | $7,668.00 |
| Douglas A. Sondgeroth | Litigation | 2002 | 550 | 173.60 | $95,480.00 |
|  |  |  | 540 | 102.00 | $55,080.00 |
|  |  |  | 525 | 198.00 | $103,950.00 |
|  |  |  | 470 | 15.90 | $7,473.00 |
| Bradley M. Yusim | Litigation | 2002 | 545 | 12.00 | $6,540.00 |
| Melissa M. Hinds | Commercial | 2003 | 545 | 2.70 | $1,471.50 |
|  |  |  | 495 | 115.90 | $57,370.50 |
|  |  |  | 445 | 12.70 | $5,651.50 |
| Monica R. Pinciak | Litigation | 1999 | 545 | 2.00 | $1,090.00 |
| Scott B. Wilkens | Litigation | 2003 | 525 | 2.30 | $1,207.50 |
| Wade A. Thomson | Litigation | 2004 | 510 | 134.90 | $68,799.00 |
|  |  |  | 475 | 57.20 | $27,170.00 |
|  |  |  | 410 | 0.70 | $287.00 |
| Reena R. Bajowala | Litigation | 2005 | 490 | 40.50 | $19,845.00 |
| Andrew J. Olejnik | Commercial | 2004 | 485 | 0.50 | $242.50 |

| PARTNER TOTALS | | | | 5,597.05 | $3,885,272.50 |
|---|---|---|---|---|---|

## ASSOCIATES

| Full Name | Department | Year of Admission | Rate | Time | Amount |
|---|---|---|---|---|---|
| David H. Hixson | Commercial | 2006 | 505 | 0.40 | $202.00 |
| | | | 400 | 77.40 | $30,960.00 |
| | | | 350 | 21.80 | $7,630.00 |
| Ethan A. Glickstein | Litigation | 2008 | 500 | 384.00 | $192,000.00 |
| Jennifer L. Wagman | Litigation | 2008 | 500 | 5.70 | $2,850.00 |
| Caroline D. Lopez | Litigation | 2008 | 490 | 9.20 | $4,508.00 |
| J. Douglas Wilson | Litigation | 2008 | 490 | 26.90 | $13,181.00 |
| Landon S. Raiford | Commercial | 2008 | 485 | 17.50 | $8,487.50 |
| | | | 435 | 21.50 | $9,352.50 |
| | | | 370 | 73.20 | $27,084.00 |
| | | | 325 | 34.00 | $11,050.00 |
| Spiridoula Mavrothalasitis | Litigation | 2003 | 475 | 3.60 | $1,710.00 |
| | | | 410 | 0.30 | $123.00 |
| Tarsha A. Phillibert | Litigation | 2007 | 460 | 14.90 | $6,854.00 |
| Michaelene R. Martin | Litigation | 2007 | 450 | 37.40 | $16,830.00 |
| April A. Otterberg | Litigation | 2008 | 445 | 14.30 | $6,363.50 |
| Joshua N. Friedman | Litigation | 2009 | 440 | 912.55 | $401,522.00 |
| Amy D. Willis | Litigation | 2006 | 435 | 2.00 | $870.00 |
| Joshua Rafsky | Employee Benefits | 2005 | 435 | 9.30 | $4,045.50 |
| Reena R. Bajowala | Litigation | 2005 | 435 | 10.30 | $4,480.50 |
| Brian J. Wilson | Litigation | 2007 | 400 | 34.00 | $13,600.00 |
| Michael A. Hoffman | Litigation | 2006 | 400 | 3.00 | $1,200.00 |
| Nicholas A. Kurk | Litigation | 2007 | 400 | 81.30 | $32,520.00 |
| Marina K. Jenkins | Litigation | 2010 | 395 | 615.30 | $243,043.50 |
| Brian L. Dougherty | Litigation | 2008 | 370 | 70.10 | $25,937.00 |
| | | | 325 | 175.80 | $57,135.00 |
| Douglas F. McMeyer | Litigation | 2007 | 370 | 160.10 | $59,237.00 |
| Eamon P. Kelly | Litigation | 2008 | 370 | 3.00 | $1,110.00 |
| | | | 325 | 104.00 | $33,800.00 |
| Elizabeth Liebschutz | Litigation | 2008 | 370 | 6.00 | $2,220.00 |
| Farnaz M. Alemi | Litigation | 2007 | 370 | 6.50 | $2,405.00 |
| Julie A. Wenell | Employee Benefits | 2008 | 370 | 22.40 | $8,288.00 |
| Kyle A. Palazzolo | Litigation | 2008 | 370 | 98.70 | $36,519.00 |

8

| | | | | | |
|---|---|---|---|---|---|
| Sarah R. McNally | Litigation | 2008 | 370 | 7.90 | $2,923.00 |
| | | | 325 | 91.40 | $29,705.00 |
| Sofia E. Biller | Litigation | 2008 | 370 | 129.80 | $48,026.00 |
| | | | 325 | 103.40 | $33,605.00 |
| Laura E.B. Hulce | Litigation | 2012 | 335 | 10.50 | $3,517.50 |
| Anthony B. Borich | Litigation | 2009 | 325 | 4.80 | $1,560.00 |
| Kyle A. Palazzolo | Litigation | 2008 | 325 | 148.00 | $48,100.00 |
| **ASSOCIATES TOTALS** | | | | **3,552.25** | **$1,434,554.50** |

## STAFF ATTORNEYS

| Full Name | Department | Year of Admission | Rate | Time | Amount |
|---|---|---|---|---|---|
| Anthony A. Moeller | Litigation | 2004 | 295 | 123.70 | $36,491.50 |
| | | | 235 | 16.20 | $3,807.00 |
| Michael Lovernick | Litigation | 2007 | 260 | 5.00 | $1,300.00 |
| **STAFF ATTORNEYS TOTALS** | | | | **144.90** | **$41,598.50** |

## CONTRACT ATTORNEYS

| Full Name | Department | Year of Admission | Rate | Time | Amount |
|---|---|---|---|---|---|
| Adam R. Hauck | NA | NA | 150 | 35.30 | $5,295.00 |
| Daria Awusah | NA | NA | 150 | 36.30 | $5,445.00 |
| Denise Lauretti Thurman | NA | NA | 150 | 21.00 | $3,150.00 |
| Fred Daly | NA | NA | 150 | 22.00 | $3,300.00 |
| Gerald Patrick Webre | NA | NA | 150 | 16.50 | $2,475.00 |
| Halley Allaire | NA | NA | 150 | 33.30 | $4,995.00 |
| Jenikka Deering | NA | NA | 150 | 21.30 | $3,195.00 |
| **CONTRACT ATTORNEYS TOTALS** | | | | **185.70** | **$27,855.00** |

## PARALEGALS AND PROJECT ASSISTANTS

| Full Name | Department | Year of Admission | Rate | Time | Amount |
|---|---|---|---|---|---|
| Cheryl L. Olson | NA | NA | 295 | 19.00 | $5,605.00 |
| Jeremy M. Schneider | NA | NA | 285 | 2.60 | $741.00 |
| Lamia K. Azize | NA | NA | 285 | 1.00 | $285.00 |
| Shawn K. McGee | NA | NA | 280 | 11.30 | $3,164.00 |
| | | | 275 | 40.00 | $11,000.00 |
| | | | 270 | 26.77 | $7,227.90 |
| Lowell T. Yap | NA | NA | 275 | 5.50 | $1,512.50 |

| Michael H. Matlock | NA | NA | 275 | 8.50 | $2,337.50 |
|---|---|---|---|---|---|
| | | | 270 | 64.00 | $17,280.00 |
| | | | 260 | 0.40 | $104.00 |
| Lisa A. Ross | NA | NA | 260 | 0.50 | $130.00 |
| Mary E. Ruddy | NA | NA | 260 | 0.30 | $78.00 |
| Tricia J. Peavler | NA | NA | 260 | 0.20 | $52.00 |
| Sonya Y. Reed | NA | NA | 250 | 14.30 | $3,575.00 |
| Allison Crowe | NA | NA | 245 | 141.50 | $34,667.50 |
| Daniel K. Morgan | NA | NA | 230 | 39.50 | $9,085.00 |
| | | | 220 | 0.50 | $110.00 |
| Eileen J. Robertson | NA | NA | 230 | 78.50 | $18,055.00 |
| W. Michael Hughes | NA | NA | 230 | 0.30 | $69.00 |
| David K. Morgan | NA | NA | 220 | 10.30 | $2,266.00 |
| Kelly N. Kirschner | NA | NA | 180 | 51.80 | $9,324.00 |
| Marc A. Patterson | NA | NA | 180 | 17.60 | $3,168.00 |
| | | | 170 | 97.40 | $16,558.00 |
| Brett J. Mullenbrock | NA | NA | 170 | 0.50 | $85.00 |
| Kenneth S. Waldmann | NA | NA | 170 | 23.10 | $3,927.00 |
| Panagiota Ramos | NA | NA | 170 | 117.00 | $19,890.00 |
| | | | 160 | 0.50 | $80.00 |
| William H. Bostwick | NA | NA | 165 | 50.30 | $8,299.50 |
| Daniel O. Garcia | NA | NA | 160 | 28.60 | $4,576.00 |
| Gretchen J. Pinnick | NA | NA | 160 | 1.70 | $272.00 |
| Matthew J. Searer | NA | NA | 160 | 1.80 | $288.00 |
| **PARALEGALS AND PROJECT ASSISTANTS TOTALS** | | | | **855.27** | **$183,811.90** |

## LITIGATION SUPPORT AND DATABASE TECHNOLOGY

| Full Name | Department | Year of Admission | Rate | Time | Amount |
|---|---|---|---|---|---|
| Applied Technology Support Group | NA | NA | 275 | 9.80 | $2,695.00 |
| Daniel Biemer | NA | NA | 275 | 13.50 | $3,712.50 |
| Danny A. Huerta | NA | NA | 275 | 49.40 | $13,585.00 |
| Daryl Gardner | NA | NA | 275 | 10.30 | 2,832.50 |
| David Wirkiowski | NA | NA | 275 | 13.30 | $3,657.50 |
| Jennifer Anderson | NA | NA | 275 | 2.00 | $550.00 |
| Kelly A. Laughran | NA | NA | 275 | 4.60 | $1,265.00 |
| Leah C. Waxell | NA | NA | 275 | 1.00 | $275.00 |
| Lori L. Manheimer | NA | NA | 275 | 13.60 | $3,740.00 |

| | | | | | |
|---|---|---|---|---|---|
| Margaret Small | NA | NA | 275 | 20.50 | $5,637.50 |
| Michael D. Cichy | NA | NA | 275 | 14.00 | $3,850.00 |
| Robert R. Ohton, Jr | NA | NA | 275 | 16.50 | $4,537.50 |
| Tunde Holloway-Wusu | NA | NA | 275 | 10.30 | $2,832.50 |
| Wendell R. Wettstein | NA | NA | 275 | 1.00 | $275.00 |
| Zulaika Master | NA | NA | 275 | 20.00 | $5,500.00 |
| **LITIGATION SUPPORT AND DATABASE TECHNOLOGY TOTALS** | | | | **199.80** | **$54,945.00** |
| **GRAND TOTAL** | | | | **10,534.97** | **$5,628,037.40** |
| **DEBTORS' RESPONSIBILITY FOR FEES** | | | | | **$2,762,566.47** |

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ————————————————— | ) | Chapter 11 |
| In re: | ) | |
| | ) | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, *et al.*, | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objections Due:  May 8, 2013 at 4:00 p.m.** |
| | ) | **Hearing Date: To be determined** |
| ————————————————— | ) | |

## AMENDED MONTHLY APPLICATION FOR DECEMBER 2012 AND AMENDED FINAL QUARTERLY APPLICATION OF JENNER & BLOCK LLP, AS SPECIAL COUNSEL TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD (I) NOVEMBER 1, 2012 THROUGH  DECEMBER 31, 2012; AND (II) DECEMBER 8, 2008 THROUGH DECEMBER 31, 2012

Jenner & Block LLP ("Jenner"), as Special Litigation Counsel for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submits this amended application (the "Amended Application") for (i) final approval and allowance of compensation for services rendered in the final interim period in the amount of $15,124.65 and $31,289.55 in expenses incurred during the period commencing December 1, 2012 through and including December 31, 2012 (the "Interim Application Period"); and (ii) final approval and allowance of compensation for services rendered in the amount of $2,761,566.47 and $238,422.04 in expenses incurred during the period commencing December 8, 2008 through and including December 31, 2012 (the "Final Application Period").  This Amended Application is submitted pursuant to Sections 328, 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members

Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order"), the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications (the "Fee Examiner Order"); and the Order Confirming Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Confirmation Order".)  In support of the Amended Application, Jenner respectfully represents as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over the Amended Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory bases for relief requested herein are Sections 330 and 331 of the Bankruptcy Code.

## BACKGROUND

3.     On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

4.     The Debtors remained in possession of their respective properties and operated and maintained their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code until their Plans became effective on December 31, 2012.

5.     On February 20, 2009, this Court entered the Order Authorizing Debtors and Debtors in Possession to Employ and Retain Jenner & Block LLP as Special Counsel for Certain

2

Litigation Matters Pursuant to 11 U.S.C §§ 327(e) 1107, *nunc pro tunc* to the Petition Date (the

"Retention Order").  The Retention Order approved the "retention and employment of Jenner as

special counsel for Litigation Matters to the Debtors," which were described in the

accompanying motion as those matters that Jenner represented the Debtor prior to their

bankruptcy petition and "other, similar litigation-related matters as the Debtors may request

during the pendency of the chapter 11 cases. . . ." (*See* Dkt. 142).

6.      Pursuant to the Retention Order, Jenner is authorized to represent the Debtors as

special counsel in connection with certain litigation matters described in paragraphs 7 through

14.

**The Neil Litigation**

7.      Prior to the filing of the chapter 11 petitions, Jenner represented the Debtors and

other defendants in the lawsuit *Neil et al. v. Zell, et al.* (the "*Neil* Litigation"), Case No. 08-cv-

06833 in the United States District Court for the Northern District of Illinois (the "District

Court").  In the *Neil* Litigation, certain of the Debtors' former employees were asserting two

causes of action against certain of the Debtors and their board of directors under the Employee

Retirement Security Act ("ERISA") related to The Tribune Company's Employee Stock

Ownership Plans ("ESOP").  The plaintiffs sought class certification for their claims.  With

respect to the *Neil* Litigation, the scope of Jenner's representation of the Debtor was limited to

"(i) counsel in connection with enforcement of the automatic stay in the [*Neil*] litigation . . . and

(ii) in the event that matters relating to application of the automatic stay are raised in [the

Bankruptcy Court], providing assistance reasonably requested by Debtors' counsel employed

under 11 U.S.C. § 327(a), provided that such assistance does not constitute representing the

Debtors in conducting their bankruptcy cases."  (Retention Order at 2-3.)  The Debtors also

3

asked Jenner, together with their primary counsel, Sidley & Austin, to represent them in connection with a DOL/*Neil* mediation before the Honorable Judge Gross related to claims or potential claims against the Debtors by the Department of Labor, the *Neil* plaintiffs, and/or the Internal Revenue Service. As previously disclosed by declaration, Jenner also represented EGI-TRB, L.L.C. and Samuel Zell in the *Neil* litigation and in other matters. On or about June 20, 2011, Jenner stopped representing the Debtors in connection with this settlement process but continued thereafter to represent the interests of Mr. Zell and EGI-TRB, LLC. in connection therewith. The *Neil* Litigation has since been concluded.

**The Cueto Litigation**

8.        Prior to the filing of the chapter 11 petitions, Jenner represented the Debtors in the lawsuit *Cueto v. Chicago Tribune Company, et al.* (the "*Cueto* Litigation"), Case No. 07-L-80 in the Circuit Court of St. Clair County, Illinois (the "State Court"). In the *Cueto* Litigation, a former attorney asserted five causes of action against certain of the Debtors and others, alleging that the defendants invaded the plaintiffs' privacy and portrayed him in a false light by publishing materials regarding comments the plaintiff allegedly made about his relationship with judges in Illinois. The *Cueto* Litigation is no longer pending.

**The DOL Subpoena**

9.        On April 28, 2009 the Court entered an Order (Docket No. 1097) approving the Debtors' Supplemental Application for an Order Expanding the Scope of the Retention of Jenner & Block LLP as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, *Nunc Pro Tunc* to March 5, 2009 (the "Supplemental Retention Application"). The Supplemental Retention Application sought clarification of the scope of Jenner's representation to allow Jenner to assist the Debtors with responding to inquiries that the Department of Labor

4

(the "DOL") made.  Debtors retained Jenner to advise the Debtors in connection with the DOL's inquiries because these inquiries raised issues which are similar to those raised in the *Neil* case. The DOL subpoena required the Debtors to produce an extensive range of documents relating to an investigation under ERISA.

**The Morgan Stanley Litigation**

10.     Post-petition, the Debtors requested that Jenner represent them in a dispute related to a swap agreement the Debtors had entered into with Morgan Stanley (the "Morgan Stanley Matter").  After the Debtors filed their chapter 11 petitions, Morgan Stanley purported to set off amounts it owed to the Debtors under the swap agreement against amounts the Debtors owed to Morgan Stanley on account of bonds Morgan Stanley acquired.  Among the issues raised in this matter is whether Morgan Stanley could in fact exercise a right of set off, and whether Morgan Stanley has other liability to the Debtors.  Included in the scope of this representation is the examination and potential filing of claims relating to Morgan Stanley's conduct in its advisory capacity to the Debtors.  In October 2010, the Debtors retained other counsel related to this matter.

***Los Angeles Times* Matter**

11.     Jenner, in connection with its general representation of the Debtors, has been asked to represent Debtor, *Los Angeles Times* in relation to structuring an appropriate payment surety or fidelity bonding program for the *Los Angeles Times*.

**The Oracle Subpoena**

12.     Jenner also represented the Debtors in connection with a third-party subpoena served on the Debtors in connection with the case *Oracle USA et al. v. Rimini Street, et al.*,

5

which is currently pending in the United States District Court for the District of Nevada. The Debtors are not a party to that underlying litigation.

**The Aereo Litigation**

13.    Jenner also represents a subsidiary of the Debtors, WPIX, Inc., which is a plaintiff in a copyright infringement suit against Aereo, Inc. in the United States District Court for the Southern District of New York. In addition to the Debtors, two unrelated, non-Debtor parties, are responsible for paying for Jenner's services performed in the Aero Matter. Initially, these three Aereo plaintiffs agreed that the Debtors would be responsible for 25% of all fees and expenses incurred. After the District Court denied the motion for a preliminary injunction, the three Aereo plaintiffs agreed that the Debtors would be responsible for only 25% of the fees incurred in connection with an appeal to the United States Court of Appeals for the Second Circuit. This Amended Fee Application only seeks approval of that portion of the fees and expenses incurred in connection with the Aero Matter that are the Debtors' responsibility.

**Google Subpoena**

14.    Jenner also represented the Debtors in connection with a third-party subpoena served on the Debtors in connection with litigation involving Google, which is currently pending in the United States District Court for the Northern District of Illinois. The Debtors are not a party to that underlying litigation.

**** 

15.    Jenner has exhausted a retainer of $150,000 as an advance for services to be rendered and expenses to be incurred in connection with its representation of the Debtors.

16.    This is Jenner's seventeenth and final quarterly fee application.

6

17.    Jenner's first quarterly fee application, for the period of December 8, 2008 through February 28, 2009 (*See* Docket No. 1030), sought approval of fees totaling $90,021.75 and reimbursement of expenses totaling $2,386.85.  On December 15, 2009, this Court entered an Order approving compensation for $84,657.75 in fees; and $2,386.85 in expenses.

18.    Jenner's second quarterly fee application, for the period of March 1, 2009 through May 31, 2009 (*See* Docket No. 1743), sought approval of fees totaling $448,140.64 and reimbursement of expenses totaling $11,721.03.  On May 18, 2010, this Court entered an Order approving compensation for $435,393.14 in fees; and $11,549.03 in expenses.

19.    Jenner's third quarterly fee application, for the period of June 1, 2009 through August 31, 2009 (*See* Docket No. 2349), sought approval of fees totaling $84,368.46 and reimbursement of expenses totaling $1,355.52.  On October 22, 2010, this Court entered an Order approving compensation for $82,540.46 in fees; and $1,355.52 in expenses.

20.    Jenner's fourth quarterly fee application, for the period of September 1, 2009 through November 30, 2009 (*See* Docket No. 3153), sought approval of fees totaling $188,859.03 and reimbursement of expenses totaling $2,498.60.  On August 24, 2011, this Court entered an Order approving compensation for $173,616.21 in fees; and $2,498.60 in expenses.

21.    Jenner's fifth quarterly fee application, for the period of December 1, 2009 through February 28, 2010 (*See* Docket No. 4066), sought approval of fees totaling $199,975.00 and reimbursement of expenses totaling $2,475.20.  On October 14, 2011, this Court entered an Order approving compensation for $184,470.50 in fees; and $2,475.20 in expenses.

22.    Jenner's sixth quarterly fee application, for the period of March 1, 2010 through May 31, 2010 (*See* Docket No. 5036), sought approval of fees totaling $160,565.50 and

reimbursement of expenses totaling $2,659.64. On December 12, 2011, this Court entered an Order approving compensation for $141,860.50 in fees; and $2,659.64 in expenses.

23.     Jenner's seventh quarterly fee application, for the period of June 1, 2010 through August 31, 2010 (*See* Docket No. 5990), sought approval of fees totaling $593,565.00 and reimbursement of expenses totaling $16,674.88. On February 15, 2012, this Court entered an Order approving compensation for $569,910.50 in fees; and $16,674.88 in expenses.

24.     Jenner's eighth quarterly fee application, for the period of September 1, 2010 through November 30, 2010 (*See* Docket No. 7520), sought approval of fees totaling $47,764.60 and reimbursement of expenses totaling $3,152.56. On April 24, 2012, this Court entered an Order approving compensation for $43,810.00 in fees; and $2,401.65 in expenses.

25.     Jenner's ninth quarterly fee application, for the period of December 1, 2010 through February 28, 2011 (*See* Docket No. 8601), sought approval of fees totaling $9,289.00 and reimbursement of expenses totaling $365.84. On June 11, 2012, this Court entered an Order approving compensation for $9,153.00 in fees; and $65.84 in expenses.

26.     Jenner's tenth quarterly fee application, for the period of March 1, 2011 through May 31, 2011 (*See* Docket No. 9472), sought approval of fees totaling $178,556.00 and reimbursement of expenses totaling $7,783.24. On June 11, 2012, this Court entered an Order approving compensation for $175,302.50 in fees; and $7,377.93 in expenses.

27.     Jenner's eleventh quarterly fee application, for the period of June 1, 2011 through August 31, 2011 (*See* Docket No. 9980), sought approval of fees totaling $48,220.50 and reimbursement of expenses totaling $2,821.04. On October 2, 2012, this Court entered an Order approving compensation for $45,506.75 in fees; and $2,778.19 in expenses.

28.      Jenner's twelfth quarterly fee application, for the period of September 1, 2011 through November 30, 2011 (*See* Docket No. 10617), sought approval of fees totaling $1,889.00 and reimbursement of expenses totaling $0.00.  On November 6, 2012, this Court entered an Order approving compensation for $1,889.00 in fees; and $0.00 in expenses.

29.      Jenner's thirteenth quarterly fee application, for the period of December 1, 2011 through February 29, 2012 (*See* Docket No. 11383), sought approval of fees totaling $3,166.50 and reimbursement of expenses totaling $0.00.  On January 15, 2013, this Court entered an Order approving compensation for $3,382.50 in fees; and $0.00 in expenses.

30.      Jenner's fourteenth quarterly fee application, for the period of March 1, 2012 through May 31, 2012 (*See* Docket No. 12006), sought approval of fees totaling $1,694.50 and reimbursement of expenses totaling $0.00.  On February 11, 2013, this Court entered an Order approving Jenner's fourteenth quarterly fee application without modification.

31.      Jenner's fifteenth quarterly fee application, for the period of February 1, 2012 through August 31, 2012 (*See* Docket No. 12565), sought approval of fees totaling $600,073.30 and reimbursement of expenses totaling $141,646.50.  The Court has yet to issue an Order regarding the fifteenth quarterly fee application.

32.      Jenner's sixteenth quarterly fee application, for the period of September 1, 2012 through November 30, 2012 (as well as a computation adjustment for fees incurred from February 1, 2012 through August 1, 2012) (*See* Docket No. 13058), sought approval of fees totaling $193,181.21 and reimbursement of expenses totaling $13,262.66.  The Court has yet to issue an Order regarding the sixteenth quarterly fee application.

33.      On July 23, 2012, this Court entered an order (the "Confirmation Order") (Dkt. 12072) confirming the Fourth Amended Joint Plan of Reorganization for Tribune Company and

Its Subsidiaries Proposed By the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Plan"). The Plan's Effective Date was December 31, 2012. Pursuant to §9.2 of the Plan, all applications for final allowance of compensation or reimbursement of fees and expenses of retained professionals must be filed by March 1, 2013.

34.     On March 1, 2013, Jenner filed its final fee application (the "Initial Application"), which included requests for payment for services rendered and expenses incurred from November 1, 2012 through December 31, 2012 as well as final approval for payments for services rendered and expenses incurred from December 8, 2008 through December 31, 2012. (Dkt. 13265). For November 2012 and December 2012, Jenner submitted (1) one invoice corresponding to its work in the "Google Litigation Third Party Subpoena" matter, (2) two invoices for the "Aereo District Court" matter, and (3) one invoice for the "Fee Application" matter. In response to the U.S. Trustee's objection regarding redacted time entries, Jenner has removed the redactions. This Amended Application also corrects for an error with the Aereo invoices. The original fee application inadvertently included time on the Aereo matter for work in the district court after the preliminary injunction ruling. This has been eliminated from the Amended Application.

## RELIEF REQUESTED

35.     By this Amended Application, Jenner requests (i) that the Court finally approve its previous interim allowances and awards of compensation for professional services rendered and expenses incurred by Jenner as special counsel to the Debtors during the prior Interim Application Periods; and (ii) approve final allowance and award compensation for professional

services rendered and expenses incurred by Jenner as special counsel to the Debtors during the Final Application Period.

## COMPENSATION PAID AND ITS SOURCES

36.    All services for which compensation is requested by Jenner were performed for or on behalf of the Debtors.

37.    There is no agreement or understanding between Jenner and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

## THE FINAL APPLICATION

38.    During the course of the Final Application Period, Jenner assisted the Debtors in a wide-variety of litigation matters arising from numerous aspects of the Debtors' complex business.  An overview of these services are provided in paragraphs 7-14.

39.    The fees charged by Jenner in this case are billed in accordance with its general existing billing rates and procedures in effect during the Final Application Period.  The rates Jenner charges for the services rendered by its professionals and paraprofessionals to the Debtors are the rates charged by the firm for professional and paraprofessional services rendered in comparable matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable cases in a competitive national legal market.

40.    Jenner seeks final allowance herein of reasonable compensation for actual and necessary professional services rendered to the Debtors during the Final Application Period, in the aggregate amount of $2,761,566.47, representing 10,534.97 total hours, and for reimbursement of actual, reasonable and necessary expenses incurred during the Final Application Period in connection with the rendition of such services in the aggregate amount of $238,422.04.  This amount reflect fees and expenses already approved by this Court on an

interim basis and, for the period February 1, 2012 to December 31, 2012, fees and expenses requested and submitted to the Court but not yet approved.

**FEE STATEMENTS FOR THE INTERIM APPLICATION PERIOD—DECEMBER 2012**

41.     The fee statements for the Interim Application Period are attached hereto as Exhibit A.  This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period.   To the best of Jenner's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Local Rule 2016-2, the Compensation Order, and the Fee Examiner Order.

42.     As set forth in the detailed statements of fees attached hereto as Exhibit A, fees incurred by Jenner during the Interim Application Period total $15,124.65.   The attorneys and paraprofessionals who rendered services relating to each project category are identified, along with the number of hours for each individual and the total compensation sought for each project category.

43.     The following is a summary of the activities performed by Jenner attorneys and paraprofessionals during the Interim Application Period, organized by project category. Given the sensitivity of the work performed in the Aero Matter as well as the fact that two non-Debtor entities also are represented in connection therewith, Jenner has redacted the invoices underlying the Aero Matter.  Copies of the unredacted invoices will be made to the Fee Examiner and, upon request, also will be made to the Court and the United States Trustee.

**A. Aereo (Matter No. 10024)**

Fees: $3,442.61.      Total Hours     8.90

44.     During the Interim Application Period, Jenner represented WPIX, Inc., one of Tribune's subsidiaries, in an appeal before the Second Circuit of the district court's denial of

12

WPIX's motion for a preliminary injunction against Aereo, Inc. Time spent during the Interim Application Period on this matter primarily includes the drafting of a letter to the Second Circuit under Federal Rule of Appellate Procedure Rule 28(j) regarding a recent decision that was issued after parties had presented oral argument to the Second Circuit.

**B. Fee Application (Matter No. 10164)**

Fees: $1,164.00          Total Hours     2.4

45.     During the Interim Application Period, Jenner attorneys spent time responding to requests from the Debtors regarding fees and expenses in preparation for the Debtors' emergence from bankruptcy.

**C. Google Litigation Third Party Subpoena (Matter No. 10010)**

Fees: $13,100.00          Total Hours     25.20

46.     During the Interim Application Period, Jenner attorneys represented the Debtors in responding to a subpoena issued in litigation to which the Debtors are not a party. This representation also included preparing a motion to quash the subpoena, which is now pending in the United States District for the Northern District of Illinois.

**ACTUAL AND NECESSARY EXPENSES
DURING THE INTERIM APPLICATION PERIOD**

47.     A summary of the actual and necessary expenses and logs of expenses incurred by Jenner during the Interim Application Period in the amount of $31,289.55 (the percentage of expenses the Debtors are responsible for) is attached hereto as Exhibit B. Jenner's standard charge for photocopies is $0.10 per page. Jenner does not charge its clients for incoming or outgoing facsimile transmission charges.

48.     The majority of expenses incurred arise from two sources: out of town travel to attend the Second Circuit oral argument in the Aereo matter and the cost of retaining various

13

individuals to serve as moot court judges for a moot court in preparation for the argument before the Second Circuit. The client requested that the moot court team consist of former federal judges preferably from the Courts of Appeal. Pursuant to this request, the moot court panel consisted of three former judges: the Honorable Timothy Lewis (former Third Circuit judge); the Honorable Stanley Birch (former Eleventh Circuit judge); and the Honorable George Pratt (former Second Circuit judge). Exhibit B details the expenses incurred during the Interim Application Period.

## VALUATION OF SERVICES DURING THE INTERIM APPLICATION PERIOD

49.     Attorneys and paraprofessionals of Jenner have expended a total of 36.50 hours in connection with the matter described above during the Interim Application Period. The nature of the work performed by these persons is fully set forth on Exhibit A attached hereto. These are Jenner's normal hourly rates for work of this character. The reasonable value of services rendered by Jenner to the Debtors during the Interim Application Period is $15,124.65.

50.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Jenner is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, Jenner has reviewed the requirements of Local Rule 2016-2 and believes that this Amended Application complies with that Rule.

14

## CONCLUSION

WHEREFORE, Jenner respectfully requests that this Court enter an Order (a) allowance of final compensation to Jenner for the period December 1, 2012 through December 31, 2012, with respect to the sum of $15,124.65 for necessary professional services rendered, the sum of $31,289.55 as reimbursement of actual necessary costs and expenses; and; (b) allowance of final compensation to Jenner for services rendered during the Final Application Period, inclusive of the amounts requested during the Interim Application Period, in the amount of $2,761,566.47 and reimbursement of actual, reasonable and expenses incurred during the Final Application Period in the amount of $238,422.04; and (c) granting such other and further relief as this Court deems just and proper.

Dated: April 17, 2013

Respectfully submitted,


By: _____
One of the Attorneys for the Debtors

JENNER & BLOCK LLP
David J. Bradford
353 N. Clark St.
Chicago, IL 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Email: dbradford@jenner.com