# EXHIBIT 1

```
                                                              Page 1
 1
 2    UNITED STATES BANKRUPTCY COURT
 3    DISTRICT OF DELAWARE
 4    Case No. 10-12351-MFW
 5    - - - - - - - - - - - - - - - - - - - -x
 6    In the Matter of:
 7
 8    OLD RAZOR COMPANY LLC
 9    (F/K/A AMERICAN SAFETY RAZOR CO., LLC), ET AL,
10
11            Debtors.
12
13    - - - - - - - - - - - - - - - - - - - -x
14              U.S. Bankruptcy Court
15              824 North Market Street
16              Wilmington, Delaware
17
18              June 23, 2011
19              1:01 PM
20
21    B E F O R E:
22    HON. MARY F. WALRATH
23    U.S. BANKRUPTCY JUDGE
24
25    ECR OPERATOR: BRANDON MCCARTHY
```

Page 2

1
2    FINAL FEE HEARING (1-6)
3
4    HEARING re Debtors' Motion for an Order Pursuant to Sections
5    305, 349 and 1112(b) [Docket No. 701; 4/20/2011]
6
7    HEARING re Application of Certain Second Lien Lenders Pursuant
8    to 11 U.S.C. Sections 503 (b)(3)(d) and (b)(4) for Allowance of
9    an Administrative Claim for Making a Substantial Contribution
10   in These Cases [Docket No. 704; 04/21/2011]
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25   Transcribed by:   Gershom Benayahu

Page 110

1  and accountants, I accept the reading of 503(b)(3) argued by
2  the second lien holders that that encompasses professionals or
3  other expenses other than attorneys and accountants, who are
4  subjected to a higher standard under 503(b)(4). So I think
5  that the witness fees and the investment banker fees could be
6  recoverable under 503(b)(3), and I respectfully disagree with
7  the Summa and the Mirant cases that suggest otherwise. I think
8  Mirant suggests that Colliers does contemplate or argue that
9  the statute would allow fees other than attorneys and
10 accountants, and I do adopt that reading.
11         With respect to whether or not the creditors have met
12 their burden under Lebron and 503(b)(3) and (4), I think they
13 have in this respect. I think they have shown a demonstrable
14 and substantial benefit to the estate. I think that's clear
15 from the fifty-seven million dollars more that was paid by
16 Energizer for the assets. And I think that that is directly
17 attributable to the actions of the second lien creditors,
18 BlackRock and Blackstone, because they really did early in the
19 case carry the burden and bring to the Court's attention a
20 number of things, including specifically the idea that these
21 assets had more value than the debtor was attributing to them.
22         The Court did find the testimony of Mr. Russell on
23 the, quote, first day or early in the case to be very
24 significant, did convince the Court that there was more value
25 to this debtor than was suggested by the stalking horse bid,