# EXHIBIT A

Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>　　　　　Reorganized Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Related to Docket Nos. 13341, 13410, 13429, and 13441 |

## ORDER SUSTAINING REORGANIZED DEBTORS' SIXTY-SEVENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTIONS 502(b) AND 558 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1

## ("NO LIABILITY CLAIMS")

This matter having come before the Court on the Reorganized Debtors' Sixty-Seventh Omnibus (Substantive) Objection to Claims (Docket No. 13341), by which the Reorganized Debtors[2] request entry of an order pursuant to sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1,

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used, but not defined herein, shall have the meanings ascribed to them in the Objection.

(i) disallowing in full and expunging the No Liability Assumed Workers' Compensation Claims set forth on <u>Exhibit A</u>, (ii) disallowing in full and expunging the No Liability Tax Claim set forth on <u>Exhibit B</u>, and (iii) directing the Claims Agent to modify the Disputed Claims on the Claims Register; and upon consideration of the Objection, the Rodden Declaration, the Response of Mark Jacobs to the Objection (Docket No. 13429), and the Reorganized Debtors' Reply thereto (Docket No. 13441); and this Court having held a hearing on the matter on April 24, 2013; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and due and adequate notice of the Objection having been given under the circumstances; and sufficient cause appearing therefor; it is hereby

ORDERED, that the Objection is sustained; and it is further

ORDERED, that each of the No Liability Assumed Workers' Compensation Claims set forth on <u>Exhibit A</u> hereto is hereby disallowed and expunged; and it is further

ORDERED, that <u>in the event that one of the holders of the claims on Exhibit A seeks a redetermination of a denial of their workers' compensation claim or a readjustment of their workers' compensation benefits from their</u> relevant workers' compensation commission, <u>liability for any potential additional amounts awarded has been assumed by the Reorganized Debtors, subject to the Reorganized Debtors' rights with respect to any such request for redetermination or readjustment under applicable state law; and it is further</u>

ORDERED, that the No Liability Tax Claim set forth on <u>Exhibit B</u> hereto is hereby disallowed and expunged; and it is further

ORDERED, that the Claims Agent is authorized to modify the Claims Register to comport with the entry of this Order; and it is further

2

ORDERED, that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
April _____, 2013

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge

# EXHIBIT A

## NO LIABILITY ASSUMED WORKERS' COMPENSATION CLAIMS

46429/0001-9487138v1

TRIBUNE COMPANY, ET AL.

OMNIBUS OBJECTION 67: EXHIBIT A – NO LIABILITY ASSUMED WORKERS' COMPENSATION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 1 | DARR, THOMAS | 08-13141 | Tribune Company | 3445 | Undetermined* | Benefits determined by the relevant workers' compensation board were uninterrupted during the bankruptcy and have been ongoing since the Petition Date and through Claimant's death. Liability to Claimant's estate for any potential additional amounts awarded by the New York Workers' Compensation Commission has been assumed by the Reorganized Debtors. The Reorganized Debtors reserve all of their rights with respect to any such requests for readjustment. |
| 2 | DARR, THOMAS | 08-13141 | Tribune Company | 3446 | Undetermined* | Benefits determined by the relevant workers' compensation board were uninterrupted during the bankruptcy and have been ongoing since the Petition Date and through Claimant's death. Liability to Claimant's estate for any potential additional amounts awarded by the New York Workers' Compensation Commission has been assumed by the Reorganized Debtors. The Reorganized Debtors reserve all of their rights with respect to any such requests for readjustment. |
| 3 | DARR, THOMAS | 08-13141 | Tribune Company | 3447 | Undetermined* | Benefits determined by the relevant workers' compensation board were uninterrupted during the bankruptcy and have been ongoing since the Petition Date and through Claimant's death. Liability to Claimant's estate for any potential additional amounts awarded by the New York Workers' Compensation Commission has been assumed by the Reorganized Debtors. The Reorganized Debtors reserve all of their rights with respect to any such requests for readjustment. |
| 4 | DARR, THOMAS | 08-13141 | Tribune Company | 3448 | Undetermined* | Benefits determined by the relevant workers' compensation board were uninterrupted during the bankruptcy and have been ongoing since the Petition Date and through Claimant's death. Liability to Claimant's estate for any potential additional amounts awarded by the New York Workers' Compensation Commission has been assumed by the Reorganized Debtors. The Reorganized Debtors reserve all of their rights with respect to any such requests for readjustment. |
| 5 | ESPOSITO, ROGER | 08-13141 | Tribune Company | 3250 | Undetermined* | Benefits determined by the relevant workers' compensation board were uninterrupted during the bankruptcy and have been ongoing since the Petition Date. Liability for any potential additional amounts awarded by the New York Workers' Compensation Commission has been assumed by the Reorganized Debtors. The Reorganized Debtors reserve all of their rights with respect to any such requests for readjustment. |

* - Indicates claim contains unliquidated and/or undetermined amounts

TRIBUNE COMPANY, ET AL.

OMNIBUS OBJECTION 67: EXHIBIT A – NO LIABILITY ASSUMED WORKERS' COMPENSATION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 6 | GREENE, ERICKA | 08-13152 | Chicago Tribune Company | 1550 | Undetermined* | Benefits determined by the relevant workers' compensation board were uninterrupted during the bankruptcy and have been paid in full. Liability for any potential additional amounts awarded by the Illinois Workers' Compensation Commission has been assumed by the Reorganized Debtors. The Reorganized Debtors reserve all of their rights with respect to any such requests for readjustment. |
| 7 | JACOBS, MARK | NO DEBTOR ASSERTED | No Debtor Asserted | 2760 | $250,000.00 | Benefits determined by the relevant workers' compensation board were uninterrupted during the bankruptcy and have been paid in full. The amount asserted in the claim was in excess of the benefits awarded. Liability for any potential additional amounts awarded by the California Workers' Compensation Appeals Board and/or California Insurance Guaranty Association has been assumed by the Reorganized Debtors. The Reorganized Debtors reserve all of their rights with respect to any such requests for readjustment. |
| 8 | MARTINEZ, MICHAEL | 08-13154 | Chicago Tribune Press Service, Inc. | 3381 | $2,850.00 | Benefits determined by the relevant workers' compensation board were uninterrupted during the bankruptcy and have been paid in full. Liability for any potential additional amounts awarded by the Illinois Workers' Compensation Commission has been assumed by the Reorganized Debtors. The Reorganized Debtors reserve all of their rights with respect to any such requests for readjustment. |
| 9 | NESTOE, MICHELE | 08-13206 | Star Community Publishing Group, LLC | 5658 | $1,000,000.00 | Benefits determined by the relevant workers' compensation board were uninterrupted during the bankruptcy and have been ongoing since the Petition Date. The amount asserted in the claim was in excess of the benefits awarded. Liability for any potential additional amounts awarded by the New York Workers' Compensation Commission has been assumed by the Reorganized Debtors. The Reorganized Debtors reserve all of their rights with respect to any such requests for readjustment. |
| 10 | NORDBROOK, JAMES | 08-13209 | The Baltimore Sun Company | 1347 | $1,600.00 | Benefits determined by the relevant workers' compensation board were uninterrupted during the bankruptcy and have been paid in full. Liability for any potential additional amounts awarded by the Maryland Workers' Compensation Commission has been assumed by the Reorganized Debtors. The Reorganized Debtors reserve all of their rights with respect to any such requests for readjustment. |

\* - Indicates claim contains unliquidated and/or undetermined amounts

TRIBUNE COMPANY, ET AL.

OMNIBUS OBJECTION 67: EXHIBIT A – NO LIABILITY ASSUMED WORKERS' COMPENSATION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 11 | PENITA, HARRIS | 08-13152 | Chicago Tribune Company | 2288 | Undetermined* | Benefits determined by the relevant workers' compensation board were uninterrupted during the bankruptcy and have been ongoing since the Petition Date. Liability for any potential additional amounts awarded by the Illinois Workers' Compensation Commission has been assumed by the Reorganized Debtors. The Reorganized Debtors reserve all of their rights with respect to any such requests for readjustment. |
| 12 | STEWART, MICHAEL | 08-13145 | California Community News Corporation | 4158 | $300,000.00 | Award of benefits denied by the relevant workers' compensation board. Liability for any potential amounts awarded by the California Workers' Compensation Appeals Board has been assumed by the Reorganized Debtors. The Reorganized Debtors reserve all of their rights with respect to any such requests for redetermination. |
| 13 | TRUJILLO, JEAN | 08-13141 | Tribune Company | 1148 | Undetermined* | Benefits determined by the relevant workers' compensation board were uninterrupted during the bankruptcy and have been ongoing since the Petition Date. Liability for any potential additional amounts awarded by the New York Workers' Compensation Commission has been assumed by the Reorganized Debtors. The Reorganized Debtors reserve all of their rights with respect to any such requests for readjustment. |
| 14 | VAZOULAS, JEAN | 08-13141 | Tribune Company | 3353 | Undetermined* | Benefits determined by the relevant workers' compensation board were uninterrupted during the bankruptcy and have been ongoing since the Petition Date. Liability for any potential additional amounts awarded by the New York Workers' Compensation Commission has been assumed by the Reorganized Debtors. The Reorganized Debtors reserve all of their rights with respect to any such requests for readjustment. |
| | | | | TOTAL | $1,554,450.00 | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

## EXHIBIT B

## NO LIABILITY TAX CLAIM

TRIBUNE COMPANY, ET AL.

OMNIBUS OBJECTION 67: EXHIBIT B -- NO LIABILITY TAX CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | STATE OF MICHIGAN, DEPARTMENT OF TREASURY<br>HEATHER L. DONALD, ASST ATTORNEY GENERAL<br>CADILLAC PLACE, STE. 10-200<br>3030 W. GRAND BLVD.<br>DETROIT, MI 48202 | 08-13141 | Tribune Company | 04/30/2012 | 7108 | $30,502.65 | Pursuant to correspondence from claimant, the basis for the claim, the 1/1/2008 - 12/31/2008 Michigan Business Tax ("MBT") assessment, was canceled out by a refund due to Tribune Company. Tribune Company received a Final Bill for Taxes Due from claimant confirming that $0.00 is due for the relevant period. |
| | | | | | TOTAL | $30,502.65 | |