**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
In re:                                                      :
                                                            :  Chapter 11
TRIBUNE COMPANY, et al.,                                    :
                                                            :  Case No. 08-13141 (KJC)
                            Debtors.                        :  (Jointly Administered)
                                                            :
                                                            :  Hearing Date: May 22, 2013 at 11:00 a.m.
                                                            :  Objection Deadline: May 15, 2013 at 4:00 p.m.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

**MOTION OF LAW DEBENTURE TRUST COMPANY OF NEW YORK TO SEAL: (I) REPLY IN SUPPORT OF MOTION FOR SUBSTANTIAL CONTRIBUTION, AND (II) DECLARATION IN SUPPORT OF REPLY IN SUPPORT OF MOTION FOR SUBSTANTIAL CONTRIBUTION**

Law Debenture Trust Company of New York ("Law Debenture"), as successor indenture trustee under that certain Indenture dated March 19, 1996 between Tribune Company (with its debtor subsidiaries, "Tribune" or the "Debtors") (successor to The Times Mirror Company) and Citibank, N.A. (as amended, the "1996 Indenture"), by its undersigned counsel, hereby respectfully requests (the "Seal Motion"), pursuant to 11 U.S.C. §§ 105 and 107 and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), that this Court permit the filing of the following pleadings under seal: (i) *Reply in Support of Motion of Law Debenture Trust Company of New York Pursuant to 11 U.S.C. §§ 503(b)(3)(D), 503(b)(4) and 503(b)(5) for Allowance and Payment of Fees and Expenses Incurred in Connection with Making a Substantial Contribution to the Debtors' Chapter 11 Cases and Granting Waiver of Compliance with Del. Bankr. L.R. 2016-2(d)(vii) in Accordance with Del. Bankr. L.R. 2016-2(h)* (the "Reply"), and (ii) *Supplemental Declaration of David S. Rosner in Support of Motion of Law Debenture Trust*

*Company of New York Pursuant to 11 U.S.C. §§ 503(b)(3)(D), 503(b)(4) and 503(b)(5) for Allowance and Payment of Fees and Expenses Incurred in Connection with Making a Substantial Contribution to the Debtors' Chapter 11 Cases and Granting Waiver of Compliance with Del. Bankr. L.R. 2016-2(d)(vii) in Accordance with Del. Bankr. L.R. 2016-2(h)* with Exhibits 1 and 2 (the "Declaration," with the Reply, the "Contribution Pleadings"). In support of its Seal Motion, Law Debenture respectfully represents as follows:[1]

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are found in 11 U.S.C. §§ 105(a) and 107, Bankruptcy Rule 9018, and Local Rule 9018-1.

### RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

3. During the period from May 7, 2009 through August 31, 2010, Law Debenture incurred the professional fees and expenses of (i) Kasowitz, Benson, Torres & Friedman LLP ("KBTF"), as lead counsel to Law Debenture, (ii) Bifferato Gentilotti LLC ("BG"), as local counsel to Law Debenture, and (iii) The Michel-Shaked Group ("MSG," and together with KBTF and BG, "Advisors"), as financial advisor to Law Debenture, in connection with the Debtors' chapter 11 cases.

4. On March 1, 2013, Law Debenture filed the *Motion of Law Debenture Trust Company of New York Pursuant to 11 U.S.C. §§ 503(b)(3)(D), 503(b)(4) and 503(b)(5) for Allowance and Payment of Fees and Expenses Incurred in Connection with Making a*

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

*Substantial Contribution to the Debtors' Chapter 11 Cases and Granting Waiver of Compliance with Del. Bankr. L.R. 2016-2(d)(vii) in Accordance with Del. Bankr. L.R. 2016-2(h)* [Docket No. 13274] (the "Contribution Motion").

5.      Contemporaneously with the filing of this Seal Motion, Law Debenture is filing the Contribution Pleadings in redacted form.  The Contribution Pleadings are redacted because the Reply contains references to confidential attorney-client communications, and the Declaration refers to and attaches emails disclosed in discovery that have been given the confidentiality designation of "Highly Confidential" pursuant to the Document Depository Order [D.I. 2858]

## REQUESTED RELIEF

6.      By this Motion, Law Debenture respectfully requests that the Court enter an order authorizing it to file the Contribution Pleadings under seal.

## BASIS FOR REQUESTED RELIEF

7.      Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities[2] from the potential harm that may result from the disclosure of certain confidential information.  This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall . . .
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

---

[2] Section 101(15) of the Bankruptcy Code defines "entity" to include any "person, estate, trust, governmental unit, and United States trustee."  11 U.S.C. § 101(15).

8. Bankruptcy Rule 9018 sets forth the procedure for application of section 107 of the Bankruptcy Code. Pursuant to Bankruptcy Rule 9018, the Court, on a motion or upon its own initiative:

> may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation.

FED. R. BANKR. P. 9018. Local Rule 9018-1(b) further provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." DEL. BANKR. L.R. 9018-1(b).

9. Section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.),* 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.),* 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Instead, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *See Orion Pictures*, 21 F.3d at 27 (emphasis in original).

10. The Contribution Pleadings contain information and documents that are confidential or privileged. Based on Law Debenture's desire not to disclose such protected information, Law Debenture requests that the Court enter an order authorizing Law Debenture to file the Contribution Pleadings under seal and in redacted form on the Court's docket.

**NOTICE**

11.     Law Debenture has provided notice of this Seal Motion to counsel to: (a) the Debtors; (b) the Official Committee of Unsecured Creditors; (c) Wilmington Trust Company; (d) Aurelius Capital Management, L.P.; (e) Brigade Capital Management, LLC; (f) Davidson Kempner Capital Management LLC; (g) Oaktree Capital Management, L.P.; (h) Angelo Gordon & Co., L.P.; (i) JPMorgan Chase Bank, NA; (j) Citadel Equity Fund, Ltd.; (k) Camden Asset Management LP; (l) EGI-TRB LLC; (m) TM Retirees; (n) Barclays Bank Plc; (o) Waterstone Capital Management L.P.; (p) certain directors and officers; and (q) the Office of the United States Trustee.  Law Debenture respectfully submits that no further notice of the Seal Motion is required.

**CONCLUSION**

WHEREFORE, for all of the reasons set forth above, Law Debenture requests that this Court enter the order submitted herewith authorizing the filing of the Contribution Pleadings in redacted form and under seal.

Dated: April 23, 2013
       Wilmington, Delaware

                                        BIFFERATO GENTILOTTI LLC

                                            /s/ *Mary E. Augustine*
                                        Garvan F. McDaniel (I.D. No. 4167)
                                        Mary E. Augustine (I.D. No. 4477)
                                        1013 Centre Road, Suite 102
                                        Wilmington, Delaware 19805
                                        302-429-1900

                                        -and-

                KASOWITZ, BENSON, TORRES
                    & FRIEDMAN LLP
David S. Rosner
Sheron Korpus
Christine A. Montenegro
Matthew B. Stein
1633 Broadway
New York, New York 10019
 212-506-1700

*Counsel for Law Debenture Trust Company of New York, solely in its capacity as successor Indenture Trustee for certain series of Senior Notes*