IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:                         )    Case No. 08-13141(KJC)
                               )    (Jointly Administered)
                               )
TRIBUNE COMPANY                )    Chapter 11
                               )
                               )    Related to Docket 13467
     Reorganized Debtors.      )
                               )    Courtroom 5
                               )    824 Market Street
                               )    Wilmington, Delaware
                               )
                               )    April 24, 2013
                               )    10:00 a.m.

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JUDGE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Reorganized Debtors: Sidley Austin, LLP
                         BY: JAMES F. BENDERNAGEL, JR., ESQ.
                         BY: KEN KANSA, ESQ.
                         1501 K Street, N.W.
                         Washington, DC 20005
                         (202) 736-8136

                         Cole, Schotz, Meisel, Forman
                         & Leonard, P.A.
                         BY: NORMAN L. PERNICK, ESQ.
                         500 Delaware Avenue, Suite 1410
                         Wilmington, DE 19801
                         (302) 651-2000

                         Jones Day
                         BY: JAMES JOHNSTON, ESQ.
                         222 East 41st Street
                         New York, NY  10017
                         (212) 326-3939

ECRO:                    AL LUGANO

Transcription Service:   DIAZ DATA SERVICES, LLC
                         331 Schuylkill Street
                         Harrisburg, Pennsylvania 17110
                         (717) 233-6664

Proceedings recorded by electronic sound recording;
transcript produced by transcription service

APPEARANCES:
(Continued)

For Wilmington Trust:        Brown Rudnick
                             BY: JIM STOLL, ESQ.
                             One Financial Center
                             Boston, MA  02111
                             (617) 856-8200
                             BY: ROBERT STARK, ESQ.
                             Seven Times Square
                             New York, NY  10036
                             (212) 209-4800

                             Sullivan Hazeltine Allinson, LLC
                             BY: WILLIAM SULLIVAN, ESQ.
                             901 North Market Street
                             Suite 1300
                             Wilmington, DE  19801
                             (302) 428-8191

For DBTCA:                   McCarter & English
                             BY: DAVID ADLER, ESQ.
                             245 Park Avenue, 27th Floor
                             New York, NY  10167
                             (212) 609-6800
                             BY: KATHARINE L. MAYER, ESQ.
                             405 North King Street, 8th Floor
                             Wilmington, DE  19801
                             (302) 984-6300

For Law Debenture:           Bifferato Gentilotti
                             BY: GARVAN MCDANIEL, ESQ.
                             1013 Centre Road, Suite 102
                             Wilmington, DE  19805
                             (302) 429-1900

                             Kasowitz Benson Torres & Friedman
                             BY: MATTHEW STEIN, ESQ.
                             1633 Broadway
                             New York, NY  10019
                             (212) 506-1700

For Office of U.S.           Office of U.S. Trustee
Trustee:                     BY: DAVID L. BUCHBINDER, ESQ.
                             844 King Street, Suite 2207
                             Wilmington, DE  19801
                             (302) 573-6491

```
APPEARANCES:
(Continued)

For Claimant,            Gellert Scali Busenkell &
Marta Weller:            Brown
                         BY: MICHAEL BUSENKELL, ESQ.
                         913 North Market Street, 10th Floor
                         Wilmington, DE  19801
                         (302) 425-5812


TELEPHONIC APPEARANCES:

For Chandler Bigelow:    Sperling & Slater
                         BY: GWEN NOLAN, ESQ.
                         (312) 641-3200


For Reorganized Debtor:  Tribune Company
                         BY: DAVID ELDERSVELD
                         (312) 222-4707


For Former Directors     Grippo & Elden, LLC
and Officers:            BY: GEORGE DOUGHERTY, ESQ.
                         (312) 704-7700


For EGI-TRB, LLC:        Jenner & Block, LLP
                         BY: ANDREW VAIL, ESQ.
                         (312) 840-8688


For Interested Party,    Bingham McCutchen, LLP
Michael D'Agostino:      BY: MICHAEL D'AGOSTINO, ESQ.
                         (415) 393-2053


For Interested Party,    Chadbourne & Parke, LLP
Chadbourne & Parke:      BY: DOUGLAS DEUTSCH, ESQ
                         (212) 408-5169
                         BY: DAVID LEMAY, ESQ.
                         (212) 408-5100
                         BY: MARC ROITMAN, ESQ.
                         (212) 408-5271


For Creditor, Davidson   DK Partners
& Kempner:               BY: EPHRAIM DIAMOND, ESQ
                         (646) 282-5841


For Interested Party,    In Propria Persona
Maureen A. Dombeck       Maureen Dombeck
                         (773) 871-5755


For Interested Party,    Alvarez & Marsal, LLC
Brian Whittman:          BY: MATTHEW FINK, ESQ.
                         (312) 371-9955
```

```
TELEPHONIC APPEARANCES:
(Continued)

For Debtor,              Sidley Austin
Tribune Co:             BY: RONALD FLAGG, ESQ.
                        (202) 778-1800
                        BY: JILLIAN LUDWIG, ESQ.
                        (312) 853-7253
                        BY: THOMAS E. ROSS, ESQ.
                        (202) 736-8374
                        BY: KERRIANN MILLS, ESQ.
                        (312) 853-0036

                        McDermott Will & Emery
                        BY: GREGORY A. KOPACZ, ESQ.
                        (212) 547-5620

For Official Committee   Zuckerman Spaeder, LLP
of Unsecured Creditors:  BY: ANDREW GOLDFARB, ESQ.
                        (202) 778-1800

                        Moelis & Company
                        BY: JASON WARSAVSKY, ESQ.
                        (212) 883-3832


For Other Professionals: Payne & Fears, LLP
                        BY: ANDREW K. HAEFFELE, ESQ.
                        (949) 797-1267

For Interested Party,    Kasowitz Benson Torres & Friedman
Law Debenture Trust:    BY: SHARON KORPUS, ESQ.
                        (212) 508-1700
                        BY: CHRISTINE MONTENEGRO,ESQ.
                        (212) 506-1715
                        BY: DAVID ROSNER, ESQ.
                        (212) 506-1726

For Credit Agreement     Jones Day
Lenders:                BY: JOSHUA M. MESTER, ESQ.
                        (213) 243-2508

For Interested Party,    Paul Weiss Rifkind Wharton
Paul Weiss Rifkind       & Garrison
Wharton & Garrison:     BY: MICHAEL S. RUDNICK, ESQ.
                        (212) 373-3023
                        BY: ERICA WEINGERGER, ESQ.
                        (212) 373-3422


For Amalgamated Bank:    Millbank Tweed Hadley & McCloy
                        BY: ALAN STONE, ESQ.
                        (212) 530-5285
```

TELEPHONIC APPEARANCES:
(Continued)

For Fee Examiner:            Stuart Maue
                             BY: JOHN THEIL, ESQ.
                             (314) 291-3030

For JP Morgan Chase:         Davis Polk Wardwell, LLP
                             BY: ELI VONNEGUT, ESQ.
                             (212) 450-4331

For Interested Party,        Law Offices of Michael J. Pluze
Marta Waller:                BY: GERALDINE WEISS, ESQ.
                             (310) 312-1102

For Interested Party,        Alston & Bird, LLP
Ernest & Young, LLP:         BY: JOHN W. WEISS, ESQ.
                             (212) 210-9412

For Interested Party,        Aurelius Capital Management, LP
Matthew A. Zloto:            BY: MATTHEW A. ZLOTO
                             (646) 445-6518

1

1  WILMINGTON, DELAWARE, WEDNESDAY, APRIL 24, 2013, 10:02 A.M.

2            THE CLERK:  All rise.  Be seated, please

3            THE COURT:  Good morning, all.

4            ALL:  Good morning, Your Honor.

5            MR. PERNICK:  Your Honor, Norman Pernick from

6  Cole Schotz for the Debtor, Tribune Company, for the

7  Reorganized Debtor.

8            I thought I'd run through the agenda very

9  quickly, just so we make sure that we're in sync on what's

10  been continued and Orders entered, et cetera.

11            THE COURT:  Go right ahead.

12            MR. PERNICK:  Your Honor, we have continued to

13  the May 22 hearing, four matters.  Number one, the Tenth

14  Omnibus Objection with respect to the claims of GE Capital

15  Fleet Services and Robby Wells.

16            Item Number 2, the Twenty-Fourth Omnibus

17  Objection, the status conference.  I'm sorry, you have a

18  status conference with respect to the Maureen Dombeck claim

19  on.  It's Item Number 18 on the agenda.  But with respect to

20  the claims of Marbury von Briesen and Herbert Eye, that is

21  continued to May 22.

22            Number 3, the Twenty-Seventh Omnibus Objection.

23  There is a stipulation reached for Marcia Willette as

24  guardian for Zachary Mitzkovitz, but as a technical matter,

25  that's continued to May 22.

1          And Item Number 4, the Forty-Second Omnibus

2  Objection with respect to the claim of Carol Walker.

3          Your Honor was kind enough to enter Orders in

4  several matters:  Number 6, Wilmington Trust Company's

5  Motion to Seal the exhibits to their 503 Application;

6  Number 7, Law Debenture's Motion to Seal exhibits with

7  respect to their Section 503 Application; Number 8, the

8  Sixty-Sixth Omnibus Objection; Number 9, the Debtors'

9  objection to the claim of Michael Lufrano.  And Number 19,

10  the Debtors' monthly and quarterly fee requests for the

11  fifteenth interim period.

12          There was a CNO or COC filed with respect to

13  Number 5, the Payne & Fears fee application.  I spoke with

14  Ms. Stickles right before I came over here today and I

15  understand the Court had some questions.  And I believe that

16  we've now submitted responses and the information that the

17  Court requested.

18          THE COURT:  Well I signed the Order, but I

19  understand that there were further adjustments to be made in

20  the figures.  Is that --

21          MR. PERNICK:  There were.  There were.  And I

22  think that additional adjustment came over.  If it's not in

23  chambers already, it will be --

24          THE COURT:  Okay.

25          MR. PERNICK:  -- before the hearing's over.

1              THE COURT:  All right.  Yeah, I don't have -- I

2    don't yet have it on my desk.

3              MR. PERNICK:  And, Your Honor, it's not a CNO or

4    a COC, but with respect to Item Number 13, just to give the

5    Court notice on the Washington-Baltimore Newspaper Guild's

6    Section 503 Application.

7              THE COURT:  Yes.

8              MR. PERNICK:  That actually was resolved and a

9    stip was filed to give notice to the world of that

10   resolution.

11             THE COURT:  Okay.  Can you tell me for the record

12   what that was?

13             MR. PERNICK:  Your Honor, that was -- I think Mr.

14   Bendernagel can speak to it with more detail, but that was

15   resolved, it was a 503 Application, and I believe it was --

16             THE COURT:  I know what it was.

17             MR. PERNICK:  Oh, the number?

18             THE COURT:  Yeah.

19             MR. PERNICK:  270 --

20             MR. BENDERNAGEL:  268.

21             MR. PERNICK:  $268,000, Your Honor.

22             THE COURT:  All right, thank you.

23             MR. PERNICK:  Then, Your Honor, we have several

24   matters going forward.  Item Number 10 which is KTLA's

25   objection to the claim or Marta Waller.  Number 11, which is

1  A&B Photo & Print requests for reimbursement of professional

2  fees.  And Number 12, the Sixty-Seventh Omnibus Objection

3  with respect to the Claim of Mark Jacobs.

4          And then you have a number of status conferences,

5  Your Honor.  Number 14, Wilmington Trust Company's 503

6  Application; Number 15, Law Debenture's 503 Application;

7  Number 16, the Reorganized Debtors' objection to the

8  Creditors' Committee member fee expense claims asserted by

9  Deutsche Bank and Wilmington Trust; Number 17, the

10 Reorganized Debtors' objection to the Class 1F Other Parent

11 Claim by Wilmington Trust; and Number 18, which is a Twenty-

12 Fourth Omnibus Objection to claim, the claim of Maureen

13 Dombeck.

14          And with the Court's permission, we would propose

15 actually, to take the status conferences first because we

16 may be able to let people off the phone and it may be more

17 efficient to do that, but obviously, it's with the Court's

18 permission.

19          THE COURT:  I would like to address Number 18,

20 Ms. Dombeck's status conference first.  So let me begin by

21 asking --

22          MS. DOMBECK:  Yes, Counsel --

23          THE COURT:  Ms. Dombeck, you are on the phone?

24          MS. DOMBECK:  I am, sir, yes, Honorable Judge.

25 Maureen Dombeck here, counsel representing self.

1            THE COURT:  All right, thank you for joining us

2    today.  Let me tell you why I asked you to do that.  Over a

3    period of time, Ms. Dombeck, you have been sending copies of

4    emails to chambers and calling chambers as well on matters,

5    frankly, which don't appear to me, to be related to the

6    claim that you have submitted and to which the Debtor has

7    objected.  So I wanted to tell you a few things and ask that

8    you listen carefully.

9            First, that the claim objection, you may remember

10   was submitted to the Court upon agreement to the parties

11   that the Court could decide the claim objection based upon

12   the papers.  And I am working on that.  I have a draft

13   decision and I expect to be issuing that shortly.

14           But I want you to understand that contacting

15   chambers in the way you have by email and by telephone

16   calls, asking among other things, to speak to me is not

17   appropriate.  These are considered ex parte communications

18   and are not allowed under the rules.  So I ask that you stop

19   making such communications and stop sending copies of your

20   emails to chambers.  If there is a particular type of relief

21   you want from this Court, you must ask for that relief by

22   filing the appropriate motion or complaint.  And I ask that

23   you abide by the rules.  I understand that you're

24   representing yourself, but you still need to abide by the

25   rules that apply to all litigants in this Court.  And I'll

1   ask simply, do you have any questions about what I've just

2   told you?

3           MS. DOMBECK:  Actually, no questions.  I do have

4   comments though, Honorable Judge, with all due respect.  I

5   did want to just state that at our first conversation on our

6   first phone conference, you did state that any time I would

7   need help from the Courts, to not hesitate to ask.

8           THE COURT:  Well, and that --

9           MS. DOMBECK:  And that came from yourself.

10          THE COURT:  And I may have said that and it

11  sounds very much like something I say routinely.  But help

12  from the Court must be requested in a certain forum and

13  that's by filing a written motion or a written complaint,

14  depending upon the type of relief you're requesting.  But I

15  will tell you, asking to speak to me personally on the phone

16  or to President or Mrs. Obama is inappropriate under any

17  circumstances.

18          MS. DOMBECK:  Well, understood, Judge.  And I

19  don't mean to cut you off.  And with all due respect, again,

20  but you did acknowledge my first claim in that forum, so I'm

21  just considering that that is to be the same format to

22  follow.  And when I did look for Court forms on the system,

23  there were no Court forms.  So I just thought I'd wing it

24  and just, you know, send everything in the way I did

25  previously.

1               THE COURT:  Okay.  I'll --

2               MS. DOMBECK:  And to also --

3               THE COURT:  Ms. Dombeck, let me --

4               MS. DOMBECK:  -- to address your first comment,

5    sir --

6               THE COURT:  Ms. Dombeck, please stop talking.

7               MS. DOMBECK:  -- and I don't mean to cut you off,

8    but I'm saying I believe that this should be a mistrial of

9    justice --

10              THE COURT:  Ms. Dombeck --

11              MS. DOMBECK:  -- in this, in my case --

12              THE COURT:  -- you must stop speaking or I will

13   have your connection terminated.

14              MS. DOMBECK:  Right, right, I know.

15              THE COURT:  You are not to contact the Court

16   except through proper means which I've explained to you.

17   And beyond that --

18              MS. DOMBECK:  Correct.

19              THE COURT:  -- I will have nothing more to say.

20   And beyond that, I would hear nothing further from you

21   today.  Now you may remain on the line for the balance of

22   the hearing with respect to other matters or you may drop

23   off now that the matter concerning you is concluded.  Thank

24   you.  Let's move on, Mr. Pernick.

25              MR. PERNICK:  Thank you, Your Honor.  Mr.

1  Bendernagel is going to handle all these status conferences.

2         THE COURT:  Okay.

3         MR. BENDERNAGEL:  Good morning, Your Honor.  Jim

4  Bendernagel for the Reorganized Debtors.

5         The status conferences that relates to these fee

6  motions applies to essentially four motions, Your Honor.

7  The two substantial contribution motions, one filed by

8  Wilmington Trust, the other filed by Law Debenture.  And

9  then the fee claim that relates to the overall claim of

10  Wilmington Trust for $30 million.  And then there's another

11  objection that we filed to certain claims that were made by

12  Wilmington Trust and Deutsche Bank under Section 9.12

13  relating to committee related work.  I believe all of these

14  ought to be handled together.  At the last --

15         THE COURT:  Anybody disagree with that?

16         MR. BENDERNAGEL:  I don't -- I haven't heard

17  anybody suggest that they do.

18         THE COURT:  All right.

19         MR. BENDERNAGEL:  At the last Omnibus Hearing,

20  you had asked that this issue be briefly addressed.  And you

21  had indicated you'd prefer to proceed today by status

22  conference rather than just plow into the motions.  You also

23  indicated that you had some thoughts as to how we might move

24  forward and the like.

25         THE COURT:  I surely do.

1          MR. BENDERNAGEL:  And, you know, we clearly need

2    some guidance in that regard.  I mean, a couple of the

3    issues that sort of jump out at you are, is there going to

4    be discovery?  Is there going to be an evidentiary hearing?

5    When is the evidentiary hearing?  Law Debenture has filed

6    some discovery against the Debtor.  We're working on

7    responding to that.  I think we have ten days or something

8    like that to respond.  We're contemplating taking some

9    discovery, especially based on the reply briefs that were

10   put forward.  There may be other discovery that could be

11   forthcoming.  There's also just a question of how -- what

12   the hearing's going to look like and, you know, to the

13   extent you can provide us some guidance in that regard, it

14   would be helpful.

15          We did have a conversation with counsel for

16   Wilmington Trust a couple weeks ago about timing.  There was

17   a suggestion that people were available in the beginning of

18   June.  There was discussion about different May dates, but

19   there seemed to be a consensus that early June might be the

20   better time period, but that's before we heard from you as

21   to what you think is appropriate or had seen the reply

22   briefs.  And as I indicated the last time, since they have

23   the burden of proof to some degree, how they want to present

24   their case is going to have an impact on what we want to do

25   in that regard.  But maybe the easiest thing for me to do is

1  sit down and hear what you have to say in terms of guidance.

2          THE COURT:  All right.  Well, in the first

3  instance, I think we have to come to some scheduling

4  arrangement with respect to anyone who wishes to propound

5  discovery.  It's a contested matter and parties are free to

6  avail themselves of the discovery rules.  But once that's

7  completed, I will tell you, I am not going to take the first

8  run at these motions.  So I have several thoughts I'd like

9  to share with the parties.  I'll give you a little chance

10 today to actually think about it, if you want some time.

11          As those of you who appear in front of me

12 regularly know, I have been requiring mediation in many

13 cases in which I didn't use to do that, including contested

14 matters.  To do that with fee disputes, presents a special

15 kind of problem.  And I don't want to open an avenue of

16 debate and that's why I rarely speculate on the record from

17 the bench, but I'll do that here.  But again, it's not an

18 invitation to respond, at least to this part.

19          In looking at whether mediation would be

20 appropriate here, you know, the two sides are obviously ones

21 who pre-confirmation were at odds, and post-confirmation, at

22 least with respect to these issues, will continue to be at

23 odds.  And my suspicion is that on the Reorganized Debtors'

24 side they wish to give up not one penny, unless I make them

25 do that.  So I wonder whether mediation here is the

1  appropriate vehicle for the so called, first run, at these

2  motions.

3           But I'll hear from the parties upon whether they

4  think it would be useful or not.  But if it turns out that

5  the parties don't agree that that exercise would be useful,

6  frankly, my inclination is to appoint a Federal Rule of

7  Evidence 706 Court Expert with the costs for that divided

8  and we can talk a little bit about those percentages later.

9  I do have something in mind, but we can talk about that

10 later.

11          And sliding down the scale, if mediation's not

12 appropriate, but the parties agree to a process involving

13 how we select an expert, we'll work on scheduling that in.

14 To the extent all of the parties do not agree, I'll enter a

15 Rule to Show Cause and we'll have a hearing on the next

16 omnibus which is May 22, about how to go farther.  I would

17 always anticipate seeking requests from the parties about

18 who might be a good individual for that.  Frankly, my first

19 instinct is to say, assuming you can find somebody who's not

20 conflicted, a senior member of the Bankruptcy Bar, who might

21 be in the better position to bring the parties together,

22 absent that, to prepare a report that the Court can use in

23 coming to a decision on the various motions and objections.

24          I'll also add as I alluded to, I think when we

25 first talked about this is, you know, the Third Circuit

1  standard on these things is a pretty tough one.  And I've

2  written two substantial contribution opinions; one is much

3  longer than the other, one in the *Summit* case and one in

4  *Tropicana*.  And the Third Circuit has affirmed both.  So

5  you'll get a pretty good idea of where I stand with those

6  requests based on what I've already ruled.  And I haven't

7  changed my point of view with respect to how a Court should

8  approach these requests.

9         So that, Mr. Bendernagel, is what I wanted to

10  communicate to the parties when I told you I wanted to set

11  these for status first.  And now I'm happy to hear from

12  others.  And Mr. Bendernagel, if you want to go first,

13  you're welcome to.

14         MR. BENDERNAGEL:  Well, obviously, I want to give

15  some thought to these issues.  My sense is -- well, the

16  concern I have about both approaches is, one, I'm not sure

17  that mediation is going to do much good here.  So just

18  moving beyond that.

19         The difficulty with a Court appointed expert here

20  is in these two sets of issues in the case, there are a

21  bunch of legal issues and, you know, that's going to be a

22  situation where I assume you're asking the Court appointed

23  to give you essentially, some recommendations as to how to

24  rule on those with respect to the matters of law or would be

25  just be using the Court appointed expert to look at the

1  factual questions that are associated with, sort of the way

2  you described it the last time there's two questions here.

3  One is, was there a -- you know, are you entitled to

4  anything and then how much?  And I take it, you would look

5  to the Court appointed expert to deal with both of those

6  issues?

7            THE COURT:  I would.

8            MR. BENDERNAGEL:  I just wonder if we're just,

9  you know -- and I take it -- and would the Court appointed

10  expert conduct discovery sort of like an examiner?  Is that

11  what you have in mind or --

12            THE COURT:  I think that's something we should

13  talk about.  I mean, the rule itself does give some

14  guidelines about the role and -- of such an expert and who's

15  subject to discovery of him.  And I think we can talk about

16  it.

17            MR. BENDERNAGEL:  Well, what I --

18            THE COURT:  The parties did, I think, a pretty

19  fair job in this case of setting up the parameters for the

20  examiner.  And I -- it strikes me that the exercise in

21  coming to some arrangement with respect to a Court appointed

22  expert would be about the same.

23            MR. BENDERNAGEL:  Forty years later.  Well, let's

24  hear what other people have to say.  I think we want to give

25  some more thought to it, Your Honor.  We're not saying no,

1   obviously, but, you know, the question is -- I take it you

2   did not use this in *Tropicana* and *Summit*.  You did that

3   straight away and --

4              THE COURT:  I did not.  And I have -- I will tell

5   you, I have other substantial contribution motions pending

6   upon which I have not yet ruled.  And I've just decided I

7   need to approach them differently.  You know, we're not

8   allowed to appoint special masters under the rules.  Again,

9   you know, mediation isn't ripe, although my hope is as

10  sometimes the case Court appointed experts can help bring

11  the parties closer together, but that's a secondary benefit

12  as far as I'm concerned.

13             So I'm going to try this.  And I have determined

14  that am going to do it.  It's just a matter of working out

15  how we go about it.  And I'll see how it works.  If it

16  doesn't work, I'll figure out something else the next time.

17             MR. BENDERNAGEL:  All right.

18             THE COURT:  But I'm going to keep going --

19             MR. BENDERNAGEL:  Well, why don't we hear from --

20             THE COURT:  -- until I think I've got it right.

21             MR. BENDERNAGEL:  -- other parties and I'll

22  consult with Mr. Johnston and maybe we'll have something

23  further to say after we hear the other parties.

24             THE COURT:  All right.

25             MR. BENDERNAGEL:  Thank you.

1           THE COURT:  Mr. Stark?

2           MR. STARK:  Thank you, Your Honor.  Good morning.

3   Robert Stark, from Brown Rudnick, appearing on behalf of

4   Wilmington Trust.

5           First, I have question for Your Honor which will

6   help give me a more intelligent reply, if I can.  Is Your

7   Honor's contemplation that the mediation and/or a 706 expert

8   would handle all three contested issues, the substantial

9   contribution, the fee claim, and the 9.16, I believe, plan

10  issue?

11          THE COURT:  Yeah, Mr. Bendernagel had indicated

12  they should be bundled.  I tend to agree.

13          MR. STARK:  And we're okay with that.

14          THE COURT:  Okay.

15          MR. STARK:  Your Honor, this is not a situation

16  that we're happy to be in, by any stretch of the

17  imagination, and I think Your Honor probably surmises

18  accurately that, and I share the same supposition, that the

19  company won't part with a penny unless told otherwise.  We

20  are very happy to go through any reasoned and reasonable

21  methodology, judicial, extrajudicial, a way to get to a

22  resolution here.  Mediation is fine by us.  We're very

23  pleased to go to mediation, but it takes two to tango.  And

24  if the second doesn't want to tango, there's not much more I

25  can do about that, other than to say to the Court that we're

1    here trying to do the best we can.

2              On the 706 expert idea, the only thing that I

3    would suggest, and we're fine with that as well, of course,

4    Your Honor, is costs.  And let me -- if I can only -- if I

5    can bend your ear for just a moment on that.

6              We are the only professional in this entire case

7    that's been unpaid.  I am carrying a receivable exceeding

8    $22 million at this point in time.  We have other

9    professionals, local counsel, several of them, who also have

10   not been paid in this case and we are the only grouping of

11   professionals not paid in this case.

12             We expended significant effort when we drafted

13   all of our briefs, including the brief that was presented to

14   the Debtors and they objected to the overarching unsecured

15   claim to annotate with extreme care, every -- each and every

16   factual allegation contained in those briefs.  We tried

17   desperately to ensure that there wouldn't be a discovery

18   dispute because we tried not to put in any purple prose, not

19   to be emphatic, simply to say these are the facts as proven

20   by the record and here's the record as it exists.  That cost

21   my firm a tremendous amount of additional cash and was

22   intended to make the process for a judicial resolution,

23   simply providing you with binders and nothing more.  But,

24   you know, we are where we are.  And if there's depositions

25   that the Debtors want to take, I suppose they're going to

1  ask for them.   I doubt we have anything.

2          But the costs right now is uneven and I would ask

3  Your Honor in -- if we are moving in the 706 ambit, to

4  please take consideration of the fact that yet again, we

5  find ourselves sort of having to push up the help.

6          THE COURT:   I will.

7          MR. STARK:   Thank you, Your Honor.

8          MR. STEIN:   Good morning, Your Honor.   Matthew

9  Stein, Kasowitz, Benson, Torres & Friedman, on behalf of Law

10  Debenture.

11          I mirror Mr. Stark's comments in terms of

12  mediation is the preferable approach because of a host of

13  issues, because of time and also expense.   But if we do have

14  to go through the 706 route, you know, when we discuss the

15  boundaries, similar to, as you referenced, the -- with the

16  examiner, the extent to which more factual development is

17  needed, and you know, present based on -- I know the Debtors

18  referenced that they would want to conduct more discovery.

19  As Mr. Bendernagel had mentioned, we have a discovery

20  request pending.   So I'm not sure if we go that route, how

21  much more discovery and how much more fact development is

22  needed.   But that could be one way to limit cost by limiting

23  further factual development.   But as I said before, I mean,

24  mediation is the preferable approach.   Thank you.

25          THE COURT:   Thank you.

1          MR. ADLER:  Good morning, Your Honor. David

2     Adler, from McCarter & English, on behalf of DBTCA.

3          Just by way of background, Your Honor, DBTCA did

4     not file a substantial contribution application.  The only

5     application it has filed is to be paid the fees under

6     Section 9.13 of the Plan.  As Your Honor may recall, back in

7     November, a stipulation was entered regarding the allowed

8     amount of DBTCA's claim for which it would assert a charging

9     lien against in connection with the distribution that took

10    place on the effective date.

11         Having said all of that, we are open, completely

12    open to mediation.  And anything that will be cost efficient

13    and time efficient from our perspective is a good thing.

14    Thank you.

15         THE COURT:  Thank you.

16         MR. BUCHBINDER:  Good morning, Your Honor.  Dave

17    Buchbinder, on behalf of the United States Trustee.  I do

18    not have a position on the Court's request.  I would, of

19    course, have to consult with my client.  But I would request

20    of the parties, and would ask the Court to remind the

21    parties, that the U.S. Trustee has objected to both the

22    Wilmington Trust and Law Debenture applications and we need

23    to be involved in any discussions of any Scheduling Orders,

24    et cetera.

25         THE COURT:  Very well.

1          MR. BENDERNAGEL:  Your Honor, just a couple of

2    thoughts and then we'll see how we -- first of all, this

3    argument about mediation.  I'd simply point out, we did talk

4    to Wilmington Trust to try to settle the claim issues, put

5    aside the substantial contribution because that's a

6    different issue.  And, you know, we were willing to move off

7    a single penny.  So that's sort of a misrepresentation of

8    what our position is.  We also paid both Deutsche Bank and

9    Wilmington Trust close to three quarters of a million

10   dollars in connection with the 9.1.6 claim.  We just

11   disputed portions of it.  So the argument that we're

12   committed not to giving them a penny is just false.

13          We also reached out --

14          THE COURT:  Well, wait a minute, it was my

15   speculation and --

16          MR. BENDERNAGEL:  Well, but [indiscernible] don't

17   comment, you said we were and I'm just --

18          THE COURT:  And --

19          MR. BENDERNAGEL:  -- setting the record straight

20   that that isn't the fact.

21          THE COURT:  -- I guess I was hoping against both

22   parties would not latch on to that and talk about it.

23   There's really no need to.  I said it simply to illustrate a

24   point.

25          MR. BENDERNAGEL:  Okay.  With respect to the 706

1   procedure, we agree that we ought to try to keep the costs

2   down.  But the costs ought not all be put on the Reorganized

3   Debtors.  That would not be appropriate.

4           THE COURT:  It wasn't my thought to put all of

5   the costs on the Reorganized Debtors, but probably

6   disproportionately more than that on other parties.

7           MR. BENDERNAGEL:  Okay.  Well, it depends what

8   the disproportionately is, I suppose.

9           THE COURT:  I would say, you know, at least half,

10  but I haven't come to a place on that yet.

11          MR. BENDERNAGEL:  And, you know, one question.

12  And I suppose what you really want us to do is sit down and

13  try to work out the details of this.

14          THE COURT:  What I want you to do is settle it --

15          MR. BENDERNAGEL:  Well --

16          THE COURT:  -- but if you can't, then yes.

17          MR. BENDERNAGEL:  -- you know, let's take one

18  step at a time.  And, you know, maybe we could convene

19  rather than continue talking here and for a few minutes

20  while you handle the rest of the agenda and at least give

21  you a status report.  I doubt if we're going to resolve this

22  before eleven o'clock.

23          THE COURT:  And I didn't expect that you would

24  and it would, you know, look, it's, you know, I didn't

25  expect that you would be prepared for what I just rolled out

1   for you.   And I wouldn't expect everyone to be in agreement

2   over how we move forward.   But I do want to at least get

3   some notion of what I ought to be doing.   Frankly, as I read

4   the rule, and I haven't done any further research behind the

5   rule, but if the parties don't agree that we should go this

6   way, I think I need to do a Rule -- issue a Rule to Show

7   Cause so parties have a chance to respond and tell me what

8   their thoughts are.   But, you know, that would be for

9   another day.

10           MR. BENDERNAGEL:   Well, my reaction -- well, two

11  final reactions.   One is with respect to fighting this

12  issue, it seems to me that all that's going to do is chew up

13  additional dollars for everybody and we're going to end up

14  trying this procedure.   So my reaction would be just to try

15  the procedure rather than expend dollars.

16           The second thing I think it's really important to

17  keep the cost down here, because while these claims are

18  pretty big, and if we get into something like we had with

19  the examiner, we're going to be in a situation where we're

20  going to pay 13 million.   You know, we paid $13 million in

21  connection with the examination report.   And, you know,

22  people didn't expect that we were going to start out at $13

23  million.   I mean, we were hoping to keep it at $1 million.

24  That didn't seem realistic to the examiner.   I think he said

25  $4 or $5 million and it grew to $13 million.   We do not want

1  to get in a situation where that occurs, because, you know,

2  you're in a situation where you end up spending more money

3  than you might be able to spend in settlement and maybe

4  that's part of the pressure.

5          THE COURT:  Well, maybe I've --

6          MR. BENDERNAGEL:  But it doesn't really make a

7  lot of sense for the parties to engage in a procedure that

8  has that impact.

9          THE COURT:  Well, let me talk about cost for a

10  moment.  And maybe I've -- maybe you've heard me say this

11  because I've said it from time to time.  I first came to

12  Delaware as a visiting Judge when I was sitting on the bench

13  in the Eastern District of Pennsylvania.  And when I called

14  around to other Judges who had been visiting Judges, I asked

15  for advice about how to go about the job here.  And one

16  piece of advice I've always remembered was given to me by a

17  Judge who said, you know, every time you ask the parties to

18  do something, it costs somebody a lot of money.  So I'm

19  always sensitive to that.

20          And, of course, you look at this case and the

21  costs involved here.  They're high enough already and

22  that's, you know, probably an understatement.  And I'm not

23  criticizing anybody.  But I'm sensitive to that, but I've

24  just come to a place where I think I need the help.

25          MR. BENDERNAGEL:  And one final point.  And I

1  know I've used that phrase before, but I do think it's

2  important in considering how the costs get shifted here and

3  how this procedure is set up is that at least with respect

4  to the substantial contribution claims, these guys have the

5  burden of proof.  I mean, it's not that this is well, a sort

6  of close call.  I mean, the real question, you know, as you

7  pointed out, this is a pretty hard road to plow.  And

8  they're not only saying well you should pay this amount, now

9  we're supposed to bear a disproportionate share of the costs

10 of trying to get there.  That puts a lot of pressure on the

11 Debtor to essentially make payments, when maybe there's no

12 entitle to payment.  And I think that's a serious question.

13          THE COURT:  Well --

14          MR. BENDERNAGEL:  And I'd just leave that there

15 for you.

16          THE COURT:  -- not that that never happens in a

17 bankruptcy case, Mr. Bendernagel.

18          MR. BENDERNAGEL:  I know.  At some point it

19 should stop, but --

20          MR. STARK:  Your Honor, if I may just --

21          THE COURT:  Just briefly.

22          MR. STARK:  I won't belabor, but we didn't create

23 this LBO.

24          THE COURT:  Okay.

25          MR. STARK:  At the end --

1          THE COURT:  If that's where you're going, I don't

2     need to hear anymore.  It is what it is.  Okay.  My thought

3     is to let's go through the rest of the agenda.  Give the

4     parties some time, at least to have preliminary discussions

5     about what we just talked about and then we'll go from

6     there.  Okay.  What's next, Number 10?

7          MR. PERNICK:  I think we stopped at Number 10,

8     Your Honor.

9          THE COURT:  All right.

10          MR. BENDERNAGEL:  Your Honor, while that's

11     happening, can we be excused?

12          THE COURT:  Yes, certainly.  You know what --

13          MR. KANSA:  Good morning, Your Honor.

14          THE COURT:  One moment.  Let's open up the

15     mediation room.  Okay.  We'll open up -- Mr. Bendernagel,

16     we'll open up the mediation room for you.

17          MR. BENDERNAGEL:  Thank you.

18          THE COURT:  All right.  Mr. Kansa, go ahead.

19          MR. KANSA:  Good morning, Your Honor.  Ken Kansa,

20     Sidley Austin on behalf of the Reorganized Debtors.

21          There are three items on the agenda that I

22     believe we can address while the rest of the folks are out

23     of the room.  Those are Items 10, 11, and 12.  With the

24     Court's permission, I'd propose to take Items 11 and 12 and

25     then come back to 10, because I believe 11 and 12 can be

1    addressed very quickly.

2                    THE COURT:  Very well.

3                    MR. KANSA:  Item 11, Your Honor, is A&B Photo &

4    Print's submission of a bar date for professional fee claim

5    expenses.  This was the submission of an invoice to the

6    Debtors, styled as professional fee claim, subject to the

7    bar date for those claims in the plan for $963 relating to

8    charges allegedly incurred by this Claimant in connection

9    with the Debtors' bankruptcy process.

10                   We did reach out to A&B Photo & Print's,

11   President, Mr. Nesbitt.  And my office spoke with him saying

12   in essence, that this was not a professional fee claim

13   covered by that bar date and this was not a compensable

14   expense under the Bankruptcy Code.  Nonetheless, Mr. Nesbitt

15   indicated that he wished this matter to go forward before

16   the Court.  And, in essence, to see what the Court had to

17   say on the subject.  The Debtors objection to this

18   particular expense remains what it is.  This is simply not a

19   professional fee claim under 327 or 1103, Your Honor.  And,

20   therefore, there is no basis to allow this expense and it

21   should be, the request should be denied.

22                   THE COURT:  All right.  Let me ask for the record

23   is anyone present in the courtroom or on the phone on behalf

24   of A&B Photo, including, but not limited to, Mr. Nesbitt?

25                        (No audible response.)

1          THE COURT:  I hear no response.  And Mr. Nesbitt

2   is not on the telephone signup sheet.  The Debtor here is

3   exactly correct.  The claim is for expenses which A&B says

4   it's incurred as a result of having to deal with the claim.

5   These are not as the Debtor asserts, compensable under the

6   Bankruptcy Code, and therefore, I will sustain the objection

7   and I'd ask that counsel submit a form of Order.

8          MR. KANSA:  Your Honor, I have a form of Order

9   with me, if I may approach?

10          THE COURT:  You may.  That Order has been signed.

11          MR. KANSA:  Thank you, Your Honor.  I'll turn

12   now, Your Honor, to Agenda Item Number 12, which is the

13   Reorganized Debtors' Sixty-Seventh Objection to Claims.

14   There was one response filed with respect to this objection

15   by a Mr. Mark Jacobs.  Mr. Jacobs as we understand it,

16   asserts a workers' compensation claim against the -- one of

17   the Reorganized Debtors.

18          In substance, his response was indicated that he

19   wished to object to the extent that he would not have

20   recourse for any further claim that he had.  We filed a

21   brief response to Mr. Jacobs' objection, stating that the

22   workers' compensation claims have been assumed by the

23   Reorganized Debtors under the plan, subject to the

24   Reorganized Debtors' rights under applicable state law, to

25   do whatever they need to do to have that claim readjusted or

1  anything similar.

2           We have not been able to resolve this with Mr.

3  Jacobs, but I think the salient point from the Reorganized

4  Debtors' perspective, Your Honor, is that the confirmation

5  of the plan, and the objection to this claim, and the

6  disallowance of this claim by the Court is in the Debtors'

7  view, not going to have any effect on whether Mr. Jacobs can

8  get paid by the workers' compensation authority.  That's a

9  matter assumed by the Reorganized Debtors and to be

10  addressed in accordance with applicable state law.

11           THE COURT:  Let me ask for the record.  Is anyone

12  in the courtroom or on the phone on behalf of Mr. Jacobs or

13  is Mr. Jacobs on the phone?

14                 (No audible response.)

15           THE COURT:  I her no response.  I've reviewed the

16  submissions, tend to agree with the Debtor on its objection

17  and will sustain the objection.  But in any Order, I would

18  like language which includes the acknowledgement that the

19  Debtor made in its response, reply to Mr. Jacobs' response.

20           MR. KANSA:  Your Honor, we will submit a revised

21  form of Order.

22           THE COURT:  All right, thank you.

23           MR. KANSA:  Your Honor, that brings us to Item

24  Number 10 on the agenda, which is KTLA's objection to Claim

25  Number 4412 of Ms. Marta Waller.  The -- Ms. Waller has

1    responded to the objection and also filed a cross motion for

2    leave to file an amended proof of claim and for abstention.

3    We're happy to proceed however the Court may wish, but as a

4    gating item, it may be helpful for the Court to address the

5    cross motion first, since those seem to be threshold issues.

6    And I'm happy to turn the podium over, if the Court wishes

7    to proceed that way, or plow into our objection as you see

8    fit.

9              THE COURT:  Well, my first question is, are there

10    disputed facts?  It seems to me that there are.  And if so,

11    aside from the legal issues, and I know the Debtors'

12    position here is that I can decide on the legal issues, at

13    least from the, I guess, the Claimant's standpoint is an

14    evidentiary hearing required?

15              MR. BUSENKELL:  Good morning, Your Honor.

16    Michael Busenkell of Gellert, Scali, Busenkell & Brown on

17    behalf of the Claimant.

18              It was my understanding that we were going to

19    address the gating issue today of the request for

20    abstention.  I -- we are not going to proceed on the request

21    to file an amended proof of claim.  We're going to stand on

22    the claim that we filed.  But we still have gating issue of

23    whether or not, you know, the Court should abstain from

24    hearing that.  I --

25              THE COURT:  But how do I abstain in favor of an

1   action that doesn't exist.

2           MR. BUSENKELL:  I don't think that's a

3   requirement.  I mean, I think that's one of the factors --

4           THE COURT:  It seems to me it's an important one.

5           MR. BUSENKELL:  I'm not going to dispute that,

6   Your Honor, but on the other hand, you have clearly state

7   law issues.  I mean, these claims that Ms. Waller has

8   asserted are for age and gender discrimination under

9   California Law, the termination and violation of California

10  public policy, and the violation of California Code Section

11  12390, I think.  I mean, these are all California Law

12  issues.  There is no independent jurisdiction of this Court

13  other than 1334.  There's no diversity.  There's no federal

14  question involved.

15          I'm not going to comment on the Court's docket.

16  The Court knows it's docket better than anyone else, but,

17  you know, I would think that the Court doesn't need to

18  address claims such as this.  You know, importantly, I don't

19  think there's any relatedness between this claim and the

20  bankruptcy proceeding.  This claim is not the claim that

21  precipitated the Debtors' filing.  It's not a central focus

22  of the case.

23          THE COURT:  So let me ask you this.  What makes

24  this type of claim any different from any other type of

25  claim that's required to be filed in a bankruptcy case?

1          MR. BUSENKELL:  Well, it's a little different in

2    the sense that, I think the claims that you're generally

3    faced with are your traditional contract claims, supplier

4    who supplies products to the Debtor and doesn't get paid.

5          THE COURT:  We see employment discrimination

6    claims all the time.

7          MR. BUSENKELL:  I'm not disputing that Your Honor

8    doesn't.  My point is that these are California Law claims.

9    Your Honor, may have more important issues to address in

10   this than other cases.

11         THE COURT:  Every matter is important to the

12   Court because I assume that it's important to the parties.

13                    (Laughter)

14         MR. BUSENKELL:  That's true, Your Honor.   And

15   the other point I would make is abstaining this case

16   wouldn't have any, you know, impact on the estate.  Mrs.

17   Waller has, you know, has a right to a jury trial under

18   California Law.  You know, if this case went to the District

19   Court, it wouldn't get resolved any quicker.  And I think

20   when you look at all the factors, this is a case where the

21   Court should abstain.  I think the factors weigh in favor of

22   abstention and we would request that the Court exercise its

23   discretion and abstain from hearing this.

24         THE COURT:  All right.  Well, that's probably the

25   least strong of the arguments that you make, but let's

1   backup.  If the parties are in agreement that I should deal

2   with the legal issues first, apart from whether the factual

3   and evidentiary hearing ultimately will need to be held

4   before whomever, let me just backup and I'll start with the

5   Debtor who's lodged an objection and I'll hear your argument

6   in response, okay?  So we'll go back to the Debtor and we'll

7   just -- we'll start over again.  I'll hear the legal issues

8   today, I'll take the matter under advisement and assuming I

9   agree with the parties, that I can dispose of it on the

10  legal issues, you'll get a decision in due course.

11          MR. BUSENKELL:  Well, I'm not sure you can, Your

12  Honor.  I mean, I think there are evidentiary issues that

13  are going to need to be addressed.  I mean, one of our

14  contentions is that under California Law, Ms. Waller was an

15  employee, notwithstanding the existence of a contract when

16  you look at the factors to determine whether or not there

17  was an employer/employee relationship, so --

18          THE COURT:  Okay.  So you're saying I can decide

19  some of the legal issues, but not all of them as an initial

20  matter?

21          MR. BUSENKELL:  I'm not certain, Your Honor.

22                      (Laughter)

23          THE COURT:  You have no position?

24          MR. BUSENKELL:  I think there -- I think we need

25  an evidentiary hearing is what I think.  By the way, as an

1   aside, I'm not sure my co-counsel's on the phone, Ms. Weiss,

2   and I'll defer to her thoughts on the California Law issues,

3   if she is.

4           THE COURT:  Well, here's what I'm thinking.  What

5   would typically happen on a claim objection is if one of the

6   other parties thinks I can dispose of the matter wholly or

7   in part, I'd get a Summary Judgment Motion.  Now I'm not

8   criticizing anybody for not having filed it, but given the

9   disagreement between the parties here, I'm a little bit at a

10  loss as to what the best way to proceed is.  What is your

11  suggestion?

12          MR. BUSENKELL:  My suggestion is assuming we're

13  beyond that gating issue, that you schedule it for an

14  evidentiary hearing and enter a Scheduling Order.

15          THE COURT:  All right.  Mr. Kansa what would you

16  suggest?

17          MR. KANSA:  Your Honor, the Debtors have no

18  objection to an evidentiary hearing or a Scheduling Order.

19  We really are at something of a loss, given the -- what's

20  been put forward in the proposed complaint that was appended

21  to the proof of claim, to really understand even what some

22  of the issues are.  And if this is the factual development

23  or if the Claimant is looking for more, and if so on what,

24  we really don't know.  We've heard nothing more than what's

25  in the proposed complaint.  We are happy to restyle the

1  objection as a Motion for Summary Judgment and put this a

2  little more procedurally appropriately before the Court, if

3  Your Honor wishes.

4          THE COURT:  I think that's probably -- put it

5  this way, there are two ways to go.  One is to invite the

6  Summary Judgment Motion.  The other is just to get into a

7  full blown Scheduling Order, which includes all the bells

8  and whistles, you know, including a requirement that there

9  be a mediation.  And I'm content with either at this point.

10         MR. KANSA:  Well, Your Honor, from the Debtors'

11 perspective and subject to any views of Mr. Busenkell, I

12 think we would be perfectly happy to file our summary

13 judgment papers and get this teed up with the Court.

14         THE COURT:  All right.

15         MR. BUSENKELL:  Your Honor, that's fine with us,

16 but we'll defer to the -- whatever the Court wants to do.

17         THE COURT:  All right.  When can you have the

18 motion filed?  And look, it's not like I'm going to be able

19 to -- timing from my end is tight enough, so you just take

20 what time you need to get, you know --

21         MR. KANSA:  Your Honor, I may take the Court up

22 on that invite.  I think if we were asked to file the motion

23 say by the end of May, I think that's a very workable

24 timetable from our end.

25         THE COURT:  Okay.  Let me ask counsel to confer

1  then and submit a Scheduling Order for that.  And in terms

2  of response, you can either go by what the local rules would

3  require or vary them to meet your needs.  If you have any

4  disagreement, reach out to me by conference telephone and

5  I'll resolve whatever there may be.  I will schedule oral

6  argument on my own once the papers are in.  It doesn't --

7  I'm not saying don't request it, I'm just saying don't pick

8  a date for the argument, I like to make sure I'm prepared

9  before I schedule that.

10          MR. KENSA:  We will do --

11          THE COURT:  Are there any questions?

12          MR. KANSA:  No questions from the Debtors, Your

13  Honor.

14          THE COURT:  All right, thank you.

15          MR. BUSENKELL:  Your Honor, Mike Busenkell again,

16  for the record, I will confer with Mr. Kenser -- Kansa.  Is

17  that correct, Kansa?  But I have nothing further in front of

18  the Court today, so after we talk, may I be excused?

19          THE COURT:  Certainly.

20          MR. BUSENKELL:  Thank you.

21          THE COURT:  All I'll say is, you know, this -- I

22  -- this doesn't happen very much, Mr. Kansa, but I was

23  reading the objection and you've been in front of me

24  frequently enough that I could just -- I knew you had

25  drafted it.  I could hear your voice as I was reading it and

1  I skipped to the signature line.  I don't know whether you

2  did the first draft, but it's you, and I could tell it's

3  you, and that doesn't always happen.

4            MR. KANSA:  I'm hoping the voice is distinctive

5  in a good way, Your Honor.

6            THE COURT:  It was all good.

7            MR. KANSA:  Thank you, Your Honor.

8            THE COURT:  All right.  Okay.  I'll take a recess

9  and come back to me when the parties are ready to report on

10  the results of their preliminary discussions after my having

11  delivered that unhappy news.  All right.  Stand in recess.

12            (Recess from 10:48 a.m. to 10:54 a.m.)

13            THE CLERK:  All rise.  Be seated, please.

14            MR. JOHNSTON:  Good morning, Your Honor.  Jim

15  Johnston, of Jones Day, now appearing on behalf of the

16  Reorganized Debtors.

17            I wanted to apprise you, we actually made a

18  surprising amount of progress in a little amount of time.

19  We're not completely there yet in terms of consensus as to

20  how this would work, but I do think that there's general

21  consensus that with respect to the 706 expert, everybody has

22  a common objective of keeping costs down to a minimum,

23  making the process work as seamlessly as possible.

24            And so what we discussed among the parties was a

25  procedure by which there would be no further briefing.  The

1    briefs that have been filed would be submitted to the

2    expert.  Then the Applicants and Movants who have the burden

3    of proof, would essentially tell the expert, this is the

4    evidence on which we rely.  And by the this, I mean, it

5    would be the exhibits and transcripts of any depositions

6    that are taken.

7              Now before we get to that point, everyone, I

8    think, agrees that will need to be some limited discovery.

9    And we haven't fleshed out exactly what the parameters of

10   that discovery would be.  I think, people agree that it's

11   probably not much and it could be conducted relatively

12   quickly.  But we would conduct some discovery, at the

13   conclusion of which, the Movants or the Applicants would

14   say, here's our case, Expert.  The Debtors would then say,

15   here's our case, Expert.  And the expert would write a

16   report.

17             We did have some discussion as to who might be a

18   good expert.  And certainly, people thought a sitting or

19   retired Bankruptcy Judge would be an ideal candidate.  Also,

20   a practitioner with experience in substantial Chapter 11

21   cases of size could be a candidate as well.  We agreed to go

22   back to our respective camps and see if we could come up

23   with some names and get on the phone with each other and try

24   to coalesce around a candidate or candidates.

25             What I would suggest, Your Honor is that we

1    continue this status conference for a week or two, and

2    hopefully, just get back on the phone, do a telephonic

3    report to Your Honor at some time in the next couple of

4    weeks after which the parties, hopefully, will have fleshed

5    out these issues more, come to an agreement on how the

6    procedure might work, and then explain it to Your Honor.

7              THE COURT:  That's fine.  How about Tuesday, May

8    7 at two o'clock in the afternoon for a telephone

9    conference?

10             MR. JOHNSTON:  That date is free on my calendar,

11   Your Honor.

12             THE COURT:  Everyone else available?

13             MR. JOHNSTON:  I'm sorry, did you say three

14   o'clock in the afternoon?

15             THE COURT:  Two o'clock I said.

16             MR. JOHNSTON:  Two o'clock, okay.

17             MR. STARK:  Your Honor, I won't be able to

18   attend.  Sadly, I'll be before Judge Drain on a mediation on

19   something else, but my partner, Jim Stoll will be prepared,

20   if that's acceptable to the Court.

21             THE COURT:  Sure.

22             MR. STAR:  Thank you.

23             THE COURT:  Everyone else okay with that date and

24   time?

25             MR. STEIN:  May 7 works for Law Debenture.

1          MR. ADLER:  It works for DBTCA.

2          THE COURT:  All right.  Thank you, Mr.

3   Buchbinder.  Okay.  Is there anything else that we need to

4   talk about in connection with that?  Mr. Stark?

5          MR. STARK:  Just an extra question.  I think it's

6   a very useful thing if the parties go back and try to see if

7   we can obviate as many issues as possible before asking Your

8   Honor to decide anything on the 7th.  I don't think --

9   believe we need an Order to Show Cause at this point, but if

10  we are, we will.

11          Questions on matters of cost and I have an issue

12  about whether or not the report ultimately is a file

13  document as opposed to a piece of evidence to Your Honor

14  that may or may not be admitted at a trial that may or may

15  not ever happen which I know the U.S. Trustee has an

16  interest in.  Are these issues that we should talk amongst

17  ourselves or just reserve for the May 7 hearing?

18          THE COURT:  I would say, you know, talk about

19  everything that you think is relevant.  And to the extent

20  there are disagreements, I guess what I'd like is written

21  submissions and you can do them by letter, you know, ahead

22  of time.

23          MR. STARK:  By May 5?  Is that an acceptable

24  deadline for that or whichever date Your Honor --

25          THE COURT:  That's a Sunday.

1          MR. STARK:  Okay.

2          THE COURT:  You can do it by the 6th, you know,

3    just noon on the 6th.

4          MR. STARK:  Will do, Your Honor, thank you.

5          THE COURT:  All right.  Anything else we need to

6    talk about?

7          MR. JOHNSTON:  I have nothing further on our end,

8    Your Honor.

9          THE COURT:  All right.  Mr. Pernick are we

10   through the agenda now?

11         MR. PERNICK:  Nothing further, Your Honor.

12         THE COURT:  All right.  Thank you all very much.

13   That concludes this hearing.  Court will stand in recess.

14

15     (Whereupon, at 10:59 a.m., the hearing was adjourned.)

16

17                    CERTIFICATION

18         I certify that the foregoing is a correct

19   transcript from the electronic sound recording of the

20   proceedings in the above-entitled matter.

21

22

23   _____          25 April 2013

24   Traci L. Calaman, Transcriber                Date

25

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**08-13141(kjc**(1) 1:5
**ab**  (4) 30:3  30:10  30:24  31:3
**a.m**(5) 1:17  6:1  40:12  40:12  44:15
**abide**(2) 10:23  10:24
**able**(5) 9:16  27:3  32:2  38:18  42:17
**about**(28) 11:1  14:16  14:18  15:10  16:8
16:9  16:16  16:17  16:25  17:16  18:13  18:14
18:15  18:22  19:15  20:25  24:3  24:22  27:9
27:15  27:15  29:5  29:5  42:7  43:4  43:12
43:18  44:6

**aboveentitled**  (1) 44:20
**absent**(1) 16:22
**abstain**(4) 33:23  33:25  35:21  35:23
**abstaining**(1) 35:15
**abstention**(3) 33:2  33:20  35:22
**acceptable**(2) 42:20  43:23
**accordance**(1) 32:10
**accurately**(1) 20:18
**acknowledge**(1) 11:20
**acknowledgemen**(1) 32:18
**action**(1) 34:1
**actually**(5) 8:8  9:15  11:3  15:10  40:17
**add**(1) 16:24
**additional**(3) 7:22  21:21  26:13
**address**(7) 9:19  12:4  29:22  33:4  33:19
34:18  35:9

**addressed**(4) 13:20  30:1  32:10  36:13
**adjourned**(1) 44:15
**adjustment**(1) 7:22
**adjustments**(1) 7:19
**adler**(4) 2:22  23:1  23:2  43:1
**administered**(1) 1:6
**admitted**(1) 43:14
**advice**(2) 27:15  27:16
**advisement**(1) 36:8
**affirmed**(1) 17:4
**after**(4) 19:23  39:18  40:10  42:4
**afternoon**(2) 42:8  42:14
**again**(6) 11:19  15:17  19:8  22:4  36:7  39:15
**against**(4) 14:6  23:9  24:21  31:16
**age**(1) 34:8
**agenda**(8) 6:8  6:19  15:20  29:3  29:21
31:12  32:24  44:10

**ago**(1) 14:16
**agree**(6) 16:5  16:12  16:14  20:12  25:1  26:5
32:16  36:9  41:10

**agreed**(1) 41:21
**agreement**(5) 4:39  10:10  26:1  36:1  42:5
**agrees**(1) 41:8
**ahead**(3) 6:11  29:18  43:21
**alan**(1) 4:51
**all**(47) 6:2  6:3  6:4  8:1  8:22  10:1  10:25
11:4  11:19  13:1  13:13  13:18  15:2  16:14
19:17  19:24  20:8  21:13  23:11  24:2  25:2
25:4  26:12  29:9  29:18  30:22  32:22  34:11
35:6  35:20  35:24  36:19  37:15  38:7  38:14
38:17  39:14  39:21  40:6  40:8  40:11  40:13
43:2  44:5  44:9  44:12  44:12

**allegation**(1) 21:16
**allegedly**(1) 30:8
**allinson**(1) 2:14
**allow**(1) 30:20
**allowed**(3) 10:18  19:8  23:7
**alluded**(1) 16:24
**already**(3) 7:23  17:6  27:21
**also**(10) 12:2  13:22  14:11  16:24  21:9
22:13  24:8  24:13  33:1  41:19

**alston**(1) 5:16
**although**(1) 19:9
**alvarez**(1) 3:49
**always**(4) 16:17  27:16  27:19  40:3
**amalgamated**(1) 4:50
**ambit**(1) 22:3

**amended**(2) 33:2  33:21
**among**(2) 10:16  40:24
**amongst**(1) 43:16
**amount**(5) 21:21  23:8  28:8  40:18  40:18
**and**(216) 3:22  6:10  6:15  6:20  7:1  7:9  7:10
7:14  7:15  7:16  7:21  8:3  8:8  8:15  9:2  9:4
9:9  9:11  9:14  9:16  10:4  10:6  10:7  10:12
10:13  10:15  10:18  10:19  10:22  10:25  11:8
11:9  11:10  11:10  11:12  11:18  11:19  11:22
11:24  12:2  12:7  12:17  12:20  13:8  13:10
13:12  13:20  13:24  14:1  14:12  14:22  15:1
15:5  15:15  15:16  15:21  15:23  16:8  16:11
16:15  16:23  17:1  17:3  17:4  17:6  17:11
17:12  17:21  18:4  18:4  18:9  18:9  18:14
18:14  18:15  18:20  19:2  19:3  19:4  19:6
19:13  19:15  19:21  19:22  20:9  20:13  20:17
20:18  20:20  20:23  21:3  21:4  21:10  21:14
21:15  21:20  21:21  21:23  21:23  22:2  22:11
22:17  22:21  23:12  23:13  23:20  23:22
23:22  24:2  24:6  24:8  24:15  24:17  24:18
24:22  25:11  25:12  25:12  25:18  25:19
25:20  25:23  25:24  26:1  26:4  26:7  26:13
26:18  26:21  26:25  27:3  27:10  27:13  27:15
27:20  27:20  27:21  27:22  27:25  27:25  28:2
28:7  28:12  28:14  29:5  29:23  29:24  29:24
29:25  30:11  30:13  30:16  30:19  30:20  31:1
31:6  31:7  32:5  32:5  32:9  32:17  33:1  33:2
33:6  33:10  33:11  34:8  34:9  34:10  34:19
35:4  35:14  35:19  35:22  35:23  36:3  36:4
36:5  36:6  36:8  37:2  37:14  37:22  37:23
38:1  38:8  39:8  38:11  38:13  38:18  39:1
39:1  39:4  39:23  39:25  40:2  40:3  40:9
40:24  41:2  41:4  41:5  41:9  41:11  41:15
41:18  41:22  41:23  41:23  42:1  42:6  42:23
43:6  43:11  43:19  43:21

**and/or**(1) 20:7
**andrew**(3) 3:26  4:19  4:28
**annotate**(1) 21:15
**another**(2) 13:10  26:9
**anticipate**(1) 16:17
**any**(21) 11:1  11:6  11:16  20:16  20:20
21:18  23:23  23:23  26:4  31:20  32:7  32:17
34:19  34:24  34:24  35:16  35:19  38:11  39:
39:11  41:5

**anybody**(4) 13:15  13:17  27:23  37:8
**anymore**(1) 29:2
**anyone**(4) 15:4  30:23  32:11  34:16
**anything**(7) 18:4  22:1  23:12  32:1  43:3
43:8  44:5

**apart**(1) 36:2
**appear**(2) 10:5  15:11
**appearances**(3) 3:11  4:1  5:1
**appearing**(2) 20:3  40:15
**appended**(1) 37:20
**applicable**(2) 31:24  32:10
**applicant**(2) 41:2  41:13
**application**(9) 7:5  7:7  7:13  8:6  8:15  9:6
9:6  23:4  23:5

**applications**(1) 23:22
**applies**(1) 13:6
**apply**(1) 10:25
**appoint**(2) 16:6  19:8
**appointed**(7) 17:19  17:22  17:25  18:5  18:9
18:21  19:10

**apprise**(1) 40:17
**approach**(5) 17:18  19:7  22:12  22:24  31:9
**approaches**(1) 17:16
**appropriate**(7) 10:17  10:22  14:21  15:20
16:1  16:12  25:3

**appropriately**(1) 38:2
**april**(3) 1:16  6:1  44:23

**are**(46) 9:23  10:17  10:18  12:15  14:3  15:5
15:20  17:20  18:1  18:3  20:22  21:6  21:10
21:19  21:24  21:24  22:3  23:11  26:8  26:17
29:21  29:22  29:23  31:5  33:9  33:10  33:20
34:8  34:11  35:3  35:8  36:1  36:12  36:13
37:19  37:22  37:25  38:5  39:6  39:11  40:9
41:6  43:10  43:16  43:20  44:9

**argument**(5) 24:3  24:11  36:5  39:6  39:8
**arguments**(1) 35:25
**around**(2) 27:14  41:24
**arrangement**(2) 15:4  18:21
**aside**(3) 24:5  33:11  37:1
**ask**(15) 10:7  10:18  10:21  10:22  11:1  11:7
22:1  22:2  23:20  27:17  30:22  31:7  32:11
34:23  38:25

**asked**(4) 10:2  13:20  27:14  38:22
**asking**(5) 9:21  10:16  11:15  17:22  43:7
**assert**(1) 23:8
**asserted**(2) 9:8  34:8
**asserts**(2) 31:5  31:16
**associated**(1) 18:1
**assume**(2) 17:22  35:12
**assumed**(2) 31:22  32:9
**assuming**(3) 16:19  36:8  37:12
**attend**(1) 42:18
**audible**(2) 30:25  32:14
**aurelius**(1) 5:20
**austin**(3) 1:25  4:4  29:20
**authority**(1) 32:8
**avail**(1) 15:6
**available**(2) 14:17  42:12
**avenue**(1) 1:35  2:23  15:15
**away**(1) 19:3

**back**(7) 23:6  29:25  36:6  40:9  41:22  42:2
43:6

**background**(1) 23:3
**backup**(2) 36:1  36:4
**balance**(1) 12:21
**bank**(4) 4:50  9:9  13:12  24:8
**bankruptcy**(10) 1:1  1:21  16:20  28:17  30:9
30:14  31:16  34:25  41:19

**bar**(4) 16:20  30:4  30:7  30:13
**based**(4) 10:11  14:9  17:6  22:17
**basis**(1) 30:20
**bear**(1) 28:9
**because**(10) 9:15  21:18  22:12  22:13  24:5
26:17  27:1  27:11  29:25  35:12

**been**(12) 6:10  10:3  15:12  21:7  21:10
27:14  31:10  31:22  32:2  37:20  39:23  41:1
**before**(14) 1:20  7:14  7:25  14:20  22:25
25:22  28:1  30:15  36:4  38:2  39:9  41:7
42:18  43:7

**begin**(1) 9:20
**beginning**(1) 14:17
**behalf**(9) 20:3  22:9  23:2  23:17  29:20
30:23  32:12  33:17  40:15

**behind**(1) 26:4
**belabor**(1) 28:22
**believe**(8) 7:15  8:15  12:8  13:13  20:9
29:22  29:25  43:9

**bells**(1) 38:7
**bench**(2) 25:17  27:12
**bend**(1) 21:5
**bendernagel**(38) 1:26  8:14  8:20  13:1  13:3
13:4  13:16  13:19  14:1  17:9  17:12  17:14
18:8  18:17  18:23  19:17  19:19  19:21  19:25
20:11  22:19  24:1  24:16  24:19  24:25  25:7
25:11  25:15  25:17  26:10  27:6  27:25  28:1
28:17  28:18  29:10  29:15  29:17

**benefit**(1) 19:11

**benson**(3) 2:37  4:31  22:9
**best**(2) 21:1  37:10
**better**(3) 14:10  16:21  34:16
**between**(2) 34:19  37:9
**beyond**(4) 12:17  12:20  17:18  37:13
**bifferato**(1) 2:31
**big**(1) 26:18
**bigelow**(1) 3:13
**binders**(1) 21:23
**bingham**(1) 3:29
**bird**(1) 3:25
**bit**(2) 16:8  37:9
**block**(1) 3:25
**blown**(1) 38:7
**boston**(1) 2:7
**both**(6) 17:4  17:16  18:5  23:21  24:8  24:21
**boundaries**(1) 22:15
**brian**(1) 3:50
**brief**(2) 21:13  31:21
**briefing**(1) 40:25
**briefly**(2) 13:20  28:21
**briefs**(5) 14:9  14:22  21:13  21:16  41:1
**briesen**(1) 6:20
**bring**(2) 16:21  19:10
**brings**(1) 32:23
**broadway**(1) 2:39
**brown**(4) 2:4  3:5  20:3  33:16
**buchbinder**(4) 2:44  23:16  23:17  43:3
**bunch**(1) 17:21
**bundled**(1) 20:12
**burden**(3) 14:23  28:5  41:2
**busenkell**(19) 3:4  3:6  33:15  33:16  33:16
34:2  34:5  35:1  35:7  35:14  36:11  36:21
36:24  37:12  38:11  38:15  39:15  39:15
39:20

**but**(65) 6:19  6:24  7:18  8:4  8:14  9:17
10:14  10:24  11:11  11:14  11:20  12:8  14:18
14:20  14:25  15:6  15:17  15:17  16:3  16:4
16:9  16:12  19:1  19:11  19:18  20:23  21:23
22:2  22:13  22:22  22:23  23:19  24:16  25:2
25:5  25:10  25:16  26:2  26:5  26:8  27:6
27:23  27:23  28:1  28:19  28:22  30:24  32:3
32:17  33:3  33:22  33:25  34:6  34:16  35:25
36:19  37:8  38:16  39:17  39:22  40:2  40:20
41:12  42:19  43:9

**calaman**(1) 44:24
**calendar**(1) 42:10
**california**(8) 34:9  34:9  34:10  34:11  35:8
35:18  36:14  37:2

**call**(1) 28:6
**called**(2) 16:1  27:13
**calling**(1) 10:4
**calls**(1) 10:16
**came**(4) 7:14  7:22  11:9  27:11
**camps**(1) 41:22
**can**(28) 8:11  8:14  14:13  16:8  16:9  16:19
16:22  18:15  19:10  20:6  20:25  21:1  21:4
21:5  29:11  29:22  29:25  32:7  33:12  36:9
36:11  36:18  37:6  38:17  39:2  43:7  43:21
44:2

**can't**(1) 25:16
**candidate**(4) 41:19  41:21  41:24
**candidates**(1) 41:24
**capital**(2) 5:20  6:14
**care**(1) 21:15
**carefully**(1) 10:8
**carey**(1) 1:20
**carol**(1) 7:2
**carrying**(1) 21:7
**case**(19) 1:5  12:11  14:24  17:3  17:20  18:19
19:10  21:6  21:10  21:11  27:20  28:17  34:22
34:25  35:15  35:18  35:20  41:14  41:15

**cases**(3) 15:13  35:10  41:21
**cash**(1) 21:21
**cause**(3) 16:15  26:7  43:9
**center**(1) 2:6

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **central**(1) 34:21 | | **connection**(6) 12:13 23:9 24:10 26:21 30:8 43:4 | | **davis**(1) 5:8 | | **diversity**(1) 34:13 | |
| **centre**(1) 2:33 | | | | **day**(4) 1:39 4:39 26:9 40:15 | | **divided**(1) 16:7 | |
| **certain**(3) 11:12 13:11 36:21 | | **consensus**(3) 14:19 40:19 40:21 | | **days**(1) 14:7 | | **docket**(3) 1:10 34:15 34:16 | |
| **certainly**(3) 29:12 39:19 41:18 | | **consideration**(1) 22:4 | | **dbtca**(4) 2:21 23:2 23:3 43:1 | | **document**(1) 43:13 | |
| **certification**(1) 44:17 | | **considered**(1) 10:17 | | **dbtca's**(1) 23:8 | | **does**(1) 18:13 | |
| **certify**(1) 44:18 | | **considering**(1) 11:21 28:2 | | **deadline**(1) 43:24 | | **doesn't**(10) 19:16 20:24 27:6 34:1 34:17 35:4 35:8 39:6 39:22 40:3 | |
| **cetera**(2) 6:10 23:24 | | **consult**(2) 19:22 23:19 | | **deal**(3) 18:5 31:4 36:1 | | | |
| **chadbourne**(2) 3:33 3:34 | | **contact**(1) 12:15 | | **debate**(1) 15:16 | | **doing**(1) 26:3 | |
| **chambers**(5) 7:23 10:4 10:4 10:15 10:20 | | **contacting**(1) 10:14 | | **debenture**(5) 2:31 4:32 13:8 14:5 22:10 23:22 42:25 | | **dollars**(2) 34:10 26:13 26:15 | |
| **chance**(2) 15:9 26:7 | | **contained**(1) 21:16 | | | | **dombeck**(21) 3:46 3:46 6:18 9:13 9:22 9:23 9:24 9:25 10:3 11:3 11:9 11:18 12:2 12:3 12:4 12:12 12:7 12:10 12:11 12:14 26:18 | |
| **chandler**(1) 3:13 | | **contemplating**(1) 14:8 | | **debenture's**(2) 7:6 9:6 | | | |
| **changed**(1) 17:7 | | **contemplation**(1) 20:7 | | **debtor**(14) 3:17 4:4 6:6 6:7 10:6 14:6 28:11 31:2 31:5 32:16 32:19 35:4 36:5 36:6 | | | |
| **chapter**(2) 1:8 41:20 | | **content**(1) 38:9 | | | | | |
| **charges**(1) 30:8 | | **contentions**(1) 36:14 | | **debtors**(31) 1:11 1:25 7:8 7:10 9:7 9:10 13:4 15:23 21:14 21:25 22:17 25:3 25:5 29:20 30:6 30:9 30:17 31:13 31:17 31:23 31:24 32:4 32:6 32:9 33:11 34:1 34:21 34:21 37:17 38:10 39:12 40:16 41:14 | | **dombeck's**(1) 9:20 | |
| **charging**(1) 23:8 | | **contested**(3) 15:5 15:13 20:8 | | | | **don't**(19) 8:1 8:2 10:5 11:19 12:7 13:16 15:15 16:5 19:19 24:16 26:5 29:1 34:2 34:18 37:24 39:7 39:7 40:1 43:8 | |
| **chase**(1) 5:8 | | **continue**(3) 15:22 25:19 42:1 | | | | | |
| **chew**(1) 26:12 | | **continued**(8) 2:2 3:2 4:2 5:2 6:10 6:12 6:21 6:25 | | | | | |
| **christine**(1) 4:34 | | | | | | **done**(1) 26:4 | |
| **circuit**(2) 16:25 17:4 | | **contract**(2) 35:3 36:15 | | **decide**(4) 10:11 33:12 36:18 43:8 | | **doubt**(2) 22:1 25:21 | |
| **circumstances**(1) 11:17 | | **contribution**(7) 13:7 17:2 19:5 20:9 23:4 24:5 28:4 | | **decided**(1) 19:6 | | **dougherty**(1) 3:22 | |
| **claim**(41) 6:18 7:2 7:9 8:25 9:3 9:11 9:12 9:12 10:6 10:9 10:11 11:20 13:9 13:9 20:9 21:15 23:8 24:4 24:10 30:4 30:6 30:12 30:19 31:3 31:4 31:16 31:20 31:25 32:5 32:6 32:24 33:2 33:21 33:22 34:20 34:20 34:24 34:25 37:5 37:21 | | | | **decision**(3) 10:13 16:23 36:10 | | **douglas**(1) 3:24 | |
| | | **convene**(1) 25:18 | | **defer**(2) 37:2 38:16 | | **down**(6) 15:1 16:11 25:2 25:12 26:17 | |
| | | **conversation**(2) 11:5 14:15 | | **degree**(1) 14:23 | | **draft**(2) 10:12 40:2 | |
| | | **copies**(1) 10:3 10:19 | | **delaware**(5) 1:2 1:14 1:35 6:1 27:12 | | **drafted**(2) 21:12 39:25 | |
| | | **correct**(4) 12:18 31:3 39:17 44:18 | | **delivered**(1) 40:11 | | **drain**(1) 42:18 | |
| **claimant**(4) 3:4 30:8 33:17 37:23 | | **cost**(6) 21:20 22:22 23:12 26:17 27:9 | | **denied**(1) 30:21 | | **drop**(1) 12:22 | |
| **claimant's**(1) 33:13 | | **costs**(11) 16:7 21:4 22:2 25:1 25:2 25:5 27:18 27:21 28:2 28:9 40:22 | | **depending**(1) 11:14 | | **due**(3) 11:4 11:19 36:10 | |
| **claims**(15) 6:14 6:20 9:8 13:11 26:17 28:4 30:7 31:13 31:22 34:7 34:18 35:2 35:3 35:6 35:8 | | | | **depends**(1) 25:7 | | **d'agostino**(1) 3:30 | |
| | | **could**(10) 10:11 14:10 22:22 25:18 39:24 39:25 40:2 41:11 41:21 41:22 | | **depositions**(2) 21:24 41:5 | | **each**(2) 21:15 41:23 | |
| | | | | **described**(1) 18:2 | | **ear**(1) 21:5 | |
| **class**(1) 9:10 | | | | **desk**(1) 8:2 | | **early**(1) 14:19 | |
| **clearly**(2) 14:1 34:6 | | **counsel**(6) 9:22 9:25 14:15 21:9 31:7 | | **desperately**(1) 21:17 | | **easiest**(1) 14:25 | |
| **clerk**(2) 6:2 40:13 | | **couple**(4) 14:2 14:16 24:1 42:3 | | **detail**(1) 8:14 | | **east**(1) 1:41 | |
| **client**(1) 23:19 | | **course**(4) 21:3 23:19 27:20 36:10 | | **details**(1) 25:13 | | **eastern**(1) 27:13 | |
| **close**(2) 24:9 28:6 | | **court**(145) 1:1 6:3 6:11 7:15 7:17 7:18 7:24 8:1 8:5 8:7 8:11 8:16 8:18 8:22 9:15 9:23 10:1 10:10 10:11 10:21 10:25 11:8 11:10 11:12 11:22 11:23 12:1 12:6 12:10 12:12 12:15 12:15 13:2 13:15 13:18 13:25 15:2 16:7 16:22 17:7 17:9 17:22 17:25 18:5 18:7 18:9 18:12 18:18 18:21 19:4 19:10 19:18 19:20 19:24 20:1 20:11 20:14 20:25 22:6 22:25 23:15 23:20 23:25 24:14 24:18 24:21 25:4 25:9 25:14 25:16 25:23 27:5 27:9 28:13 28:16 28:21 28:24 29:1 29:9 29:12 29:14 29:16 30:2 30:16 30:16 30:22 31:1 31:10 32:6 32:11 32:15 32:22 33:3 33:4 33:6 33:9 33:23 33:25 34:4 34:12 34:16 34:7 34:23 35:5 35:11 35:12 35:19 35:21 35:22 35:24 36:18 36:23 37:4 37:15 38:2 38:4 38:13 38:14 38:16 38:17 38:21 38:25 39:11 39:14 39:18 39:19 39:21 40:6 40:8 42:7 42:12 42:15 42:20 42:21 42:23 43:2 43:18 43:25 44:2 44:5 44:9 44:12 44:13 | | **deutsch**(1) 3:34 | | **ecro**(1) 1:45 | |
| **closer**(1) 19:11 | | | | **deutsche**(3) 9:9 13:12 24:8 | | **effect**(1) 32:7 | |
| **cno**(2) 7:12 8:3 | | | | **development**(4) 22:16 22:21 22:23 37:22 | | **effective**(1) 23:10 | |
| **co-counsel's**(1) 37:1 | | | | **diamond**(1) 3:42 | | **efficient**(3) 9:17 23:12 23:13 | |
| **coalesce**(1) 41:24 | | | | **diaz**(1) 1:47 | | **effort**(1) 21:12 | |
| **coc**(2) 7:12 8:4 | | | | **did**(16) 11:5 11:6 11:20 11:22 11:24 14:15 18:18 19:2 19:2 19:4 23:3 24:3 30:10 40:2 41:17 42:13 | | **egrb-tri**(1) 3:25 | |
| **code**(3) 30:14 31:6 34:10 | | | | | | **either**(2) 38:9 39:2 | |
| **cole**(1) 1:32 6:6 | | | | **didn't**(6) 15:13 25:23 25:24 26:22 26:24 28:22 | | **elden**(1) 3:21 | |
| **come**(9) 15:3 25:10 27:24 29:25 40:9 41:22 42:5 | | | | | | **eldersveld**(3) 1:52 44:19 | |
| | | | | **different**(4) 14:18 24:6 34:24 35:1 | | **electronic**(2) 1:52 44:19 | |
| | | | | **differently**(1) 19:7 | | **eleven**(1) 25:22 | |
| **coming**(2) 16:23 18:21 | | **court's**(5) 9:14 9:17 23:18 29:24 34:15 | | **difficulty**(1) 17:19 | | **eli**(1) 5:9 | |
| **comment**(3) 12:4 24:17 34:15 | | **courtroom**(1) 1:12 10:23 32:12 | | **directors**(1) 3:21 | | **else**(9) 19:16 34:16 42:12 42:19 42:23 43:3 44:5 | |
| **comments**(2) 11:4 22:11 | | **courts**(1) 11:7 | | **disagree**(1) 13:15 | | | |
| **committed**(1) 24:12 | | **covered**(1) 30:13 | | **disagreement**(2) 37:9 39:4 | | **email**(1) 10:15 | |
| **committee**(3) 4:18 9:8 13:13 | | **create**(1) 28:22 | | **disagreements**(1) 43:20 | | **emails**(2) 10:4 10:20 | |
| **common**(1) 40:22 | | **credit**(1) 4:39 | | **disallowance**(1) 32:6 | | **emery**(1) 4:14 | |
| **communicat**(1) 17:10 | | **creditor**(1) 3:41 | | **discovery**(15) 14:4 14:6 14:9 14:10 15:5 15:6 18:10 18:15 21:17 22:18 22:19 22:21 41:8 41:10 41:12 | | **emphatic**(1) 21:19 | |
| **communication**(2) 10:17 10:19 | | **creditors**(2) 4:19 9:8 | | | | **employee**(1) 36:15 | |
| **company**(5) 1:8 3:17 4:22 6:6 20:19 | | **criticizing**(2) 27:23 37:8 | | | | **employer/employee**(1) 36:17 | |
| **company's**(2) 7:4 9:5 | | **cross**(2) 33:1 33:5 | | **discretion**(1) 35:23 | | **employment**(1) 41:11 | |
| **compensable**(2) 30:13 31:5 | | **cut**(2) 11:19 12:7 | | **discrimination**(2) 34:8 35:5 | | **end**(7) 26:13 27:2 28:25 38:19 38:23 38:24 44:7 | |
| **compensation**(3) 31:16 31:22 32:8 | | **d'agostino**(1) 3:30 | | **discuss**(1) 22:14 | | | |
| **complaint**(4) 10:22 11:13 37:20 37:25 | | **data**(1) 1:47 | | **discussed**(1) 40:24 | | **engage**(1) 27:7 | |
| **completed**(1) 15:7 | | **date**(9) 23:10 30:4 30:7 30:13 39:8 42:10 42:23 43:24 44:24 | | **discussion**(2) 14:18 41:17 | | **english**(2) 2:21 23:2 | |
| **completely**(2) 23:11 40:19 | | | | **discussions**(3) 23:23 29:4 40:10 | | **enough**(4) 7:3 27:21 38:19 39:24 | |
| **concern**(1) 17:16 | | | | **dispose**(2) 36:9 37:6 | | **ensure**(1) 21:17 | |
| **concerned**(1) 19:12 | | **dates**(1) 14:18 | | **disproportionat**(1) 28:9 | | **enter**(3) 7:3 16:14 37:14 | |
| **concerning**(1) 12:23 | | **dave**(1) 23:16 | | **disproportionately**(2) 25:6 25:8 | | **entered**(2) 6:10 23:7 | |
| **concluded**(1) 12:23 | | **david**(6) 2:22 2:44 3:18 3:36 4:36 23:1 | | **dispute**(2) 21:18 34:5 | | **entire**(1) 21:6 | |
| **concludes**(1) 44:13 | | **davidson**(1) 3:41 | | **disputed**(2) 24:11 33:10 | | **entitle**(1) 28:12 | |
| **conclusion**(1) 41:13 | | | | **disputes**(1) 15:14 | | **entitled**(1) 18:3 | |
| **conduct**(3) 18:10 22:18 41:12 | | | | **disputing**(1) 35:7 | | **ephraim**(1) 3:42 | |
| **conducted**(1) 41:11 | | | | **distinctive**(1) 40:4 | | **erica**(1) 4:47 | |
| **confer**(2) 38:25 39:16 | | | | **distribution**(1) 23:9 | | **ernest**(1) 5:17 | |
| **conference**(8) 6:17 6:18 9:20 11:6 13:22 39:4 42:1 42:9 | | | | **district**(3) 1:2 27:13 35:18 | | **especially**(1) 14:9 | |
| | | | | | | | |
| **conferences**(1) 9:4 15:1 13:1 13:5 | | | | | | | |
| **confirmation**(1) 32:4 | | | | | | | |
| **conflicted**(1) 16:20 | | | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|
| esq(40) 1:26 1:27 1:34 1:40 2:5 2:9 2:15 2:22 2:26 2:32 2:38 2:44 3:6 3:14 3:22 3:26 3:30 3:34 3:36 3:38 3:42 3:50 4:5 4:7 4:9 4:11 4:15 4:19 4:23 4:28 4:32 4:36 4:40 4:45 4:47 4:51 5:5 5:9 5:13 5:17 | | financial(1) 2:6 | | going(29) 8:24 13:1 14:3 14:3 14:4 14:12 14:24 15:7 17:17 17:21 19:13 19:14 19:18 19:1 21:25 25:21 26:12 26:13 26:19 26:20 26:22 29:1 32:7 33:18 33:20 33:21 34:5 34:15 36:13 38:18 | | his(1) 31:18 | |
| | | find(2) 16:19 22:5 | | | | honor(67) 6:4 6:5 6:12 7:3 8:3 8:13 8:21 8:23 9:5 12:25 13:3 13:6 18:25 20:2 20:5 20:15 20:17 21:4 22:2 22:7 22:28 23:1 23:3 23:6 23:16 24:1 28:20 29:8 29:10 29:13 29:19 30:3 30:19 31:3 31:11 31:12 32:4 32:20 32:23 33:15 34:6 35:7 35:9 35:14 36:12 36:21 37:17 38:3 38:10 38:15 38:21 39:13 39:15 40:5 40:7 40:14 41:25 42:3 42:6 42:12 42:17 43:8 43:13 43:24 44:4 44:8 44:11 | |
| | | fine(4) 20:22 21:3 38:15 42:7 | | | | | |
| essence(2) 30:12 30:16 | | fink(1) 3:50 | | goldfarb(1) 4:19 | | | |
| | | firm(1) 21:21 | | good(18) 6:3 6:4 13:3 16:18 17:5 17:17 20:2 22:8 23:13 23:16 29:13 29:19 33:15 40:5 40:6 40:14 41:18 | | | |
| essentially(4) 13:6 17:23 28:11 41:3 | | first(21) 9:15 9:20 10:9 11:5 11:6 11:20 12:4 15:2 15:7 16:1 16:18 16:25 17:11 17:12 20:5 24:2 27:11 33:5 33:9 36:2 40:2 | | | | | |
| estate(1) 35:16 | | | | | | | |
| even(1) 37:21 | | | | got(1) 19:20 | | | |
| ever(1) 43:15 | | fit(1) 33:8 | | gregory(1) 4:15 | | honor's(1) 20:7 | |
| every(4) 21:15 21:15 27:17 35:11 | | flagg(1) 4:5 | | grew(1) 26:25 | | honorable(3) 1:20 9:24 11:4 | |
| everybody(2) 26:13 40:21 | | fleet(1) 6:15 | | grippo(1) 3:21 | | hope(1) 19:9 | |
| everyone(4) 26:1 41:7 42:12 42:23 | | fleshed(2) 41:9 42:4 | | grouping(1) 21:10 | | hopefully(2) 42:2 42:4 | |
| everything(2) 11:24 43:19 | | floor(3) 2:23 2:27 3:7 | | guardian(1) 6:24 | | hoping(3) 24:21 26:23 40:4 | |
| evidence(3) 16:7 41:4 43:13 | | focus(1) 34:21 | | guess(3) 24:21 33:13 43:20 | | host(1) 22:12 | |
| evidentiary(8) 14:4 14:5 33:14 36:3 36:12 36:25 37:14 37:18 | | folks(1) 29:22 | | guidance(4) 14:2 14:13 15:1 | | how(21) 13:23 14:11 14:23 16:13 16:16 17:7 17:23 18:4 19:15 19:15 22:20 22:21 24:2 26:2 27:15 28:2 28:3 33:25 40:20 42:5 42:7 | |
| | | follow(11) 1:1 | | guidelines(1) 18:14 | | | |
| | | for(88) 1:2 1:25 2:4 2:21 2:31 2:43 3:4 3:13 3:17 3:21 3:25 3:29 3:33 3:41 3:45 3:49 4:4 4:18 4:27 4:31 4:39 4:43 4:50 5:4 5:8 5:12 5:16 5:20 6:6 6:6 6:23 6:24 7:10 8:11 9:1 10:1 10:21 11:22 12:21 13:4 13:10 14:15 14:25 16:1 16:7 16:18 17:11 18:19 20:5 21:5 21:22 22:1 23:8 25:19 25:25 26:1 26:8 26:13 27:7 27:9 27:15 28:15 29:16 30:4 30:7 30:7 30:22 31:3 31:20 32:11 33:1 33:2 33:4 33:19 34:8 37:8 37:13 37:23 38:1 39:1 39:8 39:16 42:1 42:8 42:25 43:1 43:17 43:24 | | guild's(1) 8:5 | | | |
| exactly(2) 31:3 41:9 | | | | guys(1) 28:4 | | however(1) 33:3 | |
| examination(1) 26:21 | | | | gwen(1) 3:14 | | i'd(9) 6:8 11:23 15:8 24:3 28:14 29:24 31:7 37:7 43:20 | |
| examiner(6) 5:4 18:10 18:20 22:16 26:19 26:24 | | | | had(12) 7:15 13:20 13:21 13:23 14:21 20:11 22:19 26:18 27:14 30:16 31:20 39:24 | | | |
| | | | | | | i'll(20) 10:25 12:1 15:9 15:17 16:3 16:14 16:24 19:15 19:16 19:21 31:11 36:4 36:5 36:7 36:8 37:2 39:5 39:21 40:8 42:18 | |
| exceeding(1) 21:7 | | | | | | | |
| except(1) 12:16 | | | | hadley(1) 4:50 | | | |
| excused(2) 29:11 39:18 | | foregoing(1) 44:18 | | haeffele(1) 4:28 | | | |
| exercise(3) 16:5 18:20 35:22 | | form(3) 31:7 31:8 32:21 | | half(1) 25:9 | | | |
| exhibits(3) 7:5 7:6 41:5 | | forman(1) 1:32 | | hand(1) 34:6 | | i'm(30) 6:17 11:20 12:8 17:11 17:16 19:12 19:13 19:18 22:20 24:17 27:18 27:22 27:23 33:6 34:5 34:5 35:7 36:11 36:21 37:1 37:4 37:7 37:9 38:9 38:18 39:7 39:7 39:8 40:4 42:13 | |
| exist(1) 34:1 | | format(1) 11:21 | | handle(3) 13:1 20:8 25:20 | | | |
| existence(1) 36:15 | | former(1) 3:21 | | handled(1) 13:14 | | | |
| exists(1) 21:20 | | forms(2) 11:22 11:23 | | happen(4) 37:5 39:22 40:3 43:15 | | | |
| expect(5) 10:13 25:23 25:25 26:1 26:22 | | forthcoming(1) 14:11 | | happening(1) 29:11 | | | |
| expend(1) 26:15 | | forty(1) 18:23 | | happens(1) 28:16 | | | |
| expended(1) 21:12 | | forty-second(1) 7:1 | | happy(7) 17:11 20:16 20:20 33:3 33:6 37:25 38:12 | | i've(13) 11:1 12:16 17:1 17:6 19:6 19:20 27:5 27:10 27:11 27:16 27:23 28:1 32:15 | |
| expense(5) 9:8 22:13 30:14 30:18 30:20 | | forum(1) 11:12 11:20 | | | | | |
| expenses(2) 30:5 31:3 | | forward(6) 8:24 13:24 14:10 26:2 30:15 37:20 | | hard(1) 28:7 | | | |
| experience(1) 41:20 | | | | harrisburg(1) 1:49 | | idea(2) 17:5 21:2 | |
| expert(17) 16:7 16:13 17:19 17:25 18:5 18:10 18:14 18:22 20:7 21:2 40:21 41:2 41:3 41:14 41:15 41:15 41:18 | | | | has(13) 10:6 14:5 17:4 23:5 23:21 27:8 31:10 32:25 34:7 35:17 35:17 40:21 43:15 | | ideal(1) 41:19 | |
| | | four(2) 6:13 13:6 | | | | illustrate(1) 24:23 | |
| | | fourth(1) 9:12 | | | | imagination(1) 20:17 | |
| | | frankly(4) 10:5 16:6 16:18 26:3 | | | | impact(3) 14:24 27:8 35:16 | |
| experts(1) 19:10 | | free(2) 15:5 42:10 | | have(65) 6:12 6:17 8:1 8:2 8:23 9:4 10:3 10:6 10:12 10:15 11:1 11:13 11:10 12:13 12:19 14:7 14:15 14:22 14:24 15:1 15:3 15:8 15:12 16:9 16:15 17:16 18:11 18:24 19:4 19:5 19:6 19:13 19:22 20:5 21:8 21:9 22:1 22:13 22:19 23:18 23:19 23:24 24:8 24:9 31:8 31:11 31:22 31:25 32:2 32:7 33:22 34:6 35:9 35:16 36:23 37:17 38:17 39:3 39:17 41:1 41:2 41:17 42:4 43:11 44:7 | | important(6) 26:16 28:2 34:4 35:9 35:11 35:12 | |
| explain(1) 42:6 | | frequently(1) 39:24 | | | | | |
| explained(1) 41:14 | | friedman(3) 2:37 4:31 22:9 | | | | | |
| extent(5) 14:13 16:14 22:16 31:19 43:19 | | from(30) 6:5 10:21 11:7 11:9 11:12 12:20 14:20 15:16 16:3 16:17 17:11 19:19 20:3 23:2 23:13 27:11 29:5 32:3 33:11 33:13 33:23 34:24 35:23 36:2 38:10 38:19 38:24 39:12 40:12 44:19 | | | | importantly(1) 34:18 | |
| extra(1) 43:5 | | | | | | inappropriate(1) 11:16 | |
| extrajudicial(1) 20:21 | | | | | | inclination(1) 16:6 | |
| extreme(1) 21:15 | | | | | | includes(2) 32:18 38:7 | |
| eye(1) 6:20 | | | | | | including(4) 15:13 21:13 30:24 38:8 | |
| | | | | haven't(3) 13:16 17:6 25:10 26:4 41:9 | | incurred(2) 30:8 31:4 | |
| faced(1) 35:3 | | | | having(5) 22:5 23:11 31:4 37:8 40:10 | | independent(1) 34:12 | |
| fact(3) 22:4 22:21 24:20 | | front(3) 15:11 39:17 39:23 | | hazeltine(1) 2:14 | | indicated(6) 13:21 13:23 14:22 20:11 30:15 31:18 | |
| facts(2) 21:19 33:10 | | full(1) 38:7 | | | | | |
| factual(6) 18:1 21:16 22:16 22:23 36:2 37:22 | | further(10) 7:19 12:20 19:23 22:23 26:4 31:20 39:17 40:25 44:7 44:11 | | hear(12) 12:20 15:1 16:3 17:11 18:24 19:19 19:23 29:2 31:1 36:5 36:7 39:25 | | | |
| | | | | | | indiscernible(1) 24:16 | |
| | | | | heard(4) 13:16 14:20 27:10 37:24 | | individual(1) 16:18 | |
| fair(1) 18:19 | | | | hearing(16) 6:13 12:22 13:19 14:4 14:5 16:15 33:14 33:24 35:23 36:3 36:25 37:14 37:18 43:17 44:13 44:15 | | information(1) 7:16 | |
| false(1) 24:12 | | garrison(2) 4:44 4:45 | | | | initial(1) 36:19 | |
| far(1) 19:12 | | garvan(1) 2:32 | | | | instance(1) 15:3 | |
| farther(1) 16:16 | | gating(4) 33:4 33:19 33:22 37:13 | | | | instinct(1) 16:19 | |
| favor(2) 33:25 35:21 | | gellert(2) 3:4 33:16 | | hearing's(2) 7:25 14:12 | | intelligent(1) 20:6 | |
| fears(2) 4:27 7:13 | | gender(1) 34:8 | | held(1) 36:3 | | intended(1) 21:22 | |
| federal(2) 16:6 34:13 | | general(1) 40:20 | | help(6) 11:7 11:11 19:10 20:6 22:5 27:24 | | interest(1) 43:16 | |
| fee(12) 5:4 7:10 7:13 9:8 13:5 13:9 15:14 20:9 30:4 30:6 30:12 30:19 | | generally(1) 35:2 | | | | interested(5) 3:29 3:33 3:45 3:49 4:31 4:43 5:12 5:16 5:20 | |
| | | gentilotti(1) 2:31 | | helpful(2) 14:14 33:4 | | | |
| | | george(1) 3:22 | | her(2) 32:15 37:2 | | | |
| fees(2) 9:2 23:5 | | geraldine(1) 5:13 | | herbert(1) 6:20 | | interim(1) 7:11 | |
| few(2) 10:7 25:19 | | get(18) 17:5 20:21 26:2 26:18 27:1 28:2 28:10 32:8 35:4 35:19 36:10 37:7 38:6 38:13 38:20 41:7 41:23 42:2 | | here(18) 7:14 9:25 15:17 15:20 15:25 17:17 17:19 18:2 20:22 21:1 25:19 26:17 27:15 27:21 28:2 31:2 33:12 37:9 | | into(4) 13:22 26:18 33:7 38:6 | |
| fifteenth(1) 7:11 | | | | | | invitation(1) 15:18 | |
| fighting(1) 26:11 | | | | | | invite(2) 38:5 38:22 | |
| figure(1) 19:16 | | | | | | invoice(1) 30:5 | |
| figures(1) 7:20 | | give(11) 8:4 8:9 15:9 15:24 17:14 17:23 18:13 18:24 20:6 25:20 29:3 | | here's(4) 21:20 37:4 41:14 41:15 | | involved(3) 23:23 27:21 34:14 | |
| file(6) 23:4 32:3 33:21 38:12 38:22 43:12 | | | | hesitate(1) 11:7 | | involving(1) 16:12 | |
| filed(15) 7:12 8:9 13:7 13:8 13:11 14:5 23:5 31:14 31:20 33:1 33:22 34:25 37:8 38:18 41:1 | | given(3) 27:16 37:8 37:19 | | high(1) 27:21 | | isn't(2) 19:9 44:20 | |
| | | giving(1) 24:12 | | him(2) 18:15 30:11 | | issue(9) 13:20 20:10 24:6 26:6 26:12 33:19 33:22 37:13 43:11 | |
| filing(3) 10:22 11:13 34:21 | | | | | | | |
| final(2) 26:11 27:25 | | | | | | | |

| Word | Page:Line |
|---|---|
| issues(25) | 14:3 15:22 17:15 17:20 17:21 18:6 20:8 22:13 24:4 33:5 33:11 33:12 34:7 34:12 35:9 36:2 36:7 36:10 36:12 36:19 37:2 37:22 42:5 43:7 43:16 |
| issuing(1) | 10:13 |
| it's(22) | 6:19 7:22 8:3 9:17 15:5 15:17 19:14 25:24 26:16 28:1 28:5 31:3 34:4 34:16 34:21 35:1 35:12 38:18 40:2 40:2 41:10 43:5 |
| item(9) | 6:16 6:19 7:1 8:4 8:24 30:3 31:12 32:23 33:4 |
| items(3) | 39:21 39:23 39:24 |
| its(3) | 32:16 32:19 35:22 |
| itself(1) | 18:13 |
| jacobs(9) | 9:3 31:15 31:15 31:21 32:3 32:7 32:12 32:13 32:19 |
| james(1) | 1:26 1:40 |
| jason(1) | 4:23 |
| jenner(1) | 3:25 |
| jillian(1) | 4:7 |
| jim(4) | 2:5 13:3 40:14 42:19 |
| job(2) | 18:19 27:15 |
| john(2) | 5:5 5:17 |
| johnston(8) | 1:40 19:22 40:14 40:15 42:10 42:13 42:16 44:7 |
| joining(1) | 10:1 |
| jointly(1) | 1:6 |
| jones(3) | 1:39 4:39 40:15 |
| joshua(1) | 4:40 |
| judge(9) | 1:20 1:21 9:24 11:4 11:18 27:12 27:17 41:19 42:19 |
| judges(2) | 27:14 27:14 |
| judgment(4) | 37:7 38:1 38:6 38:13 |
| judicial(2) | 20:21 21:22 |
| jump(1) | 14:3 |
| june(2) | 14:18 14:19 |
| jurisdiction(1) | 34:12 |
| jury(1) | 35:17 |
| just(38) | 6:9 8:4 11:1 11:5 11:21 11:23 11:24 13:22 14:11 17:17 17:25 18:8 19:6 19:14 21:5 23:3 24:1 24:10 24:12 24:17 25:25 26:14 27:24 28:14 28:20 28:21 29:5 36:4 36:7 38:6 38:19 39:7 39:24 42:2 43:5 43:17 44:3 |
| justice(1) | 35:17 |
| kansa(20) | 1:27 29:13 29:18 29:19 29:19 30:3 31:8 31:11 32:20 32:23 37:15 37:17 38:10 38:21 39:12 39:16 39:17 39:22 40:2 40:7 |
| kasowitz(3) | 2:37 4:31 22:9 |
| katharine(1) | 2:26 |
| keep(4) | 19:18 25:1 26:17 26:23 |
| keeping(1) | 40:22 |
| kempner(3) | 3:42 |
| ken(2) | 1:27 29:19 |
| kensa(1) | 39:10 |
| kenser(1) | 39:16 |
| kerriann(1) | 4:11 |
| kevin(1) | 1:20 |
| kind(2) | 7:3 15:15 |
| king(2) | 2:27 2:45 |
| knew(1) | 39:24 |
| know(51) | 8:16 11:24 12:14 14:1 14:12 15:12 15:25 16:17 17:21 18:3 18:9 19:1 19:7 19:9 21:24 22:14 22:17 22:17 24:6 25:9 25:11 25:17 25:18 25:24 25:24 26:8 26:20 26:21 27:1 27:17 27:22 28:1 28:6 28:18 29:12 33:11 33:23 34:17 34:18 35:16 35:17 35:18 37:24 38:8 38:20 39:21 40:1 43:15 43:18 43:21 44:2 |
| knows(1) | 34:16 |
| kopacz(1) | 4:15 |

| Word | Page:Line |
|---|---|
| korpus(1) | 4:32 |
| ktla's(2) | 8:24 32:24 |
| language(1) | 32:18 |
| last(4) | 13:14 13:19 14:22 18:2 |
| latch(1) | 24:22 |
| later(3) | 16:8 16:10 18:23 |
| laughter(2) | 35:13 36:22 |
| law(20) | 2:31 4:32 5:12 7:6 9:6 13:8 14:5 17:24 22:9 23:22 31:24 32:10 34:7 34:9 34:11 35:8 35:18 36:14 37:2 42:25 |
| lbo(1) | 28:23 |
| least(9) | 15:18 15:22 25:9 25:20 26:2 28:3 29:4 33:13 35:25 |
| leave(2) | 28:14 33:2 |
| legal(7) | 17:21 33:11 33:12 36:2 36:7 36:10 36:19 |
| lemay(1) | 3:36 |
| lenders(1) | 4:40 |
| leonard(1) | 1:33 |
| let(11) | 9:16 9:20 10:2 12:3 21:4 27:9 30:22 32:11 34:23 36:4 38:25 |
| let's(6) | 12:24 18:23 25:17 29:3 29:14 |
| letter(1) | 43:21 |
| lien(1) | 23:9 |
| like(12) | 9:19 11:11 13:24 14:8 14:12 15:8 18:10 26:18 32:18 38:18 39:8 43:20 |
| limit(1) | 22:22 |
| limited(2) | 30:24 41:8 |
| limiting(1) | 22:22 |
| line(2) | 12:21 40:1 |
| listen(1) | 10:8 |
| litigants(1) | 10:25 |
| little(6) | 15:9 16:8 35:1 37:9 38:2 40:18 |
| llc(1) | 5:47 2:14 3:21 3:25 3:49 |
| llp(9) | 1:25 3:25 3:29 3:33 4:18 4:27 5:8 5:16 5:17 |
| local(2) | 21:9 39:2 |
| lodged(1) | 36:5 |
| longer(1) | 17:3 |
| look(9) | 11:22 14:12 17:25 18:4 25:24 27:20 35:20 36:16 38:18 |
| looking(1) | 15:19 17:23 |
| loss(2) | 37:10 37:19 |
| lot(3) | 27:7 27:18 28:10 |
| ludwig(1) | 4:7 |
| lufrano(1) | 7:9 |
| luigi(1) | 1:45 |
| made(4) | 7:19 13:11 32:19 40:17 |
| make(8) | 6:9 15:24 21:22 27:6 28:11 35:15 35:25 39:8 |
| makes(1) | 34:23 |
| making(2) | 10:19 40:23 |
| management(1) | 5:20 |
| many(2) | 15:12 43:7 |
| marbury(1) | 6:20 |
| marc(1) | 3:38 |
| marcia(1) | 6:23 |
| mark(2) | 9:3 31:15 |
| market(3) | 1:13 2:16 3:7 |
| marsal(1) | 3:49 |
| marta(4) | 3:5 5:13 8:25 32:25 |
| masters(1) | 19:8 |
| matter(11) | 6:24 12:23 15:5 19:14 30:15 32:9 35:11 36:8 36:20 37:6 44:20 |
| matters(8) | 6:13 7:4 8:24 10:4 12:22 15:14 17:24 43:11 |
| matthew(5) | 2:38 3:50 5:21 5:21 22:8 |
| maue(1) | 5:4 |
| maureen(5) | 3:46 3:46 6:18 9:12 9:25 |

| Word | Page:Line |
|---|---|
| may(31) | 6:13 6:21 6:25 9:16 9:16 10:9 11:10 12:21 12:22 14:10 14:18 16:9 16:22 28:20 31:9 31:10 33:3 33:4 35:9 38:21 38:23 39:5 39:18 42:7 42:25 43:14 43:14 43:14 43:14 43:17 43:23 |
| maybe(8) | 14:25 19:22 25:18 27:3 27:5 27:10 27:10 28:11 |
| mayer(1) | 2:26 |
| mccarter(2) | 2:21 23:2 |
| mccloy(1) | 4:50 |
| mccutchen(1) | 3:29 |
| mcdaniel(1) | 2:32 |
| mcdermott(1) | 4:14 |
| mean(14) | 11:19 12:7 14:2 18:13 22:23 26:23 28:5 28:6 34:3 34:7 34:11 36:12 36:13 41:4 |
| means(1) | 12:16 |
| mediation(16) | 15:12 15:19 15:25 17:17 19:9 20:7 20:22 20:23 22:12 22:24 23:12 24:3 29:15 29:16 38:9 42:18 |
| mediation's(1) | 16:11 |
| meet(1) | 39:3 |
| meisel(1) | 1:32 |
| member(2) | 9:8 16:20 |
| mentioned(1) | 22:19 |
| mester(1) | 4:14 |
| methodology(1) | 20:21 |
| michael(7) | 3:6 3:30 3:30 4:45 5:12 7:9 33:16 |
| might(7) | 13:23 14:19 16:18 16:20 27:3 41:17 42:6 |
| mike(1) | 39:15 |
| millbank(1) | 4:50 |
| million(9) | 13:10 21:8 24:9 26:20 26:20 26:23 26:23 26:25 26:25 |
| mills(1) | 4:11 |
| mind(2) | 16:9 18:11 |
| minimum(1) | 40:22 |
| minute(1) | 24:14 |
| minutes(1) | 25:19 |
| mirror(1) | 22:11 |
| misrepresentation(1) | 24:7 |
| mistrial(1) | 12:8 |
| mitzkovitz(1) | 6:24 |
| moelis(1) | 4:22 |
| moment(3) | 21:5 27:10 29:14 |
| money(2) | 27:2 27:18 |
| montenegro,esq(1) | 4:34 |
| monthly(1) | 7:10 |
| more(18) | 8:14 9:16 12:19 18:25 20:6 20:24 21:23 22:16 22:18 22:21 22:21 25:6 27:2 35:9 37:23 37:24 38:2 42:5 |
| morgan(1) | 5:8 |
| morning(11) | 6:3 6:4 13:3 20:2 22:8 23:1 23:16 29:13 29:19 33:15 40:14 |
| motion(11) | 7:5 7:6 10:22 11:13 33:1 33:5 37:7 38:1 38:6 38:18 38:22 |
| motions(8) | 13:6 13:6 13:7 13:22 15:8 16:2 16:23 19:5 |
| movants(2) | 41:2 41:13 |
| move(4) | 12:24 13:23 24:6 26:2 |
| moving(2) | 17:18 22:3 |
| mrs(2) | 11:16 35:16 |
| much(10) | 11:11 17:12 17:17 18:4 20:24 22:21 22:21 39:22 41:11 44:12 |
| must(3) | 10:21 11:12 12:12 |
| n.w(1) | 1:28 |
| names(1) | 41:23 |

| Word | Page:Line |
|---|---|
| need(19) | 10:24 11:7 14:1 19:7 23:22 24:23 26:6 27:24 29:2 31:25 34:17 36:3 36:13 36:24 38:20 41:8 43:3 43:9 44:5 |
| needed(2) | 22:17 22:22 |
| needs(1) | 39:3 |
| nesbitt(4) | 30:11 30:14 30:24 31:1 |
| never(1) | 28:16 |
| new(4) | 1:42 2:11 2:24 2:40 |
| news(1) | 40:11 |
| newspaper(1) | 8:5 |
| next(4) | 16:15 19:16 29:6 42:3 |
| nolan(1) | 3:14 |
| nonetheless(1) | 30:14 |
| noon(1) | 44:3 |
| norman(2) | 1:34 6:5 |
| north(3) | 2:16 2:27 3:7 |
| not(67) | 7:22 8:10 10:16 10:18 11:7 12:15 15:7 15:17 15:24 16:4 16:11 16:16 16:19 17:16 18:25 19:2 19:4 19:6 19:7 20:15 20:24 21:10 21:11 21:18 21:18 22:20 23:4 23:18 24:12 24:22 25:2 25:3 26:25 27:22 28:5 28:8 28:16 30:12 30:13 30:18 30:24 31:2 31:5 31:19 32:2 32:7 33:20 33:23 34:5 34:15 34:20 34:21 35:7 36:11 36:16 36:19 36:21 37:1 37:7 37:8 38:18 39:7 40:19 41:11 43:12 43:14 43:15 |
| nothing(7) | 12:19 12:20 21:23 37:24 39:17 44:7 44:11 |
| notice(2) | 8:5 8:9 |
| notion(1) | 26:3 |
| notwithstanding(1) | 36:15 |
| november(1) | 23:7 |
| now(11) | 7:16 12:21 12:23 17:11 22:2 28:8 31:12 37:7 40:15 41:7 44:10 |
| number(28) | 6:13 6:16 6:19 6:22 7:1 7:4 7:6 7:7 7:8 7:9 7:13 8:4 8:17 8:24 8:25 9:2 9:4 9:5 9:6 9:7 9:9 9:11 9:19 29:6 29:7 31:12 32:24 32:25 |
| o'clock(5) | 25:22 42:8 42:14 42:15 42:16 |
| obama(1) | 11:16 |
| object(1) | 31:19 |
| objected(3) | 10:7 21:14 23:21 |
| objection(30) | 6:14 6:17 6:22 7:2 7:8 7:9 8:25 9:2 9:7 9:10 9:12 10:10 10:11 13:11 30:17 31:6 31:13 31:14 31:21 32:5 32:16 32:17 32:24 33:1 33:7 36:5 37:5 37:18 38:1 39:23 |
| objections(1) | 16:23 |
| objective(1) | 40:22 |
| obviate(1) | 43:7 |
| obviously(4) | 9:17 15:20 17:14 19:1 |
| occurs(1) | 27:1 |
| odds(2) | 15:21 15:23 |
| off(5) | 9:16 11:19 12:17 12:23 24:6 |
| office(3) | 2:43 2:43 30:11 |
| officers(1) | 3:22 |
| offices(1) | 5:12 |
| official(1) | 4:18 |
| okay(20) | 7:24 8:11 12:1 13:2 20:13 20:14 24:25 25:7 28:24 29:2 29:6 29:15 36:6 36:18 38:25 40:8 42:16 42:23 43:3 44:1 |
| omnibus(9) | 6:14 6:16 6:22 7:1 7:8 9:2 9:12 13:19 16:16 |
| once(1) | 15:6 39:6 |
| one(24) | 2:6 6:13 13:7 15:24 17:1 17:2 17:3 17:3 17:16 18:3 22:22 25:11 25:17 26:11 27:15 27:25 29:14 31:14 34:3 34:4 36:13 37:5 38:5 |
| ones(1) | 15:20 |
| only(6) | 21:2 21:4 21:6 21:10 23:4 28:8 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| open(6) 15:15 23:11 23:12 29:14 29:15 29:16 | | phrase(1) 28:1 | | questions(8) 7:15 11:1 11:3 18:1 18:2 39:11 39:12 43:11 | | respective(1) 41:22 | |
| | | pick(1) 39:7 | | | | respond(3) 14:8 15:18 26:7 | |
| opinions(1) 17:2 | | piece(2) 27:16 43:13 | | quicker(1) 35:19 | | responded(1) 33:1 | |
| opposed(1) 43:13 | | place(3) 23:10 25:10 27:24 | | quickly(3) 6:9 30:1 41:12 | | responding(1) 14:7 | |
| oral(1) 39:5 | | plan(5) 20:9 23:6 30:7 31:23 32:5 | | rarely(1) 15:16 | | response(11) 25:20 31:1 31:14 31:18 31:21 32:14 32:15 32:19 32:19 36:6 39:2 | |
| order(11) 7:18 31:7 31:8 31:10 32:17 32:21 37:14 37:18 38:7 39:1 43:9 | | please(4) 6:2 12:6 22:4 40:13 | | rather(3) 13:22 25:19 26:15 | | | |
| | | pleased(1) 20:23 | | reach(2) 30:10 39:4 | | responses(1) 7:16 | |
| orders(3) 6:10 7:3 23:23 | | plow(3) 13:22 28:7 33:7 | | reached(2) 6:23 24:13 | | rest(3) 25:20 29:3 29:22 | |
| other(23) 4:27 9:10 10:16 12:22 13:8 14:10 17:3 18:24 19:5 19:19 19:23 20:25 21:8 25:6 27:14 34:6 34:13 34:24 35:10 35:15 37:6 38:6 41:23 | | pluze(1) 5:12 | | reaction(2) 26:10 26:14 | | restyle(1) 37:25 | |
| | | podium(1) 33:6 | | reactions(1) 26:11 | | result(1) 31:4 | |
| | | point(12) 17:7 21:8 24:3 24:24 27:25 28:18 32:3 35:8 35:15 38:9 41:7 43:9 | | read(1) 26:3 | | results(1) 40:10 | |
| | | | | reading(2) 39:23 39:25 | | retired(1) 41:19 | |
| | | pointed(1) 28:7 | | readjusted(1) 31:25 | | reviewed(1) 32:15 | |
| others(1) 17:12 | | policy(1) 34:10 | | ready(1) 40:9 | | revised(1) 32:20 | |
| otherwise(1) 20:19 | | polk(1) 5:8 | | real(1) 28:6 | | rifkind(2) 4:43 4:44 | |
| ought(4) 13:14 25:1 25:2 26:3 | | portions(1) 24:11 | | realistic(1) 26:24 | | right(29) 6:11 7:14 8:1 8:22 10:1 12:14 12:14 13:18 15:2 19:17 19:20 19:24 22:2 29:9 29:18 30:22 32:22 35:17 35:24 37:15 38:14 38:17 39:14 40:8 40:11 43:2 44:5 44:9 44:12 | |
| our(5) 11:5 11:5 21:13 23:13 24:8 33:7 36:13 38:12 38:24 41:14 41:15 41:22 44:7 | | position(5) 16:21 23:18 24:8 33:12 36:23 | | really(7) 24:23 25:12 26:16 27:6 37:19 37:21 37:24 | | | |
| | | post-confirmation(1) 15:21 | | | | | |
| ourselves(2) 22:5 43:17 | | ppearances(1) 1:23 2:1 3:1 | | reasonable(1) 20:20 | | | |
| out(15) 14:3 16:4 19:14 19:16 24:3 24:13 25:13 25:25 26:22 28:7 29:22 30:10 39:4 41:9 42:5 | | practitioner(1) 41:20 | | reasoned(1) 20:20 | | rights(1) 31:24 | |
| | | pre-confirmation(1) 15:21 | | recall(1) 23:6 | | ripe(1) 19:9 | |
| | | precipitated(1) 34:21 | | receivable(1) 21:7 | | rise(2) 6:2 40:13 | |
| over(7) 7:14 7:22 7:25 10:2 26:2 33:6 | | prefer(1) 13:21 | | recess(2) 40:8 40:11 40:12 44:13 | | road(2) 2:33 28:7 | |
| overall(1) 13:9 | | preferable(2) 22:12 22:24 | | recommendation(1) 17:23 | | robby(1) 6:15 | |
| overarching(1) 21:14 | | preliminary(2) 29:4 40:10 | | record(8) 8:11 15:16 21:20 21:20 24:19 30:22 32:11 39:16 | | robert(2) 2:9 20:3 | |
| own(1) 39:6 | | prepare(1) 16:22 | | | | roitman(1) 3:38 | |
| | | prepared(3) 25:25 39:8 42:19 | | | | role(1) 18:14 | |
| p.a(1) 1:33 | | present(3) 14:23 22:17 30:23 | | recorded(1) 1:52 | | rolled(1) 25:25 | |
| paid(7) 21:10 21:11 23:5 24:8 26:20 32:8 35:4 | | presented(1) 21:13 | | recording(2) 1:52 44:19 | | ronald(1) 4:5 | |
| | | presents(1) 15:14 | | recourse(1) 31:20 | | room(3) 29:15 29:16 29:23 | |
| papers(3) 10:12 38:13 39:6 | | president(2) 11:16 30:11 | | referenced(2) 22:15 22:18 | | rosner(1) 4:36 | |
| parameters(2) 18:19 41:9 | | pressure(2) 27:4 28:10 | | regard(3) 14:2 14:13 14:25 | | ross(1) 4:9 | |
| parent(1) 9:10 | | pretty(5) 17:1 17:5 18:18 26:18 28:7 | | regarding(1) 23:7 | | route(2) 22:14 22:20 | |
| park(1) 2:23 | | previously(1) 11:25 | | regularly(1) 15:12 | | routinely(1) 11:11 | |
| parke(2) 3:33 3:34 | | print(1) 9:1 | | reimbursement(1) 9:1 | | rudnick(3) 2:4 4:45 20:3 | |
| part(4) 15:18 20:19 27:4 37:7 | | print's(2) 30:4 30:10 | | related(3) 1:10 10:5 13:13 | | rule(8) 16:6 16:15 17:24 18:13 26:4 26:5 26:6 26:6 | |
| parte(1) 10:17 | | probably(6) 20:17 25:5 27:22 35:24 38:4 41:11 | | relatedness(1) 34:19 | | | |
| particular(2) 10:20 30:18 | | | | relates(2) 13:5 13:9 | | ruled(2) 17:6 19:6 | |
| parties(22) 10:10 15:5 15:9 16:3 16:5 16:12 16:14 16:17 16:21 17:10 18:18 19:11 19:21 19:23 24:22 25:6 25:6 26:5 26:7 27:7 27:17 29:4 35:12 36:1 36:9 37:6 37:9 40:9 40:24 42:4 43:6 | | problem(1) 15:15 | | relating(2) 13:13 30:7 | | rules(6) 10:18 10:23 10:25 15:6 19:8 39:2 | |
| | | procedurally(1) 38:2 | | relationship(1) 36:17 | | run(3) 6:8 15:8 16:1 | |
| | | procedure(7) 25:1 26:14 26:15 27:7 28:3 40:25 42:6 | | relatively(1) 41:11 | | sadly(1) 42:18 | |
| | | | | relevant(1) 43:19 | | said(11) 9:10 22:23 23:11 24:17 24:23 26:24 27:11 27:17 42:15 | |
| | | proceed(5) 13:21 33:3 33:7 33:20 37:10 | | relief(3) 10:20 11:21 11:14 | | | |
| partner(1) 42:19 | | proceeding(1) 34:20 | | rely(1) 41:4 | | salient(1) 32:3 | |
| partners(1) 3:41 | | proceedings(3) 1:19 1:52 44:20 | | remain(1) 12:21 | | same(3) 11:21 18:22 20:18 | |
| party(9) 3:29 3:33 3:45 3:49 4:31 4:43 5:12 5:16 5:20 | | process(4) 16:12 21:22 30:9 40:23 | | remains(1) 30:18 | | say(17) 11:11 12:19 15:1 16:19 18:24 19:23 20:25 21:19 25:9 27:10 30:17 38:23 39:21 41:14 41:14 42:13 43:18 | |
| | | produced(1) 1:53 | | remember(1) 10:9 | | | |
| paul(2) 4:43 4:44 | | products(1) 35:4 | | remembered(1) 27:16 | | | |
| pay(2) 26:20 28:8 | | professional(6) 9:1 21:6 30:4 30:6 30:12 30:19 | | remind(1) 23:20 | | | |
| payment(1) 28:12 | | | | reorganized(18) 1:11 1:25 3:17 6:7 9:7 9:10 13:4 15:23 25:2 25:5 29:20 31:13 31:17 31:23 31:24 32:3 32:9 40:16 | | saying(7) 12:8 18:25 28:8 30:11 38:16 39:7 39:7 | |
| payments(1) 28:11 | | professionals(3) 4:27 21:9 21:11 | | | | | |
| payne(2) 4:27 7:13 | | progress(1) 40:18 | | | | says(1) 31:3 | |
| pending(2) 19:5 22:20 | | proof(6) 14:23 28:5 33:2 33:21 37:21 41:3 42:3 43:12 | | reply(4) 14:9 14:21 20:6 32:19 | | scale(1) 16:11 | |
| pennsylvania(2) 1:49 27:13 | | | | report(7) 16:22 25:21 26:21 40:9 41:16 42:13 | | scali(2) 3:4 33:16 | |
| penny(4) 15:24 20:19 24:7 24:12 | | proper(1) 12:16 | | | | schedule(3) 37:13 39:5 39:9 | |
| people(6) 9:16 14:17 18:24 26:22 41:10 41:18 | | propose(2) 9:14 29:24 | | representing(2) 9:25 10:24 | | scheduling(5) 15:3 16:13 23:23 37:14 37:18 38:7 39:1 | |
| | | proposed(2) 37:20 37:25 | | request(8) 22:20 23:18 23:19 30:21 33:19 33:20 35:22 39:7 | | | |
| percentages(1) 16:8 | | propound(1) 15:4 | | | | schotz(2) 1:32 6:6 | |
| perfectly(1) 38:12 | | propria(1) 3:45 | | requested(2) 7:17 11:12 | | schuylkill(1) 1:48 | |
| period(3) 7:11 10:3 14:20 | | prose(1) 2:17 | | requesting(1) 11:14 | | seal(2) 7:5 7:6 | |
| permission(3) 9:14 9:18 29:24 | | proven(1) 21:19 | | requests(5) 7:10 9:1 16:17 17:6 17:8 | | seamlessly(1) 40:23 | |
| pernick(18) 1:34 6:5 6:5 6:12 7:21 7:25 8:3 8:8 8:13 8:17 8:19 8:21 8:23 12:24 12:25 29:7 44:9 44:11 | | provide(1) 14:13 | | require(1) 39:3 | | seated(1) 6:2 40:13 | |
| | | providing(1) 21:23 | | required(2) 33:14 34:25 | | second(2) 20:24 26:16 | |
| | | public(1) 34:10 | | requirement(2) 34:3 38:8 | | secondary(1) 39:11 | |
| | | purple(1) 21:18 | | requiring(1) 15:12 | | section(5) 7:7 8:6 13:12 23:6 34:10 | |
| persona(1) 3:45 | | push(1) 22:5 | | research(1) 26:4 | | see(7) 19:15 24:2 30:16 33:7 35:5 41:22 43:6 | |
| personally(1) 11:15 | | put(8) 14:10 21:18 24:4 25:2 25:4 37:20 38:1 38:4 | | reserve(1) 43:17 | | | |
| perspective(3) 23:13 32:4 38:11 | | | | resolution(3) 8:10 20:22 21:22 | | | |
| phone(9) 9:16 9:23 11:6 11:15 30:23 32:12 32:13 37:1 41:23 42:2 | | puts(1) 28:10 | | resolve(3) 25:21 32:2 39:5 | | seeking(1) 16:17 | |
| | | quarterly(1) 7:10 | | resolved(3) 8:8 8:15 35:19 | | seem(2) 26:24 33:5 | |
| photo(4) 9:1 30:3 30:10 30:24 | | quarters(1) 24:9 | | respect(21) 6:14 6:18 6:19 7:2 7:7 7:12 8:4 9:3 11:4 11:19 12:22 15:4 15:22 17:7 17:24 18:21 24:25 26:11 28:3 31:14 40:2 | | seemed(1) 14:19 | |
| | | question(9) 14:11 19:1 20:5 25:11 28:6 28:12 33:9 34:14 43:5 | | | | seems(3) 26:12 33:10 34:4 | |

04/29/13 15:38:55

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| seen(1) 14:21 | | star(1) 42:22 | | telephonic(4) 3:11 4:1 5:1 42:2 | | the(301) 1:1 1:2 1:20 6:2 6:3 6:6 6:6 6:8 | |
| select(1) 16:13 | | stark(16) 2:9 20:1 20:2 20:3 20:13 20:15 | | tell(9) 8:11 10:2 10:7 11:15 15:7 19:4 | | 6:11 6:13 6:13 6:14 6:16 6:17 6:18 6:19 | |
| self(1) 9:25 | | 22:7 28:20 28:22 28:25 42:17 43:4 43:5 | | 26:7 40:2 41:3 | | 6:20 6:22 7:1 7:2 7:5 7:7 7:8 7:9 7:10 | |
| send(1) 11:24 | | 43:23 44:1 44:4 | | | | 7:10 7:13 7:15 7:16 7:16 7:18 7:18 7:20 | |
| sending(2) 10:3 10:19 | | | | ten(1) 14:7 | | 7:24 7:25 8:1 8:4 8:5 8:7 8:9 8:11 8:11 | |
| senior(1) 16:20 | | stark's(1) 22:11 | | tend(2) 20:12 32:16 | | 8:16 8:17 8:18 8:22 8:25 9:2 9:3 9:7 9:7 | |
| sense(3) 17:15 27:7 35:2 | | start(3) 26:22 36:4 36:7 | | tenth(1) 6:13 | | 9:9 9:10 9:12 9:14 9:15 9:16 9:17 9:19 | |
| sensitive(2) 27:19 27:23 | | state(5) 11:5 11:6 31:24 32:10 34:6 | | terminated(1) 12:13 | | 9:23 9:23 10:1 10:5 10:6 10:9 10:10 | |
| serious(1) 28:12 | | states(3) 1:1 1:21 23:17 | | termination(1) 34:9 | | 10:10 10:11 10:11 10:12 10:15 10:18 | |
| service(2) 1:47 1:53 | | stating(1) 31:21 | | terms(11) 12:25 12:1 39:1 40:19 | | 10:22 10:23 10:24 11:7 11:8 11:10 11:12 | |
| services(2) 1:47 6:15 | | status(11) 6:17 6:18 9:4 9:15 9:20 13:1 | | than(11) 13:22 17:3 20:25 25:6 25:19 | | 11:14 11:15 11:21 11:22 11:24 12:1 12:3 | |
| set(2) 17:10 28:3 | | 13:5 13:21 17:11 25:21 42:1 | | 26:15 27:3 34:13 34:16 35:10 37:24 | | 12:6 12:10 12:12 12:15 12:15 12:19 12:21 | |
| sets(1) 17:20 | | | | | | 12:21 12:22 12:23 13:2 13:4 13:5 13:7 | |
| setting(2) 18:19 24:19 | | stein(4) 2:38 22:8 22:9 42:25 | | thank(21) 8:22 10:1 12:23 12:25 19:25 | | 13:8 13:9 13:9 13:14 13:15 13:18 13:19 | |
| settle(2) 24:4 25:14 | | step(1) 25:18 | | 20:2 22:7 22:24 22:25 23:14 23:15 29:17 | | 13:22 13:24 13:25 14:2 14:5 14:6 14:9 | |
| settlement(1) 27:3 | | stickles(1) 7:14 | | 31:11 32:22 39:14 39:20 40:7 42:22 43:2 | | 14:12 14:12 14:17 14:19 14:21 14:22 | |
| seven(1) 2:10 | | still(2) 10:24 33:22 | | 44:4 44:12 | | 14:23 14:25 15:2 15:2 15:6 15:7 15:9 | |
| several(4) 7:4 8:23 15:8 21:9 | | stip(1) 8:9 | | that(195) 6:9 6:20 7:15 7:16 7:19 7:20 | | 15:16 15:17 15:20 15:23 15:25 16:1 16:3 | |
| share(3) 15:9 20:18 28:9 | | stipulation(2) 6:23 23:7 | | 7:22 8:8 8:9 8:12 8:13 8:14 9:17 10:2 | | 16:5 16:7 16:11 16:12 16:14 16:14 16:15 | |
| sharon(1) 4:32 | | stoll(2) 2:5 42:19 | | 10:6 10:7 10:9 10:11 10:12 10:13 10:14 | | 16:17 16:20 16:21 16:21 16:22 16:23 | |
| she(1) 37:3 | | stone(1) 4:51 | | 10:18 10:21 10:22 10:23 10:25 11:5 11:6 | | 16:25 17:3 17:3 17:4 17:10 17:15 17:19 | |
| sheet(1) 31:2 | | stop(5) 10:18 10:19 12:6 12:12 28:19 | | 11:8 11:9 11:10 11:20 11:21 11:21 12:8 | | 17:20 17:22 17:24 17:25 17:25 18:1 18:2 | |
| shifted(1) 28:2 | | stopped(1) 29:7 | | 12:17 12:20 12:23 13:5 13:9 13:11 13:11 | | 18:5 18:7 18:9 18:12 18:13 18:14 18:18 | |
| shortly(1) 10:13 | | straight(1) 19:3 24:19 | | 13:15 13:17 13:20 13:23 14:2 14:3 14:7 | | 18:18 18:19 18:19 18:20 18:22 19:1 19:4 | |
| should(13) 12:8 17:7 18:12 20:12 26:5 | | street(8) 1:13 1:28 1:41 1:48 2:16 2:27 | | 14:8 14:9 14:10 14:13 14:17 14:19 14:25 | | 19:8 19:10 19:11 19:16 19:18 19:20 19:23 | |
| 28:8 28:19 30:21 30:21 33:23 35:21 36:1 | | 2:45 3:7 | | 15:13 15:14 15:17 15:23 15:25 16:4 16:5 | | 19:24 20:1 20:7 20:8 20:9 20:9 20:11 | |
| 43:16 | | | | 16:5 16:7 16:9 16:13 16:18 16:22 16:22 | | 20:14 20:16 20:18 20:18 20:24 20:25 21:1 | |
| show(3) 16:15 26:6 43:9 | | stretch(1) 20:16 | | 17:9 17:17 17:18 18:1 18:10 18:20 19:2 | | 21:2 21:2 21:6 21:10 21:13 21:14 21:14 | |
| side(1) 15:24 | | strikes(1) 18:20 | | 19:14 20:7 20:13 20:16 20:18 20:18 20:25 | | 21:19 21:20 21:20 21:22 21:25 22:2 22:3 | |
| sides(1) 15:20 | | strong(1) 35:25 | | 20:25 21:2 21:3 21:5 21:13 21:17 21:20 | | 22:4 22:5 22:6 22:12 22:14 22:14 22:15 | |
| sidley(3) 1:25 4:4 29:20 | | stuart(1) 5:4 | | 21:25 22:4 22:18 22:20 22:22 22:23 23:11 | | 22:15 22:16 22:17 22:24 22:25 23:4 23:5 | |
| signature(1) 40:1 | | styled(1) 30:6 | | 23:12 23:21 24:11 24:20 24:20 24:22 25:3 | | 23:6 23:7 23:9 23:10 23:15 23:17 23:18 | |
| signed(2) 7:18 31:10 | | subject(5) 18:15 30:6 30:17 31:23 38:11 | | 25:3 25:6 25:10 25:23 25:25 26:5 26:8 | | 23:20 23:20 23:20 23:21 23:21 23:25 24:4 | |
| significant(1) 21:12 | | submission(2) 30:4 30:5 | | 26:12 26:22 26:24 27:1 27:7 27:8 27:19 | | 24:5 24:10 24:11 24:14 24:18 24:19 24:20 | |
| signup(1) 31:2 | | submissions(2) 32:16 43:21 | | 27:23 28:1 28:3 28:5 28:10 28:14 28:16 | | 24:21 24:25 25:1 25:2 25:2 25:4 25:5 | |
| similar(2) 22:15 32:1 | | submit(3) 31:7 32:20 39:1 | | 28:16 29:21 30:12 30:13 30:15 31:7 31:10 | | 25:5 25:8 25:9 25:13 25:14 25:16 25:20 | |
| simply(6) 11:1 21:19 21:23 24:3 24:23 | | submitted(4) 7:16 10:6 10:10 41:1 | | 31:18 31:19 31:20 31:21 31:25 32:4 32:18 | | 25:20 25:23 26:4 26:4 26:5 26:15 26:16 | |
| 30:18 | | substance(1) 31:18 | | 32:23 33:7 33:10 33:12 33:18 33:22 33:24 | | 26:17 26:19 26:21 26:24 27:4 27:5 27:7 | |
| | | substantial(8) 13:7 17:2 19:5 20:8 23:4 | | 34:1 34:5 34:7 34:17 34:20 35:2 35:2 | | 27:9 27:12 27:13 27:15 27:17 27:20 27:24 | |
| since(2) 14:22 33:5 | | 24:5 28:4 41:20 | | 35:7 35:8 35:12 35:22 35:25 36:1 36:9 | | 28:2 28:4 28:4 28:6 28:9 28:10 28:13 | |
| single(1) 24:7 | | | | 39:1 39:9 39:17 39:24 40:3 40:11 40:20 | | 28:16 28:21 28:24 28:25 29:1 29:3 29:3 | |
| sir(2) 9:24 12:5 | | such(3) 10:19 18:14 34:18 | | 40:21 41:1 41:6 41:7 41:8 41:10 41:10 | | 29:3 29:9 29:12 29:14 29:14 29:16 29:18 | |
| sit(2) 15:1 25:12 | | suggest(4) 13:17 21:3 37:16 41:25 | | 41:25 42:10 42:23 43:3 43:4 43:14 43:14 | | | |
| sitting(2) 27:12 41:18 | | suggestion(3) 14:17 37:11 37:12 | | 43:16 43:19 43:23 43:24 44:13 44:18 | | the(233) 29:20 29:21 29:22 29:22 29:23 | |
| situation(5) 17:22 20:15 26:19 27:1 27:2 | | suite(4) 1:35 2:17 2:33 2:45 | | | | 29:23 30:2 30:5 30:5 30:6 30:7 30:9 | |
| sixty-seventh(2) 9:2 31:13 | | sullivan(2) 2:14 2:15 | | that's(29) 6:25 11:13 14:20 15:6 15:16 | | 30:14 30:16 30:16 30:17 30:17 30:21 | |
| sixty-sixth(1) 7:8 | | summary(4) 37:7 38:1 38:6 38:12 | | 17:21 18:12 19:11 21:7 24:5 24:7 26:12 | | 30:22 30:22 30:23 30:23 31:1 31:2 31:2 | |
| size(1) 41:21 | | summit(2) 17:3 19:2 | | 27:4 27:22 28:12 29:1 29:10 32:8 34:2 | | 31:3 31:4 31:5 31:5 31:6 31:10 31:12 | |
| skipped(1) 40:1 | | sunday(1) 43:25 | | 34:3 34:25 35:14 35:24 38:15 38:23 42:2 | | 31:16 31:17 31:19 31:21 31:22 31:23 | |
| slater(1) 3:13 | | supplier(1) 35:3 | | 42:7 42:20 43:25 | | 31:23 32:3 32:3 32:4 32:5 32:5 32:5 32:6 | |
| sliding(1) 16:11 | | supplies(1) 35:4 | | | | 32:6 32:8 32:9 32:11 32:11 32:12 32:12 | |
| some(24) 7:15 13:23 14:2 14:6 14:8 14:13 | | suppose(3) 21:25 25:8 25:12 | | | | 32:13 32:15 32:15 32:16 32:17 32:18 | |
| 14:23 15:3 15:10 17:15 17:23 18:13 18:25 | | supposed(1) 28:9 | | | | 32:18 32:22 32:24 32:25 33:1 33:3 33:4 | |
| 18:25 26:3 28:18 29:4 36:19 37:21 41:8 | | supposition(1) 20:18 | | | | 33:4 33:6 33:6 33:9 33:11 33:11 33:12 | |
| 41:12 41:17 41:23 42:3 | | sure(7) 6:9 17:16 22:20 36:11 37:1 39:8 | | | | 33:13 33:13 33:17 33:19 33:19 33:20 | |
| | | 42:21 | | | | 33:22 33:23 33:25 34:3 34:4 34:6 34:9 | |
| somebody(2) 16:19 27:18 | | | | | | 34:10 34:15 34:16 34:17 34:19 34:20 | |
| something(10) 11:11 14:7 16:9 18:12 | | surely(1) 13:25 | | | | 34:21 34:22 34:23 35:2 35:2 35:4 35:5 | |
| 19:16 19:22 26:18 27:18 37:19 42:19 | | surmises(1) 20:17 | | | | 35:6 35:11 35:11 35:12 35:15 35:16 35:18 | |
| | | surprising(1) 40:18 | | | | 35:20 35:20 35:21 35:22 35:24 35:24 | |
| sometime(1) 19:10 | | suspicion(1) 15:23 | | | | 35:25 36:1 36:2 36:2 36:4 36:6 36:7 36:8 | |
| sorry(2) 6:17 42:13 | | sustain(2) 31:6 32:17 | | | | 36:9 36:9 36:15 36:16 36:18 36:19 36:23 | |
| sort(6) 14:3 18:1 18:10 22:5 24:7 28:5 | | sync(1) 6:9 | | | | 36:25 37:1 37:2 37:4 37:5 37:6 37:8 37:9 | |
| sound(2) 1:52 44:19 | | system(1) 11:22 | | | | 37:10 37:15 37:17 37:19 37:20 37:21 | |
| sounds(1) 11:11 | | take(13) 9:15 15:7 18:4 18:9 19:1 21:25 | | | | 37:22 37:22 37:23 37:25 37:25 38:2 38:4 | |
| spaeder(1) 4:18 | | 22:4 25:17 29:24 36:8 38:19 38:21 40:8 | | | | 38:5 38:6 38:7 38:10 38:13 38:14 38:16 | |
| speak(3) 8:14 10:16 11:15 | | | | | | 38:16 38:17 38:17 38:21 38:22 38:23 | |
| speaking(1) 12:12 | | taken(1) 41:6 | | | | 38:25 39:2 39:6 39:8 39:11 39:12 39:14 | |
| special(2) 15:14 19:8 | | takes(1) 20:23 | | | | 39:16 39:18 39:19 39:21 39:23 40:1 40:2 | |
| speculate(1) 15:16 | | taking(1) 14:8 | | | | 40:4 40:6 40:8 40:9 40:10 40:13 40:15 | |
| speculation(1) 24:15 | | talk(12) 16:8 16:9 18:13 18:15 24:3 24:22 | | | | 40:21 40:23 40:24 40:25 41:1 41:2 41:2 | |
| spend(1) 27:3 | | 27:9 39:18 43:4 43:16 43:18 44:6 | | | | 41:3 41:3 41:4 41:5 41:9 41:12 41:13 | |
| spending(1) 27:2 | | | | | | 41:14 41:14 41:15 41:23 42:2 42:3 42:4 | |
| sperling(1) 3:13 | | talked(2) 16:25 29:5 | | | | 42:5 42:7 42:8 42:12 42:14 42:15 42:20 | |
| spoke(2) 7:13 30:11 | | talking(2) 12:6 25:19 | | | | 42:21 42:23 43:2 43:6 43:8 43:12 43:15 | |
| square(1) 2:10 | | tango(2) 20:23 20:24 | | | | 43:17 43:18 43:19 43:25 44:2 44:2 44:3 | |
| stand(4) 17:5 33:21 40:11 44:13 | | technical(1) 6:24 | | | | 44:5 44:9 44:10 44:12 44:15 44:18 44:19 | |
| standard(1) 17:1 | | teed(1) 38:13 | | | | 44:19 44:20 | |
| standpoint(1) 33:13 | | telephone(4) 10:15 31:2 39:4 42:8 | | | | theil(1) 5:5 | |
| | | | | | | their(5) 7:5 7:7 14:24 26:8 40:10 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **them**(8) 15:24 19:7 21:9 22:1 24:12 36:19 39:3 43:21 | | **traci**(1) 44:24 | | **wanted**(4) 10:7 17:9 17:10 40:17 | | **wholly**(1) 37:6 | |
| | | **traditional**(1) 35:3 | | **wants**(1) 38:16 | | **whomever**(1) 36:4 | |
| **themselves**(1) 15:6 | | **transcriber**(1) 44:24 | | **wardwell**(1) 5:8 | | **why**(3) 10:2 15:16 19:19 | |
| | | **transcript**(3) 1:19 1:53 44:19 | | **warsavsky**(1) 4:23 | | **will**(24) 4:14 7:23 11:15 12:12 12:19 15:7 15:22 19:4 20:5 22:6 23:12 31:6 32:17 32:20 36:3 39:5 39:10 39:16 41:8 42:4 42:19 43:10 44:4 44:13 | |
| **then**(18) 8:23 9:4 13:9 13:10 18:4 24:2 25:16 29:5 29:25 39:1 41:2 41:14 42:6 | | **transcription**(2) 1:47 1:53 | | **was**(35) 7:3 7:12 8:8 8:9 8:12 8:13 8:14 8:15 8:15 8:16 10:10 14:16 14:18 18:3 21:13 21:21 23:7 24:14 24:21 27:12 27:17 30:5 30:12 30:13 31:14 31:18 33:18 36:14 36:17 37:20 39:22 39:25 40:6 40:24 44:15 | | | |
| | | **transcripts**(1) 41:5 | | | | | |
| **there**(36) 6:23 7:12 7:19 7:21 7:21 10:20 11:23 14:3 14:4 14:10 14:16 14:18 14:19 17:20 18:3 21:17 28:10 28:14 29:6 29:21 30:20 31:14 33:9 33:10 34:12 36:12 36:16 36:24 38:5 38:8 39:5 39:11 40:19 40:25 43:3 43:20 | | **tremendous**(1) 21:21 | | | | **willette**(1) 6:23 | |
| | | **trial**(2) 35:17 43:14 | | | | **william**(1) 2:15 | |
| | | **tribune**(4) 1:8 3:17 4:5 6:6 | | | | **willing**(1) 24:6 | |
| | | **tried**(2) 21:16 21:18 | | **washington**(1) 1:29 | | **wilmington**(21) 1:14 1:36 2:4 2:18 2:28 2:34 2:46 3:8 6:1 7:4 9:5 9:9 9:11 13:8 13:10 13:12 14:16 20:4 23:22 24:4 24:9 | |
| | | **tropicana**(2) 17:4 19:2 | | **washington-baltimor**(1) 8:5 | | | | | |
| | | **true**(1) 35:14 | | **wasn't**(1) 25:4 | | | | | |
| **there's**(11) 13:10 14:11 18:2 20:24 21:24 24:23 28:11 34:13 34:13 34:19 40:20 | | **trust**(14) 2:4 4:32 7:4 9:5 9:9 9:11 13:8 13:10 13:12 14:16 20:4 23:22 24:4 24:9 | | **way**(12) 10:15 11:24 18:1 20:21 22:22 23:3 26:6 33:7 36:25 37:10 38:5 40:5 | | **wing**(1) 11:23 | |
| | | | | | | **wish**(1) 15:24 33:3 | |
| **therefore**(2) 30:20 31:6 | | | | | | **wished**(2) 30:15 31:19 | |
| **these**(21) 10:17 13:13 13:13 15:8 15:22 16:1 17:7 17:8 17:11 17:15 17:20 21:19 26:17 28:4 31:5 34:7 34:11 35:8 42:5 43:16 | | **trustee**(5) 2:43 2:44 23:17 23:21 43:15 | | **ways**(1) 38:5 | | **wishes**(1) 15:4 33:6 38:3 | |
| | | **try**(9) 19:13 24:4 25:1 25:13 26:14 41:23 43:6 | | **we'll**(11) 16:13 16:15 19:22 24:2 29:5 29:15 29:16 36:6 36:6 36:7 38:16 | | **with**(67) 6:14 6:18 6:19 7:2 7:6 7:12 7:13 8:4 8:14 9:3 9:14 9:17 11:4 11:19 12:22 13:15 14:15 15:4 15:9 15:14 15:22 16:7 17:5 17:7 17:19 17:24 18:1 18:5 18:21 19:22 20:12 20:19 21:3 21:15 21:23 22:15 23:9 23:19 24:10 24:25 26:11 26:18 26:21 28:3 29:23 30:9 30:11 31:4 31:9 31:14 32:2 32:10 32:16 35:3 36:2 36:4 36:9 38:9 38:13 38:15 39:16 40:21 41:23 41:23 42:23 43:4 | |
| | | | | | | | |
| | | **trying**(3) 21:1 26:14 28:10 | | | | | |
| **they**(9) 13:17 14:22 14:23 15:24 16:3 20:12 21:14 22:18 31:25 | | **tuesday**(1) 42:7 | | | | | |
| | | **turn**(2) 31:11 33:6 | | **we're**(21) 6:9 14:6 14:8 18:8 18:25 19:7 20:13 20:16 20:22 20:25 21:3 24:11 25:21 26:13 26:19 26:19 28:9 33:3 33:21 37:12 40:19 | | | |
| **they're**(3) 21:25 27:21 28:8 | | **turns**(1) 16:4 | | | | | |
| **thing**(5) 14:25 21:2 23:13 26:16 43:6 | | **tweed**(1) 4:50 | | | | | |
| **things**(3) 10:7 10:16 17:1 | | **twenty**(1) 9:11 | | | | | |
| | | **twenty-fourth**(1) 6:16 | | **we've**(2) 7:16 37:24 | | | |
| **think**(64) 7:22 8:13 14:7 14:21 15:3 15:10 16:4 16:24 18:12 18:15 18:18 18:24 19:20 20:17 26:6 26:16 26:24 27:24 28:1 28:12 29:7 32:3 34:2 34:3 34:11 34:17 34:19 35:2 35:19 35:21 36:12 36:24 36:24 36:25 38:4 38:12 38:22 38:23 40:20 41:8 41:10 43:5 43:8 43:9 | | **twenty-seventh**(1) 6:22 | | **wednesday**(1) 6:1 | | | |
| | | **two**(12) 13:7 15:20 17:2 17:20 18:2 20:23 26:10 38:5 42:1 42:8 42:15 42:16 | | **week**(1) 42:1 | | | |
| | | | | **weeks**(2) 14:16 42:4 | | | |
| | | | | **weigh**(1) 35:21 | | | |
| | | **type**(1) 10:20 11:14 34:24 34:24 | | **weingerger**(1) 4:47 | | **won't**(3) 20:19 28:22 42:17 | |
| | | **typically**(1) 37:5 | | **weiss**(5) 4:43 4:44 5:13 5:17 37:1 | | **wonder**(2) 15:25 18:8 | |
| **thinking**(1) 37:4 | | **u.s**(4) 2:43 2:43 23:21 43:15 | | **welcome**(1) 17:13 | | **work**(7) 13:13 16:13 19:16 25:13 40:20 40:23 42:6 | |
| **thinks**(1) 37:6 | | **ultimately**(2) 36:3 43:12 | | **well**(31) 7:18 10:4 11:8 11:18 15:2 17:14 17:15 18:17 18:23 19:19 21:3 22:14 24:16 25:7 25:15 26:10 26:10 27:5 27:9 28:5 28:8 28:13 30:2 33:9 35:1 35:24 36:11 37:4 38:10 41:21 | | | |
| **third**(2) 16:25 17:4 | | **under**(14) 10:18 11:16 13:12 19:8 23:5 30:14 30:19 31:5 31:23 31:24 34:8 35:17 36:8 36:14 | | | | **workable**(1) 38:23 | |
| **this**(64) 10:21 10:25 12:8 12:11 13:20 15:18 16:25 18:19 19:2 19:13 20:15 21:6 21:8 21:10 21:11 24:2 25:13 25:21 26:5 26:11 26:14 27:10 27:20 28:3 28:5 28:7 28:8 28:23 30:5 30:8 30:12 30:13 30:15 30:17 30:18 30:20 31:14 32:2 32:5 32:6 34:12 34:18 34:19 34:20 34:23 34:24 35:10 35:15 35:18 35:20 35:23 37:22 38:5 38:5 38:9 38:13 39:21 39:22 40:20 41:3 41:4 42:1 43:9 44:13 | | | | | | **workers**(3) 31:16 31:22 32:8 | |
| | | | | | | **working**(3) 10:12 14:6 19:14 | |
| | | **understand**(6) 7:15 7:19 10:14 10:23 31:15 37:21 | | **weller**(1) 3:5 | | **works**(3) 19:15 42:25 43:1 | |
| | | | | **wells**(1) 6:15 | | **world**(1) 8:9 | |
| | | | | **went**(1) 35:18 | | **would**(52) 9:14 9:19 11:6 12:20 14:14 15:19 16:6 16:16 17:24 18:4 18:7 18:9 18:22 20:8 21:3 22:2 22:18 23:8 23:18 23:19 23:20 24:22 25:3 25:9 25:23 25:24 25:25 26:8 26:14 31:19 32:17 34:17 35:15 35:22 37:5 37:15 38:12 39:2 40:20 40:25 41:1 41:5 41:10 41:12 41:13 41:14 41:15 41:19 41:25 43:18 | |
| | | **understanding**(1) 33:18 | | | | | |
| | | **understatement**(1) 27:22 | | | | | |
| | | **understood**(1) 11:18 | | | | | |
| | | **uneven**(1) 22:2 | | **wharton**(2) 4:43 4:45 | | | |
| | | **unhappy**(1) 40:11 | | **what**(39) 8:12 8:16 11:1 14:11 14:21 14:24 15:1 17:6 17:9 18:11 18:17 18:24 24:8 25:7 25:12 25:14 25:25 26:3 26:7 29:2 29:5 29:12 30:16 30:18 34:23 36:25 37:4 37:4 37:10 37:10 37:15 37:21 37:23 38:20 39:2 40:24 41:9 41:25 43:20 | | | |
| **thomas**(1) 4:9 | | **united**(3) 1:1 1:21 23:17 | | | | | |
| **those**(9) 15:11 16:8 17:5 17:24 18:5 21:16 29:23 30:7 33:5 | | **unless**(2) 15:24 20:19 | | | | **wouldn't**(4) 21:17 26:1 35:16 35:19 | |
| | | **unpaid**(1) 21:7 | | | | **write**(1) 41:15 | |
| | | **unsecured**(2) 4:19 21:14 | | | | **written**(4) 11:13 11:13 17:2 43:20 | |
| **though**(1) 11:4 | | **until**(1) 19:20 | | **what's**(4) 6:9 29:6 37:19 37:24 | | **yeah**(3) 8:1 18:20 20:11 | |
| **thought**(7) 6:8 11:23 17:15 18:25 25:4 29:2 41:18 | | **upon**(5) 10:10 10:11 11:14 16:3 19:6 | | **whatever**(3) 31:25 38:16 39:5 | | **years**(1) 18:23 | |
| | | **use**(3) 15:13 16:22 19:2 | | **when**(13) 11:22 14:5 16:24 17:10 21:12 22:14 27:12 27:13 28:11 35:20 36:15 38:17 40:9 | | **yes**(5) 8:7 9:22 9:24 25:16 29:12 | |
| **thoughts**(5) 13:23 15:8 24:2 26:8 37:2 | | **used**(1) 28:1 | | | | **yet**(5) 8:2 19:6 22:4 25:10 40:19 | |
| **three**(4) 20:8 24:9 39:21 42:13 | | **useful**(3) 16:4 16:5 43:6 | | | | **york**(4) 1:42 2:11 2:24 2:40 | |
| **threshold**(1) 33:5 | | **using**(1) 17:25 | | | | | |
| **through**(6) 6:8 12:16 20:20 22:14 29:3 44:10 | | **vail**(1) 3:26 | | **where**(9) 17:5 17:22 21:24 26:19 27:1 27:2 27:24 29:1 35:20 | | | |
| | | **various**(1) 16:23 | | | | | |
| | | **vary**(1) 39:3 | | | | | |
| **tight**(1) 38:19 | | **vehicle**(1) 16:1 | | **whereupon**(1) 44:15 | | | |
| **time**(21) 10:3 11:6 14:20 14:22 15:10 18:2 19:16 21:8 22:13 23:13 25:18 27:11 27:17 27:17 29:4 35:6 38:20 40:18 42:3 42:24 43:22 | | **very**(11) 6:8 11:11 20:20 20:22 23:25 30:1 30:2 38:23 39:22 43:6 44:12 | | **whether**(9) 15:19 15:25 16:3 32:7 33:23 36:2 36:16 40:1 43:12 | | | |
| | | **view**(1) 17:7 32:7 | | | | | |
| | | **views**(1) 38:11 | | | | | |
| **times**(1) 2:10 | | **violation**(2) 34:9 34:10 | | | | | |
| **timetable**(1) 38:24 | | **visiting**(2) 27:12 27:14 | | **which**(22) 8:24 8:25 9:11 10:5 10:6 12:16 15:13 16:16 19:6 20:5 22:16 23:8 31:3 31:12 32:18 32:24 38:7 40:25 41:4 41:13 42:4 43:15 | | | |
| **timing**(2) 14:16 38:19 | | **voice**(2) 39:25 40:4 | | | | | |
| **today**(6) 7:14 10:2 12:21 13:21 15:10 33:19 36:8 39:18 | | **von**(1) 6:20 | | | | | |
| | | **vonnegut**(1) 5:9 | | | | | |
| | | **wait**(1) 24:14 | | **whichever**(1) 43:24 | | | |
| **together**(3) 13:14 16:21 19:11 | | **walker**(1) 7:2 | | **while**(4) 25:20 26:17 29:10 29:22 | | | |
| **told**(3) 11:2 17:10 20:19 | | **waller**(7) 5:13 8:25 32:25 32:25 34:7 35:17 36:14 | | **whistles**(1) 38:8 | | | |
| **took**(1) 23:9 | | | | **whittman**(1) 3:50 | | | |
| **torres**(3) 2:37 4:31 22:9 | | | | **who**(11) 15:4 15:11 15:21 16:18 16:20 21:9 27:14 27:17 35:4 41:2 41:17 | | | |
| **tough**(1) 17:1 | | **want**(17) 10:14 10:21 11:5 14:23 14:24 15:10 15:15 17:12 17:14 18:24 20:24 21:25 22:18 25:12 25:14 26:2 26:25 | | | | | |
| | | | | **who's**(3) 16:19 18:14 36:5 | | | |

| Word | Page:Line |
|---|---|

**you**(162) 6:17  8:11  8:22  9:4  9:23  10:1
10:2  10:2  10:3  10:6  10:7  10:8  10:9  10:14
10:15  10:18  10:21  10:21  10:23  10:24  11:1
11:2  11:6  11:15  11:19  11:20  11:24  12:7
12:12  12:15  12:16  12:20  12:21  12:22
12:23  12:24  12:25  13:20  13:20  13:22
13:23  14:1  14:3  14:12  14:13  14:20  14:21
15:1  15:7  15:9  15:10  15:11  15:20  16:19
16:25  17:10  17:12  17:21  17:23  18:2  18:3
18:3  18:4  18:9  18:11  19:1  19:1  19:2  19:5
19:7  19:9  19:25  20:2  21:23  21:24  22:7
22:14  22:15  22:17  22:24  22:25  23:14
23:15  24:6  24:17  25:9  25:11  25:12  25:14
25:16  25:17  25:18  25:20  25:21  25:23
25:24  25:24  25:25  26:1  26:8  26:20  26:21
27:1  27:2  27:3  27:17  27:17  27:20  27:22
28:6  28:6  28:8  28:15  29:12  29:16  29:17
31:10  31:11  32:22  33:7  33:23  34:6  34:17
34:18  34:23  35:16  35:17  35:18  35:20
35:25  36:11  36:16  36:23  37:13  37:15  38:8
38:17  38:19  38:20  38:20  39:2  39:3  39:14
39:20  39:21  39:24  40:1  40:2  40:3  40:7
40:17  42:13  42:22  43:2  43:18  43:19  43:21
43:21  44:2  44:2  44:4  44:12

**you'd**(1) 13:21
**you'll**(2) 17:5  36:10
**you're**(8) 10:23  11:14  17:13  17:22  27:2
29:1  35:2  36:18

**you've**(2) 27:10  39:23
**young**(1) 5:17
**your**(77) 6:4  6:5  6:12  7:3  8:3  8:13  8:21
8:23  9:5  10:19  12:4  12:13  12:25  13:3
13:6  18:25  20:2  20:5  20:6  20:15  20:17
21:4  21:5  22:3  22:7  22:8  23:1  23:3  23:6
23:16  24:1  28:20  29:8  29:10  29:13  29:19
30:3  30:19  31:8  31:11  31:12  32:4  32:20
32:23  33:15  34:6  35:3  35:7  35:9  35:14
36:5  36:11  36:21  37:10  37:17  38:3  38:10
38:15  38:21  39:3  39:12  39:15  39:25  40:5
40:7  40:14  41:25  42:3  42:6  42:11  42:17
43:7  43:13  43:24  44:4  44:8  44:11

**yourself**(2) 10:24  11:9
**zachary**(1) 6:24
**zloto**(2) 5:21  5:21
**zuckerman**(1) 4:18