## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re                                                          :
                                                               :        Chapter 11
**TRIBUNE COMPANY,** *et al,*[1]                               :
                                                               :        Case No. 08-13141 (KJC)
Debtors                                                        :        (Jointly Administered)
                                                               :
                                                               :        Re: (D.I. 4091, 4156)

_____

## <u>MEMORANDUM</u>[2]


On April 16, 2010, the Debtors filed the Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection") (D.I. 4091). The now reorganized Debtors ask the Court to disallow and expunge, among other proofs of claim, Claim No. 3060 filed by Maureen Dombeck against the Tribune Company, on the basis that no liability for such claim was reflected in the Debtors' books and records. On April 26, 2010, Ms. Dombeck filed a response to the Objection (the "Response") (D.I. 4156).

For the reasons set forth below, the Objection will be sustained and Claim No. 3060 will be disallowed and expunged.

---

[1]The chapter 11 case filed by Tribune Media Services, Inc. (Bky. Case No. 08-13236) is being jointly administered with the Tribune Company bankruptcy case and 109 additional affiliated debtors pursuant to the Order dated December 10, 2008 (docket no. 43). An additional debtor, Tribune CNLBC, LLC (formerly known as Chicago National League Baseball Club, LLC) filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009 (Bky. Case No. 09-13496), and also is being jointly administered with the Tribune Company bankruptcy case pursuant to this Court's Order dated October 14, 2009 (docket no. 2333). The debtors in the jointly administered cases are referred to herein as the "Debtors."

[2] This Court has jurisdiction to decide the matter before it pursuant to 28 U.S.C. § 1334 and § 157(a). This is a core proceeding pursuant to 28 U.S.C. §157(b)(1) and (b)(2)(B).

I.    **Background**

On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for

relief under chapter 11 of the Bankruptcy Code.  On March 23, 2009, the Debtors filed their

schedules of assets and liabilities and statements of financial affairs.[3]  On March 26, 2009, the

Court entered an order establishing June 12, 2009 at 4:00 p.m. as the final date and time for all

persons and entities holding or asserting a claim against the Debtors arising on or before the

Petition Date to file proofs of claim in these chapter 11 cases.[4]

On May 22, 2009, Ms. Dombeck filed Claim No. 3060.  Ms. Dombeck's proof of claim

reflects an amount alleged to be due of $50,000.  The boxes indicating that (1) the amount

claimed includes "interest or additional charges," for which no detail is provided, and (2) that the

claim is one for goods delivered during the twenty days prior to the bankruptcy filing

(§503(b)(9)), are both checked.  The claim form is accompanied by a one-page handwritten

submission that can be read as a request for information about stock prices related to her

retirement fund, which was "cashed out" in 2008.

On April 16, 2010, Debtors filed the Objection seeking to disallow and expunge Ms.

Dombeck's claim because:

> The Debtors have diligently reviewed their books and records and believe that
> they are not liable for the No Liability Claims [including Claim No. 3060]
> because the Debtors' books and records, which the Debtors believe to be accurate,
> do not reflect that any prepetition amounts are due and owing on account of the
> No Liability Claims.

---

[3] *See* D.I. 567-789.  Subsequent amendments were made on April 13, 2009 (D.I. 894-957), on June 12, 2009 (D.I. 1343-1453), and on March 2, 2010 (D.I. 3548-3599).

[4] D.I. 813.

Objection, ¶12.  *See also*  Objection, Ex. A, p. 4 of 11.  On April 26, 2010, Ms. Dombeck

filed the Response to the Debtors' Objection.  Ms. Dombeck's written response to the

Objection is reproduced below in full:

> As of this day, April 19, 2010, I Maureen Dombeck hereby challenge
> Tribune Co, c/o Epiq Bankruptcy Services, as debtor in regards to my
> request for $50,000 to reimburse me for My retirement fund.  Tribune was
> instrumental through their fiduciary irresponsibility, for The loss of said
> funds.  I disagree with their response of "no liability owed to claimant per
> Debtors books and records."  The debtor and their representative, Hewitt
> Retirement will Not release full disclosure of my retirement figures so I
> may analyze such figures.  I feel this Is a fair assessment of loss due to
> their irresponsible management of funds.

Response (capitalization in original).

After several continuances, on November 23, 2010, the Court held an initial hearing on

the Objection and Response.  At this hearing, the Debtors' reiterated their position that Ms.

Dombeck had failed to articulate a cognizable claim and that the Debtors' books and records did

not reveal any basis for a claim owed to Ms. Dombeck.[5]  After hearing the arguments of the

parties, the Court offered the parties the opportunity to participate in an evidentiary hearing to

present evidence on the Objection and the Response.[6]  The Court requested that the Debtors

submit to the Court a form of order, agreed upon by the parties, scheduling the hearing and

establishing deadlines and procedures for taking discovery in connection with the contested

claim.[7]

Next, on August 25, 2011, the Court held a status conference on the Objection and the

Response, at which Ms. Dombeck again participated by telephone.  The Court was advised that

the parties were unable to reach an agreement on a scheduling and discovery order.  At this

conference, the parties agreed to dispense with discovery and an evidentiary hearing, but

---

[5] *See* Hrg. Tr. 11/23/10 at 14:24-25, 15:1-2.
[6] *See* Hrg. Tr. 11/23/10 at 19:14-24.
[7] *See* Hrg. Tr. 11/23/10 at 20:23-25, 21:1-3.

consented to the Court's consideration of  certain documentation and communications from Ms.

Dombeck concerning Claim No. 3060, as a supplement to the Response, for the purpose of

permitting the Court to adjudicate whether Claim No. 3060 states a cognizable claim or cause of

action.[8]

## II.    Discussion

When a claim objection is filed in a bankruptcy case, the burden of proof as to the

validity of the claim shifts between the parties.  *See In re Sea Containers, Ltd.*, 2009 WL

2208128, *2 (Bankr. D. Del. July 22, 2009) (citing *In re Allegheny Int'l, Inc.,* 954 F.2d 167, 173

(3d Cir. 1992); *see also Payne v. Lampe (In re Lampe)*, 665 F.3d 506, 514 (3d. Cir. 2011)

(stating "the claimant always has the burden of persuasion in a contested proceeding").  In

*Allegheny Int'l*, the Third Circuit explained this burden shifting as follows:

> Initially, the claimant must allege facts sufficient to support the claim. If the averments in
> his filed claim meet this standard of sufficiency, it is "*prima facie* " valid. In other words,
> a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the
> claimant's initial obligation to go forward. The burden of going forward then shifts to the
> objector to produce evidence sufficient to negate the *prima facie* validity of the filed
> claim. It is often said that the objector must produce evidence equal in force to the *prima
> facie* case . . . . In practice, the objector must produce evidence which, if believed, would
> refute at least one of the allegations that is essential to the claim's legal sufficiency. If the
> objector produces sufficient evidence to negate one or more of the sworn facts in the
> proof of claim, the burden reverts to the claimant to prove the validity of the claim by a
> preponderance of the evidence . . . . The burden of persuasion is always on the claimant.

*Allegheny Int'l*, 954 F.2d at 173–74 (citations omitted).  Thus, "the burden of proof is an essential

element of the claim itself; one who asserts a claims is entitled to the burden of proof that

normally comes with it."  *In re United Companies Fin. Corp.*, 267 B.R. 524, 527 (Bankr.D.Del.

---

[8] *See* Hrg. Tr. 9/25/11.  The parties have consented to the Court adjudicating the Objection based on copies of: (1)
Claim No. 3060; (2) the Objection [D.I. 4091]; (3) the Response [D.I 4156]; (4) email communications from Ms.
Dombeck to the Court [D.I 6205]; (5) the November 23, 2010 hearing transcript; (6) Ms. Dombeck's July 9, 2011
letter to the Court and counsel for the Debtors; and (7) the August 25, 2011 hearing transcript.

2000) (quoting *Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 15, 21, 120 S.Ct. 1951, 147

L.Ed.2d 13 (2000).

In this instance, Ms. Dombeck has failed to meet her initial burden of asserting a *prima*

*facie* valid claim.  A proof of claim is *prima facie* valid if it "alleges facts sufficient to support a

legal liability to the claimant." *Allegheny Int'l*, 954 F.2d at 173.  *See also In re Wells*, 463 B.R.

320, 26 (Bankr. E.D.Pa. 2011) ("[I]f a proof of claim complies with the Rules of Court and is

self-sustaining (i.e., it sets forth the facts necessary to state a claim and is not self-contradictory),

it is *prima facie* valid.")  Although Ms. Dombeck states that the Debtors owe her $50,000, she

has not stated a sufficient basis for this assertion.  Ms. Dombeck asserts in her Proof of Claim

that she was trying to get information about "the highest stock price during my 1991-2007 stock

term"  but that Hewitt Retirement failed to provide her with that information.  She also asserts

that she intends to bring an action for "breach of fiduciary responsibility incurred by the Board of

Directors."  At various points throughout  the claim objection litigation, Ms. Dombeck has stated

that the Debtors had committed "fiduciary irresponsibility."[9]   However, even when viewed in a

light most generous to Ms. Dombeck, she has not articulated a discernable basis for a claim

against the Debtors. [10]

---

[9] *See e.g.* D.I. 4156 ("Tribune was instrumental through their fiduciary irresponsibility, for The loss of said funds.");
D.I. 6205 ("I am a private ex-employee of Tribune Co who believes I have a grievance to present in regards to
fiduciary irresponsibility on the part of the Tribune Management at the time of my employment and subsiquent (sic)
release."); Hrg. Tr. 11/23/10 at 17:8-11 ("I felt that when I left the company, I was owed a certain amount of money
due [to] their ERISA Litigation, and that they have breached their fiduciary duties in regard to myself.")
       The gist of the allegations asserted in Ms. Dombeck's letter dated July 9, 2011, might conceivably be viewed
as claims for breach of fiduciary duty or corporate waste against the Debtors' management that resulted in a
decrease in the value of the stock that was held in a retirement fund.  Because alleged injuries for diminution in
stock value are the type that would affect all shareholders, such claims are likely to be derivative claims that cannot
generally be brought by a single shareholder.  *See* 12B *Fletcher Cyc. Corp.* §5911 (2013).  To the extent Ms.
Dombeck believes she has claims against officers or directors of the Company, she must avail herself of other
available remedies, but cannot do so by virtue of Claim No. 3060 against the Debtors.

[10] Even were I to decide that Ms. Dombeck had met her initial burden, based on the agreed record as submitted, the
record reveals no basis upon which any relief can be granted.

### III.    Conclusion

The Debtors' Objection to Claim No. 3060 will be sustained, and Claim No. 3060 will be disallowed and expunged.

BY THE COURT:

KEVIN J. CAREY
UNITED STATES BANKRUPTCY COURT

DATED:  May 2, 2013