# JONES DAY

555 SOUTH FLOWER STREET · FIFTIETH FLOOR · LOS ANGELES, CALIFORNIA 90071.2300

TELEPHONE: +1.213.489.3939 · FACSIMILE: +1.213.243.2539

Direct Number: (213) 243-2431
JJOHNSTON@JONESDAY.COM

May 6, 2013

The Honorable Kevin J. Carey
United States Bankruptcy Court
824 North Market Street, Fifth Floor
Wilmington, Delaware 19801

Re:   *In re Tribune Company, et al.*, Case No. 08-013141 (Bankr. D. Del.)

Dear Judge Carey:

On April 24, 2013, you held a status conference with respect to the following contested matters (collectively, the "Fee Matters"):

- The *Application For Allowance Of Claim Under 11 U.S.C. §§ 503(b)(3)(D) And 503(b)(4) In Connection With Wilmington Trust Company's Motion Requesting The Appointment Of An Examiner And Wilmington Trust Company's Participation In Examiner's Investigation And Granting Waiver Of Compliance With Del. Bankr. L.R. 2016-2(d) In Accordance With Del. Bankr. L.R. 2016-2(g)* filed on March 1, 2013, by Wilmington Trust Company ("WTC") [D.I. 13272], to which the Reorganized Debtors and the United States Trustee have objected;

- The *Motion Of Law Debenture Trust Company Of New York Pursuant To 11 U.S.C. §§ 503(b)(3)(D), 503(b)(4), And 503(b)(5) For Allowance And Payment Of Fees And Expenses Incurred In Connection With Making A Substantial Contribution To The Debtors' Chapter 11 Cases And Granting Waiver Of Compliance With Del. Bankr. L.R. 2016-2(d)(vii) In Accordance With Del. Bankr. L.R. 2016-2(h)* filed on March 1, 2013, by Law Debenture Trust Company of New York ("Law Debenture") [D.I. 13274], to which the Reorganized Debtors and the United States Trustee have objected;

- The *Reorganized Debtors' Objection To Creditors' Committee Member Fee/Expense Claims Asserted By (A) Deutsche Bank Trust Company Americas And (B) Wilmington Trust Company* filed on March 15, 2013, by the Reorganized Debtors [D.I. 13327], to which WTC and Deutsche Bank Trust Company Americas ("DBTCA" and together with WTC and Law Debenture, the "Applicants") have responded; and

- The *Reorganized Debtors' Objection To Class 1F Other Parent Claim Asserted By Wilmington Trust Company* filed on March 18, 2013, by the Reorganized Debtors [D.I. 13338], to which WTC has responded.

ALKHOBAR · AMSTERDAM · ATLANTA · BEIJING · BOSTON · BRUSSELS · CHICAGO · CLEVELAND · COLUMBUS · DALLAS
DUBAI · DÜSSELDORF · FRANKFURT · HONG KONG · HOUSTON · IRVINE · JEDDAH · LONDON · LOS ANGELES
MADRID · MEXICO CITY · MILAN · MOSCOW · MUNICH · NEW YORK · PARIS · PITTSBURGH · RIYADH · SAN DIEGO
SAN FRANCISCO · SÃO PAULO · SHANGHAI · SILICON VALLEY · SINGAPORE · SYDNEY · TAIPEI · TOKYO · WASHINGTON

JONES DAY

The Honorable Kevin J. Carey
May 6, 2013
Page 2

At that conference, you requested that the parties consider the appointment of an expert under Rule 706 of the Federal Rules of Evidence to assist the Court in adjudicating the Fee Matters.  In accordance with that request, the Reorganized Debtors, the Applicants, and the United States Trustee have met and conferred on several occasions in order to develop a protocol pursuant to which the Rule 706 expert would prepare and submit his report.  That protocol has been incorporated into the proposed form of Order attached to this letter.

To start, the proposed Order provides for the Honorable Joseph J. Farnan, Jr., to serve as the expert.  The Court is familiar with Judge Farnan's background and qualifications to handle this matter, which we believe to be exemplary, and Judge Farnan preliminarily has indicated that he is available to take on the engagement should the Court so order.  The Reorganized Debtors support Judge Farnan's appointment and WTC, DBTCA and the United States Trustee have indicated that they have no objection to Judge Farnan serving as the Rule 706 expert.  Law Debenture, however, has indicated that it may oppose Judge Farnan's appointment.

With respect to the terms and conditions of the appointment, consistent with my remarks at the status conference, the proposed protocol attempts to meet two basic but potentially-conflicting objectives.  First and foremost, the protocol is intended to provide the expert with access to information and materials sufficient to enable him to give a reasoned and informed opinion.  To that end, the protocol provides for the expert to receive all briefs and pleadings filed with respect to the Fee Matters (*see* Order ¶ 2), as well as all evidence on which the parties intend to rely in connection with the Fee Matters (*see* Order ¶¶ 3-5), and then for the expert to conduct such hearings or meetings as he determines to be necessary or appropriate to carry out his duties (*see* Order ¶ 7).

Second, the protocol is intended to keep the cost of the process constrained and reasonable.  To that end, the protocol prohibits the filing of additional briefs unless the expert so requests (*see* Order ¶ 2), limits the discovery that may be taken by the parties (*see* Order ¶¶ 4-5), and provides for the expert to prepare a non-binding budget with respect to his services (*see* Order ¶ 10).

We believe that the protocol achieves those competing objectives in a fair and even-handed manner, and we understand that WTC and the United States Trustee generally support the entry of an order like the attached proposed Order.  However, Law Debenture has indicated that it may oppose entry of the Order and protocol and DBTCA has expressed no opinion on the matter.  We suggest that the proposed Order and protocol be incorporated into an order to show cause pursuant to Rule 706 should the Court determine that an order to show cause is necessary under the circumstances.

JONES DAY

The Honorable Kevin J. Carey
May 6, 2013
Page 3

Finally, there is a point of potential disagreement among the parties with respect to the responsibility for the expert's compensation. (*See* Order ¶ 10) Consistent with your remarks at the status conference, the Reorganized Debtors do not object to being allocated up to fifty percent (50%) of the expert's fees and expenses (with the remainder allocated among the Applicants as they agree or as the Court orders). Alternatively, the Reorganized Debtors would not object to having the expert allocate such fees and expenses among the parties as the expert deems appropriate under the circumstances at the conclusion of the process.

The Applicants, however, have suggested that the Reorganized Debtors should be responsible for a greater proportion (potentially all) of the expert's fees and expenses and/or should "front" or advance all of the expert's compensation, with the Applicants' share to be deducted from distributions (if any) ultimately made in respect of their claims. The Reorganized Debtors submit that neither option is appropriate. The Fee Matters are motions and claims filed by the Applicants. WTC requests allowance of a claim of $30 million and the Applicants seek payment of administrative expenses of more than $13 million. After paying more than $1.5 million in respect of the well-founded portions of the WTC and DBTCA claims, the Reorganized Debtors objected to the balance of the Applicants' claims in their entirety. There is no legal or equitable basis for compelling the Reorganized Debtors to pay the costs of adjudicating claims that the Reorganized Debtors believe to have no merit whatsoever.

We look forward to discussing these matters further with you at the telephonic status conference scheduled for Tuesday, May 7, 2013, at 2:00 p.m. Eastern time.

Sincerely,

James O. Johnston

enclosure

cc:    Robert Stark (counsel for WTC)
       David Rosner (counsel for Law Debenture)
       David Adler (counsel for DBTCA)
       David Buchbinder (counsel for United States Trustee)