IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>**Re: Docket Nos. 13272, 13274, 13327, 13338** |

ORDER APPOINTING RULE 706
EXPERT REGARDING CONTESTED FEE MATTERS

WHEREAS, on April 24, 2013, the Court held a status conference on the following contested matters:

(A) the *Application For Allowance Of Claim Under 11 U.S.C. §§ 503(b)(3)(D) And 503(b)(4) In Connection With Wilmington Trust Company's Motion Requesting The Appointment Of An Examiner And Wilmington Trust Company's Participation In*

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

LAI-3191050v6

*Examiner's Investigation And Granting Waiver Of Compliance With Del. Bankr. L.R. 2016-2(d) In Accordance With Del. Bankr. L.R. 2016-2(g)* filed on March 1, 2013, by Wilmington Trust Company ("WTC") [D.I. 13272], to which the Reorganized Debtors and the United States Trustee have objected;

(B) the *Motion Of Law Debenture Trust Company Of New York Pursuant To 11 U.S.C. §§ 503(b)(3)(D), 503(b)(4), And 503(b)(5) For Allowance And Payment Of Fees And Expenses Incurred In Connection With Making A Substantial Contribution To The Debtors' Chapter 11 Cases And Granting Waiver Of Compliance With Del. Bankr. L.R. 2016-2(d)(vii) In Accordance With Del. Bankr. L.R. 2016-2(h)* filed on March 1, 2013, by Law Debenture Trust Company of New York ("Law Debenture") [D.I. 13274], to which the Reorganized Debtors and the United States Trustee have objected;

(C) the *Reorganized Debtors' Objection To Creditors' Committee Member Fee/Expense Claims Asserted By (A) Deutsche Bank Trust Company Americas And (B) Wilmington Trust Company* filed on March 15, 2013, by the Reorganized Debtors [D.I. 13327], to which WTC and Deutsche Bank Trust Company Americas ("DBTCA") have responded; and

(D) the *Reorganized Debtors' Objection To Class 1F Other Parent Claim Asserted By Wilmington Trust Company* filed on March 18, 2013, by the Reorganized Debtors [D.I. 13338], to which WTC has responded (collectively, the "Fee Matters"); and

WHEREAS WTC, Law Debenture, DBTCA, the Reorganized Debtors, and the United States Trustee (each a "Party" and collectively, the "Parties") agree to the appointment of an expert witness pursuant to Rule 706(a) of the Federal Rules of Evidence;

NOW THEREFORE, based upon the record in these proceedings and after due deliberation, IT IS HEREBY ORDERED as follows:[2]

1. The Court hereby appoints [Hon. Joseph J. Farnan, Jr.] as an expert witness pursuant to Rule 706(a) of the Federal Rules of Evidence (the "Expert") to issue a report and recommendation (the "Report") with respect to the disputed factual and legal issues raised by the Fee Matters. This Order shall constitute written direction of the Expert's duties pursuant to Rule 706(b) of the Federal Rules of Evidence.

2. Within five days of the entry of this Order, the Reorganized Debtors shall transmit to the Expert all motions, objections, declarations, and other materials filed to date with respect to the Fee Matters. Subject to Paragraph 7 below, except as set forth in this Order or as requested by the Expert, there shall be no additional briefing or delivery of materials to the Expert, provided, however, any Party may provide the Expert a copy of any case law cited by the Party in support of its positions.

3. Within 14 days of the entry of this Order, Law Debenture, WTC and DBTCA (collectively, the "Applicants") shall each transmit to the Expert, with copies to the Reorganized Debtors and the United States Trustee, exhibit lists that shall identify all evidence (*e.g.*, exhibits, declarations, deposition designations, and items filed on the docket of the above-captioned cases) on which they will rely in prosecution of their positions with respect to the Fee Matters, along with copies of all evidence specified on such exhibit lists to the extent not previously filed in connection with the Fee Matters, not previously provided to the Expert pursuant to Paragraph 2 above, or otherwise available on the docket.

---

[2] Capitalized terms not defined in this Order have the meanings given to them in the "Fourth Amended Joint Plan Of Reorganization For Tribune Company And Its Subsidiaries (As Modified July 19, 2012)" (the "Plan").

4.  The Reorganized Debtors and the United States Trustee shall have a period of 28 days following the receipt of the Applicants' evidentiary materials described in Paragraph 3, above, to take discovery with respect to the Fee Matters. Such discovery shall be limited to (a) depositions of any witness who has submitted a declaration or affidavit regarding the Fee Matters, and (b) requests for all documents relied upon by such witnesses in the preparation of any declarations. At the conclusion of that period, the Reorganized Debtors and the United States Trustee shall each transmit to the Expert, with copies to the Applicants and the United States Trustee, exhibit lists that shall identify all evidence (*e.g.*, exhibits, declarations, deposition designations, and items filed on the docket of the above-captioned cases) on which they will rely in connection with their opposition to the Applicants' positions with respect to the Fee Matters, along with copies of all evidence specified on such exhibit lists to the extent not previously filed in connection with the Fee Matters, not previously provided to the Expert pursuant to Paragraphs 2 and 3 above, or otherwise available on the docket.

5.  The Applicants shall have a period of 28 days following receipt of the Reorganized Debtors' and United States Trustee's evidentiary materials described in Paragraph 4, above, to take discovery with respect to the evidence submitted by the Reorganized Debtors. Such discovery shall be limited to (a) depositions of any witness who has submitted a declaration regarding the Fee Matters, and (b) requests for all documents relied upon by such witnesses in the preparation of any declarations. At the conclusion of that period, each of the Applicants shall deliver to the Expert, with copies to the Reorganized Debtors and the United States Trustee, supplemental exhibit lists identifying all evidence (*e.g.*, exhibits, declarations, deposition designations, and items filed on the docket of the above-captioned cases) on which they will rely in rebuttal of the evidence identified by the Reorganized Debtors and the United

States Trustee pursuant to Paragraph 4, above, along with copies of all evidence specified on such supplemental exhibit lists to the extent not previously filed in connection with the Fee Matters, not previously provided to the Expert pursuant to Paragraphs 2,3 and 4 above, or otherwise available on the docket.

6. The Applicants and the Reorganized Debtors shall provide the United States Trustee with copies of all discovery requests and responses served or delivered and the United States Trustee shall be entitled to participate in any discovery, including any depositions.

7. Following receipt of the materials described in Paragraphs 2 through 5, above, the Expert shall conduct such hearings or meetings as the Expert, in his sole discretion, deems necessary or appropriate to carry out the duties set forth in this Order. Any such meetings or hearings shall be concluded within 30 days of the date on which the materials set forth in Paragraph 5 have been delivered to the Expert. In no event shall (a) the Expert initiate or engage in any *ex parte* communications with any individual Party or (b) any Party initiate or engage in any *ex parte* communications with the Expert.

8. Within 45 days of the conclusion of the time period set forth in Paragraph 7 above, the Expert shall deliver a copy of the Report to the Parties and to the Court. The Report shall include the Expert's proposed findings of fact and conclusions of claw with respect to those facts and legal issues that the Expert considers relevant to a judicial adjudication of the Fee Matters. Following the delivery of the Expert's opinion, the Court shall schedule a further status conference with respect to the Fee Matters. Notwithstanding anything to the contrary herein, the Court shall remain the final deciding authority with respect to the Fee Matters.

9. It is expressly acknowledged and agreed that the Expert will and may receive materials previously designated by the Parties as confidential and/or filed under seal with the

Court, and rely on such materials in preparing the Report. All Parties reserve the right to move the Court to seal the Report or take such other or further steps they deem appropriate to preserve confidentiality.

10. Within 14 days of the entry of this Order, the Expert shall prepare and file a budget with respect to compensation for services rendered pursuant to this Order. Such budget shall represent a good faith estimate of the Expert's total fees and expenses in connection with this Order but shall not serve as a cap on the Expert's fees and expenses. The Expert shall be compensated by the Parties as follows: [Compensation of the Expert TBD]

11. The Expert shall have discretion to enlarge any of the time periods specified in this Order. The Expert shall not otherwise have any authority to modify the terms of this Order.

Dated: May __, 2013

_____
Honorable Kevin J. Carey
United States Bankruptcy Judge

LAI-3191050v6