# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING
## THE QUARTERLY FEE APPLICATION FOR THE SIXTEENTH
## QUARTERLY PERIOD OF SEITZ, VAN OGTROP & GREEN, P.A.

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Quarterly Fee Application for the Sixteenth Quarterly Period of Seitz, Van Ogtrop, & Green, P.A.* [Docket No. 13008] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $5,931.00 and reimbursement of expenses that total $122.80 for the period from September 1, 2012 through

---

[1] The Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marketing, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

November 30, 2012. Seitz, Van Ogtrop & Green, P.A., ("**SVG**"), serves as Special Conflicts Counsel to the Official Committee of Unsecured Creditors (the "**Committee**").

### Background

1.      On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2.      The Debtors continue to operate their business and manage their properties as debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code Sections 1107 and 1108.

3.      On March 19, 2009, the Court entered an order appointing Stuart Maue as fee examiner for these Chapter 11 cases *nunc pro tunc* to February 20, 2009.

4.      On May 23, 2011, the Court entered an order appointing SVG as Special Conflicts Counsel to the Committee *nunc pro tunc* to April 21, 2011.

### Applicable Standards

5.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

6.      The Fee Examiner reviewed the Fee Application for compliance with Sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

7.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

8.      A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must

comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

9.      The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to SVG for review and comment. The Fee Examiner now issues this final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order* ¶5.

## DISCUSSION OF FINDINGS

### Technical Requirements

10.      **Reconciliation of Fees and Expenses.** The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**"). The Fee Examiner identified no discrepancies between the Fees Requested and the Fees Computed, nor any discrepancies between the Expenses Requested and the Expenses Computed.

11.    **Block Billing.**[2]  The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*.  The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines ¶(b)(4)(v)*.[3]  Aside from one exception, the firm did not block bill its fee entries. Therefore, no fee reduction is warranted.

12.    **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*.  The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*.  SVG complied with the applicable rules regarding time increments.

**Review of Fees**

13.    **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*.  The Fee Application provided the names, positions, and hourly rates of the three SVG professionals

---

[2] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing.  Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry.  As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry.  This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

[3] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g., In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g., In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

and paraprofessionals who billed to this matter, consisting of two partners and one paralegal. A summary of hours and fees billed by each timekeeper is displayed in **Exhibit A.**[4]

The firm billed a total of 16.10 hours with associated fees of $5,931.00. The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 9.80 | 61% | $5,143.50 | 87% |
| Paralegal | 6.30 | 39% | 787.50 | 13% |
| TOTAL | 16.10 | 100% | $5,931.00 | 100% |

The blended hourly rate for the SVG professionals is $524.85 and the blended hourly rate for professionals and paraprofessionals is $368.39.

14.    **Hourly Rate Increases.**  SVG did not increase the hourly rates of timekeepers during this interim period.

15.    **Timekeepers' Roles.**  A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*.  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.  SVG timekeepers appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

16.    **Meetings, Conferences, Hearings, and Other Events.**  The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant,

---

[4] This Final Report includes exhibits that detail and support the findings discussed herein.  Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit.  The tasks included in a specific category are underlined in the fee exhibits.  For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

the subject(s) of the meeting or hearing, and the participant's role" *Local Rule 2016-2(d)(ix)*, and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*. While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role. The Fee Examiner did not identify any occasions where two or more SVG timekeepers invoiced to attend the same meeting, conference, hearing, or other event.

17.    **Intraoffice Conferences.**    Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified only limited instances of intraoffice conferences, and no instances in which two or more timekeepers invoiced fees associated with the same intraoffice conference. The Fee Examiner did not identify any tasks referencing intraoffice conferencing.

18.    **Complete and Detailed Task Descriptions.**    Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of

the hearing or conference." *UST Guidelines ¶(b)(4)(v).* The Fee Examiner reviewed all time entries and, aside from a couple of minor exceptions, did not identify any vague task descriptions.

19.    **Administrative Activities.** Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.  The Fee Examiner did not identify any time entries describing administrative activities.

20.    **Clerical Activities.** Clerical activities do not require legal acumen, and may be effectively performed by administrative assistants, secretaries, or support personnel.  Similar to administrative activities, clerical activities are generally not billable and are considered to be part of the firm's overhead.  In the 3rd Circuit, however, some clerical and non-clerical activities may be compensable at a rate commensurate with the level of expertise or knowledge typically found to be necessary to complete the task.  The Fee Examiner reviewed each timekeeper's billing activities and did not identify any clerical activities.

21.    **Travel.** The Local Rules provide that  onworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii).* The Fee Examiner did not identify any travel-related entries invoiced by SVG.

22.    **SVG Retention/Compensation.** SVG billed 13.30 hours with associated fees of $5,065.50 to prepare the firm's retention documents and applications for compensation.  The fee entries describing SVG's retention/compensation activities are displayed in **Exhibit B**, which is included in the Final Report for the Court's reference.

**Review of Expenses**

23.    **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*.   The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*.   SVG provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.  The Fee Examiner found no objectionable expense items.

## CONCLUSION

The Fee Examiner submits this final report regarding Seitz, Van Ogtrop, & Green, P.A.'s Fee Application and the fees and expenses discussed above.  The Fee Examiner recommends the approval of fees that total $5,931.00 and reimbursement of expenses that total $122.80 for the period from September 1, 2012 through November 30, 2012.

Respectfully submitted,

**STUART MAUE**

By: _____

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 9th day of May, 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for Prepetition
Lenders, JP Morgan Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

James S Green, Sr., Esq.
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE 19899

John F. Theil, Esq.

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Seitz Van Ogtrop & Green, P.A.**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| JSG | Green Sr., James S. | PARTNER | $540.00 | $540.00 | 8.90 | $4,806.00 |
| PPM | McGonigle, Patricia P. | PARTNER | $375.00 | $375.00 | 0.90 | $337.50 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $524.85 | | 9.80 | $5,143.50 |
| | | | | % of Total: 60.87% | % of Total: 86.72% | |
| SLP | Pappa, Susan | PARALEGAL | $125.00 | $125.00 | 6.30 | $787.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $125.00 | | 6.30 | $787.50 |
| | | | | % of Total: 39.13% | % of Total: 13.28% | |
| | Total No. of Billers: 3 | Blended Rate for Report: | $368.39 | | 16.10 | $5,931.00 |

EXHIBIT B

SVG RETENTION/COMPENSATION

Seitz Van Ogtrop & Green, P.A.

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Green Sr., J | 8.20 | 4,428.00 |
| Pappa, S | 5.10 | 637.50 |
| | 13.30 | $5,065.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune | 13.30 | 5,065.50 |
| | 13.30 | $5,065.50 |

EXHIBIT B

SVG RETENTION/COMPENSATION

Seitz Van Ogtrop & Green, P.A.

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 09/24/12 Mon | Green Sr., J 201209/8 | 0.10 | 0.10 | 54.00 | | | 1 | MATTER NAME: Tribune<br>REVIEWING RESPONSE TO ALVAREZ AND MARSAL REGARDING ESTIMATED FEES FROM SVG (FEE MATTERS) |
| 09/25/12 Tue | Green Sr., J 201209/9 | 0.50 | 0.50 | 270.00 | 0.20<br>0.10<br>0.10<br>0.10 | F<br>F<br>F<br>F | 1<br>2<br>3<br>4 | MATTER NAME: Tribune<br>REVIEWING FEE APPLICATIONS FOR JULY (.2),<br>AUGUST (.1),<br>AND SEPTEMBER (.1) (MONTHLY)<br>AND QUARTERLY FEE APPLICATION AND CERTIFICATE OF NO OBJECTION (JUNE) (.1) (FEE MATTERS) |
| 09/25/12 Tue | Pappa, S 201209/10 | 0.20 | 0.20 | 25.00 | | | 1 | MATTER NAME: Tribune<br>DRAFT CERTIFICATE OF NO OBJECTION OF 8TH, 9TH, 10TH MONTHLY FEE APPLICATION (FEE MATTERS) |
| 09/26/12 Wed | Green Sr., J 201209/11 | 1.70 | 1.70 | 918.00 | 0.70<br>1.00 | F<br>F | 1<br>2 | MATTER NAME: Tribune<br>REVIEWING AND REVISING 12TH (.7)<br>AND 13TH (1.0) MONTHLY AND QUARTERLY FEE APPLICATIONS (FEE MATTERS) |
| 09/26/12 Wed | Pappa, S 201209/12 | 0.30 | 0.30 | 37.50 | | | 1 | MATTER NAME: Tribune<br>DRAFT AND FILE CERTIFICATE OF NO OBJECTION TO THE 11TH MONTHLY FEE APPLICATION (FEE MATTERS) |
| 09/26/12 Wed | Pappa, S 201209/13 | 0.80 | 0.80 | 100.00 | | | 1 | MATTER NAME: Tribune<br>DRAFT 12TH MONTHLY FEE APPLICATION (FEE MATTERS) |
| 09/28/12 Fri | Pappa, S 201209/14 | 0.50 | 0.50 | 62.50 | | | 1 | MATTER NAME: Tribune<br>DRAFT 13TH MONTHLY FEE APPLICATION (FEE MATTERS) |
| 09/28/12 Fri | Pappa, S 201209/15 | 0.50 | 0.50 | 62.50 | | | 1 | MATTER NAME: Tribune<br>DRAFT 15TH QUARTERLY FEE APPLICATION (FEE MATTERS) |
| 09/28/12 Fri | Pappa, S 201209/16 | 0.50 | 0.50 | 62.50 | | | 1 | MATTER NAME: Tribune<br>FILE AND SERVE 12TH MONTHLY FEE APPLICATION (FEE MATTERS) |
| 09/28/12 Fri | Pappa, S 201209/17 | 0.50 | 0.50 | 62.50 | | | 1 | MATTER NAME: Tribune<br>FILE AND SERVE 13TH MONTHLY FEE APPLICATION (FEE MATTERS) |
| 09/28/12 Fri | Pappa, S 201209/18 | 0.50 | 0.50 | 62.50 | | | 1 | MATTER NAME: Tribune<br>FILE AND SERVE 15TH QUARTERLY FEE APPLICATION (FEE MATTERS) |
| 10/01/12 Mon | Green Sr., J 201210/19 | 2.00 | 2.00 | 1,080.00 | | | 1 | MATTER NAME: Tribune<br>REVIEW AND DRAFT RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT, INCLUDING REVIEWING TIME RECORDS AND E-MAILS TO PROVIDE ADDITIONAL DETAIL (FEE MATTERS) |

~  See the last page of exhibit for explanation

EXHIBIT B

SVG RETENTION/COMPENSATION

Seitz Van Ogtrop & Green, P.A.

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 10/02/12 Tue | Green Sr., J 201210/22 | 0.40 | 0.40 | 216.00 | | | 1 | MATTER NAME: Tribune<br>FINALIZE CORRESPONDENCE TO FEE EXAMINER (FEE MATTERS) |
| 10/03/12 Wed | Green Sr., J 201210/23 | 0.30 | 0.30 | 162.00 | | | 1 | MATTER NAME: Tribune<br>REVIEWING AGENDA FOR 10/4/12 HEARING (CASE ADMINISTRATION) |
| 10/04/12 Thu | Green Sr., J 201210/24 | 0.20 | 0.20 | 108.00 | 0.10 0.10 | F F | 1 2 | MATTER NAME: Tribune<br>REVIEWING E-MAIL FROM JOHN THEIL (.1);<br>CORRESPONDENCE TO MR. THEIL (.1) (FEE MATTERS) |
| 10/16/12 Tue | Green Sr., J 201210/25 | 0.20 | 0.20 | 108.00 | | | 1 | MATTER NAME: Tribune<br>REVIEWING FEE EXAMINERS FINAL REPORT (FEE MATTERS) |
| 11/02/12 Fri | Green Sr., J 201211/27 | 0.30 | 0.30 | 162.00 | | | 1 | MATTER NAME: Tribune<br>REVIEWING OMNIBUS ORDER APPROVING FEE APPLICATIONS FOR SEPTEMBER 1 - NOVEMBER 30, 2011 AND EXHIBIT A THERETO |
| 11/05/12 Mon | Green Sr., J 201211/28 | 0.50 | 0.50 | 270.00 | | | 1 | MATTER NAME: Tribune<br>REVIEWING AGENDA FOR NOVEMBER 7, 2012 HEARING |
| 11/06/12 Tue | Pappa, S 201211/29 | 0.50 | 0.50 | 62.50 | | | 1 | MATTER NAME: Tribune<br>DRAFT, FILE AND SERVE CERTIFICATE OF NO OBJECTION TO THE 12TH, 13TH MONTHLY AND 15TH QUARTERLY FEE APPLICATIONS |
| 11/13/12 Tue | Green Sr., J 201211/30 | 0.30 | 0.30 | 162.00 | | | 1 | MATTER NAME: Tribune<br>REVIEWING FEE EXAMINER'S PRELIMINARY REPORT (FEE MATTERS) |
| 11/19/12 Mon | Green Sr., J 201211/31 | 1.70 | 1.70 | 918.00 | 0.30 0.30 1.00 0.10 | F F F F | 1 2 3 4 | MATTER NAME: Tribune<br>REVIEWING FEE EXAMINER'S PRELIMINARY REPORT FOR THE 13TH INTERIM FEE APPLICATION (.3);<br>REVIEWING TIME RECORDS (.3);<br>DRAFT RESPONSE (1.0);<br>E-MAILS WITH JOHN THEIL (.1) (FEE MATTERS) |
| 11/28/12 Wed | Pappa, S 201211/32 | 0.80 | 0.80 | 100.00 | | | 1 | MATTER NAME: Tribune<br>REVISING FEE AUDITOR'S REPORT EXHIBITS |
| Total | | | 13.30 | $5,065.50 | | | | |
| Number of Entries: | 22 | | | | | | | |

~  See the last page of exhibit for explanation

EXHIBIT B

SVG RETENTION/COMPENSATION

Seitz Van Ogtrop & Green, P.A.

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Green Sr., J | 8.20 | 4,428.00 |
| Pappa, S | 5.10 | 637.50 |
| | 13.30 | $5,065.50 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune | 13.30 | 5,065.50 |
| | 13.30 | $5,065.50 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL