The United States Bankruptcy Court for the District of Delaware

Case 08-13141 (KJC) DOC 13469-1

Subject: Response to The organized debtors' supplemental objection

The Honorable Kevin J. Carey, United States Bankruptcy Judge

Dear Sir:

The following response is hereby submitted to the subject objection to the claim of Herbert Eye as filed by document 13496 on 04/22/2013.

1. In the preliminary statement Para.1, the identification that a health care plan with changed provider was being offered is not accurate in a strict sense. The plan offered required that the retiree give up his Medicare A and B and enter into a Medicare Advantage Program provided by Secure Horizons which at the time under Federal Law constituted an irrevocable loss of the traditional U. S. Medicare Health Program and the claim that this company provided even a modicum of availability under their program was completely false. Not a single provider in the entire region where I live would accept this plan and as a matter of course the plan no longer exists, having gone bankrupt itself. The failure of the company to offer any options or secondary insurance plan that was equivalent to, or even related to, a Blue Cross, Blue Shield secondary insurance augmenting Medicare made the program totally unfeasible.

2. In the statement of relevant background section C, paragraph 7, the reference to the appearance of the cost calculation is unclear and misleading. Due to the fact that any calculations and estimates were done based upon the only information available, the projected cost per month of the program offered was used. That cost was approximately $250.00 per month. Having been required to acquire Medicare part D to replace the drug coverage of the secondary plan and AARP secondary insurance to replace the secondary medical coverage of the plan, the actual cost per month is retrospect has been approximately $600.00 per month. This can either be seen as an actual basis for calculation since no viable insurance option was offered or the difference of $350.00 per month could be seen as the excess cost due to denial of coverage under a feasible plan. In both cases, the claim submitted is far smaller than what could have been claimed where the actual costs known.

3. The same section as the one before but Paragraph 9, the claim that the debtors council has engaged in discussions with me regarding a consensual resolution is not accurate. At no time has any offer to resolve this matter outside of the jurisdiction of the court been presented or discussed.

4. Under Argument paragraph 10, as is noted a "claim" in bankruptcy is a "right to payment" or a "right to an equitable remedy for breach of performance is such breach gives rises to a right to payment," 11 U.S.C. § 101(5). The "enforceable obligation" here was not the misrepresented claim that I wanted "lifetime free health care." The obligation was to offer an "insurance plan," albeit modified, that would act to provide secondary insurance to me as a retiree as promised. The offer to require me to give up my Medicare and join a "worst of all options" plan that was

rejected throughout by providers and was broadly rejected by all advisory sources because of their reputation, their unacceptability by providers, and the irrevocable loss of Medicare upon entry into such a plan under the Federal rules. The failure to offer an actual "insurance plan" as the secondary insurer behind Medicare to replace the like coverage lost, constitutes "… breach of performance…" in providing a retiree medical plan. I was never given an offer of "retiree healthcare benefits" on a shared cost basis. I was required to give up my primary insurance, pay an additional fee for reduced expanded coverage and lose all accessibility in my entire two State region due to the industry wide unacceptable nature of the sole option offered.

In closing, I would note that at no time have I claimed any "right" to "lifetime free medical care" as repeatedly purported throughout the documents. First, I had copays and uncovered costs inherent in the original plan. These are costs. Second, when the plan original was changed to increase required copays and drug payments, these changes were simply accepted as the normal course of current events. Finally, when all "secondary insurance" was cancelled and a "plan," that would have removed not only my secondary insurance but also greatly denigrated my primary care by forcing me into a disreputable (and now defunct) plan with no acceptance within the medical care community, was presented as a "take it or leave it" option, I had no choice but to personally replace at 100% personal cost, the promised benefits that were lost. As it turned out, the costs used to get a "best estimate" of future cost difference (based on the concept that the cost projected for me was 50% of the cost and that the company portion being denied would therefore represent a cost to be of approximately that same amount. The actual cost to me has been some 40% higher than this but I only claimed what was projected to be the amount being denied by the Company.

Respectfully submitted:

*[signature: Herbert E. Eye]*

Herbert E. Eye