IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Case No. 08-13141 (KJC) |
| | ) | (Jointly Administered) |
| TRIBUNE COMPANY, et al., | ) | |
| | ) | Chapter 11 |
| | ) | |
| | ) | Courtroom 5 |
| | ) | 824 Market Street |
| Debtors. | ) | Wilmington, Delaware |
| | ) | |
| | ) | May 7, 2013 |
| | ) | 2:00 p.m. |

TRANSCRIPT OF TELEPHONIC PROCEEDINGS
BEFORE THE HONORABLE JUDGE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

| | |
|---|---|
| For Debtors: | Sidley Austin, LLP |
| | BY: JAMES BENDERNAGEL, JR. ESQ. |
| | (202) 736-8136 |
| | BY: KEVIN LANTRY, ESQ. |
| | (213) 896-6022 |
| | BY: KERRIANN MILLS, ESQ. |
| | (312) 853-0036 |
| | BY: THOMAS E. ROSS, ESQ. |
| | (202) 736-8374 |
| | |
| | Cole, Schotz, Meisel, Forman |
| | & Leonard, P.A. |
| | BY: NORMAN L. PERNICK, ESQ. |
| | (302) 651-2000 |
| | BY: J. KATE STICKLES, ESQ. |
| | (302) 651-2001 |
| | |
| ECRO: | AL LUGANO |
| | |
| Transcription Service: | DIAZ DATA SERVICES, LLC |
| | 331 Schuylkill Street |
| | Harrisburg, Pennsylvania 17110 |
| | (717) 233-6664 |
| | www.diazdata.com |

Proceedings recorded by electronic sound recording;
transcript produced by transcription service

```
TELEPHONIC APPEARANCES:
 (Continued)
```

| | |
|---|---|
| For Deutsche Bank Trust<br>Company Americas: | McCarter & English<br>BY: DAVID J. ADLER, ESQ.<br>(212) 609-6847<br>BY: KATHARINE L. MAYER, ESQ.<br>(302) 984-6312 |
| For Interested Party<br>Dow Jones News Wires: | Dow Jones & Co.<br>BY:  PEG BRICKLEY, ESQ.<br>(215) 462-0953 |
| For U.S. Trustee: | Office of The United States<br>Trustee<br>BY:  DAVID J. BUCHBINDER, ESQ.<br>(302) 573-6491 |
| For Interested Party<br>Michael D'Agostino: | Bingham McCutchen, LLP<br>BY: MICHAEL D'AGOSTINO, ESQ.<br>(415) 393-2053 |
| For Certain Former<br>Directors and Officers: | Grippo & Elden, LLC<br>BY: GEORGE DOUGHERTY, ESQ.<br>(312) 704-7700 |
| For Debtors: | Tribune<br>BY: DAVE ELDERSVELD, ESQ.<br>(312) 222-4707<br>BY: GARY WEITMAN, ESQ.<br>(312) 222-3394 |
| For Interested Party<br>Benesch Friedlander Coplan<br>& Arnnoff, LLP: | Benesch Friedlander Coplan &<br>Arnnoff, LLP<br>BY: JENNIFER HOOVER, ESQ.<br>(302) 442-7010 |
| For Reorganized Debtors: | Jones Day<br>BY: JAMES O. JOHNSTON, ESQ.<br>(661) 670-8258<br>BY: JOSHUA M. MESTER, ESQ.<br>(213) 243-2508 |
| For Interested Party<br>Chadbourne & Parke: | Chadbourne & Parke, LLP<br>BY: DAVID LEMAY, ESQ.<br>(212) 408-5100 |
| For Interested Party<br>Bigelow: | Sperling & Slater<br>BY: GWEN NOLAN, ESQ.<br>(312) 641-3200 |

```
TELEPHONIC APPEARANCES:
(Continued)

For Law Debenture Trust        Bifferato & Gentilotti, LLC
Company of New York:           BY: GARVIN MCDANIEL, ESQ.
                               (302) 429-1900

                               Kasowitz Benson Torres &
                               Friedman
                               BY: DAVID ROSNER, ESQ.
                               (212) 506-1726
                               BY: MATTHEW STEIN, ESQ.
                               (212) 506-1717

For Creditor                   Brown Rudnick, LLP
Wilmington Trust:              BY: GORDON NOVOD, ESQ.
                               (212) 209-4940
                               BY: JAMES STOLL, ESQ.
                               (617) 856-8201

                               Sullivan Hazeltine Allinson,
                               LLC
                               BY: WILLIAM SULLIVAN, ESQ.
                               (302) 428-8191

For EGI-TRB, LLC:              Jenner & Block, LLP
                               BY: ANDREW VAIL, ESQ.
                               (312) 810-8688

For Interested Party          Davis Polk & Wardwell, LLP
JP Morgan Chase:              BY: ELI VONNEGUT, ESQ.
                               (212) 450-4331

For Interested Party          Aurelius Capital Management,
Matthew A. Zloto:             BY: MATTHEW A. ZLOTO, ESQ.
                               (646) 445-6518
```

1

1        WILMINGTON, DELAWARE, TUESDAY, MAY 7, 2013, 2:00 P.M.

2            THE CLERK:  Court is now in session.

3            THE COURT:  Good afternoon.  This is Judge Carey.

4    We're on the record in the related Tribune Company Chapter

5    11 proceedings to conduct a Status Conference concerning --

6    well, to serve as a follow-up to an earlier Conference we

7    had with respect to certain Applications for Allowance of

8    Substantial Contribution Claims and Related Matters.  I have

9    received an Agenda and a binder with a proposed form of

10   Order, along with position papers which have been submitted

11   on behalf of several of the parties.

12           With that, I suppose I'll turn the matter, at

13   least initially, over to Debtors' Counsel and then I'll hear

14   from others as well.

15           MR. JOHNSTON:  Thank you, Your Honor.  This is

16   Jim Johnston from Jones Day, on behalf of the Reorganized

17   Debtors.  Unless you have another way you'd like to approach

18   it, what I'd like to do is summarize where things stand and

19   then you can tell us how you'd like to proceed from there.

20           THE COURT:  That's fine.

21           MR. JOHNSTON:  Okay.  I'll start with the most

22   recent development.  As I indicated in the letter we

23   submitted yesterday, I think the parties really made a great

24   deal of progress since we were before you on the 24th, and

25   setting aside for a moment Law Debenture's apparent

1  Objection to the whole process and issues regarding

2  allocation of costs, the parties had negotiated a protocol

3  that would establish parameters for the work of the Rule 706

4  expert and we also had, I think, a general consensus on the

5  appointment of Judge Farnan as the expert itself.  Judge

6  Farnan is interested in these matters, he's conflict-free,

7  and he thinks he could do it reasonably and well within the

8  types of budget that I think people are contemplating, and

9  of course, we think that, with his experience in this

10  District in complex bankruptcy cases, he'd be an excellent

11  candidate.  It really goes without saying.  But here's the

12  catch.  I spoke again with Judge Farnan this morning and he

13  informed me that, after studying Rule 706, he wasn't

14  prepared to commit to the role of being a Court-appointed

15  expert.  I don't want to put words in his mouth, but what

16  appeared to concern him were the provisions of the Rule

17  providing for a Court-appointed expert to be subject to

18  depositions by the parties and be called to testify and

19  cross-examined at trial.  After reading the Rule, I can

20  certainly understand that concern, and frankly, I imagine

21  that would be a concern of any former Judge or someone

22  generally familiar with the position of a neutral, which, at

23  least to me, is exactly the pool of candidates that we think

24  could serve the function that I think Your Honor is looking

25  for.  Judge Farnan's reaction, combined with Law Debenture's

1  Objection to the process itself, it got me thinking about

2  other ways to accomplish what it is that I think Your Honor

3  wants to accomplish, which is to have someone else take a

4  first pass at the issues.  I think that was the phrase you

5  used last time we were together and I think we can get there

6  another way.  So if you indulge me for a moment, let me

7  outline what I'm thinking.

8          MR. ROSNER:  Your Honor?  And I apologize, Mr.

9  Johnston, for interjecting, it's David Rosner.

10          THE COURT:  Yes?

11          MR. ROSNER:  Just -- while Mr. Johnston was

12  speaking, the Court Call disconnected me for, and God, I'm

13  having a feedback on this line now too, for approximately, I

14  don't know, 45 seconds.  All I heard up to was Judge Farnan

15  did not think he could be an expert under Rule 706 and then

16  I got cut off.

17          THE COURT:  Well, you really -- you probably

18  pretty much got it all.

19          MR. ROSNER:  Okay.

20          THE COURT:  That's it in a nutshell.

21          MR. ROSNER:  Sorry for interrupting.

22          THE COURT:  Mr. Johnston, you may proceed.

23          MR. JOHNSTON:  Thank you, Your Honor.  And what I

24  suggest is that if you are interested in going down this

25  road, Your Honor employ Local Rule 9019 and/or 28 USC §654

1    that direct the parties to non-binding arbitration or

2    mediation, accompanied by call it a neutral evaluation or a

3    substantive written report.  You'll recall that we resisted

4    the idea of a plain vanilla mediation because we were

5    worried about going through the process and failing to reach

6    a deal.  In the ordinary course, that would put us and Your

7    Honor back at square one because a Mediator does not issue

8    -- typically does not issue any kind of a substantive report

9    or recommendation at the conclusion of a failed mediation

10   and that would really serve no one's interest because it

11   would cause delay and expense without furthering the

12   process, without achieving what Your Honor wants to achieve.

13   What I have in mind here is different.  The non-binding

14   Arbitrator or Mediator; I don't think the term makes a

15   difference in this context, would do exactly what we were

16   contemplating a Rule 706 expert would do; read the Briefs,

17   consider the evidence, hear from the parties, and then issue

18   a report and recommendation to Your Honor with respect to

19   the disputed fee matters.  I think that gets us to the same

20   objective, the first pass through the issues, without the

21   baggage of Rule 706 that concern Judge Farnan.  I think that

22   all of the same parameters and protocols we negotiated for a

23   Rule 706 expert could apply to the Mediator or Arbitrator in

24   this context and I think that Judge Farnan would be willing

25   to serve in that capacity.  So I apologize for throwing that

1   curve ball at you.  That is where things stand at the moment

2   with respect to Judge Farnan and the process.

3          Before I yield, let me just put the other issue

4   on the table.  You saw from the letters submitted yesterday

5   that there's disagreement on the issue of fees, who's going

6   to pay for this first and whether it's an expert or a

7   mediator or an arbitrator, both the allocation of fees among

8   the parties and the responsibility for paying fees in the

9   first instance.  On allocation, we think that a 50/50 split

10  with Reorganized Debtors paying half and the three Movants

11  paying the other half in some proportion is what makes sense

12  and would be fair under the circumstances.  Alternatively,

13  we've also proposed to defer decision on allocation and to

14  have the expert/mediator/arbitrator decide what's fair.  The

15  three Claimants have resisted this, as you saw.  They say

16  that the Reorganized Debtors should be allocated all, or

17  almost all, of the cost of the process and they also say

18  that the Reorganized Debtors should be responsible for

19  payment of all the fees up front.  Wilmington Trust says

20  that it would pay its share of distribution -- pay its share

21  from distribution paid on its claim, if there are any, and

22  that it would make up the difference itself if it doesn't

23  get any distribution.  Law Debenture and Deutsche Bank also

24  say they'd pay from their distribution, again, if there are

25  any, but they refuse to be responsible for any of the fees

1  if they wind up losing and don't get a distribution, or like

2  the winner pays system.  Needless to say, my client

3  disagrees with that sort of lopsided approach and I do have

4  a fair amount to say on the subject.  I'm happy to say my

5  piece now but I think let me pause and ask Your Honor how

6  you want to proceed from here.  I've set the stage.  I can

7  give you my advocacy but I will -- I'll pause and see how

8  you think best to go from here.

9         THE COURT:  All right.  Well, thank you.  I am

10  open to considering the alternatives that you suggest and

11  would like to hear from others with respect to that.

12         MR. STOLL:  Your Honor, this is James Stoll, from

13  Brown Rudnick, on behalf of Wilmington Trust.

14         THE COURT:  Go ahead.

15         MR. STOLL:  With respect to the first issue, I

16  think we're pretty agnostic.  I could envision all the

17  parties waiving any rights to depose or otherwise take

18  discovery from Judge Farnan under Rule 706 of that's an

19  easier approach.  The other approach sounds fine to us as

20  well.  So whatever way you want to go on that, I think we

21  can work with that under the protocol that we have otherwise

22  negotiated.

23         With respect to the fee issue, the allocation, do

24  you want me to address that now or do you want us to take

25  this in pieces?

1          THE COURT:  No, I mean I -- look, I read the

2   submissions on the fees.  We did have a discussion about

3   that at the first hearing.  The positions of the parties are

4   pretty clear to me.  I don't think I need anything further

5   unless there's something that you didn't tell me in your

6   submission that you'd like to tell me now.

7          MR. STOLL:  Yes, just a couple of points, Your

8   Honor.  One is that, you know, in as much as Wilmington

9   Trust has both a contractual right under the Indenture to be

10  reimbursed its fees for collection costs and that this

11  particular type of fee would ultimately be one of those

12  fees, and as well as that the case law provides for the

13  recovery of litigating such fees under a 503(b) Application,

14  although I see no case in Delaware that's gone one way or

15  the other on it, I think those two issues would counsel in

16  favor of the Debtor fronting these fees as opposed to

17  creating this either a circular approach or having us tag it

18  on at the end of our application.  I would point out that

19  the Debtor has otherwise, in the response or the Objection

20  to the unsecured Application, has already said that they

21  think a minimum claim of $5 million, which under the

22  distribution provision of the Plan would result in something

23  like on the order of $1.7 million of actual payments, that

24  that's their minimum number that they think -- or that's

25  their maximum number, that they think is the claim that

1  would be allowed.  So I think that the Debtors clearly

2  envision they're going to have to make some distribution and

3  there's already a reserve of some $9 million set up for the

4  unsecured claim of Wilmington Trust.  So it just seems, from

5  the standpoint of the ability of the parties to pay and the

6  mechanisms under the Plan, that there's a ready pool of cash

7  sitting there.  There's an acknowledgment that there will be

8  some payment and I do recognize that the Debtor has an

9  argument they don't owe anything -- won't owe anything as a

10  matter of law but -- and so I don't want to completely play

11  the Judge here myself but I do think they recognize that

12  there's going to be a minimum claim in an amount that would

13  exceed any amount that we would otherwise have an allocable

14  share for under the -- for the expert so that it does make

15  -- my position, makes most sense and is fairest to have the

16  Debtor use one of those mechanisms to front-end the

17  expenses, and only in the remotest event that there is no

18  recovery, does Wilmington thereafter have to come out-of-

19  pocket.  Thank you.

20          THE COURT:  Anyone else like to be heard?

21          MR. ROSNER:  Your Honor, this is David Rosner,

22  from Kasowitz Benson, for Law Debenture.  The only thing I

23  would say that the mediation, actually, I think if we use a

24  sitting Judge, I think that solves the fee problem because

25  then we wouldn't need to pay for the mediation itself, I

1  believe, and if that's an approach, and that's certainly an

2  approach that we endorse, and I would just say, I mean, it

3  would not be the first time in any precursor to a mediation

4  that one or more parties has said we don't think it's going

5  to be successful and we don't think we're going to want to

6  pay a lot of money, I don't think we would know that until

7  we sat in a room and if it took a day, I think it's very

8  useful and it could possibly save quite a bit of money.

9          THE COURT:  Well, I tell you --

10         MR. ROSNER:  As you said, I --

11         THE COURT:  -- truthfully, that I would be

12  reluctant to impose the pain of this exercise upon someone

13  who would not be paid for it.

14         MR. ROSENER:  Okay.  And so you -- as you said,

15  in our letter, we put forth our various points as to, you

16  know, the difficulties with the payment issue and the

17  problem with the payment issue.  I do think, and the only

18  thing I would add to what we've already written and that

19  you've already read, is that, you know, in a four-year

20  bankruptcy, the Debtors -- a Debtor enters bankruptcy and

21  gets tremendous rights and tremendous remedies and it's able

22  to restructure its business; it's able to do -- restructure

23  its balance sheet and it's been before Your Honor for four

24  years and Your Honor has given it the full protection of the

25  Bankruptcy Code, as one would expect.  And really, the cost

1  of going into bankruptcy and getting the relief that they --

2  that the Debtors have gotten, largely, the cost of that is

3  the fact that there are costs associated with it because

4  it's a Court proceeding, it's an adversarial proceeding.

5  Even things that are not adversarial still need to get done

6  through Motions that still need to get filed in Court and so

7  there's lawyers, and when things are adversarial, there's

8  experts.  In this instance, we're not asking the Debtors to

9  pay for our expert.  We're not asking the Debtors to pay for

10  somebody that we're bringing to the table.  I think, in this

11  instance, Your Honor has asked of the parties for the

12  appointment of somebody for the Court's benefit, for your

13  benefit.  And I think since -- you know, they've gotten the

14  benefit of being within this Court and all of the Court's

15  processes and protections.  Since it's the Court that's

16  reaching out for this expert/mediator or arbitrator, Special

17  Master or however you refer to it, that it would be

18  incumbent upon the Debtors to pay for this, particularly in

19  the instance in which the parties on the other side are

20  Indenture Trustees and do not have a source of payment.

21  That's the only thing I would add, Your Honor.

22            THE COURT:  All right.  Thank you.

23            MR. ADLER:  Your Honor, this is David Adler, from

24  McCarter & English, on behalf of DBTCA.  We generally join

25  with Mr. Rosner's comments.  The only thing I would add is

1    DBTCA is in a little bit of a different position than the

2    other Indenture Trustees in that, you know, it only has a

3    single claim in for reimbursement which is a claim pursuant

4    to Section 9.13 of the Plan and the Debtors have taken the

5    position that 9.13 doesn't authorize it.  It's pretty much a

6    straightforward legal determination so the issue that we

7    have is if DBTCA is going to be -- is going to go down this

8    route, obviously, we think that, you know, with the other

9    Indenture Trustees and the other issues that are involved,

10   you know, that the fees of the expert should be apportioned

11   accordingly.  And so that's really our single issue is that,

12   you know -- I should say since we only have a single issue

13   in the case, we think that, you know, we should not be

14   bearing the costs, you know, if the 50 percent were to be

15   locked up a third, a third, a third between the Indenture

16   Trustees, you know, we think that would be too high for

17   DBTCA.  So we're very mindful of the cost here and would,

18   you know, like to do something.  You know, in the first

19   instance that, you know, didn't involve any expense and if

20   we do have to, you know, pay an outside consultant or an

21   outside person to do this work, we would obviously believe

22   that we should not be paying a third of what the other

23   Indenture Trustees are paying.  Thank you.

24           THE COURT:  You know, I have to say --

25           MR. ROSNER:  Your Honor, this is --

1          THE COURT:  Just one moment.  After having heard

2    that last comment, you know, it's a -- I'm experiencing a

3    sense of -- I don't know, maybe the word's amusement.  I'm

4    not quite sure what the correct description would be, but

5    these are parties who literally spared no expense in

6    participating in the Chapter 11 proceeding for this period

7    of time that's been described, and now -- now you're on the

8    economy plan.  It just -- I don't say that to elicit

9    responses but I confess I'm unable to keep myself from

10   making that observation on the record.  Does anyone else

11   wish to be heard?

12          MR. BUCHBINDER:  Yes.  This is Dave Buchbinder,

13   on behalf of the U.S. Trustee, Your Honor.  We are in accord

14   with the version of the protocol that was submitted by

15   Debtors' Counsel in its letter, although hearing about Judge

16   Farman, that may or may not be a moot point.  With respect

17   to the proposal to modify the protocol to eliminate the

18   portions of 706 regarding depositions, I don't have any

19   authority on that and would have to consult with my client.

20          In terms of non-binding mediation, my observation

21   and what I must admit is limited experience with all of you

22   in this case, is that I'm not sure what non-binding

23   mediation would achieve because nobody would agree and we'd

24   be back in front of Your Honor.  That's just my observation

25   and we are not a party to the dispute on the cost

1  allocation.

2          THE COURT:  All right.  Thank you.  Is there

3  anyone from whom --

4          MR. ROSNER:  Your Honor, it's --

5          THE COURT:  -- I've not yet heard?

6          MR. ROSNER:  It's David Rosner.  I just -- I'm

7  sorry; was I interrupting you, Your Honor?

8          THE COURT:  Yes.  What I was going to say was is

9  there anyone from whom I have not yet heard who wishes to be

10 heard?

11         MR. BENDERNAGEL:  Your Honor, this is Jim

12 Bendernagel, and I'm not intervening to get into the fee

13 dispute or the like, I just want to point out something that

14 may be helpful to the Court.  In the *Columbia Gas*

15 bankruptcy, Judge Balick appointed Charles Normandin, of

16 Ropes & Gray, as essentially what she called a Claims

17 Mediator.  But he served a function that's almost identical

18 to what you're talking about here.  It was a much bigger set

19 of issues and there were evidentiary hearings and the like

20 before him and then he rendered a report.  It had to do with

21 the question of what the size of the claims of the various

22 oil producers or gas producers that were Creditors that

23 Columbia Gas had.  There was a fairly extensive hearing, set

24 of hearings, up in Boston before him and that he rendered

25 what was essentially an advisory Opinion to the Court and

1 she characterized him as Claims Mediator and so there is

2 some precedent for what Judge Farnan is talking about doing

3 alternatively to 706.  My recollection is there was no

4 cross-examination or discovery with respect to Normandin.

5 That would have never worked in that case, but I do think

6 there's precedent for what Mr. Johnston was describing and

7 we tried to dig out the Orders.  I know what the docket

8 numbers of the Orders are but this is 20 years ago and it's

9 just hard to pull the stuff up live.  We'll look for that

10 if, you know, you need additional citation authority for

11 doing this, but I do think this has been done before.

12 That's the only reason I intervened.

13           MR. JOHNSTON:  And, Your Honor, Jim Johnston

14 here.  You've heard from me.  I do have some points on the

15 fee matter if you'd like to hear them in response to what

16 was said.

17           THE COURT:  I don't at this point, but thank you,

18 Mr. Johnston.  Is there anything --

19           MR. ROSNER:  Your Honor, it's David Rosner.  You

20 have heard from me.  I just wanted to give one sentence on

21 what -- the comment that Your Honor just made.

22           THE COURT:  You mean after --

23           MR. ROSNER:  About on the work that was done

24 prior in the case by the Indenture Trustees, and that is

25 that, at the time that that work was done, there was a

1  charging lien under the Indenture that provided for Law

2  Debenture to be repaid for funds that were expended from

3  distributions that otherwise went out to the Bondholders.

4  So Law Debenture does not, under the Indenture, you know,

5  nor could it, expend any of its own source without a source

6  of recovery, which is what we proposed in our letter.

7              THE COURT:  I understand, Mr. Rosner.  All right.

8  Well, now that --

9              MR. ROSNER:  Thank you, Your Honor.

10             THE COURT:  -- we've reopened the discussion,

11  maybe I've come around all the way, and let me ask this

12  question and then I'll give the parties a chance to comment

13  on it.  Why don't I just either, for the so-called first

14  pass, send it to the Fee Examiner previously engaged in this

15  case or pick another Fee Examiner for the same purpose?  It

16  seems to me that would involve using someone who would have

17  expertise in doing this kind of thing, probably ought to be

18  a lawyer.  But secondly, it seems to me it might very well

19  keep the expenses down.  But I'll hear from all the parties.

20  Mr. Johnston, I'll start with you and we'll go back through

21  the list again.

22             MR. JOHNSTON:  Thank you, Your Honor, Jim

23  Johnston, for the Reorganized Debtors.  My reaction to that

24  is that I do not believe a Fee Examiner in this case, and

25  frankly, any Fee Examiner I've seen in this District, serves

1    that substantive role, and by substantive role, I mean

2    examination of the legal issues that are really at the core

3    of these Applications and Claims regarding entitlement to a

4    fee in the first place.  The Fee Examiner in this case, to

5    some degree, refused the reasonableness component and that's

6    certainly an aspect of the dispute here.  But an equal,

7    probably a bigger aspect is entitlement to payment in the

8    first instance and I take issue with Mr. Stoll's comments

9    earlier that the Debtors have somehow conceded a minimum

10   entitlement to a claim on behalf of Wilmington Trust.  We

11   haven't.  We have objected to both of Wilmington Trust's

12   Plans and there are some very important legal issues there

13   that, frankly, we think we have the better position on and I

14   do not believe that a Fee Examiner is necessarily in a

15   position to make even a first pass at those issues and so

16   the ultimate objective of giving Your Honor some guidance on

17   the issues that are going to be core to resolution of these

18   matters probably would not be served by appointing a Fee

19   Examiner to look at them.

20        THE COURT:  So what you're saying politely is

21   that idea is even worse than the first one I proposed?

22        MR. JOHNSTON:  I liked the first idea.  I get the

23   first idea and I get the appointment of Rule 706 and so

24   that's why I struggled to come up with a substitute that

25   would achieve the same objective.  And I will say, Your

1   Honor, that I think the concerns about amounts of the fee

2   for whatever this person is, whether it's a Fee Examiner or

3   expert or mediator, is probably overblown or is overblown.

4   Certainly, if we went with somebody like Judge Farnan, you

5   know, in talking to him, he's got a small shop.  They don't

6   charge New York rates.  He's got experience in other cases

7   that shows that the process didn't -- just wouldn't cost

8   that much and, frankly, I think we could get down to a range

9   along the lines of what was mentioned in Mr. Rosner's

10  letter.  So I'd like not to have concern over the amount of

11  the fee drive us to a place where, ultimately, you wind up

12  with a product that's not helpful to you.

13              THE COURT:  Thank you.  Mr. Stoll?

14              MR. STOLL:  Thank you, Your Honor.  Yes, I find

15  myself in the uncomfortable position perhaps of agreeing

16  with Mr. Johnston.  You know, other than the, you know, how

17  the fees get paid and when they get paid and in what order,

18  you know, we're okay with the original proposal, and again,

19  I think we all could agree to modify our litigiousness, vis-

20  à-vis, the expert in any event.  I always looked at this as

21  a Magistrate-like appointment anyway, at least that's the

22  way we're approaching it.  So I don't think that going to

23  yet a third party is necessary.

24              THE COURT:  All right.  Thank you.  Mr. Adler?

25  I'm sorry, Mr. Rosner.

1          MR. ROSNER:  I mean I don't really feel strongly

2    about it.  I would be okay with it if that's what Your Honor

3    wanted to do.

4          THE COURT:  Mr. Adler?

5          MR. ADLER:  DBTCA is okay with the proposal of a

6    Fee Examiner.

7          THE COURT:  Mr. Buchbinder?

8          MR. BUCHBINDER:  Yes, Your Honor.  I share some

9    of Mr. Johnston's concerns.  I think that there are a number

10   of questions here which are more questions of law as opposed

11   to questions of fact and even where they might be mixed

12   questions, they are bordering more towards legal questions

13   as opposed to fact questions.  So I'm not sure that a Fee

14   Examiner could deal with that aspect of the situation but it

15   does give me an idea to suggest.  Perhaps the parties could

16   agree on questions of law that are purely questions of law

17   that might be threshold issues that could be argued for and

18   determined by the Court first, and if the Court determines

19   that there is going to be substantial contribution

20   compensation or other compensation that's been applied for

21   in the subject of the Objections, then perhaps at that point

22   in time, a Fee Examiner could be appointed to review the

23   Applications for vagueness and guamping and so forth.  That

24   might be viable and I'll throw that one on the table.  But I

25   don't think a Fee Examiner to deal with questions of law is

1  a good idea.

2          THE COURT:  All right.  Thank you.  Well, I need

3  to devote more thought to this and will do so.  I see that

4  Tribune has an Omnibus hearing coming up on May 22nd.  We'll

5  carry this status to that day and time, and hopefully by

6  that time, I will have reached a decision about how to move

7  forward.  To the extent that I decide I will stay with the

8  706 avenue, and I'm not sure that I will, I am inclined to

9  take the suggestion that I issue a Rule to Show Cause.  So

10  formally, parties will have a chance to weigh in just so

11  that we satisfy any due process concerns anyone may have.

12  Are there any questions or is there anything further?

13              (No audible response)

14          THE COURT:  All right.  I hear no response.

15  Thank you all very much.  That concludes this hearing.

16  Court will stand adjourned.

17      (Whereupon at 2:31 p.m., the hearing was adjourned)

18

19                  CERTIFICATION

20          I  certify  that  the  foregoing  is  a  correct

21  transcript  from  the  electronic  sound  recording  of  the

22  proceedings in the above-entitled matter.

23
24
25
26  _____        _8 May 2013_
27  Tammy Kelly, Transcriber                     Date
28  Diaz Data Services, LLC

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|

**ability**(1) 11:5
**able**(2) 12:21 12:22
**about**(10) 6:1 7:5 10:2 15:15 16:18 17:2 17:23 20:1 21:2 22:6

**above-entitled**(1) 22:23
**accompanied**(1) 7:2
**accomplish**(2) 6:2 6:3
**accord**(1) 15:13
**accordingly**(1) 14:11
**achieve**(3) 7:12 15:23 19:25
**achieving**(1) 7:12
**acknowledgment**(1) 11:7
**actual**(1) 10:23
**actually**(1) 11:23
**add**(3) 12:18 13:21 13:25
**additional**(1) 17:10
**address**(1) 9:24
**adjourned**(2) 22:16 22:18
**adler**(6) 2:5 13:23 13:23 20:24 21:4 21:5
**administered**(1) 1:6
**admit**(1) 15:21
**adversarial**(3) 13:4 13:5 13:7
**advisory**(1) 16:25
**advocacy**(1) 9:7
**after**(4) 5:13 5:19 15:1 17:22
**afternoon**(1) 4:3
**again**(4) 5:12 8:24 18:21 20:18
**agenda**(1) 4:9
**agnostic**(1) 9:16
**ago**(1) 17:8
**agree**(3) 15:23 20:19 21:16
**agreeing**(1) 20:15
**ahead**(1) 9:14
**all**(20) 6:14 6:18 7:22 8:16 8:17 8:19 9:9 9:16 13:14 13:22 15:21 16:2 18:7 18:11 18:19 20:19 20:24 22:2 22:14 22:15

**allinson**(1) 3:21
**allocable**(1) 11:13
**allocated**(1) 8:16
**allocation**(6) 5:2 8:7 8:9 8:13 9:23 16:1
**allowance**(1) 4:7
**allowed**(1) 11:1
**almost**(2) 8:17 16:17
**along**(2) 4:10 20:9
**already**(4) 10:20 11:3 12:18 12:19
**also**(4) 5:4 8:13 8:17 8:23
**alternatively**(2) 8:12 17:3
**alternatives**(1) 9:10
**although**(2) 10:14 15:15
**always**(1) 20:20
**americas**(1) 2:5
**among**(1) 8:7
**amount**(4) 9:4 11:12 11:13 20:10
**amounts**(1) 20:1
**amusement**(1) 15:3
**and**(122) 2:24 4:8 4:9 4:13 4:18 4:24 5:1 5:4 5:7 5:7 5:8 5:12 5:18 5:18 5:20 6:5 6:8 6:12 6:15 6:23 7:5 7:6 7:12 7:17 7:18 7:22 7:24 8:2 8:6 8:8 8:10 8:12 8:13 8:17 8:21 8:23 9:1 9:3 9:5 9:7 9:10 10:10 10:12 11:2 11:5 11:8 11:10 11:15 11:17 12:1 12:1 12:2 12:5 12:7 12:8 12:14 12:16 12:17 12:18 12:20 12:21 12:21 12:23 12:24 12:25 13:1 13:6 13:7 13:13 13:14 13:15 13:20 14:4 14:9 14:11 14:14 14:19 15:7 15:19 15:21 15:23 15:25 16:12 16:19 16:19 16:20 16:24 16:25 17:1 17:6 17:8 17:13 17:24 18:11 18:12 18:20 18:24 19:1 19:3 19:5 19:8 19:12 19:13 19:15 19:23 19:23 19:25 20:8 20:17 20:17 20:18 21:11 21:17 21:18 21:21 21:23 21:23 21:24 22:3 22:5 22:5 22:8

**and/or**(1) 6:25
**andrew**(1) 3:27
**another**(3) 4:17 6:6 18:15

**any**(16) 5:21 7:8 8:21 8:23 8:25 8:25 9:17 11:13 12:3 14:19 15:18 18:5 18:25 20:20 22:11 22:12

**anyone**(5) 11:20 15:10 16:3 16:9 22:11
**anything**(5) 10:4 11:9 11:9 17:18 22:12
**anyway**(1) 20:21
**apologize**(2) 6:8 7:25
**apparent**(1) 4:25
**appearances**(2) 2:1 3:1
**appeared**(1) 5:16
**application**(3) 10:13 10:18 10:20
**applications**(3) 4:7 19:3 21:23
**applied**(1) 21:20
**apply**(1) 7:23
**appointed**(2) 16:15 21:22
**appointing**(1) 19:18
**appointment**(4) 5:5 13:12 19:23 20:21
**apportioned**(1) 14:10
**approach**(7) 4:17 9:3 9:19 9:19 10:17 12:1 12:2

**approaching**(1) 20:22
**approximately**(1) 6:13
**arbitration**(1) 7:1
**arbitrator**(5) 7:14 7:23 8:7 13:16
**are**(23) 5:8 6:24 8:21 8:24 10:3 13:3 13:5 13:7 13:19 14:9 14:23 15:5 15:13 15:25 17:8 19:2 19:12 19:17 21:9 21:10 21:12 21:16 22:12

**argued**(1) 21:17
**argument**(1) 11:9
**arnoff**(2) 2:34 2:35
**around**(1) 18:11
**aside**(1) 4:25
**ask**(2) 9:5 18:11
**asked**(1) 13:11
**asking**(3) 13:8 13:9
**aspect**(3) 19:6 19:7 21:14
**associated**(1) 13:3
**audible**(1) 22:13
**aurelius**(1) 3:35
**austin**(1) 1:22
**authority**(2) 15:19 17:10
**authorize**(1) 14:5
**avenue**(1) 22:8

**back**(3) 7:7 15:24 18:20
**baggage**(1) 7:21
**balance**(1) 12:23
**balick**(1) 16:15
**ball**(1) 8:1
**bank**(2) 2:4 8:23
**bankruptcy**(8) 1:1 1:19 5:10 12:20 12:20 12:25 13:1 16:15

**bearing**(1) 14:14
**because**(6) 7:4 7:7 7:10 11:24 13:3 15:23
**been**(5) 4:10 13:25 15:7 17:11 21:20
**before**(7) 1:18 4:24 8:3 12:23 16:20 16:24 17:11

**behalf**(6) 4:11 4:16 9:13 13:24 15:13
**being**(2) 5:14 13:14
**believe**(1) 12:21
**bendernagel**(3) 1:23 16:11 16:12
**benesch**(2) 2:33 2:34
**benson**(2) 3:8 11:22
**best**(1) 9:8
**better**(1) 19:13
**between**(1) 14:15
**bifferato**(1) 3:4
**bigelow**(1) 2:49
**bigger**(2) 16:18 19:7
**binder**(1) 4:9
**bingham**(1) 2:19
**bit**(2) 12:8 14:1
**block**(1) 3:26

**bondholders**(1) 18:3
**bordering**(1) 21:12
**boston**(1) 16:24
**both**(3) 8:7 10:9 19:11
**brickley**(1) 2:11
**briefs**(1) 7:16
**bringing**(1) 13:10
**brown**(2) 3:15 9:13
**buchbinder**(5) 2:16 15:12 15:12 21:7 21:8
**budget**(1) 5:8
**business**(1) 12:22
**but**(19) 5:11 5:15 8:25 9:5 9:7 11:10 11:11 15:4 15:9 16:7 17:5 17:8 17:11 17:17 18:18 18:19 19:6 21:14 21:24

**call**(2) 6:12 7:2
**called**(2) 5:18 16:16
**can**(5) 4:19 5:19 6:5 9:6 9:21
**candidate**(1) 5:11
**candidates**(1) 5:23
**capacity**(1) 7:25
**capital**(1) 3:35
**carey**(2) 1:18 4:3
**carry**(1) 22:5
**case**(10) 1:5 10:12 10:14 14:13 15:22 17:5 17:24 18:15 18:24 19:4

**cases**(2) 5:10 20:6
**cash**(1) 11:6
**catch**(1) 5:12
**cause**(2) 7:11 22:9
**certain**(2) 2:23 4:7
**certainly**(4) 5:20 12:1 19:6 20:4
**certification**(1) 22:20
**certify**(1) 22:21
**chadbourne**(2) 2:44 2:45
**chance**(2) 18:12 22:10
**chapter**(1) 1:8 4:4 15:6
**characterized**(1) 17:1
**charge**(1) 20:6
**charging**(1) 18:1
**charles**(1) 16:15
**chase**(1) 3:31
**circular**(1) 10:17
**circumstances**(1) 8:12
**citation**(1) 17:10
**claim**(8) 8:21 10:21 10:25 11:4 11:12 14:3 14:3 19:10

**claimants**(1) 8:15
**claims**(5) 4:8 16:16 16:21 17:1 19:3
**clear**(1) 10:4
**clearly**(1) 11:1
**clerk**(1) 4:2
**client**(2) 9:2 15:19
**code**(1) 12:25
**cole**(1) 1:32
**collection**(1) 10:10
**columbia**(2) 16:14 16:23
**combined**(1) 5:25
**come**(3) 11:18 18:11 19:24
**coming**(1) 22:4
**comment**(3) 15:2 17:21 18:12
**comments**(2) 13:25 19:8
**commit**(1) 5:14
**company**(4) 1:7 2:5 3:5 4:4
**compensation**(2) 21:20 21:20
**completely**(1) 11:10
**complex**(1) 5:10
**component**(1) 19:5
**conceded**(1) 11:9
**concern**(5) 5:16 5:20 5:21 7:21 20:10
**concerning**(1) 4:5
**concerns**(3) 20:1 21:9 22:11
**concludes**(1) 22:15
**conclusion**(1) 7:9
**conduct**(1) 4:5
**conference**(2) 4:5 4:6
**confess**(1) 15:9

**conflict-free**(1) 5:6
**consensus**(1) 5:4
**consider**(1) 7:17
**considering**(1) 9:10
**consult**(1) 15:19
**consultant**(1) 14:20
**contemplating**(2) 5:8 7:16
**context**(2) 7:15 7:24
**continued**(2) 2:2 3:2
**contractual**(1) 10:9
**contribution**(2) 4:8 21:19
**coplan**(2) 2:33 2:34
**core**(2) 19:2 19:17
**correct**(3) 15:4 22:21
**cost**(6) 8:17 12:25 13:2 14:17 15:25 20:7
**costs**(4) 5:2 10:10 13:3 14:14
**could**(13) 5:7 5:24 6:15 7:23 9:16 12:8 18:5 20:8 20:19 21:14 21:15 21:17 21:22

**counsel**(3) 4:13 10:15 15:15
**couple**(1) 10:7
**course**(2) 5:9 7:6
**court**(41) 1:1 4:2 4:3 4:20 6:10 6:12 6:17 6:20 6:22 9:9 9:14 10:1 11:20 12:9 12:11 13:4 13:6 13:14 13:15 13:22 14:24 15:1 16:2 16:5 16:8 16:14 16:25 17:17 17:22 18:7 18:10 19:20 20:13 20:24 21:4 21:7 21:18 21:18 22:2 22:14 22:16

**court-appointed**(2) 5:14 5:17
**courtroom**(1) 1:10
**court's**(2) 13:12 13:14
**creating**(1) 10:17
**creditor**(1) 3:15
**creditors**(1) 16:22
**cross-examination**(1) 17:4
**cross-examined**(1) 5:19
**curve**(1) 8:1
**cut**(1) 6:16
**data**(1) 1:41
**date**(1) 22:28
**dave**(2) 2:28 15:12
**david**(9) 2:5 2:16 2:45 3:10 6:9 11:21 13:23 16:6 17:19

**davis**(1) 3:30
**day**(4) 2:38 4:16 12:7 22:5
**dbtca**(5) 13:24 14:1 14:7 14:17 21:5
**deal**(4) 4:24 7:6 21:14 21:25
**debenture**(5) 3:4 8:23 11:22 18:2 18:4
**debenture's**(2) 4:25 5:25
**debtor**(5) 10:16 10:19 11:8 11:16 12:20
**debtors**(17) 1:12 1:22 2:27 2:38 4:17 8:10 8:16 8:18 11:1 12:20 13:2 13:8 13:9 13:18 14:4 18:23 19:9

**debtors'**(2) 4:13 15:15
**decide**(2) 8:14 22:7
**decision**(2) 8:13 22:6
**defer**(1) 8:13
**degree**(1) 19:5
**delaware**(4) 1:2 1:12 4:1 10:14
**delay**(1) 7:11
**depose**(1) 9:17
**depositions**(2) 5:18 15:18
**described**(1) 15:7
**describing**(1) 17:6
**description**(1) 15:4
**determination**(1) 14:6
**determined**(1) 21:18
**determines**(1) 21:18
**deutsche**(2) 2:4 8:23
**development**(1) 4:22
**devote**(1) 22:3
**diaz**(1) 1:41
**did**(2) 6:15 10:2
**didn't**(3) 10:5 14:19 20:7
**difference**(2) 7:15 8:22
**different**(2) 7:13 14:1

| Word | Page:Line |
|---|---|
| **difficulties**(1) 12:16 | |
| **dig**(1) 17:7 | |
| **direct**(1) 7:1 | |
| **directors**(1) 2:24 | |
| **disagreement**(1) 8:5 | |
| **disagrees**(1) 9:3 | |
| **disconnected**(1) 6:12 | |
| **discovery**(2) 9:18 17:4 | |
| **discussion**(2) 10:2 18:10 | |
| **dispute**(3) 15:25 16:13 19:6 | |
| **disputed**(1) 7:19 | |
| **distribution**(7) 8:20 8:21 8:23 8:24 9:1 10:22 11:2 | |
| **distributions**(1) 18:3 | |
| **district**(3) 1:2 5:10 18:25 | |
| **docket**(1) 17:7 | |
| **does**(7) 7:7 7:8 11:14 11:18 15:10 18:4 21:15 | |
| **doesn't**(2) 8:22 14:5 | |
| **doing**(3) 17:2 17:11 18:17 | |
| **done**(4) 13:5 17:11 17:23 17:25 | |
| **don't**(19) 5:15 6:14 7:14 9:1 10:4 11:9 11:10 12:4 12:5 12:6 15:3 15:8 15:18 17:17 18:13 20:5 20:22 21:1 21:25 | |
| **dougherty**(1) 2:24 | |
| **dow**(2) 2:10 2:11 | |
| **down**(4) 6:24 14:7 18:19 20:8 | |
| **drive**(1) 20:11 | |
| **due**(1) 22:11 | |
| **d'agostino**(2) 2:20 2:20 | |
| **earlier**(2) 4:6 19:9 | |
| **easier**(1) 9:19 | |
| **economy**(1) 15:8 | |
| **ecro**(1) 1:39 | |
| **egi-trb**(1) 3:26 | |
| **either**(2) 10:17 18:13 | |
| **elden**(1) 2:23 | |
| **eldersveld**(1) 2:28 | |
| **electronic**(1) 1:47 22:22 | |
| **eli**(1) 3:31 | |
| **elicit**(1) 15:8 | |
| **eliminate**(1) 15:17 | |
| **else**(3) 6:3 11:20 15:10 | |
| **employ**(1) 6:25 | |
| **end**(1) 10:18 | |
| **endorse**(1) 12:2 | |
| **engaged**(1) 18:14 | |
| **english**(2) 2:4 13:24 | |
| **enters**(1) 12:20 | |
| **entitlement**(3) 19:3 19:7 19:10 | |
| **envision**(2) 9:16 11:2 | |
| **equal**(1) 19:6 | |
| **esq**(28) 1:23 1:25 1:27 1:29 1:34 1:36 2:5 2:7 2:11 2:16 2:20 2:24 2:28 2:30 2:35 2:39 2:41 2:45 2:49 3:5 3:10 3:12 3:16 3:18 3:23 3:27 3:31 3:36 | |
| **essentially**(2) 16:16 16:25 | |
| **establish**(1) 5:3 | |
| **evaluation**(1) 7:2 | |
| **even**(4) 13:5 19:15 19:21 21:11 | |
| **event**(2) 11:17 20:20 | |
| **evidence**(1) 7:17 | |
| **evidentiary**(1) 16:19 | |
| **exactly**(2) 5:23 7:15 | |
| **examination**(1) 19:2 | |
| **examiner**(12) 18:14 18:15 18:24 18:25 19:4 19:14 19:19 20:2 21:6 21:14 21:22 21:25 | |
| **exceed**(1) 11:13 | |
| **excellent**(1) 5:10 | |
| **exercise**(1) 12:12 | |
| **expect**(1) 12:25 | |
| **expend**(1) 18:5 | |
| **expended**(1) 18:2 | |
| **expense**(3) 7:11 14:19 15:5 | |

| Word | Page:Line |
|---|---|
| **expenses**(2) 11:17 18:19 | |
| **experience**(1) 15:2 | |
| **experiencing**(1) 15:2 | |
| **expert**(13) 5:4 5:5 5:15 5:17 6:15 7:16 7:23 8:6 11:14 13:9 14:10 20:3 20:20 | |
| **expert/mediator**(1) 13:16 | |
| **expert/mediator/arbitrator**(1) 8:14 | |
| **expertise**(1) 18:17 | |
| **experts**(1) 13:8 | |
| **extensive**(1) 16:23 | |
| **extent**(1) 22:7 | |
| **fact**(3) 13:3 21:11 21:13 | |
| **failed**(1) 7:9 | |
| **failing**(1) 7:5 | |
| **fair**(3) 8:12 8:14 9:4 | |
| **fairest**(1) 11:15 | |
| **fairly**(1) 16:23 | |
| **familiar**(1) 5:22 | |
| **farman**(1) 15:16 | |
| **farnan**(10) 5:5 5:6 5:12 6:14 7:21 7:24 8:2 9:18 17:2 20:4 | |
| **farnan's**(1) 5:25 | |
| **favor**(1) 10:11 | |
| **fee**(21) 7:19 9:23 10:11 11:24 16:12 17:15 18:14 18:15 18:24 18:25 19:4 19:4 19:14 19:18 20:1 20:2 20:11 21:6 21:13 21:22 21:25 | |
| **feedback**(1) 6:13 | |
| **feel**(1) 21:1 | |
| **fees**(12) 8:5 8:7 8:8 8:19 8:25 10:2 10:10 10:12 10:13 10:16 14:10 20:17 | |
| **filed**(1) 13:6 | |
| **find**(1) 20:14 | |
| **fine**(2) 4:20 9:19 | |
| **first**(16) 6:4 7:20 8:6 8:9 9:15 10:3 12:3 14:18 18:13 19:4 19:8 19:15 19:21 19:22 19:23 21:18 | |
| **follow-up**(1) 4:6 | |
| **for**(65) 1:2 1:22 2:4 2:10 2:14 2:19 2:23 2:27 2:23 2:38 2:44 2:48 3:4 3:15 3:26 3:30 3:35 4:7 4:25 5:3 5:17 5:25 6:6 6:9 6:12 6:13 6:21 7:22 7:25 8:6 8:8 8:18 8:25 10:10 10:12 11:3 11:14 11:14 11:22 11:25 12:13 12:23 13:9 13:9 13:11 13:12 13:12 13:16 13:18 14:3 14:16 15:6 17:2 17:6 17:9 17:10 18:1 18:2 18:13 18:15 18:23 20:2 21:17 21:20 21:23 | |
| **foregoing**(1) 22:21 | |
| **form**(1) 4:9 | |
| **formally**(1) 22:10 | |
| **forman**(1) 1:32 | |
| **former**(2) 2:23 5:21 | |
| **forth**(2) 12:15 21:23 | |
| **forward**(1) 22:7 | |
| **four**(1) 12:23 | |
| **four-year**(1) 12:19 | |
| **frankly**(4) 5:20 18:25 19:13 20:8 | |
| **friedlander**(1) 2:33 2:34 | |
| **friedman**(1) 3:9 | |
| **from**(23) 4:14 4:16 4:19 7:17 8:4 8:21 8:24 9:6 9:8 9:11 9:12 9:18 11:4 11:22 13:23 13:9 16:3 16:9 17:14 17:20 18:2 18:19 22:22 | |
| **front**(2) 8:19 15:24 | |
| **front-end**(1) 11:16 | |
| **fronting**(1) 10:16 | |
| **full**(1) 22:5 | |
| **function**(2) 5:24 16:17 | |
| **funds**(1) 18:2 | |
| **further**(2) 10:4 22:12 | |
| **furthering**(1) 7:11 | |
| **garvin**(1) 3:5 | |
| **gary**(1) 2:30 | |
| **gas**(3) 16:14 16:22 16:23 | |

| Word | Page:Line |
|---|---|
| **general**(1) 5:4 | |
| **generally**(2) 5:22 13:24 | |
| **gentilotti**(1) 3:4 | |
| **george**(1) 2:24 | |
| **get**(11) 6:5 8:23 9:1 13:5 13:6 16:12 19:22 19:23 20:8 20:17 20:17 | |
| **gets**(2) 7:19 12:21 | |
| **getting**(1) 13:1 | |
| **give**(4) 9:7 17:20 18:12 21:15 | |
| **given**(1) 12:24 | |
| **giving**(1) 19:16 | |
| **god**(1) 6:12 | |
| **goes**(1) 5:11 | |
| **going**(14) 6:24 7:5 8:5 11:2 11:12 12:4 12:5 13:1 14:7 14:7 16:8 19:17 20:22 21:19 | |
| **gone**(1) 10:14 | |
| **good**(2) 4:3 22:1 | |
| **gordon**(1) 3:16 | |
| **got**(5) 6:1 6:16 6:18 20:5 20:6 | |
| **gotten**(2) 13:2 13:13 | |
| **gray**(1) 16:16 | |
| **great**(1) 4:23 | |
| **grippo**(1) 2:23 | |
| **guamping**(1) 21:23 | |
| **guidance**(1) 19:16 | |
| **gwen**(1) 2:49 | |
| **had**(5) 4:7 5:2 5:4 16:20 16:23 | |
| **half**(2) 8:10 8:11 | |
| **happy**(1) 9:4 | |
| **hard**(1) 17:9 | |
| **harrisburg**(1) 1:43 | |
| **has**(10) 10:9 10:19 10:20 11:8 12:4 12:24 13:11 14:2 17:11 22:4 | |
| **haven't**(1) 19:11 | |
| **having**(5) 6:13 10:17 15:1 | |
| **hazeltine**(1) 3:21 | |
| **hear**(4) 4:13 7:17 9:11 17:15 18:19 22:14 | |
| **heard**(9) 6:14 11:20 15:1 15:11 16:5 16:9 16:10 17:14 17:20 | |
| **hearing**(6) 10:3 15:15 16:23 22:4 22:15 22:18 | |
| **hearings**(2) 16:19 16:24 | |
| **helpful**(2) 16:14 20:12 | |
| **here**(9) 7:13 9:6 9:8 11:11 14:17 16:18 17:14 19:6 21:1 | |
| **here's**(1) 5:11 | |
| **he'd**(1) 5:10 | |
| **he's**(3) 5:6 20:5 20:6 | |
| **high**(1) 14:16 | |
| **him**(5) 5:16 16:20 16:24 17:1 20:5 | |
| **his**(2) 5:9 5:15 | |
| **honor**(34) 4:15 5:24 6:2 6:8 6:23 6:25 7:7 7:12 7:18 9:5 9:12 10:8 11:21 12:23 12:24 13:11 13:21 13:23 14:25 15:13 15:24 16:4 16:7 16:11 17:13 17:19 17:21 18:9 18:22 19:16 20:1 20:14 21:2 21:8 | |
| **honorable**(1) 1:18 | |
| **hoover**(1) 2:35 | |
| **hopefully**(1) 17:2 | |
| **how**(5) 4:19 9:5 9:7 20:16 22:6 | |
| **however**(1) 13:17 | |
| **idea**(6) 7:4 19:21 19:22 19:23 21:15 22:1 | |
| **identical**(1) 16:17 | |
| **imagine**(1) 5:20 | |
| **important**(1) 19:12 | |
| **impose**(1) 12:12 | |

| Word | Page:Line |
|---|---|
| **inclined**(1) 22:8 | |
| **incumbent**(1) 13:18 | |
| **indenture**(9) 10:9 13:20 14:2 14:9 14:15 14:23 17:24 18:1 18:4 | |
| **indicated**(1) 4:22 | |
| **indulge**(1) 6:6 | |
| **informed**(1) 5:13 | |
| **initially**(1) 4:13 | |
| **instance**(6) 8:9 13:8 13:11 13:19 14:19 | |
| **interest**(1) 7:10 | |
| **interested**(9) 2:10 2:19 2:33 2:44 2:48 3:30 3:35 5:6 6:24 | |
| **interjecting**(1) 6:9 | |
| **interrupting**(2) 6:21 16:7 | |
| **intervened**(1) 17:12 | |
| **intervening**(1) 16:12 | |
| **into**(2) 13:1 16:12 | |
| **involve**(2) 14:19 18:16 | |
| **involved**(1) 14:9 | |
| **issue**(14) 7:7 7:8 7:17 8:3 8:5 9:15 9:23 12:16 12:17 14:6 14:11 14:12 19:8 22:9 | |
| **issues**(11) 5:1 6:4 7:20 10:15 14:9 16:19 19:2 19:12 19:15 19:17 21:17 | |
| **its**(8) 8:20 8:20 8:21 10:10 12:22 12:23 15:15 18:5 | |
| **itself**(4) 5:5 6:1 8:22 11:25 | |
| **it's**(17) 6:9 8:6 12:4 12:7 12:21 12:22 12:23 13:4 13:4 13:15 14:5 15:2 16:4 16:6 17:8 17:19 20:2 | |
| **i'd**(2) 4:18 20:10 | |
| **i'll**(8) 4:12 4:13 4:21 9:7 18:12 18:19 18:20 21:24 | |
| **i'm**(12) 6:7 6:12 9:4 15:2 15:3 15:9 15:22 16:6 16:12 20:25 21:13 22:8 | |
| **i've**(6) 6:5 16:5 18:11 18:25 | |
| **james**(4) 1:23 2:39 3:18 9:12 | |
| **jenner**(1) 3:26 | |
| **jennifer**(1) 2:35 | |
| **jim**(4) 4:16 16:11 17:13 18:22 | |
| **johnston**(17) 2:39 4:15 4:16 4:21 6:9 6:11 6:22 6:23 17:6 17:13 17:13 17:18 18:20 18:22 18:23 19:22 20:16 | |
| **johnston's**(1) 21:9 | |
| **join**(1) 13:24 | |
| **jointly**(1) 1:6 | |
| **jones**(4) 2:10 2:11 2:38 4:16 | |
| **joshua**(1) 2:41 | |
| **judge**(19) 1:18 1:19 4:3 5:5 5:5 5:12 5:21 5:25 6:14 7:21 7:24 8:2 9:18 11:11 11:24 15:15 16:15 17:22 20:4 | |
| **just**(16) 6:11 8:3 10:7 11:4 12:2 15:1 15:8 15:24 16:6 16:13 17:9 17:20 17:21 18:13 20:7 22:10 | |
| **kasowitz**(2) 3:8 11:22 | |
| **kate**(1) 1:36 | |
| **katharine**(1) 2:7 | |
| **keep**(2) 15:9 18:19 | |
| **kelly**(1) 22:28 | |
| **kerriann**(1) 1:27 | |
| **kevin**(2) 1:18 1:25 | |
| **kind**(2) 7:8 18:17 | |
| **kjc**(1) 1:5 | |
| **know**(27) 6:14 10:8 12:6 12:16 12:19 13:13 14:2 14:8 14:10 14:12 14:13 14:14 15:2 14:8 14:18 14:19 14:20 15:22 15:3 17:7 17:10 18:4 20:5 20:16 20:16 20:18 | |
| **lantry**(1) 1:25 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| largely(1) 13:2 | | mixed(1) 21:11 | | out-of(1) 11:18 | | processes(1) 13:15 | |
| last(2) 6:5 15:2 | | modify(2) 15:17 20:19 | | outline(1) 6:7 | | produced(1) 1:48 | |
| law(13) 3:4 4:25 5:25 8:23 10:12 11:10 | | moment(4) 4:25 6:6 8:1 15:1 | | outside(3) 14:20 14:21 | | producers(2) 16:22 16:22 | |
| 11:22 18:1 18:4 21:10 21:16 21:16 21:25 | | money(2) 12:6 12:8 | | over(2) 4:13 20:10 | | product(1) 20:12 | |
| | | moot(1) 15:16 | | overblown(2) 20:3 20:3 | | progress(1) 4:24 | |
| lawyer(1) 18:18 | | more(4) 12:4 21:10 21:12 22:3 | | owe(2) 11:9 11:9 | | proportion(1) 18:15 | |
| lawyers(1) 13:7 | | morgan(1) 3:31 | | own(1) 18:5 | | proposal(3) 15:17 20:18 21:5 | |
| least(3) 4:13 5:23 20:21 | | morning(1) 5:12 | | | | proposed(4) 4:9 8:13 18:6 19:21 | |
| legal(4) 14:6 19:2 19:12 21:12 | | most(2) 4:21 11:15 | | p.a(1) 1:33 | | protection(1) 12:24 | |
| lemay(1) 2:45 | | motions(1) 13:6 | | p.m(3) 1:15 4:1 22:18 | | protections(1) 13:15 | |
| leonard(1) 1:33 | | mouth(1) 5:15 | | paid(4) 8:21 12:13 20:17 20:17 | | protocol(5) 5:2 9:21 15:14 15:17 | |
| let(4) 6:6 8:3 9:5 18:11 | | movants(1) 8:10 | | pain(1) 12:12 | | protocols(1) 7:22 | |
| letter(5) 4:22 12:15 15:15 18:6 20:10 | | move(1) 22:6 | | papers(1) 4:10 | | provided(1) 18:1 | |
| letters(1) 8:4 | | much(6) 6:18 10:8 14:5 16:18 20:8 22:15 | | parameters(2) 5:3 7:22 | | provides(1) 10:12 | |
| lien(1) 18:1 | | must(1) 15:6 | | parke(2) 2:44 2:45 | | providing(1) 5:17 | |
| like(14) 4:17 4:18 4:19 9:1 9:11 10:6 | | myself(3) 11:11 15:9 20:15 | | participating(1) 15:6 | | provision(1) 10:22 | |
| 10:23 11:20 14:18 16:13 16:19 17:15 20:4 | | | | particular(1) 10:11 | | provisions(1) 5:16 | |
| 20:10 | | necessarily(1) 19:14 | | particularly(1) 13:18 | | pull(1) 17:9 | |
| liked(1) 19:22 | | necessary(1) 20:23 | | parties(18) 4:11 4:23 5:2 5:18 7:1 7:17 | | purely(1) 21:16 | |
| limited(1) 15:21 | | need(6) 10:4 11:25 13:5 13:6 17:10 22:2 | | 8:8 9:17 10:3 11:5 12:4 13:11 13:19 15:5 | | purpose(1) 18:15 | |
| line(1) 6:13 | | needless(1) 9:2 | | 18:12 18:19 21:15 22:10 | | pursuant(1) 14:3 | |
| lines(1) 20:9 | | negotiated(3) 5:2 7:22 9:22 | | | | put(4) 5:15 7:6 8:3 12:15 | |
| list(1) 18:21 | | neutral(1) 5:22 7:2 | | party(9) 2:10 2:19 2:33 2:44 2:48 3:30 | | | |
| literally(1) 15:5 | | never(1) 17:5 | | 3:35 15:20 20:23 | | question(2) 16:21 18:12 | |
| litigating(1) 10:13 | | new(2) 3:5 20:6 | | | | questions(10) 21:10 21:10 21:11 21:12 | |
| litigiousness(1) 20:19 | | news(1) 2:11 | | pass(4) 6:4 7:20 18:14 19:15 | | 21:12 21:13 21:16 21:16 21:25 22:12 | |
| little(1) 14:1 | | nobody(1) 15:23 | | pause(2) 9:5 9:7 | | | |
| live(1) 17:9 | | nolan(1) 2:49 | | pay(11) 8:6 8:20 8:20 8:24 11:5 11:25 | | quite(2) 12:8 15:4 | |
| llc(5) 1:41 2:23 3:4 3:22 3:26 | | non-binding(4) 7:1 7:13 15:20 15:22 | | 12:6 13:9 13:18 14:20 | | range(1) 20:8 | |
| llp(8) 1:22 2:19 2:34 2:35 2:44 3:15 3:26 | | nor(1) 18:5 | | | | rates(1) 20:6 | |
| 3:30 | | norman(1) 1:34 | | paying(5) 8:8 8:10 8:11 14:22 14:23 | | reach(1) 7:5 | |
| local(1) 6:25 | | normandin(2) 16:15 17:4 | | payment(6) 8:19 11:8 12:16 12:17 13:20 | | reached(1) 22:6 | |
| locked(1) 14:15 | | not(26) 6:15 7:7 7:8 12:3 12:13 13:5 13:8 | | 19:7 | | reaching(1) 13:16 | |
| look(3) 10:1 17:9 19:19 | | 13:9 13:20 14:13 14:22 15:4 15:16 15:22 | | | | reaction(2) 5:25 18:23 | |
| looked(1) 20:20 | | 15:25 16:5 16:9 16:12 18:4 18:24 19:14 | | payments(1) 10:23 | | read(3) 7:16 10:1 12:19 | |
| looking(1) 5:24 | | 19:18 20:10 20:12 21:13 22:8 | | pays(1) 9:2 | | reading(1) 5:19 | |
| lopsided(1) 9:3 | | | | peg(1) 2:11 | | ready(1) 11:6 | |
| losing(1) 9:1 | | novod(1) 3:16 | | pennsylvania(1) 1:43 | | really(8) 4:23 5:11 6:17 7:10 12:25 14:11 | |
| lot(1) 12:6 | | now(8) 4:2 6:13 9:5 9:24 10:6 15:7 15:7 | | people(1) 5:8 | | 19:2 21:1 | |
| lugano(1) 1:39 | | 18:8 | | percent(1) 14:14 | | | |
| | | | | perhaps(3) 20:15 21:15 21:21 | | reason(1) 17:12 | |
| made(2) 4:23 17:21 | | number(3) 10:24 10:25 21:9 | | period(1) 15:6 | | reasonableness(1) 19:5 | |
| magistrate-like(1) 20:21 | | numbers(1) 17:8 | | pernick(1) 1:34 | | reasonably(1) 5:7 | |
| make(8) 8:22 11:2 11:14 19:15 | | nutshell(1) 6:20 | | person(2) 14:21 20:2 | | recall(1) 7:3 | |
| makes(3) 7:14 8:11 11:15 | | objected(1) 19:11 | | phrase(1) 6:4 | | received(1) 4:9 | |
| making(1) 15:10 | | objection(3) 5:1 6:1 10:19 | | pick(1) 18:15 | | recent(1) 4:22 | |
| management(1) 3:35 | | objections(1) 21:21 | | piece(1) 9:5 | | recognize(2) 11:8 11:11 | |
| market(1) 1:11 | | objective(3) 7:20 19:16 19:25 | | pieces(1) 9:25 | | recollection(1) 17:3 | |
| master(1) 13:17 | | observation(3) 15:10 15:20 15:24 | | place(2) 19:4 20:11 | | recommendation(2) 7:9 7:18 | |
| matter(4) 4:12 11:10 17:15 22:23 | | off(1) 6:16 | | plain(1) 7:4 | | record(2) 4:4 15:10 | |
| matters(4) 4:8 5:6 7:19 19:18 | | office(1) 2:14 | | plan(4) 10:22 11:6 14:4 15:8 | | recorded(1) 1:47 | |
| matthew(1) 3:12 3:36 3:36 | | officers(1) 2:24 | | plans(1) 19:12 | | recording(2) 1:47 22:22 | |
| maximum(1) 10:25 | | oil(1) 16:22 | | play(1) 11:10 | | recovery(3) 10:13 11:18 18:6 | |
| may(9) 13:4 14:1 6:22 15:16 15:16 16:14 | | okay(6) 4:21 6:19 12:14 20:18 21:2 21:5 | | pocket(1) 11:19 | | refer(1) 13:17 | |
| 22:4 22:11 22:27 | | omnibus(1) 22:4 | | point(5) 10:18 15:16 16:13 17:17 21:21 | | refuse(1) 8:25 | |
| | | one(11) 7:7 10:8 10:11 10:14 11:16 12:4 | | points(2) 10:7 12:15 17:14 | | refused(1) 19:5 | |
| maybe(2) 15:3 18:11 | | 12:25 15:1 17:20 19:21 21:24 | | polk(1) 3:30 | | regarding(3) 5:1 15:18 19:3 | |
| mayer(1) 2:7 | | | | politely(1) 19:20 | | reimbursed(1) 10:10 | |
| mccarter(2) 2:4 13:24 | | one's(1) 7:10 | | pool(2) 5:23 11:6 | | reimbursement(1) 14:3 | |
| mccutchen(1) 2:19 | | only(11) 11:17 11:22 12:17 13:21 13:25 | | portions(1) 15:18 | | related(2) 4:4 4:8 | |
| mcdaniel(1) 3:5 | | 14:2 14:12 17:12 | | position(8) 4:10 5:22 11:15 14:1 14:5 | | relief(1) 13:1 | |
| mean(5) 10:1 12:2 17:22 19:1 21:1 | | | | 19:13 19:15 20:15 | | reluctant(1) 12:12 | |
| mechanisms(2) 11:6 11:16 | | open(1) 9:10 | | | | remedies(1) 12:21 | |
| mediation(8) 7:2 7:4 7:9 11:23 11:25 12:3 | | opinion(1) 16:25 | | positions(1) 10:3 | | remotest(1) 11:17 | |
| 15:20 15:23 | | opposed(3) 10:16 21:10 21:13 | | possibly(1) 12:8 | | rendered(2) 16:20 16:24 | |
| | | order(3) 4:10 10:23 20:17 | | ppearances(1) 1:21 | | reopened(1) 18:10 | |
| mediator(7) 7:7 7:14 7:23 8:7 16:17 17:1 | | orders(2) 17:7 17:8 | | precedent(2) 17:2 17:6 | | reorganized(6) 2:38 4:16 8:10 8:16 8:18 | |
| 20:3 | | ordinary(1) 7:6 | | precursor(1) 12:3 | | 18:23 | |
| | | original(1) 18:17 | | prepared(1) 5:14 | | | |
| meisel(1) 1:32 | | other(13) 6:2 8:3 8:11 9:19 10:15 13:19 | | pretty(4) 6:18 9:16 10:4 14:5 | | repaid(1) 18:2 | |
| mentioned(1) 20:9 | | 14:2 14:8 14:9 14:22 20:6 20:16 21:20 | | previously(1) 18:14 | | report(4) 7:3 7:8 7:18 16:20 | |
| mester(1) 2:41 | | | | prior(1) 17:24 | | reserve(1) 11:3 | |
| michael(2) 2:20 2:20 | | others(2) 4:14 9:11 | | probably(5) 6:17 18:17 19:7 19:18 20:3 | | resisted(2) 7:3 8:15 | |
| might(4) 18:18 21:11 21:17 21:24 | | otherwise(5) 9:17 9:21 10:19 11:13 18:3 | | problem(2) 11:24 12:17 | | resolution(1) 19:9 | |
| million(3) 10:21 10:23 11:3 | | ought(1) 18:17 | | proceed(3) 4:19 6:22 9:6 | | respect(8) 4:7 7:18 8:2 9:11 9:15 9:23 | |
| mills(1) 1:27 | | our(7) 10:18 12:15 12:15 13:9 14:11 18:6 | | proceeding(3) 13:4 13:4 15:6 | | 15:16 17:4 | |
| mind(1) 7:13 | | 20:19 | | proceedings(4) 1:17 1:47 4:5 22:23 | | | |
| mindful(1) 14:17 | | | | process(8) 5:1 6:1 7:5 7:12 8:2 8:17 20:7 | | response(4) 10:19 17:15 22:13 22:14 | |
| minimum(4) 10:21 10:24 11:12 19:9 | | out(5) 10:18 13:16 16:13 17:7 18:3 | | 22:11 | | responses(1) 15:9 | |
| | | | | | | responsibility(1) 8:8 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **responsible**(2) 8:18 8:25 | | **somehow**(1) 19:9 | | **that**(143) 4:12 5:3 5:8 5:9 5:13 5:20 5:21 5:23 5:24 6:2 6:4 6:24 7:1 7:3 7:6 7:10 7:19 7:21 7:24 7:25 7:25 8:1 8:5 8:9 8:16 8:18 8:20 8:22 9:3 9:10 9:11 9:20 9:21 9:21 9:24 10:3 10:5 10:6 10:8 10:10 10:12 10:18 10:20 10:23 10:24 10:25 10:25 11:1 11:6 11:7 11:8 11:11 11:12 11:13 11:14 11:17 11:23 11:24 12:2 12:4 12:6 12:11 12:18 12:19 13:1 13:2 13:2 13:3 13:5 13:6 13:10 13:17 14:2 14:5 14:6 14:8 14:9 14:10 14:11 14:13 14:16 14:19 14:22 15:2 15:8 15:10 15:14 15:16 15:19 15:22 16:13 16:22 16:22 16:24 17:5 17:5 17:9 17:21 17:23 17:24 17:25 17:25 17:25 18:1 18:2 18:3 18:8 18:16 18:23 18:24 19:1 19:2 19:9 19:13 19:14 19:17 19:21 19:24 20:1 20:7 20:7 20:8 20:22 21:9 21:13 21:14 21:16 21:17 21:17 21:19 21:21 21:23 21:24 22:2 22:5 22:6 22:7 22:8 22:9 22:11 22:15 22:21 | | **these**(5) 5:6 10:16 15:5 19:3 19:17 | |
| **restructure**(2) 12:22 12:22 | | **someone**(4) 5:21 6:3 12:12 18:16 | | | | **they**(14) 8:15 8:17 8:25 9:1 10:20 10:24 10:25 11:9 11:11 13:1 20:5 20:17 21:11 21:12 | |
| **result**(1) 10:22 | | **something**(4) 10:5 10:22 14:18 16:13 | | | | | |
| **review**(1) 21:22 | | **sorry**(3) 6:21 16:7 20:25 | | | | **they'd**(1) 8:24 | |
| **right**(8) 9:1 9:9 10:9 13:22 16:2 18:7 20:24 22:2 22:14 | | **sort**(1) 9:3 | | | | **they're**(1) 11:2 | |
| | | **sound**(2) 1:47 22:22 | | | | **they've**(1) 13:13 | |
| | | **sounds**(1) 9:19 | | | | **thing**(5) 11:22 12:18 13:21 13:25 18:17 | |
| **rights**(2) 9:17 12:21 | | **source**(3) 13:20 18:5 18:5 | | | | **things**(4) 4:18 8:1 13:5 13:7 | |
| **road**(1) 6:25 | | **spared**(1) 15:5 | | | | **think**(47) 4:23 5:4 5:8 5:9 5:23 5:24 6:2 6:4 6:5 6:15 7:14 7:19 7:21 7:24 8:9 9:5 9:8 9:16 9:20 10:4 10:15 10:21 10:24 10:25 11:1 11:11 11:23 11:24 12:4 12:5 12:6 12:7 12:17 13:10 13:13 14:8 14:13 14:16 17:5 17:11 19:13 20:1 20:8 20:19 20:22 21:9 21:25 | |
| **role**(3) 5:14 19:1 19:1 | | **speaking**(1) 6:12 | | | | | |
| **room**(1) 12:7 | | **special**(1) 13:11 | | | | | |
| **ropes**(1) 16:16 | | **sperling**(1) 2:48 | | | | | |
| **rosener**(1) 12:14 | | **split**(1) 8:9 | | | | | |
| **rosner**(20) 3:10 6:8 6:9 6:11 6:19 6:21 11:21 11:21 12:10 12:14 14:25 16:4 16:6 16:6 17:19 17:19 17:23 18:7 18:9 20:25 21:1 | | **spoke**(1) 5:12 | | | | | |
| | | **square**(1) 7:7 | | | | | |
| | | **stage**(1) 9:6 | | | | | |
| | | **stand**(3) 4:18 8:1 22:16 | | | | **thinking**(2) 6:1 6:7 | |
| **rosner's**(2) 13:25 20:9 | | **standpoint**(1) 11:5 | | | | **thinks**(1) 5:7 | |
| **ross**(1) 1:29 | | **start**(2) 4:21 18:20 | | **that's**(21) 4:20 6:20 9:18 10:14 10:24 10:24 12:1 12:1 13:15 13:21 14:11 15:7 15:24 16:17 17:12 19:5 19:24 20:12 20:21 21:2 21:20 | | **third**(5) 14:15 14:15 14:15 14:22 20:23 | |
| **route**(1) 14:8 | | **states**(3) 1:1 1:19 2:14 | | | | **this**(44) 4:5 4:17 5:9 5:12 6:13 6:24 7:15 7:24 8:6 8:15 9:12 9:25 10:10 10:17 11:21 12:12 13:8 13:14 13:16 13:18 13:23 14:7 14:21 14:25 15:6 15:12 15:22 16:11 17:8 17:11 17:11 17:17 18:11 18:14 18:17 18:24 18:25 19:4 20:20 22:3 22:5 22:15 | |
| **rudnick**(2) 3:15 9:13 | | **status**(2) 4:5 22:5 | | | | | |
| **rule**(12) 5:3 5:13 5:16 5:19 6:15 6:25 7:16 7:21 7:23 9:18 19:23 22:9 | | **stay**(1) 22:7 | | | | | |
| | | **stein**(1) 3:12 | | | | | |
| | | **stickles**(1) 1:36 | | | | | |
| **said**(10) 10:22 12:14 12:10 12:11 17:16 | | **still**(2) 13:5 13:6 | | | | | |
| **same**(4) 7:19 7:22 18:15 19:25 | | **stoll**(7) 3:18 9:12 9:12 9:15 10:7 20:13 20:14 | | | | **thomas**(1) 1:29 | |
| **sat**(1) 12:7 | | | | | | **those**(4) 10:11 10:15 11:16 19:15 | |
| **satisfy**(1) 22:11 | | | | **the**(288) 1:1 1:2 1:18 2:14 4:2 4:3 4:4 4:4 4:11 4:12 4:16 4:20 4:21 4:22 4:23 4:24 5:1 5:2 5:3 5:3 5:4 5:5 5:7 5:11 5:14 5:16 5:16 5:18 5:19 5:22 5:23 5:24 6:1 6:4 6:4 6:10 6:12 6:17 6:20 6:22 7:1 7:4 7:5 7:6 7:9 7:11 7:13 7:14 7:16 7:17 7:17 7:19 7:19 7:20 7:20 7:20 7:22 7:23 8:1 8:2 8:3 8:4 8:4 8:5 8:7 8:8 8:8 8:8 8:10 8:11 8:12 8:14 8:14 8:16 8:17 8:17 8:18 8:19 8:22 8:25 9:2 9:4 9:6 9:9 9:10 9:14 9:15 9:16 9:19 9:21 9:23 9:23 10:1 10:1 10:2 10:3 10:3 10:3 10:9 10:12 10:12 10:15 10:16 10:18 10:19 10:19 10:19 10:20 10:21 10:22 10:23 10:25 11:1 11:3 11:5 11:5 11:5 11:6 11:6 11:8 11:11 11:12 11:14 11:15 11:16 11:17 11:20 11:22 11:23 11:24 11:25 12:3 12:4 12:9 12:11 12:12 12:16 12:16 12:16 12:17 12:17 12:20 12:24 12:24 12:25 13:1 13:2 13:2 13:7 13:8 13:9 13:10 13:11 13:11 13:12 13:13 13:14 13:15 13:18 13:19 13:19 13:19 13:21 13:22 13:25 14:1 14:4 14:4 14:4 14:6 14:8 14:9 14:10 14:10 14:13 14:14 14:14 14:15 14:17 14:18 14:22 14:24 15:1 15:3 15:4 15:6 15:7 15:10 15:13 15:14 15:14 15:17 15:17 15:17 15:25 15:25 16:2 16:5 16:8 16:12 16:13 16:14 16:14 16:19 16:21 16:21 16:21 16:25 17:7 17:7 17:8 17:9 17:12 17:14 17:17 17:21 17:22 17:23 17:24 17:24 17:25 18:1 18:3 18:4 18:7 18:10 18:10 18:11 18:12 18:13 18:14 18:15 18:19 18:19 18:21 18:23 19:2 19:2 19:4 19:4 19:5 19:6 19:7 19:9 19:13 19:16 19:19 19:20 19:21 19:22 19:22 19:23 19:25 20:1 20:1 20:7 20:9 20:10 20:11 20:13 20:15 20:16 20:17 20:18 20:20 20:21 20:24 21:4 21:5 21:7 21:14 21:15 21:18 21:18 21:21 21:21 21:21 21:24 22:2 22:7 22:7 22:9 22:14 22:18 22:21 22:22 22:22 22:23 | | **thought**(1) 22:3 | |
| **save**(1) 12:8 | | | | | | **three**(2) 8:10 8:15 | |
| **saw**(2) 8:4 8:15 | | | | | | **threshold**(1) 21:17 | |
| **say**(13) 8:15 8:17 8:24 9:2 9:4 9:4 11:23 12:2 14:12 14:24 14:24 15:8 16:8 19:25 | | | | | | **through**(7) 7:5 7:20 13:6 18:20 | |
| | | | | | | **throw**(1) 21:24 | |
| | | | | | | **throwing**(1) 7:25 | |
| **saying**(2) 5:11 19:20 | | | | | | **time**(7) 6:5 12:3 15:7 17:25 21:22 22:5 22:6 | |
| **says**(1) 8:19 | | | | | | | |
| **schotz**(1) 1:32 | | | | | | | |
| **schuylkill**(1) 1:42 | | | | | | **together**(1) 6:5 | |
| **secondly**(1) 18:18 | | | | | | **too**(2) 6:13 14:16 | |
| **seconds**(1) 6:14 | | | | | | **took**(1) 12:7 | |
| **section**(1) 14:4 | | | | | | **torres**(1) 3:8 | |
| **see**(3) 9:7 10:14 22:3 | | | | | | **towards**(1) 21:12 | |
| **seems**(3) 11:4 18:16 18:18 | | **subject**(3) 5:17 9:4 21:21 | | | | **transcriber**(1) 22:28 | |
| **seen**(1) 18:25 | | **submission**(1) 10:6 | | | | **transcript**(3) 1:17 1:48 22:22 | |
| **send**(1) 18:14 | | **submissions**(1) 10:2 | | | | **transcription**(2) 1:41 1:48 | |
| **sense**(3) 8:11 11:15 15:3 | | **submitted**(4) 4:10 4:23 8:4 15:14 | | | | **tremendous**(2) 12:21 12:21 | |
| **sentence**(1) 17:20 | | **substantial**(2) 4:8 21:19 | | | | **trial**(1) 5:19 | |
| **serve**(4) 4:6 5:24 7:10 7:25 | | **substantive**(4) 7:3 7:8 19:1 19:1 | | | | **tribune**(4) 1:7 2:27 4:4 22:4 | |
| **served**(2) 16:17 19:18 | | **substitute**(1) 19:24 | | **their**(3) 8:24 10:24 10:25 | | **tried**(1) 17:7 | |
| **serves**(1) 18:25 | | **successful**(1) 12:5 | | **them**(2) 17:15 19:19 | | **trust**(8) 2:4 3:4 3:16 8:19 9:13 10:9 11:4 19:10 | |
| **service**(2) 1:41 1:48 | | **such**(1) 10:13 | | **then**(8) 4:13 4:19 6:15 7:17 11:25 16:20 18:12 21:21 | | | |
| **services**(1) 1:41 | | **suggest**(3) 6:24 9:10 21:15 | | | | | |
| **session**(1) 4:2 | | **suggestion**(1) 22:9 | | | | | |
| **set**(4) 9:6 11:3 16:18 16:23 | | **sullivan**(2) 3:21 3:23 | | | | **trustee**(2) 3:14 2:15 15:13 | |
| **setting**(1) 4:25 | | **summarize**(1) 4:18 | | **there**(22) 4:19 6:5 8:21 8:24 11:7 11:7 11:17 13:3 16:2 16:9 16:19 16:23 17:1 17:3 17:18 17:25 19:12 19:12 21:9 21:19 22:12 22:12 | | **trustees**(6) 13:20 14:2 14:9 14:16 14:23 17:24 | |
| **several**(1) 4:11 | | **suppose**(1) 4:12 | | | | | |
| **share**(4) 8:20 8:20 11:14 21:8 | | **sure**(4) 15:4 15:22 21:13 22:8 | | | | | |
| **she**(2) 16:16 17:1 | | **system**(1) 9:2 | | | | **trust's**(1) 19:11 | |
| **sheet**(1) 12:23 | | **table**(3) 8:4 13:10 21:24 | | | | **truthfully**(1) 12:11 | |
| **shop**(1) 20:5 | | **tag**(1) 10:17 | | | | **tuesday**(1) 4:1 | |
| **should**(6) 8:16 8:18 14:10 14:12 14:13 14:22 | | **take**(5) 6:3 9:17 9:24 19:8 22:9 | | | | **turn**(1) 4:12 | |
| | | **taken**(1) 14:4 | | **thereafter**(1) 11:18 | | **two**(1) 10:15 | |
| | | **talking**(3) 16:18 17:2 20:5 | | **there's**(9) 8:5 10:5 11:3 11:6 11:7 11:12 13:7 13:7 17:6 | | **type**(1) 10:11 | |
| **show**(1) 22:9 | | **tammy**(1) 22:28 | | | | **types**(1) 5:8 | |
| **shows**(1) 20:7 | | **telephonic**(3) 1:17 2:1 3:1 | | | | **typically**(1) 7:8 | |
| **side**(1) 13:19 | | **tell**(4) 4:19 10:5 10:6 12:9 | | | | **u.s.**(2) 2:14 15:13 | |
| **sidley**(1) 1:22 | | **term**(1) 7:14 | | | | **ultimate**(1) 19:16 | |
| **since**(4) 4:24 13:13 13:15 14:12 | | **terms**(1) 15:20 | | | | **ultimately**(2) 10:11 20:11 | |
| **single**(3) 14:3 14:11 14:12 | | **testify**(1) 5:18 | | | | **unable**(1) 15:9 | |
| **sitting**(2) 11:7 11:24 | | **than**(3) 14:1 19:21 20:16 | | | | **uncomfortable**(1) 20:15 | |
| **situation**(1) 21:14 | | **thank**(15) 4:15 6:23 9:9 11:19 13:22 14:23 16:2 17:17 18:9 18:22 20:13 20:14 20:24 22:2 22:15 | | | | **under**(11) 6:15 8:12 9:18 9:21 10:9 10:13 10:21 11:14 18:1 18:4 | |
| **size**(1) 16:21 | | | | | | | |
| **slater**(1) 2:48 | | | | | | | |
| **small**(1) 20:5 | | | | | | | |
| **so-called**(1) 18:13 | | | | | | **understand**(2) 5:20 18:7 | |
| **solves**(1) 11:24 | | | | | | **united**(3) 1:1 1:19 2:14 | |
| **some**(10) 8:11 11:2 11:3 11:8 17:2 17:14 19:5 19:12 19:16 19:25 | | | | | | **unless**(2) 4:17 10:5 | |
| | | | | | | **unsecured**(2) 10:20 11:4 | |
| | | | | | | **until**(1) 12:6 | |
| **somebody**(3) 13:10 13:12 20:4 | | | | | | | |

Page : 4                                                                                                                                                                                                                    05/14/13 15:35:58

| Word | Page:Line | Word | Page:Line |
|---|---|---|---|
| upon(2) | 12:12 13:18 | with(40) | 4:7 4:9 4:10 4:12 4:21 5:9 5:12 |

**upon**(2) 12:12 13:18
**usc**(1) 6:25
**use**(2) 11:16 11:23
**used**(1) 6:5
**useful**(1) 12:8
**using**(1) 18:16
**vagueness**(1) 21:23
**vail**(1) 3:27
**vanilla**(1) 7:4
**various**(2) 12:15 16:21
**version**(1) 15:14
**very**(5) 12:7 14:17 18:18 19:12 22:15
**viable**(1) 21:24
**vis**(1) 20:19
**vonnegut**(1) 3:31
**waiving**(1) 9:17
**want**(8) 5:15 9:6 9:20 9:24 9:24 11:10 12:5 16:13

**wanted**(2) 17:20 21:3
**wants**(2) 6:3 7:12
**wardwell**(1) 3:30
**was**(18) 6:4 6:11 6:14 15:14 16:7 16:8 16:8 16:18 16:23 16:25 17:3 17:6 17:6 17:23 17:25 17:25 20:9 22:18

**wasn't**(1) 5:13
**way**(6) 4:17 6:6 9:20 10:14 18:11 20:22
**ways**(1) 6:2
**weigh**(1) 22:10
**weitman**(1) 2:30
**well**(11) 4:6 4:14 5:7 6:17 9:9 9:20 10:12 12:9 18:8 18:18 22:2

**went**(2) 18:3 20:4
**were**(9) 4:24 5:16 6:5 7:4 7:15 14:14 16:19 16:22 18:2

**we'd**(1) 15:23
**we'll**(3) 17:9 18:20 22:4
**we're**(9) 4:4 9:16 12:5 13:8 13:9 13:10 14:17 20:18 20:22

**we've**(3) 8:13 12:18 18:10
**what**(29) 4:18 5:15 6:2 6:7 6:23 7:12 7:13 7:15 8:11 12:18 14:22 15:4 15:21 15:22 16:8 16:16 16:18 16:21 16:25 17:2 17:6 17:7 17:15 17:21 18:6 19:20 20:9 20:17 21:2
**whatever**(2) 9:20 20:2
**what's**(1) 8:14
**when**(2) 13:7 20:17
**where**(4) 4:18 8:1 20:11 21:11
**whereupon**(1) 22:18
**whether**(2) 8:6 20:2
**which**(8) 4:10 5:22 6:3 10:21 13:19 14:3 18:6 21:10

**while**(1) 6:11
**who**(4) 12:13 15:5 16:9 18:16
**whole**(1) 5:1
**whom**(2) 16:3 16:9
**who's**(1) 8:5
**why**(2) 18:13 19:24
**will**(9) 9:7 11:7 19:25 22:3 22:6 22:7 22:8 22:10 22:16

**william**(1) 3:23
**willing**(1) 7:24
**wilmington**(10) 1:12 3:16 4:1 8:19 9:13 10:8 11:4 11:18 19:10 19:11

**wind**(2) 9:1 20:11
**winner**(1) 9:2
**wires**(1) 2:11
**wish**(1) 15:11
**wishes**(1) 16:9

**with**(40) 4:7 4:9 4:10 4:12 4:21 5:9 5:12 5:22 5:25 7:18 8:2 8:10 9:3 9:11 9:15 9:21 9:23 12:16 12:17 13:3 13:25 14:8 15:14 15:16 15:19 15:21 16:20 17:4 18:20 19:8 19:24 20:4 20:12 20:16 20:18 21:2 21:5 21:14 21:25 22:7

**within**(2) 5:7 13:14
**without**(5) 5:11 7:11 7:12 7:20 18:5
**won't**(1) 11:9
**words**(1) 5:15
**word's**(1) 15:3
**work**(5) 5:3 9:21 14:21 17:23 17:25
**worked**(1) 17:5
**worried**(1) 7:5
**worse**(1) 19:21
**would**(43) 5:3 5:21 7:6 7:10 7:11 7:15 7:16 7:24 8:12 8:20 8:22 9:11 10:11 10:15 10:18 10:22 11:1 11:12 11:13 11:23 12:2 12:3 12:6 12:11 12:13 12:18 12:25 13:17 13:21 13:25 14:16 14:17 14:21 15:4 15:19 15:23 15:23 17:5 18:16 18:16 19:18 19:25 21:2

**wouldn't**(2) 11:25 20:7
**written**(2) 7:3 12:18
**www.diazdata.com**(1) 1:45
**years**(2) 12:24 17:8
**yes**(6) 6:10 10:7 15:12 16:8 20:14 21:8
**yesterday**(2) 4:23 8:4
**yet**(3) 16:5 16:9 20:23
**yield**(1) 8:3
**york**(2) 3:5 20:6
**you**(71) 4:15 4:17 4:19 4:24 6:4 6:6 6:17 6:17 6:22 6:23 6:24 8:1 8:4 8:15 9:6 9:7 9:8 9:9 9:10 9:20 9:24 9:24 10:5 10:8 11:19 12:9 12:10 12:14 12:14 12:15 12:19 13:13 13:17 13:22 14:2 14:8 14:10 14:12 14:13 14:14 14:16 14:18 14:18 14:19 14:20 14:23 14:24 15:2 15:21 16:2 16:7 17:10 17:10 17:17 17:19 17:22 18:4 18:9 18:20 18:22 20:4 20:11 20:12 20:13 20:14 20:16 20:16 20:18 20:24 22:2 22:15

**your**(36) 4:15 5:24 6:2 6:8 6:23 6:25 7:6 7:12 7:18 9:5 9:12 10:5 10:7 11:21 12:23 12:24 13:11 13:12 13:21 13:23 14:25 15:13 15:24 16:4 16:7 16:11 17:13 17:19 17:21 18:9 18:22 19:16 19:25 20:14 21:2 21:8
**you'd**(4) 4:17 4:19 10:6 17:15
**you'll**(1) 7:3
**you're**(3) 15:7 16:18 19:20
**you've**(2) 12:19 17:14
**zloto**(2) 3:36 3:36
**à-vis**(1) 20:20