## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE
## FOURTEENTH INTERIM FEE APPLICATION OF DOW LOHNES PLLC

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Fourteenth Interim Fee Application of Dow Lohnes PLLC* [Docket No. 12990] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $248,839.00 and reimbursement of expenses that total $1,365.77 for the period from September 1, 2012 through November 30, 2012. Dow Lohnes PLLC ("**Dow Lohnes**") serves as special regulatory counsel to the Debtors.

---

[1] The Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

## Background

1.      On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  On December 10, 2008, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2.      On June 26, 2009, the Debtors filed the *Application for an Order Authorizing Debtors to Employ and Retain Dow Lohnes PLLC as Special Counsel for Certain Regulatory (FCC and Broadcast) Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107* [Docket No. 1650] (the "**Retention Application**").   By order dated July 14, 2009 [Docket No. 1725], this Court approved the retention of Dow Lohnes (the "**Retention Order**").

3.      Dow Lohnes submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

## Applicable Standards

4.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.      The Fee Examiner reviewed the Fee Application for compliance with Sections 330 and 331 of the United States Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules

of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.     Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

7.     A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that

the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.    The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to Dow Lohnes for review and comment. The firm sent a written response to the Fee Examiner. After evaluation and consideration of the additional information provided by Dow Lohnes, the Fee Examiner submits this Final Report for the Court's consideration. This Final Report is in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of the applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and will also inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

## DISCUSSION OF FINDINGS

### Reconciliation of Fees and Expenses

9.    **Reconciliation of Fees and Expenses.** The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application (**"Fees Requested"** and **"Expenses Requested"**) to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm (**"Fees Computed"** and **"Expenses Computed"**). The Fee Examiner determined that the Fees Computed exceeded the Fees Requested by $299.00,

resulting in an apparent undercharge. The discrepancy was the result of task hours within several entries that do not equal the time billed for the entry as a whole, as were displayed in **Exhibit A** to the Preliminary Report. In response, the firm agreed with the calculations resulting in an increase in the Fees Requested by an amount of $299.00. Exhibit A has been omitted from the Final Report.

The Fee Examiner further determined that there is no discrepancy between the Expenses Requested and the Expenses Computed. The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

10.     **Block Billing.** The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*. The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[2] The Delaware Bankruptcy Court has found that time entries that generally only combine work on one issue, and a conference/communication with the client or opposing counsel on the same issue, while technically block billing, will not be objectionable.[3] Dow Lohnes block billed entries totaling 25.90 hours and $15,455.00 in associated fees. The entries were displayed in **Exhibit B** to the Preliminary Report. Based upon precedent established by this Court, the Fee Examiner did not identify any objectionable block billing. Exhibit B has been omitted from this Report.

---

[2] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

[3] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

11.    **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*.  The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*.  Dow Lohnes complied with the applicable guidelines regarding time increments.

**Review of Fees**

12.    **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*.  The Fee Application provided the names, positions, and hourly rates of the 12 Dow Lohnes professionals and paraprofessionals who billed to this matter, consisting of 4 members, 2 senior counsel, 4 associates, 1 communications specialist, and 1 cable specialist.  A summary of hours and fees billed by each timekeeper is displayed in **Exhibit C**.[4]

The firm billed a total of 442.00 hours with associated fees of $249,138.00.[5]  The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

---

[4] This Final Report includes exhibits that detail and support the findings discussed herein.  Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit.  The tasks included in a specific category are underlined in the fee exhibits.  For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

[5] This amount reflects the Fees Computed.

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Member | 235.30 | 53% | $166,390.00 | 67% |
| Senior Counsel | 33.90 | 8% | 15,255.00 | 6% |
| Associate | 127.90 | 29% | 55,029.00 | 22% |
| Communications Specialist | 42.20 | 10% | 11,816.00 | 5% |
| Cable Specialist | 2.70 | * | 648.00 | * |
| TOTAL | 442.00 | 100% | $249,138.00 | 100% |

* Less than 1%

The blended hourly rate for the Dow Lohnes professionals is $596.01 and the blended hourly rate for professionals and paraprofessionals is $563.66.

13.    **Hourly Rate Increases.**   Dow Lohnes did not increase the hourly rates of timekeepers during this interim period.

14.    **Timekeepers' Roles.**   A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4).*  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.   Generally, Dow Lohnes timekeepers appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.  However, the Fee Examiner requested additional information regarding the activities of one timekeeper who billed a total of 0.70 hour and $315.00 in associated fees, as displayed in **Exhibit D** to the Preliminary Report.  The Fee Examiner invited comment from the firm as to the contribution of this timekeeper and whether her services were duplicative or unnecessary.

In response to the Preliminary Report, Dow explained that the timekeeper in question was consulted because of her extensive experience and expertise in a particular area of law.  The firm

also asserted that the legal services provided by the timekeepers related to significant case issues, were reasonable and necessary, and added value.  Exhibit D has been omitted from this Report.

15.    **Meetings, Conferences, Hearings, and Other Events.**  The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" *(Local Rule 2016-2(d)(ix))*, and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v).*  While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more Dow Lohnes timekeepers attended the same meeting, conference, hearing, or other event.  Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees.   The entries, totaling 19.60 hours with $12,340.00 in associated fees, were displayed in **Exhibit E** to the Preliminary Report.  In each instance where multiple timekeepers attended a meeting, conference, hearing or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference).  The potentially duplicative and unnecessary timekeepers' entries totaled 12.50 hours with $7,219.00 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the Exhibit. The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response to the Preliminary Report, Dow Lohnes first explained that it staffed this matter in an efficient, role-distributed fashion. The firm stated the professionals' roles are complimentary rather than overlapping, which results in efficiencies rather than redundancies. The firm also provided additional information regarding the subject matter and roles of the questioned timekeepers. Finally, the firm stated that it would continue to make every effort to provide sufficient detail of participant's roles and the need for multiple attendees at certain conferences. After consideration of the firm's supplemental information, which brought the entries into substantial compliance, the Fee Examiner does not recommend a fee reduction. Exhibit E has been omitted from this Report.

16.     **Intraoffice Conferences.**   Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner did not identify any billing activities by Dow Lohnes timekeepers describing intraoffice conferences.

17.     **Complete and Detailed Task Descriptions.**   Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix).* The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the

communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.

      a.    **Vague Communications.**  The Fee Examiner identified entries totaling 2.60 hours with $1,162.00 in associated fees in which a conference or other communication was not described with sufficient detail. This lack of detail hinders a reviewer's ability to determine the reasonableness and necessity of the activity, and is in violation of the applicable guidelines. The entries were displayed in **Exhibit F** to the Preliminary Report. In response, Dow Lohnes provided a detailed table revising the questioned entries with the participant and/or subject matter information that was missing. The firm's response brought the items into compliance with the Local Rules and UST Guidelines. No fee reduction is appropriate, and Exhibit F has been omitted from the Final Report.

      b.    **Other Vague Tasks.**  The Fee Examiner reviewed the substantive detail of each billing entry and identified 3.90 hours with $2,548.00 in associated fees where the Fee Examiner could not determine the precise nature of the services performed by the timekeeper. The entries were displayed in **Exhibit G** to the Preliminary Report. As reflected in the Local Rules and UST Guidelines, billing entries must adequately describe the services actually performed to allow a determination of whether the task was staffed appropriately, whether the task involved the exercise of legal judgment, and/or whether the task was duplicated by other timekeepers.[6]  For example, Dow Lohnes timekeepers described entries as "work on issues," "analyze...issues" and "review...issues." These and similarly short, cryptic descriptions are vague, in that they fail to allow a determination of duplication of effort, whether the amount of

---

[6] Vague entries do not allow the court to determine the reasonableness and necessity of the effort expended, and fees may be denied or reduced when insufficiently documented. *E.g., In re Bennett Funding, Inc.,* 213 B.R. 234, 245-46 (Bankr. N.D.N.Y. 1997). Entries for legal research must identify the issue and explain the research need. *In re Fibermark, Inc.,* 349 B.R. 385, 397 (Bankr. D. Vt. 2006).

time billed to the tasks was appropriate for the level of analysis performed, or whether the analysis included communications, research or other more specific activity.  In response, Dow Lohnes provided a detailed table revising the questioned entries with the participant and/or subject matter information that was missing.   The firm's response brought the items into compliance with the Local Rules and UST Guidelines.  No fee reduction is appropriate, and Exhibit G has been omitted from the Final Report.

18.   **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.   The Fee Examiner did not identify any time entries describing administrative activities.

19.   **Clerical Activities.**  Clerical activities do not require legal acumen, and may be effectively performed by administrative assistants, secretaries, or support personnel.  Similar to administrative activities, clerical activities are generally not billable and are considered to be part of the firm's overhead.  In the 3rd Circuit, however, some clerical and non-clerical activities may be compensable at a rate commensurate with the level of expertise or knowledge typically found to be necessary to complete the task.  The questioned entry was displayed in **Exhibit H** to the Preliminary Report, and totaled 1.20 hours with $288.00 in associated fees.  In response, Dow Lohnes provided detailed information explaining the nature of the activity, which removed the questioned timekeeper's entry from being categorized as clerical in nature.  No fee reduction is warranted and Exhibit H has been removed from the Final Report.

20.   **Travel.**  The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii).*  Dow Lohnes did not invoice for travel time in this fee period.

21.    **Dow Lohnes Retention/Compensation.**    The Fee Examiner identified 33.20 hours with associated fees of $14,940.00 to prepare the firm's retention documents and applications for compensation, approximately 6% of the Fees Computed. The entries describing the firm's retention/compensation activities are displayed in **Exhibit I**, which is included in the Final Report for the Court's reference.

### Review of Expenses

22.    **Itemization of Expenses.** The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*. The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*. Dow Lohnes provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

23.    **Photocopies.** The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii)*. Dow Lohnes requested reimbursement for duplication charges calculated at a rate of $0.10 per page.

24.    **Meals.** Dow Lohnes requested reimbursement for certain meal expenses, which were displayed in **Exhibit J** to the Preliminary Report.  The Fee Examiner requested supporting documentation regarding the charges.  Dow Lohnes responded by providing the information requested.  The documentation regarding two charges identified on Exhibit J verified they related to the same lunch.  With the lunch cap at $25.00 per person, the firm agreed to reduce its reimbursement request by $72.90.  Exhibit J has been removed from the Final Report.

## CONCLUSION

The Fee Examiner submits this final report regarding the Application and the fees and expenses discussed above.  The Fee Examiner recommends the approval of fees in the amount of $249,138.00 ($248,839.00 plus $299.00) and reimbursement of expenses in the amount of $1,292.87 ($1,365.77 minus $72.90), for the period from September 1, 2012 through November 30, 2012.  The findings are set forth in the summary on the following page.

**DOW LOHNES PLLC**

**SUMMARY OF FINDINGS**

**Fourteenth Interim Fee Application (September 1, 2012 through November 30, 2012)**

**A.      Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $248,839.00 | |
| Expenses Requested | 1,365.77 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $250,204.77 |
| | | |
| Fees Computed | $249,138.00 | |
| Expenses Computed | 1,365.77 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $250,503.77 |
| | | |
| Discrepancy in Fees | ($    299.00) | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | ($    299.00) |

**B.      Recommended Fee Allowance and Expense Reimbursement**

| | | | |
|---|---|---|---|
| Fees Requested | $248,839.00 | | |
| *Discrepancy in Fees* | | *$299.00* | |
| | Subtotal | *$299.00* | |
| | | | |
| RECOMMENDED FEE ALLOWANCE | | | $249,138.00 |
| | | | |
| Expenses Requested | $1,365.77 | | |
| *Agreed Reduction for Meals* | | *($72.90)* | |
| | Subtotal | *($72.90)* | |
| | | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 1,292.87 |
| | | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $250,430.87 |

Respectfully submitted,

**STUART MAUE**

By: _____

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on this 20th day of May, 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE  19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.'
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE  19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

John R. Feore, Esq.
Dow Lohnes PLLC
1200 New Hampshire Avenue, NW, Suite 800
Washington, DC  20036-680

John F. Theil, Esq.

EXHIBIT G

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

### Dow Lohnes PLLC

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|----------|------|----------|--------------|--------------|----------------|---------------|
| JRF | Feore, John R. | MEMBER | $760.00 | $760.00 | 124.50 | $94,620.00 |
| MAS2 | Swanson, M. Ann | MEMBER | $650.00 | $650.00 | 76.40 | $49,660.00 |
| JSL | Logan, John S. | MEMBER | $650.00 | $650.00 | 31.90 | $20,735.00 |
| CH | Burrow, Christina H. | MEMBER | $550.00 | $550.00 | 2.50 | $1,375.00 |
| No. of Billers for Position: 4 | | Blended Rate for Position: | $707.14 | | 235.30 | $166,390.00 |
| | | | | % of Total: 53.24% | % of Total: 66.79% |
| CLM2 | Meazell, Christopher L. | SENIOR COUNSEL | $450.00 | $450.00 | 33.20 | $14,940.00 |
| MMR | Nagle, Maureen M. | SENIOR COUNSEL | $450.00 | $450.00 | 0.70 | $315.00 |
| No. of Billers for Position: 2 | | Blended Rate for Position: | $450.00 | | 33.90 | $15,255.00 |
| | | | | % of Total: 7.67% | % of Total: 6.12% |
| JR4 | Rademacher, Jason E. | ASSOCIATE | $470.00 | $470.00 | 66.20 | $31,114.00 |
| RJF2 | Folliard, Robert J. | ASSOCIATE | $390.00 | $390.00 | 58.60 | $22,854.00 |
| DHT | Teslik, Derek H. | ASSOCIATE | $350.00 | $350.00 | 2.50 | $875.00 |
| KES | Stotler, Kerry E. | ASSOCIATE | $310.00 | $310.00 | 0.60 | $186.00 |
| No. of Billers for Position: 4 | | Blended Rate for Position: | $430.25 | | 127.90 | $55,029.00 |
| | | | | % of Total: 28.94% | % of Total: 22.09% |
| LJM | McCarthy, Laurie J. | COMMUN SPECIALI | $280.00 | $280.00 | 42.20 | $11,816.00 |
| No. of Billers for Position: 1 | | Blended Rate for Position: | $280.00 | | 42.20 | $11,816.00 |
| | | | | % of Total: 9.55% | % of Total: 4.74% |
| AEM2 | Mejia, Allyson E. | CABLE SPECIALIS | $240.00 | $240.00 | 2.70 | $648.00 |
| No. of Billers for Position: 1 | | Blended Rate for Position: | $240.00 | | 2.70 | $648.00 |
| | | | | % of Total: 0.61% | % of Total: 0.26% |

**EXHIBIT C**

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Dow Lohnes PLLC**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|----------|------|----------|--------------|--------------|----------------|---------------|
| | Total No. of Billers:  12 | Blended Rate for Report: | $563.66 | | 442.00 | $249,138.00 |

EXHIBIT I

DOW LOHNES RETENTION/COMPENSATION

Dow Lohnes PLLC

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Meazell, C | 33.20 | 14,940.00 |
| | 33.20 | $14,940.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Applications | 33.20 | 14,940.00 |
| | 33.20 | $14,940.00 |

EXHIBIT I  PAGE 1 of  5

EXHIBIT I
DOW LOHNES RETENTION/COMPENSATION
Dow Lohnes PLLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 09/05/12 Wed | Meazell, C 563457/2 | 1.60 | 1.60 | 720.00 | | F | 1 | *MATTER NAME: Fee Applications* <br> PREPARATION OF 39TH MONTHLY FEE APPLICATION. |
| 09/17/12 Mon | Meazell, C 563457/3 | 1.10 | 1.10 | 495.00 | | F | 1 | *MATTER NAME: Fee Applications* <br> PREPARATION OF 39TH MONTHLY FEE APPLICATION. |
| 09/18/12 Tue | Meazell, C 563457/4 | 1.40 | 1.40 | 630.00 | | F | 1 | *MATTER NAME: Fee Applications* <br> ANALYSIS REGARDING FEE PROJECTIONS FOR ALVAREZ. |
| 09/19/12 Wed | Meazell, C 563457/5 | 1.60 | 1.60 | 720.00 | 1.20 <br> 0.40 | F <br> F | 1 <br> 2 | *MATTER NAME: Fee Applications* <br> ANALYSIS REGARDING FEE PROJECTIONS FOR ALVAREZ (1.2); <br> CORRESPONDENCE WITH P. GONDIPALLI REGARDING SAME (0.4). |
| 09/21/12 Fri | Meazell, C 563457/6 | 2.60 | 2.60 | 1,170.00 | 0.40 <br> 1.40 <br> 0.80 | F <br> F <br> F | 1 <br> 2 <br> 3 | *MATTER NAME: Fee Applications* <br> REVIEW PRELIMINARY REPORT REGARDING 10TH INTERIM FEE APPLICATION (0.4); <br> RESEARCH REGARDING RESPONSE TO SAME (1.4); <br> PREPARATION OF RESPONSE CORRESPONDENCE REGARDING SAME (0.8). |
| 09/24/12 Mon | Meazell, C 563457/7 | 0.80 | 0.80 | 360.00 | | F | 1 | *MATTER NAME: Fee Applications* <br> PREPARATION OF RESPONSE CORRESPONDENCE REGARDING PRELIMINARY REPORT REGARDING 10TH INTERIM FEE APPLICATION. |
| 09/26/12 Wed | Meazell, C 563457/8 | 0.20 | 0.20 | 90.00 | | F | 1 | *MATTER NAME: Fee Applications* <br> REVIEW AND CONFIRMATION OF OMNIBUS ORDER. |
| 09/27/12 Thu | Meazell, C 563457/9 | 2.20 | 2.20 | 990.00 | | F | 1 | *MATTER NAME: Fee Applications* <br> PREPARATION OF 39TH AND 40TH MONTHLY FEE APPLICATIONS. |
| 09/28/12 Fri | Meazell, C 563457/1 | 2.80 | 2.80 | 1,260.00 | | F | 1 | *MATTER NAME: Fee Applications* <br> PREPARATION OF 13TH INTERIM FEE APPLICATION. |
| 10/03/12 Wed | Meazell, C 565745/1 | 1.70 | 1.70 | 765.00 | 1.30 <br> 0.20 <br> 0.20 | F <br> F <br> F | 1 <br> 2 <br> 3 | *MATTER NAME: Fee Applications* <br> PREPARE AND FINALIZE 39TH MONTHLY FEE APPLICATION (1.3); <br> CORRESPONDENCE WITH DELAWARE COUNSEL REGARDING SAME (0.2); <br> TELEPHONE CONFERENCE WITH COURT CALL REGARDING HEARING SCHEDULING (0.2). |
| 10/04/12 Thu | Meazell, C 565745/2 | 0.20 | 0.20 | 90.00 | | F | 1 | *MATTER NAME: Fee Applications* <br> CORRESPONDENCE WITH FEE EXAMINER REGARDING 39TH MONTHLY FEE APPLICATION. |
| 10/09/12 Tue | Meazell, C 565745/3 | 1.50 | 1.50 | 675.00 | 1.30 <br> 0.20 | F <br> F | 1 <br> 2 | *MATTER NAME: Fee Applications* <br> PREPARE AND FINALIZE 13TH INTERIM FEE APPLICATION (1.3); <br> CORRESPONDENCE WITH DELAWARE COUNSEL REGARDING SAME (0.2). |

~ See the last page of exhibit for explanation

EXHIBIT I PAGE 2 of 5

EXHIBIT I
DOW LOHNES RETENTION/COMPENSATION
Dow Lohnes PLLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 10/10/12 Wed | Meazell, C 565745/4 | 1.20 | 1.20 | 540.00 | | F | 1 | *MATTER NAME: Fee Applications*<br>PREPARATION OF 40TH MONTHLY FEE APPLICATION. |
| 10/16/12 Tue | Meazell, C 565745/5 | 2.20 | 2.20 | 990.00 | | F | 1 | *MATTER NAME: Fee Applications*<br>PREPARATION OF 40TH MONTHLY FEE APPLICATION. |
| 10/17/12 Wed | Meazell, C 565745/6 | 0.60 | 0.60 | 270.00 | | F | 1 | *MATTER NAME: Fee Applications*<br>PREPARATION OF 40TH MONTHLY FEE APPLICATION. |
| 10/24/12 Wed | Meazell, C 565745/7 | 0.60 | 0.60 | 270.00 | | F | 1 | *MATTER NAME: Fee Applications*<br>PREPARATION OF 40TH MONTHLY FEE APPLICATION. |
| 10/29/12 Mon | Meazell, C 565745/8 | 0.90 | 0.90 | 405.00 | 0.70<br>0.20 | F<br>F | 1<br>2 | *MATTER NAME: Fee Applications*<br>FINALIZE 40TH MONTHLY FEE APPLICATION (0.7);<br>CORRESPONDENCE WITH DELAWARE COUNSEL REGARDING SAME (0.2). |
| 11/01/12 Thu | Meazell, C 566677/1 | 2.60 | 2.60 | 1,170.00 | | F | 1 | *MATTER NAME: Fee Applications*<br>RESEARCH REGARDING FEE ESTIMATES FOR ALVAREZ. |
| 11/02/12 Fri | Meazell, C 566677/2 | 0.30 | 0.30 | 135.00 | | F | 1 | *MATTER NAME: Fee Applications*<br>CORRESPONDENCE WITH P. GONDIPALLI REGARDING FEE ESTIMATES FOR ALVAREZ. |
| 11/06/12 Tue | Meazell, C 566677/3 | 1.80 | 1.80 | 810.00 | | F | 1 | *MATTER NAME: Fee Applications*<br>PREPARATION OF 41ST MONTHLY FEE APPLICATION. |
| 11/13/12 Tue | Meazell, C 566677/4 | 0.40 | 0.40 | 180.00 | | F | 1 | *MATTER NAME: Fee Applications*<br>REVIEW FEE EXAMINER'S REPORT REGARDING 11TH INTERIM FEE APPLICATION. |
| 11/20/12 Tue | Meazell, C 566677/5 | 2.70 | 2.70 | 1,215.00 | | F | 1 | *MATTER NAME: Fee Applications*<br>RESEARCH REGARDING RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT REGARDING 11TH INTERIM FEE APPLICATION. |
| 11/21/12 Wed | Meazell, C 566677/6 | 0.60 | 0.60 | 270.00 | | F | 1 | *MATTER NAME: Fee Applications*<br>PREPARATION OF RESPONSE CORRESPONDENCE REGARDING PRELIMINARY REPORT. |
| 11/27/12 Tue | Meazell, C 566677/7 | 1.60 | 1.60 | 720.00 | 1.40<br>0.20 | F<br>F | 1<br>2 | *MATTER NAME: Fee Applications*<br>FINALIZE 41ST MONTHLY FEE APPLICATION (1.4);<br>CORRESPONDENCE WITH DELAWARE COUNSEL REGARDING SAME (0.2). |

~ See the last page of exhibit for explanation

EXHIBIT I PAGE 3 of 5

EXHIBIT I

DOW LOHNES RETENTION/COMPENSATION

Dow Lohnes PLLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
|      |                 |             | 33.20 | $14,940.00 |          |   |             |

Total

Number of Entries:          24

EXHIBIT I  PAGE 4 of  5

EXHIBIT I

DOW LOHNES RETENTION/COMPENSATION

Dow Lohnes PLLC

### SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Meazell, C | 33.20 | 14,940.00 |
| | 33.20 | $14,940.00 |

### SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Applications | 33.20 | 14,940.00 |
| | 33.20 | $14,940.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F       FINAL BILL

EXHIBIT I  PAGE 5 of  5