## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE SIXTEENTH QUARTERLY FEE APPLICATION OF MCDERMOTT WILL & EMERY LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Sixteenth Quarterly Fee Application of McDermott Will & Emery LLP as Special Counsel to Debtors for Domestic Legal Matters, for Allowance of Compensation and Reimbursement of Expenses for the Period September 1, 2012 Through November 30, 2012* [Docket No. 13159] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $969,592.00 and reimbursement of

---

[1] The Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marketing, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

expenses that total $31,747.07 for the period from September 1, 2012 through November 30, 2012. McDermott Will & Emery LLP ("**McDermott**") serves as Special Counsel to the Debtors for Domestic Legal Matters.

### Background

1.    On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2.    On December 26, 2008, the Debtors filed the *Application for an Order Authorizing Debtors to Employ and Retain McDermott Will & Emery LLP as Special Counsel for General Domestic Legal Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to the Petition Date* [Docket No. 141] (the "**Retention Application**").  By order dated March 12, 2009 [Docket 511], this Court approved the retention of McDermott (the "**Retention Order**").

3.    McDermott submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals,* (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

### Applicable Standards

4.    In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of

Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.      The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**").  In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A).*  In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable

based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

7.    A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred.  A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules.  Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application.  A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.    The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provides this Preliminary Report to McDermott for review and comment.  The Fee Examiner will issue a final report (the "**Final Report**") with respect to each quarterly fee application and the firm's final fee application.  The Final Report "shall be in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5.*

## DISCUSSION OF FINDINGS

### Technical Requirements

9.    **Reconciliation of Fees and Expenses.**  The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or

hard copy data received from the firm (**"Fees Computed"** and **"Expenses Computed"**).  The Fee Examiner determined that the Fees Computed exceeded the Fees Requested by $765.00, resulting in an apparent undercharge.  The discrepancy is the result of task hours within one entry that did not equal the time billed for the entry as a whole, which was displayed in **Exhibit A** to the Preliminary Report.  In response, McDermott agreed with the Fee Examiner's calculations, which resulted in an increase in Fees Requested by an amount of $765.00. Exhibit A has been omitted from this Report.

The Fee Examiner further determined that there was no discrepancy between the Expenses Requested and the Expenses Computed.  The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

10.    **Block Billing.**[2]  The Local Rules provide that "[a]ctivity descriptions shall not be lumped - each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*.  The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[3]  The Delaware Bankruptcy Court has found that time entries that generally only combine work on one issue, and a conference/communication with the client or

---

[2] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing.  Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry.  As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry.  This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

[3] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent.  *See id.* at 495 n.7 and cases cited.

opposing counsel on the same issue, while technically blocked billing, will not be objectionable.[4] McDermott block billed entries totaling 86.20 hours and $74,716.50 in associated fees. The entries were displayed in **Exhibit B**[5] to the Preliminary Report. However, none of the block billed entries were objectionable under the precedent established by this Court. Exhibit B has been omitted from the Final Report.

11.    **Potential Double Billing.**  The Fee Examiner identified entries that appear to have been inadvertently duplicated (*i.e.*, on the same date by the same timekeeper with the identical or nearly identical description and time increment). The questioned tasks, totaling 2.80 hours and $2,912.00 in associated fees, were highlighted in bold and marked with an ampersand [&] in **Exhibit C** to the Preliminary Report. The Fee Examiner requested that the firm review the entries and either (i) confirm that the tasks were inadvertently billed twice, or (ii) provide an explanation for the duplication. McDermott responding by verifying the two tasks related to two separate and distinct matters. As such, no fee reduction is warranted and Exhibit C is omitted from this Final Report.

12.    **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*. The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*. Billing in greater than 0.10 hour increments is a practice that lends itself to the potential of increased rounding of time, thereby

---

[4] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

[5] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

increasing the likelihood the reported time may be inflated.  It is a practice widely criticized by courts and legal scholars and is typically prohibited by sophisticated consumers of legal services. The Fee Examiner reviewed the Fee Application and determined that the firm properly billed its time.

**Review of Fees**

13.    **Firm Staffing.** The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*.  The Fee Application provided the names, positions, and hourly rates of the 37 McDermott professionals and paraprofessionals who billed to this matter, consisting of 24 partners, 2 counsel, 5 associates, 3 senior staff attorneys, 1 corporate department specialist, 1 manager litigation technology, and 1 paralegal.  A summary of hours and fees billed by each timekeeper is displayed in **Exhibit D**.

The firm billed a total of 1,254.80 hours with associated fees of $970,357.00.[6]  The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 995.60 | 79% | $870,542.50 | 90% |
| Counsel | 1.10 | * | 1,038.00 | * |
| Associate | 202.00 | 16% | 84,164.00 | 9% |
| Senior Staff Attorney | 31.30 | 2% | 7,668.50 | * |
| Corporate Department Specialist | 2.00 | * | 750.00 | * |

---

[6] This amount reflects the Fees Computed.

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Manager, Litigation Technology | 0.70 | * | 241.50 | * |
| Paralegal | 22.10 | 2% | 5,952.50 | * |
| TOTAL | 1,254.80 | 100% | $970,357.00 | 100% |

\* Less than 1%

The blended hourly rate for the McDermott professionals is $782.35 and the blended hourly rate for professionals and paraprofessionals is $773.32.

14.    **Hourly Rate Increases.**  McDermott increased the hourly rates of timekeepers during this interim period, effective November 1, 2012.

15.    **Timekeepers' Roles.**  A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*.  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.  Of the 34 professional McDermott timekeepers that billed during this fee period, 21 billed less than 10.00 hours and 21 billed less than 10 entries.  A large number of timekeepers with limited roles raise concerns as to whether or not a matter is staffed efficiently.  The Fee Examiner reviewed the fee entries and most appeared to perform core team responsibilities necessary to the engagement or discrete activities that did not appear to be duplicative of the activities of other timekeepers.  However, the Fee Examiner requested additional information regarding the necessity and scope of the roles performed by certain McDermott timekeepers, which were identified in **Exhibit E** to the Preliminary Report. The questioned entries 4.60 hours with associated fees of $3,601.50.

In response to the Preliminary Report, McDermott explained that most of the timekeepers questioned were asked to perform a discrete task based upon their extensive experience and knowledge in a particular area of law, as well as their familiarity with the case in general.  With regard to the other questioned timekeepers, McDermott responded by providing additional

information regarding their roles and activities. Based upon the additional information provided, a fee reduction is not appropriate. Exhibit E is omitted from this Report.

16. **Meetings, Conferences, Hearings, and Other Events.** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*. While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more McDermott timekeepers attended the same meeting, conference, hearing, or other event. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 79.70 hours with $70,440.00 in associated fees, were displayed in **Exhibit F** to the Preliminary Report. In each instance where multiple timekeepers attended a meeting, conference, hearing or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference). The potentially duplicative and unnecessary timekeepers' entries totaled 54.20 hours with $45,211.00 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the Exhibit. The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response to the Preliminary Report, McDermott provided the Fee Examiner with a lengthy and detailed explanation of the specific subject matter and purpose of the meetings in question, as well as the role of the various participants. The extensive detail satisfies the requirements of the Local Rules and UST Guidelines, and after analysis of the same, the Fee Examiner makes no recommendation for a related fee reduction. Exhibit F has been omitted from the Final Report.

17.    **Intraoffice Conferences.**    Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified billing activities by McDermott timekeepers describing intraoffice conferences totaling 113.00 hours with $92,542.00 in associated fees, or approximately 10% of the Fees Computed, which were displayed in **Exhibit G** to the Preliminary Report. The Fee Examiner observed that in certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference. The entries describing intraoffice conferences invoiced by two or more firm personnel totaled 73.90 hours with $59,784.50 in associated fees and were highlighted in bold and marked with an ampersand [&] in the Exhibit. The Fee Examiner requested that McDermott strive to eliminate unnecessary intraoffice conferencing, and further requested that the firm provide an explanation for the necessity of more than one participant billing for the same intraoffice conference as identified in the Exhibit.

In response, McDermott provided a detailed explanation as to the necessity and appropriateness of the questioned conferences. The firm also verified that it continues to monitor the level of intraoffice conferences and that it encourages its timekeepers to work efficiently in order to keep such intraoffice conferences to the minimum amount necessary to accomplish the specific task. After due consideration of the firm's informative response, the Fee

Examiner makes no recommendation for a fee reduction.  Exhibit G has been omitted from this Report.

18.    **Complete and Detailed Task Descriptions.**  Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary."  The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix).*  The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.  Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v).*

a.    **Vague Communications.**  The Fee Examiner identified several entries, totaling 1.30 hours with $1,150.50 in associated fees, in which a conference or other communication was not described with sufficient detail.  This lack of detail hinders a reviewer's ability to determine the reasonableness and necessity of the activity, and is in clear violation of the applicable guidelines.  The entries were displayed in **Exhibit H** to the Preliminary Report.

To avoid a fee reduction, the Fee Examiner asked the firm to bring the entries into compliance by providing the missing subject matter and/or participant information from the vague communications.  In response, the firm revised the questioned communications.  The additional detail provided the missing participant and/or subject matter information, which

brought the entries into compliance with the Local Rules and UST Guidelines.  As such, no fee reduction is appropriate.  Exhibit H is omitted from this report.

        b.    **Other Vague Tasks.**  The Fee Examiner reviewed the substantive detail of each billing entry and identified other entries where the Fee Examiner could not determine the precise nature of the services performed by the timekeeper.  The entries were displayed in **Exhibit I** to the Preliminary Report and totaled 9.30 hours with $8,841.50 in associated fees.  As reflected in the Local Rules and UST Guidelines, billing entries must adequately describe the services actually performed to allow a determination of whether the task was staffed appropriately, whether the task involved the exercise of legal judgment, and/or whether the task was duplicated by other timekeepers.[7]

        The Fee Examiner requested the firm clarify the entries displayed in the exhibit to avoid a fee reduction.  In response to the Preliminary Report, the firm provided a list that contained additional detail for each of the task descriptions in question.  The additional information brought the entries into compliance with the Local Rules and UST Guidelines and, accordingly, the Fee Examiner makes no recommendation for a fee reduction.  Exhibit I has been omitted from this Report.

        19.    **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.  The Fee Examiner identified fee entries describing the administrative tasks of coordinating attendance at hearings and communicating regarding making CDs.  The

---

[7] Vague entries do not allow the court to determine the reasonableness and necessity of the effort expended, and fees may be denied or reduced when insufficiently documented.  *E.g., In re Bennett Funding, Inc.*, 213 B.R. 234, 245-46 (Bankr. N.D.N.Y. 1997).  Entries for legal research must identify the issue and explain the research need.  *In re Fibermark, Inc.*, 349 B.R. 385, 397 (Bankr. D. Vt. 2006).

questioned tasks totaling 0.20 hour with related fees of $95.00 were displayed in **Exhibit J** to the Preliminary Report.

In response, McDermott stated that some of the time was not administrative. The firm did, however, admit some of the work was potentially clerical in nature. McDermott and the Fee Examiner reached a compromise wherein the firm agreed to reduce its fees in the amount of $47.50. No additional fee reduction is warranted and Exhibit J is omitted from this Report.

20.   **Clerical Activities.**   Typically, clerical activities are those tasks that do not require legal acumen and may effectively be performed by administrative assistants, secretaries, or support personnel, and like administrative activities are generally reflected in the hourly rates charged by a firm. In the 3rd Circuit, however, clerical-type activities performed by professionals and/or paraprofessionals are subject to a reduced billing rate. The Fee Examiner reviewed each timekeeper's billing activities and identified entries describing clerical-type activities, including but not limited to extracting, transferring, duplicating, checking and labeling documents and CDs. The questioned entries were displayed in **Exhibit K** to the Preliminary Report, and totaled 2.00 hours with $1,423.00 in associated fees.

In response, McDermott stated that some of the time was not clerical in nature and that the activities required the professional's knowledge of the legal work being performed and legal acumen. The firm did, however, agree that some of the work was partially clerical in nature. McDermott and the Fee Examiner reached a compromise wherein the firm agreed to reduce its fees in the amount of $711.50. No additional fee reduction is appropriate and Exhibit K is omitted from this Report.

21.   **Travel.** The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. McDermott timekeepers did not bill any fees for travel.

22.   **McDermott Retention/Compensation.** McDermott billed 78.30 hours with associated fees of $34,195.00 to prepare the firm's applications for compensation, approximately 4% of the Fees Computed. The fee entries describing McDermott's retention/compensation activities are displayed in **Exhibit L**, which is included in the Final Report for the Court's reference.

**Review of Expenses**

23.   **Itemization of Expenses.** The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the charge, if available." *Local Rule 2016-2(e)(i-ii)*. The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*. McDermott provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

24.    **Photocopies.**    The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii)*.    McDermott stated in the Application that it "charged the Debtors the maximum permitted amount of $0.10 per page."

25.    **Overtime Expenses.**    McDermott requested reimbursement of overtime transportation totaling $8.40, as was displayed in **Exhibit M** to the Preliminary Report. Although a firm may have a policy that personnel may be reimbursed for travel home when working late, such charges are generally considered part of the firm's overhead.    In response, McDermott agreed to waive the expense item in question, but stated it had already been paid for the expense.    Accordingly, the firm agreed to reduce its final fee application expense reimbursement request by $8.40.    Exhibit M is omitted from this Report.

CONCLUSION

The Fee Examiner submits this final report regarding the Application and the fees and expenses discussed above.    The Fee Examiner recommends the approval of fees in the amount of $969,598.00 ($969,592.00 plus $765.00 minus $759.00) and reimbursement of expenses in the amount of $31,738.67 ($31,747.07 minus $8.40) for the period from September 1, 2012 through November 30, 2012.    The findings are set forth in the summary on the following page.

**MCDERMOTT WILL & EMERY LLP**

**SUMMARY OF FINDINGS**

**Sixteenth Quarterly Fee Application (September 1, 2012 through November 30, 2012)**

**A.**    **Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $969,592.00 | |
| Expenses Requested | 31,747.07 | |
| TOTAL FEES AND EXPENSES REQUESTED | | $1,001,339.07 |
| Fees Computed | $970,357.00 | |
| Expenses Computed | 31,747.07 | |
| TOTAL FEES AND EXPENSES COMPUTED | | $1,002,104.07 |
| Discrepancy in Fees | ($ 765.00) | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | ($ 765.00) |

**B.**    **Recommended Fee Allowance and Expense Reimbursement**

| | | | |
|---|---|---|---|
| Fees Requested | $969,592.00 | | |
| *Discrepancy in Fees* | | *$ 765.00* | |
| *Agreed Reduction for Administrative Activities* | | *(47.50)* | |
| *Agreed Reduction for Clerical Activities* | | *(711.50)* | |
| Subtotal | | *$ 6.00* | |
| RECOMMENDED FEE ALLOWANCE | | | $ 969,598.00 |
| Expenses Requested | $31,747.07 | | |
| *Agreed Reduction for Overtime Expenses* | | *($ 8.40)* | |
| Subtotal | | *($ 8.40)* | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 31,738.67 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $1,001,336.67 |

Respectfully submitted,

**STUART MAUE**

By: _____

   John F. Theil, Esq.
   3840 McKelvey Road
   St. Louis, Missouri  63044
   Telephone:  (314) 291-3030
   Facsimile:  (314) 291-6546
   tribunebkr@smmj.com

   *Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 20th day of May, 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Blake D. Rubin, Esq.
McDermott Will & Emery LLP
600 13th Street N.W.
Washington, DC 20005-3096

_____
John F. Theil, Esq.

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**McDermott, Will & Emery**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 0342 | Rubin, Blake D. | PARTNER | $995.00 | $1,040.00 | 282.00 | $285,508.50 |
| 0344 | Finkelstein, Jon G. | PARTNER | $765.00 | $795.00 | 271.20 | $210,444.00 |
| 0343 | Whiteway, Andrea M. | PARTNER | $885.00 | $925.00 | 232.00 | $208,600.00 |
| 1086 | Wilder, Michael J. | PARTNER | $780.00 | $820.00 | 48.00 | $38,376.00 |
| 7142 | Gordon, Amy M. | PARTNER | $725.00 | $785.00 | 50.10 | $36,850.50 |
| 4378 | Greenhouse, Robin L. | PARTNER | $900.00 | $940.00 | 27.40 | $24,844.00 |
| 803 | Compernolle, Paul J. | PARTNER | $820.00 | $850.00 | 19.30 | $15,961.00 |
| 3320 | Eisenegger, Erich | PARTNER | $825.00 | $825.00 | 11.70 | $9,652.50 |
| 6673 | Levine, Philip J. | PARTNER | $990.00 | $990.00 | 9.40 | $9,306.00 |
| 3051 | Bilut, Mark A. | PARTNER | $735.00 | $765.00 | 10.10 | $7,432.50 |
| 8422 | Hazan, Nava | PARTNER | $645.00 | $710.00 | 9.30 | $6,265.00 |
| 6832 | Holdvogt, Jeffrey M. | PARTNER | $580.00 | $670.00 | 6.30 | $3,789.00 |
| 4809 | Lee, Michael V. | PARTNER | $710.00 | $710.00 | 5.20 | $3,692.00 |
| 1112 | Mirsky, Ira B. | PARTNER | $645.00 | $645.00 | 3.90 | $2,515.50 |
| 6395 | Harris, Ryan D. | PARTNER | $640.00 | $670.00 | 2.60 | $1,724.00 |
| 2810 | Merten, William W. | PARTNER | $820.00 | $850.00 | 1.80 | $1,491.00 |
| 2580 | Pavlick, Stephen | PARTNER | $850.00 | $850.00 | 1.30 | $1,105.00 |
| 2812 | Schaefer, Susan | PARTNER | $820.00 | $820.00 | 1.30 | $1,066.00 |
| 8450 | Shuman, Timothy S. | PARTNER | $500.00 | $500.00 | 1.00 | $500.00 |
| 0261 | Hoeft, Steven H. | PARTNER | $875.00 | $875.00 | 0.50 | $437.50 |
| 2584 | Wells, Stephen E. | PARTNER | $990.00 | $990.00 | 0.30 | $297.00 |
| 298 | Schreck Jr., Robert A. | PARTNER | $850.00 | $850.00 | 0.30 | $255.00 |
| 1551 | Gruemmer, Brooks B. | PARTNER | $840.00 | $840.00 | 0.30 | $252.00 |
| 8311 | Lin, Christopher | PARTNER | $595.00 | $595.00 | 0.30 | $178.50 |

No. of Billers for Position: 24    Blended Rate for Position: $874.39    995.60    $870,542.50

% of Total: 79.34%    % of Total: 89.71%

| 2572 | Feldgarden, Robert | COUNSEL | $1,020.00 | $1,020.00 | 0.80 | $816.00 |
| 2816 | Granados III, Luis L. | COUNSEL | $740.00 | $740.00 | 0.30 | $222.00 |

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

### COMPUTED AT STANDARD RATES

**McDermott, Will & Emery**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| | No. of Billers for Position: 2 | Blended Rate for Position: | $943.64 | | 1.10 | $1,038.00 |
| | | | | | % of Total: 0.09% | % of Total: 0.11% |
| 3258 | Robert, John | ASSOCIATE | $365.00 | $385.00 | 121.60 | $45,232.00 |
| 0676 | Kopacz, Gregory A. | ASSOCIATE | $435.00 | $515.00 | 47.20 | $22,116.00 |
| 9085 | McCurry, Patrick J. | ASSOCIATE | $500.00 | $595.00 | 28.70 | $14,834.50 |
| 2199 | Walker Porter, Adrienne | ASSOCIATE | $435.00 | $435.00 | 4.20 | $1,827.00 |
| 0664 | Parker, Cole | ASSOCIATE | $515.00 | $515.00 | 0.30 | $154.50 |
| | No. of Billers for Position: 5 | Blended Rate for Position: | $416.65 | | 202.00 | $84,164.00 |
| | | | | | % of Total: 16.10% | % of Total: 8.67% |
| 0831 | Newgard, Brant A. | SR STAFF ATTY | $245.00 | $245.00 | 24.30 | $5,953.50 |
| 1918 | McElhaney, Quinton | SR STAFF ATTY | $245.00 | $245.00 | 5.00 | $1,225.00 |
| 1914 | LeBeau, Nicole | SR STAFF ATTY | $245.00 | $245.00 | 2.00 | $490.00 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $245.00 | | 31.30 | $7,668.50 |
| | | | | | % of Total: 2.49% | % of Total: 0.79% |
| 2334 | Schafman, Beverly | CORP DEPT SPEC | $375.00 | $375.00 | 2.00 | $750.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $375.00 | | 2.00 | $750.00 |
| | | | | | % of Total: 0.16% | % of Total: 0.08% |
| 9566 | Skowron, David R. | MGR, LITIG TECH | $345.00 | $345.00 | 0.70 | $241.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $345.00 | | 0.70 | $241.50 |
| | | | | | % of Total: 0.06% | % of Total: 0.02% |
| 3455 | Kaylor-Brett, Jill | PARALEGAL | $265.00 | $280.00 | 22.10 | $5,952.50 |

EXHIBIT F

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

**McDermott, Will & Emery**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|----------|------|----------|--------------|--------------|----------------|---------------|
| | No. of Billers for Position: 1 | Blended Rate for Position: | $269.34 | | 22.10 | $5,952.50 |
| | | | | | % of Total: 1.76% | % of Total: 0.61% |
| | Total No. of Billers: 37 | Blended Rate for Report: | $773.32 | | 1,254.80 | $970,357.00 |

EXHIBIT L

MCDERMOTT RETENTION/COMPENSATION

McDermott, Will & Emery

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Hazan, N | 9.30 | 6,265.00 |
| Kaylor-Brett, J | 22.10 | 5,952.50 |
| Kopacz, G | 46.90 | 21,977.50 |
| | 78.30 | $34,195.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Chapter 11 Restructuring/Tax Planning | 78.30 | 34,195.00 |
| | 78.30 | $34,195.00 |

EXHIBIT L  PAGE 1 of  6

EXHIBIT L

MCDERMOTT RETENTION/COMPENSATION

McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|------|------|------|------|------|------|------|------|
| 09/04/12 Tue | Hazan, N 2441331/1 | 1.10 | 1.10 | 709.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring/Tax Planning REVIEW PRELIMINARY REPORT OF FEE EXAMINER (12TH QUARTERLY FEE APPLICATION). |
| 09/10/12 Mon | Kaylor-Brett, J 2441331/15 | 3.80 | 3.80 | 1,007.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring/Tax Planning PREPARE JULY, 2012 FEE APPLICATION. |
| 09/12/12 Wed | Hazan, N 2441331/23 | 0.30 | 0.30 | 193.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring/Tax Planning DISCUSS EXPENSES ON BILLS WITH G. KOPACZ AND EMAIL EXCHANGE WITH A. WHITEWAY REGARDING SAME. |
| 09/12/12 Wed | Kopacz, G 2441331/24 | 3.40 | 3.40 | 1,479.00 | 1.90 1.50 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring/Tax Planning REVIEW AUGUST TIME ENTRIES TO ENSURE COMPLIANCE WITH APPLICABLE GUIDELINES (1.9); WORK ON JUNE FEE APPLICATION (1.5). |
| 09/13/12 Thu | Hazan, N 2441331/27 | 0.50 | 0.50 | 322.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring/Tax Planning REVIEW AND CORRECT JUNE FEE APPLICATION. |
| 09/13/12 Thu | Kopacz, G 2441331/28 | 2.80 | 2.80 | 1,218.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring/Tax Planning WORK ON JUNE FEE APPLICATION. |
| 09/14/12 Fri | Hazan, N 2441331/35 | 0.10 | 0.10 | 64.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring/Tax Planning EMAIL EXCHANGE WITH FEE EXAMINER AND G. KOPACZ RE: TIME ENTRY DATA. |
| 09/14/12 Fri | Kopacz, G 2441331/34 | 0.20 | 0.20 | 87.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring/Tax Planning EMAIL FEE EXAMINER REGARDING LEDES FILES AND FINALIZE JUNE FEE APPLICATION FOR FILING. |
| 09/19/12 Wed | Kaylor-Brett, J 2441331/41 | 3.80 | 3.80 | 1,007.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring/Tax Planning PREPARE AUGUST, 2012 FEE APPLICATION. |
| 09/24/12 Mon | Kopacz, G 2441331/50 | 5.10 | 5.10 | 2,218.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring/Tax Planning WORK ON RESPONSE TO FEE EXAMINER REPORT FOR THE 12TH QUARTERLY PERIOD. |
| 09/25/12 Tue | Hazan, N 2441331/56 | 1.10 | 1.10 | 709.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring/Tax Planning REVIEW AND CORRECT RESPONSE TO FEE EXAMINER REPORT. |
| 09/25/12 Tue | Kopacz, G 2441331/55 | 3.10 | 3.10 | 1,348.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring/Tax Planning WORK ON RESPONSE TO FEE EXAMINER'S 12TH PRELIMINARY REPORT. |
| 09/26/12 Wed | Hazan, N 2441331/62 | 1.00 | 1.00 | 645.00 | 0.50 0.50 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring/Tax Planning REVIEW AND CORRECT JULY FEE STATEMENT (0.50); REVIEW AND CORRECT AUGUST FEE STATEMENT (0.50). |

~ See the last page of exhibit for explanation

EXHIBIT L PAGE 2 of 6

EXHIBIT L
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 09/26/12 Wed | Kopacz, G 2441331/61 | 4.60 | 4.60 | 2,001.00 | 0.30 2.30 2.00 | F F F | 1 2 3 | MATTER NAME: Chapter 11 Restructuring/Tax Planning INCORPORATE COMMENTS OF N. HAZAN INTO RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT (.3); WORK ON JULY FEE APPLICATION (2.3); WORK ON AUGUST FEE APPLICATION (2.0). |
| 09/27/12 Thu | Kopacz, G 2441331/64 | 0.20 | 0.20 | 87.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring/Tax Planning UPDATE AUGUST FEE APPLICATION BASED ON COMMENTS OF N. HAZAN. |
| 10/01/12 Mon | Hazan, N 2451021/3 | 0.20 | 0.20 | 129.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring/Tax Planning REVIEW FINAL REPORT OF THE FEE EXAMINER. |
| 10/01/12 Mon | Kopacz, G 2451021/1 | 0.80 | 0.80 | 348.00 | 0.60 0.20 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring/Tax Planning REVIEW FINAL REPORT OF THE FEE EXAMINER FOR THE 11TH QUARTERLY PERIOD (.6); EMAILS TO B. RUBIN AND FEE EXAMINER REGARDING RESPONSE TO FEE EXAMINER'S REPORT (.2). |
| 10/03/12 Wed | Kopacz, G 2451021/14 | 0.30 | 0.30 | 130.50 | 0.10 0.20 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring/Tax Planning EMAIL B. RUBIN REGARDING ORDER WITH RESPECT TO 11TH QUARTERLY FEE APPLICATION (.1); COMMUNICATIONS WITH TEAM REGARDING SAME (.2). |
| 10/04/12 Thu | Kopacz, G 2451021/21 | 1.60 | 1.60 | 696.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring/Tax Planning REVIEW SEPTEMBER PRE-BILLS TO ENSURE COMPLIANCE WITH APPLICABLE GUIDELINES. |
| 10/05/12 Fri | Kopacz, G 2451021/25 | 0.80 | 0.80 | 348.00 | 0.70 0.10 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring/Tax Planning REVIEW SEPTEMBER PRE-BILLS TO ENSURE COMPLIANCE WITH APPLICABLE GUIDELINES (.7); EMAIL LOCAL COUNSEL REGARDING JULY AND AUGUST FEE APPLICATIONS (.1). |
| 10/08/12 Mon | Kopacz, G 2451021/28 | 0.30 | 0.30 | 130.50 | 0.10 0.10 0.10 | F F F | 1 2 3 | MATTER NAME: Chapter 11 Restructuring/Tax Planning EMAIL LOCAL COUNSEL REGARDING FEE APPLICATIONS AND CERTIFICATE OF NO OBJECTION (.1); REVIEW DOCKET REGARDING SAME (.1); EMAIL B. RUBIN REGARDING SAME (.1). |
| 10/09/12 Tue | Kaylor-Brett, J 2451021/34 | 5.80 | 5.80 | 1,537.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring/Tax Planning PREPARE FIFTEENTH QUARTERLY FEE APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JUNE 1, 2012 THROUGH AUGUST 31, 2012. |
| 10/09/12 Tue | Kopacz, G 2451021/33 | 0.30 | 0.30 | 130.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring/Tax Planning WORK ON 15TH QUARTERLY FEE APPLICATION. |
| 10/10/12 Wed | Kaylor-Brett, J 2451021/42 | 2.30 | 2.30 | 609.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring/Tax Planning REVIEW AND REVISE THE FIFTEENTH QUARTERLY FEE APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JUNE 1, 2012 THROUGH AUGUST 31, 2012. |
| 10/10/12 Wed | Kopacz, G 2451021/41 | 0.30 | 0.30 | 130.50 | 0.10 0.20 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring/Tax Planning COMMUNICATIONS WITH J. KAYLOR-BRETT REGARDING 15TH QUARTERLY FEE APPLICATION (.1); WORK ON 15TH QUARTERLY FEE APPLICATION (.2). |

~ See the last page of exhibit for explanation

EXHIBIT L PAGE 3 of 6

EXHIBIT L

MCDERMOTT RETENTION/COMPENSATION

McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 10/11/12 Thu | Hazan, N 2451021/52 | 0.60 | 0.60 | 387.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring/Tax Planning REVIEW AND CORRECT QUARTERLY FEE APPLICATION. |
| 10/11/12 Thu | Kopacz, G 2451021/49 | 2.90 | 2.90 | 1,261.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring/Tax Planning WORK ON 15TH QUARTERLY FEE APPLICATION. |
| 10/12/12 Fri | Kopacz, G 2451021/57 | 0.10 | 0.10 | 43.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring/Tax Planning EMAIL THE FEE EXAMINER REGARDING THE LEDES FILES FOR THE 15TH QUARTERLY FEE APPLICATION. |
| 10/18/12 Thu | Hazan, N 2451021/76 | 0.30 | 0.30 | 193.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring/Tax Planning REVIEW FEE EXAMINERS FINAL REPORT 12TH QUARTER. |
| 10/18/12 Thu | Kopacz, G 2451021/75 | 0.20 | 0.20 | 87.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring/Tax Planning REVIEW FINAL REPORT OF THE FEE EXAMINER. |
| 10/19/12 Fri | Kopacz, G 2451021/80 | 0.20 | 0.20 | 87.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring/Tax Planning COMMUNICATIONS WITH TEAM REGARDING INVOICES. |
| 11/01/12 Thu | Hazan, N 2466290/6 | 0.20 | 0.20 | 142.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring/Tax Planning REVIEW FEE EXAMINERS 12TH QUARTERLY REPORT. |
| 11/02/12 Fri | Kaylor-Brett, J 2466290/14 | 2.80 | 2.80 | 784.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring/Tax Planning PREPARE SEPTEMBER, 2012 MONTHLY FEE STATEMENT. |
| 11/02/12 Fri | Kopacz, G 2466290/15 | 0.20 | 0.20 | 103.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring/Tax Planning ATTENTION TO EMAIL FROM LOCAL COUNSEL REGARDING PROPOSED FEE APPLICATION ORDER. |
| 11/05/12 Mon | Kopacz, G 2466290/26 | 0.30 | 0.30 | 154.50 | 0.20 0.10 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring/Tax Planning EMAIL TEAM REGARDING JULY AND AUGUST CNOS (.2); COORDINATE WITH SECRETARY REGARDING MAKING ARRANGEMENTS TO ATTEND UP-COMING FEE APPLICATION HEARING (.1). |
| 11/06/12 Tue | Kopacz, G 2466290/33 | 4.10 | 4.10 | 2,111.50 | 3.70 0.40 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring/Tax Planning REVIEW OCTOBER PRE-BILLS TO ENSURE COMPLIANCE WITH APPLICABLE GUIDELINES (3.7); REVIEW ORDER REGARDING QUARTERLY FEE APPLICATION AND DRAFT EMAIL TO B. RUBIN REGARDING SAME (.4). |
| 11/07/12 Wed | Hazan, N 2466290/37 | 0.40 | 0.40 | 284.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring/Tax Planning REVIEW AND CORRECT SEPTEMBER MONTHLY FEE APPLICATION. |
| 11/07/12 Wed | Kopacz, G 2466290/38 | 2.30 | 2.30 | 1,184.50 | 0.80 1.50 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring/Tax Planning REVIEW OCTOBER PRE-BILLS TO ENSURE COMPLIANCE WITH APPLICABLE GUIDELINES (.8); WORK ON SEPTEMBER FEE APPLICATION (1.5). |

~ See the last page of exhibit for explanation

EXHIBIT L  PAGE 4 of  6

EXHIBIT L
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 11/09/12 Fri | Kopacz, G 2466290/47 | 0.50 | 0.50 | 257.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring/Tax Planning<br>INCORPORATE COMMENTS OF N. HAZAN INTO SEPTEMBER FEE APPLICATION. |
| 11/12/12 Mon | Kaylor-Brett, J 2466290/51 | 3.60 | 3.60 | 1,008.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring/Tax Planning<br>PREPARE OCTOBER, 2012 FEE APPLICATION. |
| 11/12/12 Mon | Kopacz, G 2466290/56 | 1.10 | 1.10 | 566.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring/Tax Planning<br>WORK ON OCTOBER FEE APPLICATION. |
| 11/14/12 Wed | Hazan, N 2466290/62 | 1.40 | 1.40 | 994.00 | 1.00<br>0.40 | F<br>F | 1<br>2 | MATTER NAME: Chapter 11 Restructuring/Tax Planning<br>REVIEW REPORT FROM FEE EXAMINER - 13TH QUARTERLY (1.00),<br>CORRECT OCTOBER FEE APPLICATION (0.40). |
| 11/14/12 Wed | Kopacz, G 2466290/63 | 2.40 | 2.40 | 1,236.00 | 1.20<br>1.20 | F<br>F | 1<br>2 | MATTER NAME: Chapter 11 Restructuring/Tax Planning<br>WORK ON OCTOBER FEE APPLICATION (1.2):<br>WORK ON RESPONSE TO FEE EXAMINER'S 13TH PRELIMINARY REPORT (1.2). |
| 11/15/12 Thu | Kopacz, G 2466290/70 | 5.90 | 5.90 | 3,038.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring/Tax Planning<br>WORK ON RESPONSE TO THE 13TH PRELIMINARY REPORT OF THE FEE EXAMINER. |
| 11/16/12 Fri | Hazan, N 2466290/79 | 2.10 | 2.10 | 1,491.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring/Tax Planning<br>REVIEW AND CORRECT RESPONSE TO EXAMINER'S PRELIMINARY REPORT. |
| 11/16/12 Fri | Kopacz, G 2466290/75 | 2.90 | 2.90 | 1,493.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring/Tax Planning<br>WORK ON RESPONSE TO FEE EXAMINER'S 13TH QUARTERLY REPORT. |

| | | | HOURS | FEES | | | | |
|------|--|--|-------|------|--|--|--|--|
| Total | | | 78.30 | $34,195.00 | | | | |
| Number of Entries: | 46 | | | | | | | |

EXHIBIT L

MCDERMOTT RETENTION/COMPENSATION

McDermott, Will & Emery


SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Hazan, N | 9.30 | 6,265.00 |
| Kaylor-Brett, J | 22.10 | 5,952.50 |
| Kopacz, G | 46.90 | 21,977.50 |
| | 78.30 | $34,195.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Chapter 11 Restructuring/Tax Planning | 78.30 | 34,195.00 |
| | 78.30 | $34,195.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL

EXHIBIT L  PAGE 6 of  6