## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

### FEE EXAMINER'S FINAL REPORT REGARDING THE
### THIRD INTERIM FEE APPLICATION OF NOVACK AND MACEY LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Third Interim Fee Application of Novack and Macey LLP* [Docket No. 13046] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $3,633.00 for the period from September 1, 2012 through November 30, 2012. Novack and Macey LLP ("**Novack and Macey**") serves as special counsel

---

[1] The Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marketing, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

to the Debtors for the purposes of advising the Debtors in connection with Morgan Stanley claims and certain avoidance actions.

**Background**

1.      On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**").   Under the Bankruptcy Court's *Order Directing Joint Administration Chapter 11 Cases* dated December 10, 2009 [Docket No. 43], these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

2.      On September 24, 2010, the Debtors filed the *Application for an Order Authorizing Debtors and Debtors in Possession to Employ and Retain Novack and Macey LLP as Special Counsel Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to August 26, 2010* [Docket No. 5808] (the "**Retention Application**").   In the Retention Application, the Debtors sought to retain Novack and Macey for the limited purpose of representing and advising the Debtors in connection with certain claims related to Morgan Stanley Capital Services, Inc., Morgan Stanley & Co., Inc. and/or companies affiliated therewith (collectively, "**Morgan Stanley**").  By order dated October 22, 2010, the Bankruptcy Court approved the Retention Application *nunc pro tunc* to August 26, 2010 (the "**Initial Retention Order**").

3.      On February 25, 2011, the Court entered an Order (the "**Supplemental Retention Order**") [Docket No. 8147] approving the *Debtors' Supplemental Application for an Order Modifying the Scope of the Debtors' Retention of Novack and Macey LLP to Include Services Relating to the Prosecution of Certain Avoidance Actions Pursuant to 11 U.S.C. §§ 327(a), Nunc*

*Pro Tunc to November 22, 2010* (the "**Supplemental Retention Application**"). The Supplemental Retention Application sought modification of the scope of Novack and Macey's representation to include the filing and prosecution of three avoidance actions (described in the Supplemental Retention Application). Novack and Macey continues to advise and assist the Debtors in connection with the Morgan Stanley matters.

4.    Novack and Macey submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

<u>Applicable Standards</u>

5.    In light of the size and complexity of these Chapter 11 cases, the Bankruptcy Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

6.    The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of

Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

7.    Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*.  In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

8.    A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred.  A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules.  Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application.  A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

9.      The Fee Examiner completed an evaluation of the Fee Application, the Retention Application, the Retention Order, the Supplemental Retention Application, the Supplemental Retention Order, the Interim Compensation Order, and all related filings.  The Fee Examiner issues this final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5.*

## DISCUSSION OF FINDINGS

### Technical Requirements

10.     **Reconciliation of Fees.**  The Fee Examiner compared the total amount of fees requested in the Fee Application ("**Fees Requested**") to the fees actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**").  The Fee Examiner identified no discrepancies between the Fees Requested and the Fees Computed.

11.     **Block Billing.**  The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii).*  The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines ¶(b)(4)(v).*[2]  Aside from one minor exception, Novack and Macey timekeepers did not block bill time entries.  Therefore, no fee reduction is appropriate.

12.     **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv).*  The UST Guidelines further

---

[2] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g., In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g., In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent.  *See id.* at 495 n.7 and cases cited.

provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*. Novack and Macey complied with the applicable rules regarding time increments and billed in tenth of an hour increments.

**Review of Fees**

13.    **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*.  The Fee Application provided the names, positions, and hourly rates of the two Novack and Macey professionals who billed to this matter, consisting of one partner and one counsel.  A summary of hours and fees billed by each timekeeper is displayed in **Exhibit A**.[3]

The firm billed a total of 9.40 hours with associated fees of $3,633.00.  The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 2.80 | 30% | $1,554.00 | 43% |
| Counsel | 6.60 | 70% | 2,079.00 | 57% |
| TOTAL | 9.40 | 100% | $3,633.00 | 100% |

The blended hourly rate for the Novack and Macey professionals is $386.49.

14.    **Hourly Rate Increases.**  Novack and Macey did not increase the hourly rate of timekeepers during this interim period.

---

[3] This Final Report includes exhibits that detail and support the findings discussed herein.  Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit.  The tasks included in a specific category are underlined in the fee exhibits.  For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

15.    **Timekeepers' Roles.**    A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4).*  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.  On the whole, each timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

16.    **Meetings, Conferences, Hearings, and Other Events.**  The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" *Local Rule 2016-2(d)(ix)*, and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v).*  While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.  The Fee Examiner did not identify any occasions where two or more Novack and Macey timekeepers attended the same meeting, conference, hearing, or other event.

17.    **Intraoffice Conferences.**    Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Application included minimal time (less than 0.10 hour) billed for an intraoffice communication and, thus, the Fee Examiner makes no recommendation for a fee reduction.

18.    **Complete and Detailed Task Descriptions.**  Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all

the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*. Novack and Macey timekeepers sufficiently described the activities performed.

19.    **Administrative Activities.** Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The Fee Examiner identified no administrative activities in the Fee Application.

20.    **Clerical Activities.** Clerical activities do not require legal acumen, and may be effectively performed by administrative assistants, secretaries, or support personnel. Similar to administrative activities, clerical activities are generally not billable and are considered to be part of the firm's overhead. In the 3rd Circuit, however, some clerical and non-clerical activities may be compensable at a rate commensurate with the level of expertise or knowledge typically found to be necessary to complete the task. The Fee Examiner reviewed each timekeeper's billing activities and did not identify any clerical-type activities.

21.    **Travel.**  The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*.  The Fee Examiner did not identify any travel-related entries invoiced by Novack and Macey.

22.    **Novack and Macey Retention/Compensation.**  The UST Guidelines provide that fee applications shall arrange all time and service entries by project categories, and a separate project category should be used for fee application preparation. *UST Guidelines ¶(b)(4)(i)*. The Fee Application did not include a project category for fee application activities. The Fee Examiner and the firm discussed the issue in relation to the first interim application. Novack and Macey agreed that future applications would include a project category for retention/compensation activities; however;  because the firm's Second Interim Fee Application was filed prior to that discussion, the firm's failure to include a project category for retention/compensation activities was not raised as an issue by the fee examiner.   Through review of the task descriptions for this Fee Application, the Fee Examiner identified 6.60 hours with associated fees of $2,079.00 to review, prepare, and perform other activities relating to the firm's fee applications.  The fee entries describing Novack and Macey's retention/compensation activities are displayed in **Exhibit B**, which is included in the Final Report for the Court's reference.  It is noted that, contrary to its agreement to do so, the firm still failed to include these activities under a separate project category in the Fee Application.  However, because of the minimal amount invoiced, the Fee Examiner makes no recommendation for a resultant fee reduction.

**CONCLUSION**

The Fee Examiner submits this final report regarding the Fee Application and the fees discussed above.  The Fee Examiner recommends the approval of fees in the amount of $3,633.00, for the period from September 1, 2012 through November 30, 2012.

Respectfully submitted,

**STUART MAUE**

By: _____

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 22nd day of May, 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan Chase
Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Mitchell L. Marinello. Esq.
Novack and Macey LLP
100 North Riverside Plaza, 15th Floor
Chicago, IL 60606-1501

John F. Theil, Esq.

### SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL
### COMPUTED AT STANDARD RATES
### Novack and Macey LLP

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| DAT | Tarkington, Donald A. | PARTNER | $555.00 | $555.00 | 2.80 | $1,554.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $555.00 | | 2.80 | $1,554.00 |
| | | | | % of Total: 29.79% | % of Total: 42.77% | |
| JJA | Johnston-Ahlen, Julie | COUNSEL | $315.00 | $315.00 | 6.60 | $2,079.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $315.00 | | 6.60 | $2,079.00 |
| | | | | % of Total: 70.21% | % of Total: 57.23% | |
| | Total No. of Billers: 2 | Blended Rate for Report: | $386.49 | | 9.40 | $3,633.00 |

EXHIBIT B

NOVACK AND MACEY RETENTION/COMPENSATION

Novack and Macey LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Johnston-Ahlen, J | 6.60 | 2,079.00 |
| | 6.60 | $2,079.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Dispute with Morgan Stanley | 6.60 | 2,079.00 |
| | 6.60 | $2,079.00 |

EXHIBIT B

NOVACK AND MACEY RETENTION/COMPENSATION

Novack and Macey LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| 11/05/12 Mon | Johnston-Ahlen, J 112012/4 | 0.10 | 0.10 | 31.50 | | 1 | *MATTER NAME: Dispute with Morgan Stanley*<br>OFFICE CONFERENCE WITH CJM REGARDING TIME BILLED, ETC.; E-MAIL FROM CJM REGARDING SAME. |
| 11/07/12 Wed | Johnston-Ahlen, J 112012/5 | 0.70 | 0.70 | 220.50 | 0.50<br>0.10<br>0.10 | 1<br>2<br>3 | *MATTER NAME: Dispute with Morgan Stanley*<br>REVIEW PREVIOUSLY FILED FEE APPLICATIONS (0.5):<br>E-MAIL TO LOCAL COUNSEL REGARDING PROCEDURE FOR FILING ADDITIONAL FEE APPLICATION (0.1):<br>E-MAIL TO DAT REGARDING SAME (0.1). |
| 11/09/12 Fri | Johnston-Ahlen, J 112012/6 | 1.00 | 1.00 | 315.00 | 0.10<br>0.10<br>0.80 | 1<br>2<br>3 | *MATTER NAME: Dispute with Morgan Stanley*<br>E-MAILS TO/FROM K. STICKLES REGARDING FEE APPLICATION (0.1):<br>E-MAIL TO P. GONDIPALLI REGARDING FEES (0.1):<br>WORK ON DRAFT OF APPLICATION (0.8): |
| 11/13/12 Tue | Johnston-Ahlen, J 112012/7 | 1.00 | 1.00 | 315.00 | | 1 | *MATTER NAME: Dispute with Morgan Stanley*<br>DRAFT THIRD INTERIM FEE APPLICATION. |
| 11/15/12 Thu | Johnston-Ahlen, J 112012/8 | 1.00 | 1.00 | 315.00 | | 1 | *MATTER NAME: Dispute with Morgan Stanley*<br>WORK ON DRAFT OF FEE APPLICATION. |
| 11/16/12 Fri | Johnston-Ahlen, J 112012/9 | 1.20 | 1.20 | 378.00 | | 1 | *MATTER NAME: Dispute with Morgan Stanley*<br>WORK ON FEE PETITION. |
| 11/20/12 Tue | Johnston-Ahlen, J 112012/10 | 1.60 | 1.60 | 504.00 | 0.80<br>0.40<br>0.30<br>0.10 | 1<br>2<br>3<br>4 | *MATTER NAME: Dispute with Morgan Stanley*<br>WORK ON DRAFT OF FEE APPLICATION AND COVER SHEET (0.8):<br>REVIEW PREVIOUS APPLICATIONS FOR SAME AS NECESSARY (0.4):<br>DRAFT RELATED AFFIDAVIT AND ORDER (0.3):<br>REVIEW CHARTS FOR APPENDIX (0.1). |
| Total | | | 6.60 | $2,079.00 | | | |
| Number of Entries: | 7 | | | | | | |

EXHIBIT B

NOVACK AND MACEY RETENTION/COMPENSATION

Novack and Macey LLP

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Johnston-Ahlen, J | 6.60 | 2,079.00 |
| | 6.60 | $2,079.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Dispute with Morgan Stanley | 6.60 | 2,079.00 |
| | 6.60 | $2,079.00 |