## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE
## THIRTEENTH INTERIM FEE APPLICATION OF ZUCKERMAN SPAEDER LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Thirteenth Interim Fee Application of Zuckerman Spaeder LLP for Interim Approval and Allowance of Compensation and Reimbursement of Expenses* [Docket No. 13027] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $391,002.00 and reimbursement of expenses that total $3,650.72 for the period from September 1, 2012 through November 30, 2012. Zuckerman

---

[1] The Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

Spaeder LLP ("**Zuckerman**") serves as Special Counsel to the Official Committee of Unsecured Creditors (the "**Committee**").

**Background**

1.      On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2.      On August 13, 2009, the Committee filed the *Application of the Official Committee of Unsecured Creditors of Tribune Company, et al., Pursuant to 11 U.S.C. §§ 328 and 1103 and Fed. R. Bankr. P. 2014, for an Order Authorizing the Employment and Retention of Zuckerman Spaeder LLP as Special Counsel Nunc Pro Tunc to August 6, 2009* [Docket No. 1953] (the "**Retention Application**"). By order dated September 3, 2009, this Court approved the retention of Zuckerman (the "**Retention Order**"). The Retention Order provided that Zuckerman "shall be compensated in accordance with the procedures set forth in section 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, local rules and orders of the court, guidelines established by the Office of the United States Trustee, and such other procedures as may be fixed by order of this Court."

3.      Zuckerman submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals,* (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

## Applicable Standards

4.     In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.     The Fee Examiner reviewed the Fee Application for compliance with Sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.     Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the

time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

7.      A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred.  A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules.  Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application.  A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.      The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to Zuckerman for review and comment.  The firm submitted to the Fee Examiner a lengthy and detailed written response to the Preliminary Report. After consideration of the additional information provided by the firm, the Fee Examiner now issues this final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5.*

## DISCUSSION OF FINDINGS

### Technical Requirements

9.    **Reconciliation of Fees and Expenses.**  The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**").  The Fee Examiner identified no discrepancies between the Fees Requested and the Fees Computed, nor any discrepancies between the Expenses Requested and the Expenses Computed.

10.    **Block Billing.**[2]  The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*.  The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[3]  The Fee Examiner identified block billed time entries totaling 66.30 hours with associated fees of $38,005.00, as were displayed in **Exhibit A**[4] to the Preliminary Report.  Based upon precedent established by this Court, however, the Fee Examiner

---

[2] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing.  Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry.  As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry.  This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

[3] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g., In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g., In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

[4] This Final Report includes exhibits that detail and support the findings discussed herein.  Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit.  The tasks included in a specific category are underlined in the fee exhibits.  For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

did not identify any objectionable block billed entries.  Exhibit A has been removed from the Final Report.

11.    **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)."  *Local Rule 2016-2(d)(iv)*.  The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour."  *UST Guidelines ¶(b)(4)(v)*.  Zuckerman complied with the applicable rules regarding time increments.

**Review of Fees**

12.    **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11."  *UST Guidelines ¶(b)(1)(iii)*.  The Fee Application provided the names, positions, and hourly rates of the 19 Zuckerman professionals and paraprofessionals who billed to this matter, consisting of 4 partners, 1 associate, 1 senior staff attorney, 4 staff attorneys, 1 timekeeper currently pending bar admission, 5 paralegals, and 3 litigation support personnel.  A summary of hours and fees billed by each timekeeper is displayed in **Exhibit B**.

The firm billed a total of 880.20 hours with associated fees of $391,002.00.  The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 353.30 | 40% | $234,876.50 | 60% |
| Associate | 5.10 | * | 1,912.50 | * |
| Senior Staff Attorney | 67.00 | 8% | 28,810.00 | 7% |
| Staff Attorney | 247.10 | 28% | 74,817.50 | 19% |
| Bar Admission Pending | 5.30 | * | 1,855.00 | * |
| Paralegal | 149.40 | 17% | 36,655.00 | 9% |
| Litigation Support | 53.00 | 6% | 12,075.50 | 3% |
| **TOTAL** | 880.20 | 100% | $391,002.00 | 100% |

* Less than 1%

The blended hourly rate for the Zuckerman professionals is $504.97 and the blended hourly rate for professionals and paraprofessionals is $444.22.

13. **Hourly Rate Increases.** Zuckerman did not increase the hourly rates for timekeepers during this interim period.

14. **Timekeepers' Roles.** A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*. With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts. Zuckerman timekeepers appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals. However, the Fee Examiner requested additional information regarding the fees invoiced by one timekeeper. The timekeeper again appeared to perform passive tasks such as reviewing pleadings and the work product of others. None of the entries appeared to advance the matter in any appreciable manner. The Fee Examiner was interested in the activities engaged in and whether the activities were necessary and added value to the work performed on behalf of the Debtors. The questioned entries, totaling 15.40 hours with $9,394.00 in associated fees, were displayed in **Exhibit C** to the Preliminary Report.

In response, the firm stated the questioned timekeeper has been enlisted on several Tribune projects, often on short notice, so the firm felt it was important for him to stay abreast of developments in the case. Zuckerman and the Fee Examiner agreed to a compromise, wherein Zuckerman agreed, without prejudice and reserving all rights, to reduce its fee request by $3,599.00. No further fee reduction is warranted. Exhibit C has been omitted from the Final Report.

15.   **Excessive Hourly Rate.** Fees charged for legal services must be commensurate with fees typically charged by timekeepers of similar educational background with similar professional experience, and are generally reflected in a firm's graduated fee structure. The Fee Examiner noted one Zuckerman timekeeper, whose title caused the Fee Examiner to question the timekeeper's hourly rate. The Fee Examiner requested additional information from Zuckerman regarding the 5.30 hours and $1,855.00 in associated fees billed by the questioned timekeeper. The entries were displayed in **Exhibit D** to the Preliminary Report.

In response, Zuckerman provided additional information regarding the timekeeper, which verified the attorney's experience and qualifications. The firm's response satisfied the Fee Examiner's concerns. No fee reduction is appropriate and Exhibit D has been omitted from this Report.

16.   **Meetings, Conferences, Hearings, and Other Events.** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" *Local Rule 2016-2(d)(ix).* The UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v).* While it may be appropriate to have multiple attendees at some

meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more Zuckerman timekeepers attended the same meeting, conference, hearing, or other event, as well as any associated travel activities. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 8.30 hours with $5,774.00 in associated fees, were displayed in **Exhibit E** to the Preliminary Report. In each instance where multiple timekeepers attended a meeting, conference, hearing, or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference). The potentially duplicative and unnecessary timekeepers' entries, including those tasks referencing related travel, totaled 4.50 hours with $2,817.00 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the Exhibit. The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response to the Preliminary Report, Zuckerman stated that as a matter of practice multiple firm attorneys attended events only when necessary and only for the amount of time necessary. The firm provided an explanation of events that occurred during the interim period and the need for more than one attorney to participate at various calls and hearings. The firm then divided the meetings and calls into various categories and provided additional information and context. The additional information and context brings the Fee Application into substantial

compliance with the Local Rules and UST Guidelines and, accordingly, the Fee Examiner makes no recommendation for a fee reduction. Exhibit E is omitted from this Report.

17.    **Intraoffice Conferences.**    Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified billing activities by Zuckerman timekeepers describing intraoffice conferences totaling 8.90 hours with $4,849.00 in associated fees, approximately 1% of the Fees Computed, as were displayed in **Exhibit F** to the Preliminary Report. The Fee Examiner observed that, in some instances, timekeepers invoiced fees associated with the same intraoffice conference. The entries describing intraoffice conferences invoiced by two or more firm personnel totaled 3.10 hours with $1,566.50 in associated fees and were highlighted in bold and marked with an ampersand [&] in the Exhibit. The Fee Examiner requested that Zuckerman continue to strive to eliminate unnecessary intraoffice conferencing, and further requested that the firm provide an explanation for the necessity of more than one participant billing for the same intraoffice conference. Zuckerman provided sufficient information to justify the limited intraoffice conferencing. Based on the firm's response and the minimal intraoffice conferencing during this fee period, the Fee Examiner makes no recommendation for a fee reduction. Exhibit F has been omitted from the Final Report.

18.    **Complete and Detailed Task Descriptions.**    Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and

that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*.  Additionally, the UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.  Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.

The Fee Examiner identified entries totaling 1.40 hours with $953.00 in associated fees in which a conference or other communication was not described with sufficient detail or where the Fee Examiner could not determine the precise nature of the services performed by the timekeeper.  This lack of detail hinders a reviewer's ability to determine the reasonableness and necessity of the activity, and is in clear violation of the applicable guidelines.  The entries were displayed in **Exhibit G** to the Preliminary Report.  The firm was invited to comment on the questioned entries.  Zuckerman responded by providing the missing information, which brought the entries into substantial compliance of the rules and guidelines.  Exhibit G has been omitted from the Final Report.

19.    **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.  Pending additional information from Zuckerman, the Fee Examiner intends to recommend a fee reduction resulting from the 0.80 hour and $512.00 in associated fees displayed in **Exhibit H** to the Preliminary Report, which all appeared to be non-compensable task assignments.  The firm was invited to comment on the questioned entries.  The firm provided a detailed response with regard to the activities in question.  The Fee Examiner and the

firm reached a compromise wherein the firm agreed, without prejudice, to reduce its fees by an amount of $128.00. Exhibit H has been omitted from the Final Report.

20. **Clerical Activities.** Clerical activities do not require legal acumen, and may be effectively performed by administrative assistants, secretaries, or support personnel. Similar to administrative activities, clerical activities are generally not billable and are considered to be part of the firm's overhead. In the 3rd Circuit, however, some clerical and non-clerical activities may be compensable at a rate commensurate with the level of expertise or knowledge typically found to be necessary to complete the task. The questioned entries were displayed in **Exhibit I** to the Preliminary Report and totaled 6.80 hours with $1,530.00 in associated fees. The firm was invited to comment on the questioned entries. Zuckerman responded by providing additional information about the role of the timekeeper, and the nature and purpose of each activity, which removed the questioned activities from the clerical category. Exhibit I has been omitted from the Final Report.

21. **Travel.** The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii).* Zuckerman did not submit any time entries describing travel.

22. **Zuckerman Retention/Compensation.** Zuckerman billed 10.60 hours with associated fees of $6,784.00 to prepare the firm's retention documents and applications for compensation, which computes to approximately 2% of the total Fees Computed. The fee entries describing Zuckerman's retention/compensation activities are displayed in **Exhibit J**, which is included in the Final Report for the Court's reference.

23. **Other Firms' Retention/Compensation.** Zuckerman billed 0.70 hour with associated fees of $448.00 for activities relating to other firms' retention and compensation, less

than 1% of the Fees Computed.  The fee entries are displayed in **Exhibit K**, which is included in the Final Report for the Court's reference.

**Review of Expenses**

24.    **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*.    The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.   Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*.  Zuckerman provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

25.    **Photocopies.**  The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii)*.  The firm requested reimbursement for duplication charges at a rate of $0.10 per page, in compliance with the Local Rule.

26.    **Local Meals and Transportation.**  Zuckerman requested reimbursement for local meals and transportation totaling $39.95.  The Fee Examiner requested Zuckerman provide additional information with regard to the charges, which were displayed in **Exhibit L** to the Preliminary Report, including an explanation for the necessity and purpose of each charge.   In

response, Zuckerman stated that while it believed the charges are appropriately reimbursable, it would voluntarily and without prejudice reduce its request for expense reimbursement by $39.95. Exhibit L has been omitted from the Final Report.

## CONCLUSION

The Fee Examiner submits this final report regarding the Fee Application and the fees and expenses discussed above.  The Fee Examiner recommends the approval of fees in the amount of $387,275.00 ($391,002.00 minus $3,727.00) and reimbursement of expenses in the amount of $3,610.77 ($3,650.72 minus $39.95) for the period from September 1, 2012 through November 30, 2012.  The findings are set forth in the summary on the following page.

**ZUCKERMAN SPAEDER LLP**

**SUMMARY OF FINDINGS**

**Thirteenth Interim Fee Application (September 1, 2012 through November 30, 2012)**

**A.    Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $391,002.00 | |
| Expenses Requested | 3,650.72 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $394,652.72 |
| | | |
| Fees Computed | $391,002.00 | |
| Expenses Computed | 3,650.72 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $394,652.72 |

**B.    Recommended Fee Allowance and Expense Reimbursement**

| | | | |
|---|---|---|---|
| Fees Requested | $391,002.00 | | |
| *Agreed Reduction for Timekeepers' Roles* | | *($3,599.00)* | |
| *Agreed Reduction for Administrative Activities* | | *(128.00)* | |
| Subtotal | | *($3,727.00)* | |
| | | | |
| RECOMMENDED FEE ALLOWANCE | | | $387,275.00 |
| | | | |
| Expenses Requested | $3,650.72 | | |
| *Agreed Reduction for Local Meals and Transportation* | | *($39.95)* | |
| Subtotal | | *($39.95)* | |
| | | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 3,610.77 |
| | | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $390,885.77 |

Respectfully submitted,

**STUART MAUE**

By: _____
    John F. Theil, Esq.
    3840 McKelvey Road
    St. Louis, Missouri  63044
    Telephone:  (314) 291-3030
    Facsimile:  (314) 291-6546
    tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 22nd day of May, 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan Chase
Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Andrew N. Goldfarb, Esq.
Zuckerman Spaeder LLP
1800 M Street, NW Suite 1000
Washington, DC 20036-5802

_____
John F. Theil, Esq.

### SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL
### COMPUTED AT STANDARD RATES
#### Zuckerman Spaeder

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 1509 | Goldfarb, Andrew N. | PARTNER | $640.00 | $640.00 | 276.90 | $177,216.00 |
| 1146 | Sottile, James | PARTNER | $790.00 | $790.00 | 60.10 | $47,479.00 |
| 1462 | Torrez, P. Andrew | PARTNER | $610.00 | $610.00 | 15.40 | $9,394.00 |
| 947 | Bush, Graeme W. | PARTNER | $875.00 | $875.00 | 0.90 | $787.50 |
| | No. of Billers for Position: 4 | Blended Rate for Position: | $664.81 | | 353.30 | $234,876.50 |
| | | | | | % of Total: 40.14% | % of Total: 60.07% |
| 1544 | Caridas, Andrew | ASSOCIATE | $375.00 | $375.00 | 5.10 | $1,912.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $375.00 | | 5.10 | $1,912.50 |
| | | | | | % of Total: 0.58% | % of Total: 0.49% |
| 1037 | Krein, Benjamin L. | SR STAFF ATTY | $430.00 | $430.00 | 67.00 | $28,810.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $430.00 | | 67.00 | $28,810.00 |
| | | | | | % of Total: 7.61% | % of Total: 7.37% |
| 1386 | Gainey, Kimberly | STAFF ATTORNEY | $315.00 | $315.00 | 106.40 | $33,516.00 |
| 1501 | Shahidi, Sepaass | STAFF ATTORNEY | $290.00 | $290.00 | 107.80 | $31,262.00 |
| 1187 | Reiser, Kurt M. | STAFF ATTORNEY | $315.00 | $315.00 | 16.70 | $5,260.50 |
| 1450 | Falvello, Nina J. | STAFF ATTORNEY | $295.00 | $295.00 | 16.20 | $4,779.00 |
| | No. of Billers for Position: 4 | Blended Rate for Position: | $302.78 | | 247.10 | $74,817.50 |
| | | | | | % of Total: 28.07% | % of Total: 19.13% |
| 1598 | Stanford, Keisha N. | BAR ADM PENDING | $350.00 | $350.00 | 5.30 | $1,855.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $350.00 | | 5.30 | $1,855.00 |
| | | | | | % of Total: 0.60% | % of Total: 0.47% |
| 1451 | Hodge, Afton B. | PARALEGAL | $220.00 | $220.00 | 87.40 | $19,228.00 |
| 1431 | Gehlbach, Lisa | PARALEGAL | $280.00 | $280.00 | 45.80 | $12,824.00 |

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

### Zuckerman Spaeder

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 1345 | Smith, Alexander Ross | PARALEGAL | $275.00 | $275.00 | 7.00 | $1,925.00 |
| 1407 | Chen, Jer-Wei (Jay) | PARALEGAL | $280.00 | $280.00 | 5.80 | $1,624.00 |
| 1054 | Braunstein, Janet M. | PARALEGAL | $310.00 | $310.00 | 3.40 | $1,054.00 |
| | No. of Billers for Position: 5 | Blended Rate for Position: | $245.35 | | 149.40 | $36,655.00 |
| | | | | % of Total: 16.97% | | % of Total: 9.37% |
| 1219 | Voss, Ashley C. | LITIGATION SUPP | $225.00 | $225.00 | 48.10 | $10,822.50 |
| 1596 | Schmidt, Patrick | LITIGATION SUPP | $270.00 | $270.00 | 3.90 | $1,053.00 |
| 1428 | Caling, Rey | LITIGATION SUPP | $200.00 | $200.00 | 1.00 | $200.00 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $227.84 | | 53.00 | $12,075.50 |
| | | | | % of Total: 6.02% | | % of Total: 3.09% |
| | Total No. of Billers: 19 | Blended Rate for Report: | $444.22 | | 880.20 | $391,002.00 |

EXHIBIT J

ZUCKERMAN RETENTION/COMPENSATION

Zuckerman Spaeder

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Goldfarb, A | 10.60 | 6,784.00 |
| | 10.60 | $6,784.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Retention/Fee Applications | 10.60 | 6,784.00 |
| | 10.60 | $6,784.00 |

EXHIBIT J
ZUCKERMAN RETENTION/COMPENSATION
Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 09/04/12 Tue | Goldfarb, A 286277/1 | 0.50 | 0.50 | 320.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVISE AND FINALIZE 36TH MONTHLY FEE APPLICATION. |
| 09/10/12 Mon | Goldfarb, A 286277/2 | 0.20 | 0.20 | 128.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>PRELIMINARY REVIEW OF INITIAL REPORT FROM FEE EXAMINER ON 9TH INTERIM FEE APPLICATION. |
| 09/13/12 Thu | Goldfarb, A 286277/3 | 0.10 | 0.10 | 64.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>INITIAL ANALYSIS OF QUESTIONS FROM FEE EXAMINER RE ZS RESPONSE ON 8TH INTERIM FEE APPLICATION. |
| 09/14/12 Fri | Goldfarb, A 286277/4 | 0.20 | 0.20 | 128.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>RESPOND TO J. THEIL QUESTIONS RE EXPENSE ITEMS IN CONNECTION WITH FINAL REPORT ON ZS 8TH INTERIM REQUEST. |
| 09/24/12 Mon | Goldfarb, A 286277/5 | 0.50 | 0.50 | 320.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW ZS MONTHLY TIME RECORDS FOR AUGUST 2012 FOR COMPLIANCE WITH LOCAL RULES. |
| 09/27/12 Thu | Goldfarb, A 286277/6 | 0.80 | 0.80 | 512.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT, REVISE AND FINALIZE ZS MONTHLY FEE APPLICATION FOR AUGUST 2012. |
| 10/01/12 Mon | Goldfarb, A 286590/1 | 0.20 | 0.20 | 128.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW FEE EXAMINER'S FINAL REPORT ON ZS 8TH INTERIM REPORT AND CONFIRM THAT PROPOSED FEE ORDER MATCHES RECOMMENDED AMOUNTS. |
| 10/11/12 Thu | Goldfarb, A 286590/3 | 0.60 | 0.60 | 384.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>BEGIN DRAFTING RESPONSE TO FEE EXAMINER'S PRELIMINARY RESPONSE ON ZUCKERMAN 9TH INTERIM FEE APPLICATION. |
| 10/13/12 Sat | Goldfarb, A 286590/4 | 0.80 | 0.80 | 512.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT AND REVISE 12TH INTERIM FEE APPLICATION. |
| 10/13/12 Sat | Goldfarb, A 286590/5 | 2.90 | 2.90 | 1,856.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT AND REVISE RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT ON 9TH INTERIM FEE APPLICATION. |
| 10/15/12 Mon | Goldfarb, A 286590/6 | 0.30 | 0.30 | 192.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVISE, FINALIZE, AND SEND RESPONSE TO PRELIMINARY REPORT OF FEE EXAMINER ON 9TH INTERIM FEE APPLICATION. |
| 10/15/12 Mon | Goldfarb, A 286590/7 | 0.30 | 0.30 | 192.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVISE, FINALIZE, AND SEND FOR FILING ZUCKERMAN'S 12TH INTERIM FEE APPLICATION. |
| 10/21/12 Sun | Goldfarb, A 286590/8 | 0.10 | 0.10 | 64.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>EMAIL TO M. MCGUIRE (LRC) RE STATUS OF ZS 6TH AND 7TH INTERIM FEE APPLICATIONS. |

~  See the last page of exhibit for explanation

EXHIBIT J
ZUCKERMAN RETENTION/COMPENSATION
Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 10/24/12 Wed | Goldfarb, A 286590/10 | 0.30 | 0.30 | 192.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW TIMESHEETS FOR ZS MONTHLY FEE APPLICATION FOR COMPLIANCE WITH LOCAL RULES. |
| 10/25/12 Thu | Goldfarb, A 286590/11 | 0.20 | 0.20 | 128.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>EMAILS WITH LRC RE STATUS OF 6TH AND 7TH INTERIM FEE SUPPLEMENTAL APPLICATIONS. |
| 10/25/12 Thu | Goldfarb, A 286590/12 | 0.20 | 0.20 | 128.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>EMAIL AND CALL WITH K. STICKLES (COLE SCHOTZ) RE ZS SUPPLEMENTAL INTERIM FEE APPLICATIONS. |
| 10/28/12 Sun | Goldfarb, A 286590/13 | 0.40 | 0.40 | 256.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW TIMESHEETS FOR SEPTEMBER 2012 FEE APPLICATION FOR COMPLIANCE WITH LOCAL RULES. |
| 11/14/12 Wed | Goldfarb, A 286956/2 | 0.50 | 0.50 | 320.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVISE AND FINALIZE 38TH MONTHLY FEE APPLICATION. |
| 11/15/12 Thu | Goldfarb, A 286956/3 | 0.20 | 0.20 | 128.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>EMAIL K. STICKLES (COLE SCHOTZ) AND M MCGUIRE (LRC) RE ZS 6TH AND 7TH INTERIM FEE APPLICATIONS. |
| 11/19/12 Mon | Goldfarb, A 286956/4 | 0.20 | 0.20 | 128.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>INITIAL REVIEW OF FEE EXAMINER'S PRELIMINARY REPORT ON 10TH INTERIM FEE APPLICATION. |
| 11/26/12 Mon | Goldfarb, A 286956/5 | 0.40 | 0.40 | 256.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW OCTOBER 2012 TIMESHEETS FOR COMPLIANCE WITH LOCAL RULES. |
| 11/28/12 Wed | Goldfarb, A 286956/6 | 0.20 | 0.20 | 128.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW AND SEND NATIVE FILES OF FEE APPLICATIONS TO FEE EXAMINER. |
| 11/30/12 Fri | Goldfarb, A 286956/7 | 0.50 | 0.50 | 320.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW, DRAFT AND FINALIZE ZS 39TH MONTHLY FEE APPLICATION. |
| Total Number of Entries: 23 | | | 10.60 | $6,784.00 | | | |

~ See the last page of exhibit for explanation

EXHIBIT J

ZUCKERMAN RETENTION/COMPENSATION

Zuckerman Spaeder

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Goldfarb, A | 10.60 | 6,784.00 |
| | 10.60 | $6,784.00 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Retention/Fee Applications | 10.60 | 6,784.00 |
| | 10.60 | $6,784.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL

EXHIBIT K

OTHER FIRMS' RETENTION/COMPENSATION

Zuckerman Spaeder

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Goldfarb, A | 0.70 | 448.00 |
| | 0.70 | $448.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Retention/Fee Applications | 0.70 | 448.00 |
| | 0.70 | $448.00 |

EXHIBIT K
OTHER FIRMS' RETENTION/COMPENSATION
Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 10/05/12 Fri | Goldfarb, A 286590/2 | 0.30 | 0.30 | 192.00 | F | 1 | *MATTER NAME: Retention/Fee Applications* RESPOND TO REQUEST FROM ALVAREZ RE ANTICIPATED FUTURE FEES. |
| 10/23/12 Tue | Goldfarb, A 286590/9 | 0.20 | 0.20 | 128.00 | F | 1 | *MATTER NAME: Retention/Fee Applications* EMAIL TO V. GARLATI (TRIBUNE) RE FILING OF CNOS AND ELIGIBILITY FOR PAYMENT. |
| 11/01/12 Thu | Goldfarb, A 286956/1 | 0.20 | 0.20 | 128.00 | F | 1 | *MATTER NAME: Retention/Fee Applications* RESPOND TO ALVAREZ & MARSAL RE PREDICTIONS RE REMAINING FEES TO EFFECTIVE DATE. |
| Total | | | 0.70 | $448.00 | | | |
| Number of Entries: | 3 | | | | | | |

~ See the last page of exhibit for explanation

EXHIBIT K
OTHER FIRMS' RETENTION/COMPENSATION
Zuckerman Spaeder

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Goldfarb, A | 0.70 | 448.00 |
| | 0.70 | $448.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Retention/Fee Applications | 0.70 | 448.00 |
| | 0.70 | $448.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS
F        FINAL BILL