IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |
| | Hearing Date: June 26, 2013 at 1:00 p.m. ET<br>Response Deadline: June 19, 2013 at 4:00 p.m. ET |

**REORGANIZED DEBTORS' OBJECTION TO CLAIM NO. 878 OF KEIFFER J. MITCHELL, SR., AS PERSONAL REPRESENTATIVE OF THE ESTATE OF PARREN J. MITCHELL, PURSUANT TO SECTIONS 502(b) AND 558 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3001, 3003, AND 3007**

The reorganized debtors in the above-captioned chapter 11 cases (collectively, the "Reorganized Debtors"), by and through their undersigned counsel, hereby file this objection (the "Objection") to Claim No. 878 filed against Tribune Company ("Tribune") by claimant Keiffer J. Mitchell, Sr., as personal representative of the Estate of Parren J. Mitchell (the "Mitchell Claim"), on the basis that neither Tribune nor any of the other Reorganized Debtors

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

have liability on account of the Mitchell Claim. A copy of the Mitchell Claim is attached hereto as Exhibit A.

This Objection is submitted pursuant to sections 502(b) and 558 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). By this Objection, the Reorganized Debtors request entry of an order disallowing and expunging the Mitchell Claim in its entirety, as indicated in further detail below, on the grounds that the underlying lawsuit upon which the Mitchell Claim is predicated was dismissed by the presiding state court prior to when the Mitchell Claim was filed, the lawsuit cannot be revived due to the expiration of the applicable 3-year statute of limitations, and therefore the $20,000,000 claimed is without basis in fact or law. In further support of the Objection, the Reorganized Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), Tribune and certain of its affiliates (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules. (Docket Nos. 43, 2333.)

2. On July 23, 2012, the Court entered the Order Confirming Fourth Amended Joint Plan of Reorganization (the "Plan") for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (Docket No. 12074.)[2]

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

2

46429/0001-9568570V1

3. The Effective Date of the Plan occurred on December 31, 2012.[3]

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007.

## BACKGROUND CONCERNING THE MITCHELL CLAIM

5. The Mitchell Claim was filed on April 6, 2009 and was assigned Claim No. 878 by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors and the Reorganized Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent"). The Mitchell Claim is asserted against "The Tribune Company, et al." in the amount of $20,000,000.

6. The underlying basis for the claim is a lawsuit that was commenced on June 7, 2002 by former Maryland congressman Parren Mitchell in the Circuit Court for Baltimore City, Maryland (the "Maryland Circuit Court"), asserting causes of action against The Baltimore Sun Company (the "Sun") and two Sun newspaper reporters, Walter F. Roche, Jr. and Ivan L. Penn, for trespass and invasion of privacy by intrusion upon seclusion (the "Lawsuit").[4] A copy of the amended complaint filed in the Lawsuit on January 19, 2007 is appended to the Mitchell Claim. (See Exhibit A at 4.) A copy of the docket of the Maryland Circuit Court

---

[3] The Plan provides that one or more Debtors may undertake Restructuring Transactions on, prior to, or after the Effective Date, which may include, without limitation, mergers, consolidations, conversions, joint ventures, restructurings, recapitalizations, dispositions, liquidations or dissolutions. See Plan §5.2, Ex. 5.2 and Docket No. 12732. The Baltimore Sun Company, LLC became the successor-in-interest to The Baltimore Sun Company on the Effective Date, as a consequence of the Restructuring Transactions.

[4] The Lawsuit is captioned Mitchell v. The Baltimore Sun Company, Case No. 24-C-02-003130. Tribune is not a defendant in the Lawsuit, and the Reorganized Debtors are aware of no basis for the assertion of the Mitchell Claim against Tribune. The Sun is the only Debtor against which the Mitchell Claim could possibly be asserted. However, even if the Mitchell Claim had been properly filed against the Sun, for the reasons set forth herein, the Sun has no liability for such Claim.

reflecting the history of the Lawsuit, including its dismissal on March 31, 2009, is attached hereto as Exhibit B.

A.     **Background Concerning the Lawsuit**

7.     Concisely described, the Lawsuit arose out of an investigation by the Sun concerning possible mishandling of Mr. Mitchell's finances by another member of his family. As part of their newsgathering, reporters Roche and Penn visited Mr. Mitchell in May 2002. Mr. Mitchell, elderly and in poor health at the time, permanently resided in a nursing home. The parties' versions of what occurred at that visit differ. According to the defendants, Penn signed in at the security desk at the nursing home and he and Roche proceeded to Mr. Mitchell's room where, in the presence of Mr. Mitchell's private duty nurse, and without objection from either Mr. Mitchell or the nurse, they asked Mr. Mitchell a few questions, and then left. Mr. Mitchell, however, alleged in his complaint that the reporters evaded normal visitation procedures to gain access to his room and, once there, were verbally confrontational and refused to leave when asked to do so. The underlying accuracy of the Sun newspaper articles concerning the possible financial mishandling of Mr. Mitchell's finances is not at issue in the Lawsuit; instead, the conduct complained of was solely the nursing home visit.[5]

8.     The initial complaint in the Lawsuit sought $1,000,000 in compensatory damages and $250,000,000 in punitive damages based on three causes of action: trespass, invasion of privacy by intrusion upon seclusion, and intentional infliction of emotional distress. In March 2004, the Maryland Circuit Court granted summary judgment in favor of the defendants on all three causes of action. (See Exhibit B at 12.) In September 2005, the

---

[5] The attachment to the Mitchell Claim states that "The Amended Complaint states causes of action for trespass and invasion of privacy arising out of events that occurred on May 29, 2002 and the subsequent newspaper reports printed by the Sun." However, the amended complaint itself does not include any reference to, or allege any cause of action based on, any publication by the Sun. (See Exhibit A at 3, Attachment to Proof of Claim.)

Maryland Special Court of Appeals rendered a decision partially affirming summary judgment (as to intentional infliction of emotional distress) and partially reversing summary judgment (as to trespass and invasion of privacy by intrusion upon seclusion). The Lawsuit returned to the Maryland Circuit Court in January 2006. (Id. at 14-15.) No activity of substance occurred in the Lawsuit between January 2006 and January 2007, when the amended complaint was filed. (Id. at 15-16.) The amended complaint removed the cause of action for intentional infliction of emotional distress and modified the damages requested to increase the compensatory damages from $1,000,000 to $20,000,000 and to eliminate the request for punitive damages (upon information and belief, based on the Maryland Special Court of Appeals' finding that there was no outrageous conduct that could support an award of punitive damages). In all other respects, the complaints are substantially identical.

9. After a further year of inactivity, the Maryland Circuit Court gave notice to Mr. Mitchell on January 17, 2008 that it would dismiss the case within 30 days for failure to prosecute, pursuant to Rule 2-507(c) of the Maryland Rules of Civil Procedure (the "Maryland Rules").[6] (Id. at 16.) On February 15, 2008, Keiffer J. Mitchell, Sr. (the "Personal Representative") filed a motion to defer the dismissal of the Lawsuit due to the death of Mr. Mitchell.[7] (Id.) The Maryland Circuit Court entered an order on April 22, 2008 giving the Personal Representative a deadline of March 31, 2009 to resume prosecution of the case. (Id.)

**B. Notice of Bankruptcy and Partial Stay of Proceedings**

10. On December 12, 2008, counsel for the Sun filed a notice with the Maryland Circuit Court regarding its chapter 11 filing. (See Exhibit B at 16.) On January 6,

[6] Maryland Rule 2-507(c) provides that "An action is subject to dismissal for lack of prosecution at the expiration of one year from the last docket entry."

[7] The Reorganized Debtors understand that Parren J. Mitchell died on May 28, 2007.

2009, the Maryland Circuit Court docketed an order that stayed the proceedings as to the Sun only, pursuant to 11 U.S.C. § 362(a). (Id.) The Maryland Circuit Court's stay order specifically provided that the stay of proceedings as to the Sun was subject to Maryland Rule 2-507 (id.), i.e., that its April 22, 2008 order regarding the contemplated dismissal of the Lawsuit remained in effect. The Personal Representative took no further action to prosecute the Lawsuit against Roche or Penn, as to whom the Lawsuit was not stayed.

C.     **The Dismissal of the Lawsuit**

11.    The Lawsuit was dismissed in its entirety by order of the Maryland Circuit Court on March 31, 2009, without prejudice, for failure to prosecute.[8] (See Exhibit B at 16.) As noted above, the Mitchell Claim was filed on April 6, 2009, after the dismissal of the Lawsuit.

### RELIEF REQUESTED

12.    By this Objection, the Debtors seek entry of an order, pursuant to sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007 disallowing in full and expunging the Mitchell Claim in is entirety on the basis that the Lawsuit upon which the Mitchell Claim is predicated has been dismissed by the presiding Maryland Circuit Court, the lawsuit cannot be revived due to the expiration of the applicable 3-year statute of limitations, and therefore the $20,000,000 claimed is without basis in fact or law. The Debtors also seek an order authorizing the Claims Agent to expunge the Mitchell Claim from the claims register so that the claims register accurately reflects the claims outstanding against the Debtors' estates.

---

[8] The Personal Representative did not appeal or object to the Maryland Circuit Court's March 31, 2009 dismissal of the Lawsuit for lack of prosecution as against Roche and Penn, as to whom the Lawsuit had not been stayed.

**BASIS FOR OBJECTION**

13. A "claim" for bankruptcy purposes means a "right to payment", whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured. 11 U.S.C. § 101(5).

14. Section 502(b) of the Bankruptcy Code provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1). Section 502(b)(1) recognizes settled principle that "[c]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450-51 (2007) (citing Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20 (2000)). A claim against the bankruptcy estate, therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be enforceable against the debtor outside of bankruptcy." In re Combustion Eng'g, Inc., 391 F.3d 190, 245 (3d Cir. 2004). In proceedings to determine whether a claim is enforceable against the estate, "[t]he estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including ***statutes of limitation***, statutes of frauds, usury, and other personal defenses" pursuant to section 558 of the Bankruptcy Code. See 11 U.S.C. § 558.

15. The Mitchell Claim must be disallowed and expunged because there is no "right to payment" that can be asserted by the Personal Representative on behalf of Mr. Mitchell's estate, because the underlying Lawsuit had been dismissed by the Maryland Circuit

7

Court at the time the Mitchell Claim was filed and the Lawsuit cannot be revived due to the expiration of the applicable statute of limitations. The trial court three times gave notice to Mr. Mitchell and his Personal Representative of their obligation to continue prosecution of the case if they wished to do so, before then dismissing the action in March 2009.[9] By that time, more than three years had elapsed without any meaningful prosecution in the trial court and the dismissal, when it ultimately did come, was never challenged, and the matter has now been formally closed in the Maryland Circuit Court for several years.

16.   Under Maryland law, when a lawsuit is dismissed, the applicable statute of limitations is deemed to have continued running from the time the cause of action accrued without interruption by the filing of a lawsuit. In other words, a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed. See, e.g., Antar v. Mike Egan Ins. Agency, Inc., 58 A.3d 609, 626 (Md. Ct. Spec. App. 2012) ("With rare, rare exceptions not here applicable, once a cause of action accrues and limitations begin to run, time marches on.") As one Maryland appellate court has explained in analogous circumstances: "[I]n Maryland, following the voluntary dismissal of a civil action without prejudice, a second complaint based upon the same facts still must be filed within the applicable limitations period, absent assertions of fraud, implication of the discovery rule, or other recognized exceptions." Sheng Bi v. Gibson, 45 A.3d 305, 309 (Md. Ct. Spec. App. 2012).[10] Maryland does recognize a

---

[9] Maryland law vests the trial courts with explicit authority to dismiss actions which, for one reason or another, are no longer being prosecuted. See Md. R. 2-507(c). See also Wynn v. Maryland, 879 A.2d 1097, 1106 (Md. 2005) ("The power of Maryland courts to dismiss [for lack of prosecution] in civil cases is enshrined in Maryland Rule 2-507(c)"); Stanford v. Direct Title Ins. Co., 273 A.2d 190, 192 (Md. Ct. Spec. App. 1971) (observing that cases cannot be permitted "to remain catatonic" because "'justice delayed is justice denied'") (citation omitted) (affirming trial court's dismissal of action dormant for eighteen months); Brown v. Tate, 513 A.2d 921, 922 (Md. Ct. Spec. App. 1986) ("The obvious aim of the rule is to rid dockets of stale, untried cases and to free the already overburdened courts of unnecessary work.") (affirming trial court's dismissal of action for lack of prosecution).

[10] In Sheng Bi, the Court of Special Appeals of Maryland reviewed the "relation back statutes" enacted by Virginia, Illinois, and North Carolina, each of which relate a re-filed complaint back to a timely-filed complaint under certain circumstances, and stated that "[w]hile we recognize that other jurisdictions have enacted such statutes, Maryland

8

limited number of exceptions to this general rule, but none appear applicable to cases dismissed for the failure to prosecute.[11] Here, the cause of action underlying the Mitchell Claim accrued in May 2002, when Roche and Penn visited Mr. Mitchell in his nursing home. The statute of limitations thus expired by its terms in May 2005, leaving no time left on the clock when the Litigation was dismissed in 2009. The Personal Representative cannot revive the Lawsuit in the Maryland Circuit Court because any re-filed complaint would be subject to dismissal based on the expiration of the applicable statute of limitations. The filing of a proof of claim merely preserves a claimant's right to recover against a bankruptcy estate; it does not give the claimant any greater rights than he would have under the applicable substantive law governing the claim. Accordingly, because the Personal Representative cannot assert liability or recover any amounts from the Sun on account of the Lawsuit under Maryland law, the Objection should be sustained and the Mitchell Claim disallowed and expunged pursuant to sections 502(b)(1) and 558 of the Bankruptcy Code.

17. The dismissal of the Lawsuit and the expiration of the statute of limitations eliminated any "right to payment" that the Personal Representative may have had. But even if the Lawsuit had not been dismissed by the Maryland Circuit Court, there is nothing in the Mitchell Claim or the amended complaint that supports the $20,000,000 sought by the Mitchell Claim. Even if the allegations in the amended complaint are viewed in the light most

---

has not done so. The enactment of such a statute is a matter of public policy left to the discretion of the General Assembly. We reject appellant's invitation to establish such a policy judicially." Sheng Bi, 205 Md. App. at 268.

[11] Maryland has enacted certain "saving" statutes that permit a plaintiff to file a subsequent suit on the same cause of action within a specified period of time after a timely-filed suit is dismissed without prejudice, but none of those statues is applicable to the facts of this case. See Md. R. 2-101(b) (providing 30 days for re-filing in the Maryland Circuit Court after dismissal by a United States District Court or court of another state, in specified circumstances); Md. R. 2-101(c) (providing 30 days for refiling in the Maryland Circuit Court after dismissal by the United States District Court for the District of Maryland, in specified circumstances); Md. Code Ann., Cts. Jud. Proc. § 5-119 (providing 60 days for re-filing after dismissal for failure to file expert report in medical malpractice actions, in specified circumstances).

46429/0001-9568801V1

favorable to the plaintiff, the amended complaint does not support the award of compensatory damages to the Personal Representative. No reason whatsoever has been given by Mr. Mitchell or the Personal Representative, in the amended complaint or otherwise, for the increase in compensatory damages from $1,000,000 in the initial complaint to $20,000,000 in the amended complaint, where the averments in the complaint otherwise remained the same. The $20,000,000 demand is patently unreasonable and has no basis in fact or law.

## NOTICE

18. Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Personal Representative; and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Reorganized Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

19. No previous application for the relief sought herein has been made to this Court or to any other court.

[Remainder of page intentionally left blank]

46429/0001-9568801V1

WHEREFORE, for the reasons set forth herein, the Reorganized Debtors respectfully request that the Court enter the Order, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007, (i) disallowing and expunging the Mitchell Claim in its entirety; (ii) authorizing the Claims Agent to expunge the Mitchell Claim from the Claims Register; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
       May 23, 2013

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Kenneth P. Kansa
Dennis M. Twomey
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR REORGANIZED DEBTORS

46429/0001-9568801V1