## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |
| | **Hearing Date: June 26, 2013 at 1:00 p.m. ET**<br>**Response Deadline: June 19, 2013 at 4:00 p.m. ET** |

### REORGANIZED DEBTORS' OBJECTION TO CLAIM NO. 3476 OF ALEXIS MOYER, PURSUANT TO SECTIONS 502(b) AND 558 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3001, 3003, AND 3007

The reorganized debtors in the above-captioned chapter 11 cases (collectively, the "Reorganized Debtors"), by and through their undersigned counsel, hereby file this objection (the "Objection") to Claim No. 3476 filed against The Morning Call, Inc. ("TMC") by Alexis Moyer on the basis that such claim was filed with no supporting documentation to substantiate the claim and, furthermore, that TMC's books and records do not demonstrate any basis for the claim. A copy of Claim No. 3476 is attached hereto as Exhibit A.

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Objection is submitted pursuant to sections 502(b) and 558 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of the Objection, the Reorganized Debtors rely on the Declaration of John Rodden in Support of the Reorganized Debtors' Objection to Claim No. 3476 of Alexis Moyer (the "Rodden Declaration"), a copy of which is attached hereto as Exhibit B. In further support of the Objection, the Reorganized Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1.      On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its affiliates, including TMC (collectively, the "Debtors"),[2] each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules. (Docket Nos. 43, 2333.)

2.      On July 23, 2012, the Court entered the Order Confirming Fourth Amended Joint Plan of Reorganization (the "Plan") for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (Docket No. 12074.)[3]

3.      The Effective Date of the Plan occurred on December 31, 2012.[4]

---

[2] As used herein, the term "Reorganized Debtors" refers to the entities that became successors to the Debtors upon the Debtors' emergence from their chapter 11 cases.

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

[4] The Plan provides that one or more Debtors may undertake Restructuring Transactions on, prior to, or after the Effective Date, which may include, without limitation, mergers, consolidations, conversions, joint ventures, restructurings, recapitalizations, dispositions, liquidations or dissolutions. See Plan §5.2, Ex. 5.2 and Docket No. 12732. The Morning Call, LLC became the successor-in-interest to TMC on the Effective Date, as a consequence of the Restructuring Transactions.

46429/0001-9569688V1

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief

sought herein are sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001,

3003, and 3007.

## BACKGROUND

5.      Claim No. 3476 was filed on June 4, 2009 with Epiq Bankruptcy

Solutions, LLC, the agent retained by the Debtors and the Reorganized Debtors to assist with

claims processing in these chapter 11 cases (the "Claims Agent").  Claim No. 3476 is asserted

against TMC in the amount of $35,000.00, allegedly based on a "motor vehicle collision with

company employee on February 6, 2008."  (See Ex. A at 1).  No other documentation or

information was provided in support of Claim No. 3476.  (See Ex. A.)

6.      In February 2009, David S. Bralow, Assistant General Counsel/East Coast

Media for Tribune, and counsel for Ms. Moyer spoke on the telephone regarding the alleged

accident.  (See Rodden Dec. ¶ 4.)  In that discussion, counsel for Ms. Moyer informed Mr.

Bralow that Ms. Moyer was allegedly struck by a car driven by Bonnie Walsh (a/k/a Bonnie

Malinowski), whom Mr. Bralow identified as an independent contractor of TMC.  (Id.)  Counsel

for Ms. Moyer further informed Mr. Bralow that Ms. Moyer allegedly sustained injuries as a

result of the alleged accident.  (Id.)  Based on this conversation, TMC listed Ms. Moyer as a

potential claimant on its schedules of assets and liabilities filed with the Bankruptcy Court and

served notice of the Bar Date on counsel for Ms. Moyer.  (See Docket No. 596.)

7.      Other than Claim No. 3476, TMC has received no other communications

or information regarding this claim or the injuries allegedly sustained by Ms. Moyer, and no

complaint was filed against TMC on account thereof.  (See Rodden Dec. ¶ 5.)  Based on this

46429/0001-9569688V1

limited information, neither TMC nor any of the other Reorganized Debtors have been able to

discern any basis for the $35,000 sought by Ms. Moyer in Claim No. 3476.  (Rodden Dec. ¶ 6.)

## BASIS FOR OBJECTION

        8.     A "claim" for bankruptcy purposes means a "right to payment", whether

or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured,

unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.  11 U.S.C. § 101(5).

        9.     Section 502(b) of the Bankruptcy Code provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a
> hearing, shall determine the amount of such claim in lawful
> currency of the United States as of the date of the filing of the
> petition, and shall allow such claim in such amount, except to the
> extent that—
>> (1)    such claim is unenforceable against the debtor and
>> property of the debtor, under any agreement or applicable
>> law for a reason other than because such claim is
>> contingent or unmatured . . . .

11 U.S.C. § 502(b)(1).  Section 502(b)(1) recognizes settled principle that "[c]reditors'

entitlements in bankruptcy arise in the first instance from the underlying substantive law creating

the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy

Code." Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450-51 (2007)

(citing Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20 (2000)).  A claim against the bankruptcy

estate, therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be

enforceable against the debtor outside of bankruptcy." In re Combustion Eng'g, Inc., 391 F.3d

190, 245 (3d Cir. 2004).  In proceedings to determine whether a claim is enforceable against the

estate, "[t]he estate shall have the benefit of any defense available to the debtor as against any

entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other

personal defenses" pursuant to section 558 of the Bankruptcy Code.  See 11 U.S.C. § 558.

46429/0001-9569688V1

10.    Claim No. 3476 was filed without any documentation to substantiate the claim as required by Bankruptcy Rule 3001, and therefore fails to constitute prima facie evidence of the validity and amount of the claim, as contemplated by Bankruptcy Rule 3001(f).  The Reorganized Debtors' books and records also do not reveal any basis for the liability or amount asserted by Claim No. 3476, outside of the proof of claim submitted by the claimant. Accordingly, the Reorganized Debtors object to the allowance of Claim No. 3476 and request that such claim be disallowed in its entirety and expunged.  The Reorganized Debtors also request that the Court authorize the Claims Agent to expunge Claim No. 3476 from the Claims Register as sought by this Objection so that the Claims Register reflects more accurately the claims asserted and outstanding against the Debtors.

**RESERVATION OF RIGHTS**

11.    In the event that Ms. Moyer provides the Debtors with documentation or new information in response to this Objection prior to the Court's entry of an order sustaining this Objection with respect to Claim No. 3476, the Reorganized Debtors reserve the right to adjourn the hearing on the Objection in order to evaluate the newly-provided information. During any such adjournment of the objection, the Reorganized Debtors reserve all rights to reassert any objection contained herein or raise further objections if the newly-provided information is determined by the Reorganized Debtors not to support the claim.

**NOTICE**

12.    Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) counsel for Ms. Moyer; and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Reorganized Debtors submit that no other or further notice is necessary.

5

**NO PRIOR REQUEST**

13.    No previous application for the relief sought herein has been made to this Court or to any other court.

WHEREFORE, for the reasons set forth herein, the Reorganized Debtors respectfully request that the Court enter the Order, pursuant to sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007, (i) disallowing and expunging Claim No. 3476 in its entirety; (ii) authorizing the Claims Agent to expunge Claim No. 3476 from the Claims Register; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
       May 23, 2013

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR REORGANIZED DEBTORS

46429/0001-9569688V1