## <u>EXHIBIT B</u>

**RODDEN DECLARATION**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[5] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

## DECLARATION OF JOHN RODDEN IN SUPPORT OF REORGANIZED DEBTORS' OBJECTION TO CLAIM NO. 3476 OF ALEXIS MOYER

I, John Rodden, declare as follows:

1.     I am Vice President of Tribune Company, one of the reorganized debtors in the above-captioned chapter 11 cases (collectively, the "Reorganized Debtors"), and the ultimate parent of the other Reorganized Debtors, including The Morning Call, LLC (successor-in-interest to The Morning Call, Inc.) ("TMC"). In this position, I am responsible—together with the other members of the Reorganized Debtors' management—for the management and oversight of the Reorganized Debtors' restructuring efforts and business operations.

---

[5] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

2.      I have read the Reorganized Debtors' Objection to Claim No. 3476 of

Alexis Moyer, Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, and Bankruptcy

Rules 3001, 3003 and 3007 (the "Objection")[6] and am directly, or by and through the Debtors'

personnel and advisors, familiar with the information contained therein and in Claim No. 3476

attached thereto.  I am authorized to submit this declaration (the "Declaration") in support of the

Objection.

3.      All matters set forth in this Declaration are based on: (a) my personal

knowledge, (b) information supplied to me by the Reorganized Debtors' personnel, and (c) as to

matters involving United States bankruptcy law or rules or other applicable laws, my reliance on

the advice of counsel or other advisors to the Reorganized Debtors.  If called upon to testify, I

could and would testify competently to the facts set forth herein.

4.      I have been informed that, in February 2009, David S. Bralow, Assistant

General Counsel/East Coast Media for Tribune, and counsel for Ms. Moyer spoke on the

telephone regarding the alleged vehicle accident that is the subject matter of Claim No. 3476.  I

have further been informed that, in that discussion, counsel for Ms. Moyer informed Mr. Bralow

that Ms. Moyer was allegedly struck by a car driven by Bonnie Walsh (a/k/a Bonnie

Malinowski), whom Mr. Bralow identified as an independent contractor of TMC.  I have further

been informed that, in that discussion, counsel for Ms. Moyer further informed Mr. Bralow that

Ms. Moyer allegedly sustained injuries as a result of the alleged accident.

5.      Other than Claim No. 3476, TMC has received no other communications

or information regarding this claim or the injuries allegedly sustained by Ms. Moyer, and no

complaint was filed against TMC on account thereof.

---

[6]  Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Objection.

2

6.      Based on this limited information, neither TMC nor any of the other Reorganized Debtors have been able to discern any basis for the $35,000 sought by Ms. Moyer in Claim No. 3476.

[Remainder of Page Intentionally Left Blank]

46429/0001-9569688V1

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22 day of MAY 2013.

By: John Rodden

4