# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |
| | Hearing Date: June 26, 2013 at 1:00 p.m. ET<br>Response Deadline: June 19, 2013 at 4:00 p.m. ET |

## REORGANIZED DEBTORS' OBJECTION TO CLAIM NO. 7186 OF CLEAR CHANNEL OUTDOOR, INC., PURSUANT TO SECTIONS 502(b) AND 558 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3001, 3003, AND 3007

The reorganized debtors in the above-captioned chapter 11 cases (collectively, the "Reorganized Debtors"), by and through their undersigned counsel, hereby file this objection (the "Objection") to Claim No. 7186 filed against Los Angeles Times Communications LLC ("LATC") by Clear Channel Outdoor, Inc. ("CCO") on the basis that LATC has no liability on account of such claim for the several reasons set forth herein. A copy of Claim No. 7186 is attached hereto as Exhibit A.

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Objection is submitted pursuant to sections 502(b) and 558 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). By this Objection, the Reorganized Debtors request entry of an order disallowing and expunging Claim No. 7186 in its entirety, as indicated in further detail below, on the grounds that such claim (i) cannot amend Claim No. 3415 filed by Round 2 Communications, LLC ("Round 2") against LATC (the "Round 2 POC") because CCO and Round 2 are not the same entity and Round 2 has not consented to CCO's purported amendment, (ii) is untimely, (iii) is duplicative of the Round 2 POC, and (iv) does not represent a direct liability of LATC to CCO. In further support of the Objection, the Reorganized Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), Tribune Company and certain of its affiliates, including LATC (collectively, the "Debtors"),[2] each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules. (Docket Nos. 43, 2333.)

2. On July 23, 2012, the Court entered the Order Confirming Fourth Amended Joint Plan of Reorganization (the "Plan") for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (Docket No. 12074.)[3]

---

[2] As used herein, the term "Reorganized Debtors" refers to the entities that became successors to the Debtors upon the Debtors' emergence from their chapter 11 cases.

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

46429/0001-9569922V1

3.  The Effective Date of the Plan occurred on December 31, 2012.

4.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007.

## BACKGROUND

5.  Claim No. 7186 was filed on March 26, 2013 and was assigned Claim No. 7186 by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors and the Reorganized Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent"). Claim No. 7186 is asserted against LATC in the amount of $326,250.00. On its face, Claim No. 7186 purports to amend the Round 2 POC. (See Ex. A at 1.) Appended to Claim No. 7186 is an annex that sets forth the rationale for the filing of such claim by CCO. (See Ex. A at 4-5 (the "Annex")).

6.  LATC is aware of no material dispute regarding the facts relevant to this Objection. In the ordinary course of its business, on a prepetition and postpetition basis, LATC purchased advertising to market its brand. LATC engaged the services of several intermediary advertising firms, including Round 2, to place its advertising with local third-party advertisers, including CCO, and to negotiate the times of and rates for the placement of such advertisements on LATC's behalf. Round 2 invoiced LATC for reimbursement of the aggregate cost of all advertising place with various third-party advertisers, including CCO, plus a set commission fee for its services. As of the Petition Date, LATC listed on its schedules of liabilities the amounts its books and records stated were due to Round 2 on account of the purchase of advertising from third-party advertisers on LATC's behalf, plus commission fees, in the aggregate amount of

$442,163.38. On June 2, 2009, Round 2 timely-filed the Round 2 POC in the same amount, on account of the same underlying advertising purchases that were scheduled by LATC. The Round 2 POC was reduced and allowed in the aggregate amount of $372,956.38 by stipulation of LATC and Round 2 dated April 4, 2013. Of this amount, $326,250.00 is attributable to advertising that Round 2 purchased from CCO on LATC's behalf.

7. As acknowledged in the Annex, Round 2 contracted with CCO for the purchase of advertising. (See Annex at 1.) LATC at no point entered into any contract with CCO relating to the advertising purchased by Round 2, and CCO does not allege in the Annex that such a contractual relationship exists between it and LATC in connection with the advertising purchased by Round 2. Upon information and belief, (i) Round 2 and CCO agreed that CCO would invoice Round 2 for the cost of the advertising purchased by Round 2, (ii) Round 2 would invoice LATC for the same amounts (plus its set commission fees), and (iii) Round 2 would not be responsible for making a payment to CCO on account of CCO's invoices until it had received payment from LATC. LATC has been informed that, based on this arrangement, CCO has not received payment for the invoices that it submitted to Round 2 on account of the $326,250.00 worth of prepetition advertising purchased from it by Round 2, pending the resolution of the Round 2 POC. (See Annex at 1 "[CCO's] invoices are reflected in, and comprise the majority of, the Round 2 POC, and represent a pass-through item payable to [CCO].").

8. The Annex further states, and LATC believes based on information provided to it by Round 2, that Round 2 ceased business operations on or about December 31, 2012. (See Annex at 1.) Based on a letter CCO received from Porper & Company dated December 3, 2012 (see Annex at 18), CCO appears to believe that Round 2 is in "severe

financial distress," and that "any distributions made by [LATC] to Round 2 on account of the Round 2 POC will not be remitted by Round 2 to [CCO]." (See Annex at 1.) For that reason, CCO requests "that the Round 2 POC be bifurcated such that $326,250.00 of that claim is deemed to be the direct claim of [CCO], with the remainder payable to Round 2." (Id.)

## BASIS FOR OBJECTION

9.  A "claim" for bankruptcy purposes means a "right to payment", whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured. 11 U.S.C. § 101(5).

10. Section 502(b) of the Bankruptcy Code provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1). Section 502(b)(1) recognizes settled principle that "[c]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450-51 (2007) (citing Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20 (2000)). A claim against the bankruptcy estate, therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be enforceable against the debtor outside of bankruptcy." In re Combustion Eng'g, Inc., 391 F.3d 190, 245 (3d Cir. 2004). In proceedings to determine whether a claim is enforceable against the estate, "[t]he estate shall have the benefit of any defense available to the debtor as against any

entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses" pursuant to section 558 of the Bankruptcy Code. See 11 U.S.C. § 558.

11. By this Objection, the Reorganized Debtors raise four substantive and non-substantive grounds for disallowance of Claim No. 7186, any one of which is a sufficient basis for this Court to sustain the Objection:

- Claim No. 7186 cannot amend the Round 2 POC because CCO and Round 2 are not the same entity and Round 2 has not consented to CCO's purported amendment;

- Claim No. 7186 is untimely;

- Claim No. 7186 is duplicative of the Round 2 POC, which is an Allowed Claim against LATC; and

- Claim No. 7186 does not represent a direct liability of LATC to CCO because CCO's contractual relationship is with Round 2, not LATC.

The Reorganized Debtors also seek an order authorizing the Claims Agent to expunge Claim No. 7186 from the claims register so that the claims register accurately reflects the claims outstanding against the Debtors' estates.

A. **Improper Amendment**

12. Nothing in the Bankruptcy Code, Bankruptcy Rules, or applicable case law that authorizes a third party to amend a proof of claim that was filed in a bankruptcy proceeding by a debtor's creditor on the grounds that it is owed money by that creditor. See 11 U.S.C. § 502(a) (providing that "A creditor . . . may file a proof of claim.").[4] Moreover, the Round 2 Claim is subject to a stipulation between LATC and Round 2, and the claim cannot be modified at this juncture absent consent of all of the parties. Following CCO's filing of its

---

[4] The Bankruptcy Code does provide that where a creditor does not timely file a proof of claim, "an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim." 11 U.S.C. § 501(b). This provision is inapplicable here both because Round 2 has timely filed a proof of claim and because CCO does not assert that it is liable to Round 2.

6

claim, LATC, through counsel, contacted Round 2 to determine whether Round 2 had consented to CCO's filing. LATC has been informed by counsel to Round 2 that Round 2 does not consent to CCO's purported amendment of its claim.

13. CCO's proof of claim is thus in effect an attempt to effect a non-consensual transfer of Round 2's proof of claim, or at least the distribution to be received under the Plan on account of that claim. The Reorganized Debtors cannot consent to such an action. Moreover, allowing CCO's proof of claim would force LATC to pay twice on account of the same invoices issued to it by Round 2. The Reorganized Debtors have no doubt that Round 2 continues to believe that it has a right to payment on account of its claims, and CCO cannot intervene to assert that same right and demand a second payment from LATC on precisely the same claim.

**B.  Late Claim**

14. Because Claim No. 7186 cannot amend the Round 2 POC, it does not "relate back" to a timely-filed claim and is thus time-barred pursuant to section 502(b)(9) of the Bankruptcy Code. The deadline for creditors to file proofs of claim in the Debtors' chapter 11 cases was June 12, 2009 (the "Bar Date"). (See Order at Docket No. 813.) Claim No. 7186 was filed well past the Bar Date, without prior leave of Court, and should be disallowed and expunged on that basis.

15. There is no question that CCO received notice of the Bar Date. CCO was scheduled as having six (6) claims in the Debtors' cases for amounts due to it from the Debtors on matters unrelated to the subject matter of the Round 2 POC or Claim No. 7186, five of which were subsequently assigned by CCO to TRC Master Fund LLC.

46429/0001-9569922V1

C.   **Duplicative Claim**

16.   Claim No. 7186 is a substantive duplicate of the Round 2 Claim because it represents a claim based on the same underlying purchase of advertising, which is sufficient to support disallowance under section 502(b)(1) of the Bankruptcy Code. The Reorganized Debtors cannot legitimately be required to pay twice on the same underlying obligation or debt; or, in this case, for the debt of Round 2 to CCO.

D.   **No Contractual Liability**

17.   There appears to be no dispute among the parties that LATC and CCO are not in contractual privity with respect to the advertising purchased by Round 2 from CCO. The "pass-through" payment arrangement between Round 2 and CCO does not change this result. That Round 2 has the right to payment from LATC is not subject to reasonable dispute by the parties; rather, CCO's filing of Claim No. 7186 was motivated by its concern about Round 2's ability to pay the amounts that Round 2 owes to CCO once Round 2 receives payment from LATC on account of the Round 2 claim. The Reorganized Debtors do not dispute the legitimacy of CCO's concerns in this regard. That does not change the fact that the assertion of Claim No. 7186 against LATC is not proper as a matter of contract law or bankruptcy law and must be disallowed.

## NOTICE

18.   Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) counsel for CCO; (iii) counsel for Round 2; and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Reorganized Debtors submit that no other or further notice is necessary.

46429/0001-9569922V1

## **NO PRIOR REQUEST**

19. No previous application for the relief sought herein has been made to this Court or to any other court.

WHEREFORE, for the reasons set forth herein, the Reorganized Debtors respectfully request that the Court enter the Order, pursuant to sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007, (i) disallowing and expunging Claim No. 7186 in its entirety; (ii) authorizing the Claims Agent to expunge Claim No. 7186 from the Claims Register; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware  
      May 24, 2013

Respectfully submitted,

SIDLEY AUSTIN LLP  
James F. Conlan  
Kenneth P. Kansa  
Jillian K. Ludwig  
One South Dearborn Street  
Chicago, Illinois 60603  
Telephone: (312) 853-7000  
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,  
FORMAN & LEONARD, P.A.

By: _____  
Norman L. Pernick (No. 2290)  
J. Kate Stickles (No. 2917)  
Patrick J. Reilley (No. 4451)  
500 Delaware Avenue, Suite 1410  
Wilmington, Delaware 19801  
Telephone: (302) 652-3131  
Facsimile: (302) 652-3117

ATTORNEYS FOR REORGANIZED DEBTORS

46429/0001-9569922V1