IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |
| | Hearing Date: June 26, 2013 at 1:00 p.m. ET<br>Response Deadline: June 19, 2013 at 4:00 p.m. ET |

**REORGANIZED DEBTORS' SIXTY-EIGHTH OMNIBUS
(SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO
SECTIONS 502(b) AND 558 OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3001, 3003 AND 3007, AND LOCAL RULE 3007-1**

> **Claimants receiving this Objection should locate their name(s) and claim number(s) on the lettered exhibits, Exhibit A, Exhibit B, or Exhibit C, each containing the grounds for the objection pertaining to their claim(s) and the relief being sought by the Reorganized Debtors. The relief sought herein is without prejudice to the Reorganized Debtors' rights to pursue further non-substantive objections to the claims listed on Exhibit A, Exhibit B, or Exhibit C to this Objection.**

The reorganized debtors in the above-captioned chapter 11 cases (collectively, the "Reorganized Debtors"), by and through their undersigned counsel, hereby file this sixty-eighth

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

omnibus objection to claims (the "Objection"), which Objection covers each of the five (5) claims set forth on Exhibit A, Exhibit B, or Exhibit C attached hereto and to the proposed form of order submitted herewith (the "Disputed Claims"), pursuant to sections 502(b) and 558 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). By this Objection, the Reorganized Debtors request the entry of an order disallowing and expunging or modifying, as applicable, each of the Disputed Claims, as indicated in further detail below. In support of the Objection, the Reorganized Debtors submit the declaration of John Rodden, Vice President of Tribune Company (the "Rodden Declaration"), a copy of which is attached hereto as Exhibit D. In further support of the Objection, the Reorganized Debtors respectfully state as follows:

## STATUS OF THE CASE

1. On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its affiliates (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) (Docket Nos. 43, 2333).

3. On July 23, 2012, the Court entered the Order Confirming Fourth Amended Joint Plan of Reorganization (the "Plan") for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital

CH1 7727780V.1/46429/0001-9574207V1

Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (Docket No. 12074).[2]

4. The Effective Date of the Plan occurred on December 31, 2012.[3]

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1.

### FACTUAL BACKGROUND TO THE DEBTORS' CLAIMS PROCESS

6. On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs (Docket Nos. 567-789), which were subsequently amended on April 13, 2009 (Docket Nos. 894-957), June 12, 2009 (Docket Nos. 1343-1453), March 2, 2010 (Docket Nos. 3548-3599), May 13, 2010 (Docket No. 4388), and January 28, 2011 (Docket Nos. 7661-7671) (collectively, the "Schedules").

7. On March 25, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

[3] The Plan provides that one or more Debtors may undertake Restructuring Transactions on, prior to, or after the Effective Date, which may include, without limitation, mergers, consolidations, conversions, joint ventures, restructurings, recapitalizations, dispositions, liquidations or dissolutions. See Plan § 5.2, Ex. 5.2 and Docket No. 12732. Certain of the Debtors against which the Disputed Claims were filed have undertaken Restructuring Transactions, pursuant to which they have been merged with and into direct or indirect wholly-owned subsidiaries of Tribune Company. A notice with information respecting each Debtor's anticipated post-emergence entity following the consummation of the Restructuring Transactions was filed with the Bankruptcy Court on November 16, 2012 (Docket No. 12732).

8.     Written notice of the Bar Date was mailed to, among others, all known creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order. In addition to mailing such actual notice, the Debtors also published notice of the Bar Date in the National Editions of the <u>Wall Street Journal</u> and the <u>New York Times</u> and in the <u>Chicago Tribune</u> and <u>Los Angeles Times</u> on May 12, 2009.

9.     As of the Effective Date, approximately 7,165 Proofs of Claim were filed in these chapter 11 cases. The Proofs of Claim are recorded on the official claims register (the "<u>Claims Register</u>") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors and the Reorganized Debtors to assist with claims processing in these chapter 11 cases (the "<u>Claims Agent</u>"). As of the date of this Objection, approximately 800 Proofs of Claim remain outstanding on the Claims Register to be resolved against the Debtors' estates by objection, stipulation, or otherwise (the "<u>Remaining Claims</u>").

## **RELIEF REQUESTED**

10.    By this Objection, the Reorganized Debtors seek entry of an order, pursuant to sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1, granting the following relief with respect to the Disputed Claims:

a) fixing the value of the Disputed Claim identified on <u>Exhibit A</u> (the "<u>Modified Amount Claim</u>") at the dollar value listed under the column heading "Modified Amount," which corresponds to the amount originally scheduled for such claim based on the Debtors' books and records, as set forth on <u>Exhibit A</u> for such claim and in ¶¶ 13-14 of this Objection;

b) disallowing and expunging in their entirety the three (3) Disputed Claims identified on <u>Exhibit B</u> (the "<u>No Liability Contract Claims</u>") on the basis that the Debtors owe no prepetition amounts with respect to such claims, as set forth on <u>Exhibit B</u> for each respective claim and in ¶¶ 15-17 of this Objection; and

c) disallowing and expunging in its entirety the Disputed Claim identified on <u>Exhibit C</u> (the "<u>No Liability Employee Claim</u>") on the basis that the Debtors owe no

4

prepetition amounts with respect to such claim, as set forth on <u>Exhibit C</u> for such claim and in ¶¶ 18-19 of this Objection;

d) authorizing the Claims Agent to modify each of the Disputed Claims on the Claims Register in accordance with the proposed Order.

11. This Objection complies with Local Rule 3007-1 in all respects.

## **BASIS FOR OBJECTION**

12. This Objection is based on section 502(b)(1) of the Bankruptcy Code, which provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1). Section 502(b)(1) recognizes the settled principle that "[c]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." <u>Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.</u>, 549 U.S. 443, 450-51 (2007) (citing <u>Raleigh v. Ill. Dep't of Revenue</u>, 530 U.S. 15, 20 (2000)). A claim against the bankruptcy estate, therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be enforceable against the debtor outside of bankruptcy." <u>In re Combustion Eng'g, Inc.</u>, 391 F.3d 190, 245 (3d Cir. 2004). In proceedings to determine whether a claim is enforceable against the estate, "[t]he estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses" pursuant to section 558 of the Bankruptcy Code. <u>See</u> 11 U.S.C. § 558.

**A.     Modified Amount Claim**

13.     In connection with their review of all Remaining Claims pending against the Debtors' estates, the Reorganized Debtors have identified one (1) claim, filed in an undetermined amount, as the Modified Amount Claim, which is listed on Exhibit A hereto.

14.     Debtor Tribune Television Company ("Tribune Television") scheduled a claim on behalf of Time Warner Cable ("Time Warner") in the amount of $189,992.00, based on invoices for advertising that Tribune Television purchased from Time Warner's cable stations. (See Schedule No. 241007920.) (Rodden Decl. at ¶ 6.) On July 6, 2009, Time Warner filed Claim No. 6039 in an undetermined amount against Tribune Television, based on the same subject matter as the scheduled amount, which superseded Schedule No. 241007920 on the Claims Register. The Reorganized Debtors reached out to Time Warner through their advisors and attempted to fix the amount of the claim, but these efforts were unsuccessful. (Id.) The Reorganized Debtors believe that Tribune Television's books and records are correct that the amount due to Time Warner is $189,992.00. (Id.) If the relief requested herein is granted, the Modified Amount Claim will be fixed at and allowed in the amount of $189,992.00.

**B.     No Liability Contract Claims**

15.     In connection with their review of all Remaining Claims pending against the Debtors' estates, the Reorganized Debtors have identified three (3) claims, in the face amount of $11,002.69, as No Liability Contract Claims, which claims are listed on Exhibit B hereto.

16.     Health Concepts/Dolphin Capital ("Dolphin Capital") filed two (2) proofs of claim, assigned Claim Nos. 10 and 12 by the Claims Agent, in the aggregate amount of $5,655.92, against Chicago Tribune Company ("CTC") on account of certain prepetition lease agreements (the "Dolphin Capital Agreements"). (Rodden Decl. at ¶ 8.) As of the Petition Date,

CTC was current on the Dolphin Capital Agreements and did not owe any prepetition amounts to Dolphin Capital on account thereof. (Id.) The Reorganized Debtors believe that Dolphin Capital filed these claims on a protective basis in the full amount of all future payments due from CTC under the terms of the Dolphin Capital Agreements. (Id.) CTC remained current on the Dolphin Capital Agreements during the pendency of its chapter 11 case and assumed the Dolphin Capital Agreements as of the Effective Date. (Id.) Since the Effective Date, Chicago Tribune Company, LLC, successor-in-interest to CTC, has continued to pay all amounts owed under the Dolphin Capital Agreements in the ordinary course of business. (Id.) For these reasons, the No Liability Contract Claims filed by Dolphin Capital should be disallowed in their entirety and expunged.

17.  Zvents Inc. ("Zvents") filed a proof of claim, assigned Claim No. 3120 by the Claims Agent, in the amount of $5,346.77, against WDCW Broadcasting, Inc. ("WDCW") on account of a prepetition hosting services agreement (the "Zvents Agreement"). (Rodden Decl. at ¶ 9.) As of the Petition Date, WDCW was current on the Zvents Agreement and did not owe any prepetition amounts to Zvents on account thereof. (Id.) The Reorganized Debtors believe that Zvents filed this claim on a protective basis in the full amount of all future payments due from WDCW under the terms of the Zvents Agreement. (Id.) WDCW remained current on the Zvents Agreement during the pendency of its chapter 11 case and assumed the Zvents Agreement as of the Effective Date. (Id.) Since the Effective Date, WDCW, LLC, as successor-in-interest to WDCW, has continued to pay all amounts owed under the Zvents Agreement in the ordinary course of business. (Id.) For these reasons, the No Liability Contract Claim filed by Zvents should be disallowed in its entirety and expunged.

CH1 7727780V.1/46429/0001-9574207V1

### C. No Liability Employee Claim

18. In connection with their review of all Remaining Claims pending against the Debtors' estates, the Reorganized Debtors have identified one (1) claim, in the face amount of $2,000.00, as a No Liability Employee Claim, which is listed on Exhibit C hereto.

19. Christopher Zanghi filed a proof of claim, assigned Claim No. 6001 by the Claims Agent, in the amount of $2,000.00 against WDCW for a "4208 Bonus (Discretionary Bonus)." (Rodden Decl. at ¶ 11.) Mr. Zanghi did not attach any factual or supporting materials to his claim. (See Claim No. 6001). According to WDCW's books and records, WDCW exercised its discretion to not pay a bonus to Mr. Zanghi, and therefore no amounts are due and owing on account of such claim by WDCW. (Id.)

### RESERVATION OF RIGHTS

20. The Reorganized Debtors hereby reserve their right to amend, modify, and/or supplement this Objection at any time prior to the hearing on this Objection. The Reorganized Debtors further reserve their right to adjourn the hearing on this Objection as it pertains to any or all of the Disputed Claims. In the event that the Reorganized Debtors so adjourn the hearing, they will state that the hearing on the Objection and/or any response filed in connection therewith and/or all applicable deadlines for responsive pleadings have been adjourned on the agenda for the hearing, which agenda will be served on any party affected by such adjournment.

CH1 7727780V.1/46429/0001-9574207V1

## NOTICE

21.     Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) the claimants listed on <u>Exhibit A</u>, <u>Exhibit B</u>, and <u>Exhibit C</u>, and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Reorganized Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

22.     No previous application for the relief sought herein has been made to this Court or to any other court.

WHEREFORE, for the reasons set forth herein, the Reorganized Debtors respectfully request that the Court enter an order, pursuant to sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1, (i) modifying in amount and allowing the Modified Amount Claim on Exhibit A; (ii) disallowing in full and expunging the No Liability Contract Claims set forth on Exhibit B; (iii) disallowing in full and expunging the No Liability Employee Claim set forth on Exhibit C; (iv) directing the Claims Agent to modify the Disputed Claims on the Claims Register; and (v) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware  
      May 24, 2013

Respectfully submitted,

SIDLEY AUSTIN LLP  
Bryan Krakauer  
Kenneth P. Kansa  
Steven Robinson  
One South Dearborn Street  
Chicago, Illinois 60603  
Telephone: (312) 853-7000  
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,  
FORMAN & LEONARD, P.A.

By: _____  
Norman L. Pernick (No. 2290)  
J. Kate Stickles (No. 2917)  
Patrick J. Reilley (No. 4451)  
500 Delaware Avenue, Suite 1410  
Wilmington, Delaware 19801  
Telephone: (302) 652-3131  
Facsimile:  (302) 652-3117

ATTORNEYS FOR REORGANIZED DEBTORS

CH1 7727780V.1/46429/0001-9574207V1