**EXHIBIT D**

**RODDEN DECLARATION**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

## DECLARATION OF JOHN RODDEN IN SUPPORT OF REORGANIZED DEBTORS' SIXTY-EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS

I, John Rodden, declare as follows:

1. I am Vice President of Tribune Company, one of the reorganized debtors in the above-captioned chapter 11 cases (each a "Reorganized Debtor" and, collectively, the "Reorganized Debtors"), and the ultimate parent of the other Reorganized Debtors. In this position, I am responsible—together with the other members of the Reorganized Debtors' management—for the management and oversight of the Reorganized Debtors' restructuring efforts and business operations.

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

CH1 7727780V.1 /46429/0001-9574207V1

2. I have read the Reorganized Debtors' Sixty-Eighth Omnibus (Substantive) Objection to Claims Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 (the "Objection")[2] and am directly, or by and through the Debtors' personnel and advisors, familiar with the information contained therein and in Exhibit A, Exhibit B, and Exhibit C, attached thereto. I am authorized to submit this declaration (the "Declaration") in support of the Objection.

3. All matters set forth in this Declaration are based on: (a) my personal knowledge, (b) my review of relevant documents, (c) my view, based on my experience and knowledge of the Debtors' former and Reorganized Debtors' current operations and personnel, (d) information supplied to me by others at the Reorganized Debtors' request, or (e) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance on the advice of counsel or other advisors to the Reorganized Debtors. If called upon to testify, I could and would testify competently to the facts set forth herein.

4. Considerable time and resources have been expended to review and reconcile the proofs of claim (the "Proofs of Claim") filed against the Debtors in these chapter 11 cases. Upon review of the Proofs of Claim filed in these chapter 11 cases and supporting documentation attached thereto, the Reorganized Debtors have determined that the claims listed on Exhibit A, Exhibit B, and Exhibit C to the Objection and to the proposed form of order are not properly asserted pursuant to section 502(b) and 558 of the Bankruptcy Code, Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure, Local Rule 3007-1, and applicable orders of the Bankruptcy Court.

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Objection.

CH1 7727780V.1/46429/0001-9574207V1

**Modified Amount Claim**

5.     The claim identified on <u>Exhibit A</u> was asserted in an amount that is undetermined in whole or in part; however, the Reorganized Debtors' books and records reflect an amount that the Reorganized Debtors agree is owed.

6.     Specifically, Debtor Tribune Television Company ("<u>Tribune Television</u>") scheduled a claim on behalf of Time Warner Cable ("<u>Time Warner</u>") in the amount of $189,992.00, based on invoices for advertising that Tribune Television purchased from Time Warner's cable stations. (<u>See</u> Schedule No. 241007920.) On July 6, 2009, Time Warner filed Claim No. 6039 in an undetermined amount against Tribune Television, based on the same subject matter as the scheduled amount, which superseded Schedule No. 241007920 on the Claims Register. The Reorganized Debtors reached out to Time Warner through their advisors and attempted to fix the amount of the claim, but these efforts were unsuccessful. The Reorganized Debtors believe that Tribune Television's books and records are correct that the amount due to Time Warner is $189,992.00.

**No Liability Contract Claims**

7.     To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, the No Liability Contract Claims identified on <u>Exhibit B</u> are claims for which the Reorganized Debtors have determined, after reconciling the Proof of Claims against their Books and Records, the Debtors have no liability.

8.     Health Concepts/Dolphin Capital ("<u>Dolphin Capital</u>") filed two (2) proofs of claim, assigned Claim Nos. 10 and 12 by the Claims Agent, in the aggregate amount of $5,655.92, against Chicago Tribune Company ("<u>CTC</u>") on account of certain prepetition lease agreements (the "<u>Dolphin Capital Agreements</u>"). As of the Petition Date, CTC was current on

the Dolphin Capital Agreements and did not owe any prepetition amounts to Dolphin Capital on account thereof. The Reorganized Debtors believe that Dolphin Capital filed these claims on a protective basis in the full amount of all future payments due from CTC under the terms of the Dolphin Capital Agreements. CTC remained current on the Dolphin Capital Agreements during the pendency of its chapter 11 case and assumed the Dolphin Capital Agreements as of the Effective Date. Since the Effective Date, Chicago Tribune Company, LLC, successor-in-interest to CTC, has continued to pay all amounts owed under the Dolphin Capital Agreements in the ordinary course of business.

9. Zvents Inc. ("Zvents") filed a proof of claim, assigned Claim No. 3120 by the Claims Agent, in the amount of $5,346.77, against WDCW Broadcasting, Inc. ("WDCW") on account of a prepetition hosting services agreement (the "Zvents Agreement"). As of the Petition Date, WDCW was current on the Zvents Agreement and did not owe any prepetition amounts to Zvents on account thereof. The Reorganized Debtors believe that Zvents filed this claim on a protective basis in the full amount of all future payments due from WDCW under the terms of the Zvents Agreement. WDCW remained current on the Zvents Agreement during the pendency of its chapter 11 case and assumed the Zvents Agreement as of the Effective Date. Since the Effective Date, WDCW, LLC, as successor-in-interest to WDCW, has continued to pay all amounts owed under the Zvents Agreement in the ordinary course of business.

**No Liability Employee Claim**

10. To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, the No Liability Employee Claim identified on Exhibit C is a claim for which the Reorganized Debtors have determined, after reconciling the Proof of Claims against their Books and Records, the Debtors have no liability.

4

11. Christopher Zanghi filed a proof of claim, assigned Claim No. 6001 by the Claims Agent, in the amount of $2,000.00 against WDCW for a "4208 Bonus (Discretionary Bonus)." Mr. Zanghi did not attach any factual or supporting materials to his claim. (See Claim No. 6001) According to WDCW's books and records, WDCW exercised its discretion to not pay a bonus to Mr. Zanghi, and therefore no amounts are due and owing on account of such claim by WDCW.

[Remainder of Page Intentionally Left Blank]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of May 2013.

By: John Rodden