**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

**FEE EXAMINER'S FINAL REPORT REGARDING THE**
**TWENTY-EIGHTH MONTHLY AND FINAL FEE APPLICATIONS OF**
**DANIEL J. EDELMAN, INC.**

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Twenty-Eighth Monthly Fee Application* for the Period December 1, 2012 through December 31, 2012 [Docket No. 13157], and *Final Fee Application for Allowance of Compensation and Reimbursement of Expenses of Daniel J. Edelman, Inc.* for the Period December 8, 2008 Through December 31, 2012 [Docket No. 13256] (the "**Monthly Fee Application**" and the "**Final Fee Application**"). The Monthly

---

[1] The Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

Fee Application seeks approval of fees that total $1,225.00 and there was no request for reimbursement of expenses for the period of December 1, 2012 through December 31, 2012. The Final Fee Application seeks approval of fees that total $169,150.85 and reimbursement of expenses in the amount of $1,263.83 for the period from December 8, 2008 through December 31, 2012. Daniel J. Edelman, Inc. ("**Edelman**") acted as Corporate Communications and Investor Relations Consultants for the Debtors and Debtors-in-Possession.

## Background

1. On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**"), each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2. On December 26, 2008, the Debtors filed the *Application for an Order Authorizing Debtors to Retain and Employ Daniel J. Edelman, Inc. as Corporate Communications and Investor Relations Consultants Pursuant to 11 U.S.C. Sections 327(a) and 1107, Nunc Pro Tunc to the Petition Date* [Docket No. 146] (the "**Retention Application**"). By order dated March 9, 2009, this Court approved the retention of Edelman (see Docket No. 498) (the "**Retention Order**").

3. Edelman submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members under 11 U.S.C. §§ 105(a) and 331* [Docket No. 225] (the "**Interim Compensation Order**").

## Applicable Standards

4. In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5. The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6. Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

7. A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8. The Fee Examiner completed an evaluation of the Monthly Fee Application, Final Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings. The Fee Examiner issues this final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5*.

## DISCUSSION OF FINDINGS – MONTHLY FEE APPLICATION

### Technical Requirements

9. **Reconciliation of Fees.** The Fee Examiner compared the total amount of fees requested in the Fee Application ("**Fees Requested**") to the fees actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**"). The Fee Examiner

notes the inability of the firm's software to record time in tenth of an hour increments. Utilizing the methodology, approved by the firm, and set forth in paragraph 10 of this report, the Fee Examiner determined that the Fees Computed exceed the Fees Requested by $35.00, resulting in an apparent undercharge. The firm agreed with the Fee Examiner's calculations, resulting in an increase in Fees Requested by an amount of $35.00.

10. **Time Increments.** The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*. The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*. The Retention Application and supporting Declaration of Jeff R. Zilka both state that "[n]otwithstanding any contrary provisions in the Engagement Letter, Edelman will maintain all such time records in tenth-of-an-hour increments." *Retention Application ¶14*. Counsel for Edelman informed the Fee Examiner that the timekeeper software used by the firm does not allow firm personnel to record their time in 0.10 hour increments. In response, the Fee Examiner offered a solution that required no cost or additional work for Edelman timekeepers: include in each task description the amount of time (in 0.10 hour increments) expended on each activity, and the Fee Examiner's staff will calculate the precise hours and fees. Edelman, through counsel, accepted the Fee Examiner's solution. Edelman recorded time entries in the Fee Application in quarter hour increments; however, all of the entries have been adjusted to reflect 0.10 hour increments.

11. **Block Billing.**[2] The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local*

---

[2] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

*Rule 2016-2(d)(vii)*. The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[3] Edelman timekeepers did not block bill time entries.

### Review of Fees

12. **Firm Staffing.** The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines* ¶*(b)(1)(iii)*. The Fee Application provided the name, position, and hourly rate of the Edelman professional who billed to this matter.

General manager Jeffrey R. Zilka billed a total of 1.80 hours during this monthly period at an hourly billing rate of $700.00 for associated fees of $1,260.00.[4]

13. **Hourly Rate Increases.** Edelman did not increase the hourly rate of the general manager during this monthly period.

14. **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity

---

[3] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g., In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g., In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

[4] This amount reflects the Fees Computed.

description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*. The Fee Examiner reviewed all time entries and, aside from a couple limited exceptions, did not identify any vague task descriptions.

15. **Administrative Activities.** Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The Fee Examiner did not identify any time entries describing administrative activities.

16. **Clerical Activities.** Clerical activities do not require legal acumen, and may be effectively performed by administrative assistants, secretaries, or support personnel. Similar to administrative activities, clerical activities are generally not billable and are considered to be part of the firm's overhead. In the 3rd Circuit, however, some clerical and non-clerical activities may be compensable at a rate commensurate with the level of expertise or knowledge typically found to be necessary to complete the task. The Fee Examiner did not identify any fee entries describing clerical-type activities.

17. **Travel.** The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. The Fee Application did not include any fee entries describing travel.

18. **Edelman Retention/Compensation.** The Fee Examiner did not identify any fee entries describing Edelman retention/compensation activities.

## CONCLUSION – MONTHLY FEE APPLICATIONS

The Fee Examiner submits this final report regarding Daniel J. Edelman, Inc.'s Monthly Fee Application and the fees discussed above. The Fee Examiner recommends the approval of fees in the amount of $1,260.00 ($1,225.00 plus $35.00) for the period from December 1, 2012 through December 31, 2012. The findings are set forth in **Exhibit A**.

## DISCUSSION OF FINDINGS – FINAL APPLICATION

The Fee Examiner compared the fees and expenses requested in the Final Fee Application with the fees and expenses requested in the underlying interim fee applications and those approved by the Court (through the date of the filing of the Final Fee Application). The Fee Examiner agrees with Edelman's calculation of the final fees and expenses requested.

## CONCLUSION – FINAL FEE APPLICATION

As for Daniel J. Edelman, Inc., the Fee Examiner recommends approval of $169,220.85[5] in fees and $1,263.83 in expenses for the period December 8, 2008 through December 31, 2012.

Respectfully submitted,

STUART MAUE

By: _/s/ John F. Theil_
John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri 63044
Telephone: (314) 291-3030
Facsimile: (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

---

[5] This is the amount of Edelman's final fee request ($169,150.85) with the addition of the fee discrepancy amounts from the 12th Interim Application ($35.00) and the 28th Monthly Application ($35.00) as these amounts were not approved as of the date the Final Fee Application was filed.

-8-

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 29th day of May, 2013.

David Buchbinder, Esq.  
Office of the United States Trustee  
J. Caleb Boggs Federal Building  
844 King Street, Suite 2207, Lockbox 35  
Wilmington, DE 19801  
(US Trustee)

Adam G. Landis, Esq.  
Matthew B. McGuire, Esq.  
Landis Rath & Cobb LLP  
919 Market Street, Suite 1800  
Wilmington, DE 19801  
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.  
R. Craig Martin, Esq.  
DLA Piper LLP (US)  
919 North Market Street, Suite 1500  
Wilmington, DE 19801  
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.  
Katisha D. Fortune, Esq.  
Richards, Layton & Finger, P.A.  
920 N. King Street  
P.O. Box 551  
Wilmington, DE 19899-0511  
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

Kenneth P. Kansa, Esq.  
Jillian K. Ludwig, Esq.  
Sidley Austin LLP  
One South Dearborn  
Chicago, IL 60603  
(Counsel to Debtors)

Howard Seife, Esq.  
David M. LeMay, Esq.  
Douglas E. Deutsch, Esq.  
Chadbourne & Parke LLP  
30 Rockefeller Plaza  
New York, NY 10112  
(Counsel to Creditors' Committee)

Brian Trust, Esq.  
Amit K. Trehan, Esq.  
Mayer Brown LLP  
1675 Broadway  
New York, NY 10019-5820  
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.  
J. Kate Stickles, Esq.  
Cole, Schotz, Meisel, Forman & Leonard, P.A.  
500 Delaware Ave., Suite 1400  
Wilmington, DE 19801-1496  
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.  
James A. Florack, Esq.  
Damian S. Schaible, Esq.  
Davis, Polk, & Wardwell, LLP  
450 Lexington Avenue  
New York, NY 10017  
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

Mr. Jeff Zilka  
Executive Vice President  
Daniel J. Edelman, Inc.  
200 East Randolph Street, 63rd Floor  
Chicago, IL 60601

_____  
John F. Theil, Esq.

# EXHIBIT A

# DANIEL J. EDELMAN, INC.

# SUMMARY OF FINDINGS

**Twenty-Eighth Monthly Application (December 1, 2012 through December 31, 2012)**

### A. Amounts Requested and Computed

| | | |
|---|---:|---:|
| Fees Requested | $1,225.00 | |
| Expenses Requested | 0.00 | |
| TOTAL FEES AND EXPENSES REQUESTED | | $1,225.00 |
| Fees Computed | $1,260.00 | |
| Expenses Computed | 0.00 | |
| TOTAL FEES AND EXPENSES COMPUTED | | $1,260.00 |
| Discrepancy in Fees | ($ 35.00) | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | ($ 35.00) |

### B. Recommended Fee Allowance and Expense Reimbursement

| | | |
|---|---:|---:|
| Fees Requested | $1,225.00 | |
| *Discrepancy in Fees* | *$35.00* | |
| Subtotal | *$35.00* | |
| RECOMMENDED FEE ALLOWANCE | | $1,260.00 |