## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE
## THIRTEENTH QUARTERLY FEE APPLICATION OF SEYFARTH SHAW LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Thirteenth Quarterly Fee Application of Seyfarth Shaw LLP* [Docket No. 13017] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $190,300.35 and reimbursement of expenses that total $10,264.13 for the period from September 1, 2012 through November 30, 2012. Seyfarth

---

[1] The Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

Shaw LLP ("**Seyfarth**") serves as special counsel in connection with labor and employment litigation matters for the debtors and debtors in possession (collectively the "**Debtors**").

## Background

1.      On December 8, 2008 (the "**Petition Date**"), the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  Under this Court's *Order Directing Joint Administration Chapter 11 Cases* on December 10, 2009, these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules [Docket No. 43].

2.      On December 26, 2008, the Debtors filed their Motion for an Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code [Docket No. 148] (the "**OCP Motion**").  In the OCP Motion, the Debtors sought approval of this Court to employ and retain the Ordinary Course Professionals, including Seyfarth, to provide services to the Debtors as necessary for the day-to-day operations of the Debtor's businesses on terms substantially similar to those in effect prior to the Petition Date. On January 15, 2009, this Court granted the OCP Motion and issued an order approving procedures for the employment, retention, and compensation of the Ordinary Course Professionals [Docket No. 227] (the "**OCP Order**").

3.      The OCP Order provides that in the event the fees incurred and invoiced by any Ordinary Course Professional exceed the applicable Monthly Cap, such Ordinary Course Professional shall be required to seek this Court's approval of all fees invoiced for that month in accordance with sections 330 and 331 of the Bankruptcy Code, all applicable Bankruptcy Rules and Local Rules, and the procedures set forth in the Interim Compensation Order and the Fee Examiner Order.

4.      In October 2009 and November 2009, Seyfarth exceeded the Monthly Cap.  When the Debtors determined that Seyfarth would continually exceed the monthly cap, on January 8, 2010 the Debtors filed an *Application to Retain Seyfarth as Special Counsel for Certain Employment Litigation Matters* [Docket No. 3046] (the "**Retention Application**").  On January 25, 2010, this Court entered the *Order Authorizing Debtors and Debtors in Possession to Employ and Retain Seyfarth as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, nunc pro tunc, to December 1, 2009* [Docket No. 3192] (the "**Retention Order**").

5.      Seyfarth submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 225] (the "**Interim Compensation Order**").

## Applicable Standards

6.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

7.      The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C.

§ 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**").  In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

8.    Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A).*  In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

9.    A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred.  A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules.  Moreover, the exercise of billing judgment is an inherent and unavoidable

component of every fee application.  A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

10.     The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Supplemental Retention Application, the Supplemental Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to Seyfarth for review and comment.  The firm submitted to the Fee Examiner a written response to the Preliminary Report.  After consideration of the additional information provided by the firm, the Fee Examiner now issues this final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5.*

## DISCUSSION OF FINDINGS

### Technical Requirements

11.     **Reconciliation of Fees and Expenses.**  The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**").  The recomputation of fees revealed that the Fees Requested are $838.35 more than the Fees Computed (after adjusting the hourly billing rates to reflect a 10% discount) resulting in an apparent overcharge.  The discrepancy was the result of task hours within two entries that were not equal to time billed for the entry as a whole.  The discrepancy and the related entries were displayed in **Exhibit A** to the Preliminary Report.  The firm did not contest the Fee Examiner's

calculations, which result in an $838.35 reduction in fees requested. Exhibit A is omitted from this Report.

The Fee Examiner notes that Seyfarth has provided a 10% discount on the fees for most matters. This preliminary report is based on the fees computed by the Fee Examiner after adjusting the hourly billing rates to reflect the discount.

The Fee Examiner further determined that there is no discrepancy between the Expenses Requested and the Expenses Computed. The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

12.     **Block Billing.**[2]  The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii).* The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[3]  The Delaware Bankruptcy Court has found that time entries that generally only combine work on one issue, and a conference/communication with the client or opposing counsel on the same issue, while technically block billing, will not be objectionable.[4] Seyfarth block billed entries totaling 38.20 hours and $13,772.65 in associated fees. The entries

---

[2] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

[3] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g., In re Brous,* 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g., In re Baker,* 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

[4] See *In re Worldwide Direct, Inc.,* 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

were displayed in **Exhibit B** to the Preliminary Report.  Based upon precedent established by this Court, the objectionable block billed entries totaled 26.10 hours with $9,272.20 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the Exhibit.  The Fee Examiner invited comment from Seyfarth.  In response, the firm provided further detail for each entry or properly separated the block billing by allocating the time billed for each task, which brought the entries within compliance.  No fee reduction is recommended, and Exhibit B is omitted from this Report.

13.     **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*.  The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*.  Billing in greater than 0.10 hour increments is a practice that lends itself to the potential of increased rounding of time, thereby increasing the likelihood that the reported time charged is inflated.  It is a practice widely criticized by courts and legal scholars and is typically prohibited by sophisticated consumers of legal services as it can result in the billing of time over and above the amount of time actually expended to perform a particular activity.  Seyfarth complied with the applicable guidelines regarding time increments.

### Review of Fees

14.     **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*.  The

Fee Application provided the names, positions, and hourly rates of the 20 Seyfarth professionals and paraprofessionals who billed to this matter, consisting of 1 senior partner, 8 partners, 6 associates, 1 staff attorney, 3 paralegals, and 1 case assistant.  A summary of hours and fees billed by each timekeeper is displayed in **Exhibit C.**[5]

The firm billed a total of 470.20 hours with associated fees of $189,462.00.[6]  The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Senior Partner | 0.20 | * | $        129.60 | * |
| Partner | 179.00 | 38% | 89,250.50 | 47% |
| Associate | 198.10 | 42% | 79,194.60 | 42% |
| Staff Attorney | 2.40 | * | 702.00 | * |
| Paralegal | 67.70 | 14% | 18,030.70 | 10% |
| Case Assistant | 22.80 | 5% | 2,154.60 | 1% |
| **TOTAL** | 470.20 | 100% | $189,462.00 | 100% |

* Less than 1%

The blended hourly rate[7] for the Seyfarth professionals is $445.82 and the blended hourly rate for professionals and paraprofessionals is $402.94.

15.    **Hourly Rate Increases.**  Seyfarth did not increase the hourly rates of timekeepers during this interim period.

16.    **Timekeepers' Roles.**  A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4).*  With this directive in mind, the Fee

---

[5] This Final Report includes exhibits that detail and support the findings discussed herein.  Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit.  The tasks included in a specific category are underlined in the fee exhibits.  For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

[6] This amount reflects the Fees Computed (after adjustment for discount).

[7] The blended hourly rates were calculated using the hourly rates adjusted to reflect the 10% discount.

Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts. Generally, Seyfarth timekeepers appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals. However, the Fee Examiner requested additional information regarding the fees invoiced by one timekeeper. The timekeeper had not invoiced since the first interim period and the necessity of his contribution was not clear. The questioned entry was displayed in **Exhibit D** to the Preliminary Report. The Fee Examiner invited comment from Seyfarth. Seyfarth responded by providing additional information regarding the purpose and necessity of the senior partner's expertise that was called upon during the interim period. No fee reduction is warranted. Exhibit D has been omitted from the Final Report.

17. **Meetings, Conferences, Hearings, and Other Events.** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v).* While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more Seyfarth timekeepers attended the same meeting, conference, hearing, or other event. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 17.10 hours with $7,623.95 in

associated fees, were displayed in **Exhibit E** to the Preliminary Report. In each instance where multiple timekeepers attended a meeting, conference, hearing, or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference). The potentially duplicative and unnecessary timekeepers' entries totaled 7.30 hours with $2,583.70 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the Exhibit. The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response to the Preliminary Report, Seyfarth provided the requested detail for each of the fee entries in question, which brought them into compliance with Local Rules and UST Guidelines. The Fee Examiner makes no recommendation for a fee reduction. Exhibit E is omitted from this Report.

18.  **Intraoffice Conferences.**  Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified billing activities by Seyfarth timekeepers describing intraoffice conferences totaling 13.00 hours with $5,215.85 in associated fees, or approximately 3% of the total Fees Computed, as displayed in **Exhibit F** to the Preliminary Report. The Fee Examiner observed that in certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference. The entries describing intraoffice conferences invoiced by two or more firm personnel totaled 3.70 hours with $1,716.20 in associated fees and were highlighted in bold and marked with an ampersand [&] in the Exhibit. In response to the Preliminary Report, Seyfarth provided a table with the requested detail for the questioned entries. The Fee Examiner

makes no recommendation for a fee reduction. Exhibit F has been omitted from the Final Report.

19. **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix).* The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v).*

The Fee Examiner reviewed the substantive detail of each billing entry and identified 4.40 hours with $2,002.00 in associated fees where the Fee Examiner could not determine the precise nature of the services performed by the timekeeper. The entries were displayed in **Exhibit G** to the Preliminary Report. As reflected in the Local Rules and UST Guidelines, billing entries must adequately describe the services actually performed to allow a determination of whether the task was staffed appropriately, whether the task involved the exercise of legal judgment, and/or whether the task was duplicated by other timekeepers.[8] The Fee Examiner

---

[8] Vague entries do not allow the court to determine the reasonableness and necessity of the effort expended, and fees may be denied or reduced when insufficiently documented. *E.g.*, *In re Bennett Funding, Inc.*, 213 B.R. 234, 245-46 (Bankr. N.D.N.Y. 1997). Entries for legal research must identify the issue and explain the research need. *In re Fibermark, Inc.*, 349 B.R. 385, 397 (Bankr. D. Vt. 2006).

asked Seyfarth to comment on or revise the entries to bring them into compliance. In response, Seyfarth supplemented each of the questioned tasks with the missing information, which brought the entries into compliance with the Local Rules and UST Guidelines. The Fee Examiner makes no recommendation for a fee reduction, and Exhibit G has been omitted from the Final Report.

20.     **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The Fee Examiner identified 0.50 hour with $208.50 in associated fees describing administrative functions that included calendaring deadlines and requesting invoices from an outside vendor. The entries were displayed in **Exhibit H** to the Preliminary Report. In response, the firm agreed to voluntarily reduce its fee requested by $208.50. Exhibit H has been omitted from this Report.

21.     **Clerical Activities.**  Clerical activities do not require legal acumen, and may be effectively performed by administrative assistants, secretaries, or support personnel. Similar to administrative activities, clerical activities are generally not billable and are considered to be part of the firm's overhead. In the 3rd Circuit, however, some clerical and non-clerical activities may be compensable at a rate commensurate with the level of expertise or knowledge typically found to be necessary to complete the task. The Fee Examiner reviewed the firm's billing entries and no clerical-type activities were identified.

22.     **Travel.**  The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii).* Seyfarth did not invoice for travel during this interim period.

23.     **Seyfarth Retention/Compensation.**  Seyfarth billed 73.60 hours with associated fees of $16,313.85 to prepare the firm's retention documents and applications for compensation.

The fee entries describing Seyfarth's retention/compensation activities are displayed in **Exhibit I**, which is included in the Final Report for the Court's reference.

**Review of Expenses**

24.    **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii).*  The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii).*  Seyfarth provided an itemization for its expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

25.    **Photocopies.**  The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii).*  Seyfarth stated in the Application that the firm's rate for copying charges is $0.10 per page.

26.    **Computer-Assisted Legal Research.**  The Local Rules provide that computer-assisted legal research charges "shall not be more than the actual cost." *Local Rule 2016-2 (e)(iii).*  Seyfarth requested reimbursement for computer-assisted legal research charges, and the firm's interim application stated that "[c]omputer research is charged on a time,

item and/or search-type basis which takes advantage of certain discounts that Seyfarth is able to negotiate with its service providers due to the Firm's size and volume of usage. The Firm's charges for computerized legal research such as Westlaw or Lexis are based on a rate that recovers no more than the Firm's actual costs."

27.    **Travel Expenses.**  The Fee Examiner requested that Seyfarth provide supporting documentation for each of the travel charges displayed in **Exhibit J** to the Preliminary Report, including information regarding the fare class of each of the airfare charges. In addition, the Fee Examiner requested verification that the two charges for airfare which are dated August 29, 2012, were not duplicative of one another. The firm responded by providing all the corresponding back-up information, which provided the answers to the Fee Examiner's concerns. Exhibit J has been omitted from the Final Report.

## CONCLUSION

The Fee Examiner submits this final report regarding the Fee Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $189,253.50 ($190,300.35 minus $1,046.85) and reimbursement of expenses in the amount of $10,264.13 for the period from September 1, 2012 through November 30, 2012. The findings are set forth in the summary on the following page.

**SEYFARTH SHAW LLP**

**SUMMARY OF FINDINGS**

**Thirteenth Quarterly Fee Application (September 1, 2012 through November 30, 2012)**

**A.    Amounts Requested and Computed**

| | | |
|---|---:|---:|
| Fees Requested | $190,300.35 | |
| Expenses Requested | 10,264.13 | |
| TOTAL FEES AND EXPENSES REQUESTED | | $200,564.48 |
| Fees Computed | $189,462.00 | |
| Expenses Computed | 10,264.13 | |
| TOTAL FEES AND EXPENSES COMPUTED | | $199,726.13 |
| Discrepancy in Fees | $      838.35 | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $      838.35 |

**B.    Recommended Fee Allowance and Expense Reimbursement**

| | | |
|---|---:|---:|
| Fees Requested | $190,300.35 | |
| *Agreed Reduction for Discrepancy in Fees* | ($   838.35) | |
| *Agreed Reduction for Administrative Activities* | (208.50) | |
| Subtotal | ($1,046.85) | |
| RECOMMENDED FEE ALLOWANCE | | $189,253.50 |
| Expenses Requested | $10,264.13 | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 10,264.13 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $199,517.63 |

Respectfully submitted,

**STUART MAUE**

By_____

    John F. Theil, Esq.
    3840 McKelvey Road
    St. Louis, Missouri  63044
    Telephone:   (314) 291-3030
    Facsimile:    (314) 291-6546
    tribunebkr@smmj.com

    *Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 30th day of May, 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

Jeremy P. Sherman, Esq.
Partner
Seyfarth Shaw LLP
131 S. Dearborn Street, Suite 2400
Chicago, IL 60603-5577

_____
John F. Theil, Esq.

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

### Seyfarth Shaw LLP

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| EWBE | Bergmann, Edward W. | SENIOR PARTNER | $648.00 | $648.00 | 0.20 | $129.60 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $648.00 | | 0.20 | $129.60 |
| | | | | | % of Total:  0.04% | % of Total:  0.07% |
| LOHA | O'Hara, Lorraine | PARTNER | $455.00 | $455.00 | 97.60 | $44,408.00 |
| NFIN | Finkel, Noah | PARTNER | $517.50 | $517.50 | 29.70 | $15,369.75 |
| KEMI | Michaels, Kristin | PARTNER | $544.50 | $544.50 | 25.90 | $14,102.55 |
| JROS | Ross, Jeffrey | PARTNER | $612.00 | $612.00 | 11.00 | $6,732.00 |
| MLIE | Lies, Mark | PARTNER | $576.00 | $576.00 | 6.20 | $3,571.20 |
| THAL | Haley, Timothy | PARTNER | $585.00 | $585.00 | 4.60 | $2,691.00 |
| JPSH | Sherman, Jeremy | PARTNER | $652.50 | $652.50 | 2.00 | $1,305.00 |
| GPAU | Pauling II, Gerald | PARTNER | $535.50 | $535.50 | 2.00 | $1,071.00 |
| | No. of Billers for Position: 8 | Blended Rate for Position: | $498.61 | | 179.00 | $89,250.50 |
| | | | | | % of Total:  38.07% | % of Total:  47.11% |
| LWAL | Waluch, Laura | ASSOCIATE | $455.00 | $455.00 | 78.60 | $35,763.00 |
| KPET | Petersen, Kyle | ASSOCIATE | $346.50 | $346.50 | 67.80 | $23,492.70 |
| HMAC | Macon, Haley | ASSOCIATE | $455.00 | $455.00 | 16.80 | $7,644.00 |
| JSTE | Stewart, Jeremy | ASSOCIATE | $351.00 | $351.00 | 19.70 | $6,914.70 |
| NBRI | Riesco, Natascha | ASSOCIATE | $351.00 | $351.00 | 12.70 | $4,457.70 |
| MSAN | Sank, Max | ASSOCIATE | $369.00 | $369.00 | 2.50 | $922.50 |
| | No. of Billers for Position: 6 | Blended Rate for Position: | $399.77 | | 198.10 | $79,194.60 |
| | | | | | % of Total:  42.13% | % of Total:  41.80% |
| SKIN | King, Sojourner | STAFF ATTORNEY | $292.50 | $292.50 | 2.40 | $702.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $292.50 | | 2.40 | $702.00 |
| | | | | | % of Total:  0.51% | % of Total:  0.37% |
| JMCM | McManus, Jennifer | PARALEGAL | $261.00 | $261.00 | 33.10 | $8,639.10 |

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

### Seyfarth Shaw LLP

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|----------|------|----------|--------------|--------------|----------------|---------------|
| MHAL | Halperin, Malerie | PARALEGAL | $265.00 | $265.00 | 18.70 | $4,955.50 |
| ACON | Connor, Andrew | PARALEGAL | $279.00 | $279.00 | 15.90 | $4,436.10 |
| No. of Billers for Position: 3 | | Blended Rate for Position: | $266.33 | | 67.70 | $18,030.70 |
| | | | | % of Total: | 14.40% | % of Total: 9.52% |
| ASHE | Shepro, Alice | CASE ASSISTANT | $94.50 | $94.50 | 22.80 | $2,154.60 |
| No. of Billers for Position: 1 | | Blended Rate for Position: | $94.50 | | 22.80 | $2,154.60 |
| | | | | % of Total: | 4.85% | % of Total: 1.14% |
| Total No. of Billers: 20 | | Blended Rate for Report: | $402.94 | | 470.20 | $189,462.00 |

EXHIBIT I

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Connor, A | 15.90 | 4,436.10 |
| McManus, J | 33.10 | 8,639.10 |
| Riesco, N | 0.30 | 105.30 |
| Shepro, A | 22.80 | 2,154.60 |
| Sherman, J | 1.50 | 978.75 |
| | 73.60 | $16,313.85 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Chicago Tribune - JoAnn Parker v. | 0.30 | 105.30 |
| Tribune - Bankruptcy Fee Application | 73.30 | 16,208.55 |
| | 73.60 | $16,313.85 |

EXHIBIT I  PAGE 1 of  8

EXHIBIT I

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|----------------|-------------|-------|------|------------|---|---|-------------|
| 08/20/12 Mon | Shepro, A 2044888/15 | 3.80 | 3.80 | 359.10 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* <br> COMPILE THIRTY-THIRD MONTHLY FEE APPLICATION. |
| 09/05/12 Wed | McManus, J 2044888/16 | 0.90 | 0.90 | 234.90 | 0.30 <br> 0.60 | F <br> F | 1 <br> 2 | *MATTER NAME: Tribune - Bankruptcy Fee Application* <br> REVISE THIRTY-FOURTH MONTHLY FEE APPLICATION (.30); <br> REVIEW/EDIT FEE APPLICATION DETAIL (EXHIBIT A) IN PREPARATION OF SEYFARTH'S THIRTY-FIFTH MONTHLY FEE APPLICATION (.60). |
| 09/11/12 Tue | McManus, J 2044888/17 | 1.50 | 1.50 | 391.50 | 1.10 <br> 0.40 | F <br> F | 1 <br> 2 | *MATTER NAME: Tribune - Bankruptcy Fee Application* <br> FINALIZE SEYFARTH'S THIRTY-FOURTH MONTHLY FEE APPLICATION (1.10); <br> REDACT EXHIBIT A TO THIRTY-FIFTH MONTHLY FEE APPLICATION (.40). |
| 09/12/12 Wed | McManus, J 2044888/19 | 1.20 | 1.20 | 313.20 | 0.30 <br> 0.20 <br> 0.10 <br> 0.60 | F <br> F <br> F <br> F | 1 <br> 2 <br> 3 <br> 4 | *MATTER NAME: Tribune - Bankruptcy Fee Application* <br> FINALIZE/PREPARE THIRTY-FOURTH MONTHLY FEE APPLICATION FOR FILING (.30); <br> ASSEMBLE EXHIBIT A REGARDING SAME (.20); <br> CONFER WITH LOCAL COUNSEL REGARDING FILING FEE APPLICATION (.10); <br> PREPARE THIRTY-FIFTH MONTHLY FEE APPLICATION (.60). |
| 09/12/12 Wed | Sherman, J 2044888/18 | 0.30 | 0.30 | 195.75 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* <br> REVIEW/EXECUTE THIRTY-FOURTH MONTHLY FEE PETITION. |
| 09/13/12 Thu | Connor, A 2044888/21 | 0.40 | 0.40 | 111.60 | 0.30 <br> 0.10 | F <br> F | 1 <br> 2 | *MATTER NAME: Tribune - Bankruptcy Fee Application* <br> FOLLOW UP WITH FEE EXAMINER ON FACSIMILE CHARGE QUERY (.30); <br> FOLLOW UP REGARDING PARKING QUERY (.10). |
| 09/13/12 Thu | McManus, J 2044888/20 | 0.80 | 0.80 | 208.80 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* <br> PREPARE THIRTY-FIFTH MONTHLY FEE APPLICATION. |
| 09/19/12 Wed | McManus, J 2044888/22 | 1.50 | 1.50 | 391.50 | 0.60 <br> 0.20 <br> 0.70 | F <br> F <br> F | 1 <br> 2 <br> 3 | *MATTER NAME: Tribune - Bankruptcy Fee Application* <br> REVISE THIRTY-FIFTH MONTHLY FEE APPLICATION (.60); <br> REVIEW S. MAUE'S PRELIMINARY REPORT ON SEYFARTH'S NINTH INTERIM FEE APPLICATION (.20); <br> DRAFT RESPONSE TO SAME (.70). |
| 09/19/12 Wed | Shepro, A 2044888/23 | 0.50 | 0.50 | 47.25 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* <br> BEGIN TO COMPILE RESPONSE TO SEYFARTH'S NINTH FEE AUDITOR ACCOUNT. |
| 09/20/12 Thu | McManus, J 2044888/24 | 0.80 | 0.80 | 208.80 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* <br> PREPARE RESPONSE TO FEE EXAMINER'S REPORT ON SEYFARTH'S NINTH INTERIM FEE APPLICATION. |
| 09/21/12 Fri | McManus, J 2044888/44 | 0.80 | 0.80 | 208.80 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* <br> PREPARE RESPONSES TO FEE EXAMINER'S REPORT ON SEYFARTH'S NINTH INTERIM FEE APPLICATION. |
| 09/21/12 Fri | Shepro, A 2044888/26 | 0.70 | 0.70 | 66.15 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* <br> CONTINUE COMPILING TRIBUNE FEE AUDITOR'S RESPONSE FOR THE NINTH FEE APPLICATION. |

~ See the last page of exhibit for explanation

EXHIBIT I  PAGE 2 of  8

EXHIBIT I

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 09/25/12 Tue | McManus, J 2044888/27 | 0.60 | 0.60 | 156.60 | | | | MATTER NAME: *Tribune - Bankruptcy Fee Application*<br>1  PREPARE SEYFARTH'S THIRTY-FIFTH MONTHLY FEE APPLICATION. |
| 09/25/12 Tue | Shepro, A 2044888/28 | 0.90 | 0.90 | 85.05 | | | | MATTER NAME: *Tribune - Bankruptcy Fee Application*<br>1  CONTINUE TO COMPILE RESPONSE TO FEE EXAMINER'S REPORT FOR NINTH INTERIM FEE APPLICATION. |
| 09/26/12 Wed | McManus, J 2044888/29 | 0.30 | 0.30 | 78.30 | | | | MATTER NAME: *Tribune - Bankruptcy Fee Application*<br>1  PREPARE RESPONSE TO ALVAREZ & MARSAL REGARDING PROJECTED FEES THROUGH EFFECTIVE DATE. |
| 09/26/12 Wed | Shepro, A 2044888/30 | 2.20 | 2.20 | 207.90 | | | | MATTER NAME: *Tribune - Bankruptcy Fee Application*<br>1  CONTINUE TO COMPILE RESPONSE TO FEE EXAMINER'S REPORT FOR THE NINTH INTERIM. |
| 09/27/12 Thu | McManus, J 2044888/31 | 1.50 | 1.50 | 391.50 | 0.80<br>0.70 | F<br>F | 1<br>2 | MATTER NAME: *Tribune - Bankruptcy Fee Application*<br>1  PREPARE SPREADSHEET OF RESPONSES TO FEE EXAMINER'S REPORT ON SEYFARTH'S NINTH FEE APPLICATION (.80);<br>2  REVISE PLEADING PORTION OF SEYFARTH'S THIRTY-FIFTH MONTHLY FEE APPLICATION (.70). |
| 09/27/12 Thu | Shepro, A 2044888/32 | 3.00 | 3.00 | 283.50 | | | | MATTER NAME: *Tribune - Bankruptcy Fee Application*<br>1  CONTINUE TO COMPILE RESPONSE FOR NINTH FEE EXAMINER'S REPORT. |
| 09/28/12 Fri | McManus, J 2044888/34 | 2.10 | 2.10 | 548.10 | 1.20<br>0.90 | F<br>F | 1<br>2 | MATTER NAME: *Tribune - Bankruptcy Fee Application*<br>1  REVISE EXHIBIT A TO SEYFARTH'S THIRTY-FIFTH MONTHLY FEE APPLICATION (1.20);<br>2  COMPILE TIMEKEEPERS' RESPONSES TO FEE EXAMINER'S AUDIT REPORT (.90). |
| 09/28/12 Fri | Sherman, J 2044888/33 | 0.50 | 0.50 | 326.25 | | | | MATTER NAME: *Tribune - Bankruptcy Fee Application*<br>1  REDACT SEPTEMBER DETAIL FOR AUGUST FEE APPLICATION. |
| 10/02/12 Tue | McManus, J 2057290/2 | 0.20 | 0.20 | 52.20 | | | | MATTER NAME: *Tribune - Bankruptcy Fee Application*<br>1  REVIEW/CONFIRM FOR LOCAL COUNSEL SEYFARTH'S PORTION OF PROPOSED FEE ORDER IN PREPARATION FOR COURT HEARING ON 10/4/12. |
| 10/03/12 Wed | Shepro, A 2057290/3 | 2.90 | 2.90 | 274.05 | | | | MATTER NAME: *Tribune - Bankruptcy Fee Application*<br>1  COMPILE THIRTY-FOURTH TRIBUNE FEE APPLICATION. |
| 10/04/12 Thu | McManus, J 2057290/4 | 0.80 | 0.80 | 208.80 | 0.50<br>0.30 | F<br>F | 1<br>2 | MATTER NAME: *Tribune - Bankruptcy Fee Application*<br>1  REVISE SPREADSHEET OF REGARDING RESPONSES TO FEE EXAMINER'S REPORT ON SEYFARTH'S NINTH INTERIM FEE APPLICATION (.50);<br>2  CULL EXPENSE BACK-UP REGARDING SAME (.30). |
| 10/05/12 Fri | McManus, J 2057290/5 | 1.50 | 1.50 | 391.50 | 0.50<br>0.50<br>0.50 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: *Tribune - Bankruptcy Fee Application*<br>1  REVIEW/EDIT DETAIL IN PREPARATION OF SEYFARTH'S THIRTY-SIXTH MONTHLY FEE APPLICATION (.50);<br>2  CULL INFORMATION NECESSARY TO RESPOND TO EXPENSE ITEMS IN FEE EXAMINER'S REPORT OF SEYFARTH'S NINTH INTERIM FEE APPLICATION (.50);<br>3  REVISE RESPONSE TO SAME (.50). |

~  See the last page of exhibit for explanation

EXHIBIT I  PAGE 3 of  8

EXHIBIT I

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 10/08/12 Mon | McManus, J 2057290/6 | 0.90 | 0.90 | 234.90 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>CONTINUE TO CULL ATTORNEY ENTRIES IN QUESTION BY FEE EXAMINER. |
| 10/09/12 Tue | McManus, J 2057290/7 | 1.50 | 1.50 | 391.50 | 0.70<br>0.10<br>0.70 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>FINALIZE SEYFARTH'S THIRTY-FIFTH FEE APPLICATION IN PREPARATION FOR FILING (.70);<br>ASSEMBLE/SUBMIT SAME TO LOCAL COUNSEL FOR FILING (.10);<br>PREPARE SEYFARTH'S TWELFTH INTERIM FEE APPLICATION (.70). |
| 10/09/12 Tue | Shepro, A 2057290/8 | 4.30 | 4.30 | 406.35 | 4.10<br>0.20 | F<br>F | 1<br>2 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>COMPILE TWELFTH QUARTERLY FEE APPLICATION (4.10);<br>CONFERENCE WITH J. MCMANUS REGARDING SAME (.20). |
| 10/10/12 Wed | McManus, J 2057290/10 | 3.80 | 3.80 | 991.80 | 0.60<br>2.70<br><br>0.50 | F<br>F<br><br>F | 1<br>2<br><br>3 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVISE TWELFTH INTERIM FEE APPLICATION CHARTS (.60);<br>CONTINUE CULLING ATTORNEY RESPONSES TO FEE EXAMINER REQUESTS PURSUANT TO FEE ENTRIES IN NINTH INTERIM FEE APPLICATION (2.70);<br>REVISE EXPENSE RESPONSES REGARDING SAME (.50). |
| 10/10/12 Wed | Sherman, J 2057290/9 | 0.30 | 0.30 | 195.75 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVIEW AND EXECUTE THIRTY-FIFTH MONTHLY FEE PETITION. |
| 10/11/12 Thu | Connor, A 2057290/12 | 0.10 | 0.10 | 27.90 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>COORDINATE RESPONSES TO FEE EXAMINER. |
| 10/11/12 Thu | McManus, J 2057290/11 | 1.80 | 1.80 | 469.80 | 0.90<br><br>0.30<br>0.60 | F<br><br>F<br>F | 1<br><br>2<br>3 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVISE TWELFTH INTERIM FEE APPLICATION TO INCLUDE NEW MATTER INADVERTENTLY OMITTED FOR MAY, JUNE, JULY AND AUGUST (.90);<br>REVISE FEE APPLICATION CHARTS (.30);<br>INCLUDE ATTORNEY RESPONSES TO FEE EXAMINER REPORT IN SEYFARTH RESPONSE SPREADSHEET (.60). |
| 10/12/12 Fri | Connor, A 2057290/14 | 6.50 | 6.50 | 1,813.50 | 4.30<br><br>2.20 | F<br><br>F | 1<br><br>2 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>FOLLOW UP WITH NUMEROUS ATTORNEYS AND LEGAL PROFESSIONALS FOR CLARIFICATION OF TIME ENTRIES IN RESPONSE TO FEE EXAMINER'S 9TH REPORT (4.30);<br>INCORPORATE RESPONSES INTO FEE EXAMINER REPORT RESPONSE SPREADSHEET (2.20). |
| 10/12/12 Fri | McManus, J 2057290/13 | 0.70 | 0.70 | 182.70 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVISE SEYFARTH'S TWELFTH INTERIM FEE APPLICATION. |
| 10/12/12 Fri | Riesco, N 2057213/33 | 0.30 | 0.30 | 105.30 | | | 1 | MATTER NAME: Chicago Tribune - JoAnn Parker v.<br>RESPOND TO FEE EXAMINER REPORT. |
| 10/12/12 Fri | Shepro, A 2057290/15 | 0.50 | 0.50 | 47.25 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>CONTINUE EDITS TO TWELFTH INTERIM FEE APPLICATION WITH THE JUNE AND JULY INVOICES FOR THE BEETZ MATTER. |

~ See the last page of exhibit for explanation

EXHIBIT I  PAGE 4 of  8

EXHIBIT I
SEYFARTH RETENTION/COMPENSATION
Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 10/15/12 Mon | Connor, A 2057290/16 | 0.20 | 0.20 | 55.80 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>PREPARE RESPONSES TO FEE EXAMINER REPORT. |
| 10/15/12 Mon | Shepro, A 2057290/17 | 0.80 | 0.80 | 75.60 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>EDIT TWELFTH INTERIM FEE APPLICATION WITH MAY INVOICE FOR BEETZ MATTER. |
| 10/16/12 Tue | Connor, A 2057290/19 | 2.80 | 2.80 | 781.20 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>FOLLOW UP ON PRIOR INQUIRIES TO ATTORNEYS FOR RESPONSES TO FEE EXAMINER'S REPORT. |
| 10/16/12 Tue | McManus, J 2057290/18 | 1.10 | 1.10 | 287.10 | 0.10<br>0.40<br>0.60 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>INVESTIGATE BACK-UP FOR J. THEIL REGARDING EAST COAST PROPERTY FLAT-FEE INVOICES (.10);<br>REVISE/FINALIZE SEYFARTH'S TWELFTH INTERIM FEE APPLICATION (.40);<br>PREPARE SEYFARTH'S THIRTY-SIXTH MONTHLY FEE APPLICATION (.60). |
| 10/17/12 Wed | Connor, A 2057290/21 | 0.70 | 0.70 | 195.30 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>FOLLOW UP ON PRIOR INQUIRIES TO ATTORNEYS FOR RESPONSES TO FEE EXAMINER'S REPORT. |
| 10/17/12 Wed | McManus, J 2057290/20 | 0.50 | 0.50 | 130.50 | 0.30<br>0.10<br>0.10 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>FINAL REVISIONS TO TWELFTH INTERIM FEE APPLICATION (.30);<br>PREPARE/ASSEMBLE EXHIBIT C TO SAME (.10);<br>EMAIL COMMUNICATIONS WITH LOCAL COUNSEL REGARDING FILING TWELFTH INTERIM FEE APPLICATION (.10). |
| 10/18/12 Thu | Connor, A 2057290/23 | 0.20 | 0.20 | 55.80 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>FOLLOW UP ON PRIOR INQUIRIES TO ATTORNEYS FOR RESPONSES TO FEE EXAMINER'S REPORT. |
| 10/18/12 Thu | McManus, J 2057290/22 | 0.20 | 0.20 | 52.20 | 0.10<br>0.10 | F<br>F | 1<br>2 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>LETTER TO LOCAL COUNSEL ENCLOSING SIGNATURE PAGE FOR TWELFTH INTERIM FEE APPLICATION (.10);<br>FOLLOW-UP REGARDING J. THEIL'S REQUEST FOR ADDITIONAL INFORMATION IN CONNECTION WITH MAY MONTHLY FEE APPLICATION (.10). |
| 10/19/12 Fri | Connor, A 2057290/25 | 0.40 | 0.40 | 111.60 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>FOLLOW UP ON PRIOR INQUIRIES TO ATTORNEYS FOR RESPONSES TO FEE EXAMINER'S REPORT. |
| 10/19/12 Fri | McManus, J 2057290/24 | 0.40 | 0.40 | 104.40 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>PREPARE RESPONSES TO FEE EXAMINER REPORT REGARDING J. MCMANUS AND A. SHEPRO TIME ENTRIES. |
| 10/22/12 Mon | Connor, A 2057290/27 | 1.30 | 1.30 | 362.70 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>WORK ON RESPONSE SPREADSHEET TO FEE EXAMINER'S REPORT. |
| 10/22/12 Mon | McManus, J 2057290/26 | 0.60 | 0.60 | 156.60 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>PREPARE THIRTY-SIXTH MONTHLY FEE APPLICATION. |

~  See the last page of exhibit for explanation

EXHIBIT I  PAGE 5 of  8

EXHIBIT I

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
| 10/23/12 Tue | Connor, A 2057290/28 | 0.70 | 0.70 | 195.30 | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>WORK ON RESPONSE SPREADSHEET TO FEE EXAMINER'S REPORT. |
| 10/25/12 Thu | Connor, A 2057290/29 | 2.20 | 2.20 | 613.80 | 2.10  F<br>0.10  F | 1<br>2 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>FINALIZE RESPONSE TO FEE EXAMINER'S REPORT ON NINTH QUARTERLY FEE APPLICATION (2.10):<br>CIRCULATE FINAL VERSION AND EXPENSE DETAIL AND BACK UP (.10). |
| 10/26/12 Fri | McManus, J 2057290/30 | 0.80 | 0.80 | 208.80 | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>PREPARE THIRTY-SIXTH MONTHLY FEE APPLICATION. |
| 10/30/12 Tue | Connor, A 2057290/31 | 0.40 | 0.40 | 111.60 | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>FOLLOW UP REGARDING FEE EXAMINER REPORT WITH RESECT TO FACSIMILE CHARGES. |
| 10/31/12 Wed | McManus, J 2057290/32 | 0.80 | 0.80 | 208.80 | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>PREPARE/REVISE EXHIBIT A TO SEYFARTH'S THIRTY-SIXTH MONTHLY FEE APPLICATION. |
| 11/02/12 Fri | McManus, J 2071842/2 | 0.50 | 0.50 | 130.50 | 0.10  F<br>0.10  F<br>0.30  F | 1<br>2<br>3 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVIEW OMNIBUS FEE ORDER REGARDING SEYFARTH'S NINTH INTERIM FEE APPLICATION (.10):<br>CONFIRM NO OBJECTION TO FEES WITH LOCAL COUNSEL (.10):<br>REVIEW TIME DETAIL IN PREPARATION OF SEYFARTH'S THIRTY-SEVENTH MONTHLY FEE APPLICATION (.30). |
| 11/02/12 Fri | Sherman, J 2071842/1 | 0.40 | 0.40 | 261.00 | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVIEW/REDACT OCTOBER STATEMENTS FOR SEPTEMBER SERVICES. |
| 11/06/12 Tue | Shepro, A 2071842/3 | 1.20 | 1.20 | 113.40 | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>BEGIN EDITS TO THIRTY-SIXTH MONTHLY FEE APPLICATION. |
| 11/07/12 Wed | Shepro, A 2071842/4 | 1.70 | 1.70 | 160.65 | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>EDIT TRIBUNE THIRTY-SIXTH MONTHLY FEE APPLICATION. |
| 11/08/12 Thu | McManus, J 2071842/5 | 1.20 | 1.20 | 313.20 | 0.30  F<br>0.10  F<br>0.70  F<br>0.10  F | 1<br>2<br>3<br>4 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>PREPARE FEE ESTIMATE SPREADSHEET REGARDING FEES AND EXPENSES THROUGH PLAN CONFIRMATION DATE FOR P. GANDIPALLI AT ALVAREZ & MARSAL (.30):<br>CONFER WITH J. SHERMAN REGARDING SAME (.10):<br>PREPARE PLEADING PORTION OF SEYFARTH'S THIRTY-SIXTH MONTHLY FEE APPLICATION (.70):<br>REVIEW E-MAIL COMMUNICATIONS FROM LOCAL COUNSEL REGARDING UPCOMING OMNIBUS ORDERS AND UPCOMING FEE HEARING DATES AND CALENDAR SAME (.10). |
| 11/09/12 Fri | McManus, J 2071842/6 | 0.40 | 0.40 | 104.40 | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVISE EXHIBIT A TO SEYFARTH'S THIRTY-SIXTH MONTHLY FEE APPLICATION. |

~  See the last page of exhibit for explanation

EXHIBIT I  PAGE 6 of  8

EXHIBIT I
SEYFARTH RETENTION/COMPENSATION
Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 11/13/12 Tue | McManus, J 2071842/7 | 1.30 | 1.30 | 339.30 | 0.90 0.40 | F F | 1 2 | MATTER NAME: Tribune - Bankruptcy Fee Application FINALIZE THIRTY-SIXTH MONTHLY FEE APPLICATION IN PREPARATION FOR FILING (.90); PREPARE OUTLINE OF RESPONSE TO FEE EXAMINER'S REPORT ON SEYFARTH'S TENTH INTERIM FEE APPLICATION (.40). |
| 11/14/12 Wed | McManus, J 2071842/8 | 0.20 | 0.20 | 52.20 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application CONFER WITH LOCAL COUNSEL REGARDING REVISIONS TO SEYFARTH'S THIRTY-SIXTH FEE APPLICATION AND FILING OF SAME. |
| 11/19/12 Mon | Shepro, A 2071842/9 | 0.30 | 0.30 | 28.35 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application CONFERENCE WITH O. REYES REGARDING COMPENSATION SUMMARY FROM FEE EXAMINER'S REPORT. |
| 11/29/12 Thu | McManus, J 2071842/10 | 1.40 | 1.40 | 365.40 | 0.60 0.80 | F F | 1 2 | MATTER NAME: Tribune - Bankruptcy Fee Application PREPARE SPREADSHEET OF RESPONSES TO FEE EXAMINER'S REPORT ON SEYFARTH'S TENTH INTERIM FEE APPLICATION (.60); PREPARE THIRTY-SEVENTH MONTHLY FEE APPLICATION (.80). |
| 11/30/12 Fri | McManus, J 2071842/11 | 0.50 | 0.50 | 130.50 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application REVISE PLEADING PORTION OF THIRTY-SEVENTH FEE APPLICATION. |

Total
Number of Entries:    63

73.60    $16,313.85

~ See the last page of exhibit for explanation

EXHIBIT I PAGE 7 of 8

EXHIBIT I

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

### SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Connor, A | 15.90 | 4,436.10 |
| McManus, J | 33.10 | 8,639.10 |
| Riesco, N | 0.30 | 105.30 |
| Shepro, A | 22.80 | 2,154.60 |
| Sherman, J | 1.50 | 978.75 |
| | 73.60 | $16,313.85 |

### SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Chicago Tribune - JoAnn Parker v. | 0.30 | 105.30 |
| Tribune - Bankruptcy Fee Application | 73.30 | 16,208.55 |
| | 73.60 | $16,313.85 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL

EXHIBIT I  PAGE 8 of  8