UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE
## FINAL APPLICATION OF NOVACK AND MACEY LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Final Application of Novack and Macey LLP for Compensation for Services Rendered and Reimbursement of Expenses as Special Counsel to the Debtors and Debtors in Possession for the Period from August 26, 2010 through December 31, 2012* [Docket No. 13271] (the "**Fee Application**"). The Fee Application seeks approval of final fees that total $128,504.00 and reimbursement of expenses in the amount of $4,120.36 for the period from August 26, 2010 through December 31, 2012. The Firm did not

---

[1] The Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

invoice any fees or expenses in the month of December 2012.   Novack and Macey LLP ("**Novack and Macey**") serves as special counsel to the Debtors for the purposes of advising the Debtors in connection with Morgan Stanley claims and certain avoidance actions.

## Background

1.      On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**").   Under the Bankruptcy Court's *Order Directing Joint Administration Chapter 11 Cases* dated December 10, 2009 [Docket No. 43], these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

2.      On September 24, 2010, the Debtors filed the *Application for an Order Authorizing Debtors and Debtors in Possession to Employ and Retain Novack and Macey LLP as Special Counsel Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to August 26, 2010* [Docket No. 5808] (the "**Retention Application**").   In the Retention Application, the Debtors sought to retain Novack and Macey for the limited purpose of representing and advising the Debtors in connection with certain claims related to Morgan Stanley Capital Services, Inc., Morgan Stanley & Co., Inc. and/or companies affiliated therewith (collectively, "**Morgan Stanley**").   By order dated October 22, 2010, the Bankruptcy Court approved the Retention Application *nunc pro tunc* to August 26, 2010 (the "**Initial Retention Order**").

3.      On February 25, 2011, the Court entered an Order (the "**Supplemental Retention Order**") [Docket No. 8147] approving the *Debtors' Supplemental Application for an Order Modifying the Scope of the Debtors' Retention of Novack and Macey LLP to Include Services Relating to the Prosecution of Certain Avoidance Actions Pursuant to 11 U.S.C. §§ 327(a), Nunc*

*Pro Tunc to November 22, 2010* (the "**Supplemental Retention Application**").    The

Supplemental Retention Application sought modification of the scope of Novack and Macey's

representation to include the filing and prosecution of three avoidance actions (described in the

Supplemental Retention Application).    Novack and Macey continues to advise and assist the

Debtors in connection with the Morgan Stanley matters.

4.    Novack and Macey submitted the Fee Application pursuant to the *Order*

*Establishing Procedures for Interim Compensation and Reimbursement of Expenses of*

*Professionals*, (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

### Applicable Standards

5.    In light of the size and complexity of these Chapter 11 cases, the Bankruptcy

Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee

and expense analysis and review, as described in [the Fee Examiner Order]" and observed that

"it is necessary to establish uniform procedures for the review, allowance, and payment of fees

and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy

Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

6.    The Fee Examiner reviewed the Fee Application for compliance with sections 330

and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy**

**Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the

"**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for

Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58,

Appendix A) (the "**UST Guidelines**").    In addition, the Fee Examiner reviewed the Fee

Application for general compliance with legal precedent established by the United States

Bankruptcy Court for the District of Delaware, the United States District Court for the District of

Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

7.     Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*.  In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

8.     A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred.  A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules.  Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application.  A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

9.    The Fee Examiner completed an evaluation of the Fee Application, the Retention Application, the Retention Order, the Supplemental Retention Application, the Supplemental Retention Order, the Interim Compensation Order, and all related filings.  The Fee Examiner issues this final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5.*

## DISCUSSION OF FINDINGS – FINAL APPLICATION

The Fee Examiner compared the fees and expenses requested in the Final Fee Application with the fees and expenses requested in the underlying interim fee applications and those approved by the Court (through the date of the filing of the Final Fee Application).  The Fee Examiner agrees with firm's calculation of the final fees and expenses requested.

## CONCLUSION – FINAL FEE APPLICATION

As for Novack and Macey LLP, the Fee Examiner recommends approval of $128,504.00 in fees and $4,120.36 in expenses for the period August 26, 2010 through December 31, 2012.

Respectfully submitted,

**STUART MAUE**

By:  /s/ John F. Theil

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 31st day of May, 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Mitchell L. Marinello. Esq.
Novack and Macey LLP
100 North Riverside Plaza, 15th Floor
Chicago, IL 60606-1501

/s/ John F. Theil
John F. Theil, Esq.