## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, et al.,[1]

Reorganized Debtors.

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

## FEE EXAMINER'S FINAL REPORT REGARDING THE
## FORTY-THIRD MONTHLY AND FINAL FEE APPLICATION OF
## DOW LOHNES PLLC

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Forty-Third Monthly and Final Fee Application of Dow Lohnes PLLC as Special Counsel to the Debtors and Debtors in Possession for: (I) Compensation for Services Rendered and Reimbursement of Expenses for the Period December 1, 2012 through December 31, 2012; and (II) Final Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period*

---

[1] The Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

*May 26, 2009 through December 31, 2012* [Docket No. 13207] (the "**Fee Application**").  The

Fee Application seeks approval of monthly fees that total $66,663.00 and reimbursement of

expenses that total $69.73 for the period from December 1, 2012 through December 31, 2012.

The Fee Application seeks approval of final fees that total $6,466,151.50[2] and expenses that total

$35,630.41 for the period from May 26, 2009 through December 31, 2012.  Dow Lohnes PLLC

("**Dow Lohnes**") serves as special regulatory counsel to the Debtors.

## Background

1.    On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed

subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") filed a voluntary

petition for relief under Chapter 11 of the Bankruptcy Code.  On December 10, 2008, the United

States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered an

order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2.    On June 26, 2009, the Debtors filed the *Application for an Order Authorizing

Debtors to Employ and Retain Dow Lohnes PLLC as Special Counsel for Certain Regulatory

(FCC and Broadcast) Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107* [Docket No. 1650] (the

"**Retention Application**").  By order dated July 14, 2009 [Docket No. 1725], this Court

approved the retention of Dow Lohnes (the "**Retention Order**").

3.    Dow Lohnes submitted the Fee Application pursuant to the *Order Establishing

Procedures for Interim Compensation and Reimbursement of Expenses of Professionals,*

(January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

---

[2] The Fee Examiner notes that the actual amount of final fees requested by the firm is $6,466,160.50, which appears
on page 3 of the Fee Application.

## Applicable Standards

4.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.      The Fee Examiner reviewed the Fee Application for compliance with Sections 330 and 331 of the United States Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the

-3-

time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

7.     A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.     The Fee Examiner completed an evaluation of the Monthly Fee Application, Final Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings. The Fee Examiner issues this final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5.*

-4-

### DISCUSSION OF FINDINGS – MONTHLY APPLICATION

#### Technical Requirements

9. **Reconciliation of Fees and Expenses.**  The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**").  The Fee Examiner identified no discrepancies between the Fees Requested and the Fees Computed, nor any discrepancies between the Expenses Requested and the Expenses Computed.

10. **Block Billing.**  The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*.  The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[3]  The Delaware Bankruptcy Court has found that time entries that generally only combine work on one issue, and a conference/communication with the client or opposing counsel on the same issue, while technically block billing, will not be objectionable.[4] Dow Lohnes block billed entries totaling 25.90 hours and $15,455.00 in associated fees.  Based upon precedent established by this Court, however, the Fee Examiner did not identify any objectionable block billing.

---

[3] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g., In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g., In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent.  *See id.* at 495 n.7 and cases cited.

[4] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

11.    **Time Increments.** The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*. The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*. Dow Lohnes complied with the applicable guidelines regarding time increments.

### Review of Fees

12.    **Firm Staffing.** The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*. The Fee Application provided the names, positions, and hourly rates of the seven Dow Lohnes professionals and paraprofessionals who billed to this matter, consisting of three members, one of counsel, two associates, and one communications specialist. A summary of hours and fees billed by each timekeeper is displayed in **Exhibit A**.[5]

The firm billed a total of 118.80 hours with associated fees of $66,663.00. The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Member | 67.70 | 57% | $46,788.00 | 70% |
| Of Counsel | 15.20 | 13% | 6,840.00 | 10% |

---

[5] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Associate | 24.50 | 21% | 9,843.00 | 15% |
| Communications Specialist | 11.40 | 9% | 3,192.00 | 5% |
| **TOTAL** | 118.80 | 100% | $66,663.00 | 100% |

The blended hourly rate for the Dow Lohnes professionals is $590.98 and the blended hourly rate for professionals and paraprofessionals is $561.14.

13.    **Hourly Rate Increases.**    Dow Lohnes did not increase the hourly rates of timekeepers during this interim period.

14.    **Timekeepers' Roles.**    A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4).*  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.  Dow Lohnes timekeepers appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

15.    **Meetings, Conferences, Hearings, and Other Events.**    The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" *(Local Rule 2016-2(d)(ix))*, and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v).*  The Fee Examiner did not identify any time entries describing multiple attendees at meetings, conferences, hearings or other events.

16.    **Intraoffice Conferences.**    Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel.

The Fee Examiner did not identify any billing activities by Dow Lohnes timekeepers describing intraoffice conferences. Further, the Fee Examiner reviewed all of the billing entries and did not identify any inappropriate levels of staffing, unnecessary conferring or the use of inexperienced personnel.

17.    **Complete and Detailed Task Descriptions.**  Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary."  The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*.  The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.  Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.  After a full review of the billing entries, and aside from some minor exceptions, the Fee Examiner did not identify any questionable entries in this category.  Thus, no fee reduction is warranted.

18.    **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.   The Fee Examiner did not identify any time entries describing administrative activities.

19.     **Clerical Activities.**   Typically, clerical activities are those tasks that do not require legal acumen and may effectively be performed by administrative assistants, secretaries, or support personnel, and like administrative activities are generally reflected in the hourly rates charged by a firm.  In the 3rd Circuit, however, clerical-type activities performed by professionals and/or paraprofessionals are subject to a reduced billing rate.  The Fee Examiner reviewed each timekeeper's billing activities but did not identify any clerical-type activities.

20.     **Travel.**   The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii).*  Dow Lohnes did not invoice for travel time in this fee period.

21.     **Dow Lohnes Retention/Compensation.**     The Fee Examiner identified 15.20 hours with associated fees of $6,840.00 to prepare the firm's retention documents and applications for compensation.    The entries describing the firm's retention/compensation activities are displayed in **Exhibit B**.

**Review of Expenses**

22.     **Itemization of Expenses.**   The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii).*   The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (*e.g.*, long

distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*. Dow Lohnes provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge. The Fee Examiner found no objectionable expense items.

## CONCLUSION – MONTHLY FEE APPLICATION

The Fee Examiner submits this final report regarding Dow Lohnes' Monthly Fee Application and the fees discussed above. The Fee Examiner recommends the approval of fees in the amount of $66,663.00 and expenses in the amount of $69.73 for the period from December 1, 2012 through December 31, 2012.

## DISCUSSION OF FINDINGS – FINAL APPLICATION

The Fee Examiner compared the fees and expenses requested in the Final Fee Application with the fees and expenses requested in the underlying interim fee applications and those approved by the Court (through the date of the filing of the Final Fee Application). The Fee Examiner agrees with firm's calculation of the final fees and expenses requested.

## CONCLUSION – FINAL FEE APPLICATION

As for Dow Lohnes PLLC, the Fee Examiner recommends approval of $6,465,555.50[6] in fees and $35,557.51[7] in expenses for the period May 26, 2009 through December 31, 2012.

---

[6] This is the amount of Dow Lohne's final fee request ($6,466,160.50) adjusted by the fee reductions from the Thirteenth Interim Fee Application ($904.00) and Fourteenth Interim Fee Application (addition of $299.00) as these amounts were not approved as of the date the Final Fee Application was filed.

[7] This is the amount of Dow Lohne's final expense request ($35,630.41) adjusted by the expense reduction from the Fourteenth Interim Fee Application ($72.90) as these amounts were not approved as of the date the Final Fee Application was filed.

Respectfully submitted,

**STUART MAUE**

By: _____

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on this 31st day of May, 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.'
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

John R. Feore, Esq.
Dow Lohnes PLLC
1200 New Hampshire Avenue, NW, Suite 800
Washington, DC 20036-680

_____
John I. Theil, Esq.

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

### Dow Lohnes PLLC

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| JSL | Logan, John S. | MEMBER | $650.00 | $650.00 | 32.90 | $21,385.00 |
| JRF | Feore, John R. | MEMBER | $760.00 | $760.00 | 25.30 | $19,228.00 |
| MAS2 | Swanson, M. Ann | MEMBER | $650.00 | $650.00 | 9.50 | $6,175.00 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $691.11 | | 67.70 | $46,788.00 |
| | | | | % of Total: | 56.99% | % of Total: 70.19% |
| CLM2 | Meazell, Christopher L. | OF COUNSEL | $450.00 | $450.00 | 15.20 | $6,840.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $450.00 | | 15.20 | $6,840.00 |
| | | | | % of Total: | 12.79% | % of Total: 10.26% |
| RJF2 | Folliard, Robert J. | ASSOCIATE | $390.00 | $390.00 | 20.90 | $8,151.00 |
| JR4 | Rademacher, Jason E. | ASSOCIATE | $470.00 | $470.00 | 3.60 | $1,692.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $401.76 | | 24.50 | $9,843.00 |
| | | | | % of Total: | 20.62% | % of Total: 14.77% |
| LJM | McCarthy, Laurie J. | COMMUN SPECIALI | $280.00 | $280.00 | 11.40 | $3,192.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $280.00 | | 11.40 | $3,192.00 |
| | | | | % of Total: | 9.60% | % of Total: 4.79% |
| | Total No. of Billers: 7 | Blended Rate for Report: | $561.14 | | 118.80 | $66,663.00 |

EXHIBIT B

DOW LOHNES RETENTION/COMPENSATION

Dow Lohnes PLLC

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Meazell, C | 15.20 | 6,840.00 |
| | 15.20 | $6,840.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Applications | 15.20 | 6,840.00 |
| | 15.20 | $6,840.00 |

EXHIBIT B
DOW LOHNES RETENTION/COMPENSATION
Dow Lohnes PLLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 12/05/12 Wed | Meazell, C 569234/1 | 2.20 | 2.20 | 990.00 | 0.80 0.70 0.20 0.50 | F F F F | 1 2 3 4 | *MATTER NAME: Fee Applications* PREPARATION OF 42D MONTHLY FEE APPLICATION (0.8); RESEARCH REGARDING RESPONSE TO ALAVAREZ PROJECTIONS (0.7); CORRESPONDENCE W P. GONDIPALLI (ALVAREZ) REGARDING SAME (0.2); RESEARCH REGARDING FINAL FEE APPLICATION (0.5). |
| 12/13/12 Thu | Meazell, C 569234/3 | 2.20 | 2.20 | 990.00 | 1.30 0.90 | F F | 1 2 | *MATTER NAME: Fee Applications* PREPARATION OF 42D MONTHLY FEE APPLICATION (1.3); PREPARATION OF FINAL FEE APPLICATION (0.9). |
| 12/17/12 Mon | Meazell, C 569234/5 | 2.50 | 2.50 | 1,125.00 | 0.70 1.80 | F F | 1 2 | *MATTER NAME: Fee Applications* REVIEW OF EXAMINER'S PRELIMINARY REPORT REGARDING 12TH INTERIM APPLICATION (0.7); RESEARCH REGARDING RESPONSE FOR SAME (1.8). |
| 12/19/12 Wed | Meazell, C 569234/7 | 1.90 | 1.90 | 855.00 | 0.60 1.30 | F F | 1 2 | *MATTER NAME: Fee Applications* PREPARATION OF UPDATED PROJECTIONS FOR P. GONDIPALLI (ALVAREZ & MARSAL) (0.6); PREPARATION OF RESPONSE TO EXAMINER'S PRELIMINARY REPORT REGARDING 12TH INTERIM APPLICATION (1.3). |
| 12/20/12 Thu | Meazell, C 569234/8 | 0.30 | 0.30 | 135.00 | | F | 1 | *MATTER NAME: Fee Applications* CORRESPONDENCE WITH P. GONDIPALLI (ALVAREZ & MARSAL) REGARDING UPDATED PROJECTIONS. |
| 12/26/12 Wed | Meazell, C 569234/9 | 1.20 | 1.20 | 540.00 | | F | 1 | *MATTER NAME: Fee Applications* RESEARCH REGARDING RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT FOR 12TH INTERIM PERIOD. |
| 12/27/12 Thu | Meazell, C 569234/11 | 2.20 | 2.20 | 990.00 | 1.30 0.90 | F F | 1 2 | *MATTER NAME: Fee Applications* PREPARATION OF 42D MONTHLY FEE APPLICATION (1.3); PREPARATION OF RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT FOR 12TH INTERIM PERIOD (0.9). |
| 12/28/12 Fri | Meazell, C 569234/12 | 1.50 | 1.50 | 675.00 | 0.90 0.60 | F F | 1 2 | *MATTER NAME: Fee Applications* PREPARATION OF 42D MONTHLY FEE APPLICATION (0.9); RESEARCH REGARDING FINAL FEE APPLICATION (0.6). |
| 12/31/12 Mon | Meazell, C 569234/13 | 1.20 | 1.20 | 540.00 | | F | 1 | *MATTER NAME: Fee Applications* RESEARCH REGARDING FINAL FEE APPLICATION. |
| Total Number of Entries: | 9 | | 15.20 | $6,840.00 | | | | |

~ See the last page of exhibit for explanation

EXHIBIT B

DOW LOHNES RETENTION/COMPENSATION

Dow Lohnes PLLC

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Meazell, C | 15.20 | 6,840.00 |
| | 15.20 | $6,840.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Applications | 15.20 | 6,840.00 |
| | 15.20 | $6,840.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL