## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE
## FORTY-SEVENTH MONTHLY AND FINAL FEE APPLICATIONS
## OF REED SMITH LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Forty-Seventh Monthly Fee Application of Reed Smith LLP* for the period from December 1, 2012 through December 31, 2012 [Docket No. 13142], *and Final Fee Application of Reed Smith LLP* [Docket No. 13246] (the "**Monthly Fee Application**" and the "**Final Fee Application**"). The Monthly

---

[1] The Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

Fee Application seeks approval of monthly fees that total $20,171.00 and reimbursement of expenses that total $306.90 for the period from December 1, 2012 through December 31, 2012. The Final Fee Application seeks approval of fees that total $1,712,112.25 and expenses that total $111,429.95 for the period from December 8, 2008 through December 31, 2012. Reed Smith LLP ("**Reed Smith**") serves as special counsel for certain insurance matters to the Debtors and Debtors-in-Possession.

**Background**

1.     On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. Under this Court's *Order Directing Joint Administration Chapter 11 Cases* dated December 10, 2009 [Docket No. 43], these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

2.     On December 26, 2008, the Debtors filed their *Application for an Order Authorizing Debtors and Debtors in Possession to Employ and Retain Reed Smith LLP as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to the Petition Date* [Docket No. 145] (the "**Retention Application**"). By order dated February 3, 2009, this Court approved the retention of Reed Smith [Docket No. 326] (the "**Retention Order**").

3.     Reed Smith submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members under 11 U.S.C. §§ 105(a) and 331* [Docket No. 225] (the "**Interim Compensation Order**").

### Applicable Standards

4.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.      The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the

time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

7.     A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.     The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings. After evaluation and consideration of the additional information provided by Reed Smith, the Fee Examiner submits this Final Report for the Court's consideration. This Final Report is in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of the applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and will also inform the Court of all proposed

consensual resolutions of the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

### DISCUSSION OF FINDINGS – MONTHLY FEE APPLICATION

### Technical Requirements

9. **Reconciliation of Fees and Expenses.** The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**"). The Fee Examiner identified no discrepancies between the Fees Requested and the Fees Computed, nor any discrepancies between the Expenses Requested and the Expenses Computed.

10. **Block Billing.**[2] The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*. The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[3] The Fee Examiner did not identify any questioned block billed entries.

11. **Time Increments.** The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*. The UST Guidelines further

---

[2] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

[3] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g., In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g., In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*. Reed Smith complied with the applicable rules regarding time increments.

**Review of Fees**

12.     **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*. The Fee Application provided the names, positions, and hourly rates of the seven Reed Smith professionals and paraprofessionals who billed to this matter, consisting of two partners, one counsel, three associates, and one paralegal. A summary of hours and fees billed by each timekeeper is displayed in **Exhibit A**.

The firm billed a total of 53.10 hours with associated fees of $20,171.00. The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 18.70 | 35% | $10,509.00 | 52% |
| Counsel | 0.40 | * | 230.00 | 1% |
| Associate | 13.00 | 24% | 5,652.00 | 28% |
| Paralegal | 21.00 | 40% | 3,780.00 | 19% |
| **TOTAL** | 53.10 | 100% | $20,171.00 | 100% |

* Less than 1%

The blended hourly rate for the Reed Smith professionals is $510.62 and the blended hourly rate for professionals and paraprofessionals is $379.87.

-6-

13. **Hourly Rate Increases.** Reed Smith did not increase the hourly rates of firm timekeepers during this interim period.

14. **Timekeepers' Roles.** A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4).* With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts. Each Reed Smith timekeeper appeared to perform either core team responsibilities necessary to the engagement; or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

15. **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix).* The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v).* The Fee Examiner reviewed the substantive detail of each billing entry and determined that Reed Smith timekeepers adequately described their activities.

16.     **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.  The Fee Examiner reviewed the substantive detail of each billing entry and did not identify any tasks describing administrative activity.

17.     **Clerical Activities.**  Clerical activities do not require legal acumen, and may be effectively performed by administrative assistants, secretaries, or support personnel.  Similar to administrative activities, clerical activities are generally not billable and are considered to be part of the firm's overhead.  In the 3rd Circuit, however, some clerical and non-clerical activities may be compensable at a rate commensurate with the level of expertise or knowledge typically found to be necessary to complete the task.  The Fee Examiner did not identify any fee entries describing clerical activities.

18.     **Travel.**  The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*.  Reed Smith did not submit any time entries describing travel.

19.     **Reed Smith Retention/Compensation.**  Reed Smith billed 35.70 hours with associated fees of $10,747.00 to prepare the firm's retention documents and applications for compensation.  The fee entries describing Reed Smith's retention/compensation activities are displayed in **Exhibit B**.

## Review of Expenses

20.     **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*.  The UST

-8-

Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*. Reed Smith provided an itemization for its expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge. The Fee Examiner found no objectionable expense items.

## CONCLUSION – MONTHLY FEE APPLICATION

The Fee Examiner submits this final report regarding Reed Smith's Monthly Fee Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $20,171.00 and expenses in the amount of $306.90 for the period from December 1, 2012 through December 31, 2012.

## DISCUSSION OF FINDINGS – FINAL APPLICATION

The Fee Examiner compared the fees and expenses requested in the Final Fee Application with the fees and expenses requested in the underlying interim fee applications and those approved by the Court (through the date of the filing of the Final Fee Application). The Fee Examiner agrees with Reed Smith's calculation of the final fee and expense request.

## CONCLUSION – FINAL FEE APPLICATION

As for Reed Smith LLP, the Fee Examiner recommends approval of $1,711,429.25[4] in fees and $111,429.95 in expenses for the period December 8, 2008 through December 31, 2012.

Respectfully submitted,

STUART MAUE

By: _____

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

---

[4] This is the amount of Reed Smith's final fee request ($1,712,112.25) adjusted by the fee reductions from the Fifteenth Interim Fee Application ($419.00) and Sixteenth Interim Fee Application ($264.00) as these amounts were not approved as of the date the Final Fee Application was filed.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 31st day of May, 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

John D. Shugrue, Esq.
Partner
Reed Smith LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606 7507

_____
John F. Theil, Esq.

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

### Reed Smith LLP

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| AJM | Moss, J. Andrew | PARTNER | $550.00 | $550.00 | 13.10 | $7,205.00 |
| JDS | Shugrue, John D. | PARTNER | $590.00 | $590.00 | 5.60 | $3,304.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $561.98 | | 18.70 | $10,509.00 |
| | | | | % of Total: | 35.22%   % of Total: | 52.10% |
| LMG | Geiger, Laura M. | COUNSEL | $575.00 | $575.00 | 0.40 | $230.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $575.00 | | 0.40 | $230.00 |
| | | | | % of Total: | 0.75%   % of Total: | 1.14% |
| AY | Yassemedis, Andrea C. | ASSOCIATE | $450.00 | $450.00 | 8.30 | $3,735.00 |
| JCF | Falgowski, J. Cory | ASSOCIATE | $430.00 | $430.00 | 3.40 | $1,462.00 |
| DR | Rosenfield, David M. | ASSOCIATE | $350.00 | $350.00 | 1.30 | $455.00 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $434.77 | | 13.00 | $5,652.00 |
| | | | | % of Total: | 24.48%   % of Total: | 28.02% |
| LL | Lankford, Lisa A. | PARALEGAL | $180.00 | $180.00 | 21.00 | $3,780.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $180.00 | | 21.00 | $3,780.00 |
| | | | | % of Total: | 39.55%   % of Total: | 18.74% |
| | Total No. of Billers: 7 | Blended Rate for Report: | $379.87 | | 53.10 | $20,171.00 |

EXHIBIT B

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Falgowski, J | 3.40 | 1,462.00 |
| Lankford, L | 21.00 | 3,780.00 |
| Shugrue, J | 3.00 | 1,770.00 |
| Yassemedis, A | 8.30 | 3,735.00 |
| | 35.70 | $10,747.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Applications | 35.70 | 10,747.00 |
| | 35.70 | $10,747.00 |

EXHIBIT B

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | MATTER NAME: *Fee Applications* |
| 12/03/12 | Falgowski, J | 1.20 | 1.20 | 516.00 | 0.70 | F | 1 | DRAFTED AND REVISED AMENDED INTERIM FEE APPLICATION (.7); |
| Mon | 2365762-9/8 | | | | 0.20 | F | 2 | COMMUNICATED WITH L. LANKFORD REGARDING CALCULATION OF FEE AMOUNTS AND REVISIONS TO FEE APPLICATIONS AND COMMUNICATIONS WITH FEE EXAMINER (.2); |
| | | | | | 0.10 | F | 3 | COMMUNICATED WITH J. SHUGRUE REGARDING AMENDMENTS TO INTERIM FEE APPLICATION (.1); |
| | | | | | 0.20 | F | 4 | REVIEWED CERTIFICATE OF NO OBJECTION AND RELATED FEE APPLICATIONS FOR FILING (.2). |
| | | | | | | | | MATTER NAME: *Fee Applications* |
| 12/03/12 | Lankford, L | 2.50 | 2.50 | 450.00 | 0.30 | F | 1 | E-MAILS WITH J. SHUGRUE REGARDING AMENDING 14TH INTERIM FEE APPLICATION (.3); |
| Mon | 2365762-9/7 | | | | 0.50 | F | 2 | RESEARCHED SAME (.5); |
| | | | | | 0.90 | F | 3 | DRAFTED AMENDED APPLICATION (.9); |
| | | | | | 0.20 | F | 4 | CONFERRED WITH C. FALGOWSKI REGARDING SAME (.2); |
| | | | | | 0.60 | F | 5 | DRAFTED CNO TO RS'S 15TH INTERIM FEE APPLICATION (.6). |
| | | | | | | | | MATTER NAME: *Fee Applications* |
| 12/03/12 | Shugrue, J | 0.40 | 0.40 | 236.00 | 0.20 | F | 1 | EMAILS WITH C. FALGOWSKI AND L. LANKFORD REGARDING ISSUE REGARDING CALCULATION OF FEES/EXPENSES IN 14TH INTERIM FEE APPLICATION (.2); |
| Mon | 2365762-9/9 | | | | 0.20 | F | 2 | ANALYZED EMAILS WITH FEE EXAMINER REGARDING SAME (.2). |
| | | | | | | | | MATTER NAME: *Fee Applications* |
| 12/04/12 | Falgowski, J | 0.80 | 0.80 | 344.00 | | | 1 | DRAFTED, REVIEWED AND REVISED AMENDED INTERIM FEE APPLICATION AND REVIEWED RELATED MONTHLY FEE APPLICATIONS. |
| Tue | 2365762-9/11 | | | | | | | |
| | | | | | | | | MATTER NAME: *Fee Applications* |
| 12/04/12 | Lankford, L | 2.60 | 2.60 | 468.00 | 0.60 | F | 1 | REVIEWED AMENDED 14TH FEE APPLICATION AND CONFERRED WITH C. FALGOWSKI REGARDING SAME (.6); |
| Tue | 2365762-9/10 | | | | 0.60 | F | 2 | REVIEWED AND REVISED AMENDED 14TH INTERIM APPLICATION (.6); |
| | | | | | 0.20 | F | 3 | E-MAIL CORRESPONDENCE WITH J. SHUGRUE REGARDING SAME (.2); |
| | | | | | 0.80 | F | 4 | FINALIZED AMENDED 14TH INTERIM APPLICATION (.8); |
| | | | | | 0.40 | F | 5 | FINALIZED CNO TO RS'S 15TH INTERIM (.4). |
| | | | | | | | | MATTER NAME: *Fee Applications* |
| 12/06/12 | Falgowski, J | 0.90 | 0.90 | 387.00 | 0.40 | F | 1 | REVIEWED AMENDED INTERIM FEE APPLICATION AND DRAFTED CNO (.4); |
| Thu | 2365762-9/13 | | | | 0.30 | F | 2 | COMMUNICATED WITH L. LANKFORD REGARDING FEE APPLICATIONS AND CNO FILINGS (.3); |
| | | | | | 0.20 | F | 3 | COMMUNICATED WITH J. SHUGRUE REGARDING FEE APPLICATION ISSUES (.2). |
| | | | | | | | | MATTER NAME: *Fee Applications* |
| 12/06/12 | Lankford, L | 1.60 | 1.60 | 288.00 | 0.80 | F | 1 | E-MAIL CORRESPONDENCE WITH J. SHUGRUE REGARDING FEE APPLICATION STATUS (.8); |
| Thu | 2365762-9/12 | | | | 0.80 | F | 2 | DRAFTED CHART AND E-MAILED SAME TO J. SHUGRUE (.8). |
| | | | | | | | | MATTER NAME: *Fee Applications* |
| 12/06/12 | Shugrue, J | 0.30 | 0.30 | 177.00 | | | 1 | ANALYZED FEE APPLICATION STATUS AND FOLLOW UP NEEDED WITH RESPECT TO SAME. |
| Thu | 2365762-9/14 | | | | | | | |
| | | | | | | | | MATTER NAME: *Fee Applications* |
| 12/07/12 | Lankford, L | 0.90 | 0.90 | 162.00 | | | 1 | E-MAIL CORRESPONDENCE WITH FEE AUDITOR REGARDING SEPTEMBER 2012 INVOICE. |
| Fri | 2365762-9/15 | | | | | | | |
| | | | | | | | | MATTER NAME: *Fee Applications* |
| 12/11/12 | Lankford, L | 0.40 | 0.40 | 72.00 | | | 1 | E-MAIL CORRESPONDENCE WITH J. SHUGRUE REGARDING PRELIMINARY FEE REPORT. |
| Tue | 2365762-9/16 | | | | | | | |

~ See the last page of exhibit for explanation

EXHIBIT B

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 12/13/12 Thu | Lankford, L 2365762-9/17 | 3.00 | 3.00 | 540.00 | 0.40 1.20 0.80 0.40 0.20 | F F F F F | 1 2 3 4 5 | MATTER NAME: Fee Applications DRAFTED CNO TO RS'S 45TH MONTHLY FEE APPLICATION (.4); DRAFTED RS'S 46TH MONTHLY FEE APPLICATION (1.2); DRAFTED RS'S 16TH INTERIM FEE APPLICATION (.8); E-MAILS WITH J. SHUGRUE REGARDING FEE APPLICATION (.4); E-MAILS WITH TRIBUNE REGARDING CNO FOR 35TH MONTHLY (.2). |
| 12/17/12 Mon | Lankford, L 2365762-9/18 | 0.20 | 0.20 | 36.00 | | | 1 | MATTER NAME: Fee Applications E-MAIL CORRESPONDENCE WITH J. SHUGRUE REGARDING CNO TO RS'S 45TH, RS'S 46TH MONTHLY AND 16TH INTERIM FEE APPLICATIONS. |
| 12/17/12 Mon | Shugrue, J 2365762-9/19 | 0.50 | 0.50 | 295.00 | 0.30 0.20 | F F | 1 2 | MATTER NAME: Fee Applications ANALYZED ISSUES RAISED BY FEE EXAMINER REGARDING 14TH INTERIM FEE APP (.3); REVIEWED DRAFT OF CNO REGARDING 45TH MONTHLY FEE APP (.2). |
| 12/18/12 Tue | Lankford, L 2365762-9/20 | 1.50 | 1.50 | 270.00 | 0.20 1.30 | F F | 1 2 | MATTER NAME: Fee Applications E-MAIL CORRESPONDENCE WITH J. SHUGRUE AND C. FALGOWSKI REGARDING CNO TO RS'S 45TH AND 46TH MONTHLY AND 16TH INTERIM FEE APPLICATIONS (.2); PREPARED DOCUMENTS IN CONNECTION WITH FILING OF CNO ON 12/24/12 (1.3). |
| 12/18/12 Tue | Shugrue, J 2365762-9/22 | 0.20 | 0.20 | 118.00 | | | 1 | MATTER NAME: Fee Applications ANALYZED AND AUTHORIZED FILING OF CNO REGARDING 45TH MONTHLY FEE APPLICATION. |
| 12/18/12 Tue | Yassemedis, A 2365762-9/21 | 2.90 | 2.90 | 1,305.00 | 0.40 0.70 1.80 | F F F | 1 2 3 | MATTER NAME: Fee Applications DISCUSSED FEE EXAMINER'S REPORT WITH J. SHUGRUE (.4); REVIEWED FEE EXAMINER'S REPORT (.7); DRAFTED RESPONSE TO CNO REGARDING 45TH MONTHLY FEE APPLICATION (1.8). |
| 12/19/12 Wed | Lankford, L 2365762-9/23 | 0.50 | 0.50 | 90.00 | 0.30 0.20 | F F | 1 2 | MATTER NAME: Fee Applications E-MAIL CORRESPONDENCE WITH CLIENT REGARDING CNO FOR RS'S 45TH MONTHLY (.3); E-MAIL CORRESPONDENCE WITH J. SHUGRUE AND C. FALGOWSKI REGARDING FEE HEARING DATES FOR 2013 (.2). |
| 12/19/12 Wed | Shugrue, J 2365762-9/25 | 0.20 | 0.20 | 118.00 | | | 1 | MATTER NAME: Fee Applications ANALYZED BANKRUPTCY COURT ORDERS REGARDING HEARINGS ON VARIOUS FEE APPLICATIONS. |
| 12/19/12 Wed | Yassemedis, A 2365762-9/24 | 4.20 | 4.20 | 1,890.00 | 3.70 0.50 | F F | 1 2 | MATTER NAME: Fee Applications DRAFTED RESPONSE TO FEE EXAMINER'S 14TH INTERIM REPORT (3.7); IDENTIFIED AND COLLATED DOCUMENTATION REQUESTED BY EXAMINER (.5). |
| 12/20/12 Thu | Shugrue, J 2365762-9/27 | 0.40 | 0.40 | 236.00 | | | 1 | MATTER NAME: Fee Applications ANALYZED AND REVISED DRAFT RESPONSE TO FEE EXAMINER'S QUESTIONS/ISSUES RAISED REGARDING 14TH INTERIM FEE APPLICATION. |
| 12/20/12 Thu | Yassemedis, A 2365762-9/26 | 0.80 | 0.80 | 360.00 | 0.30 0.50 | F F | 1 2 | MATTER NAME: Fee Applications EMAIL CORRESPONDENCE WITH J. SHUGRUE REGARDING CHANGES AND EDITS TO 14TH INTERIM FEE REPORT RESPONSE (.3); REVISED 14TH INTERIM FEE REPORT RESPONSE (.5). |

~ See the last page of exhibit for explanation

EXHIBIT B
REED SMITH RETENTION/COMPENSATION
Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 12/21/12 Fri | Falgowski, J 2365762-9/29 | 0.10 | 0.10 | 43.00 | | | 1 | MATTER NAME: Fee Applications COMMUNICATIONS WITH L. LANKFORD RELATING TO FEE EXAMINER'S REPORT. |
| 12/21/12 Fri | Lankford, L 2365762-9/28 | 1.20 | 1.20 | 216.00 | 0.30 0.90 | F F | 1 2 | MATTER NAME: Fee Applications E-MAIL CORRESPONDENCE WITH J. SHUGRUE REGARDING RS'S 46TH MONTHLY FEE APPLICATION (.3); REVISED 46TH MONTHLY FEE APPLICATION (.9). |
| 12/21/12 Fri | Shugrue, J 2365762-9/31 | 0.40 | 0.40 | 236.00 | | | 1 | MATTER NAME: Fee Applications PREPARED NARRATIVE TEXT FOR 46TH MONTHLY FEE APPLICATION. |
| 12/21/12 Fri | Yassemedis, A 2365762-9/30 | 0.40 | 0.40 | 180.00 | | | 1 | MATTER NAME: Fee Applications FINALIZED RESPONSE REGARDING 14TH FEE EXAMINER'S REPORT. |
| 12/24/12 Mon | Shugrue, J 2365762-9/32 | 0.20 | 0.20 | 118.00 | | | 1 | MATTER NAME: Fee Applications ANALYZED CNO FILING REGARDING 45TH MONTHLY FEE APPLICATION. |
| 12/26/12 Wed | Lankford, L 2365762-9/33 | 0.30 | 0.30 | 54.00 | | | 1 | MATTER NAME: Fee Applications E-MAIL CORRESPONDENCE WITH J. SHUGRUE REGARDING ADJUSTMENTS TO SPREADSHEET FOR 46TH MONTHLY FEE APPLICATION. |
| 12/26/12 Wed | Lankford, L 2365762-9/34 | 4.00 | 4.00 | 720.00 | | | 1 | MATTER NAME: Fee Applications REVISED AND UPDATED CHARTS REGARDING RS'S 46TH MONTHLY & 16TH INTERIM FEE APPLICATIONS. |
| 12/26/12 Wed | Shugrue, J 2365762-9/35 | 0.40 | 0.40 | 236.00 | 0.30 0.10 | F F | 1 2 | MATTER NAME: Fee Applications ANALYZED AND ASSISTED IN PREPARATION OF FEE CHART REQUESTED BY A&M (.3); ANALYZED DRAFTS OF 46TH MONTHLY FEE APPLICATION AND CNO REGARDING 16TH INTERIM FEE APPLICATION (.1). |
| 12/27/12 Thu | Falgowski, J 2365762-9/37 | 0.40 | 0.40 | 172.00 | | | 1 | MATTER NAME: Fee Applications REVIEWED MONTHLY AND INTERIM FEE APPLICATIONS AND CNO FOR PAST FEE APPLICATION. |
| 12/27/12 Thu | Lankford, L 2365762-9/36 | 2.30 | 2.30 | 414.00 | 0.30 2.00 | F F | 1 2 | MATTER NAME: Fee Applications CONFERRED WITH C. FALGOWSKI REGARDING FEE APPLICATIONS (.3); REVISED RS'S 46TH MONTHLY & 16TH INTERIM APPLICATIONS (2.0). |
| Total Number of Entries: | 31 | | 35.70 | $10,747.00 | | | | |

~ See the last page of exhibit for explanation

EXHIBIT B

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Falgowski, J | 3.40 | 1,462.00 |
| Lankford, L | 21.00 | 3,780.00 |
| Shugrue, J | 3.00 | 1,770.00 |
| Yassemedis, A | 8.30 | 3,735.00 |
| | 35.70 | $10,747.00 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Applications | 35.70 | 10,747.00 |
| | 35.70 | $10,747.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL