# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE SIXTH MONTHLY AND FINAL FEE APPLICATION OF CAMPBELL & LEVINE, LLC

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Sixth Monthly and Final Fee Application of Campbell & Levine, LLC for Compensation of Services Rendered and Reimbursement of Expenses as Special Litigation Counsel for the Monthly Period June 1, 2012 through December 31, 2012 and the Final Period from December 6, 2010 through*

---

[1] The Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

*December 31, 2012* [Docket No. 13255] (the "**Fee Application**").  The Fee Application seeks approval of monthly fees that total $1,551.00 and reimbursement of expenses that total $118.10 for the period from June 1, 2012 through December 31, 2012.  The Fee Application seeks approval of final fees that total $12,345.00 and expenses that total $1,253.32 for the period from December 6, 2010 through December 31, 2012.  Campbell & Levine, LLC ("**Campbell & Levine**") acts as Special Litigation Counsel to the Debtors and Debtors in Possession.

### Background

1.    On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**"), each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2.    On January 6, 2011, the Debtors filed the *Application for an Order Authorizing Debtors to Retain and Employ Campbell & Levine, LLC as Special Litigation Counsel Pursuant to 11 U.S.C. Sections 327(a) and Rule 2014 of the Federal Rules of Bankruptcy Procedure, Nunc Pro Tunc to December 6, 2010*  [Docket No. 7390] (the "**Retention Application**").  By order dated February 4, 2011, this Court approved the retention of Campbell & Levine (see Docket No. 7788) (the "**Retention Order**").

3.    Campbell & Levine submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members under 11 U.S.C. §§ 105(a) and 331* [Docket No. 225] (the "**Interim Compensation Order**").

**Applicable Standards**

4.     In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.     The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.     Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the

time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

7.      A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.      The Fee Examiner completed an evaluation of Campbell & Levine's Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings. The Fee Examiner issues this final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5.*

## DISCUSSION OF FINDINGS – MONTHLY FEE APPLICATION

### Technical Requirements

9. **Reconciliation of Fees and Expenses.** The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**"). The Fee Examiner identified no discrepancies between the Fees Requested and the Fees Computed, nor any discrepancies between the Expenses Requested and the Expenses Computed.

10. **Block Billing.**[2] The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*. The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines ¶(b)(4)(v)*.[3] With minimal exception, the Campbell & Levine fee entries were not block billed.

11. **Time Increments.** The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*. The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time

---

[2] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

[3] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*.  The Fee Examiner confirmed that

Campbell & Levine timekeepers recorded fee entries in tenths of an hour.

## Review of Fees

12.    **Firm Staffing**  The UST Guidelines state that fee applications should identify the

"[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time,

[an] explanation of any changes in hourly rates from those previously charged, and [a] statement

of whether the compensation is based on the customary compensation charged by comparably

skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*.  The

Fee Application provided the names, positions, and hourly rates of the two Campbell & Levine

professionals and paraprofessionals who billed to this matter, consisting of one junior member

and one paralegal.  A summary of hours and fees billed by each timekeeper is displayed in

Exhibit A.[4]

The firm billed a total of 5.70 hours with associated fees of $1,551.00.  The following

table displays the hours and fees computed by timekeeper position and the percentage of total

hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Junior Member | 3.30 | 58% | $1,287.00 | 83% |
| Paralegal | 2.40 | 42% | 264.00 | 17% |
| TOTAL | 5.70 | 100% | $1,551.00 | 100% |

The hourly rate for the Campbell & Levine professional is $390.00 and the blended hourly rate

for professionals and paraprofessionals is $272.11.

---

[4] This Final Report includes exhibits that detail and support the findings discussed herein.  Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit.  The tasks included in a specific category are underlined in the fee exhibits.  For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

13.   **Hourly Rate Increases.**  Campbell & Levine did not increase the hourly rates of timekeepers during this period.

14.   **Timekeepers' Roles.**  A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*.  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.  Overall, each Campbell & Levine timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

15.   **Meetings, Conferences, Hearings, and Other Events.**  The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*.  While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.  The Fee Examiner did not identify any occasions where two or more Campbell & Levine timekeepers invoiced to attend the same meeting, conference, hearing or other event.

16.   **Intraoffice Conferences.**   Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel.  The Fee Examiner did not identify any fee entries by a Campbell & Levine timekeeper describing intraoffice conferences.

17. **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix).* The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v).* With minimal exception, Campbell & Levine's timekeepers provided sufficiently detailed activity descriptions.

18. **Administrative Activities.** Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The Fee Examiner did not identify any time entries describing administrative activity.

19. **Clerical Activities.** Clerical activities do not require legal acumen, and may be effectively performed by administrative assistants, secretaries, or support personnel. Similar to administrative activities, clerical activities are generally not billable and are considered to be part of the firm's overhead. In the 3rd Circuit, however, some clerical and non-clerical activities may be compensable at a rate commensurate with the level of expertise or knowledge typically found

to be necessary to complete the task. The Fee Examiner reviewed each timekeeper's billing activities and did not identify any clerical activities.

20. **Travel.** The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. The Fee Application did not include any fee entries describing travel.

21. **Campbell & Levine Retention/Compensation.** Campbell & Levine billed 4.00 hours with associated fees of $888.00 with respect to the firm's employment/retention documents and applications for compensation. The fee entries describing Campbell & Levine's retention/compensation activities are displayed in **Exhibit B**, which is included in the Final Report for the Court's reference.

**Review of Expenses**

22. **Itemization of Expenses.** The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the charge, if available." *Local Rule 2016-2(e)(i-ii)*. The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*. Campbell & Levine provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name

of the timekeeper who incurred the charge. The Fee Examiner found no objectionable expense items.

## CONCLUSION – MONTHLY FEE APPLICATION

The Fee Examiner submits this Final Report regarding the Application and the fees discussed above. The Fee Examiner recommends the approval of fees in the amount of $1,551.00 and expenses in the amount of $118.10 for the period from June 1, 2012 through December 31, 2012.

## DISCUSSION OF FINDINGS – FINAL FEE APPLICATION

The Fee Examiner compared the fees and expenses requested in the Final Fee Application with the fees and expenses requested in the underlying interim fee applications and those approved by the Court (through the date of the filing of the Final Fee Application). The Fee Examiner agrees with firm's calculation of the final fees and expenses requested.

## CONCLUSION – FINAL FEE APPLICATION

As for Campbell & Levine, LLC, the Fee Examiner recommends approval of $12,345.00 in fees and $1,253.32 in expenses for the period December 6, 2010 through December 31, 2012.

Respectfully submitted,

STUART MAUE

By:

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri 63044
Telephone: (314) 291-3030
Facsimile: (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

-10-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 3rd day of June, 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Mark T. Hurford
Campbell & Levine LLC
800 North King St., Suite 300
Wilmington, DE 19899

John F. Theil, Esq.

-11-

**EXHIBIT A**

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Campbell & Levine, LLC**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | | FEES COMPUTED | |
|---|---|---|---|---|---|---|---|---|
| MTH | Hurford, Mark T. | JUNIOR MEMBER | $390.00 | $390.00 | 3.30 | | $1,287.00 | |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $390.00 | | 3.30 | | $1,287.00 | |
| | | | | | % of Total: | 57.89% | % of Total: | 82.98% |
| TS | Simpson, Timothy | PARALEGAL | $110.00 | $110.00 | 2.40 | | $264.00 | |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $110.00 | | 2.40 | | $264.00 | |
| | | | | | % of Total: | 42.11% | % of Total: | 17.02% |
| | Total No. of Billers: 2 | Blended Rate for Report: | $272.11 | | 5.70 | | $1,551.00 | |

EXHIBIT B

CAMPBELL & LEVINE RETENTION/COMPENSATION

Campbell & Levine, LLC

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Hurford, M | 1.60 | 624.00 |
| Simpson, T | 2.40 | 264.00 |
| | 4.00 | $888.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee/Employment Applications | 3.70 | 771.00 |
| Fee/Employment Objections | 0.30 | 117.00 |
| | 4.00 | $888.00 |

EXHIBIT B

CAMPBELL & LEVINE RETENTION/COMPENSATION

Campbell & Levine, LLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 06/26/12 Tue | Simpson, T 7-1800-07/1 | 0.60 | 0.60 | 66.00 | 0.10 0.50 | F F | 1 2 | *MATTER NAME: Fee/Employment Applications* REVIEW E-MAIL FROM DS RE: DECEMBER 2011 THROUGH MAY 2012 BILL (.1); PREPARE C&L MONTHLY FEE APPLICATION (.5) |
| 07/05/12 Thu | Simpson, T 7-1800-07/2 | 0.10 | 0.10 | 11.00 | | | 1 | *MATTER NAME: Fee/Employment Applications* REVIEW PROPOSED OMNIBUS FEE ORDER |
| 07/09/12 Mon | Simpson, T 7-1800-07/3 | 0.10 | 0.10 | 11.00 | | | 1 | *MATTER NAME: Fee/Employment Applications* REVIEW PROPOSED OMNIBUS FEE ORDERS |
| 07/10/12 Tue | Hurford, M 7-1800-07/5 | 0.30 | 0.30 | 117.00 | | | 1 2 | *MATTER NAME: Fee/Employment Applications* REVIEWING MONTHLY FEE APPLICATION FOR FILING AND SERVICE; REVIEWING CORRESPONDENCE RE SAME |
| 07/10/12 Tue | Simpson, T 7-1800-07/4 | 0.30 | 0.30 | 33.00 | | | 1 | *MATTER NAME: Fee/Employment Applications* FINALIZE AND E-FILE MONTHLY FEE APPLICATION OF C&L |
| 07/13/12 Fri | Simpson, T 7-1800-07/6 | 0.40 | 0.40 | 44.00 | | | 1 | *MATTER NAME: Fee/Employment Applications* PREPARE C&L INTERIM FEE APPLICATION |
| 07/16/12 Mon | Hurford, M 7-1800-07/8 | 0.40 | 0.40 | 156.00 | | | 1 2 | *MATTER NAME: Fee/Employment Applications* REVIEWING INTERIM FEE APPLICATION FOR DECEMBER 1 THROUGH MAY 31, 2012 FOR FILING AND SERVICE; REVIEWING CORRESPONDENCE FROM TS TO FEE AUDITOR RE SAME |
| 07/16/12 Mon | Simpson, T 7-1800-07/7 | 0.30 | 0.30 | 33.00 | | | 1 | *MATTER NAME: Fee/Employment Applications* FINALIZE AND E-FILE INTERIM FEE APPLICATION OF C&L |
| 07/30/12 Mon | Simpson, T 7-1800-07/9 | 0.30 | 0.30 | 33.00 | | | 1 | *MATTER NAME: Fee/Employment Applications* REVIEW PREVIOUS INVOICES RE HOLDBACKS OWED |
| 08/01/12 Wed | Simpson, T 7-1800-07/10 | 0.30 | 0.30 | 33.00 | 0.10 0.20 | F F | 1 2 | *MATTER NAME: Fee/Employment Applications* REVIEW CASE DOCKET FOR OBJECTIONS TO C&L MONTHLY FEE APPLICATION (.1); PREPARE CERTIFICATE OF NO OBJECTION (.2) |
| 08/17/12 Fri | Hurford, M 7-1800-07/11 | 0.20 | 0.20 | 78.00 | | | 1 2 | *MATTER NAME: Fee/Employment Applications* REVIEWING DOCKET; REVIEWING CNO FOR FIFTH INTERIM FOR FILING AND SERVICE |
| 08/17/12 Fri | Hurford, M 7-1800-07/12 | 0.10 | 0.10 | 39.00 | | | 1 | *MATTER NAME: Fee/Employment Applications* REVIEWING CNO FOR 5TH MONTHLY FEE APPLICATION: REVIEWING DOCKET RE SAME |
| 08/23/12 Thu | Hurford, M 7-1800-08/1 | 0.10 | 0.10 | 39.00 | | | 1 | *MATTER NAME: Fee/Employment Objections* REVIEW CORRESPONDENCE FROM JT RE REVIEW OF FEE APPLICATION: RESPONSE TO SAME |

~  See the last page of exhibit for explanation

EXHIBIT B

CAMPBELL & LEVINE RETENTION/COMPENSATION

Campbell & Levine, LLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|----------------|-------------|-------|------|-----------|---|-------------|
| 08/24/12 Fri | Hurford, M 7-1800-08/2 | 0.10 | 0.10 | 39.00 | | 1 | *MATTER NAME: Fee/Employment Objections*<br>REVIEWING FEE AUDITOR'S FINAL REPORT FOR C&L |
| 09/19/12 Wed | Hurford, M 7-1800-08/3 | 0.10 | 0.10 | 39.00 | | 1 | *MATTER NAME: Fee/Employment Objections*<br>REVIEW CORRESPONDENCE FROM J THEIL RE REVIEW OF C&L INTERIM AND RESPONSE TO SAME |
| 09/24/12 Mon | Hurford, M 7-1800-07/13 | 0.10 | 0.10 | 39.00 | | 1 | *MATTER NAME: Fee/Employment Applications*<br>REVIEW CORRESPONDENCE FROM JKS RE FEE APPLICATION REPORTS |
| 12/17/12 Mon | Hurford, M 7-1800-07/14 | 0.10 | 0.10 | 39.00 | | 1 | *MATTER NAME: Fee/Employment Applications*<br>REVIEW CORRESPONDENCE FROM J. THEIL RE REVIEW OF INTERIM FEE APPLICATION AND RESPONSE TO SAME |
| 12/26/12 Wed | Hurford, M 7-1800-07/15 | 0.10 | 0.10 | 39.00 | | 1 | *MATTER NAME: Fee/Employment Applications*<br>CORRESPONDENCE TO AND FROM PG RE FEE ESTIMATION FOR EFFECTIVE DATE |
| Total | | | 4.00 | $888.00 | | | |
| Number of Entries: | 18 | | | | | | |

~ See the last page of exhibit for explanation

EXHIBIT B

CAMPBELL & LEVINE RETENTION/COMPENSATION

Campbell & Levine, LLC

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Hurford, M | 1.60 | 624.00 |
| Simpson, T | 2.40 | 264.00 |
| | 4.00 | $888.00 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee/Employment Applications | 3.70 | 771.00 |
| Fee/Employment Objections | 0.30 | 117.00 |
| | 4.00 | $888.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL