**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

**FEE EXAMINER'S FINAL REPORT REGARDING THE**
**NINETEENTH MONTHLY AND FINAL FEE APPLICATION OF JONES DAY FOR**
**SERVICES PERFORMED ON BEHALF OF THE**
**SPECIAL COMMITTEE OF THE BOARD OF DIRECTORS OF TRIBUNE COMPANY**

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Nineteenth Monthly and Final Fee Application of Jones Day for Allowance of Compensation and for Reimbursement of Expenses for the Period from August 22, 2010 Through December 31, 2012* [Docket No. 13259]

---

[1] The Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

(the "**Fee Application**"). The Fee Application seeks approval of monthly fees that total $17,577.50 and reimbursement of expenses that total $2,029.66 for the period from June 1, 2012 through December 31, 2012. The Fee Application seeks approval of final fees that total $2,460,789.00 and expenses that total $92,758.23 for the period from August 22, 2010 through December 31, 2012. Jones Day ("**Jones Day**") serves as counsel to the Special Committee (the "**Special Committee**") of the Board of Directors to Tribune Company (the "**Board**").

### Background

1. On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). Under the Bankruptcy Court's *Order Directing Joint Administration Chapter 11 Cases* dated December 10, 2009 [Docket No. 43], these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

2. On August 30, 2010, the Debtors filed the *Application for an Order Authorizing the Retention of Jones Day as Special Counsel for the Special Committee of Tribune Company's Board of Directors Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to August 22, 2010* [Docket No. 5562] (the "**Retention Application**"). By order dated September 15, 2010 [Docket No. 5704] (the "**Retention Order**"), the Bankruptcy Court approved the Retention Application, *nunc pro tunc* to August 22, 2010.[2]

---

[2] Pursuant to the Bankruptcy Court's order dated March 10, 2009 [Docket No. 501], Jones Day also serves as Debtors' special counsel in connection with certain antitrust regulatory affairs; the firm files separate fee applications with respect to that retention.

3.      According to the Retention Application, the Special Committee has been specifically charged with certain matters (collectively, the "**Special Committee Matters**") including:

- Reviewing, evaluating and approving, from time to time as appropriate or advisable, the structure, terms or conditions of and authorizing the execution and filing of, any plan of reorganization and any and all amendments, modifications, supplements and exhibits, thereto;

- Taking such action from time to time, as the Special Committee deems appropriate or advisable, to resolve any and all claims, causes of action, avoidance powers or rights, and legal or equitable remedies against the Company or any of its subsidiaries ("**Claims**"), including, without limitation, any Claims arising from any transaction related to the leveraged buy-out of the Company, including, without limitation, the purchase by the Company of its common stock on or about June 4, 2007, the merger and related transactions involving the Company on or about December 20, 2007, and any financing committed to, incurred or repaid in connection with any such transaction, regardless of whether such other applicable law, including, without limitation, the review, evaluation and approval of any support agreement or any agreement for the satisfaction, settlement, discharge and/or release of any such Claims;

- Taking such action from time to time as the Special Committee deems appropriate or advisable to fully inform itself with respect to any Claims or the structure, terms or conditions of any plan of reorganization;

- Reviewing, evaluating and approving, and authorizing the execution and filing of, any and all petitions, schedules,

motions, lists, applications, pleadings and other papers, and to
taking any and all further actions the Special Committee deems
appropriate or advisable in connection with chapter 11 cases;
and

- Taking such other actions to assist the Board in carrying out
the responsibilities as the Board may delegate to or request of
the Special Committee from time to time.

*Retention Application,* pp. 4-5.

4.      According to the Retention Application, the Debtors anticipated that "Jones Day
will provide legal services and advise the Special Committee with respect to the Special
Committee Matters, and more specifically, advise the Special Committee with respect to (i) any
plan of reorganization; (ii) any and all claims, causes of action, avoidance powers or rights and
legal or equitable remedies arising out of the LBO; and (iii) other, similar matters as the Special
Committee may request during the pendency of these chapter 11 cases related to the Special
Committee Matters." *Retention Application,* p. 5.

5.      Jones Day submitted the Fee Application pursuant to the *Order Establishing
Procedures for Interim Compensation and Reimbursement of Expenses of Professionals,*
(January 15, 2009) [Docket No. 225] (the **"Interim Compensation Order"**).

### Applicable Standards

6.      In light of the size and complexity of these Chapter 11 cases, this Court appointed
the Fee Examiner "to act as a special consultant to the Court for professional fee and expense
analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary
to establish uniform procedures for the review, allowance, and payment of fees and expenses of
Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other
applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

7.     The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**").    In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

8.     Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*.  In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

9.      A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred.  A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules.  Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application.  A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

10.     The Fee Examiner completed an evaluation of the Monthly Fee Application, Final Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings.  The Fee Examiner issues this final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order* ¶5.

## DISCUSSION OF FINDINGS – MONTHLY FEE APPLICATION

### Technical Requirements

11.     **Reconciliation of Fees and Expenses.**  The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**").  The Fee Examiner determined that the Fees Requested exceeded the Fees Computed by $62.50, resulting in an apparent overcharge.  The discrepancy was the result of task hours within one entry that did not equal the time billed for the entry as a whole.  The Fee Examiner conferred

with the firm regarding the discrepancy in fees.  The firm agreed with the Fee Examiner's calculations, which resulted in a fee reduction of $62.50.  The Fee Examiner further determined there was no discrepancy between the Expenses Requested and the Expenses Computed.

12.     **Block Billing.**[3]  The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*.  The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines ¶(b)(4)(v)*.[4]  The Delaware Bankruptcy Court has found that time entries that generally only combine work on one issue, and a conference/communication with the client or opposing counsel on the same issue, while technically block billing, will not be objectionable.[5] The Fee Examiner did not identify any objectionable block billed entries.

13.     **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*.  The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*.  Jones Day timekeepers properly recorded their time in one-tenth hour increments.

---

[3] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing.  Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry.  As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry.  This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

[4] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, e.g., In re Brous, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, e.g., In re Baker, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent.  See id. at 495 n.7 and cases cited.

[5] See In re Worldwide Direct, Inc., 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

## Review of Fees

14.    **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*.  The Fee Application provided the names, positions, and hourly rates of the three Jones Day professionals and paraprofessionals who billed to this matter, consisting of one partner, one associate, and one paralegal.  A summary of hours and fees billed by each timekeeper is displayed in **Exhibit A**.[6]

The firm billed a total of 38.70 hours with associated fees of $17,515.00.[7] The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 6.20 | 16% | $ 5,115.00 | 29% |
| Associate | 11.40 | 29% | 7,125.00 | 41% |
| Paralegal | 21.10 | 55% | 5,275.00 | 30% |
| TOTAL | 38.70 | 100% | $17,515.00 | 100% |

The blended hourly rate for the Jones Day professionals is $695.45 and the blended hourly rate for professionals and paraprofessionals is $452.58.

---

[6] This Final Report includes exhibits that detail and support the findings discussed herein.  Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit.  The tasks included in a specific category are underlined in the fee exhibits.  For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

[7] This amount reflects the Fees Computed.

15. **Hourly Rate Increases.**  Jones Day did not increase the hourly rates of timekeepers during this interim period.

16. **Timekeepers' Roles.**  A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4).*  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.  Generally, each timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

17. **Meetings, Conferences, Hearings, and Other Events.**  The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v).*  While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.  Jones Day did not bill for multiple timekeepers to attend the same meeting, conference, hearing, or other event.

18. **Intraoffice Conferences.**  Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner reviewed all of the billing entries and did not identify any inappropriate levels of staffing, unnecessary conferring or the use of inexperienced personnel.

19.     **Complete and Detailed Task Descriptions.**   Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary."   The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*.   The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.   Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.   Jones Day described their work in sufficient detail.

20.     **Administrative Activities.**   Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.   The Fee Examiner did not identify any administrative activities in this fee application.

21.     **Clerical Activities.**   Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel[8] or support tasks for which the firm charged greater than market rate.   The Fee Examiner

---

[8] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates).   These overhead activities may include: mailing; photocopying, word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

reviewed each timekeeper's fee entries and, aside from a few minor exceptions, did not identify any activities that appeared to be clerical in nature.

22.     **Travel.**  The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*.  Jones Day did not bill any fee entries describing travel.

23.     **Jones Day Retention/Compensation.**  The Fee Examiner identified 38.70 hours with associated fees of $17,515.00 billed to prepare the firm's retention documents and application for compensation.  The fee entries describing Jones Day's retention/compensation activities are displayed in **Exhibit B**.

<strong>Review of Expenses</strong>

24.     **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*.  The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*.  Jones Day provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.  The Fee Examiner found no objectionable expense items.

## CONCLUSION – MONTHLY FEE APPLICATION

The Fee Examiner submits this final report regarding Jones Day's Monthly Fee Application and the fees discussed above. The Fee Examiner recommends the approval of fees in the amount of $17,515.00 ($17,577.50 minus $62.50) and expenses in the amount of $2,029.66 for the period from June 1, 2012 through December 31, 2012. The findings are set forth in **Exhibit C**.

## DISCUSSION OF FINDINGS – FINAL FEE APPLICATION

The Fee Examiner compared the fees and expenses requested in the Final Fee Application with the fees and expenses requested in the underlying interim fee applications and those approved by the Court (through the date of the filing of the Final Fee Application). The Fee Examiner agrees with firm's calculation of the final fees and expenses requested.

## CONCLUSION – FINAL FEE APPLICATION

As for Jones Day (Special Committee), the Fee Examiner recommends approval of $2,460,726.50[9] in fees and $92,758.23 in expenses for the period August 22, 2010 through December 31, 2012.

---

[9] This is the amount of Jones Day's final fee request ($2,460,789.00) adjusted by the fee reduction from the Nineteenth Monthly Fee Application ($62.50) as these amounts were not approved as of the date the Final Fee Application was filed.

Respectfully submitted,

**STUART MAUE**

By: _____

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri 63044
Telephone: (314) 291-3030
Facsimile: (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 3rd day of June, 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

David G. Heiman, Esq.
Jones Day – Special Committee
901 Lakeside Avenue, North Point
Cleveland, OH 44114-1190

John F. Theil, Esq.

-14-

### SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL
### COMPUTED AT STANDARD RATES

**Jones Day**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | | FEES COMPUTED |
|---|---|---|---|---|---|---|---|
| 0350 | Erens, Brad B. | PARTNER | $825.00 | $825.00 | 6.20 | | $5,115.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $825.00 | | 6.20 | | $5,115.00 |
| | | | | | % of Total: 16.02% | % of Total: | 29.20% |
| 0785 | Hoffmann, Timothy | ASSOCIATE | $625.00 | $625.00 | 11.40 | | $7,125.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $625.00 | | 11.40 | | $7,125.00 |
| | | | | | % of Total: 29.46% | % of Total: | 40.68% |
| 9161 | Denton, Arleta K. | PARALEGAL | $250.00 | $250.00 | 21.10 | | $5,275.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $250.00 | | 21.10 | | $5,275.00 |
| | | | | | % of Total: 54.52% | % of Total: | 30.12% |
| | Total No. of Billers: 3 | Blended Rate for Report: | $452.58 | | 38.70 | | $17,515.00 |

EXHIBIT B

JONES DAY RETENTION/COMPENSATION

Jones Day

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Denton, A | 21.10 | 5,275.00 |
| Erens, B | 6.20 | 5,115.00 |
| Hoffmann, T | 11.40 | 7,125.00 |
| | 38.70 | $17,515.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Applications/Retention Preparation | 38.70 | 17,515.00 |
| | 38.70 | $17,515.00 |

EXHIBIT B

JONES DAY RETENTION/COMPENSATION

Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 06/06/12 Wed | Denton, A 2554027-40/26 | 0.20 | 0.20 | 50.00 | 0.10 0.10 | F F | 1 2 | *MATTER NAME: Fee Applications/Retention Preparation* COMMUNICATE WITH COURTCALL REGARDING INVOICE FOR ERENS' TELEPHONIC APPEARANCE (.10); REVIEW AND TRANSMIT INVOICE FOR PAYMENT (.10). |
| 06/08/12 Fri | Denton, A 2554027-40/27 | 1.00 | 1.00 | 250.00 | 0.90 0.10 | F F | 1 2 | *MATTER NAME: Fee Applications/Retention Preparation* REVISE MARCH THROUGH MAY 2012 INVOICE (.90); COMMUNICATE WITH SOFFER (FINANCIAL SERVICES) REGARDING SAME (.10). |
| 06/10/12 Sun | Hoffmann, T 2554027-40/28 | 1.10 | 1.10 | 687.50 | | F | 1 | *MATTER NAME: Fee Applications/Retention Preparation* DRAFT AND REVISE SUPPLEMENTAL DISCLOSURE FOR SPECIAL LITIGATION ROLE. |
| 06/11/12 Mon | Hoffmann, T 2554027-40/29 | 1.80 | 1.70 | 1,062.50 | 1.40 0.30 | F F | 1 2 | *MATTER NAME: Fee Applications/Retention Preparation* REVIEW AND REVISE SUPPLEMENT RELATING TO NEW LITIGATION MATTER AS SPECIAL COUNSEL (1.40); COMMUNICATE WITH ERENS REGARDING SUPPLEMENT AND RELATED ITEMS (.30). |
| 06/25/12 Mon | Denton, A 2554027-40/31 | 2.10 | 2.10 | 525.00 | 0.20 1.00 0.50 0.20 0.20 | F F F F F | 1 2 3 4 5 | *MATTER NAME: Fee Applications/Retention Preparation* COMMUNICATE WITH ERENS REGARDING UPCOMING FEE HEARING (.20); RESEARCH SECOND AND 3RD INTERIM FEE APPLICATIONS AND FEE AUDITOR'S REPORTS REGARDING SAME (1.00); DRAFT CHART REGARDING FEE AND DISBURSEMENT DETAILS OF SAME (.50); COMMUNICATE WITH HOFFMANN REGARDING SAME (.20); FORWARD INTERIM FEE APPLICATIONS AND FEE AUDITOR'S REPORTS TO HOFFMANN FOR REVIEW (.20). |
| 06/25/12 Mon | Erens, B 2554027-40/30 | 0.20 | 0.20 | 165.00 | | F | 1 | *MATTER NAME: Fee Applications/Retention Preparation* TELEPHONE CALLS AND EMAILS FROM DENTON AND HOFFMANN REGARDING STATUS OF INTERIM FEE APPLICATION AND FEE HEARING. |
| 06/26/12 Tue | Denton, A 2554027-40/32 | 0.50 | 0.50 | 125.00 | 0.40 0.10 | F F | 1 2 | *MATTER NAME: Fee Applications/Retention Preparation* REVISE CHART REGARDING FEE APPLICATIONS AND FEE AUDITORS REPORTS REGARDING SAME (.40); COMMUNICATE WITH HOFFMANN REGARDING SAME (.10). |
| 06/27/12 Wed | Denton, A 2554027-40/33 | 0.30 | 0.30 | 75.00 | 0.20 0.10 | F F | 1 2 | *MATTER NAME: Fee Applications/Retention Preparation* REVISE FEE APPLICATION CHART FOR UPCOMING FEE HEARING (.20); COMMUNICATE WITH TILLER AND HOFFMANN REGARDING SAME (.10). |
| 06/28/12 Thu | Denton, A 2554027-40/34 | 0.60 | 0.60 | 150.00 | 0.20 0.10 0.20 0.10 | F F F F | 1 2 3 4 | *MATTER NAME: Fee Applications/Retention Preparation* COMMUNICATE WITH SOFFER REGARDING MARCH THROUGH MAY INVOICE (.20); COMMUNICATE WITH ERENS REGARDING SAME (.10); COMMUNICATE WITH ERENS REGARDING JULY 3 HEARING AND PROPOSED FEE ORDER (.20); COMMUNICATE WITH RATKOWIAK REGARDING SAME (.10). |
| 07/02/12 Mon | Denton, A 2554027-40/37 | 1.00 | 1.00 | 250.00 | 0.20 0.10 0.30 0.10 0.20 0.10 | F F F F F F | 1 2 3 4 5 6 | *MATTER NAME: Fee Applications/Retention Preparation* COMMUNICATE WITH SOFFER (FINANCIAL SERVICES) REGARDING LATEST INVOICE (.20); COMMUNICATE WITH ERENS REGARDING SAME (.10); REVIEW TRIBUNE BANKRUPTCY DOCKET FOR DRAFT ORDER REGARDING FEE APPLICATIONS (.30); COMMUNICATE WITH ERENS REGARDING SAME (.10); COMMUNICATE WITH COURTCALL REGARDING ERENS' TELEPHONIC APPEARANCE (.20); COMMUNICATE WITH ERENS REGARDING SAME (.10). |

~ See the last page of exhibit for explanation

EXHIBIT B

JONES DAY RETENTION/COMPENSATION

Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 07/02/12 Mon | Erens, B 2554027-40/43 | 0.20 | 0.20 | 165.00 | | F | 1 | *MATTER NAME: Fee Applications/Retention Preparation*<br>PREPARE FOR INTERIM FEE HEARING. |
| 07/03/12 Tue | Denton, A 2554027-40/36 | 0.90 | 0.90 | 225.00 | 0.20<br>0.10<br>0.20<br>0.10<br>0.20<br>0.10 | F<br>F<br>F<br>F<br>F<br>F | 1<br>2<br>3<br>4<br>5<br>6 | *MATTER NAME: Fee Applications/Retention Preparation*<br>COMMUNICATE WITH ERENS REGARDING WRITE OFFS FOR LATEST INVOICE (.20);<br>COMMUNICATE WITH SOFFER (FINANCIAL SERVICES) REGARDING SAME (.10);<br>COMMUNICATE WITH RATKOWIAK REGARDING CONTINUED FEE APPLICATION HEARING (JULY 11) (.20);<br>TRANSMIT NOTICE REGARDING SAME TO ERENS (.10);<br>SCAN AND TRANSMIT ERENS' EDITS TO INVOICE TO SOFFER (.20);<br>COMMUNICATE WITH SOFFER REGARDING SAME (.10). |
| 07/03/12 Tue | Erens, B 2554027-40/41 | 0.50 | 0.50 | 412.50 | | F | 1 | *MATTER NAME: Fee Applications/Retention Preparation*<br>PREPARE FOR QUARTERLY FEE APPLICATION HEARING. |
| 07/05/12 Thu | Denton, A 2554027-40/35 | 0.40 | 0.40 | 100.00 | 0.30<br>0.10 | F<br>F | 1<br>2 | *MATTER NAME: Fee Applications/Retention Preparation*<br>REVIEW PROPOSED INTERIM FEE APPLICATION ORDER REGARDING THE 9TH AND 10TH INTERIM FEE PERIODS TO VERIFY FIGURES MATCH WITH FEE AUDITOR AND JONES DAY (.30);<br>COMMUNICATE WITH TILLER, ERENS AND HOFFMANN REGARDING SAME (.10). |
| 07/06/12 Fri | Denton, A 2554027-40/52 | 0.70 | 0.70 | 175.00 | 0.20<br>0.10<br>0.30<br>0.10 | F<br>F<br>F<br>F | 1<br>2<br>3<br>4 | *MATTER NAME: Fee Applications/Retention Preparation*<br>COMMUNICATE WITH SOFFER (FINANCIAL SERVICES) REGARDING EXPENSES ON BILL AFTER CESSATION OF REPRESENTATION (.20);<br>COMMUNICATE WITH ERENS REGARDING SAME (.10);<br>REVIEW PROPOSED DRAFT BILLS AND COMPARE AMOUNTS SET DOWN FOR JONES DAY AGAINST OUR FEE APPLICATIONS (.30);<br>COMMUNICATE WITH ERENS REGARDING SAME (.10). |
| 07/09/12 Mon | Denton, A 2554027-40/50 | 0.50 | 0.50 | 125.00 | 0.30<br>0.20 | F<br>F | 1<br>2 | *MATTER NAME: Fee Applications/Retention Preparation*<br>COMMUNICATE WITH SOFFER (FINANCIAL SERVICES) AND ERENS REGARDING WRITE OFFS TO BILL (.30);<br>REVIEW DISBURSEMENTS AND COMMUNICATE WITH GIBBONS (FINANCIAL SERVICES) REGARDING SAME (.20). |
| 07/09/12 Mon | Erens, B 2554027-40/38 | 0.20 | 0.20 | 165.00 | | F | 1 | *MATTER NAME: Fee Applications/Retention Preparation*<br>EMAILS TO AND FROM DENTON AND DEBTOR COUNSEL REGARDING TIMING OF QUARTERLY FEE HEARINGS. |
| 07/10/12 Tue | Denton, A 2554027-40/53 | 0.30 | 0.30 | 75.00 | | F | 1 | *MATTER NAME: Fee Applications/Retention Preparation*<br>MONITOR TRIBUNE BANKRUPTCY DOCKET FOR ENTRY OF 9TH AND 10TH INTERIM FEE PERIOD ORDERS. |
| 07/10/12 Tue | Erens, B 2554027-40/42 | 0.30 | 0.30 | 247.50 | | F | 1 | *MATTER NAME: Fee Applications/Retention Preparation*<br>PREPARE FOR QUARTERLY FEE HEARING. |
| 07/11/12 Wed | Denton, A 2554027-40/49 | 0.80 | 0.80 | 200.00 | 0.30<br>0.30<br>0.20 | F<br>F<br>F | 1<br>2<br>3 | *MATTER NAME: Fee Applications/Retention Preparation*<br>REVIEW DOCKET FOR ENTERED ORDERS REGARDING 9TH AND 10TH INTERIM FEE PERIODS (.30);<br>DOWNLOAD ENTERED ORDERS AND TRANSMIT SAME TO ERENS, TILLER AND HOFFMANN (.30);<br>REVIEW NOTICE OF DEADLINE TO FILE FEE APPLICATIONS AND TRANSMIT TO ERENS, HOFFMANN AND TILLER (.20). |

~ See the last page of exhibit for explanation

EXHIBIT B

JONES DAY RETENTION/COMPENSATION

Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 07/11/12 Wed | Erens, B 2554027-40/44 | 0.80 | 0.80 | 660.00 | 0.20 0.60 | F F | 1 2 | MATTER NAME: Fee Applications/Retention Preparation PREPARE FOR QUARTERLY FEE HEARING (.20); ATTEND HEARING REGARDING THE SAME (.60). |
| 07/12/12 Thu | Denton, A 2554027-40/51 | 4.10 | 4.10 | 1,025.00 | 1.20 0.30 0.40 0.20 1.00 0.30 0.20 0.50 | F F F F F F F F | 1 2 3 4 5 6 7 8 | MATTER NAME: Fee Applications/Retention Preparation DRAFT, REVIEW AND REVISE 18TH MONTHLY FEE APPLICATION (1.2); REVIEW AND REVISE INVOICE REGARDING SAME (.30); PREPARE EXHIBITS TO 18TH MONTHLY FEE APPLICATION (.40); COMMUNICATE WITH SOFFER REGARDING SAME (.20); DRAFT, REVIEW AND REVISE 7TH INTERIM FEE APPLICATION (1.0); NUMEROUS COMMUNICATIONS WITH ERENS, HOFFMANN AND TILLER REGARDING SAME (.30); COMMUNICATE WITH HOFFMANN REGARDING REVIEW OF 18TH MONTHLY FEE APPLICATION AND 7TH INTERIM (.20); BREAKDOWN FEES FOR THE MONTHS OF MARCH, APRIL, MAY AND JUNE FOR CLIENT (.50). |
| 07/12/12 Thu | Erens, B 2554027-40/45 | 1.00 | 1.00 | 825.00 | 0.70 0.30 | F F | 1 2 | MATTER NAME: Fee Applications/Retention Preparation REVIEW QUARTERLY AND MONTHLY FEE APPLICATION UPDATES FOR MARCH THROUGH MAY (.70); OFFICE CONFERENCES WITH TILLER, DENTON AND HOFFMANN REGARDING THE SAME (.30). |
| 07/12/12 Thu | Hoffmann, T 2554027-40/40 | 3.80 | 3.80 | 2,375.00 | 3.40 0.40 | F F | 1 2 | MATTER NAME: Fee Applications/Retention Preparation REVIEW AND REVISE 18TH MONTHLY AND CORRESPONDING INTERIM FEE APPLICATION (3.40). COMMUNICATE WITH ERENS, TILLER AND DENTON REGARDING APPLICATIONS (.40). |
| 07/13/12 Fri | Denton, A 2554027-40/48 | 3.10 | 3.10 | 775.00 | 0.50 0.30 1.50 0.20 0.40 0.20 | F F F F F F | 1 2 3 4 5 6 | MATTER NAME: Fee Applications/Retention Preparation PREPARE 18TH MONTHLY FEE APPLICATION AND EXHIBITS FOR E-FILING (.50); TRANSMIT SAME TO RATKOWIAK (COLE SCHOTZ) (.30); DRAFT AND REVISE 7TH INTERIM FEE APPLICATION (1.5); COMMUNICATE WITH HOFFMANN REGARDING 18TH MONTHLY FEE APPLICATION AND 7TH INTERIM FEE APPLICATION (.20); PREPARE 7TH INTERIM FOR E-FILING (.40); COMMUNICATE WITH RATKOWIAK REGARDING SAME (.20). |
| 07/13/12 Fri | Hoffmann, T 2554027-40/39 | 1.20 | 1.20 | 750.00 | 1.00 0.20 | F F | 1 2 | MATTER NAME: Fee Applications/Retention Preparation FINALIZE MONTHLY AND INTERIM FEE APPLICATIONS FOR FILING (1.00). COMMUNICATE WITH DENTON REGARDING FILING OF APPLICATIONS (.20). |
| 07/17/12 Tue | Denton, A 2554027-40/46 | 0.20 | 0.20 | 50.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation COMMUNICATE WITH MARTINEZ REGARDING SIGNED FEE APPLICATIONS AND EXHIBIT C FOR LATEST TRIBUNE MONTHLY AND INTERIM FEE APPLICATIONS. |
| 07/19/12 Thu | Denton, A 2554027-40/47 | 0.50 | 0.50 | 125.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation DRAFT LETTER TO RATKOWIAK ENCLOSING ORIGINAL SIGNATURES PAGES OF JONES DAY 18TH MONTHLY, EXHIBIT C TO 18TH MONTHLY AND 7TH INTERIM FEE APPLICATIONS. |
| 08/08/12 Wed | Denton, A 2554027-40/54 | 0.20 | 0.20 | 50.00 | 0.10 0.10 | F F | 1 2 | MATTER NAME: Fee Applications/Retention Preparation COMMUNICATE WITH BUNCK REGARDING INVOICE FOR ERENS' TELEPHONIC APPEARANCE ON JULY 11 (.10); COMMUNICATE WITH COURTCALL REPRESENTATIVE REGARDING SAME (.10). |
| 08/28/12 Tue | Erens, B 2554027-40/55 | 0.50 | 0.50 | 412.50 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation REVIEW FEE AUDITOR INTERIM REQUEST REGARDING 4TH INTERIM FEE APPLICATION. |

~  See the last page of exhibit for explanation

EXHIBIT B
JONES DAY RETENTION/COMPENSATION
Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 09/06/12 Thu | Hoffmann, T 2554027-40/56 | 1.10 | 1.10 | 687.50 | 0.80 0.30 | F F | 1 2 | MATTER NAME: Fee Applications/Retention Preparation REVIEW AND ANALYZE FEE AUDITOR REPORT (.80); COMMUNICATE WITH THEIL REGARDING REPORT AND RESOLUTION OF OPEN ISSUES (.30). |
| 09/11/12 Tue | Erens, B 2554027-40/57 | 0.50 | 0.50 | 412.50 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation OFFICE CONFERENCE WITH HOFFMANN REGARDING FEE AUDITOR REVIEW OF FIFTH INTERIM AND RESPONSES REGARDING THE SAME. |
| 09/20/12 Thu | Denton, A 2554027-40/58 | 0.30 | 0.30 | 75.00 | 0.20 0.10 | F F | 1 2 | MATTER NAME: Fee Applications/Retention Preparation REVIEW NOTICE OF HEARING REGARDING 11TH INTERIM FEE PERIOD (.20); TRANSMIT RELEVANT JONES DAY FEE APPLICATIONS AND NOTICE TO ERENS AND HOFFMANN (.10). |
| 09/20/12 Thu | Erens, B 2554027-40/62 | 0.30 | 0.30 | 247.50 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation REVIEW FEE AUDITOR REPORTS AND STATUS REGARDING INTERIM FEE APPLICATIONS. |
| 09/24/12 Mon | Denton, A 2554027-40/59 | 0.70 | 0.70 | 175.00 | 0.20 0.40 0.10 | F F F | 1 2 3 | MATTER NAME: Fee Applications/Retention Preparation COMMUNICATE WITH ERENS AND HOFFMANN REGARDING UPCOMING OCTOBER FEE HEARING (.20); REVIEW FEE AUDITOR REPORTS FOR 12TH INTERIM FEE PERIOD AND COMPARE WITH JONES DAY FEE APPLICATIONS (.40); TRANSMIT FEE AUDITOR REPORTS FOR 12TH INTERIM PERIOD TO ERENS AND HOFFMANN FOR THEIR REVIEW (.10). |
| 09/25/12 Tue | Denton, A 2554027-40/61 | 0.50 | 0.50 | 125.00 | 0.40 0.10 | F F | 1 2 | MATTER NAME: Fee Applications/Retention Preparation REVIEW PROPOSED ORDER REGARDING 11TH INTERIM FEE HEARING AND COMPARE AGAINST JONES DAY FEE APPLICATIONS (.40); COMMUNICATE WITH ERENS AND HOFFMANN REGARDING SAME (.10). |
| 09/25/12 Tue | Erens, B 2554027-40/60 | 0.50 | 0.50 | 412.50 | 0.30 0.20 | F F | 1 2 | MATTER NAME: Fee Applications/Retention Preparation FEE HEARING PREPARATION WITH HOFFMANN (.30); REVIEW STATUS OF ALL OUTSTANDING FEE AUDITOR LETTERS (.20). |
| 09/25/12 Tue | Hoffmann, T 2554027-40/63 | 1.30 | 1.30 | 812.50 | 0.40 0.30 0.30 0.30 | F F F F | 1 2 3 4 | MATTER NAME: Fee Applications/Retention Preparation REVIEW AND ANALYZE EXAMINER'S REPORT FOR JONES DAY'S FIFTH INTERIM FEE APPLICATION (.40); COMMUNICATE WITH ERENS REGARDING FEE HEARING (.30); COMMUNICATE WITH FEE EXAMINER REGARDING REPORT (.30); REVIEW AND ANALYZE PROPOSED ORDER GRANTING FIFTH INTERIM FEE APPLICATION (.30). |
| 10/02/12 Tue | Denton, A 2554027-40/65 | 0.20 | 0.20 | 50.00 | 0.10 0.10 | F F | 1 2 | MATTER NAME: Fee Applications/Retention Preparation REVIEW DOCKET FOR ENTERED FEE APPLICATION ORDER (.10); COMMUNICATE WITH ERENS AND HOFFMANN REGARDING SAME (.10). |
| 10/02/12 Tue | Erens, B 2554027-40/68 | 0.20 | 0.20 | 165.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation PREPARE FOR OMNIBUS FEE HEARING. |
| 10/03/12 Wed | Denton, A 2554027-40/64 | 0.20 | 0.20 | 50.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation REVIEW ENTERED ORDER REGARDING 11TH INTERIM FEE PERIOD AND TRANSMIT TO ERENS AND HOFFMANN. |
| 10/10/12 Wed | Denton, A 2554027-40/67 | 1.50 | 1.50 | 375.00 | 1.20 0.30 | F F | 1 2 | MATTER NAME: Fee Applications/Retention Preparation ANALYZE INTERIM FEE APPLICATION AND MAKE CALCULATIONS FOR PROPER APPLICATION OF APPROVED FEES (1.20); COMMUNICATE NUMEROUS TIMES WITH SOFFER (FINANCIAL SERVICES) REGARDING SAME (.30). |

~ See the last page of exhibit for explanation

EXHIBIT B
JONES DAY RETENTION/COMPENSATION
Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 10/12/12 Fri | Denton, A 2554027-40/66 | 0.30 | 0.30 | 75.00 | 0.10 0.10 0.10 | F F F | 1 2 3 | MATTER NAME: Fee Applications/Retention Preparation COMMUNICATE WITH SOFFER AND SOBOLEWSKI (FINANCIAL SERVICES) REGARDING PAYMENT RECEIVED (.10); RESEARCH PROPER INVOICE NUMBERS FOR APPLICATION OF FUNDS (.10) AND COMMUNICATE AGAIN WITH SOBOLEWSKI REGARDING SAME (.10). |
| 11/29/12 Thu | Erens, B 2554027-40/69 | 0.50 | 0.50 | 412.50 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation REVIEW FEE AUDITOR REPORT FOR EARLY 2012 FEES. |
| 12/03/12 Mon | Erens, B 2554027-40/70 | 0.50 | 0.50 | 412.50 | 0.30 0.20 | F F | 1 2 | MATTER NAME: Fee Applications/Retention Preparation REVIEW AND REVISE FEE AUDITOR LETTER (.30); OFFICE CONFERENCE WITH HOFFMANN REGARDING THE SAME (.20). |
| 12/14/12 Fri | Hoffmann, T 2554027-40/71 | 1.20 | 1.20 | 750.00 | 0.90 0.30 | F F | 1 2 | MATTER NAME: Fee Applications/Retention Preparation REVIEW AND ANALYZE FEE AUDITOR REPORT FOR SIXTH INTERIM PERIOD (.90); COMMUNICATE WITH FEE AUDITOR REGARDING REPORT AND RESOLUTION OF JONES DAY FEE APPLICATION FOR SIXTH INTERIM PERIOD (.30). |
| Total Number of Entries: | 46 | | 38.70 | $17,515.00 | | | | |

~ See the last page of exhibit for explanation

EXHIBIT B

JONES DAY RETENTION/COMPENSATION

Jones Day

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Denton, A | 21.10 | 5,275.00 |
| Erens, B | 6.20 | 5,115.00 |
| Hoffmann, T | 11.40 | 7,125.00 |
| | 38.70 | $17,515.00 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Applications/Retention Preparation | 38.70 | 17,515.00 |
| | 38.70 | $17,515.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL

**EXHIBIT C**

**JONES DAY – Special Committee**

**SUMMARY OF FINDINGS**

**Nineteenth Monthly Fee Application (June 1, 2012 through December 31, 2012)**

**A.    Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $17,577.50 | |
| Expenses Requested | 2,029.66 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $19,607.16 |
| | | |
| Fees Computed | $17,515.00 | |
| Expenses Computed | 2,029.66 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $19,544.66 |
| | | |
| Discrepancy in Fees | $    62.50 | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $    62.50 |

**B.    Recommended Fee Allowance and Expense Reimbursement**

| | | |
|---|---|---|
| Fees Requested | $17,577.50 | |
| *Agreed Reduction for Discrepancy in Fees* | | *($62.50)* |
| Subtotal | | *($62.50)* |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $17,515.00 |
| | | |
| Expenses Requested | $2,029.66 | |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 2,029.66 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $19,544.66 |