## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

### FEE EXAMINER'S FINAL REPORT REGARDING THE
### FOURTEENTH MONTHLY AND FINAL FEE APPLICATION OF JONES DAY

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Fourteenth Monthly and Final Fee Application of Jones Day for Allowance of Compensation and for Reimbursement of Expenses for the Period from December 8, 2008 through December 31, 2012* [Docket No. 13261] (the "**Fee Application**"). The Fee Application seeks approval of monthly fees that total $30,055.00 and reimbursement of expenses that total $49.95 for the period from

---

[1] The Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

November 1, 2011 through December 31, 2012. The Fee Application seeks approval of final

fees that total $338,986.00 and expenses that total $813.99 for the period from December 8, 2008

through December 31, 2012. Jones Day ("**Jones Day**") serves as special counsel to the Debtors

antitrust regulatory matters.[2]

## Background

1.      On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed

subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each filed a

voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the

"**Bankruptcy Code**") before the United States Bankruptcy Court for the District of Delaware

(the "**Bankruptcy Court**").      Under the Bankruptcy Court's *Order Directing Joint*

*Administration Chapter 11 Cases* dated December 10, 2009 [Docket No. 43], these cases are

being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**").

2.      On January 15, 2009, the Debtors filed the Application for an Order Authorizing

Debtors to Employ and Retain Jones Day as Special Counsel for Certain Litigation Matters

Pursuant to 11 U.S.C. Sections 327(e) and 1107, Nunc Pro Tunc to the Petition Date [Docket

No 235] (the "Retention Application"). By order dated March 10, 2009, the Bankruptcy Court

approved the Retention Application [Docket No. 501] (the "Retention Order").

3.      Jones Day submitted the Fee Application pursuant to the *Order Establishing*

*Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*,

(January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

---

[2] Pursuant to the Bankruptcy Court's order dated September 15, 2010 [Docket No. 5704] Jones Day was also
retained by the Debtors as special counsel in connection with matters relating to the special committee of the Board
of Directors of the Debtor. The firm files separate fee applications with respect to that retention.

## Applicable Standards

4.      In light of the size and complexity of these Chapter 11 cases, the Bankruptcy Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." Fee Examiner Order ¶¶ 1, 3.

5.      The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." 11 U.S.C. § 330(a)(1)(A). In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

-3-

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

7.     A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.     The Fee Examiner completed an evaluation of the Monthly Fee Application, Final Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings. The Fee Examiner issues this final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5*.

## DISCUSSION OF FINDINGS – MONTHLY FEE APPLICATION

### Technical Requirements

9.    **Reconciliation of Fees and Expenses.**  The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**").  The Fee Examiner identified no discrepancies between the Fees Requested and the Fees Computed, nor any discrepancies between the Expenses Requested and the Expenses Computed.

10.    **Block Billing.**[3]  The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii).*  The UST Guidelines further provide that where a timekeeper's time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[4] The Delaware Bankruptcy Court has found that time entries that generally only combine work on one issue, and a conference/communication with the client or opposing counsel on the same issue, while technically block billing, will not be objectionable.[5]  The Fee Examiner did not identify any objectionable block billed entries.

---

[3] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing.  Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry.  As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry.  This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

[4] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g., In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g., In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

11.    **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*.  The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*.  Jones Day timekeepers complied with the Local Rules and UST Guidelines regarding time increments.

<b>Review of Fees</b>

12.    **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*.  The Fee Application provided the names, positions, and hourly rates of the five Jones Day professionals and paraprofessionals who billed to this matter, consisting of three partners, one associate, and one paralegal.  A summary of hours and fees billed by each timekeeper is displayed in **Exhibit A**.[6]

The firm billed a total of 49.80 hours with associated fees of $30,055.00.  The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

---

[5] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

[6] This Final Report includes exhibits that detail and support the findings discussed herein.  Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit.  The tasks included in a specific category are underlined in the fee exhibits.  For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 29.40 | 59% | $22,915.00 | 76% |
| Associate | 6.80 | 14% | 3,740.00 | 13% |
| Paralegal | 13.60 | 27% | 3,400.00 | 11% |
| **TOTAL** | 49.80 | 100% | $30,055.00 | 100% |

The blended hourly rate for the Jones Day professionals is $736.33 and the blended hourly rate for professionals and paraprofessionals is $603.51.

13.    **Hourly Rate Increases.**    Jones Day increased the hourly rates of several timekeepers during this interim period, effective January 1, 2012.

14.    **Timekeepers' Roles.**    A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*. With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts. Each Jones Day timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

15.    **Meetings, Conferences, Hearings, and Other Events.**    The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*. While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role. Based on the detail provided in the

entries and fee application, as well as the minimal amount of multiple attendances at issue, the Fee Examiner has determined Jones Day has met its burden.

16.     **Intraoffice Conferences.**     Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified only limited instances of intraoffice conferencing and multiple attendances at intraoffice conferences.  The Fee Examiner reviewed all of the billing entries and did not identify any inappropriate levels of staffing, unnecessary conferring or the use of inexperienced personnel.

17.     **Complete and Detailed Task Descriptions.**     Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary."   The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*.  The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.  Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.

The Fee Examiner reviewed the substantive detail of each billing entry and determined that firm timekeepers, on the whole, complied with the applicable guidelines regarding provided

activity descriptions that were clear and adequately described the nature of the services performed.

18.    **Administrative Activities.**    Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.  The Fee Examiner did not identify any administrative activities in this fee application.

19.    **Clerical Activities.**    Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel[7] or support tasks for which the firm charged greater than market rate.  The Fee Examiner reviewed each timekeeper's fee entries and did not identify any activities that appeared to be clerical in nature.

20.    **Travel.**    The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*.  The Fee Application did not include any time entries describing travel.

21.    **Jones Day Retention/Compensation.**    Jones Day billed 22.40 hours with associated fees of $8,782.50 to prepare the firm's retention documents and applications for compensation.  The fee entries describing retention/compensation activities are displayed in **Exhibit B**.

---

[7] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates).  These overhead activities may include: mailing; photocopying; word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

**Review of Expenses**

22.   **Itemization of Expenses.** The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*.   The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.   Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*.   Jones Day provided an itemization for the firm expenses that included the category, the date, the description, and the amount.   The Fee Examiner found no objectionable expense items.

## CONCLUSION – MONTHLY FEE APPLICATION

The Fee Examiner submits this final report regarding Jones Day's Monthly Fee Application and the fees discussed above. The Fee Examiner recommends the approval of fees in the amount of $30,055.00 and expenses in the amount of $49.95 for the period from November 1, 2011 through December 31, 2012.

## DISCUSSION OF FINDINGS – FINAL FEE APPLICATION

The Fee Examiner compared the fees and expenses requested in the Final Fee Application with the fees and expenses requested in the underlying interim fee applications and

those approved by the Court (through the date of the filing of the Final Fee Application).  The

Fee Examiner agrees with firm's calculation of the final fees and expenses requested.

## CONCLUSION – FINAL FEE APPLICATION

As for Jones Day, the Fee Examiner recommends approval of $338,986.00 in fees and

$813.99 in expenses for the period December 8, 2008 through December 31, 2012.

Respectfully submitted,

**STUART MAUE**

By:

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:   (314) 291-3030
Facsimile:    (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 3rd day of June, 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for Prepetition
Lenders, JP Morgan Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Brad B. Erens, Esq.
Partner
Jones Day
77 West Wacker
Chicago, IL 60601-1692

_____
John F. Theil, Esq.

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Jones Day**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|----------|------|----------|--------------|--------------|----------------|---------------|
| 4455 | Fenton, Kathryn M. | PARTNER | $800.00 | $825.00 | 22.30 | $18,340.00 |
| 8379 | Thomas, Ryan C. | PARTNER | $575.00 | $575.00 | 5.10 | $2,932.50 |
| 0350 | Erens, Brad B. | PARTNER | $800.00 | $825.00 | 2.00 | $1,642.50 |
| No. of Billers for Position: 3 | | Blended Rate for Position: | $779.42 | | 29.40 | $22,915.00 |
| | | | | % of Total: | 59.04% | % of Total:  76.24% |
| 1981 | Tiller, Joseph M. | ASSOCIATE | $550.00 | $550.00 | 6.80 | $3,740.00 |
| No. of Billers for Position: 1 | | Blended Rate for Position: | $550.00 | | 6.80 | $3,740.00 |
| | | | | % of Total: | 13.65% | % of Total:  12.44% |
| 9161 | Denton, Arleta K. | PARALEGAL | $250.00 | $250.00 | 13.60 | $3,400.00 |
| No. of Billers for Position: 1 | | Blended Rate for Position: | $250.00 | | 13.60 | $3,400.00 |
| | | | | % of Total: | 27.31% | % of Total:  11.31% |
| Total No. of Billers: 5 | | Blended Rate for Report: | $603.51 | | 49.80 | $30,055.00 |

EXHIBIT B

JONES DAY RETENTION/COMPENSATION

Jones Day

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Denton, A | 13.60 | 3,400.00 |
| Erens, B | 2.00 | 1,642.50 |
| Tiller, J | 6.80 | 3,740.00 |
| | 22.40 | $8,782.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Application Matters | 22.40 | 8,782.50 |
| | 22.40 | $8,782.50 |

EXHIBIT B

JONES DAY RETENTION/COMPENSATION

Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 10/10/11 Mon | Erens, B 51415-0002/19 | 0.30 | 0.30 | 240.00 | | F | 1 | *MATTER NAME: Fee Application Matters* REVIEW ANTITRUST FEE APPLICATIONS. |
| 11/01/11 Tue | Denton, A 51415-0002/26 | 0.30 | 0.30 | 75.00 | 0.10 0.10 0.10 | F F F | 1 2 3 | *MATTER NAME: Fee Application Matters* COMMUNICATE WITH THOMAS REGARDING SEPTEMBER 2011 BILL (.10); COMMUNICATE WITH NELSON (FINANCIAL SERVICES) REGARDING FINALIZING BILL (.10); REVIEW AND REVISE SEPTEMBER 2011 FEE APPLICATION (.10). |
| 11/02/11 Wed | Denton, A 51415-0002/22 | 0.70 | 0.70 | 175.00 | 0.20 0.10 0.30 0.10 | F F F F | 1 2 3 4 | *MATTER NAME: Fee Application Matters* REVIEW AND REVISE FEE APPLICATION (.20); COMMUNICATE WITH THOMAS REGARDING SEPTEMBER BILL (.10); PREPARE DOCUMENTS (.30) AND TRANSMIT TO TILLER FOR REVIEW (.10). |
| 11/04/11 Fri | Denton, A 51415-0002/25 | 0.30 | 0.30 | 75.00 | 0.20 0.10 | F F | 1 2 | *MATTER NAME: Fee Application Matters* REVIEW AND REVISE OCTOBER BILL (.20); COMMUNICATE WITH ERENS REGARDING SAME (.10). |
| 11/14/11 Mon | Denton, A 51415-0002/21 | 0.20 | 0.20 | 50.00 | | F | 1 | *MATTER NAME: Fee Application Matters* REVIEW AND REVISE OCTOBER BILL AND TRANSMIT TO NELSON (FINANCIAL SERVICES). |
| 11/15/11 Tue | Denton, A 51415-0002/20 | 0.90 | 0.90 | 225.00 | 0.20 0.10 0.60 | F F F | 1 2 3 | *MATTER NAME: Fee Application Matters* COMMUNICATE WITH THOMAS REGARDING FEE APPLICATION HEARINGS (.20); TRANSMIT NOTICE OF HEARING ON 6TH INTERIM FEE PERIOD TO THOMAS (.10); REVIEW AND REVISE OCTOBER 2011 BILL AND TRANSMIT TO THOMAS FOR HIS REVIEW (.60). |
| 11/28/11 Mon | Denton, A 51415-0002/23 | 0.40 | 0.40 | 100.00 | 0.20 0.20 | F F | 1 2 | *MATTER NAME: Fee Application Matters* COMMUNICATE WITH PROGER AND THOMAS REGARDING OCTOBER BILL (.20); COMMUNICATE WITH HYSON (FINANCIAL SERVICES) REGARDING REVISIONS TO SAME (.20). |
| 11/29/11 Tue | Denton, A 51415-0002/24 | 0.30 | 0.30 | 75.00 | 0.10 0.20 | F F | 1 2 | *MATTER NAME: Fee Application Matters* REVIEW OCTOBER BILL (.10); AND TRANSMIT TO THOMAS FOR CLIENT APPROVAL (.20). |
| 12/01/11 Thu | Denton, A 51415-0002/27 | 0.40 | 0.40 | 100.00 | 0.10 0.20 0.10 | F F F | 1 2 3 | *MATTER NAME: Fee Application Matters* REVIEW OCTOBER FEE APPLICATION (.10); PREPARE FOR CLIENT REVIEW (.20); COMMUNICATE WITH THOMAS REGARDING SAME (.10). |
| 12/05/11 Mon | Denton, A 51415-0002/29 | 0.40 | 0.40 | 100.00 | 0.10 0.20 0.10 | F F F | 1 2 3 | *MATTER NAME: Fee Application Matters* REVIEW OMNIBUS ORDER REGARDING SIXTH INTERIM FEE APPLICATION PERIOD (.10); REVIEW FEE APPLICATIONS AND FEE AUDITOR REPORTS TO DETERMINE AMOUNT OF JONES DAY FEES (.20); COMMUNICATE WITH TILLER REGARDING SAME (.10). |

~ See the last page of exhibit for explanation

EXHIBIT B
JONES DAY RETENTION/COMPENSATION
Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 12/06/11 Tue | Denton, A 51415-0002/28 | 0.90 | 0.90 | 225.00 | 0.10 0.40 0.30 0.10 | F F F F | 1 2 3 4 | *MATTER NAME: Fee Application Matters* COMMUNICATE WITH THOMAS REGARDING CLIENT'S REVIEW OF OCTOBER BILL (.10); REVIEW AND REVISE FEE APPLICATION (.40); REVIEW AND REVISE EXHIBITS TO FEE APPLICATION (.30); TRANSMIT ALL TO TILLER FOR REVIEW (.10). |
| 12/07/11 Wed | Tiller, J 51415-0002/33 | 1.50 | 1.50 | 825.00 | 1.40 0.10 | F F | 1 2 | *MATTER NAME: Fee Application Matters* REVIEW 13TH ANTITRUST APPLICATION (1.40); COMMUNICATE WITH DENTON REGARDING SAME (.10). |
| 12/12/11 Mon | Denton, A 51415-0002/34 | 0.20 | 0.20 | 50.00 | | F | 1 | *MATTER NAME: Fee Application Matters* REVIEW AND CIRCULATE ENTERED ORDER REGARDING COMPENSATION. |
| 12/19/11 Mon | Denton, A 51415-0002/30 | 0.50 | 0.50 | 125.00 | 0.10 0.30 0.10 | F F F | 1 2 3 | *MATTER NAME: Fee Application Matters* REVIEW AND REVISE SEPTEMBER AND OCTOBER FEE APPLICATION (.10); PREPARE EXHIBITS REGARDING SAME (.30); COMMUNICATE WITH PROGER REGARDING SAME (.10). |
| 12/20/11 Tue | Denton, A 51415-0002/31 | 0.40 | 0.40 | 100.00 | 0.10 0.10 0.10 0.10 | F F F F | 1 2 3 4 | *MATTER NAME: Fee Application Matters* REVIEW SEPTEMBER AND OCTOBER 2011 FEE APPLICATION AND EXHIBITS (.10); TRANSMIT TO RATKOWIAK (COLE SCHOTZ) FOR E-FILING (.10); UPDATE ELECTRONIC FILES REGARDING SAME (.10); TRANSMIT ELECTRONIC FILED COPY AND LEDES FILE TO FEE AUDITOR (.10). |
| 12/21/11 Wed | Denton, A 51415-0002/32 | 0.50 | 0.50 | 125.00 | 0.20 0.10 0.20 | F F F | 1 2 3 | *MATTER NAME: Fee Application Matters* REVIEW SEPT-OCT 2011 FEE APPLICATION AND EXHIBITS (AS FILED) (.20); DRAFT E-MAIL AND TRANSMIT TO FEE AUDITOR FOR THEIR REVIEW (.10); TRANSMIT ORDER ALLOWING FEES TO THOMAS (.20). |
| 01/11/12 Wed | Denton, A 51415-0002/35 | 1.00 | 1.00 | 250.00 | 0.80 0.20 | F F | 1 2 | *MATTER NAME: Fee Application Matters* DRAFT AND REVISE NINTH INTERIM FEE APPLICATION (.80); COMMUNICATE WITH TILLER REGARDING SAME (.20). |
| 01/12/12 Thu | Denton, A 51415-0002/36 | 0.50 | 0.50 | 125.00 | 0.20 0.10 0.20 | F F F | 1 2 3 | *MATTER NAME: Fee Application Matters* COMMUNICATE WITH TILLER REGARDING PRINTING PROJECT (.20); COMMUNICATE WITH PROGER, THOMAS AND FENTON REGARDING SAME (.10); COMMUNICATE WITH ERENS REGARDING NINTH INTERIM FEE APPLICATION (.20). |
| 01/12/12 Thu | Tiller, J 51415-0002/38 | 1.20 | 1.20 | 660.00 | 0.80 0.20 0.20 | F F F | 1 2 3 | *MATTER NAME: Fee Application Matters* REVIEW AND EDIT 9TH INTERIM FEE APPLICATION (.80); COMMUNICATE WITH DENTON REGARDING SAME (.20); COMMUNICATE WITH PROGER, THOMAS AND FENTON REGARDING TIME ENTRIES (.20) |
| 01/13/12 Fri | Denton, A 51415-0002/37 | 0.60 | 0.60 | 150.00 | 0.20 0.10 0.20 0.10 | F F F F | 1 2 3 4 | *MATTER NAME: Fee Application Matters* COMMUNICATE WITH RATKOWIAK (COLE SCHOTZ) REGARDING INTERIM FEE APPLICATION (.20); COMMUNICATE WITH TILLER AND ERENS REGARDING SAME (.10); REVIEW AND REVISE NINTH INTERIM FEE APPLICATION (.20); COMMUNICATE WITH RATKOWIAK REGARDING E-FILING SAME (.10). |

~ See the last page of exhibit for explanation

EXHIBIT B

JONES DAY RETENTION/COMPENSATION

Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 02/01/12 Wed | Denton, A 51415-0002/39 | 0.30 | 0.30 | 75.00 | 0.20 0.10 | F F | 1 2 | *MATTER NAME: Fee Application Matters* REVIEW FEE AUDITOR'S REPORT REGARDING THE FIFTH INTERIM FEE APPLICATION (.20); COMMUNICATE WITH TILLER, THOMAS AND ERENS REGARDING SAME (.10). |
| 02/01/12 Wed | Tiller, J 51415-0002/41 | 0.80 | 0.80 | 440.00 | 0.60 0.20 | F F | 1 2 | *MATTER NAME: Fee Application Matters* REVIEW FEE REPORT FROM FEE AUDITOR (.60); COMMUNICATE WITH ERENS, PROGER AND THOMAS REGARDING SAME (.20). |
| 02/08/12 Wed | Denton, A 51415-0002/40 | 0.30 | 0.30 | 75.00 | | F | 1 | *MATTER NAME: Fee Application Matters* REVIEW JANUARY 2012 TIME FOR POSSIBLE FEE APPLICATION FILING. |
| 03/28/12 Wed | Denton, A 51415-0002/42 | 0.20 | 0.20 | 50.00 | 0.10 0.10 | F F | 1 2 | *MATTER NAME: Fee Application Matters* REVIEW NOTICE OF HEARING REGARDING 9TH AND 10TH INTERIM FEE APPLICATIONS (.10); TRANSMIT TO AND COMMUNICATE WITH TILLER, ERENS AND HOFFMANN REGARDING SAME (.10). |
| 04/09/12 Mon | Denton, A 51415-0002/45 | 1.00 | 1.00 | 250.00 | 0.80 0.20 | F F | 1 2 | *MATTER NAME: Fee Application Matters* REVIEW AND REVISE DECEMBER 2011, JANUARY, FEBRUARY AND MARCH 2012 BILL (.80); COMMUNICATE WITH HYSON (FINANCIAL SERVICES) REGARDING SAME (.20). |
| 04/10/12 Tue | Denton, A 51415-0002/44 | 1.00 | 1.00 | 250.00 | 0.60 0.30 0.10 | F F F | 1 2 3 | *MATTER NAME: Fee Application Matters* REVIEW AND REVISE DECEMBER 2011 THROUGH MARCH 31 DRAFT BILL (.60); COMMUNICATE WITH THOMAS VIA E-MAIL (.30); AND ERENS (.10) REGARDING SAME. |
| 04/11/12 Wed | Denton, A 51415-0002/43 | 0.30 | 0.30 | 75.00 | | F | 1 | *MATTER NAME: Fee Application Matters* REVIEW AND REVISE FEE APPLICATION IN ACCORDANCE WITH THOMAS' EDITS AND COMMUNICATE WITH HYSON (FINANCIAL SERVICES) REGARDING SAME. |
| 06/06/12 Wed | Erens, B 51415-0002/46 | 0.20 | 0.20 | 165.00 | | F | 1 | *MATTER NAME: Fee Application Matters* TELEPHONE CALLS WITH FENTON REGARDING NEW ANTITRUST MATTERS AND STATUS OF BANKRUPTCY CASE. |
| 06/08/12 Fri | Erens, B 51415-0002/47 | 1.00 | 1.00 | 825.00 | | F | 1 | *MATTER NAME: Fee Application Matters* SUPPLEMENTAL DISCLOSURE REGARDING ANTITRUST REPRESENTATION AND EMAILS REGARDING SAME. |
| 06/25/12 Mon | Denton, A 51415-0002/49 | 1.00 | 1.00 | 250.00 | 0.50 0.30 0.20 | F F F | 1 2 3 | *MATTER NAME: Fee Application Matters* RESEARCH SIXTH AND SEVENTH INTERIM FEE APPLICATIONS AND FEE AUDITORS REPORTS REGARDING SAME (.50); DRAFT CHART REGARDING FEE AND DISBURSEMENT DETAILS OF SAME (.30); COMMUNICATE WITH HOFFMANN REGARDING SAME (.20). |
| 06/26/12 Tue | Denton, A 51415-0002/48 | 0.50 | 0.50 | 125.00 | 0.40 0.10 | F F | 1 2 | *MATTER NAME: Fee Application Matters* REVISE CHART REGARDING FEE APPLICATIONS AND FEE AUDITORS REPORTS (.40); COMMUNICATE WITH HOFFMANN REGARDING SAME (.10). |
| 07/12/12 Thu | Denton, A 51415-0002/50 | 0.50 | 0.50 | 125.00 | 0.10 0.20 0.20 | F F F | 1 2 3 | *MATTER NAME: Fee Application Matters* COMMUNICATE WITH HYSON (FINANCIAL SERVICES) REGARDING LATEST INVOICE FOR ANTITRUST MATTER (.10); REVIEW INVOICE (.20); COMMUNICATE WITH ERENS AND TILLER REGARDING SAME (.20). |

~ See the last page of exhibit for explanation

EXHIBIT B
JONES DAY RETENTION/COMPENSATION
Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 08/03/12 Fri | Erens, B 51415-0002/51 | 0.30 | 0.30 | 247.50 | | F | 1 | MATTER NAME: *Fee Application Matters*<br>REVIEW ANTITRUST FEE APPLICATION. |
| 08/16/12 Thu | Tiller, J 51415-0002/52 | 1.00 | 1.00 | 550.00 | | F | 1 | MATTER NAME: *Fee Application Matters*<br>DRAFT RESPONSE TO FEE EXAMINER LETTER WITH RESPECT TO ANTITRUST EIGHTH INTERIM FEE APPLICATION. |
| 10/05/12 Fri | Erens, B 51415-0002/53 | 0.20 | 0.20 | 165.00 | | F | 1 | MATTER NAME: *Fee Application Matters*<br>REVIEW UPDATED ANTITRUST FEE APPLICATION. |
| 10/05/12 Fri | Tiller, J 51415-0002/55 | 1.50 | 1.50 | 825.00 | 0.70<br>0.80 | F<br>F | 1<br>2 | MATTER NAME: *Fee Application Matters*<br>REVIEW CORRESPONDENCE REGARDING NINTH INTERIM APPLICATION (.70);<br>DRAFT RESPONSE REGARDING SAME (.80) |
| 10/09/12 Tue | Tiller, J 51415-0002/54 | 0.50 | 0.50 | 275.00 | 0.40<br>0.10 | F<br>F | 1<br>2 | MATTER NAME: *Fee Application Matters*<br>PREPARE ANTITRUST FEE RESPONSE AND SEND TO FEE EXAMINER (.40);<br>COMMUNICATE WITH ERENS REGARDING SAME (.10) |
| 11/02/12 Fri | Tiller, J 51415-0002/56 | 0.30 | 0.30 | 165.00 | 0.20<br>0.10 | F<br>F | 1<br>2 | MATTER NAME: *Fee Application Matters*<br>REVIEW PROPOSED FEE ORDER (.20);<br>COMMUNICATE WITH RATKOWIAK REGARDING SAME (.10) |
| Total | | | 22.40 | $8,782.50 | | | | |

Number of Entries:        38

EXHIBIT B

JONES DAY RETENTION/COMPENSATION

Jones Day

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Denton, A | 13.60 | 3,400.00 |
| Erens, B | 2.00 | 1,642.50 |
| Tiller, J | 6.80 | 3,740.00 |
| | 22.40 | $8,782.50 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Application Matters | 22.40 | 8,782.50 |
| | 22.40 | $8,782.50 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL