# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE
## TWELFTH QUARTERLY FEE APPLICATION OF ERNST & YOUNG LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Twelfth Quarterly Fee Application of Ernst & Young LLP* [Docket No. 13218] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $639,380.50 ($411,457.50 in hourly fees,[2] $45,075.00 in fixed fee services, and $182,848.00 in findings based fees) and reimbursement of expenses that total

---

[1] The Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] This amount reflects a voluntary reduction of fees in the Property Tax Fresh Start matter in the amount of $14,435.00 which was taken at the request of the Debtor.

$7,344.64, for the period from September 1, 2012 through November 30, 2012. Ernst & Young LLP ("**E&Y**") provides valuation and business modeling and marketing survey services to the Debtors and Debtors in Possession.

### Background

1.      On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**"). On December 10, 2008, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2.      On June 5, 2009, the Debtors filed the *Application for an Order Authorizing Debtors to Retain and Employ Ernst & Young LLP to Provide (I) Valuation and Business Modeling Services and (II) Market Survey Services to the Debtors Pursuant to 11 U.S.C. §§ 327(a) and 1107, Nunc Pro Tunc to May 31, 2009* [Docket No. 1298] (the "**Retention Application**"). By order dated July 21, 2009, the Bankruptcy Court approved the retention of E&Y [Docket No. 1783] (the "**Retention Order**"). Four subsequent orders (collectively the "**Supplemental Retention Orders**") modified the scope of E&Y's engagement and/or authorized the firm to perform additional work on behalf of the Debtors.

3.      E&Y submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

## Applicable Standards

4.     In light of the size and complexity of these Chapter 11 cases, the Bankruptcy Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.     The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**").   In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.     Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A).*  In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the

time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

7.      A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.      The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Supplemental Retention Orders, the Interim Compensation Order, and all related filings and provided a Preliminary Report to E&Y for review and comment. Counsel for E&Y provided a written response to the Preliminary Report. After evaluation and consideration of the additional information provided by E&Y, the Fee Examiner submits this Final Report for the Court's consideration. This Final Report is in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of the applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and will also inform the Court of all proposed consensual resolutions of

the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

## DISCUSSION OF FINDINGS

### Fixed Fee Services

9.      The Fee Application requests a total of $45,075.00 for fixed fee services for the Property Tax Compliance and Market Value Surveys matters.  The Fee Application provided a summary displaying the professionals, their positions, and the associated hours, totaling 1,128.60 for these matters.  Concerning fixed-fee engagements, the Retention Order requires only that E&Y submit time records in a summary format.  As the firm met this minimal requirement, the Fee Examiner makes no findings regarding the propriety of the fixed fee services.  Should the Court request additional detail and/or information from E&Y, upon instruction, the Fee Examiner will review such material and supplement this report.

The Fee Application provided the total fee amount and the total hours billed for each of these matters.  Using this information, the Fee Examiner calculated a blended hourly rate for each matter.  The calculation of the blended hourly rate resulted in a discrepancy that is attributed to rounding.

### Findings Based Fees

10.      The Fee Application requests a total of $182,848.00 for findings based fees for the Florida Utility Study, the Property Tax Advisory:  Sun Sentinel, and Property Tax Advisory:  Hartford Courant matters.

The Fee Application provided the total fee amount and the total hours billed for each of these matters.  Using this information, the Fee Examiner calculated a blended hourly rate for

each matter.   The calculation of the blended hourly rate resulted in a discrepancy that was attributed to rounding.

The Fee Examiner reviewed the Statement of Work (SOW) associated with these matters. The fee entries were reviewed for obvious overlap between the findings based fees and the hourly fees.   The Fee Examiner requested additional information supporting its request for the findings based fees.   E&Y provided the information requested and also discussed the matter in detail with the Fee Examiner.   The firm's response satisfied any concerns the Fee Examiner had and no fee reduction is appropriate.

## **Hourly Fees**

## **Technical Requirements**

11.      **Reconciliation of Fees and Expenses.**   The Fee Examiner compared the total amount of hourly fees ($411,457.50) and expenses ($7,344.64) requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**").   The Fee Examiner identified a minor rounding discrepancy between the Fees Requested and the Fees Computed, and no discrepancies between the Expenses Requested and the Expenses Computed.

12.      **Block Billing.**   The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*.   The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST*

*Guidelines* ¶(b)(4)(v).[3]   The Delaware Bankruptcy Court has found that time entries that generally only combine work on one issue, and a conference/communication with the client or opposing counsel on the same issue, while technically blocked billing, will not be objectionable.[4] E&Y timekeepers did not block bill time entries.

13.   **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*.  The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*.

On the whole, E&Y timekeepers recorded time entries in tenths of an hour.  One E&Y timekeeper, however, invoiced 100% of his fee entries using whole or half hour time increments. A rate of more than 75% of any timekeeper's fee entries being recorded in whole or half hour increments calls into question whether the timekeeper is accurately and contemporaneously recording his or her time in 0.10 hour increments.  **Exhibit A** to the Preliminary Report displayed all of the questioned time entries for the questioned timekeeper, which totaled 14.00 hours with $3,850.00 in associated fees.  The Fee Examiner requested that E&Y explain the veracity of this billing pattern.  In response, E&Y and the Fee Examiner agreed to a compromise, wherein the firm agreed to a $550.00 fee reduction.  Exhibit A has been omitted from this Report.

---

[3] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent.  *See id.* at 495 n.7 and cases cited.

[4] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

## Review of Fees

14.    **Firm Staffing.** The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii).* The Fee Application provided the names, positions, and hourly rates of the 27 E&Y professionals and paraprofessionals who billed on an hourly basis to this matter, consisting of 3 partner/principals, 3 executive directors, 1 assistant director, 3 senior managers, 7 managers, 5 seniors, 3 staff/assistants, 1 intern, and 1 client servicing contractor.    There were 27 additional timekeepers who billed to fixed fee matters or findings based fee matters.    A summary of hours and fees billed by each timekeeper is displayed in **Exhibit B**.[5]

The firm billed a total of 3,020.10 hours with associated fees of $639,377.59.[6]    The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner/Principal | 28.80 | * | $ 14,572.50 | 2% |
| Executive Director | 88.70 | 3% | 43,029.20 | 7% |
| Assistant Director | 66.20 | 2% | 20,878.16 | 3% |
| Senior Manager | 234.20 | 8% | 111,245.00 | 17% |
| Manager | 240.90 | 8% | 83,457.35 | 13% |
| Senior | 311.40 | 10% | 84,603.21 | 13% |
| Staff/Assistant | 301.80 | 10% | 52,815.00 | 8% |

---

[5] This Final Report includes exhibits that detail and support the findings discussed herein.  Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit.  The tasks included in a specific category are underlined in the fee exhibits.  For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

[6] This amount reflects the Fees Computed.

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Intern | 0.90 | * | 157.50 | * |
| Client Servicing Contractor | 4.00 | * | 700.00 | * |
| **Subtotal – Hourly Services** | **1,276.90** | | **$411,457.92** | |
| Fixed Fee | 1,128.60 | 37% | 45,072.46 | 7% |
| Findings Based Fees | 614.60 | 20% | 182,847.21 | 29% |
| **TOTAL** | **3,020.10** | **100%** | **$639,377.59** | **100%** |

* Less than 1%

15.    **Hourly Rate Increases.**    E&Y increased the hourly rates of two timekeepers during this interim period, effective October 1, 2012.    Both of the increases related to promotions.

16.    **Timekeepers' Roles.**    A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*.  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.    On the whole, each E&Y timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.  However, the Fee Examiner noted one timekeeper who billed only one fee entry and questioned whether his activity could have been more appropriately and efficiently performed by a timekeeper who was more involved in the matter.  The questioned timekeeper invoiced 2.00 hours with $1,050.00 in associated fees. The questioned entries were displayed in **Exhibit C** to the Preliminary Report.  The firm responded by providing additional information regarding the timekeeper's role and the nature of services that were performed, which were directly related to the special expertise and experience the timekeeper possessed.  No fee reduction is warranted.  Exhibit C has been omitted from the final report.

17.    **Meetings, Conferences, Hearings, and Other Events.**  The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*.  While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more E&Y timekeepers attended the same meeting, conference, hearing, or other event.   Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the need for multiple attendees.  The entries, totaling 183.60 hours with $71,656.59 in associated fees, were displayed in **Exhibit D** to the Preliminary Report.  In each instance where multiple timekeepers attended a meeting, conference, hearing or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the professional leading rather than observing a conference).   The potentially duplicative and unnecessary timekeepers' entries totaled 123.90 hours with $42,410.60 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit.  The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response to the Preliminary Report, E&Y provided a detailed spreadsheet that addressed each of the questioned fee entries by providing additional information regarding the

subject matter of the events and the role of each attendee. After consideration of the additional information, the Fee Examiner makes no recommendation for a fee reduction. Exhibit D has been omitted from the Final Report.

18. **Intraoffice Conferences.** Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified billing activities by E&Y timekeepers describing intraoffice conferences totaling 60.30 hours with $21,785.55 in associated fees, approximately 5% of the hourly Fees Computed, as displayed in **Exhibit E** to the Preliminary Report. In certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference. The entries describing intraoffice conferences invoiced by two or more firm personnel totaled 56.50 hours with $20,265.89 in associated fees, which were highlighted in bold and marked with an ampersand [&] in the Exhibit. The Fee Examiner requested that E&Y provide an explanation of the timekeeper's roles, the necessity of the attendance of the timekeepers, and the necessity of the questioned intraoffice conferencing.

In response, E&Y provided a detailed spreadsheet with explanations, by date, timekeeper and matter, which described the necessity and appropriateness of each of the questioned intraoffice conferences. After analyzing the firm's informative response and relatively low percentage of intraoffice conferences, the Fee Examiner makes no recommendation for a fee reduction. Exhibit E is omitted from this report.

19. **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each

activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. Additionally, the UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*. On the whole, E&Y timekeepers sufficiently described the services performed and the Fee Examiner makes no recommendation for a fee reduction.

20.    **Administrative Activities.** Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the firm's hourly rates. The Fee Examiner did not identify any administrative activities.

21.    **Clerical Activities.** Clerical activities do not require legal acumen, and may be effectively performed by administrative assistants, secretaries, or support personnel. Similar to administrative activities, clerical activities are generally not billable and are considered to be part of the firm's overhead. In the 3rd Circuit, however, some clerical and non-clerical activities may be compensable at a rate commensurate with the level of expertise or knowledge typically found to be necessary to complete the task. The Fee Examiner raised concerns about entries that were displayed in **Exhibit F** to the Preliminary Report and totaled 3.90 hours with $1,182.50 in associated fees. In response, E&Y explained that while the terms used in the task descriptions may raise the inference that the work was clerical or non-professional in nature, in fact the work performed was substantive and required technical knowledge and the ability to confirm that the

proper methodology was applied.  The additional information provided by E&Y caused the Fee Examiner to remove the entries from the clerical category and the Fee Examiner makes no recommendation for a fee reduction.  Exhibit F is omitted from this Final Report.

22.    **Travel.**  The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*.  E&Y did not invoice hourly fees for non-working travel.

23.    **E&Y Retention/Compensation.**  E&Y billed 138.20 hours with associated fees of $24,185.00 to prepare the firm's applications for retention/compensation, approximately 6% of the hourly Fees Computed.   The fee entries describing E&Y's retention/compensation activities are displayed in **Exhibit G**, which is included in the Final Report for the Court's reference.

**Review of Expenses**

24.    **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*.   The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.   Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*.   E&Y provided an itemization for the firm

expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

25. **Overtime Expenses.** E&Y requested reimbursement of an overtime transportation charge in the amount of $15.65. Although a firm may have a policy that personnel may be reimbursed for travel home when working late such charges are considered part of the firm's overhead. The charge was displayed in **Exhibit H** to the Preliminary Report. The Fee Examiner requested additional information from the firm. In response, E&Y disagreed with the Fee Examiner's position but, nevertheless, agreed to a voluntary expense reduction in the amount of $15.65. Exhibit H has been omitted from the Final Report.

## CONCLUSION

The Fee Examiner submits this final report regarding Ernst & Young LLP's Fee Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $638,830.50 ($639,380.50 minus $550.00) and reimbursement of expenses that total $7,328.99 ($7,344.64 minus $15.65) for the period from September 1, 2012 through November 30, 2012. The findings are set forth in the summary on the following page.

## ERNST & YOUNG LLP

## SUMMARY OF FINDINGS

## Twelfth Quarterly Fee Application (September 1, 2012 through November 30, 2012)

### A.    Amounts Requested and Computed

| | | |
|---|---|---|
| Fees Requested | $639,380.50 | |
| Expenses Requested | 7,344.64 | |
| TOTAL FEES AND EXPENSES REQUESTED | | $646,725.14 |
| Fees Computed | $639,377.59 | |
| Expenses Computed | 7,344.64 | |
| TOTAL FEES AND EXPENSES COMPUTED | | $646,722.23 |
| Discrepancy in Fees (Rounding) | $      2.91 | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $      2.91 |

### B.    Recommended Fee Allowance and Expense Reimbursement

| | | | |
|---|---|---|---|
| Fees Requested | | $639,380.50 | |
| *Agreed Reduction for Time Increments* | | | *($550.00)* |
| | Subtotal | | *($550.00)* |
| RECOMMENDED FEE ALLOWANCE | | | $638,830.50 |
| Expenses Requested | | $7,344.64 | |
| *Agreed Reduction for Overtime Expenses* | | | *($15.65)* |
| | Subtotal | | *($15.65)* |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 7,328.99 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $646,159.49 |

Respectfully submitted,

**STUART MAUE**

By: _____

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri 63044
Telephone: (314) 291-3030
Facsimile: (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 3rd day of June, 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Matthew Howley, Esq.
Ernst & Young LLP
155 North Wacker Drive
Chicago, IL 60606

John Weiss, Esq.
Alston & Bird LLP
90 Park Avenue, Suite 1200
New York, NY 10016

_____
John F. Theil, Esq.

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

### Ernst & Young

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| MHOW | Howley, Matthew C. | PARTNER/PRINCIP | $525.00 | $525.00 | 20.80 | $10,920.00 |
| GLIC | Licastro, G. Michael | PARTNER/PRINCIP | $38.78 | $500.00 | 9.00 | $2,833.48 |
| BAND | Anderson, Brent R. | PARTNER/PRINCIP | $525.00 | $525.00 | 2.00 | $1,050.00 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $465.52 | | 31.80 | $14,803.48 |
| | | | | % of Total: | 1.05% | % of Total: 2.32% |
| RBOL | Bolt, Rick J. | EXEC DIRECTOR | $349.18 | $500.00 | 70.50 | $28,689.33 |
| PSMI | Smith, Peter | EXEC DIRECTOR | $38.78 | $420.50 | 82.90 | $20,858.70 |
| JMAS | Mason, Jon S. | EXEC DIRECTOR | $525.00 | $525.00 | 34.30 | $18,007.50 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $359.91 | | 187.70 | $67,555.53 |
| | | | | % of Total: | 6.22% | % of Total: 10.57% |
| KCON | Conrad, Kelly E. | ASST DIRECTOR | $38.78 | $315.38 | 161.40 | $24,570.01 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $152.23 | | 161.40 | $24,570.01 |
| | | | | % of Total: | 5.34% | % of Total: 3.84% |
| BVEN | Venisnik, Bradley J. | SENIOR MANAGER | $38.78 | $475.00 | 172.30 | $79,879.51 |
| MJON | Jones, Matthew C. | SENIOR MANAGER | $475.00 | $475.00 | 51.80 | $24,605.00 |
| DHUR | Hurrell, David George | SENIOR MANAGER | $38.78 | $153.42 | 49.90 | $7,380.52 |
| JPUT | Putnam, Joshua Eric | SENIOR MANAGER | $475.00 | $475.00 | 14.60 | $6,935.00 |
| LELD | Elder, Laura Anne | SENIOR MANAGER | $349.18 | $349.18 | 18.20 | $6,355.08 |
| JMOR | Morris, Jason | SENIOR MANAGER | $38.78 | $153.42 | 20.00 | $2,839.12 |
| JRAS | Rash, Jeffery B. | SENIOR MANAGER | $38.78 | $347.94 | 20.80 | $2,710.68 |
| CJAN | Janeway, Cynthia L. | SENIOR MANAGER | $38.78 | $38.78 | 9.10 | $352.90 |
| CFIL | Filippou, Cheryl Alison | SENIOR MANAGER | $38.78 | $38.78 | 5.50 | $213.29 |
| MCOD | Cody, Melissa Suzanne | SENIOR MANAGER | $38.78 | $38.78 | 3.40 | $131.85 |
| THEI | Heinrichs, Todd | SENIOR MANAGER | $38.78 | $38.78 | 1.20 | $46.54 |

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

**Ernst & Young**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| | No. of Billers for Position: 11 | Blended Rate for Position: | $358.37 | | 366.80 | $131,449.49 |
| | | | | | % of Total: 12.15% | % of Total: 20.56% |
| MORS | Orsburn, Mary Ella | MANAGER | $38.78 | $347.94 | 391.20 | $53,908.24 |
| JKNI | Knightly, James Charles | MANAGER | $375.00 | $375.00 | 75.20 | $28,200.00 |
| AGOL | Golden, Andrew J. | MANAGER | $315.38 | $347.94 | 55.80 | $19,389.00 |
| SJHO | Hotopp, Shiann Jean | MANAGER | $349.18 | $375.00 | 50.10 | $18,423.44 |
| KCAB | Cabanillas, Kathryn Lyn | MANAGER | $349.18 | $349.18 | 38.30 | $13,373.59 |
| MCRO | Crockett, Matthew E. | MANAGER | $349.18 | $349.18 | 27.30 | $9,532.61 |
| SBIN | Bing, Stephanie R. | MANAGER | $153.42 | $153.42 | 35.50 | $5,446.41 |
| MHOR | Horvath, Matthew R. | MANAGER | $375.00 | $375.00 | 11.80 | $4,425.00 |
| RCEC | Cech, Russell | MANAGER | $315.38 | $315.38 | 3.50 | $1,103.83 |
| BORR | Orr, Brian R. | MANAGER | $375.00 | $375.00 | 2.50 | $937.50 |
| SMOR | Moreland, Susan M. | MANAGER | $38.78 | $38.78 | 1.20 | $46.54 |
| JGAN | Gann, Joy D. | MANAGER | $38.78 | $38.78 | 0.70 | $27.15 |
| | No. of Billers for Position: 12 | Blended Rate for Position: | $223.36 | | 693.10 | $154,813.31 |
| | | | | | % of Total: 22.95% | % of Total: 24.21% |
| JARV | Arvin, James F. | SENIOR | $275.00 | $275.00 | 251.10 | $69,052.50 |
| AJAS | Assenza, Adam J. | SENIOR | $38.78 | $347.94 | 455.90 | $31,801.21 |
| MLAR | Larson, Mitchell T. | SENIOR | $153.42 | $153.42 | 36.20 | $5,553.80 |
| SRIZ | Rizzieri, Sean Taylor | SENIOR | $275.00 | $275.00 | 14.30 | $3,932.50 |
| JMEI | Meindi, John C. | SENIOR | $275.00 | $275.00 | 14.00 | $3,850.00 |
| KWIL | Wilusz, Kaitlin M. | SENIOR | $275.00 | $275.00 | 6.50 | $1,787.50 |
| MHOR | Horvath, Matthew R. | SENIOR | $275.00 | $275.00 | 1.90 | $522.50 |
| KYOT | Yott, Karen Pomroy | SENIOR | $38.78 | $38.78 | 6.60 | $255.95 |
| | No. of Billers for Position: 8 | Blended Rate for Position: | $148.45 | | 786.50 | $116,755.97 |
| | | | | | % of Total: 26.04% | % of Total: 18.26% |
| LGIV | Givler, Laura | STAFF/ASSISTANT | $175.00 | $349.18 | 122.70 | $34,884.36 |
| SWHI | White, Shenae Michelle | STAFF/ASSISTANT | $38.78 | $347.94 | 246.00 | $28,893.30 |

### SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL
### COMPUTED AT STANDARD RATES
**Ernst & Young**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| NROD | Rodriguez, Nancy Walton | STAFF/ASSISTANT | $175.00 | $175.00 | 138.20 | $24,185.00 |
| JARV | Arvin, James F. | STAFF/ASSISTANT | $175.00 | $175.00 | 116.50 | $20,387.50 |
| MHAM | Hamilton, Mary Catherine | STAFF/ASSISTANT | $347.94 | $347.94 | 26.50 | $9,220.41 |
| JKIM | Kim, Jessica | STAFF/ASSISTANT | $349.18 | $349.18 | 6.00 | $2,095.08 |
| BGOO | Gooden, Brian Terrell | STAFF/ASSISTANT | $38.78 | $347.94 | 33.60 | $1,457.59 |
| KKAP | Kapadia, Kaushal D. | STAFF/ASSISTANT | $347.94 | $347.94 | 3.00 | $1,043.82 |
| WZHU | Zhu, Wenye | STAFF/ASSISTANT | $349.18 | $349.18 | 2.00 | $698.36 |
| JMAR | Martin, Janet Lynn | STAFF/ASSISTANT | $38.78 | $38.78 | 12.10 | $469.24 |
| ASAY | Sayavedra, Alejandra | STAFF/ASSISTANT | $349.18 | $349.18 | 1.00 | $349.18 |
| KMOR | Morris, Kelly A. | STAFF/ASSISTANT | $347.94 | $347.94 | 0.80 | $278.35 |
| MRAM | Ramos, Marina Ellen | STAFF/ASSISTANT | $175.00 | $175.00 | 1.40 | $245.00 |
| ACUR | Curd, Amy Jo | STAFF/ASSISTANT | $38.78 | $38.78 | 4.00 | $155.12 |
| JGUN | Gunther, John C. | STAFF/ASSISTANT | $349.18 | $349.18 | 0.10 | $34.92 |
| | No. of Billers for Position: 15 | Blended Rate for Position: | $174.25 | | 713.90 | $124,397.22 |
| | | | | % of Total: | 23.64% | % of Total: 19.46% |
| TNGU | Nguyen, Trang | INTERN | $175.00 | $175.00 | 0.90 | $157.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $175.00 | | 0.90 | $157.50 |
| | | | | % of Total: | 0.03% | % of Total: 0.02% |
| JREI | Reichel, Jacqueline B. | CLIENT SERV CON | $175.00 | $175.00 | 4.00 | $700.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $175.00 | | 4.00 | $700.00 |
| | | | | % of Total: | 0.13% | % of Total: 0.11% |
| GMCG | McGee (Ext Contractor), Ginny | NON-HOURLY FEE | $56.42 | $56.42 | 74.00 | $4,175.08 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $56.42 | | 74.00 | $4,175.08 |
| | | | | % of Total: | 2.45% | % of Total: 0.65% |

**EXHIBIT F**

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Ernst & Young**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|----------|------|----------|--------------|--------------|----------------|---------------|
| | Total No. of Billers: 54 | Blended Rate for Report: | $211.71 | | 3,020.10 | $639,377.59 |

EXHIBIT G

E&Y RETENTION/COMPENSATION

Ernst & Young

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Rodriguez, N | 138.20 | 24,185.00 |
| | 138.20 | $24,185.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee/Employment Applications | 138.20 | 24,185.00 |
| | 138.20 | $24,185.00 |

EXHIBIT G
E&Y RETENTION/COMPENSATION
Ernst & Young

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | DESCRIPTION |
|---|---|---|---|---|---|
| 09/14/12 Fri | Rodriguez, N 201211-160/1853 | 5.60 | 5.60 | 980.00 | MATTER NAME: Fee/Employment Applications<br>1 CONTINUED PREPARATION OF THE MARCH - MAY FEE APPLICATION |
| 09/17/12 Mon | Rodriguez, N 201211-160/1854 | 2.90 | 2.90 | 507.50 | MATTER NAME: Fee/Employment Applications<br>1 FINAL PREPARATION OF THE MARCH - MAY FEE APPLICATION |
| 09/18/12 Tue | Rodriguez, N 201211-160/1855 | 2.90 | 2.90 | 507.50 | MATTER NAME: Fee/Employment Applications<br>1 CONTINUED PREPARATION OF THE MARCH - MAY FEE APPLICATION |
| 09/19/12 Wed | Rodriguez, N 201211-160/1856 | 4.10 | 4.10 | 717.50 | MATTER NAME: Fee/Employment Applications<br>1 INITIAL COMPILATION OF THE JUNE - AUGUST FEE APPLICATION |
| 09/20/12 Thu | Rodriguez, N 201211-160/1857 | 6.90 | 6.90 | 1,207.50 | MATTER NAME: Fee/Employment Applications<br>1 CONTINUED COMPILATION OF THE JUNE - AUGUST FEE APPLICATION |
| 09/24/12 Mon | Rodriguez, N 201211-160/1858 | 6.30 | 6.30 | 1,102.50 | MATTER NAME: Fee/Employment Applications<br>1 CONTINUED COMPILATION OF THE JUNE - AUGUST FEE APPLICATION |
| 09/25/12 Tue | Rodriguez, N 201211-160/1859 | 5.60 | 5.60 | 980.00 | MATTER NAME: Fee/Employment Applications<br>1 CONTINUED COMPILATION OF THE JUNE - AUGUST FEE APPLICATION |
| 09/26/12 Wed | Rodriguez, N 201211-160/1860 | 4.40 | 4.40 | 770.00 | MATTER NAME: Fee/Employment Applications<br>1 CONTINUED COMPILATION OF THE JUNE - AUGUST FEE APPLICATION |
| 09/27/12 Thu | Rodriguez, N 201211-160/1861 | 3.60 | 3.60 | 630.00 | MATTER NAME: Fee/Employment Applications<br>1 CONTINUED COMPILATION OF THE JUNE - AUGUST FEE APPLICATION |
| 10/08/12 Mon | Rodriguez, N 201211-160/1862 | 6.10 | 6.10 | 1,067.50 | MATTER NAME: Fee/Employment Applications<br>1 CONTINUED COMPILATION OF THE JUNE - AUGUST FEE APPLICATION |
| 10/08/12 Mon | Rodriguez, N 201211-160/1863 | 1.90 | 1.90 | 332.50 | MATTER NAME: Fee/Employment Applications<br>1 INITIAL UPDATES OF THE MARCH - MAY FEE APPLICATION |
| 10/09/12 Tue | Rodriguez, N 201211-160/1864 | 2.80 | 2.80 | 490.00 | MATTER NAME: Fee/Employment Applications<br>1 INITIAL PREPARATION OF MONTHLY FEES INCURRED FOR AUGUST - DECEMBER PER DEBTOR'S REQUEST (N. CHAKIRIS, TRIBUNE ASST. CONTROLLER) |
| 10/10/12 Wed | Rodriguez, N 201211-160/1865 | 0.40 | 0.40 | 70.00 | MATTER NAME: Fee/Employment Applications<br>1 CONTINUED PREPARATION OF MONTHLY FEES INCURRED FOR AUGUST - DECEMBER PER DEBTOR'S REQUEST (N. CHAKIRIS, TRIBUNE ASST. CONTROLLER) |

EXHIBIT G
E&Y RETENTION/COMPENSATION
Ernst & Young

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|-------------|
| 10/15/12 Mon | Rodriguez, N 201211-160/1866 | 0.30 | 0.30 | 52.50 | 1 | MATTER NAME: Fee/Employment Applications CONTINUED UPDATES OF THE MARCH - MAY FEE APPLICATION |
| 10/16/12 Tue | Rodriguez, N 201211-160/1867 | 1.10 | 1.10 | 192.50 | 1 | MATTER NAME: Fee/Employment Applications CONTINUED COMPILATION OF THE JUNE - AUGUST FEE APPLICATION |
| 10/17/12 Wed | Rodriguez, N 201211-160/1868 | 8.40 | 8.40 | 1,470.00 | 1 | MATTER NAME: Fee/Employment Applications CONTINUED COMPILATION OF THE JUNE - AUGUST FEE APPLICATION |
| 10/18/12 Thu | Rodriguez, N 201211-160/1869 | 11.10 | 11.10 | 1,942.50 | 1 | MATTER NAME: Fee/Employment Applications CONTINUED COMPILATION OF THE JUNE - AUGUST FEE APPLICATION |
| 10/19/12 Fri | Rodriguez, N 201211-160/1870 | 11.50 | 11.50 | 2,012.50 | 1 | MATTER NAME: Fee/Employment Applications CONTINUED COMPILATION OF THE JUNE - AUGUST FEE APPLICATION |
| 10/21/12 Sun | Rodriguez, N 201211-160/1871 | 1.60 | 1.60 | 280.00 | 1 | MATTER NAME: Fee/Employment Applications CONTINUED COMPILATION OF THE JUNE - AUGUST FEE APPLICATION |
| 10/22/12 Mon | Rodriguez, N 201211-160/1872 | 1.10 | 1.10 | 192.50 | 1 | MATTER NAME: Fee/Employment Applications CONTINUED COMPILATION OF THE JUNE - AUGUST FEE APPLICATION |
| 10/23/12 Tue | Rodriguez, N 201211-160/1873 | 5.40 | 5.40 | 945.00 | 1 | MATTER NAME: Fee/Employment Applications CONTINUED COMPILATION OF THE JUNE - AUGUST FEE APPLICATION |
| 10/24/12 Wed | Rodriguez, N 201211-160/1874 | 5.00 | 5.00 | 875.00 | 1 | MATTER NAME: Fee/Employment Applications CONTINUED COMPILATION OF THE JUNE - AUGUST FEE APPLICATION |
| 10/26/12 Fri | Rodriguez, N 201211-160/1875 | 2.40 | 2.40 | 420.00 | 1 | MATTER NAME: Fee/Employment Applications INITIAL COMPILATION OF THE SEPTEMBER FEE APPLICATION |
| 11/01/12 Thu | Rodriguez, N 201211-160/1876 | 8.20 | 8.20 | 1,435.00 | 1 | MATTER NAME: Fee/Employment Applications CONTINUED COMPILATION OF THE SEPTEMBER FEE APPLICATION |
| 11/02/12 Fri | Rodriguez, N 201211-160/1877 | 6.90 | 6.90 | 1,207.50 | 1 | MATTER NAME: Fee/Employment Applications CONTINUED COMPILATION OF THE SEPTEMBER FEE APPLICATION |
| 11/05/12 Mon | Rodriguez, N 201211-160/1878 | 0.90 | 0.90 | 157.50 | 1 | MATTER NAME: Fee/Employment Applications CALCULATION OF FEE ESTIMATE THROUGH DECEMBER AS REQUESTED BY DEBTOR'S COUNSEL |

EXHIBIT G
E&Y RETENTION/COMPENSATION
Ernst & Young

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|-------------|
| 11/06/12 Tue | Rodriguez, N 201211-160/1879 | 1.40 | 1.40 | 245.00 | 1 | MATTER NAME: Fee/Employment Applications CONTINUED COMPILATION OF THE SEPTEMBER FEE APPLICATION |
| 11/13/12 Tue | Rodriguez, N 201211-160/1880 | 1.80 | 1.80 | 315.00 | 1 | MATTER NAME: Fee/Employment Applications CONTINUED COMPILATION OF THE SEPTEMBER FEE APPLICATION |
| 11/14/12 Wed | Rodriguez, N 201211-160/1881 | 2.10 | 2.10 | 367.50 | 1 | MATTER NAME: Fee/Employment Applications CONTINUED COMPILATION OF THE SEPTEMBER FEE APPLICATION |
| 11/15/12 Thu | Rodriguez, N 201211-160/1882 | 5.10 | 5.10 | 892.50 | 1 | MATTER NAME: Fee/Employment Applications CONTINUED COMPILATION OF THE SEPTEMBER FEE APPLICATION |
| 11/16/12 Fri | Rodriguez, N 201211-160/1883 | 2.10 | 2.10 | 367.50 | 1 | MATTER NAME: Fee/Employment Applications CONTINUED COMPILATION OF THE SEPTEMBER FEE APPLICATION |
| 11/26/12 Mon | Rodriguez, N 201211-160/1884 | 1.00 | 1.00 | 175.00 | 1 | MATTER NAME: Fee/Employment Applications CONTINUED COMPILATION OF THE JULY - AUGUST FEE APPLICATION |
| 11/28/12 Wed | Rodriguez, N 201211-160/1885 | 2.80 | 2.80 | 490.00 | 1 | MATTER NAME: Fee/Employment Applications CONTINUED COMPILATION OF THE JULY - AUGUST FEE APPLICATION |
| 11/29/12 Thu | Rodriguez, N 201211-160/1886 | 3.50 | 3.50 | 612.50 | 1 | MATTER NAME: Fee/Employment Applications CONTINUED COMPILATION OF THE JULY - AUGUST FEE APPLICATION |
| 11/30/12 Fri | Rodriguez, N 201211-160/1887 | 1.00 | 1.00 | 175.00 | 1 | MATTER NAME: Fee/Employment Applications CONTINUED COMPILATION OF THE JULY - AUGUST FEE APPLICATION |
| Total | | | 138.20 | $24,185.00 | | |
| Number of Entries: | 35 | | | | | |

EXHIBIT G

E&Y RETENTION/COMPENSATION

Ernst & Young

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Rodriguez, N | 138.20 | 24,185.00 |
| | 138.20 | $24,185.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee/Employment Applications | 138.20 | 24,185.00 |
| | 138.20 | $24,185.00 |