# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE SECOND INTERIM FEE APPLICATION OF PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Second Interim Fee Application of Paul, Weiss, Rifkind, Wharton & Garrison LLP, Special Counsel to Debtors for Certain Financing Matters for Compensation and for Reimbursement of Expenses for the Period from September 1, 2012 through November 30, 2012* [Docket No. 13043] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $583,470.00 and reimbursement of

---

[1] The Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

expenses that total $8,782.75.  Paul, Weiss, Rifkind, Wharton & Garrison LLP ("**Paul Weiss**") serves as special counsel to the Debtors.

### Background

1.      On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  Under this Court's *Order Directing Joint Administration Chapter 11 Cases* dated December 10, 2009 [Docket No. 43], these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

2.      On August 10, 2012, the Debtors filed the *Application of Debtors for an Order Authorizing the Debtors to Retain and Employ Paul, Weiss, Rifkind, Wharton & Garrison LLP as Special Counsel for Certain Financing Matters Pursuant to 11 U.S.C. Sections 327(e) and 1107, Nunc Pro Tunc to July 11, 2012* [Docket No. 12244] (the "**Retention Application**").  By order dated August 31, 2012, this Court approved the Retention Application (See *Order Authorizing the Debtors to Retain and Employ Paul, Weiss, Rifkind, Wharton & Garrison LLP as Special Counsel for Certain Financing Matters pursuant to 11 U.S.C. Sections 327(e) and 1107, Nunc Pro Tunc to July 11, 2012).* [Docket No. 12370] (the "**Retention Order**").

On December 28, 2012, the Debtors filed the *Supplemental Application for an Order Modifying the Scope of the Debtors' Retention of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Special Counsel to Include Certain Real Estate Emergence Matters Pursuant to 11 U.S.C. Section 327(e) and 1107, Nunc Pro Tunc to November 19, 2012.*  [Docket No. 12935] (the "**Supplemental Retention Application**").   By order dated January 14, 2013, this Court approved the Supplemental Retention Application (See *Order Modifying the Scope of the Debtors' Retention of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Special Counsel to*

*Include Certain Real Estate Emergence Matters Pursuant to 11 U.S.C. Section 327(e) and 1107, Nunc Pro Tunc to November 19, 2012* [Docket No. 13052] (the "**Supplemental Retention Order**").

3.    Paul Weiss submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

<u>**Applicable Standards**</u>

4.    In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.    The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**").  In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.    Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

7.    A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.    The Fee Examiner completed the evaluation of Paul Weiss' Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related

filings. The Fee Examiner submits this Final Report for the Court's consideration. This Final Report is in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of the applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and will also inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

## DISCUSSION OF FINDINGS

### Technical Requirements

9.      **Reconciliation of Fees and Expenses.** The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**"). The Fee Examiner determined that the Fees Computed exceeded the Fees Requested by $200.00, resulting in an apparent undercharge. The discrepancy was the result of task hours within two entries that did not equal the time billed for the entry as a whole, as displayed in **Exhibit A**. Paul Weiss agreed with the Fee Examiner's calculation, which resulted in a fee increase of $200.00. Exhibit A has been omitted from the Report.

The Fee Examiner further determined there was no discrepancy between the Expenses Requested and the Expenses Computed. The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

10.      **Block Billing.** [2] The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local*

---

[2] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single

*Rule 2016-2(d)(vii)*. The UST Guidelines further provide that where a timekeeper's time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[3] The Delaware Bankruptcy Court has found that time entries that generally only combine work on one issue, and a conference/communication with the client or opposing counsel on the same issue, while technically blocked billing, will not be objectionable.[4] Paul Weiss block billed entries totaling 22.70 hours and $17,568.50 in associated fees, which were displayed in **Exhibit B**[5] to the Preliminary Report. However, none of the block billed entries were objectionable under the precedent established by this Court. Exhibit B has been omitted from this Final Report.

11. **Time Increments.** The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*. The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines* ¶(b)(4)(v). Paul Weiss complied with the Local Rules and UST Guidelines regarding time increments.

---

time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

[3] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

[4] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

[5] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

### Review of Fees

12.     **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii).*  The Fee Application provided the names, positions, and hourly rates of the 32 Paul Weiss professionals and paraprofessionals who billed to this matter, consisting of 10 partners, 6 counsel, 10 associates, and 6 paralegals.  A summary of hours and fees billed by each timekeeper is displayed in **Exhibit C.**

The firm billed a total of 880.20 hours with associated fees of $583,670.00.[6]  The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 106.50 | 12% | $106,500.00 | 18% |
| Counsel | 179.50 | 21% | 143,175.00 | 25% |
| Associate | 583.00 | 66% | 331,598.00 | 57% |
| Paralegal | 11.20 | 1% | 2,397.00 | * |
| TOTAL | 880.20 | 100% | $583,670.00 | 100% |

* Less than 1%

The blended hourly rate for the Paul Weiss professionals is $668.90 and the blended hourly rate for professionals and paraprofessionals is $663.11.

13.     **Hourly Rate Increases.**  Paul Weiss increased the hourly rates of some timekeepers during this interim period, effective October 1, 2012.

---

[6] This amount reflects the Fees Computed.

14.    **Timekeepers' Roles.**    A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4).*  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.  Of the 32 Paul Weiss timekeepers that billed during this fee period, 17 professionals billed less than 10.00 hours.  A large number of timekeepers with limited roles raise concern as to whether the matter is staffed efficiently. The Fee Examiner reviewed the fee entries billed by these professional timekeepers and most appeared to perform core team responsibilities necessary to the engagement or discrete activities that did not appear to be duplicative of the activities of other timekeepers.  However, the Fee Examiner requested additional information regarding the necessity and scope of the roles performed by the Paul Weiss timekeepers.  The questioned entries, which were set forth in **Exhibit D** to the Preliminary Report, totaled 6.80 hours with associated fees of $6,107.00.

In response, Paul Weiss provided a detailed explanation as to the necessity and appropriateness of the majority of the questioned billing entries.  The firm also agreed to a voluntary fee reduction of $1,360.00.  The Fee Examiner makes no further recommendation for a fee reduction.  Exhibit D is omitted from this Report.

15.    **Meetings, Conferences, Hearings, and Other Events.**  The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" *Local Rule 2016-2(d)(ix).* The UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v).*  While it may be appropriate to have multiple attendees at some

meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more Paul Weiss timekeepers attended the same meeting, conference, hearing, or other event. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 72.70 hours with $53,798.00 in associated fees, were displayed in **Exhibit E** to the Preliminary Report. In each instance where multiple timekeepers attended a meeting, conference, hearing or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference). The potentially duplicative and unnecessary timekeepers' entries, totaling 41.90 hours with $27,163.50 in associated fees, were highlighted in bold and marked with an ampersand [&] in the exhibit.

The Fee Examiner invited comment from the firm, including what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and an explanation of the necessity of the multiple attendees for the events set forth in the exhibit. In response, Paul Weiss stated certain meetings and calls required the participation of more than one member of the Paul Weiss team. Paul Weiss went on to add that attendance in question ultimately allowed for greater efficiency and cost savings. The firm also provided insight into the unique areas of their engagement during this fee period and the necessity and appropriateness of the questioned billing entries. Based on Paul Weiss' response, the Fee Examiner makes no recommendation for a fee reduction. Exhibit E has been omitted from the Final Report.

16.    **Intraoffice Conferences.**    Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel.

The Fee Examiner identified intraoffice conferences totaling 66.30 hours with $50,005.50 in associated fees, approximately 9% of the Fees Computed, which were displayed in **Exhibit F** to the Preliminary Report.  The Fee Examiner observed that in certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference.   The entries describing intraoffice conferences invoiced by two or more firm personnel total 62.10 hours with $46,800.50 in associated fees and were highlighted in bold and marked with an ampersand [&] in the Exhibit.   The Fee Examiner requested that Paul Weiss provide an explanation for the necessity of more than one participant billing for the same intraoffice conference as identified in the exhibit.

In response, Paul Weiss provided a detailed explanation as to the necessity and appropriateness of the questioned billing entries.   After due consideration of Paul Weiss' informative response, the Fee Examiner makes no recommendation for a fee reduction. Exhibit F is omitted from this report.

17.     **Complete and Detailed Task Descriptions.**  Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary."  The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*.  Additionally, the UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of

the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*. Except for a few inconsequential entries, the Fee Examiner did not identify any vague task descriptions.

18. **Administrative Activities.** Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The Fee Examiner identified certain tasks that appeared to be administrative in nature. The entries were displayed in **Exhibit G** to the Preliminary Report and totaled 0.30 hour and $264.50 in associated fees. The Fee Examiner requested comment from the firm.

Taking into consideration overlap in another category, the firm agreed to a voluntary fee reduction of $104.50. No further fee reduction is warranted. Exhibit G has been omitted from this Report.

19. **Clerical Activities.** Clerical activities are those tasks that do not require legal acumen and may effectively be performed by administrative assistants, secretaries, or support personnel, and like administrative activities are generally reflected in the hourly rates charged by a firm. In the 3rd Circuit, however, some clerical and non-clerical activities may be compensable at a rate commensurate with the level of expertise or knowledge typically found to be necessary to complete the task. The Fee Examiner did not identify any clerical-type activities.

20. **Travel.** The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. Paul Weiss did not have any travel entries during the period covered by this interim fee application.

21.    **Paul Weiss Retention/Compensation.**    Paul Weiss billed 47.10 hours with associated fees of $28,215.00 to prepare the firm's retention documents and applications for compensation, approximately 5% of the Fees Computed.    The fee entries describing retention/compensation activities are displayed in **Exhibit H**, which is included in the Final Report for the Court's reference.

**Review of Expenses**

22.    **Itemization of Expenses.**    The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the charge, if available." *Local Rule 2016-2(e)(i-ii)*.    The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.    Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*.    Paul Weiss provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

23.    **Photocopies.**    The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii)*.    Paul Weiss stated in the Application that it "charges 10 cents per page for photocopying."

24.    **Computer-Assisted Legal Research.**    The Local Rules provide that computer-assisted legal research charges "shall not be more than the actual cost." *Local Rule 2016-2 (e)(iii)*.  The firm billed for computer-assisted legal research and the Application failed to indicate how the firm calculated this cost.  The Fee Examiner requested that Paul Weiss provide additional information regarding the costs associated with the firm's computer-assisted research and how the costs were determined.  In response, the firm verified the costs it invoiced for computer-assisted legal research were based on the actual cost to Paul Weiss and any savings were passed along to the client.

25.    **Overtime Expenses.**    Paul Weiss requested reimbursement of overtime meals totaling $462.78 and overtime transportation in the amount of $24.89.  Although a firm may have a policy that personnel may be reimbursed for travel home when working late and meals for employees while working late, such charges are generally considered part of the firm's overhead.  These charges, totaling $487.67, were displayed in **Exhibit I** to the Preliminary Report.  The Fee Examiner requested comment from the firm.  Paul Weiss agreed to reduce its expenses by an amount of $487.67 for the overtime expenses.  Exhibit I has been omitted from this Report.

26.    **Transportation Expenses.**    Paul Weiss requested reimbursement for additional transportation charges totaling $2,198.79.  The Fee Examiner requested Paul Weiss provide information with regard to these charges, including an explanation for the necessity and purpose of each charge.  The questioned charges were displayed in **Exhibit J** to the Preliminary Report.

In response, Paul Weiss provided the requested information, which removed two of the expenses from the questioned category.  The firm also agreed to a voluntary expense reduction in the amount of $1,800.00.  No additional reduction is warranted.  Exhibit J is omitted from this Final Report.

27.   **Conference Room Catering.**  Paul Weiss requested reimbursement of $520.43 for conference room catering charges.  Based on the information provided, the Fee Examiner was unable to determine if the meal, snack, and beverage charges related to meetings with people outside the firm, or solely involved employees of Paul Weiss.  The Fee Examiner requested Paul Weiss provide supplemental information explaining the purpose of the charges displayed in **Exhibit K** to the Preliminary Report.  In response, Paul Weiss confirmed that all the charges related to a series of client meetings that were attended by senior members of Tribune's management.  No expense reduction is appropriate.  Exhibit K is omitted from the Final Report

## CONCLUSION

The Fee Examiner submits this final report regarding Paul Weiss' Application and the fees discussed above.  The Fee Examiner recommends the approval of fees in the amount of $582,205.50 ($583,470.00 plus $200.00 minus $1,464.50) and reimbursement of expenses that totaled $6,495.08 ($8,782.75 minus $2,287.67) for the period September 1, 2012 through November 30, 2012.  The findings are set forth in the summary on the following page.

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

**SUMMARY OF FINDINGS**

**Second Interim Fee Application (September 1, 2012 through November 30, 2012)**

A.   **Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $583,470.00 | |
| Expenses Requested | 8,782.75 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $592,252.75 |
| | | |
| Fees Computed | $583,670.00 | |
| Expenses Computed | 8,782.75 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $592,452.75 |
| | | |
| Discrepancy in Fees | ($    200.00) | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | ($    200.00) |

B.   **Recommended Fee Allowance and Expense Reimbursement**

| | | |
|---|---|---|
| Fees Requested | $583,470.00 | |
| *Discrepancy in Fees* | | *$    200.00* |
| *Agreed Reduction for Timekeepers' Roles* | | *(1,360.00)* |
| *Agreed Reduction for Administrative Activities* | | *(104.50)* |
| Subtotal | | *($1,264.50)* |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $582,205.50 |
| | | |
| Expenses Requested | $8,782.75 | |
| *Agreed Reduction for Overtime Expenses* | | *($  487.67)* |
| *Agreed Reduction for Transportation Expenses* | | *(1,800.00)* |
| Subtotal | | *($2,287.67)* |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 6,495.08 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $588,700.58 |

Respectfully submitted,

**STUART MAUE**

By: _____

    John F. Theil, Esq.
    3840 McKelvey Road
    St. Louis, Missouri  63044
    Telephone:  (314) 291-3030
    Facsimile:  (314) 291-6546
    tribunebkr@smmj.com

    *Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 4th day of June, 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

Andrew Rosenberg, Esq.
Partner
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064

_____
John F. Theil, Esq.

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Paul, Weiss, Rifkind, Wharton & Garrison**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 4094 | Goodison, Eric | PARTNER | $1,000.00 | $1,000.00 | 74.50 | $74,500.00 |
| 0636 | Berg, Mitchell L. | PARTNER | $1,000.00 | $1,000.00 | 9.70 | $9,700.00 |
| 0286 | Radwaner, Valerie E. | PARTNER | $1,000.00 | $1,000.00 | 8.00 | $8,000.00 |
| 0357 | Campbell, Patrick S. | PARTNER | $1,000.00 | $1,000.00 | 7.40 | $7,400.00 |
| 0329 | Googe, Charles H. | PARTNER | $1,000.00 | $1,000.00 | 2.40 | $2,400.00 |
| 0353 | Fisch, Peter E. | PARTNER | $1,000.00 | $1,000.00 | 1.90 | $1,900.00 |
| 0021 | Schneider, Kenneth M. | PARTNER | $1,000.00 | $1,000.00 | 1.00 | $1,000.00 |
| 0341 | Bronstein, Richard J. | PARTNER | $1,000.00 | $1,000.00 | 0.80 | $800.00 |
| 0054 | Davis, Douglas R. | PARTNER | $1,000.00 | $1,000.00 | 0.60 | $600.00 |
| 0035 | Fleder, Robert C. | PARTNER | $1,000.00 | $1,000.00 | 0.20 | $200.00 |

No. of Billers for Position: 10     Blended Rate for Position: $1,000.00     106.50     $106,500.00

% of Total: 12.10%   % of Total: 18.25%

| 6178 | Poggi, Christopher T. | COUNSEL | $760.00 | $800.00 | 152.90 | $120,964.00 |
| 0289 | Gruder, Bruce | COUNSEL | $835.00 | $835.00 | 16.80 | $14,028.00 |
| 0522 | Langman, Barry | COUNSEL | $835.00 | $835.00 | 5.60 | $4,676.00 |
| 0320 | O'Brien, William J. | COUNSEL | $835.00 | $835.00 | 2.00 | $1,670.00 |
| 0386 | Meredith-Goujon, Claudine | COUNSEL | $835.00 | $835.00 | 1.30 | $1,085.50 |
| 0197 | Elliott, Richard S. | COUNSEL | $835.00 | $835.00 | 0.90 | $751.50 |

No. of Billers for Position: 6     Blended Rate for Position: $797.63     179.50     $143,175.00

% of Total: 20.39%   % of Total: 24.53%

| 6197 | Shmueli, Amir | ASSOCIATE | $425.00 | $525.00 | 318.00 | $162,640.00 |
| 6540 | Gyasi, Eric B. | ASSOCIATE | $575.00 | $645.00 | 167.20 | $106,479.00 |
| 0594 | Denhoff, Adam M. | ASSOCIATE | $505.00 | $595.00 | 37.80 | $21,771.00 |
| 0556 | Carbullido, Mitchel R. | ASSOCIATE | $675.00 | $675.00 | 14.60 | $9,855.00 |
| 0580 | Grieve, Brian S. | ASSOCIATE | $645.00 | $645.00 | 15.10 | $9,739.50 |
| 0579 | Fanelly, James J. | ASSOCIATE | $645.00 | $645.00 | 14.00 | $9,030.00 |
| 0459 | Weinberger, Erica G. | ASSOCIATE | $720.00 | $765.00 | 5.20 | $3,906.00 |
| 6545 | Ertel, Jason | ASSOCIATE | $735.00 | $735.00 | 4.80 | $3,528.00 |
| 0545 | Karsnitz, Patrick | ASSOCIATE | $765.00 | $765.00 | 4.60 | $3,519.00 |

### SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

### COMPUTED AT STANDARD RATES

**Paul, Weiss, Rifkind, Wharton & Garrison**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 0605 | Shumejda, Lauren | ASSOCIATE | $665.00 | $665.00 | 1.70 | $1,130.50 |
| | No. of Billers for Position: 10 | Blended Rate for Position: | $568.78 | | 583.00 | $331,598.00 |
| | | | | % of Total: | 66.23% | % of Total: 56.81% |
| 0541 | Mendes, Emily Joy | PARALEGAL | $205.00 | $205.00 | 5.10 | $1,045.50 |
| 0230 | McCartin, Kathleen | PARALEGAL | $220.00 | $220.00 | 2.40 | $528.00 |
| 0528 | Leung, Siu | PARALEGAL | $220.00 | $220.00 | 1.80 | $396.00 |
| 5417 | Karimi-Pashaki, Brian | PARALEGAL | $205.00 | $205.00 | 1.00 | $205.00 |
| 0536 | Carney, Timothy | PARALEGAL | $255.00 | $255.00 | 0.70 | $178.50 |
| 0521 | Mitchum, David | PARALEGAL | $220.00 | $220.00 | 0.20 | $44.00 |
| | No. of Billers for Position: 6 | Blended Rate for Position: | $214.02 | | 11.20 | $2,397.00 |
| | | | | % of Total: | 1.27% | % of Total: 0.41% |
| | Total No. of Billers: 32 | Blended Rate for Report: | $663.11 | | 880.20 | $583,670.00 |

EXHIBIT H

PAUL WEISS RETENTION/COMPENSATION

Paul, Weiss, Rifkind, Wharton & Garrison

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Denhoff, A | 37.80 | 21,771.00 |
| Poggi, C | 0.90 | 720.00 |
| Shmueli, A | 1.50 | 687.50 |
| Shumejda, L | 1.70 | 1,130.50 |
| Weinberger, E | 5.20 | 3,906.00 |
| | 47.10 | $28,215.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Applicant's Retention & Fee Applications | 47.10 | 28,215.00 |
| | 47.10 | $28,215.00 |

EXHIBIT H
PAUL WEISS RETENTION/COMPENSATION
Paul, Weiss, Rifkind, Wharton & Garrison

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|------------------|-------------|-------|------|------------|---|---|-------------|
| 09/02/12 Sun | Shumejda, L 201209-01/1 | 0.50 | 0.50 | 332.50 | | | 1 | *MATTER NAME: Applicant's Retention & Fee Applications*<br>REVIEW TRIBUNE DOCKET IN CONNECTION WITH PAUL WEISS RETENTION APPLICATION. |
| 09/07/12 Fri | Weinberger, E 201209-01/2 | 0.10 | 0.10 | 72.00 | | | 1 | *MATTER NAME: Applicant's Retention & Fee Applications*<br>CALL WITH L. SHUMEJDA RE SUPPLEMENTAL DECLARATION IN SUPPORT OF RETENTION APPLICATION AND ATTEND TO EMAILS FROM PAUL WEISS ATTORNEYS RE SAME. |
| 09/10/12 Mon | Shumejda, L 201209-01/4 | 0.70 | 0.70 | 465.50 | 0.10 F<br>0.50 F<br>0.10 F | | 1<br>2<br>3 | *MATTER NAME: Applicant's Retention & Fee Applications*<br>CONFER WITH E. WEINBERGER RE SUPPLEMENTAL DISCLOSURE IN SUPPORT OF RETENTION APPLICATION (.1);<br>DRAFT SAME (.5);<br>T/C WITH J. BOELTER (SIDLEY) RE SAME (.1). |
| 09/10/12 Mon | Weinberger, E 201209-01/3 | 0.10 | 0.10 | 72.00 | | | 1 | *MATTER NAME: Applicant's Retention & Fee Applications*<br>REVIEW DRAFT SUPPLEMENTAL DECLARATION AND CONFER WITH L. SHUMEJDA RE SAME. |
| 09/12/12 Wed | Denhoff, A 201209-01/6 | 0.10 | 0.10 | 50.50 | | | 1 | *MATTER NAME: Applicant's Retention & Fee Applications*<br>OFFICE CONFERENCE WITH E. WEINBERGER RE DRAFTING FEE APPLICATION. |
| 09/12/12 Wed | Weinberger, E 201209-01/5 | 0.30 | 0.30 | 216.00 | 0.10 F<br>0.10 F<br>0.10 F | | 1<br>2<br>3 | *MATTER NAME: Applicant's Retention & Fee Applications*<br>REVISE SUPPLEMENTAL DECLARATION IN SUPPORT OF RETENTION APPLICATION AND COORDINATE FILING (.1);<br>REVIEW FEE APPLICATION MATERIALS (.1)<br>AND CONFER WITH A. DENHOFF REGARDING SAME (.1). |
| 09/13/12 Thu | Denhoff, A 201209-01/7 | 5.20 | 5.20 | 2,626.00 | | | 1 | *MATTER NAME: Applicant's Retention & Fee Applications*<br>DRAFT PAUL, WEISS'S FIRST FEE APPLICATION. |
| 09/14/12 Fri | Denhoff, A 201209-01/8 | 1.90 | 1.90 | 959.50 | | | 1 | *MATTER NAME: Applicant's Retention & Fee Applications*<br>EDIT PAUL, WEISS'S FEE APPLICATION AND REVIEW TIME SHEETS FOR COMPLIANCE WITH DE LOCAL RULES IN CONNECTION WITH SAME. |
| 09/19/12 Wed | Weinberger, E 201209-01/9 | 1.10 | 1.10 | 792.00 | | | 1 | *MATTER NAME: Applicant's Retention & Fee Applications*<br>REVIEW DRAFT PAUL WEISS FEE APPLICATION AND RELATED MATERIALS |
| 09/27/12 Thu | Shumejda, L 201209-01/10 | 0.20 | 0.20 | 133.00 | | | 1 | *MATTER NAME: Applicant's Retention & Fee Applications*<br>REVIEW FEE APPLICATION MATERIALS FOR COMPLIANCE WITH DE LOCAL RULES. |
| 09/28/12 Fri | Denhoff, A 201209-01/11 | 0.80 | 0.80 | 404.00 | | | 1 | *MATTER NAME: Applicant's Retention & Fee Applications*<br>EDIT PAUL, WEISS'S FEE APPLICATION AND REVIEW TIME SHEETS FOR COMPLIANCE WITH DE LOCAL RULES IN CONNECTION WITH SAME. |
| 09/28/12 Fri | Shmueli, A 201209-01/13 | 1.00 | 1.00 | 425.00 | | | 1 | *MATTER NAME: Applicant's Retention & Fee Applications*<br>REVIEW FEE APPLICATION MATERIALS FOR COMPLIANCE WITH DE LOCAL RULES IN CONNECTION WITH PAUL WEISS FEE APPLICATION. |

~  See the last page of exhibit for explanation

EXHIBIT H

PAUL WEISS RETENTION/COMPENSATION

Paul, Weiss, Rifkind, Wharton & Garrison

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 09/28/12 Fri | Shumejda, L 201209-01/12 | 0.30 | 0.30 | 199.50 | | | 1 | *MATTER NAME: Applicant's Retention & Fee Applications*<br>REVIEW FEE APPLICATION MATERIALS FOR COMPLIANCE WITH DE LOCAL RULES. |
| 10/01/12 Mon | Denhoff, A 201210-01/1 | 4.00 | 4.00 | 2,380.00 | | | 1 | *MATTER NAME: Applicant's Retention & Fee Applications*<br>EDIT PAUL WEISS'S FEE APPLICATION AND REVIEW TIME SHEETS IN CONNECTION WITH SAME FOR COMPLIANCE WITH DE LOCAL RULES. |
| 10/01/12 Mon | Poggi, C 201210-01/2 | 0.90 | 0.90 | 720.00 | 0.90 | F | 1 | *MATTER NAME: Applicant's Retention & Fee Applications*<br>REVIEW DIARY ENTRIES AND FEE APPLICATION MATERIALS FOR DENHOFF TO ENSURE COMPLIANCE WITH LOCAL RULES (0.9). |
| 10/02/12 Tue | Denhoff, A 201210-01/4 | 1.00 | 1.00 | 595.00 | 0.80 | F | 1 | *MATTER NAME: Applicant's Retention & Fee Applications*<br>EDIT PAUL WEISS'S FEE APPLICATION AND REVIEW TIME SHEETS IN CONNECTION WITH SAME FOR COMPLIANCE WITH DE LOCAL RULES (.8). |
| | | | | | 0.20 | F | 2 | CALL WITH E. WEINBERGER RE FEE APPLICATION AND TIME SHEETS (.2). |
| 10/02/12 Tue | Shmueli, A 201210-01/5 | 0.50 | 0.50 | 262.50 | | | 1 | *MATTER NAME: Applicant's Retention & Fee Applications*<br>REVIEW FEE APPLICATION MATERIALS FOR COMPLIANCE WITH LOCAL RULES. |
| 10/02/12 Tue | Weinberger, E 201210-01/3 | 0.40 | 0.40 | 306.00 | 0.20 | F | 1 | *MATTER NAME: Applicant's Retention & Fee Applications*<br>REVIEW TIME ENTRIES TO ENSURE COMPLIANCE WITH LOCAL RULES (.2); |
| | | | | | 0.20 | F | 2 | CALL WITH A. DENHOFF REGARDING SAME (.2) |
| 10/03/12 Wed | Denhoff, A 201210-01/6 | 0.10 | 0.10 | 59.50 | | | 1 | *MATTER NAME: Applicant's Retention & Fee Applications*<br>EDIT PAUL WEISS FEE APPLICATION PURSUANT TO E. WEINBERGER COMMENTS. |
| 10/04/12 Thu | Denhoff, A 201210-01/8 | 2.70 | 2.70 | 1,606.50 | 1.80 | F | 1 | *MATTER NAME: Applicant's Retention & Fee Applications*<br>EDIT PAUL WEISS'S FEE APPLICATION AND REVIEW TIME SHEETS IN CONNECTION WITH SAME FOR COMPLIANCE WITH DE LOCAL RULES (1.8). |
| | | | | | 0.30 | F | 2 | REVIEW DE LOCAL BANKRUPTCY RULES RE FEE APPLICATIONS (.3). |
| | | | | | 0.60 | F | 3 | REVIEW FEE APPLICATION PRECEDENTS FILED IN TRIBUNE BANKRUPTCY (.6). |
| 10/04/12 Thu | Weinberger, E 201210-01/7 | 0.80 | 0.80 | 612.00 | | | 1 | *MATTER NAME: Applicant's Retention & Fee Applications*<br>REVIEW FEE APPLICATION MATERIALS FOR COMPLIANCE WITH LOCAL RULES; |
| | | | | | | | 2 | EMAILS WITH PAUL WEISS TEAM REGARDING ESTIMATE OF TIME FOR ALVAREZ. |
| 10/05/12 Fri | Denhoff, A 201210-01/10 | 1.60 | 1.60 | 952.00 | 1.50 | F | 1 | *MATTER NAME: Applicant's Retention & Fee Applications*<br>EDIT PAUL WEISS FEE APPLICATION (1.5). |
| | | | | | 0.10 | F | 2 | DISCUSS EDITS TO FEE APPLICATION WITH E. WEINBERGER (.1). |
| 10/05/12 Fri | Weinberger, E 201210-01/9 | 0.90 | 0.90 | 688.50 | 0.80 | F | 1 | *MATTER NAME: Applicant's Retention & Fee Applications*<br>REVIEW TRIBUNE FEE APPLICATION AND SUPPORTING DOCUMENTATION (.8); |
| | | | | | 0.10 | F | 2 | CALL WITH A. DENHOFF REGARDING SAME (.1) |
| 10/08/12 Mon | Denhoff, A 201210-01/12 | 1.50 | 1.50 | 892.50 | 1.30 | F | 1 | *MATTER NAME: Applicant's Retention & Fee Applications*<br>EDIT PAUL WEISS FEE APPLICATION AND REVIEW TIME ENTRIES IN CONNECTION WITH SAME TO ENSURE COMPLIANCE WITH LOCAL RULES (1.3); |
| | | | | | 0.20 | F | 2 | DISCUSS SAME WITH E. WEINBERGER (.2). |

~  See the last page of exhibit for explanation

EXHIBIT H
PAUL WEISS RETENTION/COMPENSATION
Paul, Weiss, Rifkind, Wharton & Garrison

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|------------------|-------------|-------|------|------------|---|---|-------------|
| 10/08/12 Mon | Weinberger, E 201210-01/11 | 0.40 | 0.40 | 306.00 | 0.20 0.20 | F F | 1 2 | *MATTER NAME: Applicant's Retention & Fee Applications*<br>CONFER WITH A. DENHOFF AND K. SCHNEIDER REGARDING FEE APPLICATION AND LOCAL RULES (.2);<br>REVIEW MATERIALS TO PROVIDE UPDATE ON FEE ESTIMATE FOR ALVAREZ (.2) |
| 10/09/12 Tue | Denhoff, A 201210-01/14 | 3.90 | 3.90 | 2,320.50 | 0.30 3.60 | F F | 1 2 | *MATTER NAME: Applicant's Retention & Fee Applications*<br>CALL WITH E. WEINBERGER RE PAUL WEISS FEE APPLICATION (.3).<br>EDIT PAUL WEISS FEE APPLICATION AND REVIEW TIME ENTRIES IN CONNECTION WITH SAME TO ENSURE COMPLIANCE WITH LOCAL RULES (3.6). |
| 10/09/12 Tue | Weinberger, E 201210-01/13 | 0.30 | 0.30 | 229.50 | 0.30 | F | 1 | *MATTER NAME: Applicant's Retention & Fee Applications*<br>CALLS WITH A. DENHOFF REGARDING FEE ESTIMATE AND FEE APPLICATION (.3) |
| 10/10/12 Wed | Denhoff, A 201210-01/16 | 0.40 | 0.40 | 238.00 | 0.30 0.10 | F F | 1 2 | *MATTER NAME: Applicant's Retention & Fee Applications*<br>REVIEW TIME SHEETS FOR COMPLIANCE WITH DE LOCAL RULES IN CONNECTION WITH PAUL WEISS'S FIRST INTERIM FEE APPLICATION (.3).<br>DISCUSS SAME WITH E. WEINBERGER (.1). |
| 10/10/12 Wed | Weinberger, E 201210-01/15 | 0.40 | 0.40 | 306.00 | 0.30 0.10 | F F | 1 2 | *MATTER NAME: Applicant's Retention & Fee Applications*<br>REVIEW REVISED FEE APPLICATION AND ATTACHMENTS (.3);<br>CONFER WITH A. DENHOFF REGARDING FINAL COMMENTS ON FEE APPLICATION (.1) |
| 10/11/12 Thu | Denhoff, A 201210-01/18 | 3.80 | 3.80 | 2,261.00 | 2.60 0.50 0.60 0.10 | F F F F | 1 2 3 4 | *MATTER NAME: Applicant's Retention & Fee Applications*<br>REVIEW AND EDIT PAUL WEISS'S FIRST INTERIM FEE APPLICATION (2.6).<br>REVIEW DE LOCAL RULES TO ENSURE FEE APPLICATION COMPLIES (.5).<br>REVIEW OTHER FEE APPLICATIONS FILED IN TRIBUNE AS PRECEDENTS (.6).<br>EMAILS TO E. WEINBERGER AND J. BOELTER (SIDLEY) RE SAME (.1). |
| 10/11/12 Thu | Weinberger, E 201210-01/17 | 0.20 | 0.20 | 153.00 | 0.20 | F | 1 | *MATTER NAME: Applicant's Retention & Fee Applications*<br>FINALIZE FEE APPLICATION (.2) |
| 10/12/12 Fri | Denhoff, A 201210-01/19 | 0.10 | 0.10 | 59.50 | | | 1 | *MATTER NAME: Applicant's Retention & Fee Applications*<br>EMAILS TO J. BOELTER (SIDLEY) AND E. WEINBERGER RE HEARING DATE IN CONNECTION WITH PAUL WEISS'S FIRST INTERIM FEE APPLICATION. |
| 10/17/12 Wed | Denhoff, A 201210-01/20 | 0.20 | 0.20 | 119.00 | 0.10 0.10 | F F | 1 2 | *MATTER NAME: Applicant's Retention & Fee Applications*<br>EMAIL TO K. STICKLES (COLE SCHOTZ) RE HEARING DATE FOR PAUL WEISS'S INTERIM FEE APPLICATION (.1).<br>REVIEW NOTICE OF HEARING FOR FEE APPLICATIONS (.1). |
| 10/22/12 Mon | Denhoff, A 201210-01/21 | 0.20 | 0.20 | 119.00 | 0.10 0.10 | F F | 1 2 | *MATTER NAME: Applicant's Retention & Fee Applications*<br>CALL WITH K. STICKLES (COLE SCHOTZ) RE HEARING DATE IN CONNECTION WITH PAUL WEISS'S FIRST INTERIM FEE APPLICATION (.1).<br>ATTN TO EMAILS FROM K. STICKLES RE SAME (.1). |
| 11/05/12 Mon | Denhoff, A 201211-01/1 | 0.40 | 0.40 | 238.00 | | | 1 | *MATTER NAME: Applicant's Retention & Fee Applications*<br>REVIEW SEPTEMBER TIME ENTRIES IN CONNECTION WITH MONTHLY FEE APPLICATION FOR CONSISTENCY WITH DELAWARE LOCAL RULES. |
| 11/07/12 Wed | Denhoff, A 201211-01/3 | 0.10 | 0.10 | 59.50 | | | 1 | *MATTER NAME: Applicant's Retention & Fee Applications*<br>EMAILS TO P. GONDIPALLI (ALVAREZ AND MARSAL) RE TRIBUNE FEES IN RESPONSE TO INQUIRY RE PROFESSIONAL FEE RESERVE AND OFFICE CONFERENCE WITH E. WEINBERGER RE SAME. |

~  See the last page of exhibit for explanation

EXHIBIT H
PAUL WEISS RETENTION/COMPENSATION
Paul, Weiss, Rifkind, Wharton & Garrison

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 11/07/12 Wed | Weinberger, E 201211-01/2 | 0.10 | 0.10 | 76.50 | | | | MATTER NAME: Applicant's Retention & Fee Applications |
| | | | | | | | 1 | CONFER WITH A. DENHOFF REGARDING FEE ESTIMATE. |
| 11/08/12 Thu | Denhoff, A 201211-01/4 | 0.10 | 0.10 | 59.50 | | | | MATTER NAME: Applicant's Retention & Fee Applications |
| | | | | | | | 1 | REVIEW SEPTEMBER AND OCTOBER TRIBUNE FEES IN CONNECTION WITH INQUIRY FROM P. GONDIPALLI (ALVAREZ & MARSAL). |
| 11/12/12 Mon | Denhoff, A 201211-01/6 | 0.50 | 0.50 | 297.50 | 0.40 0.10 | F F | 1 2 | MATTER NAME: Applicant's Retention & Fee Applications<br>REVIEW SEPTEMBER AND OCTOBER TRIBUNE FEES IN CONNECTION WITH INQUIRY FROM P. GONDIPALLI (ALVAREZ & MARSAL) (.4);<br>OFFICE CONFERENCE WITH E. WEINBERGER RE SAME (.1). |
| 11/12/12 Mon | Weinberger, E 201211-01/5 | 0.10 | 0.10 | 76.50 | | | | MATTER NAME: Applicant's Retention & Fee Applications |
| | | | | | | | 1 | CONFER WITH A. DENHOFF REGARDING BILLING |
| 11/19/12 Mon | Denhoff, A 201211-01/7 | 0.30 | 0.30 | 178.50 | 0.10 0.20 | F F | 1 2 | MATTER NAME: Applicant's Retention & Fee Applications<br>EMAILS WITH K. SCHNEIDER RE TRIBUNE FEES IN THIRD AND FOURTH QUARTER OF 2012 AND FILING OF FINAL FEE APPLICATIONS (.1).<br>REVIEW TRIBUNE CHAPTER 11 PLAN RE FINAL FEE APPLICATION DUE DATE (.2). |
| 11/20/12 Tue | Denhoff, A 201211-01/8 | 3.00 | 3.00 | 1,785.00 | 1.90 1.10 | F F | 1 2 | MATTER NAME: Applicant's Retention & Fee Applications<br>DRAFT PAUL WEISS'S SECOND MONTHLY FEE APPLICATION (1.9).<br>REVIEW TIME ENTRIES FOR COMPLIANCE WITH DE LOCAL RULES IN CONNECTION WITH SAME (1.1). |
| 11/21/12 Wed | Denhoff, A 201211-01/9 | 0.80 | 0.80 | 476.00 | | | 1 | MATTER NAME: Applicant's Retention & Fee Applications<br>EDIT PAUL WEISS'S SECOND MONTHLY FEE APPLICATION AND REVIEW TIME ENTRIES FOR COMPLIANCE WITH DE LOCAL RULES IN CONNECTION WITH SAME. |
| 11/26/12 Mon | Denhoff, A 201211-01/10 | 0.30 | 0.30 | 178.50 | | | 1 | MATTER NAME: Applicant's Retention & Fee Applications<br>REVIEW SEPTEMBER TIME ENTRIES FOR COMPLIANCE WITH DE LOCAL RULES IN CONNECTION WITH PW SEPTEMBER FEE APPLICATION. |
| 11/28/12 Wed | Denhoff, A 201211-01/11 | 0.60 | 0.60 | 357.00 | | | 1 | MATTER NAME: Applicant's Retention & Fee Applications<br>EDIT PAUL WEISS'S SECOND MONTHLY FEE APPLICATION. |
| 11/29/12 Thu | Denhoff, A 201211-01/12 | 2.10 | 2.10 | 1,249.50 | 0.60 1.50 | F F | 1 2 | MATTER NAME: Applicant's Retention & Fee Applications<br>REVIEW AND EDIT PAUL WEISS'S SECOND MONTHLY FEE APPLICATION (.6).<br>BEGIN DRAFTING PAUL WEISS'S THIRD MONTHLY FEE APPLICATION AND REVIEW TIME SHEETS FOR COMPLIANCE WITH LOCAL RULES IN CONNECTION WITH SAME (1.5). |
| 11/30/12 Fri | Denhoff, A 201211-01/13 | 2.10 | 2.10 | 1,249.50 | 0.40 1.70 | F F | 1 2 | MATTER NAME: Applicant's Retention & Fee Applications<br>EDIT PAUL WEISS'S SECOND MONTHLY FEE APPLICATION IN PREPARATION FOR FILING (.4).<br>CONTINUE EDITING PAUL WEISS'S THIRD MONTHLY FEE APPLICATION AND REVIEW BILLING ENTRIES FOR COMPLIANCE WITH LOCAL RULES IN CONNECTION WITH SAME (1.7). |

~ See the last page of exhibit for explanation

EXHIBIT H

PAUL WEISS RETENTION/COMPENSATION

Paul, Weiss, Rifkind, Wharton & Garrison

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
| | | | 47.10 | $28,215.00 | | | |
| Total | | | | | | | |
| Number of Entries: | 47 | | | | | | |

EXHIBIT H

PAUL WEISS RETENTION/COMPENSATION

Paul, Weiss, Rifkind, Wharton & Garrison

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Denhoff, A | 37.80 | 21,771.00 |
| Poggi, C | 0.90 | 720.00 |
| Shmueli, A | 1.50 | 687.50 |
| Shumejda, L | 1.70 | 1,130.50 |
| Weinberger, E | 5.20 | 3,906.00 |
| | 47.10 | $28,215.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Applicant's Retention & Fee Applications | 47.10 | 28,215.00 |
| | 47.10 | $28,215.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F       FINAL BILL