

**U.S. Department of Justice**

Office of the United States Trustee

*District of Delaware*

---

*844 King Street, Suite 2207*  (302) 573-6491
*Wilmington, DE  19801*  fax (302) 573-6497

June 4, 2013

Honorable Kevin J. Carey
United States Bankruptcy Court
District of Delaware
824 North Market Street
Wilmington, Delaware 19801

Re:   *In re Tribune Company, et al.,* Case No. 08-13141-KJC

Dear Judge Carey:

      This letter is submitted on behalf of the United States Trustee in connection with the pending substantial contribution applications filed by Law Debenture and Wilmington Trust ("Applications" or "Applicants").  The Reorganized Debtors and the United States Trustee ("U.S. Trustee") have objected to the Applications.

      At an April 24 conference, the Court suggested the appointment of an expert pursuant to Federal Rule of Evidence 706.  All of the parties, including the U. S. Trustee, thereafter reached accord on the principal terms of a protocol subject to FRE 706.  The parties suggested retired Judge Farnan to serve as the expert but he expressed unwillingness to be examined or testify as provided for in FRE 706 (b).

      The U. S. Trustee is amenable to mediation for settlement purposes if the threshold issue can be addressed by the Court. The threshold issue is whether or not a Committee member may seek compensation for the services of its professionals as a purely question of law requiring interpretation of sections 503 (b) (3) and (4) of the Bankruptcy Code.  The same legal issue is pending in other cases, and a judicial resolution will serve judicial economy.   Another approach would be to find a suitable expert who will agree to serve subject to the provisions of FRE 706.

      On May 31, 2013, the Reorganized Debtors and Applicants responded to the U. S. Trustee's recommendations with a proposed revised protocol that simply eliminated the U. S. Trustee from participation.   It is inappropriate for the parties to exclude the U. S. Trustee from the process because the U. S. Trustee requests compliance with FRE 706.   The U. S. Trustee objections to the Applications are substantial.   The U. S. Trustee has standing on all issues pursuant to 11 U. S. C. §307.   Additionally, 28 U. S. C. § 586 (a) (3) expressly authorizes the U. S. Trustee to object to applications for compensation.   Excluding a principal party from the

proposed procedure will render the process useless. Complete relief will not be able to be granted and a hearing de novo before the court will still be required.

The next scheduled omnibus hearing date in this case is June 26. The U. S. Trustee requests the Court to schedule a further status conference to address this matter in advance of this date.

                                    Respectfully,

                                          /S/
                                  David L. Buchbinder
                                  Trial Attorney

Cc:    James O. Johnston
         James F. Bendernagel, Jr.
         David S. Rosner
         Robert J. Stark