# JONES DAY

555 SOUTH FLOWER STREET • FIFTIETH FLOOR • LOS ANGELES, CALIFORNIA 90071.2300

TELEPHONE: +1.213.489.3939 • FACSIMILE: +1.213.243.2539

DIRECT NUMBER: (213) 243-2431
JJOHNSTON@JONESDAY.COM

June 6, 2013

The Honorable Kevin J. Carey
United States Bankruptcy Court
824 North Market Street, Fifth Floor
Wilmington, Delaware 19801

      Re:   *In re Tribune Company, et al.*, Case No. 08-13141 (KJC) (Bankr. D. Del.)

Dear Judge Carey:

      You have conducted three status conferences (on April 24, May 7, and May 22) on the various contested Fee Matters now pending before you, which consist of Wilmington Trust's Class 1F Other Parent Claim, Wilmington Trust's substantial contribution application, Wilmington Trust's Creditors' Committee Member Fee/Expense Claim, Law Debenture's substantial contribution application, and Deutsche Bank's Creditors' Committee Member Fee/Expense Claim.[1]

      At the last status conference, the Reorganized Debtors and each of the Applicants (Wilmington Trust, Law Debenture, and Deutsche Bank) agreed to the appointment of former Judge Joseph J. Farnan, Jr. as mediator and waived the provisions of Local Rule 9019-5(e) in order to enable Judge Farnan to issue a written report and recommendation with respect to the disputed factual and legal issues raised by the Fee Matters to the extent not otherwise settled or consensually resolved during the mediation process.

      Consistent with the agreements made at the status conferences, the Reorganized Debtors and the Applicants have now negotiated a proposed form of Order providing for, among other things, a protocol for conducting the mediation, the allocation of the costs of the mediation, and the issuance of Judge Farnan's report, and Judge Farnan has reviewed and approved the proposed Order. A copy of the proposed form of Order is attached hereto as *Exhibit B*, and a comparison showing changes from the prior form of order included with my letter dated May 6, 2013 [D.I. 13509] is attached hereto as *Exhibit C*.

      Following the last status conference, the United States Trustee declined (notwithstanding the agreement of all of the parties with an economic stake in the outcome of the Fee Matters) to waive the provisions of Local Rule 9019-5(e). The United States Trustee also refused to

---

[1]   The Fee Matters are identified specifically on the schedule attached as *Exhibit A*.

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES
MADRID • MEXICO CITY • MILAN • MOSCOW • MUNICH • NEW YORK • PARIS • PITTSBURGH • RIYADH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

The Honorable Kevin J. Carey
June 6, 2013
Page 2

participate in any mediation whatsoever unless and until the Court first adjudicates and resolves what the United States Trustee asserts to be a "threshold issue" regarding the ability of Wilmington Trust, as a former member of the Official Committee of Unsecured Creditors, to seek reimbursement for its professional fees. Mr. Buchbinder has now reiterated those positions on behalf of the United States Trustee in his letter dated June 4, 2013 [D.I. 13594].

    The Reorganized Debtors disagree with the United States Trustee. When Mr. Buchbinder made his position known, the Reorganized Debtors and the Applicants agreed to proceed voluntarily to mediation on the terms and conditions set forth in the proposed Order without the participation of the United States Trustee (and thereby revised the proposed Order to remove the United States Trustee as a party to the mediation). Contrary to Mr. Buchbinder's assertion, the parties did not "exclude the U.S. Trustee from the process because the U.S. Trustee requests compliance with FRE 706." Rather, all of the parties other than the United States Trustee have agreed upon the terms and conditions of a mediation of the Fee Matters and have stipulated to proceed voluntarily to mediation in an effort to resolve their disputes. The United States Trustee cites no authority, and we are aware of none, for the proposition that nonbinding mediation cannot go forward without the participation of the United States Trustee where every party with an economic interest in the contested matter otherwise agrees to mediate on specified terms and conditions. In fact, the Local Rules are to the contrary. *See* Del. Bankr. L.R. 9019-6 ("The parties may employ any other method of alternative dispute resolution.").

    Further, a voluntary mediation without the participation of the United States Trustee will not "render the process useless," as Mr. Buchbinder asserts. To start, the United States Trustee only objected to the two substantial contribution applications. The United States Trustee did not object to Wilmington Trust's Class 1F Other Parent Claim or to the Creditors' Committee Member Fee/Expense Claims asserted by Wilmington Trust and Deutsche Bank. As a consequence, full and complete settlements could be reached during mediation with respect to a substantial proportion of the Fee Matters.

    Moreover, nothing about the mediation process is intended to provide "[c]omplete relief" – to use Mr. Buchbinder's term – with respect to the Fee Matters. Rather, as the Court has stated on several occasions, one of the objects of the process is to enable the mediator (Judge Farnan) to take a "first pass" at the issues and to provide a written report that will serve as *nonbinding* guidance in the ultimate adjudication of any portion of the Fee Matters that are not settled. Voluntary mediation on the terms and conditions set forth in the proposed Order – even without the participation of the United States Trustee, which holds no economic stake in the outcome – will meet the stated objective of the Court. In any event, all of the United States Trustee's rights with respect to its objections and any report issued by Judge Farnan have been reserved.

JONES DAY

The Honorable Kevin J. Carey
June 6, 2013
Page 3

Finally, the United States Trustee's request that the Court first adjudicate its "threshold issue" reveals a motive unrelated to this case for its refusal to participate in mediation on the agreed-upon terms and conditions. Mr. Buchbinder asks that the Court first resolve the issue of whether a committee member may make a substantial contribution claim because "[t]he same legal issue is pending in other cases, and a judicial resolution will serve judicial economy." A ruling by the Court on that issue might very well serve the United States Trustee's litigation interests in "other cases," but it certainly would not serve "judicial economy" here. For one thing, that "threshold" issue applies only to Wilmington Trust's substantial contribution application, and not to the substantial contribution claim of Law Debenture (which was not a member of the Creditors' Committee) or to any of the other Fee Matters. Adjudication of the issue, therefore, will do nothing to resolve the Fee Matters – or even the substantial contribution applications – in their entirety.

For another, the Reorganized Debtors' objections to the various fee claims raise a number of other "threshold issues" that also could be adjudicated as a matter of law and could dispose of a large swath of the Fee Matters. Those issues include (a) whether Wilmington Trust may be allowed an unsecured claim for postpetition fees under the prepetition PHONES Notes Indenture; (b) if so, whether Wilmington Trust may be allowed a claim (either unsecured or in respect of a substantial contribution) in excess of amounts of fees that it actually paid or became obligated to pay; and (c) whether Wilmington Trust or Law Debenture may be allowed a substantial contribution claim in respect of fees for financial advisors and other consultants who are not attorneys or accountants. The Reorganized Debtors submit that it would make no sense to adjudicate the United States Trustee's "threshold issue" – simply so that the United States Trustee may seek a ruling that might be helpful in unrelated litigation – without also adjudicating all of the other more important and more substantive threshold issues identified above. Doing so, of course, would defeat the objective of the mediation as no "first pass" would occur as to those issues.

For all of the foregoing reasons, the Reorganized Debtors request that the Court enter the proposed Order to enable the parties who are so willing to proceed to mediation before Judge Farnan. The Reorganized Debtors do not believe that a fourth status conference in respect of the Fee Matters is necessary but are available at the Court's convenience should you desire to hear further from the parties. In order to minimize ongoing expenses associated with the Fee Matters, the Reorganized Debtors submit that it would be appropriate for any additional status conference to be conducted telephonically.

**JONES DAY**

The Honorable Kevin J. Carey
June 6, 2013
Page 4

Thank you for your consideration.

                                              Sincerely,

                                              *James O. Johnston* /JJS

                                              James O. Johnston

enclosures

cc:    Robert Stark (counsel for Wilmington Trust)
       David Rosner (counsel for Law Debenture)
       David Adler (counsel for Deutsche Bank)
       David Buchbinder (counsel for United States Trustee)