# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE THIRTY-NINTH MONTHLY AND FINAL FEE APPLICATION OF SEYFARTH SHAW LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Thirty-Ninth Monthly and Final Fee Application of Seyfarth Shaw LLP* [Docket No. 13269] (the "**Fee Application**"). The Fee Application seeks approval of monthly fees that total $20,039.65 and reimbursement of expenses that total $2,028.62 for the period from December 1, 2012 through December 31, 2012. The Fee Application seeks approval of final fees that total $3,649,390.85 and expenses that total

---

[1] The Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

$140,452.13 for the period from December 8, 2008 through December 31, 2012. Seyfarth Shaw LLP ("**Seyfarth**") serves as special counsel in connection with labor and employment litigation matters for the debtors and debtors in possession (collectively the "**Debtors**").

### Background

1.       On December 8, 2008 (the "**Petition Date**"), the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  Under this Court's *Order Directing Joint Administration Chapter 11 Cases* on December 10, 2009, these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules [Docket No. 43].

2.       On December 26, 2008, the Debtors filed their Motion for an Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code [Docket No. 148] (the "**OCP Motion**").  In the OCP Motion, the Debtors sought approval of this Court to employ and retain the Ordinary Course Professionals, including Seyfarth, to provide services to the Debtors as necessary for the day-to-day operations of the Debtor's businesses on terms substantially similar to those in effect prior to the Petition Date. On January 15, 2009, this Court granted the OCP Motion and issued an order approving procedures for the employment, retention, and compensation of the Ordinary Course Professionals [Docket No. 227] (the "**OCP Order**").

3.       The OCP Order provides that in the event the fees incurred and invoiced by any Ordinary Course Professional exceed the applicable Monthly Cap, such Ordinary Course Professional shall be required to seek this Court's approval of all fees invoiced for that month in accordance with sections 330 and 331 of the Bankruptcy Code, all applicable Bankruptcy Rules

and Local Rules, and the procedures set forth in the Interim Compensation Order and the Fee Examiner Order.

4.    In October 2009 and November 2009, Seyfarth exceeded the Monthly Cap.  When the Debtors determined that Seyfarth would continually exceed the monthly cap, on January 8, 2010 the Debtors filed an *Application to Retain Seyfarth as Special Counsel for Certain Employment Litigation Matters* [Docket No. 3046] (the "**Retention Application**").  On January 25, 2010, this Court entered the *Order Authorizing Debtors and Debtors in Possession to Employ and Retain Seyfarth as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, nunc pro tunc, to December 1, 2009* [Docket No. 3192] (the "**Retention Order**").

5.    Seyfarth submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 225] (the "**Interim Compensation Order**").

**Applicable Standards**

6.    In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

7.    The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for

the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for

Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C.

§ 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**").  In addition, the Fee Examiner

reviewed the Fee Application for general compliance with legal precedent established by the

United States Bankruptcy Court for the District of Delaware, the United States District Court for

the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable

precedent, and industry standards.

8.    Pursuant to Section 330 of the Bankruptcy Code, the Court may award

professionals "reasonable compensation for actual, necessary services." *11 U.S.C.*

*§ 330(a)(1)(A).*  In evaluating the amount of reasonable compensation to be awarded, "the court

shall consider the nature, the extent, and the value of such services, taking into account all

relevant factors, including (A) the time spent on such services; (B) the rates charged for such

services; (C) whether the services were necessary to the administration of, or beneficial at the

time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with

the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect

to a professional person, whether the person is board certified or otherwise has demonstrated

skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable

based on the customary compensation charged by comparably skilled practitioners in cases other

than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

9.    A fee applicant bears the burden of proof on all of the elements of a fee

application, including proving that the services provided were necessary and reasonable and that

the billed expenses were necessary, reasonable, and actually incurred.  A fee application must

comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

10.    The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Supplemental Retention Application, the Supplemental Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to Seyfarth for review and comment. The firm submitted to the Fee Examiner a written response to the Preliminary Report. After consideration of the additional information provided by the firm, the Fee Examiner now issues this final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order* ¶5.

## DISCUSSION OF FINDINGS – MONTHLY FEE APPLICATION

### Technical Requirements

11.    **Reconciliation of Fees and Expenses.** The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**"). The Fee Examiner identified no discrepancies between the Fees Requested and the Fees Computed (after adjusting the hourly billing rates to reflect a 10% discount), nor any discrepancies between the Expenses Requested and the Expenses Computed. The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

12.    **Block Billing.**[2]  The Local Rules provide that "[a]ctivity descriptions shall not be lumped -- each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*.  The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines ¶(b)(4)(v)*.[3]  The Delaware Bankruptcy Court has found that time entries that generally only combine work on one issue, and a conference/communication with the client or opposing counsel on the same issue, while technically block billing, will not be objectionable.[4]  Seyfarth block billed entries totaling 9.60 hours and $2,678.40 in associated fees.  The entries were displayed in **Exhibit A** to the Preliminary Report.  Based upon precedent established by this Court, however, none of the entries are objectionable.  No fee reduction is recommended and Exhibit A is omitted from this Report.

13.    **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*.  The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*.  Billing in greater than 0.10 hour increments is a practice that lends itself to the potential of increased rounding of time, thereby

---

[2] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing.  Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry.  As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry.  This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

[3] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

[4] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

increasing the likelihood that the reported time charged is inflated. It is a practice widely criticized by courts and legal scholars and is typically prohibited by sophisticated consumers of legal services as it can result in the billing of time over and above the amount of time actually expended to perform a particular activity. Seyfarth complied with the applicable guidelines regarding time increments.

**Review of Fees**

14. **Firm Staffing.** The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*. The Fee Application provided the names, positions, and hourly rates of the nine Seyfarth professionals and paraprofessionals who billed to this matter, consisting of four partners, two associates, two paralegals, and one case assistant. A summary of hours and fees billed by each timekeeper is displayed in **Exhibit B**.

The firm billed a total of 72.00 hours with associated fees of $20,039.65.[5] The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 14.70 | 20% | $ 8,379.25 | 42% |
| Associate | 3.40 | 5% | 1,180.35 | 6% |
| Paralegal | 29.80 | 41% | 8,202.60 | 41% |
| Case Assistant | 24.10 | 34% | 2,277.45 | 11% |
| TOTAL | 72.00 | 100% | $20,039.65 | 100% |

---

[5] This amount reflects the Fees Computed (after adjustment for discount).

The blended hourly rate[6] for the Seyfarth professionals is $528.15 and the blended hourly rate for professionals and paraprofessionals is $278.33.

15.   **Hourly Rate Increases.**  Seyfarth did not increase the hourly rates of timekeepers during this interim period.

16.   **Timekeepers' Roles.**   A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*.  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.  Seyfarth timekeepers appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

17.   **Meetings, Conferences, Hearings, and Other Events.**  The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*.  While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner reviewed each timekeeper's billing entries and did not identify any occasions where two or more Seyfarth timekeepers invoiced to attend the same meeting, conference, hearing or other event.  The Fee Examiner makes no recommendation for a fee reduction.

---

[6] The blended hourly rates were calculated using the hourly rates adjusted to reflect the 10% discount.

18.    **Intraoffice Conferences.**    Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified billing activities by Seyfarth timekeepers describing intraoffice conferences totaling 9.60 hours with $2,678.40 in associated fees, as displayed in **Exhibit C** to the preliminary report. The Fee Examiner did not observe any instances in which two or more timekeepers invoiced fees associated with the same intraoffice conference. The Fee Examiner makes no recommendation for a fee reduction. Exhibit C has been omitted from the Final Report.

19.    **Complete and Detailed Task Descriptions.**    Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v).*

The Fee Examiner reviewed the substantive detail of each billing entry and, except for a few minor issues, no vague activities were identified. No fee reduction will be recommended.

20.    **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.  The Fee Examiner reviewed the substantive detail of each timekeeper's billing entries and did not identify any tasks describing administrative activity.

21.    **Clerical Activities.**  Clerical activities do not require legal acumen, and may be effectively performed by administrative assistants, secretaries, or support personnel.  Similar to administrative activities, clerical activities are generally not billable and are considered to be part of the firm's overhead.  In the 3rd Circuit, however, some clerical and non-clerical activities may be compensable at a rate commensurate with the level of expertise or knowledge typically found to be necessary to complete the task.  The Fee Examiner reviewed the firm's billing entries and no clerical activities were identified.

22.    **Travel.**  The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates."  *Local Rule 2016-2(d)(viii)*.  Seyfarth did not invoice for travel during this interim period.

23.    **Seyfarth Retention/Compensation.**  Seyfarth billed 54.50 hours with associated fees of $10,781.10 to prepare the firm's retention documents and applications for compensation.  The fee entries describing Seyfarth's retention/compensation activities are displayed in **Exhibit D**, which is included in the Final Report for the Court's reference.

### Review of Expenses

24.    **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available."  *Local Rule 2016-2(e)(i-ii)*.   The UST

Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*. Seyfarth provided an itemization for its expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge. The Fee Examiner found no objectionable expense items.

## CONCLUSION – MONTHLY FEE APPLICATION

The Fee Examiner submits this final report regarding the Fee Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $20,039.65 and reimbursement of expenses in the amount of $2,028.62 for the period from December 1, 2012 through December 31, 2012.

## DISCUSSION OF FINDINGS – FINAL FEE APPLICATION

The Fee Examiner compared the fees and expenses requested in the Final Fee Application with the fees and expenses requested in the underlying interim fee applications and those approved by the Court (through the date of the filing of the Final Fee Application). The Fee Examiner's initial reconciliation identified the following:

- The Final Fee Application stated a final expense request of $140,452.13, while the Fee Examiner calculated an amount of $140,805.88 (excluding reductions related to the periods for which hearings had not been held at the time the firm filed the Final Application). It appeared that Seyfarth did not include a reduction

in the expenses in the Ninth Quarterly Fee Application in the amount of $6.25 and, further that Seyfarth included expenses of $5,260.71 for the Twelfth Quarterly Fee Application rather than the correct amount of $5,620.71.

The Fee Examiner requested comment from Seyfarth regarding this issue.  In its response, Seyfarth agreed with the Fee Examiner's calculations.

## CONCLUSION – FINAL FEE APPLICATION

The Fee Examiner submits this final report regarding Seyfarth Shaw LLP's Final Fee Application and the fees and expenses discussed above.  The Fee Examiner recommends the approval of fees in the amount of $3,646,761.75[7] and reimbursement of expenses in the amount of $140,808.88[8] for the period from December 8, 2008 through December 31, 2012.

Respectfully submitted,

STUART MAUE

By:_____

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:   (314) 291-3030
Facsimile:   (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

---

[7] This is the amount of Seyfarth's final fee request ($3,649,390.85) adjusted by the fee reductions from the Twelfth Quarterly Fee Application ($1,582.25) and Thirteenth Quarterly Application ($1,046.85) as these amounts were not approved as of the date the Final Fee Application was filed.

[8] This is the amount of Seyfarth's final expense request ($140,452.13) adjusted by an increase of $353.75 as a result of the differences discussed in the section, "Discussion of Findings – Final Application," above; and the addition of the expense discrepancy amount from the Twelfth Quarterly Fee Application ($3.00) as these amounts were not approved as of the date the Final Fee Application was filed.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 6th day of June, 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

Jeremy P. Sherman, Esq.
Partner
Seyfarth Shaw LLP
131 S. Dearborn Street, Suite 2400
Chicago, IL 60603-5577

_____
John F. Theil, Esq.

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

### Seyfarth Shaw LLP

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| JROS | Ross, Jeffrey | PARTNER | $612.00 | $612.00 | 7.00 | $4,284.00 |
| JPSH | Sherman, Jeremy | PARTNER | $652.50 | $652.50 | 2.30 | $1,500.75 |
| LOHA | O'Hara, Lorraine | PARTNER | $455.00 | $455.00 | 3.20 | $1,456.00 |
| NFIN | Finkel, Noah | PARTNER | $517.50 | $517.50 | 2.20 | $1,138.50 |
| | No. of Billers for Position: 4 | Blended Rate for Position: | $570.02 | | 14.70 | $8,379.25 |
| | | | | | % of Total: 20.42% | % of Total: 41.81% |
| KPET | Petersen, Kyle | ASSOCIATE | $346.50 | $346.50 | 2.90 | $1,004.85 |
| NBRI | Riesco, Natascha | ASSOCIATE | $351.00 | $351.00 | 0.50 | $175.50 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $347.16 | | 3.40 | $1,180.35 |
| | | | | | % of Total: 4.72% | % of Total: 5.89% |
| ACON | Connor, Andrew | PARALEGAL | $279.00 | $279.00 | 23.60 | $6,584.40 |
| JMCM | McManus, Jennifer | PARALEGAL | $261.00 | $261.00 | 6.20 | $1,618.20 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $275.26 | | 29.80 | $8,202.60 |
| | | | | | % of Total: 41.39% | % of Total: 40.93% |
| ASHE | Shepro, Alice | CASE ASSISTANT | $94.50 | $94.50 | 24.10 | $2,277.45 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $94.50 | | 24.10 | $2,277.45 |
| | | | | | % of Total: 33.47% | % of Total: 11.36% |
| | Total No. of Billers: 9 | Blended Rate for Report: | $278.33 | | 72.00 | $20,039.65 |

EXHIBIT D

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Connor, A | 23.60 | 6,584.40 |
| McManus, J | 6.20 | 1,618.20 |
| Riesco, N | 0.30 | 105.30 |
| Shepro, A | 24.10 | 2,277.45 |
| Sherman, J | 0.30 | 195.75 |
| | 54.50 | $10,781.10 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune - Bankruptcy Fee Application | 54.50 | 10,781.10 |
| | 54.50 | $10,781.10 |

EXHIBIT D

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 10/04/12 Thu | Shepro, A 2080340/2 | 1.00 | 1.00 | 94.50 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>FINALIZE EDITS TO THIRTY-FIFTH MONTHLY FEE APPLICATION. |
| 10/10/12 Wed | Shepro, A 2080340/3 | 1.10 | 1.10 | 103.95 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>TWELFTH QUARTERLY FEE FINAL EDITS TO APPLICATION TO INCLUDE NEW MATTERS. |
| 11/13/12 Tue | Shepro, A 2080340/4 | 0.80 | 0.80 | 75.60 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>UPDATE THE THIRTY-SIXTH MONTHLY FEE APPLICATION FOR J. MCMANUS. |
| 12/03/12 Mon | McManus, J 2080340/5 | 0.60 | 0.60 | 156.60 | 0.40<br>0.20 | F<br>F | 1<br>2 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVISE CHART OF RESPONSES TO FEE EXAMINER'S REPORT ON SEYFARTH'S TENTH INTERIM FEE APPLICATION (.40);<br>PREPARE UPDATED SPREADSHEET OF ESTIMATED FEES FOR ALVAREZ & MARSAL (.20). |
| 12/03/12 Mon | Shepro, A 2080340/6 | 2.70 | 2.70 | 255.15 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>CONTINUE EDITS TO TRIBUNE FEE AUDITOR'S RESPONSE FOR THE TENTH INTERIM FEE APPLICATION. |
| 12/04/12 Tue | Shepro, A 2080340/7 | 1.80 | 1.80 | 170.10 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>CONTINUE EDITS TO RESPONSE TO FEE AUDITOR'S REPORT FOR THE TENTH INTERIM FEE APPLICATION. |
| 12/06/12 Thu | Shepro, A 2080340/8 | 1.60 | 1.60 | 151.20 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>FINISH EDITS TO RESPONSE FOR TENTH INTERIM FEE APPLICATION. |
| 12/07/12 Fri | Connor, A 2080340/10 | 5.70 | 5.70 | 1,590.30 | 4.30<br>1.40 | F<br>F | 1<br>2 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>MAKE INQUIRY TO NUMEROUS ATTORNEYS FOR RESPONSES TO FEE EXAMINER'S REPORT (4.30);<br>INCORPORATE RESPONSES INTO SPREADSHEET (1.40). |
| 12/07/12 Fri | McManus, J 2080340/9 | 0.50 | 0.50 | 130.50 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVIEW/REVISE FEE APPLICATION DETAIL FOR SEYFARTH'S THIRTY-EIGHTH MONTHLY FEE APPLICATION. |
| 12/10/12 Mon | McManus, J 2080340/11 | 0.70 | 0.70 | 182.70 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>PREPARE RESPONSES TO FEE EXAMINER'S REPORT ON TENTH INTERIM FEE APPLICATION REGARDING DISBURSEMENTS. |
| 12/11/12 Tue | Shepro, A 2080340/12 | 2.10 | 2.10 | 198.45 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>COMPILE THIRTY-SEVENTH MONTHLY FEE APPLICATION FOR J. MCMANUS. |
| 12/12/12 Wed | Shepro, A 2080340/13 | 2.10 | 2.10 | 198.45 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>EDIT THIRTY-SEVENTH MONTHLY FEE APPLICATION. |
| 12/13/12 Thu | McManus, J 2080340/14 | 0.70 | 0.70 | 182.70 | 0.20<br>0.50 | F<br>F | 1<br>2 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVISE ESTIMATED FEES AND EXPENSES SPREADSHEET FOR P. GONDIPALLI AT ALVAREZ & MARSAL (.20);<br>EDIT RESPONSE TO FEE EXAMINER'S REPORT ON TENTH INTERIM FEE APPLICATION (.50). |

~ See the last page of exhibit for explanation

EXHIBIT D

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 12/14/12 Fri | McManus, J 2080340/15 | 0.60 | 0.60 | 156.60 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* REVISE PLEADING PORTION OF THIRTY-SEVENTH FEE APPLICATION. |
| 12/17/12 Mon | Connor, A 2080340/17 | 1.80 | 1.80 | 502.20 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* CULL RESPONSES TO FEE EXAMINER'S REPORT. |
| 12/17/12 Mon | McManus, J 2080340/16 | 0.70 | 0.70 | 182.70 | 0.60 0.10 | F F | 1 2 | *MATTER NAME: Tribune - Bankruptcy Fee Application* FINALIZE SEYFARTH'S THIRTY-SEVENTH MONTHLY FEE APPLICATION IN PREPARATION FOR FILING (.60); ASSEMBLE/SUBMIT FEE APPLICATION TO LOCAL COUNSEL FOR FILING (.10). |
| 12/18/12 Tue | Connor, A 2080340/20 | 2.10 | 2.10 | 585.90 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* MAKE INQUIRY TO NUMEROUS ATTORNEYS FOR RESPONSES TO FEE EXAMINER'S REPORT. |
| 12/18/12 Tue | McManus, J 2080340/19 | 0.20 | 0.20 | 52.20 | 0.10 0.10 | F F | 1 2 | *MATTER NAME: Tribune - Bankruptcy Fee Application* COMPILE NEW ESTIMATED FEES AND EXPENSES FOR NOVEMBER AND DECEMBER, 2012 FOR PRESENTATION TO ALVAREZ & MARSAL AS FINAL ESTIMATES (.10); EMAIL COMMUNICATIONS WITH P. GONDIPALLI REGARDING SAME (.10). |
| 12/18/12 Tue | Sherman, J 2080340/18 | 0.30 | 0.30 | 195.75 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* REVIEW/EXECUTE MONTHLY FEE APPLICATION. |
| 12/19/12 Wed | Connor, A 2080340/22 | 3.20 | 3.20 | 892.80 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* MAKE INQUIRY TO NUMEROUS ATTORNEYS FOR RESPONSES TO FEE EXAMINER'S REPORT. |
| 12/19/12 Wed | Riesco, N 2080340/21 | 0.30 | 0.30 | 105.30 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* REVIEW/RESPOND TO EMAIL FROM A. CONNOR REGARDING RESPONSE TO FEE EXAMINER. |
| 12/19/12 Wed | Shepro, A 2080340/23 | 2.00 | 2.00 | 189.00 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* COMPLETE THIRTY-EIGHTH MONTHLY FEE APPLICATION. |
| 12/20/12 Thu | Connor, A 2080340/25 | 4.80 | 4.80 | 1,339.20 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* INCORPORATE INTO SPREADSHEET THE ATTORNEY RESPONSES TO INQUIRIES REGARDING FEE EXAMINER'S REPORT. |
| 12/20/12 Thu | McManus, J 2080340/24 | 0.80 | 0.80 | 208.80 | 0.60 0.20 | F F | 1 2 | *MATTER NAME: Tribune - Bankruptcy Fee Application* PREPARE THIRTY-EIGHTH MONTHLY FEE APPLICATION (.60); REVIEW FEE EXAMINER'S REPORT ON SEYFARTH'S ELEVENTH INTERIM FEE APPLICATION (.20). |
| 12/21/12 Fri | Connor, A 2080340/27 | 2.30 | 2.30 | 641.70 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* INCORPORATE INTO SPREADSHEET THE ATTORNEY RESPONSES TO INQUIRIES REGARDING FEE EXAMINER'S REPORT. |
| 12/21/12 Fri | McManus, J 2080340/26 | 0.80 | 0.80 | 208.80 | 0.40 0.40 | F F | 1 2 | *MATTER NAME: Tribune - Bankruptcy Fee Application* PREPARE INITIAL RESPONSE TO FEE EXAMINER'S REPORT ON SEYFARTH'S ELEVENTH INTERIM FEE APPLICATION (.40); REVISE SEYFARTH'S THIRTY-EIGHTH MONTHLY FEE APPLICATION (.40). |

~ See the last page of exhibit for explanation

EXHIBIT D

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 12/21/12 Fri | Shepro, A 2080340/28 | 1.40 | 1.40 | 132.30 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>BEING EDITS TO RESPONSE TO ELEVENTH INTERIM FEE AUDTIORS REPORT. |
| 12/24/12 Mon | Connor, A 2080340/29 | 3.10 | 3.10 | 864.90 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>INCORPORATE INTO SPREADSHEET THE ATTORNEY RESPONSES TO INQUIRIES REGARDING FEE EXAMINER'S REPORT. |
| 12/24/12 Mon | Shepro, A 2080340/30 | 1.40 | 1.40 | 132.30 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>WORK ON RESPONSE TO ELEVENTH FEE AUDITOR'S REPORT. |
| 12/26/12 Wed | Shepro, A 2080340/31 | 3.10 | 3.10 | 292.95 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>CONTINUE WITH EDITS REGARDING RESPONSE TO ELEVENTH INTERIM FEE APPLICATION. |
| 12/27/12 Thu | Connor, A 2080340/32 | 0.60 | 0.60 | 167.40 | 0.50  F<br>0.10  F | | 1<br>2 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>COMPLETE RESPONSES TO FEE EXAMINER'S REPORT (.50);<br>CIRCULATE (.10). |
| 12/27/12 Thu | Shepro, A 2080340/33 | 0.80 | 0.80 | 75.60 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>CONTINUE EDITS TO RESPONSE FOR ELEVENTH INTERIM FEE APPLICATION. |
| 12/28/12 Fri | McManus, J 2080340/34 | 0.60 | 0.60 | 156.60 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>PREPARE SEYFARTH'S THIRTEENTH INTERIM FEE APPLICATION. |
| 12/28/12 Fri | Shepro, A 2080340/35 | 2.20 | 2.20 | 207.90 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>CONTINUE EDITS TO RESPONSE TO ELEVENTH QUARTERLY FEE APPLICATION. |

Total | | | 54.50 | $10,781.10

Number of Entries: 34

~ See the last page of exhibit for explanation

EXHIBIT D
SEYFARTH RETENTION/COMPENSATION
Seyfarth Shaw LLP

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Connor, A | 23.60 | 6,584.40 |
| McManus, J | 6.20 | 1,618.20 |
| Riesco, N | 0.30 | 105.30 |
| Shepro, A | 24.10 | 2,277.45 |
| Sherman, J | 0.30 | 195.75 |
| | 54.50 | $10,781.10 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune - Bankruptcy Fee Application | 54.50 | 10,781.10 |
| | 54.50 | $10,781.10 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS
F        FINAL BILL