## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

### FEE EXAMINER'S FINAL REPORT REGARDING THE
### FORTY-EIGHTH AND FINAL MONTHLY APPLICATION OF
### CHADBOURNE & PARKE LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Forty-Eighth and Final Monthly Application of Chadbourne & Parke LLP* [Docket No. 13243] (the "**Fee Application**"). The Fee Application seeks approval of monthly fees that total $149,081.00 and reimbursement of expenses that total $43,259.89 for the period from December 1, 2012 through December 31, 2012. The Fee Application seeks approval of final fees that total $49,769,504.75

---

[1] The Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marketing, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

and expenses that total $3,125,011.94 for the period from December 18, 2008 through and including December 31, 2012.[2]    Chadbourne & Parke LLP ("**Chadbourne**") serves as co-counsel to the Official Committee of Unsecured Creditors of the Debtors (the "**Committee**").

## Background

1.    On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**"), each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Under this Court's *Order Directing Joint Administration Chapter 11 Cases* dated December 10, 2009 [Docket No. 43], these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

2.    On January 16, 2009, the Committee filed the *Application of the Official Committee of Unsecured Creditors of Tribune Company, et al., Pursuant to 11 U.S.C. §§ 327 and 1103 and Fed. R. Bankr. P. 2014, for an Order Authorizing the Employment and Retention of Chadbourne & Parke LLP as Co-Counsel, Effective as of December 18, 2008* [Docket No. 243] (the "**Retention Application**"). By order dated February 20, 2009 [Docket No. 429], this Court approved the retention of Chadbourne (the "**Retention Order**").

3.    Chadbourne submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 14, 2011) [Docket No. 225] (the "**Interim Compensation Order**").

## Applicable Standards

4.    In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense

---

[2] The Fee Examiner notes that Chadbourne's fee application also seeks "final approval of compensation for professional services rendered during the period January 1, 2013 through the final fee hearing on the Application...." However, as ordered, the Fee Examiner has only reviewed and reported on fees and expenses through December 31, 2012 (the date of emergence).

analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.      The Fee Examiner reviewed the Fee Application for compliance with Sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect

to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

7.     A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred.  A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules.  Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application.  A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.     The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to Chadbourne for review and comment.  The firm responded to the Fee Examiner with a verbal and written response.  After consideration of the additional information provided by the firm, the Fee Examiner now issues this final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5.*

## DISCUSSION OF FINDINGS – MONTHLY FEE APPLICATION

### Technical Requirements

9.    **Reconciliation of Fees and Expenses.**  The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**").  The Fee Examiner determined that the Fees Requested exceeded the Fees Computed by $49.00, resulting in an apparent overcharge.  The discrepancy was the result of task hours within several entries that did not equal the time billed for the entry as a whole, as was displayed in **Exhibit A** to the Preliminary Report.  Chadbourne agreed with the Fee Examiner's calculations, which resulted in a fee reduction in the amount of $49.00.  **Exhibit A** has been omitted from the Final Report.

The Fee Examiner further determined that there was no discrepancy between the Expenses Requested and the Expenses Computed.  The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

10.    **Block Billing.**  The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*.  The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[3]  The Delaware Bankruptcy Court has found that time entries that

---

[3] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

generally only combine work on one issue, and a conference/communication with the client or opposing counsel on the same issue, while technically blocked billing, will not be objectionable.[4] The Fee Examiner identified block billed entries totaling 5.80 hours and $3,250.00 in associated fees, as were displayed in **Exhibit B** to the Preliminary Report.[5]   However, none of the block billed entries were objectionable under the precedent established by this Court.  **Exhibit B** is omitted from the Final Report.

11.    **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)."  *Local Rule 2016-2(d)(iv)*.  The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour."  *UST Guidelines ¶(b)(4)(v)*.  Chadbourne complied with the applicable rules regarding time increments.

12.    **Potential Double Billing.**  The Fee Examiner did not identify any fee entries that appeared to be double billed.

### Review of Fees

13.    **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11."  *UST Guidelines ¶(b)(1)(iii)*.  The

---

[4] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

[5] This Final Report includes exhibits that detail and support the findings discussed herein.  Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit.  The tasks included in a specific category are underlined in the fee exhibits.  For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

Fee Application provided the names, positions, and hourly rates of the 14 Chadbourne professionals and paraprofessionals who billed to this matter, consisting of 6 partners, 2 counsel, 4 associates, and 2 paraprofessionals.  A summary of hours and fees billed by each timekeeper is displayed in **Exhibit C**.

The firm billed a total of 230.80 hours with associated fees of $149,032.00.[6]  The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 126.30 | 55% | $100,763.50 | 67% |
| Counsel | 3.80 | 2% | 2,581.00 | 2% |
| Associate | 82.00 | 35% | 40,171.00 | 27% |
| Paraprofessional | 18.70 | 8% | 5,516.50 | 4% |
| TOTAL | 230.80 | 100% | $149,032.00 | 100% |

The blended hourly rate for the Chadbourne professionals is $676.64 and the blended hourly rate for professionals and paraprofessionals is $645.72.

14.    **Hourly Rate Increases.**    Chadbourne did not increase the hourly rate of professionals during this interim period.

15.    **Timekeepers' Roles.**    A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*.  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.  On the whole, each Chadbourne timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

---

[6] This amount reflects the Fees Computed.

16.    **Meetings, Conferences, Hearings, and Other Events.**    The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" *Local Rule 2016-2(d)(ix)*, and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*.    While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more Chadbourne timekeepers attended the same meeting, conference, hearing, or other event.    Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees.    The entries, totaling 16.00 hours with $12,751.00 in associated fees, were displayed in **Exhibit D** to the Preliminary Report.    In each instance where multiple timekeepers attended a meeting, conference, hearing or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference).    The potentially duplicative and unnecessary timekeepers' entries totaled 11.90 hours with $8,953.50 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event, with attention to any meeting or event where more than two firm timekeepers were present.

In response to the Preliminary Report, Chadbourne and the Fee Examiner discussed the entries in question. The information conveyed substantiated the need for multiple timekeepers at the various meetings and/or events. After obtaining the additional information, the Fee Examiner determined the requirements of the Local Rules and UST Guidelines had been satisfied. No recommendation for a fee reduction is appropriate. **Exhibit D** has been omitted from the Final Report.

17.    **Intraoffice Conferences.**    Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified billing activities by Chadbourne timekeepers describing intraoffice conferences totaling 14.20 hours with $10,163.00 in associated fees, or 7% of the total Fees Computed, which was displayed in **Exhibit E** to the Preliminary Report. The Fee Examiner observed that in certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference. The entries describing intraoffice conferences invoiced by two or more firm personnel totaled 3.00 hours with $2,413.00 in associated fees and were highlighted in bold and marked with an ampersand [&] in the Exhibit.

In response to the Preliminary Report, Chadbourne and the Fee Examiner discussed the entries in question. The Fee Examiner and the firm reached a compromise wherein the firm agreed, without prejudice, to a fee reduction of $1,206.50. **Exhibit E** has been omitted from the Final Report.

18.    **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each

activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*. After reviewing Chadbourne's billing entries, the Fee Examiner only identified a couple vague time entries, which involved minimal time. Therefore, the Fee Examiner makes no recommendation for a fee reduction. No exhibit was prepared.

19. __Administrative Activities.__ Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The Fee Examiner reviewed each timekeeper's billing activities and did not identify any activity that appeared to be administrative in nature.

20. __Clerical Activities.__ Typically, clerical activities are those tasks that do not require legal acumen and may effectively be performed by administrative assistants, secretaries, or support personnel, and like administrative activities are generally reflected in the hourly rates charged by a firm. In the 3rd Circuit, however, clerical-type activities performed by professionals and/or paraprofessionals are subject to a reduced billing rate. The Fee Examiner did not identify any tasks describing clerical-type activities.

21.    **Travel.**  The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii).*  Chadbourne did not invoice fees for travel.

22.    **Chadbourne Retention/Compensation.**  Chadbourne billed 23.10 hours with associated fees of $10,569.50 to prepare the firm's applications for compensation.  The fee entries describing Chadbourne's retention/compensation activities are displayed in **Exhibit F** to the Preliminary Report, which is included in the Final Report for the Court's reference.

23.    **Other Firms' Retention/Compensation.**  Chadbourne billed 11.10 hours with associated fees of $6,389.50 for the retention and/or compensation of other firms.  The fee entries describing these activities are displayed in **Exhibit G** to the Preliminary Report, which is included in the Final Report for the Court's reference.

**Review of Expenses**

24.    **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii).*   The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii).*  Chadbourne provided an itemization for the firm

expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge. The Fee Examiner found no objectionable expense items.

## CONCLUSION – MONTHLY FEE APPLICATION

The Fee Examiner submits this final report regarding the Fee Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $147,825.50 ($149,081.00 minus $1,255.50) and reimbursement of expenses in the amount of $43,259.89 for the period from December 1, 2012 through December 31, 2012. The findings are set forth in **Exhibit H**.

## DISCUSSION OF FINDINGS – FINAL FEE APPLICATION

The Fee Examiner compared the fees and expenses requested in the Final Fee Application with the fees and expenses requested in the underlying interim fee applications and those approved by the Court (through the date of the filing of the Final Fee Application). The Fee Examiner agrees with the firm's calculation of the final fees and expenses requested.[7]

## CONCLUSION – FINAL FEE APPLICATION

The Fee Examiner submits this Final Report regarding Chadbourne & Parke LLP's Final Fee Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $49,633,930.87[8] and reimbursement of expenses in the amount of $3,122,444.35[9] for the period from December 18, 2008 through December 31, 2012.

---

[7] See footnote 2, *supra*.

[8] This is the amount of Chadbourne's final fee request ($49,769,504.75) adjusted by the fee reductions from the Fifteenth Interim Application ($4,647.88), Sixteenth Interim Application ($3,802.00), and Forty-Eighth Monthly Application ($1,255.50) as these amounts were not approved as of the date the Final Fee Application was filed – less Post-Effective Fees ($125,868.50) (see footnote 2, supra).

[9] This is the amount of Chadbourne's final expense request ($3,125,011.94) adjusted by the expense reductions from the Fifteenth Interim Application ($2,223.10) and Sixteenth Interim Application ($288.04) as these amounts were not approved as of the date the Final Fee Application was filed – less Post-Effective Expenses ($56.45) (see footnote 2, supra).

Respectfully submitted,

**STUART MAUE**

By: _____
    John F. Theil, Esq.
    3840 McKelvey Road
    St. Louis, Missouri  63044
    Telephone:  (314) 291-3030
    Facsimile:  (314) 291-6546
    tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 6th day of June, 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE  19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan Chase
Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE  19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

John F. Theil, Esq.

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Chadbourne & Parke LLP**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 1426 | Deutsch, Douglas E. | PARTNER | $745.00 | $745.00 | 56.80 | $42,316.00 |
| 3042 | Rosenblatt, Andrew | PARTNER | $745.00 | $745.00 | 34.90 | $26,000.50 |
| 0351 | LeMay, David M. | PARTNER | $925.00 | $925.00 | 20.00 | $18,500.00 |
| 0525 | Seife, Howard | PARTNER | $995.00 | $995.00 | 6.40 | $6,368.00 |
| 0361 | Leder, Richard M. | PARTNER | $995.00 | $995.00 | 6.20 | $6,169.00 |
| 6587 | Gallai, David | PARTNER | $705.00 | $705.00 | 2.00 | $1,410.00 |
| No. of Billers for Position: 6 | | Blended Rate for Position: | $797.81 | | 126.30 | $100,763.50 |
| | | | | % of Total: | 54.72% | % of Total: 67.61% |
| 7699 | Ashley, Marc D. | COUNSEL | $695.00 | $695.00 | 2.60 | $1,807.00 |
| 7681 | Stenger, James A. | COUNSEL | $645.00 | $645.00 | 1.20 | $774.00 |
| No. of Billers for Position: 2 | | Blended Rate for Position: | $679.21 | | 3.80 | $2,581.00 |
| | | | | % of Total: | 1.65% | % of Total: 1.73% |
| 6870 | Roitman, Marc | ASSOCIATE | $495.00 | $495.00 | 39.70 | $19,651.50 |
| 6951 | Distefano, Michael | ASSOCIATE | $435.00 | $435.00 | 21.10 | $9,178.50 |
| 6879 | Zafran, Kimberly | ASSOCIATE | $565.00 | $565.00 | 12.10 | $6,836.50 |
| 6906 | Daucher, Eric | ASSOCIATE | $495.00 | $495.00 | 9.10 | $4,504.50 |
| No. of Billers for Position: 4 | | Blended Rate for Position: | $489.89 | | 82.00 | $40,171.00 |
| | | | | % of Total: | 35.53% | % of Total: 26.95% |
| 8036 | Bava, David | PARAPROFESSIONA | $295.00 | $295.00 | 10.40 | $3,068.00 |
| 7797 | Lamb, Helen M. | PARAPROFESSIONA | $295.00 | $295.00 | 8.30 | $2,448.50 |
| No. of Billers for Position: 2 | | Blended Rate for Position: | $295.00 | | 18.70 | $5,516.50 |
| | | | | % of Total: | 8.10% | % of Total: 3.70% |
| Total No. of Billers: 14 | | Blended Rate for Report: | $645.72 | | 230.80 | $149,032.00 |

EXHIBIT F

CHADBOURNE RETENTION/COMPENSATION

Chadbourne & Parke LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Bava, D | 1.40 | 413.00 |
| Daucher, E | 9.10 | 4,504.50 |
| Deutsch, D | 4.30 | 3,203.50 |
| Lamb, H | 8.30 | 2,448.50 |
| | 23.10 | $10,569.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee/Retention Applications | 23.10 | 10,569.50 |
| | 23.10 | $10,569.50 |

EXHIBIT F

CHADBOURNE RETENTION/COMPENSATION

Chadbourne & Parke LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 12/01/12 Sat | Daucher, E 007514010/520 | 4.70 | 4.70 | 2,326.50 | | F | 1 | MATTER NAME: Fee/Retention Applications<br>DRAFTING OF RESPONSE AND EXHIBITS TO TO FEE EXAMINER'S REPORT ON THIRTEENTH REPORT INTERIM FEES. |
| 12/05/12 Wed | Deutsch, D 007514010/502 | 0.70 | 0.70 | 521.50 | 0.70 | F | 1 | MATTER NAME: Fee/Retention Applications<br>REVIEW AND MARK-UP REVISED DRAFT EXHIBITS FOR RESPONSE TO FEE EXAMINER'S REPORT ON 13TH QUARTERLY FEE APPLICATION (.7). |
| 12/05/12 Wed | Lamb, H 007514010/497 | 2.20 | 2.20 | 649.00 | | F | 1 | MATTER NAME: Fee/Retention Applications<br>REVIEW OF BILLING PROFORMAS/DAILY TIME DETAIL IN PREPARATION OF NOVEMBER FEE APPLICATION. |
| 12/06/12 Thu | Daucher, E 007514010/504 | 2.60 | 2.60 | 1,287.00 | | F | 1 | MATTER NAME: Fee/Retention Applications<br>REVISE PROPSED RESPONSE TO FEE EXAMINER'S REPORT ON 13TH INTERIM FEES AND EXHIBITS THERETO. |
| 12/06/12 Thu | Deutsch, D 007514010/499 | 1.60 | 1.60 | 1,192.00 | 0.40<br>0.30<br>0.90 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: Fee/Retention Applications<br>REVIEW AND RESEARCH ISSUES ON INSUFFICIENT DESCRIPTION MATTERS IDENTIFIED BY THE FEE EXAMINER (.4);<br>DISCUSS ADDITIONAL TASKS RELATED TO SAME WITH ERIC DAUCHER (.3);<br>REVIEW AND MAKE PRELIMINARY EDITS ON DRAFT LETTER TO FEE EXAMINER FOR THIRTEENTH INTERIM FEE APPLICATION (.9). |
| 12/06/12 Thu | Lamb, H 007514010/498 | 1.80 | 1.80 | 531.00 | | F | 1 | MATTER NAME: Fee/Retention Applications<br>PREPARATION OF WORK DESCRIPTION SUMMARIES FOR MONTHLY FEE APPLICATION. |
| 12/07/12 Fri | Daucher, E 007514010/521 | 1.80 | 1.80 | 891.00 | | F | 1 | MATTER NAME: Fee/Retention Applications<br>REVISE RESPONSE TO FEE EXAMINER'S REPORT ON THIRTEENTH INTERIM FEES AND RELATED EXHIBITS PER COMMENTS FROM D. DEUTSCH. |
| 12/10/12 Mon | Deutsch, D 007514010/501 | 0.30 | 0.30 | 223.50 | 0.30 | F | 1 | MATTER NAME: Fee/Retention Applications<br>REVIEW AND EDIT FINAL VERSION OF RESPONSE LETTER TO FEE EXAMINER REPORT RE: 13TH INTERIM FEE APPLICATION (.3). |
| 12/12/12 Wed | Lamb, H 007514010/503 | 1.60 | 1.60 | 472.00 | 0.30<br>1.30 | F<br>F | 1<br>2 | MATTER NAME: Fee/Retention Applications<br>REVIEW FEE EXAMINER PRELIMINARY REPORT ON 14TH INTERIM FEE APPLICATION (.3);<br>RESEARCH CERTAIN EXPENSE ISSUES RAISED IN REPORT AND PREPARE RESPONSE TO SAME (1.3). |
| 12/19/12 Wed | Deutsch, D 007514010/508 | 0.90 | 0.50 | 372.50 | 0.20<br>0.10<br>0.50<br>0.10 | F<br>F<br>F<br>F | 1<br>2<br>3<br>4 | MATTER NAME: Fee/Retention Applications<br>REVIEW MEMORANDUM ON COMMITTEE MEMBER REIMBURSEMENT ISSUE (.2);<br>E-MAIL DAVID BAVA RE: RELATED POSTING ISSUE (.1);<br>REVIEW DRAFT NOVEMBER FEE ENTRIES DETAIL AND EDIT SAME (.5);<br>REVIEW WEEKLY ORDINARY COURSE AND PROFESSIONAL FEE REPORTS (.1). |
| 12/19/12 Wed | Lamb, H 007514010/509 | 1.10 | 1.10 | 324.50 | | F | 1 | MATTER NAME: Fee/Retention Applications<br>FINALIZE DRAFT OF NOVEMBER FEE APPLICATION. |
| 12/20/12 Thu | Bava, D 007514010/513 | 1.40 | 1.40 | 413.00 | 1.40 | F | 1 | MATTER NAME: Fee/Retention Applications<br>PREPARE FORM OF EXHIBIT FOR USE IN CONNECTION WITH RESPONSE TO FEE EXAMINER'S FINAL REPORT RE: 14TH QUARTERLY APPLICATION (1.4). |

~  See the last page of exhibit for explanation

EXHIBIT F

CHADBOURNE RETENTION/COMPENSATION

Chadbourne & Parke LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| | | | | | | | | *MATTER NAME: Fee/Retention Applications* |
| 12/20/12 | Deutsch, D | 0.90 | 0.90 | 670.50 | 0.50 | F | 1 | REVIEW AND EDIT NOVEMBER 2012 FEE APPLICATION (.5); |
| Thu | 007514010/511 | | | | 0.10 | F | 2 | E-MAIL HELEN LAMB RE: NOTICE TO ALL BILLERS ON SAME (.1); |
| | | | | | 0.10 | F | 3 | E-MAIL (.1) |
| | | | | | 0.20 | F | 4 | AND CALL WITH FEE EXAMINER RE: VARIOUS STATUS/VARIOUS MATTERS (.2). |
| | | | | | | | | *MATTER NAME: Fee/Retention Applications* |
| 12/24/12 | Lamb, H | 1.60 | 1.60 | 472.00 | | F | 1 | PREPARATION OF SIXTEENTH INTERIM FEE APPLICATION. |
| Mon | 007514010/515 | | | | | | | |
| | | | | | | | | *MATTER NAME: Fee/Retention Applications* |
| 12/27/12 | Deutsch, D | 0.30 | 0.30 | 223.50 | 0.30 | F | 1 | REVIEW FEE EXAMINER'S FINAL REPORT (.3). |
| Thu | 007514010/518 | | | | | | | |
| | | | | | | | | |
| Total | | | 23.10 | $10,569.50 | | | | |
| | Number of Entries: | 15 | | | | | | |

EXHIBIT F

CHADBOURNE RETENTION/COMPENSATION

Chadbourne & Parke LLP

### SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Bava, D | 1.40 | 413.00 |
| Daucher, E | 9.10 | 4,504.50 |
| Deutsch, D | 4.30 | 3,203.50 |
| Lamb, H | 8.30 | 2,448.50 |
| | 23.10 | $10,569.50 |

### SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee/Retention Applications | 23.10 | 10,569.50 |
| | 23.10 | $10,569.50 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F       FINAL BILL

EXHIBIT G

OTHER FIRMS' RETENTION/COMPENSATION

Chadbourne & Parke LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Deutsch, D | 2.90 | 2,160.50 |
| Distefano, M | 2.00 | 870.00 |
| LeMay, D | 0.50 | 462.50 |
| Roitman, M | 5.40 | 2,673.00 |
| Rosenblatt, A | 0.30 | 223.50 |
| | 11.10 | $6,389.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee/Retention Applications | 10.80 | 6,166.00 |
| Plan Litigation/Implementation | 0.30 | 223.50 |
| | 11.10 | $6,389.50 |

EXHIBIT G
OTHER FIRMS' RETENTION/COMPENSATION
Chadbourne & Parke LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 12/04/12 Tue | Deutsch, D 007514010/496 | 0.40 | 0.40 | 298.00 | 0.30 0.10 | F F | 1 2 | MATTER NAME: Fee/Retention Applications<br>REVIEW LAST TWO WEEKLY ORDINARY CASE PROFESSIONAL CHARTS (.3);<br>REVIEW LAST TWO WEEKLY PROFESSIONAL APPLICATION REPORTS (.1). |
| 12/07/12 Fri | Distefano, M 007514010/500 | 0.20 | 0.20 | 87.00 | 0.10 0.10 | F F | 1 2 | MATTER NAME: Fee/Retention Applications<br>PREPARE WEEKLY CASE PROFESSIONALS FEE REPORT (.1);<br>PREPARE WEEKLY ORDINARY COURSE PROFESSIONALS REPORT (.1). |
| 12/14/12 Fri | Distefano, M 007514010/505 | 0.20 | 0.20 | 87.00 | 0.10 0.10 | F F | 1 2 | MATTER NAME: Fee/Retention Applications<br>PREPARE WEEKLY CASE PROFESSIONALS REPORT (.1);<br>PREPARED ORDINARY COURSE PROFESSIONALS REPORT (.1). |
| 12/17/12 Mon | Roitman, M 007514010/516 | 0.70 | 0.70 | 346.50 | 0.70 | F | 1 | MATTER NAME: Fee/Retention Applications<br>EMAILS WITH M. MCGUIRE RE COMMITTEE MEMBER FEE/EXPENSE CLAIMS (0.7); |
| 12/18/12 Tue | Deutsch, D 007514010/506 | 1.50 | 1.50 | 1,117.50 | 0.30<br>0.40<br>0.20<br>0.20<br>0.10<br>0.20<br>0.10 | F<br>F<br>F<br>F<br>F<br>F<br>F | 1<br>2<br>3<br>4<br>5<br>6<br>7 | MATTER NAME: Fee/Retention Applications<br>REVIEW INQUIRIES FROM KERRIANNE MILLS RE: COMMITTEE MEMBER REIMBURSEMENT FEE AND EXPENSES PROVISIONS OF PLAN (.3);<br>RESEARCH RELATED PLAN PROVISIONS (.4);<br>HOLD RELATED MEETING WITH DAVID LEMAY (.2);<br>E-MAIL KERRIANNE RESPONSE ON SAME (.2);<br>DRAFT E-MAIL TO MARC ROITMAN RE: REQUIRED FOLLOW-UP RELATED TO SAME (.1);<br>REVIEW COMMITTEE POSTING ON FEE/EXPENSE ISSUE (.2)<br>AND E-MAIL DAVID BAVA RE: QUESTION ON SAME (.1). |
| 12/18/12 Tue | Roitman, M 007514010/507 | 0.90 | 0.90 | 445.50 | 0.30<br>0.20<br>0.20<br>0.20 | F<br>F<br>F<br>F | 1<br>2<br>3<br>4 | MATTER NAME: Fee/Retention Applications<br>CONFER WITH M. MCGUIRE RE COMMITTEE MEMBER FEE/EXPENSE CLAIMS (0.3);<br>CONFER WITH D. LEMAY RE: SAME (0.2);<br>CONFER WITH D. DEUTSCH RE: FINAL COMMITTEE FEE ESTIMATE (0.2);<br>EMAIL WITH A&M RE: SAME (0.2) |
| 12/19/12 Wed | Deutsch, D 007514010/508 | 0.90 | 0.40 | 298.00 | 0.20<br>0.10<br>0.50<br>0.10 | F<br>F<br>F<br>F | 1<br>2<br>3<br>4 | MATTER NAME: Fee/Retention Applications<br>REVIEW MEMORANDUM ON COMMITTEE MEMBER REIMBURSEMENT ISSUE (.2);<br>E-MAIL DAVID BAVA RE: RELATED POSTING ISSUE (.1);<br>REVIEW DRAFT NOVEMBER FEE ENTRIES DETAIL AND EDIT SAME (.5);<br>REVIEW WEEKLY ORDINARY COURSE AND PROFESSIONAL FEE REPORTS (.1). |
| 12/19/12 Wed | LeMay, D 007514010/512 | 0.50 | 0.50 | 462.50 | | F | 1 | MATTER NAME: Fee/Retention Applications<br>REVIEW AND REVISE MEMO AND ANNEXED FORM FOR COMMITTEE MEMBER FEE REIMBURSEMENT. |

~  See the last page of exhibit for explanation

EXHIBIT G
OTHER FIRMS' RETENTION/COMPENSATION
Chadbourne & Parke LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| | | | | | | | | *MATTER NAME: Fee/Retention Applications* |
| 12/19/12 | Roitman, M | 3.80 | 3.80 | 1,881.00 | 0.10 | F | 1 | CALL WITH M. MCGUIRE RE: COMMITTEE MEMBER FEE/EXPENSE CLAIMS (0.1): |
| Wed | 007514010/510 | | | | 0.10 | F | 2 | CALL WITH D. LEMAY RE: SAME (0.1): |
| | | | | | 2.10 | F | 3 | DRAFT MODEL FEE STATEMENT FOR COMMITTEE MEMBERS TO USE IN PREPARATION OF COMMITTEE MEMBER FEE/EXPENSE CLAIMS (2.1): |
| | | | | | 0.10 | F | 4 | CALL WITH H. LAMB RE: SAME (0.1): |
| | | | | | 0.60 | F | 5 | DRAFT EMAIL TO COMMITTEE RE: PREPARATION OF STATEMENTS FOR COMMITTEE MEMBER FEE/EXPENSE CLAIMS (0.6): |
| | | | | | 0.20 | F | 6 | CONFER WITH D. LEMAY RE: SAME (0.2): |
| | | | | | 0.20 | F | 7 | EMAILS WITH K. WILLIAMS RE: EFFECTIVE DATE CONSIDERATIONS (0.2): |
| | | | | | 0.40 | F | 8 | EMAILS WITH W. SMITH RE: DRAFT NARRATIVE OF FEE/EXPENSE CLAIM (0.4). |
| | | | | | | | | *MATTER NAME: Plan Litigation/Implementation* |
| 12/20/12 | Rosenblatt, A | 2.70 | 0.30 | 223.50 | 0.60 | F | 1 | REVIEW SIDLEY EMAIL AND MEMORANDUM RE: CLOSING AND REMAINING TASKS (.6): |
| Thu | 007514021/582 | | | | 0.20 | F | 2 | DISCUSS ISSUES WITH ROITMAN RE: SAME (.2): |
| | | | | | 0.30 | F | 3 | REVIEW UNSECURED CREDITOR CLAIM AMOUNTS (.3): |
| | | | | | 1.00 | F | 4 | REVIEW ALVAREZ CLOSING MEMORANDUM AND CLAIMS UPDATE (1.0): |
| | | | | | 0.30 | F | 5 | REVIEW UPDATE ON STATUS OF COMMITTEE MEMBER FEE REIMBURSEMENT REQUEST AND REVIEW PLAN RE: FEE CAP (.3): |
| | | | | | 0.30 | F | 6 | REVIEW UPDATE FROM SIDLEY RE: AURELIUS APPROVAL OF PROPOSED CHANGE TO PLAN SUPPLEMENT DOCUMENT (.3). |
| | | | | | | | | *MATTER NAME: Fee/Retention Applications* |
| 12/21/12 | Distefano, M | 1.00 | 1.00 | 435.00 | 0.20 | F | 1 | PREPARE WEEKLY CASE PROFESSIONALS FEE REPORT (.2): |
| Fri | 007514010/514 | | | | 0.40 | F | 2 | PREPARE ORDINARY COURSE PROFESSIONALS FEE REPORT (.4): |
| | | | | | 0.40 | F | 3 | REVIEWED DEBTORS' SUPPLEMENTAL RETENTION APPLICATION FOR PAUL WEISS (.4). |
| | | | | | | | | *MATTER NAME: Fee/Retention Applications* |
| 12/28/12 | Deutsch, D | 0.60 | 0.60 | 447.00 | 0.40 | F | 1 | REVIEW LAST WEEK'S ORDINARY COURSE PROFESSIONALS' REPORT (.4): |
| Fri | 007514010/519 | | | | 0.20 | F | 2 | REVIEW LAST TWO WEEKLY PROFESSIONAL FEE APPLICATION REPORTS (.2). |
| | | | | | | | | *MATTER NAME: Fee/Retention Applications* |
| 12/28/12 | Distefano, M | 0.60 | 0.60 | 261.00 | 0.30 | F | 1 | PREPARE WEEKLY ORDINARY COURSE PROFESSIONALS REPORT (.3): |
| Fri | 007514010/517 | | | | 0.30 | F | 2 | PREPARED CASE PROFESSIONALS FEE REPORT (.3). |
| Total | | | 11.10 | $6,389.50 | | | | |
| Number of Entries: | 13 | | | | | | | |

EXHIBIT G

OTHER FIRMS' RETENTION/COMPENSATION

Chadbourne & Parke LLP

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Deutsch, D | 2.90 | 2,160.50 |
| Distefano, M | 2.00 | 870.00 |
| LeMay, D | 0.50 | 462.50 |
| Roitman, M | 5.40 | 2,673.00 |
| Rosenblatt, A | 0.30 | 223.50 |
| | 11.10 | $6,389.50 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee/Retention Applications | 10.80 | 6,166.00 |
| Plan Litigation/Implementation | 0.30 | 223.50 |
| | 11.10 | $6,389.50 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS
F       FINAL BILL

# EXHIBIT H

## CHADBOURNE & PARKE LLP

## SUMMARY OF FINDINGS

**Forty-Eighth Monthly Application (December 1, 2012 through December 31, 2012)**

**A.    Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $149,081.00 | |
| Expenses Requested | 43,259.89 | |
| TOTAL FEES AND EXPENSES REQUESTED | | $192,340.89 |
| Fees Computed | $149,032.00 | |
| Expenses Computed | 43,259.89 | |
| TOTAL FEES AND EXPENSES COMPUTED | | $192,291.89 |
| Discrepancy in Fees | $      49.00 | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $      49.00 |

**B.    Recommended Fee Allowance and Expense Reimbursement**

| | | |
|---|---|---|
| Fees Requested | $149,081.00 | |
| *Discrepancy in Fees* | *($    49.00)* | |
| *Agreed Reduction for Intraoffice Conferences* | *(1,206.50)* | |
| Subtotal | *($1,255.50)* | |
| RECOMMENDED FEE ALLOWANCE | | $147,825.50 |
| Expenses Requested | $43,259.89 | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 43,259.89 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $191,085.39 |