UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE FOURTEENTH QUARTERLY AND FINAL APPLICATION OF MERCER (US) INC.

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Fourteenth Quarterly and Final Application of Mercer (US) Inc.* [Docket No. 13260] (the "**Fee Application**"). The Fee Application seeks the reimbursement of interim expenses that total $4,348.60 for the period from June 1, 2012 through December 31, 2012. The Fee Application seeks approval of final fees that total $1,593,399.58 and expenses that total $150,698.68 for the period from January 12, 2009

---

[1] The Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

through and including December 31, 2012.    Mercer (US) Inc. ("**Mercer**") serves as
Compensation Consultant to the Debtors.

### Background

1.    On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed
subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") filed a voluntary
petition for relief under Chapter 11 of the Bankruptcy Code.    On December 10, 2008, the
Bankruptcy Court entered an order consolidating the Debtors' Chapter 11 cases for procedural
purposes only.

2.    On January 7, 2009, the Debtors filed the *Application for an Order Authorizing
Debtors to Retain and Employ Mercer (US) Inc. as Compensation Consultant to the Debtors
Pursuant to 11 U.S.C. §§ 327(a) and 1107, Nunc Pro Tunc to January 12, 2009* [Docket
No. 893] (the "**Retention Application**").    By order dated May 11, 2009, this Court approved the
Retention Application [Docket No. 1179]) ("**Retention Order**").

3.    Mercer submitted the Fee Application pursuant to the *Order Establishing
Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*,
(January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

### Applicable Standards

4.    In light of the size and complexity of these Chapter 11 cases, this Court appointed
the Fee Examiner "to act as a special consultant to the Court for professional fee and expense
analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary
to establish uniform procedures for the review, allowance, and payment of fees and expenses of
Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other
applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.      The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**").  In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*.  In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

7.      A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred.  A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules.  Moreover, the exercise of billing judgment is an inherent and unavoidable component of every fee application.  A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.      The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to Mercer for review and comment.  Mercer provided a written response.  After consideration of the additional information provided by the firm, the Fee Examiner now issues this final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5.*

### DISCUSSION OF FINDINGS – INTERIM FEE APPLICATION

9.      **Reconciliation of Expenses.**  The Fee Examiner compared the total amount of expenses requested in the Fee Application ("**Expenses Requested**") and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Expenses Computed**").  The Fee Examiner determined that there is no discrepancy between the Expenses Requested and the Expenses Computed.  The firm did not invoice for any fees.

**Review of Expenses**

10.    **Itemization of Expenses.** The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*. The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*. Mercer provided an itemization for the firm expenses that included the category, the date, the description, and the amount. Mercer also provided supporting documentation for each of the expenses included in the Application. The Fee Examiner found no objectionable expense items.

## CONCLUSION – INTERIM FEE APPLICATION

The Fee Examiner recommends the approval of Mercer's request for reimbursement of expenses in the amount of $4,348.60 for the interim period from June 1, 2012 through December 31, 2012. No fees were invoiced.

## DISCUSSION OF FINDINGS – FINAL FEE APPLICATION

The Fee Examiner compared the fees and expenses requested in the Final Fee Application with the fees and expenses requested in the underlying interim fee applications and those approved by the Court. The Fee Examiner's initial reconciliation identified the following:

- The Final Fee Application requested a final fee of $1,593,399.58, while the Fee Examiner calculated an amount of $1,593,382.88 in final fees. It appeared that Mercer inadvertently did not include a fee reduction in the amount of $16.70 related to the Fourth Quarterly Application, which was agreed upon by the Fee Examiner and Mercer and approved by the Court.

- The Final Fee Application also requested final expenses in the amount of $150,698.68, while the Fee Examiner calculated an amount of final expenses totaling $150,162.20. It appeared that Mercer inadvertently did not include expense reductions totaling $536.48 related to the Fourth Quarterly Application, which were agreed upon by the Fee Examiner and Mercer and approved by the Court.

The Fee Examiner requested comment from Mercer regarding these issues. In response, Mercer agreed with the Fee Examiner's calculations.

## CONCLUSION – FINAL FEE APPLICATION

The Fee Examiner submits this final report regarding Mercer's Final Fee Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of final fees that total $1,593,382.88[2] and reimbursement of expenses that total $150,162.20[3] for the period from January 12, 2009 through and including December 31, 2012.

---

[2] This is the amount of Mercer's final fee request ($1,593,399.58) adjusted by the fee reduction from the Fourth Quarterly Application ($16.70), which the firm inadvertently omitted from the calculation of their final fee request.

[3] This is the amount of Mercer's final expense request ($150,698.68) adjusted by the sum of the expense reductions from the Fourth Quarterly Application ($536.48), which the firm inadvertently omitted from the calculation of their final expense request.

Respectfully submitted,

**STUART MAUE**

By:

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 6th day of June, 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

Devon J. Eggert
Freeborn & Peters LLP
311 S. Wacker Dr.
Chicago, Il 60606

_____
John F. Theil, Esq.