## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, et al.,[1]

Reorganized Debtors.

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

## FEE EXAMINER'S FINAL REPORT REGARDING THE
## FORTY-EIGHTH MONTHLY AND FINAL APPLICATION OF
## LANDIS RATH & COBB LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Forty-Eighth Monthly and Final Application of Landis Rath & Cobb LLP* [Docket No. 13267] (the "**Fee Application**"). The Fee Application seeks approval of monthly fees that total $234,383.00 and reimbursement of expenses that total $118,011.77 for the period from December 1, 2012 through December 31, 2012. The Fee Application seeks approval of final fees that total $9,470,632.50

---

[1] The Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

and expenses that total $1,741,572.85 for the period from December 18, 2008 through and including December 31, 2012.[2]  Landis Rath & Cobb LLP ("**LRC**") served as co-counsel to the Official Committee of Unsecured Creditors (the "**Committee**").

**Background**

1.      On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**").  Under this Court's *Order Directing Joint Administration Chapter 11 Cases* dated December 10, 2009 [Docket No. 43], these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

2.      On December 18, 2008, the Office of the United States Trustee for the District of Delaware (the "**UST**") appointed the Committee.

3.      On January 15, 2009, the Committee filed the *Application to Employ and Retain Landis Rath & Cobb LLP as Co-Counsel to the Official Committee of Unsecured Creditors, Nunc Pro Tunc to the Retention Date, Pursuant to Bankruptcy Code Section 1103(a)* [Docket No. 242] (the "**Retention Application**").  By order dated February 20, 2009, this Court approved the retention of LRC [Docket No. 322] (the "**Retention Order**").

4.      LRC submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 225] (the "**Interim Compensation Order**").

---

[2] The Fee Examiner notes that LRC's fee application also sought "final approval of compensation for legal services performed during the period commencing January 1, 2013, through and including the date of the final fee hearing in these cases."  As ordered, the Fee Examiner is only reporting on fees and expenses through December 31, 2012 (the date of emergence).

## Applicable Standards

5.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

6.      The Fee Examiner reviewed the Fee Application for compliance with Sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

7.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the

-3-

time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

8.     A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

9.     The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to LRC for review and comment. The firm submitted a written response to the questions and issues raised in the Preliminary Report.   After consideration of the additional information provided by the firm, the Fee Examiner now issues this final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5.*

-4-

## DISCUSSION OF FINDINGS – MONTHLY FEE APPLICATION

### Technical Requirements

10.    **Reconciliation of Fees and Expenses.**  The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application (**"Fees Requested"** and **"Expenses Requested"**) to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm (**"Fees Computed"** and **"Expenses Computed"**).  The Fee Examiner determined that the Fees Requested exceeded the Fees Computed by $64.00, resulting in an apparent overcharge.  The discrepancy was the result of task hours within one entry that did not equal the time billed for the entry as a whole, which was displayed in **Exhibit A** to the Preliminary Report.  The firm agreed with the Fee Examiner's calculations, which resulted in a fee reduction of $64.00.  Exhibit A has been omitted from this Final Report.

The Fee Examiner further determined that there was no discrepancy between the Expenses Requested and the Expenses Computed.  The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

11.    **Block Billing.**  The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii).*  The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[3]  The Delaware Bankruptcy Court has found that time entries that generally only combine work on one issue, and a conference/communication with the client or

---

[3] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g., In re Brous,* 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g., In re Baker,* 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

opposing counsel on the same issue, while technically block billing, will not be objectionable.[4] LRC timekeepers did not block bill their fee entries.

12.    **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*.  The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*.  LRC complied with the Local Rules and UST Guidelines regarding time increments.

**Review of Fees**

13.    **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*.  The Fee Application provided the names, positions, and hourly rates of the 14 LRC professionals and paraprofessionals who billed to this matter, consisting of 4 partners, 5 associates, 4 paralegals, and 1 legal assistant.  A summary of hours and fees billed by each timekeeper is displayed in **Exhibit B**.[5]

---

[4] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

[5] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

The firm billed a total of 697.90 hours with associated fees of \$234,319.00.[6]    The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 125.50 | 18% | \$ 71,802.00 | 31% |
| Associate | 280.90 | 40% | 101,263.00 | 43% |
| Paralegal | 286.00 | 41% | 60,539.00 | 26% |
| Legal Assistant | 5.50 | * | 715.00 | * |
| **TOTAL** | 697.90 | 100% | \$234,319.00 | 100% |

\* Less than 1%

The blended hourly rate for the LRC professionals is \$425.85 and the blended hourly rate for professionals and paraprofessionals is \$335.75.

14.    **Hourly Rate Increases.**  LRC did not increase the hourly rates of timekeepers during this interim period.

15.    **Timekeepers' Roles.**    A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*.  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.    On the whole, each LRC timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

16.    **Meetings, Conferences, Hearings, and Other Events.**  The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" *Local Rule 2016-2(d)(ix)*, and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm

---

[6] This amount reflects the Fees Computed.

attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*. While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified numerous occasions where two or more LRC timekeepers attended the same meeting, conference, hearing, or other event. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. All of the entries describing multiple attendees at meetings, conferences, hearings or other events, totaling 30.40 hours with $12,934.50 in associated fees, were displayed in **Exhibit C** to the Preliminary Report. In each instance where multiple timekeepers attended a meeting, conference, hearing or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference), typically the most senior attendee. The potentially duplicative and unnecessary timekeepers' entries totaled 19.30 hours with $7,073.00 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit.

The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response to the Preliminary Report, LRC provided a detailed explanation of the role and necessity of the two attorneys who handled the majority of the matters on behalf of the Committee. In addition, the firm offered additional information regarding the two litigation partners the firm utilized to handle the work related to the committee's investigation of the LBO.

LRC also noted that the majority of the questioned time entries related to coordinating the service of complaints and discovery on over 30,000 defendants, and that the litigation spawned by the investigation of the Debtors LBO is extraordinarily complex - involving tens of thousands of defendants worldwide. After consideration of the supplemental material provided, the Fee Examiner makes no recommendation for a related fee reduction. Exhibit C is omitted from the Final Report.

17.     **Intraoffice Conferences.**     Frequent intraoffice conferencing may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified billing activities by LRC timekeepers describing intraoffice conferences totaling 55.70 hours with $22,405.50 in associated fees, or approximately 10% of the total Fees Computed, as were displayed in **Exhibit D** to the Preliminary Report. In certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference.    The entries describing intraoffice conferences invoiced by two or more firm personnel total 53.10 hours with $21,574.00 in associated fees, which were highlighted in bold and marked with an ampersand [&] in the exhibit. An explanation of the timekeeper's roles, the necessity of the attendance of the timekeepers, and the necessity of this level of intraoffice conferencing were requested.

LRC responded by noting the size and complexity of the matters involved here, as well as by discussing the general necessity and reasonableness of the firm's intraoffice conferences among professionals. The firm also stated that it staffed these cases in a manner to eliminate inefficiency and duplication. The Fee Examiner does not recommend a fee reduction related to intraoffice conferencing. Exhibit D has been omitted from the Final Report.

18.     **Complete and Detailed Task Descriptions.**  Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary."  The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix).*  The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.  Time entries for court hearings and conferences should identify the subject of the hearing or conference. *UST Guidelines ¶(b)(4)(v).*  After reviewing LRC's billing entries, the Fee Examiner identified only one vague time entry.    The Fee Examiner makes no recommendation for a fee reduction.  No exhibit was prepared.

19.     **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.  No administrative activities were identified in LRC's billing entries.

20.     **Clerical Activities.**  Clerical activities do not require legal acumen, and may be effectively performed by administrative assistants, secretaries, or support personnel.  Similar to administrative activities, clerical activities are generally not billable and are considered to be part of the firm's overhead.  In the 3rd Circuit, however, some clerical and non-clerical activities may be compensable at a rate commensurate with the level of expertise or knowledge typically found

to be necessary to complete the task. After a full review of LRC's time records, there were no clerical activities identified.

21.    **Travel.** The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. The firm did not invoice for nonworking travel.

22.    **LRC Retention/Compensation.** LRC billed 29.00 hours with associated fees of $7,682.50 to prepare the firm's retention documents and applications for compensation, approximately 3% of the Fees Computed.    The fee entries describing LRC's retention/compensation activities are displayed in **Exhibit E**, which is included in the Final Report for the Court's reference.

23.    **Other Firms' Retention/Compensation.**    LRC billed 16.30 hours with associated fees of $5,039.00 for activities relating to other firms' retention and compensation, approximately 2% of the Fees Computed. The fee entries are displayed in **Exhibit F**, which is included in the Final Report for the Court's reference.

**Review of Expenses**

24.    **Itemization of Expenses.** The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*.    The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and

purpose of the expense. Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*. LRC provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

25.    **Photocopies.** The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii)*. The firm requested reimbursement for duplication charges calculated at a rate of $0.10 per page.

26.    **Computer-Assisted Legal Research.** Local Rule 2016-2 (e)(iii) provides that computer-assisted legal research charges shall not be more than the actual cost. The LRC monthly statements state that the firm "seeks reimbursement for computer assisted research, which is the actual cost of such charges."

27.    **Overtime Expenses.** LRC requested reimbursement of overtime wages totaling $1,780.00. Overtime charges for employees working late are considered part of a firm's overhead. These charges were displayed in **Exhibit G** to the Preliminary Report. Based upon issues raised in relation to the Final Report to the 8th Interim Fee Period, the Fee Examiner and LRC have again reached a compromise, whereby the firm has agreed to reduce its expense reimbursement request by $890.00. Exhibit G is omitted from the Final Report.

28.    **Working Meals.** LRC requested reimbursement of $44.00 for a charge that appears to be related to a meal for employees of LRC. The Fee Examiner requested that LRC provide supplemental information explaining the purpose of the meal charges displayed in **Exhibit H** to the Preliminary Report. In response, LRC agreed, without prejudice, to an expense reduction of $44.00. Exhibit H has been omitted from the Final Report.

## CONCLUSION – MONTHLY FEE APPLICATION

The Fee Examiner submits this Final Report regarding LRC's Fee Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $234,319.00 ($234,383.00 minus $64.00) and reimbursement of expenses in the amount of $117,077.77 ($118,011.77 minus $934.00) for the period from December 1, 2012 through December 31, 2012. The findings are set forth in **Exhibit I**.

## DISCUSSION OF FINDINGS – FINAL FEE APPLICATION

The Fee Examiner compared the fees and expenses requested in the Final Fee Application with the fees and expenses requested in the underlying interim fee applications and those approved by the Court (through the date of the filing of the Final Fee Application). The Fee Examiner agrees with the firm's calculation of the final fees and expenses requested.[7]

## CONCLUSION – FINAL FEE APPLICATION

The Fee Examiner submits this Final Report regarding Landis Rath & Cobb LLP's Final Fee Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $9,400,119.50[8] and reimbursement of expenses in the amount of $1,737,022.77[9] for the period from December 18, 2008 through December 31, 2012.

---

[7] See footnote 2, *supra*.

[8] This is the amount of LRC's final fee request ($9,470,632.50) adjusted by the fee reductions from the Fifteenth Interim Fee Application ($107.00), Sixteenth Interim Fee Application (addition of $515.00), and Forty-Eighth Monthly Application ($64.00) as these amounts were not approved as of the date the Final Fee Application was filed – less Post-Effective Fees ($70,857.00) (see footnote 2, supra).

[9] This is the amount of LRC's final expense request ($1,741,572.85) adjusted by the expense reductions from the Fifteenth Interim Fee Application ($282.99), Sixteenth Interim Fee Application ($1,593.00), and Forty-Eighth Monthly Application ($934.00) as these amounts were not approved as of the date the Final Fee Application was filed – less Post-Effective Expenses ($1,740.09) (see footnote 2, supra).

Respectfully submitted,

**STUART MAUE**

By: _____

    John F. Theil, Esq.
    3840 McKelvey Road
    St. Louis, Missouri  63044
    Telephone:   (314) 291-3030
    Facsimile:   (314) 291-6546
    tribunebkr@smmj.com

    *Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 7th day of June, 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for Prepetition
Lenders, JP Morgan Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

_____
John F. Theil, Esq.

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

### Landis Rath & Cobb LLP

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 3 | Rath, Daniel B. | PARTNER | $640.00 | $640.00 | 45.00 | $28,800.00 |
| 5 | Butcher, Rebecca L. | PARTNER | $495.00 | $495.00 | 42.70 | $21,136.50 |
| 2 | Cobb, Richard S. | PARTNER | $640.00 | $640.00 | 23.70 | $15,168.00 |
| 10 | McGuire, Matthew B. | PARTNER | $475.00 | $475.00 | 14.10 | $6,697.50 |
| | No. of Billers for Position: 4 | Blended Rate for Position: | $572.13 | | 125.50 | $71,802.00 |
| | | | | | % of Total: 17.98% | % of Total: 30.64% |
| 14 | Green, James S. | ASSOCIATE | $420.00 | $420.00 | 104.90 | $44,058.00 |
| 27 | Drobish, Jeffrey R. | ASSOCIATE | $325.00 | $325.00 | 126.10 | $40,982.50 |
| 13 | Ellis, J. Landon | ASSOCIATE | $350.00 | $350.00 | 24.00 | $8,400.00 |
| 24 | Brown, Kimberly A. | ASSOCIATE | $325.00 | $325.00 | 14.00 | $4,550.00 |
| 31 | Wright, Joseph D. | ASSOCIATE | $275.00 | $275.00 | 11.90 | $3,272.50 |
| | No. of Billers for Position: 5 | Blended Rate for Position: | $360.49 | | 280.90 | $101,263.00 |
| | | | | | % of Total: 40.25% | % of Total: 43.22% |
| 8 | Adams, Cathy A. | PARALEGAL | $210.00 | $210.00 | 183.90 | $38,619.00 |
| 9 | Rogers, Linda M. | PARALEGAL | $210.00 | $210.00 | 63.90 | $13,419.00 |
| 17 | Panchak, Frances A. | PARALEGAL | $230.00 | $230.00 | 28.70 | $6,601.00 |
| ACD | Dellose, Anthony C. | PARALEGAL | $200.00 | $200.00 | 9.50 | $1,900.00 |
| | No. of Billers for Position: 4 | Blended Rate for Position: | $211.67 | | 286.00 | $60,539.00 |
| | | | | | % of Total: 40.98% | % of Total: 25.84% |
| 15 | Lewicki, Cassandra | LEGAL ASSISTANT | $130.00 | $130.00 | 5.50 | $715.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $130.00 | | 5.50 | $715.00 |
| | | | | | % of Total: 0.79% | % of Total: 0.31% |
| | Total No. of Billers: 14 | Blended Rate for Report: | $335.75 | | 697.90 | $234,319.00 |

EXHIBIT E

LRC RETENTION/COMPENSATION

Landis Rath & Cobb LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Brown, K | 0.90 | 292.50 |
| Drobish, J | 5.60 | 1,820.00 |
| Ellis, J | 5.70 | 1,995.00 |
| Green, J | 0.60 | 252.00 |
| Lewicki, C | 5.50 | 715.00 |
| McGuire, M | 0.60 | 285.00 |
| Panchak, F | 10.10 | 2,323.00 |
| | 29.00 | $7,682.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune Company, et al. Bankruptcy | 29.00 | 7,682.50 |
| | 29.00 | $7,682.50 |

EXHIBIT E
LRC RETENTION/COMPENSATION
Landis Rath & Cobb LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 12/03/12 Mon | Brown, K 16046/372 | 0.10 | 0.10 | 32.50 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>DISCUSSION WITH F. PANCHAK RE: STATUS OF LRC'S 47TH MONTHLY FEE APP |
| 12/03/12 Mon | Green, J 16046/494 | 0.20 | 0.20 | 84.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>E-MAIL WITH F. PANCHAK AND C. ADAMS REGARDING DECEMBER FEES AND EXPENSES FOR FITZSIMONS LITIGATION. |
| 12/03/12 Mon | Panchak, F 16046/373 | 1.10 | 1.10 | 253.00 | 0.10<br>0.20<br>0.50<br>0.10<br>0.20 | F<br>F<br>F<br>F<br>F | 1<br>2<br>3<br>4<br>5 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>REVIEW P. GONDIPALLI EMAIL RE: ESTIMATED FEES/EXPENSES THROUGH DECEMBER (.1);<br>REVIEW SPREADSHEET RE: SAME (.2);<br>RESEARCH/CONFIRM ACTUAL AND ESTIMATED FEES/EXPENSES (.5);<br>EMAILS WITH M. MCGUIRE RE: SAME (.1);<br>EMAILS WITH J. GREEN RE: SAME (.2) |
| 12/04/12 Tue | Panchak, F 16046/374 | 0.30 | 0.30 | 69.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>BEGIN DRAFTING LRC 47TH MONTLY FEE APPLICATION |
| 12/05/12 Wed | Brown, K 16046/375 | 0.30 | 0.30 | 97.50 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>DISCUSSIONS WITH F. PANCHAK RE: QUESTIONS ON LRC'S 47TH MONTHLY FEE APP |
| 12/05/12 Wed | Panchak, F 16046/376 | 1.30 | 1.30 | 299.00 | 0.30<br>1.00 | F<br>F | 1<br>2 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>DISCUSSIONS WITH K. BROWN RE: LRC 47TH MONTHLY FEE APPLICATION (.3);<br>CONTINUE PREPARING SAME (1.0) |
| 12/06/12 Thu | Brown, K 16046/377 | 0.10 | 0.10 | 32.50 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>DISCUSSION WITH F. PANCHAK RE: LRC'S 47TH MONTHLY FEE APP |
| 12/06/12 Thu | Lewicki, C 16046/379 | 1.80 | 1.80 | 234.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>ASSIST F. PANCHAK RE: EDITS TO LRC 47TH MONTHLY FEE APP |
| 12/06/12 Thu | Panchak, F 16046/378 | 1.90 | 1.90 | 437.00 | 1.80<br>0.10 | F<br>F | 1<br>2 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>CONTINUE DRAFTING LRC 47TH MONTHLY FEE APPLICATION (1.8);<br>DISCUSSIONS WITH K. BROWN RE: SAME (.1) |
| 12/07/12 Fri | Brown, K 16046/380 | 0.20 | 0.20 | 65.00 | 0.10<br>0.10 | F<br>F | 1<br>2 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>DISCUSSION WITH F. PANCHAK RE: STATUS OF LRC'S 47TH MONTHLY FEE APP (.1);<br>CONFER WITH J. DROBISH RE: SAME (.1) |
| 12/07/12 Fri | Drobish, J 16046/466 | 0.20 | 0.20 | 65.00 | 0.10<br>0.10 | F<br>F | 1<br>2 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>DISCUSSION WITH F. PANCHAK (.1)<br>AND K. BROWN (.1) RE: LRC 47TH MONTHLY FEE APP |
| 12/07/12 Fri | Panchak, F 16046/381 | 0.10 | 0.10 | 23.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>REVIEW M. MCGUIRE AND GONDIPALLI EMAILS RE: UPDATED LRC FEE/EXPENSE ESTIMATES |

~  See the last page of exhibit for explanation

EXHIBIT E

LRC RETENTION/COMPENSATION

Landis Rath & Cobb LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 12/07/12 Fri | Panchak, F 16046/465 | 0.20 | 0.20 | 46.00 | 0.10 0.10 | F F | 1 2 | *MATTER NAME: Tribune Company, et al. Bankruptcy* DISCUSSION WITH BROWN (.1) AND DROBISH (.1) RE: LRC 47TH MONTHLY FEE APP |
| 12/10/12 Mon | Brown, K 16046/383 | 0.10 | 0.10 | 32.50 | | F | 1 | *MATTER NAME: Tribune Company, et al. Bankruptcy* DISCUSSION WITH F. PANCHAK RE: LRC 47TH MONTHLY FEE APP |
| 12/10/12 Mon | Panchak, F 16046/382 | 2.30 | 2.30 | 529.00 | 2.20 0.10 | F F | 1 2 | *MATTER NAME: Tribune Company, et al. Bankruptcy* CONTINUE DRAFTING LRC 47TH MONTHLY FEE APPLICATION (2.2); DISCUSSIONS WITH K. BROWN RE: SAME (.1) |
| 12/11/12 Tue | Lewicki, C 16046/384 | 3.20 | 3.20 | 416.00 | | F | 1 | *MATTER NAME: Tribune Company, et al. Bankruptcy* ASSIST F. PANCHAK RE: EDITS TO LRC 47TH FEE APPL |
| 12/13/12 Thu | Drobish, J 16046/397 | 3.00 | 3.00 | 975.00 | | F | 1 | *MATTER NAME: Tribune Company, et al. Bankruptcy* BEGIN PREPARING LRC 47TH MONTHLY FEE APPLICATION |
| 12/17/12 Mon | Green, J 16046/495 | 0.40 | 0.40 | 168.00 | 0.10 0.20 0.10 | F F F | 1 2 3 | *MATTER NAME: Tribune Company, et al. Bankruptcy* REVIEW (.1) AND RESPOND (.2) TO DECEMBER 17, 2012 FEE EXAMINER'S PRELIMINARY REPORT REGARDING THE FOURTEENTH INTERIM FEE APPLICATION OF LRC; AND E-MAIL SUMMARY RESPONSE TO M. MCGUIRE (.1) |
| 12/18/12 Tue | Panchak, F 16046/385 | 0.20 | 0.20 | 46.00 | 0.10 0.10 | F F | 1 2 | *MATTER NAME: Tribune Company, et al. Bankruptcy* REVIEW GONDIPALLI EMAIL AND UPDATED SPREADSHEET RE: LRC FEES/EXPENSES THROUGH YEAR-END (.1); DISCUSSION WITH L. PEDICONE RE: SAME (.1) |
| 12/19/12 Wed | Brown, K 16046/398 | 0.10 | 0.10 | 32.50 | | F | 1 | *MATTER NAME: Tribune Company, et al. Bankruptcy* EMAIL WITH F. PANCHAK RE: RESPONSES TO LRC'S 46TH MONTHLY FEE APP |
| 12/19/12 Wed | Panchak, F 16046/386 | 0.20 | 0.20 | 46.00 | 0.10 0.10 | F F | 1 2 | *MATTER NAME: Tribune Company, et al. Bankruptcy* EMAILS WITH LANDIS, MCGUIRE AND DROBISH RE: RESPONSES TO LRC 46TH MONTHLY FEE APPLICATION (.1); DRAFT CERTIFICATE OF NO OBJECTION RE: SAME (.1) |
| 12/19/12 Wed | Panchak, F 16046/387 | 0.40 | 0.40 | 92.00 | 0.30 0.10 | F F | 1 2 | *MATTER NAME: Tribune Company, et al. Bankruptcy* FILE AND COORDINATE SERVICE OF CERTIFICATE OF NO OBJECTION RE: LRC 46TH MONTHLY FEE APPLICATION (.3); EMAIL TO PEDICONE AND LEWICKI RE: SAME (.1) |
| 12/20/12 Thu | Drobish, J 16046/388 | 0.80 | 0.80 | 260.00 | 0.60 0.20 | F F | 1 2 | *MATTER NAME: Tribune Company, et al. Bankruptcy* CONTINUE TO REVIEW/REVISE 47TH MONTHLY FEE APP (.6); DISCUSSION WITH PANCHAK RE: SAME (.2) |
| 12/20/12 Thu | Panchak, F 16046/389 | 0.80 | 0.80 | 184.00 | 0.60 0.20 | F F | 1 2 | *MATTER NAME: Tribune Company, et al. Bankruptcy* CONTINUE DRAFTING LRC 47TH MONTHLY FEE APPLICATION (.6); DISCUSSIONS WITH J. DROBISH RE: SAME (.2) |

~ See the last page of exhibit for explanation

EXHIBIT E

LRC RETENTION/COMPENSATION

Landis Rath & Cobb LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 12/21/12 Fri | Drobish, J 16046/390 | 1.20 | 1.20 | 390.00 | 1.00 0.20 | F F | 1 2 | MATTER NAME: Tribune Company, et al. Bankruptcy REVIEW/REVISE LRC 47TH MONTHLY FEE APPLICATION (1.0); DISCUSSION WITH PANCHAK RE: SAME (.2) |
| 12/21/12 Fri | Lewicki, C 16046/392 | 0.50 | 0.50 | 65.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy ASSIST J. DROBISH RE: EDITS TO LRC 47TH MONTHLY FEE APP |
| 12/21/12 Fri | Panchak, F 16046/391 | 0.70 | 0.70 | 161.00 | 0.20 0.50 | F F | 1 2 | MATTER NAME: Tribune Company, et al. Bankruptcy DISCUSSIONS WITH J. DROBISH RE: LRC 47TH MONTHLY FEE APPLICATION (.2); CONTINUE DRAFTING LRC 47TH MONTHLY FEE APPLICATION (.5) |
| 12/24/12 Mon | McGuire, M 16046/399 | 0.60 | 0.60 | 285.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy REVIEW OF PROJECTED LRC FEES |
| 12/24/12 Mon | Panchak, F 16046/393 | 0.30 | 0.30 | 69.00 | 0.10 0.10 0.10 | F F F | 1 2 3 | MATTER NAME: Tribune Company, et al. Bankruptcy REVIEW P. GONDIPALLI EMAIL RE: LRC ESTIMATED FEES/EXPENSES (.1); RESEARCH SAME (.1); EMAILS WITH M. MCGUIRE RE: SAME (.1) |
| 12/27/12 Thu | Ellis, J 16046/343 | 2.10 | 2.10 | 735.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy CONTINUE DRAFTING LRC 47TH MONTHLY FEE APP |
| 12/28/12 Fri | Drobish, J 16046/394 | 0.40 | 0.40 | 130.00 | 0.20 0.20 | F F | 1 2 | MATTER NAME: Tribune Company, et al. Bankruptcy DISCUSSION W/ ELLIS RE: FEE APP (.2); EMAIL UPDATE TO MCGUIRE SAME (.2) |
| 12/28/12 Fri | Ellis, J 16046/396 | 3.60 | 3.60 | 1,260.00 | 3.20 0.20 0.20 | F F F | 1 2 3 | MATTER NAME: Tribune Company, et al. Bankruptcy CONTINUE DRAFTING LRC 47TH MONTHLY FEE APP (3.2); CONFERENCES WITH DROBISH (.2) AND PANCHAK (.2) RE: SAME |
| 12/28/12 Fri | Panchak, F 16046/395 | 0.20 | 0.20 | 46.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy DISCUSSIONS WITH L. ELLIS RE: LRC 47TH MONTHLY FEE APPLICATION |
| 12/31/12 Mon | Panchak, F 16046/464 | 0.10 | 0.10 | 23.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy DISCUSSION WITH BROWN RE: STATUS OF LRC 47TH MONTHLY FEE APP |
| | | | 29.00 | $7,682.50 | | | | |
| Total Number of Entries: | 34 | | | | | | | |

EXHIBIT E

LRC RETENTION/COMPENSATION

Landis Rath & Cobb LLP


SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Brown, K | 0.90 | 292.50 |
| Drobish, J | 5.60 | 1,820.00 |
| Ellis, J | 5.70 | 1,995.00 |
| Green, J | 0.60 | 252.00 |
| Lewicki, C | 5.50 | 715.00 |
| McGuire, M | 0.60 | 285.00 |
| Panchak, F | 10.10 | 2,323.00 |
| | 29.00 | $7,682.50 |


SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune Company, et al. Bankruptcy | 29.00 | 7,682.50 |
| | 29.00 | $7,682.50 |


(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL

EXHIBIT F

OTHER FIRMS' RETENTION/COMPENSATION

Landis Rath & Cobb LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Brown, K | 0.90 | 292.50 |
| Dellose, A | 1.50 | 300.00 |
| McGuire, M | 5.10 | 2,422.50 |
| Panchak, F | 8.80 | 2,024.00 |
| | 16.30 | $5,039.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune Company, et al. Bankruptcy | 16.30 | 5,039.00 |
| | 16.30 | $5,039.00 |

EXHIBIT F

OTHER FIRMS' RETENTION/COMPENSATION

Landis Rath & Cobb LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 12/03/12 Mon | Brown, K 16046/402 | 0.10 | 0.10 | 32.50 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy REVIEW AND ANALYZE THE 14TH QUARTERLY FEE SUMMARY |
| 12/03/12 Mon | Brown, K 16046/403 | 0.10 | 0.10 | 32.50 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy REVIEW AND ANALYZE THE 15TH QUARTERLY FEE SUMMARY |
| 12/03/12 Mon | Panchak, F 16046/400 | 0.20 | 0.20 | 46.00 | 0.10 | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy PREPARE SINGLE AFFIDAVIT OF SERVICE RE: ALIXPARTNERS 46TH, MOELIS 46TH AND ZUCKERMAN 39TH MONTHLY FEE APPLICATIONS (.1); |
| | | | | | 0.10 | F | 2 | FILE SAME (.1) |
| 12/03/12 Mon | Panchak, F 16046/401 | 0.20 | 0.20 | 46.00 | 0.10 | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy BRIEFLY REVIEW PROFESSIONAL'S FEE SUMMARIES RE: 14TH QUARTERLY (.1) |
| | | | | | 0.10 | F | 2 | AND 15TH QUARTERLY (.1) |
| 12/06/12 Thu | Brown, K 16046/405 | 0.20 | 0.20 | 65.00 | 0.10 | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy REVIEW AND EXECUTE CERTIFICATE OF NO OBJECTION FOR ZS'S 38TH MONTHLY FEE APP (.1) |
| | | | | | 0.10 | F | 2 | AND BRIEF DISCUSSION WITH F. PANCHAK RE: FILING OF SAME (.1) |
| 12/06/12 Thu | Panchak, F 16046/404 | 0.30 | 0.30 | 69.00 | 0.10 | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy EMAILS WITH A. GOLDFARB RE: RESPONSES TO ZUCKERMAN 38TH MONTHLY FEE APPLICATION (.1); |
| | | | | | 0.10 | F | 2 | DRAFT CERTIFICATE OF NO OBJECTION RE: SAME (.1); |
| | | | | | 0.10 | F | 3 | DRAFT AFFIDAVIT OF SERVICE RE: SAME (.1) |
| 12/06/12 Thu | Panchak, F 16046/406 | 0.50 | 0.50 | 115.00 | 0.30 | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy FILE AND COORDINATE SERVICE OF CERTIFICATE OF NO OBJECTION TO ZUCKERMAN 38TH MONTHLY FEE APPLICATION (.3); |
| | | | | | 0.10 | F | 2 | FOLLOW-UP EMAIL TO A. GOLDFARB RE: SAME (.1); |
| | | | | | 0.10 | F | 3 | DISCUSSION WITH BROWN RE: SAME (.1) |
| 12/10/12 Mon | Panchak, F 16046/407 | 0.10 | 0.10 | 23.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy REVIEW ORDER ALLOWING PAYMENT TO LOEB & LOEB |
| 12/11/12 Tue | Brown, K 16046/408 | 0.40 | 0.40 | 130.00 | 0.20 | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy REVIEW EMAIL FROM M. ROITMAN RE: COMMITTEE MEMBER FEE STATEMENTS (.2); |
| | | | | | 0.10 | F | 2 | EMAIL WITH F. PANCHAK AND J. DROBISH RE: SAME (.1) |
| | | | | | 0.10 | F | 3 | AND DISCUSSION WITH F. PANCHAK RE: SAME (.1) |
| 12/11/12 Tue | Panchak, F 16046/409 | 0.30 | 0.30 | 69.00 | 0.10 | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy REVIEW M. ROITMAN EMAIL RE: POTENTIAL DEADLINE FOR SUBMITTING COMMITTEE MEMBERS FEES AND EXPENSE PER PLAN (.1); |
| | | | | | 0.10 | F | 2 | DISCUSSION (.1) |
| | | | | | 0.10 | F | 3 | AND EMAIL (.1) WITH K. BROWN RE: SAME |
| 12/14/12 Fri | Panchak, F 16046/174 | 0.10 | 0.10 | 23.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy REVIEW NOTICE OF COLE SCHOTZ 47TH MONTHLY FEE APPLICATION; UPDATE CRITICAL DATES |

~ See the last page of exhibit for explanation

EXHIBIT F
OTHER FIRMS' RETENTION/COMPENSATION
Landis Rath & Cobb LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
| 12/17/12 Mon | McGuire, M 16046/433 | 0.80 | 0.80 | 380.00 | 0.60 0.20 | F 1 F 2 | MATTER NAME: Tribune Company, et al. Bankruptcy RESEARCH RE: STATUS OF ZS FEE APPLICATIONS (.6): EMAILS WITH SOTTILE RE: SAME (.2) |
| 12/17/12 Mon | Panchak, F 16046/178 | 0.10 | 0.10 | 23.00 | | F 1 | MATTER NAME: Tribune Company, et al. Bankruptcy REVIEW NOTICE OF SEYFARTH SHAW 37TH MONTHLY FEE APPLICATION: UPDATE CRITICAL DATES |
| 12/17/12 Mon | Panchak, F 16046/410 | 0.10 | 0.10 | 23.00 | | F 1 | MATTER NAME: Tribune Company, et al. Bankruptcy EMAILS WITH H. LAMB RE: CERTIFICATE OF NO OBJECTION REGARDING CHADBOURNE'S 46TH MONTHLY FEE APPLICATION |
| 12/17/12 Mon | Panchak, F 16046/411 | 0.10 | 0.10 | 23.00 | | F 1 | MATTER NAME: Tribune Company, et al. Bankruptcy REVIEW P. RATKOWIAK EMAIL RE: DEADLINE TO FILE 16TH INTERIM FEE APPLICATIONS |
| 12/18/12 Tue | McGuire, M 16046/412 | 2.00 | 2.00 | 950.00 | 0.30 1.70 | F 1 F 2 | MATTER NAME: Tribune Company, et al. Bankruptcy EMAILS AND CALLS WITH ROITMAN RE: COMMITTEE MEMBER FEE REIMBURSEMENT ISSUES (.3): RESEARCH RE: SAME (1.7) |
| 12/18/12 Tue | McGuire, M 16046/413 | 0.30 | 0.30 | 142.50 | | F 1 | MATTER NAME: Tribune Company, et al. Bankruptcy EMAILS WITH GOLDFARB AND J. CAREY CHAMBERS RE: ZS 6TH & 7TH INTERIM FEE APPLICATION STATUS |
| 12/18/12 Tue | McGuire, M 16046/434 | 2.00 | 2.00 | 950.00 | 0.40 1.60 | F 1 F 2 | MATTER NAME: Tribune Company, et al. Bankruptcy EMAILS WITH ROITMAN RE: COMMITTEE FEE REIMBURSEMENT (.4): RESEARCH RE: SAME (1.6) |
| 12/19/12 Wed | Brown, K 16046/432 | 0.10 | 0.10 | 32.50 | | F 1 | MATTER NAME: Tribune Company, et al. Bankruptcy REVIEW EMAIL FROM M. ROITMAN RE: COMMITTEE MEMBER FEE STATEMENTS |
| 12/19/12 Wed | Panchak, F 16046/207 | 0.10 | 0.10 | 23.00 | | F 1 | MATTER NAME: Tribune Company, et al. Bankruptcy REVIEW NOTICE OF DAVIS WRIGHT AUGUST FEE APPLICATIONS: UPDATE CRITICAL DATES |
| 12/19/12 Wed | Panchak, F 16046/214 | 0.10 | 0.10 | 23.00 | | F 1 | MATTER NAME: Tribune Company, et al. Bankruptcy REVIEW NOTICE OF 13TH INTERIM FEE HEARING: UPDATE CRITICAL DATES |
| 12/19/12 Wed | Panchak, F 16046/215 | 0.10 | 0.10 | 23.00 | | F 1 | MATTER NAME: Tribune Company, et al. Bankruptcy REVIEW NOTICE OF 14TH INTERIM FEE HEARING: UPDATE CRITICAL DATES |
| 12/19/12 Wed | Panchak, F 16046/414 | 0.10 | 0.10 | 23.00 | | F 1 | MATTER NAME: Tribune Company, et al. Bankruptcy DRAFT CERTIFICATE OF NO OBJECTION RE: CHADBOURNE 46TH MONTHLY FEE APPLICATION |
| 12/19/12 Wed | Panchak, F 16046/415 | 0.10 | 0.10 | 23.00 | | F 1 | MATTER NAME: Tribune Company, et al. Bankruptcy CALLS/EMAILS WITH H. LAMB RE: CHADBOURNE'S 47TH MONTHLY FEE APPLICATION |

~  See the last page of exhibit for explanation

EXHIBIT F
OTHER FIRMS' RETENTION/COMPENSATION
Landis Rath & Cobb LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 12/19/12 Wed | Panchak, F 16046/416 | 0.10 | 0.10 | 23.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>REVIEW M. ROITMAN EMAIL RE: COMMITTEE MEMBER ADVISOR FEES |
| 12/19/12 Wed | Panchak, F 16046/417 | 0.40 | 0.40 | 92.00 | 0.30<br>0.10 | F<br>F | 1<br>2 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>FILE AND COORDINATE SERVICE OF CERTIFICATE OF NO OBJECTION RE: CHADBOURNE 46TH MONTHLY FEE APPLICATION (.3);<br>EMAIL TO H. LAMB RE: SAME (.1) |
| 12/20/12 Thu | Panchak, F 16046/418 | 0.20 | 0.20 | 46.00 | 0.10<br>0.10 | F<br>F | 1<br>2 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>PREPARE AFFIDAVIT OF SERVICE FOR CERTIFICATE OF NO OBJECTION RE: LRC AND CHADBOURNE 46TH MONTHLY FEE APPLICATIONS (.1);<br>FILE SAME (.1) |
| 12/21/12 Fri | Panchak, F 16046/238 | 0.10 | 0.10 | 23.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>REVIEW NOTICE OF PAUL WEISS SEPTEMBER FEE APPLICATION; UPDATE CRITICAL DATES |
| 12/21/12 Fri | Panchak, F 16046/239 | 0.10 | 0.10 | 23.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>REVIEW NOTICE OF PAUL WEISS OCTOBER FEE APPLICATION; UPDATE CRITICAL DATES |
| 12/21/12 Fri | Panchak, F 16046/243 | 0.10 | 0.10 | 23.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>REVIEW NOTICE OF PAUL HASTINGS 21ST MONTHLY FEE APPLICATION; UPDATE CRITICAL DATES |
| 12/21/12 Fri | Panchak, F 16046/419 | 0.30 | 0.30 | 69.00 | 0.10<br>0.10<br>0.10 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>EMAILS WITH ALIXPARTNERS RE: RESPONSES TO 46TH MONTHLY FEE APPLICATION (.1);<br>DRAFT CERTIFICATE OF NO OBJECTION RE: SAME (.1);<br>DRAFT AFFIDAVIT OF SERVICE RE: SAME (.1) |
| 12/21/12 Fri | Panchak, F 16046/420 | 0.40 | 0.40 | 92.00 | 0.30<br>0.10 | F<br>F | 1<br>2 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>FILE AND COORDINATE SERVICE OF CERTIFICATE OF NO OBJECTION RE: ALIXPARTNERS 46TH MONTHLY FEE APPLICATION (.3);<br>EMAIL TO A. LEUNG RE: SAME (.1) |
| 12/21/12 Fri | Panchak, F 16046/421 | 0.10 | 0.10 | 23.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>EMAILS WITH J. WARSAVSKY RE: RESPONSES TO MOELIS' 46TH MONTHLY FEE APPLICATION |
| 12/21/12 Fri | Panchak, F 16046/422 | 0.10 | 0.10 | 23.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>EMAILS WITH A. GOLDFARB RE: RESPONSES TO ZUCKERMAN'S 39TH MONTHLY FEE APPLICATION |
| 12/24/12 Mon | Panchak, F 16046/423 | 0.10 | 0.10 | 23.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>DRAFT CERTIFICATE OF NO OBJECTION RE: MOELIS 46TH MONTHLY FEE APPLICATION |
| 12/24/12 Mon | Panchak, F 16046/424 | 0.20 | 0.20 | 46.00 | 0.10<br>0.10 | F<br>F | 1<br>2 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>DRAFT CERTIFICATE OF NO OBJECTION RE: ZUCKERMAN'S 39TH MONTHLY FEE APPLICATION (.1);<br>EMAILS WITH M. MCGUIRE RE: SAME (.1) |

~  See the last page of exhibit for explanation

EXHIBIT F

OTHER FIRMS' RETENTION/COMPENSATION

Landis Rath & Cobb LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 12/26/12 Wed | Dellose, A 16046/427 | 0.30 | 0.30 | 60.00 | 0.10 0.20 | F F | 1 2 | MATTER NAME: Tribune Company, et al. Bankruptcy PREPARE (.1) AND FILE (.2) CNO FOR MOELIS 46TH MONTHLY FEE APPLICATION |
| 12/26/12 Wed | Dellose, A 16046/468 | 0.30 | 0.30 | 60.00 | 0.10 0.20 | F F | 1 2 | MATTER NAME: Tribune Company, et al. Bankruptcy PREPARE (.1) AND FILE (.2) ZUCKERMAN'S 39TH MONTHLY FEE APPLICATION |
| 12/26/12 Wed | Dellose, A 16046/469 | 0.30 | 0.30 | 60.00 | 0.10 0.20 | F F | 1 2 | MATTER NAME: Tribune Company, et al. Bankruptcy PREPARE (.1) AND FILE (.2) MOELIS'S 47TH MONTHLY FEE APPLICATION |
| 12/27/12 Thu | Dellose, A 16046/428 | 0.60 | 0.60 | 120.00 | 0.40 0.20 | F F | 1 2 | MATTER NAME: Tribune Company, et al. Bankruptcy DRAFT AFFIDAVIT OF SERVICE FOR CNO'S AND MOELIS 47TH MONTHLY FEE APPLICATION (.4) FILE SAME (.2) |
| 12/27/12 Thu | Panchak, F 16046/267 | 0.10 | 0.10 | 23.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy REVIEW NOTICE OF REED SMITH 46TH MONTHLY FEE APPLICATION: UPDATE CRITICAL DATES |
| 12/27/12 Thu | Panchak, F 16046/268 | 0.10 | 0.10 | 23.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy REVIEW NOTICE OF REED SMITH 16TH INTERIM FEE APPLICATION: UPDATE CRITICAL DATES |
| 12/27/12 Thu | Panchak, F 16046/425 | 0.20 | 0.20 | 46.00 | 0.10 0.10 | F F | 1 2 | MATTER NAME: Tribune Company, et al. Bankruptcy REVIEW A. DELLOSE AND J. WARSAVSKY EMAILS RE: MOELIS 47TH MONTHLY FEE APPLICATION (.1): REVIEW AS-FILED NOTICE AND APPLICATION (.1) |
| 12/27/12 Thu | Panchak, F 16046/426 | 0.90 | 0.90 | 207.00 | 0.10 0.10 0.10 0.10 0.40 0.10 | F F F F F F | 1 2 3 4 5 6 | MATTER NAME: Tribune Company, et al. Bankruptcy EMAILS WITH H. LAMB RE: CHADBOURNE'S 47TH MONTHLY FEE APPLICATION (.1): REVIEW SAME IN PREPARATION OF FILING (.1): DRAFT NOTICE RE: SAME (.1): DRAFT AFFIDAVIT OF SERVICE RE: SAME (.1): FILE AND COORDINATE SERVICE OF SAME (.4): FOLLOW-UP EMAIL TO H. LAMB RE: SAME (.1) |
| 12/28/12 Fri | Panchak, F 16046/275 | 0.10 | 0.10 | 23.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy REVIEW NOTICE OF PAUL HASTINGS 22ND FEE APP: UPDATE CRITICAL DATES |
| 12/28/12 Fri | Panchak, F 16046/277 | 0.10 | 0.10 | 23.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy REVIEW NOTICE OF SIDLEY AUSTIN 46TH MONTHLY FEE APPLICATION: UPDATE CRITICAL DATES |
| 12/28/12 Fri | Panchak, F 16046/278 | 0.10 | 0.10 | 23.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy REVIEW NOTICE OF SIDLEY AUSTIN 47TH MONTHLY FEE APPLICATION: UPDATE CRITICAL DATES |

~  See the last page of exhibit for explanation

EXHIBIT F
OTHER FIRMS' RETENTION/COMPENSATION
Landis Rath & Cobb LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|-----------|---|---|-------------|
| 12/28/12 Fri | Panchak, F 16046/429 | 1.60 | 1.60 | 368.00 | 0.20 | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>DISCUSSIONS WITH M. MCGUIRE RE: CERTIFICATION OF COUNSEL AND PROPOSED ORDER REGARDING ZUCKERMAN SPAEDER 6TH & 7TH INTERIM FEE APPLICATIONS (.2); |
| | | | | | 0.60 | F | 2 | DRAFT/REVISE CERTIFICATION OF COUNSEL (.6); |
| | | | | | 0.50 | F | 3 | DRAFT/REVISE PROPOSED ORDER (.5); |
| | | | | | 0.20 | F | 4 | FILE SAME (.2); |
| | | | | | 0.10 | F | 5 | EMAIL TO M. MCGUIRE RE: SAME (.1) |
| 12/28/12 Fri | Panchak, F 16046/430 | 0.20 | 0.20 | 46.00 | 0.10 | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>REVIEW ORDER APPROVING ZUCKERMAN 6TH & 7TH INTERIM FEE APPLICATIONS (.1); |
| | | | | | 0.10 | F | 2 | EMAIL TO ZUCKERMAN AND LRC RE: SAME (.1) |
| 12/31/12 Mon | Panchak, F 16046/279 | 0.10 | 0.10 | 23.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>BRIEFLY REVIEW ALIXPARTNERS WEEKLY REPORT |
| 12/31/12 Mon | Panchak, F 16046/285 | 0.10 | 0.10 | 23.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>BRIEFLY REVIEW CHADBOURNE MEMO RE: MOTION TO SUBSTITUTE PLAINTIFFS IN CERTAIN ADVERSARY ACTIONS |
| 12/31/12 Mon | Panchak, F 16046/286 | 0.10 | 0.10 | 23.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>REVIEW NOTICE OF STUART MAUE NOVEMBER FEE APPLICATION: UPDATE CRITICAL DATES |
| 12/31/12 Mon | Panchak, F 16046/287 | 0.10 | 0.10 | 23.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>REVIEW NOTICE OF PAUL WEISS RETENTION APPLICATION: UPDATE CRITICAL DATES |
| 12/31/12 Mon | Panchak, F 16046/431 | 0.30 | 0.30 | 69.00 | 0.10 | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>COORDINATE SERVICE OF ORDER APPROVING ZUCKERMAN 6TH & 7TH INTERIM FEE APPLICATIONS (.1); |
| | | | | | 0.10 | F | 2 | PREPARE AFFIDAVIT OF SERVICE RE: SAME (.1); |
| | | | | | 0.10 | F | 3 | FILE SAME (.1) |
| Total<br>Number of Entries: | 54 | | 16.30 | $5,039.00 | | | | |

EXHIBIT F

OTHER FIRMS' RETENTION/COMPENSATION

Landis Rath & Cobb LLP

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Brown, K | 0.90 | 292.50 |
| Dellose, A | 1.50 | 300.00 |
| McGuire, M | 5.10 | 2,422.50 |
| Panchak, F | 8.80 | 2,024.00 |
| | 16.30 | $5,039.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune Company, et al. Bankruptcy | 16.30 | 5,039.00 |
| | 16.30 | $5,039.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL

**EXHIBIT I**

**LANDIS RATH & COBB LLP**

**SUMMARY OF FINDINGS**

**Forty-Eighth Monthly Application (December 1, 2012 through December 31, 2012)**

**A.    Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $234,383.00 | |
| Expenses Requested | 118,011.77 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $352,394.77 |
| | | |
| Fees Computed | $234,319.00 | |
| Expenses Computed | 118,011.77 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $352,330.77 |
| | | |
| Discrepancy in Fees | $    64.00 | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $    64.00 |

**B.    Recommended Fee Allowance and Expense Reimbursement**

| | | |
|---|---|---|
| Fees Requested | $234,383.00 | |
| *Agreed Reduction for Discrepancy in Fees* | | *($ 64.00)* |
| Subtotal | | *($ 64.00)* |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $234,319.00 |
| | | |
| Expenses Requested | $118,011.77 | |
| *Agreed Reduction for Overtime Expenses* | | *($890.00)* |
| *Uncontested Reduction for Working Meals* | | *(44.00)* |
| Subtotal | | *($934.00)* |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 117,077.77 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $351,396.77 |