# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE AMENDED MONTHLY AND AMENDED FINAL APPLICATION OF JENNER & BLOCK LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Amended Monthly Application for November – December 2012 and Amended Final Quarterly Application of Jenner & Block LLP* [Docket No. 13453] (the "**Fee Application**"). The Fee Application seeks approval of monthly fees that total $15,124.65 and reimbursement of expenses that total $31,289.55 for the period from December 1, 2012 through December 31, 2012. The Fee Application seeks approval of

---

[1] The Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

final fees that total $2,761,566.47 and expenses that total $238,422.04 for the period from December 8, 2008 through December 31, 2012. Jenner & Block LLP ("**Jenner**") served as Special Counsel to the Debtors for certain litigation matters.

## Background

1. On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2. On December 26, 2008, the Debtors filed the Application for an Order Authorizing Debtors and Debtors in Possession to Retain Jenner & Block LLP as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to the Petition Date [Docket No. 142] (the "**Retention Application**"). By order dated February 20, 2009, this Court approved the Retention Application (the "**Initial Retention Order**").

3. On April 28, 2009, the Court entered an Order (the "**Supplemental Retention Order**") [Docket No. 1097] approving the Debtors' Supplemental Application for an Order Expanding the Scope of the Retention of Jenner & Block LLP as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to March 5, 2009 (the "**Supplemental Retention Application**"). The Supplemental Retention Application sought clarification of the scope of Jenner's representation to allow Jenner to assist the Debtors with responding to a subpoena issued by the Department of Labor on March 2, 2009. Jenner continued to advise and assist the Debtors in connection with the DOL inquiry.

4. Jenner submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**")

### Applicable Standards

5. In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

6. The Fee Examiner reviewed the Fee Application for compliance with Sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

7. Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court

shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

8.  A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

9.  The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to Jenner for review and comment. The firm and the Fee Examiner communicated regarding the issues raised in the Preliminary Report, and Jenner also provided a written response to the Preliminary Report. After consideration of the additional

information provided by the firm, the Fee Examiner now issues this final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5.*

## DISCUSSION OF FINDINGS – MONTHLY FEE APPLICATION

### Technical Requirements

10.    **Reconciliation of Fees and Expenses.** The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**"). The Fee Examiner determined that there is no discrepancy between the Fees Requested and the Fees Computed (after accounting for discounts and Tribune's share).

The Fee Examiner notes that, with regard to the Aereo Appeal matter, Jenner has provided a 10% discount for all timekeepers and an additional reduction of approximately 2.8% for the associates. The responsibility for the billing to the Aereo Appeal matter was also shared among three parties, with Tribune being responsible for a 25% share. This report is based on the fees computed by the Fee Examiner after adjusting the hourly billing rates to reflect the discounts and share percentage.

The Fee Examiner further determined that there is no discrepancy between the Expenses Requested and the Expenses Computed. Tribune is responsible for 25% of the total expenses billed. The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

11. **Block Billing.** The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*. The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[2] The Delaware Bankruptcy Court has found that time entries that generally only combine work on one issue, and a conference/communication with the client or opposing counsel on the same issue, while technically block billing, will not be objectionable.[3] Jenner only block billed one entry, totaling 1.10 hours and $162.12 in associated fees. The entry was identified in **Exhibit A**[4] to the Preliminary Report. Based upon precedent established by this Court, however, the block billed entry is not objectionable, and the Fee Examiner makes no recommendation for a fee reduction. Exhibit A has been omitted from the Final Report.

12. **Time Increments.** The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*. The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines* ¶(b)(4)(v). Jenner complied with the Local Rules and UST Guidelines regarding time increments.

---

[2] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g., In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g., In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to a hundred percent. *See id.* at 495 n.7 and cases cited.

[3] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow a hundred percent of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

[4] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

## Review of Fees

13. **Firm Staffing.** The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*. The Fee Application provided the names, positions, and hourly rates of the 13 Jenner professionals and paraprofessionals who billed to this matter, consisting of 7 partners, 5 associates, and 1 paralegal. A summary of hours and fees billed by each timekeeper is displayed in **Exhibit B**.

The firm billed a total of 36.50 hours with associated fees of $15,124.65.[5] The following table displays the hours computed by timekeeper position and the percentage of total hours for each position:

| Position | Hours | Percentage of Total Hours |
|---|---|---|
| Partner | 17.80 | 49% |
| Associate | 14.20 | 39% |
| Paralegal | 4.50 | 12% |
| TOTAL | 36.50 | 100% |

14. **Hourly Rate Increases.** Jenner did not increase the hourly rates for any timekeepers during the interim fee period.

15. **Timekeepers' Roles.** A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*. With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts. On the whole, each timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed

---

[5] This amount reflects the Fees Computed, after accounting for discounts and Tribune's share.

limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals. However, the Fee Examiner requested additional information from Jenner regarding the necessity of the work performed by two associates. The time in question was displayed in **Exhibit C** to the Preliminary Report. In response, the firm agreed to a voluntary fee reduction of $31.39. Exhibit C has been omitted from the Report.

16. **Meetings, Conferences, Hearings, and Other Events.** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" *Local Rule 2016-2(d)(ix)*, and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*. While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role. The Fee Examiner did not identify any instances where Jenner timekeepers invoiced to attend the same meeting, conference, hearing, or other event.

17. **Intraoffice Conferences.** Frequent intraoffice conferencing may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified billing activities by Jenner timekeepers describing intraoffice conferences, totaling 4.00 hours with $2,404.00 in associated fees, as were displayed in **Exhibit D** to the Preliminary Report. In certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference. The entries describing intraoffice conferences invoiced by two or more firm personnel totaled 3.30 hours with $2,001.50 in associated fees, which were highlighted in bold and marked with an ampersand [&] in the

Exhibit. However, based on the detail provided in the entries and amended fee application as well as the amount of time at issue, the Fee Examiner does not recommend a related fee reduction. Exhibit D has been omitted from the Final Report.

18. **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.

The Fee Examiner identified entries totaling 2.50 hours with $1,135.28 in associated fees in which a conference or other communication was not described with sufficient detail. This lack of detail hinders a reviewer's ability to determine the reasonableness and necessity of the activity, and is in violation of the applicable guidelines. The entries were displayed in **Exhibit E** to the Preliminary Report. The Fee Examiner asked Jenner to comment on or provide the missing information to bring the questioned time entries into compliance. In response, Jenner agreed to a voluntary fee reduction in the amount of $567.64. Exhibit E has been omitted from the Final Report.

19. **Administrative Activities.** Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The Fee Examiner did not identify any fee entries describing administrative activity.

20. **Clerical Activities.** Clerical activities do not require legal acumen, and may be effectively performed by administrative assistants, secretaries, or support personnel. Similar to administrative activities, clerical activities are generally not billable and are considered to be part of the firm's overhead. In the 3rd Circuit, however, some clerical and non-clerical activities may be compensable at a rate commensurate with the level of expertise or knowledge typically found to be necessary to complete the task. The Fee Examiner reviewed each timekeeper's billing activities and did not identify any substantial clerical activities.

21. **Travel.** The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. Jenner did not invoice any fee entries describing travel.

22. **Jenner Retention/Compensation.** Jenner billed 2.40 hours with associated fees of $1,164.00 to prepare the firm's retention documents and applications for compensation. The fee entries describing Jenner's retention/compensation activities are displayed in **Exhibit F**, which is included in the Final Report for the Court's reference.

### Review of Expenses

23. **Itemization of Expenses.** The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*. The UST

Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*. Jenner provided an itemization for its expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

24.     **Travel Expenses.**  Jenner provided supporting documentation for the travel expenses requested in the Application. The Fee Examiner has recommended, and the Court has followed, certain per person ceilings for meals incurred during travel (i.e. breakfast - $15.00, lunch - $25.00, and dinner - $50.00) and a domestic lodging ceiling of $350.00 per night. The Fee Examiner identified meal and lodging charges in excess of these ceilings, as well as hotel minibar charges and a potentially excessive airfare charge. The questioned expense items where displayed in **Exhibit G** to the Preliminary Report. In response, the firm agreed to an expense reduction of $1,035.42. No further expense reduction is appropriate and Exhibit G has been removed from the Final Report.

25.     **Outside Professional Services - JAMS.**  The JAMS, Inc. invoice reviewed in conjunction with the Sixteenth Interim Fee Application included estimated expenses totaling $8,200.00 (a fee retainer and travel expense advance). The invoice states that, at the conclusion of the case, any unused portion of the $8,200.00 will be refunded. Additional JAMS, Inc. charges were incurred during this Monthly Application for November – December 2012,

however, the current expenses were paid in full, without drawing from the retainer or the travel expense advance. The Fee Examiner requested that the firm verify that the unused fee retainer and travel expense advance have been refunded. In its response, the firm stated that it did receive a refund check in the amount of $8,200.00 for the JAMS retainer and that the money is in Tribune's client account. The Fee Examiner previously approved payment of this amount in the Sixteenth Quarterly Application. To fully account for the return of the retainer, the Fee Examiner will adjust Jenner's final expense request in the amount of $2,050.00 (25% of $8,200.00).

## CONCLUSION – MONTHLY FEE APPLICATION

The Fee Examiner submits this Final Report regarding Jenner's Application and the fees discussed above. The Fee Examiner recommends the approval of fees in the amount of $14,525.62 ($15,124.65 minus $599.03) and the reimbursement of expenses that total $28,204.13 ($31,289.55 minus $3,085.42 for the period December 1, 2012 through December 31, 2012. The findings are set forth in **Exhibit H**.

## DISCUSSION OF FINDINGS – FINAL FEE APPLICATION

The Fee Examiner compared the fees and expenses requested in Jenner's Final Fee Application with the fees and expenses requested in the underlying interim fee applications and those approved by the Court (through the date of the filing of the Final Fee Application). The Fee Examiner noted, and Jenner agreed, that the firm inadvertently omitted fees requested in the Fifteenth Quarterly Fee Application in the amount of $2,328.00 from its calculation of the final fees and expenses requested.

## CONCLUSION – FINAL FEE APPLICATION

The Fee Examiner submits this Final Report regarding Jenner & Block LLP's Fee Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $2,724,821.97[6] and reimbursement of expenses in the amount of $215,814.77,[7] for the period from December 8, 2008 through December 31, 2012.

Respectfully submitted,

**STUART MAUE**

By: _____
John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri 63044
Telephone:  (314) 291-3030
Facsimile:   (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

---

[6] This is the amount of Jenner's final fee request ($2,761,566.47) adjusted by the fee reductions from the Fifteenth Quarterly Application ($24,614.67), Sixteenth Quarterly Application ($13,858.80), and the Monthly Fees included in the Final Application ($599.03) as these amounts were not approved as of the date the Final Fee Application was filed; and additionally adjusted by an increase of $2,328.00 as discussed in the section, "Discussion of Findings – Final Fee Application," above.

[7] This is the amount of Jenner's final expense request ($238,422.04) adjusted by the expense reductions from the Fifteenth Quarterly Application ($19,210.26), Sixteenth Quarterly Application ($311.59), and the Monthly Expenses included in the Final Application ($3,085.42), because these amounts were not approved as of the date the Final Fee Application was filed.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 17th day of June, 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

David J. Bradford, Esq.
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654-3456

_____
John F. Theil, Esq.

**EXHIBIT B**
**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**
Jenner & Block LLP

| INITIALS | NAME | POSITION | FULL HOURLY RATE | 25% OF DISCOUNTED HOURLY RATE (TRIBUNE'S SHARE) | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| AWV | Vail, Andrew W. | PARTNER | $575.00 | | 8.90 | $ 5,117.50 |
| DJB | Bradford, David J. | PARTNER | $1,000.00 | | 2.80 | 2,800.00 |
| BJB | Bradford, Benjamin J. | PARTNER | $555.00 | | 3.00 | 1,665.00 |
| PMS | Smith, Paul M. | PARTNER | $950.00 | $213.75 | 1.10 | 235.12 |
| JZS | Shepard, Julie Ann | PARTNER | $655.00 | $147.38 | 1.50 | 221.07 |
| SBF | Fabrizio, Steven B. | PARTNER | $750.00 | $168.75 | 0.30 | 50.63 |
| KLD | Doroshow, Kenneth L. | PARTNER | $685.00 | $154.12 | 0.20 | 30.82 |
| **Subtotal - PARTNER** | | | | | **17.80** | **$ 10,120.14** |
| LEH | Hulce, Laura E.B. | ASSOCIATE | $335.00 | | 10.50 | $ 3,517.50 |
| LSR | Raiford, Landon S. | ASSOCIATE | $485.00 | | 2.40 | 1,164.00 |
| JLW | Wagman, Jennifer L. | ASSOCIATE | $500.00 | $109.37 | 1.00 | 109.37 |
| JNF | Friedman, Joshua N. | ASSOCIATE | $440.00 | $96.25 | 0.20 | 19.25 |
| MEP | Price, Matthew E. | ASSOCIATE | $555.00 | $121.40 | 0.10 | 12.14 |
| **Subtotal - ASSOCIATE** | | | | | **14.20** | **$ 4,822.26** |
| KNK | Kirschner, Kelly N. | PARALEGAL | $180.00 | $40.50 | 4.50 | $ 182.25 |
| **Subtotal - PARALEGAL** | | | | | **4.50** | **$ 182.25** |
| **GRAND TOTAL** | | | | | **36.50** | **$ 15,124.65** |

EXHIBIT F
JENNER RETENTION/COMPENSATION
Jenner & Block LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Raiford, L | 2.40 | 1,164.00 |
| | 2.40 | $1,164.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Application | 2.40 | 1,164.00 |
| | 2.40 | $1,164.00 |

EXHIBIT F
JENNER RETENTION/COMPENSATION
Jenner & Block LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | | DESCRIPTION |
|---|---|---|---|---|---|---|
| 12/05/12 Wed | Raiford, L 9252474/13 | 1.00 | 1.00 | 485.00 | 1 | MATTER NAME: *Fee Application* { L210 } {A103} EDITED FEE SUMMARY AS REQUESTED BY DEBTORS. |
| 12/06/12 Thu | Raiford, L 9252474/14 | 0.40 | 0.40 | 194.00 | 1 | MATTER NAME: *Fee Application* { L210 } {A103} FINALIZED FEE REQUESTS SUMMARY. |
| 12/27/12 Thu | Raiford, L 9252474/15 | 1.00 | 1.00 | 485.00 | 1 | MATTER NAME: *Fee Application* { L120 } {A104} RESPONDED TO INQUIRY RE FINAL FEE SUMMARY AND ESTIMATION OF EXPENSES IN ANTICIPATION OF DEBTORS' EMERGENCE FROM CHAPTER 11. |
| Total Number of Entries: 3 | | | 2.40 | $1,164.00 | | |

EXHIBIT F
JENNER RETENTION/COMPENSATION
Jenner & Block LLP

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Raiford, L | 2.40 | 1,164.00 |
| | 2.40 | $1,164.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Application | 2.40 | 1,164.00 |
| | 2.40 | $1,164.00 |

# EXHIBIT H

# JENNER & BLOCK LLP

# SUMMARY OF FINDINGS

## Amended Monthly Application (December 1, 2012 through December 31, 2012)

**A.   Amounts Requested and Computed**

| | | |
|---|---:|---:|
| Fees Requested | $15,124.65 | |
| Expenses Requested | 31,289.55 | |
| TOTAL FEES AND EXPENSES REQUESTED | | $46,414.20 |
| Fees Computed | $15,124.65 | |
| Expenses Computed | 31,289.55 | |
| TOTAL FEES AND EXPENSES COMPUTED | | $46,414.20 |

**B.   Recommended Fee Allowance and Expense Reimbursement**

| | | | |
|---|---:|---:|---:|
| Fees Requested | $15,124.65 | | |
| *Agreed Reduction for Timekeepers' Roles* | | ($ 31.39) | |
| *Agreed Reduction for Vague Communications* | | (567.64) | |
| Subtotal | | ($ 599.03) | |
| RECOMMENDED FEE ALLOWANCE | | | $14,525.62 |
| Expenses Requested | $31,289.55 | | |
| *Agreed Reduction for Travel Expenses* | | ($1,035.42) | |
| *Adjustment for JAMS, Inc. Retainer* | | (2,050.00) | |
| Subtotal | | ($3,085.42) | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 28,204.13 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $42,729.75 |