**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | * | Chapter 11 |
| **TRIBUNE COMPANY,** *et al.*, | * | Case No. 08-13141 (KJC) |
| Reorganized Debtors**.** | * | Jointly Administered |
| | * | Hearing Date:  June 26, 2013 at 1:00 pm ET |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**OPPOSITION OF KEIFFER J. MITCHELL, SR. AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF PARREN J. MITCHELL,
TO REORGANIZED DEBTORS' OBJECTION TO CLAIM NO. 878 [ECF NO. 13561]**

**and**

**MOTION TO PERMIT CLAIMANT'S OUT-OF-STATE COUNSEL
TO APPEAR AND BE HEARD AT CLAIMS HEARING ON
JUNE 26, 2013, PURSUANT TO LOCAL RULE 9010-1(e)(iii)**

Keiffer J. Mitchell, Sr., as personal representative of the Estate of Parren J. Mitchell ("Mitchell"), by his undersigned counsel, hereby opposes the Objection to Claim No. 878 (the "Objection") [ECF No. 13561, filed May 23, 2013] filed on behalf of the Reorganized Debtors,[1] and counsel requests permission to appear and be heard at the hearing on the Objection that is scheduled for June 26, 2013 (the "Claims Hearing").  For the reasons described herein, the Objection should be overruled.

<u>**Introduction and Factual Background**</u>

On December 8, 2008 (the "Petition Date"), The Baltimore Sun Company[2] ("The Baltimore Sun") filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy

---

[1] The term "Reorganized Debtor" is used here as defined in the Objection. *See* Obj. at 1, fn.1.

[2] According to the Reorganized Debtors, the Baltimore Sun Company, LLC is the successor-in-interest to The Baltimore Sun Company. *See* Obj. at 3, fn. 3.

Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"). As of the Petition Date, the Claimant held a claim against The Baltimore Sun's bankruptcy estate by virtue of, among other things, litigation pending in the Circuit Court for Baltimore City (the "Baltimore Circuit Court") that was initiated on June 7, 2002, involving claims against The Baltimore Sun for trespass and invasion of privacy by intrusion upon seclusion (the "Mitchell Lawsuit").[3]

Prior to the Petition Date, on April 22, 2008, the Baltimore Circuit Court had entered an order deferring dismissal of the Mitchell Lawsuit pursuant to Maryland Rule 2-507, until March 31, 2009 (the "Baltimore Circuit Court Order Deferring Dismissal"). Maryland Rule 2-507 generally provides that litigation may be "dismissed without prejudice" if there have been no entries on the docket for a period of one year. *See* Md. Rule 2-507(c),(f).

Following the Petition Date, on December 19, 2008, the Baltimore Circuit Court entered an order staying the litigation as to The Baltimore Sun (the "Baltimore Circuit Court Stay Order"), which order states, in part, that the stay of the Mitchell Lawsuit is "subject to Md. Rule 2-507." *See* Obj., Ex. B at p. 31. Thereafter, on March 31, 2009, the Baltimore Circuit Court entered an order dismissing the Mitchell Lawsuit without prejudice pursuant to Maryland Rule 2-507 (the "Dismissal Order").

The Mitchell Claim was filed on April 6, 2009. At the request of the Debtors, and pursuant to this Court's July 9, 2012, Order Sustaining Debtors' Fifty-Fourth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code,

---

[3] The original Complaint in the Mitchell Lawsuit also included a claim against The Baltimore Sun for intentional infliction for emotional distress, in addition to the claims for trespass and invasion of privacy. After the Baltimore Circuit Court granted summary judgment in favor of The Baltimore Sun and the other defendants, plaintiff appealed and the Maryland Court of Special Appeals reversed as to the claims for trespass and invasion of privacy. Accordingly, those claims were sent back to the Baltimore Circuit Court to be tried.

Bankruptcy Rule 3001, 3003, and 3007, and Local Rule 3007-1 [ECF No. 1969], the Mitchell

Claim was assigned to the case of The Baltimore Sun Company (Case No. 08-13209) in the

amount of $20,000,000.00.

In the Objection, the Reorganized Debtors contend that neither they nor Tribune

Company "have liability on account of the Mitchell Claim" because "the underlying lawsuit

upon which the Mitchell Claim is predicated was dismissed by the presiding state court prior to

when the Mitchell Claim was filed [and] the lawsuit cannot be revived due to the expiration of

the applicable 3-year statute of limitations." *See* Obj. at 1-2.

These arguments are without merit because they fail to properly assess the effect of the

automatic stay and Section 108(c) of the Bankruptcy Code on the underlying Mitchell Lawsuit.

First, the Baltimore Circuit Court's Dismissal Order is void because it was entered in violation of

the automatic stay.  Second, even if this Court were to conclude that the Dismissal Order is not

void as violative of the automatic stay, the dismissal of the Mitchell Lawsuit was nevertheless

improper because under Section 108(c) of the Bankruptcy Code, the time for Mitchell to

continue the Mitchell Lawsuit has not yet expired.  Consequently, there is no need for Mitchell to

file any new litigation that might be determined to be untimely under the applicable statute of

limitations.  *See* 11 U.S.C. § 108(c) (when a court order establishes a deadline for continuing

litigation and such deadline has not passed as of the bankruptcy petition date, the deadline is

extended until 30 days after the termination of the stay). Accordingly, this Court should overrule

the Reorganized Debtors' Objection to the Mitchell Claim.

## <u>Argument</u>

**1.  The Baltimore Circuit Court's Entry of the Dismissal Order in the Mitchell Lawsuit violated the automatic stay and is therefore void.**

A state court's entry of an order dismissing a civil action against the debtor constitutes a continuation of an action or proceeding against the debtor; consequently, unless the bankruptcy court has lifted the automatic stay, entry of such an order by a state court violates the automatic stay.  *See* 11 U.S.C. § 362(a)(1) ("a petition filed under section 301, 302, or 303 of this title … operates as a stay, applicable to all entities, of—(1) the commencement or continuation … of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title"); *see also Maritime Elec. Co, Inc. v. United Jersey Bank*, 959 F.2d 1194 (3rd Cir. 1991) ("Once triggered by a debtor's bankruptcy petition, the automatic stay suspends any non-bankruptcy court's authority to continue judicial proceedings then pending against the debtor. This is so because § 362's stay is mandatory and "applicable to all entities," including state and federal courts.").

A state court order entered in violation of the automatic stay is void.  *See Wells Fargo Bank N.A. v. Johnson*, 2012 WL 1203427 at *2 (D. Del., April 4, 2012) ("Generally, any action taken in violation of the automatic stay is void *ab initio*."); *Maritime Electric*, *supra*, "[a]bsent relief from the stay, judicial actions and proceedings against the debtor are void *ab initio*."  959 F.2d at 1206.[4]  Moreover, "[o]nly the bankruptcy court with jurisdiction over a debtor's case has the authority to grant relief from the stay of judicial proceedings against the debtor.  *Id.* at 1204.

---

[4] Although the U.S. Court of Appeals for the Third Circuit has recognized that certain violations of the stay may be voidable, rather than void *ab initio*, because they are subject to validation through annulment of the stay, "a court will generally only grant such relief when the action was taken without knowledge of the bankruptcy filing, and cause to grant relief from the stay would have otherwise existed."  *Wells Fargo*, *supra*, at *2.  Here, there is no dispute that the Baltimore Circuit Court was aware of the bankruptcy filing when it entered the Dismissal Order, because (a) the Baltimore Sun had previously filed a Notice of Filing

4

Based on these principles, it is clear that as of the Petition Date (December 8, 2008), the automatic stay of Section 362(a) of the Bankruptcy Code prohibited the Baltimore Circuit Court from taking any action to continue the Mitchell Lawsuit.  Thus, the Baltimore Circuit Court's entry of the Dismissal Order on March 31, 2009 (*i.e.*, <u>after</u> the Petition Date) is void *ab initio*. *See Wells Fargo and Maritime Electric*, *supra*; *see also Raymark Indus., Inc. v. Lai,* 973 F.2d 1125, 1132 (3d Cir. 1992) (bankruptcy court had the power to vacate the decision of state court dismissing appeal because actions taken in violation of the automatic stay are void *ab initio*); *In re Cavanaugh,* 271 B.R. 414, 424 (Bankr. D.Mass. 2001) (because the automatic stay is an injunction issuing from the authority of the bankruptcy court, bankruptcy court should determine whether that injunction was violated and protect it from collateral attack from another forum). Similarly, the provision in the Baltimore Circuit Court Stay Order purporting to render the Baltimore Circuit Court's stay of the Mitchell Lawsuit "subject to Md. Rule 2-507" is an act undertaken after the Petition Date (on January 6, 2009).  Consequently, both the Dismissal Order and the Stay Order entered by the Baltimore Circuit Court violate Section 362 and should be declared void *ab initio* by this Court.[5]

---

of Voluntary Petition in the Baltimore Circuit Court on December 12, 2008, and (b) the Baltimore Circuit Court specifically referenced the Baltimore Sun's pending bankruptcy case when it entered the Baltimore Circuit Court Stay Order on December 19, 2008.  Moreover, the Objection does not present any evidence or argument to demonstrate cause for retroactive annulment of the automatic stay.  Thus, the "exception" recognized by the Third Circuit to the rule that acts taken in violation of the automatic stay are void *ab initio* is not applicable here.

[5] The Reorganized Debtors' reference to the date on which the Mitchell Claim was filed (*see* Obj. at p. 2) is a red herring because, for purposes of determining whether Mitchell holds a claim against The Baltimore Sun, the relevant date is the Petition Date.

**2. The Dismissal Order entered by the Circuit Court Case was entered in error and is of no effect because Section 108(c) of the Bankruptcy Code extended the time period for Mitchell to take action to avoid dismissal of the Mitchell Lawsuit, and that time period has not yet expired. Accordingly, the Mitchell Lawsuit can still be continued in the Baltimore Circuit Court such that the Mitchell Claim is not barred by the statute of limitations as argued in the Objection.**

Section 108(c) of the Bankruptcy Code provides as follows:

(c)   Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in an nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

   (1)   the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

   (2)   30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

Bankruptcy Code Section 108(c) (Emphasis added).

Here, all of the elements of Section 108(c) are satisfied with respect to the March 31, 2009, deadline for continuing the Mitchell Lawsuit that is stated in the Baltimore Circuit Court Order Deferring Dismissal. In particular, the Order Deferring Dismissal is (a) an order entered in a nonbankruptcy proceeding (b) that fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court (c) on a claim against the debtor. In addition, the time period for continuing the litigation as stated in the Order Deferring Dismissal ends on March 31, 2009; in other words, the applicable time period had not expired when The Baltimore Sun filed its voluntary petition on December 8, 2008. Consequently, pursuant to the Section 108(c), the time period that would have otherwise expired on March 31, 2009 is extended until

the later of (1) the end of such period or (2) 30 days after notice of the termination or expiration of the stay under Section 362. In this bankruptcy case, there has been no notice of the termination or expiration of the stay under 362, and thus the time period for continuing the Mitchell Lawsuit, as calculated under Section 108(c), has not yet expired.

Because the time period for continuing the Mitchell Lawsuit has not yet expired under applicable bankruptcy law (*i.e.*, Section 108(c)), the entry of the Dismissal Order by the Baltimore Circuit Court was erroneous. Accordingly, this Court should overrule the Reorganized Debtors' Objection to the Mitchell Claim, determine that the deadline for continuing the Mitchell Lawsuit in the Baltimore Circuit Court has not yet expired, and permit Mitchell to pursue the liquidation of the Mitchell Claim in the Baltimore Circuit Court.

**3. The Court Should Enter an Order Permitting Mitchell to Continue Prosecuting the Mitchell Lawsuit in the Baltimore Circuit Court.**

Although the Reorganized Debtors do not address the issue in their Objection (because they seek wholesale disallowance of the Mitchell Claim), the Claims Hearing is an appropriate juncture for this Court to provide the parties guidance on the procedure for liquidating the Mitchell Claim. Undoubtedly, the most expeditious way to liquidate the Mitchell claim is for this Court to enter an order permitting the continuation of the Mitchell Lawsuit in the Baltimore Circuit Court.[6] *See In re Rexene Products Co.*, 141 B.R. 574 (D. Del. 1992) (adopting three-part test to determine whether to modify the automatic stay to permit nonbankruptcy proceedings to continue in the forum where they were commenced: whether (a) "any great prejudice to either the bankruptcy estate or the debtor will result from continuation of the civil suit; (b) the hardship

---

[6] In the event that the Court overrules the Objection and determines that Mitchell must file a lift stay motion to proceed with the Mitchell Lawsuit in the Baltimore Circuit Court, Mitchell asks that its undersigned counsel be permitted to continue as counsel for Mitchell with respect to the lift stay motion pursuant to Local Rule 9010-1(e)(3).

to the [non-bankruptcy party] by maintenance of the stay considerably outweighs the hardship of the debtor; and (c) the creditor has a probability of prevailing on the merits.")[7]

Under *Rexene*, cause exists to modify the stay to permit the Mitchell Lawsuit to proceed in the Baltimore Circuit Court.   First, there will not be any great prejudice to either the bankruptcy estate or the debtor in allowing the Mitchell Lawsuit to proceed in the Baltimore Circuit Court.   The Baltimore Sun is a large, sophisticated business, with able counsel who has already litigated this claim through discovery, motions practice, and an appeal in the Maryland state court system, and the Objection does not present any facts from which this Court might conclude that The Baltimore Sun would be prejudiced from continued litigation in the Baltimore Circuit Court.   Second, Mitchell will suffer substantial hardship if he were forced to litigate the Mitchell Claim in the Bankruptcy Court, because Mitchell is not a Delaware resident, does not currently have Delaware counsel, and would incur substantial additional cost if required to litigate in Delaware.   Moreover, most of the witnesses are located in Maryland, not Delaware. Finally, as to the "probability of success" of the Mitchell Claim, as explained in *Rexene*, *supra*, Mitchell's burden is "very slight."   *Id.* at 578.   The fact that the Maryland Court of Special Appeals remanded the case to the Baltimore Circuit Court for a trial on the claims against The Baltimore Sun for trespass and invasion of privacy by intrusion upon seclusion is thus sufficient to show that Mitchell has a probability of succeeding on the merits.   *See*, *e.g.*, *Rexene*, *supra*, at 578 (fact that there was a denial of summary judgment is sufficient to demonstrate a probability of success on the merits that warrants modification of stay to permit litigation to proceed in nonbankruptcy forum).

---

[7] Also, the legislative history of Section 362 indicates that cause may be established by a single factor such as "a desire to permit an action to proceed ... in another tribunal," H.R.Rep. No. 95–595, 95th Cong., 1st Sess., 343–44 (1977) U.S. Code Cong. & Admin.News, pp. 5787, 6300.

Consequently, in addition to overruling the Objection, the Court should enter an order permitting Mitchell to continue prosecuting the Mitchell Lawsuit in the Baltimore Circuit Court.

**Motion to Permit Mitchell's Out-Of-State Counsel to
Appear and Be Heard at the Claims Hearing on
<u>June 26, 2013, Pursuant to Local Rule 9010-1(e)(iii)</u>**

Local Rule 9010-1(e)(iii) provides that out-of-state counsel may represent a claimant in claims litigation without being admitted *pro hac vice*.  Accordingly, undersigned counsel seeks permission from this Court to appear and be heard at the Claims Hearing with respect to the Objection.

Dated: June 18, 2013

/s/ John J. Leidig
John J. Leidig, Esquire
SHAPIRO SHER GUINOT & SANDLER
36 South Charles St., 20th Fl.
Baltimore, MD  21201
Phone: (410) 385-0202
Facsimile: (410) 539-7611
jjl@shapirosher.com

*Counsel for Keiffer J. Mitchell as Personal
Representative of the Estate of Parren J.
Mitchell*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 18th day of June, 2013, copies of the foregoing were served on the parties listed below by first-class mail, unless said party is a registered CM/ECF participant and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

> James F. Conlan, Esquire
> Kenneth P. Kansa, Esquire
> Dennis M. Twomey, Esquire
> Jillian K. Ludwig, Esquire
> SIDLEY AUSTIN, LLP
> One South Dearborn Street
> Chicago, Illinois 60603
>
> Norman L. Pernick, Esquire
> J. Kate Stickles, Esquire
> COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
> 500 Delaware Avenue, Suite 1410
> Wilmington, Delaware 19801
>
> *Attorneys for Reorganized Debtors*

> /s/ John J. Leidig
> John J. Leidig