## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

### FEE EXAMINER'S FINAL REPORT REGARDING THE FIFTH MONTHLY AND FINAL APPLICATION OF PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Fifth Monthly and Final Application of Paul, Weiss, Rifkind, Wharton & Garrison LLP for Compensation for Services Rendered and Reimbursement of Expenses as Special Counsel to Debtors for Certain Financing Matters for the Monthly Period From December 1, 2012 Through December 31, 2012 and the Final Fee Period From July 11, 2012 Through December 31, 2012* [Docket No. 13249] (the

---

[1] The Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

"**Fee Application**"). The Fee Application seeks approval of monthly fees that total $527,962.50 and reimbursement of expenses that total $106,583.11 for the period from December 1, 2012 through December 31, 2012. The Fee Application seeks approval of final fees that total $1,326,316.00 and expenses that total $115,445.52 for the period from July 11, 2012 through December 31, 2012. Paul, Weiss, Rifkind, Wharton & Garrison LLP ("**Paul Weiss**") serves as special counsel to the Debtors.

### Background

1.     On December 8, 2008 (the "**Petition** Date"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2.     On August 10, 2012, the Debtors filed the *Application of Debtors for an Order Authorizing the Debtors to Retain and Employ Paul, Weiss, Rifkind, Wharton & Garrison LLP as Special Counsel for Certain Financing Matters Pursuant to 11 U.S.C. Sections 327(e) and 1107, Nunc Pro Tunc to July 11, 2012* [Docket No. 12244] (the "**Retention Application**"). By order dated August 31, 2012, this Court approved the Retention Application (See *Order Authorizing the Debtors to Retain and Employ Paul, Weiss, Rifkind, Wharton & Garrison LLP as Special Counsel for Certain Financing Matters pursuant to 11 U.S.C. Sections 327(e) and 1107, Nunc Pro Tunc to July 11, 2012).* [Docket No. 12370] (the "**Retention Order**").

3.     On December 28, 2012, the Debtors filed the *Supplemental Application for an Order Modifying the Scope of the Debtors' Retention of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Special Counsel to Include Certain Real Estate Emergence Matters Pursuant to*

*11 U.S.C. Section 327(e) and 1107, Nunc Pro Tunc to November 19, 2012.* [Docket No. 12935] (the "**Supplemental Retention Application**"). By order dated January 14, 2013, this Court approved the Supplemental Retention Application (See *Order Modifying the Scope of the Debtors' Retention of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Special Counsel to Include Certain Real Estate Emergence Matters Pursuant to 11 U.S.C. Section 327(e) and 1107, Nunc Pro Tunc to November 19, 2012* [Docket No. 13052] (the "**Supplemental Retention Order**").

4.     Paul Weiss submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals,* (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

## Applicable Standards

5.     In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

6.     The Fee Examiner reviewed the Fee Application for compliance with Sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**").

In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

7.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

8.      A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application. A fee applicant must make

a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

9.      The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to Paul Weiss for review and comment. The firm and the Fee Examiner communicated regarding the issues raised in the Preliminary Report, and Paul Weiss also submitted a comprehensive written response. After consideration of the additional information provided by the firm, the Fee Examiner now issues this final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5.*

## DISCUSSION OF FINDINGS – MONTHLY FEE APPLICATION

### Technical Requirements

10.      **Reconciliation of Fees and Expenses.** The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**"). The Fee Examiner determined that the Fees Computed exceeded the Fees Requested by $800.00, resulting in an apparent undercharge. The discrepancy was the result of task hours within two entries that did not equal the time billed for the entry as a whole, which was displayed in **Exhibit A** to the Preliminary Report. Paul Weiss agreed with the Fee Examiner's calculation, resulting in a fee increase of $800.00. Exhibit A has been omitted from the Final Report.

The Fee Examiner further determined that there was no discrepancy between the Expenses Requested and the Expenses Computed. The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

11.    **Block Billing.** The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*. The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[2] The Delaware Bankruptcy Court has found that time entries that generally only combine work on one issue, and a conference/communication with the client or opposing counsel on the same issue, while technically block billing, will not be objectionable.[3] Paul Weiss block billed entries totaling 9.90 hours and $7,841.00 in associated fees, which were displayed in **Exhibit B** to the Preliminary Report.[4] However, none of the block billed entries were objectionable under the precedent established by this Court. Exhibit B has been omitted from this Final Report.

12.    **Time Increments.** The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*. The UST Guidelines further

---

[2] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to a hundred percent. *See id.* at 495 n.7 and cases cited.

[3] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow a hundred percent of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

[4] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v).* Paul Weiss complied with the Local Rules and UST Guidelines regarding time increments.

## Review of Fees

13.    **Firm Staffing.** The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii).* The Fee Application provided the names, positions, and hourly rates of the 24 Paul Weiss professionals and paraprofessionals who billed to this matter, consisting of 6 partners, 5 counsel, 10 associates, and 3 paralegals. A summary of hours and fees billed by each timekeeper is displayed in **Exhibit C**.

The firm billed a total of 774.20 hours with associated fees of $528,762.50.[5] The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 98.10 | 13% | $  98,100.00 | 19% |
| Counsel | 205.60 | 27% | 165,166.00 | 31% |
| Associate | 443.90 | 57% | 259,198.50 | 49% |
| Paralegal | 26.60 | 3% | 6,298.00 | 1% |
| TOTAL | 774.20 | 100% | $528,762.50 | 100% |

The blended hourly rate for the Paul Weiss professionals is $698.86 and the blended hourly rate for professionals and paraprofessionals is $682.98.

---

[5] This amount reflects the Fees Computed.

14.    **Hourly Rate Increases.**    Paul Weiss did not increase the hourly rates of timekeepers during this interim period.

15.    **Timekeepers' Roles.**    A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4).*  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.  On the whole, each timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

However, of the 24 Paul Weiss timekeepers that billed during this fee period, 11 professionals billed less than 10.00 hours.  A large number of timekeepers with limited roles raise concerns as to whether the matter is staffed efficiently.  The Fee Examiner reviewed the fee entries billed by these timekeepers and most appeared to perform core team responsibilities necessary to the engagement or discrete activities that did not appear to be duplicative of the activities of other timekeepers.  Nevertheless, the Fee Examiner requested additional information regarding the necessity and scope of the roles performed by certain Paul Weiss timekeepers, whose time entries were identified in **Exhibit D** to the Preliminary Report.  The questioned time totaled 2.30 hours, with associated fees of $2,140.00.

In response to the Preliminary Report, Paul Weiss provided a detailed explanation as to the necessity and appropriateness of the questioned billing entries.  The firm's response removed the entries from the questioned category.  The Fee Examiner makes no recommendation for a fee reduction.  Exhibit D has been omitted from the Final Report.

16.   **Extended Hours.**  The Fee Examiner identified one day, when an associate invoiced 18.50 hours.  The entries for this day totaled $9,712.50 and were displayed in **Exhibit E** to the Preliminary Report.  The Fee Examiner recognizes that in certain isolated instances, the demands of a case may require a timekeeper to put in long hours far in excess of a normal working day.  However, the Fee Examiner questioned whether this long day was the result of a billing error by Paul Weiss and requested an explanation from the firm regarding the 18.50 hour day.

In response, Paul Weiss verified the accuracy of the time and the fact the timekeeper started the workday very early and ended it very late in the evening.  Based on Paul Weiss' response, the Fee Examiner makes no recommendation for a fee reduction.  Exhibit E has been omitted from the Final Report.

17.   **Meetings, Conferences, Hearings, and Other Events.**  The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" *Local Rule 2016-2(d)(ix)*, and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*.  While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified numerous occasions where two or more Paul Weiss timekeepers attended the same meeting, conference, hearing, or other event.  Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees.  All of the entries describing

multiple attendees at meetings, conferences, hearings or other events, totaling 93.50 hours with $69,963.50 in associated fees, were displayed in **Exhibit F** to the Preliminary Report. In each instance where multiple timekeepers attended a meeting, conference, hearing or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference), typically the most senior attendee. The potentially duplicative and unnecessary timekeepers' entries total 62.10 hours with $41,225.50 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the Exhibit.

The Fee Examiner invited comment from the firm, including what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and an explanation of the necessity of the multiple attendees for the events set forth in the exhibit. In response to the Preliminary Report, Paul Weiss stated certain meetings and calls required the participation of more than one member of the Paul Weiss team. Paul Weiss went on to add the attendance in question ultimately allowed for greater efficiency and cost savings. The firm also provided insight into the unique areas of its engagement during the fee period and the necessity and appropriateness of the questioned billing entries. Based on the response provided by Paul Weiss, the Fee Examiner makes no recommendation for a fee reduction. Exhibit F has been omitted from the Final Report.

18. **Intraoffice Conferences.** Frequent intraoffice conferencing may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified billing activities by Paul Weiss timekeepers describing intraoffice conferences totaling 46.90 hours with $36,381.50 in associated fees, or approximately 7% of the total Fees Computed, which were displayed in **Exhibit G** to the Preliminary Report. In certain

instances, two or more timekeepers invoiced fees associated with the same intraoffice conference.    The entries describing intraoffice conferences invoiced by two or more firm personnel total 42.70 hours with $33,239.00 in associated fees, were highlighted in bold and marked with an ampersand [&] in the Exhibit.  The Fee Examiner requested that Paul Weiss provide an explanation of the timekeeper's roles, the necessity of the attendance of the timekeepers, and the necessity of this level of intraoffice conferencing.

In response to the Preliminary Report, Paul Weiss provided a detailed explanation as to the necessity and appropriateness of the questioned billing entries.  After due consideration of Paul Weiss' informative response, the Fee Examiner makes no recommendation for a fee reduction.  Exhibit G is omitted from this Final Report.

19.    **Complete and Detailed Task Descriptions.**  Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary."  The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix).*  The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.  Time entries for court hearings and conferences should identify the subject of the hearing or conference. *UST Guidelines ¶(b)(4)(v).*

The Fee Examiner identified entries, totaling 1.20 hours with $630.00 in associated fees, in which a conference or other communication was not described with sufficient detail. This lack of detail hinders a reviewer's ability to determine the reasonableness and necessity of the activity, and is in violation of the applicable guidelines. The entries were displayed in **Exhibit H** to the Preliminary Report. The Fee Examiner asked Paul Weiss to comment on or provide the missing participant or subject matter information for the questioned time entries. The firm responded by providing the missing information, which brought the entries into substantial compliance. Exhibit H has been omitted from the Final Report.

20.    **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The Fee Examiner reviewed all of the firm's billing entries and no administrative activities were found.

21.    **Clerical Activities.**  Clerical activities do not require legal acumen, and may be effectively performed by administrative assistants, secretaries, or support personnel. Similar to administrative activities, clerical activities are generally not billable and are considered to be part of the firm's overhead. In the 3rd Circuit, however, some clerical and non-clerical activities may be compensable at a rate commensurate with the level of expertise or knowledge typically found to be necessary to complete the task. The questioned entries, which were displayed in **Exhibit I** to the Preliminary Report, total 3.00 hours with $1,575.00 in associated fees.

Paul Weiss responded by agreeing to a voluntary fee reduction of $1,335.00. No additional fee reduction is warranted. Exhibit I has been removed from the Final Report.

22.    **Travel.**  The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii).*  Paul Weiss did not invoice any travel entries during this fee period.

23.    **Paul Weiss Retention/Compensation.**  Paul Weiss billed 21.00 hours with associated fees of $12,954.00 to prepare the firm's retention documents and applications for compensation.  The fee entries describing Paul Weiss' retention/compensation activities are displayed in **Exhibit J**, which is included in the Final Report for the Court's reference.

**Review of Expenses**

24.    **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the charge, if available." *Local Rule 2016-2(e)(i-ii).*  The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii).*  Paul Weiss provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

25.    **Client Organizational Expenses.**  Paul Weiss requested reimbursement for "Client Organizational Expenses" totaling $104,155.25.   Paul Weiss stated in the Fee

Application that these "are charges by outside vendors for conducting lien searches and retrieving certificates of good standing for each of the Debtors in connection with the post-emergence financing facilities." The Fee Examiner requested that Paul Weiss verify that the charges displayed in **Exhibit K** to the Preliminary Report were invoiced at cost and, since most of the entries have the same description and many have the same amount, that the firm further verify that none of the charges were duplicative.

In response to the Preliminary Report, the firm provided the requested verification regarding the client organizational expenses, and confirmed that there were no surcharges or duplicative charges invoiced to the client. Based on the information provided, the Fee Examiner makes no recommendation for an expense reduction. Exhibit K is omitted from the Final Report.

26.    **Photocopies.** The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii).* Paul Weiss stated in the Fee Application that it "charges 10 cents per page for photocopying."

27.    **Overtime Expenses.** Paul Weiss requested reimbursement of overtime meals totaling $449.05. Although a firm may have a policy that personnel may be reimbursed for meals for employees while working late, such charges are generally considered part of the firm's overhead. These charges were displayed in **Exhibit L** to the Preliminary Report. The Fee Examiner requested comment from the firm. In response to the Preliminary Report, Paul Weiss agreed to reduce its expenses by an amount of $449.05 for the overtime expenses. Exhibit L has been omitted from the Final Report.

28.    **Transportation Expenses.** Paul Weiss requested reimbursement for transportation charges totaling $1,715.75. The Fee Examiner requested that Paul Weiss provide information with regard to these charges, which were displayed in **Exhibit M** to the Preliminary

Report, including an explanation for the necessity and purpose of each charge. Although a firm may have a policy that personnel may be reimbursed for travel home when working late, such charges are generally considered part of the firm's overhead.

In response, Paul Weiss agreed to a voluntary expense reduction in the amount of $1,715.75. Exhibit M is omitted from this Final Report.

## CONCLUSION – MONTHLY FEE APPLICATION

The Fee Examiner submits this Final Report regarding Paul Weiss' Fee Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $527,427.50 ($527,962.50 plus $800.00 minus $1,335.00) and reimbursement of expenses in the amount of $104,418.31 ($106,583.11 minus $2,164.80), for the period from December 1, 2012 through December 31, 2012. The findings are set forth in **Exhibit N**.

## DISCUSSION OF FINDINGS – FINAL FEE APPLICATION

The Fee Examiner compared the fees and expenses requested in the Final Fee Application with the fees and expenses requested in the underlying interim fee applications and those approved by the Court (through the date of the filing of the Final Fee Application). The Fee Examiner agrees with Paul Weiss' calculation of the final fee and expense request.

## CONCLUSION – FINAL FEE APPLICATION

The Fee Examiner submits this Final Report regarding Paul, Weiss, Rifkind, Wharton & Garrison LLP's Fee Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $1,324,312.50[6] and reimbursement of expenses in the amount of $110,993.05,[7] for the period from July 11, 2012 through December 31, 2012.

Respectfully submitted,

**STUART MAUE**

By: _____

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri 63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

---

[6] This is the amount of Paul Weiss' final fee request ($1,326,316.00) adjusted by the fee reductions from the First Interim Fee Application ($204.00), Second Interim Fee Application ($1,264.50), and the Fifth Monthly Application ($535.00), as these amounts were not approved as of the date the Final Fee Application was filed.

[7] This is the amount of Paul Weiss' final expense request ($115,445.52) adjusted by the expense reductions from the Second Interim Fee Application ($2,287.67) and the Fifth Monthly Application ($2,164.80), as these amounts were not approved as of the date the Final Fee Application was filed.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 18th day of June, 2013.

David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
R. Craig Martin, Esq.
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for Prepetition
Lenders, JP Morgan Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Douglas E. Deutsch, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for Prepetition
Lenders, JP Morgan Chase Bank, N.A.)

Andrew Rosenberg, Esq.
Partner
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064

_____
John F. Theil, Esq.

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL
## COMPUTED AT STANDARD RATES

### Paul, Weiss, Rifkind, Wharton & Garrison

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 4094 | Goodison, Eric | PARTNER | $1,000.00 | $1,000.00 | 68.20 | $68,200.00 |
| 0357 | Campbell, Patrick S. | PARTNER | $1,000.00 | $1,000.00 | 14.30 | $14,300.00 |
| 0636 | Berg, Mitchell L. | PARTNER | $1,000.00 | $1,000.00 | 12.40 | $12,400.00 |
| 0341 | Bronstein, Richard J. | PARTNER | $1,000.00 | $1,000.00 | 1.70 | $1,700.00 |
| 0054 | Davis, Douglas R. | PARTNER | $1,000.00 | $1,000.00 | 1.20 | $1,200.00 |
| 0353 | Fisch, Peter E. | PARTNER | $1,000.00 | $1,000.00 | 0.30 | $300.00 |
| No. of Billers for Position: 6 | | Blended Rate for Position: | $1,000.00 | | 98.10 | $98,100.00 |
| | | | | % of Total: 12.67% | % of Total: | 18.55% |
| 6178 | Poggi, Christopher T. | COUNSEL | $800.00 | $800.00 | 185.20 | $148,160.00 |
| 0522 | Langman, Barry | COUNSEL | $835.00 | $835.00 | 13.50 | $11,272.50 |
| 0386 | Meredith-Goujon, Claudine | COUNSEL | $835.00 | $835.00 | 4.40 | $3,674.00 |
| 0320 | O'Brien, William J. | COUNSEL | $835.00 | $835.00 | 1.70 | $1,419.50 |
| 6053 | Heimowitz, Phillip | COUNSEL | $800.00 | $800.00 | 0.80 | $640.00 |
| No. of Billers for Position: 5 | | Blended Rate for Position: | $803.34 | | 205.60 | $165,166.00 |
| | | | | % of Total: 26.56% | % of Total: | 31.24% |
| 6540 | Gyasi, Eric B. | ASSOCIATE | $645.00 | $645.00 | 141.30 | $91,138.50 |
| 0618 | Finkelstein, David A. | ASSOCIATE | $525.00 | $525.00 | 165.60 | $86,940.00 |
| 6197 | Shmueli, Amir | ASSOCIATE | $525.00 | $525.00 | 65.90 | $34,597.50 |
| 0556 | Carbullido, Mitchel R. | ASSOCIATE | $675.00 | $675.00 | 31.00 | $20,925.00 |
| 0594 | Denhoff, Adam M. | ASSOCIATE | $595.00 | $595.00 | 18.30 | $10,888.50 |
| 0545 | Karsnitz, Patrick | ASSOCIATE | $765.00 | $765.00 | 7.00 | $5,355.00 |
| 0580 | Grieve, Brian S. | ASSOCIATE | $645.00 | $645.00 | 4.90 | $3,160.50 |
| 0606 | Eliach, Ayalon B. | ASSOCIATE | $525.00 | $525.00 | 4.30 | $2,257.50 |
| 0459 | Weinberger, Erica G. | ASSOCIATE | $765.00 | $765.00 | 2.70 | $2,065.50 |
| 0579 | Fanelly, James J. | ASSOCIATE | $645.00 | $645.00 | 2.90 | $1,870.50 |
| No. of Billers for Position: 10 | | Blended Rate for Position: | $583.91 | | 443.90 | $259,198.50 |
| | | | | % of Total: 57.34% | % of Total: | 49.02% |

**EXHIBIT C**

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

### Paul, Weiss, Rifkind, Wharton & Garrison

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 0536 | Carney, Timothy | PARALEGAL | $255.00 | $255.00 | 16.90 | $4,309.50 |
| 4175 | DeFiore, Melanie | PARALEGAL | $205.00 | $205.00 | 6.40 | $1,312.00 |
| 0541 | Mendes, Emily Joy | PARALEGAL | $205.00 | $205.00 | 3.30 | $676.50 |
| No. of Billers for Position: 3 | | Blended Rate for Position: | $236.77 | | 26.60 | $6,298.00 |
| | | | | % of Total: | 3.44% | % of Total:  1.19% |
| Total No. of Billers: 24 | | Blended Rate for Report: | $682.98 | | 774.20 | $528,762.50 |

EXHIBIT J

PAUL WEISS RETENTION/COMPENSATION

Paul, Weiss, Rifkind, Wharton & Garrison

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Denhoff, A | 18.30 | 10,888.50 |
| Weinberger, E | 2.70 | 2,065.50 |
| | 21.00 | $12,954.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Applicant's Retention & Fee Applications | 21.00 | 12,954.00 |
| | 21.00 | $12,954.00 |

EXHIBIT J
PAUL WEISS RETENTION/COMPENSATION
Paul, Weiss, Rifkind, Wharton & Garrison

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| 12/03/12 Mon | Denhoff, A 201212-01/2 | 1.20 | 1.20 | 714.00 | 0.70 | F | 1 | MATTER NAME: Applicant's Retention & Fee Applications<br>REVISE PAUL WEISS THIRD MONTHLY FEE APPLICATION AND REVIEW TIME ENTRIES FOR COMPLIANCE WITH DE LOCAL RULES IN CONNECTION WITH SAME (.7). |
| | | | | | 0.10 | F | 2 | OFFICE CONFERENCE WITH E. WEINBERGER RE SAME (.1). |
| | | | | | 0.40 | F | 3 | GATHER BILLING INFORMATION IN RESPONSE TO FEE INQUIRY FROM P. GONDIPALLI (ALVAREZ & MARSAL) (.4). |
| 12/03/12 Mon | Weinberger, E 201212-01/1 | 0.50 | 0.50 | 382.50 | 0.40 | F | 1 | MATTER NAME: Applicant's Retention & Fee Applications<br>REVIEW DRAFT TRIBUNE FEE APPLICATION AND RELATED MATERIALS (.4); |
| | | | | | 0.10 | F | 2 | CONFER WITH A. DENHOFF REGARDING SAME (.1) |
| 12/05/12 Wed | Denhoff, A 201212-01/3 | 0.30 | 0.30 | 178.50 | | | 1 | MATTER NAME: Applicant's Retention & Fee Applications<br>REVIEW BILLING MATERIALS FOR COMPLIANCE WITH DE LOCAL RULES IN CONNECTION WITH PAUL WEISS THIRD MONTHLY FEE APPLICATION. |
| 12/06/12 Thu | Denhoff, A 201212-01/5 | 1.70 | 1.70 | 1,011.50 | 1.60 | F | 1 | MATTER NAME: Applicant's Retention & Fee Applications<br>GATHER BILLING INFORMATION IN RESPONSE TO FEE INQUIRY FROM P. GONDIPALLI (ALVAREZ & MARSAL) AND REVIEW TIME SHEETS IN CONNECTION WITH SAME (1.6). |
| | | | | | 0.10 | F | 2 | OFFICE CONFERENCES WITH E. WEINBERGER IN CONNECTION WITH SAME (.1). |
| 12/06/12 Thu | Weinberger, E 201212-01/4 | 0.10 | 0.10 | 76.50 | 0.10 | F | 1 | MATTER NAME: Applicant's Retention & Fee Applications<br>CONFER WITH A. DENHOFF REGARDING FEE ESTIMATE (.1) |
| 12/07/12 Fri | Denhoff, A 201212-01/6 | 0.20 | 0.20 | 119.00 | | | 1 | MATTER NAME: Applicant's Retention & Fee Applications<br>GATHER BILLING INFORMATION IN RESPONSE TO FEE INQUIRY FROM P. GONDIPALLI (ALVAREZ & MARSAL). |
| 12/10/12 Mon | Denhoff, A 201212-01/8 | 0.50 | 0.50 | 297.50 | 0.20 | F | 1 | MATTER NAME: Applicant's Retention & Fee Applications<br>OFFICE CONFERENCES WITH E. WEINBERGER RE REVISING TRIBUNE RETENTION APPLICATION (.2). |
| | | | | | 0.10 | F | 2 | CALL WITH E. GOODISON RE SAME (.1). |
| | | | | | 0.20 | F | 3 | OFFICE CONFERENCES WITH E. WEINBERGER RE PAUL WEISS THIRD MONTHLY FEE APPLICATION REVISIONS (.2). |
| 12/10/12 Mon | Weinberger, E 201212-01/7 | 0.40 | 0.40 | 306.00 | 0.20 | F | 1 | MATTER NAME: Applicant's Retention & Fee Applications<br>CONFER WITH A. DENHOFF RE COMPLIANCE OF THIRD MONTHLY FEE APPLICATION WITH LOCAL RULES (.2); |
| | | | | | 0.20 | F | 2 | CONFER WITH A. DENHOFF RE SAME (.2). |
| 12/14/12 Fri | Denhoff, A 201212-01/9 | 2.00 | 2.00 | 1,190.00 | 0.70 | F | 1 | MATTER NAME: Applicant's Retention & Fee Applications<br>REVIEW AND EDIT PW THIRD MONTHLY FEE APPLICATION AND REVIEW DIARY ENTRIES IN CONNECTION WITH SAME FOR COMPLIANCE WITH DE LOCAL RULES (.7). |
| | | | | | 1.30 | F | 2 | BEGIN DRAFTING PW FOURTH MONTHLY FEE APPLICATION AND REVIEW TIME ENTRIES FOR COMPLIANCE WITH DE LOCAL RULES IN CONNECTION WITH SAME (1.3). |
| 12/17/12 Mon | Denhoff, A 201212-01/11 | 0.80 | 0.80 | 476.00 | 0.20 | F | 1 | MATTER NAME: Applicant's Retention & Fee Applications<br>EMAILS TO K. SCHNEIDER AND E. WEINBERGER RE RESPONDING TO ALVAREZ & MARSAL REQUEST FOR FEE ESTIMATES (.2). |
| | | | | | 0.20 | F | 2 | EMAILS TO P. GONDIPALLI (ALVAREZ & MARSAL) RE SAME (.2). |
| | | | | | 0.30 | F | 3 | OFFICE CONFERENCES WITH E. WEINBERGER RE SAME (.3). |
| | | | | | 0.10 | F | 4 | OFFICE CONFERENCE WITH E. WEINBERGER AND K. SCHNEIDER RE SUPPLEMENTAL RETENTION APPLICATION (.1). |
| 12/17/12 Mon | Weinberger, E 201212-01/10 | 0.40 | 0.40 | 306.00 | 0.30 | F | 1 | MATTER NAME: Applicant's Retention & Fee Applications<br>REVIEW FEE APPLICATION AND RELATED MATERIALS WITH A. DENHOFF (.3); |
| | | | | | 0.10 | F | 2 | CONFER WITH A. DENHOFF AND K. SCHNEIDER REGARDING MOTION TO AMEND RETENTION (.1) |

~ See the last page of exhibit for explanation

EXHIBIT J

PAUL WEISS RETENTION/COMPENSATION

Paul, Weiss, Rifkind, Wharton & Garrison

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 12/18/12 Tue | Denhoff, A 201212-01/12 | 3.80 | 3.80 | 2,261.00 | 3.60 0.20 | F F | 1 2 | *MATTER NAME: Applicant's Retention & Fee Applications* DRAFT SUPPLEMENTAL APPLICATION FOR AN ORDER MODIFYING THE SCOPE OF DEBTORS' RETENTION OF PAUL WEISS (3.6). EMAILS WITH E. WEINBERGER RE SAME (.2). |
| 12/19/12 Wed | Denhoff, A 201212-01/14 | 2.50 | 2.50 | 1,487.50 | 0.30 1.90 0.30 | F F F | 1 2 3 | *MATTER NAME: Applicant's Retention & Fee Applications* OFFICE CONFERENCES WITH E. WEINBERGER RE PAUL WEISS SUPPLEMENTAL RETENTION APPLICATION (.3). REVIEW AND REVISE SAME (1.9). EMAILS WITH E. GOODISON AND E. WEINBERGER IN CONNECTION WITH SAME (.3). |
| 12/19/12 Wed | Weinberger, E 201212-01/13 | 0.70 | 0.70 | 535.50 | 0.20 0.30 0.20 | F F F | 1 2 3 | *MATTER NAME: Applicant's Retention & Fee Applications* REVIEW MOTION TO AMEND RETENTION (.2) AND CONFER WITH A. DENHOFF REGARDING SAME (.3); ATTEND TO EMAILS FROM A. DENHOFF REGARDING FEE APPLICATIONS AND FINALIZING SAME (.2). |
| 12/20/12 Thu | Denhoff, A 201212-01/16 | 2.60 | 2.60 | 1,547.00 | 0.90 0.10 0.30 1.00 0.30 | F F F F F | 1 2 3 4 5 | *MATTER NAME: Applicant's Retention & Fee Applications* FINALIZE PAUL WEISS SECOND AND THIRD MONTHLY FEE APPLICATIONS (.9) AND COORDINATE FILING (.1). OFFICE CONFERENCES WITH E. WEINBERGER IN CONNECTION WITH SAME (.3). REVISE PAUL WEISS SUPPLEMENTAL RETENTION APPLICATION (1). OFFICE CONFERENCES WITH E. WEINBERGER IN CONNECTION WITH SAME (.3). |
| 12/20/12 Thu | Weinberger, E 201212-01/15 | 0.60 | 0.60 | 459.00 | 0.30 0.30 | F F | 1 2 | *MATTER NAME: Applicant's Retention & Fee Applications* REVIEW COMMENTS TO SUPPLEMENTAL RETENTION MOTION AND CONFER WITH A. DENHOFF REGARDING MOTION AND COMMENTS (.3); REVIEW AND CONFER WITH A. DENHOFF REGARDING FEE APPLICATIONS IN PREPARATION FOR FILING (.3). |
| 12/27/12 Thu | Denhoff, A 201212-01/17 | 0.20 | 0.20 | 119.00 | | | 1 | *MATTER NAME: Applicant's Retention & Fee Applications* EMAILS TO E. WEINBERGER AND K. KANSA (SIDLEY) RE PAUL WEISS SUPPLEMENTAL RETENTION APPLICATION. |
| 12/28/12 Fri | Denhoff, A 201212-01/18 | 1.90 | 1.90 | 1,130.50 | 1.80 0.10 | F F | 1 2 | *MATTER NAME: Applicant's Retention & Fee Applications* REVISE PAUL WEISS SUPPLEMENTAL RETENTION APPLICATION (1.8) AND EMAILS WITH E. WEINBERGER AND K. KANSA (SIDLEY) IN CONNECTION WITH FILING SAME (.1). |
| 12/28/12 Fri | Denhoff, A 201212-01/19 | 0.60 | 0.60 | 357.00 | 0.10 0.20 0.30 | F F F | 1 2 3 | *MATTER NAME: Applicant's Retention & Fee Applications* EMAILS WITH K. STICKLES (COLE SCHOTZ) RE REVISIONS TO SUPPLEMENTAL RETENTION APPLICATION (.1). EMAILS WITH E. WEINBERGER IN CONNECTION WITH SAME (.2). REVISE SAME (.3). |

| | | | | |
|---|---|---|---|---|
| Total | | 21.00 | $12,954.00 | |
| Number of Entries: | 19 | | | |

~  See the last page of exhibit for explanation

EXHIBIT J

PAUL WEISS RETENTION/COMPENSATION

Paul, Weiss, Rifkind, Wharton & Garrison

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Denhoff, A | 18.30 | 10,888.50 |
| Weinberger, E | 2.70 | 2,065.50 |
| | 21.00 | $12,954.00 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Applicant's Retention & Fee Applications | 21.00 | 12,954.00 |
| | 21.00 | $12,954.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F     FINAL BILL

## EXHIBIT N

## PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

### SUMMARY OF FINDINGS

**Fifth Monthly Application (December 1, 2012 through December 31, 2012)**

**A.    Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $527,962.50 | |
| Expenses Requested | 106,583.11 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $634,545.61 |
| | | |
| Fees Computed | $528,762.50 | |
| Expenses Computed | 106,583.11 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $635,345.61 |
| | | |
| Discrepancy in Fees | ($ 800.00) | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | ($ 800.00) |

**B.    Recommended Fee Allowance and Expense Reimbursement**

| | | | |
|---|---|---|---|
| Fees Requested | $527,962.50 | | |
| *Discrepancy in Fees* | | *$ 800.00* | |
| *Agreed Reduction for Clerical Activities* | | *(1,335.00)* | |
| | Subtotal | *($ 535.00)* | |
| RECOMMENDED FEE ALLOWANCE | | | $527,427.50 |
| | | | |
| Expenses Requested | $106,583.11 | | |
| *Agreed Reduction for Overtime Expenses* | | *($ 449.05)* | |
| *Agreed Reduction for Transportation Expenses* | | *(1,715.75)* | |
| | Subtotal | *($2,164.80)* | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 104,418.31 |
| | | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $631,845.81 |