# EXHIBIT B

**Dansart Declaration**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

## DECLARATION OF KEVIN DANSART IN SUPPORT OF REORGANIZED DEBTORS' OBJECTION TO CLAIM NO. 4454 OF MILTON V. JOHNSON

I, Kevin Dansart, declare as follows:

1.     I am the Director, Benefits Administration for Tribune Company, one of the reorganized debtors in the above-captioned chapter 11 cases (collectively, the "Reorganized Debtors"), and the ultimate parent of the other Reorganized Debtors, including Chicago Tribune Company, LLC (successor-in-interest to Chicago Tribune Company ("CTC")).  In this position, I am responsible for the oversight and management of day-to-day benefit administration for the Reorganized Debtors.

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marketing, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068).  The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

2.      I have read the Reorganized Debtors' Objection to Claim No. 4454 of Milton V. Johnson Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, and Bankruptcy Rules 3001, 3003 and 3007 (the "Objection")[2] and am directly, or by and through the Reorganized Debtors' personnel and advisors, familiar with the information contained therein and in Claim No. 4454 attached thereto. I am authorized to submit this declaration (the "Declaration") in support of the Objection.

3.      All matters set forth in this Declaration are based on: (a) my personal knowledge, (b) information supplied to me by the Reorganized Debtors' personnel, and (c) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance on the advice of counsel or other advisors to the Reorganized Debtors. If called upon to testify, I could and would testify competently to the facts set forth herein.

4.      The Reorganized Debtors are in agreement with the retiree benefits and amounts stated on the Johnson Claim. Specifically, the Reorganized Debtors have reviewed their books and records and have determined that Mr. Johnson was a former employee of CTC and is a current participant in the Tribune Company Cash Balance Pension Plan (the "Pension Plan"), with a monthly benefit of $603.37. The Pension Plan provides retirement benefits to eligible employees of CTC (and other Debtors and Reorganized Debtors), in accordance with the terms of the Pension Plan and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). The Pension Plan is sponsored by Tribune and is the primary pension plan established for the benefit of the Debtors' eligible employees. The Pension Plan is a tax-qualified, noncontributory, defined benefit plan subject to ERISA, and is tax-qualified under the relevant provisions of the Internal Revenue Code. Eligible claims for pension benefits based on

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Objection.

an employment relationship with the Debtors have been and will continue to be paid by the Pension Plan, in accordance with the terms of the Pension Plan and ERISA, and not by any of the Debtors.

       5.      The Reorganized Debtors have further determined that Mr. Johnson has a $10,000 retiree life insurance policy in place.  The Debtors provided, and Reorganized Debtors continue to provide, company-paid basic life insurance coverage to eligible employees under a group policy in Tribune's name.  The Debtors did not have, nor do the Reorganized Debtors have, any interest in the proceeds of the retiree life insurance policy.  Benefits under the policy will be paid by the insurer to Mr. Johnson's designated beneficiary upon his death, in accordance with the terms of the policy.

[Remainder of Page Intentionally Left Blank]

46429/0001-9640437V1

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 18th day of June 2013.

By: Kevin Dansart