# EXHIBIT 1

## PROPOSED AMENDED ORDER APPOINTING MEDIATOR REGARDING CONTESTED FEE MATTERS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Re: **Docket Nos. 13272, 13274, 13327, 13338, 13624 and 13636** |

## AMENDED ORDER APPOINTING MEDIATOR
## REGARDING CONTESTED FEE MATTERS

**WHEREAS**, on April 24, 2013, May 7, 2013, and May 22, 2013, the Court held status conferences on the following contested matters:

(A) the *Application For Allowance Of Claim Under 11 U.S.C. §§ 503(b)(3)(D) And 503(b)(4) In Connection With Wilmington Trust Company's Motion Requesting The Appointment Of An Examiner And Wilmington Trust Company's Participation In*

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

*Examiner's Investigation And Granting Waiver Of Compliance With Del. Bankr. L.R. 2016-2(d) In Accordance With Del. Bankr. L.R. 2016-2(g)* filed on March 1, 2013, by Wilmington Trust Company ("WTC") [D.I. 13272], to which the Reorganized Debtors and the United States Trustee have objected;

(B) the *Motion Of Law Debenture Trust Company Of New York Pursuant To 11 U.S.C. §§ 503(b)(3)(D), 503(b)(4), And 503(b)(5) For Allowance And Payment Of Fees And Expenses Incurred In Connection With Making A Substantial Contribution To The Debtors' Chapter 11 Cases And Granting Waiver Of Compliance With Del. Bankr. L.R. 2016-2(d)(vii) In Accordance With Del. Bankr. L.R. 2016-2(h)* filed on March 1, 2013, by Law Debenture Trust Company of New York ("Law Debenture") [D.I. 13274], to which the Reorganized Debtors and the United States Trustee have objected;

(C) the *Reorganized Debtors' Objection To Creditors' Committee Member Fee/Expense Claims Asserted By (A) Deutsche Bank Trust Company Americas And (B) Wilmington Trust Company* filed on March 15, 2013, by the Reorganized Debtors [D.I. 13327], to which WTC and Deutsche Bank Trust Company Americas ("DBTCA") have responded; and

(D) the *Reorganized Debtors' Objection To Class 1F Other Parent Claim Asserted By Wilmington Trust Company* filed on March 18, 2013, by the Reorganized Debtors [D.I. 13338], to which WTC has responded (collectively, the "Fee Matters"); and

**WHEREAS**, WTC, Law Debenture, DBTCA, the Office of the United States Trustee (the "UST"), and the Reorganized Debtors (each a "Party" and collectively, the "Parties") agree to the appointment of a mediator pursuant to Local Rules 9019-5 on the terms and conditions set forth in this Order;

LAI-3194635v1

NOW THEREFORE, based upon the record in these proceedings and after due deliberation, **IT IS HEREBY ORDERED** as follows:[2]

1. The Court hereby appoints Hon. Joseph J. Farnan, Jr. as a mediator pursuant to Local Rules 9019-5 (the "Mediator"). As set forth in this Order, the Mediator shall issue a report and recommendation (the "Report") with respect to the disputed factual and legal issues raised by the Fee Matters to the extent not otherwise settled or consensually resolved during the mediation process. All Parties have waived the limitations set forth in Local Rule 9019-5(e) otherwise prohibiting the Mediator from delivering or filing the Report with the Court.

2. Within five days of the entry of this Order, the Reorganized Debtors shall transmit to the Mediator all motions, objections, declarations, and other materials filed to date by the Parties with respect to the Fee Matters and shall deliver to the other Parties an index of all material so provided to the Mediator. For the convenience of the Mediator, the Reorganized Debtors also may make all such material available on an internet FTP site accessible to all Parties and the Mediator (the "FTP site"). Subject to Paragraph 7 below, except as set forth in this Order or as requested by the Mediator, there shall be no additional briefing or delivery of materials to the Mediator, provided, however, that any Party may provide the Mediator a copy of any case law cited by the Party in support of its positions.

3. Within 14 days of the entry of this Order, Law Debenture, WTC and DBTCA (collectively, the "Applicants") shall each transmit to the Mediator, with copies to the UST and the Reorganized Debtors, exhibit lists that shall identify all evidence (*e.g.*, exhibits, declarations, deposition designations, and items filed on the docket of the above-captioned cases) on which

---

[2] Capitalized terms not defined in this Order have the meanings given to them in the "Fourth Amended Joint Plan Of Reorganization For Tribune Company And Its Subsidiaries (As Modified July 19, 2012)" (the "Plan").

they will rely in prosecution of their positions with respect to the Fee Matters, along with copies of all evidence specified on such exhibit lists to the extent not previously filed in connection with the Fee Matters, not previously provided to the Mediator pursuant to Paragraph 2 above, or otherwise not available on the docket. Alternatively, the Applicants may make all such material available on the FTP site if then established.

4. The Reorganized Debtors and the UST shall have a period of 28 days following the receipt of the Applicants' evidentiary materials described in Paragraph 3, above, to take discovery with respect to the Fee Matters. Such discovery shall be limited to (a) depositions of any witness who has submitted a declaration or affidavit regarding the Fee Matters, and (b) requests for all documents relied upon by such witnesses in the preparation of any declarations or affidavits regarding the Fee Matters. At the conclusion of that period, the Reorganized Debtors and the UST shall transmit to the Mediator, with copies to the Applicants, exhibit lists that shall identify all evidence (*e.g.*, exhibits, declarations, deposition designations, and items filed on the docket of the above-captioned cases) on which they will rely in connection with their opposition to the Applicants' positions with respect to the Fee Matters, along with copies of all evidence specified on such exhibit lists to the extent not previously filed in connection with the Fee Matters, not previously provided to the Mediator pursuant to Paragraphs 2 and 3 above, or otherwise not available on the docket. Alternatively, the Reorganized Debtors and the UST may make all such material available on the FTP site if then established.

5. The Applicants shall have a period of 28 days following receipt of the Reorganized Debtors' and UST's evidentiary materials described in Paragraph 4, above, to take discovery with respect to the evidence submitted by the Reorganized Debtors and the UST. Such

discovery shall be limited to (a) depositions of any witness who has submitted a declaration regarding the Fee Matters, and (b) requests for all documents relied upon by such witnesses in the preparation of any declarations or affidavits regarding the Fee Matters. At the conclusion of that period, each of the Applicants shall deliver to the Mediator, with copies to the Reorganized Debtors and the UST, supplemental exhibit lists identifying all evidence (*e.g.*, exhibits, declarations, deposition designations, and items filed on the docket of the above-captioned cases) on which they will rely in rebuttal of the evidence identified by the Reorganized Debtors and the UST pursuant to Paragraph 4, above, along with copies of all evidence specified on such supplemental exhibit lists to the extent not previously filed in connection with the Fee Matters, not previously provided to the Mediator pursuant to Paragraphs 2, 3 and 4 above, or otherwise not available on the docket. Alternatively, the Applicants may make all such material available on the FTP site if then established.

6. Following receipt of the materials described in Paragraphs 2 through 5, above, the Mediator shall conduct such hearings or meetings as the Mediator, in his sole discretion, deems necessary or appropriate to carry out the duties set forth in this Order. Any such meetings or hearings shall be concluded within 30 days of the date on which the materials set forth in Paragraph 5 have been delivered to the Mediator. In no event shall any Party initiate any *ex parte* communications with the Mediator; provided, however, that any Party may respond to any *ex parte* communication initiated by the Mediator.

7. Within 45 days of the conclusion of the time period set forth in Paragraph 6 above, the Mediator shall deliver a copy of the Report to the Parties and to the Court. The Report shall include the Mediator's recommended findings of fact and conclusions of law with respect to those facts and legal issues that the Mediator considers relevant to adjudication of the

Fee Matters. Following the delivery of the Mediator's Report, the Court shall schedule a further status conference with respect to the Fee Matters. Notwithstanding anything to the contrary herein, the Court shall remain the final deciding authority with respect to the Fee Matters.

8. It is expressly acknowledged and agreed that the Mediator will receive materials previously designated by the Parties as confidential and/or filed under seal with the Court and may rely on such materials in preparing the Report. The Parties have waived the provisions of Local Rule 9019-5(d)(i) to the extent necessary to enable the Mediator to prepare and deliver the Report to the Court; provided, however, that notwithstanding such waiver neither the Mediator nor the Parties shall be authorized to disclose, rely on or introduce in any arbitral, judicial or other proceeding any evidence regarding (a) views expressed or suggestions made by a Party with respect to a possible settlement of the Fee Matters; (b) the fact that a Party had or had not indicated a willingness to accept a proposal for settlement made by the Mediator; or (c) to the extent not embodied in the Report, proposals made or views expressed by the Mediator. All Parties reserve the right to move the Court to seal the Report pursuant to section 107 of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure or take such other or further steps they deem appropriate to preserve confidentiality.

9. The initial budget for the Mediator's fees and expenses shall not exceed $300,000. The Mediator shall not incur fees and expenses in excess of $300,000 absent further Order of the Court. The Parties shall be responsible for payment of the Mediator's fees and expenses in the following proportions: (a) 50% by the Reorganized Debtor and (b) 50% by the Applicants, to be apportioned as follows: 33.33% by WTC; 11.67% by Law Debenture; and 5% by DBTCA.

LAI-3194635v1

10. The Mediator shall have discretion to enlarge any of the time periods specified in this Order. The Mediator shall not otherwise have any authority to modify the terms of this Order.

11. The provisions of this Order shall supersede the provisions of Local Rules 9019-5(c), relating to the conduct of the mediation process, and (f), relating to post-mediation procedures.

Dated: June __, 2013

_____
Honorable Kevin J. Carey
United States Bankruptcy Judge