# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |
| | Hearing Date: July 30, 2013 at 2:00 p.m. ET |
| | Response Deadline: July 23, 2013 at 4:00 p.m. ET |

## REORGANIZED DEBTORS' SIXTY-NINTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTIONS 502(b) AND 558 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003 AND 3007, AND LOCAL RULE 3007-1

The reorganized debtors in the above-captioned chapter 11 cases (collectively, the "Reorganized Debtors"), by and through their undersigned counsel, hereby file this sixty-ninth omnibus objection to claims (the "Objection"), which Objection covers each of the four (4) claims attached hereto as Exhibits A-D (the "Disputed Claims"), pursuant to sections 502(b) and 558 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-9660159V1

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). By this Objection, the Reorganized Debtors request the entry of an order modifying or disallowing and expunging, as applicable, each of the Disputed Claims, as indicated in further detail below. In support of the Objection, the Reorganized Debtors submit the declaration of John Rodden, Vice President of Tribune Company (the "Rodden Declaration"), a copy of which is attached hereto as Exhibit E. In further support of the Objection, the Reorganized Debtors respectfully state as follows:

## STATUS OF THE CASE

1. On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its affiliates (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) (Docket Nos. 43, 2333).

3. On July 23, 2012, the Court entered the Order Confirming Fourth Amended Joint Plan of Reorganization (the "Plan") for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (Docket No. 12074).[2]

4. The Effective Date of the Plan occurred on December 31, 2012.[3]

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

[3] The Plan provides that one or more Debtors may undertake Restructuring Transactions on, prior to, or after the Effective Date, which may include, without limitation, mergers, consolidations, conversions, joint ventures, restructurings, recapitalizations, dispositions, liquidations or dissolutions. See Plan § 5.2, Ex. 5.2 and Docket No. 12732. Certain of the Debtors against which the Disputed Claims were filed have undertaken Restructuring Transactions, pursuant to which they have been merged with and into direct or indirect wholly-owned subsidiaries of Tribune Company. A notice with information respecting each Debtor's anticipated post-emergence entity following

46429/0001-9660159V1

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1.

## FACTUAL BACKGROUND TO THE DEBTORS' CLAIMS PROCESS

6. On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs (Docket Nos. 567-789), which were subsequently amended on April 13, 2009 (Docket Nos. 894-957), June 12, 2009 (Docket Nos. 1343-1453), March 2, 2010 (Docket Nos. 3548-3599), May 13, 2010 (Docket No. 4388), and January 28, 2011 (Docket Nos. 7661-7671) (collectively, the "Schedules").

7. On March 25, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date.

8. Written notice of the Bar Date was mailed to, among others, all known creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order. In addition to mailing such actual notice, the Debtors also published notice of the Bar Date in the National Editions of the Wall Street Journal and the New York Times and in the Chicago Tribune and Los Angeles Times on May 12, 2009.

---

the consummation of the Restructuring Transactions was filed with the Bankruptcy Court on November 16, 2012 (Docket No. 12732).

9. As of the Effective Date, approximately 7,165 Proofs of Claim were filed in these chapter 11 cases. The Proofs of Claim are recorded on the official claims register (the "Claims Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors and the Reorganized Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

## RELIEF REQUESTED

10. By this Objection, the Reorganized Debtors seek entry of an order, pursuant to sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1, disallowing and expunging or modifying, as applicable, each of the Disputed Claims on the substantive grounds set forth below, and authorizing the Claims Agent to modify each of the Disputed Claims on the Claims Register in accordance with the proposed Order submitted herewith. This Objection complies with Local Rule 3007-1 in all respects.

## BASIS FOR OBJECTION

11. This Objection is based on section 502(b)(1) of the Bankruptcy Code, which provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1). Section 502(b)(1) recognizes the settled principle that "[c]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy

4

Code." Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450-51 (2007) (citing Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20 (2000)). A claim against the bankruptcy estate, therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be enforceable against the debtor outside of bankruptcy." In re Combustion Eng'g, Inc., 391 F.3d 190, 245 (3d Cir. 2004). In proceedings to determine whether a claim is enforceable against the estate, "[t]he estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses" pursuant to section 558 of the Bankruptcy Code. See 11 U.S.C. § 558.

**A.      The Reorganized Debtors Request That The GE Capital Claim Attached Hereto As Exhibit A Be Reduced And Allowed In The Amount Of $22,059.46**

12.     Attached hereto as Exhibit A is the proof of claim filed by GE Capital Corp. ("GE Capital") against Chicago Tribune Company ("CTC") in the amount of "$69,443.06 plus attorneys' fees, costs, insurance, taxes and other amounts, to the extent allowable in this case and under the [parties' Master Lease] Agreement", which was assigned Claim No. 5578 by the Claims Agent (the "GE Capital Claim"). The GE Capital Claim relates to a prepetition equipment lease that was assumed by the Reorganized Debtors pursuant to the Plan.

13.     Upon receipt of the GE Capital Claim, CTC requested that GE Capital provide copies of the invoices or other documentation supporting the amount requested in such claim. (Rodden Decl. ¶ 6.) GE Capital provided copies of five (5) invoices in the aggregate amount of $56,057.87 (being GE Capital invoice nos. 14273969, 14222179, 14613920, 14273139, and 14273140. (Id.) On June 18, 2013, the Reorganized Debtors' financial advisors provided counsel for GE Capital with proof of payment respecting invoice nos. 14273969, 14273139, and 14273140, in the aggregate amount of $33,998.41, leaving an unpaid balance due

46429/0001-9660159V1

of $22,059.46.[4] (Id.) The Reorganized Debtors have subsequently reached out to GE Capital through their advisors and attempted to reduce and allow the GE Capital Claim in the amount of $22,059.46, but these efforts were unsuccessful. (Id.) The Reorganized Debtors believe that CTC's books and records are correct that the amount due to GE Capital on account of the GE Capital Claim is $22,059.46. (Id.) If the relief requested herein is granted, the GE Capital Claim will be reduced and allowed against CTC in the amount of $22,059.46. For the avoidance of doubt, the treatment specified for the GE Capital Claim under the Plan is payment in full in cash.

B. **The Reorganized Debtors Request That The Protection One Claim Attached Hereto As Exhibit B Be Disallowed And Expunged**

14. Attached hereto as Exhibit B is the proof of claim filed by Protection One against Tribune in the amount of $2,679.97, which was assigned Claim No. 2960 by the Claims Agent (the "Protection One Claim"). The Protection One Claim was filed on account of certain prepetition security services provided by Protection One. (Rodden Decl. ¶ 7.) Appended to the Protection One Claim is a statement showing $1,463.60 as being due to Protection One by The Hartford Courant Company (the "Courant") and $1,216.37 as being due to Protection One by an entity called "Tribune Newspaper" with an address in Chandler, Arizona.

15. At Tribune's request, Protection One submitted copies of the invoices that comprised the Protection One Claim on October 28, 2009. (Rodden Decl. ¶ 8.) Those materials included one invoice for $606.64 for "Tribune Newspaper" in Chandler, Arizona. (Id.) As Protection One could not identify any additional invoices to support the $1,216.37 asserted as being due by "Tribune Newspaper", Protection One agreed to reduce that portion of its claim to $606.64. (Id.) The Reorganized Debtors, through their financial advisor, communicated to

---

[4] Copies of those materials were transmitted to counsel for GE Capital and will also be provided to the Court at the Court's request.

6

46429/0001-9660159V1

Protection One on April 30, 2013 their belief that such invoice properly relates to the East Valley Tribune in Tempe, Arizona, or AZ Interactive Media Group, both of which are affiliates of 10/13 Communications and are not related to Tribune or any of its affiliates.[5] (Id.) Neither the Debtors nor the Reorganized Debtors had any property or operations in Arizona at the times relevant to the Protection One Claim, nor do they today. Furthermore, neither the Debtors nor the Reorganized Debtors received any services from Protection One in Arizona. (Id.) Accordingly, Tribune has no liability for any amounts asserted by the Protection One Claim as being due from "Tribune Newspaper" (whether such request is limited to the $606.64 invoice provided to the Reorganized Debtors or the entire $1,216.37 listed in the Protection One Claim).

16.     Protection One also submitted three invoices pursuant to its prepetition contract with the Courant for security services at 40 South Street in Hartford, Connecticut (the "Security Contract"), in the aggregate amount of $1,463.60. (Rodden Decl. ¶ 9.) The first two invoices, being invoice no. 70302966 in the amount of $37.75 covering January 1, 2009 through January 31, 2009 and invoice no. 70756009 in the amount of $50.88 covering February 1, 2009 through February 28, 2009 were each paid by the Courant via check number 0002555283 dated March 3, 2010. (Id.) That payment was accepted by Protection One and cleared the Courant's bank account on March 28, 2010. (Id.)

17.     The Courant disputes that it has any liability for the remaining invoice, being invoice no. 71196344 in the amount of $1,374.97 covering January 1, 2009 through June 5, 2011, which represents the full amount of all future payments due from the Courant to Protection One under the original term of the Security Contract. (Rodden Decl. ¶ 10.) As an initial matter, the invoice duplicates, in part, invoice nos. 70302966 and 70756009, which, as

---

[5] A copy of those communications will also be provided to the Court at the Court's request.

described above, were paid by the Courant. As to the remaining portion, the Courant has no liability because on January 14, 2009 the Courant sent Protection One written notice of cancellation of the Security Contract, based upon its rejection of its real property lease at 40 South Street.[6] (Id.) Based on that cancellation, which was made effective as of January 15, 2009, security services provided by Protection One at 40 South Street were terminated. (Id.) Protection One has not provided the Courant with documentation to support its request for any additional amounts. (Id.) Accordingly, the Protection One Claim should be disallowed in its entirety and expunged.

C. **The Reorganized Debtors Request That The Toyota Motor Credit Claims Attached Hereto As Exhibits C And D Be Disallowed And Expunged**

18. Attached hereto as Exhibits C and D are two proofs of claim filed by Toyota Motor Credit Corporation ("Toyota Motor Credit") against InsertCo, Inc. ("InsertCo") in the aggregate amount of $8,460.00, assigned Claim Nos. 5665 and 5666, respectively, by the Claims Agent (collectively, the "Toyota Motor Credit Claims"). The Toyota Motor Credit Claims were filed on account of prepetition equipment leases (the "Toyota Leases"). (Rodden Decl. at ¶ 11.) As of the Petition Date, InsertCo was current on the Toyota Leases and did not owe any prepetition amounts to Toyota Motor Credit on account thereof. (Id.) The Reorganized Debtors believe that Toyota Motor Credit filed these claims on a protective basis in the full amount of all future payments due from InsertCo under the terms of the Toyota Leases. (Id.) InsertCo remained current on the Toyota Leases during the pendency of its chapter 11 case and all amounts due thereunder have been paid in full. (Id.) For these reasons, the Toyota Motor Credit Claims should be disallowed in their entirety and expunged.

---

[6] An additional copy of that cancellation notice was transmitted to Protection One on April 30, 2013 in connection with the Reorganized Debtors' efforts to resolve the Protection One Claim consensually, and will also be provided to the Court at the Court's request.

46429/0001-9660159V1

## RESERVATION OF RIGHTS

19.     The Reorganized Debtors hereby reserve their right to amend, modify, and/or supplement this Objection at any time prior to the hearing on this Objection. The Reorganized Debtors further reserve their right to adjourn the hearing on this Objection as it pertains to any or all of the Disputed Claims. In the event that the Reorganized Debtors so adjourn the hearing, they will state that the hearing on the Objection and/or any response filed in connection therewith and/or all applicable deadlines for responsive pleadings have been adjourned on the agenda for the hearing, which agenda will be served on any party affected by such adjournment.

## NOTICE

20.     Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) the claimants listed on Exhibit A, Exhibit B, Exhibit C, and Exhibit D; and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Reorganized Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

21.     No previous application for the relief sought herein has been made to this Court or to any other court.

WHEREFORE, for the reasons set forth herein, the Reorganized Debtors respectfully request that the Court enter an order, pursuant to sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1, (i) modifying the amount of and allowing the GE Capital Claim; (ii) disallowing in full and expunging the Protection One Claim; (iii) disallowing in full and expunging the Toyota Motor Credit Claims; (iv) directing the Claims Agent to modify the Disputed Claims on the Claims Register; and (v) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
      June 26 2013

Respectfully submitted,

SIDLEY AUSTIN LLP
Bryan Krakauer
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR REORGANIZED DEBTORS

46429/0001-9660159V1