# EXHIBIT E

# RODDEN DECLARATION

46429/0001-9660159V1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

## DECLARATION OF JOHN RODDEN IN SUPPORT OF REORGANIZED DEBTORS' SIXTY-NINTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS

I, John Rodden, declare as follows:

1. I am Vice President of Tribune Company ("Tribune"), one of the reorganized debtors in the above-captioned chapter 11 cases (collectively, the "Reorganized Debtors"), and the ultimate parent of the other Reorganized Debtors. In this position, I am responsible—together with the other members of the Reorganized Debtors' management—for the management and oversight of the Reorganized Debtors' restructuring efforts and business operations.

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-9660159V1

2.  I have read the Reorganized Debtors' Sixty-Ninth Omnibus (Substantive) Objection to Claims Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 (the "<u>Objection</u>")[2] and am directly, or by and through the Debtors' personnel and advisors, familiar with the information contained therein and with the Disputed Claims attached thereto as <u>Exhibit A</u>, <u>Exhibit B</u>, <u>Exhibit C</u>, and <u>Exhibit D</u>. I am authorized to submit this declaration (the "<u>Declaration</u>") in support of the Objection.

3.  All matters set forth in this Declaration are based on: (a) my personal knowledge, (b) my review of relevant documents, (c) my view, based on my experience and knowledge of the Debtors' former and Reorganized Debtors' current operations and personnel, (d) information supplied to me by others at the Reorganized Debtors' request, or (e) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance on the advice of counsel or other advisors to the Reorganized Debtors. If called upon to testify, I could and would testify competently to the facts set forth herein.

4.  Considerable time and resources have been expended to review and reconcile the proofs of claim (the "<u>Proofs of Claim</u>") filed against the Debtors in these chapter 11 cases. Upon review of the Proofs of Claim filed in these chapter 11 cases and supporting documentation attached thereto, the Reorganized Debtors have determined that the claims attached to the Objection as <u>Exhibit A</u>, <u>Exhibit B</u>, <u>Exhibit C</u>, and <u>Exhibit D</u> are not properly asserted pursuant to section 502(b) and 558 of the Bankruptcy Code, Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure, Local Rule 3007-1, and applicable orders of the Bankruptcy Court.

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Objection.

A.   **The GE Capital Claim**

5. I have reviewed the proof of claim filed by GE Capital Corp. ("GE Capital") against Chicago Tribune Company ("CTC") in the amount of "$69,443.06 plus attorneys' fees, costs, insurance, taxes and other amounts, to the extent allowable in this case and under the [parties' Master Lease] Agreement", which was assigned Claim No. 5578 by the Claims Agent (the "GE Capital Claim"). The GE Capital Claim relates to a prepetition equipment lease that was assumed by the Reorganized Debtors pursuant to the Plan.

6. Upon receipt of the GE Capital Claim, CTC requested that GE Capital provide copies of the invoices or other documentation supporting the amount requested in such claim. GE Capital provided copies of five (5) invoices in the aggregate amount of $56,057.87 (being GE Capital invoice nos. 14273969, 14222179, 14613920, 14273139, and 14273140. On June 18, 2013, the Reorganized Debtors' financial advisors provided counsel for GE Capital with proof of payment respecting invoice nos. 14273969, 14273139, and 14273140, in the aggregate amount of $33,998.41, leaving an unpaid balance due of $22,059.46. The Reorganized Debtors have subsequently reached out to GE Capital through their advisors and attempted to reduce and allow the GE Capital Claim in the amount of $22,059.46, but these efforts were unsuccessful. The Reorganized Debtors believe, and I agree, that CTC's books and records are correct that the amount due to GE Capital on account of the GE Capital Claim is $22,059.46.

B.   **The Protection One Claim**

7. I have reviewed the proof of claim filed by Protection One against Tribune in the amount of $2,679.97, which was assigned Claim No. 2960 by the Claims Agent (the "Protection One Claim"). The Protection One Claim was filed on account of certain prepetition security services provided by Protection One. Appended to the Protection One Claim is a statement showing $1,463.60 as being due to Protection One by The Hartford Courant Company

(the "Courant") and $1,216.37 as being due to Protection One by an entity called "Tribune Newspaper" with an address in Chandler, Arizona.

8. At Tribune's request, Protection One submitted copies of the invoices that comprised the Protection One Claim on October 28, 2009. Those materials included one invoice for $606.64 for "Tribune Newspaper" in Chandler, Arizona. As Protection One could not identify any additional invoices to support the $1,216.37 asserted as being due by "Tribune Newspaper", Protection One agreed to reduce that portion of its claim to $606.64. The Reorganized Debtors, through their financial advisor, communicated to Protection One on April 30, 2013 their belief that such invoice properly relates to the East Valley Tribune in Tempe, Arizona, or AZ Interactive Media Group, both of which are affiliates of 10/13 Communications and are not related to Tribune or any of its affiliates.[3] Neither the Debtors nor the Reorganized Debtors had any property or operations in Arizona at the times relevant to the Protection One Claim, nor do they today. Furthermore, neither the Debtors nor the Reorganized Debtors received any services from Protection One in Arizona. Accordingly, Tribune has no liability for any amounts asserted by the Protection One Claim as being due from "Tribune Newspaper" (whether such request is limited to the $606.64 invoice provided to the Reorganized Debtors or the entire $1,216.37 listed in the Protection One Claim).

9. Protection One also submitted three invoices pursuant to its prepetition contract with the Courant for security services at 40 South Street in Hartford, Connecticut (the "Security Contract"), in the aggregate amount of $1,463.60. The first two invoices, being invoice no. 70302966 in the amount of $37.75 covering January 1, 2009 through January 31, 2009 and invoice no. 70756009 in the amount of $50.88 covering February 1, 2009 through

---

[3] A copy of those communications will also be provided to the Court at the Court's request.

4

February 28, 2009 were each paid by the Courant via check number 0002555283 dated March 3, 2010. That payment was accepted by Protection One and cleared the Courant's bank account on March 28, 2010.

10. The Courant disputes that it has any liability for the remaining invoice, being invoice no. 71196344 in the amount of $1,374.97 covering January 1, 2009 through June 5, 2011, which represents the full amount of all future payments due from the Courant to Protection One under the original term of the Security Contract. As an initial matter, the invoice duplicates, in part, invoice nos. 70302966 and 70756009, which, as described above, were paid by the Courant. As to the remaining portion, the Courant has no liability because on January 14, 2009 the Courant sent Protection One written notice of cancellation of the Security Contract, based upon its rejection of its real property lease at 40 South Street.[4] Based on that cancellation, which was made effective as of January 15, 2009, security services provided by Protection One at 40 South Street were terminated. Protection One has not provided the Courant with documentation to support its request for any additional amounts. Accordingly, the Reorganized Debtors believe, and I agree, that no amounts are due to Protection One on account of the Protection One Claim.

C.  **The Toyota Motor Credit Claims**

11. I have reviewed the two proofs of claim filed by Toyota Motor Credit Corporation ("Toyota Motor Credit") against InsertCo, Inc. ("InsertCo") in the aggregate amount of $8,460.00, assigned Claim Nos. 5665 and 5666, respectively, by the Claims Agent (collectively, the "Toyota Motor Credit Claims"). The Toyota Motor Credit Claims were filed on account of prepetition equipment leases (the "Toyota Leases"). As of the Petition Date,

---

[4] An additional copy of that cancellation notice was transmitted to Protection One on April 30, 2013 in connection with the Reorganized Debtors' efforts to resolve the Protection One Claim consensually, and will also be provided to the Court at the Court's request.

5

InsertCo was current on the Toyota Leases and did not owe any prepetition amounts to Toyota Motor Credit on account thereof. The Reorganized Debtors believe that Toyota Motor Credit filed this claim on a protective basis in the full amount of all future payments due from InsertCo under the terms of the Toyota Leases. InsertCo remained current on the Toyota Leases during the pendency of its chapter 11 case and all amounts due thereunder have been paid in full. Accordingly, the Reorganized Debtors believe, and I agree, that no amounts are due to Toyota Motor Credit on account of the Toyota Motor Credit Claims.

[Remainder of Page Intentionally Left Blank]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 26th day of June 2013.

By: John Rodden