## PROPOSED ORDER

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |
| | **Related to Docket No. ____** |

### ORDER SUSTAINING REORGANIZED DEBTORS' SIXTY-NINTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTIONS 502(b) AND 558 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003 AND 3007, AND LOCAL RULE 3007-1

Upon consideration of the Reorganized Debtors' Sixty-Ninth Omnibus (Substantive) Objection to Claims, by which the Reorganized Debtors[2] requested entry of an order pursuant to sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1, modifying or disallowing and expunging, as applicable, each of the Disputed Claims set forth on Exhibits A, B, C, and D thereto and directing the Claims Agent to modify the Disputed Claims on the Claims Register; and upon consideration of the

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used, but not defined herein, shall have the meanings ascribed to them in the Objection.

Objection and the Rodden Declaration; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and due and adequate notice of this Objection having been given under the circumstances; and sufficient cause appearing therefor; it is hereby

ORDERED that the Objection is sustained; and it is further

ORDERED that the GE Capital Claim set forth on Exhibit A hereto, being Claim No. 5578, shall be modified so that it is fixed in the amount of $22,059.46 and allowed against Chicago Tribune Company; and it is further

ORDERED that the Protection One Claim set forth on Exhibit B hereto, being Claim No. 2960, is hereby disallowed and expunged; and it is further

ORDERED that the Toyota Motor Credit Claims set forth on Exhibits C and D hereto, being Claim Nos. 5665 and 5666, are hereby disallowed and expunged; and it is further

ORDERED that the Claims Agent is authorized to modify the Claims Register to comport with the entry of this Order; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
      July _____, 2013

                                          _____
                                          The Honorable Kevin J. Carey
                                          United States Bankruptcy Judge