# EXHIBIT A

## Claim No. 2540

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
Tribune Company Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5069
New York, NY 10150-5069

# PROOF OF CLAIM

Filed: USBC - District of Delaware
Tribune Company, Et Al.
08-13141 (KJC)                0000002540

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|
| TRIBUNE / KTLA, INC. | 08-13183 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)

TRB (CREDITOR.DBF,CREDNUM)CREDNUM # 1000086607******
PETER BOHM
BOX 11255
BURBANK, CA 91510

Telephone number:                Email Address:

Name and address where payment should be sent (if different from above)

Telephone number (805) 579 6460    Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim
Number:_____
(If known)

Filed on:
001241

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1.** Amount of Claim as of Date Case Filed: $ 93,560.89

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete Item 5.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.

☐ Check this box if claim is for a claim related to goods delivered during the twenty (20) days prior to December 8, 2008 (the "Petition Date"), pursuant to 11 U.S.C. §503(b)(9). Please indicate amount entitled to 503(b)(9) $

**2.** Basis for Claim: Services performed
(See instruction #2 on reverse side.)

**3.** Last four digits of any number by which creditor identifies debtor:
**3a.** Debtor may have scheduled account as: #002417
(See instruction #3a on reverse side.)

**4.** Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:_____
Value of Property: $_____ Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any:

$_____ Basis for perfection: _____

Amount of Secured Claim: $_____ Amount Unsecured: $_____

**5.** Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☑ Wages, salaries or commissions (up to $10,950*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

Amount entitled to priority:

$ 10,950

* Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**FOR COURT USE ONLY**

FILED / RECEIVED

MAY 07 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date: 5/3/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Peter Bohm
PO Box 11255
Burbank, CA 91510
April 30, 2009
**RE: Case No. 08-13183; EID No. 95-1743404**

United States Bankruptcy Court for the District of Delaware
Tribune Company Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5069
New York, NY 10150-5069

Dear US Bankruptcy Court:

I have been on the payroll of Tribune subsidiary KTLA since 1997. My employee number is 002417. My Social Security Number is ███████.

This is a summary of my claim against Tribune, Inc. concerning money owed me for Short Term Disability, Vacations, Holidays, Sick Days, and Bereavement Leave as specified in my employment contract with KTLA, Inc. and other policy manuals and agreements. I have enclosed supporting materials in the form of charts, excerpts from the Tribune Employee Guidebook, and excerpts from the IATSE/KTLA Employment Contract which support my claim.

This claim has three parts.

1. **KTLA Short Term Disability**. I have two periods of disability which are covered under the Tribune Employee Policy Handbook. The first one began on or about February 13, 2004, and lasted for over a year. The second one began on or about June 17, 2006, and continues to this day. According to the **Tribune Employee Guidebook**, page 5-2, I am entitled to 6 months of payments for each period of Disability, according to the following formula:

| Item | Rate | Amount |
|---|---|---|
| Weekly Rate | $1,438.42 | |
| 13 weeks @100% weekly rate | | $18,699.46 |
| 13 weeks @ 50% weekly rate | | $9,349.73 |
| Total | | $28,049.19 |

Although I did receive payment for the second STD period, in 2006, I was never paid for my Disability during 2004.

2. **Back benefits, in the form of vacation, holidays, and sick days.** These benefits have accrued from 2003 to the present. KTLA has not paid them even though I have requested in writing and on the telephone that the company perform on its obligation. This debt amounts to **$57,392.98** (Supporting Documentation: **Tribune Employee Guidebook:** Sick Days, Page 5-1, STD Benefits, Page 5-2; **IATSE/KTLA Television Contract:** Vacation, Sec. 4.12, Holidays, Sec. 4.13, Sick Leave, Sec. 4.20). Please see chart on the next page for details.

United States Bankruptcy Court for the District of Delaware                April 30, 2009
Tribune  Company Claims Processing Center

## Amount Due in Lieu of Benefit Days Not Taken

| Year | Item | Hourly Rate | Daily Rate | Number of Days | Amount | Subtotal |
|------|------|-------------|------------|----------------|--------|----------|
| 2003 | Vacation | $35.96 | $287.68 | 15 | $4,315.26 | |
| | Holidays | $35.96 | $287.68 | 7 | $2,013.79 | |
| | Sick Leave | $35.96 | $287.68 | 5 | $1,438.42 | |
| | Personal Days | $35.96 | $287.68 | 1.5 | $431.53 | |
| | | | | SUBTOTAL | | $8,199.00 |
| 2004 | Vacation | $35.96 | $287.68 | 15 | $4,315.26 | |
| | Holidays | $35.96 | $287.68 | 7 | $2,013.79 | |
| | Sick Leave | $35.96 | $287.68 | 5 | $1,438.42 | |
| | Personal Days | $35.96 | $287.68 | 1.5 | $431.53 | |
| | | | | SUBTOTAL | | $8,199.00 |
| 2005 | Vacation | $35.96 | $287.68 | 15 | $4,315.26 | |
| | Holidays | $35.96 | $287.68 | 7 | $2,013.79 | |
| | Sick Leave | $35.96 | $287.68 | 5 | $1,438.42 | |
| | Personal Days | $35.96 | $287.68 | 1.5 | $431.53 | |
| | | | | SUBTOTAL | | $8,199.00 |
| 2006 | Vacation | $35.96 | $287.68 | 15 | $4,315.26 | |
| | Holidays | $35.96 | $287.68 | 7 | $2,013.79 | |
| | Sick Leave | $35.96 | $287.68 | 5 | $1,438.42 | |
| | Personal Days | $35.96 | $287.68 | 1.5 | $431.53 | |
| | | | | SUBTOTAL | | $8,199.00 |
| 2007 | Vacation | $35.96 | $287.68 | 15 | $4,315.26 | |
| | Holidays | $35.96 | $287.68 | 7 | $2,013.79 | |
| | Sick Leave | $35.96 | $287.68 | 5 | $1,438.42 | |
| | Personal Days | $35.96 | $287.68 | 1.5 | $431.53 | |
| | | | | SUBTOTAL | | $8,199.00 |
| 2008 | Vacation | $35.96 | $287.68 | 15 | $4,315.26 | |
| | Holidays | $35.96 | $287.68 | 7 | $2,013.79 | |
| | Sick Leave | $35.96 | $287.68 | 5 | $1,438.42 | |
| | Personal Days | $35.96 | $287.68 | 1.5 | $431.53 | |
| | | | | SUBTOTAL | | $8,199.00 |
| 2009 | Vacation | $35.96 | $287.68 | 15 | $4,315.26 | |
| | Holidays | $35.96 | $287.68 | 7 | $2,013.79 | |
| | Sick Leave | $35.96 | $287.68 | 5 | $1,438.42 | |
| | Personal Days | $35.96 | $287.68 | 1.5 | $431.53 | |
| | | | | SUBTOTAL | | $8,199.00 |
| | | | | GRAND TOTAL | | $57,392.98 |

United States Bankruptcy Court for the District of Delaware                April 30, 2009
Tribune Company Claims Processing Center

3. **Bereavement Leave.** My father, Rudolf Bohm, passed away on March 22, 2004. I
should have received 5 days of bereavement leave at that time (**IATSE/KTLA
Television Contract,** Page 50). This amounts to **$1,438.82.**

The Grand Total of these claims, plus interest is as follows:

| Item | Amount |
|------|--------|
| Short Term Disability | $28,049.19 |
| Time Off | $57,392.98 |
| Bereavement | $1,438.42 |
| | |
| Interest | $6,680.30 |
| Total | $93,560.89 |

The total amount of my claim is **$93,560.89**. In accordance with Section 5 of the Proof of Claim
Form, please designate **$10,950** as a Priority portion of my claim. This covers benefits earned
during the latter part of 2008, 180 days before the filing of bankruptcy.

Thank you for your consideration of this claim.

Sincerely,

Peter Bohm
(805) 579 6460

Page **3** of **3**

[Example of
pay statement off of
Tribune website:
www.tribuneathome.com]

## View Pay Statement
Peter Bohm

**TRIBUNE**

**Company:**
KTLA-TV

**Address:**
5800 Sunset Blvd.
Los Angeles, CA 90028

Net Pay:

**Pay Begin Date:** 03/19/2007
**Pay End Date:** 04/01/2007
**Check Date:** 04/06/2007

Go To: View a Different Pay Statement
Return to Self Service

**General**

| | |
|---|---|
| **Name:** | Peter Bohm |
| **Employee ID:** | 002417 |
| **Address:** | Box 11255 |
| | Burbank, CA 91510 |

| | |
|---|---|
| **Business Unit:** | 220TR |
| **Pay Group:** | 220-B Cycle Lag Mon-Sun |
| **Department:** | 2204041000 - Engineering |
| **Location:** | KTLA-TV - Hollywood,CA |
| **Job Title:** | Engineer (056) |
| **Pay Rate:** | $74,797.87      Annual |

## SHORT-TERM DISABILITY (STD) BENEFITS

This program will continue to pay a portion of your salary if you have a medically certified short-term disability. STD benefits start on the eighth consecutive calendar day of disability. The amount of benefits paid and the length of time benefits are paid are based on your years of service with the company. The longer you have worked for the company, the longer you will receive benefits and the higher those benefits will be, as outlined in the schedule below.

| YOUR YEARS OF EMPLOYMENT: | WEEKS AT 100% OF PAY: | WEEKS AT 60% OF PAY: | TOTAL WEEKS: |
|---|---|---|---|
| 1-4 | 6 | 6 | 12 |
| 5-9 | 13 | 13 | 26 |
| 10 or more | 26 | 0 | 26 |

Some states (such as California, New York and New Jersey) provide state disability benefits. In this case, the STD program will pay you the difference between your state disability benefits and the above schedule, if our program would pay more.

## LONG-TERM DISABILITY (LTD) BENEFITS

The LTD plan is designed to continue part of your income if your disability is medically certified to be ongoing or permanent. To receive LTD benefits, you must apply for benefits and be under the regular care of a doctor. Your disability must meet this plan definition as determined by the third party administrator of the plan.

■ For the first two years, you must be unable to do your regular job.

■ After that, you must be unable to do any job for which you are or could become reasonably qualified based on education, training and experience.

If your disability meets this definition, benefits from the plan may start once you have been disabled for six consecutive months. The plan benefit is 60 percent of your base pay. This benefit will be reduced by certain other income benefits that you receive, including the amount of primary social security or workers' compensation payments. The maximum benefit is $15,000 per month. Benefits continue until you recover, retire at age 65 or die.

LTD benefits are payable for disabilities related to mental health and substance abuse conditions only for the first 24 months. The six-month waiting period still applies.

If you die after receiving LTD benefits for at least six months or more, benefits will continue to be paid to your surviving spouse or dependent children for up to three additional months.

■ ■ ■

# DISABILITY BENEFITS

## OVERVIEW

The Tribune employee benefits program provides plans that continue all or part of your pay while you are away from work because of a disability. The plans are: paid sick days, short-term disability and long-term disability.

## ELIGIBILITY

You are automatically covered by the paid sick days program as soon as you join the company. You are eligible for the short-term disability program as soon as you complete one year of service. To be eligible for the long-term disability plan, you must be at least age 18 with one year of service.

You do not have to enroll in the disability plans; you have this coverage automatically as soon as you are eligible. The company pays the full cost of these benefits for you.

If you have less than one year of service, you may purchase long-term disability coverage to bridge the gap between your date of hire and your eligibility for automatic coverage under the plan.

If you purchase this optional coverage, when you complete one year of service, the amount you are paying for coverage stops being deducted from your pay and your coverage becomes company-paid. Call the Benefits Service Center for more details or current rates for this coverage.

## PAID SICK DAYS

If you are away from work because of your own illness or injury or that of a spouse, child or parent, you will receive your full pay under the paid sick days program. You are covered to a maximum of five paid sick days each year. This benefit is prorated for new employees during their first year with the company.

| IF YOU ARE HIRED IN: | YOUR PRORATED DAYS EQUAL: |
| --- | --- |
| January or February | 5 |
| March or April | 4 |
| May, June or July | 3 |
| August or September | 2 |
| October or November | 1 |
| December | 0 |

Unused sick days will not accumulate and may not be carried over to the next year.

DISABILITY BENEFITS

### SECTION 5.04.

(a)    **Savings & Investment Plan:** The KTLA Employee's Saving and Investment Plan shall continue in full force and effect through December 31, 1991. Effective January 1. 1992, the plan shall be restated to provide that the only contributions to the plan on behalf of each eligible employee shall be made monthly by the Employer in an amount equal to 3% of that employee's straight time earnings for that month.

(b)    **401(k) Plan:**  The Employer will provide a 401(k) Plan to which eligible employees only may contribute. This 401(k) Plan shall consist of the same investment options as the Employer's non-represented employees may elect. The Employer has the sole right to amend, change, modify or eliminate the 401(k), provided the same applies to the similar provisions of the 401(k) plan in which the Employer's non-represented employees participate.

### SECTION 5.05. BENEFIT PLAN:

(a)    **Group Medical, Dental, Life Insurance.** The Employer agrees to include the of the bargaining unit in these group medical, dental and life insurance plans which it has covering, its nonrepresented employees. The bargaining unit employees will receive these same group insurances as the non-represented employees. The co-payment contributions will be the same as those for nonrepresented employees.

Any increases or decreases in the premium contributions for these insurances during the term of this Agreement shall apply equally to employees covered by this Agreement and the Employer's non-represented employees.

Any increases or decreases in the benefit levels of these plans shall be done at the sole discretion of the Employer and shall apply equally to employees covered by this Agreement and the Employer's non-represented employees.

The Employer agrees to collect employee co-payment contributions through payroll deductions.

(b)    **Short-Term Disability Insurance.**  Upon the utilization of all previously accumulated sick leave, as set forth in Section 4.20, an employee covered by this Agreement will be provided benefits under the same terms and conditions as those applicable to the Employer's non-represented employees for medically-certified short-term disability.

(4)   Employees who have completed fifteen (15) years or more service with the Employer on or before January 1, 1991, during any calendar year will receive six (6) weeks vacation with pay in such calendar year. Subsequent to that date, no additional employees will become eligible to receive six weeks of vacation per year.

(b)   Regular employees hired after April 30, 1991 shall receive paid vacations on the basis of the following schedule:

(1)   Employees who complete one (1) to three (3) years of service shall receive two (2) weeks of vacation in the following calendar year.

(2)   Employees who complete four (4) to nine (9) years of service shall receive three (3) weeks of vacation in the following calendar year.

(3)   Employees who complete ten (10) or more years of service shall receive four (4) weeks of vacation in the following calendar year.

(c)   Any employee leaving the KTLA payroll before taking vacation shall receive pro rata payment for that portion of the year worked. If an employee resigns after taking vacation in any calendar year and before attaining such employee's anniversary date, there shall be deducted from the final pay, the unearned portion of vacation in that calendar year. Where any deduction made is insufficient to cover the unearned vacation time taken, the employee will be required to reimburse the Employer. Vacation time for a future year cannot be taken prior to the start of that year. Where, because of the Employer's request, an employee's scheduled vacation time is altered and as a result of alteration the vacation time altered cannot be scheduled during that year, it may, on a day for day basis, be scheduled in the subsequent year up to and including March 31 of the subsequent year. If the altered vacation time cannot be completed by March 31 of the subsequent year, the employee will be paid for such unscheduled vacation time by May 31 at the rate in effect as of March 31.

(d)   Vacations shall commence immediately following the employee's regular days off. Employees shall have the choice of vacation periods in order of seniority with the Employer in the Units.

(f)    The maximum number of employees on vacation at one time shall be as follows:

| | |
|---|---|
| Regular Technical Director | 1 |
| Transmitter, TC & Maintenance | 2 |
| Video-tape/VT Edit | 1 |
| Audio | 1 |
| Camera | 1 |
| News Videotape Editors | 1 |
| News Field Camera Operators | 1 |
| News Field/Studio Microwave Technician | 1 |
| TOTAL | 9 |

However, due to the number of employees qualified to interchange in departments, the basic needs of the broadcast operation and availability of substitute employees (i.e., vacation relief and daily call) the numbers above may vary.

SECTION 4.13.  HOLIDAYS:  Employees required to work on Thanksgiving, Christmas Eve, Christmas Day, Memorial Day, 4th of July, Easter Sunday and Labor Day will receive an additional half-time of their basic rate for the minimum call with applicable overtime rates thereof.  For each holiday worked, the employee shall receive an additional day off with pay at a mutually agreed date except employees who work on Labor Day shall not receive the corresponding day off but shall receive an additional half-time of their basic rate.  If any of the foregoing holidays fall on an employee's day off, such employee shall receive an extra day of vacation.  Each shall be granted one and one-half (1-1/2) personal paid holidays each year the scheduling of which shall be mutually agreed upon by the Employer and the employee.

SECTION 4.14.  LEAVES OF ABSENCE:

(a)    An employee may be granted a leave of absence for good cause for up to thirty (30) consecutive days by the consent of the Employer.  Seniority shall accrue during such a leave.  The employee shall not receive pay during the leave of absence.

(c)    **Long-Term Disability Insurance.** The Employer agrees to continue to make available to employees the long-term disability insurance that is offered by an insurer as selected by the Employer.

The premiums for this insurance shall be employee-paid and shall be determined by the insurance carrier.

The Employer agrees to collect individual employee premiums through payroll deductions.

(d)    **Bereavement Leave.** The Employer agrees to provide the same bereavement leave plan to employees of the bargaining unit as provided to its non-represented employees.

(e)    **Tuition Reimbursement.** The Employer agrees to provide the same tuition reimbursement plan to employees of the bargaining unit as provided to its non-represented employees.

(f)    **General.** For medical, dental and life insurance, short-term disability, bereavement leave and tuition reimbursement plans, the Union acknowledges the Employer's right to amend, alter, eliminate or otherwise modify these programs, benefits or employee contributions at any time if they are changed for other station employees, by notice to the Union.



U.S. POSTAGE
$.34
FCM LG ENV
CA 91505
05/04/09
02142249

MAY 07 2009

BY:

Tribune Company Claims Processing Center
c/o Epiq Bankruptcy Solutions, L.L.C.
FDR Station
P.O. Box 5069
New York, N.Y.
10150 - 5069

Pe
P.O. Box 11255
Burbank
CA
91510-1255