# EXHIBIT E

## Separation Agreement

## SEPARATION AGREEMENT

This Separation Agreement ("Agreement") is entered into by and between Peter Bohm, on behalf of himself, his agents, assignees, successors, heirs, executors, administrators, beneficiaries, trustees, and personal and legal representatives (collectively, Mr. Bohm), and KTLA Inc. (the "Company"). Mr. Bohm and the Company acknowledge and agree as follows:

1. *Separation Due to Resignation.* Mr. Bohm resigns his employment effective as of the close of business on February 28, 2010 (the "Separation Date"). After the Separation Date, he shall not have authority to represent or bind the Company, and he shall not act or convey the impression that he is acting on the Company's behalf.

2. *Separation Payment.* In consideration of the covenants set forth herein, provided that Mr. Bohm timely returns a signed and dated copy of this Agreement to the Company and provided that Mr. Bohm does not revoke this Agreement following his execution and delivery of the Agreement as provided herein, the Company shall provide Mr. Bohm with a separation payment of $500.00 (five hundred dollars), less all applicable deductions and taxes. This payment will be made within thirty days after the date on which Mr. Bohm returns a signed and dated copy of this Agreement to the Company or within thirty days of the date that the California Workers' Compensation Appeals Board approves a Compromise and Release settling Mr. Bohm's workers compensation claim numbers VNO 0497599, VNO 0497598, ADJ3555034, ADJ4279789 (the "Workers' Compensation Claims"), whichever is later. The payment set forth in this Paragraph exceeds any amounts otherwise due to Mr. Bohm upon the separation of his employment with the Company.

3. *Vacation Payment.* Earned but unused vacation as of the Separation Date, if any, will be paid to Mr. Bohm separate and apart from this Agreement and will not be contingent on signing this Agreement.

4. *Complete Agreement and Permanence.* Other than as set forth in this Agreement, in the Compromise and Release settling the Workers' Compensation Claims, or in a defined benefit plan, if applicable, Mr. Bohm will not be entitled to any salary, bonuses, benefits, including, without limitation, short-term and long term-disability, perquisites, or other compensation whatsoever after the Separation Date. This Agreement and the Compromise and Release constitute the entire agreement and understanding between Mr. Bohm and the Company regarding the termination of his employment with the Company. This Agreement and the Compromise and Release totally replace and supersede any and all prior agreements, arrangements, representations and understandings between him and the Company, written or oral, express or implied. This Agreement and the Compromise and Release cannot be amended, modified, supplemented or altered except by written amendment signed by him and an authorized representative of the Company. To the extent permitted by law, this Agreement shall be binding upon and inure to the benefit of the successors, representatives and assigns of the parties.

5. *Waiver and General Release of Claims*: (a) Excluding only claims which cannot be waived by law and the Workers' Compensation Claims (which is being settled pursuant to the

Compromise and Release, Mr. Bohm releases the Company and its parents, subsidiaries, predecessors, successors, affiliates, officers, directors, agents, shareholders, attorneys, employees, employee benefit plans, plan administrators, insurers, assignees, fiduciaries, administrators, trustees, and legal representatives, both past and present (collectively, the "Released Parties") from any and all claims, contracts, demands, damages, and other liabilities of whatever kind, whether now known or unknown, suspected or unsuspected, arising out of or in any way connected with his dealings with the Released Parties, his employment with the Company, the termination of his employment with the Company, including, without limitation, short-term and long-term disability, or advance notice of termination, or any other claim whatsoever to the date on which he signs this Agreement.

(b) This release includes, without limitation, any claims for retaliatory discharge related to the Workers' Compensation Claims, any claims for breach of an express or implied contract (including but not limited to claims arising under any collective bargaining agreement) and all claims under the following statutes, as amended: Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Age Discrimination in Employment Act ("ADEA"), the Employee Retirement Income Security Act, the Americans With Disabilities Act, the Family and Medical Leave Act, the Fair Labor Standards Act, the National Labor Relations Act, the Worker Adjustment and Retraining Notification Act, the California Fair Employment and Housing Act, the California Family Rights Act, any claims or potential claims under California Labor Code Section 132a, and any other federal, state or local human rights, civil rights, wage and hour, pension or labor law, rule and/or regulation, any public policy, contract or tort claim (regardless of whether of statutory or common law origin), or any other action against the Released Parties based upon any conduct or omission up to and including the date on which Mr. Bohm signs this Agreement.

(c) <u>California Civil Code Section 1542</u>. Mr. Bohm is aware of California Civil Code Section 1542, which provides as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his/her favor at the time of executing the release, which if known by him/her must have materially affected his/her settlement with the debtor."

To the extent, if any, which California Civil Code Section 1542 might be applicable, Mr. Bohm knowingly and intentionally waives and relinquishes all rights thereunder. In connection with such waiver and acknowledgement, Mr. Bohm acknowledges that he/she is aware that he/she may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which he/she now knows or believes to be true, with respect to the matters released herein. Nevertheless, it is Mr. Bohm intention to fully, finally and forever release all such matters, and all potential claims relative thereto, which do now exist, may exist or heretofore have existed against the Company.

MR. BOHM UNDERSTANDS AND AGREES THAT, OTHER THAN CLAIMS THAT CANNOT BE WAIVED BY LAW AND THE WORKERS COMPENSATION CLAIM (WHICH IS BEING SETTLED PURSUANT TO THE COMPROMISE AND RELEASE), HE

IS WAIVING AND RELEASING ANY AND ALL CLAIMS AGAINST THE RELEASED PARTIES TO THE DATE OF THIS AGREEMENT IN EXCHANGE FOR CONSIDERATION TO WHICH HE IS NOT OTHERWISE ENTITLED.

(d)     Mr. Bohm agrees that he waives any and all entitlement to relief, including, but not limited to, any monetary damages and equitable relief, with respect to any claim or cause of action released under this Paragraph (or any of its subparagraphs).

(e)     Mr. Bohm acknowledges that nothing in this Paragraph or any of its subparagraphs shall be construed to prevent him from filing a charge with, or participating in any investigation conducted by, the U.S. Equal Employment Opportunity Commission ("EEOC") or applicable state agency, or to prevent any challenge by him to the waiver and release of any claim under the ADEA.

(f)     Mr. Bohm agrees that his waiver and release of rights under this Agreement is knowing and voluntary and in compliance with the Older Workers Benefit Protection Act of 1990, and he covenants and agrees that:

1. he has been given 21 days in which to consider, sign and return this Agreement to the Company;
2. he is hereby being advised in writing to consult with an attorney concerning this Agreement to ensure he fully understands the significance of all of the terms and conditions of this Agreement; and
3. he will have 7 days from the date of signing to revoke this Agreement if he so desires. Any revocation must be in writing, signed by him and must be received by Greg Connor, Wai and Connor LLP, 2566 Overland Avenue, Suite 570, Los Angeles, California 90064, fax number (310) 838-7700 within the revocation period to be deemed effective.

6.     *Non-Disclosure*.  Mr. Bohm will keep confidential all confidential and trade secret information (hereinafter "Confidential Information") he acquired about any of the Released Parties including, without limitation, the Company's finances, systems, operations, dealings, assets, capabilities, plans, strategies, personnel and compensation, pricing, customer lists, and mailing information. Mr. Bohm will not disclose Confidential Information to anyone until, if ever, such information becomes public knowledge or as required in a formal legal proceeding.

7.     *Confidentiality*.  Except as may be required by law, neither Mr. Bohm nor any person acting by, through, or in concert with him, shall directly or indirectly, publish, disseminate, disclose, or cause or permit to be published, disseminated, or disclosed to any individual or entity, any information relating to the existence or content of this Agreement or the circumstances and discussions that led up to it, including, without limitation, the fact or amount of payment provided herein. This paragraph shall not be construed, however, to prevent Mr. Bohm from disclosing information to any attorney, accountant or tax advisor with whom he may consult for the purpose of obtaining professional advice or services, or to any governmental taxing authority, or to his spouse.

3

8. *Severability.* If any provision of this Agreement is deemed invalid or unenforceable for any reason by a court or other tribunal of competent jurisdiction, it shall not be stricken in its entirety or held void or unenforceable, but rather shall be deemed modified to make it enforceable to the maximum extent legally permissible, and the remaining provisions of this Agreement shall continue to be in full force and effect.

9. *Company Property.* On or before the Separation Date, Mr. Bohm will return all equipment and other property in his possession belonging to the Company, including, without limitation, all cellular telephones, computers, pagers, keys, key cards, tangible proprietary information, documents, books, records, reports, contracts, lists, computer equipment, credit cards, telephone cards, computer disks (or other computer-generated files or data), software, or copies thereof, created on any medium, prepared or obtained by him or the Company in the course of or incident to his employment with the Company.

10. *No Re-Employment.* Mr. Bohm will not apply for or otherwise seek employment or re-employment or contract with any of the Released Parties in the future. The Released Parties shall not be under any obligation to employ him, to re-employ him, or to consider him for future employment or re-employment.

11. *Non-Disparagement.* Mr. Bohm will not in any manner whatsoever denigrate, disparage, or otherwise convey or cause to be conveyed an unfavorable impression of any of the Released Parties to a third party or parties. Nothing in this Paragraph, however, shall be construed to prevent Mr. Bohm from providing truthful testimony or information to a court or governmental agency, including the EEOC or applicable state agency.

12. *Non-Admissions.* Nothing in this Agreement constitutes or shall be interpreted as an admission of liability or wrongdoing on the part of Mr. Bohm or any of the Released Parties.

13. *Non-Use.* This Agreement may not be used as evidence in any subsequent proceeding of any kind (without the written consent of all other parties) except one which any party institutes alleging a breach of this Agreement.

14. *Knowing and Voluntary Execution.* Mr. Bohm covenants that he is legally and mentally competent to enter into this Agreement, and that he is entering into this Agreement knowingly, voluntarily and with full knowledge of its significance and the rights he is waiving, that no other promises or representations whatsoever have been made to induce Mr. Bohm to sign this Agreement and that he has not been coerced, threatened, or intimidated into signing the Agreement.

| Peter Bohm | KTLA Inc. |
|---|---|
| _[signature]_ | By _[signature]_ |
| APR 2 1 2010 | 4·29 |
| _____, 2010 | _____, 2010 |

4