# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered<br>Hearing Date: July 30, 2013 at 2:00 p.m. ET<br>Objection Deadline: July 23, 2013 at 4:00 p.m. ET |

## REORGANIZED DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING THE DEADLINE TO OBJECT TO CLAIMS

The reorganized debtors in the above-captioned chapter 11 cases (each, a "Reorganized Debtor" and, collectively, the "Reorganized Debtors"), by and through their undersigned counsel, hereby submit this motion (the "Motion") for the entry of an order, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 8.1 of the Plan (as defined below), extending the deadline

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

established under the Plan for the Reorganized Debtors to object to Claims.[2] In support of this Motion, the Reorganized Debtors respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[3] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket Nos. 43, 2333].

3. On July 23, 2012, the Court entered an order [Docket No. 12074] (the "Confirmation Order") confirming the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 12072] (the "Plan").

4. The Effective Date of the Plan occurred on December 31, 2012.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, which jurisdiction was retained pursuant to Article IX of the Confirmation Order and Section 12.1 of the Plan. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9006.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

[3] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

## BACKGROUND CONCERNING THE DEBTORS' CLAIMS PROCESS

6. On March 25, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) as the final date and time for all persons and entities holding or asserting a claim against the Debtors, other than Tribune CNLBC, LLC, arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date [Docket No. 813]. On June 7, 2010, the Court entered an order establishing July 26, 2010 at 4:00 p.m. (prevailing Eastern Time) as the final date and time for all persons and entities holding or asserting a claim against Tribune CNLBC, LLC arising on or before October 12, 2009 to file Proofs of Claim in these chapter 11 cases [Docket No. 4709].

7. To date, approximately 7,188 Proofs of Claim have been filed in these chapter 11 cases. The Proofs of Claim are recorded on the official claims register maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors and Reorganized Debtors to assist with claims processing in these chapter 11 cases.

8. Since the entry of the Bar Date Order, the Debtors' and Reorganized Debtors' personnel and professionals have succeeded in resolving approximately 90% of the 7,188 Proofs of Claim filed in these chapter 11 cases. Specifically, the Debtors and the Reorganized Debtors have collectively filed sixty-nine (69) omnibus objections to Claims, which collectively expunged over 1,800 Proofs of Claim.[4] Thousands more Claims have been otherwise resolved, including resolutions through orders fixing and allowing the Claims,

---

[4] The Reorganized Debtors' Sixty-Ninth Omnibus (Substantive) Objection to Claims Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 [Docket No. 13644] is scheduled for hearing on July 30, 2013.

46429/0001-9690179v1

stipulated resolutions through the Bankruptcy Court-approved Claims resolution procedures in these chapter 11 cases, and resolution through the Plan.

## RELIEF REQUESTED

9. Section 8.1 of the Plan provides that "[u]nless otherwise ordered by the Bankruptcy Court, the Reorganized Debtors and/or the Litigation Trustee shall serve and file any objections to Claims and Interests as soon as practicable, but in no event later than (a) two hundred ten (210) days after the Effective Date or (b) such later date as may be determined by the Bankruptcy Court upon a motion which may be made without further notice or hearing." Plan §8.1.

10. In light of the foregoing, because the Effective Date occurred on December 31, 2012, the period within which the Reorganized Debtors may object to Claims (the "Current Claims Objection Deadline") is currently set to expire on July 29, 2013.

11. By this Motion, the Reorganized Debtors request that the Court enter an order, in substantially the form attached hereto as Exhibit 1, extending the Current Claims Objection Deadline for the Reorganized Debtors by approximately six (6) months, through and including Friday, January 31, 2014. The Reorganized Debtors further request that the extension proposed herein be without prejudice to their rights to seek further extensions of the Current Claims Objection Deadline.

## BASIS FOR RELIEF REQUESTED

12. As set forth above, Section 8.1 of the Plan provides that the Current Claims Objection Deadline may be extended by order of the Court.

13. Additionally, section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the

4

provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Bankruptcy Rule 9006(b)(1) further provides, in pertinent part, that:

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b)(1).[5] As discussed below, good and sufficient cause exists to extend the Current Claims Objection Deadline.

14. The Reorganized Debtors submit that extending the Current Claims Objection Deadline is essential and in the best interests of the Debtors, their estates and creditors. While, as noted above (see ¶8, supra), the Debtors and the Reorganized Debtors have made significant progress to date, the Reorganized Debtors currently believe that approximately 649 Claims remain unresolved. The Reorganized Debtors need additional time to resolve these approximately 649 Claims. The Reorganized Debtors submit that extending the Current Claims Objection Deadline is therefore necessary to ensure that the Reorganized Debtors have sufficient time to review and raise appropriate objections to, or otherwise resolve, the remaining Claims.

15. Given the volume of Proofs of Claim filed in these chapter 11 cases and the progress made by the Debtors and Reorganized Debtors thus far, the Reorganized Debtors believe that the extension of time requested herein is just and appropriate under the circumstances. Similar relief has been granted by the Court in other cases on numerous occasions. See, e.g., In re Allen Family Foods, Inc., No. 11-11764 (KJC) (Bankr. D. Del. Apr.

---

[5] Pursuant to Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the filing of this Motion prior to the expiration of the Current Claims Objection Deadline shall automatically extend such deadline until the Court acts on this Motion without the necessity for the entry of a bridge order.

5

46429/0001-9690179v1

22, 2013) (order granting first motion to extend time to object to claims); <u>In re Advanta Corp.</u>, No. 09-13931 (KJC) (Bankr. D. Del. Aug. 9, 2011) (same); <u>In re Special Devices, Inc.</u>, No. 08-13312 (MFW) (Bankr. D. Del. Oct. 27, 2009) (same); <u>In re Motor Coach Indus. Int'l, Inc.</u>, No. 08-12136 (BLS) (Bankr. D. Del. July 21, 2009) (same); <u>In re USG Corp.</u>, No. 01-2094 (JKF) (Bankr. D. Del. Dec. 6, 2006) (same).

16. For the foregoing reasons, the Reorganized Debtors request that the Court enter an order extending the Current Claims Objection Deadline through and including Friday, January 31, 2014, without prejudice to the Reorganized Debtors' rights to seek further extensions of such deadline.

## **NOTICE**

17. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the parties holding unresolved Proofs of Claim; and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Reorganized Debtors submit that no other or further notice is necessary.

6

46429/0001-9690179v1

WHEREFORE the Reorganized Debtors respectfully request entry an order (i) extending the Current Claims Objection Deadline through and including Friday, January 31, 2014, without prejudice to the Reorganized Debtors' rights to seek further extensions of such deadline and (ii) granting such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>July 9, 2013 | Respectfully submitted,<br><br>SIDLEY AUSTIN LLP<br>James F. Conlan<br>Kevin T. Lantry<br>Kenneth P. Kansa<br>Kerriann S. Mills<br>One South Dearborn Street<br>Chicago, IL  60603<br>Telephone:  (312) 853-7000<br><br>-and-<br><br>JONES DAY<br>Bruce Bennett<br>James O. Johnston<br>Joshua M. Mester<br>555 South Flower Street, 50th Floor<br>Los Angeles, CA  90071-2300<br>Telephone:  (213) 489-3939<br><br>-and-<br><br>COLE, SCHOTZ, MEISEL,<br>FORMAN & LEONARD, P.A.<br><br>By:  _____<br>Norman L. Pernick (No. 2290)<br>J. Kate Stickles (No. 2917)<br>500 Delaware Avenue, Suite 1410<br>Wilmington, DE  19801<br>Telephone:  (302) 652-3131<br><br>ATTORNEYS FOR REORGANIZED DEBTORS |

46429/0001-9690179v1