# EXHIBIT A

**Casey Declaration**

CH1 7828578v.2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |
| | Ref. Docket No. 13545 |

**DECLARATION OF STEVEN CASEY IN SUPPORT OF REORGANIZED DEBTORS' OBJECTION TO THE MOTION OF THE LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR FOR RELIEF FROM THE PERMANENT INJUNCTION OF THE FOURTH AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OAKTREE CAPITAL MANAGEMENT, L.P., ANGELO GORDON & CO., L.P. AND JPMORGAN CHASE BANK, N.A., AS AMENDED JUNE 18, 2012**

I, Steven Casey, declare as follows:

1. I am a Supervisor of Finance for Los Angeles Times Communications LLC (the "L.A. Times"), one of the reorganized debtors in the above-captioned chapter 11 cases (each a "Debtor" and, collectively, the "Debtors"). In this position I am responsible—with certain other members of my department—for executing the L.A. Times's property tax payments.

---

[1] The Reorganized Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

2.	I have read the *Reorganized Debtors' Objection to the Motion of the Los Angeles County Treasurer and Tax Collector for Relief from the Permanent Injunction of the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A., as Amended June 18, 2012* (the "Objection")[2] and am directly, or indirectly by and through the L.A. Times's personnel and advisors, familiar with the information contained therein and the Exhibits attached thereto. I am authorized to submit this declaration (the "Declaration") in support of the Objection.

3.	All matters set forth in this Declaration are based on: (a) my personal knowledge, (b) my review of relevant documents, (c) my view, based on my experience and knowledge of the Debtors' operations and personnel, (d) information supplied to me by others at the Debtors' request, or (e) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance on the advice of counsel or other advisors to the Debtors. If called upon to testify, I could and would testify competently to the facts set forth herein.

4.	The taxes at issue in the Motion relate to thirteen real estate parcels located in Los Angeles County, and are for the fiscal period from July 1, 2008 to June 30, 2009. The assessment date and the lien date related to the real property taxes owing on the parcels is January 1, 2008. The first installment for payment of the taxes was due on November 1, 2008. Payments would not be considered untimely until after December 10, 2008.

5.	The chart attached to the Objection as Exhibit B accurately depicts each property location that is a subject of the motion, the timing of installment due dates for the taxes that are the subject of the Motion, the timing of installment delinquency dates for such taxes, and the timing of attempted payments and successful payments of such taxes. The first installment

---

[2] All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Objection.

2

payment on each parcel became due and payable on November 1, 2008. None of these installments would have been considered delinquent under applicable non-bankruptcy law until after December 10, 2008.

6. On December 4, 2008, the L.A. Times scheduled the payments for a December 10, 2008 settlement date using the California Automated Property Tax Payment Service.[3] The scheduled EFT was not successful. On February 10, 2009, the L.A. Times reissued the previously unsuccessful installment payments. The County began accruing penalties and interest after the first unsuccessful EFT, although the first installment was not delinquent until after the Petition Date. On April 9, 2009, the L.A. Times timely paid the second installment on each of the thirteen parcels without penalties or interest.[4]

7. Upon information and belief, Exhibit C, Exhibit D and Exhibit E to the Objection are true and correct copies of the 2010 Letter, the 2011 Letter and the 2012 Letter, respectively, and such letters were sent to the County on September 23, 2010, June 11, 2011 and September 5, 2012, respectively. The County did not respond to the 2010 Letter or the 2011 Letter.

[Remainder of Page Intentionally Left Blank]

---

[3] The process of receiving internal authorization within the L.A. Times to schedule a particular tax payment is usually initiated a few weeks before the payment's due date. Upon receipt of the requisite approvals, the payment is then scheduled to be made on, or within a few days of, the due date.

[4] After the Petition Date, the County reassessed the July 1, 2007 to June 30, 2008 tax bill for certain properties because of a prepetition change in ownership occurring in April 2008. The first installments for such reassessments were due (but not delinquent) on May 31, 2009. The L.A. Times paid such installments via EFT on May 28, 2009. The second installment was due (but not delinquent) on September 30, 2009, and currently remains unpaid.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge.

Executed this 19th day of July 2013.

_____
By: Steven Casey