# EXHIBIT C

# 2010 Letter



| | | |
|---|---|---|
| SIDLEY AUSTIN LLP<br>ONE SOUTH DEARBORN STREET<br>CHICAGO, IL 60603<br>(312) 853 7000<br>(312) 853 7163 FAX | BEIJING<br>BRUSSELS<br>CHICAGO<br>DALLAS<br>FRANKFURT<br>GENEVA<br>HONG KONG<br>LONDON | LOS ANGELES<br>NEW YORK<br>SAN FRANCISCO<br>SHANGHAI<br>SINGAPORE<br>SYDNEY<br>TOKYO<br>WASHINGTON, D.C. |
| atriggs@sidley.com<br>312 853 7184 | FOUNDED 1866 | |

September 23, 2010

<u>By Certified Mail</u>

Los Angeles County Tax Collector
225 North Hill Street
Los Angeles, CA 90012

    Re:    <u>Los Angeles Times Communications LLC Purported Assessment of Penalties for Late Payment of L.A. Los Angeles County Real Property Taxes</u>

To Whom It May Concern:

    This letter is in response to efforts by the Los Angeles County Tax Collector (the "<u>Tax Collector</u>") to impose penalties on Los Angeles Times Communications LLC (the "<u>L.A. Times</u>") in the approximate amount of $177,000 for the alleged late payment of certain real property taxes in Los Angeles County. For your reference, we have attached the statement L.A. Times received from the Tax Collector assessing such penalties. As we understand matters, the taxes relate to thirteen real estate parcels located in Los Angeles County for the fiscal period of July 1, 2008 to June 30, 2009. The assessment date and the lien date related to the real property taxes owing on the parcels is January 1, 2008. The first installment for payment of the taxes was due November 1, 2008, and late penalties applied to the payment after December 10, 2008.

    Please be advised that on December 8, 2008 (the "<u>Petition Date</u>"), L.A. Times and 110 of its affiliates filed voluntary petitions with the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"). For your reference, the cases are jointly administered under the caption *In re Tribune Company, et al.*, Case No. 08-13141(KJC), and the presiding judge is the Honorable Kevin J. Carey.

    As a result of their chapter 11 filings, L.A. Times and its affiliates were barred by law from making payments on claims that arose, or could have been asserted, prior to the Petition Date. Similarly, with limited exceptions, the Bankruptcy Code prevents creditors from taking or continuing to take any actions to collect, assess, or recover claims arising before the Petition Date. *See* 11 U.S.C. § 362(a). Actions to create, perfect, or enforce liens on property of L.A. Times' bankruptcy estate, or to create, perfect, or enforce liens against any property of L.A. Times on account of a claim arising before the Petition Date, are likewise barred by the Bankruptcy Code. *See* 11 U.S.C. § 362(a)(5), (6). This includes efforts to impose liens for tax

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships

5475735

# SIDLEY

SIDLEY AUSTIN LLP

Los Angeles County Tax Collector
September 23, 2010
Page 2

liabilities. *See, e.g., In re Mall At One Assocs., L.P.*, 185 B.R. 1009, 1018 (Bankr. E.D. Pa. 1995) ("It is well established that the . . . post-petition entry of a lien securing a pre-petition tax liability [] violates the automatic stay") (citing *In re C.S. Assocs.*, 29 F.3d 903, 905 (3d Cir. 1994)) (other citations omitted). Any action taken in violation of section 362 of the Bankruptcy Code is void as a matter of law. *Acands, Inc. v. Travelers Cas. & Sur. Co.*, 435 F.3d 252, 261 (3d Cir. 2006) (actions that violate the automatic stay are void *ab initio.*); *see also Makoroff v. City of Lockport (In re Guterl Special Steel Corp.)*, 111 B.R. 107, 113 (W.D. Pa. 1990) (affirming bankruptcy court's ruling that tax liens relating to prepetition taxes "violate the automatic stay" and are thus "null and void").

The Tax Collector's claim arose prior to the filing of L.A. Times' chapter 11 petition; as such, the claim was stayed by the bankruptcy filing. Controlling case law provides that L.A. Times incurred the tax liability on the date it accrued, which, in this case, was prior to the Petition Date. *See, e.g., W.V. State Dep't of Tax & Revenue v. Internal Revenue Serv. (In re Columbia Gas Transmission Corp.)*, 37 F.3d 982, 985 (3d Cir. 1994) (applying the rule that "tax liability is generally incurred on the date it accrues, not on the date of the assessment or the date on which it is payable" to a real property tax liability) (internal quotation marks and citation omitted).

Because the Bankruptcy Code prevented L.A. Times from paying the Tax Collector's pre-bankruptcy claim, the Tax Collector is prohibited by the Bankruptcy Code from imposing penalties for non-payment post-bankruptcy on L.A. Times. *See, e.g., In re Pharmadyne Labs., Inc.*, 53 B.R. 517, 522 (Bankr. D.N.J. 1985) (citing the "general rule against postpetition interest on prepetition debts" and allowing penalties only for late payment of post-petition tax claims, not for late payment of pre-petition claims); *cf. In re Continental Airlines, Inc.*, 183 B.R. 698 (Bankr. D. Del. 1995) (holding the taxing authority may collect prepetition interest for prepetition tax claim, but may not collect postpetition interest in connection with the same claim).

We note that L.A. Times received special dispensation of the Bankruptcy Court in its chapter 11 case that authorized, but did not require, L.A. Times to pay certain pre-bankruptcy tax obligations, including real property taxes. That dispensation is contained in the Bankruptcy Court's Order Authorizing but not Directing the Payment of Certain Prepetition Sales, Use, Franchise and Property Taxes, Licensing Fees, and Similar Obligations entered on December 10, 2008 (the "Order"). We have enclosed a copy of the Order for your review. Pursuant to the Order, L.A. Times paid the real property taxes in question to the Tax Collector on February 10, 2009. We understand that the Tax Collector applied L.A. Times' payment to the late payment penalties first and, as a result, the Tax Collector now shows an outstanding property tax balance, which the Tax Collector claims continues to accrue penalties. Because the penalties could not be imposed on L.A. Times as a matter of law, however, the Tax Collector's actions are inconsistent



Los Angeles County Tax Collector
September 23, 2010
Page 3

with the Bankruptcy Code. The penalties, which are void as a matter of law, should be stricken by the Tax Collector, and the payment applied to L.A. Times' tax liability.

    We note further that the Bankruptcy Court's claims register shows no record of a claim filed by the Tax Collector. The Bankruptcy Court-established deadline for the filing of pre-bankruptcy claims against L.A. Times passed on June 12, 2009. Our records indicate that the Los Angeles County Tax Collector received notice of this deadline. L.A. Times reserves all rights to object to any efforts by the Tax Collector to assert any pre-bankruptcy claims against L.A. Times or any of its affiliates, including, but not limited to, objections asserting that the County's claims are time-barred.

    We are available at your convenience to discuss any of the foregoing.

Very truly yours,

Alison Leff Triggs

Enclosures (2)

CH1 4896843v.1