# EXHIBIT E

# 2012 Letter



**SIDLEY AUSTIN LLP**
**SIDLEY**

| | |
|---|---|
| SIDLEY AUSTIN LLP | BEIJING · LOS ANGELES |
| ONE SOUTH DEARBORN STREET | BRUSSELS · NEW YORK |
| CHICAGO, IL 60603 | CHICAGO · PALO ALTO |
| (312) 853 7000 | DALLAS · SAN FRANCISCO |
| (312) 853 7036 FAX | FRANKFURT · SHANGHAI |
| | GENEVA · SINGAPORE |
| | HONG KONG · SYDNEY |
| | HOUSTON · TOKYO |
| | LONDON · WASHINGTON, D.C. |
| matthew.martinez@sidley.com | |
| (312) 853 0826 | FOUNDED 1866 |

September 5, 2012

**Via Overnight Mail**

Mark J. Saladino
Los Angeles County Treasurer and Tax Collector
225 North Hill Street
Los Angeles, CA 90012

> Re: Los Angeles Times Communications LLC, Purported Assessment of Penalties for Late Payment of Los Angeles County Real Property Taxes and Related Notices of Power to Sell Tax-Defaulted Property

Dear Mr. Saladino:

This letter is in response to the continued efforts by the Los Angeles County Treasurer and Tax Collector (the "Office of the Tax Collector") to collect penalties from Los Angeles Times Communications LLC (the "L.A. Times") for the alleged late payment of certain real property taxes in Los Angeles County. Specifically, this letter comes after receipt by the L.A. Times of certain Notices of Power to Sell Tax-Defaulted Property (the "Sale Notices"), copies of which are enclosed herewith.[1] I refer you also to our letter previously sent to you on this same subject, dated September 23, 2010, a copy of which is enclosed herewith (without its related enclosures) (the "2010 Letter").

As a reminder, on December 8, 2008 (the "Petition Date"), the L.A. Times and 110 of its affiliates (the "Debtors") filed voluntary petitions with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). For your reference, the cases (the "Bankruptcy Cases") are jointly administered under the caption *In re Tribune Company, et al.*, Case No. 08-13141(KJC), and the presiding judge is the Honorable Kevin J. Carey.

---

[1] The Sale Notices refer to parcels 5166 028 004, 5166 027 014, 5166 023 016, 5166 023 010, 5149 008 032, 5149 008 031, 5149 008 030, 5149 008 029, 5149 001 004 and 5149 001 005. Reference is also made to any additional Sale Notices that the Office of the Tax Collector has sent to, or intends to send to, the L.A. Times.

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships.
CH1 7040770v.3



Mark J. Saladino
September 5, 2012
Page 2

As discussed in the 2010 Letter, the L.A. Times continues to receive the protections afforded to a debtor in possession under the Bankruptcy Code. Specifically, section 362(a) of the Bankruptcy Code prevents all creditors, including the Office of the Tax Collector, from taking any actions to collect, assess or recover claims arising before the Petition Date. See 11 U.S.C. § 362(a). Actions to create, perfect, or enforce liens against any property of the L.A. Times on account of a claim arising before the Petition Date also remain barred by the Bankruptcy Code. See, id. at 362(a)(5), (6).

The L.A. Times previously advised the Office of the Tax Collector in the 2010 Letter that (i) the Office of the Tax Collector's underlying tax claims are pre-bankruptcy claims that are subject to the automatic stay imposed by section 362 of the Bankruptcy Code, (ii) the Office of the Tax Collector is prohibited by law from imposing penalties for non-payment of pre-bankruptcy claims as a result of the L.A. Times's bankruptcy filing, (iii) the underlying tax liabilities were later paid, minus the unlawfully-imposed penalties, pursuant to an order of the Bankruptcy Court, and (iv) the Office of the Tax Collector misapplied the payment made by the L.A. Times on account of these liabilities. In addition, the L.A. Times advised the Office of the Tax Collector that notwithstanding the prior notices to the Office of the Tax Collector of the L.A. Times's bankruptcy filing, the Office of the Tax Collector failed to file a timely proof of claim with the Bankruptcy Court on account of any amounts it believes are owed by the L.A. Times. For all of these reasons, the Office of the Tax Collector's efforts to collect the penalties that are the subject to the Sale Notices are unlawful and void as a matter of law. The Office of the Tax Collector has not responded to the 2010 Letter, nor does it appear that the Office of the Tax Collector has made any effort to address the arguments therein.

We further note that, on June 19, 2012, the Debtors filed the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A., as Amended June 18, 2012 [Docket No. 11836] (the "Plan"). The Bankruptcy Court entered an order confirming the Plan on July 23, 2012 [Docket No. 12074] (the "Confirmation Order"). The L.A. Times anticipates that the Effective Date of the Plan (as defined therein) will occur in the near term.

The Plan and Confirmation Order provide for a discharge of all claims, debts and interests of any kind against the L.A. Times arising prior to the "Effective Date" of the Plan. See Plan § 11.1.1; Confirmation Order at pp. 27-29. Moreover, the Plan and Confirmation Order enjoin any and all persons, including the Office of the Tax Collector, from, *inter alia*, taking any action to collect on discharged debts or creating, perfecting or enforcing any lien on the property of the L.A. Times. See Plan § 11.1.2; Confirmation Order at pp. 27-29.

CH1 7040770v 3



Mark J. Saladino
September 5, 2012
Page 3

      Despite having already received payment of the tax liabilities underlying the Sale Notices and despite being put on direct notice of its repeated violations of the Bankruptcy Code, the Office of the Tax Collector has continued its unlawful actions. Delivery of the Sale Notices are the Office of the Tax Collector's latest, and most egregious, violation of the Bankruptcy Code to date. Moreover, upon the Effective Date of the Plan, the Office of the Tax Collector's actions will be a direct violation of the Confirmation Order's discharge and injunctive provisions.

      The Office of the Tax Collector's actions in this matter appear to have repeatedly and knowingly violated the Bankruptcy Code. Those violations have resulted in significant costs to the L.A. Times. If the Office of the Tax Collector does not cease all such actions immediately, the L.A. Times will seek appropriate relief from the Bankruptcy Court against the Office of the Tax Collector, including, but not limited to, seeking the repayment of the L.A. Times's costs in addressing this matter. Please contact me upon your receipt of this letter to confirm that all efforts by the Office of the Tax Collector seeking collection of the penalties reflected in the Sale Notices will cease.

      Please feel free to call me if you have any questions.

      Regards,

      Matthew G. Martinez

Enclosures

cc:    Ms. Bonita Sandoz

CH1 7040770v.3