**TRUCK DRIVERS AND HELPERS LOCAL UNION NO. 355
HEALTH AND WELFARE FUND**

**RESTATED AGREEMENT AND DECLARATION OF TRUST**

**EFFECTIVE JANUARY 1, 2008**

## TRUCK DRIVERS AND HELPERS LOCAL UNION NO. 355
## HEALTH AND WELFARE FUND
## RESTATED AGREEMENT AND DECLARATION OF TRUST

WHEREAS, the Agreement and Declaration of Trust of the Truck Drivers and Helpers Local Union No. 355 Health & Welfare Fund (hereinafter "Local 355 Fund") was made and entered into as of the 30th day of September, 1982 and was thereafter amended from time to time; and

WHEREAS, the Agreement and Declaration of Trust of the Eastern Shore Teamsters Health & Welfare Fund (hereinafter sometimes "Prior Fund"), formerly known as the Local 876 Health & Welfare Fund, was made and entered into as of the 3rd day of January, 1957 and was thereafter amended from time to time; and

WHEREAS, the Truck Drivers and Helpers Local Union No. 355 Health & Welfare Fund merged with the Eastern Shore Teamsters Health & Welfare Fund on March 1, 2007, and the Eastern Shore Teamsters Health & Welfare Fund ceased to exist on that date; and

WHEREAS, the Merger Agreement between the Prior Fund and the Local 355 Fund stated that a new restated trust agreement would be adopted by the Trustees of the Local 355 Fund, incorporating relevant provisions of both Funds; and

WHEREAS, the Trust Agreements of both Funds, as amended, provided the right to amend said Agreements is reserved to the Trustees; and

WHEREAS, the Trustees in pursuance of the basic principles set forth in said Agreement desire to reaffirm and restate the Trust Agreement of the merged fund, which is the Truck Drivers and Helpers Local Union No. 355 Health & Welfare Fund;

NOW, THEREFORE, it is agreed that the Trust Agreement be amended and restated in its entirety effective January 1, 2008 to read as appears upon the following pages.

2

## ARTICLE I

## DEFINITIONS

**Section 1.1**   **Beneficiary.**   The term "Beneficiary" as used herein shall mean a person designated by a Participant or by the terms of the Plan who is or may become entitled to a benefit thereunder.

**Section 1.2**   **Collective Bargaining Agreement.**   The term "Collective Bargaining Agreement" shall mean any contract between any Employer and the Union as hereinafter defined. It shall also include any and all extensions, renewals, or other written agreements entered into by the Union and an Employer which provides for contributions to be made to the Trust Fund, as presently existing or as hereafter amended.

**Section 1.3**   **Contributions.**   The term "Contributions" shall mean payments made or to be made to the Trust Fund by the Employer under the provisions of a Collective Bargaining Agreement or other written agreement, including contributions made by the Union as a contributing Employer to this Trust Fund.

**Section 1.4**   **Employee.**   The term "Employee" as used herein shall mean:

(a)   Any Employee working in Covered Employment for an Employer as defined herein, and with respect to whose employment an Employer is or was required to make contributions into the Trust Fund, and regardless of whether such Employees are considered by the Union and Employers to be Union or non-Union, permanent or temporary, and/or part-time or full-time.

(b)   An officer or Employee of the Union who shall have been proposed for benefits under the Trust Fund by the Union and who shall have been accepted by the Trustees and for whom the Union agrees in writing to contribute to the Trust Fund at the rate fixed for contributions for other similar Employers.

3

**Section 1.5     Employer.**     The term "Employer" or "Contributing Employer" as used herein shall mean:

(a)     Any corporation, partnership, or individual who has duly executed, or in the future executes, with the Union, a Collective Bargaining Agreement, or other written agreement, requiring contributions to the Fund; or any employer who satisfies the requirements for participation as established by the Trustees, is approved by the Trustees, who has a written agreement with the Trustees, and agrees to be bound by this Agreement. Employers as described in this Section shall, by the making of payments to the Trust Fund pursuant to such Collective Bargaining, or other written Agreement, be deemed to have accepted and be bound by this Trust Agreement.

(b)     The Union which, for the purpose of making the required contributions into the Trust Fund, shall be considered as the Employer of the Employees of the Union for whom the Union contributes to the Trust Fund. Said contributions by the Union on behalf of its Employees shall be made in the manner and at the rate of payment equal to that made by any other Employer for like benefits.

(c)     Employers as described in this Section shall, by the making of payments to the Trust Fund pursuant to such Collective Bargaining Agreement, or other written Agreement, be deemed to have accepted and be bound by this Trust Agreement.

**Section 1.6     ERISA.**     The term "ERISA" as used herein shall mean the Employee Retirement Income Security Act of 1974, or any provision or section thereof herein specifically referred to, as such Act, provision or section may from time to time be amended or modified.

**Section 1.7     Participant.**     The term "Participant" as used herein shall mean any Employee, former Employee, or retired Employee of an Employer who is or may become

4

eligible to receive a benefit of any type from this Fund or whose Beneficiary may be eligible to receive any such benefit pursuant to the terms of the Plan.

**Section 1.8    Participant Contributions.**  The term "Participant Contributions" shall mean direct payments made to the Fund by the Employee as defined herein.  These Employee Contributions, if any, shall only be permitted to be made in accordance with the specific rules and regulations adopted by the Trustees and in such amounts as the Trustees in their sole discretion may from time to time determine, which rules and regulations shall not be inconsistent with any applicable law.

**Section 1.9   Plan.**    The term "Plan" or "Health and Welfare Plan" as used herein shall mean the Plan or program of benefits established by the Trustees pursuant to this Agreement and Declaration of Trust.

**Section 1.10   Third Party Administrator.**    The term "Third Party Administrator" or "TPA" as used herein shall mean Benefits Administration Corporation or any other subsequent TPA which has been designated by the Trustees to manage the day-to-day administration of the Plan and Trust.

**Section 1.11   Trust Agreement.**    The terms "Trust Agreement" or "Agreement and Declaration of Trust" as used herein shall mean this instrument, including all amendments and modifications as may from time to time be made.

**Section 1.12   Trust Fund.**  "Trust," "Trust Fund" and "Fund" as used herein shall mean the entire trust estate of the Truck Drivers and Helpers Local Union No. 355 Health & Welfare Fund as it may, from time to time, be constituted, including, but not limited to policies of insurance, investments, and the income from any and all investments, Employer or Employee Contributions and any and all other assets, property or money received by or held by, or due and owing to, the Trustees for the uses and purposes of this Trust.

**Section 1.13    Trustees.**    The term "Trustees" as used herein shall mean the Trustees designated in this Trust Agreement, together with their successors designated and appointed in accordance with the terms of this Trust Agreement. The Trustees, collectively, shall be the Plan Administrator of this Fund as that term is used in ERISA.

**Section 1.14    Union.**    The term "Union" as used herein shall mean the Truck Drivers and Helpers Local Union No. 355, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America.

## ARTICLE II

## CREATION AND PURPOSES OF FUND

**Section 2.1    Fund Creation and Purposes.**    The Trust Fund is created, established and maintained, and the Trustees agree to receive, hold and administer the Trust Fund, for the purpose of providing health and welfare benefits as now are, or hereafter may be, authorized or permitted by law for Participants and their Beneficiaries in accordance with the provisions herein set forth.

## ARTICLE III

## BOARD OF TRUSTEES

**Section 3.1    Board of Trustees.**    The operation and administration of the Fund shall be the joint responsibility of a Board of Trustees consisting of four initial Trustees, divided equally between Employer Trustees and Union Trustees, and such successor Trustees as may be hereinafter provided. The term "Board of Trustees" as used herein shall mean the two (2) Employer Trustees and the two (2) Union Trustees, whose purpose shall be to administer the Plan within the meaning of the Act, Section 3(16)A. "Trustees" shall also include the successors designated and selected in accordance with the terms of this Trust Agreement.

6

**Section 3.2    Trustees.**    The term "Trustees" as used herein shall mean the four (4) individuals, two (2) of whom shall be selected by the Contributing Employers by the method described in Article III here, and two (2) of whom shall be designated by the Union in accordance with its Bylaws. "Trustees" shall also include the successors designated and selected in accordance with the terms of this Trust Agreement. The number of Trustees may be changed from time to time, but there shall be an equal number of Employer and Union Trustees.

**Section 3.3    Acceptance of Trusteeship.** The Trustees shall sign this Agreement and Declaration of Trust which establishes the Fund. The Trustees, by affixing their signatures at the end of this Agreement and Declaration of Trust, agree to accept the trusteeship and act in that capacity in accordance with the provisions of this Agreement and Declaration of Trust.

**Section 3.4    Term of Trustees.**    Each Trustee and each successor Trustee shall continue to serve as such until his or her death, incapacity, resignation or removal, as herein provided.

**Section 3.5    Removal of Trustees.**    Any Employer Trustee may be removed at any time by vote of the Contributing Employers. Any Union Trustee may be removed at any time by the Union.

**Section 3.6    Replacement of Employer Trustees.**    In the event of the resignation, death, removal, disability or refusal to act of any Employer Trustee or any successor to any of them, the vacant position shall be offered to any former trustee of the Eastern Shore Teamsters Health & Welfare Fund, whose position was eliminated as a result of the merger which took place on March 1, 2007. If such former trustee shall refuse to accept the trusteeship, then the Employer Trustee shall be elected by vote of the Contributing Employers. In the event of a vote, the procedure shall be that the Third Party Administrator shall send out requests for nominations for a new Employer Trustee within 30 days of its notice of a vacancy, and shall send

7

ballots to the Contributing Employers of all candidates within 10 days of the close of the

nomination period. The candidate with the highest number of votes shall be elected as the new

Employer Trustee.

**Section 3.7    Replacement of Union Trustees.**

In the event of the resignation, death, removal, disability or refusal to act of any Union

Trustee or any successor to any of them, a successor Union Trustee shall be designated by the

Union in accordance with the Union's Bylaws or other applicable internal Union rules.

**Section 3.8    Resignation.**  A Trustee may resign and remain fully discharged from all

further duty or responsibility hereunder by giving notice in writing by certified or registered mail

addressed to the office of the Fund, which notice shall state the date such resignation shall take

effect. Such resignation shall take effect on the date so stated, unless a successor Trustee shall

have been appointed at an earlier date, in which event such resignation shall take effect as of the

date of appointment of his or her successor.

**Section 3.9    Successor Trustees.**  No successor Trustee shall be liable or responsible

for any acts or defaults of any predecessor Trustee, or for any losses or expenses resulting from

or occasioned by anything done or neglected to be done in the administration of the Trust Fund

prior to his becoming a Trustee or subsequent to his resignation or removal as Trustee.  A

successor Trustee shall not be required to inquire into or take any notice of the prior

administration of the Trust Fund.

Any successor Trustee, immediately upon his acceptance in writing to the Trust, shall

become vested with all the estate, rights, powers, discretion and duties of his predecessor Trustee

with like effect as if originally named as Trustee herein.

The Trustees shall not be liable for the acts or omissions of any third party plan

administrator, corporate trustee, investment manager, attorney, agent or assistant employed by

8

them pursuant to this Trust Agreement, if such third party plan administrator, corporate trustee, investment manager, attorney, agent or assistant was selected pursuant to this Trust Agreement and such person's performance was periodically reviewed by the Trustees who found such performance to be satisfactory; provided that nothing herein shall relieve any corporate trustee of any liability with regard to the performance of its employees. The Trustees shall be entitled to rely upon all tables, evaluations, certificates and reports furnished by the actuary, upon all certificates and reports made by any corporate trustee, investment manager or custodian of the Fund, or by any certified public accountant duly appointed by the Trustees, and upon all opinions given by any legal or other expert duly appointed by the Trustees and shall be fully relieved of all liability with respect to any action taken or permitted by them which is reasonable under the circumstances and is in good faith in reliance thereon.

**Section 3.10    Form of Notification.**    In case any Union Trustee shall be removed, replaced or succeeded, a statement in writing by the President of the Union filed with the Board of Trustees of the Fund shall be sufficient evidence of the action taken by the Union. In case any Employer Trustee shall be removed, replaced or succeeded, a statement in writing signed by a representative of the Contributing Employers stating the outcome of a vote to remove and/or replace an Employer Trustee.

**Section 3.11    Office of the Fund.**    The principal office of the Trust Fund shall, so long as such location is feasible, be located and maintained in metropolitan Baltimore, Maryland. The location of the principal office shall be made known to the parties interested in the Trust Fund. At such office, and at such other places as may be required by law, there shall be maintained the books and records pertaining to the Trust Fund and its administration.

**Section 3.12    Officers.**    The Trustees shall elect from among themselves a Chairman and a Vice-Chairman. When the Chairman is elected from the Employer Trustees,

9

then the Vice-Chairman shall be elected from the Union Trustees, and when the Chairman is

elected from the Union Trustees, then the Vice-Chairman shall be elected from the Employer

Trustees. The chairmanship shall alternate, insofar as practicable or desirable, between the

Employer Trustees and the Union Trustees. The term of such officers shall commence on the

date of their election and continue to the end of the calendar year, or until their successors have

been elected. Thereafter, each term of said officers shall be for a calendar year or until their

successors have been elected. The Third Party Administrator or any other person as the Trustees

may designate, shall keep minutes and records of all meetings, proceedings and acts of the

Trustees and shall, with reasonable promptness, send copies of such minutes and records to all

Trustees. The Chairman, and in his absence the Vice-Chairman, shall preside at all meetings of

the Trustees.

**Section 3.12   Power to Act in Case of Vacancy.**   No vacancy or vacancies on the

Board of Trustees shall impair the power of the remaining Trustees acting in the manner

provided by this Trust Agreement and to administer the affairs of the Trust Fund notwithstanding

the existence of such vacancy or vacancies.

**Section 3.13   Meetings; Notices.**   The Trustees shall meet at such times as they deem

it necessary to transact their business. The Chairman of the Board of Trustees may, and upon the

written request of any two Trustees shall, call a meeting of the Trustees at any time by giving at

least five days' written notice of the time and place thereof to each Trustee. Meetings of the

Trustees may also be held at any time without notice if all the Trustees consent thereto in

writing.

**Section 3.14   Attendance at Meetings; Minutes.**   All official meetings of the Trustees

shall be attended only by the Trustees and shall not be open to the public, except that there may

attend such other persons as may be designated by the Trustees, or when invited so to do, and as

10

may be otherwise required by law. Written minutes, a copy of which shall be furnished with reasonable promptness to each Trustee, shall be kept of all business transacted and of all matters upon which voting shall have occurred and the vote of each Trustee shall be recorded.

## Section 3.15   Quorum; Voting; Action without Meeting.

(a)    One Employer Trustee and one Union Trustee shall constitute a quorum for the transaction of business. If at any meeting the number of Employer and Union Trustees shall be unequal, then the group of Trustees lesser in number shall be entitled to cast the same number of votes as the other group of Trustees.

(b)    Any action taken by the Trustees, except as herein otherwise provided, shall be by affirmative vote of a majority of the votes cast at a meeting. The Trustees must cast their votes in person, except as provided in subsection (a) herein.

(c)    Action by the Trustees on any proposition may also be taken without a meeting if all of the Trustees agree thereon in writing.

## Section 3.16   Manner of Acting in the Event of Deadlock.

(a)    A deadlock shall be deemed to exist whenever a proposal, nomination, motion or resolution made or proposed by any one of the Trustees is not adopted or rejected by a majority vote and the maker of the proposal, nomination, motion or resolution notifies the remaining Trustees in writing that a deadlock exists.

(b)    In the event of such deadlock arising, the Trustees shall meet for the purpose of agreeing upon an impartial umpire to break such deadlock by deciding the dispute in question. In the event of the inability of the Trustees to agree upon the selection of such impartial umpire within a reasonable time, then, on the petition of either group of Trustees, the senior judge on duty of the District Court of the United States for the District of Maryland shall appoint such impartial umpire. Such impartial umpire shall

11

immediately proceed to hear the dispute between the Trustees and decide such dispute, and the decision and award of such umpire shall be final and binding upon the parties. The reasonable compensation of such umpire and the costs and expenses (including, without limitation, attorneys and reporting fees) incidental to any proceedings instituted to break a deadlock shall be paid by the Trust Fund.

(c) Any impartial umpire selected or designated to break a deadlock shall be required to enter his decision within a reasonable time fixed by the Trustees. The scope of any such proceedings before such impartial umpire shall be limited to the provisions of this Trust Agreement and to the provisions of the rules, regulations and procedures adopted by the Trustees and to the Plan established by them. The impartial umpire shall have no jurisdiction or authority to change or modify the provisions of this Trust Agreement or to decide any issue arising under or involving the interpretation of any Collective Bargaining Agreements, and such impartial umpire shall have no power or authority to change or modify any provisions of any Collective Bargaining Agreements or other written agreements that provide for contributions to the Trust Fund.

**Section 3.17    Removal of (Violation of ERISA).**

The Board of Trustees shall initiate action to cause the removal of any fellow member Trustee who may be serving as a Trustee in violation of ERISA. The vacancy or vacancies caused by such a removal shall be filled in accordance with Section 3.6 of this Article.

## ARTICLE IV

## CONTRIBUTIONS AND COLLECTIONS

**Section 4.1    Employer Contributions.**

(a)    Each Employer shall make prompt contributions or payments to the Trust Fund in such amounts and under the terms as are provided for in the applicable Collective

12

Bargaining Agreement or other written agreement specified herein. The Employer agrees that such contributions shall constitute an absolute obligation to the Trust Fund, and such obligation shall not be subject to set-off or counterclaim which the Employer may have for any liability of the Union or of an Employee.

(b)     Contributions to the Fund shall be paid to the Trustees or to such depository as the Trustees shall designate, only by check, bank draft, money order or other recognized written method of transmitting money or its equivalent, made payable to the order of the Truck Drivers and Helpers Local Union No. 355 Health & Welfare Fund. The payment of contributions shall be made periodically at such times as the Trustees shall specify by rules and regulations or as may be provided in the applicable Collective Bargaining Agreement.

(c)     Contributions to the Fund shall become vested Fund assets at the time they become due and owing to the Fund. An Employer shall have no right, title or interest in the contributions owing to or made to the Fund; the Fund shall have all rights, title and interest in contributions owing to or made to the Fund.

(d)     Each Employer shall be responsible only for the contributions payable by him on account of Employees covered by him, except as may be otherwise provided by law. No other Employers or groups of Employers shall be responsible for the contributions, payments or other obligations of any other Employer, or otherwise.

(e)     Each Employer shall make contributions to the Trust Fund on behalf of employees for all "hours worked" and/or all "hours paid" as these terms may be employed in any collective bargaining agreement. The terms "hours worked" or "hours paid" shall mean and include from the first day hired through the date of termination:

13

(i)     All hours worked and required to be paid for by the Collective Bargaining Agreement;

(ii)    All hours not worked but required to be paid for by the Collective Bargaining Agreement, including but not limited to, shift minimum when applicable, weekly guarantees, earned vacations, holidays, and personal leave days;

(iii)   All hours not worked and not required to be paid for by the Collective Bargaining Agreement when applied to an employee who is absent from his employment as the result of a work-related disability and who is receiving disability benefits under the Workers' Compensation laws of Maryland or similar statute of such other State which applies to the Employer's operations. In such case, the Employer shall be required to maintain contributions on behalf of such Employee at such rate and for such period as shall hereinafter be specified.

The provisions of this Section shall not in any way preclude the continuation of eligibility by the Trust Fund in cases where such eligibility is determined by means other than "hours worked" or "hours paid."

**Section 4.2    Payment of Participant Contributions.**    Participants who (i) cease to perform work for an Employer for which work Employer contributions were required- to be paid to this Fund as provided in Section 4.1 of this Article, and (ii) are members of such a class of such Participants as to whom the Trustees, consistent with applicable law, have in their sole discretion determined to provide continued eligibility for benefits of such type and amount and for such period of time and on such terms as the Trustees in their discretion may wish to make available to such class shall make periodic contributions or payments to the Trust Fund in such

14

amounts and at such times and subject to such conditions, requirements, limitations and rules as the Trustees in their sole discretion may establish and impose with respect to such class of such Participants.

**Section 4.3    Requirement of Contributions During Period of Disability.**

Employer contributions shall be required on behalf of any Participant who is absent as the result of an injury and during which absence the Participant receives benefits under any applicable Workers' Compensation laws with respect to a disability incurred while in the employment of a Contributing Employer.  The obligation of contribution is subject to the following limitations:

(a)    for any Participant who worked full time immediately preceding the period of disability, contributions shall be required on the basis of the number of hours constituting any minimum weekly guarantee under the terms of the Employer's Collective Bargaining Agreement for each work week; however, in no event shall the Employer be required to contribute for any hours in excess of forty (40) during each work week of such absence; and

(b)    the requirement of contribution during such absence shall not exceed a maximum of fifty-two (52) weeks; and

(c)    for those Participants not subject to any minimum weekly hourly guarantee, the required contribution for each work week shall be the average number of weekly hours worked by such Participant during the four (4) weeks immediately preceding such absence; and

(d)    in no event shall any Employer be obligated to the payment of any contribution for any period of absence hereunder after the expiration of one (1) year from the date of the injury causing such absence.

15

**Section 4.4      Receipt of Payment and Other Property of Trust.** The Trustees or such other person or entity designated or appointed by the Trustees in accordance with Article V are hereby designated as the persons to receive the payments heretofore or hereafter made to the Trust Fund by the Employers and Participants. The Trustees are hereby vested with all right, title and interest in and to such monies and all interest which may be accrued thereon, and are authorized to receive and be paid the same.

**Section 4.5      Collection and Enforcement of Payments**

If any Employer fails to make the required contribution on or before the day it is due pursuant to the collective bargaining agreement or this Agreement (hereinafter "Due Date"), such Employer shall be delinquent and in default for any payments due the Fund which are not paid by the Due Date. Said payments are hereinafter referred to as "Delinquent Payments." The parties recognize and acknowledge that the regular and prompt payment of the contributions required are essential and that it would be extremely difficult, if not impracticable, to fix the actual expense and damage to the Fund, to the participants and to the employees which would result from the failure of an Employer to make such payments within the time provided. Therefore, the amount of damage resulting from each and every such failure shall be presumed to be 20% of the amount of the payment due, which amount shall become due and payable as liquidated damages to the Fund, and not as a penalty, upon the day immediately following the Due Date and shall be in addition to said Delinquent Payment. The Trustees, in their fiduciary capacities, shall have the power to demand and collect the contributions of the Employers to the Fund. Said Trustees may take such steps, including the institution and prosecution of and intervention in any proceeding at law or in equity or in bankruptcy that may be necessary or desirable to effectuate the collection or preservation of contributions or other amounts which may be owed to the Trust Fund, without prejudice, however, to the right of the Union to take

16

whatever legal steps deemed necessary for such purposes. The institution or intervention in such actions will be solely in the discretion of the Trustees, depending on the amount involved, and legal and economic factors. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay (i) the Delinquent Payments, (ii) interest on the Delinquent Payments in an amount equal to the legal rate of interest in Maryland or the rate prescribed under Section 6621 of the Internal Revenue Code of 1954, whichever is greater, (iii) the liquidated damages provide for in this Section 5.04, and (iv) all necessary expenses of collection incurred by the Trustees, including, but not limited to, reasonable attorney's fees, court costs and court stenographer's fees.

    **Section 4.6**    **Production of Records.**    Each Employer shall promptly furnish to the Trustees, on demand, the names of his or her or its Employees, their Social Security numbers, the hours worked by each Employee and such other information as the Trustees may reasonably require in connection with the administration of the Trust Fund and for no other purpose. The Trustees may, by their respective representatives, examine the pertinent employment and payroll records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust Fund and of the contracts or policies of insurance. The Union shall, upon the request of the Trustees, promptly furnish information in respect to an Employee's employment status.

    **Section 4.7**    **Liquidated Damages and Interest.**

    Each Employer shall pay its contributions to the Fund promptly, and in any event on or before the 15th day of the calendar month following the calendar month for which the contributions are due, on which date said contributions, if not then paid in full, shall be delinquent. Regular and prompt payment of Employer contributions to the Fund is essential to the maintenance in effect of the Plan. Moreover, it would be extremely difficult, if not

impractical, to fix the actual expense and damage to the Fund and to the Plan that would result from the failure of an Employer to pay such monthly contributions in full on a timely basis. Therefore, if an Employer's monthly contributions are not received by the Fund by the last day of the calendar month following the month for which the contributions are due, then:

(a)     the amount of damage to the Fund and to the Plan resulting from each and every such failure shall be the sum of 20% of the amount of contribution or contributions due, which amount shall become due and payable to the Fund as liquidated damages, and not as a penalty, and shall be in addition to said delinquent contributions;

(b)     interest at the rate of 10% per annum shall be assessed on the overdue contributions from the 15th day of the calendar month following the work month for which such contributions were due.

**Section 4.8     Non-Payment.**     Non-payment, by any Employer, of any contribution or other monies owed to the Fund shall not relieve any other Employer from his or her or its obligation to make required payments to the Trust Fund.

**Section 4.9     Audit of Reports on Contributions.**     To facilitate the Trustees' determination of the accuracy of all reports and contributions made by Employers, the Trustees are authorized to conduct audits from time to time of the payroll books and records of each Employer. Such payroll audit shall be performed by auditors selected by the Trustees and not by any other Employer or Union. The cost of the first such payroll audit shall be paid by the Employer if the audit discloses additional contributions to be due exceeding contributions actually paid by the Employer by fifteen percent (15%) or more during the period covered by the audit. The Employer shall pay the cost of the second and any subsequent audits disclosing additional contributions to be due exceeding contributions actually paid by the Employer by ten percent (10%) or more during the period covered by the audit. Such limitations on the collection

18

of audit costs for the first and any subsequent audit shall not apply in the event suit is instituted. The Trustees may, from time to time, adopt policies regarding such payroll audits, specifying their occasion, frequency and methods of being conducted, together with other rules relating thereto.

**Section 4.10    Collection of Certain Audit Costs.**  The Employer shall be required to pay for the cost of an audit in any situation where:

(a)   the Fund's auditors conclude that an additional amount is due that exceeds fifteen  percent (15%) of the Employer's total average monthly contribution amount.  The average monthly contribution amount shall be based on an average of the Employer's monthly contributions for the 12 month period prior to the audit; or

(b)   the Employer, in the Trustees' judgment, has failed to provide in a timely manner and in a form useful to the auditors pertinent information requested by the Fund's auditors; or

(c)   the Employer, in the Trustees' judgment, has been otherwise uncooperative with the Fund's auditors in conducting the audit.

In addition, in any case where the Funds' auditors must travel outside the Baltimore area in order to conduct an audit, the Employer shall be required to pay for the cost of reasonable travel expense incurred in conducting the audit.  In all cases, the Statement of Certified Public Accountant making the audit as to time expended and/or expenses incurred shall be binding on the Employer.

## ARTICLE V

## POWERS AND DUTIES OF TRUSTEES

**Section 5.1    Conduct of Trust Business.**  The Trustees shall have general supervision of the operation of this Trust Fund and shall conduct the business and activities of the Trust Fund

19

in accordance with this Trust Agreement and applicable law. The Trustees shall hold, manage and protect the Trust Fund and collect the income therefrom and contributions thereto. The Trustees may, in the course of conducting the business of the Trust, execute all instruments in the name of the Truck Drivers and Helpers Local Union No. 355 Health & Welfare Fund, which instruments shall be signed by at least one Employer and one Union Trustee; provided, however, anyone Trustee may execute legal documents to commence and process lawsuits to enforce trust collections on behalf of the Trustees.

**Section 5.2    Use of Fund.**  The Trustees shall have the power and authority to use and apply the Trust Fund for the following purposes:

(a)    To pay or provide for the payment of all reasonable and necessary expenses: (i) of collecting the Employer and Participant Contributions and payments and other monies and property to which they may be entitled, and (ii) of administering the affairs of this Trust, including the employment of such legal, expert and clerical assistance, the purchase or lease of such premises, materials, supplies and equipment and the performance of such other acts, as the Trustees, in their sole discretion, find necessary or appropriate in the performance of their duties;

(b)    To provide health and welfare and related benefits to eligible Participants and Beneficiaries in accordance with the Plan provided through policies of insurance or other health programs and facilities in accordance with Article V or established and administered as provided in subsection (e) of this section. Such health and welfare and related benefits shall be limited to those which can be financed from the Trust Fund after payment of authorized and accrued expenses;

(c)     To establish and accumulate such reserve or reserves as the Trustees, in their sole discretion, deem necessary and desirable for the proper execution of the Trust herein created;

(d)     To pay all other proper and necessary expenses incurred by any Trustee not specified above, including the cost of defense in litigation arising out of the Trusteeship of this Trust Fund, to the extent permitted by law;

(e)     The Trustees by unanimous vote may provide for a plan of payment of authorized benefits out of the Trust Fund itself, provided, however, that such payments can be legally made and that the same are in full compliance with all statutory and legal requirements;

(f)     To pay or provide for the payment of premiums on the contract or policies of insurance mentioned in Article V hereof, which contracts or policies of insurance may be contracted for in the name of and issued to the Trustees, or to the Trust Fund, as they may determine.

**Section 5.3    Procurement of Insurance.** The Trustees are expressly authorized to negotiate for, obtain and maintain policies of insurance for the payment to eligible Participants and Beneficiaries, by an insurance company or companies licensed to transact business in the State of Maryland of such benefits as now or hereafter may be authorized or permitted by law and as the Trustees may, from time to time, determine. Such policies of insurance shall be in such forms and in such amounts and may contain such provisions and be subject to such limitations and conditions as the Trustees, in their sole discretion, may from time to time, determine and shall cover such Participants and Beneficiaries as the Trustees, pursuant to the provisions hereof, shall from time to time, determine eligible for benefits as herein provided. The Trustees may exercise all rights and privileges granted to the policyholder by the provisions

21

of each contract or policy of insurance and may agree with the insurance carrier to any alteration,

modification or amendment of such contract or policy, and may take any action respecting each

such contract or policy, and the insurance provided thereunder, which they, in their sole

discretion, may deem necessary or advisable and such insurance carrier shall not be required to

inquire into the authority of the Trustees with regard to any dealings in connection with such

contract or policy. The Trustees are expressly authorized to establish and maintain a Plan or

Plans to provide any and all of the health and welfare benefits, as the Trustees in their sole

discretion may determine, directly out of the Trust Fund in accordance and upon compliance

with Section 5.2(e) of this Article, in lieu of, or in combination with, coverage provided by an

insurance carrier or carriers.

### Section 5.4    Investments.

(a)    The Trustees shall have the power and authority, in their sole discretion, to

invest and reinvest such funds as are not necessary for current expenditures or for liquid

reserves, as they may, from time to time, determine, if such investments are legal

investments under applicable State and Federal law relating to the investment of

Employee Pension Trust Funds, not limited, however, by any limitation restricting

investments in common stocks to a percentage of the Fund or to a percentage of the total

market value of the Fund. The Trustees may sell, exchange or otherwise dispose of such

investments at any time and, from time to time, as provided in Section 5.9(f). The

Trustees shall also have power and authority (in addition to, and not in limitation of,

common law and statutory authority) to invest in any stocks, bonds or other property, real

or personal, including improved or unimproved real estate and equity interests in real

estate, where such an investment appears to the Trustees, in their discretion and

consistent with their fiduciary obligations to be in the best interest of the Trust Fund and

22

its Participants and Beneficiaries, judged by then prevailing business conditions and standards. The Trustees shall have the authority, in respect to any stocks, bonds or other property, real or personal, held by them as Trustees, to exercise all such rights, powers and privileges as might be lawfully exercised by any person owning similar stocks, bonds or other property in his own right.

     (b)    Delegation and allocation of investment functions:

     (i)    The Trustees are authorized, in their discretion, by resolution, to allocate to a Finance Committee such duties and responsibilities to invest and reinvest such Fund assets as they shall specify in such allocation in accordance with Section 5.9(f).

     (ii)    The Trustees shall have the power and authority to appoint one or more investment managers (as defined in Section 3(38) of ERISA) who shall be responsible for the management, acquisition, disposition, investing and reinvesting of such of the assets of the Trust Fund as the Trustees shall specify. Any such appointment may be terminated by the Trustees upon thirty days' written notice. The fees of such investment manager, and its expenses to the extent permitted by law, shall be paid out of the Trust Fund.

     (iii)    In connection with any allocation or delegation of investment functions under paragraphs (i) and (ii) of this subsection (b), the Trustees shall, from time to time, adopt appropriate investment policies or guidelines.

     **Section 5.5**    **Deposits and Disbursements.**    All Trust funds not invested shall be deposited by the Trustees in such depository or depositories as the Trustees shall from time to time select, and any such deposit or deposits, or disbursements therefrom, shall be made in the name of the Trust in the manner designated by the Trustees and upon the signature(s) of persons

23

designated and authorized by the Trustees or by the Investment Manager appointed in accordance with Section 5.4(b)(ii) of this Article.

### Section 5.6    Allocation and Delegation of Fiduciary Responsibilities.

The Trustees may, by resolution or by-law or by provisions of this Trust Agreement, allocate fiduciary duties to responsibilities and various administrative duties to committees or sub-committees of the Board of Trustees made up of an equal number of Employer and Union Trustees, duties and they may delegate such responsibilities and duties to other individuals as they may deem appropriate or necessary in their sole discretion and consistent with ERISA.

### Section 5.7    Third Party Administrator.    The Trustees may employ or contract

for the services of an individual, firm or corporation, to be known as the "Third Party Administrator," who shall, under the discretion of the Trustees, administer the office or offices of the Trust Fund and of the Trustees, coordinate and administer the accounting, bookkeeping and clerical services, provide for the coordination of actuarial services furnished by the consulting actuary, prepare (in cooperation where appropriate with the consulting actuary and independent auditor) all reports and other documents to be prepared, filed or disseminated by or on behalf of the Trust in accordance with law, assist in the collection of contributions required to be paid to the Trust Fund by Employers and/or Participants and perform such other duties and furnish such other services as may be assigned, delegated or directed or as may be contracted by or on behalf of the Trustees. The Third Party Administrator shall be the custodian on behalf of the Trustees of all documents and other records of the Trustees and of the Trust Fund.

### Section 5.8    Trust Fund Rules and Regulations.

(a)    The Trustees are hereby empowered and authorized to adopt procedures and to promulgate any and all necessary rules and regulations which they deem necessary or desirable to facilitate the proper administration of the Trust Fund, provided the same

24

are not inconsistent with the terms of this Trust Agreement. All procedures, rules and regulations adopted by action of the Trustees shall be binding upon all parties hereto, all parties dealing with the Trust Fund, including any Contributing Employer, and all persons claiming any benefits hereunder.

(b)     The Trustees shall adopt procedures, rules or regulations in respect to eligibility of Participants and Beneficiaries for the benefits herein provided, which by-laws, rules or regulations may, by the above-specified vote, be changed and modified from time to time in such manner and to such extent as the Trustees may deem expedient and necessary in the proper administration of the Trust Fund.

(c)     No by-law, rule, regulation, action or determination made or adopted by the Trustees, nor any decision or determination made by any impartial umpire appointed pursuant to Article III of this Agreement, shall in any manner conflict or be inconsistent with (i) any provision of the applicable current Collective Bargaining Agreement in effect, or which may be made, between the Employer and the Union, (ii) this Trust Agreement, or (iii) any applicable Federal, State or local law.

**Section 5.9     Additional Authority.**     The Trustees are hereby empowered, in addition to such other powers as are set forth herein or conferred by law:

(a)     to enter into any and all contracts and agreements for carrying out the terms of this Trust Agreement and for the administration of the Trust Fund, and to do all acts as they, in their discretion, may deem necessary or advisable, and such contract and agreements and acts shall be binding and conclusive on the parties hereto and on the Participants involved;

25

(b)　　　to keep property and securities registered in the names of the Trustees or of the Fund or in the name of any other individual or entity duly designated by the Trustees;

(c)　　　to establish and accumulate as part of the Trust Fund such reasonable reserve funds as the Trustees, in their sole discretion, deem necessary or desirable to carry out the purposes of such Trust Fund;

(d)　　　to pay out of the Trust Fund all real and personal property taxes, income taxes, and other taxes of any and all kinds levied or assessed under existing or future laws upon or in respect to the Trust Fund, or any money, property, or securities forming a part thereof;

(e)　　　to do all acts, whether or not expressly authorized herein, which the Trustees may deem necessary or proper for the protection of the property held hereunder; and

(f)　　　to sell, exchange, lease, convey, mortgage or dispose of any property, whether real or personal, at any time forming a part of the Trust Fund upon such terms as they may deem proper and to execute and deliver any and all instruments of conveyance, lease, mortgage and transfer in connection therewith.

**Section 5.10　Bonds.**　　　The Trustees shall obtain from an authorized surety company such bonds as may be required by law, covering such persons and in such amounts (but not less than required by law) as the Trustees, in their discretion, may determine. The cost of premiums for such bonds shall be paid out of the Trust Fund.

**Section 5.11　Insurance.**　　　The Trustees may in their discretion, obtain and maintain policies of insurance, to the extent permitted by law, to insure themselves, the Trust Fund as such, as well as employees or agents of the Trustees and of the Trust Fund, while engaged in

26

business and related activities for and on behalf of the Trust Fund (i) with respect to liability to others as a result of acts, errors or omissions of such Trustee or Trustees, employees or agents, respectively, provided such insurance policy shall provide recourse by the insurer against Trustees as may be required by law, and (ii) with respect to injuries received or property damage suffered by them. The cost of the premiums for such policies of insurance shall be paid out of the Trust Fund.

**Section 5.12   Information to Participants and Beneficiaries.**   The Trustees shall provide Participants and Beneficiaries such information as may be required by law.

**Section 5.13   Accountants and Actuaries.**   The Trustees shall engage one or more independent qualified public accountants and may engage one or more enrolled actuaries to perform all services as may be required by applicable law and such other services as the Trustees may deem necessary.

**Section 5.14   Compensation of Trustees.**   A Trustee may be compensated for his services as such in amounts established by the Trustees, consistent with the requirements of ERISA. Trustees shall also be entitled to reimbursement for the reasonable and necessary expenses properly and actually incurred in the performance of their duties with the Trust Fund, including, but not limited to, attendance at meetings and other functions of the Board of Trustees or its committees or while on business of the Board of Trustees and, if authorized by the Trustees, attendance at institutes, seminars, conferences or workshops for or on behalf of the Trust Fund.

**Section 5.15   Reports.**   All reports required by law to be signed by one or more Trustees shall be signed by all of the Trustees, provided that all of the Trustees may appoint in writing or by resolution adopted and spread on the minutes, one or more of their members to sign such report on behalf of the Trustees.

**Section 5.16    Records of Trustee Transactions.**    The Trustees shall keep true and accurate books of account and a record of all of their transactions and meetings (including actions taken at such meetings and by informal action of the Trustees), which records and books shall be audited at least annually by a certified public accountant. Upon request, a copy of each audit report shall be furnished to each Employer and the Union and shall be available for inspection by interested persons at the principal office of the Trustees and the respective offices of the Employer Trustees and the Union.

**Section 5.17    Construction and Determination by Trustees.**    Subject to the stated purposes of the Fund and the provisions of this Agreement, the Trustees shall have full and exclusive authority to determine all questions of coverage and eligibility, methods of providing or arranging for benefits and all other related matters. They shall have full power to construe the provisions of this Agreement, the terms used herein, and the Plan, by-laws and regulations issued thereunder. Any such determination and any such construction adopted by the Trustees in good faith shall be binding upon all of the parties hereto and the Participants and Beneficiaries hereof. No matter respecting the foregoing or any difference arising thereunder or any matter involved in or arising under this Trust Agreement shall be subject to the grievance or arbitration procedure established in any Collective Bargaining Agreement between an Employer and the Union, provided however, that this clause shall not affect the rights and liabilities of any of the parties under any of the Collective Bargaining Agreements or other written agreements requiring contributions to the Trust Fund.

**Section 5.18    Liability.**    The Trustees, to the extent permitted by applicable law, shall incur no liability in acting upon any instrument, application, notice, request, signed letter, telegram or other paper or document believed by them to be genuine and to contain a true statement of facts and to be signed by the proper person.

**Section 5.19   Reliance on Written Instruments.**  Any Trustee, to the extent permitted by applicable law, may rely upon any instrument in writing purporting to have been signed by a majority of the Trustees as conclusive evidence of the fact that a majority of the Trustees have taken the action stated to have been taken in such instrument.

**Section 5.20   Reliance by Others.**  No party dealing with the Trustees shall be obligated (a) to see to the application to the stated Trust purposes, of any funds or property of the Trust Fund, or (b) to see that the terms of this Trust Agreement have been complied with, or (c) to inquire into the necessity or expediency of any act of the Trustees.  Every instrument executed by the Trustees shall be conclusive evidence in favor of every person relying thereon (a) that at the time of the execution of said instrument, the Trust was in full force and effect, (b) that the instrument was executed in accordance with the terms and conditions of this Trust Agreement, and (c) that the  Trustees were duly authorized and empowered to execute the instrument.

**Section 5.21   Multiple Benefit Schedules.**  The Trustees shall be authorized to accept contributions at more than one rate and they shall provide different schedules of benefits appropriate for each such rate of contribution.  However, it is the intention of the parties hereto that contributing Employers hereto shall, to the extent feasible, negotiate identical contribution rates.  Further, the Trustees shall be authorized to establish more than one schedule of benefits for the same contribution rate.  The Trustees, further, shall accept contributions at the rates negotiated by the Union with any Employer and the Employees represented by the Union shall be provided with a schedule of benefits which the Board of Trustees, in its discretion, shall consider appropriate for the rate of contribution so negotiated and paid into the Fund on their behalf.  Moreover, the Trustees shall hereby have the sole and exclusive authority to determine

the amount of premiums and/or contributions to be paid to the Fund by Participants and
Beneficiaries to maintain eligibility for benefits under the Fund.

## ARTICLE VI

## CONTROVERSIES AND DISPUTES

**Section 6.1    Reliance on Records.**          In any controversy, claim, demand, suit at
law or other proceeding between any Participant, Beneficiary or any other person and the
Trustees, the Trustees shall be entitled to rely upon any facts appearing in the records of the
Trustees, any instruments on file with the Trustees, with the Union or with the Employers, any
facts certified to the Trustees by the Union or the Employers, any facts which are of public
record and any other evidence pertinent to the issue involved.

**Section 6.2    Submission to Trustees.**      All questions or controversies, of
whatsoever character, arising in any manner or between any parties or persons in connection
with the Trust Fund or the operation thereof, whether as to any claim for any benefits preferred
by any Participant, Beneficiary or any other person, or whether as to the construction of the
language or meaning of the Plan, by-laws, rules and regulations adopted by the Trustees or this
instrument, or as to any writing, decision, instrument or accounts in connection with the
operation of the Trust Fund or, in the case of questions related to claims for benefits, or
otherwise, shall be submitted to the Trustees, and the decision of the Trustees shall be binding
upon all persons dealing with the Trust Fund or claiming benefits thereunder.

**Section 6.3    Settling Disputes.**      The Trustees may, in their sole discretion,
compromise or settle any claim or controversy on such terms and conditions as the Trustees may
deem advisable, and any majority decision made by the Trustees in compromise or settlement of
a claim or controversy, or any compromise or settlement agreement entered into by the Trustees,
shall be conclusive and binding on all parties interested in this Trust.

30

## ARTICLE VII

## BENEFICIAL RIGHTS

**Section 7.1** **No Rights, Title or Interest of Employers and Union.** No Employer, or Union, or Employees, or Participants and their Beneficiaries shall have any right, title or interest in or to the Trust Fund or any part thereof.

**Section 7.2** **Limitations Upon Beneficial Rights of Employees.** No Employee, Participant or any Beneficiary of a Participant shall have any right, title or interest in or to the Trust Fund or any part thereof, provided, however, that any Participant who shall be covered by an insurance plan, or his Beneficiaries under such plan, shall be entitled to the benefits in the forms and amounts and subject to the terms and conditions of such insurance plan and of this Trust; provided, further, however, that the benefits shall be free from the interference and control of any creditor, and no benefits shall be subject to any assignment or other anticipation, nor subject to seizure or sale under any legal, equitable or any other process, and in the event that any claim or benefit shall, because of any debt incurred by or resulting from any other claim or liability against any Participant or Beneficiary, by reason of any sale, assignment, transfer, encumbrance, anticipation or other disposition made or attempted by said Participant or Beneficiary, or by reason of any seizure or sale or attempted sale under any legal, equitable or other process, or in any suit or proceeding, become payable, or be liable to become payable, to any person other than the Participant or Beneficiary for whom the same is intended, as provided herein, pursuant hereto, the Trustees shall have power, to withhold payment of such benefit to such Participant or Beneficiary until such assignment, transfer, encumbrance, anticipation or other disposition, writ, or legal process is cancelled or withdrawn in such manner as shall be satisfactory to the Trustees. Until so cancelled or withdrawn, the Trustees shall have the right to use and apply the benefits, as the Trustees may deem best, directly for the support and

31

maintenance of such Participant or Beneficiary. Notwithstanding any provisions contained in this Section to the contrary, any Participant or Beneficiary may assign benefits to any person or entity authorized to render services to the Participant or Beneficiary.

The Trustees shall have the power establish a constructive trust or an equitable lien as to any benefits paid from the Trust Fund to any Participant or Beneficiary, where the Participant or Beneficiary recovers damages from a third party (whether by lawsuit, settlement, or otherwise) and fails to reimburse the Trust Fund for the benefits paid from the Trust Fund.

**Section 7.3     Optional Benefits Prohibited.**  Employees and/or Participants shall not have the right, privilege or option to receive instead of the benefits provided hereunder, any of the following:

(a) any part of the contributions payable by the Employers under this Trust Agreement;

(b) a cash consideration either upon termination of the plan of benefits provided hereunder or upon such Employee's or Participant's withdrawal from coverage under this Fund, either voluntarily or through severance of employment with any particular Employer; or

(c) the cash surrender value of any policy of insurance in lieu of the benefits provided in said policy.

## ARTICLE VIII

## TERMINATION OF TRUST

**Section 8.1     Conditions of Termination.**  This Trust Agreement shall cease and terminate upon the happening of anyone or more of the following events:

(a) In the event that the Trust Fund shall, in the opinion of the Trustees, be inadequate to carry out the intent and purpose of this Trust Agreement, or be inadequate

32

to meet the payments due or to become due under this Trust Agreement and under the Plan to Participants and Beneficiaries already drawing benefits;

(b) In the event there are no individuals living who can qualify as Participants hereunder;

(c) In the event of termination by action of the Union and the Employers;

(d) In the event of termination as may be otherwise provided by law.

**Section 8.2     Procedures in the Event of Termination.**   In the event of termination, the Trustees shall:

(a)     make provision out of the Trust Fund for the payment of expenses incurred up to the date of termination of the Trust and the expenses incidental to such termination;

(b)     arrange for a final audit and report of their transactions and accounts, for the purpose of termination of their Trusteeship;

(c)     apply the Trust Fund to pay any and all obligations of the Trust and distribute and apply any remaining surplus in such manner as will, in their opinion, best effectuate the purposes of the Trust and the requirements of law; and

(d)     give any notice and prepare and file any reports which may be required by law.

## ARTICLE IX

## MISCELLANEOUS

**Section 9.1     Law Applicable.**     This Trust is created and accepted in the State of Maryland and all questions pertaining to the validity or construction of this Trust Agreement and of the acts and transactions of the parties hereto shall be determined in accordance with the laws of the State of Maryland, except as to matters governed by Federal Law.

**Section 9.2    Savings Clause.**    Should any provision of this Agreement and Declaration of Trust be held to be unlawful, or unlawful as to any person or instance, such fact shall not adversely affect the other provisions herein contained or the application of said provisions to any other person or instance, unless such illegality shall make impossible the functioning of this Fund.

**Section 9.3    Reciprocity Agreements.**    The Trustees may, in their sole discretion, enter into such reciprocity agreement or agreements with other welfare funds as they determine to be in the best interests of the Trust Fund, provided that any such reciprocity agreement or agreements shall not be inconsistent with the terms of this Trust Agreement or the Collective Bargaining Agreements under which this Trust Agreement is maintained.

**Section 9.4    Merger.**    The Trustees shall have the power to merge with any other fund established for similar purposes as this Trust Fund under terms and conditions mutually agreeable to the respective Boards of Trustees.

**Section 9.5    No Refund of Contributions.**    In no event shall any Employer, directly or indirectly, receive any refund on contributions made by them to the Trust (except in case of a mistake, to the extent permitted by law) nor shall an Employer directly or indirectly participate in the disposition of the Trust Fund or receive any benefits from the Trust Fund. Upon payment of contributions to the Trustees, all responsibilities of the Employer for such contribution shall cease, and the Employer shall have no responsibilities for the acts of the Trustees, nor shall an Employer be obliged to see to the application of any funds or property of the Trust or to see that the terms of the Trust have been complied with.

**Section 9.6    Non-Reversion.**    All Employer Payments made to the Trust Fund be Employers shall represent irrevocable contributions to the Trust Fund, and no part of the corpus or income of the Trust Fund shall ever revert to any Employer or be used for or

34

diverted to any purpose other then for the exclusive benefits of the Employees or their benefi-ciaries prior to satisfaction of all liabilities with respect to the Trust Plan and Trust. Nothing herein shall be deemed to preclude an Employer Payment made under mistake of fact from being returned to an Employer in accordance with applicable provisions of ERISA.

**Section 9.7    Judicial Settlements.**      The Trustees shall be entitled, at any time, to have a judicial settlement of their accounts and to seek judicial protection by any action or proceeding they determine necessary and, further, to obtain a judicial determination or declaratory judgment as to any question of construction of this Trust Agreement or for instructions as to any action thereunder and, further, as to any question relating to the discharge of their duties and obligations under, or in connection with the administration of, this Trust and as to the distribution of assets belonging to the Trust. Any such determination, decision or judgment shall be binding upon all parties to, or claiming under, this Trust Agreement.

**Section 9.8    Withholding Payment.**      In the event any question or dispute shall arise as to the proper person or persons to whom any payments shall be made hereunder, the Trustees may withhold such payment until there shall have been made an adjudication of such question or dispute which, in the Trustees' sole judgment is satisfactory to them, or until the Trustees shall have been fully protected against loss by means of such indemnification agreement or bond as they, in their sole judgment, determine to be adequate.

**Section 9.9    Gender.**      Whenever any words are used in this Trust Agreement in the masculine gender, they shall also be construed to include the feminine or neuter gender in all situations where they would so apply; and whenever any words are used in the singular, they shall also be construed to include the plural in all situations where they would so apply; and whenever any words are used in the plural, they shall also be construed to include the singular.

**Section 9.10    Amendment of Trust Agreement.**    The provisions of this Trust Agreement may be amended at any time by an instrument in writing executed by the Trustees, provided that no amendment shall divert or provide for the use of the Trust Fund then in the hands of the Trustees from the purposes of this Trust Fund. It is further provided that no amendment shall:

> (a)    provide for the use or application of the Trust Fund for any purpose other than those set forth in Sections 2.1 and 5.2 hereof;

> (b)    permit the return to, or payment of the Trust Fund, or any part thereof, to any Employer, except a contribution or other payment made by mistake to the extent permitted by law; or

> (c)    so amend this Trust Agreement that there shall not be an equal number of Employer Trustees and of Union Trustees to administer the Trust Fund.

**Section 9.11    Article and Section Titles.**    The Article and Section titles are included solely for convenience and shall, in no event, be construed to affect or modify any part of the provisions of this Trust Agreement or be construed as part thereof.

**Section 9.12    Conflict of Interest and Fraud Policy.**    The Third Party Administrator, its employees, and all entities who perform services on behalf of the Fund, will comply with the Conflict of Interest and Fraud Policy (attached hereto as Appendix 1), which incorporated into and made a part of this Trust Agreement by reference thereto.

IN WITNESS WHEREOF, the undersigned Trustees in office under the foregoing Agreement and Declaration of Trust have hereunto set their hands and seals as of the day and year first above written and by so doing bind themselves, jointly and severally, faithfully to observe all of the provisions of the foregoing Agreement and Declaration of Trust and to accept the Trust therein created and to continue to serve as Trustees.

EMPLOYER TRUSTEES:                    UNION TRUSTEES:

_____               _____

_____               _____

37

APPENDIX I

## CONFLICT OF INTEREST AND FRAUD POLICY

WHEREAS, the Trustees of the Maryland Electrical Industry Health Fund (hereinafter referred to as "the Fund") recognize the importance of maintaining a firm policy that defines an ethical code of conduct for the plan's third-party administrator, its employees, and all entities who perform services on behalf of the Fund; and

WHEREAS, the Agreement and Declaration of Trust of the Fund, dated October 17, 1961, as restated, effective January 1, 1975, and thereafter amended sets forth the ethical code of conduct for the Trustees; and

WHEREAS, the Trustees desire to adopt this policy as an appendix to the Agreement and Declaration of Trust;

·NOW, THEREFORE,   BE IT RESOLVED:   That the following policy be adopted:

### *Plan Fraud Policy*

The plan, its third party administrator, and the employees of the third party administrator must, at all times, comply with all applicable laws and regulations.  The plan does not condone the activities of employees who achieve results through violation of the law or unethical business dealings.  This includes any payments for illegal acts, indirect contributions, rebates and

bribery.   The plan does not permit any activity that fails to stand the closest possible public scrutiny.

All business conduct should be well above the minimum standards required by law.   Accordingly, employees must ensure that their actions cannot be interpreted as being, in any way, in contravention of the laws and regulations governing the plan's operations.

Employees or others associated with the plan who are uncertain about the application or interpretation of any legal requirements or who observe violations of the plan's conflict of interest and fraud policy should refer the matter to the Board of Trustees, which may seek the advice of counsel, if necessary.   [If any employee is not comfortable referring the matter to the third-party administrator, then the employee may directly contact the plan's attorney.]

### General Employee Conduct

The plan expects the employees of the plan's third-party administrator to conduct themselves in a businesslike manner. Unprofessional activities are strictly prohibited while on the job.   Employees must not engage in sexual harassment, or conduct themselves in a way that could be construed as such, for example, by using inappropriate language, keeping or posting inappropriate materials in their work area, or accessing inappropriate materials on their computer.

2

### Conflicts of Interest

The plan expects that employees of the plan's third-party administrator will perform their duties conscientiously, honestly and in accordance with the best interests of the plan. Employees must not use their position or the knowledge gained as a result of their position for private or personal advantage. Regardless of the circumstances, if employees sense that a course of action that they have pursued, are presently pursuing, or are contemplating pursuing may involve them in a conflict of interest with the plan's third-party administrator, they should immediately communicate all the facts to the Board of Trustees.

### Relationships with Contributing Employers and Suppliers

Employees should avoid investing in or acquiring a financial interest for their own accounts in any employer organization covered by the Collective Bargaining Agreement which result in contributions to the plan, or that provides goods or services, or both, to the plan, if such investment or interest could influence or create the impression of influencing their decisions in the performance of their duties on behalf of the plan.

### Gifts, Entertainment and Favors

Employees of the plan's third-party administrator must not accept entertainment, gifts, or personal favors from contributing

3

employers to the plan or from investment advisors or any other service providers for the plan, which might be inclined to, or be perceived to place them under obligation to that contributing employer or service provider.

### Kickbacks and Secret Commissions

Regarding the plan's business activities, employees may not receive payment or compensation of any kind, except as authorized under the plan's remuneration policies. The plan strictly prohibits the acceptance of kickbacks and secret commissions from investment advisors or others.

### Plan Funds and Other Assets

Employees of the plan's third-party administrator who have access to plan funds in any form must follow the prescribed procedures for recording, handling and protecting money as detailed in the plan's trust agreement or other explanatory materials, if any. The plan imposes strict standards to prevent fraud and dishonesty. If employees become aware of any evidence of fraud and dishonesty, they should immediately advise the Board of Trustees so the plan can promptly investigate.

When an employee's position requires spending plan funds or incurring any reimbursable personal expenses, that individual must use good judgment on the plan's behalf to ensure that good value is received for each expenditure. Plan funds and all other assets of the plan are for plan purposes only and not for personal

4

benefit. This includes the personal use of plan assets, such as computers.

## Plan Records and Communications

Accurate and reliable records of many kinds are necessary to meet the plan's legal and financial obligations and to manage the affairs of the plan. The plan's books and records must reflect in an accurate and timely manner all business transactions. The employees responsible for accounting and recordkeeping must fully disclose and record all assets, liabilities, or both, and must exercise diligence in enforcing these requirements.

Employees must not make or engage in any false record or communication of any kind, whether internal or external, including, but not limited to: false expense, attendance, financial or similar reports and statements, false advertising, deceptive marketing practices, or other misleading representations.

## Communicating with Other People and Plans

Employees must separate their personal roles from their plan positions when communicating on matters not involving plan business. Employees must not use plan identification, stationary, supplies and equipment for personal or political matters. When communicating publicly on matters that involve plan business, employees must not presume to speak for the plan on any topic, unless they are certain that the views they express are those of

5

the plan, and it is the plan's desire that they be publicly disseminated. Employees must take care not to compromise the integrity or damage the reputation of the plan.

### Prompt Communication

In all matters relevant to participants, beneficiaries, service providers, suppliers, government authorities, the public and all others with whom the plan conducts business, employees must make every effort to achieve complete, accurate and timely communications – responding promptly and courteously to all proper requests for information and to all complaints.

### Privacy and Confidentiality

When handling financial and personal information about participants, suppliers or others with whom the plan has dealings, observe the following principles:

- Collect, use and retain only the personal information necessary for the plan's business. Whenever possible, obtain any relevant information directly from the person concerned. Use only reputable and reliable sources to supplement this information.

- Retain information only for as long as necessary or as required by law. Protect the physical security of this information.

- Limit internal access to personal information to those with a legitimate business reason for seeking that information. Use

6

only personal information for the purposes for which it was originally obtained.  Obtain the consent of the person concerned before externally disclosing any personal information, unless legal process or contractual obligation provides otherwise.