**TRUCK DRIVERS AND HELPERS LOCAL 355
RETIREMENT PENSION FUND**

**RESTATED AGREEMENT AND DECLARATION OF TRUST**

**EFFECTIVE JANUARY 1, 2008**

### TRUCK DRIVERS AND HELPERS LOCAL 355
### RETIREMENT PENSION FUND
### RESTATED AGREEMENT AND DECLARATION OF TRUST

WHEREAS, the Agreement and Declaration of Trust of the Truck Drivers and Helpers Local 355 Retirement Pension Fund (hereinafter "Fund") was made and entered into as of the 2nd day of April, 1959, and was thereafter amended from time to time; and

WHEREAS, the Trust Agreement of the Fund, as amended, provided the right to amend said Agreement is reserved to the Trustees; and

WHEREAS, the Trustees in pursuance of the basic principles set forth in said Agreement desire to reaffirm and restate the Trust Agreement of the Fund;

NOW, THEREFORE, it is agreed that the Trust Agreement be amended and restated in its entirety effective January 1, 2008 to read as appears upon the following pages.

### ARTICLE I

### DEFINITIONS

**Section 1.1    Beneficiary.**   The term "Beneficiary" as used herein shall mean a person designated by a Participant or by the terms of the Plan who is or may become entitled to a benefit thereunder.

**Section 1.2    Collective Bargaining Agreement.**   The term "Collective Bargaining Agreement" shall mean any contract between any Employer and the Union as hereinafter defined.  It shall also include any and all extensions, renewals, or other written agreements entered into by the Union and an Employer which provides for contributions to be made to the Trust Fund, as presently existing or as hereafter amended.

**Section 1.3    Contributions.**       The term "Contributions" shall mean payments made or to be made to the Fund by the Employer under the provisions of a Collective Bargaining

2

Agreement or other written agreement, including contributions made by the Union as a contributing Employer to this Fund.

**Section 1.4    Employee.**    The term "Employee" as used herein shall mean:

(a)    Any Employee working in Covered Employment for an Employer as defined herein, and with respect to whose employment an Employer is or was required to make contributions into the Fund, and regardless of whether such Employees are considered by the Union and Employers to be Union or non-Union, permanent or temporary, and/or part-time or full-time.

(b)    An officer or Employee of the Union who shall have been proposed for benefits under the Fund by the Union and who shall have been accepted by the Trustees and for whom the Union agrees in writing to contribute to the Fund at the rate fixed for contributions for other similar Employers.

**Section 1.5    Employer.**    The term "Employer" or "Contributing Employer" as used herein shall mean:

(a)    Any corporation, partnership, or individual who has duly executed, or in the future executes, with the Union, a Collective Bargaining Agreement, or other written agreement, requiring contributions to the Fund; or any employer who satisfies the requirements for participation as established by the Trustees, is approved by the Trustees, who has a written agreement with the Trustees, and agrees to be bound by this Agreement.  Employers as described in this Section shall, by the making of payments to the Trust Fund pursuant to such Collective Bargaining, or other written Agreement, be deemed to have accepted and be bound by this Trust Agreement.

(b)    The Union which, for the purpose of making the required contributions into the Fund, shall be considered as the Employer of the Employees of the Union for

3

whom the Union contributes to the Fund.  Said contributions by the Union on behalf of

its Employees shall be made in the manner and at the rate of payment equal to that made

by any other Employer for like benefits.

      (c)    Employers as described in this Section shall, by the making of payments

to the Fund pursuant to such Collective Bargaining Agreement, or other written

Agreement, be deemed to have accepted and be bound by this Trust Agreement.

**Section 1.6**    **ERISA.**    The term "ERISA" as used herein shall mean the Employee

Retirement Income Security Act of 1974, or any provision or section thereof herein specifically

referred to, as such Act, provision or section may from time to time be amended or modified.

**Section 1.7**    **Participant.**    The term "Participant" as used herein shall mean any

Employee, former Employee, or retired Employee of an Employer who is or may become

eligible to receive a benefit of any type from this Fund or whose Beneficiary may be eligible to

receive any such benefit pursuant to the terms of the Plan.

**Section 1.8**    **Participant Contributions.**    The term "Participant Contributions" shall

mean direct payments made to the Fund by the Employee as defined herein.  These Employee

Contributions, if any, shall only be permitted to be made in accordance with the specific rules

and regulations adopted by the Trustees and in such amounts as the Trustees in their sole

discretion may from time to time determine, which rules and regulations shall not be inconsistent

with any applicable law.

**Section 1.9**    **Plan.**    The term "Plan" or "Pension Plan" as used herein shall mean the

Plan or program of benefits established by the Trustees pursuant to this Agreement and

Declaration of Trust.

**Section 1.10**    **Third Party Administrator.**    The term "Third Party Administrator" or

"TPA" as used herein shall mean Benefits Administration Corporation or any other subsequent

4

TPA which has been designated by the Trustees to manage the day-to-day administration of the Plan and Trust.

**Section 1.11    Trust Agreement.**    The terms "Trust Agreement" or "Agreement and Declaration of Trust" as used herein shall mean this instrument, including all amendments and modifications as may from time to time be made.

**Section 1.12    Trust Fund.**    "Trust," "Trust Fund" and "Fund" as used herein shall mean the entire trust estate of the Truck Drivers and Helpers Local 355 Retirement Pension Fund as it may, from time to time, be constituted, including, but not limited to policies of insurance, investments, and the income from any and all investments, Employer or Employee Contributions and any and all other assets, property or money received by or held by, or due and owing to, the Trustees for the uses and purposes of this Trust.

**Section 1.13    Trustees.**    The term "Trustees" as used herein shall mean the Trustees designated in this Trust Agreement, together with their successors designated and appointed in accordance with the terms of this Trust Agreement.  The Trustees, collectively, shall be the Plan Administrator of this Fund as that term is used in ERISA.

**Section 1.14    Union.**    The term "Union" as used herein shall mean the Truck Drivers and Helpers Local Union No. 355, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America.

**ARTICLE II**

**CREATION AND PURPOSES OF FUND**

**Section 2.1    Fund Creation and Purposes.**    The Fund is created, established and maintained, and the Trustees agree to receive, hold and administer the Fund, for the purpose of providing pension benefits as now are, or hereafter may be, authorized or permitted by law for Participants and their Beneficiaries in accordance with the provisions herein set forth.

5

## ARTICLE III

## BOARD OF TRUSTEES

**Section 3.1    Board of Trustees.**    The operation and administration of the Fund shall be the joint responsibility of a Board of Trustees consisting of four initial Trustees, divided equally between Employer Trustees and Union Trustees, and such successor Trustees as may be hereinafter provided.  The term "Board of Trustees" as used herein shall mean the Employer Trustees and the Union Trustees, whose purpose shall be to administer the Plan within the meaning of the Act, Section 3(16)A.  "Trustees" shall also include the successors designated and selected in accordance with the terms of this Trust Agreement.

**Section 3.2    Trustees.**    The term "Trustees" as used herein shall mean the four (4) individuals, two (2) of whom shall be selected by the Contributing Employers by the method described in Article III herein, and two (2) of whom shall be designated by the Union in accordance with its Bylaws.  "Trustees" shall also include the successors designated and selected in accordance with the terms of this Trust Agreement.  The number of Trustees may be changed from time to time, but there shall be an equal number of Employer and Union Trustees.

**Section 3.3    Acceptance of Trusteeship.**  The Trustees shall sign this Agreement and Declaration of Trust which establishes the Fund.  The Trustees, by affixing their signatures at the end of this Agreement and Declaration of Trust, agree to accept the trusteeship and act in that capacity in accordance with the provisions of this Agreement and Declaration of Trust.

**Section 3.4    Term of Trustees.**    Each Trustee and each successor Trustee shall continue to serve as such until his or her death, incapacity, resignation or removal, as herein provided.

**Section 3.5    Removal of Trustees.**    Any Employer Trustee may be removed at any time by vote of the Contributing Employers.  Any Union Trustee may be removed at any time by the Union.

**Section 3.6    Replacement of Employer Trustees.**    In the event of the resignation, death, removal, disability or refusal to act of any Employer Trustee or any successor to any of them, the provisions of this Agreement shall apply.  The replacement Employer Trustee shall be elected by vote of the Contributing Employers.  In the event of a vote, the procedure shall be that the Third Party Administrator shall send out requests for nominations for a new Employer Trustee to the Contributing Employers within 30 days of its notice of a vacancy, and shall send ballots to the Contributing Employers of all candidates within 10 days of the close of the nomination period.  The candidate with the highest number of votes shall be elected as the new Employer Trustee.

**Section 3.7    Replacement of Union Trustees.**

In the event of the resignation, death, removal, disability or refusal to act of any Union Trustee or any successor to any of them, a successor Union Trustee shall be designated by the Union in accordance with the Union's Bylaws or other applicable internal Union rules.

**Section 3.8    Resignation.**  A Trustee may resign and remain fully discharged from all further duty or responsibility hereunder by giving notice in writing by certified or registered mail addressed to the office of the Fund, which notice shall state the date such resignation shall take effect.  Such resignation shall take effect on the date so stated, unless a successor Trustee shall have been appointed at an earlier date, in which event such resignation shall take effect as of the date of appointment of his or her successor.

7

**Section 3.9     Successor Trustees.**  No successor Trustee shall be liable or responsible for any acts or defaults of any predecessor Trustee, or for any losses or expenses resulting from or occasioned by anything done or neglected to be done in the administration of the Trust Fund prior to his becoming a Trustee or subsequent to his resignation or removal as Trustee.  A successor Trustee shall not be required to inquire into or take any notice of the prior administration of the Trust Fund.

Any successor Trustee, immediately upon his acceptance in writing to the Trust, shall become vested with all the estate, rights, powers, discretion and duties of his predecessor Trustee with like effect as if originally named as Trustee herein.

The Trustees shall not be liable for the acts or omissions of any third party plan administrator, corporate trustee, investment manager, attorney, agent or assistant employed by them pursuant to this Trust Agreement, if such third party plan administrator, corporate trustee, investment manager, attorney, agent or assistant was selected pursuant to this Trust Agreement and such person's performance was periodically reviewed by the Trustees who found such performance to be satisfactory; provided that nothing herein shall relieve any corporate trustee of any liability with regard to the performance of its employees.  The Trustees shall be entitled to rely upon all tables, evaluations, certificates and reports furnished by the actuary, upon all certificates and reports made by any corporate trustee, investment manager or custodian of the Fund, or by any certified public accountant duly appointed by the Trustees, and upon all opinions given by any legal or other expert duly appointed by the Trustees and shall be fully relieved of all liability with respect to any action taken or permitted by them which is reasonable under the circumstances and is in good faith in reliance thereon.

**Section 3.10     Form of Notification.**          In case any Union Trustee shall be removed, replaced or succeeded, a statement in writing by the President of the Union filed with the Board

8

of Trustees of the Fund shall be sufficient evidence of the action taken by the Union. In case any Employer Trustee shall be removed, replaced or succeeded, a statement in writing signed by a representative of the Contributing Employers stating the outcome of a vote to remove and/or replace an Employer Trustee.

**Section 3.11    Office of the Fund.** The principal office of the Trust Fund shall, so long as such location is feasible, be located and maintained in metropolitan Baltimore, Maryland. The location of the principal office shall be made known to the parties interested in the Trust Fund. At such office, and at such other places as may be required by law, there shall be maintained the books and records pertaining to the Trust Fund and its administration.

**Section 3.12    Officers.**    The Trustees shall elect from among themselves a Chairman and a Vice-Chairman. When the Chairman is elected from the Employer Trustees, then the Vice-Chairman shall be elected from the Union Trustees, and when the Chairman is elected from the Union Trustees, then the Vice-Chairman shall be elected from the Employer Trustees. The chairmanship shall alternate, insofar as practicable or desirable, between the Employer Trustees and the Union Trustees. The term of such officers shall commence on the date of their election and continue to the end of the calendar year, or until their successors have been elected. Thereafter, each term of said officers shall be for a calendar year or until their successors have been elected. The Third Party Administrator or any other person as the Trustees may designate, shall keep minutes and records of all meetings, proceedings and acts of the Trustees and shall, with reasonable promptness, send copies of such minutes and records to all Trustees. The Chairman, and in his absence the Vice-Chairman, shall preside at all meetings of the Trustees.

**Section 3.13    Power to Act in Case of Vacancy.** No vacancy or vacancies on the Board of Trustees shall impair the power of the remaining Trustees acting in the manner

9

provided by this Trust Agreement and to administer the affairs of the Trust Fund notwithstanding the existence of such vacancy or vacancies.

Section 3.14    **Meetings; Notices.**    The Trustees shall meet at such times as they deem it necessary to transact their business.  The Chairman of the Board of Trustees may, and upon the written request of any two Trustees shall, call a meeting of the Trustees at any time by giving at least five days' written notice of the time and place thereof to each Trustee.  Meetings of the Trustees may also be held at any time without notice if all the Trustees consent thereto in writing.

Section 3.15    **Attendance at Meetings; Minutes.**    All official meetings of the Trustees shall be attended only by the Trustees and shall not be open to the public, except that there may attend such other persons as may be designated by the Trustees, or when invited so to do, and as may be otherwise required by law.  Written minutes, a copy of which shall be furnished with reasonable promptness to each Trustee, shall be kept of all business transacted and of all matters upon which voting shall have occurred and the vote of each Trustee shall be recorded.

Section 3.16    **Quorum; Voting; Action without Meeting.**

(a)    One Employer Trustee and one Union Trustee shall constitute a quorum for the transaction of business.  If at any meeting the number of Employer and Union Trustees shall be unequal, then the group of Trustees lesser in number shall be entitled to cast the same number of votes as the other group of Trustees.

(b)    Any action taken by the Trustees, except as herein otherwise provided, shall be by affirmative vote of a majority of the votes cast at a meeting.  The Trustees must cast their votes in person, except as provided in subsection (a) herein.

(c)    Action by the Trustees on any proposition may also be taken without a meeting if all of the Trustees agree thereon in writing.

10

**Section 3.17    Manner of Acting in the Event of Deadlock.**

(a)    A deadlock shall be deemed to exist whenever a proposal, nomination, motion or resolution made or proposed by any one of the Trustees is not adopted or rejected by a majority vote and the maker of the proposal, nomination, motion or resolution notifies the remaining Trustees in writing that a deadlock exists.

(b)    In the event of such deadlock arising, the Trustees shall meet for the purpose of agreeing upon an impartial umpire to break such deadlock by deciding the dispute in question.  In the event of the inability of the Trustees to agree upon the selection of such impartial umpire within a reasonable time, then, on the petition of either group of Trustees, the senior judge on duty of the District Court of the United States for the District of Maryland shall appoint such impartial umpire.  Such impartial umpire shall immediately proceed to hear the dispute between the Trustees and decide such dispute, and the decision and award of such umpire shall be final and binding upon the parties. The reasonable compensation of such umpire and the costs and expenses (including, without limitation, attorneys and reporting fees) incidental to any proceedings instituted to break a deadlock shall be paid by the Trust Fund.

(c)    Any impartial umpire selected or designated to break a deadlock shall be required to enter his decision within a reasonable time fixed by the Trustees. The scope of any such proceedings before such impartial umpire shall be limited to the provisions of this Trust Agreement and to the provisions of the rules, regulations and procedures adopted by the Trustees and to the Plan established by them.  The impartial umpire shall have no jurisdiction or authority to change or modify the provisions of this Trust Agreement or to decide any issue arising under or involving the interpretation of any Collective Bargaining Agreements, and such impartial umpire shall have no power or

authority to change or modify any provisions of any Collective Bargaining Agreements or other written agreements that provide for contributions to the Trust Fund.

**Section 3.18    Removal of Trustee(s) (Violation of ERISA).**

The Board of Trustees shall initiate action to cause the removal of any fellow member Trustee who may be serving as a Trustee in violation of ERISA. The vacancy or vacancies caused by such a removal shall be filled in accordance with Section 3.6 of this Article.

## ARTICLE IV

## CONTRIBUTIONS AND COLLECTIONS

**Section 4.1    Employer Contributions.**

(a)    Each Employer shall make prompt contributions or payments to the Trust Fund in such amounts and under the terms as are provided for in the applicable Collective Bargaining Agreement or other written agreement specified herein. The Employer agrees that such contributions shall constitute an absolute obligation to the Trust Fund, and such obligation shall not be subject to set-off or counterclaim which the Employer may have for any liability of the Union or of an Employee.

(b)    Contributions to the Fund shall be paid to the Trustees or to such depository as the Trustees shall designate, only by check, bank draft, money order or other recognized written method of transmitting money or its equivalent, made payable to the order of the Truck Drivers and Helpers Local 355 Retirement Pension Fund. The payment of contributions shall be made periodically at such times as the Trustees shall specify by rules and regulations or as may be provided in the applicable Collective Bargaining Agreement.

(c)    Contributions to the Fund shall become vested Fund assets at the time they become due and owing to the Fund. An Employer shall have no right, title or interest in

12

the contributions owing to or made to the Fund; the Fund shall have all rights, title and interest in contributions owing to or made to the Fund.

(d)     Each Employer shall be responsible only for the contributions payable by him on account of Employees covered by him, except as may be otherwise provided by law.  No other Employers or groups of Employers shall be responsible for the contributions, payments or other obligations of any other Employer, or otherwise.

(e)     Each Employer shall make contributions to the Trust Fund on behalf of employees for all "hours worked" and/or all "hours paid" as these terms may be employed in any collective bargaining agreement.  The terms "hours worked" or "hours paid" shall mean and include from the first day hired through the date of termination:

(i)     All hours worked and required to be paid for by the Collective Bargaining Agreement;

(ii)     All hours not worked but required to be paid for by the Collective Bargaining Agreement, including but not limited to, shift minimum when applicable, weekly guarantees, earned vacations, holidays, and personal leave days;

(iii)     All hours not worked and not required to be paid for by the Collective Bargaining Agreement when applied to an employee who is absent from his employment as the result of a work-related disability and who is receiving disability benefits under the Workers' Compensation laws of Maryland or similar statute of such other State which applies to the Employer's operations. In such case, the Employer shall be required to maintain contributions on behalf of such Employee at such rate and for such period as shall hereinafter be specified.

13

The provisions of this Section shall not in any way preclude the continuation of eligibility by the Trust Fund in cases where such eligibility is determined by means other than "hours worked" or "hours paid."

**Section 4.2** **Payment of Participant Contributions.** Participants who (i) cease to perform work for an Employer for which work Employer contributions were required to be paid to this Fund as provided in Section 4.1 of this Article, and (ii) are members of such a class of such Participants as to whom the Trustees, consistent with applicable law, have in their sole discretion determined to provide continued eligibility for benefits of such type and amount and for such period of time and on such terms as the Trustees in their discretion may wish to make available to such class shall make periodic contributions or payments to the Trust Fund in such amounts and at such times and subject to such conditions, requirements, limitations and rules as the Trustees in their sole discretion may establish and impose with respect to such class of such Participants.

**Section 4.3** **Requirement of Contributions During Period of Disability.**

Employer contributions shall be required on behalf of any Participant who is absent as the result of an injury and during which absence the Participant receives benefits under any applicable Workers' Compensation laws with respect to a disability incurred while in the employment of a Contributing Employer. The obligation of contribution is subject to the following limitations:

(a) for any Participant who worked full time immediately preceding the period of disability, contributions shall be required on the basis of the number of hours constituting any minimum weekly guarantee under the terms of the Employer's Collective Bargaining Agreement for each work week; however, in no event shall the

14

Employer be required to contribute for any hours in excess of forty (40) during each work week of such absence; and

(b)     the requirement of contribution during such absence shall not exceed a maximum of fifty-two (52) weeks; and

(c)     for those Participants not subject to any minimum weekly hourly guarantee, the required contribution for each work week shall be the average number of weekly hours worked by such Participant during the four (4) weeks immediately preceding such absence; and

(d)     in no event shall any Employer be obligated to the payment of any contribution for any period of absence hereunder after the expiration of one (1) year from the date of the injury causing such absence.

**Section 4.4     Receipt of Payment and Other Property of Trust.**  The Trustees or such other person or entity designated or appointed by the Trustees in accordance with Article V are hereby designated as the persons to receive the payments heretofore or hereafter made to the Trust Fund by the Employers and Participants.  The Trustees are hereby vested with all right, title and interest in and to such monies and all interest which may be accrued thereon, and are authorized to receive and be paid the same.

**Section 4.5     Collection and Enforcement of Payments.**

If any Employer fails to make the required contribution on or before the day it is due pursuant to the collective bargaining agreement or this Agreement (hereinafter "Due Date"), such Employer shall be delinquent and in default for any payments due the Fund which are not paid by the Due Date. Said payments are hereinafter referred to as "Delinquent Payments." The parties recognize and acknowledge that the regular and prompt payment of the contributions required are essential and that it would be extremely difficult, if not impracticable, to fix the

15

actual expense and damage to the Fund, to the participants and to the employees which would result from the failure of an Employer to make such payments within the time provided. Therefore, the amount of damage resulting from each and every such failure shall be presumed to be 20% of the amount of the payment due, which amount shall become due and payable as liquidated damages to the Fund, and not as a penalty, upon the day immediately following the Due Date and shall be in addition to said Delinquent Payment. The Trustees, in their fiduciary capacities, shall have the power to demand and collect the contributions of the Employers to the Fund. Said Trustees may take such steps, including the institution and prosecution of and intervention in any proceeding at law or in equity or in bankruptcy that may be necessary or desirable to effectuate the collection or preservation of contributions or other amounts which may be owed to the Trust Fund, without prejudice, however, to the right of the Union to take whatever legal steps deemed necessary for such purposes. The institution or intervention in such actions will be solely in the discretion of the Trustees, depending on the amount involved, and legal and economic factors. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay (i) the Delinquent Payments, (ii) interest on the Delinquent Payments in an amount equal to the legal rate of interest in Maryland or the rate prescribed under Section 6621 of the Internal Revenue Code of 1954, whichever is greater, (iii) the liquidated damages provided for in this Section 4.5, and (iv) all necessary expenses of collection incurred by the Trustees, including, but not limited to, reasonable attorney's fees, court costs and court stenographer's fees.

    **Section 4.6**   **Production of Records.**    Each Employer shall promptly furnish to the Trustees, on demand, the names of his or her or its Employees, their Social Security numbers, the hours worked by each Employee and such other information as the Trustees may reasonably require in connection with the administration of the Trust Fund and for no other purpose. The

Trustees may, by their respective representatives, examine the pertinent employment and payroll records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust Fund and of the contracts or policies of insurance. The Union shall, upon the request of the Trustees, promptly furnish information in respect to an Employee's employment status.

Section 4.7    **Non-Payment.**    Non-payment, by any Employer, of any contribution or other monies owed to the Fund shall not relieve any other Employer from his or her or its obligation to make required payments to the Trust Fund.

Section 4.8    **Audit of Reports on Contributions.**    To facilitate the Trustees' determination of the accuracy of all reports and contributions made by Employers, the Trustees are authorized to conduct audits from time to time of the payroll books and records of each Employer. Such payroll audit shall be performed by auditors selected by the Trustees and not by any other Employer or Union. In the event that the payroll audit shows an underpayment, then the provisions of this Agreement regarding collection of conributions, as set forth in Section 4.5 herein, shall apply. The Trustees may, from time to time, adopt policies regarding such payroll audits, specifying their occasion, frequency and methods of being conducted, together with other rules relating thereto.

Section 4.9    **Collection of Certain Audit Costs.**    The Employer shall be required to pay for the cost of an audit in any situation where:

(a)    the Fund's auditors conclude that an additional amount is due that exceeds fifteen percent (15%) of the Employer's total average monthly contribution amount. The average monthly contribution amount shall be based on an average of the Employer's monthly contributions for the 12 month period prior to the audit; or

17

(b)     the Employer, in the Trustees' judgment, has failed to provide in a timely manner and in a form useful to the auditors pertinent information requested by the Fund's auditors; or

(c)     the Employer, in the Trustees' judgment, has been otherwise uncooperative with the Fund's auditors in conducting the audit.

In addition, in any case where the Funds' auditors must travel outside the Baltimore area in order to conduct an audit, the Employer shall be required to pay for the cost of reasonable travel expense incurred in conducting the audit.  In all cases, the Statement of Certified Public Accountant making the audit as to time expended and/or expenses incurred shall be binding on the Employer.

## ARTICLE V

## <u>POWERS AND DUTIES OF TRUSTEES</u>

**Section 5.1     Conduct of Trust Business.**  The Trustees shall have general supervision of the operation of this Trust Fund and shall conduct the business and activities of the Trust Fund in accordance with this Trust Agreement and applicable law.  The Trustees shall hold, manage and protect the Trust Fund and collect the income therefrom and contributions thereto.  The Trustees may, in the course of conducting the business of the Trust, execute all instruments in the name of the Truck Drivers and Helpers Local 355 Retirement Pension Fund, which instruments shall be signed by at least one Employer and one Union Trustee; provided, however, anyone Trustee may execute legal documents to commence and process lawsuits to enforce trust collections on behalf of the Trustees.

**Section 5.2     Use of Fund.**  The Trustees shall have the power and authority to use and apply the Trust Fund for the following purposes:

(a)    To pay or provide for the payment of all reasonable and necessary expenses: (i) of collecting the Employer and Participant Contributions and payments and other monies and property to which they may be entitled, and (ii) of administering the affairs of this Trust, including the employment of such legal, expert and clerical assistance, the purchase or lease of such premises, materials, supplies and equipment and the performance of such other acts, as the Trustees, in their sole discretion, find necessary or appropriate in the performance of their duties;

(b)    To provide pension and related benefits to eligible Participants and Beneficiaries in accordance with the Plan.

(c)    To establish and accumulate such reserve or reserves as the Trustees, in their sole discretion, deem necessary and desirable for the proper execution of the Trust herein created;

(d)    To pay all other proper and necessary expenses incurred by any Trustee not specified above, including the cost of defense in litigation arising out of the Trusteeship of this Trust Fund, to the extent permitted by law;

(e)    The Trustees by unanimous vote may provide for a plan of payment of authorized benefits out of the Trust Fund itself, provided, however, that such payments can be legally made and that the same are in full compliance with all statutory and legal requirements;

(f)    To pay or provide for the payment of premiums on the contract or policies of insurance for ancillary benefits, which contracts or policies of insurance may be contracted for in the name of and issued to the Trustees, or to the Trust Fund, as they may determine.

19

**Section 5.3    Procurement of Insurance.** The Trustees are expressly authorized to negotiate for, obtain and maintain policies of insurance for the payment of ancillary benefits to eligible Participants and Beneficiaries, by an insurance company or companies licensed to transact business in the State of Maryland of such benefits as now or hereafter may be authorized or permitted by law and as the Trustees may, from time to time, determine. Such policies of insurance shall be in such forms and in such amounts and may contain such provisions and be subject to such limitations and conditions as the Trustees, in their sole discretion, may from time to time, determine and shall cover such Participants and Beneficiaries as the Trustees, pursuant to the provisions hereof, shall from time to time, determine eligible for benefits as herein provided. The Trustees may exercise all rights and privileges granted to the policyholder by the provisions of each contract or policy of insurance and may agree with the insurance carrier to any alteration, modification or amendment of such contract or policy, and may take any action respecting each such contract or policy, and the insurance provided thereunder, which they, in their sole discretion, may deem necessary or advisable and such insurance carrier shall not be required to inquire into the authority of the Trustees with regard to any dealings in connection with such contract or policy. The Trustees are expressly authorized to establish and maintain a Plan or Plans to provide any and all of the pension benefits, including ancillary benefits, as the Trustees in their sole discretion may determine, directly out of the Trust Fund in accordance and upon compliance with Section 5.2(e) of this Article, in lieu of, or in combination with, coverage provided by an insurance carrier or carriers.

**Section 5.4    Investments.**

(a)    The Trustees shall have the power and authority, in their sole discretion, to invest and reinvest such funds as are not necessary for current expenditures or for liquid reserves, as they may, from time to time, determine, if such investments are legal

20

investments under applicable State and Federal law relating to the investment of

Employee Pension Trust Funds, not limited, however, by any limitation restricting

investments in common stocks to a percentage of the Fund or to a percentage of the total

market value of the Fund. The Trustees may sell, exchange or otherwise dispose of such

investments at any time and, from time to time, as provided in Section 5.9(f). The

Trustees shall also have power and authority (in addition to, and not in limitation of,

common law and statutory authority) to invest in any stocks, bonds or other property, real

or personal, including improved or unimproved real estate and equity interests in real

estate, where such an investment appears to the Trustees, in their discretion and

consistent with their fiduciary obligations to be in the best interest of the Trust Fund and

its Participants and Beneficiaries, judged by then prevailing business conditions and

standards. The Trustees shall have the authority, in respect to any stocks, bonds or other

property, real or personal, held by them as Trustees, to exercise all such rights, powers

and privileges as might be lawfully exercised by any person owning similar stocks, bonds

or other property in his own right.

(b)     Delegation and allocation of investment functions:

(i)     The Trustees are authorized, in their discretion, by resolution, to

allocate to a Finance Committee such duties and responsibilities to invest and

reinvest such Fund assets as they shall specify in such allocation in accordance

with Section 5.9(f).

(ii)     The Trustees shall have the power and authority to appoint one or

more investment managers (as defined in Section 3(38) of ERISA) who shall be

responsible for the management, acquisition, disposition, investing and

reinvesting of such of the assets of the Trust Fund as the Trustees shall specify.

21

Any such appointment may be terminated by the Trustees upon thirty days' written notice. The fees of such investment manager, and its expenses to the extent permitted by law, shall be paid out of the Trust Fund.

(iii)    In connection with any allocation or delegation of investment functions under paragraphs (i) and (ii) of this subsection (b), the Trustees shall, from time to time, adopt appropriate investment policies or guidelines.

**Section 5.5    Deposits and Disbursements.**    All Trust funds not invested shall be deposited by the Trustees in such depository or depositories as the Trustees shall from time to time select, and any such deposit or deposits, or disbursements therefrom, shall be made in the name of the Trust in the manner designated by the Trustees and upon the signature(s) of persons designated and authorized by the Trustees or by the Investment Manager appointed in accordance with Section 5.4(b)(ii) of this Article.

**Section 5.6    Allocation and Delegation of Fiduciary Responsibilities.**

The Trustees may, by resolution or by-law or by provisions of this Trust Agreement, allocate fiduciary duties to responsibilities and various administrative duties to committees or sub-committees of the Board of Trustees made up of an equal number of Employer and Union Trustees, duties and they may delegate such responsibilities and duties to other individuals as they may deem appropriate or necessary in their sole discretion and consistent with ERISA.

**Section 5.7    Third Party Administrator.**    The Trustees may employ or contract for the services of an individual, firm or corporation, to be known as the "Third Party Administrator," who shall, under the discretion of the Trustees, administer the office or offices of the Trust Fund and of the Trustees, coordinate and administer the accounting, bookkeeping and clerical services, provide for the coordination of actuarial services furnished by the consulting actuary, prepare (in cooperation where appropriate with the consulting actuary and independent

22

auditor) all reports and other documents to be prepared, filed or disseminated by or on behalf of the Trust in accordance with law, assist in the collection of contributions required to be paid to the Trust Fund by Employers and/or Participants and perform such other duties and furnish such other services as may be assigned, delegated or directed or as may be contracted by or on behalf of the Trustees. The Third Party Administrator shall be the custodian on behalf of the Trustees of all documents and other records of the Trustees and of the Trust Fund.

### Section 5.8    Trust Fund Rules and Regulations.

(a)    The Trustees are hereby empowered and authorized to adopt procedures and to promulgate any and all necessary rules and regulations which they deem necessary or desirable to facilitate the proper administration of the Trust Fund, provided the same are not inconsistent with the terms of this Trust Agreement. All procedures, rules and regulations adopted by action of the Trustees shall be binding upon all parties hereto, all parties dealing with the Trust Fund, including any Contributing Employer, and all persons claiming any benefits hereunder.

(b)    The Trustees shall adopt procedures, rules or regulations in respect to eligibility of Participants and Beneficiaries for the benefits herein provided, which by-laws, rules or regulations may, by the above-specified vote, be changed and modified from time to time in such manner and to such extent as the Trustees may deem expedient and necessary in the proper administration of the Trust Fund.

(c)    No by-law, rule, regulation, action or determination made or adopted by the Trustees, nor any decision or determination made by any impartial umpire appointed pursuant to Article III of this Agreement, shall in any manner conflict or be inconsistent with (i) any provision of the applicable current Collective Bargaining Agreement in

23

effect, or which may be made, between the Employer and the Union, (ii) this Trust

Agreement, or (iii) any applicable Federal, State or local law.

 **Section 5.9**  **Additional Authority.**  The Trustees are hereby empowered, in

addition to such other powers as are set forth herein or conferred by law:

  (a)  to enter into any and all contracts and agreements for carrying out the

terms of this Trust Agreement and for the administration of the Trust Fund, and to do all

acts as they, in their discretion, may deem necessary or advisable, and such contract and

agreements and acts shall be binding and conclusive on the parties hereto and on the

Participants involved;

  (b)  to keep property and securities registered in the names of the Trustees or

of the Fund or in the name of any other individual or entity duly designated by the

Trustees;

  (c)  to establish and accumulate as part of the Trust Fund such reasonable

reserve funds as the Trustees, in their sole discretion, deem necessary or desirable to

carry out the purposes of such Trust Fund;

  (d)  to pay out of the Trust Fund all real and personal property taxes, income

taxes, and other taxes of any and all kinds levied or assessed under existing or future laws

upon or in respect to the Trust Fund, or any money, property, or securities forming a part

thereof;

  (e)  to do all acts, whether or not expressly authorized herein, which the

Trustees may deem necessary or proper for the protection of the property held hereunder;

and

  (f)  to sell, exchange, lease, convey, mortgage or dispose of any property,

whether real or personal, at any time forming a part of the Trust Fund upon such terms as

they may deem proper and to execute and deliver any and all instruments of conveyance, lease, mortgage and transfer in connection therewith.

**Section 5.10    Bonds.**    The Trustees shall obtain from an authorized surety company such bonds as may be required by law, covering such persons and in such amounts (but not less than required by law) as the Trustees, in their discretion, may determine. The cost of premiums for such bonds shall be paid out of the Trust Fund.

**Section 5.11    Insurance.**    The Trustees may in their discretion, obtain and maintain policies of insurance, to the extent permitted by law, to insure themselves, the Trust Fund as such, as well as employees or agents of the Trustees and of the Trust Fund, while engaged in business and related activities for and on behalf of the Trust Fund (i) with respect to liability to others as a result of acts, errors or omissions of such Trustee or Trustees, employees or agents, respectively, provided such insurance policy shall provide recourse by the insurer against Trustees as may be required by law, and (ii) with respect to injuries received or property damage suffered by them. The cost of the premiums for such policies of insurance shall be paid out of the Trust Fund.

**Section 5.12    Information to Participants and Beneficiaries.**    The Trustees shall provide Participants and Beneficiaries such information as may be required by law.

**Section 5.13    Accountants and Actuaries.**    The Trustees shall engage one or more independent qualified public accountants and may engage one or more enrolled actuaries to perform all services as may be required by applicable law and such other services as the Trustees may deem necessary.

**Section 5.14    Compensation of Trustees.**    A Trustee may be compensated for his services as such in amounts established by the Trustees, consistent with the requirements of ERISA. Trustees shall also be entitled to reimbursement for the reasonable and necessary

expenses properly and actually incurred in the performance of their duties with the Trust Fund, including, but not limited to, attendance at meetings and other functions of the Board of Trustees or its committees or while on business of the Board of Trustees and, if authorized by the Trustees, attendance at institutes, seminars, conferences or workshops for or on behalf of the Trust Fund.

Section 5.15   Reports.      All reports required by law to be signed by one or more Trustees shall be signed by all of the Trustees, provided that all of the Trustees may appoint in writing or by resolution adopted and spread on the minutes, one or more of their members to sign such report on behalf of the Trustees.

Section 5.16   Records of Trustee Transactions.   The Trustees shall keep true and accurate books of account and a record of all of their transactions and meetings (including actions taken at such meetings and by informal action of the Trustees), which records and books shall be audited at least annually by a certified public accountant.  Upon request, a copy of each audit report shall be furnished to each Employer and the Union and shall be available for inspection by interested persons at the principal office of the Trustees and the respective offices of the Employer Trustees and the Union.

Section 5.17   Construction and Determination by Trustees.    Subject to the stated purposes of the Fund and the provisions of this Agreement, the Trustees shall have full and exclusive authority to determine all questions of coverage and eligibility, methods of providing or arranging for benefits and all other related matters.  They shall have full power to construe the provisions of this Agreement, the terms used herein, and the Plan, by-laws and regulations issued thereunder.  Any such determination and any such construction adopted by the Trustees in good faith shall be binding upon all of the parties hereto and the Participants and Beneficiaries hereof. No matter respecting the foregoing or any difference arising thereunder or any matter involved in

or arising under this Trust Agreement shall be subject to the grievance or arbitration procedure established in any Collective Bargaining Agreement between an Employer and the Union, provided however, that this clause shall not affect the rights and liabilities of any of the parties under any of the Collective Bargaining Agreements or other written agreements requiring contributions to the Trust Fund.

**Section 5.18    Liability.**    The Trustees, to the extent permitted by applicable law, shall incur no liability in acting upon any instrument, application, notice, request, signed letter, telegram or other paper or document believed by them to be genuine and to contain a true statement of facts and to be signed by the proper person.

**Section 5.19    Reliance on Written Instruments.**    Any Trustee, to the extent permitted by applicable law, may rely upon any instrument in writing purporting to have been signed by a majority of the Trustees as conclusive evidence of the fact that a majority of the Trustees have taken the action stated to have been taken in such instrument.

**Section 5.20    Reliance by Others.**    No party dealing with the Trustees shall be obligated (a) to see to the application to the stated Trust purposes, of any funds or property of the Trust Fund, or (b) to see that the terms of this Trust Agreement have been complied with, or (c) to inquire into the necessity or expediency of any act of the Trustees.  Every instrument executed by the Trustees shall be conclusive evidence in favor of every person relying thereon (a) that at the time of the execution of said instrument, the Trust was in full force and effect, (b) that the instrument was executed in accordance with the terms and conditions of this Trust Agreement, and (c) that the  Trustees were duly authorized and empowered to execute the instrument.

**Section 5.21    Multiple Benefit Schedules.**    The Trustees shall be authorized to accept contributions at more than one rate and they shall provide different schedules of benefits

appropriate for each such rate of contribution.  However, it is the intention of the parties hereto that contributing Employers hereto shall, to the extent feasible, negotiate identical contribution rates.  Further, the Trustees shall be authorized to establish more than one schedule of benefits for the same contribution rate.  The Trustees, further, shall accept contributions at the rates negotiated by the Union with any Employer and the Employees represented by the Union shall be provided with a schedule of benefits which the Board of Trustees, in its discretion, shall consider appropriate for the rate of contribution so negotiated and paid into the Fund on their behalf.  Moreover, the Trustees shall hereby have the sole and exclusive authority to determine the amount of premiums and/or contributions to be paid to the Fund by Participants and Beneficiaries to maintain eligibility for benefits under the Fund.

ARTICLE VI

CONTROVERSIES AND DISPUTES

**Section 6.1    Reliance on Records.**        In any controversy, claim, demand, suit at law or other proceeding between any Participant, Beneficiary or any other person and the Trustees, the Trustees shall be entitled to rely upon any facts appearing in the  records of the Trustees, any instruments on file with the Trustees, with the Union or with the Employers, any facts certified to the Trustees by the Union or the Employers, any facts which are of public record and any other evidence pertinent to the issue involved.

**Section 6.2    Submission to Trustees.**      All questions or controversies, of whatsoever character, arising in any manner or between any parties or persons in connection with the Trust Fund or the operation thereof, whether as to any claim for any benefits preferred by any Participant, Beneficiary or any other person, or whether as to the construction of the language or meaning of the Plan, by-laws, rules and regulations adopted by the Trustees or this instrument, or as to any writing, decision, instrument or accounts in connection with the

28

operation of the Trust Fund or, in the case of questions related to claims for benefits, or otherwise, shall be submitted to the Trustees, and the decision of the Trustees shall be binding upon all persons dealing with the Trust Fund or claiming benefits thereunder.

**Section 6.3    Settling Disputes.**    The Trustees may, in their sole discretion, compromise or settle any claim or controversy on such terms and conditions as the Trustees may deem advisable, and any majority decision made by the Trustees in compromise or settlement of a claim or controversy, or any compromise or settlement agreement entered into by the Trustees, shall be conclusive and binding on all parties interested in this Trust.

## ARTICLE VII

## BENEFICIAL RIGHTS

**Section 7.1    No Rights, Title or Interest of Employers and Union.**    No Employer, or Union, or Employees, or Participants and their Beneficiaries shall have any right, title or interest in or to the Trust Fund or any part thereof.

**Section 7.2    Limitations Upon Beneficial Rights of Employees.**    No Employee, Participant or any Beneficiary of a Participant shall have any right, title or interest in or to the Trust Fund or any part thereof, provided, however, that any Participant who shall be covered by an insurance plan, or his Beneficiaries under such plan, shall be entitled to the benefits in the forms and amounts and subject to the terms and conditions of such insurance plan and of this Trust; provided, further, however, that the benefits shall be free from the interference and control of any creditor, and no benefits shall be subject to any assignment or other anticipation, nor subject to seizure or sale under any legal, equitable or any other process, and in the event that any claim or benefit shall, because of any debt incurred by or resulting from any other claim or liability against any Participant or Beneficiary, by reason of any sale, assignment, transfer, encumbrance, anticipation or other disposition made or attempted by said Participant or

29

Beneficiary, or by reason of any seizure or sale or attempted sale under any legal, equitable or other process, or in any suit or proceeding, become payable, or be liable to become payable, to any person other than the Participant or Beneficiary for whom the same is intended, as provided herein, pursuant hereto, the Trustees shall have power, to withhold payment of such benefit to such Participant or Beneficiary until such assignment, transfer, encumbrance, anticipation or other disposition, writ, or legal process is cancelled or withdrawn in such manner as shall be satisfactory to the Trustees.  Until so cancelled or withdrawn, the Trustees shall have the right to use and apply the benefits, as the Trustees may deem best, directly for the support and maintenance of such Participant or Beneficiary.  Notwithstanding any provisions contained in this Section to the contrary, any Participant or Beneficiary may assign benefits to any person or entity authorized to render services to the Participant or Beneficiary.

The Trustees shall have the power establish a constructive trust or an equitable lien as to any benefits paid from the Trust Fund to any Participant or Beneficiary to which the Participant or Beneficiary is not entitled under the terms of the Plan.

**Section 7.3** **Optional Benefits Prohibited.**  Employees and/or Participants shall <u>not</u> have the right, privilege or option to receive instead of the benefits provided hereunder, any of the following:

(a)    any part of the contributions payable by the Employers under this Trust Agreement;

(b)    a cash consideration either upon termination of the plan of benefits provided hereunder or upon such Employee's or Participant's withdrawal from coverage under this Fund, either voluntarily or through severance of employment with any particular Employer; or

30

(c)      the cash surrender value of any policy of insurance in lieu of the benefits

provided in said policy.

## ARTICLE VIII

## TERMINATION OF TRUST

**Section 8.1      Conditions of Termination.** This Trust Agreement shall cease and

terminate upon the happening of anyone or more of the following events:

(a)      In the event that the Trust Fund shall, in the opinion of the Trustees, be

inadequate to carry out the intent and purpose of this Trust Agreement, or be inadequate

to meet the payments due or to become due under this Trust Agreement and under the

Plan to Participants and Beneficiaries already drawing benefits;

(b)      In the event there are no individuals living who can qualify as Participants

hereunder;

(c)      In the event of termination by action of the Union and the Employers;

(d)      In the event of termination as may be otherwise provided by law.

**Section 8.2      Procedures in the Event of Termination.**   In the event of termination,

the Trustees shall:

(a)      make provision out of the Trust Fund for the payment of expenses

incurred up to the date of termination of the Trust and the expenses incidental to such

termination;

(b)      arrange for a final audit and report of their transactions and accounts, for

the purpose of termination of their Trusteeship;

(c)      apply the Trust Fund to pay any and all obligations of the Trust and

distribute and apply any remaining surplus in such manner as will, in their opinion, best

effectuate the purposes of the Trust and the requirements of law; and

31

(d)     give any notice and prepare and file any reports which may be required by law.

<strong>ARTICLE IX</strong>

<strong><u>MISCELLANEOUS</u></strong>

**Section 9.1     <u>Law Applicable</u>.**     This Trust is created and accepted in the State of Maryland and all questions pertaining to the validity or construction of this Trust Agreement and of the acts and transactions of the parties hereto shall be determined in accordance with the laws of the State of Maryland, except as to matters governed by Federal Law.

**Section 9.2     <u>Savings Clause</u>.**     Should any provision of this Agreement and Declaration of Trust be held to be unlawful, or unlawful as to any person or instance, such fact shall not adversely affect the other provisions herein contained or the application of said provisions to any other person or instance, unless such illegality shall make impossible the functioning of this Fund.

**Section 9.3     <u>Reciprocity Agreements</u>.**     The Trustees may, in their sole discretion, enter into such reciprocity agreement or agreements with other welfare funds as they determine to be in the best interests of the Trust Fund, provided that any such reciprocity agreement or agreements shall not be inconsistent with the terms of this Trust Agreement or the Collective Bargaining Agreements under which this Trust Agreement is maintained.

**Section 9.4     <u>Merger</u>.**     The Trustees shall have the power to merge with any other fund established for similar purposes as this Trust Fund under terms and conditions mutually agreeable to the respective Boards of Trustees.

**Section 9.5     <u>No Refund of Contributions</u>.**     In no event shall any Employer, directly or indirectly, receive any refund on contributions made by them to the Trust (except in case of a mistake, to the extent permitted by law) nor shall an Employer directly or indirectly

32

participate in the disposition of the Trust Fund or receive any benefits from the Trust Fund.

Upon payment of contributions to the Trustees, all responsibilities of the Employer for such

contribution shall cease, and the Employer shall have no responsibilities for the acts of the

Trustees, nor shall an Employer be obliged to see to the application of any funds or property of

the Trust or to see that the terms of the Trust have been complied with.

**Section 9.6** **Non-Reversion.**    All Employer Payments made to the Trust Fund

be Employers shall represent irrevocable contributions to the Trust Fund, and no part of the

corpus or income of the Trust Fund shall ever revert to any Employer or be used for or

diverted to any purpose other then for the exclusive benefits of the Employees or their benefi-

ciaries prior to satisfaction of all liabilities with respect to the Trust Plan and Trust.  Nothing

herein shall be deemed to preclude an Employer Payment made under mistake of fact from

being returned to an Employer in accordance with applicable provisions of ERISA.

**Section 9.7** **Judicial Settlements.**    The Trustees shall be entitled, at any time, to

have a judicial settlement of their accounts and to seek judicial protection by any action or

proceeding they determine necessary and, further, to obtain a judicial determination or

declaratory judgment as to any question of construction of this Trust Agreement or for

instructions as to any action thereunder and, further, as to any question relating to the discharge

of their duties and obligations under, or in connection with the administration of, this Trust and

as to the distribution of assets belonging to the Trust.  Any such determination, decision or

judgment shall be binding upon all parties to, or claiming under, this Trust Agreement.

**Section 9.8** **Withholding Payment.**    In the event any question or dispute shall

arise as to the proper person or persons to whom any payments shall be made hereunder, the

Trustees may withhold such payment until there shall have been made an adjudication of such

question or dispute which, in the Trustees' sole judgment is satisfactory to them, or until the

Trustees shall have been fully protected against loss by means of such indemnification agreement or bond as they, in their sole judgment, determine to be adequate.

Section 9.9    **Gender.**    Whenever any words are used in this Trust Agreement in the masculine gender, they shall also be construed to include the feminine or neuter gender in all situations where they would so apply; and whenever any words are used in the singular, they shall also be construed to include the plural in all situations where they would so apply; and whenever any words are used in the plural, they shall also be construed to include the singular.

Section 9.10    **Amendment of Trust Agreement.**    The provisions of this Trust Agreement may be amended at any time by an instrument in writing executed by the Trustees, provided that no amendment shall divert or provide for the use of the Trust Fund then in the hands of the Trustees from the purposes of this Trust Fund.  It is further provided that no amendment shall:

(a)    provide for the use or application of the Trust Fund for any purpose other than those set forth in Sections 2.1 and 5.2 hereof;

(b)    permit the return to, or payment of the Trust Fund, or any part thereof, to any Employer, except a contribution or other payment made by mistake to the extent permitted by law; or

(c)    so amend this Trust Agreement that there shall not be an equal number of Employer Trustees and of Union Trustees to administer the Trust Fund.

Section 9.11    **Article and Section Titles.**    The Article and Section titles are included solely for convenience and shall, in no event, be construed to affect or modify any part of the provisions of this Trust Agreement or be construed as part thereof.

Section 9.12    **Conflict of Interest and Fraud Policy.**    The Third Party Administrator, its employees, and all entities who perform services on behalf of the Fund, will

34

comply with the Conflict of Interest and Fraud Policy (attached hereto as Appendix 1), which incorporated into and made a part of this Trust Agreement by reference thereto.

IN WITNESS WHEREOF, the undersigned Trustees in office under the foregoing Agreement and Declaration of Trust have hereunto set their hands and seals as of the day and year first above written and by so doing bind themselves, jointly and severally, faithfully to observe all of the provisions of the foregoing Agreement and Declaration of Trust and to accept the Trust therein created and to continue to serve as Trustees.

EMPLOYER TRUSTEES:                    UNION TRUSTEES:

_____               _____

_____               _____

35