IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| TRIBUNE COMPANY, *et al.*, | : | Case No. 08-13141 (KJC) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | **Related to Docket No. 13545** |

**REPLY IN SUPPORT OF LOS ANGELES COUNTY TREASURER AND
TAX COLLECTOR'S MOTION FOR RELIEF FROM THE PERMANENT
INJUNCTION OF DEBTORS' PLAN OF REORGANIZATION**

The Los Angeles County Treasurer and Tax Collector ("County"), by and through its undersigned counsel, hereby submits its reply in support of the County's *Motion for Relief from the Permanent Injunction of the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo Gordan & Co., L.P. and JPMorgan Chase Bank, N.A., as Amended June 18, 2012* [Docket No. 13545] ("Motion"), and respectfully states as follows:

### Background

1.      The County incorporates the background section of its Motion as if fully set forth herein. It appears that the parties dispute the timing, payment and due dates of the taxes at issue. In the Debtors' "Relevant Background" section of its Objection, the Debtors state that the County's "[M]otion is simply incorrect and misleading." The County strongly disputes this assertion and believes that the tax years and due dates set forth in its Motion, the Declaration of Bonita Sandoz and the Exhibit A attached to Ms. Sandoz's Declaration are true and accurate. A revised statement of the tax years and amounts due is attached hereto as Exhibit 1. The revised statement updates the interest calculation on the unpaid taxes.

## Argument

2. The Debtors make three primary arguments in their objection. First, the Debtors argue that the County does not have an allowed secured claim as the County failed to file a proof of claim. The County admits that it did not file a proof of claim, however, the County does have a valid lien on the Debtors' property for the unpaid secured property taxes owed by the Debtors to the County. Second, the Debtors argue that the County is imposing impermissible penalties on the Debtors for the unpaid secured property taxes. In actuality, the County is assessing interest at the rate prescribed by the California Revenue and Taxation Code and Bankruptcy Code sections 506 and 511. Finally, the Debtors argue that the County has not demonstrated "cause" to permit relief from the Discharge Injunction. The County asserts that it has a valid lien against the Debtors' property and "cause" therefore exists to allow the County to exercise all of its non-bankruptcy rights arising out of its unpaid secured property tax claim and lien on the Debtors' property.

### A. The County has a Secured *Ad Valorem* Tax Claim and Lien on the Debtors' Property

3. First, the Debtors argue that the County did not file a proof of claim and are therefore barred from any recovery or maintaining its lien. This argument is inapplicable to secured tax claims such as the County's. As stated in the Motion and the Sandoz Declaration, the Debtors owe the County for secured *ad valorem* taxes that relate to thirteen (13) real estate parcels located in Los Angeles County, California for the fiscal periods of July 1, 2007 to June 30, 2008 and July 1, 2008 to June 30, 2009 ("Secured Real Property Tax Claims").[1] The lien

---

[1] The Debtors purported to pay the principal tax amounts of the Secured Real Property Tax Claims in December 2008, however the Debtors' check was returned for insufficient funds and another check was issued to the County in February 2009 for the payment of the principal tax obligations of the Secured Real Property Tax Claims. The Debtors owed but refused to pay the interest and penalties assessed by the County for the late payment of the principal of the secured real property taxes. Pursuant to the County's policy and the California Revenue and

dates related to the Secured Real Property Tax Claims were January 1, 2007 and January 1, 2008 respectively. *See* Cal Rev. & Tax. Code § 2187 ("[e]very tax, penalty, or interest, including redemption penalty or interest on real property is a lien against the property assessed.").

4. The County does not dispute that it did not file a proof of claim for the Secured Real Property Tax Claims. However, the Secured Real Property Tax Claims are secured claims and there is no requirement that a secured creditor file a proof of claim. *See In re Reef Petroleum Corp.*, 92 B.R. 741 (Bankr. W.D. Mich. 1988) (citing *In re Hall,* 51 B.R. 326, 329–30, n. 5 (Bankr. D. Utah 1985)("As a general rule, creditors must file a claim in order to participate in a distribution. One well-established exception to this rule is that secured creditors are entitled to recover on their security even if they did not file a proof of claim.")); *In re King,* 165 B.R. 296, 298–99 (Bankr.M.D.Fla.1994) ("If a secured creditor does not file a proof of claim, it may look to its lien for satisfaction of the debt because the failure to file does not affect the validity of a perfected lien.").

5. Even though the County did not file a proof of claim, its lien survives and passes through the bankruptcy. *See Dewsnup v. Timm,* 502 U.S. 410, 418, 112 S.Ct . 773, 116 L.Ed.2d 903 (1992) ("Unless avoided by the Court, a creditor's lien will pass through bankruptcy unaffected."); *In re Hamlet*, 322 F.3d 342, 350 (4th Cir. 2003) (quoting *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) ("liens pass through bankruptcy unaffected"); *In re MacKenzie*, 314 B.R. 277 (Bankr. D.N.H. 2004); *In re Strategic Labor, Inc.*, 467 B.R. 11 (Bankr.D.Mass. 2012). The failure to file a claim does not extinguish a valid lien. *Shelton v. Citi Mortage, Inc. (In re Shelton)*, 477 B.R. 749, 751 (8th Cir. BAP 2012) ("[t]he failure to file a timely claim, like the failure to file a claim at all, does not

---

Taxation Code, the County applied the payment received from the Debtors first to penalties and interest and then to principal. Since the County applied the payment received from the Debtors to penalties and interest and then to principal, there remained unpaid principal of the Secured Real Property Tax Claims.

constitute sufficient grounds for extinguishing a perfectly valid lien."). The *Shelton* court supported this finding by looking to the legislative history of 11 U.S.C. § 502(b)(9):

> Finally, our conclusion is bolstered by 11 U.S.C. § 502(b)(9) and the context in which it was enacted. That section provides that a late-filed claim may be disallowed, but it says nothing about the effect of disallowance on the underlying lien. Section 502(b)(9) was added to the Bankruptcy Code as part of the Bankruptcy Reform Act of 1994, Public Law 103-394, for the specific purpose of overruling *In re Hausladen*, 146 B.R. 557 (Bankr. D. Minn. 1992), which had held that untimeliness was not a basis for disallowing a claim. Nothing in the text of the amendment or its legislative history suggests that it was intended to overturn the longstanding principle that a lien passes through bankruptcy unaffected unless avoided on its merits.

*Shelton*, 477 B.R. at 752.

6. In addition, even though the County did not object to the *Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo Gordan & Co., L.P. and JPMorgan Chase Bank, N.A., as Amended June 18, 2012* ("Plan") this still does not extinguish the County's lien. *See Reef Petroleum*, 92 B.R. at 749 (township's failure to object to order confirming debtor's Chapter 11 plan and to sale of personal property subject to tax lien did not affect the validity of lien); *see also Work v. County of Douglas (In re Work)*, 58 B.R. 868 (Bankr. D.Or. 1986) (Chapter 13 case where the court held that the fact that the plan failed to provide for payment of the tax lien was not binding on the county, even though no proof of claim was filed by the county, and the plan was confirmed). The *Work* court further stated:

> It has long been held that secured creditors with valid pre-petition liens on the debtor's property may ignore the bankruptcy proceedings and look to the lien for satisfaction of the debt. *Long v. Bullard*, 117 U.S. 617, 620–21, 6 S.Ct. 917, 918, 29 L.Ed. 1004 (1886); *Dizard & Getty v. Wiley*, 324 F.2d 77, 80 (9th Cir.1963). This judicial rule was codified in the form of § 506(d) of the

4

Bankruptcy Code. *Matter of Tarnow,* 749 F.2d 464, 466 (7th Cir.1984).

*Id.* The County maintains a valid lien on the Debtors' property pursuant to the California Revenue and Taxation Code and the failure to file a proof of claim does not extinguish the County's valid lien. The lien survives and passes through the bankruptcy case and the County may look to the lien for satisfaction of its Secured Real Property Tax Claims.

**B. The County Is Entitled to Pre-Petition and Post-Petition Interest and Penalties**

7. Second, the Debtors argue that the County cannot collect post-petition interest and penalties. This is not correct. The County's claims are secured *ad valorem* real property tax claims and are entitled to senior priority over all other secured claims. *See* Cal Rev. & Tax. Code § 2192.1. Property taxes are usually only a fraction of the value of the property, so the Secured Real Property Tax Claims are entitled to interest pursuant to 11 U.S.C. § 506(b), which becomes part of the allowed secured claim to be paid pursuant to the Plan. *See Rake v. Wade,* (1993) 508 U.S. 464, 471, 124 L.Ed.2d 424, 113 S.Ct. 2187.

8. The Debtors' citations to cases stating that the Debtors are not liable for interest and penalties are inapplicable as those cases discuss tax claims that were <u>unsecured-priority</u> claims. However, the County's claims are <u>secured</u> claims and are therefore entitled to pre-petition and post-petition interest. 11 U.S.C. § 506(b).

9. The Debtors further argue that the County is not entitled to a penalty on the Secured Real Property Tax Claims. However, in a bankruptcy proceeding, California Revenue and Taxation Code section 4103(b) characterizes redemption penalties as the "assessment of interest." The Bankruptcy Court for the Eastern District of California held that pursuant to California Revenue and Taxation Code section 4103(b), the debtor was required to pay the

particular County's Treasurer and Tax Collector's claim in full at a rate of 18% per annum. *In re Fowler*, 2012 WL 8255545, *10 (Bankr. E.D. Cal. 2012). The *Fowler* court found that the California legislature's use of the words "redemption penalty or interest" in section 2187 was "evidence of the legislature's intent and belief that the redemption penalties be and are effectively an interest rate." *Id.* at *8; *see also In re Cone Constructors, Inc.*, 304 B.R. 513, 518 (Bankr. M.D. Fla. 2005)(finding that the tax collector was entitled to 18% interest on secured tax claims because that rate "is not wholly disproportionate or excessive in relation to market risks and conditions" and that there is no evidence "to indicate that the provisions were intended to penalize delinquent taxpayers, rather than compensate the taxing authority for delayed payment on the taxes."); *Town of Monroe v. 837 Main Street Corp.*, 45 Conn. Supp. 283, 292 (Conn. Super. Ct. 1997)(determining that the 18% interest rate was "compensatory, and not punitive in nature" and was imposed "primarily to ensure that municipalities receive fair compensation for delayed payment of taxes in light of fluctuating market rates, inflation, and collection costs.").

10. Interest is permitted to be recovered by oversecured creditors pursuant to 11 U.S.C. § 506(b). Assuming arguendo that certain of the County's charges are deemed penalties, 11 U.S.C. § 506(b) allows for "interest on such claim, ***and*** any reasonable fees, costs or charges provided under the agreement or State statute under which such claim arose". 11 U.S.C. § 506(b) (emphasis added). The County is therefore entitled to pre-petition and post-petition interest and penalties pursuant to the California Revenue and Taxation Code and sections 506(b) and 511 of the Bankruptcy Code.

C. **Cause Exists to Grant the County Relief from the Discharge Injunction**

11. Finally, the Debtors argue that the County has not established cause for relief from the Discharge Injunction. The Debtors state that because the County did not file a proof of

claim it does not have a valid lien (which is not correct) and therefore the County cannot establish the requisite "cause" for relief from the Discharge Injunction. The County does not dispute that it did not file a proof of claim, however, the County does have a valid lien that survived the bankruptcy case and "cause" therefore exists to allow the County to exercise any and all of its non-bankruptcy rights arising under and related to the Secured Real Property Tax Claims and the state law protections afforded to the County to protect its lien and recover for the past due taxes owed by the Debtors. Continued delay in the payment and/or satisfaction of the Secured Real Property Tax Claims is both unnecessary and prejudicial to the County and its residents.

## Conclusion

12. Based upon the foregoing, the County respectfully requests that the Court enter an Order modifying the injunction established by the Plan in order for the County to exercise any and all of its non-bankruptcy rights arising under and related to the Secured Real Property Tax Claims, including, but not limited to, proceeding to a tax sale of the properties and granting such other and further relief as is just and proper.

Dated: July 25, 2013                    COOLEY MANION JONES LLP

*/s/ Marc J. Phillips*
Marc J. Phillips (No. 4445)
1105 North Market Street, Suite 200
Wilmington, Delaware 19801
Telephone: (302) 657-2100
Facsimile: (302) 657-2104
Email: mphillips@cmjlaw.com

-and-

Barry S. Glaser
STECKBAUER WEINHART, LLP
333 S. Hope Street, 36th Floor
Los Angeles, CA 90071
Telephone: (213) 229-2868
Facsimile: (213) 229-2870
Email: bglaser@swesq.com

*Attorneys for Los Angeles County Treasurer and Tax Collector*

#1045615v1