## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |
| | **Hearing Date: October 8, 2013 at 10:00 a.m. ET**<br>**Response Deadline: October 1, 2013 at 4:00 p.m. ET** |

## REORGANIZED DEBTORS' SEVENTIETH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTIONS 502(b) AND 558 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003 AND 3007, AND LOCAL RULE 3007-1

## ("NO LIABILITY CLAIMS")

> **Claimants receiving this Objection should locate their name(s) and claim number(s) on Schedule 1 attached hereto to learn which of the lettered exhibits, Exhibit A or Exhibit B, contains the grounds for the objection pertaining to their claim(s) and the relief being sought by the Reorganized Debtors.**

> **The relief sought herein is without prejudice to the Reorganized Debtors' rights to pursue further substantive or non-substantive objections to the claims listed on Exhibit A or Exhibit B to this Objection.**

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

The reorganized debtors in the above-captioned chapter 11 cases (collectively, the "Reorganized Debtors"), by and through their undersigned counsel, hereby file this seventieth omnibus objection (the "Objection"), which Objection covers each of the four (4) claims set forth on Exhibit A and Exhibit B attached hereto and to the proposed form of order submitted herewith (collectively, the "Disputed Claims"), pursuant to sections 502(b) and 558 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").  By this Objection, the Reorganized Debtors request the entry of an order disallowing and expunging each of the Disputed Claims.  In support of the Objection, the Reorganized Debtors respectfully state as follows:

## STATUS OF THE CASE

1.      On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its affiliates (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.      The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) (Docket No. 43, 2333).

3.      On July 23, 2012, the Court entered the Order Confirming Fourth Amended Joint Plan of Reorganization (the "Plan") for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital

Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (Docket No. 12074).[2]

4.      The Effective Date of the Plan occurred on December 31, 2012.[3]

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1.

## FACTUAL BACKGROUND TO THE DEBTORS' CLAIMS PROCESS

6.      On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs (Docket Nos. 567-789), which were subsequently amended on April 13, 2009 (Docket Nos. 894-957), June 12, 2009 (Docket Nos. 1343-1453), March 2, 2010 (Docket Nos. 3548-3599), May 13, 2010 (Docket No. 4388), and January 28, 2011 (Docket Nos. 7661-7671) (collectively, the "Schedules").

7.      On March 25, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

[3] The Plan provides that one or more Debtors may undertake Restructuring Transactions on, prior to, or after the Effective Date, which may include, without limitation, mergers, consolidations, conversions, joint ventures, restructurings, recapitalizations, dispositions, liquidations or dissolutions.  (See Plan § 5.2, Ex. 5.2, and Docket No. 12732.)  Certain of the Debtors have undertaken Restructuring Transactions, pursuant to which they have been merged with and into direct or indirect wholly-owned subsidiaries of Tribune Company.  A notice with information respecting each Debtor's anticipated post-emergence entity following the consummation of the Restructuring Transactions was filed with the Bankruptcy Court on November 16, 2012.  (See Docket No. 12732.)

8.     Written notice of the Bar Date was mailed to, among others, all known creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order.  In addition to mailing such actual notice, the Debtors also published notice of the Bar Date in the National Editions of the Wall Street Journal and the New York Times and in the Chicago Tribune and Los Angeles Times on May 12, 2009.

9.     To date, approximately 7,165 Proofs of Claim have been filed in these chapter 11 cases.  The Proofs of Claim are recorded on the official claims register (the "Claims Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors and the Reorganized Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

## RELIEF REQUESTED

10.    By this Objection, the Reorganized Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1, granting the following relief with respect to the Disputed Claims:

a) disallowing and expunging in their entirety each of the three (3) Disputed Claims identified on Exhibit A (the "No Liability Litigation Claims") on the basis that such claims fail to allege facts sufficient to support the liability of any of the Reorganized Debtors arising from the underlying allegations of discrimination and retaliation, as set forth on Exhibit A for each respective claim and in ¶¶ 14-20 of this Objection;

b) disallowing and expunging in its entirety the one (1) Disputed Claim identified on Exhibit B (the "No Liability Released Claim") on the basis that such claim was released pursuant to a written agreement between the claimant and Tribune after such claimant's proof of claim was filed or, alternatively, that such claim was untimely filed, as set forth on Exhibit B for such claim and in ¶¶ 21-23 of this Objection; and

c) authorizing the Claims Agent to modify each of the Disputed Claims on the Claims Register in accordance with the proposed Order.

11.    This Objection complies with Local Rule 3007-1 in all respects.

## BASIS FOR OBJECTION

12.    This Objection is based on section 502(b)(1) of the Bankruptcy Code, which provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
>> (1)    such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1).  Section 502(b)(1) recognizes the settled principle that "[c]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code."  Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450-51 (2007) (citing Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20 (2000)).  A claim against the bankruptcy estate, therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be enforceable against the debtor outside of bankruptcy."  In re Combustion Eng'g, Inc., 391 F.3d 190, 245 (3d Cir. 2004).  In proceedings to determine whether a claim is enforceable against the estate, "[t]he estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses" pursuant to section 558 of the Bankruptcy Code.  See 11 U.S.C. § 558.

13.    "When a claim objection is filed in a bankruptcy case, the burden of proof as to the validity of the claim shifts between the parties."  In re Tribune Co., No. 08-13141, 2013 Bankr. LEXIS 1798, at *6-7 (Bankr. D. Del. May 2, 2013).  As to the initial burden, the Third Circuit has explained that

5

> the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is *"prima facie"* valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward.

In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992). If a claimant satisfies its initial burden, "[t]he burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim." Id. The burden of persuasion is always on the claimant. Id. at 174.

## A.    No Liability Litigation Claims

14.    In connection with their review of all Proofs of Claim filed to date against the Debtors' estates, the Reorganized Debtors have identified three (3) claims as No Liability Litigation Claims, each of which was filed on account of discrimination and retaliation charges filed against certain Debtors with the Equal Opportunity Commission (the "EEOC") and/or a state-level Fair Employment Practices Agency and is listed on Exhibit A hereto. The Reorganized Debtors object to each of the No Liability Litigation Claims on the grounds that the claimants asserting such claims have not alleged facts sufficient to support the claims.

### a.  Grogan Claims

15.    Mr. Grogan filed Claim No. 4852 (together with Claim No. 4851, the "Grogan Claims") against ValuMail, Inc.[4] ("ValuMail") in the "approximate" amount of $150,000 on account of a discrimination and retaliation charge that Mr. Grogan filed with the Connecticut Commission on Human Rights and Opportunities (the "CHRO") (CHRO No. 0810088) and the EEOC (Charge No. 16A-2007-01680). Mr. Grogan attached to his proof of claim a brief statement in which he acknowledged that the amount of his claim was unknown and

---

[4] On the Effective Date, ValuMail, Inc. merged with and into The Hartford Courant Company, LLC, a successor Reorganized Debtor.

requested that any judgment arising from his claim be "deemed secured" against Tribune.  (See

Claim No. 4852 at 2.)  Mr. Grogan also attached to his proof of claim the first page of a CHRO

Notice of Fact Finding Conference dated June 24, 2008.  (See id. at 3.)  No other evidence was

submitted in support of the Grogan Claims.  Mr. Grogan filed a separate claim, Claim No. 4851,

against an unspecified Debtor in the same amount as Claim No. 4852, accompanied by identical

documentation.[5]

16.    In his charge filed with the CHRO, Mr. Grogan alleged that, beginning in

late 2006, he was subjected to unequal terms and conditions of employment (and, in July 2007,

terminated) due to his age and in retaliation for his intent to file a discriminatory complaint

against ValuMail.[6]  On October 8, 2007, Tribune submitted a position statement to the CHRO on

behalf of ValuMail.  Tribune's position statement refutes Mr. Grogan's charge of age

discrimination and retaliation and, among other things, states that Mr. Grogan's termination was

solely the result of his poor job performance.  On June 30, 2009, the CHRO found that no

reasonable cause existed to believe that a discriminatory act had occurred and dismissed the

charge.  On March 22, 2010, the CHRO rejected Mr. Grogan's request for reconsideration of the

dismissal, and, on October 1, 2010, the EEOC dismissed the charge.

17.    Mr. Grogan has failed to establish the *prima facie* validity of the Grogan

Claims.  On their face, the Grogan Claims fail to allege facts sufficient to support ValuMail's or

Tribune's liability for age discrimination or retaliation.  Even considering the additional

information of which the Reorganized Debtors are aware from the proceedings before the CHRO

---

[5] Because Mr. Grogan asserts a secured claim against Tribune, the Reorganized Debtors construe Claim No. 4851 to have been filed against Tribune.

[6] Mr. Grogan did not attach a copy of the charge to either of the Grogan Claims.  The Reorganized Debtors retain copies of the various documents referenced herein in connection with the No Liability Litigation Claims, including each claimant's charges of discrimination and retaliation and Tribune's position statements issued in response thereto.  The Reorganized Debtors will make copies of such documents available upon written request.

and the EEOC, and making all reasonable inferences in favor of Mr. Grogan, no facts have been
alleged that give the Reorganized Debtors reason to believe that they have any liability on the
Grogan Claims.  Accordingly, the Reorganized Debtors request that the Grogan Claims be
disallowed in their entirety and expunged.

### b.  Plunkett Claim

18.    Ms. Plunkett filed Claim No. 4849 (the "Plunkett Claim") against Sun-
Sentinel Company[7] ("Sun-Sentinel") in an unliquidated amount on account of a discrimination
and retaliation charge that Ms. Plunkett filed with the EEOC (Charge No. 510-2008-05915).  Ms.
Plunkett attached to her proof of claim a copy of the charge of discrimination, in which Ms.
Plunkett alleged that she was demoted from her position as Assistant Business Editor and
terminated "over other equally or less qualified younger and male workers."  (See Plunkett
Claim at 2.)  The charge of discrimination and retaliation contains no evidence in support of Ms.
Plunkett's allegations.  Instead, the charge contains only two brief, conclusory statements that
Ms. Plunkett believes that she was (i) demoted and then terminated "in a reduction in force in
which younger males and females of equal or lesser ability and experience were retained" and
(ii) "given no reason for my demotion or my selection for termination over other equally or less
qualified younger and male workers."  (See id.)  The charge then states an unsupported
conclusion that Ms. Plunkett believes she suffered harassment, discrimination, and retaliation in
violation of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and the
Florida Civil Rights Act of 1992.  Such conclusory statements are insufficient to establish the
*prima facie* validity of the Plunkett Claim.  See Schwapp v. Town of Avon, 118 F.3d 106, 110

---

[7] On the Effective Date, Sun-Sentinel Company merged with and into Sun-Sentinel Company, LLC, a successor
Reorganized Debtor.

(2d Cir. 1997) ("[E]ven in the discrimination context, a plaintiff must provide more than conclusory allegations of discrimination to defeat a motion for summary judgment.").

19.    On November 10, 2008, Tribune submitted a position statement to the EEOC on behalf of Sun-Sentinel. Tribune's position statement refutes Ms. Plunkett's charge of age and sex discrimination and retaliation and, among other things, states that Ms. Plunkett was reassigned to a Retail Reporter position as a result of poor performance. Ms. Plunkett's position was subsequently eliminated as part of a broader cost-saving reduction in Sun-Sentinel's editorial force. On April 2, 2010, Tribune provided additional information to the EEOC, which clarified that because Ms. Plunkett's reassignment was not a demotion, she lost no pay in connection with such reassignment. Neither the EEOC nor the Florida Commission on Human Relations has taken any action in response to the Plunkett Claim.

20.    Ms. Plunkett has failed to establish the *prima facie* validity of the Plunkett Claim. On its face, the Plunkett Claim fails to allege facts sufficient to support Sun-Sentinel's liability for age or sex discrimination or retaliation. Even considering the additional information of which the Reorganized Debtors are aware from the proceedings before the EEOC, and making all reasonable inferences in favor of Ms. Plunkett, no facts have been alleged that give the Reorganized Debtors reason to believe that they have any liability on the Plunkett Claim. Accordingly, the Reorganized Debtors request that the Plunkett Claim be disallowed in its entirety and expunged.

**B.    No Liability Released Claim**

21.    In connection with their review of all Proofs of Claim filed to date against the Debtors' estates, the Reorganized Debtors have identified one (1) claim, in the face amount of $5,000, as a No Liability Released Claim, which is listed on Exhibit B hereto. Mr. Kennedy

filed the No Liability Released Claim against Tribune and states as its sole basis "contract – cash advance related to moving costs." (See Claim No. 5685.) Mr. Kennedy attached to his proof of claim an undated document captioned "Cash Advance Agreement," pursuant to which Tribune agreed to make eight quarterly cash advances to Mr. Kennedy, each in the amount of $5,000, between March 31, 2007 and December 31, 2008. (See id. at 2.)

22.    In July 2010, more than one year after Mr. Kennedy filed his proof of claim, Mr. Kennedy and The Morning Call, Inc.[8] entered into a Mutual Separation Agreement (the "Agreement"), a copy of which is attached hereto as Exhibit C. Pursuant to the Agreement, in exchange for good and valuable consideration, Mr. Kennedy agreed, among other things, to unconditionally waive and release all claims and causes of action of any kind against The Morning Call, Inc. and its parents (Tribune and Tribune Publishing Company), subsidiaries, affiliates, and successors (collectively, the "Released Parties"). The Agreement specifies that the claims released by Mr. Kennedy include, but are not limited to, claims that the Released Parties have violated any type of contract or agreement. Accordingly, because Mr. Kennedy released any and all claims against the Debtors, including against Tribune, after his proof of claim was filed, the No Liability Released Claim should be disallowed and expunged in its entirety.

23.    Notwithstanding the foregoing alternative and sufficient basis for this Court to disallow the No Liability Released Claim, such claim is time barred pursuant to section 502(b)(9) of the Bankruptcy Code. As noted above, the deadline for creditors to file proofs of claim in the Debtors' chapter 11 cases was June 12, 2009. Mr. Kennedy received notice of the Bar Date, as evidenced by the service list annexed to the Corrected Affidavit of Mailing. (See

---

[8] On the Effective Date, The Morning Call, Inc. merged with and into The Morning Call, LLC, a successor Reorganized Debtor.

Docket No. 10609.)  The No Liability Released Claim was filed on June 15, 2009, without prior

leave of Court, and should also be disallowed and expunged on that basis.

24.    The Reorganized Debtors request that the Court authorize the Claims

Agent to expunge the Disputed Claims from the Claims Register so that the Claims Register

more accurately reflects the claims legitimately asserted and outstanding against the Debtors'

estates.

### RESERVATION OF RIGHTS

25.    The Reorganized Debtors hereby reserve their right to amend, modify,

and/or supplement this Objection at any time prior to the hearing on this Objection.  The

Reorganized Debtors further reserve their right to adjourn the hearing on this Objection as it

pertains to any or all of the Disputed Claims.  In the event that the Reorganized Debtors so

adjourn the hearing, they will state that the hearing on the Objection and/or any response filed in

connection therewith and/or all applicable deadlines for responsive pleadings have been

adjourned on the agenda for the hearing, which agenda will be served on any party affected by

such adjournment.

### NOTICE

26.    Notice of this Objection has been provided to: (i) the Office of the United

States Trustee; (ii) the claimants listed on Exhibit A and Exhibit B; and (iii) all parties requesting

notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  In light of

the nature of the relief requested herein, the Reorganized Debtors submit that no other or further

notice is necessary.

### NO PRIOR REQUEST

27.    No previous application for the relief sought herein has been made to this

Court or to any other court.

WHEREFORE, for the reasons set forth herein, the Reorganized Debtors respectfully request that the Court enter an order, pursuant to sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1, (i) disallowing in full and expunging the No Liability Litigation Claims set forth on Exhibit A; (ii) disallowing in full and expunging the No Liability Released Claim set forth on Exhibit B; (iii) directing the Claims Agent to modify the Disputed Claims on the Claims Register; and (iv) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
      September 4, 2013

Respectfully submitted,

SIDLEY AUSTIN LLP
Kenneth P. Kansa
Jillian K. Ludwig
Matthew E. Linder
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR REORGANIZED DEBTORS