### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |
| | **Hearing Date: October 8, 2013 at 10:00 a.m. ET**<br>**Response Deadline: October 1, 2013 at 4:00 p.m. ET** |

### REORGANIZED DEBTORS' OBJECTION TO CLAIM NO. 6178 OF RAFAEL CACERES PURSUANT TO SECTIONS 502(b) AND 558 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3001, 3003, AND 3007

The reorganized debtors in the above-captioned chapter 11 cases (collectively, the

"Reorganized Debtors"), by and through their undersigned counsel, hereby file this objection

(the "Objection") to Claim No. 6178, which the Reorganized Debtors construe to have been filed

against Tribune Company by claimant Rafael Caceres (the "Caceres Claim").  A copy of the

Caceres Claim is attached hereto as Exhibit A.

This Objection is submitted pursuant to sections 502(b) and 558 of title 11 of the

United States Code (the "Bankruptcy Code") and Rules 3001, 3003, and 3007 of the Federal

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068).  The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  By this Objection, the Reorganized

Debtors request the entry of an order disallowing and expunging the Caceres Claim in its entirety

on the grounds that such claim is (i) untimely, (ii) based solely on certain options to purchase

stock, and (iii) on account of stock options that were either exercised or cancelled prior to

December 8, 2008 (the "Petition Date").  In support of the Objection, the Reorganized Debtors

respectfully state as follows:

**STATUS OF THE CASE AND JURISDICTION**

1.      On the Petition Date, Tribune Company and certain of its affiliates (each a

"Debtor" and collectively, the "Debtors") each filed a voluntary petition for relief under chapter

11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for

procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the

Bankruptcy Rules.  (Docket Nos. 43, 2333.)

2.      On July 23, 2012, the Court entered the Order Confirming Fourth

Amended Joint Plan of Reorganization (the "Plan") for Tribune Company and Its Subsidiaries

Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital

Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (Docket No.

12074).[2]

3.      The Effective Date of the Plan occurred on December 31, 2012.

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought

herein are sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003,

and 3007.

---
[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

## BACKGROUND CONCERNING THE CACERES CLAIM

5.      The Caceres Claim was filed on August 19, 2009 and was assigned Claim

No. 6178 by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors and the

Reorganized Debtors to assist with claims processing in these chapter 11 cases (the "Claims

Agent").  Although the Caceres Claim fails to specify the Debtor against which the claim is filed,

the Reorganized Debtors construe the Caceres Claim to have been filed against Tribune

Company, as Tribune Company is the only Debtor in which Mr. Caceres could plausibly purport

to hold an equity interest.

6.      The Caceres Claim does not advance an argument in support of the claim

and states as its sole basis "stocks awarded as part of salary increase were lost due to sale of

Tribune."  (See Exhibit A.)  Mr. Caceres attached to his proof of claim certain documents

(collectively, the "Supplemental Documents") evidencing a total of three stock option grants that

Tribune Company or Times Mirror Company (Tribune Company's predecessor-by-merger)

made to Mr. Caceres on March 1, 1999 (the "1999 Options"), March 2, 2000 (the "2000

Options"), and December 31, 2001 (the "2001 Options").  The records of the Reorganized

Debtors indicate that the 1999 Options and the 2000 Options vested on June 12, 2000 at grant

prices of $56.3125 and $20.38 per share, respectively.[3]  The 2001 Options vested on December

31, 2002 at a grant price of $37.43 per share.

7.      The Supplemental Documents also include a letter addressed to Mr.

Caceres from Tribune Company dated December 7, 2007 (the "Cancellation Letter").  The

---

[3] Pursuant to the 2000 merger of Tribune Company and Times Mirror Company, Mr. Caceres was able to elect
whether to cash out his outstanding Times Mirror Company options at $95.00 per share or convert such options to
Tribune Company options at a rate of 2.5 Tribune Company options for every Times Mirror Company option.  Mr.
Caceres elected to cash out the 1999 Options and convert the 2000 Options to Tribune Company options.

Cancellation Letter states that, pursuant to the Leveraged ESOP Transactions,[4] all outstanding stock options with a grant price below $34.00 would "immediately vest and be cashed out." All outstanding stock options with a grant price of $34.00 or more (including the 2001 Options) would be cancelled.

## BASIS FOR OBJECTION

8.      A "claim" for bankruptcy purposes means a "right to payment," whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.  11 U.S.C. § 101(5).

9.      Section 502(b) of the Bankruptcy Code provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
>> (1)      such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1).  Section 502(b)(1) recognizes the settled principle that "[c]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code."  Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450-51 (2007) (citing Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20 (2000)).  A claim against the bankruptcy estate, therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be enforceable against the debtor outside of bankruptcy."  In re Combustion Eng'g, Inc., 391 F.3d 190, 245 (3d Cir. 2004).  In proceedings to determine whether a claim is enforceable against the

---

[4] "Leveraged ESOP Transactions" shall have the meaning ascribed to such term in the General Disclosure Statement (Docket No. 7232).

estate, "[t]he estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses" pursuant to section 558 of the Bankruptcy Code. See 11 U.S.C. § 558.

10.    By this Objection, the Reorganized Debtors raise three grounds for disallowance of the Caceres Claim, any one of which is a sufficient basis for this Court to sustain the Objection:

- the Caceres Claim is untimely;

- the Caceres Claim is based solely on certain options to purchase stock; and

- the Caceres Claim is on account of stock options that were either exercised or cancelled prior to the Petition Date.

The Reorganized Debtors also seek the entry of an order authorizing the Claims Agent to expunge the Caceres Claim from the claims register so that the claims register accurately reflects the claims outstanding against the Debtors' estates.

**A.    The Caceres Claim was Late-Filed**

11.    The Caceres Claim is time-barred pursuant to section 502(b)(9) of the Bankruptcy Code. The deadline for creditors to file proofs of claim in the Debtors' chapter 11 cases was June 12, 2009 (the "Bar Date"). (See Order at Docket No. 813.) Mr. Caceres received notice of the Bar Date, as evidenced by the service list annexed to the Corrected Affidavit of Mailing. (See Docket No. 10609.) A copy of the Corrected Affidavit of Mailing, in pertinent part, is attached hereto as Exhibit B. The Caceres Claim was filed more than two months past the Bar Date, without prior leave of Court, and should be disallowed on that basis.

**B.    The Caceres Claim is for Equity Interests**

12.    The Caceres Claim is based solely upon Mr. Caceres's holdings of options to purchase stock in Tribune Company or Times Mirror Company. None of Mr. Caceres's

options were valid on the Petition Date, as they were previously exercised or cancelled. Assuming *arguendo* that such options did remain valid on the Petition Date, the options were unquestionably equity securities in Tribune Company. See 11 U.S.C. § 101(16)(C) ("equity security" includes a "warrant or right . . . to purchase, sell, or subscribe to a share, security, or interest . . . ."). Mr. Caceres's stock options, again to the extent they were valid on the Petition Date, are thus classified under the Plan as Class 1M Tribune Interests. See Plan at § 1.1.235 (defining Tribune Interests to include "any shares of Old Common Stock, preferred stock or other instrument evidencing an ownership interest in Tribune . . . and any options, warrants (including, without limitation, the EGI-TRB Warrants), calls, rights, puts, *awards*, commitments, repurchase rights, *unvested or unexercised stock options*, unvested common stock . . . or other agreements of any character related to the Old Common Stock") (emphasis added). Under the Plan, Tribune Interests were extinguished on the Effective Date, and the Holders of Tribune Interests neither received nor retained any property under the Plan on account of their Tribune Interests. See id. at § 3.2.12. Accordingly, Mr. Caceres may not receive a distribution from Tribune's estate on account of the stock options referenced in the Caceres Claim.

13.     The filing of a proof of claim on account of Mr. Caceres's stock options does not change this analysis. Filing a proof of claim on account of an equity security interest is insufficient by itself to establish a valid claim. See, e.g., McGimsey v. USA Capital Diversified Tr. Deed Fund, LLC (In re USA Commercial Mortg. Co.), 377 B.R. 608, 615 (9th Cir. B.A.P. 2007) ("It is axiomatic that an allowed proof of claim requires something more than mere equity ownership."). Because Mr. Caceres's purported equity interests do not constitute "claims"

within the meaning of section 101(5) of the Bankruptcy Code, the Caceres Claim should be

disallowed.[5]

**C.     The Caceres Claim is on Account of Stock Options That Were Either Exercised or Cancelled Prior to the Petition Date**

14.     Notwithstanding the foregoing alternative and sufficient bases for this

Court to sustain the Objection, the Supplemental Documents also do not establish any right to

payment on Mr. Caceres's part.  The records of the Reorganized Debtors indicate that Mr.

Caceres elected to exercise his 1999 Options on or about June 12, 2000 at a price of $95.00 per

share.  Mr. Caceres accordingly received a payment of $3,868.75 on account of the 1999

Options, representing the $95.00 per share price of 100 Times Mirror Company shares ($9,500)

less the strike price of $56.3125 per share.  The 2000 Options, which were valid at the time of

the Leveraged ESOP Transactions, were cashed out on December 27, 2007 at a price of $34.00

per share.  Mr. Caceres accordingly received a payment of $3,405.00 on account of the 2000

Options, representing the $34.00 per share price of 250 Tribune Company shares ($8,500) less

the strike price of $20.38 per share.  The 2001 Options were cancelled prior to the Petition Date

because such options were granted to Mr. Caceres at $37.43 per share—a price in excess of the

$34.00 per share price paid to Tribune Company shareholders as part of the Leveraged ESOP

Transactions.  (See Supplemental Documents at 1.)  These facts further reinforce the conclusion

that the Caceres Claim should be disallowed and expunged.

**NOTICE**

15.     Notice of this Objection has been provided to: (i) the Office of the United

States Trustee; (ii) Mr. Caceres; and (iii) all parties requesting notice pursuant to Bankruptcy

---

[5] There is no need for the Caceres Claim to be reclassified as a proof of interest because the order establishing the Bar Date entered in the Debtors' chapter 11 cases required only the holders of claims to file proofs of claim and did not require the filing of proofs of interest.  (See Order at Docket No. 813.)

Rule 2002, in accordance with Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Reorganized Debtors submit that no other or further notice is necessary.

### NO PRIOR REQUEST

16.    No previous application for the relief sought herein has been made to this Court or to any other court.

[Remainder of Page Intentionally Left Blank]

WHEREFORE, for the reasons set forth herein, the Reorganized Debtors respectfully request that the Court enter an Order in the form submitted herewith, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007, (i) disallowing and expunging the Caceres Claim in its entirety; (ii) authorizing the Claims Agent to expunge the Caceres Claim from the claims register; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware  
       September 4, 2013

Respectfully submitted,

SIDLEY AUSTIN LLP  
Kenneth P. Kansa  
Matthew E. Linder  
One South Dearborn Street  
Chicago, Illinois 60603  
Telephone: (312) 853-7000  
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,  
FORMAN & LEONARD, P.A.

By: _____  
Norman L. Pernick (No. 2290)  
J. Kate Stickles (No. 2917)  
Patrick J. Reilley (No. 4451)  
500 Delaware Avenue, Suite 1410  
Wilmington, Delaware 19801  
Telephone: (302) 652-3131  
Facsimile:  (302) 652-3117

ATTORNEYS FOR REORGANIZED DEBTORS