08-13141

**JO ANNA CANZONERI MCCORMICK**

**995 EAST GREEN STREET #324**

**PASADENA CALIFORNIA 91101**

**CELL 626 417 3861**

United States Federal Bankruptcy Court
824 North Market Street
Wilmington DE 19801

FILED
2013 SEP -4 PM 12: 10
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

**RE: NOTICE OF APPEAL (APPEALS)  ON TRIBUNE**

**REQUEST TO PROCEED AS A POOR PERSON**

**DEAR HONORABLE JUDGE**

**I PERSONALLY HAVE ENCLOSED AND ATTACHED THE**

**NOTICE OF APPEAL AND REQUEST TO PROCEED IN FORMA PAUPERIS AS FOLLOWERS.**

**NOTICE OF APPEAL ON THE TRIBUNE COMPANY**

**EXHIBITS**

**SHOULD YOU HAVE ANY QUESTIONS PLEASE CONTACT ME**

**AT 626 417 3861**

**THANKS**

**JO ANNA CANZONERI MCCORMICK**

JO  ANNA CANZONERI MCCORMICK

995 EAST GREEN STREET #324

PASADENA CALIFORNIA 91101

CELL 626 417 3861


NOTICE OF APPEAL


UNITED STATES DISTRICT COURT

United States Federal Bankruptcy
Court


CASE    Unknown

NOTICE OF APPEAL

DOCKET NO.


PLAINTIFFS:

JO ANNA CANZONERI MCCORMICK,AN INDIVIDUAL,ETAL:

JOHN DOES1-100

JANE DOES1-100

DEFENDANTS:

TRIBUNE COMPANY, etal:

Notice is hereby given that  JO ANNA CANZONERI MCCORMICK

hereby appeals to the United States  Federal Bankruptcy

the Second Circuit from the decision (describe it)  murder

(See attached Exhibits  A B C D E and F

attached hereto and made a part hereof)

entered in this action on the  29th day of  August , 2013

_Jo Anna Canzoni McCok_

SIGNATURE

JO ANNA CANZONERI MCCORMICK

PRINTED NAME

995 East Green Street #324

Address

Pasadena  CA 91106

City          State          Zip Code

Cell  626 417 3861

Telephone Number

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JoAnna Canzoneri McCormick, plaintiffs

**REQUEST TO PROCEED**
*IN FORMA PAUPERIS*

Tribune                                    Defendant(s)

JoAnna Canzoneri McCormick, am the plaintiff in the above entitled case. I
hereby request to proceed without being required to prepay fees or costs or give security therefore.
I state that because of my poverty I am unable to pay the costs of said proceeding or to give security
therefore, and I believe I am entitled to redress.

1.    If you are presently employed:
            a) give the name and address of your employer
            b) state the amount of your earnings per month

_____

_____

_____

2.    If you are **NOT PRESENTLY EMPLOYED:**
            a) state the date of start and termination of your last employment
            b) state your earnings per month.
      **YOU MUST ANSWER THIS QUESTION EVEN IF YOU ARE INCARCERATED.**

3.    Have you received, within the past twelve months, any money from any source? If so,
      name the source and the amount of money you received.

_____

      a) Are you receiving any public benefits?          ☐ No  ☐ Yes, $ _____
      b) Do you receive any income from any other source?  ☐ No  ☐ Yes, $ _____

4.    Do you have any money, including any money in a checking or savings account? If so, how much?

5.    Do you own any apartment, house or building, stocks, bonds, notes, automobiles or other property? If the answer is yes, describe the property and state its approximate value.

☒ No   ☐ Yes, _____

6.    List the person(s) that you pay money to support and the amount you pay each month.

7.    Do you pay for rent or for a mortgage? If so, how much each month?

State any special financial circumstances which the Court should consider.

I understand that the Court shall dismiss this case if I give a false answer to any question in this declaration. In addition, if I give a false answer I will be subject to the penalties for perjury.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: _August 29, 2013_                    _____
                                                          (signature)

rev. 7/2002

1.      I am the plaintiff in this action and I respectfully submit this affirmation in response to the Court's order dated January 25, 2012. I should not be barred, under 28 U.S.C. § 1651, from filing future actions in this Court because Exhibit A B C D E and F

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

2.    In view of the foregoing, I respectfully request that the Court not bar me from filing future actions under the terms of this Court's Order, dated January 25, 2012.

Dated: August 29, 2013

Signature

995 East Green Street
Address #324
Pasadena CA 91106
City, State & ZIP

# Exhibit "A"

I personally am claiming murder of Robert Rutherford McCormick  Also I personally am claiming embezzment, robbery, theft, grand Lacary and Fraud. Robert Rutherford McCormick personally never owned nor purchased the Tribune Company only was a paid employee outside of the McCormick family members.

I personally am married to the direct heir of Cyprus Hall McCormick

Cyprus Hall McCormick personally owned the Tribune from the invention of the tractor funds

I personally am claiming full ownership

CERTIFICATION OF VITAL RECORD

## COUNTY OF LOS ANGELES • REGISTRAR-RECORDER/COUNTY CLERK



Exhibit "B"

### CERTIFICATE OF REGISTRY OF MARRIAGE
(PERSONAL DATA, LICENSE TO MARRY, CERTIFICATION OF MARRIAGE)

33738

| | | | |
|---|---|---|---|
| STATE FILE NUMBER | | | LOCAL REGISTRAR'S NUMBER |

**GROOM PERSONAL DATA**

| 1a. NAME OF GROOM—FIRST NAME | 1b. MIDDLE NAME | 1c. LAST NAME | 2. DATE OF BIRTH—MONTH, DAY, YEAR |
|---|---|---|---|
| Richard | Allen | McCormick | Jun 2 1949 |

| 3. AGE (LAST BIRTHDAY) | 4. NUMBER OF THIS MARRIAGE | 5a. DATE LAST MARRIAGE ENDED | 5b. LAST MARRIAGE ENDED BY (SPECIFY DEATH, DIVORCE OR ANNULMENT) | 6. BIRTHPLACE (STATE OR FOREIGN COUNTRY) |
|---|---|---|---|---|
| 20 YEARS | 1 | 5. PREVIOUSLY MARRIED | | Illinois |

| 7a. RESIDENCE OF GROOM—STREET ADDRESS (STREET AND NUMBER, RURAL ADDRESS, OR LOCATION) | 7b. CITY OR TOWN | 7c. COUNTY (IF OUTSIDE CALIFORNIA, ENTER STATE) |
|---|---|---|
| 210 N Monterey St | Alhambra | Los Angeles |

| 8a. PRESENT OR LAST OCCUPATION | 8b. KIND OF INDUSTRY OR BUSINESS | 9. HIGHEST SCHOOL GRADE COMPLETED |
|---|---|---|
| Laborer | Campers | 12 |

| 10a. NAME OF FATHER OF GROOM | 10b. BIRTHPLACE OF FATHER (STATE OR FOREIGN COUNTRY) | 11a. MAIDEN NAME OF MOTHER OF GROOM | 11b. BIRTHPLACE OF MOTHER—MONTH, DAY, YEAR |
|---|---|---|---|
| Charles McCormick | Alabama | Barbara Festa | Massachusetts |

**BRIDE PERSONAL DATA**

| 12a. NAME OF BRIDE—FIRST NAME | 12b. MIDDLE NAME | 12c. LAST NAME | 13. DATE OF BIRTH—MONTH, DAY, YEAR |
|---|---|---|---|
| Jo Ann | | Canzoneri | Feb 7 1953 |

| 14. AGE (LAST BIRTHDAY) | 15. NUMBER OF THIS MARRIAGE | 16a. DATE LAST MARRIAGE ENDED | 16b. LAST MARRIAGE ENDED BY (SPECIFY DEATH, DIVORCE OR ANNULMENT) | 17. BIRTHPLACE (STATE OR FOREIGN COUNTRY) |
|---|---|---|---|---|
| 16 YEARS | 1 | | | New York |

| 18a. RESIDENCE OF BRIDE—STREET ADDRESS (STREET AND NUMBER, RURAL ADDRESS, OR LOCATION) | 18b. CITY OR TOWN | 18c. COUNTY (IF OUTSIDE CALIFORNIA, ENTER STATE) |
|---|---|---|
| 309 No Atlantic Blvd | Alhambra | Los Angeles |

| 19a. PRESENT OR LAST OCCUPATION | 19b. KIND OF INDUSTRY OR BUSINESS | 20. HIGHEST SCHOOL GRADE COMPLETED | 21. MAIDEN NAME OF BRIDE (IF PREVIOUSLY MARRIED) |
|---|---|---|---|
| None | | 10 | |

| 22a. NAME OF FATHER OF BRIDE | 22b. BIRTHPLACE OF FATHER (STATE OR FOREIGN COUNTRY) | 23a. MAIDEN NAME OF MOTHER OF BRIDE | 23b. BIRTHPLACE OF MOTHER (STATE OR FOREIGN COUNTRY) |
|---|---|---|---|
| Joeseph J Canzoneri | New York | Amelia Mazur | New York |

**AFFIDAVIT OF BRIDE AND GROOM**

WE, THE BRIDE AND GROOM NAMED IN THIS CERTIFICATE, EACH FOR HIMSELF, STATE THAT THE FOREGOING INFORMATION IS CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF, THAT NO LEGAL OBJECTION TO THE MARRIAGE NOR TO THE ISSUANCE OF A LICENSE TO AUTHORIZE THE SAME IS KNOWN TO US, AND HEREBY APPLY FOR LICENSE TO MARRY.

| 24a. BRIDE (SIGNATURE) | 24b. GROOM (SIGNATURE) |
|---|---|
| *Jo Ann Canzoneri* | *Richard McCormick* |

**LICENSE TO MARRY**

AUTHORIZATION AND LICENSE IS HEREBY GIVEN TO ANY PERSON DULY AUTHORIZED BY THE LAWS OF THE STATE OF CALIFORNIA TO PERFORM A MARRIAGE CEREMONY WITHIN THE STATE OF CALIFORNIA TO SOLEMNIZE THE MARRIAGE OF THE ABOVE NAMED PERSONS. REQUIRED CONSENTS FOR THE ISSUANCE OF THIS LICENSE ARE ON FILE.

| 25a. SUBSCRIBED AND SWORN TO BEFORE ME ON | 25b. DATE LICENSE ISSUED | 25c. LICENSE NUMBER | 25d. COUNTY CLERK |
|---|---|---|---|
| Jul 23 1969 | Jul 23 1969 | 13175 | WILLIAM G. SHARP |

| 25e. EXPIRATION DATE | 25f. COUNTY OF ISSUE OF LICENSE | BY |
|---|---|---|
| Oct 21 1969 | LOS ANGELES | *Richard Gils* DEPUTY |

**WITNESSES**

| 26a. SIGNATURE OF WITNESS | 26b. ADDRESS OF WITNESS—STREET ADDRESS | 26c. ADDRESS OF WITNESS—CITY OR TOWN AND STATE |
|---|---|---|
| *Deborah Pounds* | 7903 E Whitmore | Rosemead, California |

| 27a. SIGNATURE OF WITNESS | 27b. ADDRESS OF WITNESS—STREET ADDRESS | 27c. ADDRESS OF WITNESS—CITY OR TOWN AND STATE |
|---|---|---|
| *Marlet Rodriguez* | 214 N Monterey | Alhambra, California |

**CERTIFICATION OF PERSON PERFORMING CEREMONY**

28. I HEREBY CERTIFY THAT THE ABOVE NAMED BRIDE AND GROOM WERE JOINED BY ME IN MARRIAGE IN ACCORDANCE WITH THE LAWS OF THE STATE OF CALIFORNIA

| ON | July | 24 | 19 69 | 28a. SIGNATURE OF PERSON PERFORMING CEREMONY AND OFFICIAL TITLE |
|---|---|---|---|---|
| | MONTH | DAY | YEAR | *James Harvey Brown*  Municipal Court Judge |

| AT | Los Angeles | , CALIFORNIA | 28b. NAME OF PERSON PERFORMING CEREMONY (TYPE) | 28c. DENOMINATION IF PRIEST, MINISTER OR RABBI |
|---|---|---|---|---|
| | CITY OR TOWN | | James Harvey Brown | |

| | | 28d. ADDRESS—STREET ADDRESS, CITY OR TOWN, AND STATE |
|---|---|---|
| | | 111 N Hill St., Los Angeles, Calif. |

**LOCAL REGISTRAR OF MARRIAGES (COUNTY RECORDER)**

| 30. DATE ACCEPTED FOR REGISTRATION | 31. LOCAL REGISTRAR—SIGNATURE |
|---|---|
| JUL 31 1969 | *Ray E. Lee* |

STATE OF CALIFORNIA—DEPARTMENT OF PUBLIC HEALTH—BUREAU OF VITAL STATISTICS    (FORM NO. VS-9)

---

This is to certify that this document is a true copy of the official record filed with the Registrar-Recorder/County Clerk.





SEP 17 2007

*Conny B. McCormack*

CONNY B. McCORMACK
Registrar-Recorder/County Clerk

This copy not valid unless prepared on engraved border displaying the Seal and Signature of the
Registrar-Recorder/County Clerk



*019592550*



# STATE OF ILLINOIS

### DEPARTMENT OF PUBLIC HEALTH - DIVISION OF VITAL RECORDS

Exhibit "C"

FILL IN THIS FORM (except signature)
WITH TYPEWRITER OR LEGIBLE PRINTING

STATE OF ILLINOIS        ORIGINAL
Department of Public Health
Division of Vital Statistics and Records

## CERTIFICATE OF BIRTH
### 3206G

**1. PLACE OF BIRTH**

County of COOK    Registration Dist. No. 3104    Registered No.

CHICAGO    Primary Dist. No. 3104    Name of hospital or institution: **Belmont Community**

Time at above place before delivery? **4 Hours 20 Minutes**

Street and Number, No. **4058 Melrose St.**    St. **39**    Ward

**2. RESIDENCE OF MOTHER: (a) STATE** Ill.    (b) County Cook    (c) City or Village Chicago

(d) Township    (e) Rural Dist.

Usual place of abode—Do not enter "R.R." "R.F.D." or other P.O. Address. If Rural Resident, give Township only.

**3. FULL NAME OF CHILD** Richard Allen Mc Cormick    **4. Date of birth** 6-2-49

**5. Sex of Child** Male    **6. Twin, Triplet or other** (To be answered only in the event of plural births)    **7. Number months of pregnancy** 9 Mos.    **8. Legitimate?** Yes

**9. Full name FATHER** Charles Mc Cormick    **15. Full maiden name MOTHER** Barbara Festa

**10. Color or race** White    **11. Age at time of this birth** 22 yrs.    **16. Color or race** White    **17. Age at time of this birth** 19

**12. Birthplace (city or place)** Moulton, Ala.    **18. Birthplace (city or place)** Boston, Mass.

**13. Trade, profession, or particular kind of work done** Machinist    **19. Trade, profession, or particular kind of work done** Housewife

**14. Industry or business in which work was done** Greer Shop Training    **20. Industry or business in which work was done** Own Home

**21. (a)** Including this child, number of children born alive to this mother? I

(b) Including this child, how many of these children are now living? I

(c) How many, born alive but are now dead? 0

**22.** Mother's mailing address for registration notice: 1128 W. Van Buren

**23.** What treatment was given child's eyes at birth? Silver Nitrate 1%

(a) Was a blood test for Syphilis made upon the mother of this child? Yes    (b) Date blood specimen was taken 3-7-49    (c) Name of Laboratory making this test: Belmont Community Hosp.

NOTE: Result of the test must not be stated on this certificate.

**24.** I hereby certify that I attended at the birth of this child which was BORN ALIVE at 1:20 P.m. on the date stated above.

Signature    Physician Midwife

Date signed June 2, 1949    Address 237 S. Central Ave. Chicago Ill.    Phone Mac-4747

**25.** Date Filed JUN 7 1949    **26.** Signature    Registrar

Post Office Address

531809

This is to certify that this is a true and correct copy of the official record filed with the Illinois Department of Public Health.

DATE ISSUED

FEB 14 2008

Damon T. Arnold, M.D., M.P.H.
DAMON T. ARNOLD, M.D., M.P.H.
STATE REGISTRAR



Exhibit J



P 646 282 2500  F 646 282 2501
757 THIRD AVENUE, NEW YORK, NY 10017
WWW.EPIQSYSTEMS.COM

**** TRB CLMLTR (MERGE2,TXNUM2) 4000093141 ****
CANZONERI MCCORMICK, JO ANNA
P.O. BOX 684
PASADENA, CA 91102

August 26, 2009

## ACKNOWLEDGEMENT OF RECEIPT OF PROOF OF CLAIM

This letter serves as acknowledgement that the claim identified below has been recorded by Epiq Bankruptcy Solutions, LLC, the court-approved claims agent, on the claims register in the THE TRIBUNE COMPANY case.  To ensure that your claim has been recorded correctly, please review the following information:

| | |
|---|---|
| Debtor: | TRIBUNE COMPANY |
| Case Number: | 08-13141 |
| Creditor: | CANZONERI MCCORMICK, JO ANNA |
| Date Received: | 06/16/2009 |
| Claim Number: | 5844 |

*Please note that nothing in this Acknowledgement should be construed to mean or imply that your claim is being allowed.  The Debtor may elect to object to the identified claim on various grounds.*

We also strongly encourage you to review your proof of claim on our website at http://chapter11.epiqsystems.com/TRB.  To find your imaged claim, click on the "Filed Claims & Schedules" icon at the top of the page, type in your claim number in the "Claim #" field, and click "Search".  Additionally, you may search for your claim by typing in your name in the appropriate search field.

If you have any questions, please contact us at 646-282-2400 or via our contact form on our website at http://www.epiq11.com/contact.aspx.  Please be sure to specify the client name about which you are inquiring.

EPIQ BANKRUPTCY SOLUTIONS, LLC

Exhibit "E"

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

-------------

SCHEDULE 13D

Under the Securities Exchange Act of 1934

(Amendment No. 2)

**TRIBUNE COMPANY**
(Name of Issuer)

Common Stock (Without Par Value)
(Title of Class of Securities)

896047 10 7
(CUSIP Number)

Thomas E. Chomicz, Esq.
John P. Vail, Esq.
William T. McCormick, Esq.
Wilson & McIlvaine
500 West Madison Street, Suite 3700
Chicago, Illinois 60661
(312) 715-5000
(Name, Address and Telephone Number of Person
Authorized to Receive Notices and Communications)

May 12, 1994
(Date of Event which Requires Filing of this Statement)

If the filing person has previously filed a statement on Schedule 13G to report
the acquisition which is the subject of this Schedule 13D, and is filing this
schedule because of Rule 13d-1(b)(3) or (4), check the following box /___/.

Check the following box if a fee is being paid with this statement /___/. (A
fee is not required only if the reporting person: (1) has a previous statement
on file reporting beneficial ownership of more than five percent of the class
of securities described in Item 1; and (2) has filed no amendment subsequent
thereto reporting beneficial ownership of five percent or less of such class. )
(See Rule 13d-7.)

Page 1 of 14 Pages

CUSIP. No. 896047 10 7                13D                Page 2 of 14 Pages

1        NAME OF REPORTING PERSON
         S.S. OR I.R.S. IDENTIFICATION NO. OF ABOVE PERSON
                Robert R. McCormick Tribune Foundation
                I.R.S. Identification No. 36-3689171

2        CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP        (a) /___/
                                                                (b) /___/

3        SEC USE ONLY

4        SOURCE OF FUNDS
                00

5        CHECK BOX IF DISCLOSURE OF LEGAL PROCEEDINGS IS        /___/
         REQUIRED PURSUANT TO ITEMS 2(d) OR 2(e)

6        CITIZENSHIP OR PLACE OF ORGANIZATION
                Illinois

| NUMBER OF SHARES BENEFICIALLY OWNED BY EACH REPORTING PERSON WITH | 7 | SOLE VOTING POWER   10,465,112 |
|---|---|---|
| | 8 | SHARED VOTING POWER   -0- |
| | 9 | SOLE DISPOSITIVE POWER   10,465,112 |
| | 10 | SHARED DISPOSITIVE POWER   -0- |

11       AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON
                10,465,112

12       CHECK BOX IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES
                                                                /___/

13       PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)
                15.5% (see Item 5)

14       TYPE OF REPORTING PERSON
                            CO

## AMENDMENT NO. 2 TO SCHEDULE 13D

This Amendment No. 2 to the Schedule 13D filed with the Securities and Exchange Commission (the *"Commission"*) by the Robert R. McCormick Tribune Foundation (the *"Foundation"*) on November 20, 1990 is being filed solely to report a decrease in the Foundation's percentage ownership of shares of Tribune Company's common stock by an amount in excess of 1.0% of the total number of outstanding shares of such common stock since October 23, 1992, the date of the Foundation's filing of Amendment No. 1 to the Schedule 13D. Such decrease is attributable to a combination of (i) periodic grants of such common stock which the Foundation has made in furtherance of its charitable purposes; and (ii) increases in the total number of outstanding shares of such common stock which have occurred from time to time.

Pursuant to Rule 101(a) of Regulation S-T adopted by the Commission, as this Amendment No. 2 is the first electronic amendment to the original Schedule 13D, this Amendment No. 2 restates the entire text of the original Schedule 13D, as such Schedule 13D has been amended by Amendment No. 1 and this Amendment No. 2. Pursuant to Rule 101(a) of Regulation S-T, the exhibit to the original Schedule 13D is not restated herein.

ITEM 1.     SECURITY AND ISSUER.

This Amendment No. 2 to Schedule 13D relates to the common stock, without par value (*"Common Stock"*) of Tribune Company, a Delaware corporation (the *"Issuer"*). The address of the principal executive offices of the Issuer is 435 North Michigan Avenue, Chicago, Illinois 60611.

ITEM 2.     IDENTITY AND BACKGROUND.

This Amendment No. 2 to Schedule 13D is being filed by Robert R. McCormick Tribune Foundation, an Illinois not-for-profit corporation (the *"Foundation"*). The Foundation is an organization described in Section 501(c)(3) of the Internal Revenue Code of 1986 (the *"Code"*) and is classified as a private foundation under Section 509(a) of the Code. The address of the principal business and the principal office of the Foundation is Robert R. McCormick Tribune Foundation, 435 North Michigan Avenue, Suite 770, Chicago, Illinois 60611-4041.

The Foundation is an Illinois not-for-profit corporation incorporated on December 4, 1989 exclusively for charitable, religious, literary, scientific and educational purposes, including, for such purposes, but not limited to, the making of distributions to organizations that qualify as exempt organizations under Section 501(c)(3) of the Code. It was formed by the trustees of the Robert R. McCormick Charitable Trust (the *"Trust"*) created under the Last Will and Testament of Robert R. McCormick dated December 18, 1954, as amended by Codicil dated January 4, 1955 (the *"Will"*), pursuant to a plan to reorganize as a not-for-profit corporation in order to take advantage of the flexibility and efficiency of the corporate form and the relative clarity of the law applicable to not-for-profit corporations. The trustees of the Trust were authorized and permitted by provisions of the Will to

*Robert R McCormick will 12/18/1954*

establish the Foundation. In addition, the Circuit Court of Cook County, Illinois issued an order on September 4, 1990, with the concurrence of the Illinois Attorney General, authorizing the trustees of the Trust to establish the Foundation and to transfer to the Foundation all or any portion of the corpus of the Trust, including the shares of Common Stock. A copy of the order was included as Exhibit 1 to the Schedule 13D filed on November 20, 1990. On November 12, 1990, the Trust transferred all of its assets, including 11,391,592 shares of Common Stock, to the Foundation as the successor to the charitable operations of the Trust.

The name, residence or business address, present principal occupation or employment (and the name, principal business and address of any other organization in which such employment is conducted) and the citizenship of each of the executive officers and directors of the Foundation are set forth in Schedule A attached hereto.

During the last five years, neither the Foundation nor, to the best knowledge of the Foundation, any of the executive officers or directors of the Foundation, has been convicted in a criminal proceeding (excluding traffic violations or similar misdemeanors) or has been a party to a civil proceeding of a judicial or administrative body of competent jurisdiction and as a result of such proceeding was or is subject to a judgment, decree or final order enjoining future violations of, or prohibiting or mandating activities subject to, federal or state securities laws or finding any violation with respect to such laws.

ITEM 3.        SOURCE AND AMOUNT OF FUNDS OR OTHER CONSIDERATION.

The transfer by the Trust of all of its assets, including 11,391,592 shares of Common Stock, to the Foundation was in essence a gratuitous transfer designed to more effectively carry out the charitable intent of the original donor. The Foundation did not purchase the assets of the Trust but merely accepted such assets to carry on the charitable activities previously conducted by the Trust. As successor to the charitable activities of the Trust, the Foundation assumed the liabilities and outstanding obligations of the Trust as well.

ITEM 4.        PURPOSE OF TRANSACTION.

As described in Item 2 above, the purpose for the transfer of all of the assets of the Trust to the Foundation was to take advantage of the flexibility and efficiency of the corporate form and the relative clarity of the law applicable to not-for-profit corporations. The Foundation intends to carry on the charitable activities previously carried on by the Trust.

With respect to the shares of Common Stock owned by the Foundation, the Foundation will be engaged in a continuing evaluation of the Issuer's financial condition, operations and prospects, other business and investment opportunities, economic conditions and conditions in domestic and foreign stock, money, exchange and other markets as well as the Foundation's financial condition, operations and long and short term financial needs to carry out its exempt purposes, including, but not limited to, meeting the Foundation's

mandatory distribution requirements under the Code. Based upon such evaluation and the course of future developments, the Foundation reserves the right to take such actions as it deems appropriate in light of the circumstances existing at the time, including, without limitation, making additional purchases of Common Stock or disposing of its shares of Common Stock in the open market, block trades, privately negotiated transactions or otherwise.

On occasion the Trust had made grants of shares of Common Stock in furtherance of its charitable purposes and the Foundation assumed the outstanding grant commitments of the Trust. Although the Foundation does not have any specific plan or proposal to make charitable grants of shares of Common Stock, the Foundation reserves the right to do so in order to satisfy grant commitments.

Other than as set forth above, the Foundation currently has no specific plans or proposals that relate to or would result in any of the matters described in paragraphs (a) through (j) of Item 4 of Schedule 13D.

To the best knowledge of the Foundation, none of the executive officers or directors of the Foundation has any specific plans or proposals that relate to or would result in any of the matters described in paragraphs (a) through (j) of Item 4 of Schedule 13D.

ITEM 5.        INTEREST IN SECURITIES OF THE ISSUER.

(a)        As of the date hereof, the Foundation beneficially owns 10,465,112 shares of Common Stock, which represents approximately 15.5% of the outstanding shares of Common Stock. This percentage is based upon an aggregate of 67,367,779 shares of Common Stock being issued and outstanding as of April 29, 1994 according to the Form 10-Q filed by the Issuer with the Commission on May 10, 1994 for the quarterly period ending March 27, 1994. It is the foregoing percentage that is reported on the cover page of this Amendment No. 2 to Schedule 13D. However, based upon information obtained from the Issuer, the Issuer also has 1,502,572 shares of Series B Convertible Preferred Stock, without par value (the "Preferred Stock"), currently issued and outstanding. The Preferred Stock is entitled to vote together as a class with the Common Stock with regard to all matters submitted to a vote at a meeting of shareholders, with each share of Common Stock being entitled to one vote and each share of Preferred Stock being entitled to 4.58 votes. The Foundation's percentage of the total votes eligible to be cast by holders of Common Stock and Preferred Stock voting together as a class is 14.1%.

To the best knowledge of the Foundation, Schedule B attached hereto and incorporated herein sets forth the number and percentage of shares of Common Stock beneficially owned by each executive officer or director of the Foundation.

(b)        The Foundation has the sole power to vote and dispose of all of the shares of Common Stock which it owns. See Schedule B for information regarding voting power and investment power with respect to any shares of Common Stock beneficially owned by any executive officer or director of the Foundation. Except as set forth in Schedule B, to

the best knowledge of the Foundation, each such person has full voting and investment power with respect to any shares of Common Stock indicated therein as being owned by such person.

(c)     The Foundation has not effected during the past 60 days any transaction in any shares of Common Stock except for the following:

Charitable grants (no consideration) aggregating 2,859 shares consummated as of April 13, 1994.

Charitable grants (no consideration) aggregating 5,911 shares consummated as of May 12, 1994.

To the best knowledge of the Foundation, Schedule C attached hereto and incorporated herein sets forth all transactions in shares of Common Stock effected during the past 60 days by any executive officer or director of the Foundation.

(d)     Not applicable.

(e)     Not applicable.

ITEM 6.   CONTRACTS, ARRANGEMENTS, UNDERSTANDINGS OR RELATIONSHIPS WITH RESPECT TO SECURITIES OF THE ISSUER.

There are no contracts, arrangements, understandings or relationships (legal or otherwise) among the Foundation, its executive officers or directors or, to the best knowledge of the Foundation, between such persons and any other persons with respect to any securities of the Issuer of a nature required to be disclosed by Item 6.

ITEM 7.       MATERIAL TO BE FILED AS EXHIBITS.

There are no exhibits to this Amendment No. 2 to Schedule 13D.

### SIGNATURE

After reasonable inquiry and to the best of my knowledge and belief, I certify that the information set forth in this statement is true, complete and correct.

ROBERT R. McCORMICK TRIBUNE
FOUNDATION

May 20, 1994

By: **Neal Creighton**
President and Chief Executive Officer

## SCHEDULE A

### EXECUTIVE OFFICERS AND DIRECTORS
OF ROBERT R. McCORMICK TRIBUNE FOUNDATION

Set forth below are the name, residence or business address, present principal occupation or employment, and the name, principal business and address of any other organization in which such employment is conducted, of each executive officer and director of the Foundation.  Each person listed below is a citizen of the United States.

*Download Table*

| Name and Residence | Principal Occupation or Employment |
| --- | --- |
| Richard A. Behrenhausen<br>27 W. 621 Swan Lake Drive<br>Wheaton, Illinois 60187 | Robert R. McCormick Tribune Foundation 1<br>Cantigny Foundation 2<br>Vice President and Chief Operating Officer |
| Charles T. Brumback<br>1500 North Lake Shore Drive<br>Chicago, Illinois 60610 | Tribune Company 3<br>Chairman, President and Chief Executive Officer |
| Stanton R. Cook<br>224 Raleigh<br>Kenilworth, Illinois 60043 | Self-employed consultant 4 |
| Neal Creighton<br>1 S 151 Winfield Road<br>Wheaton, Illinois 60187 | Robert R. McCormick Tribune Foundation 1<br>Cantigny Foundation 2<br>President and Chief Executive Officer |
| James C. Dowdle<br>1040 Romona Road<br>Wilmette, Illinois 60091 | Tribune Broadcasting Company 5<br>President and Chief Executive Officer |
| Jack Fuller<br>2525 Hartzell<br>Evanston, Illinois 60201 | Chicago Tribune Company 6<br>President and Chief Executive Officer |
| J. Nicholas Goodban<br>425 Prospect<br>Elmhurst, Illinois 60126 | Robert R. McCormick Tribune Foundation 1<br>Vice President |
| John W. Madigan<br>1160 Laurel Avenue<br>Winnetka, Illinois 60093 | Tribune Publishing Company 7<br>President and Chief Executive Officer |

Case 08-13141-BLS    Doc 13713    Filed 09/05/13    Page 21 of 27
SC:13D/A | **9th Page of 14** | TOC | 1st | Previous | Next | Bottom |

Page 9 of 14 Pages

**SCHEDULE A**
**CONTINUED**

**EXECUTIVE OFFICERS AND DIRECTORS**
OF ROBERT R. McCORMICK TRIBUNE FOUNDATION

· *Download Table*

Louis J. Marsico, Jr.                    Robert R. McCormick Tribune Foundation 1
740 Longview Lane                        Cantigny Foundation 2
Palatine, Illinois 60067                 Treasurer/Director of Finance
                                         and Administration

------------------------------

1 The address of the Robert R. McCormick Tribune Foundation is 435 North Michigan Avenue, Suite 770, Chicago, Illinois 60611-4041.

2 The address of the Cantigny Foundation is 1 S 151 Winfield Road, Wheaton, Illinois 60187.

3 The address of Tribune Company is 435 North Michigan Avenue, Chicago, Illinois 60611.

4 Mr. Cook's business address is 435 North Michigan Avenue, Chicago, Illinois 60611.

5 A subsidiary of the Issuer.  The address of Tribune Broadcasting Company is 435 North Michigan Avenue, Chicago, Illinois 60611.

6 A subsidiary of the Issuer.  The address of Chicago Tribune Company is 435 North Michigan Avenue, Chicago, Illinois 60611.

7 A subsidiary of the Issuer.  The address of Tribune Publishing Company is 435 North Michigan Avenue, Chicago, Illinois 60611.

## SCHEDULE B

### BENEFICIAL OWNERSHIP OF SHARES
### OF COMMON STOCK BY EXECUTIVE OFFICERS
### AND DIRECTORS OF THE FOUNDATION

· Enlarge/Download Table

| Name | Aggregate Number of Shares of Common Stock Beneficially Owned(1) | Percent of Class(2) | Sole Power to Vote(3) | Shared Power to Vote | Sole Power to Dispose(3) | Shared Power to Dispose |
|------|------|------|------|------|------|------|
| Richard A. Behrenhausen | 438 | * | 438 | * | 438 | * |
| Charles T. Brumback | 291,114(4) | * | 291,114 | 0 | 290,726 | 0 |
| Stanton R. Cook | 798,681(5) | 1.2% | 798,681 | 0 | 798,681 | 0 |
| Neal Creighton | 2,380 | * | 0 | 2,380 | 0 | 2,380 |
| James C. Dowdle | 237,581(6) | * | 237,581 | 0 | 237,193 | 0 |
| Jack Fuller | 50,936(7) | * | 50,936 | 0 | 50,615 | 0 |
| J. Nicholas Goodban | 300 | * | 300 | 0 | 300 | 0 |
| John W. Madigan | 404,847(8) | * | 384,227 | 20,620(9) | 383,839 | 20,620(9) |
| Louis J. Marsico, Jr. | 3 | * | 3 | 0 | 3 | 0 |

* Less than 1%

(1) Each of Messrs. Brumback, Dowdle, Fuller and Madigan have been allocated shares of Preferred Stock in their individual participant accounts in the Tribune Company's Employee Stock Ownership Plan (ESOP). The number of shares of Common Stock reported in this column as beneficially owned by such individuals does not include shares of Common Stock to which their allocated number of shares of Preferred Stock are convertible because such individuals do not have the power to decide when or if to convert such shares to Common Stock. The decision whether to convert the Preferred Stock is within the discretion of The Northern Trust Company, as trustee of the ESOP.

(2) Based on 67,367,779 shares of Common Stock outstanding as of April 29, 1994 as reported in the Issuer's Quarterly Report on Form 10-Q for the quarter ended March 27, 1994. However, the Issuer has 1,502,572 shares of Preferred Stock issued and outstanding which are entitled to vote as a class with the Common Stock and cast 4.58 votes per share (an aggregate of 6,881,780 votes). Even if the percentage in this column is calculated based upon the total votes eligible to be cast by holders of Common Stock and Preferred Stock taken together, the percentage of the total votes held by any executive officer or director, except Mr. Cook, would still be less than 1%. Mr. Cook's percentage of the total votes would be 1.1%.

(3) The number of shares shown in these columns includes the rights to acquire shares pursuant to stock options which are included in the aggregate number of shares beneficially owned by such executive officer or director.

SCHEDULE B
CONTINUED

BENEFICIAL OWNERSHIP OF SHARES
OF COMMON STOCK BY EXECUTIVE OFFICERS
AND DIRECTORS OF THE FOUNDATION

(4) Includes 7,120 shares of Common Stock in Mr. Brumback's account under Tribune Company's Savings Incentive Plan and 388 shares of Common Stock allocated to his individual participant account in the ESOP. Also includes rights to acquire 135,507 shares of Common Stock pursuant to stock options which are available for exercise prior to July 15, 1994. Excludes 468 shares of Preferred Stock allocated to Mr. Brumback's individual participant account in the ESOP and 1,075,200 shares of Common Stock owned by Cantigny Foundation, an Illinois not-for-profit corporation ("Cantigny") of which Mr. Brumback is a director.

(5) Includes rights to acquire 377,887 shares of Common Stock pursuant to stock options which are available for exercise prior to July 15, 1994. Also includes 9,600 shares of Common Stock owned by a trust, of which Mr. Cook's wife is the beneficiary and Mr. Cook is the trustee; however, pursuant to the authority of Rule 13d-4, Mr. Cook expressly declares that the filing of this Amendment No. 2 to Schedule 13D shall not be construed as an admission that he is, for purposes of Section 13(d) of the Securities Exchange Act of 1934, the beneficial owner of the shares owned by the trust. Excludes 1,075,200 shares of Common Stock owned by Cantigny of which Mr. Cook is a director.

(6) Includes 243 shares of Common Stock in Mr. Dowdle's account under Tribune Company's Savings Incentive Plan and 388 shares of Common Stock allocated to his individual participant account in the ESOP. Also includes rights to acquire 116,320 shares of Common Stock pursuant to stock options which are available for exercise prior to July 15, 1994. Excludes 468 shares of Preferred Stock allocated to Mr. Dowdle's individual participant account in the ESOP and 1,075,200 shares of Common Stock owned by Cantigny of which Mr. Dowdle is a director.

(7) Includes 321 shares of Common Stock allocated to Mr. Fuller's individual participant account in the ESOP. Also includes rights to acquire 48,500 shares of Common Stock pursuant to stock options which are available for exercise prior to July 15, 1994. Excludes 397 shares of Preferred Stock allocated to Mr. Fuller's individual participant account in the ESOP and 1,075,200 shares of Common Stock owned by Cantigny of which Mr. Fuller is a director.

(8) Includes 388 shares of Common Stock allocated to Mr. Madigan's individual participant account in the ESOP. Also includes rights to acquire 135,691 shares of Common Stock pursuant to stock options which are available for exercise prior to July 15, 1994. Excludes 468 shares of Preferred Stock allocated to Mr. Madigan's individual participant account in the ESOP, 38,400 shares of Common Stock owned by Chicago Tribune Foundation, an Illinois not-for-profit corporation, of which Mr. Madigan is a director and Chairman and 1,075,200 shares of Common Stock owned by Cantigny of which Mr. Madigan is a director.

SCHEDULE B
CONTINUED

BENEFICIAL OWNERSHIP OF SHARES
OF COMMON STOCK BY EXECUTIVE OFFICERS
AND DIRECTORS OF THE FOUNDATION

(9) These shares are owned by Mr. Madigan's wife, Holly, and their two sons, Mark W. Madigan and Griffith E. Madigan. However, pursuant to the authority of Rule 13d-4, Mr. Madigan expressly declares that the filing of this Amendment No. 2 to Schedule 13D shall not be construed as an admission that he is, for purposes of Section 13(d) of the Securities Exchange Act of 1934, the beneficial owner of the shares owned by his wife and sons. To the best of the Foundation's knowledge, the information called for by Item 2 of this Schedule 13D with respect to Mrs. Madigan, Mark Madigan and Griffith Madigan is as follows:

(a) Names - Holly W. Madigan, Mark W. Madigan and Griffith E. Madigan

(b) Addresses - Holly W.:   1160 Laurel Avenue, Winnetka, Illinois
                            60093 (Residence)

        Mark W. :           123 North Wacker Drive, Chicago,
                            Illinois 60606 (Business)

        Griffith E.:        13 Broadcast Plaza, S.W., Albuquerque,
                            New Mexico 87104 (Business)

(c)  Present Principal
     Occupations - Holly W.    -  Homemaker
                   Mark W.     -  Casualty insurance salesman
                                  Rollins Hudick Hall of Illinois
                                  123 North Wacker Drive
                                  Chicago, Illinois 60606
                Griffith E.    -  Trainee
                                  KRQE-TV
                                  13 Broadcast Plaza, S.W.
                                  Albuquerque, New Mexico 87104

(d)  Criminal Convictions - No

(e)  Civil Proceedings/Federal or State Securities Laws - No

(f)  Citizenship - United States

## SCHEDULE C

### TRANSACTIONS IN SHARES
### OF COMMON STOCK EFFECTED DURING THE
### PAST 60 DAYS BY EXECUTIVE OFFICERS AND DIRECTORS
### OF THE FOUNDATION

1. Mr. Behrenhausen purchased 13 shares of Common Stock on May 4, 1994 at a purchase price of $61.54 per share (exclusive of brokerage commissions and discounts).  The transaction was effected as a brokerage transaction through New York Stock Exchange composite trading.

2. Mr. Brumback purchased a total of 146,642 shares of Common Stock on April 28, 1994 through the exercise of stock options under the Issuer's 1992 Long-Term Incentive Plan for the following numbers of shares at the following purchase prices (exclusive of brokerage commissions and discounts):

    | | |
    |---|---|
    | 3,840 | $38.625 |
    | 40,000 | $41.000 |
    | 4,721 | $42.875 |
    | 12,607 | $42.875 |
    | 6,561 | $47.625 |
    | 3,280 | $47.625 |
    | 25,633 | $47.625 |
    | 50,000 | $45.000 |

    Mr. Brumback paid for such shares by relinquishing to the Issuer 116,819 shares of Common Stock valued at $63.125 per share (exclusive of brokerage commissions and discounts) and he simultaneously received replacement options for 113,122 shares of Common Stock exercisable at $63.125 per share on or after April 28, 1995 through the expiration date of the options which were exercised on April 28, 1994.

3. Mr. Creighton purchased 32.709 shares of Common Stock on April 14, 1994 at a purchase price of $61.15 per share (exclusive of brokerage commissions and discounts).  The transaction was effected as a brokerage transaction through New York Stock Exchange composite trading.

4. Mr. Creighton purchased 33.822 shares of Common Stock on May 12, 1994 at a purchase price of $59.13 per share (exclusive of brokerage commissions and discounts).  The transaction was effected as a brokerage transaction through New York Stock Exchange composite trading.

5. Mr. Dowdle purchased a total of 83,849 shares of Common Stock on May 3, 1994 through the exercise of stock options under the Issuer's 1992 Long-Term Incentive Plan for the following numbers of shares at the following purchase prices (exclusive of brokerage commissions and discounts):

SCHEDULE C
CONTINUED

TRANSACTIONS IN SHARES
OF COMMON STOCK EFFECTED DURING THE
PAST 60 DAYS BY EXECUTIVE OFFICERS AND DIRECTORS
OF THE FOUNDATION

|  |  |
|---|---|
| 4,800 | $38.625 |
| 12,607 | $42.875 |
| 15,146 | $46.000 |
| 26,296 | $46.000 |
| 25,000 | $45.000 |

Mr. Dowdle paid for such shares by relinquishing to the Issuer 67,489 shares of Common Stock valued at $63.00 per share (exclusive of brokerage commissions and discounts) and he simultaneously received replacement options for 67,489 shares of Common Stock exercisable at $63.00 per share on or after May 3, 1995 through the expiration date of the options which were exercised on May 3, 1994.

6.   Mr. Fuller sold 3,524 shares of Common Stock on March 31, 1994 at a sale price of $59.31 per share (exclusive of brokerage commissions and discounts) by way of a reallocation of his investment in the Issuer's Savings Incentive Plan.

7.   Mr. Madigan purchased a total of 111,844 shares of Common Stock on May 9, 1994 through the exercise of stock options under the Issuer's 1992 Long-Term Incentive Plan for the following numbers of shares at the following purchase prices (exclusive of brokerage commissions and discounts):

|  |  |
|---|---|
| 4,800 | $38.625 |
| 50,489 | $46.000 |
| 31,555 | $46.000 |
| 25,000 | $45.000 |

Mr. Madigan paid for such shares by relinquishing to the Issuer 93,651 shares of Common Stock valued at $59.875 per share (exclusive of brokerage commissions and discounts) and he simultaneously received replacement options for 93,651 shares of Common Stock exercisable at $59.875 per share on or after May 9, 1995 through the expiration date of the options which were exercised on May 9, 1994.

8.   Messrs. Brumback, Dowdle and Fuller have purchased shares of Common Stock through dividend reinvestments and investments from payroll withholding during the last 60 days under the Issuer's Savings Incentive Plan; however, the details regarding the number of shares and the purchase price for such shares have not, as of this date, been provided to these individuals by the Issuer.

**Dates Referenced Herein** *and* **Documents Incorporated By Reference**

| | | Referenced-On Page | | |
|---|---|---|---|---|
| *This SC 13D/A Filing* | *Date* | *First* | *Last* | *Other Filings* |
| | ▼ | | | |
| | 10/23/92 | 3 | | |
| | 3/27/94 | 5 | 10 | 10-Q |
| | 3/31/94 | 14 | | |
| | 4/13/94 | 6 | | |
| | 4/14/94 | 13 | | |
| | 4/28/94 | 13 | | |
| | 4/29/94 | 5 | 10 | |
| | 5/3/94 | 13 | 14 | |
| | 5/4/94 | 13 | | |
| | 5/9/94 | 14 | | |
| | 5/10/94 | 5 | | 10-Q |
| | 5/12/94 | 1 | 13 | |
| | 5/20/94 | 7 | | |
| Filed On / Filed As Of | 5/24/94 | | | |
| | 7/15/94 | 11 | | |
| | 4/28/95 | 13 | | |
| | 5/3/95 | 14 | | |
| | 5/9/95 | 14 | | |

Top                                                                          List All Filings

---

*Alternative Formats:*  Rich Text / Word (.rtf), Text (.txt), EDGAR (.sgml), XML (.xml), et al.

---

Copyright © 2007 *Fran Finnegan & Company* All Rights Reserved.
*www.secinfo.com* - *Mon, 9 Jul 2007 19:35:55.19 GMT* - *Help at SEC Info*