**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | : | CHAPTER 11 |
| | : | (Jointly Administered) |
| **TRIBUNE COMPANY,** *et al.* | : | |
| | : | Case No. 08-13141 (KJC) |
| Debtors | : | (Re: D.I. 5786) |

**MEMORANDUM ORDER SUSTAINING OBJECTION TO**
**CLAIMS OF EMERSON TUCKER**

Before the Court is the Debtors' Thirty-Sixth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007 (Claims Asserted by Emerson Tucker) (the "Claim Objection") (D.I. 5786). Mr. Tucker filed a response to the Claim Objection (D.I. 5999), which was supplemented (D.I. 7363, D.I. 7853) (the "Responses"). An evidentiary hearing was held at which Mr. Tucker appeared telephonically.

Mr. Tucker filed two proofs of claim (claim numbers 6447 and 6462) (the "Tucker Claims") against Debtor Chicago Tribune Company ("CTC") alleging damages arising out of a *pro se* action filed by Mr. Tucker in United States District Court for the District of New Jersey on May 2, 2008 (the "New Jersey Litigation").[1] Mr. Tucker's claims against CTC and other media defendants (the "Media Defendants") alleged that the Media Defendants acted in concert with one another and conspired with the New York Police Department to defame, libel, and slander him by calling him a "serial killer" following his arrest.[2]  The Debtors objected to the Tucker Claims because, among other reasons, the claims against the Media Defendants (including CTC)

---

[1] The case was styled *Tucker v. N.Y. Police Dept. et al.,* Case No. 2:08-cv-02156. (D.N.J.).

[2] Claim Objection, Ex. D (Order dated February 23, 2010, Case No. 2:08-cv-02156, document 131).

were dismissed by the opinion of the District Court dated February 23, 2010.[3]

The burden of proof as to the validity of the claim shifts between parties. *In re Sea Containers, Ltd.*, 2009 WL 2208128, *2 (Bankr.D.Del. July 22, 2009) citing *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). The shifting burdens of proof are described in *Allegheny Int'l* as follows:

> Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "*prima facie*" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. It is often said that the objector must produce evidence equal in force to the *prima facie* case....In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence....The burden of persuasion is always on the claimant.

*Allegheny Int'l*, 954 F.2d at 173-74 (citations omitted).

Here, the Debtors have provided sufficient evidence to refute the basis of the Tucker Claims. Mr. Tucker did not provide any evidence in support of his claims at the hearing, but argued that he was pursuing an appeal of the dismissal of his claims. (Tr. 3/23/11 at 21:11 - 22:18).[4]

---

[3]Claim Objection, Ex. D (Order dated February 23, 2010, Case No. 2:08-cv-02156, document 131, n. 1).

[4]The Court takes judicial notice of the Order dismissing the New Jersey Litigation based upon the filing of a "Suggestion of Death upon the Record of *Pro Se* Plaintiff Emerson Tucker Pursuant to Federal Rule of Civil Procedure 25(a)" stating that counsel for defendant Detective Dexter Honora was informed of the death of *pro se* plaintiff Emerson Tucker by a Chicago *Sun Times* article dated August 10, 2012. *Tucker,* Case No. 08-cv-02156, document 142 (D.N.J.). Federal Rule of Evidence 201 authorizes a court to take judicial notice of an adjudicative fact 'not subject to reasonable dispute'...[and] so long as it is not unfair to a party to do so and does not undermine the trial court's fact finding authority." *In re Indian Palms Assoc.*, 61 F.3d 197, 205 (3d Cir. 1995).

Accordingly, upon consideration of the Claim Objection, the Responses thereto, and after a hearing, and for the reasons set forth above, it is hereby **ORDERED** that the Claim Objection is **SUSTAINED**, and Claim Nos. 6477 and 6462 are hereby disallowed and expunged in their entirety.

BY THE COURT:

KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

Dated: September 6, 2013

cc::  J. Kate Stickles, Esquire[5]

---

[5]Counsel shall serve a copy of this Memorandum Order upon all interested parties and file a Certificate of Service with the Court.