# EXHIBIT A

**Claim No. 3333**

46429/0001-9840563V1

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE<br>Tribune Company Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5069<br>New York, NY 10150-5069 | **PROOF OF CLAIM** |
|---|---|
| | Filed: USBC - District of Delaware<br>Tribune Company, Et Al.<br>08-13141 (KJC)    0000003333 |

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|
| TRIBUNE TELEVISION COMPANY | 08-13241 (KJC) |

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)

TRB (MERGE2.DBF,SCHED_NO) SCHEDULE #: 241004820*****
KEITH YOUNGE
2117 MELVIN STREET
PHILADELPHIA, PA 19131   AND
DANIEL HETZNECKER, ESQUIRE, 1900 SPRUCE STREET,
PHILA., PA 19103
Telephone number: 215-735-6464  Email Address: DHetznecker@giosa-marshall.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____
067919

Your claim is scheduled by the Debtor as:

**UNSECURED**
**UNLIQUIDATED**
**DISPUTED**

Name and address where payment should be sent (if different from above)

SAME AS ABOVE

Telephone number:           Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 75,000.00

   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.

   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.
   ☐ Check this box if claim is for a claim related to goods delivered during the twenty (20) days prior to December 8, 2008 (the "Petition Date"), pursuant to 11 U.S.C. §503(b)(9). Please indicate amount entitled to 503(b)(9) $ _____

2. **Basis for Claim:** RACE DISCRIMINATION TITLE VII OF THE FEDERAL CIVIL RIGHTS ACT AND PENNSYLVANIA STATUTORY AND COMMON LAW
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:  ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
   Describe: _____
   Value of Property: $_____    Annual Interest Rate _____%

   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____    Basis for perfection: _____

   Amount of Secured Claim: $_____    Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries or commissions (up to $10,950*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

   **Amount entitled to priority:**
   $_____

   *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|
| 5/27/2009 | *[signature]* |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**FOR COURT USE ONLY**

**FILED / RECEIVED**

**JUN 0 1 2009**

**EPIQ BANKRUPTCY SOLUTIONS, LLC**



# CITY OF PHILADELPHIA

PHILADELPHIA COMMISSION ON
HUMAN RELATIONS
Curtis Center Building
601 Walnut St, 3rd Floor, Suite 300 South
Philadelphia, PA 19106
Telephone (215) 686-4670
Fax # (215) 686-4684

Rev. James S. Allen
Chairperson

Rue Landau Esq.
Executive Director

June 20, 2008

Mr. Keith M. Younge
2117 Melvin Street
Philadelphia, PA 19131

**Re:** Keith M. Younge vs WPHL-TV 17
**Docket No:** E08065202

Dear Mr. Younge:

The Complaint that was filed with this Commission has been docketed and assigned to me for initial investigation and fact finding. Enclosed is Notice of a Fact-Finding Conference that we have scheduled in your case. Please read this carefully, and immediately call me to confirm that you will attend the conference on the date indicated in the Notice. It is to your advantage that you be present and participate in the Fact-Finding Conference.

If you have any witnesses to testify on your behalf at the Conference, please let me know. If your witnesses are unable or unwilling to attend, please call me at least seven (7) days before the Conference.

No additional information is required at this time.

Please call me if you have any questions. Thank you for your cooperation.

Sincerely,

Paulette E. Banks
Compliance Investigator
(215) 686-4646

Encl.



# CITY OF PHILADELPHIA

PHILADELPHIA COMMISSION ON
HUMAN RELATIONS
Curtis Center Building
601 Walnut St, 3rd Floor, Suite 300 South
Philadelphia, PA 19106
Telephone (215) 686-4670
Fax # (215) 686-4684

**Rev. James S. Allen**
Chairperson

**Rue Landau Esq.**
Executive Director

June 23, 2008

## NOTICE OF FACT FINDING CONFERENCE

RE:   Keith M. Younge  vs  WPHL-TV 17
DOCKET NO: E08065202

To Complainant and Respondent:

You are requested to be present and participate in a Fact-Finding Conference (FFC) in the above-docketed matter, as follows:

> Date              : July 30, 2008
>
> Time              : 02:00 PM
>
> Location          : 601 Walnut St, 3rd Floor, Suite 300 South Hearing Room A

The FFC is a part of the continuing investigation and is intended to quickly, yet fully:

- define and clarify the issues of the Complaint
- gather evidence from both the Complainant and Respondent
- determine which elements of the Complaint are not disputed
- ascertain whether there is a basis for a negotiated settlement

The FFC is not a formal hearing and statements are not taken under oath; however, investigatory notes will be made. No determination will be issued at the FFC regarding the merits of the allegations or the evidence presented by either side.

The Commission encourages and will work with both parties to settle this charge by means of a negotiated settlement. If a settlement is reached, the Commission will not issue a finding on the merits of the Complaint and the case will be closed.

As a necessary part of the FFC, you are requested to provide the Commission with any documents which support your position, as well as any material requested in the enclosures.

If you have any witnesses who you wish to participate in the FFC, they may come with you. If and when the witnesses are needed, they will be called into the conference.

Although it is not necessary, the Respondent and the Complainant can be represented by attorneys who may act in an advisory capacity at the FFC.

If you have any questions, please call me.

Sincerely,

*Paulette E. Banks*
Paulette E. Banks
Compliance Investigator
(215) 686-4646

COMPLAINT

CITY OF PHILADELPHIA
COMMISSION ON HUMAN RELATIONS
34 SOUTH 11TH STREET, 6TH

Keith M. Younge
_____
(Complainant)

_____
(Complainant)

vs.

COMPLAINT Num: BMAA-7F5PL8
DOCKET Num: E08065202

WPHL- TV
_____
(Respondent)

_____
(Respondent)

1. The Complainant(s) herein (is) (are):
   (Name) Keith M. Younge
   (Address) 2117 Melvin Street, Philadelphia, PA 19131
   (Name)
   (Address)

2. The Respondent(s) herein (is) (are):
   (Name) WPHL- TV
   (Address) 5001 Wynnefield Avenue, Philadelphia, PA 19131
   (Name)
   (Address)

3. On or about to wit, 06/09/2008 prior thereto and continuing thereafter, in Philadelphia, Penna., the Respondent(s) discriminated against the black Complainant with regards to the terms, conditions and privileges of employment by, including but not limited to, subjecting him to a hostile work environment and then terminating him; all because of his race and/or color.

4. Such actions by the Respondent(s) constitute(s) an unlawful discriminatory practice and is in violation of the following Section(s) of the Philadelphia Code:

9-1103 (A)
[X] (1)   [ ] (3)(c)   [ ] (6)
[ ] (2)   [ ] (4)(a)   [ ] (7)
[ ] (3)(a) [ ] (4)(b)
[ ] (3)(b) [ ] (5)

9-1104 (A)
[ ] (1)   [ ] (6)   [ ] (11)
[ ] (2)   [ ] (7)   [ ] (12)
[ ] (3)   [ ] (8)   [ ] (13)
[ ] (4)   [ ] (9)
[ ] (5)   [ ] (10)

9-1105 (A)
[ ] (1)(a)
[ ] (1)(b)
[ ] Other

5. No action based on the allegations set forth in this complaint has been instituted by the Complainant(s) with the Pennsylvania Human Relations Commission with respect to the same grievance except as follows:

6. The commercial housing accommodations with regard to which the aforesaid violations occured are located at the following address(es), in Philadelphia, Pennsylvania:

Subscribed and sworn to before me on this 9th day of June, 2008 at Philadelphia, Pa.

My commission expires

_____
(Notary Public)

_____
(Complainant)

_____
(Complainant)

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
WILMA J. HOLMES, Notary Public
City of Philadelphia, Phila. County
My Commission Expires October 26, 2009



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Philadelphia District Office

801 Market Street
13th Floor
Philadelphia, PA  19107

EEOC Charge Number: 17G-2008-00219C    Date: 6-13-08

Dear Charging Party:

Your charge of employment discrimination as filed with the Philadelphia Commission on Human Relations (PCHR) will also be forwarded to the Philadelphia District Office of the U.S. Equal Employment Opportunity Commission (EEOC) for dual-filing. This dual-filing is done in order to preserve your federal rights as explained below. The EEOC charge number will be assigned by the PCHR in addition to PCHR's own charge number. This letter, which will be sent to you by the PCHR, constitutes your notification of the dual-filing with EEOC. The Respondent named in your charge will also be notified by PCHR of the dual-filing with EEOC.

The EEOC will refrain from any processing of your charge until such time as the PCHR completes its processing and issues final findings and orders. At that time, the PCHR will notify the EEOC of the closure so that EEOC can review the PCHR finding. Those final findings and orders may be adopted by EEOC and the EEOC case would then be closed based on the PCHR proceedings.

However, under Section 1601.76 of EEOC's regulations, you are entitled to request that EEOC perform a Substantial Weight Review of the PCHR's final finding. To obtain this review, you must request it by writing to EEOC within 15 days of your receipt of PCHR's final finding in your case. Otherwise, EEOC will generally adopt the PCHR's findings.

To request a Substantial Weight Review, you should address your request to the address shown in the letterhead above, to the attention of the State and Local Unit. In addition, you should provide as much specific detail as possible as to why you are dissatisfied with the PCHR investigation or finding.

While your charge is being investigated by the PCHR, you should address any concerns or additional information concerning your charge or the PCHR investigation directly to the PCHR. This will ensure that such concerns or information are provided to the appropriate person(s). Please do not contact the EEOC directly as EEOC will not be able to assist you while the charge is being processed by PCHR.

The dual-filing of the charge with EEOC will preserve your rights to file a private lawsuit in federal district court as follows:

a. If your charge is filed under Title VII of the Civil Rights Act of 1964, as amended (Title VII) (that is, based on race, sex, color, religion, or national origin) or under the Americans With Disabilities Act of 1990, as amended (ADA) (that is, based upon a mental or physical disability), you can only file a lawsuit in Federal Court if EEOC first issues you a Notice of Right to Sue. To obtain such a Notice, you must wait for 240 days from the date you filed your charge with PCHR. You must thereafter make a written request for issuance of the Notice of Right to Sue. This request can be sent directly to EEOC at the address shown in the letterhead above or you can send the request to the PCHR for forwarding to EEOC. Upon its receipt, EEOC will issue you the Notice of Right to Sue and you would have 90 days in which to file suit. The issuance of the Notice of Right to Sue will normally result in EEOC terminating all further processing.

b. If your charge is filed under the Age Discrimination in Employment Act of 1967, as amended (ADEA), (that is, based on age 40 or older), you do not have to request a Notice of Right to Sue from EEOC if you wish to file a lawsuit in Federal Court. Instead, you must wait at least 60 days from the date you filed your charge with the PCHR, regardless of the status of the PCHR or EEOC processing. Thereafter, you can file a private lawsuit directly in Federal Court without first contacting EEOC in any manner.

If based upon EEOC's review of PCHR's final finding, the EEOC determines that the finding should be accepted as the basis for EEOC's closure, you will be so notified in writing. If the PCHR closure is for any reason other than a successful settlement or a withdrawal, the EEOC closure will also include a Notice of Right to Sue. This applies to charges filed under Title VII, the ADA and/or the ADEA. In such an event, you would then have 90 days from the date of your receipt of that Notice to file suit in federal district court.

EEOC's regulations require that you notify EEOC of any change in address and keep us informed of any prolonged absence from your current address. However, if the PCHR is still processing your charge, you should forward any such notification of change of address directly to the PCHR. You should also cooperate fully with the PCHR in its processing of your charge.

Should you contact EEOC to request a Substantial Weight Review or to request a Notice of Right to Sue, please include the EEOC Charge Number in your correspondence to EEOC.

Sincerely,

Marie M. Tomasso
District Director

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME
(If more than one, list below.)

| CHARGE OF DISCRIMINATION | ENTER CHARGE NUMBER |
|---|---|
| This form is affected by the Privacy Act of 1974 | EEOC NUMBER<br>FEPA NUMBER |

### PHILADELPHIA COMMISSION ON HUMAN RELATIONS

| NAME (Indicate Mr., Mrs., Ms) | HOME TEL. NO.(Include Area Code) |
|---|---|
| Younge, Keith M. | (610) 529-5180 cell |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 2117 Melvin Street, Philadelphia, PA 19131 | | |

| NAME | NO. OF EMPLOYEES OR MEMBERS | TELEPHONE NUMBER (Incl. Area Code) |
|---|---|---|
| WPHL-TV | 15+ | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| 5001 Wynnefield Avenue, Philadelphia, PA 19131 | |

| NAME | TELEPHONE NO. (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| | |

[X] RACE  [ ] RELIGION  [ ] DISABILITY
[X] COLOR  [ ] NATIONAL ORIGIN  [ ] OTHER (Specify)
[ ] SEX  [ ] AGE
[ ] SEX HARASSMENT  [ ] RETALIATION

DATE DISCRIMINATION TOOK PLACE
EARLIEST
LATEST

[ ] Continuing Action

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s):

See Attached PCHR Complaint Form

[X] I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary to meet State and Local Requirements)

S))))))))))))))))))))))))))))))))))))))Q

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

6/9/08
Date (Signature)    Charging Party

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

## PHILADELPHIA COMMISSION ON HUMAN RELATIONS

Keith M. Younge,  :  DOCKET #   E08065202

VS

WPHL--TV  :  EEOC #   17G-200800219C

## STATEMENT OF PARTICULARS

The Black Complainant made the following allegations:

1. On 4/15/08, the Complainant was hired as a Master Controller; Michael Hort (w/m) was his immediate Supervisor.

2. The Complainant was on a 30-day probation period and was training 3-4 days a week. He was not a permanent, full time employee. The Complainant's schedule changed weekly due to training sessions.

3. On 5/7/08, while working 10 PM - 6:00 am., the Complainant stated that Sandy (w/m)_____, Master Controller, told him if you run into any trouble tonight, make sure you tell me tomorrow.

4. The Complainant asked Steve (w/m), Master Controller, why Sandy made that comment and Steve stated Rick Shultz (w/m) will train you tonight and he (Shultz) has a problem. The Complainant asked "with me?" and Steve responded, "no he just has a problem".

5. At approximately 10:50 pm, Rick Shultz entered the room where the Complainant was to be trained, and said to the Complainant "Hey Spike, you want to get this off the table"? The Complainant stated that Shultz was referring to his brief case.

6. The Complainant assumed that Shultz didn't know his name, and introduced himself, saying " Hi, my name is Keith".

7. Shultz, responded "as far as am concern you are Spike Lee". The Complainant walked over to Shultz, and stated, " I told you what my name is", and he looked at the Complainant and said, " I'll call you anything I want to". The Complainant stated this escalated to a lot of yelling & screaming by both parties.

8. The Complainant alleged that Rick Shultz told him "take that shit back to the ghetto hommie ". The Complainant told Shultz that he lives in King of Prussia; and he didn't know that was the ghetto.

9. The Complainant told Shultz, "All you have to do is train me". Shultz responded, "you are

only an intern". The conversation got very heated, and Shultz went to the other office.

10. The Complainant stated that the Security Officer was called, and he walked outside with the Security Officer. The Complainant stated that Rick went to the other office, handed the him a cell phone, and said, "Ed _____, (w/m) Manager of Engineering, was on the cell phone".

11. Ed, Manager, asked the Complainant what had happened and the Complainant explained what had occurred. The Complainant stated that Ed was very upset with Shultz, and was very apologetic to him stating that Rick (Shultz) was "way out of line".

12. The Complainant was told that first thing in the morning contact Human Resources, the Union, and the General Manager for the station.

13. On 5/8/08, the Complainant called Ed, Manager, and MIchael Hort, Supervisor to go over the situation and apologized to them. The Complainant was told, " you should have never had to deal with that- we have had problems with Shultz before". The Complainant also went over the situation with someone in Human Resources, but doesn't know the person's name.

14. On 5/12/08, the Complainant called Michael Hort, Supervisor and got his voicemail, since he had not heard from anyone yet.

15. Two hours later, the Human Resources Manager called the Complainant to ask a couple of questions, i.e.-- "Did you curse at Rick", to which the Complainant responded "yes". "Do you remember what you said"-the Complainant stated "no, I was angry I don't remember". "Did you spit on him", to which the Complainant stated "absolutely not". The Complainant told her-- if you want to you bring Rick in, I'll come in, and we will straighten this whole thing out.

16. The Human Resources person stated "I'll call you back". The Complainant stated he never received a call from anyone.

17. On 5/15/08, the Complainant called Michael Hort again, to check on his status. Hort informed the Complainant that he was in the HR office, and after their investigation, they concluded that the Complainant had violated the code of conduct, and they were terminating his relationship with the company.

18. The Complainant stated that he was subjected to a hostile work environment, discriminated against and terminated all because of his race and/or color.



**CITY OF PHILADELPHIA**

PHILADELPHIA COMMISSION ON
HUMAN RELATIONS
Curtis Center Building
601 Walnut St, 3rd Floor, Suite 300 South
Philadelphia, PA 19106
Telephone (215) 686-4670
Fax # (215) 686-4684

**Rev. James S. Allen**
Chairperson

**Rue Landau Esq.**
Executive Director

## INVITATION FOR
## PRE-DETERMINATION SETTLEMENT

The Philadelphia Commission on Human Relations urges both Complainant and Respondent to consider a Pre-Determination Settlement of this Complaint. The advantages to both parties are considerable when compared to the full investigative process.

The specific advantages to the Respondent include:

- Financial liability in cases where back pay is at issue ceases with the Pre-Determination Settlement.
- Avoidance of the disruption and loss of time that a thorough investigation necessarily entails.
- No fault or guilt may be imputed to the Respondent.
- Pre-Determination Settlement precludes further action by the Complainant in court or with another governmental civil rights agency, such as EEOC or the U.S. Department of Labor.
- The Charge is settled within a matter of weeks, while a thorough investigation may require months.
- Substantial costs and attorneys' fees may be avoided.

This Commission recognizes that a Complainant who agrees to a Pre-Determination Settlement may not receive everything to which she/he would be entitled if the allegations should be proved and relief should be ordered by the Commission or a court, and that a Respondent that enters into a Pre-Determination Settlement may offer relief that would not subsequently be required by the Commission or a court. However, on balance, the advantages of entering into a Pre-Determination Settlement outweigh the uncertainty of prolonged investigation and further processing of the cases.

If you would like to offer a settlement of the Complaint before we have made any determination as to the merits of the charge against you, this can be done before the investigation has begun, or at any time during the course of the investigation.

The assigned investigator, Paulette E. Banks, is available to discuss Pre-Determination Settlement with you.

# PHILADELPHIA COMMISSION ON HUMAN RELATIONS

In the matter of: Keith M. Younge  vs  WPHL-TV 17
DOCKET NO:  E08065202

## ENTRY OF APPEARANCE OF COUNSEL

Please enter my appearance in the above-captioned matter on behalf of:

[ ] I am authorized to accept service of all pleadings and other documents on behalf of the above-named in this matter.

[ ] I request a copy of each document hereafter issued by the Philadelphia Commission Human Relations in this matter.

_____
Attorney (Signature)

_____
Name (Printed)

_____
Address

_____
City, State, Zip Code

_____
Telephone number (including Area Code)

# GIOSA & HETZNECKER, P.C.
ATTORNEYS AT LAW
1900 SPRUCE STREET
PHILADELPHIA, PA 19103-6697

ANTHONY J. GIOSA*
DANIEL J. HETZNECKER*†

OF COUNSEL:
JOHN F. HILFERTY*

*ALSO MEMBER OF NJ BAR
† L.L.M. TRIAL ADVOCACY

(215) 735-6464
FAX (215) 546-4233

NEW JERSEY OFFICE
ONE GREENTREE CENTRE, SUITE 201
ROUTE 73 & GREENTREE ROAD
MARLTON, NJ 08053
(856) 783-7840
FAX (856) 231-5386

May 27, 2009

Tribune Company Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5069
New York, NY 10150-5069

        RE: My Client/Creditor: Keith Younge
            Debtor: Tribune Television Company
            Case No.: 08-13241 (KJC)

Dear Sir/Madam:

    Please be advised that I represent Keith Younge, a creditor in the above-referenced bankruptcy. I am enclosing an original and one copy of a Proof of Claim filed on behalf of my client. Attached to the Proof of Claim is my client's filed Race Discrimination Complaint. The Complaint was filed with the City of Philadelphia Commission on Human Relations on June 9, 2008.

    Would you kindly file the Proof of Claim and return a filed time-stamped copy to my office in the envelope enclosed.

    If you have any questions or require additional information, please notify me immediately. Thank you for your attention to this matter.

                        Very truly yours,

                        Daniel J. Hetznecker, Esquire

DJH/pmb
encls.

SENT BY CERTIFIED MAIL - RRR

