IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Ref. Docket Nos. 7675, 8061, 8127, and 8189<br><br>Hearing Date: October 8, 2013 at 10:00 a.m. ET<br>Response Deadline: October 1, 2013 at 4:00 p.m. ET |

**REORGANIZED DEBTORS' OBJECTION TO CLAIM NOS. 6687,
6694, AND 6695 OF COOK COUNTY DEPARTMENT OF REVENUE
PURSUANT TO SECTION 502(b)(9) OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 3001, 3003, AND 3007**

The reorganized debtors in the above-captioned chapter 11 cases (the "Reorganized Debtors"), by and through their undersigned counsel, hereby submit this objection (the "Objection") to Claim Nos. 6687 and 6694, filed by Cook County Department of Revenue ("Cook County") against Tribune Company ("Tribune"), and Claim No. 6695, filed by Cook County against Tribune CNLBC, LLC[2] ("Tribune CNLBC") (the "Additional Tax Claims," and,

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

46429/0001-9841327v1

collectively with the Original Tax Claim (as defined herein), the "Tax Claims"). The Tax Claims are attached hereto as Exhibit A.

This Objection incorporates by reference the pleadings filed and arguments made in connection with the Debtors' previously-filed objection to Claim No. 6683 (the "Original Tax Claim"), as set forth in the Debtors' Forty-First Omnibus Objection (Non-Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 [Docket No. 7675] (the "Original Objection"), the Reply (as defined herein), and at the March 22, 2011 hearing on the Original Tax Claim.

## STATUS OF THE CASE AND JURISDICTION

1.  On December 8, 2008 (the "Petition Date"), Tribune and certain of its affiliates (collectively, the "Debtors")[3] each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.

2.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket Nos. 43, 2333].

3.  The Bar Date for the filing of proofs of claim against Tribune was June 12, 2009.[4] The Bar Date for the filing of proofs of claim against Tribune CNLBC was July 26, 2010.[5]

---

[3] As used herein, the term "Debtors" refers to the entities that were predecessors to the Reorganized Debtors prior to the Debtors' emergence from their chapter 11 cases.

[4] See Order Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof entered on March 26, 2009 [Docket No. 813] (the "Bar Date Order").

[5] See Order Establishing Bar Date for Filing Proofs of Claim in the Tribune CNLBC, LLC Bankruptcy Case and Approving the Form and Manner of Notice Thereof entered on June 7, 2010 [Docket No. 4709] (the "CNLBC Bar Date Order" and, collectively with the Bar Date Order, the "Bar Date Orders").

2

46429/0001-9841327v1

4.      On July 23, 2012, the Court entered the Order Confirming Fourth Amended Joint Plan of Reorganization (the "Plan") for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 12074].

5.      The Effective Date of the Plan occurred on December 31, 2012.

6.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007.

## RELEVANT BACKGROUND[6]

7.      On December 9, 2010, Cook County filed the Original Tax Claim for $1,286,329.03 against Tribune [Claim No. 6683]. On January 19, 2011, Cook County filed Claim No. 6687 with the Clerk of the Court, which purported to amend the Original Tax Claim.[7,8]

8.      On January 28, 2011, the Debtors filed the Original Objection, requesting that the Court disallow in full and expunge the Original Tax Claim as a claim that was filed after the applicable Bar Date (as more fully set forth therein).

---

[6] The material facts presented in this Objection are not in dispute. Accordingly, this Objection can be adjudicated as a matter of law.

[7] As Claim No. 6687 was filed with the Clerk of the Court on January 19, 2011, but was not mailed to the Claims Agent (as defined in the Original Objection) as required by the Bar Date Orders, the Claims Agent received a copy of this claim from the Clerk of the Court on January 28, 2011, the day the Original Objection was filed, and Claim No. 6687 was not received by the Debtors until after the Original Objection was filed. See Claim No. 6687 at p. 1 (file stamp of Clerk of Court states receipt on January 19, 2011).

[8] The Reorganized Debtors reserve their rights to object on any all other grounds in the event the Original Objection and/or this Objection are not sustained on the grounds that the Tax Claims are untimely.

9. On February 18, 2011, Cook County filed the Response of Cook County Department of Revenue to Debtors' Forty-First Omnibus Objection [Docket No. 8061] (the "Response").

10. On February 24, 2011, the Debtors filed their Reply to the Response of Cook County Department of Revenue to Forty-First Omnibus Objection [Docket No. 8127] (the "Reply").[9]

11. On February 18, 2011, Cook County filed Claim No. 6694 with the Clerk of the Court, which purported to amend the amount of the Original Tax Claim and asserted the amended claimed amount against Tribune CNLBC. Also on February 18, 2011, Cook County filed Claim No. 6695 with the Clerk of the Court, which purported to amend the claimed amount of the Original Tax Claim. The Debtors received both Claim Nos. 6694 and 6695 after the Reply was filed.

12. The Court held a hearing on the Original Tax Claim on March 22, 2011 and took the matter under advisement. As of the filing of this Objection, the Court has not issued a decision regarding the Tax Claim.[10]

## ARGUMENT

13. The Reorganized Debtors are filing this Objection to object to the Additional Tax Claims on the same basis as the Original Tax Claim. The Reorganized Debtors incorporate by reference all of the facts and arguments set forth and made in the Original Objection and the Reply, as well as at the March 22, 2011 hearing on the Original Tax Claim. The Reorganized Debtors further consent to the incorporation into the record respecting this

---

[9] The Debtors noted the purported amendment of the Tax Claim by Claim No. 6687 in footnote 3 of the Reply.

[10] The Court noted at its August 2, 2013 hearing that this matter was still under advisement. Tr. 8/02/13 at 37:9-11 ("In fact, I think this is – there may be one other dispute – tax dispute that I have under advisement . . . .").

4

Objection of all arguments made by Cook County in the Response and at the March 22, 2011 hearing on the Original Tax Claim.

14. The Additional Tax Claims are premised on the same underlying subject matter as the Original Tax Claim and suffer from the same deficiency as the Original Tax Claim; i.e., that the Additional Tax Claims are late-filed, just as the Original Tax Claim was. Even if the Additional Tax Claims were deemed to be valid amendments to the Original Tax Claim, they relate back to an untimely claim and provide no new information either to suggest that they were timely or to justify their untimeliness. Accordingly, the Reorganized Debtors object to the Additional Tax Claims on the same grounds they objected to the Original Tax Claim. Moreover, permitting the adjudication of the Additional Tax Claims on the same grounds as the Original Tax Claim is an efficient use of this Court's time and resources, as the dispute over whether the Original Tax Claim was timely was fully briefed and has been the subject of a hearing before this Court.

15. The Reorganized Debtors have submitted a proposed form of order in accordance with this request. For the convenience of the Court, the proposed order submitted herewith contemplates the disallowance of the Original Tax Claim (i.e., Claim No. 6683) as well as the Additional Tax Claims, and hence supersedes the form of proposed order that was submitted with the Original Objection.

## NOTICE

16. Notice of this Objection has been provided to: (i) the Office of the United States Trustee, (ii) Cook County, and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Reorganized Debtors submit that no other or further notice is necessary.

WHEREFORE, for the reasons set forth herein, the Reorganized Debtors respectfully request that the Court enter an order, pursuant to section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007, (i) disallowing in full the Original Tax Claim as late-filed; (ii) disallowing in full the Additional Tax Claims as late-filed; (iii) authorizing the Claims Agent to expunge the Tax Claims from the Claims Register; and (iv) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
September 6, 2013

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Kenneth P. Kansa
Jillian K. Ludwig
Mike T. Gustafson
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR REORGANIZED DEBTORS

46429/0001-9841327v1