# EXHIBIT A

## SUPPLEMENTAL BARNES DECLARATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

**DECLARATION OF ANN BARNES IN SUPPORT OF THE REORGANIZED DEBTORS' OBJECTION TO THE CLAIMS OF THE TRUCK DRIVERS & HELPERS LOCAL UNION NO. 355 RETIREMENT PENSION FUND AND THE TRUCK DRIVERS & HELPERS LOCAL UNION NO. 355 HEALTH AND WELFARE FUND**

I, Ann Barnes, declare as follows:

1. I am the Labor Relations Director at the Baltimore Sun. In this position, I am responsible for the negotiation, implementation, management, and oversight of all union contracts to which the Baltimore Sun is a party.

2. I have read the Reorganized Debtors' *Reply in Support of the Objection to the Claims of the Truck Drivers & Helpers Local Union No. 355 Retirement Pension Fund and*

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

*the Truck Drivers & Helpers Local Union No. 355 Health and Welfare Fund Pursuant to Section 502(b) of the Bankruptcy Code, and Bankruptcy Rules 3003 and 3007* (the "Reply")[2] and am directly, or by and through the Reorganized Debtors' personnel and advisors, familiar with the information contained therein. I am authorized to submit this supplemental declaration (the "Supplemental Declaration") in support of the Reply.

3.  This Supplemental Declaration supplements the previously-filed *Declaration of Ann Barnes in Support of Reorganized Debtors' Objection to the Claims of the Truck Drivers & Helpers Local Union No. 355 Retirement Pension Fund and the Truck Drivers & Helpers Local Union No. 355 Health and Welfare Fund*, a copy of which is attached to the Objection as Exhibit B.

4.  All matters set forth in this Supplemental Declaration are based on my personal knowledge and my review of relevant documents. If called upon to testify, I could and would testify competently to the facts set forth herein.

5.  In connection with the Objection, the Baltimore Sun undertook a review of its records concerning the Local 355 Claims. In addition to the numerous records related to the Local 355 Claims that are attached or otherwise described in the Objection, the Baltimore Sun identified additional records relating to the bargaining history between the Parties described as follows.

6.  As shown on page 1 of Exhibit C to the Objection, there have been five negotiations relating to the CBA between the Baltimore Sun and Local 355 that have taken place since 1993, plus the 1995 mid-term agreement to extend the contract expiring on December 31, 1996 to December 31, 1997. In the records maintained by the Baltimore Sun relating to those

---

[2] All capitalized terms used, but not defined herein, shall have the meanings ascribed to them in the Objection and the Reply.

2

negotiations (such as proposed terms by the Parties), which I believe to be accurate, there is no indication that Local 355 asked to make any changes to the language focusing on the Baltimore Sun's contribution to the Local 355 Funds.

7. My personal knowledge concerning the bargaining history between the Parties starts with the CBA signed on May 22, 2003. In the three negotiations that have occurred since I have participated in negotiating the CBA between the Baltimore Sun and Local 355, Local 355 has never asked to change the language relative to the Baltimore Sun's contributions to the Local 355 Funds.

8. Further, our bargaining records and agreements show that the four-day work week with 9.5 straight-time hour daily shifts was originally negotiated in the February 2000 mid-term "tractor-trailer" agreement. This shorter work-week with extended days was then incorporated into the 2003-2007 CBA. Although this was the first time it appears in the overall CBA, the change had been in place since February of 2000 when the "tractor-trailer" agreement was implemented.

[Remainder of Page Intentionally Left Blank]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 2nd day of October 2013.

_____
By: Ann Barnes