UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | : CHAPTER 11 |
| | : (Jointly Administered) |
| **TRIBUNE COMPANY,** *et al.*[1] | : |
| | : Case No. 08-13141 (KJC) |
| Debtors | : (Re: D.I. 7675, 13716) |

# MEMORANDUM ORDER SUSTAINING OBJECTION TO CLAIMS OF COOK COUNTY DEPARTMENT OF REVENUE[2]

**BY: KEVIN J. CAREY, UNITED STATES BANKRUPTCY JUDGE**

Before the Court is the Debtors' Forty-First Omnibus Objection (Non-Substantive) To Claims Pursuant To Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (D.I. 7675) (the "Claim Objection"). The Claim Objection included an objection to Claim No. 6683 filed by the Cook County Department of Revenue ("Cook County") because the claim was filed after the applicable claims bar date. Cook County asks this Court to overrule the Claim Objection, arguing that Bankruptcy Code §502(b)(9), by referring to Bankruptcy Code §726(a)(1), provides that tardy priority claims in chapter 11 cases should be allowed and paid before any distribution is made to general unsecured creditors (D.I. 8061). The Debtors filed a reply to the response of Cook County (D.I. 8127). A hearing on the Claim

---

[1] The chapter 11 case filed by Tribune Media Services, Inc. (Bky. Case No. 08-13236) is being jointly administered with the Tribune Company bankruptcy case and 109 additional affiliated debtors pursuant to the Order dated December 10, 2008 (docket no. 43). An additional debtor, Tribune CNLBC, LLC (formerly known as Chicago National League Baseball Club, LLC) filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009 (Bky. Case No. 09-13496), and also is being jointly administered with the Tribune Company bankruptcy case pursuant to this Court's Order dated October 14, 2009 (docket no. 2333). The debtors in the jointly administered cases are referred to herein as the "Debtors."

[2] This Memorandum Order constitutes the findings of fact and conclusions of law required by Fed.R.Bankr.P. 7052. This Court has jurisdiction to decide the motion before it pursuant to 28 U.S.C. § 1334 and §157(a). This is a core proceeding pursuant to 28 U.S.C. §157(b)(1) and (b)(2)(B).

Objection was held on March 22, 2011.

On September 6, 2013, the Reorganized Debtors filed a renewed objection to the claim of the Cook County Department of Revenue (the "Renewed Objection") (D.I. 13716), extending the objection to the additional proofs of claim filed by Cook County, including claim numbers 6687 and 6694 filed against Tribune Company, and claim number 6695 filed against Tribune CNLBC, LLC (D.I. 13716).[3] The Renewed Objection incorporates by reference the pleadings filed and arguments made in the original Claim Objection and asserts the same grounds for expunging the Cook County Claim, *i.e.*, untimeliness. Cook County filed a response to the Renewed Objection asserting the same argument against expungement of its claims (D.I.13730).

Background

On December 8, 2008, Tribune Company and certain affiliates (the "Tribune Affiliates") filed voluntary petitions under chapter 11 of the Bankruptcy Code. On October 12, 2009, Tribune CNLBC, LLC also filed a voluntary petition under chapter 11 of the Bankruptcy Code.

By Order dated March 25, 2009 (D.I. 813), this Court set June 12, 2009 as the bar date for any person or entity (including governmental units) to file a proof of claim against the Tribune Affiliates. By Order dated June 7, 2010 (D.I. 4709), this Court set July 26, 2010 as the bar date for any person or entity (including governmental units) to file a proof of claim against Tribune CNLBC, LLC.

On December 9, 2010, Cook County filed Claim No. 6683 against Tribune Company asserting a priority tax claim in the amount of $1,286,329.03 (the "Original Claim"). The

---

[3] Proof of Claim numbers 6683, 6687, 6694 and 6695 shall be referred to collectively herein as the "Cook County Claim."

Original Claim is based on unpaid home rule amusement taxes arising out of the operation of Tribune CNLBC, LLC, which owned and operated the Chicago Cubs. On January 19, 2011, Cook County amended the Original Claim by filing Claim No. 6687 in the amount of $1,519,196.85 (the "Amended Claim"). On February 18, 2011, Cook County filed Claim No. 6694 against Tribune Company and Claim No. 6695 against Tribune CNLBC, LLC (the "Second Amended Claims"), amending the Original Tax Claim and the Amended Claim by reducing the priority tax claim amount to $570,207.39.[4]

On July 23, 2012, this Court entered the Order Confirming the Fourth Amended Joint Plan of Reorganization (the "Plan") for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JP Morgan Chase Bank, N.A. (the "Confirmation Order") (D.I. 12074).[5] The Effective Date of the Plan was December 31, 2012.

Discussion

Cook County does not dispute that the Cook County Claim was filed after the applicable claim bar dates.[6] However, Cook County argues that the Claim Objection should be overruled because Bankruptcy Code §502(b)(9), by referring to Bankruptcy Code §726(a)(1), provides that

---

[4] The Debtors received a copy of the Amended Claim after the Claim Objection was filed. The Debtors received copies of the Second Amended Claims after filing their reply to Cook County's original response.

[5] Various parties filed appeals of the Confirmation Order, which have been consolidated with related appeals and are pending before the United States District Court for the District of Delaware (Civ. No. 12-cv-128).

[6] Neither in its Response, nor at the March 22, 2011 hearing, did Cook County argue that it did not receive notice of the applicable claim bar dates or that its late-filed claims should be allowed based on excusable neglect. See Fed.R.Bankr.P. 9006(b)(1); *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

tardy priority claims in chapter 11 cases should be allowed and paid before any distribution is made to general unsecured creditors. In other words, Cook County argues that tardiness is not a "legally cognizable basis" to disallow any priority tax claim. The Debtors argue in response that the exception in §502(b)(9) for tardily filed claims "as permitted under paragraph (1), (2), or (3) of section 726(a) . . . ." applies only to chapter 7 cases.

In a chapter 11 case, a proof of claim must be filed in accordance with the procedures set forth in Bankruptcy Rule 3003(c)(2) and (3), which provide, in pertinent part:

> (2) Who Must File. Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.
>
> (3) Time for filing. The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed.

Fed.R.Bankr.P. 3003(c).[7] If a party in interest objects to a filed proof of claim, §502(b)(9) provides that the court shall determine the amount of the claim, and allow the claim in that amount, *except to the extent that the proof of claim is not timely filed.* 11 U.S.C. §502(b)(9) (emphasis added). Section 502(b)(9) further includes an exception to the exception: a court should allow an untimely claim to the extent §726(a)(1), (2) and (3) permit payment of untimely claims in a chapter 7 distribution. *Id.* Cook County relies on §726(a)(1), which provides:

---

[7]The record does not reflect whether Cook County was required to file a proof of claim in this case. Since it did so, and the Debtors object to that filed claim, whether Cook County was required to file a proof of claim is not at issue.

4

> (a) Except as provided in section 510 of this title, property of the estate shall be distributed - -
> (1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title, proof of which is timely filed under section 501 of this title or tardily filed on or before the earlier of - -
> (A) the date that is 10 days after the mailing to creditors of the summary of the trustee's final report; or
> (B) the date on which the trustee commences final distribution under this section;

11 U.S.C. §726(a)(1).[8] Generally, §726, found in subchapter II of chapter 7, applies only in chapter 7 cases. 11 U.S.C. §103(b). A reading of the entirety of §726(a) makes this clear: §726(a)(1) refers to events which occur only in a chapter 7 liquidation case; and §726(a)(2) and (3) address priority of distribution, which applies only to a chapter 7 case because, in chapter 11, 12 or 13 cases, priority of distribution is governed by the terms of a confirmed plan.

Moreover, while §502(b)(9) applies to cases under chapters 7, 11, 12 or 13 (11 U.S.C. §103(a)), a limited reference to §726 in a chapter 5 section cannot operate to broaden the reach of §726 to other chapters. "If the mere mention in chapter 5 of an exception for late claims in chapter 7 automatically extended to the other chapters, it would be an exception without meaning, for the exception would swallow the rule." *In re Dennis,* 230 B.R. 244, 249 (Bankr. D.N.J. 1999).

Some creditors have argued, however, that §726 is incorporated into cases under chapters 11, 12 and 13 of the Bankruptcy Code pursuant to the "best interests of creditors" test that must be met to achieve plan confirmation. *See* 11 U.S.C. §1129(a)(7)(A)(ii), §1225(a)(4), and §1325(a)(4). The "best interests of creditors" test, applicable to chapter 11 cases, provides:

---

[8] Section 507(a)(8) permits priority payment of unsecured claims of governmental units, to the extent such claims are for "a tax required to be collected or withheld and for which the debtor is liable in whatever capacity." 11 U.S.C. §507(a)(8)(C).

5

>   (a)   The court shall confirm a plan only if all of the following requirements are met:
>   . . . .
>   (7)   With respect to each impaired class of claims or interests - -
>     (A)   each holder of a claim or interest of such class - -
>       (i)   has accepted the plan; or
>       (ii)  will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date;

11 U.S.C. §1129(a)(7). When considering whether a plan meets the best interests of creditors test, reference is made to §726 to calculate the likely distribution that creditors with allowed claims could expect to receive in a hypothetical chapter 7 liquidation of the debtor, and to compare that number to the proposed distribution to those creditors under the chapter 11 plan. *See In re Tribune Company*, 464 B.R. 126, 206 n.92 (Bankr. D.Del. 2011) (This Court looked to §726(a)(5) when considering whether the plan must provide for post-petition interest payments to certain creditors to meet the best interests of creditors test).

However, reference to §726 for the best interests of creditors test does not constitute an incorporation of §726 into chapter 11. Two bankruptcy courts that have considered this issue agree about the limited application of §726 to other chapters of the Bankruptcy Code. In *In re Wrenn Assoc., Inc.*, 2005 WL 3369272 (Bankr. D.N.H. Nov. 29, 2005), the chapter 11 debtor objected to an untimely claim, and the claimant asked the Court to allow the claim, but subordinate it to timely filed claims pursuant to §726(a)(3). The *Wrenn* Court decided that §726 does not apply to the distribution of property in a chapter 11 proceeding, noting:

> Section 726 of the Bankruptcy Code specifies how property of the bankruptcy estate is distributed to creditors in a chapter 7 proceeding. In contrast, property of the bankruptcy estate in a chapter 11 proceeding is generally distributed to creditors only in accordance with the terms of the confirmed plan of

> reorganization. . . . [Rule 3003(c)(2)] creates a procedural requirement that the holder of a claim must follow in order to have an allowed claim and receive a distribution under a chapter 11 plan of reorganization. The treatment of untimely filed claims in chapter 11 proceedings is identical to the treatment of such claims in chapter 13 proceedings wherein a creditor does not have a right to receive a distribution under a confirmed plan until it holds an allowed claim.

*Wrenn*, 2005 WL 3369272 at *2. Similarly, in *In re Wright*, 300 B.R. 453 (Bankr. N.D.Ill. 2003) the Court decided that §726 was not incorporated into chapter 13, writing:

> First, when Congress intends to incorporate a specific portion of chapter 7 into chapter 13 provisions, it knows how to do so clearly. *See, e.g.,* §1302, §1304. Section 1325(a)(4) contains no clear reference to §726(a), only an implicit and indefinite one. Second, application of the §726(a)(2)(C) exception to chapter 13 cases creates a host of new problems and ambiguities which reveal that Congress probably never intended to effect a wholesale incorporation of §726(a) into chapter 13.

*Wright*, 300 B.R. at 465.

> Collier on Bankruptcy, a leading treatise, states:
>
> Sections 1225(a)(4) and 1325(a)(4) [the best interests of creditors test] each protect the holder of an *"allowed unsecured claim"* from receiving less than it would in a liquidation, while section 1129(a)(7) refers to the holder of a "claim." As a result, a tardily filed claim would not be considered in the best interests test of chapter 12 or chapter 13, because that claim would be disallowed under section 502(b)(9) and therefore would not be an allowed unsecured claim. It is not clear whether the result is the same under section 1129(a)(7), although it probably should be.

6-726 COLLIER ON BANKRUPTCY ¶726.01 (16th ed. 2013) (emphasis added). I agree that the best interests of creditors test is applied in chapter 11 when considering a plan's treatment of *allowed* claims, but this does not answer the question of whether a claim should be allowed. Claims allowance is governed by Bankruptcy Code §502. The plain language of §502(b)(9) does not extend allowance of certain tardy claims under §726(a) to cases other than those filed under chapter 7. Here, Cook County acknowledges the late filing of its claim, does not assert that the

late filing is due to "excusable neglect," and does not assert any lack of due process with respect to adequacy of notice of the bar date.

Accordingly, upon consideration of the Claim Objection, the Renewed Objection and Cook County's Responses thereto, and after a hearing, and for the reasons set forth above, it is hereby **ORDERED** that the Claim Objection is **SUSTAINED,** and the Cook County Claims (Nos. 6683, 6687, 6694 and 6695) are hereby disallowed and expunged in their entirety.

BY THE COURT:

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

Dated: October 8, 2013

cc:: J. Kate Stickles, Esquire[9]

---

[9]Counsel shall serve a copy of this Memorandum Order upon all interested parties and file a Certificate of Service with the Court.