UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, *et al.*,<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>(Jointly Administered)<br>**Re: D.I. No. 2858**<br>**Obj. Deadline: 11/08/13 at 4:00 p.m.**<br>**Hearing Set: 12/10/13 at 10:00 a.m.** |

**MOTION OF CERTAIN FORMER TRIBUNE DIRECTORS AND OFFICERS
FOR ORDER TO AMEND THE DEPOSITORY ORDER
AND ACKNOWLEDGEMENT TO ALLOW D&O INSURERS
<u>TO RETAIN DISCOVERY DOCUMENTS</u>**

Certain of Tribune Company's Former Directors & Officers[1] move this Court for

entry of an order, in substantially the form attached hereto as Exhibit A (the "Order"), amending

the Court's Depository Order and corresponding Acknowledgement (as defined below) to allow

insurers of the Former Directors & Officers to retain copies of discovery materials produced in

these bankruptcy proceedings so that the insurers may comply with applicable insurance statutes

and regulations.  In support of this Motion, the Former Directors & Officers state as follows:

<u>BACKGROUND</u>

**I.    THE DEPOSITORY ORDER AND ACKNOWLEDGEMENT**

1.    In 2009, the Official Committee of Unsecured Creditors ("Committee") began

investigating potential causes of action related to events in the years leading up to the Debtors'

---

[1]    This motion is filed on behalf of the following individuals referred to as "Former Directors & Officers":  Harry Amsden; Chandler Bigelow; Stephen D. Carver; Dennis J. FitzSimons; Robert Gremillion; Donald C. Grenesko; Enrique Hernandez, Jr.; Mark W. Hianik; David Dean Hiller; Betsy D. Holden; Daniel G. Kazan; Crane H. Kenney; Timothy P. Knight; Timothy J. Landon; Richard H. Malone; Robert S. Morrison; William A. Osborn; Irving J. Quimby; John E. Reardon; J. Christopher Reyes; Scott C. Smith; Dudley S. Taft; John J. Vitanovec; Kathleen M. Waltz; Miles D. White; and David D. Williams.  As a matter of convenience, this group is referred to as the "Former Directors & Officers," but two of them, Chandler Bigelow and Dan Kazan, remain officers of Tribune Company.

bankruptcy filing. As part of that investigation, the Committee obtained discovery ("Discovery Documents") from various persons and entities, including the Debtors.

2.    The Discovery Documents were (and still are) relevant to nearly all parties in interest in the bankruptcy, including the those bringing and defending against claims in adversary actions. To establish an orderly system for access to Discovery Documents, the Debtors moved to create a centralized depository for use by all interested parties ("Depository Motion"[2]).

3.    The Court granted the Depository Motion on December 15, 2009 ("Depository Order"[3]). (*See* Exhibit B.) Pursuant to the Depository Order, interested persons and entities can access the centralized depository of all Discovery Documents ("Depository") upon written notice to the Committee and all parties that produced Discovery Documents.

4.    To gain access to the Depository, a party must sign an "Acknowledgement," attached as Exhibit A to the Depository Order, which sets forth certain rules pertaining to the use of any Discovery Documents in the Depository. One of those rules is that all Discovery Documents must be returned or destroyed within 60 days of the close of the bankruptcy proceedings or related adversary cases:

> Within sixty (60) days after the later to occur of (i) the consummation of a plan of reorganization for the Debtors pursuant to a final continuation order that is no longer subject to appeal, (ii) the conclusion of any litigation in the Cases for which use of the Discovery Documents remains necessary, or (iii) the conversion, discharge, dismissal, or other such termination of the Cases, the Debtors shall close the Depository and the undersigned shall return all Discovery Documents, and all copies thereof, in their

---

[2] *Expedited Motion for an Order (I) Authorizing the Debtors to Establish a Document Depository and Directing the Committee to Deliver Certain Documents to the Depository Pursuant to Federal Rule of Bankruptcy Procedure 2004 and (II) Establishing Settlement Negotiation Protections Pursuant to 11 U.S.C. § 105(a)* [D.I. No. 2781].

[3] *Order (I) Authorizing the Debtors to Establish a Document Depository and Directing the Committee to Deliver Certain Documents to the Depository Pursuant to Federal Rule of Bankruptcy Procedure 2004 and (II) Establishing Settlement Negotiation Protections Pursuant to 11 U.S.C. § 105(a)* [D.I. No. 2858].

possession, to counsel for the Producing Party or, in lieu thereof, certify in writing that such Discovery Documents have been destroyed. Notwithstanding the foregoing, the undersigned may retain documents containing confidential or highly confidential material that have been filed with the Court.

(Acknowledgement, Ex. A to Depository Order, at ¶ 15.)

5.      The Depository Order provides that this Court "shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation" of the Depository Order, including the Acknowledgement.  (Depository Order at 6.)

## II.    THE D&O INSURERS' INTEREST IN DISCOVERY DOCUMENTS AND THEIR STATUTORY DUTY TO RETAIN MATERIALS

6.      In 2010, the Committee filed an adversary action that included claims against the Former Directors & Officers: *The Official Committee of Unsecured Creditors of Tribune Company, et al. v. Dennis J. FitzSimons, et al.*, Adv. Proc. 10-54010 (KJC) ("Adversary Action").  The Litigation Trustee has replaced the Committee as plaintiff in the Adversary Action pursuant to the Confirmed Plan[4] and has recently filed a Fifth Amended Complaint.  The Adversary Action is now pending in the Southern District of New York in consolidated multidistrict litigation proceedings as *Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Dennis J. FitzSimons, et al.*, 12-cv-02652-RJS.  The Litigation Trustee's claims in the Fifth Amended Complaint in the Adversary Action are based in significant part on the Discovery Documents produced in these bankruptcy proceedings and contained within the Depository.

---

[4]      *Fourth Amended Joint Plan Of Reorganization For Tribune Company And Its Subsidiaries Proposed By The Debtors, The Official Committee Of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., And JPMorgan Chase Bank, N.A. (As Modified July 19, 2012)* [D.I. No. 12072].

7.      Tribune provided its directors and officers with primary and excess D&O liability insurance coverage.  The Former Directors & Officers have tendered the Adversary Action to the Insurers,[5] which have accepted coverage subject to certain reservations of rights.

8.      The primary D&O policy (to which the excess policies follow form) provides the Insurers the right "to effectively associate with the Insureds . . . regarding the investigation [and] defense" of potentially covered claims.  (Primary D&O Policy, attached as Ex. C, at § 16(c).)

9.      In light of the recent filing of the Fifth Amended Complaint and pursuant to the terms and conditions of the applicable policies, the Former Directors & Officers wish to provide the Insurers with copies of certain of the Discovery Documents.  In order to obtain Discovery Documents, however, the Insurers would first have to sign the Acknowledgement attached to the Depository Order and agree to its terms, one of which is the requirement that all Discovery Documents be returned or destroyed within 60 days of the end of these proceedings, the Adversary Action, or related proceedings.  The Insurers, however, cannot sign the Acknowledgment in its current form because the Acknowledgement's return-or-destroy requirement could force the Insurers to violate statutory and regulatory duties regarding the retention of documents.

10.     More specifically, the Insurers are subject to various statutes and regulations that require them to retain many types of documents, including documents related to potentially covered claims, for significant lengths of time.  *See, e.g.*, N.Y. Comp. Codes R. & Regs. tit. 11, §

---

[5]      "Insurers" refers to Federal Insurance Company, Illinois National Insurance Company, ACE American Insurance Company, Zurich American Insurance Company, Great American Insurance Company, AXIS Insurance Company, U.S. Specialty Insurance Company, RSUI Indemnity Company, St. Paul Mercury Insurance Company, Twin City Fire Insurance Company, Liberty Mutual Insurance Company, XL Specialty Insurance Company, Allied World Assurance Co., Corporate Officers & Directors Assurance Ltd., and AIG Casualty Co., each of which issued one or more D&O liability insurance policies to Tribune Company that provide coverage to the Former Directors & Officers.

243.2(b)(4) ("Except as otherwise required by law or regulation, an insurer shall maintain . . . [a] claim file for six calendar years after all elements of the claim are resolved and the file is closed or until after the filing of the report on examination in which the claim file was subject to review, whichever is longer."); *see also, e.g.*, Corp. Compl. Series: Record Retention § 9:14 (June 2013), attached as Ex. D, *available on* Westlaw *at* 0110 REGSURVEYS 11.  Thus, if the Insurers sign the Acknowledgement to gain access to the Discovery Documents, their obligations under the Acknowledgement to return or destroy Discovery Documents would directly conflict with their statutory and regulatory duties to retain claim-related materials for longer periods of time.  Due to this conflict, the Insurers are unable to sign the Acknowledgement, which has prevented the Former Directors & Officers from providing the Insurers with relevant Discovery Documents.

11.    The Insurers must be permitted to analyze Discovery Documents "to effectively associate with the Insureds . . . regarding the investigation [and] defense" of claims against the Former Directors & Officers in the Adversary Action.  Yet the current terms of the Depository Acknowledgement would require the Insurers to return or destroy Discovery Documents long before regulations and statutes would allow Insurers to do so.  Therefore, the Formers Directors & Officers respectfully request that the Acknowledgment be amended to allow the Insurers access to the Discovery Documents in a way that will allow them to comply with applicable law.

## REQUESTED RELIEF

12.    The Former Directors & Officers request that the Court enter the attached Order to amend the Depository Order and its Acknowledgement to allow Insurers to retain Discovery Documents in accordance with applicable statutes and regulations.  Specifically, the Former Directors & Officers ask the Court to amend paragraph 15 of the Acknowledgement attached as

Exhibit A to the Depository Order so that it reads as follows.  The underlined text shows the requested new language.

> Within sixty (60) days after the later to occur of (i) the consummation of a plan of reorganization for the Debtors pursuant to a final continuation order that is no longer subject to appeal, (ii) the conclusion of any litigation in the Cases for which use of the Discovery Documents remains necessary, or (iii) the conversion, discharge, dismissal, or other such termination of the Cases, the Debtors shall close the Depository and the undersigned shall return all Discovery Documents, and all copies thereof, in their possession, to counsel for the Producing Party or, in lieu thereof, certify in writing that such Discovery Documents have been destroyed.  Notwithstanding the foregoing, the undersigned may retain documents containing confidential or highly confidential material that have been filed with the Court.  Further, notwithstanding anything to the contrary herein, the undersigned Insurers may retain Discovery Documents beyond the 60-day period to the extent necessary to comply with applicable insurance regulations and insurance statutes.

13.    The Former Directors & Officers have presented the attached Order to the Litigation Trustee and the Reorganized Debtors.  Neither objects to its entry.

## CONCLUSION

For the foregoing reasons, the Former Directors & Officers ask that this Court enter the Order attached as Exhibit A and provide other relief the Court may deem just and proper.

Dated:  October 25, 2013                    Respectfully submitted,

**CONNOLLY GALLAGHER LLP**

_____
Jeffrey C. Wisler (#2795)
The Brandywine Building
1000 West Street, Suite 1400
Wilmington, DE  19801
Telephone:  (302) 757-7300
Facsimile:  (302) 658-0380

Of Counsel:
John R. McCambridge
**Grippo & Elden LLC**
111 South Wacker Drive
Chicago, IL 60606
Telephone:  (312) 704-7700
Facsimile:  (312) 558-1195

Counsel for Harry Amsden, Stephen D.
Carver, Dennis J. FitzSimons, Robert
Gremillion, Donald C. Grenesko, David
Dean Hiller, Timothy J. Landon, Richard H.
Malone, John E. Reardon, Scott C. Smith,
John J. Vitanovec, Kathleen M. Waltz and
David D. Williams

**JOINING PARTIES**

Steven C. Florsheim                         Richard A. Saldinger
**Sperling & Slater, P.C.**                 Allen J. Guon
55 West Monroe Street, Suite 3200           **Shaw Fishman Glantz & Towbin LLC**
Chicago, Illinois 60603                     321 North Clark Street, Suite 800
Telephone:  (312) 641-3200                  Chicago, Illinois 60654
Facsimile:  (312) 641-6492                  Telephone:  (312) 541-0151
                                            Facsimile:  (312) 980-3888

Counsel for Chandler Bigelow                Counsel for Crane H. Kenney

Matthew R. Kipp
**Skadden, Arps, Slate,**
**Meagher & Flom LLP**
155 North Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 407-0700
Facsimile: (312) 407-0411

Counsel for Enrique Hernandez,
Betsy D. Holden, Robert S. Morrison,
William A. Osborn, J. Christopher Reyes,
Dudley C. Taft, Miles D. White

Michael Dockterman
Jonathan W. Young
Patrick Frye
**Edwards Wildman Palmer LLP**
225 West Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 201-2000
Facsimile: (312) 201-2555

Counsel for Mark W. Hianik, Irving J.
Quimby

Michael T. Hannafan
Blake T. Hannafan
**Hannafan & Hannafan, Ltd.**
One East Wacker Drive, Suite 2800
Chicago, Illinois 60601
Telephone: (312) 527-0055
Facsimile: (312) 527-0220

Counsel for Timothy P. Knight

Alan Salpeter
Sheldon Solow
**Kaye Scholer LLP**
70 West Madison Street, Suite 4200
Chicago, Illinois 60602
Telephone: (312) 583-2300
Facsimile: (312) 583-2360

Counsel for Daniel G. Kazan

#05074973

8