EXHIBIT "B"

Get a Document - by Citation - 2009 Bankr. LEXIS 4270        https://www.lexis.com/research/retrieve?_m=5791885d0ab088bc115f31...

Switch Client | Preferences | Help | Sign Out

| My Lexis™ | Search | Get a Document | Shepard's® | More | | History | Alerts |

FOCUS™ Terms        Advanced... Get a Document        View Tutorial

Service: Get by LEXSEE®
Citation: 2009 Bankr. LEXIS 4270

*2009 Bankr. LEXIS 4270, \**

In re FELICIA LAURA COLLIER, Debtor. In re WILLIE JACKSON, Debtor.

No. 08-43740 TG, Chapter 13, No. 08-44842 TG, Chapter 13

UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

2009 Bankr. LEXIS 4270

January 5, 2009, Decided
January 6, 2009, Entered on Docket

**PRIOR HISTORY:** In re Collier, 416 B.R. 713, 2008 Bankr. LEXIS 3945 (Bankr. N.D. Cal., 2008)

**CORE TERMS:** property taxes, percent per annum, bankruptcy case, confirmation, notice, above-captioned, post-petition, legislatively, delinquent, intervene, qualify, accrue, void, moot

**COUNSEL:** [*1] For Willie Jackson, Debtor: David Ashley Smyth, Smyth Law Offices, Walnut Creek, CA.

Trustee: Martha G. Bronitsky, Hayward, CA.

**JUDGES:** LESLIE TCHAIKOVSKY, U.S. Bankruptcy Judge.

**OPINION BY:** LESLIE TCHAIKOVSKY

**OPINION**

### RESCISSION OF NOTICE TO ATTORNEY GENERAL AND ORDER SUSTAINING OBJECTIONS TO CONFIRMATION

On December 15, 2008, the Court issued a Memorandum of Decision (the "December 15 Memorandum") in connection with objections filed by Donald R. White, the Treasurer-Tax Collector of Alameda County, ("Alameda County") to the above-captioned debtors' plans on the ground that the plans did not comply with 11 U.S.C. § 511 and Cal. Rev. & Tax. Code § 4103(b). Section 4103(a) of the California Revenue and Taxation Code provides that penalties of 18 percent per annum will accrue on delinquent real property taxes. Section 511 of the Bankruptcy Code provides that, when interest is required to be paid on a property tax claim in a bankruptcy case, the interest rate provided by state law will apply. Section 4103(b) provides that, when the property owner is a debtor in a bankruptcy case, the penalties specified by section 4103(a) are to be considered interest.

In the December 15 Memorandum, the Court tentatively held that Cal. Rev. & Tax. Code § 4103(b) [*2] violated the Supremacy Clause of the United States Constitution and was therefore void. Before making its ruling final, the Court gave notice to the California Attorney General of its right to intervene and brief the issue pursuant to 28 U.S.C. § 2403(b). The Court now rescinds that notice, having concluded that the issue is moot in the context of a chapter 13 plan.

The rationale for this conclusion is as follows:

In the December 15 Memorandum, after concluding that § 4103(b) was void, the Court observed that chapter 13 debtors would then be subject to § 4103(a). The 18 percent per annum penalties accruing on the delinquent property tax claim would continue to accrue post-petition. However, based on *In re County of Orange*, 262 F.3d 1014 (9th Cir. 2001); *Weston Inv. Co. v. State*, 31 Cal.2d 390, 189 P.2d 262 (1948); and *Ferreira v. County of El Dorado*, 222 Cal. App. 3d 788, 272 Cal. Rptr. 49 (Cal. Ct. App. 1990), which held that real property tax redemption penalties were not part of the lien, the Court reasoned that these penalties would constitute general, unsecured claims. Thus, these claims could be discharged without being paid in full if the chapter 13 plan were fully performed. Thereafter, Alameda County filed [*3] a supplemental brief, advising the Court that the cases cited above were legislatively overruled by Cal. Gov. Code § 43001 and Cal. Rev. & Tax. Code § 2187. While the former statute is somewhat ambiguous, there can be no question that the latter statute legislatively overrules them.

Alameda County had previously asserted that post-petition penalties were allowable as part of its secured claim pursuant to 11 U.S.C. § 506(b). Section 506(b) provides, in pertinent part, that "fees, costs, and charges" are part of a secured claim in a bankruptcy case to the extent provided by state statute. In the December 15 Memorandum, the Court rejected this argument based on the cases cited above. Being now advised that these cases are no longer good law, the Court now finds Alameda County's § 506(b) argument persuasive. While the penalties may not qualify as "fees" or "costs," they clearly qualify as "charges."

As a result, regardless of whether the 18 percent per annum charge is properly characterized as a penalty or interest, to be confirmed, a chapter 13 plan must provide for payment in full of this accrual. This renders the issue of the constitutionality of § 4103(b) moot. For this reason, the Court [*4] will sustain the objections of Alameda County to confirmation of the plans, and there is no reason for the California Attorney General to intervene in the matter.

For the reasons stated above, the objection of Alameda County to confirmation of the above-captioned debtors' plans will be sustained. It is hereby

SO ORDERED.

Get a Document - by Citation - 2009 Bankr. LEXIS 4270

https://www.lexis.com/research/retrieve?_m=5791885d0ab088bc115f31...

Signed: January 05, 2009

/s/ Leslie Tchaikovsky

**LESLIE TCHAIKOVSKY**

**U.S. Bankruptcy Judge**

Service: Get by LEXSEE®
Citation: 2009 Bankr. LEXIS 4270
View: Full
Date/Time: Wednesday, February 1, 2012 - 1:53 PM EST

* Signal Legend:
- Warning: Negative treatment is indicated
- Questioned: Validity questioned by citing refs
- Caution: Possible negative treatment
- Positive treatment is indicated
- Citing Refs. With Analysis Available
- Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

In

About LexisNexis | Privacy Policy | Terms & Conditions | Contact Us
Copyright © 2012 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.