**EXHIBIT "C"**

Entered on Docket
July 07, 2011
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes
the order of the court. Signed July 06, 2011

*Stephen Johnson*

Stephen L. Johnson
U.S. Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

In re

MARK STEVEN McCONVILLE and
TERESA JANE McCONVILLE,

Debtors.

Case No.  11-50149 SLJ

Chapter 13

### ORDER SUSTAINING COUNTY OF ALAMEDA TREASURER - TAX COLLECTOR'S OBJECTION TO CONFIRMATION

On January 27, 2011, Alameda County Treasurer - Tax Collector (the "County") filed an objection ("Objection") to the chapter 13 plan ("Plan") filed by Mark and Teresa McConville ("Debtors"). The Plan provides that the County's $9,800[1] claim for delinquent real property taxes will be paid over 60 months, at 5% interest. The County's objection alleges that the appropriate rate of interest per annum is 18%, not 5%. The court took the matter under submission. For the reasons outlined below, the court finds that Debtors must pay 18% interest on the Claim.

1.    California Law Requires that Real Property Owners Pay a Penalty on Delinquent Real Property Taxes

The County seeks 18% interest on its property tax claim based on California Revenue &

---

[1]    On May 13, 2011, the County filed a proof of claim (the "Claim") seeking $6,432.44 in prepetition ad valorem taxes, plus 18% interest.

ORDER SUSTAINING OBJECTION
TO CONFIRMATION
-1-

1    Taxation Code § 4103(a) and (b).[2]  Under § 4103(a), the County may assess an 18% penalty (the

2    "Redemption Penalty") on defaulted taxes.  Under § 4103(b), the assessment of the Redemption

3    Penalty is construed as "interest" in bankruptcy cases.  Debtors do not dispute the property tax

4    payments are delinquent, so the Redemption Penalty should apply.

5       2.    The Redemption Penalty is Added to the County's Lien on the Real Property

6       Under California law, real property taxes, interest on taxes, and related charges, are all

7    secured by real property liens.  "Every tax, penalty, or interest, including redemption penalty or

8    interest, on real property is a lien against the property assessed."  Cal. Rev. & Tax. Code § 2187.

9    Taxes, penalties, and charges imposed under state law in connection with ad valorem taxes are

10   secured by the property.  Under California law, the Redemption Penalty therefore constitutes part of

11   the County's lien.

12   _____

13       [2]    California Revenue and Taxation Code § 4103, entitled "Penalties; administrative
     hearings and bankruptcy proceedings," states:
14

15       (a)    Redemption penalties are the sum of the following:

16           (1) Beginning July 1st of the year of the declaration of tax default, on the declared
             amount of defaulted taxes at the rate of 1-1/2 percent a month to the time of
17           redemption. If the last day of any month falls on a Saturday, Sunday, or legal holiday,
             the additional penalty of 1-1/2 percent shall attach after the close of business on the
18           next business day.

19           (2) Beginning July 1st of each subsequent year, on the unpaid taxes for which the
             property would have been declared in default if there had not been a previous
20           declaration, 1-1/2 percent a month to the time of redemption. If the last day of any
             month falls on Saturday, Sunday, or a legal holiday, the additional penalty of 1-1/2
21           percent shall attach after 5 p.m. on the next business day. If the board of supervisors,
             by adoption of an ordinance or resolution, closes the county's offices for business
22           prior to the time of delinquency on the "next business day" or for that whole day, that
             day shall be considered a legal holiday for purposes of this section.
23

24       (b)    For purposes of an administrative hearing or any claim in a bankruptcy proceeding
         pertaining to the property being redeemed, the assessment of penalties determined pursuant
25       to subdivision (a) with respect to the redemption of that property constitutes the assessment
         of interest.
26

27   Cal. Rev. & Tax. Code § 4103 (emphasis added).

28

3.    In Bankruptcy, The County's Secured Claim Includes the Redemption Penalty

The Bankruptcy Code provides the statutory basis for determining whether a claim is secured. 11 U.S.C. § 506(b). Under § 506(b), a secured creditor's claim may include postpetition interest *and charges* so long as the value of the collateral exceeds the value of the debt. 11 U.S.C. § 506(b). The question is whether the Redemption Penalty imposed under § 4103 constitutes part of the County's secured claim.

In a recent case Judge Tchaikovsky explained that § 506(b) permits a taxing authority to claim the Redemption Penalty as part of its secured claim: "Section 506(b) provides, in pertinent part, that 'fees, costs, and charges' are part of a secured claim in a bankruptcy case to the extent provided by *state statute* . . . While the [redemption penalties] may not qualify as 'fees' or 'costs,' they clearly qualify as 'charges.'" *In re Collier*, 2009 WL 5449150, *1 (emphasis added).

The court agrees with Judge Tchaikovsky that "regardless of whether the 18 percent per annum charge is properly characterized as a penalty or interest, to be confirmed, a chapter 13 plan must provide for payment in full of this accrual." *Id*. Thus, as of the date of the confirmation of Debtors' plan, the County's claim would be calculated based on the principal amount due (e.g., the taxes), plus any interest and charges accruing on that balance.

Because no one disputes that there is sufficient value in the property to cover the principal amount due plus the Redemption Penalty or interest, the claim is fully secured.

4.    Debtors Must Pay Interest to the County at the Rate Specified by California Law

Debtors contend that interest is payable at 5% under the Supreme Court's decision in *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004), rather than the 18% rate under California law.

To determine what must be paid on a secured claim in chapter 13, the court looks to 11 U.S.C. § 1325(a)(5)(B)(ii). That provision requires that Debtors distribute on account of the County's secured claim property that is "not less than the allowed amount of such claim." For this purpose, the court has concluded that the Redemption Penalty is part of the County's secured claim.

The interest rate that must be paid to taxing authorities is established by Bankruptcy Code § 511, which contains the reference to state law. Section 511 provides:

If any provision of this title requires the payment of interest on a tax

1   claim or on an administrative expense tax, or the payment of interest to
    enable a creditor to receive the present value of the allowed amount of a
2   tax claim, the rate of interest shall be the rate determined under
    applicable nonbankruptcy law.
3
4   11 U.S.C. § 511(a) (emphasis added). Under this provision, if state law provides for 18% interest,

5   that is the rate of interest that must be paid. *See In re Bernbaum*, 404 B.R. 39, 42 (Bankr. D. Mass.

6   2009) (under § 511, courts can no longer employ equitable considerations to determine appropriate

    interest rates under both § 506(b) and § 1325(a)(5)(B)(ii)).
7
    Debtors do not dispute that § 511 is applicable to this case, but they assert the proper means
8
    of setting the interest rate is found in *Till*. The court finds the plain meaning of § 511 is
9
    unambiguous: the court must refer to nonbankruptcy law and may no longer use nonstatutory means
10
    to arrive at interest rates on ad valorem taxes. *In re Jones*, 368 B.R. 602, 605 (Bankr. S.D. Tex.
11
    2007); *see also* NORTON BANKRUPTCY LAW AND PRACTICE, § 54:1, p. 54-2 (3rd ed. 2008) ("Code
12
    § 511 eliminates discretion of the bankruptcy courts to set interest rates on tax claims under a
13
    standard other than nonbankruptcy law would dictate, and it limits a debtor's ability to treat tax
14
    claimants like other oversecured creditors, proposing to pay a lesser interest rate such as might be
15
    permitted under the application of *Till v. SCS Credit Corp.*"); COLLIER ON BANKRUPTCY, ¶ 511.01,
16
    p. 511-3 (16th ed. 2010) ("[Section 511] has the effect of circumscribing by statute the impact of the
17
    U.S. Supreme Court's decision in *Till v. SCS Credit Corp.*"). Pursuant to § 511, the court does not
18
    have the authority to set the interest rate on the Claim at a rate different than § 4103(a) provides.
19
20      5.    The Court Finds the 18% Redemption Penalty is "Interest" Within the Meaning of the
              Bankruptcy Code
21
    Debtors also contend that the Redemption Penalty arising under § 4103(a) – 1 1-1/2% per
22
    month – 18% per annum – is not *interest* within the meaning of § 511. The court finds the
23
    Redemption Penalty of 18% is interest within the meaning of § 511.
24
    In bankruptcy cases, the Redemption Penalty is called "interest." Cal. Rev. & Tax Code
25
    § 4103(b). Section 4103(a) – the provision that creates the Redemption Penalty – provides that the
26
    penalty should be calculated at 1-1/2% per month. Outside of bankruptcy, the Redemption Penalty
27
    is not a flat fee. It is calculated on a monthly basis, just as interest would be. Section 4103(b)
28
    simply provides that for bankruptcy purposes the Redemption Penalty of 1-1/2% per month should

ORDER SUSTAINING OBJECTION
TO CONFIRMATION                                    -4-

1  be called "interest."

2      Outside bankruptcy, real property owners must pay 1-1/2% per month as a Redemption
3  Penalty. Inside bankruptcy, real property owners must pay 1-1/2% per month as an interest charge.
4  The difference in nomenclature does not require a difference in treatment. This comports with
5  § 511, which instructs courts to rely on state law for interest charges. The 18% rate applies so long
6  as the taxes are in default, regardless of whether the relevant period is prepetition or postpetition.

7      6.   Section 4103(b) is Nonbankruptcy Law

8      Debtors contend that § 511 cannot apply because California Revenue and Taxation Code
9  § 4103(b) is not "applicable nonbankruptcy law" within the meaning of 11 U.S.C. § 511(a) because
10  the statute only applies to bankruptcy proceedings. The court disagrees. The provision simply
11  provides that debtors will be treated similarly for real property taxation purposes whether they are
12  under the protection of the Bankruptcy Court or not. Thus, a 18% Redemption Penalty is applied to
13  any defaulted ad valorem taxes.

14      Indeed, federal bankruptcy law can be seen to create in the state legislatures the right to treat
15  interest charged in a bankruptcy case just as it would be treated under state law. In other words,
16  Congress revised § 511 to provide "that the rate of interest shall be the rate determined under
17  applicable nonbankruptcy law." This had the effect of recognizing California's § 4103(b), which
18  indicates that Redemption Penalties are to be treated as interest.

19      In any event, the court concludes that "applicable nonbankruptcy law" encompasses "federal
20  law other than arising under Title 11 as well as state statutory and case law." *Forbes v. Lucas (In re*
21  *Lucas)*, 924 F.2d 597, 598 (6th Cir. 1991); *also see Patterson v. Shumate*, 504 U.S. 753, 758 (1992).[3]
22  The power to pass bankruptcy laws is granted to Congress exclusively. Bankruptcy laws enacted by
23  states may be unconstitutional for violating the Supremacy Clause, U.S. Const. art. VI, cl.2, and
24  infringing upon Congress' exclusive right to enact "uniform Laws on the subject of Bankruptcies."

25
26
---
27  [3] Although *Lucas* and *Patterson* analyzed the meaning of "applicable nonbankruptcy law" in
interpreting § 541(c)(2) of the Bankruptcy Code, its analysis is equally applicable to § 511(a). *See*
28  *Morrison-Knudsen Constr. Co. v. Director, OWCP*, 461 U.S. 624, 633 (1983) (a word is presumed
to have the same meaning in all subsections of the same statute).

ORDER SUSTAINING OBJECTION
TO CONFIRMATION
-5-

1    U.S. Const. art. I, § 8, cl. 4; *see Int'l Shoe Co. v. Pinkus* 278 U.S. 261, 265 (1929) ("The national

2    purpose to establish uniformity necessarily excludes state regulation . . . . States may not pass or

3    enforce laws to interfere with or complement the Bankruptcy Act or to provide additional or

4    auxiliary regulations."). California's Revenue and Taxation Code does not interfere with the

5    Bankruptcy Code.

6          7.    <u>Debtors Have Not Cured the Real Property Tax Claim</u>

7        Debtors make a further argument that their plan cures the default of the County's claim and

8    therefore no postpetition penalty or interest should accrue. Debtors' characterization is not entirely

9    accurate. There are two separate postpetition periods giving rise to interest or penalty. The first

10    runs from the petition date to either confirmation or the effective date of the plan pursuant to 11

11    U.S.C. § 506(b). The second runs from the date of confirmation. Debtors maintain no interest or

12    penalty can be assessed postconfirmation because the chapter 13 plan cures the default.

13        The Bankruptcy Code does not define "cure". The Ninth Circuit has adopted the definition

14    of "cure" stated by the Second Circuit in *In re Taddeo*, 685 F.2d 24 (2nd Cir. 1982). "A default is an

15    event in the debtor-creditor relationship which triggers certain consequences . . . Curing a default

16    commonly means taking care of the triggering event and returning to pre-default conditions. The

17    consequences are thus nullified. This is the concept of 'cure' used throughout the Bankruptcy

18    Code." *Great Western Bank & Trust v. Entz-White Lumber & Supply, Inc. (In re Entz-White Lumber*

19    *& Supply, Inc.)*, 850 F.2d 1338, 1340 (9th Cir. 1988) (quoting *Taddeo*, 685 F.2d at 26-27). In the

20    Ninth Circuit "curing" a default means returning the parties to pre-default conditions, as if the

21    default had never occurred. Therefore, the debtor "is entitled to avoid all consequences of the

22    default – including higher post-default interest rates." *Id.*, at 1342.

23        The Debtors' plan provides for a $3,250 monthly payment to the trustee for the first 12

24    months and thereafter $4,000 per month. The plan provides for 10 adequate protection payments for

25    the County's claim of $9,800. This does not cure the default and does not return the Debtor and the

26    County to the pre-default conditions at confirmation. Thus, the 18% rate continues to accrue

27    postconfirmation until such time when the arrears on the property taxes are paid in full.

28

ORDER SUSTAINING OBJECTION
TO CONFIRMATION         -6-
Case: 11-50149   Doc# 58   Filed: 07/06/11   Entered: 07/07/11 10:53:07   Page 6 of 8

1     For the foregoing reasons,

2         IT IS HEREBY ORDERED that the County's objection to the confirmation of Debtors'

3   chapter 13 plan is SUSTAINED.

4                              *** END OF ORDER ***

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                      **COURT SERVICE LIST**

2

3   **Debtor**
    Mark and Teresa McConville
4   PO Box 82
    Pleasanton, CA 94566
5

  **Debtor's Attorney**
6   James J. Gold
    GOLD & HAMMES
7   1570 The Alameda, #223
    San Jose, CA 95126
8

  **Creditor's Attorney**
9   Claude F. Kolm
    Office of County Counsel, County of Alameda
10   1221 Oak Street, Suite 450
    Oakland, CA 94612
11

12   **Trustee**
    Devin Derham-Burk
13   PO Box 50013
    San Jose, CA 95150-0013
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

  ORDER SUSTAINING OBJECTION
  TO CONFIRMATION            -8-