## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |
| | **Hearing Date: December 11, 2013 at 10:00 a.m. ET**<br>**Response Deadline: December 4, 2013 at 4:00 p.m. ET** |

### REORGANIZED DEBTORS' SEVENTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTIONS 502(b) AND 558 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003 AND 3007, AND LOCAL RULE 3007-1

### ("STATE UNCLAIMED PROPERTY CLAIMS")

> **Claimants receiving this objection should locate their name(s) and claim number(s) on Exhibit A to this Objection. The grounds for the Objection are set forth herein.**

The reorganized debtors in the above-captioned chapter 11 cases (collectively, the "Reorganized Debtors"), by and through their undersigned counsel, hereby file this seventy-first omnibus objection to claims (the "Objection"), which Objection covers each of the claims listed

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

on Exhibit A hereto (collectively, the "Unclaimed Property Claims"), pursuant to sections 502(b) and 558 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

Each of the Unclaimed Property Claims was filed as a protective claim by a state's unclaimed property division to preserve the state's right to recover any unclaimed property held by the Debtors (defined below) that may have reverted or escheated to the state prepetition, in accordance with the state's unclaimed property statute. By this Objection, the Reorganized Debtors request the entry of an order disallowing and expunging the Unclaimed Property Claims on the grounds that none of the Debtors held unclaimed property that was due to the relevant states on account of the Unclaimed Property Claims. In support of this Objection, the Debtors rely on the declaration of John Rodden, Vice President of Tribune Company (the "Rodden Declaration"), attached hereto as Exhibit B. In further support, the Reorganized Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1.    On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its affiliates (collectively, the "Debtors")[2] each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.    The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) (Docket Nos. 43, 2333).

---

[2] As used herein, the term "Debtors" refers to the entities that filed the above-captioned chapter 11 cases and the term "Reorganized Debtors" refers to the entities that became successors to the Debtors upon the Debtors' emergence from their chapter 11 cases.

3.      On July 23, 2012, the Court entered the Order Confirming Fourth Amended Joint Plan of Reorganization (the "Plan") for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (Docket No. 12074).[3]

4.      The Effective Date of the Plan occurred on December 31, 2012.[4]

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1.

## FACTUAL BACKGROUND TO THE DEBTORS' CLAIMS PROCESS

6.      On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs (Docket Nos. 567-789), which were subsequently amended on April 13, 2009 (Docket Nos. 894-957), June 12, 2009 (Docket Nos. 1343-1453), March 2, 2010 (Docket Nos. 3548-3599), May 13, 2010 (Docket No. 4388), and January 28, 2011 (Docket Nos. 7661-7671) (collectively, the "Schedules").

7.      On March 25, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

[4] The Plan provides that one or more Debtors may undertake Restructuring Transactions on, prior to, or after the Effective Date, which may include, without limitation, mergers, consolidations, conversions, joint ventures, restructurings, recapitalizations, dispositions, liquidations or dissolutions.  See Plan § 5.2, Ex. 5.2 and Docket No. 12732.  Certain of the Debtors against which the Unclaimed Property Claims were filed undertook Restructuring Transactions, pursuant to which they merged with and into direct or indirect wholly-owned subsidiaries of Tribune or converted into limited liability companies.  A notice with information respecting each Debtor's post-emergence entity following the consummation of the Restructuring Transactions was filed with the Bankruptcy Court on November 16, 2012 (Docket No. 12732).

date and time for all persons and entities holding or asserting a claim against the Debtors arising

on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11

cases and (ii) approving the form and manner of notice of the Bar Date.

        8.      Written notice of the Bar Date was mailed to, among others, all known

creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties

who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date

Order.  In addition to mailing such actual notice, the Debtors also published notice of the Bar

Date in the National Editions of the Wall Street Journal and the New York Times and in the

Chicago Tribune and Los Angeles Times on May 12, 2009.

        9.      As of the Effective Date, approximately 7,165 Proofs of Claim were filed

in these chapter 11 cases.  The Proofs of Claim are recorded on the official claims register (the

"Claims Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the

Debtors and the Reorganized Debtors to assist with claims processing in these chapter 11 cases

(the "Claims Agent").

## BACKGROUND CONCERNING THE UNCLAIMED PROPERTY CLAIMS

        10.      Both prior to and subsequent to the Petition Date, in the ordinary course of

their businesses, the Debtors' personnel and advisors reviewed the Debtors' books and records

and identified "unclaimed property" held by the Debtors, in accordance with each state's

unclaimed property statutes.  (See Rodden Decl. ¶ 5.)  The unclaimed property held by the

Debtors generally related to checks that had not been cashed by the individual payees, such as

payroll checks to employees and refund checks to former subscribers, and unclaimed credits to

customers.  (Id.)  On an annual basis (or as otherwise required by a state's unclaimed property

statute), the Debtors prepared and filed reports with the various states' agency or division

responsible for unclaimed property (collectively, the "Unclaimed Property Divisions") listing the

unclaimed property held by the Debtors that had been deemed "abandoned" by such property's owners and had reverted or escheated to the states.  (Id.)  The Debtors made payments to the states in amounts equal to such reverted or escheated unclaimed property.[5]  (Id.)

11.    In connection with the preparation of their Schedules (and amendments thereto), the Debtors listed each state's Unclaimed Property Division as having a potential claim against the Debtors on account of unclaimed property that had (or may have) reverted or escheated to the state prior to the Petition Date.  (See Rodden Decl. ¶ 6.)  In instances where the Debtors had either (a) reported unclaimed property to a state prior to the Petition Date and had not paid the amounts due as of the Petition Date, or (b) identified but not yet reported to a state unclaimed property that had reverted or escheated to the state prior to the Petition Date, the Debtors scheduled a claim for the relevant state's Unclaimed Property Division in the specific amount corresponding to the unclaimed property that was held by the Debtors for residents of that state.  (Id.)  In instances where the Debtors had neither identified nor reported any unclaimed property that had reverted or escheated to a state prior to the Petition Date, the Debtors scheduled contingent claims in unliquidated amounts for each such state's Unclaimed Property Division, and/or included each such state's Unclaimed Property Division in their master mailing list of creditors, to provide notice of the Debtors' chapter 11 filing and the Bar Date, out of an abundance of caution.  (Id.)  In addition, during the Debtors' bankruptcy proceedings, many

---

[5] Although the state unclaimed property statutes differ, many states require that reports of unclaimed property be filed on November 1 of each year, accompanied by a payment equal to the amount of unclaimed property reported. Those reports (and payments) cover property held as of the preceding June 30.  See, e.g., Utah Code Ann. § 67-4a-301(1) (a) ("A person holding tangible or intangible property that is considered abandoned and subject to the state's custody as abandoned or unclaimed property under this chapter shall: (i) file a report concerning the property with the administrator before November 1 of each year as of the preceding June 30 containing the information required by this section; and (ii) transfer the property identified in the report, including all interest, dividends, increments, and accretions due, payable, or distributable on the property as of November 1 of the year in which the report is required to the administrator as required by Section 67-4a-302.").  Accordingly, as of the Petition Date, with limited exceptions, the Debtors had reported and paid all amounts due to the states as of June 30, 2008, or otherwise complied with the states' statutes.

property owners were notified on one or more occasions of their unclaimed property held by the Debtors, which, in a number of cases, resulted in the property being directly claimed by and paid to the owners. (Id.)

12.    The Debtors and Reorganized Debtors, together with their advisors, have reviewed the Proofs of Claim filed by the various states' Unclaimed Property Divisions and have reconciled those claims against their records of unclaimed property that had reverted or escheated to the states prior to the Petition Date, in accordance with the states' unclaimed property statutes. (See Rodden Decl. ¶ 7.) The Unclaimed Property Claims that are the subject of this Objection are comprised of twelve (12) claims filed against certain Debtors by the Unclaimed Property Divisions of the states of West Virginia,[6] Utah,[7] and Arkansas,[8] as listed on Exhibit A hereto.

13.    Each of the Unclaimed Property Claims is substantively identical and is based upon each state's respective unclaimed property statute, i.e., the West Virginia Unclaimed Property Act (W. Va. Code § 36-8-1, et seq.), the Utah Unclaimed Property Act (Utah Code Ann. § 67-4a, et seq.), and the Arkansas Unclaimed Property Act (Ark. Code Ann. § 18-28-201, et seq.). All but one of the Unclaimed Property Claims was filed in unliquidated and undetermined amounts, subject to the Debtors' affirmative obligation to identify and report any

---

[6] The West Virginia Office of the State Treasurer—Unclaimed Property Division filed five (5) claims (claim nos. 3108-3112) on May 26, 2009.

[7] The Utah State Treasurer's Office—Unclaimed Property Division filed three (3) claims (claim nos. 2384, 2393, and 2395) on May 4, 2009.

[8] The Arkansas State Auditor's Office—Unclaimed Property Division filed four (4) claims (claim nos. 5866-5869) on June 18, 2009. Each of these claims was therefore filed after the Bar Date. Accordingly, as discussed below, the Reorganized Debtors request that such claims be disallowed and expunged on the alternative grounds that they were not timely filed, pursuant to section 502(b)(9) of the Bankruptcy Code.

amounts due to the states for unclaimed property that had reverted or escheated prior to the Petition Date.[9]

14.     Based on their review of the Debtors' books and records, and reconciliation of those books and records with the Unclaimed Property Claims, the Reorganized Debtors have determined that, as of the Petition Date, the Debtors held no unclaimed property that was owned by residents of West Virginia, Utah, or Arkansas that had reverted or escheated to those states prior to the Petition Date and that had not been reported and paid and, therefore, no amounts are due and owing on account of the Unclaimed Property Claims. (See Rodden Decl. ¶ 8.)

## RELIEF REQUESTED

15.     By this Objection, the Reorganized Debtors seek entry of an order, pursuant to sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1, disallowing and expunging in their entirety each of the Unclaimed Property Claims identified on Exhibit A on the basis that, after reconciling each of the Unclaimed Property Claims and supporting materials against their books and records, the Reorganized Debtors have determined that there are no amounts due to those states' Unclaimed Property Divisions with respect to the Unclaimed Property Claims identified on Exhibit A.

## BASIS FOR OBJECTION

16.     Section 502(b) of the Bankruptcy Code provides in pertinent part:

[I]f [an] objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful

---

[9] Each of the state's unclaimed property statutes requires that holders of unclaimed property identify and report the amount of unclaimed property held that has reverted or escheated to the state. See W. Va. Code § 36-8-7; Utah Code Ann. § 67-4a-301; Ark. Code Ann. § 18-28-207. Therefore, the states have relied on the Debtors to comply with the states' unclaimed property statutes and identify any amounts due to the states on account of the Unclaimed Property Claims. Claim No. 3109 was filed by the West Virginia Unclaimed Property Division in an estimated amount based on the Debtors' prior reports and payments to the state.

currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

> (1)     such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured;
>
> . . .; and
>
> (9) proof of such claim is not timely filed . . . .

11 U.S.C. § 502(b).

17.     Section 502(b)(1) recognizes the settled principle that "[c]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443,450-51 (2007) (citing Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20 (2000)).  A claim against the bankruptcy estate, therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be enforceable against the debtor outside of bankruptcy." In re Combustion Eng'g, Inc., 391 F.3d 190, 245 (3d Cir. 2004).  In proceedings to determine whether a claim is enforceable against the estate, "[t]he estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses" pursuant to section 558 of the Bankruptcy Code.  See 11 U.S.C. § 558.

18.     Here, the right to payment asserted by each of the Unclaimed Property Claims is based on the respective unclaimed property statutes of the claimant states.  Those statutes impose an affirmative obligation on the Debtors to identify and report the unclaimed property owned by the residents of the states that had escheated or reverted to the states prior to the Petition Date and to pay those amounts to the states.  See W. Va. Code § 36-8-7; Utah Code

Ann. § 67-4a-301; Ark. Code Ann. § 18-28-207.  The Debtors have diligently reviewed their books and records in compliance with their obligations and have identified no property owned by residents of the claimant states that was held by the Debtors as to which the relevant state's abandonment period had lapsed prior to the Petition Date.  (See Rodden Decl. ¶ 8.)

19.     Each of the states that filed the Unclaimed Property Claims received notice of the Bar Date from the Debtors and had one or more potential claims scheduled on their behalf by the Debtors out of an abundance of caution and not because the Debtors believed any amounts were due to those states under the states' applicable unclaimed property statutes.  It appears that each of the Unclaimed Property Claims was filed by the Unclaimed Property Divisions on a protective basis because none of the Unclaimed Property Claims include supporting documentation that identifies any particular unclaimed property that the applicable Unclaimed Property Division believes the Debtors held as of the Petition Date (and, as stated above, the Debtors and Reorganized Debtors are aware of none).

20.     In addition, each of the claims filed by the Arkansas Unclaimed Property Division was filed on June 18, 2009, after the expiration of the Bar Date.  Accordingly, the Reorganized Debtors request that such claims be disallowed and expunged on the alternative grounds that they were not timely filed, pursuant to section 502(b)(9) of the Bankruptcy Code.

21.     Accordingly, for the foregoing reasons, the Reorganized Debtors object to the allowance of each of the Unclaimed Property Claims on the grounds that the Debtors have no liability for such claims, and request that such Unclaimed Property Claims be disallowed in their entirety and expunged.  The Reorganized Debtors also request that the Court authorize the Claims Agent to expunge the Unclaimed Property Claims from the Claims Register maintained

by the Claims Agent as sought by this Objection so that the Claims Register reflects more accurately the claims legitimately asserted and outstanding against the Debtors.

## RESERVATION OF RIGHTS

22.     The Reorganized Debtors hereby reserve their right to amend, modify, and/or supplement this Objection at any time prior to the hearing on this Objection.  The Reorganized Debtors further reserve their right to adjourn the hearing on this Objection as it pertains to any or all of the Unclaimed Property Claims.  In the event that the Reorganized Debtors so adjourn the hearing, they will state that the hearing on the Objection and/or any response filed in connection therewith and/or all applicable deadlines for responsive pleadings have been adjourned on the agenda for the hearing, which agenda will be served on any party affected by such adjournment.

## NOTICE

23.     Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) the Unclaimed Property Divisions listed on Exhibit A; and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Reorganized Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

24.     No previous application for the relief sought herein has been made to this Court or to any other court.

WHEREFORE, for the reasons set forth herein, the Reorganized Debtors respectfully request that the Court enter an order, pursuant to sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1, (i) disallowing in full and expunging the Unclaimed Property Claims set forth on Exhibit A; (ii) directing the Claims Agent to expunge the Unclaimed Property Claims from the Claims Register; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
        November 8, 2013

Respectfully submitted,

SIDLEY AUSTIN LLP
Bryan Krakauer
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR REORGANIZED DEBTORS