# EXHIBIT B

## Rodden Declaration

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

## DECLARATION OF JOHN RODDEN IN SUPPORT OF REORGANIZED DEBTORS' SEVENTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS

### ("STATE UNCLAIMED PROPERTY CLAIMS")

I, John Rodden, declare as follows:

1. I am Vice President of Tribune Company ("Tribune"), one of the reorganized debtors in the above-captioned chapter 11 cases (collectively, the "Reorganized Debtors"), and the ultimate parent of the other Reorganized Debtors. In this position, I am responsible—together with the other members of the Reorganized Debtors' management—for the management and oversight of the Reorganized Debtors' restructuring efforts and business operations.

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

CH1 8453947v.4

2.      I have read the Debtors' Seventy-First Omnibus (Substantive) Objection to Claims Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (the "Objection")[2] and am directly, or by and through the Debtors' personnel and advisors, familiar with the information contained therein and the Exhibit attached thereto.  I am authorized to submit this declaration (the "Declaration") in support of the Objection.

3.      All matters set forth in this Declaration are based on: (a) my personal knowledge, (b) my review of relevant documents, (c) my view, based on my experience and knowledge of the Debtors' operations and personnel, (d) information supplied to me by others at the Debtors' request, or (e) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance on the advice of counsel or other advisors to the Debtors.  If called upon to testify, I could and would testify competently to the facts set forth herein.

4.      Considerable time and resources have been expended to review and reconcile the Proofs of Claim filed against the Debtors in these chapter 11 cases.  Upon review of the Proofs of Claim filed in these chapter 11 cases and supporting documentation attached thereto, the Reorganized Debtors have determined that the Unclaimed Property Claims listed on Exhibit A to the Objection and to the proposed form of order are not properly asserted pursuant to sections 502(b) and 558 of the Bankruptcy Code, Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure, Local Rule 3007-1, and applicable orders of the Bankruptcy Court.

5.      Both prior and subsequent to the Petition Date, in the ordinary course of their businesses, the Debtors' personnel and advisors reviewed the Debtors' books and records

---

[2] All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Objection.

and identified "unclaimed property" held by the Debtors, in accordance with each state's unclaimed property statutes. The unclaimed property held by the Debtors generally related to checks that had not been cashed by the individual payees, such as payroll checks to employees and refund checks to former subscribers, and unclaimed credits to customers. On an annual basis (or as otherwise required by a state's unclaimed property statute), the Debtors prepared and filed reports with the various states' agency or division responsible for unclaimed property (collectively, the "Unclaimed Property Divisions") listing the unclaimed property held by the Debtors that had been deemed "abandoned" by such property's owners and had reverted or escheated to the states. The Debtors made payments to the states in amounts equal to such reverted or escheated unclaimed property.[3]

6.  In connection with the preparation of their Schedules (and amendments thereto), the Debtors listed each state's Unclaimed Property Division as having a potential claim against the Debtors on account of unclaimed property that had (or may have) reverted or escheated to the state prior to the Petition Date. In instances where the Debtors had either (a) reported unclaimed property to a state prior to the Petition Date and had not paid the amounts due as of the Petition Date, or (b) identified but not yet reported to a state unclaimed property that had reverted or escheated to the state prior to the Petition Date, the Debtors scheduled a claim for the relevant state's Unclaimed Property Division in the specific amount corresponding to the unclaimed property that was held by the Debtors for residents of that state. In instances where the Debtors had neither identified nor reported any unclaimed property that had reverted or escheated to a state prior to the Petition Date, the Debtors scheduled contingent claims in

---

[3] Although the state unclaimed property statutes differ, many states require that reports of unclaimed property be filed on November 1 of each year, accompanied by a payment equal to the amount of unclaimed property reported. Those reports (and payments) cover property held as of the preceding June 30. Accordingly, as of the Petition Date, with limited exceptions, the Debtors had reported and paid all amounts due to the states as of June 30, 2008, or otherwise complied with the states' statutes.

3

unliquidated amounts for each such state's Unclaimed Property Division, and/or included each such state's Unclaimed Property Division in their master mailing list of creditors, to provide notice of the Debtors' chapter 11 filing and the Bar Date, out of an abundance of caution. In addition, during the Debtors' bankruptcy proceedings, many property owners were notified on one or more occasions of their unclaimed property held by the Debtors, which, in a number of cases, resulted in the property being directly claimed by and paid to the owners.

7. The Debtors and Reorganized Debtors, together with their advisors, have reviewed the Proofs of Claim filed by the various states' Unclaimed Property Divisions and have reconciled those claims against their records of unclaimed property that had reverted or escheated to the states prior to the Petition Date, in accordance with the states' unclaimed property statutes. The Unclaimed Property Claims that are the subject of the Objection are comprised of twelve (12) claims filed against certain Debtors by the Unclaimed Property Divisions of the states of West Virginia, Utah, and Arkansas.

8. Based on their review of the Debtors' books and records, and reconciliation of those books and records with the Unclaimed Property Claims, the Reorganized Debtors have determined that, as of the Petition Date, the Debtors held no unclaimed property that was owned by residents of West Virginia, Utah, or Arkansas that had reverted or escheated to those states prior to the Petition Date and that had not been reported and paid. Therefore, no amounts are due and owing on account of the Unclaimed Property Claims.

[Remainder of Page Intentionally Left Blank]

5

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of November 2013

By: John Rodden