# EXHIBIT 1

Stipulation

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |
| | Ref. Docket Nos. 13545, 13659, 13662, 13759, 13774, 13775 and 13776 |

**STIPULATION RESOLVING THE MOTION OF THE LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR FOR RELIEF FROM THE PERMANENT INJUNCTION OF THE FOURTH AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OAKTREE CAPITAL MANAGEMENT, L.P., ANGELO GORDON & CO., L.P. AND JPMORGAN CHASE BANK, N.A., AS AMENDED JUNE 18, 2012**

This stipulation (the "Stipulation") is entered into by and among Los Angeles Times Communications LLC (the "L.A. Times"), each of the other reorganized debtors in the above-captioned chapter 11 cases (each a "Debtor" and, collectively, the "Debtors"),[2] and the

---

[1] The Reorganized Debtors, or successors-in-interest to the Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] As used herein, the term "Debtors" refers to Tribune Company and its affiliates that filed voluntary petitions for relief under chapter 11 on December 8, 2008 (the "Petition Date"), and "Reorganized Debtors" refers to the successors to the Debtors following their emergence from these chapter 11 cases on December 31, 2012, the

Los Angeles County Treasurer and Tax Collector (the "County"), by and through their undersigned counsel. The Debtors and the County are each referred to herein as a "Party" and are collectively referred to herein as the "Parties".

## RECITALS

A. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

B. On July 23, 2012, the Court entered the *Order Confirming Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A.* [Docket No. 12074].

C. On December 31, 2012, the Plan (as defined below) became effective and the Debtors emerged from bankruptcy.

D. On May 21, 2013, the County filed the *Motion of the Los Angeles County Treasurer and Tax Collector for Relief from the Permanent Injunction of the Fourth Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo Gordon & Co., L.P. and JPMorgan Chase Bank, N.A., as Amended June 18, 2012* [Docket No. 13545] (the "Motion").

E. By the Motion, the County sought relief from the Discharge Injunction (as defined in the Objection) obtained by the Debtors in their confirmed Fourth Amended Joint Plan of Reorganization (the "Plan") so that it could exercise any non-bankruptcy rights it has relating

---

effective date of the Debtors' plan of reorganization.

2

to thirteen real estate parcels (collectively, the "Parcels") owned by the L.A. Times and located in Los Angeles County. The Parcels are identified by the following parcel numbers and locations: (i) 5166-027-014 (2000 E. 8th Street, Los Angeles, CA); (ii) 5166-023-016 (1200 Lawrence Street, Los Angeles, CA); (iii) 5166-028-004 (for description see assessor's maps); (iv) 5166-023-010 (2150 Hunter Street, Los Angeles, CA); (v) 5149-008-032 (201 S. Spring Street, Los Angeles, CA); (vi) 5149-008-031 (200 S. Broadway, Los Angeles, CA); (vii) 5149-008-030 (208 S. Broadway, Los Angeles, CA); (viii) 5149-008-029 (213 S. Spring Street, Los Angeles, CA); (ix) 5149-001-007 (234 W. 1st Street, Los Angeles, CA); (x) 5149-001-006 (202 W. 1st Street, Los Angeles, CA); (xi) 5149-001-005 (118 S. Broadway, Los Angeles, CA); (xii) 5149-001-004 (140 S. Broadway, Los Angeles, CA); and (xiii) 5149-001-003 (145 S. Spring Street, Los Angeles, CA).

   F. In the Motion, the County alleged that the L.A. Times owed the County $232,939.59 relating to the Parcels, consisting of a combination of delinquent penalties, redemption penalties, interest and certain other amounts under sections 2192.1, 2617, 2618, 4102 and 4103 of the California Revenue and Tax Code (the "CA Tax Code") and section 511 of the Bankruptcy Code. By November 2013, the County's position was that the amounts owed to the County relating to the Parcels had increased to $263,979.30. All amounts comprising delinquent penalties, redemption penalties, interest or other amounts arising under the CA Tax Code and the Bankruptcy Code arising on or before the date hereof relating to the Parcels shall be defined herein as the "Taxes".

   G. After the Petition Date, the County reassessed the L.A. Times's July 1, 2007 to June 30, 2008 tax bill for certain of the Parcels. The first installments for such reassessments were due (but not delinquent) on May 31, 2009. The L.A. Times paid such

3

installments via EFT on May 28, 2009. The second installments for such reassessments in the aggregate amount of $22,203.28 were due (but not delinquent) on September 30, 2009, and currently remain unpaid. Such unpaid installments, plus any additional penalties, charges, interest and other amounts were included as part of the Taxes.

H. On July 19, 2013, the Debtors filed the *Reorganized Debtors' Objection to the Motion of the Los Angeles County Treasurer and Tax Collector for Relief from the Permanent Injunction of the Fourth Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo Gordon & Co., L.P. and JPMorgan Chase Bank, N.A., as Amended June 18, 2012* [Docket No. 13659] (the "Objection"). In the Objection, the Debtors disputed that the Taxes were owed to the County and objected to any and all of the relief requested in the Motion.

I. On July 25, 2013, the County filed the *Reply in Support of Los Angeles County Treasurer and Tax Collector's Motion for Relief from the Permanent Injunction of Debtors' Plan of Reorganization* [Docket No. 13662] (the "Reply").

J. A hearing was held on the Motion on August 2, 2013 (the "Initial Hearing"). At the Initial Hearing, the Court continued the dispute and requested that the Parties confer and submit a form of order scheduling an evidentiary hearing (the "Evidentiary Hearing") on October 8, 2013, which was subsequently continued by agreement of the Parties to November 12, 2013.

K. At the November 12, 2013 Evidentiary Hearing, counsel to the Parties informed the Court that a settlement had been reached which fully and finally resolves the issues

at dispute in the Motion, including payment of the Taxes, and in the numerous pleadings filed since such time. The terms of such settlement are embodied in this Stipulation.

## STIPULATED TERMS

NOW THEREFORE, in consideration of the promises and agreements set forth hereinafter, and after the good faith negotiations had among the Parties, the Parties hereby stipulate and agree as follows:

1. The recitals set forth above are incorporated herein by reference.

2. Neither of the Parties admit or concede the validity of any of claims, arguments or defenses. Nothing herein shall be deemed an admission of liability.

3. The provisions of this Stipulation shall become effective upon entry of an order of the Court approving its terms (such date, the "Stipulation Effective Date").

4. After the occurrence of the Stipulation Effective Date, the L.A. Times shall make a one-time payment to the County of One Hundred Fifteen Thousand Dollars ($115,000.00) (the "Payment").

5. The Payment shall be deemed to be in complete and final satisfaction of the Taxes, including any such dollar amounts by which the Taxes might increase between November 7, 2013 and the receipt of the Payment by the County.

6. Upon the receipt of the Payment by the County, any and all liens that the County has or may have had on the Parcels shall be deemed released, and the County shall have no further claim for Taxes relating to the Parcels, either in the Debtors' chapter 11 cases or otherwise.

7. The County shall not be entitled to proceed to a tax sale of the Parcels on account of any Taxes.

8. On the Stipulation Effective Date, the Motion shall be deemed withdrawn, with prejudice.

9. This Stipulation constitutes the Parties' entire agreement and supersedes and amends any and all agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof and, except as otherwise expressly provided herein. This Stipulation is not intended to confer upon any other person any rights or remedies hereunder.

10. The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

11. This Stipulation may be executed in counterparts, all of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument

12. This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to principles of conflict of laws.

13. This Stipulation may not be amended without the express written consent of all Parties hereto.

14. The Parties acknowledge that they have each participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either of the Parties on account of such drafting.

15. Each Party shall bear its own attorneys' fees and costs, if any, with respect to the execution and delivery of this Stipulation and in connection with the dispute which is the subject of this Stipulation.

16. This Stipulation is subject to entry of a final order of the Court approving this Stipulation. The Court shall retain jurisdiction over any and all disputes or other matters arising under or otherwise relating to this Stipulation.

*[Signature Page Follows]*

Dated: Wilmington, Delaware
November 20, 2013

| | |
|---|---|
| SIDLEY AUSTIN LLP<br>James F. Conlan<br>Bryan Krakauer<br>Kenneth P. Kansa<br>Matthew G. Martinez<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone: (312) 853-7000<br>Facsimile: (312) 853-7036<br><br>-and-<br><br>COLE, SCHOTZ, MEISEL,<br>FORMAN & LEONARD, P.A.<br><br>By: _/s/ J. Kate Stickles_<br>Norman L. Pernick (No. 2290)<br>J. Kate Stickles (No. 2917)<br>Patrick J. Reilley (No. 4451)<br>500 Delaware Avenue, Suite 1410<br>Wilmington, Delaware 19801<br>Telephone: (302) 652-3131<br>Facsimile: (302) 652-3117<br><br>ATTORNEYS FOR REORGANIZED DEBTORS | STECKBAUER WEINHART, LLP<br>Barry S. Glaser<br>333 S. Hope Street, 36th Floor<br>Los Angeles, California 90071<br>Telephone: (213) 229-2868<br>Facsimile: (213) 229-2870<br><br>-and-<br><br>COOLEY MANION JONES LLP<br><br>By: _/s/ Marc J. Phillips_<br>Marc J. Phillips (No. 4445)<br>1105 North Market Street, Suite 200<br>Wilmington, Delaware 19801<br>Telephone: (302) 657-2100<br>Facsimile: (302) 657-2104<br><br><br>ATTORNEYS FOR LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR |