## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, et al.,[1]

Reorganized Debtors.

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

**Re:  Docket Nos. 13274, 13275, 13305, 13306, 13395, 13396, 13434, 13442, 13470, 13476, 13477, 13642**

## STIPULATION RESOLVING LAW DEBENTURE
## TRUST COMPANY OF NEW YORK'S MOTION FOR
## ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM

**WHEREAS**, on March 1, 2013, Law Debenture Trust Company of New York ("Law

Debenture") filed the *Motion of Law Debenture Trust Company Of New York Pursuant To 11*

*U.S.C. 503(b)(3)(D), 503(b)(4) And 503(b)(5) For Allowance and Payment Of Fees and*

*Expenses Incurred In Connection with Making A Substantial Contribution To The Debtors'*

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068).  The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

*Chapter 11 Cases For The Period Of May 7, 2009 Through August 31, 2010* [D.I. 13274] and

supporting exhibits (the "Motion").[2]

    **WHEREAS**, on or about March 28, 2013, the Reorganized Debtors filed the

*Reorganized Debtors' Objection To "Substantial Contribution" Applications Of Law Debenture*

*Trust Company Of New York And Wilmington Trust Company* [D.I. 13395] and the *Declaration*

*Of Joshua M. Mester In Support Of Reorganized Debtors Objection To "Substantial*

*Contribution" Applications Of Law Debenture Trust Company Of New York And Wilmington*

*Trust Company* [D.I. 13396] (the "Reorganized Debtors' Objection").

    **WHEREAS**, on April 10, 2013, the Office of the United States Trustee (the "U.S.

Trustee") filed the *United States Trustee's Objection To The Motion of Law Debenture Trust*

*Company Of New York Pursuant To 11 U.S.C. 503(b)(3)(D), 503(b)(4) And 503(b)(5) For*

*Allowance and Payment Of Fees and Expenses Incurred In Connection with Making A*

*Substantial Contribution To The Debtors' Chapter 11 Cases And Granting Waiver Of*

*Compliance With Del. Bankr. L.R. 2016-2(d)(vii) In Accordance With Del. Bankr. L.R.*

*2016(2)(h)* [D.I. 13434], which was amended on April 11, 2013 [D.I. 13442] (collectively, the

"U.S. Trustee's Objection" and together with the Reorganized Debtors' Objection, the

"Objections").

    WHEREAS, on or about April 23, 2013, Law Debenture filed the *Reply In Support of*

*Motion Of Law Debenture Trust Company Of New York Pursuant To 11 U.S.C. 503(b)(3)(D),*

*503(b)(4) And 503(b)(5) For Allowance And Payment Of Fees And Expenses Incurred In*

*Connection With Making A Substantial Contribution To The Debtors Chapter 11 Cases And*

*Granting Waiver Of Compliance With Del. Bankr. L.R. 2016-2(d)(vii) In Accordance With Del.*

---

[2] Capitalized terms not defined in this Order have the meanings given to them in the "Fourth Amended Joint Plan Of Reorganization For Tribune Company And Its Subsidiaries (As Modified July 19, 2012)" (the "Plan").

*Bankr. L.R. 2016-2(h)* [D.I. 13476] (the "Reply" and together with the Motion, the Objections, and all related pleadings thereto, the "Dispute").

WHEREAS, on April 24, 2013, May 7, 2013, and May 22, 2013, the Court held status conferences on the Dispute.

WHEREAS, on June 26, 2013, the Court entered its *Amended Order Appointing Mediator Regarding Contested Fee Matters* [D.I. 13642], pursuant to which Hon. Joseph J. Farnan, Jr. (the "Mediator") was appointed as mediator to resolve certain contested matters, including the Dispute.

WHEREAS, following good faith negotiations and the assistance of the Mediator, Law Debenture and the Reorganized Debtors (the "Parties") have agreed to resolve the Dispute on the terms and conditions set forth herein.

WHEREAS, Section 8.1 of the *Fourth Amended Joint Plan Of Reorganization For Tribune Company And Its Subsidiaries Proposed By The Debtors, The Official Committee Of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., And JPMorgan Chase Bank, N.A. (As Modified JULY 19, 2012)*, provides that "[a]fter the Effective Date, the Reorganized Debtors or the Litigation Trustee shall be accorded the power and authority to allow or settle and compromise any Claim without notice to any other party, or approval of, or notice to the Bankruptcy Court . . ."

WHEREAS, the U.S. Trustee has advised the Parties that the U.S. Trustee intends to withdraw the U.S. Trustee's Objection upon the execution of this Stipulation by the Parties and its filing with the Bankruptcy Court.

NOW THEREFORE, the Parties stipulate and agree as follows:

1.      The recitals set forth above are incorporated herein by reference.

2.      The Parties agree that Law Debenture shall have an allowed administrative

expense claim pursuant to 11 U.S.C. §503 in the amount of $1,950,000 (the "Allowed Claim").

The Reorganized Debtors shall pay Law Debenture the full amount of the Allowed Claim within

five (5) business days of the execution of this Stipulation by the Parties.  Payment of the Allowed

Claim in accordance with the terms of this Stipulation shall constitute full and final satisfaction

of the Motion and Law Debenture shall have no other Administrative Claim (as defined in the

Plan) against the Reorganized Debtors.

3.      This Stipulation shall in no event be construed as or be deemed to be evidence of

an admission or concession on the part of the Reorganized Debtors of any claim, objection, or

defense whatsoever with respect to the Dispute.  The Reorganized Debtors do not concede any

infirmity in the Objections and defenses that they have asserted or intended to assert with respect

to the Dispute.  The Parties have reached the agreement reflected herein in order to avoid further

expense, inconvenience and delay, and to dispose of what otherwise would be extremely

expensive, burdensome and protracted litigation.

4.      The undersigned persons represent and warrant that they have full authority to

execute this Stipulation on behalf of the respective Parties and that the respective Parties have

full knowledge of and have consented to this Stipulation.

5.      This Stipulation shall be binding upon the Parties hereto and upon their affiliates,

assigns and successors.

6.      This Stipulation may be executed in any number of counterparts, each of which

shall be deemed an original, but all of which together shall constitute one and the same

instrument.

- 4 -

Dated:  December 26, 2013

SIDLEY AUSTIN LLP
James F. Conlan
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000

-and-

James F. Bendernagel, Jr.
1501 K Street, N.W.
Washington, D.C.  20005
Telephone:  (202) 736-8000

-and-

JONES DAY

By: _____
Bruce Bennett
James O. Johnston
Joshua M. Mester
555 South Flower Street, 50th Floor
Los Angeles, CA  90071-2300
Telephone:  (213) 489-3939

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131

ATTORNEYS FOR REORGANIZED DEBTORS

Dated:  December ___, 2013

BIFFERATO GENTILOTTI LLC
Garvan F. McDaniel (I.D. No. 4167)
800 N. King Street, Plaza Level
Wilmington, DE  19801
Telephone:  (302) 429-1900

-and-

By: _____
KASOWITZ, BENSON, TORRES & FRIEDMAN
LLP
David S. Rosner
Matthew B. Stein
1633 Broadway
New York, NY  10019
Telephone:  (212) 506-1700

ATTORNEYS FOR LAW DEBENTURE TRUST
COMPANY OF NEW YORK, SOLELY IN ITS
CAPACITY AS SUCCESSOR INDENTURE
TRUSTEE UNDER THE 1996 INDENTURE

LAI-3205389v2