## **EXHIBIT C**

## **Claim No. 3266**

ACTIVE 8426672v.10

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE<br>Tribune Company Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5069<br>New York, NY 10150-5069 | **PROOF OF CLAIM** |
|---|---|

| Name of Debtor Against Which Claim is Held | Case No. of Debtor | Filed: USBC - District of Delaware<br>Tribune Company, Et Al.<br>08-13141 (KJC)    0000003266 |
|---|---|---|
| TRIBUNE MEDIA NET, INC. | 08-13235 (KJC) | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)

TRB (MERGE2.DBF,SCHED_NO) SCHEDULE #: 235001180*****
JAYNE CLEMENT
C/O SHEGERIAN & ASSOCIATES, INC.
ATTN: CARNEY R. SHEGERIAN
225 ARIZONA AVENUE
SANTA MONICA, CA 90401

Telephone number:           Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
(*If known*)

Filed on: _____
059735

Your claim is scheduled by the Debtor as:

**UNSECURED**
**UNLIQUIDATED**
**DISPUTED**

Name and address where payment should be sent (if different from above)

Telephone number:           Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $ _According to Proof (Unliquidated)_

   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.

   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.
   ☐ Check this box if claim is for a claim related to goods delivered during the twenty (20) days prior to December 8, 2008 (the "Petition Date"), pursuant to 11 U.S.C. §503(b)(9). Please indicate amount entitled to 503(b)(9) $_____

2. Basis for Claim: _Violations of Labor Code & Business & Professions Code_
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _0943_
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe: _____

   Value of Property: $_____   Annual Interest Rate _____%

   Amount of arrearage and other charges as of time case filed included in secured claim, if any:

   $_____   Basis for perfection: _____

   Amount of Secured Claim: $_____   Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

   Specify the priority of the claim:

   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

   ☒ Wages, salaries or commissions (up to $10,950*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

   ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

   ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

   **Amount entitled to priority:**

   $ _Unliquidated_

   *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain: _Case is Pending_

**FOR COURT USE ONLY**

FILED / RECEIVED
MAY 29 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: 5/22/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Carney R. Shegerian, Esq., State Bar Number 150461
SHEGERIAN & ASSOCIATES, INC.
225 Arizona Avenue, Suite 400
Santa Monica, California 90401
Telephone Number: (310) 860-0770
Facsimile Number: (310) 860-0771

Attorneys for Plaintiffs,
JAYNE CLEMENT, on behalf of herself
and all others similarly situated

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 15 2008

John A. Clarke, Executive Officer/Clerk
BY MARY GARCIA, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

BC390943

| | |
|---|---|
| JAYNE CLEMENT, on behalf of herself and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> TRIBUNE COMPANY, TRIBUNE INTERACTIVE, INC., TRIBUNE MEDIA NET, INC., LOS ANGELES TIMES COMMUNICATIONS, LLC, LOS ANGELES TIMES, and DOES 1 to 1,000, inclusive, <br><br> Defendants. | Case No.: <br><br> **PLAINTIFFS' CLASS ACTION COMPLAINT FOR DAMAGES BASED ON:** <br><br> (1) **VIOLATIONS OF LABOR CODE REGARDING PAYMENT OF COMMISSIONS (Labor Code §§ 200-1198, *et seq.*; 8 Cal. Code Regs. § 11040);** <br><br> (2) **VIOLATIONS OF BUSINESS & PROFESSIONS CODE § 17200,** *et seq.* <br><br> **CLASS ACTION (Plaintiff Class) (C.C.P. § 382)** <br><br> **DEMAND FOR JURY TRIAL** |

---

PLAINTIFFS' COMPLAINT FOR DAMAGES

1    Plaintiff Jayne Clement, on behalf of herself and all others similarly situated, and
2    demanding trial by jury, complain and allege upon information and belief as follows:

## JURISDICTION

1. This is a civil action seeking retribution and damages, including interest, reasonable attorneys' fees, and costs, pursuant to Labor Code sections 200, 201, 203, 1194(a), 1198, *et seq.*, Business & Professions Code sections 17200, 17203, *et seq.*, and Civil Code sections 3343 and 3281, because of violations by the defendants, as alleged herein, of 8 California Code of Regulations section 11040.

## VENUE

2. Venue as to defendants is proper in this judicial district. Each entity defendant maintains an office, transacts business, has an agent, or is found in the County of Los Angeles, and each defendant is within the jurisdiction of this Court for purposes of service of process. A significant portion of the unlawful acts alleged herein occurred in the County of Los Angeles.

## PLAINTIFFS

3. Plaintiff Jayne Clement ("Clement") is, and at all times mentioned in this Complaint was, a resident of the County of Los Angeles, respectively, in California.

4. Plaintiff Clement was directly and indirectly employed by defendants Tribune Company, Tribune Interactive, Tribune Media Net, Inc., Los Angeles Times Communications, LLC, and Los Angeles Times under the title of an Account Executive, a sales position selling space on defendants' media outlets.

5. During her employment, plaintiffs were paid as Account Executives commissions based on sales they had made for defendant. The commissions were a percentage of sales made by each Account Executive. Plaintiffs were never advised that upon the voluntary or involuntary termination of their employment that all of their

-2-
PLAINTIFFS' COMPLAINT FOR DAMAGES

commissions wages would be forfeited. On the contrary, the Account Executives were supposed to be paid commissions past the date that they separated from defendants.

6. Nevertheless, at the time of plaintiffs' voluntary and involuntary terminations from the employment of defendants, the plaintiffs were not paid the commissions due for sales that they had made. Instead, defendants had an illegal practice of withholding those sales commission wages and not paying them their sales wages.

7. Defendants refused to pay such wages intentionally knowing that by doing so that defendants would be able to avoid paying commissions and instead cheat their employees out of a portion of their wages.

## DEFENDANTS

8. Defendant Tribune Company ("Tribune Company") is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government, was authorized and qualified to do business in the County of Los Angeles, and did, in fact, operate a business in the State of California, the County of Los Angeles, and the United States. Defendant's principal place of business was and is in Chicago, Illinois.

9. Defendant Tribune Interactive, Inc. ("Tribune Interactive") is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government, was authorized and qualified to do business in the County Los Angeles, and did, in fact, operate a business in the State of California, the County Los Angeles, and the United States. Defendant's principal place of business was an in Chicago, Illinois.

10. Defendant Tribune Media Net, Inc. ("Tribune Media") is, and at all mentioned in this Complaint was, authorized to operate by the State of California a United States government, was authorized and qualified to do business in the Co Los Angeles, and did, in fact, operate a business in the State of California, the C Los Angeles, and the United States. Defendant's principal place of business w

-3-
PLAINTIFFS' COMPLAINT FOR DAMAGES

in Chicago, Illinois.

11. Defendant Los Angeles Times Communications, LLC ("Times Communications"), is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government, was authorized and qualified to do business in the County of Los Angeles, and did, in fact, operate a business in the State of California, the County of Los Angeles, and the United States. Defendant's principal place of business was and is in the County of Los Angeles.

12. Defendant Los Angeles Times ("Times"), is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government, was authorized and qualified to do business in the County of Los Angeles, and did, in fact, operate a business in the State of California, the County of Los Angeles, and the United States. Defendant's principal place of business was and is in the County of Los Angeles.

## DOE DEFENDANTS

13. Defendants Does 1 to 1,000 were also supervisors employed by defendants. Defendants Does 1 to 100 are, and at all times mentioned in this Complaint were, residents of Los Angeles County.

14. Defendants Does 1 to 1,000 are sued under fictitious names pursuant to Code of Civil Procedure section 474. Plaintiffs are informed and believe, and on that basis allege, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or his authority as such agent, servant, partner, and employee, with the permission and consent of co-defendants.

## CLASS ACTION ALLEGATIONS

15. Plaintiff Clement bring this action, on behalf of herself and all others similarly

-4-
PLAINTIFFS' COMPLAINT FOR DAMAGES

situated, as a class action pursuant to section 382 of the California Code of Civil Procedure. The class that plaintiff Clement seeks to represent is composed of and defined as follows:

> "All persons employed by defendants as Account Executives and/or other positions engage in the same sales functions as Account Executives who were not paid commission wages from May 15, 2004 through May 15, 2008 post-employment for commissions earned pre-termination."

16. This action has been brought and may properly be maintained as a class action pursuant to the provisions of Code of Civil Procedure section 382 because there is a well defined community of interest in the litigation, and the proposed class is easily ascertainable:

    a. **Numerosity:** The plaintiff class is so numerous that individual joinder of all members is impracticable under the circumstances of this case. While the exact number of class members is unknown to plaintiff Clement at this time, plaintiff is informed and believes that approximately 500 employees have been denied their commission wages compensation. Joinder of all members of the plaintiff class is not practicable.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the plaintiff class and predominate over questions that affect only individual members of the class. The common questions of law and fact include, without limitation:

        i. Whether defendants violated 8 California Code of Regulations section 11040, Business & Professions Code section 17203, Civil Code sections 3281 and 3343, and Labor Code sections 201-1198, *et seq.*, with regard to failing to pay commission wages due;

        ii. The existence, duration, and extent of the violations of California Code of Regulations section 11040, Business & Professions Code section 17203, Civil Code sections 3281 and 3343, and Labor Code sections 201-1198, *et seq.*;

   iii. Whether defendants and each of them were participants in the violations of 8 California Code of Regulations section 11040, Business & Professions Code section 17203, Civil Code sections 3281 and 3343, and Labor Code sections 201-1198, *et seq.;*

   iv. The effect upon and the extent of the injuries sustained by plaintiff Clement and members of the plaintiff class and the measure of damages.

  c. **Typicality:** Plaintiff Clement's claims are typical of the claims of the members of the plaintiff class. Plaintiff Clement and all of the members of the plaintiff class sustained damages that arose from the defendants' wrongful conduct in violation of 8 California Code of Regulations section 11040, Business & Professions Code section 17203, Civil Code sections 3281 and 3343, and Labor Code sections 201-1194, *et seq.*

  d. **Adequacy:** Plaintiff Clement will fairly and adequately protect the interests of the members of the plaintiff class. Plaintiff Clement resides in California, was employed by defendants, and is an adequate representative of the plaintiff class, as she has no interests that are adverse to the interests of absent class members. Plaintiff Clement has retained counsel who has substantial experience and success in the prosecution of employment claims.

  e. **Superiority:** A class action is superior to other available means for fair and efficient adjudication of this controversy, as the individual joinder of all members of the class is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

# FIRST CAUSE OF ACTION

## (Violations of California Labor Code §§ 200-1198,
## 8 California Code of Regulations § 11040 —
## Against All Defendants)

17. The allegations set forth in paragraphs 1 through 16 are re-alleged and incorporated herein by reference.

18. Following their employment with defendants, plaintiffs were not for paid their commissions due from during the time they were employed by defendants. Defendants directly managed and controlled the payment and non-payment of these wages at all times alleged.

19. Defendants would refuse to pay plaintiffs to cheat them out of their commission wages.

20. As a proximate result of defendants' willful, knowing, and intentional violations of the California Labor Code, suffered and continue to suffer wage losses in a sum according to proof.

21. Plaintiffs have incurred and continue to incur legal expenses and attorneys' fees. Plaintiffs are entitled to legal expenses and attorneys' fees.

22. During the course of their employment with defendants, plaintiffs were not paid the commission wages. The non-payment of these monies was a way of defrauding plaintiffs of their property.

23. By failing to pay plaintiffs commission wages, defendants were intentionally defrauding these individuals in the exchange of property, thereby entitling plaintiffs to recovery under Civil Code section 3281.

///
///
///
///
///

## SECOND CAUSE OF ACTION

### (Violations of Business & Professions Code § 17200,

*et seq.* — Against All Defendants)

24. The allegations set forth in paragraphs 1 through 23 are re-alleged and incorporated herein by reference.

25. Following their employment with defendants, plaintiffs were not for paid their commissions due from during the time they were employed by defendants. Defendants directly managed and controlled the payment and non-payment of these wages at all times alleged.

26. Defendants would refuse to pay plaintiffs to cheat them out of their commission wages.

27. As a proximate result of defendants' willful, knowing, and intentional violations of the California Labor Code, suffered and continue to suffer wage losses in a sum according to proof.

28. Plaintiffs have incurred and continue to incur legal expenses and attorneys' fees. Plaintiffs are entitled to legal expenses and attorneys' fees.

29. During the course of their employment with defendants, plaintiffs were not paid the commission wages. The non-payment of these monies was a way of defrauding plaintiffs of their property, violating California Business and Professions Code section 17200.

30. By failing to pay plaintiffs commission wages, defendants were intentionally defrauding these individuals in the exchange of property, thereby entitling plaintiffs to recovery under Civil Code section 3281.

31. As a proximate result of defendants' willful, knowing, and intentional violations of Civil Code section 3343, plaintiffs have suffered and continue to suffer wage losses in a sum according to proof.

///

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for judgment against defendants as follows:

1. For special damages according to proof;

2. For exemplary damages;

3. For pre-judgment and post-judgment interest on all damages awarded;

4. For restitution;

5. For reasonable attorneys' fees;

6. For injunctive relief to prohibit defendants from continuing to refuse to pay employees their lawfully due wages involving commissions earned;

7. For costs of suit incurred; and

8. For such other and further relief as the Court may deem just and proper.

ADDITIONALLY, plaintiffs demand trial by jury of the present case.

Dated: May 14, 2008          Respectfully submitted,

SHEGERIAN & ASSOCIATES, INC.

By: _____
Carney R. Shegerian, Esq.

Attorneys for Plaintiffs,
JAYNE CLEMENT, on behalf of herself
and all others similarly situated

PLAINTIFFS' COMPLAINT FOR DAMAGES



$000.78

MAY 29 2009
RECEIVED
By_____

FROM
SHEGERIAN & ASSOCIATES, INC.
ATTORNEYS AT LAW
225 ARIZONA AVENUE, SUITE 400
SANTA MONICA, CALIFORNIA 90401

TO
Tribune Company Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station
P. O. Box 5069
New York, NY 10150-5069