**EXHIBIT E**

**Hix Declaration**

ACTIVE 8426672v.10

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

**DECLARATION OF TIMOTHY L. HIX IN SUPPORT OF REORGANIZED DEBTORS'
OBJECTION TO CLAIM NOS. 3263, 3264, AND 3266 OF JAYNE CLEMENT**

I, Timothy L. Hix, declare as follows:

1. I am an attorney at law admitted and in good standing to practice law in the State of California.

2. I am a partner in the law firm of Seyfarth Shaw LLP ("Seyfarth").

3. I have read the Reorganized Debtors' Objection to Claim Nos. 3263, 3264, and 3266 of Jayne Clement Pursuant to Sections 502(b), 524, 558, and 1141 of the Bankruptcy Code, and Bankruptcy Rules 3001, 3007, 7023, and 9014 (the "Objection")[2] and am directly, or

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Objection.

by and through the Reorganized Debtors' personnel and advisors, familiar with the information contained therein.  I am authorized to submit this declaration (the "<u>Declaration</u>") in support of the Objection.

4. All matters set forth in this Declaration are based on my personal knowledge.  If called upon to testify, I could and would testify competently to the facts set forth herein.

5. Seyfarth serves the Debtors and Reorganized Debtors as primary outside employment litigation and labor relations counsel.  Among the matters on which Seyfarth represents the Debtors and Reorganized Debtors is the prepetition lawsuit commenced by Jayne Clement against Tribune Company ("<u>Tribune</u>"), Los Angeles Times Communications LLC ("<u>LATC</u>"), Tribune Media Net, Inc. (now known as Tribune 365, LLC) ("TMN"), and Tribune Interactive, Inc. ("<u>TI</u>"), a non-debtor subsidiary of Tribune, "Los Angeles Times,"[3] and certain "Doe" defendants (collectively, the "<u>Defendants</u>"), in the Superior Court of the State of California for the County of Los Angeles, Central District (the "<u>California Court</u>"), which was commenced on May 15, 2008 (the "<u>Lawsuit</u>").  I serve as defense counsel to the Defendants named in the Lawsuit and am personally familiar with all aspects of the Lawsuit.

**Procedural History of the Lawsuit Relevant to the Objection**

6. Ms. Clement commenced the Lawsuit by filing a two-count class action complaint in the California Court on May 15, 2008, which was assigned Case No. BC390943.  Ms. Clement filed a First Amended Complaint on October 2, 2008, and purported to amend the Complaint further by filing a Second Amended Complaint on December 15, 2008.

---

[3] The Los Angeles Times is not a corporate entity.  It is a trade name of the newspaper published by LATC.

7.  On May 27, 2008, Ms. Clement served her First Set of Special Interrogatories on Tribune (the "First Interrogatories"). The First Interrogatories sought, among other things, the names, addresses, telephone numbers, and email addresses of all Account Executives employed by Tribune or any of its subsidiaries, which include TMN, LATC, and TI, in California. On July 1, 2008, Tribune responded to the First Interrogatories by raising various objections, including the privacy rights of current and former employees. On or about July 22, 2008, Ms. Clement filed a Motion to Compel responses to the First Interrogatories.

8.  On August 13, 2008, the Defendants filed a Motion for Judgment on the Pleadings (the "Dismissal Motion"), seeking dismissal of the Lawsuit to the extent it asserted claims against LATC. Specifically, in a June 18, 2008 deposition taken in other pending litigation against the Debtors, Ms. Clement admitted she did not work for LATC during the putative class period or within the applicable statute of limitations.[4] On September 30, 2008, the California Court issued a ruling denying the Defendants' Dismissal Motion and partially granting Ms. Clement's Motion to Compel (the "Order"). The Defendants timely sought a Writ of Mandate from the Court of Appeal of the State of California (the "Appeal").

9.  On December 15, 2008, the Debtors filed a notice of stay in the California Court, which stayed the Lawsuit pending the Debtors' chapter 11 proceedings. The Appeal was likewise stayed. No class has been certified in the Lawsuit as of the date of the Objection.

10. On May 3, 2013, the California Court of Appeal denied the Defendants' Writ of Mandate to reverse the California Court's decision partially granting Ms. Clement's Motion to Compel, which required that Defendants respond to the First Interrogatories. On July

---

[4] On August 16, 2007, prior to the Petition Date, Ms. Clement commenced a lawsuit in the California Court (Case No. BC376036) alleging claims of wrongful termination, defamation, and breach of implied contract arising from her employment with TMN. Those causes of action were also asserted against Tribune, LATC, and TI on a "joint employer" theory. I also represent the Debtors and Reorganized Debtors with respect to this lawsuit.

3

29, 2013, Defendants provided supplemental discovery responses, subject to certain objections and reservations of rights, which related to the identification of potential putative class members.

11. On or about September 27, 2013, Ms. Clement filed a motion seeking leave to file an amended complaint. The proposed amended complaint sought to expand the class definition to include a larger period of time. The Lawsuit then remained largely dormant until earlier this year. Counsel for Ms. Clement transmitted a letter to my attention dated January 6, 2014 (the "Jan. 6 Letter"), requesting that the Defendants agree to stipulate to permit Ms. Clement to file a Third Amended Complaint. The proposed stipulation stated that the Third Amended Complaint seeks to expand the definition of the putative class "from individuals employed as account executives or other individuals selling advertise [sic] space from May 15, 2004 through May 15, 2008 to from May 15, 2004 through January 3, 2014."

12. On January 8, 2014, Ms. Clement served her Third Set of Special Interrogatories on Tribune (the "Third Interrogatories"). Like the First Interrogatories, the Third Interrogatories seeks the identification of, and disclosure of personal information pertaining to, the members of the putative class.

13. On January 9, 2014, I responded to both the Jan. 6 Letter and the Third Interrogatories on behalf of the Defendants, by letter to counsel for Ms. Clement (the "Jan. 9 Response"), explaining that the discharge injunction applicable to the Clement Claims and the Lawsuit prohibited the Lawsuit from being continued in the California Court as a general matter, and that any putative class claims had been barred and discharged. In the Jan. 9 Response, I, on behalf of the Defendants, proposed to counsel for Ms. Clement that the parties stipulate to agree to have the Clement Claims liquidated in the California Court solely as to Ms. Clement on an individual basis and in accordance with the terms of the Plan. Ms. Clement has not replied to the

4

Jan. 9 Response. The Defendants timely objected to the Third Interrogatories on February 10, 2014, including on the grounds that the claims of putative class members were barred and discharged.

14. To the best of my knowledge, information, and belief, no employee with the relevant job description that was a current employee of any of the Defendants as of the Bar Date or was subsequently hired and ceased to be employed by the Defendants after the Bar Date has sought to sue the Defendants on grounds similar to Ms. Clement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 16 day of March 2014.

By: Timothy L. Hix

5
ACTIVE 200390600v.2