## EXHIBIT F

**Ehrenhofer Declaration**

ACTIVE 8426672v.10

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

**DECLARATION OF JODI EHRENHOFER IN SUPPORT OF**
**REORGANIZED DEBTORS' OBJECTION TO**
**CLAIM NOS. 3263, 3264, AND 3266 OF JAYNE CLEMENT**

I, Jodi Ehrenhofer, declare as follows:

1. I am a Director at Alvarez & Marsal North America, LLC ("A&M"), a limited liability corporation. A&M was retained by the Debtors to advise them in connection with their restructuring with the approval of the Bankruptcy Court on February 11, 2009. I am familiar with the Debtors' and Reorganized Debtors' businesses and financial affairs, the Debtors' chapter 11 cases, the claims asserted against the Debtors in their chapter 11 cases, the Plan and related confirmation proceedings, the financial and restructuring transactions

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

2

contemplated by the Plan, and other matters that concern the Reorganized Debtors' consummation of the Plan and their emergence from chapter 11.

    2.  I have read the Reorganized Debtors' Objection to Claim Nos. 3263, 3264, and 3266 of Jayne Clement Pursuant to Sections 502(b), 524, 558, and 1141 of the Bankruptcy Code, and Bankruptcy Rules 3001, 3007, 7023, and 9014 (the "Objection")[2] and am directly, or by and through the Reorganized Debtors' personnel and advisors, familiar with the information contained therein. I am authorized to submit this declaration (the "Declaration") in support of the Objection.

    3.  All matters set forth in this Declaration are based on: (a) my personal knowledge, (b) my review of the official claims register maintained in these chapter 11 cases and filings in these chapter 11 cases, (c) information supplied to me by A&M personnel working with me and/or at my direction, (d) information supplied to me by the Debtors' and Reorganized Debtors' personnel, and (e) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance on the advice of counsel to the Reorganized Debtors. If called upon to testify, I could and would testify competently to the facts set forth herein.

    4.  On February 21, 2014, counsel to the Reorganized Debtors provided me with a copy of the Defendants' response to the First Interrogatories in the Lawsuit commenced by Jayne Clement, which comprised a list of the names, addresses, telephone numbers, and email addresses of certain individuals, in native file format. I was informed by counsel that the list included current and former Account Executives employed by Tribune or any of its subsidiaries, which include TMN, LATC, and TI, in California.

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Objection.

5. I performed a comparison between that list of names and addresses to the list of individuals and entities who received actual notice of the Bar Date for filing claims against the Debtors (as reflected in filings with the Bankruptcy Court at Docket Nos. 1073 and 1129), which I obtained in native file format from Epiq Bankruptcy Solutions, LLC, the Bankruptcy-Court appointed claims and noticing agent in these chapter 11 cases.

6. Based on that comparison, I determined that approximately 64% of the individuals listed on the Defendants' response to the First Interrogatories were served with actual notice of the Bar Date.

7. I have also reviewed the Clement Claims, and am familiar with the nature of the claims asserted by Ms. Clement therein. Based on my personal review and analysis of the other proofs of claim asserted against the Debtors in these chapter 11 cases, and the review and analysis of those claims that has been conducted by A&M personnel working with me and/or at my direction and by the Debtors' and Reorganized Debtors' personnel of which I have been informed, upon information and belief and to the best of my knowledge, no former employee, other than Ms. Clement, filed a proof of claim regarding the same subject matter as the Clement Claims, i.e., payment for unpaid commissions allegedly due following termination or resignation of employment.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17 day of March 2014.

_____
By: Jodi Ehrenhofer

3

ACTIVE 200390709v.2