## **EXHIBIT H**

**Jan. 6 Letter**

ACTIVE 8426672v.10

# SHEGERIAN & ASSOCIATES, INC.
*ATTORNEYS AT LAW*

225 ARIZONA AVENUE, SUITE 400
SANTA MONICA, CALIFORNIA 90401
TELEPHONE NUMBER: (310) 860-0770
FACSIMILE NUMBER: (310) 860-0771

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| TIMOTHY M. RUSCHE, ESQ.<br>TIMOTHY L. HIX, ESQ. | CARNEY R. SHEGERIAN, ESQ. |
| COMPANY:<br>SEYFARTH SHAW | DATE:<br>JANUARY 6, 2014 |
| FAX NUMBER:<br>(213) 270-9601 | TOTAL NO. OF PAGES INCLUDING COVER:<br>16 |
| PHONE NUMBER:<br>(213) 270-9600 | SENDER'S REFERENCE NUMBER:<br>(310) 860-0771 |
| RE:<br>**CLEMENT V. TRIBUNE** | YOUR REFERENCE NUMBER:<br>(310) 860-0770 |

☐ URGENT  ☑ FOR REVIEW  ☑ PLEASE COMMENT  ☑ PLEASE REPLY  ☐ PLEASE RECYCLE

NOTES/COMMENTS:

The attached documents contain CONFIDENTIAL information from the law firm of **SHEGERIAN & ASSOCIATES**. This information is intended solely for use by the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please notify us by telephone immediately so we may arrange to retrieve this transmission. If you do not receive all the pages, please call sender at the number and address listed above. NOTICE RE SERVICE: Sender's use of facsimile for the transmission of the above document shall not be construed as constituting Sender's consent to service of court papers by facsimile transmission under the provisions of Rule 2009(d) of the California Rules of Court.

## Shegerian & Associates, Inc.
225 Arizona Avenue, Suite 400
Santa Monica, California 90401
Telephone: (310) 860-0770 | Facsimile: (310) 860-0771
www.shegerianlaw.com

January 6, 2014

**SENT BY FACSIMILE**

Timothy L. Hix, Esq.
Timothy M. Rusche, Esq.
SEYFARTH SHAW
333 South Hope Street, Suite 3900
Los Angeles, California 90071

Jamie C. Chanin, Esq.
SEYFARTH SHAW
2029 Century Park East, Suite 3500
Los Angeles, California 90067

　　　Re:　*Clement v Tribune, et al.*
　　　　　Case No.: BC 390943

Dear Counsel:

Plaintiffs' ask you to sign the enclosed Joint Stipulation so Plaintiffs' could amend their complaint. Please sign and fax back to our offices the Joint Stipulation. We want to avoid unnecessary law in motion practices if you do not sign the Joint Stipulation.

The courts have consistently allowed plaintiffs in a class action to redefine the class. In *La Sala v American Sav. & Loan Assn., (5 Cal. 3d 864, 873-874)*, the court remanded to the superior court to determine if the plaintiff still represented the class, and if not, gave permission for plaintiffs to amend in order to redefine the class. Further, on appeal, a court reversed an order denying plaintiffs in a class action case to amend the class definition from "persons who obtained loans after May 22, 200" and "persons who obtained loans after May 22, 2002" to "...during the period from November 21,2002 to the present." *LaLiberte v Pacific Mercantile Bank (147 Cal. App 4th 1,5,7-8.)*

If you do not sign the Joint Stipulation, we will file a motion so we can amend our complaint to include liability period through the present day. The trial date has not been set and the pleadings can be amended as a matter of course.

If you wish to discuss this matter further, please feel free to contact me. Thank you for your attention to this matter.

Very truly yours,

**SHEGERIAN & ASSOCIATES**

Alex DiBona, Esq.

AD/jm
Enclosure

Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
225 Arizona Avenue, Suite 400
Santa Monica, California 90401
Telephone Number: (310) 860-0770
Facsimile Number: (310) 860-0771

Bruce Kokozian, Esq., State Bar No. 195723
BKokozian@Kokozianlawfirm.com
8383 Wilshire Boulevard, Suite 1018
Beverly Hills, California 90211
Telephone Number: (310) 857-5900

Attorneys for Plaintiffs,
JAYNE CLEMENT, on behalf of herself and all others similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| JAYNE CLEMENT, on behalf of herself and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> TRIBUNE COMPANY, TRIBUNE INTERACTIVE, INC., TRIBUNE MEDIA NET, INC., LOS ANGELES TIMES COMMUNICATIONS, LLC, LOS ANGELES TIMES, and DOES 1 to 1,000, inclusive, <br><br> Defendants. | Case No.: BC 390 943 <br><br> **The Honorable Holly E. Kendig** <br><br> **JOINT STIPULATION FOR PLAINTIFF TO FILE A THIRD AMENDED COMPLAINT; [PROPOSED] ORDER, EXHIBIT** <br><br><br> Dept.: 42 <br><br> Trial Date: Not Set <br> Action Filed: May 10, 2008 |

JOINT STIPULATION TO AMEND COMPLAINT

Plaintiffs, Jayne Clement, on behalf of herself and all others similarly situated, ("plaintiffs") and defendants Tribune Company ("defendants"), by and through their counsel of record, hereby stipulate and agree as follows:

WHEREAS, on or about May 15, 2008, plaintiff filed the Complaint in the above-captioned matter;

WHEREAS, the case was stayed for several years due to defendant's bankruptcy filings, and the stay is now lifted.

WHEREAS, plaintiff wishes to file the amended complaint to expand the definition of class from individuals employed as account executives or other individuals selling advertise space from May 15, 2004 through May 15, 2008 to from May 15, 2004 through January 3, 2014.

WHEREAS, in the interest of judicial economy, the parties have agreed that plaintiffs should be afforded leave to file their [Proposed] Third Amended Complaint without the need for law and motion;

NOW, THEREFORE, it is hereby stipulated and agreed that plaintiffs shall have leave to file a Second Amended Complaint in the form of the Third Amended Complaint that is attached hereto as Exhibit A.

IT IS SO STIPULATED.

Dated: January 3, 2014         SHEGERIAN & ASSOCIATES, INC.

                               By: _____
                                   Carney R. Shegerian, Esq.

                               Attorneys for Plaintiffs,
                               JAYNE CLEMENT, on behalf of
                               herself and all others similarly
                               situated

///

1  Dated: January___,2014          SEYFARTH SHAW LLP

3                                   By: _____
4                                   Timony M. Rusche,
                                    Timony L. Hix
                                    Jamie Chanin
5                                   Attorneys for Defendants
                                    TRIBUNE COMPANY, TRIBUNE
6                                   INTERACTIVE, TRIBUNE MEDIA
                                    NET, AND LOS ANGELES TIMES
7                                   COMMUNICATIONS, LLC
                                    (erroneously named as Los Angeles
8                                   Times)

## ORDER

Good cause appearing therefore, Plaintiffs, Jayne Clement's, on behalf of herself and all others similarly situated, Third Amended Complaint file concurrently with this stipulation is hereby deemed file and served.

Dated: January ___, 2014

                                    _____
                                    The Honorable Holly E. Kendig
                                    Judge of the Superior Court

# EXHIBIT A

Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
225 Arizona Avenue, Suite 400
Santa Monica, California 90401
Telephone Number: (310) 860-0770
Facsimile Number: (310) 860-0771

Bruce Kokozian, Esq., State Bar No. 195723
BKokozian@Kokozianlawfirm.com
8383 Wilshire Boulevard, Suite 1018
Beverly Hills, California 90211
Telephone Number: (310) 857-5900

Attorneys for Plaintiffs,
JAYNE CLEMENT, on behalf of herself
and all others similarly situated

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| JAYNE CLEMENT, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRIBUNE COMPANY, TRIBUNE INTERACTIVE, INC., TRIBUNE MEDIA NET, INC., LOS ANGELES TIMES COMMUNICATIONS, LLC, LOS ANGELES TIMES, and DOES 1 to 1,000, inclusive,<br><br>Defendants. | Case No.: BC 390 943<br><br>**The Honorable Holly E. Kendig**<br><br>**PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES BASED ON:**<br><br>(1) **VIOLATIONS OF LABOR CODE REGARDING PAYMENT OF COMMISSIONS (Labor Code §§ 200, 201, 202, 203; 8 Cal. Code Regs. § 11040);**<br><br>(2) **VIOLATIONS OF BUSINESS AND PROFESSIONS CODE § 17200,** *et seq.*<br><br>**CLASS ACTION (Plaintiff Class) (C.C.P. § 382)**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Department: 42<br>Action Filed: May 10, 2008 |

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DAMAGES

Plaintiff Jayne Clement, on behalf of herself and all others similarly situated, and demanding trial by jury, complains and alleges upon information and belief as follows:

## JURISDICTION

1. This is a civil action seeking retribution and damages, including interest, reasonable attorneys' fees, and costs, pursuant to Labor Code sections 200, 201, 202, and 203, Business and Professions Code sections 17200, 17203, *et seq.*, and Civil Code section 3281, because of violations by the defendants, as alleged herein, of 8 California Code of Regulations section 11040.

## VENUE

2. Venue as to defendants is proper in this judicial district. Each entity defendant maintains an office, transacts business, has an agent, or is found in the County of Los Angeles, and each defendant is within the jurisdiction of this Court for purposes of service of process. A significant portion of the unlawful acts alleged herein occurred in the County of Los Angeles.

## PLAINTIFFS

3. Plaintiff Jayne Clement ("Clement") is, and at all times mentioned in this Complaint was, a resident of the County of Los Angeles, in California.

4. Plaintiff Clement was directly and indirectly employed by defendants Tribune Company, Tribune Interactive, Tribune Media Net, Inc., Los Angeles Times Communications, LLC, and Los Angeles Times under the title account executive, a sales position, selling space on defendants' media outlets.

5. During plaintiff Clement's employment, as account executives plaintiffs were paid commissions based on sales they made for defendants. Each commission was a percentage of the sales made by each account executive. Plaintiffs were never advised that, upon being discharged, whether directly or constructively, or upon quitting; all of

-2-
PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DAMAGES

their commission wages would be forfeited. On the contrary, the account executives were supposed to be paid commissions past the dates on which they separated from defendants' employ.

6. Nevertheless, at the time of their discharge or quitting employment with defendants, plaintiffs were not paid the commissions due to them for sales they made. Instead, defendants had an illegal practice of withholding those sales commission wages and not paying plaintiffs their sales wages.

7. Defendants refused to pay such wages intentionally, knowing that by doing so they would be able to avoid paying commissions and instead cheat their employees out of a portion of their wages.

## DEFENDANTS

8. Defendant Tribune Company ("Tribune Company") is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government, was authorized and qualified to do business in the County of Los Angeles, and did, in fact, operate a business in the State of California, the County of Los Angeles, and the United States. Defendant's principal place of business was and is in Chicago, Illinois.

9. Defendant Tribune Interactive, Inc. ("Tribune Interactive") is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government, was authorized and qualified to do business in the County of Los Angeles, and did, in fact, operate a business in the State of California, the County of Los Angeles, and the United States. Defendant's principal place of business was and is in Chicago, Illinois.

10. Defendant Tribune Media Net, Inc. ("Tribune Media") is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government, was authorized and qualified to do business in the County of Los Angeles, and did, in fact, operate a business in the State of California, the County of

-3-
PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DAMAGES

1  Los Angeles, and the United States. Defendant's principal place of business was and is
2  in Chicago, Illinois.

3  11. Defendant Los Angeles Times Communications, LLC ("Times Communications"), is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government, was authorized and qualified to do business in the County of Los Angeles, and did, in fact, operate a business in the State of California, the County of Los Angeles, and the United States. Defendant's principal place of business was and is in the County of Los Angeles.

9  12. Defendant Los Angeles Times ("Times"), is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government, was authorized and qualified to do business in the County of Los Angeles, and did, in fact, operate a business in the State of California, the County of Los Angeles, and the United States. Defendant's principal place of business was and is in the County of Los Angeles.

## DOE DEFENDANTS

13. Defendants Does 1 to 1,000 are sued under fictitious names pursuant to Code of Civil Procedure section 474. Plaintiffs are informed and believe, and on that basis allege, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as an agent, servant, partner, and employee, with the permission and consent of co-defendants.

## CLASS ACTION ALLEGATIONS

14. Plaintiff Clement bring this action, on behalf of herself and all others similarly situated, as a class action pursuant to section 382 of the California Code of Civil Procedure. The class that plaintiff Clement seeks to represent is composed of and

-4-
PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DAMAGES

1  defined as follows:

2  All persons employed by defendants as account executives
3  and/or other positions engaged in the same sales functions as account
   executives who, from May 15, 2004 through including the present
4  day, were not paid post-employment commission wages for
   commissions earned before the termination of their employment
5  when they were either discharged, they quit or they were forced to
   resign.

6  15. This action has been brought and may properly be maintained as a class action
7  pursuant to the provisions of Code of Civil Procedure section 382 because there is a well
8  defined community of interest in the litigation, and the proposed class is easily
9  ascertainable.

10  a. **Numerosity:** The plaintiff class is so numerous that individual joinder of
11 all members is impracticable under the circumstances of this case. While the exact
12 number of class members is unknown to plaintiff Clement at this time, plaintiff is
13 informed and believes that approximately 500 employees have been denied their
14 commission wages. Joinder of all members of the plaintiff class is not practicable.

15  b. **Common Questions Predominate:** Common questions of law and fact
16 exist as to all members of the plaintiff class and predominate over questions that affect
17 only individual members of the class. The common questions of law and fact include,
18 without limitation:

19  i. Whether defendants violated Business and Professions Code section
20 17203, Civil Code section 3281, and Labor Code sections 200, 201, 202, and 203, with
21 regard to failing to pay commission wages due;

22  ii. The existence, duration, and extent of the violations of California
23 Business and Professions Code section 17203, Civil Code section 3281, and Labor Code
24 sections 200, 201, 202, and 203;

25  iii. Whether defendants and each of them were participants in the violations
26 of Business and Professions Code section 17203, Civil Code section 3281, and Labor
27 Code sections 200, 201, 202, and 203;

28  iv. The effect upon and the extent of the injuries sustained by plaintiff

Clement and members of the plaintiff class and the measure of damages.

   c. **Typicality:** Plaintiff Clement's claims are typical of the claims of the members of the plaintiff class. Plaintiff Clement and all of the members of the plaintiff class sustained damages that arose from defendants' wrongful conduct in violation of Business and Professions Code section 17203, Civil Code section 3281, and Labor Code sections 200, 201, 202, and 203.

   d. **Adequacy:** Plaintiff Clement will fairly and adequately protect the interests of the members of the plaintiff class. Plaintiff Clement resides in California, was employed by defendants, and is an adequate representative of the plaintiff class, as she has no interests that are adverse to the interests of absent class members. Plaintiff Clement has retained counsel who has substantial experience and success in the prosecution of employment claims.

   e. **Superiority:** A class action is superior to other available means for fair and efficient adjudication of this controversy, as the individual joinder of all members of the class is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

### FIRST CAUSE OF ACTION
(Violations of California Labor Code §§ 200, 201,

202, 203 — Against All Defendants)

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DAMAGES

16. The allegations set forth in paragraphs 1 through 15 are re-alleged and incorporated herein by reference.

17. Jayne Clement, the class representative, was hired by Defendant Los Angeles Times as an account executive in February of 2000. She was employed in that position for over 5 years from February 2000 until August of 2005.

18. Ms. Clement quit her employment on August 16, 2005 when she was forced to resign her job with Defendants, giving a two-week notice; as the result of objectively intolerable working conditions.

19. After giving a two-week notice, Ms. Clement was actually discharged by Defendants when Donna Stokley asked her to leave the very next day, August 17.

20. Following their employment with defendants, plaintiffs were not for paid their commissions due from the time they were employed by defendants. Defendants directly managed and controlled the payment and non-payment of these wages at all times alleged.

21. Defendants would refuse to pay plaintiffs in order to defraud them out of their commission wages.

22. As a proximate result of defendants' willful, knowing, and intentional violations of the California Labor Code, plaintiffs have suffered and continue to suffer wage losses in sums according to proof.

23. Plaintiffs have incurred and continue to incur legal expenses and attorneys' fees. Plaintiffs are entitled to legal expenses and attorneys' fees.

24. During the course of their employment with defendants, plaintiffs were not paid their commission wages. The non-payment of these monies was a way of defrauding plaintiffs of their property.

25. By failing to pay plaintiffs commission wages, defendants were intentionally defrauding these individuals in the exchange of property, thereby entitling plaintiffs to recovery under Civil Code section 3281.

## SECOND CAUSE OF ACTION

(Violations of Business and Professions Code §§ 17200,

17203 — Against All Defendants)

26. The allegations set forth in paragraphs 1 through 25 are re-alleged and incorporated herein by reference.

27. Jayne Clement, the class representative, was hired by Defendant Los Angeles Times as an account executive in February of 2000. She was employed in that position for over 5 years from February 2000 until August of 2005.

28. Ms. Clement quit her employment on August 16, 2005 when she was forced to resign her job with Defendants, giving a two-week notice; as the result of objectively intolerable working conditions.

29. After giving a two-week notice, Ms. Clement was actually discharged by Defendants when Donna Stokley asked her to leave the very next day, August 17.

30. Following their employment with defendants, plaintiffs were not for paid their commissions earned while employed with defendants. Defendants directly managed and controlled the payment and non-payment of these wages at all times alleged. Defendants withheld such payment in violation of Labor Code Sections 200, 201 and 202.

31. Defendants had a practice of refusing to pay plaintiffs their rightful commissions under the illegal scheme, and instead kept the commissions for their own profit and gain.

32. As a proximate result of defendants' willful, knowing, and intentional violations of the California Labor Code, plaintiffs have suffered and continue to suffer wage losses in sums according to proof.

33. Plaintiffs have incurred and continue to incur legal expenses and attorneys' fees. Plaintiffs are entitled to legal expenses and attorneys' fees.

34. During the course of their employment with defendants, plaintiffs were not paid their commission wages. The non-payment of these monies was a way of defrauding plaintiffs of their property, violating California Business and Professions Code section

-8-

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DAMAGES

17200.

35. By failing to pay plaintiffs commission wages, defendants were intentionally defrauding these individuals in the exchange of property, thereby entitling plaintiffs to recovery under Business and Professions Code section 17200.

36. As a proximate result of defendants' willful, knowing, and intentional violations of Business and Professions Code sections 17200 and 17203, plaintiffs have suffered and continue to suffer wage losses in a sum according to proof.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for judgment against defendants as follows:

1. For special damages according to proof;
2. For exemplary damages;
3. For pre-judgment and post-judgment interest on all damages awarded;
4. For restitution;
5. For reasonable attorneys' fees;
6. For costs of suit incurred; and
7. For such other and further relief as the Court may deem just and proper.

ADDITIONALLY, plaintiffs demand trial by jury of the present case.

Dated: January 3, 2014

Respectfully submitted,

SHEGERIAN & ASSOCIATES, INC.

By: _____
Carney R. Shegerian, Esq.

Attorneys for Plaintiffs,
JAYNE CLEMENT, on behalf of herself and all others similarly situated

-9-

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DAMAGES