# EXHIBIT J

**Jan. 9 Response**

ACTIVE 8426672v.10

# SEYFARTH SHAW LLP
ATTORNEYS

Seyfarth Shaw LLP
333 S. Hope Street, Suite 3900
Los Angeles, California 90071
(213) 270-9600
fax (213) 270-9601
www.seyfarth.com

Writer's direct phone
(213) 270-9622

Writer's e-mail
thix@seyfarth.com

January 9, 2014

**Via Facsimile & U.S. Mail**

Carney R. Shegerian
Alex DiBona
SHEGERIAN & ASSOCIATES, INC.
225 Arizona Avenue, Suite 400
Santa Monica, CA 90401

     Re:    *Clement v. Tribune Co., et al.*, Case No. BC390943

Dear Counsel:

     This letter is in response to your letter of January 6, 2014, in which you have requested our clients' consent to a Joint Stipulation to permit your client to amend her putative class action complaint in the above-captioned lawsuit (the "Lawsuit"). Additionally, we write regarding the Special Interrogatories, Set Three, served on the same date. Our client cannot agree to the proposed Joint Stipulation as your client is enjoined from continuing the Lawsuit in California by operation of federal law and applicable orders of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Accordingly, based on the injunction and as more particularly explained below, we oppose any action by your client to continue the Lawsuit, including amending the complaint, and propounding discovery.

     As you are aware, the Lawsuit represents an action to recover damages from our clients Tribune Company ("Tribune"), Los Angeles Times Communications LLC ("LATC"), and Tribune Media Net, Inc. ("TMN", and, collectively with Tribune and LATC, the "Debtors") on account of alleged liability that arose prior to the filing by the Debtors of voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Your client has filed three proofs of claim against the Debtors in their bankruptcy cases (the "Proofs of Claim"), which have not yet been allowed by the Bankruptcy Court. On July 23, 2012, the Bankruptcy Court entered the Order Confirming the Fourth Amended Joint Plan of Reorganization (the "DCL Plan") for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (Docket No. 12074) (the "Confirmation Order"). A copy of the Confirmation Order is attached for your reference. On December 31, 2012, the DCL Plan became effective and all prepetition claims against the Debtors were discharged. *See* Confirmation Order at ¶ V.A.1.a.

SHANGHAI   LONDON   WASHINGTON, D.C.   SAN FRANCISCO   SACRAMENTO   NEW YORK   LOS ANGELES   HOUSTON   CHICAGO   BOSTON   ATLANTA



Carney R. Shegerian<br>
January 9, 2014<br>
Page 2

    We direct your attention to section V.A.1.b of the Confirmation Order, which prohibits, *inter alia*, the continuation of any action or other proceeding against "the Debtors, the Reorganized Debtors or their respective property" or "continuing any judicial or administrative proceeding, in any forum, that does not comply with or is inconsistent with the provisions of the DCL Plan or this Confirmation Order", including with respect to discharged claims. In addition, we direct your attention to sections 524(a) and 1141(d) of the Bankruptcy Code, which operate as an injunction against the continuation of any actions by creditors to recover debts that have been discharged in bankruptcy.

    In addition, your client is barred from asserting any claims, whether in the Lawsuit or via the Proofs of Claim, on behalf of a putative class of former employees of Debtors. The Proofs of Claim filed by your client with the Bankruptcy Court were neither asserted on a class basis nor certified as such by the Bankruptcy Court as required by Federal Rules of Bankruptcy Procedure, Rule 7023. Any claims of the putative class members have long since been barred and discharged through the Debtors' bankruptcy proceedings. Your client's efforts to seek to amend the complaint and to propound special interrogatories relating to purported class claims are therefore moot, in addition to being prohibited by a federal injunction.

    Accordingly, based on the foregoing, absent a Bankruptcy Court order or agreement of the parties on terms that are acceptable to our clients and consistent with the DCL Plan, Ms. Clement may not take any action to continue the Lawsuit in California against the Debtors, including but not limited to filing a motion to amend the complaint or propounding discovery. Under no circumstances may the Lawsuit proceed on a class basis. We are open to discussing with you the terms of a stipulation to permit the Lawsuit to be continued in California solely as a means of efficiently resolving the pending Proofs of Claim (subject in all respects to the terms of the DCL Plan) as to Ms. Clement on an individual basis.

    Very truly yours,

    SEYFARTH SHAW LLP

    Timothy L. Hix

TLH:sm
cc:    Bruce Kokozian, Esq. (via facsimile and U.S. mail)
       James P. Osick, Esq. (via email only)
       Jillian Ludqig, Esq. (via email only)