**PROPOSED ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |
| | **Related to Docket No. ____** |

**ORDER SUSTAINING REORGANIZED DEBTORS' OBJECTION TO CLAIM NOS. 3263, 3264, AND 3266 OF JAYNE CLEMENT PURSUANT TO SECTIONS 502(b), 524, 558, AND 1141 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3001, 3007, 7023, AND 9014**

Upon consideration of the Reorganized Debtors' Objection to Claim Nos. 3263, 3264, and 3266 of Jayne Clement (the "Clement Claims"), by which the Reorganized Debtors[2] request entry of an order pursuant to sections 502(b), 524, 558, and 1141 of the Bankruptcy Code and Bankruptcy Rules 3001, 3007, 7023, and 9014, (i) disallowing in full and expunging the Clement Claims to the extent such claims purport to seek recovery on behalf of a putative class of claimants and (ii) establishing a discovery and briefing schedule for the adjudication of the

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used, but not defined herein, shall have the meanings ascribed to them in the Objection.

Clement Claims to the extent such claims are asserted by Ms. Clement in her individual capacity; (iii) reclassifying the Clement Claims as general unsecured claims; and (iv) directing the Claims Agent to modify the Claims Register to comport with the relief requested herein; and upon consideration of the Objection, the O'Connor Declaration, the Hix Declaration, and the Ehrenhofer Declaration; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and due and adequate notice of the Objection having been given under the circumstances; and sufficient cause appearing therefor; it is hereby

       ORDERED, that the Objection is sustained; and it is further

       ORDERED, that the Clement Claims are disallowed and expunged to the extent such claims purport to seek recovery on behalf of a putative class of claimants; and it is further

       ORDERED, that the adjudication of the Clement Claims, to the extent such claims are asserted by Ms. Clement in her individual capacity, shall proceed on the following discovery and briefing schedule:

1. All discovery in the matter with respect to the Clement Claims shall close on _____, 2014;

2. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Defendants shall file their Dispositive Motion and opening brief in support thereof with respect to the Clement Claims by _____, 2014;

3. Ms. Clement shall file her brief in opposition to the Dispositive Motion by _____, 2014;

4. The Defendants shall file their reply brief in support of their Dispositive Motion by _____, 2014;

5. Upon completion of the briefing described in paragraphs 2, 3, and 4 of this Order, the Reorganized Debtors shall file a Notice of Completion of Briefing and shall deliver a binder with the relevant pleadings to the Court.

and it is further

ORDERED, that the Clement Claims are reclassified as general unsecured claims; and it is further

ORDERED, that the Claims Agent is authorized to modify the Claims Register to comport with the entry of this Order; and it is further

ORDERED, that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware

_____, 2014

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge

3