## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |
| | Hearing Date: July 15, 2014 at 11:00 a.m. ET<br>Response Deadline: July 8, 2014 at 4:00 p.m. ET |

## REORGANIZED DEBTORS' OBJECTION TO CLAIM NO. 3379 OF CURTIS WALLACE PURSUANT TO SECTIONS 502(b) AND 558 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3001 AND 3007

The reorganized debtors in the above-captioned chapter 11 cases (collectively, the "Reorganized Debtors"), by and through their undersigned counsel, hereby file this objection (the "Objection") to Claim No. 3379 of Curtis Wallace (the "Wallace Claim"), on the grounds that none of the Debtors (defined below) have any liability for such claim, and that the Wallace Claim should be disallowed as a matter of law for the reasons set forth in detail below. A copy of the Wallace Claim is attached hereto as Exhibit A.

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Objection is submitted pursuant to sections 502(b) and 558 of title 11 of the

United States Code (the "Bankruptcy Code") and Rules 3001 and 3007 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"). In support of the Objection, the Reorganized

Debtors rely on the Declaration of Kay Murray, Assistant General Counsel of Tribune Publishing

in Support of the Reorganized Debtors' Objection to Claim No. 3379 of Curtis Wallace (the

"Murray Declaration"), a copy of which is attached hereto as Exhibit B. In further support of the

Objection, the Reorganized Debtors respectfully state as follows:

## INTRODUCTION

1.      The Wallace Claim was filed on account of a prepetition lawsuit

commenced by Mr. Wallace against Debtor InsertCo, Inc. ("InsertCo") and SITMA Machinery,

S.p.A. ("SITMA"), an unaffiliated non-debtor entity, in the Supreme Court of the State of New

York, Kings County (the "New York Court") on June 13, 2008 (the "Wallace Litigation"). A

copy of the verified complaint filed in the Wallace Litigation is attached hereto as Exhibit C (as

amended, supplemented or modified from time to time, the "Complaint"). The Complaint

alleges that on or about June 19, 2005, Mr. Wallace, then an employee of InsertCo, injured his

right thumb at an InsertCo facility while operating a machine manufactured by SITMA known as

the SITMA 950E PolyPapermatic Wrapping System (the "Machine"). (See Ex. C at 4-6.)

Limited pretrial discovery proceedings had occurred in the Wallace Litigation prior to the

Petition Date (defined below), but no dispositive motions had been filed. The Wallace Litigation

was stayed as to both defendants during the pendency of the Debtors' chapter 11 cases and

remains stayed by the New York Court.[2]

---

[2] As discussed below, the Reorganized Debtors do not oppose resolving the Wallace Litigation (and, thus, the Wallace Claim) in the New York Court subject in all respects to the terms of the Plan (defined below) and have communicated on multiple occasions to Mr. Wallace's counsel that they would be willing to stipulate to that relief. However, Mr. Wallace has not responded to the Reorganized Debtors' communications, and it is unclear to the

2.      Based on the undisputed facts adduced to date in the Wallace Litigation, the Wallace Claim may be adjudicated by this Court in the Reorganized Debtors' favor as a matter of law.[3]  Specifically, the Wallace Claim fails to state a cognizable claim against InsertCo (or any affiliate of InsertCo) as a matter of applicable New York law because civil litigation claims by employees against their employers for personal injuries allegedly sustained in the course of employment is generally barred by the New York Workers' Compensation Law, which channels claims for such injuries to the Workers' Compensation Board and the applicable insurance coverage provided by employers to pay such claims.  Mr. Wallace has already recovered from Workers' Compensation on account of the same alleged injury, which is his exclusive remedy under sections 10 and 11 of New York Workers' Compensation Law.  No basis is apparent in the record to support a conclusion that any of the limited exceptions to the exclusivity provisions of New York's Workers' Compensation Law is applicable to the Wallace Claim, and Mr. Wallace does not allege any facts in either the Wallace Claim or the Complaint – let alone demonstrate – that any such exceptions apply.  Accordingly, neither the Wallace Claim nor the Complaint state a valid claim against InsertCo for which relief may be granted by this or any other Court.[4]

---

Reorganized Debtors whether Mr. Wallace is continuing to pursue the Wallace Claim.

[3] Although any trial on merits of any personal injury claims asserted by Mr. Wallace must necessarily be held in the District Court, see 28 U.S.C. § 157(b)(5), this Court may adjudicate pretrial dispositive proceedings, including the threshold matter of law set forth in this Objection, as discussed in detail below.  See infra at ¶¶ 21-31.

[4] The Reorganized Debtors and InsertCo dispute that they have any liability whatsoever on the merits of the Wallace Claim (or the underlying Wallace Litigation).  Moreover, solely for purposes of this Objection, the Reorganized Debtors and InsertCo have assumed, but do not concede, that the Wallace Claim is entirely a personal injury tort claim within the meaning of 28 U.S.C. § 157(b).  The Reorganized Debtors reserve their right to challenge whether any part of the Wallace Claim qualifies as a personal injury tort claim.  In the event this Objection is not sustained on the grounds stated herein, the Reorganized Debtors and InsertCo reserve (i) all of their rights and defenses with respect to the Wallace Claim, including, without limitation, their rights to assert any and all of the affirmative defenses raised in InsertCo's verified answer filed in the Wallace Litigation and any other applicable defenses to the Wallace Claim, and (ii) their rights to seek disallowance of the Wallace Claim on any other applicable basis.

## STATUS OF THE CASE AND JURISDICTION

3.      On December 8, 2008 (the "Petition Date"), Tribune Company and certain of its affiliates, including InsertCo (collectively, the "Debtors"),[5] each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) (Docket Nos. 43, 2333).

4.      On July 23, 2012, the Court entered the Order Confirming Fourth Amended Joint Plan of Reorganization (the "Plan") for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (Docket No. 12074).[6]

5.      The Effective Date of the Plan occurred on December 31, 2012.[7]

6.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001 and 3007.

---

[5] As used herein, the term "Debtors" refers to the entities that filed the above-captioned chapter 11 cases and the term "Reorganized Debtors" refers to the entities that became successors to the Debtors upon the Debtors' emergence from their chapter 11 cases.

[6] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

[7] The Plan provides that one or more Debtors may undertake Restructuring Transactions on, prior to, or after the Effective Date, which may include, without limitation, mergers, consolidations, conversions, joint ventures, restructurings, recapitalizations, dispositions, liquidations or dissolutions.  See Plan § 5.2, Ex. 5.2 and Docket No. 12732.  InsertCo undertook certain Restructuring Transactions, pursuant to which it merged with and into Tribune 365, LLC, an indirect wholly-owned subsidiary of Tribune.  A notice with information respecting each Debtor's post-emergence entity following the consummation of the Restructuring Transactions was filed with the Bankruptcy Court on November 16, 2012 (Docket No. 12732).

## FACTUAL AND PROCEDURAL BACKGROUND TO THE OBJECTION

### A.    The Wallace Claim

7.    The Wallace Claim was filed on June 1, 2009 with Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors and the Reorganized Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent"). The Wallace Claim was asserted as a general unsecured claim in the amount of $500,000 and states as its basis "personal injury at place of employment." The Wallace Claim was not asserted against any particular Debtor. The Wallace Claim states no facts or law in support of the claim and attached no documentation in support of the claim or the amount asserted. (See Ex. A.)

8.    Based on a review of their books and records, the Reorganized Debtors have determined that the basis of the Wallace Claim is the Wallace Litigation, a prepetition lawsuit pending in the New York Court, styled Curtis Wallace v. SITMA Machinery, S.p.A. and InsertCo, Inc., Index No. 16909/2008. See Murray Decl. ¶ 4; Ex. C.

### B.    The Workers' Compensation Claim

9.    Prior to the commencement of the Wallace Litigation, Mr. Wallace received an award from the Workers' Compensation Board on account of the same alleged incident and injury at issue in the Wallace Litigation and all of his medical bills were paid by his Workers' Compensation insurance carrier. See infra ¶ 14.

10.    On July 17, 2006, the Workers' Compensation Board held a hearing regarding Mr. Wallace's Workers' Compensation claim. In a decision issued on July 21, 2006 (which was served on both Mr. Wallace and InsertCo), the Workers' Compensation Board denied Mr. Wallace's additional claim for permanent restriction or loss of use as a result of the alleged injury because it found "no evidence or insufficient evidence" to substantiate that particular claim. A copy of the Workers' Compensation Board decision is attached hereto as

46429/0001-10703292v

Exhibit D.  Pursuant to this decision, Mr. Wallace had an opportunity to provide evidence in

support of his claim for permanent injury (see Ex. D), but Mr. Wallace does not contend in the

Wallace Claim that any such evidence was ever submitted.  InsertCo is aware of no further

proceedings or decisions by the Workers' Compensation Board in respect of Mr. Wallace's claim

that he suffered a permanent injury.  See Murray Decl. ¶ 5.

      C.    **The Wallace Litigation**

      11.    On June 13, 2008, the Complaint was filed in the New York Court.  See

Ex. C.  As discussed above, the Complaint alleges that on or about June 19, 2005, Mr. Wallace,

then an employee of InsertCo, injured his right thumb at an InsertCo facility while operating the

Machine and, consequently, Mr. Wallace is entitled to damages as a result of the defendants'

alleged negligence and breach of warranties, and also based on a theory of strict liability as

against SITMA.  See id. at 4-14.  The complaint asserts six (6) causes of action based on alleged

breach of warranties, negligence and strict liability, four (4) of which are asserted generally

against "defendant" or "defendants" without distinguishing between SITMA and InsertCo.  The

other two (2) causes of action are for "negligence" and are asserted specifically against SITMA

and InsertCo respectively.  See id. ¶¶ 52-68.

      12.    On or about July 23, 2008, InsertCo filed its verified answer, demand for a

verified bill of particulars, and numerous other discovery demands in the Wallace Litigation.

Copies of the verified answer, demand for a verified bill of particulars, and discovery demands

are attached hereto as Exhibit E, Exhibit F, and Exhibit G, respectively.  InsertCo's answer sets

forth fifteen (15) affirmative defenses, including, among others, that the Wallace Litigation is

barred by the Workers' Compensation Law and that the damages asserted by Mr. Wallace have

been or will be paid from a collateral source, i.e., Mr. Wallace's Workers' Compensation claim.

See Ex. E at 5.

13.    On or about September 19, 2008, Mr. Wallace filed his verified bill of particulars and responses to InsertCo's other discovery demands, copies of which are attached hereto as <u>Exhibit H</u> and <u>Exhibit I</u>, respectively.[8] The verified bill of particulars appears to clarify Mr. Wallace's negligence-related claims against InsertCo.  Specifically, Mr. Wallace alleges, among other things, that InsertCo was negligent in maintaining and purchasing the Machine, failed to warn employees of dangers relating to the Machine, knew or should have known the Machine was in an unsafe or defective condition, and was aware that the Machine was unreasonably dangerous and capable of resulting in serious injury and failed to timely remedy the alleged defects.  <u>See</u> Ex. H ¶ 4.  Moreover, the verified bill of particulars seems to confirm that the other causes of action raised in the Complaint are not applicable to InsertCo.  <u>See</u> Ex. H ¶ 16 (stating that the allegations related to a warranty (or breach thereof) are "not applicable" to InsertCo), ¶ 18 (stating that the allegations relating to breach of "custom or practice, safety standard, governmental safety standard or industry standard" are "not applicable" to InsertCo), and ¶¶ 23-31 [sic] (stating that the allegations relating to strict liability are "not applicable" to InsertCo; stating that the allegations relating to conduct that was "outrageous or grossly negligent" or "willful, wanton, malicious and/or reckless" are "not applicable" to InsertCo; stating that any allegation related to plaintiff sustaining a "grave injury" are "not applicable" to InsertCo; and stating that the allegations relating to punitive damages are "not applicable" to InsertCo).[9]

---

[8] The Reorganized Debtors have redacted Mr. Wallace's social security number from the verified bill of particulars attached hereto as <u>Exhibit H</u>.  Those materials are otherwise true and correct copies of the papers filed by Mr. Wallace with the New York Court.  Unredacted copies will be provided to the Court at the Court's request.

[9] The Reorganized Debtors are entitled to rely on Mr. Wallace's admissions in the verified bill of particulars that the foregoing causes of action and underlying claims and allegations are not applicable to InsertCo (or any of the other Reorganized Debtors).  Accordingly, none of such causes of action, claims, or allegations need be addressed in this Objection or by the Court.  To the extent that Mr. Wallace does seek to assert any such causes of action, the Reorganized Debtors object on the grounds that such causes of action have been expressly waived and disclaimed by Mr. Wallace and reserve all rights with respect thereto.

14.     In both the verified bill of particulars and in the responses to InsertCo's other information requests, Mr. Wallace admitted that "plaintiff's medical bills were paid by his Worker's Compensation Carrier." See Ex. I ¶ 6.  Mr. Wallace itemized the alleged damages that he sustained as a result of the injury and, with only two exceptions for services provided by family members, Mr. Wallace confirmed that each such category of damages had been submitted and/or paid by Workers' Compensation.  See Ex. H ¶ 12 (itemizing medical costs that were submitted by Mr. Wallace to Workers' Compensation; admitting that physician services, hospital services, medical supplies and medications, and loss of earning were each submitted to and/or paid by Workers' Compensation).

### D.     Developments Subsequent to InsertCo's Bankruptcy Filing

15.     On December 19, 2008, shortly after the Petition Date, InsertCo filed a notice of the automatic stay in the Wallace Litigation.  Since then, various pre-trial motions, and the Wallace Litigation generally, have been stayed as to both InsertCo and SITMA by the New York Court.[10]

16.     Following the Effective Date, the Reorganized Debtors communicated to counsel for Mr. Wallace on three occasions with a proposed stipulation to lift the stay imposed by the New York Court so that the Wallace Litigation could be adjudicated by the New York Court and, if a judgment or settlement favorable to Mr. Wallace obtained, then the Wallace Claim would be liquidated and allowed in such amount, subject in all respects to the terms of the

---

[10] Pending are (i) InsertCo's motion to strike the plaintiff's notice to admit certain alleged facts and (ii) the plaintiff's motion to consolidate the Wallace Litigation with a second action brought by the plaintiff against SITMA based on the same alleged injury, which is now moot.  Specifically, the New York Supreme Court, Appellate Division, dismissed the second action on summary judgment by decision and order dated October 26, 2010 (reversing the decision of the court below), upon finding that Mr. Wallace had failed to raise a triable issue of fact, the Machine was not defectively designed, and SITMA satisfied any duty it had to warn of latent dangers of the Machine.  A copy of the Court's decision in Wallace v Sitma U.S.A., 77 A.D.3d 918 (N.Y. App. Div. 2010), is attached hereto as Exhibit J.

Plan.  Copies of those communications are attached hereto collectively as <u>Exhibit K</u>.  To date,

counsel for Mr. Wallace has not responded.  This Objection follows.

## **RELIEF REQUESTED**

17.    By this Objection, the Reorganized Debtors seek entry of an order,

substantially in the form attached hereto, (i) disallowing and expunging the Wallace Claim

pursuant to sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001 and

3007, and (ii) authorizing the Claims Agent to expunge the Wallace Claim from the claims

register maintained by the Claims Agent so that the claims register reflects more accurately the

claims legitimately asserted and outstanding against the Debtors.

## **BASIS FOR OBJECTION**

18.    A "claim" for bankruptcy purposes means a "right to payment", whether

or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured,

unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.  11 U.S.C. § 101(5).

19.    Section 502(b) of the Bankruptcy Code provides in pertinent part:

> [I]f [an] objection to a claim is made, the court, after notice and a
> hearing, shall determine the amount of such claim in lawful
> currency of the United States as of the date of the filing of the
> petition, and shall allow such claim in such amount, except to the
> extent that—
>
> > (1)      such claim is unenforceable against the debtor and
> > property of the debtor, under any agreement or applicable
> > law for a reason other than because such claim is
> > contingent or unmatured . . . .

11 U.S.C. § 502(b).  Section 502(b)(1) recognizes the settled principle that "[c]reditors'

entitlements in bankruptcy arise in the first instance from the underlying substantive law creating

the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy

Code."  <u>Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.</u>, 549 U.S. 443, 450-51 (2007)

(citing <u>Raleigh v. Ill. Dep't of Revenue</u>, 530 U.S. 15, 20 (2000)).  A claim against the bankruptcy

estate, therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be

enforceable against the debtor outside of bankruptcy." <u>In re Combustion Eng'g, Inc.</u>, 391 F.3d

190, 245 (3d Cir. 2004).  In proceedings to determine whether a claim is enforceable against the

estate, "[t]he estate shall have the benefit of any defense available to the debtor as against any

entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other

personal defenses" pursuant to section 558 of the Bankruptcy Code.  <u>See</u> 11 U.S.C. § 558.

      20.     "When a claim objection is filed in a bankruptcy case, the burden of proof

as to the validity of the claim shifts between the parties." <u>In re Tribune Co.</u>, No. 08-13141, 2013

Bankr. LEXIS 1798, at *6-7 (Bankr. D. Del. May 2, 2013).  As to the initial burden, the Third

Circuit has explained that

> the claimant must allege facts sufficient to support the claim.  If
> the averments in his filed claim meet this standard of sufficiency, it
> is "<u>prima facie</u>" valid.  In other words, a claim that alleges facts
> sufficient to support a legal liability to the claimant satisfies the
> claimant's initial obligation to go forward.

<u>In re Allegheny Int'l, Inc.</u>, 954 F.2d 167, 173 (3d Cir. 1992).  If a claimant satisfies its initial

burden, "[t]he burden of going forward then shifts to the objector to produce evidence sufficient

to negate the <u>prima facie</u> validity of the filed claim." <u>Id.</u>  The burden of persuasion is always on

the claimant. <u>Id.</u> at 174.

      21.     Proceedings concerning the allowance or disallowance of proofs of claim

relating to personal injury tort and wrongful death are core matters over which the bankruptcy

courts have jurisdiction, subject to the caveat that "the liquidation or estimation of contingent or

unliquidated personal injury tort or wrongful death claims against the estate for purposes of

distribution" are not core matters.  28 U.S.C. § 157(b)(2)(B); <u>In re Visteon Corp.</u>, 2011 WL

1791302 at *4 (D. Del. May 9, 2011) (holding that allowance or disallowance of a personal

injury tort or wrongful death claim is a core proceeding).[11]   Subsection 157(b)(5), in turn,

provides that such claims shall instead "be tried in the district court in which the bankruptcy case

is pending, or in the district court in the district in which the claim arose, as determined by the

district court in which the bankruptcy case is pending." 28 U.S.C. § 157(b)(5).   In the Third

Circuit, this Court has jurisdiction to determine the validity, but not the amount, of a personal

injury tort claim.   See In re Amtrol Holdings, Inc., 384 B.R. 686, 690 (Bankr. D. Del. 2008)

("Stated plainly, bankruptcy courts are authorized to determine the validity of a personal injury

claim, but not the amount.").   This means that the Court has the authority to adjudicate pretrial

legal objections to the validity of a personal injury tort claim, such as the Wallace Claim.   In re

Berry, 2007 WL 2885823 at *2 (Bankr. D.N.J. Sept. 27, 2007) ("[T]hese aspects of [§ 157(b)(5)]

allow for pretrial consideration of personal injury tort claims by the bankruptcy court, including

a determination that such claim is legally unenforceable."); In re ACR Mgmt., L.L.C., 329 B.R.

142 (Bankr. W.D. Pa. 2005) (holding that the bankruptcy court has jurisdiction to rule on the

validity of a personal injury tort claim as a matter of law).

22.     This Court may accordingly determine the dispositive legal question of

whether the Wallace Claim is legally barred as a matter of New York Workers' Compensation

Law.   There is no genuine dispute as to any material fact bearing on this legal issue, and for all of

the reasons discussed below, the Reorganized Debtors are entitled to have the Wallace Claim

disallowed and expunged as a matter of law.

---

[11] In Visteon, the wrongful death claimant filed a motion to withdraw the reference following the reorganized debtors' objection to the wrongful death claim.   While the court granted the motion, it did so because there were questions of disputed fact as to the wrongful death claim that the bankruptcy court could not resolve.   By contrast, in this case, as described below, the Wallace Claim can be adjudicated as a matter of law, assuming all of the facts asserted by Mr. Wallace are true.

## A.  The Wallace Claim Is Unenforceable as a Matter of New York Law

23.     Under New York law, the claims and causes of action asserted by Mr.

Wallace in the Wallace Claim and the Wallace Litigation fail as a matter of law, even assuming

all of the facts alleged are true as stated, based upon New York's Workers' Compensation Law's

exclusive remedy doctrine, Mr. Wallace's prior election of remedies, and under principles of res

judicata.

24.     Pursuant to New York's Civil Practice Law and Rules ("CPLR") 3212,

any party may move for summary judgment after joinder of issue.  N.Y. CPLR 3212 (2013).

"Summary Judgment is designed to expedite all civil cases by eliminating from the trial calendar

claims which can properly be resolved as a matter of law."  Andre v. Pomeroy, 320 N.E.2d 853

(N.Y. 1974).  The function of the court when faced with a motion for summary judgment is issue

finding rather than issue determination.  Mayland v. Craighead, 144 A.D.2d 344 (N.Y. App. Div.

1988).

25.     Moreover, New York law expressly permits a party to move for dismissal

of an action at any time should the pleadings fail to state a cognizable cause of action.  See N.Y.

CPLR 3211(a)(7) (2013) (providing that a party may move for judgment where the pleading fails

to state a cause of action); N.Y. CPLR 3211(e) (timing of motions to dismiss).  On such a

motion, "the pleading is to be liberally construed, accepting all the facts as alleged in the

pleading to be true and according the plaintiff the benefit of every possible inference."  Avgush

v. Town of Yorktown, 303 A.D.2d 340, 341 (N.Y. App. Div. 2003).  Notwithstanding New

York's practice of liberally construing pleadings, an employee cannot maintain a suit against its

employer for workplace injuries that do not allege conduct that would exempt the claim from the

exclusivity provision of the New York Workers' Compensation Law.  N.Y. Hosp. Med. Ctr. of

Queens v. Microtech Constr. Corp., 98 A.D.3d 1096 (N.Y. App. Div. 2012) (affirming dismissal

of indemnification and contribution action); aff'd 22 N.Y.3d 501 (2014); See also Burlew v. Am. Mut. Ins. Co., 63 N.Y.2d 412 (1984) ("[A]ll employer conduct that is regulated by the Workers' Compensation Law is subject to the protection of that law's exclusivity; if the employer violates any provision of the code, an employee's remedies cannot exceed those granted in the statutes.").

26.     As set forth below, New York Workers' Compensation Law precludes the Wallace Claim inasmuch as the Complaint fails to set forth a cause of action against InsertCo by pleading facts necessary to exempt it from the operation of Workers' Compensation Law § 11, which, as discussed in detail below, provides that the Workers' Compensation Law shall be the exclusive remedy for employees injured in the course of their employment.  Furthermore, even if the Complaint is construed to contain a valid cause of action, the Reorganized Debtors have established, as a matter of law, that the Wallace Claim is barred on the merits by the New York Workers' Compensation Law.  Therefore, the Wallace Claim should be disallowed as a matter of law.

### i.     *The Wallace Claim Is Barred by New York's Workers' Compensation Law*

#### a)     The Exclusivity Provisions of New York's Workers' Compensation Law Bar the Wallace Claim

27.     There is no dispute that the Wallace Claim alleges that Mr. Wallace was injured while on the job and at the place of his employment.  InsertCo's liability as employer for Mr. Wallace's alleged workplace injury is therefore governed by New York Workers' Compensation Law.  It is well established in New York that Workers' Compensation benefits provide an employee's *exclusive* remedy against an employer for a workplace injury.  See N.Y. Workers' Comp. Law § 10(1) (requiring that every employer "secure compensation to his employees and pay or provide compensation for their disability or death from injury arising out of and in the course of the employment without regarding to fault as a cause of the injury"); N.Y.

Workers' Comp. Law § 11 ( "[t]he liability of an employer [under the Workers' Compensation Law] shall be exclusive and in place of any other liability whatsoever, to such employee . . . or any person otherwise entitled to recover damages, contribution or indemnity, at common law or otherwise, on account of such injury or death or liability arising therefrom . . . .") (emphasis added); see also Lauria v. Donahue, 438 F.Supp.2d 131, 141 (E.D.N.Y. 2006) (New York courts consistently hold that "[t]he New York's Workers' Compensation law exclusive remedy doctrine bars an employee from bringing a negligence or gross negligence based claim against an employer"); Hynes v. Start Elevator, Inc., 2 A.D.3d 178, 181 (N.Y. App. Div. 2003) (citing Zabava v. 178 E. 78, 212 A.D.2d 406 (N.Y. App. Div. 1995)); Acevedo v. Consol. Edison Co., 189 A.D.2d 497, 500 (N.Y. App. Div. 1993).

28.    As explained by the New York courts, "[t]he purpose of the Workmen's Compensation Law is to regulate the relation between employer and employee, not between employee and the world at large. It destroys the right of action of the employee and his personal representatives against his employer. It substitutes therefor benefits which are not subject to the vagaries and uncertainties of litigation and the defenses incident to and which arise from said relation." Employers Mut. Liability Ins. Co. v. Refined Syrups Sales Corp., 184 Misc. 941, 944 (N.Y. Sup. Ct. 1945) (collecting cases). "The whole theory of the Workmen's Compensation Law is that, when the employer, by engaging an insurance carrier and by paying him premiums, provides compensation for his employees, he has done what is required of him under the law and is, in effect, relieved of its provisions." Liberty Mut. Ins. Co. v. Am. Incinerator Co., 51 F.2d 739, 742 (D.N.Y. 1931).

29.    The record adduced in the Wallace Litigation conclusively demonstrates that the Wallace Claim is subject to the exclusive remedy doctrine. There is no dispute that Mr.

Wallace's alleged injury arose in the course of his employment with InsertCo while operating the Machine at InsertCo's facility.  It is also undisputed that Mr. Wallace submitted claims to his Workers' Compensation carrier for reimbursement of physician services, hospital services, medical supplies and medication, and lost earnings and that all such bills were paid by Workers' Compensation.  See Ex. H ¶ 12 (itemizing alleged damages and noting that claims were submitted to and/or paid by Workers' Compensation); Ex. I ¶ 6 ("The plaintiff's medical bills were paid by his [sic] Workers' Compensation Carrier.").  Accordingly, New York Workers' Compensation Law precludes Mr. Wallace from suing InsertCo in tort for the alleged accident.

> b) <u>Neither of the Two Recognized Exceptions to the Exclusivity Provisions of New York's Workers' Compensation Law is Applicable to the Wallace Claim</u>

30.    New York Workers' Compensation Law permits an injured employee to bring an action at common law as an alternative remedy only in certain limited circumstances. Specifically, there are two recognized exceptions to the exclusivity provision for which an employer may be liable in suit for an injury to its employee: (1) where an employer fails to secure compensation for its employee and dependents; or (2) the employee's injury was the result of an employer's *intentional* tort.  As set forth below, neither exception to the exclusivity doctrine applies to the Wallace claim and neither exception has been raised in either the Wallace Claim or the Complaint.

> i)    InsertCo Has Secured Compensation For Mr. Wallace Through the Workers' Compensation System

31.    Section 11 of the Workers' Compensation Law permits an employee to sue the employer directly "if an employer fails to secure the payment of compensation for his or her injured employees and their dependents as provided in section fifty of this chapter . . . ." N.Y. Workers' Comp. Law § 11.  Maintaining a workers' compensation insurance policy in

accordance with Workers' Compensation Law § 50 satisfies an employer's duty to secure

compensation for its employee, and precludes an action directly against the employer. N.Y.

Workers' Comp. Law § 50(2). Moreover, it is well-established that "the language of the statute

(§ 50), which is mandatory upon every employer in this respect, gives rise to the presumption

that the defendant has complied with this duty placed upon him, and that the burden is upon the

plaintiff to establish the fact which prevents the application of the law to himself." Barone v.

Brambach Piano Co., 101 Misc. 669, 670 (N.Y. App. Term 1917). In order to maintain a cause

of action against its employer, it is necessary for a plaintiff to plead the absence of proper

insurance coverage and set forth the facts showing that the Workers' Compensation Law does

not apply. Culhane v. Economical Garage, Inc., 195 A.D. 108 (N.Y. App. Div. 1921).

32.     The Complaint does not allege that InsertCo did not maintain Workers'

Compensation insurance coverage, or otherwise failed to comply with the Workers'

Compensation Law. As such, Mr. Wallace failed to state a cause or action or support his right to

pursue a remedy by a suit against his employer outside the terms of the Workers' Compensation

Law. In fact, Mr. Wallace's own pleadings concede that he submitted his injury-related claims

to Workers' Compensation and was reimbursed for such claims. Therefore, this exception is not

applicable.

        ii) Mr. Wallace's Injury Was Not the Result of an
           Intentional Tort

33.     A second recognized exception to exclusivity under the Workers'

Compensation Law is if the employer has committed an intentional tort. See N.Y. Workers'

Comp. Law § 2(7) ("'Injury' and 'personal injury' mean only accidental injuries . . . ."). An

intentional act is not "accidental" and, therefore, falls outside the ambit of the Workers'

Compensation Law and its exclusivity provisions.

16

34.     Under New York case law, an intentional tort requires an intent to cause injury – "mere knowledge and appreciation of a risk is not the same as the intent to cause injury." Acevedeo v. Consol. Edison Co., 189 A.D.2d at 501 (quotations omitted).  Even gross negligence or reckless conduct by an employer is insufficient to satisfy this intent requirement.  See Depaolo v. Albany Medical College, 40 A.D.3d 678, 679 (N.Y. App. Div. 2007) ("Gross negligence and/or reckless conduct on the part of an employer will not neutralize the exclusivity of the Worker's Compensation Law as would an intentional tort."); Orzechowski v. Warner-Lambert Co., 92 A.D.2d 110, 112 (N.Y. App. Div. 1983) ("Viewed most favorably to the plaintiffs, their allegation to the effect that defendants-respondents had 'intentionally ignored' the known hazard of an explosion . . . is tantamount to an allegation of gross negligence, or perhaps, even reckless conduct on the part of the defendants-respondents . . . .  Unfortunately for the plaintiffs, such conduct is not excepted from the 'exclusive remedy' provisions of the Workers' Compensation Law.").

35.     Here, Mr. Wallace alleges that InsertCo bypassed safety devices/controls on the Machine and that InsertCo was consciously indifferent as to the risk of serious injury.  (See Ex. C ¶¶ 61, 67.)  Even if this allegation were accepted as being true, and the Court were to conclude that such conduct was negligent, grossly negligent or reckless on the part of InsertCo (which Mr. Wallace expressly disclaims),[12] the exclusive remedy doctrine of the Workers' Compensation Law would apply.  There is simply no allegation, reasonable inference, or evidence that InsertCo intended to cause the alleged injury and thus this exception is also inapplicable to the Wallace Claim.

_____

[12] In the verified bill of particulars, Mr. Wallace states that the allegations made in the Complaint that InsertCo engaged in "outrageous and grossly negligent conduct" that was "willful, wanton, malicious and/or reckless" were "not applicable."  (See Ex. E ¶¶ 27-28; Ex. H ¶¶ 27-28.)

46429/0001-10703292v

36.     Moreover, Mr. Wallace's personal injury claims were duly submitted to the Workers' Compensation Board, which awarded him compensation.  See Ex. H ¶ 12; Ex. I ¶ 6; but see Ex. D (denying additional claim for permanent restriction or loss of use as a result of the alleged injury because it found "no evidence or insufficient evidence" to substantiate that particular claim).  Under the settled principles of res judicata, "a finding by the board that the injury is compensable is, until set aside, a final and conclusive determination which bars an action at law." O'Connor v. Midiria, 55 N.Y.2d 538, 541 (1982); See also N.Y. Workers' Comp. Law § 23 (award by the board is binding on all parties).  Mr. Wallace, having his injury determined to be compensable under Workers' Compensation Law by the Board, is precluded from now asserting that his injuries stemmed not from an accident, but from an intentional tort committed by InsertCo.  Pollock v. New York, 145 A.D.2d 550 (N.Y. App. Div. 1988).

37.     Accordingly, given that Mr. Wallace cannot avail himself of any recognized exception to the exclusive remedy doctrine, the Wallace Claim is barred by New York Workers' Compensation Law and must be disallowed as a matter of law.

     **ii.**     ***Mr. Wallace's Acceptance of Workers' Compensation Benefits Constitutes an Irrevocable Election of Remedies and Requires that the Wallace Claim Be Disallowed***

38.     InsertCo has demonstrated above that neither exception to the exclusivity provision of Workers' Compensation Law § 11 applies to the Wallace Claim.  Nevertheless, even assuming for argument's sake that either of the exceptions apply, Mr. Wallace is precluded from maintaining his action against InsertCo by previously accepting an award by the Workers' Compensation Board.

39.     New York law recognizes that if an exception to section 11 applies, "an injured employee can simultaneously pursue both workers' compensation benefits and a personal injury action." Ocasio v. Sang Soo Kim, 307 A.D.2d 662, 663 (N.Y. App. Div. 2003).

However, that employee is "deemed to have elected one remedy over the other if an award of

benefits is accepted or the civil action is concluded by settlement or judgment in the employee's

favor." Id. Once the employee elects to recover Workers' Compensation benefits, he or she is

precluded from maintaining a common law action against the employer directly under any theory

of recovery. Werner v. State, 53 N.Y.2d 346 (N.Y. 1981).

      40.     Mr. Wallace voluntarily applied for and accepted an award of Workers'

Compensation benefits. See Ex. I ¶ 6; see also Ex. H ¶ 12 (itemizing medical costs that were

submitted by Mr. Wallace to Workers' Compensation). Having accepted those Workers'

Compensation benefits, Mr. Wallace is barred by the finality and exclusivity provisions of the

Workers' Compensation Law from bringing a separate common-law action against InsertCo.

Rueda v Elmhurst Woodside, LLC, 2014 N.Y. App. Div. LEXIS 2858, 2014, N.Y. Slip Op. 2919

(N.Y. App. Div. Apr. 30, 2014) (internal quotation omitted). As such, Mr. Wallace's claim must

be disallowed as a matter of law because he has waived any right to recovery beyond the

Workers' Compensation Law.

        ***iii.***     ***The Doctrine of Res Judicata Requires that the Wallace Claim Be Disallowed***

      41.     The doctrine of res judicata requires that the Workers' Compensation

Board's determination that Mr. Wallace's injury was the result of a covered "accident" (i.e., not

an intentional tort) and the allowance and payment of Mr. Wallace's Worker's Compensation

claim, be conclusive and binding upon him. Mr. Wallace cannot collaterally attack the Board's

determinations and award of benefits by way of an action in this Court.

      42.     Under the Workers' Compensation Law, "[a]n award or decision of the

board shall be final and conclusive upon all questions within its jurisdiction, as against the state

fund or between the parties, unless reversed or modified on appeal therefrom as hereinafter

provided." N.Y. Workers' Comp. Law § 23.  New York law further recognizes that the binding

nature of the Workers' Compensation award also rests "on settled principles of res judicata,

which apply to administrative hearings and determinations when the agency involved is acting,

as does the compensation board, in a quasi-judicial capacity.  Werner v. State, 53 N.Y.2d at 353.

The award and its findings are final on both parties regardless of whether the claim was

submitted to the Workers' Compensation Board by the employee or the employer.  O'Connor v.

Midiria, 55 N.Y.2d 538 (N.Y. 1982).

      43.     Since Mr. Wallace did not appeal the determination of the Workers

Compensation Board, or provide any evidence that the board has rescinded or altered its

findings, the decision of the Workers' Compensation Board is final and non-appealable.  As

such, there are no grounds upon which Mr. Wallace can legitimately argue that he is entitled to

any relief from InsertCo because the Workers' Compensation benefits he received are the

exclusive remedy available to him.  N.Y. Workers' Comp. Law § 11.  Therefore, the Wallace

Claim must be disallowed.

### B.     Mr. Wallace Has Not Supported Any Claim For Damages And Seeks Damages Not Permitted By The Bankruptcy Code or the Plan

      44.     Even assuming that a court were to find that InsertCo is liable to Mr.

Wallace for the injuries he allegedly sustained, which InsertCo disputes, the Reorganized

Debtors object that he would be entitled to the asserted claim amount of $500,000.  Mr. Wallace

has provided no basis whatsoever for that request in the Wallace Claim, and thus the Wallace

Claim fails to articulate valid prima facie claim for damages on this basis.  See Fed. R. Bankr. P.

3001(c)(1) (providing that "when a claim is based on a writing, a copy of the writing shall be

filed with the proof of claim.").  The Reorganized Debtors reserve all of their rights to contest

the damages sought by Mr. Wallace in the Wallace Claim in response to any admissible evidence

Mr. Wallace may put forward regarding such claim.

45.    In addition, pursuant to the terms of the Plan and the Confirmation Order,

the Reorganized Debtors dispute that, even if Mr. Wallace were to obtain a favorable judgment

on the merits, he would be entitled to receive any distribution from the Debtors' estates other

than for compensatory damages, which, as discussed above, have already been paid in full

through Workers' Compensation.  The Complaint seeks "special damages," "exemplary

damages," pre-judgment and post-judgment interest, attorneys' fees, and costs of suit, in addition

to restitution (Ex. C, 2d Am. Compl. at 9), which are not recoverable under the terms of the Plan.

See Plan § 11.4 ("The Confirmation Order . . . shall constitute an Order: . . . disallowing or

subordinating to all other Claims, as the case may be, any Claims for penalties, punitive damages

or any other damages not constituting compensatory damages to the extent permissible under the

Bankruptcy Code and applicable non-bankruptcy law."); Plan § 3.3.5 (providing that post-

petition interest shall not accrue or be paid on any general unsecured claim against a subsidiary

Debtor); Plan § 7.4 (providing that post-petition interest shall not be paid on any claim).  Claims

for unmatured interest are also not permitted under the Bankruptcy Code.  11 U.S.C. § 502(b)(2).

## RESERVATION OF RIGHTS

46.    The Reorganized Debtors hereby reserve their right to amend, modify,

and/or supplement this Objection at any time prior to the hearing on this Objection.  The

Reorganized Debtors further reserve their right to adjourn the hearing on this Objection.  In the

event that the Reorganized Debtors so adjourn the hearing, they will state that the hearing on the

Objection and/or any response filed in connection therewith and/or all applicable deadlines for

responsive pleadings have been adjourned on the agenda for the hearing, which agenda will be

served on any party affected by such adjournment.

## NOTICE

47.     Notice of this Objection has been provided to: (i) the Office of the United

States Trustee; (ii) the counsel for Mr. Wallace; and (iii) all parties requesting notice pursuant to

Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  In light of the nature of the

relief requested herein, the Reorganized Debtors submit that no other or further notice is

necessary.

## NO PRIOR REQUEST

48.     No previous application for the relief sought herein has been made to this

Court or to any other court.

WHEREFORE, for the reasons set forth herein, the Reorganized Debtors respectfully request that the Court enter an order, pursuant to sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001 and 3007, (i) disallowing in full and expunging the Wallace Claim; (ii) directing the Claims Agent to expunge the Wallace Claim from the Claims Register; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
      June 13, 2014

Respectfully submitted,

SIDLEY AUSTIN LLP
Bryan Krakauer
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile:  (312) 853-7036

Dennis Kao
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile:  (212) 839-5599

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR REORGANIZED DEBTORS