# EXHIBIT A

## Wallace Claim

277/4

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

Tribune Company Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5069
New York, NY 10150-5069

# PROOF OF CLAIM

Filed: USBC - District of Delaware
Tribune Company, Et Al.
08-13141 (KJC)               0000003379

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)

TRB (CREDITOR.DBF,CREDNUM)CREDNUM # 1000072327******
CURTIS WALLACE
SACCO & FILLAS, LP
141-07 20TH AVENUE
STE 506
WHITESTONE, NY 11357

Telephone number:            Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim
Number: _____
(If known)

Filed on: 031586

Name and address where payment should be sent (if different from above)

Telephone number:            Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 500,000

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete Item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.

☐ Check this box if claim is for a claim related to goods delivered during the twenty (20) days prior to December 8, 2008 (the "Petition Date"), pursuant to 11 U.S.C. §503(b)(9). Please indicate amount entitled to 503(b)(9) $ _____

2. **Basis for Claim:** Personal injury at place of employment
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** 0953
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe: _____

Value of Property: $ _____  Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any:

$ _____  Basis for perfection: _____

**Amount of Secured Claim:** $ _____  **Amount Unsecured:** $ 500,000

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

Date: _____    Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Curtis Wallace

**FOR COURT USE ONLY**

FILED / RECEIVED

JUN 01 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# SACCO & FILLAS, LLP
## ATTORNEYS AT LAW

WORLD PLAZA
141-07 20TH AVENUE • SUITE 506 •WHITESTONE NEW YORK 11357
TEL: 718-746-3440 • FAX: 718-746-4117

TONINO SACCO *
ELIAS FILLAS *

LUIGI BRANDIMARTE *
ANDREW WIESE
CHRISTOPHER G. ZACHRY
LAMONT K. RODGERS *
MARIA A. BARNETT
BRET L. MYERSON
PAUL POLIOS
LARRY I. BADASH
SCOTT LONDON
ALBERT R. MATUZA †

*Admitted in New York & New Jersey*
*† Awaiting Admission*

*JACKSON HEIGHTS*
*78-05 ROOSEVELT AVENUE*
*SUITE 1*
*JACKSON HEIGHTS, NY 11372*
*TEL: (718) 205-2441*
*FAX: (718) 205-2442*

PARALEGALS
MERCEDES M. ARIAS
DAMARIS D. MARRERO-CHACON
ERIN M. GIBLIN
ANNA G. PAPAIOANNOU
ALVARO E. FORTICH
RETORIA L. ESTAPHAN
DELFINA RUIZ-TORRES

+ PLEASE RESPOND TO WHITESTONE OFFICE

May 21, 2009

Tribune Company Claims Processing Center
c/o Epiq Bankruptcy Solutions LLC
FDR Station, P.O. Box 5069
New York, NY 10150-5069

Re: Curtis Wallace v. Sitma USA, Inc.
Index No.: 6514/06
Date of Accident: 6/19/05
Our File No.: 2944-05

Dear Sirs/Madams:

As you are aware, this office represents the Curtis Wallace in connection with the above-referenced matter.

Enclosed herein please find a duly executed Proof of Claim form.

If you have any questions, please do not hesitate to contact the undersigned. Thank you for your courtesy and cooperation in this matter.

Very Truly Yours,
Sacco & Fillas, LLP

By: Mercedes M. Arias, Paralegal, ext. 13
marias@saccofillas.com
Enclosures

SACCO & FILLAS, LLP
ATTORNEYS AT LAW
141-07 20TH AVENUE
SUITE 506
WHITESTONE, NEW YORK 11357





RECEIVED
JUN 01 2009
BY

101503556S 8026

Tribune Company Claims Processing Center
c/o Epiq Bankruptcy Solutions LLC
FDR Station, P.O. Box 5069
New York, NY 10150-5069

UNITED STATES POSTAGE
PITNEY BOWES
02 1P        $ 000.44⁰
0002224619    MAY 29 2009
MAILED FROM ZIP CODE 11357

## EXHIBIT B

## Murray Declaration

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

## DECLARATION OF KAY MURRAY IN SUPPORT OF REORGANIZED DEBTORS' OBJECTION TO CLAIM NO. 3379 OF CURTIS WALLACE

I, Kay Murray, declare as follows:

1.     I am Assistant General Counsel of Tribune Publishing, the operating segment of Tribune Company that includes the company's publishing operations. Among the operating entities in the Publishing segment is Tribune 365, LLC, successor-in-interest to InsertCo, Inc. ("InsertCo"), one of the reorganized debtors in the above-captioned chapter 11 cases (collectively, the "Reorganized Debtors"). In this position, I am responsible for providing legal support and advice to certain Tribune Publishing newspapers and related entities, including

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

monitoring and managing litigation brought against certain of the East Coast-based Reorganized Debtors.

2.     I have read the Reorganized Debtors' Objection to Claim No. 3379 of Curtis Wallace Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, and Bankruptcy Rules 3001 and 3007 (the "Objection")[2] and am directly, or by and through the Reorganized Debtors' personnel and advisors, familiar with the information contained therein and in all exhibits attached thereto, including: the Wallace Claim (a copy of which is attached to the Objection as Exhibit A), the Complaint (a true and correct copy of which is attached to the Objection as Exhibit C), and the July 21, 2006 Workers' Compensation Board Decision that was served on InsertCo (a true and correct copy of which is attached to the Objection as Exhibit D). I am authorized to submit this declaration (the "Declaration") in support of the Objection.

3.     All matters set forth in this Declaration are based on: (a) my personal knowledge, (b) my personal review of records pertaining to the Wallace Litigation maintained by InsertCo in the ordinary course of its business; and (c) information supplied to me by the Reorganized Debtors' personnel. If called upon to testify, I could and would testify competently to the facts set forth herein.

A.     **The Wallace Claim**

4.     The Wallace Claim, being Claim No. 3379, was asserted as a general unsecured claim in the amount of $500,000 and states as its basis "personal injury at place of employment." The Wallace Claim was not asserted against any particular Debtor. The Wallace Claim states no facts or law in support of the claim and attached no documentation in support of the claim or the amount asserted. Based on a review of their books and records, the Reorganized

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Objection.

Debtors have determined, and I agree, that the basis of the Wallace Claim is the Wallace

Litigation, a prepetition lawsuit pending in the New York Court, styled <u>Curtis Wallace v.</u>

<u>SITMA Machinery, S.p.A. and InsertCo, Inc.</u>, Index No. 16909/2008.

      **B.**      **The Workers' Compensation Claim**

      5.      I am familiar with the decision issued by the Workers' Compensation

Board on July 21, 2006, which was served on InsertCo, that relates to the denial of Mr.

Wallace's additional claim for permanent restriction or loss of use as a result of the alleged

injury. I have reviewed the records maintained by InsertCo pertaining to the Wallace Litigation

and there is no record that reflects any further proceedings or decisions by the Workers'

Compensation Board in respect of Mr. Wallace's claim that he suffered a permanent injury.

[Remainder of Page Intentionally Left Blank]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13th day of June 2014.

By: Kay Murray

4

## EXHIBIT C

**Complaint**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

_____   INDEX NO.

CURTIS WALLACE,

                      Plaintiff,               **VERIFIED COMPLAINT**

     -against-

SITMA Machinery S.p.A and Insertco Inc.,

                    Defendants.

_____

     Plaintiff, by his attorneys, SACCO & FILLAS, LLP, as and for his Verified Complaint, respectfully alleges, upon information and belief:

## I. THE PARTIES

1.    The plaintiff, CURTIS WALLACE, at all times herein mentioned was and still is a resident of the County of Kings and the State of New York.

2.    Defendant SITMA Machinery S.p.A. is a corporation existing under the laws of Minnesota with its principal place of business in that state which manufactured, designed, tested, and provided labeling for Sitma's 950E PolyPapermatic Wrapping System.

3.    As represented by SITMA Machinery S.p.A. on its website, SITMA Machinery S.p.A. is located at 45 Empire Drive, St. Paul, Minnesota 55103.

4.    The defendant SITMA MACHINERY S.p.A., at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business situated in the State of Minnesota.

5.    The defendant SITMA MACHINERY S.p.A., at all times herein mentioned was and still is a foreign corporation duly licensed and authorized to do business in the State of New York.

6.    The defendant, SITMA MACHINERY S.p.A., at all times herein mentioned conducted

2

SACCO & FILLAS, LLP

and carried on business in the County of Kings and the State of New York.

7.  The defendant, SITMA MACHINERY S.p.A., at all times herein mentioned was and still is a partnership doing business in the County of Kings and the State of New York.

8.  The defendant, SITMA MACHINERY S.p.A., at all times herein mentioned was and still is a limited liability partnership doing business in the County of Kings and the State of New York.

9.  The defendant, SITMA MACHINERY S.p.A., at all times herein mentioned was and still is a limited liability corporation doing business in the County of Kings and the State of New York.

10.  The defendant, SITMA MACHINERY S.p.A., at all times herein mentioned was and still is a domestic corporation incorporated in New York State and doing business in the County of Kings and the State of New York.

11.  The defendant, SITMA MACHINERY S.p.A., at all times herein mentioned was and still is a sole proprietorship doing business in the County of Kings and the State of New York.

12.  At all times herein mentioned, defendant SITMA MACHINERY S.p.A. transacted business within the State of New York.

13.  At all times herein mentioned, defendant SITMA MACHINERY S.p.A. derived substantial revenue from goods used or consumed or services rendered in the State of New York.

14.  At all times herein mentioned, defendant SITMA MACHINERY S.p.A. expected or should reasonably have expected its acts to have consequences in the State of New York.

15.  At all times herein mentioned, defendant SITMA MACHINERY S.p.A. derived substantial revenue from interstate or international commerce.

16.  Defendant InsertCo Inc is a corporation existing under the laws of New York with its principal place of business.

3

SACCO & FILLAS, LLP

17.    The defendant InsertCo Inc., at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of New York, with its principal place of business situated in the State of New York.

18.    The defendant InsertCo Inc, at all times herein mentioned was and still is a foreign corporation duly licensed and authorized to do business in the State of New York.

19.    The defendant, InsertCo Inc, at all times herein mentioned conducted and carried on business in the County of Kings and the State of New York.

20.    The defendant, InsertCo Inc, at all times herein mentioned was and still is a partnership doing business in the County of Kings and the State of New York.

21.    The defendant, InsertCo Inc, at all times herein mentioned was and still is a limited liability partnership doing business in the County of Kings and the State of New York.

22.    The defendant, InsertCo Inc, at all times herein mentioned was and still is a limited liability corporation doing business in the County of Kings and the State of New York.

23.    The defendant, InsertCo Inc, at all times herein mentioned was and still is a domestic corporation incorporated in New York State and doing business in the County of Kings and the State of New York.

## II.    GENERAL ALLEGATIONS

### AS AND FOR A FIRST CAUSE OF ACTION

24.    Defendant manufactured, designed, tested, and provided labeling for certain wrappers, under and including the brand name:

(a)    950E PolyPapermatic Wrapping System

25.    SITMA Machinery S.p.A. avers that the SITMA 950E PolyPapermatic Wrapping System is capable of inserting, onserting, quarter folding, selective assembly, ZIP sorting, and

4

comailing stacking.

26.     SITMA Machinery S.p.A. avers that the SITMA 950E PolyPapermatic Wrapping
        System's capabilities to be, high volume mail processing application, utilizing in line
        buffering, printing, cutting and folding, and tight wrapping of package.

27.     SITMA Machinery S.p.A. avers that the SITMA 950E PolyPapermatic Wrapping System
        is a fully automated system which requires feeding of supplies and materials at one end of
        the machine to make up a package, plastic wrap the package, heat seal the package and
        then stack the final package at the other end of the machine.

28.     The SITMA 950E PolyPapermatic Wrapping System contains a cross sealer, which
        consists of a blade which operates upward and downward.

29.     The SITMA 950E PolyPapermatic Wrapping System is supposed to have access doors to
        safety sensors.

30.     Said access doors were missing on the SITMA 950E PolyPapermatic Wrapping System
        owned by Mr. Wallace's employer, Insertco Incorporated, located at 57-11 49th Place,
        Flushing, New York 11378.

31.     At all times relevant to this action, Defendant knew and/or had reason to know that the
        SITMA 950E PolyPapermatic Wrapping System was not safe for persons to operate.

32.     As a result of this defective design and manufacture, the SITMA 950E PolyPapermatic
        Wrapping System can cause serious physical trauma, injury and/or death. Defendant
        knew or had reason to know of his tendency and the resulting risk of injury and death,
        preventing the Plaintiff from making informed choices about utilizing the machine.

33.     On or about June 19, 2005, while operating the SITMA 950E PolyPapermatic Wrapping

SACCO & FILLAS, LLP

System, the plaintiff was caused to sustain serious and protracted permanent injuries as a result of the cross blade coming into contact with his person.

34.    At the time of the incident, the access doors to the safety sensors were missing. While the plaintiff was utilizing the machine, it malfunctioned causing serious and protracted permanent injuries.

35.    Upon the distribution, sale and/or lease of the aforesaid merchandise, defendants warranted to all intended users, including plaintiff, that said merchandise and all its component parts were of merchantable quality and fit for the purposes for which they were designed, manufactured, assembled, inspected, sold and/or leased, and intended.

36.    The plaintiff used said product, designed, manufactured, sold and/or leased by defendants in accordance with the instructions.

37.    The aforesaid product was inherently defective in both design and manufacture, and unsafe, inadequate and unfit for the purposes for which designed, manufactured, sold and distributed by defendants. The defendants by their agents, servants and/or employees were careless and negligent in the manufacture of said product and failed to use due care in the design, construction and testing thereof. The limitations and dangers inherent in the use of said product were not open and obvious, and could not be ascertained or known to plaintiff, either by visual inspection or by the execution of preliminary testing.

38.    The warranties of the defendants were untrue.

39.    As a result of the improper manufacture and the breach of the warranties of merchantability and of fitness for use by defendant, the plaintiff was caused to sustain serious personal injuries, through no fault of plaintiff's.

6

40.     By reason of the foregoing, the plaintiff was rendered sick, sore, nervous and disabled.

41.     Due to defendants' breach of warranty, plaintiff CURTIS WALLACE is entitled to damages in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**JURISDICTION AND VENUE**

42.     Plaintiff, CURTIS WALLACE, repeats and realleges each and every allegation contained in paragraphs numbered "1" through "40" of the Complaint as if fully set forth at length herein.

43.     At all times relevant hereto, SITMA MACHINERY S.P.A., was engaged in the business of manufacturing, marketing, promoting, selling and/or distributing the Defective Machine, the SITMA 950E PolyPapermatic Wrapping System.

44.     SITMA MACHINERY S.P.A. sold SITMA 950E PolyPapermatic Wrapping System's to persons and/or companies in the State of New York.

45.     As a direct and proximate result of SITMA MACHINERY S.P.A.'s actions, the plaintiff has suffered and continues to suffer injuries, including physical, mental and economic pain and suffering, and will continue to experience such injuries indefinitely.

46.     Defendant, SITMA MACHINERY S.P.A., is registered and licensed to do business in the state of New York.

47.     At all relevant times, Defendant transacted, solicited, and conducted business in the state of New York, and is hence venue is appropriate in this Court and Defendant is subject to the jurisdiction of this court.

**AS AND FOR A SECOND CAUSE OF ACTION**

7

SACCO & FILLAS, LLP

48.    Plaintiff, CURTIS WALLACE, repeats and realleges each and every allegation contained in paragraphs numbered "1" through "47" of the Complaint as if fully set forth at length herein.

49.    As a result of the negligence of the defendants, CURTIS WALLACE was rendered sick, sore, nervous and disabled.

50.    This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

51.    Due to defendants' negligence, plaintiff CURTIS WALLACE is entitled to damages in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION – NEGLIGENCE AGAINST DEFENDANT SITMA MACHINERY S.p.A.

52.    Plaintiff, CURTIS WALLACE, repeats and realleges each and every allegation contained in paragraphs numbered "1" through "50" of the Complaint as if fully set forth at length herein.

53.    Defendant SITMA MACHINERY S.p.A. failed to exercise reasonable care in designing, testing, manufacturing, marketing, distributing and selling the Machines with defects.

54.    Defendant SITMA MACHINERY S.p.A. had knowledge of said defects yet Defendant has failed in its duties to recall these Defective Machines or to alert users in a timely manner.

55.    Defendant SITMA MACHINERY S.p.A. knew or should have known that consumers

8

SACCO & FILLAS, LLP

such as the Plaintiffs would foreseeably suffer injury or death as a result of the Defendant's failure to exercise ordinary care as described herein.

56. Defendant's negligence was a contributing cause of Plaintiff's injuries and Plaintiff's economic and non-economic loss.

57. As a proximate result of the aforementioned negligence of Defendant, SITMA MACHINERY S.p.A., the Plaintiff suffered personal injuries and harm, was required to pay for necessary healthcare, attention and services, along with incidental and related expenses, require medical monitoring and will be required to pay for additional necessary healthcare, attention and services along with additional incidental and related expenses to monitor their condition.

58. The conduct of Defendant SITMA MACHINERY S.p.A. was so willful, wanton, malicious, reckless and in such disregard for the consequences as to reveal a conscious indifference to the clear risk of death or serious bodily injury, and merits the imposition of punitive damages.

59. Due to defendant SITMA MACHINERY S.p.A.'s negligence, plaintiff CURTIS WALLACE is entitled to damages in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A FOURTH CAUSE OF ACTION – NEGLIGENCE AGAINST DEFENDANT INSERTCO INC.,

60. Plaintiff, CURTIS WALLACE, repeats and realleges each and every allegation contained in paragraphs numbered "1" through "50" of the Complaint as if fully set forth at length herein.

9

SACCO & FILLAS, LLP

61.  That the actions and omissions of plaintiff's employer Insertco Incorporated, as set forth herein, were and are outrageous and grossly negligent and said Defendants acted with reckless disregard by bypassing safety guards of the subject SITMA 950E PolyPapermatic Wrapping System.

62.  Defendant INSERTCO INC. failed to exercise reasonable care in designing, testing, manufacturing, marketing, distributing and selling the Machines with defects.

63.  Defendant had knowledge of said defects yet Defendant has failed in its duties to recall these Defective Machines or to alert users in a timely manner.

64.  Defendant INSERTCO INC. knew or should have known that employees such as the Plaintiffs would foreseeably suffer injury or death as a result of the Defendant's failure to exercise ordinary care as described herein.

65.  Defendant's negligence was a contributing cause of Plaintiff's injuries and Plaintiff's economic and non-economic loss.

66.  As a proximate result of the aforementioned negligence of Defendant, the Plaintiff suffered personal injuries and harm, was required to pay for necessary healthcare, attention and services, along with incidental and related expenses, require medical monitoring and will be required to pay for additional necessary healthcare, attention and services along with additional incidental and related expenses to monitor their condition.

67.  The conduct of Defendant was so willful, wanton, malicious, reckless and in such disregard for the consequences as to reveal a conscious indifference to the clear risk of death or serious bodily injury, and merits the imposition of punitive damages.

68.  Due to defendants' negligence, plaintiff CURTIS WALLACE is entitled to damages in an amount exceeding the monetary jurisdictional limits of all lower courts which would

SACCO & FILLAS, LLP

otherwise have jurisdiction.

## AS AND FOR A FIFTH CAUSE OF ACTION - BREACH OF EXPRESS WARRANTY

69.  The Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

70.  Defendant made affirmative statements as to the value and use of its product and to its use.

71.  Defendant expressly warranted that the Machine was of merchantable quality, fit and safe and otherwise not injurious to the Plaintiffs' health and well being.

72.  The Defendant's representations were a material part of the basis of the bargain and Plaintiffs relied upon said representations in utilizing the machine.

73.  The Machine utilized by the Plaintiff was unsafe, unmerchantable, and unfit for use, otherwise injurious to the Plaintiff and did not conform to the Defendant's representations.

74.  The Plaintiff's injuries were a proximate result of Defendant's breach of express warranties as described herein.

75.  Due to defendants' negligence, plaintiff CURTIS WALLACE is entitled to damages in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SIXTH CAUSE OF ACTION - BREACH OF IMPLIED WARRANTY

76.  The Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

77.  The Defendant is in the business of selling such Machines as above described and

11

SACCO & FILLAS, LLP

ultimately sold such goods that were utilized by the Plaintiff.

78.    By placing the Defective Machine into the stream of commerce, Defendant Medtronic impliedly warranted that the Defective Machines were of merchantable quality, fit and safe for their intended use and fit for their particular purpose.

79.    The Defective Machines were not merchantable at the time of the sale for reasons aforementioned and Defendant knew or by exercise of reasonable care could have discovered the dangerous character or condition of the Defective Machines.

80.    The Defective Machine should have been properly secured to avoid injury from the cross blade.

81.    Therefore, Defendant breached implied warranties for the Defective Machines because said product was defective, unmerchantable and not fit for their intended particular purpose.

82.    The Plaintiff was a foreseeable users of the Defective Machine.

83.    The Plaintiff's injuries were a proximate result of Defendant's breach of implied warranty as described herein.

84.    The Plaintiffs have given timely notice.

85.    Due to defendants' negligence, plaintiff CURTIS WALLACE is entitled to damages in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A SEVENTH CAUSE OF ACTION – STRICT LIABILITY

86.    The Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

12

SACCO & FILLAS, LLP

87.   Defendant designed, manufactured, marketed, distributed, sold and/or supplied the subject Defective Machine in a condition that rendered them unreasonably dangerous due to their propensity to fail without warning.

88.   The subject Defective Devices were placed into the stream of commerce in a defective and unreasonably dangerous condition, taking into account the utility of the product and the risk involved in its use.

89.   The aforementioned defects existed when Defendant placed the subject Defective Devices into the stream of commerce.

90.   The Plaintiff's injuries were proximately caused by one or more of the defects.

91.   By engaging in the aforesaid conduct, Defendant is strictly liable to the Plaintiff.

92.   Due to defendants' negligence, plaintiff CURTIS WALLACE is entitled to damages in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, the plaintiff demands:

a. Judgment awarding damages on the first cause of action in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

b. Judgment awarding damages on the second cause of action in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

c. Judgment awarding damages on the third cause of action in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

13

SACCO & FILLAS, LLP

d.  Judgment awarding damages on the fourth cause of action in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

e.  Judgment awarding damages on the fifth cause of action in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

f.  Judgment awarding damages on the sixth cause of action in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

g.  Judgment awarding damages on the seventh cause of action in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

h.  Interest, the costs and disbursements of this action, together with such other and further relief as to this Court seems just and proper.

Dated: Whitestone, New York
        June 9, 2008

By: Tonino Sacco
SACCO & FILLAS, LLP
Attorneys for Plaintiff
141-07 20th Avenue
Suite 506
Whitestone, New York  11357
(718) 746-3440
Our File No.: 2944-05

14

SACCO & FILLAS, LLP

# EXHIBIT D

**July 21, 2006 Workers' Compensation Board Decision**

156592.



.STATE OF NEW YORK
WORKERS' COMPENSATION BOARD
PO BOX 5205
BINGHAMTON, NY   13902-5205
*www.wcb.state.ny.us*

(800) 877-1373

## State of New York - Workers' Compensation Board

## In regard to Curtis Wallace, WCB Case #0052 7707

### NOTICE OF DECISION

*keep for your records*

At the Workers' Compensation hearing held on 07/17/2006 involving the claim of Curtis Wallace at the Brooklyn hearing location, Judge Barbara Colodner made the following decision, findings and directions:

DECISION:   At this time, the Workers' Compensation Board finds no evidence or insufficient evidence that the claimant has a permanent restriction or loss of use as a result of this injury.  If the claimant believes that he/she has a permanent disability or permanent facial disfigurement as a result of this injury, the claimant should contact his/her doctor to obtain a written opinion as to permanency. The doctor's opinion of permanency should be in accordance with the New York State Workers' Compensation Board guidelines and include the degree of disability, the percentage loss of use, if any, and the basis for such finding. The claimant and/or claimant's doctor should mail this opinion on permanency to the Workers' Compensation Board along with a letter requesting further Board action.  Case to be reopened upon production of schedule loss of use report.  No further action is planned by the Board at this time.

| | | | |
|---|---|---|---|
| Claimant - | Curtis Wallace | Employer - | Insertco Incorporated |
| Social Security No. - | | Carrier - | Business Council WC Mfg Group |
| WCB Case No. - | 0052 7707 | Carrier ID No. - | W361687 |
| Date of Accident - | 06/19/2005 | Carrier Case No. - | 10-105-108448 |
| District Office - | NYC | Date of Filing of this Decision - | 07/21/2006 |

ATENCION:

Puede llamar a la oficina de la Junta de Compensacion Obrera, en su area correspondiente, cuyo numero de telefono aparece al principio de la pagina y pida informacion acerca de su reclamacion(caso).

**EXHIBIT E**

**InsertCo Verified Answer**

LC-4242(tk)DJM
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF  KINGS
-----------------------------------------------------------------x
CURTIS WALLACE,                                                          Index No: 16909/08

                                    Plaintiff,                           VERIFIED ANSWER

         - against -

SITMA MACHINERY S.p.A. and INSERTCO, INC.,


                                    Defendants.
-----------------------------------------------------------------x
C O U N S E L:

         Defendant,  INSERTCO, INC.  by its attorneys, DeCICCO, GIBBONS & McNAMARA,

P.C., answering the complaint of the plaintiff herein, respectfully alleges:

### I. AS TO THE PARTIES

         **FIRST**: Denies knowledge or information sufficient to form an opinion or belief as to those

allegations contained in paragraphs designated "1" through "15" inclusive, of the complaint.

         **SECOND**: Denies each and every allegation contained in paragraphs "16", "19" and "23"

of the complaint and begs leave to refer all questions of law and fact to the trial of the action.

         **THIRD**: Denies each and every allegation contained in paragraphs designated "18" and

20" through "22" inclusive, of the complaint.

### II. GENERAL ALLEGATIONS

### AS TO THE FIRST CAUSE OF ACTION

         **FOURTH**: Denies each and every allegation contained in paragraphs "24", "31", "32" and

"35" through "41" inclusive of the complaint.

         **FIFTH**: Denies knowledge or information sufficient to form an opinion or belief as to

those allegations contained in paragraphs designated "25" through "28" inclusive, of the

complaint.

         **SIXTH**: Denies each and every allegation contained in paragraphs "29", "30", "33" and

"34" of the complaint and begs leave to refer all questions of law and fact to the trial of the action.

## AS TO JURISDICTION AND VENUE

**SEVENTH:**   In response to paragraph "42", defendant repeats, reiterates and realleges each and every denial of those allegations contained in paragraphs designated "1" through "41" inclusive of the Complaint with the same force and effect as though more fully set forth at length herein.

**EIGHTH:** Denies each and every allegation contained in paragraphs designated "43" and "44" of the complaint and begs leave to refer all questions of law and fact to the trial of the action.

**TENTH:** Denies knowledge or information sufficient to form an opinion or belief as to those allegations contained in paragraphs designated "45" and "46" of the complaint.

**ELEVENTH:** Denies each and every allegation contained in paragraph designated "47"" of the complaint.

## AS TO THE SECOND CAUSE OF ACTION

**TWELFTH:** In response to paragraph "48", defendant repeats, reiterates and realleges each and every denial of those allegations contained in paragraphs designated "1" through "47" inclusive of the Complaint with the same force and effect as though more fully set forth at length herein.

**THIRTEENTH:** Denies each and every allegation contained in paragraphs designated "49" through "51" inclusive of the complaint.

## AS TO THE THIRD CAUSE OF ACTION

**FOURTEENTH:** In response to paragraph "52", defendant repeats, reiterates and realleges each and every denial of those allegations contained in paragraphs designated "1" through "51" inclusive of the Complaint with the same force and effect as though more fully set forth at length herein.

**FIFTEENTH:** Denies knowledge or information sufficient to form an opinion or belief as to those allegations contained in paragraphs designated "53" through "58" inclusive, of the

complaint.

    **SIXTEENTH:** Denies each and every allegation contained in paragraph designated "59" of the complaint.

## AS TO THE FOURTH CAUSE OF ACTION

    **SEVENTEENTH:** In response to paragraph "60", defendant repeats, reiterates and realleges each and every denial of those allegations contained in paragraphs designated "1" through "59" inclusive of the Complaint with the same force and effect as though more fully set forth at length herein.

    **EIGHTEENTH:** Denies each and every allegation contained in paragraphs designated "61" through "68" inclusive of the complaint.

## AS TO THE FIFTH CAUSE OF ACTION

    **NINETEENTH:** In response to paragraph "69", defendant repeats, reiterates and realleges each and every denial of those allegations contained in paragraphs designated "1" through "68" inclusive of the Complaint with the same force and effect as though more fully set forth at length herein.

    **TWENTIETH:** Denies each and every allegation contained in paragraphs designated "70" and "72" of the complaint and begs leave to refer all questions of law and fact to the trial of the action.

    **TWENTY-FIRST:** Denies each and every allegation contained in paragraphs designated "71" and "73" through "75" inclusive of the complaint.

## AS TO THE SIXTH CAUSE OF ACTION

    **TWENTY-SECOND:** In response to paragraph "76", defendant repeats, reiterates and realleges each and every denial of those allegations contained in paragraphs designated "1" through "75" inclusive of the Complaint with the same force and effect as though more fully set forth at length herein.

    **TWENTY-THIRD:** Denies each and every allegation contained in paragraphs designated

"77" through "81" inclusive, "83" and "85" of the complaint.

**TWENTY-FOURTH:** Denies knowledge or information sufficient to form an opinion or belief as to those allegations contained in paragraph designated "82" of the complaint.

**TWENTY-FIFTH:** Denies each and every allegation contained in paragraph designated "84" of the complaint and begs leave to refer all questions of law and fact to the trial of the action.

## AS TO THE SEVENTH CAUSE OF ACTION

**TWENTY-SIXTH:** In response to paragraph "86", defendant repeats, reiterates and realleges each and every denial of those allegations contained in paragraphs designated "1" through "85" inclusive of the Complaint with the same force and effect as though more fully set forth at length herein.

**TWENTY-SEVENTH:** Denies each and every allegation contained in paragraphs designated "87" through "92" inclusive, of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

**TWENTY-EIGHTH:** If injuries and damages were sustained by the plaintiff at the time and place and in the manner alleged in the complaint, such injuries and damages are attributable in whole or in part, to the culpable conduct of the plaintiff.

**TWENTY-NINTH:** If any damages are recoverable against said defendant, the amount of such damages shall be diminished in the proportion which the culpable conduct attributable to the plaintiffs bears to the culpable conduct, if any, of said defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

**THIRTIETH:** That the causes of action herein may not be maintained because they are barred by the applicable statute of limitations prescribed by the CPLR and the laws of the State of New York.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

**THIRTY-FIRST:** That the alleged accident and injuries, if any, were caused in whole or in part by reason of the plaintiff taking upon himself the ordinary risks incident to and the dangers

inherent in it; if any damages are recoverable against this answering defendant, the amount of such damages shall be reduced by the injuries or aggravation thereof caused by plaintiff's assumption of risks concomitant with this activity.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

**THIRTY-SECOND:** That the complaint fails to state facts sufficient to constitute a legal cause of action against answering defendant.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

**THIRTY-THIRD:** If the answering defendant is found liable, such liability is less than or equal to 50% of the total liability of all persons who may be found liable and therefore this answering defendant's liability shall be limited to its equitable share, pursuant to CPLR Article 16.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

**THIRTY-FOURTH:** Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care of rehabilitative services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules.

**THIRTY-FIFTH:** If any damages are recoverable against this said answering defendant, the amount of such damages shall be diminished by the amount of the funds which plaintiff has or shall receive from such collateral source.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

**THIRTY-SIXTH** The within action as to answering defendant is barred by the Omnibus Workers' Compensation Reform Action of 1996

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

**THIRTY-SEVENTH:** The within action as to answering defendant is barred by the Workers' Compensation Law.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

**THIRTY-EIGHTH:** Any damages alleged sustained by the plaintiff was the proximate result of an unforeseen and/or unforeseeable negligent, grossly negligent, wanton, reckless omission or conduct of plaintiff or intervening parties or superseding parties.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

**THIRTY-NINTH:** The damages allegedly sustained by the plaintiff were caused, in whole or in part, by the negligence or other culpable conduct of one or more persons or instrumentalities over which answering defendant had not control and with whom it had no legal relationship.

### AS FOR AN ELEVENTH AFFIRMATIVE DEFENSE

**FORTIETH:** If the plaintiff sustained damages as alleged, such damages occurred while he was engaged in activities into which he entered, knowing the hazard, risk and danger of the activities and he assumed the risks incidental to and attendant to the activities.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

**FORTY-FIRST:** Claims for breach of warranty may be barred by the Statute of Limitations depending on the date of the sale of the product.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

**FORTY-SECOND:** All implied warranties, including the warranties of merchantability and fitness for a particular purpose, may have been excluded at the time of sale of the product.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

**FORTY-THIRD:** That plaintiff misused, abused and/or put the product to an abnormal or unintended use.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

**FORTY-FOURTH:** The plaintiff misused the product and such misuse caused the accident and injuries complained of.

**AS AND FOR A FIRST CROSS CLAIM AGAINST CO-DEFENDANT SITMA MACHINERY S.p.A. THE DEFENDANT INSERTCO, INC. ALLEGES AS FOLLOWS:**

**FORTY-FIFTH:** If plaintiff sustained damages as alleged in the complaint through any fault other than the plaintiff's own fault, then such damages were sustained due to the sole fault of the co-defendant above named, and if the plaintiff should obtain and recover judgment against this answering defendant then the co-defendant above named shall be liable over to answering defendant for the full amount of said judgment or for any part thereof obtained and/or recovered on the basis of apportionment of responsibility for the alleged occurrence as found by the Court and/or jury.

### AS AND FOR A SECOND CROSS CLAIM AGAINST CO-DEFENDANT SITMA MACHINERY S.p.A. THE DEFENDANT INSERTCO, INC. ALLEGES AS FOLLOWS:

**THIRTY-SIXTH:** If plaintiff sustained damages as alleged in the complaint through any fault other than the plaintiff's own fault, the such damages were sustained due to the sole fault of the co-defendant above named; and if plaintiff should obtain and/or recover judgment against the answering defendant then the co-defendant above named shall be liable pursuant to common law for the full indemnification of the answering defendant.

**THIRTY-SEVENTH:** In view of the foregoing, the defendant INSERTCO, INC. is entitled to complete common law indemnification for all loss, damage, cost or expense, including, without limitation, judgments, attorneys' fees, Court costs and the cost of appellate proceedings from the co-defendant.

**WHEREFORE,** the defendant INSERTCO, INC. demands judgment dismissing the plaintiff's Complaint, or, in the alternative, judgment over and against co-defendant SITMA MACHINERY S.p.A. for contribution and common law indemnification, together with the costs and disbursements of this action including attorneys' fees.

Dated: New York, New York
     July 23, 2008

Yours, etc.

DeCICCO, GIBBONS & McNAMARA, P.C.
Attorneys for Defendant
INSERTCO, INC.

BY: _____

DANIEL J. MCNAMARA
14 East 38th Street, 5th Floor
New York, New York 10016
(212) 447-1222

TO:

SACCO & FILLAS, LLP
Attorneys for plaintiff
141-07 20th Avenue - Ste 506
Whitestone, New York 11357
(718) 746-3440

SITMA MACHINERY S.p.A.
45 Empire Drive
Saint Paul, MN 55103

# EXHIBIT F

**InsertCo Demand For Verified Bill Of Particulars**

LC-4242(tk)DJM
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------x

CURTIS WALLACE,

Index No: 16909/08

               Plaintiff,

DEMAND FOR VERIFIED
BILL OF PARTICULARS

   - against -

SITMA MACHINERY S.p.A. and INSERTCO, INC.

               Defendants.
---------------------------------------------------------------x
COUNSEL:

      PLEASE TAKE NOTICE, that you are hereby required to serve the following verified bill of particulars of the plaintiff's alleged causes of action herein, thirty (30) days after service of a copy of this demand pursuant to the Rules of the CPLR, setting forth in detail:

1. The age, address and social security number of the plaintiff.

2. The date and time of the occurrence.

3. Set forth in sufficient detail to permit identification the location of the occurrence.

4. The acts or omissions constituting the negligence claimed.

5. State each and every injury claimed to have been sustained by each plaintiff with duration thereof, and alleging specifically which are claimed to be permanent and in what respect they are claimed to be permanent.

6. State how long each plaintiff was confined to bed, giving the dates thereof.

7. State how long each plaintiff was confined to house, with dates thereof.

8. State how long each plaintiff was confined to a hospital, with the dates of confinement and the names of the hospitals.

9. Set forth names and addresses of all attending physicians.

10. State how long each plaintiff will claim to be disabled from his usual occupation.

11. State the name and address of each plaintiff's employer at the time of the occurrence, the positions held by said plaintiffs, and rate of earnings; or if self-employed, the name and address under which such plaintiffs are doing business.

12. Set forth the total amount claimed as special damages by each plaintiff for the following:

   a) Doctors' bills;
   b) Hospital bills;

c) Nursing services;
d) Medications and medical supplies;
e) Lost earnings;
f) Household help expense with the name and address of the recipients thereof.

13. Describe the product which allegedly caused the occurrence, which is the subject matter of the Complaint, in terms sufficient enough for identification including, but not limited to (a) brand or make; (b) size (c) color and (d) serial number.

14. State the manner in which the product is claimed to have been defective and if a particular part or portion thereof is claimed to have been defective, specify the part or portion and the manner in which it is claimed to be defective. State the manner in which it is claimed that the said product caused the injury or damage of which plaintiff complains.

15. If it is claimed that the product was defectively designed, state the basis for the claim of design defect and, if a particular part or potion is claimed to be defectively designed, state that particular part or portion and the design defect.

16. If it is claimed that a warranty was made with respect to said product, state whether such alleged warranty was express or implied and if express, whether in writing or oral:

a.      If it is claimed that an express warranty was made in writing, set forth a true copy thereof;
b.      If it is claimed that an express warranty was made orally, state the substance thereof, the date when made, the place where made, and the name and of the person who made such warranty and the name of    the person to whom such warranty was made;
c.      If an implied warranty is claimed, state the substance thereof and describe by date, place and the names of the parties involved, the transaction or circumstances from which such warranty is allegedly implied;
d.      State the manner in which the plaintiff allegedly relied on said warranty;
e.      State the respect in which the plaintiff will claim that the alleged warranty was breached.

17. If a violation of any rule, regulation, ordinance, law or statute is claimed, specify the particular section of the rule, regulation, ordinance, law or statute which defendant violated.

18. If it is claimed that this answering defendant breached any custom or practice, safety standard, governmental safety standard or industry safety standard, state with particularity the standard allegedly breached and how plaintiff will claim it was breached.

19. Set forth the specific activity in which plaintiff was involved when the accident occurred.

20. (a) Set forth the date of original purchase of the product, the name and address of the entity or person form which    is was purchased, the purchase price, and the forms and terms of purchase.

    (b) State who purchased said product, and when and where it was purchased.

21. Describe any written or printed materials included with the product upon purchase or received thereafter.

22. Please describe in detail any instructions, information, demonstrations or warnings given

orally by the seller at  the time of purchase.

23. State the basis for the claim of strict liability.

24. State whether it is claimed that defendant is liable by virtue of a failure to warn.  If so, set forth the specifics of   such claim. Set forth any claim as to an absent warning and/or an improper warning.

25. State if it is claimed the product was defectively manufactured.  If so, set forth the specifics of said claim.

26. State the present whereabouts of the product.

27. State the specific actions and omission on the part of answering defendant which constitutes the outrageous and grossly negligent conduct alleged in paragraph no. 61 of the complaint.

28. State the basis for the claim that answering defendant's conduct was willful, wanton, malicious and/or reckless as alleged in paragraph no. 67 of the complaint.

29. State if it is claimed that plaintiff has sustained a "grave injury" as such is defined by the Omnibus Workers' Compensation Reform Act of 1996. If so, state the exact injury or injuries which it is claimed constitute a "grave injury."

30. State the basis for the claimed punitive damages.

**PLEASE TAKE FURTHER NOTICE**, that upon the failure of the plaintiff to comply with

this demand within the time specified, defendant will move for an order of preclusion demanding

costs on such motion.


Dated: New York, New York
      July 23, 2008

                              Yours, etc.

                              DeCICCO, GIBBONS & McNAMARA, P.C.
                              Attorneys for Defendant
                              INSERTCO, INC.

BY:          _____
                              DANIEL J. MCNAMARA
                              14 East 38th Street, 5th Floor
                              New York, New York 10016
                              (212) 447-1222

TO:

SACCO & FILLAS, LLP
Attorneys for plaintiff
141-07 20th Avenue - Ste 506
Whitestone, New York 11357
(718) 746-3440

## EXHIBIT G

**InsertCo Discovery Demands**

LC-4242(tk)DJM
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF  KINGS
-------------------------------------------------------------------x

CURTIS WALLACE,

- against -

SITMA MACHINERY S.p.A. and INSERTCO, INC.

                                Defendants.
-------------------------------------------------------------------x

Index No: 16909/08

DEMAND FOR TOTAL DAMAGES

S I R S:

   Defendant requests a supplemental demand setting forth the total damages to which the plaintiff

deems herself to be entitled.

Dated: New York, New York
       July 23, 2008

                                   Yours, etc.

                                   DeCICCO, GIBBONS & McNAMARA, P.C.
                                   Attorneys for Defendant
                                   INSERTCO, INC.

                 BY:   _____
                                   DANIEL J. MCNAMARA
                                   14 East 38th Street, 5th Floor
                                   New York, New York 10016
                                   (212) 447-1222

TO:

SACCO & FILLAS, LLP
Attorneys for plaintiff
141-07 20th Avenue - Ste 506
Whitestone, New York 11357
(718) 746-3440

SITMA MACHINERY S.p.A.
45 Empire Drive
Saint Paul, MN 55103

LC-4242(tk)DJM
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF  KINGS
-----------------------------------------------------------------x
CURTIS WALLACE,                                                     Index No: 16909/08

                                    Plaintiff,                      DEMAND FOR HOSPITAL/
                                                                    MEDICAL AUTHORIZATIONS
        - against -

SITMA MACHINERY S.p.A. and INSERTCO, INC.


                                    Defendants.
-----------------------------------------------------------------x
S I R S:

    **PLEASE TAKE NOTICE**, that demand is hereby made upon you by the attorneys for the

undersigned defendant, to provide said attorneys with the following within 30 days after receipt of

the within notice:

    1.    Duly executed original authorizations permitting said defendant to secure copies

          of any and all records, x-rays and diagnostic studies referable to inpatient and

          outpatient hospital care, advice and treatment which the plaintiff received in

          connection with the injuries claimed herein and/or referred to in the complaint.


    2.    A list of the names of all treating physicians and health care providers who treated

          the plaintiff or consulted with respect to the plaintiff relative to the injuries claimed

          herein, together with duly executed original authorizations to secure copies of the

          office records of said physicians or health care providers concerning said

          treatment or consultation.


    3.    Copies of the medical reports of those physicians who have treated or examined

          the plaintiff and who will testify on behalf of the plaintiff at the time of trial.


    4.    Duly executed original authorizations permitting the within defendant to obtain

          copies of any and all medication and prescription records relative to medications

and prescriptions which the plaintiff has taken or filled as a result of the injuries complained of herein.

Failure to comply with the within request will subject the plaintiff to all sanctions and remedies available under the CPLR and as provided for under the applicable case law including, but not limited to, the preclusion of medical testimony and medical and pharmaceutical records at the time of trial.

Dated: New York, New York
        July 23, 2008

                                        Yours, etc.

                                        DeCICCO, GIBBONS & McNAMARA, P.C.
                                        Attorneys for Defendant
                                        INSERTCO, INC.

                        BY:     _____
                                        DANIEL J. MCNAMARA
                                        14 East 38th Street, 5th Floor
                                        New York, New York 10016
                                        (212) 447-1222

TO:

SACCO & FILLAS, LLP
Attorneys for plaintiff
141-07 20th Avenue - Ste 506
Whitestone, New York 11357
(718) 746-3440

SITMA MACHINERY S.p.A.
45 Empire Drive
Saint Paul, MN 55103

LC-4242(tk)DJM
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------------x
CURTIS WALLACE,

Index No: 16909/08

                              Plaintiff,

DEMAND FOR COLLATERAL
SOURCE INFORMATION

        - against -

SITMA MACHINERY S.p.A. and INSERTCO, INC.

                              Defendants.
---------------------------------------------------------- ----x

S I R S :

   **PLEASE TAKE NOTICE**, that pursuant to CPLR 312O and 4545, you are hereby required to

produce and permit discovery and inspection by the within defendant of all documents in the

plaintiff's possession pertaining to reimbursement which the plaintiff has received from collateral

sources for the cost of medical care, custodial care and rehabilitation services, and for lost

earnings and other economic loss which the plaintiff will claim as special damages in this

action. Said documents shall include bills and invoices for the services rendered, cancelled

checks and receipts with respect to payments made, together with health and disability insurance

forms, and Medicare and Medicaid forms.

   Said discovery and inspection shall take place at the offices of DeCICCO, GIBBONS &

McNAMARA, P.C., 14 East 38th Street, New York, New York 10016, attorneys for defendant, on

the 22nd day of August, 2008, at 2 p.m. in the afternoon of that day.

Dated: New York, New York
       July 23, 2008

                              Yours, etc.

                              DeCICCO, GIBBONS & McNAMARA, P.C.
                              Attorneys for Defendant
                              INSERTCO, INC.

        BY:    _____
                              DANIEL J. MCNAMARA
                              14 East 38th Street, 5th Floor
                              New York, New York 10016
                              (212) 447-1222

TO:

SACCO & FILLAS, LLP
Attorneys for plaintiff
141-07 20th Avenue - Ste 506
Whitestone, New York 11357
(718) 746-3440

SITMA MACHINERY S.p.A.
45 Empire Drive
Saint Paul, MN 55103

LC-4242(tk)DJM
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF  KINGS
-----------------------------------------------------------------x
CURTIS WALLACE,                                        Index No: 16909/08

                              Plaintiff,               DEMAND FOR
                                                       WITNESS INFORMATION

        - against -

SITMA MACHINERY S.p.A. and INSERTCO, INC.


                              Defendants.
-----------------------------------------------------------------x

    **PLEASE TAKE NOTICE**, that pursuant to CPLR 3101(a), the undersigned hereby demands

that you set forth in writing and under oath, within thirty (30) days of service of this demand upon

you, the name and address of each person claimed by any party you represent to be a witness

relative to any of the following:

        1.    (a)    The occurrence alleged in the complaint;


                (b)    Any affirmative acts, omissions or existing conditions which are claimed

                      to have caused or contributed to the occurrence alleged in the complaint;


                (c)    Any actual notice claimed to have been given to or received by the

                      defendants herein of any condition which allegedly caused or contributed

                      to the occurrence alleged in the complaint;


                (d)    Any facts or circumstances upon which a claim of constructive notice will

                      be asserted herein including, but not limited to the nature and duration of

                      any condition which allegedly caused or contributed to the occurrence

                      alleged in the complaint.


    If no such witnesses are known to the parties to whom the within demand is addressed,

please so state in the reply to this demand.  Please take notice that this shall be deemed a

continuing demand and that upon the trial of this action the undersigned will object to and seek to

preclude the introduction of testimony from any witnesses not so identified.

Dated: New York, New York
       July 23, 2008

                                        Yours, etc.

                                        DeCICCO, GIBBONS & McNAMARA, P.C.
                                        Attorneys for Defendant
                                        INSERTCO, INC.

                        BY:             _____
                                        DANIEL J. MCNAMARA
                                        14 East 38th Street, 5th Floor
                                        New York, New York 10016
                                        (212) 447-1222

TO:

SACCO & FILLAS, LLP
Attorneys for plaintiff
141-07 20th Avenue - Ste 506
Whitestone, New York 11357
(718) 746-3440

SITMA MACHINERY S.p.A.
45 Empire Drive
Saint Paul, MN 55103

LC-4242(tk)DJM
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF  KINGS
------------------------------------------------------------------x
CURTIS WALLACE,

                                          Plaintiff,

        - against -

SITMA MACHINERY S.P.A. and INSERTCO, INC.

                                          Defendants.
------------------------------------------------------------------x
COUNSEL:

Index No: 16909/08

DEMAND FOR STATEMENTS

        **PLEASE TAKE NOTICE** that, pursuant to CPLR 3101(e), the undersigned hereby demand

that you serve upon them copies of any statements taken of their client(s) either individually or

through their agents, servants and employees, whether written or oral and whether signed or

unsigned, as well as transcripts of any recorded statement or testimony in your possession or

any electronically obtained recordings thereof.

        Failure to comply with the within request will subject the parties to whom the subject

demand is addressed to all sanctions and remedies available under the CPLR and as provided

for under the applicable case law, including, but not limited to, the preclusion of such items at the

time of trial or any testimony relating thereto.

Dated: New York, New York
        July 23, 2008

                                Yours, etc.

                                DeCICCO, GIBBONS & McNAMARA, P.C.
                                Attorneys for Defendant
                                INSERTCO, INC.

        BY:     _____

                                DANIEL J. MCNAMARA
                                14 East 38th Street, 5th Floor
                                New York, New York 10016
                                (212) 447-1222

TO:

SACCO & FILLAS, LLP
Attorneys for plaintiff
141-07 20th Avenue - Ste 506
Whitestone, New York 11357
(718) 746-3440


SITMA MACHINERY S.p.A.
45 Empire Drive
Saint Paul, MN 55103

LC-4242(tk)DJM
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------x
CURTIS WALLACE,

                      Plaintiff,

   - against -

SITMA MACHINERY S.p.A. and INSERTCO, INC.

                    Defendants.
-------------------------------------------------------------------x
COUNSEL:

Index No: 16909/08

DEMAND FOR EMPLOYMENT
AUTHORIZATIONS

    **PLEASE TAKE NOTICE**, that you are required to furnish, within twenty 20 days of the

date hereof, an executed and acknowledged written authorization permitting the undersigned

attorneys or their representative to inspect, copy and/or obtain copies of plaintiff's complete

personnel, compensation, employment, medical and attendance records on file with or in the

possession of plaintiff's employer(s).

    **PLEASE TAKE FURTHER NOTICE**, that your failure to comply with the foregoing will

serve as a basis for a motion to dismiss the complaint and/or for such other sanctions as to the

Court may seem just and proper.

Dated: New York, New York
      July 23, 2008

                               Yours, etc.

                               DeCICCO, GIBBONS & McNAMARA, P.C.
                               Attorneys for Defendant
                               INSERTCO, INC.

               BY:    _____
                               DANIEL J. MCNAMARA
                               14 East 38th Street, 5th Floor
                               New York, New York 10016
                               (212) 447-1222

TO:
SACCO & FILLAS, LLP
Attorneys for plaintiff
141-07 20th Avenue - Ste 506
Whitestone, New York 11357
(718) 746-3440

SITMA MACHINERY S.p.A.
45 Empire Drive
Saint Paul, MN 55103

LC-4242(tk)DJM
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF  KINGS
-------------------------------------------------------------------x
CURTIS WALLACE,                                            Index No: 16909/08

                           Plaintiff,                     NOTICE FOR DISCOVERY
                                                                       & INSPECTION
     - against -

SITMA MACHINERY S.p.A. and INSERTCO, INC.


                                        Defendants.
-------------------------------------------------------------------x

COUNSEL:

     **PLEASE TAKE NOTICE** that pursuant to Article 31 of the CPLR, you are hereby required

to produce and permit discovery and inspection by defendant and/or defendant's attorneys or

representatives, of the following documents and records for inspection and copying at the office

of DeCICCO, GIBBONS & McNAMARA, P.C., 14 East 38th Street, New York, New York 10016,

at 2 p.m. on the 22nd day of August, 2008:

     (1)     Photographs of product;

     (2)     Photographs of plaintiff's injury;

     (3)     Accident Report(s); and

     (4)     Labels or warnings appurtenant to the product.

     **PLEASE TAKE FURTHER NOTICE** that in the event of your failure to comply with the

Notice for Discovery and Inspection, a motion will be made for the proper relief and costs will be

sought in connection therewith.

Dated: New York, New York
       July 23, 2008

                                  Yours, etc.

                                  DeCICCO, GIBBONS & McNAMARA, P.C.
                                  Attorneys for Defendant
                                  INSERTCO, INC.

               BY:   _____
                                  DANIEL J. MCNAMARA
                                  14 East 38th Street, 5th Floor
                                  New York, New York 10016
                                  (212) 447-1222

TO:

SACCO & FILLAS, LLP
Attorneys for plaintiff
141-07 20th Avenue - Ste 506
Whitestone, New York 11357
(718) 746-3440

SITMA MACHINERY S.p.A.
45 Empire Drive
Saint Paul, MN 55103

LC-4242(tk)DJM
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF  KINGS
-------------------------------------------------------------------x

CURTIS WALLACE,                                      Index No: 16909/08

                 Plaintiff,              NOTICE OF EXAMINATION
                                         BEFORE TRIAL

      - against -

SITMA MACHINERY S.p.A. and INSERTCO, INC.


                 Defendants.
-------------------------------------------------------------------x

COUNSEL:

     **PLEASE TAKE NOTICE**, that pursuant to Article 31 of the CPLR, the testimony, upon

oral examination, of all parties will be taken before a Notary Public:

    <u>DATE</u>:     August 22, 2008

    <u>PLACE</u>:    DeCicco, Gibbons & McNamara, P.C.
                  14 East 38th Street
                  New York, New York 10016

    <u>TIME</u>:     2:00 p.m.

with respect to the relevant and material facts put in issue by

the pleadings herein.

     **PLEASE TAKE FURTHER NOTICE**, that you are hereby required to produce at such

examination, pursuant to CPLR 3111, the following, which may be used by the person so

testifying to refresh his/her recollection as to matters hereinabove set forth:

    Any and all relevant books, records, papers, bills, statements and/or other writings as related
        to the matters in controversy herein.

Dated: New York, New York
       July 23, 2008

Yours, etc.

DeCICCO, GIBBONS & McNAMARA, P.C.
Attorneys for Defendant
INSERTCO, INC.

BY:    _____
DANIEL J. MCNAMARA
14 East 38th Street, 5th Floor
New York, New York 10016
(212) 447-1222

TO:

SACCO & FILLAS, LLP
Attorneys for plaintiff
141-07 20th Avenue - Ste 506
Whitestone, New York 11357
(718) 746-3440

SITMA MACHINERY S.p.A.
45 Empire Drive
Saint Paul, MN 55103

LC-4242(tk)DJM
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF   KINGS
-------------------------------------------------------------------x
CURTIS WALLACE,                                                                      Index No: 16909/08

                                            Plaintiff,                             DEMAND FOR EXPERT
                                                                                        WITNESSES
           - against -

SITMA MACHINERY S.p.A. and INSERTCO, INC.


                                           Defendants.
-------------------------------------------------------------------x
COUNSEL:

    **PLEASE TAKE NOTICE**, that pursuant to CPLR 3101(d), the within defendant hereby

demands that plaintiff discloses the following:

> 1.    The identity of each expert whom the plaintiff expects to call at the time of trial;
>
> 2.    The subject matter and areas on which each such expert is expected to testify;
>
> 3.    A summary of the facts and opinions to which the expert is expected to testify, together with the grounds and basis for each such opinion; and
>
> 4.  The expert's professional qualifications.

    **PLEASE TAKE FURTHER NOTICE**, that this demand is a continuing one, and that the

defendant will make objection and seek to preclude the  testimony of any expert unless

disclosure is made in conformance with this demand at least sixty (60) days prior to trial.

Defendant will make further objection and seek to preclude the testimony of any expert which

differs from the information exchanged pursuant to this demand.


Dated: New York, New York
       July 23, 2008

Yours, etc.

DeCICCO, GIBBONS & McNAMARA, P.C.
Attorneys for Defendant
INSERTCO, INC.

BY: _____

DANIEL J. MCNAMARA
14 East 38th Street, 5th Floor
New York, New York 10016
(212) 447-1222

TO:

SACCO & FILLAS, LLP
Attorneys for plaintiff
141-07 20th Avenue - Ste 506
Whitestone, New York 11357
(718) 746-3440

SITMA MACHINERY S.p.A.
45 Empire Drive
Saint Paul, MN 55103

LC-4242(tk)DJM
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF  KINGS
-------------------------------------------------------------------x

CURTIS WALLACE,

                          Plaintiff,

    - against -

SITMA MACHINERY S.p.A. and INSERTCO, INC.

                         Defendants.
-------------------------------------------------------------------x
COUNSEL:

Index No: 16909/08

DEMAND FOR IRS
INFORMATION

     **PLEASE TAKE NOTICE** that the defendant, BREEZY POINT    by its attorneys,

DeCICCO, GIBBONS & McNAMARA, P.C., pursuant to CPLR, demand that you provide to them

the written authorizations of the plaintiff to obtain records of the Internal Revenue Service:

    1.  IRS Form 4506 and copies of two pieces of identification are required.  A driver's license
may be used for identification and a standard notarized authorization for the other.

    2.  In cases concerning deceased, we also require Letters of Administration (testamentary)
plus two pieces of identification of  administrator (executor).

     **PLEASE TAKE FURTHER NOTICE** that if the aforementioned authorizations are not

received by this office within twenty (2O) days of the receipt of this demand, the appropriate

motion will be made to this Court for the requested authorizations.


Dated: New York, New York
      July 23, 2008

Yours, etc.

DeCICCO, GIBBONS & McNAMARA, P.C.
Attorneys for Defendant
INSERTCO, INC.

BY: _____

DANIEL J. MCNAMARA
14 East 38th Street, 5th Floor
New York, New York 10016
(212) 447-1222

TO:

SACCO & FILLAS, LLP
Attorneys for plaintiff
141-07 20th Avenue - Ste 506
Whitestone, New York 11357
(718) 746-3440

SITMA MACHINERY S.p.A.
45 Empire Drive
Saint Paul, MN 55103

LC-4242(tk)DJM
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------------x
CURTIS WALLACE,                                    Index No: 16909/08

                              Plaintiff,           DEMAND FOR WORKERS'
                                                   COMPENSATION
        - against -                                AUTHORIZATION

SITMA MACHINERY S.p.A. and INSERTCO, INC.


                              Defendants.
---------------------------------------------------------------------x
COUNSEL:

        **PLEASE TAKE NO**TICE that the defendant, by (its) their attorneys, DeCICCO, GIBBONS

& McNAMARA, P.C., pursuant to CPLR, demand that you provide to them the written

authorizations of the plaintiff to obtain records of the following:

        1. PLAINTIFF'S WORKERS' COMPENSATION FILE .

        2. FILE OF WORKERS' COMPENSATION BOARD.

        THE AFOREMENTIONED AUTHORIZATIONS MUST INCLUDE THE FULL NAME AND

ADDRESS OF THE INSURANCE COMPANY OR PROVIDER OF WORKERS' COMPENSATION

BENEFITS, THE "NAMED INSURED", THE INSURANCE POLICY NUMBER AND WORKERS;

COMPENSATION CLAIM NUMBER.

        **PLEASE TAKE FURTHER NOTICE** that if the aforementioned authorizations are not

received by this office within twenty (2O) days of the receipt of this demand, the appropriate

motion will be made to this Court for the requested authorizations.

Dated: New York, New York
        July 23, 2008

Yours, etc.

DeCICCO, GIBBONS & McNAMARA, P.C.
Attorneys for Defendant
INSERTCO, INC.

BY: _____

DANIEL J. MCNAMARA
14 East 38th Street, 5th Floor
New York, New York 10016
(212) 447-1222

TO:

SACCO & FILLAS, LLP
Attorneys for plaintiff
141-07 20th Avenue - Ste 506
Whitestone, New York 11357
(718) 746-3440

SITMA MACHINERY S.p.A.
45 Empire Drive
Saint Paul, MN 55103

LC-4242(tk)DJM
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF  KINGS
------------------------------------------------------------------x
CURTIS WALLACE,                                                    Index No: 16909/08

                                    Plaintiff,                     DEMAND FOR IDENTITY OF
        - against -                                                CO-DEFENDANT COUNSEL

SITMA MACHINERY S.p.A. and INSERTCO, INC.


                                    Defendants.
------------------------------------------------------------------x
COUNSEL:

        PLEASE TAKE NOTICE, that pursuant to Rule 2103(e) of the  Civil Practice Law and Rules,

you are hereby required to provide to the undersigned a list of those attorneys who have appeared

in  this action, together with their addresses and the name of the  party for whom such attorneys

have appeared.


Dated: New York, New York
        July 23, 2008

                                    Yours, etc.

                                    DeCICCO, GIBBONS & McNAMARA, P.C.
                                    Attorneys for Defendant
                                    INSERTCO, INC.

                        BY:    _____
                                    DANIEL J. MCNAMARA
                                    14 East 38th Street, 5th Floor
                                    New York, New York 10016
                                    (212) 447-1222

TO:

SACCO & FILLAS, LLP
Attorneys for plaintiff
141-07 20th Avenue - Ste 506
Whitestone, New York 11357
(718) 746-3440

SITMA MACHINERY S.p.A.
45 Empire Drive
Saint Paul, MN 55103

## EXHIBIT H

**Wallace Verified Bill of Particulars**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

CURTIS WALLACE,

                              Plaintiff,

         -against-

SITMA MACHINERY S.p.A and INSERTCO INC.,

                              Defendants.

INDEX NO. 16909/08

**VERIFIED BILL OF
PARTICULARS**

---

Plaintiff, by his attorneys, Sacco & Fillas, LLP, in response to the Demand for a Bill of Particulars served by defendants, INSERTCO INC. as and for his Verified Bill of Particulars, respectfully alleges, upon information and belief:

1.) The plaintiff Curtis Wallace's date of birth is June 25, 1984. His residence is 1144 Nostrand Avenue, 3rd Floor, Brooklyn, New York. His Social Security Number is 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.

2.) The subject incident occurred on June 19, 2005 at approximately 11:00 a.m. Upon information and belief, the incident occurred inside Insertco Incorporated, 57-11 49th Place, Maspeth, NY 11378.

3.) Upon information and belief the accident occurred as follows:

As the plaintiff Curtis Wallace was working with the defective 950E PolyPapermatic Wrapping System when it jammed near the "cross-sealer" and the plaintiff was forced to clear up problem when the "cross-sealer" blade came down abruptly and crushed and amputated the plaintiff's right thumb.

4.) The defendants INSERTCO INC. by their agents, servants and/or employees were careless and negligent in the maintenance of the 950E PolyPapermatic Wrapping System; were negligent in the purchasing defective product, in that they knew or should have known the 950E PolyPapermatic Wrapping System to being an unsafe and defective condition by reasonable

SACCO & FILLAS, LLP

to disclose and/or warn foreseeable employees of post-accident information known about the

dangerous characteristics of the subject 950E PolyPapermatic Wrapping System; in its failure to

meet or exceed internal corporate guidelines in its operation of its 950E PolyPapermatic

Wrapping System by its holding said products to the employees as being sage, reliable and

defect-free; in its failure to comply with applicable and necessary safety standards; and in its

awareness that the 950E PolyPapermatic Wrapping System in question was/were defective,

unreasonably dangerous and capable of producing catastrophic accident resulting in serious

injury or death; in that the defendant had actual and/or constructive notice of the aforesaid

dangerous conditions and failed to timely remedy same; in producing a product with minimal

safety devices or sensors, using a product that allows safety devices to be overridden or defeated.

     The plaintiff further reserves the right to amend the complaint to interpose in the Ad

Damnum punitive damages.

     5.) The plaintiff suffered the following serious personal injuries which were caused,

accelerated, precipitated, aggravated, exacerbated or otherwise enhanced by the defendant's

negligence:

    a)     fracture of the distal phalanx of the right thumb;

    b)     oblique fracture through the proximal diametaphysis of the distal phalanx of the

          thumb.

    c)     distal fracture fragment is posteriorly displaced a full shaft-width.

    d)     soft tissue laceration of the dorsal aspect of the thumb, involving the nail bed

    e)     limited range of motion of right thumb;

    f)     Range of motion is severely decreased for flexion and extension at the IP joint of

          right thumb;

g)   Sensation is decreased over the dorsal aspect of the distal phalanx.

h)   tenderness over the IP joint and also over the distal phalanx;

i)   metal pin protruding from the distal aspect of the thumb underneath the nail.

j)   edema throughout the distal phalanx;

k)   Surgery to his right thumb on June 19, 2005 performed as follows:

Preoperative Diagnoses:      Right Thumb Crush Injury with open fracture and neurovascular bundle injury.

Procedures:    Incision and drainage, open reduction, pinning of right distal phalanx fracture with ulnar digital nerve repair, and closure of skin wound

Post Operative Diagnoses:      Right thumb crush injury with open fracture and neurovascular bundle injury

Procedure in detail: The patient was seen in the holding area. The correct extremity was marked. The patient was then brought back to the operating room, where regional anesthesia was induced. A tourniquet was placed on his arm. This was followed by the standard prep and draping of the extremity. His limb was exsanguinated. The tourniquet was inflated to 250 mmHg and this was followed by exploration of the wound with a thorough irrigation and debridement. Upon exploration, it was revealed that there was an open fracture and there was germinal matrix had ripped off the proximal phalanx. The insertion of the extensor pollicis longus as well as the FPL was intact and the ulnar neurovascular bundle was completely out. The nerve injury was at the level of the trifurcations. There were very small branches and two branches that were able to be repaired were tagged on each side of the laceration. The artery was too small to repair. Doppler revealed good flow on the tip of the thumb from the radial bundle.

Two 45 K-wires were used to pin the fractre after a thorough irrigation and debridement. Once the fracture fragments were well aligned in both the AP and lateral planes, the pins were cut. The nerve on the ulnar side, the branch that was large enough to be repaired was then repaired with a 9-0 nylon and three simple stitches were used followed by additional irrigation and closure of the skin with 4-0 nylon. At this point, the hand was washed. A Jurgan ball placed over the tip of the pin and a sterile dressing was placed with a thumb spica splint. The patient was then placed on caudal block and was transferred to the recovery room instable condition.

In order to negate needless duplication, the plaintiff incorporates by reference the hospital records and physicians' reports to be served in conjunction with the medical exchange rules insofar as the contents thereof are admissible in evidence at the trial of this action, and to the extent it is consistent with the injuries alleged in the Bill of Particulars.

All of the foregoing injuries are with involvement of the surrounding muscles, bones, ligaments, tendons, nerves, both venous and arterial, fascia and other soft parts in said regions, and with pain, deformity and disability. Said injuries, upon information and belief, are permanent and protracted in nature.

6.) The plaintiff was confined to his bed - one week after accident

7.) The plaintiff was confined to his home - three (3) months after incident and intermittently continuing;

8.) The plaintiff was confined to Bellevue Hospital Center, 462 First Avenue and 27th Street, New York, NY 10016 on June 19, 2005

9.) The attending physicians are Dr Ann-Marie Plate 462 First Avenue New York, New York 10016, Dr David Freidman 462 First Avenue New York, New York 10016

10.) The plaintiff is partially disabled to date, and that substantial partial disability is deemed permanent.

11.) At the time of the negligence complained of, the plaintiff was a machine operator; employed with Insertco Incorporated, 57-11 49th Place, Maspeth, NY 11378.

12.) The plaintiff incurred the following special damages:

    (a)    Physician services - submitted to plaintiff's workers compensation carrier;

    (b)    Hospital services - submitted to plaintiff's workers compensation carrier;

    (c)    Nursing – provided by the plaintiff's family members

    (d)    Medical Supplies and Medications- submitted to plaintiff's worker compensation carrier.

    (e)    Loss Earnings- not applicable. The plaintiff was reimbursed by his workers compensation carrier

    (f)    Household Help- provided by the plaintiff's gamily member

13.) Objection. Improper demand for a Bill of Particulars.

14.) See paragraph 4

15.) The plaintiff is claiming that the 950E PolyPapermatic Wrapping System was improper and defective equipment. For details see paragraph 4.

16.) Not Applicable

17.) This Court will take judicial notice of the applicable law, ordinances, statutes and common law claimed to have been violated by the defendants.

18.) Not Applicable

19.) At the time of the incident, the plaintiff was operating subject machine.

20.) Not Applicable

21.) Not Applicable

22.) Not Applicable

23-31). Not Applicable

Dated: Whitestone, New York
       September 19, 2008

By: Tonino Sacco
SACCO & FILLAS, LLP

Attorneys for Plaintiff
141-07 20th Avenue
Suite 506
Whitestone, New York  11357
(718) 746-3440
Our File No.: 2944-05(1)

DeCICCI, GIBBONS & McNAMARA
Attorney for INSERTCO INC,
14 East 38th Street, 5th Floor
New York, New York 10016

SACCO & FILLAS, LLP

# EXHIBIT I

**Wallace Responses to InsertCo's Discovery Demands**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------------

INDEX NO. 16909/08

CURTIS WALLACE,

                  Plaintiff,

        -against-

SITMA Machinery S.p.A, and INSERTCO INC.,

                  Defendants.

**RESPONSE TO
DISCOVERY DEMANDS**

-----------------------------------------------------------------

**C O U N S E L O R S :**

      The Plaintiff(s), CURTIS WALLACE by his attorneys, as and for his Response to the Combined Demands for Discovery and Inspection of the Defendant, INSERTCO INC. respectfully states as follows:

    1.     DEMAND FOR WITNESSES: Plaintiff is not aware of any witnesses to the occurrence.

    2.     DEMAND FOR STATEMENTS: Plaintiff is not in possession of any adverse party statements.

    3.     DEMAND FOR EXPERT WITNESSES: Other than Plaintiff's treating physicians, Plaintiff intends to call Herbert W. Braunstein, P.E., P.A. a consulting engineer, with offices located at 1679 East 3rd Street, Suite 503, Brooklyn, New York 11230 whose testimony will consist of findings as indicated in the attached report. A copy of his curriculum vitae is enclosed herein.

    4.     DEMAND FOR PHOTOGRAPHS: Attached hereto is one (1) photograph depicting the injuries that the plaintiff sustained.

5.    DEMAND FOR MEDICAL RECORDS/REPORTS AND MEDICAL HIPPA

COMPLIANT AUTHORIZATIONS: Annexed herein are Plaintiff's medical records

from the following hospital and health care providers:

     Bellevue Hospital Center
     462 First Avenue and 27th Street
     New York, NY  10016

     Salvatore Lenzo, M.D.
     955  Fifth Avenue
     New York, NY  10021

     Island Musculoskeletal Care, M.D., P.C.
     1512 Broadway
     Hewlett, NY  11557

HIPAA Complaint authorizations to obtain the plaintiff's medical records from the

following doctors/facilities are enclosed herein:

     Bellevue Hospital Center
     462 First Avenue and 27th Street
     New York, NY  10016

     Salvatore Lenzo, M.D.
     955  Fifth Avenue
     New York, NY  10021

     Island Musculoskeletal Care, M.D., P.C.
     1512 Broadway
     Hewlett, NY  11557

6.    DEMAND FOR COLLATERAL SOURCES: Not applicable. The plaintiff's medical

bills were paid by his Worker's Compensation Carrier. In this regard, enclosed herein

please find an authorization to obtain the plaintiff's workers compensation records

from: Unimex PC, PO Box 760, Old Bridge, NJ 08857, Claim # 10105108448,

WCB# 00527707

7.   DEMAND FOR PRIOR PLEADINGS: Not applicable.

8.   DEMAND FOR NAMES OF ATTORNEYS: The names and addresses of attorneys

who have appeared for parties in this action are listed below.

9.   DEMAND FOR AUTOPSY REPORT: Not applicable.

**PLEASE TAKE FURTHER NOTICE**, the plaintiff reserve his/her right to update,

supplement, and/or amend all above responses until and upon the time of trial.

Dated: Whitestone, New York
       September 19, 2008

By: **Tonino Sacco**
**SACCO & FILLAS, LLP**
Attorneys for Plaintiff
141-07 20th Avenue
Suite 506
Whitestone, New York  11357
(718) 746-3440
Our File No.: 2944-05

DeCICCI, GIBBONS & McNAMARA
Attorney for INSERTCO INC,
14 East 38th Street, 5th Floor
New York, New York 10016

## EXHIBIT J

**New York Supreme Court, Appellate Division Decision in Wallace v. SITMA Machinery**




Cited
As of: May 19, 2014

**Curtis Wallace, Respondent, v Sitma U.S.A., Inc., Appellant. (Index No. 6514/06)**

**2009-08019**

**SUPREME COURT OF NEW YORK, APPELLATE DIVISION, SECOND DE-
PARTMENT**

*77 A.D.3d 918; 910 N.Y.S.2d 136; 2010 N.Y. App. Div. LEXIS 7829; 2010 NY Slip Op
7744*

**October 26, 2010, Decided**

**CORE TERMS:** machine, failed to raise, triable issue of
fact, demonstrating, matter of law, defectively designed,
duty to warn, entitlement, warranty, facie

**HEADNOTES**

Products Liability--Defectively Designed Product

**COUNSEL:** [***1] Quirk and Bakalor, P.C., New
York, N.Y. (Jeanne M. Boyle of counsel), for appellant.

Sacco & Fillas, LLP, Whitestone, N.Y. (Lamont K. Rod-
gers of counsel), for respondent.

**JUDGES:** STEVEN W. FISHER, J.P., FRED T. SAN-
TUCCI, RANDALL T. ENG, SANDRA L. SGROI, JJ.
FISHER, J.P., SANTUCCI, ENG and SGROI, JJ., con-
cur.

**OPINION**

[*918] [**136]

In an action to recover damages for personal inju-
ries, the defendant appeals from an order of the Supreme
Court, Kings County (Schmidt, J.), dated June 2, 2009,
which denied its motion for summary judgment dismiss-
ing the complaint.

Ordered that the order is reversed, on the law, with
costs, and the defendant's motion for summary judgment
dismissing the complaint is granted.

The defendant established its prima facie entitlement
to judgment as a matter of law dismissing the plaintiff's
cause of action alleging that he was injured as a result of
a manufacturing defect in the machine he was operating,
by demonstrating that the product was not defective
when it left its control (*see Mincieli v Pequa Indus., Inc.,
56 AD3d 627, 867 NYS2d 535 [2008]; Sabessar v Presto
Sales & Serv., Inc., 45 AD3d 829, 848 NYS2d 198
[2007]*). In opposition, the plaintiff failed to raise a tri-
able issue of fact. The plaintiff failed to come forward
[***2] with competent evidence demonstrating [*919]
that the product had a specific flaw which caused the
accident or, in the alternative, demonstrating that the
machine did not perform as intended while excluding all
possible causes for the malfunction not attributable to the
defendant (*see Speller v Sears, Roebuck & Co., 100
NY2d 38, 42, 790 NE2d 252, 760 NYS2d 79 [2003]; Rig-
lioni v Chambers Ford Tractor Sales, Inc., 36 AD3d 785,
786, 828 NYS2d 520 [2007]; D'Auguste v Shanty Hollow
Corp., 26 AD3d 403, 404, 809 NYS2d 555 [2006]*).

[**137] Further, the defendant established prima
facie that the machine was not defectively designed, and
it satisfied its duty to warn of latent dangers of the prod-
uct. In opposition, the plaintiff relied upon an unsworn
engineer's report, which was not competent proof of the
assertions made therein (*see Peters v Colwell, 61 AD3d
729, 731, 877 NYS2d 180 [2009]*). The plaintiff's sub-
missions failed to raise a triable issue of fact as to
whether the safety devices of the machine could be dis-

77 A.D.3d 918, *; 910 N.Y.S.2d 136, **;
2010 N.Y. App. Div. LEXIS 7829, ***; 2010 NY Slip Op 7744

abled without a material alteration of it (*see Lopez v Precision Papers, 67 NY2d 871, 492 NE2d 1214, 501 NYS2d 798 [1986]; Robinson v Reed-Prentice Div. of Package Mach. Co., 49 NY2d 471, 481, 403 NE2d 440, 426 NYS2d 717 [1980]*), or that the defendant violated any duty to warn.

The defendant also established its entitlement to judgment as a matter of law dismissing  [***3] the causes of action alleging a breach of an express warranty and a breach of an implied warranty, and the plaintiff failed to raise a triable issue of fact in opposition thereto (*see Denny v Ford Motor Co., 87 NY2d 248, 259, 662 NE2d 730, 639 NYS2d 250 [1995]; Davis v New York City Hous. Auth., 246 AD2d 575, 576, 668 NYS2d 391 [1998]*).

The plaintiff's remaining contentions are without merit or need not be addressed in light of our determination. Fisher, J.P., Santucci, Eng and Sgroi, JJ., concur.

## EXHIBIT K

**Communications to Counsel for Mr. Wallace**



# BRUNO, GERBINO & SORIANO, LLP

COUNSELLORS AT LAW

AMY C. RAUPP
ASSOCIATE
EXT. 154
ADMITTED IN NY

**NEW YORK:**
TELEPHONE (631) 390-0010
FACSIMILE (631) 393-5497

**NEW JERSEY:**
TELEPHONE (201) 995-1394
FACSIMILE (201) 995-1398

July 9, 2013

**VIA FIRST CLASS MAIL**
Sacco & Fillas, LLP
3119 Newtown Avenue
Astoria, New York 11357

> **Re:** ***WALLACE, CURTIS VS. SITMA MACHINERY S.p.A.***
> ***AND INSERTCO INC.***
> ***Claim No.:10-105-108448***
> ***D/L: 6/19/05***
> ***Index No.: 16909/08***
> ***BGS File No.: 05-3137***

Dear Mr. Sacco:

Enclosed herewith please find a copy of a proposed stipulation to lift the automatic stay in the Tribune bankruptcy proceeding and proceed forward with the above litigation.

As you may recall, the above matter was stayed pending the Tribune bankruptcy proceeding. In order to proceed with the above litigation, the automatic stay imposed by the bankruptcy proceeding must be lifted. To that end, we have obtained a stipulation from Tribune's bankruptcy counsel, Sidney Austin LLP, wherein the parties agree to lift the automatic stay and to liquidate any recovery by plaintiff according to the bankruptcy plan entered on July 23, 2012.

Please review same, and advise. If you have any questions or concerns, we can schedule a conference call between your office, Sidney Austin, LLP, and ourselves to discuss this matter further.

Very truly yours,

Amy C. Raupp

ACR
Enclosure
506600

445 BROAD HOLLOW ROAD ● SUITE 220 ● MELVILLE ● NEW YORK 11747
70 HILLTOP ROAD ● SUITE 1005 ● RAMSEY, NEW JERSEY 07446

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

## STIPULATION BETWEEN TRIBUNE 365, LLC AND CURTIS WALLACE REGARDING FORUM FOR RESOLVING CLAIM NO. 3379

This stipulation (the "Stipulation") between Tribune 365, LLC, as successor-in-interest to InsertCo, Inc. ("InsertCo"), a reorganized debtor in the above-captioned chapter 11 cases, on the one hand, and Curtis Wallace (the "Claimant"), on the other hand, regarding the resolution of that certain proof of claim asserted by the Claimant against InsertCo, is entered into by Tribune 365, LLC and the Claimant (collectively, the "Parties").

## RECITALS

A.     On or about June 9, 2008, the Claimant commenced a personal injury action in the Supreme Court of the State of New York, Kings County (the "New York State Court") entitled Curtis Wallace v. SITMA Machinery, S.p.A. and InsertCo Inc. (the "State Court

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

Action"). The State Court Action asserts damages against InsertCo for injuries allegedly sustained by the Claimant arising from an incident occurring on or about June 19, 2005.

B. On December 8, 2008, Tribune Company ("Tribune") and most of its wholly-owned subsidiaries, including InsertCo (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

C. On June 1, 2009, the Claimant filed a proof of claim against InsertCo, in the amount of $500,000, based on the causes of action asserted in the State Court Action (the "Wallace Claim"). The Wallace Claim was received by the Bankruptcy Court-appointed claims and noticing agent, Epiq Bankruptcy Solutions, LLC (the "Claims Agent") and was assigned Claim No. 3379 on the official claims register maintained in the Debtors' chapter 11 cases (the "Claims Register").

D. On July 23, 2012, the Bankruptcy Court entered the Order Confirming Fourth Amended Joint Plan of Reorganization (the "Plan")[2] for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (Docket No. 12074).[3]

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

[3] The Plan provides that one or more Debtors may undertake Restructuring Transactions on, prior to, or after the Effective Date, which may include, without limitation, mergers, consolidations, conversions, joint ventures, restructurings, recapitalizations, dispositions, liquidations or dissolutions. (See Plan § 5.2, Ex. 5.2 and Docket No. 12732.) InsertCo has undertaken Restructuring Transactions, pursuant to which it merged with and into Tribune 365, LLC, an indirect wholly-owned subsidiary of Tribune. A notice with information respecting each Debtor's post-emergence entity following the consummation of the Restructuring Transactions was filed with the Bankruptcy Court on November 16, 2012. (See Docket No. 12732.)

E.     The Plan provides that the Reorganized Debtors shall have 210 days from the Effective Date to file objections to proofs of claim asserted against the Debtors' estates. The Effective Date of the Plan occurred on December 31, 2012.

F.     As a result of the Parties' discussions regarding the Wallace Claim, the Parties have reached an agreement with respect to the forum in which they will seek to resolve the disputes that are the subject matter of the Wallace Claim and the State Court Action, and have agreed to enter into this Stipulation to document their agreement.

NOW, THEREFORE, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:

## AGREEMENT

1.     The recitals set forth above are incorporated herein by reference.

2.     The Parties agree that they shall seek to resolve the disputes that are the subject matter of the State Court Action in a non-bankruptcy forum of competent jurisdiction, whether by litigation in the New York State Court, mediation, arbitration, settlement negotiation, or otherwise (the "Non-Bankruptcy Proceeding"). The Parties reserve all of their rights and defenses with respect to the Non-Bankruptcy Proceeding.

3.     The Parties acknowledge and agree that, following the resolution of the State Court Action in the Non-Bankruptcy Proceeding, the Wallace Claim shall be modified on the Claim Register, subject to the following terms:

     a.  in the event that the State Court Action is resolved consensually, as evidenced by a written agreement of the Parties, then the Wallace Claim shall be modified on the Claims Register in such amount as the Parties agree, and shall be Allowed and paid in accordance with the terms of the Plan without further order of the Bankruptcy Court;

     b.  in the event that the State Court Action is resolved by litigation in the New York State Court and final judgment is entered in favor of InsertCo, then the Wallace Claim shall be deemed disallowed and expunged from the Claims Register without further order of the Bankruptcy Court; and

c.  in the event that the State Court Action is resolved by litigation in the New York State Court and final judgment is entered in favor of the Claimant, then the Wallace Claim shall be modified on the Claims Register so that it is liquidated in such amount that the New York State Court awards in judgment provided, however, that the Wallace Claim shall remain subject to objection by InsertCo and allowance by the Bankruptcy Court under applicable bankruptcy law prior to any distribution on account thereof. InsertCo reserves all of its rights and defenses under applicable bankruptcy law with respect to the allowance of the Wallace Claim in such liquidated amount.

4.      The Parties acknowledge and agree that the deadline for the Reorganized Debtors to object to the Wallace Claim in the Bankruptcy Court shall be tolled and extended until the date that is ninety (90) days after the earlier of: (i) the entry of a final judgment by the New York State Court resolving the State Court Action in favor of the Claimant, or (ii) the date the Parties otherwise agree in writing.

5.      This Stipulation constitutes the Parties' entire agreement and supersedes and amends any and all agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof and, except as otherwise expressly provided herein. This Stipulation is not intended to confer upon any other person any rights or remedies hereunder.

6.      The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

7.      This Stipulation may be executed in counterparts, all of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

8.      This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to principles of conflict of laws.

4

9.      This Stipulation may not be amended without the express written consent of all Parties hereto.

10.     The Parties acknowledge that they have each participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either of the Parties on account of such drafting.

11.     The Bankruptcy Court shall retain jurisdiction over any and all disputes or other matters arising under or otherwise relating to this Stipulation.

12.     All contentions made in this Stipulation are made in furtherance of a proposed settlement and neither of the Parties admit or concede the validity of any of claims or defenses and nothing herein shall be deemed an admission of fact or law.

[Signature Page Follows]

5

STIPULATED AND CONSENTED TO AS OF _____, 2013 BY:

BRUNO GERBINO & SORIANO LLP          SACCO & FILLAS, LLP

By: _____            By: _____
Vincent F. Gerbino                   Name: _____
445 Broad Hollow Rd                  3119 Newtown Avenue
Melville, NY 11747                   Astoria, NY 11357
Telephone: (631) 390-0010 Ext. 110   Telephone: (718) 746-3440

ATTORNEY FOR TRIBUNE 365, LLC, AS    ATTORNEY FOR CURTIS WALLACE
SUCCESSOR-IN-INTEREST TO INSERTCO,
INC.



# BRUNO, GERBINO & SORIANO, LLP

COUNSELLORS AT LAW

VINCENT F. GERBINO
PARTNER
VGERBINO@BGSLAW-NY.COM
EXT. 110
ADMITTED IN NY AND NJ

NEW YORK:
TELEPHONE (631) 390-0010
FACSIMILE (631) 393-5497

NEW JERSEY:
TELEPHONE (201) 995-1394
FACSIMILE (201) 995-1398

October 1, 2013

## SECOND REQUEST

Sacco & Fillas, LLP
3119 Newtown Avenue
Astoria, New York 11102

   Re: **Curtis Wallace v. SITMA Machinery, S.p.A. and Insertco, Inc.**
     **Claim No.: 10-105-108448**
     **Date of Loss: 6/19/05**
     **Index No: 16909/08**
     **BG&S File: 05-3137**

Dear Mr. Sacco:

  Enclosed herewith please find a copy of a proposed stipulation to lift the automatic stay in the Tribune bankruptcy proceeding and proceed forward with the above litigation.

  As you may recall, the above matter was stayed pending the Tribune bankruptcy proceeding. In order to proceed with the above litigation, the automatic stay imposed by the bankruptcy proceeding must be lifted. To that end, we have obtained a stipulation from Tribune's bankruptcy counsel, Sidney Austin LLP, wherein the parties agree to lift the automatic stay and to liquidate any recovery by plaintiff according to the bankruptcy plan entered on July 23, 2012.

  Please review same, and advise. If you have any questions or concerns, we can schedule a conference call between your office, Sidney Austin, LLP, and ourselves to discuss this matter further.

           Very truly yours,

           Vincent F. Gerbino

VFG/ks
Enclosure
577687

445 BROAD HOLLOW ROAD ● SUITE 220 ● MELVILLE ● NEW YORK 11747
70 HILLTOP ROAD ● SUITE 1005 ● RAMSEY ● NEW JERSEY 07446

Page 2

cc:     Jillian K. Ludwig
        Sidley Austin LLP



# BRUNO, GERBINO & SORIANO, LLP

COUNSELLORS AT LAW

VINCENT F. GERBINO
PARTNER
VGERBINO@BGSLAW-NY.COM
EXT. 110
ADMITTED IN NY AND NJ

NEW YORK:
TELEPHONE (631) 390-0010
FACSIMILE (631) 393-5497

NEW JERSEY:
TELEPHONE (201) 995-1394
FACSIMILE (201) 995-1398

November 15, 2013

## THIRD REQUEST

Sacco & Fillas, LLP
31-19 Newtown Avenue, 7th Floor
Astoria, New York 11102

Re:    **Curtis Wallace v. SITMA Machinery, S.p.A. and Insertco, Inc.**
       **Claim No.: 10-105-108448**
       **Date of Loss: 6/19/05**
       **Index No: 16909/08**
       **BG&S File: 05-3137**

Dear Mr. Sacco:

Please accept this as our third attempt to have you review and execute a proposed stipulation to lift the bankruptcy stay and proceed to liquidate this matter in state court.

A copy of the proposed stipulation prepared by Sidley Austin LLP, bankruptcy counsel for Tribune Company, is attached hereto for your review.

As you may recall, the above matter was stayed pending the Tribune bankruptcy proceeding which encompassed a subsidiary company, Insertco, Inc. In order to proceed, you must acknowledge to the bankruptcy court that this matter can be liquidated pursuant to the approved bankruptcy plan and the stay lifted so that the matter can proceed to liquidation under the state court jurisdiction.

Please feel free to contact the undersigned to discuss this in greater detail and we could also include discussions with counsel for Sidley Austin LLP so they could better explain the bankruptcy

Page 2

issues associated with this matter.

Thank you for your attention herein.

Very truly yours,

Vincent F. Gerbino

VFG/ks
611680

cc:    DeCicco, Gibbons & McNamara, P.C.
14 East 38th Street, Floor 5
New York, NY 10016
Attn: Patrick J. Rooney

Sidley Austin LLP
Jillian K. Ludwig (via email)

BRUNO, GERBINO & SORIANO, LLP