IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Case No. 08-13141(KJC) |
| | ) | (Jointly Administered) |
| | ) | |
| TRIBUNE COMPANY, et al., | ) | Chapter 11 |
| | ) | Courtroom 5 |
| | ) | 824 Market Street |
| Debtors. | ) | Wilmington, Delaware |
| | ) | |
| | ) | May 20, 2014 |
| | ) | 1:30 p.m. |

TRANSCRIPT OF TELEPHONIC CONFERERNCE
BEFORE THE HONORABLE JUDGE KEFIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtors:                Sidley Austin, LLP
                            BY: JILLIAN LUDWIG, ESQ
                            (312) 853-7523

                            Cole Schotz Meisel Forman & Leonard
                            BY: J. KATE STICKLES, ESQ.
                            (302)651-2001

ECRO:                       BRANDON MCCARTHY

Transcription Service:      DIAZ DATA SERVICES, LLC
                            331 Schuylkill Street
                            Harrisburg, Pennsylvania 17110
                            (717) 233-6664
                            www.diazdata.com

Proceedings recorded by electronic sound recording;
transcript produced by transcription service

APPEARANCES:
(Continued)

IN PROPRIA PERSONA:        Keith M. Younge, In Pro Per/Pro Se
                           (610) 529-5180

1

1   WILMINGTON, DELAWARE, TUESDAY, MAY 20, 2014, AT 1:31 P.M.

2           THE COURT:  Good afternoon.  This is Judge Carey.

3   We're on the record in the Tribune Company related Chapter

4   11 proceedings; specifically, to address the request of

5   Keith Younge for a continuance of the oral argument

6   scheduled for tomorrow, May 22, with respect to the

7   reorganized debtor's objection to his proof of claim.  I

8   thank the parties for joining me on such short notice.  Mr.

9   Younge, are you on the phone?

10          MR. YOUNGE:  Yes, sir.

11          THE COURT:  All right.  Please explain to me the

12  need for a continuance and when you think you would be next

13  available.

14          MR. YOUNGE:  Sure.  The reason that it came up is

15  I've been attempting to finally -- I'm coming from

16  Philadelphia.  I've been attempting to find legal counsel in

17  Delaware since January/February, and --

18          THE COURT:  Mr. Younge, let me -- Mr. Younge, let

19  me interrupt you for a minute.  You do not need to engage

20  counsel in Delaware.  We do have a rule that requires, in

21  most instances, that local counsel be employed, but this is

22  a claim objection.  And in claim objection hearings, you may

23  bring the counsel of your choice from anywhere.

24          MR. YOUNGE:  Okay.  Well, I did not know that.  I

25  mean, I was told repeatedly, oh, you have to have an

1  attorney that's licensed in Delaware.  So I have been

2  attempting to do that and -- because that's the information

3  that I had and I called countless attorneys in Delaware and

4  apparently they all had some form of conflict with helping

5  me because they -- apparently the whole Tribune bankruptcy

6  had been around for so long that all the local bankruptcy

7  attorneys, at some point, had worked in or on the Tribune

8  case.  So last -- after just trying and trying and trying,

9  last week I was speaking with a gentleman that was actually

10 -- you know, that was more than interested in helping me,

11 but he couldn't because, again, he had the conflict issue.

12 And he said to me, you know, you're going to have a hard

13 time finding someone down there.  Again I did not know that

14 I could have gotten anybody from anywhere.  You know, and he

15 goes, you're going to have a hard time finding somebody down

16 there because so many of the attorneys down here have had

17 some connection with this particular bankruptcy.  I said,

18 yeah, I'm finding that out.  And he goes, okay, what I would

19 do if I were you -- this is Thursday -- he goes, what I

20 would do if I were you, is tomorrow I would call the

21 Bankruptcy Court, okay, and ask them what the procedure is

22 to get an extension, to buy yourself a little bit more time,

23 because I would highly recommend that you do not attend this

24 unrepresented.  And I said, fine, and I got up the next day.

25 I called the Bankruptcy Court.  I explained the same

1    situation to them.  They told me, okay, what you need to do

2    is you need to write a letter to the Judge, explain the same

3    thing that you explained to me, and ask for, you know,

4    whatever you think you would need, 30 days, 40 days,

5    whatever.  And I said, fine.  So that's what I did.  I wrote

6    the letter and I sent it in requesting the extension, just

7    so I can find counsel.

8              Now this morning, when I found out that I had to

9    do this, and I really didn't know what any of this was, I

10   had spoken with an attorney last week named Jack Shrum, and

11   you know, had a long conversation, but we hadn't really

12   decided -- we hadn't committed on anything, but he was

13   interested.  So this morning, just because I did not know

14   what this was going to involve, I called him to tell him, I

15   have to do this phone conference, and I really don't know

16   what it is.  And after talking to him, he goes, all right.

17   I'll tell you what, I will definitely represent you.  I will

18   try to join you in the phone conference, if I can, to

19   explain to the Judge that I am now representing you in this

20   case, and that I need just, you know, maybe 30 days to get

21   myself up to speed, and I will request that we could do

22   that.  So he goes, if for some reason I do not join the

23   conversation, it's just because I simply -- I didn't have

24   enough time to get it done.  Explain to the Judge I am now

25   on board with you, and that we will -- we would like the

1  opportunity to get together and work through this so that we

2  can reach some conclusion as quickly as possible.

3           So that's where I am right now.  And that's what

4  I'm requesting, and I appreciate your time.

5           THE COURT:  Mr. Younge, I have a couple

6  questions.  Where are you living now?

7           MR. YOUNGE:  Philadelphia.

8           THE COURT:  Okay.  And are you employed?

9           MR. YOUNGE:  Not at the moment, no, sir.

10          THE COURT:  Okay.  Now the other thing I wanted

11  to, before we deal with the continuance issue, is that you

12  understand what -- at least as an initial argument the

13  debtors are making here.  They're saying that there are no

14  disputed material facts.  So therefore, Judge, there's no

15  need presently for an evidentiary hearing, but you can

16  decide our objection based on the law alone.  And what was

17  scheduled for tomorrow was an oral argument.  And I just

18  wanted to make sure that you understood that, and whether

19  you had any questions about how we would be proceeding.

20          MR. YOUNGE:  Yes, sir.  Absolutely, I absolutely

21  do.  I mean I never had any kind of dealings -- any kind of

22  legal dealings ever in my life, so I'm a fish out of water.

23  I don't understand any of this.  That's one of the reasons

24  why I was desperately trying to find someone that would help

25  me, and help represent me in this situation.  There's been

1  an ongoing thing that I would really -- I really would like,

2  on some level -- or on every level, to just put to bed, but

3  I also want to be represented fairly.  And I had a lot of

4  concerns about walking into anywhere like that really not

5  knowing anything, you know.  And fortunately, when I spoke

6  to Jack this morning, we had spoken prior to this, and he

7  asked -- he's looked at the case on line, and we've had

8  discussions.  He believes that he has the ability, whether

9  it was tomorrow or moving forward, that he could represent

10  me in a fair way to, you know, to get closure on this and

11  move forward.  So I really don't know the particulars of

12  what was -- what we were going to do, but I wanted to make

13  sure that I was protected and prepared to do so no matter

14  what it was, because I don't know.

15          THE COURT:  Mr. Younge, I'll leave this with you.

16  The Court, while it can give you accommodations because at

17  least at the moment, you're representing yourself,

18  ultimately the Court is not in a position to substitute as

19  your counsel.  Now you do have the right, as you know, to

20  represent yourself, but I probably -- well, you can

21  represent yourself, but as you now explained to me you know

22  very little about the process, which is certainly

23  understandable, it may be that you're better off trying to

24  engage an attorney.

25          MR. YOUNGE:  Yes.

1          THE COURT:  Okay.  Let me turn to the debtor at

2   this point, and ask if there's opposition to the request for

3   a continuance.

4          MS. LUDWIG:  Good afternoon, Your Honor.

5          MS. STICKLES:  Your Honor --

6          MS. LUDWIG:  Sorry, Kate.  Go ahead.

7          MS. STICKLES:  Go ahead.

8          MS. LUDWIG:  Hi, Your Honor.  This is Jill Ludwig

9   of Sidley Austin, representing Tribune Company in this

10  matter.  With the explanation -- additional explanation

11  provided by Mr. Younge today, we have no opposition to an

12  extension.

13         THE COURT:  Okay.  I look at the calendar and I

14  see that there are two Omnibus hearings coming up; one on

15  July 15th, which is less than 30 days away, none in August,

16  and the next is September 23rd.  So my thought would be to

17  suggest to the parties that we move this to September 23rd.

18  Does that cause any heartburn either for you, Mr. Younge or

19  for the debtor, Ms. Ludwig?

20         MR. YOUNGE:  No, but as -- you know, I mean as

21  far as, like I said, now that Mr. Shrum is going to be on

22  board with me, I'm sure, I would assume the more time we had

23  the better.  I don't -- I just -- first of all, I appreciate

24  you doing this, and I also appreciate Ms. Ludwig for being

25  so accommodating.  This was not, by any means, on my part,

1  an attempt to delay anything.  I just wanted to be fairly

2  represented, as I said.

3          THE COURT:  All right.

4          MS. LUDWIG:  Well, Your Honor, the July 15

5  hearing is eight weeks away.  We would be willing to do it

6  in July.

7          THE COURT:  I'm sorry, I was thinking June.

8  Forgive me.  I was thinking June, not July.

9          MR. YOUNGE:  I didn't want to say it.

10          THE COURT:  Well --

11          MS. LUDWIG:  If Your Honor would be willing to

12  have us heard at the July 15 Omnibus hearing, that would be

13  the debtor's preference, but we obviously defer to the

14  Court.

15          THE COURT:  No, that would be my preference, too,

16  and I simply looked at the calendar and I saw June, not

17  July, but it is July.  The Debtor is right.  I'd prefer to

18  do it sooner rather than later, but it seems to me, Mr.

19  Younge, that would give you ample time to do what you need

20  to do.

21          MR. YOUNGE:  Yes, and I assumed that you might've

22  made a mistake, but I wasn't certain.  I don't think -- I've

23  spoken to Mr. Shrum, I think that's like what, eight weeks?

24  I think that's ample time for he and I, as well, to work

25  through our situation as well.  I don't have a problem with

1  that.

2          THE COURT:  That's July 15 at 11:00.  Now, Ms.

3  Ludwig, I'll ask you to prepare a form of order that grants

4  this request for a continuance and resets the hearing for

5  July 15th at 11:00.  Now, Mr. Younge, I do expect you to

6  appear at that time to make your argument --

7          MR. YOUNGE:

8          THE COURT:  -- and as I pointed out to you, it's

9  scheduled for an argument.  If for any reason your lawyer

10  thinks that's not the way to approach this, he needs to

11  address that with Ms. Ludwig, and then the parties, if they

12  have a disagreement, need to get to the Court.  That's not.

13          MR. YOUNGE:  Yes, sir.

14          THE COURT:  That's not a suggestion that what the

15  debtor has proposed here is not correct.  I'm simply saying

16  the nature of the hearing or what's to be the nature of the

17  proceeding is important, and that is whether it's just an

18  argument on the law or whether evidence is to be taken.  The

19  debtor here says there's no evidence that's in dispute, and

20  so, Judge, you can decide this based upon arguments of law.

21  And you should pass that along to your attorney.

22          MR. YOUNGE:  Yes, sir.

23          THE COURT:  Okay.  Mr. Younge --

24          MR. YOUNGE:  I will have -- at the -- I'm sorry.

25          THE COURT:  You note in your letter also that you

1  are a cardiac patient, but --

2            MR. YOUNGE:  Yes, sir.

3            THE COURT:  -- and it limits how much you can do.

4  I take it that this will pose no bar to your coming and

5  making any argument.

6            MR. YOUNGE:  No, I mean it's -- I certainly see

7  that at the moment.  Sometimes there are times with my

8  illness that I've been very sick.  I can't really predict

9  that, but as of the moment, and I'm going to say that, you

10  know, eight weeks from now, I'm not anticipating having a

11  problem, but I didn't anticipate having two heart attacks

12  either.  So I assume that I'm going to be fine.

13            THE COURT:  Okay.  And just so that you know, as

14  a matter of practice, when parties request continuances for

15  health reasons, I do typically require written evidence of

16  that from a physician.

17            MR. YOUNGE:  Not a problem.

18            THE COURT:  All right.  Are there any questions

19  either Mr. Younge or Ms. Ludwig?

20            MS. LUDWIG:  No, Your Honor.

21            THE COURT:  All right.

22            MR. YOUNGE:  No, I just want to tell Ms. Ludwig

23  that Mr. Shrum said at his earliest convenience he will

24  contact her directly.

25            THE COURT:  Very well.

1        MS. LUDWIG:  Thank you.

2        THE COURT:  Thank you all very much for joining

3   me.  That concludes this hearing.  Court will stand

4   adjourned.

5

6    (Whereupon, at 1:45 p.m., the hearing was adjourned.)

7

8                    CERTIFICATION

9        I certify that the foregoing is a correct

10  transcript from the electronic sound recording of the

11  proceedings in the above-entitled matter.

12

13

14  _____        14 JULY 2014
15  Georgianne Sarbaugh,                       Date
16  Transcriptionist CET-445
17  DIAZ DATA SERVICES, LLC

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|
| **08-13141**(kjc) 1:5 | | **bit**(1) 4:22 | | **directly**(1) 11:24 | | **hearing**(7) 6:15 9:5 9:12 10:4 10:16 12:3 |
| **ability**(1) 7:8 | | **board**(2) 5:25 8:22 | | **disagreement**(1) 10:12 | | 12:6 |
| **about**(3) 6:19 7:4 7:22 | | **brandon**(1) 1:33 | | **discussions**(1) 7:8 | | |
| **aboveentitled** (1) 12:11 | | **bring**(1) 3:23 | | **dispute**(1) 10:19 | | **hearings**(2) 3:22 8:14 |
| **absolutely**(2) 6:20 6:20 | | **but**(17) 3:21 4:11 5:11 5:12 6:15 7:2 7:12 | | **disputed**(1) 6:14 | | **heart**(1) 11:11 |
| **accommodating**(1) 8:25 | | 7:20 7:21 8:20 9:13 9:17 9:18 9:22 11:1 | | **district**(1) 1:2 | | **heartburn**(1) 8:18 |
| **accommodations**(1) 7:16 | | 11:9 11:11 | | **does**(1) 8:18 | | **help**(2) 6:24 6:25 |
| **actually**(1) 4:9 | | | | **doing**(1) 8:24 | | **helping**(2) 4:4 4:10 |
| **additional**(1) 8:10 | | **buy**(1) 4:22 | | **done**(1) 5:24 | | **her**(1) 11:24 |
| **address**(2) 3:4 10:11 | | | | **don't**(7) 5:15 6:23 7:11 7:14 8:23 9:22 | | **here**(4) 4:16 6:13 10:15 10:19 |
| **adjourned**(2) 12:4 12:6 | | **calendar**(2) 8:13 9:16 | | **down**(3) 4:13 4:15 4:16 | | **he's**(1) 7:7 |
| **administered**(1) 1:6 | | **call**(1) 4:20 | | **earliest**(1) 11:23 | | **highly**(1) 4:23 |
| **after**(2) 4:8 5:16 | | **called**(3) 4:3 4:25 5:14 | | **ecro**(1) 1:33 | | **him**(3) 5:14 5:14 5:16 |
| **afternoon**(2) 3:2 8:4 | | **came**(1) 3:14 | | **eight**(3) 9:5 9:23 11:10 | | **his**(2) 3:7 11:23 |
| **again**(2) 4:11 4:13 | | **can**(8) 5:7 5:18 6:2 6:15 7:16 7:20 10:20 | | **either**(3) 8:18 11:12 11:19 | | **honor**(6) 8:4 8:5 8:8 9:4 9:11 11:20 |
| **ahead**(2) 8:6 8:7 | | 11:3 | | **electronic**(1) 1:41 12:10 | | **honorable**(1) 1:19 |
| **all**(9) 3:11 4:4 4:6 5:16 8:23 9:3 11:18 | | | | **employed**(2) 3:21 6:8 | | **how**(2) 6:19 11:3 |
| 11:21 12:2 | | **can't**(1) 11:8 | | **enaged**(2) 3:19 7:24 | | **illness**(1) 11:8 |
| | | **cardiac**(1) 11:1 | | **enough**(1) 5:24 | | **important**(1) 10:17 |
| **alone**(1) 6:16 | | **carey**(2) 1:19 3:2 | | **ever**(1) 6:22 | | **information**(1) 4:2 |
| **along**(1) 10:21 | | **case**(4) 1:5 4:8 5:20 7:7 | | **every**(1) 7:2 | | **initial**(1) 6:12 |
| **also**(3) 7:3 8:24 10:25 | | **cause**(1) 8:18 | | **evidence**(3) 10:18 10:19 11:15 | | **instances**(1) 3:21 |
| **ample**(2) 9:19 9:24 | | **certain**(1) 9:22 | | **evidentiary**(1) 6:15 | | **interested**(2) 4:10 5:13 |
| **and**(56) 3:12 3:17 3:22 4:2 4:3 4:3 4:8 | | **certainly**(2) 7:22 11:6 | | **expect**(1) 10:5 | | **interrupt**(1) 3:19 |
| 4:8 4:12 4:14 4:18 4:21 4:24 4:24 5:5 5:5 | | **certification**(1) 12:8 | | **explain**(4) 3:11 5:2 5:19 5:24 | | **into**(1) 7:4 |
| 5:6 5:9 5:10 5:15 5:16 5:20 5:21 5:25 | | **certify**(1) 12:9 | | **explained**(3) 4:25 5:3 7:21 | | **involve**(1) 5:14 |
| 6:1 6:3 6:4 6:8 6:16 6:17 6:18 6:25 7:3 | | **cet-445**(1) 12:16 | | **explanation**(2) 8:10 8:10 | | **issue**(2) 4:11 6:11 |
| 7:5 7:6 7:7 7:10 7:13 8:2 8:13 8:16 8:24 | | **chapter**(2) 1:8 3:3 | | **extension**(3) 4:22 5:6 8:12 | | **it's**(4) 5:23 10:8 10:17 11:6 |
| 9:16 9:16 9:17 9:24 10:4 10:8 10:11 10:17 | | **choice**(1) 3:23 | | | | **i'd**(1) 9:17 |
| 10:19 10:21 11:3 11:4 11:9 11:13 | | **claim**(3) 3:7 3:22 3:22 | | **facts**(1) 6:14 | | **i'll**(3) 5:17 7:15 10:3 |
| | | **closure**(1) 7:10 | | **fair**(1) 7:10 | | **i'm**(11) 3:15 4:18 6:4 6:22 8:22 9:7 10:15 |
| **anticipate**(1) 11:11 | | **cole**(1) 1:29 | | **fairly**(2) 7:3 9:1 | | 10:24 11:9 11:10 11:12 |
| **anticipated**(1) 11:10 | | **coming**(3) 3:15 8:14 11:4 | | **far**(1) 8:21 | | |
| **any**(10) 5:9 6:19 6:21 6:21 6:23 8:18 8:25 | | **committed**(1) 5:12 | | **finally**(1) 3:15 | | **i've**(4) 3:15 3:16 9:22 11:8 |
| 10:9 11:5 11:18 | | **company**(3) 1:8 3:3 8:9 | | **find**(3) 3:16 5:7 6:24 | | **jack**(2) 5:10 7:6 |
| | | **concerns**(1) 7:4 | | **finding**(3) 4:13 4:15 4:18 | | **january/february**(1) 3:17 |
| **anybody**(1) 4:14 | | **concludes**(1) 12:3 | | **fine**(3) 4:24 5:5 11:12 | | **jill**(1) 8:8 |
| **anything**(3) 5:12 7:5 9:1 | | **conclusion**(1) 6:2 | | **first**(1) 8:23 | | **jillian**(1) 1:26 |
| **anywhere**(3) 3:23 4:14 7:4 | | **conference**(2) 5:15 5:18 | | **fish**(1) 6:22 | | **join**(2) 5:18 5:22 |
| **apparently**(2) 4:4 4:5 | | **conferernce**(1) 1:18 | | **for**(23) 1:2 1:25 3:5 3:6 3:8 3:12 3:19 4:6 | | **joining**(2) 3:8 12:2 |
| **appear**(1) 10:6 | | **conflict**(2) 4:4 4:11 | | 5:3 5:22 6:16 6:17 8:2 8:18 8:19 8:24 | | **jointly**(1) 1:6 |
| **appreciate**(3) 6:4 8:23 8:24 | | **connection**(1) 4:17 | | 9:24 10:4 10:4 10:9 10:9 11:14 12:2 | | **judge**(8) 1:19 1:20 3:2 5:2 5:19 5:24 6:14 |
| **approach**(1) 10:10 | | **contact**(1) 11:24 | | | | 10:20 |
| **are**(9) 3:9 6:6 6:8 6:13 6:13 8:14 11:1 | | **continuance**(5) 3:5 3:12 6:11 8:3 10:4 | | **foregoing**(1) 12:9 | | |
| 11:7 11:18 | | **continuances**(1) 11:14 | | **forgive**(1) 9:8 | | **july**(10) 8:15 9:4 9:6 9:8 9:12 9:17 9:17 |
| | | **continued**(1) 2:2 | | **form**(2) 4:4 10:3 | | 10:2 10:5 12:14 |
| **argument**(7) 3:5 6:12 6:17 10:6 10:9 | | **convenience**(1) 11:23 | | **forman**(1) 1:29 | | |
| 10:18 11:5 | | **conversation**(2) 5:11 5:23 | | **fortunately**(1) 7:5 | | **june**(3) 9:7 9:8 9:16 |
| | | **correct**(2) 10:15 12:9 | | **forward**(2) 7:9 7:11 | | **just**(12) 4:8 5:6 5:13 5:20 5:23 6:17 7:2 |
| **arguments**(1) 10:20 | | **could**(3) 4:14 5:21 7:9 | | **found**(1) 5:8 | | 8:23 9:1 10:17 11:13 11:22 |
| **around**(1) 4:6 | | **couldn't**(1) 4:11 | | **from**(6) 3:15 3:23 4:14 11:10 11:16 12:10 | | |
| **ask**(4) 4:21 5:3 8:2 10:3 | | **counsel**(6) 3:16 3:20 3:21 3:23 5:7 7:19 | | | | **kate**(1) 1:30 8:6 |
| **asked**(1) 7:7 | | **countless**(1) 4:3 | | **gentleman**(1) 4:9 | | **kefin**(1) 1:19 |
| **assume**(2) 8:22 11:12 | | **couple**(1) 6:5 | | **georgianne**(1) 12:15 | | **keith**(2) 2:4 3:5 |
| **assumed**(1) 9:21 | | **court**(32) 1:1 3:2 3:11 3:18 4:21 4:25 6:5 | | **get**(6) 4:22 5:20 5:24 6:1 7:10 10:12 | | **kind**(2) 6:21 6:21 |
| **attacks**(1) 11:11 | | 6:8 6:10 7:15 7:16 7:16 8:1 8:13 9:3 9:7 | | **give**(2) 7:16 9:19 | | **know**(20) 3:24 4:10 4:12 4:13 4:14 5:3 | | 
| **attempt**(1) 9:1 | | 9:10 9:14 9:15 10:2 10:8 10:12 10:14 | | **goes**(4) 4:15 4:18 4:19 5:16 5:22 | | 5:9 5:11 5:13 5:15 5:20 7:5 7:10 7:11 |
| **attempting**(3) 3:15 3:16 4:2 | | 10:23 10:25 11:1 11:13 11:18 11:21 11:25 | | **going**(4) 4:12 4:15 5:14 7:12 8:21 11:9 | | 7:14 7:19 7:21 9:24 11:10 11:13 |
| **attend**(1) 4:23 | | 12:2 12:3 | | 11:12 | | |
| **attorney**(4) 4:1 5:10 7:24 10:21 | | | | | | **knowing**(1) 7:5 |
| **attorneys**(3) 4:3 4:7 4:16 | | **courtroom**(1) 1:10 | | **good**(2) 3:2 8:4 | | **last**(3) 4:8 4:9 5:10 |
| **august**(1) 8:15 | | **data**(1) 1:35 | | **got**(1) 4:24 | | **later**(1) 9:18 |
| **austin**(2) 1:25 8:9 | | **date**(1) 12:15 | | **gotten**(1) 4:14 | | **law**(3) 6:16 10:18 10:20 |
| **available**(1) 3:13 | | **day**(1) 4:24 | | **grants**(1) 10:3 | | **lawyer**(1) 10:9 |
| **away**(2) 8:15 9:5 | | **days**(4) 5:4 5:4 5:20 8:15 | | | | **least**(2) 6:12 7:17 |
| **bankruptcy**(7) 1:1 1:20 4:5 4:6 4:17 4:21 | | **deal**(1) 6:11 | | **had**(15) 4:3 4:4 4:6 4:7 4:11 4:16 5:8 | | **leave**(1) 7:15 |
| 4:25 | | **dealings**(2) 6:21 6:22 | | 5:10 5:11 6:9 6:21 7:3 7:6 7:7 8:22 | | **legal**(2) 3:16 6:22 |
| | | **debtor**(5) 8:1 8:19 9:17 10:15 10:19 | | | | **leonard**(1) 1:29 |
| **bar**(1) 11:4 | | **debtors**(3) 1:12 1:25 6:13 | | **hadn't**(2) 5:11 5:12 | | **less**(1) 8:15 |
| **based**(2) 6:16 10:20 | | **debtor's**(2) 3:7 9:13 | | **hard**(2) 4:12 4:15 | | **let**(3) 3:18 3:18 8:1 |
| **because**(9) 4:2 4:5 4:11 4:16 4:23 5:13 | | **decide**(2) 6:16 10:20 | | **harrisburg**(1) 1:37 | | **letter**(3) 5:2 5:6 10:25 |
| 5:23 7:14 7:16 | | **decided**(1) 5:12 | | **has**(2) 7:8 10:15 | | **level**(2) 7:2 7:2 |
| **bed**(1) 7:2 | | **defer**(1) 9:13 | | **have**(17) 3:20 3:25 3:25 4:1 4:12 4:14 | | **licensed**(1) 4:1 |
| **been**(6) 3:15 3:16 4:1 4:6 6:25 11:8 | | **definitely**(1) 5:17 | | 4:15 4:16 4:15 6:5 6:5 6:25 7:19 8:11 9:12 | | **life**(1) 6:22 |
| **before**(2) 1:19 6:11 | | **delaware**(7) 1:2 1:12 3:1 3:17 3:20 4:1 | | 9:25 10:12 10:24 | | **like**(5) 5:25 7:1 7:4 8:21 9:23 |
| **being**(1) 8:24 | | **delay**(1) 9:1 | | | | **limits**(1) 11:3 |
| **believes**(1) 7:8 | | **desperately**(1) 6:24 | | **having**(2) 11:10 11:11 | | **line**(1) 7:7 |
| **better**(2) 7:23 8:23 | | **diaz**(1) 1:35 | | **health**(1) 11:15 | | **little**(2) 4:22 7:22 |
| | | **did**(4) 3:24 4:13 5:5 5:13 | | **heard**(1) 9:12 | | **living**(1) 6:6 |
| | | **didn't**(4) 5:9 5:23 9:9 11:11 | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| llc(1) 1:35 | | phone(3) 3:9 5:15 5:18 | | shrum(4) 5:10 8:21 9:23 11:23 | | through(2) 6:1 9:25 | |
| llp(1) 1:25 | | physician(1) 11:16 | | sick(1) 11:8 | | thursday(1) 4:19 | |
| local(2) 3:21 4:6 | | please(1) 3:11 | | sidley(2) 1:25 8:9 | | time(9) 4:13 4:15 4:22 5:24 6:4 8:22 9:19 | |
| long(2) 4:6 5:11 | | point(2) 4:7 8:2 | | simply(3) 5:23 9:16 10:15 | | 9:24 10:6 | |
| look(1) 8:13 | | pointed(1) 10:8 | | since(1) 3:17 | | times(1) 11:7 | |
| looked(2) 7:7 9:16 | | pose(1) 11:4 | | sir(6) 3:10 6:9 6:20 10:13 10:22 11:2 | | today(1) 8:11 | |
| lot(1) 7:3 | | position(1) 7:18 | | situation(3) 5:1 6:25 9:25 | | together(1) 6:1 | |
| ludwig(15) 1:26 3:4 4:8 8:6 8:8 8:8 8:19 8:24 | | possible(1) 6:2 | | some(6) 4:4 4:4 4:7 4:17 5:22 6:2 7:2 7:2 | | told(2) 3:25 5:1 | |
| 9:4 9:11 10:3 10:11 11:19 11:20 11:22 | | ppearances(1) 1:23 2:1 | | somebody(1) 4:15 | | tomorrow(4) 3:6 4:20 6:17 7:9 | |
| 12:1 | | practice(1) 11:14 | | someone(2) 4:13 6:24 | | too(1) 9:15 | |
| made(1) 9:22 | | predict(1) 11:8 | | sometimes(1) 11:7 | | transcript(3) 1:18 1:42 12:10 | |
| make(3) 6:18 7:12 10:6 | | prefer(1) 9:17 | | sooner(1) 9:18 | | transcription(2) 1:35 1:42 | |
| making(2) 6:13 11:5 | | preference(2) 9:13 9:15 | | sorry(3) 8:6 9:7 10:24 | | transcriptionist(1) 12:16 | |
| many(1) 4:16 | | prepare(1) 10:3 | | sound(1) 1:41 12:10 | | tribune(5) 1:8 3:3 4:3 4:5 4:7 8:9 | |
| market(1) 1:11 | | prepared(1) 7:13 | | speaking(1) 4:9 | | try(1) 5:18 | |
| material(1) 6:14 | | presently(1) 6:15 | | specifically(1) 3:4 | | trying(5) 4:8 4:8 4:8 6:24 7:23 | |
| matter(4) 7:13 8:10 11:14 12:11 | | prior(1) 7:6 | | speed(1) 5:21 | | tuesday(1) 3:1 | |
| may(5) 1:14 3:1 3:6 3:22 7:23 | | pro(1) 2:4 | | spoke(1) 7:5 | | turn(1) 8:1 | |
| maybe(1) 5:20 | | probably(1) 7:20 | | spoken(3) 5:10 7:6 9:23 | | two(2) 8:14 11:11 | |
| mccarthy(1) 1:33 | | problem(3) 9:25 11:11 11:17 | | stand(1) 12:3 | | typically(1) 11:15 | |
| mean(4) 3:25 6:21 8:20 11:6 | | procedure(1) 4:21 | | states(2) 1:1 1:20 | | ultimately(1) 7:18 | |
| means(1) 8:25 | | proceeding(2) 6:19 10:17 | | stickles(3) 1:30 8:5 8:7 | | understand(2) 6:12 6:23 | |
| meisel(1) 1:29 | | proceedings(3) 1:41 3:4 12:11 | | street(2) 1:11 1:36 | | understandable(1) 7:23 | |
| might've(1) 9:21 | | process(1) 7:22 | | substitute(1) 7:18 | | understood(1) 6:18 | |
| minute(1) 3:19 | | produced(1) 1:42 | | such(1) 3:8 | | united(2) 1:1 1:20 | |
| mistake(1) 9:22 | | proof(1) 3:7 | | suggest(1) 8:17 | | unrepresented(1) 4:24 | |
| moment(4) 6:9 7:17 11:7 11:9 | | proposed(1) 10:15 | | suggestion(1) 10:14 | | upon(1) 10:20 | |
| more(3) 4:10 4:22 8:22 | | propria(1) 2:4 | | sure(4) 3:14 6:18 7:13 8:22 | | | |
| morning(3) 5:8 5:13 7:6 | | protected(1) 7:13 | | | | very(4) 7:22 11:8 11:25 12:2 | |
| most(1) 3:21 | | provided(1) 8:11 | | take(1) 11:4 | | walking(1) 7:4 | |
| move(2) 7:11 8:17 | | put(1) 7:2 | | taken(1) 10:18 | | want(3) 7:3 9:9 11:22 | |
| moving(1) 7:9 | | | | talking(1) 5:16 | | wanted(4) 6:10 6:18 7:12 9:1 | |
| much(2) 11:3 12:2 | | questions(3) 6:6 6:19 11:18 | | telephonic(1) 1:18 | | was(18) 3:25 4:9 4:9 4:10 5:9 5:12 5:14 | |
| myself(1) 5:21 | | quickly(1) 6:2 | | tell(5) 5:14 5:17 11:22 | | 6:16 6:17 6:24 7:9 7:12 7:13 7:14 8:25 | |
| | | | | telling(1) 5:17 | | 9:7 9:8 12:6 | |
| named(1) 5:10 | | rather(1) 9:18 | | thank(3) 3:8 12:1 12:2 | | wasn't(1) 9:22 | |
| nature(2) 10:16 10:16 | | reach(1) 6:2 | | that(58) 3:14 3:20 3:21 3:24 4:2 4:3 4:6 | | water(1) 6:22 | |
| need(9) 3:12 3:19 5:1 5:2 5:4 5:20 6:15 | | really(8) 5:9 5:11 5:15 7:1 7:1 7:4 7:11 | | 4:9 4:10 4:14 4:18 4:23 5:3 5:8 5:19 5:20 | | way(2) 7:10 10:10 | |
| 9:19 10:12 | | 11:8 | | 5:21 5:22 5:25 6:1 6:11 6:13 6:18 6:18 | | week(2) 4:9 5:10 | |
| needs(1) 10:10 | | | | 6:24 7:1 7:4 7:8 7:9 7:15 7:23 8:14 8:17 | | weeks(3) 9:5 9:23 11:10 | |
| never(1) 6:21 | | reason(3) 3:14 5:22 10:9 | | 8:18 8:21 9:12 9:15 9:19 9:21 10:1 10:3 | | well(7) 3:24 7:20 9:4 9:10 9:24 9:25 11:25 | |
| next(3) 3:12 4:24 8:16 | | reasons(2) 6:23 11:15 | | 10:6 10:11 10:14 10:17 10:25 11:4 | | were(3) 4:19 4:20 7:12 | |
| none(1) 8:15 | | recommend(1) 4:23 | | 11:7 11:8 11:9 11:12 11:13 11:16 | | we're(1) 3:3 | |
| not(18) 3:19 3:24 4:13 4:23 5:13 5:22 6:9 | | record(1) 3:3 | | 11:23 12:3 12:9 | | we've(1) 7:7 | |
| 7:4 7:18 8:25 9:8 9:16 10:10 10:12 10:14 | | recorded(1) 1:41 | | | | what(18) 4:18 4:19 4:21 5:1 5:5 5:9 5:14 | |
| 10:15 11:10 11:17 | | recording(2) 1:41 12:10 | | that's(13) 4:1 4:2 5:5 6:3 6:3 6:23 9:23 | | 5:16 5:17 6:3 6:12 6:16 7:12 7:12 7:14 | |
| note(1) 10:25 | | related(1) 3:3 | | 9:24 10:2 10:10 10:12 10:14 10:19 | | 9:19 9:23 10:14 | |
| notice(1) 3:8 | | reorganized(1) 3:7 | | | | whatever(2) 5:4 5:5 | |
| now(12) 5:8 5:19 5:24 6:3 6:6 6:10 7:19 | | repeatedly(1) 3:25 | | the(105) 1:1 1:2 1:19 3:2 3:3 3:3 3:4 3:5 | | what's(1) 10:16 | |
| 7:21 8:21 10:2 10:5 11:10 | | represent(5) 5:17 6:25 7:9 7:20 7:21 | | 3:6 3:8 3:9 3:11 3:11 3:14 3:18 3:23 4:2 | | when(4) 3:12 5:8 7:5 11:14 | |
| | | represented(1) 7:3 9:2 | | 4:5 4:6 4:7 4:11 4:16 4:20 4:21 4:24 4:25 | | where(2) 6:3 6:6 | |
| objection(4) 3:7 3:22 3:22 6:16 | | representing(3) 5:19 7:17 8:9 | | 4:25 5:2 5:2 5:6 5:6 5:18 5:19 5:22 5:24 | | whereupon(1) 12:6 | |
| obviously(1) 9:13 | | request(5) 3:4 5:21 8:2 10:4 11:14 | | 5:25 6:5 6:8 6:9 6:10 6:10 6:11 6:12 6:16 | | whether(4) 6:18 7:8 10:17 10:18 | |
| off(1) 7:23 | | requesting(2) 5:6 6:4 | | 6:23 7:7 7:8 7:11 7:15 7:16 7:17 7:18 | | which(2) 7:22 8:15 | |
| okay(10) 3:24 4:18 4:21 5:1 6:8 6:10 8:1 | | require(1) 11:15 | | 7:19 7:22 8:1 8:1 8:2 8:10 8:13 8:13 8:16 | | while(1) 7:16 | |
| 8:13 10:21 11:13 | | requires(1) 3:20 | | 8:17 8:19 8:22 8:23 9:3 9:4 9:7 9:10 | | whole(1) 4:5 | |
| | | resets(1) 10:4 | | 9:12 9:13 9:13 9:15 9:16 9:17 10:2 10:4 | | why(1) 6:24 | |
| omnibus(2) 8:14 9:12 | | respect(1) 3:6 | | 10:8 10:10 10:11 10:12 10:14 10:16 | | will(8) 5:17 5:17 5:21 5:25 10:24 11:4 | |
| one(2) 6:23 8:14 | | right(8) 3:11 5:16 6:3 7:19 9:3 9:17 11:18 | | 10:16 10:16 10:18 10:18 10:18 10:23 | | 11:23 12:3 | |
| ongoing(1) 7:1 | | 11:21 | | 10:24 10:25 11:3 11:7 11:9 11:13 11:18 | | | |
| opportunity(1) 6:1 | | | | 11:21 11:25 12:2 12:6 12:9 12:10 12:10 | | willing(2) 9:5 9:11 | |
| opposition(2) 8:2 8:11 | | rule(1) 3:20 | | 12:11 | | wilmington(2) 1:12 3:1 | |
| oral(2) 3:5 6:17 | | | | | | with(13) 3:6 4:4 4:9 4:17 5:10 5:25 6:11 | |
| order(1) 10:3 | | said(7) 4:12 4:17 4:24 5:5 8:21 9:2 11:23 | | them(2) 4:21 5:1 | | 7:15 8:10 8:22 9:25 10:11 11:7 | |
| other(1) 6:10 | | same(2) 4:25 5:2 | | then(1) 10:11 | | | |
| our(2) 6:16 9:25 | | sarbaugh(1) 12:15 | | there(6) 4:13 4:16 6:13 8:14 11:7 11:18 | | work(2) 6:1 9:24 | |
| out(4) 4:18 5:8 6:22 10:8 | | saw(1) 9:16 | | therefore(1) 6:14 | | worked(1) 4:7 | |
| | | say(2) 9:9 11:9 | | there's(4) 6:14 6:25 8:2 10:19 | | would(18) 3:12 4:18 4:20 4:20 4:23 5:4 | |
| p.m(3) 1:15 3:1 12:6 | | saying(2) 6:13 10:15 | | they(4) 4:4 4:5 5:1 10:11 | | 5:25 6:19 6:24 7:1 7:1 8:16 8:22 9:5 9:11 | |
| part(1) 8:25 | | says(1) 10:19 | | they're(1) 6:13 | | 9:12 9:15 9:19 9:19 | |
| particular(1) 4:17 | | scheduled(3) 3:6 6:17 10:9 | | thing(1) 5:3 6:10 7:1 | | | |
| particulars(1) 7:11 | | schotz(1) 1:29 | | think(5) 3:12 5:4 9:22 9:23 9:24 | | write(1) 5:2 | |
| parties(4) 3:8 8:17 10:11 11:14 | | schuylkill(1) 1:36 | | thinking(2) 9:7 9:8 | | written(1) 11:15 | |
| pass(1) 10:21 | | see(2) 8:14 11:6 | | thinks(1) 10:10 | | wrote(1) 5:5 | |
| patient(1) 11:1 | | seems(1) 9:18 | | this(30) 3:2 3:21 4:17 4:19 4:23 5:8 5:9 | | www.diazdata.com(1) 1:39 | |
| pennsylvania(1) 1:37 | | sent(1) 5:6 | | 5:9 5:13 5:14 5:15 5:19 6:1 6:23 6:25 7:6 | | yeah(1) 4:18 | |
| per/pro(1) 2:4 | | september(2) 8:16 8:17 | | 7:6 7:10 7:15 8:2 8:8 8:9 8:17 8:24 8:25 | | | |
| persona(1) 2:4 | | service(2) 1:35 1:42 | | 10:4 10:10 10:20 11:4 12:3 | | | |
| philadelphia(2) 3:16 6:7 | | services(1) 1:35 | | | | | |
| | | short(1) 3:8 | | thought(1) 8:16 | | | |
| | | should(1) 10:21 | | | | | |

| Word | Page:Line |
|---|---|

**yes**(7) 3:10  6:20  7:25  9:21  10:13  10:22
11:2

**you**(59) 3:9  3:12  3:12  3:19  3:19  3:22  3:25
4:10  4:12  4:14  4:19  4:20  4:23  5:1  5:2
5:3  5:3  5:4  5:4  5:11  5:17  5:17  5:18  5:19
5:20  5:25  6:6  6:8  6:11  6:15  6:18  6:19  7:5
7:10  7:15  7:16  7:19  7:19  7:20  7:21  7:21
8:18  8:20  8:24  9:19  9:19  9:21  10:3  10:5
10:8  10:20  10:21  10:25  10:25  11:3  11:9
11:13  12:1  12:2

**younge**(31) 2:4  3:5  3:9  3:10  3:14  3:18
3:18  3:24  6:5  6:7  6:9  6:20  7:15  7:25  8:11
8:18  8:20  9:9  9:19  9:21  10:5  10:7  10:13
10:22  10:23  10:24  11:2  11:6  11:17  11:19
11:22
**your**(14) 3:23  6:4  7:19  8:4  8:5  8:8  9:4
9:11  10:6  10:9  10:21  10:25  11:4  11:20

**yourself**(4) 4:22  7:17  7:20  7:21
**you're**(4) 4:12  4:15  7:17  7:23