## EXHIBIT B

**Dansart Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

## DECLARATION OF KEVIN J. DANSART IN SUPPORT OF REORGANIZED DEBTORS' SEVENTY-SECOND OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS

I, Kevin J. Dansart, declare as follows:

1. I am Director, Benefits Administration of Tribune Company, one of the reorganized debtors in the above-captioned chapter 11 cases (collectively, the "Reorganized Debtors"), and the ultimate parent of the other Reorganized Debtors. In this position, I am responsible for the implementation, management, and oversight of the Reorganized Debtors' employment-related benefits policies and programs.

2. I have read the Reorganized Debtors' Seventy-Second Omnibus (Substantive) Objection to Claims Pursuant to Sections 502(b) and 558 of the Bankruptcy Code,

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-10812322V1

Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 (the "Objection")[2] and am directly, or by and through the Reorganized Debtors' personnel and advisors, familiar with the information contained therein and in Exhibit A attached thereto. I am authorized to submit this declaration (the "Declaration") in support of the Objection.

3. All matters set forth in this Declaration are based on: (a) my personal knowledge, (b) my review of relevant documents, (c) my view, based on my experience and knowledge of the Debtors' former and Reorganized Debtors' current operations and personnel, (d) information supplied to me by others at the Reorganized Debtors' request, or (e) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance on the advice of counsel or other advisors to the Reorganized Debtors. If called upon to testify, I could and would testify competently to the facts set forth herein.

4. Considerable time and resources have been expended to review and reconcile the proofs of claim (the "Proofs of Claim") filed against the Debtors in these chapter 11 cases. Upon review of the Proofs of Claim filed in these chapter 11 cases and supporting documentation attached thereto, the Reorganized Debtors have determined that the Hurt Claim and the Spano Claim listed on Exhibit A to the Objection and to the proposed form of order are not properly asserted pursuant to section 502(b) and 558 of the Bankruptcy Code, Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure, Local Rule 3007-1, and applicable orders of the Bankruptcy Court.

### A. Claim No. 1575 of Albert L. Hurt

5. The Reorganized Debtors have reviewed their books and records pertaining to the Tribune Company 401(k) Savings Plan and have confirmed that the single-page document appended to the Hurt Claim, setting forth a summary of account activity from January

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Objection.

1, 2004 through December 31, 2004 for a "401(k) Savings Plan Account" (see Ex. C to the Objection), is consistent with the account statements sent by their third-party benefits administrator to participants in the Tribune Company 401(k) Savings Plan; however, no identifying information for Mr. Hurt is included on this account statement and the Reorganized Debtors were not able to verify its authenticity.

6. The Reorganized Debtors have received no response from Mr. Hurt to the December 2013 Letter regarding the Hurt Claim.

### B. Claim No. 2736 of John Spano

7. Mr. Spano was a former employee of Los Angeles Times Communications LLC (the "Times"), publisher of the Los Angeles Times newspaper. Mr. Spano was hired on or about October 10, 1983 and voluntarily separated from the Times on or about March 28, 2008.

8. The Reorganized Debtors have determined that, based on the apparent subject matter of the claim, Tribune is the only entity against which the Spano Claim could plausibly be asserted.

9. GreatBanc Trust Inc. is not a predecessor of, or otherwise affiliated with, Tribune. GreatBanc was trustee of the Tribune Employee Stock Ownership Trust, which was formed as a part of the Leveraged ESOP Transactions.

10. Given the dates of Mr. Spano's employment (i.e., 1983 through 2008), the Reorganized Debtors have assumed that the "ESOP" referred to in the Spano Claim may be the Times Mirror Employee Stock Ownership Plan, but that plan was not in existence in 2007. Mr. Spano was never a participant in the Tribune Employee Stock Ownership Plan, which was formed as a part of the Leveraged ESOP Transactions in 2007.

3

4

11. For all of the reasons stated in the Objection, the Reorganized Debtors believe, and I agree, that the Hurt Claim and the Spano Claim should each be disallowed and expunged.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17 day of July 2014.

_____
By: Kevin J. Dansart