```
            IN THE UNITED STATES BANKRUPTCY COURT
                  FOR THE DISTRICT OF DELAWARE


IN RE:                          )   Case No. 08-13141(KJC)
                                )   (Jointly Administered)
                                )
TRIBUNE COMPANY, et al.,        )   Chapter 11
                                )
                                )   Courtroom 5
                                )   824 Market Street
        Debtors.                )   Wilmington, Delaware
                                )
                                )   Tuesday, July 15, 2014
                                )   11:00 a.m.


                   TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE JUDGE KEVIN J. CAREY
                UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Tribune Company:      Sidley Austin, LLP
                          BY: JILLIAN LUDWIG, ESQ.
                          One South Dearborn
                          Chicago, IL  60603
                          (312) 853-7000

                          Cole Schotz Meisel Forman & Leonard
                          BY: KATE STICKLES, ESQ.
                          500 Delaware Avenue, Ste. 1410
                          Wilmington, DE  19801
                          (302) 652-1313

For Keith Younge:         Werb & Sullivan
                          BY: J. JACKSON SHRUM, ESQ.
                          300 Delaware Avenue, Ste. 1300
                          Wilmington, DE  19801
                          (302) 652-1100

ECRO:                     STEPHEN GRANT

Transcription Service:    DIAZ DATA SERVICES
                          331 Schuylkill Street
                          Harrisburg, Pennsylvania 17110
                          (717) 233-6664

Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

| | |
|---|---|
| 1 | WILMINGTON, DELAWARE, TUESDAY, JULY 15, 2014, 11:01 A.M. |
| 2 | THE COURT:  Good morning. |
| 3 | MS. STICKLES:  Good morning, Your Honor, it's |
| 4 | Kate Stickles of Cole Schotz, on behalf of the reorganized |
| 5 | Debtors.  Also appearing this morning on behalf of the |
| 6 | reorganized Debtors is Jillian Ludwig of Sidley Austin, LLP. |
| 7 | Your Honor, there were two matters scheduled for |
| 8 | hearing this morning.  The first matter, the Court entered |
| 9 | an order on agenda item one, which was the objection of the |
| 10 | Wallace claim.  Item two is the oral argument on the |
| 11 | objection to the claim of Mr. Younge.  The reorganized |
| 12 | Debtors are ready to proceed with oral argument this |
| 13 | morning.  We do understand that Mr. Younge's counsel has |
| 14 | sent a letter to the Court requesting a continuance of that |
| 15 | matter, and we defer to Your Honor with how you wish to |
| 16 | proceed this morning. |
| 17 | THE COURT:  Well, I suppose the Debtor and others |
| 18 | probably figured out that I was going to reschedule the |
| 19 | hearing at some point when I said people could appear by |
| 20 | telephone today.  I did it reluctantly, but I'd like to hear |
| 21 | from Mr. Younge's counsel first of all. |
| 22 | MR. SHRUM:  Good morning, Your Honor, and thank |
| 23 | you.  J. Jackson Shrum, from Werb & Sullivan, on behalf of |
| 24 | the Claimant, Keith Younge, and with me today is our summer |
| 25 | associate, Andrew Lawson. |

1               I received, last night, after hours, some
2    documents.  Your Honor apparently had indicated at the last
3    hearing, which I was not able to attend, that if Mr. Younge
4    needed a continuance for health reasons, he should submit
5    some medical documents.  And I received last night some
6    documents that substantiate what he had said, in fact, that
7    he had suffered a stroke.  In fact, he had suffered a stroke
8    the afternoon that he met with me to go over this matter.
9    We reviewed the video tape, and I wasn't even aware.  I
10   wasn't even able to get through to him for several days
11   thereafter, until I was finally contacted, thankfully, by a
12   friend of his.  But I do have these documents if Your Honor
13   would like to see them.  I have copies for counsel as well.
14              THE COURT:  I would like to see them, yes.
15              MR. SHRUM:  May I approach?
16              THE COURT:  You may.
17              MR. SHRUM:  As Mr. Younge, I believe, has in the
18   past informed Your Honor, he has suffered a series of
19   medical and health issues since he was terminated from
20   Channel 17 in Philadelphia.  And this latest incident I'm
21   not sure -- I don't know how coincidental it happens to be
22   that he seems very visibly disturbed to me as we were going
23   over the videotape and he was explaining to me what was
24   happening in that video, and then I found out that later
25   that evening, after he left, that he had suffered the

1 stroke. He had to be hospitalized for several days. I
2 believe it was a week or two, and he's been in
3 rehabilitation even now since then. He's not able to drive.
4 He has trouble communicating his ideas -- or has had. He
5 seems to be a little better now, and he seems to be sort of
6 on, you know, recovering, but he's still having some issues,
7 and the reason for my -- and I apologize for the last-minute
8 on the letter sent yesterday, but I just thought that it
9 was, under the circumstances, it would be better for him to
10 make sure that the Court has the advantage of having all the
11 evidence that Your Honor needs to evaluate the merits of
12 this claim.
13 　　　　　　　THE COURT: Well, when was he admitted to the
14 hospital? When did he have the stroke?
15 　　　　　　　MR. SHRUM: I believe that was the end of May. I
16 want to say it was either May 24th or 30th.
17 　　　　　　　THE COURT: Okay. So shortly after the last
18 hearing?
19 　　　　　　　MR. SHRUM: Yes.
20 　　　　　　　THE COURT: So why did the request come to me
21 literally on the eve of the hearing?
22 　　　　　　　MR. SHRUM: Well, I -- two reasons. First, I
23 wanted to see whether he was going to be well enough. We
24 did not want to ask for a continuance of this hearing. We
25 wanted to hold on to it. And when it appeared to me at the

1  beginning, after the 4th of July holiday weekend, that he was
2  still not able -- he can't drive.  He's not able to really
3  get around very easily.  He has trouble even getting
4  transportation.  I contacted Debtors' Counsel last week,
5  early last week, trying to find out whether they would
6  consent to reschedule this, and I wasn't able to speak with
7  counsel until I think it was late Wednesday afternoon.  And
8  then I received a response, I believe it was Thursday
9  afternoon from counsel, saying no, we don't want to adjourn
10 it.  We don't think there's any reason to have -- that Keith
11 doesn't have to be here.  Mr. Younge doesn't have to be
12 here, and so we're not going to consent to the rescheduling,
13 which is why I sent the letter yesterday morning when I did.
14           THE COURT:  And why does your client keep calling
15 the Court?
16           MR. SHRUM:  I apologize for that, too, Your
17 Honor, on behalf of Mr. Younge.  I --
18           THE COURT:  He not only calls chambers, he calls
19 the clerk's office, and he calls multiple times.  It's very
20 disruptive.
21           MR. SHRUM:  I have instructed him -- when I found
22 -- I didn't realize that he was doing this until yesterday
23 afternoon when I received the e-mail from Your Honor's
24 clerk.  And I have instructed him not to do that any more
25 since I found out that he had been -- I didn't realize he

1 was contacting the Court.

2 THE COURT: Well, it doesn't sound to me -- maybe
3 you have a request, but if what you tell me is true, then
4 how could we pick a date?

5 MR. SHRUM: I -- my understanding is that the
6 next hearing in this matter is scheduled in September. I
7 would propose to either move it to that date or we could
8 have another date in some time in mid to late August to
9 conduct this hearing. I think Mr. Younge ought to have the
10 right to attend this hearing; to hear Your Honor, so that
11 Your Honor can evaluate for yourself Mr. Younge, if you need
12 to take any testimony to corroborate what he has asserted in
13 his claim --

14 THE COURT: Well, that's --

15 MR. SHRUM: -- and to --

16 THE COURT: Counsel, that's really up to you to
17 determine how you want to address the matter.

18 MR. SHRUM: It appears to me that there are some
19 -- and this has only come -- I have to backup for a second.
20 It appears to me that there is some evidence that has not
21 been presented to the Court that I think you ought to
22 consider among --

23 THE COURT: Well, there's been no evidence
24 presented to the Court yet.

25 MR. SHRUM: I'm sorry?

1  THE COURT: There's been no evidence presented to
2 the Court yet.
3  MR. SHRUM: Okay. By way of -- excuse me. By
4 way of either documentary proof and substantiation of the
5 claim or the documents that Debtors' Counsel has submitted
6 in support of their objection. There's other evidence that
7 Your Honor needs to see that's not already on the record,
8 that's not part of the filed claim. I think to fully
9 evaluate this claim, it would behoove the Court to see this
10 evidence. Among that, there's a video that's not part of
11 the record, of course. The video is silent, but the video
12 is the crux of the -- I believe, the Debtor's objection
13 here. The Debtor, I don't think, has taken issue with the
14 amount of Mr. Younge's claim. I think they have focused on
15 whether there is any liability. In order to make that call,
16 Your Honor ought to see what it was, the instant that led up
17 to his termination, that he believes, and I think I -- I
18 know I believe was not just. It was --
19  THE COURT: Actually, I don't think the Debtor is
20 contesting what happened that's embodied in the video; only
21 that it doesn't -- it doesn't prove anything under what the
22 applicable law is. I think that's what -- if I've gathered
23 the essence of the Debtor's position.
24  MS. LUDWIG: That's correct, Your Honor. Jill
25 Ludwig with Sidley Austin. Our objection is a narrow one.

```
 1  It is based purely on what we see and have stated in our
 2  objection is a failure of pleading based on the statement of
 3  particulars that was submitted by Mr. Younge's Philadelphia
 4  Commission on Human Relations, which sets forth all of the
 5  salient facts according to Mr. Younge that formed a basis of
 6  his complaint.  Taking all of those facts stated to the
 7  Philadelphia Commission on Human Relations in his complaint
 8  as true, with the video providing some extra context, we
 9  don't believe that, as a matter of law, under Title 7, he
10  has stated a claim, that he has alleged facts that would
11  support each of the required elements of a claim for either
12  hostile work environment or dismissal on the basis of race.
13             THE COURT:  And I do have the video.  I haven't
14  viewed it, but I have it.
15             MR. SHRUM:  Understood, Your Honor.
16             THE COURT:  Okay.
17             MR. SHRUM:  Part of what -- if I may respond to
18  counsel's -- it's not just what -- I don't believe they're
19  relying solely, at least in part of their objection to the
20  claim -- on what Mr. Younge stated.  They are also, as part
21  of their objection have filed at least one or two affidavits
22  from various management who has characterized the video, we
23  think, improperly.  We think there's more to the story.  It
24  certainly is -- we think at a minimum has mischaracterized
25  what has happened, what you would view if you watched the
```

1  video.
2          THE COURT:  So what's Mr. Younge's current
3  physical and mental state?
4          MR. SHRUM:  I thought he was on the phone.  He is
5  able to speak.  He is not able to drive.  He is not able to
6  ambulate very well.  In fact, he had a recent incident where
7  he thought he could.  He apparently fell at a Target store,
8  and had to be hospitalized because of that, and for that and
9  some other reasons, I did not think that it was wise for him
10 to make the trip down here for Your Honor.
11         THE COURT:  Let's ask.  Mr. Younge, are you on
12 the telephone?
13              (No audible response.)
14         I hear no response.
15         COURT CALL OPERATOR:  Your Honor, this is the
16 Court Call Operator.  He has not dialed in.
17         THE COURT:  All right.  Thank you.  Well, let's
18 -- I had one thought.  And that is let's assume for the
19 moment that you have the right and should present some
20 evidence in the nature of his testimony, and let's assume
21 for the moment he can speak and respond, but not travel.
22 Has any thought been given to memorializing his testimony in
23 a video examination which could be used at the hearing?
24         MR. SHRUM:  Be happy to do that.  We haven't
25 discussed conducting sort of a video deposition, but be

1 happy to do it. I really wanted the opportunity to be able
2 to speak to him either through the phone or in person, more
3 substantively about, you know, walking through -- we have
4 gone over what -- the documents that have been files. We've
5 gone over his claim, and then through -- I have asked him
6 some other questions for follow-up information that I
7 thought would help not only me, but I thought that would
8 help the Court. Some of that I have received; some of it
9 haven't. But I'm happy to -- if we went to schedule a video
10 deposition at some point when he's able to, when he's
11 mentally able to, when he's physically able to do that, in
12 lieu of having him come down here to testify before Your
13 Honor. I'd be happy to arrange with counsel to do that.
14             THE COURT: Well, the claim objection was filed
15 in September of last year. Okay?
16             MR. SHRUM: Yes, Your Honor.
17             THE COURT: So the -- it's getting old. And so
18 we have to resolve this in the near future one way or the
19 other. And if he wants to pursue a claim, we have to get to
20 the point where he participates if, you know, again, if
21 that's what, as his counsel, you want him to do. I realize
22 you're not a physician. Well, I don't think you are. So I
23 don't know. I haven't heard from the Debtor. Let me hear
24 from the Debtor.
25             MR. SHRUM: Thank you, Your Honor.

1  MS. LUDWIG: Thank you, Your Honor. Jill Ludwig
2  again from Sidley Austin. As I stated before, Your Honor,
3  our objection was narrowly focused on a matter of pleading
4  and whether Mr. Younge's complaints to the Philadelphia
5  Human Relations Commission, which sets out all of the
6  salient facts, states a claim under Title 7 for either one
7  of the two causes of action that he proposes. And assuming
8  all of the facts that he alleges are true, as you see in our
9  objection, we have stated that we do not believe that he has
10 met the required element as a matter of law. And as we have
11 explained to Mr. Shrum when he approached us about an
12 additional continuance, our view has been for quite some
13 time that this objection could be decided on the papers.
14 The claimant has requested oral argument. We are here
15 today. We are ready to proceed with oral argument. But as
16 a matter of a pleading that is -- an objection that is
17 essentially like a Motion to Dismiss, it is uncommon,
18 unnecessary that testimony would be heard in opposition to
19 what is a purely legal argument.
20   Now we would request that Your Honor would decide
21 the legal objection, to make a determination of whether Mr.
22 Younge has stated a claim in the first instance before we
23 proceed with a next step, which is an evidentiary step which
24 would involve depositions, the propounding of testimony from
25 any other witnesses that Mr. Younge chooses to call, the

1  formal exchange of discovery, which has not happened in this
2  case other than the Debtor's participation in and compliance
3  with the requests from the Commission to turn over documents
4  that the Commission requested in connection with its fact
5  finding, but no formal discovery has yet occurred between
6  the parties.  And before we, you know, morph what is a
7  narrow objection into a much broader proceeding, we would
8  ask that our objection, on the papers, be decided and then
9  should Your Honor require a further proceeding, we will go
10 from there.
11             THE COURT:  Mr. Shrum, when were you engaged?
12             MR. SHRUM:  It was late May.  I can't tell you
13 the exact date, because I don't know exactly, but it was the
14 day that I met with Mr. Younge that he had his stroke.  I
15 believe it was either the 24th or the 30th.
16             THE COURT:  Okay.  So except for the letter that
17 you sent, you haven't filed anything.
18             MR. SHRUM:  I believe we filed an Entry of
19 Appearance and a Request for Service of Papers shortly -- I
20 believe that was about a month ago.
21             THE COURT:  I mean substantively.
22             MR. SHRUM:  Substantively, I haven't -- no, I
23 haven't anything, and that's obviously because I haven't had
24 a chance to, except for that initial meeting with Mr.
25 Younge, I haven't had a chance to go over -- I haven't had a

1   chance to meet with him since he's had his stroke.  I
2   haven't had a chance to really go over much.  I've spoken
3   with an intermediary, but -- and I've also spoken with Mr.
4   Younge, but only very recently since he's come out of the
5   hospital and has been in rehab.
6               THE COURT:  Okay.  Then here's what I'm thinking
7   I will do.  I'll continue this matter to the September 23rd
8   hearing.  I'll give you until, let's say, August 22nd to make
9   a submission directed to the Debtor's legal argument.
10              MR. SHRUM:  Thank you.
11              THE COURT:  And after receipt of that, I'll
12  decide whether the Debtor is right; that it can be decided
13  on the law alone or if not, then we'll proceed with an
14  evidentiary hearing.
15              MR. SHRUM:  Thank you, Your Honor.  I appreciate
16  that.
17              THE COURT:  And I'll let you know sufficiently in
18  advance of the September 23rd hearing so you know what to
19  expect.
20              MR. SHRUM:  Appreciate that.
21              THE COURT:  All right.  Would the Debtor like the
22  opportunity to reply to any submission?
23              MS. LUDWIG:  We would, Your Honor.
24              THE COURT:  Okay.  Will two weeks after that be
25  sufficient time?

1        MS. LUDWIG:  Yes, Your Honor.  Thank you.

2        THE COURT:  Okay.  So that'll be September 5th.

3  Okay.  Is there anything further for today?

4        MR. SHRUM:  No, Your Honor.

5        MS. LUDWIG:  No, Your Honor.

6        THE COURT:  All right.  Thank you all very much.

7  That concludes this hearing.  Court will stand in recess.

8        MR. SHRUM:  Thank you.

9   (Whereupon, at 11:19 a.m., the hearing was adjourned.)

10

11                      CERTIFICATION

12        I certify that the foregoing is a correct

13  transcript from the electronic sound recording of the

14  proceedings in the above-entitled matter.

15

16

17  _____          19 July 2014
18  Georgianne Sarbaugh, Transcriber              Date
19  Diaz Data Services, LLC

| Word                Page:Line | Word                Page:Line | Word                Page:Line | Word                Page:Line |
|---|---|---|---|
| **08-13141(kjc)**(1) 1:5 | **aware**(1) 3:9 | **counsel's**(1) 8:18 | **evidence**(7) 4:11  6:20  6:23  7:1  7:6  7:10  9:20 |
| **a.m**(3) 1:15  2:1  14:9 | **backup**(1) 6:19 | **course**(1) 7:11 | |
| **able**(13) 3:3  3:10  4:3  5:2  5:2  5:6  9:5  9:5  9:5  10:1  10:10  10:11  10:11 | **bankruptcy**(2) 1:1  1:20 | **court**(46) 1:1  2:2  2:8  2:14  2:17  3:14  3:16  4:10  4:13  4:17  4:20  5:14  5:15  5:18  6:1  6:2  6:14  6:16  6:21  6:23  6:24  7:1  7:2  7:9  7:19  8:13  8:16  9:2  9:11  9:15  9:16  9:17  10:8  10:14  10:17  12:11  12:16  12:21  13:6  13:11  13:17  13:21  13:24  14:2  14:6  14:7 | **evidentiary**(2) 11:23  13:14 |
| | **based**(2) 8:1  8:2 | | **exact**(1) 12:13 |
| | **basis**(2) 8:5  8:12 | | **exactly**(1) 12:13 |
| **about**(3) 10:3  11:11  12:20 | **because**(3) 9:8  12:13  12:23 | | **examination**(1) 9:23 |
| **aboveentitled**(1) 14:14 | **been**(9) 4:2  5:25  6:21  6:23  7:1  9:22  10:4  11:12  13:5 | | **except**(2) 12:16  12:24 |
| **according**(1) 8:5 | | | **exchange**(1) 12:1 |
| **action**(1) 11:7 | | | **excuse**(1) 7:3 |
| **actually**(1) 7:19 | | **courtroom**(1) 1:10 | **expect**(1) 13:19 |
| **additional**(1) 11:12 | **before**(5) 1:19  10:12  11:2  11:22  12:6 | **crux**(1) 7:12 | **explained**(1) 11:11 |
| **address**(1) 6:17 | **beginning**(1) 5:1 | **current**(1) 9:2 | **explaining**(1) 3:23 |
| **adjourn**(1) 5:9 | **behalf**(4) 2:4  2:5  2:23  5:17 | **data**(1) 1:44 | **extra**(1) 8:8 |
| **adjourned**(1) 14:9 | **behoove**(1) 7:9 | **date**(5) 6:4  6:7  6:8  12:13  14:18 | |
| **administered**(1) 1:6 | **believe**(12) 3:17  4:2  4:15  5:8  7:12  7:18  8:9  8:18  11:9  12:15  12:18  12:20 | **day**(1) 12:14 | **fact**(4) 3:6  3:7  9:6  12:4 |
| **admitted**(1) 4:13 | | **days**(2) 3:10  4:1 | **facts**(5) 8:5  8:6  8:10  11:6  11:8 |
| **advance**(1) 13:18 | | **dearborn**(1) 1:26 | **failure**(1) 8:2 |
| **advantage**(1) 4:10 | **believes**(1) 7:17 | **debtor**(7) 2:17  7:13  7:19  10:23  10:24  13:12  13:21 | **fell**(1) 9:7 |
| **affidavits**(1) 8:21 | **better**(2) 4:5  4:9 | | **figured**(1) 2:18 |
| **after**(6) 3:1  3:25  4:17  5:1  13:11  13:24 | **between**(1) 12:5 | | **filed**(5) 7:8  8:21  10:14  12:17  12:18 |
| **afternoon**(4) 3:8  5:7  5:9  5:23 | **broader**(1) 12:7 | **debtors**(4) 1:12  2:5  2:6  2:12 | **files**(1) 10:4 |
| **again**(2) 10:20  11:2 | **but**(16) 2:20  3:12  4:6  4:8  6:3  7:11  8:14  9:21  9:25  10:7  10:9  11:15  12:5  12:13  13:3  13:4 | **debtors'**(2) 5:4  7:5 | **finally**(1) 3:11 |
| **agenda**(1) 2:9 | | **debtor's**(4) 7:12  7:23  12:2  13:9 | **find**(1) 5:5 |
| **ago**(1) 12:20 | | **decide**(2) 11:20  13:12 | **finding**(1) 12:5 |
| **all**(10) 2:21  4:10  8:4  8:6  9:17  11:5  11:8  13:21  14:6  14:6 | | **decided**(3) 11:13  12:8  13:12 | **first**(4) 2:8  2:21  4:22  11:22 |
| | **call**(4) 7:15  9:15  9:16  11:25 | **defer**(1) 2:15 | **focused**(2) 7:14  11:3 |
| | **calling**(1) 5:14 | **delaware**(5) 1:2  1:12  1:32  1:38  2:1 | **follow-up**(1) 10:6 |
| **alleged**(1) 8:10 | **calls**(3) 5:18  5:18  5:19 | **deposition**(2) 9:25  10:10 | **for**(28) 1:2  1:24  1:36  2:7  3:4  3:10  3:13  4:1  4:7  4:7  4:9  4:24  5:16  6:11  8:11  9:8  9:9  9:10  9:18  9:21  10:6  11:6  11:12  12:16  12:19  12:24  14:3 |
| **alleges**(1) 11:8 | **can**(3) 6:11  9:21  13:12 | **depositions**(1) 11:24 | |
| **alone**(1) 13:13 | **can't**(2) 5:2  12:12 | **determination**(1) 11:21 | |
| **already**(1) 7:7 | **carey**(1) 1:19 | **determine**(1) 6:17 | |
| **also**(3) 2:5  8:20  13:3 | **case**(2) 1:5  12:2 | **dialed**(1) 9:16 | **foregoing**(1) 14:12 |
| **ambulate**(1) 9:6 | **causes**(1) 11:7 | **diaz**(1) 1:44 | **formal**(2) 12:1  12:5 |
| **among**(2) 6:22  7:10 | **certainly**(1) 8:24 | **did**(6) 2:20  4:14  4:20  4:24  5:13  9:9 | **forman**(1) 1:30 |
| **amount**(1) 7:14 | **certification**(1) 14:11 | **didn't**(2) 5:22  5:25 | **formed**(1) 8:5 |
| **and**(50) 2:15  2:17  2:22  2:24  3:5  3:9  3:19  3:20  3:23  3:24  4:2  4:5  4:7  4:25  5:6  5:7  5:12  5:14  5:19  5:24  6:15  6:19  7:4  7:17  8:1  8:13  9:3  9:8  9:8  9:8  9:18  9:19  9:20  9:21  10:5  10:17  10:19  11:4  11:7  11:10  12:2  12:6  12:8  12:19  12:23  13:3  13:5  13:11  13:17 | **certify**(1) 14:12 | **directed**(1) 13:9 | **forth**(1) 8:4 |
| | **chambers**(1) 5:18 | **discovery**(2) 12:1  12:5 | **found**(3) 3:24  5:21  5:25 |
| | **chance**(4) 12:24  12:25  13:1  13:2 | **discussed**(1) 9:25 | **friend**(1) 3:12 |
| | **channel**(1) 3:20 | **dismiss**(1) 11:17 | **from**(13) 2:21  2:23  3:19  5:9  5:23  8:22  10:23  10:24  11:2  11:24  12:3  12:10  14:13 |
| | **chapter**(1) 1:8 | **dismissal**(1) 8:12 | |
| | **characterized**(1) 8:22 | **disruptive**(1) 5:20 | |
| | **chicago**(1) 1:27 | **district**(1) 1:2 | **fully**(1) 7:8 |
| | **chooses**(1) 11:25 | **disturbed**(1) 3:22 | **further**(2) 12:9  14:3 |
| | **circumstances**(1) 4:9 | **documentary**(1) 7:4 | **future**(1) 10:18 |
| **andrew**(1) 2:25 | **claim**(16) 2:10  2:11  4:12  6:13  7:5  7:8  7:9  7:14  8:10  8:11  8:20  10:5  10:14  10:19  11:6  11:22 | **documents**(7) 3:2  3:5  3:6  3:12  7:5  10:4  12:3 | **gathered**(1) 7:22 |
| **another**(1) 6:8 | | | **georgianne**(1) 14:18 |
| **any**(7) 5:10  5:24  6:12  7:15  9:22  11:25  13:22 | | **does**(1) 5:14 | **get**(3) 3:10  5:3  10:19 |
| | **claimant**(2) 2:24  11:14 | **doesn't**(5) 5:11  5:11  6:2  7:21  7:21 | **getting**(2) 5:3  10:17 |
| **anything**(4) 7:21  12:17  12:23  14:3 | **clerk**(1) 5:24 | **doing**(1) 5:14 | **give**(1) 13:8 |
| **apologize**(2) 4:7  5:16 | **clerk's**(1) 5:19 | **don't**(10) 3:21  5:9  5:10  7:13  7:19  8:9  8:18  10:22  10:23  12:13 | **given**(1) 9:22 |
| **apparently**(2) 3:2  9:7 | **client**(1) 5:14 | | **going**(4) 2:18  3:22  4:23  5:12 |
| **appear**(1) 2:19 | **coincidental**(1) 3:21 | | **gone**(2) 10:4  10:5 |
| **appearance**(1) 12:19 | **cole**(2) 1:30  2:4 | **down**(2) 9:10  10:12 | **good**(3) 2:2  2:3  2:22 |
| **appeared**(1) 4:25 | **come**(4) 4:20  6:19  10:12  13:4 | **drive**(3) 4:3  5:2  9:5 | **grant**(1) 1:42 |
| **appearing**(1) 2:5 | **commission**(5) 8:4  8:7  11:5  12:3  12:4 | **e-mail**(1) 5:23 | **had**(17) 3:2  3:6  3:7  3:7  3:25  4:1  4:4  5:25  9:6  9:8  9:18  12:14  12:23  12:25  12:25  13:1  13:2 |
| **appears**(2) 6:18  6:20 | **communicating**(1) 4:4 | **each**(1) 8:11 | |
| **applicable**(1) 7:22 | **company**(2) 1:8  1:24 | **early**(1) 5:5 | |
| **appreciate**(2) 13:15  13:20 | **complaint**(2) 8:6  8:7 | **easily**(1) 5:3 | |
| **approach**(1) 3:15 | **complaints**(1) 11:4 | **ecro**(1) 1:42 | **happened**(3) 7:20  8:25  12:1 |
| **approached**(1) 11:11 | **compliance**(1) 12:2 | **either**(7) 4:16  6:7  7:4  8:11  10:2  11:6 | **happening**(1) 3:24 |
| **are**(8) 2:12  6:18  8:20  9:11  10:22  11:8  11:14  11:15 | **concludes**(1) 14:7 | **electronic**(2) 1:49  14:13 | **happens**(1) 3:21 |
| | **conduct**(1) 6:9 | **element**(1) 11:10 | **happy**(4) 9:24  10:1  10:9  10:13 |
| | **conducting**(1) 9:25 | **elements**(1) 8:11 | **harrisburg**(1) 1:46 |
| **argument**(6) 2:10  2:12  11:14  11:15  11:19  13:9 | **connection**(1) 12:4 | **embodied**(1) 7:20 | **has**(26) 2:13  3:17  3:18  4:4  4:4  4:10  5:3  6:12  6:19  6:20  7:5  7:13  8:10  8:10  8:22  8:24  8:25  9:16  9:22  11:9  11:12  11:14  11:22  12:1  12:5  13:5 |
| | **consent**(2) 5:6  5:12 | **end**(1) 4:15 | |
| **around**(1) 5:3 | **consider**(1) 6:22 | **engaged**(1) 12:11 | |
| **arrange**(1) 10:13 | **contacted**(2) 3:11  5:4 | **enough**(1) 4:23 | |
| **ask**(3) 4:24  9:11  12:8 | **contacting**(1) 6:1 | **entered**(1) 2:8 | |
| **asked**(1) 10:5 | **contesting**(1) 7:20 | **entry**(1) 12:18 | |
| **asserted**(1) 6:12 | **context**(1) 8:8 | **environment**(1) 8:12 | **have**(26) 3:12  3:13  4:14  5:10  5:11  5:11  5:21  5:24  6:3  6:8  6:9  6:19  7:14  8:1  8:13  8:14  8:21  9:19  10:3  10:4  10:5  10:8  10:18  10:19  11:9  11:10 |
| **associate**(1) 2:25 | **continuance**(4) 2:14  3:4  4:24  11:12 | **esq**(3) 1:25  1:31  1:37 | |
| **assume**(2) 9:18  9:20 | **continue**(1) 13:7 | **essence**(1) 7:23 | |
| **assuming**(1) 11:7 | **copies**(1) 3:13 | **essentially**(1) 11:17 | |
| **attend**(2) 3:3  6:10 | **correct**(2) 7:24  14:12 | **evaluate**(3) 4:11  6:11  7:9 | **haven't**(11) 8:13  9:24  10:9  10:23  12:17  12:22  12:23  12:23  12:25  12:25  13:2 |
| **audible**(1) 9:13 | **corroborate**(1) 6:12 | **eve**(1) 4:21 | |
| **august**(2) 6:8  13:8 | **could**(6) 2:19  6:4  6:7  9:7  9:23  11:13 | **even**(4) 3:9  3:10  4:3  5:3 | |
| **austin**(4) 1:24  2:6  7:25  11:2 | **counsel**(10) 2:13  2:21  3:13  5:4  5:7  5:9  6:16  7:5  10:13  10:21 | **evening**(1) 3:25 | **having**(3) 4:6  4:10  10:12 |
| **avenue**(2) 1:32  1:38 | | | **health**(2) 3:4  3:19 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **hear**(4) | 2:20 6:10 9:14 10:23 | **leonard**(1) | 1:30 | **others**(1) | 2:17 | **salient**(2) | 8:5 11:6 |
| **heard**(2) | 10:23 11:18 | **let**(2) | 10:23 13:17 | **ought**(3) | 6:9 6:21 7:16 | **sarbaugh**(1) | 14:18 |
| **hearing**(15) | 2:8 2:19 3:3 4:18 4:21 4:24 6:6 6:9 6:10 9:23 13:8 13:14 13:18 14:7 14:9 | **letter**(4) | 2:14 4:8 5:13 12:16 | **our**(7) | 2:24 7:25 8:1 11:3 11:8 11:12 12:8 | **say**(2) | 4:16 13:8 |
| | | **let's**(5) | 9:11 9:17 9:18 9:20 13:8 | **out**(6) | 2:18 3:24 5:5 5:25 11:5 13:4 | **saying**(1) | 5:9 |
| | | **liability**(1) | 7:15 | **over**(7) | 3:8 3:23 10:4 10:5 12:3 12:25 | **schedule**(1) | 10:9 |
| **help**(2) | 10:7 10:8 | **lieu**(1) | 10:12 | **papers**(3) | 11:13 12:8 12:19 | **scheduled**(2) | 2:7 6:6 |
| **here**(6) | 5:11 5:12 7:13 9:10 10:12 11:14 | **like**(5) | 2:20 3:13 3:14 11:17 13:21 | **part**(5) | 7:8 7:10 8:17 8:19 8:20 | **schotz**(2) | 1:30 2:4 |
| **here's**(1) | 13:6 | **literally**(1) | 4:21 | **participates**(1) | 10:20 | **schuylkill**(1) | 1:45 |
| **he's**(9) | 4:2 4:3 4:6 5:2 10:10 10:10 10:11 13:1 13:4 | **little**(1) | 4:5 | **participation**(1) | 12:2 | **second**(1) | 6:19 |
| | | **llp**(2) | 1:24 2:6 | **particulars**(1) | 8:3 | **see**(8) | 3:13 3:14 4:23 7:7 7:9 7:16 8:1 |
| | | **ludwig**(9) | 1:25 2:6 7:24 7:25 11:1 11:1 13:23 14:1 14:5 | **parties**(1) | 12:6 | **seems**(3) | 3:22 4:5 4:5 |
| **him**(10) | 3:10 4:9 5:21 5:24 9:9 10:2 10:5 10:12 10:21 13:1 | | | **past**(1) | 3:18 | **sent**(4) | 2:14 4:8 5:13 12:17 |
| | | | | **pennsylvania**(1) | 1:46 | **september**(5) | 6:6 10:15 13:7 13:18 14:2 |
| **his**(12) | 3:12 4:4 6:13 7:17 8:6 8:7 9:20 9:22 10:5 10:21 12:14 13:1 | **make**(5) | 4:10 7:15 9:10 11:21 13:8 | **people**(1) | 2:19 | **series**(1) | 3:18 |
| | | **management**(1) | 8:22 | **person**(1) | 10:2 | **service**(3) | 1:44 1:50 12:19 |
| | | **market**(1) | 1:11 | **philadelphia**(4) | 3:20 8:3 8:7 11:4 | **services**(1) | 1:44 |
| | | **matter**(11) | 2:8 2:15 3:8 6:6 6:17 8:9 11:3 11:10 11:16 13:7 14:14 | **phone**(2) | 9:4 10:2 | **sets**(2) | 8:4 11:5 |
| **hold**(1) | 4:25 | | | **physical**(1) | 9:3 | **several**(2) | 3:10 4:1 |
| **holiday**(1) | 5:1 | | | **physically**(1) | 10:11 | **shortly**(2) | 4:17 12:19 |
| **honor**(29) | 2:3 2:7 2:15 2:22 3:2 3:12 3:18 4:11 5:17 6:10 6:11 7:7 7:16 7:24 8:15 9:10 9:15 10:13 10:16 10:25 11:1 11:2 11:20 12:9 13:15 13:23 14:1 14:4 14:5 | **matters**(1) | 2:7 | **physician**(1) | 10:22 | **should**(3) | 3:4 9:19 12:9 |
| | | **may**(6) | 3:15 3:16 4:15 4:16 8:17 12:12 | **pick**(1) | 6:4 | **shrum**(31) | 1:37 2:22 2:23 3:15 3:17 4:15 4:19 4:22 5:16 5:21 6:5 6:15 6:18 6:25 7:3 8:15 8:17 9:4 9:24 10:16 10:25 11:11 12:11 12:12 12:18 12:22 13:10 13:15 13:20 14:4 14:8 |
| | | **maybe**(1) | 6:2 | **pleading**(3) | 8:2 11:3 11:16 | | |
| | | **mean**(1) | 12:21 | **point**(3) | 2:19 10:10 10:20 | | |
| | | **medical**(2) | 3:5 3:19 | **position**(1) | 7:23 | | |
| | | **meet**(1) | 13:1 | **ppearances**(1) | 1:22 | | |
| | | **meeting**(1) | 12:24 | **present**(1) | 9:19 | | |
| | | **meisel**(1) | 1:30 | **presented**(3) | 6:21 6:24 7:1 | | |
| **honorable**(1) | 1:19 | **memorializing**(1) | 9:22 | **probably**(1) | 2:18 | **sidley**(4) | 1:24 2:6 7:25 11:2 |
| **honor's**(1) | 5:23 | **mental**(1) | 9:3 | **proceed**(5) | 2:12 2:16 11:15 11:23 13:13 | **silent**(1) | 7:11 |
| **hospital**(2) | 4:14 13:5 | **mentally**(1) | 10:11 | **proceeding**(2) | 12:7 12:9 | **since**(5) | 3:19 4:3 5:25 13:1 13:4 |
| **hospitalized**(2) | 4:1 9:8 | **merits**(1) | 4:11 | **proceedings**(3) | 1:18 1:49 14:14 | **solely**(1) | 8:19 |
| **hostile**(1) | 8:12 | **met**(3) | 3:8 11:10 12:14 | **produced**(1) | 1:50 | **some**(16) | 2:19 3:1 3:5 3:5 4:6 6:8 6:18 6:20 8:8 9:9 9:19 10:6 10:8 10:8 10:10 11:12 |
| **hours**(1) | 3:1 | **mid**(1) | 6:8 | **proof**(1) | 7:4 | | |
| **how**(4) | 2:15 3:21 6:4 6:17 | **minimum**(1) | 8:24 | **propose**(1) | 6:7 | | |
| **human**(3) | 8:4 8:7 11:5 | **mischaracterized**(1) | 8:24 | **proposes**(1) | 11:7 | **sorry**(1) | 6:25 |
| **ideas**(1) | 4:4 | **moment**(2) | 9:19 9:21 | **propounding**(1) | 11:24 | **sort**(2) | 4:5 9:25 |
| **improperly**(1) | 8:23 | **month**(1) | 12:20 | **prove**(1) | 7:21 | **sound**(3) | 1:49 6:2 14:13 |
| **incident**(2) | 3:20 9:6 | **more**(3) | 5:24 8:23 10:2 | **providing**(1) | 8:8 | **south**(1) | 1:26 |
| **indicated**(1) | 3:2 | **morning**(8) | 2:2 2:3 2:5 2:8 2:13 2:16 2:22 5:13 | **purely**(2) | 8:1 11:19 | **speak**(4) | 5:6 9:5 9:21 10:2 |
| **information**(1) | 10:6 | | | **pursue**(1) | 10:19 | **spoken**(2) | 13:2 13:3 |
| **informed**(1) | 3:18 | | | **questions**(1) | 10:6 | **stand**(1) | 14:7 |
| **initial**(1) | 12:24 | **morph**(1) | 12:6 | **quite**(1) | 11:12 | **state**(1) | 9:3 |
| **instance**(1) | 11:22 | **motion**(1) | 11:17 | **race**(1) | 8:12 | **stated**(7) | 8:1 8:6 8:10 8:20 11:2 11:9 |
| **instant**(1) | 7:16 | **move**(1) | 6:7 | **ready**(2) | 2:12 11:15 | **statement**(1) | 8:2 |
| **instructed**(2) | 5:21 5:24 | **much**(3) | 12:7 13:2 14:6 | **realize**(3) | 5:22 5:25 10:21 | **states**(3) | 1:1 1:20 11:6 |
| **intermediary**(1) | 13:3 | **multiple**(1) | 5:19 | **really**(4) | 5:2 6:16 10:1 13:2 | **ste**(2) | 1:32 1:38 |
| **into**(1) | 12:7 | **narrow**(2) | 7:25 12:7 | **reason**(2) | 4:7 5:10 | **step**(2) | 11:23 11:23 |
| **involve**(1) | 11:24 | **narrowly**(1) | 11:3 | **reasons**(3) | 3:4 4:22 9:9 | **stephen**(1) | 1:42 |
| **issue**(1) | 7:13 | **nature**(1) | 9:20 | **receipt**(1) | 13:11 | **stickles**(3) | 1:31 2:3 2:4 |
| **issues**(2) | 3:19 4:6 | **near**(1) | 10:18 | **received**(5) | 3:1 3:5 5:8 5:23 10:8 | **still**(2) | 4:6 5:2 |
| **item**(2) | 2:9 2:10 | **need**(1) | 6:11 | **recent**(1) | 9:6 | **store**(1) | 9:7 |
| **its**(1) | 12:4 | **needed**(1) | 3:4 | **recently**(1) | 13:4 | **story**(1) | 8:23 |
| **it's**(4) | 2:3 5:19 8:18 10:17 | **needs**(2) | 4:11 7:7 | **recess**(1) | 14:7 | **street**(2) | 1:11 1:45 |
| **i'd**(2) | 2:20 10:13 | **next**(2) | 6:6 11:23 | **record**(2) | 7:7 7:11 | **stroke**(6) | 3:7 3:7 4:1 4:14 12:14 13:1 |
| **i'll**(4) | 13:7 13:8 13:11 13:17 | **night**(2) | 3:1 3:5 | **recorded**(1) | 1:49 | **submission**(2) | 13:9 13:22 |
| **i'm**(4) | 3:20 6:25 10:9 13:6 | **not**(25) | 3:3 3:21 4:3 4:24 5:2 5:2 5:12 5:18 5:24 6:20 7:7 7:8 7:10 7:18 8:18 9:5 9:5 9:9 9:16 9:21 10:7 10:22 11:9 12:1 13:13 | **recording**(2) | 1:49 14:13 | **submit**(1) | 3:4 |
| **i've**(3) | 7:22 13:2 13:3 | | | **recovering**(1) | 4:6 | **submitted**(2) | 7:5 8:3 |
| **jackson**(2) | 1:37 2:23 | | | **rehab**(1) | 13:5 | **substantiate**(1) | 3:6 |
| **jill**(2) | 7:24 11:1 | | | **rehabilitation**(1) | 4:3 | **substantiation**(1) | 7:4 |
| **jillian**(2) | 1:25 2:6 | **now**(3) | 4:3 4:5 11:20 | **relations**(3) | 8:4 8:7 11:5 | **substantively**(3) | 10:3 12:21 12:22 |
| **jointly**(1) | 1:6 | **objection**(16) | 2:9 2:11 7:6 7:12 7:25 8:2 8:19 8:21 10:14 11:3 11:9 11:13 11:16 11:21 12:7 12:8 | **reluctantly**(1) | 2:20 | **suffered**(4) | 3:7 3:7 3:18 3:25 |
| **judge**(2) | 1:19 1:20 | | | **relying**(1) | 8:19 | **sufficient**(1) | 13:25 |
| **july**(4) | 1:14 2:1 5:1 14:17 | | | **reorganized**(3) | 2:4 2:6 2:11 | **sufficiently**(1) | 13:17 |
| **just**(3) | 4:8 7:18 8:18 | | | **reply**(1) | 13:22 | **sullivan**(2) | 1:36 2:23 |
| **kate**(2) | 1:31 2:4 | **obviously**(1) | 12:23 | **request**(4) | 4:20 6:3 11:20 12:19 | **summer**(1) | 2:24 |
| **keep**(1) | 5:14 | **occurred**(1) | 12:5 | **requested**(2) | 11:14 12:4 | **support**(2) | 7:6 8:11 |
| **keith**(3) | 1:36 2:24 5:10 | **office**(1) | 5:19 | **requesting**(1) | 2:14 | **suppose**(1) | 2:17 |
| **kevin**(1) | 1:19 | **okay**(9) | 4:17 7:3 8:16 10:15 12:16 13:6 13:24 14:2 14:3 | **requests**(1) | 12:3 | **sure**(2) | 3:21 4:10 |
| **know**(10) | 3:21 4:6 7:18 10:3 10:20 10:23 12:6 12:13 13:17 13:18 | | | **require**(1) | 12:9 | **take**(1) | 6:12 |
| | | | | **required**(2) | 8:11 11:10 | **taken**(1) | 7:13 |
| **last**(7) | 3:1 3:2 3:5 4:17 5:4 5:5 10:15 | **old**(1) | 10:17 | **reschedule**(2) | 2:18 5:6 | **taking**(1) | 8:6 |
| **last-minute**(1) | 4:7 | **one**(7) | 1:26 2:9 7:25 8:21 9:18 10:18 11:6 | **rescheduling**(1) | 5:12 | **tape**(1) | 3:9 |
| **late**(3) | 5:7 6:8 12:12 | **only**(5) | 5:18 6:19 7:20 10:7 13:4 | **resolve**(1) | 10:18 | **target**(1) | 9:7 |
| **later**(1) | 3:24 | **operator**(2) | 9:15 9:16 | **respond**(2) | 8:17 9:21 | **telephone**(2) | 2:20 9:12 |
| **latest**(1) | 3:20 | **opportunity**(2) | 10:1 13:22 | **response**(3) | 5:8 9:13 9:14 | **tell**(2) | 6:3 12:12 |
| **law**(4) | 7:22 8:9 11:10 13:13 | **opposition**(1) | 11:18 | **reviewed**(1) | 3:9 | **terminated**(1) | 3:19 |
| **lawson**(1) | 2:25 | **oral**(4) | 2:10 2:12 11:14 11:15 | **right**(6) | 6:10 9:17 9:19 13:12 13:21 14:6 | **termination**(1) | 7:17 |
| **least**(2) | 8:19 8:21 | **order**(2) | 2:9 7:15 | **said**(2) | 2:19 3:6 | **testify**(1) | 10:12 |
| **led**(1) | 7:16 | **other**(6) | 7:6 9:9 10:6 10:19 11:25 12:2 | | | **testimony**(5) | 6:12 9:20 9:22 11:18 11:24 |
| **left**(1) | 3:25 | | | | | **than**(1) | 12:2 |
| **legal**(3) | 11:19 11:21 13:9 | | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|
| **thank**(9) | 2:22 9:17 10:25 11:1 13:10 13:15 14:1 14:6 14:8 | **trying**(1) | 5:5 | **yes**(4) | 3:14 4:19 10:16 14:1 |
| | | **tuesday**(2) | 1:14 2:1 | **yesterday**(3) | 4:8 5:13 5:22 |
| **thankfully**(1) | 3:11 | **turn**(1) | 12:3 | **yet**(3) | 6:24 7:2 12:5 |
| **that**(77) | 2:13 2:14 2:18 3:3 3:6 3:8 3:22 3:24 3:25 3:25 4:8 4:10 4:11 4:15 5:1 5:10 5:16 5:22 5:24 5:25 6:5 6:7 6:10 6:18 6:20 6:20 6:21 7:5 7:6 7:10 7:15 7:16 7:17 7:21 8:3 8:5 8:9 8:10 9:8 9:8 9:9 9:18 9:19 9:24 10:4 10:6 10:7 10:8 10:11 10:13 11:7 11:8 11:9 11:9 11:13 11:16 11:16 11:18 11:20 11:25 12:4 12:8 12:14 12:14 12:16 12:20 12:24 13:11 13:12 13:16 13:20 13:24 14:7 14:12 | **two**(7) | 2:7 2:10 4:2 4:22 8:21 11:7 13:24 | **you**(35) | 2:15 2:23 3:16 4:6 6:3 6:3 6:11 6:16 6:17 6:21 8:25 8:25 9:11 9:17 9:19 10:3 10:20 10:21 10:22 10:25 11:1 11:8 12:6 12:11 12:12 12:17 12:17 13:8 13:10 13:15 13:17 13:18 14:1 14:6 14:8 |
| | | **uncommon**(1) | 11:17 | | |
| | | **under**(4) | 4:9 7:21 8:9 11:6 | | |
| | | **understand**(1) | 2:13 | | |
| | | **understanding**(1) | 6:5 | | |
| | | **understood**(1) | 8:15 | | |
| | | **united**(2) | 1:1 1:20 | **younge**(17) | 1:36 2:11 2:24 3:3 3:17 5:11 5:17 6:9 6:11 8:5 8:20 9:11 11:22 11:25 12:14 12:25 13:4 |
| | | **unnecessary**(1) | 11:18 | | |
| | | **until**(4) | 3:11 5:7 5:22 13:8 | | |
| | | **used**(1) | 9:23 | | |
| | | **various**(1) | 8:22 | **younge's**(6) | 2:13 2:21 7:14 8:3 9:2 11:4 |
| | | **very**(6) | 3:22 5:3 5:19 9:6 13:4 14:6 | **your**(31) | 2:3 2:7 2:15 2:22 3:2 3:12 3:18 4:11 5:14 5:16 5:23 6:10 6:11 7:7 7:16 7:24 8:15 9:10 9:15 10:12 10:16 10:25 11:1 11:2 11:20 12:9 13:15 13:23 14:1 14:4 14:5 |
| | | **video**(13) | 3:9 3:24 7:10 7:11 7:11 7:20 8:8 8:13 8:22 9:1 9:23 9:25 10:9 | | |
| **that'll**(1) | 14:2 | | | | |
| **that's**(10) | 6:14 6:16 7:7 7:8 7:10 7:20 7:22 7:24 10:21 12:23 | **videotape**(1) | 3:23 | | |
| | | **view**(2) | 8:25 11:12 | | |
| | | **viewed**(1) | 8:14 | **yourself**(1) | 6:11 |
| **the**(169) | 1:1 1:2 1:19 2:2 2:4 2:5 2:8 2:8 2:9 2:9 2:10 2:10 2:11 2:11 2:14 2:17 2:17 2:18 2:24 3:2 3:8 3:9 3:14 3:16 3:17 3:23 3:25 4:7 4:7 4:8 4:9 4:10 4:10 4:11 4:13 4:13 4:14 4:15 4:17 4:17 4:20 4:20 4:21 4:21 4:25 5:1 5:12 5:13 5:14 5:15 5:18 5:19 5:23 6:1 6:2 6:5 6:9 6:14 6:16 6:17 6:21 6:23 6:24 7:1 7:2 7:4 7:5 7:7 7:8 7:9 7:11 7:11 7:11 7:12 7:12 7:12 7:13 7:13 7:16 7:19 7:19 7:20 7:21 7:23 7:23 8:2 8:4 8:6 8:8 8:11 8:12 8:13 8:13 8:16 8:19 8:22 8:23 8:25 9:2 9:4 9:10 9:11 9:12 9:15 9:17 9:18 9:19 9:20 9:21 9:23 10:1 10:2 10:4 10:8 10:14 10:14 10:17 10:17 10:18 10:18 10:20 10:23 10:24 11:4 11:5 11:7 11:8 11:10 11:13 11:14 11:21 11:22 11:24 11:25 12:2 12:3 12:3 12:4 12:6 12:8 12:11 12:13 12:13 12:15 12:15 12:16 12:16 12:21 13:4 13:6 13:7 13:9 13:11 13:12 13:13 13:17 13:18 13:21 13:21 13:21 13:24 14:2 14:6 14:9 14:12 14:13 14:13 14:14 | **visibly**(1) | 3:22 | **you're**(1) | 10:22 |
| | | **walking**(1) | 10:3 | | |
| | | **wallace**(1) | 2:10 | | |
| | | **want**(5) | 4:16 4:24 5:9 6:17 10:21 | | |
| | | **wanted**(3) | 4:23 4:25 10:1 | | |
| | | **wants**(1) | 10:19 | | |
| | | **was**(31) | 2:9 2:18 3:3 3:11 3:19 3:23 3:23 4:2 4:9 4:13 4:15 4:16 4:23 5:1 5:7 5:8 5:22 6:1 7:16 7:18 7:18 8:3 9:4 9:9 10:14 11:3 12:12 12:13 12:15 12:20 14:9 | | |
| | | **wasn't**(3) | 3:9 3:10 5:6 | | |
| | | **watched**(1) | 8:25 | | |
| | | **way**(3) | 7:3 7:4 10:18 | | |
| | | **wednesday**(1) | 5:7 | | |
| | | **week**(3) | 4:2 5:4 5:5 | | |
| | | **weekend**(1) | 5:1 | | |
| | | **weeks**(1) | 13:24 | | |
| | | **well**(12) | 2:17 3:13 4:13 4:22 4:23 6:2 6:14 6:23 9:6 9:17 10:14 10:22 | | |
| **their**(3) | 7:6 8:19 8:21 | | | | |
| **them**(2) | 3:13 3:14 | | | | |
| **then**(8) | 3:24 4:3 5:8 6:3 10:5 12:8 13:6 13:13 | **went**(1) | 10:9 | | |
| | | **werb**(2) | 1:36 2:23 | | |
| | | **were**(3) | 2:7 3:22 12:11 | | |
| | | **we'll**(1) | 13:13 | | |
| **there**(6) | 2:7 6:18 6:20 7:15 12:10 14:3 | **we're**(1) | 5:12 | | |
| **thereafter**(1) | 3:11 | **we've**(1) | 10:4 | | |
| **there's**(6) | 5:10 6:23 7:1 7:6 7:10 8:23 | **what**(20) | 3:6 3:23 6:3 6:12 7:16 7:20 7:21 7:22 8:1 8:17 8:18 8:20 8:25 8:25 10:4 10:21 11:19 12:6 13:6 13:18 | | |
| **these**(1) | 3:12 | | | | |
| **they**(3) | 5:5 7:14 8:20 | | | | |
| **they're**(1) | 8:18 | **what's**(1) | 9:2 | | |
| **think**(15) | 5:7 5:10 6:9 6:21 7:8 7:13 7:14 7:17 7:19 7:22 8:23 8:23 8:24 9:9 10:22 | **when**(12) | 2:19 4:13 4:14 4:25 5:13 5:21 5:23 10:10 10:10 10:11 11:11 12:11 | | |
| **thinking**(1) | 13:6 | **where**(2) | 9:6 10:20 | | |
| **this**(22) | 2:5 2:8 2:12 2:16 3:8 3:20 4:12 4:24 5:6 5:22 6:6 6:9 6:10 6:19 7:9 7:9 9:15 10:18 11:13 12:1 13:7 14:7 | **whereupon**(1) | 14:9 | | |
| | | **whether**(6) | 4:23 5:5 7:15 11:4 11:21 13:12 | | |
| | | **which**(9) | 2:9 3:3 5:13 8:4 9:23 11:5 11:23 11:23 12:1 | | |
| **those**(1) | 8:6 | | | | |
| **thought**(7) | 4:8 9:4 9:7 9:18 9:22 10:7 10:7 | **who**(1) | 8:22 | | |
| **through**(4) | 3:10 10:2 10:3 10:5 | **why**(3) | 4:20 5:13 5:14 | | |
| **thursday**(1) | 5:8 | **will**(4) | 12:9 13:7 13:24 14:7 | | |
| **time**(3) | 6:8 11:13 13:25 | **wilmington**(4) | 1:12 1:33 1:39 2:1 | | |
| **times**(1) | 5:19 | **wise**(1) | 9:9 | | |
| **title**(2) | 8:9 11:6 | **wish**(1) | 2:15 | | |
| **today**(4) | 2:20 2:24 11:15 14:3 | **with**(19) | 2:12 2:15 2:24 3:8 5:6 7:13 7:25 8:8 10:13 11:15 11:23 12:3 12:4 12:14 12:24 13:1 13:3 13:3 13:13 | | |
| **too**(1) | 5:16 | | | | |
| **transcriber**(1) | 14:18 | | | | |
| **transcript**(3) | 1:18 1:50 14:13 | | | | |
| **transcription**(2) | 1:44 1:50 | **witnesses**(1) | 11:25 | | |
| **transportation**(1) | 5:4 | **work**(1) | 8:12 | | |
| **travel**(1) | 9:21 | **would**(17) | 3:13 3:14 4:9 5:5 6:7 7:9 8:10 8:25 10:7 10:7 11:18 11:20 11:24 12:7 13:21 13:23 | | |
| **tribune**(2) | 1:8 1:24 | | | | |
| **trip**(1) | 9:10 | | | | |
| **trouble**(2) | 4:4 5:3 | | | | |
| **true**(3) | 6:3 8:8 11:8 | **year**(1) | 10:15 | | |