## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |
| | **Hearing Date: September 23, 2014 at 10 a.m. ET**<br>**Response Deadline: August 21, 2014 at 4:00 p.m. ET** |

## REORGANIZED DEBTORS' SEVENTY-THIRD OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTIONS 502(b) AND 558 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003 AND 3007, AND LOCAL RULE 3007-1

### ("DISPUTED LITIGATION CLAIMS")

> **Claimants receiving this objection should locate their name(s) and claim number(s) on Exhibit A to this Objection. The grounds for the Objection are set forth herein.**

The reorganized debtors in the above-captioned chapter 11 cases (collectively, the

"Reorganized Debtors"), by and through their undersigned counsel, hereby file this seventy-third

omnibus objection (the "Objection"), which Objection covers each of the four (4) claims set

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

forth on Exhibit A attached hereto and to the proposed form of order submitted herewith

(collectively, the "Disputed Litigation Claims"), pursuant to sections 502(b) and 558 of title 11

of the United States Code (the "Bankruptcy Code"), Rules 3001, 3003, and 3007 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules").

By this Objection, the Reorganized Debtors request the entry of an order

disallowing and expunging each of the Disputed Litigation Claims, as indicated in further detail

below.  In support of the Objection, the Reorganized Debtors respectfully state as follows:

## STATUS OF THE CASE

1.      On December 8, 2008 (the "Petition Date"), Tribune Company

("Tribune") and certain of its affiliates (collectively, the "Debtors")[2] each filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code.

2.      The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) (Docket

Nos. 43, 2333).

3.      On July 23, 2012, the Court entered the Order Confirming Fourth

Amended Joint Plan of Reorganization (the "Plan") for Tribune Company and Its Subsidiaries

Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital

Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (Docket No.

12074).[3]

---

[2] As used herein, the term "Debtors" refers to the entities that filed the above-captioned chapter 11 cases and the term "Reorganized Debtors" refers to the entities that became successors to the Debtors upon the Debtors' emergence from their chapter 11 cases.

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

4.      The Effective Date of the Plan occurred on December 31, 2012.[4]

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief

sought herein are sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003

and 3007, and Local Rule 3007-1.

### FACTUAL BACKGROUND TO THE DEBTORS' CLAIMS PROCESS

6.      On March 23, 2009, the Debtors filed their schedules of assets and

liabilities and statements of financial affairs (Docket Nos. 567-789), which were subsequently

amended on April 13, 2009 (Docket Nos. 894-957), June 12, 2009 (Docket Nos. 1343-1453),

March 2, 2010 (Docket Nos. 3548-3599), May 13, 2010 (Docket No. 4388), and January 28,

2011 (Docket Nos. 7661-7671) (collectively, the "Schedules").

7.      On March 25, 2009, the Court entered an order (the "Bar Date Order") (i)

establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final

date and time for all persons and entities holding or asserting a claim against the Debtors arising

on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11

cases and (ii) approving the form and manner of notice of the Bar Date.

8.      Written notice of the Bar Date was mailed to, among others, all known

creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties

who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date

---

[4] The Plan provides that one or more Debtors may undertake Restructuring Transactions on, prior to, or after the Effective Date, which may include, without limitation, mergers, consolidations, conversions, joint ventures, restructurings, recapitalizations, dispositions, liquidations or dissolutions.  See Plan § 5.2, Ex. 5.2 and Docket No. 12732.  Certain of the Debtors undertook Restructuring Transactions, pursuant to which they merged with and into direct or indirect wholly-owned subsidiaries of Tribune or converted into limited liability companies.  A notice with information respecting each Debtor's post-emergence entity following the consummation of the Restructuring Transactions was filed with the Bankruptcy Court on November 16, 2012 (Docket No. 12732).

46429/0001-10823778V1

Order.  In addition to mailing such actual notice, the Debtors also published notice of the Bar Date in the National Editions of the Wall Street Journal and the New York Times and in the Chicago Tribune and Los Angeles Times on May 12, 2009.

9.      As of the Effective Date, approximately 7,165 Proofs of Claim were filed in these chapter 11 cases.  The Proofs of Claim are recorded on the official claims register (the "Claims Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors and the Reorganized Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

## RELIEF REQUESTED

10.      By this Objection, the Reorganized Debtors seek entry of an order, pursuant to sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1, (i) disallowing and expunging in their entirety each of the Disputed Litigation Claims identified on Exhibit A on the grounds set forth herein with respect to each such claim, and (ii) authorizing the Claims Agent to modify each of the Disputed Litigation Claims on the Claims Register in accordance with the proposed Order.

11.      This Objection complies with Local Rule 3007-1 in all respects.

## BASIS FOR OBJECTION

12.      This Objection is based on section 502(b)(1) of the Bankruptcy Code, which provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
>
> (1)      such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable

4

> law for a reason other than because such claim is
> contingent or unmatured . . . .

11 U.S.C. § 502(b)(1).  Section 502(b)(1) recognizes the settled principle that "[c]reditors'

entitlements in bankruptcy arise in the first instance from the underlying substantive law creating

the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy

Code." Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450-51 (2007)

(citing Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20 (2000)).  A claim against the bankruptcy

estate, therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be

enforceable against the debtor outside of bankruptcy." In re Combustion Eng'g, Inc., 391 F.3d

190, 245 (3d Cir. 2004).  In proceedings to determine whether a claim is enforceable against the

estate, "[t]he estate shall have the benefit of any defense available to the debtor as against any

entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other

personal defenses" pursuant to section 558 of the Bankruptcy Code.  See 11 U.S.C. § 558.

      13.     "The burden of proof for claims brought in the bankruptcy court . . . rests

on different parties at different times." Lampe v. Lampe, 665 F.3d 506, 514 (3d Cir. 2011)

(quoting In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992)).  A claimant must first

allege facts sufficient to support his claim.  Only once he has done so will his claim be deemed

prima facie valid.  "The burden of going forward then shifts to the objector to produce evidence

sufficient to negate the prima facie validity of the filed claim." Allegheny, 954 F.2d at 173

("Initially, the claimant must allege facts sufficient to support the claim.  If the averments in his

filed claim meet this standard of sufficiency, it is 'prima facie' valid.").  However, in

circumstances "where the proof of claim does not adhere to the requirements of Rule 3001 by

providing the facts and documents necessary to support the claim, it is not entitled to the

presumption of prima facie validity." In re Kincaid, 388 B.R. 610, 614 (Bankr. E.D. Pa. 2008).

46429/0001-10823778V1

14.     In connection with their review of all Proofs of Claim filed to date against the Debtors' estates, the Reorganized Debtors have identified four (4) claims, in the aggregate face amount of $178,286.03 (plus undetermined amounts),[5] as Disputed Litigation Claims, which are listed on Exhibit A hereto.  Each of the Disputed Litigation Claims are based on prepetition lawsuits that have been dismissed by the presiding courts.  Based upon the Reorganized Debtors' review of such claims, the underlying prepetition lawsuits, and the books and records maintained by the Debtors and Reorganized Debtors relating to the subject matter thereof, the Reorganized Debtors have determined that they have no liability to the claimants on account of such Disputed Litigation Claims.  For the reasons set forth below with respect to each of the Disputed Litigation Claims, the Reorganized Debtors request entry of an order sustaining this Objection and disallowing and expunging in their entirety each of the Disputed Litigation Claims.  The Reorganized Debtors also request that the Court authorize the Claims Agent to expunge the Disputed Litigation Claims from the Claims Register so that the Claims Register reflects more accurately the claims legitimately asserted and outstanding against the Debtors' estates.

### A.  Claim Nos. 3726 and 3752 of David Pociask

15.     David Pociask filed two (2) Proofs of Claim on June 8, 2009, each in the amount of $69,656.34 against Chicago Tribune Company ("Chicago Tribune"), which were assigned Claim Nos. 3726 and 3752 by the Claims Agent (collectively, the "Pociask Claims").  Copies of the Pociask Claims are attached hereto as Exhibit B.  The Pociask Claims attach no supporting documentation to substantiate a claim against Chicago Tribune, but state as their basis "personal injury from slip and fall" and include a reference to civil litigation case number "45D02-0803-CT-86 Indiana."  See Ex. B.  That litigation was captioned Pociask v. Rossi

---

[5] The Reorganized Debtors do not concede that the amounts stated on the Proofs of Claim reflect the amounts due from the Debtors or the Reorganized Debtors on account of such claims.

46429/0001-10823778V1

Realty, Ltd. and Post Tribune, and was filed in the Superior Court, State of Indiana, County of

Lake in May 2008 (the "Pociask Litigation"). A copy of the complaint filed in the Pociask

Litigation is attached hereto as Exhibit C.

        16.     Neither Chicago Tribune nor any of the other Debtors or Reorganized

Debtors were named as defendants in the Pociask Litigation. See Ex. C. The Pociask Litigation

was dismissed by the Indiana Court by order dated June 17, 2011. A copy of the dismissal order

is attached hereto as Exhibit D.

        17.     The Pociask Claims provide no basis on which a claim may be asserted by

Mr. Pociask against any of the Debtors. No cause of action was asserted against any of the

Debtors in the Pociask Litigation.[6] Moreover, the dismissal of the Pociask Litigation suggests

that no such claim or cause of action exists today, if any ever did. Accordingly, the Reorganized

Debtors request that the Pociask Claims be disallowed and expunged in their entirety.[7]

        18.     The Pociask Claims are also duplicative. Accordingly, even if one of such

claims could overcome the deficiencies identified above, the other claim should still be

disallowed. The Reorganized Debtors seek as a result to disallow in full and expunge Claim No.

3752 on the grounds that it is a duplicate of Claim No. 3726 and thereby (i) prevent the claimant

from obtaining a double recovery on account of any single obligation and (ii) limit the claimant

to a single claim for those amounts currently asserted by the claimant in respect of the same

liability.

---

[6] The defendant Post Tribune is not affiliated with Tribune or any of the other Debtors or Reorganized Debtors.

[7] Prior to the filing of this Objection, counsel for the Reorganized Debtors communicated with counsel for Mr. Pociask (as identified on the Pociask Claims) and attempted to obtain the withdrawal of the Pociask Claims. Those efforts were unsuccessful.

46429/0001-10823778V1

### B.  Claim No. 3689 of Lisa Leger

19.     Lisa Leger filed a Proof of Claim on June 8, 2009 against Tribune in the amount of $38,973.35, which was assigned Claim No. 3689 by the Claims Agent (the "Leger Claim").  A copy of the Leger Claim is attached hereto as Exhibit E.  The addendum to the Leger Claim states that the Leger Claim is a "protective proof of claim" for long-term disability benefits allegedly owed to Ms. Leger from the Tribune Company Long Term Disability Benefit Plan (the "LTD Plan"), which is a non-debtor entity.  See Ex. E at 2.

20.     Prior to the Petition Date, Ms. Leger commenced litigation against the LTD Plan in the U.S. District Court for the Northern District of Illinois (the "Leger Litigation").  The complaint filed in the Leger Litigation named the LTD Plan, Tribune, and Metropolitan Life Insurance Company ("MetLife") as defendants.  See Compl., Leger v. Tribune Co. Long Term Disability Benefit Plan, No. 1:06-cv-06388 (N.D. Ill. Nov. 21, 2006) (ECF No. 1).  Upon a motion to dismiss filed by Tribune and MetLife, the District Court entered a memorandum opinion and order approximately 18 months before the Petition Date dismissing those parties as defendants, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Order, Leger v. Tribune Co. Long Term Disability Benefit Plan, No. 1:06-cv-06388 (N.D. Ill. April 13, 2007) (ECF No. 26),[8] a copy of which is attached hereto as Exhibit F.  Citing applicable precedent, the District Court found that the LTD Plan "is the only proper defendant in an action to recover benefits."  Id. at 3 (citing Neuma, Inc. v. AMP, Inc., 259 F.3d 864, 872 n.4 (7th Cir. 2001)).

21.     The dismissal of the Leger Litigation against Tribune by the District Court precludes, under settled principles of res judicata, the assertion of the Leger Claim against Tribune, which purports to seek recovery on the same grounds as the Leger Litigation, i.e., the

---

[8] Footnote 1 to the order states that "Plaintiff has no objection to dismissing defendant Tribune."

denial of benefits by the LTD Plan.  Accordingly, the Leger Claim should be disallowed in its entirety and expunged.[9]

### C.  Claim No. 4127 of Gary Garcia

22.    Gary Garcia filed a Proof of Claim against Tribune on June 9, 2009, in an unliquidated amount, which was assigned Claim No. 4127 by the Claims Agent (the "Garcia Claim").  A copy of the Garcia Claim is attached hereto as Exhibit G.  The Garcia Claim attaches no supporting documentation to substantiate a claim against Tribune, but states as its basis "personal injury 5/11/09."

23.    The Reorganized Debtors have determined that the Garcia Claim is based on a prepetition personal injury lawsuit commenced by Mr. Garcia captioned Garcia v. Newsday, Inc., No. 07-29915, which was filed in the Supreme Court of the State of New York in 2007 (the "Garcia Litigation").  At the time the Garcia Litigation was commenced, Newsday, Inc. was a subsidiary of Tribune.[10]  Neither Tribune nor any of the other Debtors or Reorganized Debtors were named as defendants in the Garcia Litigation.  Prior to the Petition Date, the operating assets and certain liabilities of Newsday, Inc., including liability for the claims and causes of action asserted in the Garcia Litigation, were contributed to a newly-formed successor entity that is majority-controlled by a third party (the "Newsday Transaction").  Following the consummation of the Newsday Transaction, that successor entity negotiated a resolution of all of the claims and causes of action raised in the Garcia Litigation, which resulted in the parties' stipulated dismissal of the matter, with prejudice, on July 29, 2009.  A copy of the stipulated dismissal is attached hereto as Exhibit H.

---

[9] Prior to the filing of this Objection, counsel for the Reorganized Debtors communicated with counsel for Ms. Leger (as identified on the Leger Claim) and attempted to obtain the withdrawal of the Leger Claim.  Counsel for the Reorganized Debtors received no response to that request.

[10] Newsday, Inc. is now known as Tribune ND, LLC.  It was not a Debtor in the above-captioned proceedings.

46429/0001-10823778V1

24.     The Garcia Claim provides no basis on which a claim may be asserted by Mr. Garcia against Tribune.  No cause of action was asserted against Tribune in the Garcia Litigation.  Moreover, the voluntary and stipulated dismissal of the Garcia Litigation suggests that no such claim or cause of action exists today, and that the matter has been fully resolved. Accordingly, the Reorganized Debtors request that the Garcia Claim be disallowed and expunged in its entirety.[11]

## RESERVATION OF RIGHTS

25.     The Reorganized Debtors hereby reserve their right to amend, modify, and/or supplement this Objection at any time prior to the hearing on this Objection.  The Reorganized Debtors further reserve their right to adjourn the hearing on this Objection as it pertains to any or all of the Disputed Litigation Claims.  In the event that the Reorganized Debtors so adjourn the hearing, they will state that the hearing on the Objection and/or any response filed in connection therewith and/or all applicable deadlines for responsive pleadings have been adjourned on the agenda for the hearing, which agenda will be served on any party affected by such adjournment.

## NOTICE

26.     Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) the claimants listed on Exhibit A; and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Reorganized Debtors submit that no other or further notice is necessary.

---

[11] Prior to the filing of this Objection, counsel for the Reorganized Debtors communicated with counsel for Mr. Garcia (as identified on the Garcia Claim) and attempted to obtain the withdrawal of the Garcia Claim.  Counsel for the Reorganized Debtors received no response to that request.

46429/0001-10823778V1

## NO PRIOR REQUEST

27.    No previous application for the relief sought herein has been made to this Court or to any other court.

WHEREFORE, for the reasons set forth herein, the Reorganized Debtors respectfully request that the Court enter an order, pursuant to sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1,

(i) disallowing in full and expunging the Disputed Litigation Claims set forth on Exhibit A;

(ii) directing the Claims Agent to modify the Disputed Litigation Claims on the Claims Register; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
       July 22, 2014

Respectfully submitted,

SIDLEY AUSTIN LLP
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR REORGANIZED DEBTORS

46429/0001-10823778V1

11