## EXHIBIT F

**Order, <u>Leger v. Tribune Co. Long Term Disability Benefit Plan</u>, No. 1:06-cv-06388 (N.D. Ill. April 13, 2007) (ECF No. 26)**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA M. LEGER, | ) |
|       Plaintiff, | ) ) ) |
| v. | ) No.  06 C 6388 ) ) Judge Robert W. Gettleman |
| METROPOLITAN LIFE INSURANCE COMPANY, TRIBUNE COMPANY LONG TERM DISABILITY BENEFIT PLAN, and TRIBUNE COMPANY, | ) ) ) ) ) |
|       Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lisa M. Leger has filed a complaint for wrongful denial of benefits under § 502 (a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Plaintiff has named as defendants the Metropolitan Life Insurance Company ("MetLife"), the Tribune Company Long Term Disability Benefit Plan (the "Plan"), and the Tribune Company ("Tribune"). Defendants MetLife and Tribune[1] have filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the Plan is the only proper party defendant in an action to recover benefits. For the reasons discussed below, defendants' motion is granted.

---

[1] Plaintiff has no objection to dismissing defendant Tribune.

## FACTS[2]

Plaintiff was employed by defendant Tribune from November 12, 1985 to June 29, 1990. On that date, plaintiff ceased working because of severe bilateral osteoarthritis of the knees, which required multiple knee surgeries. Plaintiff applied for disability benefits under the Plan, which was administered by defendant Met Life. Beginning June 30, 1990, plaintiff received disability benefits equal to 60% of her monthly earnings. Plaintiff received disability benefits until September 30, 2005, when defendant MetLife denied plaintiff's claims for continued benefits, although plaintiff's condition had not improved and plaintiff expected to undergo additional surgeries.

Plaintiff received defendant MetLife's denial of benefits on October 12, 2005, and she informed defendant MetLife of her intent to appeal the denial on October 21, 2005. Plaintiff submitted an appeal of the denial of benefits, along with medical documentation of her condition. Defendant MetLife denied her appeal on May 26, 2006, which triggered a cessation of other benefits provided to plaintiff by defendant Tribune. Plaintiff then filed the instant lawsuit.

## DISCUSSION

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal notice pleading requires only that the plaintiff "set out in her complaint a short and plain

---

[2]For the purposes of a motion to dismiss, the court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of the plaintiff. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996).

statement of the claim that will provide the defendant with fair notice of the claim." Scott v. City of Chicago, 195 F.3d 950, 951 (7th Cir. 1999). When ruling on a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Szumny v. Am. Gen. Fin., Inc., 246 F.3d 1065, 1067 (7th Cir. 2001).

Defendants MetLife and Tribune argue that the Plan is the only proper party in an action to recover disability benefits under § 502(a)(1)(B). Defendants are correct. The Seventh Circuit has held explicitly that the plan is the only proper defendant in an action to recover benefits, and it has "continually noted that 'ERISA permits suits to recover benefits only against the plan as an entity.'" Neuma, Inc. v. AMP, Inc., 259 F.3d 864, 872 n. 4 (7th Cir. 2001), quoting Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1490 (7th Cir. 1996). Further, an insurance company acting as a plan administrator is an improper party to an action to recover disability benefits under ERISA. Blickenstaff v. R.R. Donnelly & Sons Short Term Disability Plan, 378 F.3d 669, 672 n.1 (7th Cir. 2004).[3] The court therefore grants the motion to dismiss the complaint as to defendants MetLife and Tribune.

## CONCLUSION

For the reasons discussed above, the court grants the motion to dismiss as to defendants MetLife and Tribune. The remaining parties are directed to prepare and file a Joint Status Report

---

[3]In Madaffari v. Metrocall Cos. Group, 2004 WL 1557966, *4-5 (N.D. Ill. July 6, 2004), and Nozar v. John Hancock Mut. Life Ins. Co., 1990 WL 103216, *3 (N.D. Ill. July 19, 1990), relied on by plaintiff, the court allowed the plan's insurer to be sued because the parties were unable to identify the name of the plan – a fact not present in the instant case.

3

on the court's form on or before April 20, 2007. The hearing on status previously set for April 18, 2007, is continued to April 25, 2007, at 9:00 a.m.

**ENTER: April 13, 2007**

_____
Robert W. Gettleman
United States District Judge