**EXHIBIT D**

**Claim No. 7092**

United States Bankruptcy Court
District of Delaware
824 Market St. 3rd. Floor
Wilmington, Delaware,   19801

Case No. 08-13141 (KJC)
Docket No:  8065
Tribune Company
Claim # 6601
Re:  Carol Walker

Please add to file.

Thank  You,

Carol Walker

FILED

2012 JAN -9  AM 9:35

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Filed: USBC - District of Delaware
Tribune Company, Et Al.
08-13141 (KJC)        0000007092



ε

1   CAROL H. WALKER
2   3561 W. Hemlock
    Oxnard, CA 93035
3   805 985-8704

4   In Propria Persona



5

6

7

8                   SUPERIOR COURT OF CALIFORNIA

9                   FOR THE COUNTY OF VENTURA

10

11  CAROL WALKER,                    Case No  56-2011-00404806-CU-WT-VTA

12          Plaintiff,               **COMPLAINT FOR:**

13
                                     **1.   STATUTORY DISCRIMINATION**
14  vs.                              **(PHYSICAL OR MENTAL DISABILITY)**
                                     **2.   WRONGFUL TERMINATION IN**
15                                   **VIOLATION OF PUBLIC POLICY**
                                     **3.   NEGLIGENT MISREPRESENTATION**
16  THE LOS ANGELES TIMES, a business
17  entity unknown; TRIBUNE COMPANY, a
    business entity unknown; DOES 1-20
18  inclusive,

19          Defendants.

20

21

22          Plaintiff complains and alleges as follows:

23                  __PARTIES AND JURISDICTION__

24      1.    Plaintiff CAROL WALKER (WALKER  hereinafter) is and at all times relevant

25  hereto has been a resident of the County of Ventura, State of California, and had been employed by

26  Defendant LOS ANGELES TIMES, (TIMES) at their Ventura County, California facility  from on

27  or about 1987 until on or about June, 2010, when she was retired, a period of approximately

28

                                         1

1    twenty-three years.

2        2.      WALKER is informed and believes and thereby alleges that Defendant TIMES, at

3    all times relevant hereto, was a business entity unknown, organized and existing under and by

4
5    virtue of the laws of the State of California, and doing business in the County of Ventura, State of

6    California.

7        3.      WALKER is informed and believes and thereby alleges that Defendant TRIBUNE

8    COMPANY, at all times relevant hereto, was a business entity unknown, organized and existing

9
10   under and by virtue of the laws of the State of California, was the parent company of TIMES and

11   doing business in the County of Ventura, State of California.

12       4.      The true names and capacities of the Defendants named herein as DOES 1 through

13   20, inclusive, whether individual, corporate, associate or otherwise, are unknown to WALKER

14   who therefore sues such Defendants by fictitious names pursuant to California Code of Civil

15
16   Procedure, Section 474.  WALKER is informed and believes and thereon alleges that DOE

17   Defendants are California residents.  WALKER will amend this complaint to show such true

18   names and capacities when they have been determined.

19       5.      WALKER is informed and believes, and thereby alleges that each of the

20   Defendants herein was at all times relevant hereto the agent, employee or representative of the

21   remaining Defendants and was acting at least in part within the course and scope of such

22
23   relationship and with the knowledge and consent of all other Defendants.

24

25                                    I.

26                          FIRST CAUSE OF ACTION

27            STATUTORY DISCRIMINATION ( MENTAL DISABILITY)

28                                    2

---

Complaint for Statutory Mental Disability Discrimination; Wrongful Termination in Violation of
Public Policy; Negligent Misrepresentation

Maury Mills
Attorney at Law

**Against all Defendants**

6.    The allegations of Paragraphs 1 through 5, inclusive are realleged and incorporated herein by reference.

7.    WALKER was hired by Defendants on or about 1987 and was an employee until May of of 2010 when she was retired

8.    At all times material hereto, WALKER was an employee, covered by the <u>California Government Code</u>, prohibiting discrimination in employment on the basis of a mental disability.

9.    Defendants, and each of them, were, and are at all times material hereto, employers within the meaning of the <u>California Government Code</u>, Section 12926©), and as such, barred from discriminating in employment decisions on the basis of mental disability as set forth in <u>California Government Code</u>, Section 12941.

10.    Defendants have discriminated against Plaintiff on the basis of mental disability in violation of <u>California Government Code</u>, Section 12941, by engaging in a course of conduct which included failing to accommodate WALKER's disability and then terminating WALKER at least in part because of her mental disability.

11.    Specifically, WALKER began working for the L.A. Times in 1987 in Ventura County at the "Gold Coast" office as a telemarketer.   She was working on a salary/commission basis. She was promoted to manager in March of 1992. In the spring of 1994, WALKER was informed the office would be closing in the near future and she would be transferred to the Times office in Northridge, California.  Because of the fact that telemarketing positions still needed to be filled, she was instructed to fill any vacant positions but specifically instructed not to inform any newly hired employees that their positions would be short lived.  Also, she was instructed to refrain from telling any current employees about the closing of the office.  Combined with the

3

Maury Mills
Attorney at Law

1  stress of having to mis-represent the employment situation to her employees along with the long

2  hours she was working, she went out on medical leave.  Her doctor kept her on medical leave

3  because of the emotional conflict she was experiencing.  She then became depressed because of

4  what had happened at work.   Later in 1994, WALKER applied for long term disability with the

5  Time's insurance carrier.   Thereafter the Times retained counsel for WALKER to apply for Social

6

7  Security Disability which was ultimately granted in February of 1997.   WALKER has since that

8  time made efforts to ascertain her employment status with the Times.  In May of 2000, in response

9  to an inquiry, she received a letter from the Times confirming her then current medical coverage

10  and that she remained an employee of the Times.  At that time she applied for an open

11  telemarketing management position with The Times at Rancho Dominguez on June12, 2000 but

12

13  was not re-instated. In late 2002 she received a benefits statements regarding her medical

14  coverage. Because of the events of 1994 surrounding the closing of the "Gold Coast" office and

15  the related depression she was suffering, Ms. Walker believed the Times was keeping her as an

16  employee with benefits.  That belief was supported by numerous communications from the Times

17  to her addressed as "Dear Employee."  Based on the foregoing, WALKER held a reasonable belief

18

19  that she continued to be an employee of the Los Angeles Times with medical benefits for her

20  family.  Based on that reasonable belief she took no steps to look for other insurance for the

21  family.   In December of 2009, the Times contacted WALKER and told her she was no longer an

22  employee, that there had been a "glitch" in the system and her benefits would be cancelled.

23

24  WALKER is ready, able and willing to return to work and she submitted a resume to Scott

25  Timmons of the Times recruiting on March 10, 2010.  The Times never contacted her to discuss

26  what accommodation if any she would need to return to work and by failing to do so has failed to

27  enter into the interactive process with WALKER as required by law. Shortly thereafter, the Times

28

4

Complaint for Statutory Mental Disability Discrimination; Wrongful Termination in Violation of
Public Policy; Negligent Misrepresentation

Maury Mills
Attorney at Law

1  retired WALKER .

2      12.    WALKER timely filed a charge of discrimination with the California Department

3  of Fair Employment and Housing and has received notice of the right to sue in a California

4

5  Superior Court pursuant to California Government Code §12965, permitting WALKER to bring

6  this action. Said complaint and right to sue letter are attached hereto collectively as Exhibit "A"

7  and incorporated by reference herein.

8      13.    As a direct and proximate result of Defendants' wrongful conduct, WALKER has

9
   suffered and continues to suffer loss of earnings, bonuses, deferred compensation and other
10
   employee benefits embarrassment, humiliation, and mental anguish all to his damages and in an
11

12  amount according to proof.

13      14.    Defendants committed the acts alleged herein maliciously, fraudulently and

14
   oppressively, with the wrongful intention of injuring WALKER, from an improper and evil motive
15
   amounting to malice, and in conscious disregard of WALKER's rights. WALKER is thus entitled
16

17  to recover punitive damages from Defendants in an amount according to proof.

18      15.    As a result of Defendants' discriminatory acts as alleged herein, WALKER is

19
   entitled to reasonable attorneys' fees and costs of said suit as provided by California Government
20
   Code § 12965(b).
21

22

23                                  **II.**

24                        **SECOND CAUSE OF ACTION**

25       **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

26
                            **Against All Defendants**
27

28      16.    The allegations of Paragraphs 1 through 5are realleged and incorporated herein by

5

---

Complaint for Statutory Mental Disability Discrimination; Wrongful Termination in Violation of
Public Policy; Negligent Misrepresentation

Maury Mills
Attorney at Law

1  reference.

2      17.    WALKER was hired by Defendants, on or about 1987 and was an employee until

3  until May of of 2010 when she was retired

4      18.    At all times herein mentioned, the Public Policy of the State of California, pursuant

5  to California Government Code Section 12940 et. seq. was to prohibit an employer from

6

7  discriminating against and/or discharging an employee because of the employee's mental disability

8      19.    Notwithstanding the public policy of the State of California, defendants have

9  discriminated against WALKER by failing to accommodate him and then  terminating WALKER

10

11  at least in part in because of WALKER's physical or mental disability

12      20.    Specifically, WALKER  began working for the L.A. Times in 1987 in Ventura

13  County at the "Gold Coast" office as a telemarketer.   She was working on a salary/commission

14

15  basis.  She was promoted to manager in March of 1992. In the spring of 1994, WALKER was

16  informed the office would be closing in the near future and she would be transferred to the Times

17  office in Northridge, California.  Because of the fact that telemarketing positions still needed to be

18  filled, she was instructed to fill any vacant positions but specifically instructed not to inform any

19  newly hired employees that their positions would be short lived.  Also, she was instructed to

20

21  refrain from telling any current employees about the closing of the office.  Combined with the

22  stress of having to mis-represent the employment situation to her employees along with the long

23  hours she was working, she went out on medical leave.  Her doctor kept her on medical leave

24  because of the emotional conflict she was experiencing.  She then became depressed because of

25  what had happened at work.   Later in 1994, WALKER applied for long term disability with the

26  Time's insurance carrier.   Thereafter the Times retained counsel for WALKER to apply for Social

27  Security Disability which was ultimately granted in February of 1997.  WALKER has since that

28

6

---

Complaint for Statutory Mental Disability Discrimination; Wrongful Termination in Violation of
Public Policy; Negligent Misrepresentation

Maury Mills
Attorney at Law

1    time made efforts to ascertain her employment status with the Times.  In May of 2000, in response

2    to an inquiry, she received a letter from the Times confirming her then current medical coverage

3
     and that she remained an employee of the Times.  At that time she applied for an open
4
     telemarketing management position with The Times at Rancho Dominguez on June12, 2000 but
5
6    was not re-instated. In late 2002 she received a benefits statements regarding her medical

7    coverage. Because of the events of 1994 surrounding the closing of the "Gold Coast" office and

8
     the related depression she was suffering, Ms. Walker believed the Times was keeping her as an
9
     employee with benefits.  That belief was supported by numerous communications from the Times
10
11   to her addressed as "Dear Employee."   Based on the foregoing, WALKER held a reasonable belief

12   that she continued to be an employee of the Los Angeles Times with medical benefits for her

13   family.  Based on that reasonable belief she took no steps to look for other insurance for the

14
     family.   In December of 2009, the Times contacted WALKER and told her she was no longer an
15
     employee and her benefits would be cancelled.  WALKER is ready, able and willing to return to
16
17   work and she submitted a resume to Scott Timmons of the Times recruiting on March 10, 2010.

18   The Times never contacted her to discuss what accommodation if any she would need to return to

19
     work and by failing to do so has failed to enter into the interactive process with WALKER as
20
     required by law. Shortly thereafter, the Times retired WALKER .
21
22         21.    As a proximate result of Defendants' interference with her rights and discrimination

23   against WALKER, WALKER has suffered and continues to suffer loss of earnings, bonuses,

24   deferred compensation and other employee benefits as well as embarrassment, humiliation, and

25
     mental anguish all to her damages and in an amount according to proof.
26
27         22.    Defendants committed the acts alleged herein maliciously, fraudulently and

28   oppressively, with the wrongful intention of injuring WALKER, from an improper and evil motive

                                                 7

Maury Mills
Attorney at Law

1  amounting to malice, and in conscious disregard of WALKER's rights. WALKER is thus entitled

2  to recover punitive damages from Defendants in an amount according to proof.

3

4

5  **III.**

6  **THIRD CAUSE OF ACTION**

7  **NEGLIGENT MISREPRESENTATION**

8  **Against All Defendants**

9
       23.     The allegations of Paragraphs 1 through 5, inclusive, 7 through 11, inclusive and 17
10
11  through 20, inclusive, are realleged and incorporated by reference.

12       24      Defendants misrepresentations and concealment of material facts alleged above

13  constitute negligent misrepresentation.

14       25.     Defendants made the misrepresentations and concealments described above,
15
16  without any reasonable ground for believing them to be true and with the intent to induce actions

17  on the part of WALKER . When making the misrepresentations and concealments, defendants

18  knew WALKER would rely on the misrepresentations.

19       26.     WALKER did, in fact, reasonably and justifiably rely on defendants false
20
21  statements to WALKER's detriment as alleged herein.   Had WALKER known the true facts and

22  actual intentions of defendants, WALKER would not have acted as she did.

23       27.     As a direct and proximate result of defendant's negligent misrepresentations,
24
25  WALKER has been damaged in an amount which is presently unknown but which includes at a

26  minimum the amount she will have to pay for medical coverage for her and her husband, presently

27  estimated to be in excess of $65,000.00

28       WHEREFORE, WALKER prays for judgment against Defendants jointly and separately

8

---

Maury Mills
Attorney at Law

1   and on each cause of action as follows:

2     1.   For compensatory damage for losses resulting from embarrassment, humiliation,

3          mental anguish and emotional distress according to proof in excess of the

4

5          jurisdictional limit of the Municipal Court;

6     2.   For damages according to proof for loss of earnings, relocation expenses, bonuses,

7          deferred compensation and other employee benefits;

8

9     3.   For interest on the amount of losses incurred in earnings, deferred compensation

10         and other employee benefits at the prevailing legal rate;

11    4.   For attorneys' fees and costs as provided for by statute and contract; and

12    5.   For such other and further relief as the Court may deem just and proper.

13   DATED: Oct 05, 2011

14

15                              By:  _Carl Walker_

16                                   CAROL WALKER
                                     In Propria Persona
17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Statutory Mental Disability Discrimination; Wrongful Termination in Violation of
Public Policy; Negligent Misrepresentation

Maury Mills
Attorney at Law

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                    ARNOLD SCHWARZENEGGER, Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov



July 12, 2010

WALKER, CAROL
C/O MAURY MILLS, 950 COUNTY SQUARE DRIVE, SUITE
215
VENTURA, CA 93003

RE:   E201011R5052-00
      <u>WALKER/LOS ANGELES TIMES</u>

Dear WALKER, CAROL:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department
of Fair Employment and Housing (DFEH) has been closed effective July 12, 2010 because
an immediate right-to-sue notice was requested. DFEH will take no further action on the
complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965,
subdivision (b), a civil action may be brought under the provisions of the Fair Employment
and Housing Act against the person, employer, labor organization or employment agency
named in the above-referenced complaint. The civil action must be filed within one year
from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity
Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this
DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act,
whichever is earlier.

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless the case
is still open at the end of the three-year period.

Sincerely,

*Tina Walker*

Tina Walker
District Administrator


cc:   Case File


MAURY MILLS
ATTORNEY
LAW OFFICE OF MAURY MILLS
950 COUNTY SQUARE DRIVE, SUITE 215
VENTURA, CA 93003

DFEH-200-43 (06/06)

# *** EMPLOYMENT ***

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH #    E201011R5052-00

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (indicate Mr. or Ms.) | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| WALKER, CAROL | (805)650-9800 |

ADDRESS

C/O MAURY MILLS, 950 COUNTY SQUARE DRIVE, SUITE 215

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| VENTURA, CA 93003 | TUOLUMNE | 109 |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| LOS ANGELES TIMES | (213)237-5000 |

| ADDRESS | DFEH USE ONLY |
|---|---|
| 202 W. 1ST ST. | |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| LOS ANGELES, CA 90012 | LOS ANGELES | 037 |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month,day, and year) | RESPONDENT CODE |
|---|---|---|
| 150+ | 03/01/2010 | 00 |

THE PARTICULARS ARE:

I allege that on about or before 03/01/2010 , the following conduct occurred:

| | | |
|---|---|---|
| X termination | ___ denial of employment | ___ denial of family or medical leave |
| ___ laid off | ___ denial of promotion | ___ denial of pregnancy leave |
| ___ demotion | ___ denial of transfer | ___ denial of equal pay |
| ___ harassment | X denial of accommodation | ___ denial of right to wear pants |
| ___ genetic characteristics testing | ___ failure to prevent discrimination or retaliation | ___ denial of pregnancy accommodation |
| ___ constructive discharge (forced to quit) | ___ retaliation | |
| ___ impermissible non-job-related inquiry | ___ other (specify) | |

by    LOS ANGELES TIMES

|  | Name of Person | Job Title (supervisor/manager/personnel director/etc.) |
|---|---|---|

because of :

| | | | |
|---|---|---|---|
| ___ sex | ___ national origin/ancestry | X disability (physical or mental) | ___ retaliation for engaging in protected activity or requesting a protected leave or accommodation |
| ___ age | ___ marital status | ___ medical condition (cancer or genetic chracteristic | |
| ___ religion | ___ sexual orientation | | |
| ___ race/color | ___ association | ___ other (specify) | |

State of what you believe to be the reason(s) for discrimination

I WENT OUT ON DISABILITY LEAVE IN 1995 AND CONTINUED TO BE CONSIDERED AN EMPLOYEE.  I CONTINUED TO RECEIVE MEDICAL COVERAGE AND LIFE INSURANCE UNTIL JANUARY OF 2010 WHEN IT WAS DISCONTINUED AND THEN WAS TERMINATED IN MARCH OF 2010. I HAD BEEN APPLYING FOR POSITIONS AT THE TIME I WAS TERMINATED.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  07/12/2010

At    Ventura

DATE FILED:  07/12/2010

DFEH-300-03o (02/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA






W. Hemlock
rd, Ct. 93035

United States Bankruptcy Court
District of Delaware
824 Market Street, 3rd Floor
Wilmington, Delaware 19801

131
500

## FedEx. US Airbill
Express

Tracking Number  8739 3511 3374

873935113374

**1 From** This portion can be removed for Recipient's records.

FedEx
Date                    Tracking Number

Sender's
Name                                    Phone

Company

Address

City                    State        ZIP

**2 Your Internal Billing Reference**

**3 To**
Recipient's
Name                                    Phone

Company

Address

HOLD Weekday

HOLD Saturday

Address

City                    State        ZIP

8739 3511 3374

---

No. 0215

**4a Express Package Service**                    Packages up to 150 lbs.

FedEx Priority Overnight      FedEx Standard Overnight      FedEx First Overnight

FedEx 2Day                     FedEx Express Saver

**4b Express Freight Service**                    Packages over 150 lbs.

FedEx 1Day Freight

FedEx 2Day Freight           FedEx 3Day Freight

**5 Packaging**

FedEx
Envelope      FedEx Pak      FedEx Box      FedEx Tube      Other

**6 Special Handling and Delivery Signature Options**

SATURDAY Delivery

No Signature Required      Direct Signature      Indirect Signature

Does this shipment contain dangerous goods?

No      Yes      Yes      Dry Ice      Cargo Aircraft Only

**7 Payment** Bill to:

Sender      Recipient      Third Party      Credit Card      Cash/Check

Total Packages      Total Weight

605

---

# The World O FedEx
0215 8739 3511 3374

THU – 12 JAN  A1
STANDARD OVERNIGHT

EA OGSA

10017
NY-US
EWR

pment

Align bottom of Peel and Stick Airbill o