# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered<br>Hearing Date: September 23, 2014 at 10:00 a.m. ET<br>Objection Deadline: August 21, 2014 at 4:00 p.m. ET |

## REORGANIZED DEBTORS' MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE DEADLINE TO OBJECT TO CLAIMS

The reorganized debtors in the above-captioned chapter 11 cases (collectively, the "Reorganized Debtors"), by and through their undersigned counsel, hereby submit this motion (the "Motion") for the entry of an order, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and section 8.1 of the Plan (as defined below), further extending

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

the deadline established under the Plan for the Reorganized Debtors to object to Claims.[2]  In

support of this Motion, the Reorganized Debtors respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1.      On December 8, 2008 (the "Petition Date"), Tribune Company and certain

of its subsidiaries (collectively, the "Debtors")[3] each filed a voluntary petition for relief under

chapter 11 of the Bankruptcy Code.  An additional Debtor, Tribune CNLBC, LLC,[4] filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.

2.      The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket

Nos. 43, 2333].

3.      On July 23, 2012, the Court entered an order [Docket No. 12074] (the

"Confirmation Order") confirming the Fourth Amended Joint Plan of Reorganization for Tribune

Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured

Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan

Chase Bank, N.A. [Docket No. 12072] (the "Plan").

4.      The Effective Date of the Plan occurred on December 31, 2012.

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334, which jurisdiction was retained pursuant to Article IX of the Confirmation Order and

Section 12.1 of the Plan.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is

proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

[3] As used herein, the term "Debtors" refers to the entities that filed the above-captioned chapter 11 cases and the term "Reorganized Debtors" refers to the entities that became successors to the Debtors upon the Debtors' emergence from their chapter 11 cases.

[4] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006, and Local Rule 9006-2.

**RELEVANT BACKGROUND**

6.      Section 8.1 of the Plan provides that "[u]nless otherwise ordered by the Bankruptcy Court, the Reorganized Debtors and/or the Litigation Trustee shall serve and file any objections to Claims and Interests as soon as practicable, but in no event later than (a) two hundred ten (210) days after the Effective Date or (b) such later date as may be determined by the Bankruptcy Court upon a motion which may be made without further notice or hearing." Plan § 8.1.  In light of the foregoing, because the Effective Date occurred on December 31, 2012, the period within which the Reorganized Debtors may object to Claims was initially set to expire on July 29, 2013 (the "Initial Claims Objection Deadline").

7.      On July 26, 2013, the Court entered the Order Extending the Reorganized Debtors' Deadline to Object to Claims [Docket No. 13674] (the "First Extension Order"). Pursuant to the First Extension Order, the Initial Claims Objection Deadline was extended through and including January 31, 2014.  On February 12, 2014, the Court entered the Order Further Extending the Reorganized Debtors' Deadline to Object to Claims [Docket No. 13841] (the "Second Extension Order").[5]  Pursuant to the Second Extension Order, the Initial Claims Objection Deadline was extended through and including July 31, 2014, without prejudice to the Reorganized Debtors' rights to seek additional extensions of the period within which the Reorganized Debtors may object to Claims.

8.      Approximately 93% of the 7,191 proofs of claim that were filed in the Debtors' chapter 11 cases (the "Proofs of Claim") have been resolved as of the date of this Motion.  Since requesting the Second Extension Order, the Reorganized Debtors' personnel and

---

[5] The deadline was bridged between January 31, 2014 and February 12, 2014 by operation of Local Rule 9006-2.

3

professionals succeeded in resolving an additional 62 of the 554 Proofs of Claim that were outstanding at the time said request was made. Of those 62 Proofs of Claim, 42 relate to escheatment Claims filed by three (3) States, which were resolved on a consensual basis. The remaining 20 resolved Proofs of Claim include certain union Claims, indemnification Claims, litigation Claims, and federal and state tax Claims. All but one of these was resolved by the Reorganized Debtors on a consensual basis with the respective claimants, and one was resolved by means of an objection that was sustained by this Court.[6]

9.        As of the date of this Motion, approximately 494 Proofs of Claim remain unresolved (the "Unresolved Claims").[7] Approximately 80% of the Unresolved Claims are contingent and unliquidated indemnification or securities litigation Claims. A substantial portion of the other 20% of Unresolved Claims involve disputed facts and substantive issues that require greater levels of evaluation than the Proofs of Claim that have already been expunged or resolved. Those remaining Unresolved Claims are primarily comprised of (i) Claims that were disputed prior to the Petition Date and were the subject of prepetition litigation between one or more Debtors and the claimant, which Claims either remain subject to pending litigation or ongoing negotiations between the Debtors and the applicable claimant, (ii) unliquidated Claims filed by States asserting rights under unclaimed property laws, and (iii) tax Claims by federal, state, and local taxing authorities.

---

[6] See Order Sustaining Reorganized Debtors' Objection to Claim No. 3379 of Curtis Wallace Pursuant to Sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001 and 3007, entered July 14, 2014 [Docket No. 13919].

[7] Thirteen (13) of the Unresolved Claims are subject to objections filed by the Debtors and Reorganized Debtors that are presently before the Court. The Reorganized Debtors have recently filed two omnibus objections and one supplemental objection to Claims, covering ten (10) Claims, which are scheduled for hearing before the Court at the September 23, 2014 omnibus hearing. See Reorganized Debtors' Seventy-Third Omnibus (Substantive) Objection to Claims ("Disputed Litigation Claims"), filed July 22, 2014 [Docket No. 13930]; Reorganized Debtors' Seventy-Second Omnibus (Substantive) Objection to Claims ("Disputed Employee Benefit Claims"), filed July 17, 2014 [Docket No. 13924]; Reorganized Debtors' Supplemental Objection to the Proofs of Claim Filed By Carol Walker, filed July 28, 2014 [Docket No. 13936].

## RELIEF REQUESTED

10.     By this Motion, the Reorganized Debtors request that the Court enter an order further extending the deadline by which they may timely submit objections to Claims (the "Claims Objection Deadline") by approximately six (6) months, through and including Friday, January 30, 2015.  The Reorganized Debtors further request that the extension proposed herein be without prejudice to their rights to seek further extensions of the Claims Objection Deadline.

## BASIS FOR RELIEF REQUESTED

11.     As set forth above, Section 8.1 of the Plan provides that the Claims Objection Deadline may be extended by order of the Court.  Additionally, section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).  Bankruptcy Rule 9006(b)(1) further provides, in pertinent part, that:

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b)(1).[8]

12.     The Reorganized Debtors submit that extending the Claims Objection Deadline is in the best interests of the Reorganized Debtors and their estates.  While the Debtors and the Reorganized Debtors have made significant progress to date, the Reorganized Debtors need additional time to resolve the Unresolved Claims, including seeking the consensual resolution thereof, or if necessary, filing appropriate objections to such Claims.

---

[8]  Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the Claims Objection Deadline shall automatically extend such deadline until the Court acts on this Motion without the necessity for the entry of a bridge order.

46429/0001-10850895v1

13.    As noted above, a significant percentage of the Unresolved Claims are contingent and unliquidated indemnification or securities litigation Claims. The vast majority of these Claims are indemnification, reimbursement, or contribution Claims filed by current or former directors or officers of the Debtors and/or the Reorganized Debtors, many of whom are named as defendants in multidistrict litigation that is currently pending in the U.S. District Court for the Southern District of New York (the "MDL Proceedings").[9] Section 7.11.2 of the Plan provides that, to the extent such unresolved indemnification, reimbursement, or contribution Claims are Allowed, they will be set off against any recovery by the Litigation Trustee against the holders of such Claims.[10] Section 7.11.2 of the Plan further authorizes the Litigation Trustee to object to the allowance of such Claims.[11] Accordingly, the Reorganized Debtors anticipate (but defer to the Litigation Trustee to confirm) that the overwhelming majority of the Unresolved Claims will ultimately be adjudicated or resolved in conjunction with the MDL Proceedings.[12]

14.    The Reorganized Debtors remain engaged with the respective claimants to resolve the other Unresolved Claims, many of which present challenges that exceed those of ordinary general unsecured Claims. For example, the Reorganized Debtors continue to resolve

---

[9] See In re Tribune Co. Fraudulent Conveyance Litig., No. 12 MC 2296 (RJS), MDL No. 11 MD 2296 (RJS) (S.D.N.Y.).

[10] Specifically, section 7.11.2 of the Plan provides, in relevant part, as follows: "To the extent that any Person has either (i) an Allowed Other Parent Claim against Tribune, (ii) an Allowed General Unsecured Claim against any of the Filed Subsidiary Debtors or (iii) a valid and enforceable claim against any other direct or indirect subsidiary of the Debtors, in each case for (a) indemnification, reimbursement, contribution or claims pursuant to Bankruptcy Code section 502(h), and (b) arising from or relating to the assertion of any claim or cause of action by the Litigation Trust or the Litigation Trustee against such Person or any of its Related Persons, such Allowed Claim shall be setoff against any recovery by the Litigation Trust against such Person. For the purposes of this Section 7.11.2, "setoff against" shall mean that the Litigation Trust shall either use Litigation Trust Assets assets to pay such Claim or shall take actions necessary to cause the release or waiver of such Claim." Plan § 7.11.2.

[11] Id. ("The Litigation Trust shall be authorized to object to the allowance of, and entitled to assert any claim, counterclaim, or defense of the Debtors or applicable direct or indirect subsidiary of a Debtor to, any such indemnification, reimbursement, contribution or Bankruptcy Code section 502(h) claim.").

[12] See Litigation Trustee's Motion for an Order Extending the Deadline to Object to Claims [Docket No. 13651] at ¶ 12 ("To the extent any defendants. . . have asserted Setoff Claims against the Debtors or attempt to assert Setoff Claims against the Litigation Trust upon answering or otherwise moving to dismiss, the Litigation Trustee intends to object to such Claims.").

46429/0001-10850895v1

litigation-related Claims in forum courts via mediation, settlement negotiations, appellate proceedings, or trial, with the consent of the parties.  Additionally, tax Claims remain the subject to ongoing discussions between the Reorganized Debtors and the applicable taxing authorities. The Reorganized Debtors, therefore, need additional time to continue to negotiate those Unresolved Claims, and if appropriate, to file objections to the Claims.

15.    The Reorganized Debtors submit that extending the Claims Objection Deadline is necessary to ensure that the Reorganized Debtors have sufficient time to raise appropriate objections to, or otherwise resolve, the Unresolved Claims.  Given the volume of Proofs of Claim filed in these chapter 11 cases and the progress made by the Debtors and Reorganized Debtors thus far, the Reorganized Debtors believe that the extension of time requested herein is just and appropriate under the circumstances.  Similar relief has been granted by the Court in other cases on numerous occasions.  See, e.g., In re Allen Family Foods, Inc., No. 11-11764 (KJC) (Bankr. D. Del. Oct. 25, 2013) (order granting third motion to extend time to object to claims); In re Advanta Corp., No. 09-13931 (KJC) (Bankr. D. Del. March 6, 2012) (same); In re Motor Coach Indus. Int'l, Inc., No. 08-12136 (BLS) (Bankr. D. Del. Aug. 5, 2010) (same).

16.    For the foregoing reasons, the Reorganized Debtors request that the Court enter an order extending the Claims Objection Deadline through and including Friday, January 30, 2015, without prejudice to the Reorganized Debtors' rights to seek further extensions of such deadline.

## NOTICE

17.    Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the parties holding Unresolved Claims; and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Reorganized Debtors submit that no other or further notice is necessary.

WHEREFORE the Reorganized Debtors respectfully request entry of an order (i) extending the Claims Objection Deadline through and including Friday, January 30, 2015, without prejudice to the Reorganized Debtors' rights to seek further extensions of such deadline, and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: Wilmington, Delaware
       July 30, 2014

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Kenneth P. Kansa
Kerriann S. Mills
Catherine Jun
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000

-and-

JONES DAY
Bruce Bennett
James O. Johnston
Joshua M. Mester
555 South Flower Street, 50th Floor
Los Angeles, CA  90071-2300
Telephone:  (213) 489-3939

-and-

8

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By:_____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131

ATTORNEYS FOR REORGANIZED DEBTORS

9