IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE MEDIA COMPANY, et al.[1]<br>(f/k/a Tribune Company)<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Hearing Date: December 18, 2014 at 11 a.m. ET<br>Response Deadline: December 11, 2014 at 4:00 p.m. ET |

### REORGANIZED DEBTORS' OBJECTION TO CLAIM NO. 6704 OF KAMAKAZEE KIWI CORP. PURSUANT TO SECTIONS 502(b) AND 558 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3001 AND 3007

The reorganized debtors in the above-captioned chapter 11 cases (collectively, the "Reorganized Debtors"), by and through their undersigned counsel, hereby file this objection (the "Objection") to Claim No. 6704 of Kamakazee Kiwi Corp. ("Kiwi Corp." or "Claimant"), on the grounds that none of the Debtors or Reorganized Debtors have any liability for Claim No. 6704 (the "Claim"), and that the Claim should be disallowed as a matter of law for the reasons set forth below. A copy of the Claim is attached hereto as Exhibit A.

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Content Agency, LLC, LLC (2931); Tribune Content Agency London, LLC (6079); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Objection is submitted pursuant to sections 502(b) and 558 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of the Objection, the Reorganized Debtors rely on the Declaration of Tony Gupta, Director of Financial Systems & Reporting at Tribune Broadcasting, in Support of the Reorganized Debtors' Objection to Claim No. 6704 of Kamakazee Kiwi Corp. (the "Gupta Declaration"), a copy of which is attached hereto as Exhibit B. In further support of the Objection, the Reorganized Debtors respectfully state as follows:

## INTRODUCTION[2]

1. The Claim was filed in a protective capacity on account of potential amounts that may have been due to the Claimant's president under a prepetition executory contract between the Claimant and Tribune Entertainment Company (n/k/a Tribune Entertainment Company, LLC) ("Tribune Entertainment"). Under the terms of the Plan and Confirmation Order, this contract was assumed by Tribune Entertainment. Tribune Entertainment has undertaken a review of its financial records relating to this contract and has determined that no prepetition or pre-assumption amounts were owed to the Claimant. As no prepetition (or pre-assumption) amounts were owed and the contract was assumed, the Debtors have no liability to the Claimant for any prepetition claim and seek that the Claim be disallowed and expunged from the claims register.

## STATUS OF THE CASE AND JURISDICTION

2. On December 8, 2008 (the "Petition Date"), Tribune Company (n/k/a Tribune Media Company) ("Tribune") and certain of its affiliates, including Tribune Entertainment (collectively, the "Debtors"),[3] each filed a voluntary petition for relief under

---

[2] Capitalized terms used but not defined in this Introduction shall have the meanings ascribed to them below.

[3] As used herein, the term "Debtors" refers to the entities that filed the above-captioned chapter 11 cases and the

chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) (Docket Nos. 43, 2333).

3. On March 25, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date.

4. On July 23, 2012, the Court entered the Order Confirming Fourth Amended Joint Plan of Reorganization (the "Plan") for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (Docket No. 12074) (the "Confirmation Order").[4]

5. The Effective Date of the Plan occurred on December 31, 2012.[5]

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001 and 3007.

---

term "Reorganized Debtors" refers to the entities that became successors to the Debtors upon the Debtors' emergence from their chapter 11 cases.

[4] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

[5] The Plan provides that one or more Debtors may undertake Restructuring Transactions on, prior to, or after the Effective Date, which may include, without limitation, mergers, consolidations, conversions, joint ventures, restructurings, recapitalizations, dispositions, liquidations or dissolutions. See Plan § 5.2, Ex. 5.2 and Docket No. 12732. A notice with information respecting each Debtor's post-emergence entity following the consummation of the Restructuring Transactions was filed with the Bankruptcy Court on November 16, 2012 (Docket No. 12732).

## FACTUAL BACKGROUND TO THE CLAIM

A. **Background Relating to Claimant and the Claim**

7. On December 9, 1999, Claimant and Tribune Entertainment entered into an agreement for Claimant's president, actor Kevin Sorbo,[6] to promote the television series "Gene Roddenberry's Andromeda" ("Andromeda" or the "Show"), which starred Mr. Sorbo and was distributed by Tribune Entertainment (the "Agreement"). (See Attach. to Ex. A.)

8. Pursuant to the terms of the Agreement, Mr. Sorbo was entitled to certain compensation related to this promotional work for Andromeda. Under the Agreement, Mr. Sorbo's right to "backend" compensation under the Agreement relies on certain factors, including, but not limited to, (1) the monetary success, or lack thereof, of Andromeda and (2) deduction of certain enumerated expenses of the Show. (See Attach. to Ex. A.)

9. On February 28, 2011, Claimant filed the Claim against Tribune in an undetermined amount and the Claim was assigned Claim No. 6704 by Epiq Bankruptcy Solutions, LLC, the Bankruptcy Court-appointed claims agent (the "Claims Agent"). The Claim included as an attachment a copy of the Agreement with certain highlighting, but did not otherwise identify any amounts owed by Tribune Entertainment to Mr. Sorbo or the Claimant. The Reorganized Debtors assume for purposes of this Objection that the Claim seeks payment of any pre-petition amounts owed to Mr. Sorbo or the Claimant under the Agreement.[7]

10. Following the filing of the Claim, Tribune Entertainment performed a review of the financial information related to Andromeda. This information showed that no pre-

---

[6] Kamakazee Kiwi Corp., the Claimant, is stated in the Agreement to be Mr. Sorbo's "loanout company." See Attach. to Ex. A at p. 7.

[7] If the Claimant responds to this Objection, the Claimant should be required as part of its prima facie case in asserting the Claim to identify precisely what amounts it believes are owing to it and why.

4

petition amounts were due to Mr. Sorbo or the Claimant under the terms of the Agreement and this information was shared with Claimant. (See Gupta Decl. ¶ 4.)

**B.  Treatment of the Agreement under the Plan**

11.  Pursuant to Section 6.1 of the Plan, all executory contracts were deemed assumed unless such executory contract (i) was previously assumed or rejected by the Debtors, (ii) previously expired or terminated pursuant to its own terms, (iii) is an executory contract or unexpired lease that is included in the Global Contract Motion, (iv) is an executory contract or unexpired lease that is expressly excluded from the assumptions set forth in Section 6.5 of the Plan or is set forth on Exhibit 6.3, to be filed with the Plan Supplement, or (v) is an executory contract or unexpired lease that is included in a pending motion to reject such executory contract or unexpired lease. See Plan at § 6.1.

12.  The Agreement was not subject to any of the exclusions cited in Section 6.1 of the Plan and was therefore assumed by Tribune Entertainment Company, LLC.

## RELIEF REQUESTED

13.  By this Objection, the Reorganized Debtors seek entry of an order, substantially in the form attached hereto, (i) disallowing and expunging the Claim pursuant to sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001 and 3007, and (ii) authorizing the Claims Agent to expunge the Claim from the claims register maintained by the Claims Agent so that the claims register reflects more accurately the claims legitimately asserted and outstanding against the Debtors.

## BASIS FOR OBJECTION

14.  A "claim" for bankruptcy purposes means a "right to payment", whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.  11 U.S.C. § 101(5).

15. Section 502(b) of the Bankruptcy Code provides in pertinent part:

> [I]f [an] objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
>
> > (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured
>
> . . . .
>
> > (9) proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure, except that a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide . . . .

11 U.S.C. § 502(b)(1), (9).

16. Section 502(b)(1) recognizes the settled principle that "[c]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." <u>Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.</u>, 549 U.S. 443, 450-51 (2007) (citing <u>Raleigh v. Ill. Dep't of Revenue</u>, 530 U.S. 15, 20 (2000)). A claim against the bankruptcy estate, therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be enforceable against the debtor outside of bankruptcy." <u>In re Combustion Eng'g, Inc.</u>, 391 F.3d 190, 245 (3d Cir. 2004). In proceedings to determine whether a claim is enforceable against the estate, "[t]he estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses" pursuant to section 558 of the Bankruptcy Code. <u>See</u> 11 U.S.C. § 558.

of the filed claim." Id. The burden of persuasion is always on the claimant. Id. at 174.

17.   The Claim should be disallowed under these standards. The Claimant does not identify any particular amount that it is owed by Tribune Entertainment, but refers generally to the Agreement as the basis for its Claim. The Debtors assumed that Agreement and their books and records do not show any amounts owing to the Claimant thereunder. See Gupta Decl. ¶ 4.

18.   As a result of the Agreement's assumption by Tribune Entertainment, whatever rights the Claimant and Tribune Entertainment may have against one another respecting the Agreement will be addressed by the parties in the future in accordance with the Agreement's terms. The Claimant has not demonstrated that it has any present right to payment under the Agreement, however, and the Claim should accordingly be disallowed and expunged from the claims register.

19.   Notwithstanding the foregoing alternative and sufficient basis for this Court to disallow the Claim, such claim is time barred pursuant to section 502(b)(9) of the Bankruptcy Code. As noted above, the deadline for creditors to file Proofs of claim in the Debtors' chapter 11 cases was June 12, 2009. Claimant was aware of the chapter 11 cases prior to the Bar Date, as evidenced by Claimant's timely filing of claim number 2485 on May 6, 2009 (such claim was unrelated to the Agreement and was allowed and paid in the face amount). The Claim was filed on February 28, 2011, without prior leave of Court, and should also be disallowed and expunged on that basis.

**RESERVATION OF RIGHTS**

20.   The Reorganized Debtors hereby reserve their right to amend, modify, and/or supplement this Objection at any time prior to the hearing on this Objection. The Reorganized Debtors further reserve their right to adjourn the hearing on this Objection. In the

7

event that the Reorganized Debtors so adjourn the hearing, they will state that the hearing on the Objection and/or any response filed in connection therewith and/or all applicable deadlines for responsive pleadings have been adjourned on the agenda for the hearing, which agenda will be served on any party affected by such adjournment.

### NOTICE

21.     Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) Claimant; and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Reorganized Debtors submit that no other or further notice is necessary.

### NO PRIOR REQUEST

22.     No previous application for the relief sought herein has been made to this Court or to any other court.

8

46429/0001-11235408v1

event that the Reorganized Debtors so adjourn the hearing, they will state that the hearing on the Objection and/or any response filed in connection therewith and/or all applicable deadlines for responsive pleadings have been adjourned on the agenda for the hearing, which agenda will be served on any party affected by such adjournment.

### NOTICE

21.     Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) Claimant; and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Reorganized Debtors submit that no other or further notice is necessary.

### NO PRIOR REQUEST

22.     No previous application for the relief sought herein has been made to this Court or to any other court.

WHEREFORE, for the reasons set forth herein, the Reorganized Debtors respectfully request that the Court enter an order, pursuant to sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001 and 3007, (i) disallowing in full and expunging the Claim; (ii) directing the Claims Agent to expunge the Claim from the claims register; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
       November 18, 2014

Respectfully submitted,

SIDLEY AUSTIN LLP
Kenneth P. Kansa
Jillian K. Ludwig
Michael T. Gustafson
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR REORGANIZED DEBTORS

46429/0001-11235408v1