IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE MEDIA COMPANY, et al.,[1]<br>(f/k/a Tribune Company)<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Hearing Date: January 21, 2015 at 2:00 p.m. ET<br>Response Deadline: January 14, 2015 at 4:00 p.m. ET |

### REORGANIZED DEBTORS' OBJECTION TO CLAIM NO. 1875 OF JEAN CARLO LOPEZ AND JASMINE GALVAN PURSUANT TO SECTIONS 502(b) AND 558 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3003 AND 3007

The reorganized debtors in the above-captioned chapter 11 cases (collectively, the "Reorganized Debtors"), by and through their undersigned counsel, hereby file this objection (the "Objection") to Claim No. 1875 (the "Claim") filed by Jean Carlo Lopez and Jasmine Galvan (collectively, the "Claimants," and, together with the Reorganized Debtors, the "Parties"). A copy of the Claim is attached hereto as Exhibit A.

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Content Agency, LLC, LLC (2931); Tribune Content Agency London, LLC (6079); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Objection is submitted pursuant to sections 502(b) and 558 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). By this Objection, the Reorganized Debtors request entry of an order disallowing in full and expunging the Claim in its entirety because the Reorganized Debtors have no liability in the underlying civil case. Furthermore, the Claimants have ceased all engagement with both the Reorganized Debtors and their own counsel, leaving the Reorganized Debtors with no plausible prospects for resolving the Claim other than through this Objection. In further support, the Reorganized Debtors respectfully represent as follows.

## STATUS OF THE CASE

1. On December 8, 2008 (the "Petition Date"), Tribune Company (n/k/a Tribune Media Company) and certain of its affiliates (collectively, the "Debtors")[2] each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) (Docket No. 43, 2333).

3. On July 23, 2012, the Court entered the Order Confirming Fourth Amended Joint Plan of Reorganization (the "Plan") for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (Docket No. 12074) (the "Confirmation Order").[3]

---

[2] As used herein, the term "Debtors" refers to the entities that filed the above-captioned chapter 11 cases and the term "Reorganized Debtors" refers to the entities that became successors to the Debtors upon the Debtors' emergence from their chapter 11 cases.

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

4. The Effective Date of the Plan occurred on December 31, 2012.[4]

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 502 and 558 of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

## BACKGROUND

6. Claimants, through their counsel Richard Orloski, filed the Claim against The Morning Call, Inc. (n/k/a The Morning Call, LLC) ("Morning Call") in an unliquidated amount on April 27, 2009, and such claim was assigned Claim No. 1875 by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors and the Reorganized Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

7. The underlying basis for the Claim is a lawsuit that was commenced on July 13, 2007 in the Court of Common Pleas of Lehigh County, Pennsylvania, asserting a cause of action against Morning Call for libel (Case No. 2007-C-2382, C.P. Pa.) (the "Complaint"). The Morning Call's motion for summary judgment on the Complaint was granted on April 16, 2008 and Claimants, through their counsel, filed a notice of appeal to the Superior Court of Pennsylvania on May 14, 2008 (Case No. 1307 EDA 2008, Pa. Super Ct.) (the "Appeal," and, together with the Complaint, the "Lawsuit"). After receiving of notice of the Debtors' chapter 11 cases, the Superior Court of Pennsylvania dismissed the Lawsuit without prejudice on April 6,

---

[4] Certain of the Debtors have undertaken Restructuring Transactions (as described in the Plan), pursuant to which they have been merged with and into direct or indirect wholly-owned subsidiaries of Tribune or have converted from corporations to limited liability companies. As used herein, the term "Debtors" includes the entities that became successors-in-interest to the Debtors upon the Effective Date of the Plan, after taking into account the Restructuring Transactions, as applicable.

3

2010. Morning Call disputes the allegations set forth in the Complaint and the Claim, and denies it has any liability to Claimants.

8. In early November 2014, Morning Call and Mr. Orloski (Claimants' counsel) reached a settlement in principle that would both resolve the Claim and the Lawsuit. Morning Call agreed to settle the Lawsuit for a *de minimis* amount (the "Proposed Settlement") to avoid incurring legal fees in defense of the Claim and Lawsuit, which the Reorganized Debtors anticipated would exceed the settlement amount.

9. Mr. Orloski has since represented to the Reorganized Debtors that his attempted communications by letter to the Claimants' last known address to request final approval to enter into the Proposed Settlement have been returned as undeliverable. Mr. Orloski has further informed the Reorganized Debtors that he does not believe he will ever be able to contact the Claimants.

10. Counsel for Morning Call discovered two other potential addresses for the Claimants and provided these to Mr. Orloski who, on information and belief, attempted to contact Claimants by letter at these addresses. As of the time of filing this Objection, Mr. Orloski has not informed the Reorganized Debtors of any response from the Claimants.

**RELIEF REQUESTED**

11. By this Objection, the Reorganized Debtors seek entry of an order, substantially in the form attached hereto, (i) disallowing and expunging the Claim pursuant to sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007, and (ii) authorizing the Claims Agent to expunge the Claim from the claims register maintained by the Claims Agent so that the claims register reflects more accurately the claims legitimately asserted and outstanding against the Debtors.

## BASIS FOR OBJECTION

12. This Objection is based on section 502(b)(1) of the Bankruptcy Code, which provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1). Section 502(b)(1) recognizes the settled principle that "[c]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450-51 (2007) (citing Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20 (2000)). A claim against the bankruptcy estate, therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be enforceable against the debtor outside of bankruptcy." In re Combustion Eng'g, Inc., 391 F.3d 190, 245 (3d Cir. 2004). In proceedings to determine whether a claim is enforceable against the estate, "[t]he estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses" pursuant to section 558 of the Bankruptcy Code. See 11 U.S.C. § 558.

13. In the instant case, the Reorganized Debtors are effectively unable to address or resolve the Claim. The only contact details provided for the Claimants are those of their counsel, through whom the Lawsuit and the Claim were both filed. The Reorganized Debtors have contacted their counsel, who has been able to negotiate a *de minimis* settlement on behalf of the Claimants but has advised the Reorganized Debtors that he lacks authority to accept

the settlement on their behalf. Counsel to the Claimants further advises that he is no longer in contact with the Claimants and does not expect to be able to communicate with them in the future.

14. For their part, if the Claimants are no longer at their address of record, the Claimants have not updated their addresses or telephone numbers with the Court or with their counsel to provide a means by which the Reorganized Debtors might reach them. The Claimants have likewise taken no other actions to prosecute the Claim in the five-and-a-half years since it was filed or the two years since the Plan became effective. Given the Claimants' failure to take these actions, the Reorganized Debtors conclude that the Claim has effectively been abandoned by the Claimants, and accordingly object to the Claim seeking its disallowance.

15. A claimant's duty in asserting a claim under section 502(b) of the Bankruptcy Code must inherently include the duty to remain in contact with the Court until their claim is adjudicated and, if applicable, paid. The Claimants have not fulfilled that duty here. In analogous circumstances, the court has the authority to dismiss any action for failure to prosecute under Federal Rule of Civil Procedure 41(b), which provides that "[i]f the plaintiff fails to prosecute [an action], a defendant may move to dismiss the action or any claim against it." See Azille v. Pennsylvania, 2014 U.S. Dist. LEXIS 168575 (E.D. Pa. Dec. 5, 2014) (court dismissed case for lack of prosecution where plaintiff failed to participate in litigation he filed for seven months, including failing to appear at four pre-trial conferences). Here, the Reorganized Debtors are faced with a claim that the Claimants have not prosecuted since its filing and has now been abandoned to the best of the Reorganized Debtors' knowledge. The Reorganized Debtors accordingly object to the Claim seeking its disallowance.

16. The Reorganized Debtors will provide notice of this Objection to the Claimants' counsel at the address set forth on the proof of claim form, in the event the Claimants reestablish contact with their counsel before the hearing on this Objection. The Reorganized Debtors will additionally provide notice of this Objection to the Claimants (with their counsel's agreement) at their last known address in their counsel's records, as well as the two addresses discovered by Morning Call's counsel. In the event the Claimants submit a response to this Objection, the Reorganized Debtors reserve their rights to object to the Claim on any applicable grounds other than those set forth herein.

## **RESERVATION OF RIGHTS**

17. The Reorganized Debtors hereby reserve their right to amend, modify, and/or supplement this Objection at any time prior to the hearing on this Objection. The Reorganized Debtors further reserve their right to adjourn the hearing on this Objection. In the event that the Reorganized Debtors so adjourn the hearing, they will state that the hearing on the Objection and/or any response filed in connection therewith and/or all applicable deadlines for responsive pleadings have been adjourned on the agenda for the hearing, which agenda will be served on any party affected by such adjournment.

## **NOTICE**

18. Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) the Claimants, through their counsel, (iii) the Claimants, directly to their last known address and two additional addresses located by Morning Call's counsel, and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Reorganized Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

19. No previous application for the relief sought herein has been made to this Court or to any other court.

WHEREFORE, for the reasons set forth herein, the Reorganized Debtors respectfully request that the Court enter an order, pursuant to sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007, (i) disallowing in full and expunging the Claim; (ii) directing the Claims Agent to expunge the Claim from the claims register; and (iii) granting such other and further relief as the Court deems just and proper.

Dated:  Wilmington, Delaware
        December 19, 2014

Respectfully submitted,

SIDLEY AUSTIN LLP
Kenneth P. Kansa
Jillian K. Ludwig
Michael T. Gustafson
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: /s/ J. Kate Stickles
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR REORGANIZED DEBTORS