IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE MEDIA COMPANY, et al.,[1]<br>(f/k/a Tribune Company)<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Hearing Date: January 21, 2015 at 2:00 p.m. ET<br>Response Deadline: January 14, 2015 at 4:00 p.m. ET |

**REORGANIZED DEBTORS' OBJECTION TO CLAIM NO. 3459 OF
HY-KO PRODUCTS COMPANY PURSUANT TO SECTIONS 502(b) AND 558
OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3001, 3003, AND 3007**

The reorganized debtors in the above-captioned chapter 11 cases (collectively, the "Reorganized Debtors"), by and through their undersigned counsel, hereby file this objection (the "Objection") to Claim No. 3459 (the "Claim") of Hy-Ko Products Company ("Claimant"). A copy of the Claim is attached hereto as Exhibit A.

This Objection is submitted pursuant to sections 502(b) and 558 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). By this Objection, the Reorganized

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Content Agency, LLC, LLC (2931); Tribune Content Agency London, LLC (6079); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

Debtors request entry of an order disallowing in full and expunging the Claim in its entirety because Claimant has failed to allege, let alone prove, facts sufficient to support its claim. In support of the Objection, the Reorganized Debtors rely on the Declaration of Michael Burke, Senior Counsel at Tribune Publishing Company, LLC, in Support of the Reorganized Debtors' Objection to Claim No. 3459 of Hy-Ko Products Company (the "Burke Declaration"), a copy of which is attached hereto as Exhibit B. In further support of the Objection, the Reorganized Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), Tribune Company (n/k/a Tribune Media Company) ("Tribune") and certain of its affiliates (collectively, the "Debtors"),[2] each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) (Docket Nos. 43, 2333).

2. On March 25, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date.

3. On July 23, 2012, the Court entered the Order Confirming Fourth Amended Joint Plan of Reorganization (the "Plan") for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital

---

[2] As used herein, the term "Debtors" refers to the entities that filed the above-captioned chapter 11 cases and the term "Reorganized Debtors" refers to the entities that became successors to the Debtors upon the Debtors' emergence from their chapter 11 cases.

Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (Docket No. 12074) (the "Confirmation Order").[3]

4. The Effective Date of the Plan occurred on December 31, 2012.[4]

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007.

## BACKGROUND

6. On January 18, 2007, Claimant filed a complaint (the "Complaint") against Debtor forsalebyowner.com corp. (n/k/a foresalebyowner.com, LLC) ("FSBO") in the United States District Court for the Northern District of Ohio alleging infringement of U.S. Patent No. 6,853,979 (the "Patent") (Case No. 07-0151) (the "Litigation"). The Complaint, a copy of which is attached to the Claim as Exhibit A thereto, is four (4) pages long. Its only substantive allegations are that FSBO infringed the Patent because FSBO "is manufacturing, has manufactured, had manufactured on its behalf, and offered for sale a Home Selling System in the United States." Complaint at ¶ 9. The Complaint does not explain how or why this alleged activity by FSBO infringed the Patent, nor does it allege any other material facts supporting the Claim apart from basic background facts concerning FSBO and Claimant. The Complaint

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

[4] The Plan provides that one or more Debtors may undertake Restructuring Transactions on, prior to, or after the Effective Date, which may include, without limitation, mergers, consolidations, conversions, joint ventures, restructurings, recapitalizations, dispositions, liquidations or dissolutions. See Plan § 5.2, Ex. 5.2 and Docket No. 12732. A notice with information respecting each Debtor's post-emergence entity following the consummation of the Restructuring Transactions was filed with the Bankruptcy Court on November 16, 2012 (Docket No. 12732).

3

46429/0001-11344609V1

provides neither a damages figure nor a calculation of damages, but instead states the conclusion that Claimant has suffered damages in an amount to be proven at trial.

7.  Shortly after commencement of the Litigation, Claimant and FSBO (collectively, the "Parties") engaged in settlement discussions to address the allegations made by Claimant in the Litigation. To allow time for a potential consensual resolution of those allegations to be pursued, on March 16, 2007 the Parties entered into an agreement (the "Standstill Agreement") to end the Litigation, which is attached to the Claim as Exhibit B thereto.

8.  Under the Standstill Agreement, FSBO agreed to dismiss the Litigation without prejudice and both Parties explicitly acknowledged that "if settlement is not reached, the Litigation should and will be recommenced in a manner that will not unduly delay further proceedings." See Standstill Agreement at p. 2. Claimant dismissed the Litigation without prejudice on March 19, 2007.

9.  Conversations between the Parties as to resolution of the issues raised in the Litigation continued until May of 2007, after which no further conversations took place. The Litigation was not re-filed and on July 23, 2008, FSBO's counsel contacted Claimant's counsel by letter to seek written confirmation that the Parties had resolved their issues and there would be no future litigation. No written confirmation was provided, nor did Claimant apparently otherwise respond to this letter. A follow-up letter was sent by FSBO's counsel to Claimant's counsel on September 3, 2008 noting that no further communications had been received from Claimant and giving notice that FSBO was terminating the Standstill Agreement on the grounds that there did not appear to be any prospect either of a future business relationship or future

litigation between the Parties. See Burke Decl. ¶ 4. Claimant did not re-file the Litigation prior to the Petition Date or thereafter.

10.  The Claim was filed on May 1, 2009 and assigned Claim No. 3459 by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors and the Reorganized Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent"). The Claim references and attaches the Complaint and the Standstill Agreement, yet omits any reference to the prepetition termination of the Standstill Agreement.

11.  The Claim provides no substantive detail or facts in support of any right to payment on Claimant's part beyond the limited facts and allegations made in the Complaint. As with the Complaint, the Claim is asserted in an unliquidated amount, and provides no basis on which any alleged damages could be computed.

12.  Claimant has not prosecuted the Claim since it was filed. Indeed, other than filing the Claim, Claimant has taken no action to advance its claim, either by negotiation or other means, in the more than six years since FSBO terminated the Standstill Agreement, including the prepetition period in which Claimant had the opportunity to re-file the Litigation if it so chose.

**RELIEF REQUESTED**

13.  By this Objection, the Reorganized Debtors seek entry of an order, substantially in the form attached hereto, (i) disallowing and expunging the Claim pursuant to sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007, and (ii) authorizing the Claims Agent to expunge the Claim from the claims register maintained by the Claims Agent so that the claims register reflects more accurately the claims legitimately asserted and outstanding against the Debtors.

## BASIS FOR OBJECTION

14. This Objection is based in part on section 502(b)(1) of the Bankruptcy Code, which provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
>
> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

15. 11 U.S.C. § 502(b)(1). Section 502(b)(1) recognizes the settled principle that "[c]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450-51 (2007) (citing Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20 (2000)). A claim against the bankruptcy estate, therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be enforceable against the debtor outside of bankruptcy." In re Combustion Eng'g, Inc., 391 F.3d 190, 245 (3d Cir. 2004). In proceedings to determine whether a claim is enforceable against the estate, "[t]he estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses" pursuant to section 558 of the Bankruptcy Code. See 11 U.S.C. § 558.

16. "The burden of proof for claims brought in the bankruptcy court . . . rests on different parties at different times." Lampe v. Lampe, 665 F.3d 506, 514 (3d Cir. 2011) (quoting In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992)). A claimant must first

allege facts sufficient to support his claim. Only once he has done so will his claim be deemed prima facie valid. "The burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim." Allegheny, 954 F.2d at 173 ("Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is 'prima facie' valid."). However, in circumstances "where the proof of claim does not adhere to the requirements of Rule 3001 by providing the facts and documents necessary to support the claim, it is not entitled to the presumption of prima facie validity." In re Kincaid, 388 B.R. 610, 614 (Bankr. E.D. Pa. 2008).

17. The Claim here fails to meet the requirements of section 502 and Rule 3001, in that the Claimant does not carry its burden to demonstrate a right to payment. Specifically, the Claim does not allege facts sufficient to allow the Reorganized Debtors or the Court to understand why the Claim may be valid, nor does the Claim provide any basis by which the amount of the Claim might be calculated. Reduced to its essentials, the Claim amounts to an assertion that Claimant has a certain patent and that FSBO has a certain product. The operative element of the Claim – i.e., how the latter is alleged to infringe the former – is not at all explained or alleged by Claimant, let alone proven. Conclusory allegations of this sort cannot satisfy the requirements of section 502, and cannot give rise to the prima facie proof of validity contemplated by Fed. R. Bankr. P. 3001(f). See In re New Century TRS Holdings, Inc., No. 07-104516, Slip Op. (Bankr. D. Del. Apr. 11, 2011) (Carey, J.) (rejecting claim where claimant "has not provided any reasonable legal theory to support his assertion").

18. In the more than six years since the Standstill Agreement was terminated, Claimant has taken no action to prosecute the Claim. Claimant no longer has the ability to re-file the Complaint in another court (even if this Court were willing to permit it) based on the facts

7

alleged in the Complaint, given that the period in which Claimant could do so has expired under 35 U.S.C. § 286,[5] which limits damages to six (6) years prior to the filing of a complaint and all facts alleged in the Complaint have now occurred more than six (6) years prior to any date upon which Claimant could re-file. Claimant's failure to prosecute the Claim, together with the sparse factual and legal bases offered for the Claim, weighs in favor of the Claim's disallowance. Such failure to prosecute may also give rise to equitable defenses in favor of FSBO in the event the Claimant attempts belatedly to prosecute the Claim, and FSBO reserves all of its rights with respect thereto.

## RESERVATIONS OF RIGHTS

19. The nearly non-existent factual and legal bases proffered for the Claim make it practically impossible for the Reorganized Debtors to assert particularized defenses thereto without speculating as to what Claimant might believe the bases for its Claim are. Until sufficient facts and theories have been alleged by Claimant, any development of these defenses by the Reorganized Debtors would be premature and wasteful. Therefore, should the need arise, the Reorganized Debtors reserve their right to assert all defenses in respect of the Claim. These defenses include, but are not limited to, statute of limitations, non-infringement, invalidity, laches, and equitable estoppel. Additionally, if necessary, the Reorganized Debtors have identified a number of factors that could limit damages under various theories of liability, and further reserve their right to do so.

---

[5] Claims based on patent infringement are subject to the time limitation contained in section 286 of title 35 of the United States Code, which provides in pertinent part:

> Except as otherwise provided by law, no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action.

35 U.S.C. § 286.

20. As noted above, the Reorganized Debtors hereby reserve their right to amend, modify, and/or supplement this Objection at any time prior to the hearing on this Objection. The Reorganized Debtors further reserve their right to adjourn the hearing on this Objection. In the event that the Reorganized Debtors so adjourn the hearing, they will state that the hearing on the Objection and/or any response filed in connection therewith and/or all applicable deadlines for responsive pleadings have been adjourned on the agenda for the hearing, which agenda will be served on any party affected by such adjournment.

## NOTICE

21. Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) the Claimant, through its counsel; and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Reorganized Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

22. No previous application for the relief sought herein has been made to this Court or to any other court.

WHEREFORE, for the reasons set forth herein, the Reorganized Debtors respectfully request that the Court enter an order, pursuant to sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007, (i) disallowing in full and expunging the Claim; (ii) directing the Claims Agent to expunge the Claim from the claims register; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
       December 19, 2014

Respectfully submitted,

SIDLEY AUSTIN LLP
Kenneth P. Kansa
Michael T. Gustafson
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: /s/ J. Kate Stickles
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR REORGANIZED DEBTORS