## EXHIBIT B

**Burke Declaration**

46429/0001-11344609V1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY, et al.,[1] (f/k/a Tribune Company) | Case No. 08-13141 (KJC) |
| | Jointly Administered |
| Reorganized Debtors. | |

**DECLARATION OF MICHAEL BURKE IN SUPPORT OF REORGANIZED DEBTORS' OBJECTION TO CLAIM NO. 3459 OF HY-KO PRODUCTS COMPANY**

I, Michael Burke, declare as follows:

1. I am Senior Counsel at Tribune Publishing Company, LLC ("Tribune Publishing"), one of the reorganized debtors in the above-captioned chapter 11 cases (collectively, the "Reorganized Debtors"). In this position, I oversee certain legal matters of Tribune Publishing and its affiliates, including foresalebyowner.com, LLC (f/k/a forsalebyowner.com corp.) ("FSBO").

2. I have read the Reorganized Debtors' Objection to Claim No. 3459 of Hy-Ko Products Company (the "Objection")[2] and am directly, or by and through the Debtors'

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Content Agency, LLC, LLC (2931); Tribune Content Agency London, LLC (6079); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

personnel and advisors, familiar with the information contained therein and the Exhibit attached thereto. I am authorized to submit this declaration (the "Declaration") in support of the Objection.

3. All matters set forth in this Declaration are based on: (a) my personal knowledge, (b) my review of relevant documents, and (c) information supplied to me by others at the Reorganized Debtors' request. If called upon to testify, I could and would testify competently to the facts set forth herein.

4. On July 23, 2008, FSBO's counsel contacted Hy-Ko Products Company's ("Claimant") counsel by letter to seek written confirmation that FSBO and Claimant had resolved their issues and there would be no future litigation. No written confirmation was provided, nor did Claimant apparently otherwise respond to this letter. A follow-up letter was sent by FSBO's counsel to Claimant's counsel on September 3, 2008 noting that no further communications had been received from Claimant and giving notice that FSBO was terminating the Standstill Agreement on the grounds that there did not appear to be any prospect either of a future business relationship or future litigation between FSBO and Claimant.

[Remainder of Page Intentionally Left Blank]

---

[2] All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 18 day of December 2014

_____
By: Michael Burke