```
                IN THE UNITED STATES BANKRUPTCY COURT
                    FOR THE DISTRICT OF DELAWARE


IN RE:                            )    Case No. 08-13141 (KJC)
                                  )    (Jointly Administered)
TRIBUNE MEDIA COMPANY, et.        )
al., (f/k/a Tribune Company)      )    Chapter 11

                                  )    Courtroom 5
                                  )    824 Market Street
         Debtors.                 )    Wilmington, Delaware
                                  )
                                  )    December 18, 2014
                                  )    11:00 a.m.

                       TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE JUDGE KEVIN J. CAREY
                   UNITED STATES BANKRUPTCY JUDGE

TELEPHONIC APPEARANCES:

For Reorganized          Jones Day
Debtors:                 BY: JAMES O. JOHNSTON, ESQ.
                         661-670-8258

                         Sidley Austin, LLP
                         BY: KEN KASA, ESQ.
                         312-853-7163

                         Cole Schotz Meisel Forman &
                         Leonard
                         BY: J. KATE STICKLES, ESQ.
                         302-651-2001

ECRO:                    AL LUGANO

Transcription Service:   DIAZ DATA SERVICES, LLC
                         331 Schuylkill Street
                         Harrisburg, Pennsylvania 17110
                         (717) 233-6664
                         www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

```
TELEPHONIC APPEARANCES:
 (Continued)

For Deutsche Bank Trust        McCarter & English
Company:                       BY: DAVID J. ADLER, ESQ.
                               212-609-6847
                               BY: KATHARINE L. MAYER, ESQ.
                               302-984-6312


For Interested Party           Dow Jones & Co.
Peg A. Brickley:               BY: PEG BRICKLEY, ESQ.
                               215-462-0953


For Creditor                   Brown Rudnick, LLP
Wilmington Trust:              BY: JAMES STOLL, ESQ.
                               617-856-8201

                               Sullivan Hazeltine Allinson,
                               LLC
                               BY: WILLIAM SULLIVAN, ESQ.
                               302-428-8191

                               Benesch Friedlander Coplan &
                               Aronoff
                               BY: KEVIN M. CAPUZZI, ESQ.
                               302-442-7063
```

1 WILMINGTON, DELAWARE, THURSDAY, DECEMBER 18, 2014, 11:00 A.M.

2          THE CLERK:  Court is now in session.

3          THE COURT:  Good morning.  This is Judge Carey.
4 We're on the record in the Tribune Media Company related
5 Chapter 11 proceedings.  Other matters on the Agenda for
6 today have been continued or resolved.  We're left only with
7 the telephone Status Conference which, according to the
8 Court's Order of June 26, 2013, was to follow mediation in
9 this case which has been conducted by former Judge Farnan.

10          I've read the Mediator's Report, of course, as
11 you might imagine.  Part of what was sent to mediation has
12 already been resolved and the Mediator's Report and
13 Recommendations reflect that.  But there remain unsettled --
14 well, put it this way.  The Mediator made recommendations
15 and my first question to the parties is is there any update?
16 Have there been any further resolutions as a result of the
17 Mediator's Report?  I'll turn first to the Debtor.

18          MR. JOHNSTON:  Good morning, Your Honor, Jim
19 Johnston, of Jones Day, on behalf of the Reorganized
20 Debtors, and you've summarized the situation accurately.
21 Thanks, in large part, to Judge Farnan and a lot of effort
22 on the parties, we were able to resolve both the Law
23 Debenture substantial contribution claim, as well as the
24 Deutsche Bank Committee fee claim and there was a tremendous
25 amount of hard work and negotiations that went into

1 resolving the third piece of the puzzle which is Wilmington
2 Trust but we didn't get there.  That's what prompted Judge
3 Farnan to issue his Report and Recommendation as you
4 requested in your Mediation Order.  I think it's fair to say
5 that we are at an impasse.  There has been no subsequent
6 development since issuance of the Report and Recommendation.
7             THE COURT:  All right.  I'll hear from Wilmington
8 Trust.
9             MR. STOLL:  Good morning, Your Honor.  This is
10 Jim Stoll, from Brown Rudnick.  Yes, Mr. Johnston is correct
11 that there has not been any consensual resolution between
12 the parties and so there is the Report which -- parts of
13 which we do object to and are I guess solicitous of the
14 Court's views as to what the proper procedure is now to
15 proceed with our objection to the portions of the Report
16 which we would object to which, for Your Honor's
17 information, is the portion of the Report that denies the
18 unsecured claim in total.  We will not be objecting to the
19 other two portions of the Report that address the 9.1.3 Plan
20 claim or the substantial contribution claim.
21             THE COURT:  So the only outstanding issue is the
22 Class 1(f) claim in the amount of approximately --
23             MR. STOLL:  That's correct, Your Honor.
24             THE COURT:  In the amount of approximately $31
25 million?

1          MR. STOLL: That's correct, Your Honor.

2          THE COURT: Okay. Well, before I sent the matter
3   to mediation, the disputes had been papered and I'm hesitant
4   to ask anybody to incur further expense, but if Wilmington
5   Trust wants the additional opportunity to make a submission
6   in support of its 1(f) claim, I'll allow it and for other
7   parties to respond to it if they wish. Frankly, I don't see
8   a need for argument on the issue but if after submission I
9   feel I need it, I will let you know. Parties are free to
10  ask for it but that does not mean I will permit it. Let me
11  ask is there anyone else who wishes to be heard?
12  (No audible response.)

13         THE COURT: Okay. I hear no further response.
14  So Mr. Stoll and Mr. Johnston, would you be able to confer
15  and agree on a briefing schedule consensually or is that
16  something that we should resolve today?

17         MR. STOLL: Your Honor, this is Jim Stoll. I
18  would be happy if we could just resolve it today. I agree
19  that there should not have to be any significant additional
20  briefing. From my perspective, really, the only thing
21  additionally that I would bring to the Court's attention is
22  sort of the volume of case law that's come out on the issue,
23  much of which has come out since the parties last briefed
24  the matters back in March of 2013. The singular --
25  essentially, a singular issue that Judge Farnan resolved his

1   Recommendation upon and there does not need to be a lot more
2   other than I think an update of the case law.
3              THE COURT:  Mr. Johnston?
4              MR. JOHNSTON:  Your Honor, one, I'm happy to work
5   out a briefing schedule with Mr. Stoll or we can do it on
6   the phone today.  Two, we will respond to whatever Brief
7   Wilmington Trust puts in theirs.  There are a number of
8   grounds for disallowance of the unsecured claim.  Judge
9   Farnan touched on several of them.  We originally briefed
10  several others and I don't intend to cover that ground
11  again, except to the extent necessary.  But certainly, I can
12  point Your Honor in the prior Briefs as to where our
13  arguments are.
14             THE COURT:  Okay.  30 and 30, is that sufficient?
15             MR. STOLL:  More than sufficient, Your Honor.
16             MR. JOHNSTON:  That works for the Debtors as
17  well.
18             THE COURT:  Okay.  Let's do this.  Simply when
19  the second submission is in, send a binder to Chambers with
20  the Notice of Completion of Briefing if you would so I know
21  you're done.  And let me ask how would you like to, at least
22  for the record, address the resolution or abandonment of the
23  other matters that I will not now need to address?
24             MR. STOLL:  I'm not sure what the right procedure
25  is for accepting the recommendation but as to the

1   substantial contribution claim, I guess, well, maybe perhaps
2   one of us has to waive our rights of appeal on those or our
3   right to objection on those.  I'm not sure exactly what we
4   want to do but we're -- as I said, we're not going to object
5   to either of those two findings.
6           THE COURT:  Well, I'll tell you what.  Let's do
7   this.  Let's have -- let me ask Counsel to confer and submit
8   a Scheduling Order which addresses the 30 and 30, but then
9   also, at least for the record, addresses the remaining --
10  the resolution or abandonment, however you want to call it,
11  of the remaining items.  Okay?
12          MR. STOLL:  Okay.
13          THE COURT:  All right.
14          MR. JOHNSTON:  That makes sense, Your Honor, and
15  I guess the only open question is what to do with Judge
16  Farnan's Report and Recommendation in the first place?  That
17  wasn't filed on the docket.  As I read paragraph 8 of the
18  Mediation Order, I think that contemplates that that Report
19  ultimately would be filed in some way.  I don't know what
20  the pleasure is there but the filing of that would also make
21  clear that Wilmington Trust had, in fact, withdrawn the
22  lion's share of its substantial contribution claim, as
23  reflected in there.
24          THE COURT:  Well, it seems to me it ought to be a
25  matter of public record at this point.  There's certainly

1  nothing in the Report that hasn't been publicly argued; put
2  it that way, and so I think that either before that or at
3  the time I issue a Decision on the remaining issue, it ought
4  to be docketed.  In terms of the timing, it doesn't really
5  matter to me when that occurs.  But if the parties have a
6  view, I'm willing to consider it.
7  　　　　　MR. JOHNSTON:  Jim Johnston again, Your Honor.
8  We agree and we see no reason why it shouldn't be filed now.
9  　　　　　THE COURT:  Okay.  Then I'll leave that to the
10 parties to do as well.  Is there anything --
11 　　　　　MR. STOLL:  Your Honor, one point of --
12 　　　　　THE COURT:  Go ahead.
13 　　　　　MR. STOLL:  -- clarification if I might?
14 　　　　　THE COURT:  Go ahead.
15 　　　　　MR. STOLL:  When the supplemental filings are
16 completed, do you wish to have in the binder submitted to
17 Chambers all of the briefing previously submitted and all of
18 the supporting materials?
19 　　　　　THE COURT:  It would be convenient.
20 　　　　　MR. STOLL:  Okay.  Very good.
21 　　　　　THE COURT:  Thank you for asking that.  All
22 right.  Are there any other questions or is there anything
23 else we need to talk about today?
24 　　　　　MR. STOLL:  That's all I have.
25 　　　　　THE COURT:  All right.

1       MR. JOHNSTON:  That's all on my end as well, Your
2  Honor.
3       THE COURT:  Thank you all very much.  That
4  concludes this hearing.  Court will stand in recess.
5       MR. STOLL:  Thank you, Judge.
6       MR. JOHNSTON:  Thank you, Your Honor.
7
8  (Whereupon at 11:09 a.m., the hearing was adjourned)
9
10                      CERTIFICATION
11       I   certify   that   the   foregoing   is   a   correct
12  transcript   from   the   electronic   sound   recording   of   the
13  proceedings in the above-entitled matter.
14
15  _____          19 December 2014
16  Tammy Kelly, Transcriber                       Date
17  Diaz Data Services, LLC
18

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **a.m**(3) | 1:15 3:1 9:8 | **claim**(10) | 3:23 3:24 4:18 4:20 4:20 4:22 5:6 6:8 7:1 7:22 | **fair**(1) | 4:4 | **ken**(1) | 1:28 |
| **abandonment**(2) | 6:22 7:10 | | | **farnan**(5) | 3:9 3:21 4:3 5:25 6:9 | **kevin**(2) | 1:18 2:25 |
| **able**(2) | 3:22 5:14 | | | **farnan's**(1) | 7:16 | **kjc**(1) | 1:5 |
| **about**(1) | 8:23 | **clarification**(1) | 8:13 | **fee**(1) | 3:24 | **know**(3) | 5:9 6:20 7:19 |
| **above-entitled**(1) | 9:13 | **class**(1) | 4:22 | **feel**(1) | 5:9 | **large**(1) | 3:21 |
| **accepting**(1) | 6:25 | **clear**(1) | 7:21 | **filed**(3) | 7:17 7:19 8:8 | **last**(1) | 5:23 |
| **according**(1) | 3:7 | **clerk**(1) | 3:2 | **filing**(1) | 7:20 | **law**(3) | 3:22 5:22 6:2 |
| **accurately**(1) | 3:20 | **cole**(1) | 1:31 | **filings**(1) | 8:15 | **leave**(1) | 8:9 |
| **additional**(2) | 5:5 5:19 | **come**(2) | 5:22 5:23 | **findings**(1) | 7:5 | **least**(2) | 6:21 7:9 |
| **additionally**(1) | 5:21 | **committee**(1) | 3:24 | **first**(3) | 3:15 3:17 7:16 | **left**(1) | 3:6 |
| **address**(3) | 4:19 6:22 6:23 | **company**(4) | 1:7 1:8 2:5 3:4 | **follow**(1) | 3:8 | **leona**(1) | 1:32 |
| **addresses**(2) | 7:8 7:9 | **completed**(1) | 8:16 | **for**(16) | 1:2 1:23 2:4 2:10 2:14 3:5 4:16 5:6 5:8 5:10 6:8 6:16 6:22 6:25 7:9 8:21 | **let**(4) | 5:9 5:10 6:21 7:7 |
| **adjourned**(1) | 9:8 | **completion**(1) | 6:20 | | | **let's**(3) | 6:18 7:6 7:7 |
| **adler**(1) | 2:5 | **concludes**(1) | 9:4 | | | **like**(1) | 6:21 |
| **administered**(1) | 1:6 | **conducted**(1) | 3:9 | **foregoing**(1) | 9:11 | **lion's**(1) | 7:22 |
| **after**(1) | 5:8 | **confer**(2) | 5:14 7:7 | **forman**(1) | 1:31 | **llc**(3) | 1:38 2:19 9:17 |
| **again**(2) | 6:11 8:7 | **conference**(1) | 3:7 | **former**(1) | 3:9 | **llp**(2) | 1:27 2:14 |
| **agenda**(1) | 3:5 | **consensual**(1) | 4:11 | **frankly**(1) | 5:7 | **lot**(2) | 3:21 6:1 |
| **agree**(3) | 5:15 5:18 8:8 | **consensually**(1) | 5:15 | **free**(1) | 5:9 | **lugano**(1) | 1:36 |
| **ahead**(2) | 8:12 8:14 | **consider**(1) | 8:6 | **friedlander**(1) | 2:23 | **made**(1) | 3:14 |
| **all**(9) | 4:7 7:13 8:17 8:17 8:21 8:24 8:25 9:1 9:3 | **contemplates**(1) | 7:18 | **from**(4) | 4:7 4:10 5:20 9:12 | **make**(2) | 5:5 7:20 |
| | | **continued**(2) | 2:2 3:6 | **further**(3) | 3:16 5:4 5:13 | **makes**(1) | 7:14 |
| | | **contribution**(4) | 3:23 4:20 7:1 7:22 | **get**(1) | 4:2 | **march**(1) | 5:24 |
| **allinson**(1) | 2:18 | **convenient**(1) | 8:19 | **going**(1) | 7:4 | **market**(1) | 1:11 |
| **allow**(1) | 5:6 | **coplan**(1) | 2:23 | **good**(4) | 3:3 3:18 4:9 8:20 | **matter**(4) | 5:2 7:25 8:5 9:13 |
| **already**(1) | 3:12 | **correct**(4) | 4:10 4:23 5:1 9:11 | **ground**(1) | 6:10 | **matters**(3) | 3:5 5:24 6:23 |
| **also**(2) | 7:9 7:20 | **could**(1) | 5:18 | **grounds**(1) | 6:8 | **maybe**(1) | 7:1 |
| **amount**(3) | 3:25 4:22 4:24 | **counsel**(1) | 7:7 | **guess**(3) | 4:13 7:1 7:15 | **mayer**(1) | 2:7 |
| **and**(26) | 3:12 3:12 3:15 3:20 3:21 3:24 3:25 4:3 4:6 4:12 4:13 5:3 5:6 5:14 5:15 6:1 6:10 6:14 6:21 7:7 7:8 7:14 7:16 8:2 8:8 8:17 | **course**(1) | 3:10 | **had**(2) | 5:3 7:21 | **mccarter**(1) | 2:4 |
| | | **court**(22) | 1:1 3:2 3:3 4:7 4:21 4:24 5:2 5:13 6:3 6:14 6:18 7:6 7:13 7:24 8:9 8:12 8:14 8:19 8:21 8:25 9:3 9:4 | **happy**(2) | 5:18 6:4 | **mean**(1) | 5:10 |
| | | | | **hard**(1) | 3:25 | **media**(2) | 1:7 3:4 |
| | | | | **harrisburg**(1) | 1:40 | **mediation**(5) | 3:8 3:11 4:4 5:3 7:18 |
| **any**(5) | 3:15 3:16 4:11 5:19 8:22 | | | **has**(6) | 3:9 3:11 4:5 4:11 5:23 7:2 | **mediator**(1) | 3:14 |
| **anybody**(1) | 5:4 | **courtroom**(1) | 1:10 | **hasn't**(1) | 8:1 | **mediator's**(3) | 3:10 3:12 3:17 |
| **anyone**(1) | 5:11 | **court's**(3) | 3:8 4:14 5:21 | **have**(7) | 3:6 3:16 5:19 7:7 8:5 8:16 8:24 | **meisel**(1) | 1:31 |
| **anything**(2) | 8:10 8:22 | **cover**(1) | 6:10 | **hazeltine**(1) | 2:18 | **might**(2) | 3:11 8:13 |
| **appeal**(1) | 7:2 | **creditor**(1) | 2:14 | **hear**(2) | 4:7 5:13 | **million**(1) | 4:25 |
| **appearances**(2) | 1:21 2:1 | **data**(2) | 1:38 9:17 | **heard**(1) | 5:11 | **more**(2) | 6:1 6:15 |
| **approximately**(2) | 4:22 4:24 | **date**(1) | 9:16 | **hearing**(2) | 9:4 9:8 | **morning**(3) | 3:3 3:18 4:9 |
| **are**(7) | 4:5 4:13 5:9 6:7 6:13 8:15 8:22 | **david**(1) | 2:5 | **hesitant**(1) | 5:3 | **much**(2) | 5:23 9:3 |
| **argued**(1) | 8:1 | **day**(2) | 1:23 3:19 | **his**(2) | 4:3 5:25 | **necessary**(1) | 6:11 |
| **argument**(1) | 5:8 | **debenture**(1) | 3:23 | **honor**(13) | 3:18 4:9 4:23 5:1 5:17 6:4 6:12 6:15 7:14 8:7 8:11 9:2 9:6 | **need**(5) | 5:8 5:9 6:1 6:23 8:23 |
| **arguments**(1) | 6:13 | **debtor**(1) | 3:17 | | | **negotiations**(1) | 3:25 |
| **aronoff**(1) | 2:24 | **debtors**(4) | 1:12 1:24 3:20 6:16 | | | **not**(9) | 4:11 4:18 5:10 5:19 6:1 6:23 6:24 7:3 7:4 |
| **ask**(5) | 5:4 5:10 5:11 6:21 7:7 | **december**(3) | 1:14 3:1 9:15 | **honorable**(1) | 1:18 | |
| **asking**(1) | 8:21 | **decision**(1) | 8:3 | **honor's**(1) | 4:16 | |
| **attention**(1) | 5:21 | **delaware**(3) | 1:2 1:12 3:1 | **how**(1) | 6:21 | **nothing**(1) | 8:1 |
| **audible**(1) | 5:12 | **denies**(1) | 4:17 | **however**(1) | 7:10 | **notice**(1) | 6:20 |
| **austin**(1) | 1:27 | **deutsche**(2) | 2:4 3:24 | **imagine**(1) | 3:11 | **now**(4) | 3:2 4:14 6:23 8:8 |
| **back**(1) | 5:24 | **development**(1) | 4:6 | **impasse**(1) | 4:5 | **number**(1) | 6:7 |
| **bank**(2) | 2:4 3:24 | **diaz**(2) | 1:38 9:17 | **incur**(1) | 5:4 | **object**(3) | 4:13 4:16 7:4 |
| **bankruptcy**(2) | 1:1 1:19 | **didn't**(1) | 4:2 | **information**(1) | 4:17 | **objecting**(1) | 4:18 |
| **been**(8) | 3:6 3:9 3:12 3:16 4:5 4:11 5:3 8:1 | **disallowance**(1) | 6:8 | **intend**(1) | 6:10 | **objection**(2) | 4:15 7:3 |
| **before**(3) | 1:18 5:2 8:2 | **disputes**(1) | 5:3 | **interested**(1) | 2:10 | **occurs**(1) | 8:5 |
| **behalf**(1) | 3:19 | **district**(1) | 1:2 | **into**(1) | 3:25 | **okay**(8) | 5:2 5:13 6:14 6:18 7:11 7:12 8:9 8:20 |
| **benesch**(1) | 2:23 | **docket**(1) | 7:17 | **issuance**(1) | 4:6 | |
| **between**(1) | 4:11 | **docketed**(1) | 8:4 | **issue**(7) | 4:3 4:21 5:8 5:22 5:25 8:3 8:3 | |
| **binder**(2) | 6:19 8:16 | **does**(2) | 5:10 6:1 | **items**(1) | 7:11 | |
| **both**(1) | 3:22 | **doesn't**(1) | 8:4 | **its**(2) | 5:6 7:22 | **one**(3) | 6:4 7:2 8:11 |
| **brickley**(2) | 2:11 2:11 | **done**(1) | 6:21 | **it's**(1) | 4:4 | **only**(4) | 3:6 4:21 5:20 7:15 |
| **brief**(1) | 6:6 | **don't**(3) | 5:7 6:10 7:19 | **i'll**(5) | 3:17 4:7 5:6 7:6 8:9 | **open**(1) | 7:15 |
| **briefed**(2) | 5:23 6:9 | **dow**(1) | 2:10 | **i'm**(5) | 5:3 6:4 6:24 7:3 8:6 | **opportunity**(1) | 5:5 |
| **briefing**(5) | 5:15 5:20 6:5 6:20 8:17 | **ecro**(1) | 1:36 | **i've**(1) | 3:10 | **order**(4) | 3:8 4:4 7:8 7:18 |
| **briefs**(1) | 6:12 | **effort**(1) | 3:21 | **james**(2) | 1:24 2:15 | **originally**(1) | 6:9 |
| **bring**(1) | 5:21 | **either**(2) | 7:5 8:2 | **jim**(4) | 3:18 4:10 5:17 8:7 | **other**(6) | 3:5 4:19 5:6 6:2 6:23 8:22 |
| **brown**(2) | 2:14 4:10 | **electronic**(2) | 1:44 9:12 | **johnston**(13) | 1:24 3:18 3:19 4:10 5:14 6:3 6:4 6:16 7:14 8:7 8:7 9:1 9:6 | **others**(1) | 6:10 |
| **but**(11) | 3:13 4:2 5:4 5:8 5:10 6:11 6:25 7:4 7:8 7:20 8:5 | **else**(2) | 5:11 8:23 | | | **ought**(2) | 7:24 8:3 |
| | | **end**(1) | 9:1 | | | **our**(4) | 4:15 6:12 7:2 7:2 |
| **call**(1) | 7:10 | **english**(1) | 2:4 | **jointly**(1) | 1:6 | **out**(3) | 5:22 5:23 6:5 |
| **can**(2) | 6:5 6:11 | **esq**(9) | 1:24 1:28 1:33 2:5 2:7 2:11 2:15 2:20 2:25 | **jones**(3) | 1:23 2:10 3:19 | **outstanding**(1) | 4:21 |
| **capuzzi**(1) | 2:25 | | | **judge**(10) | 1:18 1:19 3:3 3:9 3:21 4:2 5:25 6:8 7:15 9:5 | **papered**(1) | 5:3 |
| **carey**(2) | 1:18 3:3 | **essentially**(1) | 5:25 | | | **paragraph**(1) | 7:17 |
| **case**(4) | 1:5 3:9 5:22 6:2 | **exactly**(1) | 7:3 | | | **part**(2) | 3:11 3:21 |
| **certainly**(2) | 6:11 7:25 | **except**(1) | 6:11 | **june**(1) | 3:8 | **parties**(8) | 3:15 3:22 4:12 5:7 5:9 5:23 8:5 8:10 |
| **certification**(1) | 9:10 | **expense**(1) | 5:4 | **just**(1) | 5:18 | |
| **certify**(1) | 9:11 | **extent**(1) | 6:11 | **kasa**(1) | 1:28 | |
| **chambers**(2) | 6:19 8:17 | **f/k/a**(1) | 1:8 | **kate**(1) | 1:33 | **parts**(1) | 4:12 |
| **chapter**(2) | 1:8 3:5 | **fact**(1) | 7:21 | **katharine**(1) | 2:7 | **party**(1) | 2:10 |
| | | | | **kelly**(1) | 9:16 | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|
| **peg**(2) 2:11  2:11 | | **significant**(1) 5:19 | | **timing**(1) 8:4 | |
| **pennsylvania**(1) 1:40 | | **simply**(1) 6:18 | | **today**(5) 3:6  5:16  5:18  6:6  8:23 | |
| **perhaps**(1) 7:1 | | **since**(2) 4:6  5:23 | | **total**(1) 4:18 | |
| **permit**(1) 5:10 | | **singular**(2) 5:24  5:25 | | **touched**(1) 6:9 | |
| **perspective**(1) 5:20 | | **situation**(1) 3:20 | | **transcriber**(1) 9:16 | |
| **phone**(1) 6:6 | | **solicitous**(1) 4:13 | | **transcript**(3) 1:17  1:45  9:12 | |
| **piece**(1) 4:1 | | **some**(1) 7:19 | | **transcription**(2) 1:38  1:45 | |
| **place**(1) 7:16 | | **something**(1) 5:16 | | **tremendous**(1) 3:24 | |
| **plan**(1) 4:19 | | **sort**(1) 5:22 | | **tribune**(3) 1:7  1:8  3:4 | |
| **pleasure**(1) 7:20 | | **sound**(2) 1:44  9:12 | | **trust**(7) 2:4  2:15  4:2  4:8  5:5  6:7  7:21 | |
| **point**(3) 6:12  7:25  8:11 | | **stand**(1) 9:4 | | **turn**(1) 3:17 | |
| **portion**(1) 4:17 | | **states**(2) 1:1  1:19 | | **two**(3) 4:19  6:6  7:5 | |
| **portions**(2) 4:15  4:19 | | **status**(1) 3:7 | | **ultimately**(1) 7:19 | |
| **previously**(1) 8:17 | | **stickles**(1) 1:33 | | **united**(2) 1:1  1:19 | |
| **prior**(1) 6:12 | | **stoll**(18) 2:15  4:9  4:10  4:23  5:1  5:14  5:17  5:17  6:5  6:15  6:24  7:12  8:11  8:13  8:15  8:20  8:24  9:5 | | **unsecured**(2) 4:18  6:8 | |
| **procedure**(2) 4:14  6:24 | | | | **unsettled**(1) 3:13 | |
| **proceed**(1) 4:15 | | | | **update**(2) 3:15  6:2 | |
| **proceedings**(4) 1:17  1:44  3:5  9:13 | | | | **upon**(1) 6:1 | |
| **produced**(1) 1:45 | | **street**(2) 1:11  1:39 | | **very**(2) 8:20  9:3 | |
| **prompted**(1) 4:2 | | **submission**(3) 5:5  5:8  6:19 | | **view**(1) 8:6 | |
| **proper**(1) 4:14 | | **submit**(1) 7:7 | | **views**(1) 4:14 | |
| **public**(1) 7:25 | | **submitted**(2) 8:16  8:17 | | **volume**(1) 5:22 | |
| **publicly**(1) 8:1 | | **subsequent**(1) 4:5 | | **waive**(1) 7:2 | |
| **put**(2) 3:14  8:1 | | **substantial**(4) 3:23  4:20  7:1  7:22 | | **want**(2) 7:4  7:10 | |
| **puts**(1) 6:7 | | **sufficient**(2) 6:14  6:15 | | **wants**(1) 5:5 | |
| **puzzle**(1) 4:1 | | **sullivan**(2) 2:18  2:20 | | **was**(4) 3:8  3:11  3:24  9:8 | |
| **question**(2) 3:15  7:15 | | **summarized**(1) 3:20 | | **wasn't**(1) 7:17 | |
| **questions**(1) 8:22 | | **supplemental**(1) 8:15 | | **way**(3) 3:14  7:19  8:2 | |
| **read**(2) 3:10  7:17 | | **support**(1) 5:6 | | **well**(9) 3:14  3:23  5:2  6:17  7:1  7:6  7:24  8:10  9:1 | |
| **really**(2) 5:20  8:4 | | **supporting**(1) 8:18 | | | |
| **reason**(1) 8:8 | | **sure**(2) 6:24  7:3 | | | |
| **recess**(1) 9:4 | | **talk**(1) 8:23 | | **went**(1) 3:25 | |
| **recommendation**(5) 4:3  4:6  6:1  6:25  7:16 | | **tammy**(1) 9:16 | | **were**(1) 3:22 | |
| **recommendations**(2) 3:13  3:14 | | **telephone**(1) 3:7 | | **we're**(4) 3:4  3:6  7:4  7:4 | |
| **record**(4) 3:4  6:22  7:9  7:25 | | **telephonic**(2) 1:21  2:1 | | **what**(8) 3:11  4:2  4:14  6:24  7:3  7:6  7:15  7:19 | |
| **recorded**(1) 1:44 | | **tell**(1) 7:6 | | | |
| **recording**(2) 1:44  9:12 | | **terms**(1) 8:4 | | | |
| **reflect**(1) 3:13 | | **than**(2) 6:2  6:15 | | **whatever**(1) 6:6 | |
| **reflected**(1) 7:23 | | **thank**(4) 8:21  9:3  9:5  9:6 | | **when**(3) 6:18  8:5  8:15 | |
| **related**(1) 3:4 | | **thanks**(1) 3:21 | | **where**(1) 6:12 | |
| **remain**(1) 3:13 | | **that**(32) 3:13  3:25  4:5  4:11  4:17  4:19  5:10  5:15  5:16  5:19  5:21  5:25  6:10  6:14  6:16  6:23  7:14  7:16  7:18  7:18  7:18  7:20  7:21  8:1  8:2  8:2  8:5  8:9  8:21  9:3  9:11 | | **whereupon**(1) 9:8 | |
| **remaining**(3) 7:9  7:11  8:3 | | | | **which**(9) 3:7  3:9  4:1  4:12  4:13  4:16  4:16  5:23  7:8 | |
| **reorganized**(2) 1:23  3:19 | | | | | |
| **report**(12) 3:10  3:12  3:17  4:3  4:6  4:12  4:15  4:17  4:19  7:16  7:18  8:1 | | | | **who**(1) 5:11 | |
| | | **that's**(6) 4:2  4:23  5:1  5:22  8:24  9:1 | | **why**(1) 8:8 | |
| **requested**(1) 4:4 | | **the**(111) 1:1  1:2  1:18  3:2  3:3  3:4  3:4  3:5  3:7  3:7  3:10  3:12  3:14  3:15  3:16  3:17  3:19  3:20  3:22  3:22  3:23  4:1  4:1  4:6  4:7  4:12  4:12  4:13  4:14  4:15  4:15  4:17  4:17  4:17  4:18  4:19  4:19  4:20  4:21  4:21  4:21  4:22  4:24  4:24  5:2  5:2  5:3  5:5  5:8  5:13  5:20  5:21  5:22  5:22  5:23  5:24  5:24  6:2  6:3  6:6  6:8  6:11  6:12  6:14  6:16  6:18  6:19  6:20  6:22  6:22  6:22  6:24  6:25  6:25  7:6  7:8  7:9  7:9  7:10  7:11  7:13  7:15  7:16  7:17  7:17  7:20  7:20  7:21  7:24  8:1  8:3  8:3  8:4  8:5  8:9  8:9  8:12  8:14  8:15  8:16  8:17  8:18  8:19  8:21  8:25  9:3  9:8  9:11  9:12  9:12  9:13 | | **will**(6) 4:18  5:9  5:10  6:6  6:23  9:4 | |
| **resolution**(3) 4:11  6:22  7:10 | | | | **william**(1) 2:20 | |
| **resolutions**(1) 3:16 | | | | **willing**(1) 8:6 | |
| **resolve**(3) 3:22  5:16  5:18 | | | | **wilmington**(8) 1:12  2:15  3:1  4:1  4:7  5:4  6:7  7:21 | |
| **resolved**(3) 3:6  3:12  5:25 | | | | | |
| **resolving**(1) 4:1 | | | | **wish**(2) 5:7  8:16 | |
| **respond**(2) 5:7  6:6 | | | | **wishes**(1) 5:11 | |
| **response**(2) 5:12  5:13 | | | | **with**(5) 3:6  4:15  6:5  6:19  7:15 | |
| **result**(1) 3:16 | | | | **withdrawn**(1) 7:21 | |
| **right**(6) 4:7  6:24  7:3  7:13  8:22  8:25 | | | | **work**(2) 3:25  6:4 | |
| **rights**(1) 7:2 | | | | **works**(1) 6:16 | |
| **rudnick**(2) 2:14  4:10 | | | | **would**(9) 4:16  5:14  5:18  5:21  6:20  6:21  7:19  7:20  8:19 | |
| **said**(1) 7:4 | | | | | |
| **say**(1) 4:4 | | **theirs**(1) 6:7 | | | |
| **schedule**(2) 5:15  6:5 | | **them**(1) 6:9 | | **www.diazdata.com**(1) 1:42 | |
| **scheduling**(1) 7:8 | | **then**(2) 7:8  8:9 | | **yes**(1) 4:10 | |
| **schotz**(1) 1:31 | | **there**(17) 3:13  3:15  3:16  3:24  4:2  4:5  4:11  4:12  5:11  5:19  6:1  6:7  7:20  7:23  8:10  8:22  8:22 | | **you**(13) 3:11  4:3  5:9  5:14  6:20  6:21  7:6  7:10  8:16  8:21  9:3  9:5  9:6 | |
| **schuylkill**(1) 1:39 | | | | | |
| **second**(1) 6:19 | | | | | |
| **see**(2) 5:7  8:8 | | | | **your**(15) 3:18  4:4  4:9  4:16  4:23  5:1  5:17  6:4  6:12  6:15  7:14  8:7  8:11  9:1  9:6 | |
| **seems**(1) 7:24 | | | | | |
| **send**(1) 6:19 | | **there's**(1) 7:25 | | | |
| **sense**(1) 7:14 | | **they**(1) 5:7 | | **you're**(1) 6:21 | |
| **sent**(2) 3:11  5:2 | | **thing**(1) 5:20 | | **you've**(1) 3:20 | |
| **service**(2) 1:38  1:45 | | **think**(4) 4:4  6:2  7:18  8:2 | | | |
| **services**(2) 1:38  9:17 | | **third**(1) 4:1 | | | |
| **session**(1) 3:2 | | **this**(9) 3:3  3:9  3:14  4:9  5:17  6:18  7:7  7:25  9:4 | | | |
| **several**(2) 6:9  6:10 | | | | | |
| **share**(1) 7:22 | | | | | |
| **should**(2) 5:16  5:19 | | **those**(3) 7:2  7:3  7:5 | | | |
| **shouldn't**(1) 8:8 | | **thursday**(1) 3:1 | | | |
| **sidley**(1) 1:27 | | **time**(1) 8:3 | | | |