## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY, et al.[1]<br>(f/k/a Tribune Company) | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

**Hearing Date: March 18, 2015 at 10:00 a.m. ET**
**Response Deadline: February 12, 2015 at 4:00 p.m. ET**

### REORGANIZED DEBTORS' MOTION FOR ENTRY OF AN ORDER
### FURTHER EXTENDING THE DEADLINE TO OBJECT TO CLAIMS

The reorganized debtors in the above-captioned chapter 11 cases (collectively, the

"Reorganized Debtors"), by and through their undersigned counsel, hereby submit this motion

(the "Motion") for the entry of an order, pursuant to section 105(a) of title 11 of the United

States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 9006(b) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9006-2 of the Local Rules of

Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of

Delaware (the "Local Rules"), and section 8.1 of the Plan (as defined below), further extending

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Content Agency, LLC, LLC (2931); Tribune Content Agency London, LLC (6079); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

the deadline established under the Plan for the Reorganized Debtors to object to Claims.[2]  In

support of this Motion, the Reorganized Debtors respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1.      On December 8, 2008 (the "Petition Date"), Tribune Company and certain

of its subsidiaries (collectively, the "Debtors")[3] each filed a voluntary petition for relief under

chapter 11 of the Bankruptcy Code.  An additional Debtor, Tribune CNLBC, LLC,[4] filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.

2.      The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket

Nos. 43, 2333].

3.      On July 23, 2012, the Court entered an order [Docket No. 12074] (the

"Confirmation Order") confirming the Fourth Amended Joint Plan of Reorganization for Tribune

Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured

Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan

Chase Bank, N.A. [Docket No. 12072] (the "Plan").

4.      The Effective Date of the Plan occurred on December 31, 2012.

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334, which jurisdiction was retained pursuant to Article IX of the Confirmation Order and

Section 12.1 of the Plan.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is

proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates

---

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

[3]  As used herein, the term "Debtors" refers to the entities that filed the above-captioned chapter 11 cases and the term "Reorganized Debtors" refers to the entities that became successors to the Debtors upon the Debtors' emergence from their chapter 11 cases.

[4]  Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006, and Local Rule 9006-2.

## RELEVANT BACKGROUND

6.      Section 8.1 of the Plan provides that "[u]nless otherwise ordered by the Bankruptcy Court, the Reorganized Debtors and/or the Litigation Trustee shall serve and file any objections to Claims and Interests as soon as practicable, but in no event later than (a) two hundred ten (210) days after the Effective Date or (b) such later date as may be determined by the Bankruptcy Court upon a motion which may be made without further notice or hearing." Plan § 8.1.  In light of the foregoing, because the Effective Date occurred on December 31, 2012, the period within which the Reorganized Debtors may object to Claims was initially set to expire on July 29, 2013.

7.      The Court has since entered orders extending the Plan § 8.1 objection deadline (the "Claims Objection Deadline") on three separate occasions [Docket Nos. 13674, 13841, and 13960].  The most recent of these orders (the "Third Extension Order") extended the Claims Objection Deadline through and including January 30, 2015 [Docket No. 13960].

8.      The vast majority of the proofs of claim filed in the Debtors' chapter 11 cases (the "Proofs of Claim") have been resolved.  Approximately 93.7% of the 7,191 proofs of claim that were filed in the Debtors' chapter 11 cases have been resolved, with 46 of those claims having been resolved since entry of the Third Extension Order.  Of the Proofs of Claim that remain outstanding (the "Unresolved Claims"), the bulk (roughly 90%) are contingent, unliquidated, and disputed indemnification and/or securities litigation Claims, which relate to the ongoing litigation involving the 2007 leveraged buy-out of Tribune Company.

9.      There are approximately 50 proofs of claim that remain outstanding other than the indemnification and/or securities litigation claims.[5]  Of the Unresolved Claims other than the indemnification and/or securities litigation claims, approximately 15 are claims based upon alleged copyright infringements, which are the subject of a settlement in principle.[6]  Three of the Unresolved Claims are under advisement before the Bankruptcy Court.[7]  The remaining 32 claims are principally made up of (i) Claims that were disputed prior to the Petition Date and were the subject of prepetition litigation or disputes between one or more Debtors and the claimant, which Claims remain subject to pending litigation and/or ongoing negotiations between the Reorganized Debtors and the applicable claimant, (ii) certain federal tax Claims, (iii) Claims based on disputed contribution amounts allegedly owed by the Debtors to certain union benefit funds, and (iv) certain other miscellaneous Claims.

---

[5]  This number does not include the claim filed by Wilmington Trust Company seeking allowance of an administrative expense claim under 11 U.S.C. §§ 503(b)(3)(D) and 503(b)(4) for fees and expenses incurred as a result of Wilmington Trust Company's motion for the appointment of an examiner and Wilmington Trust Company's participation in the Examiner's investigation [Docket No. 13272] as it does not appear on the claims register in the Debtors' cases.  Significant progress has been made on this claim, the Mediator's Report respecting such claim was filed with this Court on December 19, 2014 [Docket No. 14010] and additional briefing is currently underway, as ordered by this Court.

[6]  The fifteen claims informally referred to as the "Literary Works Claims" relate to a pre-petition class action lawsuit filed in the U.S. District Court for the Southern District of New York.  A settlement in the class proceeding was approved by a final order of the District Court in mid-2014.  Once certain requirements are met, the settlement will become final and the applicable Reorganized Debtors will make their settlement contribution. None of the holders of the Literary Works Claims chose to opt-out of the settlement and therefore, once the settlement is finalized and paid, all of the Literary Works Claims can be resolved.

[7]  See Notice of Completion of Briefing Regarding Reorganized Debtors' Objection to Claim No. 3333 of Keith Young, Pursuant to Sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007 (Docket No. 13964); Debtors' Objection to Claim No. 3697 of Robert Henke Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007 (Docket No. 3796) and subsequent related pleadings; Debtors' Supplemental Objection to Claims of Robert Henke Pursuant to Sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Docket No. 11792) and subsequent related pleadings.

## RELIEF REQUESTED

10.     By this Motion, the Reorganized Debtors request that the Court enter an order further extending the Claims Objection Deadline by approximately six (6) months, through and including Friday, July 31, 2015.  The Reorganized Debtors further request that the extension proposed herein be without prejudice to their rights to seek further extensions of the Claims Objection Deadline.

## BASIS FOR RELIEF REQUESTED

11.     As set forth above, Section 8.1 of the Plan provides that the Claims Objection Deadline may be extended by order of the Court.  Additionally, section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).  Bankruptcy Rule 9006(b)(1) further provides, in pertinent part, that:

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b)(1).[8]

12.     Extending the Claims Objection Deadline is in the best interests of the Reorganized Debtors and the Debtors' estates.  While the Debtors and the Reorganized Debtors have made significant progress to date, the Reorganized Debtors need additional time to resolve the Unresolved Claims, including seeking the consensual resolution thereof, or if necessary, filing appropriate objections to such Claims.

---

[8]  Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the Claims Objection Deadline shall automatically extend such deadline until the Court acts on this Motion without the necessity for the entry of a bridge order.

13.     As noted above, the vast majority of the Unresolved Claims are contingent, unliquidated, and disputed indemnification or securities litigation Claims.  The bulk of these Claims are indemnification, reimbursement, or contribution Claims filed by current or former directors or officers of the Debtors and/or the Reorganized Debtors, many of whom are named as defendants in multidistrict litigation that is currently pending in the U.S. District Court for the Southern District of New York (the "MDL Proceedings").[9]  Section 7.11.2 of the Plan provides that, to the extent such unresolved indemnification, reimbursement, or contribution Claims are Allowed, they will be set off against any recovery by the Litigation Trustee against the holders of such Claims.[10]  Section 7.11.2 of the Plan further authorizes the Litigation Trustee to object to the allowance of such Claims.[11]  Accordingly, the Reorganized Debtors anticipate (but defer to the Litigation Trustee to confirm) that the overwhelming majority of the Unresolved Claims will ultimately be adjudicated or resolved in conjunction with the MDL Proceedings.[12]

14.     The Reorganized Debtors remain engaged with the respective claimants to resolve the other Unresolved Claims, many of which present challenges that exceed those of ordinary general unsecured Claims.  For example, the Reorganized Debtors continue to resolve

---

[9]  See In re Tribune Co. Fraudulent Conveyance Litig., No. 12 MC 2296 (RJS), MDL No. 11 MD 2296 (RJS) (S.D.N.Y.).

[10]  Specifically, section 7.11.2 of the Plan provides, in relevant part, as follows: "To the extent that any Person has either (i) an Allowed Other Parent Claim against Tribune, (ii) an Allowed General Unsecured Claim against any of the Filed Subsidiary Debtors or (iii) a valid and enforceable claim against any other direct or indirect subsidiary of the Debtors, in each case for (a) indemnification, reimbursement, contribution or claims pursuant to Bankruptcy Code section 502(h), and (b) arising from or relating to the assertion of any claim or cause of action by the Litigation Trust or the Litigation Trustee against such Person or any of its Related Persons, such Allowed Claim shall be setoff against any recovery by the Litigation Trust against such Person. For the purposes of this Section 7.11.2, "setoff against" shall mean that the Litigation Trust shall either use Litigation Trust Assets to pay such Claim or shall take actions necessary to cause the release or waiver of such Claim." Plan § 7.11.2.

[11]  Id.  ("The Litigation Trust shall be authorized to object to the allowance of, and entitled to assert any claim, counterclaim, or defense of the Debtors or applicable direct or indirect subsidiary of a Debtor to, any such indemnification, reimbursement, contribution or Bankruptcy Code section 502(h) claim.").

[12]  See Litigation Trustee's Motion for an Order Extending the Deadline to Object to Claims [Docket No. 13651] at ¶ 12 ("To the extent any defendants. . . have asserted Setoff Claims against the Debtors or attempt to assert Setoff Claims against the Litigation Trust upon answering or otherwise moving to dismiss, the Litigation Trustee intends to object to such Claims.").

litigation-related Claims in forum courts via mediation, settlement negotiations, appellate proceedings, or trial, with the consent of the parties.  Additionally, tax Claims remain the subject to ongoing discussions between the Reorganized Debtors and the Internal Revenue Service, the only party with an unresolved tax Claim.  Notwithstanding these challenges, the Reorganized Debtors resolved more than half of the Unresolved Claims (exclusive of the contingent, unliquidated, and disputed indemnification or securities litigation Claims) during the most recent six month extension of the Claims Objection Deadline and the Reorganized Debtors look to make similar progress during the extension period requested here.  The Reorganized Debtors, therefore, need additional time to continue to complete negotiations in respect of those Unresolved Claims, and if appropriate, to file objections to them.

15.    Extending the Claims Objection Deadline is necessary to ensure that the Reorganized Debtors have sufficient time to raise appropriate objections to, or otherwise resolve, the Unresolved Claims.  Given the volume of Claims filed in these chapter 11 cases and the progress made by the Debtors and Reorganized Debtors thus far, the extension of time requested herein is just and appropriate under the circumstances.  Similar relief has been granted by the Court in other cases on numerous occasions.  See, e.g., In re Allen Family Foods, Inc., No. 11-11764 (KJC) (Bankr. D. Del. Oct. 25, 2013) (order granting third motion to extend time to object to claims); In re Advanta Corp., No. 09-13931 (KJC) (Bankr. D. Del. March 6, 2012) (same); In re Motor Coach Indus. Int'l, Inc., No. 08-12136 (BLS) (Bankr. D. Del. Aug. 5, 2010) (same).

16.    For the foregoing reasons, the Reorganized Debtors request that the Court enter an order extending the Claims Objection Deadline through and including Friday, July 31, 2015, without prejudice to the Reorganized Debtors' rights to seek further extensions of such deadline.

11452526v1

**NOTICE**

17.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the parties holding Unresolved Claims; and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Reorganized Debtors submit that no other or further notice is necessary.

WHEREFORE the Reorganized Debtors respectfully request entry of an order (i) extending the Claims Objection Deadline through and including Friday, July 31, 2015, without prejudice to the Reorganized Debtors' rights to seek further extensions of such deadline, and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: Wilmington, Delaware
      January 23, 2015

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Kenneth P. Kansa
Kerriann S. Mills
Michael T. Gustafson
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000

-and-

JONES DAY
Bruce Bennett
James O. Johnston
Joshua M. Mester
555 South Flower Street, 50th Floor
Los Angeles, CA  90071-2300
Telephone:  (213) 489-3939

-and-

COLE SCHOTZ P.C.


By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131

ATTORNEYS FOR REORGANIZED DEBTORS

11452526v1