IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE MEDIA COMPANY, et al.[1]<br>(f/k/a Tribune Company)<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Hearing Date: March 18, 2015 at 10:00 a.m. ET<br>Response Deadline: March 13, 2015 at 4:00 p.m. ET |

**REORGANIZED DEBTORS' OBJECTION TO CLAIM NO. 2185 OF
TELECOMMUNICATION SYSTEMS, INC. PURSUANT TO SECTIONS 502(b) AND
558 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3001, 3003, AND 3007**

The reorganized debtors in the above-captioned chapter 11 cases (collectively, the "Reorganized Debtors"), by and through their undersigned counsel, hereby file this objection (the "Objection") to Claim No. 2185 (the "Claim") of TeleCommunication Systems, Inc. (the "Claimant"). A copy of the Claim is attached hereto as Exhibit A.

This Objection is submitted pursuant to sections 502(b), and 558 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). By this Objection, the Reorganized

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Content Agency, LLC, LLC (2931); Tribune Content Agency London, LLC (6079); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

Debtors request entry of an order disallowing in full and expunging the Claim in its entirety because the Claimant has failed to allege facts sufficient to support its claim and because the Reorganized Debtors have been unable to obtain additional information to substantiate the Claim following multiple attempts to do so. In further support of the Objection, the Reorganized Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1.  On December 8, 2008 (the "Petition Date"), Tribune Company (n/k/a Tribune Media Company) ("Tribune") and certain of its affiliates (collectively, the "Debtors"),[2] each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) (Docket Nos. 43, 2333).

2.  On March 25, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date.

3.  On July 23, 2012, the Court entered the Order Confirming Fourth Amended Joint Plan of Reorganization (the "Plan") for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (Docket No. 12074) (the "Confirmation Order").[3]

---

[2] As used herein, the term "Debtors" refers to the entities that filed the above-captioned chapter 11 cases and the term "Reorganized Debtors" refers to the entities that became successors to the Debtors upon the Debtors' emergence from their chapter 11 cases.

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

4.  The Effective Date of the Plan occurred on December 31, 2012.[4]

5.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001 and 3007.

## BACKGROUND

6.  The Claim was filed in a protective capacity against Tribune on account of unliquidated, undetermined, and unproven amounts for alleged infringement by Tribune of patent numbers 6,891,811 and 7,355,990 (the "Patents"), allegedly held by the Claimant. The Claim was filed on May 1, 2009 and assigned Claim No. 2185 by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors and the Reorganized Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent"). Despite alleging ongoing infringement of the Patents in the Claim, the Claimant has taken no action to engage the Debtors or Reorganized Debtors to resolve the Claim and has taken no steps to prosecute the alleged infringement in either the bankruptcy or an appropriate non-bankruptcy forum.

## RELIEF REQUESTED

7.  By this Objection, the Reorganized Debtors seek entry of an order, substantially in the form attached hereto, (i) disallowing and expunging the Claim pursuant to sections 502(b), and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007, and (ii) authorizing the Claims Agent to expunge the Claim from the claims register maintained

---

[4] The Plan provides that one or more Debtors may undertake Restructuring Transactions on, prior to, or after the Effective Date, which may include, without limitation, mergers, consolidations, conversions, joint ventures, restructurings, recapitalizations, dispositions, liquidations or dissolutions. See Plan § 5.2, Ex. 5.2 and Docket No. 12732. A notice with information respecting each Debtor's post-emergence entity following the consummation of the Restructuring Transactions was filed with the Bankruptcy Court on November 16, 2012 (Docket No. 12732).

11523946V1

by the Claims Agent so that the claims register reflects more accurately the claims legitimately asserted and outstanding against the Debtors.

## BASIS FOR OBJECTION

8. This Objection is based on section 502(b)(1) of the Bankruptcy Code, which provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
>
> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1). Section 502(b)(1) recognizes the settled principle that "[c]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450-51 (2007) (citing Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20 (2000)). A claim against the bankruptcy estate, therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be enforceable against the debtor outside of bankruptcy." In re Combustion Eng'g, Inc., 391 F.3d 190, 245 (3d Cir. 2004). In proceedings to determine whether a claim is enforceable against the estate, "[t]he estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses" pursuant to section 558 of the Bankruptcy Code. See 11 U.S.C. § 558.

9. "The burden of proof for claims brought in the bankruptcy court . . . rests on different parties at different times." Lampe v. Lampe, 665 F.3d 506, 514 (3d Cir. 2011)

4

(quoting In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992)). A claimant must first allege facts sufficient to support his claim. Only once he has done so will his claim be deemed prima facie valid. "The burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim." Allegheny, 954 F.2d at 173 ("Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is 'prima facie' valid."). However, in circumstances "where the proof of claim does not adhere to the requirements of Rule 3001 by providing the facts and documents necessary to support the claim, it is not entitled to the presumption of prima facie validity." In re Kincaid, 388 B.R. 610, 614 (Bankr. E.D. Pa. 2008).

10. To attempt to justify Tribune's liability on the Claim, the Claimant attached a letter with allegations of patent infringement, citing to "screenshots" of text messages and duplications of newspaper pages. The Claim also contained a chart stating that the Claimant was unaware of its damages and proposing a schedule of licensing fees that appears to have been developed by the Claimant as a proposed royalty settlement.

11. The Reorganized Debtors have reviewed the allegations set forth in the letter appended to the Claim but have been unable to verify many of the assertions therein and have likewise been unable to understand the Claimant's theories of liability or evaluate what, if any, evidence the Claimant has in support of its Claim. The Claimant has taken no action to prosecute or supplement the Claim in the five-and-a-half years since it was filed, further increasing the burden on the Reorganized Debtors to determine whether the Claim has any merit – a burden that belongs with the Claimant. As a result, the Reorganized Debtors object to allowance of the Claim, and request that it be disallowed and expunged from their claims register.

12. The Reorganized Debtors also do not agree that they, rather than the Claimant, are best positioned to determine what – if any – damages the Claimant may have suffered in respect of this matter. The Claimant's only basis for its alleged damages is a schedule of licensing fees that appears to have been developed by the Claimant based on unknown information for its own purposes. In effect, the Claimant has created a schedule of how much money it would like to resolve the Claim, and used that as a basis to try and shift the onus onto the Reorganized Debtors to disprove that amount. This falls far short of the requirement for the Claimant to demonstrate its <u>prima facie</u> entitlement to damages. In effect, the Claimant has asserted an entirely unliquidated claim and then attempted to transfer its burden to demonstrate damages onto the Reorganized Debtors. As with its failure to take any action to demonstrate liability, the Claimant has taken no action in five-and-a-half years even to attempt to liquidate its damages. This omission likewise justifies disallowance of the Claim.

13. The Reorganized Debtors have attempted to address these issues through counsel by contacting the Claimant's counsel by both telephone and e-mail, using the contact information set forth in the Claim. The Claimant has not responded to those efforts. The Reorganized Debtors are thus faced with a Claim that is unsubstantiated as to both liability and damages, and a claimant that has taken no action to remedy those defects in its Claim despite the Reorganized Debtors' efforts to obtain such substantiation. For these reasons, the Claim should be disallowed.

**RESERVATION OF RIGHTS**

14. Although the Claimant has failed to allege facts sufficient to allow the Reorganized Debtors to determine a valid basis for the Claim and although the Reorganized Debtors are under no obligation to posit legal theories as to the basis for the Claim, the

6

11523946V1

Reorganized Debtors have performed preliminary analysis of the Claim under a number of patent infringement theories and have identified a number of substantive and procedural defenses that the Reorganized Debtors may have available to them. However, until sufficient facts and theories have been alleged by the Claimant, any further development of these defenses by the Reorganized Debtors would be premature and involve unwarranted speculation by the Reorganized Debtors. Therefore, should the need arise, the Reorganized Debtors reserve their right to argue all defenses that may be applicable to the Claim. These defenses include, but are not limited to, ownership issues, non-infringement, invalidity, laches, and equitable estoppel. Additionally, if necessary, the Reorganized Debtors have identified a number of factors that could limit damages under various theories of liability, and further reserve their right to do so.

15. The Reorganized Debtors further reserve their right to amend, modify, and/or supplement this Objection at any time prior to the hearing on this Objection, and to adjourn the hearing on this Objection. In the event that the Reorganized Debtors so adjourn the hearing, they will state that the hearing on the Objection and/or any response filed in connection therewith and/or all applicable deadlines for responsive pleadings have been adjourned on the agenda for the hearing, which agenda will be served on any party affected by such adjournment.

## NOTICE

16. Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) the Claimant, through its counsel; and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Reorganized Debtors submit that no other or further notice is necessary.

## **NO PRIOR REQUEST**

17.  No previous application for the relief sought herein has been made to this Court or to any other court.

11523946V1

WHEREFORE, for the reasons set forth herein, the Reorganized Debtors respectfully request that the Court enter an order, pursuant to sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003 and 3007, (i) disallowing in full and expunging the Claim; (ii) directing the Claims Agent to expunge the Claim from the claims register; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
February 13, 2015

Respectfully submitted,

SIDLEY AUSTIN LLP
Kenneth P. Kansa
Michael T. Gustafson
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE SCHOTZ P.C.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR REORGANIZED DEBTORS

11523946V1