## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY, et al.[1]<br>(f/k/a Tribune Company) | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |
| | **Hearing Date: March 18, 2015 at 10:00 a.m. (ET)**<br>**Response Deadline: March 11, 2015 at 4:00 p.m. (ET)** |

## REORGANIZED DEBTORS' OBJECTION TO CLAIM NO. 3046 OF R.L. WILSON PURSUANT TO SECTIONS 502(b) AND 558 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3001 AND 3007

The reorganized debtors in the above-captioned chapter 11 cases (collectively, the "Reorganized Debtors"), by and through their undersigned counsel, hereby file this objection (the "Objection") to proof of claim number 3046 (the "Claim") submitted by R.L. Wilson ("Mr. Wilson"). A copy of the Claim is attached hereto as Exhibit A. This Objection is submitted pursuant to sections 502(b) and 558 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). By this Objection, the Reorganized Debtors request entry of an order

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Content Agency, LLC, LLC (2931); Tribune Content Agency London, LLC (6079); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

disallowing in full and expunging the Claim because it does not meet the Bankruptcy Code's

evidentiary requirements for proofs of claim, Mr. Wilson has failed to act in accordance with the

applicable nonbankruptcy statute of limitations, and the complaint alleged to underlie the Claim

fails to state a claim upon which relief can be granted.  In support of the Objection, the

Reorganized Debtors respectfully state as follows:

## INTRODUCTION AND SUMMARY

1.      The Claim is predicated on a Complaint dated March 24, 2008 (the

"Complaint") that Mr. Wilson filed against The Hartford Courant Company (n/k/a The Hartford

Courant Company, LLC) (the "Courant"), the entity that publishes the *Hartford Courant*

newspaper, in the United States District Court for the District of Connecticut (the "District

Court"), thereby commencing Case No. 08-00439 (SRU) (the "Connecticut Action").  A copy of

the Complaint was not attached to the Claim but is attached hereto as Exhibit B.

2.      The Claim should be disallowed and expunged for numerous reasons.

First, Mr. Wilson has failed to meet his evidentiary burden of proof in connection with the filing

of proofs of claim, even by the most lenient standards.  His proof of claim is wholly unsupported

and is devoid of any documentation, including, without limitation, the article on which it is

purportedly premised.  The proof of claim simply references litigation which has been dismissed

and for which the underlying Complaint is woefully deficient.  Second, the Claim is based upon

an underlying action for which the statute of limitations has expired.  Mr. Wilson has submitted a

proof of claim, but has no underlying nonbankruptcy rights to pursue his action.  Mr. Wilson has

also failed to attempt to revive or advance his litigation since the Debtors emerged from these

chapter 11 cases and has been inactive in the prosecution of his Claim.  Finally, even if the Claim

could survive each of these hurdles, it should also be disallowed because Mr. Wilson has simply

failed to state a cognizable claim under applicable nonbankruptcy law.  There are no legal bases

2

for the Claim.  Mr. Wilson failed in the Complaint to state or sufficiently plead any cause of action.  Furthermore, despite his complaint being based on an allegedly harmful article published about him by the Courant, Mr. Wilson failed to identify even one quote from the subject article that allegedly supports his claim.  The Reorganized Debtors accordingly request that the Court disallow and expunge the Claim from the claims register.

## STATUS OF THE CASE AND JURISDICTION

3.        On December 8, 2008 (the "Petition Date"), Tribune Company (n/k/a Tribune Media Company) and certain of its affiliates (collectively, the "Debtors"),[2] each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4.        On July 23, 2012, the Court entered the *Order Confirming Fourth Amended Joint Plan of Reorganization* (the "Plan") *for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A.* (Docket No. 12074) (the "Confirmation Order").[3]  The Effective Date of the Plan occurred on December 31, 2012.[4]

5.        The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this

---

[2] As used herein, the term "Debtors" refers to the entities that filed the above-captioned chapter 11 cases and the term "Reorganized Debtors" refers to the entities that became successors to the Debtors upon the Debtors' emergence from their chapter 11 cases.

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

[4] The Plan provides that one or more Debtors may undertake Restructuring Transactions on, prior to, or after the Effective Date, which may include, without limitation, mergers, consolidations, conversions, joint ventures, restructurings, recapitalizations, dispositions, liquidations or dissolutions.  See Plan § 5.2, Ex. 5.2 and Docket No. 12732.  A notice with information respecting each Debtor's post-emergence entity following the consummation of the Restructuring Transactions was filed with the Bankruptcy Court on November 16, 2012 (Docket No. 12732).

ACTIVE 205466640

Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief

sought herein are sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001

and 3007.

**FACTUAL BACKGROUND CONCERNING THE
CONNECTICUT ACTION AND THE CLAIM**

**A.**     **The Complaint**

      6.     As discussed above, the Complaint was filed on March 24, 2008, a little

more than eight months prior to the Petition Date. The Complaint is roughly one-and-a-half

double-spaced pages long. There are only two substantive sentences in the Complaint, which

state:

> 5. On Sunday, March 26, 2006, the defendant published at the top
> of the front page of its newspaper a long article about the plaintiff
> headlined: "High-Caliber Expert, High-Profile Fraud" in which the
> defendant falsely and maliciously accused the plaintiff of
> committing crimes and of being incompetent in his profession.
>
> 6. As a result, the plaintiff has suffered and continues to suffer
> economic losses and emotional distress.

Complaint ¶¶ 5-6. The Complaint does not allege any material facts supporting the Claim, other

than the name of the article. In particular, the Complaint fails to identify what, if any, discrete

passages in the article Mr. Wilson alleges support his Claim. The Complaint provides that the

amount in dispute is greater than $75,000, but does not provide a calculation of damages, does

not include a specific monetary demand, and simply requests "compensatory and punitive

damages." See id. at ¶ 1, p. 2.

      7.     On April 24, 2008, the Courant filed its *Answers and Affirmative Defenses*

to the Complaint, a copy of which is attached hereto as Exhibit C. The parties consented to

extend time in the Connecticut Action such that no briefing ever occurred. On December 11,

2008, the Courant filed a *Notice of Filing of Voluntary Petition Under Chapter 11 of the*

4

*Bankruptcy Code by Defendant the Hartford Courant Company*, pursuant to which it informed

the District Court of the commencement of the Debtors' chapter 11 cases, and pursuant to which

the Connecticut Action was stayed.

        8.      Finally, on May 12, 2009, after no further activity occurred in the

Connecticut Action, the District Court entered an *Order of Dismissal* (the "Dismissal Order"),

pursuant to which the Connecticut Action was dismissed.  The Dismissal Order states that:

> In consideration of this action's current status, and consistent with
> court policies regarding "statistical closing" of cases stayed
> pending bankruptcy, this case is hereby DISMISSED without
> prejudice to its pursuit in the United States Bankruptcy Court and
> without prejudice to re-opening of this case upon motion.

Dismissal Order at p. 1.  A copy of the Dismissal Order is attached hereto as Exhibit D.

## B.    The Claim

        9.      The Claim was filed on May 22, 2009 and recorded as Claim No. 3046 on

the official claims register (the "Claims Register") maintained by Epiq Bankruptcy Solutions,

LLC, the agent retained by the Debtors to assist with claims processing in these chapter 11 cases

(the "Claims Agent").

        10.      The Claim asserts neither any facts nor any arguments in support thereof,

and states as its sole basis "personal injury USDC-District of CT CV 00439 SRU".  See Exhibit

A.  Based on this statement, the Debtors have determined that the Claim appears to be based

upon the subject of the Connecticut Action, which is the Courant's March 26, 2006 publishing of

an article entitled *High-caliber Expert, High-profile Fraud* (the "Article").  The Article was

never attached to the Claim, nor was it ever filed in the Connecticut Action.

        11.      The Claim is asserted against the Courant in the amount of $100,000.00.

See Exhibit A.  The Claim contains neither facts nor arguments in support of the amount sought

by Mr. Wilson.  See id.

ACTIVE 205466640

12.     Mr. Wilson has not prosecuted the Claim since it was filed.  Indeed, Mr.

Wilson has taken no action to advance the Claim, either by negotiation or other means, in the

nearly six years since it was filed.  Mr. Wilson also has not sought to re-file the Connecticut

Action since the Effective Date of the Plan over two years ago.

**RELIEF REQUESTED**

13.     By this Objection, the Reorganized Debtors seek entry of an order,

substantially in the form attached hereto, (i) disallowing and expunging the Claim pursuant to

sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001 and 3007, and (ii)

authorizing the Claims Agent to expunge the Claim from the Claims Register so that the Claims

Register accurately reflects the claims legitimately asserted and outstanding against the Debtors.

**BASIS FOR OBJECTION**

**A.**     **Failure to Meet the Burden of Proof and Failure to Prosecute the Claim**

14.     This Objection is based in part on section 502(b)(1) of the Bankruptcy

Code, which provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a
> hearing, shall determine the amount of such claim in lawful
> currency of the United States as of the date of the filing of the
> petition, and shall allow such claim in such amount, except to the
> extent that—
>
> > (1)     such claim is unenforceable against the debtor and
> > property of the debtor, under any agreement or applicable
> > law for a reason other than because such claim is
> > contingent or unmatured . . . .

11 U.S.C. § 502(b)(1).  Section 502(b)(1) recognizes the settled principle that "[c]reditors'

entitlements in bankruptcy arise in the first instance from the underlying substantive law creating

the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy

Code." Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450-51 (2007)

ACTIVE 205466640

(citing <u>Raleigh v. Ill. Dep't of Revenue</u>, 530 U.S. 15, 20 (2000)). A claim against the bankruptcy estate, therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be enforceable against the debtor outside of bankruptcy." <u>In re Combustion Eng'g, Inc.</u>, 391 F.3d 190, 245 (3d Cir. 2004). In proceedings to determine whether a claim is enforceable against the estate, "[t]he estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses" pursuant to section 558 of the Bankruptcy Code. <u>See</u> 11 U.S.C. § 558.

15.     Bankruptcy Rule 3001 states that "when a claim . . . is based on a writing, a copy of the writing shall be filed with the proof of claim." Fed. R. Bankr. P. 3001(c)(1). Additionally, Bankruptcy Rule 3001 states that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." <u>Id.</u> at 3001(f).

16.     "The burden of proof for claims brought in the bankruptcy court . . . rests on different parties at different times." <u>Lampe v. Lampe</u>, 665 F.3d 506, 514 (3d Cir. 2011) (quoting <u>In re Allegheny Int'l, Inc.</u>, 954 F.2d 167, 173 (3d Cir. 1992)). A claimant must first allege facts sufficient to support his claim. Only once he has done so will his claim be deemed prima facie valid. "The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim." <u>Allegheny</u>, 954 F.2d at 173 ("Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid."). However, in circumstances "where the proof of claim does not adhere to the requirements of Rule 3001 by providing the facts and documents necessary to support the claim, it is not entitled to the presumption of *prima facie* validity." <u>In re Kincaid</u>, 388 B.R. 610, 614 (Bankr. E.D. Pa. 2008).

ACTIVE 205466640

17.     The Claim here fails to meet the requirements of Bankruptcy Code section 502 and Bankruptcy Rule 3001, in that Mr. Wilson has not carried his burden to demonstrate a right to payment.  Specifically, the Claim does not allege facts sufficient to allow the Reorganized Debtors or the Court to understand why the Claim may be valid.  In fact, the Claim has no support of any kind.  It simply points to the Connecticut Action as the basis for the claim. As discussed in greater detail in subsection C below, in the Connecticut Action, the Complaint makes only wholly unsupported and conclusory allegations about unspecified portions of the Article.  It is obvious that the Complaint would fail to state a claim upon which relief could be granted if reviewed under Federal Rule of Civil Procedure 12(b)(6).  See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (internal citations omitted)); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" (internal citation omitted)).  The Claim, which appears to be based in its entirety on the Complaint, can fare no better.

18.     In addition to failing to provide any support for the merits of the claim, Mr. Wilson also failed to provide any support regarding his alleged $100,000 damages.  Neither the Claim nor the Complaint set forth any facts regarding any harm allegedly suffered by Mr. Wilson resulting from the Article, apart from the conclusory statement that "the plaintiff has suffered and continues to suffer economic losses and emotional distress."  See Complaint at ¶ 6.

ACTIVE 205466640

There is no basis on which to award Mr. Wilson any amount, let alone the $100,000 he seeks in the Claim.

**B.      Expiration of the Statute of Limitations**

19.      In the event that the Court determines that the Claim meets the requirements of Bankruptcy Code section 502 and Bankruptcy Rule 3001, notwithstanding the Claim's obvious deficiencies, the Claim should nonetheless be disallowed and expunged because Mr. Wilson has failed to preserve it accordance with applicable nonbankruptcy law, namely, the relevant statute of limitations.  Furthermore, Mr. Wilson failed to take any action in this Court or in the District Court, after the Debtors' emergence from bankruptcy, to advance his alleged claim.  As discussed above, the Complaint was dismissed on May 12, 2009 "without prejudice to its pursuit in the United States Bankruptcy Court and without prejudice to re-opening of [the Connecticut Action] upon motion."  Dismissal Order at p. 1.

20.      The Reorganized Debtors speculate that Mr. Wilson attempted (but failed) to make a defamation claim via the Complaint, which is comprised of the torts of libel and slander.  The statute of limitations for a libel or slander claim in Connecticut is two years from the date of the purportedly defamatory act.  See Conn. Gen. Stat. § 52-597 (2014) ("No action for libel or slander shall be brought but within two years from the date of the act complained of.").  The Complaint was originally filed within such two year period, but the Dismissal Order was entered on May 12, 2009, during the pendency of the Debtors' chapter 11 cases, which cases continued until the December 31, 2012 Effective Date.

21.      Mr. Wilson has failed to either re-file the Connecticut Action or otherwise seek to move to reopen it.  It is true that absent stay relief from this Court, the automatic stay would have prevented Mr. Wilson from commencing suit against the Debtors or moving in the District Court to reopen the Connecticut Action until after the Effective Date; however, Mr.

9

Wilson had the ability to seek this Court's relief from the automatic stay to do so. He never did. In addition, pursuant to section 108(c) of the Bankruptcy Code,[5] Mr. Wilson was afforded the later of (i) the expiration of the statute of limitations period provided under applicable nonbankruptcy law (i.e., May 12, 2011, which was still during the pendency of the chapter 11 cases) or (ii) 30 days after notice of the termination of the automatic stay, to commence an action against the Courant on account of the allegations originally raised in the Complaint.

22.     Pursuant to Article IX.C. of this Court's Confirmation Order and Section 11.7 of the Plan, the automatic stay continued in effect until the Effective Date. On December 31, 2012, the Reorganized Debtors filed a notice of the Effective Date, pursuant to which they notified parties in interest in these chapter 11 cases that the Effective Date was December 31, 2012. As evidenced by the affidavit of service filed with the Court on January 7, 2013 [Docket No. 12980], a copy of which is attached hereto, in relevant part, as Exhibit E (the "Affidavit of Service"), notice of the Effective Date was served on Mr. Wilson on January 4, 2013.

23.     Therefore, under section 108(c) of the Bankruptcy Code, Mr. Wilson was required to commence an action against the Reorganized Debtors, or otherwise seek to reopen the Connecticut Action, not later than February 3, 2013. See Kakkanathu v. Rohn Indus., Inc., 2008 U.S. Dist. LEXIS 17585 at *8-11 (C.D. Ill. Mar. 7, 2008) (finding that with respect to an

---

[5]  Section 108(c) of the Bankruptcy Code provides as follows:

(c) Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of —

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

11 U.S.C. § 108(c).

ACTIVE 205466640

employment discrimination claim, the claimant was required to file a suit within 30 days, and not the 90 day right to sue period, of receiving relief from stay where a right to sue letter was received from the U.S. Equal Employment Opportunity Commission after the filing of his employer's bankruptcy petition and his 90 day right to sue period expired prior to obtaining stay relief); In re WorldCom, Inc., 362 B.R. 96, 111 (Bankr. S.D.N.Y. 2007) (finding that the debtors' plan injunction did not continue or trigger anew the statutory tolling of section 108(c) of the Bankruptcy Code, as such 30-day period ran from the lifting of the automatic stay regardless of the fact that a plan injunction came into effect upon the expiration of the stay).  Mr. Wilson did not take action by February 3, 2013 (i.e., 30 days after the Effective Date), and has even failed to take action at this time, more than two years later.  Accordingly, the Claim must fail as a matter of law and must therefore be disallowed and expunged.

24.     In total, nearly seven years have passed since the Complaint was originally filed, and nearly six years have passed since the Claim was filed.  After the Effective Date, Mr. Wilson has never sought to prosecute the Claim, despite a significant amount of time having passed since the date of its filing.  Additionally, despite the Dismissal Order being explicitly without prejudice to re-opening the Connecticut Action upon motion, Mr. Wilson never sought to return to the District Court in the two-plus years since the Effective Date, effectively making hollow any substantive dispute underlying the Claim.  Mr. Wilson's failure to prosecute the Claim and failure to seek to advance or revive the Connecticut Action, together with the lack of any factual and legal bases offered for the Claim, weighs in favor of the Claim's disallowance.  Such failure to prosecute also gives rise to equitable defenses in favor of the Courant, such as laches and equitable estoppel, in the event that Mr. Wilson attempts belatedly to prosecute the

ACTIVE 205466640

Claim or the Court allows this claims dispute to proceed on the merits, and the Courant reserves all of its rights with respect thereto.

**C.**  **Failure to State the Elements of a Claim**

25.    Even if this Court determines that Mr. Wilson has met his proof of claim burden to demonstrate a right to payment and that his underlying claim is not time barred under applicable nonbankruptcy law, the Claim should nonetheless be disallowed and expunged because the underlying Complaint fails to state a claim for which relief can be granted.  The lack of any substance in the Claim or in the underlying Complaint entirely fails to establish any plausible right to payment or entitlement to relief.  It appears that the only potential claim Mr. Wilson *could* be attempting to assert is a claim for defamation under Connecticut law.  For the reasons discussed below, the Complaint falls woefully short of the applicable pleading standards, therefore, the Claim should be disallowed and expunged.

26.    Defamation is comprised of the torts of libel and slander.  Mercer v. Cosley, 110 Conn. App. 283, 297 (Conn. App. Ct. 2008).  Libel is the written form of defamation.  Id.  "To establish a prima facie case of defamation, the plaintiff must demonstrate that: (1) the defendant published a defamatory statement; (2) the defamatory statement identified the plaintiff to a third person; (3) the defamatory statement was published to a third person; and (4) the plaintiff's reputation suffered injury as a result of the statement."  Id. at 296-97 (quoting Hopkins v. O'Connor, 282 Conn. 821, 838 (Conn. 2007)).[6]

---

[6] The Connecticut jury instructions state that to establish a case of defamation, the plaintiff must prove that (i) the defendant published a defamatory statement to a third person; (ii) the defamatory statement identified the plaintiff to a third person; and (iii) the plaintiff's reputation suffered injury as a result of the statement."  Connecticut Civil Jury Instructions (Jan. 1, 2008) § 3.11-1, available at http://www.jud.ct.gov/JI/civil/part3/3.11-1.htm (last visited Feb. 12, 2015).  Similarly, the Connecticut jury instructions state that to establish a case of libel, the plaintiff must prove that (i) the defendant published a writing to a third party; (ii) the writing identified the plaintiff, such that it would be reasonably understood that it was about the plaintiff; (iii) the writing was defamatory to the plaintiff; and (iv) the publication caused harm to the plaintiff.  Connecticut Civil Jury Instructions (Jan. 1, 2008) § 3.11-2, available at http://www.jud.ct.gov/ji/civil/part3/3.11-2.htm (last visited Feb. 12, 2015).

ACTIVE 205466640

27.    A defamatory statement is "a communication that tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Mercer, 110 Conn. App. at 296.  Similarly, Connecticut's Civil Jury Instructions provide that a defamatory statement is "a false communication that tends to harm the reputation of another; to diminish the esteem, respect, goodwill or confidence in which the plaintiff is held; to deter third persons from associating or dealing with (him/her); or to excite adverse, derogatory, or unpleasant feelings or opinions against (him/her)."  Connecticut Civil Jury Instructions (Jan. 1, 2008) § 3.11-1, available at http://www.jud.ct.gov/JI/civil/part3/3.11-1.htm (last visited Feb. 12, 2015).  A defamation complaint must *actually identify* the allegedly defamatory statement(s).  Indeed, "[w]hen alleging defamation, let alone proving it, '[c]ertainty is required in the allegations as to the defamation and as to the person defamed; a complaint for defamation must, on its face, specifically identify what allegedly defamatory statements were made, by whom, and to whom.'"  Yudain v. Greenwich Time, No. FSTCV040200690S, 2014 Conn. Super. LEXIS 3024, *17 (Conn. Super. Ct. Dec. 3, 2014) (citations omitted) (finding, among other things, that the plaintiff failed to explicitly identify which defendants had defamed her).

28.    The United States District Court for the District of Delaware recently opined on the requirements of a well-pleaded complaint, stating:

> A well-pleaded complaint must contain more than mere labels and conclusions. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Iqbal, 556 U.S. at 678.  When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-

ACTIVE 205466640

> pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Smith v. UPS, No. 14-1328 (SLR), 2015 U.S. Dist. LEXIS 8721, *2-3 (D. Del. Jan. 26, 2015).

Here, it is clear that neither the Complaint nor the Claim adequately pleaded a defamation claim, a libel claim, or any other cognizable claim. As a gating matter, Mr. Wilson has never stated, in any pleading before the District Court or this Court, the nature of his claim. Because it appears that he has attempted (but failed) to make a defamation claim, this Court should consider the elements of such claim, and the additional information, provided above.

29.    First, Mr. Wilson has not alleged that the Courant published a defamatory statement. Although Mr. Wilson has identified the title of an article published in the Courant, he has failed to identify any statement from the article that he alleges is defamatory. It is impossible to determine that the Courant has published a defamatory statement without ever identifying a statement made by the Courant, or even submitting a copy of the Article into the record. As the Connecticut Superior Court provided in Yudain, a complaint must "specifically identify what allegedly defamatory statements were made, by whom, and to whom." Yudain, 2014 Conn. Super. LEXIS 3024 at *17. For this reason alone, Mr. Wilson has fallen woefully short of meeting his pleading requirements. Second, Mr. Wilson never alleged that a defamatory statement identified him to a third person. Third, Mr. Wilson never alleged that a defamatory statement was published to a third person. Fourth, and finally, Mr. Wilson never alleged that his reputation suffered. He simply states in the Complaint that he has suffered "economic losses and emotional distress." Complaint ¶ 6. Those are not elements of a well-pleaded defamation claim.

14

30.     If this Court determines that Mr. Wilson has somehow pleaded enough to cover each of the elements of a defamation claim, the Claim must still fail because any such pleading is formulaic, at best.  Even when viewed in the most positive light, the Complaint contains the "conclusory statements" and "threadbare recitals" disfavored by the United States District Court for the District of Delaware in <u>Smith</u>.  <u>See</u> 2015 U.S. Dist. LEXIS 8721 at *2. Conclusory allegations are not entitled to be assumed true without supporting allegations, of which there are none in this case.  <u>See</u> <u>Iqbal</u>, 556 U.S. at 681 ("These bare assertions [of knowledge and other conduct], much like the pleading of conspiracy in <u>Twombly</u>, amount to nothing more than a 'formulaic recitation of the elements' of [the claim].").  Because the allegations contained in the Complaint are legally insufficient to support a cause of action for defamation, libel, or any other cognizable claim, under Connecticut law, the Claim must be disallowed.

## RESERVATIONS OF RIGHTS

31.     The nearly non-existent factual and legal bases proffered for the Claim make it practically impossible for the Reorganized Debtors to assert particularized defenses thereto without speculating as to what Mr. Wilson might believe the bases for his Claim are. Unless and until Mr. Wilson has alleged sufficient facts and theories to state a cognizable claim, any development of these defenses by the Reorganized Debtors would be premature and wasteful.  Therefore, should the need arise, the Reorganized Debtors reserve their rights to assert all defenses in respect of the Claim.  Additionally, if necessary, the Reorganized Debtors reserve the right to raise any defenses, theories, and factors that could limit damages.

32.     The Reorganized Debtors further reserve their right to amend, modify, and/or supplement this Objection at any time prior to the hearing on this Objection.  The Reorganized Debtors also reserve their right to adjourn the hearing on this Objection.  In the

15

event that the Reorganized Debtors so adjourn the hearing, they will state that the hearing on the

Objection and/or any response filed in connection therewith and/or all applicable deadlines for

responsive pleadings have been adjourned on the agenda for the hearing, which agenda will be

served on any party affected by such adjournment.

### NOTICE

33.     Notice of this Objection has been provided to: (i) the Office of the United

States Trustee; (ii) Mr. Wilson, through his counsel; and (iii) all parties requesting notice

pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  In light of the

nature of the relief requested herein, the Reorganized Debtors submit that no other or further

notice is necessary.

*[remainder of page left intentionally blank]*

ACTIVE 205466640

WHEREFORE, for the reasons set forth herein, the Reorganized Debtors respectfully request that the Court enter an order (i) disallowing in full and expunging the Claim; (ii) directing the Claims Agent to expunge the Claim from the Claims Register; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
       February 13, 2015

Respectfully submitted,

SIDLEY AUSTIN LLP
Kenneth P. Kansa
Matthew G. Martinez
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE SCHOTZ P.C.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR REORGANIZED DEBTORS

11524785V1