## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY, <u>et al.</u> [1]<br>(f/k/a Tribune Company) | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |
|  | **Hearing Date: March 18, 2015 at 10:00 a.m. ET**<br>**Response Deadline: March 11, 2015 at 4:00 p.m. ET** |

### REORGANIZED DEBTORS' MOTION FOR ENTRY OF A FINAL DECREE (I) CLOSING CERTAIN OF THE REORGANIZED DEBTORS' CHAPTER 11 CASES PURSUANT TO SECTIONS 105(a) AND 350(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3022, AND LOCAL RULE 3022-1 AND (II) DIRECTING THE USE OF AN AMENDED CAPTION IN THE REORGANIZED DEBTORS' CASES PURSUANT TO SECTIONS 105(a) AND 342(c)(1) OF THE BANKRUPTCY CODE <u>AND BANKRUPTCY RULES 1005, 2002(m), AND 2002(n)</u>

The reorganized debtors in the above-captioned chapter 11 cases (collectively, the "<u>Reorganized Debtors</u>"), by and through their undersigned counsel, hereby submit this motion (the "<u>Motion</u>") pursuant to sections 105(a), 342(c), and 350(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 <u>et seq.</u> (the "<u>Bankruptcy Code</u>"), Rules 1005, 2002(m), 2002(n), and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule

---

[1]    The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Content Agency, LLC, LLC (2931); Tribune Content Agency London, LLC (6079); Tribune Direct Marketing, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068).  The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

3022-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

Court for the District of Delaware (the "Local Rules"), for the entry of a final decree, in

substantially the form attached hereto as Exhibit A, (i) closing 88 of the former Debtors' 110

chapter 11 cases, which are listed on Appendix 1 hereto (the "Specified Cases"), (ii) providing

that, to the extent necessary, any further proceedings in this Court with respect to (a) unresolved

claims asserted against the former Debtors in the Specified Cases (the "Specified Debtors") and

(b) other remaining matters that may potentially impact the estates of the Specified Debtors shall

be administered in the chapter 11 case of Tribune Media Company (f/k/a Tribune Company)

(No. 08-13141-KJC) ( the "Lead Case"), and (iii) directing the use of an amended caption upon

the entry of an order approving this Motion.  The Reorganized Debtors are not seeking at this

time to close the Lead Case or the other cases identified on Appendix 2 hereto (collectively, the

"Remaining Cases").  In support of this Motion, the Reorganized Debtors respectfully represent

as follows:[2]

## PRELIMINARY STATEMENT

1.    The Reorganized Debtors have made significant progress to date with respect to

implementing the Plan and resolving all outstanding matters in these chapter 11 cases.  As

further described herein, the Plan has been substantially consummated and the overwhelming

majority of prepetition claims and contested proceedings have been resolved.  Given this

progress, and in light of the substantial expense involved in keeping all of the former Debtors'

chapter 11 cases open, the Reorganized Debtors have determined that certain of the chapter 11

cases should now be closed.

---

[2]    Capitalized terms use but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan
(as defined herein).

2.      The Reorganized Debtors propose at this time to close 88 of the 110 pending chapter 11 cases.  In each of the Specified Cases proposed to be closed, there are no pending proofs of claim against the Specified Debtors or adversary proceedings in which the applicable Specified Debtor has been named, other than claims or adversary proceedings relating to the leveraged buy-out of Tribune Company that occurred in 2007 (the "LBO Transaction").  Those proofs of claim and adversary proceedings are expected to be resolved as part of, or following the conclusion of, multidistrict litigation that is pending in the United States District Court for the Southern District of New York (the "MDL Proceedings").[3]  To the extent those proceedings and their resolution have a potential impact on the Reorganized Debtors, that impact falls almost exclusively on Tribune Media Company, as the ultimate Tribune parent company at the time of the LBO Transaction and throughout the period prior to the Effective Date.  The Reorganized Debtors do not seek to close or otherwise affect Tribune Media Company's chapter 11 case (or the other Remaining Cases) via this Motion.

3.      Moreover, the Reorganized Debtors are not seeking in this Motion to substantively alter the rights of any parties to the unresolved claims or matters involving the Specified Debtors.  Rather, given the relatively few number of such claims and other matters, and because the former Debtors' chapter 11 cases were jointly administered, to the extent necessary, further proceedings in this Court with respect to any remaining matters that might potentially impact the estates of the Specified Debtors may be administered in the Lead Case, without the need to keep open the Specified Cases.  Approval of this Motion will, therefore, reduce the administrative burden on the Court and the Clerk of the Court to administer all 110 of the pending chapter 11 cases, and will also allow the Reorganized Debtors to avoid unnecessarily

---

[3]    See In re Tribune Co. Fraudulent Conveyance Litig., No. 12 MC 2296 (RJS), MDL No. 11 MD 2296 (RJS) (S.D.N.Y.).

incurring approximately $600,000 per quarter for United States Trustee fees for the currently

pending chapter 11 cases.  Instead, the Reorganized Debtors will continue to pay quarterly fees

for only the Remaining Cases.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334, which jurisdiction was retained pursuant to Article IX of the Confirmation Order and

Section 12.1 of the Plan.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The

statutory and legal predicates for the relief requested herein are sections 105(a), 342(c)(1), and

350 of the Bankruptcy Code, Bankruptcy Rules 1005, 2002(m), 2002 (n), and 3022, and Local

Rule 3022-1.

## STATUS OF THESE CHAPTER 11 CASES

6.      On December 8, 2008 (the "Petition Date"), Tribune Company (n/k/a Tribune

Media Company) and certain of its subsidiaries each filed a voluntary petition for relief under

chapter 11 Bankruptcy Code.  An additional Debtor, Tribune CNLBC, LLC,[4] filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.  The chapter 11

cases were consolidated for procedural purposes only and are being jointly administered pursuant

to Bankruptcy Rule 1015(b).

7.      On July 23, 2012, the Court entered an order [Docket No. 12074] (the

"Confirmation Order") confirming the Fourth Amended Joint Plan of Reorganization for Tribune

Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured

Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan

---

[4]   Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

Chase Bank, N.A. [Docket No. 12072] (the "Plan").[5]  The Plan became effective in accordance with its terms on December 31, 2012 (the "Effective Date").

8.      The Plan was substantially consummated following the Effective Date.  For example, the Reorganized Debtors consummated the various settlements incorporated into the Plan.  The Reorganized Debtors also distributed approximately $3.6 billion to approximately 17,000 creditors and issued new stock and warrants to creditors in accordance with the terms of the Plan.

9.      In the over two years since the Effective Date, the Reorganized Debtors have been engaged in fulfilling their commitments and responsibilities under the Plan, as well as otherwise continuing their business operations.  As further discussed below, with the exception of relatively few unresolved matters, no other motions, contested matters, or adversary proceedings remain pending in the Specified Cases.  Also, the overwhelming majority of proofs of claim that were filed in the former Debtors' chapter 11 cases (the "Proofs of Claim") have been resolved.

## A.    Confirmation Order Appeal

10.     On July 24, 2012, a notice of appeal of the Confirmation Order was filed by Aurelius Capital Management, LP ("Aurelius"), on behalf of its managed entities that were

---

[5]     The Plan provides for, among other things, Restructuring Transactions including, without limitation, mergers, consolidations, conversions, joint ventures, restructurings, recapitalizations, dispositions, liquidations or dissolutions.  See Plan Exhibit 5.2; Notice Respecting Restructuring Transactions [Docket No. 12732] (the "Restructuring Transactions Notice").  Following entry of the Confirmation Order, the former Debtors began implementing the Restructuring Transactions described in the Plan and the Restructuring Transactions Notice, as authorized by the Confirmation Order.  The Restructuring Transactions were largely consummated prior to the Effective Date (as defined herein), resulting in the 110 former Debtor entities becoming 52 post-transaction entities, as identified in the caption of this Motion.  See Order Directing the Use of an Amended Caption in the Reorganized Debtors' Cases [Docket No. 13966].

In addition, on August 4, 2014, the Reorganized Debtors completed a spin-off of their publishing businesses. Following the spin-off, Reorganized Tribune Company was split into two independent companies: Tribune Media Company, which is now the ultimate parent company of the Reorganized Debtors that operate or are associated with broadcasting and other non-publishing activities, and Tribune Publishing Company, which now is the ultimate parent company of the Reorganized Debtors that operate or are associated with publishing activities.

holders of certain Senior Notes and PHONES Notes, Law Debenture Trust Company of New

York ("Law Debenture"), successor trustee under the indenture for certain Senior Notes, and

Deutsche Bank Trust Company Americas ("Deutsche Bank"), successor trustee under certain

Senior Notes Indentures.  Additional notices of appeal of the Confirmation Order were filed on

August 2, 2012 by Wilmington Trust Company ("WTC"), as successor indenture trustee for the

PHONES Notes, and on August 3, 2012 by EGI-TRB, L.L.C., a Delaware limited liability

company wholly-owned by a trust established for the benefit of Samuel Zell and his family (the

"Zell Entity" and, together with Aurelius, Law Debenture, Deutsche Bank and WTC, the

"Appellants").  The appeals of the Confirmation Order were consolidated by the United States

District Court for the District of Delaware (the "District Court") under the caption Wilmington

Trust Co. v. Tribune Co. (In re Tribune Co.), No. 1:12-cv-00128-GMS (the "District Court

Confirmation Order Appeals").

   11. On January 18, 2013, the Reorganized Debtors filed a motion to dismiss the

District Court Confirmation Order Appeals as equitably moot, based on the substantial

consummation of the Plan.  On June 18, 2014, the District Court entered an order (the "District

Court Order") dismissing all but one of the District Court Confirmation Order Appeals as

equitably moot.[6]

   12. On July 16, 2014, notices of appeal of the District Court Order were filed with the

United States Court of Appeals for the Third Circuit (the "Third Circuit") by Aurelius, Law

Debenture, and Deutsche Bank (the "Third Circuit Confirmation Order Appeals").[7]  The Third

---

[6] The District Court affirmed on the merits with respect to the appeal brought by the Zell Entity, except that the District Court vacated the portion of the Court's "Allocation Ruling" relating to subordination of recoveries from the Creditor Trust that was included in a prior version of the Plan (on the ground that it was an advisory opinion due to the fact that the Creditor Trust concept ultimately had been removed from the Plan before confirmation).

[7] No notices of appeal of the District Court Order were filed by WTC or the Zell Entity and, consequently, those entities are no longer Appellants.

Circuit Confirmation Order Appeals have been fully briefed and are tentatively listed for oral argument on Thursday, April 16, 2015.

**B.    Pending Adversary Proceedings**

13.    There are several adversary proceedings that remain pending in the Lead Case. On November 1, 2010 and December 8, 2010, the Creditors' Committee initiated adversary proceedings asserting causes of action related to the LBO Transaction against various parties, including, among others, certain of the former Debtors' senior lenders and current and former officers and directors. See Official Comm. of Unsecured Creditors v. JPMorgan Chase Bank, N.A. (In re Tribune Co.), Adv. Pro No. 10-53963 (KJC) (Bankr. D. Del. Nov. 1, 2010) (the "First Lender Proceeding"); Official Comm. of Unsecured Creditors v. FitzSimons (In re Tribune Co.), Adv. Pro. No. 10-54010 (KJC) (Bankr. D. Del. Nov. 1, 2010) (the "FitzSimons Proceeding"); Official Comm. of Unsecured Creditors v. JPMorgan Chase Bank, N.A. (In re Tribune Co.), Adv. Pro No. 10-55969 (KJC) (Bankr. D. Del. Dec. 8, 2010) (the "Second Lender Proceeding" and, together with the First Lender Proceeding, the "Lender Proceedings").  Certain of the claims asserted in the Lender Proceedings were settled pursuant to the Plan.  Consequently, the Creditors' Committee sought and received approval from the Court to sever and reassert the claims asserted in the First Lender Proceeding that were not settled pursuant to the terms of the Plan (the "Non-Settled Advisor Claims").[8]  On April 2, 2012, the Creditors' Committee initiated an additional adversary proceeding restating the Non-Settled Advisor Claims.  See Official Comm. of Unsecured Creditors v. Citigroup Global Markets, Inc. and Merrill Lynch, Pierce, Fenner & Smith Inc. (In re Tribune Co.), Adv. Pro. No. 12-50446 (KJC) (Bankr. D. Del. Apr. 2, 2012) (the "Advisor Proceeding" and, together with the FitzSimons Proceeding, the "LBO

---

[8]    Order Partially Lifting Stay of Adversary Proceedings and State Law Constructive Fraudulent Conveyance Actions [Docket No. 11158].

Transaction Adversaries"). The LBO Transaction Adversaries, which are currently being prosecuted by the Litigation Trustee, have been consolidated with the MDL Proceedings.[9]

14.     Beginning on December 3, 2010, the Creditors' Committee also initiated avoidance actions against certain of the former Debtors' past executives who purportedly received special compensation in connection with the LBO Transaction (the "Insider Actions"). Eighteen of the Insider Actions remain pending, and are currently being prosecuted by the Litigation Trustee in conjunction with the MDL Proceedings.

## C.    Remaining Proofs of Claim

15.     The vast majority of the Proofs of Claim filed in the former Debtors' chapter 11 cases have been resolved. More specifically, approximately 93.8% of the 7,191 proofs of claim that were filed in the former Debtors' chapter 11 cases have been resolved.

16.     Nearly all of the approximately 445 Proofs of Claim that remain outstanding (the "Unresolved Claims"), are claims related to the ongoing litigation involving the LBO Transaction that will be resolved as a part of, or following, that litigation. These claims are principally indemnification, reimbursement, or contribution claims filed by current or former directors or officers of or advisors to the former Debtors and/or the Reorganized Debtors, many of whom are named as defendants in the MDL Proceedings or who allege that they might otherwise be impacted by such proceedings. Section 7.11.2 of the Plan provides that, to the extent such unresolved indemnification, reimbursement, or contribution claims are Allowed, they

---

[9]     Additionally, on March 4, 2010, WTC initiated an adversary proceeding seeking equitable subordination, disallowance of claims, damages and a constructive trust against certain of the former Debtors' senior lenders Wilmington Trust Company v. JPMorgan Chase Bank, N.A, Case No. 10-50732 (KJC) (Bankr. D. Del. Mar. 4, 2010) (the "WTC Adversary Proceeding"). None of the former Debtors was named in the WTC Adversary Proceeding, which is alleged to arise out of the LBO Transaction. By order entered on October 8, 2010, the WTC Adversary Proceeding was stayed pending further order of this Court. See Order Regarding Wilmington Trust Adversary Proceeding, Case No. 10-50732 (KJC) [Docket No. 39]. No pleadings have been filed in the WTC Adversary Proceeding since November 1, 2010; however, the adversary proceeding has not yet been formally closed.

will be setoff against any recovery by the Litigation Trustee against the holders of such claims.[10]

Section 7.11.2 of the Plan further authorizes the Litigation Trustee to object to the allowance of

such claims.[11]  Accordingly, the Reorganized Debtors anticipate that the overwhelming majority

of the Unresolved Claims will ultimately be adjudicated or resolved in conjunction with the

MDL Proceedings.[12]

       17.     Fewer than 50 Proofs of Claim (the "Non-LBO Claims") remain outstanding

other than the claims related to the ongoing litigation involving the LBO Transaction.[13]  Many of

these claims are, in turn, close to resolution.  For example, approximately 15 of the Non-LBO

Claims are claims based upon alleged copyright infringements, which are the subject of a

settlement agreement.[14]  Three (3) of the Non-LBO Claims are the subject of pending objections

---

[10]  Specifically, section 7.11.2 of the Plan provides, in relevant part, as follows: "To the extent that any Person has either (i) an Allowed Other Parent Claim against Tribune, (ii) an Allowed General Unsecured Claim against any of the Filed Subsidiary Debtors or (iii) a valid and enforceable claim against any other direct or indirect subsidiary of the Debtors, in each case for (a) indemnification, reimbursement, contribution or claims pursuant to Bankruptcy Code section 502(h), and (b) arising from or relating to the assertion of any claim or cause of action by the Litigation Trust or the Litigation Trustee against such Person or any of its Related Persons, such Allowed Claim shall be setoff against any recovery by the Litigation Trust against such Person. For the purposes of this Section 7.11.2, "setoff against" shall mean that the Litigation Trust shall either use Litigation Trust Assets to pay such Claim or shall take actions necessary to cause the release or waiver of such Claim."  Plan § 7.11.2.

[11]  Id.  ("The Litigation Trust shall be authorized to object to the allowance of, and entitled to assert any claim, counterclaim, or defense of the Debtors or applicable direct or indirect subsidiary of a Debtor to, any such indemnification, reimbursement, contribution or Bankruptcy Code section 502(h) claim.").

[12]  See Litigation Trustee's Motion for an Order Extending the Deadline to Object to Claims [Docket No. 13651] at ¶ 12 ("To the extent any defendants. . . have asserted Setoff Claims against the Debtors or attempt to assert Setoff Claims against the Litigation Trust upon answering or otherwise moving to dismiss, the Litigation Trustee intends to object to such Claims.").

[13]  This number does not include the unsecured claim filed by Wilmington Trust Company for fees and expenses incurred during and after the bankruptcy case as it does not appear on the claims register in the Debtors' cases. Significant progress has been made on this claim, the Mediator's Report respecting such claim was filed with this Court on December 19, 2014 [Docket No. 14010] and additional briefing recently was submitted to the Court.  See Notice of Completion of Briefing with Respect to Reorganized Debtors' Objection to Class 1F Other Parent Claim Asserted by Wilmington Trust Company [Docket No. 14054].

[14]  The fifteen claims informally referred to as the "Literary Works Claims" relate to a pre-petition class action lawsuit filed in the U.S. District Court for the Southern District of New York.  A settlement in the class proceeding was approved by a final order of the District Court in mid-2014.  Once certain requirements are met, the settlement will become final and the applicable Reorganized Debtors will make their settlement contribution. None of the holders of the Literary Works Claims chose to opt-out of the settlement and therefore, once the settlement is finalized and paid, all of the Literary Works Claims can be resolved.

before the Court.[15]  In addition, three (3) others are under advisement by the Court.[16]  The

remaining Non-LBO Claims are principally made up of (i) claims that were disputed prior to the

Petition Date and were the subject of prepetition litigation or disputes between one or more

Debtors and the claimant, which claims remain subject to pending litigation and/or ongoing

negotiations between the Reorganized Debtors and the applicable claimant, (ii) certain federal

tax Claims, (iii) claims based on disputed contribution amounts allegedly owed by the Debtors to

certain union benefit funds, and (iv) certain other miscellaneous claims.  The Reorganized

Debtors are not seeking at this time to close any of the chapter 11 cases of the former Debtors

against which any of the Non-LBO Claims are asserted.

## RELIEF REQUESTED

18.    By this Motion, the Reorganized Debtors request the entry of a final decree

pursuant to sections 105(a), 342(c)(1), and 350(a) of the Bankruptcy Code, Bankruptcy Rules

1005, 2002(m), 2002 (n), and 3022, and Local Rule 3022-1, in substantially the form attached

hereto as Exhibit A, (i) closing the chapter 11 cases of the Specified Debtors, (ii) providing that,

to the extent necessary, further proceedings in this Court with respect to (a) the unresolved

Proofs of Claim asserted against the Specified Debtors and (b) other matters that may potentially

---

[15]  See Reorganized Debtors' Objection to Claim No. 3459 of Hy-Ko Products Company Pursuant to Sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003 and 3007 [Docket No. 14014]; Reorganized Debtors' Objection to Claim No. 3046 of R.L. Wilson Pursuant to Sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001 and 3007 [Docket No. 14039]; Reorganized Debtors' Objection to Claim No. 2185 of Telecommunication Systems, Inc. Pursuant to Sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007 [Docket No. 14041].

[16]  See Notice of Completion of Briefing Regarding Reorganized Debtors' Objection to Claim No. 3333 of Keith Young, Pursuant to Sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007 [Docket No. 13964]; Debtors' Objection to Claim No. 3697 of Robert Henke Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007 [Docket No. 3796] and subsequent related pleadings; Debtors' Supplemental Objection to Claims of Robert Henke Pursuant to Sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 [Docket No. 11792] and subsequent related pleadings.

impact the estates of the Specified Debtors shall be administered in the Lead Case, and (iii)

directing the use of an amended caption in the Remaining Cases, as follows:

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY, et al.[FN] (f/k/a Tribune Company) | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

[FN] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); Chicago Tribune Company, LLC (3437); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); KTLA, LLC (3404); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324);Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Hartford Courant Company, LLC (3490); Tribune CNLBC, LLC (0347); Tribune Media Services, LLC (1080); Tribune ND, LLC (4926); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191).  The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

19.    To preserve the rights of the holders of unresolved Proofs of Claim asserted

against the Specified Debtors, as well as the rights of parties to other unresolved matters

involving the Specified Debtors, the Reorganized Debtors propose that the order approving this

Motion provide that (a) it is without prejudice to the rights of any party to seek to reopen the

Specified Cases closed pursuant to the proposed final decree and (b) any claim that is

subsequently Allowed pursuant to the Plan by this Court against any Specified Debtor whose

case was closed pursuant to such final decree shall be paid in accordance with the Plan as

applicable to such Specified Debtor.

## BASIS FOR RELIEF REQUESTED

### A.    Closure of Specified Cases

20.    Section 350(a) of the Bankruptcy Code provides that "[a]fter the case is fully administered and the court has discharged the trustee, the court shall close the case."[17]  11 U.S.C. § 350.  Bankruptcy Rule 3022 provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court . . . shall enter a final decree closing the case."  Fed. R. Bankr. P. 3022.

21.    Neither the Bankruptcy Code nor the Bankruptcy Rules define the term "fully administered."  The Advisory Committee Note to the 1991 amendment to Bankruptcy Rule 3022 provides a list of six factors that a court may consider in determining whether an estate has been fully administered for final decree purposes.  The six factors are: (a) whether the order confirming the plan has become final; (b) whether deposits required by the plan have been distributed; (c) whether the property proposed by the plan to be transferred has been transferred; (d) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan; (e) whether payments under the plan have commenced; and (f) whether all motions, contested matters, and adversary proceedings have been finally resolved.  See Advisory Committee Note to Fed. R. Bankr. P. 3022.

22.    Courts have frequently applied the six factors set forth in the Advisory Committee Note in determining whether a case has been fully administered.  See, e.g., In re Kliegl Bros. Univ. Elec. Stage Lighting Co., Inc., 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999); In re Mold Makers, Inc., 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990); In re SLI, Inc., No. 02-12608 (WS), 2005 Bankr. LEXIS 1322, at *5 (Bankr. D. Del. June 24, 2005); In re Ball, No. 06-1002 (PMF), 2008 Bankr. LEXIS 1532 at *6 (Bankr. N.D. W. Va. May 23, 2008).  These factors are employed by courts as a guide to assist the determination of whether a case is fully administered

---

[17]    The status of the debtor in possession as a trustee normally is deemed terminated upon confirmation of the plan of reorganization.  See In re Jay Bee Enter., Inc., 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997).

although each of the factors need not be present in order for a court to enter a final decree.  See Walnut Assocs. v. Saidel, 164 B.R. 487, 493 (E.D. Pa. 1994); Mold Makers, 124 B.R. at 768; In re JMP-Newcor Int'l, Inc., 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (finding that case was fully administered despite pending adversary proceeding).

23.     The Specified Debtors' cases have been or, upon entry of the requested order, will be, "fully administered" within the meaning of section 350 of the Bankruptcy Code when the foregoing factors are taken into account.  First, the Confirmation Order became final more than two years ago, and the Reorganized Debtors also assumed the management of the property dealt with by the Plan more than two years ago.  Second, thousands of Proofs of Claims asserted against the Specified Debtors have been resolved, with the exception of the Unresolved Claims, which, to the extent necessary, will be administered in the Lead Case, and, if Allowed, paid in accordance with the Plan's provisions applicable to the Specified Debtor against which the claim was properly asserted.  With respect to Proofs of Claim that have been Allowed, all distributions have been made in accordance with the terms of the Plan.  Third, all costs required by the Plan to be paid by the Specified Debtors have been paid.  Lastly, all motions, contested matters or adversary proceedings related to the Specified Debtors' cases have either been resolved or, to the extent further proceedings in this Court with respect to such matters are necessary, such proceedings may be administered in the Lead Case.

24.     In light of the foregoing, the Reorganized Debtors believe that entry of a final decree is appropriate at this time for each of the Specified Cases.  The particular relief requested by this Motion is similar to that granted to debtors in other chapter 11 cases.  See, e.g., In re NewPage Corp., No. 11-12804 (KG) (Bankr. D. Del. Nov. 12, 2013) [Docket No. 4482] (closing certain chapter 11 cases notwithstanding pending adversary proceedings and pending claims); In

re AbitibiBowater, No. 09-11296 (KJC) (Bankr. D. Del. Dec. 18, 2012) [Docket No. 5282]

(closing certain chapter 11 cases despite pending appeals, pending avoidance actions, and

pending claims pursuant to section 502(d) of the Bankruptcy Code); In re Dura Automotive Sys.,

Inc., No. 06-11202 (KJC) (Bankr. D. Del. Dec. 27, 2011) [Docket No. 4273] (closing certain

chapter 11 cases despite a pending avoidance action for which a written settlement agreement

remained in process).  Accordingly, the Reorganized Debtors respectfully request that the Court

enter a Final Decree pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022,

and Local Rule 3022-1 closing each of the Specified Cases.

**B.**    **Use of Amended Caption**

25.    The Court has the authority to direct the use of an amended caption under sections

105(a) and 342(c)(1) of the Bankruptcy Code, as well as Bankruptcy Rules 1005, 2002(m), and

2002(n).  Section 342(c) of the Bankruptcy Code requires, in relevant part, that notices "required

to be given by the debtor to a creditor…shall contain the name, address, and last 4 digits of the

taxpayer identification number of the debtor."  11 U.S.C. § 342(c)(1).  Similarly, Bankruptcy

Rule 1005 requires that a proper caption include the name of the debtor and last 4 digits of the

taxpayer identification number of the debtor.  Section 105(a) provides this Court with the

authority to issue orders that are necessary to carry out the provisions of the Bankruptcy Code.

11 U.S.C. § 105(a).  Bankruptcy Rule 2002(m) provides that the "court may from time to time

enter orders designating…the form and manner in which notices shall be sent" and Bankruptcy

Rule 2002(n) requires that the caption of every notice include the information required to be in

the notice by section 342(c) of the Bankruptcy Code and Bankruptcy Rule 1005.  Similarly, Del.

Bankr. L.R. 9004-1 provides that "[d]ocuments submitted for filing shall contain in the caption

the name of the debtor, the case number, the initials of the Judge to whom the case has been

assigned, the docket number assigned to the case and, if applicable, the adversary proceeding number."

26.     The use of the amended caption proposed herein is necessary to reflect the closure of the Specified Cases.  Specifically, the proposed caption will accurately reflect that, following entry of the relief requested herein, the Remaining Cases are the only open and pending bankruptcy cases in these chapter 11 proceedings.  Accordingly, the Reorganized Debtors submit that it is necessary and appropriate to modify the caption of the Remaining Cases as set forth herein.

**C.     <u>Administration of Unresolved Matters</u>**

27.     Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).  Closing the Specified Cases and administering any unresolved matters with respect to such cases in the Lead Case is an appropriate use of the Court's equitable powers under section 105(a) of the Bankruptcy Code.

28.     A principal purpose behind this Motion – other than the reduction of administrative burdens on this Court and the Clerk of the Court – is to limit the incurrence of quarterly fees payable to the Office of the United States Trustee.  At present, the Reorganized Debtors' cases accrue approximately $600,000 per quarter in fees.  This is a substantial ongoing financial burden for the Reorganized Debtors.  Moreover, it is a burden that provides little by way of corresponding benefit to the Reorganized Debtors or to any remaining creditors, including potential creditors of the Specified Debtors' estates.  All of the Specified Debtors' cases sought to be closed by this Motion have little or no activity in them each quarter, nor are they expected to have any substantial activity in the future.  In all such cases, there remains only

one claim, or a handful of claims, all of which are contingent and relate to the LBO Transaction, and all of which will not be addressed except as part of, or following the conclusion of, the MDL Proceedings.

29.      The Reorganized Debtors submit that it is unnecessary to keep the Specified Cases open on account of the relatively few unresolved matters remaining in the Specified Cases, particularly when the Court can continue to address such matters under the umbrella of the Lead Case.  Indeed, as long the Lead Case remains open, closure of the Specified Cases will not affect the resolution of the outstanding Proofs of Claim asserted against, or other matters involving, the Specified Debtors.  Rather, upon entry of the relief requested herein, any remaining matters that might potentially impact the estates of the Specified Debtors can either be addressed adequately in the Lead Case or, alternatively, with the reopening of the chapter 11 case or cases of the relevant Specified Debtor(s).

30.      The proposed form of order attached hereto provides for the Court to retain jurisdiction over the Specified Cases in the event that the Reorganized Debtors or any other party in interest seeks to reopen any of the Specified Cases for cause.  The retention of jurisdiction by the Court for such purpose is appropriate, and consistent with the terms of the Confirmation Order.  See 28 U.S.C. § 1334(b) (granting courts "related to" jurisdiction); Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir. 1985) (providing definition of "related to" for jurisdictional purposes); see also Confirmation Order at § IX (describing the Court's retention of jurisdiction for the purposes set forth in Article XII of the Plan).  In any event, if necessary, "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."  11 U.S.C. § 350(b); see also In re Gates Cmty. Chapel of Rochester, Inc., 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) ("the entry of a final decree in no way

16

completely deprives the court of jurisdiction to reopen the case, enforce or interpret an Order or determine a pertinent issue").  Therefore, granting the relief requested herein would not foreclose the possibility of reopening the Specified Cases should the need arise.

## FINAL REPORT

31.    Pursuant to Local Rule 3022-1, all fees required to date pursuant to 28 U.S.C. § 1930 have been paid, or will be paid, by the Specified Debtors.  No later than fourteen (14) days prior to a hearing on this Motion, the Specified Debtors will file a final report and account with the United States Trustee as required by Local Rule 3022-1.

## NOTICE

32.    Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the parties holding Unresolved Claims; and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rules 2002-1(b) and 3022-1.  In light of the nature of the relief requested herein, the Reorganized Debtors submit that no other or further notice is necessary.

WHEREFORE the Reorganized Debtors respectfully request that the Court (i) enter a final decree closing the Specified Cases and providing that, to the extent necessary, further proceedings in this Court with respect to (a) the unresolved Proofs of Claim asserted against the Specified Debtors and (b) other remaining matters that may potentially impact the estates of the Specified Debtors shall be administered in Lead Case, (ii) direct the use of the amended caption proposed herein, and (iii) grant such other and further relief as the Court may deem just and proper.

Dated:  Wilmington, Delaware
       February 25, 2015

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Kenneth P. Kansa
Kerriann S. Mills
Jillian K. Ludwig
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000

-and-

JONES DAY
Bruce Bennett
James O. Johnston
Joshua M. Mester
555 South Flower Street, 50th Floor
Los Angeles, CA  90071-2300
Telephone:  (213) 489-3939

-and-

COLE SCHOTZ  P.C.

By: _/s/ Kate Stickles_____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131

ATTORNEYS FOR REORGANIZED
DEBTORS

## APPENDIX 1

**Specified Cases**

| Specified Debtor: | Case Number |
|---|---|
| 435 Production Company | 08-13142-KJC |
| 5800 Sunset Productions Inc. | 08-13143-KJC |
| California Community News Corporation | 08-13145-KJC |
| Candle Holdings Corporation | 08-13146-KJC |
| Channel 20, Inc. | 08-13147-KJC |
| Channel 39, Inc. | 08-13148-KJC |
| Channel 40, Inc. | 08-13149-KJC |
| Chicago Avenue Construction Company | 08-13150-KJC |
| Chicago River Production Company | 08-13151-KJC |
| Chicagoland Publishing Company | 08-13156-KJC |
| Courant Specialty Products, Inc. | 08-13159-KJC |
| Direct Mail Associates, Inc. | 08-13160-KJC |
| Distribution Systems of America, Inc. | 08-13161-KJC |
| Eagle New Media Investments, LLC | 08-13162-KJC |
| Eagle Publishing Investments, LLC | 08-13163-KJC |
| ForSaleByOwner.com Referral Services, LLC | 08-13166-KJC |
| Fortify Holdings Corporation | 08-13167-KJC |
| Forum Publishing Group, Inc. | 08-13168-KJC |
| Gold Coast Publications, Inc. | 08-13169-KJC |
| Greenco, Inc. | 08-13170-KJC |
| Heart & Crown Advertising, Inc. | 08-13171-KJC |
| Homeowners Realty, Inc. | 08-13172-KJC |
| Homestead Publishing Co. | 08-13173-KJC |
| Hoy, LLC | 08-13174-KJC |
| Hoy Publications, LLC | 08-13175-KJC |
| InsertCo, Inc. | 08-13176-KJC |
| Internet Foreclosure Service, Inc. | 08-13177-KJC |
| JuliusAir Company, LLC | 08-13178-KJC |
| JuliusAir Company II, LLC | 08-13179-KJC |
| KIAH Inc. | 08-13180-KJC |
| KPLR, Inc. | 08-13181-KJC |
| KSWB Inc. | 08-13182-KJC |
| Los Angeles Times International, Ltd. | 08-13186-KJC |
| Magic T Music Publishing Company | 08-13188-KJC |
| NBBF, LLC | 08-13189-KJC |
| Neocomm, Inc. | 08-13190-KJC |
| New Mass. Media, Inc. | 08-13191-KJC |
| Newscom Services, Inc. | 08-13193-KJC |
| Newspaper Readers Agency, Inc. | 08-13194-KJC |
| North Michigan Production Company | 08-13195-KJC |
| North Orange Avenue Properties, Inc. | 08-13196-KJC |
| Oak Brook Productions, Inc. | 08-13197-KJC |

| | |
|---|---|
| Patuxent Publishing Company | 08-13200-KJC |
| Sentinel Communications News Ventures, Inc. | 08-13202-KJC |
| Shepard's Inc. | 08-13203-KJC |
| Signs of Distinction, Inc. | 08-13204-KJC |
| Southern Connecticut Newspapers, Inc. | 08-13205-KJC |
| Stemweb, Inc. | 08-13207-KJC |
| The Daily Press, Inc. | 08-13210-KJC |
| The Morning Call, Inc. | 08-13212-KJC |
| The Other Company LLC | 08-13213-KJC |
| Times Mirror Land and Timber Company | 08-13214-KJC |
| Times Mirror Payroll Processing Company, Inc. | 08-13215-KJC |
| Times Mirror Services Company, Inc. | 08-13216-KJC |
| TMLH 2, Inc. | 08-13217-KJC |
| TMLS I, Inc. | 08-13218-KJC |
| TMS Entertainment Guides, Inc. | 08-13219-KJC |
| Tower Distribution Company | 08-13220-KJC |
| Towering T Music Publishing Company | 08-13221-KJC |
| Tribune Broadcast Holdings, Inc. | 08-13222-KJC |
| Tribune Broadcasting Company | 08-13223-KJC |
| Tribune Broadcasting Holdco, LLC | 08-13224-KJC |
| Tribune Broadcasting News Network, Inc. | 08-13225-KJC |
| Tribune California Properties, Inc. | 08-13226-KJC |
| Tribune Direct Marketing, Inc. | 08-13227-KJC |
| Tribune Entertainment Company | 08-13228-KJC |
| Tribune Entertainment Production Company | 08-13229-KJC |
| Tribune Finance, LLC | 08-13230-KJC |
| Tribune Finance Service Center, Inc. | 08-13231-KJC |
| Tribune License, Inc. | 08-13232-KJC |
| Tribune Los Angeles, Inc. | 08-13233-KJC |
| Tribune Manhattan Newspaper Holdings, Inc. | 08-13234-KJC |
| Tribune Media Net, Inc. | 08-13235-KJC |
| Tribune Network Holdings Company | 08-13237-KJC |
| Tribune New York Newspaper Holdings, LLC | 08-13238-KJC |
| Tribune NM, Inc. | 08-13239-KJC |
| Tribune Publishing Company | 08-13240-KJC |
| Tribune Television Holdings, Inc. | 08-13242-KJC |
| Tribune Television New Orleans, Inc. | 08-13244-KJC |
| Tribune Television Northwest, Inc. | 08-13245-KJC |
| Valumail, Inc. | 08-13246-KJC |
| Virginia Community Shoppers, LLC | 08-13247-KJC |
| Virginia Gazette Companies, LLC | 08-13248-KJC |
| WATL, LLC | 08-13249-KJC |
| WCWN LLC | 08-13250-KJC |
| WDCW Broadcasting, Inc. | 08-13251-KJC |
| WLVI Inc. | 08-13253-KJC |

| WTXX Inc. | 08-13255-KJC |

## APPENDIX 2

**Remaining Cases**

| Specified Debtor: | Case Number |
|---|---|
| Baltimore Newspaper Networks, Inc. | 08-13144-KJC |
| Chicago Tribune Company | 08-13152-KJC |
| Chicago Tribune Newspapers, Inc. | 08-13153-KJC |
| Chicago Tribune Press Service, Inc. | 08-13154-KJC |
| Chicagoland Microwave Licensee, Inc. | 08-13155-KJC |
| Chicagoland Television News, Inc. | 08-13157-KJC |
| forsalebyowner.com corp. | 08-13165-KJC |
| KTLA Inc. | 08-13183-KJC |
| KWGN Inc. | 08-13184-KJC |
| Los Angeles Times Communications LLC | 08-13185-KJC |
| Los Angeles Times Newspapers, Inc. | 08-13187-KJC |
| Orlando Sentinel Communications Company | 08-13198-KJC |
| Star Community Publishing Group, LLC | 08-13206-KJC |
| Sun-Sentinel Company | 08-13208-KJC |
| The Baltimore Sun Company | 08-13209-KJC |
| The Hartford Courant Company | 08-13211-KJC |
| Tribune CNLBC, LLC | 09-13496-KJC |
| Tribune Media Company (f/k/a Tribune Company) | 08-13141-KJC |
| Tribune Media Services, Inc. | 08-13236-KJC |
| Tribune Television Company | 08-13241-KJC |
| WGN Continental Broadcasting Company | 08-13252-KJC |
| WPIX, Inc. | 08-13254-KJC |