## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY, et al.,[1] (f/k/a Tribune Company) | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | (Jointly Administered) |
| | **Hearing Date: April 7, 2015 at 11:00 a.m. (ET)** **Obj. Deadline: March 16, 2015 at 4:00 p.m. (ET)** |

## LITIGATION TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING THE LITIGATION TRUSTEE TO DISMISS OR REDUCE CLAIMS AGAINST CERTAIN CONDUIT DEFENDANTS

Marc S. Kirschner, as Litigation Trustee (the "Litigation Trustee") for the Tribune Litigation Trust (the "Litigation Trust"), with the support of the Reorganized Debtors and JP Morgan, hereby moves this Court (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the Litigation Trustee to dismiss or reduce his claims against certain defendants in the above-captioned adversary proceeding presently pending in the Southern District of New York (the "District Court") based on their status as conduits.

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); foresalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Content Agency, LLC, LLC (2931); Tribune Content Agency London, LLC (6079); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This Motion is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      On December 18, 2008, the United States Trustee for the District of Delaware, pursuant to section 1102 of the Bankruptcy Code, appointed the Committee[2] to represent the interests of all unsecured creditors in the Debtors' cases.

3.      By orders dated October 27, 2010 and November 29, 2010 [D.I. 6150, 6657, and 6658], this Court granted the Committee standing to file and prosecute certain adversary proceedings, including the action now captioned *Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Dennis J. FitzSimons, et al.* (the "*FitzSimons* Action").  That action was commenced on November 1, 2010 [D.I. 6202], and sought to recover, *inter alia*, alleged fraudulent transfers made by the Tribune Company ("Tribune") in connection with its 2007 leveraged buyout.

4.      On March 20, 2012, the United States Judicial Panel on Multidistrict Litigation lifted its stay of a Conditional Transfer Order, transferring the *FitzSimons* Action to the District Court for coordinated pretrial proceedings under 28 U.S.C. § 1407.  MDL No. 2296 (Mar. 20, 2012) [D.I. 992]; *see In re Tribune Co. Fraudulent Conveyance Litig.*, Case No. 11-MD-2296 (RJS) (S.D.N.Y.) (the "MDL").

5.      On July 23, 2012, the Court entered an order [D.I. 12074] confirming the Plan. On December 31, 2012, the Plan became effective.  *See* Notice of (I) Effective Date of the

---

[2] Unless otherwise specified, all defined terms shall have the same meaning as in the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (as modified July 19, 2012, the "Plan") [D.I. 12072], entered by an order of the Court dated July 23, 2012 [D.I. 12074].

Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries; and (II) Bar Date for Certain Claims (Dec. 31, 2012) [D.I. 12939].

A. THE CURRENT STATUS OF THE FITZSIMONS ACTION

6.    Since transfer to the District Court, the *FitzSimons* Action has been substantially stayed pending the adjudication of certain pre-answer motions to dismiss, which are fully briefed.    *See* Phase Two Motion Protocol, No. 11 MD 2296 (S.D.N.Y. Apr. 24, 2014) [D.I. 5696].

7.    Pursuant to two settlement offers made by the Committee and the Litigation Trustee, several hundred defendants in the *FitzSimons* Action have settled the claims against them.  The majority of these settlements involved defendants who received between $50,000 and $100,000 in payments by Tribune in connection with Tribune's 2007 leveraged buyout (the "Shareholder Proceeds").  *See* Litigation Trustee's Notice of Quarterly Report Filing at 13-14 (Nov. 6, 2014) [D.I. 1385].   These settlements also resolved certain Disclaimed State Law Avoidance Claims consolidated within the MDL.   None of the settlements to date included claims seeking more than $5,000,000.

B. THE CONDUIT PROTOCOL

8.    On April 24, 2014, the District Court approved a protocol to facilitate the dismissal without prejudice of certain defendants in the *FitzSimons* Action (the "Shareholder Defendants") alleged to have received Shareholder Proceeds.  Conduit Protocol, No. 11 MD 2296 (S.D.N.Y. Apr. 24, 2014) [D.I. 5695] (the "Conduit Protocol"), attached hereto as Exhibit B.[3]  The Conduit Protocol provided for certain procedures by which Shareholder Defendants that assert that they were "mere conduits" and thus not "transferees" of any such Shareholder

---

[3] The Conduit Protocol is also available publicly via websites maintained by the Litigation Trustee and defense Liaison Counsel.

Proceeds may request dismissal without prejudice from the Litigation Trustee in advance of discovery and summary judgment briefing. *Id.* A "mere conduit" is defined in the Conduit Protocol in relation to relevant Second Circuit and other controlling case law. *See id.* ¶ 1 (citing *Christy v. Alexander & Alexander of N.Y. (In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey)*, 130 F.3d 52, 57-59 (2d Cir. 1997)). Prior to determining a Conduit Protocol applicant's eligibility for dismissal, the Litigation Trustee and his counsel thoroughly review certain enumerated documentation required by the Protocol to be provided to the Litigation Trustee, including a declaration or declarations signed by an authorized officer, director, partner, employee, or agent of the Conduit Protocol applicant and a listing of all transferees to whom the applicant transferred Shareholder Proceeds totaling $3,400 or more. *See* Conduit Protocol ¶ 2. As an alternative to dismissal, the Conduit Protocol provides that the Litigation Trustee may reduce his claim against a defendant to exclude conduit amounts. *See id.* ¶ 5 & App'x III.

9.      The dismissals issued pursuant to the Conduit Protocol are without prejudice and can be reversed by the Litigation Trustee if dismissal was not warranted. The Litigation Trustee expressly preserves the right to reinstate the *FitzSimons* Action against any dismissed conduit defendant if he determines that the applicant was not in fact a Conduit, as defined in the Conduit Protocol. *Id.* ¶ 4, App'x II. The Conduit Protocol specifically provides that applicants agree to waive any new statute of limitations, statute of repose, waiver, estoppel, or laches defenses in the event the *FitzSimons* Action is reinstated on account of error or omission, and further agree to accept service of subsequent discovery requests. *Id.*

10.    As of September 30, 2014, the Trustee had dismissed approximately 45 *FitzSimons* Action defendants without prejudice pursuant to the Conduit Protocol or otherwise on the basis of conduit status. *See* Litigation Trustee's Notice of Quarterly Report Filing at 14.

**C. POTENTIAL APPLICABILITY OF THE PLAN**

11.    Section 13.3.3 of the Plan and Section 3.2(q) of the Litigation Trust Agreement provide that the Litigation Trustee, upon the written consent of the Litigation Trust Advisory board, may, without further approval from the Court, "prosecute, compromise, release, abandon and/or settle the Litigation Trust Assets against the Non-Settling Defendants on behalf of the Litigation Trust," with the proviso that "Bankruptcy Court authority must be obtained to settle, dispose of or abandon any affirmative Preserved Causes of Action where the stated face amount in controversy exceeds $5,000,000." Plan § 13.3.3 (July 20, 2012) [D.I. 12072-B1]; *see also* Litigation Trust Agreement § 3.2(q) (June 19, 2012) [D.I. 11835-3].

12.    At the present time, the Litigation Trustee is prepared to dismiss, or reduce the amount of his claim against, seven defendants (the "Pending Conduit Defendants") that were sued for allegedly receiving more than $5,000,000 in Shareholder Proceeds.  The Litigation Trustee has determined, based on a review of materials produced by these defendants, that these defendants are, in whole or in part, "mere conduits." In each case, these defendants have, to the Litigation Trustee's satisfaction, provided documentation to substantiate their claim that they did not receive any Shareholder Proceeds as a beneficial owner and provided the Litigation Trustee with the identities of persons and entities to which they transmitted, credited, or otherwise made available such proceeds.

13.    The Pending Conduit Defendants are as follows:

   a. Defendant Cede & Co. a/k/a The Depository Trust Company a/k/a The Depository Trust & Clearing Corporation has represented that it acted as a

5

securities depository for Tribune stock exchanged or redeemed in Tribune's LBO Step One tender and Step Two merger. DTC is alleged in the Fifth Amended Complaint in the *FitzSimons* Action to have received $7,234,643,319.82 in combined Shareholder Proceeds. At the present time, the Litigation Trustee proposes to dismiss his claim against this defendant.

b. Defendant Citibank, National Association, in its individual and custodial capacities, has represented that it acted as a custodian and/or trustee with respect to Tribune stock and is alleged to have received $68,450,644.76 in combined Shareholder Proceeds. At the present time, the Litigation Trustee proposes to reduce the amount of his claim against this defendant by more than $5,000,000.00.

c. Defendant Citigroup Global Markets Inc. has represented that it acted as a broker, prime broker, and/or custodian with respect to Tribune stock and is alleged to have received $155,879,430.43 in combined Shareholder Proceeds. At the present time, the Litigation Trustee proposes to reduce the amount of his claim against this defendant in the *FitzSimons* Action by more than $5,000,000.00.

d. Defendant Citicorp Securities Services Inc. has represented that it acted as a securities lender to prime brokerage clients of Citigroup Global Markets Inc. and is alleged to have received $10,554,144.00 in combined Shareholder Proceeds. At the present time, the Litigation Trustee proposes to dismiss his claim against this defendant.

e. Defendant Commerz Markets LLC a/k/a Commerzbank Capital Markets has represented that it acted as a custodian with respect to Tribune stock and is

alleged to have received $36,555,133.48 in combined Shareholder Proceeds. At the present time, the Litigation Trustee proposes to dismiss his claim against this defendant.

f.  Defendant Computershare Trust Co., N.A. has represented that it acted as a depository and exchange agent for Tribune and is alleged to have received $108,624,220.00 in combined Shareholder Proceeds. At the present time, the Litigation Trustee proposes to dismiss his claim against this defendant.

g.  Oppenheimer & Co., Inc. has represented that it acted as a broker-dealer and/or custodian with respect to Tribune stock and is alleged to have received $7,131,102.00 in combined Shareholder Proceeds. At the present time, the Litigation Trustee proposes to reduce the amount of his claim against this defendant by more than $5,000,000.00.

h.  Rabo Capital Services, Inc. has represented that it acted as a custodian with respect to Tribune stock held pursuant to a securities loan agreement, and is alleged to have received $5,203,972.00 in combined Shareholder Proceeds. At the present time, the Litigation Trustee proposes to dismiss his claim against this defendant.

14.    By this Motion the Litigation Trustee seeks an order confirming that Bankruptcy Court approval is unnecessary to dismiss or reduce his claims against the Pending Conduit Defendants and any additional similarly situated defendants which the Litigation Trustee believes have met, in whole or in part, the requirements for a "mere conduit," notwithstanding that they are alleged to have received over $5,000,000 in Shareholder Proceeds.[4] As explained

---

[4] Three of the defendants that have already been dismissed under the Conduit Protocol or otherwise on the basis of conduit status were also originally sued for Shareholder Proceeds exceeding $5,000,000. They are ABN AMRO

below, the Litigation Trustee respectfully submits that such dismissals or claim reductions are not subject to Court approval pursuant to Plan § 13.3.3.

## RELIEF REQUESTED

15.    The Litigation Trustee respectfully requests that the Court enter an order substantially in the form appended hereto as Exhibit A confirming that prior authorization from the Court is not required for Conduit Protocol dismissals or claim reductions.

16.    Alternatively, the Litigation Trustee requests that the Court authorize the dismissal without prejudice or the reduction of claims against the Pending Conduit Defendants and the Previously Dismissed Conduit Defendants, *nunc pro tunc*, and any additional similarly situated defendants under the Conduit Protocol without further application, or authorize the dismissal or claim reduction with respect to other similarly situated Conduit Protocol applicants upon 14 days' negative notice by the Litigation Trustee's filing of a notice with the Court stating the names of the applicant(s) for which dismissal or claim reduction is proposed.  Any objections to such notice would be resolved prior to dismissal or claim reduction.

## BASIS FOR RELIEF

17.    Dismissals or claim reductions pursuant to the Conduit Protocol are not final, do not include the exchange of any monetary consideration, and are therefore not settlements.  Rather, a Conduit Protocol dismissal or claim reduction constitutes a preliminary determination by the parties, in the interest of preserving defendant and Litigation Trust resources, that the applicant would, upon full discovery and motion practice, qualify in whole or in part as a "mere conduit."

---

Clearing Chicago LLC, SEI Private Trust Company, and Scottrade, Inc. (the "Previously Dismissed Conduit Defendants").  The Litigation Trustee, by this motion, also requests approval of these defendants' dismissals *nunc pro tunc*.  All other defendants that have been dismissed pursuant to the Conduit Protocol were alleged to have received less than $5,000,000.

18.    The Litigation Trustee respectfully asserts that the Trust's dismissal of, or reduction of claims against, defendants with valid, likely dispositive "mere conduit" defenses is not (and should not be deemed to be) encompassed within the above-referenced provisions of the Plan and Litigation Trust Agreement requiring Bankruptcy Court approval, as no consideration is exchanged, and such claims are of no meaningful value to the Litigation Trust. Hence, the Litigation Trustee should be able to agree to dismissals or claim reductions under the Conduit Protocol irrespective of the amount the defendant was sued for.

### NOTICE

19.    Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) all parties having requested notice in the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 2002; and (iii) the Pending Conduit Defendants. The Reorganized Debtors and JPMorgan, a co-Plan proponent and Senior Lender support the relief requested herein by the Litigation Trustee.

Dated: February 27, 2015
    Wilmington, Delaware

**LANDIS RATH & COBB LLP**

Richard S. Cobb (No. 3157)
James S. Green Jr. (No. 4406)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450

*Counsel to the Litigation Trustee*


**FRIEDMAN KAPLAN SEILER &
ADELMAN LLP**

Robert J. Lack
Hal Neier
Jeffrey R. Wang
7 Times Square
New York, NY 10036-6516
Telephone: (212) 833-1100

*Counsel to the Litigation Trustee*


**AKIN GUMP STRAUSS HAUER &
FELD LLP**

David M. Zensky
Mitchell Hurley
Deborah J. Newman
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000

*Counsel to the Litigation Trustee*