IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE MEDIA COMPANY, et al.[1]<br>(f/k/a Tribune Company)<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Related to Docket No. 14055, 14063 and 14074 |

### FINAL DECREE (I) CLOSING CERTAIN OF THE REORGANIZED DEBTORS' CHAPTER 11 CASES PURSUANT TO SECTIONS 105(a) AND 350(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3022, AND LOCAL RULE 3022-1 AND (II) DIRECTING THE USE OF AN AMENDED CAPTION IN THE REORGANIZED DEBTORS' CASES PURSUANT TO SECTIONS 105(a) AND 342(c)(1) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 1005, 2002(m), AND 2002(n)

Upon consideration of the Motion[2] of the Reorganized Debtors for the entry of a final decree (i) closing the Specified Cases pursuant to sections 105(a) and 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1 and (ii) directing the use of an amended caption in the Reorganized Debtors' cases pursuant to sections 105(a) and 342(c)(1) of the

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Content Agency, LLC, LLC (2931); Tribune Content Agency London, LLC (6079); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Motion.

Bankruptcy Code and Bankruptcy Rules 1005, 2002(m), and 2002(n); and the Court having reviewed the Motion; and the Court finding good and sufficient cause for granting the relief as provided herein; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 1408 and 1409; and due and adequate notice of the Motion having been given under the circumstances; it is hereby:

ORDERED that the Motion is granted as set forth herein; and it is further

ORDERED that the Specified Cases listed on Exhibit 1 hereto are hereby closed and a final decree is granted pursuant to sections 105(a) and 350(a) of the Bankruptcy Code (the "Final Decree"); and it is further

ORDERED that, to the extent necessary, further proceedings in this Court with respect to (a) the unresolved Proofs of Claim asserted against the Specified Debtors and (b) other remaining matters that may potentially impact the estates of the Specified Debtors shall be administered in Lead Case; and it is further

ORDERED that closure of the Specified Cases shall not alter or modify the terms of the Plan, Confirmation Order, any supplement, exhibit, appendix or schedule to the Plan, or any other contract, instrument, release or other agreement executed or created pursuant to the Plan, including but not limited to the Litigation Trust Agreement (as defined the Plan) or LT Agreement (as defined the Plan); and it is further

ORDERED that closure of the Specified Cases shall not affect the ability of the Litigation Trustee (as defined in the Plan) to amend any Preserved Causes of Action (as defined in the Plan) or assert any LBO-Related Causes of Action (as defined in the Plan) pursuant to, inter alia, section 550 of the Bankruptcy Code; and it is further

ORDERED that entry of this Final Decree is without prejudice to any pending appeals taken from the Confirmation Order, and from the orders incorporated therein, including, for the avoidance of doubt, the pending appeals taken from the U.S. District Court for the District of Delaware's June 18, 2014 Order dismissing certain appeals from the Confirmation Order (together, the "Confirmation Appeals"); and it is further

ORDERED that entry of this Final Decree shall have no effect on the availability of relief, if any, as a consequence of the Confirmation Appeals, and shall not be evidence that such appeals are equitably moot; and it is further

ORDERED that any claim that is subsequently allowed pursuant to the Plan by this Court against any Specified Debtor whose case is closed pursuant to this Final Decree shall be paid in accordance with the Plan as applicable to such Specified Debtor; and it is further

ORDERED that a copy of this Final Decree shall be docketed in each of the Specified Cases; and it is further

ORDERED that for the purposes of calculating fees which are due and payable pursuant to 28 U.S.C. § 1930 in connection with the Specified Cases, (a) disbursements made by the Specified Debtors prior to the entry of this Final Decree will be included in the calculation of quarterly fees for the first quarter of 2015, (b) the Reorganized Debtors shall pay the appropriate quarterly fees within 30 days of the entry of this Final Decree, and (c) no disbursements made by the Specified Debtors following entry of this Final Decree will be included in the subsequent fees which are due and payable pursuant to 28 U.S.C. § 1930 in connection with the Remaining Cases, and no minimum quarterly fees shall be payable with respect to the Specified Case for periods thereafter; and it is further

ORDERED that, for the avoidance of doubt, the Specified Debtors shall continue to comply with any current or future obligations they may have under the LT Agreement, and shall maintain their rights under the LT Agreement, as if they were still Reorganized Debtors; and it is further

ORDERED that (a) the requirement under Local Rule 3022-1(c) to file a final report with respect to the Specified Cases is hereby waived and (b) the Reorganized Debtors shall file a consolidated final report with respect to all of the Debtors in connection with a motion seeking to close the final Remaining Case(s); and it is further

ORDERED that entry of this Final Decree is without prejudice to the rights of the Reorganized Debtors, the Litigation Trustee, or any other party in interest to seek to reopen the chapter 11 cases of any or all of the Specified Debtors for cause, including, but not limited to, the Reorganized Debtors' failure to either file a final report or pay fees due and payable pursuant to 28 U.S.C. § 1930 as set forth above; and is further

ORDERED, that all pleadings filed in the Remaining Cases shall bear an amended caption, follows:

| | |
|---|---|
| In re:<br>TRIBUNE MEDIA COMPANY, et al.[FN]<br>(f/k/a Tribune Company)<br>　　　　　　Reorganized Debtors. | Chapter 11<br>Case No. 08-13141 (KJC)<br>Jointly Administered |

[FN] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); Chicago Tribune Company, LLC (3437); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); KTLA, LLC (3404); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Hartford Courant Company, LLC (3490); Tribune CNLBC, LLC (0347); Tribune Content Agency, LLC (2931); Tribune Media Services, LLC (1080); Tribune ND, LLC (4926); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

ORDERED, that notwithstanding any applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Final Decree shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine any matters or disputes arising in or related to the chapter 11 cases, including, without limitation, any matters or disputes relating to the effect of the discharge and/or injunction provisions contained in the Plan and/or the Confirmation Order.

Dated: Wilmington, Delaware
      March 16, 2015

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE