**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY, <u>et al.</u>[1]<br>(f/k/a Tribune Company) | Case No. 08-13141 (KJC) |
| | Jointly Administered |
| Reorganized Debtors. | **Hearing Date: July 28, 2015 at 10:00 a.m. ET**<br>**Response Deadline: June 8, 2015 at 4:00 p.m. ET** |

**REORGANIZED DEBTORS' SEVENTY-FOURTH OMNIBUS
(SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO
SECTIONS 502(b) AND 558 OF THE BANKRUPTCY CODE,
<u>BANKRUPTCY RULES 3001, 3003 AND 3007, AND LOCAL RULE 3007-1</u>**

**("LITERARY WORKS CLAIMS")**

> **Claimants receiving this objection should locate their name(s) and
> claim number(s) on <u>Exhibit A</u> to this Objection.  The grounds for the
> Objection are set forth herein.**

The reorganized debtors in the above-captioned chapter 11 cases (collectively, the

"<u>Reorganized Debtors</u>"), by and through their undersigned counsel, hereby file this seventy-

fourth omnibus objection (the "<u>Objection</u>"), which Objection covers each of the fifteen (15)

claims set forth on <u>Exhibit A</u> attached hereto and to the proposed form of order submitted

herewith (collectively, the "<u>Literary Works Claims</u>").  This Objection is submitted pursuant to

sections 502(b) and 558 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules

3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"),

and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); Chicago Tribune Company, LLC (3437); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); KTLA, LLC (3404); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Hartford Courant Company, LLC (3490); Tribune CNLBC, LLC (0347); Tribune Media Services, LLC (1080); Tribune ND, LLC (4926); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191).  The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

Bankruptcy Court for the District of Delaware (the "Local Rules").  In support of the Objection,

the Reorganized Debtors respectfully state as follows:

## INTRODUCTION

1.      Each of the Literary Works Claims was filed by a freelance author of one

or more copyrighted works that was alleged to have been electronically or digitally reproduced in

an electronic database without such author's permission.  The resulting copyright infringement

claims of the holders of the Literary Works Claims and other copyright owners are concurrently

pending in multidistrict class action litigation before the United States District Court for the

Southern District of New York (the "New York District Court"), in proceedings captioned In re

Literary Works In Electronic Databases Copyright Litigation, MDL No. 1379 (the "Literary

Works Litigation").  On June 10, 2014, the New York District Court entered an Order Granting

Final Approval of Revised Proposed Settlement and Final Judgment (the "Settlement Approval

Order"), a copy of which is attached hereto as Exhibit B.  The Settlement Approval Order

conclusively resolves all of the copyright infringement claims that are the subject of the Literary

Works Litigation, including the Literary Works Claims asserted against the Debtors.

2.      To the extent that any payments are due to the holders of the Literary

Works Claims for alleged copyright infringement, such payments will be made by the Defense

Group (as that term is defined in the Settlement Approval Order) pursuant to the terms of the

Settlement Approval Order and underlying settlement agreement (the "Settlement Agreement"),

and not by the Debtors or their estates directly.  A copy of the Settlement Agreement is attached

hereto as Exhibit C. [2]  The Settlement Agreement bars class members from pursuing copyright

infringement claims relating to the same copyrighted works that are the subject of the Settlement

---

[2] The Settlement Agreement was modified on June 10, 2014 by agreement of the parties to revise the list of
Participating Publishers attached as Exhibit A thereto.  See Stipulation, In re Literary Works in Electronic Databases
Copyright Litig., MDL No. 1379 (S.D.N.Y. filed June 10, 2014).

Agreement against any member of the Defense Group, which includes Tribune Publishing

Company, LLC (on behalf of itself and certain of its subsidiaries).  See Ex. C, Settlement

Agreement at ¶ 1(v) (definition of Released Claims), ¶ 1(w) (definition of Released Parties), ¶ 10

(Releases); Exhibit A to Settlement Agreement (list of Participating Publishers); Ex. B,

Settlement Approval Order ¶ 11 (approving Releases).  None of the holders of the Literary

Works Claims opted out of the Settlement Agreement.  See Ex. B, Settlement Approval Order

(list of Exclusions).

    3.    Accordingly, by this Objection, the Reorganized Debtors request the entry

of an order disallowing and expunging each of the Literary Works Claims.  The relief requested

herein will not prejudice any of the holders of the Literary Works Claims, because they retain all

rights available to class members under the Settlement Agreement and Settlement Approval

Order to obtain payment for their copyright infringement claims from the Defense Group

pursuant to the terms of the Settlement Agreement.

## STATUS OF THE CASE

    4.    On December 8, 2008 (the "Petition Date"), Tribune Company (now

known as Tribune Media Company) and certain of its affiliates (collectively, the "Debtors"),[3]

each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors'

chapter 11 cases have been consolidated for procedural purposes only and are being jointly

administered pursuant to Bankruptcy Rule 1015(b).  (Docket Nos. 43, 2333.)

    5.    On July 23, 2012, the Court entered the Order Confirming Fourth

Amended Joint Plan of Reorganization (the "Plan") for Tribune Company and Its Subsidiaries

Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital

---

[3] As used herein, the term "Debtors" refers to the entities that filed the above-captioned chapter 11 cases and the term "Reorganized Debtors" refers to the entities that became successors to the Debtors upon the Debtors' emergence from their chapter 11 cases.

Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (Docket No. 12074).[4]

6.       The Effective Date of the Plan occurred on December 31, 2012.[5]

7.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1.

### FACTUAL BACKGROUND TO THE DEBTORS' CLAIMS PROCESS

8.       On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs (Docket Nos. 567-789), which were subsequently amended on April 13, 2009 (Docket Nos. 894-957), June 12, 2009 (Docket Nos. 1343-1453), March 2, 2010 (Docket Nos. 3548-3599), May 13, 2010 (Docket No. 4388), and January 28, 2011 (Docket Nos. 7661-7671) (collectively, the "Schedules").

9.       On March 25, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date.

---

[4] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

[5] The Plan provides that one or more Debtors may undertake Restructuring Transactions on, prior to, or after the Effective Date, which may include, without limitation, mergers, consolidations, conversions, joint ventures, restructurings, recapitalizations, dispositions, liquidations or dissolutions.  See Plan § 5.2, Ex. 5.2 and Docket No. 12732.  Certain of the Debtors undertook Restructuring Transactions, pursuant to which they merged with and into direct or indirect wholly-owned subsidiaries of Tribune or converted into limited liability companies.  A notice with information respecting each Debtor's post-emergence entity following the consummation of the Restructuring Transactions was filed with the Bankruptcy Court on November 16, 2012 (Docket No. 12732).

46429/0001-11818002V1

10.     Written notice of the Bar Date was mailed to, among others, all known creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order.  In addition to mailing such actual notice, the Debtors also published notice of the Bar Date in the National Editions of the <u>Wall Street Journal</u> and the <u>New York Times</u> and in the <u>Chicago Tribune</u> and <u>Los Angeles Times</u> on May 12, 2009.

11.     As of the Effective Date, approximately 7,165 Proofs of Claim were filed in these chapter 11 cases.  The Proofs of Claim are recorded on the official claims register (the "<u>Claims Register</u>") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors and the Reorganized Debtors to assist with claims processing in these chapter 11 cases (the "<u>Claims Agent</u>").

**<u>FACTUAL BACKGROUND TO THE LITERARY WORKS LITIGATION</u>**

12.     The Literary Works Litigation was commenced in the New York District Court in 2001, when four pending class action copyright infringement cases were consolidated for joint pre-trial proceedings.  <u>See, e.g.</u>, Order, <u>Authors Guild v Dialog Corp.</u>, No. 00-cv-06049 (S.D.N.Y. filed Aug. 14, 2001) (consolidating cases under MDL No. 1379).  In 2005, the parties reached an initial settlement agreement (the "<u>Initial Settlement</u>"), which was approved by final order of the New York District Court on September 23, 2005.  <u>See, e.g.</u>, Ex. C, Settlement Agreement at 3.  The Initial Settlement provided that class members could submit proofs of claim for cash payments based on their allegedly infringed works, with settlement payments to be funded by the defendants and certain non-defendant "Participating Publishers."  Among the Participating Publishers were certain of the Debtors.

13.     The Initial Settlement was appealed by certain class members and was vacated by the United States Court of Appeals for the Second Circuit on August 17, 2011 (<u>i.e.</u>,

46429/0001-11818002V1

after the Petition Date).  See, e.g., Ex. C, Settlement Agreement at 3.  The parties thereafter

resumed negotiations on a revised settlement agreement.

14.     On November 13, 2013, the plaintiffs (on behalf of themselves and the

class) and the defendants in the Literary Works Litigation executed the Settlement Agreement.

Id. at 35.  The New York District Court entered an order granting preliminary approval of the

Settlement Agreement on January 22, 2014.  See Order, In re Literary Works In Electronic

Databases Copyright Litig., MDL No. 1379 (S.D.N.Y. filed Jan. 22, 2014).  A single objection to

the Settlement Agreement was filed, relating only to the allocation of attorneys fees awarded to

class counsel as between lead and non-lead counsel.  See Obj., In re Literary Works In Electronic

Databases Copyright Litig., MDL No. 1379 (S.D.N.Y. filed May 16, 2014).[6]  On June 10, 2014,

the New York District Court entered the Settlement Approval Order.  See Ex. B.

15.     The Settlement Agreement adopts the claims administration program

provided for by the Initial Settlement Agreement, including the notices to class members and

requirements for the filing of proofs of claim.  See Ex. C, Settlement Agreement at ¶¶ 3, 5.  In

relevant part, the Settlement Agreement provides that "[a] Settlement Payment shall be made to

every Claimant who submitted a timely, valid proof of claim in accordance with the Initial

Settlement Agreement," subject to certain limitations.  See id. at ¶ 3.  The Settlement Agreement

further provides that "[o]nly Class members who submitted a valid, timely Proof of Claim under

the Initial Settlement Agreement are eligible to receive a Settlement Payment."  See id. at ¶ 5.

As of the date of this Objection, claims administration under the Settlement Agreement remains

ongoing.

---

[6] The same class members also objected to the fee application of lead counsel, which objection was overruled by the
New York District Court.  See Order, In re Literary Works In Electronic Databases Copyright Litig., MDL No. 1379
(S.D.N.Y. filed June 10, 2014) (awarding fees and overruling objection).  That order, and not the Settlement
Approval Order, was appealed from by non-lead counsel on July 9, 2014.  See Notice of Appeal, In re Literary
Works In Electronic Databases Copyright Litig., MDL No. 1379 (S.D.N.Y. filed July 9, 2014).

## RELIEF REQUESTED

16.    By this Objection, the Reorganized Debtors seek entry of an order,

pursuant to sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and

3007, and Local Rule 3007-1, (i) disallowing and expunging in their entirety each of the Literary

Works Claims identified on Exhibit A on the grounds set forth herein with respect to each such

claim, and (ii) authorizing the Claims Agent to modify each of the Literary Works Claims on the

Claims Register in accordance with the proposed Order.

17.    This Objection complies with Local Rule 3007-1 in all respects.

## BASIS FOR OBJECTION

18.    This Objection is based on section 502(b)(1) of the Bankruptcy Code,

which provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a
> hearing, shall determine the amount of such claim in lawful
> currency of the United States as of the date of the filing of the
> petition, and shall allow such claim in such amount, except to the
> extent that—
>
> > (1)    such claim is unenforceable against the debtor and
> > property of the debtor, under any agreement or applicable
> > law for a reason other than because such claim is
> > contingent or unmatured . . . .

11 U.S.C. § 502(b)(1).  Section 502(b)(1) recognizes the settled principle that "[c]reditors'

entitlements in bankruptcy arise in the first instance from the underlying substantive law creating

the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy

Code." Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450-51 (2007)

(citing Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20 (2000)).  A claim against the bankruptcy

estate, therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be

enforceable against the debtor outside of bankruptcy." In re Combustion Eng'g, Inc., 391 F.3d

190, 245 (3d Cir. 2004).  In proceedings to determine whether a claim is enforceable against the estate, "[t]he estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses" pursuant to section 558 of the Bankruptcy Code.  See 11 U.S.C. § 558.

19.     In connection with their review of all Proofs of Claim filed to date against the Debtors' estates, the Reorganized Debtors have identified fifteen (15) claims, in the aggregate face amount of $400,612.09 (plus undetermined amounts),[7] as Literary Works Claims, which are listed on Exhibit A hereto.  Specifically, each of the Literary Works Claims are based on alleged prepetition copyright infringement that is the subject of the Literary Works Litigation and were filed by class members who did not exclude themselves from the Settlement Agreement.  Those claims have now been conclusively resolved by the Settlement Agreement.

20.     The Debtors believe that the filing of the Literary Works Claims was intended to be protective in nature, given that at the time the Debtors filed their chapter 11 cases, the Initial Settlement Agreement was on appeal and the ability of the class members to receive compensation for their copyright claims was in question.  Indeed, the order approving the Initial Settlement Agreement was vacated by the Second Circuit after the Petition Date.  However, now that the Settlement Agreement has been approved by a final order of the New York District Court (which was not appealed), each of the holders of the Literary Works Claims must look to the settlement fund established by the Defense Group for the payment of any copyright infringement claims they may have.  Any direct claims against the Debtors, including the Literary Works Claims, are now precluded by the releases in the Settlement Agreement and the Settlement Approval Order.  See Ex. C, Settlement Agreement at ¶ 1(v) (definition of Released

---

[7] The Reorganized Debtors do not concede that the amounts stated on the Proofs of Claim reflect amounts legitimately due from the Debtors or the Reorganized Debtors on account of such claims.

8

Claims), ¶ 1(w) (definition of Released Parties), ¶ 10 (Releases); Exhibit A to Settlement

Agreement (list of Participating Publishers); Ex. B, Settlement Approval Order ¶ 11 (approving

Releases).

21.     The entry of an order sustaining this Objection will not prejudice the

holders of the Literary Works Claims because, as described in detail above, the Settlement

Agreement provides that the Defense Group will fund cash distributions to the members of the

class in satisfaction of their alleged copyright infringement claims, under the same terms as in

the Initial Settlement Agreement. Each of the holders of the Literary Works Claims had notice

and an opportunity to file proofs of claim in the Literary Works Litigation in 2005, and such

proofs of claim are being administered and will be satisfied in accordance with the Settlement

Agreement and Settlement Approval Order.

## RESERVATION OF RIGHTS

22.     The Reorganized Debtors hereby reserve their right to amend, modify,

and/or supplement this Objection at any time prior to the hearing on this Objection.  The

Reorganized Debtors further reserve their right to adjourn the hearing on this Objection as it

pertains to any or all of the Literary Works Claims.  In the event that the Reorganized Debtors so

adjourn the hearing, they will state that the hearing on the Objection and/or any response filed in

connection therewith and/or all applicable deadlines for responsive pleadings have been

adjourned on the agenda for the hearing, which agenda will be served on any party affected by

such adjournment.

## NOTICE

23.     Notice of this Objection has been provided to:  (i) the Office of the United

States Trustee; (ii) the claimants listed on Exhibit A; and (iii) all parties requesting notice

pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  In light of the

46429/0001-11818002V1

nature of the relief requested herein, the Reorganized Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

24.     No previous application for the relief sought herein has been made to this Court or to any other court.

[Remainder of Page Intentionally Left Blank]

46429/0001-11818002V1

WHEREFORE, for the reasons set forth herein, the Reorganized Debtors respectfully request that the Court enter an order, pursuant to sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1, (i) disallowing in full and expunging the Literary Works Claims set forth on Exhibit A; (ii) directing the Claims Agent to modify the Literary Works Claims on the Claims Register; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
      May 8, 2015

Respectfully submitted,

SIDLEY AUSTIN LLP
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE SCHOTZ P.C.

By:_____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR REORGANIZED DEBTORS

46429/0001-11818002V1