IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE MEDIA COMPANY, et al.[1]<br>(f/k/a Tribune Company)<br><br>　　　　　　　Reorganized Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Hearing Date: July 28, 2015 at 10:00 a.m. ET<br>Response Deadline: June 15, 2015 at 4:00 p.m. ET |

**REORGANIZED DEBTORS' OBJECTION TO CLAIM NO. 6771 OF NOSTRAND
PROPERTIES LLC PURSUANT TO SECTIONS 502(b) AND 558 OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULES 3001, 3003, AND 3007**

The reorganized debtors in the above-captioned chapter 11 cases (collectively, the "Reorganized Debtors"), by and through their undersigned counsel, hereby file this objection (the "Objection") to Claim No. 6771 filed against Star Community Publishing Group, LLC ("Star") by claimant Nostrand Properties LLC ("Nostrand Properties"), a copy of which is attached hereto as Exhibit A (the "Nostrand Properties Claim"). This Objection is made on the grounds that the underlying premises liability litigation on which Nostrand Properties' third-party contribution and indemnification claim against Star is based was disposed of in New York state court without any amounts being due from Nostrand Properties, and there is therefore no remaining basis for a claim by Nostrand Properties against Star. In addition, the Nostrand Properties Claim should be disallowed because Nostrand Properties filed its third-party

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); Chicago Tribune Company, LLC (3437); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); KTLA, LLC (3404); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Hartford Courant Company, LLC (3490); Tribune CNLBC, LLC (0347); Tribune Media Services, LLC (1080); Tribune ND, LLC (4926); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

complaint against Star in violation of the automatic stay, rendering it void <u>ab initio</u>, and the Nostrand Properties Claim was filed late without prior leave from this Court.

This Objection is submitted pursuant to sections 502(b) and 558 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"). By this Objection, the Reorganized Debtors request the entry of an order disallowing and expunging the Nostrand Properties Claim in its entirety, for the reasons set forth above and described in greater detail below. In support of this Objection, the Reorganized Debtors respectfully state as follows:

### STATUS OF CASE AND JURISDICTION

1. On December 8, 2008 (the "<u>Petition Date</u>"), Tribune Company (now known as Tribune Media Company) ("<u>Tribune</u>") and certain of its affiliates, including Star (collectively, the "<u>Debtors</u>"),[2] each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). (Docket Nos. 43, 2333.)

2. On July 23, 2012, the Court entered the Order Confirming Fourth Amended Joint Plan of Reorganization (the "<u>Plan</u>") for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (Docket No. 12074) (the "<u>Confirmation Order</u>").[3]

---

[2] As used herein, the term "Debtors" refers to the entities that filed the above-captioned chapter 11 cases and the term "Reorganized Debtors" refers to the entities that became successors to the Debtors upon the Debtors' emergence from their chapter 11 cases.

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

2

3. The Effective Date of the Plan occurred on December 31, 2012.[4]

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007.

## I.  FACTUAL AND PROCEDURAL BACKGROUND TO THE OBJECTION

### A.  Procedural History

5. On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs (Docket Nos. 567-789), which were subsequently amended on April 13, 2009 (Docket Nos. 894-957), June 12, 2009 (Docket Nos. 1343-1453), March 2, 2010 (Docket Nos. 3548-3599), May 13, 2010 (Docket No. 4388), and January 28, 2011 (Docket Nos. 7661-7671) (collectively, the "Schedules").

6. Star listed a former employee, Diane Haas-Navarro, as a potential creditor on Schedule F of its Schedules, based on a workers' compensation claim that was pending against Star as of the Petition Date. Ms. Haas-Navarro's workers' compensation claim arose from a prepetition slip-and-fall injury that she allegedly sustained on November 26, 2007 while working at Star's offices on Nostrand Avenue in Brooklyn, New York.

7. On March 25, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final

---

[4] The Plan provides that one or more Debtors may undertake Restructuring Transactions on, prior to, or after the Effective Date, which may include, without limitation, mergers, consolidations, conversions, joint ventures, restructurings, recapitalizations, dispositions, liquidations or dissolutions. (See Plan § 5.2, Ex. 5.2 and Docket No. 12732.) On the Effective Date, Star underwent Restructuring Transactions pursuant to which it was merged with and into non-Debtor Tribune ND, LLC, with Tribune ND, LLC being the surviving entity.

date and time for all persons and entities holding or asserting a claim against any of the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date.

8. Written notice of the Bar Date was mailed to, among others, all known creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order. See Affidavit of Mailing, Ex. E at 779, In re Tribune Co. (Bankr. D. Del., filed April 22, 2009) (Docket No. 1073) (evidencing service of the Bar Date notice on Diane Haas-Navarro). In addition to mailing such actual notice, the Debtors also published notice of the Bar Date in the National Editions of the Wall Street Journal and the New York Times and in the Chicago Tribune and Los Angeles Times on May 12, 2009.

9. No proof of claim was filed against Star or any other Debtor by Ms. Haas-Navarro. Ms. Haas-Navarro's workers' compensation claim was resolved through Star's workers' compensation program in June 2010. See Order, In re Tribune Co. (Bankr. D. Del., filed Dec. 10, 2008) (Docket No. 53) (authorizing the Debtors to, among other things, continue their workers' compensation program on a postpetition basis in the ordinary course of business).

**B.    The Haas-Navarro Litigation and the Third-Party Complaint**

10. On or about August 9, 2010, after the Petition Date, Ms. Haas-Navarro filed a negligence and premises liability complaint relating to her alleged November 26, 2007 injury against Nostrand Properties, American Commercial Realty, and Cohen & Company, Inc. Real Estate in the Supreme Court of New York, Kings County (the "New York Court"), captioned Haas-Navarro v. Nostrand Properties LLC, No. 19670/10 (the "Haas-Navarro Complaint"). A copy of the Haas-Navarro Complaint is attached to the Nostrand Properties Claim. See Ex. A at 4-10. A copy of the electronic docket and case detail maintained by the

4

New York Court is attached hereto as <u>Exhibit B</u>. The Haas-Navarro Complaint alleged, among other things, that Nostrand Properties was liable for the injuries sustained by Ms. Haas-Navarro because it was the owner and lessor of the property at which she was injured. <u>See</u> Ex. A at 4-10. Star did not receive notice or service of the Haas-Navarro Complaint, and was not named as a party therein. Nostrand Properties filed an answer on or about September 28, 2010. <u>See</u> Ex. B at 3. No other substantive proceedings have occurred with respect to the Haas-Navarro Complaint. <u>Id.</u>

11. On or about December 29, 2010, Nostrand Properties filed a third-party complaint against Star for contribution and indemnification arising from the Haas-Navarro Complaint, in the New York Court, captioned <u>Nostrand Properties LLC v. Star Community Publishing Group, LLC</u>, No. 75992/10 (the "<u>Third-Party Complaint</u>"). A copy of the Third-Party Complaint and summons is attached to the Nostrand Properties Claim. <u>See</u> Ex. A at 12-26; <u>see also</u> Ex. B at 3. The Third-Party Complaint alleged that Star leased the subject property from Nostrand Properties and was responsible for its operation and maintenance. <u>See</u> Ex. A at 16-18. The Third-Party Complaint further alleged that the lease agreement between Nostrand Properties and Star required that Star indemnify and hold harmless Nostrand Properties from any and all claims, suits, and losses of the kind alleged in the Haas-Navarro Complaint. <u>Id.</u> at 19-21. The Third-Party Complaint asserted that Star is liable to Nostrand Properties for contribution and indemnification in the amount of any judgment or verdict obtained by Ms. Haas-Navarro against Nostrand Properties. <u>Id.</u> Nostrand Properties did not seek or obtain relief from the automatic stay from this Court prior to filing the Third Party Complaint.

12. On or about March 8, 2011, Star filed a notice advising Nostrand Properties and the New York Court of its chapter 11 bankruptcy case and the automatic stay.

See Ex. B at 3. Other than the disposition of the Haas-Navarro Complaint discussed below, no further proceedings have occurred respecting either the Haas-Navarro Complaint or the Third-Party Complaint.

### C.   The Nostrand Properties Claim

13.   The Nostrand Properties Claim was received on May 27, 2011 and was recorded as Claim No. 6771 on the official claims register (the "Claims Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to assist with claims processing in the Debtors' chapter 11 cases (the "Claims Agent"). The Nostrand Properties Claim is asserted against Star in an undetermined amount. See Ex. A at 1. The summary appended to the Nostrand Properties Claim states that "[s]ince this claim has yet to accrue under New York State law, it is impossible to determine the exact amount of this claim at this time." Id. at 2.

14.   The Nostrand Properties Claim was filed after the Bar Date. Nostrand Properties did not seek or obtain leave from this Court to file a late claim.

### D.   The Disposition of the Haas-Navarro Complaint

15.   On or about July 14, 2011, a voluntary discontinuance was filed respecting the Haas-Navarro Complaint. See Ex. B at 3. The New York Court's docket reflects that the Haas-Navarro Complaint has a final disposition date of September 15, 2011. Id. at 1 (noting "Disposition Date" of September 15, 2011); id. at 2 (noting "Other Final Disp[osition]" as of September 15, 2011). No further proceedings have occurred respecting either the Haas-Navarro Complaint or the Third-Party Complaint since that time. See generally Ex. B.

### RELIEF REQUESTED

16.   By this Objection, the Reorganized Debtors seek entry of an order, pursuant to sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003,

6

and 3007, disallowing and expunging the Nostrand Properties Claim in its entirety on the basis that the Haas-Navarro Complaint, on which the Third-Party Complaint against Star is based, was disposed of by the New York Court in September 2011 without any amounts being due from Nostrand Properties to Ms. Haas-Navarro, and there is therefore no remaining basis for an indemnification claim by Nostrand Properties against Star. In addition, Nostrand Properties filed its complaint against Star in violation of the automatic stay, rendering it void <u>ab initio</u>, and the Nostrand Properties Claim was late-filed without prior leave from this Court. The Reorganized Debtors also seek an order authorizing the Claims Agent to expunge the Nostrand Properties Claim from the Claims Register so that the Claims Register accurately reflects the claims outstanding against the Debtors' estates.

## BASIS FOR OBJECTION

17. A "claim" for bankruptcy purposes means a "right to payment", whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured. 11 U.S.C. § 101(5).

18. Section 502(b) of the Bankruptcy Code provides in pertinent part:

> [I]f [an] objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
>
> > (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . .
> >
> > . . .
> >
> > (9) proof of such claim is not timely filed . . . .

46429/0001-11841079v1

11 U.S.C. § 502(b). Section 502(b)(1) recognizes the settled principle that "[c]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450-51 (2007) (citing Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20 (2000)). A claim against the bankruptcy estate, therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be enforceable against the debtor outside of bankruptcy." In re Combustion Eng'g, Inc., 391 F.3d 190, 245 (3d Cir. 2004). In proceedings to determine whether a claim is enforceable against the estate, "[t]he estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, statutes of fraud, usury, and other personal defenses" pursuant to section 558 of the Bankruptcy Code. 11 U.S.C. § 558.

I. **STAR HAS NO LIABILITY TO NOSTRAND PROPERTIES ON ACCOUNT OF THE THIRD-PARTY COMPLAINT, BASED ON THE DISPOSITION OF THE HAAS-NAVARRO COMPLAINT**

19. The Nostrand Properties Claim is predicated on Nostrand Properties' asserted contractual and common law rights to contribution and indemnification from Star for any judgment or verdict against Nostrand Properties arising from the Haas-Navarro Complaint. At the time Nostrand Properties filed the Third-Party Complaint against Star in late December 2010, its right to payment from Star, if any, was doubly contingent—first on Ms. Haas-Navarro being successful in her suit against Nostrand Properties and second on Nostrand Properties being successful in its third-party suit against Star. However, within approximately nine (9) months of the time the Third Party Complaint was filed, in September 2011, the Haas-Navarro Complaint was disposed of by the New York Court on a final basis, with no determination of liability on the part of Nostrand Properties to Ms. Haas-Navarro. There has been no further activity in the litigation respecting either the Haas-Navarro Complaint or the Third-Party Complaint since that

46429/0001-11841079v1

time. Accordingly, there is no remaining basis for Nostrand Properties to assert a contribution and indemnification claim against Star and the Nostrand Properties Claim should be disallowed and expunged pursuant to sections 502(b)(1) and 558 of the Bankruptcy Code.

## II. STAR HAS ADDITIONAL SUBSTANTIVE AND NON-SUBSTANTIVE DEFENSES TO THE NOSTRAND PROPERTIES CLAIM

20.   In addition to the foregoing defense that Nostrand Properties' contingent and unliquidated contribution and indemnification claim is not viable because Nostrand Properties has no underlying liability to Ms. Haas-Navarro, the Nostrand Properties Claim should be disallowed because the Third-Party Complaint was filed against Star in violation of the automatic stay and because the Nostrand Properties Claim was late-filed without prior leave from this Court. Star also expressly reserves any and all defenses that it may have to the merits of the Third-Party Complaint, which are not presently before the Court.

### A. Star Has No Liability to Nostrand Properties on Account of the Third-Party Complaint Because the Complaint Was Filed in Violation of the Automatic Stay and is Void Ab Initio

21.   The automatic stay of section 362(a) of the Bankruptcy Code operates as an injunction prohibiting, in relevant part, ". . . the commencement . . . of any judicial, administrative, or other action or proceeding against the debtor . . ." and "any act to obtain possession of property of the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(1), (3). The prevailing rule, including in the Third Circuit, is that actions taken in violation of the automatic stay are void ab initio and without legal effect. See, e.g., Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969, 976 (1st Cir. 1997); In re Siciliano, 13 F.3d 748, 750 (3d Cir. 1994); In re Schwartz, 954 F.2d 569, 571 (9th Cir. 1992); Job v. Calder (In re Calder), 907 F.2d 953, 956 (10th Cir. 1990) (per curiam); 48th St. Steakhouse, Inc. v. Rockefeller Group, Inc. (In re 48 St. Steakhouse, Inc.), 835 F.2d 427, 431 (2d Cir. 1987); Albany

46429/0001-11841079v1

Partners, Ltd. v. Westbrook (In re Albany Partners, Ltd.), 749 F.2d 670, 675 (11th Cir. 1984). This doctrine stems from the Supreme Court decision Kalb v. Feuerstein, 308 U.S. 433 (1940), in which the Court held that the state court's order of a real property foreclosure was "beyond its power, void, and subject to collateral attack," in light of the debtor's petition for relief under the prior Bankruptcy Act.[5]

22. Nostrand Properties took no action to seek relief from the automatic stay from this Court prior to filing the Third-Party Complaint, nor did it take any action to correct, validate, or ratify its violation of the automatic stay after it received express written notice of Star's bankruptcy proceedings. Because the Third-Party Complaint was filed in violation of the automatic stay of 11 U.S.C. § 362(a) and is void ab initio, the Nostrand Properties Claim filed on account thereof should be disallowed and expunged pursuant to sections 502(b)(1) and 558 of the Bankruptcy Code.

**B.   The Nostrand Properties Claim Should be Disallowed as Untimely**

23. The Bar Date is a substantive protection for the Debtors, designed to channel claims through the Bankruptcy Court in a timely manner so that the Debtors will know with certainty the scope and amount of claims asserted against them that must be resolved as part of the Debtors' reorganization. The time for filing proofs of claim may be enlarged after the expiration of the Bar Date only "for cause" and upon a showing of "excusable neglect" by the party seeking to effect the untimely filing. See Fed. R. Bankr. P. 9006(b)(1) (setting the "excusable neglect" standard). Here, Nostrand Properties did not seek this Court's leave to file a

---

[5] The minority view is that unauthorized post-petition proceedings are merely "voidable," but the distinction is largely a semantic one. See Easley v. Pettibone Mich. Corp., 990 F.2d 905, 910-11 (6th Cir. 1993) ("If we are to give effect to the statutory authority to annul a stay, such actions can only be described as invalid and voidable, since void actions are incapable of later cure or validation."). See also Jones v. Garcia (In re Jones), 63 F.3d 411, 412 and n.3 (5th Cir. 1995); Bronson v. United States, 46 F.3d 1573, 1578-79 (Fed. Cir. 1995).

46429/0001-11841079v1

late proof of claim, and has not attempted to make the requisite showing of cause. Accordingly, the Nostrand Properties Claim should be disallowed pursuant to section 502(b)(9) of the Bankruptcy Code.

### RESERVATION OF RIGHTS

24. The Reorganized Debtors hereby reserve their right to amend, modify, and/or supplement this Objection at any time prior to the hearing on this Objection. The Reorganized Debtors further reserve their right to adjourn the hearing on this Objection. In the event that the Reorganized Debtors so adjourn the hearing, they will state that the hearing on the Objection and/or any response filed in connection therewith and/or all applicable deadlines for responsive pleadings have been adjourned on the agenda for the hearing, which agenda will be served on Nostrand Properties.

### NOTICE

25. Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) counsel for Nostrand Properties; and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Reorganized Debtors submit that no other or further notice is necessary.

### NO PRIOR REQUEST

26. No previous application for the relief sought herein has been made to this Court or to any other court.

WHEREFORE, for the reasons set forth herein, the Reorganized Debtors respectfully request that the Court enter an order, pursuant to sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007, (i) disallowing in full and expunging the Nostrand Properties Claim; (ii) directing the Claims Agent to expunge the Nostrand Properties Claim from the Claims Register; and (iii) granting such other and further as the Court deems just and proper.

Dated: Wilmington, Delaware
       May 15, 2015

Respectfully submitted,

SIDLEY AUSTIN LLP
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE SCHOTZ P.C.

By: /s/ *J. Kate Stickles*
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR REORGANIZED DEBTORS

46429/0001-11841079v1