## Exhibit A

**Nostrand Properties Claim**

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
Tribune Company Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5069
New York, NY 10150-5069

# PROOF OF CLAIM

Filed: USBC - District of Delaware
Tribune Company, Et.Al.
08-13141 (KJC)
0000006771

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|
| STAR COMMUNITY PUBLISHING GROUP, LLC., DSA COMMUNITY PUBLISHING, LLC. | 08-13207 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)
CREDITOR: NOSTRAND PROPERTIES LLC., AMERICAN COMMERCIAL REALTY AND COHEN & COMPANY, INC. REAL ESTATE
9 EAST 40TH STREET, 10TH FLOOR
NEW YORK, NEW YORK 10016  (212) 803-5786

NOTICE ADDRESS: KAUFMAN BORGEEST & RYAN, LLP
120 BROADWAY, 14TH FLOOR
NEW YORK, NEW YOKR 10271  (212) 980-9600

Telephone number: _____  Email Address: _____

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____ N/A _____
(If known)

Filed on: _____ N/A _____

Name and address where payment should be sent (if different from above)

KAUFMAN BORGEEST & RYAN, LLP
120 BROADWAY, 14TH FLOOR
NEW YORK, NEW YORK 10271

Telephone number: (212) 980-9600    Email Address: ddozis@kbrlaw.com

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ To Be Determined (See Summary Item 1)

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete Item 4.

If all or part of your claim is entitled to priority, complete Item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.

☐ Check this box if claim is for a claim related to goods delivered during the twenty (20) days prior to December 8, 2008 (the "Petition Date"), pursuant to 11 U.S.C. §503(b)(9). Please indicate amount entitled to 503(b)(9) $ _____

2. **Basis for Claim:** Third Party Claims for Defense and Indemnification (See Summary Item 2).
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____ N/A _____
   3a. Debtor may have scheduled account as: _____ N/A _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____ N/A _____

Value of Property: $ _____ N/A _____   Annual Interest Rate _____ N/A _____ %

Amount of arrearage and other charges as of time case filed included in secured claim, if any:

$ _____ N/A _____   Basis for perfection: _____ N/A _____

Amount of Secured Claim: $ _____ N/A _____   Amount Unsecured: $ _____ N/A _____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

Amount entitled to priority:

$ _____ N/A _____

* Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**FOR COURT USE ONLY**

**FILED / RECEIVED**

MAY 27 2011

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date: 5/26/2011 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

By: /s/ Dennis J. Dozis, Esq.
Kaufman Borgeest & Ryan, LLP
Attorneys for Creditor

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## SUMMARY

1. Since this claim has yet to accrue under New York State law, it is impossible to determine the exact amount of this claim at this time.

2. This is a claim for defense and indemnification by the creditor against the debtor arising out a personal injury action entitled <u>Diane Hass-Navarro v. Nostrand Properties LLC, et. al.</u>, which is currently pending before the New York State Supreme Court, Kings County, pursuant to Kings County Index No. 75992/2010.  A copy of the summons and complaint in that action is annexed as Exhibit "A".  A copy of the third-party summons and complaint is annexed as Exhibit "B".

1547399

**Exhibit "A"**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No.
Date filed:

-------------------------------------------------------------X

DIANE HAAS-NAVARRO,

Plaintiff,

-against-

NOSTRAND PROPERTIES, LLC., AMERICAN
COMMERCIAL REALTY, and COHEN &
COMPANY, INC. REAL ESTATE,

Defendants.

-------------------------------------------------------------X

**SUMMONS
WITH VERIFIED
COMPLAINT**

Plaintiff designates
KINGS COUNTY
as the place of trial.

The basis for venue is
Plaintiff's residence:
785 East 4th Street
Brooklyn, New York 11218

**To the above named Defendant(s):**

 **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this Summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is delivered to you by other than personal service); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: August 5, 2010

Notice: The Nature of this
action is: money damages for
personal injuries.

JAGHAB, JAGHAB & JAGHAB, P.C.
Attorney for Plaintiff
Office & P.O. Address
176 Mineola Boulevard
Mineola, New York 11501
(516) 747-8830

**DEFENDANTS' ADDRESS:**

NOSTRAND PROPERTIES, LLC
c/o Cohen & Co., Inc.
9 E. 40th Street, 10th Floor
New York, New York 10016

COHEN & COMPANY, INC. REAL ESTATE
c/o Hecht and Company, PC
111 West 40th Street
New York, New York 10018

AMERICAN COMMERCIAL REALTY
324 Datura Street, Suite 102
West Palm Beach, Florida 33401

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------X
DIANE HAAS NAVARRO,

<div style="margin-left:3em">Plaintiff,</div>                     VERIFIED
                                                                 COMPLAINT

<div style="margin-left:3em">-against-</div>

NOSTRAND PROPERTIES, LLC., AMERICAN
COMMERCIAL REALTY, and COHEN &
COMPANY, INC. REAL ESTATE,
                                                                 Index No.:
<div style="margin-left:3em">Defendants.</div>
----------------------------------------------------------X

**PLEASE TAKE NOTICE** that Plaintiffs, by her attorneys, JAGHAB, JAGHAB &

JAGHAB, P.C., with offices at 176 Mineola Boulevard, Mineola, New York 11501, complaining

of the Defendants, upon information and belief, respectfully alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF

**FIRST:**        That at all times hereinafter mentioned, Plaintiff was and still is a resident of

the County of Kings, State of New York.

**SECOND:**        That at all times herein mentioned, on the 26th day of November, 2007,

Defendant, NOSTRAND PROPERTIES, LLC was a domestic limited liability company duly

organized and existing by virtue of the laws of the State of New York.

**THIRD:**        That at all times herein mentioned, on the 26th day of November, 2007,

Defendant, AMERICAN COMMERCIAL REALTY, was a foreign corporation duly authorized to

conduct business within the State of New York.

**FOURTH:**        That at all times herein mentioned, on the 26th day of November, 2007,

Defendant, AMERICAN COMMERCIAL REALTY maintained an office and solisited substantial

business within the State of New York.

**FIFTH**:    That at all times herein mentioned, on the 26th day of November, 2007, Defendant,  COHEN & COMPANY, INC. REAL ESTATE, was a domestic corporation duly incorporated and existing by virtue of the laws of the State of New York.

**SIXTH**:    That at all times herein mentioned, on November 26, 2007, Defendant, NOSTRAND PROPERTIES, LLC was the owner in fee of certain real property commonly known as 3840 Nostrand Avenue, Brooklyn, New York.

**SEVENTH**:    That at all times hereinafter mentioned and at the time of the herein occurrence, the Defendant, NOSTRAND PROPERTIES, LLC, as owner, occupier, manager and/or lessor of the aforementioned premises reserved onto itself the management, operation, maintenance, supervision and control of the aforementioned premises.

**EIGHTH**:    That as owner, occupier, lessor, manager and/or supervisor of the aforementioned premises and certain portions thereof, Defendant, NOSTRAND PROPERTIES, LLC, its agents, employees and/or servants, were under a duty to maintain the aforementioned premises free and clear of any and all dangerous and hazardous conditions, and in an otherwise safe condition for those lawfully on or traversing the aforesaid premises.

**NINTH**:    That at all times herein mentioned, on November 26, 2007, Defendant, AMERICAN COMMERCIAL REALTY was the property manager, developer, and/or lessor of the premises located at 3840 Nostrand Avenue, Brooklyn, New York.

**TENTH**:    That at all times hereinafter mentioned and at the time of the herein occurrence, the Defendant, AMERICAN COMMERCIAL REALTY, as manager, developer and/or lessor of the aforementioned premises reserved onto itself the management, operation, maintenance, supervision and control of the aforementioned premises.

FROM Jaghab, Jaghab, Jaghab_PO                    (FRI)SEP   3 2010 11:49/ST. 11:49/No. 7500000825 P  5

**ELEVENTH:**       That as owner, occupier, lessor, manager and/or supervisor of the aforementioned premises and certain portions thereof, Defendant, AMERICAN COMMERCIAL REALTY, its agents, employees and/or servants, were under a duty to maintain the aforementioned premises free and clear of any and all dangerous and hazardous conditions, and in an otherwise safe condition for those lawfully on or traversing the aforesaid premises.

**TWELFTH:**  That at all times herein mentioned, on November 26, 2007, Defendant, COHEN & COMPANY, INC. REAL ESTATE was the property manager, developer, and/or lessor of the premises located at 3840 Nostrand Avenue, Brooklyn, New York.

**THIRTEENTH:**       That at all times hereinafter mentioned and at the time of the herein occurrence, the Defendant, COHEN & COMPANY, INC. REAL ESTATE, as manager, developer and/or lessor of the aforementioned premises reserved onto itself the management, operation, maintenance, supervision and control of the aforementioned premises.

**FOURTEENTH:**       That as owner, occupier, lessor, manager and/or supervisor of the aforementioned premises and certain portions thereof, Defendant, COHEN & COMPANY, INC. REAL ESTATE, its agents, employees and/or servants, were under a duty to maintain the aforementioned premises free and clear of any and all dangerous and hazardous conditions, and in an otherwise safe condition for those lawfully on or traversing the aforesaid premises.

**FIFTEENTH:**       That at all times herein mentioned, on November 26, 2007, Plaintiff, DIANE HAAS-NAVARRO was lawfully at the premises located at 3840 Nostrand Avenue, Brooklyn, New York.

**SIXTEENTH:**       That on November 26, 2007, Plaintiff, DIANE HAAS-NAVARRO was caused to slip and fall and thereby sustain serious and permanent injuries while lawfully about the aforesaid premises.

FROM Jaghab, Jaghab, Jaghab_PC                    (FRI) SEP   9  2010  11:49/ST. 11:49/No. 7600000825 P   6

**SEVENTEENTH**:    That the occurrence complained of and the resulting injuries sustained by the Plaintiff, were caused by the negligence of the Defendants, their servants, agents, employees and/or licensees in the ownership, occupation, operation, management, supervision, maintenance and/or control of the aforesaid premises.

**EIGHTEENTH**:    That on or about November 26, 2007, the Defendants, their servants, agents, employees and/or licensees were negligent, careless and/or reckless in the operation, management, maintenance, supervision and/or control of the aforesaid premises in causing, allowing and/or permitting said premises to become and/or remain for a sufficiently long period of time in a dangerous, defective, hazardous, faulty and careless condition for those lawfully about the premises; in failing to take proper steps, precautions and safeguards to keep the aforementioned premises in a reasonably safe condition; by permitting and allowing it to remain in a dangerous and defective condition for a long period of time after actual and constructive notice was given; in failing to provide the Plaintiff with safe and proper ingress and egress on the premises; in failing to take suitable and reasonable precautions for the safety of persons on or using said premises; in failing to properly warn the Plaintiff of latent or manifest defects within said premises; in failing to properly and adequately cordon off certain area of the aforementioned premises which had become dangerous and defective; in failing to erect proper and adequate safeguards from certain dangerous and defective conditions at the aforementioned premises; in failing to implement an adequate procedure of inspection of the premises and other common areas; in failing to properly and adequately inspect the aforementioned premises for dangerous and hazardous conditions, which posed a threat to the Plaintiff and others lawfully present on said premises; in allowing the aforementioned premises to be and remain in a condition contrary to local laws, statutes, and/or ordinances; in failing to properly and adequately clean, repair and/or remove the aforementioned dangerous condition, thereby

FROM Jaghab, Jaghab, Jaghab_PC          (FRI)SEP   3 2010 11:49/ST. 11:49/No. 7600000826 P   7

resulting in the Plaintiff sustaining the severe and permanent injuries complained of herein.

**NINETEENTH:**          That the accident and injuries resulting therefrom were caused solely by the negligence of the Defendants, their agents, licensee, servants and employees, without any negligence on the part of the Plaintiff contributing thereto.

**TWENTIETH:**          That as a result of the foregoing, Plaintiff was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; as a result of said injuries Plaintiff was caused, and will continue to be caused, to incur expenses for medical care and attention; and Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

**TWENTY-FIRST:**     That this action falls within one or more of the exceptions as set forth in C.P.L.R. §1602.

**TWENTY-SECOND:** That as a result of the foregoing, Plaintiff was damaged in an amount which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action.

**WHEREFORE,** Plaintiffs respectfully demand judgment against the Defendants in each of the causes of action contained herein in an amount which exceeds the jurisdictional limits of the lower courts; All together with costs and disbursements of this action, and any other relief this Court deems just and proper.

Dated:   Mineola, New York
         August 5, 2010

                              Yours, etc.,

                              JAGHAB, JAGHAB & JAGHAB. P.C.

                              By: _____
                                  ERIK GERSTENFELD, ESQ.

FROM Jaghab, Jaghab, Jaghab_PO                    (FRI)SEP  9 2010 11:49/ST. 11:49/No. 7500000025 P  8

Attorneys for Plaintiff
176 Mineola Boulevard
Mineola, New York 11501
(516) 747-8830

**Exhibit "B"**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X

DIANE HAAS-NAVARRO,

Index No.:  19670/10
**THIRD-PARTY**
**SUMMONS AND**
**VERIFIED COMPLAINT**

Plaintiffs,

-against-

NOSTRAND PROPERTIES LLC., AMERICAN
COMMERCIAL REALT Y and COHEN &
COMPANY, INC. REAL ESTATE,

Defendants.
-----------------------------------------------------------------X

NOSTRAND PROPERTIES LLC., AMERICAN
COMMERCIAL REALT Y and COHEN &
COMPANY, INC. REAL ESTATE,

Third-Party Plaintiffs,

Third-Party Index No.: 75 993/10

-against-

Date Filed: 12/39/2010

STAR COMMUNITY PUBLISHING GROUP,
LLC f/k/a DSA COMMUNITY PUBLISHING, LLC.,

Third-Party Defendant.

-----------------------------------------------------------------X

**TO THE ABOVE-NAMED THIRD-PARTY DEFENDANT:**

**YOU ARE HEREBY SUMMONED** and required to serve upon the Third-Party

Plaintiff's attorneys, and the Plaintiff's attorneys an Answer to the annexed Third-Party

Complaint of the Third-Party Plaintiff, which is hereby served upon you, together with all the

prior pleadings in the action, within twenty (20) days after service thereof exclusive of the day of

service (or within [30] days after the service is completed if this service is made by any method

other than personal delivery to you within the State of New York).  In any case, if you fail to

answer, judgment will be taken against you by default for the relief demanded in the Third-Party

Complaint.

Dated: Valhalla, New York
       December 27, 2010

Yours, etc.

KAUFMAN BORGEEST & RYAN LLP

By:      Eileen R. Fullerton
Attorneys for Defendant/Third-Party Plaintiff
NOSTRAND PROPERTIES, LLC.,
AMERICAN COMMERCIAL REALTY and
COHEN & COMPANY, INC. REAL ESTATE
200 Summit Lake Drive – First Floor
Valhalla, New York 10595
(914) 449-1000
File: 241.249

TO:    STAR Community Publishing Group, LLC f/k/a
       DSA Community Publishing LLC
       250 Miller Place
       Hicksville, New York 111801

       STAR Community Publishing Group, LLC a/k/a
       DSA Community Publishing LLC
       c/o NEW YORK STATE DEPARTMENT OF STATE
              DIVISION OF CORPORATIONS
       80 State Street
       Albany, New York 12207-2543

       Erik Gerstenfeld, Esq.
       JAGHAB, JAGHAB & JAGHAB, P.C.
       Attorneys for Plaintiffs
       176 Mineola Boulevard
       Mineola, New York 11501
       (516) 747-8830

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------------X
DIANE HAAS-NAVARRO,                                    Index No.: 19670/10

                                                      **THIRD-PARTY**
                                                      **VERIFIED COMPLAINT**

                                    Plaintiffs,

                    -against-

NOSTRAND PROPERTIES LLC., AMERICAN
COMMERCIAL REALT Y and COHEN &
COMPANY, INC. REAL ESTATE,

                                    Defendants.
-------------------------------------------------------------------------X
NOSTRAND PROPERTIES LLC., AMERICAN
COMMERCIAL REALT Y and COHEN &
COMPANY, INC. REAL ESTATE,

                        Third-Party Plaintiff,        Third-Party Index No.: 75992/10

                    -against-                          Date Filed: 12/29/2010

STAR COMMUNITY PUBLISHING GROUP, LLC,
f/k/a DSA COMMUNITY PUBLISHING, LLC.,

                        Third-Party Defendant.

-------------------------------------------------------------------------X

COUNSEL:

    Defendant/Third-Party Plaintiffs, **NOSTRAND PROPERTIES, LLC., AMERICAN**

**COMMERICAL REALTY** and **COHEN & COMPANY, INC. REAL ESTATE,** as and for

its Third-Party Complaint against the third-party defendant, STAR COMMUNITY

PUBLISHING GROUP, LLC f/k/a DSA COMMUNITY PUBLISHING, LLC, respectfully

alleges, upon information and belief:

1.      That at all relevant times hereinafter mentioned Defendants/Third-Party Plaintiff

**NOSTRAND PROPERTIES, LLC.**, (hereinafter "NOSTRAND"),  is a New York State

domestic business corporation duly authorized to conduct business within the State of New York.

2.      That at all relevant times hereinafter mentioned Defendants/Third-Party Plaintiff

**AMERICAN COMMERCIAL REALTY** is a foreign Corporation duly authorized to conduct

business within the State of New York, and that its principal place of business is located in Palm

Beach Gardens, Florida.

3.      That at all relevant times hereinafter mentioned Defendants/Third-Party Plaintiff

**COHEN & COMPANY, INC. REAL ESTATE,**  is a New York State domestic business

corporation duly authorized to conduct business within the State of New York., with its principal

place of business at 11 E. 44th Street, New York, New York.

4.      That at all relevant times hereinafter mentioned, Third-Party Defendant STAR

COMMUNITY PUBLISHING GROUP, LLC f/k/a DSA COMMUNITY PUBLISHING LLC is

a foreign limited liability company licensed to do business in the State of New York.

5.      That on or about November 26, 2007, the Plaintiff, DIANE HAAS-NAVARRO,

(hereinafter "Plaintiff") filed a Summons and Amended Verified Complaint (Annexed hereto as

**Exhibit "A"**) bearing index number 19670/10 in the Supreme Court of the State of New York,

County of Kings, against Defendants/Third-Party Plaintiffs, NOSTRAND PROPERTIES LLC.,

AMERICAN COMMERCIAL REALT Y and COHEN & COMPANY, INC. REAL ESTATE,

6.      That issue was joined by defendants/third-party plaintiffs with the service of a

Verified Answers on or about September 27, 2010 (Annexed hereto as **Exhibit "B"**).

7.      That Plaintiff's Complaint alleges that, *inter alia,* that plaintiff is a resident of

Kings County and resided at 785 East 4th Street, Brooklyn, New York.

8.   Plaintiff's complaint alleges that on November 26, 2010, plaintiff was lawfully at the property located at 3840 Nostrand Avenue, Brooklyn, New York.

9.   That Third-Party Plaintiff, NOSTRAND PROPERTIES, LLC. owned the premises located at 3780-3860 Nostrand Avenue, Brooklyn, New York on or about November 26, 2007.

10.   There is no valid address known as 3840 Nostrand Avenue, Brooklyn, New York.

11.   On or about January 1, 2001 STAR COMMUNITY PUBLISHING GROUP, LLC f/k/a DSA COMMUNITY PUBLISHING, LLC entered into a lease for the premises known as 3848 Nostrand Avenue, Brooklyn, New York.

12.   On or about November 26, 2007, NOSTRAND PROPERTIES, LLC. was the owner of 3848 Nostrand Avenue, Brooklyn, New York, and STAR COMMUNITY PUBLISHING GROUP, LLC f/k/a DSA COMMUNITY PUBLISHING, LLC. landlord thereat.

13   That Third-Party Defendant, STAR COMMUNITY PUBLISHING GROUP, LLC f/k/a DSA COMMUNITY PUBLISHING, LLC, leased the premises located at 3848 Nostrand Avenue, Brooklyn, New York on or about November 26, 2007.

14.   That Third-Party Defendant, STAR COMMUNITY PUBLISHING GROUP, LLC f/k/a DSA COMMUNITY PUBLISHING, LLC, controlled the premises located at 3848 Nostrand Avenue, Brooklyn, New York on or about November 26, 2007.

15.   STAR COMMUNITY PUBLISHING GROUP, LLC f/k/a DSA COMMUNITY PUBLISHING, LLC, occupied the premises located at 3848 Nostrand Avenue, Brooklyn, New York on or about November 26, 2007.

16.    NOSTRAND PROPERTIES, LLC. was assigned the lease with STAR COMMUNITY PUBLISHING GROUP, LLC f/k/a DSA COMMUNITY PUBLISHING, LLC by the former owner and landlord, Realty Equities Holdings 3820 LLC.

17.    On November 26, 2007 the aforementioned lease agreement was in full force and effect.

## AS AND FOR A FIRST CAUSE OF ACTION

18.    Defendant/Third-Party Plaintiff, repeats, reiterate and alleges each and every allegation contained in paragraphs "1" through "17" inclusive with the same force and effect as if set forth more fully herein.

19.    The lease between Defendant/Third-Party Plaintiff, NOSTRAND and Third-Party Defendant, STAR COMMUNITY PUBLISHING GROUP, LLC f/k/a DSA COMMUNITY PUBLISHING LLC was in full force and effect on November 26, 2007.

20.    Pursuant to said lease, Third-Party Defendant, STAR COMMUNITY PUBLISHING GROUP, LLC f/k/a DSA COMMUNITY PUBLISHING, LLC, was responsible for the operation and maintenance of the premises known as 3848 Nostrand Avenue, Brooklyn, New York.

21.    Pursuant to said lease, Third-Party Defendant, STAR COMMUNITY PUBLISHING GROUP, LLC f/k/a DSA COMMUNITY PUBLISIHING, LLC leased 3848 Nostrand Avenue, Brooklyn, New York, in "As Is" condition.

22.    Pursuant to said lease, Third-Party Defendant, STAR COMMUNITY PUBLISHING GROUP, LLC f/k/a DSA COMMUNITY PUBLISHING, LLC., was required to keep the leased premises, including but not limited to all partitions, doors, glass, fixtures, equipment and appurtenance in good and clean order, condition and repair.

23.     Pursuant to said lease, Third-Party Defendant, STAR COMMUNITY PUBLISHING GROUP, LLC f/k/a DSA COMMUNITY PUBLISHING, LLC., was required to obtain and pay for its own waste container for removal and disposition of its rubbish.

24.     In furtherance of said lease, Third-Party Defendant, STAR COMMUNITY PUBLISHING GROUP, LLC. f/k/a DSA COMMUITY PUBLISHING, LLC., retained or hired employees, agents or contractor to inspect, clean and maintain the entirety of the leased premises known as 3848 Nostrand Avenue, Brooklyn, New York.

25.     That on November 26 2007, plaintiff was an employee STAR COMMUNITY PUBLISHING GROUP, LLC. f/k/a DSA COMMUITY PUBLISHING, LLC. and worked at the leased premises, which was maintained, operated and controlled by Third-Party Defendant.

26.     That if the plaintiff was caused to sustain damages as alleged in the Complaint, said damages were caused or contributed to by the willful, negligent, and/or careless acts of the third-party defendant and/or its employees, agents or servants.

27.     That if the plaintiff was caused to sustain damages as alleged in the Complaint, said damages were caused or contributed to by the failure of the Third-Party Defendant, STAR COMMUNITY PUBLISHING GROUP, LLC. f/k/a DSA COMMUITY PUBLISHING, LLC. to perform all of its obligations under said lease, including but not limited to inspecting, maintaining and repairing said premises.

## AS AND FOR A SECOND CAUSE OF ACTION

28.     Defendants/Third-Party Plaintiffs, repeats, reiterate and alleges each and every allegation contained in paragraphs "1" through "27" inclusive with the same force and effect as if set forth more fully herein.

29.    Defendant/Third-Party Plaintiff, NOSTRAND PROPERTIES and Third-Party Defendant, STAR COMMUNITY PUBLISHING GROUP, LLC. f/k/a DSA COMMUITY PUBLISHING, LLC. entered into a lease, which was in full force and effect on November 26, 2007.

30.    Pursuant to said lease, Third-Party Defendant, STAR COMMUNITY PUBLISHING GROUP, LLC f/k/a DSA COMMUNITY PUBLISHING, LLC. is required to indemnify and hold harmless the landlord, NOSTRAND PROPERTIES, LLC. for any and all claims, suits and losses alleged by plaintiffs.

31.    That said lease agreement required the Third-Party Defendant to indemnify, defend and hold harmless, the Defendant/Third-Party Plaintiff, NOSTRAND PROPERTIES, LLC. from any and all claims and lawsuits, whether these claim are based upon alleged intentional conduct or active or passive negligence on the part of the STAR COMMUNITY PUBLISHING GROUP, LLC. f/k/a DSA COMMUITY PUBLISHING, LLC., its agents, servants or employees.

32.    That said lease agreement required the Third-Party Defendant to indemnify, defend and hold harmless, the Defendant/Third-Party Plaintiff, NOSTRAND PROPERTIES, LLC., from and against all costs, reasonable attorneys fees, expenses and liabilities incurred in or about any such claims.

33.    Pursuant to said lease, Third-Party Defendant, STAR COMMUITY PUBLISHING GROUP, LLC f/k/a DSA COMMUNITY PUBLISING, LLC was required to obtain comprehensive liability insurance protecting the landlord, NOSTRAND PROPERTIES, LLC., from and against any liability whatsoever occasioned by the accident on or about the leased premises or any appurtenances thereto.

34.    Pursuant to said lease, Third-Party Defendant, STAR COMMUITY PUBLISHING GROUP, LLC f/k/a DSA COMMUNITY PUBLISING, LLC was required to obtain comprehensive liability insurance naming the landlord, NOSTRAND PROPERTIES, LLC., in the amount not less than $1,000,000.

35.    Pursuant to said lease, Third-Party Defendant, STAR COMMUITY PUBLISHING GROUP, LLC f/k/a DSA COMMUNITY PUBLISING, LLC is liable to Defendant/Third-Party Plaintiff for any judgment obtained by plaintiff against the Defendant/Third-Party Plaintiff, NOSTRAND, as well as all costs and expenses of the litigation including reasonable attorneys' fees.

36.    Third-Party Defendant, STAR COMMUNITY PUBLISHING GROUP, LLC. f/k/a DSA COMMUITY PUBLISHING, LLC., failed to obtain liability insurance naming and for the benefit of the landlord, NOSTRAND PROPERTIES, LLC.

## AS AND FOR A THIRD CAUSE OF ACTION

37.    Defendants/Third-Party Plaintiffs, repeats, reiterate and alleges each and every allegation contained in paragraphs "1" through "36" inclusive with the same force and effect as if set forth more fully herein.

38.    Defendant/Third-Party Plaintiff, NOSTRAND PROPERTIES, LLC. and Third-Party Defendant, STAR COMMUNITY PUBLISHING GROUP, LLC. f/k/a DSA COMMUITY PUBLISHING, LLC., entered into a contract, which was in full force and effect on November 26, 2010.

39.    That if in the event Plaintiff sustained injuries and damages complained of, such injuries and damages were caused in whole or in part, by reason of the negligence, carelessness, recklessness, breach of contract, violations of law and strict liability of the above-named Third-

Party Defendant, without any wrong doing on the part of the Defendant/Third-Party Plaintiff, contributing thereto.

40.    That in the event that any judgment or verdict is recovered against Defendants/Third-Party Plaintiffs, they are entitled to contribution from and to judgment over and against the above named Third-Party Defendant, equal to the proportionate share of responsibility as is adjudged between all the Defendants herein.

41.    That in the event that any judgment or verdict is recovered against Defendants/Third-Party Plaintiffs, they are entitled to contractual indemnification from the above named Third-Party Defendant, equal to the proportionate share of responsibility as is adjudged between all the Defendants herein.

42.    That in the event that any judgment or verdict is recovered against Defendants/Third-Party Plaintiffs, they are entitled to common law indemnification from the above named Third-Party Defendant, equal to the proportionate share of responsibility as is adjudged between all the Defendants herein.

**WHEREFORE,** the defendants/third-party plaintiffs, **NOSTRAND PROPERTIES, LLC., AMERICAN COMMERICAL REALTY and COHEN & COMPANY, INC. REAL ESTATE,** demand judgment against third-party defendant, **STAR COMMUNITY PUBLISHING GROUP, LLC. f/k/a DSA COMMUITY PUBLISHING, LLC.** for contribution and indemnification in the amount of any recovery, judgment or verdict which shall or may be recovered against this Defendant/Third-Party Plaintiff, or for contribution for the excess paid by Defendant/Third-Party Plaintiff over and above their equitable share of the judgment recovered by Plaintiffs, as determined in accordance with the relative culpability of each person liable for

contribution, together with the costs and disbursements of this action, including attorneys' fees, and for such other, further and different relief as this Court may deem just, proper and equitable.

**PLEASE TAKE NOTICE,** that pursuant to CPLR Section 3402(b) the title of this action has been changed from the title of the plaintiff's complaint to the title of this Third-Party Summons and Third-Party Complaint.

Dated: Valhalla, New York
        December 29, 2010

Yours, etc.

KAUFMAN BORGEEST & RYAN LLP

By:    Eileen R. Fullerton
Attorneys for Defendant/Third-Party Plaintiff
**NOSTRAND PROPERTIES, LLC.,
AMERICAN COMMERCIAL REALTY, and
COHEN & COMPANY, INC REAL ESTATE**
200 Summit Lake Drive – First Floor
Valhalla, New York 10595
(914) 449-1000
File: 241.249

TO:    STAR Community Publishing Group, LLC
       a/k/a DSA Community Publishing LLC
       250 Miller Place
       Hicksville, New York 111801

       STAR Community Publishing Group, LLC\
       a/k/a DSA Community Publishing LLC
       c/o NEW YORK STATE DEPARTMENT OF STATE
             DIVISION OF CORPORATIONS
       80 State Street
       Albany, New York 12207-2543

       Erik Gerstenfeld, Esq.
       **JAGHAB, JAGHAB & JAGHAB, P.C.**
       Attorneys for Plaintiffs
       176 Mineola Boulevard
       Mineola, New York 11501

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------------X

DIANE HAAS-NAVARRO,                                    Index No.: 19670/10
                                                       NOTICE PURSUANT TO
                                                       CPLR 3402(b)

                              Plaintiffs,

              -against-

NOSTRAND PROPERTIES LLC., AMERICAN
COMMERCIAL REALT Y and COHEN &
COMPANY, INC. REAL ESTATE,

                              Defendants.
--------------------------------------------------------------------X

S I R S:

      **PLEASE TAKE NOTICE,** that pursuant to the applicable sections of the Civil Practice

Law and Rules of the State of New York, a Third-Party Summons and Complaint has been

served in the above-entitled matter and the title of this action now reads as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------------X

DIANE HAAS-NAVARRO,                                    Index No.: 19670/10

                              Plaintiffs,

              -against-

NOSTRAND PROPERTIES LLC., AMERICAN
COMMERCIAL REALT Y and COHEN &
COMPANY, INC. REAL ESTATE,

                              Defendants.
--------------------------------------------------------------------X

NOSTRAND PROPERTIES LLC., AMERICAN
COMMERCIAL REALT Y and COHEN &
COMPANY, INC. REAL ESTATE,

                      Third-Party Plaintiffs,          Third-Party Index No.:

                    -against-                                    Date Filed:


STAR COMMUNITY PUBLISHING GROUP,
LLC f/k/a DSA COMMUNITY PUBLISHING, LLC.,


                              Third-Party Defendant.

-----------------------------------------------------------------------X

Dated: Valhalla, New York
       December 29, 2010


                              Yours, etc.

                              KAUFMAN BORGEEST & RYAN LLP



                              By:     Eileen R. Hullerton
                              Attorneys for Defendant/Third-Party Plaintiff
                              **NOSTRAND PROPERTIES, LLC.,**
                              **AMERICAN COMMERCIAL REALTY and**
                              **COHEN & COMPANY, INC. REAL ESTATE**
                              200 Summit Lake Drive – First Floor
                              Valhalla, New York 10595
                              (914) 449-1000
                              File: 241.249


TO:    STAR Community Publishing Group, LLC
       a//k/a   DSA Community Publishing LLC
       250 Miller Place
       Hicksville, New York 111801

       **Erik Gerstenfeld, Esq.**
       **JAGHAB, JAGHAB & JAGHAB, P.C.**
       Attorneys for Plaintiffs
       176 Mineola Boulevard
       Mineola, New York 11501
       (516) 747-8830

## VERIFICATION

STATE OF NEW YORK      )
                                 )
COUNTY OF WESTCHESTER    )

     **EILEEN R. FULLERTON, ESQ.**, being duly sworn, states that she is associated with the firm of KAUFMAN BORGEEST & RYAN LLP, attorneys for the defendant/third-party plaintiff, **NOSTRAND PROPERTIES, LLC., AMERICAN COMMERICAL REALTY and COHEN & COMPANY, INC. REAL ESTATE,** in this action and that the foregoing Verified Third-Party Complaint is true to her knowledge, except as to those matters therein stated upon information and belief, and as to those matters she believes them to be true; that the grounds of her belief as to all matters not stated upon her knowledge are correspondence and other writings furnished by the defendant and other documents maintained in the office of its attorneys; and that the reason why this verification is not made by Defendant is that the defendant has its place of business in a county other than the county where its attorneys have their place of business.

Dated: Valhalla, New York
       December 29, 2010

                                         _____
                                      EILEEN R. FULLERTON, ESQ.

1370380

dex No.: 19670-2010

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

DIANE HAAS-NAVARRO,

                                        Plaintiff,

        -against-

NOSTRAND PROPERTIES, LLC., AMERICAN COMMERCIAL REALTY, and COHEN & COMPANY, INC.
REAL ESTATE,

                                        Defendants.

NOSTRAND PROPERTIES, LLC., AMERICAN COMMERCIAL REALTY, and COHEN & COMPANY, INC.
REAL ESTATE,

                                        Third-Party Plaintiffs,

        -against-

DSAR COMMUNITY PUBLISHING GROUP, LLC. f/k/a DSA COMMUNITY PUBLISHING, LLC.,

                                        Third-Party Defendant.

### THIRD-PARTY SUMMONS AND VERIFIED COMPLAINT

KAUFMAN BORGEEST & RYAN LLP
ATTORNEYS AT LAW
200 SUMMIT LAKE DRIVE, FIRST FLOOR
VALHALLA, NEW YORK  10595
(914) 449-1000

ATTORNEYS FOR:  DEFENDANTS

NOSTRAND PROPERTIES, LLC., AMERICAN
COMMERCIAL REALTY and COHOEN &
COMPANY INC. REAL ESTATE

