## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE MEDIA COMPANY, et al., | ) | Case No. 08-13141 (KJC) |
| (f/k/a Tribune Company) | ) | |
| | ) | Jointly Administered |
| Reorganized Debtors. | ) | |
| | ) | **Hearing Date: July 28, 2015 at 10:00 a.m. ET** |
| | ) | |

### ANTHONY LAMANTIA'S (CLAIM NO. 3031) RESPONSE BRIEF TO REORGANIZED DEBTORS' OBJECTION TO CLAIM NO. 3031 OF ANTHONY LAMANTIA PURSUANT TO SECTION 502(b) AND 558 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3001, 3003, AND 3007

NOW COMES the Claimant, ANTHONY LAMANTIA (Claim No. 3031, hereinafter referred to as "LaMantia") requesting by way of this Response Brief that the Reorganized Debtors' Objection be stricken and the LaMantia Claim remain in full force and effect on the Claims Register; and in support thereof states as follows:

### PROCEDURAL HISTORY PERTAINING TO RECEIPT OF REORGANIZED DEBTORS' OBJECTION TO CLAIM AND LAMANTIA'S TIMELY FILED RESPONSE BRIEF

1.      Counsel for LaMantia received the Reorganized Debtors' Objection to Claim No. 3031 on June 26, 2015. (Attached hereto and incorporated herein is a copy of the envelope bearing a U.S. Postage date of June 22, 2015 which was received by LaMantia's counsel.)

2.      As part of the documentation contained in the Reorganized Debtor's Motion, was a Notice setting forth any Response to the Objection was due on or before June 8, 2015 at 4:00 p.m. ET. (See Exhibit A.)

3.    A separate document was received in the same aforementioned envelope entitled, "Supplemental Notice of Reorganized Debtors' Objection to Claim No. 3031 of Anthony LaMantia." In the Supplemental Notice, the date for any Response to be filed in writing is designated as July 21, 2015 at 4:00 p.m. ET. (See attached hereto and incorporated herein Exhibit B – Supplemental Notice of Reorganized Debtors' Objection to Claim No. 3031 of Anthony LaMantia.)

4.    Since LaMantia's counsel did not receive the Reorganized Debtors' Motion/Objection to Claim No. 3031 of Anthony LaMantia until June 26, 2015, the applicable time to file a written response stands at July 21, 2015 at 4:00 p.m. as reflected in Exhibit B.

5.    As set forth above, LaMantia's counsel, O'Connor & Nakos, Ltd., never received any notification whatsoever of a June 8, 2015 4:00 p.m. (ET) cutoff date to file any type of written response to Chicago Tribune/Debtors' Objection to Claim No. 3031. The first, and only receipt of Chicago Tribune/Debtors' Objection to Claim No. 3031 was received on June 26, 2015 wherein the cutoff date for any written response is designated as July 21, 2015 at 4:00 p.m. (ET).

6.    Accordingly, this Response Brief on behalf of LaMantia is timely filed.


**PROCEDURAL BACKGROUND AS TO**
**THE BANKRUPTCY FILED BY TRIBUNE MEDIA COMPANY**
**AND ANTHONY LAMANTIA'S TIMELY FILED CLAIM**

1.    On December 8, 2008, Tribune Company (n/k/a Tribune Media Company) and certain of its affiliates, including Chicago Tribune (hereinafter referred to as "Chicago Tribune/Debtors") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Chicago Tribune/Debtors' Chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  (Docket Nos. 43, 2333.)

2.      On May 21, 2009, LaMantia timely filed his Claim, and said Claim was recorded as Claim Number 3031 on the Claims Register.  (Attached hereto and incorporated herein See Exhibit C, a copy of LaMantia's May 21, 2009 Proof of Claim.)

3.      On August 26, 2009, LaMantia received an Acknowledgement of Receipt of Proof of Claim from Epiq Bankruptcy Solutions, LLC.  (Attached hereto and incorporated herein as Exhibit D is the August 26, 2009 Epiq Acknowledgement of Receipt of Proof of Claim.)

4.      In August 2009, LaMantia filed a Motion requesting this Court enter an Order granting relief from the automatic stay imposed by Section 362 of the Bankruptcy Code to allow LaMantia to file and serve process for a civil action relating to personal injuries.  (Attached hereto and incorporated herein is Exhibit E, is a copy of Claimant's Motion for Relief from the Automatic Stay.)

5.      On August 26, 2009, an Agreed Order modifying the automatic stay authorizing Anthony LaMantia to file and serve process for a personal injury action was granted by the Honorable Kevin J. Carey.  (Attached hereto and incorporated herein as Exhibit F is a copy of the August 26, 2009 Agreed Order.)

6.      On October 14, 2009, LaMantia filed a Complaint at Law against the Chicago Tribune Company in the Circuit Court of Cook County, Illinois, County Department, Law Division seeking damages for a left shoulder injury he sustained from a fall occurring at a Chicago Tribune facility located at 480 Oakwood Road in Lake Zurich, Illinois.  (See attached hereto and incorporated herein as Exhibit G a copy of LaMantia's Complaint at Law.)

7.    As reflected in an MRI report dated January 8, 2008, damages to LaMantia's left shoulder included the following:

      a.    Oblique full thickness tear of the posterior portion of supraspinatus which involves the undersurface at the attachment and bursal surface;

      b.    Large tear involving most of the anterior and superior labrum; and trace amount of fluid in subdeltoid/subacromial bursa.

As a result of the aforementioned injuries, Mr. LaMantia underwent surgery by Dr. Guido Marra, M.D. at Loyola University Medical Center in Maywood, Illinois. (Attached hereto and incorporated herein as Exhibit H is the September 9, 2014 correspondence from Chicago Tribune's counsel requesting LaMantia's medical records, and LaMantia's counsel's cover letter which memorializes the forwarding of the aforementioned medical records/invoices. Said records could not be attached as part of Exhibit H due to their voluminous nature.)

8.    On November 20, 2009, counsel for Chicago Tribune Company filed their Appearance and respective Jury Demand. (See attached hereto and incorporated herein as Exhibit I, Appearance/Jury Demand of Chicago Tribune.)

9.    On December 3, 2009, Defendant, Chicago Tribune Company, presented a Motion to Stay LaMantia's proceeding pursuant to Section 362(a) of the Bankruptcy Code in light of Chicago Tribune/Debtors' Voluntary Petition for Relief Under Chapter 11 of the United States Bankruptcy Code. Said Motion was granted, and an Order to stay the proceedings was entered by Judge Daniel J. Lynch on December 3, 2009. (Attached hereto and incorporated herein are Exhibits J, Chicago Tribune/Debtors' Motion to Stay Proceedings, and K, Circuit Court of Cook County, Illinois Order staying said proceedings.)

10.    Since the December 3, 2009 stay of proceedings Order was entered, two additional Orders were entered by the Circuit Court of Cook County reflecting that the LaMantia Complaint

at Law remain on the Bankruptcy Stay Calendar.  (See Exhibit L, November 15, 2011 and November 12, 2013 Circuit Court of Cook County Orders.)

     11.     On September 9, 2014, counsel who filed an Appearance for the Chicago Tribune Company in LaMantia's Circuit Court of Cook County lawsuit, sent correspondence to LaMantia's counsel requesting various medical records and bills in support of LaMantia's claim.

     12.     On September 17, 2014, LaMantia's counsel forwarded various medical records, which included diagnostic test results, surgical/operative reports, rehabilitative care and treatment records, and bills/invoices (see Exhibit H).

## I.

### PLAINTIFF'S COMPLAINT AT LAW SETS FORTH SUFFICIENT FACTS TO SUFFICE IN ESTABLISHING A CAUSE OF ACTION UPON WHICH RELIEF MAY BE GRANTED

Under Illinois Law, the factual assertions set forth in a Complaint at Law must be construed in the light most favorable to the Plaintiff.  (*Carter v. New Trier East High School*, 650 N.E.2d 657, 659, 272 Ill.App.3d 551 (1st Dist. 1995.)  Plaintiff's Complaint at Law sufficiently sets forth factual assertions that LaMantia was employed by the Chicago Sun Times, Inc. on November 2, 2007, and was delivering Chicago Sun Times papers to a Chicago Tribune facility in Lake Zurich, Illinois.  Furthermore, Plaintiff specifically alleges the Plaintiff was required to and did utilize a specific loading dock which included a doorway/walkway which was required to be used for purposes of delivering said newspapers.

Defendants assert, on page 11 of their Brief, the LaMantia Complaint contains only vague allegations that Mr. LaMantia tripped and fell, and did not designate or identify any specific items causing the fall other than to state, "Mr. LaMantia tripped and fell over certain materials at the Chicago Tribune distribution facility."  (See page 11 of Reorganized Debtors' Brief.)  In fact,

Plaintiff's Complaint at Law specifically sets forth the identity of various items that were negligently maintained within the doorway/walkway required to be utilized by LaMantia. These items included pallets and vending boxes. Additionally, Plaintiff specifically set forth an allegation that Chicago Tribune failed to provide adequate lighting in the loading dock area, including the doorway/walkway (see Exhibit G, page 3.)

LaMantia's Complaint at Law sufficiently sets forth all prima facie elements of a premises liability action under Illinois Law.

## II.

### CHICAGO TRIBUNE/DEBTORS' FAILED TO TIMELY FILE A COUNTERCLAIM FOR CONTRIBUTION AGAINST PLAINTIFF'S EMPLOYER (CHICAGO SUN TIMES) WITHIN THE STATUTE OF LIMITATIONS PERIOD

Chicago Tribune Company was served with Plaintiff's Complaint at Law on October 22, 2009. (Attached hereto and incorporated herein is the service documentation relative to Chicago Tribune Company.) Under Illinois law, a defendant has two years from the date of being served with a Complaint at Law to file a Counterclaim for Contribution against plaintiff's employer or any other entities which may be liable relative to the underlying incident set forth in a Complaint at Law. Accordingly, Chicago Tribune had up to October 22, 2011 to file a Third Party Complaint/Counterclaim for Contribution against Plaintiff's employer, Chicago Sun Times.

Chicago Tribune/Debtors failed to timely file a Third Party Complaint/Counterclaim for Contribution within the applicable Statute of Limitations time period. Chicago Tribune/Debtors claim their ability to evaluate and assert all potential defenses to the LaMantia claim had been denied is, at best, misplaced. This assertion is made despite the fact that Tribune had ample time

to file a Third Party Complaint/Counterclaim for Contribution against Plaintiff's employer. The failure to do so is conveniently ignored in the Movant's Objection/Motion.

## III.

### PLAINTIFF HAS SUFFICIENTLY SET FORTH THE INJURIES HE SUSTAINED TO HIS LEFT SHOULDER WERE PROXIMATELY CAUSED BY THE INCIDENT OF NOVEMBER 2, 2007

Again, Plaintiff had plead in his Complaint at Law that, "as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff then and there sustained severe and permanent injuries" (see pages 3-4). More importantly, Chicago Tribune/Debtors again fail to set forth an important fact relative to the "proximate cause" element of Plaintiff's Complaint at Law/injuries. It is imperative to note that LaMantia also had an Illinois workers' compensation claim as a result of the November 2, 2007 incident. Under the Illinois Workers' Compensation Act, Mr. LaMantia's injuries would only be compensable if the injuries sustained were proximately caused by an event/incident during the course/scope of his employment. As part of LaMantia's workers' compensation claim, Mr. LaMantia received compensation for temporary total disability (lost earnings), all medical expenses, and a settlement which equated to 25% loss of use of the left arm. As referenced in Chicago Tribune/Debtors' own Objection/Motion, the medical invoices reflecting care and treatment for Mr. LaMantia stand at $37,736.41. Additionally, the 25% loss of use of the left arm workers' compensation settlement figure equated to be $40,236.49. (See Exhibit N, Illinois Workers' Compensation Case Docket Printout reflecting the aforementioned information.) Accordingly, Mr. LaMantia's injuries had to be proximately caused by the November 2, 2007

incident as reflected by the Respondent insurance company's payout of medical expenses, lost earnings, and its lump sum workers' compensation settlement.

Furthermore, as a result of the automatic stay of proceedings pursuant to Section 362(a) of the Bankruptcy Code, LaMantia has never been afforded the opportunity to conduct written and/or oral discovery, which would clearly support his claim if the stay was not in place.  Chicago Tribune/Debtors' conclusions (made by emphasizing merely one handwritten note by one healthcare provider), in no way suffices in proving LaMantia's injuries were not proximately caused by the November 2, 2007 incident as stated in his Complaint at Law.  Quite frankly, Chicago Tribune/Debtors are trying to reap the benefits of the automatic stay by freezing Plaintiff's right to conduct discovery, and at the same time, are now using the stay as a sword claiming LaMantia has not been able to prove his case.  If LaMantia was given the opportunity to depose all of the healthcare providers involved, Chicago Tribune/Debtors could not even attempt to make such an argument.

**IV.**

**LAMANTIA'S CLAIM AND DESIGNATION THAT**
**THE VALUE OF THE CLAIM IS GREATER THAN $500,000 IS VALID,**
**AND CAN EASILY BE SUPPORTED BY A JURY VERDICT**
**CONSIDERING ALL ELEMENTS OF DAMAGES**
**WHICH ARE COMPENSABLE UNDER ILLINOIS LAW**

As a result of LaMantia's left shoulder injury, he underwent a surgical procedure on January 28, 2008 by Dr. Guido Marra, Director of Shoulder and Elbow Surgery at Loyola University Medical Center.  LaMantia's course of care and treatment involved various postoperative rehabilitation in an effort to return him to work as a Teamsters Local 706 Union truck driver.

The elements of damage compensable under Illinois law are as follows:

    a.      Disfigurement – scarring;
    b.      Past pain and suffering;
    c.      Future pain and suffering;
    d.      Loss of a normal life;
    e.      Future loss of a normal life;
    f.      Medical expenses; and
    g.      Lost earnings.

The economic damages would include medical expenses and lost earnings. As noted above, the medical expenses stand at $37,736.41. LaMantia, as a Local 706 Teamsters truck driver, was making union scale at $28.00 per hour. As stated in Chicago Tribune/Debtors' own submission, Mr. LaMantia was out of work for 34 weeks. At a $28.00 per hour rate over 40 hours per week for 34 weeks, Mr. LaMantia sustained $38,080.00 in lost earnings. Thus, the economic damages alone stand at $75,816.41.

The non-economic damages traditionally carry a much higher value in the Circuit Court of Cook County. Any scarring relative to the shoulder surgery is compensable. The significant pain associated with the incident itself, pre-surgical treatment, postoperative condition, and postoperative rehabilitation is significant. Additionally, the past loss of a normal life (ability to perform activities, hobbies, work) would be a considerable amount of damages as well.

In light of the fact Mr. LaMantia is only 57 years of age, the continued discomfort that he experiences would be compensable as well, under both future pain and suffering and future loss of a normal life.

Accordingly, Plaintiff's counsel would be seeking far greater than $500,000 worth of damages if this case were tried before a jury. Plaintiff's claim is indeed a valid claim wherein significant economic and non-economic damages are clearly ascertainable.

## V.

## CONCLUSION

In conclusion, it is undisputed that LaMantia filed his Proof of Claim in a timely manner. Furthermore, LaMantia's Complaint at Law sufficiently sets forth a concise and clear theory of liability with specific facts which would allow Chicago Tribune/Debtors the ability to evaluate and assert all potential defenses to the LaMantia claim. The Complaint at Law sets forth facts and/or allegations sufficing in establishing all prima facie elements of Plaintiff's claim. Plaintiff's injuries required surgical intervention and are severe in nature. In addition, the fact the Respondent's workers' compensation insurance carrier paid LaMantia lost earnings, medical expenses and a lump sum settlement further suffices in establishing the November 2, 2007 incident was the proximate cause of LaMantia's injuries. Finally, the economic damages and non-economic damages that are compensable as to the LaMantia claim, clearly establish support that the LaMantia claim might or could be greater than $500,000 as reflected in his May 21, 2009 Proof of Claim.

WHEREFORE, for the reasons set forth herein, the Claimant, LaMantia, respectfully requests this Honorable Court to enter an Order striking Reorganized Debtors' Objection to Claim No. 3031 of Anthony LaMantia Pursuant to Sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007, and further allow the LaMantia Claim to remain in full force and effect on the Claims Register; and/or in the alternative, granting LaMantia's Claim to remain in full force and effect on the Claim Register with a lower dollar amount being assessed to

Plaintiff's claim figure as this Court deems just and proper.  Attached hereto and incorporated herein as Exhibit O is Claimant's Proposed Order.

Respectfully submitted,

Telly C. Nakos
Attorney for Claimant, Anthony LaMantia

O'CONNOR & NAKOS, LTD.
120 North LaSalle Street, 35th Floor
Chicago, Illinois  60602
(312) 546-8100

EXHIBIT A

**Epiq Bank**
757 Third Avenue, 3rd Floor
New York, NY 10017

US. POSTAGE >> PITNEY BOWES

$ 001.42

ADDRESS SERVICE REQUESTED

Legal Documents Enclosed –
Please direct to the attention of the Addressee,
Legal Department or President.

TRB D.I. 14093_14112  6-22-15
TELLY C. NAKOS, ESQUIRE
O'CONNOR & NAKOS, LTD.
120 N. LASALLE STREET, 35TH FLOOR
CHICAGO, IL  60602

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY, et al.[1]<br>(f/k/a Tribune Company) | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |
| | Hearing Date: July 28, 2015 at 10:00 a.m. ET<br>Response Deadline: June 8, 2015 at 4:00 p.m. ET |

## REORGANIZED DEBTORS' OBJECTION TO CLAIM NO. 3031 OF ANTHONY LAMANTIA PURSUANT TO SECTIONS 502(b) AND 558 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3001, 3003, AND 3007

The reorganized debtors in the above-captioned chapter 11 cases (collectively, the "Reorganized Debtors"), by and through their undersigned counsel, hereby file this objection (the "Objection") to Claim No. 3031 filed against Chicago Tribune Company ("Chicago Tribune") by claimant Anthony LaMantia (the "LaMantia Claim"), a copy of which is attached hereto as Exhibit A.

This Objection is submitted pursuant to sections 502(b) and 558 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). By this Objection, the Reorganized Debtors request the entry of an order disallowing and expunging the LaMantia Claim in its entirety, for reasons described in detail below. In support of this Objection, the Reorganized Debtors respectfully state as follows:

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); Chicago Tribune Company, LLC (3437); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); KTLA, LLC (3404); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Hartford Courant Company, LLC (3490); Tribune CNLBC, LLC (0347); Tribune Media Services, LLC (1080); Tribune ND, LLC (4926); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

## INTRODUCTION

1.    The LaMantia Claim is a negligence and premises liability claim asserted against Chicago Tribune based on an alleged fall sustained by Mr. LaMantia.  Mr. LaMantia, who was at the time an employee of the Chicago Sun-Times newspaper, asserts that he was injured while he was delivering newspapers to a distribution facility operated by Chicago Tribune on November 2, 2007.  The LaMantia Claim, received on May 21, 2009 and recorded as Claim No. 3031 on the official claims register (the "Claims Register"), states only that the subject matter of such claim is "personal injury" and that the damages, alleged to exceed $500,000.00, were based on "ongoing" medical treatment.  However, the cause, nature, and extent of those alleged injuries and medical treatment were not disclosed in the LaMantia Claim, nor was any documentation then provided in support of the LaMantia Claim or the damages sought therein.  Thus, the LaMantia Claim provides insufficient information and support to allow either Chicago Tribune or this Court to determine what, if any, liability Chicago Tribune might have to Mr. LaMantia, and is not entitled to a presumption of prima facie validity under Bankruptcy Rule 3001(f).

2.    Subsequent to when the LaMantia Claim was filed, with authorization from this Court, Mr. LaMantia filed a complaint against Chicago Tribune in the Circuit Court of Cook County, Illinois, seeking damages arising from the same alleged November 2, 2007 incident.  The complaint asserts that Mr. LaMantia tripped and fell at the Chicago Tribune distribution facility due to Chicago Tribune's alleged negligence, but does not identify with particularity what it was he tripped over, what injuries he sustained, the alleged costs incurred to obtain treatment for such alleged injuries, or the specific nature of any other damages sought by Mr. LaMantia in the complaint.  The vague and conclusory statements in the complaint do not demonstrate any potential liability of Chicago Tribune to Mr. LaMantia.

2

3.    Counsel for Chicago Tribune has contacted counsel for Mr. LaMantia on multiple occasions requesting that Mr. LaMantia provide additional supporting information regarding the grounds for the LaMantia Claim to address the deficiencies identified above. In response, Chicago Tribune received medical records stating that Mr. LaMantia had sought medical treatment for a shoulder injury that he allegedly sustained on December 1, 2007, not November 2, 2007 as stated in his complaint. In addition, the medical records show that Mr. LaMantia first sought medical treatment on December 21, 2007, which was more than seven weeks after the alleged fall on November 2, 2007. A December 21, 2007 note, purportedly from the physician who treated Mr. LaMantia, stated that the fall for which he was treating Mr. LaMantia had happened three weeks prior, which again contradicts that the medical treatment was provided in relation to an alleged fall at the Chicago Tribune facility on November 2, 2007. Efforts by Chicago Tribune to resolve these discrepancies in the LaMantia Claim have been unsuccessful. In light of the insufficient and contradictory records provided by Mr. LaMantia in support of the LaMantia Claim and the failure by Mr. LaMantia to address those deficiencies, the Court should disallow and expunge the LaMantia Claim.[2]

4.    With respect to the more than $500,000.00 requested in the LaMantia Claim for "ongoing" medical treatment, documentation that was provided by Mr. LaMantia to the Chicago Tribune in September 2014 indicates that the medical treatment that Mr. LaMantia obtained for his alleged shoulder injury had in fact been completed in June 2008, nearly one year prior to when the LaMantia Claim was filed. The costs for that treatment totaled only $37,736.41. Even assuming for the sake of argument that Mr. LaMantia may have a valid claim, there is no basis in the record for the damages asserted in the LaMantia Claim.

---

[2] Chicago Tribune expressly reserves any and all other applicable defenses to the LaMantia Claim should further proceedings on the LaMantia Claim be required. See infra ¶ 28.

## STATUS OF CASE AND JURISDICTION

5.      On December 8, 2008 (the "Petition Date"), Tribune Company (now

known as Tribune Media Company) ("Tribune") and certain of its affiliates, including Chicago

Tribune (collectively, the "Debtors"),[3] each filed a voluntary petition for relief under chapter 11

of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  (Docket

Nos. 43, 2333.)

6.      On July 23, 2012, the Court entered the Order Confirming Fourth

Amended Joint Plan of Reorganization (the "Plan") for Tribune Company and Its Subsidiaries

Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital

Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (Docket No.

12074) (the "Confirmation Order").[4]

7.      The Effective Date of the Plan occurred on December 31, 2012.[5]

8.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief

sought herein are sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001,

3003, and 3007.

---

[3] As used herein, the term "Debtors" refers to the entities that filed the above-captioned chapter 11 cases and the term "Reorganized Debtors" refers to the entities that became successors to the Debtors upon the Debtors' emergence from their chapter 11 cases.

[4] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

[5] The Plan provides that one or more Debtors may undertake Restructuring Transactions on, prior to, or after the Effective Date, which may include, without limitation, mergers, consolidations, conversions, joint ventures, restructurings, recapitalizations, dispositions, liquidations or dissolutions. (See Plan § 5.2, Ex. 5.2 and Docket No. 12732.) On the Effective Date, Chicago Tribune underwent Restructuring Transactions pursuant to which it was converted to a limited liability company and renamed Chicago Tribune Company, LLC.

4

I.      FACTUAL AND PROCEDURAL BACKGROUND TO THE OBJECTION

     A.      Procedural History

       9.      On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs (Docket Nos. 567-789), which were subsequently amended on April 13, 2009 (Docket Nos. 894-957), June 12, 2009 (Docket Nos. 1343-1453), March 2, 2010 (Docket Nos. 3548-3599), May 13, 2010 (Docket No. 4388), and January 28, 2011 (Docket Nos. 7661-7671) (collectively, the "Schedules").

       10.     Chicago Tribune listed Mr. LaMantia as a potential creditor on Schedule F of its Schedules, based on a letter dated January 18, 2008 from counsel to Mr. LaMantia, stating Mr. LaMantia's intention to pursue a cause of action for damages relating to an incident that occurred on November 2, 2007 (the "Prepetition Notice"), a copy of which is attached hereto as Exhibit B. No details regarding the nature of the alleged incident or putative cause of action were included in the Prepetition Notice.

       11.     On March 25, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against any of the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date. Mr. LaMantia's counsel was served with notice of the Bar Date. See Affidavit of Mailing, Ex. E at 145 (Docket No. 1073).

     B.      The LaMantia Claim

       12.     The LaMantia Claim was timely received on May 21, 2009 and was recorded as Claim No. 3031 on the Claims Register maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to assist with claims processing in the Debtors' chapter

46429/0001-11818063v1

11 cases (the "Claims Agent"). The LaMantia Claim is asserted against Chicago Tribune based on "[p]ersonal injury" and claims an amount "greater than $500,000.00" for alleged ongoing medical treatment. See Ex. A at 1. No further information regarding the nature of or basis for the LaMantia Claim was provided with such claim.

C.    The Lift-Stay Proceedings and LaMantia Complaint

13.    On July 28, 2009, counsel for Mr. LaMantia filed a motion for relief from the automatic stay, requesting, inter alia, authorization to file a personal injury lawsuit against Chicago Tribune. See Mot. for Relief From Stay of Claimant Anthony LaMantia (Docket No. 1841). On August 26, 2009, the Court entered an Order, by agreement of the parties, modifying the automatic stay to authorize Mr. LaMantia to file and serve a personal injury lawsuit. See Agreed Order Modifying the Automatic Stay Authorizing Anthony LaMantia to File and Serve Process for Personal Injury Action (Docket No. 2015) (the "Lift Stay Order"). The Lift Stay Order provided that immediately upon the filing and service, any such lawsuit would be placed on the trial court's bankruptcy stay calendar. Id. at 2.

14.    On October 14, 2009, Mr. LaMantia filed a complaint in the Circuit Court of Cook County, Illinois, captioned LaMantia v. Chicago Tribune Co., No. 2009 L 012180 (the "LaMantia Complaint"), a copy of which is attached hereto as Exhibit C. Consistent with the terms of the Lift Stay Order, the LaMantia Complaint was placed on the Circuit Court's bankruptcy stay calendar at the time it was filed and served. No activity has occurred in respect of the LaMantia Complaint in the Circuit Court as of the date of this Objection and the matter remains stayed by the Circuit Court.

15.    The LaMantia Complaint alleges negligence and premises liability on the part of Chicago Tribune as a result of a trip and fall allegedly sustained by Mr. LaMantia at a newspaper distribution facility operated by Chicago Tribune. See Ex. C, LaMantia Compl. ¶ 9.

6

Mr. LaMantia alleges that he "sustained severe and permanent injuries, both externally and internally," id. at ¶ 10, although the nature of those injuries were not described in the LaMantia Complaint.

       D.       **Reorganized Debtors' Requests for Information Supporting the LaMantia Claim and Responses Thereto**

       16.     On several occasions since the effective date of the Plan, counsel for Chicago Tribune has contacted counsel for Mr. LaMantia in an effort to obtain additional information regarding the LaMantia Claim, including, without limitation, (i) the bases for many of the allegations set forth in the LaMantia Complaint, including the nature of the injuries allegedly sustained by Mr. LaMantia, and (ii) support for the $500,000 damages figure set forth in the LaMantia Claim. A copy of a letter dated August 21, 2013 from counsel to Chicago Tribune to counsel for Mr. LaMantia (without attachments) is attached hereto as Exhibit D. The letter specifically requests that Mr. LaMantia provide copies of the documents that he intends to rely upon to support the LaMantia Claim. See Ex. D.

       17.     In January 2014, nearly five months after Chicago Tribune's information request was first made, counsel for Mr. LaMantia provided medical records from Loyola Medicine, Department of Orthopaedic Surgery & Rehabilitation ("Loyola") (52 pages) and AthletiCo Physical Therapy ("AthletiCo") (35 pages), which were alleged to support of the LaMantia Claim. Copies of those medical records are attached hereto as Exhibit E.[6] Those medical records did not include any bills, invoices, or other documentation substantiating the costs, if any, incurred by Mr. LaMantia in connection with the medical treatment he obtained. Id.

---

[6] The records provided by Mr. LaMantia attached hereto as Exhibit E have been modified for purposes of filing this Objection in two respects: (1) to redact Mr. LaMantia's Social Security Number, and (2) to add page numbers for the convenience of the parties and the Court.

46429/0001-11818063v1

18.    The medical records show that Mr. LaMantia's first visit with a doctor or to a hospital was on December 21, 2007, approximately seven weeks after the alleged fall complained of in the LaMantia Complaint. See Ex. E at 2. A patient questionnaire completed by Mr. LaMantia on December 21, 2007 reveals that Mr. LaMantia reported that he sustained a shoulder injury as a result of a fall on *December 1, 2007*. Id. at 3. Likewise, the attending physician's notes of December 21, 2007 state that the complained-of fall had happened three weeks prior to when Mr. LaMantia was treated. Id. at 7 (hand-written note purportedly by Mr. LaMantia's attending physician); id. at 19 (type-written note by Mr. LaMantia's attending physician). The medical records indicate further that Mr. LaMantia underwent left shoulder surgery at Loyola on January 28, 2008 (Ex. E at 9), followed by physical therapy (id. at 29 & 53-87)[7] and was cleared by his physician to return to full work duty on June 26, 2008 (id. at 48). There is no record of any further medical treatment obtained by Mr. LaMantia after that date.

19.    In September 2014, after further requests for additional supporting documentation, counsel for Chicago Tribune received copies of Mr. LaMantia's medical invoices from Loyola and AthletiCo, which totaled $37,736.41. Copies of those medical invoices are attached hereto as Exhibit F.[8] The service date listed on the final invoice from Loyola was June 26, 2008 (see Ex. F. at 9) and the service date listed on the final invoice from AthletiCo was June 20, 2008 (id. at 22). Thus, based on the records provided by Mr. LaMantia,

---

[7] The AthletiCo screening form completed by Mr. LaMantia on February 4, 2008 shows that Mr. LaMantia reported that he sustained a left shoulder injury on November 2, 2007. Ex. E at 53. As noted above, none of the Loyola medical records submitted by Mr. LaMantia refer to an injury on this date, but rather refer to a December 1, 2007 injury. The form also states that Mr. LaMantia had a past medical history of surgery on his left *and* right shoulders, from which it may be inferred that he had sustained other, prior shoulder injuries unrelated to the alleged fall on November 2, 2007. Id. at 56.

[8] The records provided by Mr. LaMantia attached hereto as Exhibit F have been modified for purposes of filing this Objection in two respects: (1) to redact Mr. LaMantia's Social Security Number, and (2) to add page numbers for the convenience of the parties and the Court.

46429/0001-11818063v1

it appears that Mr. LaMantia ended his medical treatment in June 2008 and returned to full work duty thereafter.

## RELIEF REQUESTED

20.    By this Objection, the Reorganized Debtors seek entry of an order, pursuant to sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007, disallowing and expunging the LaMantia Claim in its entirety on the basis that the LaMantia Claim fails to state a prima facie claim as required by the Bankruptcy Code, based on a lack of documentation supporting either liability or the amount of the claim. The Reorganized Debtors also seek an order authorizing the Claims Agent to expunge the LaMantia Claim from the Claims Register so that the Claims Register accurately reflects the claims outstanding against Debtors' estates.

## BASIS FOR OBJECTION

21.    A "claim" for bankruptcy purposes means a "right to payment", whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured. 11 U.S.C. § 101(5).

22.    Section 502(b) of the Bankruptcy Code provides in pertinent part:

> [I]f [an] objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
>
> > (1)    such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b). Section 502(b)(1) recognizes the settled principle that "[c]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating

9

the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy

Code." Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450-51 (2007)

(citing Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20 (2000)).  A claim against the bankruptcy

estate, therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be

enforceable against the debtor outside of bankruptcy." In re Combustion Eng'g, Inc., 391 F.3d

190, 245 (3d Cir. 2004).  In proceedings to determine whether a claim is enforceable against the

estate, "[t]he estate shall have the benefit of any defense available to the debtor as against any

entity other than the estate, including statutes of limitation, statutes of fraud, usury, and other

personal defenses" pursuant to section 558 of the Bankruptcy Code.  11 U.S.C. § 558.

   23. Bankruptcy Rule 3001(c)(1) provides that when a claim is based on a

writing, "a copy of the writing shall be filed with the proof of claim." Fed. R. Bankr. P.

3001(c)(1).  Bankruptcy Rule 3001(f) provides that "[a] proof of claim filed in accordance with

these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed.

R. Bankr. P. 3001(f).  Thus, a party asserting a claim against a debtor must initially allege

sufficient facts to support its claim, and only if this standard of sufficiency is met is the claim

entitled to a presumption of validity.  In re Allegheny Int'l, Inc., 954 F.2d 167, 173-174 (3d Cir.

1992). As the Third Circuit further observed in Allegheny International:

> If the averments in [a claimant's] filed claim meet this standard of sufficiency, it
> is "prima facie" valid.  In other words, a claim that alleges facts sufficient to
> support a legal liability to the claimant satisfies the claimant's initial obligation to
> go forward.

Id. (internal citations omitted).

### A. The LaMantia Claim Should be Disallowed Because Insufficient Support is Provided for the Liability Asserted

   24. The LaMantia Claim provides insufficient information to allow Chicago

Tribune to ascertain whether it might have any liability to Mr. LaMantia and, if so, in what

10

amount. The LaMantia Claim does not comply with Bankruptcy Rule 3001(c) because it lacks information or documentation supporting such claim and it is therefore not entitled to a presumption of validity under Bankruptcy Rule 3001(f). Accordingly, the LaMantia Claim fails to provide prima facie evidence of the validity and amount of the claim, as required by section 502 of the Bankruptcy Code and Bankruptcy Rule 3001(f). Given that Mr. LaMantia has not met his initial burden of stating a claim with information that supports either that liability exists or the amount to which he may be entitled, the LaMantia Claim should be disallowed and expunged.

25.    Neither the subsequently-filed LaMantia Complaint nor the medical records and invoices provided by Mr. LaMantia in January and September 2014 cure these deficiencies. The LaMantia Complaint contains only vague allegations that Mr. LaMantia tripped and fell over certain "materials" at the Chicago Tribune distribution facility and sustained injuries, but does not describe with any particularly what those injuries were, where those injuries were sustained, or what the extent of those injuries were, other than a vague assertion that the injuries were "severe and permanent." Moreover, the medical records provided by Mr. LaMantia cast doubt on whether the medical treatment sought by Mr. LaMantia -- more than seven weeks after the alleged November 2, 2007 incident -- were in fact causally related to that incident. Specifically, as described above, Mr. LaMantia's own statements reflect that he sustained an injury on December 1, 2007 and the physician's notes reflect that the injury for which he sought treatment had occurred three weeks prior to the December 21, 2007 doctor's visit, and not to an injury sustained on November 2, 2007. See Ex. E. Moreover, the facts that Mr. LaMantia completed his recovery by June 2008 and received a return-to-work note from his physician at that time contradict the allegation that his injuries were "severe and permanent" or

that his medical treatment was "ongoing" at the time that the LaMantia Claim was filed approximately one year later. Id. Efforts by Chicago Tribune to resolve these discrepancies in the LaMantia Claim have been unsuccessful. In light of the facial deficiencies in the LaMantia Claim and the failure by Mr. LaMantia to address them, the Court should disallow and expunge the LaMantia Claim.

B.    **The LaMantia Claim Should Also be Disallowed Because the Damages Sought are Not Supported**

26.    The LaMantia Claim seeks damages "greater than $500,000" for medical treatment. See Ex. A at 1. Neither the proof of claim itself nor the LaMantia Complaint provide any support for that figure, nor is any basis for that figure plausibly ascertainable from the materials provided to Chicago Tribune to date. Instead, the LaMantia Complaint states in generic terms that Mr. LaMantia seeks "large sums of money for medical care and services . . . ." See Ex. C, LaMantia Compl. ¶ 10. Chicago Tribune's multiple requests for copies of Mr. LaMantia's medical bills, or other information sufficient to substantiate the amounts sought in the LaMantia Claim were met with no response until September 2014, at which time counsel for Mr. LaMantia provided medical bills totaling $37,736.41. See Ex. F. Moreover, Chicago Tribune has been provided with no documentation indicating that Mr. LaMantia required any medical treatment after June 2008, or that he was receiving "ongoing" treatment as of May 2009, when the LaMantia Claim was filed.

27.    These unsupported demands for vaguely-described damages do not approach the requirements imposed on Mr. LaMantia by the Bankruptcy Code to provide prima facie support for the $500,000 in damages he seeks. See Allegheny Int'l, 954 F.2d at 173-74 (claimant must allege facts sufficient to support its claim to be entitled to presumption of claim's validity). Mr. LaMantia alleges no facts that support the $500,000 damages figure anywhere in

12

the LaMantia Claim or the LaMantia Complaint, and the Reorganized Debtors do not know how that number may have been calculated. At best, even if the LaMantia Claim or the LaMantia Complaint had established the required elements of a claim against the Chicago Tribune (which they do not, given, among other things, Mr. LaMantia's failure to demonstrate causation and the numerous discrepancies in his claim), such claim should be limited to, at most, the documented costs incurred by Mr. LaMantia. Here, Mr. LaMantia has provided copies of medical bills totaling $37,736.41, but the medical records submitted by Mr. LaMantia call into question how much, if any, of those medical bills actually related to any injury attributable to Chicago Tribune. For these cumulative reasons, the LaMantia Claim fails to state a prima facie claim against Chicago Tribune and should be disallowed and expunged in its entirety.

## RESERVATION OF RIGHTS

28.    Neither the LaMantia Claim nor the LaMantia Complaint provide the Reorganized Debtors with sufficient information to let them determine what precise allegations Mr. LaMantia believes afford him a right to payment from Chicago Tribune. This deficiency, in turn, effectively denies Chicago Tribune the ability to evaluate and assert all potential defenses to the LaMantia Claim. For that reason, the Reorganized Debtors reserve their rights to assert all applicable defenses to the LaMantia Claim in the event that Mr. LaMantia provides the Reorganized Debtors with documentation or new information in response to this Objection. The Reorganized Debtors further reserve their rights to adjourn the hearing on this Objection, without further announcement of such adjournment except in the agenda letters relating to such hearing, and/or in Court on the day scheduled for the hearing.

## NOTICE

29.    Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) counsel for Mr. LaMantia; and (iii) all parties requesting notice pursuant to

46429/0001-11818063v1

Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the

relief requested herein, the Reorganized Debtors submit that no other or further notice is

necessary.

## NO PRIOR REQUEST

30.    No previous application for the relief sought herein has been made to this

Court or to any other court.

46429/0001-11818063v1

WHEREFORE, for the reasons set forth herein, the Reorganized Debtors respectfully request that the Court enter an order, pursuant to sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007, (i) disallowing in full and expunging the LaMantia Claim; (ii) directing the Claims Agent to expunge the LaMantia Claim from the Claims Register; and (iii) granting such other and further as the Court deems just and proper.

Dated:  Wilmington, Delaware
        May 8, 2015

Respectfully submitted,

SIDLEY AUSTIN LLP
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE SCHOTZ P.C.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR REORGANIZED DEBTORS

15

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY, et al.[1] (f/k/a Tribune Company) | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |
| | Hearing Date: July 28, 2015 at 10:00 a.m. ET Response Deadline: June 8, 2015 at 4:00 p.m. ET |

**NOTICE OF REORGANIZED DEBTORS' OBJECTION TO CLAIM NO. 3031 OF ANTHONY LAMANTIA PURSUANT TO SECTIONS 502(b) AND 558 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3001, 3003, AND 3007**

To:     (i) the Office of the United States Trustee; (ii) counsel for Mr. LaMantia; and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002

PLEASE TAKE NOTICE that, on May 8, 2015, the reorganized debtors in the above-captioned chapter 11 cases (the "Reorganized Debtors") filed the Reorganized Debtors' Objection to Claim No. 3031 of Anthony LaMantia Pursuant to Sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003 and 3007 (the "Objection") which seeks entry of an order disallowing in full and expunging Claim No. 3031 in its entirety for the reasons set forth in the Objection.

PLEASE TAKE FURTHER NOTICE that, Responses, if any, to the Objection must be in writing, filed with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, and served upon and received by the undersigned counsel on or before June 8, 2015 at 4:00 p.m. (ET) (the "Response Deadline").

PLEASE TAKE FURTHER NOTICE that a hearing on the Objection will be held before the Honorable Kevin J. Carey, United States Bankruptcy Judge, United States Bankruptcy Court, 824 Market Street, 5th Floor, Wilmington, Delaware 19801 on July 28, 2015 at 10:00 a.m. (ET).

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); Chicago Tribune Company, LLC (3437); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); KTLA, LLC (3404); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Hartford Courant Company, LLC (3490); Tribune CNLBC, LLC (0347); Tribune Media Services, LLC (1080); Tribune ND, LLC (4926); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED BY THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: May 8, 2015

SIDLEY AUSTIN LLP
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE SCHOTZ P.C.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR REORGANIZED DEBTORS

46429/0001-11818075v1

## EXHIBITS

Exhibits A through F to the Reorganized Debtors' Objection to Claim No. 3031 of Anthony LaMantia Pursuant to Sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003 and 3007 [Docket No. 14093] are voluminous.  Accordingly, these Exhibits may be (i) obtained free of charge from Epiq Bankruptcy Solutions, LLC's ("Epiq") dedicated website related to the Chapter 11 Cases (http://chapter11.epiqsystems.com/tribune); (ii) inspected during regular business hours at the Office of the Clerk, United States Bankruptcy Court for the District of Delaware, 3rd Floor, 824 North Market Street, Wilmington, Delaware 19801; (iii) viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website; or (iv) requested by telephoning Epiq at (646) 282-2400.

## PROPOSED ORDER

46429/0001-11818063v1

EXHIBIT B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY, et al.,[1] (f/k/a Tribune Company) | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered Related to Docket No. 14093 Hearing Date: July 28, 2015 at 10:00 a.m. ET Response Deadline: July 21, 2015 at 4:00 p.m. ET |

## SUPPLEMENTAL NOTICE OF REORGANIZED DEBTORS' OBJECTION TO CLAIM NO. 3031 OF ANTHONY LAMANTIA PURSUANT TO SECTIONS 502(b) AND 558 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3001, 3003, AND 3007

To:    Counsel for Anthony LaMantia

PLEASE TAKE NOTICE that, on May 8, 2015, the reorganized debtors in the above-captioned chapter 11 cases (the "Reorganized Debtors") filed the **Reorganized Debtors' Objection to Claim No. 3031 of Anthony LaMantia Pursuant to Sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003 and 3007** (the "Objection") which seeks entry of an order disallowing in full and expunging Claim No. 3031 in its entirety for the reasons set forth in the Objection.

PLEASE TAKE FURTHER NOTICE that the Objection was served on May 8, 2015 on counsel for Mr. LaMantia at the address provided on Claim No. 3031. (See Certificate of Service, Docket No. 14096).

PLEASE TAKE FURTHER NOTICE that this Supplemental Notice of Objection will be served on counsel for Mr. LaMantia at the address provided in the LaMantia Complaint (as that term is defined in the Objection).

PLEASE TAKE FURTHER NOTICE that, Responses, if any, to the Objection must be in writing, filed with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, and served upon and received by the undersigned counsel on or before **July 21, 2015 at 4:00 p.m. (ET)** (the "Response Deadline").

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); Chicago Tribune Company, LLC (3437); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); KTLA, LLC (3404); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Hartford Courant Company, LLC (3490); Tribune CNLBC, LLC (0347); Tribune Content Agency, LLC (2931); Tribune Media Services, LLC (1080); Tribune ND, LLC (4926); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

PLEASE TAKE FURTHER NOTICE that a hearing on the Objection will be held before the Honorable Kevin J. Carey, United States Bankruptcy Judge, United States Bankruptcy Court, 824 Market Street, 5th Floor, Wilmington, Delaware 19801 on **July 28, 2015 at 10:00 a.m. (ET)**.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED BY THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: June 22, 2015

> SIDLEY AUSTIN LLP
> Kenneth P. Kansa
> Jillian K. Ludwig
> One South Dearborn Street
> Chicago, Illinois 60603
> Telephone: (312) 853-7000
> Facsimile:  (312) 853-7036
>
> -and-
>
> COLE SCHOTZ P.C.
>
> By:  _____
> Norman L. Pernick (No. 2290)
> J. Kate Stickles (No. 2917)
> Patrick J. Reilley (No. 4451)
> 500 Delaware Avenue, Suite 1410
> Wilmington, Delaware 19801
> Telephone:  (302) 652-3131
> Facsimile:  (302) 652-3117
>
> ATTORNEYS FOR REORGANIZED DEBTORS

46429/0001-11818075v2

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
Tribune Company Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5069
New York, NY 10150-5069

# PROOF OF CLAIM

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|
| CHICAGO TRIBUNE COMPANY | 08-13152 (KJC) |

**NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.**

Filed: USBC - District of Delaware
Tribune Company, Et Al.
08-13141 (KJC)          0000003031

|||||||||||||| barcode

THIS SPACE IS FOR COURT USE

Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)

TRB (MERGE2.DBF,SCHED_NO)  SCHEDULE #: 152002840*****
ANTHONY LAMANTIA
ANEZI, OZMON, RODIN, NOVAK & KOHEN, LTD
ATTN: TELLY C. NAKOS
161 NORTH CLARK STREET
CHICAGO, IL 60601

Telephone number:             Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim
Number:_____
   (If known)

Filed on:_____
006819

Your claim is scheduled by the Debtor as:

UNSECURED
UNLIQUIDATED
DISPUTED

Name and address where payment should be sent (if different from above)

Telephone number:             Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $ **Medical treatment ongoing so final value undetermined; however, greater than $500,000.00.**

   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete Item 4.

   If all or part of your claim is entitled to priority, complete Item 5.

   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.

   ☐ Check this box if claim is for a claim related to goods delivered during the twenty (20) days prior to December 8, 2008 (the "Petition Date"), pursuant to 11 U.S.C. § 503(b)(9). Please indicate amount entitled to 503(b)(9) $_____

2. Basis for Claim: **Personal injury**
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe: _____

   Value of Property: $_____   Annual Interest Rate _____%

   Amount of arrearage and other charges as of time case filed included in secured claim, if any:

   $_____   Basis for perfection: _____

   Amount of Secured Claim: $_____   Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim:

   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

   ☐ Wages, salaries or commissions (up to $10,950*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

   ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

   ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

   Amount entitled to priority:

   $_____

   * Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

FOR COURT USE ONLY

FILED / RECEIVED

MAY 21 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|
| 5/18/09 | Telly C. Nakos |

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

## Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the name of the debtor in the bankruptcy case and the bankruptcy case number. The full list of debtors is provided under the general information section on the Claims Agent's website http://chapter11.epiqsystems.com/tribune

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim. Also, check the appropriate box if all or a portion of your claim qualifies as an Administrative Expense priority under 11 U.S.C. §.503(b)(9) and provide the amount that is related to such priority.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the trustee or another party in interest files an objection to your claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

## _____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor that arose on or before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment on a debt owed by the debtor that arose on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at one of the following addresses:

*If by first-class mail:*
Tribune Company Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5069
New York, NY 10150-5069

*If by hand delivery or overnight mail:*
Epiq Bankruptcy Solutions, LLC
Attn: Tribune Company Claims Processing Center
757 Third Avenue, 3rd Floor
New York, NY 10017

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.
A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials

## _____INFORMATION_____

of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the Claims Agent's website: (http://chapter11.epiqsystems.com/tribune) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

EXHIBIT D



P  646 282 2500   F  646 282 2501
757 THIRD AVENUE, NEW YORK, NY 10017
WWW.EPIQSYSTEMS.COM

**** TRB CLMLTR (MERGE2,TXNUM2) 4000090249 ****
LAMANTIA, ANTHONY
ANEZI, OZMON, RODIN, NOVAK & KOHEN, LTD
ATTN: TELLY C. NAKOS
161 NORTH CLARK STREET
CHICAGO, IL 60601



August 26, 2009

### ACKNOWLEDGEMENT OF RECEIPT OF PROOF OF CLAIM

This letter serves as acknowledgement that the claim identified below has been recorded
by Epiq Bankruptcy Solutions, LLC, the court-approved claims agent, on the claims
register in the THE TRIBUNE COMPANY case.   To ensure that your claim has been
recorded correctly, please review the following information:

| | |
|---|---|
| Debtor: | CHICAGO TRIBUNE COMPANY |
| Case Number: | 152 |
| Creditor: | LAMANTIA, ANTHONY |
| Date Received: | 05/21/2009 |
| Claim Number: | 3031 |

*Please note that nothing in this Acknowledgement should be construed to mean or imply
that your claim is being allowed.  The Debtor may elect to object to the identified claim
on various grounds.*

We also strongly encourage you to review your proof of claim on our website at
http://chapter11.epiqsystems.com/TRB.  To find your imaged claim, click on the "Filed
Claims & Schedules" icon at the top of the page, type in your claim number in the
"Claim #" field, and click "Search".  Additionally, you may search for your claim by
typing in your name in the appropriate search field.

If you have any questions, please contact us at 646-282-2400 or via our contact form on
our website at http://www.epiq11.com/contact.aspx.  Please be sure to specify the client
name about which you are inquiring.

EPIQ BANKRUPTCY SOLUTIONS, LLC

# EXHIBIT E

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE COMPANY, *et al.*, | ) | Case No. 08-13141 (KJC) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objection Date: August 28, 2009** |
| | ) | **Hearing Date: September 4, 2009 @ 10:00 a.m.** |

## MOTION OF CLAIMANT ANTHONY LAMANTIA
## FOR RELIEF FROM THE AUTOMATIC STAY

Anthony LaMantia ("Movant"), by his counsel hereby moves (the "Motion") this Court for entry

of an order granting relief from the automatic stay imposed by Section 362 of the Bankruptcy Code to

allow him to file and serve process for a civil action relating to personal injuries and in support thereof,

states as follows:

### Case Background

1.      On December 8, 2008 (the "Petition Date"), the above-captioned debtors and debtors-in-

possession (collectively, the "Debtors") filed with the Court voluntary petitions for relief under Chapter

11 of Title 11 of the United States Code, 11 U.S.C. § 101 et. seq (the "Bankruptcy Code").

2.      The Debtors continue to operate their businesses and manage their properties as debtors-

in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has

been appointed in these Chapter 11 cases.

3.      An official committee of unsecured creditors (the "Committee") was appointed on

December 30, 2008.

### Jurisdiction and Venue

4.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

5.      This is a core proceeding under 28 U.S.C. § 157.

6.      Venue is proper pursuant to 28 U.S.C. § § 1408 and 1409.

7.      The statutory bases for the relief requested in the Motion are 11 U.S.C. §§ 362(d), 105 and Rule 4001 of the Federal Rules of Bankruptcy Procedure ("FRBP") and Rule 4001-1 of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("Local Rules").

### Matter Background

8.      Movant has a claim against Debtors for injuries he suffered on November 2, 2007.

9.      A lawsuit has not yet been filed concerning those alleged injuries.

10.      The statute of limitations concerning Movant's claim expires on November 2, 2009.

11.      Movant timely filed a proof of claim on May 25, 2009.

### Relief Requested

12.      Movant seeks entry of an order modifying the automatic stay for the limited purpose of filing a lawsuit in the Circuit Court of Cook County, Chicago, Illinois, against Debtors and any other allegedly liable parties and serving process on Debtors and any other defendants named therein.

13.      Once Movant has effectuated service on all defendants, the lawsuit shall be placed on the trial court's bankruptcy calendar and no further action shall be taken concerning it until further order of this Court.

### Basis For Relief Requested

14.      Section 362(d) of the Bankruptcy Code provides for relief from stay and states in relevant part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from stay provided under subsection (a) of this section, such as by terminating , annulling, modifying, or conditioning such stay -
> (a) for cause . . .

11 U.S.C. §362(d).

2

15.    As used in Section 362(d)(1), "cause" is a broad and flexible concept which permits a bankruptcy court, as a court of equity, to respond to fact-specific situations.  In re Rexene Prods.Co., 141 B.R. 574 (Bankr. D. Del. 1992).  In considering whether to grant relief from the automatic stay, the Delaware Bankruptcy Court has considered the three criteria identified in the Rexene case:

(a) Whether there will be great prejudice to the estate or the debtor in continuing the civil suit;

(b) Whether the hardship to the creditor outweighs the hardship to the debtor in maintaining the stay; and

(c) The probability that the creditor will prevail on the merits.

Rexene, 141 B.R. at 576.

16.    Cause exists to grant relief from the automatic stay in this matter.  The facts support Movant under each of the three Rexene factors:

(a)    First, the Debtors and their estates will not be prejudiced at all by the relief requested since all that is requested is the right to file and serve a personal injury litigation.  Once filed, the action is to go immediately to the trial court's bankruptcy docket so no action whatsoever is required of the Debtors by the relief requested.

(b)    Second, the Movant is significantly harmed by the continued imposition of the automatic stay in monitoring the statute of limitations on his cause of action while the Debtor has absolutely no harm from the relief requested so the relative burdens factor favors the Movant.

(c)    The third factor is not relevant in the context of this Motion because the relief does not seek any adjudication on the merits of the Movant's claim.

3

<u>Notice</u>

17.     Notice of this Motion is being provided to (i) the Office of the United States Trustee for

the District of Delaware; (ii) counsel for the Debtors; (iii) counsel for the Committee; and (iv) all parties

required to receive service under Rule 2002-1(b) of the Local Rules.

<u>No Prior Requests</u>

18.     The Movant has not previously sought the relief requested herein.


**WHEREFORE**, Anthony LaMantia prays that this Court enter an order lifting the automatic

stay for the limited purpose of allowing Mr. LaMantia to file a lawsuit against Debtors concerning his

injuries suffered on November 2, 2007, and serving process on any and all defendants named therein,

and for all other relief just and proper.



Dated: July 28, 2009                    **THE HOGAN FIRM**

                                         _____*/s/ Daniel K. Hogan*_____
                                         Daniel K. Hogan (#2814)
                                         1311 Delaware Avenue
                                         Wilmington, DE 19806
                                         (302) 656-7540
                                         (302) 656-7599- facsimile

                                         **Of Counsel**

                                         **B. LANE HASLER, P.C.**

                                         B. Lane Hasler
                                         1530 South State Street
                                         Suite 17A
                                         Chicago, Illinois 60605
                                         (312) 893-0551
                                         (312) 893-0551- facsimile
                                         Counsel For Anthony LaMantia

                                         4

EXHIBIT F

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>                              Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Related to Docket No. 1841 |

AGREED ORDER MODIFYING THE AUTOMATIC STAY
AUTHORIZING ANTHONY LAMANTIA TO FILE AND SERVE
PROCESS FOR PERSONAL INJURY ACTION

Upon the Motion of Anthony LaMantia ("Movant"), for relief from the automatic

stay [DI 1841] (the "Motion");[2] and the Court finding that (a) the Court has jurisdiction over this

matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms not defined herein shall have the terms ascribed to them in the Motion.

meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the circumstances; and this Court being fully advised in the premises, it is hereby:

ORDERED that the automatic stay is hereby modified pursuant to 11 U.S.C. § 362(d)(1) and (2) solely to the extent necessary to allow the Movant to file the Lawsuit in the Circuit Court of Cook County, Chicago, Illinois, against one or more of the Debtors any other allegedly liable parties and to serve process on the defendants named therein; and it is further

ORDERED, that once Movant has effectuated service on all defendants, the Lawsuit shall be immediately placed on the trial court's bankruptcy stay calendar; and it is further

ORDERED, that nothing in this Order shall be construed as permitting any further action to be taken concerning the Lawsuit or affording Movant any further relief from the automatic stay; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or relating to the implementation or interpretation of this Order.

Dated: _____, 2009

The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge

2

Seen and Agreed,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kevin T. Lantry
Kenneth P. Kansa
Jillian K. McClelland
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

     -and-

COLE, SCHOTZ, MEISEL, FORMAN &
LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

B. LANE HASLER, P.C.

B. Lane Hasler
1530 South State Street
Suite 17A
Chicago, Illinois 60605
Telephone:  (312) 893-0551
Facsimile:  (312) 893-0551

     -and-

THE HOGAN FIRM

By: _____
Daniel K. Hogan (No. 2814)
1311 Delaware Avenue
Wilmington, DE 19806
Telephone:  (302) 656-7540
Facsimile:  (302) 656-7599

ATTORNEYS FOR ANTHONY
LAMANTIA

# EXHIBIT G

14686/TCN
10/09/09

Attorney ID# 46085

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ANTHONY C. LaMANTIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 2009L012180 |
| CHICAGO TRIBUNE COMPANY, a | ) CALENDAR/ROOM A |
| Corporation, | ) TIME 00:00 |
| | ) Premises Liability |
| | ) |
| Defendants. | ) |

### COMPLAINT AT LAW

NOW COMES the Plaintiff, ANTHONY C. LaMANTIA, by and through his attorneys, O'CONNOR & NAKOS, LTD., and complaining of the Defendant, CHICAGO TRIBUNE COMPANY, a Corporation, alleges as follows:

1.    That on November 2, 2007, and for a long time prior thereto, the Defendant possessed, operated, managed, maintained, inspected, and controlled or had a duty to possess, operate, manage, maintain, inspect, and control, both directly and indirectly, individually and through its agents, servants and employees, the premises located at or about 480 Oakwood Road, in the City of Lake Zurich, County of Lake and State of Illinois, referred to as the Tribune Distribution Facility, including a certain loading dock and related doorway/walkway area.

2.    That said Defendant owed a duty to all persons who lawfully entered the aforesaid location including the Plaintiff, to exercise reasonable and ordinary care so as to keep the aforesaid premises including the loading dock and related doorway/walkway free from dangerous conditions which presented an unreasonable risk(s) of harm to persons using said premises.

3.     That the Plaintiff was employed by the Chicago Sun-Times, Inc. on the aforementioned date wherein his duties included delivering Chicago Sun-Times papers to the Chicago Tribune Facility located at 480 Oakwood Road in Lake Zurich, Illinois in order for Chicago Tribune Company to distribute Chicago Sun-Times papers in various Chicago suburban areas.

4.     That at the aforementioned time and place and for a long time prior thereto, the Defendant, well knowing its duty in this regard, carelessly and negligently caused and permitted said premises, including the aforesaid loading dock and related doorway/walkway, to become and remain in a dangerous condition which presented an unreasonable risk of harm to persons using said premises, although the Defendant knew, or in the exercise of ordinary and reasonable care should have known, of said dangerous condition; specifically, the existence of a tripping hazard and inadequate lighting of aforementioned areas.

5.     That at the aforesaid time and place, the Plaintiff entered the aforesaid location. Plaintiff backed his truck into the loading dock area and entered aforesaid doorway/walkway to facilitate the customary procedure of delivering Chicago Sun-Times newspapers.

6.     That at the aforesaid time and place, Plaintiff was walking in the doorway/walkway area related to the loading dock to make a delivery of newspapers to the Defendant on behalf of his employer, the Chicago Sun-Times.

7.     That the Defendant, by and through its agents, employees, and/or servants could and should have reasonably expected that individuals who were required to use said doorway and walkway of loading dock area would not discover, observe, or have knowledge of the aforesaid dangerous conditions and would fail to protect themselves from the aforesaid dangerous conditions.

8.    That the Defendant was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

(a)    Improperly operated, managed, maintained and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured;

(b)    Allowed and permitted pallets, vending boxes and other materials on the ground and/or in the doorway/walkway area of loading dock;

(c)    Failed to properly and adequately remove pallets, vending boxes and other materials on the ground and/or in the doorway/walkway area of loading dock area;

(d)    Failed to make a reasonable inspection of the aforesaid premises and said doorway/walkway area of loading dock when the Defendant knew, or should have known, that said inspection was necessary to prevent injury to the Plaintiff;

(e)    Failed to provide adequate lighting in the loading dock area, including the doorway/walkway;

(f)    Failed to warn the Plaintiff of the aforementioned dangerous conditions of said loading dock area (including doorway/walkway), when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff.

9.    That on the aforementioned date and as a result of the aforesaid acts of the Defendant, the Plaintiff was caused to trip and fall over the various aforesaid materials while utilizing the doorway/walkway area of the loading dock

10.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff then and there sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became

3

liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, ANTHONY C. LaMANTIA, demands judgment against the Defendant, CHICAGO TRIBUNE COMPANY, a Corporation, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

O'CONNOR & NAKOS, LTD.

By: _____
Attorneys for Plaintiff(s)

Telly C. Nakos
**O'CONNOR & NAKOS, LTD.**
120 North LaSalle Street
35th Floor
Chicago, IL  60602
312/546-8100

4

# AFFIDAVIT

I, TELLY C. NAKOS, being first duly sworn on oath, deposes and states that if I were called upon to testify, I would do so as follows:

1.       That I am an attorney at law licensed to practice in the State of Illinois.

2.       That I am an Partner with the law firm of O'CONNOR & NAKOS, LTD., attorneys of record for the Plaintiff, ANTHONY C. LaMANTIA.

3.       That based upon the information available to me at the present time, the total amount of money damages sought in this matter exceeds $50,000.00.

4.       That this Affidavit is submitted in compliance with Supreme Court Rule 222(b).

FURTHER, Affiant sayeth not.

_____
TELLY C. NAKOS

SUBSCRIBED AND SWORN TO
before me this _17th_ day
of _October_ 20_04_.

_____
Notary Public

OFFICIAL SEAL
TAMMI M. KASSALLO
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 11/4/2010

EXHIBIT H

# LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

550 West Adams Street, Suite 300
Chicago, IL  60661
Telephone: 312.345.1718
Fax: 312.345.1778
www.lbbslaw.com

**MICHAEL S. HAGGERTY**
DIRECT DIAL: 312.463.3353
Michael.Haggerty@LEWISBRISBOIS.COM

September 9, 2014

*Via Facsimile*
Telly C. Nakos
O'Connor & Nakos, Ltd.
120 N. LaSalle Street, 35th Floor
Chicago, IL 60602

Re:   Anthony C. LaMantia v. Chicago Tribune Company
Personal Injury Court No.:  Cook County - 09 L 12180
Bankruptcy Court No.: U.S. Bankruptcy Court for the District of Delaware, 08-13141
Date of Loss: November 2, 2007

Dear Mr. Nakos:

In follow-up to our conversation yesterday and my prior correspondence, we have still not received any medical bills related to the injuries and treatment alleged to be related to Mr. LaMantia's alleged fall; any additional documentation that the fall caused the alleged shoulder injury (the documentation we have indicates that the first medical appointment was seven weeks after the alleged fall and certain documents state that the fall occurred on December 1, 2007); and/or verification that we have received a complete set of medical records and documentation in support of Mr. Lamantia's Proof of Claim.  The documentation we have received has been insufficient to fully evaluate Mr. Lamantia's Proof of Claim for "medical treatment ongoing so final value undetermined, however greater than $500,000."  We have drafted and will be filing an Objection to the Proof of Claim in the U.S. Bankruptcy Court for the District of Delaware. Although we did receive some medical records from you in October, it was my understanding that you were in the process of obtaining additional documentation and/or bills.  Should you have additional documentation in your possession, please forward it to us and we can reevaluate our position at that time.  If not, we will move forward with filing the Objection, as the initial request for complete documentation was made over a year ago. Please contact me with any questions.

Sincerely,

*Michael S. Haggerty*

Michael S. Haggerty of
LEWIS BRISBOIS BISGAARD & SMITH LLP

ATLANTA • BEAUMONT • CHARLESTON • CHICAGO • FORT LAUDERDALE • HOUSTON • LAFAYETTE • LAS VEGAS • LOS ANGELES • NEW ORLEANS
NEW YORK • ORANGE COUNTY • PHOENIX • SACRAMENTO • SAN BERNARDINO • SAN DIEGO • SAN FRANCISCO • TAMPA • TUCSON

4829-4324-7390.1

September 17, 2014


Michael S. Haggerty
Lewis Brisbois Bisgaard & Smith LLP
550 West Adams Street, Suite 300
Chicago, Illinois  60661

Re:    **Anthony C. LaMantia v. Chicago Tribune Company**
       **Cook County Case 09 L 12180**
       **Bankruptcy Court No. - U.S. Bankruptcy Court for the**
       **District of Delaware 08-13141**
       **Date of Incident – November 2, 2007**

Dear Mr. Haggerty:

Enclosed please find copies of Mr. LaMantia's medical records and bills.

Very truly yours,

**O'CONNOR & NAKOS, LTD.**


Jean M. Ziak
Paralegal to Telly C. Nakos

TCN:jmz

Encls.

EXHIBIT I

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

|  |  |  |
|---|---|---|
| ANTHONY C. LaMANTIA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 L 12180 (A) |
| | ) | |
| CHICAGO TRIBUNE COMPANY, a | ) | |
| Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF FILING

**TO:**  Telly C. Nakos
O'Connor & Nakos, Ltd.
120 N. LaSalle Street, 35th Floor
Chicago, IL 60602

**PLEASE TAKEN NOTICE** that on November 20, 2009, we filed with the Clerk of the Circuit Court of Cook County at the Richard J. Daley Center, 50 W. Washington, Chicago, Illinois, *Appearance and Jury Demand*, a copy of which is attached hereto and herewith served upon you.

Scott C. Bentivenga
Michael S. Haggerty
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois  60661
P: (312) 345-1718
F: (312) 345-1778
Firm I.D. # 41737

### PROOF OF SERVICE BY MAIL

The undersigned, a non-attorney, under penalties of perjury as provided by law pursuant to Section 735 ILCS 5/1-109,  certifies that this Notice was served on counsel of record as listed above by depositing the same in the U.S. Mail with proper first-class postage prepaid this 20th day of November, 2009.

_____
SIGNATURE

4824-5108-7877.1

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

ANTHONY C. LaMANTIA,                    )
                                        )
                    Plaintiff,          )
                                        )
        v.                              )        No. 09 L 12180 (A)
                                        )
CHICAGO TRIBUNE COMPANY, a              )
Corporation,                            )
                                        )
                    Defendant.          )

### APPEARANCE AND JURY DEMAND**

The undersigned, as attorney, hereby enters the Appearance of Defendant:

### CHICAGO TRIBUNE COMPANY

in the above-captioned matter.

**\*\*Defendant Demands Trial by Jury.**

*Scott Bentivenga*

One of Defendant's Attorneys

| | |
|---|---|
| **Name:** | Scott C. Bentivenga |
| | Michael S. Haggerty |
| | **Lewis Brisbois Bisgaard & Smith LLP** |
| **Attorney for:** | Defendant |
| **Address:** | 550 West Adams Street, Suite 300 |
| **City/State/Zip:** | Chicago, Illinois 60661 |
| **Telephone:** | (312) 345-1718 |
| **Firm ID No.:** | 41737 |

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

*Scott Bentivenga*

One of Defendant's Attorneys

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY**

4821-5433-9845.1

# EXHIBIT J



## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ANTHONY C. LaMANTIA,                     )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )     No. 09 L 12180 (A)
                                          )
CHICAGO TRIBUNE COMPANY, a               )
Corporation,                             )
                                          )
            Defendant.                    )

### NOTICE OF MOTION

**TO:**    Telly C. Nakos
           O'Connor & Nakos, Ltd.
           120 N. LaSalle Street, 35th Floor
           Chicago, IL 60602

On ___12-3___, 2009 at ___10:00___ or as soon thereafter as counsel may be heard, we shall appear before the Honorable Judge Quinn, in the courtroom usually occupied by him/her in Room 2202 of the Richard J. Daley Center, Chicago, Illinois, and then and there present *Defendant's Motion for Bankruptcy Stay and for an Extension of Time to Answer or Otherwise Plead*, a copy of which is attached hereto and herewith served upon you.


Scott C. Bentivenga
Michael S. Haggerty
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois  60661
P: (312) 345-1718
F: (312) 345-1778
Firm I.D. # 41737


### PROOF OF SERVICE BY MAIL

The undersigned, a non-attorney, under penalties of perjury as provided by law pursuant to Section 735 ILCS 5/1-109, certifies that this Notice was served on counsel of record as listed above by depositing the same in the U.S. Mail with proper first-class postage prepaid this 20th day of November, 2009.

_____
SIGNATURE

4827-8650-1125.1



## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

ANTHONY C. LaMANTIA,                    )
                                        )
    Plaintiff,                          )
                                        )
    v.                                  )    No. 09 L 12180 (A)
                                        )
CHICAGO TRIBUNE COMPANY, a              )
Corporation,                            )
                                        )
    Defendant.                          )

### NOTICE OF MOTION

**TO:**    Telly C. Nakos
        O'Connor & Nakos, Ltd.
        120 N. LaSalle Street, 35th Floor
        Chicago, IL 60602

    On _12-3_, 2009 at _10:00_ or as soon thereafter as counsel may be heard, we shall appear before the Honorable Judge Quinn, in the courtroom usually occupied by him/her in Room 2202 of the Richard J. Daley Center, Chicago, Illinois, and then and there present *Defendant's Motion for Bankruptcy Stay and for an Extension of Time to Answer or Otherwise Plead*, a copy of which is attached hereto and herewith served upon you.

Scott C. Bentivenga
Michael S. Haggerty
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
P: (312) 345-1718
F: (312) 345-1778
Firm I.D. # 41737

### PROOF OF SERVICE BY MAIL

    The undersigned, a non-attorney, under penalties of perjury as provided by law pursuant to Section 735 ILCS 5/1-109, certifies that this Notice was served on counsel of record as listed above by depositing the same in the U.S. Mail with proper first-class postage prepaid this 20th day of November, 2009.

                         SIGNATURE

4827-8650-1125.1

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ANTHONY C. LaMANTIA,       )
                            )
        Plaintiff,            )
                            )
      v.                  )      No. 09 L 12180 (A)
                            )
CHICAGO TRIBUNE COMPANY, a    )
Corporation,              )
                            )
        Defendant.       )

### MOTION FOR BANKRUPTCY STAY AND FOR AN EXTENSION
### OF TIME TO ANSWER OR OTHERWISE PLEAD

Defendant, Chicago Tribune Company, by its attorneys, Lewis Brisbois Bisgaard & Smith LLP, moves this Court to place this case on the Bankruptcy Stay Calendar and for an extension of time to answer or otherwise plead to plaintiff's Complaint at Law until after the bankruptcy stay is lifted. In support, defendant states as follows.

1.      On December 8, 2008, defendant, Chicago Tribune Company, filed Voluntary Petitions for Relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101-1330, as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware, Case Number 08-13141-KJC. As a result of the filing, any further action against the Chicago Tribune Company is stayed pursuant to § 362(a) of the Bankruptcy Code. Please see the attached Suggestion of Bankruptcy and Notice of Operation of Automatic Stay.

2.      Given the automatic bankruptcy stay that applies to this case, defendant requests that this matter be placed on the Bankruptcy Stay Calendar of this Court, and requests an extension of time to answer or otherwise plead to plaintiff's Complaint at Law until 30 days after this matter is taken off of the Bankruptcy Stay Calendar of this Court.

3.      Defense counsel, Scott C. Bentivenga of Lewis Brisbois Bisgaard & Smith LLP, and plaintiff's counsel, Telly C. Nakos of O'Connor & Nakos, Ltd., had a telephone discussion on

4841-3424-7941.1

November 20, 2009 wherein Mr. Nakos advised that plaintiff has no objection to defendant's motion. Mr. Nakos further advised that plaintiff appropriately petitioned the Bankruptcy Court for temporary relief from the stay to file plaintiff's Complaint within the Statute of Limitations. Plaintiff planned to ask this Court to place this case on the Bankruptcy Stay Calendar at the initial case management conference. The parties agree that plaintiff has not required anything of defendant that would violate the Automatic Bankruptcy Stay.

WHEREFORE, defendant, Chicago Tribune Company, prays that this Honorable Court transfer this matter to the bankruptcy stay calendar and grant defendant an extension of time to answer or otherwise plead to plaintiff's Complaint at Law until 30 days after this matter is removed from the bankruptcy stay calendar of this Court. Defendant requests any further relief this Court deems appropriate.

Respectfully submitted,

_Scott Bentivenga_

One of Defendant's Attorneys

Scott C. Bentivenga
Michael S. Haggerty
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
(312) 345-1718
Firm ID No. 41737

4812-5512-1413.1                                        -2-

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| ANTHONY C. LaMANTIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 L 12180 (A) |
| | ) | |
| CHICAGO TRIBUNE COMPANY, a | ) | |
| Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## SUGGESTION OF BANKRUPTCY AND
## NOTICE OF OPERATION OF AUTOMATIC STAY

Defendant, Chicago Tribune Company, by its attorneys, Lewis Brisbois Bisgaard & Smith LLP, presents the following suggestion of bankruptcy and notice of operation of automatic stay:

Please be advised that on December 8, 2008, defendant, Chicago Tribune Company, filed Voluntary Petitions for Relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101-1330, as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware ("The Bankruptcy Court"), Case Number 08-13141-KJC.  As a result of the filing, any further action against the Chicago Tribune Company is stayed pursuant to § 362(a) of the Bankruptcy Code.

Please be further advised that any further action taken against Chicago Tribune Company or their property without first obtaining relief from the Automatic Stay from the Bankruptcy Court may subject the entity taking such further action to findings of contempt and the assessment and the assessment by the Bankruptcy Court of penalties, fines and/or sanctions, as may be appropriate.

Respectfully submitted,

Scott Bentivenga

One of Defendant's Attorneys

Scott C. Bentivenga
Michael S. Haggerty
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
(312) 345-1718
Firm ID No. 41737

4834-8694-9893.1

EXHIBIT K

Order to Special Stay Calendar                                                    (Rev. 3/18/03) CCL 0527

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT-LAW DIVISION

Anthony LiMantia

v.                                              No. _07 L 13180_

Chicago Tribune Company

## ORDER TO SPECIAL STAY CALENDAR

The Court determining that this cause should be placed on an appropriate Law Division Stay Calendar, due notice given, IT IS HEREBY ORDERED:

This matter is placed on the following Law Division Stay Calendar:

❑ **Appellate Calendar**            ☑ **Bankruptcy Calendar**
4854                                4853

❑ **Insurance /Stay Calendar**      ❑ **Military Calendar**
4852                                4851

❑ **Other:** _____        30 days
( )

✓ Defendant shall not be obligated to file a responsive pleading until & aft

All motions to remove a case from a Stay Calendar must be brought in Courtroom 2005 irrespective of the judge who originally transferred the case to the Stay Calendar. The Presiding Judge or a judge sitting in his/her stead in Courtroom 2005 upon removing a case from a Stay Calendar must then have the case renumbered pursuant to Circuit Court General Order 6.2(c).

the stay is removed.

Atty. No.: _4777_

Name: _Levy Baldante Fingold Smith_          ~~JUDGE DANIEL J. LYNCH~~ Judge's Stamp

Atty. for: _Defendant_                        DEC 03 2009

Address: _55 W. Adams #300_          ENTERED:

City/State/Zip: _Chicago IL 60661_            Circuit Court - 1769

Telephone: _(___) 345-1718_

Judge                        Judge's No.

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

EXHIBIT L

Order to Special Stay Calendar                                    (Rev. 3/18/03) CCL 0527

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT-LAW DIVISION

ANTHONY LAMANTIA                    )
                                    )
                                    )
                                    )
               v.                   )        No. 09 L 12180
                                    )
                                    )
CHICAGO TRIBUNE CO                  )
                                    )

## ORDER TO SPECIAL STAY CALENDAR

The Court determining that this cause should remain on the appropriate Law Division Stay Calendar, due notice given, IT IS HEREBY ORDERED:

This matter shall remain on the following Law Division Stay Calendar:

[ ] Appellate Calendar                    [✓] Bankruptcy Calendar
4854                                       4853

[ ] Insurance /Stay Calendar              [ ] Military Calendar
4852                                       4851

[ ] Other: _____
(        )

All motions to remove a case from a Stay Calendar must be brought in Courtroom 2005 irrespective of the judge who originally transferred the case to the Stay Calendar. The Presiding Judge or a judge sitting in his/her stead in Courtroom 2005 upon removing a case from a Stay Calendar, must then have the case renumbered pursuant to Circuit Court General Order 6.2(c).

Atty. No.: 46005
Name: O'CONNOR & NAKOS              ENTERED:
Atty. for: PLAINTIFF
Address: 120 N LASALLE
City/State/Zip: CHICAGO IL 60602
Telephone: 312-546-8100             Judge              Judge's No.

ENTERED
JUDGE MARCIA MARAS · 1781
NOV 15 2011
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT-LAW DIVISION

ANTHONY LAMANTIA                      (
                                      (
                                      (
                                      (
                    v.                (        No. _____09L 12180_____
                                      (                    line # 180
CHICAGO TRIBUNE CO.                   (
                                      (
                                      (

### ORDER TO SPECIAL STAY CALENDAR

The Court determining that this cause should remain on the appropriate Law Division Stay Calendar, due notice given, IT IS HEREBY ORDERED:

This matter shall remain on the following Law Division Stay Calendar:

[ ] Appellate Calendar                    [✓] Bankruptcy Calendar
4854                                       4853

[ ] Insurance /Stay Calendar              [ ] Military Calendar
4852                                       4851

[ ] Other: _____
(          )

> ENTERED
> JUDGE MARCIA MARAS - 1781
> OF COOK COUNTY
> NOV 12 2013
> DOROTHY BROWN
> CLERK OF THE CIRCUIT COURT
> OF COOK COUNTY, IL
> DEPUTY CLERK

All motions to remove a case from a Stay Calendar must be brought in Courtroom 2005 irrespective of the judge who originally transferred the case to the Stay Calendar. The Presiding Judge or a judge sitting in his/her stead in Courtroom 2005 upon removing a case from a Stay Calendar, must then have the case renumbered pursuant to Circuit Court General Order 6.2(c).

Atty. No.: 46085
Name: O'CONNOR + NAKOS                     ENTERED:
Atty. for: Π
Address: 120 N, LASALLE, 36th FL
City/State/Zip: CHICAGO IL 60602
Telephone: 312 - 546- 8100               _____
                                         Judge                    Judge's No.

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

EXHIBIT M

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | (8/01/08) CCG N001 |

COPY

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____LAW_____ DIVISION

No. _____

ANTHONY C. LaMANTIA
_____
                        (Name all parties)

v.

CHICAGO TRIBUNE COMPANY, a Corporation
_____

PLEASE SERVE THE DEFENDANT,
CHICAGO TRIBUNE COMPANY,
c/o CRANE H. KENNEY, registered
agent, 435 North Michigan Avenue,
Suite 600, Chicago, Illinois 60611

## SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

[✓] Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

[ ] **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

[ ] **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

[ ] **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

[ ] **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

[ ] **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

[ ] **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 46085

Name: O'CONNOR & NAKOS

Atty. for: PLAINTIFF

Address: 120 NORTH LaSALLE STREET, 35TH FLOOR

City/State/Zip: CHICAGO, ILLINOIS  60602

Telephone: (312) 546-8100

WITNESS, _____ OCT 1 4 2009

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
                                        (Area Code)   (Facsimile Telephone Number)

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

EXHIBIT N

11:36:54          CASE DOCKET---TCDW

Connected Cas

*** YOU MUST ENTER CASE NUMBER; TO INQUIRE PRESS ENTER ***

Case Motions

Court Reporter

CASE #  08    WC  002674                    HEARING LOCATION

EMPLOYEE    LAMANTIA, ANTHONY          LAKE COUNTY COURTHOUSE

EMPLOYER    CHICAGO SUN-TIMES          18 N COUNTY, JURY ASSEMBLY RM

SETTING     WAUKEGAN                   WAUKEGAN         IL  60085

ARBITRATOR  FRATIANNI, JOANN           ACCIDENT DATE 11/02/07

COMMISSIONER N. A.                     CASE FILED 01/18/08

BODY PART   ARM(S) & SHOULDER(S LEFT

      EMPLOYEE ATTORNEY              EMPLOYER ATTORNEY

    ANESI OZMON RODIN NOVAK KOHEN    GAROFALO SCHREIBER STORM

    161 N CLARK ST                   55 W WACKER DR

    21ST FLOOR                       10TH FLOOR

    CHICAGO        IL  60601         CHICAGO         IL   60601

         STATUS   SETTLEMENT CONTRACT APPROVED

SETTLEMENT DATE    07/01/09

FOR INFORMATION ON SETTLEMENTS/AWARDS,  CLICK WHITE BUTTON "MORE INFO."

QUESTIONS? CONTACT US AT 866/352-3033  OR INFOQUESTIONS.WCC@ILLINOIS.GOV.

```
11:36:40          CASE DOCKET---IC3W      PAGE 001         [ RETURN ]
```

CASE # `08`  WC `002674`  PET NAME LAMANTIA, ANTHONY          STATUS SC APPROVED

```
------------------ AWARDS/DECISIONS/ORDERS/SETTLEMENTS ------------------
```

I.D. SB NAME:              TYPE SETT            DATE ENTERED 09 - 02 - 09

OPT    DOCUMENT DATE 07 - 01 - 2009 A/C 171  FRATIANNI, JOANN

OPEN MED N     OPEN DIS N    OPEN MED UP TO 00 - 00 - 00 NO. 000 YM

| ? | TYPE | AMOUNT (RATE) | WEEKS | PART BODY | RE- % LOSS HAB | PART OF BODY/TYPE DESCRIPTION |
|---|------|---------------|-------|-----------|----------------|-------------------------------|
|   | 5R   |               |       | 00000     |                | SUBROGATION RIGHTS RETAINED   |
|   | 8AMA |               |       | 00000     |                | RESP TO PAY RELATED MEDICAL BILLS |
|   | 8BP  | 710.67        | 16.71 | 00000     |                | TTD PAID PRIOR TO CONTRACT    |
|   | 8E   |               |       | 31910     | 25.000         | ARM(S)              LEFT      |
|   |      |               |       |           |                | SPECIFIC LOSS                 |
|   | 9    | 40236.49      |       | 00000     |                | SETTLEMENT CONTRACT           |

NO MORE DOCUMENTS.

EXHIBIT O

**PROPOSED ORDER**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE MEDIA COMPANY, et al., | ) | Case No. 08-13141 (KJC) |
| (f/k/a Tribune Company) | ) | |
| | ) | Jointly Administered |
| Reorganized Debtors. | ) | |
| | ) | |

## ORDER STRIKING REORGANIZED DEBTORS' OBJECTION TO CLAIM NO. 3031 OF ANTHONY LAMANTIA PURSUANT TO SECTIONS 502(b) AND 558 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3001, 3003, AND 3007

Upon consideration of the Reorganized Debtors' Objection to Claim No. 3031 of Anthony LaMantia; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and §1334; and due and adequate notice of this Objection having been given under the circumstances; and sufficient cause appearing therefor; it is hereby

ORDERED, that the Objection is hereby overruled; and it is further

ORDERED, that the Objection is quashed, and the LaMantia claim, being Claim No. 3031, hereby remains in full force and effect on the Claims Register; and it is further

ORDERED, that this Court shall retain jurisdiction over all affected parties with respect to the LaMantia Claim (Claim No. 3031), claims or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
_____, 2015

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge