# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE MEDIA COMPANY, et al.,[1]<br>(f/k/a Tribune Company)<br><br>                      Reorganized Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>(Jointly Administered)<br><br>**Hearing Date: September 8, 2015 at 11:00 a.m. (ET)**<br>**Obj. Deadline: July 23, 2015 at 4:00 p.m. (ET)** |

## LITIGATION TRUSTEE'S MOTION FOR AN ORDER FURTHER EXTENDING THE DEADLINE TO OBJECT TO CLAIMS

Marc S. Kirschner, Litigation Trustee (the "Litigation Trustee") for the Tribune Litigation Trust (the "Litigation Trust"), by and through his undersigned counsel, hereby submits this Motion (the "Motion") for the entry of an order, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and section 8.1 of the Plan (as defined below), further extending the deadline established under the Plan for the Litigation Trust to object to Claims.[2] In support of this Motion, the Litigation Trustee respectfully represents as follows:

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); California Community News, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); foresalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Content Agency, LLC, LLC (2931); Tribune Content Agency London, LLC (6079); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

{963.001-W0037392.}

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.[3]

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket Nos. 43, 2333].

3. On July 23, 2012, the Court entered an order [Docket No. 12074] (the "Confirmation Order") confirming the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 12072] (the "Plan").

4. The Effective Date of the Plan occurred on December 31, 2012.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, which jurisdiction was retained pursuant to Article IX of the Confirmation Order and Section 12.1 of the Plan. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9006.

6. Section 8.1 of the Plan provides that "[u]nless otherwise ordered by the Bankruptcy Court, the Reorganized Debtors and/or the Litigation Trustee shall serve and file any objections to Claims and Interests as soon as practicable, but in no event later than (a) two hundred ten (210) days after the Effective Date or (b) such later date as may be determined by

---

[3] An additional debtor, Tribune CNLBC, LLC, formerly known as Chicago National League Ball Club, LLC, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.

the Bankruptcy Court upon a motion which may be made without further notice or hearing." Plan § 8.1.

7. On February 24, 2014, the Court entered a first *Order Extending the Litigation Trustee's Deadline to Object to Claims* [Docket No. 13849] (the "First Extension Order"). Pursuant to the First Extension Order, the period within which the Litigation Trustee may object to Claims was extended through July 31, 2014 without prejudice to the Litigation Trustee's right to seek a further extension. On August 26, 2014, the Court entered a second *Order Extending the Litigation Trustee's Deadline to Object to Claims* [Docket No. 13957] (the "Second Extension Order"). Pursuant to the Second Extension Order, the period within which the Litigation Trustee may object to Claims was further extended through January 30, 2015 without prejudice to the Litigation Trustee's right to seek a further extension of the Objection Deadline. On February 26, 2015, the Court entered a third *Order Extending the Litigation Trustee's Deadline to Object to Claims* [Docket No. 14056] (the "Third Extension Order"). Pursuant to the Third Extension Order, the period within which the Litigation Trustee may object to Claims (the "Objection Deadline") was further extended through July 31, 2015 (the "Current Claims Objection Deadline") without prejudice to the Litigation Trustee's right to seek a further extension of the Objection Deadline.

**RELIEF REQUESTED**

8. By this Motion, the Litigation Trustee joins the motion by the Reorganized Debtors, filed on July 7, 2015 [D.I. 14124] (the "Debtor Motion"), in requesting that the Court enter an order further extending the Current Claims Objection Deadline for the Reorganized Debtors and the Litigation Trustee by approximately six (6) months, through and including December 31, 2015. The Litigation Trustee further requests that the extension proposed herein

be without prejudice to the Litigation Trustee's rights to seek further extensions of the Objection Deadline beyond December 31, 2015.

## BASIS FOR RELIEF REQUESTED

9. As set forth above, Section 8.1 of the Plan provides that the Current Claims Objection Deadline may be extended by order of this Court.

10. Additionally, section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Bankruptcy Rule 9006(b)(1) further provides, in pertinent part, that:

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b)(1).[4] As discussed below, good and sufficient cause exists to extend the Current Claims Objection Deadline.

11. Pursuant to the Plan,

> [t]o the extent that any Person has either (i) an Allowed Other Parent Claim against Tribune, (ii) an Allowed General Unsecured Claim against any of the Filed Subsidiary Debtors or (iii) a valid and enforceable claim against any other direct or indirect subsidiary of the Debtors, in each case for (a) indemnification, reimbursement, contribution or claims pursuant to Bankruptcy Code section 502(h), and (b) arising from or relating to the assertion of any claim or cause of action by the Litigation Trust or the Litigation Trustee against such Person or any of its Related Persons, such Allowed Claim shall be setoff against any recovery by the Litigation Trust against such Person.

---

[4] Pursuant to Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the filing of this Motion prior to the expiration of the Current Claims Objection Deadline shall automatically extend such deadline until the Court acts on this Motion without the necessity for the entry of a bridge order.

{963.001-W0037392.}  4

Plan § 7.11.2. Section 7.11.2 also expressly authorizes the Litigation Trustee to object to any such indemnification, reimbursement, contribution, or Bankruptcy Code section 502(h) claims ("Setoff Claims").

12. The Litigation Trustee, as successor in interest to the Official Committee of Unsecured Creditors of Tribune Company (the "Committee"), has objected to certain creditor claims, including the avoidance of Debtor indemnification obligations pursuant to Bankruptcy Code sections 547, 548, and 550. *See, e.g.* Fifth Amended Complaint, *Kirschner v. FitzSimons*, No. 12-cv-2652 (S.D.N.Y. Nov. 8, 2012) [Docket No. 2701] at ¶¶ 599-604, 625-634, 649-653. Objections to claims raised in an adversary proceeding are proper. *See, e.g. In re Sims*, 278 B.R. 457, 467 (Bankr. E.D. Tenn. 2002) ("The fact that the objections were raised in the context of an adversary proceeding rather than as a contested matter does not render the objections invalid.") (citing Fed. R. Bankr. P. 3007). Additionally, several additional actions now belonging to the Litigation Trust were consolidated with and transferred to the multidistrict litigation currently pending in the Southern District of New York. *See* Conditional MDL Transfer Oder, No. 11-md-2296 (S.D.N.Y. May 21, 2013) [Docket No. 2532]; Transfer Order, 11-md-2296 (S.D.N.Y. Aug. 3, 2012) [Docket No. 1015]. The Litigation Trustee has filed amended claims in most of these actions, asserting the avoidance of indemnification claims pursuant to sections 548 and 550 of the Bankruptcy Code. *See, e.g. Kirschner v. Ehlmann*, No. 13-cv-03743 (S.D.N.Y. Dec. 5, 2013) [Docket No. 14].

13. All consolidated Litigation Trustee actions, and the defendants' time to answer or otherwise respond to the complaints, are currently stayed pending the resolution of motions to dismiss certain claims of the Litigation Trustee, including the aforementioned indemnification avoidance claims. *See* Master Case Order No. 4, 11-md-2296 (S.D.N.Y. Nov. 20, 2013) [Docket

No. 2865] at VI, VIII; Motions to Dismiss Nos. 6-7, 11-md-2296 (S.D.N.Y. May 23, 2014) [Docket Nos. 4540, 4543]. These motions are fully briefed and pending disposition. To the extent any defendants in the Trustee actions have asserted Setoff Claims against the Debtors or attempt to assert Setoff Claims against the Litigation Trust upon answering or otherwise moving to dismiss, the Litigation Trustee intends to object to such claims.[5] The Litigation Trustee therefore submits that extending the Current Claims Objection Deadline is essential and in the best interests of the Litigation Trust, so that the Litigation Trustee has sufficient time to finalize its current objections and raise any necessary new objections, either within the context of its pending adversary actions or as ordinary claim objections.

14. For the foregoing reasons, and for the additional reasons enumerated in the Debtor Motion, the Litigation Trustee joins the Reorganized Debtors' request that the Court enter an order extending the Current Claims Objection Deadline through and including December 31, 2015, without prejudice to the Litigation Trustee's rights to seek further extensions of such deadline.

## NOTICE

15. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the D&O Defendants (as defined in ¶ 48 of the Fifth Amended Complaint, *Kirschner v. FitzSimons*, No. 12-cv-2652 (S.D.N.Y. Nov. 8, 2012) [Docket No. 2701]); (iii) the insider defendants (identified in the actions transferred in Conditional MDL Transfer Oder, 12-md-2296 (S.D.N.Y. May 21, 2013) [Docket No. 2532]); and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, as well as the relief requested in the Debtor Motion, the Litigation Trustee submits that no other or further notice is necessary.

---

[5] For the avoidance of doubt, the Litigation Trustee disputes that any new Setoff Claims can be asserted at this time.

WHEREFORE the Litigation Trustee respectfully requests the entry of an order (i) extending the Claims Objection Deadline through and including July 31, 2015, without prejudice to the Litigation Trustee's rights to seek further extensions of such deadline, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: July 9, 2015
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____
Richard S. Cobb (No. 3157)
James S. Green Jr. (No. 4406)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: cobb@lrclaw.com
       green@lrclaw.com

-and-

**AKIN GUMP STRAUSS HAUER & FELD LLP**
David M. Zensky
Mitchell Hurley
Deborah J. Newman
One Bryant Park
New York, NY 10036
(212) 872-1000
Email: dzensky@akingump.com
     mhurley@akingrump.com
     djnewman@akingump.com

*Counsel to the Litigation Trustee*