## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY, et al.[1]<br>(f/k/a Tribune Company), | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |
| | **Hearing Date: October 14, 2015 at 1:00 p.m. (ET)**<br>**Response Deadline: October 7, 2015 at 4:00 p.m. (ET)** |

### REORGANIZED DEBTORS' OBJECTION TO CLAIM NO. 5664 OF BARBARA ROESSNER PURSUANT TO SECTIONS 502(b) AND 558 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3001 AND 3007

The reorganized debtors in the above-captioned chapter 11 cases (collectively, the "Reorganized Debtors"), by and through their undersigned counsel, hereby file this objection (the "Objection") to proof of claim number 5664 (the "Roessner Claim") submitted by Barbara Roessner. A copy of the Roessner Claim is attached hereto as Exhibit A. This Objection is submitted pursuant to sections 502(b) and 558 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). By this Objection, the Reorganized Debtors request entry of an order disallowing in full and expunging the Roessner Claim on the grounds that the claim is time-barred as a matter of applicable non-bankruptcy law. The underlying ERISA litigation on which the Roessner Claim is premised was dismissed by the United States District Court for the District of Connecticut (the "Connecticut District Court") in January 2009 and Ms. Roessner took no steps to restore that matter within the time period specified by the Connecticut District Court's

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); Chicago Tribune Company, LLC (3437); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); KTLA, LLC (3404); KWGN, LLC (5347); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); Tribune CNLBC, LLC (0347); Tribune Content Agency, LLC (2931); Tribune Media Services, LLC (1080); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

order against any of the defendants, including against the non-Debtor defendants from whom she sought damages for denial of benefits.  The deadline imposed by the Connecticut District Court to revive the litigation has expired and the applicable limitations periods have run.  Because Ms. Roessner no longer has a viable cause of action under applicable non-bankruptcy law, she cannot obtain relief in this Court on account of the Roessner Claim.[2]  In support of the Objection, the Reorganized Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1.        On December 8, 2008 (the "Petition Date"), Tribune Company (n/k/a Tribune Media Company) ("Tribune") and certain of its affiliates (collectively, the "Debtors"),[3] each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

2.        On July 23, 2012, the Court entered the Order Confirming Fourth Amended Joint Plan of Reorganization (the "Plan") for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (Docket No. 12074) (the "Confirmation Order").[4]  The Effective Date of the Plan occurred on December 31, 2012.[5]

---

[2] The Reorganized Debtors also dispute that Ms. Roessner has a viable claim on the merits.  The Reorganized Debtors expressly reserve all of their rights to raise and assert any applicable defenses on the merits of the Roessner Claim should further proceedings on the Roessner Claim be required.

[3] As used herein, the term "Debtors" refers to the entities that filed the above-captioned chapter 11 cases and the term "Reorganized Debtors" refers to the entities that became successors to the Debtors upon the Debtors' emergence from their chapter 11 cases.

[4] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

[5] The Plan provides that one or more Debtors may undertake Restructuring Transactions on, prior to, or after the Effective Date, which may include, without limitation, mergers, consolidations, conversions, joint ventures, restructurings, recapitalizations, dispositions, liquidations or dissolutions.  See Plan § 5.2, Ex. 5.2 and Docket No.

2

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001 and 3007.

## FACTUAL BACKGROUND CONCERNING THE
## CONNECTICUT ACTION AND THE ROESSNER CLAIM

### A.      Procedural History of the Connecticut Action

4.      The Roessner Claim is based on a Complaint dated September 25, 2007 (the "Complaint"), that Ms. Roessner filed against the Tribune-sponsored employee benefit plan known as the "Employee Term Life, Optional Term Life, Optional Accidental Death and Dismemberment, Dependents Term Life, and Personal Accident Coverage for All Employees other than those who are classified by the Contract Holder as Baltimore Sun #582, Baltimore Sun #31, Baltimore Sun #12, Baltimore Sun Guild, Baltimore Sun Mailer #88, WGN-TV Op Engineers/AFTRA, Chicago Tribune Press Machinists, WGN-TV and Radio IBEW and WLVI-TV Employees who are covered by a collective bargaining agreement between the Employer and a union of Tribune Company" (the "Benefit Plan"), Prudential Insurance Company of America ("Prudential"), Tribune, and The Hartford Courant Company (n/k/a The Hartford Courant Company, LLC) (the "Courant"). The Complaint was filed in the Connecticut District Court commencing Case No. 07-1434 (JBA) (the "Connecticut Action"). A copy of the Complaint, as purportedly amended, was attached to the Roessner Claim.[6] See Ex. A. at 7-16. A copy of the

---

12732. A notice with information respecting each Debtor's post-emergence entity following the consummation of the Restructuring Transactions was filed with the Bankruptcy Court on November 16, 2012 (Docket No. 12732).

[6] As described below, the Connecticut Action was dismissed in January 2009. The purported amendment to the Complaint dated June 5, 2009 that is attached to the Roessner Claim was not filed in the Connecticut District Court.

3

Connecticut District Court's electronic docket maintained in the Connecticut Action is attached hereto as Exhibit B.[7]

5.     On February 11, 2008, the defendants filed their Answers and Affirmative Defenses to the Complaint and thereafter the parties participated in discovery. See Ex. B at 5 (reflecting that the defendants' Answer was filed at ECF No. 23). On April 28, 2008, the Connecticut District Court entered an order scheduling the filing of cross-motions for summary judgment and referring the matter to a magistrate judge for the purpose of conducting a settlement conference. See Ex. B at 6 (Order, ECF Nos. 31, 32). Approximately two weeks later, prior to when summary judgment motions were due to be filed, Ms. Roessner filed a motion to amend the Complaint along with a proposed amended Complaint.[8] See Ex. B at 6-7 (ECF Nos. 34-35). The Connecticut District Court granted Ms. Roessner's motion to amend the Complaint over the defendants' objection on December 11, 2008, following the Petition Date. See Ex. B. at 8 (Order, ECF No. 46). A copy of the Connecticut District Court's decision is attached to the Roessner Claim. See Ex. A at 2-6. Ms. Roessner never actually filed the amended Complaint with the Connecticut District Court.

6.     The Complaint, as purportedly amended, asserts that Ms. Roessner was entitled to receive certain supplemental life insurance benefits from the Benefit Plan upon the death of her husband, Craig Baggott, who was an employee of the Courant. See Ex. A, Am. Compl. at 3-5. Prudential, as Claims Administrator for the Benefit Plan, denied Ms. Roessner's

---

[7] Copies of any of the pleadings and other records filed in the Connecticut Action that are referenced in this Objection but not attached as exhibits will be provided to the Court at the Court's request.

[8] For the reasons stated herein, the Roessner Claim should be disallowed regardless of whether Ms. Roessner relies on the original Complaint or the purported amended Complaint. However, the Reorganized Debtors reserve the right to argue that because the Connecticut District Court's order granting Ms. Roessner leave to amend the Complaint was entered while the automatic stay was in effect, the original Complaint remained the operative Complaint as of the date the Connecticut Action was dismissed, to the extent of any discrepancy between the Complaint and the purported amended Complaint; specifically, the addition of Count 2 against Tribune.

benefits claim by letter dated April 12, 2007, on the grounds that Mr. Baggott had cancelled his supplemental life insurance coverage under the Benefit Plan and ceased paying premiums prior to his death. Id. at ¶¶ 13-17.  The Complaint asserts two counts under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"), as follows: (1) a count against Prudential for denial of benefits under the Benefit Plan, seeking payment of $243,000 in supplemental life insurance proceeds (relying on 29 U.S.C. § 1132(a)(1)(B)); and (2) a count against Tribune for breach of fiduciary duty, seeking equitable relief in the form of retroactive reinstatement of Mr. Baggott's supplemental life insurance benefits, acceptance of unpaid premiums, and reformation of Benefit Plan documents (relying on 29 U.S.C. § 1132(a)(3)).  See Ex. A, Am. Compl. at 5-9.  No relief is requested from the Courant.  See generally Ex. A, Am. Compl.

7.       On December 16, 2008, Tribune and the Courant filed a Notice of Commencement of Bankruptcy in the Connecticut Action, pursuant to which they informed the Connecticut District Court and the other parties to the Connecticut Action of the commencement of the Debtors' chapter 11 cases and the automatic stay applicable to the Debtors.  See Ex. B at 8 (Notice, ECF No. 48).  On January 14, 2009, the Connecticut District Court entered an Order of Dismissal (the "Dismissal Order"), pursuant to which the Connecticut Action was dismissed with consent of the parties.  See Ex. B at 50 (Order, ECF No. 50).  A copy of the Dismissal Order is attached hereto as Exhibit C.  The Dismissal Order states, in relevant part, that:

> Inasmuch as there is no definitive date on which the Bankruptcy Court may issue an order lifting the automatic stay entered in this case, this case being administratively closed with consent, and any party may, on motion, have the matter restored to the active docket if such motion is brought within 45 days of the termination of the automatic stay ordered by the Bankruptcy Court.

See Ex. C.  No further proceedings have occurred in the Connecticut Action since the entry of

the Dismissal Order.  See Ex. B at 8.

**B.    The Roessner Claim**

8.    The Roessner Claim was filed on June 4, 2009 and recorded as Claim No.

5664 on the official claims register (the "Claims Register") maintained by Epiq Bankruptcy

Solutions, LLC, the agent retained by the Debtors and Reorganized Debtors to assist with claims

processing in these chapter 11 cases (the "Claims Agent").

9.    The Roessner Claim states as its basis, "Breach of fiduciary duty re

processing life insurance coverage" and states that it seeks "No specified amount; equitable

relief" against the Debtors.  See Ex. A at 1.  Copies of the Complaint, as purportedly amended

but never filed, and the Connecticut District Court's order granting Ms. Roessner leave to amend

the Complaint are attached to the Roessner Claim.  Id. at 2-10.

**C.    Subsequent Procedural History**

10.    Both the Plan and the Confirmation Order specified that the automatic stay

was to remain in effect as to the Debtors until the Effective Date of the Plan, at which time it was

terminated.  See Plan § 11.7 (providing that "[a]ll injunctions and stays provided for in the

Chapter 11 Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, and in

existence on the Confirmation Date, shall remain in full force and effect until the Effective

Date"); Confirmation Order at 43 (Article IX.C) (providing that "[a]ll injunctions and stays in

effect", including the automatic stay, "shall remain in full force and effect until the Effective

Date of the [Plan] and thereafter shall be annulled").  Ms. Roessner, through her counsel,

received a copy of the Plan and related materials in connection with the solicitation of votes to

accept or reject the Plan from holders of claims against the Debtors.  See Affidavit of

Solicitation, Docket No. 11594 at Ex. 31, p. 18.

11.    On December 31, 2012, the Effective Date occurred and the Debtors

emerged from their chapter 11 cases.  See Notice of Effective Date, Docket No. 12939.  As

specified in the Confirmation Order, the Notice of Effective Date was served on all parties that

received notice of the Confirmation Hearing.  As evidenced by the affidavit of service filed with

the Bankruptcy Court on January 7, 2013, an extract of which is attached hereto, in relevant part,

as Exhibit D, notice of the Effective Date was served on Ms. Roessner directly and through her

counsel on January 4, 2013.  See Ex. D, Affidavit of Mailing, Docket No. 12980 at Ex. B, pp.

253, 2821 (showing that five (5) copies of the Notice of Effective Date were served on counsel to

Ms. Roessner at the address listed on the Roessner Claim and the Complaint and one (1) copy

was served on Ms. Roessner directly).  The Plan, Confirmation Order, and the Notice of

Effective Date (and all other documents filed in the Debtors' chapter 11 cases) were also made

available to the public free of charge on the Debtors' website, which is available at

http://chapter11.epiqsystems.com/tribune and http://dm.epiq11.com/trb/project.  See

Confirmation Order at 44 (directing the Debtors to make the Confirmation Order and Notice of

Effective Date available online); Notice of Effective Date at ¶ 7 (directing parties to the Debtors'

website to obtain copies of the Plan and Confirmation Order).

12.    Ms. Roessner has taken no action to advance the Roessner Claim in the six

years since it was filed.  Ms. Roessner also did not pursue the Connecticut Action, including

against the defendants that were not subject to the automatic stay, since the entry of the

Dismissal Order nearly six and a half years ago. Finally, Ms. Roessner did not seek to have the

Connecticut Action reinstated following the termination of the automatic stay more than two and

a half years ago, notwithstanding the 45-day deadline imposed by the Connecticut District Court

for her to do so.

7

## RELIEF REQUESTED

13.    By this Objection, the Reorganized Debtors seek entry of an order,

substantially in the form attached hereto, (i) disallowing and expunging the Roessner Claim

pursuant to sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001 and

3007, and (ii) authorizing the Claims Agent to expunge the Roessner Claim from the Claims

Register so that the Claims Register accurately reflects the claims legitimately asserted and

outstanding against the Debtors.

## BASIS FOR OBJECTION

14.    A "claim" in bankruptcy is a "right to payment" or a "right to an equitable

remedy for breach of performance if such breach gives rise to a right to payment." 11 U.S.C.

§ 101(5). Section 502(b)(1) of the Bankruptcy Code provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a
> hearing, shall determine the amount of such claim in lawful
> currency of the United States as of the date of the filing of the
> petition, and shall allow such claim in such amount, except to the
> extent that—
>
> > (1)    such claim is unenforceable against the debtor and
> > property of the debtor, under any agreement or applicable
> > law for a reason other than because such claim is
> > contingent or unmatured . . . .

11 U.S.C. § 502(b)(1). Section 502(b)(1) recognizes the settled principle that "[c]reditors'

entitlements in bankruptcy arise in the first instance from the underlying substantive law creating

the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy

Code." Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450-51 (2007)

(citing Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20 (2000)). A claim against the bankruptcy

estate, therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be

enforceable against the debtor outside of bankruptcy." In re Combustion Eng'g, Inc., 391 F.3d

8

190, 245 (3d Cir. 2004). In proceedings to determine whether a claim is enforceable against the estate, "[t]he estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses" pursuant to section 558 of the Bankruptcy Code. See 11 U.S.C. § 558.

15.    Here, the Roessner Claim should be disallowed and expunged because the underlying cause of action is time-barred as a matter of court order, statute, and contract. Ms. Roessner has no underlying nonbankruptcy rights to pursue the Connecticut Action against any of the defendants, including the Debtors, and therefore the Roessner Claim should be disallowed in accordance with sections 502(b) and 558 of the Bankruptcy Code. Moreover, because Ms. Roessner's substantive cause of action for damages against non-Debtor third parties is time-barred, the purely equitable relief requested against the Debtors in the Roessner Claim has been rendered meaningless.

A.    **The Connecticut Action and the Roessner Claim are Time-Barred Under the Terms of the Connecticut District Court's Dismissal Order**

16.    On the Petition Date, the automatic stay precluded Ms. Roessner from continuing the Connecticut Action against the Debtors. 11 U.S.C. § 362(a). The stay did not apply to the Benefit Plan or Prudential, each of which was a third-party non-Debtor defendant to the Connecticut Action. Rather than staying the Connecticut Action only as to the Debtors, however, the Connecticut District Court dismissed the entire Connecticut Action with consent of the parties. See Ex. C, Dismissal Order (noting that the Connecticut Action was "administratively closed with consent"). Ms. Roessner took no steps to advance Count 1 of the Complaint – the denial of benefits claim against Prudential – while the Debtors' chapter 11 cases were pending or at any time thereafter.[9] Ms. Roessner also had the ability to seek relief from the

---

[9] A review of the docket in the Connecticut Action indicates that the parties were in agreement that the denial of

9

automatic stay in this Court to pursue the Connecticut Action against the Debtors, but she did not.

17.    Section 362 of the Bankruptcy Code provides that, unless terminated earlier, the automatic stay terminates at the time a discharge is granted or denied to a chapter 11 debtor.  11 U.S.C. § 362(c)(2)(C).  Pursuant to Article IX.C of this Court's Confirmation Order and Section 11.7 of the Plan (under which the discharge was granted to the Debtors), the automatic stay continued in effect until the Effective Date.  Once the automatic stay terminated on the Effective Date, the Connecticut District Court's Dismissal Order provided that Ms. Roessner had until February 14, 2013 (i.e., 45 days from December 31, 2012) to file a motion to have the Connecticut Action reinstated.  See Ex. C, Dismissal Order at 1 (authorizing Ms. Roessner to file a motion to have the Connecticut Action "restored to the active docket if such motion is brought within 45 days of the termination of the automatic stay ordered by the Bankruptcy Court").  Ms. Roessner took no action to restore the Connecticut Action prior to the expiration of that deadline.

18.    Ms. Roessner, through her counsel, was duly notified of the terms of the Plan and Confirmation Order respecting the termination of the automatic stay and the occurrence of the Effective Date.  See supra ¶¶ 10-11.  Because the terms of the Connecticut District Court's Dismissal Order are dispositive of Ms. Roessner's ability to pursue the causes of action asserted in the Connecticut Action, and those causes of action are now time-barred under the terms of the Dismissal Order, this Court should disallow the Roessner Claim.

---

benefits claim against Prudential could have been resolved by way of cross-motions for summary judgment, given that all relevant discovery had been completed and the briefing of such motions was scheduled by the Connecticut District Court prior to when Ms. Roessner sought to amend the Complaint to add Count 2 against Tribune.

**B.**    **The Connecticut Action and the Roessner Claim are Also Time-Barred Under the Applicable Limitations Periods for Bringing Claims Under the Benefit Plan**

19.    Ms. Roessner is also time-barred under the applicable limitations periods from re-asserting her breach of fiduciary claims against Tribune.[10]   The Roessner Claim should also be disallowed on these alternative and cumulative grounds.

20.    Causes of action alleging fiduciary violations under ERISA are subject to either a three-year or six-year statute of limitations, depending on the circumstances of the case:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of —
>
> > (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or
> >
> > (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
>
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

See 29 U.S.C. § 1113.

21.    Taking the factual averments stated in the Complaint as true, the last action alleged to have constituted a part of the fiduciary breach or violation by Tribune occurred on or about August 28, 2003, when, it is alleged, Tribune altered Mr. Baggott's benefits election form and discontinued Mr. Baggott's supplemental life insurance benefits.  See Ex. A, Am. Compl. ¶ 9.  Thus, the six-year statute of limitations would have expired on or about August 28, 2009.  The record is unclear when Ms. Roessner was first made aware of these alleged actions by

---

[10] As discussed below, Ms. Roessner is also time-barred under the applicable limitations periods from re-asserting her denial of benefits claim against the Benefit Plan or Prudential, which renders the purely equitable relief sought from Tribune and the Courant meaningless.

Tribune for purposes of calculating the three-year statute of limitations. Even if the Court were to construe the limited available record in the light most favorable to Ms. Roessner and hold that Ms. Roessner had actual knowledge of the alleged breach or violation on April 12, 2007, i.e., the date of Prudential's letter to Ms. Roessner denying her benefits claims and setting forth the factual basis for such denial (including Tribune's discontinuation of Mr. Baggott's life insurance benefits), then the three-year limitations period would have expired on or about April 12, 2010. Since the ERISA statute of limitations specifies that the limitations period expires upon the earlier of the expiration of the six and three-year periods, then the August 28, 2009 deadline under the six-year statute of limitations applies to Ms. Roessner's fiduciary duty claims against Tribune.

22.    The tolling provisions of section 108(c) of the Bankruptcy Code do not alter the conclusion that Ms. Roessner's fiduciary duty claims are time-barred as a matter of applicable non-bankruptcy law.[11] The applicable ERISA limitations period was tolled during the pendency of the Debtors' chapter 11 proceedings under section 108(c) only until the automatic stay was terminated on the Effective Date. See 11 U.S.C. § 108(c)(2). The deadline by which Ms. Roessner was required to commence an action against Tribune, or otherwise seek to restore

---

[11] Section 108(c) of the Bankruptcy Code provides as follows:

> (c) Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of —
>
>> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>>
>> (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

11 U.S.C. § 108(c).

the Connecticut Action, expired on January 30, 2013 (i.e., 30 days after the Effective Date).[12]
See id.; In re WorldCom, Inc., 362 B.R. 96, 111 (Bankr. S.D.N.Y. 2007) (finding that the
debtors' plan injunction did not continue or trigger anew the statutory tolling of section 108(c) of
the Bankruptcy Code, as such 30-day period ran from the lifting of the automatic stay regardless
of the fact that a plan injunction came into effect upon the expiration of the stay). Ms. Roessner
did not take action by January 30, 2013, and has even failed to take action at this time, more than
two and a half years later. Accordingly, the Roessner Claim must be disallowed and expunged
as being time-barred under applicable non-bankruptcy law.

23.    In total, more than seven and a half years have passed since the Complaint
was originally filed, and more than six years have passed since the Roessner Claim was filed.
After the Effective Date, Ms. Roessner has never sought to prosecute the Roessner Claim,
despite the Dismissal Order being explicitly without prejudice to re-opening the Connecticut
Action against the Debtors upon motion by Ms. Roessner following the termination of the
automatic stay. Ms. Roessner's failure to revive the Connecticut Action within the deadline
established by the Connecticut District Court is dispositive of the Roessner Claim's
disallowance. Ms. Roessner's failure to prosecute the Connecticut Action also resulted in her
claims being time-barred under the applicable contractual and statutory limitations periods,
notwithstanding section 108(c) of the Bankruptcy Code.[13]

---

[12] This is true even if the later April 12, 2010 expiration date under the three-year statute of limitations were to apply.

[13] Ms. Roessner's failure to prosecute the Connecticut Action and the Roessner Claim also gives rise to equitable defenses in favor of the Debtors, such as laches and equitable estoppel. In the event that Ms. Roessner attempts belatedly to prosecute the Roessner Claim, the Debtors reserve all of their rights with respect such defenses and all other applicable substantive and procedural defenses.

C.      **The Equitable Relief Sought in the Roessner Claim is Meaningless Absent the Underlying Denial of Benefits Claim Against the Non-Debtor Third-Party Defendants**

24.     Neither the Roessner Claim nor the Complaint assert any right to payment from the Debtors.  See Ex. A at 1 (specifying that the claim is for "equitable relief").  Rather, the substantive cause of action for damages asserted in the Complaint is asserted only against Prudential as Claims Administrator for the Benefit Plan.  See Ex. A, Am. Compl. ¶ 16 ("The Claim, if paid as of the date of Baggott's death, would have been in the sum of two hundred forty three thousand dollars ($243,000) and would have been paid by the Defendant Prudential.").  No cause of action for denial of benefits is asserted in the Complaint against the Debtors, nor is any demand for payment of damages made in the Roessner Claim.

25.     The equitable relief requested in the Complaint and the Roessner Claim, i.e., the retroactive reinstatement of Mr. Baggott's supplemental life insurance benefits, acceptance of unpaid premiums, and reformation of Benefit Plan documents, was presumably intended to facilitate Ms. Roessner's denial of benefits claim against the Benefit Plan and Prudential.[14]  Prudential and the Benefit Plan are each separate legal entities from the Debtors and were not Debtors in these chapter 11 cases.  None of the stays or injunctions applicable to Tribune and the Courant applied to Prudential or the Benefit Plan.  Nor did the tolling of the statute of limitations under section 108(c) of the Bankruptcy Code apply to the denial of benefits claim against Prudential or the Benefit Plan.  The causes of action asserted against those defendants are now time-barred.[15]  Without a viable denial of benefits claim against the Benefit

---

[14] For example, Prudential denied Ms. Roessner's benefits claim on the grounds that, at the time of his death, Mr. Baggott was not covered by the supplemental life insurance plan and he did not pay the requisite premiums for the supplemental life insurance policy after his coverage was terminated.  See Ex. A, Am. Compl. ¶ 17.

[15] The denial of benefits claim against Prudential is governed by the contractual limitations period in the Benefit Plan's governing documents.  The Supreme Court recognized a benefit plan's right to establish a reasonable limitations period for benefit claims under section 502(a)(1)(B) of ERISA, since ERISA is silent on a limitations

14

Plan or Prudential as Claims Administrator for the Benefit Plan, the purely equitable relief sought from Tribune in the Roessner Claim and the Complaint has been rendered meaningless, because Ms. Roessner cannot recover any damages from the non-Debtor third-party defendants, Prudential or the Benefit Plan.

## RESERVATIONS OF RIGHTS

26.    The Reorganized Debtors reserve their right to amend, modify, and/or supplement this Objection at any time prior to the hearing on this Objection. The Reorganized Debtors also reserve their right to adjourn the hearing on this Objection. In the event that the Reorganized Debtors so adjourn the hearing, they will state that the hearing on the Objection and/or any response filed in connection therewith and/or all applicable deadlines for responsive pleadings have been adjourned on the agenda for the hearing, which agenda will be served on any party affected by such adjournment.

## NOTICE

27.    Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) Ms. Roessner, through her counsel; and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Reorganized Debtors submit that no other or further notice is necessary.

---

period for such claims. See Heimeshoff v. Hartford Life & Accident Ins., Co., 134 S. Ct. 604 (2013). Here, the Benefit Plan governing documents provides that "[n]o action at law or equity shall be brought to recover on the Group Contract . . . more than three years after the end of the time within which proof of loss is required." Copies of the Benefit Plan documents will be provided to the Court upon request. The record is unclear as to when the three-year limitations period began to run. However, even if the Court were to construe the record in the light most favorable to Ms. Roessner and hold that the limitations period began to run on the date that Prudential's denial of Ms. Roessner's claim became final, i.e., on April 12, 2007, the three-year limitations period expired on or about April 12, 2010. As noted above, section 108(c) tolling does not apply to non-Debtor co-defendants such as Prudential.

15

WHEREFORE, for the reasons set forth herein, the Reorganized Debtors respectfully request that the Court enter an order (i) disallowing in full and expunging the Roessner Claim; (ii) directing the Claims Agent to expunge the Roessner Claim from the Claims Register; and (iii) granting such other and further relief as the Court deems just and proper.

Dated:  Wilmington, Delaware
       September 11, 2015

Respectfully submitted,

SIDLEY AUSTIN LLP
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile:  (312) 853-7036

      -and-

COLE SCHOTZ P.C.

By: */s/ J. Kate Stickles*
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR REORGANIZED DEBTORS

16