# EXHIBIT A

## Claim No. 5664

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**<br>Tribune Company Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5069<br>New York, NY 10150-5069 | **PROOF OF CLAIM** |

Filed: USBC - District of Delaware
Tribune Company, Et Al.
08-13141 (KJC)          0000005664

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|
| TRIBUNE COMPANY *(handwritten)*<br>HARTFORD COURANT<br>EMPLOYEE TERM LIFE<br>INS PLAN | 08-13141 *(handwritten)*<br>08-13211 *(handwritten)* |

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

| | |
|---|---|
| Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)<br><br>      TRB (CREDITOR.DBF,CREDNUM)CREDNUM # 1000072320******<br>      BARBARA ROESSNER<br>      ROME MCGUIGAN PC<br>      JOHN F STROTHER<br>      ONE STATE ST<br>      HARTFORD, CT 06103<br><br>Telephone number:                    Email Address: | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>**Court Claim Number:** _____<br>     *(If known)*<br><br>Filed on: _____<br>011107 |
| Name and address where payment should be sent (if different from above)<br><br><br><br>Telephone number:                    Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

1. **Amount of Claim as of Date Case Filed:** $ *NO SPECIFIED AMOUNT; EQUITABLE RELIEF*

   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.

   If all or part of your claim is entitled to priority, complete Item 5.

   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.

   ☐ Check this box if claim is for a claim related to goods delivered during the twenty (20) days prior to December 8, 2008 (the "Petition Date"), pursuant to 11 U.S.C. §503(b)(9). Please indicate amount entitled to 503(b)(9) $ _____

2. **Basis for Claim:** *BREACH OF FIDUCIARY DUTY RE PROCESSING LIFE INSURANCE COVERAGE*
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   **3a. Debtor may have scheduled account as:** _____
      (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:  ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
   Describe: _____

   Value of Property: $ _____    Annual Interest Rate _____ %

   Amount of arrearage and other charges as of time case filed included in secured claim, if any:

   $ _____    Basis for perfection: _____

   **Amount of Secured Claim:** $ _____    **Amount Unsecured:** $ _____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

   Specify the priority of the claim:

   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

   ☐ Wages, salaries or commissions (up to $10,950*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

   ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

   ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

   **Amount entitled to priority:**

   $ _____

   *\* Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.** *SEE ATTACHED COPY OF AMENDED COMPLAINT & U.S. DISTRICT*

If the documents are not available, please explain: *GRANTING MOTION TO AMEND COURT.*

**FOR COURT USE ONLY**

| Date:<br>6/04/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Barbara Roessner,<br>    *Plaintiff,*<br><br>    *v.*<br><br>Employee Term Life, et al.,<br>    *Defendants.* | Civil No. 3:07cv1434 (JBA)<br><br><br><br>December 11, 2008 |

**RULING ON MOTION FOR LEAVE TO AMEND**

Plaintiff Barbara Roessner moves for leave to amend her complaint in this action to add a new theory of recovery under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(3). Defendants object, arguing that Plaintiff has not shown good cause for allowing such leave and that to permit a new claim at this stage of the case would be prejudicial. Based on the Federal Rules' guidance that leave to amend should be freely given, the Court grants Plaintiff's motion for the reasons that follow.

**I.     Relevant Background**

Roessner is the widow of Craig Baggott and the designated beneficiary of Baggott's life-insurance benefits under a plan with the Defendants. (Compl. ¶¶ 1–2.) In her original complaint, Roessner claimed that she was improperly denied supplemental life benefits due to her following Baggott's death. (*Id.* ¶ 20.) Before the Defendants filed their answer, the parties conferred and filed a Rule 26(f) report [Doc. # 22] that set February 28, 2008 as the deadline for amending pleadings. After reviewing this report, the Court entered a scheduling order directing discovery to conclude by May 16, 2008, with dispositive motions due June 20, 2008. (Sch. Ord. ¶¶ 1–2.) During a routine status conference held April 28, 2008, the parties represented that they expected no delays in completing discovery as

scheduled.

On May 13, 2008, Plaintiff moved for leave to amend her complaint to add a second claim: that the Defendant Tribune Co. breached its fiduciary duty to Baggott. Thus, in addition to the denial-of-benefits claim asserted under 29 U.S.C. § 1132(a)(1)(B), Roessner seeks to add a breach-of-fiduciary-duty claim under § 1132(a)(3) and seek equitable relief in the form of reinstating Baggott's coverage under the governing insurance plan. (Prop. Am. Compl. [Doc. # 35] at 7-9.) Plaintiff contends that she has good cause for seeking this amendment based on counsel's view that "the law has developed since this case was initiated" and that "renewed examination of the applicable law" revealed that only now was the fiduciary-duty claim cognizable. (Pl.'s Reply [Doc. # 38] at 1.) Defendants object to this proposed amendment and argue that Roessner has not sufficiently justified her late request:

> Having failed to demonstrate good cause . . . , the Court should not accommodate Plaintiff's failure to assert timely the claims that have always been available to her. This is particularly so here, where the amendment will prejudice Defendants by significantly delaying these proceedings.

(Defs.' Surreply [Doc. # 41] at 6.)

## II.    Leave to Amend under Rule 15

Federal Rule of Civil Procedure 15 provides that a court should "freely give" a plaintiff leave to amend her complaint "when justice so requires." Reasons to deny such leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to

2

amend." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). The objective served by freely allowing amendments is to enable a party "to assert matters that were overlooked or were unknown at the time of the original complaint." *Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 703 (2d Cir. 1985) (quotation marks omitted).

Most of the considerations highlighted in *Foman* can easily be discarded on the facts here. There is no suggestion that Plaintiff has acted in bad faith or with the intent to improperly delay the proceedings. Although Plaintiff filed her motion after the date that the parties set as the deadline for amending the pleadings, the request for leave to amend came before the close of discovery and prior to any summary-judgment briefing, representing a far shorter delay than the multi-year intervals allowed in other cases. *See Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (collecting cases which allowed amendment after delays of two years or more). Because this is Plaintiff's first attempt to amend her complaint, it is not an example of a repeated failure to cure previously identified pleading deficiencies. *See Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978). And given the Defendants' argument that Plaintiff's new claim for equitable relief "could have been brought at the outset of the case" (Defs.' Surreply at 6), such amendment would not be futile. *See Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002).

Defendants emphasize, however, that they would be prejudiced by allowing this amendment so late in the litigation. Because of the nature of Roessner's original allegations, Defendants urge, they would now have to expand discovery beyond its original scope to include taking Plaintiff's deposition and potentially engaging an expert witness on the insurance industry. Plaintiff denies that any additional discovery would be significant or

3

onerous, and suggests that she should not be penalized if the expansion of discovery is due to Defendants' tactical decision to not take her deposition in the first place. On balance, although it is true that taking Plaintiff's deposition and hiring an expert would impose extra costs on the Defendants, they have not demonstrated how this amounts to *undue* prejudice. If a non-moving party could defeat a motion for leave to amend merely by showing that the new allegations would be inconvenient, then the command that such leave be freely given would have little effect. Given that the new allegations here stem from the same underlying facts, *Kreppein v. Celotex Corp.*, 969 F.2d 1424, 1427 (2d Cir. 1992), are related to Plaintiff's original claim, *State Teachers Retirement Board*, 654 F.2d at 856, and would not require Defendants to "expend significant additional resources" or "significantly delay the resolution of the dispute," *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993), Defendants have not demonstrated that they would be sufficiently prejudiced to justify denying Plaintiff her requested leave to amend.

Finally, Defendants reference the requirement in Local Civil Rule 16(b) that a party can only seek modification of a scheduling order upon a "showing of good cause"—that is, "a particularized showing that the schedule cannot be met, despite the diligence of the party seeking the modification, for reasons that were not reasonably foreseeable when the parties submitted their proposed case management plan." Roessner cannot meet this "good cause" standard, Defendants argue, because her counsel's reading of ERISA law is incorrect and because the new fiduciary-duty claim could have been asserted in the original complaint. The Court is not persuaded that a disagreement over the development of governing benefits law should bear on the outcome of Plaintiff's request for leave to amend. Defendants have conceded that the fiduciary-duty claim is cognizable, and Plaintiff has offered a plausible

4

explanation for why the claim was not part of her original complaint.  On these facts,
Plaintiff has met her burden of showing good cause for modifying the scheduling order to
account for this new theory of relief.

**III.    Conclusion**

Accordingly, Plaintiff's Motion for Leave to File Amended Complaint [Doc. # 34] is
granted.


IT IS SO ORDERED.


/s/
Janet Bond Arterton, U.S.D.J.


Dated at New Haven, Connecticut this 11th day of December, 2008.

5

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| BARBARA ROESSNER )<br><br>    Plaintiff, )<br><br>v. )<br><br>EMPLOYEE TERM LIFE, OPTIONAL TERM )<br>LIFE, OPTIONAL ACCIDENTAL DEATH )<br>AND DISMEMBERMENT, DEPENDENTS )<br>TERM LIFE, AND PERSONAL ACCIDENT )<br>COVERAGE FOR ALL EMPLOYEES OTHER )<br>THAN THOSE WHO ARE CLASSIFIED BY )<br>THE CONTRACT HOLDER AS BALTIMORE )<br>SUN #582, BALTIMORE SUN #31, )<br>BALTIMORE SUN #12, BALTIMORE SUN )<br>GUILD, BALTIMORE SUN MAILER #88 )<br>WGN-TV OP ENGINEERS/AFTRA, )<br>CHICAGO TRIBUNE PRESS MACHINISTS, )<br>WGN-TV AND RADIO IBEW AND )<br>WLVI-TV EMPLOYEES WHO ARE )<br>COVERED BY A COLLECTIVE )<br>BARGANING AGREEMENT BETWEEN )<br>THE EMPLOYER AND A UNION OF )<br>TRIBUNE COMPANY )<br>        and )<br>TRIBUNE COMPANY )<br>        and )<br>the HARTFORD COURANT )<br>        and )<br>PRUDENTIAL INSURANCE COMPANY )<br>OF AMERICA )<br><br>    Defendants. ) | Case No. 3:07cv01434 (JBA)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>JUNE 5, 2009 |

## AMENDED COMPLAINT

*Rome McGuigan, P.C. • Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

## A.     PARTIES

1.      Plaintiff Barbara Roessner is the widow of Craig Baggott ("Baggott"), a former employee of the Defendant Hartford <u>Courant</u>, a subsidiary of the Defendant Tribune Company ("Tribune").  Baggott was covered by an insurance policy issued by the Defendant Prudential Insurance Company of America ("Prudential") pursuant to an employee benefit plan named the "Employee Term Life, Optional Term Life, Optional Accidental Death And Dismemberment, Dependents Term Life, And Personal Accident Coverage For All Employees Other Than Those Who Are Classified By The Contract Holder As Baltimore Sun #582, Baltimore Sun #31, Baltimore Sun # 12, Baltimore Sun Guild, Baltimore Sun Mailer #88, WGN-TV Op Engineers/AFTRA, Chicago Tribune Press Machinists, WGN-TV And Radio IBEW and WLVI-TV Employees Who Are Covered By A Collective Bargaining Agreement Between The Employer And A Union Of Tribune Company" (hereinafter referenced as the "Plan").

2.      Plaintiff is the designated beneficiary under the Plan of Employee Optional Term Life benefits in the amount of three times Baggott's annual salary.

3.      Defendant Tribune is the Plan Sponsor and Plan Administrator of the Plan; Tribune and Defendant Hartford <u>Courant</u> ("the <u>Courant</u>") enrolled Baggott in the Plan as an employee of the Defendant <u>Courant</u>.

4.      Defendant Prudential is the Claims Administrator of the Plan and provides insurance coverage pursuant to the Plan.

## B.     JURISDICTION and VENUE

5.      This court has jurisdiction over this cause of action pursuant to 28 U.S.C. § 1331 as Plaintiff's cause of action arises under the Employee Retirement Income Security Act

2

(ERISA), 29 U.S.C. § 1132.  Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2), inasmuch as the Tribune employed Baggott at the Defendant <u>Courant</u>, in Connecticut.

**C.    FACTS**

6.    Baggott was employed by the <u>Courant</u> as a journalist for twenty eight (28) years, and was assigned to work in Connecticut.   The Defendants <u>Courant</u> and Tribune enrolled Baggott in benefits including Medical, Dental, Vision, Term Life, Supplemental Life, and Accidental Death and Dismemberment policy coverages.   On or about November 8, 2001, Baggott executed a Beneficiary Designation Form designating his wife, the Plaintiff Barbara Roessner, as his sole beneficiary of his Tribune Company benefits.

7.    On or about August 1, 2003, the Defendants Tribune and <u>Courant</u> granted Baggott's request for a leave of absence beginning September 15, 2003, and ending June 25, 2004.  Pursuant to the terms of a memorandum advising Baggott of the approval of the leave, Baggott was permitted to "waive/change all or part of your insurance coverage during your leave."

8.    On or about August 8, 2003, Baggott executed a form supplied by the Defendant Tribune concerning his election to retain or waive certain insurance benefits (the "Election Form").  Baggott placed the letter "W" on the Election Form in three places, indicating a desire to waive medical, dental, and vision insurance coverages.  Baggott did not mark the Election Form in the space designated for a waiver of Supplemental Life insurance coverage.

9.    On or about August 28, 2003, the Defendant Tribune, through one or more of its employees, inserted  "W" marks on the Election Form in the spaces for indicating elections to

3

waive Supplemental Life insurance coverage and Accidental Death and Dismemberment (AD&D) insurance coverage.

10.     The Defendant Tribune subsequently claimed to have altered the Election Form on the basis of a 15-second recorded telephone conversation with a person who identified himself as Baggott and who said he was going to "go ahead and cancel those benefits," without specifying which benefits he intended to "cancel."

11.     On June 9, 2004, while on leave of absence from the Courant, Baggott suffered a heart attack and died suddenly.

12.     In March, 2005, the Plaintiff, as beneficiary of Craig Baggott's supplemental life insurance benefits, made a claim for such benefits under the Plan (the "Claim").

13.     On or about February 9, 2006, the Defendant Prudential denied Plaintiff's Claim.

14.     By letter dated August 7, 2006, Plaintiff, through counsel, appealed the denial of the Claim.

15.     By letter dated April 12, 2007, the Defendant Prudential affirmed its denial of the Claim.

16.     The Claim, if paid as of the date of Baggott's death, would have been in the sum of two hundred forty three thousand dollars ($243,000), and would have been paid by the Defendant Prudential.

17.     Defendant Prudential has asserted the following as the substantive basis for its denial of the Claim:

"According to the Tribune, Mr. Baggott did not indicate his elections in his election choices form. On August 12, 2003, The Tribune Benefits Center called Mr. Baggott and left a voicemail advising that they needed to know if he wanted to continue

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

his optional life coverage while on leave of absence. Mr. Baggott did not return the call. Tribune Benefit Center called on August 20, 2003 and left a message advising that a premium of $63.18 a month would be deducted to continue the optional life coverage and a return call would be needed by August 28, 2003. Mr. Baggott returned the call on a recorded line on August 28, 2003. Mr. Baggott advised that he did not want the optional life coverage for the duration of his leave of absence. Mr. Baggott advised that he would pick up the optional life insurance when he returned from his leave of absence. As of September 1, 2003, the life insurance premium deduction was discontinued. Therefore the optional life insurance coverage terminated effective September 1, 2003. We have since reviewed your request to appeal our decision to disallow this claim for Optional Life Benefits. Based on the information above, the optional life coverage was not in-force as of September 1, 2003. Therefore, our decision to deny the optional life coverage was appropriate."

18.    Plaintiff has exhausted her administrative remedies and has been advised by Defendant Prudential that she may file this lawsuit, pursuant to ERISA, to seek policy benefits and attorney fees.

19.    The Defendant Prudential's stated reason for denial of the Claim is factually incorrect, inasmuch as the insured did not state, in the 15-second tape recorded conversation, that he did not want "the optional life coverage for the duration of his leave of absence."

**COUNT ONE: As to Prudential**

The foregoing Paragraphs 1-19 are hereby incorporated as Paragraphs 1-19 of the First count.

20.    The Defendant Prudential's denial of the Claim is in violation of Plaintiff's rights to recover benefits under an ERISA-protected benefit plan, inasmuch as:

(a)    the Election Form, as signed by Baggott, did not indicate his election to waive his optional life insurance coverage;

5

(b)     Baggott never signed <u>any</u> document indicating an election to waive his optional life insurance coverage;

(c)     the Defendant Tribune altered the Election Form without adequately identifying the caller by requesting a password or other form of authentication;

(d)     the Defendant Tribune altered the Election Form without obtaining Baggott's authorization to do so;

(e)     the Election Form failed adequately to inform Baggott of the potential consequences of a waiver of optional life insurance coverage, including the potential consequence that he might be denied such coverage following his leave of absence;

(f)     the Defendant Tribune's Benefits Center representative spoke with the caller for no more than 15 seconds and failed to ascertain whether the caller was addressing supplemental life benefits or was simply confirming a prior written election to waive only medical, dental, and vision benefits;

(g)     the Tribune never obtained a waiver executed by Baggott of his optional life insurance benefits; and/or

(h)     the Tribune and Prudential Defendants mischaracterized the explicit wording of the 15-second recorded telephone call in an effort to justify their failures to obtain an adequate, knowing, voluntary and informed waiver of Baggott's optional life insurance benefits.

(i)     Prudential did not properly handle Plaintiff's claim for benefits, in that it failed to follow the procedures for processing such claims as set out in the Summary Plan

6

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

Description for the Plan, including that it failed to make a timely written denial of the original claim and also failed to make a timely written response to Plaintiff's appeal of that denial.

**COUNT TWO: As to Tribune.**

Paragraphs 1-19 of the First Count are hereby incorporated as Paragraphs 1-19 of the Second Count.

20.    The Defendant Tribune had a fiduciary responsibility to Baggott, inasmuch as the Tribune, through its Claims Department, had superior knowledge of the Plans it administered, and was entrusted by Plan beneficiaries such as Baggott and his widow, the Plaintiff, to inform them of the effects of changes in coverage under the Plan.

21.    The Defendant Tribune breached its fiduciary duty to Baggott inasmuch as:

(a)    the Election Form, as signed by Baggott, did not indicate his election to waive his optional life insurance coverage;

(b)    Baggott never signed any document indicating an election to waive his optional life insurance coverage;

(c)    the Defendant Tribune altered the Election Form without adequately ascertaining Baggott's intentions;

(d)    the Defendant Tribune altered the Election Form without obtaining Baggott's authorization to do so;

(e)    the Defendant Tribune failed adequately to inform Baggott of the potential consequences of a waiver of optional life insurance coverage, including the

7

potential consequence that he might be denied such coverage following his leave of absence;

(f)    the Defendant Tribune's Benefits Center representative spoke with Baggott for no more than 15 seconds and failed to ascertain whether the caller was addressing supplemental life benefits or was simply confirming a prior written election to waive only medical, dental, and vision benefits;

(g)    the Tribune never obtained a waiver executed by Baggott of his optional life insurance benefits; and/or

(h)    the Tribune mischaracterized the explicit wording of the 15-second recorded telephone call in an effort to justify its failure to obtain an adequate, knowing, voluntary and informed waiver of Baggott's optional life insurance benefits.

22.    The Plaintiff Roessner has been deprived of the value of the insurance policy and has incurred substantial legal fees in seeking to obtain the benefits that should have been paid to her.

**WHEREFORE, PLAINTIFF SEEKS:**

1.    Pursuant to Plaintiff's claim for benefits under 29 U.S.C. § 1132(a)(1)(B), payment of the Optional Life Insurance Benefits in the amount of $243,000, together with interest from the date of Baggott's death;

2.    Pursuant to Plaintiff's claim of fiduciary violations under 29 U.S.C. § 1132(a)(3), orders of this Court that the Defendants:

(i)    reinstate Baggott to Plan coverage from the date of his purported waiver of coverage through the date of his death;

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

      (ii)    accept such premiums as may be appropriate to reflect such continued coverage; and

      (iii)   reformation of the Plan records and forms to reflect such continued coverage notwithstanding the purported waiver.

3.    Attorney's fees pursuant to 29 U.S.C. §1132(g)(1); and

4.    Such additional relief that the Court may allow in law and equity.

THE PLAINTIFF,

BARBARA ROESSNER

By:  /s/ Andrew L. Houlding
     Andrew Houlding, Esq.
     Federal Bar No. ct12137
     Rome McGuigan, P.C.
     One State Street
     Hartford, CT 06103
     Phone: (860) 549-1000
     Fax:  (860) 724-3921
     Federal Bar # ct12137
     ahoulding@rms-law.com
     Her Attorney

9

## CERTIFICATION

I hereby certify that on June 5, 2009, a copy of the foregoing Amended Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Andrew L. Houlding

10



# ROME
# McGUIGAN, P.C.
### Attorneys at Law

Julie J. Dimauro
Direct Dial: (860) 493-3571
Email: jdimauro@rms-law.com

One State Street  Hartford, CT 06103
*phone* 860.549.1000   *fax* 860.724.3921
*www.romemcguigan.com*

June 5, 2009

**VIA FIRST-CLASS MAIL TO:**
Clerk's Office
United State's Bankruptcy
District of Delaware
824 North Market Street
3rd Floor
Wilmington, Delaware 19801

      Re: **Tribune Company- Docket No.: 08-13141**
            **Hartford Courant Employee Term Life Insurance Plan Docket No.: 08-13211**

Dear Sir/Madam:

      Enclosed please find an original and one copy of a Proof of Claim for filing in the above-captioned matters.

      Please return the copy with your acknowledgement of receipt in the enclosed, self-addressed stamped envelope.

      Please feel free to contact me with any questions.  Thank you very much for your help.

Very truly yours,

Julie J. Dimauro