# **EXHIBIT B**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| TRIBUNE MEDIA COMPANY, *et al.*,[1] | : | |
| | : | Case No. 08-13141 (KJC) |
| Reorganized Debtors | : | (D.I. 13338; 14028) |

## MEMORANDUM SUSTAINING THE REORGANIZED DEBTORS' OBJECTION TO CLASS 1F OTHER PARENT CLAIM ASSERTED BY WILMINGTON TRUST COMPANY[2]

## BY:   KEVIN J. CAREY, UNITED STATES BANKRUPTCY JUDGE

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases are: Tribune Media Company; California Community News, LLC; Chicago Tribune Company, LLC; Chicagoland Publishing Company, LLC; Chicagoland Television News, LLC; forsalebyowner.com, LLC; ForSaleByOwner.com Referral Services LLC; Hoy Publications, LLC; Internet Foreclosure Service, LLC; KDAF, LLC; KIAH, LLC; KPLR, Inc.; KRCW, LLC; KSWB, LLC; KTLA, LLC; KTXL, LLC; KWGN, LLC; Los Angeles Times Communications LLC; Magic T Music Publishing Company, LLC; NBBF, LLC; Oak Brook Productions, LLC; Orlando Sentinel Communications Company, LLC; Sun-Sentinel Company, LLC; The Baltimore Sun Company, LLC; The Daily Press, LLC; The Hartford Courant Company, LLC; The Morning Call, LLC; Tower Distribution Company, LLC; Towering T Music Publishing Company, LLC; Tribune 365, LLC; Tribune Broadcasting Company, LLC; Tribune Broadcasting Hartford, LLC; Tribune Broadcasting Indianapolis, LLC; Tribune Broadcasting Seattle, LLC; Tribune CNLBC, LLC; Tribune Content Agency, LLC, LLC; Tribune Content Agency London, LLC; Tribune Direct Marking, LLC; Tribune Entertainment Company, LLC; Tribune Investments, LLC; Tribune Media Services, LLC; Tribune ND, LLC; Tribune Publishing Company, LLC; Tribune Television New Orleans, Inc.; Tribune Washington Bureau, LLC; WDCW, LLC; WGN Continental Broadcasting Company, LLC; WPHL, LLC; WPIX, LLC; WPMT, LLC; WSFL, LLC; WXMI, LLC.

[2] This Memorandum constitutes the findings of fact and conclusions of law, as required by Fed. R. Bankr. P. 7052. This Court has jurisdiction to decide the Motion pursuant to 28 U.S.C. § 157 and § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (O).

Wilmington Trust Company ("WTC") included postpetition attorney fees and costs of more than $30 million in its unsecured Class 1F Claim that will receive a partial distribution under the confirmed Plan. The Reorganized Debtors object to this portion of WTC's Class 1F Claim, arguing that a majority of courts have decided that unsecured creditors cannot include postpetition attorney's fees in their claims against the bankruptcy estate.[3] In response, WTC argues that the 2007 United States Supreme Court *Travelers* decision[4] rejected this rule and determined that postpetition attorney's fees may be included in an unsecured claim if recovery of the fees are permitted by an enforceable prepetition contract. After consideration of *Travelers*, along with a textual analysis of Bankruptcy Code sections 502(b), 506(a) and 506(b), and consistent with the Mediator's Report and Recommendation, the Debtors' objection will be sustained and WTC's claim for postpetition attorney's fees and costs will be disallowed.

## BACKGROUND

On December 8, 2008, Tribune Company and certain affiliates (the "Debtors") filed voluntary petitions under chapter 11 of the Bankruptcy Code. On July 23, 2012, this Court entered the Order Confirming the Fourth Amended Joint Plan of Reorganization (the "Plan") for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JP

---

[3] *See, e.g., Global Indus. Tech. Serv. Co. v. Tanglewood Inv., Inc. (In re Global Indus. Tech., Inc.)*, 327 B.R. 230, 239 (Bankr. W.D. Pa. 2005) (listing cases).

[4] *Travelers Cas. & Sur. Co. of America v. Pacific Gas and Elec. Co.*, 549 U.S. 443, 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007).

2

Morgan Chase Bank, N.A. (the "Confirmation Order") (D.I. 12074). The Effective Date of the Plan was December 31, 2012.[5]

WTC served as the indenture trustee for the PHONES Notes, which were unsecured subordinated securities.[6] After the Debtors' bankruptcy filing, WTC retained Brown Rudnick LLP, as well as other professionals, to represent WTC and the interests of the PHONES Noteholders in the bankruptcy case.[7] The Plan permits WTC to seek a general unsecured claim, classified as an Other Parent Claim under Class 1F of the Plan, "for fees, expenses arising under Section 6.07 of the PHONES Notes Indenture."[8]

In Section 6.07 of the PHONES Notes Indenture, Tribune agreed (1) to pay the Trustee [WTC] . . . reasonable compensation . . . for all services rendered by it hereunder . . . [and] (2) except as otherwise expressly provided herein, to reimburse the Trustee . . . for all reasonable expenses, disbursements and advances incurred or made by the Trustee in accordance with any provision of this Indenture (including the reasonable compensation and the expenses and

---

[5] Some creditors appealed the Confirmation Order and, in an opinion dated August 19, 2015, the Court of Appeals for the Third Circuit dismissed the appeal filed by Aurelius Capital Management, L.P. as equitably moot, but remanded the appeal filed by the Law Debenture Trust Company of New York and Deutsche Bank Trust Company Americas, deciding that their appeal was not equitably moot and could be decided on the merits. *In re Tribune Media Co.*, 799 F.3d 272 (3d Cir. 2015).

[6] The "PHONES Notes" are those certain exchangeable Subordinated Debentures due 2029, issued pursuant to that certain Indenture dated April 1, 1999 (the "PHONES Indenture") between Tribune as issuer and Wilmington Trust Company as successor indenture trustee. *See In re Tribune Co.*, 472 B.R. 223, 227 n.5 (Bankr. D. Del. 2012). Under the confirmed Plan, PHONES Noteholders received subordinated interests in the recoveries of a Litigation Trust.

[7] In addition to Brown Rudnick LLP, WTC's Fee Claim seeks payment for the fees and expenses of other retained professionals, including, Mesirow Financial Consulting LLC, Benesch Friedlander Coplan & Aronoff LLP, Sullivan Hazeltine Allinson LLC, Garvey Schubert Barer, The Law Offices of John Wells King, PLLC, Morton Research, Inc., Cypress Holdings LLC, and Hoffman Schultz Media Capital.

[8] Plan, § 1.1.101.

3

disbursements of its agents and counsel) . . . ."[9] WTC argues that two other provisions of the Indenture also support its Class 1F Fee Claim:

(1) Section 5.03 of the Indenture provides that in the event of certain enumerated defaults, "the Company [which is defined as Tribune Company and any successor corporation] will upon demand of the Trustee, pay to it, for the benefit of the Holders of such Securities, . . . such further amount as shall be sufficient to cover the costs and expenses of collection, including the reasonable compensation, expenses, disbursement and advances of the Trustee, its agents and counsel."

(2) Section 5.04 of the Indenture further allows the Trustee to file and prove a proof of claim in bankruptcy proceedings "in order to have the claims of the Trustee (including any claims for the reasonable compensation, expenses, disbursements and advances of the Trustee, its agents and counsel) and of the Holders allowed in such judicial proceedings" and to collect and receive any moneys or other property payable or deliverable on any such claims and to distribute the same . . . ."

Pursuant to a stipulated procedure,[10] on January 2, 2013, WTC provided the Reorganized Debtors with its Class 1F Claim, which included fees and expenses in the amount of $30,289,093.33, under Bankruptcy Code § 502(b) (the "Fee Claim"). The Reorganized Debtors objected informally to the Fee Claim through a letter outlining their arguments for disallowance and/or limitation of the Fee Claim. Subsequent negotiations failed and the Reorganized Debtors filed a formal Objection to the Fee Claim on March 18, 2013 (D.I. 13338). WTC opposed the Objection.

---

[9] PHONES Notes Indenture § 6.07. (*See* D.I. 13339-1.)

[10] *Stipulation Between Debtors and Wilmington Trust Company Regarding Post-Effective Date Procedure for Review and Allowance of Wilmington Trust Company's Fee and Expense Claim* (D.I. 11831).

4

By Order dated June 26, 2013 (D.I. 13642), upon agreement of the parties, I appointed Joseph J. Farnan, Jr., a retired Delaware District Court Judge (the "Mediator"), pursuant to Local Rule 9019-5, to mediate the Reorganized Debtors' Objection to WTC's Fee Claim, along with other contested fee matters. The Mediator's Report and Recommendation, dated October 24, 2014 (the "Mediator's Report"), recommended disallowance of the Fee Claim.[11]

After a telephonic status conference with the parties, I issued an Order dated December 19, 2014 (D.I. 14011) that established a schedule for the parties' supplemental submissions regarding WTC's Class 1F Claim. On January 20, 2015, WTC filed its limited objection to the Mediator's Report and Recommendation ("WTC's Report Objection"). On February 20, 2015, the Reorganized Debtors filed their response to WTC's Report Objection.

## DISCUSSION

Courts have long been divided over the issue of whether an unsecured creditor can recover postpetition attorney's fees and costs as part of its allowed claim against a bankruptcy estate.[12] Although the Third Circuit Court of Appeals has not decided the issue, some courts in this Circuit have determined that postpetition attorney's fees are not recoverable as part of an

---

[11] The Mediator's Report and Recommendation also recommended disallowance of WTC's claim for Creditors' Committee member fees and expenses under Section 9.1.3 of the Plan, and recommended allowance of a substantial contribution claim pursuant to Bankruptcy Code § 503(b)(3) and (4) in the amount of $496,592.22 for its efforts to appoint an Examiner, which led to renegotiation of the proposed plan which provided greater benefits for all non-LBO creditors. These recommendations were not contested, as noted in the December 19, 2014 Order.

[12] *SNTL Corp. v. Centre Ins. Co. (In re SNTL Corp.)*, 571 F.3d 826, 840 n.16 (9th Cir. 2009) (discussing split by courts and listing cases).

5

allowed unsecured claim.[13] The *Global Industrial Technologies* Court recognized four arguments in support of this position:

- First, "[b]ecause § 506(b) of the Bankruptcy Code expressly provides for the allowance of postpetition attorneys' fees for oversecured creditors, and neither § 506(b) nor any other provision of the Bankruptcy Code provides for the allowance of such fees for unsecured creditors, it follows that unsecured creditors have no clear entitlement to postpetition attorneys' fees."[14] Courts rely on the maxim of *expressio unius est exclusio alterius* (the expression of one is the exclusion of the alternatives).

- Second, the United States Supreme Court's decision in *Timbers* decided that § 506(b) permitted only oversecured creditors to recover postpetition interest on their claims.[15] Because § 506(b) provides for the allowance of postpetition fees *and*

---

[13] *Global Indus.*, 327 B.R. at 239 ("The court agrees with the majority of courts that unsecured creditors may not include postpetition attorneys' fees in their claims from a bankruptcy estate.") (listing cases);*See also The Finova Group, Inc. v. BNP Paribas (In re The Finova Group, Inc.)*, 304 B.R. 630, 638 (D. Del. 2004); *In re Loewen Group Int'l, Inc.* 274 B.R. 427, 444 n.36 (Bankr. D. Del. 2002) (not followed on other grounds).

[14] *Global Indus.*, 327 B.R. at 239. Section 506(b) provides:
 (b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section [related to the reasonable and necessary costs of preserving or disposing of such property] is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.
11 U.S.C. § 506(b).

[15] *Id.* at 240 citing *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988).

6

Case 08-13141-BLS Doc 14766 Filed 11/19/15 Page 7 of 10

interest, courts apply this reasoning to restrict allowance of postpetition fees only to oversecured creditors.[16]

- Third, Bankruptcy Code § 502(b) requires a court to determine the amount of a claim *as of the date the petition was filed*.[17] Then, as set forth in the "First" paragraph above, § 506(b) adds postpetition interest and fees to the extent a creditor is oversecured.

- Fourth, "it is inequitable to allow certain unsecured creditors to recover postpetition attorney's fees at the expense of similarly situated claimants. To allow one group of unsecured creditors to recover more than their prepetition debt unfairly discriminates against the others because it reduces the pool of assets available to all unsecured creditors pro rata."[18]

In his report, the Mediator observed, "it is a reasonable conclusion that Congress would not have to expressly provide for the recovery of post-petition fees by oversecured creditors if such fees were generally recoverable by all creditors."[19] I agree with the reasoning set forth in *Global Industrial Technologies* and the Mediator's Report; especially the conclusion that the plain language of § 502(b) and § 506(b), when read together, indicate that postpetition interest, attorney's fees and costs are recoverable only by oversecured creditors.[20]

---

[16] *Global Indus.*, 327 B.R. at 740.

[17] *Id.*

[18] *Id.*

[19] Mediator's Report at 13.

[20]*See* Mark S. Scarberry, *Interpreting Bankruptcy Code Sections 502 and 506: Post–Petition Attorneys' Fees in A Post–Travelers World,* 15 AM. BANKR. INST. L.REV. 611 (2007). Professor Scarberry sets forth a well-reasoned analysis of § 502(b), § 506(a) and § 506(b) that further supports this conclusion.

7

Finally, as noted in the Mediator's Report, denying postpetition attorney's fees to unsecured creditors does not leave those claimants without recourse.[21] Creditors may seek payment of postpetition fees and expenses under § 503(b)(3)(D) and § 503(b)(4), which allow an administrative claim for actual, necessary expenses that confer a "substantial contribution" on the bankruptcy estate.

WTC objects to the Mediator's Report for failing to recognize that, after the Supreme Court decided *Travelers*, an "overwhelming" number of courts considering the postpetition attorney's fees issue have rejected the majority rule. Before discussing this argument, a brief review of the *Travelers* decision is helpful.

The *Travelers* Court considered the Ninth Circuit's *Fobian* rule that disallowed claims against a bankruptcy estate for attorney's fees arising from litigating issues that were "peculiar to federal bankruptcy law," rather than basic contract enforcement issues.[22] The *Travelers* Court rejected the *Fobian* rule, concluding that it had no support in the Bankruptcy Code.[23] The Court recognized the presumption that "claims enforceable under applicable state law will be allowed in bankruptcy unless they are expressly disallowed."[24] However, the *Travelers* Court did *not* consider the argument that § 506(b) "categorically disallows unsecured claims for contractual attorney's fees" because the issue was not raised in the lower courts.[25] The Supreme Court

---

[21] Mediator's Report at 14.

[22] *Travelers,* 549 U.S. at 447.

[23] *Id* at 452.

[24] *Id.*

[25] *Id.* at 454.

8

wrote: "we express no opinion with regard to whether, following the demise of the *Fobian* rule, other principles of bankruptcy law might provide an independent basis for disallowing Travelers' claim for attorney's fees."[26]

Accordingly, *Travelers* did not address the division among courts over whether unsecured creditors can recover postpetition attorney's fees as part of their claims. WTC's premise that an overwhelming number of courts considering this issue post-*Travelers* have rejected the majority position is simply untrue. Instead, the split in decisions continues.[27] The post-*Travelers* cases from this district cited by WTC as allowing postpetition attorney's fees, involve *oversecured* creditors' claims.[28] WTC's challenge to the Mediator's Report based on post-*Travelers* case law is unfounded.

---

[26] *Id.* at 455.

[27]*Compare In re Old Colony, LLC*, 476 B.R. 1, 31-32 (D. Mass. 2012) ("where the bankruptcy estate is unable to pay all other creditors in full, postpetition attorneys' fees are not allowable as part of an unsecured claim even where provided for in the underlying contract"); *In re Seda France, Inc.*, No. 10-12948 CAG, 2011 WL 3022563, *4 (Bankr. W.D. Tex. July 22, 2011) (following a three-step analysis of § 502(b), § 506(a) and § 506(b) as set forth in Scarberry, *supra*. n. 20, and deciding that post-petition attorney's fees are postpetition claims); and *In re Electric Machinery Enters., Inc.*, 371 B.R. 549, 551 (Bankr. M.D. Fla. 2007) (adopting majority rule); *with SNTL Corp.*, 571 F.3d at 842-43 (disagreeing with the majority approach, "as it is inconsistent with the Bankruptcy Code's broad definition of "claim," which . . . includes any right to payment, whether or not that right is contingent and unliquidated" and determining that the majority courts incorrectly conflate the allowance functions of § 506(b) and § 502(b)); and *In re Holden*, 491 B.R. 728, (Bankr. E.D.N.C. 2013) (same).

[28] *OHC Liquidation Trust v. United States Fire Ins. Co (In re Oakwood Homes Corp.)*, 394 B.R. 352 (Bankr. D. Del. 2008) (When considering the claim of a creditor holding excess collateral, the Court recognized that New York courts award attorney's fees pursuant to the express terms of an indemnity agreement and, "in the bankruptcy context, the Supreme Court has held that attorneys' fees authorized by prepetition contracts may be awarded even if they are incurred in postpetition litigation."); *Rockland Credit Finance, LLC v. Ceda Mill, Inc. (In re Ceda Mills, Inc.)*, No. 04-24452, 2009 WL 8556804 (Bankr. W.D. Pa. Feb. 11, 2009) (deciding that unimpaired, secured creditor was entitled to collect postpetition interest, attorney's fees and costs and, further, because the estate was *solvent*, the creditor could collect postpetition interest, attorney's fees and costs even if was determined that the claim was unsecured).

9

Accordingly, I will accept the recommendation in the Mediator's Report and disallow WTC's Fee Claim.[29] An appropriate Order follows.

BY THE COURT:

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY COURT

DATED: November 19, 2015

---

[29] The Reorganized Debtors asserted alternative theories for substantially reducing the Fee Claim based on the terms of the Indenture and the unreasonableness of the fees. However, those arguments are not discussed herein since I conclude that the Fee Claim should be disallowed.

10