IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
In re:                                            :    Chapter 11 Cases
                                                  :
TRIBUNE MEDIA COMPANY, et al.,                    :    Case No. 08-13141 (KJC)
                                                  :    (Jointly Administered)
Reorganized Debtors.                              :
                                                  :    Related to Docket Nos.: 14166, 14167, 14170
                                                  :    Response Deadline: December 18, 2015[1]
---------------------------------------------------------------X

### REQUEST FOR ORDER CERTIFYING ORDER SUSTAINING THE REORGANIZED DEBTORS' OBJECTION TO THE CLASS 1F OTHER PARENT CLAIM ASSERTED BY WILMINGTON TRUST COMPANY FOR DIRECT APPEAL TO THE COURT OF APPEALS FOR THE THIRD CIRCUIT

Wilmington Trust Company ("WTC"), by and through its undersigned counsel, respectfully submits this request for certification (the "Request") of direct appeal to the United States Court of Appeals for the Third Circuit (the "Third Circuit"), pursuant to 28 U.S.C. § 158(d)(2) and Rule 8006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), of *the Order Sustaining the Reorganized Debtors' Objection to the Class 1F Other Parent Claim Asserted by Wilmington Trust Company* (the "Fee Order") [Docket No. 14167] (attached hereto as **Exhibit A**). In support of its Request, WTC respectfully states as follows:

---

[1] Federal Rule of Bankruptcy Procedure 8006(f)(1) provides that a party may file a response to a request for certification within 14 days after the notice of the request is served, or another time fixed by the Court. Given that this Court retains jurisdiction over the Request for 30 days from the effective date of WTC's Notice of Appeal [Docket No. 14170], filed December 2, 2015 (15-cv-01116), WTC requests that the Court not extend the 14-day statutory period for any party to file a response. Furthermore, consistent with Bankruptcy Rule 8006(f)(4), WTC requests that the Court rule on the Request without requiring oral argument. See Fed. R. Bankr. P. 8006(f)(4) ("The request, cross-request, and any response are submitted without oral argument unless the court where the matter is pending orders otherwise.").

**PRELIMINARY STATEMENT**

1.  WTC seeks certification of its appeal of the Fee Order on the narrow legal issue of whether a creditor with a prepetition, contractual entitlement to recover professional fees is entitled to an allowed, unsecured claim for those fees under Bankruptcy Code Section 502(b)(1) where those fees are incurred post-petition. WTC has appealed the Court's Fee Order,[2] which decided that question in the negative, and now seeks certification of its appeal to the Third Circuit Court of Appeals.

2.  That WTC is entitled to the relief sought through the Request is apparent from the opinion that accompanied the Fee Order (the "Opinion") [Docket No. 14166] (attached hereto as **Exhibit B**). In the opinion, the Court explained, among other things, that "[c]ourts have long been divided over the issue of whether an unsecured creditor can recover postpetition attorney's fees and costs as part of its allowed claim against a bankruptcy estate"; that "the split in decisions continues"; and that "the Third Circuit Court of Appeals has not decided the issue[.]" Opinion, at 5 & 9. As discussed in greater detail below, the plain language of the Court's Fee Order shows that the appeal is ripe for certification to the Third Circuit Court of Appeals for at least two of the four reasons that a court considers when determining whether the appeal of an Order should be certified. The test for certification is both disjunctive and mandatory. In other words, if a party seeking certification satisfies only one prong, the reviewing court is statutorily-bound to certify the appeal.

3.  WTC maintains that it satisfies each of the four disjunctive tests for certification, and, in any event, the Fee Order itself sets forth sufficient justification. Accordingly, WTC

---

[2] A copy of the Notice of Appeal is attached hereto as **Exhibit C**.

requests that the Court enter an Order certifying its appeal of the Fee Order for direct appeal to the Third Circuit Court of Appeals.

## ARGUMENT

4.     In 2005, Congress enacted 28 U.S.C. § 158(d)(2)(A) to streamline the process of bankruptcy appeals by enabling expedited access to the United States Circuit Courts of Appeals. Bankruptcy Code Section 158(d)(2)(A) provides that if both parties consent, or if the Bankruptcy or District Court so certifies, an appeal from a judgment or Order may be taken directly to the governing United States Circuit Court of Appeals when any one of the following four conditions is met:  (a) the judgment, Order, or decree involves a question of law as to which there is no controlling decision of the Circuit Court or of the Supreme Court of the United States; (b) the judgment, Order, or decree involves a matter of public importance; (c) the judgment, Order, or decree involves a question of law requiring resolution of conflicting decisions; **or** (d) an immediate appeal from the judgment, Order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken. See 28 U.S.C. § 158(d)(2)(A).

5.     A court must certify the appeal to the Circuit Court when even one of the foregoing conditions is present.  28 U.S.C. § 158(d)(2)(B) provides that "If the bankruptcy court . . . determines that a circumstance specified in clause (i), (ii), or (iii) of subparagraph (A) exists . . . then the *bankruptcy court . . . shall make* the certification described in subparagraph (A)." (emphasis added). This Court has similarly found that certification is mandatory where a single condition is satisfied. See In re Tribune, 477 B.R. 465, 470 (Bankr. D. Del. 2012) (KJC) ("[C]ertification to the court of appeals is *mandatory* if the bankruptcy court determines that circumstances specified in (i), (ii) or (iii) of subparagraph (A) exists. 28 U.S.C. § 158(d)(2)(B).")

(emphasis in original). Once that mandatory certification has been effected, the Circuit Court then has the discretion to accept or reject the certification. See 28 U.S.C. § 158(d)(2).

6. Here, although only one factor is required, all four are satisfied.

## I. WTC's Appeal Of The Fee Order Should Be Certified Because There Is No Controlling Third Circuit Precedent.

7. The first alternative ground requiring direct certification is when the Bankruptcy Court's Order involves a "question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States."[3] 28 U.S.C. § 158(d)(2)(A)(i); see 1 Collier on Bankruptcy at ¶ 5.06[4][c] n.36 (16th ed. rev. 2015) (explaining that certification is appropriate where the Circuit Court "ha[s] not spoken to the issue"). Indeed, as the Third Circuit Court of Appeals has recently recognized, it was "the desire for clarity and uniformity [that] led Congress to enact 28 U.S.C. § 158(d)(2)." In re One2One Commc'ns, LLC, No. 13-3410 (3d Cir. July 21, 2015) [Docket No. 398]. Moreover, one of the "twin purposes" of 28 U.S.C. § 158(d)(2) is "to generate binding appellate precedent in bankruptcy law, whose caselaw has been plagued by indeterminacy." Id. (citation and quotation omitted). That is because, as Congress recognized, "decisions rendered by a district court as well as a bankruptcy appellate panel are generally not binding and lack *stare decisis* value." H.R. Rep. No. 109-31(1), at 148 (2005).

8. Delaware bankruptcy courts have previously found "the 'controlling precedent' prong of 28 U.S.C. § 158(d)(2)(A)(i) to require that there be 'no governing law on the issue before the court.'" In re Nortel Networks Corp., No. 09-10138, 2010 WL 1172642, at *1 (Bankr. D. Del.

---

[3] Although WTC respectfully maintains that the decision by the Supreme Court of the United States in Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric Co., 549 U.S. 443 (2007) does, in fact, constitute binding precedent that requires reversal of the Fee Order, it recognizes that the Court has concluded that Travelers does not have any precedential effect on the case at bar. See Opinion, at 8-9.

Mar. 18, 2010). Certification may be especially appropriate where it "involv[es] important matters of statutory interpretation." 1 Collier on Bankruptcy ¶ 5.06[4][a] (16th ed. rev. 2015); see also Crédit Agricole Corp. & Invs. Bank N.Y. Branch v. Am. Home Mortg. Holdings, Inc. (In re Am. Home Mortg. Holdings, Inc.), 637 F.3d 246, 247 (3d Cir. 2011) (accepting certification of appeal involving an issue of statutory interpretation). For that reason, Congress determined that direct appeals "would be most appropriate" where the Circuit Court is "called upon to resolve a question of law not heavily dependent on the particular facts of a case" since review by the Circuit Court ensures prompt resolution of "knotty legal problems." Weber v. United States, 484 F.3d 154, 158-59 (2d Cir. 2007); see Tribune, 477 B.R. at 472 (relying on Weber and H.R. Rep. No. 109-31(1), at 148 (2005) for the proposition that pure legal questions are appropriate for direct appeal).

9.  Here, as the Court itself recognized, "the Third Circuit Court of Appeals has not decided the issue[.]" Opinion, at 5. Unlike the Court's prior denial of a certification request in these proceedings, here, the Fee Order was not "informed by [any] Third Circuit Court of Appeals' decision[.]" Tribune, 477 B.R. at 471. WTC respectfully submits that the inquiry ends there. However, considering the reasoning of the Fee Order, it is apparent that the Court reached its conclusion through a statutory interpretation of the interplay between Bankruptcy Code Sections 502(b) and 506(b). See Opinion at 7 ("I agree with the reasoning set forth in Global Industrial Technologies and the Mediator's Report; especially the conclusion that the plain language of § 502(b) and § 506(b), when read together, indicate that postpetition interest, attorney's fees and costs are recoverable only by oversecured creditors."); see also id. at 6 (applying the maxim of *expressio unius est exclusio alterius* to conclude that, because Bankruptcy Code Section 506(b) expressly provides for the allowance of attorneys' fees for oversecured creditors, but no other

Bankruptcy Code provision makes such provision for unsecured creditors, such creditors are not entitled to recover attorneys' fees as part of their unsecured claim).

10. Because there is no binding decision on the issue, and since the issue being appealed is focused on a narrow, legal issue which does not rely on the facts of the instant case, but instead requires statutory interpretation, the Request should be granted.

## II. WTC's Appeal Of The Fee Order Should Be Certified Because It Involves Matters Of Public Importance.

11. If an appellate issue involves a "matter of public importance," it must be certified to the Third Circuit Court of Appeals. 28 U.S.C. § 158(d)(2)(A)(i). Congress intended that certification to the applicable Circuit Court would be used "to expedite appeals that involve issues of public import that transcend the litigants and involve a legal question the resolution of which will advance the cause of jurisprudence to a degree that is usually not the case." Travelers Indem. Co. & Travelers Cas. & Sur. Co. v. Common Law Settlement Counsel (In re Johns-Manville Corp.), 449 B.R. 31, 34 (S.D.N.Y. 2011) (citations and internal quotations omitted).

12. When determining whether certification is necessary, courts may also take into account the monetary value of the matters at issue and the prominence of the case from which the appeal emanates. See, e.g., Bank of N.Y. Trust Co. v. Official Unsecured Creditors' Comm. (In re Pac. Lumber Co.), 584 F.3d 229, 242-43 (5th Cir. 2009) (noting the prominence of the case and stating that "[s]uch issues . . . when considered in the context of reorganizing nearly a billion dollars total debt and over $700 million of the [appellants'] secured debt, deserved certification and an opportunity for direct appeal"); Arrow Oil & Gas, Inc. v. SemCrude, L.P. (In re SemCrude, L.P.), 407 B.R. 112, 118, 139 (Bankr. D. Del. 2009) (in deciding to certify appeal sua sponte, court recognized the issues, implicating "not less than $57 million," were of great significance to the parties).

13. The Court's ruling has significant public importance to the extent that, if adopted by other courts within this jurisdiction, it will severely restrict unsecured creditors' recourse to receive reimbursement of legal fees, which effectively will limit such creditors' participation in the legal process. See, e.g., In re Antar, 122 B.R. 788, 791 (Bankr. S.D. Fla. 1990) ("To not allow, under the appropriate circumstances, creditors and their counsel to recover fees and costs incurred and paid with relation to this investigation [of uncovering undisclosed assets] and prosecution of action would have a chilling effect upon creditor participation within a bankruptcy proceeding."). This issue is of particular importance not just to Wilmington Trust, but to indenture trustees generally whose essential role with respect to servicing corporate debt has been recognized by courts and by Congress.[4] In short, this issue transcends the parties to this appeal and, if decided by the Third Circuit Court of Appeals, will affect countless litigants that currently are and will come before this Court.

14. Furthermore, both the prominence of these proceedings and the amounts at issue strongly support certification in this case. These proceedings – which constitute the largest bankruptcy proceedings of any company in the American media industry – have been, and continue to be, closely monitored, including with respect to the decision reached by the Fee Order. Also, as the Court recognized, WTC's claim for professional fees exceeds $30 million, which fees were incurred representing WTC as the indenture trustee for PHONES noteholders holding $1.2 billion in notes. As such, the determination of the obligation to reimburse WTC's legal expenses is a substantial issue. Accordingly, the Request should be granted.

---

[4] See e.g. *Meckel v. Cont'l Res. Co.*, 758 F.2d 811, 815-16 (2d Cir. 1985) ("Trust indentures are important mechanisms for servicing corporate debt and banks play an essential role in the process that brings corporate financing to the public market....That Congress recognized these significant economic considerations is reflected in 15 U.S.C. § 77ooo(a)(1) of the Trust Indenture Act. This governing statute specifically states that an 'indenture...may provide that...the indenture trustee shall not be liable except for the performance of such duties as are specifically set out in such indenture.'") In addition, subsection 77ooo(c) of the Trust Indenture Act requires a trustee to act in accordance with the terms of the indenture upon an event of default.

### III. WTC's Appeal of the Fee Order Should be Certified Because It Involves Issues Implicating Conflicting Decisions.

15.     An alternative ground requiring certification is when the "order . . . involves a question of law requiring resolution of conflicting decisions." 28 U.S.C. § 158(d)(2)(A)(ii). To satisfy this condition, the conflict must "exist within the particular circuit." 1 Collier on Bankruptcy ¶ 5.06[4][c] (16th ed. rev. 2015); see id. (noting that this prong "can be so readily satisfied"); see WestLB AG v. Kelley, 514 B.R. 287, 294 (D. Minn. 2014) ("When § 158(d)(2) refers to 'conflicting decisions,' it means conflicting decisions *within the same circuit*.") (emphasis in original).

16.     This condition is satisfied here. In the Opinion, the Court has recognized that, without a precedential decision from the Third Circuit Court of Appeals, "*some* courts in this Circuit have determined that postpetition attorney's fees are not recoverable as part of an allowed unsecured claim." Opinion, at 5-6 (citing Global Indus. Tech. Serv. Co. v. Tanglewood Inv., Inc. (In re Global Indus. Tech., Inc.), 327 B.R. 230 (Bankr. W.D. Pa. 2005)) (emphasis added). However, there is a split in decisions within the Third Circuit. Compare Rockland Credit Fin., LLC v. Ceda Mills, Inc. (In re Ceda Mills, Inc.), No. 04-24452, 2009 WL 8556804, at *6 n.3 (Bankr. W.D. Pa. Feb. 11, 2009) ("[E]ven if the [creditor's] claim is deemed to be wholly unsecured, [the creditor] would be permitted to add post-petition interest and attorneys' fees to its claim. The Court reaches this conclusion because nothing in the Bankruptcy Code prohibits the inclusion of attorneys' fees from being a part of the claim when such fees are incurred in connection with defending the allowance and payment of the claim in the bankruptcy case.") (relying on Travelers, 549 U.S. 443); OHC Liquidation Trust v. U.S. Fire Ins. Co. (In re Oakwood Homes Corp.), 394 B.R. 352, 356 (Bankr. D. Del. 2008) (Walsh, J.) ("[T]he Supreme Court has held that attorneys' fees authorized by prepetition contracts may be awarded even if they are

incurred in post-petition litigation.") (citing Travelers, 549 U.S. 443), with In re Loewen Grp. Int'l, Inc., 274 B.R. 427, 444 n.36 (Bankr. D. Del. 2002) (Walsh, J.) (determining, in a pre-Travelers case, that "the creditor's right to assert such [unsecured] claims [for attorneys' fees] is limited by the provisions of the Bankruptcy Code").

17.     As the Court accurately surmised, notwithstanding what WTC considers authoritative precedent from the Supreme Court, "the split in decisions continues" post-Travelers. Opinion, at 9. As such, the Request should be granted.

## IV.    WTC's Appeal of the Fee Order Should be Certified Because It Will Materially Advance The Proceeding From Which The Appeal Is Taken.

18.     Finally, an issue must be certified for direct appeal if "an immediate appeal . . . may materially advance the progress of the case or proceeding in which the appeal is taken." 28 U.S.C. § 158(d)(2)(A)(iii). The Court of Appeals for the Second Circuit explained how a direct appeal taken pursuant to 28 U.S.C.§ 158(d)(2) might "materially advance the progress of the case" as follows:

> [W]here a bankruptcy court has made a ruling which, if correct, will essentially determine the result of future litigation, the parties adversely affected by the ruling might very well fold up their tents if convinced that the ruling has the approval of the court of appeals, but will not give up until that becomes clear. Where that ruling is manifestly correct or manifestly erroneous, the parties would profit from its immediate review in this court.

Weber v. U.S. Trustee, 484 F.3d 154, 158 (2d Cir. 2007). Furthermore, where the Court is confident the litigants will continue to exercise their appellate rights, certification may "materially advance litigation." See In re SemCrude, 407 B.R. at 157-58 (sua sponte certification of appeal to the Third Circuit where, inter alia, the "Court ha[d] little doubt that this decision will be appealed").

19.     As this Court is well aware, the dispute over WTC's entitlement to its Class 1F Other Parent Claim has existed for nearly three (3) years. Numerous rounds of negotiation, mediation, and Court oversight have occurred, none of which has produced a resolution that WTC

9

deems satisfactory. Moreover, substantially all fee disputes have been resolved in these proceedings. As such, resolution of WTC's issue by the Third Circuit Court of Appeals will materially advance the closing of these Chapter 11 cases. And, because WTC intends to exhaust its appellate remedies to receive a controlling decision on this important point of law, certification will expedite the conclusion of the instant dispute, thus conserving valuable estate and judicial resources. For this reason alone, the Request should be granted.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, WTC respectfully requests that the Court (i) enter an Order granting the Request substantially in the form of order attached hereto as **Exhibit D**, and (ii) grant such other and further relief that the Court deems necessary and proper.

Dated: Wilmington, Delaware
December 4, 2015

Respectfully submitted,

SULLIVAN HAZELTINE ALLINSON LLC

*/s/ William D. Sullivan*
William D. Sullivan (I.D. No. 2820)
William A. Hazeltine (I.D. No. 3294)
901 N. Market Street, Suite 1300
Wilmington, DE 19801
302-428-8191

and

BROWN RUDNICK LLP
Robert J. Stark
James W. Stoll
Jonathan D. Marshall
Seven Times Square
New York, NY 10036
212-209-4800

*Counsel for Wilmington Trust Company, solely in its capacity as successor Indenture Trustee for the PHONES Notes*

10