### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY, <u>et al.</u>[1]<br>(f/k/a Tribune Company) | Case No. 08-13141 (KJC) |
| | Jointly Administered |
| Reorganized Debtors. | **Hearing Date: January 20, 2016 at 2:00 p.m. ET**<br>**Response Deadline: January 13, 2016 at 4:00 p.m. ET** |

### REORGANIZED DEBTORS' SEVENTY-FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTIONS 502(b) AND 558 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003 AND 3007, <u>AND LOCAL RULE 3007-1</u>

### ("AFTRA CLAIMS")

The reorganized debtors in the above-captioned chapter 11 cases (collectively, the "<u>Reorganized Debtors</u>"), by and through their undersigned counsel, hereby file this seventy-fifth omnibus objection to claims (the "<u>Objection</u>"), which Objection covers each of the seven (7) claims filed by the American Federation of Television and Radio Artists ("<u>AFTRA</u>") and the American Federation of Television and Radio Artists Health & Retirement Funds ( "<u>AFTRA H&R</u>") set forth on <u>Exhibit A</u> attached hereto and to the proposed form of order submitted herewith (collectively, the "<u>AFTRA Claims</u>").  This Objection is submitted pursuant to sections 502(b) and 558 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 3001, 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); Chicago Tribune Company, LLC (3437); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); KTLA, LLC (3404); KWGN, LLC (5347); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); Tribune CNLBC, LLC (0347); Tribune Content Agency, LLC (2931); Tribune Media Services, LLC (1080); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191).  The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

Court for the District of Delaware (the "Local Rules"). By this Objection, the Debtors request

the entry of an order disallowing and expunging the AFTRA Claims for the reasons described in

further detail below. In support of this Objection, the Debtors rely on the Declaration of

Chenessa Roberson, Regional Human Resources Director of Tribune Media Company (the

"Roberson Declaration"), attached hereto as Exhibit B. In further support of the Objection, the

Reorganized Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1.      Tribune Company (now known as Tribune Media Company) and certain

of its affiliates (collectively, the "Debtors"),[2] each filed a voluntary petition for relief under

chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for

procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule

1015(b). (Docket Nos. 43, 2333.)

2.      On July 23, 2012, the Court entered the Order Confirming Fourth

Amended Joint Plan of Reorganization (the "Plan") for Tribune Company and Its Subsidiaries

Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital

Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (Docket No.

12074).[3]

3.      The Effective Date of the Plan occurred on December 31, 2012.[4]

---

[2] As used herein, the term "Debtors" refers to the entities that filed the above-captioned chapter 11 cases and the term "Reorganized Debtors" refers to the entities that became successors to the Debtors upon the Debtors' emergence from their chapter 11 cases.

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

[4] The Plan provides that one or more Debtors may undertake Restructuring Transactions on, prior to, or after the Effective Date, which may include, without limitation, mergers, consolidations, conversions, joint ventures, restructurings, recapitalizations, dispositions, liquidations or dissolutions. See Plan § 5.2, Ex. 5.2 and Docket No. 12732. Certain of the Debtors undertook Restructuring Transactions, pursuant to which they merged with and into direct or indirect wholly-owned subsidiaries of Tribune or converted into limited liability companies. A notice with information respecting each Debtor's post-emergence entity following the consummation of the Restructuring Transactions was filed with the Bankruptcy Court on November 16, 2012 (Docket No. 12732).

46429/0001-12583509V1

4.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1.

## FACTUAL BACKGROUND TO THE DEBTORS' CLAIMS PROCESS

5.     On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs (Docket Nos. 567-789), which were subsequently amended on April 13, 2009 (Docket Nos. 894-957), June 12, 2009 (Docket Nos. 1343-1453), March 2, 2010 (Docket Nos. 3548-3599), May 14, 2010 (Docket Nos. 4388), and January 28, 2011 (Docket Nos. 7661-7671) (collectively, the "Schedules").

6.     On March 26, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against any of the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date.

7.     Written notice of the Bar Date was mailed to, among others, all known creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order.  In addition to mailing such actual notice, the Debtors also published notice of the Bar Date in the National Editions of the Wall Street Journal and the New York Times and in the Chicago Tribune and Los Angeles Times on May 12, 2009.

8.     As of the Effective Date, approximately 7,165 Proofs of Claim were filed in these chapter 11 cases.  The Proofs of Claim are recorded on the official claims register (the

3

"Claims Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the

Debtors and Reorganized Debtors to assist with claims processing in these chapter 11 cases (the

"Claims Agent").

## FACTUAL BACKGROUND TO THE AFTRA CLAIMS

9.      AFTRA (now known as SAG-AFTRA following the March 2012 merger

of AFTRA with the Screen Actors Guild) is, to the Reorganized Debtors' knowledge, a union

that negotiates collective bargaining agreements ("CBAs") with employers of certain television

and radio artists. See SAG-AFTRA, About Us, available at www.sagaftra.org/content/about-us

(last viewed December 10, 2015).

10.      AFTRA H&R is a separate legal entity from AFTRA and, again to the

Reorganized Debtors' knowledge, provides health and retirement benefits to its members. See

AFTRA H&R, About Us, available at www.aftrahr.com/Home/learn_about_us/about_us.aspx

(last viewed December 10, 2015). The CBAs between AFTRA and employers generally include

provisions for employers to make certain contributions to AFTRA H&R on behalf of their

covered employees to fund the health and retirement benefits provided by AFTRA H&R. Id.;

see also Claim No. 4885 at 2 ("AFTRA is the collective bargaining representative and party to

collective bargaining agreements . . . with the Debtor.  Health and retirement contributions are

owed under the CBA and the Funds' Trust Agreement.").

11.      Certain of the Debtors were (and Reorganized Debtors are) parties to one

or more CBAs with AFTRA that cover certain employees and independent contractors that

worked (or continue to work) at the Debtors' and Reorganized Debtors' television stations.

Roberson Decl. ¶ 4.  In the ordinary course of their businesses, the Debtors made (and the

Reorganized Debtors make) contributions to AFTRA H&R based on a percentage of the

4

compensation paid to the covered employees[5] by the applicable Debtor or Reorganized Debtor. Id. Compensation owed to covered employees for services rendered to the Debtors and Reorganized Debtors was/is paid through the Debtors' and Reorganized Debtors' payroll or accounts payable directly to the covered employees. Id. No compensation was/is due to or paid to AFTRA directly on behalf of covered employees. Id.

12. The AFTRA Claims were each filed on June 12, 2009 in unliquidated and undetermined amounts. Three (3) of such claims were filed by AFTRA H&R against WGN Continental Broadcasting Company ("WGN"), Tribune, and KTLA Inc. ("KTLA"), respectively, and four (4) of such claims were filed by AFTRA against WPIX Inc. ("WPIX"), WGN, KTLA, and Tribune, respectively.[6]

13. Each of the AFTRA Claims includes an attachment that describes the asserted basis for the claim in greater detail. In summary, the AFTRA Claims fall into one of the following categories:

- Claims against WGN for unpaid compensation and/or health and retirement contributions due on behalf of AFTRA-represented employees, including the following sportscasters/color analysts: Steve Stone, Ken Harrelson, Tom Paciorek, and Darrin Jackson (Claim Nos. 4885 and 4889).

- Claims against KTLA for unpaid compensation and/or health and retirement contributions due on behalf of AFTRA-represented employees, including the following sportscaster/color analyst: Mike Smith (Claim Nos. 4887 and 4890).

- Claims against Tribune for unpaid compensation and/or health and retirement contributions due on behalf of AFTRA-represented employees, including the

---

[5] Solely for purposes of this Objection, the term "covered employee" also includes independent contractors that contracted with a Debtor or Reorganized Debtor individually or through a closely-held company owned by such persons. Nothing herein is or should be deemed to be an admission that any independent contractor was an employee of any of the Debtors or Reorganized Debtors.

[6] Each of the claims filed by AFTRA H&R asserts that it is entitled to priority under section 507(a)(5) of the Bankruptcy Code and each of the claims filed by AFTRA asserts that it is entitled to priority under sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code. Because no amounts are due on account of the AFTRA Claims, there are no amounts entitled to priority. The Reorganized Debtors expressly reserve their rights to contest priority of any of the AFTRA Claims should further proceedings on the allowance of the AFTRA Claims be necessary.

46429/0001-12583509V1

same sportscasters/color analysts identified in the WGN and KTLA claims (Claim Nos. 4886 and 4891).

- Protective claim against WPIX "for any unpaid compensation, benefits, expenses, and other monetary obligations owed to AFTRA-represented talent or others pursuant to the CBA." (Claim No. 4888).

## RELIEF REQUESTED

14.     By this Objection, the Reorganized Debtors seek entry of an order, pursuant to sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1, disallowing and expunging in their entirety each of the AFTRA Claims identified on <u>Exhibit A</u> on the grounds set forth herein with respect to each such claim, and (ii) authorizing the Claims Agent to modify each of the AFTRA Claims on the Claims Register in accordance with the proposed Order.

15.     This Objection complies with Local Rule 3007-1 in all respects.

## BASIS FOR OBJECTION

16.     This Objection is based on section 502(b)(1) of the Bankruptcy Code, which provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
>
> > (1)     such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1). Section 502(b)(1) recognizes the settled principle that "[c]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." <u>Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.</u>, 549 U.S. 443, 450-51 (2007)

(citing Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20 (2000)).  A claim against the bankruptcy estate, therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be enforceable against the debtor outside of bankruptcy." In re Combustion Eng'g, Inc., 391 F.3d 190, 245 (3d Cir. 2004).  In proceedings to determine whether a claim is enforceable against the estate, "[t]he estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses" pursuant to section 558 of the Bankruptcy Code. See 11 U.S.C. § 558.

17.    In connection with their review of all Proofs of Claim filed to date against the Debtors' estates, the Reorganized Debtors have determined that they have no liability to either AFTRA or AFTRA H&R with respect to the seven (7) AFTRA Claims identified on Exhibit A hereto.  The respective Reorganized Debtors against which the AFTRA Claims were filed have reviewed their books and records, including the AFTRA CBA, and have undertaken a reasonable investigation of the AFTRA Claims based on the information provided in the applicable proofs of claim.  Roberson Decl. ¶ 5.  Based on that review, the Reorganized Debtors are not liable for the AFTRA Claims because their books and records, which the Reorganized Debtors believe to be accurate, do not reflect that any prepetition amounts are due and owing to either AFTRA or AFTRA H&R on account of the AFTRA Claims. Id.  The reasons supporting the disallowance of each of the AFTRA Claims are set forth below.

A. **Claims for Compensation and Contributions Due to Certain Identified Sportscasters/Analysts**

18.    The claims filed by AFTRA and AFTRA H&R against WGN, KTLA, and Tribune include claims for prepetition compensation that is alleged to possibly have been owed to five (5) identified sportscasters and analysts and for contributions that are alleged to possibly

7

have been owed to AFTRA H&R on behalf of such sportscasters and analysts based on any unpaid prepetition compensation.

19.     With respect to the claims filed by AFTRA and AFTRA H&R against WGN and Tribune for compensation and related health and retirement contributions allegedly due or applicable to Ken Harrelson, Tom Paciorek, or Darrin Jackson, none of those individuals was an employee of WGN or Tribune at any relevant time.  Roberson Decl. ¶ 7.  Each was employed or contracted solely and exclusively by the Chicago White Sox Major League Baseball team.  Id.  As such, they were not covered by the AFTRA CBA applicable to WGN or Tribune. Id.  Based on those facts, the Reorganized Debtors' records do not show any amounts due and owing to AFTRA H&R on their behalf by WGN or Tribune.  Id.

20.     With respect to the claims against WGN and Tribune based on compensation and related health and retirement contributions allegedly due or applicable to Steve Stone, Mr. Stone's employment as a sportscaster with WGN (pursuant to a personal services contract with his closely-held corporation) ended in 2004.[7]  Roberson Decl. ¶ 8.  No unpaid compensation or health and retirement contributions were due to Mr. Stone as of the Petition Date, and the Reorganized Debtors' records do not show any amounts due and owing to AFTRA H&R on his behalf by WGN or Tribune.  Id.

21.     With respect to the claims filed by AFTRA and AFTRA H&R against KTLA and Tribune, the Reorganized Debtors have reviewed their records and have confirmed that Mike Smith was owed $6,550 in compensation from KTLA for services rendered as an analyst prior to the Petition Date.  See Roberson Decl. ¶ 9.  That claim was satisfied in full by a payment of $6,550, made on the Effective Date, on account of Claim No. 4845 filed by

---

[7] Mr. Stone became an announcer for the Chicago White Sox in 2009 (i.e., after the Petition Date), but was employed by the Chicago White Sox and not by WGN.

8

Everything Net Inc., Mr. Smith's closely-held corporation.  Id.  The Reorganized Debtors'

records do not reflect that any contributions to AFTRA H&R were outstanding as of the Petition

Date on behalf of Mr. Smith.  Id.

      22.    In addition, the AFTRA Claims against Tribune (Claim Nos. 4886 and

4891, respectively) should be disallowed because they are substantive duplicates of the claims

against WGN and KTLA discussed above.  No compensation or unpaid contributions were due

from Tribune to AFTRA or AFTRA H&R as of the Petition Date, and AFTRA has identified no

basis for asserting any of these claims against Tribune.

**B.  Protective Claims for Compensation Due to Covered Employees**

      23.    In addition to the claims on behalf of the identified sportscasters and

analysts discussed above, portions of the claims filed by AFTRA against WGN, KTLA, and

Tribune and the entirety of the claim against WPIX are "protective" claims, asserted to the extent

there is any unpaid prepetition compensation due to any other covered employees.  The

Reorganized Debtors have reviewed the Claims Register and have confirmed that there are no

such unpaid claims for prepetition compensation due to any of their employees or independent

contractors.  See Roberson Decl. ¶ 10.  Any prepetition claims for compensation due to the

Debtors' employees or independent contractors were either paid in full in the ordinary course of

business shortly after the Petition Date pursuant to the Court's order authorizing the Debtors to

pay prepetition compensation and continue their prepetition employee benefit programs[8] or were

paid following the Effective Date pursuant to the Plan.  Id.  Even if there were claims for unpaid

compensation due to the Debtors' covered employees, such claims would be owed to the

---

[8] See Order, In re Tribune Co. (Bankr. D. Del., filed Dec. 10, 2008) (Docket No. 53) (authorizing the Debtors to, among other things, pay prepetition compensation and continue their prepetition employee benefit programs).

46429/0001-12583509V1

individuals and not to AFTRA.  AFTRA has identified no basis for which any prepetition

employee compensation claims would be payable to it.

24.     Accordingly, the Debtors object to the allowance of each of the AFTRA

Claims set forth on Exhibit A and request that such AFTRA Claims be disallowed in their

entirety and expunged.  The Reorganized Debtors also request that the Court authorize the

Claims Agent to expunge the AFTRA Claims from the Claims Register as sought by this

Objection so that the Claims Register reflects more accurately the claims legitimately asserted

and outstanding against the Reorganized Debtors.

## RESERVATION OF RIGHTS

25.     The Reorganized Debtors hereby reserve their right to amend, modify,

and/or supplement this Objection at any time prior to the hearing on this Objection.  The

Reorganized Debtors further reserve their right to adjourn the hearing on this Objection as it

pertains to any or all of the AFTRA Claims.  In the event that the Reorganized Debtors so

adjourn the hearing, they will state that the hearing on the Objection and/or any response filed in

connection therewith and/or all applicable deadlines for responsive pleadings have been

adjourned on the agenda for the hearing, which agenda will be served on any party affected by

such adjournment.

## NOTICE

26.     Notice of this Objection has been provided to: (i) the Office of the United

States Trustee; (ii) the claimants listed on Exhibit A; and (iii) all parties requesting notice

pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  In light of the

nature of the relief requested herein, the Reorganized Debtors submit that no other or further

notice is necessary.

46429/0001-12583509V1

## NO PRIOR REQUEST

27.    No previous application for the relief sought herein has been made to this Court or to any other court.

WHEREFORE, for the reasons set forth herein, the Reorganized Debtors respectfully request that the Court enter an order, pursuant to sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1, (i) disallowing in full and expunging the AFTRA Claims as set forth on Exhibit A; (ii) directing the Claims Agent to expunge the AFTRA Claims from the Claims Register; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
       December 10, 2015

Respectfully submitted,

SIDLEY AUSTIN LLP
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile:  (312) 853-7036

       -and-

COLE SCHOTZ P.C.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR REORGANIZED DEBTORS

46429/0001-12583509V1