## EXHIBIT A

## AFTRA Claims

TRIBUNE MEDIA COMPANY, ET AL.

EXHIBIT A: AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM AMOUNT | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS HEALTH & RETIREMENT FUNDS ATTN: JOE HARRIS 261 MADISON AVENUE NEW YORK, NY 10016 | 08-13252 | WGN Continental Broadcasting Company | 06/12/2009 | 4885 | Undetermined | No unpaid compensation was due to any covered employees as of the Petition Date. Neither Ken Harrelson, Tom Paciorek, nor Darrin Jackson were covered employees of the Debtor at any relevant time. Steve Stone was a covered employee until approximately 2004. No unpaid compensation was due to Mr. Stone as of the Petition Date. No health and retirement contributions were due and owing to AFTRA by the Debtor on behalf of any covered employees as of the Petition Date. |
| 2 | AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS HEALTH & RETIREMENT FUNDS ATTN: JOE HARRIS 261 MADISON AVENUE NEW YORK, NY 10016 | 08-13141 | Tribune Company | 06/12/2009 | 4886 | Undetermined | Claim is a substantive duplicate of Claim Nos. 4885 and 4887. No health and retirement contributions were due and owing to AFTRA by the Debtor as of the Petition Date. |
| 3 | AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS HEALTH & RETIREMENT FUNDS ATTN: JOE HARRIS 261 MADISON AVENUE NEW YORK, NY 10016 | 08-13183 | KTLA Inc. | 06/12/2009 | 4887 | Undetermined | Claim was satisfied in full by payment of $6,550 on 12/31/12, on account of Claim No. 4845 filed by Everything Now, Inc., representing compensation due for prepetition services rendered by Mike Smith. No health and retirement contributions were due and owing to AFTRA by the Debtor as of the Petition Date. |
| 4 | AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS ATTN: DEBRA OSOFSKY 261 MADISON AVENUE NEW YORK, NY 10016 | 08-13254 | WPIX, Inc. | 06/12/2009 | 4888 | Undetermined | Claim is a protective claim that does not identify any covered employees at WPIX-TV. No amounts are due and owing to AFTRA by the Debtor. |

TRIBUNE MEDIA COMPANY, ET AL.

EXHIBIT A: AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM AMOUNT | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 5 | AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS ATTN: DEBRA OSOFSKY 261 MADISON AVENUE NEW YORK, NY 10016 | 08-13252 | WGN Continental Broadcasting Company | 06/12/2009 | 4889 | Undetermined | No unpaid compensation was due to any covered employees as of the Petition Date. Neither Ken Harrelson, Tom Paciorek, nor Darrin Jackson were covered employees of the Debtor at any relevant time. Steve Stone was a covered employee until approximately 2004. No unpaid compensation was due to Mr. Stone as of the Petition Date. No amounts are due and owing to AFTRA by the Debtor. |
| 6 | AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS ATTN: DEBRA OSOFSKY 261 MADISON AVENUE NEW YORK, NY 10016 | 08-13183 | KTLA Inc. | 06/12/2009 | 4890 | Undetermined | Claim was satisfied in full by payment of $6,550 on 12/31/12, on account of Claim No. 4845 filed by Everything No., Inc., representing compensation due for prepetition services rendered by Mike Smith. No amounts are due and owing to AFTRA by the Debtor. |
| 7 | AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS ATTN: DEBRA OSOFSKY 261 MADISON AVENUE NEW YORK, NY 10016 | 08-13141 | Tribune Company | 06/12/2009 | 4891 | Undetermined | No unpaid compensation was due to any covered employees as of the Petition Date. Claim is a substantive duplicate of Claim Nos. 4889, and 4890. No amounts are due and owing to AFTRA by the Debtor. |

# EXHIBIT B

**Roberson Declaration**

46429/0001-12583509V1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY, et al.[1] (f/k/a Tribune Company) | Case No. 08-13141 (KJC) |
| | Jointly Administered |
| Reorganized Debtors. | |

## DECLARATION OF CHENESSA ROBERSON IN SUPPORT OF REORGANIZED DEBTORS' SEVENTY-FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS

### ("AFTRA CLAIMS")

I, Chenessa Roberson, declare as follows:

1. I am Regional Human Resources Director of Tribune Media Company, one of the reorganized debtors in the above-captioned chapter 11 cases (collectively, the "Reorganized Debtors"), and the ultimate parent of certain of the other Reorganized Debtors. In this position, I am responsible for all human resources at various television stations owned by Tribune Media Company. I am generally familiar with the requirements for contributions to the AFTRA H&R funds for employees covered by the collective bargaining agreements with the union.

2. I have read the Reorganized Debtors' Seventy-Fifth Omnibus (Substantive) Objection to Claims Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007-1, and Local Rule 3007-1 (the "Objection")[2] and am directly, or by and through the Reorganized Debtors' personnel and advisors, familiar with the information

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); Chicago Tribune Company, LLC (3437); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); KTLA, LLC (3404); KWGN, LLC (5347); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); Tribune CNLBC, LLC (0347); Tribune Content Agency, LLC (2931); Tribune Media Services, LLC (1080); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Objection.

contained therein and the Exhibit attached thereto. I am authorized to submit this declaration (the "Declaration") in support of the Objection.

3. All matters set forth in this Declaration are based on: (a) my personal knowledge, (b) my review of relevant documents, (c) my view, based on my experience and knowledge of the Reorganized Debtors' operations and personnel, (d) information supplied to me by others at the Reorganized Debtors' request, or (e) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance on the advice of counsel or other advisors to the Reorganized Debtors. If called upon to testify, I could and would testify competently to the facts set forth herein.

4. Certain of the Debtors were (and Reorganized Debtors are) parties to one or more collective bargaining agreements with the Debtors and Reorganized Debtors (the "CBAs") with the American Federation of Television and Radio Artists ("AFTRA") that cover certain employees and that worked (or continue to work) at the Debtors' and Reorganized Debtors' television stations. In the ordinary course of their businesses, the Debtors made (and the Reorganized Debtors make) contributions to or the American Federation of Television and Radio Artists Health & Retirement Funds ("AFTRA H&R") based on a percentage of the compensation paid to the covered employees[3] by the applicable Debtor or Reorganized Debtor. Compensation owed to covered employees for services rendered to the Debtors and Reorganized Debtors was/is paid through the Debtors' and Reorganized Debtors' payroll or accounts payable directly to the covered employees. No compensation was/is due to or paid directly to AFTRA on behalf of covered employees.

---

[3] Solely for purposes of this Objection, the term "covered employee" also includes independent contractors that contracted with a Debtor or Reorganized Debtor individually or through a closely-held company owned by such persons. Nothing herein is or should be deemed to be an admission that any independent contractor was an employee of any of the Debtors or Reorganized Debtors.

5. In connection with their review of all proofs of claim filed to date against the Debtors' estates, the Reorganized Debtors have determined that they have no liability to either AFTRA or AFTRA H&R with respect to the seven (7) proofs of claim identified on Exhibit A to the Objection (collectively, the "<u>AFTRA Claims</u>"). The respective Reorganized Debtors against which the AFTRA Claims were filed have reviewed their books and records, including the AFTRA CBAs with the Debtors and Reorganized Debtors, and have undertaken a reasonable investigation of the AFTRA Claims based on the information provided in the applicable proofs of claim. Based on that review, to the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, no prepetition amounts are due and owing to either AFTRA or AFTRA H&R on account of the AFTRA Claims.

### A. Claims for Compensation and Contributions Due to Certain Identified Sportscasters/Analysts

6. The claims filed by AFTRA and AFTRA H&R against WGN, KTLA, and Tribune include claims for prepetition compensation that is alleged by AFTRA and AFTRA H&R to potentially have been owed to five (5) identified sportscasters and analysts, and for contributions that are alleged by AFTRA and AFTRA H&R to potentially have been owed to AFTRA H&R on behalf of such sportscasters and analysts based on any unpaid prepetition compensation.

7. With respect to the claims filed by AFTRA and AFTRA H&R against WGN and Tribune for compensation and related health and retirement contributions allegedly due or applicable to Ken Harrelson, Tom Paciorek, or Darrin Jackson, none of those individuals was an employee of WGN or Tribune at any relevant time. Each was employed or contracted solely and exclusively by the Chicago White Sox Major League Baseball team. As such, they were not covered by the AFTRA CBA applicable to WGN or Tribune. Based on those facts, the

3

Reorganized Debtors' records do not show any amounts due and owing to AFTRA H&R on their behalf by WGN or Tribune.

8. With respect to the claims against WGN and Tribune based on compensation and related health and retirement contributions allegedly due or applicable to Steve Stone, Mr. Stone's employment as a sportscaster with WGN (pursuant to a personal services contract with his closely-held corporation) ended in 2004.[4] No unpaid compensation or health and retirement contributions were due to Mr. Stone as of the Petition Date, and the Reorganized Debtors' records do not show any amounts due and owing to AFTRA H&R on his behalf by WGN or Tribune.

9. With respect to the claims filed by AFTRA and AFTRA H&R against KTLA and Tribune, the Reorganized Debtors have reviewed their records and have confirmed that Mike Smith was owed $6,550 in compensation from KTLA for services rendered as an analyst prior to the Petition Date. That claim was satisfied in full by a payment of $6,550 on the Effective Date, on account of Claim No. 4845 filed by Everything Net Inc., Mr. Smith's closely-held corporation. The Reorganized Debtors' records do not reflect that any contributions to AFTRA H&R were outstanding as of the Petition Date on behalf of Mr. Smith.

### B. Protective Claims for Compensation Due to Covered Employees

10. In addition to the claims on behalf of the identified sportscasters and analysts discussed above, portions of the claims filed by AFTRA against WGN, KTLA, and Tribune and the entirety of the claim against WPIX are "protective" claims, asserted to the extent there is any unpaid prepetition compensation due to any other covered employees. The Reorganized Debtors have reviewed the Claims Register and have confirmed that there are no such unpaid claims for

---

[4] Mr. Stone became an announcer for the Chicago White Sox in 2009 (i.e., after the Petition Date), but was employed by the Chicago White Sox and not by WGN.

4

prepetition compensation due to any of their employees or independent contractors. Any prepetition claims for compensation due to the Debtors' employees or independent contractors were either paid in full in the ordinary course of business shortly after the Petition Date pursuant to the Court's order authorizing the Debtors to pay prepetition compensation and continue their prepetition employee benefit programs, or were paid following the Effective Date pursuant to the Plan.

[Remainder of Page Intentionally Left Blank]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2 day of December 2015.

_____
By: Chenessa Roberson

**OFFICIAL SEAL**
**JUANA M VEGA**
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Sep 11, 2019