## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY, et al.[1]<br>(f/k/a Tribune Company) | Case No. 08-13141 (KJC) |
| | Jointly Administered |
| Reorganized Debtors. | **Hearing Date: January 20, 2016 at 2:00 p.m. ET**<br>**Objection Deadline: December 28, 2015 at 4:00 p.m. ET** |

### REORGANIZED DEBTORS' MOTION FOR ENTRY OF AN ORDER
### FURTHER EXTENDING THE DEADLINE TO OBJECT TO CLAIMS

The reorganized debtors in the above-captioned chapter 11 cases (collectively, the "Reorganized Debtors"), by and through their undersigned counsel, hereby submit this motion (the "Motion") for the entry of an order, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and section 8.1 of the Plan (as defined below), further extending the deadline established under the Plan for the Reorganized Debtors to object to Claims.[2]  In support of this Motion, the Reorganized Debtors respectfully represent as follows:

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); Chicago Tribune Company, LLC (3437); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); KTLA, LLC (3404); KWGN, LLC (5347); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); Tribune CNLBC, LLC (0347); Tribune Content Agency, LLC (2931); Tribune Media Services, LLC (1080); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191).  The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

## STATUS OF THE CASE AND JURISDICTION

1.  On December 8, 2008 (the "Petition Date"), Tribune Company (n/k/a Tribune Media Company) and certain of its subsidiaries (collectively, the "Debtors")[3] each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  An additional Debtor, Tribune CNLBC, LLC,[4] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.

2.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket Nos. 43, 2333].

3.  On July 23, 2012, the Court entered an order [Docket No. 12074] (the "Confirmation Order") confirming the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 12072] (the "Plan").

4.  The Effective Date of the Plan occurred on December 31, 2012.

5.  On March 16, 2015, the Court entered a final decree closing eighty-eight (88) of the one hundred and ten (110) then-pending chapter 11 cases as "fully administered" under section 350 of the Bankruptcy Code and Bankruptcy Rule 3022 (the "Initial Case Closure Order").[5] See Docket No. 14078.

---

[3] As used herein, the term "Debtors" refers to the entities that filed the above-captioned chapter 11 cases and the term "Reorganized Debtors" refers to the entities that became successors to the Debtors upon the Debtors' emergence from their chapter 11 cases.

[4] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

[5] The complete title of the Initial Case Closure Order is the Final Decree (I) Closing Certain of the Reorganized Debtors' Chapter 11 Cases Pursuant to Sections 105(a) and 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1 and (II) Directing the Use of an Amended Caption in the Reorganized Debtors' Cases

2

6.      On July 24, 2015, the Court entered a final decree closing an additional
eight (8) of the twenty-two (22) remaining chapter 11 cases as "fully administered" under section
350 of the Bankruptcy Code and Bankruptcy Rule 3022 (the "Second Case Closure Order").[6]
See Docket No. 14135.  Only fourteen (14) of the Debtors' original one hundred and ten (110)
chapter 11 cases remain open and pending before this Court.

7.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157
and 1334, which jurisdiction was retained pursuant to Article IX of the Confirmation Order and
Section 12.1 of the Plan.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is
proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates
for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006,
and Local Rule 9006-2.

## RELEVANT BACKGROUND

8.      Section 8.1 of the Plan provides that "[u]nless otherwise ordered by the
Bankruptcy Court, the Reorganized Debtors and/or the Litigation Trustee shall serve and file any
objections to Claims and Interests as soon as practicable, but in no event later than (a) two
hundred ten (210) days after the Effective Date or (b) such later date as may be determined by
the Bankruptcy Court upon a motion which may be made without further notice or hearing."
Plan § 8.1.  In light of the foregoing, because the Effective Date occurred on December 31, 2012,
the period within which the Reorganized Debtors may object to Claims was initially set to expire
on July 29, 2013.

---

Pursuant to Sections 105(a) and 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005, 2002(m), and 2002(n).

[6] The complete title of the Second Case Closure Order is the Final Decree (I) Closing Certain of the Reorganized Debtors' Chapter 11 Cases Pursuant to Sections 105(a) and 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1 and (II) Directing the Use of an Amended Caption in the Reorganized Debtors' Cases Pursuant to Sections 105(a) and 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005, 2002(m) and 2002(n).

46429/0001-12584954v1

9.      The Court has since entered orders extending the Plan § 8.1 objection deadline (the "Claims Objection Deadline") on five separate occasions [Docket Nos. 13674, 13841, 13960, 14045, 14134]. The most recent of these orders (the "Fifth Extension Order") extended the Claims Objection Deadline through and including December 31, 2015 [Docket No. 14134].

10.     The vast majority of the more than 7,100 proofs of claim filed in the Debtors' chapter 11 cases (the "Proofs of Claim") – approximately 94% – have been resolved. Two (2) additional Claims have been resolved since entry of the Fifth Extension Order. Of the Proofs of Claim that remain outstanding (the "Unresolved Claims"), the bulk (roughly 95%) are contingent, unliquidated, and disputed indemnification and/or securities litigation Claims, which relate to the ongoing litigation involving the 2007 leveraged buy-out of Tribune Company (collectively, the "Unresolved LBO-Related Claims").[7]

11.     There are approximately 20 Proofs of Claim that remain outstanding other than the Unresolved LBO-Related Claims (the "Unresolved Non-LBO-Related Claims"). Three of the Unresolved Non-LBO-Related Claims are awaiting adjudication by the Bankruptcy Court.[8] An objection to an additional Unresolved Non-LBO-Related Claim was filed with the Court on May 8, 2015 and has been adjourned on the consent of the parties for the purpose of

---

[7] Also included in the LBO-Related Claims are five proofs of claim filed by Morgan Stanley Capital Services, Inc. and its affiliates (collectively, the "MSCS Claims"). Pursuant to §§ 3.2.5(b), 7.11.12, and 11.2.6 of the Plan, the MSCS Claims are subject to set off against certain Preserved Causes of Action and therefore adjudication of the MSCS Claims is under the control of the Litigation Trust (as defined in the Plan).

[8] See Notice of Completion of Briefing Regarding Reorganized Debtors' Objection to Claim No. 3333 of Keith Younge, Pursuant to Sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007 [Docket No. 13964]; Debtors' Objection to Claim No. 3697 of Robert Henke Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007 [Docket No. 3796] and subsequent related pleadings; Debtors' Supplemental Objection to Claims of Robert Henke Pursuant to Sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 [Docket No. 11792] and subsequent related pleadings.

pursuing a potential consensual resolution of such claim.[9]  An objection to an additional seven (7) Unresolved Non-LBO-Related Claims was filed with the Court on December 10, 2015.[10] The remaining nine (9) Unresolved Non-LBO-Related Claims are composed of (i) four (4) Claims that were disputed prior to the Petition Date and were the subject of prepetition litigation between one or more Debtors and the claimant;[11] (ii) three (3) federal tax Claims; (iii) one (1) Claim filed by the Federal Communications Commission; and (iv) one (1) employee benefits Claim.

## RELIEF REQUESTED

12.     By this Motion, the Reorganized Debtors request that the Court enter an order further extending the Claims Objection Deadline by approximately six (6) months, through and including Friday, July 29, 2016.  The Reorganized Debtors further request that the extension proposed herein be without prejudice to their rights to seek further extensions of the Claims Objection Deadline.

## BASIS FOR RELIEF REQUESTED

13.     As set forth above, Section 8.1 of the Plan provides that the Claims Objection Deadline may be extended by order of the Court.  Additionally, section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is

---

[9] See Reorganized Debtors' Objection to Claim No. 3031 of Anthony LaMantia Pursuant to Sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007 [Docket No. 14093] and supplemental notice thereof [Docket No. 14112].

[10] See Reorganized Debtors' Seventy-Fifth Omnibus (Substantive) Objection to Claims Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 [Docket No. 14180].

[11] Two of such prepetition litigation-related Claims remain subject to pending litigation between the Reorganized Debtors and the applicable claimant. The prepetition litigation underlying each of the other two of such Claims was dismissed with prejudice upon a stipulation of the parties, by order of the presiding District Court entered on December 7, 2015. The Reorganized Debtors have requested that the claimants withdraw the pending Proofs of Claim consistent with the termination of the underlying litigation.

46429/0001-12584954v1

necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C.

§ 105(a). Bankruptcy Rule 9006(b)(1) further provides, in pertinent part, that:

> …when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order….

Fed. R. Bankr. P. 9006(b)(1).[12]

14.    Extending the Claims Objection Deadline is in the best interests of the Reorganized Debtors and the Debtors' estates. While the Debtors and the Reorganized Debtors have made significant progress to date, the Reorganized Debtors need additional time to resolve the Unresolved Claims, including seeking the consensual resolution thereof, or if necessary, filing appropriate objections to such Claims.

15.    As noted above, the vast majority of the Unresolved Claims are contingent, unliquidated, and disputed indemnification or securities litigation Claims (the aforementioned Unresolved LBO-Related Claims). The bulk of the Unresolved LBO-Related Claims are indemnification, reimbursement, or contribution Claims filed by current or former directors or officers of the Debtors and/or the Reorganized Debtors, many of whom are named as defendants in multidistrict litigation that is currently pending in the U.S. District Court for the Southern District of New York (the "MDL Proceedings").[13] Section 7.11.2 of the Plan provides that, to the extent such unresolved indemnification, reimbursement, or contribution Claims are Allowed, they will be set off against any recovery by the Litigation Trustee against the holders of

---

[12] Pursuant to Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the filing of this Motion prior to the expiration of the Claims Objection Deadline shall automatically extend such deadline until the Court acts on this Motion without the necessity for the entry of a bridge order.

[13] See In re Tribune Co. Fraudulent Conveyance Litig., No. 12 MC 2296 (RJS), MDL No. 11 MD 2296 (RJS) (S.D.N.Y.).

6

such Claims.[14] Section 7.11.2 of the Plan further authorizes the Litigation Trustee to object to

the allowance of such Claims.[15] Accordingly, the Reorganized Debtors anticipate (but defer to

the Litigation Trustee to confirm) that the overwhelming majority of the Unresolved Claims will

ultimately be adjudicated or resolved in conjunction with the MDL Proceedings.[16]

        16.      The Reorganized Debtors remain engaged with the respective claimants to

resolve the other Unresolved Non-LBO-Related Claims, many of which present challenges that

exceed those of ordinary general unsecured Claims. For example, the Reorganized Debtors have

continued to resolve litigation-related Claims in forum courts via mediation, settlement

negotiations, appellate proceedings, or trial, with the consent of the parties. Additionally, the

three remaining tax Claims remain the subject to ongoing discussions between the Reorganized

Debtors and the Internal Revenue Service, the only party with an unresolved tax Claim.

Notwithstanding these challenges, the Reorganized Debtors resolved or filed objections to

approximately 40% of the Unresolved Non-LBO-Related Claims during the most recent six-

month extension of the Claims Objection Deadline, and the Reorganized Debtors anticipate

making additional progress during the extension period requested here. The Reorganized

---

[14] Specifically, section 7.11.2 of the Plan provides, in relevant part, as follows: "To the extent that any Person has either (i) an Allowed Other Parent Claim against Tribune, (ii) an Allowed General Unsecured Claim against any of the Filed Subsidiary Debtors or (iii) a valid and enforceable claim against any other direct or indirect subsidiary of the Debtors, in each case for (a) indemnification, reimbursement, contribution or claims pursuant to Bankruptcy Code section 502(h), and (b) arising from or relating to the assertion of any claim or cause of action by the Litigation Trust or the Litigation Trustee against such Person or any of its Related Persons, such Allowed Claim shall be setoff against any recovery by the Litigation Trust against such Person. For the purposes of this Section 7.11.2, "setoff against" shall mean that the Litigation Trust shall either use Litigation Trust Assets to pay such Claim or shall take actions necessary to cause the release or waiver of such Claim." Plan § 7.11.2.

[15] Id. ("The Litigation Trust shall be authorized to object to the allowance of, and entitled to assert any claim, counterclaim, or defense of the Debtors or applicable direct or indirect subsidiary of a Debtor to, any such indemnification, reimbursement, contribution or Bankruptcy Code section 502(h) claim.").

[16] See Litigation Trustee's Motion for an Order Extending the Deadline to Object to Claims [Docket No. 13651] at ¶ 12 ("To the extent any defendants . . . have asserted Setoff Claims against the Debtors or attempt to assert Setoff Claims against the Litigation Trust upon answering or otherwise moving to dismiss, the Litigation Trustee intends to object to such Claims."); see also Litigation Trustee's Motion for an Order Further Extending the Deadline to Object to Claims [Docket No. 14128] at ¶ 13 (same).

7

Debtors, therefore, need additional time to complete negotiations or other proceedings in respect of those Unresolved Claims, and, if appropriate, to file objections to them.

17.    Extending the Claims Objection Deadline is necessary to ensure that the Reorganized Debtors have sufficient time to raise appropriate objections to, or otherwise resolve, the Unresolved Claims.  Given the volume of Claims filed in these chapter 11 cases and the progress made by the Debtors and Reorganized Debtors thus far, the extension of time requested herein is just and appropriate under the circumstances.  Similar relief has been granted by the Court and by other judges in this District in other cases on numerous occasions.  See, e.g., In re Advanta Corp., No. 09-13931 (KJC) (Bankr. D. Del. Mar. 23, 2015) (order granting tenth motion to extend time to object to claims); In re Allen Family Foods, Inc., No. 11-11764 (KJC) (Bankr. D. Del. Apr. 14, 2014) (order granting fifth motion to extend time to object to claims); In re Smurfit-Stone Container Corp., No. 09-10235 (BLS) (Bankr. D. Del. Dec. 20, 2013) (order granting eleventh motion to extend time to object to claims).

## NOTICE

18.    Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the parties holding Unresolved Claims; and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Reorganized Debtors submit that no other or further notice is necessary.

WHEREFORE the Reorganized Debtors respectfully request entry of an order (i) extending the Claims Objection Deadline through and including Friday, July 29, 2016, without prejudice to the Reorganized Debtors' rights to seek further extensions of such deadline, and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: Wilmington, Delaware
       December 10, 2015

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Kenneth P. Kansa
Jillian K. Ludwig
Jackson T. Garvey
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000

-and-

JONES DAY
Bruce Bennett
James O. Johnston
Joshua M. Mester
555 South Flower Street, 50th Floor
Los Angeles, CA  90071-2300
Telephone:  (213) 489-3939

-and-

COLE SCHOTZ P.C.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131

ATTORNEYS FOR REORGANIZED DEBTORS

46429/0001-12584954v1