**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
--------------------------------------------------X
In re:                                     :    Chapter 11 Cases
                                           :
TRIBUNE MEDIA COMPANY, et al.,             :    Case No. 08-13141 (KJC)
                                           :    (Jointly Administered)
         Reorganized Debtors.              :
                                           :    Related to Docket Nos.: 14166, 14167, 14170
                                           :    Response Deadline: December 18, 2015[1]
--------------------------------------------------X
```

### REQUEST FOR ORDER CERTIFYING ORDER SUSTAINING THE REORGANIZED DEBTORS' OBJECTION TO THE CLASS 1F OTHER PARENT CLAIM ASSERTED BY WILMINGTON TRUST COMPANY FOR DIRECT APPEAL TO THE COURT OF APPEALS FOR THE THIRD CIRCUIT

Wilmington Trust Company ("WTC"), by and through its undersigned counsel, respectfully submits this request for certification (the "Request") of direct appeal to the United States Court of Appeals for the Third Circuit (the "Third Circuit"), pursuant to 28 U.S.C. § 158(d)(2) and Rule 8006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), of *the Order Sustaining the Reorganized Debtors' Objection to the Class 1F Other Parent Claim Asserted by Wilmington Trust Company* (the "Fee Order") [Docket No. 14167] (attached hereto as **Exhibit A**). In support of its Request, WTC respectfully states as follows:

---

[1]    Federal Rule of Bankruptcy Procedure 8006(f)(1) provides that a party may file a response to a request for certification within 14 days after the notice of the request is served, or another time fixed by the Court. Given that this Court retains jurisdiction over the Request for 30 days from the effective date of WTC's Notice of Appeal [Docket No. 14170], filed December 2, 2015 (15-cv-01116), WTC requests that the Court not extend the 14-day statutory period for any party to file a response. Furthermore, consistent with Bankruptcy Rule 8006(f)(4), WTC requests that the Court rule on the Request without requiring oral argument. See Fed. R. Bankr. P. 8006(f)(4) ("The request, cross-request, and any response are submitted without oral argument unless the court where the matter is pending orders otherwise.").

## PRELIMINARY STATEMENT

1.      WTC seeks certification of its appeal of the Fee Order on the narrow legal issue of whether a creditor with a prepetition, contractual entitlement to recover professional fees is entitled to an allowed, unsecured claim for those fees under Bankruptcy Code Section 502(b)(1) where those fees are incurred post-petition.  WTC has appealed the Court's Fee Order,[2] which decided that question in the negative, and now seeks certification of its appeal to the Third Circuit Court of Appeals.

2.      That WTC is entitled to the relief sought through the Request is apparent from the opinion that accompanied the Fee Order (the "Opinion") [Docket No. 14166] (attached hereto as **Exhibit B**).  In the opinion, the Court explained, among other things, that "[c]ourts have long been divided over the issue of whether an unsecured creditor can recover postpetition attorney's fees and costs as part of its allowed claim against a bankruptcy estate"; that "the split in decisions continues"; and that "the Third Circuit Court of Appeals has not decided the issue[.]"  Opinion, at 5 & 9.  As discussed in greater detail below, the plain language of the Court's Fee Order shows that the appeal is ripe for certification to the Third Circuit Court of Appeals for at least two of the four reasons that a court considers when determining whether the appeal of an Order should be certified.  The test for certification is both disjunctive and mandatory.  In other words, if a party seeking certification satisfies only one prong, the reviewing court is statutorily-bound to certify the appeal.

3.      WTC maintains that it satisfies each of the four disjunctive tests for certification, and, in any event, the Fee Order itself sets forth sufficient justification.  Accordingly, WTC

---

[2] A copy of the Notice of Appeal is attached hereto as **Exhibit C**.

requests that the Court enter an Order certifying its appeal of the Fee Order for direct appeal to the Third Circuit Court of Appeals.

## ARGUMENT

4.     In 2005, Congress enacted 28 U.S.C. § 158(d)(2)(A) to streamline the process of bankruptcy appeals by enabling expedited access to the United States Circuit Courts of Appeals. Bankruptcy Code Section 158(d)(2)(A) provides that if both parties consent, or if the Bankruptcy or District Court so certifies, an appeal from a judgment or Order may be taken directly to the governing United States Circuit Court of Appeals when any one of the following four conditions is met:  (a) the judgment, Order, or decree involves a question of law as to which there is no controlling decision of the Circuit Court or of the Supreme Court of the United States;  (b) the judgment, Order, or decree involves a matter of public importance;  (c) the judgment, Order, or decree involves a question of law requiring resolution of conflicting decisions; **or** (d) an immediate appeal from the judgment, Order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken.  See 28 U.S.C. § 158(d)(2)(A).

5.     A court must certify the appeal to the Circuit Court when even one of the foregoing conditions is present.  28 U.S.C. § 158(d)(2)(B) provides that "If the bankruptcy court . . . determines that a circumstance specified in clause (i), (ii), or (iii) of subparagraph (A) exists . . . then the *bankruptcy court . . . shall make* the certification described in subparagraph (A)." (emphasis added). This Court has similarly found that certification is mandatory where a single condition is satisfied.  See In re Tribune, 477 B.R. 465, 470 (Bankr. D. Del. 2012) (KJC) ("[C]ertification to the court of appeals is *mandatory* if the bankruptcy court determines that circumstances specified in (i), (ii) or (iii) of subparagraph (A) exists.  28 U.S.C. § 158(d)(2)(B).")

(emphasis in original).  Once that mandatory certification has been effected, the Circuit Court then

has the discretion to accept or reject the certification.  See 28 U.S.C. § 158(d)(2).

6.    Here, although only one factor is required, all four are satisfied.

## I.   WTC's Appeal Of The Fee Order Should Be Certified Because There Is No Controlling Third Circuit Precedent.

7.    The first alternative ground requiring direct certification is when the Bankruptcy

Court's Order involves a "question of law as to which there is no controlling decision of the court

of appeals for the circuit or of the Supreme Court of the United States."[3]  28 U.S.C. §

158(d)(2)(A)(i); see 1 Collier on Bankruptcy at ¶ 5.06[4][c] n.36 (16th ed. rev. 2015) (explaining

that certification is appropriate where the Circuit Court "ha[s] not spoken to the issue").  Indeed,

as the Third Circuit Court of Appeals has recently recognized, it was "the desire for clarity and

uniformity [that] led Congress to enact 28 U.S.C. § 158(d)(2)."  In re One2One Commc'ns, LLC,

No. 13-3410 (3d Cir. July 21, 2015) [Docket No. 398].  Moreover, one of the "twin purposes" of

28 U.S.C. § 158(d)(2) is "to generate binding appellate precedent in bankruptcy law, whose

caselaw has been plagued by indeterminacy."  Id. (citation and quotation omitted).  That is because,

as Congress recognized, "decisions rendered by a district court as well as a bankruptcy appellate

panel are generally not binding and lack *stare decisis* value."  H.R. Rep. No. 109-31(1), at 148

(2005).

8.    Delaware bankruptcy courts have previously found "the 'controlling precedent'

prong of 28 U.S.C. § 158(d)(2)(A)(i) to require that there be 'no governing law on the issue before

the court.'"  In re Nortel Networks Corp., No. 09-10138, 2010 WL 1172642, at *1 (Bankr. D. Del.

---

[3]    Although WTC respectfully maintains that the decision by the Supreme Court of the United States in Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric Co., 549 U.S. 443 (2007) does, in fact, constitute binding precedent that requires reversal of the Fee Order, it recognizes that the Court has concluded that Travelers does not have any precedential effect on the case at bar.  See Opinion, at 8-9.

Mar. 18, 2010). Certification may be especially appropriate where it "involv[es] important matters of statutory interpretation." 1 <u>Collier on Bankruptcy</u> ¶ 5.06[4][a] (16th ed. rev. 2015); <u>see also</u> <u>Crédit Agricole Corp. & Invs. Bank N.Y. Branch v. Am. Home Mortg. Holdings, Inc. (In re Am.</u> <u>Home Mortg. Holdings, Inc.)</u>, 637 F.3d 246, 247 (3d Cir. 2011) (accepting certification of appeal involving an issue of statutory interpretation). For that reason, Congress determined that direct appeals "would be most appropriate" where the Circuit Court is "called upon to resolve a question of law not heavily dependent on the particular facts of a case" since review by the Circuit Court ensures prompt resolution of "knotty legal problems." <u>Weber v. United States</u>, 484 F.3d 154, 158-59 (2d Cir. 2007); <u>see</u> <u>Tribune</u>, 477 B.R. at 472 (relying on <u>Weber</u> and H.R. Rep. No. 109-31(1), at 148 (2005) for the proposition that pure legal questions are appropriate for direct appeal).

9. Here, as the Court itself recognized, "the Third Circuit Court of Appeals has not decided the issue[.]" Opinion, at 5. Unlike the Court's prior denial of a certification request in these proceedings, here, the Fee Order was not "informed by [any] Third Circuit Court of Appeals' decision[.]" <u>Tribune</u>, 477 B.R. at 471. WTC respectfully submits that the inquiry ends there. However, considering the reasoning of the Fee Order, it is apparent that the Court reached its conclusion through a statutory interpretation of the interplay between Bankruptcy Code Sections 502(b) and 506(b). <u>See</u> Opinion at 7 ("I agree with the reasoning set forth in <u>Global Industrial</u> <u>Technologies</u> and the Mediator's Report; especially the conclusion that the plain language of § 502(b) and § 506(b), when read together, indicate that postpetition interest, attorney's fees and costs are recoverable only by oversecured creditors."); <u>see also</u> <u>id.</u> at 6 (applying the maxim of *expressio unius est exclusio alterius* to conclude that, because Bankruptcy Code Section 506(b) expressly provides for the allowance of attorneys' fees for oversecured creditors, but no other

Bankruptcy Code provision makes such provision for unsecured creditors, such creditors are not entitled to recover attorneys' fees as part of their unsecured claim).

10.    Because there is no binding decision on the issue, and since the issue being appealed is focused on a narrow, legal issue which does not rely on the facts of the instant case, but instead requires statutory interpretation, the Request should be granted.

## II.    WTC's Appeal Of The Fee Order Should Be Certified Because It Involves Matters Of Public Importance.

11.    If an appellate issue involves a "matter of public importance," it must be certified to the Third Circuit Court of Appeals.  28 U.S.C. § 158(d)(2)(A)(i).  Congress intended that certification to the applicable Circuit Court would be used "to expedite appeals that involve issues of public import that transcend the litigants and involve a legal question the resolution of which will advance the cause of jurisprudence to a degree that is usually not the case." Travelers Indem. Co. & Travelers Cas. & Sur. Co. v. Common Law Settlement Counsel (In re Johns-Manville Corp.), 449 B.R. 31, 34 (S.D.N.Y. 2011) (citations and internal quotations omitted).

12.    When determining whether certification is necessary, courts may also take into account the monetary value of the matters at issue and the prominence of the case from which the appeal emanates.  See, e.g., Bank of N.Y. Trust Co. v. Official Unsecured Creditors' Comm. (In re Pac. Lumber Co.), 584 F.3d 229, 242-43 (5th Cir. 2009) (noting the prominence of the case and stating that "[s]uch issues . . . when considered in the context of reorganizing nearly a billion dollars total debt and over $700 million of the [appellants'] secured debt, deserved certification and an opportunity for direct appeal"); Arrow Oil & Gas, Inc. v. SemCrude, L.P. (In re SemCrude, L.P.), 407 B.R. 112, 118, 139 (Bankr. D. Del. 2009) (in deciding to certify appeal sua sponte, court recognized the issues, implicating "not less than $57 million," were of great significance to the parties).

13.     The Court's ruling has significant public importance to the extent that, if adopted by other courts within this jurisdiction, it will severely restrict unsecured creditors' recourse to receive reimbursement of legal fees, which effectively will limit such creditors' participation in the legal process. See, e.g., In re Antar, 122 B.R. 788, 791 (Bankr. S.D. Fla. 1990) ("To not allow, under the appropriate circumstances, creditors and their counsel to recover fees and costs incurred and paid with relation to this investigation [of uncovering undisclosed assets] and prosecution of action would have a chilling effect upon creditor participation within a bankruptcy proceeding."). This issue is of particular importance not just to Wilmington Trust, but to indenture trustees generally whose essential role with respect to servicing corporate debt has been recognized by courts and by Congress.[4]  In short, this issue transcends the parties to this appeal and, if decided by the Third Circuit Court of Appeals, will affect countless litigants that currently are and will come before this Court.

14.     Furthermore, both the prominence of these proceedings and the amounts at issue strongly support certification in this case.  These proceedings – which constitute the largest bankruptcy proceedings of any company in the American media industry – have been, and continue to be, closely monitored, including with respect to the decision reached by the Fee Order.  Also, as the Court recognized, WTC's claim for professional fees exceeds $30 million, which fees were incurred representing WTC as the indenture trustee for PHONES noteholders holding $1.2 billion in notes.  As such, the determination of the obligation to reimburse WTC's legal expenses is a substantial issue.  Accordingly, the Request should be granted.

---

[4] See e.g. *Meckel v. Cont'l Res. Co.*, 758 F.2d 811, 815-16 (2d Cir. 1985) ("Trust indentures are important mechanisms for servicing corporate debt and banks play an essential role in the process that brings corporate financing to the public market….That Congress recognized these significant economic considerations is reflected in 15 U.S.C. § 77ooo(a)(1) of the Trust Indenture Act.  This governing statute specifically states that an 'indenture…may provide that…the indenture trustee shall not be liable except for the performance of such duties as are specifically set out in such indenture.'")  In addition, subsection 77ooo(c) of the Trust Indenture Act requires a trustee to act in accordance with the terms of the indenture upon an event of default.

III.    **WTC's Appeal of the Fee Order Should be Certified**
       **Because It Involves Issues Implicating Conflicting Decisions.**

15.    An alternative ground requiring certification is when the "order . . . involves a question of law requiring resolution of conflicting decisions." 28 U.S.C. § 158(d)(2)(A)(ii).  To satisfy this condition, the conflict must "exist within the particular circuit."  1 Collier on Bankruptcy ¶ 5.06[4][c] (16th ed. rev. 2015); see id. (noting that this prong "can be so readily satisfied"); see WestLB AG v. Kelley, 514 B.R. 287, 294 (D. Minn. 2014) ("When § 158(d)(2) refers to 'conflicting decisions,' it means conflicting decisions *within the same circuit*.") (emphasis in original).

16.    This condition is satisfied here.  In the Opinion, the Court has recognized that, without a precedential decision from the Third Circuit Court of Appeals, "*some* courts in this Circuit have determined that postpetition attorney's fees are not recoverable as part of an allowed unsecured claim."  Opinion, at 5-6 (citing Global Indus. Tech. Serv. Co. v. Tanglewood Inv., Inc. (In re Global Indus. Tech., Inc.), 327 B.R. 230 (Bankr. W.D. Pa. 2005)) (emphasis added). However, there is a split in decisions within the Third Circuit.  Compare Rockland Credit Fin., LLC v. Ceda Mills, Inc. (In re Ceda Mills, Inc.), No. 04-24452, 2009 WL 8556804, at *6 n.3 (Bankr. W.D. Pa. Feb. 11, 2009) ("[E]ven if the [creditor's] claim is deemed to be wholly unsecured, [the creditor] would be permitted to add post-petition interest and attorneys' fees to its claim.  The Court reaches this conclusion because nothing in the Bankruptcy Code prohibits the inclusion of attorneys' fees from being a part of the claim when such fees are incurred in connection with defending the allowance and payment of the claim in the bankruptcy case.") (relying on Travelers, 549 U.S. 443); OHC Liquidation Trust v. U.S. Fire Ins. Co. (In re Oakwood Homes Corp.), 394 B.R. 352, 356 (Bankr. D. Del. 2008) (Walsh, J.) ("[T]he Supreme Court has held that attorneys' fees authorized by prepetition contracts may be awarded even if they are

incurred in post-petition litigation.") (citing Travelers, 549 U.S. 443), with In re Loewen Grp. Int'l, Inc., 274 B.R. 427, 444 n.36 (Bankr. D. Del. 2002) (Walsh, J.) (determining, in a pre-Travelers case, that "the creditor's right to assert such [unsecured] claims [for attorneys' fees] is limited by the provisions of the Bankruptcy Code").

17.    As the Court accurately surmised, notwithstanding what WTC considers authoritative precedent from the Supreme Court, "the split in decisions continues" post-Travelers. Opinion, at 9.  As such, the Request should be granted.

## IV.    WTC's Appeal of the Fee Order Should be Certified Because It Will Materially Advance The Proceeding From Which The Appeal Is Taken.

18.    Finally, an issue must be certified for direct appeal if "an immediate appeal . . . may materially advance the progress of the case or proceeding in which the appeal is taken." 28 U.S.C. § 158(d)(2)(A)(iii).  The Court of Appeals for the Second Circuit explained how a direct appeal taken pursuant to 28 U.S.C.§ 158(d)(2) might "materially advance the progress of the case" as follows:

> [W]here a bankruptcy court has made a ruling which, if correct, will essentially determine the result of future litigation, the parties adversely affected by the ruling might very well fold up their tents if convinced that the ruling has the approval of the court of appeals, but will not give up until that becomes clear. Where that ruling is manifestly correct or manifestly erroneous, the parties would profit from its immediate review in this court.

Weber v. U.S. Trustee, 484 F.3d 154, 158 (2d Cir. 2007).  Furthermore, where the Court is confident the litigants will continue to exercise their appellate rights, certification may "materially advance litigation." See In re SemCrude, 407 B.R. at 157-58 (sua sponte certification of appeal to the Third Circuit where, inter alia, the "Court ha[d] little doubt that this decision will be appealed").

19.    As this Court is well aware, the dispute over WTC's entitlement to its Class 1F Other Parent Claim has existed for nearly three (3) years.  Numerous rounds of negotiation, mediation, and Court oversight have occurred, none of which has produced a resolution that WTC

deems satisfactory. Moreover, substantially all fee disputes have been resolved in these proceedings. As such, resolution of WTC's issue by the Third Circuit Court of Appeals will materially advance the closing of these Chapter 11 cases. And, because WTC intends to exhaust its appellate remedies to receive a controlling decision on this important point of law, certification will expedite the conclusion of the instant dispute, thus conserving valuable estate and judicial resources. For this reason alone, the Request should be granted.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, WTC respectfully requests that the Court (i) enter an Order granting the Request substantially in the form of order attached hereto as **Exhibit D**, and (ii) grant such other and further relief that the Court deems necessary and proper.

Dated: Wilmington, Delaware
      December 4, 2015

      Respectfully submitted,

      SULLIVAN HAZELTINE ALLINSON LLC

      William D. Sullivan (I.D. No. 2820)
      William A. Hazeltine (I.D. No. 3294)
      901 N. Market Street, Suite 1300
      Wilmington, DE 19801
      302-428-8191

      and

      BROWN RUDNICK LLP
      Robert J. Stark
      James W. Stoll
      Jonathan D. Marshall
      Seven Times Square
      New York, NY 10036
      212-209-4800

      *Counsel for Wilmington Trust Company, solely in its capacity as successor Indenture Trustee for the PHONES Notes*

# **EXHIBIT A**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| TRIBUNE MEDIA COMPANY, *et al.*,[1] | : | |
| | : | Case No. 08-13141 (KJC) |
| Reorganized Debtors | : | (D.I. 13338; 14028) |

## ORDER SUSTAINING THE REORGANIZED DEBTORS' OBJECTION TO THE CLASS 1F OTHER PARENT CLAIM ASSERTED BY WILMINGTON TRUST COMPANY

AND NOW, this 19th day of November, 2015, upon consideration of the Reorganized

Debtors' Objection to Class 1F Other Parent Claim Asserted by Wilmington Trust Company

(D.I. 13338) (the "Claim Objection"), and the response thereto, and upon consideration of the

Mediator's Report and Recommendation dated October 24, 2014 (the "Mediator's Report"), and

the Limited Objection to the Mediator's Report and Recommendation (D.I. 14028), and the

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases are: Tribune Media Company; California Community News, LLC; Chicago Tribune Company, LLC; Chicagoland Publishing Company, LLC; Chicagoland Television News, LLC; forsalebyowner.com, LLC; ForSaleByOwner.com Referral Services LLC; Hoy Publications, LLC; Internet Foreclosure Service, LLC; KDAF, LLC; KIAH, LLC; KPLR, Inc.; KRCW, LLC; KSWB, LLC; KTLA, LLC; KTXL, LLC; KWGN, LLC; Los Angeles Times Communications LLC; Magic T Music Publishing Company, LLC; NBBF, LLC; Oak Brook Productions, LLC; Orlando Sentinel Communications Company, LLC; Sun-Sentinel Company, LLC; The Baltimore Sun Company, LLC; The Daily Press, LLC; The Hartford Courant Company, LLC; The Morning Call, LLC; Tower Distribution Company, LLC; Towering T Music Publishing Company, LLC; Tribune 365, LLC; Tribune Broadcasting Company, LLC; Tribune Broadcasting Hartford, LLC; Tribune Broadcasting Indianapolis, LLC; Tribune Broadcasting Seattle, LLC; Tribune CNLBC, LLC; Tribune Content Agency, LLC, LLC; Tribune Content Agency London, LLC; Tribune Direct Marking, LLC; Tribune Entertainment Company, LLC; Tribune Investments, LLC; Tribune Media Services, LLC; Tribune ND, LLC; Tribune Publishing Company, LLC; Tribune Television New Orleans, Inc.; Tribune Washington Bureau, LLC; WDCW, LLC; WGN Continental Broadcasting Company, LLC; WPHL, LLC; WPIX, LLC; WPMT, LLC; WSFL, LLC; WXMI, LLC.

Reorganized Debtors' response thereto, and for the reasons set forth in the foregoing Memorandum, it is hereby ORDERED that:

    1.    The Claim Objection is SUSTAINED, in part, with respect to Wilmington Trust Company's claim for postpetition attorney's fees in the amount of $30,289,093.33 (the "Fee Claim"), and

    2.    The Fee Claim is DISALLOWED.


BY THE COURT:


_____

KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE


cc: J. Kate Stickles, Esquire[2]

---

[2] Counsel shall serve a copy of this Memorandum and Order upon all interested parties and file a Certificate of Service with the Court.

# **EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| TRIBUNE MEDIA COMPANY, *et al.*,[1] | : | |
| | : | Case  No. 08-13141 (KJC) |
| Reorganized Debtors | : | (D.I. 13338; 14028) |

**MEMORANDUM SUSTAINING THE REORGANIZED DEBTORS'
OBJECTION TO CLASS 1F OTHER PARENT CLAIM
ASSERTED BY WILMINGTON TRUST COMPANY[2]**

**BY:  KEVIN J. CAREY, UNITED STATES BANKRUPTCY JUDGE**

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases are: Tribune Media Company; California Community News, LLC; Chicago Tribune Company, LLC; Chicagoland Publishing Company, LLC; Chicagoland Television News, LLC; forsalebyowner.com, LLC; ForSaleByOwner.com Referral Services LLC; Hoy Publications, LLC; Internet Foreclosure Service, LLC; KDAF, LLC; KIAH, LLC; KPLR, Inc.; KRCW, LLC; KSWB, LLC; KTLA, LLC; KTXL, LLC; KWGN, LLC; Los Angeles Times Communications LLC; Magic T Music Publishing Company, LLC; NBBF, LLC; Oak Brook Productions, LLC; Orlando Sentinel Communications Company, LLC; Sun-Sentinel Company, LLC; The Baltimore Sun Company, LLC; The Daily Press, LLC; The Hartford Courant Company, LLC; The Morning Call, LLC; Tower Distribution Company, LLC; Towering T Music Publishing Company, LLC; Tribune 365, LLC; Tribune Broadcasting Company, LLC; Tribune Broadcasting Hartford, LLC; Tribune Broadcasting Indianapolis, LLC; Tribune Broadcasting Seattle, LLC; Tribune CNLBC, LLC; Tribune Content Agency, LLC, LLC; Tribune Content Agency London, LLC; Tribune Direct Marking, LLC; Tribune Entertainment Company, LLC; Tribune Investments, LLC; Tribune Media Services, LLC; Tribune ND, LLC; Tribune Publishing Company, LLC; Tribune Television New Orleans, Inc.; Tribune Washington Bureau, LLC; WDCW, LLC; WGN Continental Broadcasting Company, LLC; WPHL, LLC; WPIX, LLC; WPMT, LLC; WSFL, LLC; WXMI, LLC.

[2] This Memorandum constitutes the findings of fact and conclusions of law, as required by Fed. R. Bankr. P. 7052. This Court has jurisdiction to decide the Motion pursuant to 28 U.S.C. § 157 and § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (O).

Wilmington Trust Company ("WTC") included postpetition attorney fees and costs of more than $30 million in its unsecured Class 1F Claim that will receive a partial distribution under the confirmed Plan. The Reorganized Debtors object to this portion of WTC's Class 1F Claim, arguing that a majority of courts have decided that unsecured creditors cannot include postpetition attorney's fees in their claims against the bankruptcy estate.[3] In response, WTC argues that the 2007 United States Supreme Court *Travelers* decision[4] rejected this rule and determined that postpetition attorney's fees may be included in an unsecured claim if recovery of the fees are permitted by an enforceable prepetition contract. After consideration of *Travelers*, along with a textual analysis of Bankruptcy Code sections 502(b), 506(a) and 506(b), and consistent with the Mediator's Report and Recommendation, the Debtors' objection will be sustained and WTC's claim for postpetition attorney's fees and costs will be disallowed.

<u>BACKGROUND</u>

On December 8, 2008, Tribune Company and certain affiliates (the "Debtors") filed voluntary petitions under chapter 11 of the Bankruptcy Code. On July 23, 2012, this Court entered the Order Confirming the Fourth Amended Joint Plan of Reorganization (the "Plan") for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JP

---

[3] *See, e.g., Global Indus. Tech. Serv. Co. v. Tanglewood Inv., Inc. (In re Global Indus. Tech., Inc.),* 327 B.R. 230, 239 (Bankr. W.D. Pa. 2005) (listing cases).

[4] *Travelers Cas. & Sur. Co. of America v. Pacific Gas and Elec. Co.,* 549 U.S. 443, 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007).

Morgan Chase Bank, N.A. (the "Confirmation Order") (D.I. 12074). The Effective Date of the Plan was December 31, 2012.[5]

WTC served as the indenture trustee for the PHONES Notes, which were unsecured subordinated securities.[6] After the Debtors' bankruptcy filing, WTC retained Brown Rudnick LLP, as well as other professionals, to represent WTC and the interests of the PHONES Noteholders in the bankruptcy case.[7] The Plan permits WTC to seek a general unsecured claim, classified as an Other Parent Claim under Class 1F of the Plan, "for fees, expenses arising under Section 6.07 of the PHONES Notes Indenture."[8]

In Section 6.07 of the PHONES Notes Indenture, Tribune agreed (1) to pay the Trustee [WTC] . . . reasonable compensation . . . for all services rendered by it hereunder . . . [and] (2) except as otherwise expressly provided herein, to reimburse the Trustee . . . for all reasonable expenses, disbursements and advances incurred or made by the Trustee in accordance with any provision of this Indenture (including the reasonable compensation and the expenses and

---

[5] Some creditors appealed the Confirmation Order and, in an opinion dated August 19, 2015, the Court of Appeals for the Third Circuit dismissed the appeal filed by Aurelius Capital Management, L.P. as equitably moot, but remanded the appeal filed by the Law Debenture Trust Company of New York and Deutsche Bank Trust Company Americas, deciding that their appeal was not equitably moot and could be decided on the merits. *In re Tribune Media Co.,* 799 F.3d 272 (3d Cir. 2015).

[6] The "PHONES Notes" are those certain exchangeable Subordinated Debentures due 2029, issued pursuant to that certain Indenture dated April 1, 1999 (the "PHONES Indenture") between Tribune as issuer and Wilmington Trust Company as successor indenture trustee. *See In re Tribune Co.,* 472 B.R. 223, 227 n.5 (Bankr. D. Del. 2012). Under the confirmed Plan, PHONES Noteholders received subordinated interests in the recoveries of a Litigation Trust.

[7] In addition to Brown Rudnick LLP, WTC's Fee Claim seeks payment for the fees and expenses of other retained professionals, including, Mesirow Financial Consulting LLC, Benesch Friedlander Coplan & Aronoff LLP, Sullivan Hazeltine Allinson LLC, Garvey Schubert Barer, The Law Offices of John Wells King, PLLC, Morton Research, Inc., Cypress Holdings LLC, and Hoffman Schultz Media Capital.

[8] Plan, § 1.1.101.

disbursements of its agents and counsel) . . . ."[9] WTC argues that two other provisions of the Indenture also support its Class 1F Fee Claim:

(1) Section 5.03 of the Indenture provides that in the event of certain enumerated defaults, "the Company [which is defined as Tribune Company and any successor corporation] will upon demand of the Trustee, pay to it, for the benefit of the Holders of such Securities, . . . such further amount as shall be sufficient to cover the costs and expenses of collection, including the reasonable compensation, expenses, disbursement and advances of the Trustee, its agents and counsel."

(2) Section 5.04 of the Indenture further allows the Trustee to file and prove a proof of claim in bankruptcy proceedings "in order to have the claims of the Trustee (including any claims for the reasonable compensation, expenses, disbursements and advances of the Trustee, its agents and counsel) and of the Holders allowed in such judicial proceedings" and to collect and receive any moneys or other property payable or deliverable on any such claims and to distribute the same . . . ."

Pursuant to a stipulated procedure,[10] on January 2, 2013, WTC provided the Reorganized Debtors with its Class 1F Claim, which included fees and expenses in the amount of $30,289,093.33, under Bankruptcy Code § 502(b) (the "Fee Claim"). The Reorganized Debtors objected informally to the Fee Claim through a letter outlining their arguments for disallowance and/or limitation of the Fee Claim. Subsequent negotiations failed and the Reorganized Debtors filed a formal Objection to the Fee Claim on March 18, 2013 (D.I. 13338). WTC opposed the Objection.

---

[9] PHONES Notes Indenture § 6.07. (*See* D.I. 13339-1.)

[10] *Stipulation Between Debtors and Wilmington Trust Company Regarding Post-Effective Date Procedure for Review and Allowance of Wilmington Trust Company's Fee and Expense Claim* (D.I. 11831).

By Order dated June 26, 2013 (D.I. 13642), upon agreement of the parties, I appointed

Joseph J. Farnan, Jr., a retired Delaware District Court Judge (the "Mediator"), pursuant to Local

Rule 9019-5, to mediate the Reorganized Debtors' Objection to WTC's Fee Claim, along with

other contested fee matters.  The Mediator's Report and Recommendation, dated October 24,

2014 (the "Mediator's Report"), recommended disallowance of the Fee Claim.[11]

After a telephonic status conference with the parties, I issued an Order dated

December 19, 2014 (D.I. 14011) that established a schedule for the parties' supplemental

submissions regarding WTC's Class 1F Claim.  On January 20, 2015, WTC filed its limited

objection to the Mediator's Report and Recommendation ("WTC's Report Objection").  On

February 20, 2015, the Reorganized Debtors filed their response to WTC's Report Objection.


## DISCUSSION

Courts have long been divided over the issue of whether an unsecured creditor can

recover postpetition attorney's fees and costs as part of its allowed claim against a bankruptcy

estate.[12]  Although the Third Circuit Court of Appeals has not decided the issue, some courts in

this Circuit have determined that postpetition attorney's fees are not recoverable as part of an

---

[11] The Mediator's Report and Recommendation also recommended disallowance of WTC's claim for
Creditors' Committee member fees and expenses under Section 9.1.3 of the Plan, and recommended
allowance of a substantial contribution claim pursuant to Bankruptcy Code § 503(b)(3) and (4) in the
amount of $496,592.22 for its efforts to appoint an Examiner, which led to renegotiation of the proposed
plan which provided greater benefits for all non-LBO creditors. These recommendations were not
contested, as noted in the December 19, 2014 Order.

[12] *SNTL Corp. v. Centre Ins. Co. (In re SNTL Corp.),* 571 F.3d 826, 840 n.16 (9th Cir. 2009) (discussing
split by courts and listing cases).

allowed unsecured claim.[13] The *Global Industrial Technologies* Court recognized four arguments in support of this position:

- First, "[b]ecause § 506(b) of the Bankruptcy Code expressly provides for the allowance of postpetition attorneys' fees for oversecured creditors, and neither § 506(b) nor any other provision of the Bankruptcy Code provides for the allowance of such fees for unsecured creditors, it follows that unsecured creditors have no clear entitlement to postpetition attorneys' fees."[14] Courts rely on the maxim of *expressio unius est exclusio alterius* (the expression of one is the exclusion of the alternatives).

- Second, the United States Supreme Court's decision in *Timbers* decided that § 506(b) permitted only oversecured creditors to recover postpetition interest on their claims.[15] Because § 506(b) provides for the allowance of postpetition fees *and*

---

[13] *Global Indus.,* 327 B.R. at 239 ("The court agrees with the majority of courts that unsecured creditors may not include postpetition attorneys' fees in their claims from a bankruptcy estate.") (listing cases);*See also The Finova Group, Inc. v. BNP Paribas (In re The Finova Group, Inc.),* 304 B.R. 630, 638 (D. Del. 2004); *In re Loewen Group Int'l, Inc.* 274 B.R. 427, 444 n.36 (Bankr. D. Del. 2002) (not followed on other grounds).

[14] *Global Indus.,* 327 B.R. at 239. Section 506(b) provides:
   (b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section [related to the reasonable and necessary costs of preserving or disposing of such property] is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.
11 U.S.C. § 506(b).

[15] *Id.* at 240 citing *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assoc., Ltd.,* 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988).

interest, courts apply this reasoning to restrict allowance of postpetition fees only to oversecured creditors.[16]

- Third, Bankruptcy Code § 502(b) requires a court to determine the amount of a claim *as of the date the petition was filed*.[17] Then, as set forth in the "First" paragraph above, § 506(b) adds postpetition interest and fees to the extent a creditor is oversecured.

- Fourth, "it is inequitable to allow certain unsecured creditors to recover postpetition attorney's fees at the expense of similarly situated claimants. To allow one group of unsecured creditors to recover more than their prepetition debt unfairly discriminates against the others because it reduces the pool of assets available to all unsecured creditors pro rata."[18]

In his report, the Mediator observed, "it is a reasonable conclusion that Congress would not have to expressly provide for the recovery of post-petition fees by oversecured creditors if such fees were generally recoverable by all creditors."[19] I agree with the reasoning set forth in *Global Industrial Technologies* and the Mediator's Report; especially the conclusion that the plain language of § 502(b) and § 506(b), when read together, indicate that postpetition interest, attorney's fees and costs are recoverable only by oversecured creditors.[20]

---

[16] *Global Indus.*, 327 B.R. at 740.

[17] *Id.*

[18] *Id.*

[19] Mediator's Report at 13.

[20] *See* Mark S. Scarberry, *Interpreting Bankruptcy Code Sections 502 and 506: Post–Petition Attorneys' Fees in A Post–Travelers World,* 15 AM. BANKR. INST. L.REV. 611 (2007). Professor Scarberry sets forth a well-reasoned analysis of § 502(b), § 506(a) and § 506(b) that further supports this conclusion.

Finally, as noted in the Mediator's Report, denying postpetition attorney's fees to unsecured creditors does not leave those claimants without recourse.[21] Creditors may seek payment of postpetition fees and expenses under § 503(b)(3)(D) and § 503(b)(4), which allow an administrative claim for actual, necessary expenses that confer a "substantial contribution" on the bankruptcy estate.

WTC objects to the Mediator's Report for failing to recognize that, after the Supreme Court decided *Travelers*, an "overwhelming" number of courts considering the postpetition attorney's fees issue have rejected the majority rule. Before discussing this argument, a brief review of the *Travelers* decision is helpful.

The *Travelers* Court considered the Ninth Circuit's *Fobian* rule that disallowed claims against a bankruptcy estate for attorney's fees arising from litigating issues that were "peculiar to federal bankruptcy law," rather than basic contract enforcement issues.[22] The *Travelers* Court rejected the *Fobian* rule, concluding that it had no support in the Bankruptcy Code.[23] The Court recognized the presumption that "claims enforceable under applicable state law will be allowed in bankruptcy unless they are expressly disallowed."[24] However, the *Travelers* Court did *not* consider the argument that § 506(b) "categorically disallows unsecured claims for contractual attorney's fees" because the issue was not raised in the lower courts.[25] The Supreme Court

---

[21] Mediator's Report at 14.

[22] *Travelers*, 549 U.S. at 447.

[23] *Id* at 452.

[24] *Id.*

[25] *Id.* at 454.

wrote: "we express no opinion with regard to whether, following the demise of the *Fobian* rule, other principles of bankruptcy law might provide an independent basis for disallowing Travelers' claim for attorney's fees."[26]

Accordingly, *Travelers* did not address the division among courts over whether unsecured creditors can recover postpetition attorney's fees as part of their claims. WTC's premise that an overwhelming number of courts considering this issue post-*Travelers* have rejected the majority position is simply untrue. Instead, the split in decisions continues.[27] The post-*Travelers* cases from this district cited by WTC as allowing postpetition attorney's fees, involve *oversecured* creditors' claims.[28] WTC's challenge to the Mediator's Report based on post-*Travelers* case law is unfounded.

---

[26] *Id.* at 455.

[27] Compare *In re Old Colony, LLC*, 476 B.R. 1, 31-32 (D. Mass. 2012) ("where the bankruptcy estate is unable to pay all other creditors in full, postpetition attorneys' fees are not allowable as part of an unsecured claim even where provided for in the underlying contract"); *In re Seda France, Inc.*, No. 10-12948 CAG, 2011 WL 3022563, *4 (Bankr. W.D. Tex. July 22, 2011) (following a three-step analysis of § 502(b), § 506(a) and § 506(b) as set forth in Scarberry, *supra*. n. 20, and deciding that post-petition attorney's fees are postpetition claims); and *In re Electric Machinery Enters., Inc.*, 371 B.R. 549, 551 (Bankr. M.D. Fla. 2007) (adopting majority rule); *with SNTL Corp.*, 571 F.3d at 842-43 (disagreeing with the majority approach, "as it is inconsistent with the Bankruptcy Code's broad definition of "claim," which . . . includes any right to payment, whether or not that right is contingent and unliquidated" and determining that the majority courts incorrectly conflate the allowance functions of § 506(b) and § 502(b)); and *In re Holden*, 491 B.R. 728, (Bankr. E.D.N.C. 2013) (same).

[28] *OHC Liquidation Trust v. United States Fire Ins. Co (In re Oakwood Homes Corp.)*, 394 B.R. 352 (Bankr. D. Del. 2008) (When considering the claim of a creditor holding excess collateral, the Court recognized that New York courts award attorney's fees pursuant to the express terms of an indemnity agreement and, "in the bankruptcy context, the Supreme Court has held that attorneys' fees authorized by prepetition contracts may be awarded even if they are incurred in postpetition litigation."); *Rockland Credit Finance, LLC v. Ceda Mill, Inc. (In re Ceda Mills, Inc.)*, No. 04-24452, 2009 WL 8556804 (Bankr. W.D. Pa. Feb. 11, 2009) (deciding that unimpaired, secured creditor was entitled to collect postpetition interest, attorney's fees and costs and, further, because the estate was *solvent*, the creditor could collect postpetition interest, attorney's fees and costs even if was determined that the claim was unsecured).

Accordingly, I will accept the recommendation in the Mediator's Report and disallow

WTC's Fee Claim.[29]  An appropriate Order follows.


BY THE COURT:



KEVIN J. CAREY
UNITED STATES BANKRUPTCY COURT

DATED:  November 19, 2015

---

[29] The Reorganized Debtors asserted alternative theories for substantially reducing the Fee Claim based on the terms of the Indenture and the unreasonableness of the fees.  However, those arguments are not discussed herein since I conclude that the Fee Claim should be disallowed.

# EXHIBIT C

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
                              :

In re:                                :                     Chapter 11
                                :

TRIBUNE MEDIA COMPANY, et al.,      :          Case No. 08-13141 (KJC)
(f/k/a Tribune Company)              :          (Jointly Administered)
                                :
                 Reorganized Debtors  :
---------------------------------------------------------------X

## NOTICE OF APPEAL

Wilmington Trust Company,[1] by and through their undersigned counsel, hereby appeals to the United States District Court for the District of Delaware, pursuant to 28 U.S.C. § 158(a) and Rules 8002 and 8003 of the Federal Rules of Bankruptcy Procedure, from the Order of the U.S. Bankruptcy Court for the District of Delaware (Carey, J.) dated November 19, 2015 (Doc No. 14167) (the "**Order**") sustaining the Reorganized Debtors' Objection to the Class 1F Other Parent Claim Asserted by Wilmington Trust Company and from the Memorandum Opinion related to that Order, dated November 19, 2015 (Doc No. 14166) (the "**Opinion**").

A copy of the Order is annexed hereto as **Exhibit A** and a copy of the Opinion is annexed hereto as **Exhibit B**.

The parties to the Order and the Opinion appealed from, and the names, addresses, and telephone numbers of their respective attorneys are as follows:

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Opinion.

| Party | Attorneys |
|---|---|
| Wilmington Trust Company | **SULLIVAN HAZELTINE ALLINSON LLC**<br>William D. Sullivan (I.D. No. 2820)<br>Elihu E. Allinson, III (I.D. No. 3476)<br>901 N. Market Street, Suite 1300<br>Wilmington, DE 19801<br>T: 302-428-8191<br><br>**BROWN RUDNICK LLP**<br>Robert J. Stark<br>James W. Stoll<br>Seven Times Square<br>New York, NY 10036<br>T: 212-209-4800 |
| Tribune Media Company (Reorganized Debtors) | **COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.**<br>Norman L. Pernick (No. 2290)<br>J. Kate Stickles (No. 2917)<br>Patrick J. Reilley (No. 4451)<br>500 Delaware Avenue, Suite 1410<br>Wilmington, DE 19801<br>T: 302-652-3131<br><br>**JONES DAY**<br>Bruce Bennett<br>James O. Johnston<br>Joshua M. Mester<br>555 South Flower Street, 50th Floor<br>Los Angeles, CA  90071-2300<br>T: 213-489-3939<br><br>**SIDLEY AUSTIN LLP**<br>Mathew G. Martinez<br>One South Dearborn Street<br>Chicago, IL 60603<br>T: 312-853-7036 |

Dated:  December 2, 2015
        Wilmington, Delaware

SULLIVAN HAZELTINE ALLINSON LLC

*/s/ William D. Sullivan*
William D. Sullivan (I.D. No. 2820)
Elihu E. Allinson, III (I.D. No. 3476)
901 N. Market Street, Suite 1300
Wilmington, DE 19801
302-428-8191

-and-

BROWN RUDNICK LLP
Robert J. Stark
James W. Stoll
Seven Times Square
New York, NY 10036
212-209-4800

*Counsel for Wilmington Trust Company, solely in its capacity as successor Indenture Trustee for the PHONES Notes*

# EXHIBIT D

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------X
| | | |
|---|---|---|
| In re: | : | **Chapter 11 Cases** |
| | : | |
| **TRIBUNE MEDIA COMPANY, et al.,** | : | **Case No. 08-13141 (KJC)** |
| | : | **(Jointly Administered)** |
| **Reorganized Debtors.** | : | |
| | : | **Related to Docket No.: 14170** |
------------------------------------------------------X

**CERTIFICATION FOR DIRECT APPEAL TO
THE THIRD CIRUCIT COURT OF APPEALS**

This matter coming before the Court on the motion (the "Motion") of Wilmington Trust Company, for Certification for Direct Appeal to the Third Circuit Court of Appeals (the "Third Circuit") of the pending appeal (the "Appeal") by Wilmington Trust Company from this Court's *Order Sustaining the Reorganized Debtors' Objection to the Class 1F Other Parent Claim Asserted by Wilmington Trust Company* and from the *Memorandum Opinion* related to that Order; and the Court having jurisdiction over this Motion pursuant to 28 U.S.C. § 158(d)(2) and Rule 8006(b) of the Federal Rules of Bankruptcy Procedure; and the Court having considered the Motion and any responses thereto, and the Court having determined that the legal and factual bases set forth in the Motion establish cause for the relief granted herein;

IT IS HEREBY ORDERED that, pursuant to 28 U.S.C. § 158(d)(2) and Rule 8006 of the Federal Rules of Bankruptcy Procedure, the Appeal is hereby certified for direct appeal to the United States Court of Appeals for the Third Circuit.

Dated: December ___, 2015

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

## CERTIFICATE OF SERVICE

I, William D. Sullivan, do hereby certify I am not less than 18 years of age and that on this 4th day of December, 2015, I caused copies of the *Request for Order Certifying Order Sustaining the Reorganized Debtors' Objection to the Class 1F Other Parent Claim Asserted by Wilmington Trust Company for Direct Appeal to the Court of Appeal for the Third Circuit* to be served upon the parties listed below in the manner indicated.

**HAND DELIVERY**
Normal L. Pernick, Esq.
J. Kate Stickles, Esq.
Patrick J. Reilley, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801

**HAND DELIVERY**
David Buchbinder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Lockbox #35
Wilmington, DE  19899-0035

**FEDERAL EXPRESS**
Mathew G. Martinez, Esq.
Sidley Austin LLP
One South Dearborn Street
Chicago, IL  60603

**FEDERAL EXPRESS**
Bruce Bennett, Esq.
James O. Johnston, Esq.
Joshua M. Mester, Esq.
Jones Day
555 South Flower Street, 50th Floor
Los Angeles, CA  90071-2300

December 4, 2015                               */s/ William D. Sullivan*
Date                                                 William D. Sullivan