**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE MEDIA COMPANY, *et al.,* | ) | Case No. 08-13141 (KJC) |
| | ) | |
| Reorganized Debtors | ) | |
| | ) | |

**APPELLANT'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD AND STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL**

Pursuant to Rule 8009 (formerly Rule 8006) of the Federal Rules of Bankruptcy Procedure, Keith Younge ("Appellant" or "Claimant"), by and through his undersigned counsel, hereby provides this statement of issues to be presented on his appeal of the March 18, 2016 Order of the Bankruptcy Court, and designates the following items for inclusion in the record on appeal:

(REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK)

## DESIGNATION OF ITEMS FOR RECORD ON APPEAL
## CASE NO. 08-13141 (KJC)

| Index No. | Date | Document Title | Designation of Item on Docket Sheet |
|---|---|---|---|
| 1 | 9-6-13 | Reorganized Debtors' Objection to Claim No. 3333 of Keith Younge, Pursuant to Sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007<br><br>(Attachments: (1) Notice of Objection, (2) Exhibit A - Claim No. 3333, (3) Exhibit B - Giannini Declaration, (4) Exhibit C - Anti-Harassment Policy, (5) Exhibit D - Standards of Conduct and Corrective Action, (6) Exhibit E - Termination Letters, (7) Proposed Form of Order) | 13715 |
| 2 | 10-15-13 | Response of the Creditor Keith Younge to the Reorganized Debtors' Objection to Claim No. 3333 of Keith Younge, Pursuant to Sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007 | 13755 |
| 3 | 4-11-14 | Reorganized Debtors' Reply in Support of Objection to Claim No. 3333 of Keith Younge, Pursuant to Sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007 | 13870 |
| 4 | 4-17-14 | Notice of Oral Argument on Reorganized Debtors' Objection to Claim No. 3333 of Keith Younge, Pursuant to Sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007 | 13880 |
| 5 | 5-20-14 | Letter Requesting Extension of Time to Obtain Counsel | 13887 |
| 6 | 6-9-14 | Notice of Appearance Filed by Keith Younge | 13907 |
| 7 | 7-14-14 | Letter Re: Request to Reschedule Hearing Filed by Keith Younge | 13918 |

| 8 | 8-21-14 | Supplemental Response of Keith Younge to Debtors' Claim Objection<br><br>(Attachments: (1) Exhibit A - Resume, (2) Exhibit B - Employee Review Form, (3) Exhibit C - Schultz Letter, (4) Exhibit D - WB17 Letter, (5) Exhibit E - Statement of Harassment Policy, (6) Exhibit F, (7) Exhibit G, (8) Exhibit H, (9) Exhibit I, (10) Exhibit J) | 13951 |
| --- | --- | --- | --- |
| 9 | 9-5-14 | Supplemental Reply in Support of Objection to Claim No. 3333 of Keith Younge, Pursuant to Sections 502(b) and 558 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007<br><br>(Attachments: (1) Exhibit A - Supplemental Giannini Declaration, (2) Proposed Form of Order) | 13963 |
| 10 | 3-18-16 | Memorandum Sustaining Objection to Claim of Keith Younge | 14220 |
| 11 | 3-18-16 | Order Sustaining the Reorganized Debtors' Objection to Claim No. 3333 of Keith Younge | 14221 |
| 12 | 4-1-16 | Notice of Appeal of Keith Younge | 14226 |

## **STATEMENT OF ISSUES**

1. Whether the Bankruptcy Court erred in finding that the Debtor/Employer's work environment was not hostile and/or abusive.

2. Whether the Bankruptcy Court erred in finding that the claimant did not suffer intentional discrimination because of his membership in a protected class.

3. Whether the Bankruptcy Court erred in finding that the discrimination was not severe or pervasive.

4. Whether the Bankruptcy Court erred in finding that the discrimination did not detrimentally affect the Claimant.

5. Whether the Bankruptcy Court erred in finding that the discrimination would not detrimentally affect a reasonable person in like circumstances.

6. Whether the Bankruptcy Court erred in finding that the Debtor/Employer did not have *respondeat superior* liability to the Claimant.

7. Whether the Bankruptcy Court erred in finding that the Debtor/Employer was not vicariously liable to the Claimant under the circumstances.

8. Whether the Bankruptcy Court erred in making any factual determinations of any relevant element of the claim for discrimination without establishing a factual record in this summary proceeding.

9. Whether the Bankruptcy Court erred in finding that the Claimant was not wrongfully terminated.

10. Whether the Bankruptcy Court erred in finding that the Debtor/Employer's firing of the Claimant was for a legitimate/non-discriminatory reason.

11. Whether the Bankruptcy Court erred in finding that the Debtor/Employer's firing of the Claimant was for a non-pre-textual reason.

12. Whether the Bankruptcy Court erred in finding that the Debtor/Employer treated other similarly-situated employees not within a protected class more favorably.

13. Whether the Bankruptcy Court erred in finding that the Claimant did not provide "sufficient evidence" to establish any relevant element to support his claim of a hostile work environment or the discriminatory termination of his employment without establishing any factual record.

5

Dated:  April 15, 2016

Respectfully submitted,

WERB & SULLIVAN

By: */s/ Jack Shrum*
"J" Jackson Shrum (DE No. 4757)
300 Delaware Avenue, Suite 1300
Wilmington, DE 19801
Tel: (302) 652-1100
Fax: (302) 652-1111

*Attorneys for Keith Younge*