# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY, et al.,[1] (f/k/a Tribune Company) | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |
| | **Related to Docket Nos. 12072, 12074, 12601, 12726, 12734, and 14238** |

## MOTION OF MORGAN STANLEY CAPITAL SERVICES LLC FOR AN ORDER PURSUANT TO FED. R. BANKR. P. 3006 APPROVING WITHDRAWAL OF CERTAIN PROOFS OF CLAIM

Morgan Stanley Capital Services LLC f/k/a Morgan Stanley Capital Services Inc. ("MSCS"), by and through its undersigned counsel, submits this motion for entry of an order authorizing MSCS to withdraw two proofs of claim MSCS filed in the chapter 11 cases of the Tribune Company (Claim Nos. 5027 and 7161) pursuant to Rule 3006 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and in connection with that certain Settlement Agreement, dated April 25, 2016, among MSCS, Morgan Stanley & Co. LLC f/k/a Morgan Stanley & Co. Incorporated ("Morgan Stanley"), and Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust[2] (the "Settlement Agreement") that has been submitted to the Court for approval. In support of this Motion, the MSCS respectfully states as follows:

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); Chicago Tribune Company, LLC (3437); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); KTLA, LLC (3404); KWGN, LLC (5347); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); Tribune CNLBC, LLC (0347); Tribune Content Agency, LLC (2931); Tribune Media Services, LLC (1080); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the DCL Plan, as defined below.

## STATUS OF THE CASE AND JURISDICTION

1.  On December 8, 2008, Tribune Company ("Tribune") and certain of its subsidiaries (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Chicago National League Ball Club, LLC (n/k/a Tribune CNLBC, LLC) filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. The chapter 11 cases were consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

2.  On July 23, 2012, the Bankruptcy Court entered an Order [Docket No. 12074] (the "Confirmation Order") confirming the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 12072] (the "DCL Plan"). The DCL Plan became effective in accordance with its terms on December 31, 2012.

3.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, which jurisdiction was retained pursuant to Article IX of the Confirmation Order and Article XII of the DCL Plan. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are Section 13.3.3 of the DCL Plan and Bankruptcy Rule 9019.

## BACKGROUND

4.  The full context for the relief requested by this Motion is set forth in the Litigation Trustee's motion seeking approval of the Settlement Agreement (Motion of the Litigation Trustee for the Tribune Litigation Trust for an Order (A) Pursuant to Section 13.3.3 of the DCL Plan and Fed. R. Bankr. P. 9019(a) Authorizing Entry into Settlement Agreement with

Morgan Stanley Capital Services LLC and Morgan Stanley & Co. LLC and (B) Approving Amendment to Stipulation in Aid of Implementation of Senior Noteholder Distributions Pursuant to Confirmed DCL Plan) [Docket No. 14238], filed with the Court on April 25, 2016. The following is a summary of that background as it relates specifically to the relief requested herein.

5. In 1994, MSCS and the predecessor to Tribune entered into an ISDA interest rate swap agreement. MSCS terminated the agreement on December 9, 2008, based on the commencement of the chapter 11 cases. As of the date of termination, MSCS owed Tribune $51,945,000. At that time MSCS held $38,365,000 face amount of Tribune Debentures (the "Designated Debentures") that it had acquired prior to the commencement of the chapter 11 cases. MSCS announced it had set off the face amount and accrued interest on those Designated Debentures against its obligations to Tribune under the terminated swap agreement (the "MSCS Setoff") and paid Tribune $9,500,000 in partial satisfaction of the remaining balance. In light of Tribune's dispute of the validity of the MSCS Setoff, MSCS filed a protective proof of claim (Claim No. 5027) based on, among other things, the face amount and accrued interest on the Designated Debentures and an indemnification agreement between Tribune and Morgan Stanley. Claim No. 5027 was subsequently amended by Claim No. 7161 to add claims for damages for potential rejection of the indemnification agreement by the DCL Plan (together with Claim No. 5027, the "Swap-Related Proofs of Claim").

6. On November 1, 2010, the Creditors' Committee, on behalf of the Debtors' chapter 11 estates, commenced an adversary proceeding in this Court styled *The Official Committee of Unsecured Creditors of Tribune Company, on behalf of Tribune Company, et al. v. Dennis J. FitzSimons, et al.,* No. 10-54010 (KJC) (Bankr. D. Del. Nov. 1, 2010) (the "*FitzSimons* Action") against certain of Tribune's officers and directors, its controlling shareholders,

numerous financial advisors, MSCS, and thousands of former shareholders. Among other things, the *FitzSimons* Action challenges the validity of the MSCS Setoff and seeks to equitably subordinate claims asserted by MSCS in the Swap-Related Proofs of Claim.

7. The *FitzSimons* Action was transferred to the United States District Court for the Southern District of New York (the "District Court") for inclusion in the coordinated proceedings under 28 U.S.C. § 1407 (the "MDL"), where it is presently being prosecuted by the Litigation Trustee before the Honorable Richard J. Sullivan.[3] The Litigation Trustee has filed the Fifth Amended Complaint in the *FitzSimons* Action (the "*FitzSimons* Complaint"). In particular, Counts 24, 25 (the portion of Count 25 relating to the purchase and/or transfer of the Designated Debentures), 26, 27, 28, 29, and 30 (collectively, the "Swap-Related Claims") are directed at MSCS and/or Morgan Stanley.

8. On final approval by the Court, the Settlement Agreement will, among other things, finally resolve the Swap-Related Claims and MSCS will be dismissed with prejudice from the FitzSimons Action (certain claims against Morgan Stanley will remain outstanding).

9. Under the Settlement Agreement, MSCS and Morgan Stanley release any and all claims they may have against the Debtors, the Litigation Trust, and related parties arising out of the swap agreement, the MSCS Setoff, and the Designated Debentures, among other things. In connection with that release, MSCS agreed to move this Court for authority to withdraw, with prejudice, the Swap-Related Proofs of Claim, subject only to the Settlement Agreement becoming effective.

---

[3] Pursuant to Section 1.1.138 of the DCL Plan, the claims against MSCS and Morgan Stanley in the *FitzSimons* Action are Preserved Causes of Action, to be prosecuted by the Tribune Litigation Trust.

**RELIEF REQUESTED**

10. Pursuant to Bankruptcy Rule 3006, MSCS requests that the Court enter an order authorizing it to withdraw the Swap-Related Proofs of Claim at such time as the Settlement Agreement becomes effective in accordance with its terms.

**BASIS FOR RELIEF REQUESTED**

11. Generally, parties may withdraw proofs of claim as a matter of right. However, Bankruptcy Rule 3006 provides that court authorization for such withdrawal is necessary if "a complaint is filed against [a] creditor in an adversary proceeding, or the creditor has accepted or rejected the plan or otherwise has participated significantly in the case . . . ." And such an order must be "after a hearing on notice to the trustee or debtor in possession, and any creditors' committee elected pursuant to §705(a) or appointed pursuant to §1102 of the Code." Inasmuch as MSCS is a defendant in the *FitzSimons* Action and has participated in these chapter 11 cases, court authorization to withdraw the Swap-Related Proofs of Claim is necessary.

12. The few courts that have addressed the requirement of Bankruptcy Rule 3006 have looked to the standards that federal courts apply to the dismissal of an action under Rule 41 of the Federal Rules of Civil Procedure. The principal inquiry is whether the debtor will suffer some legal prejudice from the withdrawal of the proof of claim. *See In re Appleseed's Intermediate Holdings, LLC*, 2012 Bankr. LEXIS 5957 (Bankr. D. Del. Dec. 20, 2012); *In re Kaiser Group Int'l*, 272 B.R. 852 (Bankr. D. Del. 2002).

13. In this case, there is no prejudice. Pursuant to the DCL Plan, the Litigation Trust is the successor to the Debtors in connection with claims against MSCS in the *FitzSimons* Action and dealing with the claims of MSCS under the Swap-Related Proofs of Claim. Under the Settlement Agreement, the Litigation Trust will receive, among other things, $23,700,000 and MSCS's release of its claims against the Debtors, including any interest it has in the funds and

5

other property that would otherwise have been received by MSCS if the Court ultimately allowed its claims under the Swap-Related Proofs of Claim. As part of the overall settlement, the parties agreed that withdrawal of the Swap-Related Proofs of Claim with prejudice would be consistent with the releases granted by MSCS and would reconcile the claims record in these chapter 11 cases. Accordingly, the Settlement Agreement requires MSCS to seek court authorization to withdraw the Swap-Related Proofs of Claim, subject only to the Settlement Agreement becoming effective.

## **NO PRIOR REQUEST**

14.   No previous request for the relief requested in this Motion has been made in this or any court.

## **NOTICE**

15.   Notice of this Motion has been provided to (i) the United States Trustee; (ii) the Reorganized Debtors; (iii) the Indenture Trustees; and (iv) the Litigation Trustee. In light of the nature of the relief requested and that the Creditors Committee no longer exists, MSCS submits that no further notice need be given.

WHEREFORE, MSCS respectfully requests that the Court enter an order, in the form submitted herewith, authorizing it to withdraw the Swap-Related Proofs of Claim at such time as the Settlement Agreement becomes effective in accordance with its terms, and granting such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: April 26, 2016<br>Wilmington, Delaware | BARNES & THORNBURG LLP<br><br>*/s/ Kevin G. Collins*<br>David M. Powlen (DE Bar No. 4978)<br>Kevin G. Collins (DE Bar No. 5149)<br>1000 N. West Street, Suite 1500<br>Wilmington, DE  19801<br>Telephone: (302) 300-3434<br>Facsimile: (302) 300-3456<br>Email: David.Powlen@btlaw.com<br>            Kevin.Collins@btlaw.com<br><br>and<br><br>Michael F. Walsh (*pro hac vice* motion pending)<br>Jonathan D. Polkes<br>Stacy Nettleton<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>Telephone:  (212) 310-8197<br>Email: michael.walsh@weil.com<br>           jonathan.polkes@weil.com<br>           stacy.nettleton@weil.com<br><br>*Counsel to Morgan Stanley Capital Services LLC*<br>(*f/k/a Morgan Stanley Capital Services Inc.*) |