David D. Bird – Clerk of Court
United States Bankruptcy Court for the District of Delaware                    June 15, 2016
824 Market Street
3rd Floor
Wilmington, DE 19801

Mr. Bird;

I am writing to submit the enclosed designation of the items to be included in the record on appeal and a statement of the issues to be presented in the appeal. My appeal is being addressed in the United States District Court for the District of Delaware. I have sent a copy of this mailing to Mr. Norman L. Pernick of Cole, Schotz, Meisel, Forman & Leonard, P.A.; 500 Delaware Avenue, Suite 1410; Wilmington, DE 19801. He is the lead attorney for the Appellee, Tribune Media Company.

Also, herein, I wish to certify that I am not ordering a transcript as I believe that the one transcript that I am requesting to be included in the record on appeal has been filed.

I greatly appreciate your efforts. And I apologize for any missteps. I am a *pro se* claimant with little knowledge of legal matters. If what I have sent falls short of your needs please let me know so that I can take corrective steps.

Sincerely,

Robert Henke
919-791-3896
hroberthenke@aol.com

# In the United States District Court for the District of Delaware

**Robert Henke**

    **Appellant**                      Civil Action No. 16-424-UNA

    v.                                Bankruptcy Case No. 08-13141 KJC

**Tribune Media Company**            BAP No. 16-00032

    **Appellee.**

## Designation of the Items to be Included in the Record on Appeal and a Statement of the Issues to be Presented, Prepared by Appellant

### Designation of items to be included in the record on appeal

1. Proof of Claim (Claim No. 3697): filed on June 8, 2009 by claimant Robert Henke against debtor the *Baltimore Sun* Company

2. Debtors' Objection to Claim No. 3697 of Robert Henke ... : filed by Tribune Company, et al., on March 19, 2010

3. Claimant's Response to Debtors' Objection to Claim No. 3697 of Claimant Robert Henke: filed by claimant Robert Henke and dated April 7, 2010

4. Amended Proof of Claim (Claim No. 7106): filed by claimant Robert Henke against Tribune Company, et al., around April 18, 2012

5. Transcript for hearing on July 11, 2012 at the United States Bankruptcy Court for the District of Delaware at 824 Market Street, 3rd Floor, Wilmington, Delaware, 19801: claimant Robert Henke v. Tribune Company, et al., Case No. 08-13141 (KJC)

6. Debtors' Supplemental Objection to Claims of Robert Henke ... : filed by Tribune Company, et al., on June 11, 2012

7. Claimant's Response to Debtors' Supplemental Objection to Claims of Robert Henke: filed by claimant Robert Henke against Tribune Company, et al., and dated June 27, 2012

8. Debtors' Reply in Support of Debtors' Supplemental Objection to Claims of Robert Henke ... : filed by Tribune Company, et al., and dated July 6, 2012

Civil Action No. 16-424-UNA
Page 2
June 15, 2016

9. Claimant's Response to Debtors' Addition to Their Supplemental Objection to Claims of Robert Henke: filed by claimant Robert Henke against Tribune Company, et al., and dated August 8, 2012

**Statement of the issues to be presented**

At this time, claimant intends to address in his appeal the following issues:

**1. Whether or not claimant was denied due process:** Claimant was under the impression that the Bankruptcy Court was to rule on what, essentially, was the equivalent to a preliminary motion in the Maryland Court, a motion to dismiss. Instead, it seems as if the Bankruptcy Court issued a final ruling. This denied claimant, among other things, the opportunity to further amend his complaint to correct deficiencies; to present evidence, which he had; to carry out discovery to gain further evidence of his claims; and to engage in a trial.

**2. The possibility of procedural error:** The Court decided on whether or not statements carried defamatory meanings. Case history suggests that this function is divided between a judge and a jury.

**3. The completeness of the Court's analysis:** Key matters were not addressed in the Court's Opinion. This suggests that its analysis may not have been complete.

**4. Factual errors in the Opinion:** It appears as if there were factual errors in the Opinion. These led to important conclusions that seem materially flawed, due to the errors.

**5. The reasonableness of important conclusions of the Opinion:** Claimant questions the reasonableness of various of the important conclusions of the Opinion, given the facts.

**6. The possibility of efforts to influence the Court during its deliberations on claimant's case:** During the Court's deliberations on claimant's case, interviews were broadcast on National Public Radio (NPR) and the Public Broadcasting Service (PBS). These reflected very negatively on claimant. The subject matter of the two interviews has strong ties to the defamatory article that is the subject of the lawsuit underlying his claim.

*[Signature: Robert Henke]*

Robert Henke,
Claimant, *pro se*
919-791-3896
hroberthenke@aol.com