## Exhibit A

# PROOF OF CLAIM

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|
| THE BALTIMORE SUN COMPANY | 08-13209 (KJC) |

Filed: USBC - District of Delaware
Tribune Company, Et Al.
08-13141 (KJC)         0000003697

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)

TRB (MERGE2.DBF,SCHED_NO)  SCHEDULE #: 209045860*****
ROBERT HENKE
725 CAMERON WOODS DRIVE
APEX, NC 27523

919-610-5865  hroberthenke@aol.com
Telephone number:             Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**_____
(If known)

Filed on: _____
109209

Your claim is scheduled by the Debtor as:

**UNSECURED
UNLIQUIDATED
DISPUTED**

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:             Email Address:

1. Amount of Claim as of Date Case Filed : $ 100 Million

   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.

   If all or part of your claim is entitled to priority, complete Item 5.

   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.
   ☐ Check this box if claim is for a claim related to goods delivered during the twenty (20) days prior to December 8, 2008 (the "Petition Date"), pursuant to 11 U.S.C. §503(b)(9). Please indicate amount entitled to 503(b)(9) $

2. **Basis for Claim:** Defamation lawsuit
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
   3a. Debtor may have scheduled account as: _____
      (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe:_____

   Value of Property: $_____  Annual Interest Rate _____%

   Amount of arrearage and other charges as of time case filed included in secured claim, if any:

   $_____  Basis for perfection: _____

   Amount of Secured Claim: $_____  Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

   Specify the priority of the claim:

   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

   ☐ Wages, salaries or commissions (up to $10,950*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

   ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

   ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

   **Amount entitled to priority:**

   $_____

   * Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**

If the documents are not available, please explain:

**FOR COURT USE ONLY**

FILED / RECEIVED
JUN 08 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Date:
June 5, 2009

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Robert Henke, Ph.D.

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## Summary, Additional Issues, and Attachments for

## Proof of Claim in Relation to

## Tribune Company, et al., Case No. 08-13141(KJC):

## The *Baltimore Sun* Company, Case No. 08-13209

by

**Robert Henke**

**725 Cameron Woods Drive**

**Apex, North Carolina 27523**

**919-610-5865 or 919-303-5801**

**hroberthenke@aol.com**

### Introduction

Herein, I, Robert Henke, provide information to the United States Bankruptcy Court for the District of Delaware ("the Bankruptcy Court") as allowed by the Bankruptcy Court. I am providing this information to supplement the information I provided in the accompanying proof of claim form sent to me by the Tribune Company Claims Processing Center in relation to Tribune Company, et al., Chapter 11, Case No. 08-13141 (KJC). I received the form along with related materials on April 15, 2009. My claim is specifically against *The Baltimore Sun* Company, Case No. 08-13209, EID No. 95-4066880.

In the sections that follow, I first summarize the grounds for my claim. I then address two additional relevant issues and present a conclusion. Lastly, I provide, as attachments, supporting documents.

**Summary**

My claim arises as a result of a defamation complaint I filed early October 2008 with the Circuit Court for Baltimore City ("the Court") against *The Baltimore Sun* Company ("*The Sun*") and *Sun* reporter, Mr. Gadi Dechter. I am not an attorney but I will represent myself until I obtain appropriate representation. The attachments provide copies of selected documents that chart the course of the corresponding proceedings to date.

My complaint (Attachment A) summarizes the matter. In short, I believe *The Sun* defamed me in a large, front page October 7, 2007 newspaper article. Much evidence suggests the defamation was the most recent expression of a decades-long and well-shielded campaign I believe existed and was committed to driving my firm and me from our profession without just cause. I believe the matter resembles whistleblower retaliation. *The Sun*, I believe, defamed me to protect the campaign, in which it may have taken part. The injuries I believe the campaign inflicted, including the defamation, have, I believe, brought my family, my firm, and me to a state of ruin.

Regarding the history of the case, to date, *The Sun* has not disputed my claims. Rather, in a February 17, 2009 response to my complaint, the apparent attorney for the defendants turned exclusively to bankruptcy issues; he requested that a stay be imposed on the complaint as a result of *The Sun's* December 8, 2008 bankruptcy petition, that the case be transferred to the Bankruptcy Court (my interpretation of the request), and that the stayed case be subject to rules of dismissal for the state of Maryland (Attachment B). On April 6, 2009, I submitted to the Court a request for relief from the stay, that the Court deny the transfer of the case to the Bankruptcy Court, and that the Court deny the request regarding rules for dismissal. On April 25, 2009, I

received notice that the Court granted most of defendants' requests but apparently allowed the case against Mr. Dechter to proceed (Attachment C). On May 19, 2009, I submitted to the Court an amended version of my April 6, 2009 requests (Attachment D) and amendments to my original complaint (Attachment E). On May 23, 2009, I received notice from the Court of a contemplated dismissal of the case against Mr. Dechter for lack of jurisdiction (Attachment F); apparently Mr. Dechter had not been served a Writ of Summons. I am now preparing a request to the Court to defer the dismissal and to allow the proceedings to continue as originally intended.

**Additional Issues**

I should note that, since my complaint has not yet been adjudicated, my claim is only a potential claim and that I am only a potential creditor.

In my May 19, 2009 submission, I amended my original October 3, 2008 complaint to state that, in addition to the monetary redress I had sought with the complaint, I am also seeking the following:

> Legal and other appropriate assistance to restore, for me, to the extent possible, the sense of well-being and dignity, the standings (legal, social, financial, professional, and the like), the prospects (professional and the like), and the health that I believe have been taken unjustly from me in relation to the matters in question.

Summary: Robert Henke; Case Nos. 08-13141(KJC)/08-13209
Page 4
June 5, 2009


**Conclusion**


I greatly appreciate the Bankruptcy Court's effort regarding this matter. If the Bankruptcy Court

has any questions, please do not hesitate to contact me.

Robert Henke

June 5, 2009

725 Cameron Woods Drive, Apex, North Carolina 27523

919-303-5801 (home telephone); 919-610-5865 (cell telephone)

**Dynamic In Situ Geotechnical Testing**
725 Cameron Woods Drive
Apex, North Carolina 27523

Phone: (919) 303-5801
E-Mail: hroberthenke@aol.com

RECEIVED
08 OCT -7 PM 8: 22
BALTIMORE CITY
CIVIL DIV.

October 3, 2008

Circuit Court for Baltimore City
Attention: Room 462
111 North Calvert Street
Baltimore, Maryland 21202

Attachment A
Original complaint

Subject: Defamation Complaint

Herein, I, Robert Henke, present a complaint I have against a newspaper, *The Baltimore Sun* ("*The Sun*") and a *Sun* reporter, Mr. Gadi Dechter. I am not an attorney; however, I am planning to represent myself until I obtain appropriate representation. I am following procedures described on October 2, 2008 by staff of the Circuit Court for Baltimore City. In the following sections, I first summarize my complaint. Then, I summarize the harm to my firm and me and the resulting harm to my family.

## Complaint

My complaint stems from a Sunday front page news article ("the article") published by *The Sun* on October 7, 2007. The article was entitled "A modern-day Ahab" and was written by Mr. Dechter. The article covered experiences of my small firm in bringing a new earthquake engineering technology to practice and effects of the undertaking on my family. My complaint follows.

The article appears to have been a material and well-crafted defamatory fabrication. Facts were created, facts were reshaped, and facts were omitted – on a large scale. For example, both the prominent theme of the article and compelling evidence for that theme were untrue. Evidence suggests that the untruths and misrepresentations were reckless and deliberate. I believe the defamation is the most recent of a string of injuries in a lengthy, intense, and well-shielded campaign ("the campaign") committed to driving my firm and me from our profession. I believe the campaign grew from my tenure (1985-89) as a faculty member at The Johns Hopkins University ("the University"). My tenure was marked by several controversies and I was dismissed from the University. I believe the campaign has inflicted unthinkable harm on my family, me, and my firm. I believe *The Sun*, which is close to the University, took part in the campaign and the article was intended to protect the campaign. Essentially, it appears that *The Sun* concealed the very real possibility of professional misconduct and maligned the victims. I believe *The Sun's* intent was to discourage further scrutiny of the matter; such scrutiny may have placed the University in an unfavorable light. I believe the article will do little more than further obstruct progress towards justice for my firm and me and, therefore, also for my family.

Much evidence suggests *The Sun's* lapses were intentional. For example, *The Sun* gained my family's cooperation through false pretenses; *The Sun* violated our privacy; *The Sun* carried out an insincere facts check; and *The Sun* misrepresented the origin of the article. Additionally, *The Sun* appears to have been pressured by the University.

Complaint – Circuit Court for Baltimore City
Page 2
October 3, 2008

## Damages

The article has harmed my firm's and my well-being, prospects, and standing and, so, those of my family and has obstructed our progress toward justice.

Before the article, my family, me, and my firm had already suffered immeasurable harm, evidence suggests, as a direct or indirect result of the campaign. Our ability to function as a family was greatly disrupted; we lost our home; my younger son, as a youth, experienced serious difficulties and now faces the possibility of a prison term; my older son experienced serious difficulties and we were not able to provide him the help that a family normally could; our firm – whose technology has shown great promise for contributing significantly to public safety - lies in ruins and I have been unable to progress with that technology; we suffered huge firm-related financial losses including our personal investment in our technology (roughly $1M) and patent-related losses; we were driven from our profession and have been denied the privilege of continuing to contribute to that profession; I have been blacklisted, it seems, and have been unable to secure positions for which I believe I am strongly qualified; I have no income or security; our professional, financial, and social standings have been blackened greatly; my wife and son have been subjected to immense legal indignities; we have endured great mental anguish; our health has suffered; and our relationships with our parents have been strained.

*The Sun's* article only intensified our plight. By obstructing progress towards a resolution to the matter, *The Sun* and any of its accomplices behind the article have caused my firm and me and, so, my family, to be continued to be deprived of justice. In turn, our well-being, prospects, and standing continue to deteriorate.

My request is driven by intangibles and my deep belief that the defamation is only the most recent expression of a long-standing retaliatory campaign. On the basis of the extraordinary levels of malice and recklessness to which I believe my firm and me and, so, my family have fallen victim; the duration and relentlessness of the campaign against us; and the irreversible harm to my family, my firm, and me, I am requesting a sum of $100M.

## Conclusion

I greatly appreciate your efforts in processing my complaint. As instructed, I have enclosed a check for the filing fee of $105.00 and have enclosed a self-addressed envelope. I will be sending a copy of this letter to Mr. Timothy E. Ryan; Publisher, President, and Chief Executive Officer; *The Baltimore Sun*; 501 North Calvert Street; Baltimore, Maryland; 21278. Please do not hesitate to contact me if you have any questions.

Sincerely,

Robert Henke

Cc: Mr. Timothy E. Ryan

## Dynamic In Situ Geotechnical Testing
725 Cameron Woods Drive
Apex, North Carolina 27523

*Addition to original complaint*

Phone: (919) 303-5801
E-Mail: hroberthenke@aol.com

October 13, 2008

Circuit Court for Baltimore City – Civil Division
Room 462 – Courthouse East
111 North Calvert Street
Baltimore, Maryland 21201

Subject: Defamation Complaint of October 3, 2008; Case # 24-C-

Dear Madam or Sir;

I am writing to provide the information requested of me in a form dated 10/8/08. The information is needed to allow you to begin processing the subject complaint.

The parties I am filing suit against are 1) *The Baltimore Sun* and 2) Mr. Gadi Dechter, *Sun* Reporter. The addresses follow:

> *The Baltimore Sun*
> Attention: Mr. Timothy E. Ryan
> Publisher, President, and Chief Executive Officer
> 501 North Calvert Street
> Baltimore, Maryland 21278
>
> Mr. Gadi Dechter
> *Sun* Reporter
> *The Baltimore Sun*
> 501 North Calvert Street
> Baltimore, Maryland 21278

Additionally, I have enclosed an official check for $105 to replace the personal check I sent for that amount along with my October 3, 2008 complaint. I have also enclosed a self addressed envelope in the event you need to contact me.

I greatly appreciate your efforts in processing my complaint. Please do not hesitate to contact me if you have any questions.

Sincerely,

Robert Henke

## IN THE CIRCUIT COURT FOR BALTIMORE CITY

| | |
|---|---|
| **ROBERT HENKE,** | |
| Plaintiff, | |
| v. | No. 24-C-09-000340 |
| **THE BALTIMORE SUN, et al.,** | |
| Defendant. | |

*Attachment B*
*Selections from*
*February 17, 2009*
*correspondence.*

## NOTICE OF FILING OF VOLUNTARY PETITION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE BY DEFENDANT THE BALTIMORE SUN COMPANY

The Baltimore Sun Company, as publisher of The Baltimore Sun, and the proper defendant in the above-captioned action (the "Defendant"), respectfully submits as follows:

1.    On December 8, 2008 (the "Petition Date"), Tribune Company and certain of its subsidiaries (collectively, the "Debtors"), including the Defendant in the above-captioned action, filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware. For the Court's reference, these cases are being jointly administered under Case No. 08-13141-KJC, and the president judge is the Honorable Kevin J. Carey.

2.    Pursuant to section 362(a) of the Bankruptcy Code, all litigation involving the Debtors, including the Defendant herein, is stayed as of the Petition Date. Accordingly, the Defendant submits that the above-captioned action is stayed.

WHEREFORE, Defendant requests that the Court stay the above-captioned action in light of the Defendant's filing of voluntary bankruptcy petition, and grants such other and further relief the court deems just and proper under the circumstances.

Dated:  February 17, 2009

Respectfully submitted,

LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

By: _Nathan Siegel_  by AJR
Nathan Siegel
1050 17th Street, N.W., Suite 800
Washington, D.C.  20036-5514
(202) 508-1100
(202) 861-9888 (facsimile)

2

# IN THE CIRCUIT COURT FOR BALTIMORE CITY

**ROBERT HENKE,**

Plaintiff,

v.

**THE BALTIMORE SUN, et al.,**

Defendant.

No. 24-C-09-000340

*Proposed order included with February 17, 2009 correspondence.*

### ORDER

Upon consideration of the Notice of Filing of Voluntary Petition under Chapter 11 of the Bankruptcy Code by Defendant The Baltimore Sun Company, it is this _____ day of _____, 2009, by the Circuit Court for Baltimore City,

**ORDERED** that the above-captioned action is hereby **STAYED** and the proceedings deferred to the Bankruptcy Court in accordance with Section 362 of Title 11 of the United States Code, and it is

**FURTHER ORDERED** that the **STAY** herein is subject to Md Rule 2-507.

_____
Judge

cc:    Robert Henke, *pro se*
       Nathan Siegel, Esq.

*Attachment C*
*Court Order*

| | | |
|---|---|---|
| ROBERT HENKE | * | IN THE |
| Plaintiff | * | CIRCUIT COURT |
| vs. | * | FOR |
| THE BALTIMORE SUN, et al. | * | BALTIMORE CITY |
| | * | Case No.:    24-C-09-000340 |
| Defendant(s) | * | |

\*     \*     \*     \*     \*     \*     \*

## ORDER

Upon consideration of the Suggestion of Bankruptcy filed in this matter, it is this 6th day of March, 2009, by the Circuit Court for Baltimore City,

**ORDERED** that the above captioned action is hereby **STAYED** as to Defendant The Baltimore Sun and the proceedings deferred to the Bankruptcy Court in accordance with Section 362 of Title 11 of the United States Code, and it is

**FURTHER ORDERED** that the **STAY** herein is subject to Md Rule 2-507.

*Judge's Signature Appears on*
*Original Document*

EVELYN OMEGA CANNON
JUDGE

cc:    Fran Meek, Civil Assignment
        Marilyn Bentley, DCM Coordinator

**TRUE COPY**
**TEST**

*[signature]*

**FRANK M. CONAWAY, CLERK**

ROBERT HENKE

*Attachment D*

*Amended version*
*of plaintiff's requests*

          **Plaintiff**

**vs.**

THE BALTIMORE SUN, et al.

          **Defendant(s)**

IN THE

CIRCUIT COURT

FOR BALTIMORE CITY

Case No. 24–C–09–000340

### AMENDED PLAINTIFF'S RESPONSE TO FEBRUARY 17, 2009

### REQUESTS OF DEFENDANTS

**Introduction**

1. Herein, I, Robert Henke, plaintiff in the subject defamation complaint ("the complaint"), provide plaintiff's response to February 17, 2009 requests made of the Circuit Court for Baltimore City ("the Court") by defendants. The requests draw on section 362 of Title 11 of the United States Code ("the Bankruptcy Code"), which covers law regarding the stay of litigation triggered by a petition for bankruptcy. The following sections provide a background, plaintiff's interpretations of defendants' requests, plaintiff's understanding of relevant law, plaintiff's positions on the requests, and a conclusion.

**Relevant Background**

2. Early October 2008, plaintiff filed with the Court the subject complaint against *The Baltimore Sun* Company ("*The Sun*") and *Sun* reporter, Mr. Gadi Dechter. Plaintiff is not an attorney but will continue with self-representation until appropriate representation can be obtained. The

Amended Response to Requests: Case No. 24-C-09-000340
Page 2
April 6, 2009 (Amended May 19, 2009)

complaint apparently was issued on January 15, 2009. On February 19, 2009, plaintiff received

materials, dated February 17, 2009, which seem to have been a response from defendants to

the complaint. The materials were copies of materials the apparent counsel for defendants, Mr.

Nathan E. Siegel of Levine Sullivan Koch & Schulz, L.L.P., had sent to the Civil Clerk of the

Court.

3. With his correspondence, Mr. Siegel brought to the attention of the Court that, on December

8, 2008, *The Sun* had filed a voluntary petition for bankruptcy under Chapter 11 of the

Bankruptcy Code in the U.S. Bankruptcy Court for the District of Delaware. He then made

requests of the Court in relation to the petition. It is several of those requests that are the

subject matter of this document.

**Defendants' Requests of Interest**

4. It appears that Mr. Siegel requested 1) that a stay be imposed on the complaint in

accordance with section 362(a), 2) that the complaint be reassigned from the Circuit Court to

the Bankruptcy Court (presumably, that is what Mr. Siegel meant by "deferred" in his document

entitled "ORDER") in accordance with section 362, and 3) that the complaint, as stayed, be

subject to dismissal as set forth by Md. Rule 2-507.

**Relevant Law Regarding Stays**

5. Plaintiff's understanding is that section 362(a)(1) imposes a stay automatically on a subset of

all possible legal actions taken against a debtor who has filed a voluntary petition for bankruptcy

Amended Response to Requests: Case No. 24-C-09-000340
Page 3
April 6, 2009 (Amended May 19, 2009)

under Chapter 11. However, none of plaintiff's readings made it clear to plaintiff whether the stay applies broadly, to litigation in all courts, or narrowly, to litigation only within the Bankruptcy Court. Section 362(d)(1) provides for a party of interest to request the Court to grant relief from such a stay for cause.

## Issue of Stay with a Narrow Interpretation of Section 362

6. In the event the Court favors a narrow interpretation of section 362 – that the stay applies only to litigation in the Bankruptcy Court, - plaintiff respectfully requests that the Court deny defendants' request to have a stay imposed on the complaint. With this interpretation of section 362, it appears there is no legal basis for the stay since the complaint would be under the jurisdiction of the Circuit Court, not the Bankruptcy Court.

## Issue of Stay with a Broad Interpretation of Section 362

7. In the event the Court favors a broad interpretation of section 362 – that the stay applies to litigation in all courts – and imposes a stay on the complaint, plaintiff respectfully requests the Court to grant relief from the stay for cause. In the following subsections, plaintiff presents arguments for the request.

8. **Legal Arguments** – There are compelling legal arguments for granting relief from a stay. The arguments are guided mainly by the explanations provided in Section 362, Subchapter IV, Chapter 3, Title 11, U.S. Code Collection, Legal Information Institute, Cornell University Law School (paragraph 8, page 2 of 10 and paragraph 3, page 3 of 10 of the February 20, 2009

Internet version of this reference).

9. Though defendants argue that, by section 362(a), "all litigation involving the Debtors.... is stayed...," plaintiff's readings of sections 362(a) and (d)(1) and the cited reference suggest that much litigation, including the complaint, is not meant to be stayed. In fact, section 362(b) lists specific litigation that is exempt from the automatic stay. And the cited reference suggests that the sole purpose of the stay is to protect debtors from creditors and states that the stay "stops all collection efforts, all harassment, and all foreclosure actions." The protection is said to be intended to allow debtors to address their financial difficulties more effectively. The reference suggests that, generally, the stay is not meant to block proceedings that are not related to the said purpose of the stay; that are not in the domain of the Bankruptcy Court but would be of value to complete; or that are not related to the bankruptcy proceedings.

10. Plaintiff believes the complaint meets each of these standards for relief from a stay. The complaint contends *The Sun* defamed plaintiff and did so in relation to a long-shielded campaign with the aim of driving plaintiff and his firm from their profession without legitimate cause. Plaintiff does not believe that the staying of this complaint of wrongdoing could reasonably be seen as protecting *The Sun* from its creditors. Since plaintiff's case has not yet been settled, plaintiff is not a creditor of *The Sun*; nor is the complaint being driven by any of its creditors. While plaintiff is seeking, amongst other things, substantial compensation from *The Sun,* that compensation is redress for what plaintiff believes to be particularly malicious defamation. Evidence suggests *The Sun* used deceit and its might to carry out a fatal character attack. Plaintiff believes the attack was intended to protect decades of unchecked misconduct – misconduct in which *The Sun* may have taken part. That misconduct, plaintiff believes, no less

than flagrantly violated his pursuit of happiness, without just cause, stripping him of past and existing well-being and future prospects and bringing him to a state of ruin. It would appear to follow that *The Sun* should not be provided protection against the complaint. Second, the complaint is not related to *The Sun's* bankruptcy proceedings. And, third, it would appear that the complaint does not fall under the domain of the Bankruptcy Court and that it would be of value to carry the corresponding proceedings to completion.

**11.** Lastly, plaintiff believes the subject complaint qualifies for relief from the automatic stay on the basis of resemblance to litigation that is specifically exempted from the stay. Section 362(b)(2)(A)(iv) exempts from a stay proceedings "for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate;..." Plaintiff sees a court's proceedings for a defamation as fundamentally and relevantly similar to a court's proceedings for a failed marriage. Generally, each of the proceedings has two separable and ordered components. The first aims to establish truth with justice in mind and addresses non-property remedies. The second addresses property remedies depending on the established truth. For a failed marriage, the cited section allows truth to be established and non-property remedies to be imposed, thereby avoiding unwarranted injury and delay of justice. However, the section stays the property component, apparently to protect the "property of the estate." The similarity between the defamation and the failed marriage suggests that, for the defamation, at the very least, the component to establish truth and address non-property remedies should also be allowed to proceed, to avoid unwarranted injury and delay of justice. That is, plaintiff argues that *The Sun* should not be arbitrarily granted the extraordinary privilege to prolong both injury and the denial of justice.

**12. Justice and Logic Arguments** – There are equally compelling justice and logic arguments for granting relief from the stay.

**13.** From a narrow standpoint, reason suggests it would not be in the interests of justice to set aside credible allegations of unusually egregious defamation (described in previous subsection) to allow *The Sun* to tend more effectively to financial difficulties, serious though they may be. Fueled by repeated past denials of justice, plaintiff's suffering has grown to unthinkable levels. While plaintiff sympathizes with *The Sun* for any sincere financial difficulties it may have and any hardships that may follow, plaintiff believes there is now an overriding need for justice to be served. To this end, plaintiff respectfully urges the Court to call on *The Sun*, as an institution of special standing within and with special responsibility to the community, to address the allegations directly, and in a forthright and timely manner.

**14.** From a broad standpoint, plaintiff's specific matter could easily be seen with many variations. Furthermore, it would seem that imposing stays on complaints of misconduct would give rise to glaring perversions of justice; for example, the practice of filing for bankruptcy not for protection from creditors but for protection against legitimate charges of wrongdoing.

**Issue of Reassignment of Complaint to the Bankruptcy Court**

**15.** Irrespective of the Court's ruling on the issue of the stay, plaintiff respectfully requests that the Court deny defendants' apparent request to reassign the complaint to the Bankruptcy Court. In essence, defendants did not provide a legal basis for the reassignment. Though defendants cited section 362 (in the document entitled "ORDER"), because of the length and complexity of

that section, the precision missing in the citation undermines its value. Plaintiff sought but did not find a basis for the reassignment in section 362. Nor did defendants provide any other arguments for the reassignment. Plaintiff also opposes the reassignment because it would seem to greatly dim the prospects for justice; it would appear the Bankruptcy Court, with its apparent focus on financial matters, would be ill-equipped to address a defamation complaint.

**Issue of Md. Rule 2-507**

**16.** Plaintiff respectfully requests that the Court deny the defendants' apparent request that the complaint, if stayed, be subject to Md. Rule 2-507, which provides for dismissal for "lack of jurisdiction or prosecution." Defendants provided no basis for the request. Plaintiff also opposes the request because it does not appear to be in the interests of justice 1) to subject a complaint that had been placed on hold by the Court to dismissal for failure to move forward with the complaint during the hold or 2) to subject a complaint that had been reassigned by one court to another court to dismissal because the complaint fell outside the jurisdiction of the reassigned court. Moreover, it appears to be inconsistent to subject to Maryland Rules a complaint that had been transferred to the Bankruptcy Court for the District of Delaware.

**Conclusion**

**17.** Should the Court side with a narrow interpretation of section 362 of the Bankruptcy Code, plaintiff does not believe there is a legal basis to grant defendants' request to impose a stay on the complaint. Alternatively, should the Court side with a broad interpretation of section 362 and impose a stay on the complaint, plaintiff believes legal, justice, and logic arguments

overwhelmingly favor the Court's granting full relief from the stay.

**18.** Plaintiff believes there are overpowering arguments to deny defendants' apparent request to reassign the complaint from the Circuit Court to the Bankruptcy Court.

**19.** Plaintiff believes there are solid grounds to deny defendants' request to have imposed on the complaint, if stayed, Md. Rule 2-507, regarding dismissals.

**20.** Plaintiff deeply appreciates the Court's efforts in addressing plaintiff's requests and its patience with plaintiff's ignorance of legal matters. Plaintiff asks the Court not to hesitate to contact plaintiff if the Court has any questions or needs more information.

Robert Henke, Plaintiff

April 6, 2009 (amended May 19, 2009)

725 Cameron Woods Drive, Apex, North Carolina 27523

919-303-5801 (home telephone); 919-610-5865 (cell telephone)

*Attachment E*
*Amendments to*
*Original complaint*

**ROBERT HENKE**

        **Plaintiff**           IN THE

                                              **CIRCUIT COURT**

**vs.**

                                              **FOR BALTIMORE CITY**

**THE BALTIMORE SUN, et al.**

                                              **Case No. 24–C–09-000340**

        **Defendant(s)**

### AMENDMENTS TO ORIGINAL OCTOBER 3, 2008 COMPLAINT

**1.** In accordance with Md. Rule 2-341, I, Robert Henke, plaintiff in the above-captioned action, request that the Circuit Court for Baltimore City ("the Court") allow two amendments to my original October 3, 2008 complaint. I state the amendments on the page that follows.

**2.** Plaintiff deeply appreciates the Court's efforts in addressing his requests. Plaintiff asks the Court not to hesitate to contact him if the Court has any questions or needs more information.

Robert Henke, Plaintiff

May 19, 2009

725 Cameron Woods Drive, Apex, North Carolina 27523

919-303-5801 (home telephone); 919-610-5865 (cell telephone)

Amendments to Complaint: Case No. 24-C-09-000340
Page 2
May 19, 2009

## Amendment #1 to October 3, 2008 Complaint

Plaintiff asks the Court to include as a defendant Mr. Timothy E. Ryan, Publisher, President, and Chief Executive Officer of *The Baltimore Sun*. Mr. Ryan's address is:

Mr. Timothy E. Ryan

Publisher, President, and Chief Executive Officer

*The Baltimore Sun*

501 North Calvert Street

Baltimore, Maryland 21278

## Amendment #2 to October 3, 2008 Complaint

Plaintiff is seeking, in addition to the monetary redress stated in the original October 3, 2008 complaint, the following:

Legal and other appropriate assistance to restore, for plaintiff, to the extent possible, the sense of well-being and dignity, the standings (legal, social, financial, professional, and the like), the prospects (professional and the like), and the health that plaintiff believes have been taken unjustly from him in relation to the matters in question.

CIRCUIT COURT FOR BALTIMORE CITY
Frank M. Conaway
Clerk of the Circuit Court
Courthouse East
111 North Calvert Street
Room 462
Baltimore, MD 21202-
410-333-3722, TTY for Deaf: (410)-333-4389

Robert Henke
725 Cameron Woods Drive
Apex NC 27523

*Attachment F*
*Notification from Court*

NOTIFICATION TO PARTIES OF CONTEMPLATED DISMISSAL

Case Number: 24-C-09-000340  OT

Robert Henke vs The Baltimore Sun, et al

   Pursuant to Maryland Rule 2-507, this proceeding will be "DISMISSED FOR LACK OF JURISDICTION WITHOUT PREJUDICE" as to:

Gadi Dechter

30 days after service of this notice unless, prior to that time, a written motion showing good cause to defer the entry of an order of dismissal is filed.

Costs will be assessed in accordance with Maryland Rules.

Direct all inquires to:                    410-333-3722, TTY for Deaf: (410

Frank M. Conaway
Clerk of the Circuit Court

Date Issued: 05/21/09

CC: Gadi Dechter



725 Cameron Woods Drive
Apex, North Carolina 27523

Tribune Company Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, Third Floor
New York, NY 10017

Proof of Claim