## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY, et al.[1] (f/k/a Tribune Company) | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

**Hearing Date: August 16, 2016 at 10:45 a.m. ET**
**Response Deadline: August 9, 2016 at 4:00 p.m. ET**

### REORGANIZED DEBTORS' FOURTH MOTION FOR ENTRY OF A FINAL DECREE (I) CLOSING CERTAIN OF THE REORGANIZED DEBTORS' CHAPTER 11 CASES PURSUANT TO SECTIONS 105(a) AND 350(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3022, AND LOCAL RULE 3022-1 AND (II) DIRECTING THE USE OF AN AMENDED CAPTION IN THE REORGANIZED DEBTORS' CASES PURSUANT TO SECTIONS 105(a) AND 342(c)(1) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 1005, 2002(m), AND 2002(n)

The reorganized debtors in the above-captioned chapter 11 cases (collectively, the "Reorganized Debtors"), by and through their undersigned counsel, hereby submit this motion (the "Motion") pursuant to sections 105(a), 342(c), and 350(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rules 1005, 2002(m), 2002(n), and 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for the entry of a final decree in substantially the form attached hereto (the "Proposed Final Decree") (i) closing the following chapter 11 cases: (a) The Baltimore Sun Company (n/k/a The Baltimore Sun Company, LLC) (the "Baltimore Sun") (No. 08-13209-KJC); and (b) KWGN, Inc. (n/k/a KWGN, LLC) (No. 08-13184-KJC) ("KWGN" and, together with the Baltimore Sun, the "Specified Debtors")

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); Chicagoland Television News, LLC (1352); KWGN, LLC (5347); The Baltimore Sun Company, LLC (6880); Tribune CNLBC, LLC (0347). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

(collectively, the "Specified Cases"), (ii) providing that, to the extent necessary, any further proceedings in this Court with respect to (a) unresolved claims asserted against the Specified Debtors and (b) other remaining matters that may potentially impact the estates of the Specified Debtors shall be administered in the chapter 11 case of Tribune Media Company (f/k/a Tribune Company) (No. 08-13141-KJC) (the "Lead Case"), (iii) directing the use of an amended caption upon the entry of the Proposed Final Decree approving this Motion; and (iv) granting limited relief from Local Rule 3022-1(c).  The Reorganized Debtors are not seeking at this time to close the Lead Case or the three other cases identified on Appendix 1 hereto (collectively, the "Remaining Cases").  In support of this Motion, the Reorganized Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, which jurisdiction was retained pursuant to Article IX of the Confirmation Order (defined below) and Section 12.1 of the Plan (defined below).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are sections 105(a), 342(c)(1), and 350 of the Bankruptcy Code, Bankruptcy Rules 1005, 2002(m), 2002 (n), and 3022, and Local Rule 3022-1.

## STATUS OF THESE CHAPTER 11 CASES

3.      On December 8, 2008 (the "Petition Date"), Tribune Company (n/k/a Tribune Media Company) and certain of its subsidiaries each filed a voluntary petition for relief under

46429/0001-13400161v1

chapter 11 Bankruptcy Code.  An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.  The chapter 11

cases were consolidated for procedural purposes only and were (and the remaining chapter 11

cases continue to be) jointly administered pursuant to Bankruptcy Rule 1015(b).

    4.      On July 23, 2012, the Court entered an order [Docket No. 12074] (the

"Confirmation Order") confirming the Fourth Amended Joint Plan of Reorganization for Tribune

Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured

Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan

Chase Bank, N.A. [Docket No. 12072] (the "Plan").[3]  The Effective Date of the Plan occurred on

December 31, 2012.

    5.      In the over three years since the Effective Date, the Reorganized Debtors have

been fulfilling their commitments and responsibilities under the Plan, as well as otherwise

continuing their business operations.  In August 2014, Reorganized Tribune Company split into

two independent companies: Tribune Media Company, which is now the ultimate parent

company of the Reorganized Debtors that operate or are associated with broadcasting and other

non-publishing activities (the "Reorganized Media Debtors"), and Tribune Publishing Company

(n/k/a tronc, Inc.), which now is the ultimate parent company of the Reorganized Debtors that

operate or are associated with publishing activities (the "Reorganized Publishing Debtors").

Each of the chapter 11 cases involving the Reorganized Publishing Debtors have been closed by

final decrees entered by this Court, with the exception of the Baltimore Sun's chapter 11 case.

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

A.    **Prior Case Closure Motions**

6.      The Reorganized Debtors have previously requested, and the Court has granted,
final decrees closing certain of the former Debtors' chapter 11 cases in circumstances where
there are no pending proofs of claim (the "Proofs of Claim") against the applicable Debtors or
adversary proceedings in which the applicable Debtors have been named, other than Proofs of
Claim or adversary proceedings relating to the leveraged buy-out of Tribune Company that
occurred in 2007 (the "LBO Transaction").  See Docket Nos. 14055, 14123, 14237 (as
supplemented by Docket No. 14249) (collectively, the "Prior Case Closure Motions").  On
February 25, 2015, the Reorganized Debtors filed a motion (the "Initial Case Closure Motion")
seeking the entry of a final decree closing eighty-eight (88) of the one hundred and ten (110)
then-pending chapter 11 cases.  See Docket No. 14055.  On July 7, 2015 and April 25, 2016, the
Reorganized Debtors filed subsequent motions seeking to close additional chapter 11 cases.  See
Docket Nos. 14123, 14237.  Currently, six (6) of the former Debtors' chapter 11 cases remain
open, involving five (5) Reorganized Debtors.[4]

7.      Prior to entry of the proposed final decree respecting the Initial Case Closure
Motion, the Reorganized Debtors engaged in discussions regarding the relief requested therein
with the Litigation Trustee, Aurelius Capital Management, LP ("Aurelius"), Law Debenture,
Deutsche Bank, and the Office of the United States Trustee (the "U.S. Trustee").  In response to
these discussions and the informal comments provided by those parties, the Reorganized Debtors
consensually modified the proposed final decree originally attached to the Initial Case Closure
Motion.  See Docket No. 14074.  On March 16, 2015, the Court entered the revised proposed

---

[4] The Plan provided for, among other things, Restructuring Transactions including, without limitation, mergers, consolidations, conversions, joint ventures, restructurings, recapitalizations, dispositions, liquidations or dissolutions.  See Plan Exhibit 5.2; Notice Respecting Restructuring Transactions [Docket No. 12732].  The Restructuring Transactions were largely consummated prior to the Effective Date, resulting in the 110 former Debtor entities becoming 52 post-transaction entities.

4

46429/0001-13400161v1

final decree without objections.  See Docket No. 14078.  Final decrees were also entered by the

Court with respect to the other Prior Case Closure Motions, without objections, on July 24, 2015

and May 11, 2016.  See Docket Nos. 14135, 14255.  The form of Proposed Final Decree

submitted with this Motion reflects the comments made by those parties that were incorporated

into the prior final decrees, to the extent applicable.

**B.**     **Remaining Proofs of Claim**

8.     Approximately 94.4% of the 7,191 Proofs of Claim that were filed in the former

Debtors' chapter 11 cases have been resolved.  The Reorganized Debtors have made recent

progress in resolving several of the few remaining Proofs of Claim that are unrelated to the LBO

Transaction (the "Remaining Non-LBO Claims").  Specifically, the Court entered an order

sustaining the Reorganized Debtors' objection to the two (2) Proofs of Claim filed by Robert

Henke against the Baltimore Sun (the "Henke Claims").  See Docket Nos. 14266, 14267.

Additionally, the Federal Communications Commission has withdrawn its protective claim

against KWGN.  See Docket No. 14286.  As a result of these developments, there are no

Remaining Non-LBO Claims pending against either of the Specified Debtors.

9.     Of the resolved claims, appeals are currently pending with respect to this Court's

orders sustaining the Reorganized Debtors' objections to four (4) Proofs of Claim, including the

Henke Claims.[5]  Each of the foregoing appeals are pending before the District Court and are

unaffected by this Motion.  Mr. Henke's appeal may be administered in the Lead Case

notwithstanding the closure of the Baltimore Sun's case as sought by this Motion.

---

[5] The other two appeals were taken from the Order Sustaining the Reorganized Debtors' Objection to the Class 1F Other Parent Claim Asserted by Wilmington Trust Company [Docket No. 14167] and the Order Sustaining the Reorganized Debtors' Objection to Claim No. 333 of Keith Younge [Docket No. 14221].

46429/0001-13400161v1

10.    There are 403 unresolved Proofs of Claim outstanding in the aggregate, of which 400 relate to the LBO (the "Unresolved LBO-Related Claims").[6] These claims are principally indemnification, reimbursement, or contribution claims filed by current or former directors or officers of or advisors to the former Debtors and/or the Reorganized Debtors, many of whom are named as defendants in the multidistrict litigation concerning the LBO Transaction that is pending in the United States District Court for the Southern District of New York (the "MDL Proceedings")[7] or who allege that they might otherwise be impacted by such proceedings. Section 7.11.2 of the Plan provides that, to the extent such unresolved indemnification, reimbursement, or contribution claims are Allowed, they will be set off against any recovery by the Litigation Trustee against the holders of such claims.[8] Section 7.11.2 of the Plan further authorizes the Litigation Trustee to object to the allowance of such claims.[9] Accordingly, the Reorganized Debtors anticipate that the Unresolved LBO-Related Claims will ultimately be adjudicated or resolved in conjunction with or following the conclusion of the MDL Proceedings.[10]

---

[6] The Remaining Non-LBO Claims and the Unresolved LBO-Related Claims are collectively referred to herein as the "Unresolved Claims".

[7] See In re Tribune Co. Fraudulent Conveyance Litig., No. 12 MC 2296 (RJS), MDL No. 11 MD 2296 (RJS) (S.D.N.Y.).

[8] Specifically, section 7.11.2 of the Plan provides, in relevant part, as follows: "To the extent that any Person has either (i) an Allowed Other Parent Claim against Tribune, (ii) an Allowed General Unsecured Claim against any of the Filed Subsidiary Debtors or (iii) a valid and enforceable claim against any other direct or indirect subsidiary of the Debtors, in each case for (a) indemnification, reimbursement, contribution or claims pursuant to Bankruptcy Code section 502(h), and (b) arising from or relating to the assertion of any claim or cause of action by the Litigation Trust or the Litigation Trustee against such Person or any of its Related Persons, such Allowed Claim shall be setoff against any recovery by the Litigation Trust against such Person. For the purposes of this Section 7.11.2, "setoff against" shall mean that the Litigation Trust shall either use Litigation Trust Assets to pay such Claim or shall take actions necessary to cause the release or waiver of such Claim." Plan § 7.11.2.

[9] Id.

[10] See Litigation Trustee's Motion for an Order Extending the Deadline to Object to Claims [Docket No. 13651] at ¶ 12 ("To the extent any defendants. . . have asserted Setoff Claims against the Debtors or attempt to assert Setoff Claims against the Litigation Trust upon answering or otherwise moving to dismiss, the Litigation Trustee intends to object to such Claims."); see also Litigation Trustee's Motion for an Order Further Extending the Deadline to Object to Claims [Docket No. 14033] at ¶ 13 (same).

11.    The three (3) Remaining Non-LBO Claims are made up of claims that were disputed prior to the Petition Date and were the subject of prepetition litigation between the Debtors and the claimant, which claims remain subject to pending litigation, and a federal tax claim. The Reorganized Debtors are not seeking at this time to close any of the chapter 11 cases of the former Debtors against which any of the foregoing Remaining Non-LBO Claims are asserted. In the event that the Reorganized Debtors resolve one or more of the Remaining Non-LBO Claims prior to the hearing on this Motion, the Reorganized Debtors reserve their rights to supplement this Motion to seek to close any case(s) affected by the resolution of any such Remaining Non-LBO Claims. (See ¶ 32, infra).

## C.    **Confirmation Order Appeals**

12.    As described in the Prior Case Closure Motions, notices of appeal of the Confirmation Order were filed by several of Tribune Company's creditors and were consolidated by the United States District Court for the District of Delaware under the caption Wilmington Trust Co. v. Tribune Co. (In re Tribune Co.), No. 1:12-cv-00128-GMS.  Presently, only the appeals taken by Law Debenture Trust Company of New York ("Law Debenture") and Deutsche Bank Trust Company Americas ("Deutsche Bank") remain pending (the "Confirmation Order Appeals").  The Confirmation Order Appeals do not involve the Specified Debtors and any further proceedings in this Court arising therefrom may be administered in the Lead Case.

## D.    **Pending Adversary Proceedings**

13.    As described in the Prior Case Closure Motions, there are several adversary proceedings that remain pending in the Lead Case.[11]  Each of the remaining adversary

---

[11] See, e.g., Wilmington Trust Company v. JPMorgan Chase Bank, N.A. Case No. 10-50732 (KJC) (Bankr. D. Del. Mar. 4, 2010); Official Comm. of Unsecured Creditors v. JPMorgan Chase Bank, N.A. (In re Tribune Co.), Adv. Pro No. 10-53963 (KJC) (Bankr. D. Del. Nov. 1, 2010); Official Comm. of Unsecured Creditors v. FitzSimons (In re Tribune Co.), Adv. Pro. No. 10-54010 (KJC) (Bankr. D. Del. Nov. 1, 2010); Official Comm. of Unsecured Creditors v. JPMorgan Chase Bank, N.A. (In re Tribune Co.), Adv. Pro No. 10-55969 (KJC) (Bankr. D. Del. Dec. 8, 2010);

7

proceedings raise claims and causes of action arising from the LBO Transaction. Most of those adversary proceedings have been consolidated with the MDL Proceedings and are being prosecuted by the Litigation Trustee. The remaining adversary proceedings do not involve the Specified Debtors and any further proceedings in this Court arising therefrom may be administered in the Lead Case.

## RELIEF REQUESTED

14.     By this Motion, the Reorganized Debtors request the entry of a final decree pursuant to sections 105(a), 342(c)(1), and 350(a) of the Bankruptcy Code, Bankruptcy Rules 1005, 2002(m), 2002(n), and 3022, and Local Rule 3022-1, in substantially the form attached hereto, (i) closing the chapter 11 cases of the Specified Debtors, (ii) providing that, to the extent necessary, further proceedings in this Court with respect to (a) the unresolved Proofs of Claim asserted against the Specified Debtors and (b) other matters that may potentially impact the estates of the Specified Debtors shall be administered in the Lead Case, (iii) directing the use of an amended caption upon the entry of the Proposed Final Decree approving this Motion; and (iv) granting limited relief from Local Rule 3022-1(c).

15.     For the purposes of calculating fees which are due and payable pursuant to 28 U.S.C. § 1930 in connection with the Specified Cases, (a) disbursements made by the Specified Debtors prior to the entry of the final decree will be included in the calculation of quarterly fees for the third quarter of 2016, (b) the appropriate quarterly fees based on such disbursements will be paid by or on behalf of the Specified Debtors on or before the deadline for the payment of

---

Official Comm. of Unsecured Creditors v. Citigroup Global Markets, Inc. and Merrill Lynch, Pierce, Fenner & Smith Inc. (In re Tribune Co.), Adv. Pro. No. 12-50446 (KJC) (Bankr. D. Del. Apr. 2, 2012). In addition, beginning on December 3, 2010, the Creditors' Committee also initiated avoidance actions against certain of the former Debtors' executives who purportedly received special compensation in connection with the LBO Transaction (the "Insider Actions"). Eighteen of the Insider Actions remain pending, and are currently being prosecuted by the Litigation Trustee in conjunction with the MDL Proceedings.

quarterly fees for the third quarter of 2016 pursuant to 28 U.S.C. § 1930, (c) no disbursements made by the Specified Debtors following entry of the final decree will be included in the calculation of such quarterly fees, and (d) no quarterly fees shall be due and payable with respect to the Specified Cases for quarterly periods thereafter.

16.     To preserve the rights of the holders of unresolved Proofs of Claim asserted against the Specified Debtors, as well as the rights of parties to other unresolved matters involving the Specified Debtors, the Reorganized Debtors propose that the Proposed Final Decree approving this Motion provide that (a) it is without prejudice to the rights of any party to seek to reopen any or all of the Specified Cases closed pursuant to the final decree for cause, including, but not limited to, the Reorganized Debtors' failure to either file a final report as set forth above or pay fees due and payable pursuant to 28 U.S.C. § 1930; and (b) any claim that is subsequently Allowed pursuant to the Plan by this Court against any Specified Debtor whose case was closed pursuant to such final decree shall be paid in accordance with the Plan as applicable to such Specified Debtor.

17.     The relief requested in this Motion will not substantively alter the rights of any claimants that hold Unresolved LBO-Related Claims against the Specified Debtors.  To the extent the pending appeals of the Confirmation Order, pending adversary proceedings, or Unresolved LBO-Related Claims and their resolution have a potential impact on the Reorganized Debtors, that impact falls almost exclusively on Tribune Media Company, as the ultimate Tribune parent company at the time of the LBO Transaction and throughout the period prior to the Effective Date.  The Reorganized Debtors do not seek to close or otherwise affect Tribune Media Company's chapter 11 case (or the other Remaining Cases) via this Motion.

9

## BASIS FOR RELIEF REQUESTED

### A.    Closure of Specified Cases

18.    Consistent with the Prior Case Closure Motions, the Reorganized Debtors propose to close the Specified Cases and further advance these chapter 11 cases towards a conclusion. Section 350(a) of the Bankruptcy Code provides that "[a]fter the case is fully administered and the court has discharged the trustee, the court shall close the case."[12]  11 U.S.C. § 350. Bankruptcy Rule 3022 provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court . . . shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

19.    Neither the Bankruptcy Code nor the Bankruptcy Rules define the term "fully administered." The Advisory Committee Note to the 1991 amendment to Bankruptcy Rule 3022 provides a list of six factors that a court may consider in determining whether an estate has been fully administered for final decree purposes.  The six factors are: (a) whether the order confirming the plan has become final; (b) whether deposits required by the plan have been distributed; (c) whether the property proposed by the plan to be transferred has been transferred; (d) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan; (e) whether payments under the plan have commenced; and (f) whether all motions, contested matters, and adversary proceedings have been finally resolved.  See Advisory Committee Note to Fed. R. Bankr. P. 3022.

20.    Courts have frequently applied the six factors set forth in the Advisory Committee Note in determining whether a case has been fully administered.  See, e.g., In re Kliegl Bros. Univ. Elec. Stage Lighting Co., Inc., 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999); In re SLI, Inc.,

---

[12] The status of the debtor in possession as a trustee normally is deemed terminated upon confirmation of the plan of reorganization. See In re Jay Bee Enter., Inc., 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997).

No. 02-12608 (WS), 2005 Bankr. LEXIS 1322, at *5 (Bankr. D. Del. June 24, 2005). These factors are employed by courts as a guide to assist the determination of whether a case is fully administered although each of the factors need not be present in order for a court to enter a final decree. See, e.g., In re JMP-Newcor Int'l, Inc., 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (finding that case was fully administered despite pending adversary proceeding).

21.    The Specified Debtors' cases have been or, upon entry of the requested order, will be, "fully administered" within the meaning of section 350 of the Bankruptcy Code when the foregoing factors are taken into account. First, the Confirmation Order became final and the Reorganized Debtors assumed the management of the property dealt with by the Plan more than three years ago. Second, all Proofs of Claim asserted against the Specified Debtors have been resolved, with the exception of the Unresolved LBO-Related Claims, which, to the extent necessary, will be administered in the Lead Case, and, if Allowed, paid in accordance with the Plan. With respect to Proofs of Claim that have been Allowed against the Specified Debtors, all distributions have been made in accordance with the terms of the Plan. Third, all costs required by the Plan to be paid by the Specified Debtors have been paid. Lastly, all motions, contested matters or adversary proceedings related to the Specified Debtors' cases have either been resolved or, to the extent further proceedings in this Court with respect to such matters are necessary, such proceedings may be administered in the Lead Case.

22.    Given the fully administered status of the Specified Debtors' chapter 11 cases, there is no practical benefit to leaving the cases open. Closing the cases, however, will allow the Reorganized Debtors to save approximately $30,000 per quarter in U.S. Trustee fees allocable to those cases. The closure of the Baltimore Sun's chapter 11 case will streamline the Reorganized Debtors' quarterly reporting, as there will no longer be pending chapter 11 cases for any of the

11

Reorganized Publishing Debtors, which file separate quarterly reports from the Reorganized Media Debtors. Closure of the Specified Debtors' cases will also reduce this Court's docket and the attendant burden on this Court as well as the Clerk of the Court's office and the U.S. Trustee's office. There are thus real benefits to closing the Specified Cases and no countervailing reasons to keep them open.

23.     As noted in paragraph 7, in connection with the Initial Case Closure Motion, the Reorganized Debtors engaged in discussions with various parties, which led to a number of consensual modifications that were reflected in the final decree that was entered by the Court. In preparing the Proposed Final Decree attached to this Motion, the Reorganized Debtors have incorporated those consensual modifications, as follows:

     a.  the Proposed Final Decree orders that closure of the Specified Cases shall not alter or modify the terms of the Plan, Confirmation Order, any supplement, exhibit, appendix or schedule to the Plan, or any other contract, instrument, release or other agreement executed or created pursuant to the Plan, including but not limited to the Litigation Trust Agreement (as defined in the Plan) or LT Agreement (as defined in the Plan);

     b.  the Proposed Final Decree orders that closure of the Specified Cases shall not affect the ability of the Litigation Trustee (as defined in the Plan) to amend any Preserved Causes of Action (as defined in the Plan) or assert any LBO-Related Causes of Action (as defined in the Plan) pursuant to, inter alia, section 550 of the Bankruptcy Code;

    c.   the Proposed Final Decree orders that entry of the final decree is without

        prejudice to any pending appeals taken from the Confirmation Order, and from

        the orders incorporated therein;

    d.   the Proposed Final Decree orders that entry of the final decree shall have no effect

        on the availability of relief, if any, as a consequence of the Confirmation Order

        Appeals and

    e.   the Proposed Final Decree orders that, for the avoidance of doubt, the Specified

        Debtors shall continue to comply with any current or future obligations they may

        have under the LT Agreement, and shall maintain their rights under the LT

        Agreement, as if they were still Reorganized Debtors.

    24.     In light of the foregoing, entry of a final decree is appropriate at this time for each of the Specified Cases. The particular relief sought in the Proposed Final Decree tracks the relief granted in the prior final decrees in all material respects and is also similar to the relief granted to debtors in other chapter 11 cases. See, e.g., In re AbitibiBowater, No. 09-11296 (KJC) (Bankr. D. Del. Dec. 18, 2012) [Docket No. 5282] (closing certain chapter 11 cases despite pending appeals, pending avoidance actions, and pending claims pursuant to section 502(d) of the Bankruptcy Code); In re Dura Automotive Sys., Inc., No. 06-11202 (KJC) (Bankr. D. Del. Dec. 27, 2011) [Docket No. 4273] (closing certain chapter 11 cases despite a pending avoidance action for which a written settlement agreement remained in process). Accordingly, the Reorganized Debtors respectfully request that the Court enter the Proposed Final Decree pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1 closing each of the Specified Cases.

## B.    Use of Amended Caption

25.    The Proposed Final Decree directs the use of an amended caption in the

Remaining Cases, as follows:

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY, et al.[FN]<br>(f/k/a Tribune Company) | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |

[FN] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); Chicagoland Television News, LLC (1352); Tribune CNLBC, LLC (0347). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

26.    The Court has the authority to direct the use of an amended caption under sections

105(a) and 342(c)(1) of the Bankruptcy Code, as well as Bankruptcy Rules 1005, 2002(m), and

2002(n).  Section 342(c) of the Bankruptcy Code requires, in relevant part, that notices "required

to be given by the debtor to a creditor… shall contain the name, address, and last 4 digits of the

taxpayer identification number of the debtor."  11 U.S.C. § 342(c)(1).  Similarly, Bankruptcy

Rule 1005 requires that a proper caption include the name of the debtor and last 4 digits of the

taxpayer identification number of the debtor.  Section 105(a) provides this Court with the

authority to issue orders that are necessary to carry out the provisions of the Bankruptcy Code.

11 U.S.C. § 105(a).  Bankruptcy Rule 2002(m) provides that the "court may from time to time

enter orders designating… the form and manner in which notices shall be sent" and Bankruptcy

Rule 2002(n) requires that the caption of every notice include the information required to be in

the notice by section 342(c) of the Bankruptcy Code and Bankruptcy Rule 1005.  Similarly,

Local Rule 9004-1 provides that "[d]ocuments submitted for filing shall contain in the caption

the name of the debtor, the case number, the initials of the Judge to whom the case has been

14

assigned, the docket number assigned to the case and, if applicable, the adversary proceeding number."

27.    The use of the amended caption proposed herein is necessary to reflect the closure of the Specified Cases. Specifically, the proposed caption will accurately reflect that, following entry of the relief requested herein, the Reorganized Debtors or successors to Reorganized Debtors (after giving effect to the Restructuring Transactions) identified on the caption are the only entities with Remaining Cases open and pending in these chapter 11 proceedings. Accordingly, the Reorganized Debtors submit that it is necessary and appropriate to modify the caption of the Remaining Cases as set forth herein.

## C.    Administration of Unresolved Matters

28.    Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Closing the Specified Cases and administering any unresolved matters with respect to such cases in the Lead Case is an appropriate use of the Court's equitable powers under section 105(a) of the Bankruptcy Code.

29.    A principal purpose behind this Motion – other than the reduction of administrative burdens on this Court and the Clerk of the Court – is to limit the incurrence of quarterly fees payable to the Office of the United States Trustee. At present, the Specified Debtors' cases accrue approximately $30,000 per quarter in fees. This ongoing financial burden on the Reorganized Debtors provides little by way of corresponding benefit to the Reorganized Debtors or to any remaining creditors, including potential creditors of the Specified Debtors' estates. The Specified Debtors' cases sought to be closed by this Motion have little or no activity in them each quarter, nor are they expected to have any substantial activity in the future. Each of the Unresolved LBO-Related Claims asserted against the Specified Debtors are contingent and

15

relate to the LBO Transaction, and such claims will not be addressed except as part of, or following the conclusion of, the MDL Proceedings.

30.     It is unnecessary to keep the Specified Cases open on account of the relatively few unresolved matters remaining in the Specified Cases, particularly when the Court can continue to address such matters under the umbrella of the Lead Case.  Indeed, as long the Lead Case remains open, closure of the Specified Cases will not affect the resolution of the outstanding Proofs of Claim asserted against, or other matters involving, the Specified Debtors. Rather, upon entry of the relief requested herein, any remaining matters that might potentially impact the estates of the Specified Debtors can either be addressed adequately in the Lead Case or, if necessary, with the reopening of the chapter 11 case or cases of the relevant Specified Debtor(s).

31.     The form of Proposed Final Decree attached hereto provides for the Court to retain jurisdiction over the Specified Cases in the event that the Reorganized Debtors or any other party in interest seeks to reopen any of the Specified Cases for cause.  The retention of jurisdiction by the Court for such purpose is appropriate, and consistent with the terms of the Confirmation Order.  See 28 U.S.C. § 1334(b) (granting courts "related to" jurisdiction); Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir. 1985) (providing definition of "related to" for jurisdictional purposes); see also Confirmation Order at § IX (describing the Court's retention of jurisdiction for the purposes set forth in Article XII of the Plan).  In any event, if necessary, "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."  11 U.S.C. § 350(b); see also In re Gates Cmty. Chapel of Rochester, Inc., 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) ("[T]he entry of a final decree in no way completely deprives the court of jurisdiction to reopen the case, enforce or interpret an

Order or determine a pertinent issue."). Therefore, granting the relief requested herein would not foreclose the possibility of reopening the Specified Cases should the need arise.

**D.      Reservation of Right to Supplement the Motion**

32.      The Reorganized Debtors hereby reserve the right to supplement the Motion if any of the Remaining Non-LBO Claims are resolved prior to the hearing on this Motion, to close the case or cases affected by the resolution of such Remaining Non-LBO Claims. For the avoidance of doubt, this reservation of rights shall apply to each of the Remaining Cases other than the Lead Case (against which no Remaining Non-LBO Claims are asserted). As set forth in ¶ 35, infra, all holders of Unresolved Claims, including the holders of the three (3) Remaining Non-LBO Claims, will receive notice of this Motion and the reservation of rights herein. If the Reorganized Debtors seek to close one or more additional cases, the Reorganized Debtors will file a revised Proposed Final Decree, with notice and service to: (i) the Office of the United States Trustee; (ii) the parties holding Unresolved Claims in the proposed additional case(s) to be closed; and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002. The Reorganized Debtors further reserve their rights to file additional motions to close any of the Remaining Cases, in accordance with the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

## FINAL REPORT

33.      Pursuant to Local Rule 3022-1, all fees required to date pursuant to 28 U.S.C. § 1930 have been paid, or will be paid, by the Specified Debtors. The Reorganized Debtors respectfully request a waiver of the requirement under Local Rule 3022-1(c) to file a final report with respect to the Specified Cases prior to the hearing on this Motion. The Reorganized Debtors instead propose to file a consolidated final report with respect to all of the Debtors in connection with a motion seeking to close the final Remaining Case(s).

17

## NOTICE

34.    Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the parties holding Unresolved Claims; and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rules 2002-1(b) and 3022-1.  In light of the nature of the relief requested herein, the Reorganized Debtors submit that no other or further notice is necessary.

[Remainder of Page Intentionally Left Blank]

WHEREFORE the Reorganized Debtors respectfully request that the Court (i) enter the Proposed Final Decree closing the Specified Cases and providing that, to the extent necessary, further proceedings in this Court with respect to (a) the unresolved Proofs of Claim asserted against the Specified Debtors and (b) other remaining matters that may potentially impact the estates of the Specified Debtors shall be administered in Lead Case, (ii) direct the use of the amended caption proposed herein, (iii) grant a limited waiver of Local Rule 3022-1(c); and (iv) grant such other and further relief as the Court may deem just and proper.

Dated:  July 25, 2016

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000

-and-

JONES DAY
Bruce Bennett
James O. Johnston
Joshua M. Mester
555 South Flower Street, 50th Floor
Los Angeles, CA  90071-2300
Telephone:  (213) 489-3939

-and-

COLE SCHOTZ P.C.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131

ATTORNEYS FOR REORGANIZED
DEBTORS

46429/0001-13400161v1