# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY, <u>et al.</u>[1]<br>(f/k/a Tribune Company) | Case No. 08-13141 (KJC) |
|           Reorganized Debtors. | Jointly Administered |
| | **Hearing Date: August 22, 2017 at 10:30 a.m. ET**<br>**Objection Deadline: July 17, 2017 at 4:00 p.m. ET** |

## REORGANIZED DEBTORS' MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE DEADLINE TO OBJECT TO CLAIMS

The reorganized debtors in the above-captioned chapter 11 cases (collectively, the "Reorganized Debtors"), by and through their undersigned counsel, hereby submit this motion (the "Motion") for the entry of an order, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 <u>et seq.</u> (the "Bankruptcy Code"), Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and section 8.1 of the Plan (as defined below), further extending the deadline established under the Plan for the Reorganized Debtors to object to Claims.[2]  In support of this Motion, the Reorganized Debtors respectfully represent as follows:

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); Chicagoland Television News, LLC (1352); and Tribune CNLBC, LLC (0347).  The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

## STATUS OF THE CASE AND JURISDICTION

1.      On December 8, 2008 (the "Petition Date"), Tribune Company (n/k/a Tribune Media Company) and certain of its subsidiaries (collectively, the "Debtors")[3] each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  An additional Debtor, Tribune CNLBC, LLC,[4] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.

2.      The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket Nos. 43, 2333].

3.      On July 23, 2012, the Court entered an order [Docket No. 12074] (the "Confirmation Order") confirming the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 12072] (the "Plan").

4.      The Effective Date of the Plan occurred on December 31, 2012.

5.      On March 16, 2015, July 24, 2015, May 11, 2016, and August 12, 2016, the Court entered final decrees closing certain of the former Debtors' chapter 11 cases as "fully administered" under section 350 of the Bankruptcy Code and Bankruptcy Rule 3022.  See Docket Nos. 14078, 14135, 14255, 14303.  Only four (4) of the former Debtors' original one

---

[3] As used herein, the term "Debtors" refers to the entities that filed the above-captioned chapter 11 cases and the term "Reorganized Debtors" refers to the entities that became successors to the Debtors upon the Debtors' emergence from their chapter 11 cases.

[4] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

hundred and ten (110) chapter 11 cases remain open and pending before this Court, involving three (3) Reorganized Debtors.[5]

6.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, which jurisdiction was retained pursuant to Article IX of the Confirmation Order and Section 12.1 of the Plan.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006, and Local Rule 9006-2.

## RELEVANT BACKGROUND

7.      Section 8.1 of the Plan provides that "[u]nless otherwise ordered by the Bankruptcy Court, the Reorganized Debtors and/or the Litigation Trustee shall serve and file any objections to Claims and Interests as soon as practicable, but in no event later than (a) two hundred and ten (210) days after the Effective Date or (b) such later date as may be determined by the Bankruptcy Court upon a motion which may be made without further notice or hearing."  Plan § 8.1.  In light of the foregoing, because the Effective Date occurred on December 31, 2012, the period within which the Reorganized Debtors may object to Claims was initially set to expire on July 29, 2013.

8.      The Court has since entered orders extending the Plan § 8.1 objection deadline (the "Claims Objection Deadline") on eight separate occasions [Docket Nos. 13674, 13841, 13960, 14045, 14134, 14197, 14302, 14329].  The most recent of these orders extended the Claims Objection Deadline through and including June 30, 2017 [Docket No. 14329].

---

[5] The Plan provided for, among other things, Restructuring Transactions including, without limitation, mergers, consolidations, conversions, joint ventures, restructurings, recapitalizations, dispositions, liquidations or dissolutions.  See Plan Exhibit 5.2; Notice Respecting Restructuring Transactions [Docket No. 12732].  The Restructuring Transactions were largely consummated prior to the Effective Date, resulting in the 110 former Debtor entities becoming 52 post-transaction entities.

9.     The vast majority of the more than 7,100 proofs of claim filed in the Debtors' chapter 11 cases (the "Proofs of Claim") – approximately 94.4% – have been resolved. Of the 403 Proofs of Claim that remain outstanding (collectively, the "Unresolved Claims"), 400 are related to the ongoing litigation involving the 2007 leveraged buy-out of Tribune Company (collectively, the "Unresolved LBO-Related Claims").[6]  The bulk of the Unresolved LBO-Related Claims are contingent, unliquidated, and disputed indemnification, reimbursement, or contribution Claims filed by current or former directors or officers of or advisors to the Debtors, many of whom are named as defendants in multidistrict litigation that is currently pending in the U.S. District Court for the Southern District of New York (the "MDL Proceedings").[7]

10.     There are only three Proofs of Claim that remain outstanding other than the Unresolved LBO-Related Claims (collectively, the "Unresolved Non-LBO-Related Claims"). The Unresolved Non-LBO-Related Claims are two litigation-related Claims filed by the same claimant against two Debtors, relating to litigation pending in the Circuit Court for Cook County, Illinois, and a federal tax claim.  The Reorganized Debtors are continuing their efforts to resolve the litigation-related Claims on a consensual basis.  In the third quarter of 2016, the Reorganized Debtors reached a settlement with the Internal Revenue Service resolving the federal tax claim, pursuant to which the Reorganized Debtors made an initial payment on account of such claim. The parties continue to negotiate the appropriate amount of interest due on such claim and the amount of any applicable offsetting credits, and expect the claim to be fixed, Allowed, and fully satisfied prior to the end of 2017.

---

[6] Also included in the LBO-Related Claims are the three remaining proofs of claim filed by Morgan Stanley Capital Services, Inc. and its affiliates (collectively, the "MSCS Claims").  Pursuant to §§ 3.2.5(b), 7.11.12, and 11.2.6 of the Plan, the MSCS Claims are subject to set off against certain Preserved Causes of Action and therefore adjudication of the MSCS Claims is under the control of the Litigation Trust (as defined in the Plan).

[7] See In re Tribune Co. Fraudulent Conveyance Litig., No. 12 MC 2296 (RJS), MDL No. 11 MD 2296 (RJS) (S.D.N.Y.).

## RELIEF REQUESTED

11.    By this Motion, the Reorganized Debtors request that the Court enter an order further extending the Claims Objection Deadline by approximately six (6) months, through and including Friday, December 29, 2017.  The Reorganized Debtors further request that the extension proposed herein be without prejudice to their rights to seek further extensions of the Claims Objection Deadline.

## BASIS FOR RELIEF REQUESTED

12.    As set forth above, Section 8.1 of the Plan provides that the Claims Objection Deadline may be extended by order of the Court.  Additionally, section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).  Bankruptcy Rule 9006(b)(1) further provides, in pertinent part, that:

> …when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order….

Fed. R. Bankr. P. 9006(b)(1).[8]

13.    Extending the Claims Objection Deadline is in the best interests of the Reorganized Debtors and the Debtors' estates.  While the Debtors and the Reorganized Debtors have resolved substantially all of the outstanding Proofs of Claim, the Reorganized Debtors need additional time to resolve the Unresolved Claims, including seeking the consensual resolution thereof, or if necessary, filing appropriate objections to such Claims.

---

[8] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the Claims Objection Deadline shall automatically extend such deadline until the Court acts on this Motion without the necessity for the entry of a bridge order.

14.     As noted above, all but three of the Unresolved Claims are Unresolved LBO-Related Claims.  Section 7.11.2 of the Plan provides that, to the extent such unresolved indemnification, reimbursement, or contribution Claims are Allowed, they will be set off against any recovery by the Litigation Trustee against the holders of such Claims.[9]  Section 7.11.2 of the Plan further authorizes the Litigation Trustee to object to the allowance of such Claims.[10] Accordingly, the Reorganized Debtors anticipate (but defer to the Litigation Trustee to confirm) that the overwhelming majority of the Unresolved Claims will ultimately be adjudicated or resolved in conjunction with the MDL Proceedings.[11]  The Reorganized Debtors believe that the filing of objections to the Unresolved LBO-Related Claims at this time would be premature and might interfere with the orderly resolution of the MDL Proceedings in the District Court.

15.     With respect to the Unresolved Non-LBO-Related Claims, the Reorganized Debtors have resolved one such claim in principle, and are engaged with the remaining claimant to resolve his Claims via negotiations, mediation, settlement, or trial, with the consent of the parties.  The Reorganized Debtors need additional time to complete

---

[9] Specifically, section 7.11.2 of the Plan provides, in relevant part, as follows: "To the extent that any Person has either (i) an Allowed Other Parent Claim against Tribune, (ii) an Allowed General Unsecured Claim against any of the Filed Subsidiary Debtors or (iii) a valid and enforceable claim against any other direct or indirect subsidiary of the Debtors, in each case for (a) indemnification, reimbursement, contribution or claims pursuant to Bankruptcy Code section 502(h), and (b) arising from or relating to the assertion of any claim or cause of action by the Litigation Trust or the Litigation Trustee against such Person or any of its Related Persons, such Allowed Claim shall be setoff against any recovery by the Litigation Trust against such Person.  For the purposes of this Section 7.11.2, "setoff against" shall mean that the Litigation Trust shall either use Litigation Trust Assets to pay such Claim or shall take actions necessary to cause the release or waiver of such Claim."  Plan § 7.11.2.

[10] Id. ("The Litigation Trust shall be authorized to object to the allowance of, and entitled to assert any claim, counterclaim, or defense of the Debtors or applicable direct or indirect subsidiary of a Debtor to, any such indemnification, reimbursement, contribution or Bankruptcy Code section 502(h) claim.").

[11] See Litigation Trustee's Motion for an Order Extending the Deadline to Object to Claims [Docket No. 13651] at ¶ 12 ("To the extent any defendants . . . have asserted Setoff Claims against the Debtors or attempt to assert Setoff Claims against the Litigation Trust upon answering or otherwise moving to dismiss, the Litigation Trustee intends to object to such Claims."); see also Litigation Trustee's Motion for an Order Further Extending the Deadline to Object to Claims [Docket No. 14128] at ¶ 13 (same).

negotiations or other proceedings in respect of the Unresolved Non-LBO-Related Claims, and, if appropriate, to file objections to them.

16.    Extending the Claims Objection Deadline is necessary to ensure that the Reorganized Debtors have sufficient time to raise appropriate objections to, or otherwise resolve, the Unresolved Claims.  Given the volume of Claims filed in these chapter 11 cases and the progress made by the Debtors and Reorganized Debtors thus far, the extension of time requested herein is just and appropriate under the circumstances.  Similar relief has been granted in other cases in this District on numerous occasions.  See, e.g., In re Advanta Corp., No. 09-13931 (KJC) (Bankr. D. Del. Mar. 23, 2015) (order granting tenth motion to extend time to object to claims); In re Allen Family Foods, Inc., No. 11-11764 (KJC) (Bankr. D. Del. Apr. 14, 2014) (order granting fifth motion to extend time to object to claims).  No party has objected to the Reorganized Debtors' prior extension motions.

## NOTICE

17.    Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the parties holding Unresolved Claims; and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Reorganized Debtors submit that no other or further notice is necessary.

[Remainder of Page Intentionally Left Blank]

WHEREFORE the Reorganized Debtors respectfully request entry of an order

(i) extending the Claims Objection Deadline through and including Friday, December 29, 2017,

without prejudice to the Reorganized Debtors' rights to seek further extensions of such deadline,

and (ii) granting such other and further relief as the Court may deem just and proper.

Dated:  June 30, 2017               Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000

-and-

JONES DAY
Bruce Bennett
James O. Johnston
Joshua M. Mester
555 South Flower Street, 50th Floor
Los Angeles, CA  90071-2300
Telephone:  (213) 489-3939

-and-

COLE SCHOTZ P.C.


*/s/ J. Kate Stickles*
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131

ATTORNEYS FOR REORGANIZED DEBTORS