# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE MEDIA COMPANY, et al.,[1]<br>(f/k/a Tribune Company)<br><br>     Reorganized Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>(Jointly Administered)<br><br>Hearing Date: August 22, 2017 at 10:30 a.m. (ET)<br>Obj. Deadline: July 17, 2017 at 4:00 p.m. (ET)<br><br>Ref. Nos. 12072 and 12074 |

## MOTION OF THE LITIGATION TRUSTEE FOR AN ORDER EXTENDING THE TERM OF THE TRIBUNE LITIGATION TRUST

Marc S. Kirschner, as Litigation Trustee (the "Litigation Trustee") for the Tribune Litigation Trust (the "Litigation Trust"), by and through his undersigned counsel, hereby submits this motion (the "Motion") for an Order extending the term of the Litigation Trust by a period of five (5) years. In support of this Motion, the Litigation Trustee represents as follows.

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); Chicagoland Television News, LLC (1352); KWGN, LLC (5347); The Baltimore Sun Company, LLC (6880); Tribune CNLBC, LLC (0347). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

{963.001-W0047699.}

## FACTUAL BACKGROUND

### A. Procedural History

2. On December 8, 2008 (the "Petition Date"), the Debtors commenced the above-captioned voluntary cases under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). On December 18, 2008, the Office of the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors of Tribune Co. (the "Committee"). The Court issued an order (the "Standing Order") on October 27, 2010 granting the Committee standing, on behalf of the Debtors' estates, to commence various adversary proceedings that assert claims relating to the leveraged buyout of Tribune in 2007.[2]

3. On November 1, 2010, the Committee commenced one such adversary proceeding (the "FitzSimons Action") against Tribune's former shareholders, advisors, officers, and directors that participated in the LBO.[3] In addition, the Committee commenced two other adversary proceedings (collectively, the "Lender Actions") against the lenders that financed the LBO.[4] Finally, the Committee commenced numerous adversary proceedings in the Bankruptcy Court against certain former executives of Tribune (collectively, the "Insider Actions") who received special compensation in connection with the LBO.[5]

---

[2] Order Granting Unsecured Creditors Committee's Standing Motions, *In re Tribune Co., et al.*, 08-bk-13141 (Bankr. D. Del. Oct. 27, 2010), ECF No. 6150.

[3] Complaint, *Official Committee of Unsecured Creditors of Tribune Co. v. FitzSimons*, et al., Adv. Proc. No. 10-54010 (Bankr. D. Del. Nov. 1, 2010), ECF No. 1. A fifth amended complaint was filed on August 2, 2013. Complaint, *Official Committee of Unsecured Creditors of Tribune Co. v. FitzSimons*, et al., Case No. 1:11-md-02296-WHP (S.D.N.Y. August 2, 2013), ECF No. 2701.

[4] Complaint, *Official Committee of Unsecured Creditors of Tribune Company v. JPMorgan Chase Bank, N.A.*, et al., Adv. Proc. No. 10-53963 (Bankr. D. Del. Nov. 1, 2010), ECF No. 1; Complaint, *Official Committee of Unsecured Creditors of Tribune Company v. JPMorgan Chase Bank, N.A.*, et al., Adv. Proc. No. 10-55969 (Bankr. D. Del. Dec. 8, 2010), ECF No. 1.

[5] *See, e.g.*, Complaint, *Official Committee of Unsecured Creditors of Tribune Company v. Litman*, Adv. Proc. No. 10-55602 (Bankr. D. Del. Dec. 3, 2010), ECF No. 1.

4. On March 15, 2012, the Bankruptcy Court issued an order permitting the Committee to sever certain claims (the "Advisor Claims") from the Lender Action.[6] On April 2, 2012, the Committee commenced an adversary proceeding in the Bankruptcy Court (the "Advisor Action," and together with the FitzSimons Action, the Lender Actions, and the Insider Actions, collectively the "Actions") asserting the severed Advisor Claims.[7]

5. On March 20, 2012, the United States Judicial Panel for Multidistrict Litigation ("JPML") transferred the FitzSimons Action to the United States District Court for the Southern District of New York (the "District Court") for coordinated and consolidated pretrial proceedings with various related actions.[8] On August 3, 2012, the JPML also transferred the Advisor Action to the District Court for similarly coordinated and consolidated pretrial proceedings.[9]

6. On July 20, 2012, the Debtors, the Committee, and various co-proponents filed the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (the "Plan")[10] in the Bankruptcy Court.[11] The Bankruptcy Court confirmed the Plan on July 23, 2012.[12]

7. The Plan approved the creation of a litigation trust (the "Trust") to pursue the Preserved Causes of Action.[13] The Plan became effective on December 31, 2012.[14] On that

---

[6] Order Partially Lifting Stay of Adversary Proceedings and State Law Constructive Fraudulent Conveyance Actions, *In re Tribune Co.*, et al., 08-bk-13141 (Bankr. D. Del. March 15, 2012), ECF No. 11158
[7] Complaint, *Official Committee of Unsecured Creditors of Tribune Company v. Citigroup Global Markets Inc., et al.*, 08-bk-13141 (Bankr. D. Del. April 2, 2012), ECF No. 11303.
[8] Order Lifting Stay of Conditional Transfer Order, *In re Tribune Co. Fraudulent Conveyance Litig.*, MDL No. 2296 (J.P.M.L. Mar. 20, 2012), ECF No. 992.
[9] Transfer Order, *In re Tribune Co. Fraudulent Conveyance Litig.*, MDL No. 2296 (J.P.M.L. Aug. 3, 2012), ECF No. 1015.
[10] Terms utilized but not otherwise defined herein shall have the meanings ascribed to them in the Plan.
[11] Certification of Counsel Regarding (i) Proposed Confirmation Order and (ii) Amended Plan and Related Documents, *In re Tribune Co., et al.*, 08-bk-13141 (Bankr. D. Del. July 20, 2012), ECF No. 12072.
[12] Order Confirming Fourth Amended Joint Plan of Reorganization, *In re Tribune Co.*, et al., 08-bk-13141 (Bankr. D. Del. July 23, 2012), ECF No. 12074 (the "Confirmation Order").
[13] *See* Confirmation Order §VI.
[14] Notice of (i) Effective Date of the Fourth Amended Joint Plan of Reorganization and (ii) Bar Date for Certain Claims, *In re Tribune Co., et al.*, 08-bk-13141 (Bankr. D. Del. Dec. 31, 2012), ECF No. 12939.

date, the Litigation Trust was created pursuant to the Plan and a Litigation Trust Agreement dated December 31, 2012 (the "Litigation Trust Agreement"), by and among the Tribune Company (for itself and on behalf of the other Debtors, as Debtors and Debtors in Possession, and the Guarantors Non-Debtors and Non-Guarantors Non Debtors) and Marc S. Kirschner, as the litigation trustee, and the Litigation Trust succeeded the Committee as plaintiff in the Actions.[15]

8. The Litigation Trust Agreement sets an initial five-year term for the Litigation Trust, subject to further extensions by this Court. Specifically, Section 9.1(a) of the Litigation Trust Agreement provides:

> The Litigation Trust will be dissolved no later than five (5) years from the Effective Date; provided, however, that the Bankruptcy Court, upon motion by a party in interest, on notice with an opportunity for a hearing, may extend the term of the Litigation Trust for a finite period if (i) such extension is necessary to the purpose of the Litigation Trust, (ii) the Litigation Trustee receives an opinion of counsel or a ruling from the Internal Revenue Service stating that such extension would not adversely affect the status of the Litigation Trust as a liquidating trust for U.S. federal income tax purposes, and (iii) such extension is obtained within the six (6) month period prior to the Litigation Trust's fifth (5th) anniversary or the end of the immediately preceding extension period, as applicable.

9. Pursuant to these terms, absent further order by this Court, the term of the Litigation Trust will expire on December 31, 2017.

**B.    The Litigation Trustee's Prosecution of the Preserved Causes of Action**

10. On January 10, 2013, the Litigation Trustee filed in the District Court a notice to substitute the Litigation Trustee as successor-in-interest plaintiff in the FitzSimons Action and Advisor Action. The District Court approved the substitution on January 11, 2013.[16] At that

---

[15] The beneficiaries of the Litigation Trust Assets (as defined in the Plan) include creditors of Tribune who have unsatisfied claims. *See* Plan § 13.
[16] Memo Endorsement on Notice of Substitution of Party, Counsel, and Liaison Counsel, *In re Tribune Co. Fraudulent Conveyance Litig.*, 11-mc-2296 (S.D.N.Y. Jan. 11, 2013), ECF No. 2179.

time, discovery in the FitzSimons Action and Advisor Action was subject to a continuing stay by the District Court.[17]

11. On February 20, 2013, the Litigation Trustee moved the Bankruptcy Court for entry of an order (the "Substitution Motion"), among other things, authorizing substitution of the Litigation Trustee as the successor-in-interest plaintiff in: (i) the Lender Actions solely with respect to certain counts against certain defendants; and (ii) the various Insider Actions solely with respect to the claims asserted therein that are owned by the Trust.[18] On March 21, 2013, the Bankruptcy Court issued an order granting the Substitution Motion.[19]

12. On March 27, 2013, the MDL and all related motions were reassigned to Judge Richard Sullivan.[20]

13. On May 21, 2013, the Litigation Trustee transferred – via the JPML and the multidistrict litigation mechanism – certain of the Insider Actions that were pending in the Bankruptcy Court (the "Tag Along Actions") to the District Court for coordinated or consolidated pretrial proceedings with the other related actions assigned to the Litigation Trust, including the FitzSimons Action and the Advisor Action (collectively, the "MDL Actions").

14. On June 4, 2013, the Litigation Trustee filed a motion seeking leave to file a motion to amend the Fourth Amended Complaint in the FitzSimons Action and the initial Complaint in the Advisor Action. That motion was granted on August 1, 2013, and the Fifth

---

[17] See Master Case Order No. 2, *In re Tribune Co. Fraudulent Conveyance Litig.*, 11-mc-2296 (S.D.N.Y. June 5, 2012), ECF No. 1050.

[18] Motion to Authorize Omnibus Order: (I) Authorizing Substitution of the Litigation Trustee as Plaintiff in Certain Adversary Proceedings and Approving Procedures to Evidence Such Substitutions; (II) Modifying the Stay of Such Proceedings; and (III) Extending the Time to Effect Service in Such Proceedings, *In re Tribune Co., et al.*, 08-bk-13141 (Bankr. D. Del. Feb. 20, 2013), ECF No. 13210.

[19] Order Granting Litigation Trustees Motion for an Omnibus Order: (I) Authorizing Substitution of the Litigation Trustee as Plaintiff in Certain Adversary Proceedings and Approving Procedures to Evidence Such Substitutions; (II) Modifying the Stay of Such Proceedings; and (III) Extending the Time to Effect Service in Such Proceedings, *In re Tribune Co.*, 08-bk-13141 (Bankr. D. Del. Mar. 21, 2013), ECF No. 13351.

[20] *In re Tribune Co. Fraudulent Conveyance Litig.*, 11-mc-2296 (S.D.N.Y. March 27, 2013), ECF No. 2419.

Amended Complaint in the FitzSimons Action and First Amended Complaint in the Advisor Action were filed on August 2, 2013.

15. On November 20, 2013, the District Court entered a master case order ("MCO No. 4") which extended the stay of general merits discovery in the MDL Actions pending further order of the Court.

16. The District Court subsequently entered a motion protocol order dated April 24, 2014 pursuant to which defendants in the MDL Actions filed twelve motions to dismiss on May 23, 2014 (the "Phase Two Motions").

17. The Litigation Trustee also participated in a mediation with various director and officer defendants named in the FitzSimons Action in August and September 2014. The mediation was unsuccessful and was terminated on September 12, 2014.

18. In September 2015, the Litigation Trustee sought to lift the stay of discovery imposed in the MDL Actions to permit at least written discovery from certain of the named defendants, but defendants objected to that request and the Court denied the request on October 15, 2015.[21] The Litigation Trustee again sought to lift the stay of discovery June 2016. That request was also opposed by the defendants and was also unsuccessful.

19. On January 6, 2017, the District Court issued an order (the "January 6, 2017 Order") granting one of the twelve Phase Two Motions and dismissing Count 1 of the Fifth Amended Complaint in the FitzSimons action. The remaining Phase Two Motions are still pending before the District Court.

20. On February 1, 2017, the Litigation Trustee's counsel requested leave to file a motion for certification of the January 6, 2017 Order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. (11-md-2296 (RJS), Doc. No. 6931.). By order dated February 23, 2017, the

---

[21] *In re Tribune Co. Fraudulent Conveyance Litig.*, 11-md-2296 (S.D.N.Y. Oct. 15, 2015), ECF No. 6750.

{963.001-W0047699.}   6

District Court held that an interlocutory appeal is appropriate, but stated that it will wait to authorize the interlocutory appeal until the remaining Phase Two Motions are resolved, and directed the parties to file a joint discovery plan addressed to certain claims not encompassed by the still pending motions to dismiss by April 1, 2017 (the "Preliminary Discovery Plan").

21. The Preliminary Discovery Plan sets certain dates for the service of initial document requests and document subpoenas with respect to a subset of the claims and defendants in the MDL Actions, and anticipated that initial document discovery with respect to such claims and defendants will take approximately 7 months to complete. The Preliminary Discovery Plan also contemplates that the parties will wait until the document production contemplated by the Preliminary Discovery Plan is substantially complete before conducting most depositions, and that to the extent any party seeks to start depositions before the remaining motions have been decided it must seek that relief from the District Court. The District Court entered an order adopting the Preliminary Discovery Plan on April 5, 2017, and document discovery is now commencing.

22. Given the current procedural posture of the Actions, the Litigation Trustee anticipates that the resolution of all claims asserted in the Actions, including appeals of adverse judgments by the parties to such litigation, is likely not to be final for five to seven years.

**RELIEF REQUESTED**

23. The Litigation Trustee hereby requests that the Court enter an Order pursuant to section 105(a) of the Bankruptcy Code and Section 9.1(a) of the Litigation Trust Agreement extending the term of the Litigation Trust by a period of five (5) years.[22]

---

[22] Section 9.1(a) of the Litigation Trust Agreement contemplates multiple extension periods, and it is possible that the Litigation Trust may require further extensions of the term of the Litigation Trust. The Litigation to date has moved exceedingly slowly, as explained above. Further, since the formation of the Litigation Trust, the Litigation Trust has only received an aggregate of approximately $30 million from settlements negotiated with various

{963.001-W0047699.}   7

## BASIS FOR RELIEF

24. Under the Bankruptcy Code, the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a); *see also In re Johns-Manville Corp.*, 91 B.R. 225, 227 (Bankr. S.D.N.Y. 1988); *Travelers Indemnity Co. v. Bailey*, 557 U.S. 137, 129 S. Ct. 2195, 2205 (2009).

25. The Litigation Trust Agreement expressly provides that this Court may extend the term of the Litigation Trust for a finite period. Specifically, Section 9.1(a) of the Litigation Trust Agreement provides:

> The Litigation Trust will be dissolved no later than five (5) years from the Effective Date; provided, however, that the Bankruptcy Court, upon motion by a party in interest, on notice with an opportunity for a hearing, may extend the term of the Litigation Trust for a finite period if (i) such extension is necessary to the purpose of the Litigation Trust, (ii) the Litigation Trustee receives an opinion of counsel or a ruling from the Internal Revenue Service stating that such extension would not adversely affect the status of the Litigation Trust as a liquidating trust for U.S. federal income tax purposes, and (iii) such extension is obtained within the six (6) month period prior to the Litigation Trust's fifth (5th) anniversary or the end of the immediately preceding extension period, as applicable.

26. Each of the requirements set forth in Section 9.1(a) of the Litigation Trust Agreement for extension of the term of the Litigation Trust are present here.

27. The Litigation Trustee is still pursuing more than $8 billion in damages against more than 4,000 defendants in twenty Actions that are still in their early stages (or, in the case of count one of the FitzSimons Action, awaiting appeal). Indeed, the stay of discovery that was in place since the commencement of the Actions was only lifted, in part, just weeks ago when the District Court entered the Preliminary Discovery Plan on April 5, 2017. The Preliminary Discovery Plan contemplates that initial document discovery will take approximately seven

---

defendants, which represents a miniscule fraction of the claims that have been asserted in the MDL Actions. *See* Litigation Trustee's Notice of Annual Report for January 1, 2016 - December 31, 2016 [Docket No. 14337]. Additional information about the Litigation Trust can be found on the Litigation Trust's website at: http://classaction.kccllc.net/content.aspx?c=5360&sh=1.

months, and that depositions will not begin until after document discovery is substantially complete.

28. To date, no additional discovery or case management deadlines – including deadlines for expert discovery or summary judgment motions – have been set by the District Court. It is unlikely that such deadlines will be set prior to the expiration of the current term of the Litigation Trust.

29. In addition, only one of the twelve Phase Two Motions filed by the defendants in the MDL Actions has been resolved. Although the District Court has indicated that it will permit the Ligation Trustee to appeal the January 6, 2017 Order resolving one of the Phase Two Motions on an interlocutory basis, the District Court has stated that it will wait to do so until all of the Phase Two Motions are resolved.

30. It is not clear when the remaining Phase Two Motions will be resolved, but even if the District Court resolves the remaining Phase Two Motions promptly, it is unlikely that the Litigation Trustee will be able to get an appellate ruling on the January 6, 2017 Order and any additional orders granting motions to dismiss before the end of 2019.[23]

31. Given the procedural posture of the MDL Actions, the Litigation Trustee anticipates that prosecution of the MDL Actions through a final judgment, and appeals of adverse judgments by the parties to the Actions, is likely not to be final for at least five years. Because the MDL Actions and any related appeals will not be resolved prior to the current expiration date of the term, an extension of the term of the Litigation Trust is necessary to execute the purpose of the Litigation Trust.

---

[23] By way of example, it took the individual Tribune creditors nearly three years to obtain a final ruling from the Second Circuit relating to the District Court's September 2013 order dismissing certain individual creditor' claims in the MDL Actions. *See* Judgment Mandate, *In re: Tribune Company Fraudulent Conveyance Litigation*, 13-3992(L) (2d Cir. Aug. 1, 2016).

32. The Litigation Trustee has also received an opinion of counsel dated June 30, 2017 (the "Tax Opinion"), which makes clear that an extension of the term of the Litigation Trust by a period of 5 years "will not adversely affect the status of the Trust as a grantor trust for federal income tax purposes." The Tax Opinion is attached as **Exhibit A** hereto.

33. Finally, this Motion is timely because it is brought well before the Litigation Trust's fifth (5th) anniversary, and because the Litigation Trust Agreement permits this Court to extend the term anytime within the six (6) month period prior to the Litigation Trust's fifth (5th) anniversary.

## NOTICE

34. A copy of the Motion has been served upon: (i) the Office of the United States Trustee for the District of Delaware; and (ii) all parties requesting notice under rule 2002 of the Federal Rules of Bankruptcy Procedures, in accordance with rule 2002-l(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware. The Litigation Trustee submits that no other or further notice is required.

**WHEREFORE**, the Litigation Trustee respectfully requests that the Court grant the Motion and grant such other and further relief as is just and proper.

Dated: June 30, 2017
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____
Richard S. Cobb (No. 3157)
James S. Green Jr. (No. 4406)
Kimberly A. Brown (No. 5138)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: cobb@lrclaw.com
       green@lrclaw.com
       brown@lrclaw.com

-and-

**AKIN GUMP STRAUSS HAUER & FELD LLP**
David M. Zensky
One Bryant Park
New York, NY 10036
(212) 872-1000
Email: dzensky@akingump.com

*Counsel to the Litigation Trustee*

{963.001-W0047699.}    11