IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Tribune Company, *et al.*, | Case No. 08-13141 (KJC) |
| Reorganized Debtors.[1] | (Jointly Administered) |
| Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Dennis J. FitzSimons, *et al.*, | Case No. 12 cv 2652 (RJS) (S.D.N.Y.) **Hearing Date: December 28, 2017 at 1:00 P.M. (ET)** **Obj. Deadline: December 18, 2017 at 4:00 P.M. (ET)** |

## LITIGATION TRUSTEE'S MOTION FOR AN ORDER
## APPROVING SETTLEMENT

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); Chicagoland Television News, LLC (1352); KWGN, LLC (5347); The Baltimore Sun Company, LLC (6880); Tribune CNLBC, LLC (0347). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

{963.001-W0049518.}

Marc S. Kirschner, as Litigation Trustee (the "Litigation Trustee") for the Tribune

Litigation Trust (the "Litigation Trust"), respectfully moves this Court for entry of an order,

substantially in the form attached hereto as Exhibit A, authorizing the Litigation Trustee to settle

his claims (the "Proposed Settlement") against ████████████████████████████

████████████████████████████████████████, and its successors and

assigns in the above-captioned adversary proceeding ("Defendant"), presently pending in the

Southern District of New York (the "District Court").

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334, 11 U.S.C. §§ 105(a) and 1142, and this Court's Order Confirming the Fourth Amended

Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors,

the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo,

Gordon & Co., L.P., and JPMorgan Chase Bank, N.A., [D.I. 12074] at § IX.A. This Motion is a

core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28

U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      On December 18, 2008, the United States Trustee for the District of Delaware,

pursuant to section 1102 of the Bankruptcy Code, appointed the Committee[2] to represent the

interests of all unsecured creditors in the Debtors' cases.

3.      By orders dated October 27, 2010 and November 29, 2010 [D.I. 6150, 6657, and

6658], this Court granted the Committee standing to file and prosecute certain adversary

---

[2] Unless otherwise specified, all defined terms shall have the same meaning as in the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (as modified July 19, 2012, the "Plan") [D.I. 12072], entered by an order of the Court  dated July 23, 2012 [D.I. 12074].

proceedings, including the action now captioned *Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Dennis J. FitzSimons, et al.* (the "*FitzSimons* Action"). That action was commenced on November 1, 2010 [D.I. 6202], and sought to recover, *inter alia*, alleged fraudulent transfers made by the Tribune Company ("Tribune") in connection with its 2007 leveraged buyout.

4.    On March 20, 2012, the United States Judicial Panel on Multidistrict Litigation lifted its stay of a Conditional Transfer Order (*see* MDL No. 2296 (Mar. 20, 2012) [D.I. 992]), thereby transferring the *FitzSimons* Action to the District Court for coordinated pretrial proceedings under 28 U.S.C. § 1407, with the independent state law fraudulent conveyance claims that had been commenced outside the bankruptcy court (together the "State Law Complaints") by or on behalf of certain Tribune Retirees and the holders of Tribune's pre-LBO notes (together the "State Law Claimants"). *See In re Tribune Co. Fraudulent Conveyance Litig.*, No. 11-MD-2296 (RJS) (S.D.N.Y.) (the "MDL").

5.    On July 23, 2012, the Court entered an order [D.I. 12074] confirming the Plan. On December 31, 2012, the Plan became effective. *See* Notice of (I) Effective Date of the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries; and (II) Bar Date for Certain Claims (Dec. 31, 2012) [D.I. 12939].

6.    The Plan established a Litigation Trust and transferred to the Litigation Trust, *inter alia*, all Preserved Causes of Action, including the claims asserted in the *FitzSimons* Action, to be prosecuted and/or settled at the direction of the Litigation Trustee. *See, e.g.* Plan §§ 13.1, 13.2, 13.3. The Plan provides that the Litigation Trustee must obtain "Bankruptcy Court authority" in order to settle any affirmative Preserved Causes of Action where the "stated face amount in controversy exceeds $5,000,000." *Id.* § 13.3.3.

A. THE CURRENT STATUS OF THE FITZSIMONS ACTION

7.     Following transfer to the District Court in 2012, the *FitzSimons* Action has been substantially stayed, pending the adjudication of certain pre-answer motions to dismiss which were fully briefed in 2014.   *See* Phase Two Motion Protocol, No. 11-MD-2296 (S.D.N.Y. Apr. 24, 2014) [D.I. 5696].

8.     On January 6, 2017, the District court issued an opinion granting the Shareholder Defendants' motion to dismiss Count I of the *FitzSimons* Action, seeking to recover all transfers made to former Tribune shareholders in the 2007 LBO ("Shareholder Proceeds") as intentional fraudulent transfers under 11 USC 548(a)(1)(A). *See Kirschner v. Fitzsimons (In re Tribune Co. Fraudulent Conveyance Litig.)*, No. 12-CV-2652 (RJS), 2017 WL 82391, at *1 (S.D.N.Y. Jan. 6, 2017).  However, the District court has not entered an order formally dismissing the *FitzSimons* Action as to such defendants, and the Trustee's time to appeal from such dismissal has not begun to run. *See* Fed. R. Civ. P. 54(b).  No other pre-answer motions addressed to the *FitzSimons* Action have been decided.[3]

9.     On July 18, 2017, the Litigation Trustee sought leave from the District Court to move to amend the *FitzSimons* Action to assert constructive fraudulent conveyance claims against the Shareholder Defendants under 11 U.S.C. § 548(a)(1)(B), in contemplation of the ruling of the United States Supreme Court in *Merit Management Group, L.P., v. FTI Consulting, Inc.*, No. 16-784 (argued November 6, 2017) ("*FTI*").  The Litigation Trustee asserted that if *FTI* is affirmed and 11 U.S.C. § 546(e) is construed consistent with the lower court ruling, the Trustee would be free to seek to recover the Shareholder Proceeds received by substantially all

---

[3]  On April 5, 2017, the District Court issued a Preliminary Discovery Plan permitting the Trustee and certain of the defendants to commence discovery as to certain claims that were not the subject of pending motions to dismiss [D.I. 6952].

of the Shareholder Defendants as constructive fraudulent conveyances. No. 11-MD-2296

(S.D.N.Y. July 18, 2017) [D.I. 6994].

10.      Various defendants opposed the Litigation Trustee's request to amend the

*FitzSimons* Action. No. 12-CV-2652 (S.D.N.Y. July 28, 2017) [D.I. 5345, 5347, 5350, 5352,

5353]. On August 24, 2017 the District Court issued an order denying the Trustee's request

without prejudice to the Trustee re-seeking leave to move to amend after the Supreme Court's

ruling. No. 11-MD-2296 (S.D.N.Y. Aug. 24, 2017) [D.I. 7019]. The District court also stated

that "[i]f, and when, the Supreme Court affirms the Seventh Circuit in FTI Consulting, the

Trustee would have a strong argument in support of amending his complaint to include a

constructive fraudulent conveyance claim."

11.      Separately on September 23, 2013 the District Court entered an order dismissing

the State Law Complaints on account of the asserted impact of the automatic stay. *In re Tribune*

*Co. Fraudulent Conveyance Litig.*, 499 B.R. 310 (S.D.N.Y. 2013).

12.      That order was affirmed on different grounds (preemption) by the Court of

Appeals for the Second Circuit. *See id.*, *aff'd,* 818 F.3d 98 (2d Cir. 2016). The State Law

Claimants timely filed a petition for certiorari in the United States Supreme Court on September

9, 2016 and such petition remains pending, presumably awaiting the outcome of *FTI*.

**B.  THE PROPOSED SETTLEMENT**

13.      Pursuant to various prior joint settlement offers made by the Litigation Trustee

and State Law Claimants (together the "Plaintiffs) at various points in time since 2012,[4] several

hundred Shareholder Defendants in the *FitzSimons* Action have settled the claims against them

and been released by all Plaintiffs. *See* Declaration of Nicholas C. Adams, dated December 4,

---

[4] The first offer was made by the Unsecured Creditors Committee and continued following the consummation of the Plan and appointment of the Litigation Trustee.

2017 ("Adams Decl.") at ¶ 3.  The majority of these settlements involved defendants who received between $50,000 and $100,000 in Shareholder Proceeds.  *Id.*  These settlements also resolved the State Law Claims, if any, against such Shareholder Defendants.

14.     Following the events described in paragraphs 7-12 above, the Litigation Trustee and State Law Claimants made a new settlement offer, limited to Shareholder Defendants that received up to $1,000,000 of Shareholder Proceeds.  The settlement required Shareholder Defendants to pay 16% of all Shareholder Proceeds received at Step One and 36% of all Shareholder Proceeds received at Step Two,[5] in both cases inclusive of pre-judgment interest. Adams Decl. ¶ 4.  The offer expired on November 3, 2017, the date prior to oral argument before the Supreme Court in *FTI*, and more than 130 Shareholder Defendants settled on the offered terms.  *Id.*

15.     Defendant was named as a defendant in Count One of the *FitzSimons* Action Complaint and in the State Law Complaints, and would be named in an amended complaint by the Litigation Trustee asserting a constructive fraudulent conveyance claim, if allowed by the District Court (*see supra* ¶ 9).   The Plaintiffs allege that Defendant received in excess of $5,000,000 in Shareholder Proceeds, and Defendant therefore was not eligible to participate in the recent settlement offer extended by the Plaintiffs.

16.     Nevertheless, on or about October 11, 2017, Defendant's counsel contacted counsel to the Litigation Trustee to inquire about settling Plaintiffs' claims against Defendant at the level the Litigation Trustee was then offering to settle with substantially smaller defendants (i.e., 16% of Step One and 36% of Step Two).   Plaintiffs declined the offer, and an arms' length negotiation ensued.  *See* Adams Decl. ¶ 5.

---

[5] As the Court may recall, the facts and legal theories surrounding the Step One and Step Two Shareholder Proceeds differ.

17.     Approximately one month later, on November 3, 2017, Plaintiffs and Defendant reached an agreement (memorialized by a binding term sheet) to settle for ▮% of Defendant's Step One Shareholder Proceeds and ▮% of Defendant's Step Two Shareholder Proceeds (together, the "Settlement Payment"), an amount materially in excess of Plaintiffs' then-current settlement offer for smaller defendants. *Id.* ¶ 6.  On November 21, Plaintiffs and Defendant entered a written settlement agreement pursuant to which, *inter alia* Defendant will make (or cause to be made on its behalf) the Settlement Payment within fifteen days of all judicial approvals becoming final, in exchange for which Plaintiffs will release all claims respecting the Shareholder Proceeds received by Defendant.[6]  *Id.* ¶ 7.

## RELIEF REQUESTED

18.     The Litigation Trustee respectfully requests that the Court enter an order substantially in the form appended hereto as Exhibit A approving the Proposed Settlement.

## BASIS FOR RELIEF

19.     The Court has discretion to approve settlements after notice and a hearing. *See Myers v. Martin (In re Martin)*, 91 F.3d 389, 394 & n.2 (3d Cir. 1996). The procedure for approving a settlement in bankruptcy is set forth by Bankruptcy Rule 9019, which provides, in relevant part:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

20.     In determining whether to approve a settlement pursuant to Rule 9019, a bankruptcy court is required to "assess and balance the value of the claim that is being

---

[6] The Settlement Payment will be shared between the Litigation Trust and State Law Claimants pursuant to a confidential agreement between the Plaintiffs.

compromised against the value to the estate of the acceptance of the compromise proposal."
*Martin*, 91 F.3d at 393.  Bankruptcy courts consider four criteria in applying this balancing test:
"(1) the probability of success in the litigation; (2) the likely difficulties in collection; (3) the
complexity of the litigation involved, and the expense, inconvenience and delay necessarily
attending it; and (4) the paramount interest of the creditors." *Id.* (citing *Protective Comm. for
Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968)); *In re
Northwestern Corp.*, No. 03-12872, 2008 WL 2704341, at *6 (Bankr. D. Del. July 10, 2008)
(Carey, J.) (applying *Martin* factors).  Ultimately, the court's determination assesses whether the
compromise embodied in the settlement "is fair, reasonable, and in the best interest of the
estate." *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1977).  However, the Court "need not
decide the numerous questions of law or fact raised by litigation, but rather should canvas the
issues to determine whether the settlement falls above the lowest point in the range of
reasonableness." *In re Capmark Fin. Grp. Inc.*, 438 B.R. 471, 515 (Bankr. D. Del. 2010).
Ultimately, "the court does not have to be convinced that the settlement is the best possible
compromise." *In re World Health Alts., Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006) (internal
citations omitted).

     21.    Here, the Plan does not specify what standard the Court should use in determining
whether to authorize the Litigation Trustee to settle a claim where the stated amount is in excess
of $5,000,000; rather it simply requires Bankruptcy Court authority.  The Litigation Trustee
respectfully asserts that the arms-length negotiation, substantial size of the Settlement, and
approval of the Settlement's terms by the State Law Claimants justify granting the Litigation
Trustee the requested approval, considering the substantial authority granted to the Litigation
Trustee under the Plan.

22.     Even applying a Rule 9019 analysis, the Settlement easily merits approval, as the size of the Settlement relative to the amount sought is well above the lowest rung in the range of reasonableness, given that at the present time the Litigation Trustee's only claim against Defendant has been dismissed, and any future ability to recover from Defendant at all would require a successful appeal of the District Court's January 6, 2017 ruling, or a favorable outcome in *FTI* and a successful motion to amend in the District Court.  To be sure the Trustee is confident of its legal position in all respects, but given the complexity, uncertainty of outcome, and lengthy time period required for collection of Shareholder Proceeds following trial and exhaustion of all appeals, it cannot be argued that the settlement is unwarranted.  Courts generally defer to a trustee's business judgment where there is a legitimate business justification for the trustee's decision, and the Court should do so here.  *Martin*, 91 F.3d at 393.

### NO PRIOR REQUEST

23.     No previous request for the relief requested in this Motion has been made in this or any court.

### NOTICE

24.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) all parties having requested notice in the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 2002; and (iii) Defendant.

Dated: December 4, 2017
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

Richard S. Cobb (No. 3157)
J. Landon Ellis (No. 4852)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450

*Counsel to the Litigation Trustee*


**AKIN GUMP STRAUSS HAUER &
FELD LLP**

David M. Zensky
Mitchell Hurley
Deborah J. Newman
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000

*Counsel to the Litigation Trustee*