# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Tribune Company, *et al.*,<br><br>    Reorganized Debtors.[1] | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>(Jointly Administered) |
| Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Dennis J. FitzSimons, *et al.*, | Case No. 12 cv 2652 (RJS) (S.D.N.Y.) |

## DECLARATION OF NICHOLAS C. ADAMS IN SUPPORT OF THE LITIGATION TRUSTEE'S MOTION FOR AN ORDER APPROVING SETTLEMENT

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); Chicagoland Television News, LLC (1352); KWGN, LLC (5347); The Baltimore Sun Company, LLC (6880); Tribune CNLBC, LLC (0347). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

I, NICHOLAS C. ADAMS, declare:

1. I am an attorney at Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), counsel for the Litigation Trustee (the "Litigation Trustee") for the Tribune Litigation Trust (the "Litigation Trust"), and submit this declaration in support of the Trustee's Motion for an Order Approving a Settlement (the "Motion").[2]

2. Except where otherwise stated, I make this declaration on the basis of my own personal knowledge, and information provided to me by my colleagues at Akin Gump. I am fully familiar with the facts set forth herein.

3. The Trustee and his predecessor, the Official Committee of Unsecured Creditors, have made settlement offers to all or a significant portion of the defendants in the *FitzSimons* Action and State Law Complaints on three occasions: October 1, 2012, February 24, 2014, and August 21, 2017. Copies of those now-expired offers can be found at http://www.tribunetrustlitigation.com. To date, the Trustee and the State Law Claimants have entered into over four hundred settlements. Most of these settlements involved defendants that received between $50,000 and $100,000 in Shareholder Proceeds.

4. The most recent offer, made on August 21, 2017, required Shareholder Defendants that received less than $1 million in total Shareholder Proceeds to pay 16% of all Shareholder Proceeds received at Step One and 36% of all Shareholder Proceeds received at Step Two, inclusive of all prejudgment interest. That offer expired on November 3, 2017.

5. On or about October 11, 2017, Defendant's counsel contacted me to inquire about settling Plaintiffs' claims against Defendant at these same rates, despite the fact that Defendant

---

[2] All capitalized terms not defined herein have the meaning ascribed to them in the Motion.

received more than $1 million in total Shareholder Proceeds. Plaintiffs declined the offer, and an arms' length negotiation ensued, with multiple offers and counteroffers being exchanged.

6. Approximately one month later, on November 3, 2017, Plaintiffs and Defendant reached an agreement (memorialized by a binding term sheet) to settle all claims against Defendant for ▇% of Defendant's Step One Shareholder Proceeds and ▇% of Defendant's Step Two Shareholder Proceeds, inclusive of interest. This equates to ▇% of Defendant's Step One Proceeds, ▇% of Defendant's Step Two Proceeds, plus 9% prejudgment interest, and is materially higher than the most recent offer to all Shareholder Defendants that received less than $1 million in total Shareholder Proceeds.

7. On November 21, Plaintiffs and Defendant entered a written settlement agreement pursuant to which, *inter alia* Defendant will make (or cause to be made on its behalf) the Settlement Payment within fifteen days of all judicial approvals becoming final, in exchange for which Plaintiffs will release all claims respecting the Shareholder Proceeds received by Defendant.

8. The settlement agreement with Defendant also provides that the Settlement Payment and the amount of Defendant's Shareholder Proceeds are to be kept confidential, and not disclosed except to the extent reasonably necessary to obtain court approval. The source material identifying the dollar amount of Defendant's Shareholder Proceeds was not marked as "Highly Confidential" when produced, but qualifies as such under the Master Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 4, 2017
San Francisco, CA

*/s/ Nicholas C. Adams*
_____
Nicholas C. Adams