**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TRIBUNE MEDIA COMPANY, et al.,[1]<br>(f/k/a Tribune Company)<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>(Jointly Administered) |
| Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust<br><br>Plaintiff,<br><br>v.<br><br>Dennis J. FitzSimons, *et al.*,<br><br>Defendants. | Case No. 12 cv 2652 (RJS) (S.D.N.Y.) |

**DECLARATION OF NICHOLAS C. ADAMS IN SUPPORT OF THE LITIGATION TRUSTEE'S MOTION FOR AN ORDER APPROVING SETTLEMENT NUNC PRO TUNC**

I, NICHOLAS C. ADAMS, declare:

1. I am an attorney at Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), counsel for the Litigation Trustee (the "Litigation Trustee") for the Tribune Litigation Trust (the "Litigation Trust"), and submit this declaration in support of the Trustee's Motion for an Order Approving a Settlement Nunc Pro Tunc (the "Motion").[2]

2. Except where otherwise stated, I make this declaration on the basis of my own personal knowledge, and information provided to me by my colleagues at Akin Gump. I am fully familiar with the facts set forth herein.

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); Chicagoland Television News, LLC (1352); and Tribune CNLBC, LLC (0347). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] All capitalized terms not defined herein have the meaning ascribed to them in the Motion.

3. The Trustee and his predecessor, the Official Committee of Unsecured Creditors, have made settlement offers to all or a significant portion of the defendants in the *FitzSimons* Action and State Law Complaints on five occasions: October 1, 2012, February 24, 2014, August 21, 2017, January 17, 2018, and March 27, 2018. Copies of those now-expired offers can be found at http://www.tribunetrustlitigation.com. To date, the Trustee and the State Law Claimants have entered into over six hundred settlements. Most of these settlements involved defendants that received between $50,000 and $100,000 in Shareholder Proceeds.

4. The offer made on August 21, 2017, required Shareholder Defendants that received less than $1 million in total Shareholder Proceeds to pay 16% of all Shareholder Proceeds received at Step One and 36% of all Shareholder Proceeds received at Step Two, inclusive of all prejudgment interest. That offer expired on November 3, 2017.

5. The offer made on January 17, 2018, required defendants that received aggregate Shareholder Payments between $1,000,000 and $10,000,000 to pay 27.5% of all Shareholder Payments received at Step One, and 55% of all Shareholder Payments received at Step Two.

6. The offer made on March 27, 2018 required defendants that received aggregate Shareholder Payments in excess of $1,000,000 to pay 35% of all Shareholder Payments received at Step One, and 70% of all Shareholder Payments received at Step Two.

7. In February of 2018, Defendants counsel contacted Plaintiffs' counsel to inquire about settling Plaintiffs' claims against Defendant at the rates offered on January 17. Defendants did not consummate a settlement prior to that offer's expiration on February 27, 2018.

8. On April 9, 2018, Plaintiffs and Defendant Anima reached an agreement to settle all claims against Anima for [REDACTED] of Defendant's Step One Shareholder Proceeds and [REDACTED] of Defendant's Step Two Shareholder Proceeds, inclusive of interest, following an arms' length

negotiation process. This equates to approximately [REDACTED] of Defendant's Step One Proceeds, [REDACTED] of Defendant's Step Two Proceeds, plus 9% prejudgment interest. This agreement was memorialized with a written settlement agreement, all conditions of which have been satisfied in full.

9. On May 10, 2018, Plaintiffs and Defendant Pope reached an agreement to settle all claims against Pope for [REDACTED] of Defendant's Step One Shareholder Proceeds and [REDACTED] of Defendant's Step Two Shareholder Proceeds, inclusive of interest, following an arms' length negotiation process. This equates to approximately [REDACTED] of Defendant's Step One Proceeds, [REDACTED] of Defendant's Step Two Proceeds, plus 9% prejudgment interest. This agreement was memorialized with a written settlement agreement, all conditions of which have been satisfied in full.

10. The settlement agreements with Defendants also provide that the Settlement Payment and the amount of Defendants' Shareholder Proceeds are to be kept confidential, and not disclosed except to, *inter alia*, attorneys and governmental entities who have a reasonable need to know.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 13, 2018
San Francisco, CA

Nicholas C. Adams