Case 08-13141-BLS   Doc 14480   Filed 11/27/18   Page 1 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In re:

TRIBUNE MEDIA COMPANY, *et al.*,

     *Reorganized Debtors.*

WILMINGTON TRUST COMPANY

     *Appellant,*

v.

TRIBUNE MEDIA COMPANY, *et al.*

     *Appellees.*

Chapter 11 Cases
Bankruptcy Case No. 08-13141 (KJC)
Jointly Administered

Civil Action No1:15-cv-01116-RGA

## MEMORANDUM ORDER

Presently before the Court is an appeal by Wilmington Trust Company seeking reversal

of the Bankruptcy Court's Order Sustaining the Reorganized Debtors' Objection to the Class 1F

Other Parent Claim Asserted by Wilmington Trust Company and from the Memorandum

Opinion related to that Order, both dated November 19, 2015. (D.I. 1, 1-2, 1-3). This Court has

jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1). Briefing is complete. (D.I. 19,

23, 25). I heard oral argument on November 16, 2018. For the reasons that follow, the order of

the Bankruptcy Court is **REVERSED**, and the case is **REMANDED** for further consideration

consistent with this order.

The issue on appeal is whether, considering *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas*

*& Elec. Co.*, 549 U.S. 443 (2007), Appellant Wilmington Trust Company is entitled to an

allowed, unsecured claim for post-petition attorneys' fees under an otherwise valid prepetition

Case 08-13141-BLS  Doc 14480  Filed 12/26/17  Page 2 of 4

contract.[1] The answer to that question hinges on the interpretation of two provisions of the

Bankruptcy Code: Section 502 and Section 506(b).

Bankruptcy Code Section 502(a) provides, "A claim or interest . . . is deemed allowed,

unless a party in interest . . . objects." 11 U.S.C. § 502(a).  When an interested party objects,

Section 502(b) instructs the bankruptcy court to "determine the amount of such claim . . . and . . .

allow such claim in such amount" subject to certain enumerated exceptions.  The exception most

relevant to this appeal is Section 502(b)(1) which disallows claims that are "unenforceable

against the debtor and property of the debtor, under any agreement or applicable law for a reason

other than because such claim is contingent or unmatured."  The "applicable law" includes the

Bankruptcy Code itself. *See Travelers*, 549 U.S. at 451.

Section 506 addresses which allowed claims are secured claims.  It provides that, when

there is a lien on property, claims are secured to the extent of the value of the interest in the

property and unsecured "to the extent that the value of such creditor's interest or the amount so

subject to setoff is less than the amount of such allowed claim." § 506(a).  When a claim is

oversecured (i.e., the value of the collateral exceeds the amount of the underlying claim), Section

506(b) allows a secured claim for "any reasonable fees, costs, or charges provided for under the

agreement or State statute under which such claim arose."

Appellees argue, and the Bankruptcy Court concluded, that Section 506(b) is properly

read as implicitly limiting claims allowable under Section 502.  In reaching this conclusion,

Appellees apply some variation of the *expressio unius est exclusio alterius* (express mention of

---

[1] The Third Circuit has not decided the issue and there has never been a nationwide consensus on the allowability of bankruptcy claims for contractual postpetition fees.  A recent Supreme Court opinion, however, reaffirmed a requirement that claims that are within the scope of Section 502 are allowed unless they are expressly disallowed in the Bankruptcy Code. *See Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 452-54 (2007) ("[C]laims enforceable under applicable state law will be allowed in bankruptcy unless they are expressly disallowed.").

one thing excludes all others) canon of statutory construction. (D.I. 23 at 6-11). Specifically,

Appellees argue that because the statute expressly allows a claim for secured reasonable

attorneys' fees in Section 506(b), Congress must otherwise have meant for such claims to be

disallowed. (*Id.*).

The courts of appeals that have considered this issue post-*Travelers* have unanimously

rejected Appellees' position and have allowed unsecured claims for contractual attorneys' fees

that accrued post-filing of the bankruptcy petition. *See Busson-Sokolik v. Milwaukee Sch. of*

*Eng'g (In re Sokolik)*, 635 F.3d 261, 267 (7th Cir. 2011) ("Finding no applicable exception in the

Bankruptcy Code . . . we affirm the award of costs and attorney's fees . . . ."); *Ogle v. Fid. &*

*Deposit Co. of Md.*, 586 F.3d 143, 148 (2d Cir. 2009) ("[W]e hold that section 506(b) does not

implicate unsecured claims for post-petition attorneys' fees, and it therefore interposes no bar to

recovery."); *SNTL Corp. v. Ctr. Ins. Co. (In re SNTL Corp.)*, 571 F.3d 826, 843 (9th Cir. 2009)

("[C]laims for postpetition attorneys' fees cannot be disallowed simply because the claim of the

creditor is unsecured."). They joined the two courts of appeals that had found such claims

allowable prior to *Travelers. See UPS Capital Bus. Credit v. Gencarelli (In re Gencarelli)*, 501

F.3d 1, 6 (1st Cir. 2007) ("[D]isallowing claims in their entirety based on section 506(b) defies

common sense."); *Welzel v. Advocate Realty Invs., LLC (In re Welzel)*, 275 F.3d 1308 (11th Cir.

2001). Despite these decisions, there continue to be reasoned decisions by bankruptcy and

district court judges going the other way. (*See* D.I. 29 (citing six such decisions in 2016 and

2017)).

I do not have anything new to add to this debate. I merely note that I cannot conclude

that Section 506(b) "expressly" disallows the claims at issue here. Thus, I agree with the

position adopted by every court of appeals faced with this question; Section 506(b) does not limit

the allowability of unsecured claims for contractual post-petition attorneys' fees under Section

502. The order of the Bankruptcy Court is **REVERSED**, and the case is **REMANDED** for

further consideration consistent with this order.

Entered this 26 day of November 2018.

United States District Judge