## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY, et al., (f/k/a Tribune Company), | Case No. 08-13141 (BLS) (Bankr. D. Del.) |
| Reorganized Debtors.[1] | (Jointly Administered) |
| THIS DOCUMENT RELATES TO: | Case No. 11 md 2296 (DLC) (S.D.N.Y.) |
| In re TRIBUNE COMPANY FRAUDULENT CONVEYANCE LITIGATION | Case No. 12 mc 2296 (DLC) (S.D.N.Y.) |
| MARC S. KIRSCHNER, as Litigation Trustee for the TRIBUNE LITIGATION TRUST, | Case No. 12 cv 2652 (DLC) (S.D.N.Y.) |
| Plaintiff, | |
| - against - | |
| DENNIS J. FITZSIMONS, et al., | **Hearing Date: TBD** |
| Defendants. | **Obj. Deadline: June 17, 2019 at 4:00 p.m. (ET)** |
| *And* | |
| Matters listed on Schedule A | |

## LITIGATION TRUSTEE'S MOTION FOR AN ORDER
## APPROVING SETTLEMENT

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); Chicagoland Television News, LLC (1352); and Tribune CNLBC, LLC (0347). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

Marc S. Kirschner, as Litigation Trustee (the "Litigation Trustee")[2] for the Tribune

Litigation Trust (the "Litigation Trust" or the "Trust"), by and through his undersigned counsel,

respectfully moves this Court for entry of an order, substantially in the form submitted herewith,

authorizing the Litigation Trustee to settle his claims against those defendants identified in the

schedule attached hereto as Schedule B (the "Settling Defendants"), in the above-captioned

adversary proceedings, presently pending in the United States District Court for the Southern

District of New York (the "District Court"), pursuant to that certain settlement agreement, dated

May 16, 2019 (the "Settlement Agreement"), attached as Exhibit 1 to the declaration of David

M. Zensky, dated May 31, 2019 ("Zensky Decl."). In support of this motion, the Litigation

Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1.    The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334 and 11 U.S.C. §§ 105(a) and 1142, which jurisdiction was retained pursuant to Article IX of

the Confirmation Order and Article XII of the Plan. This motion is a core proceeding under 28

U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The

statutory and legal predicates for the relief requested herein are Section 13.3.3 of the Plan and

Bankruptcy Rule 9019.

## BACKGROUND

2.    On December 18, 2008, the United States Trustee for the District of Delaware,

pursuant to section 1102 of the Bankruptcy Code, appointed the Official Committee of

---

[2] Unless otherwise specified, all defined terms shall have the same meaning as in the Fourth Amended Joint
Plan of Reorganization for Tribune Company and Its Subsidiaries (as modified July 19, 2012, the "Plan") [Bankr.
D.I. 12072-2], entered by an order of the Court dated July 23, 2012 [Bankr. D.I. 12074] (the "Confirmation Order").
All references to "Bankr. D.I." refer to the docket in the above captioned action, *In re Tribune Media Co.*, No. 08-
13141 (BLS) (Bankr. D. Del.). All references to "MDL D.I." refer to the docket in the consolidated multidistrict
action, *In re Tribune Co. Fraudulent Conveyance Litig.*, No. 11-md-2296 (S.D.N.Y.), unless otherwise specified.

Unsecured Creditors of Tribune Company (the "Committee") to represent the interests of all

unsecured creditors in the debtors' cases [Bankr. D.I. 101].

3.      By orders dated October 27, 2010 and November 29, 2010 [Bankr. D.I. 6150,

6657, and 6658], this Court granted the Committee standing to file and prosecute certain

adversary proceedings, including the action now captioned *Marc S. Kirschner, as Litigation

Trustee for the Tribune Litigation Trust v. Dennis J. FitzSimons, et. al.* (the "*FitzSimons* Action").

That action was commenced on November 1, 2010 [Bankr. D.I. 6202], and sought to recover,

*inter alia*, damages for alleged breaches of fiduciary duty, the issuance of unlawful dividends,

unjust enrichment, preferences, and fraudulent transfers received by the Settling Defendants in

connection with the 2007 leveraged buyout (the "LBO") of the Tribune Company ("Tribune").

The operative complaint is the Fifth Amended Complaint [MDL D.I. 2701] ("*FitzSimons* 5AC").

4.      The Committee also commenced certain other actions, including actions against,

*inter alia*, Settling Defendants Betty Ellen Berlamino, Tom E. Ehlmann, Vincent R. Giannini,

John R. Hendricks, Peter A. Knapp, Brian F. Litman, Gina M. Mazzaferri, Pamela S. Pearson,

John F. Poelking, Irene M.F. Sewell, Patrick Shanahan, and Gary Weitman (collectively, the

"Tag-Along Defendants") seeking to recover certain incentive payments paid in connection with

the LBO (the "Tag-Along Actions").[3]

5.      On March 20, 2012, the JPML lifted its stay of a Conditional Transfer Order

[MDL D.I. 692], thereby transferring the *FitzSimons* Action to the District Court for coordinated

pretrial proceedings under 28 U.S.C. § 1407, with the independent state law fraudulent

conveyance claims that had been commenced outside the bankruptcy court (together the

---

[3] On May 13, 2013 the United States Judicial Panel on Multidistrict Litigation (the "JPML") issued a Conditional Transfer Order transferring the Tag-Along Actions to the District Court for coordinated or consolidated pretrial proceedings with the *FitzSimons* Action pursuant to 28 U.S.C. § 1407. *See* MDL D.I. 2532.

"Creditor Complaints") by the Retiree Plaintiffs[4] and Noteholder Plaintiffs[5] (together, the

"Creditor Claimants"). *See generally In re Tribune Co. Fraudulent Conveyance Litig.*, No. 11-

md-2296 (S.D.N.Y.).[6]

  6.  On July 23, 2012, this Court entered an order [Bankr. D.I. 12074] confirming the

Plan. On December 31, 2012, the Plan became effective. *See* Notice of (I) Effective Date of the

Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries; and

Bar Date for Certain Claims (Dec. 31, 2012) [Bankr. D.I. 12939].

  7.  The Plan established the Litigation Trust and transferred to the Litigation Trust,

*inter alia*, all Preserved Causes of Action (as defined in the Plan), including the claims asserted

in the *FitzSimons* Action and Tag-Along Actions, to be prosecuted and/or settled at the direction

of the Litigation Trustee. *See, e.g.* Plan §§ 13.1, 13.2, 13.3. The Plan provides that the Litigation

Trustee must obtain "Bankruptcy Court authority" in order to settle any affirmative Preserved

Causes of Action where the "stated face amount in controversy exceeds $5,000,000." *Id.* §

13.3.3.

  8.  During the course of the Tribune bankruptcy certain of the Settling Defendants

filed proofs of claim against Tribune or its subsidiaries (together the "D&O Tribune Claims")

and liability, if any, on such claims was assigned to the Litigation Trust under the Plan. EGI-

TRB also filed claims to collect on a subordinated note issued in connection with the LBO (the

"EGI-TRB Claim").

---

[4] The "Retiree Plaintiffs" are certain individual retiree plaintiffs of The Times Mirror Company, Tribune and/or one or more of 110 affiliates or subsidiaries of Tribune.

[5] Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for a certain series of Senior Notes issued by Tribune ("DBTCA"), Delaware Trust Company, in its capacity as successor trustee-in-interest to Law Debenture Trust Company of New York for a certain series of Senior Notes issued by Tribune ("Delaware Trust"), and Wilmington Trust Company, in its capacity as successor indenture trustee for a certain series of Exchangeable Subordinated Debentures issued by Tribune and commonly referred to as the PHONES Notes ("Wilmington Trust" and together with DBTCA and Delaware Trust, the "Noteholder Plaintiffs").

[6] The status of the Creditor Complaints is described more fully under Section B below.

9.      Following transfer to the District Court, the Settling Defendants filed pre-answer motions to dismiss addressed to many of the claims against them, which were fully briefed by mid-2014. *See* Phase Two Motion Protocol, Apr. 24, 2014 [MDL D.I. 5696].

10.     On December 1, 2018, the *FitzSimons* Action was reassigned from the Honorable Richard J. Sullivan to the Honorable Denise L. Cote. *See* Order [MDL D.I. 7658]. On January 23, 2019, Judge Cote ruled on the Settling Defendants' pre-answer motions to dismiss and ordered the parties to engage in mediation. *See* Order [MDL D.I. 7739].

**A. The Claims Subject to the Settlement Agreement**

11.     The claims in the *FitzSimons* Action and the Tag-Along Actions all arise out of Tribune's 2007 LBO and subsequent bankruptcy. The claims subject to the Settlement Agreement include claims against certain current and former Tribune officers, directors, employees, subsidiary officers, directors and employees, as well as certain entities with which Sam Zell is affiliated and that were involved in the LBO (the "Zell Entity Defendants") for: (1) breaches of fiduciary duty, aiding and abetting breaches of fiduciary duty and improper dividend claims (the "Fiduciary Duty Claims")[7]; (2) recovery of payments made to various Settling Defendants and Settling Defendant Related Persons[8] in respect of their Tribune shares (the "LBO Proceeds") that the Litigation Trustee alleged were fraudulent conveyances (the "LBO Clawback Claims")[9]; (3) recovery of certain incentive payments received by various Settling Defendants that the Litigation Trustee alleged were preference payments or constructive or actual fraudulent conveyances (the "Incentive Payment Claims")[10]; (4) unjust enrichment against

---

[7] *See FitzSimons* 5AC, Counts 2, 3, 4, 5, 6, 12, 13.

[8] As defined in the Settlement Agreement.

[9] *See FitzSimons* 5AC, Counts 1, 7.

[10] *See FitzSimons* 5AC Counts 34, 35; *Kirschner v. Berlamino*, 13-cv-03741 (S.D.N.Y. 2013); *Kirschner v. Ehlmann*, 13-cv-03743 (S.D.N.Y. 2013); *Kirschner v. Giannini*, 13-cv-03748 (S.D.N.Y. 2013); *Kirschner v.*

various Settling Defendants (the "Unjust Enrichment Claims")[11]; (5) veil piercing/alter ego, preference, and other miscellaneous claims against Zell and the Zell Entity Defendants ("Zell Claims")[12]; and (6) avoidance, disallowance, and/or subordination of the D&O Tribune Claims and EGI-TRB Claim (the "Disallowance Claims")[13].

12.     The Fiduciary Duty Claims, LBO Clawback Claims, Incentive Payment Claims, Unjust Enrichment Claims, Zell Claims, the Disallowance Claims, the D&O Tribune Claims and the EGI-TRB Claim are collectively referred to herein as the "Settled Claims".

13.     The Fiduciary Duty Claims asserted against each Settling Defendant exceed the $5,000,000 threshold and therefore settlement requires this court's approval. Plan §§ 13.3.3. With respect to eleven (11) of the individual defendants, the LBO Clawback Claims, the Incentive Payment Claims and the Unjust Enrichment Claims also exceed the $5,000,000 threshold and settlement requires approval.[14] In the aggregate for all of the Settling Defendants, the LBO Clawback Claims seek $99,522,379 of LBO Proceeds, before consideration of pre-judgment interest.

14.     Certain of the Fiduciary Duty Claims and Unjust Enrichment Claims were dismissed by Judge Cote's January 23, 2019 decision. *See* Order [MDL D.I. 7738]. A portion of the Incentive Payment Claims were dismissed by Judge Sullivan's November 30, 2018 decision. *See* Decision [MDL D.I. 7659].

---

*Hendricks*, 13-cv-03751 (S.D.N.Y. 2013); *Kirschner v. Knapp*, 13-cv-03750 (S.D.N.Y. 2013); *Kirschner v. Litman*, 13-cv-03736 (S.D.N.Y. 2013); *Kirschner v. Mazzaferri*, 13-cv-03753 (S.D.N.Y. 2013); *Kirschner v. Pearson*, 13-cv-03745 (S.D.N.Y. 2013); *Kirschner v. Poelking*, 13-cv-03744 (S.D.N.Y. 2013); *Kirschner v. Sewell*, 13-cv-03737 (S.D.N.Y. 2013); *Kirschner v. Shanahan*, 13-cv-03739 (S.D.N.Y. 2013); *Kirschner v. Weitman*, 13-cv-03740 (S.D.N.Y. 2013).

[11] *See FitzSimons* 5AC Count 31.

[12] *See FitzSimons* 5AC Counts 8, 9, 10, 11, 32.

[13] *See FitzSimons* 5AC Counts 33, 36.

[14] The individual defendants in this category are denoted with an asterisk on the attached Schedule B.

15.    The LBO Clawback Claims in Count 1 of the *FitzSimons* complaint were dismissed by the District Court on January 6, 2017.  *See* Order [MDL D.I. 6924].  The District Court has not entered a judgment in respect of any of the dismissed claims, and the Litigation Trustee's time to appeal from such dismissals has not begun to run.  *See* Fed. R. Civ. P. 54(b).

16.    When the *FitzSimons* Action was filed, the Committee did not initially assert claims under 11 U.S.C. § 548(a)(l)(B), as the Third Circuit's then-current interpretation of 11 U.S.C. § 546(e) would bar such claims.  On April 4, 2019, the Litigation Trustee moved to amend his complaint to include claims to avoid and recover LBO Proceeds under § 548(a)(l)(B). [MDL D.I. 7817-19].  Judge Cote denied that motion on April 23, 2019. [MDL D.I. 7917].  The Litigation Trustee intends to appeal this order, along with other prior dismissals.

### B. The Creditor Complaints

17.    In addition to the LBO Clawback Claims brought by the Litigation Trustee, the Creditor Claimants filed the Creditor Complaints—state-law constructive fraudulent transfer complaints seeking to recover LBO Proceeds against several thousand defendants, including from the majority of the Settling Defendants and Settling Defendant Related Persons.  On September 23, 2013, the District Court dismissed these claims on standing grounds.  *In re Tribune Co. Fraudulent Conveyance Litig.*, 499 B.R. 310 (S.D.N.Y. 2013).  On appeal, the Second Circuit held that these claims were instead barred on the basis of preemption by 11 U.S.C. § 546(e).  *In re Tribune Co. Fraudulent Conveyance Litig.*, 818 F.3d 98 (2d Cir. 2016). The plaintiffs petitioned for *certiorari* and the case remained pending at that stage for more than one year.  Thereafter, in light of the decision, *Merit Mgmt. Grp., LP v. FTI Consulting, Inc.*, 138 S. Ct. 883 (2018), the Supreme Court issued a statement suggesting that "[t]he Court of Appeals or the District Court could decide whether relief from judgment is appropriate." *Deutsche Bank*

*Tr. Co. Ams. v. Robert R. McCormick Found.*, 138 S. Ct. 1162 (2018).  On May 15, 2018, the Second Circuit recalled the mandate in the case.  *See* Order [MDL D.I. 7433].  The appeal is presently with the Second Circuit.

### C.  The Mediation

18.      In accordance with the District Court's order,[15] the Litigation Trustee and the Creditor Claimants (collectively, the "Plaintiffs"), the Settling Defendants, and D&O Insurers[16] (collectively the "Settling Parties") engaged in a mediation in person before Stephen M. Greenberg, a managing member of Pilgrim Mediation Group, LLC.  This process included exchanging detailed mediation statements and participating in oral presentations, in-person meetings and mediation sessions on March 13, 15, 18, 19, 20, and 21, 2019 and continued mediation with the mediator by phone on March 22, 2019 (collectively, the "Mediation").[17]  *See* Zensky Decl. ¶ 3.

19.      The Mediation was a vigorous, arm's-length process.  Though the Plaintiffs initially considered negotiating separately with different groups of defendants, ultimately the mediator and all parties agreed to negotiate for a global settlement to resolve all of the Plaintiffs' claims against the Settling Defendants collectively.  *See id.* ¶ 4.  The Settling Parties reached agreement on a settlement term sheet on March 26, 2019, and thereafter executed the Settlement Agreement.

20.      In order to reach a complete settlement with the Settling Defendants, the Creditor Claimants participated in the Mediation and agreed to provide releases to the Settling

---

[15] *See* Order [MDL D.I. 7739] (ordering parties to engage in mediation).

[16] The "D&O Insurers" are those insurers listed in Schedule 3 to the Settlement Agreement.  *See* Settlement Agreement, Schedule 3.

[17] The Plaintiffs also separately engaged in a mediation with a number of the shareholder defendants.  That mediation has now concluded.

Defendants, whom they sued to recover LBO Proceeds, in exchange for a portion of the

Settlement Payment (as defined herein).

## RELIEF REQUESTED

21.     The Litigation Trustee believes that the Settlement Agreement is in the best

interests of the Litigation Trust beneficiaries, and respectfully requests that the Court enter an

order substantially in the form appended hereto approving the Settlement Agreement.

### D. The Settlement Agreement

22.     The Settlement Agreement was entered without any admission of liability or as to

the strength or weakness of any claims or defenses.  It includes the following terms, among

others[18]:

> A.     Settlement Payment:  The Settling Defendants and the D&O Insurers shall
> pay to the Plaintiffs the aggregate sum of $200 million (the "Settlement
> Payment").    The total Settlement Payment is significantly in excess of the
> available insurance.
>
> B.     Mutual Releases:   Upon receipt of the Settlement Payment in full, the
> Settling Parties release each other from all claims that have been or could have
> been brought by Tribune or anyone suing derivatively on its behalf, as well as all
> claims that could have been brought against Tribune.    This includes the
> withdrawal of the D&O Tribune Claims and the EGI-TRB Claim, as well as a
> release of the claims brought by the Creditor Claimants to recover LBO Proceeds.
>
> C.     Settling Defendant Cooperation with Future Depositions:   The Settling
> Defendants agree that should their depositions be requested in connection with
> any non-settled claims they authorize their counsel to accept service of a
> subpoena, will provide truthful testimony, and will make reasonable efforts to
> cooperate in scheduling such deposition to last up to one full day in length.  The
> Settling Parties agree to meet and confer if Plaintiffs or any defendants contend a
> second day is reasonably needed for such deposition.
>
> D.     Bar Order: The Settlement Agreement requires that the parties obtain a bar
> order (the "Bar Order") for the protection of the Settling Defendants from any
> claim for non-contractual indemnity or contribution by any person who is a non-

---

[18] The following summary of terms is merely a summary and not intended to be binding on the parties or to add, subtract, or stand in place of the Settlement Agreement in any way, and in the event of any alleged inconsistency, the Settlement Agreement shall control.

settling defendant based on the continued assertion of any claim by the Plaintiffs against such non-settling defendant arising out of the LBO. A proposed Bar Order is attached to the Settlement Agreement as Exhibit B, and will be sought from the United States District Court for the Southern District of New York, as that Court presently has jurisdiction over the claims being settled.

23.     The Settlement Agreement contains additional provisions related to the exhaustion of the Tribune D&O Tower.[19] It provides a partial release to additional persons (if any) who are not Settling Defendants but who are Insured Parties as defined by the primary D&O policy (the "D&O Policy"), solely for claims against any such person in a capacity that would have been covered by the D&O Policy, including former Tribune directors William Stinehart Jr., Roger Goodan and Jeffrey Chandler (the "Chandler Directors"). *See* Settlement Agreement ¶ 3(a)(iii). The District Court previously dismissed the Litigation Trustee's claims against the Chandler Directors, and they did not participate in the Mediation, nor are they making any contribution to the Settlement Payment. The Settlement Agreement releases the Chandler Directors to the extent they would have been covered by the D&O Policy, but the Chandler Directors are not released from any of the Litigation Trustee's claims to the extent that they are covered by (a) insurance other than the Tribune D&O Tower and/or (b) indemnification rights (other than the alleged obligations of the Litigation Trustee), or from any claims seeking to recover LBO Proceeds they or any of their affiliated persons or entities may have received. *Id.* ¶¶ 3(a)(iii), 3(c).

24.     The Settlement Agreement also lists numerous other parties that are not released by the Plaintiffs in any respect, including certain former shareholders and former legal, financial, and other advisors to Tribune. *See id.* ¶ 3(c). The Settlement Agreement also excludes from the releases any claim seeking to recover LBO Proceeds against parties that were named in the Creditor Complaints, Count 1 of the *FitzSimons* Action or would have been named in Count 1-A,

---

[19] As defined in the Settlement Agreement.

1-B or 1-C of the proposed sixth amended complaint in the *FitzSimons* Action (other than the

Settling Defendants and the Settling Defendant Related Persons listed on a schedule to the

Settlement Agreement).  *See id.*

### BASIS FOR RELIEF REQUESTED

**E.**      **Approval of the Settlement Agreement**

25.      The Court has discretion to approve settlements after notice and a hearing.  *See*

*Myers v. Martin (In re Martin),* 91 F.3d 389, 394 & n.2 (3d Cir. 1996).  The procedure for

approving a settlement in bankruptcy is set forth by Bankruptcy Rule 9019, which provides, in

relevant part:

> On motion by the trustee and after notice and a hearing, the court may approve a
> compromise or settlement.  Notice shall be given to creditors, the United States
> trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other
> entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

26.      In determining whether to approve a settlement pursuant to Rule 9019, a

bankruptcy court is required to "assess and balance the value of the claim that is being

compromised against the value to the estate of the acceptance of the compromise proposal."

*Martin,* 91 F.3d at 393.  Bankruptcy courts consider four criteria in applying this balancing test:

"(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the

complexity of the litigation involved, and the expense, inconvenience and delay necessarily

attending it; and (4) the paramount interest of the creditors."  *Id.* (citing *Protective Comm. for*

*Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424-25 (1968)); *In re*

*Northwestern Corp.,* No. 03-12872, 2008 WL 2704341, at *6 (Bankr. D. Del. July 10, 2008).

(applying this test).  Ultimately, the court's determination assesses whether the compromise

embodied in the settlement "is fair, reasonable, and in the interest of the estate." *In re Louise's,*

*Inc.,* 211 B.R. 798, 801 (D. Del. 1977). However, the Court "need not decide the numerous questions of law or fact raised by litigation, but rather should canvas the issues to determine whether the settlement falls above the lowest point in the range of reasonableness." *In re Capmark Fin. Grp. Inc.,* 438 B.R. 471, 515 (Bankr. D. Del. 2010). Ultimately, "the court does not have to be convinced that the settlement is the best possible compromise." *In re World Health Alts., Inc.,* 344 B.R. 291, 296 (Bankr. D. Del. 2006) (internal citations omitted).

27.    Here, the Plan does not specify what standard the Court should use in determining whether to authorize the Litigation Trustee to settle a claim where the stated amount is in excess of $5,000,000; rather it simply requires Bankruptcy Court authority. *See* Plan § 13.3.3. The Litigation Trustee has previously entered into two other settlements that also required Bankruptcy Court approval due to the size of the claims settled; in each case Judge Kevin J. Carey, who was presiding over these bankruptcy cases at the time, approved the settlements. *See* Bankr. D.I. 14262, 14394.

28.    Here, the Settlement Agreement clearly meets whatever burden this Court would impose. The Settlement Agreement was reached after years of litigation and interlocutory rulings on two motions to dismiss, and came as a result of hard-fought multiday Mediation with numerous parties and experienced counsel. The Mediation was led by a skilled and experienced mediator, and involved the exchange of significant briefing on the parties' factual and legal arguments. The Settlement Agreement requires a very substantial payment of $200 million, comprising the balance of available D&O Insurance and individual payments by Settling Defendants. Settlement Agreement ¶ 2. The Settlement Agreement was ultimately approved by not only the Litigation Trustee, but also the Retiree and Noteholder Plaintiffs (insofar as they too are releasing claims), and the Litigation Trust Advisory Board as required by the Plan §13.3.3.

29.     The complexity, expense, and inconvenience of further litigation counsel in favor of settlement of the Settled Claims. Continued litigation respecting the Settled Claims would inevitably entail substantial additional professional costs to the Litigation Trust, as well as require a significant commitment of time and resources on the part of the Litigation Trust and counsel and expert witnesses for the Trust. Indeed, in the event the Mediation was unsuccessful the parties were entering a phase of the litigation that would include up to 40 depositions. *See* MDL D.I. 7771. And because these claims concern questions of individual liability of a large number of defendants, their litigation would require substantial additional discovery and fact development for each Settling Defendant. Absent the pending settlement, it is likely that adjudicating these claims will require significant time, effort, and expense. Further, future litigation could potentially deplete the remaining insurance funds available to settle these claims, making any judgment won at trial challenging to collect. The compromise embodied in the Settlement Agreement eliminates the challenges associated with these individualized findings of fact and collections, and enhances the ability of the Litigation Trustee to focus on the other significant claims in the litigation.

30.     Courts generally defer to a trustee's business judgment where there is a legitimate business justification for the trustee's decision. *Martin*, 91 F.3d at 395; *see also In re Still*, 444 B.R. 520, 523 (Bankr. E.D. Pa. 2010). Here, the Litigation Trustee, Marc S. Kirschner, has substantial experience dealing with complex litigations such as the claims against the Settling Defendants. Mr. Kirschner is currently Senior Managing Director of Goldin Associates LLC, a restructuring firm specializing in financial advisory, interim management, litigation support, strategic valuation, governance, independent monitoring, and fiduciary services.

31.     Mr. Kirschner spent most of his 50-year career as an attorney in private

practice and financial advisor specializing in bankruptcy and reorganization, with a heavy

emphasis on complex bankruptcy litigation.  From 1987 through January 25, 2001, he was

the head of the Bankruptcy and Restructuring Practice, and from January 1, 1997, the

Business Practice Group, in the New York office of the global law firm Jones Day.  In

addition to serving as Litigation Trustee for the Tribune Litigation Trust, Mr. Kirschner also

was the Liquidation Trustee for the SNTL Litigation Trust (formerly, Superior National

Insurance Group), in Los Angeles, and the Le-Nature's Liquidation Trust in the Western

District of Pennsylvania, was the Chapter 11 Trustee for Refco Capital Markets, the largest

affiliate of Refco, Inc., and one of the largest cases ever where a Chapter 11 Trustee was

appointed.  Mr. Kirschner is currently the Litigation Trustee and Plan Administrator for

matters arising post-confirmation from the Refco Inc. bankruptcy in New York, and the

Litigation Trustee for the Millennium Health Corporate Claim Trust and Lender Claim Trust

recently formed under the plan of reorganization of Millennium Health LLC in Delaware,

and the Litigation Trustee of the NWHI Litigation Trust under the plan of reorganization of

Nine West Holdings, Inc., in New York.

32.     The Settlement Agreement is the product of arm's-length negotiations between the

parties that took place over the course of eight days of intense negotiations and mediation, during

which the parties put forth facts, assertions, and legal analyses in support of their opposing

positions.  Prior to and throughout the negotiations, the Litigation Trustee carefully evaluated

the strengths and risks associated with holding out for a greater settlement or continuing the

litigation, and was advised by able counsel, who were fully versed in the complex factual and

legal issues involved in the dispute. The end result of the negotiations is a compromise that the

Litigation Trustee believes, in his business judgment, is fair and reasonable and should be approved by the Court.

## NO PRIOR REQUEST

33.     No previous request for the relief requested in this Motion has been made in this or any court.

## NOTICE

34.     Notice of this Motion has been provided to (i) the United States Trustee; (ii) the Reorganized Debtors; (iii) the Indenture Trustees; (iv) the Settling Defendants; and (v) all other parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Litigation Trustee submits that no further notice need be given.

WHEREFORE, the Litigation Trustee respectfully requests that the Court enter an order, in the form submitted herewith, authorizing the Litigation Trustee to enter into the Settlement Agreement, and granting such other and further relief as the Court may deem just and proper.

Dated: May 31, 2019
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

Richard S. Cobb (No. 3157)
James S. Green Jr. (No. 4406)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: cobb@lrclaw.com
        green@lrclaw.com


-and-

**AKIN GUMP STRAUSS HAUER**
**& FELD LLP**
David M. Zensky
Mitchell Hurley
One Bryant Park
New York, New York
Telephone: (212) 872-1000

*Counsel to the Litigation Trustee*

# SCHEDULE A TO APPROVAL MOTION

## RELATED MATTERS

| Case Number | Case Name |
|---|---|
| 13-CV-3736 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Brian F. Litman |
| 13-CV-3737 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Irene M.F. Sewell |
| 13-CV-3739 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Patrick Shanahan |
| 13-CV-3740 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust with respect to Preserved Causes of Action v. Gary Weitman |
| 13-CV-3741 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Betty Ellen Berlamino |
| 13-CV-3743 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Tom E. Ehlmann |
| 13-CV-3744 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. John F. Poelking |
| 13-CV-3745 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust with respect to Preserved Causes of Action v. Pamela S. Pearson |
| 13-CV-3748 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust with respect to Preserved Causes of Action v. Vincent R. Giannini |
| 13-CV-3750 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Peter A. Knapp |
| 13-CV-3751 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. John R. Hendricks |
| 13-CV-3753 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Gina M. Mazzaferri |

## SCHEDULE B TO APPROVAL MOTION

## <u>SETTLING DEFENDANTS[1]</u>

---

[1] The asterisk denotes the individual defendants for whom the LBO Clawback Claims, the Incentive Payment Claims and/or the Unjust Enrichment Claims exceed the threshold for which settlement requires Bankruptcy Court approval.

Betsy D. Holden

Betty Ellen Berlamino

Brian F. Litman

Chandler Bigelow

Crane H. Kenney

Daniel G. Kazan

David D. Williams

David Dean Hiller*

Dennis J. FitzSimons*

Donald C. Grenesko*

Dudley S. Taft

EGI-TRB, LLC

Enrique Hernandez Jr.

Equity Group Investments, LLC

Gary Weitman

Gerald W. Agema

Gina M. Mazzaferri

Harry Amsden

Irene M.F. Sewell

Irving L. Quimby

J. Christopher Reyes

John D. Worthington IV

John E. Reardon*

John F. Poelking

John J. Vitanovec*

John R. Hendricks

Joseph Leonard

Kathleen M. Waltz

Luis E. Lewin*

Mark W. Hianik

Miles D. White

Pamela S. Pearson

Patrick Shanahan

Peter A. Knapp

R. Mark Mallory*

Richard H. Malone

Robert E. Bellack

Robert Gremillion

Robert S. Morrison

Ruthellyn Musil

Sam Investment Trust

Samuel Zell

Scott C. Smith*

Stephen D. Carver

Thomas D. Leach*

Thomas S. Finke

Timothy J. Landon*

Timothy P. Knight*

Tom E. Ehlmann

Vincent R. Giannini

William A. Osborn