## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY, et al., (f/k/a Tribune Company), | Case No. 08-13141 (BLS) (Bankr. D. Del.) |
| Reorganized Debtors.[1] | (Jointly Administered) |
| THIS DOCUMENT RELATES TO | Case No. 11 md 2296 (DLC) (S.D.N.Y.) |
| In re: TRIBUNE COMPANY FRAUDULENT CONVEYANCE LITIGATION | Case No. 12 mc 2296 (DLC) (S.D.N.Y.) |
| MARC S. KIRSCHNER, as Litigation Trustee for the TRIBUNE LITIGATION TRUST, | Case No. 12 cv 2652 (DLC) (S.D.N.Y.) |
| Plaintiff, | |
| - against - | |
| DENNIS J. FITZSIMONS, et al., | |
| Defendants. | |
| *And* | |
| Matters listed on Schedule A | |

## DECLARATION OF DAVID M. ZENSKY
## IN SUPPORT OF THE LITIGATION TRUSTEE'S MOTION FOR AN ORDER
## APPROVING SETTLEMENT

DAVID M. ZENSKY, an attorney in good standing, duly licensed to practice law before

the courts of the State of New York, hereby affirms under the penalty of perjury as follows:

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); Chicagoland Television News, LLC (1352); and Tribune CNLBC, LLC (0347). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

{963.001-W0056203.}

1.    I am a partner at Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), located at One Bryant Park, New York, New York, 10036, co-counsel to Marc. S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust (the "Litigation Trustee"), and submit this declaration in support of the Litigation Trustee's motion for entry of an order, substantially in the form submitted therewith, authorizing the Litigation Trustee to settle his claims against the Settling Defendants[2] in the above-captioned adversary proceedings, presently pending in the United States District Court for the Southern District of New York (the "District Court") pursuant to that certain Settlement Agreement, dated May 16, 2019 and described below.

2.    I submit this declaration based upon my own personal knowledge and belief, and upon my review of court documents, business records and other information available to me as co-counsel to the Litigation Trustee.

**The Mediation**

3.    On January 23, 2019, the District Court ordered the Litigation Trustee and defendants who had not been dismissed from the Litigation Trustee's actions to engage in mediation. *See In re Tribune Co. Fraudulent Conveyance Litig.*, No. 11-md-2296 (S.D.N.Y.), [MDL D.I. 7739]. In accordance with the District Court's order, the Litigation Trustee and the Creditor Claimants[3] (collectively, the "Plaintiffs"), the Settling Defendants, and D&O Insurers[4] (collectively the "Settling Parties") engaged in a mediation in person before Stephen M.

---

[2] The "Settling Defendants" are those defendants identified in the schedule attached as Schedule B to the Litigation Trustee's Motion for an Order Approving Settlement (the "Motion"). Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[3] The "Creditor Claimants" are the Retiree Plaintiffs and the Noteholder Plaintiffs. The "Retiree Plaintiffs" are certain individual retiree plaintiffs of The Times Mirror Company, Tribune and/or one or more of 110 affiliates or subsidiaries of Tribune. The "Noteholder Plaintiffs" are Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for a certain series of Senior Notes issued by Tribune, Delaware Trust Company, in its capacity as successor trustee-in-interest to Law Debenture Trust Company of New York for a certain series of Senior Notes issued by Tribune, and Wilmington Trust Company, in its capacity as successor indenture trustee for a certain series of Exchangeable Subordinated Debentures issued by Tribune and commonly referred to as the PHONES Notes.

[4] The "D&O Insurers" are those insurers listed in Schedule 3 to the Settlement Agreement (defined below). *See* Exhibit 1 (Settlement Agreement), Schedule 3.

Greenberg, a managing member of Pilgrim Mediation Group, LLC.  This process included exchanging detailed mediation statements and participating in oral presentations, in-person meetings and mediation sessions on March 13, 15, 18, 19, 20, and 21, 2019 and continued mediation with the mediator by phone on March 22, 2019 (collectively, the "Mediation").

4.      The Mediation was a vigorous, arm's-length process.  Though the Plaintiffs initially considered negotiating separately with different groups of defendants, ultimately the mediator and all parties agreed to negotiate for a global settlement to resolve all of the Plaintiffs' claims against the Settling Defendants collectively.

**The Settlement Agreement**

5.      The Settling Parties reached agreement on a settlement term sheet on March 26, 2019, and thereafter executed a settlement agreement dated May 16, 2019 (the "Settlement Agreement").  Attached hereto as Exhibit 1 is a true and correct copy of the Settlement Agreement.

Dated:  May 31, 2019
New York, New York

/s/ David M. Zensky
David M. Zensky, Esq.

# **<u>EXHIBIT 1</u>**

**EXECUTION COPY**

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is made and entered into as of May 16, 2019 (the "Execution Date") by and among:

(i)      Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust (the "Litigation Trust Plaintiff") established under the Litigation Trust Agreement in connection with the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (the "Plan"), confirmed by order of the Bankruptcy Court dated July 23, 2012;

(ii)      Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for a certain series of Senior Notes issued by Tribune Company ("DBTCA"), Delaware Trust Company, in its capacity as successor trustee-in-interest to Law Debenture Trust Company of New York for a certain series of Senior Notes issued by Tribune Company ("Delaware Trust"), and Wilmington Trust Company, in its capacity as successor indenture trustee for a certain series of Exchangeable Subordinated Debentures issued by Tribune Company and commonly referred to as the PHONES Notes ("Wilmington Trust" and together with DBTCA and Delaware Trust, the "Noteholder Plaintiffs");

(iii)      certain individual retiree plaintiffs, and their heirs, successors and assigns, of The Times Mirror Company, the Tribune Company and/or one or more of 110 affiliates or subsidiaries of the Tribune Company identified on Schedule 1 hereto (the "Retiree Plaintiffs" and, together with the Litigation Trust Plaintiff and the Noteholder Plaintiffs, the "Plaintiffs");

(iv)      Dennis J. FitzSimons, Enrique Hernandez, Jr., Betsy D. Holden, Robert S. Morrison, William A. Osborn, J. Christopher Reyes, Dudley S. Taft, and Miles D. White (collectively, the "Director Defendants");

(v)      Harry Amsden, Chandler Bigelow, Donald C. Grenesko, Mark W. Hianik, Daniel G. Kazan, and Crane H. Kenney (collectively, the "Executive Defendants");

(vi)      Stephen D. Carver, Thomas S. Finke, Robert Gremillion, David Dean Hiller, Timothy P. Knight, Timothy J. Landon, Richard H. Malone, Irving L. Quimby, John E. Reardon, Scott C. Smith, John J. Vitanovec, Kathleen M. Waltz, David D. Williams, and John D. Worthington IV (collectively, the "Subsidiary Defendants");

(vii)      Betty Ellen Berlamino, Tom E. Ehlmann, Vincent R. Giannini, John R. Hendricks, Peter A. Knapp, Brian F. Litman, Gina M. Mazzaferri, Pamela S. Pearson, John F. Poelking, Irene M.F. Sewell, Patrick Shanahan, and Gary Weitman (collectively, the "Tag-Along Defendants");

(viii)      Thomas D. Leach, Luis E. Lewin, and R. Mark Mallory (collectively, the "Additional Executive Defendants");

(ix)    Ruthellyn Musil, Gerald W. Agema, Robert E. Bellack, and Joseph Leonard (collectively, the "<u>Additional Defendants</u>");

(x)    EGI-TRB, L.L.C., Equity Group Investments, L.LC., and Sam Investment Trust (collectively, the "<u>Zell Entity Defendants</u>" and individually "<u>Zell Entity Defendant</u>") and Samuel Zell; and

(xi)    the Director Defendants, the Executive Defendants, the Subsidiary Defendants, the Tag-Along Defendants, the Additional Executive Defendants, the Additional Defendants, Samuel Zell, and the Zell Entity Defendants (collectively, the "<u>Settling Defendants</u>").

## RECITALS

WHEREAS, the Plaintiffs and Settling Defendants are collectively referred to herein as the "<u>Settling Parties</u>";

WHEREAS the Director Defendants, Executive Defendants, Subsidiary Defendants, Tag-Along Defendants, Additional Executive Defendants, and Samuel Zell were directors, officers and/or executives of Tribune Company ("<u>Tribune</u>," which means the entity/ies that existed prior to the petition date and prior to emerging from bankruptcy) and/or its subsidiaries;

WHEREAS, in 2007 Tribune and other parties negotiated and consummated a leveraged buyout of Tribune (the "<u>LBO</u>");

WHEREAS, the LBO was consummated in two steps: a tender offer for Tribune at step one ("<u>Step One</u>"), and a merger at step two in which Tribune shares were canceled and converted into the right to receive certain proceeds ("<u>Step Two</u>");

WHEREAS, some of the Director Defendants, the Executive Defendants, the Subsidiary Defendants, the Tag-Along Defendants, the Additional Executive Defendants, and the Additional Defendants received payments for Tribune shares that they sold or that were converted into the right to receive cash in connection with the LBO ("<u>LBO Proceeds</u>");

WHEREAS, most of the Executive Defendants, the Subsidiary Defendants, the Tag-Along Defendants and the Additional Executive Defendants received payments from Tribune following the LBO in the form of Success Bonuses, Phantom Equity and/or Executive Transition Payments, along with certain tax gross-up payments (collectively "<u>LBO and Transition-related Payments</u>");

WHEREAS, on December 8, 2008, Tribune and affiliated subsidiaries (collectively, the "<u>Debtors</u>") filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>"), under case number 08-13141;

WHEREAS, by order dated October 27, 2010, the Bankruptcy Court granted standing to the Official Committee of Unsecured Creditors of Tribune Company (the "<u>Committee Plaintiff</u>") to bring certain litigation set forth in that order;

WHEREAS, on November 1, 2010, the Committee Plaintiff commenced the action entitled *The Official Committee of Unsecured Creditors of Tribune Co. v. FitzSimons, et al.*, Adv. No. 10-54010 (the "*FitzSimons* Action"), bringing various claims, including, among others, claims for breaches of fiduciary duty by the Director Defendants, the Executive Defendants, Samuel Zell, and the Subsidiary Defendants, and claims to recover LBO Proceeds and LBO and Transition-related Payments received by, *inter alia*, certain Settling Defendants and certain related claims against the Zell Entity Defendants;

WHEREAS, the Committee Plaintiff also commenced certain other actions, including actions against, *inter alia*, the Tag-Along Defendants (the "Tag-Along Actions") seeking to recover LBO and Transition-related Payments;

WHEREAS the Plan provided for the creation of a litigation trust (the "Litigation Trust") to prosecute, *inter alia*, the *FitzSimons* Action and the Tag-Along Actions and for such Litigation Trust to take ownership over various actual or potential claims of Tribune or its subsidiaries, whether or not asserted;

WHEREAS, the Plan became effective on December 31, 2012 (the "Effective Date");

WHEREAS, on the Effective Date the Litigation Trust Plaintiff succeeded the Committee Plaintiff as plaintiff in the *FitzSimons* Action and in the Tag-Along Actions;

WHEREAS, during the course of the Tribune bankruptcy certain of the Settling Defendants filed proofs of claim against Tribune or its subsidiaries (together the "D&O Tribune Claims") and liability, if any, on such claims was assigned to the Litigation Trust under the Plan;

WHEREAS, in 2011 the Noteholder Plaintiffs and Retiree Plaintiffs commenced various actions outside the Bankruptcy Court seeking to recover the LBO Proceeds from Tribune's former shareholders, including many of the Settling Defendants (the "Creditor Actions");

WHEREAS, in 2011, EGI-TRB LLC commenced two actions in the Circuit Court of Cook County, Illinois, and thereafter entered into tolling agreements with certain of the defendants in those actions listed in Schedule 2 hereto (the "Tolling Agreements"), copies of which have been supplied to and received by Plaintiffs;

WHEREAS, by orders dated December 19, 2011, January 5, 2012, January 6, 2012, March 20, 2012, and May 21, 2013, the United States Judicial Panel on Multidistrict Litigation transferred the Creditor Actions, the *FitzSimons* Action, and the Tag-Along Actions to the Southern District of New York (the "District Court") for coordinated or consolidated pretrial proceedings;

WHEREAS, on January 6, 2017, November 30, 2018, January 23, 2019, and February 12, 2019, the District Court issued various rulings concerning the Litigation Trust Plaintiff's claims against certain Settling Defendants;

3

WHEREAS, on September 23, 2013, the District Court dismissed the Creditor Actions, on March 26, 2016, such dismissal was affirmed on other grounds by the Court of Appeals, and such ruling is now under further consideration in light of *Merit Mgmt. Grp., LP v. FTI Consulting, Inc.*, 138 S. Ct. 883 (2018);

WHEREAS, the Director Defendants, Samuel Zell, the Executive Defendants and the Subsidiary Defendants sought insurance coverage for the claims brought against them, under Tribune Primary D&O Policy No. 8130-1880 (the "Primary Policy") and various excess policies identified on Schedule 3 (collectively, the "Tribune D&O Tower"), respectively issued by Federal Insurance Company, Illinois National Insurance Company, ACE American Insurance Company, Zurich American Insurance Company, Great American Insurance Company, AXIS Insurance Company, U.S. Specialty Insurance Company, RSUI Indemnity Company, Twin City Fire Insurance Company, St. Paul Mercury Insurance Company, XL Specialty Insurance Company, Liberty Mutual Insurance Company, Allied World Assurance Company, Ltd., and Corporate Officers & Directors Assurance Ltd. (collectively, the "D&O Insurers");

WHEREAS, the Settling Parties and D&O Insurers engaged in a mediation in person before Stephen M. Greenberg, a managing member of Pilgrim Mediation Group, LLC, including by exchanging mediation statements and by participating in in-person meetings and mediation sessions on March 13, 15, 18, 19, 20, and 21, 2019 and thereafter continued the mediation with the mediator by phone on March 22 and March 25, 2019 (collectively the "Mediation");

WHEREAS, on March 26, 2019 the Settling Parties finalized a term sheet summarizing their agreement to resolve all claims asserted between and among the Settling Parties (the "Term Sheet");

WHEREAS, the Plan requires that the Litigation Trust Plaintiff obtain court approval for the settlement of claims provided for by this Settlement Agreement;

WHEREAS, in consideration of the terms and conditions of this Settlement Agreement the Settling Defendants have requested and Plaintiffs have agreed to jointly seek the issuance of a bar order, as more fully described below (the "Bar Order");

WHEREAS, pursuant to terms set forth herein, the Settling Parties desire to settle and compromise the claims or causes of action between them in order to avoid the expense and uncertainty of litigation and without admitting the validity of the others' claims or defenses;

NOW, THEREFORE, in consideration of the mutual promises, covenants, and agreements set forth herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Settling Parties covenant and agree as follows:

1.    Recitals. The above Recitals are incorporated herein. The Settling Parties acknowledge that the "Whereas" clauses set forth above are only intended to generally summarize, and do not constitute a full recitation of all facts, positions, claims, defenses, or procedural developments relevant to the litigation or characterizations of the same.

EXECUTION COPY

2.    <u>Payment to Plaintiffs</u>. The Settling Defendants shall pay or cause the D&O Insurers to pay to the Plaintiffs the aggregate sum of $200 million (the "<u>Settlement Payment</u>"). The Settlement Payment may be paid by one or more checks and/or wire transfers, using the following payment instructions:

> *If payment by check:*
> Payable to: Prime Clerk Tribune Settlement Account
> Sent to:
> Evolve Bank & Trust: Trust Services
> Attn: Crystal McMahan
> 6070 Poplar Avenue, Suite 100
> Memphis, TN 38119
>
> *If payment by wire:*
> Beneficiary Bank:  Evolve Bank and Trust
> ABA: 084106768
> Account Number: 9900000664
> Beneficiary Name: Prime Clerk Tribune Settlement Account

The Settlement Payment shall not be deemed received until all $200 million is paid pursuant to the above instructions and all such funds have cleared. The Settlement Payment must be received by the recipient within 20 business days of the last of (a) a final non-appealable order by the Bankruptcy Court approving the settlement, (b) a final and non-appealable order by the District Court (or if such Court declines jurisdiction, the United States District Court for the District of Delaware) approving the Bar Order, as further described in paragraph 6 below, and (c) the Settling Defendants' and the D&O Insurers' receipt of one or more Form W-9s for the Settlement Payment recipient. The Settling Defendants will be responsible for allocating individual responsibility for the Settlement Payment between and among the D&O Insurers and between and among the Settling Defendants. The Plaintiffs will be responsible for allocating the Settlement Payment between and among the Plaintiffs.

3.    <u>Releases</u>. Upon receipt of the Settlement Payment in full, the following releases shall be deemed effective:

> a.    The Plaintiffs release and covenant not to sue for all claims they or Tribune brought or could have brought arising from or out of or relating to Tribune or the LBO and all claims that could have been brought by Tribune, its subsidiaries, or by anyone suing derivatively on its behalf, of whatever kind or nature, whether known or unknown, suspected or unsuspected, asserted or unasserted, arising at law, in equity or otherwise, fixed or contingent, liquidated or unliquidated against the following persons (collectively, the "<u>Released Defendant Parties</u>"): (i) all Settling Defendants; (ii) the spouses of Settling Defendants; persons or entities affiliated with Settling Defendants; beneficiaries, heirs, assignees, agents, and representatives of the Settling Defendants; and trusts, savings and stock ownership plan accounts or vehicles controlled by or funded by the Settling Defendants or in which any Settling Defendant has a beneficial interest, including but not limited to those listed in Schedule 4 hereto (together the "<u>Settling</u>

Defendant Related Persons"); (iii) all Insured Persons as defined in the Primary Policy that are not Settling Defendants solely for acts in their insured capacity and matters claimed against them solely by reason of their insured capacity, provided that for purposes of this Settlement Agreement, receipt of LBO Proceeds shall not be deemed an act by any such person or entity in their insured capacity or a matter claimed against them solely by reason of their insured capacity; and provided further that William Stinehart Jr., Roger Goodan, and Jeffrey Chandler are not released from (x) any claims to the extent that they are covered by, with recovery limited to, (a) insurance other than the Tribune D&O Tower and/or (b) indemnification rights (other than the alleged obligations of the Litigation Trust Plaintiff), or (y) from any claims seeking to recover LBO Proceeds they or any of their affiliated persons or entities (including Chandler Family Trust C dated April 15, 2012) may have received. The releases set forth in subsections (ii) and (iii) above are conditioned on the persons covered by such release adopting and agreeing to the reciprocal release of Plaintiffs set forth in paragraph 3.e and 3.g below.

b.  Plaintiffs release and covenant not to sue the D&O Insurers for all claims arising under or related to the Tribune D&O Tower, of whatever kind or nature, whether known or unknown, suspected or unsuspected, asserted or unasserted, arising at law, in equity or otherwise, fixed or contingent, liquidated or unliquidated, including claims that could be asserted by the Litigation Trust Plaintiff against the D&O Insurers on behalf of Tribune or on behalf of any other Insured or Insured Person as defined by the Primary Policy. The release set forth in this paragraph is subject to the D&O Insurers' release and covenant not to sue Plaintiffs from any and all claims (a) arising under or related to the Tribune D&O Tower; or (b) with respect to the conduct or settlement of the litigation as brought against the Settling Defendants, including, but not limited to, any actual or threatened Rule 11 or any other sanctions motions.

c.  The releases set forth in paragraphs 3.a and 3.b above and the definition of Released Defendant Parties exclude in all respects the Chandler Trusts and related entities, the McCormick Foundation, the Cantigny Foundation, VRC, GreatBanc, Duff & Phelps, Morgan Stanley, MSCS (each as defined in the Fifth Amended Complaint in the *FitzSimons* Action), Citigroup Global Markets Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, the Tribune Company Master Retirement Savings Trust, Tribune Company 401(k) Savings Plan, Tribune Employee Stock Ownership Plan, and the Times Mirror Savings Plus Plan. Other than with respect to (i) the Settling Defendants and (ii) the Settling Defendant Related Persons listed in Schedule 4 hereto, the releases set forth in paragraphs 3.a and 3.b above also exclude any defendant named in the Creditor Actions and/or Count One of the Fifth Amended Complaint in the *FitzSimons* Action and/or sought to be named in Count One-A, One-B or One-C of the proposed Sixth Amended Complaint from any claim by any of the Plaintiffs seeking to recover LBO proceeds. The Plaintiffs (i) confirm that the releases provided for in paragraph 3.a are intended to protect the Settling Defendants and Settling Defendant Related Parties listed in Schedule 4 from any further liability or claims

relating to Tribune or the LBO, and (ii) shall not assert new claims against any Insured Persons named only in Count One for acts released by paragraph 3.a(iii) above.

d.  In the event that a Settling Defendant becomes aware that Plaintiffs have asserted or assert in the future a claim arising out of or relating to Tribune or the LBO against any trust or any savings or stock ownership plan account or vehicle controlled or funded, in whole or in part, by such Settling Defendant, that Settling Defendant may notify Plaintiffs' counsel of his or her interest in the entity. In the event such trust, savings or stock ownership plan account or vehicle makes a payment to any of the Plaintiffs arising out of such claim, the Plaintiff(s) receiving such payment and the interested Settling Defendant shall use best efforts to identify and implement a reasonably practical means of determining the portion of actual loss, if any, derivatively incurred by such Settling Defendant on account of the such payment, and such Plaintiffs will refund to such Settling Defendant the amount of agreed-upon loss. Any dispute arising under this paragraph 3.d will be resolved by the Bankruptcy Court or, if the Bankruptcy Court lacks jurisdiction, by a federal or state court in New York County, New York.

e.  The Settling Defendants and Settling Defendant Related Persons release and covenant not to sue (i) the Plaintiffs, (ii) all trusts and entities controlled by the Plaintiffs, and (iii) the holders of Tribune's notes or interests in the Litigation Trust, for all claims of whatever kind or nature, whether known or unknown, suspected or unsuspected, asserted or unasserted, arising at law, in equity or otherwise, fixed or contingent, liquidated or unliquidated, including claims any one or more of the Settling Defendants or D&O Insurers brought or could have brought against any of the Plaintiffs relating to Tribune, including but not limited to, any actual or threatened Rule 11 or any other sanctions motions. The foregoing release includes, but is not limited to, the withdrawal of any and all claims by any Settling Defendant against the Debtors' estates, the Litigation Trust, or the Litigation Trust Plaintiff, including the D&O Tribune Claims and any claims by EGI or EGI-TRB. The withdrawal of all such claims shall be deemed to have occurred, without further action, upon the releases in this paragraph 3.e becoming effective.

f.  For the avoidance of doubt, the release set forth in paragraph 3.e excludes in all respects any claim the Settling Defendants may have against Tribune Media and/or against any of the reorganized Tribune Debtors for recovery of a Management Incentive Program Award that was withheld during the course of the Tribune bankruptcy [ECF No. 13389].

g.  Any person within the scope of subsection 3.a(ii) or (iii) above shall, as a condition of the Plaintiffs' release, be deemed to release and covenant not to sue Plaintiffs for any and all claims that one or more such persons asserted or brought or could have asserted or brought against any of the Plaintiffs relating to Tribune.

EXECUTION COPY

h.  The Settling Defendants release and covenant not to sue one another for any and all claims that one or more of the Settling Defendants asserted or brought or could have asserted or brought against each other relating to Tribune.

i.  No Settling Party is releasing any right to enforce this Settlement Agreement.

j.  The Settling Parties acknowledge that the releases set forth above encompass claims that may not be known to or suspected by them at the time this Settlement Agreement is made.  The Settling Parties expressly agree to such releases and waive any and all rights they may have under Section 1542 of the California Civil Code and any other law of similar effect in any jurisdiction.

4.  <u>Waiver of Subrogation and Contribution</u>.  The Settling Defendants hereby release, waive, and covenant not to sue for any subrogation recoveries or for contribution or indemnification from any person or source for all or part of the Settlement Payment or any fees or expenses incurred in defense of any of the litigation matters settled hereunder.  The Settling Defendants further acknowledge the bar order set forth in the Plan.  The Settling Defendants represent and warrant that the D&O Insurers are separately agreeing to waive any such subrogation and contribution rights, not including reinsurance, pursuant to a separate agreement into which the Settling Defendants are entering with the D&O Insurers (the "<u>Insurance Settlement Agreement</u>").

5.  <u>Tolling Agreements</u>.  EGI-TRB hereby relinquishes all rights under the Tolling Agreements and the related litigation it commenced against the parties named in the Tolling Agreements.  EGI-TRB will provide a release to any non-settling defendants who may require it as a condition of settling claims by any or all of the Plaintiffs to recover LBO Proceeds.

6.  <u>Court Approval and Bar Order</u>.

a.  As required by the Litigation Trust Agreement, the Litigation Trust Plaintiff shall file in the Bankruptcy Court a motion to approve this Settlement substantially in the form of Exhibit A hereto (the "<u>Approval Motion</u>").  This Settlement Agreement may be filed with the Approval Motion.  The Settling Defendants agree to support the Approval Motion and appear (through Liaison Counsel and/or other counsel collectively authorized to speak on behalf of all Settling Defendants) at any hearing or conference that may be scheduled in respect of the Approval Motion.

b.  The Litigation Trust Plaintiff and the Settling Defendants shall jointly file in the District Court a motion to issue a Bar Order substantially in the form attached hereto as Exhibit B (the "<u>Bar Order Motion</u>") for the protection of the Released Defendant Parties from any claim for non-contractual indemnity or contribution by any person who is not a Settling Defendant based on the continued assertion of any claim by the Plaintiffs against such person arising out of the LBO.

c.  In the event the District Court does not enter the Bar Order for any reason or the Litigation Trust Plaintiff does not move the District Court to do so for any reason, the Litigation Trust Plaintiff shall request that the Bankruptcy Court issue

**EXECUTION COPY**

proposed findings of fact and conclusions of law granting the Bar Order, and then ask the U.S. District Court for the District of Delaware ("District Court of Delaware") to affirm those proposed findings of fact and conclusions of law, and thereby grant the Bar Order. If both the District Court and the District Court of Delaware decline to enter the Bar Order and such declination orders are final and non-appealable, the Settling Defendants shall have the option to declare this Settlement Agreement to be null and void within 10 business days of such orders becoming final and non-appealable.

d.   To the extent any court declines to enforce the Bar Order for any reason, Plaintiffs will reduce any claim against any non-settling defendant to the extent necessary to achieve the judgment reduction contemplated in the Bar Order.

7.   Dismissal of Claims.

a.   Within 10 business days of the releases in paragraph 3 becoming effective, the Litigation Trust Plaintiff (x) shall file in the District Court notices of dismissal of all claims against (i) the Settling Defendants and (ii) the Settling Defendant Related Persons listed on Schedule 4 with prejudice and without costs or attorneys' fees to any party, or (y) to the extent the *FitzSimons* case is then before the Court of Appeals, shall file notices or motions to dismiss their appeals regarding their claims against and only against (i) the Settling Defendants and (ii) the Settling Defendant Related Persons listed on Schedule 4.

b.   Within 10 business days of the releases in paragraph 3 becoming effective, the Noteholder Plaintiffs and Retiree Plaintiffs (x) shall file notices or motions to dismiss their appeals regarding their claims against and only against (i) the Settling Defendants and (ii) the Settling Defendant Related Persons listed on Schedule 4 individually named as defendants in such cases, or (y) to the extent the Noteholder and Retiree Plaintiff cases are pending before the District Court, shall file in the District Court notices of dismissal with prejudice and without costs or attorneys' fees to any party as to (i) the Settling Defendants and (ii) the Settling Defendant Related Persons listed on Schedule 4 individually named as defendants in such cases.

8.   Relief in Event of Incomplete Payment.  To the extent the Settlement Payment is not made in full as required by and in the time allotted by paragraph 2, the Litigation Trust Plaintiff shall notify Settling Defendants and the Settling Defendants shall have five (5) business days from issuance of said notice to (a) cure the breach and make the Settlement Payment in full or (b) disclose to Plaintiffs the identity of the non-paying Settling Defendant(s) and/or D&O Insurers.  If the Settling Defendants and/or D&O Insurers do not make the payment in full within the foregoing cure period, then the Litigation Trust Plaintiff may in his discretion either (x) declare the Settlement Agreement null and void and, upon returning the payments that were made, resume the litigation against all Released Defendant Parties or (y) file a motion and/or separate legal proceeding for breach of the Settlement Agreement against the non-paying Settling Defendant(s), who shall each be jointly and severally liable for the shortfall by the non-paying

Settling Defendants and for the costs and reasonable attorneys' fees incurred in connection with such motion or proceeding.

9.    Settling Defendant Cooperation with Future Depositions. The Settling Defendants agree that should their depositions be requested in connection with any non-settled claims against other defendants they hereby authorize their counsel to accept service of a subpoena, will provide truthful testimony, and will make reasonable efforts to cooperate in scheduling such deposition to last up to one full day. The Settling Parties agree to meet and confer if Plaintiffs or any defendants contend a second day is reasonably needed for such deposition.

10.    Representation and Warranty. As an inducement to Plaintiffs to enter into this Settlement, the Settling Defendants represent and warrant that (a) to the best of their current knowledge, as of March 20, 2019, the approximate amount unpaid from the original Tribune D&O Tower is correctly set forth in the Term Sheet and; (b) to the best of their current knowledge, no further insurance or indemnification rights exist, excepting (i) payment by the D&O Insurers of then unbilled and/or unpaid defense costs, (ii) claims to indemnification from the Litigation Trust Plaintiff (which indemnification claims are released by this Agreement), or (iii) in the case of Zell, any potential indemnification from EGI, EGI-TRB or Sam Investment Trust for legal fees and expenses that are not otherwise paid by insurance.

11.    Notices: Any notices or communications relating to this Settlement Agreement or depositions contemplated in paragraph 9 above shall be in writing and sent by overnight mail and email to the Settling Parties through counsel as listed below. Any Settling Party may change its address for notices and communications by supplying all Settling Parties with new contact information:

    a.  Litigation Trust Plaintiff

        Marc S. Kirschner
        Kirschner Consulting Company
        1120 Park Avenue, Suite 18A
        New York, NY 10128
        mskirschner@kirschnerconsulting.com

        Akin Gump Strauss Hauer & Feld LLP
        One Bryant Park
        New York, NY 10036
        Attn: David M. Zensky and Mitchell Hurley
        dzensky@akingump.com
        mhurley@akingump.com

b.  Noteholder Plaintiffs

>   Akin Gump Strauss Hauer & Feld LLP
>   One Bryant Park
>   New York, NY 10036
>   Attn: David M. Zensky and Mitchell Hurley
>   dzensky@akingump.com
>   mhurley@akingump.com

c.  Retiree Plaintiffs

>   Teitelbaum Law Group, LLC
>   1 Barker Avenue, 3rd Floor
>   White Plains, NY 10601
>   Attn: Jay Teitelbaum
>   jteitelbaum@tblawllp.com

d.  Zell Entity Defendants and Samuel Zell:

>   Jenner & Block LLP
>   353 North Clark Street
>   Chicago, IL 60654
>   Attn: David Bradford and Andrew Vail
>   dbradford@jenner.com
>   avail@jenner.com

e.  Harry Amsden, Stephen D. Carver, Dennis J. FitzSimons, Robert Gremillion, Donald C. Grenesko, David Dean Hiller, Timothy J. Landon, Richard H. Malone, John E. Reardon, Scott C. Smith, John J. Vitanovec, Kathleen M. Waltz, David D. Williams, John F. Poelking, Irene M.F. Sewell, or any of the Additional Executive Defendants or Additional Defendants:

>   Shook, Hardy & Bacon L.L.P.
>   111 South Wacker Drive
>   Chicago, Illinois 60606
>   Attn: Lynn H. Murray and David E. Schoenfeld
>   lmurray@shb.com
>   dschoenfeld@shb.com

**EXECUTION COPY**

f.  Betsy D. Holden, J. Christopher Reyes, Dudley S. Taft, Enrique Hernandez, Jr., Miles D. White, Robert S. Morrison, or William A. Osborn:

> Skadden, Arps, Slate, Meagher & Flom LLP
> 155 North Wacker Drive
> Chicago, Illinois 60606
> Attn: Matthew Kipp and Timothy Frey
> matthew.kipp@skadden.com
> timothy.frey@skadden.com

> Skadden, Arps, Slate, Meagher & Flom LLP
> Four Times Square
> New York, New York 10036
> Attn: Robert Fumerton
> robert.fumerton@skadden.com

g.  Mark Hianik, Irving Quimby, John D. Worthington IV, Betty Ellen Berlamino, Tom E. Ehlmann, or Peter A. Knapp:

> Steptoe & Johnson LLP
> 115 South LaSalle Street, Suite 3100
> Chicago, Illinois 60603
> Attn:  Michael Dockterman
> mdockterman@steptoe.com

h.  Crane Kenney

> Latimer LeVay Fyock LLC
> 55 W. Monroe Street, Suite 1100
> Chicago, Illinois 60603
> Attn: Richard A. Saldinger
> rsaldinger@llflegal.com

i.  Chandler Bigelow

> Sperling & Slater, P.C.
> 55 West Monroe Street, Suite 3200
> Chicago, Illinois 60603
> Attn: Steven C. Florsheim
> sflorsheim@sperling-law.com
> bss@sperling-law.com

j.   Daniel Kazan

      Arnold & Porter Kaye Scholer LLP
      70 West Madison Street, Suite 4200
      Chicago, Illinois 60602
      Attn: Alan Salpeter
      alan.salpeter@apks.com

k.   Timothy Knight

      Hannafan & Hannafan, Ltd.
      One East Wacker Drive, Suite 2800
      Chicago, Illinois 60601
      Attn: Blake T. Hannafan
      bth@hannafanlaw.com

l.   Thomas Finke, Brian F. Litman, Patrick Shanahan, Gary Weitman, Pamela S. Pearson, Vincent R. Giannini, John R Hendricks, or Gina M. Mazzaferri

      FrankGecker LLP
      1327 W. Washington Boulevard
      Suite 5G-H
      Chicago, IL 60607
      Attn: Joseph D. Frank
      jfrank@fgllp.com

12.    <u>No Admission</u>.  This Settlement Agreement is being made in lieu of a judicial determination with no admission of liability or wrongdoing or of the merits of any claim or defense.  This Settlement Agreement, and any and all negotiations, documents and discussions associated with it or the Mediation, is not and shall not be deemed or construed to be an admission, adjudication or evidence of any fault, violation of any statute or law, or of any liability or wrongdoing by the Settling Defendants.  Further, this Settlement Agreement is not and shall not be deemed or construed to be an admission, adjudication or evidence of any lack of merit of any of the claims asserted by the Plaintiffs.  The Settlement Payment does not represent the complete damages the Plaintiffs contend they could prove at trial or that certain of the defendants could obtain through their bankruptcy claims.

13.    <u>Rules of Construction</u>.  When necessary herein, all terms used in the singular shall apply to the plural, and vice versa, and all terms used in the masculine shall apply to the neuter and feminine genders, and vice versa.  Unless the context of this Settlement Agreement clearly requires otherwise: (a) "or" has the inclusive meaning frequently identified with the phrase "and/or," (b) "including" has the inclusive meaning frequently identified with the phrase "including but not limited to" or "including without limitation," and (c) references to "hereunder," "herein," or hereof" relate to this Settlement Agreement as a whole.

14.    <u>Entire Agreement</u>.  This Settlement Agreement, inclusive of its schedules and exhibits, constitutes the entire agreement of the Settling Parties with respect to the subject matter

contained herein, and supersedes all prior and contemporaneous negotiations and agreements, oral or written, including the settlement term sheet dated March 26, 2019. No representations, oral or written, are being relied upon by any party in executing this Settlement Agreement other than the express representations contained in this Settlement Agreement. There are no restrictions, agreements, promises, warranties, covenants, or undertakings between the parties with respect to the subject matter herein other than those expressly set forth herein. This Settlement Agreement, however, is independent of any separate written agreements among some or all of the Settling Defendants or between some or all of the Settling Defendants and some or all of the D&O Insurers (including without limitation the Insurance Settlement Agreement), which agreements shall survive this Settlement Agreement in full.

15. <u>Governing Law and Forum</u>. This Settlement Agreement shall be governed by the laws of the State of New York without reference to rules governing conflicts of law. The Settling Parties agree that any legal action arising out of or in connection with this Settlement Agreement shall be brought in federal court in New York County, New York (or if such court lacks jurisdiction, in state court in such county), and each Settling Party accepts and submits himself, herself, or itself to the jurisdiction of such court with respect to any such action.

16. <u>Drafting</u>. The Parties jointly drafted this Settlement Agreement. Any rule of law or any other statute or legal decision or common law principle that would require interpretation of any term or alleged ambiguity in this Settlement Agreement against the person or entity who drafted this Settlement Agreement is of no application and hereby is expressly waived and disclaimed and may not be utilized or relied upon by any of the Settling Parties.

17. <u>Successors and Assigns</u>. This Settlement Agreement shall be binding on the Settling Parties and their heirs, administrators, successors, and assigns.

18. <u>No Modification</u>. This Settlement Agreement may not be altered, modified, or amended except by written instrument signed by the parties hereto.

19. <u>Execution and Counterparts</u>. The Parties agree that (a) this Settlement Agreement may be executed in multiple counterparts, each of which shall be deemed to be and have the same force and effect of an original, and all of which taken together shall constitute and be construed as a single, binding instrument; and (b) a photocopied or PDF-scanned signature on this Settlement Agreement shall be as good as an original signature. The Settling Parties agree that this Settlement Agreement may be executed by counsel to each individual Settling Party, with the effect of binding such Settling Party to the Settlement Agreement.

20.    <u>Authority</u>.  The undersigned Counsel who are signatories to this Settlement Agreement represent and warrant that they have all necessary authority to execute this Settlement Agreement on behalf of their listed clients and to bind those clients to its terms.  Each Settling Party represents and warrants that:  (a) she, he, or it has obtained all necessary approvals or authorizations required to consummate the covenants, releases, and conditions of this Settlement Agreement and to effectuate the resolution of all of the claims which are the subject of this Settlement Agreement (subject to court approval, pursuant to paragraph 6 above), and (b) she, he, or it has not and will not make any assignment or transfer of any of the claims to be released by that Settling Party pursuant to this Settlement Agreement unless any such assignee or transferee agrees in writing to be bound in all respects by this Settlement Agreement.

*[signatures on following pages]*

**EXECUTION COPY**

ACCEPTED AND AGREED TO:                    Dated:  May 16, 2019

MARC S. KIRSCHNER, AS
LITIGATION TRUSTEE FOR THE
TRIBUNE LITIGATION TRUST

By: _____

Kirschner Consulting Company
1120 Park Avenue, Suite 18A
New York, NY 10128
Phone: (212) 860-7577
Fax: (212) 722-0349
E-mail:
mskirschner@kirschnerconsulting.com

AKIN GUMP STRAUSS HAUER &
FELD LLP, AS COUNSEL FOR
DELAWARE TRUST COMPANY (AS
SUCCESSOR TRUSTEE-IN-INTEREST
TO LAW DEBENTURE TRUST
COMPANY OF NEW YORK), in its
capacity as successor indenture trustee for
certain series of Senior Notes, DEUTSCHE
BANK TRUST COMPANY AMERICAS,
in its capacity as successor indenture
trustee for certain series of Senior Notes,
AND WILMINGTON TRUST
COMPANY, in its capacity as successor
indenture trustee for the PHONES Notes

By: _____

Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Phone: (212) 872-1000
Fax: (212) 872-1002
E-mail: dzensky@akingump.com

JAY TEITELBAUM, AS COUNSEL
AND ATTORNEY-IN-FACT
FOR THE RETIREE PLAINTIFFS

By: _____

Teitelbaum Law Group, LLC
1 Barker Avenue, 3rd Floor
White Plains, NY 10601
Phone: (914) 437-7670
Fax: (914) 437-7672
E-mail: jteitelbaum@tblawllp.com

16

ACCEPTED AND AGREED TO:                    Dated:  May 16, 2019

MARC S. KIRSCHNER, AS                      AKIN GUMP STRAUSS HAUER &
LITIGATION TRUSTEE FOR THE                 FELD LLP, AS COUNSEL FOR
TRIBUNE LITIGATION TRUST                   DELAWARE TRUST COMPANY (AS
                                           SUCCESSOR TRUSTEE-IN-INTEREST
                                           TO LAW DEBENTURE TRUST
                                           COMPANY OF NEW YORK), in its
                                           capacity as successor indenture trustee for
                                           certain series of Senior Notes, DEUTSCHE
                                           BANK TRUST COMPANY AMERICAS,
                                           in its capacity as successor indenture
                                           trustee for certain series of Senior Notes,
                                           AND WILMINGTON TRUST
                                           COMPANY, in its capacity as successor
                                           indenture trustee for the PHONES Notes

By: _____

Kirschner Consulting Company
1120 Park Avenue, Suite 18A
New York, NY 10128                         By: _____
Phone: (212) 860-7577
Fax: (212) 722-0349                        Akin Gump Strauss Hauer & Feld LLP
E-mail:                                    One Bryant Park
mskirschner@kirschnerconsulting.com        New York, NY 10036
                                           Phone: (212) 872-1000
                                           Fax: (212) 872-1002
                                           E-mail: dzensky@akingump.com

JAY TEITELBAUM, AS COUNSEL
AND ATTORNEY-IN-FACT
FOR THE RETIREE PLAINTIFFS

By: _____

Teitelbaum Law Group, LLC
1 Barker Avenue, 3rd Floor
White Plains, NY 10601
Phone: (914) 437-7670
Fax: (914) 437-7672
E-mail: jteitelbaum@tblawllp.com

16

ACCEPTED AND AGREED TO:                    Dated:  May 16, 2019

MARC S. KIRSCHNER, AS                      AKIN GUMP STRAUSS HAUER &
LITIGATION TRUSTEE FOR THE                 FELD LLP, AS COUNSEL FOR
TRIBUNE LITIGATION TRUST                   DELAWARE TRUST COMPANY (AS
                                           SUCCESSOR TRUSTEE-IN-INTEREST
                                           TO LAW DEBENTURE TRUST
                                           COMPANY OF NEW YORK), in its
                                           capacity as successor indenture trustee for
By: _____                certain series of Senior Notes, DEUTSCHE
                                           BANK TRUST COMPANY AMERICAS,
Kirschner Consulting Company               in its capacity as successor indenture
1120 Park Avenue, Suite 18A                trustee for certain series of Senior Notes,
New York, NY 10128                         AND WILMINGTON TRUST
Phone: (212) 860-7577                      COMPANY, in its capacity as successor
Fax: (212) 722-0349                        indenture trustee for the PHONES Notes
E-mail:
mskirschner@kirschnerconsulting.com


                                           By: _____

                                           Akin Gump Strauss Hauer & Feld LLP
                                           One Bryant Park
                                           New York, NY 10036
                                           Phone: (212) 872-1000
                                           Fax: (212) 872-1002
                                           E-mail: dzensky@akingump.com


JAY TEITELBAUM, AS COUNSEL
AND ATTORNEY-IN-FACT
FOR THE RETIREE PLAINTIFFS

By: _____

Teitelbaum Law Group, LLC
1 Barker Avenue, 3rd Floor
White Plains, NY 10601
Phone: (914) 437-7670
Fax: (914) 437-7672
E-mail: jteitelbaum@tblawllp.com

EXECUTION COPY

JENNER & BLOCK LLP AS COUNSEL
TO EGI-TRB, L.L.C., EQUITY GROUP
INVESTMENTS, L.L.C., SAM
INVESTMENT TRUST, SAMUEL
ZELL

By: _____

Jenner & Block LLP
353 North Clark Street
Chicago, IL 60654
Phone: (312) 222-9350 (Bradford)
 (312) 840-8688 (Vail)
Facsimile: (312) 840-7375 (Bradford)
 (312) 840-8788 (Vail)
E-mail: dbradford@jenner.com
avail@jenner.com

SHOOK HARDY & BACON L.L.P. AS
COUNSEL TO HARRY AMSDEN,
STEPHEN D. CARVER, DENNIS J.
FITZSIMONS, ROBERT GREMILLION,
DONALD C. GRENESKO, DAVID
DEAN HILLER, TIMOTHY J. LANDON,
THOMAS D. LEACH, LUIS E. LEWIN,
R. MARK MALLORY, RICHARD H.
MALONE, JOHN E. REARDON, SCOTT
C. SMITH, JOHN J. VITANOVEC,
KATHLEEN M. WALTZ, DAVID D.
WILLIAMS, JOHN F. POELKING,
IRENE M.F. SEWELL, RUTHELLYN
MUSIL, GERALD W. AGEMA, ROBERT
E. BELLACK, JOSEPH LEONARD

By: _____

Shook, Hardy & Bacon L.L.P.
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 704-7760 (Murray)
(312) 704-7723 (Schoenfeld)
Facsimile: (312) 558-1195
E-mail: lmurray@shb.com
dschoenfeld@shb.com

JENNER & BLOCK LLP AS COUNSEL
TO EGI-TRB, L.L.C., EQUITY GROUP
INVESTMENTS, L.LC., SAM
INVESTMENT TRUST, SAMUEL
ZELL


By: _____

Jenner & Block LLP
353 North Clark Street
Chicago, IL 60654
Phone: (312) 222-9350 (Bradford)
 (312) 840-8688 (Vail)
Facsimile: (312) 840-7375 (Bradford)
 (312) 840-8788 (Vail)
E-mail: dbradford@jenner.com
avail@jenner.com

SHOOK HARDY & BACON L.L.P. AS
COUNSEL TO HARRY AMSDEN,
STEPHEN D. CARVER, DENNIS J.
FITZSIMONS, ROBERT GREMILLION,
DONALD C. GRENESKO, DAVID
DEAN HILLER, TIMOTHY J. LANDON,
THOMAS D. LEACH, LUIS E. LEWIN,
R. MARK MALLORY, RICHARD H.
MALONE, JOHN E. REARDON, SCOTT
C. SMITH, JOHN J. VITANOVEC,
KATHLEEN M. WALTZ, DAVID D.
WILLIAMS, JOHN F. POELKING,
IRENE M.F. SEWELL, RUTHELLYN
MUSIL, GERALD W. AGEMA, ROBERT
E. BELLACK, JOSEPH LEONARD


By: _____

Shook, Hardy & Bacon L.L.P.
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 704-7760 (Murray)
(312) 704-7723 (Schoenfeld)
Facsimile: (312) 558-1195
E-mail: lmurray@shb.com
dschoenfeld@shb.com

**EXECUTION COPY**

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP AS COUNSEL TO
BETSY D. HOLDEN,
J. CHRISTOPHER REYES, DUDLEY
S. TAFT, ENRIQUE HERNANDEZ, JR.,
MILES D. WHITE, ROBERT S.
MORRISON, WILLIAM A. OSBORN

By: _____

Skadden, Arps, Slate, Meagher &
Flom LLP
155 North Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 407-0728 (Kipp)
(312) 407-0654 (Frey)
Facsimile: (312) 407-8575 (Kipp)
(312) 827-9321 (Frey)
E-mail: matthew.kipp@skadden.com
timothy.frey@skadden.com

Skadden, Arps, Slate, Meagher
Flom LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3902
E-mail: robert.fumerton@skadden.com

STEPTOE & JOHNSON LLP AS
COUNSEL TO MARK HIANIK, IRVING
QUIMBY, JOHN D. WORTHINGTON IV,
BETTY ELLEN BERLAMINO, TOM E.
EHLMANN, PETER A. KNAPP

By: _____

Steptoe & Johnson LLP
115 South LaSalle Street, Suite 3100
Chicago, Illinois 60603
Telephone: (312) 577-1243
Facsimile: (312) 577-1370
Email: mdockterman@steptoe.com

18

EXECUTION COPY

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP AS COUNSEL TO
BETSY D. HOLDEN.
J. CHRISTOPHER REYES, DUDLEY
S. TAFT, ENRIQUE HERNANDEZ, JR.,
MILES D. WHITE, ROBERT S.
MORRISON, WILLIAM A. OSBORN

STEPTOE & JOHNSON LLP AS
COUNSEL TO MARK HIANIK, IRVING
QUIMBY, JOHN D. WORTHINGTON IV,
BETTY ELLEN BERLAMINO, TOM E.
EHLMANN, PETER A. KNAPP

By: _____

By: _____

Skadden, Arps, Slate, Meagher &
Flom LLP
155 North Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 407-0728 (Kipp)
(312) 407-0654 (Frey)
Facsimile: (312) 407-8575 (Kipp)
(312) 827-9321 (Frey)
E-mail: matthew.kipp@skadden.com
timothy.frey@skadden.com

Steptoe & Johnson LLP
115 South LaSalle Street, Suite 3100
Chicago, Illinois 60603
Telephone: (312) 577-1243
Facsimile: (312) 577-1370
Email: mdockterman@steptoe.com

Skadden, Arps, Slate, Meagher
Flom LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3902
E-mail: robert.fumerton@skadden.com

EXECUTION COPY

LATIMER LeVAY FYOCK LLC AS
COUNSEL TO CRANE KENNEY

By: _____

Latimer LeVay Fyock LLC
55 W. Monroe Street, Suite 1100
Chicago, Illinois 60603
Telephone: (312) 422-8000 (general)
(312) 667-1359 (direct)
Facsimile: (312) 422-8001
E-mail: rsaldinger@llflegal.com

SPERLING & SLATER, P.C. AS
COUNSEL TO CHANDLER BIGELOW

By: _____

Sperling & Slater, P.C.
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
Telephone: (312) 641-3200 (General)
(312) 641-4872 (Florsheim)
(312) 641-4871 (Sperling)
Facsimile: (312) 641-6492
E-mail: sflorsheim@sperling-law.com
bss@sperling-law.com

ARNOLD & PORTER KAYE
SCHOLER LLP AS COUNSEL TO
DANIEL KAZAN

By: _____

Arnold & Porter Kaye Scholer LLP
70 West Madison Street, Suite 4200
Chicago, Illinois 60602
Telephone: (312) 583-2300
Facsimile: (312) 583-2579
E-mail: alan.salpeter@apks.com

HANNAFAN & HANNAFAN, LTD. AS
COUNSEL TO TIMOTHY KNIGHT

By: _____

Hannafan & Hannafan, Ltd.
One East Wacker Drive, Suite 2800
Chicago, Illinois 60601
Telephone: (312) 527-0055
Facsimile: (312) 527-0220
E-mail: bth@hannafanlaw.com

EXECUTION COPY

LATIMER LeVAY FYOCK LLC AS
COUNSEL TO CRANE KENNEY

SPERLING & SLATER, P.C. AS
COUNSEL TO CHANDLER BIGELOW


By: _____

By: _____ Matt H Rice

Latimer LeVay Fyock LLC
55 W. Monroe Street, Suite 1100
Chicago, Illinois 60603
Telephone: (312) 422-8000 (general)
(312) 667-1359 (direct)
Facsimile: (312) 422-8001
E-mail: rsaldinger@llflegal.com

Sperling & Slater, P.C.
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
Telephone: (312) 641-3200 (General)
(312) 641-4872 (Florsheim)
(312) 641-4871 (Sperling)
Facsimile: (312) 641-6492
E-mail: sflorsheim@sperling-law.com
bss@sperling-law.com


ARNOLD & PORTER KAYE
SCHOLER LLP AS COUNSEL TO
DANIEL KAZAN

HANNAFAN & HANNAFAN, LTD. AS
COUNSEL TO TIMOTHY KNIGHT


By: _____

By: _____

Arnold & Porter Kaye Scholer LLP
70 West Madison Street, Suite 4200
Chicago, Illinois 60602
Telephone: (312) 583-2300
Facsimile: (312) 583-2579
E-mail: alan.salpeter@apks.com

Hannafan & Hannafan, Ltd.
One East Wacker Drive, Suite 2800
Chicago, Illinois 60601
Telephone: (312) 527-0055
Facsimile: (312) 527-0220
E-mail: bth@hannafanlaw.com

LATIMER LeVAY FYOCK LLC AS
COUNSEL TO CRANE KENNEY

By: _____

Latimer LeVay Fyock LLC
55 W. Monroe Street, Suite 1100
Chicago, Illinois 60603
Telephone: (312) 422-8000 (general)
(312) 667-1359 (direct)
Facsimile: (312) 422-8001
E-mail: rsaldinger@llflegal.com


SPERLING & SLATER, P.C. AS
COUNSEL TO CHANDLER BIGELOW

By: _____

Sperling & Slater, P.C.
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
Telephone: (312) 641-3200 (General)
(312) 641-4872 (Florsheim)
(312) 641-4871 (Sperling)
Facsimile: (312) 641-6492
E-mail: sflorsheim@sperling-law.com
bss@sperling-law.com


ARNOLD & PORTER KAYE
SCHOLER LLP AS COUNSEL TO
DANIEL KAZAN

By: _Alan Salpeter_

Arnold & Porter Kaye Scholer LLP
70 West Madison Street, Suite 4200
Chicago, Illinois 60602
Telephone: (312) 583-2300
Facsimile: (312) 583-2579
E-mail: alan.salpeter@apks.com


HANNAFAN & HANNAFAN, LTD. AS
COUNSEL TO TIMOTHY KNIGHT

By: _____

Hannafan & Hannafan, Ltd.
One East Wacker Drive, Suite 2800
Chicago, Illinois 60601
Telephone: (312) 527-0055
Facsimile: (312) 527-0220
E-mail: bth@hannafanlaw.com

EXECUTION COPY

LATIMER LeVAY FYOCK LLC AS
COUNSEL TO CRANE KENNEY

SPERLING & SLATER, P.C. AS
COUNSEL TO CHANDLER BIGELOW


By: _____

By: _____


Latimer LeVay Fyock LLC
55 W. Monroe Street, Suite 1100
Chicago, Illinois 60603
Telephone: (312) 422-8000 (general)
(312) 667-1359 (direct)
Facsimile: (312) 422-8001
E-mail: rsaldinger@llflegal.com

Sperling & Slater, P.C.
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
Telephone: (312) 641-3200 (General)
(312) 641-4872 (Florsheim)
(312) 641-4871 (Sperling)
Facsimile: (312) 641-6492
E-mail: sflorsheim@sperling-law.com
bss@sperling-law.com


ARNOLD & PORTER KAYE
SCHOLER LLP AS COUNSEL TO
DANIEL KAZAN

HANNAFAN & HANNAFAN, LTD. AS
COUNSEL TO TIMOTHY KNIGHT


By: _____

By: _Blake T. Hannafan_


Arnold & Porter Kaye Scholer LLP
70 West Madison Street, Suite 4200
Chicago, Illinois 60602
Telephone: (312) 583-2300
Facsimile: (312) 583-2579
E-mail: alan.salpeter@apks.com

Hannafan & Hannafan, Ltd.
One East Wacker Drive, Suite 2800
Chicago, Illinois 60601
Telephone: (312) 527-0055
Facsimile: (312) 527-0220
E-mail: bth@hannafanlaw.com

FRANK GECKER LLP AS COUNSEL
TO THOMAS FINKE, BRIAN F.
LITMAN, PATRICK SHANAHAN,
GARY WEITMAN, PAMELA S.
PEARSON, VINCENT R. GIANNINI,
JOHN R HENDRICKS, AND GINA M.
MAZZAFERRI


By: _____

FrankGecker LLP
1327 W. Washington Boulevard
Suite 5G-H
Chicago, IL 60607
Telephone: (312) 276-1402
Facsimile: (312) 276-0035
Email: jfrank@fgllp.com

**SCHEDULE 1 TO SETTLEMENT AGREEMENT**

**<u>RETIREE PLAINTIFFS</u>**

Abatemarco, Fred A.
Alcantar, Gerald J.
Alfano, Richard S.
Armstrong, C. Michael
Arnold, Gary M.
Arthur, John M.
Barlow, William H.
Barrett, David S.
Barwick, Bruce E.
Becker, Todd A.
Bell, George
Bell, Susan P.
Bergmann, Horst A.
Blood, Edward L.
Blue, Kimberly McCleary
Brauer, Catherine
Brennan, Leo
Brief, Kenneth H.
Brisco, Robert N.
Campbell, Patricia G.
Carpenter, Dian S.
Carroll, Lee H
Casey, Kathleen M.
Chandhok, Rajender K.
Charles, Randolph R.
Clayton, Janet T.
Clifford, Patrick A.
Clurman, Andrew W.
Coffey, C. Shelby, III
Coppens, Stuart K.
Cotliar, George J.
Crawford, William D.
DeYoung, Barbara R.
Dill, John F.
Dilworth, Ann E.

Downing, Kathryn M.
Dreher, Beverly A.
Drewry, Elizabeth V.
Dubester, Michael S.
Dupriest, Walda (Brandt, Robert F.)
Dyer, John M.
Erburu, Lois S, Trustee of Survivor's Trust
Esgro, David A.
Falk, Joanne K.
Fitzgerald, James E.
Forgione, Michael J.
Forst, Donald H., Estate of [Died 01/04/2014]
Fox, Douglas B.
Furukawa, Vance I.
Goldstein, Gary P.
Gottsman, Edward J, Jr
Gottsman, Laura M
Gottsman, Susan
Gottsman, Thomas J
Graham, Colin Brad
Graham, Edward Kenneth
Graham, Ian Roderick
Grant, Robert T.
Guerrero, Richard
Guittar, Lee J.
Guthrie, James F.
Guttry, Delynn T.
Halajian, Kenneth L.
Hall, Charlotte H.
Halle, Jean
Haugh, Michael J.
Heaphy Durham, Janis
Helin, James D.

Hessler, Curtis A.
Higby, James H.
Higby, Lawrence M.
Holton, Raymond
Horn, Karen Laukka
Howard, Leslie M.
Howe, Mark E.
Hughes, Joseph M.
Ibarguen, Alberto
Imbriaco, James
Isenberg, Steven L.
Isinger, William R.
Jansen, Raymond A., Jr.
Johnson, Edward E.
Johnson, Robert M.
Johnson, W. Thomas, Jr.
Junck, Mary E.
Kabak, Scott W.
Kallet, Judith S.
Keller, William F.
King, Victoria
Klein, Jason E.
Klein, Jeffrey S.
Klutnick, Susan K.
Kopper, James L.
Kuekes, Kurt
Kurtich, Mark H.
Lankey, Jeffrey W.
Laventhol, David A. Trust A, Esther Laventhol, Trustee
Lee Schneider, R. Marilyn
Leven, Jeremy Carl
Levin, Hugh
Levine, Jesse E.
Magnuson, Robert G.

1

EXECUTION COPY

Maxwell, Donald S, Estate of [Died 11/13/2013] c/o Martha Maxwell

McGuinness, Kathleen G.

McKeon, John C.

Meier, Stephen C.

Molvar, Janie

Molvar, Roger H.

Nash, John T.

Newby, Wendy Levin

Niese, William A.

Niles, Nicholas H.

Norris, James H.

Nuckols, James H.

O'Donoghue, Anna L.

O'Sullivan, Robert T.

Pandolfi, Francis P.

Parks, Michael C.

Paro, Jeffrey N.

Payne, Janette O.

Perruso, Carol

Perry, Victor A.

Peterson, Maureen G

Petty, Martha A.

Plank, Jack L.

Redmond, Elizabeth Survivors Admin Trust, Wells Fargo Bank, Trustee

Rhoads, S. Keating

Riley, Michael Irrevocable Trust, Sue Riley Trustee

Rochfort, Karen Kuekes

Rose, Michael G.

Rowe, William J.

Rubin, Richard

Sandorf, Margaret B

Sann, Alexander

Scally, Geraldine

Schlosberg, Richard T., III

Schnall, Herbert K.

Schneider Family Trust - Surviving Spouse's Trust, Traci Tindall Trustee

Schneider, Hilary A.

Schneider, Howard S.

Sellstrom, Brian J.

Semprebon, Nathan H.

Shaw, James D.

Shirley, Dennis A.

Shorts, Gary K.

Simpson, James R.

Sito, Louis

Stanton, Richard W.

Sweeney, Judith L.

Sweeney, Stender E.

Toedtman, James S.

Tunstall, Sharon S.

Udovic, Michael S.

Valenti, Michael J.

Vaziri, Behzad

Wada, Karen J.

Wade, Claudia A.

Walker, Nancy (f/k/a Nancy W. O'Neill)

Wallace, James W.

Waller, Michael E.

Wangberg, Larry W.

Weinstein, Howard G

Wiegand, William D.

Wild, Mary A.

Willes, Mark H.

Williams, Diane E

Williams, Fred J. Irrevocable Trust

Williams, James T

Wilson, Hazel E.

Wilson, Julia C.

Woldt, Harold F., Jr

Wolinsky, Leo

Wright, Donald F.

Yamin, Alicia

Young, Kathleen

Zakarian, John D

Zakarian, Paul M

Zapanta, Norene (Trustee for Dr. Edward Zapanta Trust)

Zimbalist, Efrem, III

2

EXECUTION COPY

## SCHEDULE 2 TO SETTLEMENT AGREEMENT

## DEFENDANTS WITH TOLLING AGREEMENTS WITH EGI-TRB LLC

BNP Paribas Securities Corp.
BNP Paribas, New York Branch
Brown Brothers Harriman & Co.
CIBC World Markets Corp.
CIBC World Markets Inc.
Citibank, N.A.
Citigroup Global Markets Inc.
Credit Suisse (USA) Inc.
Credit Suisse Securities (USA) LLC
Deutsche Bank Securities Inc.
Eaton Vance Management
Edward D. Jones & Co., L.P.
Goldman Sachs Execution & Clearing, L.P.
Goldman, Sachs & Co.
Kenneth Cahn
National Financial Services LLC
Neuberger Berman LLC
PNC Bank, N.A.
RBC Capital Markets, LLC
SG Americas Securities, LLC
State Street Bank & Trust Company
TD Ameritrade Clearing, Inc.
The Bank of Nova Scotia
U.S. Bank, N.A.
UBS Financial Services, Inc.
UBS Securities LLC
Union Bank of California, N.A.

**EXECUTION COPY**

## SCHEDULE 3 TO SETTLEMENT AGREEMENT

### D&O INSURERS

- Executive Protection Portfolio Insurance Policy No. 8130-1880, issued by Federal Insurance Company;

- Excess Policy No. 193-25-38, issued by Illinois National Insurance Company;

- Excess Policy No. DOX G21650675 005, issued by ACE American Insurance Company;

- Excess Policy No. 5323861-04, issued by Zurich American Insurance Company;

- Excess Policy No. DFX 0009415, issued by Great American Insurance Company;

- Excess Policy No. MCN721098/01/2007, issued by AXIS Insurance Company;

- Excess Policy No. 14-MGU-07-A15122, issued by U.S. Specialty Insurance Company;

- Excess Policy No. NHS624752, issued by RSUI Indemnity Company;

- A-Side Policy No. 193-25-40, issued by Illinois National Insurance Company;

- Excess Policy No. 512CM1738, issued by St. Paul Mercury Insurance Company;

- Excess Policy No. 00 DA 0211880-07, issued by Twin City Fire Insurance Company;

- Excess Policy No. 6803-3016, issued by Federal Insurance Company;

- Excess Policy No. 14-MGU-06-A15123, issued by U.S. Specialty Insurance Company;

- Excess Policy No. 1930343-017, issued by Liberty Mutual Insurance Company;

- Excess Policy No. ELU099904-07, issued by XL Specialty Insurance Company;

- Excess Policy No. C000871/006, issued by Allied World Assurance Company Ltd; and

- Excess Policy No. TRIB-1415C, issued by Corporate Officers & Directors Assurance Ltd.

**SCHEDULE 4 TO SETTLEMENT AGREEMENT**

**SPOUSES AND AFFILIATED PERSONS**

Amy A. Shanahan

Andrew Thompson Finke individually and as the beneficiary of certain trusts and 529 Plans

Brian Litman 401(k) Savings Plan

Carol Lynn Finke individually and as the beneficiary of certain trusts and 529 Plans

Chris Chavez Weitman

Christine Fitzsimons 2004 Trust U/A Dtd 08/26/2004, Matthew B Fitzsimons, Trustee

Crane H Kenney 401(k) Savings Plan

David Hiller 401(k) Savings Plan

David D. Hiller Trust, dated 12/11/97

Dennis J Fitzsimons 401(k) Savings Plan

Dennis J Fitzsimons Trust U/A Dtd 03/29/2001, Dennis J Fitzsimons, Trustee

Diana M. Mallory

Donald C Grenesko 401(k) Savings Plan

Eileen M. Leonard

Ellen D. Malone

Elizabeth Bigelow

Elizabeth Landon

Gary Weitman 401(k) Savings Plan

Gerald Agema C/F Avery Lauren Agema UTMA/IL

Gerald W. Agema Revocable Trust, Gerald W. Agema, Trustee

Gina Mazzaferri 401(k) Savings Plan

Gina M. Mazzaferri Rollover IRA

Irene M. Freutel Revocable Trust U/A DTD 04/28/2001, Irene M. Freutel, Trustee

J. Christopher Reyes 1999 Trust

Jeanne E Fitzsimons 2004 Trust U/A Dtd 08/26/2004, Matthew B Fitzsimons, Trustee

John and Jann Reardon Trust U/A Dtd 11/03/1999, John E Reardon, Jann M Reardon, Trustees

John E Reardon 401(k) Savings Plan

John Hendricks 401(k) Savings Plan

John J Vitanovec Trust U/A Dtd 12/27/1996, John J Vitanovec, Kathleen Geary, Trustees

Julie A. Hendricks

1

Justin G. Agema

Kathleen Geary Trust U/A Dtd 12/27/1996, Kathleen Geary, John J. Vitanovec, Trustees

Kelly Kenney

Laurie H. Poelking

Lisa Gollob Finke

Lisa Gollob Finke 2001 Trust u/a/d April 26, 2001

Luis E Lewin 401(k) Savings Plan

Luis Eduardo Lewin Trust U/A Dtd 05/14/1997, Luis Lewin, Sylvia Lewin, Trustees

Marcia Grenesko

Marcia L. Agema, individually and as beneficiary of certain trusts and estates

Martha R. Smith

Matthew B Fitzsimons 2004 Trust U/A Dtd 08/26/2004, Christine M Fitzsimons, Trustee

Matthew V. Agema

Michael J. Voegtlin

Michael W. Agema

Miles D White 1994 Trust U/A Dtd 08/24/1994, Miles D White, Trustee

Molly J. Litman

Norma P. Giannini

Pam Pearson 401(k) Savings Plan

Pat Shanahan 401(k) Savings Plan

R. Mark Mallory 401(k) Savings Plan

R. Mark Mallory Trust U/A Dtd 12/30/1999, R. Mark Mallory, Trustee

Robert S Morrison 2000 Trust U/A/D 11/30/2000, Robert S Morrison, Trustee

Ronald J. Musil

Ronald J. Musil and Ruthellyn Musil Joint Revocable Living Trust

Ruthellyn Musil 401(k) Savings Plan

Ruthellyn Musil Trust U/A Dtd 07/27/2001, Ruthellyn Musil, Trustee

Sandra L. Williams

Scott C Smith 401(k) Savings Plan

Scott C Smith Trust U/A Dtd 04/16/1983, Scott C Smith, Trustee

Smith and Reilly Family Foundation U/A 7/14/99, Scott C Smith, Martha R Smith, Trustees

Smith Family 1995 Irrevocable Trust

Smith Family 2012 Family Trust

Stephanie Knight

Stephen D Carver IRA, National Financial Services LLC/Fidelity Management Trust Co, Custodian

Taft Broadcasting Company

Thomas D Leach 401(k) Savings Plan

Thomas S. Finke 401(k) Savings Plan

Thomas S. Finke IRA

Thomas Seddon Finke 2001 Trust u/a/d May 9, 2001

Thomas W. Perry

Timothy A Sewell

Timothy J Landon 401(k) Savings Plan

Timothy Knight 401(k) Savings Plans

Tracy Leach

Trust U/A Dudley S. Taft, Fifth Third Bank, Trustee

Vincent R. and Norma P. Giannini Trust

Vincent R. Giannini 401(k) Savings Plan

William A Osborn 2004 Trust U/A 9/9/04, William A Osborn, Trustee

**EXECUTION COPY**

**EXHIBIT A TO SETTLEMENT AGREEMENT**

**APPROVAL MOTION**

*[enclosed on the following pages]*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY, et al., (f/k/a Tribune Company), | Case No. 08-13141 (BLS) (Bankr. D. Del.) |
| Reorganized Debtors.[1] | (Jointly Administered) |
| THIS DOCUMENT RELATES TO: | Case No. 11 md 2296 (DLC) (S.D.N.Y.) |
| In re TRIBUNE COMPANY FRAUDULENT CONVEYANCE LITIGATION | Case No. 12 mc 2296 (DLC) (S.D.N.Y.) |
| MARC S. KIRSCHNER, as Litigation Trustee for the TRIBUNE LITIGATION TRUST, | Case No. 12 cv 2652 (DLC) (S.D.N.Y.) |
| Plaintiff, | |
| - against - | |
| DENNIS J. FITZSIMONS, et al., | **Hearing Date: [_____]** |
| Defendants. | **Obj. Deadline: [_____]** |
| And | |
| Matters listed on Schedule A | |

## LITIGATION TRUSTEE'S MOTION FOR AN ORDER
## APPROVING SETTLEMENT

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); Chicagoland Television News, LLC (1352); and Tribune CNLBC, LLC (0347). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

1

Marc S. Kirschner, as Litigation Trustee (the "Litigation Trustee")[2] for the Tribune

Litigation Trust (the "Litigation Trust" or the "Trust"), by and through his undersigned counsel,

respectfully moves this Court for entry of an order, substantially in the form submitted herewith,

authorizing the Litigation Trustee to settle his claims against those defendants identified in the

schedule attached hereto as Schedule B (the "Settling Defendants"), in the above-captioned

adversary proceedings, presently pending in the United States District Court for the Southern

District of New York (the "District Court"), pursuant to that certain settlement agreement, dated

May 16, 2019 (the "Settlement Agreement"), attached as Exhibit 1 to the declaration of David

M. Zensky, dated May [\_\_\_], 2019 ("Zensky Decl."). In support of this motion, the Litigation

Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334 and 11 U.S.C. §§ 105(a) and 1142, which jurisdiction was retained pursuant to Article IX of

the Confirmation Order and Article XII of the Plan.  This motion is a core proceeding under 28

U.S.C. § 157(b)(2).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The

statutory and legal predicates for the relief requested herein are Section 13.3.3 of the Plan and

Bankruptcy Rule 9019.

## BACKGROUND

2.      On December 18, 2008, the United States Trustee for the District of Delaware,

pursuant to section 1102 of the Bankruptcy Code, appointed the Official Committee of

---

[2] Unless otherwise specified, all defined terms shall have the same meaning as in the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (as modified July 19, 2012, the "Plan") [Bankr. D.I. 12072-2], entered by an order of the Court dated July 23, 2012 [Bankr. D.I. 12074] (the "Confirmation Order"). All references to "Bankr. D.I." refer to the docket in the above captioned action, *In re Tribune Media Co.*, No. 08-13141 (BLS) (Bankr. D. Del.). All references to "MDL D.I." refer to the docket in the consolidated multidistrict action, *In re Tribune Co. Fraudulent Conveyance Litig.*, No. 11-md-2296 (S.D.N.Y.), unless otherwise specified.

Unsecured Creditors of Tribune Company (the "Committee") to represent the interests of all unsecured creditors in the debtors' cases [Bankr. D.I. 101].

3.      By orders dated October 27, 2010 and November 29, 2010 [Bankr. D.I. 6150, 6657, and 6658], this Court granted the Committee standing to file and prosecute certain adversary proceedings, including the action now captioned *Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Dennis J. FitzSimons, et. al.* (the "*FitzSimons* Action"). That action was commenced on November 1, 2010 [Bankr. D.I. 6202], and sought to recover, *inter alia*, damages for alleged breaches of fiduciary duty, the issuance of unlawful dividends, unjust enrichment, preferences, and fraudulent transfers received by the Settling Defendants in connection with the 2007 leveraged buyout (the "LBO") of the Tribune Company ("Tribune"). The operative complaint is the Fifth Amended Complaint [MDL D.I. 2701] ("*FitzSimons* 5AC").

4.      The Committee also commenced certain other actions, including actions against, *inter alia*, Settling Defendants Betty Ellen Berlamino, Tom E. Ehlmann, Vincent R. Giannini, John R. Hendricks, Peter A. Knapp, Brian F. Litman, Gina M. Mazzaferri, Pamela S. Pearson, John F. Poelking, Irene M.F. Sewell, Patrick Shanahan, and Gary Weitman (collectively, the "Tag-Along Defendants") seeking to recover certain incentive payments paid in connection with the LBO (the "Tag-Along Actions").[3]

5.      On March 20, 2012, the JPML lifted its stay of a Conditional Transfer Order [MDL D.I. 692], thereby transferring the *FitzSimons* Action to the District Court for coordinated pretrial proceedings under 28 U.S.C. § 1407, with the independent state law fraudulent conveyance claims that had been commenced outside the bankruptcy court (together the

---

[3] On May 13, 2013 the United States Judicial Panel on Multidistrict Litigation (the "JPML") issued a Conditional Transfer Order transferring the Tag-Along Actions to the District Court for coordinated or consolidated pretrial proceedings with the *FitzSimons* Action pursuant to 28 U.S.C. § 1407. *See* MDL D.I. 2532.

"Creditor Complaints") by the Retiree Plaintiffs[4] and Noteholder Plaintiffs[5] (together, the

"Creditor Claimants"). *See generally In re Tribune Co. Fraudulent Conveyance Litig.*, No. 11-

md-2296 (S.D.N.Y.).[6]

6.       On July 23, 2012, this Court entered an order [Bankr. D.I. 12074] confirming the

Plan. On December 31, 2012, the Plan became effective. *See* Notice of (I) Effective Date of the

Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries; and

Bar Date for Certain Claims (Dec. 31, 2012) [Bankr. D.I. 12939].

7.       The Plan established the Litigation Trust and transferred to the Litigation Trust,

*inter alia*, all Preserved Causes of Action (as defined in the Plan), including the claims asserted

in the *FitzSimons* Action and Tag-Along Actions, to be prosecuted and/or settled at the direction

of the Litigation Trustee. *See, e.g.* Plan §§ 13.1, 13.2, 13.3. The Plan provides that the Litigation

Trustee must obtain "Bankruptcy Court authority" in order to settle any affirmative Preserved

Causes of Action where the "stated face amount in controversy exceeds $5,000,000." *Id.* §

13.3.3.

8.       During the course of the Tribune bankruptcy certain of the Settling Defendants

filed proofs of claim against Tribune or its subsidiaries (together the "D&O Tribune Claims")

and liability, if any, on such claims was assigned to the Litigation Trust under the Plan. EGI-

---

[4] The "Retiree Plaintiffs" are certain individual retiree plaintiffs of The Times Mirror Company, Tribune and/or one or more of 110 affiliates or subsidiaries of Tribune.

[5] Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for a certain series of Senior Notes issued by Tribune ("DBTCA"), Delaware Trust Company, in its capacity as successor trustee-in-interest to Law Debenture Trust Company of New York for a certain series of Senior Notes issued by Tribune ("Delaware Trust"), and Wilmington Trust Company, in its capacity as successor indenture trustee for a certain series of Exchangeable Subordinated Debentures issued by Tribune and commonly referred to as the PHONES Notes ("Wilmington Trust" and together with DBTCA and Delaware Trust, the "Noteholder Plaintiffs").

[6] The status of the Creditor Complaints is described more fully under Section B below.

TRB also filed claims to collect on a subordinated note issued in connection with the LBO (the "EGI-TRB Claim").

9.    Following transfer to the District Court, the Settling Defendants filed pre-answer motions to dismiss addressed to many of the claims against them, which were fully briefed by mid-2014. *See* Phase Two Motion Protocol, Apr. 24, 2014 [MDL D.I. 5696].

10.    On December 1, 2018, the *FitzSimons* Action was reassigned from the Honorable Richard J. Sullivan to the Honorable Denise L. Cote. *See* Order [MDL D.I. 7658]. On January 23, 2019, Judge Cote ruled on the Settling Defendants' pre-answer motions to dismiss and ordered the parties to engage in mediation. *See* Order [MDL D.I. 7739].

### A. The Claims Subject to the Settlement Agreement

11.    The claims in the *FitzSimons* Action and the Tag-Along Actions all arise out of Tribune's 2007 LBO and subsequent bankruptcy. The claims subject to the Settlement Agreement include claims against certain current and former Tribune officers, directors, employees, subsidiary officers, directors and employees, as well as certain entities with which Sam Zell is affiliated and that were involved in the LBO (the "Zell Entity Defendants") for: (1) breaches of fiduciary duty, aiding and abetting breaches of fiduciary duty and improper dividend claims (the "Fiduciary Duty Claims")[7]; (2) recovery of payments made to various Settling Defendants and Settling Defendant Related Persons[8] in respect of their Tribune shares (the "LBO Proceeds") that the Litigation Trustee alleged were fraudulent conveyances (the "LBO Clawback Claims")[9]; (3) recovery of certain incentive payments received by various Settling Defendants that the Litigation Trustee alleged were preference payments or constructive or actual

---

[7] *See FitzSimons* 5AC, Counts 2, 3, 4, 5, 6, 12, 13.
[8] As defined in the Settlement Agreement.
[9] *See FitzSimons* 5AC, Counts 1, 7.

fraudulent conveyances (the "Incentive Payment Claims")[10]; (4) unjust enrichment against

various Settling Defendants (the "Unjust Enrichment Claims")[11]; (5) veil piercing/alter ego,

preference, and other miscellaneous claims against Zell and the Zell Entity Defendants ("Zell

Claims")[12]; and (6) avoidance, disallowance, and/or subordination of the D&O Tribune Claims

and EGI-TRB Claim (the "Disallowance Claims")[13].

12.     The Fiduciary Duty Claims, LBO Clawback Claims, Incentive Payment Claims,

Unjust Enrichment Claims, Zell Claims, the Disallowance Claims, the D&O Tribune Claims and

the EGI-TRB Claim are collectively referred to herein as the "Settled Claims".

13.     The Fiduciary Duty Claims asserted against each Settling Defendant exceed the

$5,000,000 threshold and therefore settlement requires this court's approval.  Plan §§ 13.3.3.

With respect to eleven (11) of the individual defendants, the LBO Clawback Claims, the

Incentive Payment Claims and the Unjust Enrichment Claims also exceed the $5,000,000

threshold and settlement requires approval.[14]  In the aggregate for all of the Settling Defendants,

the LBO Clawback Claims seek $99,522,379 of LBO Proceeds, before consideration of pre-

judgment interest.

14.     Certain of the Fiduciary Duty Claims and Unjust Enrichment Claims were

dismissed by Judge Cote's January 23, 2019 decision.  *See* Order [MDL D.I. 7738].  A portion of

---

[10] *See FitzSimons* 5AC Counts 34, 35; *Kirschner v. Berlamino*, 13-cv-03741 (S.D.N.Y. 2013); *Kirschner v. Ehlmann*, 13-cv-03743 (S.D.N.Y. 2013); *Kirschner v. Giannini*, 13-cv-03748 (S.D.N.Y. 2013); *Kirschner v. Hendricks*, 13-cv-03751 (S.D.N.Y. 2013); *Kirschner v. Knapp*, 13-cv-03750 (S.D.N.Y. 2013); *Kirschner v. Litman*, 13-cv-03736 (S.D.N.Y. 2013); *Kirschner v. Mazzaferri*, 13-cv-03753 (S.D.N.Y. 2013); *Kirschner v. Pearson*, 13-cv-03745 (S.D.N.Y. 2013); *Kirschner v. Poelking*, 13-cv-03744 (S.D.N.Y. 2013); *Kirschner v. Sewell*, 13-cv-03737 (S.D.N.Y. 2013); *Kirschner v. Shanahan*, 13-cv-03739 (S.D.N.Y. 2013); *Kirschner v. Weitman*, 13-cv-03740 (S.D.N.Y. 2013).

[11] *See FitzSimons* 5AC Count 31.

[12] *See FitzSimons* 5AC Counts 8, 9, 10, 11, 32.

[13] *See FitzSimons* 5AC Counts 33, 36.

[14] The individual defendants in this category are denoted with an asterisk on the attached Schedule B.

the Incentive Payment Claims were dismissed by Judge Sullivan's November 30, 2018 decision. *See* Decision [MDL D.I. 7659].

15.     The LBO Clawback Claims in Count 1 of the *FitzSimons* complaint were dismissed by the District Court on January 6, 2017. *See* Order [MDL D.I. 6924]. The District Court has not entered a judgment in respect of any of the dismissed claims, and the Litigation Trustee's time to appeal from such dismissals has not begun to run. *See* Fed. R. Civ. P. 54(b).

16.     When the *FitzSimons* Action was filed, the Committee did not initially assert claims under 11 U.S.C. § 548(a)(l)(B), as the Third Circuit's then-current interpretation of 11 U.S.C. § 546(e) would bar such claims. On April 4, 2019, the Litigation Trustee moved to amend his complaint to include claims to avoid and recover LBO Proceeds under § 548(a)(l)(B). [MDL D.I. 7817-19]. Judge Cote denied that motion on April 23, 2019. [MDL D.I. 7917]. The Litigation Trustee intends to appeal this order, along with other prior dismissals.

**B. The Creditor Complaints**

17.     In addition to the LBO Clawback Claims brought by the Litigation Trustee, the Creditor Claimants filed the Creditor Complaints—state-law constructive fraudulent transfer complaints seeking to recover LBO Proceeds against several thousand defendants, including from the majority of the Settling Defendants and Settling Defendant Related Persons. On September 23, 2013, the District Court dismissed these claims on standing grounds. *In re Tribune Co. Fraudulent Conveyance Litig.*, 499 B.R. 310 (S.D.N.Y. 2013). On appeal, the Second Circuit held that these claims were instead barred on the basis of preemption by 11 U.S.C. § 546(e). *In re Tribune Co. Fraudulent Conveyance Litig.*, 818 F.3d 98 (2d Cir. 2016). The plaintiffs petitioned for *certiorari* and the case remained pending at that stage for more than one year. Thereafter, in light of the decision, *Merit Mgmt. Grp., LP v. FTI Consulting, Inc.*, 138

7

S. Ct. 883 (2018), the Supreme Court issued a statement suggesting that "[t]he Court of Appeals

or the District Court could decide whether relief from judgment is appropriate." *Deutsche Bank*

*Tr. Co. Ams. v. Robert R. McCormick Found.*, 138 S. Ct. 1162 (2018).  On May 15, 2018, the

Second Circuit recalled the mandate in the case.  *See* Order [MDL D.I. 7433].  The appeal is

presently with the Second Circuit.

### C.  The Mediation

18.    In accordance with the District Court's order,[15] the Litigation Trustee and the

Creditor Claimants (collectively, the "Plaintiffs"), the Settling Defendants, and D&O Insurers[16]

(collectively the "Settling Parties") engaged in a mediation in person before Stephen M.

Greenberg, a managing member of Pilgrim Mediation Group, LLC.  This process included

exchanging detailed mediation statements and participating in oral presentations, in-person

meetings and mediation sessions on March 13, 15, 18, 19, 20, and 21, 2019 and continued

mediation with the mediator by phone on March 22, 2019 (collectively, the "Mediation").[17]  *See*

Zensky Decl. ¶ 3.

19.    The Mediation was a vigorous, arm's-length process.  Though the Plaintiffs

initially considered negotiating separately with different groups of defendants, ultimately the

mediator and all parties agreed to negotiate for a global settlement to resolve all of the Plaintiffs'

claims against the Settling Defendants collectively.  *See id.* ¶ 4.  The Settling Parties reached

agreement on a settlement term sheet on March 26, 2019, and thereafter executed the Settlement

Agreement.

---

[15] *See* Order [MDL D.I. 7739] (ordering parties to engage in mediation).

[16] The "D&O Insurers" are those insurers listed in Schedule 3 to the Settlement Agreement.  *See* Settlement Agreement, Schedule 3.

[17] The Plaintiffs also separately engaged in a mediation with a number of the shareholder defendants.  That mediation has now concluded.

20.     In order to reach a complete settlement with the Settling Defendants, the Creditor

Claimants participated in the Mediation and agreed to provide releases to the Settling

Defendants, whom they sued to recover LBO Proceeds, in exchange for a portion of the

Settlement Payment (as defined herein).

## RELIEF REQUESTED

21.     The Litigation Trustee believes that the Settlement Agreement is in the best

interests of the Litigation Trust beneficiaries, and respectfully requests that the Court enter an

order substantially in the form appended hereto approving the Settlement Agreement.

### D. The Settlement Agreement

22.     The Settlement Agreement was entered without any admission of liability or as to

the strength or weakness of any claims or defenses.  It includes the following terms, among

others[18]:

> A.     Settlement Payment:  The Settling Defendants and the D&O Insurers shall
> pay to the Plaintiffs the aggregate sum of $200 million (the "Settlement Payment").
> The total Settlement Payment is significantly in excess of the available insurance.
>
> B.     Mutual Releases:  Upon receipt of the Settlement Payment in full, the
> Settling Parties release each other from all claims that have been or could have been
> brought by Tribune or anyone suing derivatively on its behalf, as well as all claims
> that could have been brought against Tribune.  This includes the withdrawal of the
> D&O Tribune Claims and the EGI-TRB Claim, as well as a release of the claims
> brought by the Creditor Claimants to recover LBO Proceeds.
>
> C.     Settling Defendant Cooperation with Future Depositions:  The Settling
> Defendants agree that should their depositions be requested in connection with any
> non-settled claims they authorize their counsel to accept service of a subpoena, will
> provide truthful testimony, and will make reasonable efforts to cooperate in
> scheduling such deposition to last up to one full day in length.  The Settling Parties
> agree to meet and confer if Plaintiffs or any defendants contend a second day is
> reasonably needed for such deposition.

---

[18] The following summary of terms is merely a summary and not intended to be binding on the parties or to
add, subtract, or stand in place of the Settlement Agreement in any way, and in the event of any alleged
inconsistency, the Settlement Agreement shall control.

D.     Bar Order: The Settlement Agreement requires that the parties obtain a bar order (the "Bar Order") for the protection of the Settling Defendants from any claim for non-contractual indemnity or contribution by any person who is a non-settling defendant based on the continued assertion of any claim by the Plaintiffs against such non-settling defendant arising out of the LBO. A proposed Bar Order is attached to the Settlement Agreement as Exhibit B, and will be sought from the United States District Court for the Southern District of New York, as that Court presently has jurisdiction over the claims being settled.

23.     The Settlement Agreement contains additional provisions related to the exhaustion of the Tribune D&O Tower.[19] It provides a partial release to additional persons (if any) who are not Settling Defendants but who are Insured Parties as defined by the primary D&O policy (the "D&O Policy"), solely for claims against any such person in a capacity that would have been covered by the D&O Policy, including former Tribune directors William Stinehart Jr., Roger Goodan and Jeffrey Chandler (the "Chandler Directors"). *See* Settlement Agreement ¶ 3(a)(iii). The District Court previously dismissed the Litigation Trustee's claims against the Chandler Directors, and they did not participate in the Mediation, nor are they making any contribution to the Settlement Payment. The Settlement Agreement releases the Chandler Directors to the extent they would have been covered by the D&O Policy, but the Chandler Directors are not released from any of the Litigation Trustee's claims to the extent that they are covered by (a) insurance other than the Tribune D&O Tower and/or (b) indemnification rights (other than the alleged obligations of the Litigation Trustee), or from any claims seeking to recover LBO Proceeds they or any of their affiliated persons or entities may have received. *Id.* ¶¶ 3(a)(iii), 3(c).

24.     The Settlement Agreement also lists numerous other parties that are not released by the Plaintiffs in any respect, including certain former shareholders and former legal, financial, and other advisors to Tribune. *See id.* ¶ 3(c). The Settlement Agreement also excludes from the

---

[19] As defined in the Settlement Agreement.

10

releases any claim seeking to recover LBO Proceeds against parties that were named in the

Creditor Complaints, Count 1 of the *FitzSimons* Action or would have been named in Count 1-A,

1-B or 1-C of the proposed sixth amended complaint in the *FitzSimons* Action (other than the

Settling Defendants and the Settling Defendant Related Persons listed on a schedule to the

Settlement Agreement). *See id.*

## BASIS FOR RELIEF REQUESTED

### E.    Approval of the Settlement Agreement

25.     The Court has discretion to approve settlements after notice and a hearing. *See*

*Myers v. Martin (In re Martin),* 91 F.3d 389, 394 & n.2 (3d Cir. 1996). The procedure for

approving a settlement in bankruptcy is set forth by Bankruptcy Rule 9019, which provides, in

relevant part:

> On motion by the trustee and after notice and a hearing, the court may approve a
> compromise or settlement. Notice shall be given to creditors, the United States
> trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other
> entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

26.     In determining whether to approve a settlement pursuant to Rule 9019, a

bankruptcy court is required to "assess and balance the value of the claim that is being

compromised against the value to the estate of the acceptance of the compromise proposal."

*Martin,* 91 F.3d at 393. Bankruptcy courts consider four criteria in applying this balancing test:

"(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the

complexity of the litigation involved, and the expense, inconvenience and delay necessarily

attending it; and (4) the paramount interest of the creditors." *Id.* (citing *Protective Comm. for*

*Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424-25 (1968)); *In re*

*Northwestern Corp.,* No. 03-12872, 2008 WL 2704341, at *6 (Bankr. D. Del. July 10, 2008).

11

(applying this test).  Ultimately, the court's determination assesses whether the compromise

embodied in the settlement "is fair, reasonable, and in the interest of the estate." *In re Louise's,*

*Inc.,* 211 B.R. 798, 801 (D. Del. 1977).  However, the Court "need not decide the numerous

questions of law or fact raised by litigation, but rather should canvas the issues to determine

whether the settlement falls above the lowest point in the range of reasonableness."  *In re*

*Capmark Fin. Grp. Inc.,* 438 B.R. 471, 515 (Bankr. D. Del.  2010).  Ultimately, "the court does

not have to be convinced that the settlement is the best possible compromise."  *In re World*

*Health Alts., Inc.,* 344 B.R. 291, 296 (Bankr. D. Del. 2006) (internal citations omitted).

27.     Here, the Plan does not specify what standard the Court should use in determining

whether to authorize the Litigation Trustee to settle a claim where the stated amount is in excess

of $5,000,000; rather it simply requires Bankruptcy Court authority.  *See* Plan § 13.3.3.  The

Litigation Trustee has previously entered into two other settlements that also required

Bankruptcy Court approval due to the size of the claims settled; in each case Judge Kevin J.

Carey, who was presiding over these bankruptcy cases at the time, approved the settlements.  *See*

Bankr. D.I. 14262, 14394.

28.     Here, the Settlement Agreement clearly meets whatever burden this Court would

impose.  The Settlement Agreement was reached after years of litigation and interlocutory

rulings on two motions to dismiss, and came as a result of hard-fought multiday Mediation with

numerous parties and experienced counsel.  The Mediation was led by a skilled and experienced

mediator, and involved the exchange of significant briefing on the parties' factual and legal

arguments.  The Settlement Agreement requires a very substantial payment of $200 million,

comprising the balance of available D&O Insurance and individual payments by Settling

Defendants.  Settlement Agreement ¶ 2.  The Settlement Agreement was ultimately approved by

12

not only the Litigation Trustee, but also the Retiree and Noteholder Plaintiffs (insofar as they too are releasing claims), and the Litigation Trust Advisory Board as required by the Plan §13.3.3.

29.      The complexity, expense, and inconvenience of further litigation counsel in favor of settlement of the Settled Claims.  Continued litigation respecting the Settled Claims would inevitably entail substantial additional professional costs to the Litigation Trust, as well as require a significant commitment of time and resources on the part of the Litigation Trust and counsel and expert witnesses for the Trust.  Indeed, in the event the Mediation was unsuccessful the parties were entering a phase of the litigation that would include up to 40 depositions.  *See* MDL D.I. 7771.  And because these claims concern questions of individual liability of a large number of defendants, their litigation would require substantial additional discovery and fact development for each Settling Defendant.  Absent the pending settlement, it is likely that adjudicating these claims will require significant time, effort, and expense. Further, future litigation could potentially deplete the remaining insurance funds available to settle these claims, making any judgment won at trial challenging to collect.  The compromise embodied in the Settlement Agreement eliminates the challenges associated with these individualized findings of fact and collections, and enhances the ability of the Litigation Trustee to focus on the other significant claims in the litigation.

30.      Courts generally defer to a trustee's business judgment where there is a legitimate business justification for the trustee's decision.  *Martin*, 91 F.3d at 395; *see also In re Still*, 444 B.R. 520, 523 (Bankr. E.D. Pa. 2010).  Here, the Litigation Trustee, Marc S. Kirschner, has substantial experience dealing with complex litigations such as the claims against the Settling Defendants.  Mr. Kirschner is currently Senior Managing Director of Goldin Associates LLC, a restructuring firm specializing in financial advisory, interim

management, litigation support, strategic valuation, governance, independent monitoring, and fiduciary services.

31.      Mr. Kirschner spent most of his 50-year career as an attorney in private practice and financial advisor specializing in bankruptcy and reorganization, with a heavy emphasis on complex bankruptcy litigation.  From 1987 through January 25, 2001, he was the head of the Bankruptcy and Restructuring Practice, and from January 1, 1997, the Business Practice Group, in the New York office of the global law firm Jones Day.  In addition to serving as Litigation Trustee for the Tribune Litigation Trust, Mr. Kirschner also was the Liquidation Trustee for the SNTL Litigation Trust (formerly, Superior National Insurance Group), in Los Angeles, and the Le-Nature's Liquidation Trust in the Western District of Pennsylvania, was the Chapter 11 Trustee for Refco Capital Markets, the largest affiliate of Refco, Inc., and one of the largest cases ever where a Chapter 11 Trustee was appointed.  Mr. Kirschner is currently the Litigation Trustee and Plan Administrator for matters arising post-confirmation from the Refco Inc. bankruptcy in New York, and the Litigation Trustee for the Millennium Health Corporate Claim Trust and Lender Claim Trust recently formed under the plan of reorganization of Millennium Health LLC in Delaware, and the Litigation Trustee of the NWHI Litigation Trust under the plan of reorganization of Nine West Holdings, Inc., in New York.

32.      The Settlement Agreement is the product of arm's-length negotiations between the parties that took place over the course of eight days of intense negotiations and mediation, during which the parties put forth facts, assertions, and legal analyses in support of their opposing positions.  Prior to and throughout the negotiations, the Litigation Trustee carefully evaluated the strengths and risks associated with holding out for a greater settlement or

14

continuing the litigation, and was advised by able counsel, who were fully versed in the

complex factual and legal issues involved in the dispute. The end result of the negotiations is a

compromise that the Litigation Trustee believes, in his business judgment, is fair and reasonable

and should be approved by the Court.

## NO PRIOR REQUEST

33.     No previous request for the relief requested in this Motion has been made in this

or any court.

## NOTICE

34.     Notice of this Motion has been provided to (i) the United States Trustee; (ii) the

Reorganized Debtors; (iii) the Indenture Trustees; (iv) the Settling Defendants; and (v) all other

parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  In

light of the nature of the relief requested, the Litigation Trustee submits that no further notice

need be given.

WHEREFORE, the Litigation Trustee respectfully requests that the Court enter an order,

in the form submitted herewith, authorizing the Litigation Trustee to enter into the Settlement

Agreement, and granting such other and further relief as the Court may deem just and proper.

Dated: May [__], 2019
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____
Richard S. Cobb (No. 3157)
James S. Green Jr. (No. 4406)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: cobb@lrclaw.com
        green@lrclaw.com

-and-

**AKIN GUMP STRAUSS HAUER
& FELD LLP**
David M. Zensky
Mitchell Hurley
One Bryant Park
New York, New York
Telephone: (212) 872-1000

_Counsel to the Litigation Trustee_

16

# SCHEDULE A TO APPROVAL MOTION

## RELATED MATTERS

| Case Number | Case Name |
| --- | --- |
| 13-CV-3736 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Brian F. Litman |
| 13-CV-3737 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Irene M.F. Sewell |
| 13-CV-3739 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Patrick Shanahan |
| 13-CV-3740 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust with respect to Preserved Causes of Action v. Gary Weitman |
| 13-CV-3741 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Betty Ellen Berlamino |
| 13-CV-3743 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Tom E. Ehlmann |
| 13-CV-3744 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. John F. Poelking |
| 13-CV-3745 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust with respect to Preserved Causes of Action v. Pamela S. Pearson |
| 13-CV-3748 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust with respect to Preserved Causes of Action v. Vincent R. Giannini |
| 13-CV-3750 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Peter A. Knapp |
| 13-CV-3751 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. John R. Hendricks |
| 13-CV-3753 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Gina M. Mazzaferri |

## SCHEDULE B TO APPROVAL MOTION

## SETTLING DEFENDANTS[20]

Betsy D. Holden

Betty Ellen Berlamino

Brian F. Litman

Chandler Bigelow

Crane H. Kenney

Daniel G. Kazan

David D. Williams

David Dean Hiller*

Dennis J. FitzSimons*

Donald C. Grenesko*

Dudley S. Taft

EGI-TRB, LLC

Enrique Hernandez Jr.

Equity Group Investments, LLC

Gary Weitman

Gerald W. Agema

Gina M. Mazzaferri

Harry Amsden

Irene M.F. Sewell

Irving L. Quimby

J. Christopher Reyes

John D. Worthington IV

John E. Reardon*

John F. Poelking

John J. Vitanovec*

John R. Hendricks

Joseph Leonard

Kathleen M. Waltz

Luis E. Lewin*

Mark W. Hianik

Miles D. White

Pamela S. Pearson

Patrick Shanahan

Peter A. Knapp

R. Mark Mallory*

Richard H. Malone

Robert E. Bellack

Robert Gremillion

Robert S. Morrison

Ruthellyn Musil

Sam Investment Trust

Samuel Zell

Scott C. Smith*

Stephen D. Carver

Thomas D. Leach*

Thomas S. Finke

Timothy J. Landon*

Timothy P. Knight*

Tom E. Ehlmann

Vincent R. Giannini

William A. Osborn

---

[20] The asterisk denotes the individual defendants for whom the LBO Clawback Claims, the Incentive Payment Claims and/or the Unjust Enrichment Claims exceed the threshold for which settlement requires Bankruptcy Court approval.

18

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY, et al., (f/k/a Tribune Company), | Case No. 08-13141 (BLS) (Bankr. D. Del.) |
| Reorganized Debtors.[21] | (Jointly Administered) |
| THIS DOCUMENT RELATES TO: | Case No. 11 md 2296 (DLC) (S.D.N.Y.) |
| In re TRIBUNE COMPANY FRAUDULENT CONVEYANCE LITIGATION | Case No. 12 mc 2296 (DLC) (S.D.N.Y.) |
| MARC S. KIRSCHNER, as Litigation Trustee for the TRIBUNE LITIGATION TRUST, | Case No. 12 cv 2652 (DLC) (S.D.N.Y.) |
| Plaintiff, | |
| - against - | |
| DENNIS J. FITZSIMONS, et al., | **Hearing Date: [_____]** |
| Defendants. | **Obj. Deadline: [_____]** |
| *And* | |
| Matters listed on Schedule A | |

**NOTICE OF MOTION**

**TO:**      (i) the United States Trustee; (ii) the Reorganized Debtors; (iii) the Indenture Trustees; (iv) the Settling Defendants; and (v) all other parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002

**PLEASE TAKE NOTICE** that, on May [__], 2019, Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust (the "Litigation Trustee") filed the **Litigation Trustee's Motion for an Order Approving Settlement** (the "Motion"), authorizing entry

---

[21] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); Chicagoland Television News, LLC (1352); and Tribune CNLBC, LLC (0347). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

1

into, and approval of a Settlement Agreement between the Litigation Trustee and those defendants (the "Settling Defendants") listed on the attached Schedule B.

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the Motion must be in writing and filed with the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, and served upon and received by the undersigned counsel **on or before [_____]** (the "Objection Deadline").

A HEARING ON THE MOTION WILL BE HELD ON [_____] BEFORE THE HONORABLE BRENDAN L. SHANNON, UNITED STATES BANKRUPTCY JUDGE, UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 NORTH MARKET STREET, 6TH FLOOR, COURTROOM NO. 1, WILMINGTON, DELAWARE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: May [__], 2019
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____
Richard S. Cobb (No. 3157)
James S. Green Jr. (No. 4406)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: cobb@lrclaw.com
        green@lrclaw.com

-and-

**AKIN GUMP STRAUSS HAUER & FELD LLP**
David M. Zensky
Mitchell Hurley
One Bryant Park
New York, New York
Telephone: (212) 872-1000

*Counsel to the Litigation Trustee*

# SCHEDULE A TO NOTICE OF APPROVAL MOTION

## RELATED MATTERS

| Case Number | Case Name |
|---|---|
| 13-CV-3736 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Brian F. Litman |
| 13-CV-3737 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Irene M.F. Sewell |
| 13-CV-3739 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Patrick Shanahan |
| 13-CV-3740 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust with respect to Preserved Causes of Action v. Gary Weitman |
| 13-CV-3741 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Betty Ellen Berlamino |
| 13-CV-3743 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Tom E. Ehlmann |
| 13-CV-3744 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. John F. Poelking |
| 13-CV-3745 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust with respect to Preserved Causes of Action v. Pamela S. Pearson |
| 13-CV-3748 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust with respect to Preserved Causes of Action v. Vincent R. Giannini |
| 13-CV-3750 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Peter A. Knapp |
| 13-CV-3751 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. John R. Hendricks |
| 13-CV-3753 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Gina M. Mazzaferri |

## SCHEDULE B TO NOTICE OF APPROVAL MOTION

### SETTLING DEFENDANTS

Betsy D. Holden

Betty Ellen Berlamino

Brian F. Litman

Chandler Bigelow

Crane H. Kenney

Daniel G. Kazan

David D. Williams

David Dean Hiller

Dennis J. FitzSimons

Donald C. Grenesko

Dudley S. Taft

EGI-TRB, LLC

Enrique Hernandez Jr.

Equity Group Investments, LLC

Gary Weitman

Gerald W. Agema

Gina M. Mazzaferri

Harry Amsden

Irene M.F. Sewell

Irving L. Quimby

J. Christopher Reyes

John D. Worthington IV

John E. Reardon

John F. Poelking

John J. Vitanovec

John R. Hendricks

Joseph Leonard

Kathleen M. Waltz

Luis E. Lewin

Mark W. Hianik

Miles D. White

Pamela S. Pearson

Patrick Shanahan

Peter A. Knapp

R. Mark Mallory

Richard H. Malone

Robert E. Bellack

Robert Gremillion

Robert S. Morrison

Ruthellyn Musil

Sam Investment Trust

Samuel Zell

Scott C. Smith

Stephen D. Carver

Thomas D. Leach

Thomas S. Finke

Timothy J. Landon

Timothy P. Knight

Tom E. Ehlmann

Vincent R. Giannini

William A. Osborn

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY, <u>et al.</u>, (f/k/a Tribune Company), | Case No. 08-13141 (BLS) (Bankr. D. Del.) |
| Reorganized Debtors.[22] | (Jointly Administered) |
| THIS DOCUMENT RELATES TO: | Case No. 11 md 2296 (DLC) (S.D.N.Y.) |
| In re TRIBUNE COMPANY FRAUDULENT CONVEYANCE LITIGATION | Case No. 12 mc 2296 (DLC) (S.D.N.Y.) |
| MARC S. KIRSCHNER, as Litigation Trustee for the TRIBUNE LITIGATION TRUST, | Case No. 12 cv 2652 (DLC) (S.D.N.Y.) |
| Plaintiff, | |
| - against - | |
| DENNIS J. FITZSIMONS, <u>et al.</u>, | **Hearing Date:** [_____]<br>**Obj. Deadline:** [_____] |
| Defendants. | |
| *And* | |
| Matters listed on Schedule A | |

## <u>ORDER GRANTING LITIGATION TRUSTEE'S MOTION FOR AN ORDER APPROVING SETTLEMENT</u>

The Court, having considered the motion of Marc S. Kirschner, as Litigation Trustee for

---

[22] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); Chicagoland Television News, LLC (1352); and Tribune CNLBC, LLC (0347). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

1

the Tribune Litigation Trust (the "Litigation Trustee" for the "Litigation Trust") for an authorizing entry into, and approval of, that certain Settlement Agreement[23] between, *inter alia,* the Litigation Trustee and certain Settling Defendants (the "Motion"); and this being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, and it appearing that due and sufficient notice of the Motion has been given under the circumstances; and the Court having determined that the relief requested in the Motion is in the best interest of the Litigation Trust, the Litigation Trust beneficiaries, and other parties in interest; it is hereby:

1. ORDERED that the Motion is granted; and it is further

2. ORDERED that the Litigation Trustee is expressly authorized to settle the Settled Claims against the Settling Defendant's on the terms described in the Settlement Agreement; and it is  further

3. ORDERED that the Litigation Trustee is expressly authorized to take all future actions required or permitted by the Settlement Agreement; and it is further

4. ORDERED that the Court retains jurisdiction to enforce the terms of this order.

Dated: _____ 2019            _____.

The HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

---

[23] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2

## SCHEDULE A TO PROPOSED ORDER GRANTING APPROVAL MOTION

## RELATED MATTERS

| Case Number | Case Name |
| --- | --- |
| 13-CV-3736 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Brian F. Litman |
| 13-CV-3737 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Irene M.F. Sewell |
| 13-CV-3739 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Patrick Shanahan |
| 13-CV-3740 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust with respect to Preserved Causes of Action v. Gary Weitman |
| 13-CV-3741 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Betty Ellen Berlamino |
| 13-CV-3743 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Tom E. Ehlmann |
| 13-CV-3744 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. John F. Poelking |
| 13-CV-3745 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust with respect to Preserved Causes of Action v. Pamela S. Pearson |
| 13-CV-3748 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust with respect to Preserved Causes of Action v. Vincent R. Giannini |
| 13-CV-3750 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Peter A. Knapp |
| 13-CV-3751 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. John R. Hendricks |
| 13-CV-3753 (DLC) | Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Gina M. Mazzaferri |

3

**EXECUTION COPY**

**EXHIBIT B TO SETTLEMENT AGREEMENT**

**TEXT OF PROPOSED BAR ORDER**

THIS ORDER implements the agreement of the Settling Parties as set forth in that certain Settlement Agreement dated May __, 2019 (the "Settlement Agreement"). All capitalized terms not otherwise defined herein shall have the meaning set forth in the Settlement Agreement.

IT IS HEREBY ORDERED that all persons and entities who are not Settling Defendants (collectively, the "Barred Persons"), are hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere any claim for non-contractual indemnity or contribution against any of the Released Defendant Parties whether or not denominated as for contribution or indemnity, and whether asserted as a claim, cross-claim, counterclaim, or third-party claim, where the injury to the Barred Person is the liability of the Barred Person to any of the Plaintiffs for any claims they or Tribune brought or brings arising from or out of or relating to Tribune or the LBO ("Barred Claim"). Barred Claims shall not include any claim for non-contractual indemnity or contribution against any Released Defendant Party that is not a Settling Defendant or Settling Defendant Related Person listed on Schedule 4 to the Settlement Agreement, solely in its capacity, if any, as a party who received LBO Proceeds. If a court or tribunal determines that Barred Claims exist that would have given rise to liability of any Released Defendant Party to a Barred Person but for this Bar Order, the Barred Persons are also entitled to the judgment reduction provisions set forth herein; and it is further

ORDERED that this Bar Order is without prejudice to the position of any party as to the existence, in the absence of this Bar Order, of joint liability between a Non-Settling Defendant and a Released Defendant Party as a matter of law, fact or equity or of a Barred Claim; and it is further

ORDERED that in the event any Plaintiff asserts or continues to assert a claim against any Barred Person with respect to the LBO (an "Action"), then, prior to entry of any judgment or arbitration award ("Judgment") in the Action, the Plaintiff shall provide notice of this Bar Order to the court or tribunal hearing the Action. If a defendant in such Action requests a finding that Barred Claims exists, such court or tribunal shall then determine whether the Action gives rise to Barred Claims on which Released Defendant Parties would have been liable to the Barred Persons in the absence of this Bar Order. If the court or tribunal so determines, it shall make all findings necessary to and will reduce any Judgment against such Barred Person in an amount equal to (a) the amount of the Judgment for the joint harm times (b) the aggregate proportionate share of fault (expressed as a percentage) of the Released Defendant Party or Parties that would have been liable to the Barred Person on a Barred Claim in the absence of this Bar Order as compared to the aggregate fault of (i) the Barred Person, (ii) such Released Defendant Party or Parties, and (iii) all other Persons determined by such court or tribunal to be liable to the Plaintiff in connection with the Action, whether or not such Persons are sued in such Action. Plaintiffs reserve all rights to dispute in any current or future case or proceeding or Action any claim by a Barred Person or Persons that such Person or Persons had or has a Barred Claim affected by this

1

Bar Order.  Nothing herein shall prejudice or operate to preclude the right of any defendant in such Action to (i) provide notice of this Bar Order to the court or tribunal hearing the Action at any point, or (ii) raise any issues, claims, or defenses regarding judgment reduction or proportionate share of fault in the court or tribunal hearing the Action at any point in accordance with applicable law or procedure and this Bar Order.  For the avoidance of doubt, nothing herein shall be deemed to entitle a Plaintiff to more than a single satisfaction of the same loss or transfer; and it is further

ORDERED that nothing herein shall prejudice or operate to preclude the rights of any Barred Person to assert any claims or causes of action (including, without limitation, any direct or personal claims or causes of action), other than claims against any Released Defendant Party as set forth above; and it is further

ORDERED that if any Plaintiff enters into a settlement with any Person with respect to one or more causes of action related to the LBO, then such Plaintiff shall make commercially reasonable efforts to include a dismissal, release and waiver by such Person of any Barred Claims with respect to such settlement; and it is further

ORDERED that this Court shall retain continuing jurisdiction with respect to all matters concerning this Bar Order.

## BAR ORDER APPROVAL MOTION

*[enclosed on the following pages]*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: TRIBUNE COMPANY FRAUDULENT CONVEYANCE LITIGATION | Consolidated Multidistrict Action No. 11 MD 2296 (DLC) |
| THIS DOCUMENT RELATES TO:<br><br>MARC S. KIRSCHNER, as Litigation Trustee for the TRIBUNE LITIGATION TRUST,<br>*Plaintiff,*<br>-against-<br><br>DENNIS J. FITZSIMONS, *et al.*,<br>*Defendants.* | No. 12 CV 2652 (DLC) |

## LITIGATION TRUSTEE AND SETTLING DEFENDANTS' JOINT MOTION FOR ENTRY OF A BAR ORDER

Robert J. Lack
Jeffrey R. Wang
FRIEDMAN KAPLAN SEILER &
ADELMAN LLP
7 Times Square
New York, NY 10036
(212) 833-1100

David M. Zensky
Mitchell P. Hurley
AKIN GUMP STRAUSS HAUER
& FELD LLP
One Bryant Park
New York, NY 10036
(212) 872-1000

*Attorneys for Plaintiff Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust*

*[counsel listing continued on following pages]*

David Bradford
Andrew Vail
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
(312) 222-9350

*Attorneys for EGI-TRB, L.L.C., Equity Group Investments, L.LC., Sam Investment Trust, and Samuel Zell*

Lynn H. Murray
David E. Schoenfeld
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive
Chicago, IL 60606
(312) 704-7700

*Attorneys for Harry Amsden, Stephen D. Carver, Dennis J. Fitzsimons, Robert Gremillion, Donald C. Grenesko, David Dean Hiller, Timothy J. Landon, Thomas D. Leach, Luis E. Lewin, R. Mark Mallory, Richard H. Malone, John E. Reardon, Scott C. Smith, John J. Vitanovec, Kathleen M. Waltz, David D. Williams, John F. Poelking, Irene M.F. Sewell, Ruthellyn Musil, Gerald W. Agema, Robert E. Bellack, and Joseph Leonard*

Matthew Kipp
Timothy Frey
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
155 North Wacker Drive
Chicago, IL 60606
(312) 407-0700

Robert Fumerton
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
Four Times Square
New York, NY 10036
(212) 735-3902

*Attorneys for Betsy D. Holden, J. Christopher Reyes, Dudley S. Taft, Enrique Hernandez Jr., Miles D. White, Robert S. Morrison, and William A. Osborn*

Michael Dockterman
STEPTOE & JOHNSON LLP
115 South LaSalle Street, Suite 3100
Chicago, IL 60603
(312) 577-1243

*Attorney for Mark Hianik, Irving Quimby, John D. Worthington IV, Betty Ellen Berlamino, Tom E. Ehlmann, and Peter A. Knapp*

Richard A. Saldinger
LATIMER LeVAY FYOCK LLC
55 W. Monroe Street, Suite 1100
Chicago, IL 60603
(312) 422-8000

*Attorney for Crane Kenney*

Steven C. Florsheim
SPERLING & SLATER, P.C.
55 West Monroe Street, Suite 3200
Chicago, IL 60603
(312) 641-3200

*Attorney for Chandler Bigelow*

Alan Salpeter
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602
(312) 583-2300

*Attorney for Daniel Kazan*

Blake T. Hannafan
HANNAFAN & HANNAFAN, LTD.
One East Wacker Drive, Suite 2800
Chicago, IL 60601
(312) 527-0055

*Attorney for Timothy Knight*

Joseph D. Frank
FRANKGECKER LLP
1327 W. Washington Boulevard
Suite 5G-H
Chicago, IL 60607
(312) 276-1402

*Attorney for Thomas Finke, Brian F. Litman,*
*Patrick Shanahan, Gary Weitman,*
*Pamela S. Pearson, Vincent R. Giannini,*
*John R. Hendricks, and Gina M. Mazzaferri*

May [___], 2019

## PRELIMINARY STATEMENT

This motion for the entry of a bar order (the "Motion") arises from the settlement of claims between Marc S. Kirschner, as Litigation Trustee (the "Litigation Trustee") for the Tribune Litigation Trust (the "Litigation Trust"), the Retiree Plaintiffs,[1] the Noteholder Plaintiffs[2] (collectively, the "Plaintiffs"), and certain named defendants in the above-captioned action (the "Settling Defendants"),[3] pursuant to that certain settlement agreement, dated May [__], 2019 (the "Settlement Agreement"), attached as Exhibit 1 to the accompanying declaration of David M. Zensky, dated May [__], 2019 ("Zensky Decl.").[4]

In accordance with this Court's order, the Plaintiffs and Settling Defendants, along with certain D&O Insurers[5] (collectively with the Plaintiffs and Settling Defendants, the "Settling Parties"), engaged in a vigorous mediation process led by a skilled mediator to resolve claims brought in the action now captioned *Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Dennis J. FitzSimons, et. al.* (the "*FitzSimons* Action"). This process resulted in the Settlement Agreement in which the Settling Defendants and D&O Insurers agreed to pay

---

[1] The "Retiree Plaintiffs" are certain individual retiree plaintiffs of The Times Mirror Company, Tribune Company ("Tribune") and/or one or more of 110 affiliates or subsidiaries of Tribune.

[2] Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for a certain series of Senior Notes issued by Tribune ("DBTCA"), Delaware Trust Company, in its capacity as successor trustee-in-interest to Law Debenture Trust Company of New York for a certain series of Senior Notes issued by Tribune ("Delaware Trust"), and Wilmington Trust Company, in its capacity as successor indenture trustee for a certain series of Exchangeable Subordinated Debentures issued by Tribune and commonly referred to as the PHONES Notes ("Wilmington Trust" and together with DBTCA and Delaware Trust, the "Noteholder Plaintiffs").

[3] The Settling Defendants are identified in the Schedule A to this Motion. They include former officers and directors of Tribune and its subsidiaries, as well as individuals and entities who played roles in the execution of the 2007 leveraged buyout transaction (the "LBO") of Tribune at the center of Plaintiffs' claims.

[4] Unless otherwise specified, all defined terms shall have the same meaning as in the Settlement Agreement. All references to "Bankr. ECF No." refer to the bankruptcy docket, *In re Tribune Media Co.*, No. 08-13141 (BLS) (Bankr. D. Del.). All references to "ECF No." refer to the consolidated multidistrict docket, *In re Tribune Co. Fraudulent Conveyance Litig.*, 11-md-2296 (S.D.N.Y.), unless otherwise specified. "*FitzSimons* 5AC" references are citations to the Fifth Amended Complaint in the *FitzSimons* Action [ECF No. 2701].

[5] The "D&O Insurers" are those insurers listed in Schedule 3 to the Settlement Agreement. *See* Zensky Decl. Ex. 1, Schedule 3.

the Plaintiffs $200 million collectively in exchange for a release from all claims that have been

or could have been brought by Tribune or anyone suing derivatively on its behalf, as set forth in

the Settlement Agreement.[6]

The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy

Court") has approved the Settlement Agreement, as required by the Plan[7] and authorized the

Litigation Trustee to take all action permitted or required by the Settlement Agreement. *See*

Bankr. ECF No. [____]. A term of the Settlement Agreement is that this Court enter an

appropriate order for the protection of the Settling Defendants, barring any claim for non-

contractual indemnity or contribution by any person who is a non-settling defendant based on the

continued assertion of any claim by the Plaintiffs against such non-settling defendant arising out

of the LBO (the "Bar Order").[8] Absent the entry of the Bar Order, the Settling Defendants have

the right to terminate the Settlement Agreement.

Therefore, in order to fully and finally resolve a significant portion of the above-

captioned litigation, the Litigation Trustee and the Settling Defendants respectfully request the

entry of the Bar Order. Courts of this district, including this Court, have routinely recognized

that such orders barring contribution and indemnity claims are an integral part of settlement in

large complex litigation matters, like this one. *See, e.g.*, *In re WorldCom, Inc. Sec. Litig.*, 2005

WL 613107, at *9–11 (S.D.N.Y. Mar. 15, 2005) (Cote, J.).

---

[6] The following summary of terms is merely a summary and not intended to be binding on the parties or to add, subtract, or stand in place of the Settlement Agreement in any way, and in the event of any alleged inconsistency, the Settlement Agreement shall control.

[7] Fourth Amended Joint Plan of Reorganization (July 20, 2012) [Bankr. ECF No. 12072-2] (the "Plan").

[8] A proposed Bar Order is attached as Exhibit B to the Settlement Agreement. *See* Zensky Decl. Ex. 1 at Ex. B.

2

## I.    Factual Background

On December 18, 2008, the United States Trustee for the District of Delaware, pursuant to section 1102 of the Bankruptcy Code, appointed the Official Committee of Unsecured Creditors of Tribune Company (the "Committee") to represent the interests of all unsecured creditors in the debtors' cases [Bankr. ECF No. 101].

By orders dated October 27, 2010 and November 29, 2010 [Bankr. ECF No. 6150, 6657, and 6658], the Bankruptcy Court granted the Committee standing to file and prosecute certain adversary proceedings, including the *FitzSimons* Action.  That action was commenced on November 1, 2010 [Bankr. ECF No. 6202], and sought to recover, *inter alia*, damages for alleged breaches of fiduciary duty, the issuance of unlawful dividends, unjust enrichment, preferences, and fraudulent transfers received by the Settling Defendants in connection with the 2007 Tribune LBO.  The operative complaint is the *FitzSimons* 5AC [ECF No. 2701].

The Committee also commenced certain other actions, including actions against, *inter alia*, Settling Defendants Betty Ellen Berlamino, Tom E. Ehlmann, Vincent R. Giannini, John R. Hendricks, Peter A. Knapp, Brian F. Litman, Gina M. Mazzaferri, Pamela S. Pearson, John F. Poelking, Irene M.F. Sewell, Patrick Shanahan, and Gary Weitman (collectively, the "Tag-Along Defendants") seeking to recover certain incentive payments paid in connection with the LBO (the "Tag-Along Actions").[9]

On March 20, 2012, the JPML lifted its stay of a Conditional Transfer Order (*see* ECF No. 692), thereby transferring the *FitzSimons* Action to this Court for coordinated pretrial proceedings under 28 U.S.C. § 1407 with the independent state-law fraudulent conveyance

---

[9] On May 13, 2013 the United States Judicial Panel on Multidistrict Litigation (the "JPML") issued a Conditional Transfer Order transferring the Tag-Along Actions to this Court for coordinated or consolidated pretrial proceedings with the *FitzSimons* Action pursuant to 28 U.S.C. § 1407.  *See* ECF No. 2532.

claims that had been commenced outside the Bankruptcy Court (together the "Creditor Complaints") by the Retiree Plaintiffs and the Noteholder Plaintiffs (together, the "Creditor Claimants"). *See generally In re Tribune Co. Fraudulent Conveyance Litig.*, No. 11-md-2296 (S.D.N.Y.).

On July 23, 2012, the Bankruptcy Court entered an order [Bankr. ECF No. 12074] confirming the Plan. On December 31, 2012, the Plan became effective. *See* Notice of (I) Effective Date of the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries; and Bar Date for Certain Claims (Dec. 31, 2012) [Bankr. ECF No. 12939].

The Plan established the Litigation Trust and transferred to the Litigation Trust, *inter alia*, all Preserved Causes of Action (as defined in the Plan), including the claims asserted in the *FitzSimons* Action and Tag-Along Actions, to be prosecuted and/or settled at the direction of the Litigation Trustee. *See, e.g.*, Plan §§ 13.1, 13.2, 13.3. During the course of the Tribune bankruptcy certain of the Settling Defendants filed proofs of claim against Tribune or its subsidiaries (together the "D&O Tribune Claims") and liability, if any, on such claims was assigned to the Litigation Trust under the Plan. EGI-TRB also filed claims to collect on a subordinated note issued in connection with the LBO (the "EGI-TRB Claim").

Following transfer to this District Court, the Settling Defendants filed pre-answer motions to dismiss addressed to many of the claims against them, which were fully briefed by mid-2014. *See* Phase Two Motion Protocol, Apr. 24, 2014 [ECF No. 5696]. On December 1, 2018, the *FitzSimons* Action was reassigned from the Honorable Richard J. Sullivan to this Court. *See* Order [ECF No. 7658]. On January 23, 2019, this Court ruled on the Settling Defendants' pre-answer motions to dismiss and ordered the parties to engage in mediation. *See* Order [ECF No. 7739].

4

## II.    The Settlement Agreement

The claims in the *FitzSimons* Action and the Tag-Along Actions all arise out of Tribune's 2007 LBO and subsequent bankruptcy. The claims subject to the Settlement Agreement include claims against certain current and former Tribune officers, directors, employees, subsidiary officers, directors and employees, as well as certain entities with which Sam Zell is affiliated and that were involved in the LBO (the "Zell Entity Defendants") for: (1) breaches of fiduciary duty, aiding and abetting breaches of fiduciary duty and improper dividend claims (the "Fiduciary Duty Claims")[10]; (2) recovery of payments made to various Settling Defendants and Settling Defendant Related Persons[11] in respect of their Tribune shares (the "LBO Proceeds") that the Litigation Trustee alleged were fraudulent conveyances (the "LBO Clawback Claims")[12]; (3) recovery of certain incentive payments received by various Settling Defendants that the Litigation Trustee alleged were preference payments or constructive or actual fraudulent conveyances (the "Incentive Payment Claims")[13]; (4) unjust enrichment against various Settling Defendants (the "Unjust Enrichment Claims")[14]; (5) veil piercing/alter ego, preference, and other miscellaneous claims against Zell and the Zell Entity Defendants ("Zell Claims")[15]; and

---

[10] *See FitzSimons* 5AC, Counts 2, 3, 4, 5, 6, 12, 13.

[11] As defined in the Settlement Agreement.

[12] *See FitzSimons* 5AC, Counts 1, 7.

[13] *See FitzSimons* 5AC, Counts 34, 35; *Kirschner v. Berlamino*, 13-cv-03741 (S.D.N.Y. 2013); *Kirschner v. Ehlmann*, 13-cv-03743 (S.D.N.Y. 2013); *Kirschner v. Giannini*, 13-cv-03748 (S.D.N.Y. 2013); *Kirschner v. Hendricks*, 13-cv-03751 (S.D.N.Y. 2013); *Kirschner v. Knapp*, 13-cv-03750 (S.D.N.Y. 2013); *Kirschner v. Litman*, 13-cv-03736 (S.D.N.Y. 2013); *Kirschner v. Mazzaferri*, 13-cv-03753 (S.D.N.Y. 2013); *Kirschner v. Pearson*, 13-cv-03745 (S.D.N.Y. 2013); *Kirschner v. Poelking*, 13-cv-03744 (S.D.N.Y. 2013); *Kirschner v. Sewell*, 13-cv-03737 (S.D.N.Y. 2013); *Kirschner v. Shanahan*, 13-cv-03739 (S.D.N.Y. 2013); *Kirschner v. Weitman*, 13-cv-03740 (S.D.N.Y. 2013)

[14] *See FitzSimons* 5AC, Count 31.

[15] *See FitzSimons* 5AC, Counts 8, 9, 10, 11, 32.

5

(6) avoidance, disallowance, and/or subordination of the D&O Tribune Claims and EGI-TRB Claim (the "Disallowance Claims")[16].

The Fiduciary Duty Claims, LBO Clawback Claims, Incentive Payment Claims, Unjust Enrichment Claims, Zell Claims, the Disallowance Claims, the D&O Tribune Claims and the EGI-TRB Claim are collectively referred to herein as the "Settled Claims."

In addition to the LBO Clawback Claims brought by the Litigation Trustee, the Creditor Claimants filed the Creditor Complaints—state-law constructive fraudulent transfer complaints seeking to recover LBO Proceeds against several thousand defendants, including from the majority of the Settling Defendants and Settling Defendant Related Persons.

In accordance with this Court's order,[17] the Plaintiffs, the Settling Defendants, and D&O Insurers engaged in a mediation in person before Stephen M. Greenberg, a managing member of Pilgrim Mediation Group, LLC (the "Mediation").  In order to reach a complete settlement with the Settling Defendants, the Creditor Claimants participated in the Mediation and agreed to provide releases to the Settling Defendants, whom they sued to recover LBO Proceeds, in exchange for a portion of the Settlement Payment.

After a multiday, vigorous mediation, the Settling Parties have reached a fair resolution of the Settled Claims, resulting in the disposition of a significant portion of the claims in the instant litigation. On [_____], the Bankruptcy Court approved the Settlement Agreement in its entirety, including the provision requiring the Litigation Trustee and the Settling Defendants to obtain the Bar Order.

---

[16] See FitzSimons 5AC, Counts 33, 36.

[17] See Order [ECF No. 7739] (ordering parties to engage in mediation).

The Bankruptcy Court also previously entered a bar order that is substantially similar to the Bar Order here in connection with the estate's settlement of other claims during the course of Tribune's bankruptcy proceedings, including the settlement of aiding and abetting breach of fiduciary duty and other claims against the banks that arranged and funded the LBO. *See* Plan § 11.3.

The Settlement Agreement contemplates that the Bar Order will be sought from this Court. Accordingly, this Court's action is now required to bring this portion of the *FitzSimons* Action and Tag-Along Actions to a close.

## III.    Argument

As this Court has observed, "if courts could not enter bar orders, partial settlements would be greatly inhibited." *WorldCom*, 2005 WL 613107, at *9. In large complex cases, such as this one, bar orders allow settling defendants a true resolution of their claims. In the words of the Second Circuit:

> If a nonsettling defendant against whom a judgment had been entered were allowed to seek payment from a defendant who had settled, then settlement would not bring the latter much peace of mind. He would remain potentially liable to a nonsettling defendant for an amount by which a judgment against a nonsettling defendant exceeded a nonsettling defendant's proportionate fault. This potential liability would surely diminish the incentive to settle.

*In re Masters Mates & Pilots Pension Plan & IRAP Litig.*, 957 F.2d 1020, 1028 (2d Cir. 1992).

Bar orders protect settling defendants by extinguishing claims against those defendants who have decided to settle with finality, clearing the way for partial settlements. *Nat'l Credit Union Admin. Bd. v. Goldman, Sachs & Co.*, 2015 WL 7871349, at *1 (S.D.N.Y. Dec. 4, 2015) (Cote, J.). This case is precisely the kind in which such an order is appropriate. Here, the

7

Litigation Trustee brought multiple complex claims, involving thousands of defendants, rendering a global settlement with all defendants essentially impossible—the only way to resolve these claims without a trial is through partial settlements. However, as this Court has noted, "anyone foolish enough to settle without barring contribution is courting disaster. They are allowing the total damages from which their ultimate share will be derived to be determined in a trial where they are not even represented." *WorldCom*, 2005 WL 613107, at *9 (quoting *Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989)).

The scope of the Bar Order is appropriate. The Bar Order is intended to protect the Settling Defendants from future litigation by barring, enjoining, and restraining all persons and entities who are not Settling Defendants (the "Barred Persons") from commencing, prosecuting, or asserting in any court or other forum any claim for non-contractual indemnity or contribution against any of the Released Defendant Parties whether or not denominated as a claim for contribution or indemnity, and whether asserted as a claim, cross-claim, counterclaim, or third-party claim, where the injury to the Barred Person is his, her, or its liability to any of the Plaintiffs for any claims they brought or bring arising from or out of or relating to Tribune or the LBO ("Barred Claim").

The Bar Order also protects non-settling defendants through judgment reduction in the amount of any *pro rata* fault in the event that a non-settling defendant and a Settling Defendant are judicially determined to be jointly liable. This means that non-settling defendants are fully compensated for the loss of a Barred Claim (to the extent one exists) by way of reducing their liability to the Plaintiffs in the amount that the Barred Claim would have provided.

Significantly, the Litigation Trustee does not believe that the Barred Persons would have a Barred Claim, and the Bar Order provides that it is without prejudice to the position of any

8

party as to the existence, in the absence of this Bar Order, of joint liability between a non-settling

defendant and a Released Defendant Party as a matter of law, fact, or equity, or of a Barred

Claim.

Therefore, to protect the Settling Defendants and to facilitate settlement, this Court

should enter the Bar Order.

## **CONCLUSION**

WHEREFORE, the Litigation Trustee and the Settling Defendants respectfully request

that the Court enter the Bar Order, in the form submitted herewith, and grant such other and

further relief as the Court may deem just and proper.


Dated: May [__], 2019       /s/_____
New York, New York       **AKIN GUMP STRAUSS HAUER & FELD LLP**
      David M. Zensky
      Mitchell Hurley
      One Bryant Park
      New York, New York 10036
      Telephone: (212) 872-1000

      /s/_____
      **FRIEDMAN KAPLAN SEILER &**
      **ADELMAN LLP**
      Robert J. Lack
      Jeffrey R. Wang
      7 Times Square
      New York, New York 10036
      Telephone: (212) 833-1100

      *Counsel to the Litigation Trustee*

      /s/_____
      **JENNER & BLOCK LLP**
      David Bradford
      Andrew Vail
      353 North Clark Street
      Chicago, Illinois 60654

Telephone: (312) 222-9350

*Counsel to Samuel Zell and the Zell Entity Defendants*

/s/ _____
**SHOOK, HARDY & BACON L.L.P.**
Lynn H. Murray
David E. Schoenfeld
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 704-7700

*Counsel to Harry Amsden, Stephen D. Carver, Dennis J. Fitzsimons, Robert Gremillion, Donald C. Grenesko, David Dean Hiller, Timothy J. Landon, Thomas D. Leach, Luis E. Lewin, R. Mark Mallory, Richard H. Malone, John E. Reardon, Scott C. Smith, John J. Vitanovec, Kathleen M. Waltz, David D. Williams, John F. Poelking, Irene M.F. Sewell, Ruthellyn Musil, Gerald W. Agema, Robert E. Bellack, and Joseph Leonard*

/s/ _____
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP**
Matthew Kipp
Timothy Frey
155 North Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 407-0700

Robert Fumerton
Four Times Square
New York, New York 10036
Telephone: (212) 735-3902

*Counsel to Betsy D. Holden, J. Christopher Reyes, Dudley S. Taft, Enrique Hernandez Jr., Miles D. White, Robert S. Morrison, and William A. Osborn*

/s/ _____
**STEPTOE & JOHNSON LLP**
Michael Dockterman
115 South LaSalle Street, Suite 3100
Chicago, Illinois 60603

10

Telephone: (312) 577-1243

*Counsel to Mark Hianik, Irving Quimby, John D. Worthington IV, Betty Ellen Berlamino, Tom E. Ehlmann, and Peter A. Knapp*

/s/_____
**LATIMER LeVAY FYOCK LLC**
Richard A. Saldinger
55 W. Monroe Street, Suite 1100
Chicago, Illinois 60603
Telephone: (312) 422-8000

*Counsel to Crane Kenney*

/s/_____
**SPERLING & SLATER, P.C.**
Steven C. Florsheim
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
Telephone: (312) 641-3200

*Counsel to Chandler Bigelow*

/s/_____
**ARNOLD & PORTER KAYE SCHOLER LLP**
Alan Salpeter
70 West Madison Street, Suite 4200
Chicago, Illinois 60602
Telephone: (312) 583-2300

*Counsel to Daniel Kazan*

/s/_____
**HANNAFAN & HANNAFAN, LTD.**
Blake T. Hannafan
One East Wacker Drive, Suite 2800
Chicago, Illinois 60601
Telephone: (312) 527-0055

*Counsel to Timothy Knight*

11

/s/ _____

**FRANKGECKER LLP**
Joseph D. Frank
1327 W. Washington Boulevard
Suite 5G-H
Chicago, Illinois 60607
Telephone: (312) 276-1402

*Counsel to Thomas Finke, Brian F. Litman, Patrick Shanahan, Gary Weitman, Pamela S. Pearson, Vincent R. Giannini, John R Hendricks, And Gina M. Mazzaferri*

12

## SCHEDULE A TO BAR ORDER MOTION

## <u>SETTLING DEFENDANTS</u>

| | |
|---|---|
| Betsy D. Holden | Joseph Leonard |
| Betty Ellen Berlamino | Kathleen M. Waltz |
| Brian F. Litman | Luis E. Lewin |
| Chandler Bigelow | Mark W. Hianik |
| Crane H. Kenney | Miles D. White |
| Daniel G. Kazan | Pamela S. Pearson |
| David D. Williams | Patrick Shanahan |
| David Dean Hiller | Peter A. Knapp |
| Dennis J. FitzSimons | R. Mark Mallory |
| Donald C. Grenesko | Richard H. Malone |
| Dudley S. Taft | Robert E. Bellack |
| EGI-TRB, LLC | Robert Gremillion |
| Enrique Hernandez Jr. | Robert S. Morrison |
| Equity Group Investments, LLC | Ruthellyn Musil |
| Gary Weitman | Sam Investment Trust |
| Gerald W. Agema | Samuel Zell |
| Gina M. Mazzaferri | Scott C. Smith |
| Harry Amsden | Stephen D. Carver |
| Irene M.F. Sewell | Thomas D. Leach |
| Irving L. Quimby | Thomas S. Finke |
| J. Christopher Reyes | Timothy J. Landon |
| John D. Worthington IV | Timothy P. Knight |
| John E. Reardon | Tom E. Ehlmann |
| John F. Poelking | Vincent R. Giannini |
| John J. Vitanovec | William A. Osborn |
| John R. Hendricks | |