# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY, et al. (f/k/a Tribune Company), | Case No. 08-13141 (BLS) (Bankr. D. Del.) |
| Reorganized Debtors. | (Jointly Administered) |
| THIS DOCUMENT RELATES TO: | Case No. 11 md 2296 (DLC) (S.D.N.Y.) |
| In re TRIBUNE COMPANY FRAUDULENT CONVEYANCE LITIGATION | Case No. 12 mc 2296 (DLC) (S.D.N.Y.) |
| MARC S. KIRSCHNER, as Litigation Trustee for the TRIBUNE LITIGATION TRUST, | Case No. 12 cv 2652 (DLC) (S.D.N.Y.) |
| Plaintiff, | |
| - against - | |
| DENNIS J. FITZSIMONS, et al., | **Hearing Date: July 11, 2019, at 9:30 a.m.** |
| Defendants. | |

## LIMITED OBJECTION OF GREATBANC TRUST COMPANY TO LITIGATION TRUSTEE'S MOTION FOR AN ORDER APPROVING SETTLEMENT

GreatBanc Trust Company ("GreatBanc"), by and through its undersigned counsel, submits this Limited Objection to the Litigation Trustee's Motion for an Order Approving Settlement ("Limited Objection").

1

## **BACKGROUND**

1. In the Litigation Trustee's Motion for an Order Approving Settlement (Doc. No. 14537; the "Settlement Motion"), the Litigation Trustee seeks this Court's approval of that certain Settlement Agreement dated May 16, 2019. (*See* the Settlement Motion, at ¶ 21).[1]

2. As previewed by the Litigation Trustee in the Settlement Motion, the Litigation Trustee, jointly with the Settling Defendants, filed a "Notice of Litigation Trustee and Settling Defendants' Joint Motion for Entry of a Bar Order" in the *FitzSimons* Action (which, together with its accompanying memorandum, supporting declaration, and documents attached thereto, is the "Bar Motion"). (*See* the Settlement Motion, at ¶ 22(D); Notice of Bar Motion, Jun. 4, 2019 [MDL D.I. 8054]).

3. GreatBanc was a party to the *FitzSimons* Action until the Honorable Denise L. Cote, through an order dated January 23, 2019, dismissed all pending claims against GreatBanc and certain other former defendants. *See In re Tribune Co. Fraudulent Conveyance Litig.*, No. 11-md-2296 (DLC), 2019 WL 294807, at *33 (S.D.N.Y. Jan. 23, 2019). In furtherance of that dismissal, the *FitzSimons* Action court entered final judgment as to such dismissed claims. *See* the *FitzSimons* Action court's order, Jun. 13, 2019 [MDL D.I. 8075].

4. Nevertheless, the Litigation Trustee and the Settling Defendants seek, through the Bar Motion, a Bar Order that would bar "all persons and entities who are not Settling Defendants" from asserting non-contractual indemnity or contribution claims against the Settling Defendants. (*See* Doc. No. 14537-3, at 65). As GreatBanc is not a Settling Defendant, the Litigation Trustee purportedly seeks to affect GreatBanc's rights by seeking the entry of the Bar Order.

---

[1] Unless otherwise specified, all capitalized terms shall have the same meaning as in the Settlement Motion. As in the Settlement Motion, all references to "MDL D.I." refer to the docket in the consolidated multidistrict action, *In re Tribune Co. Fraudulent Conveyance Litig.*, No. 11-md-2296 (S.D.N.Y.), unless otherwise specified.

5.  GreatBanc has filed a letter in the *FitzSimons* Action court, which seeks confirmation from Judge Cote that GreatBanc would not be bound by the Bar Order and need not brief any opposition to the Bar Motion. (*See* letter of Roger H. Stetson, Jun. 14, 2019 [MDL D.I. 8078]). Subject to the *FitzSimons* Action court's orders, GreatBanc may file other and further documents in the *FitzSimons* Action court articulating its opposition and objections to the entry of any Bar Order that would seek to bind GreatBanc or affect its rights. (Collectively, the above-referenced letter and other documents that GreatBanc may file are its "Objections").

6.  Briefing on the Bar Motion is due to be completed by July 9, 2019. *See* the *FitzSimons* Action court's order, Jun. 6, 2019 [MDL D.I. 8065]. This Court has scheduled a hearing on the Settlement Motion for July 11, 2019. (Doc. No. 14539).

### THIS COURT'S RESOLUTION OF THE SETTLEMENT MOTION SHOULD NOT PREJUDICE GREATBANC'S OBJECTIONS

7.  As the Settlement Motion makes clear, the Litigation Trustee is not seeking any relief from this Court with respect to the Settlement Agreement at this time other than authorizing the Litigation Trustee to enter into the Settlement Agreement. (Settlement Motion at ¶ 21; prayer for relief at 15.) Similarly, the Settlement Motion does not explicitly ask this Court to opine on or otherwise endorse the Bar Order. The Litigation Trustee and the Settling Defendants have instead identified the *FitzSimons* Action court as the appropriate forum for any proceedings on the Bar Order by filing the Bar Motion there.[2]

8.  There is no reason, based on the foregoing, for this Court to enter an order that would in any way affect, let alone prejudice, GreatBanc's Objections to the Bar Motion.

9.  Nonetheless, the Litigation Trustee has identified the entry of the Bar Order as a condition to the Settlement Agreement. (*See* the Settlement Motion, at ¶ 22(D)). In addition,

---

[2] GreatBanc reserves the right to make any objections before this Court, and to make any filings in this Court, in connection with any relief that the Litigation Trustee may seek from this Court regarding the Bar Order.

3

because this Court's hearing on the Settlement Motion comes only two days after the briefing on the Bar Motion will be complete, it is plausible that this Court will resolve the Settlement Motion before the *FitzSimons* Action court resolves the Bar Motion.

10. Therefore, in the interest of clarity, GreatBanc respectfully requests that in resolving the Settlement Motion, this Court specify that its order does not in any way prejudice GreatBanc's Objections to the Bar Motion.

11. For the avoidance of doubt, this Limited Objection: i) does not object to the granting of the Settlement Motion; and ii) does not ask this Court to resolve or otherwise opine on the Bar Motion or GreatBanc's Objections.

## **LIMITED OBJECTION**

12. For the reasons set forth above, GreatBanc files this Limited Objection to ensure that nothing in this Court's order resolving the Settlement Motion would affect, let alone prejudice, GreatBanc's Objections to the Bar Motion.

13. GreatBanc respectfully requests that this Court include, in any order resolving the Settlement Motion, language to the effect of, "Nothing in this Order shall affect the proceedings in the *FitzSimons* Action court with respect to the Settling Parties' motion therein for entry of a bar order, and nothing in this Order shall prejudice or be construed as affecting or precluding any objections or response filed by GreatBanc in connection with any motion for entry of a bar order."

WHEREFORE, GreatBanc Trust Company respectfully requests that this Court grant the Limited Objection and such further relief that is just and proper.

Dated: June 17, 2019                               Respectfully submitted,

/s/ Nathan Q. Rugg
Nathan Q. Rugg
(Illinois State Bar No. 6272969)
William J. Barrett
(Illinois State Bar No. 6206424)

...

Roger H. Stetson
(Illinois State Bar No. 6279862)
Barack Ferrazzano Kirschbaum
 & Nagelberg LLP
200 West Madison Street, Suite 3900
Chicago, IL 60606
Telephone:	(312) 984-3100
Facsimile:	(312) 984-3150
nathan.rugg@bfkn.com
william.barrett@bfkn.com
roger.stetson@bfkn.com

*Attorneys for GreatBanc Trust Company*

## **CERTIFICATE OF SERVICE**

I, Nathan Q. Rugg, an attorney, hereby certify that on June 17, 2019, a true and correct copy of the foregoing **LIMITED OBJECTION OF GREATBANC TRUST COMPANY TO LITIGATION TRUSTEE'S MOTION FOR AN ORDER APPROVING SETTLEMENT**, was duly served on the following parties via electronic mail transmission before 4:00 p.m. (ET).

Richard S. Cobb
James S. Green
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
E-mail: cobb@lrclaw.com
E-mail: green@lrclaw.com

David M. Zensky
Mitchell Hurley
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
E-mail: dzensky@akingump.com
E-mail: mhurley@akingump.com

> */s/ Nathan Q. Rugg*
> Nathan Q. Rugg

1638109v1