# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE MEDIA COMPANY, et al.,[1]<br>(f/k/a Tribune Company),<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 08-13141 (BLS)<br><br>Jointly Administered<br>Related to Docket No. 14552 |

## AGREED CONFIDENTIALITY ORDER

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1) **Scope.** All materials produced or adduced in the course of discovery, responses to discovery requests and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware and the Federal Rules of Bankruptcy Procedure on matters of procedure and calculation of time periods.

2) **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party. Information or documents that are available to the public may not be designated as Confidential Information.

3) **Designation.**

    a) A party may designate a document as Confidential Information for

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); Chicagoland Television News, LLC (1352); and Tribune CNLBC, LLC (0347). The corporate headquarters and the mailing address for each entity listed above is 515 North State Street, Chicago, Illinois 60654.

protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked.

b)  The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this order.

4)  **Protection of Confidential Material.**

a)  General Protections. Confidential Information shall be kept confidential by the receiving party, and shall not be used, disclosed, relied upon, cited, made public, or otherwise publicized by the receiving party, its counsel, or any other persons identified in subparagraph (b), for any purpose whatsoever other than in connection with this litigation, including any appeal thereof.

b)  Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(5). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

2

1) Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

2) Parties. Individual parties and employees of a party <u>but only to the extent</u> counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the Confidential Information is disclosed;

3) The Court and its personnel;

4) Court Reporters and Recorders; and

5) Others by Consent. Other persons <u>only</u> by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

5) **Control of Documents.** The parties hereto shall take reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Such efforts shall include, but are not limited to, maintaining all copies of Confidential Information in a place and manner to ensure that such information can be viewed or obtained only by those persons authorized to view such Confidential Information pursuant to Paragraph 4.

6) **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7) **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or

3

hearing in connection with this litigation.

8) **Obligations on Conclusion of Litigation.**

a) Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

b) Obligations at Conclusion of Litigation. Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; or (2) the parties agree to destruction to the extent practicable in lieu of return. If parties agree to destruction, the receiving party shall certify to the producing party that it has destroyed all copies of any Confidential Information it received from a producing party.

9) **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**WE SO MOVE and agree to abide by the terms of this Order by its terms.**

Dated: June 24, 2019

TRIBUNE MEDIA COMPANY

*/s/ [signature]*

SIDLEY AUSTIN LLP
Kenneth P. Kansa
Amy C. Andrews
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

DAVIS WRIGHT TREMAINE LLP
Nathan Siegel
1919 Pennsylvania Ave. NW
Washington D.C. 20006
Telephone: (202) 973-4200

- and -

COLE SCHOTZ P.C.
J. Kate Stickles
500 Delaware Avenue
Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

ROBERT HENKE

*/s/ Robert Henke*

*So Ordered.*

Dated: June 25, 2019

Honorable Brendan L. Shannon
United States Bankruptcy Judge