## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY, et al., (f/k/a Tribune Company), | Case No. 08-13141 (BLS) (Bankr. D. Del.) |
| | (Jointly Administered) |
| Reorganized Debtors.[1] | |
| THIS DOCUMENT RELATES TO: | Case No. 11 md 2296 (DLC) (S.D.N.Y.) |
| In re TRIBUNE COMPANY FRAUDULENT CONVEYANCE LITIGATION | Case No. 12 mc 2296 (DLC) (S.D.N.Y.) |
| MARC S. KIRSCHNER, as Litigation Trustee for the TRIBUNE LITIGATION TRUST, | Case No. 12 cv 2652 (DLC) (S.D.N.Y.) |
| Plaintiff, | |
| - against - | |
| DENNIS J. FITZSIMONS, et al., | **Hearing Date: TBD**<br>**Obj. Deadline: September 3, 2019 at 4:00 p.m. (ET)** |
| Defendants. | |

## LITIGATION TRUSTEE'S MOTION FOR AN ORDER APPROVING
## SETTLEMENT WITH GREATBANC TRUST COMPANY

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); Chicagoland Television News, LLC (1352); and Tribune CNLBC, LLC (0347). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

Marc S. Kirschner, as Litigation Trustee (the "Litigation Trustee")[2] for the Tribune Litigation Trust (the "Litigation Trust" or the "Trust"), by and through his undersigned counsel, respectfully moves this Court for entry of an order, substantially in the form submitted herewith, authorizing the Litigation Trustee to settle his claims against GreatBanc Trust Company ("GreatBanc") in the above-captioned adversary proceedings, previously pending in the United States District Court for the Southern District of New York (the "District Court"), pursuant to a proposed settlement agreement entered into between the Litigation Trustee and GreatBanc (the "Settlement"). In support of this motion, the Litigation Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 105(a) and 1142, which jurisdiction was retained pursuant to Article IX of the Confirmation Order and Article XII of the Plan. This motion is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are Section 13.3.3 of the Plan and Bankruptcy Rule 9019.

## BACKGROUND

2.      On December 18, 2008, the United States Trustee for the District of Delaware, pursuant to section 1102 of the Bankruptcy Code, appointed the Official Committee of

---

[2] Unless otherwise specified, all defined terms shall have the same meaning as in the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (as modified July 19, 2012, the "Plan") [Bankr. D.I. 12072-2], entered by an order of the Court dated July 23, 2012 [Bankr. D.I. 12074] (the "Confirmation Order"). All references to "Bankr. D.I." refer to the docket in the above-captioned action, *In re Tribune Media Co.*, No. 08-13141 (BLS) (Bankr. D. Del.). All references to "MDL D.I." refer to the docket in the consolidated multidistrict action, *In re Tribune Co. Fraudulent Conveyance Litig.*, No. 11-md-2296 (S.D.N.Y.), unless otherwise specified.

1661600.v2

Unsecured Creditors of Tribune Company (the "Committee") to represent the interests of all unsecured creditors in the Debtors' cases [Bankr. D.I. 101].

3.    By orders dated October 27, 2010 and November 29, 2010 [Bankr. D.I. 6150, 6657, and 6658], this Court granted the Committee standing to file and prosecute certain adversary proceedings, including the action now captioned *Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Dennis J. FitzSimons, et. al.* (the "*FitzSimons* Action"). That action was commenced on November 1, 2010 [Bankr. D.I. 6202], and sought to recover, *inter alia*, damages for alleged breaches of fiduciary duty, aiding and abetting said breaches, the issuance of unlawful dividends, unjust enrichment, preferences, and fraudulent transfers received in connection with the 2007 leveraged buyout (the "LBO") of Tribune Company ("Tribune"). The operative complaint is the Fifth Amended Complaint [MDL D.I. 2701] ("*FitzSimons* 5AC").

4.    The *FitzSimons* 5AC alleges that GreatBanc served as the trustee of the employee stock ownership plan created in connection with the LBO, and asserts causes of action against GreatBanc for aiding and abetting breaches of fiduciary duty and for unjust enrichment. *FitzSimons* 5AC ¶¶ 87, 530-38, 608-12.  The *FitzSimons* 5AC did not specify an amount of damages caused by or sought from GreatBanc on these claims.

5.    On March 20, 2012, the Judicial Panel on Multidistrict Litigation lifted its stay of a Conditional Transfer Order [MDL D.I. 692], thereby transferring the *FitzSimons* Action to the District Court for coordinated pretrial proceedings under 28 U.S.C. § 1407, with certain other actions commenced by individual creditors of Tribune.

6.    On July 23, 2012, this Court entered an order [Bankr. D.I. 12074] confirming the Plan, which became effective on December 31, 2012 [Bankr. D.I. 12939].

3

7.      The Plan established the Litigation Trust and transferred to the Litigation Trust, *inter alia*, all Preserved Causes of Action (as defined in the Plan), including the claims asserted in the *FitzSimons* Action, to be prosecuted and/or settled at the direction of the Litigation Trustee. *See, e.g.*, Plan §§ 13.1, 13.2, 13.3. The Plan provides that the Litigation Trustee must obtain "Bankruptcy Court authority" in order to settle any affirmative Preserved Causes of Action where the "stated face amount in controversy exceeds $5,000,000." *Id.* § 13.3.3.

8.      On December 1, 2018, the *FitzSimons* Action was reassigned from the Honorable Richard J. Sullivan to the Honorable Denise L. Cote. *See* Order [MDL D.I. 7658]. On January 23, 2019, Judge Cote granted in full GreatBanc's motion to dismiss. *In re Tribune Co. Fraudulent Conveyance Litig.*, No. 11-2296, 2019 WL 294807 (S.D.N.Y. Jan. 23, 2019). The Trustee has since filed a notice of appeal, though no briefs have been filed and no briefing schedule set.

9.      On January 23, 2019, Judge Cote also ordered the Litigation Trustee and all defendants with claims still pending against them to engage in mediation. *See* Order [MDL D.I. 7739]. The mediation resulted in a settlement entered into on May 16, 2019 that resolved all remaining claims against many of the other captioned defendants in the *FitzSimons* Action, including the claims against most of the former directors and officers of Tribune (the "D&O Settlement"). This Court approved the D&O Settlement on July 2, 2019 and the District Court granted a joint motion of the parties to enter a bar order in furtherance of that settlement on July 12, 2019 [MDL D.I. 8109].

10.      GreatBanc was not party to the mediation directed by the District Court, as the Litigation Trustee's claims against it were previously dismissed. *See* Declaration of Robert J. Lack in Support of the Litigation Trustee's Motion for an Order Approving Settlement with

4

GreatBanc Trust Company, dated August 19, 2019 ("Lack Decl."), ¶ 4.  After the D&O Settlement was entered into and approved, the Litigation Trustee engaged in negotiations with GreatBanc.  *Id.*  The negotiations were adversarial and at arms' length, and the final terms of the GreatBanc Settlement were agreed to only after multiple rounds of settlement demands and offers had been exchanged between the two sides.  *Id.*

11.     The settlement that is the subject of this motion (the "GreatBanc Settlement") will release the claims against GreatBanc in exchange for valuable consideration to the Litigation Trustee.  Pursuant to the GreatBanc Settlement, *inter alia*, GreatBanc will make (or cause to be made on its behalf) a settlement payment within 20 business days of the last of (a) a final non-appealable order by this Court approving the GreatBanc Settlement, and (b) a final and non-appealable order by the District Court approving a bar order as to GreatBanc.  *Id.* ¶ 5.  In addition, GreatBanc will cooperate in scheduling a deposition if its testimony is requested in connection with claims against other parties.  *Id.*  Once the GreatBanc Settlement is approved, the bar order issued, and the payment made, the releases in the GreatBanc Settlement will become effective and the Litigation Trustee will dismiss his appeal.  *Id.*

12.     A redacted copy of the settlement agreement for the GreatBanc Settlement (the "Settlement Agreement") is attached to the Lack Declaration as Exhibit 1.  The financial terms of the GreatBanc Settlement are confidential between the parties, and, per the Litigation Trustee's motion to seal filed concurrently with this motion, the Litigation Trustee requests that the amount of the settlement payment be redacted from the publicly filed version of the Settlement Agreement.

### RELIEF REQUESTED

13.    The Litigation Trustee respectfully requests that the Court enter an order substantially in the form appended hereto as Exhibit A approving the GreatBanc Settlement.

### BASIS FOR RELIEF

14.    The Court has discretion to approve settlements after notice and a hearing. *See Myers v. Martin (In re Martin)*, 91 F.3d 389, 394 & n.2 (3d Cir. 1996). The procedure for approving a settlement in bankruptcy is set forth by Bankruptcy Rule 9019, which provides, in relevant part:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

15.    In determining whether to approve a settlement pursuant to Rule 9019, a bankruptcy court is required to "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Martin*, 91 F.3d at 393. Bankruptcy courts consider four criteria in applying this balancing test: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Id.* (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968)); *In re Northwestern Corp.*, No. 03-12872, 2008 WL 2704341, at *6 (Bankr. D. Del. July 10, 2008). (applying this test). Ultimately, the court's determination assesses whether the compromise embodied in the settlement "is fair, reasonable, and in the interest of the estate." *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1977). However, the Court "need not decide the numerous

6

questions of law or fact raised by litigation, but rather should canvas the issues to determine whether the settlement falls above the lowest point in the range of reasonableness." *In re Capmark Fin. Grp. Inc.*, 438 B.R. 471, 515 (Bankr. D. Del. 2010). Ultimately, "the court does not have to be convinced that the settlement is the best possible compromise." *In re World Health Alts., Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006) (internal citations omitted).

16.     Here, the Plan does not specify what standard the Court should use in determining whether to authorize the Litigation Trustee to settle a claim where the stated amount is in excess of $5,000,000; rather it simply requires Bankruptcy Court authority. *See* Plan § 13.3.3. The Litigation Trustee has previously entered into four other settlements that also required Bankruptcy Court approval due to the size of the claims settled; in each case this Court approved the settlements. [Bankr. D.I. 14262, 14394, 14457, 14565.]

17.     Even applying a Rule 9019 analysis, the GreatBanc Settlement merits approval given that at the present time the Litigation Trustee's claims against GreatBanc have been dismissed and the payment is significant.  Any future ability to recover at all would require a successful appeal of the District Court's January 23, 2019 ruling, as well as success in defeating any potential summary judgment motion and then prevailing at trial.  The appeal itself could take years.  In addition, if the appeal is successful, discovery, motion practice, and trial could take additional years.  To be sure, the Litigation Trustee is confident of his legal position in all respects, but given the complexity, uncertainty of outcome, lengthy time period required for collection of settlement payments following trial and exhaustion of all appeals, and substantial cash payment, it cannot be argued that the settlement is unwarranted. Courts generally defer to a trustee's business judgment where there is a legitimate business justification for the trustee's decision, and the Court should do so here. *Martin*, 91 F.3d at 393.

7

## NO PRIOR REQUEST

18.    No previous request for the relief requested in this Motion has been made in this or any court.

## NOTICE

19.    Notice of this Motion has been provided to (i) the United States Trustee; (ii) the Reorganized Debtors; (iii) the Indenture Trustees; (iv) GreatBanc; and (v) all other parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Litigation Trustee submits that no further notice need be given.

WHEREFORE, the Litigation Trustee respectfully requests that the Court enter an order, in the form submitted herewith, authorizing the Litigation Trustee to enter into the GreatBanc Settlement, and granting such other and further relief as the Court may deem just and proper.

Dated: August 19, 2019
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

Richard S. Cobb (No. 3157)
James S. Green Jr. (No. 4406)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450
Email: cobb@lrclaw.com
      green@lrclaw.com

-and-

**FRIEDMAN KAPLAN SEILER &
ADELMAN LLP**
Robert J. Lack
Jeffrey R. Wang
7 Times Square
New York, New York 10036-6516
Telephone: (212) 833-1100
Facsimile: (212) 833-1250
 Email: rlack@fklaw.com
        jwang@fklaw.com

-and-

**AKIN GUMP STRAUSS HAUER & FELD LLP**
David M. Zensky
Mitchell Hurley
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile:  (212) 872-1002
Email: dzensky@akingump.com
        mhurley@akingrump.com

*Co-Counsel to the Litigation Trustee*

9