## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY, et al., (f/k/a Tribune Company), | Case No. 08-13141 (BLS) (Bankr. D. Del.) |
| Reorganized Debtors.[1] | (Jointly Administered) |
| THIS DOCUMENT RELATES TO | Case No. 11 md 2296 (DLC) (S.D.N.Y.) |
| In re: TRIBUNE COMPANY FRAUDULENT CONVEYANCE LITIGATION | Case No. 12 mc 2296 (DLC) (S.D.N.Y.) |
| MARC S. KIRSCHNER, as Litigation Trustee for the TRIBUNE LITIGATION TRUST, | Case No. 12 cv 2652 (DLC) (S.D.N.Y.) |
| Plaintiff, | |
| - against - | |
| DENNIS J. FITZSIMONS, et al., | |
| Defendants. | |

## DECLARATION OF ROBERT J. LACK IN SUPPORT OF THE LITIGATION TRUSTEE'S MOTIONS FOR ORDERS (1) APPROVING SETTLEMENT WITH GREATBANC TRUST COMPANY AND (2) TO SEAL MOTION FOR AN ORDER APPROVING SETTLEMENT

ROBERT J. LACK, an attorney in good standing, duly licensed to practice law before the

courts of the State of New York, hereby affirms under the penalty of perjury as follows:

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); Chicagoland Television News, LLC (1352); and Tribune CNLBC, LLC (0347). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

1.      I am a partner at Friedman Kaplan Seiler & Adelman LLP, co-counsel to Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust (the "Litigation Trustee"), and submit this declaration in support of the Litigation Trustee's motions for entry of orders (1) authorizing the Litigation Trustee to settle his claims against GreatBanc Trust Company ("GreatBanc") in the above-captioned adversary proceeding, presently pending in the United States District Court for the Southern District of New York (the "District Court"), pursuant to that certain Settlement Agreement, dated July 11, 2019 and described below; and (2) sealing the papers in support of the Motion.[2]

2.      I submit this declaration based upon my own personal knowledge and belief, and upon my review of court documents, business records, and other information available to me as co-counsel to the Litigation Trustee.

3.      On January 23, 2019, the District Court ordered the Litigation Trustee and all defendants with claims still pending against them to engage in mediation. *See* Order [MDL D.I. 7739]. The mediation resulted in a settlement entered into on May 16, 2019 that resolved all remaining claims against many of the other captioned defendants in the *FitzSimons* Action, including the claims against most of the former directors and officers of Tribune (the "D&O Settlement"). This Court approved the D&O Settlement on July 2, 2019 and the District Court granted a joint motion of the parties to enter a bar order in furtherance of that settlement on July 12, 2019 [MDL D.I. 8109].

4.      GreatBanc was not party to the mediation directed by the District Court, as the Litigation Trustee's claims against it were previously dismissed. After the D&O Settlement was entered into and approved, the Litigation Trustee engaged in settlement negotiations with

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Litigation Trustee's Motion for an Order Approving Settlement with GreatBanc Trust Company (the "Motion").

GreatBanc involving numerous telephone conversations and emails. The negotiations were adversarial and at arms' length, and the final terms of a settlement between the Litigation Trustee and GreatBanc were agreed to only after multiple rounds of settlement demands and offers had been exchanged between the two sides.

5.      The settlement that is the subject of this motion (the "GreatBanc Settlement") will release the claims against GreatBanc in exchange for valuable consideration to the Litigation Trustee. Pursuant to the GreatBanc Settlement, *inter alia*, GreatBanc will make (or cause to be made on its behalf) a settlement payment within 20 business days of the last of (a) a final non-appealable order by this Court approving the GreatBanc Settlement, and (b) a final and non-appealable order by the District Court approving a bar order as to GreatBanc. In addition, GreatBanc will cooperate in scheduling a deposition if its testimony is requested in connection with claims against other parties. Once the GreatBanc Settlement is approved, the bar order issued, and the payment made, the releases in the GreatBanc Settlement will become effective and the Litigation Trustee will dismiss his pending appeal of the dismissal of his claims against GreatBanc.

6.      A redacted copy of the settlement agreement for the GreatBanc Settlement (the "Settlement Agreement") is attached hereto as Exhibit 1. The financial terms of the GreatBanc Settlement are confidential between the parties. Public disclosure of the settlement amount could potentially prejudice the Litigation Trustee in future settlement negotiations with the remaining defendants. Although the Litigation Trustee and GreatBanc have agreed that the financial terms may be disclosed to this Court, the District Court, and the U.S. Trustee, *see id.* ¶ 6(a), the Litigation Trustee requests that the Court authorize the redaction of the amount of the settlement payment from the publicly filed version of the Settlement Agreement. This procedure

3

was used in this Court's approval of an earlier settlement involving another defendant. *See*

Bankr. D.I. 14383-84, 14394-95.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 19, 2019.

Robert J. Lack

# EXHIBIT 1

[REDACTED]

## **SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release ("Agreement") is entered into as of July 11, 2019 by and between Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust (the "Litigation Trustee") established under the Litigation Trust Agreement in connection with the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (the "Plan"), confirmed by order of the Bankruptcy Court dated July 23, 2012, and GreatBanc Trust Company ("GreatBanc," and together with the Litigation Trustee, the "Parties").

### **Recitals**

WHEREAS, GreatBanc was named as a defendant in Counts 1, 19, and 31 of the Fifth Amended Complaint (the "Complaint") filed by the Litigation Trustee in *Kirschner v. FitzSimons*, No. 12-CV-2652 (DLC), pending in the U.S. District Court for the Southern District of New York (the "District Court"); and

WHEREAS, Count 1 was dismissed as against GreatBanc by stipulation of the Parties on September 22, 2015, and Counts 19 and 31 were dismissed as against GreatBanc by the District Court by order entered January 23, 2019 and judgment entered on June 13, 2019; and

WHEREAS, the dismissal of Counts 19 and 31 as against GreatBanc are currently subject to appeal; and

WHEREAS, the Litigation Trustee filed a motion with the U.S. Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") for approval of a settlement between the Litigation Trustee and various other defendants (the "Settling Defendants") in the *FitzSimons* action (the "D&O Settlement"), which settlement was approved by the Bankruptcy Court on July 2, 2019; and

WHEREAS, in connection with the D&O Settlement, the Litigation Trustee and the Settling Defendants on June 4, 2019 filed a joint motion in the District Court seeking the entry of a bar order (the "Bar Order Motion"), and

WHEREAS, on June 25, 2019, GreatBanc filed a memorandum of law in opposition to the Bar Order Motion (the "Objection"); and

WHEREAS, the Litigation Trustee and the Settling Defendants have prepared a revised form of bar order that has been shared with GreatBanc; and

WHEREAS, the Litigation Trustee, GreatBanc, and GreatBanc's insurers have agreed to settle the Litigation Trustee's claims against GreatBanc in the *FitzSimons* action, and to resolve the Objection, on the terms and conditions set forth herein, in order to avoid the expense and uncertainty of litigation and without admitting the validity of the other's claims or defenses;

NOW, THEREFORE, in consideration of the mutual promises, covenants, and agreements set forth herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties covenant and agree as follows:

1.    Recitals. The above Recitals are incorporated herein. The Parties acknowledge that the "Whereas" clauses set forth above are only intended to generally summarize, and do not constitute a full recitation of all facts, positions, claims, defenses, or procedural developments relevant to the litigation or characterizations of the same.

2.    Withdrawal of Objection. No later than 2 p.m. Eastern time on July 12, 2019, GreatBanc shall file with the District Court a notice withdrawing the Objection. GreatBanc agrees not to oppose any request that the revised bar order sought in the Bar Order Motion be made a final judgment, and agrees not to challenge or appeal any resulting bar order or judgment. Subject to judicial approval of the Agreement, GreatBanc agrees not to oppose any other motion to approve any settlements with other defendants, and agrees not to oppose any motion seeking entry in connection with such settlements of a bar order that is similar to the bar order sought in or entered as a result of the Bar Order Motion. In the event that the Agreement is not approved by any court, GreatBanc's agreements under this paragraph 2 will be of no further force or effect, and the Litigation Trustee agrees not to oppose (a) reinstatement of GreatBanc's Objection, including, without limitation, pursuant to a motion under Federal Rule of Civil Procedure 59 or 60; (b) GreatBanc's filing of any opposition to any proposed bar order; or (c) GreatBanc's filing of any challenge to, or appeal of, any bar order or any judgment that bars claims; *provided*, that the Litigation Trustee retains the right to oppose such Objection, opposition, challenge, or appeal on the merits if reinstated or filed.

3.    Payment to Litigation Trustee. GreatBanc shall pay to the Litigation Trustee ▮ ▮▮▮▮▮▮▮▮▮▮▮▮ (the "GreatBanc Settlement Payment"), which shall be paid by one or more checks and/or wire transfers, using the following payment instructions:

> *If payment by check:*
> Payable to: Prime Clerk Tribune Settlement Account
> Sent to:
> Evolve Bank & Trust: Trust Services
> Attn: Crystal McMahan
> 6070 Poplar Avenue, Suite 100
> Memphis, TN 38119
>
> *If payment by wire:*
> Beneficiary Bank: Evolve Bank and Trust
> ABA: 084106768
> Account Number: ▮▮▮▮0664
> Beneficiary Name: Prime Clerk Tribune Settlement Account

The GreatBanc Settlement Payment shall not be deemed received until ▮▮▮▮▮▮▮ is paid pursuant to the above instructions and all such funds have cleared. The GreatBanc Settlement Payment must be received by the recipient within 20 business days of the last of (a) a final non-appealable order by the Bankruptcy Court approving this Agreement; (b) a final and non-appealable order by the District Court (or if such Court declines jurisdiction, the United States District Court for the District of Delaware) approving a bar order, as further described in paragraph 6 below; and (c) GreatBanc's receipt of one or more Forms W-9 for the GreatBanc Settlement Payment recipient.

4.    Releases.  Upon receipt of the GreatBanc Settlement Payment in full, the following releases shall be deemed effective:

a.    The Litigation Trustee releases and covenants not to sue GreatBanc, GreatBanc's insurers and reinsurers, persons or entities currently or formerly affiliated with GreatBanc, assignees, agents, and representatives of GreatBanc, and trusts, savings and stock ownership plan accounts or vehicles owned or funded by GreatBanc or in which GreatBanc has a beneficial interest, for all claims the Litigation Trustee or Tribune brought or could have brought arising from or out of or relating to Tribune or Tribune's 2007 leveraged buyout (the "LBO") and all claims that could have been brought by Tribune, its subsidiaries, or by anyone suing derivatively on its behalf, of whatever kind or nature, whether known or unknown, suspected or unsuspected, asserted or unasserted, arising at law, in equity or otherwise, fixed or contingent, liquidated or unliquidated.  The releases set forth in this paragraph 4.a are conditioned on the releasees' adopting and agreeing to the release of GreatBanc's claims set forth in paragraph 4.b below.  The Litigation Trustee confirms that the releases set forth in this paragraph 4.a are intended to protect GreatBanc from any or any further liability or claims relating to Tribune or the LBO, and that he shall not assert new claims against GreatBanc for acts released by this paragraph 4.a.  Notwithstanding the above, the Parties agree that the releases with respect to GreatBanc's insurers and reinsurers are limited to the claims being released against GreatBanc and not intended to release the insurers or reinsurers with respect to any other insureds.

b.    GreatBanc releases and covenants not to sue (i) the Litigation Trustee, (ii) all trusts and entities controlled by the Litigation Trustee, and (iii) the holders of interests in the Litigation Trust, for all claims of whatever kind or nature, whether known or unknown, suspected or unsuspected, asserted or unasserted, arising at law, in equity or otherwise, fixed or contingent, liquidated or unliquidated, that GreatBanc brought or could have brought arising from or out of or relating to Tribune or the LBO, including but not limited to, any actual or threatened Rule 11 or any other sanctions motions.  The foregoing release includes, but is not limited to, the withdrawal of any and all claims by GreatBanc against the Tribune Debtors' estates, the Litigation Trust, or the Litigation Trustee.  The withdrawal of all such claims shall be deemed to have occurred, without further action, upon the releases in this paragraph 4.b becoming effective.

c.    In the event that GreatBanc becomes aware that the Litigation Trustee has asserted or will assert a claim arising out of or relating to Tribune or the LBO against any trust or any savings or stock ownership plan account or vehicle owned or funded, in whole or in part, by GreatBanc, GreatBanc may notify the Litigation Trustee's counsel of its interest in the entity.  In the event such trust, savings or stock ownership plan account or vehicle makes a payment to the Litigation Trustee arising out of such claim, the Litigation Trustee and GreatBanc shall use best efforts to identify and implement a reasonably practical means of determining the portion of actual loss, if any, derivatively incurred by GreatBanc on account of such payment, and the Litigation Trustee will refund to GreatBanc the amount of agreed-upon loss.  Any dispute arising under this paragraph 4.c. will be resolved by the Bankruptcy Court or, if the

3

Bankruptcy Court lacks jurisdiction, by a federal or state court in New York County, New York.

d.  Notwithstanding paragraphs 4.a, 4.b, and 4.c above, the releases set forth in paragraphs 4.a and 4.b, and the provisions of paragraph 4.c, exclude in all respects any person or entity named as an actual or putative defendant (other than GreatBanc) in the Complaint or the proposed Sixth Amended Complaint in the *FitzSimons* action.

e.  No Party is releasing any right to enforce this Agreement.

f.  The Parties acknowledge that the releases set forth above encompass claims that may not be known to or suspected by them at the time this Agreement is made.  The Parties expressly agree to such releases and waive any and all rights they may have under Section 1542 of the California Civil Code and any other law of similar effect in any jurisdiction.

5.  <u>Waiver of Subrogation and Contribution</u>.  GreatBanc hereby releases, waives, and covenants not to sue for any subrogation recoveries or for contribution or indemnification from any person or source for all or part of the GreatBanc Settlement Payment or any fees or expenses incurred in defense of any of the litigation matters settled hereunder.  This paragraph 5 shall not apply to or otherwise affect any claims of GreatBanc against its insurers for the payment of the GreatBanc Settlement Payment or the payment of attorneys' fees and costs incurred in the defense of the claims settled hereunder.  GreatBanc further acknowledges the bar order set forth in the Plan.

6.  <u>Court Approval and Bar Order</u>.

a.  As required by the Litigation Trust Agreement, the Litigation Trustee shall file in the Bankruptcy Court a motion (the "<u>Approval Motion</u>") to approve this settlement substantially in the form of the motion made to approve the D&O Settlement.  This Agreement may be filed with the Approval Motion with a request that the GreatBanc Settlement Payment be redacted and disclosed only to the Bankruptcy Court, the District Court, and the U.S. Trustee.  Until the Approval Motion is filed, the Parties shall not disclose either the fact or the amount of this settlement to anyone other than their officers, directors, Litigation Trust Advisory Board members or beneficiaries, counsel, insurers, regulators, or auditors, or as required by law, and shall not at any time publicize the fact or the amount of the settlement through the press or other media.  GreatBanc agrees to support the Approval Motion and appear at any hearing or conference that may be scheduled in respect of the Approval Motion.

b.  The Litigation Trustee and GreatBanc shall jointly file in the District Court a motion to issue a bar order substantially in the form requested by the Bar Order Motion (or substantially in the same form as the order the District Court may approve in connection with the Settling Defendants) for the protection of GreatBanc from any claim for non-contractual indemnity or contribution by any person based on the continued assertion of any claim by the Litigation Trustee

4

against such person arising out of the LBO.  If any objections are received to the motion to issue a bar order, the Litigation Trustee and GreatBanc shall jointly file a response or reply if permitted by the court, *provided that* the Litigation Trustee shall be responsible for preparing the response or reply.

c.  In the event the District Court does not enter the requested bar order for any reason or the Litigation Trustee does not move the District Court to do so for any reason, the Litigation Trustee shall request that the Bankruptcy Court issue proposed findings of fact and conclusions of law granting the bar order, and then ask the U.S. District Court for the District of Delaware to affirm those proposed findings of fact and conclusions of law, and thereby grant the bar order.  If both the District Court and the U.S. District Court for the District of Delaware decline to enter the bar order and such declination orders are final and non-appealable, GreatBanc shall have the option to declare this Agreement to be null and void (except for paragraph 2) within 10 business days of such orders becoming final and non-appealable.

d.  To the extent any court declines to enforce the bar order for any reason, the Litigation Trustee agrees that its release of GreatBanc hereunder provides for a reduction, to the extent of the pro rata share of GreatBanc, of the Litigation Trustee's damages recoverable against any non-settling defendant that is adjudicated to be a joint tortfeasor with GreatBanc, and accordingly the Litigation Trustee will reduce any claim against any non-settling defendant by the greater of (a) the GreatBanc Settlement Payment, or (b) the amount, if any, that reflects GreatBanc's pro rata share of liability as a joint tortfeasor with the non-settling defendant, as determined by the trier of fact for the claim against the non-settling defendant.  For the avoidance of doubt, this Agreement is not and shall not be deemed or construed to be an admission or evidence that GreatBanc is a joint tortfeasor with any non-settling defendant or that GreatBanc shares any liability with any non-settling defendant.  Further, this Agreement does not prohibit either the Litigation Trustee or GreatBanc from making arguments regarding (x) whether GreatBanc is a joint tortfeasor with any non-settling defendant, and (y) whether GreatBanc shares liability with any non-settling defendant, and if so, GreatBanc's pro rata share of such liability.

7.    Dismissal of Claims.  Within 10 business days of the releases in paragraph 4 becoming effective, the Litigation Trustee (a) shall file in the District Court notices of dismissal of all claims against GreatBanc with prejudice and without costs or attorneys' fees to any party; or (b) to the extent the *FitzSimons* case is then before the Court of Appeals, shall file a notice or motion to dismiss his appeal regarding his claims against GreatBanc.

8.    GreatBanc Cooperation with Future Depositions.  GreatBanc agrees that, should its deposition be requested in connection with any non-settled claims against other defendants, it hereby authorizes its counsel to accept service of a subpoena, will provide truthful testimony, and will make reasonable efforts to cooperate in scheduling such deposition to last up to one full day.  The Parties agree to meet and confer if the Litigation Trustee or any defendants contend a second day is reasonably needed for such deposition.

9.    Notices.  Any notices or communications relating to this Agreement or depositions contemplated in paragraph 8 above shall be in writing and sent by overnight mail and email to the Parties through counsel as listed below.  Any Party may change its address for notices and communications by supplying all Parties with new contact information:

    a.   Litigation Trustee

        Marc S. Kirschner
        Kirschner Consulting Company
        1120 Park Avenue, Suite 18A
        New York, NY 10128

        Friedman Kaplan Seiler & Adelman LLP
        7 Times Square
        New York, NY 10036-6516
        Attn: Robert J. Lack and Jeffrey R. Wang
        rlack@fklaw.com
        jwang@fklaw.com

    b.   GreatBanc

        GreatBanc Trust Company
        801 Warrenville Road, Suite 500
        Lisle, IL 60532
        Attn:  Julie Govreau, Senior Vice President & General Counsel
        jgovreau@greatbanctrust.com

        Barack Ferrazzano Kirschbaum & Nagelberg LLP
        200 W. Madison St., Suite 3900
        Chicago, IL 60606
        Attn: Roger H. Stetson and Jack O. Snyder, Jr.
        roger.stetson@bfkn.com
        jack.snyder@bfkn.com

10.    No Admission.  This Agreement is being made with no admission of liability or wrongdoing or of the merits of any claim or defense.  This Agreement, and any and all negotiations, documents and discussion associated with it, is not and shall not be deemed or construed to be an admission, adjudication or evidence of any fault, violation of any statute or law, or of any liability or wrongdoing by GreatBanc.  Further, the Bar Order Motion and the Objection are the subject of a bona fide dispute of law, and this Agreement is not and shall not be deemed or construed to be an admission, adjudication or evidence of the Bar Order Motion's or the Objection's merit or lack of merit.

11.    Rules of Construction.  When necessary herein, all terms used in the singular shall apply to the plural, and vice versa, and all terms used in the masculine shall apply to the neuter and feminine genders, and vice versa.  Unless the context of this Agreement clearly requires

6

otherwise: (a) "or" has the inclusive meaning frequently identified with the phrase "and/or"; (b) "including" has the inclusive meaning frequently identified with the phrase "including but not limited to" or "including without limitation"; and (c) references to "hereunder," "herein," "or "hereof" relate to this Agreement as a whole.

12.    Entire Agreement.  This Agreement constitutes the entire agreement of the Parties with respect to the subject matter contained herein, and supersedes all prior and contemporaneous negotiations and agreements, oral or written.  No representations, oral or written, are being relied upon by any party in executing this Agreement other than the express representations contained in this Agreement.  There are no restrictions, agreements, promises, warranties, covenants, or undertakings between the parties with respect to the subject matter herein other than those expressly set forth herein.

13.    Governing Law and Forum.  This Agreement shall be governed by the laws of the State of New York without reference to rules governing conflicts of law.  The Parties agree that any legal action arising out of or in connection with this Agreement shall be brought in federal court in New York County, New York (or if such court lacks jurisdiction, in state court in such county), and each party accepts and submits himself or itself to the jurisdiction of such court with respect to any such action.

14.    Drafting.  The Parties jointly drafted this Agreement.  Any rule of law or any other statute or legal decision or common law principle that would require interpretation of any term or alleged ambiguity in this Agreement against the person or entity who drafted this Agreement is of no application and hereby is expressly waived and disclaimed and may not be utilized or relied upon by any of the Parties.

15.    Successors and Assigns.  This Agreement shall be binding on the Parties and their heirs, administrators, successors, and assigns.

16.    No Modification.  This Agreement may not be altered, modified, or amended except by written instrument signed by the Parties.

17.    Execution and Counterparts.  The Parties agree that (a) this Agreement may be executed in multiple counterparts, each of which shall be deemed to be and have the same force and effect of an original, and all of which taken together shall constitute and be construed as a single, binding instrument; and (b) a photocopied or PDF-scanned signature on this Agreement shall be as good as an original signature.  The Parties agree that this Agreement may be executed by counsel to each individual Party, with the effect of binding such Party to the Agreement.

18.    Authority.  The undersigned Counsel who are signatories to this Agreement represent and warrant that they have all necessary authority to execute this Agreement on behalf of their listed client and to bind that client to its terms.  Each Party represents and warrants that: (a) he or it has obtained all necessary approvals or authorizations required to consummate the covenants, releases, and conditions of this Agreement and to effectuate the resolution of all of the claims which are the subject of this Agreement (subject to court approval, pursuant to paragraph 6), and (b) he or it has not and will not make any assignment or transfer of any of the

7

claims to be released by that Party pursuant to this Agreement unless any such assignee or transferee agrees in writing to be bound in all respects by this Agreement.

*[The remainder of this page is left blank; signature page follows.]*

ACCEPTED AND AGREED TO:

MARC S. KIRSCHNER, AS LITIGATION
TRUSTEE FOR THE TRIBUNE
LITIGATION TRUST

GREATBANC TRUST COMPANY

_Marc S. Kirschner_

By: _____

Kirschner Consulting Company
1120 Park Avenue, Suite 18A
New York, NY 10128
mskirschner@kirschnerconsulting.com

Julie Govreau
Senior Vice President & General Counsel
jgovreau@greatbanctrust.com
GreatBanc Trust Company
801 Warrenville Road, Suite 500
Lisle, IL 60532

Signature Page to Settlement Agreement and Release

ACCEPTED AND AGREED TO:

MARC S. KIRSCHNER, AS LITIGATION          GREATBANC TRUST COMPANY
TRUSTEE FOR THE TRIBUNE
LITIGATION TRUST


By: _____
_____

Kirschner Consulting Company               Julie Govreau
1120 Park Avenue, Suite 18A               Senior Vice President & General Counsel
New York, NY 10128                        jgovreau@greatbanctrust.com
mskirschner@kirschnerconsulting.com       GreatBanc Trust Company
                                          801 Warrenville Road, Suite 500
                                          Lisle, IL 60532

Signature Page to Settlement Agreement and Release