# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY, et al., (f/k/a Tribune Company), | Case No. 08-13141 (BLS) (Bankr. D. Del.) |
| Reorganized Debtors.[1] | (Jointly Administered) |
| THIS DOCUMENT RELATES TO: | Case No. 11 md 2296 (DLC) (S.D.N.Y.) |
| In re TRIBUNE COMPANY FRAUDULENT CONVEYANCE LITIGATION | Case No. 12 mc 2296 (DLC) (S.D.N.Y.) |
| MARC S. KIRSCHNER, as Litigation Trustee for the TRIBUNE LITIGATION TRUST, <br><br> Plaintiff, <br><br> - against - <br><br> DENNIS J. FITZSIMONS, et al., <br><br> Defendants. | Case No. 12 cv 2652 (DLC) (S.D.N.Y.) <br><br><br> **Hearing Date: TBD** <br> **Obj. Deadline: September 3, 2019 at 4:00 p.m. (ET)** |

## MOTION OF LITIGATION TRUSTEE TO SEAL MOTION
## FOR AN ORDER APPROVING SETTLEMENT

1. Marc S. Kirschner, as Litigation Trustee (the "Litigation Trustee") for the Tribune Litigation Trust (the "Litigation Trust"), respectfully requests, pursuant to 11 U.S.C. §§ 105 and 107 and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), that this Court permit the

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); Chicagoland Television News, LLC (1352); and Tribune CNLBC, LLC (0347). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

1661601.v2

filing under seal of confidential portions of a settlement agreement as attached to the Litigation Trustee's motion (the "Settlement Motion") authorizing the Litigation Trustee to settle his claims against GreatBanc Trust Company ("GreatBanc"), presently pending in the United States District Court for the Southern District of New York (the "District Court"), and supported by the declaration of Robert J. Lack in support of the Settlement Motion ("Lack Decl.") (together, the "Settlement Filings").

2. Contemporaneously with the filing of this motion, the Litigation Trustee is filing the Settlement Filings with limited proposed redactions. The Settlement Filings seek Court approval for the settlement of claims by the Litigation Trustee against a defendant pursuant to § 13.3.3 of the Plan.[2] As further described in the Settlement Motion, the settlement agreement with GreatBanc (the "Settlement Agreement") contains financial terms that the parties to the settlement have agreed to keep confidential, the disclosure of which could potentially prejudice the Litigation Trustee in future settlement negotiations with the remaining defendants. The redactions in the Settlement Agreement are narrowly tailored and limited to the amount of the settlement. In support of this motion, the Litigation Trustee respectfully represents as follows:

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 105(a) and 1142, and this Court's Order Confirming the Fourth Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Bankr. D.I. 12074], at § IX.A. This Motion is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

1661601.v2

## RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

4. On December 18, 2008, the United States Trustee for the District of Delaware, pursuant to section 1102 of the Bankruptcy Code, appointed the Official Committee of Unsecured Creditors of Tribune Company (the "Committee") to represent the interests of all unsecured creditors in the Debtors' cases [Bankr. D.I. 101].

5. By orders dated October 27, 2010 and November 29, 2010 [Bankr. D.I. 6150, 6657, and 6658], this Court granted the Committee standing to file and prosecute certain adversary proceedings, including the action now captioned Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Dennis J. FitzSimons, et. al. (the "*FitzSimons* Action"). That action was commenced on November 1, 2010 [Bankr. D.I. 6202], and sought to recover, *inter alia*, damages for alleged breaches of fiduciary duty, aiding and abetting said breaches, the issuance of unlawful dividends, unjust enrichment, preferences, and fraudulent transfers received in connection with the 2007 leveraged buyout (the "LBO") of Tribune Company ("Tribune"). The operative complaint is the Fifth Amended Complaint [MDL D.I. 2701] ("*FitzSimons* 5AC").

6. The *FitzSimons* 5AC alleges that GreatBanc served as the trustee of the employee stock ownership plan created in connection with the LBO, and asserts causes of action against GreatBanc for aiding and abetting breaches of fiduciary duty and for unjust enrichment. *FitzSimons* 5AC ¶¶ 87, 530-38, 608-12. The *FitzSimons* 5AC did not specify an amount of damages caused by or sought from GreatBanc on these claims.

7. On March 20, 2012, the Judicial Panel on Multidistrict Litigation lifted its stay of a Conditional Transfer Order [MDL D.I. 692], thereby transferring the *FitzSimons* Action to the

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement Motion.

3

1661601.v2

District Court for coordinated pretrial proceedings under 28 U.S.C. § 1407, with certain other actions commenced by individual creditors of Tribune.

8. On July 23, 2012, this Court entered an order [Bankr. D.I. 12074] confirming the Plan, which became effective on December 31, 2012 [Bankr. D.I. 12939].

9. The Plan established the Litigation Trust and transferred to the Litigation Trust, *inter alia*, all Preserved Causes of Action (as defined in the Plan), including the claims asserted in the *FitzSimons* Action, to be prosecuted and/or settled at the direction of the Litigation Trustee. *See, e.g.*, Plan §§ 13.1, 13.2, 13.3. The Plan provides that the Litigation Trustee must obtain "Bankruptcy Court authority" in order to settle any affirmative Preserved Causes of Action where the "stated face amount in controversy exceeds $5,000,000." *Id.* § 13.3.3.

10. On December 1, 2018, the *FitzSimons* Action was reassigned from the Honorable Richard J. Sullivan to the Honorable Denise L. Cote. *See* Order [MDL D.I. 7658]. On January 23, 2019, Judge Cote granted in full GreatBanc's motion to dismiss. *In re Tribune Co. Fraudulent Conveyance Litig.*, No. 11-2296, 2019 WL 294807 (S.D.N.Y. Jan. 23, 2019). The Trustee has since filed a notice of appeal, though no briefs have been filed and no briefing schedule set.

11. On January 23, 2019, Judge Cote also ordered the Litigation Trustee and all defendants with claims still pending against them to engage in mediation. *See* Order [MDL D.I. 7739]. The mediation resulted in a settlement entered into on May 16, 2019 that resolved all remaining claims against many of the other captioned defendants in the *FitzSimons* Action, including the claims against most of the former directors and officers of Tribune (the "D&O Settlement"). This Court approved the D&O Settlement on July 2, 2019 and the District Court

1661601.v2

granted a joint motion of the parties to enter a bar order in furtherance of that settlement on July 12, 2019 [MDL D.I. 8109].

12. GreatBanc was not party to the mediation directed by the District Court, as the Litigation Trustee's claims against it were previously dismissed. *See* Lack Decl. ¶ 4. After the D&O Settlement was entered into and approved, the Litigation Trustee engaged in negotiations with GreatBanc. *Id.* The negotiations were adversarial and at arms' length, and the final terms of the GreatBanc Settlement were agreed to only after multiple rounds of settlement demands and offers had been exchanged between the two sides. *Id.*

13. The settlement that is the subject of this motion (the "GreatBanc Settlement") will release the claims against GreatBanc in exchange for valuable consideration to the Litigation Trustee. Pursuant to the GreatBanc Settlement, *inter alia*, GreatBanc will make (or cause to be made on its behalf) a settlement payment within 20 business days of the last of (a) a final non-appealable order by this Court approving the GreatBanc Settlement, and (b) a final and non-appealable order by the District Court approving a bar order as to GreatBanc. *Id.* ¶ 5. In addition, GreatBanc will cooperate in scheduling a deposition if its testimony is requested in connection with claims against other parties. *Id.* Once the GreatBanc Settlement is approved, the bar order issued, and the payment made, the releases in the GreatBanc Settlement will become effective and the Litigation Trustee will dismiss his appeal. *Id.*

## REQUESTED RELIEF

14. By this Motion, the Litigation Trustee respectfully requests that the Court enter an order authorizing it to file the Settlement Filings under seal.

## BASIS FOR REQUESTED RELIEF

15. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from the potential harm that may result from a

public disclosure of certain types of confidential information. This section provides, in relevant part, that "[o]n request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title." 11 U.S.C. § 107(b). Bankruptcy Rule 9018 further permits the Court, on a motion or upon its own initiative, to "make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. Local Rule 9018-1(b) further provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(b).

16. Unlike Rule 26(c) of the Federal Rules of Civil Procedure, Bankruptcy Code Section 107(b) does not require a demonstration of "good cause." Rather, if the material sought to be protected satisfies one of the categories identified in Section 107(b), "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).

17. A redacted copy of the Settlement Agreement for the GreatBanc Settlement is attached to the Lack Declaration as Exhibit 1. The financial terms of the GreatBanc Settlement are confidential between the parties, and the Litigation Trustee requests that the amount of the settlement payment be redacted from the publicly filed version of the Settlement Agreement and disclosed only to this Court, the District Court, and the U.S. Trustee. *See id.* ¶ 6 & Ex. 1, ¶ 6(a). This procedure was used in this Court's approval of an earlier settlement involving another defendant, *see* Bankr. D.I. 14383-84, 14394-95, and, as noted above, is both authorized and

1661601.v2

required by the provisions of 11 U.S.C. § 107(b) and Fed. R. Bankr. P. 9018 that protect confidential commercial information. Here, the redaction of the amount of the GreatBanc Settlement also is necessary to protect the Litigation Trustee's negotiating position in potential future settlement negotiations with other defendants in the FitzSimons Action that have not settled.

18.   In short, the Settlement Agreement contains information that is confidential. Based on the Litigation Trustee and GreatBanc's desire not to disclose such protected information, the Litigation Trustee requests that the Court enter an order authorizing the Litigation Trustee to file the Settlement Filings under seal and in redacted form on the Court's docket. The redactions are narrow in scope and do not impede the ability of the Court to conclude that the settlement is fair and reasonable. The Litigation Trustee asserts that the relief requested herein is in the best interest of the Litigation Trust, the Trust beneficiaries, and other parties in interest.

## NOTICE AND NO PREVIOUS REQUEST

19.   Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) all parties having requested notice in the Reorganized Debtors' chapter 11 cases pursuant to Bankruptcy Rule 2002; and (iii) GreatBanc.

20.   No previous request for the relief sought in this Motion has been made to this or to any other Court.

WHEREFORE, the Litigation Trustee respectfully requests that this Court enter an order granting the relief requested herein and grant the Litigation Trustee such other and further relief as is just and proper.

Dated: August 19, 2019
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Richard S. Cobb*
_____
Richard S. Cobb (No. 3157)
James S. Green Jr. (No. 4406)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: cobb@lrclaw.com
      green@lrclaw.com

-and-

**FRIEDMAN KAPLAN SEILER & ADELMAN LLP**
Robert J. Lack
Jeffrey R. Wang
7 Times Square
New York, New York 10036-6516
Telephone: (212) 833-1100
Facsimile: (212) 833-1250
Email: rlack@fklaw.com
      jwang@fklaw.com

-and-

**AKIN GUMP STRAUSS HAUER & FELD LLP**
David M. Zensky
Mitchell Hurley
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: dzensky@akingump.com
      mhurley@akingrump.com

*Co-Counsel to the Litigation Trustee*