# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

TRIBUNE MEDIA COMPANY, *et al.*,

*Reorganized Debtors.*

Chapter 11 Cases
Bankruptcy Case No. 08-13141 (BLS)
Jointly Administered
**Related Docket No. 14605**

## ORDER APPROVING STIPULATED SCHEDULING ORDER
## ON CONTESTED MATTER

Upon consideration of the Certification of Counsel Regarding Order Approving Stipulated Scheduling Order on Contested Matter (the "Certification");[1] and this Court having determined that proper and adequate notice has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby:

ORDERED, ADJUDGED AND DECREED THAT:

1.      The Stipulated Scheduling Order attached hereto as Exhibit A is approved.

2.      This Court shall retain jurisdiction to resolve any disputes arising under the Stipulated Scheduling Order or this Order.

**Dated: October 31st, 2019**
**Wilmington, Delaware**

BRENDAN L. SHANNON
**UNITED STATES BANKRUPTCY JUDGE**

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Certification.

# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:

TRIBUNE MEDIA COMPANY, *et al.*,

*Reorganized Debtors.*

Chapter 11 Cases
Bankruptcy Case No. 08-13141 (BLS)
Jointly Administered

## STIPULATED SCHEDULING ORDER

This Stipulated Scheduling Order, dated October 30, 2019, is entered into by and between Wilmington Trust Company ("WTC"), in its capacity as Successor Trustee pursuant to an indenture dated April 1, 1999, executed by the Tribune Company, and Tribune Media Company, et al. ("Tribune" and, together with WTC, the "Parties").

WHEREAS, on March 18, 2013, Tribune filed a redacted version of the *Reorganized Debtors' Objection to the Class 1F Other Parent Claim Asserted by Wilmington Trust Company* [Docket No. 13338]; and on March 28, 2013, WTC filed the *Wilmington Trust Company's Opposition to Reorganized Debtors' Objection to Class 1F Other Parent Claim Asserted by Wilmington Trust Company* [Docket No. 13397] (the "WTC Opposition"); and on April 1, 2013, Tribune filed an redacted version of the *Reorganized Debtors' Objection to the Class 1F Other Parent Claim Asserted by Wilmington Trust Company* [Docket No. 13402-1] (the "1F Claim Objection"); and on April 22, 2013, Tribune filed the *Reorganized Debtors' Reply in Support of Objection to Class 1F Other Parent Claim Asserted by Wilmington Trust Company* [Docket No. 13463] (the "Tribune Reply"); and on June 26, 2013, the Court entered an *Amended Order Appointing Mediator Regarding Contested Fee Matters* [Docket No. 13642]; and on December 19, 2014, the Parties filed the *Mediator's Report and Recommendation* [Docket No. 14010-1]; and on January 20, 2015, WTC filed its *Limited Objection to the Mediator's Report and Recommendation and Brief in Further Support of its Opposition to Reorganized Debtors' Objection to Class 1F*

1

*Other Parent Claim Asserted by Wilmington Trust Company* [Docket No. 14028] (the "WTC Mediator Objection"); and on February 20, 2015, Tribune filed the *Reply of the Reorganized Debtors to Wilmington Trust Company's Limited Objection to the Mediator's Report and Recommendation* [Docket No. 14046] (the "Tribune Mediator Reply"). All of the foregoing is defined as the "Original Briefing" for purposes of this Stipulation and Scheduling Order.

WHEREAS, the Parties submitted declarations and conducted document and deposition discovery in connection with the Original Briefing.

WHEREAS, on November 19, 2015, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") issued a memorandum and order sustaining the 1F Claim Objection [Docket Nos. 14166 and 14167] (collectively, the "Fee Order").

WHEREAS, WTC appealed the Fee Order, and on November 26, 2018, the United States District Court for the District of Delaware (the "District Court") entered an order reversing the Fee Order and remanding a portion of the dispute to the Bankruptcy Court (the "District Court Order").

WHEREAS, on October 16, 2019, the Bankruptcy Court held a telephonic status conference to discuss a briefing schedule regarding the issues remaining on remand, and directed the Parties to confer regarding the issues remaining for the Bankruptcy Court to decide related to the 1F Claim Objection (the "Remand Issues"), and to produce a list of such Remand Issues to the Bankruptcy Court;

WHEREAS, the complete list of the Remand Issues is as follows:

a. Whether WTC is entitled to an unsecured claim for professional fees it has not paid and for which Tribune claims that WTC is not liable;[1]

b. Whether, and the extent to which, the fees that are the subject of WTC's unsecured claim are reasonable in light of the prudent person standard, the "economics of the situation,"

---

[1] 1F Claim Objection at 1-2, 8-11, 16-19 and related declaration; WTC Opposition at 6-7, 22-31 and Exhibit 1 and related declarations; Tribune Reply at 1-2, 8-13; Tribune Mediator Reply at 2-3, 23-26 and Exhibit A.

and the facts and circumstances of the Tribune bankruptcy case and the nature of the invoices submitted by WTC;[2]

c.   Whether WTC's claim properly included the professional fees of Mesirow Financial Consulting, LLC;[3] and

d.   Whether WTC is entitled to an unsecured claim for professional fees incurred after the effective date of Tribune's plan of reorganization.[4]

WHEREAS, the Parties have agreed, subject to approval by the Court, on the following schedule and stipulations in connection with the 1F Claim Objection.

NOW, THEREFORE, the Parties hereby AGREE AND STIPULATE to the following:

1.    The Court will consider the Remand Issues on the schedule set forth below.  In connection with the Remand Issues, each Party may rely on the Original Briefing and supporting materials submitted in support of or opposition to the 1F Claim Objection or file a new brief and additional evidentiary materials regarding the Remand Issues (collectively, the "Submission Materials"); *provided, however*, that the Submission Materials shall not include any evidentiary material that was not (a) previously filed with the Court in connection with the 1F Claim Objection, (b) produced in connection with prior discovery relating to the 1F Claim Objection, or (c) the subject of prior deposition testimony in connection with the 1F Claim Objection;

2.    On or before November 26, 2019, WTC will file its Submission Materials;

3.    On or before January 17, 2020, Tribune will file its Submission Materials;

4.    No later than forty-five (45) days after the date on which Tribune files its Submission Materials, WTC may file additional Submission Materials in response;

---

[2] 1F Claim Objection at 1-4, 5-11, 19-45 and related declaration; WTC Opposition at 4-5, 31-47, Exhibit 1 and related declarations; Tribune Reply at 1-4, 14-33; WTC Mediator Objection at Exhibit A; Tribune Mediator Reply at 2-3, 26-30 and Exhibit A.
[3] 1F Claim Objection at 4, 9-11, 29-31 and related declaration; WTC Opposition at 8, 46-48; Tribune Reply at 31-33; WTC Mediator Objection at Exhibit A; Tribune Mediator Reply at 25-26, 29 and Exhibit A.
[4] 1F Claim Objection at 45-46; WTC Opposition at Exhibit 1, WTC Mediator Objection at Exhibit A; Tribune Mediator Reply at 30-31.

5.      Oral argument shall be held on May 12, 2020 at 10 a.m.;

6.      Nothing in this Stipulation and Scheduling Order prejudices the rights of the Parties with respect to the issue decided in the District Court Order, which is preserved for appeal following the entry of the final order by the Court;

7.      This Stipulation and Scheduling Order sets forth the entire agreement between the Parties with respect to the subject matter hereof; and

8.      The Court shall retain exclusive jurisdiction over all controversies, disputes, claims, and other matters arising under, or otherwise related to, this Stipulation and Scheduling Order.


*[REMAINDER OF THE PAGE INTENTIONALLY LEFT BLANK]*

Date:   October 30, 2019
        Wilmington, Delaware


SULLIVAN HAZELTINE ALLINSON LLC          COLE SCHOTZ P.C.


/s/ William D. Sullivan                  /s/ J. Kate Stickles
William D. Sullivan (No. 2820)           Norman L. Pernick (No. 2290)
William A. Hazeltine (No. 3294)          J. Kate Stickles (No. 2917)
901 N. Market Street, Suite 1300         Patrick J. Reilley (No. 4451)
Wilmington, DE 19801                     500 Delaware Avenue, Suite 1410
Tel: 302-428-8191                        Wilmington, DE 19801
Fax: 302-428-8195                        T: 302-652-3131
Email: bsullivan@sha-llc.com

                                         and
and
                                         **JONES DAY**
BROWN RUDNICK LLP                        Bruce Bennett
Robert J. Stark                          James O. Johnston
James W. Stoll                           Joshua M. Mester
Shari I. Dwoskin                         555 South Flower Street, 50th Floor
Seven Times Square                       Los Angeles, CA  90071-2300
New York, NY 10036                       T: 213-489-3939
Tel: 212-209-4800
                                         *Counsel to Tribune Media Company,*
*Counsel for Wilmington Trust Company, solely*   *Reorganized Debtors*
*in its capacity as successor Indenture*
*Trustee for the PHONES Notes*

5