# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Tribune Company, *et al.*,<br><br>        Reorganized Debtors. [1] | Chapter 11<br><br>Case No. 08-13141 (BLS)<br><br>(Jointly Administered) |
| Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Dennis J. FitzSimons, *et al.*, | Case No. 12 cv 2652 (DLC) (S.D.N.Y.) |
| In re: Tribune Fraudulent Conveyance Litigation | Case No. 19-3049 (2d Cir.) |

**Hearing Date: January 16, 2020 at 10:00 a.m. (ET)**
**Obj. Deadline: January 9, 2020 at 4:00 p.m. (ET)**

## LITIGATION TRUSTEE'S MOTION FOR AN ORDER APPROVING SETTLEMENT

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); Chicagoland Television News, LLC (1352); KWGN, LLC (5347); The Baltimore Sun Company, LLC (6880); Tribune CNLBC, LLC (0347). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

Marc S. Kirschner, as Litigation Trustee (the "Litigation Trustee") for the Tribune Litigation Trust (the "Litigation Trust"), respectfully moves this Court for entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the Litigation Trustee to settle his claims (the "Proposed Settlement") against ███████████████████████████ ███, and their successors and assigns in the above-captioned proceeding ("Defendants"), presently on appeal before the United States Court of Appeals for the Second Circuit (the "Second Circuit").

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 105(a) and 1142, and this Court's Order Confirming the Fourth Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A., [D.I. 12074] at § IX.A. This Motion is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On December 18, 2008, the United States Trustee for the District of Delaware, pursuant to section 1102 of the Bankruptcy Code, appointed the Committee[1] to represent the interests of all unsecured creditors in the Debtors' cases.

3. By orders dated October 27, 2010 and November 29, 2010 [D.I. 6150, 6657, and 6658], this Court granted the Committee standing to file and prosecute certain adversary

---

[1] Unless otherwise specified, all defined terms shall have the same meaning as in the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (as modified July 19, 2012, the "Plan") [D.I. 12072], entered by an order of the Court dated July 23, 2012 [D.I. 12074].

1

proceedings, including the action later captioned *Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Dennis J. FitzSimons, et al.* (the "FitzSimons Action"). That action was commenced on November 1, 2010 [D.I. 6202], and sought to recover, *inter alia*, alleged fraudulent transfers made by the Tribune Company ("Tribune") in connection with its 2007 leveraged buyout.

4. On March 20, 2012, the United States Judicial Panel on Multidistrict Litigation lifted its stay of a Conditional Transfer Order (*see* MDL No. 2296 (Mar. 20, 2012) [D.I. 992]), thereby transferring the *FitzSimons* Action to the United States District Court for the Southern District of New York (the "District Court") for coordinated pretrial proceedings under 28 U.S.C. § 1407, with the independent state law fraudulent conveyance claims that had been commenced outside the bankruptcy court (together the "State Law Complaints") by or on behalf of certain Tribune Retirees and the holders of Tribune's pre-LBO notes (together the "State Law Claimants"). *See In re Tribune Co. Fraudulent Conveyance Litig.*, No. 11-MD-2296 (DLC) (S.D.N.Y.) (the "MDL").

5. On July 23, 2012, the Court entered an order [D.I. 12074] confirming the Plan. On December 31, 2012, the Plan became effective. *See* Notice of (I) Effective Date of the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries; and (II) Bar Date for Certain Claims (Dec. 31, 2012) [D.I. 12939].

6. The Plan established a Litigation Trust and transferred to the Litigation Trust, *inter alia*, all Preserved Causes of Action, including the claims asserted in the *FitzSimons* Action, to be prosecuted and/or settled at the direction of the Litigation Trustee. *See, e.g.* Plan §§ 13.1, 13.2, 13.3. The Plan provides that the Litigation Trustee must obtain "Bankruptcy

Court authority" in order to settle any affirmative Preserved Causes of Action where the "stated face amount in controversy exceeds $5,000,000." *Id.* § 13.3.3.

### A. THE CURRENT STATUS OF THE RELEVANT CLAIMS IN THE *FITZSIMONS* ACTION

7. Following transfer to the District Court in 2012, the *FitzSimons* Action was substantially stayed, pending the adjudication of certain pre-answer motions to dismiss which were fully briefed in 2014. *See* Phase Two Motion Protocol, No. 11-MD-2296 (S.D.N.Y. Apr. 24, 2014) [D.I. 5696].

8. On January 6, 2017, the District court issued an opinion granting the Shareholder Defendants' motion to dismiss Count I of the *FitzSimons* Action, seeking to recover all transfers made to former Tribune shareholders in the 2007 LBO ("Shareholder Proceeds") as intentional fraudulent transfers under 11 USC 548(a)(1)(A). *See Kirschner v. Fitzsimons (In re Tribune Co. Fraudulent Conveyance Litig.)*, No. 12-CV-2652 (DLC), 2017 WL 82391, at *1 (S.D.N.Y. Jan. 6, 2017).

9. On July 18, 2017, the Litigation Trustee sought leave from the District Court to move to amend the *FitzSimons* Action to assert constructive fraudulent conveyance claims against the Shareholder Defendants under 11 U.S.C. § 548(a)(1)(B), in contemplation of the ruling of the United States Supreme Court in *Merit Management Group, L.P., v. FTI Consulting, Inc.*, No. 16-784 (argued November 6, 2017) ("*FTI*"). The Litigation Trustee asserted that if *FTI* is affirmed and 11 U.S.C. § 546(e) is construed consistent with the lower court ruling, the Litigation Trustee would be free to seek to recover the Shareholder Proceeds received by substantially all of the Shareholder Defendants as constructive fraudulent conveyances. No. 11-MD-2296 (S.D.N.Y. July 18, 2017) [D.I. 6994].

10. Various defendants opposed the Litigation Trustee's request to amend the *FitzSimons* Action. No. 12-CV-2652 (S.D.N.Y. July 28, 2017) [D.I. 5345, 5347, 5350, 5352,

5353]. On August 24, 2017, the District Court issued an order denying the Litigation Trustee's request without prejudice to the Litigation Trustee re-seeking leave to move to amend after the Supreme Court's ruling. No. 11-MD-2296 (S.D.N.Y. Aug. 24, 2017) [D.I. 7019]. The District court also stated that "[i]f, and when, the Supreme Court affirms the Seventh Circuit in FTI Consulting, the Litigation Trustee would have a strong argument in support of amending his complaint to include a constructive fraudulent conveyance claim."

11. On March 8, 2018, following the Supreme Court's unanimous decision in *Merit Mgmt. Grp., LP v. FTI Consulting, Inc.*, holding that "the relevant transfer for purposes of § 548(e) safe-harbor inquiry is the overarching transfer," 138 S. Ct. 883, 893 (2018), the Litigation Trustee renewed his request to file a motion to amend the *FitzSimons* Action to assert constructive fraudulent conveyance claims against the Shareholder Defendants under 11 U.S.C. § 548(a)(1)(B). No. 11-MD-2296 (Mar. 8, 2018) [D.I. 7283].

12. On June 18, 2018, Judge Sullivan stayed the Litigation Trustee's request to amend pending further action by the Second Circuit in the state law actions, No. 11-MD-2296 (June 18, 2018) [D.I. 7552].

13. On April 23, 2019, the District Court issued a decision denying the Litigation Trustee's motion to amend the *FitzSimons* Action to assert constructive fraudulent conveyance claims against the Shareholder Defendants under 11 U.S.C. § 548(a)(1)(B). No. 11-MD-2296 (April 23, 2019 [D.I. 7917].

14. On June 13, 2019, the District court issued final judgment on the dismissed claims pursuant to Federal Rule of Civil Procedure 54(b). No. 11-MD-2296 (S.D.N.Y. June 13, 2019) [D.I. 8075].

15. The *FitzSimons* Action is on appeal, including the denial of the Litigation Trustee's motion to amend. *In re Tribune Co. Fraudulent Conveyance Litig.*, No. 19-3049 (2d Cir.). The Trustee's opening brief will be submitted in January, and the appeal is currently scheduled to be fully briefed by May 2020.

16. Separately on September 23, 2013 the District Court entered an order dismissing the State Law Complaints on account of the asserted impact of the automatic stay. *In re Tribune Co. Fraudulent Conveyance Litig.*, 499 B.R. 310 (S.D.N.Y. 2013).

17. That order was affirmed on different grounds (preemption) by the Court of Appeals for the Second Circuit. *See id., aff'd,* 818 F.3d 98 (2d Cir. 2016). The State Law Claimants timely filed a petition for certiorari in the United States Supreme Court on September 9, 2016. On April 3, 2018, Justice Kennedy and Justice Thomas issued a statement concerning the petition for certiorari in the State Law actions, deferring consideration of the petition to allow the Second Circuit time to consider whether to recall the mandate in light of the *Merit Management* decision. *Deutsche Bank Tr. Co. Americas v. Robert R. McCormick Found.*, 138 S. Ct. 1162, 1162–63 (2018). On May 15, 2018, the Second Circuit recalled the mandate "in anticipation of further panel review." No. 13-3992 [D.I. 387]. On December 19, 2019, the Second Circuit issued a decision affirming the District court's decision on the grounds that Tribune was a financial institution. *In re Tribune Co. Fraudulent Conveyance Litig.*, Case No. 13-3992 (Dec. 19, 2019) [D.I. 429].

B. **THE PROPOSED SETTLEMENT**

18. Pursuant to various prior joint settlement offers made by the Litigation Trustee and State Law Claimants (together the "Plaintiffs) at various points in time since 2012,[2] more

---

[2] The first offer was made by the Unsecured Creditors Committee and continued following the consummation of the Plan and appointment of the Litigation Trustee.

than 800 hundred Shareholder Defendants in the *FitzSimons* Action have settled the claims against them and been released by all Plaintiffs. *See* Declaration of David M. Zensky, dated December 27, 2019 ("Zensky Decl.") ¶ 3. These settlements also resolved the State Law Claims, if any, against such Shareholder Defendants.

19. Defendants were named as defendants in Count One of the *FitzSimons* Action Complaint and in the State Law Complaints, having received █████ in total Shareholder Proceeds at Step One. Defendants would also be named in an amended complaint by the Litigation Trustee asserting a constructive fraudulent conveyance claim, if allowed following appeal to the Second Circuit (*see supra* ¶¶ 9, 18).

20. In or about early December 2019, following transmission of a revised settlement offer by Plaintiffs, counsel to Defendants contacted the Trustee's counsel to inquire about potential settlement discussions. An arms' length negotiation ensued, with multiple offers and counteroffers being exchanged over the course of several phone calls between the Litigation Trustee, a representative of the State Law Claimants and a representative of the Defendants. *See* Zensky Decl. ¶ 4. As part of their settlement discussions, Defendants presented the Litigation Trustee with documents allegedly establishing that Defendants were "Financial Participants" (as defined by the Bankruptcy Code) at the applicable time and therefore entitled to a safe harbor defense to certain claims. *Id.* The Litigation Trustee specifically took these documents into account in agreeing to enter the settlement. *Id.* ¶ 5. The Defendants also disclosed that ███ ████████████████████████████████. *Id.*

21. In or about late December 2019, Plaintiffs and Defendants reached an agreement to settle the claims against Defendants for ██████, or approximately ██ of Defendants' Step One Shareholder Proceeds (the "Settlement Payment"), an amount that will bring material value

into the Trust. *Id.* ¶ 6. On December 19, Plaintiffs and Defendants entered a written settlement agreement pursuant to which, *inter alia* Defendants have already made the Settlement Payment. The Settlement Payment is to be held in escrow until all judicial approvals become final, in exchange for which Plaintiffs will release all claims respecting the Shareholder Proceeds received by Defendants.[3] *Id.*

## RELIEF REQUESTED

22.     The Litigation Trustee respectfully requests that the Court enter an order substantially in the form appended hereto as Exhibit A approving the Proposed Settlement.

## BASIS FOR RELIEF

23.     The Court has discretion to approve settlements after notice and a hearing. *See Myers v. Martin (In re Martin)*, 91 F.3d 389, 394 & n.2 (3d Cir. 1996). The procedure for approving a settlement in bankruptcy is set forth by Bankruptcy Rule 9019, which provides, in relevant part:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

24.     In determining whether to approve a settlement pursuant to Rule 9019, a bankruptcy court is required to "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Martin*, 91 F.3d at 393. Bankruptcy courts consider four criteria in applying this balancing test: "(1) the probability of success in the litigation; (2) the likely difficulties in collection; (3) the

---

[3] The Settlement Payment will be shared between the Litigation Trust and State Law Claimants pursuant to a confidential agreement between the Plaintiffs.

7

complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Id.* (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968)); *In re Northwestern Corp.*, No. 03-12872, 2008 WL 2704341, at *6 (Bankr. D. Del. July 10, 2008) (Carey, J.) (applying *Martin* factors). Ultimately, the court's determination assesses whether the compromise embodied in the settlement "is fair, reasonable, and in the best interest of the estate." *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1977). However, the Court "need not decide the numerous questions of law or fact raised by litigation, but rather should canvas the issues to determine whether the settlement falls above the lowest point in the range of reasonableness." *In re Capmark Fin. Grp. Inc.*, 438 B.R. 471, 515 (Bankr. D. Del. 2010). Ultimately, "the court does not have to be convinced that the settlement is the best possible compromise." *In re World Health Alts., Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006) (internal citations omitted).

25. Here, the Plan does not specify what standard the Court should use in determining whether to authorize the Litigation Trustee to settle a claim where the stated amount is in excess of $5,000,000; rather it simply requires Bankruptcy Court authority. The Litigation Trustee respectfully asserts that the arms-length negotiation, substantial size of the Settlement, and approval of the Settlement's terms by the State Law Claimants justify granting the Litigation Trustee the requested approval, considering the substantial authority granted to the Litigation Trustee under the Plan.

26. Even applying a Rule 9019 analysis, the Settlement easily merits approval, as the size of the Settlement Payment relative to the amount sought is well above the lowest rung in the range of reasonableness, given that at the present time the Litigation Trustee's claims against

Defendants have been dismissed, and any future ability to recover from Defendants at all would require a successful appeal several adverse rulings. To be sure, the Litigation Trustee is confident of its legal position in all respects, but given the complexity, uncertainty of outcome, and lengthy time period required for collection of Shareholder Proceeds following trial and exhaustion of all appeals, it cannot be argued that the settlement is unwarranted. Moreover, the Defendants' documentation concerning their alleged status as financial participants entitled to a safe harbor defense ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ were material to the Litigation Trustee's decision to settle claims against Defendants. Courts generally defer to a trustee's business judgment where there is a legitimate business justification for the trustee's decision, and the Court should do so here. *Martin*, 91 F.3d at 393.

## NO PRIOR REQUEST

27.     No previous request for the relief requested in this Motion has been made in this or any court.

## NOTICE

28.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) all parties having requested notice in the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 2002; and (iii) Defendants.

| | |
|---|---|
| Dated: December 27, 2019<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>/s/ *James S. Green Jr.*<br>Richard S. Cobb (No. 3157)<br>James S. Green Jr. (No. 4406)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br><br>*Counsel to the Litigation Trustee*<br><br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br><br>David M. Zensky<br>Mitchell P. Hurley<br>One Bryant Park<br>New York, NY 10036<br>Telephone: (212) 872-1000<br><br>*Counsel to the Litigation Trustee* |