IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Tribune Company, *et al.*,<br><br>            Reorganized Debtors.[1] | Chapter 11<br><br>Case No. 08-13141 (BLS)<br><br>(Jointly Administered) |
| Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Dennis J. FitzSimons, *et al.*, | Case No. 12 cv 2652 (DLC) (S.D.N.Y.) |
| In re: Tribune Fraudulent Conveyance Litigation | Case No. 19-3049 (2d Cir.) |
| | **Hearing Date: January 16, 2020 at 10:00 a.m. (ET)**<br>**Obj. Deadline: January 9, 2020 at 4:00 p.m. (ET)** |

# DECLARATION OF DAVID M. ZENSKY IN SUPPORT OF THE LITIGATION TRUSTEE'S MOTION FOR AN ORDER APPROVING SETTLEMENT

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); Chicagoland Television News, LLC (1352); KWGN, LLC (5347); The Baltimore Sun Company, LLC (6880); Tribune CNLBC, LLC (0347). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

I, DAVID M. ZENSKY, declare:

1. I am a partner at Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), counsel for the Litigation Trustee (the "Litigation Trustee") for the Tribune Litigation Trust (the "Litigation Trust"), and submit this declaration in support of the Litigation Trustee's Motion for an Order Approving a Settlement (the "Motion").[2]

2. Except where otherwise stated, I make this declaration on the basis of my own personal knowledge, and information provided to me by my colleagues at Akin Gump. I am fully familiar with the facts set forth herein.

3. The Litigation Trustee and his predecessor, the Official Committee of Unsecured Creditors, have made settlement offers to all or a significant portion of the defendants in the *FitzSimons* Action and State Law Complaints on five occasions, and have also engaged in individualized settlement discussions with certain defendants. Copies of those now-expired offers can be found at http://www.tribunetrustlitigation.com. To date, the Litigation Trustee and the State Law Claimants have entered into more than eight hundred settlements.

4. In or about early December 2019, after transmission of a revised settlement offer from Plaintiffs, counsel to █████████████████████████████ in the above-captioned proceeding ("Defendants") contacted the Litigation Trustee's counsel to inquire about potential settlement discussions. Defendants received ███████ in total Step One Shareholder Proceeds. An arms' length negotiation ensued, with multiple offers and counteroffers being exchanged over the course of several phone calls between the Litigation Trustee, a representative of the State Law Claimants, and a representative of the Defendants. As part of their settlement discussions, Defendants presented the Litigation Trustee with documents allegedly establishing

---

[2] All capitalized terms not defined herein have the meaning ascribed to them in the Motion.

2

that Defendants were "Financial Participants" (as defined by the Bankruptcy Code) at the applicable time and therefore entitled to a safe harbor defense to certain claims that had been asserted against them. The Defendants also disclosed that ███████████████ ███████████████.

5. In or about late December 2019, Plaintiffs and Defendants reached an agreement to settle all claims against Defendants for ██████ (the "Settlement Payment"). The documentation provided by Defendants showing their alleged status as Financial Participants was material to the Trustee's decision to settle claims against Defendants.

6. On December 19, 2019, Plaintiffs and Defendants entered a written settlement agreement pursuant to which, *inter alia* Defendants have already made the Settlement Payment, which is to be held in escrow until this Court's approval is obtained and becomes final. Defendants made the required payment into escrow on December 24, 2019.

7. The settlement agreement with Defendants also provides that the Settlement Payment and the amount of Defendants' Shareholder Proceeds are to be kept confidential, and not disclosed except to the extent reasonably necessary to obtain court approval. The source material identifying the dollar amount of Defendants' Shareholder Proceeds was not marked as "Highly Confidential" when produced, but qualifies as such under the Master Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 27, 2019
      New York, NY

                                      */s/ David M. Zensky*
                                      David M. Zensky