## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Tribune Company, *et al.*, | Case No. 08-13141 (BLS) |
| Reorganized Debtors.[1] | (Jointly Administered) |
| Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Dennis J. FitzSimons, *et al.*, | Case No. 12 cv 2652 (DLC) (S.D.N.Y.) |
| In re:  Tribune Fraudulent Conveyance Litigation | Case No. 19-3049 (2d Cir.) |

**Hearing Date: January 16, 2020 at 10:00 a.m. (ET)**
**Obj. Deadline: January 9, 2020 at 4:00 p.m. (ET)**

## MOTION OF LITIGATION TRUSTEE TO SEAL MOTION FOR AN ORDER APPROVING SETTLEMENT AND DECLARATION IN SUPPORT

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); Chicagoland Television News, LLC (1352); KWGN, LLC (5347); The Baltimore Sun Company, LLC (6880); Tribune CNLBC, LLC (0347). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

1.       Marc S. Kirschner, as Litigation Trustee (the "<u>Litigation Trustee</u>") for the Tribune

Litigation Trust (the "<u>Litigation Trust</u>"), respectfully requests, pursuant to 11 U.S.C. §§ 105 and

107 and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and

Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), that this Court permit the

filing of the following documents under seal: (i) the Litigation Trustee's motion (the "<u>Settlement</u>

<u>Motion</u>") authorizing the Litigation Trustee to settle his claims against defendants in the above-

captioned proceeding (the "<u>Defendants</u>"), presently pending in the United States Court of

Appeals for the Second Circuit, (ii) the declaration of David M. Zensky in support of the

Settlement Motion ("<u>Zensky Decl.</u>") (together, the "<u>Settlement Filings</u>").

2.       Contemporaneously with the filing of this Motion, the Litigation Trustee is filing

the Settlement Filings with limited redactions.  The Settlement Filings seek Court approval for

the settlement of claims by the Litigation Trustee against defendants pursuant to § 13.3.3 of the

Plan.  As further described in motion itself, the Settlement Motion contains references to

confidential settlement information that the parties to the settlement have agreed to keep

confidential, the disclosure of which could potentially prejudice the Litigation Trustee in future

settlement negotiations with remaining defendants.  The redactions in the Settlement Filings are

narrowly tailored and limited to (1) the identity of the settling Defendants, (2) the amount of the

settlement, and (3) other information concerning the specific financial condition of the settling

Defendants.  In support of this Motion, the Litigation Trustee respectfully represents as follows:[1]

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement Motion.

**JURISDICTION AND VENUE**

3.     The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 105(a) and 1142, and this Court's Order Confirming the Fourth Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A., [D.I. 12074] at § IX.A.  This Motion is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**RELEVANT PROCEDURAL AND FACTUAL BACKGROUND**

4.     By orders dated October 27, 2010 and November 29, 2010 [D.I. 6150, 6657, and 6658], this Court granted the Committee standing to file and prosecute certain adversary proceedings, including the action now captioned *Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Dennis J. FitzSimons, et al*. (the "*FitzSimons* Action").  That action was commenced on November 1, 2010 [D.I. 6202], and sought to recover, *inter alia*, alleged fraudulent transfers made by the Tribune Company ("Tribune") in connection with its 2007 leveraged buyout.

5.     On March 20, 2012, the United States Judicial Panel on Multidistrict Litigation lifted its stay of a Conditional Transfer Order (*see* MDL No. 2296 (Mar. 20, 2012) [D.I. 992]), thereby transferring the *FitzSimons* Action to the Southern District of New York (the "District Court") for coordinated pretrial proceedings under 28 U.S.C. § 1407, with the independent state law fraudulent conveyance claims that had been commenced outside the bankruptcy court (together the "State Law Complaints") by or on behalf of certain Tribune Retirees and the holders of Tribune's pre-LBO notes (together the "State Law Claimants").  *See In re Tribune Co. Fraudulent Conveyance Litig.*, No. 11-MD-2296 (RJS) (S.D.N.Y.) (the "MDL").

6.      On July 23, 2012, the Court entered an order [D.I. 12074] confirming the Plan. On December 31, 2012, the Plan became effective.  *See* Notice of (I) Effective Date of the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries; and (II) Bar Date for Certain Claims (Dec. 31, 2012) [D.I. 12939].

7.      The Plan established a Litigation Trust and transferred to the Litigation Trust, *inter alia*, all Preserved Causes of Action, including the claims asserted in the *FitzSimons* Action, to be prosecuted and/or settled at the direction of the Litigation Trustee.  *See, e.g.* Plan §§ 13.1, 13.2, 13.3.  The Plan provides that the Litigation Trustee must obtain "Bankruptcy Court authority" in order to settle any affirmative Preserved Causes of Action where the "stated face amount in controversy exceeds $5,000,000."  *Id.* § 13.3.3.

8.      On April 26, 2017, the District Court entered a Master Protective Order governing materials produced in the MDL, which includes the above-captioned adversary proceeding. [D.I. 6966] (the "Master Protective Order").  The Master Protective Order requires that materials designated as Confidential or Highly Confidential only be disclosed to specific individuals, including parties to the MDL actions, their outside counsel, experts and consultants, and court personnel, and that Highly Confidential information be redacted when filed.  *Id.* at ¶¶ 4, 5.

9.      On December 19, 2019, the Plaintiffs entered into the settlement agreement with Defendants necessitating the Settlement Motion.

### REQUESTED RELIEF

10.      By this Motion, the Litigation Trustee respectfully requests that the Court enter an order authorizing it to file the Settlement Filings under seal.

### BASIS FOR REQUESTED RELIEF

11.      Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from the potential harm that may result from a

public disclosure of certain types of confidential information. This section provides, in relevant part, that "[o]n request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title..." 11 U.S.C. § 107(b). Bankruptcy Rule 9018 further permits the Court, on a motion or upon its own initiative to "make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. Local Rule 9018-1(b) further provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(b).

12.     Unlike Rule 26(c) of the Federal Rules of Civil Procedures, Bankruptcy Code section 107(b) does not require a demonstration of "good cause." Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).

13.     Here, the redaction of the exact Settlement Payment amount is necessary pursuant to the agreement of the parties (*see* Zensky Decl. ¶ 7), and to protect the Litigation Trustee's negotiating position in potential future settlement negotiations with the hundreds of defendants in the *FitzSimons* Action that have not settled. Notwithstanding this redaction, the Settlement Motion does explain that the Settlement Payment is an amount that will bring material value into the Trust. *See* Settlement Motion ¶ 21.

14.     The dollar amount of Defendants' Shareholder Proceeds, which necessarily includes the fact that the Defendants received more than $5,000,000 in Shareholder Proceeds, constitutes Highly Confidential Information under the Master Protective Order, and the parties to the settlement have agreed to keep the Shareholder Proceeds amount confidential.  *See* Zensky Decl. ¶ 7; *see also* Master Protective Order ¶ 2(a) (authorizing the designation of "personally identifiable financial information" as Highly Confidential).  Plaintiffs previously redacted the amount of Shareholder Proceeds from the public record to comply with then-existing protective orders entered by the District Court and this Court, and the District Court has granted similar sealing requests by defendants to protect the privacy of individual Tribune shareholders.  *See FitzSimons* Action Fifth Amended Complaint, Ex. A, No. 12-CV-2652 (S.D.N.Y. Aug. 2, 2013) [D.I. 1052]; *see also* Order Granting Defendant Durham J. Monsma's Application to Seal Reference to Personal Stock Holdings.  11-MD-2296 (S.D.N.Y. July 7, 2014) [D.I. 6222].

15.     In short, the Settlement Filings contain information that is highly confidential. Based on the Litigation Trustee and Defendants' desire not to disclose such protected information, the Litigation Trustee requests that the court enter an order authorizing the Litigation Trustee to file the Settlement Filings under seal and in redacted form on the Court's docket.  These redactions are narrow in scope and do not impede the ability of the Court or parties in interest to conclude that the settlement is fair and reasonable.  The Litigation Trustee therefore asserts that the relief requested herein is in the best interest of the Debtor, its estate and creditors, and all other parties in interest.

## NOTICE AND NO PREVIOUS REQUEST

16.    Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) all parties having requested notice in the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 2002; and (iii) Defendants.

17.    No previous request for the relief sought in this Motion has been made to this or to any other Court.

WHEREFORE, the Debtor respectfully requests that this Court enter an order granting the relief requested herein and grant the Debtor such other and further relief as is just and proper.


Dated: December 27, 2019                    **LANDIS RATH & COBB LLP**
       Wilmington, Delaware

                                            */s/ James S. Green Jr.*
                                            _____
                                            Richard S. Cobb (No. 3157)
                                            James S. Green Jr. (No. 4406)
                                            919 Market Street, Suite 1800
                                            Wilmington, Delaware 19801
                                            Telephone:  (302) 467-4400
                                            Facsimile:  (302) 467-4450

                                            *Counsel to the Litigation Trustee*


                                            **AKIN GUMP STRAUSS HAUER & FELD LLP**
                                            David M. Zensky
                                            Mitchell P. Hurley
                                            One Bryant Park
                                            New York, NY 10036
                                            Telephone: (212) 872-1000

                                            *Counsel to the Litigation Trustee*