## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY, et al.,[1]<br>(f/k/a Tribune Company), | Case No. 08-13141 (BLS) |
| | Jointly Administered |
| Reorganized Debtors. | **Hearing Date: February 12, 2020, at 1:30 p.m. ET**<br>**Response Deadline: February 5, 2020, at 4:00 p.m. ET** |

### REORGANIZED DEBTORS' FIFTH MOTION FOR ENTRY OF A FINAL DECREE (I) CLOSING CERTAIN OF THE REORGANIZED DEBTORS' CHAPTER 11 CASES PURSUANT TO SECTIONS 105(a) AND 350(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3022, AND LOCAL RULE 3022-1, (II) DIRECTING THE USE OF AN AMENDED CAPTION IN THE REORGANIZED DEBTORS' CASES PURSUANT TO SECTIONS 105(a) AND 342(c)(1) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 1005, 2002(m), AND 2002(n), AND (III) GRANTING RELATED RELIEF

The reorganized debtors in the above-captioned chapter 11 cases (collectively, the "Reorganized Debtors"), by and through their undersigned counsel, hereby submit this motion (the "Motion") pursuant to sections 105(a), 342(c), and 350(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rules 1005, 2002(m), 2002(n), and 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for the entry of a final decree in substantially the form attached hereto (the "Proposed Final Decree") (i) closing the following chapter 11 cases: (a) ChicagoLand Microwave Licensee, Inc. ("ChicagoLand Microwave"), Case No. 08-13155; and (b) Chicagoland Television News, Inc. ("Chicagoland Television" and, together with ChicagoLand Microwave, the "Specified Debtors"), Case No. 08-13157 (collectively, the "Specified Cases"), (ii) providing that,

---

[1]  The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355); Chicagoland Television News, LLC (1352); Tribune CNLBC, LLC (0347).  The corporate headquarters and the mailing address for each entity listed above is 515 North State Street, Chicago, Illinois 60654.

to the extent necessary, any further proceedings in this Court with respect to (a) unresolved claims asserted against the Specified Debtors and (b) other remaining matters that may potentially impact the estates of the Specified Debtors shall be administered in the chapter 11 case of Tribune Media Company (f/k/a Tribune Company), Case No. 08-13141 (the "Lead Case"), (iii) directing the use of an amended caption upon the entry of the Proposed Final Decree approving this Motion; and (iv) granting limited relief from Local Rule 3022-1(c). The Reorganized Debtors are not seeking at this time to close the Lead Case or the chapter 11 case of Tribune CNLBC, LLC ("Tribune CNLBC"), which is the only other Reorganized Debtor's case that remains open. The chapter 11 cases of Tribune Media Company and CLNBC shall be referred to collectively herein as the "Remaining Cases." In support of this Motion, the Reorganized Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, which jurisdiction was retained pursuant to Article IX of the Confirmation Order (defined below) and Section 12.1 of the Plan (defined below). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Reorganized Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are sections 105(a), 342(c)(1), and 350

of the Bankruptcy Code, Bankruptcy Rules 1005, 2002(m), 2002 (n), and 3022, and Local Rule 3022-1.

## STATUS OF THESE CHAPTER 11 CASES

3.        On December 8, 2008 (the "Petition Date"), Tribune Company (n/k/a Tribune Media Company) and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 Bankruptcy Code.  An additional Debtor, Tribune CNLBC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.  The chapter 11 cases were consolidated for procedural purposes only and were (and the remaining chapter 11 cases continue to be) jointly administered pursuant to Bankruptcy Rule 1015(b).

4.        On July 23, 2012, the Court entered an order [Docket No. 12074] (the "Confirmation Order") confirming the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 12072] (the "Plan").[3]  The Effective Date of the Plan occurred on December 31, 2012.

5.        In the over seven years since the Effective Date, the Reorganized Debtors have been fulfilling their commitments and responsibilities under the Plan, as well as otherwise continuing their business operations.  In August 2014, Reorganized Tribune Company split into two independent companies: Tribune Media Company, which is now a subsidiary of Nexstar Media Group, Inc., and Tribune Publishing Company.  Tribune Publishing Company and its affiliates included, after the 2014 separation, those of the Reorganized Debtors that operate or are

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

46429/0001-18980276v1

associated with publishing activities (the "<u>Reorganized Publishing Debtors</u>").  Tribune Media Company and its affiliates, and Tribune Publishing Company and its affiliates, have each undertaken or been the subject of various corporate transactions, such as acquisitions and divestitures, since the 2014 separation.  Each of the chapter 11 cases involving the Reorganized Publishing Debtors have been closed by final decrees entered by this Court.

A.    **<u>Prior Case Closure Motions</u>**

6.    The Reorganized Debtors have previously requested, and the Court has granted, final decrees closing certain of the former Debtors' chapter 11 cases in circumstances where there are no pending proofs of claim (the "<u>Proofs of Claim</u>") against the applicable Debtors or adversary proceedings in which the applicable Debtors have been named, other than Proofs of Claim or adversary proceedings relating to the leveraged buy-out of Tribune Company that occurred in 2007 (the "<u>LBO Transaction</u>").  <u>See</u> Docket Nos. 14055, 14123, 14237 (as supplemented by Docket No. 14249), 14291 (collectively, the "<u>Prior Case Closure Motions</u>").  On February 25, 2015, the Reorganized Debtors filed a motion (the "<u>Initial Case Closure Motion</u>") seeking the entry of a final decree closing eighty-eight (88) of the one hundred and ten (110) then-pending chapter 11 cases.  <u>See</u> Docket No. 14055.  On July 7, 2015, April 25, 2016, and July 25, 2016, the Reorganized Debtors filed subsequent motions seeking to close additional chapter 11 cases.  <u>See</u> Docket Nos. 14123, 14237, 14291.  Each of these motions were granted, as discussed in the next paragraph.  As a result, only four of the former Debtors' chapter 11 cases remain open, involving three (3) Reorganized Debtors.[4]

---

[4] The Plan provided for, among other things, Restructuring Transactions including, without limitation, mergers, consolidations, conversions, joint ventures, restructurings, recapitalizations, dispositions, liquidations or dissolutions. <u>See</u> Plan Exhibit 5.2; Notice Respecting Restructuring Transactions [Docket No. 12732].  The Restructuring Transactions were largely consummated prior to the Effective Date, resulting in the 110 former Debtor entities becoming 52 post-transaction entities.

4

7.      Prior to entry of the proposed final decree respecting the Initial Case Closure Motion, the Reorganized Debtors engaged in discussions regarding the relief requested therein with the Litigation Trustee, Aurelius Capital Management, LP ("Aurelius"), Law Debenture Trust Company of New York (n/k/a Delaware Trust Company) ("Delaware Trust"), Deutsche Bank Trust Company Americas ("Deutsche Bank"), and the Office of the United States Trustee (the "U.S. Trustee").  In response to these discussions and the informal comments provided by those parties, the Reorganized Debtors consensually modified the proposed final decree originally attached to the Initial Case Closure Motion.  See Docket No. 14074.  On March 16, 2015, the Court entered the revised proposed final decree without objections.  See Docket No. 14078.  The Court also entered final decrees with respect to the other Prior Case Closure Motions, without objections, on July 24, 2015, May 11, 2016, and August 12, 2016.  See Docket Nos. 14135, 14255, 14303. The form of Proposed Final Decree submitted with this Motion reflects the comments made by those parties that were incorporated into the prior final decrees, to the extent applicable.

**B.      Remaining Proofs of Claim**

8.      The vast majority of the 7,191 Proofs of Claim that were filed in the former Debtors' chapter 11 cases have been resolved.  Of relevance to this motion, the Reorganized Debtors in December 2019 resolved two of the remaining Proofs of Claim that are unrelated to the LBO Transaction (the "Remaining Non-LBO Claims"), each of which was asserted against a Specified Debtor.  See Docket No. 14613.  Therefore, there are no Remaining Non-LBO Claims pending against either of the Specified Debtors.

9.      There are now approximately 349 unresolved Proofs of Claim outstanding in the aggregate, approximately 348 of which relate to the LBO (the "Unresolved LBO-Related

46429/0001-18980276v1

Claims").[5]  These claims are principally indemnification, reimbursement, or contribution claims filed by current or former directors or officers of or advisors to the former Debtors and/or the Reorganized Debtors, many of whom are named as defendants in the multidistrict litigation concerning the LBO Transaction that is pending in the United States District Court for the Southern District of New York (the "MDL Proceedings")[6] or who allege that they might otherwise be impacted by such proceedings.  Section 7.11.2 of the Plan provides that, to the extent such unresolved indemnification, reimbursement, or contribution claims are Allowed, they will be set off against any recovery by the Litigation Trustee against the holders of such claims.[7]  Section 7.11.2 of the Plan further authorizes the Litigation Trustee to object to the allowance of such claims.[8]  Accordingly, the Reorganized Debtors anticipate that the Unresolved LBO-Related Claims will ultimately be adjudicated or resolved in conjunction with or following the conclusion of the MDL Proceedings.[9]  Indeed, recent developments in the MDL Proceedings resulted in the resolution of 54 claims that had been Unresolved LBO-Related Claims in June 2019.  See

---

[5] The Remaining Non-LBO Claims and the Unresolved LBO-Related Claims are collectively referred to herein as the "Unresolved Claims".

[6] See In re Tribune Co. Fraudulent Conveyance Litig., No. 12 MC 2296 (RJS), MDL No. 11 MD 2296 (RJS) (S.D.N.Y.).

[7] Specifically, section 7.11.2 of the Plan provides, in relevant part, as follows: "To the extent that any Person has either (i) an Allowed Other Parent Claim against Tribune, (ii) an Allowed General Unsecured Claim against any of the Filed Subsidiary Debtors or (iii) a valid and enforceable claim against any other direct or indirect subsidiary of the Debtors, in each case for (a) indemnification, reimbursement, contribution or claims pursuant to Bankruptcy Code section 502(h), and (b) arising from or relating to the assertion of any claim or cause of action by the Litigation Trust or the Litigation Trustee against such Person or any of its Related Persons, such Allowed Claim shall be setoff against any recovery by the Litigation Trust against such Person. For the purposes of this Section 7.11.2, "setoff against" shall mean that the Litigation Trust shall either use Litigation Trust Assets to pay such Claim or shall take actions necessary to cause the release or waiver of such Claim." Plan § 7.11.2.

[8] Id.

[9] See Litigation Trustee's Motion for an Order Extending the Deadline to Object to Claims [Docket No. 13651] at ¶ 12 ("To the extent any defendants. . . have asserted Setoff Claims against the Debtors or attempt to assert Setoff Claims against the Litigation Trust upon answering or otherwise moving to dismiss, the Litigation Trustee intends to object to such Claims."); see also Litigation Trustee's Motion for an Order Further Extending the Deadline to Object to Claims [Docket No. 14033] at ¶ 13 (same); Litigation Trustee's Motion for an Order Further Extending the Deadline to Object to Claims [Docket No. 14555] at ¶ 13 (same); Litigation Trustee's Motion for an Order Further Extending the Deadline to Object to Claims [Docket No. 14620] at ¶ 13 (same).

Reorganized Debtors' Limited Response to the Litigation Trustee's Motion for an Order Approving Settlement [Docket No. 14550] at Exhibit A (identifying claims withdrawn as a result of settlement).

10.     The one (1) Remaining Non-LBO Claim is a disputed federal tax claim.  The Reorganized Debtors are not seeking at this time to close the chapter 11 case of Tribune CNLBC, the former Debtor against which such Claim is asserted.  In the event that the Reorganized Debtors resolve the Remaining Non-LBO Claim prior to the hearing on this Motion, the Reorganized Debtors reserve their rights to supplement this Motion to seek to close the case affected by the resolution of such Remaining Non-LBO Claim.

**C.     Confirmation Order Appeals**

11.     As described in the Prior Case Closure Motions, notices of appeal of the Confirmation Order were filed by several of Tribune Company's creditors and were consolidated by the United States District Court for the District of Delaware under the caption Wilmington Trust Co. v. Tribune Co. (In re Tribune Co.), No. 1:12-cv-00128-GMS.  Presently, only the appeals taken by Delaware Trust and Deutsche Bank remain pending (the "Confirmation Order Appeals"). The Confirmation Order Appeals do not involve the Specified Debtors and any further proceedings in this Court arising therefrom may be administered in the Lead Case.

**RELIEF REQUESTED**

12.     By this Motion, the Reorganized Debtors request the entry of a final decree pursuant to sections 105(a), 342(c)(1), and 350(a) of the Bankruptcy Code, Bankruptcy Rules 1005, 2002(m), 2002(n), and 3022, and Local Rule 3022-1, in substantially the form attached hereto, (i) closing the chapter 11 cases of the Specified Debtors, (ii) providing that, to the extent necessary, further proceedings in this Court with respect to (a) the unresolved Proofs of Claim asserted against the Specified Debtors and (b) other matters that may potentially impact the estates

7

of the Specified Debtors shall be administered in the Lead Case, (iii) directing the use of an amended caption upon the entry of the Proposed Final Decree approving this Motion; and (iv) granting limited relief from Local Rule 3022-1(c).

13.     For the purposes of calculating fees which are due and payable pursuant to 28 U.S.C. § 1930 in connection with the Specified Cases, (a) any disbursements made by the Specified Debtors prior to the entry of the final decree will be included in the calculation of quarterly fees for the first quarter of 2020, (b) the appropriate quarterly fees based on such disbursements will be paid by or on behalf of the Specified Debtors on or before the deadline for the payment of quarterly fees for the first quarter of 2020 pursuant to 28 U.S.C. § 1930, (c) no disbursements made by the Specified Debtors following entry of the final decree will be included in the calculation of such quarterly fees, and (d) no quarterly fees shall be due and payable with respect to the Specified Cases for quarterly periods thereafter.

14.     To preserve the rights of holders of unresolved Proofs of Claim asserted against the Specified Debtors, as well as the rights of parties to any other unresolved matters involving the Specified Debtors, the Reorganized Debtors propose that the Proposed Final Decree approving this Motion provide that (a) it is without prejudice to the rights of any party to seek to reopen either or both of the Specified Cases closed pursuant to the final decree for cause, including, but not limited to, the Reorganized Debtors' failure to either file a final report as set forth above or pay fees due and payable pursuant to 28 U.S.C. § 1930; and (b) any claim that is subsequently Allowed pursuant to the Plan by this Court against any Specified Debtor whose case was closed pursuant to such final decree shall be paid in accordance with the Plan as applicable to such Specified Debtor.

46429/0001-18980276v1

15.     The relief requested in this Motion will not substantively alter the rights of any claimants that hold Unresolved LBO-Related Claims against the Specified Debtors.  To the extent the pending appeals of the Confirmation Order, pending adversary proceedings, or Unresolved LBO-Related Claims and their resolution have a potential impact on the Reorganized Debtors, that impact falls almost exclusively on Tribune Media Company, as the ultimate Tribune parent company at the time of the LBO Transaction and throughout the period prior to the Effective Date. The Reorganized Debtors do not seek to close or otherwise affect Tribune Media Company's chapter 11 case (or the other Remaining Case) via this Motion.

## BASIS FOR RELIEF REQUESTED

### A.     Closure of Specified Cases

16.     Consistent with the Prior Case Closure Motions, the Reorganized Debtors propose to close the Specified Cases and further advance these jointly administered chapter 11 cases towards a conclusion.  Section 350(a) of the Bankruptcy Code provides that "[a]fter the case is fully administered and the court has discharged the trustee, the court shall close the case."[10]  11 U.S.C. § 350.  Bankruptcy Rule 3022 provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court . . . shall enter a final decree closing the case."  Fed. R. Bankr. P. 3022.

17.     Neither the Bankruptcy Code nor the Bankruptcy Rules define the term "fully administered."  The Advisory Committee Note to the 1991 amendment to Bankruptcy Rule 3022 provides a list of six factors that a court may consider in determining whether an estate has been fully administered for final decree purposes.  The six factors are: (a) whether the order confirming

---

[10] The status of the debtor in possession as a trustee normally is deemed terminated upon confirmation of the plan of reorganization.  See In re Jay Bee Enter., Inc., 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997).

the plan has become final; (b) whether deposits required by the plan have been distributed; (c) whether the property proposed by the plan to be transferred has been transferred; (d) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan; (e) whether payments under the plan have commenced; and (f) whether all motions, contested matters, and adversary proceedings have been finally resolved.  <u>See</u> Advisory Committee Note to Fed. R. Bankr. P. 3022.

18.    Courts have frequently applied the six factors set forth in the Advisory Committee Note in determining whether a case has been fully administered.  <u>See, e.g.</u>, <u>In re Kliegl Bros. Univ. Elec. Stage Lighting Co., Inc.</u>, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999); <u>In re SLI, Inc.</u>, No. 02-12608 (WS), 2005 Bankr. LEXIS 1322, at *5 (Bankr. D. Del. June 24, 2005).  These factors are employed by courts as a guide to assist the determination of whether a case is fully administered, although each of the factors need not be present in order for a court to enter a final decree.  <u>See, e.g.</u>, <u>In re JMP-Newcor Int'l, Inc.</u>, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (finding that case was fully administered despite pending adversary proceeding).

19.    The Specified Debtors' cases have been or, upon entry of the requested order, will be, "fully administered" within the meaning of section 350 of the Bankruptcy Code when the foregoing factors are taken into account.  First, the Confirmation Order became final and the Reorganized Debtors assumed the management of the property dealt with by the Plan roughly seven years ago.  Second, all Proofs of Claim asserted against the Specified Debtors have been resolved, with the exception of Unresolved LBO-Related Claims asserted against multiple Debtors, which, to the extent necessary, will be administered in the Lead Case, and, if Allowed, paid in accordance with the Plan.  With respect to any Proofs of Claim that have been Allowed against the Specified Debtors, all distributions have been made in accordance with the terms of the

Plan.  Third, all costs required by the Plan to be paid by the Specified Debtors have been paid.

Lastly, all motions, contested matters or adversary proceedings related to the Specified Debtors'

cases have either been resolved or, to the extent further proceedings in this Court with respect to

such matters are necessary, such proceedings may be administered in the Lead Case.

20.     Given the fully administered status of the Specified Debtors' chapter 11 cases, there

is no practical benefit to leaving the cases open.  Closing the cases, however, will allow the

Reorganized Debtors to save the quarterly U.S. Trustee fees allocable to those cases and will allow

the Reorganized Debtors to simplify their post-confirmation quarterly operating reports.  Closure

of the Specified Debtors' cases will also reduce this Court's docket and the attendant burden on

this Court as well as the Clerk of the Court's office and the U.S. Trustee's office.  There are thus

real benefits to closing the Specified Cases and no countervailing reasons to keep them open.

21.     As noted in paragraph 7, in connection with the Initial Case Closure Motion, the

Reorganized Debtors engaged in discussions with various parties, which led to a number of

consensual modifications that were reflected in the final decree that was entered by the Court.  In

preparing the Proposed Final Decree attached to this Motion, the Reorganized Debtors have

incorporated those consensual modifications, as follows:

      a.  the Proposed Final Decree orders that closure of the Specified Cases shall not alter
           or modify the terms of the Plan, Confirmation Order, any supplement, exhibit,
           appendix or schedule to the Plan, or any other contract, instrument, release or other
           agreement executed or created pursuant to the Plan, including but not limited to the
           Litigation Trust Agreement (as defined in the Plan) or LT Agreement (as defined
           in the Plan);

11

b.   the Proposed Final Decree orders that closure of the Specified Cases shall not affect the ability of the Litigation Trustee (as defined in the Plan) to amend any Preserved Causes of Action (as defined in the Plan) or assert any LBO-Related Causes of Action (as defined in the Plan) pursuant to, inter alia, section 550 of the Bankruptcy Code;

c.   the Proposed Final Decree orders that entry of the final decree is without prejudice to any pending appeals taken from the Confirmation Order, and from the orders incorporated therein;

d.   the Proposed Final Decree orders that entry of the final decree shall have no effect on the availability of relief, if any, as a consequence of the Confirmation Order Appeals; and

e.   the Proposed Final Decree orders that, for the avoidance of doubt, the Specified Debtors shall continue to comply with any current or future obligations they may have under the LT Agreement, and shall maintain their rights under the LT Agreement, as if they were still Reorganized Debtors.

22.     In light of the foregoing, entry of a final decree is appropriate at this time for both of the Specified Cases.  The particular relief sought in the Proposed Final Decree tracks the relief granted in the prior final decrees in all material respects and is also similar to the relief granted to debtors in other chapter 11 cases.  See, e.g., In re AbitibiBowater, No. 09-11296 (KJC) (Bankr. D. Del. Dec. 18, 2012) [Docket No. 5282] (closing certain chapter 11 cases despite pending appeals, pending avoidance actions, and pending claims pursuant to section 502(d) of the Bankruptcy Code); In re Dura Automotive Sys., Inc., No. 06-11202 (KJC) (Bankr. D. Del. Dec. 27, 2011) [Docket No. 4273] (closing certain chapter 11 cases despite a pending avoidance action for which

12

a written settlement agreement remained in process).   Accordingly, the Reorganized Debtors respectfully request that the Court enter the Proposed Final Decree pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1 closing both of the Specified Cases.

**B.    Use of Amended Caption**

23.    The Proposed Final Decree directs the use of an amended caption in the Remaining Cases, as follows:

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY, et al.,[FN] (f/k/a Tribune Company), | Case No. 08-13141 (BLS) |
| Reorganized Debtors. | Jointly Administered |

[FN] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are Tribune Media Company (0355) and Tribune CNLBC, LLC (0347).  The corporate headquarters and the mailing address for each entity listed above is 515 North State Street, Chicago, Illinois 60654.

24.    The Court has the authority to direct the use of an amended caption under sections 105(a) and 342(c)(1) of the Bankruptcy Code, as well as Bankruptcy Rules 1005, 2002(m), and 2002(n).  Section 342(c) of the Bankruptcy Code requires, in relevant part, that notices "required to be given by the debtor to a creditor… shall contain the name, address, and last 4 digits of the taxpayer identification number of the debtor."  11 U.S.C. § 342(c)(1).  Similarly, Bankruptcy Rule 1005 requires that a proper caption include the name of the debtor and last 4 digits of the taxpayer identification number of the debtor.  Section 105(a) provides this Court with the authority to issue orders that are necessary to carry out the provisions of the Bankruptcy Code.  11 U.S.C. § 105(a).  Bankruptcy Rule 2002(m) provides that the "court may from time to time enter orders designating… the form and manner in which notices shall be sent" and Bankruptcy Rule 2002(n) requires that the caption of every notice include the information required to be in the notice by

section 342(c) of the Bankruptcy Code and Bankruptcy Rule 1005.  Similarly, Local Rule 9004-1

provides that "[d]ocuments submitted for filing shall contain in the caption the name of the debtor,

the case number, the initials of the Judge to whom the case has been assigned, the docket number

assigned to the case and, if applicable, the adversary proceeding number."

25.    The use of the amended caption proposed herein is necessary to reflect the closure

of the Specified Cases.  Specifically, the proposed caption will accurately reflect that, following

entry of the relief requested herein, the Reorganized Debtors identified on the caption are the only

entities with Remaining Cases open and pending in these chapter 11 proceedings.  Accordingly, it

is necessary and appropriate to modify the caption of the Remaining Cases as set forth herein.

**C.    Administration of Unresolved Matters**

26.    Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any

order, process, or judgment that is necessary or appropriate to carry out the provisions of [the

Bankruptcy Code]."  11 U.S.C. § 105(a).  Closing the Specified Cases and administering any

unresolved matters with respect to such cases in the Lead Case is an appropriate use of the Court's

equitable powers under section 105(a) of the Bankruptcy Code.

27.    Granting the relief sought herein will reduce the administrative burdens on this

Court and the Clerk of the Court, limit the incurrence of quarterly fees payable to the Office of the

United States Trustee, and simplify the Reorganized Debtors' post-confirmation operating reports.

The Specified Debtors' cases sought to be closed by this Motion have little or no activity in them

each quarter, and as a result of the recent settlement of litigation against each of them, are expected

to have no claims activity in the future.  Each of the Unresolved LBO-Related Claims asserted

against the Specified Debtors are contingent and relate to the LBO Transaction, and such claims

will not be addressed except as part of, or following the conclusion of, the MDL Proceedings.

14

28.     It is unnecessary to keep the Specified Cases open on account of the relatively few unresolved matters remaining in the Specified Cases, particularly when the Court can continue to address such matters under the umbrella of the Lead Case.  Indeed, as long the Lead Case remains open, closure of the Specified Cases will not affect the resolution of the outstanding Proofs of Claim asserted against, or other matters involving, the Specified Debtors.  Rather, upon entry of the relief requested herein, any remaining matters that might potentially impact the estates of the Specified Debtors can either be addressed adequately in the Lead Case or, if necessary, with the reopening of the chapter 11 case or cases of the relevant Specified Debtor(s).

29.     The form of Proposed Final Decree attached hereto provides for the Court to retain jurisdiction over the Specified Cases in the event that the Reorganized Debtors or any other party in interest seeks to reopen any of the Specified Cases for cause.  The retention of jurisdiction by the Court for such purpose is appropriate, and consistent with the terms of the Confirmation Order. See 28 U.S.C. § 1334(b) (granting courts "related to" jurisdiction); Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir. 1985) (providing definition of "related to" for jurisdictional purposes); see also Confirmation Order at § IX (describing the Court's retention of jurisdiction for the purposes set forth in Article XII of the Plan).  In any event, if necessary, "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."  11 U.S.C. § 350(b); see also In re Gates Cmty. Chapel of Rochester, Inc., 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) ("[T]he entry of a final decree in no way completely deprives the court of jurisdiction to reopen the case, enforce or interpret an Order or determine a pertinent issue.").  Therefore, granting the relief requested herein would not foreclose the possibility of reopening the Specified Cases should the need arise.

### FINAL REPORT

30.      Pursuant to Local Rule 3022-1, all fees required to date pursuant to 28 U.S.C. § 1930 have been paid, or will be paid, by the Specified Debtors.  The Reorganized Debtors respectfully request a waiver of the requirement under Local Rule 3022-1(c) to file a final report with respect to the Specified Cases prior to the hearing on this Motion.  The Reorganized Debtors instead propose to file a consolidated final report with respect to all of the Debtors in connection with a motion seeking to close the final Remaining Case(s).

### NOTICE

31.      Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the parties holding Unresolved Claims; and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rules 2002-1(b) and 3022-1.  In light of the nature of the relief requested herein, the Reorganized Debtors submit that no other or further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

16

WHEREFORE the Reorganized Debtors respectfully request that the Court (i) enter the Proposed Final Decree closing the Specified Cases and providing that, to the extent necessary, further proceedings in this Court with respect to (a) the unresolved Proofs of Claim asserted against the Specified Debtors and (b) other remaining matters that may potentially impact the estates of the Specified Debtors shall be administered in Lead Case, (ii) direct the use of the amended caption proposed herein, (iii) grant a limited waiver of Local Rule 3022-1(c); and (iv) grant such other and further relief as the Court may deem just and proper.

Dated:  Wilmington, Delaware
        January 14, 2020

Respectfully submitted,

SIDLEY AUSTIN LLP
Kenneth P. Kansa
Alyssa Russell
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000

-and-

COLE SCHOTZ P.C.

*/s/ J. Kate Stickles*
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131

ATTORNEYS FOR REORGANIZED
DEBTORS

46429/0001-18980276v1