## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY, *et al.*, | Case No. 08-13141 (BLS) |
| Debtors. | Re: Docket Nos. 3796, 11792 |

## OPINION[1]

### I.  INTRODUCTION

Herman Melville's *Moby Dick* is often held up as the greatest American novel. Grueling and esoteric, it follows a crew of sailors striking out on the seas, resisting illness and starvation to mete out a living in the dramatic backdrop of an untamed and hostile wilderness. At its center is the enigmatic Captain Ahab. Famously, Ahab leads his crew on an obsessive pursuit of an unnamed evil, embodied in a white whale, with the hope to ultimately "wreak [his] hate" upon the animal. Depending on the interpretation of the reader, Melville's account of Ahab could be seen as an exultation or an indictment of an individual's single-mindedness.

Mr. Robert Henke is not Captain Ahab. He was, however, the subject of an article that appeared in the Baltimore Sun newspaper[2] in 2007 entitled "A Modern-Day Ahab – In pursuit of geologic immortality, inventor Robert Henke has sacrificed

---

[1] This Opinion constitutes the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052. This Court has jurisdiction to decide this claim objection pursuant to 28 U.S.C. § 157 and § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

[2] Referred to, sometimes, herein as the "Sun."

everything: comfort, career, family."[3]  Believing the article had caused him harm, Mr.

Henke filed a defamation lawsuit against the Baltimore Sun in Maryland state court

seeking $100 million in damages.[4]

Tribune Company and its affiliates, including the Baltimore Sun, (collectively,

the "Debtors") filed Chapter 11 petitions on December 8, 2008. Mr. Henke filed two

claims against the Debtors based on the state court defamation complaint.[5]  The

Debtors objected to Mr. Henke's claims.[6]  Following a hearing before the Honorable

Kevin J. Carey, the Court sustained the Debtors' objection to Mr. Henke's claims and

the claims were disallowed.[7]

Mr. Henke appealed that decision to the United States District Court for the

District of Delaware. On February 15, 2019, the District Court ruled that Mr. Henke,

who represented himself *pro se*, did not receive adequate notice that his hearing

before Judge Carey was an evidentiary hearing on the merits and "was not afforded

a fair chance to submit evidence to support his claim."[8]  Therefore, the District Court

---

[3] Henke Ex. 1.

[4] *See* Docket No. 3796, attaching Mr. Henke's original proof of claim.

[5] On June 8, 2009, Mr. Henke filed proof of claim number 3697 against the Baltimore Sun in the amount of $100 million.  On April 19, 2012, Mr. Henke filed amended proof of claim number 7106, attaching an amended state court complaint dated April 15, 2012 (the "AC").

[6] The Debtors filed an objection to claim number 3697.  (Docket No. 3796). On June 11, 2012, after Mr. Henke filed the amended claim, the Debtors filed a Supplemental Objection to Claims of Robert Henke (Docket No. 11792).  Mr. Henke filed responses to both objections.  (Docket Nos. 3989, 11931). The Debtors filed a reply in support of the supplemental objection to claim, and Mr. Henke filed a sur-reply. (Docket Nos. 11956, 12238). The Debtors' original objection, supplemental objection and reply shall be referred to herein as the "Claim Objection."

[7] *In re Tribune Media Co.*, 552 B.R. 282 (Bankr. D. Del. 2016) *vacated and remanded Henke v. Tribune Media Co.*, Civ. A. No. 1:16-cv-00424-RGA slip op. (D. Del. Feb. 15, 2019).

[8] Docket No. 14505.

2

vacated the Bankruptcy Court order sustaining the Debtors' objection to Mr. Henke's claims and remanded the matter to the Bankruptcy Court.[9]

After remand, the Bankruptcy Court held a status conference on the Claim Objection.[10]   On May 7, 2019, the Court approved a stipulated discovery schedule signed on May 2, 2019 by Mr. Henke and counsel for the Debtors.[11]   The Scheduling Order provided that Mr. Henke could prepare and serve discovery requests (including requests for production of documents, requests for admissions, or interrogatories), and the Baltimore Sun would respond to those requests no later than 18 days after receipt.[12]   The Scheduling Order also set June 20, 2019 as the date for the new evidentiary hearing on the Claim Objection.[13]

On May 14, 2019, Mr. Henke filed a document seeking, in part, to extend discovery deadlines.[14]   On May 23, 2019, the Court held an initial status conference to discuss, among other things, Mr. Henke's request. At the status conference, Mr. Henke confirmed that he sent discovery requests to the Debtors and was awaiting answers.[15]   The Court advised Mr. Henke that he should be prepared to submit "evidence in support of [his] claims . . . any documents and any information and

---

[9] Docket No. 14505. The Chapter 11 bankruptcy case of Tribune Media Company and its affiliates was originally assigned to Judge Kevin J. Carey. For administrative reasons regarding the announced retirement of Judge Carey, the case was reassigned to me on May 13, 2019.  Docket No. 14525.
[10] *See* Docket Nos. 14510, 14517, and 14520.
[11] Docket No. 14523 (the "Scheduling Order").
[12] Docket No. 14523, Ex. A.
[13] *Id.*
[14] Docket No. 14526. Mr. Henke's filing contained two motions: a motion to recuse Judge Carey and a "motion regarding conduct of debtors' attorneys," which sought to extend the discovery deadlines. At the May 23, 2019 status conference, the Court noted that the motion to recuse was not granted, but that administrative reassignment of the Tribune bankruptcy case occurred prior to Mr. Henke's filing of the motion. Docket No. 14535, Tr. 5/23/2019 at 4:16 – 5:4. Accordingly, Mr. Henke's motion to recuse was denied as moot. *Id.*
[15] Tr. 5/23/2019 at 10:19 – 12:3; 13:16 – 15:3.

materials" at the June 20, 2019 evidentiary hearing.[16]  The Court further advised Mr.

Henke that he should arrange for any witnesses who may have relevant testimony to

appear at the hearing.[17]    The Court directed the parties to confer regarding

documents to be submitted at the evidentiary hearing and the filing of any pretrial

statements so that neither side would be surprised.[18]  The Court set a further status

conference for June 17, 2019 (after Mr. Henke should have received responses to the

discovery requests, but before the evidentiary hearing), to determine whether there

was a basis for adjourning the June 20, 2019 hearing date.[19]

     The Court held two further status conferences on the Claim Objection to ensure

that any pre-trial discovery disputes were resolved and to ensure that the parties had

adequate time to prepare to present evidence at the hearing.[20] The Court agreed to

move the evidentiary hearing to from June 20, 2019 to July 2, 2019.  On June 27,

2019, Mr. Henke sent a document entitled "Evidence for evidentiary hearing of July

2, 2019"[21] to the Debtors.  The Debtors filed an Agenda with the Court prior to the

evidentiary hearing which included a copy of the Henke Evidence Document.[22]

     On July 2, 2019, the Court held an evidentiary hearing on the Claim Objection.

The Debtors called one witness: the author of the article, Mr. Gadi Dechter, who

testified credibly and at length. Mr. Henke declined to cross-examine Mr. Dechter

---

[16] *Id.* at 22:2 – 22:11.
[17] *Id.*
[18] *Id.* at 23:5 – 25:17.
[19] Tr. 5/23/2019 at 15:25 – 18:12.
[20] One pretrial status conference was held on June 17, 2019 (Docket Nos. 14546, 14548) and one was held on June 27, 2019 (Docket No. 14554).
[21] Hereinafter, the "Henke Evidence Document."
[22] Docket No. 14563, attachment (p).

and he did not call any witnesses of his own.[23] Mr. Henke did, however, submit boxes of documents into evidence.[24] On August 5, 2019, the parties gave their closing arguments on the Claim Objection via teleconference.[25] This matter is now ripe for disposition.

For the reasons that follow, the Court will sustain the Reorganized Debtors' Claim Objection and disallow Mr. Henke's claims.

## II.    FACTUAL BACKGROUND

Mr. Henke and his wife, through their small firm called Dynamic In Situ Geotechnical Testing, spent years developing a new earthquake engineering geotechnical (soil) testing technology (the "Technology"), and bringing the Technology into practice.[26] The Technology was described as:

> intended solely to advance the ability to engineer critical constructed facilities (for instance, highway bridges, hospitals, schools, and power plants) to resist earthquakes. The test provides, for soil deposits that may support such facilities, information on soil deformation characteristics that can greatly affect how facilities behave during earthquakes. Such information is needed in earthquake engineering to predict, for example, the motions of constructed facilities.[27]

---

[23] Mr. Henke repeatedly has alleged that he "no longer [has] the resources to draw on witnesses, to be able to depose them or anything like that, whereas, I did for the 2012 hearing." Tr. 6/27/2019 at 11:12 – 11:15. Unfortunately, the Court has no remedy for Mr. Henke's alleged lack of financial resources. The Court notes, however, that Mr. Henke declined to call himself or his wife, who was also present at the evidentiary hearing, as witnesses.

[24] The Court notes that Mr. Henke's evidentiary submissions include original newspaper clippings from the Baltimore Sun dating back to 1990, as well as handwritten personal diaries and journals, workpapers, books and other materials (the "Henke Evidentiary Materials"). Mr. Henke gave the Court original copies of the Henke Evidentiary Materials but did not provide copies to the Debtors. In addition, Mr. Henke gave the Court separate typed documents that contain excerpts from his diaries and a summary of the newspaper articles. The Debtors objected to these submissions solely on relevance grounds. The Court overrules the Debtors' objection and relies on Mr. Henke's summaries.

[25] Docket Nos. 14578, 14579.

[26] Henke Evidence Document, ¶ 2.

[27] Henke Ex. 2, attachment labeled "Document #1," entitled "Summary of Selected Experiences of Dynamic In Situ Geotechnical Testing with Emphasis on Academic Issues" dated August 2006, revised November 2006 (the "Nov. 2006 Summary) at 2.

Mr. Henke and his wife, however, faced numerous hurdles in completing their research and development of the Technology. In 2006, Mr. Henke was pressing various sources for an investigation of "three decades of official and professional misconduct" that prevented the advancement of the Technology and drove Mr. Henke, his wife and their firm to a state of ruin.[28]  Mr. Henke alleged that the misconduct included "the possibilities of the manipulation of grant competitions, theft from proposals, retaliation and a breakdown in safeguards."[29]

Mr. Henke alleges that the campaign to thwart the advancement of the Technology began with his time on the faculty at Johns Hopkins University (the "University") between 1985 and 1989.[30]   He alleges that the University became hostile and retaliated against him for his actions as an academic "whistleblower" when he charged students with plagiarism and was unwilling to engage in grade inflation.[31]

After leaving his position at the University, Mr. Henke devoted his full efforts to his firm and the Technology.  Mr. Henke avers that he, his wife and the firm made "remarkable progress" with the Technology, paid for through government and private support, as well as their own significant personal investment.[32]  Such progress included designing and constructing three costly prototype systems, laboratory

---

[28] Henke Evidence Document, ¶4.
[29] Henke Ex. 2, attachment Letter dated November 30, 2006 to Mr. Raymond A. Mason, p. 1.
[30] Henke Evidence Document, ¶ 5.
[31] *Id.* at ¶¶ 4, 5, 38a – 38h, Henke Ex. 8 (marked confidential).
[32] Nov. 2006 Summary, at 3-4.

testing, field tests, and publishing their work in a series of articles in a leading international journal on earthquake matters.[33]

However, as Mr. Henke submitted funding proposals to governmental agencies, including the National Science Foundation (the "NSF"), he grew concerned that the process was being "manipulated to insure the failures of our proposals."[34] He alleges that his proposals were "being treated improperly," for example, being placed in inappropriate competitions or receiving comments by reviewers that were "technically absurd."[35]  Suspecting bias, Mr. and Ms. Henke sued the NSF and the National Institute of Standards and Technology ("NIST") in the early 1990's for refusing to reveal the names of the peer reviewers who examined their proposals.[36] Ultimately, the lawsuits were unsuccessful.[37]

Mr. Henke also became concerned about the possibility of theft of ideas from his proposals and he requested that the Office of the NSF's Inspector General investigate the matter.[38]   The investigation took place over 2½ years, but the investigator wrote in a letter dated April 1, 1996 that there was "insufficient substance to support further inquiry."[39]  Mr. Henke questioned the results of the

---

[33] *Id.*
[34] Nov. 2006 Summary, at 4 – 6.
[35] *Id.* at 5.
[36] Henke Ex. 5.
[37] Henke Ex. 1, ¶ 66.  ("Ultimately a federal judge in Washington ruled against the Henkes in their suit against the NSF.  In May 1994, the same judge ruled in their favor on the NIST case, ordering the agency to open its files, but that judgment was overturned on appeal.")
[38] Nov. 2006 Summary, at 7
[39] *Id.*

investigation, and a second investigator was assigned to review the inquiry. Around August 23, 2000, the second inquiry ended without satisfaction to Mr. Henke.[40]

Mr. Henke also found it suspicious when his long-standing relationship with the Federal Highway Administration dissolved in May 2001 under "highly irregular circumstances."[41] Similar questions arose when his firm's "good faith collaborative arrangement" with a Japanese research institute fell apart.[42]

In 2006, Mr. Henke wrote letters seeking investigations into the perceived irregularities he faced in obtaining government funding for his research. He wrote to a United States senator who, at the time, was the "ranking member of the committee charged with oversight of the Offices of the Inspectors General," and to the Chair of the University's Board of Trustees.[43]

On November 30, 2006, Mr. Henke also sent a letter to the Baltimore Sun enclosing detailed information to support his concerns.[44] Not only did he believe the Sun could "shed light on the *campaign*,"[45] he also believed the Sun's "possibly pivotal complicity in it."[46] Mr. Henke explains:

> Starting soon after the claimant left the *University*, *The Sun*, over roughly two decades (1990-2009), conspicuously published a large number of articles that suggest the possibility *The Sun* may have stalked him, the firm, and his family; interfered with progress on the *technology*; and protected possible architects of the *campaign*. . . . For example, the stalking articles publicized, in separate articles, a large

---

[40] *Id.* at 7-8.
[41] Nov. 2006 Summary, at 9.
[42] *Id.*
[43] Henke Ex. 2 (attachments).
[44] Henke Ex. 2; Debtor Ex. 44.
[45] Henke Evidence Document, ¶ 12. Mr. Henke defines the "*campaign*" as "a retaliatory alliance of possible officials and professionals that targeted claimant and Ms. Henke in an academia-seated whistleblower matter." *Id.* at Section II.
[46] *Id.* at ¶ 12.

number of claimant's students in a particular course of his; close friends and associates of his sons, and consultants and contractors of the *firm*.  Among other things, the articles gave him the unsettling sense that a top-tier newspaper was hovering over him, his family and the *firm*; wanted him to know that; and wanted him to know that it could strike at any time it wished.  Facts and reason suggest the *University* inspired the articles; the *University* is close to *The Sun* . . . and the initial articles coincided roughly with claimant's leaving the *University* and publicized students of his.  Truly bizarre matter that had a profound and permanent effect on his state of mind: moved him to save roughly two decades of article clippings and afflicted him with an irreversible and outsized sense of paranoia.[47]

Mr. Henke thought contacting the Sun would allow him to obtain information regarding the past Sun articles, including who had suggested writing the articles.[48] An editor at the Sun brought Mr. Henke's letter to Gadi Dechter, a full-time reporter at the Sun whose duties included reporting on matters involving higher education.[49] Mr. Dechter looked into the matter because the letter included "accusations . . . that the Sun was involved in some kind of wrongdoing . . . or that articles published by the Sun previously about Mr. Henke were problematic . . . [a]nd that there was some connection to Johns Hopkins University."[50]  Mr. Dechter talked to Mr. Henke and "found him to be an very interesting person who was articulate and had an extraordinary story to tell."[51]  Mr. Dechter felt his area of study - - "earthquake science" - - was something people had not heard about before; "the stakes were high, the promise was great, . . . and the facts of his life were very dramatic."[52]

---

[47] Henke Evidence Document, ¶ 12 (emphasis in original). *See also Id.* at ¶¶ 18a – 18g; Henke Ex. 3.
[48] Henke Evidence Document, ¶ 6.
[49] Tr. 7/2/2019 at 35:23 – 36:17; 42:15 – 43:10 (Dechter).
[50] *Id.* at 43:23 – 44:13 (Dechter).
[51] *Id.* at 44:14-20 (Dechter).
[52] *Id.* at 45:17 – 46:12 (Dechter).

When the Sun expressed an interest in writing an article about Mr. Henke's experiences in developing the Technology, Mr. Henke agreed because he "felt a sincere article might well lead to the investigation he had long sought."[53]

The article was a substantial nine-month long effort.[54]  Mr. Henke provided the Sun with additional documents and a set of slides about the history of the Technology.[55]  Mr. Dechter interviewed Mr. Henke over the telephone and spent four days interviewing Mr. Henke and his family in person in North Carolina.[56]  Mr. Dechter testified that he takes detailed notes during his interviews, as well as sometimes making an audio recording of the interview which may either be transcribed or used as backup.[57]  Mr. Dechter also interviewed people at the University who were familiar with Mr. Henke's time there and the reasons that his contract was not renewed.[58]  Mr. Dechter also interviewed previous co-workers or other people in the field who could discuss Mr. Henke's character or provide independent validation of the Technology's promise.[59]

On October 7, 2007, the Sun published the article in its Sunday edition (the "Article").[60]  The Article begins by lauding the Technology (or sometimes, the "Device") and its potential. It states:

---

[53] Henke Evidence Document, ¶ 6.
[54] *Id.* at ¶ 14.
[55] *Id.* at ¶ 14; Henke Ex. 14.
[56] *Id.* at ¶ 14.
[57] Tr. 7/2/2019 at 54:6 – 55:9 (Dechter); Debtor Ex. 1 – 6.
[58] Tr. 7/2/2019 at 70:5 – 71:17; 83:22 – 84:22 (Dechter).
[59] *Id.* at 78:5 – 81:7; 84:23 – 87:9; 87:20 – 88:6. (Dechter).
[60] Henke Ex. 1.

> The product of more than $2 million and 25 years of development, the device might just be the holy grail of earthquake engineering: a probe that can accurately predict the way various soils will react in a major quake. It could prevent building collapses and save lives. If it works. On that score, the geotechnical jury is still out . . . .[61]

The Article then remarks on American culture, which "valorizes the uncompromising dreamers" and celebrates individuals who are "single-minded in their pursuit of greatness . . . ."[62]  It categorizes Mr. Henke as one of those dreamers and observes:

> Robert Henke's monastic life is a testament to that ideal, but he is also, as a former boss says, a "captain Ahab of our generation," willing to wreck everything—including his family—chasing a dream that has become an obsession.[63]

The Article punctuates this description with details from Mr. Henke's personal life, including his daily exercise routine, his parenting style, and his marriage. It states:

> His seven-mile jogging route is not picturesque, but then, Henke runs for principle, not pleasure. "I'm not an exercise enthusiast," he says. "It makes me feel sick." But to abandon the morning routine at this point would carry too much symbolic significance for a man whose main accomplishment has been his refusal to quit.[64]

> Concerned the boys would grow up shiftless, Henke forced them to wake early each day and submit to a grueling exercise regimen of running, sit-ups, push-ups and pull-ups.[65]

> By Henke's accounting, the probe has cost him $1 million in personal investment and an aborted academic career that began promisingly at Hopkins in 1985 and ended five years later. In 2002, he lost his Lutherville home. His wife and research partner, Wanda, left him soon afterward.[66]

---

[61] *Id.* at ¶¶ 4-5.

[62] *Id.* at ¶ 7.

[63] *Id.*

[64] *Id.* at ¶¶ 17-18.

[65] *Id.* at ¶ 72.

[66] Henke Ex. 1 at ¶ 9.

The Article repeatedly emphasizes the tension between Mr. Henke's devotion to his family and his desire to continue working on the Device. In its discussion of Mr. Henke's departure from the University and his choice to dedicate himself full-time to the Device, it says:

> Just like Columbus at the point of no return, Henke chose to stay the course, despite the risk to his own crew, his family. "In many ways, I think I was irresponsible." But, he points out, "Columbus came out a winner."[67]

The Article also recounts Mr. Henke's adolescence, meeting Ms. Henke, and the impact of his work on his family. The Article notes that Mr. Henke had recently gone on a job interview and was open to finding employment so long as the opportunity "meet[s] his requirements."[68] It discusses the lesson Mr. Henke has learned from his experience:

> Play the system.  Do what you're told. Be average. . . . Be careful when you strive for high goals. . . . Diversify in life so if you do lose on one count, you haven't lost it all. . . . I wish I could come up with something more uplifting.[69]

On October 3, 2008, Mr. Henke filed a complaint in state court against the Sun seeking $100 million in damages based on claims of defamation and misrepresentation.[70]  The bankruptcy petitions filed by Tribune Company and the Sun (and other affiliates) on December 8, 2008 stayed Mr. Henke's lawsuit. Mr. Henke filed a proof of claim and, later, an amended proof of claim against the Debtors based on his state court lawsuit.  The Debtors objected to Mr. Henke's claims.  Judge

---

[67] *Id.* at ¶ 55.
[68] *Id.* at ¶¶ 146-148.
[69] Henke Ex. 1, ¶¶ 127- 128.
[70] Docket No. 3797, Exhibit A.

Carey held a hearing on the Debtors' objection and in 2016 issued an Opinion and Order sustaining the Debtors' objection and disallowing Mr. Henke's claims.[71]  Mr. Henke appealed that decision and the District Court vacated the Opinion and Order and remanded the matter to this Court for trial.[72]

### III.   S<small>TANDARD</small>

The Debtors object to Mr. Henke's claim under 11 U.S.C. § 502(b)(1), which provides that a court will disallow a claim to the extent it is unenforceable under applicable law. Mr. Henke, therefore, will be entitled to payment only if he has a valid claim under the laws of Maryland.[73]

The burden of proof for a claim filed in a bankruptcy proceeding "rests on different parties at different times."[74] Initially, the claim holder must establish the prima facie validity of the claim.[75] The claim objector must then produce evidence that, "if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency."[76] At that point, the burden shifts back to the claim holder to prove the validity of the claim by a preponderance of the evidence. [77]  The ultimate burden of persuasion rests on the claimholder. Mr. Henke, as claim holder, met his

---

[71] *In re Tribune Media Co.*, 552 B.R. 282 (Bankr. D. Del. 2016) *vacated and remanded Henke v. Tribune Media Co.*, Civ. A. No. 1:16-cv-00424-RGA slip op. (D. Del. Feb. 15, 2019).

[72] Docket No. 14505.

[73] *See In re Combustion Eng'g, Inc.,* 391 F.3d 190, 245 n. 66 (3d Cir.2004).  ("To determine whether claims are enforceable for bankruptcy purposes, § 502 relies upon applicable non-bankruptcy law. . . . Ultimately, the effect of § 502 is to provide a bankruptcy trustee with the same rights and defenses to claims as held by the debtor prior to bankruptcy." (internal punctuation and citations omitted)).

[74] *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992).

[75] *Id.* ("[T]he claimant must allege facts sufficient to support the claim.  If the averments in his filed claim meet this standard of sufficiency, it is *"prima facie"* valid.").

[76] *Id.*

[77] *Id.* at 174.

initial burden when he filed his proof of claim. But the Debtors have adequately rebutted the validity of his claim in the Claim Objection.[78]  The burden now shifts back to the claimant, and Mr. Henke must prove his defamation claim by a preponderance of the evidence.

## IV.   THE PARTIES' POSITIONS

Mr. Henke alleges claims of defamation and misrepresentation against the Sun. He argues the Article contains statements that are defamatory, falsehoods, or omit crucial facts.   Mr. Henke also alleges that the Sun made numerous misrepresentations which induced him to agree to the Article. At trial, Mr. Henke also alleged that the Sun stalked him and published articles that contained messages meant to intimidate him and his family.

In reply, the Debtors argue that Mr. Henke has not fulfilled any of the elements for defamation, much less all of them. They also argue that the Sun did not make any misrepresentations to Mr. Henke and that other articles which Mr. Henke purported as showing stalking or intimidation of him or his family were simply coincidences.

---

[78] Docket Nos. 3796, 11792, 11956, and 14556.  "In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *Allegheny*, 954 F.2d at 173-74.

## V.    ANALYSIS

### A. Defamation

Mr. Henke separated his eleven defamation claims into four categories:

| Category | Count | Disputed Content |
|---|---|---|
| I. Theme | 1. Defamation through Theme | Mr. Henke posits that the overall tone and theme of the Article suggest he is reckless, eccentric, and obsessed |
| II. Material Concealments | 2. Falsification of Tenure at the University | The Article omits Mr. Henke's plagiarism accusations |
| | 3. Concealment of Possibility of Retaliation | The Article does not discuss the Henkes' belief that federal agencies were biased, and that the University had sabotaged their professional relationships |
| III. Personal Attacks | 4. Falsification of Air Force Discharge | The Article states Henke withdrew from the air force through a self-initiated elimination |
| | 5. Defamation Regarding Profanity | The Article contains a quote in which Henke's son—quoting his father—uses profanity[79] |
| | 6. Falsification of Parenting | The Article states that Mr. Henke did not permit his sons to watch movies and TV and restricted the types of books they read; Article states he would let his family suffer for the Device |

---

[79] Mr. Henke does not dispute the accuracy of the quote as made by his son. Rather, he argues that his son misquoted him. Mr. Henke argues he would never use profanity.

| IV. Falsification Regarding Technology | 7. Falsification of Promise of Technology | The Article omits field test results and a report from 1986 that suggested the Device had promise; it also states that Henke's main accomplishment has been his refusal to quit |
|---|---|---|
| | 8. Falsification of Sincerity of Undertaking | The Article states that following a major earthquake in 1989, the Henkes' believed the Device would be in high demand[80] |
| | 9. Falsification of Professionalism | The Article states that soil testing devices are complex and are generally not suited to being developed in a residential basement |
| | 10. Falsification of Japanese Collaboration | The Article omits details about the Henkes' collaboration with the Geo-Research Institute of Japan |
| | 11. Falsification of Risk of Undertaking | The Article incorrectly implies that Mr. Henke proceeded with a substantially risky venture, thereby knowingly endangering his family. |

Under Maryland law, Mr. Henke must prove four elements to establish a defamation claim: (1) the Sun made a defamatory statement to a third person, (2) the statement was false, (3) the Sun was legally at fault in making the statement, and (4) Mr. Henke thereby suffered harm.[81] The standard of fault that the Court must apply to a defamation claim varies depending on whether the plaintiff (here, Mr.

---

[80] Mr. Henke does not dispute that there was a major earthquake that made the Device particularly relevant. He asserts that the Article implies that he wanted to profit off a disaster.
[81] *Norman v. Borison*, 418 Md. 630, 645 n.10, 17 A.3d 697, 705 (Md. 2011) (quoting *Offen v. Brenner*, 402 Md. 191, 198-99, 935 A.2d 719, 723-24 (Md. 2007)).

Henke) is a public figure or a private individual. If a plaintiff is a public figure, then he must meet a higher standard of fault and show that the defendant published the defamatory statement with "actual malice."[82] Otherwise, the plaintiff only needs to show that the defendant negligently made the defamatory statements.

The Debtors argue that Mr. Henke should be considered a limited purpose public figure.[83] Courts have recognized this subset of public figures to include individuals who, "although they are not well known throughout the country or on every issue, are nonetheless sufficiently involved in one particular arena to qualify as public figures for that purpose."[84]  The Third Circuit relies on a two-part inquiry to determine whether someone is a limited purpose public figure: "(1) whether the alleged defamation involves a public controversy, and (2) the nature and extent of the plaintiff's involvement in that controversy."[85]

The Debtors claim that the Mr. Henke has "long sought to influence the resolution of the controversies discussed in the Article," which controversies include "official and professional" efforts to thwart the development of his Technology and the broader problem of corruption in the federal grant reviewing process.[86] The Debtors assert that Mr. Henke became involved in these controversies voluntarily by filing lawsuits against agencies that denied his grant applications (which were reported in multiple press outlets at the time), and approaching the Sun, hoping that

---

[82] *New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964).
[83] D.I. 14556 ("Debtors' Supp. Mem.").
[84] *Schiavone Const. Co. v. Time, Inc.*, 847 F.2d 1069, 1077 (3d Cir. 1988).
[85] *McDowell v. Paiewonsky*, 769 F.2d 942, 948 (3d Cir. 1985) (citations omitted).
[86] Debtors' Supp. Mem. at 10-11.

the newspaper would investigate the misconduct that, he claims, led to his professional difficulties.[87] The Debtors point out that, in addition to contacting the Sun, Mr. Henke contacted the Office of the National Science Foundation's Inspector General, the University, and selected politicians in hopes of starting an investigation.[88] The Debtors contend that affirmatively seeking media attention "is a quintessential indicator of public figure status" [89] and argue that he is a limited purpose public figure in connection with the controversies raised in the Article.

If Mr. Henke is a limited purpose public figure, then he must prove that the Article published false statements about him with "actual malice," that is, with knowledge that the statements are false or with reckless disregard of whether they are false or not.[90] If Mr. Henke is not a limited purpose public figure, he need only prove that the Sun acted negligently in publishing the false statements.[91] The Court declines to decide this issue. Even if the more lenient negligence standard is applied in this case, Mr. Henke has not proven his defamation claims.

1. *Defamatory Statements Made to a Third Person that are False*

A defamatory statement is one which "tends to expose a person to public scorn, hatred, contempt or ridicule, thereby discouraging others in the community from

---

[87] *Id.* at 11-12.

[88] *Id.* at 12.

[89] *Id.* (citing *Wells v. Liddy*, 186 F.3d 505, 537 (4th Cir. 1999) (noting the distinction between one who simply responds to a press request for information and one who actively seeks out the press).

[90] *Schiavone*, 847 F.2d at 1076 (citing *New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80, 84 S. Ct. 710, 726, 11 L.Ed.2d 686 (1964)). *See also Schiavone*, 847 F.2d at 1076-1079.

[91] *Watkins v. Washington Post*, Case No. PWG-17-818, 2018 WL 805394, *4 n. 5 (D. Md. Feb. 9, 2018); *Jacron Sales Co., Inc. v. Sindorf*, 276 Md. 580, 596-97, 350 A.2d 688 (Md. 1976) *overruled on other grounds by Le Marc's Mgmt. Corp. v. Valentin*, 349 Md. 645, 651, 709 A.2d 1222, 1225 (Md. 1998).

having a good opinion of, or associating with, that person."[92]  "To determine whether a publication is defamatory, a question of law for the court, the publication must be read as a whole:  '[W]ords have different meanings depending on the context in which they are used and a meaning not warranted by the whole publication should not be imputed.'"[93]

"[A] 'false' statement is one 'that is not substantially correct.'"[94]  "The plaintiff carries the burden to prove falsity."[95]

a. *Theme*

The first category of Mr. Henke's defamation claim is based on the Article's theme.  He argues that the "prominent theme of the article represents claimant as a delusional, unaccomplished eccentric who willingly destroyed his family in a reckless quest for scientific glory."[96]  Mr. Henke argues the Article's tone and theme imply that he is unprofessional.  He asserts the theme is reinforced through bold-face headings and various statements scattered throughout the Article, including:

> In pursuit of geologic immortality, inventor Robert Henke has sacrificed everything: comfort, career, family.[97]
>
> Obsession comes at a high cost.[98]

---

[92] *Norman,* 418 Md. at 645 n.10.

[93] *Piscatelli v. Van Smith*, 424 Md. 294, 306, 35 A.3d 1140, 1147 (Md. 2012) (quoting *Chesapeake Publ'g Corp. v. Williams*, 339 Md. 285, 295, 661 A.2d 1169, 1174 (Md. 1995)).

[94] *Piscatelli*, 424 Md. at 306, 35 A.3d at 1147 (quoting *Batson v. Shiflett*, 325 Md. 684, 726, 602 A.2d 1191, 1213 (Md. 1992)).

[95] *Id.*

[96] Henke Evidence Document, ¶ 30.

[97] Henke Ex. 1, at 1.

[98] This statement appears as a heading in bold type on page 2 of the Article.  Henke Evidence Document, ¶ 31.

[H]e is also, as a former boss says, a 'Captain Ahab of his generation,' willing to wreck everything—including his family—chasing a dream that has become an obsession.[99]

It was his boss at Exxon, Jack Templeton, who likens him to Herman Melville's Captain Ahab because of his messianic pursuit of his invention.[100]

Mr. Henke argues that these statements are clearly untrue. For example, he claims that he kept working on the Technology, not due to some obsession or quest for "geologic immortality," but because he faced difficult circumstances after he left the University, and he and his wife already had invested heavily in the Technology, which they had been developing for six years.[101] He further argues that Mr. Dechter should not have placed much weight on Dr. Templeton's statements since he had not been in contact with Dr. Templeton since 1984.[102]

The Court finds that the Article does not portray Mr. Henke as unprofessional, reckless or deluded. But even assuming the Article could be read as such, the Article's theme is a protected opinion.[103] Maryland law recognizes the fair comment privilege, which provides that "a newspaper, like any member of the community may, without

---

[99] Henke Ex. 1, ¶ 7.

[100] *Id.* ¶ 33. The Court notes some of these statements are quotes from Mr. Templeton, and therefore could not be attributed to the Sun. Mr. Dechter testified credibly that Mr. Templeton had in fact made those statements and Mr. Henke did not rebut his testimony. Mr. Dechter's notes from his conversation with Mr. Templeton also support the accuracy of the quotes. Debtors' Exhibit 19.

[101] Henke Evidence Document, ¶ 32.

[102] Henke Evidence Document, ¶ 35.

[103] "The principle that opinions based on disclosed facts are protected is well established." *Agora, Inc. v. Axxess, Inc.*, 90 F.Supp.2d 697, 704 (D. Md. 2000) (citations omitted). The following example is commonly used to illustrate the line between actionable and protected statements of opinion: "[U]nlike the statement, 'In my opinion Mayor Jones is a liar,' the statement, 'In my opinion Mayor Jones shows his abysmal ignorance by accepting the teachings of Marx and Lenin,' would not be actionable." *Agora*, 90 F.Supp.2d at 704 (quoting *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20, 110 S.Ct. 2695, 111 L.Ed. 2d 1 (1990)). The distinction between opinion and fact is a matter of law. *Biospherics, Inc. v. Forbes, Inc.*, 989 F.Supp. 748, 751 n. 3 (D. Md. 1997) (citation omitted) *aff'd* 151 F.3d 180 (4th Cir. 1998).

liability, honestly express a fair and reasonable opinion or comment on matters of legitimate public interest."[104]  The fair comment privilege applies to public figures as well as to private figures.[105]

The fair comment doctrine protects an opinion only when "the facts on which it is based are truly stated or privileged or otherwise known . . . ."[106]  For instance, if a newspaper publishes "[d]erogatory opinions based on false and defamatory or undisclosed facts," then those statements would not be protected.[107]    But, "[d]erogatory opinions based on non-defamatory facts, true facts, privileged facts, or facts assumed mutually by the opinion-maker and the recipient are privileged."[108]

When evaluating a statement, the "primary emphasis [is placed] on verifiability of the statement" and a court should "examine the statement's language and context to determine if it could interpreted as asserting a fact."[109] Here, the context and content of the Article's theme clearly reflect the author's opinion. References to Captain Ahab, as well as descriptions of Mr. Henke's efforts as "obsessive" or in pursuit of "geologic immorality" are subjective statements that are consistent with the "rhetorical hyperbole and imaginative expression" that "'negate

---

[104] *Piscatelli*, 424 Md.  at 314, 35 A.3d at 1152 (quoting *A.S. Abell Co. v. Kirby*, 227 Md. 267, 272, 176 A.2d 340, 342 (Md. 1961)). In balancing the issue of whether the Article discusses a matter that is a legitimate public interest versus a disclosure of private facts about the plaintiff, I note that Mr. Henke approached the Sun about reporting on his circumstances and cooperated by providing the information underlying the Article, even though Mr. Henke's intent was to start an investigation into roadblocks to his success with the Technology, rather than an article that chronicled his lack of success through the years.

[105] *Id.* at 314 n. 4 (citations omitted).

[106] *Id.* at 315 (quoting *Kirby*, 227 Md. at 279-80).

[107] *Id.* at 316 (citations omitted).  "Though a statement of opinion is not immune from suit, a statement is not actionable unless it asserts a provably false fact or factual connotation."  *Agora*, 90 F.Supp.2d at 702 (citations omitted).

[108] *Piscatelli*, 424 Md. at 316 (citations omitted).

[109] *Biospherics, Inc. v. Forbes, Inc.*, 151 F.3d 180, 184 (4th Cir. 1998) (citations omitted).

the impression that the writing is stating fact.'"[110]  Such statements are not meant to be verifiable facts.  Further, to support this opinion, the Article includes numerous facts and quotations drawn from Mr. Dechter's interviews with Mr. Henke, his family and people who knew his work.  There is no evidence that the underlying facts are false. Readers can draw their own conclusions (and form their own opinion) about those facts.  Accordingly, the Court concludes that the evidence does not support a finding that the Article's theme is defamatory or false.

b.  *Material Concealments*

Mr. Henke's defamation claims assert that the Article materially conceals "the possibility that he, Ms. Henke, and their firm and family had fallen victim to [a] *campaign* that targeted them with official and professional misconduct."[111]  Mr. Henke claims the Article omitted important details about the University's retaliation against him for his accusations of plagiarism and grade inflation.  He further argues that the Article conceals material facts suggesting that government grant competitions were corrupted to ensure the proposals submitted by Mr. and Ms. Henke would fail.[112]

For defamation purposes, a "false statement is one that is not substantially correct . . . [M]inor inaccuracies do not amount to falsity so long as the substance, the gist, the sting of the libelous charge be justified."[113]  Omitting material facts, however,

---

[110] *Agora*, 90 F.Supp.2d at 703 (quoting *Biospherics*, 151 F.3d at 184).

[111] Henke Evidence Document, ¶ 36 (emphasis in original).

[112] Henke Evidence Document, ¶¶ 44-48.

[113] *Batson v. Shiflett*, 325 Md. 684, 726, 602 A.2d 1191, 1212 (Md. 1992) (quoting *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 517, 111 S.Ct. 2419, 115 L.Ed.2d 447 (1991) (internal quotation marks omitted)).  "Put another way, the statement is not considered false unless it 'would have a different

may lead to liability because that "can render an account just as false as an outright misstatement . . . [T]he literal truth of each individual statement is not a defense in such cases."[114]   But omitting facts favorable to the plaintiff does not automatically render a statement false:

> [T]he First Amendment prohibits a rule that holds a media defendant liable for broadcasting truthful statements and actions because it failed to include additional facts which might have cast plaintiff in a more favorable or balanced light. Thus, as long as the matter published is substantially true, the defendant is constitutionally protected from liability [based on falsity], regardless of its decision to omit facts that may place the plaintiff under less harsh public scrutiny.[115]

Mr. Henke has not proven that the Article conceals material facts, thereby making its contents false.   The Article does not omit facts related to Mr. Henke's claims about the campaign against him, his wife, their Company and the Technology:

> [F]ederal grant dollars that had flowed in regularly during his first three years at [the University] suddenly slowed to a trickle.
>
> Convinced that grant-application rejections were linked to personal animus within his department, Henke began filing formal objections with the National Science Foundation—an impolitic move that would foreshadow later lawsuits against the federal hand that feeds.[116]

---

effect on the mind of the reader from that which the pleaded truth would have produced." *Masson*, 501 U.S. at 517 (citations omitted).

[114] *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1108 n.28 (10th Cir. 2017), (quoting *Turner v. KTRK Television, Inc.*, 38 S.W.3d 103, 115 (Tex. 2000)).

[115] *Brokers' Choice*, 861 F.3d at 1108 (internal citations and punctuation omitted).

[116] Henke Ex. 1, ¶¶ 46-47. Mr. Henke takes issue with statements in the Article suggesting that the grant funds slowed because he began filing formal objections with the National Science Foundation while he was still employed with the University. Henke Ex. 1, ¶¶ 46- 48.  However, he points out that he did not file objections with the NSF while at the University and, further, that his suspicions about an unfair or "rigged" review process for his grant proposals did not arise until *after* he had left the University. Henke Evidence Document, ¶¶ 40-41.  He asserts that these statements suggest that he rashly provoked the NSF while at the University.  *Id.*  Mr. Henke's journal entry on October 5, 2007 mentioned his conversation with Mr. Dechter in which he stated that he had written to NSF in 1986 about changing a bureaucratic deadline for submissions, which Mr. Henke did not think was a "major issue." Henke Ex. 7 at 56.  Mr. Henke's arguments about timing issues amount to minor inaccuracies

> By 1994, Robert and Wanda were convinced that their difficulty in winning grants was not because they had bitten off more science than any two people could chew – but because the fruits of their labor were being poisoned by rivals.[117]

Mr. Henke originally approached the Sun to investigate the University and the Sun in hopes of uncovering direct evidence of the alleged campaign. Without such evidence, the Sun could not include as many details about the alleged campaign as Mr. Henke would have liked.

Mr. Henke also argues that the Article falsely represents the reasons he left the University by asserting that the Technology "cost him . . . an aborted academic career,"[118] that he lost the University job "for failing to publish a single research paper in five years,"[119] and that he "ignored the publish-or-perish warning."[120] Mr. Henke claims the Article omits the important facts surrounding his departure from the University: that is, his "whistle-blower" allegations of plagiarism and grade inflation.[121] However, Mr. Dechter testified that Mr. Henke did not have proof to support his allegations.[122] The Article's discussion about Mr. Henke ignoring the "publish-or-perish" warning is based on quotes from University officials interviewed by Mr. Dechter.[123]

---

while the Article captures Mr. Henke's theory that his proposals were targeted unfairly. The Court does not agree that such minor inaccuracies render the Article false.

[117] Henke Ex. 1, ¶ 64.

[118] Henke Ex. 1, ¶ 9.

[119] *Id.* at ¶ 24.

[120] *Id.* at ¶ 45. *See also* Henke Evidence Document, ¶¶ 38, 38a – 38j, 39.

[121] *Id. See also* Henke Ex. 8 (marked confidential).

[122] Tr. 7/2/2019 at 69:9 – 71:17 (Dechter).

[123] Henke Ex. 1, ¶¶43-45.

The Court concludes that Mr. Henke has not proven that the Article is false because it omits additional facts that might cast him in a more favorable light. The excluded details either are not well-documented or are not material enough to change the tenor or meaning of the Article.  Although the Article did not include all facts requested by Mr. Henke, the omission does not run afoul of Maryland law.[124]

### c. *Personal Attacks*

In the Amended Complaint, Mr. Henke alleges that the Article defames him through "direct personal attacks," including, that the Sun (i) falsely represented his "discharge from the Air Force as less than honorable,"[125] (ii) falsely represented him as profane,[126] and (iii) falsely represented his parenting intentions and practices.[127] In support of his argument, Mr. Henke cites to the following paragraphs of the Article:

> After finally graduating with a mechanical engineering degree from N.C. State, Henke signed up for an Air Force officer's training course. Just two months later, Henke had arranged for a "self-initiated elimination" and was back in North Carolina.[128]

> While the young Robert [Henke] had found social refuge in clowning and cartoons, he rarely permitted his sons to traffic in popular culture. No movies, no video games, no television save the occasional videotaped History Channel documentary. Even books were suspect.[129]

> Michael, who maintains a deep love for his father, recalls having to read books in secret. "It was crazy," he says. "It was unbelievable, especially from someone as intelligent as my father, who reads a lot."[130]

---

[124] Rather than a true disagreement over the substance of the facts, it appears that the heart of Mr. Henke's dispute is that the Sun failed to publish an article that aired his grievances against the University and the Sun. The Sun had no legal duty to publish such an article, and Mr. Henke has no right to demand one. There is a disagreement on opinion, not distortion of the truth.

[125] AC ¶ 57

[126] AC ¶ 60

[127] AC ¶ 62

[128] Henke Ex. 1, ¶ 98; AC ¶ 57.

[129] Henke Ex. 1, ¶ 69; AC ¶ 64-66.

[130] Henke Ex. 1, ¶ 71; AC ¶ 69.

> "When you grow up without religion, someone must supplant God," Michael says. "And my father became that for me and ... I could not help but fear his wrath," he says.[131]

> "My father said, 'F____ furniture, I'll put a whole bunch of boxes together and make a couch.'"[132]

Mr. Henke disputes the truth of these assertions and argues that the statements defamed him.

The Court disagrees that the Article's descriptions of Mr. Henke's parenting style are the sort of statements that would expose him to public contempt or ridicule. The Court does not doubt that Mr. Henke is a loving parent and does not find that the statements in the Article would discourage other people from associating or dealing with him.  Many parents monitor and restrict their children's media consumption. In the Amended Complaint, Mr. Henke includes additional facts to rebut the truth of the statements,[133] but as discussed above, omission of Mr. Henke's preferred facts does not render the statements false.  Further, the Court rejects Mr. Henke's argument that the Article's statements imply a "hidden meaning" or compare Mr. Henke's actions to a "Nazi mindset" of book-burning.[134]

Moreover, neither the Article's brief discussion of his "self-initiated elimination" from a military training program nor his son's quote attributing swear words to Mr. Henke are statements that would cause Mr. Henke to lose standing in

---

[131] Henke Ex. 1, ¶ 69; AC ¶69.

[132] Henke Ex. 1, ¶ 23; AC ¶ 60.

[133] In his Amended Complaint, he states (for example) that his children watched movies every week as a family (¶ 65), he read books with his sons (¶ 66), and his family engaged in many activities of popular culture, including trips to Disney World, youth sports, major sporting events, plays, museums and the beach (¶ 64).

[134] Henke Evidence Document, ¶ 68d.

the community or otherwise meet the standard for defamation.  Mr. Henke has not proven that the Article's reporting on these matters is false or that Mr. Dechter misquoted his son.  The Court does not conclude that the Article's statements on these issues are defamatory or false.

### d. *Falsification Regarding Technology*

Mr. Henke also asserts that the article "falsely represent[s] the technology as unpromising and the undertaking as unproductive and so [falsely represents Henke] as delusional and unaccomplished."[135] He also claims that the Article describes him as "unprofessional" and "greed-driven,"[136] and belittles the Technology as "basement development."[137]  He also notes that the Article omits positive information about the Technology, for example, optimistic reports about the Technology in 1986 by the National Institute of Standards and Technology,[138] and successful field tests with support from the Federal Highway Administration.[139]

The Court disagrees with Mr. Henke's assessment. The Article does not attack his qualifications and does not offer a conclusion on the Technology's value.  Mr. Henke's Amended Complaint cites to words and phrases out of context of the overall Article. One could also easily state that the Article exalts Mr. Henke and the Device, comparing him to the celebrated mathematician John Nash[140] and commenting that the Device "ought to grab the world's attention."[141]  The overall gist of the Article is

---

[135] AC ¶ 72
[136] AC ¶ 79
[137] AC ¶ 73.
[138] AC ¶ 74.
[139] AC ¶ 76.
[140] Henke Ex. 1, ¶13.
[141] *Id.* ¶ 2.

a story about Mr. Henke's relentless determination and willpower to complete his quest to develop a device that "could prevent building collapses and save lives. If it works."[142]  The omission of Mr. Henke's preferred facts is not actionable unless the omission creates a falsity.[143]  The Court does not agree that the Article falsifies the value, promise or sincerity of the Technology.  The Court concludes that Mr. Henke has not proven that the Article is defamatory or false in its discussion of the Technology.

2. *Negligence*

As discussed above, for purposes of this Opinion, the Court considers Mr. Henke a private individual. Mr. Henke, therefore, must show by a preponderance of the evidence that the Sun (1) knew the Article's statements were false, (2) acted in reckless disregard to the truth, or (3) acted negligently in failing to ascertain the truth.[144]

The Court again observes that Mr. Henke has not shown that any of the statements in the Article are false.  But even assuming, without deciding, that he had, Mr. Henke also failed to show that the Sun acted negligently. The Court heard testimony from Mr. Dechter and admitted into evidence the notes that he took during his interviews.[145]  Mr. Dechter testified about the editorial process used for this

---

[142] Henke Ex. 1, ¶¶ 4-5.
[143] *Brokers' Choice*, 861 F.3d at 1108.  *See* n. 114-15, *supra*.
[144] *Jacron Sales*, 276 Md. at 597, 350 A.2d at 698 (1976).
[145] Tr. 7/2/2019 at 56:15 – 57:17 (Dechter). Mr. Dechter testified that sometimes he recorded his interviews with Mr. Henke, his family and others, but he also testified that the Sun had no official retention policy.  Tr. 7/2/219 at 54:19 – 56:14. Usually, he kept recordings while he was working on a project.  *Id.* Consistent with his usual practice, he had long ago disposed of the recordings of the interviews for the Article.  *Id.* In the pre-trial conferences and his closing statement, Mr. Henke argued

28

Article, the purpose of which includes ensuring its accuracy before publication.[146] He also testified that, when possible, he investigated allegations and facts that he had collected in the interviews from other sources.[147]  Mr. Dechter's written notes faithfully reflect the Article's contents and his testimony at trial was credible and sincere.[148]

In addition, Mr. Henke's journal entries largely support Mr. Dechter's testimony and verify that Mr. Dechter called him to check facts.[149] The record reflects that Mr. Dechter followed journalistic standards and confirmed the Article's contents before it went to print. Mr. Henke did not submit any evidence of negligence, and the record reflects that the Sun was diligent in verifying the contents of the Article before it went to print.  The Court rejects Mr. Henke's claim that the Sun acted negligently.

3. *Harm*

Mr. Henke alleges that the Article  has caused him and his family countless harms and has led to their financial ruin.[150]  He seeks redress of $100 million.[151] Under Maryland law, "[i]t is the general rule that one may recover only those damages that are affirmatively proved with reasonable certainty to have resulted as

---

that this destruction of evidence proves that the Sun acted with actual malice.  The Court disagrees and does not find that there was any deliberate spoliation of evidence.

[146] Tr. 7/2/2019 at 59:6 – 61:4 (Dechter).

[147] *Id.* at 70:5 – 72:11 (investigated University claims); 75:2 – 76:9 (investigated military service).

[148] Debtors' exhibits 1-8, 10-25, 27, 31-32, 34-36, 38-43.

[149] In Journal Entry dated July 19, 2007, for instance, Mr. Dechter had asked whether he had papers showing that he received an honorable discharge and Mr. Henke recorded in his journal that he didn't know if he had papers, but Mr. Henke asked Mr. Dechter to check records. Henke Ex. 7 at 53. In addition, in his journal entry on October 5, 2007, Mr. Henke recorded in his journal that Mr. Dechter called him to check facts. Henke Exhibit 7.

[150] AC ¶¶ 126 - 135.

[151] AC ¶ 136.

the natural, proximate and direct effect of the injury."[152] Put simply, Mr. Henke needs to prove that the Article is the root of his injuries.

Mr. Henke has not shown that the Article caused the harms that he has suffered. According to his own account of the facts in the Amended Complaint, many injuries befell him and his family *before the Article was published*.[153] In the Amended Complaint, Mr. Henke claims that the Article exacerbated his problems, including:

(1)  "Harm to reputation" –Mr. Henke refers to a letter to editor stating "I was sad after reading the story of Robert Henke and his soil probe. . . .Here's a gifted man whose brilliance is overshadowed by his selfishness. . . . It's too bad that Mr. Henke's legacy will be a shattered dysfunctional family."[154]

(2)  "Denied Justice and Redress" –Mr. Henke asserts that the Article prevents him from drawing any "interest into investigating his circumstances, in hopes of restoring well-being to his family."[155]

(3)  "Denied Professional Prospects" –Mr. Henke claims the Article deprived him of employment prospects including a job with the Nuclear Regulatory Commission, editing a journal manuscript or a future in academia.[156]

(4)  "Deteriorating Financial State" – Mr. Henke claims that depriving him of professional prospects contributed to his deteriorating financial state.[157]

(5)  "Compromised Social Standing" – Mr. Henke asserts that the Article irreversibly deprived him of social standing so that he could "never again live comfortably in the state of Maryland, where he had hoped to return."[158]

---

[152] *SG Homes Assoc., L.P. v. Marinucci,* 718 F.3d 327, 336 (4th Cir. 2013) (quoting *Empire Realty Co., Inc. v. Fleisher,* 269 Md. 278, 305 A.2d 144, 147 (1973).

[153] AC ¶ 9. ("When he approached *The Sun* during 2006, plaintiff, the firm, and his family had already suffered much harm, he believes, as a direct or indirect result of the misconduct.").

[154] AC ¶ 126.

[155] AC ¶ 128.

[156] AC ¶¶ 129 – 130.

[157] AC ¶ 131.

[158] AC ¶ 132.

(6)    "Distraction" – Mr. Henke claims that "[t]he [A]rticle and its aftermath have distracted plaintiff greatly from his family and other matters." Self-representation in the bankruptcy court and circuit court litigation has been "particularly consuming."[159]

(7)    "Emotional Distress" – Mr. Henke asserts that the Article caused him emotional distress and invaded his privacy.[160]

(8)    "Harm in Relation to Possible Interference with Search for Representation" – Mr. Henke claims that the Article prevents him from attracting representation for a lawsuit against the Sun.[161]

However, when Mr. Henke approached the Sun in 2006, he was seeking redress for similar harms that, at the time, he alleged were caused by the University.[162]  Mr. Henke has not presented any evidence connecting his failure to get a job that he interviewed for in June 2007 with the Article's later publication in October 2007.[163] For the reasons stated above, Mr. Henke has not proven that the Article was defamatory or false or published with negligence. A failure to prove these elements prevents any recovery.  However, upon review of the evidence in this case, the Court

---

[159] AC ¶ 133.

[160] AC ¶ 134.

[161] AC ¶ 135.

[162] Henke Ex. 2; Debtors' Ex. 44.  (Henke Letter to R. Mason, Chair of the University Board of Trustees dated November 30, 2006) ("The excesses of which I feel the University may be guilty have harmed my family and firm immeasurably. The family has been broken apart. We have lost our home, we have lost our security, we have no favorable prospects, our financial standing has been blackened, and our firm's progress—which had been substantial—has been brought to a standstill. Even more disturbing, my son has experienced serious juvenile difficulties . . . . I do not believe that my family would have suffered any of these indignities were it not for what I believe were extraordinary malicious efforts on the part of the University to undermine, without respectable cause, our ability to succeed professionally.")

[163] Journal Entry dated June 29, 2007, Henke Ex. 7 at 51; *see also* Journal Entry dated October 5, 2007 (Mr. Henke said he thought he could still be in the running for the position but admitted, "I'm worried because of IG's reports.") Henke Ex. 7 at 56.

31

also concludes that Mr. Henke's evidence does not prove that his condition - - or his family's condition - - materially worsened after the Article was published.

### B. <u>Misrepresentation and Stalking</u>

In addition to the defamation claims, Mr. Henke asserts five counts of misrepresentation.[164]

| Count 12: Misrepresentation of intent | Mr. Henke alleges the Sun had said it wanted to write an article about the Device, not a human-interest piece |
|---|---|
| Count 13: Misrepresentation of need for proof | Mr. Henke alleges at the outset of the process, the Sun led Mr. Henke to believe that proof of his concerns was not important.  When the Sun later asked for proof his allegations, he told Mr. Dechter that "if he had proof he wouldn't have needed *The Sun.*"[165] |
| Count 14: Silent misrepresentation regarding Air Force | Mr. Henke alleges that the Sun agreed to keep private the reason he left the Air Force |
| Count 15: Misrepresentation regarding treatment of younger son | Mr. Henke alleges the Sun had promised to not write about his son's legal issues |
| Count 16: Silent Misrepresentation of the Sun's neutrality | Mr. Henke alleges Mr. Dechter failed to disclose that he held a degree from and had taught at Johns Hopkins University |

To succeed on a claim of fraudulent misrepresentation, Mr. Henke must show five elements:  (1) a false representation was made, (2) its falsity was either known

---

[164] AC ¶¶ 94 – 116.
[165] AC ¶ 105.

to the maker or was made with such reckless indifference to the truth as to be the equivalent to actual knowledge of falsity; (3) the representation was made for the purpose of defrauding the plaintiff, (4) the plaintiff not only relied on the representation but had a right to rely on it and would not have done the thing from which the injury arose had the misrepresentation not been made, and (5) the plaintiff actually suffered damages directly resulting from the misrepresentation.[166]

Mr. Henke has fallen short of his burden. First, Mr. Henke's journal entries show that he knew the Article was going to be a "human interest" story that focused on him and on "devising something new that is useful and the troubles you experience" in development.[167] There is no evidence that the Sun represented that it did not need proof of Mr. Henke's allegations. Moreover, the journal entries reflect that Mr. Dechter told Mr. Henke that writing about the Air Force discharge was a "key element of the story."[168] Mr. Henke's journal notes that, when talking about the possibility of attending his son's court date, Mr. Dechter assured Mr. Henke that he "wouldn't exploit [his son],"[169] but the journal also shows that he knew the Article would include reference to his son's problems.[170] As far as Mr. Dechter's failure to

---

[166] *Charter Oak Fire Ins. Co. v. American Capital, Ltd.*, No. Civ.A. DKC 09-0100, 2011 WL 856374, *11 (D. Md. Mar. 9, 2011) (quoting *Swinson v. Lords Landing Vill. Condo.*, 360 Md. 462, 476, 758 A.2d 1008 (Md. 2000)).

[167] Journal Entry February 10, 2007. Henke Ex. 7 at 36.

[168] Journal Entry May 4, 2007.  Henke Ex. 7 at 48.

[169] Journal Entry April 20, 2007. Henke Ex. 7 at 37.

[170] Journal Entry October 5, 2007. Henke Ex. 7 at 57.  Mr. Dechter also testified that the newspaper was sensitive about including information about juveniles in stories and that the Article followed those policies and procedures when writing about Mr. Henke's son.  Tr. 7/2/2019 at 53:8 – 53:24.

mention his affiliation with the University, the Sun had no duty to disclose that information and it is neither relevant nor material.[171]

The Court concludes that Mr. Henke failed to prove that Mr. Dechter or the Sun made any fraudulent misrepresentations to Mr. Henke. And, as discussed above, Mr. Henke has not proven that he suffered any damages as a result of any alleged misrepresentation.

Mr. Henke does not allege a separate cause of action for stalking, but to the extent that it is relevant to the defamation or misrepresentation claims, the Court finds that the Sun did not stalk or attempt to intimidate him. To prove his point, Mr. Henke produced a stack of newspaper clippings from the Sun dating back to 1990 that, he alleges, each refer to a person, place, or thing that is related to him in one way or another. Many articles mention acquaintances of the Henke family. Others reference San Francisco, where the Henkes had gone on a trip. In one instance, the author cites to a Mr. Robert I. Henkin. To the extent these articles track Mr. Henke, the Court finds it is simply a coincidence. It is clear that the Sun did not try to intimidate Mr. Henke and there is no indication whatsoever that anyone stalked him.[172]

---

[171] *Rhee v. Highland Dev. Corp.*, 182 Md. App. 516, 524, 958 A.2d 385, 389 (Md. App. 2008) (holding that the elements of fraudulent concealment under Maryland law are (1) a duty to disclose a material fact, (2) failure to disclose, (3) intent to defraud, (4) reliance, and (5) damages).

[172] At trial, Mr. Henke stated that he concluded that the articles were evidence of stalking long after they were published. If he was intimidated, it was only in retrospect.

## VI.  CONCLUSION

For the reasons stated above, the Court sustains the Debtors' objection to Mr. Henke's claims. The Debtors' counsel is requested to submit a proposed form of order consistent with the foregoing with fourteen days of the date hereof.[173]

Dated: March 3, 2020
       Wilmington, Delaware

FOR THE COURT:

Brendan Linehan Shannon
United States Bankruptcy Judge

---

[173] As discussed in n. 24, *supra.*, Mr. Henke's evidentiary submissions include the Henke Evidentiary Materials. The Court represented to Mr. Henke that the original Henke Evidentiary Materials would be returned to him following the issuance of this Opinion.  The Court will either make these materials available to Mr. Henke to be picked up from the Bankruptcy Court or will direct the Debtors to pay to ship the Henke Evidentiary Materials back to him, at Mr. Henke's election.  The parties should confer and include Mr. Henke's election as part of the Order to be provided to the Court by Debtors' counsel.

United States Bankruptcy Court
District of Delaware

In re:                                                        Case No. 08-13141-BLS
Tribune Media Company, et al.                                Chapter 11
         Debtor
## CERTIFICATE OF NOTICE

District/off: 0311-1        User: Sherry          Page 1 of 28          Date Rcvd: Mar 04, 2020
                           Form ID: pdfgen        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 06, 2020.
         #+Robert Henke,    4104 Hearthside Drive,   Apt. 101,   Wilmington, NC 28412-8385

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                  TOTAL: 0

         ***** BYPASSED RECIPIENTS *****
NONE.                                                                                  TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 06, 2020                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 4, 2020 at the address(es) listed below:
          ANDREW GARY LIPKIN    on behalf of Defendant    NEW YORK CITY DEFERRED COMPENSATION PLAN
           alipkin@law.nyc.gov, andrewlipkin@msn.com
          ANDREW GARY LIPKIN    on behalf of Defendant    NYC EMPLOYEES RETIREMENT SYSTEM alipkin@law.nyc.gov,
           andrewlipkin@msn.com
          ANDREW GARY LIPKIN    on behalf of Defendant    BOARD OF EDUCATION NEW YORK CITY RETIREMENT SYSTEMS
           alipkin@law.nyc.gov,   andrewlipkin@msn.com
          ANDREW GARY LIPKIN    on behalf of Defendant    TEACHERS' RETIREMENT SYSTEM OF THE CITY OF NEW YORK
           alipkin@law.nyc.gov,   andrewlipkin@msn.com
          Aaron L. Hammer   on behalf of Other Prof.   Mercer (US) Inc. ahammer@hmblaw.com,
           ecfnotices@hmblaw.com;ndelman@hmblaw.com
          Aaron L. Hammer   on behalf of Defendant    David P. Murphy ahammer@hmblaw.com,
           ecfnotices@hmblaw.com
          Adam  Hiller   on behalf of Interested Party James  Allen ahiller@adamhillerlaw.com
          Adam  Hiller   on behalf of Interested Party Gary  Grant ahiller@adamhillerlaw.com
          Adam  Hiller   on behalf of Interested Party Charles  Evans ahiller@adamhillerlaw.com
          Adam  Hiller   on behalf of Interested Party Pearl  Evans ahiller@adamhillerlaw.com
          Adam  Hiller   on behalf of Interested Party   The Retirement Claimants ahiller@adamhillerlaw.com
          Adam  Hiller   on behalf of Interested Party   TM Retirees ahiller@adamhillerlaw.com
          Adam  Hiller   on behalf of Interested Party Sean  Serrao ahiller@adamhillerlaw.com
          Adam  Hiller   on behalf of Interested Party Loretta  Grant ahiller@adamhillerlaw.com
          Adam  Hiller   on behalf of Creditor    Minimum Wage Class Claimants ahiller@adamhillerlaw.com
          Adam  Hiller   on behalf of Interested Party Bill  McNair ahiller@adamhillerlaw.com
          Adam G. Landis    on behalf of Plaintiff    The Official Committee of Unsecured Creditors of Tribune
           Company, on behalf of Tribune Company, et al. landis@lrclaw.com,
           brown@lrclaw.com;Ramirez@lrclaw.com;dellose@lrclaw.com;butler@lrclaw.com
          Adam G. Landis    on behalf of Attorney    Landis Rath & Cobb LLP landis@lrclaw.com,
           brown@lrclaw.com;Ramirez@lrclaw.com;dellose@lrclaw.com;butler@lrclaw.com
          Adam G. Landis    on behalf of Plaintiff    The Official Committee of Unsecured Creditors of the
           Tribune Company landis@lrclaw.com,
           brown@lrclaw.com;Ramirez@lrclaw.com;dellose@lrclaw.com;butler@lrclaw.com
          Adam G. Landis    on behalf of Interested Party    OFFICIAL COMMITTEE OF UNSECURED CREDITORS
           landis@lrclaw.com,  brown@lrclaw.com;Ramirez@lrclaw.com;dellose@lrclaw.com;butler@lrclaw.com
          Adam G. Landis    on behalf of Plaintiff    The Official Committee of Unsecured Creditors of
           Tribune Company, on behalf of Tribune Company, et al. landis@lrclaw.com,
           brown@lrclaw.com;Ramirez@lrclaw.com;dellose@lrclaw.com;butler@lrclaw.com
          Adam L Hirsch   on behalf of Interested Party    SuttonBrook Capital Management LP
           adam.hirsch@srz.com,  adam.hirsch@srz.com
          Adam Scott Moskowitz   on behalf of Creditor    ASM Capital IV, L.P. asmcapital@aol.com

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
```
          Adam Scott Moskowitz   on behalf of Creditor    ASM SIP, L.P. asmcapital@aol.com
          Adam Scott Moskowitz   on behalf of Creditor    ASM Capital, L.P. asmcapital@aol.com
          Adam Scott Moskowitz   on behalf of Creditor    ASM Capital III, L.P. asmcapital@aol.com
          Adolph F. Fellmeth   on behalf of Creditor   Anton/Bauer fred.fellmeth@vitecgroup.com
          Adolph F. Fellmeth   on behalf of Creditor   Camera Dynamics, Inc. fred.fellmeth@vitecgroup.com
          Adolph F. Fellmeth   on behalf of Creditor   Nucomm, Inc. fred.fellmeth@vitecgroup.com
          Adolph F. Fellmeth   on behalf of Creditor   RF Central LLC fred.fellmeth@vitecgroup.com
          Alan J. Stone   on behalf of Defendant    Geode Capital Management, LLC astone@milbank.com,
           aleblanc@milbank.com
          Alan J. Stone   on behalf of Defendant    BNP Paribas Securities Corp. astone@milbank.com,
           aleblanc@milbank.com
          Alan J. Stone   on behalf of Defendant    Fidelity Concord Street Trust astone@milbank.com,
           aleblanc@milbank.com
          Alan J. Stone   on behalf of Defendant    UBS Securities Inc astone@milbank.com,
           aleblanc@milbank.com
          Alan J. Stone   on behalf of Defendant    Fidelity Select Portfolios astone@milbank.com,
           aleblanc@milbank.com
          Alan J. Stone   on behalf of Defendant    FMR LLC astone@milbank.com,  aleblanc@milbank.com
          Alan J. Stone   on behalf of Defendant    Fidelity Rutland Square Trust II astone@milbank.com,
           aleblanc@milbank.com
          Alan J. Stone   on behalf of Witness     Deutsche Bank Securities, Inc. astone@milbank.com,
           aleblanc@milbank.com
          Alan J. Stone   on behalf of Defendant    Fidelity Advisor Series I astone@milbank.com,
           aleblanc@milbank.com
          Alan J. Stone   on behalf of Defendant    Fidelity Puritan Trust astone@milbank.com,
           aleblanc@milbank.com
          Alan J. Stone   on behalf of Defendant    Fidelity Commonwealth Trust astone@milbank.com,
           aleblanc@milbank.com
          Alan J. Stone   on behalf of Witness     Deutsche Bank Aktiengesellschaft astone@milbank.com,
           aleblanc@milbank.com
          Alan J. Stone   on behalf of Defendant    Amalgamated Bank astone@milbank.com,
           aleblanc@milbank.com
          Alan J. Stone   on behalf of Defendant    Fidelity  Securities Fund astone@milbank.com,
           aleblanc@milbank.com
          Alan Michael Root   on behalf of Interested Party Samuel  Zell aroot@archerlaw.com
          Alan Michael Root   on behalf of Other Prof.   EGI-TRB LLC aroot@archerlaw.com
          Alan Michael Root   on behalf of Other Prof.   EGI-TRB, L.L.C. and Samuel Zell aroot@archerlaw.com
          Alexander R. Bilus   on behalf of Interested Party   Manufacturers Life Insurance Company
           abilus@saul.com,  bward@saul.com
          Alexander R. Bilus   on behalf of Interested Party   Oppenheimer Champion Income Fund
           abilus@saul.com,  bward@saul.com
          Alexander R. Bilus   on behalf of Interested Party   Capstone Asset Management Company
           abilus@saul.com,  bward@saul.com
          Alexander R. Bilus   on behalf of Interested Party   Vanguard Fenway Funds abilus@saul.com,
           bward@saul.com
          Alexander R. Bilus   on behalf of Interested Party   Schwab Capital Trust abilus@saul.com,
           bward@saul.com
          Alexander R. Bilus   on behalf of Interested Party   John Hancock Trust abilus@saul.com,
           bward@saul.com
          Alexander R. Bilus   on behalf of Interested Party   Schwab 1000 Funds abilus@saul.com,
           bward@saul.com
          Alexander R. Bilus   on behalf of Interested Party   Vanguard Tax-Managed Funds abilus@saul.com,
           bward@saul.com
          Alexander R. Bilus   on behalf of Interested Party   Aegon/Transamerica Series Trust
           abilus@saul.com,  bward@saul.com
          Alexander R. Bilus   on behalf of Interested Party   Frank Russell Company abilus@saul.com,
           bward@saul.com
          Alexander R. Bilus   on behalf of Interested Party   Transamerica Partners Funds Group II
           abilus@saul.com,  bward@saul.com
          Alexander R. Bilus   on behalf of Interested Party   Capstone Series Fund, Inc. abilus@saul.com,
           bward@saul.com
          Alexander R. Bilus   on behalf of Interested Party   John Hancock Funds II abilus@saul.com,
           bward@saul.com
          Alexander R. Bilus   on behalf of Interested Party   Pacific Select Fund abilus@saul.com,
           bward@saul.com
          Alexander R. Bilus   on behalf of Interested Party   Vanguard Valley Forge Funds abilus@saul.com,
           bward@saul.com
          Alexander R. Bilus   on behalf of Interested Party   Transamerica Partners Portfolios
           abilus@saul.com,  bward@saul.com
          Alexander R. Bilus   on behalf of Interested Party   Vanguard Institutional Index Funds
           abilus@saul.com,  bward@saul.com
          Alexander R. Bilus   on behalf of Interested Party   The Vanguard Group, Inc. abilus@saul.com,
           bward@saul.com
          Alexander R. Bilus   on behalf of Interested Party   Vanguard Index Funds abilus@saul.com,
           bward@saul.com
          Alexander R. Bilus   on behalf of Interested Party   Sun Capital Advisers Trust abilus@saul.com,
           bward@saul.com
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
          Alexander R. Bilus    on behalf of Interested Party    Vanguard Whitehall Funds abilus@saul.com,
           bward@saul.com
          Alexander R. Bilus    on behalf of Interested Party    PIMCO Variable Insurance Trust
           abilus@saul.com,    bward@saul.com
          Alexander R. Bilus    on behalf of Interested Party    Schwab Annuity Portfolios abilus@saul.com,
           bward@saul.com
          Alexander R. Bilus    on behalf of Interested Party    MassMutual Select Funds abilus@saul.com,
           bward@saul.com
          Alexander R. Bilus    on behalf of Interested Party    Russell Investment Company abilus@saul.com,
           bward@saul.com
          Alexander R. Bilus    on behalf of Interested Party    John Hancock Funds III abilus@saul.com,
           bward@saul.com
          Alexander R. Bilus    on behalf of Interested Party    Transamerica Idex Mutual Fund
           abilus@saul.com,    bward@saul.com
          Alexander R. Bilus    on behalf of Interested Party    Vanguard World Funds abilus@saul.com,
           bward@saul.com
          Alexander R. Bilus    on behalf of Interested Party    MassMutual Premier Funds abilus@saul.com,
           bward@saul.com
          Alexander R. Bilus    on behalf of Interested Party    Vanguard Windsor Funds abilus@saul.com,
           bward@saul.com
          Alexander R. Bilus    on behalf of Interested Party    Schwab Investments abilus@saul.com,
           bward@saul.com
          Alexander R. Bilus    on behalf of Interested Party    Babson Capital Management LLC
           abilus@saul.com,    bward@saul.com
          Alexander R. Bilus    on behalf of Interested Party    Vanguard Variable Insurance Funds
           abilus@saul.com,    bward@saul.com
          Alexander R. Bilus    on behalf of Interested Party    Steward Fund, Inc. abilus@saul.com,
           bward@saul.com
          Alexander R. Bilus    on behalf of Interested Party    Oppenheimer Main Street Opportunity Fund
           abilus@saul.com,    bward@saul.com
          Alexander R. Bilus    on behalf of Interested Party    Oppenheimer Main Street Small Cap Fund
           abilus@saul.com,    bward@saul.com
          Alexander R. Bilus    on behalf of Interested Party    MML Series Investment Fund abilus@saul.com,
           bward@saul.com
          Alexander R. Bilus    on behalf of Interested Party    Harbor Fund abilus@saul.com,    bward@saul.com
          Alexander R. Bilus    on behalf of Interested Party    Vanguard Quantitative Funds abilus@saul.com,
           bward@saul.com
          Alexander R. Bilus    on behalf of Interested Party    American Independence Funds Trust
           abilus@saul.com,    bward@saul.com
          Alexander R. Bilus    on behalf of Interested Party    Clearwater Investment Trust abilus@saul.com,
           bward@saul.com
          Alexander R. Bilus    on behalf of Interested Party    John Hancock Bond Trust abilus@saul.com,
           bward@saul.com
          Alexander R. Bilus    on behalf of Interested Party    MMA Praxis Mutual Funds abilus@saul.com,
           bward@saul.com
          Alexander R. Bilus    on behalf of Interested Party    Vanguard Malvern Funds abilus@saul.com,
           bward@saul.com
          Alexander R. Bilus    on behalf of Interested Party    Munder Series Trust abilus@saul.com,
           bward@saul.com
          Alexander R. Bilus    on behalf of Interested Party    PIMCO Funds abilus@saul.com,    bward@saul.com
          Alexander R. Bilus    on behalf of Interested Party    MFC Global Investment Management (U.S.A.)
           Limited abilus@saul.com,    bward@saul.com
          Alexander R. Bilus    on behalf of Interested Party    Transamerica Partners Funds Group
           abilus@saul.com,    bward@saul.com
          Alexander R. Bilus    on behalf of Interested Party    MML Series Investment Fund II
           abilus@saul.com,    bward@saul.com
          Alexander R. Bilus    on behalf of Interested Party    Lincoln Variable Insurance Products Trust
           abilus@saul.com,    bward@saul.com
          Alissa S. Wright    on behalf of Defendant    NEW YORK STATE TEACHERS RET SYSTEM (NYSTRS)
           alissa.wright@ag.ny.gov,    stephanie.rosenberg@ag.ny.gov
          Amanda Winfree Herrmann    on behalf of Interested Party    Centerbridge Credit Advisors LLC
           aherrmann@ashby-geddes.com
          Amanda Winfree Herrmann    on behalf of Interested Party    Aurelius Capital Management, LP
           aherrmann@ashby-geddes.com
          Amanda Winfree Herrmann    on behalf of Interested Party    Akin Gump Strauss Hauer & Feld LLP
           aherrmann@ashby-geddes.com
          Amish R. Doshi    on behalf of Creditor    Oracle America, Inc. amish@doshilegal.com
          Amit K. Trehan    on behalf of Interested Party    Barclays Bank PLC atrehan@mayerbrown.com,
           atrehan@mayerbrownrowe.com
          Amy D. Brown    on behalf of Interested Party    Chicago Tribune Company abrown@gsbblaw.com
          Andrew  Schoulder    on behalf of Interested Party    Step One Credit Agreement Lenders
           andrew.schoulder@bgllp.com
          Andrew Glenn Devore    on behalf of Interested Party    TV Guide Online, Inc.
           andrew.devore@ropesgray.com
          Andrew Glenn Devore    on behalf of Interested Party    TV Guide Online, LLC
           andrew.devore@ropesgray.com
          Andrew N. Goldman    on behalf of Interested Party    Angelo, Gordon & Co.
           andrew.goldman@wilmerhale.com,    yolande.thompson@wilmerhale.com

District/off: 0311-1          User: Sherry              Page 4 of 28          Date Rcvd: Mar 04, 2020
                             Form ID: pdfgen           Total Noticed: 1

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)

Andrew S. Conway    on behalf of Creditor    Taubman Landlords Aconway@taubman.com
Angie M. Cowan    on behalf of Interested Party    Inernational Association of Machinists Local 126
 ("IAM Local 126") cowan@ask-attorneys.com
Anthony M. Saccullo    on behalf of Attorney Anthony M.  Saccullo ams@saccullolegal.com
Anthony M. Saccullo    on behalf of Attorney Anthony M. Saccullo  A.M. Saccullo Legal, LLC
 ams@saccullolegal.com
Anthony M. Saccullo    on behalf of Defendant Timothy P. Knight ams@saccullolegal.com
Anthony M. Saccullo    on behalf of Interested Party  Timothy P. Knight ams@saccullolegal.com
Anthony M. Saccullo    on behalf of Interested Party Timothy P. Knight ams@saccullolegal.com
Antranig N. Garibian    on behalf of Defendant    JP Morgan Chase Bank N.A. ag@garibianlaw.com,
 kb@garibianlaw.com
Antranig N. Garibian    on behalf of Defendant    Invesco Structured Core Fund
 agaribian@stradley.com,  kb@garibianlaw.com
Antranig N. Garibian    on behalf of Defendant    PowerShares Exchange-Traded Fund Trust
 agaribian@stradley.com,  kb@garibianlaw.com
Antranig N. Garibian    on behalf of Defendant Dennis J. Fitzsimmons agaribian@stradley.com,
 kb@garibianlaw.com
Ari David Kunofsky    on behalf of Creditor    UNITED STATES OF AMERICA ari.d.kunofsky@usdoj.gov,
 eastern.taxcivil@usdoj.gov
Artemio C. Aranilla    on behalf of Defendant    SEI INSTITUTIONAL MANAGED TRUST LARGE CAP VALUE
 FUND acaranilla@mdwcg.com, sekreps@mdwcg.com;efile@mdwcg.com;frparis@mdwcg.com
Arthur Steinberg    on behalf of Interested Party    General Motors Hourly-Rate Employee Pension
 Trust asteinberg@kslaw.com, jcmccullough@kslaw.com
Barbara Suzanne Mehlsack    on behalf of Defendant    PAVERS & ROAD BUILDERS PENSION FUND
 bmehlsack@gkllaw.com,  rlynch@gkllaw.com
Barbara Suzanne Mehlsack    on behalf of Defendant    LABORERS NATIONAL PENSION FUND
 bmehlsack@gkllaw.com,  rlynch@gkllaw.com
Barbara Suzanne Mehlsack    on behalf of Interested Party    Pavers and Road Builders District
 Council Pension Fund bmehlsack@gkllaw.com,  rlynch@gkllaw.com
Barbara Suzanne Mehlsack    on behalf of Interested Party    LABORERS NATIONAL PENSION FUND
 bmehlsack@gkllaw.com,  rlynch@gkllaw.com
Benjamin W. Keenan    on behalf of Interested Party    Aurelius Capital Management, LP
 bkeenan@ashbygeddes.com, bkeenan@ashbygeddes.com
Brain E. Martin    on behalf of Defendant    CATHOLIC UNITED INVESTMENT TRUST
 bmartin@stamostrucco.com
Brian A. Sullivan    on behalf of Interested Party    Wells Fargo Bank, N.A., as successor
 administrative agent bsullivan@werbsullivan.com,  hbelair@werbsullivan.com
Brian A. Sullivan    on behalf of Interested Party    Wells Fargo Bank, N.A. as Administrative
 Agent under the Bridge Credit Agreement bsullivan@werbsullivan.com,  hbelair@werbsullivan.com
Brian E. Lutness    on behalf of Creditor Marcia  Willette brain@silverman-mcdonald.com
Brian G. Esders    on behalf of Creditor    Truck Drivers & Helpers Local 355 and Health & Welfare
 Fund & Truck Drivers and Helpers Local 355 Pension Fund besders@abato.com
Brian L. Arban    on behalf of Attorney Brian  Arban barban@hillerarban.com
Brian M Rostocki    on behalf of Defendant    Dreyfus Stock Index Funds, Inc.
 brostocki@reedsmith.com,  bankruptcy-2628@ecf.pacerpro.com
Brian M Rostocki    on behalf of Defendant    Dreyfus Variable Investment Funds
 brostocki@reedsmith.com,  bankruptcy-2628@ecf.pacerpro.com
Brian M Rostocki    on behalf of Defendant    The Bank of New York Trust Company, N.A.
 brostocki@reedsmith.com,  bankruptcy-2628@ecf.pacerpro.com
Brian M  Rostocki    on behalf of Interested Party    Pershing LLC brostocki@reedsmith.com,
 bankruptcy-2628@ecf.pacerpro.com
Brian M Rostocki    on behalf of Defendant    Strategic Funds, Inc. brostocki@reedsmith.com,
 bankruptcy-2628@ecf.pacerpro.com
Brian M Rostocki    on behalf of Defendant    BNY Hamilton Funds Inc. brostocki@reedsmith.com,
 bankruptcy-2628@ecf.pacerpro.com
Brian M Rostocki    on behalf of Defendant    The Dreyfus/Laurel Funds, Inc.
 brostocki@reedsmith.com,  bankruptcy-2628@ecf.pacerpro.com
Brian M Rostocki    on behalf of Defendant    Dreyfus Premier Manager Funds II
 brostocki@reedsmith.com,  bankruptcy-2628@ecf.pacerpro.com
Brian M Rostocki    on behalf of Defendant    Dreyfus Index Funds, Inc. brostocki@reedsmith.com,
 bankruptcy-2628@ecf.pacerpro.com
Brian T. Carney    on behalf of Interested Party    Aurelius Capital Management, LP
 bcarney@akingump.com,  nymco@akingump.com
Bruce E. Jameson, ESQ    on behalf of Interested Party    MassMutual Premier Funds
 Bejameson@prickett.com
Bruce E. Jameson, ESQ    on behalf of Interested Party    Munder Series Trust Bejameson@prickett.com
Bruce E. Jameson, ESQ    on behalf of Interested Party    Clearwater Investment Trust
 Bejameson@prickett.com
Bruce E. Jameson, ESQ    on behalf of Interested Party    Stewart Funds, Inc. Bejameson@prickett.com
Bruce E. Jameson, ESQ    on behalf of Interested Party    Capstone Series Fund, Inc.
 Bejameson@prickett.com
Bruce E. Jameson, ESQ    on behalf of Interested Party    Sun Capital Advisers Trust
 Bejameson@prickett.com
Bruce E. Jameson, ESQ    on behalf of Interested Party    PIMCO Funds Bejameson@prickett.com
Bruce E. Jameson, ESQ    on behalf of Interested Party    Russell Investment Company
 Bejameson@prickett.com
Bruce E. Jameson, ESQ    on behalf of Interested Party    MML Series Investment Fund
 Bejameson@prickett.com

District/off: 0311-1          User: Sherry              Page 5 of 28              Date Rcvd: Mar 04, 2020
                             Form ID: pdfgen            Total Noticed: 1

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
              Bruce E. Jameson, ESQ    on behalf of Interested Party   Steward Fund, Inc. Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   Schwab Annuity Portfolios
               Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   Schwab 1000 Funds Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   MML Series Investment Fund II
               Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   Schwab Investments Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   Pacific Select Fund Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   Transamerica Partners Portfolios
               Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   Vanguard Fenway Funds
               Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   The Vanguard Group, Inc.
               Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   Vanguard Malvern Funds
               Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   American Independence Funds Trust
               Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   MMA Praxis Mutual Funds
               Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   Schwab Capital Trust
               Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   Capstone Asset Management Company
               Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   PIMCO Variable Insurance Trust
               Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   Babson Capital Management LLC
               Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   John Hancock Funds III
               Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   MFC Global Investment Management (U.S.A.)
               Limited Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   Oppenheimer Main Street Opportunity Fund
               Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   Manufacturers Life Insurance Company
               Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   Harbor Funds Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   Frank Russell Company
               Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   Transamerica Idex Mutual Fund
               Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   Vanguard Windsor Funds
               Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   Vanguard Whitehall Funds
               Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   Oppenheimer Champion Income Fund
               Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   Vanguard World Funds
               Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   Lincoln Variable Insurance Products Trust
               Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   Vanguard Valley Forge Funds
               Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   Vanguard Tax-Managed Funds
               Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   John Hancock Trust Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   John Hancock Bond Trust
               Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   Transamerica Partners Funds Group
               Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   Transamerica Partners Funds Group II
               Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   MassMutual Select Funds
               Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   Vanguard Variable Insurance Funds
               Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   John Hancock Funds II
               Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   Aegon/Transamerica Series Trust
               Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   Vanguard Institutional Index Funds
               Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   Oppenheimer Main Street Small Cap Fund
               Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   Vanguard Quantitative Funds
               Bejameson@prickett.com
              Bruce E. Jameson, ESQ    on behalf of Interested Party   Harbor Fund Bejameson@prickett.com
              Camela J. Chapman    on behalf of Interested Party   Howard County, Maryland cchapman@co.ho.md.us

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
              Carol E. Momjian   on behalf of Creditor   Commonwealth of PA, Department of Revenue
              cmomjian@attorneygeneral.gov
              Carol E. Momjian   on behalf of Creditor   PA Department of Revenue cmomjian@attorneygeneral.gov
              Caroline R. Djang   on behalf of Creditor   LIT Finance, LP caroline.djang@bbklaw.com,
              evelyn.gomez@bbklaw.com;sansanee.wells@bbklaw.com
              Catherine Steege   on behalf of Other Prof.   EGI-TRB, L.L.C. and Samuel Zell csteege@jenner.com,
              docketing@jenner.com;dhixson@jenner.com;mroot@jenner.com;WHughes@jenner.com
              Charles J. Brown   on behalf of Creditor   Jewel Food Store cbrown@gsbblaw.com
              Charles J. Brown   on behalf of Creditor   Iron Mountain Information Management, Inc.
              cbrown@gsbblaw.com
              Christina M. Thompson   on behalf of Creditor   DMD Special Situations Funding LLC
              cthompson@connollygallagher.com
              Christopher A. Ward   on behalf of Interested Party   Channing Capital Management
              cward@polsinelli.com, LSuprum@Polsinelli.com;delawaredocketing@polsinelli.com
              Christopher A. Ward   on behalf of Interested Party   Daniel Kazan cward@polsinelli.com,
              LSuprum@Polsinelli.com;delawaredocketing@polsinelli.com
              Christopher A. Ward   on behalf of Interested Party   Schultze Asset Management, LLC
              cward@polsinelli.com, LSuprum@Polsinelli.com;delawaredocketing@polsinelli.com
              Christopher Dean Loizides   on behalf of Attorney   Loizides PA loizides@loizides.com
              Christopher Dean Loizides   on behalf of Interested Party   Brigade Capital Management
              loizides@loizides.com
              Christopher J. Giaimo   on behalf of Creditor   Tirschwell & Loewy, Inc. cgiaimo@clarkhill.com
              Christopher M. Samis   on behalf of Interested Party   TV Guide Online, LLC
              csamis@potteranderson.com,
              cgiobbe@potteranderson.com;lhuber@potteranderson.com;bankruptcy@potteranderson.com;lhuber@pottera
              nderson.com
              Christopher M. Samis   on behalf of Interested Party   TV Guide Online, Inc.
              csamis@potteranderson.com,
              cgiobbe@potteranderson.com;lhuber@potteranderson.com;bankruptcy@potteranderson.com;lhuber@pottera
              nderson.com
              Christopher Page Simon   on behalf of Interested Party   JPMorgan Chase Bank, N.A.
              csimon@crosslaw.com, smacdonald@crosslaw.com
              Christopher Page Simon   on behalf of Defendant   J.P. Morgan Securities Inc. csimon@crosslaw.com,
              smacdonald@crosslaw.com
              Christopher Page Simon   on behalf of Interested Party   JPMorgan Securities Inc.
              csimon@crosslaw.com, smacdonald@crosslaw.com
              Christopher Page Simon   on behalf of Interested Party   Washington-Baltimore Newspaper Guild,
              Local 32035, TNG-CWA csimon@crosslaw.com, smacdonald@crosslaw.com
              Christopher Page Simon   on behalf of Defendant   JP Morgan Chase Bank, N.A., individually and as
              Administrative Agent csimon@crosslaw.com, smacdonald@crosslaw.com
              Christopher R. Belmonte   on behalf of Defendant   International Business Machines Corporation,
              Stichting Pensioenfonds IBM Nederland, sued herein as IBM Netherlands MSCI US cbelmonte@ssbb.com,
              pbosswick@ssbb.com,managingclerk@ssbb.com,asnow@ssbb.com
              Christopher R. Belmonte   on behalf of Defendant   IBM Personal Pension Plan Trust
              cbelmonte@ssbb.com, pbosswick@ssbb.com,managingclerk@ssbb.com,asnow@ssbb.com
              Christopher R. Belmonte   on behalf of Defendant   IBM Canada Limited, sued herein as IBM Canada
              cbelmonte@ssbb.com, pbosswick@ssbb.com,managingclerk@ssbb.com,asnow@ssbb.com
              Christopher S. Chow   on behalf of Creditor   CCI Europe A/S chowc@ballardspahr.com
              Claire P. Murphy   on behalf of Defendant Chandler  Bigelow cmurphy@sperling-law.com,
              lsands@sperling-law.com
              Colm F. Connolly   on behalf of Defendant   New York State Common Retirement Fund
              cconnolly@morganlewis.com, lori.gibson@morganlewis.com
              Colm F. Connolly   on behalf of Interested Party   New York State Common Retirement Fund
              cconnolly@morganlewis.com, lori.gibson@morganlewis.com
              Curtis S. Miller   on behalf of Creditor   Comcast Cable Communications, LLC csmefiling@mnat.com,
              curtis-miller-4921@ecf.pacerpro.com;meghan-leyh-4080@ecf.pacerpro.com;emily-malafronti-2874@ecf.p
              acerpro.com;glenn-reimann-6767@ecf.pacerpro.com
              Curtis S. Miller   on behalf of Interested Party   The CW Network, LLC csmefiling@mnat.com,
              curtis-miller-4921@ecf.pacerpro.com;meghan-leyh-4080@ecf.pacerpro.com;emily-malafronti-2874@ecf.p
              acerpro.com;glenn-reimann-6767@ecf.pacerpro.com
              D. Ross Martin   on behalf of Interested Party   President and Fellows of Harvard College
              rmartin@ropesgray.com
              D. Ross Martin   on behalf of Interested Party   Artis Capital Management, L.P.
              rmartin@ropesgray.com
              D. Ross Martin   on behalf of Interested Party Marcia  Tingley rmartin@ropesgray.com
              Dana S. Plon   on behalf of Creditor   Unisys Corporation dplon@sirlinlaw.com
              Daniel Horowitz   on behalf of Defendant   Marshwinds Advisory Co. dhorowit@alumni.law.upenn.edu
              Daniel R. Swetnam   on behalf of Interested Party   Ohio Public Employees Retirement System
              Daniel.Swetnam@icemiller.com, Deborah.Martin@icemiller.com
              Daniel A. Shmikler   on behalf of Defendant Chandler  Bigelow dshmikler@sperling-law.com,
              cmurphy@sperling-law.com,sflorsheim@sperling-law.com
              Daniel B. Rath   on behalf of Plaintiff   The Official Committee of Unsecured Creditors of the
              Tribune Company rath@lrclaw.com, rogers@lrclaw.com;Butler@lrclaw;Ramirez@lrclaw.com
              Daniel B. Rath   on behalf of Plaintiff   The Official Committee of Unsecured Creditors of
              Tribune Company, on behalf of Tribune Company, et al. rath@lrclaw.com,
              rogers@lrclaw.com;Butler@lrclaw.com;Ramirez@lrclaw.com
              Daniel K. Hogan   on behalf of Interested Party   Employee Compensation Defendants Group
              dkhogan@dkhogan.com, gdurstein@dkhogan.com,

District/off: 0311-1          User: Sherry          Page 7 of 28          Date Rcvd: Mar 04, 2020
                              Form ID: pdfgen        Total Noticed: 1

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
          Daniel K. Hogan    on behalf of Interested Party Anthony  LaMantia dkhogan@dkhogan.com,
           gdurstein@dkhogan.com,
          Daniel K. Hogan    on behalf of Interested Party   Certain SLCFC Defendants (Charles R. Baugh and
           others similarly situated) dkhogan@dkhogan.com,  gdurstein@dkhogan.com,
          David B. Stratton    on behalf of Interested Party   BANK OF AMERICA, N.A. strattond@pepperlaw.com,
           wlbank@pepperlaw.com,strattond@ecf.inforuptcy.com,wlbank@ecf.inforuptcy.com,
           smithda@pepperlaw.com,molitorm@pepperlaw.com
          David B. Stratton    on behalf of Interested Party   Banc of America Securities LLC
           strattond@pepperlaw.com, wlbank@pepperlaw.com,strattond@ecf.inforuptcy.com,
           wlbank@ecf.inforuptcy.com,smithda@pepperlaw.com,molitorm@pepperlaw.com
          David L. Buchbinder    david.l.buchbinder@usdoj.gov,  david.l.buchbinder@usdoj.gov
          David M. Powlen    on behalf of Creditor   Morgan Stanley & Co. LLC dpowlen@btlaw.com,
           pgroff@btlaw.com;Kathy.lytle@btlaw.com
          David M. Powlen    on behalf of Creditor   Morgan Stanley & Co., Inc. dpowlen@btlaw.com,
           pgroff@btlaw.com;Kathy.lytle@btlaw.com
          David M. Powlen    on behalf of Defendant   Morgan Stanley & Co. LLC dpowlen@btlaw.com,
           pgroff@btlaw.com;Kathy.lytle@btlaw.com
          David M. Powlen    on behalf of Defendant   Morgan Stanley Smith Barney LLC dpowlen@btlaw.com,
           pgroff@btlaw.com;Kathy.lytle@btlaw.com
          David M. Zensky    on behalf of Trustee   Litigation Trustee dzensky@akingump.com,
           nymco@akingump.com;AGSearch-Lit@akingump.com
          David M. Zensky    on behalf of Interested Party   Aurelius Capital Management, LP
           dzensky@akingump.com,  nymco@akingump.com;AGSearch-Lit@akingump.com
          David S. Leinwand    on behalf of Creditor   Avenue Blue TC Fund, LP dleinwand@amroc.com
          David S. Leinwand    on behalf of Creditor   Avenue TC Fund, L.P. dleinwand@amroc.com
          David W. Carickhoff    on behalf of Other Prof.   EGI-TRB LLC dcarickhoff@archerlaw.com,
           DE20@ecfcbis.com
          David W. Carickhoff    on behalf of Other Prof.   EGI-TRB, L.L.C. and Samuel Zell
           dcarickhoff@archerlaw.com,  DE20@ecfcbis.com
          David W. Carickhoff    on behalf of Interested Party Samuel  Zell dcarickhoff@archerlaw.com,
           DE20@ecfcbis.com
          David W. Carickhoff    on behalf of Spec. Counsel   Jenner Block LLP dcarickhoff@archerlaw.com,
           DE20@ecfcbis.com
          David William Reimann    on behalf of Creditor   Majestic Realty Co., Yorba Park I, LLC, Yorba
           Park Sub, LLC dreimann@reimannlawgroup.com
          Denis C. Dice, Esq.    on behalf of Defendant   SEI Large Cap Value Fund dcdice@mdwcg.com
          Dennis A. Meloro    on behalf of Interested Party   Aurelius Capital Management, LP
           melorod@gtlaw.com,  bankruptcydel@gtlaw.com;melorod@gtlaw.com;dellitdock@gtlaw.com
          Dennis A. Meloro    on behalf of Interested Party   Lauderdale River, Inc. melorod@gtlaw.com,
           bankruptcydel@gtlaw.com;melorod@gtlaw.com;dellitdock@gtlaw.com
          Dennis A. Meloro    on behalf of Creditor   Hamdon Entertainment melorod@gtlaw.com,
           bankruptcydel@gtlaw.com;melorod@gtlaw.com;dellitdock@gtlaw.com
          Derek C. Abbott    on behalf of Interested Party   Sandelman Finance 2006-1 Ltd. dabbott@mnat.com,
           meghan-leyh-4080@ecf.pacerpro.com;emily-malafronti-2874@ecf.pacerpro.com;glenn-reimann-6767@ecf.p
           acerpro.com
          Devon J. Eggert    on behalf of Other Prof.   Mercer (US) Inc. deggert@bcblaw.net,
           pfoster@bcblaw.net
          Devon J. Eggert    on behalf of Creditor   David P. Murphy deggert@bcblaw.net,  pfoster@bcblaw.net
          Devon J. Eggert    on behalf of Creditor   James L. Ellis deggert@bcblaw.net,  pfoster@bcblaw.net
          Donald L. Gouge, Jr.    on behalf of Interested Party   International Brotherhood of Electrical
           Workers AFL-CIO Local 4 dgouge@gougelaw.com,  lmartin@gougelaw.com
          Donna L. Harris    on behalf of Interested Party   Federal Insurance Company dharris@phw-law.com
          Douglas R. Gonzales    on behalf of Creditor   City of Dania Beach, FL dgonzales@wsh-law.com
          Douglas R. Gonzales    on behalf of Creditor   City of Miramar, Florida dgonzales@wsh-law.com
          Duane David Werb    on behalf of Creditor Keith  Younge
           maustria@werbsullivan.com;riorii@werbsullivan.com
          Duane David Werb    on behalf of Defendant   Beverly Mackintosh Trustee
           maustria@werbsullivan.com;riorii@werbsullivan.com
          Duane David Werb    on behalf of Defendant   RegentAtlantic Capital, LLC
           maustria@werbsullivan.com;riorii@werbsullivan.com
          Edmon L. Morton    on behalf of Interested Party   Credit Agreement Lenders bankfilings@ycst.com
          Edward Patrick O'Brien    on behalf of Creditor   SLG 200 News Owner LLC eobrien@sbchlaw.com
          Elaine Conway Becraft    on behalf of Attorney   Constellation NewEnergy, Inc.
           hforrest@jw.com;kcavazos@jw.com
          Elaine M Seid    on behalf of Creditor   Diablo Investment Co. emseid@mstpartners.com
          Elihu Ezekiel Allinson, III    on behalf of Creditor   Wilmington Trust Company
           ZAllinson@SHA-LLC.com,  ecf@williamdsullivanllc.com;hcoleman@sha-llc.com
          Epiq Corporate Restructuring, LLC    nmrodriguez@epiqsystems.com
          Eric D. Boyle    on behalf of Defendant   Lutheran Brotherhood eboyle@fandpnet.com,
           acole@fandpnet.com
          Eric D. Boyle    on behalf of Defendant   Advantus Capitol Managment, Inc. eboyle@fandpnet.com,
           acole@fandpnet.com
          Eric D. Boyle    on behalf of Defendant   Minnesota Life Insurance Co. eboyle@fandpnet.com,
           acole@fandpnet.com
          Eric D. Boyle    on behalf of Defendant   Lutheran Brotherhood (Thrivent Fin for Lutherans)
           eboyle@fandpnet.com,  acole@fandpnet.com
          Eric D. Boyle    on behalf of Defendant   Thrivent Series Fund Inc. eboyle@fandpnet.com,
           acole@fandpnet.com

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)

Eric D. Boyle    on behalf of Defendant    Advantus Series Fund, Inc. Index 500 Portfolio
  eboyle@fandpnet.com, acole@fandpnet.com
Eric D. Boyle    on behalf of Defendant    Thrivent Mutual Funds eboyle@fandpnet.com,
  acole@fandpnet.com
Eric D. Boyle    on behalf of Defendant    Advantus Series Fund Inc eboyle@fandpnet.com,
  acole@fandpnet.com
Eric Lopez Schnabel    on behalf of Creditor    Caption Colorado, L.L.C. de.ecf@Dorsey.com
Eric Michael Sutty    on behalf of Interested Party    Bridge Agent ems@elliottgreenleaf.com
Eric Michael Sutty    on behalf of Interested Party    Bridge Proponents ems@elliottgreenleaf.com
Eric Michael Sutty    on behalf of Interested Party    King Street Acquisition Company, L.L.C.
  ems@elliottgreenleaf.com
Eric Michael Sutty    on behalf of Interested Party    Wells Fargo Bank, N.A. as Administrative
  Agent under the Bridge Credit Agreement ems@elliottgreenleaf.com
Eric Michael Sutty    on behalf of Interested Party    Marathon Asset Management, L.P.
  ems@elliottgreenleaf.com
Eric Michael Sutty    on behalf of Interested Party    Wells Fargo Bank, N.A., as successor
  administrative agent ems@elliottgreenleaf.com
Eric Michael Sutty    on behalf of Interested Party    King Street Capital, L.P.
  ems@elliottgreenleaf.com
Eric R. Wilson    on behalf of Creditor    TeleRep, LLC
  KDWBankruptcyDepartment@kelleydrye.com;MVicinanza@ecf.inforuptcy.com
Ericka Fredricks Johnson    on behalf of Interested Party    Zurich American Insurance Company
  Ericka.johnson@wbd-us.com, Heidi.sasso@wbd-us.com;chris.lewis@wbd-us.com
Eva H. Vlachynsky    on behalf of Creditor    Missouri Department of Revenue deecf@dor.mo.gov
Evelyn J. Meltzer    on behalf of Defendant    WT Mutual Fund meltzere@pepperlaw.com,
  wlbank@pepperlaw.com;smithda@pepperlaw.com;wlbank@ecf.inforuptcy.com;meltzere@ecf.inforuptcy.com;
  molitorm@pepperlaw.com;hardinp@pepperlaw.com
Evelyn J. Meltzer    on behalf of Interested Party    Bank of America, N.A. meltzere@pepperlaw.com,
  wlbank@pepperlaw.com;smithda@pepperlaw.com;wlbank@ecf.inforuptcy.com;meltzere@ecf.inforuptcy.com;
  molitorm@pepperlaw.com;hardinp@pepperlaw.com
Evelyn J. Meltzer    on behalf of Interested Party    Banc of America Securities, LLC
  meltzere@pepperlaw.com,
  wlbank@pepperlaw.com;smithda@pepperlaw.com;wlbank@ecf.inforuptcy.com;meltzere@ecf.inforuptcy.com;
  molitorm@pepperlaw.com;hardinp@pepperlaw.com
Frances Gecker    on behalf of Interested Party    Employee Compensation Defendants Group
  fgecker@fgllp.com, csmith@fgllp.com
Frank A. Anderson    on behalf of Creditor    Pension Benefit Guaranty Corporation
  anderson.frank@pbgc.gov, efile@pbgc.gov
Frank F. McGinn    on behalf of Creditor    Iron Mountain Information Management, Inc.
  ffm@bostonbusinesslaw.com
Frederick Brian Rosner    on behalf of Interested Party    Intelsat Corporation
  rosner@teamrosner.com
Frederick Brian Rosner    on behalf of Creditor Steven  Gellman rosner@teamrosner.com
Garvan F. McDaniel    on behalf of Other Prof.    Kasowitz Benson Torres LLP gfmcdaniel@dkhogan.com,
  gdurstein@dkhogan.com
Garvan F. McDaniel    on behalf of Interested Party    Davidson Kempner Capital Management LLC
  gfmcdaniel@dkhogan.com, gdurstein@dkhogan.com
Garvan F. McDaniel    on behalf of Interested Party    Law Debenture Trust Company of New York
  gfmcdaniel@dkhogan.com, gdurstein@dkhogan.com
George R. Mesires    on behalf of Interested Party    KTR South Florida LLC grmesires@uhlaw.com
George T. Lees, III    on behalf of Creditor    Schur Packaging Systems, Inc.
  George.Lees@state.de.us, Dawn.Pillarelli@state.de.us;Jennifer.Mitchell@state.de.us
Glen Silverstein    on behalf of Creditor    Morgan Stanley & Co., Inc.
  gsilverstein@leaderberkon.com
Gregg R. Hague    on behalf of Defendant Chandler    Bigelow grh@sperling-law.com
Gregg R. Hague    on behalf of Interested Party Chandler    Bigelow grh@sperling-law.com
Gregory W. Werkheiser    on behalf of Interested Party    Wells Fargo Variable Trust
  gwerkheiser@beneschlaw.com, debankruptcy@beneschlaw.com
Gregory W. Werkheiser    on behalf of Interested Party    AG Edwards, Inc.
  gwerkheiser@beneschlaw.com, debankruptcy@beneschlaw.com
Gregory W. Werkheiser    on behalf of Interested Party    Wells Fargo Funds Trust
  gwerkheiser@beneschlaw.com, debankruptcy@beneschlaw.com
Gregory W. Werkheiser    on behalf of Interested Party    Wells Fargo Investments. LLC
  gwerkheiser@beneschlaw.com, debankruptcy@beneschlaw.com
Gregory W. Werkheiser    on behalf of Interested Party    Evergreen Equity Trust
  gwerkheiser@beneschlaw.com, debankruptcy@beneschlaw.com
Gregory W. Werkheiser    on behalf of Interested Party    Wells Fargo Bank, N.A.
  gwerkheiser@beneschlaw.com, debankruptcy@beneschlaw.com
Gregory W. Werkheiser    on behalf of Interested Party    Wells Fargo & Co.
  gwerkheiser@beneschlaw.com, debankruptcy@beneschlaw.com
Gregory W. Werkheiser    on behalf of Interested Party    Wachovia Corp. gwerkheiser@beneschlaw.com,
  debankruptcy@beneschlaw.com
Gregory W. Werkheiser    on behalf of Interested Party    Evergreen Select Equity Trust
  gwerkheiser@beneschlaw.com, debankruptcy@beneschlaw.com
Gregory W. Werkheiser    on behalf of Interested Party    Wells Fargo Master Trust
  gwerkheiser@beneschlaw.com, debankruptcy@beneschlaw.com
Helen Elizabeth Weller    on behalf of Creditor    Tarrant County dallas.bankruptcy@publicans.com,
  Beth.weller@lgbs.com;Dora.Casiano-Perez@lgbs.com

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
              Helen Elizabeth Weller    on behalf of Creditor    Dallas County dallas.bankruptcy@publicans.com,
               Beth.weller@lgbs.com;Dora.Casiano-Perez@lgbs.com
              Holly M Smith    on behalf of Trustee    Marc S. Kirschner, as Litigation Trustee
               HMeganSmith@gsbblaw.com
              Howard A. Cohen    on behalf of Interested Party    Douglas C. Lane & Associates, Inc.
               hcohen@gibbonslaw.com
              Hugh H. Shull, III    on behalf of Defendant    New York City Defendants hughs@law.nyc.gov
              Ian Connor Bifferato    on behalf of Defendant Walter    Roche, Jr. cbifferato@bifferato.com,
               mstewart@tbf.legal
              Ian Connor Bifferato    on behalf of Defendant Myron    Levin cbifferato@bifferato.com,
               mstewart@tbf.legal
              Ian Connor Bifferato    on behalf of Defendant Dan    Neil cbifferato@bifferato.com,
               mstewart@tbf.legal
              Ian Connor Bifferato    on behalf of Defendant Julie    Makinen cbifferato@bifferato.com,
               mstewart@tbf.legal
              Ian Connor Bifferato    on behalf of Defendant Henry    Weinstein cbifferato@bifferato.com,
               mstewart@tbf.legal
              Ian Connor Bifferato    on behalf of Interested Party    Dan Neil, Corie Brown, Henry Weinstein,
               Walter Roche, Jr., Myron Levin, and Julie Makinen, individuals, on behalf of themselves and on
               behalf of all others similarly situated cbifferato@tbf.legal, mstewart@tbf.legal
              Ian Connor Bifferato    on behalf of Defendant Corie    Brown cbifferato@bifferato.com,
               mstewart@tbf.legal
              Ileana M. Hernandez    on behalf of Interested Party    California State Teachers' Retirement
               System ihernandez@manatt.com
              Ira M. Levee    on behalf of Creditor    I.B.E.W. Local 103 Trust Fund ilevee@lowenstein.com,
               krosen@lowenstein.com
              Ira M. Levee    on behalf of Creditor    Louisiana State Employees' Retirement System
               ilevee@lowenstein.com,  krosen@lowenstein.com
              Ivan Lerer Kallick    on behalf of Interested Party    California State Teachers' Retirement System
               ikallick@manatt.com
              J Jackson Shrum    on behalf of Creditor Keith    Younge jshrum@jshrumlaw.com
              J. Kate Stickles    on behalf of Fee Examiner    Stuart Maue kstickles@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
              J. Kate Stickles    on behalf of Debtor    The Baltimore Sun Company kstickles@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
              J. Kate Stickles    on behalf of Debtor    Greenco, Inc. kstickles@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
              J. Kate Stickles    on behalf of Debtor    Tribune Direct Marketing, Inc. kstickles@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
              J. Kate Stickles    on behalf of Debtor    Magic T Music Publishing Company
               kstickles@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
              J. Kate Stickles    on behalf of Debtor    WPIX, Inc. kstickles@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
              J. Kate Stickles    on behalf of Debtor    Tribune Media Company, et al. kstickles@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
              J. Kate Stickles    on behalf of Debtor    Chicago Avenue Construction Company
               kstickles@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
              J. Kate Stickles    on behalf of Plaintiff    Tribune Company, et al. kstickles@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
              J. Kate Stickles    on behalf of Plaintiff    Tribune Publishing Company kstickles@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
              J. Kate Stickles    on behalf of Debtor    Baltimore Newspaper Networks, Inc.
               kstickles@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
              J. Kate Stickles    on behalf of Debtor    Chicagoland Publishing Company kstickles@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
              J. Kate Stickles    on behalf of Plaintiff    Tribune Company kstickles@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
              J. Kate Stickles    on behalf of Debtor    Tribune Finance Service Center, Inc.
               kstickles@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com

District/off: 0311-1          User: Sherry              Page 10 of 28          Date Rcvd: Mar 04, 2020
                              Form ID: pdfgen           Total Noticed: 1

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)

          J. Kate Stickles    on behalf of Debtor    Tribune Television Company kstickles@coleschotz.com,
          bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
          otz.com;jford@coleschotz.com
          J. Kate Stickles    on behalf of Debtor    New River Center Maintenance Association, Inc.
          kstickles@coleschotz.com,
          bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
          otz.com;jford@coleschotz.com
          J. Kate Stickles    on behalf of Debtor    TMS Entertainment Guides, Inc. kstickles@coleschotz.com,
          bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
          otz.com;jford@coleschotz.com
          J. Kate Stickles    on behalf of Interested Party    Debtor/Committee/Lender Plan Proponents
          kstickles@coleschotz.com,
          bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
          otz.com;jford@coleschotz.com
          J. Kate Stickles    on behalf of Debtor    Distribution Systems of America, Inc.
          kstickles@coleschotz.com,
          bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
          otz.com;jford@coleschotz.com
          J. Kate Stickles    on behalf of Debtor    The Hartford Courant Company kstickles@coleschotz.com,
          bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
          otz.com;jford@coleschotz.com
          J. Kate Stickles    on behalf of Plaintiff    The Hartford Courant Company kstickles@coleschotz.com,
          bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
          otz.com;jford@coleschotz.com
          J. Kate Stickles    on behalf of Plaintiff    WGN Continental Broadcasting Company
          kstickles@coleschotz.com,
          bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
          otz.com;jford@coleschotz.com
          J. Kate Stickles    on behalf of Attorney    Cole Schotz P.C. kstickles@coleschotz.com,
          bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
          otz.com;jford@coleschotz.com
          J. Kate Stickles    on behalf of Plaintiff    Tribune Direct Marketing, Inc.
          kstickles@coleschotz.com,
          bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com
          J. Kate Stickles    on behalf of Debtor    Towering T Music Publishing Company
          kstickles@coleschotz.com,
          bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
          otz.com;jford@coleschotz.com
          J. Kate Stickles    on behalf of Debtor    WCWN LLC kstickles@coleschotz.com,
          bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
          otz.com;jford@coleschotz.com
          J. Kate Stickles    on behalf of Debtor    Tribune CNLBC, LLC kstickles@coleschotz.com,
          bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
          otz.com;jford@coleschotz.com
          J. Kate Stickles    on behalf of Plaintiff    Chicagoland Television News, Inc.
          kstickles@coleschotz.com,
          bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
          otz.com;jford@coleschotz.com
          J. Kate Stickles    on behalf of Interested Party    Tribune Broadcasting Company
          kstickles@coleschotz.com,
          bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
          otz.com;jford@coleschotz.com
          J. Kate Stickles    on behalf of Debtor    Southern Connecticut Newspapers, Inc.
          kstickles@coleschotz.com,
          bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
          otz.com;jford@coleschotz.com
          J. Kate Stickles    on behalf of Debtor    Tribune Los Angeles, Inc. kstickles@coleschotz.com,
          bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
          otz.com;jford@coleschotz.com
          J. Kate Stickles    on behalf of Plaintiff    CHICAGO TRIBUNE COMPANY, INC.
          kstickles@coleschotz.com,
          bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
          otz.com;jford@coleschotz.com
          J. Kate Stickles    on behalf of Debtor    Chicago Tribune Company kstickles@coleschotz.com,
          bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
          otz.com;jford@coleschotz.com
          J. Kate Stickles    on behalf of Debtor    JuliusAir Company, LLC kstickles@coleschotz.com,
          bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
          otz.com;jford@coleschotz.com
          J. Kate Stickles    on behalf of Debtor    KSWB Inc. kstickles@coleschotz.com,
          bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
          otz.com;jford@coleschotz.com
          J. Kate Stickles    on behalf of Debtor    435 Production Company kstickles@coleschotz.com,
          bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
          otz.com;jford@coleschotz.com
          J. Kate Stickles    on behalf of Debtor    Newspaper Readers Agency, Inc. kstickles@coleschotz.com,
          bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
          otz.com;jford@coleschotz.com

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)

    J. Kate Stickles     on behalf of Debtor    Courant Specialty Products, Inc.
kstickles@coleschotz.com,
bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
otz.com;jford@coleschotz.com

    J. Kate Stickles     on behalf of Debtor    Neocomm, Inc. kstickles@coleschotz.com,
bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
otz.com;jford@coleschotz.com

    J. Kate Stickles     on behalf of Debtor    KWGN Inc. kstickles@coleschotz.com,
bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
otz.com;jford@coleschotz.com

    J. Kate Stickles     on behalf of Debtor    TMLH 2, Inc. kstickles@coleschotz.com,
bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
otz.com;jford@coleschotz.com

    J. Kate Stickles     on behalf of Debtor    InsertCo, Inc. kstickles@coleschotz.com,
bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
otz.com;jford@coleschotz.com

    J. Kate Stickles     on behalf of Debtor    ForSaleByOwner.com Referral Services, LLC
kstickles@coleschotz.com,
bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
otz.com;jford@coleschotz.com

    J. Kate Stickles     on behalf of Plaintiff    Los Angeles Times Communications LLC
kstickles@coleschotz.com,
bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
otz.com;jford@coleschotz.com

    J. Kate Stickles     on behalf of Debtor    Tribune Broadcasting Company kstickles@coleschotz.com,
bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
otz.com;jford@coleschotz.com

    J. Kate Stickles     on behalf of Debtor    Orlando Sentinel Communications Company
kstickles@coleschotz.com,
bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
otz.com;jford@coleschotz.com

    J. Kate Stickles     on behalf of Debtor    Los Angeles Times International, Ltd.
kstickles@coleschotz.com,
bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
otz.com;jford@coleschotz.com

    J. Kate Stickles     on behalf of Plaintiff    Tribune Company [and applicable Reorganized
Debtor(s)] kstickles@coleschotz.com,
bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
otz.com;jford@coleschotz.com

    J. Kate Stickles     on behalf of Debtor    Tribune Network Holdings Company
kstickles@coleschotz.com,
bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
otz.com;jford@coleschotz.com

    J. Kate Stickles     on behalf of Debtor    WGN Continental Broadcasting Company
kstickles@coleschotz.com,
bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
otz.com;jford@coleschotz.com

    J. Kate Stickles     on behalf of Plaintiff    Tribune Media Services, Inc. kstickles@coleschotz.com,
bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
otz.com;jford@coleschotz.com

    J. Kate Stickles     on behalf of Debtor    Tribune Broadcasting News Network, Inc.
kstickles@coleschotz.com,
bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
otz.com;jford@coleschotz.com

    J. Kate Stickles     on behalf of Debtor    KIAH Inc. kstickles@coleschotz.com,
bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
otz.com;jford@coleschotz.com

    J. Kate Stickles     on behalf of Debtor    Homeowners Realty, Inc. kstickles@coleschotz.com,
bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
otz.com;jford@coleschotz.com

    J. Kate Stickles     on behalf of Debtor    North Orange Avenue Properties, Inc.
kstickles@coleschotz.com,
bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
otz.com;jford@coleschotz.com

    J. Kate Stickles     on behalf of Debtor    Chicago Tribune Press Service, Inc.
kstickles@coleschotz.com,
bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
otz.com;jford@coleschotz.com

    J. Kate Stickles     on behalf of Debtor    Stemweb, Inc. kstickles@coleschotz.com,
bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
otz.com;jford@coleschotz.com

    J. Kate Stickles     on behalf of Debtor    Times Mirror Payroll Processing Company, Inc.
kstickles@coleschotz.com,
bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
otz.com;jford@coleschotz.com

    J. Kate Stickles     on behalf of Debtor    Forum Publishing Group, Inc. kstickles@coleschotz.com,
bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
otz.com;jford@coleschotz.com

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)

    J. Kate Stickles    on behalf of Debtor    The Other Company LLC kstickles@coleschotz.com,
    bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
    otz.com;jford@coleschotz.com
    J. Kate Stickles    on behalf of Debtor    Valumail, Inc. kstickles@coleschotz.com,
    bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
    otz.com;jford@coleschotz.com
    J. Kate Stickles    on behalf of Debtor    Tribune Television New Orleans, Inc.
    kstickles@coleschotz.com,
    bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
    otz.com;jford@coleschotz.com
    J. Kate Stickles    on behalf of Debtor    Candle Holdings Corporation kstickles@coleschotz.com,
    bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
    otz.com;jford@coleschotz.com
    J. Kate Stickles    on behalf of Plaintiff    Magic T Music Publishing Company
    kstickles@coleschotz.com,
    bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
    otz.com;jford@coleschotz.com
    J. Kate Stickles    on behalf of Debtor    Tribune Entertainment Production Company
    kstickles@coleschotz.com,
    bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
    otz.com;jford@coleschotz.com
    J. Kate Stickles    on behalf of Debtor    Tribune Company, et al. kstickles@coleschotz.com,
    bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
    otz.com;jford@coleschotz.com
    J. Kate Stickles    on behalf of Debtor    Virginia Gazette Companies, LLC kstickles@coleschotz.com,
    bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
    otz.com;jford@coleschotz.com
    J. Kate Stickles    on behalf of Debtor    Publishers Forest Products Co. of Washington
    kstickles@coleschotz.com,
    bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
    otz.com;jford@coleschotz.com
    J. Kate Stickles    on behalf of Debtor    Tribune NM, Inc. kstickles@coleschotz.com,
    bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
    otz.com;jford@coleschotz.com
    J. Kate Stickles    on behalf of Debtor    Tribune Media Net, Inc. kstickles@coleschotz.com,
    bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
    otz.com;jford@coleschotz.com
    J. Kate Stickles    on behalf of Interested Party    Tribune Media Services, Inc.
    kstickles@coleschotz.com,
    bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
    otz.com;jford@coleschotz.com
    J. Kate Stickles    on behalf of Debtor    Hoy, LLC kstickles@coleschotz.com,
    bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
    otz.com;jford@coleschotz.com
    J. Kate Stickles    on behalf of Debtor    Eagle Publishing Investments, LLC
    kstickles@coleschotz.com,
    bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
    otz.com;jford@coleschotz.com
    J. Kate Stickles    on behalf of Debtor    Shepard's Inc. kstickles@coleschotz.com,
    bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
    otz.com;jford@coleschotz.com
    J. Kate Stickles    on behalf of Interested Party    Tribune CNLBC, LLC (f/k/a Chicago National
    League Ball Club, LLC) kstickles@coleschotz.com,
    bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
    otz.com;jford@coleschotz.com
    J. Kate Stickles    on behalf of Debtor    Channel 39, Inc. kstickles@coleschotz.com,
    bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
    otz.com;jford@coleschotz.com
    J. Zachary  Haupt    on behalf of Defendant Henry  Weinstein zhaupt@bifferato.com
    J. Zachary  Haupt    on behalf of Defendant Corie  Brown zhaupt@bifferato.com
    J. Zachary  Haupt    on behalf of Defendant Dan  Neil zhaupt@bifferato.com
    J. Zachary  Haupt    on behalf of Defendant Julie  Makinen zhaupt@bifferato.com
    J. Zachary  Haupt    on behalf of Defendant Walter  Roche, Jr. zhaupt@bifferato.com
    J. Zachary  Haupt    on behalf of Defendant Myron  Levin zhaupt@bifferato.com
    James  Johnston    on behalf of Interested Party    Credit Agreement Lenders jjohnston@jonesday.com
    James Andrew Hinds, Jr.    on behalf of Creditor Michael I. Tarnoff jhinds@jhindslaw.com,
    mduran@jhindslaw.com
    James C. Carignan    on behalf of Interested Party    Pepper Hamilton LLP carignaj@pepperlaw.com,
    wlbank@pepperlaw.com,lanoc@pepperlaw.com,
    carignanj@ecf.inforuptcy.com;wlbank@ecf.inforuptcy.com
    James D. Newbold    on behalf of Interested Party    Illinois Secretary of State
    James.Newbold@illinois.gov
    James D. Newbold    on behalf of Creditor    State of Illinois, Department of Revenue
    James.Newbold@illinois.gov
    James D. Newbold    on behalf of Creditor    State of Illinois on behalf of Department of Revenue
    and Department of Employment Security James.Newbold@illinois.gov
    James E. Huggett    on behalf of Creditor    Oracle USA, Inc. jhuggett@margolisedelstein.com,
    tyeager@margolisedelstein.com

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
             James S. Green, Jr.    on behalf of Plaintiff    Official Committee of Unsecured Creditors of
              Tribune Company, on behalf of Tribune Company, et al. green@lrclaw.com,
              spappa@svglaw.com;cwalters@svglaw.com
             James S. Green, Jr.    on behalf of Plaintiff    The Official Committee of Unsecured Creditors of
              Tribune Company, on behalf of Tribune Company, et al. green@lrclaw.com,
              spappa@svglaw.com;cwalters@svglaw.com
             James S. Green, Sr.    on behalf of Plaintiff    OFFICIAL COMMITTEE OF UNSECURED CREDITORS
              jgreen@svglaw.com,   spappa@svglaw.com
             James S. Green, Sr.    on behalf of Attorney    Seitz, Van Ogtrop & Green, P.A. jgreen@svglaw.com,
              spappa@svglaw.com
             James S. Green, Sr.    on behalf of Interested Party    THE OFFICIAL COMMITTEE OF UNSECURED
              CREDITORS OF TRIBUNE COMPANY, et al., jgreen@svglaw.com,   spappa@svglaw.com
             James S. Green, Sr.    on behalf of Spec. Counsel    Seitz, Van Ogtrop & Green, P.A.
              jgreen@svglaw.com,   spappa@svglaw.com
             James S. Green, Sr.    on behalf of Interested Party    OFFICIAL COMMITTEE OF UNSECURED CREDITORS
              jgreen@svglaw.com,   spappa@svglaw.com
             James S. Yoder    on behalf of Creditor    Oracle Corporation yoderj@whiteandwilliams.com
             James S. Yoder    on behalf of Creditor    Cisco Systems Capital Corporation
              yoderj@whiteandwilliams.com
             Jami B. Nimeroff    on behalf of Interested Party    NBC Universal, Inc. jnimeroff@bmnlawyers.com,
              cjones@bmnlawyers.com
             Jami B. Nimeroff    on behalf of Interested Party    NBC Studios LLC jnimeroff@bmnlawyers.com,
              cjones@bmnlawyers.com
             Jay  Teitelbaum    on behalf of Creditor William  Niese jteitelbaum@tblawllp.com,
              jteitelbaum@tblawllp.com
             Jay  Teitelbaum    on behalf of Creditor Mark  Willes jteitelbaum@tblawllp.com,
              jteitelbaum@tblawllp.com
             Jean-Marie L. Atamian    on behalf of Interested Party    Barclays Capital jatamian@mayerbrown.com
             Jean-Marie L. Atamian    on behalf of Interested Party    Barclays Bank PLC jatamian@mayerbrown.com
             Jeffrey C. Wisler    on behalf of Creditor    Certain Former Executives
              jwisler@connollygallagher.com
             Jeffrey C. Wisler    on behalf of Creditor    Robert Bellack jwisler@connollygallagher.com
             Jeffrey C. Wisler    on behalf of Creditor    Harry Amsden, Stephen D. Carver, Dennis J. FitzSimons,
              Robert Gremillion, Donald C. Grenesko, David Dean Hiller, Timothy J. Landon, Richard H. Malone,
              John E. Reardon, Scott C. Smith, John J. Vitanove jwisler@connollygallagher.com
             Jeffrey C. Wisler    on behalf of Interested Party    Kathleen Waltz jwisler@connollygallagher.com
             Jeffrey C. Wisler    on behalf of Creditor    Harry Amsden, Robert Gremillion, David Hiller, Tim
              Landon, Richard Malone, John Poelking, John Reardon, Scott Smith, John Vitanovec and Kathleen
              Waltz jwisler@connollygallagher.com
             Jeffrey C. Wisler    on behalf of Creditor    Harry Amsden, Robert Gremillion and David D. Williams
              jwisler@connollygallagher.com
             Jeffrey C. Wisler    on behalf of Creditor    Certain Directors and Officers
              jwisler@connollygallagher.com
             Jeffrey M Gorris    on behalf of Defendant    Citicorp North America, Inc., individually and as
              Administrative Agent jspeakman@friedlandergorris.com,
              jgorris@friedlandergorris.com;aschmidt@friedlandergorris.com
             Jeffrey M Gorris    on behalf of Defendant    Citigroup Global Markets, Inc.
              jspeakman@friedlandergorris.com,   jgorris@friedlandergorris.com;aschmidt@friedlandergorris.com
             Jeffrey M Gorris    on behalf of Defendant    Citibank, N.A. jspeakman@friedlandergorris.com,
              jgorris@friedlandergorris.com;aschmidt@friedlandergorris.com
             Jeffrey M. Schlerf    on behalf of Interested Party    Wells Fargo Bank, N.A., as successor
              administrative agent jschlerf@foxrothschild.com,  ahrycak@foxrothschild.com
             Jeffrey M. Schlerf    on behalf of Interested Party    Marathon Asset Management, L.P.
              jschlerf@foxrothschild.com,  ahrycak@foxrothschild.com
             Jeffrey M. Schlerf    on behalf of Interested Party    Bridge Proponents jschlerf@foxrothschild.com,
              ahrycak@foxrothschild.com
             Jeffrey M. Schlerf    on behalf of Interested Party    King Street Acquisition Company, L.L.C.
              jschlerf@foxrothschild.com,  ahrycak@foxrothschild.com
             Jeffrey M. Schlerf    on behalf of Interested Party    Wells Fargo Bank, N.A. as Administrative
              Agent under the Bridge Credit Agreement jschlerf@foxrothschild.com,  ahrycak@foxrothschild.com
             Jeffrey M. Schlerf    on behalf of Interested Party    King Street Capital, L.P.
              jschlerf@foxrothschild.com,  ahrycak@foxrothschild.com
             Jeffrey N. Rich    on behalf of Interested Party    GreatBanc Trust Company jrich@r3mlaw.com,
              emoser@r3mlaw.com
             Jennifer M Jackson    on behalf of Interested Party    State of Michigan JacksonJ5@michigan.gov
             Jennifer M Jackson    on behalf of Defendant    Michigan Department of Treasury  Bureau of
              Investments JacksonJ5@michigan.gov
             Jennifer R. Hoover    on behalf of Creditor    Wilmington Trust Company jhoover@beneschlaw.com,
              debankruptcy@beneschlaw.com
             Jerome Bennett Friedman    on behalf of Creditor    Isaksen Investments, LLC jfriedman@flg-law.com,
              msobkowiak@flg-law.com;cllosa@flg-law.com
             Joan E. Pilver    on behalf of Creditor    STATE OF CONNECTICUT, DEPARTMENT OF REVENUE SERVICES
              Joan.Pilver@ct.gov
             Jody C. Barillare    on behalf of Defendant    Nob Hill CLO Limited jody.barillare@morganlewis.com,
              lori.gibson@morganlewis.com
             Joel E. Friedlander    on behalf of Interested Party Chandler  Bigelow
              sbrodowski@bmf-law.com;jspeakman@bmf-law.com

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
          Joel E. Friedlander   on behalf of Defendant Chandler  Bigelow
            sbrodowski@bmf-law.com;jspeakman@bmf-law.com
          Joel M. Wertman   on behalf of Defendant   SEI Large Cap Value Fund jmwertman@mdwcg.com
          John C. Phillips, Jr   on behalf of Creditor   Valuation Research Corporation
            tlb@pgslaw.com;SAA@pgslaw.com
          John C. Phillips, Jr   on behalf of Creditor   Software Ag, Inc. tlb@pgslaw.com;SAA@pgslaw.com
          John D. Demmy   on behalf of Interested Party   Virginia Electric And Power Company
            john.demmy@saul.com,  robyn.warren@saul.com
          John D. Demmy   on behalf of Interested Party   Connecticut Natural Gas Corporation
            john.demmy@saul.com,  robyn.warren@saul.com
          John D. Demmy   on behalf of Interested Party   Pennsylvania Electric Company john.demmy@saul.com,
            robyn.warren@saul.com
          John D. Demmy   on behalf of Interested Party   PECO Energy Company john.demmy@saul.com,
            robyn.warren@saul.com
          John D. Demmy   on behalf of Interested Party   Southern California Edison Company
            john.demmy@saul.com,  robyn.warren@saul.com
          John D. Demmy   on behalf of Interested Party   Consolidated Edison Company of New York, Inc.
            john.demmy@saul.com,  robyn.warren@saul.com
          John D. Demmy   on behalf of Defendant   Crown Equipment Corporation john.demmy@saul.com,
            robyn.warren@saul.com
          John D. Demmy   on behalf of Interested Party   Commonwealth Edison Company john.demmy@saul.com,
            robyn.warren@saul.com
          John D. Demmy   on behalf of Creditor   The Connecticut Light and Power Company
            john.demmy@saul.com,  robyn.warren@saul.com
          John D. Demmy   on behalf of Interested Party   Niagara Mohawk Power Corporation
            john.demmy@saul.com,  robyn.warren@saul.com
          John D. Demmy   on behalf of Interested Party   CenterPoint Energy Services, Inc.
            john.demmy@saul.com,  robyn.warren@saul.com
          John D. Demmy   on behalf of Interested Party   Duke Energy Indiana, Inc. john.demmy@saul.com,
            robyn.warren@saul.com
          John D. Demmy   on behalf of Interested Party   Yankee Gas Services Company john.demmy@saul.com,
            robyn.warren@saul.com
          John D. Demmy   on behalf of Interested Party   Metropolitan Edison Company john.demmy@saul.com,
            robyn.warren@saul.com
          John D. Demmy   on behalf of Interested Party   Baltimore Gas and Electric Company
            john.demmy@saul.com,  robyn.warren@saul.com
          John D. Demmy   on behalf of Creditor   Crown Credit Company and Crown Equipment Corporation
            john.demmy@saul.com,  robyn.warren@saul.com
          John D. Demmy   on behalf of Defendant   Crown Lift Trucks LLC john.demmy@saul.com,
            robyn.warren@saul.com
          John D. McLaughlin, Jr.   on behalf of Defendant   Xerox Corporation jmclaughlin@ciardilaw.com,
            mflores@ciardilaw.com
          John D. McLaughlin, Jr.   on behalf of Defendant   Stardust Visions, Inc.
            jmclaughlin@ciardilaw.com,  mflores@ciardilaw.com
          John F. Theil   on behalf of Fee Examiner   Stuart Maue j.theil@smmj.com
          John H. Strock   on behalf of Interested Party   White & Case LLP jstrock@foxrothschild.com,
            dkemp@foxrothschild.com;brian-oneill-fox-5537@ecf.pacerpro.com
          John H. Strock   on behalf of Interested Party   Wells Fargo Bank, N.A., as successor
            administrative agent jstrock@foxrothschild.com,
            dkemp@foxrothschild.com;brian-oneill-fox-5537@ecf.pacerpro.com
          John H. Strock   on behalf of Interested Party   Bridge Proponents jstrock@foxrothschild.com,
            dkemp@foxrothschild.com;brian-oneill-fox-5537@ecf.pacerpro.com
          John H. Strock   on behalf of Interested Party   Huron Consulting Services, LLC
            jstrock@foxrothschild.com,  dkemp@foxrothschild.com;brian-oneill-fox-5537@ecf.pacerpro.com
          John H. Strock   on behalf of Interested Party   Wells Fargo Bank, N.A. as Administrative Agent
            under the Bridge Credit Agreement jstrock@foxrothschild.com,
            dkemp@foxrothschild.com;brian-oneill-fox-5537@ecf.pacerpro.com
          John Henry Schanne, II   on behalf of Interested Party   BANK OF AMERICA, N.A.
            schannej@pepperlaw.com,
            wlbank@pepperlaw.com;smithda@pepperlaw.com;schannej@ecf.inforuptcy.com;wlbank@ecf.inforuptcy.com;
            molitorm@pepperlaw.com;hardinp@pepperlaw.com
          John Henry Schanne, II   on behalf of Interested Party   PPF OFF Two Park Avenue Owner, LLC
            schannej@pepperlaw.com,
            wlbank@pepperlaw.com;smithda@pepperlaw.com;schannej@ecf.inforuptcy.com;wlbank@ecf.inforuptcy.com;
            molitorm@pepperlaw.com;hardinp@pepperlaw.com
          John Henry Schanne, II   on behalf of Defendant   Bank of America, N.A. schannej@pepperlaw.com,
            wlbank@pepperlaw.com;smithda@pepperlaw.com;schannej@ecf.inforuptcy.com;wlbank@ecf.inforuptcy.com;
            molitorm@pepperlaw.com;hardinp@pepperlaw.com
          John Henry Schanne, II   on behalf of Interested Party   Banc of America Securities LLC
            schannej@pepperlaw.com,
            wlbank@pepperlaw.com;smithda@pepperlaw.com;schannej@ecf.inforuptcy.com;wlbank@ecf.inforuptcy.com;
            molitorm@pepperlaw.com;hardinp@pepperlaw.com
          John Henry Schanne, II   on behalf of Defendant   Banc of America Securities, LLC
            schannej@pepperlaw.com,
            wlbank@pepperlaw.com;smithda@pepperlaw.com;schannej@ecf.inforuptcy.com;wlbank@ecf.inforuptcy.com;
            molitorm@pepperlaw.com;hardinp@pepperlaw.com

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
          John Henry Schanne, II    on behalf of Interested Party    Bank Of America Corporation
          schannej@pepperlaw.com,
          wlbank@pepperlaw.com;smithda@pepperlaw.com;schannej@ecf.inforuptcy.com;wlbank@ecf.inforuptcy.com;
          molitorm@pepperlaw.com;hardinp@pepperlaw.com
          John K. Sherwood    on behalf of Creditor    Louisiana State Employees' Retirement System
          jsherwood@lowenstein.com,  dclaussen@lowenstein.com
          John K. Sherwood    on behalf of Creditor    I.B.E.W. Local 103 Trust Fund jsherwood@lowenstein.com,
          dclaussen@lowenstein.com
          John Louis Decker    on behalf of Fee Examiner    Stuart Maue j.decker@smmj.com
          John M. Seaman    on behalf of Interested Party    President and Fellows of Harvard College
          seaman@abramsbayliss.com,  farro@abramsbayliss.com;matthews@abramsbayliss.com
          John M. Seaman    on behalf of Interested Party Marcia  Tingley seaman@abramsbayliss.com,
          farro@abramsbayliss.com;matthews@abramsbayliss.com
          John M. Seaman    on behalf of Interested Party    Artis Capital Management, L.P.
          seaman@abramsbayliss.com,  farro@abramsbayliss.com;matthews@abramsbayliss.com
          John P. Dillman    on behalf of Creditor    Harris County houston_bankruptcy@publicans.com
          John P. Sieger    on behalf of Interested Party    Robert R. McCormick Foundation
          john.sieger@kattenlaw.com,  paige.barr@kattenlaw.com
          John P. Sieger    on behalf of Interested Party    Cantigny Foundation john.sieger@kattenlaw.com,
          paige.barr@kattenlaw.com
          John Patrick DiTomo    on behalf of Defendant    Citigroup Global Markets, Inc. jditomo@mnat.com
          John Patrick DiTomo    on behalf of Defendant    Citicorp North America, Inc., individually and as
          Administrative Agent jditomo@mnat.com
          John Patrick DiTomo    on behalf of Interested Party    Citicorp North America, Inc.
          jditomo@mnat.com
          John Patrick DiTomo    on behalf of Defendant    Citibank, N.A. jditomo@mnat.com
          John Patrick DiTomo    on behalf of Interested Party    Citigroup Global Markets Inc.
          jditomo@mnat.com
          Jonathan M. Stemerman    on behalf of Defendant    3M Employees Welfare Benefits Association Trust
          1 and Employee Retirement Income Plan Trust of Minnesota Mining & Manufacturing Co.
          jms@elliottgreenleaf.com
          Jonathan M. Stemerman    on behalf of Interested Party    3M Employees Welfare Benefits Association
          Trust 1 and Employee Retirement Income Plan Trust of Minnesota Mining & Manufacturing Co.
          jms@elliottgreenleaf.com
          Jonathan W. Young    on behalf of Defendant    Irving L. Quimby Jr. jonathan.young@lockelord.com,
          trb-sdny-ecf-dkt@edwardswildman.com,kimberly.gerhardt@lockelord.com,ChicagoDocket@lockelord.com
          Jonathan W. Young    on behalf of Defendant    Mark W. Hianik jonathan.young@lockelord.com,
          trb-sdny-ecf-dkt@edwardswildman.com,kimberly.gerhardt@lockelord.com,ChicagoDocket@lockelord.com
          Joseph Grey    on behalf of Interested Party    The Henry Francis Dupont Winterthur Museum, Inc.
          jgrey@crosslaw.com,  smacdonald@crosslaw.com
          Joseph Grey    on behalf of Defendant    The Henry Francis Dupont Winterthur Museum, Inc.
          jgrey@crosslaw.com,  smacdonald@crosslaw.com
          Joseph Grey    on behalf of Creditor    Constellation NewEnergy, Inc. jgrey@crosslaw.com,
          smacdonald@crosslaw.com
          Joseph D. Frank    on behalf of Creditor    Jones Lang LaSalle Americas (Illinois), L.P.
          jfrank@fgllp.com,
          mmatlock@fgllp.com;csmith@fgllp.com;Larry.Thomas@westernunion.com;csucic@fgllp.com
          Joseph D. Frank    on behalf of Interested Party    Employee Compensation Defendants Group
          jfrank@fgllp.com,
          mmatlock@fgllp.com;csmith@fgllp.com;Larry.Thomas@westernunion.com;csucic@fgllp.com
          Joseph Emil Shickich, Jr.    on behalf of Creditor    Microsoft Licensing, GP
          jshickich@foxrothschild.com,  vmagda@foxrothschild.com
          Joseph Emil Shickich, Jr.    on behalf of Creditor    Microsoft Corporation
          jshickich@foxrothschild.com,  vmagda@foxrothschild.com
          Joseph H. Huston, Jr.    on behalf of Interested Party    The Morning Call, Inc. jhh@stevenslee.com
          Joshua M. Mester    on behalf of Interested Party    Avenue-CDP Global Opportunities Fund, L.P.
          (US) jmester@jonesday.com,  jjohnston@jonesday.com
          Joshua M. Mester    on behalf of Interested Party    GoldenTree MultiStrategy Financing, Limited
          jmester@jonesday.com,  jjohnston@jonesday.com
          Joshua M. Mester    on behalf of Interested Party    Franklin Templeton Variable Insurance Products
          Trust-Franklin Strategic Income Securities Fund jmester@jonesday.com, jjohnston@jonesday.com
          Joshua M. Mester    on behalf of Interested Party    GoldenTree Credit Opportunities Second
          Financing, Limited jmester@jonesday.com,  jjohnston@jonesday.com
          Joshua M. Mester    on behalf of Interested Party    Avenue International Master, LP (Master)
          jmester@jonesday.com,  jjohnston@jonesday.com
          Joshua M. Mester    on behalf of Interested Party    Summer Hill Fixed Income AG, LLC
          jmester@jonesday.com,  jjohnston@jonesday.com
          Joshua M. Mester    on behalf of Interested Party    GoldenTree 2004 Trust jmester@jonesday.com,
          jjohnston@jonesday.com
          Joshua M. Mester    on behalf of Interested Party    GoldenTree MultiStrategy Subsidiary, LLC
          jmester@jonesday.com,  jjohnston@jonesday.com
          Joshua M. Mester    on behalf of Interested Party    Templeton Global Investment Trust-Templeton
          Income Fund jmester@jonesday.com,  jjohnston@jonesday.com
          Joshua M. Mester    on behalf of Interested Party    Northwoods Capital VI, Limited
          jmester@jonesday.com,  jjohnston@jonesday.com
          Joshua M. Mester    on behalf of Interested Party    Avenue Investments, LP jmester@jonesday.com,
          jjohnston@jonesday.com

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)

          Joshua M. Mester   on behalf of Interested Party   VGE III Portfolio Ltd. jmester@jonesday.com,
              jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Interested Party   Avenue Special Situations Fund V, L.P.
              jmester@jonesday.com,   jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Interested Party   Northwoods Capital V, Limited
              jmester@jonesday.com,   jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Interested Party   Northwoods Capital VIII, Limited
              jmester@jonesday.com,   jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Interested Party   LMA SPC for and on behalf of MAP84 Segregated
              Portfolio jmester@jonesday.com,   jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Interested Party   Knighthead Master Fund, L.P.
              jmester@jonesday.com,   jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Creditor   Contrarian Funds, LLC jmester@jonesday.com,
              jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Interested Party   AG Global Debt Strategy Partners, L.P.
              jmester@jonesday.com,   jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Interested Party   GN3 SIP Limited jmester@jonesday.com,
              jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Interested Party   Oaktree Capital Management, L.P.
              jmester@jonesday.com,   jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Interested Party   GoldenTree Credit Opportunities Financing I,
              Limited jmester@jonesday.com,   jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Interested Party   AG Diversified Credit Strategies Master, L.P.
              jmester@jonesday.com,   jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Interested Party   Silver Oak Capital, LLC jmester@jonesday.com,
              jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Interested Party   GoldenTree Leverage Loan Master Fund, Ltd.
              jmester@jonesday.com,   jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Interested Party   Franklin Strategic Income Fund (Canada)
              jmester@jonesday.com,   jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Interested Party   FT Opportunistic Distressed Funds Ltd.
              jmester@jonesday.com,   jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Interested Party   Thracia LLC jmester@jonesday.com,
              jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Interested Party   Blue Shield of California jmester@jonesday.com,
              jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Interested Party   Varde Investment Partners, L.P.
              jmester@jonesday.com,   jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Interested Party   Franklin Floating Rate Daily Access Fund
              jmester@jonesday.com,   jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Interested Party   Avenue Special Situations Fund IV, L.P.
              jmester@jonesday.com,   jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Interested Party   Franklin Templeton Series II Funds-Franklin
              Floating Rate 11 Fund jmester@jonesday.com,   jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Interested Party   Goldman Sachs Loan Partners
              jmester@jonesday.com,   jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Interested Party   Anchorage Advisors, L.L.C.
              jmester@jonesday.com,   jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Interested Party   GoldenTree Asset Management, L.P. Not in its
              Individual and Principal Capacity but as Investment Advisor on behalf of one or more Managed
              Clients jmester@jonesday.com,   jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Interested Party   Viking Global Equities II LP
              jmester@jonesday.com,   jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Interested Party   CVI GVF (Lux) Master S.a.r.l.
              jmester@jonesday.com,   jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Interested Party   Northwoods Capital IV, Limited
              jmester@jonesday.com,   jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Interested Party   Viking Global Equities LP jmester@jonesday.com,
              jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Interested Party   Franklin Strategic Series-Franklin Strategic
              Income Fund jmester@jonesday.com,   jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Interested Party   Canyon Capital Advisors, LLC
              jmester@jonesday.com,   jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Interested Party   Franklin Floating Rate Master Series
              jmester@jonesday.com,   jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Interested Party   Franklin Total Return Fund
              jmester@jonesday.com,   jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Interested Party   Mason Capital Management, LLC, on behalf of
              itself and as investment manager jmester@jonesday.com,   jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Interested Party   James River Insurance Company
              jmester@jonesday.com,   jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Interested Party   Special Situations Investing Group, Inc.
              jmester@jonesday.com,   jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Interested Party   Luxor Capital Group, LP jmester@jonesday.com,
              jjohnston@jonesday.com
          Joshua M. Mester   on behalf of Interested Party   Northwoods Capital VII, Limited
              jmester@jonesday.com,   jjohnston@jonesday.com
          Judy D. Thompson   on behalf of Creditor   Sodexo, Inc. jdt@jdthompsonlaw.com

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

Julia Bettina Klein    on behalf of Interested Party    Silver Point Capital, L.P.
klein@kleinllc.com
Julie McVey Murphy    on behalf of Interested Party    Invesco Structured Core Fund
murphy@hylandlevin.com,    charles@hylandlevin.com
Justin Cory Falgowski    on behalf of Attorney    Reed Smith LLP jfalgowski@burr.com
Justin R. Alberto    on behalf of Interested Party    Cook County Department of Revenue
jalberto@bayardlaw.com,    bankserve@bayardlaw.com;lmorton@bayardlaw.com;cdavis@bayardlaw.com
Kate R. Buck    on behalf of Creditor    Deutsche Bank Trust Company Americas kbuck@mccarter.com
Katharine L. Mayer    on behalf of Creditor    Deutsche Bank Trust Company Americas
kmayer@mccarter.com
Kathleen A. Murphy    on behalf of Creditor    GENERAL ELECTRIC CAPITAL CORPORATION
kmurphy@reedsmith.com
Kathleen M. Miller    on behalf of Creditor    Crane Kenney kmiller@skjlaw.com,    llb@skjlaw.com
Kerry K. Fennelly    on behalf of Interested Party    Eighth District Electrical Pension Fund
kerrykessler@gmail.com,    ms.courtneylogan@gmail.com;torres.luisadiaz@gmail.com
Kevin G. Collins    on behalf of Attorney    Bifferato LLC kevin.collins@btlaw.com,
pgroff@btlaw.com;Kathy.lytle@btlaw.com
Kevin G. Collins    on behalf of Defendant Myron    Levin kevin.collins@btlaw.com,
pgroff@btlaw.com;Kathy.lytle@btlaw.com
Kevin G. Collins    on behalf of Defendant Corie    Brown kevin.collins@btlaw.com,
pgroff@btlaw.com;Kathy.lytle@btlaw.com
Kevin G. Collins    on behalf of Defendant Henry    Weinstein kevin.collins@btlaw.com,
pgroff@btlaw.com;Kathy.lytle@btlaw.com
Kevin G. Collins    on behalf of Defendant Julie    Makinen kevin.collins@btlaw.com,
pgroff@btlaw.com;Kathy.lytle@btlaw.com
Kevin G. Collins    on behalf of Interested Party    Dan Neil, Corie Brown, Henry Weinstein, Walter
Roche, Jr., Myron Levin, and Julie Makinen, individuals, on behalf of themselves and on behalf
of all others similarly situated kevin.collins@btlaw.com,    pgroff@btlaw.com;Kathy.lytle@btlaw.com
Kevin G. Collins    on behalf of Creditor    Morgan Stanley & Co. LLC kevin.collins@btlaw.com,
pgroff@btlaw.com;Kathy.lytle@btlaw.com
Kevin G. Collins    on behalf of Defendant Dan    Neil kevin.collins@btlaw.com,
pgroff@btlaw.com;Kathy.lytle@btlaw.com
Kevin G. Collins    on behalf of Defendant Walter    Roche, Jr. kevin.collins@btlaw.com,
pgroff@btlaw.com;Kathy.lytle@btlaw.com
Kevin G. Collins    on behalf of Creditor    Morgan Stanley Capital Services LLC
kevin.collins@btlaw.com,    pgroff@btlaw.com;Kathy.lytle@btlaw.com
Kevin J. Mangan    on behalf of Creditor    MetLife Stock Index Portfolio kevin.mangan@wbd-us.com,
Heidi.sasso@wbd-us.com;chris.lewis@wbd-us.com
Kevin J. Mangan    on behalf of Defendant    Metropolitan Life Insurance Company
kevin.mangan@wbd-us.com,    Heidi.sasso@wbd-us.com;chris.lewis@wbd-us.com
Kevin M. Capuzzi    on behalf of Creditor William    Niese kcapuzzi@beneschlaw.com,
debankruptcy@beneschlaw.com
Kevin P. Garland    on behalf of Creditor    Hamdon Entertainment garlandk@gtlaw.com
Kimberly A. Brown    on behalf of Attorney    Chadbourne & Parke LLP brown@lrclaw.com,
ramirez@lrclaw.com;dellose@lrclaw.com;butler@lrclaw.com
Kimberly A. Brown    on behalf of Attorney    Landis Rath & Cobb LLP brown@lrclaw.com,
ramirez@lrclaw.com;dellose@lrclaw.com;butler@lrclaw.com
Kimberly A. Brown    on behalf of Trustee    Marc S. Kirschner, as Litigation Trustee
brown@lrclaw.com,    ramirez@lrclaw.com;dellose@lrclaw.com;butler@lrclaw.com
Kimberly A. Brown    on behalf of Creditor Committee    Zuckerman Spaeder LLP brown@lrclaw.com,
ramirez@lrclaw.com;dellose@lrclaw.com;butler@lrclaw.com
Kimberly A. Brown    on behalf of Financial Advisor    Epiq Corporate Restructuring, LLC
brown@lrclaw.com,    ramirez@lrclaw.com;dellose@lrclaw.com;butler@lrclaw.com
Kimberly A. Brown    on behalf of Interested Party    OFFICIAL COMMITTEE OF UNSECURED CREDITORS
brown@lrclaw.com,    ramirez@lrclaw.com;dellose@lrclaw.com;butler@lrclaw.com
Kimberly A. Brown    on behalf of Financial Advisor    Moelis & Company LLC brown@lrclaw.com,
ramirez@lrclaw.com;dellose@lrclaw.com;butler@lrclaw.com
Kizzy Lyn Jarashow    on behalf of Interested Party    Aurelius Capital Management, LP
kjarashow@goodwinprocter.com
Kurt F. Gwynne    on behalf of Interested Party    Pershing LLC kgwynne@reedsmith.com,
llankford@reedsmith.com;bankruptcy-2628@ecf.pacerpro.com
Kurt F. Gwynne    on behalf of Defendant    BNY Hamilton Funds Inc. kgwynne@reedsmith.com,
llankford@reedsmith.com;bankruptcy-2628@ecf.pacerpro.com
Kurt F. Gwynne    on behalf of Defendant    Dreyfus Stock Index Funds, Inc. kgwynne@reedsmith.com,
llankford@reedsmith.com;bankruptcy-2628@ecf.pacerpro.com
Kurt F. Gwynne    on behalf of Defendant    Strategic Funds, Inc. kgwynne@reedsmith.com,
llankford@reedsmith.com;bankruptcy-2628@ecf.pacerpro.com
Kurt F. Gwynne    on behalf of Defendant    The Bank of New York Trust Company, N.A.
kgwynne@reedsmith.com,    llankford@reedsmith.com;bankruptcy-2628@ecf.pacerpro.com
Kurt F. Gwynne    on behalf of Defendant    The Dreyfus/Laurel Funds, Inc. kgwynne@reedsmith.com,
llankford@reedsmith.com;bankruptcy-2628@ecf.pacerpro.com
Kurt F. Gwynne    on behalf of Defendant    Dreyfus Index Funds, Inc. kgwynne@reedsmith.com,
llankford@reedsmith.com;bankruptcy-2628@ecf.pacerpro.com
Kurt F. Gwynne    on behalf of Defendant    Dreyfus Premier Manager Funds II kgwynne@reedsmith.com,
llankford@reedsmith.com;bankruptcy-2628@ecf.pacerpro.com
Kurt F. Gwynne    on behalf of Defendant    Dreyfus Variable Investment Funds kgwynne@reedsmith.com,
llankford@reedsmith.com;bankruptcy-2628@ecf.pacerpro.com

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)

              L. Jason Cornell   on behalf of Creditor   Donna Gerhart Gutman, personal representative to the
              estate of E. Michael Gutman a/k/a Michael Gutman a/k/a Elliott M. Gutman
              jcornell@foxrothschild.com,  slynch@foxrothschild.com
              Landon Ellis   on behalf of Plaintiff   Marc S. Kirschner, as Litigation Trustee ellis@lrclaw.com
              Landon Ellis   on behalf of Plaintiff   The Official Committee of Unsecured Creditors of Tribune
              Company, on behalf of Tribune Company, et al. ellis@lrclaw.com
              Landon Ellis   on behalf of Interested Party   OFFICIAL COMMITTEE OF UNSECURED CREDITORS
              ellis@lrclaw.com
              Landon Ellis   on behalf of Plaintiff   Official Committee of Unsecured Creditors of Tribune
              Company, on behalf of Tribune Company, et al. ellis@lrclaw.com
              Landon Ellis   on behalf of Trustee   Marc S. Kirschner, as Litigation Trustee ellis@lrclaw.com
              Laura L. McCloud   on behalf of Interested Party   Tennessee Attorney General's Office
              agbankdelaware@ag.tn.gov
              Laurie Selber Silverstein   on behalf of Interested Party   Merrill Lynch Capital Corporation and
              Merrill Lynch, Pierce, Fenner & Smith, Incorporated bankruptcy@potteranderson.com
              Laurie Selber Silverstein   on behalf of Creditor   Merrill Lynch Capital Corporation, as
              Administrative Agent bankruptcy@potteranderson.com
              Lawrence Joel Kotler   on behalf of Interested Party   Pennsylvania Public School Employees'
              Retirement System ljkotler@duanemorris.com
              Lawrence Joel Kotler   on behalf of Creditor   Pennsylvania Public School Employees' Retirement
              System ljkotler@duanemorris.com
              Lawrence M. Jacobson   on behalf of Interested Party   CBS Television Stations Inc.
              lmj@gfjlawfirm.com
              Lee Harrington   on behalf of Defendant   HCA MASTER RETIREMENT TRUST LCV
              lharrington@nixonpeabody.com
              Leonard H. Gerson   on behalf of Interested Party   United States Department of Labor
              gerson.leonard@dol.gov
              Leslie C. Heilman   on behalf of Creditor   Comcast Corporation heilmanl@ballardspahr.com,
              ambroses@ballardspahr.com
              Leslie C. Heilman   on behalf of Creditor   Comcast Cable heilmanl@ballardspahr.com,
              ambroses@ballardspahr.com
              M. Blake Cleary   on behalf of Interested Party   Oaktree Capital Management, L.P.
              bankfilings@ycst.com
              M. Blake Cleary   on behalf of Interested Party   Angelo, Gordon & Co. bankfilings@ycst.com
              M. Blake Cleary   on behalf of Interested Party   Credit Agreement Lenders bankfilings@ycst.com
              Marc J. Phillips   on behalf of Interested Party   Timothy Landon mphillips@mmwr.com,
              marc-phillips-8177@ecf.pacerpro.com
              Marc J. Phillips   on behalf of Interested Party   Scott Smith mphillips@mmwr.com,
              marc-phillips-8177@ecf.pacerpro.com
              Marc J. Phillips   on behalf of Interested Party   John Reardon mphillips@mmwr.com,
              marc-phillips-8177@ecf.pacerpro.com
              Marc J. Phillips   on behalf of Interested Party   David Hiller mphillips@mmwr.com,
              marc-phillips-8177@ecf.pacerpro.com
              Marc J. Phillips   on behalf of Interested Party   Luis Lewin mphillips@mmwr.com,
              marc-phillips-8177@ecf.pacerpro.com
              Marc J. Phillips   on behalf of Interested Party   Thomas Leach mphillips@mmwr.com,
              marc-phillips-8177@ecf.pacerpro.com
              Marc J. Phillips   on behalf of Interested Party   Richard Malone mphillips@mmwr.com,
              marc-phillips-8177@ecf.pacerpro.com
              Marc J. Phillips   on behalf of Creditor   Los Angeles County Treasurer and Tax Collector
              mphillips@mmwr.com,  marc-phillips-8177@ecf.pacerpro.com
              Marc J. Phillips   on behalf of Interested Party   John Vitanovec mphillips@mmwr.com,
              marc-phillips-8177@ecf.pacerpro.com
              Marc J. Phillips   on behalf of Creditor   Harry Amsden, Robert Gremillion and David D. Williams
              mphillips@mmwr.com,  marc-phillips-8177@ecf.pacerpro.com
              Marc J. Phillips   on behalf of Interested Party   George R. Dougherty mphillips@mmwr.com,
              marc-phillips-8177@ecf.pacerpro.com
              Marc J. Phillips   on behalf of Interested Party   Kathleen Waltz mphillips@mmwr.com,
              marc-phillips-8177@ecf.pacerpro.com
              Margaret Fleming England   on behalf of Interested Party   Scarborough Research
              mengland@gsbblaw.com
              Margaret Fleming England   on behalf of Creditor   The Nielsen Company (US) LLC
              mengland@gsbblaw.com
              Maria Ann Milano   on behalf of Creditor   Microsoft Corporation mamilano@foxrothschild.com,
              vmagda@foxrothschild.com;jshickich@foxrothschild.com
              Maria Ann Milano   on behalf of Interested Party   Microsoft Corporation and Microsoft Licensing,
              GP mamilano@foxrothschild.com,  vmagda@foxrothschild.com;jshickich@foxrothschild.com
              Maria Ann Milano   on behalf of Creditor   Microsoft Licensing, GP mamilano@foxrothschild.com,
              vmagda@foxrothschild.com;jshickich@foxrothschild.com
              Mark Melickian   on behalf of Defendant   David P. Murphy mmelickian@sfgh.com
              Mark A. Neubauer   on behalf of Creditor Durham J. Monsma mneubauer@carltonfields.com,
              mlrodriguez@carltonfields.com;smcloughlin@carltonfields.com
              Mark A. Neubauer   on behalf of Creditor   Certain Directors and Officers
              mneubauer@carltonfields.com,  mlrodriguez@carltonfields.com;smcloughlin@carltonfields.com
              Mark D. Collins   on behalf of Interested Party   Angelo, Gordon & Co.
              rbgroup@rlf.com/ann-jerominski-2390@ecf.pacerpro.com
              Mark D. Collins   on behalf of Interested Party   JPMorgan Chase Bank, N.A.
              rbgroup@rlf.com;ann-jerominski-2390@ecf.pacerpro.com

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
          Mark E. Felger    on behalf of Defendant    Irving L. Quimby Jr. mfelger@cozen.com,
            kcallahan@cozen.com;sshidner@cozen.com;mark-felger-2433@ecf.pacerpro.com
          Mark E. Felger    on behalf of Defendant    Mark W. Hianik mfelger@cozen.com,
            kcallahan@cozen.com;sshidner@cozen.com;mark-felger-2433@ecf.pacerpro.com
          Mark E. Felger    on behalf of Defendant Betty Ellen    Berlamino mfelger@cozen.com,
            kcallahan@cozen.com;sshidner@cozen.com;mark-felger-2433@ecf.pacerpro.com
          Mark E. Felger    on behalf of Defendant Peter A. Knapp mfelger@cozen.com,
            kcallahan@cozen.com;sshidner@cozen.com;mark-felger-2433@ecf.pacerpro.com
          Mark E. Felger    on behalf of Defendant Tom E. Ehlmann mfelger@cozen.com,
            kcallahan@cozen.com;sshidner@cozen.com;mark-felger-2433@ecf.pacerpro.com
          Mark E. Felger Esq.   on behalf of Creditor    Twentieth Television, Inc. mfelger@cozen.com,
            kcallahan@cozen.com;sshidner@cozen.com;mark-felger-2433@ecf.pacerpro.com
          Mark E. Felger Esq.   on behalf of Interested Party David  Kniffen mfelger@cozen.com,
            kcallahan@cozen.com;sshidner@cozen.com;mark-felger-2433@ecf.pacerpro.com
          Mark E. Felger Esq.   on behalf of Creditor John  Birmingham mfelger@cozen.com,
            kcallahan@cozen.com;sshidner@cozen.com;mark-felger-2433@ecf.pacerpro.com
          Mark E. Felger Esq.   on behalf of Interested Party    Betty Ellen Berlamino mfelger@cozen.com,
            kcallahan@cozen.com;sshidner@cozen.com;mark-felger-2433@ecf.pacerpro.com
          Mark E. Felger Esq.   on behalf of Interested Party BETTY ELLEN BERLAMINO mfelger@cozen.com,
            kcallahan@cozen.com;sshidner@cozen.com;mark-felger-2433@ecf.pacerpro.com
          Mark E. Felger Esq.   on behalf of Creditor Tom E. Ehlmann mfelger@cozen.com,
            kcallahan@cozen.com;sshidner@cozen.com;mark-felger-2433@ecf.pacerpro.com
          Mark E. Felger Esq.   on behalf of Creditor    Camden Asset Management mfelger@cozen.com,
            kcallahan@cozen.com;sshidner@cozen.com;mark-felger-2433@ecf.pacerpro.com
          Mark E. Felger Esq.   on behalf of Creditor Peter A. Knapp mfelger@cozen.com,
            kcallahan@cozen.com;sshidner@cozen.com;mark-felger-2433@ecf.pacerpro.com
          Mark E. Felger Esq.   on behalf of Creditor Mark W. Hianik mfelger@cozen.com,
            kcallahan@cozen.com;sshidner@cozen.com;mark-felger-2433@ecf.pacerpro.com
          Mark E. Felger Esq.   on behalf of Creditor    Citadel Equity Fund Ltd. mfelger@cozen.com,
            kcallahan@cozen.com;sshidner@cozen.com;mark-felger-2433@ecf.pacerpro.com
          Mark E. Felger Esq.   on behalf of Interested Party Irving L. Quimby mfelger@cozen.com,
            kcallahan@cozen.com;sshidner@cozen.com;mark-felger-2433@ecf.pacerpro.com
          Mark Harrington Ralston   on behalf of Defendant    Xerox Corporation mralston@fishmanjackson.com,
            mhr.pacer@gmail.com
          Mark M. Billion    on behalf of Interested Party    Centerbridge Credit Advisors LLC
            markbillion@billionlaw.com,  mmb21167@fastpacer.us
          Mark M. Billion    on behalf of Interested Party    CenterPoint Energy Services, Inc.
            markbillion@billionlaw.com,  mmb21167@fastpacer.us
          Mark N. Parry   on behalf of Witness    Deutsche Bank Aktiengesellschaft mparry@mosessinger.com,
            dkick@mosessinger.com;kkolbig@mosessinger.com,jbonteque@mosessinger.com
          Mark N. Parry   on behalf of Witness    Deutsche Bank Securities, Inc. mparry@mosessinger.com,
            dkick@mosessinger.com;kkolbig@mosessinger.com,jbonteque@mosessinger.com
          Mark T Hurford   on behalf of Plaintiff    Tribune Company cl@camlev.com
          Mark T Hurford   on behalf of Plaintiff    Los Angeles Times Communications LLC cl@camlev.com
          Mark T Hurford   on behalf of Interested Party    Campbell & Levine, LLC cl@camlev.com
          Martha E. Romero   on behalf of Creditor    County of San Bernardino, California
            romero@dslextreme.com
          Mary E. Augustine   on behalf of Interested Party    Robert R. McCormick Foundation
            maugustine@dkhogan.com
          Mary E. Augustine   on behalf of Creditor    Deutsche Bank Trust Company Americas
            maugustine@dkhogan.com
          Mary E. Augustine   on behalf of Interested Party    Cantigny Foundation maugustine@dkhogan.com
          Mary E. Augustine   on behalf of Interested Party    Law Debenture Trust Company of New York
            maugustine@dkhogan.com
          Mary E. Augustine   on behalf of Interested Party    Davidson Kempner Capital Management LLC
            maugustine@dkhogan.com
          Mary K. Ware   on behalf of Interested Party    Employees' Retirement System of Georgia
            mware@law.ga.gov
          Matthew B. McGuire    on behalf of Attorney    Chadbourne & Parke LLP mcguire@lrclaw.com,
            rogers@lrclaw.com;dellose@lrclaw.com;ramirez@lrclaw.com;butler@lrclaw.com
          Matthew B. McGuire    on behalf of Financial Advisor    Epiq Corporate Restructuring, LLC
            mcguire@lrclaw.com,  rogers@lrclaw.com;dellose@lrclaw.com;ramirez@lrclaw.com;butler@lrclaw.com
          Matthew B. McGuire    on behalf of Attorney    Landis Rath & Cobb LLP mcguire@lrclaw.com,
            rogers@lrclaw.com;dellose@lrclaw.com;ramirez@lrclaw.com;butler@lrclaw.com
          Matthew B. McGuire    on behalf of Creditor Committee    Zuckerman Spaeder LLP mcguire@lrclaw.com,
            rogers@lrclaw.com;dellose@lrclaw.com;ramirez@lrclaw.com;butler@lrclaw.com
          Matthew B. McGuire    on behalf of Interested Party    OFFICIAL COMMITTEE OF UNSECURED CREDITORS
            mcguire@lrclaw.com,  rogers@lrclaw.com;dellose@lrclaw.com;ramirez@lrclaw.com;butler@lrclaw.com
          Matthew B. McGuire    on behalf of Financial Advisor    Moelis & Company LLC mcguire@lrclaw.com,
            rogers@lrclaw.com;dellose@lrclaw.com;ramirez@lrclaw.com;butler@lrclaw.com
          Matthew J. Troy    on behalf of Creditor    UNITED STATES OF AMERICA matthew.troy@usdoj.gov
          Maurie J. Shalmone    on behalf of Interested Party    Longacre Opportunity Fund, L.P.
            maurie@longacrellc.com
          Meghan Colleen Horn    on behalf of Creditor    Truck Drivers & Helpers Local 355 and Health &
            Welfare Fund & Truck Drivers and Helpers Local 355 Pension Fund mhorn@abato.com
          Menachem O. Zelmanovitz    on behalf of Interested Party    New York State Common Retirement Fund
            mendy@zelmlaw.com

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)

Micah R Krohn   on behalf of Interested Party    Employee Compensation Defendants Group
  mkrohn@fgllp.com,  ccarpenter@fgllp.com
Michael  Brandess    on behalf of Defendant    David P. Murphy mbrandess@sfgh.com
Michael E. Emrich    on behalf of Creditor    Riverside Claims, LLC. notice@regencap.com
Michael F. Bonkowski    on behalf of Plaintiff    WDCW Broadcasting, Inc. mbonkowski@coleschotz.com,
  bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
  m
Michael F. Bonkowski    on behalf of Plaintiff    Tribune Media Services, Inc.
  mbonkowski@coleschotz.com,
  bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
  m
Michael F. Bonkowski    on behalf of Plaintiff    Tribune Television Northwest, Inc.
  mbonkowski@coleschotz.com,
  bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
  m
Michael F. Bonkowski    on behalf of Plaintiff    Channel 40, Inc. mbonkowski@coleschotz.com,
  bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
  m
Michael F. Bonkowski    on behalf of Plaintiff    KWGN Inc. mbonkowski@coleschotz.com,
  bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
  m
Michael F. Bonkowski    on behalf of Plaintiff    KSWB Inc. mbonkowski@coleschotz.com,
  bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
  m
Michael F. Bonkowski    on behalf of Plaintiff    Tribune Broadcast Holdings, Inc.
  mbonkowski@coleschotz.com,
  bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
  m
Michael F. Bonkowski    on behalf of Plaintiff    Tribune Company mbonkowski@coleschotz.com,
  bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
  m
Michael F. Bonkowski    on behalf of Plaintiff    Los Angeles Times Communications LLC
  mbonkowski@coleschotz.com,
  bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
  m
Michael F. Bonkowski    on behalf of Plaintiff    Tribune Television Company
  mbonkowski@coleschotz.com,
  bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
  m
Michael F. Bonkowski    on behalf of Plaintiff    Tribune Company, et al. mbonkowski@coleschotz.com,
  bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
  m
Michael F. Murphy    on behalf of Interested Party    State of Michigan MurphyM2@michigan.gov,
  ballingerbl@michigan.gov
Michael F. Murphy    on behalf of Defendant    Michigan Department of Treasury    Bureau of
  Investments MurphyM2@michigan.gov,  ballingerbl@michigan.gov
Michael G. Busenkell    on behalf of Creditor Marta  Waller mbusenkell@gsbblaw.com
Michael J. Farnan    on behalf of Interested Party Kenneth N. Klee mfarnan@farnanlaw.com,
  tfarnan@farnanlaw.com
Michael Joseph Joyce    on behalf of Defendant    Civilian Employees Retirement System of Kansas
  City mjoyce@mjlawoffices.com
Michael Joseph Joyce    on behalf of Defendant    Police Retirement System of Kansas City
  mjoyce@mjlawoffices.com
Michael Joseph Joyce    on behalf of Creditor    Constellation NewEnergy, Inc.
  mjoyce@mjlawoffices.com
Michael Joseph Joyce    on behalf of Interested Party    Teamsters Local Union No. 355
  mjoyce@mjlawoffices.com
Michael Joseph Joyce    on behalf of Interested Party    JPMorgan Securities Inc.
  mjoyce@mjlawoffices.com
Michael Joseph Joyce    on behalf of Interested Party    JPMorgan Chase Bank, N.A.
  mjoyce@mjlawoffices.com
Michael Joseph Joyce    on behalf of Interested Party    Washington-Baltimore Newspaper Guild,
  Local 32035, TNG-CWA mjoyce@mjlawoffices.com
Michael Joseph Joyce    on behalf of Interested Party    Newspaper Guild of New York, CWA Local
  31003 mjoyce@mjlawoffices.com
Michael Joseph Joyce    on behalf of Interested Party    Teamsters Local Union No. 888
  mjoyce@mjlawoffices.com
Michael P. Migliore    on behalf of Creditor    Verizon Investment Management Corp. mpm@skjlaw.com
Michael P. Richman    on behalf of Interested Party    Schultze Asset Management, LLC
  jsteele@steinhilberswanson.com
Michael S. Amato    on behalf of Creditor Esther  Rhein mamato@rmfpc.com,  dolsen@rmfpc.com
Michael T. Trucco    on behalf of Defendant    CATHOLIC UNITED INVESTMENT TRUST
  mtrucco@stamostrucco.com,  erosenquist@stamostrucco.com
Michael W. Yurkewicz    on behalf of Interested Party    SuttonBrook Capital Management LP
  myurkewicz@klehr.com
Michelle  McMahon    on behalf of Interested Party    ENDEX Capital Management, LLC
  michelle.mcmahon@bryancave.com

District/off: 0311-1        User: Sherry            Page 21 of 28            Date Rcvd: Mar 04, 2020
                            Form ID: pdfgen         Total Noticed: 1

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
          Mona A. Parikh    on behalf of Interested Party    OFFICIAL COMMITTEE OF UNSECURED CREDITORS
            mona.parikh@bipc.com
          Mona A. Parikh    on behalf of Creditor Committee    OFFICIAL COMMITTEE OF UNSECURED CREDITORS
            mona.parikh@bipc.com
          Nancy G. Everett    on behalf of Interested Party    LSV Asset Management neverett@winston.com,
            ecf_bank@winston.com
          Nathan  Jones    on behalf of Creditor    US Debt Recovery III, LP nate@usdrllc.com
          Nathan  Jones    on behalf of Creditor    US Debt Recovery IIA, LLC nate@usdrllc.com
          Nathan  Jones    on behalf of Creditor    US Debt Recovery IV, LLC nate@usdrllc.com
          Nathan  Jones    on behalf of Creditor    US Debt Recovery VIII, L.P. nate@usdrllc.com
          Nathan  Jones    on behalf of Creditor    US Debt Recovery V, LP nate@usdrllc.com
          Nathan Quinn Rugg    on behalf of Interested Party    GreatBanc Trust Company nathan.rugg@bfkn.com
          Neil Raymond Lapinski    on behalf of Interested Party Allen   Francisco nlapinski@gfmlaw.com,
            kvalania@gfmlaw.com
          Norman L. Pernick    on behalf of Debtor    Tribune Media Services, Inc. npernick@coleschotz.com,
            pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
            m
          Norman L. Pernick    on behalf of Debtor    Tribune California Properties, Inc.
            npernick@coleschotz.com,
            pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
            m
          Norman L. Pernick    on behalf of Debtor    Tribune Broadcasting Holdco, LLC
            npernick@coleschotz.com,
            pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
            m
          Norman L. Pernick    on behalf of Debtor    California Community News Corporation
            npernick@coleschotz.com,
            pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
            m
          Norman L. Pernick    on behalf of Debtor    Chicago River Production Company
            npernick@coleschotz.com,
            pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
            m
          Norman L. Pernick    on behalf of Debtor    Tribune Television Northwest, Inc.
            npernick@coleschotz.com,
            pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
            m
          Norman L. Pernick    on behalf of Debtor    Times Mirror Services Company, Inc.
            npernick@coleschotz.com,
            pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
            m
          Norman L. Pernick    on behalf of Debtor    Los Angeles Times Communications LLC
            npernick@coleschotz.com,
            pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
            m
          Norman L. Pernick    on behalf of Debtor    Virginia Community Shoppers, LLC
            npernick@coleschotz.com,
            pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
            m
          Norman L. Pernick    on behalf of Debtor    Tribune Television Holdings, Inc.
            npernick@coleschotz.com,
            pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
            m
          Norman L. Pernick    on behalf of Debtor    Forsalebyowner.com Corp. npernick@coleschotz.com,
            pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
            m
          Norman L. Pernick    on behalf of Debtor    The Morning Call, Inc. npernick@coleschotz.com,
            pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
            m
          Norman L. Pernick    on behalf of Debtor    WDCW Broadcasting, Inc. npernick@coleschotz.com,
            pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
            m
          Norman L. Pernick    on behalf of Debtor    KPLR, Inc. npernick@coleschotz.com,
            pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
            m
          Norman L. Pernick    on behalf of Debtor    NBBF, LLC npernick@coleschotz.com,
            pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
            m
          Norman L. Pernick    on behalf of Debtor    5800 Sunset Productions Inc. npernick@coleschotz.com,
            pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
            m
          Norman L. Pernick    on behalf of Debtor    Gold Coast Publications, Inc. npernick@coleschotz.com,
            pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
            m
          Norman L. Pernick    on behalf of Debtor    Newscom Services, Inc. npernick@coleschotz.com,
            pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
            m

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)

             Norman L. Pernick   on behalf of Debtor    Chicagoland Microwave Licensee, Inc.
             npernick@coleschotz.com,
             pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
             m
             Norman L. Pernick   on behalf of Debtor    Tribune License, Inc. npernick@coleschotz.com,
             pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
             m
             Norman L. Pernick   on behalf of Debtor    Fortify Holdings Corporation npernick@coleschotz.com,
             pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
             m
             Norman L. Pernick   on behalf of Debtor    Chicago Tribune Newspapers, Inc.
             npernick@coleschotz.com,
             pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
             m
             Norman L. Pernick   on behalf of Debtor    WTXX Inc. npernick@coleschotz.com,
             pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
             m
             Norman L. Pernick   on behalf of Debtor    Oak Brook Productions, Inc. npernick@coleschotz.com,
             pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
             m
             Norman L. Pernick   on behalf of Debtor    KTLA Inc. npernick@coleschotz.com,
             pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
             m
             Norman L. Pernick   on behalf of Debtor    Tower Distribution Company npernick@coleschotz.com,
             pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
             m
             Norman L. Pernick   on behalf of Debtor    Tribune Finance, LLC npernick@coleschotz.com,
             pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
             m
             Norman L. Pernick   on behalf of Debtor    Los Angeles Times Newspapers, Inc.
             npernick@coleschotz.com,
             pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
             m
             Norman L. Pernick   on behalf of Debtor    Sentinel Communications News Ventures, Inc.
             npernick@coleschotz.com,
             pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
             m
             Norman L. Pernick   on behalf of Debtor    North Michigan Production Company
             npernick@coleschotz.com,
             pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
             m
             Norman L. Pernick   on behalf of Debtor    Homestead Publishing Co. npernick@coleschotz.com,
             pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
             m
             Norman L. Pernick   on behalf of Debtor    Heart & Crown Advertising, Inc. npernick@coleschotz.com,
             pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
             m
             Norman L. Pernick   on behalf of Debtor    Internet Foreclosure Service, Inc.
             npernick@coleschotz.com,
             pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
             m
             Norman L. Pernick   on behalf of Debtor    WLVI Inc. npernick@coleschotz.com,
             pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
             m
             Norman L. Pernick   on behalf of Debtor    Eagle New Media Investments, LLC
             npernick@coleschotz.com,
             pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
             m
             Norman L. Pernick   on behalf of Debtor    New Mass. Media, Inc. npernick@coleschotz.com,
             pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
             m
             Norman L. Pernick   on behalf of Debtor    Tribune Manhattan Newspaper Holdings, Inc.
             npernick@coleschotz.com,
             pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
             m
             Norman L. Pernick   on behalf of Debtor    Tribune Entertainment Company npernick@coleschotz.com,
             pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
             m
             Norman L. Pernick   on behalf of Debtor    Chicagoland Television News, Inc.
             npernick@coleschotz.com,
             pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
             m
             Norman L. Pernick   on behalf of Debtor    Patuxent Publishing Company npernick@coleschotz.com,
             pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
             m
             Norman L. Pernick   on behalf of Debtor    Hoy Publications, LLC npernick@coleschotz.com,
             pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
             m

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
           Norman L. Pernick   on behalf of Debtor   Tribune Publishing Company npernick@coleschotz.com,
            pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
            m
           Norman L. Pernick   on behalf of Interested Party   Barclays Bank PLC npernick@coleschotz.com,
            pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
            m
           Norman L. Pernick   on behalf of Debtor   Channel 40, Inc. npernick@coleschotz.com,
            pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
            m
           Norman L. Pernick   on behalf of Debtor   Direct Mail Associates, Inc. npernick@coleschotz.com,
            pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
            m
           Norman L. Pernick   on behalf of Debtor   Sun-Sentinel Company npernick@coleschotz.com,
            pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
            m
           Norman L. Pernick   on behalf of Debtor   Times Mirror Land and Timber Company
            npernick@coleschotz.com,
            pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
            m
           Norman L. Pernick   on behalf of Debtor   WATL, LLC npernick@coleschotz.com,
            pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
            m
           Norman L. Pernick   on behalf of Debtor   JuliusAir Company II, LLC npernick@coleschotz.com,
            pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
            m
           Norman L. Pernick   on behalf of Debtor   TMLS I, Inc. npernick@coleschotz.com,
            pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
            m
           Norman L. Pernick   on behalf of Debtor   Tribune New York Newspaper Holdings, LLC
            npernick@coleschotz.com,
            pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
            m
           Norman L. Pernick   on behalf of Debtor   Tribune Media Company, et al. npernick@coleschotz.com,
            pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
            m
           Norman L. Pernick   on behalf of Debtor   Tribune Broadcast Holdings, Inc.
            npernick@coleschotz.com,
            pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
            m
           Norman L. Pernick   on behalf of Debtor   Channel 20, Inc. npernick@coleschotz.com,
            pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
            m
           Norman L. Pernick   on behalf of Debtor   The Daily Press, Inc. npernick@coleschotz.com,
            pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
            m
           Norman L. Pernick   on behalf of Debtor   Star Community Publishing Group, LLC
            npernick@coleschotz.com,
            pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
            m
           Norman L. Pernick   on behalf of Attorney   Cole Schotz P.C. npernick@coleschotz.com,
            pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
            m
           Norman L. Pernick   on behalf of Debtor   Tribune CNLBC, LLC npernick@coleschotz.com,
            pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
            m
           Norman L. Pernick   on behalf of Debtor   Signs of Distinction, Inc. npernick@coleschotz.com,
            pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;jwhitworth@coleschotz.com;jford@coleschotz.co
            m
           Norman M. Monhait   on behalf of Creditor   Gabelli Entities nmonhait@rmgglaw.com
           Norman P. Fivel   on behalf of Creditor   New York State Dept. Of Taxation & Finance
            norman.fivel@oag.state.ny.us
           Odalisa Polanco   on behalf of Creditor   Claims Recovery Group LLC
            allison@claimsrecoveryllc.com,  allison@ecf.inforuptcy.com;notices@claimsrecoveryllc.com
           Odalisa Polanco   on behalf of Creditor Allison Rebecca Axenrod allison@claimsrecoveryllc.com,
            allison@ecf.inforuptcy.com;notices@claimsrecoveryllc.com
           Patricia P. McGonigle   on behalf of Plaintiff   The Official Committee of Unsecured Creditors of
            Tribune Company, on behalf of Tribune Company, et al. pmcgonigle@svglaw.com,  dclack@svglaw.com
           Patricia P. McGonigle   on behalf of Interested Party   Buena Vista Television, LLC
            pmcgonigle@svglaw.com,  dclack@svglaw.com
           Patricia P. McGonigle   on behalf of Plaintiff   OFFICIAL COMMITTEE OF UNSECURED CREDITORS
            pmcgonigle@svglaw.com,  dclack@svglaw.com
           Patrick J. Reilley   on behalf of Debtor   Tribune Company, et al. preilley@coleschotz.com,
            bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
            otz.com;jford@coleschotz.com
           Patrick J. Reilley   on behalf of Plaintiff   KSWB Inc. preilley@coleschotz.com,
            bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
            otz.com;jford@coleschotz.com

District/off: 0311-1          User: Sherry              Page 24 of 28            Date Rcvd: Mar 04, 2020
                             Form ID: pdfgen            Total Noticed: 1

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
              Patrick J. Reilley    on behalf of Plaintiff    WPIX, Inc. preilley@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
              Patrick J. Reilley    on behalf of Interested Party    Debtor/Committee/Lender Plan Proponent Group
               preilley@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
              Patrick J. Reilley    on behalf of Debtor    Tribune Media Company, et al. preilley@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
              Patrick J. Reilley    on behalf of Plaintiff    Chicagoland Television News, Inc.
               preilley@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
              Patrick J. Reilley    on behalf of Plaintiff    Tribune Media Net, Inc. preilley@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
              Patrick J. Reilley    on behalf of Plaintiff    Tribune Direct Marketing, Inc.
               preilley@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
              Patrick J. Reilley    on behalf of Plaintiff    Kiah Inc. preilley@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
              Patrick J. Reilley    on behalf of Plaintiff    KIAH Inc. preilley@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
              Patrick J. Reilley    on behalf of Plaintiff    The Baltimore Sun Company preilley@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
              Patrick J. Reilley    on behalf of Plaintiff    Tribune Publishing Company preilley@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
              Patrick J. Reilley    on behalf of Plaintiff    Los Angeles Times Communications LLC
               preilley@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
              Patrick J. Reilley    on behalf of Interested Party    Debtor/Committee/Lender Plan Proponents
               preilley@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
              Patrick J. Reilley    on behalf of Plaintiff    The Daily Press, Inc. preilley@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
              Patrick J. Reilley    on behalf of Plaintiff    Channel 40, Inc. preilley@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
              Patrick J. Reilley    on behalf of Plaintiff    Orlando Sentinel Communications Company
               preilley@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
              Patrick J. Reilley    on behalf of Plaintiff    Tribune Company preilley@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
              Patrick J. Reilley    on behalf of Plaintiff    Tribune Company, et al. preilley@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
              Patrick J. Reilley    on behalf of Plaintiff    Tribune Television Northwest, Inc.
               preilley@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
              Patrick J. Reilley    on behalf of Plaintiff    Chicago Tribune Company preilley@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
              Patrick J. Reilley    on behalf of Plaintiff    California Community News Corporation
               preilley@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
              Patrick J. Reilley    on behalf of Plaintiff    Tribune Television Holdings, Inc.
               preilley@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
              Patrick J. Reilley    on behalf of Plaintiff    CHICAGO TRIBUNE COMPANY, INC.
               preilley@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
               Patrick J. Reilley    on behalf of Plaintiff    WDCW Broadcasting, Inc. preilley@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
               Patrick J. Reilley    on behalf of Plaintiff    Gold Coast Publications, Inc.
               preilley@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
               Patrick J. Reilley    on behalf of Plaintiff    WGN Continental Broadcasting Company
               preilley@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
               Patrick J. Reilley    on behalf of Plaintiff    Tribune Television Company preilley@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
               Patrick J. Reilley    on behalf of Plaintiff    The Hartford Courant Company
               preilley@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
               Patrick J. Reilley    on behalf of Plaintiff    KTLA Inc. preilley@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
               Patrick J. Reilley    on behalf of Plaintiff    KWGN Inc. preilley@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
               Patrick J. Reilley    on behalf of Plaintiff    Sun-Sentinel Company preilley@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
               Patrick J. Reilley    on behalf of Plaintiff    Tribune Broadcasting Company
               preilley@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
               Patrick J. Reilley    on behalf of Plaintiff    Magic T Music Publishing Company
               preilley@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
               Patrick J. Reilley    on behalf of Plaintiff    Tribune Media Services, Inc.
               preilley@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
               Patrick J. Reilley    on behalf of Plaintiff    Channel 39, Inc. preilley@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
               Patrick J. Reilley    on behalf of Plaintiff    Tribune Broadcast Holdings, Inc.
               preilley@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
               Patrick J. Reilley    on behalf of Plaintiff    The Morning Call, Inc. preilley@coleschotz.com,
               bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;jwhitworth@coleschotz.com;kkarstetter@colesch
               otz.com;jford@coleschotz.com
               Patrick M. Brannigan    on behalf of Interested Party    JPMorgan Chase Bank, N.A.
               pbrannigan@crosslaw.com
               Paul J. Catanese    on behalf of Creditor    The Nielsen Company (US) LLC pcatanese@mcguirewoods.com
               Philip C. Dublin    on behalf of Interested Party    Aurelius Capital Management, LP
               pdublin@akingump.com
               R. Craig Martin    on behalf of Interested Party    Barclays Bank PLC craig.martin@dlapiper.com,
               carolyn.fox@dlapiper.com;craig-martin-0553@ecf.pacerpro.com
               R. Stephen McNeill    on behalf of Defendant    Merrill, Lynch, Pierce, Fenner & Smith
               Incorporated bankruptcy@potteranderson.com,  bankruptcy@potteranderson.com
               R. Stephen McNeill    on behalf of Interested Party    Merrill Lynch Capital Corporation and
               Merrill Lynch, Pierce, Fenner & Smith, Incorporated bankruptcy@potteranderson.com,
               bankruptcy@potteranderson.com
               R. Stephen McNeill    on behalf of Creditor    Merrill Lynch Capital Corporation, as
               Administrative Agent bankruptcy@potteranderson.com,  bankruptcy@potteranderson.com
               Rachel B. Mersky    on behalf of Interested Party    bkm 3128 Redhill, LLC rmersky@monlaw.com
               Rafael Xavier Zahralddin-Aravena    on behalf of Interested Party    3M Employees Welfare Benefits
               Association Trust 1 and Employee Retirement Income Plan Trust of Minnesota Mining &
               Manufacturing Co. rxza@elliottgreenleaf.com,  mxm@elliottgreenleaf.com
               Rafael Xavier Zahralddin-Aravena    on behalf of Defendant    3M Employees Welfare Benefits
               Association Trust 1 and Employee Retirement Income Plan Trust of Minnesota Mining &
               Manufacturing Co. rxza@elliottgreenleaf.com,  mxm@elliottgreenleaf.com
               Raymond H. Lemisch    on behalf of Creditor    Wilmington Trust Company rlemisch@klehr.com
               Rebecca L. Butcher    on behalf of Attorney    Landis Rath & Cobb LLP butcher@lrclaw.com,
               rogers@lrclaw.com;ramirez@lrclaw.com;dellose@lrclaw.com;butler@lrclaw.com
               Rebecca L. Butcher    on behalf of Creditor    OFFICIAL COMMITTEE OF UNSECURED CREDITORS
               butcher@lrclaw.com,  rogers@lrclaw.com;ramirez@lrclaw.com;dellose@lrclaw.com;butler@lrclaw.com
               Rebecca L. Butcher    on behalf of Plaintiff    The Official Committee of Unsecured Creditors of
               Tribune Company, on behalf of Tribune Company, et al. butcher@lrclaw.com,
               rogers@lrclaw.com;ramirez@lrclaw.com;dellose@lrclaw.com;butler@lrclaw.com

District/off: 0311-1          User: Sherry              Page 26 of 28           Date Rcvd: Mar 04, 2020
                              Form ID: pdfgen           Total Noticed: 1

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)

Reed A. Heiligman    on behalf of Interested Party    Employee Compensation Defendants Group
rheiligman@fgllp.com,  ccarpenter@fgllp.com
Richard A. Robinson    on behalf of Attorney    Reed Smith LLP rrobinson@burr.com,
debankruptcy@burr.com
Richard E Rosberger    on behalf of Defendant    POLICE RETIREMENT SYSTEM OF K.C., MISSOURI LCV
rrosberger@rlrpclaw.com
Richard E Rosberger    on behalf of Defendant    Civilian Employees Retirement System of Kansas
City rrosberger@rlrpclaw.com
Richard M. Seltzer    on behalf of Creditor    SAG-AFTRA rseltzer@cwsny.com,  ecf@cwsny.com
Richard Michael Beck    on behalf of Interested Party    Harris, N.A. n/k/a BMO Harris Bank N.A.
rbeck@klehr.com,  lstanton@klehr.com
Richard Michael Beck    on behalf of Interested Party    The State of California Franchise Tax
Board rbeck@klehr.com,  lstanton@klehr.com
Richard Scott Cobb    on behalf of Trustee    Marc S. Kirschner, as Litigation Trustee
cobb@lrclaw.com,  ramirez@lrclaw.com;rogers@lrclaw.com;dellose@lrclaw.com;butler@lrclaw.com
Richard Scott Cobb    on behalf of Plaintiff    Official Committee of Unsecured Creditors of
Tribune Company, on behalf of Tribune Company, et al. cobb@lrclaw.com,
ramirez@lrclaw.com;rogers@lrclaw.com;dellose@lrclaw.com;butler@lrclaw.com
Richard Scott Cobb    on behalf of Plaintiff    The Official Committee of Unsecured Creditors of
the Tribune Company cobb@lrclaw.com,
ramirez@lrclaw.com;rogers@lrclaw.com;dellose@lrclaw.com;butler@lrclaw.com
Richard Scott Cobb    on behalf of Interested Party    OFFICIAL COMMITTEE OF UNSECURED CREDITORS
cobb@lrclaw.com,  ramirez@lrclaw.com;rogers@lrclaw.com;dellose@lrclaw.com;butler@lrclaw.com
Richard Scott Cobb    on behalf of Plaintiff    Marc S. Kirschner, as Litigation Trustee
cobb@lrclaw.com,  ramirez@lrclaw.com;rogers@lrclaw.com;dellose@lrclaw.com;butler@lrclaw.com
Richard Scott Cobb    on behalf of Trustee    Litigation Trustee cobb@lrclaw.com,
ramirez@lrclaw.com;rogers@lrclaw.com;dellose@lrclaw.com;butler@lrclaw.com
Richard Scott Cobb    on behalf of Plaintiff    The Official Committee of Unsecured Creditors of
Tribune Company, on behalf of Tribune Company, et al. cobb@lrclaw.com,
ramirez@lrclaw.com;rogers@lrclaw.com;dellose@lrclaw.com;butler@lrclaw.com
Richard W. Riley    on behalf of Interested Party    Cantigny Foundation rriley@wtplaw.com,
clano@wtplaw.com
Richard W. Riley    on behalf of Interested Party    Edward D. Jones & Co., L.P. rriley@wtplaw.com,
clano@wtplaw.com
Richard W. Riley    on behalf of Interested Party    Robert R. McCormick Tribune Foundation
rriley@wtplaw.com,  clano@wtplaw.com
Richard W. Riley    on behalf of Interested Party    Robert R. McCormick Foundation
rriley@wtplaw.com,  clano@wtplaw.com
Richard W. Riley    on behalf of Defendant    Robert R. McCormick Foundation
rwriley@duanemorris.com,  clano@wtplaw.com
Robert J. Lack    on behalf of Interested Party    Aurelius Capital Management, LP rlack@fklaw.com,
vgarvey@fklaw.com
Robert J. Stearn, Jr.    on behalf of Interested Party    JPMorgan Chase Bank, N.A. stearn@rlf.com,
rbgroup@rlf.com;ann-jerominski-2390@ecf.pacerpro.com
Robert K. Minkoff    on behalf of Creditor    Jefferies Leveraged Credit Products, LLC
rminkoff@cedargladecapital.com
Robert S. Brady    on behalf of Interested Party    Credit Agreement Lenders bankfilings@ycst.com
Robert S. Brady    on behalf of Interested Party    Angelo, Gordon & Co. bankfilings@ycst.com
Robert S. Brady    on behalf of Interested Party    Oaktree Capital Management, L.P.
bankfilings@ycst.com
Robert T. Honeywell    on behalf of Defendant    Metropolitan Life Insurance Company
robert.honeywell@klgates.com
Robert T. Honeywell    on behalf of Defendant    MetLife Stock Index Portfolio
robert.honeywell@klgates.com
Robert W. Mallard    on behalf of Creditor    Agfa Corporation mallard.robert@dorsey.com
Ronald Mark Tucker    on behalf of Creditor    Simon Property Group, Inc. rtucker@simon.com,
bankruptcy@simon.com
Ronald S. Gellert    on behalf of Creditor    The Nielsen Company (US) LLC rgellert@gsbblaw.com
Scott  Golden    on behalf of Interested Party    Abitibi Bowater, Inc. sagolden@hhlaw.com
Scott  Golden    on behalf of Interested Party    Abitibi Consolidated Sales Corporation
sagolden@hhlaw.com
Scott  Golden    on behalf of Interested Party    Bowater Inc. sagolden@hhlaw.com
Scott Alan Zuber    on behalf of Interested Party    Day Pitney LLP szuber@csglaw.com,
ecf@csglaw.com
Scott Alan Zuber    on behalf of Creditor    Day Pitney LLP szuber@csglaw.com,  ecf@csglaw.com
Scott D. Cousins    on behalf of Interested Party    Aurelius Capital Management, LP
scousins@bayardlaw.com,  lmorton@bayardlaw.com;kmccloskey@bayardlaw.com
Scott I. Davidson    on behalf of Interested Party    General Motors Hourly-Rate Employee Pension
Trust sdavidson@kslaw.com
Scott J. Leonhardt    on behalf of Creditor    Ad Hoc Committee of Subsidiary Trade Creditors
leonhardt@teamrosner.com
Scott J. Leonhardt    on behalf of Other Prof.    Tweedy, Browne Company LLC
leonhardt@teamrosner.com
Scott J. Leonhardt    on behalf of Interested Party    Silver Point Capital, L.P.
leonhardt@teamrosner.com
Scott J. Leonhardt    on behalf of Interested Party    Neuberger Berman LLC leonhardt@teamrosner.com
Shanti M. Katona    on behalf of Interested Party    Daniel Kazan skatona@polsinelli.com,
LSuprum@Polsinelli.com;delawaredocketing@polsinelli.com

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)

             Shanti M. Katona   on behalf of Interested Party   Schultze Asset Management, LLC
             skatona@polsinelli.com,   LSuprum@Polsinelli.com;delawaredocketing@polsinelli.com
             Shawn M. Christianson   on behalf of Creditor   Oracle America, Inc. schristianson@buchalter.com,
             cmcintire@buchalter.com
             Shawn M. Christianson   on behalf of Creditor   Oracle USA, Inc. schristianson@buchalter.com,
             cmcintire@buchalter.com
             Simon E. Fraser   on behalf of Creditor Mark W. Hianik sfraser@cozen.com,
             sshidner@cozen.com;simon-fraser-1269@ecf.pacerpro.com
             Sommer Leigh Ross   on behalf of Interested Party   Robert R. McCormick Foundation
             slross@duanemorris.com,   AutoDocketWILM@duanemorris.com
             Sommer Leigh Ross   on behalf of Creditor   Sony Pictures Television slross@duanemorris.com,
             AutoDocketWILM@duanemorris.com
             Steven C. Schwendemann   on behalf of Fee Examiner   Stuart Maue s.schwendemann@smmj.com
             Steven T. Hoort   on behalf of Interested Party   TV Guide Online, Inc. shoort@ropesgray.com,
             Therese.Scheuer@RopesGray.com;matthew.burrows@ropesgray.com
             Steven T. Hoort   on behalf of Interested Party   TV Guide Online, LLC shoort@ropesgray.com,
             Therese.Scheuer@RopesGray.com;matthew.burrows@ropesgray.com
             Stuart M. Brown   on behalf of Interested Party   Barclays Bank PLC stuart.brown@dlapiper.com,
             stuart-brown-7332@ecf.pacerpro.com
             Susan E. Kaufman   on behalf of Interested Party   The American Federation of Television and
             Radio Artists ("AFTRA")   skaufman@skaufmanlaw.com
             Susan E. Kaufman   on behalf of Creditor   SAG-AFTRA skaufman@skaufmanlaw.com
             Susan E. Kaufman   on behalf of Interested Party   United Steel, Paper and Forestry, Rubber,
             Manufacturing, Energy, Allied Industrial and Service Workers International Union ("United
             Steelworkers")   skaufman@skaufmanlaw.com
             Tara   Hannon   on behalf of Interested Party   Oaktree Opportunities Fund VIII (Parallel), L.P.
             thannon@loan-law.com
             Tara   Hannon   on behalf of Interested Party   Opps 7b TRB Investments Holdings Ltd.
             thannon@loan-law.com
             Tara   Hannon   on behalf of Creditor   Oaktree FF Investment Fund, L.P. thannon@loan-law.com
             Tara   Hannon   on behalf of Creditor   Oaktree Huntington Investment Fund, L.P.
             thannon@loan-law.com
             Tara   Hannon   on behalf of Creditor   Oaktree Opportunities Fund VIII Delaware, L.P.
             thannon@loan-law.com
             Tara   Hannon   on behalf of Creditor   Oaktree Value Opportunities Fund Holdings, L.P.
             thannon@loan-law.com
             Tara   Hannon   on behalf of Creditor   OCM Opportunities Fund VII Delaware, L.P.
             thannon@loan-law.com
             Tara   Hannon   on behalf of Creditor   OCM Opportunities Fund VIIb Delaware, L.P.
             thannon@loan-law.com
             Tara   Hannon   on behalf of Interested Party   Opps 8 Main TRB Investments Holdings Ltd.
             thannon@loan-law.com
             Tara L. Lattomus   on behalf of Defendant   MISI Company Ltd.
             delawarebankruptcy@eckertseamans.com,   tlattomus@eckertseamans.com;mrutkowski@eckertseamans.com
             Tara L. Lattomus   on behalf of Defendant   Acutech, LLC delawarebankruptcy@eckertseamans.com,
             tlattomus@eckertseamans.com;mrutkowski@eckertseamans.com
             Telly Christos Nakos   on behalf of Interested Party Anthony  LaMantia tnakos@oconnornakos.com
             Thomas A. Lee, IIII   on behalf of Creditor   American Express Travel Related Services Co Inc
             notices@becket-lee.com
             Thomas F. Driscoll, III   on behalf of Defendant Dan  Neil tdriscoll@bifferato.com,
             mdunwody@tbf.legal
             Thomas F. Driscoll, III   on behalf of Defendant Walter  Roche, Jr. tdriscoll@bifferato.com,
             mdunwody@tbf.legal
             Thomas F. Driscoll, III   on behalf of Defendant Henry  Weinstein tdriscoll@bifferato.com,
             mdunwody@tbf.legal
             Thomas F. Driscoll, III   on behalf of Defendant Myron  Levin tdriscoll@bifferato.com,
             mdunwody@tbf.legal
             Thomas F. Driscoll, III   on behalf of Interested Party   Dan Neil, Corie Brown, Henry Weinstein,
             Walter Roche, Jr., Myron Levin, and Julie Makinen, individuals, on behalf of themselves and on
             behalf of all others similarly situated tdriscoll@tbf.legal,  mdunwody@tbf.legal
             Thomas F. Driscoll, III   on behalf of Defendant Corie  Brown tdriscoll@bifferato.com,
             mdunwody@tbf.legal
             Thomas F. Driscoll, III   on behalf of Defendant Julie  Makinen tdriscoll@bifferato.com,
             mdunwody@tbf.legal
             Thomas G. Macauley   on behalf of Spec. Counsel   Special Counsel to the Official Committee of
             Unsecured Creditors bk@macdelaw.com
             Thomas G. Macauley   on behalf of Plaintiff   Official Committee of Unsecured Creditors of
             Tribune Company, on behalf of Tribune Company, et al. bankr@zuckerman.com
             Thomas P. Carroll   on behalf of Interested Party   United States (on behalf of EPA)
             thomas.carroll@usdoj.gov
             Thomas R. Fawkes   on behalf of Creditor   Clear Channel Outdoor, Inc. tomf@goldmclaw.com,
             seanw@restructuringshop.com
             Thomas R. Fawkes   on behalf of Other Prof.   Mercer Health & Benefits, LLC tomf@goldmclaw.com,
             seanw@restructuringshop.com
             Thomas V. Askounis   on behalf of Creditor   Banc of America Leasing & Capital, LLC
             taskounis@askounisdarcy.com,   rwoolley@askounisdarcy.com
             Tiffany Strelow Cobb   on behalf of Creditor   Third Screen Media, Inc. tscobb@vorys.com,
             mdwalkuski@vorys.com

District/off: 0311-1          User: Sherry          Page 28 of 28          Date Rcvd: Mar 04, 2020
                              Form ID: pdfgen        Total Noticed: 1

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
          Tiffany Strelow Cobb    on behalf of Creditor    AOL Advertising Inc. tscobb@vorys.com,
           mdwalkuski@vorys.com
          Tiffany Strelow Cobb    on behalf of Creditor    Turner Properties, Inc. tscobb@vorys.com,
           mdwalkuski@vorys.com
          Tiffany Strelow Cobb    on behalf of Creditor    AOL Inc. tscobb@vorys.com,  mdwalkuski@vorys.com
          Tiffany Strelow Cobb    on behalf of Creditor    CNN Newsource Sales, Inc. tscobb@vorys.com,
           mdwalkuski@vorys.com
          Tiffany Strelow Cobb    on behalf of Creditor    AOL LLC tscobb@vorys.com,  mdwalkuski@vorys.com
          Tiffany Strelow Cobb    on behalf of Creditor    Turner Broadcasting System, Inc. tscobb@vorys.com,
           mdwalkuski@vorys.com
          Timothy M. Riffin    on behalf of Interested Party    Aurelius Capital Management, LP
           thomase@gtlaw.com;bankruptcydel@gtlaw.com
          U.S. Trustee    USTPRegion03.WL.ECF@USDOJ.GOV
          Virginia Whitehill Guldi    on behalf of Spec. Counsel    Special Counsel to the Official Committee
           of Unsecured Creditors vguldi@zuckerman.com,  cmeyer@zuckerman.com
          W. Andrew Dalton    on behalf of Fee Examiner    Stuart Maue a.dalton@smmj.com
          W. Bradley Russell, Jr.    on behalf of Creditor    UNITED STATES OF AMERICA
           William.B.Russell@usdoj.gov,  eastern.taxcivil@usdoj.gov;james.j.wilkinson@usdoj.gov
          William A. Hazeltine    on behalf of Creditor    Wilmington Trust Company Bankruptcy00l@sha-llc.com
          William A. Hazeltine    on behalf of Interested Party Ivan J Bates Bankruptcy00l@sha-llc.com
          William D. Sullivan    on behalf of Creditor    Wilmington Trust Company wdsecfnotices@sha-llc.com
          William D. Sullivan    on behalf of Creditor    Pepco Energy Services, Inc.,
           wdsecfnotices@sha-llc.com
          William D. Sullivan    on behalf of Creditor    Diablo Investment Co. wdsecfnotices@sha-llc.com
          William Douglas White    on behalf of Creditor    Florida Power & Light Co. wdw@mccarthywhite.com,
           clm@mccarthywhite.ocm
          William Douglas White    on behalf of Creditor    Public Service Electric and Gas Company
           wdw@mccarthywhite.com,  clm@mccarthywhite.ocm
          William Douglas White    on behalf of Creditor    Delmarva Power & Light Company
           wdw@mccarthywhite.com,  clm@mccarthywhite.ocm
          William Douglas White    on behalf of Creditor    Entergy New Orleans, Inc. wdw@mccarthywhite.com,
           clm@mccarthywhite.ocm
          William Douglas White    on behalf of Creditor    Entergy Louisiana, LLC wdw@mccarthywhite.com,
           clm@mccarthywhite.ocm
          William M. Kelleher    on behalf of Interested Party    Jon Van Senus, by and through his guardian
           ad litem, Neala Olson wkelleher@gfmlaw.com
          William M. Kelleher    on behalf of Interested Party    Corestaff Services, L.P.
           wkelleher@gfmlaw.com
          William P. Weintraub    on behalf of Interested Party    Aurelius Capital Management, LP
           wweintraub@fklaw.com,  zhassoun@fklaw.com
          William Pierce Bowden    on behalf of Interested Party    Akin Gump Strauss Hauer & Feld LLP
           wbowden@ashby-geddes.com
          William Pierce Bowden    on behalf of Creditor    Ricketts Acquisition LLC and Chicago Baseball
           Holdings, LLC wbowden@ashby-geddes.com
          William Pierce Bowden    on behalf of Creditor    Morgan Stanley Capital Services Inc.
           wbowden@ashby-geddes.com
          William Pierce Bowden    on behalf of Interested Party    Aurelius Capital Management, LP
           wbowden@ashby-geddes.com
          Willliam J. Barrett    on behalf of Interested Party    GreatBanc Trust Company
           william.barrett@bfkn.com
          Willliam J. Barrett    on behalf of Defendant    GreatBanc Trust Company william.barrett@bfkn.com
                                                                            TOTAL: 969