# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY, et al.[1] (f/k/a Tribune Company), | Case No. 08-13141 (BLS) |
| Reorganized Debtors. | Jointly Administered |

**Hearing Date: May 6, 2020 at 10:30 a.m. ET**
**Response Deadline: April 17, 2020 at 4:00 p.m. ET**

## REORGANIZED DEBTORS' SEVENTY-SIXTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTIONS 502(b) AND 558 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003 AND 3007, AND LOCAL RULE 3007-1

## ("ADVERSARY PROCEEDINGS INDEMNIFICATION CLAIMS")

The reorganized debtors in the above-captioned chapter 11 cases (each a "Reorganized Debtor" and, collectively, the "Reorganized Debtors"),[2] by and through their undersigned counsel, hereby file this seventy-sixth omnibus objection to claims (the "Objection"), which Objection covers each of the fifty-one (51) claims filed by certain former officers and directors of the Reorganized Debtors set forth on **Exhibit A** attached hereto (the "Adversary Proceedings Indemnification Claims"). This Objection is submitted pursuant to sections 502(b) and 558 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3001, 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). By this Objection, the Debtors request the entry

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355) and Tribune CNLBC, LLC (0347). The corporate headquarters and the mailing address for each entity listed above is 545 E. John Carpenter Freeway, Suite 700, Irving TX 75062.

[2] Unless otherwise specified, all defined terms shall have the same meanings as in the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (as modified July 19, 2012, the "Plan") [D.I. 12072-2], confirmed by an order of the Court dated July 23, 2012 [D.I. 12074] (the "Confirmation Order").

of an order disallowing in full and expunging the Adversary Proceedings Indemnification Claims for the reasons described in further detail below.  In support of the Objection, the Debtors rely on the Declaration of Elizabeth Ryder (the "Ryder Declaration"), attached hereto as **Exhibit B**. In further support of the Objection, the Reorganized Debtors respectfully state as follows:

## INTRODUCTION

1.      The Adversary Proceedings Indemnification Claims that are objected to in this Objection, as listed on the attached **Exhibit A**, are all substantially identical contingent, unliquidated claims by former directors and officers of the Debtors.  The Adversary Proceedings Indemnification Claims seek contribution and/or reimbursement of costs and/or liabilities that might be incurred by the claimants in various civil actions.  Some claims appear to focus primarily on such rights in connection with costs that might be incurred solely in connection with adversary proceedings commenced by the Official Committee of Unsecured Creditors (the "Committee") against each of the claimants in 2010.  Others purport to cover any contribution, indemnification, or reimbursement costs relating to the claimant's service as a director or officer more generally.

2.      The Reorganized Debtors submit this objection seeking to disallow all of the Adversary Proceedings Indemnification Claims because (i) the adversary proceedings in which the claimants were named as defendants have long been dismissed by the Reorganized Debtors or other parties, (ii) none of the claimants appears to be a defendant or other party to any of the remaining litigation relating to the leveraged buyout of Tribune Company or any similar matters, (iii) the likelihood of any new matters arising that could give rise to a right of payment for the claimants is extremely remote at best, and (iv) none of the claimants has, to the Reorganized Debtors' knowledge, advised the Debtors of any amounts owing to them, or otherwise attempted

2

to liquidate their claims, in the more than eight years since the Adversary Proceedings Indemnification Claims were filed.  Based on those facts, the Reorganized Debtors have no basis on which to conclude that any amounts are owing to any of the claimants or will ever be owed to any of them on account of any of the Adversary Proceedings Indemnification Claims.  The Reorganized Debtors accordingly object to such claims and ask the Court to disallow them and expunge them from the claims register.

## STATUS OF THE CASE AND JURISDICTION

3.        Tribune Company (now known as Tribune Media Company) and certain of its affiliates (collectively, the "Debtors"),[3] each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on December 8, 2008 (or in the case of Tribune CNLBC, LLC, October 12, 2009) (each date the "Petition Date").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  [D.I. 43, 2333].

4.        On July 23, 2012, the Court confirmed the Plan.

5.        The Effective Date of the Plan occurred on December 31, 2012.

6.        The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1.  The Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order or judgment by the Court in connection with this

---

[3] As used herein, the term "Debtors" refers to the entities that filed the above-captioned chapter 11 cases and the term "Reorganized Debtors" refers to the entities that became successors to the Debtors upon the Debtors' emergence from their chapter 11 cases.

46429/0001-20031541v2

Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

### FACTUAL BACKGROUND TO THE DEBTORS' CLAIMS PROCESS AND THE OBJECTION

7.    On December 18, 2008, the Office of the United States Trustee appointed the Committee pursuant to section l102(a) of the Bankruptcy Code.

8.    On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [D.I. 567-789], which were subsequently amended on April 13, 2009 [D.I. 894-957], June 12, 2009 [D.I. 1343-1453], March 2, 2010 [D.I. 3548-3599] May 14, 2010 [D.I. 4388], and January 28, 2011 [D.I. 7661-7671] (collectively, the "Schedules").

9.    On March 26, 2009, the Court entered an order (the "Bar Date Order") that established June 12, 2009 as the final date and time for all persons and entities holding or asserting a claim against any of the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases.  [D.I. 813].  In relevant part, the Bar Date Order provided:

> ORDERED, that the following persons or entities are not required to file a Proof of Claim on or before the General Bar Date:
>
> > e. current officers and directors of the Debtors who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or postpetition services.

Id. at 4.

10.    Written notice of the Bar Date was mailed to, among others, all known creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order.

4

Id. Ex. B at 1-2.  In addition to mailing such actual notice, the Debtors also published notice

of the Bar Date in the National Editions of the Wall Street Journal and the New York Times

and in the Chicago Tribune and Los Angeles Times on May 12, 2009.  Id. at 6.

11.    As of the Effective Date, approximately 7,165 Proofs of Claim were filed in

these chapter 11 cases.  The Proofs of Claim are recorded on the official claims register (the

"Claims Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the

Debtors and Reorganized Debtors to assist with claims processing in these chapter 11 cases

(the "Claims Agent").

## FACTUAL BACKGROUND TO THE INDEMNIFICATION CLAIMS

12.    By orders dated October 27, 2010 and November 29, 2010 [D.I. 6150, 6657,

and 6658], this Court granted the Committee standing to file and prosecute certain adversary

proceedings (the "Adversary Proceedings") against then-current and former directors and

officers of the Debtors.  In the Adversary Proceedings, the Committee sought, among other

things, to recover various payments made to such then-current and former directors and

officers as either preferences or fraudulent conveyances, damages for alleged breaches of

fiduciary duty, the issuance of unlawful dividends, and unjust enrichment relating to the 2007

leveraged buyout of Tribune (the "Tribune LBO").

13.    In November and December 2010, the Committee commenced the Adversary

Proceedings.  The Adversary Proceedings consisted of (i) actions relating solely to

preferences or fraudulent conveyances (the "Ordinary Litigation Adversary Proceedings"),

(ii) actions relating solely to damages  resulting from the Tribune LBO (the "Tribune LBO

Adversary Proceedings"), and (iii) and actions for both preferences or fraudulent conveyances

and damages resulting from the Tribune LBO (the "Mixed Adversary Proceedings").  Shortly

after commencement of the Adversary Proceedings, the Ordinary Litigation components, as defined in paragraph 18 below, of the Adversary Proceedings were stayed. [D.I. 7165].

14.     In June 2011, lawsuits in various jurisdictions asserting state law constructive fraudulent conveyance claims were brought against former stockholders of Tribune (the "SLCFC Actions") for damages arising out of the Tribune LBO.  Certain then-current and former directors and officers were named as defendants in the SLCFC Actions.

15.     The certificates of incorporation and/or bylaws of the various Debtors contained provisions pertaining to indemnification of the Debtors' respective directors and officers against liability for certain acts performed within the scope of their employment and providing reimbursement and advancement of costs and expenses incurred in defending lawsuits to which they become parties by virtue of their status as directors and officers of the Debtors, subject to specified limitations.  See Plan § 11.6.1.

16.     On October 3, 2011, this Court entered an order clarifying the bar date as to then-current and former directors and officers of the Debtors (the "Bar Date Clarification Order"). [D.I. 9876].  Under this order, the Court clarified that certain of those current and former directors and officers were required to file proofs of claim in the Debtors' chapter 11 cases, as follows:

> [then-current] or former directors and officers of the Debtors who cease to be employed by the Debtors shall have the longer of sixty (60) days after (i) the last day of employment with the Debtors and (ii) in the case that directors and officers of the Debtors have become disassociated from the Debtors postpetition but prior to the entry of this Order, [] in either such case, to timely file an indemnification and/or contribution claim against the Debtors arising from or related to the Adversary Proceedings or the SLCFC Actions."

Id. at 2.  Directors and officers who remained employed by the Debtors were not required to file proofs of claim as a result of the Bar Date Clarification Order.  Id.

17.     After the entry of Bar Date Clarification Order, numerous then-current and former directors and officers of the Debtors filed proofs of claim for indemnification in these bankruptcy cases.  All of such proofs of claim are contingent, unliquidated claims for amounts that might be payable by one or more of the Debtors to such directors and officers on account of such indemnification rights.  Of relevance to this Objection, 51 of such claims were Adversary Proceedings Indemnification Claims, which are claims for indemnification obligations for defense costs and judgments relating to the Adversary Proceedings and, in some cases, also for "indemnity for claims arising out of employment."  See, e.g., Claim No. 7052, Proof of Claim of Ashley Allen Against Tribune Company at 2 (Nov. 2, 2011) ("Ms. Allen asserts claims for . . . reimbursement, indemnification, and contribution for any costs [] or liabilities[] that may be incurred in the Adversary Proceeding or any other civil action"); Claim No. 7065, Proof of Claim of Lisa E. Brewer Against Tribune Company at 1 (Nov. 2, 2011) (basis for claim is "indemnity or claims arising out of employment").

18.     Under the Plan, the Committee was terminated and the Litigation Trust (the "Litigation Trust") was created as of the Effective Date of the Plan.  Plan § 13.1.  In summary, the Plan split the ownership of claims against the then-current and former directors into three pieces: (i) the Reorganized Debtors were vested with the rights to the so-called "Ordinary Litigation," consisting of claims for preferences or fraudulent conveyances; (ii) the Litigation Trust was vested with the rights to certain Preserved Causes of Action, consisting of claims for damages arising from the Tribune LBO; and (iii) both parties agreed to later reach a resolution regarding the ownership of Unresolved Claims, which consisted of actions in which the specifics were disputed or unknown.  See Plan §§ 1.1.156 (defining Ordinary Litigation Claims); 1.1.121 (defining Preserved Causes of Action).  Following Plan confirmation and the creation of the

7

Litigation Trust, the Unresolved Claims were split into individual claims and ownership was transferred to either the Reorganized Debtors or the Litigation Trust, as appropriate, by agreement of the Reorganized Debtors and the Litigation Trustee.

19.     In January of 2013, the Court entered a Substitution Order that substituted the Reorganized Debtors and other parties for the Committee in the Adversary Proceedings.  [D.I. 13099]; see, e.g., Notice of Substitution, Tribune Co. v. Allen (In re Tribune Co.), Adv. Pro. No. 10-55682 (Jan. 24, 2013), ECF No. 42.  Shortly thereafter, the Reorganized Debtors and other parties filed Notices of Dismissal in each of the Ordinary Litigation Adversary Proceedings.  See, e.g., Notice of Dismissal, Tribune Co. v. Allen (In re Tribune Co.), Adv. Pro. No. 10-55682 (Jan. 28, 2013), ECF No. 43.  Each Notice of Dismissal filed in each Ordinary Litigation Adversary Proceeding is substantially similar and states that the dismissal "hereby dismiss[es] this Adversary Proceeding with prejudice in its entirety . . . ."  Id. at 2.  The Reorganized Debtors and other parties also filed Notices of Partial Dismissal in each of the Mixed Adversary Proceedings.  See, e.g., Notice of Partial Dismissal, Tribune Co. v. Allen (In re Tribune Co.), Adv. Pro. No. 10-55682 (Jan. 28, 2013), ECF No. 43.  Each Notice of Partial Dismissal filed in each of the Mixed Adversary Proceedings is substantially similar and makes clear that the dismissal applies "solely with respect to the Ordinary Litigation Claims."  Id. at 2 (emphasis in original).  The claims in the Mixed Adversary Proceedings and in the Tribune LBO Adversary Proceedings were subsequently transferred to the consolidated multidistrict action in the Southern District of New York, In re Tribune Co. Fraudulent Conveyance Litig., No. 11-md-2296 (S.D.N.Y.), (the "MDL Litigation").  See, e.g., Court's Letter to the United States Judicial Panel on Multidistrict Litigation, Tribune Co. v. Allen (In re Tribune Co.), Adv. Pro. No. 10-55682 (May 30, 2013), ECF No. 49.  In addition, pursuant to the Confirmation Order, the SLCFC Actions were transferred to

46429/0001-20031541v2

the Southern District of New York as part of the MDL Litigation.  See Confirmation Order §
8.B.7.

20.    In the period since the Ordinary Litigation Adversary Proceedings and the
Ordinary Litigation claims components of the Mixed Adversary Proceedings were dismissed,
the Reorganized Debtors have not been advised by any of the defendants in those actions that
asserted Adversary Proceedings Indemnification Claims that such defendants are owed any
amounts on account of such claims.  See Ryder Declaration at ¶ 4.  The Reorganized Debtors
are unaware of any other attempts by those claimants to liquidate or quantify their claims, nor are
the Reorganized Debtors aware of any amounts that might otherwise be owed to the claimants
asserting Adversary Proceedings Indemnification Claims on account of such claims.  Id.

## RELIEF REQUESTED

21.    By this Objection, the Reorganized Debtors seek an entry of an order, pursuant to
sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and
Local Rule 3007-1, (i) disallowing and expunging in their entirety each of the Adversary
Proceedings Indemnification Claims identified on Exhibit A on the grounds set forth herein with
respect to each such claim and (ii) authorizing the Claims Agent to modify each of the Adversary
Proceedings Indemnification Claims on the Claims Register in accordance with the proposed
Order.

22.    This Objection complies with Local Rule 3007-1 in all respects.

## BASIS FOR OBJECTION

23.    This Objection is based on section 502(b)(1) of the Bankruptcy Code, which
provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall
> determine the amount of such claim in lawful currency of the United States as

46429/0001-20031541v2

of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that-

> (l) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . .

11 U.S.C. § 502(b)(l).  Section 502(b)(l) recognizes the settled principle that "[c]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy." *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec.. Co.*, 549 U.S. 443, 450-51 (2007) (*citing Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 20 (2000)).  A claim against the bankruptcy estate, therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be enforceable against the debtor outside of bankruptcy." *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 245 (3d Cir. 2004).  In proceedings to determine whether a claim is enforceable against the estate, "[t]he estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses" pursuant to section 558 of the Bankruptcy Code. See 11 U.S.C. § 558.

24.     The principal, and in many cases sole, reason the Adversary Proceedings Indemnification Claims were filed was to preserve the claimants' contingent indemnification rights in connection with the Adversary Proceedings.  However, the Ordinary Litigation Adversary Proceedings and the Ordinary Litigation claims components of the Mixed Adversary Proceedings were dismissed more than seven (7) years ago and were stayed prior to their dismissal.  This makes it unlikely that any of the claimants would ever have incurred amounts that would be covered by their alleged rights of indemnification.

46429/0001-20031541v2

25.    Although certain of the Adversary Proceedings Indemnification Claims are general assertions of contingent indemnification rights and not limited to claims in connection with the Adversary Proceedings, there is no basis on which to conclude that any amounts are or may become owed on account of the Adversary Proceedings Indemnification Claims.  The Reorganized Debtors have reviewed their books and records and are unaware of any amounts owed to any of the holders of the Adversary Proceedings Indemnification Claims on account of their indemnification rights, nor are the Reorganized Debtors aware of any assertions by the holders of such claims that they are owed any amounts.  Ryder Declaration at ¶ 4.

26.    There is ample basis on which to conclude that no amounts are or ever will be owed on account of the Adversary Proceedings Indemnification Claims.  None of the claimants has amended or supplemented his or her proof of claim in the over eight (8) years since such claim was filed to assert that any amounts are owed.  Id.  The Reorganized Debtors have reviewed the pending MDL Litigation, and it does not appear that any of the holders of the Adversary Proceedings Indemnification Claims are a party to any remaining part of that litigation.  Id. at 5. Finally, given the long period of time since the Adversary Proceedings Indemnification Claims were filed and the Debtors emerged from chapter 11, it is extremely unlikely, if not impossible, that any new claims against any of the holders of the Adversary Proceedings Indemnification Claims could conceivably arise that would implicate the contribution and reimbursement rights that form the basis of the Adversary Proceedings Indemnification Claims.

27.    The Reorganized Debtors are not objecting in this Objection to any claims where the claimant still is or may be a party in the MDL Litigation, or whose basis for his or her claim appears to be anything other than a contingent right to contribution or reimbursement for amounts that may be incurred by the claimant as a defendant in one or more of the Ordinary Litigation

11

Adversary Proceedings or the Ordinary Litigation component of a Mixed Adversary Proceeding. The Reorganized Debtors are continuing to review all remaining proofs of claim asserted against the Debtors' estates and reserve their rights to object to such claims on all applicable grounds.

## **RESERVATION OF RIGHTS**

28.     The Reorganized Debtors hereby reserve their right to amend, modify, and/or supplement this Objection at any time prior to the hearing on this Objection.  The Reorganized Debtors further reserve their right to adjourn the hearing on this Objection as it pertains to any or all of the Adversary Proceedings Indemnification Claims.  In the event that the Reorganized Debtors so adjourn the hearing, they will state that the hearing on the Objection and, if applicable, any response filed in connection therewith and all applicable deadlines for responsive pleadings have been adjourned on the agenda for the hearing, which agenda will be served on any party affected by such adjournment.

## **NOTICE**

29.     Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) the claimants listed on Exhibit A; and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Reorganized Debtors submit that no other or further notice is necessary.

## **NO PRIOR REQUEST**

30.     No previous application for the relief sought herein has been made to this Court or to any other court.

46429/0001-20031541v2

WHEREFORE, for the reasons set forth herein, the Reorganized Debtors respectfully request that the Court enter an order, pursuant to sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-l, (i) disallowing and expunging in their entirety each of the Adversary Proceedings Indemnification Claims identified on Exhibit A on the grounds set forth herein with respect to each such claim; (ii) authorizing the Claims Agent to modify each of the Adversary Proceedings Indemnification Claims on the Claims Register in accordance with the proposed Order; and  (iii) granting such other and further relief as the Court deems just and proper.


Dated: Wilmington, Delaware
       March 18, 2020

Respectfully submitted,

SIDLEY AUSTIN LLP
Kenneth P. Kansa
One South Dearborn Street
Chicago, Illinois  60603
Telephone:  (312) 853-7000

Zebulun G. Johnson
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5566

         -and-

COLE SCHOTZ, P.C.

By: */s/ J. Kate Stickles*
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware  19801
Telephone:  (302) 652-3131
npernick@coleschotz.com
kstickles@coleschotz.com

ATTORNEYS FOR REORGANIZED DEBTORS

46429/0001-20031541v2