**Exhibit B**

**Ryder Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY, et al.[1]<br>(f/k/a Tribune Company) | Case No. 08-13141 (BLS) |
| | Jointly Administered |
| Reorganized Debtors. | |

## DECLARATION OF ELIZABETH RYDER IN SUPPORT OF REORGANIZED DEBTORS' SEVENTY-SIXTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS

### ("ADVERSARY PROCEEDINGS INDEMNIFICATION CLAIMS")

I, Elizabeth Ryder, declare as follows:

1.      I am Elizabeth Ryder, Secretary of Tribune Media Company, one of the reorganized debtors in the above-captioned chapter 11 cases (collectively, the "Reorganized Debtors").

2.      I have read the Reorganized Debtors' Seventy-Sixth Omnibus (Substantive) Objection to Claims Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007-1, and Local Rule 3007-1 (the "Objection")[2] and am directly, or indirectly by and through the Reorganized Debtors' personnel and advisors, familiar with the information contained therein and the Exhibit attached thereto. I am authorized to submit this declaration (the "Declaration") in support of the Objection.

3.      All matters set forth in this Declaration are based on: (a) my personal knowledge, (b) my review of relevant documents, (c) my view, based on my experience and knowledge of

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355) and Tribune CNLBC, LLC (0347). The corporate headquarters and the mailing address for each entity listed above is 545 E. John Carpenter Freeway, Suite 700, Irving TX 75062.

[2] All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Objection.

the Reorganized Debtors' operations and personnel, (d) information supplied to me by others at

the Reorganized Debtors' request, or (e) as to matters involving United States bankruptcy law or

rules or other applicable laws, my reliance on the advice of counsel or other advisors to the

Reorganized Debtors.  If called upon to testify, I could and would testify competently to the facts

set forth herein.

4.      In the period since the Adversary Proceedings were dismissed, the

Reorganized Debtors have not been advised by any of the defendants in those actions that

asserted Adversary Proceedings Indemnification Claims that they are owed any amounts on

account of such claims, to the best of my knowledge and after review of the Reorganized

Debtors' books and records. The Reorganized Debtors are aware of no such amounts owed, and

none of the claimants has, to the Reorganized Debtors' knowledge, amended or supplemented

their proofs of claim in the over eight (8) years since they were filed to assert that any amounts

are owed.  The Reorganized Debtors are also unaware of any other attempts by those claimants

to liquidate or quantify their claims, nor are the Reorganized Debtors aware of any amounts that

might otherwise be owed to the claimants asserting Adversary Proceedings Indemnification

Claims on account of such claims.

5.      The respective Reorganized Debtors against which the Adversary Proceedings

Indemnification Claims were filed have reviewed their books and records and have undertaken a

reasonable investigation of the Adversary Proceedings Indemnification Claims based on the

information provided in the applicable proofs of claim.  The Reorganized Debtors have reviewed

the pending MDL Litigation, and it does not appear that any of the holders of the Adversary

Proceedings Indemnification Claims are a party to any remaining part of that litigation.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of _____ 2020.

_____

By: Elizabeth Ryder