**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TRIBUNE MEDIA COMPANY, et al.[1]<br>(f/k/a Tribune Company),<br><br>      Reorganized Debtors. | Chapter 11<br><br>Case No. 08-13141 (BLS)<br><br>Jointly Administered<br><br>Hearing Date: January 6, 2021 at 11:00 a.m. ET<br>Objection Deadline: December 30, 2020 at 4:00 p.m. ET |

**REORGANIZED DEBTORS' MOTION FOR ENTRY OF AN ORDER
FURTHER EXTENDING THE DEADLINE TO OBJECT TO CLAIMS**

The reorganized debtors in the above-captioned chapter 11 cases (collectively, the "Reorganized Debtors"), by and through their undersigned counsel, hereby submit this motion (the "Motion") for the entry of an order, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and section 8.1 of the Plan (as defined below), further extending the deadline established under the Plan for the Reorganized Debtors to object to Claims.[2] In support of this Motion, the Reorganized Debtors respectfully represent as follows:

**STATUS OF THE CASE AND JURISDICTION**

1. On December 8, 2008 (the "Petition Date"), Tribune Company (n/k/a Tribune Media Company) and certain of its subsidiaries (collectively, the "Debtors")[3] each filed

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355) and Tribune CNLBC, LLC (0347). The corporate headquarters and the mailing address for each entity listed above is 545 E. John Carpenter Freeway, Suite 700, Irving, TX 75062.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

[3] As used herein, the term "Debtors" refers to the entities that filed the above-captioned chapter 11 cases and the term "Reorganized Debtors" refers to the entities that became successors to the Debtors upon the Debtors' emergence from their chapter 11 cases.

a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[4] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.

2.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket Nos. 43, 2333].

3.  On July 23, 2012, the Court entered an order [Docket No. 12074] (the "Confirmation Order") confirming the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Plan") [Docket No. 12072].

4.  The Effective Date of the Plan occurred on December 31, 2012.

5.  On March 16, 2015, July 24, 2015, May 11, 2016, August 12, 2016, and February 7, 2020, the Court entered final decrees closing certain of the former Debtors' chapter 11 cases as "fully administered" under section 350 of the Bankruptcy Code and Bankruptcy Rule 3022. See Docket Nos. 14078, 14135, 14255, 14303, 14652. Only two (2) of the former Debtors' original one hundred and ten (110) chapter 11 cases remain open and pending before this Court, involving two (2) Reorganized Debtors.

6.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, which jurisdiction was retained pursuant to Article IX of the Confirmation Order and Section 12.1 of the Plan. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Reorganized Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a

---

[4] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006, and Local Rule 9006-2.

**RELEVANT BACKGROUND**

7. Section 8.1 of the Plan provides that "[u]nless otherwise ordered by the Bankruptcy Court, the Reorganized Debtors and/or the Litigation Trustee shall serve and file any objections to Claims and Interests as soon as practicable, but in no event later than (a) two hundred and ten (210) days after the Effective Date or (b) such later date as may be determined by the Bankruptcy Court upon a motion which may be made without further notice or hearing." Plan § 8.1. In light of the foregoing, because the Effective Date occurred on December 31, 2012, the period within which the Reorganized Debtors may object to Claims was initially set to expire on July 29, 2013.

8. The Court has since entered orders extending the Plan § 8.1 objection deadline (the "Claims Objection Deadline") on fifteen separate occasions [Docket Nos. 13674, 13841, 13960, 14045, 14134, 14197, 14302, 14329, 14362 (as corrected by 14388), 14403, 14441, 14493, 14571, 14637, and 14703]. The most recent of these orders extended the Claims Objection Deadline through and including December 28, 2020 [Docket No. 14703].

9. The vast majority of the more than 7,100 proofs of claim filed in the Debtors' chapter 11 cases (the "Proofs of Claim") – approximately 98% – have been resolved. Of the approximately 141 Proofs of Claim that remain outstanding (collectively, the "Unresolved Claims"), all but one relate to the ongoing litigation involving the 2007 leveraged buy-out of

3

Tribune Company (collectively, the "Unresolved LBO-Related Claims").[5] The bulk of the Unresolved LBO-Related Claims are contingent, unliquidated, and disputed indemnification, reimbursement, or contribution Claims filed by current or former directors or officers of or advisors to the Debtors, some of whom were named as defendants in multidistrict litigation that was pending in the U.S. District Court for the Southern District of New York (the "MDL Proceedings") until 2019.[6] Other than the Unresolved LBO-Related Claims, only one Proof of Claim remains outstanding: a federal tax claim asserted by the Internal Revenue Service.

10. The Reorganized Debtors have made substantial progress in resolving certain of the Unresolved Claims during the most recent extension period. Specifically, conversations between the Reorganized Debtors and certain claimants resulted in the withdrawal of one hundred forty-eight (148) Proofs of Claim that had been Unresolved LBO-Related Claims prior to the most recent extension period [Docket No. 14727]. Additionally, seven (7) Proofs of Claim that had been Unresolved LBO-Related Claims prior to the most recent extension period were disallowed and expunged as a result of this Court's Order Sustaining Reorganized Debtors' Seventy-Seventh Omnibus (Substantive) Objection to Claims (the "Seventy-Seventh Omnibus Objection Order"), which was entered on November 2, 2020 [Docket No. 14733].

11. Resolutions of the remaining Unresolved LBO-Related Claims are likely to be connected to the resolution of certain appeals arising out of the MDL Proceedings. Specifically, the trustee of the Litigation Trust has filed appeals with respect to two aspects of the MDL Proceedings, which the Litigation Trust has referred to as the "Advisor Action" and the

---

[5] Also included in the Unresolved LBO-Related Claims are the three remaining proofs of claim filed by Morgan Stanley Capital Services, Inc. and its affiliates (collectively, the "MSCS Claims"). Pursuant to §§ 3.2.5(b), 7.11.12, and 11.2.6 of the Plan, the MSCS Claims are subject to set off against certain Preserved Causes of Action and therefore adjudication of the MSCS Claims is under the control of the Litigation Trust (as defined in the Plan).

[6] See In re Tribune Co. Fraudulent Conveyance Litig., No. 12 MC 2296 (DLC), MDL No. 11 MD 2296 (DLC) (S.D.N.Y.).

"FitzSimons Action." The Reorganized Debtors are not a party to those appeals. The Reorganized Debtors understand, however, that those appeals have been briefed and oral argument occurred thereon in August 2020. See Kirschner v Citigroup Global Markets Inc., Case No. 19-449 (2d Cir. Aug. 24, 2020) at Docket No. 108 and In re Tribune Co. Fraudulent Conveyance Litigation, Case No. 19-3049 (2d Cir. Aug. 24, 2020) at Docket No. 294. As a result, the Reorganized Debtors understand those appeals – which involve many of the parties that have asserted the remaining Unresolved LBO-Related Claims – are now under advisement with the United States Court of Appeals for the Second Circuit.

12. The federal tax claim asserted by the Internal Revenue Service is the only outstanding Proof of Claim other than the Unresolved LBO-Related Claims. In the third quarter of 2016, the Reorganized Debtors reached a settlement with the Internal Revenue Service resolving the federal tax claim, pursuant to which the Reorganized Debtors made an initial payment on account of such claim. The parties continue to negotiate the appropriate amount of interest due on such claim and the amount of any applicable offsetting credits.

**RELIEF REQUESTED**

13. By this Motion, the Reorganized Debtors request that the Court enter an order further extending the Claims Objection Deadline by approximately six (6) months, through and including **Monday, June 28, 2021**. The Reorganized Debtors further request that the extension proposed herein be without prejudice to their rights to seek further extensions of the Claims Objection Deadline.

**BASIS FOR RELIEF REQUESTED**

14. As set forth above, Section 8.1 of the Plan provides that the Claims Objection Deadline may be extended by order of the Court. Additionally, section 105(a) of the

Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Bankruptcy Rule 9006(b)(1) further provides, in pertinent part, that:

> …when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order….

Fed. R. Bankr. P. 9006(b)(1).[7]

15.  Extending the Claims Objection Deadline is in the best interests of the Reorganized Debtors and the Debtors' estates for several reasons. First, the Reorganized Debtors have demonstrated progress in resolving outstanding claims during the most recent extension period. Specifically, the Reorganized Debtors successfully resolved 155 claims during this period, either through consensual withdrawals by the holders of such Claims or pursuant to the Seventy-Seventh Omnibus Objection Order.

16.  Second, a further extension will facilitate an appropriate resolution of the Unresolved LBO-Related Claims. All but one of the 141 Claims that remain to be resolved are Unresolved LBO-Related Claims. Section 7.11.2 of the Plan provides that to the extent certain indemnification, reimbursement, or contribution Claims are Allowed, they will be set off against any recovery by the Litigation Trustee against the holders of such Claims.[8] Section 7.11.2 of the

---

[7] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the Claims Objection Deadline shall automatically extend such deadline until the Court acts on this Motion without the necessity for the entry of a bridge order.

[8] Specifically, section 7.11.2 of the Plan provides, in relevant part, as follows: "To the extent that any Person has either (i) an Allowed Other Parent Claim against Tribune, (ii) an Allowed General Unsecured Claim against any of the Filed Subsidiary Debtors or (iii) a valid and enforceable claim against any other direct or indirect subsidiary of the Debtors, in each case for (a) indemnification, reimbursement, contribution or claims pursuant to Bankruptcy Code section 502(h), and (b) arising from or relating to the assertion of any claim or cause of action by the Litigation Trust or the Litigation Trustee against such Person or any of its Related Persons, such Allowed Claim

6

Plan further authorizes the Litigation Trustee to object to the allowance of such Claims. [9] Accordingly, the Reorganized Debtors anticipate (but defer to the Litigation Trustee to confirm) that the overwhelming majority of the Unresolved Claims will ultimately be adjudicated or resolved in conjunction with the MDL Proceedings and subsequent appeals thereof. [10]

17.    Third, further extending the Claims Objection Deadline will allow sufficient time for resolution of the remaining claim asserted by the Internal Revenue Service. That claim is the only remaining claim other than the Unresolved LBO-Related Claims, and is resolved in part subject to the completion of discussions with the IRS. Allowing time for that consensual resolution process to proceed, rather than litigation, is in the best interests of the Reorganized Debtors and their estates.

18.    Given the circumstances relating to the remaining Unresolved Claims, the extension of time requested herein is just and appropriate under the circumstances. Similar relief has been granted in other cases in this District on numerous occasions. See, e.g., In re Advanta Corp., No. 09-13931 (KJC) (Bankr. D. Del. Mar. 23, 2015) (order granting tenth motion to extend time to object to claims); In re SemCrude, L.P., Case No. 08-11525 (BLS) (Bankr. D. Del. Oct. 29, 2014) (order granting seventh motion to extend time to object to claims); In re Smurfit-Stone Container Corp., No. 09-10235 (BLS) (Bankr. D. Del. Dec. 20, 2013) (order

---

shall be setoff against any recovery by the Litigation Trust against such Person. For the purposes of this Section 7.11.2, "setoff against" shall mean that the Litigation Trust shall either use Litigation Trust Assets to pay such Claim or shall take actions necessary to cause the release or waiver of such Claim." Plan § 7.11.2.

[9] Id. ("The Litigation Trust shall be authorized to object to the allowance of, and entitled to assert any claim, counterclaim, or defense of the Debtors or applicable direct or indirect subsidiary of a Debtor to, any such indemnification, reimbursement, contribution or Bankruptcy Code section 502(h) claim.").

[10] See Litigation Trustee's Motion for an Order Extending the Deadline to Object to Claims [Docket No. 14488] at ¶ 13 ("To the extent any defendants . . . have asserted Setoff Claims against the Debtors or attempt to assert Setoff Claims against the Litigation Trust upon answering or otherwise moving to dismiss, the Litigation Trustee intends to object to such Claims."); see also Litigation Trustee's Motion for an Order Further Extending the Deadline to Object to Claims [Docket No. 14433] at ¶ 13 (same).

granting eleventh motion to extend time to object to claims).  No party has objected to the Reorganized Debtors' prior extension motions.

## NOTICE

19.    Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the parties holding Unresolved Claims; (iii) counsel to the Litigation Trustee; and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Reorganized Debtors submit that no other or further notice is necessary.

[Remainder of Page Intentionally Left Blank]

WHEREFORE the Reorganized Debtors respectfully request entry of an order (i) extending the Claims Objection Deadline through and including Monday, June 28, 2021, without prejudice to the Reorganized Debtors' rights to seek further extensions of such deadline, and (ii) granting such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>December 18, 2020 | Respectfully submitted,<br><br>SIDLEY AUSTIN LLP<br>Kenneth P. Kansa<br>One South Dearborn Street<br>Chicago, IL  60603<br>Telephone:  (312) 853-7000<br><br>-and-<br><br>Zebulun G. Johnson<br>787 7th Avenue<br>New York, NY 10019<br>Telephone: (212) 839-5566<br><br>-and-<br><br>COLE SCHOTZ P.C.<br>By: */s/ J. Kate Stickles*<br>Norman L. Pernick (No. 2290)<br>J. Kate Stickles (No. 2917)<br>500 Delaware Avenue, Suite 1410<br>Wilmington, DE  19801<br>Telephone:  (302) 652-3131<br><br>ATTORNEYS FOR REORGANIZED DEBTORS |

40000/0598-21887407v2