**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY, et al.[1] (f/k/a Tribune Company), | Case No. 08-13141 (BLS) |
| | Jointly Administered |
| Reorganized Debtors. | **Hearing Date: March 31, 2021 at 1:00 p.m. ET** **Objection Deadline: March 24, 2021 at 4:00 p.m. ET** |

**REORGANIZED DEBTORS' MOTION FOR ENTRY OF A FINAL DECREE (I)
CLOSING THE CHAPTER 11 CASE OF TRIBUNE CNLBC, LLC PURSUANT TO
SECTIONS 105(a) AND 350(a) OF THE BANKRUPTCY CODE, BANKRUPTCY
RULE 3022, AND LOCAL RULE 3022-1, (II) DIRECTING THE USE OF AN
AMENDED CAPTION IN THE REMAINING REORGANIZED DEBTOR'S CASE
PURSUANT TO SECTIONS 105(a) AND 342(c)(1) OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 1005, 2002(m), AND 2002(n), AND (III) GRANTING
RELATED RELIEF**

The reorganized debtors in the above-captioned chapter 11 cases (each a "Reorganized

Debtor" and, collectively, the "Reorganized Debtors"),[2] by and through their undersigned counsel,

submit this motion (the "Motion") pursuant to sections 105(a), 342(c), and 350(a) of title 11

of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rules 1005,

2002(m), 2002(n), and 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Rule 3022-1 of the Local Rules of Bankruptcy Practice and Procedure of the

United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for the entry

of a final decree in substantially the form attached hereto (the "Proposed Final Decree"): (i)

closing the chapter 11 case of Tribune CNLBC, LLC ("Tribune CNLBC"), Case No. 09-

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355) and Tribune CNLBC, LLC (0347). The corporate headquarters and the mailing address for each entity listed above is 545 E. John Carpenter Freeway, Suite 700, Irving, TX 75062.

[2] Unless otherwise specified, all defined terms shall have the same meanings as in the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (as modified July 19, 2012, the "Plan") [Docket No. 12072-2], confirmed by an order of the Court dated July 23, 2012 [Docket No. 12074] (the "Confirmation Order").

13496; (ii) providing that, to the extent necessary, any further proceedings in this Court with respect to (a) the only remaining unresolved claim asserted against Tribune CNLBC and (b) any other remaining matters that may potentially impact the estate of Tribune CNLBC shall be administered in the chapter 11 case of Tribune Media Company (f/k/a Tribune Company), Case No. 08-13141 (the "Remaining Case"); (iii) directing the use of an amended caption upon the entry of the Proposed Final Decree; and (iv) granting limited relief from Local Rule 3022-1(c). The Reorganized Debtors are not seeking at this time to close the Remaining Case. In support of this Motion, the Reorganized Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, which jurisdiction was retained pursuant to Article IX of the Confirmation Order (defined below) and Section 12.1 of the Plan (defined below). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Reorganized Debtors confirm their consent, pursuant to Rule 9013-1(f) of the Local Rules, to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are sections 105(a), 342(c)(1), and 350 of the Bankruptcy Code, Bankruptcy Rules 1005, 2002(m), 2002(n), and 3022, and Local Rule 3022-1.

## STATUS OF THE CASE

3.      Tribune Company (n/k/a Tribune Media Company) and certain of its affiliates (collectively, the "Debtors"),[3] each filed a voluntary petition for relief under chapter 11 of the

---

[3] As used herein, the term "Debtors" refers to the entities that filed the above-captioned chapter 11 cases and the term "Reorganized Debtors" refers to the entities that became successors to the Debtors upon the Debtors' emergence from their chapter 11 cases.

Bankruptcy Code on December 8, 2008.  Tribune CNLBC filed a voluntary petition of relief under chapter 11 of the Bankruptcy Code on October 12, 2009.[4]  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4.      On July 23, 2012, the Court entered an order [Docket No. 12074] (the "Confirmation Order") confirming the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JP Morgan Chase Bank, N.A. [Docket No. 12072] (the "Plan").[5]

5.      The Effective Date of the Plan occurred on December 31, 2012.

A.      **Prior Case Closure Motions**

6.      The Reorganized Debtors have previously requested, and the Court has granted, final decrees closing certain of the former Debtors' chapter 11 cases in circumstances where there are no pending proofs of claim (the "Proofs of Claim") against the applicable Debtors or adversary proceedings in which the applicable Debtors have been named, other than Proofs of Claim or adversary proceedings relating to the leveraged buy-out of Tribune Company that occurred in 2007 (the "LBO Transaction"). Specifically, on February 25, 2015, the Reorganized Debtors filed a motion (the "Initial Case Closure Motion") seeking the entry of a final decree closing eighty-eight (88) of the one hundred ten (110) then-pending chapter 11 cases. See Docket No. 14055. Then, on July 7, 2015, April 25, 2016, July 25, 2016, and January 14, 2020, the Reorganized Debtors filed subsequent motions seeking to close additional chapter 11 cases. See Docket Nos. 14123, 14237, 14291, 14639 (collectively with the Initial Case Closure Motion, the "Prior Case Closure

---

[4] Tribune CNLBC, LLC, was formerly known as Chicago National League Ball Club, LLC.
[5] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

Motions"). As a result, only two (2) of the former Debtors' chapter 11 cases remain open, involving two (2) Reorganized Debtors.[6]

7.      Prior to entry of the proposed final decree respecting the Initial Case Closure Motion, the Reorganized Debtors engaged in discussions regarding the relief requested therein with the Litigation Trustee, Aurelius Capital Management, LP ("Aurelius"), Law Debenture Trust Company of New York (n/k/a Delaware Trust Company) ("Delaware Trust"), Deutsche Bank Trust Company Americas ("Deutsche Bank"), and the Office of the United States Trustee (the "U.S. Trustee"). In response to these discussions and the informal comments provided by those parties, the Reorganized Debtors consensually modified the proposed final decree originally attached to the Initial Case Closure Motion. See Docket No. 14074. On March 16, 2015, the Court entered the revised proposed final decree without objections. See Docket No. 14078. The Court also entered final decrees with respect to the other Prior Case Closure Motions, without objections, on July 24, 2015, May 11, 2016, August 12, 2016, and February 7, 2020. See Docket Nos. 14135, 14255, 14303, 14652. The form of the Proposed Final Decree submitted with this Motion reflects the comments made by those parties that were incorporated into the prior final decrees, to the extent such comments remain applicable in light of the resolution of appeals of the Confirmation Order and other events in the chapter 11 cases.

**B.      Remaining Proofs of Claim**

8.      The vast majority of the 7,191 Proofs of Claim that were filed in the former Debtors' chapter 11 cases have been resolved. Of relevance to this Motion, the Reorganized Debtors have recently resolved the last proof of claim that had been pending and was unrelated to

---

[6] The Plan provided for, among other things, Restructuring Transactions including, without limitation, mergers, consolidations, conversions, joint ventures, restructurings, recapitalizations, dispositions, liquidations or dissolutions. See Plan Exhibit 5.2; Notice Respecting Restructuring Transactions [Docket No. 12732]. The Restructuring Transactions were largely consummated prior to the Effective Date, resulting in the 110 former Debtor entities becoming 52 post-transaction entities.

the LBO Transaction. That claim, which was asserted by the Internal Revenue Service, was withdrawn by the claimant in February 2021. See Docket No. 14755. As a result of this development, there are now 140 unresolved Proofs of Claim outstanding in the aggregate, all of which relate to the 2007 leveraged buy-out of Tribune Company (the "Unresolved LBO-Related Claims").

9.      Of those 140 Proofs of Claim, the only one that remains asserted against Tribune CNLBC was filed by Valuation Research Corporation ("VRC"). The VRC proof of claim states that it is made on account of contingent, unliquidated amounts for indemnification that are allegedly owed in connection with VRC's involvement in certain aspects of the multidistrict litigation related to the LBO Transaction. That litigation was pending in the U.S. District Court for the Southern District of New York (the "MDL Proceedings") until 2019,[7] and is currently on appeal to the United States Court of Appeals for the Second Circuit.[8] VRC's proof of claim against Tribune CNLBC is one of 110 substantially identical proofs of claim filed by VRC in the Debtors' chapter 11 cases, with one such proof of claim filed against each of the Debtors.

10.     The Reorganized Debtors have not objected to the VRC proofs of claim, or other Unresolved LBO-Related Claims, pending final disposition of the remaining aspects of the MDL Proceedings. In particular, Section 7.11.2 of the Plan provides that, to the extent unresolved indemnification, reimbursement, or contribution claims (such as the Unresolved LBO-Related Claims) are Allowed, they will be set off against any recovery by the Litigation Trustee against the holders of such claims.[9] Section 7.11.2 of the Plan further authorizes the Litigation Trustee to

---

[7] See In re Tribune Co. Fraudulent Conveyance Litig., No. 12 MC 2296 (DLC), MDL No. 11 MD 2296 (DLC) (S.D.N.Y.).
[8] See Kirschner v. Citigroup Global Markets, Inc., Case No. 19-449 (2d Cir. Aug. 24, 2020) at Docket No. 108; In re Tribune Co. Fraudulent Conveyance Litig., Case No. 19-3049 (2d Cir. Aug. 24, 2020) at Docket No. 294.
[9] Specifically, section 7.11.2 of the Plan provides, in relevant part, as follows: "To the extent that any Person has either (i) an Allowed Other Parent Claim against Tribune, (ii) an Allowed General Unsecured Claim against any of the Filed Subsidiary Debtors or (iii) a valid and enforceable claim against any other direct or indirect subsidiary of the Debtors, in each case for (a) indemnification, reimbursement, contribution or claims pursuant to Bankruptcy Code section

5

Case 08-13141-BLS    Doc 14763    Filed 03/05/21    Page 6 of 15

object to the allowance of such claims.[10] Accordingly, the Reorganized Debtors anticipate that the VRC proof of claim against Tribune CNLBC and the other Unresolved LBO-Related Claims will ultimately be adjudicated or resolved in conjunction with or following the conclusion of the MDL Proceedings.[11]

## **RELIEF REQUESTED**

11.    By this Motion, the Reorganized Debtors request the entry of a final decree pursuant to sections 105(a), 342(c)(1), and 350(a) of the Bankruptcy Code, Bankruptcy Rules 1005, 2002(m), 2002(n), and 3022, and Local Rule 3022-1, in substantially the form attached hereto: (i) closing Tribune CNLBC's chapter 11 case; (ii) providing that, to the extent necessary, further proceedings in this Court with respect to (a) the VRC proof of claim and (b) other matters that may potentially impact, or be alleged to impact, Tribune CNLBC's estate shall be administered in the Remaining Case; (iii) directing the use of an amended caption upon the entry of the Proposed Final Decree approving this Motion; and, (iv) granting limited relief from Local Rule 3022-1(c).

12.    For the purpose of calculating fees which are due and payable pursuant to 28 U.S.C. § 1930 in connection with Tribune CNLBC's chapter 11 case, (a) any disbursements made by Tribune CNLBC prior to the entry of the final decree will be included in the calculation of quarterly fees for the first quarter of 2021, (b) the appropriate quarterly fees based on such disbursements will be paid by or on behalf of Tribune CNLBC on or before the deadline for the payment of

---

502(h), and (b) arising from or relating to the assertion of any claim or cause of action by the Litigation Trust or the Litigation Trustee against such Person or any of its Related Persons, such Allowed Claim shall be setoff against any recovery by the Litigation Trust against such Person. For the purposes of this Section 7.11.2, "setoff against" shall mean that the Litigation Trust shall either use Litigation Trust Assets to pay such Claim or shall take actions necessary to cause the release or waiver of such Claim." Plan § 7.11.2.

[10] Id.

[11] See Litigation Trustee's Motion for an Order Extending the Deadline to Object to Claims [Docket No. 14740] at ¶ 13 ("To the extent any defendants . . . have asserted Setoff Claims against the Debtors or attempt to assert Setoff Claims against the Litigation Trust upon answering or otherwise moving to dismiss, the Litigation Trustee intends to object to such Claims.").

quarterly fees for the first quarter of 2021 pursuant to 28 U.S.C. § 1930, (c) no disbursements made by Tribune CNLBC following entry of the final decree will be included in the calculation of such quarterly fees, and (d) no quarterly fees shall be due and payable with respect to Tribune CNLBC's chapter 11 case for quarterly periods thereafter.

13.     To preserve the rights of VRC, as holder of the only unresolved proof of claim asserted against Tribune CNLBC, as well as the rights of parties to any other unresolved matters involving, or that may be alleged to involve, Tribune CNLBC, the Reorganized Debtors propose that the Proposed Final Decree approving the Motion provide that (a) it is without prejudice to the rights of any party to seek to reopen Tribune CNLBC's chapter 11 case for cause, including, but not limited to, the Reorganized Debtors' failure to either file a final report as set forth above or pay fees due and payable pursuant to 28 U.S.C. § 1930, and (b) any claim that is subsequently Allowed pursuant to the Plan by this Court against Tribune CNLBC shall be paid in accordance with the Plan as applicable to Tribune CNLBC. This proposed treatment is in accordance with the final decrees entered approving all of the Prior Case Closure Motions.

## BASIS FOR RELIEF REQUESTED

### A.     Closure of Tribune CNLBC's Case

14.     Consistent with the Prior Case Closure Motions, the Reorganized Debtors propose to close Tribune CNLBC's chapter 11 case and further advance the single remaining chapter 11 case – that of Tribune Media Company – towards a conclusion. Section 350(a) of the Bankruptcy Code provides that "[a]fter the case is fully administered and the court has discharged the trustee, the court shall close the case."[12] 11 U.S.C. § 350. Bankruptcy Rule

---

[12] The status of the debtor in possession as a trustee normally is deemed terminated upon confirmation of the plan of reorganization. See In re Jay Bee Enter., Inc., 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997)

46429/0001-40316112v1

3022 provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court . . . shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

15.     Neither the Bankruptcy Code nor the Bankruptcy Rules define the term "fully administered." The Advisory Committee Note to the 1991 amendment to the Bankruptcy Rule 3022 provides a list of six factors that a court may consider in determining whether an estate has been fully administered for final decree purposes. The six factors are: (a) whether the order confirming the plan has become final; (b) whether deposits required by the plan have been distributed; (c) whether the property proposed by the plan to be transferred has been transferred; (d) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan; (e) whether payments under the plan have commenced; and, (f) whether all motions, contested matters, and adversary proceedings have been finally resolved. See Advisory Committee Note to Fed. R. Bankr. P. 3022.

16.     Courts have frequently applied the six factors set forth in the Advisory Committee Note in determining whether a case has been fully administered. See, e.g., In re Kliegl Bros. Univ. Elec. Stage Lighting Co., Inc., 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999); In re SLI, Inc., No. 02-12608 (WS), 2005 Bankr. LEXIS 1322, at *5 (Bankr. D. Del. June 24, 2005). These factors are employed by courts as a guide to assist the determination of whether a case is fully administered, although each of the factors need not be present in order for a court to enter a final decree. See, e.g., In re JMP-Newcor Int'l, Inc., 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (finding that case was fully administered despite pending adversary proceeding).

17.     Tribune CNLBC's case has been or, upon entry of the requested order, will be, "fully administered" within the meaning of section 350 of the Bankruptcy Code when the

46429/0001-40316112v1

foregoing factors are taken into account. First, the Confirmation Order became final and the Reorganized Debtors assumed the management of the property dealt with by the Plan over eight years ago. Second, all Proofs of Claim asserted against Tribune CNLBC have been resolved, with the exception of VRC's proof of claim, which is one of 110 substantially-identical proofs of claim filed by VRC against all of the Debtors. VRC's proof of claim will, to the extent necessary, be administered in the Remaining Case, and, if Allowed, paid in accordance with the Plan. With respect to any Proofs of Claim that have been Allowed against Tribune CNLBC to date, all distributions have been made in accordance with the terms of the Plan. Third, all costs required by the Plan to be paid by Tribune CNLBC have been paid. Lastly, all motions, contested matters, or adversary proceedings related to Tribune CNLBC's case have either been resolved or, to the extent further proceedings in this Court with respect to such matters are necessary, such proceedings may be administered in the Remaining Case.

18.     Given the fully administered status of Tribune CNLBC's chapter 11 case, there is no practical benefit to leaving the case open. Closing the case, however, will allow the Reorganized Debtors to save the quarterly U.S. Trustee fees allocable to the case and will allow the Reorganized Debtors to simplify their post-confirmation quarterly operating reports. Closure of Tribune CNLBC's case will also reduce this Court's docket and the attendant burden on this Court as well as the Clerk of the Court's office and the U.S. Trustee's office. There are thus real benefits to closing Tribune CNLBC's chapter 11 case and no countervailing reasons to keep it open.

19.     As noted above (at ¶ 7), in connection with the Initial Case Closure Motion, the Reorganized Debtors engaged in discussions with various parties, which led to a number of consensual modifications that were reflected in the final decree that was entered by the Court.

46429/0001-40316112v1

In preparing the Proposed Final Decree attached to this Motion, the Reorganized Debtors have incorporated those consensual modifications to the extent they remain applicable, as follows:

    a.   the Proposed Final Decree orders that closure of Tribune CNLBC's case shall not alter or modify the terms of the Plan, Confirmation Order, any supplement, exhibit, appendix or schedule to the Plan, or any other contract, instrument, release or other agreement executed or created pursuant to the Plan, including but not limited to the Litigation Trust Agreement (as defined in the Plan) or LT Agreement (as defined in the Plan);

    b.   the Proposed Final Decree orders that closure of Tribune CNLBC's case shall not affect the ability of the Litigation Trustee (as defined in the Plan) to amend any Preserved Causes of Action (as defined in the Plan) or assert any LBO-Related Causes of Action (as defined in the Plan) pursuant to, inter alia, section 550 of the Bankruptcy Code; and,

    c.   the Proposed Final Decree orders that, for the avoidance of doubt, Tribune CNLBC shall continue to comply with any current or future obligations it may have under the LT Agreement, and shall maintain its rights under the LT Agreement, as if it were still a Reorganized Debtor.

20.    In light of the foregoing, entry of a final decree in Tribune CNLBC's case is appropriate at this time. The particular relief sought in the Proposed Final Decree tracks the relief granted in the prior final decrees entered in the Debtors' chapter 11 cases in all material respects, save for elements no longer applicable.[13] It is also similar to the relief granted to debtors in other similarly-situated chapter 11 cases. See, e.g., In re AbitibiBowater, No. 09-

---

[13] Revisions to the Proposed Final Decree from prior final decrees entered in the Debtors' chapter 11 cases reflect, among other things, the fact that the Confirmation Order has been affirmed, and no request for rehearing nor petition for certiorari was filed in the requisite time period.

11296 (KJC) (Bankr. D. Del. Dec. 18, 2012) [Docket No. 5282] (closing certain chapter 11 cases despite pending appeals, pending avoidance actions, and pending claims pursuant to section 502(d) of the Bankruptcy Code); In re Dura Automotive Sys., Inc., No. 06-11202 (KJC) (Bankr. D. Del. Dec. 27, 2011) [Docket No. 4273] (closing certain chapter 11 cases despite a pending avoidance action for which a written settlement agreement remained in process). Accordingly, the Reorganized Debtors respectfully request that the Court enter the Proposed Final Decree pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1 closing Tribune CNLBC's chapter 11 case.

**B.    Use of Amended Caption**

21.    The Proposed Final Decree directs the use of an amended caption in the Remaining Case, as follows:

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY[FN] (f/k/a Tribune Company),<br><br>                  Reorganized Debtor. | Case No. 08-13141 (BLS) |

[FN] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the entity's federal tax identification number, is: Tribune Media Company (0355). The corporate headquarters and the mailing address for the Reorganized Debtor is 545 E. John Carpenter Freeway, Suite 700, Irving, TX 75062.

22.    The Court has the authority to direct the use of an amended caption under sections 105(a) and 342(c)(1) of the Bankruptcy Code, as well as Bankruptcy Rules 1005, 2002(m), and 2002(n). Section 342(c) of the Bankruptcy Code requires, in relevant part, that notices "required to be given by the debtor to a creditor . . . shall contain the name, address, and last 4 digits of the taxpayer identification number of the debtor." 11 U.S.C. § 342(c)(1). Similarly, Bankruptcy Rule 1005 requires that a proper caption include the name of the debtor and last 4 digits of the taxpayer identification number of the debtor. Section 105(a) provides

11

this Court with the authority to issue orders that are necessary to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a). Bankruptcy Rule 2002(m) provides that the "court may from time to time enter orders designating . . . the form and manner in which notices shall be sent" and Bankruptcy Rule 2002(n) requires that the caption of every notice include the information required to be in the notice by section 342(c) of the Bankruptcy Code and Bankruptcy Rule 1005. Similarly, Local Rule 9004-1 provides that "[d]ocuments submitted for filing shall contain in the caption the name of the debtor, the case number, the initials of the Judge to whom the case has been assigned, the docket number assigned to the case and, if applicable, the adversary proceeding number."

23.    The use of the amended caption proposed herein is necessary to reflect the closure of Tribune CNLBC's chapter 11 case. Specifically, the proposed caption will accurately reflect that, following entry of the relief requested herein, Tribune Media Company is identified on the caption as the only entity with a chapter 11 case that remains open. Accordingly, it is necessary and appropriate to modify the caption of the Remaining Case as set forth herein.

## C.    **Administration of Unresolved Matters**

24.    Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Closing Tribune CNLBC's chapter 11 case and administering any unresolved matters with respect to such case in the Remaining Case is an appropriate use of the Court's equitable powers under section 105(a) of the Bankruptcy Code.

25.    Granting the relief sought herein will reduce the administrative burdens on this Court and the Clerk of the Court, limit the incurrence of quarterly fees payable to the Office of the United States Trustee, and simplify the Reorganized Debtor's post-confirmation

46429/0001-40316112v1

operating reports. Tribune CNLBC's chapter 11 case has had little to no activity in it for many years now, and it is expected to have no future activity. The only remaining proof of claim asserted against Tribune CNLBC is contingent, unliquidated, and relates to the LBO Transaction, and such claims will not be addressed except as part of, or following the conclusion of, the MDL Proceedings.

26.    It is unnecessary to keep Tribune CNLBC's chapter 11 case open on account of a single contingent claim asserted therein that is identical to contingent claims that were asserted against all of the other Debtors, particularly when the Court can continue to address such matters in the Remaining Case. Rather, upon entry of the relief requested herein, any remaining matters that might potentially impact Tribune CNLBC can either be addressed adequately in the Remaining Case or, if necessary, with the reopening of Tribune CNLBC's chapter 11 case.

27.    The form of Proposed Final Decree attached hereto provides for the Court to retain jurisdiction over Tribune CNLBC's chapter 11 case in the event that the Reorganized Debtors or any other party in interest seeks to reopen that case for cause. The retention of jurisdiction by the Court for such purpose is appropriate, and consistent with the terms of the Confirmation Order. See 28 U.S.C. § 1334(b) (granting courts "related to" jurisdiction); Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir. 1985) (providing definition of "related to" for jurisdictional purposes); see also Confirmation Order at § IX (describing the Court's retention of jurisdiction for the purposes set forth in Article XII of the Plan). In any event, if necessary, "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b); see also In re Gates Cmty. Chapel of Rochester, Inc., 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) ("[T]he entry of a final decree in no way completely deprives the court of jurisdiction to reopen the case, enforce or

interpret an Order or determine a pertinent issue."). Therefore, granting the relief requested herein would not foreclose the possibility of reopening Tribune CNLBC's chapter 11 case should the need arise.

### FINAL REPORT

28.    Pursuant to Local Rule 3022-1, all fees required to date pursuant to 28 U.S.C. § 1930 have been, or will be, paid by Tribune CNLBC. The Reorganized Debtors respectfully request a waiver of the requirement under Local Rule 3022-1(c) to file a final report with respect to Tribune CNLBC's chapter 11 case prior to the hearing on this Motion. The Reorganized Debtors instead propose to file a consolidated final report with respect to all of the Debtors in connection with a motion seeking to close the Remaining Case.

### NOTICE

29.    Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) VRC, as the holder of the only remaining proof of claim against Tribune CNLBC; and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rules 2002-1(b) and 3022-1. In light of the nature of the relief requested herein, the Reorganized Debtors submit that no other or further notice is necessary.

[*Remainder of Page Intentionally Left Blank*]

46429/0001-40316112v1

WHEREFORE, for the reasons set forth herein, the Reorganized Debtors respectfully request that the Court: (i) enter the Proposed Final Decree closing Tribune CNLBC's chapter 11 case and providing that, to the extent necessary, further proceedings in this Court with respect to (a) the sole remaining proof of claim asserted against Tribune CNLBC and (b) other remaining matters that may potentially impact, or may be alleged to impact, Tribune CNLBC's estate shall be administered in the Remaining Case; (ii) direct the use of the amended caption proposed herein; (iii) grant a limited waiver of Local Rule 3022-1(c); and, (iv) grant such other and further relief as the Court may deem just and proper.

Dated: Wilmington, Delaware
      March 5, 2021

Respectfully submitted,

SIDLEY AUSTIN LLP
Kenneth P. Kansa
Ian C. Ferrell
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000

-and-

COLE SCHOTZ, P.C.

By: */s/ J. Kate Stickles*
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone:  (302) 652-3131
npernick@coleschotz.com
kstickles@coleschotz.com

ATTORNEYS FOR REORGANIZED DEBTORS

46429/0001-40316112v1