**Proposed Final Decree**

46429/0001-40316112v1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY, et al.[1] (f/k/a Tribune Company) | Case No. 08-13141 (BLS) |
| | Jointly Administered |
| Reorganized Debtors. | **Re: Docket No. [____]** |

**FINAL DECREE (I) CLOSING THE CHAPTER 11 CASE OF TRIBUNE CNLBC, LLC PURSUANT TO SECTIONS 105(a) AND 350(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3022, AND LOCAL RULE 3022-1, (II) DIRECTING THE USE OF AN AMENDED CAPTION IN THE REMAINING REORGANIZED DEBTOR'S CASE PURSUANT TO SECTIONS 105(a) AND 342(c)(1) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 1005, 2002(m), AND 2002(n), AND (III) GRANTING RELATED RELIEF**

Upon consideration of the Motion[2] of the Reorganized Debtors for the entry of a final decree (i) closing the chapter 11 case of Tribune CNLBC, LLC pursuant to sections 105(a) and 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1, (ii) directing the use of an amended caption in the remaining Reorganized Debtor's case pursuant to sections 105(a) and 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005, 2002(m), and 2002(n), and (iii) granting related relief; and, the Court having reviewed the Motion; and, the Court finding good and sufficient cause for granting the relief as requested therein; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 1408 and 1409; and, due and adequate notice of the relief requested in the Motion having been given under the circumstances; it is hereby ORDERED:

1. The Motion is granted.

---

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355) and Tribune CNLBC, LLC (0347). The corporate headquarters and the mailing address for each entity listed above is 545 E. John Carpenter Freeway, Suite 700, Irving, TX 75062.

[2] Capitalized terms used, but not defined herein, shall have the meanings ascribed to them in the Motion.

2

2. The chapter 11 case of Tribune CNLBC, LLC is hereby closed and a final decree is granted pursuant to sections 105(a) and 350(a) of the Bankruptcy Code (the "Final Decree").

3. To the extent necessary, further proceedings of this Court with respect to (a) the sole remaining unresolved proof of claim asserted against Tribune CNLBC and (b) other remaining matters that may potentially impact, or are alleged to impact, the estate of Tribune CNLBC shall be administered in the Remaining Case.

4. The closure of Tribune CNLBC's chapter 11 case shall not alter or modify the terms of the Plan, Confirmation Order, any supplement, exhibit, appendix or schedule to the Plan, or any other contract, instrument, release, or other agreement executed or created pursuant to the Plan, including but not limited to the Litigation Trust Agreement (as defined in the Plan) or LT Agreement (as defined in the Plan).

5. The closure of Tribune CNLBC's chapter 11 case shall not affect any ability of the Litigation Trustee (as defined in the Plan) to amend any Preserved Causes of Action (as defined in the Plan) or assert any LBO-Related Causes of Action (as defined in the Plan) pursuant to, inter alia, section 550 of the Bankruptcy Code.

6. Any claim that is subsequently allowed pursuant to the Plan by this Court against Tribune CNLBC shall be paid in accordance with the Plan as applicable to Tribune CNLBC.

7. A copy of this Final Decree shall be docketed in Tribune CNLBC's chapter 11 case.

8. For the purpose of calculating fees which are due and payable pursuant to 28 U.S.C. § 1930 in connection with Tribune CNLBC's chapter 11 case, (a) any disbursements

46429/0001-40316112v1

made by Tribune CNLBC prior to the entry of the Final Decree will be included in the calculation of quarterly fees for the first quarter of 2021, (b) the appropriate quarterly fees based on any such disbursements will be paid by or on behalf of Tribune CNLBC on or before the deadline for the payment of quarterly fees for the first quarter of 2021 pursuant to 28 U.S.C. § 1930, (c) no disbursements made by Tribune CNLBC following entry of the Final Decree will be included in the calculation of such quarterly fees, and (d) no quarterly fees shall be due and payable with respect to Tribune CNLBC's chapter 11 case for quarterly periods thereafter.

9. Tribune CNLBC shall continue to comply with any current or future obligations it may have under the LT Agreement, and shall maintain its rights under the LT Agreement, as if it were still a Reorganized Debtor.

10. The requirement under Local Rule 3022-1(c) to file a final report with respect to Tribune CNLBC's chapter 11 case is hereby waived, and the remaining Reorganized Debtor shall file a consolidated final report with respect to all of the Debtors in connection with a motion seeking to close the Remaining Case.

11. Entry of this Final Decree is without prejudice to the rights of the Reorganized Debtor, the Litigation Trustee, or any other party in interest to seek to reopen Tribune CNLBC's chapter 11 case for cause, including, but not limited to, the Reorganized Debtor's failure to either file a final report or pay fees due and payable pursuant to 28 U.S.C. § 1930 on behalf of Tribune CNLBC, as set forth above.

12. All pleadings filed in the Remaining Case shall bear an amended caption, as follows:

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY[FN]<br>(f/k/a Tribune Company), | Case No. 08-13141 (BLS) |
| | Jointly Administered |
| Reorganized Debtor. | |

[FN] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the entity's federal tax identification number, is: Tribune Media Company (0355). The corporate headquarters and the mailing address for the Reorganized Debtor is 545 E. John Carpenter Freeway, Suite 700, Irving, TX 75062.

13. Notwithstanding any applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Final Decree shall be immediately effective and enforceable upon its entry.

14. This Court shall retain jurisdiction to hear and determine any matters or disputes arising in or related to the chapter 11 cases, including, without limitation, any matters or disputes relating to the effect of the discharge and/or injunction provisions contained in the Plan and/or the Confirmation Order.