# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE MEDIA COMPANY, *et al.*[1]<br>(f/k/a Tribune Company),<br><br>                Reorganized Debtors. | Chapter 11<br><br>Case No. 08-13141 (BLS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 14763** |

**RESPONSE OF THE FORMER EXAMINER TO REORGANIZED DEBTORS'
MOTION FOR ENTRY OF A FINAL DECREE (I) CLOSING THE CHAPTER 11 CASE
OF TRIBUNE CNLBC, LLC PURSUANT TO SECTIONS 105(a) AND 350(a) OF THE
BANKRUPTCY CODE, BANKRUPTCY RULE 3022, AND LOCAL RULE 3022-1, (II)
DIRECTING THE USE OF AN AMENDED CAPTION IN THE REMAINING
REORGANIZED DEBTOR'S CASE PURSUANT TO SECTIONS 105(a) AND 342(c)(1)
OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 1005, 2002(m),
AND (III) GRANTING RELATED RELIEF**

      Kenneth N. Klee, Esq., the former examiner (the "Examiner" or the "Former Examiner") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Tribune Media Company and its affiliates (collectively, the "Reorganized Debtors"), by and through his undersigned counsel, respectfully submits this response (the "Response") to the *Reorganized Debtors' Motion for Entry of a Final Decree (I) Closing the Chapter 11 Case of Tribune CNLBC, LLC Pursuant to Sections 105(a) and 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1, (II) Directing the Use of an Amended Caption in the Remaining Reorganized Debtor's Case Pursuant to Sections 105(a) and 342(c )(1) of the Bankruptcy Code and Bankruptcy Rules 1005, 2002(m), and (III) Granting Related Relief* [Docket No. 14763] (the "Motion").

---

[1]     The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Media Company (0355) and Tribune CNLBC, LLC (0347). The corporate headquarters and the mailing address for each entity listed above is 545 E. John Carpenter Freeway, Suite 700, Irving, TX 75062.

38273423.1 03/23/2021

## I. BACKGROUND

1.  On April 20, 2010, the Court entered the *Agreed Order Directing the Appointment of an Examiner* [Docket No. 4120]. On April 30, 2010, the United States Trustee filed the *Notice of Appointment of Examiner* [Docket No. 4212] appointing Kenneth N. Klee, Esq. as the Examiner. On May 11, 2010, the Court entered the *Order Approving Appointment of Examiner* [Docket No. 4320].

2.  After a comprehensive investigation, the Examiner prepared his report (the "Report"), which was initially filed under seal on July 26, 2010. *See* Docket Nos. 5130-5134. On August 3, 2010, the Examiner filed his unredacted Report in its entirety. *See* Docket Nos. 5247-5250. Shortly thereafter, the Examiner also made public the exhibits to the Report, which include every document on which the Report relied, comprising approximately 1,100 documents and over 21,000 pages. *See* Docket Nos. 5273, 5437-5439, 5441, 5442, 5444, 5445, 5447, 5449, 5451, 5453-5456, 5458, 5461, 5462, 5464, 5466-5469, 5480. The only documents that were not made public by the Examiner are (i) "Privileged Materials," (ii) "Depository Documents" that were *not* use or relied on in the Report, and (iii) "Third-Party Documents" that were *not* used or relied on in the Report. Protocol at ¶ 1.

3.  On July 23, 2010, the Examiner filed the *Motion of Court-Appointed Examiner, Kenneth N. Klee, Esq., for Order (I) Discharging Examiner; (II) Granting Relief from Third-Party Discovery; (III) Approving the Disposition of Certain Documents and Information; and (IV) Granting Certain Ancillary Relief* [Docket No. 5115] (the "Discharge Motion"). Among other things, the Discharge Motion sought to discharge the Examiner and his professionals following the filing of his Report, grant certain protections from third-party discovery, and establish a reasonable limitation on the period in which the Examiner and his professionals were required to retain their files in connection with the investigation.

4.      On August 26, 2010, the Court entered its *Order Approving Motion of Court-Appointed Examiner, Kenneth N. Klee, Esq., for Order (I) Discharging Examiner; (II) Granting Relief from Third-Party Discovery; (III) Approving the Disposition of Certain Documents and Information; and (IV) Granting Certain Ancillary Relief* [Docket No. 5541] (the "Discharge Order").  The Discharge Order provides that: "The Examiner and his Professionals shall maintain all Depository Documents, Third-Party Documents, Transcripts and Privileged Materials (collectively, the 'Complete Examiner Record') for a period of two years from the date of this Order (the 'Initial Retention Period'), after which, the Examiner and his professionals may destroy any such materials without further order of the Court."  Discharge Order at ¶ 4.  The Discharge Order initially required at least 30 days' notice of the expiration of the Initial Retention Period to parties in interest, and permitted any party in interest to request an extension of the Initial Retention Period by filing and serving a motion making such a request.  *Id.*

5.      On July 24, 2012, the Debtors filed and served a *Notice of Expiration of the Initial Retention Period for the Complete Examiner Record* [Docket No. 12095], providing notice of the expiration of the Initial Retention Period pursuant to the Discharge Order.  On August 25, 2012, Chandler Bigelow filed the *Motion of Chandler Bigelow to Extend the Initial Retention Period for the Complete Examiner Record* [Docket No. 12338], opposing the expiration of the Initial Retention Period.  On March 14, 2013, the Court entered its *Order Approving Protocol Governing Retention and Discovery of Documents Held by Court-Appointed Examiner, Kenneth N. Klee, Esq.* [Docket No. 13324], providing for certain modified document retention procedures applicable to the Former Examiner (the "Protocol").

6.      In relevant part, the Protocol provides that the Former Examiner and his professionals "shall continue to maintain and preserve all Depository Documents, Third-Party

3

Documents, Transcripts and Privileged Materials (collectively, the 'Complete Examiner Record') until further Bankruptcy Court order." Protocol at ¶ 1.  Additionally, the Protocol provides that the Former Examiner and his professionals, or any other party, "may request the Bankruptcy Court to modify th[e] Protocol for good cause shown, on reasonable notice to the Reorganized Debtors, the Examiner and his Professionals and the parties to the Tribune MDL." *Id*. at ¶ 6.

## II. RESPONSE

7. The Motion seeks to close the chapter 11 case of Tribune CNLBC, LLC, Case No. 09-13496, presently the penultimate chapter 11 case of the Reorganized Debtors, on the basis that that case has now been "fully administered" within the meaning of section 350 of the Bankruptcy Code.  Mot. at ¶ 17.  If the Court grants the Motion, the only remaining open chapter 11 case of the Reorganized Debtors will be the chapter 11 case of Tribune Media Company (f/k/a Tribune Company), Case No. 08-13141 (the "Remaining Case").

8. Notwithstanding the brief two-year Initial Retention Period originally set forth in the Discharge Order, the approved Protocol provides for the indefinite retention of documents by the Former Examiner, subject to modification of the Protocol for good cause shown on reasonable notice to interested parties.  Protocol at ¶¶ 1 & 6.  The Former Examiner respectfully submits that almost eleven years after he rendered his report, the time is now ripe and good cause exists to modify the Protocol to permit the Former Examiner and his professionals to dispose of the records being retained by them pursuant to the Discharge Order, as modified by the Protocol.

9. *First*, it has been more than a decade since the Former Examiner was discharged in the Chapter 11 Cases and the matters to which these records might relate have all substantially concluded.  All but one of the Chapter 11 Cases have now been fully administered and the open business in the Remaining Case appears to be quite narrow.  *See* Mot. at ¶ 8 & 17 (indicating

4

more than 98% of asserted proofs of claims have been resolved). The related multidistrict litigation was pending in the Southern District of New York until 2019. *See* Mot. at ¶ 9. The evidentiary record in that litigation is now presumably closed. In view of the status of these matters, it is exceedingly unlikely that any party will have a need for these records in the future.

10. *Second*, the vast majority of these materials are already publicly available. The Examiner's Report was accompanied by a copy of every document on which it relied, and the entirety of the Report and its documentary basis was publicly filed. As such, all parties in interest in these cases, potential litigants in related disputes, and the public have benefitted from unprecedented access to the unredacted Report and approximately 1,100 source documents, comprising 21,000 pages. The only documents included within the Complete Examiner Record that were not made public are (i) "Privileged Materials," (ii) "Depository Documents" that were not used in the Report, and (iii) "Third-Party Documents" that were not used in the Report. Protocol at ¶ 1. The first category comprises documents that no party is entitled to access. The second and third comprise documents that are capable of independent discovery. Under these circumstances—and bearing in mind that any non-privileged material remains publicly available or otherwise discoverable from third parties—no justification exists for maintaining a continued restriction on the ability of the Former Examiner and his professionals to dispose of their records.

11. *Third*, the past decade has confirmed that there is no need for the Former Examiner to continue retaining these records. ***In the eight years since the Court's adoption of the Protocol (and the decade-plus since the Court's entry of the Discharge Order), no party has ever filed a motion in the Bankruptcy Court requesting the discovery of documents from the Former Examiner pursuant to the Discharge Order and/or the Protocol***, and the Former

Examiner has never produced any documents from the Complete Examiner Record to any party in any proceeding.

12. Accordingly, the Former Examiner respectfully requests that, as part of closing the case of Tribune CNLBC, LLC, the Court provide in its order that (i) the Protocol is modified to permit the Former Examiner to dispose of the records comprising the Complete Examiner Record, and (ii) the Former Examiner is fully and finally relieved of any and all obligations to maintain and preserve the Complete Examiner Record and/or respond, object, or move for a protective order in response to any formal or informal discovery process.

### III.  CONCLUSION

WHEREFORE, for all the reasons set forth above, the Former Examiner respectfully requests that the Court specify in the order ruling on the Motion that the Protocol is modified and the Former Examiner is relieved of obligations as set forth herein.

Dated: March 23, 2021

**SAUL EWING ARNSTEIN & LEHR LLP**

*/s/ Mark Minuti*
Mark Minuti (DE Bar No. 2659)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE  19899
Telephone:  (302) 421-6800
mark.minuti@saul.com

-and-

**KTBS LAW LLP**
f/k/a Klee, Tuchin, Bogdanoff & Stern LLP
David M. Stern
Robert J. Pfister
Sasha M. Gurvitz
1801 Century Park East, 26th Floor
Los Angeles, CA 90067
Telephone:   (310) 407-4000
Facsimile:   (310) 407-9090

*Counsel to the Former Examiner*