**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TRIBUNE MEDIA COMPANY[1]<br><br>(f/k/a Tribune Company),<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 08-13141 (BLS)<br><br>Hearing Date: June 24, 2021 at 10:00 a.m. ET<br>Objection Deadline: June 17, 2021 at 4:00 p.m. ET |

**REORGANIZED DEBTOR'S MOTION FOR ENTRY OF AN ORDER
FURTHER EXTENDING THE DEADLINE TO OBJECT TO CLAIMS**

The reorganized debtor in the above-captioned chapter 11 case (the "Reorganized Debtor"), by and through its undersigned counsel, hereby submits this motion (the "Motion") for the entry of an order, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and section 8.1 of the Plan (as defined below), further extending the deadline established under the Plan for the Reorganized Debtor to object to Claims.[2]  In support of this Motion, the Reorganized Debtor respectfully represents as follows:

**STATUS OF THE CASE AND JURISDICTION**

1.      On December 8, 2008 (the "Petition Date"), Tribune Company (n/k/a Tribune Media Company) and certain of its subsidiaries (collectively, the "Debtors")[3] each filed a

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the entity's federal tax identification number, is Tribune Media Company (0355).  The corporate headquarters and the mailing address for the Reorganized Debtor is 545 E. John Carpenter Freeway, Suite 700, Irving, TX 75062.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

[3] As used herein, the term "Debtors" refers to the entities that filed the above-captioned chapter 11 case and related chapter 11 cases that have been closed, and the term "Reorganized Debtors" refers to the entities that became successors to the Debtors upon the Debtors' emergence from their chapter 11 cases.

voluntary petition for relief under chapter 11 of the Bankruptcy Code.  An additional Debtor, Tribune CNLBC, LLC,[4] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.

2. The Debtors' chapter 11 cases were consolidated for procedural purposes only and were being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket Nos. 43, 2333].

3. On July 23, 2012, the Court entered an order [Docket No. 12074] (the "Confirmation Order") confirming the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Plan") [Docket No. 12072].

4. The Effective Date of the Plan occurred on December 31, 2012.

5. The Court has entered final decrees closing all of the Debtors' chapter 11 cases other than the instant case as "fully administered" under section 350 of the Bankruptcy Code and Bankruptcy Rule 3022.  See Docket Nos. 14078, 14135, 14255, 14303, 14652, 14773.

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, which jurisdiction was retained pursuant to Article IX of the Confirmation Order and Section 12.1 of the Plan.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Reorganized Debtor confirms its consent, pursuant to Local Rule 9013-1(f), to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper in this Court pursuant

---

[4] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006, and Local Rule 9006-2.

## RELEVANT BACKGROUND

7. Section 8.1 of the Plan provides that "[u]nless otherwise ordered by the Bankruptcy Court, the Reorganized Debtors and/or the Litigation Trustee shall serve and file any objections to Claims and Interests as soon as practicable, but in no event later than (a) two hundred and ten (210) days after the Effective Date or (b) such later date as may be determined by the Bankruptcy Court upon a motion which may be made without further notice or hearing." Plan § 8.1. In light of the foregoing, because the Effective Date occurred on December 31, 2012, the period within which the Reorganized Debtors may object to Claims was initially set to expire on July 29, 2013.

8. The Court has since entered orders extending the Plan § 8.1 objection deadline (the "Claims Objection Deadline") on sixteen separate occasions [Docket Nos. 13674, 13841, 13960, 14045, 14134, 14197, 14302, 14329, 14362 (as corrected by 14388), 14403, 14441, 14493, 14571, 14637, 14703, and 14747]. The most recent of these orders extended the Claims Objection Deadline through and including June 28, 2021 [Docket No. 14747].

9. The vast majority of the 7,191 proofs of claim filed in the Debtors' chapter 11 cases (the "Proofs of Claim") have been resolved. During the most recent extension period, the Reorganized Debtor and its affiliate, Tribune CNLBC, LLC, resolved a proof of claim asserted by the Internal Revenue Service against Tribune CNLBC, LLC [Docket No. 14755]. Following that resolution, there are now 140 Proofs of Claim that remain outstanding (collectively, the "Unresolved Claims"), all of which relate to the 2007 leveraged buy-out of

Tribune Company.[5] The bulk of the Unresolved Claims are contingent, unliquidated, and disputed indemnification, reimbursement, or contribution Claims filed by current or former directors or officers of or advisors to the Debtors, some of whom were named as defendants in multidistrict litigation that was pending in the U.S. District Court for the Southern District of New York (the "MDL Proceedings") until 2019,[6] and is currently on appeal to the United States Court of Appeals for the Second Circuit.[7]

10.     To date, the Reorganized Debtor has not objected to the Unresolved Claims. Resolutions of the Unresolved Claims are likely to be connected to the resolution of the appeals arising out of the MDL Proceedings and under advisement with United States Court of Appeals for the Second Circuit, and any proceedings following from the resolution of those appeals.

**RELIEF REQUESTED**

11.     By this Motion, the Reorganized Debtor requests that the Court enter an order further extending the Claims Objection Deadline by approximately six (6) months, through and including **Friday, December 31, 2021**. The Reorganized Debtor further requests that the extension proposed herein be without prejudice to its rights to seek further extensions of the Claims Objection Deadline.

---

[5] Also included in the Unresolved Claims are the three remaining proofs of claim filed by Morgan Stanley Capital Services, Inc. and its affiliates (collectively, the "MSCS Claims"). Pursuant to §§ 3.2.5(b), 7.11.12, and 11.2.6 of the Plan, the MSCS Claims are subject to set off against certain Preserved Causes of Action and therefore adjudication of the MSCS Claims is under the control of the Litigation Trust (as defined in the Plan).

[6] See In re Tribune Co. Fraudulent Conveyance Litig., No. 12 MC 2296 (DLC), MDL No. 11 MD 2296 (DLC) (S.D.N.Y.).

[7] See Kirschner v. Citigroup Global Markets, Inc., Case No. 19-449 (2d Cir. Aug. 24, 2020) at Docket No. 108; In re Tribune Co. v. Fraudulent Conveyance Litig., Case No. 19-3049 (2d Cir. Aug. 24, 2020) at Docket No. 294.

4

46429/0001-40836709v1

**BASIS FOR RELIEF REQUESTED**

12. As set forth above, Section 8.1 of the Plan provides that the Claims Objection Deadline may be extended by order of the Court. Additionally, section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Bankruptcy Rule 9006(b)(1) further provides, in pertinent part, that:

> …when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order….

Fed. R. Bankr. P. 9006(b)(1).[8]

13. Extending the Claims Objection Deadline is in the best interests of the Reorganized Debtor and the Debtor's estate. The Reorganized Debtors have consistently resolved Proofs of Claim asserted against them since the Effective Date of the Plan, such that the only Unresolved Claims against the Reorganized Debtor's estate relate to the 2007 leveraged buy-out of Tribune Company. A further extension will facilitate an appropriate resolution of those remaining claims as well as the making of appropriate distributions to creditors, as Section 7.11.2 of the Plan provides that to the extent certain indemnification, reimbursement, or contribution Claims are Allowed, they will be set off against any recovery by the Litigation Trustee against the holders of such Claims.[9] The same section of the Plan also authorizes the Litigation Trustee to

---

[8] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the Claims Objection Deadline shall automatically extend such deadline until the Court acts on this Motion without the necessity for the entry of a bridge order.

[9] Specifically, section 7.11.2 of the Plan provides, in relevant part, as follows: "To the extent that any Person has either (i) an Allowed Other Parent Claim against Tribune, (ii) an Allowed General Unsecured Claim against any of the Filed Subsidiary Debtors or (iii) a valid and enforceable claim against any other direct or indirect subsidiary of the Debtors, in each case for (a) indemnification, reimbursement, contribution or claims pursuant to Bankruptcy Code section

5

object to the allowance of such Claims.[10] Accordingly, the Reorganized Debtor anticipates (but defers to the Litigation Trustee to confirm) that the Unresolved Claims will ultimately be adjudicated or resolved in conjunction with or following the conclusion of the MDL Proceedings.[11]

14.  Given the circumstances relating to the remaining Unresolved Claims, the extension of time requested herein is just and appropriate under the circumstances. Similar relief has been granted in other cases in this District on numerous occasions. See, e.g., In re Claire's Inc., No. 18-10583 (MFW) (Bankr. D. Del. Apr. 20, 2021) (order granting seventh motion to extend time to object to claims); In re RMBR Liquidiation, Inc., No. 19-10234 (KBO) (Bankr. D. Del. Apr. 5, 2021) (order granting fifth motion to extend time to object to claims); In re Boomerang Tube, LLC, No. 15-11247 (MFW) (Bankr. D. Del. May 18, 2017) (order granting sixth motion to extend time to object to claims).

## NOTICE

15.  Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the parties holding Unresolved Claims; (iii) counsel to the Litigation Trustee; and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Reorganized Debtor submits that no other or further notice is necessary.

---

502(h), and (b) arising from or relating to the assertion of any claim or cause of action by the Litigation Trust or the Litigation Trustee against such Person or any of its Related Persons, such Allowed Claim shall be setoff against any recovery by the Litigation Trust against such Person. For the purposes of this Section 7.11.2, "setoff against" shall mean that the Litigation Trust shall either use Litigation Trust Assets to pay such Claim or shall take actions necessary to cause the release or waiver of such Claim." Plan § 7.11.2.

[10] Id. ("The Litigation Trust shall be authorized to object to the allowance of, and entitled to assert any claim, counterclaim, or defense of the Debtors or applicable direct or indirect subsidiary of a Debtor to, any such indemnification, reimbursement, contribution or Bankruptcy Code section 502(h) claim.").

[11] See, e.g., Litigation Trustee's Motion for an Order Extending the Deadline to Object to Claims [Docket No. 14740] at ¶ 13 ("To the extent any defendants . . . have asserted Setoff Claims against the Debtors or attempt to assert Setoff Claims against the Litigation Trust upon answering or otherwise moving to dismiss, the Litigation Trustee intends to object to such Claims.").

46429/0001-40836709v1

WHEREFORE the Reorganized Debtor respectfully requests entry of an order (i) extending the Claims Objection Deadline through and including Friday, December 31, 2021, without prejudice to the Reorganized Debtor's rights to seek further extensions of such deadline, and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: Wilmington, Delaware
June 2, 2021

Respectfully submitted,

SIDLEY AUSTIN LLP
Kenneth P. Kansa
Ian C. Ferrell
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000

-and-

COLE SCHOTZ P.C.

By:  */s/ Patrick J. Reilley*
Norman L. Pernick (No. 2290)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131

ATTORNEYS FOR REORGANIZED DEBTOR