# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY[1] (f/k/a Tribune Company), | Case No. 08-13141 (BLS) (Bankr. D. Del.) |
| Reorganized Debtor. | (Jointly Administered) |
| THIS DOCUMENT RELATES TO: | |
| In re TRIBUNE COMPANY FRAUDULENT CONVEYANCE LITIGATION | Case No. 11 md 2296 (DLC) (S.D.N.Y.) |
| | Case No. 12 mc 2296 (DLC) (S.D.N.Y.) |
| MARC S. KIRSCHNER, as Litigation Trustee for the TRIBUNE LITIGATION TRUST, | Case No. 12 cv 2652 (DLC) (S.D.N.Y.) |
| Plaintiff, | |
| - against - | |
| DENNIS J. FITZSIMONS, et al., | |
| Defendants. | |
| MARC S. KIRSCHNER, as Litigation Trustee for the TRIBUNE LITIGATION TRUST, | Case No. 12 cv 6055 (DLC) (S.D.N.Y.) |
| Plaintiff, | |
| - against - | **Hearing Date: November 30, 2021 at 1:30 p.m. ET**<br>**Objection Deadline: November 16, 2021 at 4:00 p.m. ET** |
| CITIGROUP GLOBAL MARKETS INC. and MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, | |
| Defendants. | |

## LITIGATION TRUSTEE'S MOTION FOR AN ORDER APPROVING SETTLEMENT WITH CITIGROUP GLOBAL MARKETS INC. AND MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the entity's federal tax identification number, is: Tribune Media Company (0355). The corporate headquarters and the mailing address for the Reorganized Debtor is 545 E. John Carpenter Freeway, Suite 700, Irving, TX 75062.

{963.001-W0066238.}

Marc S. Kirschner, as Litigation Trustee (the "Litigation Trustee")[2] for the Tribune Litigation Trust (the "Litigation Trust" or the "Trust"), by and through his undersigned counsel, respectfully moves this Court for entry of an order, substantially in the form submitted herewith, authorizing the Litigation Trustee to settle his claims against Citigroup Global Markets Inc. ("Citigroup"), Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill"), and related entities in the above-captioned adversary proceedings, currently or previously pending in the United States District Court for the Southern District of New York (the "District Court"), pursuant to a proposed settlement agreement entered into by, between, and among the Litigation Trustee, Citigroup, and Merrill (the "Settlement").  In support of this motion, the Litigation Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1.  The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 105(a) and 1142, which jurisdiction was retained pursuant to Article IX of the Confirmation Order and Article XII of the Plan.  This motion is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are Section 13.3.3 of the Plan and Bankruptcy Rule 9019.

## BACKGROUND

2.  On December 18, 2008, the United States Trustee for the District of Delaware, pursuant to Section 1102 of the Bankruptcy Code, appointed the Official Committee of

---

[2] Unless otherwise specified, all defined terms shall have the same meaning as in the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (as modified July 19, 2012, the "Plan") [Bankr. D.I. 12072-2], entered by an order of the Court dated July 23, 2012 [Bankr. D.I. 12074] (the "Confirmation Order").  All references to "Bankr. D.I." refer to the docket in the above-captioned action, *In re Tribune Media Co.*, No. 08-13141 (BLS) (Bankr. D. Del.). All references to "MDL D.I." refer to the docket in the consolidated multidistrict action, *In re Tribune Co. Fraudulent Conveyance Litig.*, No. 11-md-2296 (S.D.N.Y.), unless otherwise specified.

Unsecured Creditors of Tribune Company (the "Committee") to represent the interests of all unsecured creditors in the Debtors' cases [Bankr. D.I. 101].

3. By orders dated October 27, 2010 and November 29, 2010 [Bankr. D.I. 6150, 6657, and 6658], this Court granted the Committee standing to file and prosecute certain adversary proceedings, including the actions now captioned *Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Dennis J. FitzSimons, et al.* (the "FitzSimons Action") and *Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Citigroup Global Markets Inc. and Merrill Lynch, Pierce, Fenner & Smith Incorporated* (the "Citigroup Action" and, together with the *FitzSimons* Action, the "Actions"). The *FitzSimons* Action was commenced on November 1, 2010 [Bankr. D.I. 6202], and seeks to recover, *inter alia*, damages for alleged breaches of fiduciary duty, aiding and abetting said breaches, the issuance of unlawful dividends, unjust enrichment, preferences, and fraudulent transfers received in connection with the 2007 leveraged buyout (the "LBO") of Tribune Company ("Tribune"). The operative complaint is the Fifth Amended Complaint [MDL D.I. 2701] ("FitzSimons 5AC"). The *Citigroup* Action was commenced on April 2, 2012 [Bankr. D.I. 11303], and seeks to recover, *inter alia*, damages for aiding and abetting breaches of fiduciary duty, professional malpractice, and avoidance and recovery as fraudulent transfers of advisory fees received in connection with the Tribune LBO. The operative complaint is the First Amended Complaint [MDL D.I. 2655] ("Citigroup FAC")

4. The *FitzSimons* 5AC alleges, in Count 1, that Citigroup, Merrill, and certain related entities, among other defendants, received actual fraudulent transfers that should be avoided and recovered pursuant to Sections 548(a)(1)(A) and 550(a) of the Bankruptcy Code.

*FitzSimons* 5AC ¶¶ 376-81 & Exhibit A.[3]  The *Citigroup* FAC alleges, *inter alia*, that Citigroup and Merrill, which were engaged to serve as financial advisors to Tribune, aided and abetted breaches of fiduciary duty, committed professional malpractice, and received fraudulent transfers in the form of the advisory fees (in the amount of $12.5 million each for Citigroup and Merrill) that Tribune paid them.  *Citigroup* FAC ¶¶ 239-58.

5. On March 20, 2012, the Judicial Panel on Multidistrict Litigation transferred the *FitzSimons* Action to the District Court for coordinated pretrial proceedings under 28 U.S.C. § 1407, with certain other actions commenced by individual creditors of Tribune.  The *Citigroup* Action was transferred by the Judicial Panel on Multidistrict Litigation to the District Court on August 8, 2012.

6. On July 23, 2012, this Court entered an order [Bankr. D.I. 12074] confirming the Plan, which became effective on December 31, 2012 [Bankr. D.I. 12939].

7. The Plan established the Litigation Trust and transferred to the Litigation Trust, *inter alia*, all Preserved Causes of Action (as defined in the Plan), including the claims asserted in the Actions, to be prosecuted and/or settled at the direction of the Litigation Trustee.  *See, e.g.*, Plan §§ 13.1, 13.2, 13.3.  The Plan provides that the Litigation Trustee must obtain "Bankruptcy Court authority" in order to settle any affirmative Preserved Causes of Action where the "stated face amount in controversy exceeds $5,000,000."  *Id*. § 13.3.3.

8. On January 23, 2019, the District Court granted in full Citigroup and Merrill's motion to dismiss the *Citigroup* Action.  *In re Tribune Co. Fraudulent Conveyance Litig.*, 2019 WL 294807 (S.D.N.Y. Jan. 23, 2019).  By judgment entered on June 13, 2019, the District Court dismissed the *FitzSimons* Action.  [MDL D.I. 8075.]

---

[3] The Citigroup and Merrill related entities alleged in the *FitzSimons* 5AC to have received actual fraudulent transfers are listed in Schedule A to the Settlement Agreement.

9. On August 20, 2021, the U.S. Court of Appeals for the Second Circuit vacated the dismissal of the constructive fraudulent conveyance claim in Count 3 of the *Citigroup* Action and remanded that claim to the District Court, and otherwise affirmed the dismissal of the other claims against Citigroup, Merrill, and related entities in the *Citigroup* Action and *FitzSimons* Action. *In re Tribune Co. Fraudulent Conveyance Litig.*, 10 F.4th 147 (2d Cir. 2021).

10. Following the Second Circuit's opinion, the Litigation Trustee engaged in settlement negotiations with Citigroup and Merrill. *See* Declaration of Robert J. Lack in Support of the Litigation Trustee's Motion for an Order Approving Settlement with Citigroup and Merrill, dated November 2, 2021 ("Lack Decl."), ¶ 2. The negotiations were adversarial and at arm's length, and the final terms of the Settlement were agreed to only after many rounds of settlement demands and offers had been exchanged between the two sides. *Id*.

11. Among other things, the Settlement will release the Trustee's claims against Citigroup, Merrill, and related entities in exchange for a payment of $4.9 million from each of Citigroup and Merrill within five business days of a final non-appealable order by this Court approving the Settlement. *Id.* ¶ 3. A copy of the settlement agreement (the "Settlement Agreement") is attached to the Lack Declaration as Exhibit 1.

**RELIEF REQUESTED**

12. The Litigation Trustee respectfully requests that the Court enter an order substantially in the form appended hereto as Exhibit A approving the Settlement.

**BASIS FOR RELIEF**

13. The Court has discretion to approve settlements after notice and a hearing. *See Myers v. Martin (In re Martin)*, 91 F.3d 389, 394 & n.2 (3d Cir. 1996). The procedure for approving a settlement in bankruptcy is set forth by Bankruptcy Rule 9019, which provides, in relevant part:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

14. In determining whether to approve a settlement pursuant to Rule 9019, a bankruptcy court is required to "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Martin*, 91 F.3d at 393. Bankruptcy courts consider four criteria in applying this balancing test: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Id*. (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968)); *In re Northwestern Corp.*, No. 03-12872, 2008 WL 2704341, at *6 (Bankr. D. Del. July 10, 2008). (applying this test). Ultimately, the court's determination assesses whether the compromise embodied in the settlement "is fair, reasonable, and in the interest of the estate." *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1977). However, the Court "need not decide the numerous questions of law or fact raised by litigation, but rather should canvas the issues to determine whether the settlement falls above the lowest point in the range of reasonableness." *In re Capmark Fin. Grp. Inc.*, 438 B.R. 471, 515 (Bankr. D. Del. 2010). Ultimately, "the court does not have to be convinced that the settlement is the best possible compromise." *In re World Health Alts., Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006) (internal citations omitted).

15. Here, the Plan does not specify what standard the Court should use in determining whether to authorize the Litigation Trustee to settle a claim where the stated amount is in excess of $5,000,000; rather it simply requires Bankruptcy Court authority. *See* Plan § 13.3.3. The

Litigation Trustee has previously entered into five other settlements that also required Bankruptcy Court approval due to the size of the claims settled; in each case this Court approved the settlements. [Bankr. D.I. 14262, 14394, 14457, 14565, 14595.]

16. Even applying a Rule 9019 analysis, the Settlement merits approval. The payment – $4.9 million from each of Citigroup and Merrill – is significant, and represents a substantial recovery as a percentage of the $12.5 million in advisory fees each of them received. To be sure, the Litigation Trustee is confident of his prospects of success in recovering those fees and his legal position in his claims against Citigroup and Merrill in the *Citigroup* Action, but given the complexity and expense of the litigation, uncertainty of outcome, lengthy time period required for collection of any judgment following trial and exhaustion of all appeals, and the substantial cash Settlement payment, it cannot be argued that the Settlement is unwarranted.[4] Courts generally defer to a trustee's business judgment where there is a legitimate business justification for the trustee's decision, and the Court should do so here. *Martin*, 91 F.3d at 393.

## NO PRIOR REQUEST

17. No previous request for the relief requested in this Motion has been made in this or any court.

## NOTICE

18. Notice of this Motion has been provided to (i) the United States Trustee; (ii) the Reorganized Debtor; (iii) the Indenture Trustees; (iv) Citigroup and Merrill; and (v) all other parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. In

---

[4] With respect to the Litigation Trustee's claims in the *FitzSimons* Action against Citigroup, Merrill, and related entities, at the present time those have been dismissed by the District Court and the dismissal affirmed by the Second Circuit. While the time for a petition for certiorari to the U.S. Supreme Court has not yet expired, any future ability to recover on those claims would require a successful petition and reversal by the Supreme Court, as well as then prevailing at trial.

light of the nature of the relief requested, the Litigation Trustee submits that no further notice need be given.

WHEREFORE, the Litigation Trustee respectfully requests that the Court enter an order, in the form submitted herewith, authorizing the Litigation Trustee to enter into the Settlement, and granting such other and further relief as the Court may deem just and proper.

Dated: November 2, 2021
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*Richard S. Cobb*
Richard S. Cobb (No. 3157)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: cobb@lrclaw.com

**FRIEDMAN KAPLAN SEILER & ADELMAN LLP**
Robert J. Lack
Jeffrey R. Wang
7 Times Square
New York, New York 10036-6516
Telephone: (212) 833-1100
Facsimile: (212) 833-1250
Email: rlack@fklaw.com
     jwang@fklaw.com

*Co-counsel to the Litigation Trustee*