**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY[1] (f/k/a Tribune Company), | Case No. 08-13141 (BLS) (Bankr. D. Del.) |
| Reorganized Debtor. | (Jointly Administered) |
| THIS DOCUMENT RELATES TO: | |
| In re TRIBUNE COMPANY FRAUDULENT CONVEYANCE LITIGATION | Case No. 11 md 2296 (DLC) (S.D.N.Y.) |
| | Case No. 12 mc 2296 (DLC) (S.D.N.Y.) |
| MARC S. KIRSCHNER, as Litigation Trustee for the TRIBUNE LITIGATION TRUST, | |
| Plaintiff, | Case No. 12 cv 2652 (DLC) (S.D.N.Y.) |
| - against - | |
| DENNIS J. FITZSIMONS, et al., | |
| Defendants. | |
| MARC S. KIRSCHNER, as Litigation Trustee for the TRIBUNE LITIGATION TRUST, | |
| Plaintiff, | Case No. 12 cv 6055 (DLC) (S.D.N.Y.) |
| - against - | |
| CITIGROUP GLOBAL MARKETS INC. and MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, | |
| Defendants. | |

## DECLARATION OF ROBERT J. LACK IN SUPPORT OF THE LITIGATION TRUSTEE'S MOTIONS FOR AN ORDER APPROVING SETTLEMENT WITH CITIGROUP GLOBAL MARKETS INC. AND MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the entity's federal tax identification number, is: Tribune Media Company (0355). The corporate headquarters and the mailing address for the Reorganized Debtor is 545 E. John Carpenter Freeway, Suite 700, Irving, TX 75062.

ROBERT J. LACK, an attorney in good standing, duly licensed to practice law before the courts of the State of New York, hereby declares under the penalty of perjury as follows:

1.      I am a partner at Friedman Kaplan Seiler & Adelman LLP, co-counsel to Marc. S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust (the "Litigation Trustee"), and submit this declaration in support of the Litigation Trustee's motion (the "Motion") for entry of an order authorizing the Litigation Trustee to settle his claims against Citigroup Global Markets Inc. ("Citigroup") and Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill") in the above-captioned adversary proceedings, presently or previously pending in the United States District Court for the Southern District of New York (the "District Court"), pursuant to that certain Settlement Agreement and Release, dated November 1, 2021, attached hereto as Exhibit 1 and described below.  I submit this declaration based upon my own personal knowledge and other information available to me as co-counsel to the Litigation Trustee.

2.      Following the Second Circuit's August 20, 2021 opinion in these proceedings, the Litigation Trustee engaged in settlement negotiations with Citigroup and Merrill.  The negotiations were adversarial and at arm's length, and the final terms of the settlement with Citigroup and Merrill were agreed to only after many rounds of settlement demands and offers had been exchanged between the two sides.

3.      Among other things, the settlement that is the subject of the Motion (the "Settlement") will release the Trustee's claims against Citigroup, Merrill, and related entities in exchange for a payment of $4.9 million from each of Citigroup and Merrill within five business days of a final non-appealable order by this Court approving the Settlement.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 2, 2021.

_____
Robert J. Lack

3625090.3

# EXHIBIT 1

CONFIDENTIAL – Execution Copy

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into as of November 1, 2021 by and between Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust (the "Litigation Trustee") established under the Litigation Trust Agreement in connection with the Fourth Amended Joint Plan of Reorganization (the "Plan") for Tribune Company ("Tribune") and Its Subsidiaries, confirmed by order of the U.S. Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") dated July 23, 2012, and Citigroup Global Markets Inc. ("Citigroup") and Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill," and together with the Litigation Trustee and Citigroup, the "Parties").

WHEREAS, Citigroup and Merrill were named as defendants in Counts 1, 2, and 3 of the First Amended Complaint (the "*Citigroup* Complaint") filed by the Litigation Trustee in *Kirschner v. Citigroup Global Markets Inc.*, No. 12-CV-6055 (DLC), pending in the U.S. District Court for the Southern District of New York (the "District Court"), and Citigroup and Merrill and certain related entities were named as defendants in Count 1 of the Fifth Amended Complaint (the "*FitzSimons* Complaint") filed by the Litigation Trustee in *Kirschner v. FitzSimons*, No. 12-CV-2652 (DLC), also pending in the District Court;

WHEREAS, the *Citigroup* Complaint was dismissed by the District Court by order entered on January 23, 2019 and the *FitzSimons* Complaint was dismissed by the District Court by judgment entered on June 13, 2019;

WHEREAS, on August 20, 2021, the U.S. Court of Appeals for the Second Circuit vacated the dismissal of the constructive fraudulent conveyance claim in Count 3 of the *Citigroup* Complaint and remanded that claim to the District Court, and otherwise affirmed the dismissal of the other claims in the *Citigroup* Complaint and *FitzSimons* Complaint against Citigroup, Merrill, and related entities;

WHEREAS, the time for a petition for certiorari to the U.S. Supreme Court has not yet expired as to the dismissed claims; and

WHEREAS, the Litigation Trustee, Citigroup, and Merrill have agreed to settle the Litigation Trustee's claims against Citigroup and Merrill and related entities on the terms and conditions set forth herein, in order to avoid the expense and uncertainty of litigation and without admitting the validity of the others' claims or defenses;

NOW, THEREFORE, in consideration of the mutual promises, covenants, and agreements set forth herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties covenant and agree as follows:

1.      Payments to Litigation Trustee.  Within five business days of a final non-appealable order by the Bankruptcy Court approving this Agreement, Citigroup shall pay to the Litigation Trustee $4,900,000 (the "Citigroup Settlement Payment"), and Merrill shall separately pay to the Litigation Trustee $4,900,000 (the "Merrill Settlement Payment"), each of which payments shall be made by wire transfer using the following payment instructions:

Beneficiary Bank: Evolve Bank and Trust
ABA: 084106768
Account Number: ████████
Beneficiary Name: Prime Clerk Tribune Settlement Account

An order of the Bankruptcy Court approving this Agreement shall be deemed final and non-appealable when entered if the motion pursuant to which the order was entered was not objected to or if any objection made was withdrawn.

2.    <u>Releases</u>.

a.    Upon receipt of the Citigroup Settlement Payment, the following releases shall be deemed effective:

i.    The Litigation Trustee releases and covenants not to sue the Citigroup-related entities listed on Schedule A hereto, together with each of their respective present and former officers, directors, employees, and direct and indirect affiliates, parents, subsidiaries, predecessors, successors, and assigns (collectively, the "<u>Citigroup Released Parties</u>"), for all claims the Litigation Trustee or Tribune brought or could have brought arising from or out of or relating to Tribune or Tribune's 2007 leveraged buyout (the "<u>LBO</u>") and all claims that could have been brought by Tribune, its subsidiaries, or by anyone suing derivatively on its behalf, of whatever kind or nature, whether known or unknown, suspected or unsuspected, asserted or unasserted, arising at law, in equity or otherwise, fixed or contingent, liquidated or unliquidated.  The releases set forth in this subparagraph 2.a.i are conditioned on the Citigroup Released Parties adopting and agreeing to the reciprocal release of the Litigation Trustee set forth in subparagraph 2.a.ii below.

ii.    The Citigroup Released Parties release and covenant not to sue the Litigation Trustee; all trusts and entities controlled by the Litigation Trustee; and the holders of interests in the Litigation Trust, for all claims of whatever kind or nature, whether known or unknown, suspected or unsuspected, asserted or unasserted, arising at law, in equity or otherwise, fixed or contingent, liquidated or unliquidated, that the Citigroup Released Parties brought or could have brought arising from or out of or relating to Tribune or the LBO. The foregoing release includes, but is not limited to, the withdrawal of any and all claims by the Citigroup Released Parties against the Tribune Debtors' estates, the Litigation Trust, or the Litigation Trustee.  The withdrawal of all such claims shall be deemed to have occurred, without further action, upon the releases in this subparagraph 2.a.ii becoming effective.

b.    Upon receipt of the Merrill Settlement Payment, the following releases shall be deemed effective:

i.    The Litigation Trustee releases and covenants not to sue the Merrill-related entities listed on Schedule A hereto, together with each of their respective

2

present and former officers, directors, employees, and direct and indirect affiliates (other than direct and indirect affiliates of BNP Paribas Prime Brokerage, Inc.), subsidiaries, predecessors, successors, and assigns (collectively, the "Merrill Released Parties"), for all claims the Litigation Trustee or Tribune brought or could have brought arising from or out of or relating to Tribune or Tribune's 2007 leveraged buyout (the "LBO") and all claims that could have been brought by Tribune, its subsidiaries, or by anyone suing derivatively on its behalf, of whatever kind or nature, whether known or unknown, suspected or unsuspected, asserted or unasserted, arising at law, in equity or otherwise, fixed or contingent, liquidated or unliquidated.  The releases set forth in this subparagraph 2.b.i are conditioned on the Merrill Released Parties adopting and agreeing to the reciprocal release of the Litigation Trustee set forth in subparagraph 2.b.ii below.

ii.  The Merrill Released Parties release and covenant not to sue the Litigation Trustee; all trusts and entities controlled by the Litigation Trustee; and the holders of interests in the Litigation Trust, for all claims of whatever kind or nature, whether known or unknown, suspected or unsuspected, asserted or unasserted, arising at law, in equity or otherwise, fixed or contingent, liquidated or unliquidated, that the Merrill Released Parties brought or could have brought arising from or out of or relating to Tribune or the LBO.  The foregoing release includes, but is not limited to, the withdrawal of any and all claims by the Merrill Released Parties against the Tribune Debtors' estates, the Litigation Trust, or the Litigation Trustee.  The withdrawal of all such claims shall be deemed to have occurred, without further action, upon the releases in this subparagraph 2.b.ii becoming effective.

c.  The releases set forth above exclude Valuation Research Corporation.

d.  No Party is releasing any right to enforce this Agreement.

e.  The Parties acknowledge that the releases set forth above encompass claims that may not be known to or suspected by them at the time this Agreement is made.  The Parties expressly agree to such releases and waive any and all rights they may have under Section 1542 of the California Civil Code and any other law of similar effect in any jurisdiction.

3.    Waiver of Contribution and Indemnification.  Citigroup and Merrill hereby release, waive, and covenant not to sue for contribution or indemnification from any person or source for all or part of the Citigroup Settlement Payment or the Merrill Settlement Payment or any fees or expenses incurred in defense of any of the litigation matters settled hereunder.  This paragraph 3 shall not apply to or otherwise affect any claims of Citigroup or Merrill against their insurers for the payment of the Citigroup Settlement Payment or the Merrill Settlement Payment or for the payment of attorneys' fees and costs incurred in the defense of the claims settled hereunder.  Citigroup and Merrill further acknowledge the bar order set forth in the Plan.

3

4.     <u>Court Approval and Bar Order</u>.

a.   As required by the Litigation Trust Agreement, the Litigation Trustee shall file in the Bankruptcy Court a motion (the "<u>Approval Motion</u>") to approve this settlement substantially in the form of the motion made to approve the settlement between Tribune and its former directors and officers approved by the Bankruptcy Court on July 2, 2019.  Citigroup and Merrill agree to support the Approval Motion and appear at any hearing or conference that may be scheduled in respect of the Approval Motion.

b.   The Parties shall jointly file in the District Court a motion for a bar order, substantially in the form of the order the District Court issued in connection with the settlement between Tribune and its former directors and officers, for the protection of Citigroup and Merrill from any claim for non-contractual indemnity or contribution by any person based on the continued assertion of any claim by the Litigation Trustee against such person arising out of the LBO.  If any objections are received to the motion for a bar order, the Parties shall jointly file a response or reply if permitted by the court.

d.   In the event the District Court does not enter the requested bar order, or to the extent any court declines to enforce the bar order, the Litigation Trustee agrees that its releases of Citigroup and Merrill hereunder provide for a reduction, to the extent of the pro rata share of Citigroup and Merrill, of the Litigation Trustee's damages recoverable against any non-settling defendant that is adjudicated to be a joint tortfeasor with Citigroup or Merrill, and accordingly the Litigation Trustee will reduce any claim against any non-settling defendant by the amount, if any, that reflects Citigroup's and Merrill's pro rata shares of liability as joint tortfeasors with the non-settling defendant, as determined by the trier of fact for the claim against the non-settling defendant.  For the avoidance of doubt, this Agreement is not and shall not be deemed or construed to be an admission or evidence that Citigroup or Merrill is a joint tortfeasor with any non-settling defendant or that Citigroup or Merrill shares any liability with any non-settling defendant.

5.     <u>Dismissal of Claims</u>.  Within five business days of the releases in paragraph 2 becoming effective, (a) the Litigation Trustee shall file in the District Court notices of dismissal of all claims against Citigroup and Merrill with prejudice and without costs or attorneys' fees to any Party; and (b) if a petition for certiorari is filed in the *FitzSimons* case, the Trustee will not include as respondents any of the persons or entities named as releasees in subparagraphs 2.a.i and 2.b.i. (or if such petition has already been filed, will dismiss such persons and entities as respondents).

6.     <u>Cooperation with Future Depositions</u>.  Citigroup and Merrill separately agree that, should its deposition be requested in connection with any non-settled claims against other defendants, it hereby authorizes its counsel to accept service of a subpoena and will make reasonable efforts to cooperate in scheduling such deposition.

3625014.5

7.    <u>Notices</u>.  Any notices or communications relating to this Agreement shall be in writing and sent by overnight mail to the Parties and by email to their counsel as listed below. Any Party may change its address for notices and communications by supplying all Parties with new contact information:

    a.    Litigation Trustee

        Marc S. Kirschner
        Kirschner Consulting Company
        1120 Park Avenue, Suite 18A
        New York, NY 10128

        Friedman Kaplan Seiler & Adelman LLP
        7 Times Square
        New York, NY 10036-6516
        Attn: Robert J. Lack and Jeffrey R. Wang
        rlack@fklaw.com
        jwang@fklaw.com

    b.  Citigroup

        Citigroup Global Markets Inc.
        c/o Christina Helburn
        388 Greenwich Street
        New York NY 10013
        christina.helburn@citi.com

        Paul, Weiss, Rifkind, Wharton & Garrison LLP
        1285 Avenue of the Americas
        New York, NY 10019-6064
        Attn: Andrew Gordon
        agordon@paulweiss.com

    c.  Merrill

        Merrill Lynch, Pierce, Fenner & Smith Incorporated
        c/o Jason S. Stone
        Associate General Counsel – Litigation
        Bank of America
        1540 Broadway, 26th Floor
        New York, NY 10036-4039
        jason.stone@bofa.com

O'Melveny & Myers LLP
7 Times Square
New York, NY 10036
Attn: Daniel L. Cantor
dcantor@omm.com

8.    <u>No Admission</u>.  This Agreement is being made with no admission of liability or wrongdoing or of the merits of any claim or defense.  This Agreement, and any and all negotiations, documents, and discussions associated with it, are not and shall not be deemed or construed to be an admission, adjudication, or evidence of any fault, violation of any statute or law, or of any liability or wrongdoing by any Party.

9.    <u>Confidentiality</u>.

a.    The non-public terms and conditions of this Agreement, the Agreement itself, and the non-public content and facts of any case-related or settlement communications, negotiations, mediations, and term sheets preceding it (the "<u>Confidential Information</u>") are and shall be kept strictly confidential, and the Parties, and counsel for the Parties, agree that, except in connection with seeking court approval of this Agreement or the associated Bar Order, in connection with periodic Litigation Trustee reports, in response to a subpoena, judicial order, or other valid governmental process, or as otherwise set forth herein, they will not disclose, publish, publicize, or disseminate, or cause to be disclosed, published, publicized, or disseminated, the Confidential Information.

b.    The Party receiving any such subpoena, process, or order shall give the other Party's counsel notice thereof within a reasonable time after receipt, and in any event within 15 business days, and give the other Party an opportunity to seek an appropriate protective order, make a motion to quash, or otherwise object thereto and seek judicial resolution thereof.  Neither Party shall have any obligation to spend money and/or oppose any such subpoena, process, or order, the receiving Party's sole obligation being to notify the other Party as provided for herein, except that in the event disclosure is required, the disclosing Party shall endeavor to produce the Confidential Information on a confidential basis, and upon the entry of a protective order, where possible.

c.    The provisions of this paragraph 9 shall not prevent either Party from disclosing the Confidential Information to any of their Litigation Trust board members, Litigation Trust beneficiaries, officers, directors, attorneys, accountants, or tax or financial advisors whom that Party retains for the purpose of obtaining professional or financial advice or services or to any governmental taxing authority; *provided, however,* that prior to disclosing the Confidential Information, the Party shall advise any such person to whom it intends to disclose the information (other than taxing authorities) that such information is confidential and may not be disclosed, published, publicized, or disseminated by such person, except to governmental taxing authorities or in response to a subpoena, judicial order, or other valid governmental process.

d.    Notwithstanding the foregoing, the Parties understand and agree that nothing in this paragraph 9 or this Agreement prohibits or limits any Party (or its attorney) from initiating communications directly with, responding to any inquiry from, volunteering information to, or

6

providing testimony before, the Securities and Exchange Commission, the U.S. Department of Justice, FINRA, any other self-regulatory organization, or any other governmental, law enforcement, or regulatory authority, regarding this Agreement and its underlying facts and circumstances or other Confidential Information, or any reporting of, investigation into, or proceeding regarding suspected violations of law, and that no Party is required to advise or seek permission from another Party before engaging in any such activity.

10.     Entire Agreement.  This Agreement constitutes the entire agreement of the Parties with respect to the subject matter contained herein, and supersedes all prior and contemporaneous negotiations and agreements, oral or written.  No representations, oral or written, are being relied upon by any Party in executing this Agreement other than the express representations contained in this Agreement.  There are no restrictions, agreements, promises, warranties, covenants, or undertakings between the Parties with respect to the subject matter herein other than those expressly set forth herein.

11.     Governing Law and Forum.  This Agreement shall be governed by the laws of the State of New York without reference to rules governing conflicts of law.  The Parties agree that any legal action arising out of or in connection with this Agreement shall be brought in federal court in New York County, New York (or if such court lacks jurisdiction, in state court in such county), and each Party accepts and submits himself or itself to the jurisdiction of such court with respect to any such action.

12.     Drafting.  The Parties jointly drafted this Agreement.  Any rule of law or any other statute or legal decision or common law principle that would require interpretation of any term or alleged ambiguity in this Agreement against the person or entity who drafted this Agreement is of no application and hereby is expressly waived and disclaimed and may not be utilized or relied upon by any of the Parties.

13.     Successors and Assigns.  This Agreement shall be binding on the Parties and their heirs, administrators, successors, and assigns.

14.     No Modification.  This Agreement may not be altered, modified, or amended except by written instrument signed by the Parties.

15.     Execution and Counterparts.  The Parties agree that (a) this Agreement may be executed in multiple counterparts, each of which shall be deemed to be and have the same force and effect of an original, and all of which taken together shall constitute and be construed as a single, binding instrument; and (b) a photocopied or PDF-scanned signature on this Agreement shall be as good as an original signature.  The Parties agree that this Agreement may be executed by counsel to each individual Party, with the effect of binding such Party to the Agreement.

16.     Authority.  The signatories to this Agreement represent and warrant that they have all necessary authority to execute this Agreement on behalf of their listed Party and to bind that Party to its terms.  Each Party represents and warrants that: (a) he or it has obtained all necessary approvals or authorizations required to consummate the covenants, releases, and conditions of this Agreement and to effectuate the resolution of all of the claims which are the subject of this Agreement (subject to Bankruptcy Court approval, pursuant to paragraph 4), and (b) he or it has

7

not and will not make any assignment or transfer of any of the claims to be released by that Party pursuant to this Agreement unless any such assignee or transferee agrees in writing to be bound in all respects by this Agreement.

ACCEPTED AND AGREED TO:

MARC S. KIRSCHNER, AS LITIGATION
TRUSTEE FOR THE TRIBUNE
LITIGATION TRUST

Kirschner Consulting Company
1120 Park Avenue, Suite 18A
New York, NY 10128
mskirschner@kirschnerconsulting.com

CITIGROUP GLOBAL MARKETS INC.

By: _____

    Andrew Gordon, Its Counsel
    Paul, Weiss, Rifkind, Wharton &
    Garrison LLP
    1285 Avenue of the Americas
    New York, NY 10019-6064
    agordon@paulweiss.com

MERRILL LYNCH, PIERCE, FENNER &
SMITH INCORPORATED

By: _____

    Daniel L. Cantor, Its Counsel
    O'Melveny & Myers LLP
    7 Times Square
    New York, NY 10036
    dcantor@omm.com

3625014.5

not and will not make any assignment or transfer of any of the claims to be released by that Party pursuant to this Agreement unless any such assignee or transferee agrees in writing to be bound in all respects by this Agreement.

ACCEPTED AND AGREED TO:

MARC S. KIRSCHNER, AS LITIGATION
TRUSTEE FOR THE TRIBUNE
LITIGATION TRUST

CITIGROUP GLOBAL MARKETS INC.

By: _____

_____
Kirschner Consulting Company
1120 Park Avenue, Suite 18A
New York, NY 10128
mskirschner@kirschnerconsulting.com

Andrew Gordon, Its Counsel
Paul, Weiss, Rifkind, Wharton &
Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
agordon@paulweiss.com

MERRILL LYNCH, PIERCE, FENNER &
SMITH INCORPORATED

By: _____

Daniel L. Cantor, Its Counsel
O'Melveny & Myers LLP
7 Times Square
New York, NY 10036
dcantor@omm.com

8

3625014.5

not and will not make any assignment or transfer of any of the claims to be released by that Party pursuant to this Agreement unless any such assignee or transferee agrees in writing to be bound in all respects by this Agreement.

ACCEPTED AND AGREED TO:

MARC S. KIRSCHNER, AS LITIGATION
TRUSTEE FOR THE TRIBUNE
LITIGATION TRUST

CITIGROUP GLOBAL MARKETS INC.

By: _____

_____
Kirschner Consulting Company
1120 Park Avenue, Suite 18A
New York, NY 10128
mskirschner@kirschnerconsulting.com

    Andrew Gordon, Its Counsel
    Paul, Weiss, Rifkind, Wharton &
    Garrison LLP
    1285 Avenue of the Americas
    New York, NY 10019-6064
    agordon@paulweiss.com

MERRILL LYNCH, PIERCE, FENNER &
SMITH INCORPORATED

By _____
    Daniel L. Cantor, Its Counsel
    O'Melveny & Myers LLP
    7 Times Square
    New York, NY 10036
    dcantor@omm.com

8

3625014.5

CONFIDENTIAL – Execution Copy

## Schedule A

### Citigroup Released Parties

Citigroup Global Markets Inc.

Citibank, National Association, in its Individual and Custodial Capacities

Citigroup Derivatives Markets Inc. a/k/a Citigroup Derivatives Markets Inc. (QCM Joint Account)

Citibank, N.A., solely in its capacity as Custodian for Prism Partners Offshore (but not the Prism Partners funds themselves)

Citi Canyon Ltd.

Canyon Capital Advisors LLC

CIBC Bank & Trust Company (Cayman) Ltd

Citi Golden Tree Ltd.

Equity Models—EFP (390 Greenwich St)

Citigroup (SBI Swaps)

Citibank NA Equity Derivatives

Stock Borrow (390 Greenwich St)

Convertibles Strategic Hold EQ Convertibles Middle Office (390 Greenwich St)

Securities Lending Ops Loan Collateral Account P&L 74878 (390 Greenwich St)

Citibank NA Equity Derivatives

Close, Program Guaranteed (390 Greenwich St)

Citibank, N.A., Custodian, Citibank Tax Shelter A/C/F Larry Townsend IRR

Citigroup Pension Plan Trust and its Trustee, The Bank of New York Mellon, in its capacity as Trustee thereof

Citigroup Securities Services, Inc.

Citigroup Global Markets Ltd.

Citicorp NA, Inc.

### Merrill Released Parties

Merrill Lynch, Pierce, Fenner & Smith Incorporated

Merrill Lynch Financial Markets, Inc. (Merrill Lynch Financial Market Equity Financing Group)

Merrill Lynch Financial Markets, Inc. (Merrill Lynch Financial Market Equity Financing Group – Single Stock)

Merrill Lynch Professional Clearing Corp.

Merrill Lynch Professional Clearing Corp. (Broker Dealer Reg T)

Merrill Lynch Professional Clearing Corp. (Customer Short (Reg T 1563-3))

Merrill Lynch Professional Clearing Corp. (PAX DIV)

Merrill Lynch Professional Clearing Corp. (Reorg Mandatory Processing A/C)

Merrill Lynch, Pierce, Fenner & Smith Incorporated (Merrill Lynch, Pierce, Fenner & Smith Incorporated f/k/a 1IA SPX1, a division of Banc of America Securities LLC)

Merrill Lynch, Pierce, Fenner & Smith Incorporated (SPX) (Merrill Lynch, Pierce, Fenner & Smith Incorporated f/k/a Banc of America Securities LLC (SPX Principal Strategy U.S. Shares Programs))

Merrill Lynch, Pierce, Fenner & Smith Incorporated f/k/a Banc of America Securities LLC

Merrill Lynch, Pierce, Fenner & Smith Incorporated, in its Individual and Custodial Capacities

ML Equity Index Trust, Merrill Lynch Trust Company, Trustee

ML Index 500 V.I. Fund

ML Large Capitalization in Merrill Lynch Trust Company

Bank of America (Glass Lewis Co.)

Bank of America (Structured Research)

Bank of America (f/k/a Merrill Lynch IQ)

Bank of America, National Association, as Successor-in-Interest to LaSalle Bank N.A.

Bank of America, National Association, as Successor-in-Interest to U.S. Trust Co., N.A.

Bank of America, National Association (GWIM Trust Operations)

Bank of America, National Association

BNP Paribas Prime Brokerage, Inc.

Forrestal Funding Master Trust, Wilmington Trust Co., Eric Sieke, Trustees

Wilmington Trust Co. as Owner and Trustee of Forrestal Funding Master Trust