**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br>TRIBUNE MEDIA COMPANY[1] (f/k/a Tribune Company), <br><br>        Reorganized Debtor. | Chapter 11 <br><br> Case No. 08-13141 (BLS) (Bankr. D. Del.) <br><br>(Jointly Administered) |
| THIS DOCUMENT RELATES TO: <br><br>In re TRIBUNE COMPANY FRAUDULENT CONVEYANCE LITIGATION | <br><br>Case No. 11 md 2296 (DLC) (S.D.N.Y.) <br><br> Case No. 12 mc 2296 (DLC) (S.D.N.Y.) |
| MARC S. KIRSCHNER, as Litigation Trustee for the TRIBUNE LITIGATION TRUST, <br><br>        Plaintiff, <br><br> - against - <br><br>DENNIS J. FITZSIMONS, <u>et al</u>., <br><br>        Defendants. | <br><br><br> Case No. 12 cv 2652 (DLC) (S.D.N.Y.) |

**DECLARATION OF ROBERT J. LACK IN SUPPORT OF THE
LITIGATION TRUSTEE'S MOTION FOR AN ORDER APPROVING
<u>SETTLEMENT WITH VALUATION RESEARCH CORPORATION</u>**

ROBERT J. LACK, an attorney in good standing, duly licensed to practice law before the courts of the State of New York, hereby declares under the penalty of perjury as follows:

1.    I am a partner at Friedman Kaplan Seiler & Adelman LLP, co-counsel to Marc. S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust (the "<u>Litigation Trustee</u>"), and submit this declaration in support of the Litigation Trustee's motion (the "<u>Motion</u>") for entry of an order authorizing the Litigation Trustee to settle his claims against Valuation Research Corporation ("<u>VRC</u>") in the above-captioned adversary proceeding, presently or previously

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the entity's federal tax identification number, is: Tribune Media Company (0355). The corporate headquarters and the mailing address for the Reorganized Debtor is 545 E. John Carpenter Freeway, Suite 700, Irving, TX 75062.

3630858.3

pending in the United States District Court for the Southern District of New York (the "District Court"), pursuant to that certain Settlement Agreement and Release, dated November 22, 2021, attached hereto as Exhibit 1 and described below. I submit this declaration based upon my own personal knowledge and other information available to me as co-counsel to the Litigation Trustee.

2. Following the Second Circuit's August 20, 2021 opinion in these proceedings, the Litigation Trustee engaged in settlement negotiations with VRC. The negotiations were adversarial and at arm's length, and the final terms of the settlement with VRC were agreed to only after several rounds of settlement demands and offers had been exchanged between the two sides.

3. Among other things, the settlement that is the subject of the Motion (the "Settlement") will release the Trustee's claims against VRC in exchange for a payment of $750,000 from VRC within five business days of a final non-appealable order by this Court approving the Settlement.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 23, 2021.

_____
Robert J. Lack

# EXHIBIT 1

CONFIDENTIAL – Execution Copy

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into as of November 22, 2021 by and between Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust (the "Litigation Trustee") established under the Litigation Trust Agreement in connection with the Fourth Amended Joint Plan of Reorganization (the "Plan") for Tribune Company ("Tribune") and Its Subsidiaries, confirmed by order of the U.S. Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") dated July 23, 2012, and Valuation Research Corporation ("VRC," and together with the Litigation Trustee, the "Parties").

WHEREAS, VRC was named as a defendant in Counts 16, 17, 18, and 31 of the Fifth Amended Complaint (the "*FitzSimons* Complaint") filed by the Litigation Trustee in *Kirschner v. FitzSimons*, No. 12-CV-2652 (DLC), pending in the U.S. District Court for the Southern District of New York (the "District Court");

WHEREAS, the *FitzSimons* Complaint was dismissed by the District Court by judgment entered on June 13, 2019;

WHEREAS, on August 20, 2021, the U.S. Court of Appeals for the Second Circuit vacated the dismissal of the actual fraudulent conveyance claim in Count 18 of the *FitzSimons* Complaint and remanded that claim to the District Court, and otherwise affirmed the dismissal of all other claims in the *FitzSimons* Complaint against VRC;

WHEREAS, the time for a petition for certiorari to the U.S. Supreme Court has not yet expired as to the dismissed claims; and

WHEREAS, the Litigation Trustee and VRC have agreed to settle the Litigation Trustee's claims against VRC on the terms and conditions set forth herein, in order to avoid the expense and uncertainty of litigation and without admitting the validity of the other's claims or defenses;

NOW, THEREFORE, in consideration of the mutual promises, covenants, and agreements set forth herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties covenant and agree as follows:

1. <u>Payment to Litigation Trustee</u>. Within five business days of a final non-appealable order by the Bankruptcy Court approving this Agreement, VRC shall cause to be paid to the Litigation Trustee a sum total of $750,000 (the "VRC Settlement Payment"), which payment shall be made by wire transfer using the following payment instructions:

> Beneficiary Bank: Evolve Bank and Trust
> ABA: 084106768
> Account Number: ███████
> Beneficiary Name: Prime Clerk Tribune Settlement Account

An order of the Bankruptcy Court approving this Agreement shall be deemed final and non-appealable when entered if the motion pursuant to which the order was entered was not objected to or if any objection made was withdrawn.

3630591.2

2. <u>Releases</u>.

   a. Upon receipt of the VRC Settlement Payment, the following releases shall be deemed effective:

      i. The Litigation Trustee releases and covenants not to sue VRC, together with and in addition to each of its respective present and former officers, directors, employees, and direct and indirect affiliates, parents, subsidiaries, predecessors, successors, assigns, and insurers (collectively, the "<u>VRC Released Parties</u>"), for all claims the Litigation Trustee or Tribune brought or could have brought arising from or out of or relating to Tribune or Tribune's 2007 leveraged buyout (the "<u>LBO</u>") and all claims that could have been brought by Tribune, its subsidiaries, or by anyone suing derivatively on its behalf, of whatever kind or nature, whether known or unknown, suspected or unsuspected, asserted or unasserted, arising at law, in equity or otherwise, fixed or contingent, liquidated or unliquidated. The releases set forth in this subparagraph 2.a.i are conditioned on the VRC Released Parties adopting and agreeing to the reciprocal release of the Litigation Trustee set forth in subparagraph 2.a.ii below.

      ii. The VRC Released Parties release and covenant not to sue the Litigation Trustee, all trusts and entities controlled by the Litigation Trustee, and the holders of interests in the Litigation Trust, for all claims of whatever kind or nature, whether known or unknown, suspected or unsuspected, asserted or unasserted, arising at law, in equity or otherwise, fixed or contingent, liquidated or unliquidated, that the VRC Released Parties brought or could have brought arising from or out of or relating to Tribune or the LBO. The foregoing release includes, but is not limited to, the withdrawal of any and all claims by the VRC Released Parties against the Tribune Debtors' estates, the Litigation Trust, or the Litigation Trustee. The withdrawal of all such claims shall be deemed to have occurred, without further action, upon the releases in this subparagraph 2.a.ii becoming effective. In addition, the releases set forth in this subparagraph 2.a.ii are conditioned on the Litigation Trustee adopting and agreeing to the reciprocal release of the VRC Released Parties set forth in subparagraph 2.a.i above.

   b. The releases set forth above exclude Citigroup Global Markets Inc. and Merrill Lynch, Pierce, Fenner & Smith Incorporated.

   c. No Party is releasing any right to enforce this Agreement.

   d. The Parties acknowledge that the releases set forth above encompass claims that may not be known to or suspected by them at the time this Agreement is made. The Parties expressly agree to such releases and waive any and all rights they may have under Section 1542 of the California Civil Code and any other law of similar effect in any jurisdiction.

3. <u>Waiver of Contribution and Indemnification</u>.  VRC hereby releases, waives, and covenants not to sue for contribution or indemnification from any person or source for all or part of the VRC Settlement Payment or any fees or expenses incurred in defense of any of the litigation matters settled hereunder.  This paragraph 3 shall not apply to or otherwise affect any claims of VRC against its insurers for the payment of the VRC Settlement Payment or for the payment of attorneys' fees and costs incurred in the defense of the claims settled hereunder.  VRC further acknowledges the bar order set forth in the Plan.

4. <u>Court Approval and Bar Order</u>.

   a. As required by the Litigation Trust Agreement, the Litigation Trustee shall file in the Bankruptcy Court a motion (the "<u>Approval Motion</u>") to approve this settlement substantially in the form of the motion made to approve the settlement between Tribune and its former directors and officers approved by the Bankruptcy Court on July 2, 2019.  VRC agrees to support the Approval Motion and appear at any hearing or conference that may be scheduled in respect of the Approval Motion.

   b. The Parties shall jointly file in the District Court a motion for a bar order, substantially in the form of the order the District Court issued in connection with the settlement between Tribune and its former directors and officers, for the protection of VRC from any claim for non-contractual indemnity or contribution by any person based on the continued assertion of any claim by the Litigation Trustee against such person arising out of the LBO.  If any objections are received to the motion for a bar order, the Parties shall jointly file a response or reply if permitted by the court.

   d. In the event the District Court does not enter the requested bar order, or to the extent any court declines to enforce the bar order, the Litigation Trustee agrees that its release of VRC hereunder provides for a reduction, to the extent of the pro rata share of VRC, of the Litigation Trustee's damages recoverable against any non-settling defendant that is adjudicated to be a joint tortfeasor with VRC, and accordingly the Litigation Trustee will reduce any claim against any non-settling defendant by the amount, if any, that reflects VRC's pro rata share of liability as a joint tortfeasor with the non-settling defendant, as determined by the trier of fact for the claim against the non-settling defendant.  For the avoidance of doubt, this Agreement is not and shall not be deemed or construed to be an admission or evidence that VRC is a joint tortfeasor with any non-settling defendant or that VRC shares any liability with any non-settling defendant.

5. <u>Dismissal of Claims</u>.  Within three business days of the releases in paragraph 2 becoming effective, (a) the Litigation Trustee shall file in the District Court a notice of dismissal of all claims against VRC with prejudice and without costs or attorneys' fees to any Party; and (b) if a petition for certiorari is filed in the *FitzSimons* case, the Trustee will not include as respondents any of the persons or entities named as releasees in subparagraphs 2.a.i (or if such petition has already been filed, will dismiss such persons and entities as respondents).

6. <u>Cooperation with Future Depositions</u>.  VRC separately agrees that, should its deposition be requested in connection with any non-settled claims against other defendants, it

hereby authorizes its counsel to accept service of a subpoena and will make reasonable efforts to cooperate in negotiating the occurrence, scope, and/or schedule of any such deposition.

7. <u>Notices</u>.  Any notices or communications relating to this Agreement shall be in writing and sent by overnight mail to the Parties and by email to their counsel as listed below.  Any Party may change its address for notices and communications by supplying all Parties with new contact information:

    a. Litigation Trustee

        Marc S. Kirschner
        Kirschner Consulting Company
        1120 Park Avenue, Suite 18A
        New York, NY 10128

        Friedman Kaplan Seiler & Adelman LLP
        7 Times Square
        New York, NY 10036-6516
        Attn: Robert J. Lack and Jeffrey R. Wang
        rlack@fklaw.com
        jwang@fklaw.com

    b. VRC

        Jamie Truog, Managing Director and COO
        330 East Kilbourn Avenue, Suite 1425
        Milwaukee, WI 53202
        jtruog@valuationresearch.com

        Winston & Strawn LLP
        200 Park Avenue
        New York, NY 10166-4193
        Attn: George E. Mastoris
        gmastoris@winston.com

8. <u>No Admission</u>.  This Agreement is being made with no admission of liability or wrongdoing or of the merits of any claim or defense.  This Agreement, and any and all negotiations, documents, and discussions associated with it, are not and shall not be deemed or construed to be an admission, adjudication, or evidence of any fault, violation of any statute or law, or of any liability or wrongdoing by any Party.

9. <u>Confidentiality</u>.

    a. The non-public terms and conditions of this Agreement, the Agreement itself, and the non-public content and facts of any case-related or settlement communications, negotiations, mediations, and term sheets preceding it (the "<u>Confidential Information</u>") are and shall be kept strictly confidential, and the Parties, and counsel

4

for the Parties, agree that, except in connection with seeking court approval of this Agreement or the associated Bar Order, in connection with periodic Litigation Trustee reports, in response to a subpoena, judicial order, or other valid governmental process, or as otherwise set forth herein, they will not disclose, publish, publicize, or disseminate, or cause to be disclosed, published, publicized, or disseminated, the Confidential Information.

b. The Party receiving any such subpoena, process, or order shall give the other Party's counsel notice thereof within a reasonable time after receipt, and in any event within 15 business days, and give the other Party an opportunity to seek an appropriate protective order, make a motion to quash, or otherwise object thereto and seek judicial resolution thereof. Neither Party shall have any obligation to spend money and/or oppose any such subpoena, process, or order, the receiving Party's sole obligation being to notify the other Party as provided for herein, except that in the event disclosure is required, the disclosing Party shall endeavor to produce the Confidential Information on a confidential basis, and upon the entry of a protective order, where possible.

c. The provisions of this paragraph 9 shall not prevent either Party from disclosing the Confidential Information to any of their Litigation Trust board members, Litigation Trust beneficiaries, officers, directors, attorneys, accountants, or tax or financial advisors whom that Party retains for the purpose of obtaining professional or financial advice or services or to any of its insurers or any governmental taxing authority; *provided, however,* that prior to disclosing the Confidential Information, the Party shall advise any such person to whom it intends to disclose the information (other than taxing authorities) that such information is confidential and may not be disclosed, published, publicized, or disseminated by such person, except to governmental taxing authorities or in response to a subpoena, judicial order, or other valid governmental process.

d. Notwithstanding the foregoing, the Parties understand and agree that nothing in this paragraph 9 or this Agreement prohibits or limits any Party (or its attorney) from initiating communications directly with, responding to any inquiry from, volunteering information to, or providing testimony before, the Securities and Exchange Commission, the U.S. Department of Justice, FINRA, any other self-regulatory organization, or any other governmental, law enforcement, or regulatory authority, regarding this Agreement and its underlying facts and circumstances or other Confidential Information, or any reporting of, investigation into, or proceeding regarding suspected violations of law, and that no Party is required to advise or seek permission from another Party before engaging in any such activity.

10. <u>Entire Agreement</u>.  This Agreement constitutes the entire agreement of the Parties with respect to the subject matter contained herein, and supersedes all prior and contemporaneous negotiations and agreements, oral or written.  No representations, oral or written, are being relied upon by any Party in executing this Agreement other than the express representations contained in this Agreement.  There are no restrictions, agreements, promises,

5

3630591.2

warranties, covenants, or undertakings between the Parties with respect to the subject matter herein other than those expressly set forth herein.

11. <u>Governing Law and Forum</u>.  This Agreement shall be governed by the laws of the State of New York without reference to rules governing conflicts of law.  The Parties agree that any legal action arising out of or in connection with this Agreement shall be brought in federal court in New York County, New York (or if such court lacks jurisdiction, in state court in such county), and each Party accepts and submits himself or itself to the jurisdiction of such court with respect to any such action.

12. <u>Drafting</u>.  The Parties jointly drafted this Agreement.  Any rule of law or any other statute or legal decision or common law principle that would require interpretation of any term or alleged ambiguity in this Agreement against the person or entity who drafted this Agreement is of no application and hereby is expressly waived and disclaimed and may not be utilized or relied upon by any of the Parties.

13. <u>Successors and Assigns</u>.  This Agreement shall be binding on the Parties and their heirs, administrators, successors, and assigns.

14. <u>No Modification</u>.  This Agreement may not be altered, modified, or amended except by written instrument signed by the Parties.

15. <u>Execution and Counterparts</u>.  The Parties agree that (a) this Agreement may be executed in multiple counterparts, each of which shall be deemed to be and have the same force and effect of an original, and all of which taken together shall constitute and be construed as a single, binding instrument; and (b) a photocopied or PDF-scanned signature on this Agreement shall be as good as an original signature.  The Parties agree that this Agreement may be executed by counsel to each Party, with the effect of binding such Party to the Agreement.

16. <u>Authority</u>.  The signatories to this Agreement represent and warrant that they have all necessary authority to execute this Agreement on behalf of their listed Party and to bind that Party to its terms.  Each Party represents and warrants that: (a) he or it has obtained all necessary approvals or authorizations required to consummate the covenants, releases, and conditions of this Agreement and to effectuate the resolution of all of the claims which are the subject of this Agreement (subject to Bankruptcy Court approval, pursuant to paragraph 4), and (b) he or it has not and will not make any assignment or transfer of any of the claims to be released by that Party pursuant to this Agreement unless any such assignee or transferee agrees in writing to be bound in all respects by this Agreement.

*[signature page follows]*

ACCEPTED AND AGREED TO:

| MARC S. KIRSCHNER, AS LITIGATION TRUSTEE FOR THE TRIBUNE LITIGATION TRUST | VALUATION RESEARCH CORPORATION |
|---|---|
| *[signed]* Marc S. Kirschner, Trustee <br> Kirschner Consulting Company <br> 1120 Park Avenue, Suite 18A <br> New York, NY 10128 <br> mskirschner@kirschnerconsulting.com | By: _____ <br> George E. Mastoris, Its Counsel <br> Winston & Strawn LLP <br> 200 Park Avenue <br> New York, NY 10166-4193 <br> gmastoris@winston.com |

7

3630591.2

ACCEPTED AND AGREED TO:

| | |
|---|---|
| MARC S. KIRSCHNER, AS LITIGATION TRUSTEE FOR THE TRIBUNE LITIGATION TRUST | VALUATION RESEARCH CORPORATION |

By: _____
George E. Mastoris, Its Counsel
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193
gmastoris@winston.com

_____
Kirschner Consulting Company
1120 Park Avenue, Suite 18A
New York, NY 10128
mskirschner@kirschnerconsulting.com