# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE MEDIA COMPANY,[1]<br>(f/k/a Tribune Company)<br><br>                    Reorganized Debtor. | Chapter 11<br><br>Case No. 08-13141 (BLS)<br><br>(Jointly Administered)<br><br>Hearing Date: December 15, 2021 at 11:00 a.m. (ET)<br>Obj. Deadline: December 8, 2021 at 4:00 p.m. (ET) |

## LITIGATION TRUSTEE'S MOTION FOR AN ORDER FURTHER EXTENDING THE DEADLINE TO OBJECT TO CLAIMS

Marc S. Kirschner, Litigation Trustee (the "Litigation Trustee") for the Tribune Litigation Trust (the "Litigation Trust"), by and through his undersigned counsel, hereby submits this Motion (the "Motion") for the entry of an order, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and section 8.1 of the Plan (as defined below), further extending the deadline established under the Plan for the Litigation Trust to object to Claims.[2] In support of this Motion, the Litigation Trustee respectfully represents as follows:

### STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors' chapter 11 cases were consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket Nos. 43, 2333].

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the entity's federal tax identification number, is: Tribune Media Company (0355). The corporate headquarters and the mailing address for the Reorganized Debtor is 545 E. John Carpenter Freeway, Suite 700, Irving, TX 75062.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.
{963.001-W0066455.}

3. On July 23, 2012, the Court entered an order [Docket No. 12074] (the "Confirmation Order") confirming the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 12072] (the "Plan").

4. The Effective Date of the Plan occurred on December 31, 2012.

5. The Court has entered final decrees closing all of the Debtors' chapter 11 cases other than the instant case as "fully administered" under section 350 of the Bankruptcy Code and Bankruptcy Rule 3022. See Docket Nos. 14078, 14135, 14255, 14303, 14652, 14773.

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, which jurisdiction was retained pursuant to Article IX of the Confirmation Order and Section 12.1 of the Plan. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9006.

7. Section 8.1 of the Plan provides that "[u]nless otherwise ordered by the Bankruptcy Court, the Reorganized Debtors and/or the Litigation Trustee shall serve and file any objections to Claims and Interests as soon as practicable, but in no event later than (a) two hundred ten (210) days after the Effective Date or (b) such later date as may be determined by the Bankruptcy Court upon a motion which may be made without further notice or hearing." Plan § 8.1.

8. The period within which the Litigation Trustee may object to Claims was initially set to expire on July 29, 2013. Since then, the Court entered orders further extending the objection deadline [Docket Nos. 13849, 13957, 14056, 14082, 14200, 14304, 14327, 14363, 14406, 14456, 14494, 14572, 14635, 14705, 14746 & 14790]. The deadline by which the Litigation Trustee may

object to Claims currently is through December 31, 2021 (the "Current Claims Objection Deadline").

## RELIEF REQUESTED

9. By this Motion, the Litigation Trustee joins the motion by the Reorganized Debtors, filed on November 30, 2021 [Docket No. 14826] (the "Debtor Motion"), in requesting that the Court enter an order further extending the Current Claims Objection Deadline for the Reorganized Debtors and the Litigation Trustee by approximately six (6) months, through and including July 1, 2022. The Litigation Trustee further requests that the extension proposed herein be without prejudice to the Litigation Trustee's rights to seek further extensions of the Objection Deadline beyond July 1, 2022.

## BASIS FOR RELIEF REQUESTED

10. As set forth above, Section 8.1 of the Plan provides that the Current Claims Objection Deadline may be extended by order of this Court.

11. Additionally, section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Bankruptcy Rule 9006(b)(1) further provides, in pertinent part, that:

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b)(1).[3] As discussed below, good and sufficient cause exists to extend the

---

[3] Pursuant to Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the filing of this Motion prior to the expiration of the Current Claims Objection Deadline shall automatically extend such deadline until the Court acts on this Motion without the necessity for the entry of a bridge order.

{963.001-W0066455.}   3

Current Claims Objection Deadline.

12. Pursuant to the Plan,

> [t]o the extent that any Person has either (i) an Allowed Other Parent Claim against Tribune, (ii) an Allowed General Unsecured Claim against any of the Filed Subsidiary Debtors or (iii) a valid and enforceable claim against any other direct or indirect subsidiary of the Debtors, in each case for (a) indemnification, reimbursement, contribution or claims pursuant to Bankruptcy Code section 502(h), and (b) arising from or relating to the assertion of any claim or cause of action by the Litigation Trust or the Litigation Trustee against such Person or any of its Related Persons, such Allowed Claim shall be setoff against any recovery by the Litigation Trust against such Person.

Plan § 7.11.2. Section 7.11.2 also expressly authorizes the Litigation Trustee to object to any such indemnification, reimbursement, contribution, or Bankruptcy Code section 502(h) claims ("Setoff Claims").

13. The Litigation Trustee, as successor in interest to the Official Committee of Unsecured Creditors of Tribune Company (the "Committee"), objected to certain creditor claims, including the avoidance of Debtor indemnification obligations pursuant to Bankruptcy Code sections 547, 548, and 550. See, e.g. Fifth Amended Complaint, Kirschner v. FitzSimons, No. 12-cv-2652 (S.D.N.Y. Nov. 8, 2012) [Docket No. 2701] at ¶¶ 599-604, 625-634, 649-653. Objections to claims raised in an adversary proceeding are proper. See, e.g. In re Sims, 278 B.R. 457, 467 (Bankr. E.D. Tenn. 2002) ("The fact that the objections were raised in the context of an adversary proceeding rather than as a contested matter does not render the objections invalid.") (citing Fed. R. Bankr. P. 3007). Additionally, several additional actions belonging to the Litigation Trust were consolidated with and transferred to the multidistrict litigation currently pending in the Southern District of New York. See Conditional MDL Transfer Oder, No. 11-md-2296 (S.D.N.Y. May 21, 2013) [Docket No. 2532]; Transfer Order, 11-md-2296 (S.D.N.Y. Aug. 3, 2012) [Docket No. 1015]. The Litigation Trustee filed amended claims in most of these actions, asserting the

avoidance of indemnification claims pursuant to sections 548 and 550 of the Bankruptcy Code. See, e.g., Kirschner v. Ehlmann, No. 13-cv-03743 (S.D.N.Y. Dec. 5, 2013) [Docket No. 14].

14. On January 23, 2019, the District Court issued two decisions dismissing certain of the aforementioned indemnification avoidance claims and sustaining certain other of the aforementioned indemnification avoidance claims. See Opinion & Order, 11-md-2296 (S.D.N.Y. Jan. 23, 2019) [Docket No. 7738] at 94-95; Order, 11-md-2296 (S.D.N.Y. Jan. 23, 2019) [Docket No. 7739]. The Litigation Trustee entered into a settlement agreement dated May 16, 2019 that settled many, but not all, of the aforementioned indemnification avoidance claims, which settlement this Court approved on July 2, 2019, see Docket No. 14565, and the Litigation Trustee has subsequently settled certain additional remaining indemnification avoidance claims. The Litigation Trustee also appealed the District Court's dismissal to the Second Circuit, which entered an opinion and judgment on August 20, 2021, affirming the dismissal of certain claims, and vacating the dismissal of certain other claims, and remanding the case to the District Court. See In re Tribune Co. v. Fraudulent Conveyance Litig., No. 19-3049 (2d Cir. Aug. 20, 2021) at Docket No. 321. Following the Second Circuit's ruling, the Litigation Trustee entered into a settlement with Citigroup, Merrill Lynch, and related entities, which this Court approved, [Docket No. 14820], and filed a motion seeking approval of a settlement with Valuation Research Corporation [Docket No. 14823]. Nevertheless, the period for the Litigation Trustee to file a petition for writ of certiorari respecting the Second Circuit decision remains open, and the Litigation Trustee intends to petition for review of certain portions of the Second Circuit decision that affirmed the dismissal of the Trust's claims. It will not be known whether the petition will be granted for several months, and, if granted, it is highly unlikely that the appeal would be resolved until 2023. To the extent any defendants in the Litigation Trustee actions have asserted Setoff Claims against the Debtors or attempt to assert future Setoff Claims against the Litigation Trust upon answering

or otherwise, the Litigation Trustee intends to object to such claims.[4] The Litigation Trustee therefore submits that extending the Current Claims Objection Deadline is essential and in the best interests of the Litigation Trust, so that the Litigation Trustee has sufficient time to pursue any necessary objections, either within the context of its already filed adversary actions upon remand or as ordinary claim objections.

15. For the foregoing reasons, and for the additional reasons enumerated in the Debtor Motion, the Litigation Trustee joins the Reorganized Debtors' request that the Court enter an order extending the Current Claims Objection Deadline through and including July 1, 2022 without prejudice to the Litigation Trustee's rights to seek further extensions of such deadline.

## NOTICE

16. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the D&O Defendants (as defined in ¶ 48 of the Fifth Amended Complaint, Kirschner v. FitzSimons, No. 12-cv-2652 (S.D.N.Y. Aug. 2, 2013) [Docket No. 1052]); (iii) the insider defendants (identified in the actions transferred in Conditional MDL Transfer Order, 11-md-2296 (S.D.N.Y. May 21, 2013) [Docket No. 2532]); and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-l(b). In light of the nature of the relief requested herein, as well as the relief requested in the Debtor Motion, the Litigation Trustee submits that no other or further notice is necessary.

WHEREFORE the Litigation Trustee respectfully requests the entry of an order (i) extending the Claims Objection Deadline through and including July 1, 2022, without prejudice to the Litigation Trustee's rights to seek further extensions of such deadline, and (ii) granting such other and further relief as the Court deems just and proper.

---

[4] For the avoidance of doubt, the Litigation Trustee disputes that any new Setoff Claims can be asserted at this time.

{963.001-W0066455.}                                6

| | |
|---|---|
| Dated: December 1, 2021<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Richard S. Cobb*<br>Richard S. Cobb (No. 3157)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>Email: cobb@lrclaw.com<br><br>-and-<br><br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>David M. Zensky<br>Mitchell Hurley<br>One Bryant Park<br>New York, NY 10036<br>Telephone: (212) 872-1000<br>Facsimile: (212) 872-1002<br>Email: dzensky@akingump.com<br>        mhurley@akingrump.com<br><br>*Counsel to the Litigation Trustee* |