**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| TRIBUNE MEDIA COMPANY,[1] (f/k/a Tribune Company) | Case No. 08-13141 (BLS) |
| Reorganized Debtor. | (Jointly Administered) |
| | **Hearing Date: April 20, 2022 at 10:30 a.m. (ET)** **Obj. Deadline: April 13, 2022 at 4:00 p.m. (ET)** |

**LITIGATION TRUSTEE'S MOTION FOR AN ORDER**
**AUTHORIZING THE LITIGATION TRUSTEE TO AMEND**
**ARTICLE 9.2 OF THE TRIBUNE LITIGATION TRUST AGREEMENT**

Marc S. Kirschner, Litigation Trustee (the "Litigation Trustee") for the Tribune Litigation Trust (the "Litigation Trust"), by and through his undersigned counsel, hereby submits this Motion (the "Motion") for the entry of an order, pursuant to Article 10 of the Litigation Trust Agreement[2] (the "Litigation Trust Agreement"), authorizing Litigation Trustee to amend Article 9.2 of the Litigation Trust Agreement.[3]

**JURISDICTION**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, which jurisdiction was retained pursuant to Article IX of the Confirmation Order (as defined below) and section 12.1 of the Plan (as defined below). This is a core proceeding pursuant to 28

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the entity's federal tax identification number, is: Tribune Media Company (0355). The corporate headquarters and the mailing address for the Reorganized Debtor is 545 E. John Carpenter Freeway, Suite 700, Irving, TX 75062.

[2] A copy of the Litigation Trust Agreement, in substantially final form, was appended as Attachment V to the Plan (as defined below). The Litigation Trust Agreement became effective on December 31, 2012.

[3] Terms utilized but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

U.S.C. § 157(b)(2). Venue is proper in this court pursuant to 28 U.S.C. §§ 1408 and 1409. The

statutory predicate for the relief requested herein is section 105(a) of the Bankruptcy Code.

## BACKGROUND

2.      On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and

certain of its subsidiaries (collectively, the "Debtors") each filed a voluntary petition for relief

under chapter 11 of the Bankruptcy Code.

3.      The Debtors' chapter 11 cases were consolidated for procedural purposes only and

have been jointly administered pursuant to Bankruptcy Rule 1015(b) [ECF Nos. 43, 2333].  The

Court has since entered final decrees closing all of the Debtors' chapter 11 cases other than the

instant case as "fully administered" under section 350 of the Bankruptcy Code and Bankruptcy

Rule 3022 [ECF Nos. 14078, 14135, 14255, 14303, 14652, 14773].

4.      On July 23, 2012, the Court entered an order [ECF No. 12074] (the "Confirmation

Order") confirming the Fourth Amended Joint Plan of Reorganization for Tribune Company and

Its Subsidiaries [ECF No. 12072] (the "Plan"). The Effective Date of the Plan occurred on

December 31, 2012 [ECF No. 12939].

5.      The Litigation Trust was established pursuant to (i) Article XIII of the Plan and (ii)

the Litigation Trust Agreement, in order to pursue Preserved Causes of Action (as defined in the

Plan).

6.      After the Plan became effective, the Litigation Trustee succeeded the official

committee of unsecured creditors as plaintiff in certain actions that had been consolidated in the

multi-district litigation pending before the United States District Court for the Southern District of

New York (the "MDL").[4] *See* Memo Endorsement on Notice of Substitution of Party, Counsel, and Liaison Counsel [MDL ECF No. 2179]. On April 26, 2017, a Master Protective Order was issued in the MDL [MDL ECF No. 6966] (the "MDL Protective Order").

7.      The MDL Protective Order provides, in relevant part, that "[w]ithin 90 days following the closing of all of the MDL Actions and related proceedings, including any appeals, each recipient of Confidential Information or Highly Confidential Information shall destroy or redact all such information (other than information that has been admitted into evidence or has otherwise become public without violation of this Order), including, without limitation, all documents, reports, and exhibits provided by or on behalf of the producing party or nonparty and all working papers, notes, analyses, compilations, studies, or other documents containing any such information or extracts therefrom." MDL Protective Order ¶ 10.

8.      Since its substitution as plaintiff to pursue Preserved Causes of Action, the Litigation Trustee has pursued its claims and provided updates regarding the litigation as part of the reports routinely filed on this Court's docket. On February 22, 2022, the Supreme Court of the United States denied the Litigation Trustee's petition for *certiorari* with respect to the last of the remaining Preserved Causes of Action, *see Kirschner v. FitzSimons, et al.*, 595 U.S. ____ (Feb. 22, 2022). The Preserved Causes of Action have now been resolved with finality.

9.      On March 24, 2022, the Litigation Trust Advisory Board voted to terminate and dissolve the Litigation Trust effective April 30, 2022, at which point the Litigation Trustee will continue to act for the sole purpose of liquidating and winding up its affairs, pursuant to Article 9.2 of the Litigation Trust Agreement.

---

[4] *In re: Tribune Company Fraudulent Conveyance Litig.*, No. 1:11-md-02296 (S.D.N.Y.).  The MDL docket is cited herein as "[MDL ECF No. •]".

10.     On March 24, 2022, the Litigation Trust Advisory Board also voted to amend the

Litigation Trust Agreement, in order to make clear that the Litigation Trustee may direct the

destruction of documents as required by the MDL Protective Order, as set forth in the following

edits to Article 9.2 of the Litigation Trust Agreement, showing additions in bold and deletions

struck:

> 9.2 <u>Continuance of the Litigation Trustee for Winding Up.</u>
>
> After the termination of the Litigation Trust and for the purpose of liquidating and winding up the affairs of the Litigation Trust, the Litigation Trustee shall continue to act as such until the Litigation Trustee's duties have been fully performed. Prior to the final distribution of all of the remaining Litigation Trust Assets and upon approval of the Litigation Trust Advisory Board, the Litigation Trustee shall be entitled to reserve from such assets any and all amounts required to provide for the Litigation Trustee's own costs and expenses in accordance with Section 3.11 herein until such time as the winding up of the Litigation Trust is completed. Upon termination of the Litigation Trust, subject to the terms and conditions contained in the LT Confidentiality and Common Interest Agreement, the Litigation Trustee shall retain for a period of two (2) years, as a cost of administering the Litigation Trust, the books, records, Litigation Trust Beneficiary lists, the Trust Register, and certificates and other documents and files that have been delivered to or created by the Litigation Trustee **concerning the Litigation Trust Beneficiaries;** *provided however* **that the Litigation Trust may destroy all documents required to be destroyed pursuant to the Master Protective Order,** *In re Tribune Co. Fraudulent Conveyance Litigation***, No. 11-md-2296 (S.D.N.Y.) [ECF No. 6966] ("<u>MDL Protective Order</u>"), at such time as the Litigation Trust determines is appropriate consistent with its obligations under the MDL Protective Order, including prior to the 2-year retention period set forth above. For the avoidance of doubt,** subject to the **other** terms and conditions contained in the LT Confidentiality and Common Interest Agreement, at the Litigation Trustee's discretion, all of such records and documents may, but need not, be destroyed **pursuant to the time frame and terms set forth in the MDL Protective Order** ~~at any time after two (2) years from the completion and winding up of the affairs of the Litigation Trust~~. Except as otherwise specifically provided herein, upon the termination of the Litigation Trust, the Litigation Trustee shall have no further duties or obligations hereunder.

11.    This amendment relates to destruction of documents, after termination of the Litigation Trust, and has no impact on distributions to Litigation Trust Beneficiaries (as defined in the Litigation Trust Agreement).

## RELIEF REQUESTED

12.    The Litigation Trustee requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, authorizing the Litigation Trustee to amend Article 9.2 of the Litigation Trust Agreement to read as follows:

9.2 <u>Continuance of the Litigation Trustee for Winding Up.</u>

After the termination of the Litigation Trust and for the purpose of liquidating and winding up the affairs of the Litigation Trust, the Litigation Trustee shall continue to act as such until the Litigation Trustee's duties have been fully performed. Prior to the final distribution of all of the remaining Litigation Trust Assets and upon approval of the Litigation Trust Advisory Board, the Litigation Trustee shall be entitled to reserve from such assets any and all amounts required to provide for the Litigation Trustee's own costs and expenses in accordance with Section 3.11 herein until such time as the winding up of the Litigation Trust is completed. Upon termination of the Litigation Trust, subject to the terms and conditions contained in the LT Confidentiality and Common Interest Agreement, the Litigation Trustee shall retain for a period of two (2) years, as a cost of administering the Litigation Trust, the books, records, Litigation Trust Beneficiary lists, the Trust Register, and certificates and other documents and files that have been delivered to or created by the Litigation Trustee concerning the Litigation Trust Beneficiaries; *provided however* that the Litigation Trust may destroy all documents required to be destroyed pursuant to the Master Protective Order, *In re Tribune Co. Fraudulent Conveyance Litigation*, No. 11-md-2296 (S.D.N.Y.) [ECF No. 6966] ("<u>MDL Protective Order</u>"), at such time as the Litigation Trust determines is appropriate consistent with its obligations under the MDL Protective Order, including prior to the 2-year retention period set forth above. For the avoidance of doubt, subject to the other terms and conditions contained in the LT Confidentiality and Common Interest Agreement, at the Litigation Trustee's discretion, all of such records and documents may, but need not, be destroyed pursuant to the time frame and terms set forth in the MDL Protective Order. Except as otherwise specifically provided herein, upon the termination of the Litigation Trust, the Litigation Trustee shall have no further duties or obligations hereunder.

**BASIS FOR RELIEF REQUESTED**

13.     Article 10 of the Litigation Trust Agreement provides, in pertinent part, that any substantive provision of the Litigation Trust Agreement "may be amended or waived in writing by the Litigation Trustee, upon notice and unanimous approval by the Litigation Trust Advisory Board and approval of the Bankruptcy Court and provision of reasonable notice to the Reorganized Debtors[.]" Litigation Trust Agreement Art. 10.

14.     The Litigation Trust Advisory Board approved the requested amendment on March 24, 2022.

15.     The Litigation Trustee provided notice to counsel to the Reorganized Debtors on March 24, 2022. The Reorganized Debtors have confirmed that they do not object to the relief requested by this Motion.

16.     The requested amendment will assist in the efficient winding up of the Litigation Trust by ensuring that documents may be destroyed according to the terms of the MDL Protective Order.  Further, the requested amendment does not adversely affect distributions to Litigation Trust Beneficiaries (as defined in the Litigation Trust Agreement).

17.     In light of the foregoing, the Litigation Trustee respectfully requests that the Court enter an order authorizing the Litigation Trustee to amend Article 9.2 of the Litigation Trust Agreement substantially in the form attached hereto as Exhibit A.

**NOTICE**

18.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the Reorganized Debtors; and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-l(b).  In light of the nature of the relief requested herein, the Litigation Trustee submits that no other or further notice is necessary.

WHEREFORE the Litigation Trustee respectfully requests the entry of an order authorizing the Litigation Trustee to amend Article 9.2 of the Litigation Trust Agreement as described herein.

Dated:  March 29, 2022
        Wilmington, Delaware

**LANDIS, RATH & COBB LLP**

*/s/ Richard S. Cobb*
Richard S. Cobb (No. 3157)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: cobb@lrclaw.com

-and-

**AKIN GUMP STRAUSS HAUER & FELD LLP**
David M. Zensky
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email:     dzensky@akingump.com

*Counsel to the Litigation Trustee*