# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE MEDIA COMPANY,[1]<br>(f/k/a Tribune Company)<br><br>                Reorganized Debtor. | Chapter 11<br><br>Case No. 08-13141 (BLS)<br><br>(Jointly Administered)<br><br>Ref. Nos. 14845 & 14852 |

## ORDER AUTHORIZING THE LITIGATION TRUSTEE TO AMEND
## ARTICLE 9.2 OF THE TRIBUNE LITIGATION TRUST AGREEMENT

Upon consideration of the motion (the "Motion")[2] of Marc S. Kirschner, Litigation Trustee (the "Litigation Trustee") for the entry of an order, pursuant to Article 10 of the Litigation Trust Agreement (the "Litigation Trust Agreement"), authorizing the Litigation Trustee to amend Article 9.2 of the Litigation Trust Agreement; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and sufficient notice of the Motion has been given under the circumstances; and after due deliberation and upon the Court's determination that the relief requested in the Motion is in the best interests of the Litigation Trust and the Reorganized Debtors, their estates and creditors and

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the entity's federal tax identification number, is: Tribune Media Company (0355). The corporate headquarters and the mailing address for the Reorganized Debtor is 545 E. John Carpenter Freeway, Suite 700, Irving, TX 75062.

[2] Terms utilized but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

{963.001-W0067361.}

other parties in interest; and sufficient cause appearing for the relief requested in the Motion; it is hereby

>ORDERED, that the Motion is granted; and it is further

>ORDERED, that Article 9.2 of the Litigation Trust Agreement is hereby amended as follows:

>>9.2  <u>Continuance of the Litigation Trustee for Winding Up.</u>
>>
>>After the termination of the Litigation Trust and for the purpose of liquidating and winding up the affairs of the Litigation Trust, the Litigation Trustee shall continue to act as such until the Litigation Trustee's duties have been fully performed. Prior to the final distribution of all of the remaining Litigation Trust Assets and upon approval of the Litigation Trust Advisory Board, the Litigation Trustee shall be entitled to reserve from such assets any and all amounts required to provide for the Litigation Trustee's own costs and expenses in accordance with Section 3.11 herein until such time as the winding up of the Litigation Trust is completed. Upon termination of the Litigation Trust, subject to the terms and conditions contained in the LT Confidentiality and Common Interest Agreement, the Litigation Trustee shall retain for a period of two (2) years, as a cost of administering the Litigation Trust, the books, records, Litigation Trust Beneficiary lists, the Trust Register, and certificates and other documents and files that have been delivered to or created by the Litigation Trustee concerning the Litigation Trust Beneficiaries; *provided however* that the Litigation Trust may destroy all documents required to be destroyed pursuant to the Master Protective Order, *In re Tribune Co. Fraudulent Conveyance Litigation*, No. 11-md-2296 (S.D.N.Y.) [ECF No. 6966] ("<u>MDL Protective Order</u>"), at such time as the Litigation Trust determines is appropriate consistent with its obligations under the MDL Protective Order, including prior to the 2-year retention period set forth above. For the avoidance of doubt, subject to the other terms and conditions contained in the LT Confidentiality and Common Interest Agreement, at the Litigation Trustee's discretion, all of such records and documents may, but need not, be destroyed pursuant to the time frame and terms set forth in the MDL Protective Order. Except as otherwise specifically provided herein, upon the termination of the Litigation Trust, the Litigation Trustee shall have no further duties or obligations hereunder.

and it is further

ORDERED, that the Litigation Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; and it is further

ORDERED, that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims or rights arising from or related to the implementation and interpretation of this Order.

**Dated: April 18th, 2022**
**Wilmington, Delaware**

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE