# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE MEDIA COMPANY[1]<br><br>(f/k/a Tribune Company),<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 08-13141 (BLS)<br><br>**Hearing Date: TBD**<br>**Objection Deadline: July 15, 2022 at 4:00 p.m. (ET)** |

### REORGANIZED DEBTOR'S MOTION FOR ENTRY OF AN ORDER
### FURTHER EXTENDING THE DEADLINE TO OBJECT TO CLAIMS

The reorganized debtor in the above-captioned chapter 11 case (the "Reorganized Debtor"), by and through its undersigned counsel, hereby submits this motion (the "Motion") for the entry of an order, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and section 8.1 of the Plan (as defined below), further extending the deadline established under the Plan for the Reorganized Debtor to object to Claims.[2] In support of this Motion, the Reorganized Debtor respectfully represents as follows:

### STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), Tribune Company (n/k/a Tribune Media Company) and certain of its subsidiaries (collectively, the "Debtors")[3] each filed a

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the entity's federal tax identification number, is Tribune Media Company (0355). The corporate headquarters and the mailing address for the Reorganized Debtor is 545 E. John Carpenter Freeway, Suite 700, Irving, TX 75062.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

[3] As used herein, the term "Debtors" refers to the entities that filed the above-captioned chapter 11 case and related chapter 11 cases that have been closed, and the term "Reorganized Debtors" refers to the entities that became successors to the Debtors upon the Debtors' emergence from their chapter 11 cases.

voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[4] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.

2. The Debtors' chapter 11 cases were consolidated for procedural purposes only and were jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket Nos. 43, 2333].

3. On July 23, 2012, the Court entered an order [Docket No. 12074] (the "Confirmation Order") confirming the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Plan") [Docket No. 12072].

4. The Effective Date of the Plan occurred on December 31, 2012.

5. The Court has entered final decrees closing all of the Debtors' chapter 11 cases other than the instant case as "fully administered" under section 350 of the Bankruptcy Code and Bankruptcy Rule 3022. See Docket Nos. 14078, 14135, 14255, 14303, 14652, 14773.

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, which jurisdiction was retained pursuant to Article IX of the Confirmation Order and Section 12.1 of the Plan. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Reorganized Debtor confirms its consent, pursuant to Local Rule 9013-1(f), to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper in this Court pursuant

---

[4] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

2

to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006, and Local Rule 9006-2.

## RELEVANT BACKGROUND

7.  Section 8.1 of the Plan provides that "[u]nless otherwise ordered by the Bankruptcy Court, the Reorganized Debtors and/or the Litigation Trustee shall serve and file any objections to Claims and Interests as soon as practicable, but in no event later than (a) two hundred and ten (210) days after the Effective Date or (b) such later date as may be determined by the Bankruptcy Court upon a motion which may be made without further notice or hearing."  Plan § 8.1.  In light of the foregoing, because the Effective Date occurred on December 31, 2012, the period within which the Reorganized Debtors may object to Claims was initially set to expire on July 29, 2013.

8.  The Court has since entered orders extending the Plan § 8.1 objection deadline (the "Claims Objection Deadline") on eighteen separate occasions [Docket Nos. 13674, 13841, 13960, 14045, 14134, 14197, 14302, 14329, 14362 (as corrected by 14388), 14403, 14441, 14493, 14571, 14637, 14703, 14747, 14794, and 14837].  The most recent of these orders extended the Claims Objection Deadline through and including July 1, 2022 [Docket No. 14837].

9.  The vast majority of the 7,191 proofs of claim filed in the Debtors' chapter 11 cases (the "Proofs of Claim") have been resolved.  There are now approximately eleven (11) Proofs of Claim that remain outstanding (collectively, the "Unresolved Claims"), all of which relate to the 2007 leveraged buy-out of Tribune Company (the "2007 LBO").[5]  The Unresolved Claims are contingent, unliquidated, and disputed indemnification, reimbursement, or contribution

---

[5] Also included in the Unresolved Claims are the three remaining proofs of claim filed by Morgan Stanley Capital Services, Inc. and its affiliates (collectively, the "MSCS Claims").  Pursuant to §§ 3.2.5(b), 7.11.12, and 11.2.6 of the Plan, the MSCS Claims are subject to set off against certain Preserved Causes of Action and therefore adjudication of the MSCS Claims is under the control of the Litigation Trust (as defined in the Plan).

Claims filed by current or former directors or officers of or advisors to the Debtors, some of whom were named as defendants in litigation relating to the 2007 LBO that was commenced in various fora during the Debtors' chapter 11 cases and ultimately consolidated in a multidistrict litigation proceeding that was pending in the U.S. District Court for the Southern District of New York (the "MDL Proceedings") with the Trustee of the Debtors' post-confirmation Litigation Trust (the "Litigation Trustee") as plaintiff.[6]

10.     During the most recent extension period, the Supreme Court of the United States denied a petition by the Litigation Trustee for a writ of certiorari on the last of the appeals from the MDL Proceedings. Following that denial, the Litigation Trustee filed a notice of termination and dissolution of the Litigation Trust effective as of April 30, 2022, and filed the Litigation Trust's Final Report with the Court on June 17, 2022.[7]

11.     Following the Litigation Trust's determination to terminate and dissolve itself, the Reorganized Debtor has contacted numerous holders of proofs of claim that were unresolved at the time this Court last extended the period for the Reorganized Debtor to object to claims. The Reorganized Debtor has obtained the voluntary withdrawal of sixteen (16) proofs of claim during that period [Docket Nos. 14848, 14849, 14859]. Those withdrawals represent a majority of the proofs of claim that were outstanding at the time of the last extension granted by this Court.

12.     Shortly after filing this Motion, the Reorganized Debtor will file the *Reorganized Debtor's Seventy-Eighth Omnibus (Substantive) Objection to Claims Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and*

---

[6] See In re Tribune Co. Fraudulent Conveyance Litig., No. 12 MC 2296 (DLC), MDL No. 11 MD 2296 (DLC) (S.D.N.Y.).

[7] See Litigation Trustee's Notice of Final Annual Report Ex. A at 3 (June 17, 2022) [Docket No. 14860].

*Local Rule 3007-1* (the "Objection") with respect to eight (8) of the Unresolved Claims. The Reorganized Debtor is filing that Objection to resolve most of the remaining contingent, unliquidated claims for indemnification asserted by several of the Debtors' former officers and directors. The Reorganized Debtor is hopeful that it will be able to address and resolve not only the claims covered by the Objection during the extension period requested herein, but all other remaining claims as well.

## RELIEF REQUESTED

13. By this Motion, the Reorganized Debtor requests that the Court enter an order further extending the Claims Objection Deadline by approximately six (6) months, through and including **Friday, December 30, 2022**. The Reorganized Debtor further requests that the extension proposed herein be without prejudice to its rights to seek further extensions of the Claims Objection Deadline.

## BASIS FOR RELIEF REQUESTED

14. As set forth above, Section 8.1 of the Plan provides that the Claims Objection Deadline may be extended by order of the Court. Additionally, section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Bankruptcy Rule 9006(b)(1) further provides, in pertinent part, that:

> …when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order….

Fed. R. Bankr. P. 9006(b)(1).[8]

15.  Extending the Claims Objection Deadline is in the best interests of the Reorganized Debtor and the Debtor's estate.  The Reorganized Debtor has resolved on a consensual basis the majority of the claims that were pending against it at the time this Court last extended the objection deadline.  The Reorganized Debtor is also filing alongside or shortly after this Motion an objection to the majority of the still-outstanding proofs of claim in this chapter 11 case, which will further progress the Reorganized Debtor's claims process.  The Reorganized Debtor seeks the extension requested herein to facilitate the appropriate resolution of the remaining handful of claims and allow the Reorganized Debtor to proceed as soon as practicable to seek a final decree in its chapter 11 case.

16.  Given the circumstances relating to the remaining Unresolved Claims, the extension of time requested herein is just and appropriate under the circumstances.  Similar relief has been granted in other cases in this District on numerous occasions.  See, e.g., In re Claire's Inc., No. 18-10583 (MFW) (Bankr. D. Del. Aug. 18, 2021) (order granting eighth motion to extend time to object to claims) [Docket No. 257]; In re RMBR Liquidation, Inc., No. 19-10234 (KBO) (Bankr. D. Del. Oct. 6, 2021) (order granting seventh motion to extend time to object to claims) [Docket No. 774]; In re Boomerang Tube, LLC, No. 15-11247 (MFW) (Bankr. D. Del. May 18, 2017) (order granting sixth motion to extend time to object to claims) [Docket No. 1120].

## NOTICE

17.  Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the parties holding Unresolved Claims; (iii) counsel to the Litigation Trustee;

---

[8] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the Claims Objection Deadline shall automatically extend such deadline until the Court acts on this Motion without the necessity for the entry of a bridge order.

and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Reorganized Debtor submits that no other or further notice is necessary.

WHEREFORE the Reorganized Debtor respectfully requests entry of an order (i) extending the Claims Objection Deadline through and including Friday, December 30, 2022, without prejudice to the Reorganized Debtor's rights to seek further extensions of such deadline, and (ii) granting such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated:  Wilmington, Delaware<br>July 1, 2022 | Respectfully submitted,<br><br>SIDLEY AUSTIN LLP<br>Kenneth P. Kansa<br>Ian C. Ferrell<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone:  (312) 853-7000<br><br>-and-<br><br>COLE SCHOTZ, P.C.<br><br>By: */s/ Patrick J. Reilley*<br>Norman L. Pernick (No. 2290)<br>Patrick J. Reilley (No. 4451)<br>500 Delaware Avenue, Suite 1410<br>Wilmington, Delaware 19801<br>Telephone:  (302) 652-3131<br><br>ATTORNEYS FOR REORGANIZED DEBTOR |