# EXHIBIT B

**Ryder Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY[1] (f/k/a Tribune Company), | Case No. 08-13141 (BLS) |
| Reorganized Debtor. | |

**DECLARATION OF ELIZABETH RYDER IN SUPPORT OF REORGANIZED DEBTOR'S SEVENTY-EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS**

**("EMPLOYMENT INDEMNIFICATION CLAIMS")**

I, Elizabeth Ryder, declare as follows:

1.      I am Elizabeth Ryder, Secretary of Tribune Media Company, the reorganized debtor in the above-captioned chapter 11 case (the "Reorganized Debtor").

2.      I have read the Reorganized Debtor's Seventy-Eighth Omnibus (Substantive) Objection to Claims Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007-1, and Local Rule 3007-1 (the "Objection")[2] and am directly, or indirectly by and through the Reorganized Debtor's personnel and advisors, familiar with the information contained therein and the Exhibit attached thereto.  I am authorized to submit this declaration (the "Declaration") in support of the Objection.

3.      All matters set forth in this Declaration are based on: (a) my personal knowledge; (b) my review of relevant documents; (c) my view, based on my experience and knowledge of the Reorganized Debtor's operations and personnel; (d) information supplied to me by others at the

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the entity's federal tax identification number, is Tribune Media Company (0355). The corporate headquarters and the mailing address for the Reorganized Debtor is 545 E. John Carpenter Freeway, Suite 700, Irving, TX 75062.

[2] All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Objection.

Reorganized Debtor's request; or (e) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance on the advice of counsel or other advisors to the Reorganized Debtor.  If called upon to testify, I could and would testify competently to the facts set forth herein.

4.       In the period since the Ordinary Litigation Adversary Proceedings and the Ordinary Litigation claims components of the Mixed Adversary Proceedings were dismissed or the Preserved Causes of Action components of the Mixed Adversary Proceedings were transferred, as applicable, the Reorganized Debtor has not been advised by any of the defendants in those actions that asserted Employment Indemnification Claims that they are owed any amounts of account of such claims, to the best of my knowledge and after review of the Reorganized Debtor's books and records.[3]  The Reorganized Debtor is aware of no such amounts owed, and none of the claimants has, to the Reorganized Debtor's knowledge, amended or supplemented his or her proof of claim in the over ten (10) years since it was filed to assert that any amounts are owed.  The Reorganized Debtor is also unaware of any other attempts by those claimants to liquidate or quantify their claims, nor is the Reorganized Debtor aware of any amounts that might otherwise be owed to the claimants asserting Employment Indemnification Claims on account of such claims.

5.       The Reorganized Debtor is not aware of any other party or parties asserting any claims against any of the Debtors' former directors, officers, or employees relating to the prepetition operations of the Debtors, nor is the Reorganized Debtor aware of any party that could plausibly assert any such claims.

---

[3] I have been advised that the counsel for the Reorganized Debtor has communicated or attempted to communicate with each of the holders of the Employment Indemnification Claims, or his or her representative(s), prior to the filing of the Objection.  I have been advised that counsel for Mr. Robert La Blanc, the holder of Claim No. 6832, has asserted that the Reorganized Debtor may owe amounts to the claimant; however, to date, counsel has not informed the Reorganized Debtor of any specific amounts that are owed nor provided the Reorganized Debtor with any documentation in support of such amounts.  The details of these communications are included in the **<u>Exhibit A</u>** attached to the Motion.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of July 2022.

*/s/ Elizabeth Ryder*

By: Elizabeth Ryder
Secretary
Tribune Media Company