## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY[1]<br>(f/k/a Tribune Company), | Case No. 08-13141 (BLS) |
| Reorganized Debtor. | **Hearing Date: December 14, 2022 at 9:45 a.m. (ET)**<br>**Objection Deadline: November 30, 2022 at 4:00 p.m. (ET)** |

## REORGANIZED DEBTOR'S SEVENTY-NINTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTIONS 502(b) AND 558 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003 AND 3007, AND LOCAL RULE 3007-1

### ("MORGAN STANLEY INDEMNIFICATION CLAIMS")

The reorganized debtor in the above-captioned chapter 11 case (the "Reorganized Debtor"),[2] by and through its undersigned counsel, hereby files this seventy-ninth omnibus objection to claims (the "Objection"), which Objection covers three (3) claims filed by Morgan Stanley & Co. Incorporated ("Morgan Stanley") set forth on **Exhibit A** attached hereto and to the proposed form of order submitted herewith (collectively, the "Indemnification Claims"). This Objection is submitted pursuant to sections 502(b) and 558 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3001, 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). By this Objection, the Reorganized Debtor requests the entry of an order disallowing in full and expunging the Indemnification Claims for the reasons described in further detail below. In support of the Objection, the Reorganized Debtor relies on the Declaration of Elizbeth Ryder

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the entity's federal tax identification number, is Tribune Media Company (0355). The corporate headquarters and the mailing address for the Reorganized Debtor is 545 E. John Carpenter Freeway, Suite 700, Irving, TX 75062.

[2] Unless otherwise specified, all defined terms shall have the same meanings as in the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (as modified July 19, 2012, the "Plan") [D.I. 12072-2], confirmed by an order of the Court dated July 23, 2012 [D.I. 12074] (the "Confirmation Order").

(the "Ryder Declaration"), attached hereto as **Exhibit B**.  In further support of the Objection, the Reorganized Debtor respectfully states as follows:

<u>**STATUS OF THE CASE AND JURISDICTION**</u>

1.       Tribune Company (now known as Tribune Media Company) ("Tribune") and certain of its affiliates (collectively, the "Debtors"),[3] each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on December 8, 2008 (or in the case of Tribune CNLBC, LLC, October 12, 2009) (each date, the "Petition Date").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  [D.I. 43, 2333].

2.       On July 23, 2012, the Court confirmed the Plan.

3.       The Effective Date of the Plan occurred on December 31, 2012.  [D.I. 12939].

4.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1.  The Reorganized Debtor confirms its consent, pursuant to Local Rule 9013-1(f), to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

<u>**FACTUAL BACKGROUND TO THE DEBTORS' CLAIMS PROCESS AND THE OBJECTION**</u>

5.       On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [D.I. 567–789], which were subsequently amended on April 13, 2009

---

[3] As used herein, the term "Debtors" refers to the entities that filed the above-captioned chapter 11 case and its jointly administered cases, and the term "Reorganized Debtors" refers to the entities that became successors to the Debtors upon the Debtors' emergence from their chapter 11 cases.

[D.I. 894–957], June 12, 2009 [D.I. 1343–1453], March 2, 2010 [D.I. 3548–3599], May 14, 2010 [D.I. 4388], and January 28, 2011 [D.I. 7661–7671] (collectively, the "<u>Schedules</u>").

6.    On March 26, 2009, the Court entered an order (the "<u>Bar Date Order</u>") that established June 12, 2009, as the final date and time for all persons and entities holding or asserting a claim against any of the Debtors arising on or before the Petition Date to file proofs of claim (the "<u>Proofs of Claim</u>") in these chapter 11 cases.  [D.I. 813].

7.    Written notice of the Bar Date was mailed to, among others, all known creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order. <u>Id</u>. Ex. B at 1–2.  In addition to mailing such actual notice, the Debtors also published notice of the Bar Date in the National Editions of the <u>Wall Street Journal</u>, <u>New York Times</u>, <u>Chicago Tribune</u>, and <u>Los Angeles Times</u> on May 12, 2009.  <u>Id</u>. at 6.

8.    As of the Effective Date, approximately 7,165 Proofs of Claim were filed in these chapter 11 cases.  The Proofs of Claim are recorded on the official claims register (the "<u>Claims Register</u>") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors and Reorganized Debtors to assist with claims processing in these chapter 11 cases (the "<u>Claims Agent</u>").

<u>**FACTUAL BACKGROUND TO THE MORGAN STANLEY**</u><br><u>**INDEMNIFICATION CLAIMS**</u>

9.    Morgan Stanley's Indemnification Claims can be broken down into two subcategories.  First, claim numbers 5034 and 7162 arise from an indemnity agreement that Morgan Stanley alleges that it executed with Tribune on November 30, 2008, which in turn is alleged to cover indemnification relating to services performed under an *unexecuted* engagement letter for Morgan Stanley to provide general restructuring and contingency planning services to Tribune (together, the "<u>Restructuring Services Indemnification Claim</u>").  Second, claim number

3

6708 arises from an engagement letter and indemnity agreement that Morgan Stanley alleges it entered into for Morgan Stanley to provide legal services to the Special Committee of Tribune's Board of Directors (the "Special Committee Services Indemnification Claim").

10.     These Indemnification Claims are among the last remaining unresolved proofs of claim in the Claims Register.  Resolution of the Indemnification Claims is the principal remaining step that must be cleared by the Reorganized Debtor before it can seek a final decree in the remaining Reorganized Debtor's chapter 11 case.

A.      **Restructuring Services Indemnification Claim (Claim Nos. 5034 & 7162)**

11.     Morgan Stanley filed proofs of claim numbers 5034 and 7162 on June 12, 2009, and January 30, 2013, respectively.  Copies of proofs of claim numbers 5034 and 7162 are attached as Exhibit 1 and Exhibit 2 to the Ryder Declaration, respectively.  Claim number 7162 indicates that it amends claim number 5034.

12.     Morgan Stanley alleges in proofs of claim numbers 5034 and 7162 that on November 30, 2008, or eight days prior to the Petition Date, Morgan Stanley and Tribune executed an indemnity agreement (the "2008 Indemnity Agreement") related to an engagement agreement, pursuant to which Tribune agreed to indemnify Morgan Stanley for services that it would perform in connection with its anticipated engagement to provide general restructuring and related services to the company.[4]  However, Morgan Stanley concedes that the underlying engagement letter was never signed or otherwise executed.  See Attachment to Proof of Claim No. 5034, at p. 2; Attachment to Proof of Claim No. 7162, at p. 3.[5]  In addition, no application to retain Morgan Stanley to perform services in the Debtors' chapter 11 cases was ever filed with the Bankruptcy

---

[4]  A copy of the 2008 Indemnity Agreement is attached as Exhibit A to the Attachment to Proof of Claim Number 5034.

[5]  A copy of the unexecuted Draft Engagement Agreement is attached as Exhibit B to the Attachment to Proof of Claim No. 7162 (the "Draft Engagement Agreement").

Court.  Accordingly, Morgan Stanley was never actually engaged by Tribune to provide the restructuring advisory services contemplated under the Draft Engagement Agreement, and, to the extent any services were provided by Morgan Stanley, those services were limited to a period of days—at most—prior to the Petition Date.  As a result, any indemnification claim of Morgan Stanley relating to such services would, if proven, relate to a brief span of prepetition days at most.

13.    Morgan Stanley generally asserts a claim for legal fees and expenses arising from the 2008 Indemnity Agreement and rejection damages in connection therewith.  Even assuming *arguendo* that Morgan Stanley performed services covered by the indemnity and that Morgan Stanley is entitled to indemnification and reimbursement relating to services under an engagement letter that was never executed by the parties, no accounting of the alleged damages or other documentation to support the claim is attached to the proofs of claim, and Morgan Stanley has not supplemented its proofs of claim or otherwise demonstrated that it faced claims or costs in relation to any performed services in the nearly ten years since it filed Claim No. 7162.  Absent such information, neither the Reorganized Debtor nor the Court can plausibly determine, among other things, whether there are specific fees and expenses incurred for indemnification and, if so, if such fees are reasonable and/or whether such fees are within the scope of the 2008 Indemnity Agreement.

**B.**    **Special Committee Services Indemnification Claim (Claim No. 6708)**

14.    Morgan Stanley filed proof of claim number 6708 on March 2, 2011.  A copy of the proof of claim is attached to the Ryder Declaration as <u>Exhibit 3</u>.

15.    Morgan Stanley alleges in the Special Committee Services Indemnification Claim that by an engagement letter dated October 17, 2006 (the "<u>2006 Engagement Letter</u>"), Tribune engaged Morgan Stanley as a financial advisor to the Special Committee of Tribune's Board of Directors in connection with (i) a possible sale, merger, or other strategic business combination

involving a change of control of Tribune or (ii) a potential recapitalization or restructuring plan for Tribune.  A copy of the 2006 Engagement Letter is attached as Exhibit A to the Attachment to Proof of Claim No. 6708.  An indemnity agreement is annexed to the 2006 Engagement Letter (the "2006 Indemnity Agreement").

16.    Morgan Stanley asserts a claim for legal fees and expenses arising from the 2006 Engagement Letter, the 2006 Indemnity Agreement, and rejection damages in connection with the Debtors' rejection of the same.[6]  Morgan Stanley's proof of claim states that, as of its filing date (March 2, 2011), Morgan Stanley had accrued approximately $1,000,511.87 in legal fees and expenses in connection with the Creditors' Committee Action (as defined in the proof of claim), the appointment of an examiner on April 30, 2010, and the chapter 11 plan process, all of which Morgan Stanley asserts relate to the 2006 Engagement Letter.  However, the proof of claim does not contain any supporting documentation, including invoices, to evidence the legal fees and expenses incurred, and Morgan Stanley has not supplemented its proof of claim or otherwise documented a basis for the claimed accrual in legal fees and expenses.  Absent such information, neither the Reorganized Debtor not the Court can plausibly determine, among other things, whether the fees and expenses sought are reasonable and/or whether the legal fees and expenses are within the scope of, or otherwise reimbursable under, the 2006 Engagement Letter.

17.    Prior to filing this Objection, beginning in August 2022, counsel to the Reorganized Debtor contacted counsel for Morgan Stanley and requested documentation, including invoices, to support the Indemnification Claims.  As of the date of filing this Objection, and despite repeated follow-up efforts by the Reorganized Debtor, Morgan Stanley has not provided any documentation.  As set forth above, the Indemnification Claims are the primary remaining open

---

[6] The 2006 Engagement Letter was expressly rejected by the Debtors under the Plan. See Plan at Exhibit 6.3, item 28.  [D.I. 7701].  In addition, as Morgan Stanley notes, the Debtors rejected all executory contracts between any Debtor and any other party concerning the retention and possible indemnification by a Debtor of a professional.  See id. at item 47.

issue in this bankruptcy case.  After resolution of the Indemnification Claims, the Reorganized

Debtor expects to file a motion seeking to close the bankruptcy case.  Accordingly, the

Reorganized Debtor files this Objection seeking a final resolution of the Indemnification Claims

and to avoid any further delay in concluding the Debtor's chapter 11 case.  In the event that Morgan

Stanley chooses to provide supplemental materials in support of the Indemnification Claims, the

Reorganized Debtor is open—as it has been to this point—to working with Morgan Stanley to

review such materials and attempting to resolve quickly any issues with the Indemnification

Claims prior to any hearing on this Objection.

**RELIEF REQUESTED**

18.     By this Objection, the Reorganized Debtor seeks an entry of an order, pursuant to

sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and

Local Rule 3007-1, (i) disallowing and expunging in their entirety each of the Indemnification

Claims identified on **Exhibit A** on the grounds set forth herein with respect to each such claim and

(ii) authorizing the Claims Agent to modify each of the Indemnification Claims on the Claims

Register in accordance with the proposed Order.

19.     This Objection complies with Local Rule 3007-1.

**BASIS FOR OBJECTION**

20.     This Objection is based on section 502(b)(1) of the Bankruptcy Code, which

provides in pertinent part:

> [l]f such objection to a claim is made, the court, after notice and a hearing, shall
> determine the amount of such claim in lawful currency of the United States as of
> the date of the filing of the petition, and shall allow such claim in such amount,
> except to the extent that-
>
> > (l) such claim is unenforceable against the debtor and property of the debtor,
> > under any agreement or applicable law for a reason other than because such
> > claim is contingent or unmatured . . .

7

11 U.S.C. § 502(b)(l).    Section 502(b)(l) recognizes the settled principle that "[c]reditors'
entitlements in bankruptcy arise in the first instance from the underlying substantive law creating
the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code."
Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450–51 (2007) (citing
Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20 (2000)).    A claim against the bankruptcy estate,
therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be
enforceable against the debtor outside of bankruptcy."    In re Combustion Eng'g, Inc., 391 F.3d
190, 245 (3d Cir. 2004).    In proceedings to determine whether a claim is enforceable against the
estate, "[t]he estate shall have the benefit of any defense available to the debtor as against any
entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other
personal defenses" pursuant to section 558 of the Bankruptcy Code.    See 11 U.S.C. § 558.

21.    Under section 502(a) of the Bankruptcy Code and Bankruptcy Rule 3001(f), a proof
of claim that meets the standard of sufficiency is *prima facie* valid.    In re Allegheny Int'l, Inc., 954
F.2d 167, 173 (3d Cir. 1992); see also 4 Collier on Bankr. P 502.02 (16th ed. rev. 2022).    The
burden of proof then shifts to the debtor to object and introduce evidence to rebut the claim's
presumptive validity.    In re Allegheny Int'l, Inc., at 173.    If the debtor "produces sufficient
evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the
claimant to prove the validity of the claim by a preponderance of the evidence." Id. at 174 (citation
omitted).    "The burden of persuasion is always on the claimant." Id. (citation omitted).    As detailed
herein, Morgan Stanley has not satisfied its burden.

22.    The Restructuring Services Indemnification Claim should be disallowed for several
reasons.    First, it purports to be based upon indemnification for unspecified services rendered under
an engagement agreement that was never executed.    Second, even assuming *arguendo* that Morgan
Stanley was entitled to indemnification for any claims brought against it under that engagement

agreement, the Restructuring Services Indemnification Claim would be limited to amounts relating to claims brought against Morgan Stanley arising out of services Morgan Stanley allegedly provided during a matter of days shortly before the Petition Date.  The Reorganized Debtor is not aware that any claims have ever been asserted against Morgan Stanley based on any services it might have provided during that period, and Morgan Stanley has not alleged that any such claims have been made, let alone satisfied its burden to demonstrate that it incurred costs in connection with such claims and that those costs are properly subject to indemnification.  See Ryder Declaration at ¶ 5.

23.    The Restructuring Services Indemnification Claim should also be disallowed because it does not provide any evidence to support it, such as legal invoices, proof of expenses or other documentation.  The Restructuring Services Indemnification Claim is submitted in a wholly-unliquidated amount, and Morgan Stanley does not even allege that it has incurred any costs that could form the basis for such a claim, let alone carry its burden to prove that it has a right to payment for such costs.  As a result, the Reorganized Debtor is unable to determine, among other things, the reasonableness of any fees and expenses for which Morgan Stanley may be seeking payment, or whether any such fees and expenses are properly payable under the 2008 Indemnity Agreement.

24.    The Special Committee Services Indemnification Claim should be disallowed for similar reasons.  While Morgan Stanley has set forth an amount for that claim ($1,000,511.87), it has not provided any documentation to support the fees and expenses that Morgan Stanley alleges that it has incurred that comprise that amount, nor is the Reorganized Debtor aware of any such information in its possession.  See Ryder Declaration at ¶ 5.  In the absence of that information, the Reorganized Debtor is unable to evaluate the propriety of the claim or whether all, or any, of it relates to claims brought against Morgan Stanley in connection with its services under the 2006

9

Engagement Letter, or otherwise falls within the scope of the 2006 Indemnity Agreement. Accordingly, the Special Committee Services Indemnification Claim contains insufficient documentation to permit it to be allowed.

25.     The Reorganized Debtor's diligence and other facts available to the Court support the conclusion that no amounts are, or are likely to become, owing on account of the Indemnification Claims.  Morgan Stanley has not amended or supplemented the Indemnification Claims since amending the Restructuring Services Indemnification Claim nearly 10 years ago. Since August 2022, as part of the final claims review in the Reorganized Debtor's chapter 11 case, the Reorganized Debtor has reached out on multiple occasions to counsel for Morgan Stanley to ascertain the status of its claims and obtain consensually any supplemental materials that Morgan Stanley might wish to provide to address the deficiencies in the Indemnification Claims described in this Objection.[7]  The Reorganized Debtor has taken all reasonable efforts to contact Morgan Stanley to obtain support for any amounts that are due on its Indemnification Claims.  That information has not been provided, and Morgan Stanley accordingly has not carried its burden to persuade this Court that it any of the Indemnification Claims are allowable.  The Reorganized Debtor accordingly submits this Objection seeking disallowance of the Indemnification Claims.

26.     For all of the forgoing reasons, the Indemnification Claims should be disallowed.

## RESERVATION OF RIGHTS

27.     The Reorganized Debtor hereby reserves its right to amend, modify, and/or supplement this Objection at any time prior to the hearing on this Objection.  The Reorganized Debtor further reserves its right to adjourn the hearing on this Objection as it pertains to any or all of the Indemnification Claims.  In the event that the Reorganized Debtor so adjourns the hearing,

---

[7] Counsel to the Reorganized Debtor reached out to counsel for Morgan Stanley via calls and emails beginning in August 2022.  See Ryder Declaration at ¶ 7.

it will state that the hearing on the Objection and, if applicable, any response filed in connection

therewith and all applicable deadlines for responsive pleadings have been adjourned on the agenda

for the hearing, which agenda will be served on any party affected by such adjournment.

## NOTICE

28.     Notice of this Objection has been provided to: (i) the Office of the United States

Trustee; (ii) Morgan Stanley; and (iii) all parties requesting notice pursuant to Bankruptcy Rule

2002, in accordance with Local Rule 2002-1(b).  In light of the nature of the relief requested herein,

the Reorganized Debtor submits that no other or further notice is necessary.

## NO PRIOR REQUEST

29.     No previous application for the relief sought herein has been made to this Court or

to any other court.

WHEREFORE, for the reasons set forth herein, the Reorganized Debtor

respectfully requests that the Court enter an order, pursuant to sections 502(b) and 558 of the

Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-l,

(i) disallowing and expunging in their entirety each of the Indemnification Claims identified on

**Exhibit A** on the grounds set forth herein with respect to each such claim;

(ii) authorizing the Claims Agent to modify each of the Indemnification Claims on the Claims

Register in accordance with the proposed Order; and (iii) granting such other and further relief as

the Court deems just and proper.

46429/0001-44105657v1

Dated: Wilmington, Delaware
       November 14, 2022

Respectfully submitted,

COLE SCHOTZ P.C.

By: */s/ Patrick J. Reilley*
Norman L. Pernick (No. 2290)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131

ATTORNEYS FOR REORGANIZED DEBTOR