**EXHIBIT A**

Proposed Order

46429/0001-44479483v1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TRIBUNE MEDIA COMPANY[1]<br>(f/k/a Tribune Company),<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 08-13141 (BLS)<br><br>**Re: Docket Nos. 14892 and \_\_\_\_** |

**ORDER APPROVING STIPULATION BETWEEN THE REORGANIZED DEBTOR
AND MORGAN STANLEY & CO. INCORPORATED REGARDING
<u>RESOLUTION OF PROOFS OF CLAIM</u>**

Upon consideration of the *Certification of Counsel* and *Stipulation Between the Reorganized Debtor and Morgan Stanley & Co,* attached hereto as **<u>Exhibit 1</u>** (the "<u>Stipulation</u>")[2]; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and sufficient cause appearing therefor; it is hereby

1. ORDERED that the Stipulation is approved; and it is further

2. ORDERED that the Restructuring Services Indemnification Claims are disallowed and expunged; and it is further

3. ORDERED that the Special Committee Services Claim is allowed as a general unsecured claim in the amount of $4,615,680.90; and it is further

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the entity's federal tax identification number, is Tribune Media Company (0355). The corporate headquarters and the mailing address for the Reorganized Debtor is 545 E. John Carpenter Freeway, Suite 700, Irving, TX 75062.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Stipulation.

    4.  ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# **EXHIBIT 1**

Stipulation

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY[1] (f/k/a Tribune Company), | Case No. 08-13141 (BLS) |
| Reorganized Debtor. | |

**STIPULATION BETWEEN THE REORGANIZED DEBTOR AND MORGAN STANLEY & CO. INCORPORATED REGARDING RESOLUTION OF PROOFS OF CLAIM**

This stipulation (the "Stipulation") between the reorganized debtor in the above-captioned chapter 11 case (the "Reorganized Debtor"),[2] on the one hand, and Morgan Stanley & Co. Incorporated ("Morgan Stanley" and together with the Reorganized Debtor, the "Parties"), on the other hand, regarding the resolution of the Morgan Stanley Claims (as defined below), is entered into by and among the Parties.

**RECITALS**

A.  Tribune Company (now known as Tribune Media Company) ("Tribune") and certain of its affiliates (collectively, the "Debtors"),[3] each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on December 8, 2008 (or in the case of Tribune CNLBC, LLC, October 12, 2009) (each date, the "Petition Date"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). [D.I. 43, 2333].

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the entity's federal tax identification number, is Tribune Media Company (0355). The corporate headquarters and the mailing address for the Reorganized Debtor is 545 E. John Carpenter Freeway, Suite 700, Irving, TX 75062.

[2] Unless otherwise specified, all defined terms shall have the same meanings as in the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (as modified July 19, 2012, the "Plan") [D.I. 12072-2], confirmed by an order of the Court dated July 23, 2012 [D.I. 12074] (the "Confirmation Order").

[3] As used herein, the term "Debtors" refers to the entities that filed the above-captioned chapter 11 case and its jointly administered cases, and the term "Reorganized Debtors" refers to the entities that became successors to the Debtors upon the Debtors' emergence from their chapter 11 cases.

B. On July 23, 2012, the Court confirmed the Plan.

C. The Effective Date of the Plan occurred on December 31, 2012. [D.I. 12939].

D. On March 2, 2011, Morgan Stanley filed proof of claim number 6708 ("Special Committee Services Claim") against Tribune Company arising from an engagement letter dated October 17, 2006 (the "2006 Engagement Letter"), an indemnity agreement annexed to the 2006 Engagement Letter (the "2006 Indemnity Agreement"), and rejection damages in connection with the Debtors' rejection of the same. Morgan Stanley asserted $1,000,511.87 for legal fees and expenses owed as of the claim filing date (March 2, 2011).

E. On June 12, 2009, Morgan Stanley filed proof of claim no. 5034 ("Claim No. 5034"). On January 30, 2013, Morgan Stanley filed proof claim no. 7162 ("Claim No. 7162" and together with the Claim No. 5034, the "Restructuring Services Indemnification Claims" and together with the Special Committee Services Claim, the "Morgan Stanley Claims"). The Restructuring Services Indemnification Claims relate, in part, to a 2008 indemnity agreement and an anticipated engagement to provide general restructuring and related services to the Debtors.

F. On November 14, 2022, the Reorganized Debtor filed the *Reorganized Debtors Seventy-Ninth Omnibus (Substantive) Objection to Claims Pursuant to Sections to sections 502(b) and 558 of Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007 and Local Rule 3007-1 of the Local Rules* [Docket No. 14892] (the "Objection").

G. Subsequent to the filing of the Objection, the Reorganized Debtor and Morgan Stanley have engaged in reconciliation and negotiation of the Morgan Stanley Claims. The Parties have reached an agreement as to the amount and treatment of the Morgan Stanley Claims and have agreed to enter into this Stipulation to document their agreement.

NOW, THEREFORE, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:

**AGREEMENT**

1. The recitals set forth above are incorporated herein by reference.

2. The Restructuring Services Indemnification Claims shall be disallowed and expunged in their entirety.

3. The Special Committee Services Claim shall be allowed as a general unsecured claim in total amount of $4,615,680.90 against Tribune.

4. The Special Committee Services Claim, as modified herein, shall be satisfied in accordance with the provisions for the payment of claims as set forth in the Plan.

5. The satisfaction of the Special Committee Services Claim in accordance with the Plan shall be in full and final satisfaction of all claims arising out of or relating to the subject matter of the Special Committee Services Claim, including the 2006 Engagement Letter and the 2006 Indemnity Agreement.

6. This Stipulation constitutes the Parties' entire agreement and supersedes and amends any and all agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof, except as otherwise expressly provided herein. This Stipulation is not intended to confer upon any other person any rights or remedies hereunder.

7. The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

8. This Stipulation may be executed in counterparts, all of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

9. This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to principles of conflict of laws.

10. This Stipulation may not be amended without the express written consent of all Parties hereto.

11. This Stipulation shall be binding upon the Parties hereto and upon their affiliates, assigns and successors.

12. The Parties acknowledge that they have each participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either party on account of such drafting.

13. The Bankruptcy Court shall retain jurisdiction over any and all disputes or other matters arising under or otherwise relating to this Stipulation.

14. All contentions made in this Stipulation are made in furtherance of a proposed settlement and neither Morgan Stanley nor the Reorganized Debtor admit or concede the validity of any of claims or defenses, and nothing herein shall be deemed an admission of fact or law.

[Signature Page Follows]

| | |
|---|---|
| COLE SCHOTZ P.C. | WEIL, GOTSHAL & MANGES LLP |
| By: */s/ Patrick J. Reilley* | By: */s/ Ronit J. Berkovich* |
| Norman L. Pernick (No. 2290)<br>Patrick J. Reilley (No. 4451)<br>500 Delaware Avenue, Suite 1410<br>Wilmington, Delaware 19801<br>Telephone: (302) 652-3131 | Ronit J. Berkovich<br>Stacy Nettleton<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Telephone: (212) 310-8534 |
| Counsel to the Reorganized Debtor | Counsel to Morgan Stanley<br>& Co. Incorporated |
| Dated: January 13, 2023 | Dated: January 13, 2023 |