# Selected docket entries for case 21–2000

Generated: 03/24/2023 14:43:52

| Filed | Document Description | Page | Docket Text |
|---|---|---|---|
| 03/24/2023 | 49 Per Curiam Opinion Filed | 2 | NOT PRECEDENTIAL PER CURIAM OPINION Coram: HARDIMAN, PORTER and FREEMAN, Circuit Judges. Total Pages: 6. (JK) |

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2000
_____

In re: TRIBUNE MEDIA COMPANY,
f/k/a Tribune Company, Reorganized Debtors


ROBERT HENKE,
      Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-20-cv-00383)
District Judge: Honorable Richard G. Andrews
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 1, 2023
Before: HARDIMAN, PORTER, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: March 24, 2023)
_____

OPINION*
_____

PER CURIAM

Robert Henke, proceeding pro se, appeals from the District Court's order

affirming the decision of the Bankruptcy Court, which granted the motion of Tribune

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Media Company ("Tribune") to disallow Henke's claims against Tribune pursuant to 11 U.S.C. § 502(b). We will affirm.

I.

In 2008, Tribune, which was the parent company of the publication the Baltimore Sun ("the Sun"), filed for Chapter 11 bankruptcy. In 2009, Henke filed timely claims against the Sun in the bankruptcy proceeding, stating that he had a defamation cause of action against the Sun in relation to its 2007 publication of an article about him.[1] Henke alleged that the Sun was liable for $100 million in damages based on its misrepresentations of him, his family, and his professional work. Tribune and the Sun (collectively, "the debtors") objected to Henke's proof of claim and moved to disallow his claims. After a hearing, the Bankruptcy Court sustained the objection and disallowed Henke's claims. Henke appealed to the District Court, which vacated the Bankruptcy Court's decision on the basis that Henke did not receive notice that he could present evidence at the hearing. See C.A. No. 38 at JA11-20. On remand, the Bankruptcy Court held an evidentiary hearing, where the debtors presented one witness—the writer of the allegedly defamatory article—and Henke presented documentary evidence. Upon considering the evidence, the Bankruptcy Court issued an opinion disallowing Henke's claims. See id. at JA21-55. Henke again appealed to the District Court, contending that

---

[1] Henke filed a proof of claim and an amended proof of claim in the Bankruptcy Court. Because the Bankruptcy Court treated them as two claims rather than one amended claim, we will also refer to them in the plural.

the Bankruptcy Court was biased against him and that he was deprived of due process. The District Court affirmed the Bankruptcy Court's decision. This appeal followed.

II.

The Bankruptcy Court had jurisdiction under 28 U.S.C. §§ 157 and 1334, and the District Court had appellate jurisdiction under 28 U.S.C. §§ 158 and 1334. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 158(d).[2]

"Because the district court sat as an appellate court reviewing an order of the bankruptcy court, our review of its determinations is plenary." In re Trans World Airlines, Inc., 145 F.3d 124, 130 (3d Cir. 1998). Specifically, "we review the bankruptcy court's legal determinations *de novo,* its factual findings for clear error and its exercise of discretion for abuse thereof." Id. at 131. However, we will not review any issues that Henke does not raise in his brief or any arguments that he did not present to the Bankruptcy or District Courts. See In re Tribune Media Co., 902 F.3d 384, 397 (3d Cir. 2018); Barna v. Bd. of Sch. Dirs. of the Panther Valley Sch. Distr., 877 F.3d 136, 145 (3d Cir. 2017) (citation omitted).

III.

On appeal in this Court, Henke first appears to contend that the Bankruptcy Court was an improper forum that deprived him of a jury trial. That contention is without merit. If Henke desired to preserve his claims against the Sun, he was required to file a

---

[2] Henke's timely notice of appeal was filed after the District Court granted his motion for an extension of time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5).

3

proof of claim in the Bankruptcy Court. See In re Dennis, 230 B.R. 244, 247 (Bankr. D.N.J. 1999). Otherwise, any debt the Sun owed him may have been discharged in the bankruptcy proceedings. See Judd v. Wolfe, 78 F.3d 110, 113-14 (3d Cir. 1996). Thus, the Bankruptcy Court was an appropriate forum that had jurisdiction over Henke's claims, and he waived his right to a jury trial by filing his proof of claim in the Bankruptcy Court. See Travellers Int'l AG v. Robinson, 982 F.2d 96, 100 (3d Cir. 1992).[3]

Henke also raises several due process claims. As a creditor participating in a bankruptcy proceeding, Henke had a constitutional right to be heard on his claims. See In re Tribune, 902 F.3d at 397. Contrary to his assertions, he was not deprived of that right because the Bankruptcy Court did not provide him with a handbook or other materials to aid him in pro se litigation. See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 246 (3d Cir. 2013).

We likewise disagree with Henke's claims that he was denied due process because the Bankruptcy Court was biased against him. As the District Court explained in its opinion affirming the Bankruptcy Court, there is no evidence of bias in the Bankruptcy Court's opinion, and Henke's allegation that the Bankruptcy Judge had "plagiarized" the judge formerly assigned to the case is baseless. See C.A. No. 38 at JA5-7. Moreover,

---

[3] Henke's allegation that the debtors' attorneys pressured him to file a proof of claim in the Bankruptcy Court is based on information outside of the record and, in any event, Henke did not attempt to withdraw his proof of claim on that basis. See Buncher Co. v. Official Comm. of Unsecured Creditors of GenFarm LP IV, 229 F.3d 245, 253 (3d Cir. 2000) (declining to review issue not raised before the Bankruptcy Court).

4

Henke's claims of bias rely on the court's legal conclusions and rulings, which alone are insufficient to evidence bias. See Liteky v. United States, 510 U.S. 540, 555 (1994). And, contrary to Henke's assertions, the Bankruptcy Court's opinion reflects that it reviewed and considered his evidence.

Henke also appears to assert both that (1) the proceedings were unnecessarily prolonged and thus depleted his financial resources, and (2) he was not afforded sufficient time to prepare for such proceedings. To the extent that these contentions can be reconciled, neither presents a due process violation. First, it does not appear that Henke moved for appointment of counsel or made an objection based on indigency at any point during the litigation, and he does not claim that he did. We therefore agree with the District Court that Henke has forfeited any claim that he was denied due process by virtue of his financial status. See C.A. No. 38 at JA7-8. And regarding the alleged delay, we note that Henke sought and was granted multiple filing extensions in the Bankruptcy Court, District Court, and this Court.

To the extent that Henke challenges the Bankruptcy Court's denial of his request for six months' preparation for the evidentiary hearing, we review the court's decision for abuse of discretion. See In re Kiwi Int'l Air Lines, Inc., 344 F.3d 311, 323 (3d Cir. 2003); cf. SEC v. Infinity Grp. Co., 212 F.3d 180, 197 (3d Cir. 2000) ("Matters of docket control and scheduling are within the sound discretion of the district court"). We discern no such abuse. The matter was remanded for an evidentiary hearing in February 2019, and the evidentiary hearing occurred on July 2, 2019. Henke timely produced discovery and complied with the stipulated discovery order. The week prior to the hearing, the

5

Bankruptcy Court provided the parties an opportunity to request a continuance if they needed further time to prepare; Henke did not make such a request. We accordingly conclude that Henke received sufficient opportunity to be heard and cannot say that the Bankruptcy Court failed to afford him due process. See In re Tribune, 902 F.3d at 397.

Henke also appears to contend that his right to due process was violated by the admission of false testimony. However, it was the Bankruptcy Court's duty to assess the credibility of witness testimony, and we must give "due regard" to its opportunity to do so first-hand. Kool, Mann, Coffee & Co. v. Coffey, 300 F.3d 340, 434 (3d Cir. 2002). Because Henke has not shown that the Bankruptcy Court's determinations were "completely devoid of minimum evidentiary support displaying some hue of credibility or [bore] no rational relationship to the supportive evidentiary data," his argument is without merit. Hoots v. Pennsylvania, 703 F.2d 722, 725 (3d Cir. 1983) (citation omitted). To the extent that Henke otherwise challenges the merits of the Bankruptcy Court's rulings, we do not consider his contentions because he did not raise them in the District Court. See In re Tribune, 902 F.3d at 397.

For the reasons stated, we affirm the District Court's judgment affirming the judgment of the Bankruptcy Court