**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TRIBUNE MEDIA COMPANY[1]<br><br>(f/k/a Tribune Company),<br><br>　　　　　　　　　Reorganized Debtor. | Chapter 11<br><br>Case No. 08-13141 (BLS)<br><br>Hearing Date: July 12, 2023 at 11:00 a.m. (ET)<br><br>Objection Deadline: July 5, 2023 at 4:00 p.m. (ET) |

**REORGANIZED DEBTOR'S MOTION FOR ENTRY OF AN ORDER
FURTHER EXTENDING THE DEADLINE TO OBJECT TO CLAIMS**

The reorganized debtor in the above-captioned chapter 11 case (the "Reorganized Debtor"), by and through its undersigned counsel, hereby submits this motion (the "Motion") for the entry of an order, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and Section 8.1 of the Plan (as defined below), further extending the deadline established under the Plan for the Reorganized Debtor to object to Claims.[2]  In support of this Motion, the Reorganized Debtor respectfully represents as follows:

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the entity's federal tax identification number, is Tribune Media Company (0355).  The corporate headquarters and the mailing address for the Reorganized Debtor is 545 E. John Carpenter Freeway, Suite 700, Irving, TX 75062.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan (defined below).

1

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), Tribune Company (n/k/a Tribune Media Company) and certain of its subsidiaries (collectively, the "Debtors")[3] each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[4] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.

2. The Debtors' chapter 11 cases were consolidated for procedural purposes only and were jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket Nos. 43, 2333].

3. On July 23, 2012, the Court entered an order [Docket No. 12074] (the "Confirmation Order") confirming the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 12072] (the "Plan").

4. The Effective Date of the Plan occurred on December 31, 2012.

5. The Court has entered final decrees closing all of the Debtors' chapter 11 cases other than the instant case as "fully administered" under section 350 of the Bankruptcy Code and Bankruptcy Rule 3022. See Docket Nos. 14078, 14135, 14255, 14303, 14652, 14773.

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, which jurisdiction was retained pursuant to Article IX of the Confirmation Order and Section 12.1 of the Plan. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the

---

[3] As used herein, the term "Debtors" refers to the entities that filed the above-captioned chapter 11 case and related chapter 11 cases that have been closed, and the term "Reorganized Debtors" refers to the entities that became successors to the Debtors upon the Debtors' emergence from their chapter 11 cases.

[4] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

Reorganized Debtor confirms its consent, pursuant to Local Rule 9013-1(f), to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006, and Local Rule 9006-2.

## RELEVANT BACKGROUND

7. Section 8.1 of the Plan provides that "[u]nless otherwise ordered by the Bankruptcy Court, the Reorganized Debtors and/or the Litigation Trustee shall serve and file any objections to Claims and Interests as soon as practicable, but in no event later than (a) two hundred and ten (210) days after the Effective Date or (b) such later date as may be determined by the Bankruptcy Court upon a motion which may be made without further notice or hearing."  Plan § 8.1.  In light of the foregoing, because the Effective Date occurred on December 31, 2012, the period within which the Reorganized Debtors may object to Claims initially was set to expire on July 29, 2013.

8. The Court has since entered orders extending the Plan § 8.1 objection deadline (the "Claims Objection Deadline") on twenty separate occasions [Docket Nos. 13674, 13841, 13960, 14045, 14134, 14197, 14302, 14329, 14362 (as corrected by 14388), 14403, 14441, 14493, 14571, 14637, 14703, 14747, 14794, 14837, 14875, and 14913].  The most recent of these orders extended the Claims Objection Deadline through and including June 30, 2023 [Docket No. 14913].

9. The Reorganized Debtor's books and records show that all of the 7,191 proofs of claim filed against the Debtors in the chapter 11 cases (the "Proofs of Claim") have now been resolved.  Concurrently with the filing of this Motion, the Reorganized Debtor filed its

Motion for Entry of Final Decree and Order (I) Closing the Chapter 11 Case, (II) Terminating Claims and Noticing Services, (III) Establishing Modified Procedures for Undeliverable, Unclaimed, and De Minimis Distributions, and (IV) Granting Related Relief [Docket No. [●]] (the "Final Decree Motion"), pursuant to which the Reorganized Debtor seeks, among other things, entry of a final decree closing its chapter 11 case. In support of the Final Decree Motion, the Reorganized Debtor has submitted the Declaration of D. Randall Bradford in Support of Reorganized Debtor's Motion for Entry of Final Decree and Order (I) Closing the Chapter 11 Case, (II) Terminating Claims and Noticing Services, (III) Establishing Modified Procedures for Undeliverable, Unclaimed, and De Minimis Distributions, and (IV) Granting Related Relief (the "Bradford Declaration"), which is incorporated herein by reference. See Final Decree Motion Ex. A.

10. The Bradford Declaration and its attached Schedule 1 identify those claims on which the Reorganized Debtor intends to make distributions under the Plan and the estimated amount of such distributions. No other claims against the Debtors or their estates remain outstanding. See Bradford Declaration at ¶¶ 4–5. Accordingly, the Reorganized Debtor submits this Motion out of an abundance of caution to preserve the Reorganized Debtor's ability to assert an objection to any claims that one or more claimants may contend have not been addressed to date in the Debtors' chapter 11 cases, or otherwise to raise any objection to claims that may be necessary during the period that the Reorganized Debtor's chapter 11 case remains open following expiration of the current Claims Objection Deadline.[5]

---

[5] The last Proofs of Claim to be resolved were asserted by Mr. Robert Henke against Debtor The Baltimore Sun Company in the face amount of $100 million. See Proofs of Claim Nos. 3697, 7106 (the "Henke Claims"). The Henke Claims were disallowed by this Court on March 3, 2020. See Docket No. 14659. Mr. Henke subsequently appealed that disallowance to the United States District Court for the District of Delaware, see Henke v. Tribune Media Co. (In re Tribune Media Co.), Civ. A. No. 1:20-cv-00383-RGA, Docket No. 1 (D. Del. Mar. 18, 2020), and, thereafter, to the United States Court of Appeals for the Third Circuit, see Henke v. Tribune Media Co. (In re Tribune Media Co.), No. 21-02000, Docket No. 1 (3d Cir. May 24, 2021). Each of those courts affirmed the disallowance of

**RELIEF REQUESTED**

11. By this Motion, the Reorganized Debtor requests that the Court enter an order further extending the Claims Objection Deadline through and including the date on which a final decree closing the Reorganized Debtor's chapter 11 case becomes final and non-appealable.

**BASIS FOR RELIEF REQUESTED**

12. As set forth above, Section 8.1 of the Plan provides that the Claims Objection Deadline may be extended by order of the Court. Additionally, section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Bankruptcy Rule 9006(b)(1) further provides, in pertinent part, that:

> …when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order….

Fed. R. Bankr. P. 9006(b)(1).[6]

13. Extending the Claims Objection Deadline is in the best interests of the Reorganized Debtor and the Debtor's estate. The Reorganized Debtor's books and records reflect

---

the Henke Claims. See Henke v. Tribune Media Co. (In re Tribune Media Co.), Civ. A. No. 1:20-cv-00383-RGA, Docket Nos. 37, 38 (D. Del. Mar. 22, 2021); Henke v. Tribune Media Co. (In re Tribune Media Co.), No. 21-02000, Docket Nos. 49, 50 (3d Cir. Mar. 24, 2023). On April 7, 2023, Mr. Henke filed a petition for rehearing before the Third Circuit panel and the Third Circuit en banc. Henke v. Tribune Media Co. (In re Tribune Media Co.), No. 21-02000, Docket No. 51 (3d Cir. Apr. 7, 2023). The United States Court of Appeals for the Third Circuit denied Mr. Henke's petition for rehearing on May 9, 2023. Henke v. Tribune Media Co. (In re Tribune Media Co.), No. 21-02000, Docket No. 52 (3d Cir. May 9, 2023); see also Docket No. 14922. The Reorganized Debtor has been informed by Mr. Henke that he intends to file a petition for a writ of certiorari with the Supreme Court of the United States. As of the date and time of filing this Motion, to the best of the Reorganized Debtor's knowledge, Mr. Henke has not filed a petition for a writ of certiorari.

[6] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the Claims Objection Deadline shall automatically extend such deadline until the Court acts on this Motion without the necessity for the entry of a bridge order.

that all claims outstanding against the Debtors have been resolved, subject to the making of final distributions under the Plan as described in the Bradford Declaration.  <u>See</u> Bradford Declaration at ¶¶ 4–5.  It is possible, however, that one or more claimants may assert that their claims have not yet been resolved, or may otherwise assert that they are entitled to a distribution that is inconsistent with the Reorganized Debtor's books and records.  The Reorganized Debtor accordingly submits this Motion for an extension of the Claims Objection Deadline to ensure that its ability to object to any such claim(s) is preserved through the closure of the Reorganized Debtor's chapter 11 case.

14.  Given the circumstances relating to the remaining claim distributions and the progress demonstrated by the Reorganized Debtor in pursuing the resolution of all remaining claims during the current extension period, the extension of time requested herein is just and appropriate under the circumstances.  Similar relief has been granted in other cases in this District on numerous occasions.  <u>See, e.g.</u>, <u>In re Claire's Inc.</u>, No. 18-10583 (MFW) (Bankr. D. Del. Aug. 18, 2021) (order granting eighth motion to extend time to object to claims) [Docket No. 257]; <u>In re RMBR Liquidation, Inc.</u>, No. 19-10234 (KBO) (Bankr. D. Del. Oct. 6, 2021) (order granting seventh motion to extend time to object to claims) [Docket No. 774]; <u>In re Boomerang Tube, LLC</u>, No. 15-11247 (MFW) (Bankr. D. Del. May 18, 2017) (order granting sixth motion to extend time to object to claims) [Docket No. 1120].

**<u>NOTICE</u>**

15.  Notice of this Motion has been provided to (i) the Office of the United States Trustee and (ii) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Reorganized Debtor submits that no other or further notice is necessary.

*[Remainder of Page Left Blank Intentionally]*

WHEREFORE the Reorganized Debtor respectfully requests entry of an order (i) extending the Claims Objection Deadline through and including the date on which a final decree closing the Reorganized Debtor's chapter 11 case becomes final and non-appealable, and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: Wilmington, Delaware
June 21, 2023

Respectfully submitted,

SIDLEY AUSTIN LLP
Kenneth P. Kansa
Ian C. Ferrell
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000

-and-

COLE SCHOTZ, P.C.

By: */s/ Patrick J. Reilley*
Norman L. Pernick (No. 2290)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131

ATTORNEYS FOR REORGANIZED DEBTOR