...

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE MEDIA COMPANY[1]<br><br>(f/k/a Tribune Company),<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 08-13141 (BLS) |

## CHAPTER 11 CASES FINAL REPORT

In accordance with Rule 3022-1(c) of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the District of Delaware, Tribune Media Company (f/k/a Tribune Company), the reorganized debtor in the above-captioned chapter 11 case (the "Reorganized Debtor"),[2] hereby submits this final report on the above-captioned chapter 11 case and the chapter 11 cases previously administered jointly with the Reorganized Debtor's chapter 11 case in connection with the *Reorganized Debtor's Motion for Entry of Final Decree and Order (I) Closing the Chapter 11 Case, (II) Terminating the Claims and Noticing Services, (III) Establishing Modified Procedures for Undeliverable, Unclaimed, and De Minimis Distributions, and (IV) Granting Related Relief* [Docket No. 14924] (the "Final Decree Motion").[3]

I, D. Randall Bradford, Vice President of Tribune Media Company and the Reorganized Debtor's representative, hereby declare under penalty of perjury that, to the best of

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the entity's federal tax identification number, is Tribune Media Company (0355). The corporate headquarters and the mailing address for the Reorganized Debtor is 545 E. John Carpenter Freeway, Suite 700, Irving, TX 75062.

[2] As used herein, the term "Debtors" refers to the entities that filed the above-captioned chapter 11 case and related chapter 11 cases that have been closed, and the term "Reorganized Debtors" refers to the entities that became successors to the Debtors upon the Debtors' emergence from their chapter 11 cases.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan (defined below).

my knowledge and belief, and after reasonable inquiry, the following breakdown of the results of the Debtors' chapter 11 cases is true and correct.

## Distributions

1. On December 8, 2008 (the "Petition Date"), Tribune Company (n/k/a Tribune Media Company) and certain of its subsidiaries (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[4] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.

2. The Debtors' chapter 11 cases were consolidated for procedural purposes only and were jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket Nos. 43, 2333].

3. On July 23, 2012, the Court entered an order [Docket No. 12074] (the "Confirmation Order") confirming the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 12072] (the "Plan").

4. The Effective Date of the Plan occurred on December 31, 2012.

5. The Reorganized Debtor has previously requested and the Court has granted final decrees closing all of the Debtors' chapter 11 cases other than the instant case as "fully administered" under section 350 of the Bankruptcy Code and Bankruptcy Rule 3022. See Docket Nos. 14078, 14135, 14255, 14303, 14652, 14773.

6. All claims against the Debtors have either been satisfied prior to the date of this Final Report or will be satisfied through distributions to be made following entry of the

---

[4] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

Proposed Final Decree as set forth in the Final Decree Motion. Approximately 7,191 proofs of claim were filed in the Debtors' chapter 11 cases (the "Proofs of Claim"). The Debtors and/or the applicable Reorganized Debtor(s) filed seventy-nine (79) omnibus objections to claims during the course of the Debtors' chapter 11 cases, as well as a number of discrete objections to particular claims, motions to approve settlements of various claims, and similar requests for relief. Numerous other claims against the Debtors were resolved or released pursuant to the terms of the Plan.

7. All of the claims that were the subject of these objections and resolutions have now been allowed or disallowed on a final basis.[5] Those claims that were allowed against the Debtors, or were allowed by their terms pursuant to the Plan, have previously been satisfied by the Debtors or the Reorganized Debtors with the exception of the claims described in Exhibit A to the Final Decree Motion (the "Bradford Declaration"). Specifically, the only amounts that the Reorganized Debtor's books and records show that remain to be distributed in its chapter 11 case are (i) distributions of any surpluses remaining in the Other Parent Claims Reserve and the Subsidiary GUC Reserve to the holders of Senior Loan Claims, and (ii) distributions of the Bridge Settlement Proceeds as set forth on Schedule 1 to the Bradford Declaration. See Bradford

---

[5] The last Proofs of Claim to be resolved were asserted by Mr. Robert Henke against Debtor The Baltimore Sun Company in the face amount of $100 million. See Proofs of Claim Nos. 3697, 7106 (the "Henke Claims"). The Henke Claims were disallowed by this Court on March 3, 2020, and that disallowance was subsequently affirmed by the United States District Court for the District of Delaware and the United States Court of Appeals for the Third Circuit. See Henke v. Tribune Media Co. (In re Tribune Media Co.), Civ. A. No. 1:20-cv-00383-RGA, Docket Nos. 37, 38 (D. Del. Mar. 22, 2021); Henke v. Tribune Media Co. (In re Tribune Media Co.), No. 21-02000, Docket Nos. 49, 50 (3d Cir. Mar. 24, 2023). The Reorganized Debtor has been informed by Mr. Henke that he intends to file a petition for a writ of certiorari with the Supreme Court of the United States. As of the date and time of filing this Final Report, to the best of the Reorganized Debtor's knowledge, Mr. Henke has not filed such a petition.

Declaration at ¶¶ 4–5. The estimated amounts of Bridge Settlement Proceeds to be distributed are set forth in the Bradford Declaration.[6] See Bradford Declaration at Schedule 1.

8. The Debtors ultimately distributed approximately $8.2 billion in cash and common stock in in Reorganized Tribune Company pursuant to the Plan to the holders of Allowed Claims against the Debtors. A summary of such distributions is as follows:

| CLASS | TYPE OF CLAIM OR INTEREST | DISTRIBUTION |
|---|---|---|
| ADMIN | Administrative Expense Claims (excluding professional fees) | 100% ($29.6m) |
| TAX | Priority Tax Claims | 100% ($0.5m) |
| A | Priority Non-Tax Claims | 100% (<$0.1m) |
| B | Other Secured Claims | 100% (<$0.1m) |
| C | Senior Loan Claims (Parent) + Senior Guaranty Claims (Subsidiary) | • $2.98 billion in cash<br>• $4.51 billion in New Common Stock<br>• Litigation Trust Interests |
| D | Bridge Loan Claims (Parent) + Bridge Guaranty Claims (Subsidiary) | • $64.5 million in cash<br>• Litigation Trust Interests |
| E (Parent) | Senior Noteholder Claims | • $416.2 million in cash<br>• $20.9 million in New Common Stock<br>• Litigation Trust Interests |
| E (Subsidiary) | General Unsecured Claims | 100% ($93.9m) |
| F | Other Parent Claims | • $93.5 million in cash<br>• Litigation Trust Interests (for electing holders only) |

---

[6] The estimated distribution amounts set forth on Schedule 1 to the Bradford Declaration are subject to minor adjustments, including but not limited to potential withholding requirements and based on the possible impact of unclaimed or undeliverable distributions. Such adjustments are not expected to be material, either with respect to individual claims or in the aggregate.

| G | Convenience Claims | 100% ($0.3m) |
|---|---|---|
| I | EGI-TRB LLC Notes Claims | Litigation Trust Interests |
| J | PHONES Notes Claims | Litigation Trust Interests |
| K | Intercompany Claims | Treatment under Intercompany Claims Settlement pursuant to section 5.15.3 of Plan |
| L | Securities Litigation Claims | Litigation Trust Interests |
| M | Interests | None (Parent); reinstated (Subsidiary) |

As noted in this chart, the Debtors distributed certain Litigation Trust Interests to the Holders of Senior Loan Claims, Bridge Loan Claims, Senior Noteholder Claims, certain Other Parent Claims, EGI-TRB LLC Notes Claims, PHONES Notes Claims, and Securities Litigation Claims under the Plan. The Litigation Trust's Final Report, filed with the Bankruptcy Court on June 17, 2022 (D.I. 14860), states that the Litigation Trustee distributed proceeds of approximately $219.0 million to the holders of applicable Allowed Claims under the Plan on account of actions pursued by the Litigation Trustee. See Tribune Litigation Trust Final Report at 26.

9. There are no pending adversary proceedings or contested matters in the chapter 11 cases which would affect the full administration of these cases.

10. A hearing to consider entry of a final decree, as requested in the Final Decree Motion, has been scheduled for July 12, 2023, at 11:00 a.m. (prevailing Eastern Time). As of the date hereof, no objections to the Motion have been filed or received by the Reorganized Debtor.

## Fees and Expenses

11. On or before the entry of a final decree, all required fees due under 28 U.S.C. § 1930 shall be paid, unless otherwise agreed with the Office of the United States Trustee.

12. The fees and expenses awarded to professionals in the chapter 11 cases from the Petition Date through and including the Effective Date aggregated $331,953,419 in fees and $21,766,205 in expenses. A summary of the pre-Effective Date fees and expenses awarded is as follows:

| Name of Professional and Role in Cases | Fees Approved | Expenses Approved | Total[7] |
|---|---|---|---|
| **AlixPartners, LLP** (Unsecured Creditors Committee Financial Advisor) | $11,459,895 | $118,410 | $11,578,305 |
| **Alvarez & Marsal North America, LLC** (Debtors' Restructuring Advisor) | $29,520,759 | $146,984 | $29,667,742 |
| **Campbell & Levine LLC** (Special Delaware Litigation Counsel) | $12,345 | $1,253 | $13,598 |
| **Chadbourne & Parke LLP** (Unsecured Creditors Committee Legal Counsel) | $49,633,931 | $3,122,444 | $52,756,375 |
| **Cole, Schotz, Meisel, Forman & Leonard, P.A.** | $6,004,991 | $450,354 | $6,455,345 |

---

[7] SNR Denton US LLP, Davis Wright Tremaine LLP, and Levine Sullivan Koch & Schultz LLP were formerly ordinary course professionals, and payments to these firms as ordinary course professionals are omitted.

| | | | |
|---|---|---|---|
| (Debtors' Co-Counsel) | | | |
| **Daniel J. Edelman, Inc.** (Corporate Communications Advisor) | $169,221 | $1,264 | $170,485 |
| **Davis Wright Tremaine LLP** (Debtors' Special Counsel for Certain Media Litigation Matters) | $2,335,551 | $86,525 | $2,422,075 |
| **Deloitte & Touche LLP** (Debtors' Financial and Accounting Advisor) | $134,010 | $164 | $134,174 |
| **Dow Lohnes PLLC** (Debtors' Special Counsel for FCC and Broadcast Matters) | $6,465,556 | $35,558 | $6,501,113 |
| **Epiq Bankruptcy Solutions, LLC** (Noticing / Claims Agent) | $9,898,321 | $2,240,572 | $12,138,893 |
| **Ernst & Young** (Debtors' Valuation and Business Modeling Consulting) | $3,652,388 | $73,939 | $3,726,327 |
| **Jenner & Block LLP** (Debtors' Special Counsel for Litigation Matters) | $2,724,822 | $215,815 | $2,940,637 |
| **Jones Day** (Debtors' Counsel for the Special Committee of the Board of Directors) | $2,799,713 | $93,572 | $2,893,285 |
| **Klee, Tuchin, Bogdanoff & Stern LLP** (Examiner's Co-Counsel) | $5,083,434 | $137,376 | $5,220,810 |
| **Kurtzman Carson Consultants LLC** | $15,789 | $24,190 | $39,979 |

| | | | |
|---|---:|---:|---:|
| (Unsecured Creditors Committee Web Host) | | | |
| **Landis Rath & Cobb LLP**<br><br>(Unsecured Creditors Committee Legal Counsel) | $9,400,120 | $1,737,023 | $11,137,142 |
| **Lazard Freres & Co. LLC**<br><br>(Debtors' Financial Advisor & Investment Banker) | $20,804,839 | $364,151 | $21,168,990 |
| **LECG, LLC**<br><br>(Examiner's Financial Advisor) | $3,370,636 | $166,022 | $3,536,658 |
| **Levine Sullivan Koch & Schulz LLP**<br><br>(Debtors' Special Counsel for Certain Litigation Matters) | $1,041,146 | $96,929 | $1,138,076 |
| **McDermott Will & Emery LLP**<br><br>(Debtors' Special Counsel for General Domestic Legal Matters) | $16,645,647 | $356,492 | $17,002,139 |
| **Mercer (US) Inc.**<br><br>(Debtors' Compensation Consultant) | $1,593,383 | $150,162 | $1,743,545 |
| **Moelis & Company LLC**<br><br>(Unsecured Creditors Committee Investment Banker) | $13,467,742 | $187,558 | $13,655,300 |
| **Novack and Macey**<br><br>(Debtors' Special Counsel for Certain Litigation Matters) | $128,504 | $4,120 | $132,624 |
| **Paul, Hastings, Janofsky & Walker LLP** | $1,453,339 | $9,456 | $1,462,794 |

| | | | |
|---|---|---|---|
| (Debtors' Special Counsel for Real Estate Matters) | | | |
| **PricewaterhouseCoopers LLP**<br><br>(Debtors' Independent Auditors and Tax Advisor) | $9,742,516 | $157,016 | $9,899,532 |
| **Reed Smith LLP**<br><br>(Debtors' Special Counsel for Certain Litigation Matters) | $1,711,429 | $111,430 | $1,822,859 |
| **Saul Ewing LLP**<br><br>(Examiner's Co-Counsel) | $3,238,459 | $199,610 | $3,438,069 |
| **Seitz, Van Ogtrop & Green, P.A.**<br><br>(Unsecured Creditors Committee Special Conflicts Counsel) | $71,285 | $12,604 | $83,888 |
| **Seyfarth Shaw LLP**<br><br>(Debtors' Special Counsel for Certain Employment Litigation Matters) | $3,646,762 | $140,809 | $3,787,571 |
| **Sidley Austin LLP**<br><br>(Debtors' Co-Counsel) | $100,604,337 | $5,400,412 | $106,004,749 |
| **Sitrick and Company**<br><br>(Corporate Communications Advisor) | $90,825 | $14,632 | $105,456 |
| **SNR Denton US LLP**<br><br>(Debtors' Special Counsel for Certain Litigation Matters) | $606,162 | $6,314 | $612,476 |
| **Stuart Maue**<br><br>(Court Appointed Fee Examiner) | $3,909,740 | $19,779 | $3,929,519 |
| **Werb and Sullivan** | $5,198 | $0 | $5,198 |

| | | | |
|---|---|---|---|
| (Court-Appointed Mediator) | | | |
| **Zuckerman Spaeder LLP**<br><br>(Unsecured Creditors Committee Special Counsel) | $8,598,427 | $5,745,203 | $14,343,630 |
| **Unsecured Creditors Committee Members** | $0 | $74,519 | $74,519 |
| **Sub Total Retained Professionals** | **$330,041,217** | **$21,702,659** | **$351,743,876** |
| Reimbursement of Professionals Representing Employees Related to Discovery in Connection with the Confirmation of the Plan of Reorganization or Related Proceedings | $917,858 | $24,341 | $942,199 |
| Reimbursement of Professionals Representing Employees Subject to Preference Complaints Filed by the UCC in Accordance with the Notice of Debtors' Intent to Advance Attorneys' Fees to Certain Current Employees [Docket No. 7299] | $994,344 | $39,205 | $1,033,549 |
| **Sub Total Employee Litigation Professionals** | **$1,912,202** | **$63,546** | **$1,975,748** |
| **Total** | **$331,953,419** | **$21,766,205** | **$353,719,624** |

Dated: July 7, 2023

Respectfully submitted,

_____
D. Randall Bradford
Vice President
Tribune Media Company