**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE MEDIA COMPANY[1]<br>(f/k/a Tribune Company), | Case No. 08-13141 (BLS) |
| Reorganized Debtor. | **Re: Docket Nos. 14924, 14927 and 14930** |

**FINAL DECREE AND ORDER**
**(I) CLOSING THE CHAPTER 11 CASE, (II) TERMINATING**
**CLAIMS AND NOTICING SERVICES, (III) ESTABLISHING**
**MODIFIED PROCEDURES FOR UNDELIVERABLE, UNCLAIMED,**
**AND DE MINIMIS DISTRIBUTIONS, AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the reorganized debtor in the above-captioned chapter 11 case (the "Reorganized Debtor") for the entry of a final decree and order (this "Final Decree and Order"), pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1, closing the chapter 11 case and terminating the Claims and Noticing Services provided by Epiq in connection with the chapter 11 case; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the entity's federal tax identification number, is Tribune Media Company (0355). The corporate headquarters and the mailing address for the Reorganized Debtor is 545 E. John Carpenter Freeway, Suite 700, Irving, TX 75062.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

and sufficient notice of the Motion has been given under the circumstances; and after due deliberation and upon the Court's determination that the relief requested in the Motion is in the best interests of the Reorganized Debtor and its estate; and sufficient cause appearing for the relief requested in the Motion, it is hereby ORDERED:

1. The Motion is GRANTED, to the extent set forth herein.

2. The chapter 11 case of Tribune Media Company (f/k/a Tribune Company), Case No. 08-13141 (BLS) is hereby CLOSED pursuant to section 350(a) of the Bankruptcy Code, effective as of the date of entry of this Final Decree and Order.

3. A docket entry shall be made in the Reorganized Debtor's chapter 11 case reflecting the entry of this Final Decree and Order.

4. Entry of this Final Decree and Order is without prejudice to the rights of the Reorganized Debtor, the United States Trustee, or other party in interest to seek to reopen the chapter 11 case for cause pursuant to section 350(b) of the Bankruptcy Code.

5. Notwithstanding any provision of the Plan or the Confirmation Order to the contrary, the following procedures shall be applicable to undelivered, unclaimed, and de minimis distributions that remain to be made by the Reorganized Debtor:

    i. Any Holder of an Allowed Claim that does not assert a claim pursuant to the Plan for an undeliverable or unclaimed distribution that is ninety (90) days after the date the Reorganized Debtor first attempts to make distributions of the amounts set forth in Schedule 1 to the Bradford Declaration (the "<u>Post Closing Distribution Date</u>") shall be deemed to have forfeited its claim for such undeliverable or unclaimed distribution and shall be forever barred and enjoined

      from asserting any claim on account of such undeliverable or unclaimed distribution, absent order of this Court to the contrary;

  ii.  The Reorganized Debtor shall not be required to make any distribution to a Holder of an Allowed Claim where the value of such distribution on the Post-Closing Distribution Date is less than $100, absent order of this Court to the contrary; and

  iii.  The Reorganized Debtor shall not be required to make any distribution to a Holder of an Allowed Claim that fails to submit a Form W-9 (if required and if requested to do so by the Reorganized Debtor) to the Reorganized Debtor within ninety (90) days after the Post-Closing Distribution Date, and such Holder shall be deemed to have forfeited its claim for such undeliverable or unclaimed distribution and shall be forever barred and enjoined from asserting any claim on account of such undeliverable or unclaimed distribution, absent order of this Court to the contrary.

6. Subject to the performance of any obligations of Epiq pursuant to this Final Decree and Order, Epiq's services as claims and noticing agent for the chapter 11 case are hereby terminated, and Epiq shall be deemed formally discharged of its duties as claims and noticing agent for the chapter 11 case without further order of the Court.

7. Pursuant to Local Rule 2002-1(f)(ix), within twenty-eight (28) days of entry of this Final Decree and Order, Epiq shall: (a) forward to the Clerk of the Court an electronic version of all imaged claims; (b) upload the creditor mailing list into CM/ECF; and (c) docket a final claims register containing the claims filed in the Debtors' chapter 11 cases.

8. Within fourteen (14) days after entry of this Final Decree and Order, the Reorganized Debtor shall file with the Court and provide to the U.S. Trustee all outstanding post-confirmation reports not already filed, including reports for any partial quarter. Within twenty-one (21) days after entry of this Final Decree and Order, all fees due and payable pursuant to 28 U.S.C. § 1930 (the "Quarterly Fees") shall be paid to the U.S. Trustee, including Quarterly Fees for disbursements up through the date of entry of this Final Decree and Order, even if for a partial quarter; provided, however, that if the Reorganized Debtor seeks to dissolve prior to twenty-one (21) days after entry of this Final Decree and Order, such Reorganized Debtor shall file all post-confirmation reports and pay all Quarterly Fees to the U.S. Trustee prior to dissolving.

9. For the avoidance of doubt, closure of the chapter 11 case of Tribune Media Company (f/k/a Tribune Company), Case No. 08-13141 (BLS) shall not alter or modify the terms of the Plan, Confirmation Order, any supplement, exhibit, appendix, or schedule to the Plan, or any other contract, instrument, release, or other agreement executed or created pursuant to the Plan, with the exception of the modified procedures governing undeliverable, unclaimed, and de minimis distributions expressly set forth in this Final Decree and Order.

10. The Reorganized Debtor and its agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree and Order in accordance with the Motion.

11. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Final Decree and Order.

Dated: July 11th, 2023
Wilmington, Delaware

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE